IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT
STATE OF GEORGIA

| | |
|---|---|
| TANGELA RICHMOND and<br>MARK RICHMOND<br><br>   Plaintiffs,<br><br>vs.<br><br>PULTE HOME COMPANY, LLC<br>and PULTE MORTGAGE LLC,<br><br>   Defendants. | Civil Action File No.: |

## COMPLAINT

The Plaintiffs, Tangela Richmond and Mark Richmond, individually as Black applicants for home mortgage loan financing and home purchases through Pulte Home Company, LLC and Pulte Mortgage LLC, and their related entities, allege as follows:

1.

The Plaintiffs are victims of Pulte Home Company, LLC and Pulte Mortgage LLC's discriminatory policies.

## JURISDICTION AND VENUE

2.

This Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. §§1331, 1332(d) and 1343, because the Plaintiffs assert federal causes of action, because Plaintiffs assert civil rights causes of action, and because the amount in controversy exceeds $75,000.

3.

Personal jurisdiction is appropriate over Defendant Pulte Home Company ("Pulte Home") because it transacts business in the State of Georgia. Pulte Home Company operates homebuilding businesses in Georgia. Pulte Home is a corporation incorporated and headquartered in Michigan, with its principal place of business located at 100 Bloomfield Hills Parkway, Suite 300, Bloomfield Hills, Michigan, 48304. Pulte Home has a principal office in Georgia located at 3350 Peachtree Road NE, Suite 150, Atlanta, Georgia 30326.

4.

Personal jurisdiction is appropriate over Defendant Pulte Mortgage LLC ("Pulte Mortgage") because it transacts business in the State of Georgia. Pulte Mortgage LLC originates loans to Georgia customers from its Georgia offices and maintains a systematic and continuous presence in the State. Pulte Mortgage is a licensed mortgage banker in the State of Georgia. Pulte Mortgage is a limited liability company organized under the laws of Delaware, with its principal place of business at 7390 S. Iola Street Englewood, Colorado 80112.

5.

Venue is proper in the Northern District of Georgia pursuant to 28 U.S.C. 1391(b) because Defendants reside in this district and a substantial part of the events or omissions giving rise to the claim occurred in this district.

**PARTIES**

6.

Plaintiff Tangela Richmond, who is black, is a natural person and a citizen of the State of Georgia and resides in Acworth, Georgia.

7.

Plaintiff Mark Richmond, who is black, is a natural person and a citizen of the State of Georgia and resides in Acworth, Georgia.

8.

Defendant Pulte Mortgage LLC is a foreign limited liability company incorporated in

Delaware. Defendant has a registered agent in Georgia and can be served through is registered agent at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

9.

Defendant Pulte Home Company, LLC is a foreign limited liability company incorporated in Michigan. Defendant has a registered agent in Georgia and can be served through is registered agent at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

**FACTUAL ALLEGATIONS**

10.

During the last few years, interest rates were near an all-time low in the United States.

**A.  Pulte Mortgage LLC's Discriminatory Lending Practices**

11.

PulteGroup, Inc. was the third-largest home builder in the United States by revenue in 2020 according to the National Association of Home Builders.

12.

Pulte's discrimination began at the latest in 2021 and continues through today.

13.

The disparate treatment of Black applicants results at least in part from Pulte's tactics that, in practice, perpetuate discriminatory lending practices.

14.

Pulte perpetuated its discriminatory practices using its oral "pre-qualification" process. By using this process, to prevent consumers and regulators from knowing how decisions are made. This prevents consumers from being able to participate in a fair and competitive market free from bias.

15.

Pulte's lending standards help to perpetuate its discrimination of Black applicants.

16.

Pulte's practices are arbitrary, artificial, and unnecessary to achieve a valid interest or legitimate objective.

17.

Pulte's practices have directly harmed Black Americans by forcing them to pay higher interest rates and restrict their ability to purchase homes without bias.

### B. Plaintiffs were Harmed By Pulte Mortgage LLC's Race-Based Discrimination

18.

Plaintiffs attempted to purchase a building lot in the Creek at Arthur Hills on February 5, 2022. They were met with roadblocks and discriminatory lending practices.

19.

Throughout the process, the Richmonds were met with discrimination through race-based delays and restrictions. They had to continuously submit requests to view the model property. Even though they had one-hundred thousand dollars in liquid assets and loan pre-approvals and pre-qualifications with other lenders, the Richmonds were told they could not move forward with the purchasing process if they did not speak with a Pulte Mortgage representative.

20.

When they spoke with the Pulte Mortgage representative, they completed an oral "pre-qualification" process. They were told that they were not qualified to move forward with the purchasing process at the Creek at Arthur Hills.

### L CREDIT OPPORTUNITY ACT, 15 U.S.C. §16901, et seq.

21.

Plaintiffs reallege each and every paragraph above and incorporates them by reference as though fully stated herein.

22.

The Equal Credit Opportunity Act makes it unlawful for a creditor to discriminate against any applicant with respect to any aspect of a credit transaction on the basis of race.

23.

The Equal Credit Opportunity Act applies to applications for loans like those of the

Plaintiffs. Plaintiffs applied for credit by seeking to obtain financing from Defendant.

24.

Defendant is a creditor because they regularly extend, renew and continue issuances of credit.

25.

Defendant's consistent delays, roadblocks, feigned difficulties, and sometimes denials of applications submitted by Black Americans constitute race-based discrimination forbidden by the Equal Credit Opportunity Act.

26.

Plaintiffs were harmed by Defendant's conduct, including but not limited to harm in the form of higher interest rates paid when having to find new financing or from a denied application.

**RACE DISCRIMINATION IN VIOLATION OF THE FAIR HOUSING ACT OF 1968, 42 U.S.C. §3601, et seq.**

27.

Plaintiffs reallege each and every paragraph above and incorporates them by reference as though fully stated herein.

28.

The Fair Housing Act makes it unlawful, in residential real estate transactions, such a financing, to discriminate against designated classes of individuals.

29.

Plaintiffs sought to engage in residential real estate transactions with the Defendant.

30.

Plaintiffs are Black Americans and therefore members of a protected class under the Fair Housing Act.

31.

Defendants refused to transact business with Plaintiffs when they refused to approve financing applications, by causing applicants to stop the application process due to roadblocks and feigned difficulties or by denying applications.

32.

Defendants refused to transact business with Plaintiffs and at the same time did transact business with non-Black applicants with similar qualifications.

33.

Plaintiffs were injured by Defendants' refusal to transact business with them because they paid higher fees to find other loans, they were provided with higher interest rates than other applicants with similar qualifications and/or because their applications were denied.

**RACE DISCRIMINATION IN VIOLATION OF 42 U.S.C. §1981**

34.

Plaintiffs reallege each and every paragraph above and incorporates them by reference as though fully stated herein.

35.

Under 42 U.S.C. §1981, persons of all races are guaranteed the same right to make and enforce contracts, regardless of race. The term "make and enforce" contracts includes the making, performance, modification, and termination of contracts, as well as all of the other aspects of a contractual relationship.

36.

By seeking to finance their home loans and submitting an application to Defendants, Plaintiffs sought to "make and enforce" contracts with the Defendants.

37.

Plaintiffs were denied their right to make and enforce contracts when Defendant refused to provide financing on the same terms as they offered to members of a different race, by delaying or frustrating the applications process, and/or denying the applications.

38.

Plaintiffs were harmed by Defendants' denial of their rights to make and enforce contracts.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully requests that this Court provides the following relief:

a. Find that Defendants' acts described herein violate the Equal Credit Opportunity Act and the Fair Housing Act, 42 U.S.C. §1981;

b. Find that Defendants have engaged in a pattern and practice of racial discrimination resulting in the harm to Plaintiffs as described above;

c. Award Plaintiffs restitutionary relief, together with compensatory and punitive damages;

d. Award Plaintiffs injunctive relief by ordering Defendants to stop the discriminatory practices described herein;

e. Award Plaintiffs prejudgment interest and attorney's fees, costs, and disbursements; and

f. Award Plaintiffs such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury of all issues so triable.

DATED: January 2, 2023

*/s/*

Tangela S. Richmond
State Bar No.: 421353
Attorney for Plaintiffs

Post Office Box 2768
Acworth, GA 30102