**THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

CHRIS TURNBOW,

      PLAINTIFF,

v.

JORDAN MESSER and CURTIN
TRUCKING AND DRAINAGE, INC.,

      DEFENDANTS.

CIVIL ACTION NO.

_____

**NOTICE OF REMOVAL**
_____

COME NOW, Defendants Jordan Messer ("Messer") and Curtin Trucking and Drainage, Inc. ("Curtin") (collectively, "Defendants") and hereby file this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.  In support of this Notice, Defendants state as follows:

**PROCEDURAL BACKGROUND AND PREREQUISITES**

1.    Plaintiff commenced a civil action against Defendants on or about December 1, 2022, in the State Court of Gwinnett County, State of Georgia, Civil Action File No. 22-C-06915-S2 (the "State Court Action").

2.      This Notice of Removal is timely under 28 U.S.C. § 1446(b) because Defendant Curtin was served with a copy of the State Court Action on December 7, 2022.  Defendant Messer has not been served with a copy of the State Court Action but hereby consents to the removal of this case to federal court.

3.      Pursuant to 28 U.S.C. § 1446(a), attached hereto as **Exhibit A** are copies of all process and pleadings served upon Defendants to date in the State Court Action. (*See* Ex. A.)

4.      A removal notice and a copy of the instant Notice of Removal shall be filed with the Clerk of the State Court of Gwinnett County, State of Georgia, and shall be served on Plaintiff.  A true and correct copy of the removal notice that the undersigned will file with the Clerk of the State Court for Gwinnett County, State of Georgia is attached hereto as **Exhibit B**.

5.      Removal to this Court is proper pursuant to 28 U.S.C. §§ 1441 and 1446 because the State Court Action is currently pending in this Judicial District.

## Diversity Jurisdiction

6.      Removal of this action is proper under 28 U.S.C. § 1332 because the citizenships of the parties are fully diverse and the amount in controversy for Plaintiff's claim is more than $75,000.00, exclusive of interest and costs.

***Complete Diversity of Citizenship***

7.     Both at the time the Complaint was filed and at the time of filing this Notice of Removal, Plaintiff Chris Turnbow was and has remained a citizen of the State of Georgia.

8.     Defendant Curtin is a North Carolina corporation with its principal place of business in North Carolina, and as a result, is considered a citizen of the State of North Carolina for the purposes of diversity jurisdiction analysis.

9.     Defendant Messer is a citizen and resident of the state of North Carolina.  (Compl. ¶ 1.)

10.     Accordingly, there exists complete diversity of citizenship between the Plaintiff and all the Defendants.

***Amount in Controversy***

11.     As a result of an automobile accident, Plaintiff alleges he has incurred and is entitled to recover compensatory, special, and general damages, to include past and future "medical expenses" and "pain and suffering." (Compl. Wherefore ¶¶ 2 and 3.)

12.     Although Plaintiff's Complaint does not specify the amount of damages claimed, Plaintiff's pre-suit demand helps to establish that the amount in controversy

threshold is satisfied.  *See* Declaration of Clay S. O'Daniel, attached hereto as **Exhibit C**.

13.     Specifically, the demand submitted on behalf of Plaintiff identifies medical expenses from seven (7) providers totaling $234,747.00.  (*See* Ex. C, ¶ 4.) Plaintiff claims the injuries he alleges he suffered in the accident are substantial and will cause "an inability to lead a normal life" in the future.  (Compl. ¶ 10.)

14.     Plaintiff demanded $1,000,000.00 to settle his claims pre-suit.  (*See* Ex. C, ¶ 5.)

15.     Pre-suit demand letters are commonly utilized by district courts in their analysis of whether the jurisdictional threshold has been met in a particular case. *See e.g., Javits v. State Farm Fire & Cas. Co.*, No. 1:13-cv-487-WSD, 2014 U.S. Dist. LEXIS 119085, at *18 (N.D. Ga. 2014) (finding pre-suit demand letter totaling $83,068.04 supported the amount in controversy exceeding $75,000); *Southern Ins. Co. v. Karrer*, No. 3:10-cv-84-CAR, 2011 U.S. Dist. LEXIS 29375, at *10-11 (M.D. Ga. 2011) (considering pre-suit demand of $50,000 where Plaintiff incurred only $3,317 in past medical expenses in ultimately concluding that the $75,000 jurisdictional threshold had been met.)

16.     In circumstances such as presented in the instant case, "a removing defendant is not required to prove the amount in controversy beyond all doubt or to

banish all uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010).  Plaintiff has claimed compensatory damages, including non-economic damages and special damages in the form of present and future medical expenses.

17.    Unspecified claims for general damages may be used to satisfy the amount in controversy requirement for removal. *See Buescher v. Falcon Mezzanine Partners, LP*, No. 7:07-CV-89 (HL), 2008 U.S. Dist. LEXIS 41809, at *10 (M.D. Ga. 2008) (confirming that it is "undoubtedly true" that the Eleventh Circuit permits litigants to use general damages to satisfy the amount in controversy requirement); *Turner v. Wal-Mart Stores, Inc.*, No. 7:11-CV-181 (HL), 2012 U.S. Dist. LEXIS 2428, *3 (M.D. Ga. 2012) (finding special damages totaling $58,652.94 and unspecified general damages were sufficient for amount in controversy requirement).  When accompanied by evidence, the Court is permitted to use "reasonable deductions, reasonable inferences, or other reasonable extrapolations" in assessing the amount in controversy.  *Pretka*, 608 F.3d at 754.

18.    Here, Plaintiff's articulated special damages of $234,7470.00 detailed in his pre-suit demand alone exceed the $75,000.00 jurisdictional threshold.

19.     Accordingly, based on Plaintiff's allegations and the evidence of special damages incurred to date presented by Plaintiff in his demand, the amount in controversy in this case exceeds $75,000.00.

**WHEREFORE**, for the foregoing reasons, this Court has original jurisdiction of this matter pursuant to 28 U.S.C. § 1332 and removal of the action to this Court is proper pursuant to 28 U.S.C. § 1441. Defendants respectfully request that this action proceed before this Court.

Respectfully submitted this 3rd day of January 2023.

O'DANIEL McDONALD, LLC

/s/Clay S. O'Daniel
Clay S. O'Daniel
Georgia Bar No. 843070
Amy R. Harmon
Georgia Bar No. 270955
9040 Roswell Road, Suite 500
Atlanta, GA 30350-3939
(404) 419-6300
(404) 419-6301 (fax)
codaniel@odmclaw.com
aharmon@odmclaw.com

*Attorney for Defendants*

## **CERTIFICATE OF SERVICE**

This is to certify that I have this day served the Plaintiff's counsel of record

with a copy of the within and foregoing **NOTICE OF REMOVAL OF ACTION**

via email and by using the CM/ECF system to the following attorneys of record:

John L. Johnson
Foy & Associates, P.C.
3343 Peachtree Road, NE, Ste. 350
Atlanta, GA 30326
jljohnson@johnfoy.com

This 3rd day of January 2023.

/s/Clay S. O'Daniel
Clay S. O'Daniel

E FILED IN OFFICE
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
22-C-06915-S
12/1/2022 11:39 AM
TIANA P. GARNER, CLERK

## General Civil and Domestic Relations Case Filing Information Form

☐ Superior or ☒ State Court of ___GWINNETT___ County

| **For Clerk Use Only** | 22-C-06915-S2 |
|---|---|
| Date Filed _____  MM-DD-YYYY | Case Number _____ |

| **Plaintiff(s)** | | | | | **Defendant(s)** | | | | |
|---|---|---|---|---|---|---|---|---|---|
| TURNBOW, CHRIS | | | | | MESSER, JORDAN | | | | |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
| | | | | | CURTIN TRUCKING AND DRAINAGE, INC. | | | | |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |

**Plaintiff's Attorney** ___JOHN L. JOHNSON___   **State Bar Number** ___748545___   **Self-Represented** ☐

**Check one case type and one sub-type in the same box (if a sub-type applies):**

**General Civil Cases**
- ☒ Automobile Tort
- ☐ Civil Appeal
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____   _____
Case Number            Case Number

☐ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____
Language(s) Required

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

Version 1.1.20

## IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

Chris Turnbow c/o John L. Johnson and John Foy

& Associates, PC 3343 Peachtree Road, NE, Ste. 350

**Atlanta, Georgia 30326**

PLAINTIFF

VS.

**Jordan Messer**

**105 Pinesville Park**

**Murphy, North Carolina 28906**

DEFENDANT

CIVIL ACTION
NUMBER:_____

22-C-06915-S2

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

John L. Johnson and John Foy & Associates, PC
3343 Peachtree Road, NE, Ste. 350
Atlanta, Georgia 30326
(404) 400-4000

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____, 20____.

1st day of December, 2022

Tiana P. Garner
Clerk of State Court

By_____
Deputy Clerk

**INSTRUCTIONS:** Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

E-FILED IN OFFICE
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
22-C-06915-S
12/1/2022 11:39 AM
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

Chris Turnbow c/o John L. Johnson and John Foy

& Associates, PC 3343 Peachtree Road, NE, Ste. 350

**Atlanta, Georgia 30326**

22-C-06915-S2

CIVIL ACTION
NUMBER:_____

PLAINTIFF

VS.

**Curtin Trucking and Drainage, Inc. c/o**

**CT Corporate System 289 S. Culver St.**

**Lawrenceville, GA 30046**

DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

John L. Johnson and John Foy & Associates, PC
3343 Peachtree Road, NE, Ste. 350
Atlanta, Georgia 30326
(404) 400-4000

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____, 20_____.

1st day of December, 2022

Tiana P. Garner
**Clerk of State Court**

By_____
Deputy Clerk

**INSTRUCTIONS:** Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

E-FILED IN OFFICE -
CLERK OF STATE COUR
GWINNETT COUNTY, GEORGI

**22-C-06915-S**
**12/1/2022 11:39 AI**
TIANA P. GARNER, CLER

## IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

Chris Turnbow c/o John L. Johnson and John Foy

& Associates, PC 3343 Peachtree Road, NE, Ste. 350

**Atlanta, Georgia 30326**

PLAINTIFF

VS.

**United Services Automobile Association**

c/o Corporations Service Company 2 Sun Court Ste. 400

**Peachtree Corners, Georgia 30092**

DEFENDANT

22-C-06915-S2
CIVIL ACTION
NUMBER:_____

# SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

John L. Johnson and John Foy & Associates, PC
3343 Peachtree Road, NE, Ste. 350
Atlanta, Georgia 30326
(404) 400-4000

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____, 20_____.

1st day of December, 2022

Tiana P. Garner
Clerk of State Court

By_____
Deputy Clerk

**INSTRUCTIONS:** Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

CLERK OF STATE COUR
GWINNETT COUNTY, GEORGI
**22-C-06915-S**
**12/1/2022 11:39 AI**
TIANA P. GARNER, CLER

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| CHRIS TURNBOW, | CIVIL ACTION NO.: |
| Plaintiff, | 22-C-06915-S2 |
| v. | **JURY TRIAL DEMANDED** |
| JORDAN MESSER and CURTIN TRUCKING AND DRAINAGE, INC., | |
| Defendant. | **DISCOVERY SERVED WITH COMPLAINT** |

---

### COMPLAINT FOR DAMAGES

COMES NOW Plaintiff, CHRIS TURNBOW, (hereinafter referred to as "Plaintiff"), by and through undersigned counsel, and shows this Court the following facts and circumstances in support of his Complaint:

1. Defendant JORDAN MESSER (hereinafter "Defendant Messer") is a North Carolina resident, whose last known address is **105 Pinesville Park, Murphy, North Carolina 28906,** Defendant is subject to the jurisdiction of this Court and may be served by personal service with the Summons and Complaint at this address.

2. Defendant CURTIN TRUCKING AND DRAINAGE, INC. (hereinafter "Defendant Curtin Inc.") is foreign corporation authorized to conduct business in the State of Georgia and is subject to the jurisdiction of this Court. Defendant can be served through its registered agent C T Corporation System located at **289 S Culver Street, Lawrenceville, Gwinnett County, Georgia 30046.**

3. Jurisdiction and venue as to both Defendants is proper in Gwinnett County State Court under O.C.G.A. § 9-10-91.

4.  On or about February 22, 2021, Plaintiff was travelling on Interstate 575 when Defendant Messer, who was travelling directly behind Plaintiff, negligently struck the vehicle driven by Plaintiff in the rear causing injuries to Plaintiff.

5.  At all relevant times, Defendant Messer was within in the course and scope of his employment with Defendant Curtin, Inc.

6.  Defendant is liable for Plaintiff's injuries under the doctrine of *respondeat superior*.

7.  As a proximate result of Defendants' negligence, Plaintiff sustained physical injuries to his person.

8.  As a proximate result of Defendants' negligence, Plaintiff incurred medical expenses to treat his injuries caused by the collision.

9.  At all relevant times, Plaintiff was exercising due care for his own safety and was conducting himself in a reasonable and prudent manner.

10. As a proximate result of Defendants' negligence, Plaintiff has suffered substantial injuries and damages including medical and other necessary expenses, mental and physical pain and suffering due to his personal injuries, personal inconvenience, and an inability to lead a normal life.

**WHEREFORE,** Plaintiff prays for the following relief:

1.  Plaintiff have a trial by jury;

Page **2**

2.  Plaintiff be awarded a Judgment against Defendants for special damages, including medical expenses;

3.  Plaintiff be awarded a Judgment against Defendants for general damages for past, present, and future pain and suffering in an amount to be determined by the enlightened conscience of impartial jurors;

4.  Plaintiff be awarded a Judgment against Defendants for attorneys' fees and expenses of litigation pursuant to O.C.G.A. §13-6-11;

5.  Plaintiff be awarded a Judgment against Defendants for all costs of this action; and

6.  Plaintiff recover such other relief as this Court may deem just and proper.


This 1st day of December, 2022.

Respectfully submitted,

**FOY & ASSOCIATES P.C.**


/s/ John L. Johnson
John L. Johnson, Esq.
Georgia Bar Number: 748545
**Attorney for Plaintiff**



3343 Peachtree Road, N.E. Suite 350
Atlanta, Georgia 30326
(404) 400-4000 Telephone
(404) 602-4207 Facsimile
Email: JLJohnson@johnfoy.com




Page **3**

CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**22-C-06915-S**
**12/1/2022 11:39 AM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

CHRIS TURNBOW,                    )
                                  )        CIVIL ACTION NO.:
       Plaintiff,              )        22-C-06915-S2
v.                                )
                                  )
JORDAN MESSER AND CURTIN TRUCKING )
AND DRAINAGE, INC.,               )
                                  )
       Defendant.              )

---

### PLAINTIFFS' FIRST INTERROGATORIES TO DEFENDANT JORDAN MESSER

COME NOW, Plaintiffs and serve upon Defendant JORDAN MESSER AND CURTIN TRUCKING AND DRAINAGE, INC. (hereinafter "Defendant") Plaintiffs' First Interrogatories, to be answered under oath and within forty-five (45) days from service hereof in accordance with O.C.G.A. § 9-11-33.

These Interrogatories shall be deemed continuing so as to require supplemental answers if you or your attorneys obtain further information between the time the answers are served and the time of trial.   Any such supplemental answers are to be filed and served upon counsel for Plaintiffs within forty-five (45) days from the receipt of such information, but not later than the time of trial.

### DEFINITIONS

When used in these Interrogatories, the term "Defendant," or any synonym thereof, is intended to and shall embrace servants, representatives, private investigators, and others who are in a position of or may have obtained information for or on behalf of Defendant.

As used in these Interrogatories, the following words and phrases have the meanings set forth below.

(1) "You" and "your" means and refers to JORDAN MESSER AND CURTIN TRUCKING AND DRAINAGE, INC. the Defendant to whom these interrogatories are directed, and includes your agents, employees, insurance company and their agents and employees, your attorneys, investigators and anyone else acting on your or their behalf.

(2)   The term "document" means and includes all correspondence, writings, records, memoranda, drawings, graphs, charts, photographs, motion pictures, videotapes, videodisks, audiotapes or other sound recordings, books, ledgers, financial records, checks, drafts, receipts, forms prescribed by government agencies, computer tapes, computer disks, computer printouts, photocopies, microfilm, microfiche, and any other data, sound, or image compilation or recording from which information regarding the described transactions can be obtained, translated if necessary by respondent through appropriate and necessary devices into reasonably useable and intelligible form.

(3)   "Person" includes any individual, corporation, partnership, government, or business entity, and group of persons associated in fact although not a legal entity.

(4) "Identify" means the following:

(a)   When used with respect to individuals, means to state the full name, address, telephone number, place of employment, job title and present whereabouts of such person;

Page **2**

GB IA Recv 2022120707380

(b)     When used with respect to persons other than individuals, as the term "persons" is identified in (3) above, means to state the full name, address and telephone number of such "person" together with the name, address, telephone number and job title of the employee, agent, servant or representative of such "person" who has knowledge of the particular facts or possession, custody or control of the particular documents of which discovery is sought;

(c)     When used with respect to documents, tangible objects, or other items of real or demonstrative evidence, means to list the items of which discovery is sought, describe them in specific detail (give an exhibit number for each if one has been assigned) and state the name, address and telephone number of the person who presently has possession, custody or control over each item of real or documentary evidence listed; and

(d)     When used with respect to facts, circumstances or information, means to give a concise summary of the nature and substance of the facts, circumstances or information of which discovery is sought.

## **INTERROGATORIES**

1. Please state whether or not you were employed on the date of the incident which is the subject matter of this Complaint, if so, please state the following:

   a. The name and address of your employer;
   b. In what capacity you were employed; and
   c. the length of time of your employment with the named employer.

2. If you were self-employed on February 22, 2021, or are presently self-employed, please give the following:

Page 3

    a.  a brief description of the nature of your business; and

    b.  the inclusive dates you were engaged in that particular occupation or profession.

3.  If you have ever been involved in a motor vehicle accident prior to the incident which is the subject matter of this suit, please state the following:

    a.  The date of each accident; and

    b.  Whether you were charged with any kind of infraction.

4.  If you have ever been convicted of any moving traffic violation within the past ten years, please state all violations.

5.  If you have ever been arrested, pled guilty or been convicted of any crime other than traffic violations, please identify each and provide the year of the occurrence.

6.  Please state the name and address of the registered owner of the motor vehicle operated or occupied by you at the time of the incident which is the subject matter of this action.

7.  Please state the year, make and model of the vehicle operated by you at the time of the incident described in the Complaint.

8.  On the particular trip during the course of which the accident that forms the basis of Plaintiffs' Complaint occurred, what was Defendant's place and time of departure, intended destination and purpose of the trip.

9.  If the Defendant was under a physician's care at the time of the collision, please state:

    a.  The purpose of the Defendant being under physician's care; and

    b.  The physician's name, address and phone number.

10. If at the time of the accident at issue, the Defendant was under instruction to wear

GB IA Recv 2022120707380

corrective lenses, please state:

    a.  Under what circumstances the lenses were to be worn;

    b.  If the appropriate lenses were worn at the time of the accident at issue; and

    c.  What eye condition said lenses were to correct.

11. If the Defendant consumed any sedatives, tranquilizers or other drugs and medicines during the seventy-two (72) hour period prior to the collision herein complained of, please state:

    a.  Time such medication was consumed;

    b.  Type of medication consumed; and

    c.  Dose of medication consumed.

12. If the Defendant consumed any alcoholic beverages of any type during the twenty-four (24) hour period prior to the accident at issue, please state:

    a.  Time such alcohol was consumed;

    b.  Type of alcohol consumed; and

    c.  Quantity of alcohol consumed.

13. Please state the name of each person occupying the vehicle operated by the Defendant at the time of the collision and state where each occupant was positioned in the vehicle at the time of the accident.

14. Please describe in detail how the collision at issue occurred which is the subject of this litigation.

15. Please state whether you, your attorneys, agents, investigators, or anyone acting on your behalf obtained statements in any form from any person regarding any of the events or happenings that occurred at the scene of the incident referred to in the Complaint before, during or after the said incident.    If so, please state:

GB IA Recv 2022120707380

a.     The name and address of the person from whom any statements were taken;

b.     The date in which such statement was taken;

c.     Whether such statement was oral, written or otherwise; and

d.     The name and address of the person having custody of such statement.

16. Please state the names and last known addresses of each person known or believed by you to have been an eyewitness to the incident at issue.

17. Please state the name and address of each person known or believed by you to have knowledge of any of the facts relevant to the incident which is the subject matter of this action as they pertain to the issue of liability and/or the extent of the Plaintiffs' injuries.

18. Please state the names and address sufficient to locate each and every person known or believed by you to have heard the Plaintiffs make any statement, remark or comment concerning the incident at issue.

19. Please state the names, address and telephone numbers of each individual who is <u>not</u> an expert witness who has knowledge of the incident at issue and may be called to testify on behalf of the Defendant concerning the nature, extent and duration of the Plaintiffs' injuries.

20. Please state the names and address for the location of each and every person known or reasonably believed by you to have possession of any motion pictures, photographs, or diagrams pertaining the incident at issue.

21. Please state whether any insurance policy covering Defendant for the subject collision paid for the damage to Plaintiffs' vehicle, and

a.     The amount of property damage to the Defendant's vehicle as a result of the accident at issue, as assessed by the Defendant's insurer; and/or

b.     If a check was issued from the Defendant's liability carrier to Plaintiff's for

Page **6**

property damage payment related to the incident at issue.

22. Please state the name and address of each person expected to be called by you to testify as an expert witness during the trial of this case.

23. Please state whether any of the experts listed in the answer to the foregoing Interrogatory have rendered any reports, written or oral, concerning any facts or opinions involving any of the issues of this case.

24. If the answer to the foregoing Interrogatory is in the affirmative, please state the following:

   a.   The name of the expert and the issues about which he or she has formed or expressed an opinion;

   b.   Whether the opinion or report of the expert was oral or written and the date upon which said opinion or report was given;

   c.   If written, the name and address of the person having the written report or any copy thereof in his or her possession and control;

   d.   The facts determined and the opinions formed as expressed by each expert; and

   e.   The substance of the facts relied upon by said expert in arriving at his or her opinion.

25. Please list all policies of liability insurance providing coverage (whether primary or excess) to Defendant for the subject collision, providing the policy number and limits of coverage of each such policy.

26. Please state in detail the factual and legal basis of each and every affirmative defense as set forth in your Answer to Plaintiff's Complaint for Damages.

27. If you contend Plaintiffs caused or contributed to the incident at issue, please state all facts that support your contentions.

Page 7

28. Do you claim that the occurrence in question was in any way caused by a mechanical defect or malfunction of your vehicle?   If so, state the details of said malfunction, when you first had knowledge of said defect and how you believe it contributed to said incident.

29. Please provide the cellular telephone number and service provider for all cellular phones owned, used, or operated by you on the date of this incident.

30. Please list three dates that occur in the next ninety days which Defendant and counsel are available to sit for a deposition. Please further state if Defendant and counsel prefer a 10:00AM start time or a 2:00PM start time.


This 1st day of December, 2022.

Respectfully submitted,

**FOY & ASSOCIATES P.C.**


/s/ John L. Johnson
John L. Johnson, Esq.
Georgia Bar Number: 748545
**Attorney for Plaintiff**



3343 Peachtree Road, N.E. Suite 350
Atlanta, Georgia 30326
(404) 400-4000 Telephone
(404) 602-4207Facsimile
Email: JLJohnson@johnfoy.com

Page 8

E-FILED IN OFFICE
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGI
**22-C-06915-S**
**12/1/2022 11:39 AI**
TIANA P. GARNER, CLER

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

CHRIS TURNBOW,                            )
              Plaintiff,          )    CIVIL ACTION NO.:
v.                                        )
                       )        22-C-06915-S2
JORDAN MESSER AND CURTIN TRUCKING        )
AND DRAINAGE, INC.,                       )
                       )
              Defendant.          )

---

### PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT JORDAN MESSER

Plaintiff submits herewith to the above-named Defendant, pursuant to O.C.G.A. § 9-11-36 for response within forty-five (45) days after service hereof, the following request for admissions, for purposes of the pending action only, subject to all objections that may be interposed at the trial of the case:

1. Please admit that this action brought against you properly and correctly names the party to be sued in this case.

2. Please admit that jurisdiction for the Complaint filed by Plaintiff is properly brought before this State in Gwinnett County, Georgia.

3. Please admit that the service of process against you was proper.

4. Please admit that on February 22, 2021, you were an employee of Curtin Trucking and Drainage, Inc.

5. Please admit that at the time of collision on February 22, 2021, you were within the course and scope of your employment.

6. Please admit that you were negligent in the operation of a motor vehicle which resulted in the subject collision with the vehicle of Plaintiff.

7. Please admit that Plaintiff was injured in the subject collision.

8. Please admit that Plaintiff's actions did not cause or contribute to the subject collision.

9. Please admit that Plaintiff incurred medical expenses for treatment of injuries resulting from the subject collision.

10. Please admit that Plaintiff's medical expenses were reasonable and necessary for the care and treatment of the injuries sustained in the subject collision.

This Request for Admissions is served upon you together with Plaintiff's Complaint.

This 1st day of December, 2022.

Respectfully submitted,

**FOY & ASSOCIATES P.C.**

/s/ John L. Johnson
John L. Johnson, Esq.
Georgia Bar Number: 748545
**Attorney for Plaintiff**

3343 Peachtree Road, N.E. Suite 350
Atlanta, Georgia 30326
(404) 400-4000 Telephone
(404) 602-4207Facsimile
Email: JLJohnson@johnfoy.com

Page **2**

GB IA Recv 2022120707380

CLERK OF STATE COUR
GWINNETT COUNTY, GEORGI
**22-C-06915-S**
**12/1/2022 11:39 AI**
TIANA P. GARNER, CLER

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| CHRIS TURNBOW, | ) | |
| | ) | CIVIL ACTION NO.: |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | 22-C-06915-S2 |
| JORDAN MESSER AND CURTIN TRUCKING | ) | |
| AND DRAINAGE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

---

### PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT JORDAN MESSER

Plaintiffs, pursuant to O.C.G.A. §§ 9-11-33 and 9-11-34, submit herewith to the above-named Defendant (hereinafter referred to "you" or "your") for response within forty-five (45) days after service hereof, in the form provided by law, the following interrogatories and request for production of documents.

The documents requested to be produced for inspection and copying are to be produced at the offices of John Foy & Associates P.C., 3343 Peachtree Road, N.E. Suite 350 Atlanta, Georgia 30326 within forty-five (45) days following receipt of this request unless the 45th day falls on a holiday or weekend, in which event the production will take place on the Monday following the 45th day; or in the event the time for response is shortened by court order, then the shorter time frame shall be applicable. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

You are also required, pursuant to the Civil Practice Act, to produce at trial the materials and documents requested herein.

The following definitions and instructions are applicable to each interrogatory unless

negated by the context:

## I. DEFINITIONS

"Document" means any written, recorded, or graphic matter in whatever form, including copies, drafts, and reproductions thereof to which you have or have had access, including, but not limited to, correspondence, memoranda, tapes, stenographic or handwritten notes, studies, publications, books, contracts, agreements, checks, bills, invoices, pamphlets, pictures, films,

voice recordings, maps, graphs, reports, surveys, minutes of statistical compilations; every copy of such writing or record where the original is not in your possession, custody or control, and every copy of such writing or record where such copy is not an identical copy of an original or where such copy contains any commentary or notation whatsoever that does not appear on the original.

"Person" shall mean a natural person, proprietorship, partnership, corporation, cooperative, association, firm, group, or any other organization or entity.

"Communication" means the transmittal of information from one or more persons to another person or persons, whether the medium for transmittal be oral, written or electronic.

"Date" shall mean the exact day, month and year, if ascertainable, or if not, the best available approximation (including relationship to other events).

"Identify" or "Identity", when used in reference to:

(a) an individual, shall mean to state the full name, present or last known residence address (designating which), residence telephone number, present or last known

GB IA Recv 2022120707380

employment address (designating which), employment telephone number, and employment title or capacity.

(b) a firm, partnership, corporation, proprietorship, association or other organization or entity, shall mean to state its full name and present or last known address (designating which) and the legal form of such entity or organization.

(c) document shall mean to state: the title (if any), the date, author, sender, recipient, the identity of person signing it, type of document (i.e., a letter, memorandum, notation, book, telegram, chart, etc.) or some other means of identifying it, and its present location or custodian.

In the case of a document that was, but is no longer, in the possession, custody or control of Defendant, state what disposition was made of it, why, when and by whom.

Whenever the context so requires, the plural shall include the singular, the singular the plural, the masculine the feminine and neuter, and the neuter the masculine and feminine.

## REQUEST FOR PRODUCTION OF DOCUMENTS

1. Any and all videotapes, photographs, plats or drawings of the vehicles, parties, scene of the incident or any other matter material to the incident underlying this litigation.

2. Any and all videotapes, photographs, reports, data, memoranda, handwritten notes, or other documents reviewed by or generated by any expert.

3. Any and all medical records, videotapes, photographs or other evidence concerning, referencing or depicting Plaintiff.

Page 3

GB IA Recv 2022120707380

4. A copy of any and all photographs and/or videotapes depicting the Plaintiff doing anything.

5. Any and all documents obtained through a request for production of documents or subpoena.

6. Any and all documents regarding the property damage estimate of repairs and/or repair bills which you claim were sustained as a result of the incident.

7. Any and all documents which would in any way challenge, diminish or refute any of the Plaintiff's claimed injuries, medical and/or hospital bills, or lost earnings related to the subject incident.

8. Any and all insurance policies, including declarations pages, which might provide benefits related to the subject incident regardless of whether the insurer agrees there was coverage.

9. Any and all taped or written statements taken from Plaintiff, or any other potential witnesses to this lawsuit, by anyone acting on behalf of Defendant or Defendant's insurers.

10. Any and all documents, books, writings or other tangible things which support any defenses you rely upon in your defense to this lawsuit.

11. A copy of the title and tag registration on the vehicle you were driving at the time of the subject incident.

12. Any and all documents reflecting the disposition of any charges made against you in the subject incident

Page 4

13. A copy of your current driver's license and all drivers' licenses you have held in the past five (5) years.

14. Any and all documents related to Plaintiff's medical treatment for injuries allegedly received in the subject incident.

15. Any and all documents related to the medical treatment Plaintiff received prior to the subject incident.

16. Any and all documents which you contend in any way impeach or discredit the Plaintiff.

17. For any document which has not been produced on grounds of privilege, please state the following:

    a.  the date each document was generated;

    b.  the present custodian of each document; and

    c.  a description of each document.

These Request for Production of Documents are served upon you together with Plaintiff's Complaint.

This 1st day of December, 2022.

Respectfully submitted,

**FOY & ASSOCIATES P.C.**

/s/ John L. Johnson
John L. Johnson, Esq.
Georgia Bar Number: 748545
**Attorney for Plaintiff**

Page **5**

Second Crusina

CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**22-C-06915-S**
**12/1/2022 11:39 AI**
TIANA P. GARNER, CLER

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

CHRIS TURNBOW,     )
           )  CIVIL ACTION NO.:
    Plaintiff,   )
v.         )  22-C-06915-S2
           )
JORDAN MESSER AND CURTIN TRUCKING )
AND DRAINAGE, INC.,    )
           )
    Defendant.  )

---

### RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY ON DEFENDANTS

   This is to certify that I have this date served a copy of the *Plaintiff's First Request for Admissions, Plaintiff's First Interrogatories, and Plaintiff's First Request for Production of Documents* on Defendant by a deputy or other authorized agent of the Sheriff's Department of the county in which the defendant resides or by any other individual so authorized by the Georgia Civil Practice Act and was served contemporaneously with a copy of the Complaint and Summons in a manner consistent with the requirements of O.C.G.A 9-11-4.

   This 1st day of December, 2022.

          Respectfully submitted,

          **FOY & ASSOCIATES P.C.**

          /s/ John L. Johnson
          John L. Johnson, Esq.
          Georgia Bar Number: 748545
          **Attorney for Plaintiff**

3343 Peachtree Road, N.E. Suite 350
Atlanta, Georgia 30326
(404) 400-4000 Telephone
(404) 602-4207Facsimile
Email: JLJohnson@johnfoy.com

3343 Peachtree Road, N.E. Suite 350
Atlanta, Georgia 30326
(404) 400-4000 Telephone
(404) 602-4207Facsimile
Email: JLJohnson@johnfoy.com

GB IA Recv 2022120707380

**IN THE STATE COURT OF GWINNETT COUNTY**

**STATE OF GEORGIA**

| | | |
|---|---|---|
| CHRIS TURNBOW, | * | |
| | * | |
| Plaintiff, | * | |
| | * | CIVIL ACTION |
| v. | * | |
| | * | FILE NO. 22-C-06915-S2 |
| JORDAN MESSER and | * | |
| CURTIN TRUCKING AND | * | |
| DRAINAGE, INC., | * | |
| | * | |
| Defendants. | * | |

---

**NOTICE OF REMOVAL**

---

TO:     Clerk of State Court of Gwinnett County
         75 Langley Drive
         Lawrenceville, GA 30046

COME NOW, Defendants Jordan Messer and Curtin Trucking and Drainage, Inc. ("Defendants"), and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby give notice of removal of this action from the State Court of Gwinnett County, State of Georgia, to the United States District Court for the Northern District of Georgia, Atlanta Division.  Attached hereto as **Exhibit "A"** is the Notice of Removal Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 that was filed today, January 3, 2022, with the United States District Court for the Northern District of Georgia, Atlanta Division.

[SIGNATURE CONTAINED ON FOLLOWING PAGE]

Respectfully submitted this 3rd day of January 2023.

O'DANIEL McDONALD, LLC


/s/Clay S. O'Daniel
Clay S. O'Daniel
Georgia Bar No. 843070
Amy R. Harmon
Georgia Bar No. 270955
9040 Roswell Road, Suite 500
Atlanta, GA 30350-3939
(404) 419-6300
(404) 419-6301 (fax)
codaniel@odmclaw.com
aharmon@odmclaw.com

*Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

This certifies that I have this day served a true and correct copy of the within and foregoing

**NOTICE OF REMOVAL** was duly served upon Plaintiff by using the Odyssey eFileGA system

for service to the below counsel of record:

John L. Johnson
Foy & Associates, P.C.
3343 Peachtree Road, NE, Ste. 350
Atlanta, GA 30326
jljohnson@johnfoy.com

This 3rd day of January 2023.

/s/Clay S. O'Daniel
Clay S. O'Daniel

EXHIBIT C

**THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| CHRIS TURNBOW, | |
| PLAINTIFF, | CIVIL ACTION NO. |
| v. | |
| JORDAN MESSER and CURTIN TRUCKING AND DRAINAGE, INC., | |
| DEFENDANTS. | |

_____

**DECLARATION OF CLAY S. O'DANIEL**
_____

I, Clay S. O'Daniel, declare the following:

1.

I am over 18 years of age, a United States Citizen, and competent to make this declaration.  I have personal knowledge of the facts stated in this declaration, which are all true and correct.

2.

I represent Jordan Messer and Curtin Trucking and Drainage, Inc., in a similarly styled matter that is presently pending in the State Court of Gwinnett County, Civil Action File No. 22-C-06915-S2.  This case concerns alleged personal

injuries suffered by Plaintiff as a result of a February 22, 2021, motor vehicle collision that occurred on I-575 in Cherokee County, Georgia.   I submit this declaration in support of Defendants' Notice of Removal to the Northern District of Georgia, Atlanta Division.

3.

Counsel for Plaintiff sent a pre-suit demand on behalf of Chris Turnbow to my clients dated January 18, 2022.   In that demand, Plaintiff contends he suffered significant personal injuries to his cervical spine, thoracic spine, and lumbar spine as a result of the subject accident.   Plaintiff's demand also claims Mr. Turnbow suffered extreme anxiety, which he claims will continue into the future.

4.

Mr. Turnbow's demand sets forth the following incurred medical and other special damages:

| Medical Provider | Amount Charged |
|---|---|
| Northside Hospital Cherokee | $191,819.50 |
| Regional Medical Group | $10,650.50 |
| Physicians Pain Care | $18,890.00 |
| Metro Medical LLC | $2,956.00 |
| Kaiser Permanente | $1,321.00 |
| Arrowhead Clinic | $4515.00 |
| American Health Imaging | $4,595.00 |
| **Total Special Damages** | **$234,747.00** |

5.

Plaintiff demanded $1,000,000.00 to settle his claims.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 3rd day of January 2023.

<u>/s/Clay S. O'Daniel</u>
Clay S. O'Daniel
Georgia Bar No. 843070
9040 Roswell Road, Suite 500
Atlanta, GA 30350-3939
(404) 419-6300
(404) 419-6301 (fax)
codaniel@odmclaw.com

*Attorney for Defendants*