# Exhibit A

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day served a true and correct copy of the foregoing civil action in the State Court of Fulton County no. **22EV006603** upon the Defendant by mailing via USPS certified and registered to Corporation Service Company Georgia, the Defendant's registered agent on file with the Secretary of State, which will be automatically forwarded as same to the Defendant at the following address:

Corporation Service Company Georgia

2 Sun Court, Suite #400

Peachtree Corners, GA 30092

This 2nd day of December, 2022.

Shaun Chappell, Plaintiff *In Pro Se*

Shaun Chappell
6087 Camden Forrest Drive
Riverdale, GA 30296
E-mail: shaun.chappell@me.com

**GEORGIA, FULTON COUNTY**

**STATE COURT OF FULTON COUNTY**
**Civil Division**

State Court of Fulton County
DO NOT WRITE IN THIS SPACE    ***EFILED***
File & ServeXpress
CIVIL ACTION FILE #: 22EV006603    Transaction ID: 68469513
Date: Nov 30 2022 01:40PM
Donald Talley, Chief Clerk
Civil Division

**Pauper's Affidavit**

SHAUN CHAPPELL
6087 CAMDEN FORREST DRIVE
RIVERDALE, GA 30296

Plaintiff's Name, Address, City, State, Zip Code

vs.

LIBERTY MUTUAL PERSONAL INSURANCE COMPANY

175 BERKELEY STREET
BOSTON  MA     02116

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $ 537,655.58 |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $ 7%/month |
| [ ] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $ 0 |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $ |
| [ ] SPECIAL LIEN | |
| [ ] NEW FILING | |
| [ ] RE-FILING: PREVIOUS CASE NO. | |

**SUMMONS**

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:
Name: Shaun Chappell
Address: 154 Rainbow Way, Unit 109    shaun.chappell@me.com
City, State, Zip Code: Fayetteville, GA 30214    Phone No.: (314) 200-5351

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center at 185 Central Ave., S.W., Ground Floor, Room TG300, Atlanta, GA 30303.

Donald Talley, Chief Clerk (electronic signature)

**SERVICE INFORMATION:**
Served, this _____ day of _____, 20_____.
_____
DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

This _____ day of _____, 20_____.    _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

State Court of Fulton County
***EFILED***
File & ServeXpress
Transaction ID: 68469513
Date: Nov 30 2022 01:40PM
Donald Talley Chief Clerk
Civil Division

1
Shaun Chappell
6087 Camden Forrest Drive
2
Riverdale, GA 30296
3
Phone | (314) 200-5351
shaun.chappell@me.com
4

5
STATE COURT OF FULTON COUNTY
6
GEORGIA
7
SHAUN CHAPPELL,                      Case No.: 22EV006603

8            Plaintiff,

9   vs.                              COMPLAINT FOR DAMAGES PURSUANT
                                     TO OCGA 40-6-273, OCGA 33-6-30, OCGA
10                                   33-6-33, OCGA 33-6-34, OCGA 51-12-5.1(B)
LIBERTY MUTUAL PERSONAL INSURANCE
11  COMPANY,

12           Defendant

13

14
BACKGROUND OF CAUSE OF ACTION
15
16          Unforeseen and unprovoked conditions and circumstances produced by entities

17  representing and contracted with the Defendant caused a chain reaction of negligence wreaking

18  havoc on the life of the Plaintiff, a resident of the State of Georgia. Supported by police report

19  no. 2021-010767, "Exhibit 1" attached hereto, recorded with the South Fulton Police

20
Department, on the night of August 2, 2021, Plaintiff was rear-ended by a Nissan Sentra insured
21
22  by the Defendant, traveling at approximately 45 mph, while Plaintiff was safely and legally idle

23  with flashing hazard lights on. Whilst discombobulated, Plaintiff barely saw a person fleeing on

24  foot across the street from the insured vehicle that struck the Plaintiff's 2012 Toyota Prius

25  primarily, and at the time being used for rideshare services with LYFT.

26
Since the hit-and-run crime, the gross negligence of fleeing the scene of the accident initiated a
27

28  COMPLAINT FOR DAMAGES PURSUANT TO OCGA 40-6-273, OCGA 33-6-30, OCGA 33-6-33, OCGA 33-6-34, OCGA 51-12-5.1(B) - I

four-and-a-half-week impractical investigation by the Defendant intensifying the repercussions suffered by the Plaintiff. The Defendant is an underwriting company of the Liberty Mutual Group financially responsible for its own insurance products. O.C.G.A. §40-6-273 details duty to report an accident resulting in injury, death, or property damage providing, "The driver of a vehicle involved in an accident resulting in injury to or death of any person or property damage to an apparent extent of $500.00 or more shall immediately, by the quickest means of communication, give notice of such accident to the local police department if such accident occurs within a municipality." The Defendant's business profile is supported by "Exhibit 11" attached hereto.

Plaintiff filed suit against the Insured for damages resulting from this crime in the Superior Court of Fulton County State of Georgia, case number **22022CV360742**. The hearing was held on September 20, 2022, by the Honorable Belinda E. Edwards of the Atlanta Judicial District. The Court issued final order stating, "The Petitioner is entitled to a judgment in the (amount) of **$37,655**.58 representing compensatory damages and **$250,000**.00 representing punitive damages. SO ORDERED this 20[th] day of September 2022." The Final Order of this hearing is attached hereto as, "Exhibit 2." Approximately one year prior to legal action against the Insured, the Defendant came to terms with the results of their investigation.

During the span of time the Defendant delayed acceptance of full at-fault liability, Plaintiff lost nearly full capacity to navigate life. Plaintiff was suddenly stripped of independent transportation serving simultaneously as Plaintiff's primary means of income. In an instant, Plaintiff lost the capacity to provide for himself as an independent private resident being deprived of his livelihood and having to become a dependent on the State of Georgia as a means of survival. Injury due to the sudden, powerful impact suspended Plaintiff's physical capacity to

COMPLAINT FOR DAMAGES PURSUANT TO OCGA 40-6-273, OCGA 33-6-30, OCGA 33-6-33, OCGA 33-6-34, OCGA 51-12-5.1(B) - 2

navigate life per usual. Chiropractic treatment with Twisted Spine Rehabilitation began immediately the following morning on August 3, 2021. Unfortunately, the deferred acceptance of at-fault liability caused a suspension from chiropractic treatment services until funds were secured by insurance. The postponement of chiropractic treatment adversely effected the healing course of the Plaintiff dealing with physical pain, financial stress, and varying degrees of trauma.

Two weeks after postponement of chiropractic treatment, services resumed once resources from the State of Georgia were approved on behalf of the Plaintiff. One week later, Plaintiff was notified of a family emergency requiring him to be in Richmond, VA, with his twin sister, younger sister, and mother. Ordinarily, Plaintiff would have driven to Virginia in the 2012 Toyota Prius that was, since the accident, a total loss. Physical pain, resumed chiropractic treatment, and depleted financial accounts prevented Plaintiff from being able to travel by airplane. Plaintiff's grandmother suffered a stroke, and he had been stripped of the resources to reach her. The Defendant finally and reluctantly accepted full at-fault liability on September 2, 2021, an entire month after the hit-and-run crime had been committed. Plaintiff's grandmother passed away on September 3, 2021. Plaintiff's life has not been the same since.

## JURISDICTION AND VENUE

The State Court of Fulton County in accordance with O.C.G.A. §15-7-4 has jurisdiction to preside over this case stating:

a.  Each state court shall have jurisdiction, within the territorial limits of the county or counties for which it was created and concurrent with the superior courts, over the following matters:

2. The trial of civil actions without regard to the amount in controversy, except those actions in which exclusive jurisdiction is vested in the superior courts;

COMPLAINT FOR DAMAGES PURSUANT TO OCGA 40-6-273, OCGA 33-6-30, OCGA 33-6-33, OCGA 33-6-34, OCGA 51-12-5.1(B) - 3

6. Review of decisions of other courts as may be provided by law.

c. Each judge of the state court shall have authority to perform any judicial act which he or she is lawfully entitled to perform, regardless of where such judge is located when such judicial act is performed.

This Court further presides over this case in accordance with O.C.G.A. §50-2-21(a) stating, "The jurisdiction of this state and its laws extend to all persons while within its limits, whether as citizens, denizens, or temporary sojourners." The Defendant insures the out-of-state vehicle with a Florida license plate abandoned at the scene of the crime and the temporary sojourner having fled on foot.

EXECUTION OF SERVICE OF PROCESS

Service is perfected according to O.C.G.A. §9-11-4 stating:

e. 1. A. If the action is against a corporation incorporated or domesticated under the laws of this state or a foreign corporation authorized to transact business in this state, to the president or other officer of such corporation or foreign corporation, a managing agent thereof, or a registered agent thereof, provided that when for any reason service cannot be had in such manner, the Secretary of State shall be an agent of such corporation or foreign corporation upon whom any process, notice, or demand may be served. Service on the Secretary of State of any such process, notice, or demand shall be made by delivering to and leaving with him or her or with any other person or persons designated by the Secretary of State to receive such service a copy of such process, notice, or demand, along with a copy of the affidavit to be submitted to the court pursuant to this Code section.

COMPLAINT FOR DAMAGES PURSUANT TO OCGA 40-6-273, OCGA 33-6-30, OCGA 33-6-33, OCGA 33-6-34, OCGA 51-12-5.1(B) - 4

1  Plaintiff has served the Defendant's registered agent to receive service of process and the

2  Secretary of State in accordance with O.C.G.A. §9-11-4(e)(1)(A).

3                              PERPETUAL CAUSE OF ACTION

4

5              Plaintiff has been swift and transparent with communications relating to the

6  accident, medical treatment, submission of forms, and even, dire overwhelming circumstances

7  including the family emergency throughout the whole of the claims settlement process. The

8  professionalism extended to the Defendant was not reciprocated in the rendering of services.

9  Plaintiff suspects his transparency may have been regarded as an opportunity to "squeeze" him

10 into an inefficient, lowball settlement. One primary reasonable consideration to support the

11 suspicion is the fact that no new evidence or supporting documentation has been presented since

12 the August 5, 2021, release of Exhibit 1, and it was based on this police report that the Defendant

13 accepted full at-fault liability. There is no reasonably supported justification for the additional

14 four weeks of delay to acceptance.

15

16             In a correspondence dated August 16, 2021, addressed to the Insured of the

17 Defendant presented to the Superior Court of Fulton County, claim adjuster, Jaclyn Gildee,

18 specifically gave the Insured seven days from the date of the letter to respond or "we will

19 evaluate the claim with the information we have available and proceed with handling of this

20 claim…" The default date to respond according to the correspondence was August 23, 2021.

21 May the Court note that the claim with the Defendant was initiated August 2, 2021, and the

22 correspondence to the Insured was not issued until two weeks later in clear violation of O.C.G.A.

23 §33-6-34(3) stating, "Failing to adopt and implement procedures for the prompt investigation

24 and settlement of claims arising under its policies."

25

26 COMPLAINT FOR DAMAGES PURSUANT TO OCGA 40-6-273, OCGA 33-6-30, OCGA 33-6-33, OCGA 33-6-
27 34, OCGA 51-12-5.1(B) - 5

1   Furthermore, since the Insured defaulted on response according to the allotted

2   time communicated by the Defendant on August 23, 2021, Plaintiff was delayed an additional

3
    ten days by the Defendant to accept full at-fault liability with no new information produced since
4
5   the initial week of the hit-and-run crime. The record of mishandling claim no. 046444805 by the

6   Defendant as demonstrated in a series of correspondences exchanged throughout the month of

7   August shows contempt for the laws enacted to protect and secure residents of the State of

8   Georgia, including clear violation of O.C.G.A. §33-6-34(2) stating, "Failing to acknowledge
9
10  with reasonable promptness pertinent communications with respect to claims arising under its

11  policies."

12  On September 2, 2021, at 1:18 pm, Jaclyn Gildee, Claims Resolution Specialist

13  III employed by the Defendant, left a voicemail on the cellphone of the Plaintiff stating, "I was

14  able to go ahead and just confirm everything with GEICO, so, with the information that I have

15
    right now, we're gonna go ahead and afford coverage through us, and accept liability because of
16
17  the police report, photos, and statement that you gave us. Umm, so we have afforded coverage

18  and accepted liability. Again, caveat, if we get new information that supports the vehicle was

19  stolen, I will have to reassess this, but with everything that I have right now, we are moving

20  forward, again, affording coverage, accepting liability and if we get new information, I'll review

21
    it. But for now, this is our decision."
22
23  The voicemail clearly evinces violation of O.C.G.A. §33-6-34(9) stating,

24  "Unreasonably delaying the investigation of payment of claims by requiring both a formal proof

25  of loss and subsequent verification that would result in duplication of information and

26  verification appearing in the formal proof of loss form." The "caveat" of the voicemail warns

27
    Plaintiff that the adjuster insists on investing energy and efforts not in resolution of the claim, but
28
    COMPLAINT FOR DAMAGES PURSUANT TO OCGA 40-6-273, OCGA 33-6-30, OCGA 33-6-33, OCGA 33-6-
    34, OCGA 51-12-5.1(B) - 6

1  to the contrary, in exploring avenues to avoid accountability and liability for the damages arising

2  out of the claim which clearly violates O.C.G.A. §33-6-34(4) stating, "Not attempting in good

3
4  faith to effectuate prompt, fair, and equitable settlement of claims submitted in which liability

5  has become reasonably clear."

6      The call with GEICO references the night of the crime, when Plaintiff reported

7  the accident to GEICO, his insurance provider. It was GEICO that assigned Plaintiff claim no.

8  0629543110000001 for the records of GEICO whilst managing a claim for their Insured, and

9
10 then provided Plaintiff with the policy number and insurance provider of the at-fault party,

11 Liberty Mutual Personal Insurance Company, covering the insured vehicle that struck Plaintiff.

12 The Defendant was immediately called and notified of the hit-and-run crime being provided the

13 make, model, color, and license plate of the vehicle with the policy number provided by GEICO.

14 The Defendant confirmed coverage for the vehicle that struck Plaintiff and initiated an auto-

15
16 accident claim referenced by claim no. 046444805.

17     Evinced in a series of email correspondences beginning a day before the "at-fault

18 acceptance" voicemail, Jaclyn Gildee continued to invest efforts in avoiding liability by framing

19 or misconstruing the claim established with GEICO in a way that purportedly insures the

20 criminal behind the wheel of the hit-and-run. Ms. Gildee demonstrated significant incompetence

21 and negligence for failure to distinguish between the insurance providers and the insured they

22
23 cover after over four weeks of investigation, claiming in a recorded phone conversation with

24 Plaintiff, "it may be possible that the at-fault vehicle is covered by two insurance companies," to

25 which Plaintiff objected, stating, "GEICO is definitely my insurance provider, and if they were

26 covering both vehicles, they would know, which they do know they only cover mine, so they

27
28 provided me with your information to file a claim because they do not cover the vehicle that you

COMPLAINT FOR DAMAGES PURSUANT TO OCGA 40-6-273, OCGA 33-6-30, OCGA 33-6-33, OCGA 33-6-34, OCGA 51-12-5.1(B) - 7

insure." Plaintiff and GEICO claims adjuster, Tanesha, debated with Jaclyn Gildee for two days over whom GEICO is responsible for insuring in this claim including having to resubmit GEICO's Declaration Page on behalf of the Plaintiff. Once Jaclyn Gildee conceded whilst in violation of O.C.G.A. §33-6-34, she left the voicemail on the cellphone of the Plaintiff in this case accepting full at-fault liability.

Since acceptance, the Defendant failed to fulfill legal obligations and fiduciary duty as established according to O.C.G.A. §33-6-30, "Unfair Claims Settlement Practices Act," and specifically, O.C.G.A. §33-6-34(5) stating, "Compelling insured or beneficiaries to institute suits to recover amounts due under its policies by offering substantially less than the amounts ultimately recovered in suits brought by them."

Due to the fact Plaintiff was active on the LYFT platform, the insurance provider for LYFT, Progressive Insurance, was notified and initiated an auto-accident claim referenced by claim no. 21-7808056, and assigned to claims adjuster, Kimberly Maldonado. The afternoon of August 3, 2021, less than 24 hours since the hit-and-run crime, Kimberly Maldonado reported to Plaintiff via phone call that she successfully contacted Jakeria Bell on a recorded call, one of the Insureds on the policy of the abandoned 2018 white, Nissan Sentra that struck Plaintiff in the rear the night before. She confessed that she was, "out drinking and does not remember what happened last night, and still putting the pieces together as of this morning."

This information was expressed directly to the Defendant via claims adjuster, Jaclyn Gildee, who dismissed the information as an unsubstantiated rumor when communicated by the Plaintiff, however, Ms. Gildee did confirm receipt of Exhibit 1 issued by the South Fulton Police Department that has served as the primary substantial evidence used to determine at-fault liability. The Defendant violated O.C.G.A. §33-6-34(2) once receiving the information from

COMPLAINT FOR DAMAGES PURSUANT TO OCGA 40-6-273, OCGA 33-6-30, OCGA 33-6-33, OCGA 33-6-34, OCGA 51-12-5.1(B) - 8

Plaintiff stating, "Failing to acknowledge with reasonable promptness pertinent communications with respect to claims arising under its policies." Plaintiff realized the strategy and effort of the Defendant to potentially stall to sabotage the claims settling process, and so, opted to initiate a claim with the Georgia Office of Insurance and Safety Fire Commissioner to investigate their practices.

A record of correspondences demonstrate that the Defendant failed to promptly and accurately, or truthfully, communicate with Complaints Analyst, Menase Zewde, as evinced in correspondences submitted to Plaintiff, as well as, a false written statement submitted by Christopher Porter, Senior Customer Advocate for the Defendant on August 24, 2021, as "Exhibit 3" attached hereto. The false statement reads, "The insured reported that her vehicle was stolen the morning before the loss occurred." Officer Bell, of the South Fulton Police Department, at the scene of the hit-and-run crime verbally communicated to Plaintiff that the abandoned vehicle was **not** stolen, and since, no stolen vehicle police report has ever been produced. Communicating to the Office of Insurance and Safety Fire Commissioner that the car was reported stolen is a clear violation of O.C.G.A. §33-6-34(1)(3) stating, "Knowingly misrepresenting to claimants and insureds relevant facts or policy provisions relating to coverages at issue…" and, "failing to adopt and implement procedures for the prompt investigation and settlement of claims arising under its policies." Plaintiff resolved to submit both property and bodily injury demand letters.

Furthermore, Jaclyn Gildee submitted to Menase Zewde a copy of a correspondence issued to the Insured of the at-fault vehicle dated August 16, 2021, in which she cautioned, "If you do not contact us within 7 days of the date of this letter, we will evaluate the claim with the information we have available and proceed with handling of this claim in

COMPLAINT FOR DAMAGES PURSUANT TO OCGA 40-6-273, OCGA 33-6-30, OCGA 33-6-33, OCGA 33-6-34, OCGA 51-12-5.1(B) - 9

1   accordance with the terms of your policy." The Defendant unequivocally failed to handle the

2   claim. According to this correspondence, the expiration for the Insured to make contact was

3
4   August 23, 2021, and yet, at-fault was not accepted by the Defendant until September 2, 2021,

5   evincing a clear violation of O.C.G.A. §33-6-34(7) stating, "When requested by the insured in

6   writing, failing to affirm or deny coverage of claims within a reasonable time having completed

7   its investigation related to such claim or claims."

8        On September 7, 2021, Plaintiff submitted the "Demand for Damages Relief"

9
10  letter to the bodily injury adjuster, Jaclyn Gildee, detailing the causes and corresponding

11  elements used to calculate and determine a fair and just bodily injury settlement. The response

12  received stated, "I received your demand, thank you. At this time, I cannot honor your demand of

13  $42,900. No supporting documentation has been submitted for review..." evincing a clear

14  violation of O.C.G.A. §33-6-34(6) stating, "Refusing to pay claims without conducting a

15  reasonable investigation." On September 21, 2021, Plaintiff submitted the 'Amended Demand

16
17  for Damages Relief' letter to Jaclyn Gildee and Tanika Belnavis, Liberty Mutual Personal

18  Insurance Company team manager, detailing the causes and corresponding elements used to

19  calculate and determine a fair and just bodily injury settlement at the time.

20       On September 30, 2021, Ms. Gildee responded, "I have reviewed your demand. I

21  cannot honor your demand of $46,710. With the information provided, I can offer **$3,416.50** to

22
23  settle the injury portion of your claim. Please know that $1,816.50 of the $3,416.50 has already

24  been submitted to your medical provider." This is the offer, attached hereto as "Exhibit 4," to

25  settle stripping Plaintiff of his livelihood and causing Plaintiff to miss once in a lifetime

26  moments. The Defendant's denial clearly violates O.C.G.A. §33-6-34(10)(5) stating, "When

27
28  requested by the insured in writing, failing in the case of claims denial or offers of compromise

COMPLAINT FOR DAMAGES PURSUANT TO OCGA 40-6-273, OCGA 33-6-30, OCGA 33-6-33, OCGA 33-6-34, OCGA 51-12-5.1(B) - 10

settlement to provide promptly a reasonable and accurate explanation of the basis for such actions. In the case of claims denials, such denials shall be in writing." And, "Compelling insureds or beneficiaries to institute suits to recover amounts due under its policies by offering substantially less than the amounts ultimately recovered in suits brought by them." Plaintiff rejected the contemptuous offer.

On October 12, 2021, Plaintiff submitted the 'Demand for Damages Pursuant to O.C.G.A. §33-6-30' letter to the Defendant via email to Tanika Belnavis, Charidy Russaw-Dorame, and Jaclyn Gildee. Plaintiff received an email on October 21, 2021, acknowledging receipt of the 'Demand for Damages Pursuant to O.C.G.A. §33-6-30' but neglecting to address any of the prohibited practices in which she engaged, then, persisting in her demonstration of contempt for the laws of the State of Georgia, particularly, the Unfair Claims Settlement Practice Act. Jaclyn Gildee responded in the email correspondence stating, "I have reviewed your new demand. I cannot honor your demand of $408,833.90. With the information provided, I can offer $3,416.50 to settle the injury portion of your claim...I will not be able to offer lost wages under the injury portion as well as we do not owe to double pay for lost wages..."

The refusal to acknowledge and refute specific merits violates O.C.G.A. §33-6-30 committing the prohibited practice of, "When requested by the insured in writing, failing in the case of claims denial or offers of compromise settlement to provide promptly a reasonable and accurate explanation of the basis for such actions..." as written in O.C.G.A. §33-6-34(10). Furthermore, the Defendant contradicts a prior email dated September 30, 2021, from Jaclyn Gildee stating, "Regarding your lost wages, I do not have documentation supporting your wage loss being claimed. Please feel free to submit any wage documentation (W-2, paystubs, etc.) you have to support your wages lost. Once I have this documentation, I will review it for possible lost

COMPLAINT FOR DAMAGES PURSUANT TO OCGA 40-6-273, OCGA 33-6-30, OCGA 33-6-33, OCGA 33-6-34, OCGA 51-12-5.1(B) - 11

1   wages amounts to be included in the offer." Then she communicates that Property Damage will

2   be covering lost wages, however, Plaintiff had not received a response to lost wages supporting

3
    documents emailed on September 10, 2021, to Charidy Russaw-Dorame mishandling the claim
4
5   until forty-two (42) days later, on October 22, 2021. The email correspondence grossly

6   manipulates financial figures with arbitrary "approx. business expenses" deductions, and a bogus

7   settlement timeframe of six weeks.

8           Throughout the months of August, September, October, and until present-day, the
9
    Defendant has habitually disregarded the merits and elements of every cause in demand letters
10
11  submitted by Plaintiff, failing to refute point-for-point specific objections to determinations

12  expressed in the demand letters. The Defendant neglected to acknowledge and apply monetary

13  compensation based on the merits of the demand with such frequency so as to indicate a general

14  business practice to engage in such conduct, violation O.C.G.A. §33-6-33. May the Court note,
15
    since the hit-and-run crime committed against Plaintiff in conjunction with the gross mishandling
16
17  of claim no. 046444805 by the Defendant, Plaintiff has essentially been forced into a dependent

18  status on the State of Georgia receiving minimal survival funds from unemployment benefits,

19  rental assistance, SNAPS, and the Georgia Crime Victims Compensation Program.

20          On February 15, 2022, Plaintiff filed 'Complaint for Damages Pursuant to OCGA
21
    40-6-273, OCGA 51-1-6' in the Superior Court of Fulton County Georgia against the
22
23  Defendant's insurance policy holder, Rose Thompson, attached hereto as "Exhibit 5." On March

24  17, 2022, Plaintiff received correspondence from the Defendant's adjuster, Stacey Cox,

25  confirming the failed effort to impose the derisive offer of $3,665.38 onto Plaintiff has been

26  returned, attached hereto as "Exhibit 6." Consistent with the investigation, results

27
    underperformed by the Defendant, Ms. Thompson failed to ever respond to the action filed and
28
    COMPLAINT FOR DAMAGES PURSUANT TO OCGA 40-6-273, OCGA 33-6-30, OCGA 33-6-33, OCGA 33-6-
    34, OCGA 51-12-5.1(B) - 12

served against her to the satisfaction of the Court. On April 20, 2022, Plaintiff filed 'Motion for Default Judgment Pursuant to GA. R. SUPER. CT. 15' against the Defendant's Insured. On September 20, 2022, trial was held in the Superior Court of Fulton County Georgia, Plaintiff's argument was presented and heard, the Defendant remained absent since the scene of the crime, and final judgment was ordered in favor of Plaintiff against the Insured, Rose Thompson.

Claims Resolution Specialists representing the Defendant, Stacey Cox and Reginald Hill, were notified in demand letters submitted via email of the final order against the Insured policy holder on September 22, 2022, and October 6, 2022, attached hereto as "Exhibit 7." The Defendant via Claims Resolution Specialists declined to ever return email to Plaintiff, neither superior, Nikki Sasso, returned phone calls from voicemail messages, nor honored the final judgment, nor any effort to settle this claim. The only defense the Defendant opts to pursue involves insulting the integrity of Georgia's Superior Courts, deflect from the hit-and-run crime, and deflect from the mishandling of the claim against the Insured.

The Defendant chose against cooperating and conversing or corresponding to settling with Plaintiff, opting to hire legal counsel on behalf of the Insured Defendant. Attached hereto as "Exhibit 8" is the correspondence received from the Defendant's legal representation on October 19, 2022, in response to demand letters to pay final order judgment. Plaintiff filed "Motion for Substitution of Party In Opposition of Motion to Vacate and Set Aside Judgment" on October 24, 2022, "Exhibit 9" attached hereto, against the Defendant's 'Motion to Vacate and Set Aside Judgment." The Superior Court of Fulton County Georgia communicated to both Defendant and Plaintiff that the Final Order judgment of September 20, 2022, **will stand** as final and the motions will not be heard.

### JUDGMENT AGAINST DEFENDANT

COMPLAINT FOR DAMAGES PURSUANT TO OCGA 40-6-273, OCGA 33-6-30, OCGA 33-6-33, OCGA 33-6-34, OCGA 51-12-5.1(B) - 13

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

IN CONSIDERATION OF THE AFOREMENTIONED CAUSES, ELEMENTS

AND MERITS OF THIS CASE PRESENTED, Plaintiff entreats the State Court of Fulton

Georgia to also consider the relevance of the explosive real estate and tourism industry

overwhelming longtime residents of this State. Drastically higher crime rates and auto-related

incidents, both suffered by Plaintiff in this case, are attributed to over 50 million annual visitors

to the City of Atlanta, and over 100 million visitors to the State of Georgia annually as recorded

and reported by a myriad of local and state agencies. Residents of the State of Georgia are

finding themselves vulnerable to this impressive volume of travelers and visitors, and so, rely

heavily upon the enacted State laws and the enforcement of these laws by our Courts put in place

to secure and protect persons and property against local, and especially, nonlocal threats to the

functionality of our community.

Plaintiff does not purport to be an attorney or legal professional, but to the

contrary, simply a longtime, tax-paying resident fighting for his life with no means since a crime

was committed against him, and praying the Court enforces the laws enacted to protect and

secure such residents. Plaintiff even faces eviction evinced by "Exhibit 10" as amplified

repercussions of the Defendant's negligent practices.

Plaintiff asks this Court to consider the financial burden the Defendant has

deflected to the State when the Georgia Crime Victims Compensation Program awarded the

Plaintiff funds for relief stating, "After careful review…It is our hope that these funds will assist

with easing some of the financial burden that has resulted from being an innocent victim of a

violent crime." The award issued from the State of Georgia included terms and conditions that

obligate Plaintiff to take this legal action against the Defendant. The award letter states,

"Acceptance of an award…based on damages from a criminal act shall constitute an agreement

COMPLAINT FOR DAMAGES PURSUANT TO OCGA 40-6-273, OCGA 33-6-30, OCGA 33-6-33, OCGA 33-6-34, OCGA 51-12-5.1(B) - 14

on the part of the recipient reasonably to pursue any and all civil remedies..." O.C.G.A. §17-15-12(b).

Plaintiff entreats this Court to honor its fiduciary duty to uphold established law and order by finding the Defendant to be in contempt of the State of Georgia whilst violating the Unfair Claims Settlement Practices Act as explicitly expressed in O.C.G.A. §33-6-30, O.C.G.A. §33-6-33, and O.C.G.A. §33-6-34; as well as, demonstrating contempt for the residents of the State of Georgia whilst violating the Unfair Claims Settlement Practices Act warranting punitive damages according to O.C.G.A. §51-12-5.1(b).

Due to the causes bringing forth claim number 046444805 and the gross mishandling of said claim bringing forth this civil action against the Defendant, Liberty Mutual Personal Insurance Company, Plaintiff prays for relief by Judgment and Final Court Order. In the State Court of Fulton County, Georgia, Plaintiff implores the Court to review, interpret, and determine the fact the Defendant, Liberty Mutual Personal Insurance Company, has perpetually engaged in specific prohibited practices conducted and facilitated by Jaclyn Gildee, Charidy Russaw-Dorame, Tanika Belnavis, Stacey Cox, Reginald Hill and Nikki Sasso, all varying levels of claims adjusters employed by the Defendant mishandling claim number 046444805.

The Defendant has absolutely and unequivocally failed to answer and justify offering a difference of -$284,239.08 less than what a Superior Court Judge determined the damages are worth. Plaintiff seeks judgment in accordance with the demand letter submitted to and responded by the Defendant dated October 6, 2022, upholding the Final Order judgment of the Superior Court of Fulton County of $287,655.58. In addition, demanded of the Defendant, Plaintiff seeks the maximum award of $250,000.00 in punitive damages for the blatant contempt of laws enacted by this State to protect and secure its residents as explicitly expressed pursuant to

COMPLAINT FOR DAMAGES PURSUANT TO OCGA 40-6-273, OCGA 33-6-30, OCGA 33-6-33, OCGA 33-6-34, OCGA 51-12-5.1(B) - 15

1    O.C.G.A. §33-6-30, O.C.G.A. §33-6-33, O.C.G.A. §33-6-34, and O.C.G.A. §51-12-5.1(b).

2    HEREIN and HEREBY this civil action in the State Court of Fulton County,

3    relief for the accumulation of damages suffered by the Plaintiff is requested in the judgment

4

5    award amount of **$287,655.58** representing compensatory damages according to the final order

6    of the Superior Court of Fulton County, civil action no. 22022CV360742, and **$250,000.00**

7    representing punitive damages against the Defendant in favor of the Plaintiff for clear and

8    explicit violations of Georgia's Unfair Claims Settlement Practices Act.

9

10

11    Respectfully submitted,

12

13    Dated this 22nd day of November, 2022.

14

15

16

17    _____

18    Shaun Chappell, Plaintiff *In Pro Se* /s/

19

20

21

22    :Attachments

23

24

25

26

27

28    COMPLAINT FOR DAMAGES PURSUANT TO OCGA 40-6-273, OCGA 33-6-30, OCGA 33-6-33, OCGA 33-6-34, OCGA 51-12-5.1(B) - 16

# EXHIBIT
# 1

| Agency Case Number **2021010767** | Agency NCIC Number **GA0607200** | GEORGIA MOTOR VEHICLE CRASH REPORT | County **FULTON** | Date Rec. By GDOT |
|---|---|---|---|---|

**Estimated Crash** Date 08/02/2021 Time 21:40 | **Dispatch** Date 08/02/2021 Time 21:40 | **Arrival** Date 08/02/2021 Time 21:52 | Vehicles **2** | Total Number Of: Injuries **0** Fatalities **0** | Inside City Of: **SOUTH FULTON**

Road of Occurrence **OLD NATIONAL HWY**    At Its Intersection With **PLEASANT HILL RD**

☐ Corrected Report
☐ Suppl. To Original

Not At Its Intersection But ___ ☐ Miles ☐ Feet  ☐ North ☒ South  ☒ East ☐ West   Of: ___

☒ Hit and Run?

Latitude (Y) **+33.3559** (Format) 00.00000    Longitude (X) **-84.2816** (Format) -00.00000

Unit # **1** ☒ Driver ☐ Ped ☐ Bike ☐ Susp At Fault  LAST NAME  FIRST  MIDDLE  Address  City State Zip DOB

Unit # **2** ☒ Driver ☐ Ped ☐ Bike ☐ Susp At Fault  LAST NAME **CHAPPELL, SHAUN BOOKER-T**  Address **1284 JANDRAS LN SE**  City **ATLANTA** State **GA** Zip **30316-** DOB /1983...

Driver's License No. Class State Country **US** | No. Class **CM** State **GA** Country **US**

Insurance Co. **NO INSURANCE** Policy No. **NO INSURANCE** Telephone No. | Insurance Co. **GEICO GENERAL** Policy No. **4543589420** Telephone No. **(321) 917-3110**

Year **2018** Make **NISS** Model **SENTRA** | Year **2012** Make **TOYT** Model **PRIUS**

Vehicle Color **WHI** | Vehicle Color **GRAY**

State **FL** County **WALTON** Year **2021** | State **GA** County **FULTON** Year **2022**

Trailer Tag # State County Year | Trailer Tag # State County Year

☐ Same as Driver Owner's Last Name **BELL., JAKERIA M** First Middle | ☒ Same as Driver Owner's Last Name **CHAPPELL, SHAUN BOOKER-T** First Middle

Address City State **FL** Zip **32547-** | Address **SE** City **ATLANTA** State **GA** Zip **30316-**

Removed By **GRAY'S TOWING** ☐ Request List | Removed By **DRIVER** ☐ Request List

Alcohol Test **2** Type Results Drug Test **2** Type Results | Alcohol Test **2** Type Results Drug Test **2** Type Results

First Harmful Event: **11** Most Harmful Event: **11** Operator/Ped Cond: **2** | First Harmful Event: **11** Most Harmful Event: **11** Operator/Ped Cond: **1**

Operator Contributing Factors: **3** | Operator Contributing Factors: **1**

Vehicle Contibuting Factors: **1** Roadway Contributing Factors: **1** | Vehicle Contributing Factors: **1** Roadway Contributing Factors: **1**

Direction of Travel: **2** Vehicle Maneuver: **5** Non-Motor Maneuver: | Direction of Travel: **2** Vehicle Maneuver: **5** Non-Motor Maneuver:

Vehicle Class: **1** Vehicle Type: **1** Vision Obscured: **1** | Vehicle Class: **1** Vehicle Type: **1** Vision Obscured: **1**

Number of Occupants **1** Area of Initial Contact: **12** Damage to Veh: **4** | Number of Occupants **1** Area of Initial Contact: **6** Damage to Veh: **4**

Traffic-Way Flow: **1** Road Comp: **2** Road Character: **1** | Traffic-Way Flow: **1** Road Comp: **2** Road Character: **1**

Number of Lanes: **2** Posted Speed: **45** Work Zone: **0** | Number of Lanes: **1** Posted Speed: **45** Work Zone: **0**

Traffic Ctrl **2** Device Inoperative? ☐ Yes ☒ No | Traffic Ctrl **2** Device Inoperative? ☐ Yes ☒ No

Citation Information: Citation # ___ O.C.G.A. § ___ (×3) | Citation Information: Citation # ___ O.C.G.A. § ___ (×3)

**COMMERCIAL MOTOR VEHICLES ONLY**

Carrier Name / Address City State Zip / U.S. D.O.T. # / No. of Axles / G.V.W.R. / Cargo Body Type / Vehicle Config. / Interstate ☐ Intrastate ☐ / Fed. Reportable ☐ Yes ☐ No / C.D.L.? ☐ Yes ☐ No / C.D.L. Suspended? ☐ Yes ☐ No / Vehicle Placarded? ☐ Yes ☐ No / Hazardous Materials? ☐ Yes ☐ No / Haz Mat Released? ☐ Yes ☐ No (both sides)

☐ Ran Off Road ☐ Down Hill Runaway ☐ Cargo Loss or Shift ☐ Separation of Units (both sides)

GDOT-523 (07/17)

## COLLISION FIELDS

| Manner of Collision: 3 | Location at Area of Impact: 7 | Weather: 1 | Surface Condition: 1 | Light Condition: 4 |
|---|---|---|---|---|

## NARRATIVE

Both vehicles were traveling South on Old National Hwy.

Vehicle 1 struck vehicle 2 to the rear. The driver of vehicle 1 then fled the scene on foot.

Vehicle 1 sustained disabling front-end damages and was towed by gray`s towing.

No injuries reported.

See abandonment report

\* \* Continued \* \*

## DIAGRAM

Indicate North ◯

## PROPERTY DAMAGE INFORMATION

| Damage Other Than Vehicle: | Owner: |
|---|---|

## WITNESS INFORMATION

| Name (Last, First) | Address | City | State | Zip Code | Telephone Number |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |

## OCCUPANT INFORMATION

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 1 | Name (Last, First): | | | | | Address | | | |
| | Age: | Sex: | Unit # 1 | Position: 1 | Safety Eq: 8 | Ejected: 1 | Extricated: 2 | Air Bag: 1 | Injury: 0 | Taken for Treatment: 2 |
| | Injured Taken To: | By: | | EMS Notified Time (Fatality Only): | EMS Arrival Time (Fatality Only): | Hospital Arrival Time (Fatality Only): |
| 2 | Name (Last, First): CHAPPELL, SHAUN BOOKER-T | | | | | Address | | | |
| | Age: 38 | Sex: M | Unit # 2 | Position: 1 | Safety Eq: 8 | Ejected: 1 | Extricated: 2 | Air Bag: 2 | Injury: 0 | Taken for Treatment: 2 |
| | Injured Taken To: | By: | | EMS Notified Time (Fatality Only): | EMS Arrival Time (Fatality Only): | Hospital Arrival Time (Fatality Only): |
| 3 | Name (Last, First): | | | | | Address | | | |
| | Age: | Sex: | Unit # | Position: | Safety Eq: | Ejected: | Extricated: | Air Bag: | Injury: | Taken for Treatment: |
| | Injured Taken To: | By: | | EMS Notified Time (Fatality Only): | EMS Arrival Time (Fatality Only): | Hospital Arrival Time (Fatality Only): |
| 4 | Name (Last, First): | | | | | Address | | | |
| | Age: | Sex: | Unit # | Position: | Safety Eq: | Ejected: | Extricated: | Air Bag: | Injury: | Taken for Treatment: |
| | Injured Taken To: | By: | | EMS Notified Time (Fatality Only): | EMS Arrival Time (Fatality Only): | Hospital Arrival Time (Fatality Only): |

## ADMINISTRATIVE

Photos Taken: ☐ Yes  ☒ No   By:

Officer Note: If collision resulted in a fatality, please send prompt notification to the GDOT Crash Reporting Unit via either email at GeorgiaFARS@dot.ga.gov or Fax at (404) 635-2963.

| Report By: BELL, O. | Agency: SOUTH FULTON | Report Date: 08/02/2021... | Checked By: WOOD, L. | Date Checked: 08/04/2021... |
|---|---|---|---|---|

GDOT-523 (07/17)   MAIL TO: Georgia Department of Transportation, CRASH REPORTING UNIT, 935 East Confederate Ave., Atlanta, GA 30316-2590

# EXHIBIT
# 2

## IN THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| SHAUN CHAPPELL | § | CIVIL ACTION FILE NO.: |
| *Petitioner* | § | 2022CV360742 |
| and | § | |
| ROSE THOMPSON | § | |
| *Respondent* | § | |

### FINAL ORDER

This matter is before the Court on September 20, 2022, on the Petitioner's *Complaint, Motion for Default Judgment* and *Amended Exhibits in Support of Motion for Default Judgment*. After a review of the related pleadings the Court finds as follows:

This matter arises out of an automobile accident which occurred on August 21, 2021. The Petitioner was injured as a result of the accident by the Defendant who fled the scene. The Petitioner was able to ascertain that the Defendant was insured and lived in the State of Florida. Service was perfected on the Defendant by O.C.G.A. §40-12-2. The Defendant failed to answer. The Defendant submitted evidence to support his claim that he was unsuccessful in receiving just compensation from the insured Defendant through her insurance company and has suffered loss in income, property damage, pain and suffering. The Defendant submitted the following into evidence:

| | |
|---|---|
| Loss of 2012 Toyota Prius | $7,892.00 |
| Loss of Wages | $34,398.32 |
| Twisted Spine Rehabilitation-College Park | $2,595.00 |
| FirstKey Homes Rent | $5,823.64 |
| Atlanta Motor Gallery 2013 Nissan Juke Purchase | $5,550.00 |
| **Total** | **$56,208.96** |

The Petitioner prayed for punitive damages five times the amount of the damages he incurred due to the insured Defendant's willful misconduct. This amount is more than the maximum amount of $250,000.00 which can be awarded under O.C.G.A. §51-12-5.1(g). The Petitioner presented evidence that he received a payment of $10,000.00 from the Georgia Crime Victims Compensation Program, a payment of $4,888.00 from the State of Georgia Unemployment Insurance Fund and $3,665.38 from

Liberty Mutual Insurance for lost wages. As such, the Court makes an award in this matter of $250,000.00 for the Defendant's willful misconduct pursuant to O.C.G.A. 51-12-5-1(g) in punitive damages. The Court awards $56,208.96 in compensatory damages minus $18,553.38 received in compensation for a total amount of $37,655.58 pursuant to O.C.G.A. §51-12-2 *et seq*.

**IT IS HEREBY ORDERED** that the Petitioner's *Motion for Default Judgment* is granted. The Petitioner is entitled to a judgment in the of $37,655.58 representing compensatory damages and $250,000.00 representing punitive damages.

**SO ORDERED this 20th day of September, 2022.**

**Honorable BELINDA E. EDWARDS**
Superior Court of Fulton County
Atlanta Judicial Circuit

Copies by efile

# EXHIBIT
# 3



**Liberty Mutual Insurance**

Presidential Service Team
175 Berkeley Street
Boston, MA 02116
Phone: (469) 997-2863
Fax: (603) 422-7900

August 24, 2021

Ms. Menase Zewde
Georgia Office of Insurance & Safety Fire Commissioner
Consumer Services Division
7th Floor, West Tower
2 Martin Luther King, Jr. Drive
Atlanta, GA 30334

Re:   **Complainant:** Shaun Chappell
      **Named Insured:** Rose Thompson
      **DOI Complaint Number:** 555253443
      **Date of Loss:** 8/2/2021
      **Claim Number:** 046444805
      **Personal Automobile Policy Number:** AOV25108838090
      **Company, NAIC #:** Liberty Mutual Personal Insurance Company NAIC 0111-12484

Dear Menase Zewde,

This letter is written in response to the August 16, 2021, correspondence received by our Presidential Service Team regarding the above referenced file.

According to the explanation included in the written complaint, Mr. Chappell, has expressed concerns regarding delays and our liability determination for the above-captioned automobile claim.

**The Result of our Review:**

On August 2, 2021, we received notice of this loss. The claimant reported that he was rear-ended by the insured's vehicle while stopped at a bus stop. On this same date, we spoke with the claimant to obtain additional information regarding this loss. The claimant reported that was unable to identify the driver of the insured's vehicle and advised that the driver may have fled the scene of the accident on foot after the loss occurred.

On August 6, 2021, our claims team spoke with the insured regarding the facts of loss. The insured reported that her vehicle was stolen the morning before the loss occurred. On August 16, 2021, a reservation of right letter was sent to the insured requesting additional information to complete our coverage investigation. On August 23, 2021, we spoke the claimant and advised him that coverage is still pending and would contact him once our coverage review has been completed. As of this time, we are currently awaiting additional information be provided by the insured to complete our coverage investigation.

While we do regret the claimant's dissatisfaction with the claim experience, our review shows that the claim handling and responses have been handled in a timely manner.

In closing, I hope this letter clarifies our reasoning and provides clarity to Mr. Chappell's concerns. If you have any additional questions, please do not hesitate to contact me.

Respectfully,

Christopher Porter
Senior Customer Advocate
Phone (469) 997-2863
E-Mail: Christopher0980.porter@libertymutual.com

Enclosures: CONFIDENTIAL AND PROPRIETARY-NOT FOR DISTRIBUTION
Reservation of rights letter





August 16, 2021

Rose Thompson
2 Allen Dr
Fort Walton Beach FL 32547-2102

| Insured: | Rose Thompson |
|---|---|
| Claimant: | Shaun Chappell |
| Claim Number: | LA000-046444805-03 |
| Date of Loss: | 08/02/2021 |
| Policy Number: | AOV-251-088380-90 |

**CONTACT US**

**By Phone**
Direct:    (469) 997-3419
Toll Free: (800) 225-2467
Ext.        73021
Fax:        (888) 268-8840

**By E-mail**
jaclyn.gildee@
libertymutual.com

**Liberty Mutual Personal Insurance Company**
P.O. Box 5014
Scranton, PA 18505-5014

**Visit us online**
LibertyMutual.com

**About Claims Process**
Libertymutual.com/claims-insurance/about-claims-process

**Mobile**
Scan QR Code with your iPhone or Android smartphone to download the claims app or download a free reader app at www.i-nigma.mobi

Dear Rose Thompson,

We have received a claim arising from the accident that occurred on August 2, 2021. We are handling this case under the following reservation of rights.

While we have attempted to address all coverage considerations related to this claim, Liberty Mutual reserves all rights under applicable law and the policy, including the right to raise additional coverage defenses in the future, the right to withdraw its defense based on future coverage determinations or your failure to comply with your duties under the policy, and the right to seek a judicial determination of our duties under the policy through declaratory action or otherwise.

Liberty Mutual reserves its right to withdraw your defense or deny indemnity coverage if it is determined that your failure to timely report this claim or cooperate in the defense of this claim has prejudiced our rights.

Liberty reserves all rights under the applicable law and policy. This letter should in no way be construed as a waiver of estoppel of any possible coverage defenses afforded by the policy or applicable laws.

We have been trying to make voice to voice contact with you concerning the above mentioned accident. However, you have failed to respond to our attempts to contact you.

Please be reminded that your policy requires you to cooperate with us completely. Please refer to your automobile policy:



PART E - DUTIES AFTER AN ACCIDENT OR LOSS

We have no duty to provide coverage under this policy unless there has been full compliance with the following duties:

A. We must be notified promptly of how, when and where the accident or loss happened. Notice should also include the names and addresses of any injured persons and of any witnesses.

B. A person seeking any coverage must:

1. Cooperate with us in the investigation, settlement or defense of any claim or suit.

2. Promptly send us copies of any notices or legal papers received in connection with the accident or loss.

3. Submit, as often as we reasonably require: a. to physical exams by physicians we select. We will pay for these exams. b. to examination under oath and subscribe the same.

4. Authorize us to obtain: a. medical reports; and b. other pertinent records.

5. Submit a proof of loss when required by us.

If you do not contact us within 7 days of the date of this letter, we will evaluate the claim with the information we have available and proceed with handling of this claim in accordance with the terms of your policy.

Please contact me at 469-997-3419 or Jaclyn.Gildee@libertymutual.com as soon as possible to discuss the claim.

Sincerely,
Jaclyn Gildee
Claims Department

# EXHIBIT
# 4

From: **GILDEE, JACLYN** JACLYN.GILDEE@libertymutual.com
Subject: **RE: Claim#:046444805-03 – Inbound: demand and PST**
Date: **Sep 30, 2021 at 5:29:42 PM**
To: **S C** shaun.chappell@me.com

---



Hi Shaun,

I have reviewed your demand. I cannot honor your demand of $46,710. With the information provided, I can offer $3,416.50 to settle the injury portion of your claim. Please know that $1,816.50 of the $3,416.50 has already been submitted to your medical provider. Your medical provider reduced the bill to $1,816.50. Once they receive the check submitted today, your balance on that bill with be zeroed out. I have sent you a copy of the check via mail as well for your records.

Regarding your lost wages, I do not have documentation supporting your wage loss being claimed. Please feel free to submit any wage documentation (W-2, paystubs, etc.) you have to support your wages lost. Once I have this documentation, I will review it for possible lost wage amounts to be included in the offer.

I appreciate your time. If you have any questions, please do not hesitate to call or email me.

**Jaclyn Gildee**
Claims Resolution Specialist III

GRM - Casualty

Safeco and Liberty Mutual Claims
PO Box 5014
Scranton, PA 18505-5014
Direct Number: 469-997-3419
Fax: 603-334-8181 Attn: Your Claim Number
Business Hours: Monday – Thursday 7:00 AM – 4:15 PM CST and Friday 7:00 AM to 11:00 AM CST
Great news!!! You can now opt in for claim updates VIA 2 way text message.  Click here to send me an email to opt in. Please include your claim number and the best number to reach you VIA text.
All Liberty Mutual Claims Employees are currently working from home to protect themselves and others. For faster claims processing and to *avoid any current delays with USPS mail services*, we strongly encourage you to send all correspondence by email or Sharefile.
For the fastest service during normal business hours, ask me how we can message via 2-way Text!
*To learn more about Liberty Mutual's privacy policy, go to www.libertymutual.com/privacy.*

Policy underwritten by **Liberty Mutual Personal Insurance Company**
© 2021 Liberty Mutual Insurance Company, 175 Berkeley Street, Boston, MA 02116

**From:** GILDEE, JACLYN <JACLYN.GILDEE@libertymutual.com>
**Sent:** Thursday, September 23, 2021 3:20 PM
**To:** sapipCLMEZ4 <sapipCLMEZ4@LibertyMutual.com>
**Subject:** Claim#:046444805-03 – Inbound: demand and PST

---

**From:** S C <shaun.chappell@me.com>
**Sent:** Tuesday, September 21, 2021 8:16:34 PM

# EXHIBIT
# 5

Shaun Chappell
1284 Jandras Lane
Atlanta, GA 30316
Email | shaun.chappell@me.com
In Pro Se

IN THE SUPERIOR COURT OF FULTON COUNTY

STATE OF GEORGIA

SHAUN CHAPPELL,

      Plaintiff,

vs.

ROSE THOMPSON,

      Defendant

Case No.:   2022CV360742

COMPLAINT FOR DAMAGES PURSUANT TO | O.C.G.A §40-6-273, O.C.G.A §51-1-6

**COMPLAINT**

This complaint for damages against the above-named Defendant addresses the grievances suffered and continuing to be suffered by Plaintiff, the Claimant of Claim No. 046444805 arising out of the hit-and-run crime committed against Plaintiff on August 2, 2021, supported by "**Exhibit 1**" attached hereto, and grossly mishandled by Liberty Mutual Insurance claims adjusters causing an amplification of the repercussions of the crime on the life of Plaintiff. Jaclyn Gildee, Charidy Russaw-Dorame, Tanika Belnavis, Christopher Porter, and Ashley Wood, amongst others, collectively represent members of the Claim Adjustment Team, or CAT, hereinafter, for the sake of this action and any additional legal proceedings. Liberty Mutual Insurance Company's CAT responsible for the mishandling of Claim No. 046444805 has demonstrated blatant and shameless disregard for the rules and laws explicitly expressed in The Official Code of Georgia Annotated, also known as O.C.G.A., requiring absolute compliance to legally conduct business in the State of Georgia. This Complaint entreats this Honorable Court

COMPLAINT FOR DAMAGES PURSUANT TO | O.C.G.A §40-6-273, O.C.G.A §51-1-6 - 1

for damages to be paid by order of judgment against the Defendant for failure to fulfill legal obligation to cooperate with Liberty Mutual Insurance Company throughout their internal investigation process according to the correspondence dated and sent August 16, 2021, and attached hereto as "**Exhibit 2**." Liberty Mutual Insurance Company accepted full at-fault liability on September 2, 2021, in a voicemail message received by Plaintiff.

Plaintiff accepted a vehicle valuation conducted by Liberty Mutual property damage adjusters led by Charidy Russaw-Dorame totaling $7,892.00 USD. Per initial request from the Property damage department and affirmed by the Bodily Injury department, lost wages supporting documents including paystubs were submitted on September 8, 2021, with no objection. Also on September 8, 2021, the requested supporting documents were resubmitted to the Bodily Injury department. Claims Adjuster, Jaclyn Gildee, confirmed in a text message established through Liberty Mutual communication service options on August 6, 2021 at 2:19pm, "*I received the one email with the dropbox link. It worked. Thank you. I will reach out to you as soon as possible with an update.*" Ms. Gildee acknowledged the successful access to supporting documents uploaded to the dropbox link created by Plaintiff, and then goes on for several weeks to come claiming to not have received any supporting documentation for the claim. Plaintiff suffered an averaged loss of $15,985.38 USD over the months of August, September, and October in lost wages from the crime and continue to lose wages today. Plaintiff was invoiced by Twisted Spine Rehabilitation for $2,595.00 USD in chiropractic treatment. Plaintiff demands five times the compensatory damages cost for pain and suffering totaling $132,361.90 USD, in addition to the compensatory costs totaling $26,472.38 USD. The specific monetary amount required to satisfy this Demand for Damages reflects the total sum of the compensatory damages including vehicle valuation, lost wages, medical expenses, pain and suffering totaling $158,834.28 USD.

COMPLAINT FOR DAMAGES PURSUANT TO | O.C.G.A §40-6-273, O.C.G.A §51-1-6 - 2

## JURISDICTION AND VENUE

Pursuant to O.C.G.A. §40-12-3. Venue of Actions Against Nonresidents, the Superior Court of

Fulton County has jurisdiction to preside over this case according to the following written law,

"All actions brought under this chapter relating to the use of the highways of this state by

**nonresident motorists** shall be brought **in the county** in which the **accident or injury** occurred

or the cause of action originated, or in the county of the residence of the plaintiff, as the plaintiff

in such action may elect, if the **plaintiff** in such action is a **resident** of the **State of Georgia**."

## EXECUTION OF SERVICE OF PROCESS

Pursuant to O.C.G.A. §40-12-1(a). Appointment of Secretary of State as agent for service of

process on nonresidents, the Secretary of State of Georgia has been **served** according to the

following written law, "The acceptance by any nonresident of this state, whether a person, firm,

or corporation, of the rights and privileges conferred by the laws now or hereafter enforced in

this state permitting the **operation of motor vehicles**, as evidenced by the operation of a motor

vehicle by any such **nonresident anywhere** within the **territorial limits of this state**, shall be

deemed equivalent to the appointment by such **nonresident** of the **Secretary of State of**

**Georgia**, or his successor in office, to **be his true and lawful attorney** in fact upon whom may

be served **all summonses** or **other lawful processes** in **any action** or **proceeding against** any

such nonresident growing out of any accident or collision in which any such nonresident may be

involved by reason of the operation by him, for him, or under his control or direction, express or

implied, of a motor vehicle anywhere within the territorial limits of the State of Georgia, and said

acceptance or operation shall be a signification of his agreement that any such process against

him shall be of the **same legal force** and **validity** as **if served upon him personally**." Pursuant

to O.C.G.A. §40-12-2. How service on nonresident made states, "Service of process upon a

COMPLAINT FOR DAMAGES PURSUANT TO | O.C.G.A §40-6-273, O.C.G.A §51-1-6 - 3

1   nonresident pursuant to Code Section 40-12-1 shall be made by serving a copy of the complaint

2   or other pleading with summons attached thereto on the Secretary of State, his duly authorized

3
4   agent, or his successor in office, along with a copy of the affidavit to be submitted to the court

5   pursuant to this Code section."

6                                    **LEGAL AUTHORITY**

7           Plaintiff seeks damages supported by The Official Code of Georgia Annotated §40-6-273

8   stating, "The driver of a vehicle involved in an accident **resulting in injury** to or death of any
9
10  person or **property damage** to an apparent extent of $500.00 or more shall immediately, by the

11  **quickest means of communication, give notice of such accident to the local police**

12  **department** if such accident occurs within a municipality. If such accident occurs outside a

13  municipality, such notice shall be given to the office of the county sheriff or to the nearest office

14  of the state patrol."

15          Furthermore, The Official Code of Georgia Annotated §51-1-6 supports Plaintiff stating,
16
17  "When the law requires a person to perform an act for the benefit of another or **to refrain from**

18  **doing an act which may injure another**, although **no cause of action is given in express**

19  **terms, the injured party may recover for the breach of such legal duty if he suffers damage**

20  **thereby**." Plaintiff suffered significant injury and property damage from the accident

21  compounded by the Defendant's failure to give any notice or engage in any communication, and
22
23  so, failing to refrain from doing an act causing injury to Plaintiff whilst breaching legal duty.

24  Defendant was allotted an additional twenty-one days to satisfy demand resulting in default.

25                              **JUDGMENT AGAINST DEFENDANT**

26  IN CONSIDERATION OF THE AFOREMENTIONED CAUSES AND ELEMENTS, the
27
28  Plaintiff requests the Superior Court of Fulton County to also consider the relevance of the

COMPLAINT FOR DAMAGES PURSUANT TO | O.C.G.A §40-6-273, O.C.G.A §51-1-6 - 4

explosive tourism industry overwhelming residents of this State. Drastically higher crime rates and auto-related incidents, both suffered by Plaintiff in this case, are attributed to over 50 million annual visitors to the City of Atlanta, and over 100 million visitors to the State of Georgia annually as recorded and reported by a myriad of local and state agencies. Residents of the State of Georgia are finding themselves vulnerable to this impressive volume of tourists, and so, rely heavily upon the enacted State laws and the enforcement of these laws by our Courts put in place to secure and protect persons and property against local, and especially, nonlocal threats to the functionality of our community.

May the Court empathize with the Plaintiff when considering the chain reaction of financial impediments adversely affecting Plaintiff's life due to the mishandling of claim no. LA000-046444805-03. Being stripped of means to earn an income since August 2, 2021, Plaintiff lost the capacity to timely make credit card payments, if at all, rent, and utility payments causing the credit profile of Plaintiff to plummet over the last few months. Plaintiff struggles for foundational, survival resources. The Defendant aims to suggest that the financial repercussions suffered by Plaintiff over the months should be deemed separate incidences unrelated to the hit-and-run crime, but such an assertion is absurd when reasonably observing the order of events. Plaintiff asks this Honorable Court to consider the financial burden the Defendant has deflected to the State when the Georgia Crime Victims Compensation Program awarded the Plaintiff funds for relief stating, "After careful review… It is our hope that these funds will assist with easing some of the financial burden that has resulted from being an innocent victim of a violent crime." The award issued from the State of Georgia included terms and conditions that obligate Plaintiff to take this legal action against the Defendant, attached hereto as "**Exhibit 3**." The award letter states, "Acceptance of an award…shall subrogate the state, to the extent of such award, to any

COMPLAINT FOR DAMAGES PURSUANT TO | O.C.G.A §40-6-273, O.C.G.A §51-1-6 - 5

right or right of action occurring to the claimant or the victim to recover payments..." O.C.G.A.

§17-15-12(a), and, "Acceptance of an award...based on damages from a criminal act shall

constitute an agreement on the part of the recipient reasonably to pursue any and all civil

remedies..." O.C.G.A. §17-15-12(b).

Plaintiff entreats the Superior Court of Fulton County to honor its fiduciary duty to uphold

established law and order by finding the Defendant to be in contempt of the State of Georgia

whilst violating O.C.G.A. §40-6-273 and O.C.G.A. §51-1-6. Due to the causes of action arising

out of Liberty Mutual claim number 046444805, that brought forth this legal action against the

Defendant, Plaintiff prays for relief by Judgment and Court Order.

In the Superior Court of Fulton County in the State of Georgia, Plaintiff implores this Court to

review, interpret, and reach the determination of the fact that the Defendant engaged in specific

prohibited actions as evinced in the attached exhibits. Hereby, and herein, this Complaint for

Damages pursuant to O.C.G.A. §40-6-273 and O.C.G.A. §51-1-6, Plaintiff seeks judgment that

satisfies compensatory damages according to records supporting the amount of **$158,833.90**

USD (One Hundred Fifty-eight Thousand Eight Hundred Thirty-three Dollars and Ninety Cents.

Plaintiff brings forth this suit in the Superior Court of Fulton County to execute judgment against

the Defendant, in favor of the Plaintiff, to be awarded compensation for all damages to be paid

by the Defendant.

Respectfully submitted,

Dated this 7th day of **February 2022**.

Shaun Chappell, *In Pro Se*

COMPLAINT FOR DAMAGES PURSUANT TO | O.C.G.A §40-6-273, O.C.G.A §51-1-6 - 6

# EXHIBIT
# 6

From: **Cox, Stacey Stacey.Cox@LibertyMutual.com**

Subject: **Claim Details – Claim#:046444805-02**

Date: **17 March 2022 at 4:44:34**

To: **S C shaun.chappell@me.com**




**INSURANCE**

Good Morning Shaun,

I hope you are doing well.  I'm reaching out to let you know payment issued to you on 11/18/21 in the amount of $3,665.38 was returned back to us as undeliverable.  This payment was sent to 1284 Jandrive Lane, Atlanta, GA 30316.  Please respond as soon as possible with the correct address to re-send the payment to you.  Thank you.

For more information about your claim, please visit your online account or contact me.

Sincerely,

**Stacey Cox**



Policy underwritten by **Liberty Mutual Personal Insurance Company**

© 2022 Liberty Mutual Insurance Company, 175 Berkeley Street, Boston, MA 02116

Sincerely,

**Stacey Cox**

Claims Resolution Specialist, APD
Liberty Mutual Insurance & Safeco Insurance

P.O. Box 5014
Scranton, PA 18505-5014

Phone: (407) 430-4947
Fax: 888-268-8840

# EXHIBIT
# 7

Liberty Mutual Personal Insurance Company

175 Berkeley Street   Boston, Massachusetts 02116

September 22, 2022

Re: **Notice of Judgment and Final Order of Fulton County Superior Court**

Greetings Mr. Reginald Hill,

I was forwarded to you by Ms. Stacey Cox regarding matters pertaining to Claim #046444805 arising out of the hit-and-run auto accident committed on August 2, 2021. Surpassing over a one-year period without resolve led to legal action against the Insured. Please find court order attached.

The damages award includes $250,000.00 in pain and suffering compensation as a result of the Insured's failure to cooperate with the investigation of the claim, further delaying resolve, and exacerbating repercussions suffered by the Claimant. Please be advised, Claimant continues to suffer from delays in achieving settlement resolution with Liberty Mutual Personal Insurance Company.

This correspondence serves as notice of judgment and final order entered against the Insured for a total sum of $287,655.58. This judgment does not reflect Liberty Mutual Personal Insurance Company's multiple violations of O.C.G.A. 33-6-30, Georgia's Unfair Claims Settlement Practices Act. Further delay to satisfy payment according to the judgment and court order against the Insured in full will result in legal action against the insurance provider, Liberty Mutual Personal Insurance Company, for damages awarded in favor of Claimant against the Insured, and pain and suffering damages in an amount not exceeding $250,000.00 against the insurance provider for multiple violations of O.C.G.A. 33-6-30 delaying resolve causing further infliction of emotional distress among other consequences and repercussions.

Please advise of method to remit payment or manner in which to proceed.

Sincerely,

Shaun Chappell
Claimant

6087 Camden Forrest Drive   Riverdale, GA 30296

Email: shaun.chappell@me.com

Liberty Mutual Personal Insurance Company

175 Berkeley Street   Boston, Massachusetts 02116

October 6, 2022

Re: **Final Notice of Judgment and Final Order | Payment Demand**

Greetings Mr. Reginald Hill,

To reiterate, I was forwarded to you by Stacey Cox regarding matters pertaining to Claim #046444805 arising out of the hit-and-run auto accident committed on August 2, 2021. It has now passed 13 months since Liberty Mutual Personal Insurance Company has accepted full at-fault liability for this claim. Even still, claim adjusters have failed to settle this claim after a final court order has been issued against the Insured.

Mr. Hill, you made a verbal commitment on an answered call to (469) 997-2850 on or about Thursday, September 29, 2022, that I, the Claimant, would be receiving a follow-up call from you by Wednesday, October 5, 2022, regardless of the determination from your manager, Nikki Sasso, to whom you forwarded the demand letter and final order from the Superior Court of Fulton County. I have not received such a returned, follow-up call from either you, nor Nikki Sasso, to settle the claim causing continued delays in resolve and continued suffering from exacerbated repercussions upon the life of Claimant.

The damages award includes $250,000.00 in pain and suffering compensation as a result of the Insured's failure to cooperate with the investigation of the claim serving as the catalyst for delay. Please be advised, Claimant continues to suffer from delays in achieving settlement resolution with Liberty Mutual Personal Insurance Company as a consequence of internal settlement practices. This correspondence serves as final notice of judgment and final order entered against the Insured, Rose Thompson, for a total sum of $287,655.58. In order to settle Claim #046444805, this debt must be paid in full by October 20, 2022.

This judgment does not reflect Liberty Mutual Personal Insurance Company's multiple violations of O.C.G.A. 33-6-30, Georgia's Unfair Claims Settlement

6087 Camden Forrest Drive   Riverdale, GA 30296

Email: shaun.chappell@me.com

Practices Act. Further delay and failure to settle this claim by satisfying payment according to the judgment and court order against the Insured in full will result in legal action against the insurance provider, Liberty Mutual Personal Insurance Company, for compensatory damages of $287,655.58 awarded in favor of Claimant against the Insured, and pain and suffering damages in an amount not exceeding $250,000.00 against the insurance provider for multiple violations of O.C.G.A. 33-6-30 that continue to delay resolve causing further infliction of emotional distress among other consequences and repercussions being suffered by the Claimant in this matter.

Please advise of method to remit payment or manner in which to proceed.

Sincerely,

Shaun Chappell
Claimant

Claim #046444805

6087 Camden Forrest Drive   Riverdale, GA 30296

Email: shaun.chappell@me.com

# EXHIBIT
# 8


DREW | ECKL
FARNHAM
ATTORNEYS AT LAW

Stevan A. Miller
(404) 885-6316
smiller@deflaw.com

Gwendolyn D. Havlik
(404) 885-6326
ghavlik@deflaw.com

October 20, 2022

*Via E-mail: shaun.chappell@me.com*
Shaun Chappell

      Re:    *Chappell .v Rose Thompson*
               Superior Court of Fulton County

Dear Mr. Chappell:

As you likely saw in the recently filed Motion, we represent the Defendant in the above-referenced matter. I am in receipt of your October 6, 2022 demand to Liberty Mutual and write to respond to your allegations and demand with respect to the default judgment entered against Ms. Thompson.

We believe the claims against Ms. Thompson are defensible, and for the reasons stated in the Motion to Vacate (filed copy attached), we cannot accept your demand to Ms. Thompson.

Very truly yours,
**DREW ECKL & FARNHAM, LLP**

Gwendolyn D. Havlik

Enclosures
13018526v1
15266-245245

Fulton County Superior Court
***EFILED***MH
Date: 10/19/2022 2:49 PM
Cathelene Robinson, Clerk

## IN THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA

|                          |   |                                          |
|--------------------------|---|------------------------------------------|
| SHAUN CHAPPELL,          | * |                                          |
|                          | * |                                          |
| **Plaintiff,**           | * | **CIVIL ACTION FILE NO: 22CV360742**     |
|                          | * |                                          |
| ROSE THOMPSON,           | * |                                          |
|                          | * |                                          |
| **Defendants.**          | * |                                          |

### DEFENDANT'S MOTION TO VACATE AND SET ASIDE JUDGMENT

COMES NOW Defendant Rose Thompson, by way of special appearance and without waiving but while specifically reserving all service, process, venue, jurisdictional, and other defenses, and moves to set aside the default judgment entered September 20, 2022. Because this Motion is filed within the same term of court, the Court has broad discretion in vacating the Order, and need only find a meritorious reason to do so. Even if the Motion were considered under the standards of O.C.G.A. § 9-11-60, however, the judgment should be set aside. As set forth below, the judgment is void because Plaintiff has failed to establish proper service on the Defendant. And even if service was proper, the allegations in the Complaint do not establish liability nor support an award of punitive damages.

In support of this Motion, Defendant relies upon all pleadings of record, and her Brief filed contemporaneously herewith.

Respectfully submitted this 19th day of October 2022.

**DREW ECKL & FARNHAM, LLP**

*/s/ Gwendolyn D Havlik*
Gwendolyn D. Havlik, *GA Bar No. 574891*
*Attorney for Defendant*

303 Peachtree St. NE, Suite 3500
Atlanta, Georgia 30308
Telephone: (404) 885-1400
E-mail: havlikg@deflaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day served a true and correct copy of the foregoing

upon the Plaintiff by filing via Odyssey eFileGA, which will automatically e-mail notification of

same to the Plaintiff:

Shaun Chappell  (Pro Se)
1284 Jandras Lane
Atlanta, GA 30316
shaun.chappell@me.com

This 19th day of October, 2022.

**DREW ECKL & FARNHAM, LLP**

*/s/ Gwendolyn D Havlik*
Gwendolyn D. Havlik, *GA Bar No. 574891*
*Attorney for Defendant*

303 Peachtree St. NE, Suite 3500
Atlanta, Georgia 30308
Telephone: (404) 885-1400
E-mail: havlikg@deflaw.com

2

**IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA**

|                        |   |                                      |
|------------------------|---|--------------------------------------|
| **SHAUN CHAPPELL,**    | * |                                      |
|                        | * |                                      |
| **Plaintiff,**         | * | **CIVIL ACTION FILE NO: 22CV360742** |
|                        | * |                                      |
| **ROSE THOMPSON,**     | * |                                      |
|                        | * |                                      |
| **Defendants.**        | * |                                      |

## BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO RECONSIDER AND VACATE AND SET ASIDE JUDGMENT

COMES NOW Defendant Rose Thompson, by way of special appearance and without waiving but while specifically reserving all service, process, venue, jurisdictional, and other defenses, and hereby files and serves her Brief in Support of Defendant's Motion to Reconsider and Vacate and Set Aside Judgment, showing the Court as follows:

### I.  INTRODUCTION

Plaintiff was rear-ended in August 2021. The other driver fled the scene. Plaintiff filed a Complaint, *pro se*, against Rose Thompson on February 15, 2022. The Court entered a Final Order on default judgment on September 20, 2022. Defendant now moves to set aside that Order. Because this Motion is filed within the same term of court, the Court has broad discretion in vacating the Order, and need only find a meritorious reason to do so. Even if the Motion were considered under the standards of O.C.G.A. § 9-11-60, however, the judgment should be set aside. As set forth below, the judgment is void because Plaintiff has failed to establish proper service on the Defendant. And even if service was proper, the allegations in the Complaint do not establish liability nor support an award of punitive damages.

## II.    FACTS AND PROCEDURAL BACKGROUND

Plaintiff filed this action on February 15, 2022. In the Complaint, Plaintiff alleges the

matter arises out of the "hit-and-run crime committed against the Plaintiff" on August 2, 2021.

(Complaint). Plaintiff does not allege Defendant Thompson committed any crime. He does not

allege she drove the vehicle that hit him. A police report attached to the Complaint as Exhibit 1

lists the driver as unknown and Jakeria Bell as the vehicle owner. (See, Ex. 1). The police report

does not in any way implicate or reference Defendant Thompson. There are no factual

allegations as to how Rose Thompson is involved in the accident at all.

The majority of the factual allegations in the Complaint concern non-party Liberty

Mutual. Specifically, Plaintiff alleges Liberty Mutual Insurance claims adjusters grossly

mishandled the claim. The *only allegation* against the Defendant Rose Thompson is Plaintiff

alleging he is entitled to damages for her failure to fulfill her legal obligations to cooperate with

Liberty Mutual. Plaintiff attaches a Reservation of Rights letter to Thompson dated August 16,

2021. (See, Ex. 2). The remainder of the factual allegations are a description of documents

submitted to Liberty Mutual and its response.

In the Complaint, Plaintiff alleges special damages in the amount of $26,472.38 and

compensatory damages for pain and suffering of $132,361.90, for a total of $158,834.28. All

damages are specifically pled as compensatory. There is *no pleading* for punitive damages.

Plaintiff alleges he served Defendant Thompson via the Non-Resident Motorist Act. On

February 24, 2022, Plaintiff filed an Affidavit of Compliance certifying he forwarded by

certified mail a copy of the complaint and process to the Defendant. He attached a receipt from

the U.S. Postal Service showing it was sent via certified mail. (*See*, Feb. 24 Notice of Filing). On

2

March 1, 2022, Plaintiff filed a Certificate of Acknowledgment from the Secretary of State. (*See*, March 1 Notice of Filing). Plaintiff has not filed a return receipt.

On April 20, 2022, Plaintiff filed a Motion for Default Judgment. In the Motion, Plaintiff state he mailed the Complaint and Summons to the Defendant via certified mail on February 24, 2022, and filed the Certificate and Secretary of State's Acknowledgment with the Court. (*See*, Motion). In the Motion, Plaintiff requests damages of $158,833.90 according to the Complaint. On August 22, 2022, Plaintiff filed an amended Motion for Default Judgment with various exhibits purportedly in support of his damages claim. None of these filings contain a Certificate of Service.

On September 20, 2022, the Court entered a Final Order. In the Order, the Court found Plaintiff was injured as a result of the accident by the Defendant who fled the scene. The Court awarded special damages in the amount of $56,208.96, and further found Plaintiff was entitled to punitive damages pursuant to O.C.G.A. § 51-12-5.1 for willful misconduct. The Court entered a total award of $37,655.58 in compensatory damages and $250,000 in punitive damages. (*See*, Final Order).

Plaintiff forwarded the September 20, 2022, Order to Liberty Mutual, demanding payment of the default judgment. The undersigned counsel was retained, and now files this Motion to Set Aside the judgment.

## III.    **ARGUMENT & CITATION OF AUTHORITY**

### A) **Standard for Setting Aside Judgment in the Same Term of Court**

O.C.G.A. § 15-6-3 provides that the term of court for the Superior Court of Fulton County shall commence on the first Monday in January, March, May, July, September, and

3

November. The Final Order was entered on September 20, 2022, and this Motion is filed within the same term of court.

After the expiration of the term of court in which the default judgment has been entered, the trial court's discretion in setting it aside is limited to the criteria set forth in §9-11-60. *Georgia Receivables, Inc. v. Murray*, 240 Ga.App. 676-677 (1999) (citations omitted). A trial court's power to set aside its own judgments during the same term of court, however, is extensive.

> A court has plenary control of its judgments, orders, and decrees during the term at which they are rendered, and may amend, correct, modify, or supplement them, for cause appearing, or may, to promote justice, revise, supersede, revoke, or vacate them, as may, in its discretion seem necessary.

(Citation and punctuation omitted.) *Utilicom Supply Assocs., LLC v. Terra Tech, Inc.*, 360 Ga. App. 509, 509 (2021), citing *Lemcon USA Corporation v. Icon Technology Consulting, Inc.*, 301 Ga. 888, 891 (2017); see *Pope v. Pope*, 277 Ga. 333, 334 (2003) ("During the term in which a judgment is entered, a trial court has plenary control over it and has the discretion to set aside the judgment ... for the purpose of promoting justice.") (citations and punctuation omitted); *see also* OCGA § 15-1-3 (6).

Essentially, a Court may set aside its judgment within term of court for a meritorious reason. While the discretion to set aside a judgment is not without limits and should be exercised "for some meritorious reason," it is within the trial court's discretion to determine what amounts to "a meritorious reason" for that purpose. *Pope*, 277 Ga. at 334; see also *Holcomb v. Trax, Inc.*, 138 Ga. App. 105, 107 (1976) (noting further that the question is not whether the order contains a "meritorious reason," but whether any "meritorious reason" is shown in the record). The Court of Appeals may reverse that discretion only if it is manifestly abused. See *Pope*, 277 Ga. at 334; *Holcomb*, 138 Ga. App. at 107.

4

### 1) *The Default Judgment Should Be Set Aside for Lack of Service*

The first meritorious reason to set aside the default judgment is that the record before the

Court on default judgment does not establish proper service, as required.

Uniform Superior Court Rule 15 requires:

> The party seeking entry of a default judgment in any action shall certify to the court the date and type of service effected as shown by court records and that there has been no defensive pleading from the party against whom the judgment is sought. This certificate shall be in writing and must be attached to the proposed default judgment when presented to the judge for signature...

Under U.S.C.R. 15 the court has a duty to review the record, including the pleadings,

return of service, the certificate of counsel, and any evidence in front of the court before granting

a default judgment. *Focus Health Care Medical Center, Inc. v. O'Neal*, 253 Ga. App. 298, 300

(2002).

Plaintiff purports to have served Defendant Thompson pursuant to Georgia's Nonresident

Motorist Act codified at O.C.G.A. § 40-12-1 *et seq*. (See "Service of Process" section of

Plaintiff's Complaint). OCGA § 40–12–2 provides that:

> [s]ervice of process upon a nonresident pursuant to Code Section 40–12–1 shall be made by serving a copy of the complaint or other pleading with summons attached thereto on the Secretary of State, his duly authorized agent, or his successor in office, along with a copy of the affidavit to be submitted to the court pursuant to this Code section. Such service shall be sufficient service upon any such nonresident, provided that notice of such service and a copy of the complaint and process are forthwith sent by registered or certified mail or statutory overnight delivery by the plaintiff to the defendant, if his address is known, **and the defendant's return receipt** and the plaintiff's affidavit of compliance with this Code section are appended to the summons or other process and filed with the summons, complaint, and other papers in the case in the court wherein the action is pending.

As stated above, Plaintiff filed two Notices of Filing. First, certifying that he submitted

the required documents to the Georgia Secretary of State, and second, that he sent the Complaint

and Summons to the Defendant's known address via certified mail. These filings are required by

statute. But what is *not* in the record is Defendant's receipt of the certified mailing.

> **The Nonresident Motorist Act must be strictly construed and fully complied with before a trial court can obtain jurisdiction over the person of a nonresident defendant. In the absence of service in conformity with the Act, or the waiver of its requirements, any judgment rendered by the court is void.**

*See Medlin v. Church*, 157 Ga.App. 876, 877-878 (1981); *citing Roland v. Shelton*, 106

Ga.App. 581, 585 (1962), emphasis added.

While Plaintiff certified he mailed the Complaint and Summons to the Defendant in

accordance with the statute, he has failed to show the Defendant *received* the documents.

Accordingly, service is improper. *Nolan v. Jowers*, 280 Ga. App. 815, 817 (2006); *Guerrero v.

Tellez*, 242 Ga.App. 354, 356 (2000) ("Only when the notice authorized by statute is actually

received can substituted service on an official of the State of venue become the equivalent of

personal service") (citation and punctuation omitted); *Brown v. Meyer*, 222 Ga.App. 133 (1996)

(same).

Without service, the Court did not acquire jurisdiction over the Defendant. Personal

jurisdiction is "the very bedrock of due process." *McRae v. White*, 269 Ga.App. 455 (2004)

(requirements for service of process should be strictly construed). Service of process is the

mechanism by which a court obtains personal jurisdiction over a defendant and "[i]n the absence

of service in conformity with O.C.G.A. § 9-11-4, the court does not obtain jurisdiction over the

defendant." *Wilkinson v. Udinsky et al*, 242 Ga.App. 464, 465 (2000). In fact, ***where there has

been no legal service on the defendant*** and no waiver of service, ***the court has no jurisdiction

to enter any judgment in the case unless it be one dismissing the case for lack of jurisdiction*.**

*DeJarnette Supply Co. v. F.P. Plaza, Inc.*, 229 Ga. 625, 625 (1972) (emphasis added); *see also Henry v. Hiawassee Land Company*, 246 Ga. 87 (1980).

Where service is defective a "judgment pursuant to default is absolutely void." *Dotson v. Luxtron, Inc.*, 155 Ga.App. 504, 505 (1980). Thus, the Default Judgment entered by the Court in the case at bar is *void* and should be set aside.

### 2) *The Default Judgment Should be Set Aside Because The Factual Allegations do not Support Liability*

The second meritorious reason to set aside the judgment is that the factual allegations – that Thompson did not cooperate with Liberty Mutual – do not establish liability. Assuming proper service, Defendant Thompson was in a position of default as to the factual allegations contained in the Complaint. "[A] defendant in default is in the position of having admitted each and every material allegation of the plaintiff's petition except as to the amount of damages alleged." *Fink v. Dodd*, 286 Ga. App. 363, 364 (2007). However, the default does not automatically establish Plaintiff's right of recovery and does not preclude the Defendant from showing that under the facts as deemed admitted, no claim existed which would allow Plaintiff to recover. *ServiceMaster Co., L.P. v. Martin*, 252 Ga. App. 751, 752–53 (2001).

"[T]he default operates to admit only the well-pled *factual* allegations of the complaint and the fair inferences and conclusions of fact to be drawn from those allegations." *Fink v. Dodd*, 286 Ga. App. at 364 (emphasis in original). Default does not operate as an admission of facts not well-pled or incorrect conclusions of law:

It is axiomatic that a default does not result in the admission of allegations that are not well-pled or that are the result of forced inferences. The failure to answer or to appear at trial serves as an admission of the facts alleged in the complaint, but not of the conclusions of law contained therein. So while a default operates as an admission of the well-pled factual allegations in a complaint, it does not admit the legal conclusions contained therein. A default simply does not require blind acceptance of a plaintiff's erroneous conclusions of law. Nor does a default

7

preclude a defendant from showing that under the facts as deemed admitted, no claim existed which would allow the plaintiff to recover.

*Id.*, at 365, quoting *Grand v. Hope*, 274 Ga. App. 626, 629 (2005). *Willis v. Allstate Ins. Co.*, 321 Ga. App. 496 (2013) (plaintiff is not entitled to prevail solely because defendant is in default; default does not result in the admission of allegations that are not well-pled or that are the result of forced inferences). Thus, default does not preclude a meritorious defense if the allegations (1) are merely factually unsupported conclusory statements and forced inferences; (2) **are insufficient to support an alleged cause of action**; or (3) the cause of action is otherwise legally invalid.

In *Fink*, the plaintiff sued his employer for wrongful termination and libel and slander. After the defendant failed to answer the complaint, the trial court ruled that liability on the wrongful termination count was conclusively established by the default. *Fink v. Dodd*, 286 Ga. App. at 364. Pertinent to the trial court's holding was that the employer had admitted by default that the plaintiff was an employee of the defendant and that the defendant wrongfully terminated the plaintiff's employment, causing her to suffer damages. *Id.*

However, the complaint did not allege facts showing an enforceable contract of employment, an omission that led to the reversal on appeal. *Fink v. Dodd*, 286 Ga. App. at 366. In reversing the judgment of the trial court, the Court of Appeals held that Georgia is an at-will employment state and, in the absence of any allegations (and corresponding default) to the contrary, the plaintiff had no reasonable expectation of continued employment to establish an actionable wrong. "Because the well-pled allegations of Dodd's complaint failed to establish that she was anything other than an at-will employee, her complaint failed to state a claim for wrongful termination under Georgia law for which she was entitled to recover." *Id.* at 366. Accordingly, the Georgia Court of Appeals reversed the trial court and held that the trial

8

" . . . court erred in prohibiting [the defendant] from showing that [the plaintiff] failed to state a claim for wrongful termination and in holding that [the plaintiff] had conclusively established a wrongful termination claim." *Id.*

The trial court was similarly reversed in connection with the slander claim asserted in the same complaint. *Fink v. Dodd*, 286 Ga. App. at 368. The complaint, which stood as admitted by default, did not identify the persons to whom the allegedly slanderous statements were made – a required factual showing to establish a cause of action for slander. The defendant argued at the trial court level that it was able to challenge the merits of the claim irrespective of default because, while the allegations of the complaint were sufficient as notice pleading, they were conclusory and failed to state the necessary supporting facts with specificity. The trial court disagreed, holding that the elements of slander were conclusively established by default, and prohibited the defendant from making any showing to the contrary. The Court of Appeals held it was reversible error to disallow the defendant's efforts to establish that the complaint failed to state a claim for slander because the plaintiff did not plead facts from which a jury might reasonably infer the elements of the cause of action. *Id.* at 367-68. *See also Lancaster v. Storage USA Partnership, L.P.*, 300 Ga. App. 567 (2009) (affirming grant of summary judgment to defaulted defendant where the facts deemed admitted did not establish cause of action).

The defense of a claim in default was also addressed in *Blue View Corp. v. Bell*, 298 Ga. App. 277 (2009). The Bells sued Blue View for intentional infliction of emotional distress arising out of an alleged wrongful foreclosure. Blue View went into default when it failed to answer the complaint and a judgment was entered against it for intentional infliction of emotional distress. The judgment was reversed on appeal because the facts pled in the complaint were insufficient to conclusively establish the stated cause of action. The appellate court noted

9

the long-standing law in Georgia that a default judgment does not preclude a defendant from showing that, under the facts alleged, no claim existed that would allow the sought recovery. *Id.* at 741.

Thus, while Defendant Thompson may be bound by the well-pled facts of the Complaint by virtue of the default if properly served, that is not the end of the analysis. Thompson is not prohibited from raising her defense issues of insufficient allegations and evidence to support a cause of action and the legal fallacies of Plaintiff's theory of recovery.

Here, the only *factual allegations* Plaintiff pleads as to Thompson are that she did not call Liberty Mutual back or cooperate with its investigation. There is no allegation Thompson drove the vehicle involved in the accident. There is no allegation Thompson owned the car or was involved in the accident in any way. In fact, the police report does not list Thompson as the owner of the vehicle, it lists a Jakeria Bell. If Thompson failed to cooperate with Liberty Mutual as alleged, that does not give rise to liability to the Plaintiff.

Plaintiff's conclusions of entitlement to damages are not reasonably inferred from these facts because he has failed to plead the primary consideration for liability arising out of a car accident – that Defendant negligently drove or otherwise. The Court is not forced to "blind[ly accept] plaintiff's erroneous conclusions of law" that Defendant is somehow liable for a hit and run. *Grand v. Hope*, 274 Ga. App. 626, 629 (2005). Such allegation is entirely speculative with no facts alleged that support, and is plainly a "conclusory allegation" that is not binding on a defendant in a default situation. The Court is obligated to determine whether the allegations that stand admitted by default authorize the recovery sought without further proof. *EnduraCare Therapy Mgmt. v. Drake*, 298 Ga. App. 809 (2009) (holding that forced inferences and erroneous conclusions of law contained in complaint are not treated as true in default, and mere conclusory

10

allegations of complaint do not establish liability by default); *Standridge v. Spillers*, 263 Ga. App. 401 (2003) (affirming trial courts denial of judgment in favor of plaintiff where defendant was in default because the admitted factual allegations did not support the conclusory allegation necessary to enter judgment). Here, the well-pled facts are insufficient to establish liability, and the default judgment should be set aside.

### 3) *The Punitive Damages Award Should Be Set Aside*

As stated above, even if Defendant was properly served and in default, only the factual allegations pled are admitted. In the Final Order, the Court awarded the maximum in punitive damages where Plaintiff only specifically pled compensatory damages. Georgia law requires "[a]n award of punitive damages [to] be specifically prayed for in the complaint." O.C.G.A. § 51–12–5.1(d)(1). "A trial court may not award relief beyond that sought in the complaint when the defendant does not file defensive pleadings and does not appear at trial." *Hackbart v. Hackbart*, 272 Ga. 26 (2000).

Even if the factual allegations were sufficient to establish liability, they are not sufficient to authorize an award of punitive damages at evidentiary hearing on damages where no evidence on liability for punitive damages was presented at hearing and complaint itself averred no viable claim for punitive damages. *Drug Emporium, Inc. v. Peaks*, 227 Ga. App. 121, 126–27 (1997). Even if Plaintiff had prayed for punitive damages as required, which he did not, the well-pled factual allegations do not establish the requirements for punitive damages, and this judgment should be set aside. *ServiceMaster Co., L.P. v. Martin*, 252 Ga. App. 751, 754 (2001).

### C) **Alternative Motion to Set Aside Default Judgment pursuant to O.C.G.A. § 9-11-60(d).**

After the expiration of the term of court in which the default judgment has been entered, the trial court's discretion in setting it aside is limited to the criteria set forth in §9-11-60.

*Georgia Receivables, Inc. v. Murray*, 240 Ga.App. 676-677 (1999). As argued above, since this Motion is filed within the term of court, the Court need only find a meritorious reason to set aside the judgment. Defendant shows, additionally, that the more stringent standards of O.C.G.A. § 9-11-60 are met.

Under §9-11-60(d)(3), a motion may be brought to set aside a judgment based upon a nonamendable defect which appears on the face of the record or pleadings, is not cured by verdict or judgment, and where the pleadings show that no legal claim existed. In construing the language of § 9-11-60(d)(3), both the Court of Appeals and the Georgia Supreme Court, "have tended to disregard the proviso that the pleadings must affirmatively show that no claim in fact existed." *Smyrna Marine, Inc. v. Stocks*, 172 Ga. App. 426, 427 (1984) (citing *Cambron v. Canal Ins. Co.*, 246 Ga. 147 (1980)).

O.C.G.A. § 9-11-60(d)(2) provides additional grounds for a motion to set aside when "fraud, accident, or mistake or the acts of the adverse party unmixed with the negligence or fault of the movant" exists. A trial court's decision regarding a motion to set aside a judgment based upon O.C.G.A. § 9-11-60(d)(2), "will not be reversed absent a showing of manifest abuse of discretion." *Kent v. State Farm Mut. Auto. Ins. Co.*, 233 Ga. App. 564, 566 (1998) (citing *Young Const. v. Old Hickory House # 3*, 210 Ga. App. 559, 561 (1993)).

In the case at bar, both provisions are met. The record and pleadings do not establish service on the Defendant via the Non-Resident Motorist Act (or otherwise) because the record does not show the Defendant actually received the certified mail. This is required to establish proper service and without it, the judgment is void, and nonamendable, meeting the requirement of § 9-11-60(d)(3).

12

Even if failing to file the return service was an oversight, Plaintiff's failure to do so was due to fraud, accident, or mistake by the Plaintiff unmixed with the negligence or fault of Defendant Thompson; Defendant Thompson's failure to Answer the Complaint has nothing to do with Plaintiff's failure to serve her. The Plaintiff's duty to properly serve Defendant and comply with the statute arises before the Defendant's duty to Answer. Accordingly, also under O.C.G.A. § 9-11-60(d)(2) the judgment must be set aside.

Respectfully submitted this 19th day of October 2022.

**DREW ECKL & FARNHAM, LLP**

*/s/ Gwendolyn D Havlik*
Gwendolyn D. Havlik, *GA Bar No. 574891*
*Attorney for Defendant*

303 Peachtree St. NE, Suite 3500
Atlanta, Georgia 30308
Telephone: (404) 885-1400
E-mail: havlikg@deflaw.com

13

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day served a true and correct copy of the foregoing

upon the Plaintiff by filing via Odyssey eFileGA, which will automatically e-mail notification of

same to the Plaintiff:

Shaun Chappell  (Pro Se)
1284 Jandras Lane
Atlanta, GA 30316
shaun.chappell@me.com

This 19th day of October, 2022.

**DREW ECKL & FARNHAM, LLP**

*/s/ Gwendolyn D Havlik*
Gwendolyn D. Havlik, *GA Bar No. 574891*
*Attorney for Defendant*

303 Peachtree St. NE, Suite 3500
Atlanta, Georgia 30308
Telephone: (404) 885-1400
E-mail: havlikg@deflaw.com

# EXHIBIT
# 9

Shaun Chappell
154 Rainbow Way, Unit 109
Fayetteville, GA 30214
Email: shaun.chappell@me.com

IN THE SUPERIOR COURT OF FULTON COUNTY

STATE OF GEORGIA

SHAUN CHAPPELL,

     Plaintiff,

vs.

ROSE THOMPSON,

     Defendants

Case No.: 22CV360742
2022CV360742

MOTION FOR SUBSTITUTION OF PARTY
IN OPPOSITION OF MOTION TO VACATE
AND SET ASIDE JUDGMENT

## INTRODUCTION IN SUPPORT OF SUBSTITUTION OF PARTY

Plaintiff hereby respectfully submits to the Court correspondence from the

Defendant's representation in this matter, "Exhibit 1," referencing the "*October 6, 2022 demand*

*to Liberty Mutual*," and attached hereto this motion and opposition, "Exhibit 2," to be considered

when observing the crime committed against the Plaintiff, the insured policy holder of the

vehicle, the insurance company obligated to honor the policy, and the obvious responsible party

for the accumulation of damages suffered by Plaintiff, being the "Substitute Party Defendant"

willfully coming forward at this time.  The referenced correspondence was addressed to Liberty

Mutual Personal Insurance Company doing business according to the registered principal address

at 175 Berkeley Street  Boston, Massachusetts 02116. Exhibit 2 was emailed to Reginald Hill

and Stacey Cox under the supervision of Nikki Sasso, all representing claim adjusters

mishandling claim number 046444805 pursuant to O.C.G.A. § 33-6-30 to the detriment of

MOTION FOR SUBSTITUTION OF PARTY IN OPPOSITION OF MOTION TO VACATE AND SET ASIDE
JUDGMENT - 1

Plaintiff. Liberty Mutual Personal Insurance Company accepted full at-fault liability on September 3, 2021, for the hit-and-run crime committed against Plaintiff and has failed to settle the total loss and personal injury claim with Plaintiff, the Claimant, after nearly fifteen months.

## PLAINTIFF'S MOTION FOR SUBSTITUTION OF PARTY WITH SUPPORTING AUTHORITY

Liberty Mutual Personal Insurance Company took liberty to respond with motion to the final order issued by this Court on September 20, 2022, on behalf of the named Defendant, Rose Thompson. Exhibits were presented to the satisfaction of the Court making it known that numerous failed efforts extended from both Liberty Mutual Personal Insurance Company and Plaintiff to correspond and address the insurance claim recorded on August 2, 2021, regarding the abandonment of the insured vehicle after crashing into the rear of Plaintiff's vehicle at approximately 45 mph causing total loss of both vehicles and consequentially, income, personal injury, and significant pain and suffering of Plaintiff brought on this action. It is due to this persistent lack of response from the named Defendant, Rose Thompson, that Liberty Mutual Personal Insurance Company has deemed the named Defendant to be incompetent to answer for herself according to Exhibit 1, and so, moved to respond in place of the named Defendant as quoted, "*We believe the claims against Ms. Thompson are defensible, and for the reasons stated in the Motion to Vacate…, we cannot accept your demand to Ms. Thompson.*"

O.C.G.A. § 9-11-25 (b) states, "If a party becomes incompetent, the court, upon motion served as provided in subsection (a) of this Code section, may allow the action to be continued by or against his representative." The Court is absolutely justified to grant Plaintiff's motion to substitute Liberty Mutual Personal Insurance Company as the named Defendant in the

MOTION FOR SUBSTITUTION OF PARTY IN OPPOSITION OF MOTION TO VACATE AND SET ASIDE JUDGMENT - 2

place of Rose Thompson, as her representative in this case due to her purported incompetence to

defend herself. Furthermore, Liberty Mutual Personal Insurance Company was received direct

correspondence from Plaintiff on October 6, 2022, and instead of corresponding back with

Plaintiff directly, recipient opted to acquire legal counsel on behalf of the named Defendant in

this case and matter demonstrating explicit interest in Civil Action No. 22CV360742 qualifying

as "any transfer of interest." Substitution of Party should be granted according to paragraph II of

Defendant's motion, "*Plaintiff forwarded the September 20, 2022, Order to Liberty Mutual,*

*demanding payment of the default judgment. The undersigned counsel was retained, and now*

*files this Motion to Set Aside the judgment.*"

The Motion filed by the Defendant into this case on October 19, 2022,

communicates unequivocally to the Court that Liberty Mutual Personal Insurance Company is in

fact the actual party of interest in this matter, and hereinafter, "Substitute Party Defendant," for

the sake of Plaintiff's Motion for Substitution of Party in opposition of Defendant's motion to

vacate and set aside judgment. O.C.G.A. § 9-11-25 (c) states, "In case of any transfer of interest,

the action may be continued by or against the original party unless the court, upon motion,

directs the person to whom the interest is transferred to be substituted in the action or joined with

the original party. Service of the motion shall be made as provided in subsection (a) of this Code

section." The Court is again warranted in allowing Plaintiff to substitute the name "Rose

Thompson" as the named Defendant for "Liberty Mutual Personal Insurance Company" in

accordance with the rule pertaining to transfer of interest.

OPPOSITION TO MOTION TO VACATE AND SET ASIDE JUDGMENT PREDICATED

UPON LIBERTY MUTUAL PERSONAL INSURANCE COMPANY NAMED

SUBSTITUTE PARTY DEFENDANT

MOTION FOR SUBSTITUTION OF PARTY IN OPPOSITION OF MOTION TO VACATE AND SET ASIDE
JUDGMENT - 3

1    HERENOW Plaintiff comes against Defendant Liberty Mutual Personal Insurance

2    Company substituted for Rose Thompson by motion of Plaintiff in accordance with O.C.G.A. §

3    9-11-25 (b)(c) to refute Substitute Party Defendant's brief in support of Defendant's motion to

4

5    reconsider and vacate and set aside judgment. Be it known, on September 3, 2021, the Substitute

6    Party Defendant accepted full at-fault liability for the hit-and-run crime committed against

7    Plaintiff on August 2, 2021, recorded with South Fulton Police Department. In paragraphs I and

8    II, the Defendant attempts to blur clear and explicit laws protecting the residents of the State of

9
     Georgia against foreign and domestic threats to, but not limited to, travel on roads, streets,
10

11   highways, and interstates governed by the State of Georgia. The Honorable BELINDA E.

12   EDWARDS of the Superior Court of Fulton County appropriately acknowledged, "*The*

13   *Petitioner was able to ascertain that the Defendant was insured and lived in the State of Florida.*

14   *Service was perfected on the Defendant by O.C.G.A. §40-12-2. The Defendant failed to answer*."

15
     Prior to the Substitute Party Defendant filing motion in this Court, the Defendant is deemed a
16

17   nonresident motorist and was acknowledged service by the Secretary of State.

18          The Substitute Party Defendant attempts to deflect from the causations of the

19   action including how the Defendant came to be originally named, and eventually states, "*The*

20   *majority of the factual allegations in the Complaint concern non-party Liberty Mutual.*

21
     *Specifically, Plaintiff alleges Liberty Mutual Insurance claim adjusters grossly mishandled the*
22

23   *claim*." The Substitute Party Defendant acknowledges that the civil action in fact arises

24   predominantly out of the Substitute Party Defendant's contempt for laws enacted in the State of

25   Georgia, specifically, O.C.G.A. § 33-6-30, O.C.G.A. § 33-6-33, and O.C.G.A. § 33-6-34 whilst

26   mishandling claim number 046444805. In Paragraph 1, the Substitute Party Defendant cites

27
     authorities in an effort to reinterpret service satisfactory to the Secretary of State of Georgia and
28   MOTION FOR SUBSTITUTION OF PARTY IN OPPOSITION OF MOTION TO VACATE AND SET ASIDE
     JUDGMENT - 4

Superior Court of Fulton County State of Georgia. Substitute Party Defendant acknowledges to be in receipt of the filings against Rose Thompson, retained counsel, and filed motion as the Defendant nullifying the argument of service for the relationship of party to the Plaintiff in this claim has been construed. No meritorious reason exists.

The Substitute Party Defendant cites authorities in Paragraph 2 under the presumption that, "Thompson did not cooperate with Liberty Mutual – do not establish liability." Substitute Party Defendant continues on to argue the subject of *factual allegations* under the presumption the damages suffered by Plaintiff were accumulated as a consequence of the Insured's failure to cooperate with the Insurance Company, when in fact, the Plaintiff argues it is the Substitute Party Defendant's contempt for Georgia's State laws that inflicted the majority of the pain and suffering to Plaintiff. The Court rightfully presumed the formerly named Defendant, Rose Thompson, is the same as the Insurance Provider, when issued final order. No meritorious reason exists in support of Substitute Party Defendant.

Plaintiff cites authority in support of damages for pain and suffering prayed for specifically, and properly interpreted and awarded as punitive damages by this Court. Violations of O.C.G.A. §33-6-30, O.C.G.A. §33-6-33, and O.C.G.A. §33-6-34 of the Unfair Claims Settlement Practices enacted to protect Plaintiff and residents of the State of Georgia in specific situations as this, hit-and-run crime committed by nonresident left unsettled by Insurance Provider accepting full, at-fault liability warrants the Court to judge the formerly named Defendant as the Substitute Party Defendant in this special matter. Violations are as follows:

An insurer violates the Act if it commits the acts listed below "flagrantly and in conscious disregard of [the Act]" or "with such frequency so as to indicate a general business

MOTION FOR SUBSTITUTION OF PARTY IN OPPOSITION OF MOTION TO VACATE AND SET ASIDE JUDGMENT - 5

1  practice to engage in such conduct." O.C.G.A. § 33-6-33. Substitute Party Defendant Liberty

2  Mutual Personal Insurance Company is liable for damages according to O.C.G.A. § 33-6-34:

3
4              1. *Knowingly misrepresenting to claimants and insureds relevant facts or policy*

5                 *provisions relating to coverages at issue.* Plaintiff was never given the

6                 Declaration Page of coverage necessary to negotiate settlement.

7              2. *Failing to acknowledge with reasonable promptness pertinent*

8                 *communications with respect to claims arising under its policies.*

9
10             3. *Failing to adopt and implement procedures for the prompt investigation and*

11                *settlement of claims arising under its policies.*

12             4. *Not attempting in good faith to effectuate prompt, fair, and equitable*

13                *settlement of claims submitted in which liability has become reasonably clear.*

14             5. *Compelling insureds or beneficiaries to institute suits to recover amounts due*

15                *under its policies by offering substantially less than the amounts ultimately*

16
17                *recovered in suits brought by them.*

18             6. *Refusing to pay claims without conducting a reasonable investigation.*

19             9. *Unreasonably delaying the investigation or payment of claims by requiring*

20                *both a formal proof of loss and subsequent verification that would result in*

21
22                *duplication of information and verification appearing in the formal proof of loss*

23                *form; provided, however, this paragraph shall not preclude an insurer from*

24                *obtaining sworn statements if permitted under the policy.*

25             10. *When requested by the insured in writing, failing in the case of claims denial*

26                *or offers of compromise settlement to provide promptly a reasonable and*

27
28  MOTION FOR SUBSTITUTION OF PARTY IN OPPOSITION OF MOTION TO VACATE AND SET ASIDE
    JUDGMENT - 6

1

2

*accurate explanation of the basis for such actions. In the case of claims denials,*

*such denials shall be in writing.*

3

4

The Court clearly based the Final Order decision on the mishandling of the insurance claim

5

rather than the absence of Rose Thompson when stating, "The Plaintiff   submitted evidence to

6

support his claim that he was unsuccessful in receiving just compensation from the insured

7

Defendant through her insurance company and has suffered loss in income, property damage,

8

pain and suffering." Although Rose Thompson represents an element of the case, Plaintiff

9

presented to the Court over thirteen months of damage amplifying with time. Substitute Party

10

Defendant continues to invest in efforts to delay resolve of the insurance claim rather than settle

11

12

with Plaintiff. The Court specifically, "makes an award in this matter of $250,000.00 for the

13

Defendant's willful misconduct pursuant to O.C.G.A. 51-12-5-1(g) in punitive damages."

14

HEREBY this Motion for Substitution of Party In Opposition of Motion to Vacate

15

16

and Set Aside Judgment, this Court is requested to acknowledge and recognize the originally

17

named Defendant and the Substitute Party Defendant as indistinguishably responsible for

18

damages suffered by Plaintiff, warranting this Court according to O.C.G.A. 51-12-5-1(g),

19

O.C.G.A. § 33-6-33, and O.C.G.A. § 33-6-34 (1-6, 9-10) to deny the Defendant's Motion to

20

Vacate and Set Aside Judgment. Withstanding, the Final Order "judgment in the amount of

21

22

$37,655.58 representing compensatory damages and $250,000.00 representing punitive

23

damages" is in fact consistent with the law and order of this Honorable Court, particularly upon

24

granting of the Plaintiff's Motion for Substitution of Party Defendant.

25

IN CONSIDERATION WHEREOF, Plaintiff humbly entreats the Court to

26

understand that Plaintiff is not a legal professional, never attending law school, nor properly

27

educated to defend in this capacity. The Defendant attempts to deflect to procedural

28

MOTION FOR SUBSTITUTION OF PARTY IN OPPOSITION OF MOTION TO VACATE AND SET ASIDE
JUDGMENT - 7

1 | technicalities in an effort to avoid legal consequence for damages suffered and continuing to be

2 | suffered by Plaintiff. The Court must empathize and distinguish when interacting with laymen

3 | fighting for foundational rights with little to no resources versus established corporations with

4 |

5 | seemingly infinite budgets and resources. The Substitute Party Defendant attempts to bully the

6 | Plaintiff into a lowball, inefficient settlement, and now motions this Honorable Court to serve as

7 | an accomplice. In order to fulfill fiduciary duty to the citizens and residents of this State by

8 | virtue of upholding the laws enacted to protect residents from such crimes that brought on this

9 | civil action, the Superior Court of Fulton County must deny the Substitute Party Defendant's

10 | Motion to Vacate and Set Aside Judgment. To the contrary of the Defendant's Motion, this

11 |

12 | Honorable Court is emboldened to stand on the decision, defend its citizens, and grant Plaintiff's

13 | Motion for Substitution of Party Defendant to Liberty Mutual Personal Insurance Company at

14 | 175 Berkeley Street  Boston, Massachusetts 02116, and to uphold the Final Order decision of

15 | September 20, 2022, entitling Plaintiff to judgment in the amount of $37,655.58 representing

16 |

17 | compensatory damages and $250,000.00 representing punitive damages.

18 |

19 | Respectfully submitted,

20 | Dated: October 24, 2022

21 |

22 |

23 | Shaun Chappell   Plaintiff  *In Pro Se*

24 |

25 |

26 |

27 |

28 | MOTION FOR SUBSTITUTION OF PARTY IN OPPOSITION OF MOTION TO VACATE AND SET ASIDE JUDGMENT - 8

# EXHIBIT
# 10

**MAGISTRATE COURT OF CLAYTON COUNTY,**
**STATE OF GEORGIA**

DISPOSSESSORY PROCEEDING

EFILED   CLERK'S USE ONLY
CLAYTON COUNTY, GA
9/1/2022 4:41 PM
Jacquline D. Wills
CLERK MAGISTRATE COURT

FirstKey Homes LLC

P.O. Box 451027
Atlanta, GA 31145
PLAINTIFF'S NAME & ADDRESS

Shaun Chappell, and All Other Occupants
6087 Camden Forrest Drive
Riverdale, GA 30296

DEFENDANT'S NAME & ADDRESS

CASE NO. _____ 2022CM17967
Elizabeth Cruikshank, ESQ8235

Personally, appeared the undersigned affiant who on oath says that he/she is (owner), (agent), (attorney at law) for plaintiff herein, and that defendant(s) is (are) in possession as tenant of premises at said address as stated above, in Clayton County, the property of said plaintiff. FURTHER: (circle only one)

(a)  THAT tenant fails to pay the rent which is now past due;
(b)  THAT tenant holds the premises over and beyond the term for which they were rented or leased to tenant(s);
(c)  THAT tenant is a tenant at sufferance;
(d)  THAT_____; and plaintiff is entitled
     to recover any and all rent that may come due until this action is finally concluded.

Plaintiff desires and has demanded possession of the premises and Defendant has failed and refused to deliver said possession. WHEREFORE, Plaintiff DEMANDS:

(a) possession of the premises; (b) past due rent of $ 2,350.00_____ ; (c) rent accruing up to the date of judgment or vacancy at the rate of $ 30: 39.17 \ 31: 37.90 per day; (d) $92.00 Court + $200.00 Filing Fee + $19.90 Insurance Fee + $150.00 Late Fees + $25.00 NSF .

*By affixing this electronic verification, oath, or affidavit to the pleading(s) submitted to the court and attaching my electronic signature hereon, I do hereby swear or affirm that the statements set forth in the above pleading(s) are true and correct.*

Affiant: /S/ Crystal Penton                    Date: _____ 09/01/2022_____

**SUMMONS**

**TO THE SHERIFF OF CLAYTON COUNTY OR HIS LAWFUL DEPUTIES**

**GREETINGS:** The defendant(s) is/are commanded and required to file an answer to said affidavit in writing or orally in person at the Magistrate Court of Clayton County, Jonesboro, Georgia **on or before the seventh (7ᵗʰ) calendar day (including weekends and holidays)** after the date of service of the within affidavit and summons. You may also file an answer online at odysseyefilega.com by 11:59 P.M. on or before the last day to answer this summons. EACH defendant is required to file an answer in his or her own name. If such an answer is not made, a Writ of Possession and/or Judgment may issue as provided by law.

Witness the Honorable Keisha Wright Hill, Chief Magistrate of said Court.

Dati Souvannasinh 9/1/2022 4:41 PM

This _____day of _____, 20 _____.    _____Deputy Clerk

**SHERIFF'S ENTRY OF SERVICE**

I have served the foregoing affidavit and summons on the Defendant(s) by delivering a copy of same : (   )Personally  (   )Notoriously (name)_____(   )By posting a copy to the door of the premises and depositing a copy in the U.S. Mail, First Class in an envelope properly addressed, with adequate postage thereon, said copy containing notice to the Defendant(s) to answer at the place stated in said summons.

DATE OF SERVICE ___9/17/22___    ___10   2887___ D/Sheriff

**IMPORTANT NOTICE**

Pursuant to *Official Code of Georgia*, Section 44-7-55(c), any writ of possession issued pursuant to this article shall authorize the removal of the tenant or his or her personal property or both from the premises and permit the placement of such personal property on some portion of the landlord's property; further, it provides that after execution of the writ, such property shall be regarded as abandoned.

Pursuant to *Code of Clayton County, Georgia*, Section 82-91 et. seq. , if such personal property is not removed from the landlord's property within twenty-four (24) hours of the date and time of the execution of the writ of possession, and if the property otherwise is in violation of the county code, a citation for violation of the county code may issue against the plaintiff.

D8

# EXHIBIT
# 11



# GEORGIA CORPORATIONS DIVISION

GEORGIA SECRETARY OF STATE

# BRAD RAFFENSPERGER

**HOME (/)**

## BUSINESS SEARCH



### BUSINESS INFORMATION

| | | | |
|---|---|---|---|
| Business Name: | **Liberty Mutual Personal Insurance Company** | Control Number: | **20001151** |
| Business Type: | **Foreign Insurance Company** | Business Status: | **Active/Compliance** |
| NAICS Code: | **Information** | NAICS Sub Code: | **Cable and Other Subscription Programming** |
| Principal Office Address: | **175 Berkeley Street, Boston, MA, 02116, USA** | Date of Formation / Registration Date: | **7/16/2019** |
| Jurisdiction: | **New York** | Last Annual Registration Year: | **2022** |

### REGISTERED AGENT INFORMATION

| | |
|---|---|
| Registered Agent Name: | **Corporation Service Company** |
| Physical Address: | **2 SUN COURT, SUITE 400, PEACHTREE CORNERS, GA, 30092, USA** |
| County: | **Gwinnett** |

Back

Filing History     Name History

Return to Business Search

SHAUN CHAPPELL
6087 CAMDEN FORREST DRIVE
RIVERDALE, GA 30296




U.S. POSTAGE PAID
FCM LG ENV
ATLANTA, GA
30349
DEC 02  22
AMOUNT
**$11.33**
R2303S100842-29

RDC 28

30092

CERTIFIED MAIL

7022 1670 0001 4224 6640

c/o CORPORATION SERVICE CO.

ATTN: LIBERTY MUTUAL PERSONAL
INSURANCE COMPANY

2 SUN COURT
SUITE 400

PEACHTREE CORNERS GA 30092