**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

SHAUN CHAPPELL,         )
        )    CIVIL ACTION FILE
    Plaintiff,         )    No.:
        )
v.         )
        )
LIBERTY MUTUAL PERSONAL         )
INSURANCE COMPANY,         )
        )
    Defendant.         )

## <u>DEFENDANT LIBERTY MUTUAL PERSONAL INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT</u>

COMES NOW Defendant, Liberty Mutual Personal Insurance Company ("LMPIC"), within the time limits allowed by law, and hereby states its Answer to Plaintiff Shaun Chappell's (hereafter "Plaintiff") Complaint.

LMPIC responds to the Complaint as follows:

### BACKGROUND OF CAUSE OF ACTION

LMPIC denies the allegations contained in the unnumbered paragraphs contained in the "Background Cause of Action" section of the Complaint.

### JURISDICTION AND VENUE

In responding to the allegations contained in the unnumbered paragraphs of the "Jurisdiction and Venue" section of the Complaint, these paragraphs constitute

impermissible conclusions of law, to which no response is required.  To the extent a response is deemed to be required, such allegations contained in the unnumbered paragraphs of the "Jurisdiction and Venue" section of the Complaint are denied.

## EXECUTION OF SERVICE OF PROCESS

In responding to the allegations contained in the unnumbered paragraphs of the "Execution of Service of Process" section of the Complaint, these paragraphs constitute impermissible conclusions of law, to which no response is required.  To the extent a response is deemed to be required, such allegations contained in the unnumbered paragraphs of the "Execution of Service of Process" section of the Complaint are denied.

## PERPETUAL CAUSE OF ACTION

In responding to the unnumbered paragraphs of the "Perpetual Cause of Action" section of the Complaint, to the extent that there was correspondence between the Plaintiff and LMPIC, that correspondence speaks for itself and LMPIC denies Plaintiff's interpretations and characterizations of such correspondence. LMPIC denies the remaining allegations contained in the unnumbered paragraphs of the "Perpetual Cause of Action" section of the Complaint.

## JUDGMENT AGAINST DEFENDANT

In responding to the unnumbered paragraphs of the "Judgment Against Defendant" section of the Complaint, LMPIC denies any factual allegation contained therein and further denies that Plaintiff is entitled to any recovery against LMPIC.

## AFFIRMATIVE DEFENSES

Having fully responded to the allegations contained in the Plaintiff's Complaint, and without prejudice to the denials or other averments contained herein, LMPIC asserts the following Affirmative Defenses pursuant to the Federal Rules of Civil Procedure:

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiff is neither an insured nor a third-party beneficiary under any LMPIC policy of insurance and lacks standing to assert direct claims against LMPIC.

## THIRD DEFENSE

Plaintiff lacks privity of contract with LMPIC and for this reason his claims against LMPIC fail as a matter of law.

**FOURTH DEFENSE**

Plaintiff has not obtained a final judgment against a LMPIC insured and his claims against LMPIC are not ripe.  For this reason, Plaintiff's claims fail as a matter of law.

**FIFTH DEFENSE**

Plaintiff's claims against LMPIC are barred by the prohibition against a third party claimant asserting a direct action against a purported tort-feasor's liability insurer.

**SIXTH DEFENSE**

The Liberty Mutual Personal Insurance Company policy of insurance at issue provides, in pertinent part:

**A.** We will pay damages for "bodily injury" or "property damage" for which any "insured" becomes legally responsible because of an auto accident…

\* \* \*

**B.** "Insured" as used in this Part means:

**1.** You or any "family member" for the ownership, maintenance or use of any auto or "trailer".
**2.** Any person using "your covered auto".
**3.** For "your covered auto", any person or organization but only with respect to legal responsibility for acts or omissions of a person for whom coverage is afforded under this Part.

4

\* \* \*

Pursuant to these provisions to the policy, the Plaintiff is not an insured under the policy and his direct claims against LMPIC fail as a matter of law. (A certified copy of Policy No. AOV-251-088380-90 1 2 is attached hereto as "Exhibit 1.")

### SEVENTH DEFENSE

Plaintiff's Complaint fails to state a claim against LMPIC for damages pursuant to O.C.G.A. § 40-6-273 upon which relief can be granted.

### EIGHTH DEFENSE

LMPIC has no obligation to report an accident pursuant to O.C.G.A. § 40-6-273; that statute does not create a private right of action and it does not authorize the recovery of monetary damages in a civil action As a result, Plaintiff's claims against LMPIC pursuant to O.C.G.A. § 40-6-273 should be dismissed.

### NINTH DEFENSE

Plaintiff's Complaint fails to state a claim against LMPIC for damages pursuant to O.C.G.A. § 33-6-30, § 33-6-33, § 33-6-34 upon which relief can be granted.

### TENTH DEFENSE

Plaintiff's claims for violation of the Unfair Claims Settlement Practices Act fails as a matter of law in that no private right exists under that statute.

### ELEVENTH DEFENSE

LMPIC is a private entity,  is not acting under color of state law, and  is not capable of depriving the Plaintiff of any constitutionally protected rights.

### TWELFTH DEFENSE

Unless LMPIC's liability for punitive damages, as well as the appropriate amount of punitive damages, is required to be established by clear and convincing evidence, any award of punitive damages would violate LPMIC's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the due process provisions of the Georgia Constitution.

### THIRTEENTH DEFENSE

Plaintiff's claim for punitive damages cannot be sustained because any award of punitive damages under Georgia law without bifurcating the trial of all punitive damages issues would violate LMPIC's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the due process provisions of the Georgia Constitution.

### FOURTEENTH DEFENSE

Plaintiff's claim for punitive damages cannot be sustained, because an award of punitive damages under Georgia law for the purpose of compensating Plaintiff for elements of damage not otherwise recognized by Georgia law would violate

LMPIC's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the due process provisions of the Georgia Constitution.

## FIFTEENTH DEFENSE

Plaintiff's claim for punitive damages cannot be sustained because any such award of punitive damages under Georgia law exceeding the limits authorized by Georgia penal laws would constitute a cruel and unusual punishment in violation of the Fourteenth Amendment to the United States Constitution and the Eighth Amendment as incorporated into the Fourteenth Amendment and the Georgia constitutional provisions providing for due process and protection against excessive fines and cruel and unusual punishment.

## SIXTEENTH DEFENSE

Any award of punitive damages based on anything other than LMPIC's conduct in connection with specific actions directed toward the Plaintiff, to the extent such actions are the subject of this lawsuit, would violate the due process clause of the Fourteenth Amendment to the United States Constitution and the double jeopardy clause of the Fifth Amendment as incorporated into the Fourteenth Amendment and the Georgia constitutional provisions providing for due process and guaranty against double jeopardy, because any other judgment for punitive damages

in this case cannot protect LMPIC against impermissible multiple punishment for the same wrong.

## SEVENTEENTH DEFENSE

Plaintiff's claim for punitive damages cannot be sustained to the extent it does not bear a reasonable relationship to compensatory damages.

## EIGHTEENTH DEFENSE

Plaintiff's claim for punitive damages cannot be sustained because LMPIC did not receive fair notice not only of the conduct that would subject LMPIC to punishment but also to the severity of the penalty that Georgia law may impose.

## NINETEENTH DEFENSE

The Plaintiff's claims for punitive damages against LMPIC fail to set forth any claims upon which relief can be granted:

(a)     Because LMPIC is not guilty of any conduct that would authorize any award of punitive damages;

(b)     Because any award of punitive damages against LMPIC would violate LMPIC's due process and equal protection rights and other constitutional rights under the Georgia and United States Constitutions. Alternatively, any claims for punitive damages fail to satisfy the requirements of O.C.G.A. § 51-12-5.1;

(c)     Because Plaintiff's claims arise under a purported contract, and an alleged breach of contract does not authorize an award of punitive damages under Georgia law.

## TWENTIETH DEFENSE

Because there is no relationship as between the Plaintiff and LMPIC which would give rise to an independent duty being imposed upon LMPIC in connection with his claim against a LMPIC insured, the Plaintiff's purported tort claims against LMPIC fail as a matter of law, which, in turn, precludes the recovery of punitive damages pursuant to O.C.G.A. § 51-12-5.1.

## TWENTY-FIRST DEFENSE

Plaintiff's Complaint is a shotgun pleading and must be dismissed, or in the alternative must be recast to comply with applicable pleading requirements.

## TWENTY-SECOND DEFENSE

Inasmuch as the Complaint does not describe the alleged underlying claims or damages with sufficient particularity to enable LMPIC to determine all of its legal, contractual and equitable rights, LMPIC reserves the right to amend or supplement the averments of its Answer to assert any and all other defenses as may be ascertained through further investigation and discovery.

**WHEREFORE**, LMPIC respectfully demands judgment dismissing Plaintiff's Complaint with prejudice and awarding it such other and further relief as the Court may deem just and proper, including the fees and costs incurred in defending this action.

This 3rd day of January 2023.

ISENBERG & HEWITT, P.C.

/s/ Hilary W. Hunter
Hilary W. Hunter
Georgia Bar No. 742696
600 Embassy Row, Suite 150
Atlanta, GA  30328
(770) 351-4400 (O)
hilary@isenberg-hewitt.com
**Attorney for Defendant**

## <u>LOCAL RULE 7.1 CERTIFICATE</u>

The undersigned counsel hereby certifies that this pleading was prepared with one of the font and point selections approved by the Court in L.R. 5.1.C. Specifically, Times New Roman was used in 14 point.

<u>/s/ Hilary W. Hunter</u>
Hilary W. Hunter
Georgia Bar No. 742696
Isenberg & Hewitt, P.C.
600 Embassy Row, Suite 150
Atlanta, Georgia 30328
(770) 351-4400 Telephone
(770) 828-0100 Facsimile
**Attorney for Defendant**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| SHAUN CHAPPELL, | ) | |
| | ) | CIVIL ACTION FILE |
| Plaintiff, | ) | No.: |
| | ) | |
| v. | ) | |
| | ) | |
| LIBERTY MUTUAL PERSONAL | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I electronically filed **DEFENDANT LIBERTY MUTUAL PERSONAL INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT** with the Clerk of Court via the CM/ECF system, which will automatically send e-mail notification of such filing to counsel of record to this matter, and also served a copy of the within and foregoing pleading to all parties to this matter by depositing a true copy of same in the U.S. Mail, proper postage prepaid, addressed as follows:

Shaun Chappell
6087 Camden Forrest Drive
Riverdale, GA 30296

This 3rd day of January 2023.

12

ISENBERG & HEWITT, P.C.

/s/ Hilary W. Hunter
Hilary W. Hunter
Georgia Bar No. 742696
Atlanta, GA  30328
(770) 351-4400 (O)
hilary@isenberg-hewitt.com
**Attorney for Defendant**