# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| SHAUN CHAPPELL, ) | |
| ) | CIVIL ACTION FILE |
| Plaintiff, ) | No.: |
| ) | |
| v. ) | |
| ) | |
| LIBERTY MUTUAL PERSONAL ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT LIBERTY MUTUAL PERSONAL INSURANCE COMPANY'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED OR, ALTERNATIVELY, FOR JUDGMENT ON THE PLEADINGS**

Well-settled case law establishes that the Plaintiff's claims against Liberty Mutual Personal Insurance Company ("LMPIC") are nothing more than his second attempt at pursuing an impermissible direct action against a purported tort-feasor's liability insurance carrier. In addition, the statutes which Plaintiff relies upon do not provide him with a remedy, and his complaint states claims which a plaintiff is without right or power to assert and for which no relief could possibly be granted. As a result, pursuant to Fed. R. Civ. P. 12(b)(6), LMPIC moves to dismiss Plaintiff's Complaint with prejudice.

1

## STATEMENT OF MATERIAL FACTS

This case arises from an automobile accident that occurred on August 2, 2021 between the Plaintiff and a LMPIC insured. (Complaint, p. 1, ln. 20-21; p. 2 ln. 2-3; p. 7, ln. 10.)  On December 18, 2021, Plaintiff filed an impermissible direct action against Liberty Mutual Insurance Company ("LMIC") in the Superior Court of Fulton County, Civil Action No. 2021CV358159 ("First LMPIC Lawsuit") for alleged negligence and for "not attempting in good faith to effectuate prompt, fair, and equitable settlement of claims." (See e.g., Docket, Superior Court of Fulton County, Complaint, p. 8, ll. 19-20.). Plaintiff also asserted claims pursuant to O.C.G.A. § 33-6-30, O.C.G.A. § 33-6-33 and O.C.G.A. § 33-6-34 (which are all components of the Unfair Claims Settlement Practices Act) and O.C.G.A. § 51-12-5.1(B) (punitive damages). (See Complaint in the First LMPIC Lawsuit generally.)

On January 13, 2022, LMIC timely filed its Notice of Removal of the First LMPIC Lawsuit, along with its Special Appearance Answer. LMIC also filed a Motion to Dismiss and brief in support. (Docket No. 1:22-cv-00159-AT: Doc. 1; Doc. 2; Doc.3; Doc. 3-1.)  On April 28, 2022, Judge Totenberg issued an Order granting LMIC's Motion to Dismiss on the grounds that it was an impermissible direct action against a purported tortfeasor's liability insurance carrier.  (Docket No. 1:22-cv-00159-AT: Doc. 13.)

On February 25, 2022, prior to the entry of Judge Totenberg's April 28, 2022 Order, Plaintiff filed suit against Rose Thompson, the purported at-fault driver, in the Superior Court of Fulton County, Civil Action No. 2022-cv-360742 ("Thompson Lawsuit"). (See Plaintiff's Complaint, Exhibit 5.) According to the docket in that case, Ms. Thompson did not answer, and the superior court entered a Final Order for default judgment. (See Plaintiff's Complaint, Exhibit 2.) As the exhibits attached to the Complaint in this action establish, Ms. Thompson contests the validity of the default judgment on several grounds, and has moved to set it aside. (See Complaint, Exhibit 8). The pleadings in this matter establish that the default judgment in the Thompson Lawsuit is not final. The Plaintiff responded to Ms. Thompson's motion on October 24, 2022 by filing a Motion for Substitution of Party in Opposition of Motion to Vacate and Set Aside Judgment (See Plaintiff's Complaint, Exhibit 9.) To date, the Superior Court of Fulton County has not ruled on either motion. (See e.g., Docket, Superior Court of Fulton County.)

Rather than wait on the rulings from the Superior Court on the validity of the default judgment, on November 30, 2022 Plaintiff filed in state court the underlying "Complaint for Damages Pursuant to OCGA 40-6-273, OCGA 33-6-30, OCGA 33-6-33, OCGA 33-6-34, OCGA 51-12-5.1(B)"( hereafter "Complaint")(a copy is attached to LPMIC's Notice of Removal). LMPIC timely removed the present action

and now contemporaneously moves the Court to dismiss the Complaint because the three causes of action Plaintiff asserts in this second lawsuit do not state a claim against a purported tortfeasor's liability carrier upon which relief can be granted.

## ARGUMENT AND CITATION OF AUTHORITY

### I.     Motion to Dismiss for Failure to State a Claim.

Dismissal of a complaint is warranted under Fed. R. Civ. P. 12(b)(6) "when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall County Bd. of Educ. v. Marshall County Gas District, 992 F.2d 1171, 1174 (11th Cir. 1993.)  Here, Plaintiff's claims against LMPIC fail to state a claim upon which relief can be granted as a matter of law.

With respect to 12(b)(6) motions, the United States Supreme Court stated in Bell Atl. Corp. v. Twombly, 550 U.S.  544, 555-556 (2007):

> While a complaint attacked by a Rule **12(b)(6)** motion to dismiss does not need detailed factual allegations [citations omitted], a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, *see* Papasan v. Allain, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact).  [Citations omitted.]

4

A complaint cannot survive a Rule 12(b)(6) motion to dismiss merely by setting forth all of the elements of the causes of action asserted, since Rule 12(b)(6) was also designed to screen out cases where a complaint states a claim based on a wrong for which there was clearly no remedy, or where a complaint states a claim which a plaintiff is without right or power to assert and for which no relief could possibly be granted. Port Auth. v. Arcadian Corp., 189 F.3d 305 (3rd Cir. 1999). Further, the Plaintiff cannot satisfy federal pleading requirements merely by attaching bare legal conclusions to narrated facts which fail to outline the bases of the claim. Armstead v. Allstate Prop. & Cas. Ins. Co., 2014 U.S. Dist. LEXIS 167610, * 20-22 (N.D. Ga. 2014).

In ruling on a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), a district court will apply the same standards for granting relief that it would have employed had the motion been brought under Fed. R. Civ. P. 12(b)(6). Provident Mut. Life Ins. Co. of Philadelphia v. City of Atlanta, 864 F. Supp. 1274, 1278 (N.D.Ga. 1994).

**II.     All Three of the Causes of Action Raised in the Plaintiff's Complaint Should be Dismissed Because They Fail as a Matter of Law.**

In the style of Plaintiff's Complaint, he states that it is a "Complaint for Damages Pursuant to OCGA 40-6-273 (duty to report an accident), OCGA 33-6-30, OCGA 33-6-33, OCGA 33-6-34 (from the Unfair Claims Settlement Practices Act)

5

and OCGA 51-12-5.1(B)(punitive damages)." For the reasons detailed below, each of these three causes of action fails as a matter of law.

**(A)  LMPIC Has No "Duty" to Report an accident pursuant to O.C.G.A. § 40-6-273.**

The Complaint's first purported claim is based on O.C.G.A. § 40-6-273, Duty to Report Accident Resulting in Injury, Death, or Property Damage. This statute states:

> The driver of a vehicle involved in an accident resulting in injury to or death of any person or property damage to an apparent extent of $500.00 or more shall immediately, by the quickest means of communication, give notice of such accident to the local police department if such accident occurs within a municipality. If such accident occurs outside a municipality, such notice shall be given to the office of the county sheriff or to the nearest office of the state patrol.

The statute is unambiguous. Under its plain terms, the "driver of a vehicle involved in an accident" is obligated to report an accident to the appropriate authority. The statute imposes no such duty on a driver's liability insurance carrier, and such a duty cannot be inferred from the language of the statute. The statute also does not create, nor does it imply, a private right of action for a purported breach. Nor does it authorize the recovery of purported damages.

Moreover, the only reference to O.C.G.A. § 40-6-273 in the current Complaint appears on page 2 of Plaintiff's Complaint at line 10 and other than

6

referencing the statute, Plaintiff does not allege a breach of any duty by LMPIC. Finally, an exhibit to the Complaint, which the Court may consider as part of the pleadings, flatly contradicts any suggestion that a violation of this statute occurred. Specifically, Plaintiff attaches to his Complaint (as Exhibit 1) a copy of the Police Report that Plaintiff filed.

There are no facts which Plaintiff can rely upon to support a cause of action against LMPIC for a purported breach of O.C.G.A. § 40-6-273, nor does the statute suggest that a private right of action is created even if a violation occurred. Plaintiff's cause of action pursuant to O.C.G.A. § 40-6-273 fails as a matter of law and should be dismissed.

> **B.    The Unfair Claims Settlement Practices Act does not create a private right of action and Plaintiff's claims under the Act fail to State a Claim upon which relief can be granted.**

In the First LMPIC Lawsuit the Plaintiff asserted purported claims under Georgia's Unfair Claims Settlement Practices Act ("UCSPA"). Because the UCSPA explicitly provides that no private right of action exists, the District Court dismissed those claims as a matter of law. The current Complaint relies on many of the same facts and asserts essentially the same claims under the UCSPA, but fails to acknowledge that the UCSPA explicitly states that no private right of action is cognizable. Indeed, Plaintiff simply ignores Judge Totenberg's prior Order

7

dismissing the First LMPIC Lawsuit, which applies with equal force here. Judge Totenberg stated in her Order:

> However, the Georgia statute under which Plaintiff asserts his claims, the Unfair Claims Settlement Practices Act, explicitly disclaims the creation of a private right action. See O.C.G.A. § 33-6-37 ("Nothing in this article shall be construed to create or imply a private cause of action for a violation of this article."). Accordingly, the Act itself does not provide a statutory exception that would allow Plaintiff to sue Liberty Mutual directly. Id.

(Docket No. 1:22-cv-00159-AT: Doc. 13.)

Put simply, the Plaintiff continues to assert claims for purported violations of the UCSPA which the statute does not permit. O.C.G.A. § 33-6-7; See also, Javits v. State Farm Fire & Cas. Co., 2014 U.S. Dist. LEXIS 119085 (N.D. Ga. Aug. 26, 2014); Rodgers v. St. Paul Fire & Marine Ins. Co., 228 Ga. App. 499, 502, 492 S.E.2d 268, 271 (1997) ("O.C.G.A. § 33-6-34, regarding unfair insurance claims settlement practices, contains no private cause of action."). As a result, the Plaintiff's misplaced claims based on the UCSPA are not capable of assertion in a private civil action and they fail to state a claim upon which relief can be granted.

### C. Plaintiff's Claim for Punitive Damages Fails as a Matter of Law.

In his last claim, Plaintiff seeks recovery of punitive damages pursuant to O.C.G.A. § 51-12-5.1(B). Because Plaintiffs' substantive claims fail as matter of law, so too does his claim for punitive damages. Racette v. Bank of Am., N.A., 318

Ga. App. 171, 181, 733 S.E.2d 457, 466 (2012); See also, DaimlerChrysler Motors Co., LLC v. Clemente, 294 Ga. App. 38, 52(5), 668 S.E.2d 737, 750 (2008). Therefore, this claim must also be dismissed.

**IV.   Plaintiff's Claims Against LMPIC Are a Prohibited Direct Action.**

There is an alternate, yet equally dispositive basis for granting LMPIC's motion to dismiss. It formed a basis for Judge Totenberg's dismissal of the Plaintiff's first lawsuit. The face of the Complaint in this matter establishes that the Plaintiff has not obtained a final judgment against the purported tortfeasor in his underlying action which would warrant an attempt to collect the policy's proceeds. Indeed, the Plaintiff's current complaint does not seek to do so. Rather, he re-asserts a variety of direct claims against LMPIC, the third party tortfeasor's liability insurer, based on the underlying claims handling of his third-party claim.

At the time of filing this Complaint, Plaintiff knew (or should have known) that there was not a final judgment in his underlying lawsuit against the alleged tortfeasor. Plaintiff attached as Exhibit 8 to this Complaint a copy of the alleged tortfeasor's Motion to Vacate and Set Aside Judgment. (See Complaint, Ex. 8.) That motion was filed on October 19, 2022, and to date, the Superior Court of Fulton County has not ruled on it. Until the Superior Court of Fulton County rules on that motion, Plaintiff's claims against LMPIC are nothing more than a continued effort

9

to pursue an impermissible direct action that Judge Totenberg previously ruled was not allowed.

As previously briefed in the First LMPIC Lawsuit, a federal court exercising diversity jurisdiction applies state substantive law. Goetzke v Ferro Corp., 280 F.3d 766 (7th Cir. 2002). Here, Georgia law applies, and Georgia law prohibits direct actions by a third-party claimant against a tort-feasor's liability insurance carrier. It is well-settled that as a general rule, an injured party has no standing to file a direct suit against the insurer of the party alleged to have caused the injury absent an unsatisfied judgment against the insured. Atl. Specialty Ins. Co. v. Lewis, 2017 Ga. App. LEXIS 290, 2017 WL 2645597, Case No. A17A0190 (June 20, 2017) ("The rationale for this rule is that the plaintiff is not in privity of contract with either the defendant or the defendant's insurance company under the liability insurance policy and is not considered a third party beneficiary of the policy.") See also, Capitol Indem. Corp. v. Fraley, 266 Ga. App. 561, 563, 597 S.E.2d 601, 602-03 (2004); Arnold v. Walton, 205 Ga. 606, 612-13, 54 S.E.2d 424, 428-29 (1949). Only if a claimant obtains a judgment against the insured, can he then proceed to seek to collect the policy proceeds as an asset of the insured in his status as a judgment creditor. See, Smith v. Gov't Emps. Ins. Co., 179 Ga. App. 654, 655, 347 S.E.2d 245 (1986). Here, there is no allegation that such a judgment exists against the

purported tortfeasor, and the exhibits to the plaintiff's complaint establish that the default judgment is being challenged and is not final.

Even then, the plaintiff is only authorized to seek to collect the underlying judgment up to the limits of the policy, not to seek independent damages based on claims adjustment. See, Allstate Ins. Co. v. Harris, 133 Ga. App. 567, 570, 211 S.E.2d 783, 785 (1974) ("[T]he proposed beneficiary in this case is not a party to the insurance contract, and may not complain of the negligence, fraud or bad faith of the insurer in refusing to pay the claim.").

Put simply, Georgia law does not recognize a tort claim by a third party claimant for an ordinary breach of contract, absent a special relationship between the parties.  The Complaint fails to allege, nor are there any facts to suggest, that such a special relationship exists here.  Bowdish v. Johns Creek Assocs., 200 Ga. App. 93, 94-95, 406 S.E.2d 502, 504 (1991).  Moreover, Plaintiff is not a third-party beneficiary of the LMPIC insurance policy as a matter of law.  Payne v. Twiggs Cty. Sch. Dist., 269 Ga. 361, 364, 496 S.E.2d 690 (1998); Googe v. Fla. Int'l Indem. Co., 262 Ga. 546, 548, 422 S.E.2d 552 (1992).  This rule is based on the sound reasoning that "insurance policies are of the nature of personal contracts."  Bailey v. Georgia Mut. Ins. Co., 168 Ga. App. 706, 708, 309 S.E.2d 870, 872 (1983) (quoting Langley v. Pacific Indemnity Co., 135 Ga. App. 29, 30-31, 217 S.E.2d 369 (1975)).

In sum, the Complaint in this matter fails to state any operative facts upon which relief can be granted as against LMPIC for any of Plaintiff's claims because even if they were valid, which they are not, they constitute an impermissible third-party direct action against a potential tortfeasor's liability insurer. As a result, all claims against LMPIC must be dismissed with prejudice.

## **CONCLUSION**

For each of these reasons, LMPIC respectfully moves this Court to dismiss with prejudice the Plaintiff's Complaint because it fails to state a claim upon which relief can be granted.

Respectfully submitted this 3rd day of January 2023.

        ISENBERG & HEWITT, P.C.

        /s/ Hilary W. Hunter
        Hilary W. Hunter
        Georgia Bar No. 742696
        600 Embassy Row, Suite 150
        Atlanta, GA  30328
        (770) 351-4400 (O)
        hilary@isenberg-hewitt.com

        **Attorney for Defendant**

## **LOCAL RULE 7.1 CERTIFICATE**

The undersigned counsel hereby certifies that this pleading was prepared with one of the font and point selections approved by the Court in L.R. 5.1.C. Specifically, Times New Roman was used in 14 point.

/s/ Hilary W. Hunter
Georgia Bar No. 742696
Isenberg & Hewitt, P.C.
600 Embassy Row, Suite 150
Atlanta, Georgia 30328
(770) 351-4400 Telephone
(770) 828-0100 Facsimile
**Attorney for Defendant**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| SHAUN CHAPPELL, | ) | |
| | ) | CIVIL ACTION FILE |
| Plaintiff, | ) | No.: |
| | ) | |
| v. | ) | |
| | ) | |
| LIBERTY MUTUAL PERSONAL INSURANCE COMPANY, | ) ) | |
| | ) | |
| Defendant. | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on this day, I electronically filed **DEFENDANT LIBERTY MUTUAL PERSONAL INSURANCE COMPANY'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED OR, ALTERNATIVELY, FOR JUDGMENT ON THE PLEADINGS** with the Clerk of Court via the CM/ECF system, which will automatically send e-mail notification of such filing to counsel of record to this matter, and also served a copy of the within and foregoing pleading to all parties to this matter by depositing a true copy of same in the U.S. Mail, proper postage prepaid, addressed as follows:

Shaun Chappell
6087 Camden Forrest Drive
Riverdale, GA 30296

This 3rd day of January 2023.

                                      ISENBERG & HEWITT, P.C.

                                      /s/ Hilary W. Hunter
                                      Hilary W. Hunter
                                      Georgia Bar No. 742696
                                      600 Embassy Row, Suite 150
                                      Atlanta, GA  30328
                                      (770) 351-4400 (O)
                                      hilary@isenberg-hewitt.com

                                      **Attorney for Defendant**