IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MITAVION WILLIAMS | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | CIVIL ACTION NO. |
| | : | _____ |
| DEXTER WARD | : | |
| | : | |
| Defendant. | : | |

**COMPLAINT**

Comes now Plaintiff and respectfully shows:

COUNT ONE

1.

This is an action under 42 U.S.C. § 1983 for violation of plaintiff's eighth amendment right to be free of cruel and unusual punishment as incorporated under the Fourteenth Amendment.

2.

This Court has jurisdiction under 28 U.S.C. § 1343 and supplemental jurisdiction under 28 U.S.C. § 1367.

3.

Defendant Ward is a resident of the Northern District of Georgia, and is subject to the jurisdiction of the Court. He may be personally served with the

1

complaint and summons at the Clayton County Sheriff's Office, 9157 Tara Blvd in Jonesboro, Ga.

4.

Plaintiff was a convicted person at the Clayton County Jail at the time of the circumstances herein.

5.

On January 27, 2022 Plaintiff was shot with plastic pellets from a Mossberg shotgun by Defendant Ward.

6.

According to an officer, Mr. Hayes, he saw approximately 15- 20 inmates inside cell 2207.

7.

Prior to the shooting, when Plaintiff was in Superior Court, there had been altercation in the day room.

8.

The altercation between two inmates had been broken up.

9.

Plaintiff and a number of other inmates were playing cards.

10.

Defendant Ward, Sgt. Poole, Officer Hayes, and Daniels Jones arrived on the scene.

11.

Defendant Ward was the only officer armed. He was carrying a non-lethal shotgun containing non-lethal rounds at the time. The shotgun was a Mossberg.

12.

Defendant Ward ordered the inmates who were inside cell 2207 to get on the ground.

13.

The inmates inside the cell complied.

14.

At all times thereafter Defendant Ward pointed the shotgun at Plaintiff.

15.

Defendant Ward stated that he pointed the shotgun at the inmates to scare them and while racking the forearm of the shotgun he shot Plaintiff.

16.

At the time Defendant Ward racked the shotgun he knew the shotgun chambered a round into the shotgun.

17.

He specifically did this to get Plaintiff's and other inmates attention.

18.

Such tactics as he used were not a part of his training or Clayton County Sheriff's Office policies.

19.

The investigation of Defendant Ward's conduct revealed that the inmates including Plaintiff were compliant and did not pose an imminent threat or endanger officers at the scene.

20.

The use of force by Defendant Ward in shooting Plaintiff was not reasonable.

21.

Defendant Ward failed to point his non-lethal weapon in a safe direction prior to chambering a round.

22.

Brandishing the cocked shotgun at Plaintiff and others to scare them violated Plaintiff's rights to be free of cruel and unusual punishment.

23.

Brandishing the cocked shotgun at Plaintiff and others did not do anything to temper the severity of his forceful response to a nonexistent threat.

24.

Defendant Ward was not acting to preserve discipline and security.

25.

There was no need for any force and the shooting of Plaintiff with nonlethal bullets was completely disproportional.

26.

Plaintiff was injured below his arm. Exhibit A is a true and correct picture of his injury. He required medical attention.

27.

No reasonable officers including Defendant Ward would have reasonably perceived inmates laying on the floor in compliance with an officer's directions as any threat to the safety of staff and inmates.

28.

Defendant Ward did not perceive such threats.

29.

As a proximate result of the brandishing of the shotgun, the failure to limit the severity of Defendant's forceful response and the shooting of Plaintiff,

Defendant consciously and deliberately or at least recklessly violated Plaintiff's rights to be free of excessive force and cruel and unusual punishment.

30.

Plaintiff is entitled to damages proximately caused by Defendant Ward in the amount of $1,000,000 which includes emotional distress. Alternatively he is entitled to nominal damages.

31.

Because of Defendant's deliberate indifference and/or recklessness or wonton misconduct, Plaintiff is entitled to punitive damages in the amount of $1,000,000.

32.

Plaintiff is entitled to reasonable attorney fees under 42 U.S.C. § 1988.

## COUNT TWO

33.

Paragraphs 1-29 are realleged as though fully set out.

34.

The investigator for the Sheriff's Department noted in a report:

> I asked Sargent Ward if the tactics used were a part of his training or Clayton County Sheriff's Office policy, he stated "no."

35.

He also stated:

> The reasoning as to why the racking of the non-lethal shotgun was used as a "scare tactic" was unreasonable and violated Clayton County Sheriff Offices Standard Operating Procedures.

36.

The brandishing of the nonlethal Mossberg shotgun by Defendant Ward constituted an assault on Plaintiff.

37.

Defendant Ward deliberately intended to brandish the weapon at Plaintiff and acted with actual malice.

38.

Plaintiff is entitled to damages in the amount of $1,000,000 including emotional and general damages.

39.

Defendant Ward's conduct showed willful misconduct, malice, wantonness, oppression or an entire want of care which raises the presumption of conscious indifference to consequences and Plaintiff is entitled to $1,000,000 in punitive damages.

40.

Plaintiff is entitled to attorneys because of Defendant Ward's misconduct.

## COUNT THREE

41.

Paragraphs 33-40 are realleged as though fully set out.

42.

Defendant Ward's conduct was a violation of a ministerial duty imposed by correction policies of the Clayton County Sheriff's Office.

43.

He had no discretion to act as he did.

44.

Defendant Ward committed a battery on Plaintiff by shooting him with the shotgun.

45.

He acted deliberately and maliciously to injure Plaintiff and violated four SOPs of his department in doing so.

46.

Paragraphs 38-40 are realleged. Plaintiff also suffered physical pain and injury.

## COUNT FOUR

47.

Paragraphs 33 and 41-46 are realleged as though fully set out.

48.

Defendant Ward abused Plaintiff and violated his rights under Art. 1, Sec I. Para. XVII.

Wherefore Plaintiff prays:

1). For damages as set out above in the amount of $1,000,000, or alternatively for nominal damages;

2). For punitive damages as set out above in the amount of $1,000,000;

3). For judgment;

4). For such other and further relief as is just and proper.

Respectfully submitted,

/s/ Ralph Goldberg
Ralph Goldberg
Georgia Bar No. 299475
Attorney for Plaintiff

**Goldberg & Cuvillier, P.C.**
3469 Lawrenceville Hwy., Suite 102
Tucker, Ga. 30084-6919
(770) 670-7343
(770) 670-7344 (FAX)
attorneygoldberg@hotmail.com