IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF GEORGIA, ATLANTA DIVISION

| | |
|---|---|
| FLOOD BROTHERS RESTORATION, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>MICHELLE JIMENEZ,<br><br>    Defendant. | State Court Civil Action<br>File No.:    22-C-04099-S1 |

### PETITION FOR REMOVAL

TO: The Honorable Judges of the United States District Court for the Northern District of Georgia, Atlanta Division

COMES NOW, Defendant Michelle Jimenez by and through its undersigned counsel, and files its Petition for Removal and respectfully show this Court the following:

1. A civil action has been filed and is now pending in the State Court of Gwinnett County, State of Georgia designated as Civil Action File No. 22-C-04099-S1.

2. The Summons and Complaint in that action were filed in the State Court of Gwinnett County on July 25, 2022. Defendant Michelle Jimenez was served on December 5, 2022, and thus, timely files this petition for removal.

3. Defendant files herewith a copy of all process, pleadings, and orders including the Summons and Complaint in this action, pursuant to 28 USC § 1446. (Attached hereto as Exhibit "A").

Further, Defendant files herewith a copy of the transcript of the jury trial before the Honorable Ronda Colvin Leary in Civil Action File Number 19-C6796-S4, and all exhibits thereto. (Attached hereto as Exhibit "B").

4. At all times relevant to this lawsuit, Defendant Michelle Jimenez is now known as Defendant Michelle Jimenez. Defendant Michelle Jimenez is now, was at the commencement of this suit, and at all times since been a Citizen of the State of Virginia.

5. Plaintiff is a citizen of Georgia. Therefore, the action described above is a civil action with a claim of which this Court has original jurisdiction, and it is one that may be removed to this Court by Defendant pursuant to the provisions of 28 U. S. C. §§ 1332, 1367, and 1441 et seq., in that there is complete diversity among the parties and the Defendant is not a resident of the State of Georgia, the Parties are

not residents of the same state, and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

6.   Flood Brothers Restoration, LLC's Complaint alleges that Defendant Michelle Jimenez breached a contractual duty arising out of water mitigation services. Specifically, Plaintiff alleges that its services were retained on or about September 14, 2018. [Complaint ¶ 2].

In September of 2018, Defendant Michelle Jimenez was a resident and citizen of the State of Virginia but owned an unoccupied piece of real property in Gwinnett County, GA. [Plaintiff's Exhibit 1 to the Trial Transcript – Exhibit B]. Upon information and belief, while the property was unoccupied, it sustained significant water damage. Upon information and belief, Defendant retained Plaintiff's services for the water remediation work. Defendant's home insurance carrier, Universal Property & Casualty Insurance, covered the subject property. [Plaintiff's Exhibit 1 to the Trial Transcript – Exhibit B]. Plaintiff submitted an invoice in the amount of $21,662.40 to Universal Property & Casualty Insurance. [Complaint ¶ 5]. Upon information and belief, Universal Property & Casualty Insurance disputed the charges for the work. The parties agreed to resolve the invoice for the sum of $18,000 if paid within ten days. [Plaintiff's Exhibit 2 to the Trial Transcript – Exhibit B]. Universal Property & Casualty Insurance company executed payment in the amount

of $18,000. [Plaintiff's Exhibit 32 to the Trial Transcript – Exhibit B]. Plaintiff claimed that payment had not been made within ten days and filed suit for breach of contract against Defendant and UPIC in the State Court of Gwinnett County in civil action file number 19-C-6796-S4.[1] Defendant Michelle Jimenez was dismissed from the suit due to lack of service of process.[2] CAFN 19-C-6796-S4 was tried before a jury from April 25, 2022, through April 27, 2022. [Exhibit B]. The jury ruled in favor of Plaintiff and awarded it $8,500 in damages for the breach of contract claim. [Trial Transcript page 413 – Exhibit B]. The jury also returned a verdict for attorney's fees in the amount of $56,207.60. [Trial Transcript page 428 – Exhibit B]. Upon information and belief, the trial court entered a judgment notwithstanding the verdict overturning the award for attorney's fees. Plaintiff's Complaint against Michelle Jimenez in the underlying suit was filed before the aforementioned verdict was rendered. [Complaint]. Plaintiff's Complaint against Michelle Jimenez in the underlying suit prays for relief on the same claims adjudicated in CAFN 19-C-6796-S4.[3] In its Complaint in the underlying suit, Plaintiff alleges that a balance of $3,662.40 remains unpaid. [Complaint ¶¶ 5, 6]. However, in the same claim against Jimenez's insurance carrier, it was awarded

---

[1] Defendant prays this Court take judicial notice of the Complaint filed in Gwinnett County State Court Civil Action File No. 19-C6796-S4.
[2] Defendant prays this Court take judicial notice of the Order dismissing Michelle Jimenez from Gwinnett County State Court Civil Action File No. 19-C6796-S4.
[3] Defendant prays this Court take judicial notice of the Complaint filed in Gwinnett County State Court Civil Action File No. 19-C6796-S4.

$8,500.00 on the same breach of contract claim. [Trial Transcript page 428 – Exhibit B]. Plaintiff's Complaint also specifically alleges a claim for attorney's fees for breach of contract as well as under O.C.G.A. § 13-6-11 and § 9-15-14. [Complaint ¶¶ 23, 25]. Plaintiff alleged that it incurred attorney's fees in excess of $70,699.30, which continues to rise and to which Plaintiff alleges is a contractual obligation of Defendant. [Complaint]. In fact, Plaintiff's allegation that it incurred $70,699.30 in attorney's fees was pled before the trial against Jimenez's insurance carrier. Surely, the costs incurred for a trial substantially increased the previously pled amount of $70,699.30.

7. "The general rule is that attorney's fees do not count towards the amount in controversy unless they are allowed for by statute or contract." *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 808 n.4 (11th Cir. 2003). Here, Plaintiff's Complaint paragraph 23 specifically alleges it is entitled to recover its attorney's fees as a contractual obligation. In addition, Plaintiff has alleged claims for attorney's fees under two specific Georgia Statutes: O.C.G.A. § 13-6-11 and O.C.G.A. 9-15-14. Defendant further anticipates that Plaintiff will contend that the contract between the parties obligates payment of the attorney's fees Plaintiff incurred in both the prior suit against Jimenez and her insurer and this instant lawsuit. Therefore, the attorney's fees claim should be included when calculating the amount in controversy. See *Smith v.*

*GTE Corp.*, 236 F.3d 1292, 1305 (11th Cir. 2001).  Plaintiff claims that the amount of attorney's fees was "rising" and exceeded $70,699.30 as of July 25, 2022. "Where the defendant presents evidence 'combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations,' removal may be appropriate." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 766 (11th Cir. 2010). As a result, Plaintiff's alleges damages for breach of contract exceed $75,000.  Accordingly, the jurisdictional minimum is met.

8. Defendant is not a citizen of the State in which the State Court action is brought.

9. The aforementioned Georgia State Court action is a civil action of which this Court has original jurisdiction under the provisions of Title 28 of the United States Code §1332(a) and accordingly, is one which may be removed to this Court by Defendant pursuant to the provisions of Title 28 of the United States Code §1441, in that it is a civil action in which the matter in controversy exceeds the sum of $75,000.00 exclusive of interests and costs and is between citizens of different states.

10. Defendant attaches a copy of Defendant's Notice of Removal that will be filed in the State Court of Gwinnett County, Georgia marked as Exhibit "C."

11. This action is currently pending in the State Court of Gwinnett County, Georgia, which is within the jurisdiction of the Northern District of Georgia, Atlanta Division. 28 U.S.C.A. § 1446(a).

WHEREFORE the Defendant prays the above action now pending before the State Court of Gwinnett County, Georgia be removed to this Court's jurisdiction.

This 4th day of January, 2023.

        Goodman McGuffey LLP
        Attorneys for Defendant Michelle Jimenez

By: ___*/s/ Paul J. Spann*_____
     ADAM C. JOFFE
     GA State Bar No. 391920
     ajoffe@GM-LLP.com
     PAUL J. SPANN
     GA State Bar No. 153214
     PSpann@GM-LLP.com
     3340 Peachtree Road NE, Suite 2100
     Atlanta, GA 30326-1084
     (404) 264-1500 Phone
     (404) 264-1737 Fax

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF GEORGIA, ATLANTA DIVISION

| | |
|---|---|
| FLOOD BROTHERS RESTORATION, LLC,<br><br>  Plaintiff,<br><br>v.<br><br>MICHELLE JIMENEZ,<br><br>  Defendant. | State Court Civil Action<br>File No.:   22-C-04099-S1 |

## CERTIFICATE OF SERVICE

This is to certify that I electronically filed this Petition for Removal with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

S. Carlton Rouse, Esq.
Rouse & Company, LLC
P.O. Box 392105
Snellville, GA 30039-9997
s.carlton@rousecolaw.com
*Attorney for Plaintiff*

This 4th day of January, 2023.

[Signature on Following Page]

          */s/ Paul J. Spann*_____
PAUL J. SPANN
GA State Bar No. 153214
PSpann@GM-LLP.com
Goodman McGuffey LLP
3340 Peachtree Road NE, Suite 2100
Atlanta, GA 30326-1084
(404) 264-1500 Phone
(404) 264-1737 Fax