UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

**SYED QAMAR IQBAL**
    **Plaintiff**

v.

| | |
|---|---|
| **ANDREW SCHOFER**<br>Deputy Chief of Mission, U.S. Embassy in Pakistan<br>in their official capacity.<br><br>**ANTONY BLINKEN**<br>Secretary of the U.S. Department of State<br>in their official capacity.<br><br>    **Defendants** | **PETITION FOR WRIT OF MANDAMUS AND COMPLAINT FOR INJUNCTIVE RELIEF**<br><br>**CIVIL ACTION NO:** |

### PETITION FOR WRIT OF MANDAMUS AND COMPLAINT FOR INJUNCTIVE RELIEF

### INTRODUCTION

1. Plaintiff Syed Qamar Iqbal brings this action to compel the Defendants to take action on and adjudicate her sister and her family's properly-filed I-130 visa applications.

2. In April 2006, Plaintiff filed a visa petition with USCIS on behalf of her sister, Syeda Shabana Iqbal (I-130 Receipt Notice WAC0616051083; Department of State Visa Application Number ISL2009698040; DS-260

1

Confirmation Number: AA008N8XTM) of which her husband Syed Shabab Akhter Naqvi (DS-260 Confirmation Number AA008OIOCM) and their children Jarri Abbas (DS-260 Confirmation Number AA008OH0KO), Hijab Fatima (DS-260 Confirmation Number AA008MWOTM), Syed Muhammad Asad Naqvi (DS-260 Confirmation Number AA008OGUU0) and Ali Abbas (DS-260 Confirmation Number AA008OHJO2) are derivative beneficiaries.

3. Although the United States Citizenship and Immigration Service (USCIS) approved the petition in June 2009, Plaintiff's sister and her family's visa applications remained pending for more than 4 years since the petition was filed. Defendant Consular Officers from the U.S. Embassy in Pakistan have taken no further steps to adjudicate the visa applications, yet continue to retain jurisdiction over Plaintiff's petition and her sister and her family's visa applications.

4. This lawsuit therefore challenges Defendants' failure to conclude processing of Plaintiff's sister and her family's visa applications within a reasonable time.

5. Congress created the I-130 petition pathway to allow immigrants to reunite with their immediate family members in the United States. Defendants' failure to adjudicate Plaintiff's I-130-based visa applications has put on

indefinite hold the reunification of Plaintiff, her sister, and her family, and caused significant personal, financial, and emotional hardship.

6. Defendants' delay has separated Plaintiff from her sister for the last 4 years. As a result of that separation, Plaintiff suffers from depression and anxiety worrying about her sister, because her sister is the only member of their family who still resides in Pakistan after the rest of the family moved to the United States.

7. Plaintiff's sister's two children are currently not in school, as they were removed and expected to follow through with their education in the United States. This delay has caused the children to fall behind considerably in their studies. The family is unsure and confused about whether the children will be schooled in Pakistan or the United States, causing the children severe anxiety.

8. This delay has also caused Plaintiff, her sister, and their family financial hardship. Plaintiff's sister's husband also resigned from his job, and, as a result of the delay, he has not been able to apply for new employment since he did not know when he would get a decision on their visas. Plaintiff's sister sold all of her family's possessions and assets in Pakistan to acquire the necessary funds to move to the United States in anticipation of their visas getting approved, but she is now left without those assets while continuing to

live in Pakistan. As the family waits for the visas to be approved, they have been forced to use all the money they saved for the United States to pay for their daily living and expenses in Pakistan. This delay has resulted in the family suffering significant financial hardship.

## PARTIES

9. Plaintiff is a U.S. citizen residing in Snellville, Georgia.
10. Defendant Antony Blinken, Secretary of the U.S. Department of State (DOS), oversees DOS, which is responsible for adjudicating visa applications under the INA and implementing regulations, and subject to the Administrative Procedure Act (APA), 5 U.S.C. § 701 *et seq.*. They are named in their official capacity.
11. From the organization of the U.S. Embassy in Pakistan, Plaintiff has named the defendant, in their official capacity: Andrew Schofer, Deputy Chief of Mission, U.S. Embassy in Pakistan. Andrew Schofer, in their official capacity, is named as a defendant because of their leadership role within the component of DOS in Pakistan, which is responsible for processing and adjudicating visa applications and implementing federal immigration law.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1361 (Mandamus Act). This

Court has additional remedial authority under 28 U.S.C. § 2201 (Declaratory Judgment Act).

13. Venue is proper pursuant to 28 U.S.C. § 1391(e)(1)(C), because Plaintiff resides in this District and no real property is involved in this action.

14. Each Defendant is an agency of the United States or an officer of the United States sued in their official capacity.

## BACKGROUND

15. In April 2006, Plaintiff Syed Qamar Iqbal, properly filed with USCIS a visa petition for her sister Syeda Shabana Iqbal (I-130 Receipt Notice WAC0616051083; Department of State Visa Application Number ISL2009698040; DS-260 Confirmation Number: AA008N8XTM), of which her husband Syed Shabab Akhter Naqvi (DS-260 Confirmation Number AA008OIOCM), and their children Jarri Abbas (DS-260 Confirmation Number AA008OH0KO), Hijab Fatima (DS-260 Confirmation Number AA008MWOTM), Syed Muhammad Asad Naqvi (DS-260 Confirmation Number AA008OGUU0), and Ali Abbas (DS-260 Confirmation Number AA008OHJO2) are derivative beneficiaries.

16. In June 2009, USCIS approved Plaintiff's sister's visa petition (Receipt Notice Number WAC0616051083).

17. Plaintiff Syed Qamar Iqbal's goal was to obtain lawful permanent resident status for her sister and her family, so they could join Plaintiff in the United States.

18. In July 2019, Plaintiff's sister, Syeda Shabana Iqbal, and her family were interviewed by the U.S. Embassy in Pakistan in connection with the case. During this interview, a consular officer reviewed Syeda Shabana Iqbal and her family's case, and they responded truthfully to all questions and provided all requested information.

19. After the interview, the consular officer informed Syeda Shabana Iqbal and her family that their visa applications were approved and that they would receive the visas in two weeks. Instead, on July 18, 2019, the U.S. Embassy in Pakistan requested additional information from Syeda Shabana Iqbal about her son, Ali Abbas, and informed her that their case was placed in administrative processing pursuant to the Immigration and Nationality Act ("INA") § 221(g).

20. A "refusal" under INA § 221(g) places an application into a status called "administrative processing." Administrative processing is a temporary measure, signaling that processing is ongoing while allowing the Defendant Department of State to gather additional information. *See, e.g., Nine Iraqi*

*Allies Under Serious Threat Because of Their Faithful Service to the United States v. Kerry*, 168 F. Supp. 3d 268, 275-84 (holding that a § 221(g) "refusal" is not a final decision for the purpose of determining jurisdiction to review under the APA).

21. Since the interview, Plaintiff, her sister, and her family have inquired as to the status of these visa applications on numerous occasions and received no meaningful responses. Upon information and belief, it is unclear what steps, if any Defendants are actually taking to complete adjudication of Plaintiff's sister and her family's visa applications.

## FIRST CAUSE OF ACTION

### Administrative Procedure Act 5 U.S.C. § 706(1) – Unreasonable Delay

22. The foregoing allegations are repeated and incorporated as though fully set forth herein.

23. Pursuant to the INA, 8 U.S.C. §§ 1153(a) and 1202(b), and the regulations governing immigrant visa applications, Defendants have a nondiscretionary duty to review and adjudicate Plaintiff's her sister's visa application. *See* 8 U.S.C. § 1202(b) ("All immigrant visa applications shall be reviewed and adjudicated by a consular officer."); *id.* § 1153(a) (providing that visas "shall" be issued to immediate relatives of qualified immigrant petitioners). *See also* 22 C.F.R. § 42.21(a) ("An immediate relative [of a U.S. citizen]

**shall** be documented as such unless the U.S. citizen refuses to file the required petition.") (emphasis added).

24. The APA obligates Defendants to take these nondiscretionary actions within a "reasonable time," 5 U.S.C. § 555(b), and directs this Court to compel Defendants to take these actions when they are "unreasonably delayed," *id.* § 706(1).

25. Defendants have failed to adjudicate Plaintiff's sister and her family's visa applications within a reasonable time, which caused and continues to cause irreparable harm to Plaintiff, her sister and her family.

26. Plaintiff is entitled to relief pursuant to 5 U.S.C. § 706(1) compelling Defendants to adjudicate Plaintiff's sister and her family's visa applications.

## SECOND CAUSE OF ACTION

### Mandamus Act

27. The foregoing allegations are repeated and incorporated as though fully set forth herein.

28. The Mandamus Act, 28 U.S.C. § 1361, vests this Court with original jurisdiction over any action in the nature of mandamus to compel an officer or employee of the United States, or any agency thereof, to perform a nondiscretionary duty owed to Plaintiff.

29. The All Writs Act, 28 U.S.C. § 1651, authorizes this Court to issue all writs "necessary or appropriate" in aid of its jurisdiction.

30. Pursuant to the INA, 8 U.S.C. §§ 1153(a) and 1202(b), and the regulations governing immigrant visa applications, Defendants have a nondiscretionary duty to review and adjudicate Plaintiff's sister and her family's visa applications. *See* 8 U.S.C. § 1202(b) ("All immigrant visa applications shall be reviewed and adjudicated by a consular officer."); *id.* § 1153(a) (providing that visas "**shall**" be issued to immediate relatives of qualified immigrant petitioners). *See also* 22 C.F.R. § 42.21(a) ("An immediate relative [of a U.S. citizen] **shall** be documented as such unless the U.S. citizen refuses to file the required petition.") (emphasis added).

31. The APA obligates Defendants to complete these nondiscretionary actions within a "reasonable time." 5 U.S.C. § 555(b).

32. Defendants have failed to adjudicate Plaintiff's sister and her family's visa applications within a reasonable time.

33. Plaintiff has brought this action because she has no other means to compel Defendants to perform the nondiscretionary duty that Defendants owe Plaintiff.

34. Plaintiff is entitled to a writ of mandamus pursuant to 28 U.S.C. §§ 1361 and 1651 and this Court's inherent equitable authority compelling Defendants to adjudicate Plaintiff's sister and her family's visa applications.

### THIRD CAUSE OF ACTION

### Fifth Amendment - Due Process

35. The foregoing allegations are repeated and incorporated as though fully set forth herein.

36. Plaintiff, a U.S. citizen, has a statutorily created entitlement to adjudication of her sister and her family's visa applications. Defendants' delay in adjudicating Plaintiff's sister and her family's visa applications constitutes a deprivation of Plaintiff's protected interest without due process.

37. Defendants' delay is egregious and is without any rational justification.

38. Defendants' conduct violates Plaintiff's substantive and procedural due process rights protected by the Fifth Amendment of the Constitution.

### PRAYER FOR RELIEF

39. For these reasons, Plaintiff requests that the Court enter an order:

    a) Accepting and maintaining jurisdiction of this action;

    b) Mandating that Defendants process Plaintiff's sister and her family's visa applications within fifteen (15) calendar days of this order or as soon as reasonably possible;

    c) Granting attorney's fees and costs under the Equal Access to Justice Act and/or other appropriate authority; and

    d) Granting such other and further relief as may be appropriate.

Respectfully submitted on behalf of Plaintiff on January 04, 2022.

**/s/ Ellaretha Coleman**
Attorney for Plaintiff
Property Claims Litigation Group, LLC
101 Marietta Street NW
Suite 3625
Atlanta, GA 30303
Telephone: (404) 525-3080
Email: ecoleman@insurancetrialgroup.com
United States District Court for the Northern District of Georgia Bar No. 404051