IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LEANNE TAN, Individually and On Behalf of All Others Similarly Situated,<br><br>    Movant,<br><br>v.<br><br>JEREMY SISTRUNK<br><br>    Respondent. | CIVIL ACTION NO. _____ |

## MOTION TO COMPEL COMPLIANCE WITH SUBPOENA

LeAnne Tan, Movant, moves this Court to compel Jeremy Sistrunk to comply with a subpoena served on him by Movant's counsel. Ms. Tan's brief in support of this Motion is filed contemporaneously with this Motion.

January 5, 2023

Respectfully submitted,

/s/ A. Cyclone Covey
A. Cyclone Covey
GA Bar No. 190747
Kneupper & Covey, PC
4475 Peachtree Lakes Dr.
Berkeley Lake GA 30096
cyclone@kneuppercovey.com
678-928-6806

1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LEANNE TAN, Individually and On Behalf of All Others Similarly Situated,  Movant,  v.  JEREMY SISTRUNK  Respondent. | CIVIL ACTION NO. _____ |

**LEANNE TAN'S MEMORANDUM OF LAW IN SUPPORT OF HER MOTION TO COMPEL COMPLIANCE WITH HER SUBPOENA**

**INTRODUCTION**

Mr. Sistrunk is a former employee of Konnektive Corporation, which is a defendant in a putative class action that is currently pending in the Southern District of California in the case styled *Tan v Quickbox, LLC et al* (the "Underlying Litigation").[1] Mr. Sistrunk appeared for a deposition on September 14, 2022, pursuant to a subpoena the Movant (Plaintiff in the Underlying Litigation) served on him on August 26, 2022.[2] During the deposition Mr. Sistrunk began refusing to

---

[1] *Tan v. Quick Box, LLC et al.*, No. 3:20cv1082, U.S. Dist. Ct. S. Dist. Cal.
[2] Ex. 1.

1

answer questions. The deposition was suspended and Mr. Sistrunk has not responded to attempts to have him complete his deposition. Mr. Sistrunk has not asserted any valid reason for refusing to participate in the deposition.

## JURISDICTION

Mr. Sistrunk lives in Smyrna, Georgia, and his deposition was subpoenaed to occur in Smyrna. Smyrna is in this Federal district. Therefore this district and this Court are where Mr. Sistrunk's compliance with the subpoena must be compelled.[3]

## FACTUAL BACKGROUND

The Underlying Litigation is class action that involves a complex fraud scheme in which scammers steal money from unsuspecting victims by luring them into entering their credit cards into a website under the guise of a "free trial." The scammers then run recurring charges on the credit cards until the victims discover the charges. The scam involves several groups, including a software company that enables the recurring charges to be processed without triggering the credit card's fraud detection systems. This software is known as Konnektive, and Mr. Sistrunk is a former Konnektive employee. Mr. Sistrunk was not represented by counsel at his deposition and Movant believes he still is unrepresented.

---

[3] FRPCP 45(g); *Collins v. Koch Foods, Inc.*, No. MC 119-008, 2019 U.S. Dist. LEXIS 101798, at *5-6 (S.D. Ga. June 18, 2019) (stating where compliance is required determines what court has jurisdiction on a motion to compel a subpoena).

Mr. Sistrunk worked for Konnektive in 2017 as a programmer.⁴ He worked on software directly relevant to the underlying case and has specific knowledge about the functions of Konnektive's software, which are a key issue in this case. During Mr. Sistrunk's deposition he was asked about a nondisclosure agreement that he signed while working at Konnektive.⁵ Konnektive's attorney raised an objection, which apparently spooked Mr. Sistrunk, who then asked, "did that attorney just tell me like if I answer this question I can get in trouble?"⁶ He then began refusing to answer questions, stating that he wanted legal representation because he was afraid of exposing himself to liability and was afraid of being sued by Konnektive for violating his NDA.⁷ Mr. Sistrunk also stated that he could not afford his own legal counsel.⁸ A few minutes the parties suspended the deposition and called Judge Leshner, the Magistrate handling discovery disputes in the Underlying Litigation. Judge Leshner ruled that he was not able to order Mr. Sistrunk to testify and that any issues concerning compelling compliance with the subpoena would need to be resolved by this Court (Northern District of Georgia).⁹ Later, over Konnektive's

---

⁴ Ex. 2. Sistrunk Dep p. 13 l. 4-21.
⁵ Ex. 2. Sistrunk Dep p. 143 l. 1-11.
⁶ Ex. 2. Sistrunk Dep p. 143 l. 12-14.
⁷ Ex. 2. Sistrunk Dep p. 144 l. 19 – p.145 l. 12; p. 152 l. 16 – p. 153 l .24; p. 154 l. 23 – p. 155 l. 14; p. 164 l. 8-24; p. 175 l. 1-14.
⁸ Ex. 2. Sistrunk Dep p. 146 l. 3-15; p. 155 l. 15 – p. 156 l. 13.
⁹ *Tan*, Dkt. 223, p. 2 ¶ 3.

3

objection Judge Leshner ordered Konnektive to produce a copy of Mr. Sistrunk's NDA.[10] Konnektive produced the document in December, several months after Mr. Sistrunk's partial deposition.

After Movant received Mr. Sistrunk's NDA her counsel asked Mr. Sistrunk to resume his deposition.[11] Mr. Sistrunk failed to respond, which gives rise to this motion.

## ARGUMENT

### I. Mr. Sistrunk has Waived Any Objections to the Subpoena

To date, Mr. Sistrunk has not objected to the subpoena or moved to quash it. He has therefore waived his right to object to quash the subpoena.[12] Any reservations he may have relating to his liability for testifying cannot be raised at this late date to prevent further testimony.

---

[10] *Tan*, Dkt. 252.
[11] Ex. 3. Cyclone Covey Dec. ¶ 4.
[12] FRCP 45(d)(2)(B); *Wilbourn v. Axcess Staffing Serv.*, No. 1:19-CV-4686-LMM-WEJ, 2020 U.S. Dist. LEXIS 256555, at *2-3 (N.D. Ga. July 29, 2020) (collecting cases) ("objections must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served").

## II. Mr. Sistrunk's Nondisclosure Agreement Cannot Prevent Him From Testifying

Mr. Sistrunk's nondisclosure agreement is governed by Georgia law.[13] Georgia law is clear that nondisclosure agreements cannot prevent parties from testifying in civil litigation:

> the public policy of Georgia does not permit parties to contract privately for the confidentiality of documents or testimony, and thereby foreclose others from obtaining, in the course of litigation, materials that are relevant to their efforts to vindicate a legal position. To hold otherwise would clearly not serve the truth-seeking function of discovery in civil litigation. To effectuate that policy, a provision allowing the contracting party to testify or otherwise comply with a subpoena, court order, or applicable law, is implied in every confidential settlement agreement. Federal law takes a similarly skeptical view of such agreements' power to limit discovery. … The legal authority is, thus, unequivocal that [a] [nondisclosure] agreement … cannot bar plaintiffs' discovery.[14]

Moreover a protective order has been issued in the underlying litigation.[15] Therefore, to the degree that either Mr. Sistrunk or Konnektive believes any of Mr. Sistrunk's testimony contains confidential information, they may designate those statements confidential and prevent general disclosure of that information to the public. The

---

[13] Ex 4. p. 5, ¶ 18.
[14] *Ajibade v. Wilcher*, No. CV416-082, 2017 U.S. Dist. LEXIS 112472, at *3-4 (S.D. Ga. July 19, 2017) (cleaned up, collecting Georgia and Federal cases on the issue).
[15] *Tan*, Dkt. 186.

fact that Mr. Sistrunk executed an NDA with his former employer has no bearing on whether he may be compelled to testify in a case where his knowledge about his former employer's software is relevant to the dispute.

### III. Mr. Sistrunk Has Had Ample Time to Obtain Counsel

That fact that Mr. Sistrunk remains unrepresented should not deter the Court from compelling his compliance with the subpoena. Mr. Sistrunk was served with his subpoena on August 26, and he appeared for his deposition on September 14. Furthermore, on September 26 Movant's counsel emailed Mr. Sistrunk a list of possible attorneys that Mr. Sistrunk could contact to represent him.[16] Nearly three months have passed, which is more than enough time for Mr. Sistrunk to engage counsel.[17]

### CONCLUSION

Movant LeAnne Tan respectfully requests that the Court grant her motion to compel and order Mr. Sistrunk to sit for a deposition and respond to questions Movant's counsel poses to him concerning his work at Konnektive.

---

[16] Ex. 3. Cyclone Covey Dec. ¶ 3.
[17] *Cf. Jie Zhu v. U.S. AG*, 648 F. App'x 957, 962 (11th Cir. 2016) (stating that 42 days–time from first hearing to final hearing–was sufficient time for asylum seeker who did not speak English to locate counsel when asylum seeker did not demonstrate any effort to complete asylum application). *See also AMF Holdings, LLC v. Elie*, No. 1:15-CV-3916-MHC-CMS, 2017 U.S. Dist. LEXIS 214669, at *3 (N.D. Ga. May 26, 2017) (roughly two months sufficient time to find counsel).

## CERTIFICATION OF COMPLIANCE

I certify that this brief complies with Local Rule 5.1 as it is printed in Times New Roman 14 point font and meets the Court's margin requirements.

January 5, 2023                             Respectfully submitted,

/s/ A. Cyclone Covey
A. Cyclone Covey
GA Bar No. 190747
Kneupper & Covey, PC
4475 Peachtree Lakes Dr.
Berkeley Lake GA 30096
cyclone@kneuppercovey.com
678-928-6806

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system on this 5th day of January, 2023. I also certify that the foregoing document, MOTION TO COMPEL COMPLIANCE WITH SUBPOENA, is being served this day on all counsel of record identified on the Service List below in the matter specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing electronically.

/s/ Cyclone Covey

| | |
|---|---|
| GORDON REES SCULLY MANSUKHANI, LLP<br>Kimberly D. Howatt, Esq<br>Damon W.D. Wright, Esq. (pro hac vice)<br>101 West Broadway, Suite 2000<br>San Diego, CA 92101<br>khowatt@grsm.com;<br>dwright@grsm.com; savants@grsm.com | *Attorneys for "Quick Box" Defendants*<br><br><br><br><br>[SERVED VIA EMAIL] |
| GORDON REES SCULLY MANSUKHANI, LLP<br>Ryan M. Poteet, Esq.<br>1101 King St., Suite 520<br>Alexandria, VA 22314<br>rpoteet@grsm.com | *Attorneys for "Quick Box" Defendants*<br><br><br><br>[SERVED VIA EMAIL] |

| | |
|---|---|
| GORDON REES SCULLY MANSUKHANI, LLP<br>Christopher B. Queally, Esq.<br>Tatiana Dupuy, Esq.<br>5 Park Plaza, Suite 1100<br>Irvine, CA 92614<br>cqueally@grsm.com; tdupuy@grsm.com;<br>savants@grsm.com | *Attorneys for "Konnektive" Defendants*<br><br><br><br><br>[SERVED VIA EMAIL] |
| Kiet Liu<br>2000 S. Yale Street, Ste. G<br>Santa Ana, CA 92704<br>kiet@rocketmgmtgroup.com;<br>tanlitigation@gmail.com | *Pro se, Third Party Defendant*<br><br><br>[SERVED VIA EMAIL] |
| Rocket Management Group, LLC<br>c/o Registered Agent<br>2000 S Yales Street, Ste. G<br>Santa Ana, CA 92704<br>tanlitigation@gmail.com | *Pro se, Third Party Defendant*<br><br><br><br>[SERVED VIA EMAIL] |