# EXHIBIT 1

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of California

| | |
|---|---|
| LeAnne Tan, et al., | ) |
| *Plaintiff* | ) |
| v. | )   Civil Action No.   3:20-cv-01082-LL-DEB |
| Quick Box, LLC et al., | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:         Jeremy Sistrunk, 1405 Crestlane Dr., Smyrna, GA 30080

*(Name of person to whom this subpoena is directed)*

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Regus - Atlanta<br>3330 cumberland blvd 5th floor<br>Smyrna, GA 30080 | Date and Time:<br><br>09/14/2022 9:00 am |
|---|---|

The deposition will be recorded by this method:   stenographically by audio and/or video

☐ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   08/24/2022

|    *CLERK OF COURT* | |
|---|---|
| | OR |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Plaintiff
Leanne Tan
, who issues or requests this subpoena, are:

Kevin Kneupper, 17011 Beach Blvd., Ste. 900, Huntington Beach, CA 92467; kevin@kneuppercovey.com;512-420-8407

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
   **(i)** is a party or a party's officer; or
   **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
   **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

   **(i)** fails to allow a reasonable time to comply;
   **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
   **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

   **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   **(i)** expressly make the claim; and
   **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   3:20-cv-01082-LL-DEB

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 3:20-CV-01082-LL-DEB

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* __JEREMY SISTRUNK__ _____

on *(date)* __08/25/2022__ .

☑ I served the subpoena by delivering a copy to the named individual as follows: _____

**by delivering a true copy of this process to: JEREMY SISTRUNK** _____

**and informing him/her of the contents** _____ on *(date)* __08/26/2022__ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ __0.00__ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: __08/26/2022__ _____
Server's signature

**Lorenzo Kenerson, Process Server**
_____
Printed name and title

**Sprint Process LLC**
**4848 Memorial DR, Suite D**
**Stone Mountain, GA 30083**
_____
Server's address

Additional information regarding attempted service, etc.:
**Description of person papers left with:**
**Sex: Male- Age:40- Skin: Black - Hair:Black - Height:5ft 9in- 6 ft - Weight:161-200 lbs**

**Service Address: 1405 CRESTLANE DR.**
**City/State/Zip: SMYRNA, GA 30080**



**PROOF OF SERVICE**

*Tan v. Quick Box, LLC, et al.*

USDC – Southern District of CA – Case No. 3:20-cv-01082-LL-DEB

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action; my business address is 17011 Beach Blvd., Ste. 900, Huntington Beach, CA 92647.

On  August  30,  2022,  I  served  the  forgoing  documents  described  as: **SUBPOENA  TO  TESTIFY  AT  A  DEPOSITION  IN  A  CIVIL  ACTION TO:   JEREMY   SISTRUNK** on the following person(s) in the manner indicated:

GORDON REES SCULLY                      *Attorneys for "Quick Box" Defendants*
MANSUKHANI, LLP
Kimberly D. Howatt, Esq
Damon W.D. Wright, Esq. (pro hac vice)
101 West Broadway, Suite 2000
San Diego, CA 92101

khowatt@grsm.com
dwright@grsm.com
cc: savants@grsm.com

GORDON REES SCULLY
MANSUKHANI, LLP
Ryan M. Poteet, Esq.
1101 King St., Suite 520
Alexandria, VA 22314
rpoteet@grsm.com

GORDON REES SCULLY                      *Attorneys for "Konnektive" Defendants*
MANSUKHANI, LLP
Christopher B. Queally, Esq.
Tatiana Dupuy, Esq.
Kimberly Diane Howatt, Esq.
5 Park Plaza, Suite 1100
Irvine, CA 92614

cqueally@grsm.com

tdupuy@grsm.com
khowatt@gordonrees.com
cc: savants@grsm.com

Kiet Liu                                          *Pro se, Third Party Defendant*
2000 S. Yale Street, Ste. G
Santa Ana, CA 92704

kiet@rocketmgmtgroup.com
tanlitigation@gmail.com

Rocket Management Group, LLC                      *Pro se, Third Party Defendant*
c/o Registered Agent
2000 S Yales Street, Ste. G
Santa Ana, CA 92704

tanlitigation@gmail.com

**[X] (BY UNITED STATES MAIL)** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed above and deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

**[X] (BY EMAIL):** A true and correct portable document format ("pdf") copy of the document described above was electronically served via email on the above recipients, at their respective email addresses. My electronic service address is suzy@kneuppercovey.com.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on August 30, 2022, at Orange County, California.


_____
*Suzy Garcia*
Suzy Garcia

# EXHIBIT 2

LeAnne Tan, et al. vs Quick Box, LLC, et al.
Jeremy Sistrunk                                        September 14, 2022

UNITED STATES DISTRICT COURT

FOR THE

SOUTHERN DISTRICT OF CALIFORNIA


LeANNE TAN, et al.,

       Plaintiffs,

    vs.

QUICK BOX, LLC, et al.,

       Defendants.

~~~~~~~~~~~~~~~~~~~~~~~~

CIVIL ACTION
FILE NO.
3:20-cv-01082-LL-DEB


VIDEOTAPED VIDEOCONFERENCE DEPOSITION OF

JEREMY SISTRUNK


September 14, 2022

9:31 a.m.


3330 Cumberland Boulevard SE

Suite 500

Atlanta, Georgia


Nicole Limoncelli, RPR, CCR-5799-5142-5014-9888



LeAnne Tan, et al. vs Quick Box, LLC, et al.
Jeremy Sistrunk                                                    September 14, 2022

Page 13

1       Q.   So I will -- it'll pop up on your screen
2    just a second here.

3       A.   Okay.  Just here?

4       Q.   Yeah, it'll -- it'll pop up for you.

5            Do you recognize this -- this document?

6       A.   Yes, sir (perusing).

7       Q.   What is it?

8       A.   This is my LinkedIn profile.

9       Q.   Okay.  And I'm going to take you down about
10   halfway on the first page here.  And you see -- see
11   where it's got your Konnektive experience on there?

12      A.   (Perusing.)

13      Q.   I can make it a little bit larger for you if
14   you would like?

15      A.   Yes (perusing).

16      Q.   And so this says that you worked there from
17   January --

18      A.   Yeah, about 6 months.

19      Q.   -- 2017 to June 2017; is that -- is that
20   right?

21      A.   Yes, that's accurate, I think.

22      Q.   Okay.  Okay.  All right.  So once you first
23   got hired, tell me a little bit about how you sort of
24   got integrated to the team.  Who your boss was, what
25   your responsibilities were, that kind of thing.



LeAnne Tan, et al. vs Quick Box, LLC, et al.
Jeremy Sistrunk                                                          September 14, 2022

Page 143

1        Q.    The trade secret nondisclosure agreement

2   document that you had to sign when you were working at

3   Konnektive, did that document require or seek to

4   prevent you from discussing the features of the

5   Konnektive system?

6              MR. QUEALLY:  Objection.  The document,

7         wherever it is, speaks for itself.  It also

8         misstates prior testimony.

9              THE WITNESS:  It misstates prior testimony?

10  BY MR. COVEY:

11       Q.    You can answer the question.

12       A.    Oh.  I don't know.  Did -- did that attorney

13  just tell me like if I answer this question I can get

14  in trouble?

15       Q.    No, he just made an objection.

16       A.    Okay.  Now I'm a little scared to answer it.

17  Can I just skip that question?

18       Q.    Well, I -- I'm trying to understand what it

19  is that's making you potentially uncomfortable

20  answering, for example, a question like this, about

21  the nondisclosure agreement.

22       A.    For the exact nature of it.

23       Q.    Well, did somebody threaten you and tell you

24  if you answered questions that you could get in

25  trouble?



LeAnne Tan, et al. vs Quick Box, LLC, et al.
Jeremy Sistrunk                                                                September 14, 2022

Page 144

1      A.   I have stated at the beginning of this court

2   session that -- that had happened while I was there,

3   and I'm afraid for any other legal recourse that could

4   happen to me in the feature for those documents

5   because I was signed retroactively after my

6   employment.  So like we were em- -- I was employed for

7   a while, and then all of a sudden this document came

8   down.  And then like almost a week or two later I was

9   fired, so.  And I don't know whether or not -- I don't

10  have an advocate or arbitrator for me to talk about

11  this document.

12            Now, I -- I do believe that the terms -- oh,

13  why is there so many helicopters?

14            But it's like -- anyway.

15            But five -- I'm sorry.  That was

16  distracting.

17            Could you please repeat the question so I

18  could start over?  That was very distracting.

19      Q.   I'm just trying to understand why you feel

20  uncomfortable talking about certain aspects of, you

21  know, what -- what I'm asking you today.

22      A.   Because right before I was fired I was told

23  to sign a document that I had objections to signing.

24  And I was told that if I did not sign it I was going

25  to lose my job.  Subsequently wound up losing my job



LeAnne Tan, et al. vs Quick Box, LLC, et al.
Jeremy Sistrunk                                    September 14, 2022

Page 145

 1   anyway.  So -- and I don't know whether or not I'm

 2   still held to the terms or the boundings of that

 3   contract that I signed because it had anti-compete

 4   clauses and things that are inside that document

 5   that -- I don't know how much of that I can even

 6   discuss because I don't have my own advocate, which I

 7   have stated before this day.

 8          I've also requested my own legal counsel in

 9   this whole event too because I don't know how much of

10   this can fall back on me.  So I -- that's the real

11   reason why I'm very uncomfortable talking today in

12   court.

13        Q.   Has anybody contacted you after --

14             MR. QUEALLY:  Hang on.

15             MR. COVEY:  Go ahead.

16             MR. QUEALLY:  I hate to interrupt, but if

17   he's -- he's asked for his own legal counsel -- I

18   didn't know that.  He didn't ask me for a legal

19   counsel.  Were you aware that he asked for legal

20   counsel?

21             MR. COVEY:  He didn't ask me for legal

22   counsel.  He just said he would like to have it.

23   And obviously I can't provide him legal counsel.

24             MR. QUEALLY:  Well, I usually tell a witness

25   if they want a lawyer to show up at their



LeAnne Tan, et al. vs Quick Box, LLC, et al.
Jeremy Sistrunk                                                      September 14, 2022

Page 146

```
 1    deposition, they're entitled to have one.

 2         MR. COVEY:  Oh, yeah.

 3         THE WITNESS:  I just don't have the -- my

 4    own money to afford my own legal counsel.  So

 5    before this day I've been shopping around for

 6    attorneys and everything to help guide me through

 7    this process.  And I don't know whether or not

 8    through this disclosure that anything could happen

 9    to me in terms sub- -- subsequently being charged

10    up in other charges because of that document.

11         Like I feel like I could even help more in

12    this case, but I don't know how much of this I

13    could be legal liable for.  So I would need my own

14    advocate, and I have stated before this day that I

15    needed one.

16         MR. COVEY:  So, Christopher --

17         MR. QUEALLY:  Well, for the record --

18         MR. COVEY:  Go ahead.

19         MR. QUEALLY:  -- I -- I have not been in any

20    communication with Mr. Sistrunk --

21         THE WITNESS:  No.

22         MR. QUEALLY:  -- prior to today.  So --

23         THE WITNESS:  I didn't know whether or not

24    it was okay for me to even contact this attorney

25    because I was like I don't have my own advocate.
```

LeAnne Tan, et al. vs Quick Box, LLC, et al.
Jeremy Sistrunk                                                    September 14, 2022

Page 152

```
 1    wasting time now.
 2         MR. COVEY:  Okay.  Well --
 3         MR. QUEALLY:  I told you I can't make
 4    decisions without discussing it with my client.  I
 5    can't make decisions about a document I haven't
 6    seen, I don't know the terms of, and I don't know
 7    the circumstances surrounding its supposed
 8    execution.  I've -- I've repeated that several
 9    times to you.  I -- I know you want to frame it a
10    certain way for the record, but I think we're
11    going in circles.  That's all.
12         MR. COVEY:  Okay.  Well, I will continue to
13    ask Mr. Sistrunk questions and we'll see what he
14    says.
15  BY MR. COVEY:
16        Q.   Have you seen anything at Konnektive that
17  you would consider to be either -- well, unethical?
18        A.   I would need a lawyer.
19        Q.   So you don't feel comfortable answering that
20  question?
21        A.   I would need a lawyer.
22        Q.   You would need a lawyer because you don't
23  feel comfortable answering that question?
24        A.   Yes.
25        Q.   Okay.
```



LeAnne Tan, et al. vs Quick Box, LLC, et al.
Jeremy Sistrunk                                                                September 14, 2022

Page 153

```
 1      A.   I don't feel comfortable about the whole
 2  proceeding at this point.
 3      Q.   Have you seen anything at Konnektive that
 4  you would consider to be unfair business practices?
 5           MR. QUEALLY:  Objection, calls for an expert
 6      opinion.
 7           THE WITNESS:  Re- -- rephrase or repeat that
 8      question.
 9  BY MR. COVEY:
10      Q.   Have you seen anything at Konnektive that
11  you would consider to be unfair business practices?
12           MR. QUEALLY:  Same objections.
13           THE WITNESS:  What is "unfair"?
14  BY MR. COVEY:
15      Q.   Well, whatever you consider to be unfair.
16      A.   Unfortunately, I -- I -- even if I did, I
17  would need something to protect me from disclosing
18  anything.
19      Q.   Okay.  So you're saying you're not
20  comfortable answering that question?
21      A.   I'm not an- -- comfortable answering any of
22  the questions now.  And I feel a little misled.  I
23  just need someone to advocate that I'm not going to
24  get sued after this.
25           MR. COVEY:  Okay.  Well, Christopher, I
```



LeAnne Tan, et al. vs Quick Box, LLC, et al.
Jeremy Sistrunk                                                    September 14, 2022

Page 154

```
 1      think if you're not willing to stipulate to that
 2      for Mr. Sistrunk, then we need to call the Court
 3      so that we have -- make it real clear that he
 4      should be allowed to testify without fear of, you
 5      know, civil liability.
 6           MR. QUEALLY:  What was that?  We need to do
 7      what?
 8           MR. COVEY:  We need to call the Court so
 9      that we can make it clear to Mr. Sistrunk that he
10      can testify without fear of civil liability.
11           MR. QUEALLY:  Right.  I'll repeat the fact
12      that you did not include in your subpoena whatever
13      document you're referring to.  And I have a
14      feeling that the magistrate judge will say if --
15      if the witness is unrepresented and he would like
16      representation, you know, he -- he should be
17      allowed to have that in front of the judge before
18      he makes a decision.  The witness also stated on
19      the record he was misled.  And I'd like to know
20      what he was misled about before we call the judge.
21           MR. COVEY:  Okay.
22   BY MR. COVEY:
23        Q.  Mr. Sistrunk, what were you misled about?
24        A.  I was -- I feel like I'm being -- I could be
25   held civilly liable for the things that I'm being said
```



LeAnne Tan, et al. vs Quick Box, LLC, et al.
Jeremy Sistrunk                                          September 14, 2022

Page 155

1   today.  And I was under the presumption that anything

2   I said I could have said without any kind of

3   intimidation or fear or coercion.  So me signing that

4   document before leaves me beholding to certain legal

5   things and I don't know the -- my own rights.  And I

6   just -- I -- I -- I -- I would like an advocate for me

7   so that I will not face any civil penalties or

8   criminal penalties for what I want to disclose.

9           I -- I -- I do -- will -- I will adhere to

10   the truth.  But if I can't say what I need to say in

11   court without facing some kind of civil penalty or

12   some -- or at least some kind of explanation to those

13   things, and if I feel uncomfortable, like since you

14   asked, yeah.

15       Q.   And -- and just -- just to be clear, no one

16   told you that you couldn't have a lawyer here, right?

17       A.   I've been shopping around for a lawyer.  I

18   called the Cobb County Attorneys Association.  I got

19   in contact with two different attorneys.  And they

20   kept telling me that I don't -- you know, I can't

21   represent this.  I'm in the wrong area.

22           At the very end of it I was supposed to have

23   a public consumer attorney.  And then that attorney

24   want $10,000 of me upfront to -- to represent me

25   today.  And unfortunately I don't have those kind of



LeAnne Tan, et al. vs Quick Box, LLC, et al.
Jeremy Sistrunk                                                    September 14, 2022

Page 156

1   protections.  Like, I mean, yeah.  I mean, we're cool

2   in my office, we can do the deposition and everything

3   like that.  But like I -- I don't have any protection

4   from that.

5             Like if he decides that he wanted to -- to

6   file suit, even just the defense alone would drive my

7   entire business bankrupt.  Since I've lost -- since

8   I've left this guy, I've started my own business.  I'm

9   at Sistrunk Software now.  So I don't really -- this

10  is old news.  I do want to do the truth.  I do want to

11  do what's right.  But I don't feel protected like I

12  can say whatever I want to say because of that

13  document.

14        Q.    Do you have a copy of it?

15        A.    More than likely at home.  I could probably

16  produce it if I was given a few days.

17        Q.    Okay.

18        A.    But I also feel like that's really -- yeah.

19  I -- I -- why is it not on the -- on their part to

20  produce it though.  Like he definitely made me sign

21  it.  It's not like it's a secret.  It's an important

22  agreement.

23        Q.    Okay.

24        A.    We both had to sign it, me and Jared.  Like

25  we all -- we -- all the parties involved had to sign



LeAnne Tan, et al. vs Quick Box, LLC, et al.
Jeremy Sistrunk                                                     September 14, 2022

Page 164

1    into my tenure at Konnektive.  And I -- and I

2    wasn't given a chance not to sign it basically

3    unless I would be under -- or get fired.

4          So basically because I did agree -- sign

5    that agreement, I don't feel comfortable giving

6    testimony if I could be felt -- held civilly

7    liable to that agreement.

8          Prior to this day, I need -- I said I need

9    an attorney about this and I've been looking for

10   attorneys.  I called the Cobb Bar Association.  I

11   have been looking around for attorney prior to

12   this day.  But the attorneys that was presented to

13   me was like 10,000 and above.

14         And I need some kind of assurance that what

15   I can say today won't hold me civilly liable to

16   that agreement.  Like -- because if I -- if -- if

17   I get sued because of this, neither Mr. -- there

18   will be no advocate for me, period.  I will just

19   be at the behest of whatever suit comes next.

20         So I'm just simply saying I don't feel

21   comfortable giving testimony because I don't feel

22   like I have my own advocate and I don't -- I don't

23   have a whole explanation of what I could be held

24   civilly liable to.

25         THE COURT:  Okay.  Just -- just a moment.



LeAnne Tan, et al. vs Quick Box, LLC, et al.
Jeremy Sistrunk                                                September 14, 2022

Page 175

1         Q.    Okay.  So to begin with, Mr. Sistrunk, are

2    you willing to answer any more questions today

3    concerning Konnektive or anything that we've -- we've

4    been talking about today?

5         A.    No, sir.

6         Q.    Okay.  And why is that?

7         A.    Because I feel like what I'm saying, I could

8    be held civilly or criminally liable for.  And I do

9    not know -- I don't have my -- I don't have a clear

10   understanding of what I can and can't say without

11   being sued.

12        Q.    So if I were going to ask you any more

13   questions, are you going to be willing to answer them?

14        A.    No, sir.

15             MR. QUEALLY:  Mr. Sistrunk, do you feel as

16        though you were given enough time to locate a

17        lawyer after you were served with the subpoena?

18             THE WITNESS:  No, sir.

19             MR. COVEY:  Okay.  So the witness has made

20        it clear that he's not willing to answer any more

21        questions, and we have to figure out what to do

22        given that.  We've already called the Court, and

23        the Court has said he's not going to compel him

24        today to answer.

25             And I don't think we're able to agree on an



# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LEANNE TAN, Individually and On Behalf of All Others Similarly Situated, | &#124; <br> &#124; <br> &#124; <br> &#124; |
| Movant, | &#124; <br> &#124; |
| v. | &#124;  CIVIL ACTION NO. _____ |
| | &#124; |
| JEREMY SISTRUNK | &#124; <br> &#124; |
| Respondent. | &#124; |

## DECLARATION OF CYCLONE COVEY

1.  My name is Alexander Cyclone Covey. I, along with my law partner, Kevin Kneupper, am Plaintiff's counsel in the case *Tan v. Quickbox*, LLC, No. 3:20cv1082, which is currently pending in the Southern District of California.

2.  This declaration is given in support of the Motion to Compel Mr. Jeremy Sistrunk to comply with a subpoena issued to him in August 2022.

3.  Twelve days after Mr. Sistrunk stated that he would no longer answer questions at his deposition, on September 26, 2022, Mr. Kneupper emailed Mr. Sistrunk the websites of three attorneys that Mr. Sistrunk might contact to obtain representation in this matter.

4.  On December 7, 2022, I emailed Mr. Sistrunk to inform him that Plaintiff/Movant would be seeking to move to compel his testimony if he did not

agree to resume his deposition. I asked that he reply by December 12. As of today, January 5, Mr. Sistrunk has not responded to my email.

I declare and state under the penalty of perjury pursuant to the laws of the State of Georgia that the foregoing is true and correct.

January 5, 2023

_____
A. Cyclone Covey, Esq.
Declarant
GA Bar No. 190747

# FILED PROVISIONALLY UNDER SEAL

# EXHIBIT 4