IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

| | |
|---|---|
| JOSHUA MONTGOMERY, individually and as assignee of the estate of Joseph Daniel Wayton, Jr.,<br><br>    Plaintiff,<br><br>v.<br><br>STATE FARM FIRE AND CASUALTY COMPANY,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)   CIVIL ACTION FILE NO.<br>)   22A04501<br>)<br>)<br>)<br>)<br>) |

### ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT STATE FARM FIRE AND CASUALTY COMPANY

COMES NOW **Defendant State Farm Fire and Casualty Company ("State Farm")**, by and through the undersigned counsel, and hereby submits its Answer and Affirmative Defenses to Plaintiff's Complaint, as follows:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim against State Farm upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff lacks standing to bring this action against State Farm.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed to meet the terms and conditions precedent to bringing suit against State Farm in connection with the claims alleged in the Complaint, and therefore his claims against State Farm must be dismissed.

#### FOURTH AFFIRMATIVE DEFENSE

State Farm breached no duty owed to Plaintiff and has complied with Georgia law and the provisions of the insurance contract(s) applicable to the claims alleged in the Complaint.

#### FIFTH AFFIRMATIVE DEFENSE

State Farm has not breached any duty owed or contract with Plaintiff or its insured, and therefore, Plaintiff may not recover from State Farm. At all times, State Farm has acted in accordance with its rights and obligations as set forth in Policy No. 11-LC-7105-9 issued by State Farm to named insured Joseph D. Wayton, Jr. (hereinafter the "Policy") and applicable Georgia law.

#### SIXTH AFFIRMATIVE DEFENSE

The purported assignment upon which Plaintiff asserts the right to pursue recovery directly against State Farm is invalid under the terms of the Policy and Georgia law. See Williams v. Mayflower, 238 Ga. Ap. 581 (1999); State Farm Fire and Casualty Company v. King Sports, 827 F.Supp.2d 1364 (N.D. Ga. 2011); Affinity Roofing, LLC a/a/o Farzam Kadkhodaian v. The Cincinnati Ins. Co., 18-CV-01205-ELR (N.D. Ga. Jan. 9th, 2020); Affinity Roofing, LLC a/a/o Kriston Hall v. State Farm Fire & Cas. Co., 18-CV-4329-TCB (N.D. Ga. Apr. 28th, 2020); Emergency Services 24, Inc. v. Georgia Farm Bureau Mutual Ins. Co., Superior Court of Bibb County, Georgia, Civil Action No. 11-C5-55516, Order dated April 9, 2013.

#### SEVENTH AFFIRMATIVE DEFENSE

State Farm never consented to the Assignment in writing as required by the Policy and, therefore, Plaintiff is barred from bringing this action.

**EIGHTH AFFIRMATIVE DEFENSE**

To the extent Plaintiff Montgomery seeks to assert a breach of contract action against State Farm, Plaintiff Montgomery may not maintain such an action because State Farm never issued a policy of insurance to him, nor did State Farm ever enter into any contract with him in connection with the subject property, policy, and/or claim.

**NINTH AFFIRMATIVE DEFENSE**

The alleged acts, if any, and omissions, if any, of State Farm did not approach nor constitute breach of contract, or negligent or bad faith failure to settle.

**TENTH AFFIRMATIVE DEFENSE**

State Farm denies Plaintiff is entitled to recovery as a judgment creditor in a direct action against State Farm, as there was no insurance coverage applicable to the claims alleged in the underlying lawsuit, *Joshua Montgomery v. Diana L. Tardif as Executor of the Estate of Joseph Daniel Wayton, Jr.*; State Court of Fayette County, Civil Action No. 2020SV-0269.

**ELEVENTH AFFIRMATIVE DEFENSE**

State Farm denies it acted with any degree of bad faith or other inappropriate conduct which would entitle Plaintiff to penalties, attorney's fees, and litigation expenses as pled.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims of breach of contract, or negligent or bad faith failure to settle are insufficient in fact and law. State Farm has acted reasonably, in good faith, in accordance with the provisions of its insured's insurance contract(s), and with the diligence exercised by others in the industry. State Farm has at all times acted in good faith and reasonably with respect to the actions it has taken, and State Farm's actions were in accordance with the applicable standard of care. Therefore, Plaintiff fails to state a claim for any damages, bad faith and attorneys' fees.

### **THIRTEENTH AFFIRMATIVE DEFENSE**

No act or omission of State Farm either proximately caused or contributed to whatever damages Plaintiff seeks in this case and, therefore, Plaintiff is not entitled to recover any sum from State Farm.

### **FOURTEENTH AFFIRMATIVE DEFENSE**

To the extent Plaintiff is entitled to recover under the Policy, which State Farm disputes, Plaintiff may not recover for any loss or damage which occurred more than one year prior to November 21, 2022, the day Plaintiff filed the subject lawsuit. The Policy provides in **SECTION I – CONDITIONS** as follows: 6. **Suit Against Us**. No action shall be brought unless there has been compliance with the policy provisions. The action must be started within one year after the date of loss or damage.

### **FIFTEENTH AFFIRMATIVE DEFENSE**

To the extent Plaintiff asserts a claim for attorneys' fees and expenses of litigation under O.C.G.A. § 13-6-11, or seeks to recover any extra contractual damages against State Farm, such claims are factually and legally without merit and should be dismissed. Furthermore, O.C.G.A. § 33-4-6 is the exclusive remedy for extra-contractual damages recoverable by an insured against an insurer based on a failure to pay policy benefits. State Farm has at all times acted in good faith and with fair dealing with respect to the subject claim.

### **SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiff is not a proper party or real party in interest in regard to some of the items of damages outlined in the Complaint, and can therefore not recover for same.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiff may not recover from State Farm because the Policy specifically excludes coverage for Plaintiff's claimed damages.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

To the extent Plaintiff is entitled to any recovery from State Farm, which State Farm denies, Plaintiff's recovery is limited by the Policy provisions and coverage limits set forth in the Policy.

**NINTEENTH AFFIRMATIVE DEFENSE**

To the extent that Plaintiff attempts to impose duties upon State Farm aside from those set forth in the Policy, Plaintiff's claims fail in both fact and law. Georgia law does not impose extracontractual duties on insurers or their adjusters when adjusting claims asserted by insureds. Moreover, at all times relevant hereto, State Farm acted in good faith and in accordance with the terms and conditions of the Policy.

**TWENTIETH AFFIRMATIVE DEFENSE**

Plaintiff cannot recover based on the doctrines of unclean hands, possible fraud, collusion, and illegality.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

State Farm raises the defense of improper venue, as it does not reside in or maintain a registered agent or principal place of business in DeKalb County, Georgia.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

This Honorable Court lacks jurisdiction over State Farm and, as a result thereof, Plaintiff's Complaint must be dismissed.

## **TWENTY-THIRD AFFIRMATIVE DEFENSE**

State Farm expressly reserves the right to assert any and all affirmative defense(s) and matter(s) in avoidance as may be disclosed during the course of additional investigation and discovery. Subject to and without waiving any of their other respective rights, jurisdictional or legal defenses, or objections, State Farm responds to the specific allegations contained in the individual and enumerated paragraphs of the Complaint as follows:

## **PARTIES, VENUE AND JURISDICTION**

1.

To the best of State Farm's knowledge and belief, State Farm admits the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2.

State Farm admits only that it is a foreign insurance company that is licensed to and transacts business in the State of Georgia. State Farm denies the remaining allegations contained in Paragraph 2 of Plaintiff's Complaint as stated.

3.

State Farm admits only that its registered agent for service of process in Georgia is Corporation Service Company, which is located at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092. State Farm denies the remaining allegations contained in Paragraph 3 of Plaintiff's Complaint as stated.

4.

State Farm admits the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5.

State Farm admits only that it transacts business in DeKalb County, Georgia. State Farm denies the remaining allegations contained in Paragraph 5 of Plaintiff's Complaint as stated.

## FACTUAL ALLEGATIONS

6.

State Farm admits only that Plaintiff Joshua Montgomery alleges he was seriously injured in an incident that is said to have occurred on September 12, 2018 on the property located at 218 Neely Road, Fayetteville, Georgia. State Farm denies the remaining allegations contained in Paragraph 6 of Plaintiff's Complaint as stated.

7.

State Farm admits the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8.

State Farm is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 8 of Plaintiff's Complaint and, therefore, can neither admit nor deny same.

9.

State Farm is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 9 of Plaintiff's Complaint and, therefore, can neither admit nor deny same.

10.

To the best of State Farm's knowledge and belief, State Farm admits its insured, Joseph D. Wayton, Jr., was involved in an accident shortly before the date of Plaintiff Joshua Montgomery's alleged fall. State Farm denies Plaintiff Joshua Montgomery was Mr. Wayton's

temporary guest, and denies the remaining allegations contained in Paragraph 10 of Plaintiff's Complaint as stated.

11.

State Farm is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 11 of Plaintiff's Complaint and, therefore, can neither admit nor deny same.

12.

State Farm is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 12 of Plaintiff's Complaint and, therefore, can neither admit nor deny same.

13.

State Farm is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 13 of Plaintiff's Complaint and, therefore, can neither admit nor deny same.

14.

State Farm admits only that it issued a Homeowners Policy, Policy No. 11-LC-7105-9, to Joseph D. Wayton, Jr. with personal liability limits of $300,000 in connection with the property located at 218 Neely Road, Fayetteville, Georgia, that said Policy was effective October 30, 2017 to October 30, 2018, that Exhibit "A" to Plaintiff's Complaint is a copy of the Policy Renewal Certificate, and that said Exhibit speaks for itself.  State Farm denies the remaining allegations contained in Paragraph 14 of Plaintiff's Complaint as stated.

15.

State Farm is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 15 of Plaintiff's Complaint and, therefore, can neither admit nor deny same.

16.

State Farm is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 16 of Plaintiff's Complaint and, therefore, can neither admit nor deny same.

17.

State Farm is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 17 of Plaintiff's Complaint and, therefore, can neither admit nor deny same.

18.

State Farm admits only that Exhibit "B" to Plaintiff's Complaint is a copy of the September 20, 2019 correspondence sent by Joshua Montgomery's attorney, and that said Exhibit speaks for itself.  State Farm denies the remaining allegations contained in Paragraph 18 of Plaintiff's Complaint as stated.

19.

State Farm admits only that Exhibit "B" to Plaintiff's Complaint is a copy of the September 20, 2019 correspondence sent by Joshua Montgomery's attorney, and that said Exhibit speaks for itself.  State Farm denies the remaining allegations contained in Paragraph 19 of Plaintiff's Complaint as stated.

20.

State Farm denies the allegations contained in Paragraph 20 of Plaintiff's Complaint as stated.

21.

State Farm denies the allegations contained in Paragraph 21 of Plaintiff's Complaint as stated.

22.

State Farm admits only that Exhibit "C" to Plaintiff's Complaint is a copy of State Farm's October 25, 2019 correspondence, and that said Exhibit speaks for itself.  State Farm denies the remaining allegations contained in Paragraph 22 of Plaintiff's Complaint as stated.

23.

State Farm admits only that Exhibit "C" to Plaintiff's Complaint is a copy of State Farm's October 25, 2019 correspondence, and that said Exhibit speaks for itself.  State Farm denies the remaining allegations contained in Paragraph 23 of Plaintiff's Complaint as stated.

24.

State Farm denies the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25.

State Farm denies the allegations contained in Paragraph 25 of Plaintiff's Complaint as stated.

26.

State Farm admits only that Exhibit "D" to Plaintiff's Complaint is a copy of the Complaint in Civil Action filed in *Joshua Montgomery v. Diana L. Tardif as Executor of the Estate of Joseph Daniel Wayton, Jr.*; State Court of Fayette County, Civil Action No. 2020SV-

0269, and that said Exhibit speaks for itself. State Farm denies the remaining allegations contained in Paragraph 26 of Plaintiff's Complaint as stated.

27.

State Farm denies the allegations contained in Paragraph 27 of Plaintiff's Complaint as stated.

28.

State Farm admits the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29.

State Farm admits only that it received a copy of the Complaint in Civil Action filed in *Joshua Montgomery v. Diana L. Tardif as Executor of the Estate of Joseph Daniel Wayton, Jr.*; State Court of Fayette County, Civil Action No. 2020SV-0269. State Farm denies the remaining allegations contained in Paragraph 29 of Plaintiff's Complaint as stated.

30.

State Farm admits only that Exhibit "E" to Plaintiff's Complaint is a copy of State Farm's June 12, 2020 correspondence to Diana L. Tardif as Executor of the Estate of Joseph Daniel Wayton, Jr., and that said Exhibit speaks for itself. State Farm denies the remaining allegations contained in Paragraph 30 of Plaintiff's Complaint as stated.

31.

State Farm denies the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32.

State Farm admits only that Exhibit "F" to Plaintiff's Complaint is a copy of the Final Judgment Order entered in *Joshua Montgomery v. Diana L. Tardif as Executor of the Estate of Joseph Daniel Wayton, Jr.*; State Court of Fayette County, Civil Action No. 2020SV-0269, and

that said Exhibit speaks for itself. State Farm denies the remaining allegations contained in Paragraph 32 of Plaintiff's Complaint as stated.

33.

State Farm is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 33 of Plaintiff's Complaint and, therefore, can neither admit nor deny same.

34.

State Farm is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 34 of Plaintiff's Complaint and, therefore, can neither admit nor deny same.

35.

State Farm denies the allegations contained in Paragraph 35 of Plaintiff's Complaint.

## COUNT 1
## BREACH OF CONTRACT

36.

State Farm re-alleges and incorporates by reference its affirmative defenses and individual responses to Paragraphs 1 through 35 of Plaintiff's Complaint as if fully set forth herein.

37.

State Farm denies the allegations contained in Paragraph 37 of Plaintiff's Complaint.

38.

State Farm denies the allegations contained in Paragraph 38 of Plaintiff's Complaint as stated.

39.

State Farm denies the allegations contained in Paragraph 39 of Plaintiff's Complaint.

40.

State Farm denies the allegations contained in Paragraph 40 of Plaintiff's Complaint.

41.

State Farm denies the allegations contained in Paragraph 41 of Plaintiff's Complaint.

42.

State Farm denies the allegations contained in Paragraph 42 of Plaintiff's Complaint.

43.

State Farm denies the allegations contained in Paragraph 43 of Plaintiff's Complaint.

44.

State Farm denies the allegations contained in Paragraph 44 of Plaintiff's Complaint.

## COUNT 2
## NEGLIGENT OR BAD FAITH FAILURE TO SETTLE
## UNDER THE COMMON LAW

45.

State Farm re-alleges and incorporates by reference its affirmative defenses and individual responses to Paragraphs 1 through 44 of Plaintiff's Complaint as if fully set forth herein.

46.

State Farm admits the allegations contained in Paragraph 46 of Plaintiff's Complaint.

47.

State Farm denies the allegations contained in Paragraph 47 of Plaintiff's Complaint as stated.

48.

State Farm denies the allegations contained in Paragraph 48 of Plaintiff's Complaint.

49.

State Farm denies the allegations contained in Paragraph 49 of Plaintiff's Complaint.

50.

State Farm denies the allegations contained in Paragraph 50 of Plaintiff's Complaint.

51.

State Farm denies the allegations contained in Paragraph 51 of Plaintiff's Complaint.

52.

State Farm denies the allegations contained in Paragraph 52 of Plaintiff's Complaint.

53.

State Farm denies the allegations contained in Paragraph 53 of Plaintiff's Complaint.

**COUNT 3**
**JUDGMENT CREDITORS' DIRECT ACTION**
**AGAINST JUDGMENT DEBTOR'S INSURANCE COMPANY**

54.

State Farm re-alleges and incorporates by reference its affirmative defenses and individual responses to Paragraphs 1 through 53 of Plaintiff's Complaint as if fully set forth herein.

55.

State Farm denies the allegations contained in Paragraph 55 of Plaintiff's Complaint as stated.

56.

In response to the allegations contained in Paragraph 56 of Plaintiff's Complaint, State Farm states that Georgia law speaks for itself and denies all allegations in direct contravention thereto. State Farm denies all allegations contained in Paragraph 56 of Plaintiff's Complaint as stated.

57.

State Farm denies the allegations contained in Paragraph 57 of Plaintiff's Complaint.

**COUNT 4**
**ATTORNEYS' FEES AND EXPENSES OF LITIGATION**
**UNDER O.C.G.A. § 13-6-11**

58.

State Farm re-alleges and incorporates by reference its affirmative defenses and individual responses to Paragraphs 1 through 58 of Plaintiff's Complaint as if fully set forth herein.

59.

State Farm denies the allegations contained in Paragraph 59 of Plaintiff's Complaint.

60.

Each and every allegation contained in Plaintiff's Complaint not specifically addressed above is hereby expressly denied by State Farm.

**DEMAND FOR JURY TRIAL**

State Farm admits the Demand for Jury Trial Paragraph in Plaintiff's Complaint and sub-paragraph A. of the final "Wherefore" Paragraph in Plaintiff's Complaint only insofar as this State Farm also requests a trial by a twelve person jury should this matter proceed to trial. State

Farm denies sub-paragraph B., inclusive of 1 through 7, of the final "Wherefore" Paragraph in Plaintiff's Complaint.

WHEREFORE, Defendant State Farm Fire and Casualty Company, having fully answered Plaintiff's Complaint, prays it hence be discharged of Plaintiff's Complaint on all the aforesaid defenses, and that judgment be entered in favor of State Farm and against Plaintiff, with all costs cast upon Plaintiff. State Farm prays that:

(a)   Plaintiff's Complaint be dismissed;

(b)   That State Farm has a jury of 12 for any trial of this case; and

(c)   Any further relief this Court deems as proper.

Respectfully submitted this 5th day of January, 2023.

**SWIFT, CURRIE, McGHEE & HIERS, LLP**

*/s/ Jennifer L. Nichols*
MAREN R. CAVE
Georgia Bar No. 278448
JENNIFER L. NICHOLS
Georgia Bar No. 001294
*Attorneys for Defendant State Farm Fire and Casualty Company*

1420 Peachtree Street, N.E.
Suite 800
Atlanta, GA  30309
404-874-8800 (ph)
404-888-6199 (fax)
maren.cave@swiftcurrie.com
jennifer.nichols@swiftcurrie.com

STATE COURT OF
DEKALB COUNTY, GA.
1/5/2023 10:57 AM
E-FILED
BY: Patricia Harris

## CERTIFICATE OF SERVICE

I hereby certify that I have this day filed the within and foregoing *Answer and Affirmative Defenses of Defendant State Farm Fire and Casualty Company* via the Court's electronic filing system, which will automatically send notification of such filing to the following counsel of record as follows:

James (Jay) Sadd
Richard E. Dolder, Jr.
Slappey & Sadd
352 Sandy Springs Circle
Atlanta, GA 30328
jay@lawyersatlanta.com
rich@lawyersatlanta.com
*Attorneys for Plaintiff*

This 5th day of January, 2023.

**SWIFT, CURRIE, McGHEE & HIERS, LLP**

*/s/ Jennifer L. Nichols*
MAREN R. CAVE
Georgia Bar No. 278448
JENNIFER L. NICHOLS
Georgia Bar No. 001294
*Attorneys for Defendant State Farm Fire and Casualty Company*

1420 Peachtree Street, N.E.
Suite 800
Atlanta, GA  30309
404-874-8800 (ph)
404-888-6199 (fax)
maren.cave@swiftcurrie.com
jennifer.nichols@swiftcurrie.com

4860-9013-3319, v. 1

STATE COURT OF
DEKALB COUNTY, GA.
1/5/2023 10:57 AM
E-FILED
BY: Patricia Harris