# Exhibit A

State Court of Fulton County
**E-FILED**
22EV006664
12/7/2022 9:25 AM
Donald Talley, Clerk
Civil Division

# IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

**LEA LOPEZ**

*Plaintiff(s) / Petitioner(s)*

v.

**FEDEX GROUND PACKAGE SYSTEM, INC., BONDZ, INC., et al.**

Case No.: 22EV006664

*Defendant(s) / Respondent(s)*

## AFFIDAVIT OF SERVICE

I, Kevin Mitchell, being duly sworn, state:

I am a specially appointed or permanent process server authorized to complete this service.

I served the following documents on Bondz, Inc. in Fulton County, GA on December 6, 2022 at 12:14 pm at 4401 Northside Pkwy NW, Ste. 975, Atlanta, GA 30327 by leaving the following documents with Sarah Pace who as Vice President of Accounting at Clay Courts is authorized by appointment or by law to receive service of process for Bondz, Inc. .

Complaint
Plaintiff's First Interrogatories and Requests for Production of Documents to Defendant Bondz, Inc. and Plaintiff's First Request for Admissions to Defendant Bondz, Inc.
Plaintiff's First Interrogatories and Requests for Production of Documents to Defendant Bondz, Inc. and Plaintiff's First Request for Admissions to Defendant Bondz, Inc.
Summons

Additional Description:
I delivered the documents to Sarah Pace, Vice President of Accounting for Registered Agent Clay Courts.

White Female, est. age 39, glasses: N, Brown hair, 140 lbs to 160 lbs, 5' 3" to 5' 6".
Geolocation of Serve: http://maps.google.com/maps?q=33.8677062988,-84.4495656245
Photograph: See Exhibit 1

_____
Signature
Kevin Mitchell
(678) 923-3094

Subscribed and sworn to before me this 6th day of December 2022, by *Kevin Mitchell*.

Witness my hand and official seal.

My commission expires: 8/22/26

*Kiera Sills*

Notary Public

KIERA SILLS
My Commission Expires
NOTARY
PUBLIC
August 22, 2026
FULTON COUNTY, GEORGIA

# Exhibit 1



Exhibit 1a)

Lea Lopez- SLF

**State Court of Fulton County**
**\*\*E-FILED\*\***
**22EV006664**
**12/12/2022 11:39 AM**
**Donald Talley, Clerk**
**Civil Division**

# IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

**LEA LOPEZ**

*Plaintiff(s) / Petitioner(s)*

v.

Case No.: 22EV006664

**FEDEX GROUND PACKAGE SYSTEM, INC., BONDZ, INC., ET AL.**

*Defendant(s) / Respondent(s)*

## AFFIDAVIT OF SERVICE

I, Sharon Murphy, being duly sworn, state:

I am a specially appointed or permanent process server authorized to complete this service.

I served the following documents on FedEx Ground Package System, Inc in Forsyth County, GA on December 8, 2022 at 1:10 pm at 106 Colony Park Dr, Ste. 800-B, Cumming, GA 30040 by leaving the following documents with Devon Jackson who as Clerk at The Corporation Company is authorized by appointment or by law to receive service of process for FedEx Ground Package System, Inc.

Summons
Complaint
Plaintiffs' First Interrogatories and Requests for Production of Documents to Defendant FedEx Ground Package System, Inc. and Plaintiffs' First Request for Admissions to Defendant FedEx Ground Package System, Inc.
Plaintiffs' First Interrogatories and Requests for Production of Documents to Defendant FedEx Ground Package System, Inc. and Plaintiffs' First Request for Admissions to Defendant FedEx Ground Package System, Inc.
Plaintiff's Motion for Special Process Server with Affidavit and Order

Additional Description:
I delivered the documents to Devon Jackson, Clerk for Registered Agent The Corporation Company.

Black or African American Male, est. age 30, glasses: N, Brown hair, 180 lbs to 200 lbs, 5' 6" to 5' 9".
Geolocation of Serve: http://maps.google.com/maps?q=34.191986084,-84.1346916579
Photograph: See Exhibit 1

_____
Signature
Sharon Murphy
(407) 902-7711

Subscribed and sworn to before me this ⌒Ʌ day of December
2022, by Shanon Murphy

Witness my hand and official seal.

My commission expires: Feb 15, 2025

Elizabeth Montes

Notary Public



Job #208272

Lea Lopez- SLF

# Exhibit 1



Exhibit 1a)

State Court of Fulton County
**E-FILED**
22EV006664
12/1/2022 6:13 PM
Donald Talley, Clerk
Civil Division

## General Civil and Domestic Relations Case Filing Information Form

☐ **Superior** or ☐ **State Court of** _____ **County**

---

**For Clerk Use Only**

**Date Filed** _____       **Case Number** _____

**MM-DD-YYYY**

---

**Plaintiff(s)**

_____
Last          First          Middle I.     Suffix     Prefix

_____
Last          First          Middle I.     Suffix     Prefix

_____
Last          First          Middle I.     Suffix     Prefix

_____
Last          First          Middle I.     Suffix     Prefix

**Defendant(s)**

_____
Last          First          Middle I.     Suffix     Prefix

_____
Last          First          Middle I.     Suffix     Prefix

_____
Last          First          Middle I.     Suffix     Prefix

_____
Last          First          Middle I.     Suffix     Prefix

**Plaintiff's Attorney** _____ **State Bar Number** _____ **Self-Represented** ☐

### Check one case type and one sub-type in the same box (if a sub-type applies):

**General Civil Cases**

- ☐ **Automobile Tort**
- ☐ **Civil Appeal**
- ☐ **Contempt/Modification/Other Post-Judgment**
- ☐ **Contract**
- ☐ **Garnishment**
- ☐ **General Tort**
- ☐ **Habeas Corpus**
- ☐ **Injunction/Mandamus/Other Writ**
- ☐ **Landlord/Tenant**
- ☐ **Medical Malpractice Tort**
- ☐ **Product Liability Tort**
- ☐ **Real Property**
- ☐ **Restraining Petition**
- ☐ **Other General Civil**

**Domestic Relations Cases**

- ☐ **Adoption**
- ☐ **Contempt**
  - ☐ **Non-payment of child support, medical support, or alimony**
- ☐ **Dissolution/Divorce/Separate Maintenance/Alimony**
- ☐ **Family Violence Petition**
- ☐ **Modification**
  - ☐ **Custody/Parenting Time/Visitation**
- ☐ **Paternity/Legitimation**
- ☐ **Support – IV-D**
- ☐ **Support – Private (non-IV-D)**
- ☐ **Other Domestic Relations**

☐ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____       _____
**Case Number**                        **Case Number**

☐ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

Version 1.1.20

State Court of Fulton County
**E-FILED**
22EV006664
12/1/2022 6:13 PM
Donald Talley, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **LEA LOPEZ,** * | |
| * | |
| **Plaintiff,** * | **Civil Action No.: _____** |
| **v.** * | |
| * | |
| **FEDEX GROUND** * | |
| **PACKAGE SYSTEM, INC.,  BONDZ, INC.,** * | |
| **DAVID JOHNSON,** * | |
| **and Fictitious Defendants "A", "B", and "C",** * | |
| **whether singular or plural, those other** * | |
| **persons, corporations, firms or other entities** * | |
| **whose wrongful conduct caused or contributed** * | |
| **to cause the injuries and damages to Plaintiff,** * | |
| **all of whose true and correct names are** * | |
| **unknown to Plaintiff at this time, but will be** * | |
| **added by amendment when ascertained,** * | |
| * | |
| **Defendants.** * | |

## COMPLAINT

This is an action by Plaintiff, (herein after referred to as "Plaintiff"), against Defendants, FedEx Ground Package System, Inc. (herein after referred to as "Defendant FedEx"), Bondz, Inc. (herein after referred to as "Defendant Bondz"),  and David Johnson, (herein after referred to as "Defendant Johnson") for personal injuries and other damages sustained by Plaintiff, as the result of a motor vehicle collision that occurred on or about July 19, 2021.

## PARTIES, JURISDICTION, VENUE

1.

The Plaintiff was a resident of Anniston, Alabama at all times material to the issues in this case.

2.

Upon information and belief, Defendant Bondz is a trucking company doing business in the State of Georgia, but may be served with legal process by serving their registered agent, Clay Courts, at 4401 Northside Pkwy, Ste. 975, Atlanta, GA 30327 and is subject to the jurisdiction of this Court.

3.

Upon information and belief, Defendant FedEx is a trucking company doing business in the State of Georgia, but may be served with legal process by serving their registered agent, The Corporation Company, at 106 Colony Park Drive, Ste. 800-B, Cumming, GA 30040-2794 and is subject to the jurisdiction of this Court.

4.

Upon information and belief, Defendant Johnson was a resident of Muscogee County, Georgia at all times material to the issues in this case.

5.

Defendant Johnson was an employee and/or agent of Defendant Bondz and/or Defendant FedEx and was operating under the appropriate scope and authority of their employment and/or agency of said Defendants at all times material to the issues in this cause of action. Defendant Johnson is being sued in both their official and individual capacities.

6.

Fictitious Defendant "A", "B", and "C", are those persons or entities whose names will be substituted upon learning their true identities.

7.

Venue is proper pursuant to Ga. Const. Art. VI, Sec. II.

## ADDITIONAL FACTS APPLICABLE TO ALL COUNTS

8.

On or about July 19, 2021, the Plaintiff was traveling southbound on AL-202, in Talladega County, Alabama.

9.

At said time and place, Defendant Johnson was also traveling westbound on I-20, at the off ramp to cross AL-202, in Talladega County, Alabama.

10.

At the time Defendant Johnson was operating said vehicle in the appropriate line and scope of their employment and/or agency with Defendant Bondz and/or Defendant FedEx.

11.

At said time and place, Defendant Johnson caused and/or allowed the vehicle that they were operating, as an employee and/or agent of Defendant Bondz and/or Defendant FedEx, to collide with the vehicle in which the Plaintiff was operating.

12.

Plaintiff suffered substantial injuries as a proximate consequence of the negligence and/or wantonness of Defendant Johnson.

13.

At the time Defendant Johnson was operating said vehicle in the appropriate line and scope of their employment and/or agency with Defendant Bondz and/or Defendant FedEx.

## COUNT ONE – NEGLIGENCE
**Defendant Johnson (Individually)**

14.

Plaintiff re-alleges, adopts, and incorporates the preceding averments of this Complaint as if fully set forth herein.

15.

At all times material to this action, Defendant Johnson owed a duty of reasonable care in the ownership, operation and use of said vehicle.

16.

At said time and place, Defendant Johnson operated said vehicle in such a negligent manner as to:

(a)     cause said vehicle to collide with the vehicle that Plaintiff  was operating; and

(b)     cause Plaintiff's vehicle to be damaged; and

(c)     cause serious injuries to Plaintiff.

17.

In causing said vehicle to crash into Plaintiff, Defendant Johnson:

(a)     Negligently failed to exercise ordinary care.

(b)     Negligently failed to keep proper look out.

(c)     Negligently failed to maintain proper control of the vehicle.

(d)     Negligently failed to yield to Plaintiff.

(e)     Otherwise acted in negligent disregard of the rights and safety of Plaintiff and others traveling on said public highway at said time and place.

18.

As a direct and proximate result of the Defendant Johnson's negligence, Defendant Johnson collided with Plaintiff causing said Plaintiff to sustain personal injuries, pain, suffering, property damage and other damages.

19.

Plaintiff avers that said negligent acts and conduct of Defendant Johnson, on said occasion, are imputed to Defendant Bondz and/or Defendant FedEx and that said Defendants are jointly and severally liable for the injuries sustained by said Plaintiff.

20.

Plaintiff avers that the acts and conduct of Defendant Johnson, on said occasion, constitutes common law negligence and violates the Rules of the Road for the State of Georgia.

## COUNT TWO - RECKLESSNESS AND WANTONNESS

### Defendant Johnson (Individually)

21.

Plaintiff re-alleges, adopts, and incorporates the preceding averments of this Complaint as if fully set forth herein.

22.

At said place and time, Defendant Johnson operated said vehicle in such a reckless and wanton manner as to:

(a)    cause said vehicle to collide with Plaintiff's vehicle

(b)    cause damage to said Vehicle; and

(c)    cause substantial injuries to Plaintiff.

23.

In causing said vehicle to collide with Plaintiff's vehicle, Defendant Johnson:

(a)     Recklessly and Wantonly failed to exercise ordinary care.

(b)     Recklessly and Wantonly failed to keep a proper look out.

(c)     Recklessly and Wantonly failed to maintain proper control of said vehicle.

(d)     Recklessly and Wantonly failed to yield to the motor vehicle in which Plaintiff
        was operating.

(e)     Otherwise acted in reckless and wanton disregard of the rights and safety of
        Plaintiff and others traveling on said public highway at said time and place.

24.

Plaintiff avers that the acts and conduct of Defendant Johnson**,** at said time and place, were in violation of the statutes of State of Georgia which constitute statutory recklessness and wantonness

25.

Plaintiff avers that said negligent acts and conduct of Defendant Johnson**,** on said occasion, are imputed to Defendant Arrow and that said Defendants are jointly and severally liable for the injuries sustained by said Plaintiff.

26.

Plaintiff sustained substantial injuries as the proximate result of said recklessness and wantonness of Defendant Johnson in violating said statutes and in colliding with Plaintiff's vehicle.

**<u>COUNT THREE – NEGLIGENCE</u>**
**Defendant Johnson (Employee/Agent of Defendant Bondz and/or Defendant FedEx)**

27.

Plaintiff re-alleges, adopts, and incorporates the preceding averments of this Complaint as fully set forth herein.

28.

At the aforesaid time and place, Defendant Johnson owed a duty of reasonable care in the operation and use of said vehicle to Plaintiff and all other people on the road.

29.

At said time and place, while acting in the line and scope of their employment and/or agency as the employee and/or agent of Defendant Bondz and/or Defendant FedEx, Defendant Johnson operated the vehicle in such a negligent manner as to cause said vehicle to collide with the Plaintiff's vehicle.

30.

In causing said collision Defendant Johnson:

(a)      Negligently failed to exercise ordinary care.

(b)      Negligently failed to keep proper look out.

(c)      Negligently failed to maintain proper control of their vehicle.

(d)      Negligently failed to yield to oncoming traffic.

(e)      Otherwise acted in negligent disregard of the rights and safety of the Plaintiff and others traveling on said public highway at said time and place.

31.

Plaintiff avers that the acts and conduct of Defendant Johnson, on said occasion, constitutes common law negligence and violates the Rules of the Road for the State of Georgia.

32.

Plaintiff avers that said negligent acts and conduct of Defendant Johnson, on said occasion, are imputed to Defendant Bondz and/or Defendant FedEx and that said Defendants are jointly and severally liable for the injuries sustained by said Plaintiff.

33.

As the proximate consequence of said negligence, Plaintiff suffered substantial injuries.

## COUNT FOUR – RECKLESSNESS AND WANTONESS
**Defendant Johnson (Employee/Agent of Defendant Bondz and/or Defendant FedEx)**

34.

Plaintiff re-alleges, adopts, and incorporates the preceding averments of this Complaint as fully set forth herein.

35.

At said place and time, Defendant Johnson operated the vehicle in such a reckless and wanton manner as to collide with the Plaintiff's vehicle.

36.

In causing said vehicle to collide with the Plaintiff's vehicle, Defendant Johnson:

(a)     Recklessly and Wantonly failed to exercise ordinary care.

(b)     Recklessly and Wantonly failed to keep a proper look out.

(c)     Recklessly and Wantonly failed to maintain proper control of said vehicle

(d)     Recklessly and Wantonly failed to yield to the motor vehicle in which the Plaintiff were operating.

(e)     Otherwise acted in reckless and wanton disregard of the rights and safety of the Plaintiff and others traveling on said public highway at said time and place.

37.

Plaintiff avers that the acts and conduct of Defendant Johnson**,** at said time and place, were in violation of the statutes of State of Georgia which constitute statutory recklessness and wantonness

38.

Plaintiff avers that said negligent acts and conduct of Defendant Johnson, on said occasion, are imputed to Defendant Bondz and/or Defendant FedEx, and that said Defendants are jointly and severally liable for the injuries sustained by said Plaintiff.

39.

Plaintiff suffered substantial injuries as the proximate result of said recklessness and wantonness of Defendant Johnson in violating said statutes and in colliding with the Plaintiff's vehicle.

**COUNT FIVE – NEGLIGENT AND WANTON ENTRUSTMENT**
**(Defendant Bondz and Defendant FedEx)**

40.

Plaintiff re-alleges, adopts, and incorporates the preceding averments of this Complaint as if fully set forth herein.

41.

Plaintiff avers that on the said time and place, to Defendant Bondz and/or Defendant FedEx negligently entrusted said vehicle to Defendant Johnson; that Defendant Johnson was unsuitable, based upon their habitual carelessness, disposition and temperament, to have said vehicle entrusted to him; and that Defendant Bondz and/or Defendant FedEx knew, or by the exercise of reasonable care should have known, that Defendant Johnson was unsuitable to have said vehicle entrusted to him.

42.

Plaintiff further avers that said negligent entrustment of the vehicle to Defendant Johnson (a) is combined with the negligent acts and conduct of said Defendant Johnson and (b) is a concurrent, proximate cause of the Plaintiff injuries and damages.

## COUNT SIX—NEGLIGENT TRAINING, RETENTION AND SUPERVISION
### (Defendant Bondz and Defendant FedEx)

43.

Plaintiff re-alleges, adopts, and incorporates the preceding averments of this Complaint as if fully set forth herein.

44.

Plaintiff avers that Defendant Bondz and/or Defendant FedEx hired, trained, retained and supervised Defendant Johnson as an employee and/or agent.

45.

Further, Plaintiff avers that Defendant Bondz and/or Defendant FedEx:

(a)      Acted in a negligent manner in hiring Defendant Johnson to a position that would require said Defendant to operate motor vehicles;

(b)      Acted in a negligent manner in retaining Defendant Johnson in a position that would require said Defendant to operate motor vehicles;

(c)      Acted in a negligent manner in failing to properly train, monitor and supervise Defendant Johnson; and

(d)      Acted in a negligent manner in failing to instill in Defendant Johnson qualities of suitability, fitness, habits, disposition, temperament, and trustworthiness to accomplish the tasks and responsibilities which said Defendant Arrow entrusted to Defendant Johnson.

46.

Plaintiff avers that their injuries are the proximate results of said negligence of Defendant Bondz and/or Defendant FedEx in the hiring, retention, monitoring and supervision of Defendant Johnson as an employee, who as part of their duties, was to operate a motor vehicle.

## COUNT SEVEN – *RESPONDEAT SUPERIOR*
### (Defendant Bondz and Defendant FedEx)

47.

Plaintiff re-alleges, adopts, and incorporates the preceding averments of this Complaint as if fully set forth herein.

48.

At said place and time of the incident that forms the basis of this suit, Defendant Johnson was operating a motor vehicle in the line and scope of their employment with to Defendant Bondz and/or Defendant FedEx, and was an agent and/or employee of Defendant Bondz and/or Defendant FedEx; Defendant Bondz and/or Defendant FedEx was the master and principal of Defendant Johnson, and Defendant Bondz and/or Defendant FedEx is vicariously liable for their actions. Said negligent and/or wanton conduct was a proximate cause of the injuries and damages sustained by the Plaintiff

## COUNT EIGHT – FICTITIOUS DEFENDANTS

49.

Plaintiff re-alleges, adopts, and incorporates the preceding averments of this Complaint as if fully set forth herein.

50.

Fictitious Defendant "A", "B", and "C", whether singular or plural, are those other persons, firms, corporations, or other entities whose negligent, wanton, reckless and wrongful conduct contributed to the injuries sustained by the Plaintiff, said Fictitious Defendant names are unknown to Plaintiff at this time, but will be promptly substituted by amendment when ascertained.

## PRAYER FOR RELIEF

### 50.

Plaintiff re-alleges, adopts, and incorporates the preceding averments of this Complaint as if fully set forth herein.

### 51.

As a result of the negligence and recklessness of the Defendants described herein, Plaintiff has suffered permanent physical injury, pain, and suffering. Additionally, the Plaintiff has incurred expensive medical bills and will continue to incur the same in the future.

### 54.

WHEREFORE, Plaintiff demands that:
1. They have a trial by jury;
2. They have issuance of service of process by law;
3. A judgment be entered against David Johnson, Bondz, Inc., FedEx Ground Package System, Inc., and for the Plaintiff in such an amount as a jury may award;
4. All costs be assessed against the Defendants;
5. Plaintiff recovers all damages permitted by law and determined to be just and proper by this Court.

This December 1, 2022.

/s/ Michael W. Slocumb
MICHAEL W. SLOCUMB
Georgia Bar No. 652795
ATTORNEY FOR PLAINTIFF

**OF COUNSEL:**
**SLOCUMB LAW FIRM, LLC**
1967 E Samford Ave.
Auburn, AL  36830
Tel. No.  (334) 741-4110
Fax No.  (888) 853-2247

## **REQUEST FOR SERVICE OF PROCESS**

The Plaintiff requests the Summons and Complaint be served in this case upon Defendants by Service by Sheriff, as follows:

**FedEx Ground Package System, Inc.**
Registered Agent:  The Corporation Company
106 Colony Park Drive, Ste. 800-B
Cumming, GA 30040-2794

**Bondz, Inc.**
Registered Agent:  Clay Courts
4401 Northside Pkwy, Ste. 975
Atlanta, GA 30327

**David Johnson**
2808 Beacon Ave.
Columbus, GA 31904

/s/ *Michael W. Slocumb*
MICHAEL W. SLOCUMB
OF COUNSEL

State Court of Fulton County
**E-FILED**
22EV006664
12/12/2022 5:20 PM
Donald Talley, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **LEA LOPEZ,** | * | |
| | * | |
| **Plaintiff,** | * | **Civil Action No.: 22EVE006664** |
| **v.** | * | |
| | * | |
| **FEDEX GROUND** | * | |
| **PACKAGE SYSTEM, INC.,  BONDZ, INC.,** | * | |
| **DAVID JOHNSON,** | * | |
| | * | |
| **Defendants.** | * | |

---

### MOTION TO APPEAR *PRO HAC VICE*

---

COMES NOW, Carson S. Hale, of The Slocumb Law Firm, 1967 E Samford Ave., Auburn, AL 36830, representing Lea Lopez, pursuant to Rule 4.4 of the Uniform Superior Court Rules and respectfully requests that this Honorable Court admit him *pro hac vice* to appear before this Court, on behalf of the plaintiff in the above caption matter. Submitted herewith is the Verified Application for *Pro Hac Vice* Admission, attached as <u>Exhibit A</u>. Also submitted is a letter from the Office of the General Counsel of the State Bar of Georgia, indicating that the undersigned has paid the appropriate application fee and submitted the necessary documentation to comply with Rule 4.4 of the Uniform Superior Court Rules, attached as <u>Exhibit B</u>.

WHEREFORE, the undersigned respectfully requests:

1. This Honorable Court admit him *pro hac vice* as counsel for the plaintiff,

    Lea Lopez, in the above-referenced civil action.

This December 12, 2022.

Respectfully submitted,

/s/ *Carson S. Hale*
CARSON S. HALE (HAL120)
ATTORNEY FOR THE PLAINTIFF

**OF COUNSEL:**
**SLOCUMB LAW FIRM, LLC**
1967 E Samford Ave.
Auburn, Alabama 36830
Tel. No. (334) 741-4110
Fax No.  (888)-853-2247

## CERTIFICATE OF SERVICE

I hereby certify that on December 12, 2022, an exact copy of the foregoing instrument has been served (a) through the Court's e-filing system; (b) by placing a copy of the same in the United States Mail, postage prepaid and properly addressed; and/or (c) by personal/ firm email to the following:

**FedEx Ground Package System, Inc.**
Registered Agent:  The Corporation Company
106 Colony Park Drive, Ste. 800-B
Cumming, GA 30040-2794

**Bondz, Inc.**
Registered Agent:  Clay Courts
4401 Northside Pkwy, Ste. 975
Atlanta, GA 30327

**David Johnson**
2808 Beacon Ave.
Columbus, GA 31904

/s/ *Michael W. Slocumb*
MICHAEL W. SLOCUMB
 OF COUNSEL

2

# EXHIBIT A

# EXHIBIT B

State Court of Fulton County
**E-FILED**
22EV006664
12/1/2022 6:13 PM
Donald Talley, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| LEA LOPEZ, | * | |
| | * | |
| Plaintiff, | * | Civil Action No.: _____ |
| v. | * | |
| | * | |
| FEDEX GROUND | * | |
| PACKAGE SYSTEM, INC.,  BONDZ, INC., | * | |
| DAVID JOHNSON, | * | |
| and Fictitious Defendants "A", "B", and "C", | * | |
| whether singular or plural, those other | * | |
| persons, corporations, firms or other entities | * | |
| whose wrongful conduct caused or contributed | * | |
| to cause the injuries and damages to Plaintiff, | * | |
| all of whose true and correct names are | * | |
| unknown to Plaintiff at this time, but will be | * | |
| added by amendment when ascertained, | * | |
| | * | |
| Defendants. | * | |

---

## PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT BONDZ, INC.

---

Comes now the Plaintiff, by counsel, and propounds the following interrogatories to the Defendant, Bondz, Inc, (herein after referred to as "Defendant Bondz"), pursuant to the provisions of O.C.G.A. § 9-11-33, and requires the Defendant to answer the following Interrogatories separately and fully in writing under oath and to serve a copy of the answers on the undersigned as provided by law.

These Interrogatories are expressly made continuing and after the initial response thereto is made, supplemental answers are specifically called for as authorized by O.C.G.A. § 9-11-26. Likewise, these Interrogatories are propounded subject to the provisions of O.C.G.A. § 9-11-37.

### <u>Definitions and Instructions</u>

a.     These interrogatories are continuing in character so as to require you to file supplementary answers if you obtain further or different information before trial.

b.      Where the name of a person is requested, indicate the full name, home and business address and home and business telephone number of such person.

c.      Unless otherwise indicated, these interrogatories refer to the time, place and circumstances of the occurrences mentioned or complained of in Plaintiffs' Complaint.

d.      Where information of knowledge and possession of a party is requested, such request includes knowledge of the party's agent, next friend, guardian, representatives, and unless privileged, their attorney.

e.      The pronoun "you" refers to the party to whom these interrogatories are addressed, and the person or persons mentioned in clause (D).

## **<u>INTERROGATORIES</u>**

1.      Please identify yourself by stating the following: in what capacity you are authorized to respond to these interrogatories on behalf of this Defendant, your full name, current home address and home addresses for the past ten (10) years, date of birth, social security number, your affiliation to this Defendant, the length of time employed by this Defendant, current title and position, and positions held by you for the last ten (10) years, as well as the complete legal name of this Defendant, any trade name by which this Defendant is identified or under which this Defendant conducts business, any parent companies or subsidiaries and the address and telephone number of your principal office.

**RESPONSE:**

2.      Please state the correct legal name of Defendant Bondz.

**RESPONSE:**

3.      State the name and address of the owner and all occupants of this Defendant's vehicle at the time of the Wreck.

**RESPONSE:**

4.      State whether at the time of the Wreck, Defendant Johnson, was acting within the line and scope of his employment with this Defendant.

**RESPONSE:**

5.      Identify any other individual, entity or entities, other than those named defendants in this cause which may be liable or responsible for the collision made the basis of this lawsuit. If you contend that the Plaintiff is liable, please explain how and why.

**RESPONSE:**

6.      Describe all training this Defendant provides or requires for its drivers/operators, and include in your answer refer to section of any procedure, training or safety manuals which are employed by this Defendant which are provided to employees or independent contractors. Also please explain any differences between that training and the manner in which Defendant Johnson was trained.

**RESPONSE:**

7.      Disclose the interview process you employ before hiring any individual, including, but not limited to, any application for employment; driving test; medical evaluation; face-to-face, electronic or telephonic interview; verification of insurance information; licensing; and safety history.  Also please explain any differences between that process and the process employed prior to hiring Defendant Johnson.

**RESPONSE:**

8.      Did Defendant Johnson complete an application for employment or any other paperwork prior to being hired or employed by this Defendant? If so, identify the date the application and/or paperwork was completed and the present custodian of same.

**RESPONSE:**

9.      What, if any, background information did you obtain, or attempt to obtain, regarding Defendant Johnson's driving history and/or safety record prior to engaging his services or allowing him to use your vehicle?

**RESPONSE:**

10.     Was Defendant Johnson's employment as a driver ever suspended based upon any physical impairment or medical condition? If so, state the time period of said suspension, the reason for said suspension, and all steps taken by this defendant to ensure Defendant Johnson could safely perform his duties as a driver upon reinstatement.

**RESPONSE:**

11.     With respect to the vehicle involved in the Wreck, give its complete configuration (including at least the following information):

    a.   What the load was contained in the vehicle at the time of the collision;

    b.   The make(s), model(s), and type(s) of brakes located on said vehicle;

    c.   The make and model of each of the following that may have been on-board the vehicle in question at the time of the collision, to-wit:

        (1) CB Radio;

        (2) Telephone;

        (3) Computer / Laptop;

        (4) A Black Box;

        (5) Electronic Control Module (ECM);

        (6) Recording or data storage devices; and

        (7) Qualcomm system;

**RESPONSE:**

12.     Was the vehicle involved in this Wreck equipped with any event data recording, GPS location devices, speed control devices, or other electronic equipment designed to capture or limit the location and/or operation of the vehicle operated by Defendant Johnson? If so, please describe:

    a.   The name of the equipment or device;

    b. The manufacturer of the equipment or device;

    c. Whether information has been printed, captured or derived from the equipment and/or device regarding vehicle and/or Wreck;

    d. Who has possession of any data or information; and,

    e. If the speed of the vehicle was governed, please describe the equipment and speed limit used to govern speed.

**RESPONSE:**


13. State this Defendant's policy with respect to retention and destruction of driver's logs, time sheets, and trip receipts and explain any differences between that policy and the manner in which Defendant Johnson's logs, time sheets, and trip expenses for the trip in question were treated.

**RESPONSE:**


14. State this Defendant's policy with respect for testing its drivers for substance abuse and explain any differences between that policy and the manner in which it Defendant Johnson after the Wreck.

**RESPONSE:**


15. Was a urine sample taken from Defendant Johnson within thirty-two (32) hours of the Wreck and, if not, why not?

**RESPONSE:**


16. Was a blood sample taken from Defendant Johnson within eight (8) hours of the Wreck and, if not, why not?

**RESPONSE:**


17. If the answer to either interrogatory #15 or #16 is affirmative, please that the results of said urine and/or blood sample and the person(s), corporation(s), lab(s) or health care facility responsible for conducting said urine and/or blood sample.

**RESPONSE:**

18.     State this Defendant's policy with respect to having its drivers report accidents, collisions or wrecks to this Defendant and explain what this defendant's drivers are supposed to do with respect to helping persons who have been injured, protecting its equipment, making statements to the police, making statements to other persons involved in the wrecks, making statements to bystanders and all other actions or inactions required.

**RESPONSE:**

19.     Identify any individual, or anyone acting on this Defendant's behalf, who has personal knowledge of the facts and circumstances of this case, including eyewitnesses, people claiming to be eyewitnesses and any individuals who arrived on the scene within five (5) hours after the Wreck, and the nature of your and/or this Defendant's relationship to each person. Please provide the person's full name and address, giving the street, street numbers, city and state, of every witness know to you and your attorneys, who has knowledge regarding facts and circumstances surrounding the happening of the Wreck, including, but not limited to, eyewitnesses to such Wreck or events.

**RESPONSE:**

20.     Describe any insurance agreement under which any insurance business may be liable to satisfy part or all of the judgments that may be entered in this action, or to indemnify or reimburse for payments made to satisfy the judgment, by stating the name of the insurer and the amount of any liability or excess insurance coverage.

**RESPONSE:**

21.     State all prior motor vehicle accidents involving Defendant Bondz, for the three (3) year period preceding date of wreck.

**RESPONSE:**

22.     If anyone investigated the Wreck for this Defendant, including experts, private investigators or insurance adjusters, state their name(s) and address(es), and state whether such investigation was reduced to writing, and the substance of their investigation and findings.  If said investigator obtained any signed, recorded, transcribed or oral statement from any individual, identify the person who gave the statement and the present custodian of such statement.

**RESPONSE:**

23.     State the name and address and telephone number of each person having any knowledge related to the Wreck.

**RESPONSE:**

24.     If you know of the existence of any pictures, photographs, plats, visual recorded images, police reports, diagrams or objects relative to the Wreck, the Plaintiffs' physical condition, or the scene of the Wreck, identify the substance of such recording and the present custodian of each such item.

**RESPONSE:**

25.     Do you know of any statement, conversation, comment, testimony or report made by any party to this lawsuit, individual or witness, including Plaintiffs, made at the time of the occurrence or following the occurrence, concerning the occurrence or facts relevant to any issue in this case?  If your answer is "yes," state the content of such statement, conversation, comment or report, the place where it took place, the name, address and telephone number from whom the statement was taken or made, and the custodian of such statement.

**RESPONSE:**

26.     With respect to expert witnesses whom you will call or may call as experts to give testimony at the trial of this matter, please state the following:

      a.    His/her name, address, and telephone number;

      b.    The name, address, and telephone number of his/her employer or the organization

       with which he/she is associated in any professional capacity;

    c.   The field in which he/she is to be offered as an expert;

    d.   A summary of his/her qualifications within the field in which he/she is expected to testify;

    e.   The substance of the facts to which he/she is expected to testify; and,

    f.   The substance of the opinions to which he/she is expected to testify and a summary of the grounds for each opinion.

**RESPONSE:**

27.    If this Defendant or anyone on behalf of this Defendant has or knows of any photographs or motion pictures of the persons, places or things involved in the Wreck and/or the scene of the Wreck, please describe each by subject matter, date taken, and the name and address of such person who has possession, custody or control of such photographs or motion pictures, or copies of same.

**RESPONSE:**

28.    List any and all articles, or authoritative materials, statutes, ordinances or codes that this Defendant intends to use, refer to, or present at the trial of this case.

**RESPONSE:**

29.    Please state the identity of any person, firm or corporation including their name, address, qualifications, who may have downloaded any event data information or information from an electronic data recorder or black box on board the vehicle being operated by Defendant Johnson at the time of the Wreck.

**RESPONSE:**

30.    Give the names, business and home addresses, and business and home telephone numbers of each person listed below who was employed by this Defendant or contracted by this Defendant both at the time of the Wreck, as well as at the time these interrogatories are being answered:

a. Safety Director;

b. Director of Safety Program;

c. Medical Review Officer;

d. Director of Employee Assistance Program;

e. Medical Technologist (for blood, urine and breath tests);

f. Dispatcher(s) who dispatched the vehicle from the time it left home base until the collision;

g. Insurance loss control expert for motor carrier's insurance company who has inspected Defendant Bondz operations;

h. Chief Executive Officer;

i. Motor carrier's officer or official in charge of operational safety;

j. Supervisor of records; and

k. Person(s) who investigated the collision in question for this Defendant, including but not limited to investigator employed by your insurance carrier(s).

**RESPONSE:**


31.     State whether you have information about whether Defendant Johnson consumed any alcoholic beverages or drugs, prescription, over the counter, or illicit, within eight (8) hours prior to the Wreck, and if the answer is in the affirmative, state where they were obtained and consumed and the nature and amount thereof.

**RESPONSE:**


32.     State the full itinerary for the forty-eight (48) hours immediately preceding the occurrence of Defendant Johnson and vehicle involved in the occurrence, stating the place and time of the beginning of each trip, the place and time and duration of each stop, the routes taken, the final destination, the anticipated time of arrival at that destination and the details of Defendant Johnson's sleep/drive schedule for those forty-eight (48) hours.

**RESPONSE:**

33.     Please state with specificity exactly how the Wreck took place and include in your answer the date, time and location of the Wreck, description of the vehicles (including make, model, year), where the vehicles were just prior to the Wreck, how far apart the vehicles were just prior to impact, the speed of each vehicle just before the Wreck, the exact location of each vehicle in relation to the roadway prior to the Wreck, and where the vehicles came to rest.

**RESPONSE:**

34.     Did you, your agents, servants, employees or representatives have any conversation or contact with any of the parties to this lawsuit, any witness to the accident, or any investigator of the occurrence?  If so, state the substance of such conversations and outline the contact.

**RESPONSE:**

35.     Following the Wreck of July 19, 2021**,** please state:

   a.  The person with this Defendant who was first notified of the accident?

   b.  The date and time this person was notified?

   c.  Whether anyone with this Defendant created a written record regarding the Wreck, and if so, whom?

   d.  Is this record kept in any Vehicle Accident Investigation File or its equivalent?

   e.  Is this record kept in the ordinary course of business?

**RESPONSE:**

36.     What maintenance had been performed on the vehicle of the subject vehicle for the 6 months prior to the collision.  For each such maintenance, please list the following:

   (a)     What prompted the maintenance visit;

   (b)     Who performed the maintenance;

   (c)     Who diagnosed the necessity for maintenance;

   (d)     What diagnosis was rendered;

   (e)     When were the repairs performed;

   (f)     What, if any, parts were replaced; and,

      (g)     Did the problem reoccur?  If so, when?

**RESPONSE:**

37.    Please list all prior or subsequent accidents in which Defendant Johnson has been involved, either with other persons or with property.  Please include the name of any other driver or property owner involved, the location of the collision, the date and time of the collision, and disposition of the matter.

**RESPONSE:**


You are reminded pursuant to the provisions of O.C.G.A., you are under a duty to supplement your disclosures and responses under certain circumstances.

## REQUESTS FOR PRODUCTION

These Requests for Production are intended to be continuing in nature.  Therefore, if at any time after the submission of your responses to these requests any additional or supplemental information, documents or records, becomes known to this answering defendant, its attorneys, its agents, it servants or its employees, then Plaintiff hereby requests that their responses to these requests be amended and submitted as amended to the Plaintiff so as to supply such additional supplemental information.

The term "document" is used in the broadest possible sense, meaning anything that may be considered to be a document within the meaning of the O.C.G.A. and means and includes, without limitation, any written, printed, typed, photostatic, photographic, recorded or otherwise reproduced communication or representation, whether comprised of letters, words, numbers, pictures, sound or symbols, or any combination thereto.  This definition likewise includes copies or duplicates of documents contemporaneously or subsequently created that have any non-

conforming notes or other markings.  Without limiting the generality of the foregoing, the term "document" includes, but is not limited to correspondence, memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, working papers, summaries, statistical statements, financial statements, work papers, accounts, local records, reports and/or summaries of investigation, trade letters, press releases, comparisons, books, calendars, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, drawings, diagrams, instructions, notes or minutes of meeting, or other communications of any type, including inter-office and intra-office communications, questionnaires, surveys' charts, graphs, photographs, recordings, tapes, discs, data cells, printouts, and all other data compilations from which information can be obtained (translated, if necessary, into usable form), and any preliminary versions, drafts or revisions of any of the foregoing.  Documents are defined herein specifically includes electronic versions and computerized formats of all the foregoing and shall also include electronic communications, whether maintained presently in the normal course of business or available in backup or legacy data formats, wherever found or maintained, including all servers, hard drives, laptops, and firewalls.

When producing documents, if maintained in electronic format or presently in an electronic format, these shall be produced in electronic format.  If a file was maintained in a format compatible with commonly available PC software, it should be produced in the format in which it was maintained.  For example, databases should be produced in either Microsoft Access format or Commodore Delimited ASCII; spreadsheets should be produced as Microsoft Excel or comparable spreadsheet files; presentations should be produced as Microsoft Power Point or comparable format.  Because of the variables that may exist in electronic production, the

undersigned is willing to "meet and confer" in order to work out the protocols and variables in such production.

Documents requested and produced herein shall be organized and labeled to correspond with the categories in this request or they shall be produced as kept in the ordinary course of business.

If you withhold any document due to a claim of attorney-client privilege, an assertion of work product doctrine, or any other claim of privilege, including a quality assurance privilege, you must provide a detailed privilege log to substantiate such claim or assertion in accordance with O.C.G.A.  Consider this a formal request for such a log pursuant to the aforementioned Rule.  Such log should identify each document withheld with particularity and state the following: (1) the specific subject matter of such document; (2) the particular length of such document; (3) each person to whom such document was addressed, copied or blind copied; (4) the preparer and/or author of such document; (5) the particular and specific reason(s) why such document is considered to be privileged from disclosure.  Any such privilege log should be produced at or prior to the time a response is required under O.C.G.A..

The term "you" or "your" shall be construed to mean Defendant Bondz.

When producing deposition transcripts, please produce travel sized transcript copies provided such transcripts contain the same testimony and information as full-sized deposition transcripts.  If such information differs between the two, please produce all copies of any such transcripts.

## DOCUMENTS REQUESTED

1. Please produce the entire drug and alcohol file of Defendant Johnson including but not limited to pre-employment, post accident, random, reasonable suspicion, and return to duty drug and alcohol testing results.

2. Please produce the entire safety performance history file for Defendant Johnson.

3. Please produce any and all state safety audits of Defendant Bondz for the year of this collision and three years prior.

4. Please produce any and all accident reports filed by Defendant Bondz the year of this collision and three years prior.

5. Produce any and all photographs taken by or on behalf of the Defendants which depict any and all vehicles involved in the collision.

6. Produce any and all photographs taken by or on behalf of the Defendants which depict the accident scene.

7. Produce copies of any and all accident documentation kit materials, including, but not limited to, photographs, diagrams, scene information forms, notes by the driver or his companion, exoneration cards, emergency telephone aid cards, witness cards, and any and all other information which has anything to do with the collision at issue.

8. Produce any photographs take of the vehicle operated by the driver at the scene of the collision, or anytime after.

9. Produce copies of any documentation evidencing the completion or non-completion of training programs and driver orientation programs by Defendant Johnson.

10. Produce all policies including liability, general liability, excess umbrella for the vehicle and any other insurance that will cover or arguably cover this collision.

14

11. Please produce a copy of the completion or non-completion of any safe driving programs by Defendant Johnson.

12. Please produce a copy of any and all pre-maintenance inspection reports for the vehicle occupied by Defendant Johnson on July 19, 2021for six months prior to July 19, 2021**.**

13. Please produce any and all medical records of Defendant Johnson.

14. Please produce a copy of the driver manual or handbook issued to Defendant Johnson

15. Please produce a copy of the company safety rules issued to Defendant Johnson.

16. As to Defendant Johnson, produce any and all of the following documents and records *(including documents which are not now in existence but which can be generated by computer from the information stored by or in computers)*:

    (a.)    Qualification file;

    (b.)    Personnel file;

    (c.)    Any and all written tests;

    (d.)    Any and all disciplinary actions;

    (e.)    Any and all violations of company policy;

    (f.)    Medical Examination Report Form completed by Medical Examiner prior to issuing Medical Certificate;

    (g.)    Log books for three (3) months prior to collision, including the entire month in which the collision occurred;

    (h.)    Time sheets for three (3) months prior to collision, including the entire month in which the collision occurred;

    (i.)    Results of all drug and alcohol tests;

    (j.)    Gas receipts, charge card receipts, hotel receipts, and restaurant receipts for three (3) months prior to the collision, including the

entire month in which the collision occurred;

(k.)    Payroll records for three (3) months prior to the collision including

the entire month in which the collision occurred;

(l.)    Trip receipts for three (3) months prior to the collision including

the entire month in which the collision occurred;

(m.)    Any and all log audit summaries and time sheet summaries for

three (3) months prior to the collision;

(n.)    Documentation given at driver safety meetings, including visual

aids;

(o.)    Documentation regarding phone calls to and from Defendant Johnson

regarding accident at issue;

(p.)    1-800 complaints.

17. As to Defendant Bondz, produce any and all of the following documents and records

(including documents which are not now in existence but which can be generated by

computer from information stored by or in computers):

(a.)    Accident register for the past five (5) years;

(b.)    State DOT audits for the past ten (10) years;

(c.)    Federal DOT audits for the past ten (10) years;

(d.)    Company's policy manual in effect at the time of the accident;

(e.)    Motor carrier safety profile;

(f.)    Violations from DOT inspections for the past three (3) years prior

to the collision;

(g.)    Violations from DOT inspections subsequent to the collision;

    (h.)    Safety policies and procedures manual in effect at the time of the collision.

18. Produce any and all documents and records (including documents which are not now in existence but which can be generated by computer from information stored by or in computers) which have anything to do with Defendant Johnson, the collision at issue, and the vehicle involved in said collision, including but not limited to, the following:

    (a.)    Registration and Title;

    (b.)    Bill of Sale;

    (c.)    Repairs from any and all previous collisions involving the vehicle in question;

    (d.)    Letters to Defendant Johnson;

    (e.)    Training and educational documentation;

    (f.)    Documentation regarding phoned in reports concerning accident at issue;

    (g.)    All documentation indicating collision at issue was non-preventable;

    (h.)    All documentation indicating collision at issue was preventable;

    (i.)    Accident policy and procedures manual in effect at time of collision;

    (j)    Accident investigation policies and procedures in effect at time of collision.

             collision.

19.  To the extent not already produced, please produce all records of Defendant Bondz  for the 7 days prior to the collision and for the day of the collision.  Specifically, produce the following materials, as you are required to retain under 49 C.F.R. § 395.8(k) and subsequent DOT guidance and interpretation of supporting documents.

      A.  Bills of lading;

      B.  Carrier pros;

      C.  Freight bills;

      D.  Dispatch records;

      E.  Driver call-in records;

      F.  Gate record receipts;

      G.  Weight/scale tickets;

      H.  Fuel billing statements.

      I.  Toll receipts;

      J.  International registration plan receipts;

      K.  International fuel tax agreement receipts;

      L.  Trip permits;

      M.  Lessor settlement sheets;

      N.  Port of entry receipts;

      O.  Cash advance receipts;

      P.  Delivery receipts;

      Q.  Lumper receipts;

      R.  Interchange and inspection reports;

      S.  Over/short and damage reports;

T.  Agricultural inspection reports;

U.  Commercial Vehicle Safety Alliance reports;

V.  Accident reports;

W. Telephone billing statements;

X.  Credit card receipts;

Y.  Driver fax reports;

Z.  On-board computer reports;

AA.    Border crossing reports;

BB.    Custom declarations;

CC.    Traffic citations;

DD.    Overweight/oversize reports and citations;

EE.    And/or other documents directly related to the motor carrier's operation which are retained by the motor carrier in connection with the operation of its transportation business.

You are reminded under pursuant to the provisions of O.C.G.A., you are under a duty to supplement your disclosures and responses under certain circumstances.

This December 1, 2022.

/s/ *Michael W. Slocumb*
MICHAEL W. SLOCUMB
Georgia Bar No. 652795
ATTORNEY FOR PLAINTIFF

**OF COUNSEL:**
**SLOCUMB LAW FIRM, LLC**
1967 E Samford Ave.
Auburn, AL  36830
Tel. No.  (334) 741-4110
Fax No.  (888) 853-2247

## **REQUEST FOR SERVICE OF PROCESS**

The Plaintiff requests the Summons and Complaint be served in this case upon Defendants by Service by Sheriff, as follows:

**FedEx Ground Package System, Inc.**
Registered Agent:  The Corporation Company
106 Colony Park Drive, Ste. 800-B
Cumming, GA 30040-2794

**Bondz, Inc.**
Registered Agent:  Clay Courts
4401 Northside Pkwy, Ste. 975
Atlanta, GA 30327

**David Johnson**
2808 Beacon Ave.
Columbus, GA 31904

/s/ *Michael W. Slocumb*
MICHAEL W. SLOCUMB
OF COUNSEL

**(the rest of this page left blank intentionally)**

20

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| LEA LOPEZ, | * | |
| | * | |
| Plaintiff, | * | Civil Action No.: _____ |
| v. | * | |
| | * | |
| FEDEX GROUND | * | |
| PACKAGE SYSTEM, INC.,  BONDZ, INC., | * | |
| DAVID JOHNSON, | * | |
| and Fictitious Defendants "A", "B", and "C", | * | |
| whether singular or plural, those other | * | |
| persons, corporations, firms or other entities | * | |
| whose wrongful conduct caused or contributed | * | |
| to cause the injuries and damages to Plaintiff, | * | |
| all of whose true and correct names are | * | |
| unknown to Plaintiff at this time, but will be | * | |
| added by amendment when ascertained, | * | |
| | * | |
| Defendants. | * | |

**PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO**
**DEFENDANT BONDZ, INC.**

Comes now the Plaintiff, in the above-styled cause and pursuant to the provisions of O.C.G.A., and request that Defendant Bondz, admit or deny the following:

1. Admit or Deny that Defendant motor carrier is an authorized motor carrier as defined by the Federal Motor Carrier Safety Regulations.

   **RESPONSE:**


2. Admit or Deny that the purpose of the Federal Motor Carrier Safety Administration Regulations is to promote safety.

   **RESPONSE:**

21

3.  Admit or Deny that Defendant motor carrier is required to comply with the Federal Motor Carrier Safety Administration Regulations.

    **RESPONSE:**


4.  Admit or Deny that the State of Georgia has adopted the Federal Motor Carrier Safety Administration Regulations.

    **RESPONSE:**


5.  Admit or Deny that the Federal Motor Carrier Safety Administration Regulations require accurate record keeping.

    **RESPONSE:**


6.  Admit or Deny that the Federal Motor Carrier Safety Administration Regulations requires Defendant motor carrier to qualify its driver.

    **RESPONSE:**


7.  Admit or Deny that the Federal Motor Carrier Safety Administration Regulations requires a written and signed driver's application for employment.

    **RESPONSE:**


8.  Admit or Deny that the Federal Motor Carrier Safety Administration Regulations requires an investigation of the Defendant motor carrier's driver's employment record for the three years preceding the date of the driver's application.

**RESPONSE:**

9. Admit or Deny that the Federal Motor Carrier Safety Administration Regulations requires Defendant motor carrier to verify the motor vehicle record for the three years preceding the date of the driver's application.

   **RESPONSE:**

10. Admit or Deny that the Federal Motor Carrier Safety Administration Regulations requires Defendant motor carrier to request driving records annually for its drivers.

    **RESPONSE:**

11. Admit or Deny that the Federal Motor Carrier Safety Administration Regulations requires Defendant motor carrier to perform an annual review of its drivers' driving records.

    **RESPONSE:**

12. Admit or Deny that the Federal Motor Carrier Safety Administration Regulations requires Defendant motor carrier to prepare a driver's Certification of Violations annually.

    **RESPONSE:**

13. Admit or Deny that the Federal Motor Carrier Safety Administration Regulations require Defendant motor carrier's drivers to successfully complete a road test or its equivalent before allowing said driver to operate a commercial vehicle.

    **RESPONSE:**

14. Admit or Deny that the Federal Motor Carrier Safety Administration Regulations requires Defendant motor carrier's drivers to pass a Medical Examination conducted by a licensed health care professional prior to allowing said driver to operate its commercial vehicle.

   **RESPONSE:**


15. Admit or Deny that the Federal Motor Carrier Safety Administration Regulations requires Defendant motor carrier to train its drivers prior to allowing the driver to operate its commercial vehicle.

   **RESPONSE:**


16. Admit or Deny that the Federal Motor Carrier Safety Administration Regulations requires that daily inspection reports be prepared by the driver of Defendant motor carrier's commercial vehicle.

   **RESPONSE:**


17. Admit or Deny that the Federal Motor Carrier Safety Administration Regulations requires Defendant motor carrier to perform annual inspections of its trucks.

   **RESPONSE:**


18. Admit or Deny that the Federal Motor Carrier Safety Administration Regulations requires Defendant motor carrier to supervise its drivers.

   **RESPONSE:**

24

19. Admit or Deny that Defendant Bondz was properly served with a  copy of the Summons and Complaint in the above-styled action.

   **RESPONSE:**

20. Admit or Deny that your name, as listed in the Complaint, is stated and spelled correctly .

   **RESPONSE:**

21. Admit or Deny that jurisdiction and venue are proper in this case.

   **RESPONSE:**


   This December 1, 2022.

   /s/ *Michael W. Slocumb*
   MICHAEL W. SLOCUMB
   Georgia Bar No. 652795
   ATTORNEY FOR PLAINTIFF

**OF COUNSEL:**
**SLOCUMB LAW FIRM, LLC**
1967 E Samford Ave.
Auburn, AL  36830
Tel. No.  (334) 741-4110
Fax No.  (888) 853-2247

25

## <u>REQUEST FOR SERVICE OF PROCESS</u>

The Plaintiff requests the Summons and Complaint be served in this case upon Defendants by Service by Sheriff, as follows:

**FedEx Ground Package System, Inc.**
Registered Agent:  The Corporation Company
106 Colony Park Drive, Ste. 800-B
Cumming, GA 30040-2794

**Bondz, Inc.**
Registered Agent:  Clay Courts
4401 Northside Pkwy, Ste. 975
Atlanta, GA 30327

**David Johnson**
2808 Beacon Ave.
Columbus, GA 31904

/s/ *Michael W. Slocumb*
MICHAEL W. SLOCUMB
OF COUNSEL

State Court of Fulton County
**E-FILED**
22EV006664
12/1/2022 6:13 PM
Donald Talley, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

LEA LOPEZ,                                         *
                                                   *
     Plaintiff,                          *          Civil Action No.: _____
v.                                                 *
                                                   *
FEDEX GROUND                                       *
PACKAGE SYSTEM, INC.,  BONDZ, INC.,                *
DAVID JOHNSON,                                     *
and Fictitious Defendants "A", "B", and "C",       *
whether singular or plural, those other            *
persons, corporations, firms or other entities     *
whose wrongful conduct caused or contributed       *
to cause the injuries and damages to Plaintiff,    *
all of whose true and correct names are            *
unknown to Plaintiff at this time, but will be     *
added by amendment when ascertained,               *
                                                   *
     Defendants.                         *

---

### PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DAVID JOHNSON

---

Comes now the Plaintiff, by counsel, and propounds the following interrogatories to the Defendant, David Johnson (herein after referred to as "Defendant  Johnson"), pursuant to the provisions of O.C.G.A. § 9-11-33, and requires the Defendant to answer the following Interrogatories separately and fully in writing under oath and to serve a copy of the answers on the undersigned as provided by law.

These Interrogatories are expressly made continuing and after the initial response thereto is made, supplemental answers are specifically called for as authorized by O.C.G.A. § 9-11-26. Likewise, these Interrogatories are propounded subject to the provisions of O.C.G.A. § 9-11-37.

1

## **Definitions and Instructions**

a.      These interrogatories are continuing in character so as to require you to file supplementary answers if you obtain further or different information before trial.

b.      Where the name of a person is requested, indicate the full name, home and business address and home and business telephone number of such person.

c.      Unless otherwise indicated, these interrogatories refer to the time, place and circumstances of the occurrences mentioned or complained of in Plaintiffs' Complaint.

d.      Where information of knowledge and possession of a party is requested, such request includes knowledge of the party's agent, next friend, guardian, representatives, and unless privileged, their attorney.

e.      The pronoun "you" refers to the party to whom these interrogatories are addressed, and the person or persons mentioned in clause (D).


## **INTERROGATORIES**

1.  Please identify yourself by stating your full name, present address, date and place of birth, social security number, and name of spouse.
    **RESPONSE:**


2.  Please identify, by giving the name, address, and last known telephone number, each and every person known to you and/or to your attorneys who has firsthand knowledge of the events and conditions set out in the complaint.
    **RESPONSE:**


3.  Please state the full name, address, and telephone number of each person who, to your knowledge or your agents or attorneys, was present at the scene of the occurrence which is the subject of this claim, either, immediately before, immediately after, or during such

2

occurrence.

**RESPONSE:**

4.  Please identify each and every witness you intend to call at the trial of this cause including the substance of his or her expected testimony.

    **RESPONSE:**

5.  With respect to expert witnesses whom you will call or may call as experts to give testimony at the trial of this matter, please state the following:

    a.  His/her name, address, and telephone number;

    b.  The name, address, and telephone number of his/her employer or the organization with which he/she is associated in any professional capacity;

    c.  The field in which he/she is to be offered as an expert;

    d.  A summary of his/her qualifications within the field in which he/she is expected to testify;

    e.  The substance of the facts to which he/she is expected to testify; and,

    f.  The substance of the opinions to which he/she is expected to testify and a summary of the grounds for each opinion.

    **RESPONSE:**

6.  Please give a full description of each and every document which you intend to introduce into evidence at the trial of this cause.

    **RESPONSE:**

7.  Please state the dollar amount of liability insurance coverage available in this action. This includes but is not limited to primary liability policies, secondary liability policies, excess coverage policies, umbrella policies, etc.

    **RESPONSE:**

8.  Describe completely and in detail the vehicle occupied or owned by you on the occasion of the occurrence made the basis of this suit, stating in your answer the owner of said motor vehicle on the date of the occurrence, the driver of said vehicle on the date of the

occurrence, make, model, year, body style of said motor vehicle, the cargo contained in the vehicle at the time of the occurrence, and weight of cargo at the time of the occurrence.

**RESPONSE:**

9. Describe in chronological order the events of the prior 24 hours leading up to the collision on July 19, 2021.  Please include in your response whether you consumed any alcoholic beverages, drugs, or medications of any kind whatsoever, including prescriptions drugs, within twenty-four (24) hours preceding the collision.  If the answer is in the affirmative, please state the amount and the time at which such beverage, drug, or medication was consumed (if you had consumed medication, please state the purpose for taking said medication).  Additionally, please state any prescriptions drugs which you should have taken in accordance with a medical provider's instructions but failed to do so.

**RESPONSE:**

10. As to the trip in which you were engaged at the time of the collision made the basis of this suit, give the following information:

    a.  The date, place and time you started the trip;

    b.  The places and times you stopped for any reason on the trip in question prior to impact with the vehicle being driven by Plaintiff, and,

    c.  Did you continue the trip in question after you were released from the scene by the authorities?  If not, where did you go and what did you do?

    **RESPONSE:**

11. Describe in your own words how the collision occurred or why the collision occurred. Please include the following in your response:

    a.  Your estimate of the speed the vehicle you were operating just prior to the impact with the Plaintiff;

    b.  The location of the Plaintiff when you first observed them in relation to the time of the collision;

4

    c.   Any evasive maneuvers taken by you or the Plaintiff;

    d.   The location and speed, if applicable, of any and all other vehicles in front of you as you approached the intersection where the collision occurred;

    e.   Whether you applied your brakes at any time before the collision;

    f.   Whether or not your brakes locked or your wheels skidded prior to the impact;

**RESPONSE:**

12. Identify any other individual, entity or entities other than those named defendants in this cause which may be liable or responsible for the collision made the basis of this lawsuit.
**RESPONSE:**

13. If any of the vehicles involved in the collision had defective equipment, describe each defective piece of equipment specifically and in detail.
**RESPONSE:**

14. Detail each complaint you made about defects and needed repairs and maintenance of the vehicle in which you were an occupant at the time of the collision made the basis of this suit for the six (6) month period prior to this collision, together with the exact dates of each complaint and the extent to which such complaints were satisfied or not satisfied.
**RESPONSE:**

15. What trip expenses were incurred by you on the trip in question prior to the collision at issue (i.e., including credit cards and cash expenses). In response to this interrogatory, please state the name of the business where each expense was incurred, the address of each such business, and the approximate time of each such expense. Furthermore, produce a copy of any and all trip receipts of any kind or nature.
**RESPONSE:**

16. Please state whether, at the time of the occurrence which is the subject of this claim, you had a prescription for glasses or corrective lenses. If so, state whether or not you were wearing such glasses or corrective lenses at the time of the occurrence.

**RESPONSE:**

17. Please list each and every medical provider from whom you have received treatment, consulting, review, examination and/or advice from January 1, 2012 through present. The term "medical provider" includes, but is not limited to emergency medical services, ambulance, doctors, hospitals, nurses, chiropractors, physical therapists, alcohol and/or drug treatment providers, rehabilitation therapists, mental health providers or facilitates, surgeons or other health care providers of any nature whatsoever,  For each medical provider, please state: provider's name, provider's address, provider's specialty; reason for seeing provider, treatment received, diagnosis given, and medications prescribed.

**RESPONSE:**

18. For the last ten (10) years, please provide the name of your health insurance provider, including the group number, contract number and the name under which coverage is secured.

**RESPONSE:**

19. Provide a list of all medications, prescribed and/or over the counter, that you were taking or had taken in the one year period prior to July 19, 2021**,** and include in your answer the following:

    a. The name and address of the doctor, hospital, or clinic, who prescribed, sold or provided these medications;

    b. The health condition for which you took each medication;

    c. The dosage you ingested daily;

    d. The name and address of each pharmacy, whether private or governmental, that has filed any prescription for you in the last ten (10) years.

**RESPONSE:**

20. State if you have ever been charged with or convicted of any criminal offense, including traffic violations.  If your answer is in the affirmative, state:

    a.    The name of the offense with which you were charged and/or convicted;

    b.      The state, county and city in which you were charged and/or convicted; and

    c.      The date or approximate date you were charged and/or convicted of such offense.

**RESPONSE:**

21. As to each motor vehicle accident you have been involved in for the last ten (10) years, give the following information:

    a.   Where it occurred (state, city, county, court);

    b.   When it occurred (month, day, year);

    c.   Any injuries claimed and when and where any claims or suits were filed; and,

    d.   Final disposition or current status of each traffic accident.

**RESPONSE:**

22. Give the dates, times and places, together with the names and addresses of persons and organizations who have provided drug or alcohol counseling or treatment to you at any time during the past ten (10) years.

**RESPONSE:**

23. Have you ever had your driver's license revoked or suspended prior to the incident which is the subject of this lawsuit and, if so, please set forth the state which revoked or suspended such license and the reason for such revocation or suspension.

**RESPONSE:**

24. Have you ever had your driver's license revoked or suspended prior to the incident which is the subject of this lawsuit and, if so, please set forth the state which revoked or suspended such license and the reason for such revocation or suspension.

**RESPONSE:**

25. Have you ever been deemed medically of physically unfit to drive by any company, medical provider, medical officer, or state agency? If so, please state the reasons for such a determination, the date of said determination, the time period for which you were deemed medically or physically unfit, and the steps that were followed in order for you to

be deemed medically fit to drive trucks or any other commercial vehicle.

**RESPONSE:**

26. Please describe any and all surgical procedures you have undergone in the past ten (10) years including the date of the procedure, the type procedure, the treating physician, the condition for which you received the procedure, the follow-up diagnosis and any medications which you were prescribed.

**RESPONSE:**

27. Please state the number(s) for any cellular telephone(s) (whether personal or issued by Defendant Bondz and/or Defendant FedEx, or other(s)) in your possession on July 19, 2021 and the name of the carrier providing service to said cellular telephone.

**RESPONSE:**

28. Have your attorneys made you aware what your liability insurance limits in this matter are limited and that any verdict in favor of the Plaintiff over and above said limits will be the responsibility of yourself and/or Defendant Bondz and/or Defendant FedEx?

**RESPONSE:**

29. Have your attorneys made you aware that you may demand that your insurance company pay your insurance liability limits of to the Plaintiff and that doing so will protect yourself and/or Defendant Bondz and/or Defendant FedEx from the responsibility of satisfying a verdict in favor of the Plaintiff which may otherwise exceed said insurance liability limits?

**RESPONSE:**

30. Please list all materials reasonably expected or intended to be used at trial for attempted impeachment of Plaintiff, including depositions, medical literature and any arid all other impeachment materials of any type, and or variety.

**RESPONSE:**

31. State the name, address and telephone number of any individual having knowledge of any matter relevant to the issues in this lawsuit, including any individual having knowledge to be used in the impeachment of any witness or party.

**RESPONSE:**

You are reminded under the provisions of O.C.G.A., you are under a duty to supplement your disclosures and responses under certain circumstances.

## REQUESTS FOR PRODUCTION

These Requests for Production are intended to be continuing in nature. Therefore, if at any time after the submission of your responses to these requests any additional or supplemental information, documents or records, becomes known to this answering defendant, its attorneys, its agents, it servants or its employees, then Plaintiff hereby requests that their responses to these requests be amended and submitted as amended to the Plaintiff so as to supply such additional supplemental information.

The term "document" is used in the broadest possible sense, meaning anything that may be considered to be a document within the meaning of the O.C.G.A. and means and includes, without limitation, any written, printed, typed, photostatic, photographic, recorded or otherwise reproduced communication or representation, whether comprised of letters, words, numbers, pictures, sound or symbols, or any combination thereto. This definition likewise includes copies or duplicates of documents contemporaneously or subsequently created that have any non-conforming notes or other markings. Without limiting the generality of the foregoing, the term

"document" includes, but is not limited to correspondence, memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, working papers, summaries, statistical statements, financial statements, work papers, accounts, local records, reports and/or summaries of investigation, trade letters, press releases, comparisons, books, calendars, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, drawings, diagrams, instructions, notes or minutes of meeting, or other communications of any type, including inter-office and intra-office communications, questionnaires, surveys' charts, graphs, photographs, recordings, tapes, discs, data cells, printouts, and all other data compilations from which information can be obtained (translated, if necessary, into usable form), and any preliminary versions, drafts or revisions of any of the foregoing.   Documents are defined herein specifically includes electronic versions and computerized formats of all the foregoing and shall also include electronic communications, whether maintained presently in the normal course of business or available in backup or legacy data formats, wherever found or maintained, including all servers, hard drives, laptops, and firewalls.

When producing documents, if maintained in electronic format or presently in an electronic format, these shall be produced in electronic format.   If a file was maintained in a format compatible with commonly available PC software, it should be produced in the format in which it was maintained.   For example, databases should be produced in either Microsoft Access format or Commodore Delimited ASCII; spreadsheets should be produced as Microsoft Excel or comparable spreadsheet files; presentations should be produced as Microsoft Power Point or comparable format.   Because of the variables that may exist in electronic production, the

undersigned is willing to "meet and confer" in order to work out the protocols and variables in such production.

Documents requested and produced herein shall be organized and labeled to correspond with the categories in this request or they shall be produced as kept in the ordinary course of business.

If you withhold any document due to a claim of attorney-client privilege, an assertion of work product doctrine, or any other claim of privilege, including a quality assurance privilege, you must provide a detailed privilege log to substantiate such claim or assertion in accord with O.C.G.A..  Consider this a formal request for such a log pursuant to the aforementioned Rule. Such log should identify each document withheld with particularity and state the following: (1) the specific subject matter of such document; (2) the particular length of such document; (3) each person to whom such document was addressed, copied or blind copied; (4) the preparer and/or author of such document; (5) the particular and specific reason(s) why such document is considered to be privileged from disclosure.  Any such privilege log should be produced at or prior to the time a response is required under O.C.G.A.

The term "you" or "your" shall be construed to mean Defendant Johnson.

When producing deposition transcripts, please produce travel sized transcript copies provided such transcripts contain the same testimony and information as full-sized deposition transcripts.  If such information differs between the two, please produce all copies of any such transcripts.

## DOCUMENTS REQUESTED

1.      Produce true and complete copies of any and all photographs, films, slides, videos or other graphic depictions, taken by or on behalf of the Defendant, of the accident scene and the

vehicles involved in the collision.

2.      Produce all documents, letters, notes, memoranda, communications, or other written documents of any type whatsoever between any parties to this lawsuit which refer to or are in regard to the collision and/or damages caused thereby.

3.      Produce a copy of any reports, evaluations, notes, or other written analysis by any expert you <u>intend</u> to call as a witness.

4.      Produce a copy of any reports, evaluations, notes and other written analysis by any expert you <u>do not intend</u> to call as a witness.

5.      Produce all videotapes, movie films, photographs, sound recordings, or any other video or audio production which is of the Plaintiffs that were taken at any time, either before, during or after the occurrence made the basis of this lawsuit.  This would include but not be limited to any type of "surveillance" recording or record of the Plaintiffs as they performed any activity.

6.      Produce a copy of Defendant's driver's license.

7.      Produce a copy of the driving record of the Defendant if obtained from any office or official agency of this state.

8.      Produce a copy of any traffic citations or complaints relating to this collision which may have been issued to Defendant.

9.      Produce copies of any and all statements previously made by the Plaintiffs concerning the subject matter of this lawsuit, including any written statements, signed or otherwise adopted or approved by the Plaintiffs, and any stenographic, mechanical, electrical, or other type of recording or any transcription thereof made by Plaintiffs about this lawsuit and contemporaneously recorded.

10.     Produce any and all drawings, maps, or sketches of the scene of the accident.

11.     Produce a copy of your telephone bill for the day of the collision.

12.     Produce a copy of the cell phone bill for the cell phone Defendant used just prior to and/or during the collision.

13.     Produce a copy of any and all other lawsuits ever filed against you in the last ten (10) years.

14.     Produce any and all insurance agreements or policies under which any person or entity carrying on an insurance business may be liable to satisfy part or all of the judgment that may be rendered in this action or to indemnify or reimburse for payments made to satisfy the judgment, including but not limited to any liability insurance policy covering the Defendant or the automobile being driven by Defendant at the time of the collision.

15.     Produce a copy of the title to the vehicle and/or any other ownership documents regarding the vehicle driven by or for the Defendant.

16.     Please produce the records relating to the repairs, maintenance, and costs of the vehicle involved in the incident of July 19, 2021.

17.     Produce a copy of each photograph and other document or item of demonstrative evidence you may or will offer as evidence at trial.

18.     Please produce all documents used, referenced or reviewed in answering the interrogatories, which were simultaneously served herewith.

19.     If you are not a citizen of the United States of America, please produce a copy of any United States Work Visa, Green Card or other document evidencing your legal status in the United States of America.

20.     Produce a copy of any and all photographs of any vehicle involved in the subject collision.

13

21.     Produce true and complete copies of any and all medical records, medical bills, subrogation interests, and/or any other documents related to Plaintiffs' injuries that were obtained by Defendant via subpoena.

22.     Any and all documents, writing, memoranda of any kind or nature whatsoever which you intend to introduce into evidence in the trial of this action.

23.     A complete list of all tangible evidence which you intend to introduce in the trial of this action, and please state when such evidence may be examined by counsel for Plaintiffs.

24.     Any and all technical publications, treatises, books, codes, standards, articles, statutes, ordinances, regulations or other writings or documents by whatever name described which you, your attorneys, your representatives and any witnesses (whether expert or otherwise) will offer into evidence upon the trial of this cause or which will be referred to or alluded to or used as a basis of support for any opinion to be offered or opinion or fact to be proved.

25.     Any and all charts, exhibits, models, movies, or demonstrative evidence to be offered at the trial of this action which support or tend to support Defendant's position and/or affirmative defenses.

26.     Please produce all documents which you may use for demonstrative purposes at the trial of this action, and all documents you may use for impeachment purposes at the trial of this action.


You are reminded under the provisions of O.C.G.A., you are under a duty to supplement your disclosures and responses under certain circumstances.

This December 1, 2022.

/s/ *Michael W. Slocumb*
MICHAEL W. SLOCUMB

Georgia Bar No. 652795
ATTORNEY FOR PLAINTIFF

**OF COUNSEL:**
**SLOCUMB LAW FIRM, LLC**
1967 E Samford Ave.
Auburn, AL  36830
Tel. No.  (334) 741-4110
Fax No.  (888) 853-2247

15

## REQUEST FOR SERVICE OF PROCESS

The Plaintiff requests the Summons and Complaint be served in this case upon Defendants by Service by Sheriff, as follows:

**FedEx Ground Package System, Inc.**
Registered Agent:  The Corporation Company
106 Colony Park Drive, Ste. 800-B
Cumming, GA 30040-2794

**Bondz, Inc.**
Registered Agent:  Clay Courts
4401 Northside Pkwy, Ste. 975
Atlanta, GA 30327

**David Johnson**
2808 Beacon Ave.
Columbus, GA 31904

/s/ *Michael W. Slocumb*
MICHAEL W. SLOCUMB
OF COUNSEL

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

LEA LOPEZ,                                              *
                                                       *
      Plaintiff,                                    *          Civil Action No.: _____
v.                                                     *
                                                       *
FEDEX GROUND                                           *
PACKAGE SYSTEM, INC.,  BONDZ, INC.,                    *
DAVID JOHNSON,                                         *
and Fictitious Defendants "A", "B", and "C",           *
whether singular or plural, those other                *
persons, corporations, firms or other entities         *
whose wrongful conduct caused or contributed           *
to cause the injuries and damages to Plaintiff,        *
all of whose true and correct names are                *
unknown to Plaintiff at this time, but will be         *
added by amendment when ascertained,                   *
                                                       *
      Defendants.                                   *

---

**PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO**
**DEFENDANT DAVID JOHNSON**

---

      Comes now the Plaintiff, in the above-styled cause and pursuant to pursuant to Rule 36 of

the O.C.G.A., and request that the Defendant, David Johnson, admit or deny the following:

1. Admit that you were properly served with a copy of the Summons and Complaint in

    the above-styled action.

2. Admit that your name, as listed in the Complaint, is stated and spelled correctly.

3. Admit that jurisdiction and venue are proper in this case.

This December 1, 2022.


                    /s/ *Michael W. Slocumb*_____
                    MICHAEL W. SLOCUMB
                    Georgia Bar No. 652795
                    ATTORNEY FOR PLAINTIFF

**OF COUNSEL:**
**SLOCUMB LAW FIRM, LLC**
1967 E Samford Ave.
Auburn, AL  36830
Tel. No.  (334) 741-4110
Fax No.  (888) 853-2247

## **REQUEST FOR SERVICE OF PROCESS**

The Plaintiff requests the Summons and Complaint be served in this case upon Defendants by Service by Sheriff, as follows:

**FedEx Ground Package System, Inc.**
Registered Agent:  The Corporation Company
106 Colony Park Drive, Ste. 800-B
Cumming, GA 30040-2794

**Bondz, Inc.**
Registered Agent:  Clay Courts
4401 Northside Pkwy, Ste. 975
Atlanta, GA 30327

**David Johnson**
2808 Beacon Ave.
Columbus, GA 31904

/s/ *Michael W. Slocumb*
MICHAEL W. SLOCUMB
OF COUNSEL

State Court of Fulton County
**E-FILED**
22EV006664
12/1/2022 6:13 PM
Donald Talley, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| LEA LOPEZ, | * | |
| | * | |
| **Plaintiff,** | * | Civil Action No.: _____ |
| v. | * | |
| | * | |
| FEDEX GROUND | * | |
| PACKAGE SYSTEM, INC.,  BONDZ, INC., | * | |
| DAVID JOHNSON, | * | |
| and Fictitious Defendants "A", "B", and "C", | * | |
| whether singular or plural, those other | * | |
| persons, corporations, firms or other entities | * | |
| whose wrongful conduct caused or contributed | * | |
| to cause the injuries and damages to Plaintiff, | * | |
| all of whose true and correct names are | * | |
| unknown to Plaintiff at this time, but will be | * | |
| added by amendment when ascertained, | * | |
| | * | |
| **Defendants.** | * | |

---

### PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR
### PRODUCTION OF DOCUMENTS TO
### DEFENDANT FEDEX GROUND  PACKAGE SYSTEM, INC.

---

Comes now the Plaintiff, by counsel, and propounds the following interrogatories to the Defendant, FedEx Ground Package System, Inc, (herein after referred to as "Defendant FedEx"), pursuant to the provisions of O.C.G.A. § 9-11-33, and requires the Defendant to answer the following Interrogatories separately and fully in writing under oath and to serve a copy of the answers on the undersigned as provided by law.

These Interrogatories are expressly made continuing and after the initial response thereto is made, supplemental answers are specifically called for as authorized by O.C.G.A. § 9-11-26. Likewise, these Interrogatories are propounded subject to the provisions of O.C.G.A. § 9-11-37.

1

## Definitions and Instructions

a.      These interrogatories are continuing in character so as to require you to file supplementary answers if you obtain further or different information before trial.

b.      Where the name of a person is requested, indicate the full name, home and business address and home and business telephone number of such person.

c.      Unless otherwise indicated, these interrogatories refer to the time, place and circumstances of the occurrences mentioned or complained of in Plaintiffs' Complaint.

d.      Where information of knowledge and possession of a party is requested, such request includes knowledge of the party's agent, next friend, guardian, representatives, and unless privileged, their attorney.

e.      The pronoun "you" refers to the party to whom these interrogatories are addressed, and the person or persons mentioned in clause (D).


## INTERROGATORIES

1.      Please identify yourself by stating the following: in what capacity you are authorized to respond to these interrogatories on behalf of this Defendant, your full name, current home address and home addresses for the past ten (10) years, date of birth, social security number, your affiliation to this Defendant, the length of time employed by this Defendant, current title and position, and positions held by you for the last ten (10) years, as well as the complete legal name of this Defendant, any trade name by which this Defendant is identified or under which this Defendant conducts business, any parent companies or subsidiaries and the address and telephone number of your principal office.
**RESPONSE:**


2.      Please state the correct legal name of Defendant FedEx.
**RESPONSE:**

3.      State the name and address of the owner and all occupants of this Defendant's vehicle at the time of the Wreck.

**RESPONSE:**

4.      State whether at the time of the Wreck, Defendant Johnson, was acting within the line and scope of his employment with this Defendant.

**RESPONSE:**

5.      Identify any other individual, entity or entities, other than those named defendants in this cause which may be liable or responsible for the collision made the basis of this lawsuit. If you contend that the Plaintiff is liable, please explain how and why.

**RESPONSE:**

6.      Describe all training this Defendant provides or requires for its drivers/operators, and include in your answer refer to section of any procedure, training or safety manuals which are employed by this Defendant which are provided to employees or independent contractors. Also please explain any differences between that training and the manner in which Defendant Johnson was trained.

**RESPONSE:**

7.      Disclose the interview process you employ before hiring any individual, including, but not limited to, any application for employment; driving test; medical evaluation; face-to-face, electronic or telephonic interview; verification of insurance information; licensing; and safety history.  Also please explain any differences between that process and the process employed prior to hiring Defendant Johnson.

**RESPONSE:**

8.      Did Defendant Johnson complete an application for employment or any other paperwork prior to being hired or employed by this Defendant? If so, identify the date the application and/or paperwork was completed and the present custodian of same.

**RESPONSE:**

9.   What, if any, background information did you obtain, or attempt to obtain, regarding Defendant Johnson's driving history and/or safety record prior to engaging his services or allowing him to use your vehicle?

**RESPONSE:**

10.   Was Defendant Johnson's employment as a driver ever suspended based upon any physical impairment or medical condition? If so, state the time period of said suspension, the reason for said suspension, and all steps taken by this defendant to ensure Defendant Johnson could safely perform his duties as a driver upon reinstatement.

**RESPONSE:**

11.   With respect to the vehicle involved in the Wreck, give its complete configuration (including at least the following information):

     a.   What the load was contained in the vehicle at the time of the collision;

     b.   The make(s), model(s), and type(s) of brakes located on said vehicle;

     c.   The make and model of each of the following that may have been on-board the vehicle in question at the time of the collision, to-wit:

        (1) CB Radio;

        (2) Telephone;

        (3) Computer / Laptop;

        (4) A Black Box;

        (5) Electronic Control Module (ECM);

        (6) Recording or data storage devices; and

        (7) Qualcomm system;

**RESPONSE:**

12.   Was the vehicle involved in this Wreck equipped with any event data recording, GPS location devices, speed control devices, or other electronic equipment designed to capture

or limit the location and/or operation of the vehicle operated by Defendant Johnson? If so, please describe:

    a.  The name of the equipment or device;

    b.  The manufacturer of the equipment or device;

    c.  Whether information has been printed, captured or derived from the equipment and/or device regarding vehicle and/or Wreck;

    d.  Who has possession of any data or information; and,

    e.  If the speed of the vehicle was governed, please describe the equipment and speed limit used to govern speed.

**RESPONSE:**


13.    State this Defendant's policy with respect to retention and destruction of driver's logs, time sheets, and trip receipts and explain any differences between that policy and the manner in which Defendant Johnson's logs, time sheets, and trip expenses for the trip in question were treated.

**RESPONSE:**


14.    State this Defendant's policy with respect for testing its drivers for substance abuse and explain any differences between that policy and the manner in which it Defendant Johnson after the Wreck.

**RESPONSE:**


15.    Was a urine sample taken from Defendant Johnson within thirty-two (32) hours of the Wreck and, if not, why not?

**RESPONSE:**


16.    Was a blood sample taken from Defendant Johnson within eight (8) hours of the Wreck and, if not, why not?

**RESPONSE:**

17.    If the answer to either interrogatory #15 or #16 is affirmative, please that the results of said urine and/or blood sample and the person(s), corporation(s), lab(s) or health care facility responsible for conducting said urine and/or blood sample.

**RESPONSE:**

18.    State this Defendant's policy with respect to having its drivers report accidents, collisions or wrecks to this Defendant and explain what this defendant's drivers are supposed to do with respect to helping persons who have been injured, protecting its equipment, making statements to the police, making statements to other persons involved in the wrecks, making statements to bystanders and all other actions or inactions required.

**RESPONSE:**

19.    Identify any individual, or anyone acting on this Defendant's behalf, who has personal knowledge of the facts and circumstances of this case, including eyewitnesses, people claiming to be eyewitnesses and any individuals who arrived on the scene within five (5) hours after the Wreck, and the nature of your and/or this Defendant's relationship to each person. Please provide the person's full name and address, giving the street, street numbers, city and state, of every witness know to you and your attorneys, who has knowledge regarding facts and circumstances surrounding the happening of the Wreck, including, but not limited to, eyewitnesses to such Wreck or events.

**RESPONSE:**

20.    Describe any insurance agreement under which any insurance business may be liable to satisfy part or all of the judgments that may be entered in this action, or to indemnify or reimburse for payments made to satisfy the judgment, by stating the name of the insurer and the amount of any liability or excess insurance coverage.

**RESPONSE:**

21.     State all prior motor vehicle accidents involving Defendant FedEx, for the three (3) year period preceding date of wreck.

**RESPONSE:**

22.     If anyone investigated the Wreck for this Defendant, including experts, private investigators or insurance adjusters, state their name(s) and address(es), and state whether such investigation was reduced to writing, and the substance of their investigation and findings.  If said investigator obtained any signed, recorded, transcribed or oral statement from any individual, identify the person who gave the statement and the present custodian of such statement.

**RESPONSE:**

23.     State the name and address and telephone number of each person having any knowledge related to the Wreck.

**RESPONSE:**

24.     If you know of the existence of any pictures, photographs, plats, visual recorded images, police reports, diagrams or objects relative to the Wreck, the Plaintiffs' physical condition, or the scene of the Wreck, identify the substance of such recording and the present custodian of each such item.

**RESPONSE:**

25.     Do you know of any statement, conversation, comment, testimony or report made by any party to this lawsuit, individual or witness, including Plaintiffs, made at the time of the occurrence or following the occurrence, concerning the occurrence or facts relevant to any issue in this case?  If your answer is "yes," state the content of such statement, conversation, comment or report, the place where it took place, the name, address and telephone number from whom the statement was taken or made, and the custodian of such statement.

**RESPONSE:**

7

26.    With respect to expert witnesses whom you will call or may call as experts to give testimony at the trial of this matter, please state the following:

    a.   His/her name, address, and telephone number;

    b.   The name, address, and telephone number of his/her employer or the organization with which he/she is associated in any professional capacity;

    c.   The field in which he/she is to be offered as an expert;

    d.   A summary of his/her qualifications within the field in which he/she is expected to testify;

    e.   The substance of the facts to which he/she is expected to testify; and,

    f.   The substance of the opinions to which he/she is expected to testify and a summary of the grounds for each opinion.

**RESPONSE:**


27.    If this Defendant or anyone on behalf of this Defendant has or knows of any photographs or motion pictures of the persons, places or things involved in the Wreck and/or the scene of the Wreck, please describe each by subject matter, date taken, and the name and address of such person who has possession, custody or control of such photographs or motion pictures, or copies of same.

**RESPONSE:**


28.    List any and all articles, or authoritative materials, statutes, ordinances or codes that this Defendant intends to use, refer to, or present at the trial of this case.

**RESPONSE:**


29.    Please state the identity of any person, firm or corporation including their name, address, qualifications, who may have downloaded any event data information or information from an electronic data recorder or black box on board the vehicle being operated by Defendant Johnson at the time of the Wreck.

**RESPONSE:**

30.     Give the names, business and home addresses, and business and home telephone numbers of each person listed below who was employed by this Defendant or contracted by this Defendant both at the time of the Wreck, as well as at the time these interrogatories are being answered:

a. Safety Director;

b. Director of Safety Program;

c. Medical Review Officer;

d. Director of Employee Assistance Program;

e. Medical Technologist (for blood, urine and breath tests);

f. Dispatcher(s) who dispatched the vehicle from the time it left home base until the collision;

g. Insurance loss control expert for motor carrier's insurance company who has inspected Defendant FedEx operations;

h. Chief Executive Officer;

i. Motor carrier's officer or official in charge of operational safety;

j. Supervisor of records; and

k. Person(s) who investigated the collision in question for this Defendant, including but not limited to investigator employed by your insurance carrier(s).

**RESPONSE:**

31.     State whether you have information about whether Defendant Johnson consumed any alcoholic beverages or drugs, prescription, over the counter, or illicit, within eight (8) hours prior to the Wreck, and if the answer is in the affirmative, state where they were obtained and consumed and the nature and amount thereof.

**RESPONSE:**

32.     State the full itinerary for the forty-eight (48) hours immediately preceding the occurrence of Defendant Johnson and vehicle involved in the occurrence, stating the place and time of the beginning of each trip, the place and time and duration of each stop, the routes taken, the final destination, the anticipated time of arrival at that destination

9

and the details of Defendant Johnson's sleep/drive schedule for those forty-eight (48) hours.

**RESPONSE:**


33.  Please state with specificity exactly how the Wreck took place and include in your answer the date, time and location of the Wreck, description of the vehicles (including make, model, year), where the vehicles were just prior to the Wreck, how far apart the vehicles were just prior to impact, the speed of each vehicle just before the Wreck, the exact location of each vehicle in relation to the roadway prior to the Wreck, and where the vehicles came to rest.

**RESPONSE:**


34.  Did you, your agents, servants, employees or representatives have any conversation or contact with any of the parties to this lawsuit, any witness to the accident, or any investigator of the occurrence?  If so, state the substance of such conversations and outline the contact.

**RESPONSE:**


35.  Following the Wreck of July 19, 2021**,** please state:
    a.  The person with this Defendant who was first notified of the accident?
    b.  The date and time this person was notified?
    c.  Whether anyone with this Defendant created a written record regarding the Wreck, and if so, whom?
    d.  Is this record kept in any Vehicle Accident Investigation File or its equivalent?
    e.  Is this record kept in the ordinary course of business?

**RESPONSE:**


36.  What maintenance had been performed on the vehicle of the subject vehicle for the 6 months prior to the collision.  For each such maintenance, please list the following:
    (a)    What prompted the maintenance visit;
    (b)    Who performed the maintenance;

      (c)     Who diagnosed the necessity for maintenance;

      (d)     What diagnosis was rendered;

      (e)     When were the repairs performed;

      (f)     What, if any, parts were replaced; and,

      (g)     Did the problem reoccur?  If so, when?

**RESPONSE:**

37.    Please list all prior or subsequent accidents in which Defendant Johnson has been involved, either with other persons or with property.  Please include the name of any other driver or property owner involved, the location of the collision, the date and time of the collision, and disposition of the matter.

**RESPONSE:**

      You are reminded pursuant to the provisions of O.C.G.A., you are under a duty to supplement your disclosures and responses under certain circumstances.

## **REQUESTS FOR PRODUCTION**

      These Requests for Production are intended to be continuing in nature.  Therefore, if at any time after the submission of your responses to these requests any additional or supplemental information, documents or records, becomes known to this answering defendant, its attorneys, its agents, it servants or its employees, then Plaintiff hereby requests that their responses to these requests be amended and submitted as amended to the Plaintiff so as to supply such additional supplemental information.

      The term "document" is used in the broadest possible sense, meaning anything that may be considered to be a document within the meaning of the O.C.G.A. and means and includes, without limitation, any written, printed, typed, photostatic, photographic, recorded or otherwise

reproduced communication or representation, whether comprised of letters, words, numbers, pictures, sound or symbols, or any combination thereto.  This definition likewise includes copies or duplicates of documents contemporaneously or subsequently created that have any non-conforming notes or other markings.  Without limiting the generality of the foregoing, the term "document" includes, but is not limited to correspondence, memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, working papers, summaries, statistical statements, financial statements, work papers, accounts, local records, reports and/or summaries of investigation, trade letters, press releases, comparisons, books, calendars, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, drawings, diagrams, instructions, notes or minutes of meeting, or other communications of any type, including inter-office and intra-office communications, questionnaires, surveys' charts, graphs, photographs, recordings, tapes, discs, data cells, printouts, and all other data compilations from which information can be obtained (translated, if necessary, into usable form), and any preliminary versions, drafts or revisions of any of the foregoing.  Documents are defined herein specifically includes electronic versions and computerized formats of all the foregoing and shall also include electronic communications, whether maintained presently in the normal course of business or available in backup or legacy data formats, wherever found or maintained, including all servers, hard drives, laptops, and firewalls.

When producing documents, if maintained in electronic format or presently in an electronic format, these shall be produced in electronic format.  If a file was maintained in a format compatible with commonly available PC software, it should be produced in the format in which it was maintained.  For example, databases should be produced in either Microsoft Access

format or Commodore Delimited ASCII; spreadsheets should be produced as Microsoft Excel or comparable spreadsheet files; presentations should be produced as Microsoft Power Point or comparable format.  Because of the variables that may exist in electronic production, the undersigned is willing to "meet and confer" in order to work out the protocols and variables in such production.

Documents requested and produced herein shall be organized and labeled to correspond with the categories in this request or they shall be produced as kept in the ordinary course of business.

If you withhold any document due to a claim of attorney-client privilege, an assertion of work product doctrine, or any other claim of privilege, including a quality assurance privilege, you must provide a detailed privilege log to substantiate such claim or assertion in accordance with O.C.G.A.  Consider this a formal request for such a log pursuant to the aforementioned Rule.  Such log should identify each document withheld with particularity and state the following: (1) the specific subject matter of such document; (2) the particular length of such document; (3) each person to whom such document was addressed, copied or blind copied; (4) the preparer and/or author of such document; (5) the particular and specific reason(s) why such document is considered to be privileged from disclosure.  Any such privilege log should be produced at or prior to the time a response is required under O.C.G.A..

The term "you" or "your" shall be construed to mean Defendant FedEx.

When producing deposition transcripts, please produce travel sized transcript copies provided such transcripts contain the same testimony and information as full-sized deposition transcripts.  If such information differs between the two, please produce all copies of any such transcripts.

## DOCUMENTS REQUESTED

1. Please produce the entire drug and alcohol file of Defendant Johnson including but not limited to pre-employment, post accident, random, reasonable suspicion, and return to duty drug and alcohol testing results.

2. Please produce the entire safety performance history file for Defendant Johnson.

3. Please produce any and all state safety audits of Defendant FedEx for the year of this collision and three years prior.

4. Please produce any and all accident reports filed by Defendant FedEx the year of this collision and three years prior.

5. Produce any and all photographs taken by or on behalf of the Defendants which depict any and all vehicles involved in the collision.

6. Produce any and all photographs taken by or on behalf of the Defendants which depict the accident scene.

7. Produce copies of any and all accident documentation kit materials, including, but not limited to, photographs, diagrams, scene information forms, notes by the driver or his companion, exoneration cards, emergency telephone aid cards, witness cards, and any and all other information which has anything to do with the collision at issue.

8. Produce any photographs take of the vehicle operated by the driver at the scene of the collision, or anytime after.

9. Produce copies of any documentation evidencing the completion or non-completion of training programs and driver orientation programs by Defendant Johnson.

10. Produce all policies including liability, general liability, excess umbrella for the vehicle and any other insurance that will cover or arguably cover this collision.

14

11. Please produce a copy of the completion or non-completion of any safe driving programs by Defendant Johnson.

12. Please produce a copy of any and all pre-maintenance inspection reports for the vehicle occupied by Defendant Johnson on July 19, 2021for six months prior to July 19, 2021.

13. Please produce any and all medical records of Defendant Johnson.

14. Please produce a copy of the driver manual or handbook issued to Defendant Johnson

15. Please produce a copy of the company safety rules issued to Defendant Johnson.

16. As to Defendant Johnson, produce any and all of the following documents and records *(including documents which are not now in existence but which can be generated by computer from the information stored by or in computers)*:

   (a.)   Qualification file;

   (b.)   Personnel file;

   (c.)   Any and all written tests;

   (d.)   Any and all disciplinary actions;

   (e.)   Any and all violations of company policy;

   (f.)   Medical Examination Report Form completed by Medical Examiner prior to issuing Medical Certificate;

   (g.)   Log books for three (3) months prior to collision, including the entire month in which the collision occurred;

   (h.)   Time sheets for three (3) months prior to collision, including the entire month in which the collision occurred;

   (i.)   Results of all drug and alcohol tests;

   (j.)   Gas receipts, charge card receipts, hotel receipts, and restaurant receipts for three (3) months prior to the collision, including the

entire month in which the collision occurred;

(k.)   Payroll records for three (3) months prior to the collision including the entire month in which the collision occurred;

(l.)   Trip receipts for three (3) months prior to the collision including the entire month in which the collision occurred;

(m.)   Any and all log audit summaries and time sheet summaries for three (3) months prior to the collision;

(n.)   Documentation given at driver safety meetings, including visual aids;

(o.)   Documentation regarding phone calls to and from Defendant Johnson regarding accident at issue;

(p.)   1-800 complaints.

17. As to Defendant FedEx, produce any and all of the following documents and records (including documents which are not now in existence but which can be generated by computer from information stored by or in computers):

(a.)   Accident register for the past five (5) years;

(b.)   State DOT audits for the past ten (10) years;

(c.)   Federal DOT audits for the past ten (10) years;

(d.)   Company's policy manual in effect at the time of the accident;

(e.)   Motor carrier safety profile;

(f.)   Violations from DOT inspections for the past three (3) years prior to the collision;

(g.)   Violations from DOT inspections subsequent to the collision;

(h.)   Safety policies and procedures manual in effect at the time of the collision.

18. Produce any and all documents and records (including documents which are not now in existence but which can be generated by computer from information stored by or in computers) which have anything to do with Defendant Johnson, the collision at issue, and the vehicle involved in said collision, including but not limited to, the following:

(a.)   Registration and Title;

(b.)   Bill of Sale;

(c.)   Repairs from any and all <u>previous</u> collisions involving the vehicle in question;

(d.)   Letters to Defendant Johnson;

(e.)   Training and educational documentation;

(f.)   Documentation regarding phoned in reports concerning accident at issue;

(g.)   All documentation indicating collision at issue was non-preventable;

(h.)   All documentation indicating collision at issue was preventable;

(i.)   Accident policy and procedures manual in effect at time of collision;

(j)   Accident investigation policies and procedures in effect at time of collision.

collision.

19.  To the extent not already produced, please produce all records of Defendant FedEx  for the 7 days prior to the collision and for the day of the collision.  Specifically, produce the following materials, as you are required to retain under 49 C.F.R. § 395.8(k) and subsequent DOT guidance and interpretation of supporting documents.

  A.  Bills of lading;

  B.  Carrier pros;

  C.  Freight bills;

  D.  Dispatch records;

  E.  Driver call-in records;

  F.  Gate record receipts;

  G.  Weight/scale tickets;

  H.  Fuel billing statements.

  I.  Toll receipts;

  J.  International registration plan receipts;

  K.  International fuel tax agreement receipts;

  L.  Trip permits;

  M.  Lessor settlement sheets;

  N.  Port of entry receipts;

  O.  Cash advance receipts;

  P.  Delivery receipts;

  Q.  Lumper receipts;

  R.  Interchange and inspection reports;

  S.  Over/short and damage reports;

T.  Agricultural inspection reports;

U.  Commercial Vehicle Safety Alliance reports;

V.  Accident reports;

W.  Telephone billing statements;

X.  Credit card receipts;

Y.  Driver fax reports;

Z.  On-board computer reports;

AA.   Border crossing reports;

BB.   Custom declarations;

CC.   Traffic citations;

DD.   Overweight/oversize reports and citations;

EE.   And/or other documents directly related to the motor carrier's

operation which are retained by the motor carrier in connection with the

operation of its transportation business.

You are reminded under pursuant to the provisions of O.C.G.A., you are under a duty to

supplement your disclosures and responses under certain circumstances.


This December 1, 2022.

/s/ *Michael W. Slocumb*
MICHAEL W. SLOCUMB
Georgia Bar No. 652795
ATTORNEY FOR PLAINTIFF

**OF COUNSEL:**
**SLOCUMB LAW FIRM, LLC**
1967 E Samford Ave.
Auburn, AL  36830
Tel. No.  (334) 741-4110
Fax No.  (888) 853-2247

19

## <u>REQUEST FOR SERVICE OF PROCESS</u>

The Plaintiff requests the Summons and Complaint be served in this case upon Defendants by Service by Sheriff, as follows:

**FedEx Ground Package System, Inc.**
Registered Agent:  The Corporation Company
106 Colony Park Drive, Ste. 800-B
Cumming, GA 30040-2794

**FedEx, Inc.**
Registered Agent:  Clay Courts
4401 Northside Pkwy, Ste. 975
Atlanta, GA 30327

**David Johnson**
2808 Beacon Ave.
Columbus, GA 31904

/s/ *Michael W. Slocumb*
MICHAEL W. SLOCUMB
OF COUNSEL

**(the rest of this page left blank intentionally)**

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| LEA LOPEZ, | * | |
| | * | |
|     **Plaintiff,** | * | Civil Action No.: _____ |
| v. | * | |
| | * | |
| **FEDEX GROUND** | * | |
| **PACKAGE SYSTEM, INC., BONDZ, INC.,** | * | |
| **DAVID JOHNSON,** | * | |
| and Fictitious Defendants "A", "B", and "C", | * | |
| whether singular or plural, those other | * | |
| persons, corporations, firms or other entities | * | |
| whose wrongful conduct caused or contributed | * | |
| to cause the injuries and damages to Plaintiff, | * | |
| all of whose true and correct names are | * | |
| unknown to Plaintiff at this time, but will be | * | |
| added by amendment when ascertained, | * | |
| | * | |
|     **Defendants.** | * | |

---

**PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO**
**DEFENDANT FEDEX GROUND PACKAGE SYSTEM, INC**

---

Comes now the Plaintiff, in the above-styled cause and pursuant to the provisions of O.C.G.A., and request that Defendant FedEx, admit or deny the following:

1. Admit or Deny that Defendant motor carrier is an authorized motor carrier as defined by the Federal Motor Carrier Safety Regulations.

   **RESPONSE:**


2. Admit or Deny that the purpose of the Federal Motor Carrier Safety Administration Regulations is to promote safety.

   **RESPONSE:**

3.   Admit or Deny that Defendant motor carrier is required to comply with the Federal Motor

Carrier Safety Administration Regulations.

**RESPONSE:**


4.   Admit or Deny that the State of Georgia has adopted the Federal Motor Carrier Safety

Administration Regulations.

**RESPONSE:**


5.   Admit or Deny that the Federal Motor Carrier Safety Administration Regulations require

accurate record keeping.

**RESPONSE:**


6.   Admit or Deny that the Federal Motor Carrier Safety Administration Regulations requires

Defendant motor carrier to qualify its driver.

**RESPONSE:**


7.   Admit or Deny that the Federal Motor Carrier Safety Administration Regulations requires

a written and signed driver's application for employment.

**RESPONSE:**


8.   Admit or Deny that the Federal Motor Carrier Safety Administration Regulations requires

an investigation of the Defendant motor carrier's driver's employment record for the

three years preceding the date of the driver's application.

**RESPONSE:**

9.  Admit or Deny that the Federal Motor Carrier Safety Administration Regulations requires Defendant motor carrier to verify the motor vehicle record for the three years preceding the date of the driver's application.

    **RESPONSE:**

10. Admit or Deny that the Federal Motor Carrier Safety Administration Regulations requires Defendant motor carrier to request driving records annually for its drivers.

    **RESPONSE:**

11. Admit or Deny that the Federal Motor Carrier Safety Administration Regulations requires Defendant motor carrier to perform an annual review of its drivers' driving records.

    **RESPONSE:**

12. Admit or Deny that the Federal Motor Carrier Safety Administration Regulations requires Defendant motor carrier to prepare a driver's Certification of Violations annually.

    **RESPONSE:**

13. Admit or Deny that the Federal Motor Carrier Safety Administration Regulations require Defendant motor carrier's drivers to successfully complete a road test or its equivalent before allowing said driver to operate a commercial vehicle.

    **RESPONSE:**

14. Admit or Deny that the Federal Motor Carrier Safety Administration Regulations requires Defendant motor carrier's drivers to pass a Medical Examination conducted by a licensed health care professional prior to allowing said driver to operate its commercial vehicle.

    **RESPONSE:**

15. Admit or Deny that the Federal Motor Carrier Safety Administration Regulations requires Defendant motor carrier to train its drivers prior to allowing the driver to operate its commercial vehicle.

    **RESPONSE:**

16. Admit or Deny that the Federal Motor Carrier Safety Administration Regulations requires that daily inspection reports be prepared by the driver of Defendant motor carrier's commercial vehicle.

    **RESPONSE:**

17. Admit or Deny that the Federal Motor Carrier Safety Administration Regulations requires Defendant motor carrier to perform annual inspections of its trucks.

    **RESPONSE:**

18. Admit or Deny that the Federal Motor Carrier Safety Administration Regulations requires Defendant motor carrier to supervise its drivers.

    **RESPONSE:**

19. Admit or Deny that Defendant FedEx was properly served with a  copy of the Summons
and Complaint in the above-styled action.

**RESPONSE:**

20. Admit or Deny that your name, as listed in the Complaint, is stated and spelled correctly .

**RESPONSE:**

21. Admit or Deny that jurisdiction and venue are proper in this case.

**RESPONSE:**


This December 1, 2022.

/s/ *Michael W. Slocumb*
MICHAEL W. SLOCUMB
Georgia Bar No. 652795
ATTORNEY FOR PLAINTIFF

**OF COUNSEL:**
**SLOCUMB LAW FIRM, LLC**
1967 E Samford Ave.
Auburn, AL  36830
Tel. No.  (334) 741-4110
Fax No.  (888) 853-2247

## REQUEST FOR SERVICE OF PROCESS

The Plaintiff requests the Summons and Complaint be served in this case upon Defendants by Service by Sheriff, as follows:

**FedEx Ground Package System, Inc.**
Registered Agent:  The Corporation Company
106 Colony Park Drive, Ste. 800-B
Cumming, GA 30040-2794

**BONDZ, INC.,.**
Registered Agent:  Clay Courts
4401 Northside Pkwy, Ste. 975
Atlanta, GA 30327

**David Johnson**
2808 Beacon Ave.
Columbus, GA 31904

/s/ *Michael W. Slocumb*
MICHAEL W. SLOCUMB
OF COUNSEL

State Court of Fulton County
**E-FILED**
22EV006664
12/16/2022 3:41 PM
Donald Talley, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| LEA LOPEZ, | * | |
| | * | |
| **Plaintiff,** | * | Civil Action No.:22EVE006664 |
| v. | * | |
| | * | |
| FEDEX GROUND | * | |
| PACKAGE SYSTEM, INC.,  BONDZ, INC., | * | |
| DAVID JOHNSON, | * | |
| and Fictitious Defendants "A", "B", and "C", | * | |
| whether singular or plural, those other | * | |
| persons, corporations, firms or other entities | * | |
| whose wrongful conduct caused or contributed | * | |
| to cause the injuries and damages to Plaintiff, | * | |
| all of whose true and correct names are | * | |
| unknown to Plaintiff at this time, but will be | * | |
| added by amendment when ascertained, | * | |
| | * | |
| **Defendants.** | * | |

---

### PLAINTIFF'S MOTION FOR SPECIAL APPOINTMENT OF PROCESS SERVER

---

NOW COMES the plaintiff, Lea Lopez,  and moves pursuant to O.C.C.A.§ 9-11-4( c ) for an order appointing David Horiuchi of ProofServe to serve defendant, David Johnson, with a copy of the Summons and Complaint in the above-styled action.

As grounds therefore, plaintiff shows that prompt service of process upon defendant is important, and that David Horiuchi a citizen of the United States, over the age of 21, and who has experience locating persons to be served, and in serving process and is not an interested party having no relationship with either plaintiff or defendant in the above-styled action.

1

WHEREFORE, plaintiff prays that this motion be granted and that David Horiuchi be appointed to serve process on the defendant and that the plaintiff have such other relief as just and proper.

This December 15, 2022.

Respectfully submitted,

/s/ *Michael Slocumb*
MICHAEL SLOCUMB
Georgia Bar No. 652795
ATTORNEY FOR THE PLAINTIFF

**OF COUNSEL:**
**SLOCUMB LAW FIRM, LLC**
1967 E Samford Ave.
Auburn, AL  36830
Tel. No.  (334) 741-4110
Fax No.  (888)-853-2247

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

LEA LOPEZ,                                          *
                                                   *
        Plaintiff,                                 *        Civil Action No.: _____   22EV006664
v.                                                 *
                                                   *
FEDEX GROUND                                       *
PACKAGE SYSTEM, INC.,  BONDZ, INC.,                *
DAVID JOHNSON,                                     *
and Fictitious Defendants "A", "B", and "C",       *
whether singular or plural, those other            *
persons, corporations, firms or other entities     *
whose wrongful conduct caused or contributed       *   **GRANTED**
to cause the injuries and damages to Plaintiff,    *
all of whose true and correct names are            *
unknown to Plaintiff at this time, but will be     *
added by amendment when ascertained,               *
                                                   *
        Defendants.                                *

---

## ORDER

---

        The above-styled matter came before this Court at the request of Plaintiff on the Motion for

Appointment of Process Server of David Horiuchi and after considering the same, it is hereby

ORDERED hat said motion be GRANTED.


                                        12/16/2022
        SO ORDERED this _____ day of _____, 2022.



                                        _____
                                        State Court Judge of Fulton County

3

## **AFFIDAVIT OF PROCESS SERVER**

I, the undersigned, David Horiuchi, being dully sworn, deposes and states:

1)      That I am a professional process server, a U.S. Citizen over the age of 18, and meet all of the

requirements for appointment as a process server in the state of Georgia.

2)      That I am a wholly disinterested party and I neither have any relationship with, nor am I employed

by, any of the parties to this action and in no way can benefit from its outcome.

FURTHER AFFIANT SAYETH NAUGHT

signature

David Horiuchi
print name

P.o. Box 1078
address line 1

Columbus, GA 31902
City, State, Zip

706-610-0589
phone

david@plsillc.com
server email address

STATE OF: Georgia )

COUNTY OF: Muscogee )

Signed and sworn to (or affirmed) before me

this 15 day of Dec , 20 22

by David Horiuchi process server, who is

✓ personally known to me

___ produced identification

type of identification produced: _____

Notary Public, State of Georgia

My commission expires: 3-25-26

Dawn Dekker
NOTARY PUBLIC
Muscogee County
State of Georgia
My Comm. Expires  March 25, 2026

## **AFFIDAVIT OF PROCESS SERVER**

I, the undersigned, Molly JHoriuchi being dully sworn, deposes and states:

1) That I am a professional process server, a U.S. Citizen over the age of 18, and meet all of the

requirements for appointment as a process server in the state of Georgia.

2) That I am a wholly disinterested party and I neither have any relationship with, nor am I employed

by, any of the parties to this action and in no way can benefit from its outcome.

FURTHER AFFIANT SAYETH NAUGHT

_____
signature

Molly JHoriuchi
print name

PO Box 1078
address line

Columbu Ga 31902
City, State, Zip

706 · 1010 · 0599
phone

davidepIsillc.com
server email address

STATE OF: Georgia )

COUNTY OF: Muscogee )

Signed and sworn to (or affirmed) before me

this 14 day of Dec , 20 22

by Molly Horiuchi process server, who is

✓ personally known to me

___ produced identification

type of identification produced: _____

_____
Notary Public, State of Georgia

My commission expires: 3·25·26

Dawn Dekker
NOTARY PUBLIC
Muscogee County
State of Georgia
My Comm. Expires March 25, 2026

State Court of Fulton County
**E-FILED**
22EV006664
12/15/2022 3:59 PM
Donald Talley, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| LEA LOPEZ, | * | |
| | * | |
| Plaintiff, | * | Civil Action No.:22EVE006664 |
| v. | * | |
| | * | |
| FEDEX GROUND | * | |
| PACKAGE SYSTEM, INC.,  BONDZ, INC., | * | |
| DAVID JOHNSON, | * | |
| and Fictitious Defendants "A", "B", and "C", | * | |
| whether singular or plural, those other | * | |
| persons, corporations, firms or other entities | * | |
| whose wrongful conduct caused or contributed | * | |
| to cause the injuries and damages to Plaintiff, | * | |
| all of whose true and correct names are | * | |
| unknown to Plaintiff at this time, but will be | * | |
| added by amendment when ascertained, | * | |
| | * | |
| Defendants. | * | |

---

### PLAINTIFF'S MOTION FOR SPECIAL APPOINTMENT OF PROCESS SERVER

---

NOW COMES the plaintiff, Lea Lopez,  and moves pursuant to O.C.C.A.§ 9-11-4( c ) for an order appointing David Horiuchi of ProofServe to serve defendant, David Johnson, with a copy of the Summons and Complaint in the above-styled action.

As grounds therefore, plaintiff shows that prompt service of process upon defendant is important, and that David Horiuchi a citizen of the United States, over the age of 21, and who has experience locating persons to be served, and in serving process and is not an interested party having no relationship with either plaintiff or defendant in the above-styled action.

1

WHEREFORE, plaintiff prays that this motion be granted and that David Horiuchi be appointed to serve process on the defendant and that the plaintiff have such other relief as just and proper.

This December 15, 2022.

Respectfully submitted,

/s/ *Michael Slocumb*
MICHAEL SLOCUMB
Georgia Bar No. 652795
ATTORNEY FOR THE PLAINTIFF

**OF COUNSEL:**
**SLOCUMB LAW FIRM, LLC**
1967 E Samford Ave.
Auburn, AL  36830
Tel. No.  (334) 741-4110
Fax No.  (888)-853-2247

2

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| LEA LOPEZ, | * | |
| | * | |
| Plaintiff, | * | Civil Action No.: _____ |
| v. | * | |
| | * | |
| FEDEX GROUND | * | |
| PACKAGE SYSTEM, INC.,  BONDZ, INC., | * | |
| DAVID JOHNSON, | * | |
| and Fictitious Defendants "A", "B", and "C", | * | |
| whether singular or plural, those other | * | |
| persons, corporations, firms or other entities | * | |
| whose wrongful conduct caused or contributed | * | |
| to cause the injuries and damages to Plaintiff, | * | |
| all of whose true and correct names are | * | |
| unknown to Plaintiff at this time, but will be | * | |
| added by amendment when ascertained, | * | |
| | * | |
| Defendants. | * | |

---

## ORDER

---

The above-styled matter came before this Court at the request of Plaintiff on the Motion for

Appointment of Process Server of David Horiuchi and after considering the same, it is hereby

ORDERED hat said motion be GRANTED.


SO ORDERED this _____ day of _____, 2022.


_____

State Court Judge of Fulton County

## **AFFIDAVIT OF PROCESS SERVER**

I, the undersigned, David Horiuchi, being dully sworn, deposes and states:

1)      That I am a professional process server, a U.S. Citizen over the age of 18, and meet all of the

requirements for appointment as a process server in the state of Georgia.

2)      That I am a wholly disinterested party and I neither have any relationship with, nor am I employed

by, any of the parties to this action and in no way can benefit from its outcome.

FURTHER AFFIANT SAYETH NAUGHT

_____
signature
David Horiuchi
print name
P.O. Box 1078
address line 1
Columbus, GA 31902
City, State, Zip
706-610-0599
phone
david@plsillc.com
server email address


STATE OF: Georgia )

COUNTY OF: Muscogee )

Signed and sworn to (or affirmed) before me

this 15 day of Dec, 20 22

by David Horiuchi process server, who is

✓ personally known to me

___ produced identification

type of identification produced: _____

_____
Notary Public, State of Georgia

My commission expires: 3-25-26

Dawn Dekker
NOTARY PUBLIC
Muscogee County
State of Georgia
My Comm. Expires   March 25, 2026

## AFFIDAVIT OF PROCESS SERVER

I, the undersigned, Molly JHoriuchi being dully sworn, deposes and states:

1)       That I am a professional process server, a U.S. Citizen over the age of 18, and meet all of the

requirements for appointment as a process server in the state of Georgia.

2)       That I am a wholly disinterested party and I neither have any relationship with, nor am I employed

by, any of the parties to this action and in no way can benefit from its outcome.

FURTHER AFFIANT SAYETH NAUGHT

signature

Molly JHonuchi
print name

PO Box 1078
address line 1

Columbu GA 31902
City, State, Zip

706·010·0599
phone

davdeplsillc.com
server email address

STATE OF: Georgia )

COUNTY OF: Muscogee )

Signed and sworn to (or affirmed) before me

this 14 day of Dec , 20 22

by Molly Horiuchi process server, who is

☑ personally known to me

___ produced identification

type of identification produced: _____

Notary Public, State of Georgia

My commission expires: 3·25-26

Dawn Dekker
NOTARY PUBLIC
Muscogee County
State of Georgia
My Comm. Expires   March 25, 2026

State Court of Fulton County
**E-FILED**
22EV006664
12/6/2022 10:00 AM
Donald Talley, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

LEA LOPEZ,                                    *
                                             *
          Plaintiff,                          *          Civil Action No.:22EVE006664
v.                                            *
                                             *
FEDEX GROUND                                  *
PACKAGE SYSTEM, INC.,  BONDZ, INC.,           *
DAVID JOHNSON,                                *
and Fictitious Defendants "A", "B", and "C",  *
whether singular or plural, those other       *
persons, corporations, firms or other entities *
whose wrongful conduct caused or contributed  *
to cause the injuries and damages to Plaintiff, *
all of whose true and correct names are       *
unknown to Plaintiff at this time, but will be *
added by amendment when ascertained,          *
                                             *
          Defendants.                         *

---

### PLAINTIFF'S MOTION FOR SPECIAL APPOINTMENT OF PROCESS SERVER

---

NOW COMES the plaintiff, Lea Lopez,  and moves pursuant to O.C.C.A.§ 9-11-4( c ) for

an order appointing Sharon Murphy of ProofServe to serve defendant, FedEx Ground Package

System, Inc. with a copy of the Summons and Complaint in the above-styled action.

As grounds therefore, plaintiff shows that prompt service of process upon defendant is

important, and that Sharon Murphy is a citizen of the United States, over the age of 21, and who

has experience locating persons to be served, and in serving process and is not an interested party

having no relationship with either plaintiff or defendant in the above-styled action.

1

WHEREFORE, plaintiff prays that this motion be granted and that Sharon Murphy be appointed to serve process on the defendant  and that the plaintiff have such other relief as just and proper.

This December 6, 2022.

Respectfully submitted,


/s/ *Michael Slocumb*
MICHAEL SLOCUMB
Georgia Bar No. 652795
ATTORNEY FOR THE PLAINTIFF

**OF COUNSEL:**
**SLOCUMB LAW FIRM, LLC**
1967 E Samford Ave.
Auburn, AL  36830
Tel. No.  (334) 741-4110
Fax No.  (888)-853-2247

## AFFIDAVIT OF PROCESS SERVER

I, the undersigned, Sharon Murphy being dully sworn, deposes and states:

1) That I am a professional process server, a U.S. Citizen over the age of 18, and meet all of the requirements for appointment as a process server in the state of Georgia.

2) That I am a wholly disinterested party and I neither have any relationship with, nor am I employed by, any of the parties to this action and in no way can benefit from its outcome.

FURTHER AFFIANT SAYETH NAUGHT

_____
signature

Sharon Murphy
print name

910 Deerfield Crossing
address line 1

Alpharetta, Ga 30004
City, State, Zip

407-902-7711
phone

Aprocess @ gmail.com
server email address

STATE OF: Georgia )

COUNTY OF: Forsyth )

Signed and sworn to (or affirmed) before me

this 12 day of July , 20 22

by Sharon murphy process server, who is

___ personally known to me

✓ produced identification

type of identification produced: GA DL 061566601

_____

Notary Public, State of Georgia

My commission expires: n/a

STEPHANIE BARNETT
NOTARY PUBLIC
Forsyth County
State of Georgia
My Comm. Expires Aug. 19, 2023

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| LEA LOPEZ, | * | |
| | * | |
| Plaintiff, | * | Civil Action No.: _____ |
| v. | * | |
| | * | |
| FEDEX GROUND | * | |
| PACKAGE SYSTEM, INC.,  BONDZ, INC., | * | |
| DAVID JOHNSON, | * | |
| and Fictitious Defendants "A", "B", and "C", | * | |
| whether singular or plural, those other | * | |
| persons, corporations, firms or other entities | * | |
| whose wrongful conduct caused or contributed | * | |
| to cause the injuries and damages to Plaintiff, | * | |
| all of whose true and correct names are | * | |
| unknown to Plaintiff at this time, but will be | * | |
| added by amendment when ascertained, | * | |
| | * | |
| Defendants. | * | |

## ORDER

The above-styled matter came before this Court at the request of Plaintiff on the Motion for Appointment of Process Server of Sharon Murphy. and after considering the same, it is hereby ORDERED hat said motion be GRANTED.

SO ORDERED this _____ day of _____, 2022.

_____

State Court Judge of Fulton County

3

State Court of Fulton County
**E-FILED**
22EV006664
12/7/2022 12:30 AM
Donald Talley, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| LEA LOPEZ, | * | |
| | * | |
|      **Plaintiff,** | * | Civil Action No.:22EVE006664 |
| v. | * | |
| | * | |
| FEDEX GROUND | * | |
| PACKAGE SYSTEM, INC.,  BONDZ, INC., | * | |
| DAVID JOHNSON, | * | |
| and Fictitious Defendants "A", "B", and "C", | * | |
| whether singular or plural, those other | * | |
| persons, corporations, firms or other entities | * | |
| whose wrongful conduct caused or contributed | * | |
| to cause the injuries and damages to Plaintiff, | * | |
| all of whose true and correct names are | * | |
| unknown to Plaintiff at this time, but will be | * | |
| added by amendment when ascertained, | * | |
| | * | |
|      **Defendants.** | * | |

---

### PLAINTIFF'S MOTION FOR SPECIAL APPOINTMENT OF PROCESS SERVER

---

NOW COMES the plaintiff, Lea Lopez,  and moves pursuant to O.C.C.A.§ 9-11-4( c ) for an order appointing Sharon Murphy of ProofServe to serve defendant, FedEx Ground Package System, Inc. with a copy of the Summons and Complaint in the above-styled action.

As grounds therefore, plaintiff shows that prompt service of process upon defendant is important, and that Sharon Murphy is a citizen of the United States, over the age of 21, and who has experience locating persons to be served, and in serving process and is not an interested party having no relationship with either plaintiff or defendant in the above-styled action.

1

WHEREFORE, plaintiff prays that this motion be granted and that Sharon Murphy be appointed to serve process on the defendant  and that the plaintiff have such other relief as just and proper.

This December 6, 2022.

Respectfully submitted,

/s/ *Michael Slocumb*
MICHAEL SLOCUMB
Georgia Bar No. 652795
ATTORNEY FOR THE PLAINTIFF

**OF COUNSEL:**
**SLOCUMB LAW FIRM, LLC**
1967 E Samford Ave.
Auburn, AL  36830
Tel. No.  (334) 741-4110
Fax No.  (888)-853-2247

## AFFIDAVIT OF PROCESS SERVER

I, the undersigned, Sharon Murphy being dully sworn, deposes and states:

    1)      That I am a professional process server, a U.S. Citizen over the age of 18, and meet all of the

requirements for appointment as a process server in the state of Georgia.

    2)      That I am a wholly disinterested party and I neither have any relationship with, nor am I employed

by, any of the parties to this action and in no way can benefit from its outcome.

FURTHER AFFIANT SAYETH NAUGHT

_____
signature

Sharon Murphy
print name

910 Deerfield Crossing
address line 1

Alpharetta, Ga 30004
City, State, Zip

407-902-7711
phone

Aprocess @ gmail.com
server email address

STATE OF: Georgia )

COUNTY OF: Forsyth )

Signed and sworn to (or affirmed) before me

this 12 day of July , 20 22

by Sharon Murphy process server, who is

___ personally known to me

✓ produced identification

type of identification produced: GA DL 061566661

_____

Notary Public, State of Georgia

My commission expires: n/a

STEPHANIE BARNETT
NOTARY PUBLIC
Forsyth County
State of Georgia
My Comm. Expires Aug. 19, 2023

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| LEA LOPEZ, | * | |
| | * | |
| Plaintiff, | * | Civil Action No.: _____ |
| v. | * | |
| | * | |
| FEDEX GROUND | * | |
| PACKAGE SYSTEM, INC.,  BONDZ, INC., | * | |
| DAVID JOHNSON, | * | |
| and Fictitious Defendants "A", "B", and "C", | * | |
| whether singular or plural, those other | * | |
| persons, corporations, firms or other entities | * | |
| whose wrongful conduct caused or contributed | * | |
| to cause the injuries and damages to Plaintiff, | * | **GRANTED** |
| all of whose true and correct names are | * | |
| unknown to Plaintiff at this time, but will be | * | |
| added by amendment when ascertained, | * | |
| | * | |
| Defendants. | * | |

---

## ORDER

---

The above-styled matter came before this Court at the request of Plaintiff on the Motion for

Appointment of Process Server of Sharon Murphy. and after considering the same, it is hereby

ORDERED hat said motion be GRANTED.

12/7/2022

SO ORDERED this _____ day of _____, 2022.

_____

State Court Judge of Fulton County

3

State Court of Fulton County
**E-FILED**
22EV006664
12/5/2022 9:50 AM
Donald Talley, Clerk
Civil Division

**GEORGIA, FULTON COUNTY**

DO NOT WRITE IN THIS SPACE

## STATE COURT OF FULTON COUNTY
**Civil Division**

CIVIL ACTION FILE #: _____

_____
_____
_____
Plaintiff's Name, Address, City, State, Zip Code

vs.

_____
_____
_____
Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [  ] ACCOUNT | PRINCIPAL $_____ |
| [  ] CONTRACT | |
| [  ] NOTE | INTEREST $_____ |
| [  ] TORT | |
| [  ] PERSONAL INJURY | ATTY. FEES $_____ |
| [  ] FOREIGN JUDGMENT | |
| [  ] TROVER | COURT COST $_____ |
| [  ] SPECIAL LIEN | |
| | ************ |
| [  ] NEW FILING | |
| [  ] RE-FILING:  PREVIOUS CASE NO. _____ | |

### SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

  You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: _____

Address: _____

City, State, Zip Code: _____   Phone No.:_____

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center  at 185 Central Ave., S.W., Ground Floor, Room TG300,  Atlanta, GA 30303.

Donald Talley, Chief Clerk (electronic signature)

_____

*SERVICE INFORMATION:*

 Served, this _____ day of _____, 20_____.   _____
                                                                  DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

_____

This _____ day of _____, 20_____.   _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

State Court of Fulton County
**E-FILED**
22EV006664
12/5/2022 9:50 AM
Donald Talley, Clerk
Civil Division

**GEORGIA, FULTON COUNTY**

DO NOT WRITE IN THIS SPACE

## STATE COURT OF FULTON COUNTY
**Civil Division**

CIVIL ACTION FILE #: _____

_____

_____

_____

Plaintiff's Name, Address, City, State, Zip Code

vs.

_____

_____

_____

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [ ] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $ _____ |
| [ ] SPECIAL LIEN | |
| | ************ |
| [ ] NEW FILING | |
| [ ] RE-FILING:  PREVIOUS CASE NO. _____ | |

### SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

  You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: _____

Address: _____

City, State, Zip Code: _____   Phone No.:_____

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center  at 185 Central Ave., S.W., Ground Floor, Room TG300,  Atlanta, GA 30303.

Donald Talley, Chief Clerk (electronic signature)

_____

*SERVICE INFORMATION:*

  Served, this _____ day of _____, 20_____.   _____

DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

_____

This _____ day of _____, 20_____.   _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

State Court of Fulton County
**E-FILED**
22EV006664
12/5/2022 9:50 AM
Donald Talley, Clerk
Civil Division

GEORGIA, FULTON COUNTY

DO NOT WRITE IN THIS SPACE

## STATE COURT OF FULTON COUNTY
**Civil Division**

CIVIL ACTION FILE #: _____

_____

_____

_____

Plaintiff's Name, Address, City, State, Zip Code

vs.

_____

_____

_____

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [ ] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $_____ |
| [ ] SPECIAL LIEN | ************ |
| [ ] NEW FILING | |
| [ ] RE-FILING:  PREVIOUS CASE NO. _____ | |

### SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

  You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: _____

Address: _____

City, State, Zip Code: _____   Phone No.:_____

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center  at 185 Central Ave., S.W., Ground Floor, Room TG300,  Atlanta, GA 30303.

Donald Talley, Chief Clerk (electronic signature)

_____

*SERVICE INFORMATION:*

 Served, this _____ day of _____, 20_____.     _____
DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

_____

This _____ day of _____, 20_____.     _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

State Court of Fulton County
**E-FILED**
22EV006664
12/12/2022 5:20 PM
Donald Talley, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

LEA LOPEZ,                              *
                                        *
        Plaintiff,                      *        Civil Action No.: 22EVE006664
v.                                      *
                                        *
FEDEX GROUND                            *
PACKAGE SYSTEM, INC.,  BONDZ, INC.,  *
DAVID JOHNSON,                          *
                                        *
        Defendants.                     *

## VERIFIED APPLICATION FOR *PRO HAC VICE* ADMISSION

Pursuant to Georgia Uniform Superior Court Rule 4.4, I, Mr. Carson Hale (Applicant), hereby applies to this Honorable Court for admission to practice in the above-styled case *pro hac vice.* In support of this application, Applicant states as follows:

1. I reside at:
   1405 Turn Lake Dr.
   Auburn, AL 36830
   United States

2. My business address is:
   Slocumb Law Firm, LLC
   1967 E. Samford Ave.
   Auburn, AL 36832
   United States
   Phone: 334-741-4110
   Fax: 888-853-2247
   chale@slocumblaw.com

3. I have been retained to represent the following client(s):
   Lea Lopez
   227 Hubbard Circle
   Anniston, AL 36206

4. I am a member in good standing of the following jurisdictions:

   Jurisdiction: Alabama
   Date admitted: 9/24/2015
   Still admitted: Yes
   Bar/Registration No.: 0656G10K

Jurisdiction: US District Court for the Middle District of Alabama
Date admitted: 09/27/2018
Still admitted: Yes

Jurisdiction: US District Court for the Northern District of Alabama
Date admitted: 03/19/2019
Still admitted: Yes

Jurisdiction: US District Court for the Southern District of Alabama
Date admitted: 07/05/2019
Still admitted: Yes

5.      I have never been a member of the State Bar of Georgia.

6.      I have never been denied *pro hac vice* admission in Georgia.

7.      I have never had pro *hac vice* admission revoked in Georgia.

8.      I have never been sanctioned or formally disciplined by a court in Georgia.

9.      I have never been the subject of any formal disciplinary proceedings.

10.     I have never been formally held in contempt, or otherwise sanctioned by a court in a written order, for disobedience to its rules or orders.

11.     In the past two years I have not filed for *pro hac vice* admission in Georgia.

12.     I have reviewed and am familiar with the Georgia Rules of Professional Conduct and all court rules relevant to practice before the court in which I am seeking admission.

13.     My local sponsor is:
        Michael W Slocumb
        Bar Number: 652795
        Slocumb Law Firm, LLC
        1967 E Samford Ave.
        Auburn, AL 36830
        334-741-4110

14.     I am currently representing one or all of the clients listed above in matters related to this proceeding:

        **LEA LOPEZ vs. FEDEX GROUND PACKAGE SYSTEM, INC., BONDZ, INC., and DAVID JOHNSON**
        Summary: This is an action by the Plaintiff, Lea Lopez, against the Defendants, FedEx Ground Package Ssytem, Inc., Bondz, Inc., and David

Johnson for personal injuries as the result of a collision that occurred on July 19, 2021.

15.  When I file my application I will forward a copy to the State Bar of Georgia along with a check or money order made payable to the State Bar of Georgia in the amount of $275, as this is my first application filed this calendar year.

I, Carson Hale, applicant in the foregoing Verified Application for *Pro Hac Vice* Admission, hereby verify the facts contained therein are true and accurate to the best of my knowledge.

This 12th day of December, 2022

_____
Applicant

Sworn to before me this _____12_____ day of _____Dec_____, 20____.

_____
Notary Public

My commission expires _____1/25/26_____

BRYANNE ALYSE FARR
Notary Public, Alabama State At Large
My Commission Expires 01/25/2026

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 12, 2022, an exact copy of the foregoing instrument has been served (a) through the Court's e-filing system; (b) by placing a copy of the same in the United States Mail, postage prepaid and properly addressed; and/or (c) by personal/ firm email to the following:

**FedEx Ground Package System, Inc.**
Registered Agent:  The Corporation Company
106 Colony Park Drive, Ste. 800-B
Cumming, GA 30040-2794

**Bondz, Inc.**
Registered Agent:  Clay Courts
4401 Northside Pkwy, Ste. 975
Atlanta, GA 30327

**David Johnson**
2808 Beacon Ave.
Columbus, GA 31904

/s/ *Michael W. Slocumb*
MICHAEL W. SLOCUMB
OF COUNSEL

# IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

LEA LOPEZ,                                  )
                                            )
    Plaintiff,            )
                                            )   CASE NO. 22EV006664
vs.                                         )
                                            )
                                            )
FEDEX GROUND PACKAGE                        )
SYSTEM, INC., BONDZ, INC.,                  )
DAVID JOHNSON, and FICTITIOUS               )
DEFENDANTS,                                 )
                                            )
    Defendants.            )

## NOTICE OF FILING NOTICE OF REMOVAL

COME NOW, FedEx Ground Package System, Inc., Bondz, Inc., and David Johnson ("Defendants"), and file this Notice of Filing Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1447, showing the Court as follows:

1.

In compliance with 28 U.S.C. § 1446(d), you are hereby notified of the filing of a notice of removal in this action with the United States District Court for the Northern District of Georgia, Atlanta Division.

2.

Attached hereto as Exhibit A is a copy of the notice of removal that has been

filed in the United States District Court of Georgia, Atlanta Division.

Respectfully submitted,

**CALLAHAN & FUSCO, LLC**

*/s/ Cassie D. Preston*

Cassie D. Preston
Georgia Bar No. 940960
*Attorney for Defendants*

160 Clairemont Ave., Suite 340
Decatur, GA 30030
(877) 618-9770
cpreston@callahanfusco.com

2

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day served the foregoing *Notice of Filing Notice of Removal* upon all judges, clerks, and opposing counsel to the Clerk of Court electronically using the Odyssey eFileGA filing system which will automatically send e-mail notification of such filing to counsel of record and others who are Odyssey eFileGA participants. Counsel of record is as follows: Michael W. Slocumb, Slocomb Law Firm, LLC, 1967 E. Samford Avenue, Auburn, Alabama 36830.

This 5th day of January, 2023.

Respectfully submitted,

**CALLAHAN & FUSCO, LLC**

*/s/ Cassie D. Preston*
Cassie D. Preston
Georgia Bar No. 940960
160 Clairemont Ave., Suite 340    Attorneys for Defendant FedEx Ground
Decatur, GA 30030                        Package System, Inc.
(877) 618-9770
cpreston@callahanfusco.com