**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **JANINE SCARL,** * | |
| * | |
| Plaintiff, * | |
| * | |
| v. * | Case No. _____ |
| * | |
| **CIRCLE K STORES, INC.,** * | |
| **JOHN DOE and FICTITIOUS** * | |
| **CORPORATE DEFENDANTS B and C,** * | |
| * | |
| Defendants. * | |

## **NOTICE OF REMOVAL**

Without waiving any available defenses, including, without limitation, lack of personal jurisdiction, improper venue, statute of limitations, insufficient process, or insufficient service of process, Defendant Circle K Stores, Inc. ("Circle K"), by and through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby files this Notice of Removal of the above-described action to the United States District Court for the Northern District of Georgia, Atlanta Division, from the State Court of Gwinnett County, Georgia where the action is now pending and states as follows:

1. The Plaintiff, Janine Scarl ("Plaintiff"), commenced this action in the State Court of Gwinnett County, Georgia on December 2, 2022 and process was served on Circle K on December 8, 2022. A copy of Plaintiff's Complaint setting

forth the claim for relief upon which the action is based was first received by the Circle K on December 8, 2022. Thus, removal is timely.

2. This is a civil action for damages arising out of alleged injuries sustained by Plaintiff in a fall on August 6, 2021 at the Circle K gas station located at 1877 Harrietts Bluff Rd, Woodbine, Georgia 31569.

3. The United States District Court for the Northern District of Georgia, Atlanta Division, has jurisdiction by reason of the diversity citizenship of the parties. 28 U.S.C. § 1332.

4. This is a suit between citizens of different states. At the time she commenced this action and at all times thereafter, Plaintiff was and continues to be a citizen and resident of the State of Pennsylvania.

5. Circle K is a Texas corporation with its principal place of business in Arizona. Therefore, Circle K is a citizen of Texas and Arizona and not a citizen of Pennsylvania.

6. This Honorable Court has previously held that "[w]hen the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." *Carrington v. Bausch & Lomb, Inc.*, 2007 U.S. Dist. LEXIS 105554, at *2-3 (N.D. Ga. Mar. 8, 2007).

7.      Where the "[p]laintiff[']s complaint seeks a variety of damages for a plethora of injuries that, if recovered, will more likely than not exceed the jurisdictional minimum," the amount in controversy requirement is met. *Id.* at * 3.

8.      In this action, Plaintiff seeks to recover, at least, "$62,534.42 in medical expenses" incurred "[t]o date." (Compl. ¶ 11).

9.      Plaintiff alleges she suffered "serious life changing injuries, including but not limited to; a closed displaced traverse fracture of the left patella, bruised hands, and excruciating pain all over her body." (Compl. ¶ 10).

10.     Plaintiff further claims she "underwent surgery for her left kneecap, along with treatment from numerous providers" as a result of Circle K's negligence. (Compl. ¶ 11).

11.     In addition, on March 23, 2022, Plaintiff served a pre-suit settlement demand in the amount of $500,000.00. In the demand, Plaintiff itemized $62,534.42 in special damages that comprised medical treatment for a patellar fracture. (Plaintiff's $500,000.00 Settlement Demand, attached hereto as **Exhibit A**)[1].

12.     This Honorable Court has previously held that pre-suit "settlement offers, though not determinative, may be considered in determining the amount in controversy if the demand was an honest assessment of damages as opposed to mere

---

[1] The settlement demand letter is 334 pages and includes photographs of the area where Plaintiff allegedly fell, her injuries, and the medical records incurred as a result of the alleged injuries. Circle K is only attaching the letter and not the exhibits thereto, however, Circle K will provide the full letter upon request.

posturing." *Carrington v. Bausch & Lomb, Inc.*, 2007 U.S. Dist. LEXIS 105554, at *7 (N.D. Ga. Mar. 8, 2007).

13. A settlement demand "tallying [] costs" of categories of damages suggests that the plaintiff is "offering a reasonable assessment of the value of [her] claim." *Bryant v. Publix Super Mkts.*, 2021 U.S. Dist. LEXIS 114434, at *17, *19 (N.D. Ga. Mar. 25, 2021).

14. Plaintiff's pre-suit settlement demand does not constitute posturing, but instead was meticulously generated using prevailing Georgia caselaw and established standards of damages calculations.

15. Finally, Plaintiff has not expressly ruled out the possibility of her damages exceeding $75,000.00. *See*, *e.g.*, *Fields v. Chipotle Mexican Grill of Colo.*, No. 1:21- cv-00902-AT, 2021 U.S. Dist. LEXIS 114422, at *3 (N.D. Ga. May 11, 2021) (motion to remand granted where Plaintiff's Complaint specifically requested damages not exceeding $74,999.00).

16. Taken together, it is more likely than not, based on Plaintiff's description of the alleged damages in the Complaint and pre-suit settlement demand, including at least "$62,534.42 in medical expenses, future ongoing medical expenses, and pain and suffering, the amount in controversy of Plaintiff's claim exceeds $75,000.00, exclusive of interest and costs.

17. A copy of all pleadings and Orders served upon Circle K is filed with

this Notice and attached hereto as **Exhibit B**.

18. Circle K will give written notice of the filing of this Notice as required by 28 U.S.C. § 1446(d).

19. A copy of this Notice will be filed with the Clerk of the State Court of Gwinnett County, Georgia as required by 28 U.S.C. § 1446(d).

**WHEREFORE**, Circle K requests that this action proceed in this Court as an action properly removed to it pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

This 6th day of January, 2023.

    Respectfully submitted,

    **CARR ALLISON**

    By:   /s/ Sean W. Martin
         **SEAN W. MARTIN, GA BAR #474125**
         **STEPHEN A. SWANSON, GA BAR #759751**
         *Attorneys for Defendant Circle K Stores, Inc.*
         736 Market St., Suite 1320
         Chattanooga, TN 37402
         (423) 648-9832 / (423) 648-9869 FAX
         swmartin@carrallison.com
         sswanson@carrallison.com

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), I hereby certify the foregoing document complies with the font and point selections permitted by Local Rule 5.1(B). This document was prepared on a computer using Times New Roman font in 14 point.

This 6th day of January, 2023.

By:   /s/ Sean W. Martin
**SEAN W. MARTIN, GA BAR #474125**
**STEPHEN A. SWANSON, GA BAR #759751**

## CERTIFICATE OF SERVICE

I hereby certify that on January 6, 2023, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Katherine L. Jackson, Esq.
Jennifer Gore-Cuthbert, Esq.
Atlanta Personal Injury Law Group - Gore, LLC
295 W. Crossville Rd., Suite 200
Roswell, Georgia 30075

**CARR ALLISON**

By:   /s/ Sean W. Martin
**SEAN W. MARTIN, GA BAR #474125**
**STEPHEN A. SWANSON, GA BAR #759751**