

# ATLANTA PERSONAL INJURY LAW GROUP

295 W. Crossville Road Suite # 200 Roswell, Georgia 30075
p 678.399.6161 • f 678.399.6166 • www.atlinjurylawgroup.com

March 23, 2022

**VIA CERTIFIED MAIL/RETURN RECEIPT REQUESTED**
**ARTICLE NO.: 9402 7118 9922 3033 5589 06**
ATTN: Angela L. Singh
Constitution State Services
TPA For Circle K Stores
PO Box 650293
Dallas, TX 75265-0293

| | | |
|---|---|---|
| RE: | Our Client: | Janine C. Scarl |
| | Your Insured: | Circle K |
| | Claim #: | FQJ8791 |
| | Date of Loss: | 8/6/2021 |

## SETTLEMENT DEMAND

Dear Angela L. Singh,

As you know, we represent claimant, Janine Scarl for personal injuries sustained as a result of your insured's negligence that occurred on August 6, 2021. Please accept this correspondence as our client's demand for settlement and compromise of this claim for damages arising from the referenced incident. While the following information should assist you in evaluating this claim and includes medical records, medical bills, and documentation showing the losses sustained by our client, this letter and the enclosed materials are submitted for the purpose of negotiation only. For this reason, nothing contained herein shall constitute an admission by our client, nor be admissible against our client at any hearing or trial.

## CLEAR LIABILITY

On August 6, 2021, our client, Janine Scarl was injured when she slipped and fell at Circle K located at 1877 Harrietts Bluff Road, Woodbine, GA 31569. Ms. Scarl reported the painted lines near the entryway of the store in the parking lot were overly slippery. Under Georgia law, the doctrine of *Res Ipsa Loquitur* allows an inference of negligence to arise from the happening of an event causing an injury to another. Under the doctrine, a plaintiff must show that the defendant owned, operated, and maintained, or controlled and was responsible for the management and maintenance of the thing doing the damage, and the accident was of a kind which does not ordinarily happen without negligence. (See, Turry et al. v. Hong Kong Delight, Inc., 215 Ga.App. 193, 449 S.E.2d 873 (1994)).

Here, there is no question that your insured owned and operated the premises, and that the parking lot involved is provided for customers of your establishment and the painted lines in the parking

TRV,GM2209026000855000000,03/31/2022,ECN2209026000609

lot were unreasonably slippery, which caused her to fall and sustain serious injuries. Thus, it is our position that liability on this matter is clear and absolute and that our client has ample evidence to make a proper showing under the doctrine of *Res Ipsa Loquitur* at any trial which may arise as a result of this incident.

Georgia law further provides that an owner or occupier of land is liable for damages to an invitee "for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe." (See O.C.G.A. § 51-3-1). Thus, your insured is under a statutory duty to keep the areas open to its customers in a safe condition. Because your insured's agents and employees allowed the ground entryway to be distributed with non-slip paint, and/or failed to administer anti slip paint additive to the concrete, our client fell and sustained serious injuries.

### NATURE OF PERSONAL INJURIES

Due to the nature of the injuries, our client presented to Southeast Georgia Health System where she received a physical examination with was diagnosed with a **PATELLAR FRACTURE**. She received X-rays and was prescribed Percocet. Ms. Scarl was instructed to follow up with an orthopedic within 72 hours.

Mrs. Scarl followed up with an orthopedic through the Lehigh Valley Health Network, as instructed by the emergency room physician for the fracture to her patella. Mrs. Scarl was re-examined and was diagnosed with ***ACUTE PAIN OF THE LEFT KNEE AND CLOSED DISPLACED TRANSVERSE FRACTURE OF THE LEFT PATELLA***. Then after, she was recommended surgery for knee. Mrs. Scarl completed the recommended surgery, physical therapy and followed up multiple times with the Orthopedic and was later discharged.

Further note, our client was unable to perform routine household duties or recreational activities as a result of the injuries. To this date, our client continues to experience pain and suffering as a result of this incident. At this time, we are enclosing a copy of our client's emergency room records, as well as copies of subsequent medical records related to care that received from various medical doctors. Below is a highlight of the personal injuries sustained by our client:

### SPECIAL DAMAGES

The special damages which our client incurred as a result of this serious incident would include, but are not limited to, the following:

| Provider | Date | Amount |
|---|---|---|
| Camden County Fire Rescue | 8/6/2021 | $636.40 |
| Southeast Georgia Health System - Camden Campus | 8/6/2021 | $831.94 |
| Emergency Resources Group | 8/6/2021 | $992.00 |
| Frederica Imaging | 8/6/2021 | $30.00 |
| Lehigh Valley Health Network | 8/9/2021-1/10/2022 | $50,346.08 |
| Lost Wages | 8/16/2021-11/15/2021 | $9,698.00 |

**TOTAL SPECIAL DAMAGES TO DATE**　　　　　　　　　　　　　　　　　　　　**$62,534.42**

## SETTLEMENT DEMAND

This demand is being made after careful consideration of my client's injuries, and for purposes of settlement of the bodily injury claim only, we request that you tender $500,000.00. In exchange for this compensation, our client is willing to sign a GENERAL RELEASE OF ALL CLAIMS AGAINST **Circle K Stores, Constitution State Services and Travelers Insurance Company**. This demand takes into account compensation for any and all past, present and future pain and suffering, past, present and future medical expenses and wage loss, and any other special, general or punitive damages that may arise from my client's bodily injury claim including any claims for bad faith and indemnity.

Also, please be aware that the acceptance of this demand must be made within thirty (30) days from the receipt of this demand and payment made no later than 10 days from the acceptance of this demand to settle. Please make the check payable to both the client and the attorney's office **(Janine Scarl and Atlanta Personal Injury Law Group-Gore, LLC)**, and forward to the attorney's address listed above. Our client will satisfy all outstanding medical liens, subrogation claims by health insurance, worker's compensation and Medicare and Medicaid.

If this matter is not settled within the aforementioned time frame, my client will seek legal remedies. Under Georgia law, statements made with a view to compromise are inadmissible at trial. Thus, this entire demand package and any addendum thereto are submitted with a view toward settlement of my client's claim cannot be used at a future trial.

With best regards, I am

Very Truly Yours,

**ATLANTA PERSONAL INJURY LAW
GROUP-GORE, LLC**

*Jennifer Gore-Cuthbert*

Jennifer Gore-Cuthbert, Esq.

*Cierra Geter*

Cierra Geter, Esq.

JGC/nw
Enclosures
Scene Photographs
Medical Records and Bills
W-9 Form