E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**22-C-06975-S3**

**12/2/2022 5:09 PM**
**TIANA P. GARNER, CLERK**

# IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| JANINE SCARL, | ) | 22-C-06975-S3 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION |
| | ) | FILE NO. |
| CIRCLE K STORES INC., John Doe and | ) | |
| Fictitious Corporate Defendants B and C, all | ) | |
| of whose true and correct names are not | ) | |
| further known to Plaintiff at this time, but | ) | |
| when ascertained, will be added by way of | ) | |
| amendment, | ) | |
| | ) | |
| Defendants. | ) | |

## 5.2 CERTIFICATE OF SERVICE

I hereby certify that I have arranged for service of **Plaintiff's First Request for Production of Documents, Plaintiff's Request for Admissions, and Plaintiff's First Interrogatories to Defendant**, along with and attached to the Complaint:

> To: Circle K Stores Inc.
> Registered Agent: Corporation Service Company
> 2 Sun Court, Suite 400, Peachtree Corners, GA 30092

Respectfully submitted, this 1st day of December, 2022.

**ATLANTA PERSONAL INJURY LAW
GROUP-GORE, LLC**

| | |
|---|---|
| 295 W. Crossville Road, Suite 200 | */s/Katherine L. Jackson* |
| Roswell, Georgia 30075 | Katherine L. Jackson |
| Telephone: (678) 399-6161 | Georgia Bar No.: 708638 |
| Facsimile: (678) 399-6166 | Jennifer Gore-Cuthbert |
| Email: Katherine@atlinjurylawgroup.com | Georgia Bar No.: 788061 |
| Jennifer@atlinjurylawgroup.com | *Counsel for Plaintiff* |

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**22-C-06975-S3**
**12/2/2022 5:09 PM**
**TIANA P. GARNER, CLERK**

# IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| JANINE SCARL, | ) | 22-C-06975-S3 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION |
| | ) | FILE NO. |
| CIRCLE K STORES INC., John Doe and | ) | |
| Fictitious Corporate Defendants B and C, all | ) | |
| of whose true and correct names are not | ) | |
| further known to Plaintiff at this time, but | ) | |
| when ascertained, will be added by way of | ) | |
| amendment, | ) | |
| | ) | |
| Defendants. | ) | |

## **COMPLAINT**

COMES NOW, Janine Scarl, ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint for Damages against Defendant Circle K Stores Inc., (hereinafter "Circle K"); John Doe and Fictitious Corporate Defendants B and C, respectively, and shows the Court and jury as follows:

1.

This is an action for the injuries suffered by Plaintiff arising out of a slip and fall that occurred on August 6, 2021, at Defendant Circle K Inc, when Circle K negligently failed to exercise ordinary care in keeping the premises and approaches safe in compliance with O.C.G.A § 51-3-1.

2.

Plaintiff is resident of the state of Pennsylvania who traveled through the state of Georgia on August 6, 2021.

3.

Defendant **Circle K Stores, Inc.** ("Circle K") is a Texas professional corporation authorized to do business under the laws of the State of Georgia. It transacts business in the State of Georgia and therefore is subject to the jurisdiction of this Court.  Service upon this Defendant may be made through its registered agent for service, Corporation Service Company located at 2 Sun Court, Suite 400, Peachtree Corners, Gwinnett County, Georgia 30092.

4.

Upon information and belief, Defendant John Doe is an employee of Fictitious Corporation B who was responsible for the construction of the parking lot at Defendant Circle K's 1877 Harrietts Bluff Road, Woodbine, GA 31569 location where Plaintiff fell.

5.

Upon information and belief, Defendant Fictitious Corporation B is the company or contractor who was responsible for the construction of the parking lot at Defendant Circle K's 1877 Harrietts Bluff Road, Woodbine, GA 31569 location where Plaintiff fell.

6.

Jurisdiction and venue are proper in Gwinnett County.

## FACTUAL ALLEGATIONS

7.

Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs one (1) through six (6) above, as if fully restated.

8.

On August 6, 2021, Plaintiff was exiting the Circle K store located at 1877 Harrietts Bluff Road, Woodbine, GA 31569 when she slipped and fell on a slippery surface, causing serious injuries.

9.

Plaintiff was unaware of the dangerous condition until after she slipped and fell.

10.

Due to the fall, Plaintiff sustained serious life changing injuries, including but not limited to; a closed displaced traverse fracture of the left patella, bruised hands, and excruciating pain all over her body.

11.

As a result of Defendants' negligence, Plaintiff underwent surgery for her left kneecap, along with treatment from numerous providers. To date, Plaintiff has incurred $62,534.42 in medical expenses.

## COUNT I:
## NEGLIGENCE DEFENDANT CIRCLE K STORES INC.

12.

Plaintiff re-alleges and incorporated paragraphs one (1) through eleven (11) above, as if fully restated:

13.

Defendants owed a duty to Plaintiff to exercise proper, ordinary, and reasonable care in the management and maintenance of their property.

14.

The aforesaid incident occurred as a result of, and was proximately caused by the careless, negligent, grossly careless, and reckless conduct of the Defendants which consisted inter alia of the following particulars:

a) Failing to properly supervise common areas in question so as to furnish to the Plaintiff, Janine Scarl, a safe and level parking lot, free from hazards which were recognized or

should have been recognized by Defendants as causing or likely to cause the serious physical harm to the Plaintiff, Janine Scarl, and others;

b) Failing to maintain the above parking lot in a safe condition to ensure that the Plaintiff would not be caused to slip and fall, and which were known and should have been known to the Defendants;

c) Failing to properly inspect the parking lot wherein the Plaintiff was caused to fall as a result of not removing slippery surfaces;

d) Failing to maintain the premises owned by the Defendants in good and safe condition for the Plaintiff and others;

e) Failing otherwise to comply with the applicable laws and regulations of the State of Georgia and the applicable Federal laws and regulations;

f) Otherwise failing to exercise the degree of care required under the circumstances; and

g) Otherwise being negligent.

15.

As a result of the aforesaid conduct and breach of care of the Defendants, Circle K Stores, Inc., Plaintiff sustained the injuries, losses, and damages which were more fully described above, without any negligence of the Plaintiff contributing thereto.

16.

Plaintiff is entitled to recover exemplary damages from the Defendants in order to penalize, punish and deter Defendant from engaging in similar conduct in the future.

17.

By allowing a dangerous hazard to exist and not taking the necessary steps to remove it Defendants have acted in bad faith and has caused Plaintiff unnecessary trouble and expense. Plaintiff is entitled to recover her expenses of litigation, including reasonable attorney fees, pursuant to O.C.G.A. § 13-6-11.

**PRAYER FOR RELIEF**

WHEREFORE, having stated their Complaint, Plaintiff prays as follows:

a.      That judgement be entered in Plaintiff's favor against Defendants on her Complaint.

b.      That Plaintiff be awarded general damages to compensate their pain and suffering;

c.      That Plaintiff recover exemplary damages to punish and deter the Defendants from further like wrongful conduct;

d.      That Plaintiff be awarded attorneys' fees and costs;

e.      That Plaintiff have trial by jury; and

f.      That Plaintiff have such other and further relief as the Court may deem just.

Respectfully submitted, this 1st day of December, 2022.

**ATLANTA PERSONAL INJURY LAW
GROUP-GORE, LLC**

295 W. Crossville Road, Suite 200          */s/Katherine L. Jackson*
Roswell, Georgia 30075                     Katherine L. Jackson
Telephone: (678) 399-6161                  Georgia Bar No.: 708638
Facsimile: (678) 399-6166                  Jennifer Gore-Cuthbert
Email: Katherine@atlinjurylawgroup.com     Georgia Bar No.: 788061
       Jennifer@atlinjurylawgroup.com      *Counsel for Plaintiff*

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**22-C-06975-S3**

**12/2/2022 5:09 PM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| JANINE SCARL, | ) | 22-C-06975-S3 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION |
| | ) | FILE NO. |
| CIRCLE K STORES INC., John Doe and | ) | |
| Fictitious Corporate Defendants B and C, all | ) | |
| of whose true and correct names are not | ) | |
| further known to Plaintiff at this time, but | ) | |
| when ascertained, will be added by way of | ) | |
| amendment, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS

## TO DEFENDANT CIRCLE K STORES, INC.

> To: Circle K Stores Inc.
> Registered Agent: Corporation Service Company
> 2 Sun Court, Suite 400, Peachtree Corners, GA 30092

**COMES NOW**, Janine Scarl, Plaintiff in the above-styled action (hereinafter, "Plaintiff"), by and through their undersigned attorney, pursuant to O.C.G.A. § 9-11-36, and serves upon Defendant Circle K Stores Inc. (hereinafter "Defendant"), this Plaintiff's First Request for Admissions to Defendant.

Plaintiff hereby request that Defendant admit for the purpose of this action the truth of the following facts within forty-five (45) days after the date of service hereof at Atlanta Personal Injury Law Group – Gore, LLC at 295 W. Crossville Rd, Suite 200, Roswell, GA 30075 and in conformity with O.C.G.A. § 9-11-36. If any request cannot be truthfully admitted or denied, please state in detail the reasons why you cannot truthfully admit or deny the matter. If you cannot admit or deny the request in its entirety, please specify that part which you cannot admit or deny and state in detail the reasons for any such qualifications. If you assert any claim of privilege in response to

any or all of these requests, set forth, with respect to each such request(s) as to which a claim of privilege is asserted, the nature of the privileged claimed (e.g. attorney-client, work-product, etc.) and the basis for your claim.

Defendant is advised that if they fail to admit the truth of any matter as requested, and if Plaintiff thereafter proves the truth of the matter, Plaintiff will apply to the Court for an order requiring Defendant to pay the reasonable expenses incurred in making that proof, including reasonable attorney's fees.

## FIRST REQUESTS FOR ADMISSIONS

1.

Please admit that on August 6, 2021 ("hereinafter the "Date of Incident"), Plaintiff was injured at the property known as Circle K Stores Inc. located at 1877 Harrietts Bluff Road, Woodbine, GA 31569.

2.

Please admit that venue is proper in this matter. If you deny, please explain.

3.

Please admit on the Date of Incident, Plaintiff was exiting the Circle K Store Inc. when she slipped and fell onto the ground.

4.

Please admit that on the Date of Incident, Circle K Store Inc. owed a duty to Plaintiff to exercise proper, ordinary, and reasonable care in the management and maintenance of their property.

5.

Please admit that on the Date of Incident, Plaintiff was caused to trip and fall due to an undisclosed slippery section of the walkway into the parking lot.

6.

Please admit that Plaintiff did not contribute to her injury. If you deny, please explain.

7.

Please admit that Plaintiff did not assume the risk of her injury. If you deny, please explain.

8.

Please admit that Plaintiff sustained injuries due to this incident.

9.

Please admit that on the Date of Incident, Circle K Stores Inc, failed to keep post warnings about the slippery condition of the walkway into the parking lot.

10.

Please admit the sole accident complained of in the Complaint is due to the negligence of Circle K Stores Inc.

11.

Please admit that on the Date of Incident, Circle K Stores Inc. did not ask any of its agents or employees, to install a cautionary sign indicated the slippery condition of the walkway.

12.

Please admit on the Date of Incident, Circle K Stores Inc, were aware and knew the walkway outside the store was slippery.

13.

Please admit the walkway outside the Circle K Stores Inc. property were dangerous.

14.

Please admit that Circle K Stores Inc. is liable for any of the injuries sustained as a result of this incident listed in the Complaint.

15.

Please admit that on the Date of Incident, Plaintiff was transported to the hospital via ambulance due to the injuries sustained.

16.

Please admit that Plaintiff's medical treatment and expenses were reasonable and necessary.

17.

Please admit that Defendant is liable to Plaintiff for her medical expenses, lost wages, and pain and suffering.

18.

Please admit that Plaintiff has incurred over $62,000 in medical expenses.

19.

Please admit that Defendant does not possess any evidence to support an affirmative defense that the Plaintiff assumed the risk of her injuries. If you deny, please explain.

Respectfully submitted, this 1st day of December, 2022.

**ATLANTA PERSONAL INJURY LAW GROUP-GORE, LLC**

295 W. Crossville Road, Suite 200  
Roswell, Georgia 30075  
Telephone: (678) 399-6161  
Facsimile: (678) 399-6166  
Email: Katherine@atlinjurylawgroup.com  
Jennifer@atlinjurylawgroup.com

*/s/Katherine L. Jackson*  
Katherine L. Jackson  
Georgia Bar No.: 708638  
Jennifer Gore-Cuthbert  
Georgia Bar No.: 788061  
*Counsel for Plaintiff*

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**22-C-06975-S3**

**12/2/2022 5:09 PM**

**TIANA P. GARNER, CLERK**

# IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

JANINE SCARL,                                    )
                                                 )          22-C-06975-S3
      Plaintiff,                            )
                                                 )
v.                                               )          CIVIL ACTION
                                                 )          FILE NO.
CIRCLE K STORES INC., John Doe and               )
Fictitious Corporate Defendants B and C, all     )
of whose true and correct names are not          )
further known to Plaintiff at this time, but     )
when ascertained, will be added by way of        )
amendment,                                       )
                                                 )
      Defendants.                           )

## <u>PLAINTIFF'S FIRST INTERROGATORIES TO</u>

## <u>DEFENDANT CIRCLE K STORES, INC.</u>

To: Circle K Stores Inc.
Registered Agent: Corporation Service Company
2 Sun Court, Suite 400, Peachtree Corners, GA 30092

**COMES NOW**, Janine Scarl, Plaintiff in the above-styled action (hereinafter, "Plaintiff"), by and through their undersigned attorney, hereby requests that Defendant Circle K Stores Inc., ("Defendant") answers in writing and under oath the following Interrogatories within forty-five (45) days after the date of service hereof and in conformity with O.C.G.A. § 9-11-33. In responding, Defendant is requested to furnish such information as is available to defendant. To the extent any information called for is objected to upon a claim of privilege, you must provide enough information for the Court to adjudicate your claim of privilege.

### Instructions

1.  You must answer each interrogatory separately and fully in writing under oath, unless it is

objected to, in which event the reason for the objection must be stated in place of the answer.

2. If you object to one or part of an interrogatory or request, but provide an answer subject to or "without waiving" your objection, state whether you are (a) providing all responsive information or documents anyway, or (b) withholding information or documents. If you are withholding documents, please identify them, providing enough information for this party arid the court to determine whether the documents or information should be withheld.

3. Where knowledge or information of defendant is requested, this request includes knowledge of defendant's agents, representatives, and, unless privileged, defendant's attorney.

4. Where the name of a person is requested, indicate the full name, home address, business address and telephone numbers of the person or persons.

5. Each interrogatory and each subpart of each interrogatory must be given a separate answer. Interrogatories or subparts must not be combined for the purpose of supplying a common answer. The answer to an interrogatory or subpart must not be supplied by referring to another interrogatory or subpart, unless the interrogatory or subpart referred to supplies a complete and accurate answer to the interrogatory or subpart being answered.

6. If you cannot provide an exact answer to an interrogatory, please provide your best estimate of the information requested.

7. These interrogatories will be deemed continuing in order to require supplemental answers so that your answers remain accurate and complete if you or your attorneys obtain any further information between the time answers are served and the time of trial.

8. Any objections to the interrogatories must be signed by the attorney or unrepresented party making them.

## Definitions

For the purposes of these interrogatories, the following definitions should be used:

1. The term "person" means, unless otherwise specified, the plural as well as the singular, and includes any natural person, corporation, partnership, joint venture, association, government agency, group, organization, and every other form of entity cognizable at law.

2. The term "document" means and includes all written and graphic matter of every kind and description, whether printed or produced by any process or by hand, whether final draft or reproduction, whether in the actual or constructive possession, custody or control of you, including any and all letters, correspondence, memoranda, notes, statements, transcripts, files, charters, articles of incorporation, securities, bonds, stocks, certificates of deposit, evidences of debt, contracts, agreements, licenses, memoranda or notes of telephone or personal conversations, work papers, tapes, charts, reports, books, ledgers, telegrams, sound recordings, books of account, customer account statements, financial statements, catalogs, checks, check stubs, and written statements of witnesses or other persons having knowledge of the pertinent facts, whether or not these documents are claimed to be privileged against discovery on any ground.

3. "You" or "your" means the person or entity to which the request or subpoena is directed; his, her, or its agents, representatives, attorneys, experts, investigators, insurers, executors, administrators; or anyone acting on behalf of the foregoing.

4. The term "identify" means, when used with reference to an individual person, organization or corporation, to state his or her full name, addresses, home and business telephone numbers, present or last known position and business affiliation and position and business affiliation at the time in question.  The term "identify" further means, when used with

reference to a document, to state the date it was created, its author, the signatory, if different, the addressee, the recipient of all copies, the type of document (e.g., chart, memorandum, letter) and its present or last known custodian.

5. "Describe" means state what is requested to be described, including all facts and opinions known and held regarding what is requested to be described, and (i) the identity of each person or entity involved or having any knowledge of each fact and opinion relating to what is described, (ii) the identity of each document evidencing the answer given or relating, referring or pertaining in any way to what is disclosed in the answer, and (iii) all relevant or material dates or time periods.

## **<u>INTERROGATORIES</u>**

1.

State the name, address, and job title of the person answering and assisting in these interrogatories.

2.

State the full and correct name of the Defendant business entity and all parent companies and subsidiaries.

3.

Please identify by name, job title or function, address and telephone number of all persons who:

    a)  witnessed the fall described in the Complaint;

    b)  were within sight or hearing of the fall;

    c)  witnessed any events leading up to the fall;

    d)  have knowledge of the Plaintiff's injuries'

e)  heard any statements about the incident by any individual at the scene

f)  any employees that spoke to the Plaintiff following the fall.

4.

Please identify each document or other tangible object that relates to any issue or fact involved in this case.

5.

Please identify all persons who have given written statements, mechanically recorded statements, or oral statements later reduced to writing, to you, your attorney, your insurance carrier, or anyone else, concerning the facts and circumstances of the incident that is the subject matter of this litigation. For each such statement, please identify the date the statement was given and to whom it was given.

6.

State in detail the manner in which you contend the occurrence referred to in the Complaint occurred, including your involvement in the events described in the Complaint.

7.

Identify each person interviewed concerning the incident. For such person, state:

(a) The date of the interview

(b) The substance of the interview

(c) If the interview was recorded and/or transcribed, a reproduction of the recording and/or transcript will suffice

8.

Please state, in your own words, what you believed happened to Plaintiff on the date of the incident and include in your response the basis upon which you have formed that belief.

9.

Identify each person or employee (excluding your attorney) who provided you with information which enabled you to respond to interrogatory twelve.

10.

If you know of anyone who claims to have seen or heard the Plaintiff make any statement against her interest regarding the occurrence described in the Complaint, please identify each such person and state the substance of the alleged statement against interest.

11.

Please identify all expert witnesses whom you intend to call to testify at trial and state the substance of the facts and opinions to which they are expected to testify and a summary of the grounds for each opinion.

12.

As to all experts identified in response to the preceding interrogatory, please provide a resume of their training, qualifications and experience, including: a list of schools of higher learning they attended, the degrees they obtained, any licenses they hold, any honors they received, the professional societies of which they are a member, and the identity and location of all publications they have authored or to which they have contributed.

13.

Please identify all insurance policies that may provide coverage for the claims set forth in the Complaint, including liability policies, general liability policies and umbrella policies. As to each such policy, please set forth the issuer of the policy, the policy number, the limits of coverage and the factual and legal basis of any defenses to coverage, if any.

14.

Please identify your correct legal entity, stating the date on which such entity was formed, the state of incorporation, the name(s) and address(es) of all officers, directors, general partners, limited partners and all other parties with any interest in your organization.

15.

Identify any previous or subsequent incidents of which you are aware which occurred in substantially the same manner as the incident complaint of in this lawsuit which occurred on any of your owned residential properties.

16.

Have you ever been either a Plaintiff or Defendant in any other civil action in any court? If so, please state:

(a) The nature of the case;

(b) The date, style of the case, and the court in which the same was brought;

(c) The substance, nature, and disposition of the proceeding.

17.

If you contend that you did not cause Plaintiff to suffer any injuries or you dispute the extent of Plaintiff's injuries, please identify all facts and evidence that support your contention and identify all persons who have knowledge relevant to your contentions.

18.

Identify any warnings, whether verbal or written (such as by a sign, or otherwise) which were given to the Plaintiff before the incident concerning the condition which caused or contributed to the subject incident of this lawsuit.

19.

Please identify any videotapes, photographs, videos, drawings, or rendering of any type of the scene of the incident referred to in the Complaint, the vehicles involved in the subject collision, and/or the Plaintiff, and identify the person having custody and control thereof.

20.

Identify any admissions or declarations against interest which you contend were made by the Plaintiff following the incident.

21.

Were you or one of your agents or employees notified of the fact that Plaintiff fell? If so, how were you made aware of it?

22.

Please describe any conversation any employees, agents, or representatives have had with the Plaintiff concerning this incident prior to or subsequent to the incident.

23.

Please describe any conversations Circle K Store Inc.'s employees had on the Date of Incident with the Plaintiff immediately following the Plaintiff's fall.

24.

What efforts were made by the Defendants to correct the condition which Plaintiff contends caused the incident after it occurred?

25.

Please identify if you are aware of any photographs of video footage concerning the area where Plaintiff fell on August 6, 2021.

26.

If you have ever been cited for a safety violation, including, but not limited to, the citations that were issued to you in connection with this incident, please state the date of the violation and the issuing authority.

27.

Please list each act of negligence, contributory negligence, or comparative negligence, if any, that you contend Plaintiff, or any other person did or failed to do which in any way contributed to causing the subject collision and/or any of Plaintiff's injuries. Please supply any statutory authority in support of any such contentions.

28.

Identify each insuring or indemnifying person and entity, including excess carriers and umbrella carriers, which might be liable to satisfy all or part of any judgment which may be entered in this action.

   (a) For each, supply the number or numbers of any insuring agreements or policies, the amount of liability coverage provided in each, the named insured(s) in each, and whether each such insuring agreement excludes coverage for punitive damages.

   (b) For any denial of coverage or reservation of rights, please provide a detailed explanation re the same and identify any documents pertaining the same.

29.

Please describe what training procedures, if any, are following in the course of training Defendant's employees with regard to invitees on the Premises slipping and/or falling. This includes any written material, slides, photographs, films, videotapes, etc. which Defendant utilizes in training employees on how to avoid slip and fall injuries.

30.

At the time of Plaintiff's injury, do you content that any person or entity other than you and/or your employees, agents, and/or representatives were responsible for the maintenance of the Premises on which Plaintiff alleges she was injured? If so, state each fact on which you base your contention and identify each and every writing that supports that contention.

31.

Please identify when you were first notified on the fact that the area in which Plaintiff fell presented a hazardous condition to invitees on the Premises.

32.

Please identify any warnings, whether verbal or written (such as a sign or otherwise), which were given to the Plaintiff specifically, and/or to other invitees to the Premises, in general before the occurrence concerning the condition which caused or contributed to the subject incident.

33.

Please identify any previous or subsequent incidents of which you are aware that occurred in substantially the same manner as the incident complained of in this lawsuit, or which also occurred at the Premises, including a description of all premise liability claims made involving this property over the last ten (10) years.

34.

Please identify the party who was responsible for maintaining the parking lot, walkways and common areas of the Circle K Stores Inc.

35.

Please identify the company, contractor, or subcontractor who constructed the parking lot, including painting, at 1877 Harrietts Bluff Road, Woodbine, GA 31569, providing the names, addresses, and phone numbers for each.

Respectfully submitted, this 1st day of December, 2022.

**ATLANTA PERSONAL INJURY LAW
GROUP-GORE, LLC**

| | |
|---|---|
| 295 W. Crossville Road, Suite 200 | */s/Katherine L. Jackson* |
| Roswell, Georgia 30075 | Katherine L. Jackson |
| Telephone: (678) 399-6161 | Georgia Bar No.: 708638 |
| Facsimile: (678) 399-6166 | Jennifer Gore-Cuthbert |
| Email: Katherine@atlinjurylawgroup.com | Georgia Bar No.: 788061 |
| Jennifer@atlinjurylawgroup.com | *Counsel for Plaintiff* |

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**22-C-06975-S3**
**12/2/2022 5:09 PM**
**TIANA P. GARNER, CLERK**

# IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| JANINE SCARL, | ) | 22-C-06975-S3 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION |
| | ) | FILE NO. |
| CIRCLE K STORES INC., John Doe and | ) | |
| Fictitious Corporate Defendants B and C, all | ) | |
| of whose true and correct names are not | ) | |
| further known to Plaintiff at this time, but | ) | |
| when ascertained, will be added by way of | ) | |
| amendment, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT CIRCLE K STORES, INC.

To: Circle K Stores Inc.
Registered Agent: Corporation Service Company
2 Sun Court, Suite 400, Peachtree Corners, GA 30092

Plaintiff hereby requests that Defendant Circle K Stores, Inc. produces the following documents pursuant to O.C.G.A. § 9-11-34 within forty-five (45) days from the date of service hereof at Plaintiff's attorney, Atlanta Personal Injury Law Group – Gore, LLC, at 295 W. Crossville Road, Suite 200, Roswell, GA 30075, or at such other time, date, and location agreed to by counsel for Defendant and the undersigned counsel, and to serve a written response hereto within forty-five (45) days from the date of service hereof.

## DOCUMENTS TO BE PRODUCED

### 1.

Please produce any and all incident and/or incident reports and investigations prepared by Defendant Circle K Stores, Inc., its employees, and agents, as a result of the subject incident.

### 2.

All documents referred to and relied upon by you in answering the Plaintiff's First Interrogatories to Defendant.

### 3.

Any and all photographs taken by you or any person in your behalf taken after the occurrence of the scene.

4.

Any and all videos taken by you or any person in your behalf taken after the occurrence of the scene.

5.

All correspondence, materials, and other document(s) that evidence, reflect, or relate to any communication between Plaintiff and Defendant, including but not limited to any communication between Plaintiff and Defendant's insurance carrier and any representative thereof. Please note this includes, but is not limited to, the actual tape and transcription of any recorded statement(s).

6.

All records received in response to discovery or subpoenas served on any third party by Defendant in this case.

7.

A copy of the surveillance footage outside of the Circle K Store Inc., located at 1877 Harrietts Bluff Road, Woodbine, GA 31569 on the Date of Incident of August 6, 2021.

8.

All documents that Defendant contends support any defense asserted by Defendant in this lawsuit.

9.

All documents which show the name of any employee(s) who were assigned or responsible for the maintenance of the Premises (including but not limited to, the walkways and parking lot) in which Plaintiff alleges she was injured.

10.

If Defendant disputes venue, all documents and materials that support Defendant's contention that venue is improper.

11.

If Defendant disputes that Defendant was properly served with the subject lawsuit, all documents and materials that support Defendant's contention that service on Defendant was insufficient.

12.

All insurance policies that may provide coverage for the events described in the Complaint.

13.

All documents that you identified in response to your interrogatory responses.

14.

All investigation reports, photographs (moving or still), videotapes, or other documents of any kind which reflect or relate to the occurrence which gives rise to Plaintiff's claims or Defendant's contentions in this action or any of the facts or circumstances upon which Plaintiff's claims or Defendant's contentions are based.

15.

Any documents related to any investigation done into the injury suffered by Plaintiff on or about August 6, 2021.

16.

All documents and materials sent by Defendant (including, but is not limited to, agents, employees, or representatives of Defendant's insurance carrier) to anyone Defendant expects to call to testify as an expert witness at the trial of this case.

17.

All documents that Defendant obtains via third-party requests for production served in this case.

18.

Any and all video and/or surveillance footage of Plaintiff.

19.

All written or otherwise recorded statements between Defendant and any insurance carrier regarding the facts or circumstances described in the Complaint.

20.

Each and every photograph, film or videotape depicting any place, object, or individual concerning the occurrence that is the subject of this lawsuit, or Plaintiff's injuries.

21.

All documents or tangible items that memorialize or establish that someone other than you caused or contributed to the occurrence that is the subject of this lawsuit, or Plaintiff's injuries.

22.

Each and every document written by any third person or at his or her direction, pertaining to or mentioning the occurrence that is the subject of this lawsuit, or Plaintiff's injuries, including but not limited to letters, memos, e-mail messages and cards.

23.

Please provide a copy of the company safety rules and/or procedures, or its equivalent, based on your response to Interrogatory No. 29.

24.

Please provide a copy of each document pertaining to the construction of the Circle K Store Inc., located at 1877 Harrietts Bluff Road, Woodbine, GA 31569 parking lot, including but not limited to contracts and invoices for paving and painting.

Respectfully submitted, this 1st day of December, 2022.

**ATLANTA PERSONAL INJURY LAW
GROUP-GORE, LLC**

295 W. Crossville Road, Suite 200           */s/Katherine L. Jackson*
Roswell, Georgia 30075                      Katherine L. Jackson
Telephone: (678) 399-6161                   Georgia Bar No.: 708638
Facsimile: (678) 399-6166                   Jennifer Gore-Cuthbert
Email: Katherine@atlinjurylawgroup.com      Georgia Bar No.: 788061
       Jennifer@atlinjurylawgroup.com       *Counsel for Plaintiff*

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**22-C-06975-S3**

**12/2/2022 5:09 PM**

**TIANA P. GARNER, CLERK**

# IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

_____

_____

_____

PLAINTIFF

VS.

_____

_____

_____

DEFENDANT

**22-C-06975-S3**

CIVIL ACTION
NUMBER:_____

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT: CIRCLE K STORES INC.**

   You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This** _____ **day of** _____, **20**_____.

5th day of December, 2022

Tiana P. Garner
**Clerk of State Court**

**By**_____

**Deputy Clerk**

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

**SC-1 Rev. 2011**