IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JASMINE CRANFIELD, ) | |
| ) | Civil Action No. |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| TEDRICK'S, INC., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## **COMPLAINT FOR DAMAGES**

COMES NOW, Plaintiff Jasmine Cranfield, by and through undersigned counsel, and files her Complaint for Damages against Defendant Tedricks, Inc. ("Defendant") stating as follows:

1

## NATURE OF COMPLAINT

1.

Plaintiff brings this action to recover damages for Defendant's unlawful retaliation against him in violation of Title VII of the Civil Rights Act of 1964, as amended, and Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981").

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4).

3.

Defendants are subject to specific jurisdiction in this Court over the claims asserted in this action. In addition, a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in this District.  In accordance with 28 U.S.C. §§ 1391(b)(1) and (2), venue is appropriate in this Court.

## PARTIES

4.

Plaintiff is an African American citizen of the United States of America and is subject to the jurisdiction of this Court.

5.

Defendant is qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

6.

Defendant may be served with process by delivering a copy of the summons and complaint to its registered agent, Joseph Theodore Laseter, at 3360 Kimberly Drive NW, Kennesaw, GA, 30144.

## **ADMINISTRATIVE PREREQUISITES**

7.

Plaintiff timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission (EEOC) alleging retaliation in violation of Title VII of the Civil Rights of 1964, as amended. Upon Plaintiff's request, the EEOC issued a "Notice of Right to Sue", entitling an action to be commenced within ninety (90) days of receipt of said notice. This action has been commenced within ninety (90) days of receipt of the "Notice of Right to Sue."

## FACTUAL ALLEGATIONS

8.

Plaintiff began her employment with Defendant, on or about February 1, 2019, as a server.

9.

Plaintiff is African-American/black.

10.

When Plaintiff started working with Defendant, she told her manager, Amanda LNU, that Plaintiff had actually applied to be a bartender. Amanda responded stating that Plaintiff would need to work for the employer for a certain amount of time, before she could be promoted to bartender position, and that Plaintiff had to work her way "way up" to the position

11.

Plaintiff had many years of bartending experience, prior to working for Defendant. Michelle Williams, Chelsea Digsby, and others told Plaintiff that Defendant had never had a black bartender in the entire 30-plus years of the restaurant's existence.

12.

In August 2022, a bartender position opened up. Although Plaintiff wanted

the position, the employer hired a white woman, Morgan LNU, to work the bar even though a manager had recommended that Plaintiff be promoted. The bartending position was a promotional position, in part, because the wages earned by bartenders exceeded the wages earned by servers.

13.

Plaintiff was told by Rich Bowen, one of the owners, that the next time a bartending position came up, Plaintiff would be promoted.

14.

On or about October 14, 2022, Lena LNU, who was a bartender, quit. A white woman with no experience bartending, Jana LNU, was promoted to be a bartender.

15.

On October 15, 2022, Plaintiff texted Bowen and told him that she felt that she was not being promoted due to her race. Bowen did not answer, so Plaintiff attempted to talk to him when she saw him on October 17, 2022.

16.

When Plaintiff approached Bowen, he cursed Plaintiff out and when Plaintiff asked him to not talk to her in that manner, Bowen asked Plaintiff to go outside to talk to him. Once outside, Plaintiff again told Bowen that she felt she was not promoted due to her race, and Bowen said he felt like Plaintiff was calling him a

racist.

17.

Plaintiff responded that she was just giving him her perspective on why she was not provided the bartender position, and Plaintiff reminded him that no black employees had ever been bartenders in the thirty-three years that the restaurant had been open.

18.

In response, Bowen said that this was his business and he would run it the way he wanted to and asked me why I worked for the restaurant for four years if I had a problem with the way things were run. Plaintiff told Bowen that her issue was with him and what had happened. Bowen then terminated Plaintiff, saying it didn't matter anyways because Plaintiff "was done" and if she came back he would call the police and have a restraining order placed on her.

19.

Any reason given for Plaintiff's termination is pretext for unlawful retaliation, in response to Plaintiff's protected activity. As a result of the unlawful actions, Plaintiff has suffered damages, including lost wages and emotional distress.

20.

Defendant did not have a black bartender at any point during Plaintiff's employment.

21.

Defendant did not have a black bartender at any point since 2015.

22.

Defendant did not have a black bartender at any point since 2010.

23.

Defendant did not have a black bartender at any point since 2000.

24.

Defendant has not had a black bartender at anytime in it's 30-plus years of operation.

## CLAIMS FOR RELIEF

## COUNT I

## RETALIATION IN VIOLATION OF 42 U.S.C. § 1981

25.

Plaintiff realleges and incorporates paragraphs 1-24 as if set forth fully herein.

26.

Plaintiff is African American. Plaintiff had an employment agreement with Defendants within the meaning of 42 U.S.C. § 1981, under which, *inter alia*, Plaintiff worked for Defendant, and Defendant compensated Plaintiff for work.

27.

Plaintiff performed his contractual obligations.

28.

Defendant violated Plaintiff's rights under 42 U.S.C. § 1981.

29.

Plaintiff is a member of a protected class; she is African American.

30.

Plaintiff's complaints and opposition to the racist conduct, specifically failing to promote Plaintiff due to race, constitutes protected activity under 42 U.S.C. § 1981.

31.

Defendant subjected Plaintiff to adverse action (to wit, termination) because of her protected conduct. The adverse action to which Plaintiff was subjected would dissuade a reasonable employee from making or supporting a charge of discrimination.

32.

There was a causal connection between the protected conduct and the adverse action of termination.

33.

As a direct and proximate result of Defendant's violations, Plaintiff has suffered economic and non-pecuniary damages.

33.

Defendant willfully and wantonly disregarded Plaintiff's rights, and its actions toward Plaintiff were undertaken in bad faith.

35.

Plaintiff is entitled to punitive damages, lost wages and benefits, compensatory damages, attorneys' fees and costs, prejudgment interest, reinstatement or front pay in lieu thereof, and any other relief available under the law.

## COUNT II

## TITLE VII RETALIATION

36.

Plaintiff realleges and incorporates paragraphs 1-24 as if set forth fully herein.

37.

Plaintiff is a member of a protected class, i.e., she is African American.

38.

Title VII prohibits Defendant from retaliating against Plaintiff for engaging in protected activity.

39.

Plaintiff's complaints and opposition to racist conduct in failing to promote Plaintiff due to race constitutes protected activity under Title VII.

40.

Defendant subjected Plaintiff to adverse action (to wit, termination) because of her protected conduct. The adverse action to which Plaintiff was subjected would dissuade a reasonable employee from making or supporting a charge of discrimination.

41.

There was a causal connection between the protected conduct and the adverse actions of termination.

42.

As a direct and proximate result of Defendant's violations, Plaintiff has suffered economic and non-pecuniary damages.

43.

Defendant willfully and wantonly disregarded Plaintiff's rights, and its actions toward Plaintiff were undertaken in bad faith.

44.

Plaintiff is entitled to punitive damages, lost wages and benefits, compensatory damages, attorneys' fees and costs, prejudgment interest, reinstatement or front pay in lieu thereof, and any other relief available under the law.

**WHEREFORE**, Plaintiff prays the court for judgment and relief as follows:

(a) General damages for mental and emotional suffering caused by Defendant's unlawful conduct;

(b) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c) Damages for lost wages and benefits and prejudgment interest thereon;

(d) Reasonable attorneys' fees and expenses of litigation;

(e) Trial by jury as to all issues;

(f)  Prejudgment interest at the rate allowed by law;

(g)  Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h)  Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(i)  All other relief to which she may be entitled.

Respectfully submitted, this 6th day of January, 2022.

**BARRETT & FARAHANY**

/s/ V. Severin Roberts
V. Severin Roberts
Georgia Bar No. 940504
Attorney for Plaintiff

P.O. Box 530092
Atlanta, Georgia 30353
(404) 214-0120
(404) 214-0125 facsimile
severin@justiceatwork.com