IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| Taryn Watts, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action File No.: |
| | ) | |
| vs. | ) | |
| | ) | |
| Portfolio Recovery Associates, LLC, | ) | **COMPLAINT WITH** |
| | ) | **JURY TRIAL DEMAND** |
| | ) | |
| Defendant | ) | |

**PRELIMINARY STATEMENT**

This action for damages is based upon the Defendant's overt and intentional, unlawful conduct in the furtherance of its efforts to collect a consumer debt. The Defendant's conduct is in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq. and the Georgia Fair Business Practices Act, (GFBPA) O.C.G.A. 10-1-390 et seq.

**PARTIES**

1. Plaintiff, Taryn Watts, is a natural person who resides in Cherokee County, Georgia.

2. Defendant, Portfolio Recovery Associates, LLC, is a limited liability corporation that does business, but is not registered in Georgia.  Defendant may be

1

served with process via its registered agent, Kevin Stevenson, President, at 140 Corporate Blvd, Norfolk, Virginia 23502.

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction over Plaintiff's Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. This Court has personal jurisdiction over Defendant because, inter alia, Defendants frequently and routinely conducts business in the State of Georgia, including the conduct complained of herein.

5. Pursuant to 28 U.S.C. § 1391, venue is proper in the Northern District of Georgia because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. Venue is proper in the Atlanta Division because the conduct complained of herein occurred in Cherokee County, Georgia.

## FACTUAL ALLEGATIONS

7. Plaintiff is allegedly obligated to pay a consumer debt arising out of a credit card utilized for the purchase of ordinary consumer goods and services. Plaintiff is, therefore, a "consumer", as that term is defined by 15 U.S.C. § 1692a(3).

8. Defendant's principal business is the purchase of consumer debt and the collection of those accounts for its commercial benefit. Defendant regularly collects, or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, to a third party.

9. Defendant uses interstate commerce and/or mail in its business in the collection of consumer debts.

10. Defendant manages, and collects upon, thousands of consumer debt accounts annually.

11. Defendant is, therefore, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

12. The Plaintiff defaulted on a credit card account issued by Capital One MasterCard. At the time of the default, the balance owed was $2,980.26.

13. In keeping with its business model, Defendant purchased the Capital One account after it had been charged off. The Defendant then began a campaign to collect the face value of the account.

14. Because of the Plaintiff's dire financial condition, she caused to be mailed to the Defendant a letter dated April 8th, 2022. In this letter, the Plaintiff identified herself through her name, address, social security number, and referenced

the account in collection.  The Plaintiff went on to advise the Defendant that because of her financial circumstances, she would "not be paying on these accounts."

15.   A reproduction of this letter, modified to mask information that could compromise Plaintiff's financial identity, appears below:

Taryn Watts<br>
███████████<br>
Canton, GA 30114

April 8, 2022

Portfolio Recovery Associates, LLC
120 Corporate Boulevard
Norfolk, VA 23502

Referencing Account: Capital One MasterCard $2,980.26,
Credit One Bank $678.52.
SSN: ███-7279

I have been contacted about accounts that I had with Capital One MasterCard, Credit One Bank. These are not the only debts I have unfortunately. I have had inconsistent income and will not be paying on these accounts. I have had interruptions in my <u>income</u> and I have had to deal with other personal difficulties.

Thank you,

*Taryn Watts*

16.   The Plaintiff's letter was, per the United States Postal Service, received by the Defendant on April 18th, 2022, when it was delivered at 11:56 a.m.

17. The Fair Debt Collection Practices Act provides an indisputable means by which a consumer may discontinue most communications from a collector, thereby preserving their peace. 15 U.S.C. § 1692c.

18. The act states specifically, "If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt, or if the consumer wishes the debt collector to cease their communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt. 15 U.S.C. § 1692c(c).

19. The statute further provides three exceptions related to future communications that include the debt collector advising the consumer that further efforts are being terminated, that the collector may invoke specified remedies which are ordinarily invoked by such a debt collector, or that the debt collector intends to invoke a specified remedy.

20. Plaintiff's statement that she will not be making a payment on the account was a refusal to pay the account.

21. Plaintiff's written correspondence was sent to Defendants with the intention that Defendants cease contacting Plaintiff about the debt.

22. The FDCPA does not require Plaintiff's refusal to pay to be unconditional, nor does it require that Plaintiff's wish to be left alone be stated in the

most general terms. *See Barnes v. Seterus, Inc.*, 2013 U.S. Dist. LEXIS 180418, at *4-5 (S.D. Fla. Dec. 26, 2013).

23. The ordinary meaning of refuse does not encompass an unalterable rejection and the FDCPA does not require that the consumer use any specific language or magic words to tell a debt collector to cease communication. *Bishop v. I.C. Systems, Inc.*, 713 F. Supp. 2d 1361, 1367-68 (M.D. Fla. 2010).

24. On May 17th, 2022, the Plaintiff submitted a complaint to the Consumer Financial Protection Board (CFPB) in which she alleged a number of unfair practices on behalf of the Defendant and also advised that she had requested that Defendant cease all communication, but that to date Defendant had not complied.

25. On May 25th, 2022, the Defendant responded to the CFPB. complaint and advised that it had honored the Plaintiff's request to cease all communications regarding the PRA account ending in 4987. The Plaintiff's CFPB complaint was closed shortly thereafter.

26. On or about February 2nd, 2022, despite its pledge to the Plaintiff and the CFPB that it had and would continue to cease all communication with the Plaintiff, the Defendant sent letters to her on September 16th, 2022; May 19th, 2022; July 16th, 2022; and November 8th, 2022. Each of these letters purports to advise

the Plaintiff that it has validated the debt and advises that its response is an attempt to collect a debt.

27. All of the Defendant's letters referenced above are in connection with and intended to facilitate collection of the account purchased by Defendant.

28. Defendant's letters did not advise the Plaintiff that further collection efforts are being terminated.

29. Defendant's letters did not advise the Plaintiff that Defendant was invoking specified remedies which are ordinarily invoked by Defendant.

30. Defendant's letters did not advise the Plaintiff that Defendant intended to invoke a specified remedy.

31. Defendant's letters referenced herein were not subject to the exceptions described in 15 U.S.C. § 1692c(c)(1), (2), or (3).

## INJURIES-IN-FACT AND DAMAGES

32. The FDCPA provides consumers with "statutorily-created rights to be free from 'being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.'" *McCamis v. Servis One, Inc.*, No. 8:16-CV-1130-T-30AEP, 2016 U.S. Dist. LEXIS 99492 (M.D. Fla. July 29, 2016); *Church v. Accretive Health, Inc.*, 654 Fed. Appx. 990, 2016 U.S. App. LEXIS 12414, 2016 WL 3611543 (11th Cir. 2016).

33. An injury-in-fact sufficient to satisfy Article III standing requirements "may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing." *Church*, at 993, quoting *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982).

34. Violation of statutory rights are not a "hypothetical or uncertain" injury, but one "that Congress has elevated to the status of a legally cognizable injury through the FDCPA." *McCamis*, at 4, citing *Church*, at 3.

35. As a result of the Defendant's actions and/or omissions, Plaintiff has suffered actual damages, including but not limited to the following:

   a.)   Being subjected to false, deceptive, and unfair debt collection practices;

   b.)   Uncompensated time expended away from work and/or activities of daily living, to confer with counsel regarding the Defendant's collection efforts;

   c.)   Disturbance of the Plaintiff's peace and her right to be free of communications from the Defendant despite Plaintiff invoking her right to be free of such;

   d.)   The Plaintiff suffered a violation of her right to privacy;

   e.)   Anxiety and worry caused by concern that Defendant was going to continue collection communications with the Plaintiff, despite her invoking her right to free of such. The anxiety and worry experienced by the Plaintiff was sufficient to

negatively affect her demeanor, her ability to engage in daily activities, resulted in sleeplessness, and adversely affected her relationships with others.

## CAUSES OF ACTION

### COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et. seq.

*Violations of 15 U.SC. § 1692c and subparts*

36. The communications from the Defendant of after April 18, 2022 violated 15 U.S.C. § 1692c(c).

### COUNT II

## VIOLATIONS OF THE GEORGIA FAIR BUSINESS PRACTICES ACT
## O.C.G.A. § 10-1-390, et seq.

37. Plaintiff incorporates by reference paragraphs 1 through 35 as though fully stated herein.

38. O.C.G.A. § 10-1-390 et seq is commonly known as the "Fair Business Practices Act of 1975" (the "GFBPA").

39. The purpose of the GFBPA, is to protect consumers from unfair and/or deceptive practices in the conduct of any trade or commerce in part or wholly in the state. O.C.G.A. § 10-1-391.

40. O.C.G.A. § 10-1-391 directs that the GFPBA is to be interpreted and applied liberally and in harmony with the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1), which implements the FDCPA.

41. O.C.G.A. § 10-1-393(a) of the GFBPA broadly prohibits unfair and/or deceptive business practices.

42. Defendant intentionally engaged in unfair and deceptive business practices, as set forth herein, in an effort to collect a consumer debt.

43. Defendant's conduct has implications for the consuming public in general.

44. Defendant's conduct negatively impacts the consumer marketplace.

45. Upon information and belief, Defendant does not maintain a place of business in Georgia and has no assets in Georgia, thus relieving Plaintiffs of the Notice and Demand requirements of O.C.G.A. § 10-1-399(b).

46. As a result of Defendant's violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover general damages pursuant to O.C.G.A. § 10-1-399(a).

47. As a result of Defendant's intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover exemplary damages pursuant to O.C.G.A. § 10-1-399(a).

48. As a result of Defendant's intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover treble damages pursuant to O.C.G.A. § 10-1-399(c).

49. Plaintiff is entitled to recover reasonable attorney's fees and expenses of litigation pursuant to O.C.G.A. § 10-1-399(d).

## TRIAL BY JURY

50. Plaintiff is entitled to and hereby requests a trial by jury.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:

a.) Plaintiff's actual damages;

b.) Statutory damages pursuant to 15 U.S.C. § 1692k;

c.) Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k

d.) General, exemplary, and treble damages pursuant to O.C.G.A. § 10-1-399(a) & (c);

e.) Reasonable attorney's fees and costs pursuant to O.C.G.A. § 10-1-399(d); and

f.) Such other and further relief as may be just and proper.

Respectfully submitted this 3rd day of January, 2023.

[Signatures follow]

**BERRY & ASSOCIATES**

*/s/ Matthew T. Berry*
Matthew T. Berry
Georgia Bar No.: 055663
matt@mattberry.com
2751 Buford Highway, Suite 600
Atlanta, GA 30324
Ph. (404) 235-3300
Fax (404) 235-3333

*Plaintiff's Attorney*