# EXHIBIT A

E-FILED IN OFFICE - JT
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
22-C-07008-S5
12/5/2022 2:34 PM
TIANA P. GARNER, CLERK

IN THE SUPERIOR COURT OF GWINNETT COUNTY

STATE OF GEORGIA

**KAYLA CATHOLIC**

CIVIL ACTION NUMBER: 22-C-07008-S5

PLAINTIFF

VS.

**NAVY FEDERAL CREDIT UNION LLC**

**EQUIFAX CONSUMER SERVICES**

**TRANS UNION LLC**

DEFENDANT

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**KAYLA CATHOLIC, PRO SE**
**2231 WESTSIDE DRIVE**
**AUSTELL, GA 30106**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This **5th** day of **DECEMBER**, 20**22**.

Tiana P. Garner
Clerk of Superior Court

By _____
Deputy Clerk

INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

E-FILED IN OFFICE - JT
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**22-C-07008-S5**
12/5/2022 2:34 PM
TIANA P. GARNER, CLERK

IN THE STATE COURT OF
GWINNETT COUNTY
STATE OF GEORGIA

| | |
|---|---|
| KAYLA CATHOLIC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Complaint and Demand for Jury |
| NAVY FEDERAL CREDIT UNION LLC, EQUIFAX CONSUMER SERVICES LLC, and TRANS UNION LLC | ) Trial  22-C-07008-S5 |
| | ) |
| | ) |
| Defendants. | |

## **COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff KAYLA CATHOLIC as and for her Complaint respectfully alleges as follows:

### **I. INTRODUCTION**

1. This is a civil action by Plaintiff, an individual consumer, seeking actual, statutory and punitive money damages against Defendants NAVY FEDERAL CREDIT UNION ("NFCU"), EQUIFAX CONSUMER SERVICES LLC ("Equifax") and TRANS UNION LLC ("Transunion") for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. (hereinafter "FCRA").

### **II. JURISDICTION AND VENUE**

1

2. Jurisdiction of this court arises under 15 U.S.C. § 1681(p). Venue in this District is proper in that the Defendant(s) registered agent for service of process is in Gwinnett County, Georgia.

### III. PARTIES

3. Plaintiff is a natural person residing in Austell, Cobb County, Georgia. Plaintiff is a "consumer" as defined by the Fair Credit Reporting Act, 15 U.S.C. §1681a, (b) and (c).

4. Upon information and belief, Defendant NFCU is a Virginia entity with its principal place of business located at 1007 Electric Ave, Vienna, VA, 22180, USA and its registered agent for service of process located at Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, GA, 30092, USA.

5. Upon information and belief, Defendant Equifax is a Georgia corporation duly authorized and qualified to do business in the State of Georgia.

6. Upon information and belief, Defendant Transunion is an Illinois corporation duly authorized and qualified to do business in the State of Georgia.

### IV. FACTS OF THE COMPLAINT

7. In August 2022, Plaintiff obtained a copy of her consumer report and discovered incomplete, inaccurate, false information furnished by Defendant NFCU. Defendant NFCU furnished one trade line, Account No.

2

1000014300149815 in the amount of $17,324.00.

8. On August 23, 2022, Plaintiff submitted a consumer dispute to Defendants, Equifax and TransUnion to dispute the accuracy and the completeness of the information furnished by Defendant NFCU pursuant to 15 U.S.C. § 1681i(a), particularly that the date of first delinquency was incomplete and the balance was inaccurate.

9. Upon information and belief, Defendants, Equifax and TransUnion sent a dispute to Defendant NFCU providing all relevant disputed information.

10. Upon information and belief, Defendant NFCU verified to Defendants, Equifax and Transunion that the tradeline was accurate.

11. Despite Plaintiff's dispute informing Defendants that the debt was inaccurate, Defendants continued to report the tradeline.

12. As a result of the actions and inactions of all Defendants, Plaintiff suffered damages, including but not limited to, her FICO scores being lowered resulting in her being denied credit or being granted credit with a much higher interest rate, severe humiliation, emotional distress and mental anguish.

## V. FIRST CLAIM FOR RELIEF
### 15 U.S.C. §1681s-2(b)(1)(B)
### (Defendant NFCU)

13. Plaintiff re-alleges and incorporates by reference paragraphs 1-12 above.

3

14. Defendant violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information forwarded to them by the consumer reporting agencies.

15. Defendant caused injury in fact, by causing, among other things, mental and emotional distress, damage to Plaintiff's credit reputation and rating, and other injuries and damages to Plaintiff.

16. Defendant's conduct was negligent and/or willful.

17. Plaintiff is entitled to recover actual damages, punitive damages, attorney's fees and costs pursuant 15 U.S.C. § 1681n.

18. Alternatively, Plaintiff is entitled to actual damages, costs and attorney's fees if the violation is negligent, pursuant to 15 U.S.C. §1681o.

## VI. SECOND CLAIM FOR RELIEF
## 15 U.S.C. §1681s-2(b)(1)(C)
## (Defendant NFCU)

19. Plaintiff re-alleges and incorporates by reference paragraphs 1-18 above.

20. Defendant violated 15 U.S.C. § 1681s-2(b)(1)(C) by failing to report the accurate information about the alleged tradeline to the consumer reporting agencies and by failing to report the results of the reinvestigation.

21. Defendant caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

4

22. Defendant's conduct was negligent and/or willful.

23. Plaintiff is entitled to recover actual damages, punitive damages, attorney's fees and costs pursuant to 15 U.S.C. § 1681n.

24. Alternatively, Plaintiff is entitled to actual damages, costs, and attorney's fees if the violation is negligent, pursuant to 15 U.S.C. §1681o.

### VII. THIRD CLAIM FOR RELIEF
### 15 U.S.C. §1681s-2(b)(1)(D)
### (Defendant NFCU)

25. Plaintiff re-alleges and incorporates by reference paragraphs 1-24 above.

26. Defendant violated 15 U.S.C. § 1681s-2(b)(1)(D) by failing to report accurate information to the consumer reporting agencies and continuing to report information that was false, inaccurate and unverifiable.

27. Defendant caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

28. Defendant's conduct was negligent and/or willful.

29. Plaintiff is entitled to recover actual damages, punitive damages, costs and attorney's fees pursuant 15 U.S.C. § 1681n.

30. Alternatively, Plaintiff is entitled to recover actual damages, costs and attorney's fees if the violation is negligent, pursuant to 15 U.S.C. §1681o.

## VIII. FOURTH CLAIM FOR RELIEF
## 15 U.S.C. §1681s-2(b)(1)(E)
## (Defendant NFCU)

31. Plaintiff re-alleges and incorporates by reference paragraphs 1-30 above.

32. Defendant violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to have procedures in their system and failing to have a procedure with the consumer reporting agencies to (i) modify the inaccurate information in their system, (ii) delete the inaccurate or unverifiable, erroneous, information, or (iii) block the re-reporting of inaccurate or unverifiable information.

33. Defendant caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

34. Defendant's conduct was negligent and/or willful.

35. Plaintiff is entitled to recover actual damages, punitive damages, costs and attorney's fees pursuant 15 U.S.C. § 1681n.

36. Alternatively, Plaintiff is entitled to recover actual damages, costs and attorney's fees if the violation is negligent, pursuant to 15 U.S.C. §1681o.

## IX. FIFTH CLAIM FOR RELIEF
## 15 U.S.C. § 1681e(b)
## (Defendants Equifax and TransUnion)

37. Plaintiff re-alleges and incorporates by reference paragraphs 1-36

6

above.

38. Defendants Equifax and TransUnion violated 15 U.S.C. § 1681e(b) because they failed to follow reasonable procedures to assure maximum possible accuracy of the NFCU trade line information when preparing a consumer report purportedly concerning Plaintiff.

39. Defendants Equifax and TransUnion have caused injury in fact to Plaintiff by causing mental and emotional distress, damage to credit rating, and other damages to Plaintiff.

40. At all times alleged herein, Defendants Equifax and TransUnion acted negligently and/or willfully.

41. Defendants Equifax and TransUnion are liable to Plaintiff for actual damages, punitive damages, attorney's fees and costs pursuant to 15 U.S.C. §1681n and actual damages, attorney's fees and costs pursuant to 15 U.S.C. §1681o.

## X. SIXTH CLAIM FOR RELIEF
### 15 U.S.C. §1681i(a)(2)
### (Defendants Equifax and TransUnion)

42. Plaintiff re-alleges and incorporates by reference paragraphs 1-41 above.

43. Defendants Equifax and TransUnion have failed to comply with the reinvestigation requirements in 15 U.S.C. §1681i.

7

44. Defendants Equifax and TransUnion have violated 15 U.S.C. § 1681i(a)(2) in that they failed to consider and forward all relevant information to the furnisher of information.

45. Defendants Equifax and Trans Union have caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

46. Defendants Equifax and TransUnion have done so either negligently or willfully.

47. Plaintiff is entitled to actual damages, punitive damages, and costs pursuant 15 U.S.C. § 1681o.

48. Alternatively, Plaintiff is entitled to actual damages, and costs if the violation is negligent, pursuant to 15 U.S.C. §1681n.

**XI. SEVENTH CLAIM FOR RELIEF**
**15 U.S.C. §1681i(a)(4)**
**(Defendants Equifax and TransUnion)**

49. Plaintiff re-alleges and incorporates by reference paragraphs 1-48 above.

50. Defendants Equifax and TransUnion have violated 15 U.S.C. §1681i(a)(4) in that they failed to delete information that was inaccurate or could not be verified.

51. Defendants Equifax and TransUnion have caused injury in fact to

8

Plaintiff by causing mental and emotional distress, damage to credit rating, and resulting in credit damages to Plaintiff.

52. At all times alleged herein, Defendants Equifax and TransUnion acted negligently and/or willfully.

53. Defendants Equifax and TransUnion are liable to Plaintiff for actual damages, punitive damages, attorney's fees and costs pursuant to 15 U.S.C. §1681n and actual damages, attorney's fees and costs pursuant to 15 U.S.C. §1681o.

## XII. EIGHTH CLAIM FOR RELIEF
## 15 U.S.C. §1681i(a)(5)
## (Defendants Equifax and TransUnion)

54. Plaintiff re-alleges and incorporates by reference paragraphs 1-53 above.

55. Defendants Equifax and TransUnion violated 15 U.S.C. §1681i(a)(5) because they (i) failed to reinvestigate the NFCU tradeline on Plaintiff's consumer report, (ii) failed to find it to be inaccurate, and (iii) failed to promptly notify NFCU that the information was deleted from Defendant's file of Plaintiff.

56. Defendants Equifax and TransUnion violated 15 U.S.C. §1681i(a)(5) in that they failed to have a procedure to prevent the recurrence of inaccurate or unverifiable information.

57. Defendants Equifax and TransUnion have caused injury in fact to

Plaintiff by causing mental and emotional distress, damage to credit rating, and other damages to Plaintiff.

58. At all times alleged herein, Defendants Equifax and TransUnion acted negligently and/or willfully.

59. Defendants Equifax and TransUnion are liable to Plaintiff for actual damages, punitive damages, attorney's fees and costs pursuant to 15 U.S.C. §1681n and actual damages, attorney's fees and costs pursuant to 15 U.S.C. §1681o.

### XIII. NINTH CLAIM FOR RELIEF
### 15 U.S.C. §1681i(a)(6)(B)(iii)
### (Defendants Equifax and TransUnion)

60. Plaintiff re-alleges and incorporates by reference paragraphs 1-59 above.

61. Defendants Equifax and TransUnion have violated 15 U.S.C. § 1681i(a)(6)(B)(iii) in that they failed to have a procedure to prevent giving false information upon re-investigation.

62. Defendants Equifax and TransUnion have caused injury in fact to Plaintiff by causing mental and emotional distress, damage to credit rating, and resulting in credit damages to Plaintiff.

63. At all times alleged herein, Defendants Equifax and TransUnion acted negligently and/or willfully.

64. Defendants Equifax and TransUnion are liable to Plaintiff for actual

10

damages, punitive damages, attorney's fees and costs pursuant to 15 U.S.C. §1681n and actual damages, attorney's fees and costs pursuant to 15 U.S.C. §1681o.

## XIV. TENTH CLAIM FOR RELIEF
## 15 U.S.C. §1681i(7)
## (Defendants Equifax and TransUnion)

65. Plaintiff re-alleges, and incorporates by reference, paragraphs 1-64 above.

66. Defendants Equifax and TransUnion have violated 15 U.S.C. §1681i(7) in that they failed to provide a written description of the procedures used to determine the accuracy and completeness of the disputed information.

67. Defendants Equifax and TransUnion have caused injury in fact to Plaintiff by causing mental and emotional distress, damage to credit rating, and resulting in credit damages to Plaintiff.

68. Defendants Equifax and Transunion acted negligently and/or willfully.

69. Defendants are liable to Plaintiff for actual damages, punitive damages, attorney's fees and costs pursuant to 15 U.S.C. §1681n and actual damages,attorney's fees and costs pursuant to 15 U.S.C. §1681o.

## XV. JURY DEMAND AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests a jury trial and entry of

judgment in favor of Plaintiff and against all Defendants for:

    A. Actual or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A).

    B. Actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

    C. Costs and attorney's fees pursuant to 15 USC § 1681n(a)(3) and 15 U.S.C § 1681o(b);

    D. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Dated: December 5, 2022

By:___Kayla Catholic_____

Kayla Catholic
2231 Westside Dr.
Austell, GA 30106
(404) 518-4670
kaylajcatholic@gmail.com
*Plaintiff, Pro Se*

12