IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CRYSTAL LOFTON | ) | |
| | ) | CIVIL ACTION FILE NO.: |
| Plaintiff, | ) | |
| | ) | _____ |
| vs. | ) | |
| | ) | |
| SOLOMON'S TEMPLE, INC., | ) | |
| | ) | **Jury Trial Demanded** |
| Defendant. | ) | |

## DEFENDANT'S ANSWER AND DEFENSES
## TO PLAINTIFF'S COMPLAINT FOR TORT

COMES NOW, SOLOMON'S TEMPLE, INC., defendant in the above-styled civil action, and hereby files and serves its Answer and Defenses to Plaintiff's Complaint, respectfully showing as follows:

### FIRST DEFENSE

Plaintiff has failed to state a claim against defendant upon which relief may be granted.

### SECOND DEFENSE

As a second defense, defendant responds to the paragraphs of plaintiff's Complaint as follows:

1.

Defendant admits only that Solomon's Temple's principal place of business is located at 2836 Springdale Road, Atlanta, Fulton County, Georgia 30315.

Responding further, defendant denies that it is a proper party insofar as it denies any and all allegations of liability and denies that plaintiff is entitled to anything from defendant whatsoever. Defendant can neither admit nor deny the remaining the allegations contained in first paragraph of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of same

2.

Defendant denies the allegations contained in paragraph 2 of Plaintiff's Complaint.

3.

Defendant denies the allegations contained in paragraph 3 of Plaintiff's Complaint.

4.

Defendant denies all allegations, to the extent that they exist, in the unnumbered "WHEREFORE" sections, including all subparts, of plaintiff's Complaint. Further, Defendant denies that plaintiff is entitled to any of the relief requested in the "WHEREFORE" sections, including all subparts, of plaintiff's Complaint.

5.

All other allegations contained in plaintiff's Complaint not hereinbefore specifically responded to are hereby denied.

### THIRD DEFENSE

To the extent as may be shown by the evidence through discovery, defendant asserts that plaintiff's alleged damages, if any, were directly and proximately caused by persons or entities other than defendant and over which defendant had no control. Further, any damages should be apportioned between any culpable parties, including plaintiff.

### FOURTH DEFENSE

To the extent as may be shown by the evidence through discovery, defendant asserts that plaintiff's alleged damages, if any, were directly and proximately caused by the acts or omissions of plaintiff which constituted contributory and comparative negligence.

### FIFTH DEFENSE

No act or omission by defendant either proximately caused or contributed to whatever injury or damage plaintiff's claims to have sustained.

**SIXTH DEFENSE**

Plaintiff had full knowledge of the circumstances of which she complains and voluntarily and knowingly encountered the conditions of which she complains, thereby assuming any risk of damages which she now alleges were caused by defendant, with the result that plaintiff is not entitled to recover anything from defendant.

**SEVENTH DEFENSE**

Plaintiff's claims are barred because plaintiff failed to mitigate her alleged damages, the existence of which is expressly denied.

**EIGHTH DEFENSE**

Plaintiff's claims are barred because, at all times, defendant acted reasonably and in good faith, in accordance with any and all laws, rules, regulations or other authority, and defendant has not taken any action or inaction that breached any legal duties allegedly owed to plaintiff.

**NINTH DEFENSE**

Plaintiff's claims are barred, in whole or part, based on the doctrines of waiver, release, unjust enrichment, accord and satisfaction, ratification, estoppel, abandonment, and laches.

## TENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because plaintiff consented to, authorized, approved, acquiesced to and/or ratified the actions about which plaintiff now complains.

## ELEVENTH DEFENSE

Defendant has fully and properly compensated plaintiff in compliance with all applicable laws.

## TWELFTH DEFENSE

At all times material hereto, defendant has acted in good faith and reasonably believed that none of the conduct alleged by plaintiff violated any applicable law. Further, defendant did not know, or show reckless disregard for, plaintiff's rights under any applicable law.

## THIRTEENTH DEFENSE

To the extent applicable, defendant asserts each affirmative defense set forth in O.C.G.A. § 9-11-8.

## FOURTEENTH DEFENSE

Some or all of plaintiff's claims are barred by the exclusive remedy provisions under Georgia's Workers' Compensation Act.

## **FIFTEENTH DEFENSE**

Defendant states that it may have further and additional affirmative defenses which are not yet known to defendant, but which may become known through future discovery. Accordingly, defendant specifically reserves the right to amend its Answer to Plaintiff's Complaint to plead any additional claims or affirmative defenses as may become known to it during the course of their investigation and discovery upon appropriate notice to the parties.

WHEREFORE, having answered fully, defendant SOLOMON'S TEMPLE, INC. respectfully requests that this Court dismiss plaintiff's Complaint and cast all costs against plaintiff.

**DEFENDANT DEMANDS A TRIAL BY JURY.**

Respectfully submitted, this 6th day of January, 2023.

        **Cruser, Mitchell, Novitz, Sanchez, Gaston & Zimet, LLP**

        */s/ Sean Keenan*
        Sean Keenan
        Georgia Bar No. 523871
        Email: skeenan@cmlawfirm.com
        Direct Dial: 678-684-2154

*[signatures continue on next page]*

/s/ Cameron Boone
Cameron Boone
Georgia Bar No. 811119
Email:  cboone@cmlawfirm.com
Direct Dial:  678-684-1781

*(Attorneys for Defendant)*

275 Scientific Drive
Suite 2000
Peachtree Corners, GA 30092

## **CERTIFICATE OF COMPLIANCE WITH L.R. 7.1**

The undersigned attests that this document was prepared in Times New Roman, 14-point font that complies with this Court's Rules.

This 6th day of January, 2022.

                                                **Cruser, Mitchell, Novitz, Sanchez, Gaston & Zimet, LLP**

                                                */s/ Sean Keenan*
                                                Sean Keenan
                                                Georgia Bar No. 523871

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I have this day I have filed the foregoing **DEFENDANT'S VERIFIED ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT FOR TORT** with the Clerk of Court using the CM/ECF system.

I FURTHER CERTIFY that I have this day served a copy of the above-referenced pleading, via U.S. Mail, upon the following:

Crystal Lofton, pro se
477 Cathedral Dr.
McDonough, GA 30253

Respectfully submitted, this 6th day of January, 2023.

**Cruser, Mitchell, Novitz, Sanchez, Gaston & Zimet, LLP**

*/s/ Sean Keenan*
Sean Keenan
Georgia Bar No. 523871