## IN THE STATE COURT DEKALB OF COUNTY
## STATE OF GEORGIA

Jacquille Moss, Mikal Merritt,      )
Jacinda Kennon, Agnes Bratton,    )
Tiffany Snydor, Individually and as )
parent/ guardian of               )
Austin Cook, Adriane Cook,      )
and Aedan Cook,             )

     Plaintiffs,         )   CIVIL ACTION FILE NO. 22A04688
                      )   JURY TRIAL DEMAND
  vs.                 )
                      )
Douglas Gunderson, Metone Limited )
Partnership, Metropolitan Building   )
Concepts, Inc, and Wellmax, Inc    )
                      )
     Defendants.       )

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiffs Jacquille Moss ("Plaintiff JM), Mikal Merritt ("Plaintiff MM"),

Jacinda Kennon ("Plaintiff JK"), Agnes Bratton ("Plaintiff AB"), Tiffany Snydor ("Plaintiff TS"),

Individually and on behalf of her minor children Austin Cook ("Plaintiff AC"), Adriane Cook

("Plaintiff ADC"), and Aedan Cook ("Plaintiff AEC") in the above-styled action, file this

Complaint against the above-named Defendants Douglas Gunderson ("Defendant DG"), Metone

Limited Partnership ("Defendant Metone"), Metropolitan Building Concepts, Inc ("Defendant

Metro"), and Wellmax, Inc ("Defendant Wellmax") and show the Court as follows:

## PARTIES

1.

Plaintiffs are citizens of the State of Georgia and can be served with legal Pleadings and

Notices through their attorney W. Winston Briggs at W. Winston Briggs Law Firm at 3500 Lenox

Road, Suite 1500, Atlanta, Georgia 30326.



STATE COURT OF
DEKALB COUNTY, GA.
12/5/2022 11:28 AM
E-FILED
BY: Monica Gay

2.

Defendant Doug Gunderson ("DG") is an individual who resides at W7297 Wild Turkey Lane, Shiocton, Outagamie County, Wisconsin 54170 and can be served with process at that address. DG Also maintains an address at 1232 Jasmine Lake Drive, Tarpon Springs, Pinellas County, Florida 34689.

3.

Defendant Metone Limited Partnership ("Metone") maintains its principal office address at 4305 Stoney Ridge TR, Oshkosh, Winnebago County, Wisconsin 54904. Metone can be served with process through its registered agent Wellmax, Inc at W7297 Wild Turkey Lane, Shiocton, Outagamie County, Wisconsin 54170.

4.

Defendant Metropolitan Building Concepts, Inc ("Metro") is a corporation who can be served with process through its registered agent Doug Gunderson at W7297 Wild Turkey Lane, Shiocton, Outagamie County, Wisconsin 54170.

5.

Defendant Wellmax, Inc ("Wellmax") is a corporation who can be served with process through its registered agent Doug Gunderson at W7297 Wild Turkey Lane, Shiocton, Outagamie County, Wisconsin 54170.

## JURISDICTION AND VENUE

6.

This Court has subject matter jurisdiction and personal jurisdiction over Defendants since Defendants entered into business transactions regarding the property at issue in this case in Dekalb County, Georgia.

7.

Venue in this court is proper in this case.

## OPERATIVE FACTS

8.

On or about December 11, 2020, Plaintiffs were legally occupying a third-floor unit at Fairington Village Condominiums at 3302 Fairington Village Dr, Lithonia, Dekalb County, Georgia 30013 (hereinafter the "Property") when, suddenly and without warning, a devastating fire erupted that engulfed and destroyed several buildings in the complex.

9.

There was no warning from smoke detectors or an audible fire alarm to provide Plaintiffs warning of the emanating fire.

10.

Rather than succumb to the devastating blaze, Plaintiffs had no other choice but to jump from a third-story building window injuring Plaintiffs.

11.

Some or all of Defendants owned the Property on December 11, 2020.

12.

On or about January 29, 2019 some or all of the Defendants, including Defendant Douglas Gunderson, leased the Property to some of the Plaintiffs, including Jacinda Kennon.

-3-

13.

Dekalb Fire investigators reported that the fire started from a crime against property associated with drug and gang violence.

14.

A review of the criminal activity associated with Fairington Village Condominiums shows several hundred acts of crime of violence in the community within the two-year period preceding the subject occurrence.

15.

Defendants knew or should have known of the collection of incidents within the two-year period preceding the subject occurrence that included, but was not limited to, criminal trespass, assault, battery, theft, criminal damage to property, drug selling, murder, obstruction and entering auto.

16.

An investigation was conducted by local police and Dekalb County Fire Department. The investigation revealed that the fire started from an act of arson which was videotaped by a nearby surveillance camera.

17.

Farrington Village Condominiums was notorious for property crimes and crimes violent crimes against persons.

18.

An investigation revealed that a prior act of arson took place within the same year of the crime that started the condominium fire.

-4-

19.

Based on the extremely high level of criminal activity and gang violence in the area, the Defendants knew or should have known of the high likelihood and propensity for residents in the community to get hurt.

20.

As a result of Defendants' negligence in failing to properly secure the premises, Plaintiffs suffered extreme and traumatic long-lasting injuries.

## COUNT I – NEGLIGENT MAINTENANCE

21.

Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1 through 20 above as if fully set forth herein verbatim.

22.

Defendants were negligent in not maintaining a proper fire detection and warning system at the Property, including smoke detectors, audible alarms and sprinklers, to warn tenants and visitors of signs of fire in violation of O.C.G.A. § 25-2-13(4)(c).

23.

Defendant's negligence is the proximate cause of the Plaintiffs' injuries by failing to provide adequate and sufficient fire warnings through installing and maintaining fire alarms including smoke detectors and carbon monoxide alarms.

24.

At all relevant times, Defendants owed certain civil duties to Plaintiffs and, notwithstanding those duties, Defendants did violate them in the following particulars:

a.      In failure to construct, equip or maintain and use the building to afford every reasonable and practical precaution and protection against injury from such special hazards as defined by O.C.G.A. § 25-2-13;

b.      In permitting the use of the premises so controlled without providing precautions against damage to property or injury to persons;

c.      In failure to follow the local and state Regulations of Fire and Other Hazards to Persons and Property;

## COUNT II-NEGLIGENT SECURITY

25.

Plaintiffs lived at the Property and/or were lawfully visiting the Property at the time of the subject fire pursuant to a lease agreement attached as Exhibit "A".

26.

At all times relevant, Fairington Village Condominiums including the owners of the Property were governed by Bylaws, Declarations, and Covenants, collectively attached hereto as Exhibit "B".

27.

As the Property owners, Defendants were responsible for security per agreement and acknowledgment in the Homeowner's Covenants, Bylaws, and Declarations.

28.

-6-

Defendants failed to attempt to create, implement , or initiate any type of security measures whatsoever despite their nondelegable duty to provide adequate security.

29.

Due to the tremendous amount of criminal activities, including several violent crimes against persons along with property crimes, the subject crime referenced above was reasonably foreseeable.

30.

Defendants' failure to keep the Property and approaches safe and protect its tenants and invitees against foreseeable third-party criminal attacks was the proximate cause of the Plaintiffs' injuries.

**COUNT III- DAMAGES**

31.

Plaintiffs reallege and incorporate the allegations contained in paragraphs 1 through 30 above as if fully set forth herein verbatim.

32.

As a result of Defendants' negligence and failure to comply with their legal duties, Plaintiffs suffered traumatic and permanent injuries.

33.

As a result of the Defendants' negligence and failure to comply with their legal duties, Plaintiffs have suffered past and future medical expenses and past and future lost wages.

34.

As a result of Defendants' negligence and failure to comply with legal duties, Plaintiffs suffered traumatic injuries and resulting pain and suffering, disability, mental anguish, loss of earning, loss of ability to earn and loss of capacity for the enjoyment of life.

35.

Plaintiffs incurred the following known special damages to date as a result of this incident:

**JACINDA KENNON:**

| | |
|---|---|
| Grady Health System | $385,549.85 |
| **TOTAL** | **$385,549.85** |

**MIKAL MERRITT:**

| | |
|---|---|
| Grady Health System | $219,399.02 |
| **TOTAL** | **$219,399.02** |

**AGNES BRATTON:**

| | |
|---|---|
| Grady Health System | $609,782.91 |
| **TOTAL** | **$609,782.91** |

**TIFFANY SNYDOR:**

| | |
|---|---|
| Grady Health System | $726,066.42 |
| **TOTAL** | **$726,066.42** |

**AUSTIN COOK:**

| | |
|---|---|
| TBA | $ |
| **TOTAL** | $ |

**ADRIANE COOK:**

| | |
|---|---|
| TBA | $ |
| **TOTAL** | $ |

**AADEN COOK:**

TBA                                    $
**TOTAL**                              $

### 36.

Plaintiffs' medical bills, special damages, and pain and suffering from this incident will continue into the future.

### 37.

Defendants' conduct was reckless, willful and wanton, and demonstrates a conscious indifference to the consequences of their actions and entitle Plaintiffs to an award of **punitive damages.**

## ATTORNEY FEES

### 38.

Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1 through 37 above as if fully set forth herein verbatim.

### 39.

Plaintiffs show that Defendants have acted in bad faith, have been stubbornly litigious and have caused Plaintiffs unnecessary trouble and expense. Therefore, Plaintiffs are entitled to expenses of litigation, including reasonable attorneys fees, as provided by O.C.G.A. §13-6-11.

WHEREFORE Plaintiffs pray for the following:

(a)     that the Plaintiffs have a trial by a jury as to all issues;

(b)     that Plaintiffs recover for her pain and suffering;

(c)     that Plaintiffs recover medical expenses in the amount of and any other medical bills to be specified by timely amendment of this Complaint;

-9-

(e)    that Plaintiffs recover general damages in an amount to be proven at trial;

(f)    that Plaintiffs recover for past, present, and future medical, hospital, lost

wages, out of pocket expenses and other items of special damages, in amounts to

be specified by timely amendment of this Complaint;

(g)    that Plaintiffs recover punitive damages in an amount to be proven at trial;

(h)    recovery of reasonable attorney fees and expenses of litigation; and

(i)    that all costs be cast against the Defendants; and

(j)    for such other relief as this Court deems just and appropriate.

This 1st day of December 2022.

Respectfully submitted,

*/s/ W. Winston Briggs*
W. Winston Briggs, Esq
Georgia Bar No. 081653
Attorney for Plaintiffs

**W. Winston Briggs Law Firm**
3500 Lenox Rd, Suite 1500
Atlanta, Georgia 30326
Phone: 404-522-1500
wbriggs@winstonbriggslaw.com

STATE COURT OF
DEKALB COUNTY, GA.
12/5/2022 11:28 AM
E-FILED
BY: Monica Gay