**IN THE STATE COURT OF DEKALB COUNTY**

**STATE OF GEORGIA**

| | | |
|---|---|---|
| JACQUILLE MOSS, MIKAL MERRITT, JACINDA KENNON, AGNES BRATTON, TIFFANY SNYDOR, INDIVIDUALLY AND AS PARENT/GUARDIAN OF AUSTIN COOK, ADRIANE COOK, AND AEDAN COOK, | * * * * * * * * | |
| Plaintiffs, | * * | CIVIL ACTION FILE NO. |
| | * * | 22A04688 |
| vs. | * * | |
| DOUGLAS GUNDERSON, METONE LIMITED PARTNERSHIP, METROPOLITAN BUILDING CONCEPTS, INC., AND WELLMAX, INC., | * * * * * | |
| Defendants. | * * | |

**ANSWER OF DEFENDANT DOUGLAS GUNDERSON**

NOW COMES Defendant, Douglas Gunderson, by and through the undersigned attorney, and files this Answer to Plaintiff's Complaint as follows:

**First Defense**

Plaintiff's Complaint fails to state a claim against Defendant Gunderson, upon which relief can be granted.

**Second Defense**

Plaintiff's failure to plead special damages in this action bars their recovery pursuant to O.C.G.A. § 9-11-9(g).

**Third Defense**

Plaintiff's Complaint should be dismissed and/or transferred because of improper venue. Specifically, this matter should have been filed in Federal Court due to the amount in controversy

and diversity of citizenship.  Because it was filed in State Court, it should be removed to Federal

Court which is the proper forum.

### Fourth Defense

Defendant Gunderson is not liable to Plaintiffs because Defendant Gunderson breached no

duty owed to Plaintiffs in regard to the occurrence giving rise to this Complaint.

### Fifth Defense

Plaintiff's injuries and damages, if any, were cause solely by a person or persons not a party

to this action.

### Sixth Defense

Plaintiff's Complaint should be dismissed due to Plaintiff's failure to name a necessary party.

### Seventh Defense

Plaintiff's injuries, if any, were caused by an unforeseeable intervening third party tortfeasor

and/or the acts or failure to act of persons or entities other than Defendant Gunderson.

### Eighth Defense

Plaintiff's claim should be dismissed as to Defendant Gunderson as he is not a proper party

to this action.  Defendant Gunderson did not own or operate the property referenced in the Plaintiff's

Complaint

### Ninth Defense

Responding specifically to the allegations contained in the Plaintiff's Complaint, Defendant

Gunderson responds as follows:

**1**.

Defendant Gunderson is without sufficient information to enable him to admit or deny the

allegations of Paragraph One (1) of the Plaintiff's Complaint as pled.

**2.**

Defendant Gunderson admits the allegations of Paragraph Two (2) of the Plaintiff's

Complaint.

**3**.

Defendant Gunderson admits the allegations of Paragraph Three (3) of the Plaintiff's Complaint.

**4.**

Defendant Gunderson admits the allegations of Paragraph Four (4) of the Plaintiff's Complaint.

**5.**

Defendant Gunderson admits the allegations of Paragraph Five (5) of the Plaintiff's Complaint.

**6.**

Defendant Gunderson denies the allegations of Paragraph Six (6) of the Plaintiff's Complaint as pled.  The proper forum for this matter is Federal Court.

**7**.

Defendant Gunderson denies the allegations of Paragraph Seven (7) of the Plaintiff's Complaint as pled.  The proper forum for this matter is Federal Court.

**8**.

Defendant Gunderson admits the allegations of Paragraph Eight (8) of the Plaintiff's Complaint.

**9**.

Defendant Gunderson denies the allegations of Paragraph Nine (9) of the Plaintiff's Complaint as pled.

**10.**

Defendant Gunderson is without sufficient information to enable it to admit or deny the

allegations of Paragraph Ten (10) of the Plaintiff's Complaint as pled.

**11.**

Defendant Gunderson denies the allegations of Paragraph Nine (9) of the Plaintiff's Complaint as pled. Defendant Metone is the only Defendant with ownership interest in the property in question.

**12.**

Defendant Gunderson denies the allegations of Paragraph Nine (9) of the Plaintiff's Complaint as pled. Defendant Gunderson signed the lease only in his capacity as President of Metone Limited Partnership, not individually.

**13.**

Defendant Gunderson admits the allegations of Paragraph Thirteen (13) of the Plaintiff's Complaint.

**14.**

Defendant Gunderson is without sufficient information to enable him to admit or deny the allegations of Paragraph Fourteen (14) of the Plaintiff's Complaint as pled.

**15.**

Defendant Gunderson denies the allegations of Paragraph Fifteen (15) of the Plaintiff's Complaint as pled.

**16.**

Defendant Gunderson admits the allegations of Paragraph Sixteen (16) of the Plaintiff's Complaint.

**17.**

Defendant Gunderson is without sufficient information to enable him to admit or deny the allegations of Paragraph Seventeen (17) of the Plaintiff's Complaint as pled.

**18.**

Defendant Gunderson is without sufficient information to enable him to admit or deny the allegations of Paragraph Eighteen (18) of the Plaintiff's Complaint as pled.

**19.**

Defendant Gunderson denies the allegations of Paragraph Nineteen (19) of the Plaintiff's Complaint as pled.

**20.**

Defendant Gunderson denies the allegations of Paragraph Twenty (20) of the Plaintiff's Complaint as pled.

**21.**

Defendant Gunderson incorporates his responses to Paragraphs One (1) through Twenty (20) of the Plaintiff's Complaint as if fully restated herein.

**22.**

Defendant Gunderson denies the allegations of Paragraph Twenty-Two (22) of the Plaintiff's Complaint as pled.

**23.**

Defendant Gunderson denies the allegations of Paragraph Twenty-Three (23) of the Plaintiff's Complaint as pled.

**24.**

Defendant Gunderson denies the allegations of Paragraph Twenty-Four (24) of the Plaintiff's Complaint as pled.

**25.**

Defendant Gunderson incorporates his responses to Paragraphs One (1) through Twenty-Four (24) of the Plaintiff's Complaint as if fully restated herein.

**26.**

Defendant Gunderson admits the allegations of Paragraph Twenty-Six (26) of the Plaintiff's Complaint.

**27.**

Defendant Gunderson denies the allegations of Paragraph Twenty-Seven (27) of the Plaintiff's Complaint as they pertain to him individually as he did not own the property in question in his individual capacity.

**28.**

Defendant Gunderson denies the allegations of Paragraph Twenty-Eight (28) of the Plaintiff's Complaint as pled.

**29.**

Defendant Gunderson denies the allegations of Paragraph Twenty-Nine (29) of the Plaintiff's Complaint as pled.

**30.**

Defendant Gunderson denies the allegations of Paragraph Thirty (30) of the Plaintiff's Complaint as pled.

**31.**

Defendant Gunderson incorporates his responses to Paragraphs One (1) through Thirty (30) of the Plaintiff's Complaint as if fully restated herein.

**32.**

Defendant Gunderson denies the allegations of Paragraph Thirty-Two (32) of the Plaintiff's

Complaint as pled.

**33.**

Defendant Gunderson denies the allegations of Paragraph Thirty-Three (33) of the Plaintiff's

Complaint as pled.

**34.**

Defendant Gunderson denies the allegations of Paragraph Thirty-Four (34) of the Plaintiff's

Complaint as pled.

**35.**

Defendant Gunderson is without sufficient information to enable him to admit or deny the

allegations of Paragraph Thirty-Five (35) of the Plaintiff's Complaint as pled.

**36.**

Defendant Gunderson is without sufficient information to enable him to admit or deny the

allegations of Paragraph Thirty-Six (36) of the Plaintiff's Complaint as pled.

**37.**

Defendant Gunderson denies the allegations of Paragraph Thirty-Seven (37) of the Plaintiff's

Complaint as pled.

**38.**

Defendant Gunderson incorporates his responses to Paragraphs One (1) through Thirty-

Seven (37) of the Plaintiff's Complaint as if fully restated herein.

**39.**

Defendant Gunderson denies the allegations of Paragraph Thirty-Nine (39) of the Plaintiff's Complaint as pled.

**40.**

Defendant Gunderson denies all other allegations contained in Plaintiff's Complaint not specifically addressed herein, whether numbered or unnumbered and including but not limited to the paragraph beginning "WHEREFORE," and all subparts thereof.

WHEREFORE, Defendant Gunderson prays:

a)      For removal to Federal Court

b)      For six months to complete discovery;

c)      For a trial by jury;

d)      Defendant be discharged with all costs cast against Plaintiff(s); and

e)      For such other and further relief that the Court deems just and proper.


_____
Joseph A. Kaiser
GA Bar No. 323435
Ankur P. Trivedi
GA Bar No. 859811
Davis D. Lackey
GA Bar No. 988106
Attorneys for Defendant Douglas Gunderson

**GROTH, MAKARENKO, KAISER & EIDEX**
One Sugarloaf Centre
1960 Satellite Boulevard
Suite 2000
Duluth, GA 30097
(770) 904-3590
jk@gmke.law
at@gmke.law
dl@gmke.law

## CERTIFICATE OF SERVICE

This is to certify that I have this day served counsel of record in the foregoing matter with the attached Answer of Defendant Douglas Gunderson by e-filing and/or mail to the addressed as follows:

W. Winston Briggs, Esq.
W. Winston Briggs Law Firm
3500 Lenox Road
Suite 1500
Atlanta, GA 30326
wbriggs@winstonbriggslaw.com

This 6th day of January, 2023.

_____
Joseph A. Kaiser
GA Bar No. 323435
Ankur P. Trivedi
GA Bar No. 859811
Davis D. Lackey
GA Bar No. 988106
Attorneys for Defendant Douglas Gunderson

**GROTH, MAKARENKO, KAISER & EIDEX**
One Sugarloaf Centre
1960 Satellite Boulevard
Suite 2000
Duluth, GA 30097
(770) 904-3590
jk@gmke.law
at@gmke.law
dl@gmke.law