# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| Lynesse Nunnally, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action File No.: |
| | ) | |
| vs. | ) | |
| | ) | |
| Impact Receivables Management, LLC, | ) | **COMPLAINT WITH** |
| | ) | **JURY TRIAL DEMAND** |
| | ) | |
| Defendant | ) | |

## PRELIMINARY STATEMENT

This action for damages is based upon the Defendant's overt and intentional, unlawful conduct in the furtherance of its efforts to collect a consumer debt. The Defendant's conduct is in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq. and the Georgia Fair Business Practices Act, (GFBPA) O.C.G.A. 10-1-390 et seq.

## PARTIES

1.   Plaintiff, Lynesse Nunnally, is a natural person who resides in DeKalb County, Georgia.

2.   Defendant, Impact Receivables Management, LLC, is a foreign limited liability corporation registered to do business in Georgia. Defendant may be served

1

with process via its registered agent, Corporation Service Company at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction over Plaintiff's Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. This Court has personal jurisdiction over Defendant because, inter alia, Defendants frequently and routinely conducts business in the State of Georgia, including the conduct complained of herein.

5. Pursuant to 28 U.S.C. § 1391, venue is proper in the Northern District of Georgia because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. Venue is proper in the Atlanta Division because the conduct complained of herein occurred in DeKalb County, Georgia.

## FACTUAL ALLEGATIONS

7. Plaintiff is a 33-year-old woman with deteriorating health. She is disabled, unable to engage in competitive employment, and is in the process of obtaining disability insurance benefits through the Social Security Administration.

8. Plaintiff is allegedly obligated to pay a consumer debt arising out of an alleged deficiency arising out of a residential lease and is, therefore, a "consumer", as that term is defined by 15 U.S.C. § 1692a(3).

9. Defendant is a collection agency specializing in the collection of consumer debt.

10. Defendant uses interstate commerce and/or mail in its business in the collection of consumer debts.

11. Defendant manages, and collects upon, thousands of consumer debt accounts annually.

12. Defendant is, therefore, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

13. As result of her disability, the Plaintiff has fallen behind on a number of consumer accounts.

14. In an effort to develop a firmer grasp of her financial position, the Plaintiff obtained a copy of her credit report as published by TransUnion, Equifax, Experian, the three largest credit reporting bureaus, in September, 2022.

15. In reviewing these reports, the Plaintiff noted a tradeline being reported by the Defendant that indicated it was collecting a debt on behalf of "Candler Forrest" in the amount of $1,772.00. The Plaintiff did not recognize much of the

information reported by Defendant and disagreed with a substantial portion of the tradeline.

16.     On September 19th, 2022, the Plaintiff initiated a telephone call to Defendant to obtain more information.  At that time, she was connected with an individual identifying herself as "Amanda."  After verifying the Plaintiff's identity, Defendant confirmed it was collecting $1,772.00 on behalf of Candler Forest.

17.     In discussing the account with the Defendant, the Plaintiff asked about the procedure if she feels that she did not owe the amount in collection and, specifically, how one would go about addressing that issue.

18.     The Defendant responded that "feelings" do not matter and that if the Plaintiff has proof that she does not owe the debt she was free to send that in and the Defendant would evaluate it.

19.     The Plaintiff rephrased her question based upon the reply of the Defendant and asked what steps she can take if she is sure she does not owe the money in collection.

20.     Defendant responded that the Plaintiff must prove that she does not owe the money and went on to state that Defendant was not going to walk her through the process of getting out of paying her bill.  The Defendant elaborated informing the Plaintiff that she would have to provide proof that every charge making up the

whole in collection through Candler Forrest was incorrect and the burden of proof was on her to provide documentation.

21. The Plaintiff then asked if she could simply contact Candler Forrest and resolve the dispute in that way. The Defendant dissuaded her from that course advising that she would simply be redirected to the Defendant. The call ended shortly thereafter.

22. The Plaintiff clearly and unequivocally disputed the amount being collected by the Defendant.

23. The Defendant was equally clear in its rejection of Plaintiff's dispute and its representations that the burden of proof for any dispute rests with the Plaintiff.

24. On November 22nd, 2022, the Plaintiff again accessed her credit report as published by the three major credit reporting bureaus. In reviewing these reports, she noted the Defendant again reported the tradeline in collection, but neglected to report the critical fact that the account had been disputed by the Plaintiff. A reproduction of the tradeline as reported by the Defendant to Equifax is set forth below:

**EQUIFAX**

5

Nov 1, 2022     **$1,772.00**
IMPACT RECEIVABLES M

### Payment History

No history is available

Jan  Feb  Mar  Apr  May  Jun

Jul  Aug  Sep  Oct  Nov  Dec

- **OK** Paid on Time
- **30** 30 Days Past Due
- **60** 60 Days Past Due
- **90** 90 Days Past Due
- **120** 120 Days Past Due
- **150** 150 Days Past Due
- **BR** Bankruptcy
- **RF** Repossession / Foreclosure
- **CC** Collection / Charge-off
- **N/A** No Data Available

### Account Details

| | |
|---|---|
| Account Number | 26224A32909514071 |
| Date Opened | Sep 11, 2019 |
| Last Activity | Nov 1, 2022 |
| Original Creditor | **CANDLER FORREST** |
| Monthly Payment | $0.00 |
| Term Source Type | |
| Current Rating | **Collection/Charge-off** |
| Status | Open |
| Type | Individual |
| High Balance | $1,772.00 |
| Unpaid Balance | $1,772.00 |
| Highest Adverse Rating | Collection/Charge-off |
| Most Recent Adverse Rating | No Data Available |
| Comments | |

### Collection Agency

IMPACT RECEIVABLES M
11104 W AIRPORT BLVD STE 199
STAFFORD, TX 77477
(866) 942-9516

6

25. On November 30th, 2022, Plaintiff's counsel advised the Defendant, through its president and CEO, Greg Toache, of the Plaintiff's dispute.

26. On December 6th, 2022 Defendant again reported the account to the three major bureaus and again failed to report that the account was disputed.

27. The Defendant's reporting to the various credit bureaus was in connection with, and indeed intended to facilitate, its collection from the Plaintiff.

28. The right to dispute a debt has been held to be the most fundamental of those set forth in 15 U.S.C. § 1692g(a), and it was reasonable to ensure that it could be exercised by consumer debtors who may have some difficulty with making a timely written challenge." *Hooks v. Forman*, 717 F.3d 282, 286 (2d Cir. 2013).

29. There was no affirmative duty requiring the Defendant to report credit information regarding the Plaintiff. However, once it elected to do so, it was bound not to omit a piece of information that is always material, namely, that the consumer has disputed a particular debt. *O'Fay v. Sessoms & Rogers, P.A.*, 2010 WL 9478988, at *7 (E.D.N.C. Feb. 9, 2010).

## INJURIES-IN-FACT AND DAMAGES

30. The FDCPA provides consumers with "statutorily-created rights to be free from 'being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.'" *McCamis v. Servis One, Inc.*, No. 8:16-CV-1130-T-30AEP, 2016

U.S. Dist. LEXIS 99492 (M.D. Fla. July 29, 2016); *Church v. Accretive Health, Inc.*, 654 Fed. Appx. 990, 2016 U.S. App. LEXIS 12414, 2016 WL 3611543 (11th Cir. 2016).

31. An injury-in-fact sufficient to satisfy Article III standing requirements "may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing." *Church*, at 993, quoting *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982).

32. Violation of statutory rights are not a "hypothetical or uncertain" injury, but one "that Congress has elevated to the status of a legally cognizable injury through the FDCPA." *McCamis*, at 4, citing *Church*, at 3.

33. As a result of the Defendant's actions and/or omissions, Plaintiff has suffered actual damages, including but not limited to the following:

a.) Being subjected to false, deceptive, and unfair debt collection practices;

b.) Confusion related to the Defendant's credit reporting practice that adversely impacted the Plaintiff's ability to prioritize debt payments when they were possible;

c.) Defendant's false and misleading communications to leading credit reporting bureaus were akin to defamation of the Plaintiff resulting in subscribers

to the credit reporting services receiving a false impression of Plaintiff's credit worthiness and debt-to-income ratio;

d.) Uncompensated time expended away from activities of daily living, to confer with counsel regarding the Defendant's collection efforts;

e.) Anxiety and worry caused by concern that Plaintiff was being called upon to pay an improper claim and that Defendant was engaging in false credit reporting. The anxiety and worry experienced by the Plaintiff was sufficient to negatively affect her demeanor, her ability to engage in daily activities, resulted in sleeplessness, and adversely affected her relationships with others.

34. Accordingly, through the violation of Plaintiffs' statutorily created rights under the FDCPA, Plaintiff has suffered an injury-in-fact sufficient to establish Article III standing.

## CAUSES OF ACTION

### COUNT I

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
15 U.S.C. § 1692 et. seq.**

*Violations of 15 U.SC. § 1692e and its subparts*

35. 15 U.S.C. § 1692e specifically prohibits the use of any false, deceptive, or misleading representations or means in connection with the collection of any debt.

36. The use of "or" in § 1692e means a representation violates the FDCPA if it is false or deceptive or misleading. *Bourff v. Rubin Lublin*, LLC, 674 F.3d 1238, 1241 (11th Cir. 2012).

37. "The FDCPA protects consumers from abusive and deceptive practices by debt collectors, and protects non-abusive debt collectors from competitive disadvantage. 15 U.S.C. § 1692(e). Section 1692e forbids the use of 'any false, deceptive, or misleading representation or means' in debt collection, and provides a non-exhaustive list of prohibited conduct." *United States v. National Financial Servs.*, 98 F.3d 131, 135 (4th Cir. 1996).

38. "Violations of Section 1692e are viewed from the perspective of the "least sophisticated consumer." *National Financial Servs.*, 98 F.3d at 135-36. "[E]valuating debt collection practices with an eye to the 'least sophisticated consumer' comports with basic consumer-protection principles." *Id.* at 136. The purpose of that standard "is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd." *Id.* at 136 *quoting Clomon v. Jackson*, 988 F.2d 1314, 1318 (2nd Cir. 1983). Indeed, its purpose is to protect "naive consumers" with a minimal understanding of personal finance and debt collection. *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1194 (11th Cir. 2010) (per curiam).

39.     Moreover, the least sophisticated consumer is not to be held to the same standard as a reasonably prudent consumer. The least sophisticated consumer, though not unreasonable, is "ignorant" and "unthinking," "gullible," and of "below-average sophistication or intelligence," *Pinson v. JPMorgan Chase Bank, Nat'l Ass'n*, No. 16-17107, 2019 U.S. App. LEXIS 33662, at 12-13 (11th Cir. Nov. 12, 2019), quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)

40.     A false representation in connection with the collection of a debt is sufficient to violate the FDCPA, even if it is not alleged or proven to be misleading or deceptive.

41.     The Defendant's representations and intimations that Plaintiff bore the burden of proving any and all errors in the account in collection and that such proof would be "evaluated" prior to a dispute being reflected was objectively false and threat to engage in unlawful activity; namely the violation of 15 U.S.C. § 1692e(8). These representations and intimations were a violation of 15 U.S.C. §§ 1692e(5) and 1692e(10).

42.     The Defendant's failure to report the debt in collection as disputed is a violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(8) and 1692e(10).

## COUNT II

**VIOLATIONS OF THE GEORGIA FAIR BUSINESS PRACTICES ACT
O.C.G.A. § 10-1-390, et seq.**

11

43. Plaintiff incorporates by reference paragraphs 1 through 40 as though fully stated herein.

44. O.C.G.A. § 10-1-390 et seq is commonly known as the "Fair Business Practices Act of 1975" (the "GFBPA").

45. The purpose of the GFBPA, is to protect consumers from unfair and/or deceptive practices in the conduct of any trade or commerce in part or wholly in the state. O.C.G.A. § 10-1-391.

46. O.C.G.A. § 10-1-391 directs that the GFPBA is to be interpreted and applied liberally and in harmony with the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1), which implements the FDCPA.

47. O.C.G.A. § 10-1-393(a) of the GFBPA broadly prohibits unfair and/or deceptive business practices.

48. Defendant intentionally engaged in unfair and deceptive business practices, as set forth herein, in an effort to collect a consumer debt.

49. Defendant's conduct has implications for the consuming public in general.

50. Defendant's conduct negatively impacts the consumer marketplace.

51.     Upon information and belief, Defendant does not maintain a place of business in Georgia and has no assets in Georgia, thus relieving Plaintiffs of the Notice and Demand requirements of O.C.G.A. § 10-1-399(b).

52.     As a result of Defendant's violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover general damages pursuant to O.C.G.A. § 10-1-399(a).

53.     As a result of Defendant's intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover exemplary damages pursuant to O.C.G.A. § 10-1-399(a).

54.     As a result of Defendant's intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover treble damages pursuant to O.C.G.A. § 10-1-399(c).

55.     Plaintiff is entitled to recover reasonable attorney's fees and expenses of litigation pursuant to O.C.G.A. § 10-1-399(d).

## TRIAL BY JURY

56.     Plaintiff is entitled to and hereby requests a trial by jury.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:

a.)     Plaintiff's actual damages;

b.) Statutory damages pursuant to 15 U.S.C. § 1692k;

c.) Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k

d.) General, exemplary, and treble damages pursuant to O.C.G.A. § 10-1-399(a) & (c);

e.) Reasonable attorney's fees and costs pursuant to O.C.G.A. § 10-1-399(d); and

f.) Such other and further relief as may be just and proper.

Respectfully submitted this 3rd day of January, 2023.

**BERRY & ASSOCIATES**

*/s/ Matthew T. Berry*
Matthew T. Berry
Georgia Bar No.: 055663
matt@mattberry.com
2751 Buford Highway, Suite 600
Atlanta, GA 30324
Ph. (404) 235-3300
Fax (404) 235-3333

*Plaintiff's Attorney*