# IN THE UNITED STATES DISTRICT COURT
# FOR THE NOTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| CHRISTINA CROSSLAND ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | CIVIL ACTION |
| v. ) | FILE NO. |
| ) | |
| ) | |
| SIGNAL 88, LLC ) | |
| ) | **JURY TRIAL DEMANDED** |
| Defendant. ) | |
| ) | |
| ) | |

## COMPLAINT FOR DAMAGES

**COMES NOW** Plaintiff Christina Crossland, by and through her undersigned counsel of record, and files this Complaint for Damages against Defendant Signal 88, LLC showing the Court as follows:

## JURISDICTION AND VENUE

1.

Plaintiff brings this action under 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000(e) et seq. (hereinafter, "Title VII) for race discrimination, and to recover reasonable attorneys' fees and costs as allowed under the aforementioned federal statutes.

1

2.

Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. §§1331, 1343 on the grounds that this action arises under Title VII.

3.

Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(1) because Defendant resides in the State of Georgia and Defendant resides within the Northern District of Georgia.

## PARTIES

4.

Plaintiff Christina Crossland ("Plaintiff" or "Crossland") is an individual residing in the State of Georgia.

5.

Plaintiff is subject to the jurisdiction and venue of this Court.

6.

Defendant is an employer, is a qualified and licensed organization in Georgia that is entitled to do business in Georgia, and may be served with Summons and Complaint in this action through its registered agent, Corporation Service Company, at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

7.

At all times relevant to this action, Plaintiff was an employee of Defendant.

8.

Defendant is qualified and licensed to do business in the State of Georgia.

9.

Defendant has each employed fifteen or more employees for each working day in at least twenty weeks during each and every calendar year that is relevant to this action.

10.

Plaintiff has obtained a right to sue letter from the Equal Employment Opportunity Commission as to Defendant relating to her Title VII claim. See Exhibit A.

**FACTUAL BACKGROUND**

11.

Plaintiff hereby incorporates all previous Paragraphs as if fully restated herein.

12.

Defendant is a security firm that provides, *inter alia,* patrol officers for its corporate clients as a solution to theft and safety.

13.

Plaintiff Christina Crossland, a black female, was hired by Defendant to work as a patrol officer at the premises of its client Walmart at their Lilburn and Snellville locations.

14.

On or around May 1, 2021, Mindy Greeson, Lilburn Walmart Assistant Manager, asked Defendant's branch manager Jamila Walker, to replace Plaintiff with another security guard.

15.

Shortly thereinafter, Jamila Walker had a conversation with Stephany Charles, Lilburn Walmart Asset Protection Associate, where Stephany Charles informed Jamila Walker if Defendant wanted to keep its contract with Walmart, Defendant needed to replace Plaintiff with a white security guard to keep Mindy Greeson happy.

16.

Thereinafter, Defendant placed Denni Buscarino-Grady, a white security guard, at the Lilburn Walmart, and removed Plaintiff from the Lilburn Walmart assignment, reducing Plaintiff's workdays from five to three.

17.

On or around June 1, 2021, Plaintiff's workdays resumed back to working five days or forty hours a week.

18.

On or around August 2, 2021, Christopher Shaughnessy, a white security guard working for Defendant at the Lilburn Walmart, threatened to shoot Chappelle Crocker, a black security guard also working for Defendant at the same Lilburn Walmart, with a gun.

19.

As a result, Defendant transferred Christopher Shaughnessy (instead of firing him) from the Lilburn Walmart to the Snellville Walmart.

20.

This caused Defendant to transfer Plaintiff back to the Lilburn Walmart temporarily after asking for permission to do so from Mindy Greeson.

21.

On August 20, 2021, Plaintiff sent Jamila Walker an e-mail alleging various grievances at work including alleged discrimination and retaliation.

22.

Jamila Walker replied alleging Plaintiff's attendance and attitude was the cause of Plaintiff's trouble at Signal 88, without addressing the fact

Christopher Shaughnessy, a white security guard, was not fired for his actions or any of Plaintiff's discrimination or retaliation concerns.

23.

On or around August 19, 2021, Plaintiff was transferred back to work at the Snellville Walmart.

24.

Since Christopher Shaughnessy was now working at the Snellville Walmart, Plaintiff's hours were once again reduced to two days a week.

25.

On September 6, 2021, Jamila Walker got into an oral dispute with Plaintiff, arguing Plaintiff was not going to be paid for attending a mandatory work meeting.

23.

The oral argument escalated to Jamila Walker raising her voice and cursing at Plaintiff.

24.

This caused Plaintiff to e-mail Jamila Walker stating, "Being that you are Direct Manager and exemplified that type of behavior I will not [sic] meeting with you without someone present."

25.

Three minutes later, Jamila Walker replied, "There is no need for a meeting, effective immediately you are terminated."

## COUNT I
## RACE DISCRIMINATION IN
## VIOLATION OF TITLE VII

26.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

27.

Defendant discriminated against Plaintiff while she was employed at Signal 88 by, among other things, treating her less favorably than white employees, removing her from the Lilburn Walmart assignment on account of her race, and reducing her hours at the Snellville Walmart on account of her race.

28.

The effect of Defendant's conduct was to deprive Plaintiff of economic opportunities, and otherwise adversely affected Plaintiff's status as an employee because of her race.

29.

As a direct and proximate result of Defendant's actions, Plaintiff has experienced adverse effects to both her psychological, physical well-being, and other damages in an amount to be determined at trial.

## COUNT III
## RACE DISCRIMINATION IN
## VIOLATION OF 42 U.S.C. § 1981

30.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

31.

Defendant discriminated against Plaintiff while she was employed at Signal 88 by, among other things, limiting her ability to make and enforce contracts as compared to white employees, reducing her hours on account of her race, and terminating Plaintiff when similarly situated white co-workers were not terminated.

32.

Defendant discriminated against Plaintiff while she was employed at Signal 88 by, among other things, subjecting her to unequal punishment, pains, and penalties, as compared to white employees, disciplining and/or terminating Plaintiff when similarly situated white co-workers were not disciplined and/or terminated.

33.

As a direct and proximate result of Defendant's actions, Plaintiff has experienced adverse effects to both her psychological, physical well-being, and other damages in an amount to be determined at trial.

## COUNT III
## RETALIATION

34.

Plaintiff hereby incorporates all previous Paragraphs as if fully restated herein.

35.

By the above acts and practices, including, but not limited to, the acts of not paying Plaintiff for her attendance at a mandatory work meeting, and terminating Plaintiff, Defendant and their agents have retaliated against Plaintiff for asserting her rights under Title VII of the Civil Rights Act by condoning, encouraging and/or participating in the retribution.

36.

As a direct and proximate result of the conduct and acts of Defendant and their agent in violation of Title VII of the Civil Rights Act, Plaintiff has suffered and will continue to suffer irreparable injury, damage to her career and reputation, monetary and/or economic harm, for which she is entitled to an award of monetary damages and other equitable and/or injunctive relief.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays for:

1) General damages for mental and emotional suffering caused by Defendant's misconduct;

2) Punitive damages based on Defendant's willful, malicious, intentional, reckless, and deliberate acts, including Defendant's ratification, condonation, and approval of said acts of its agents;

3) Back pay, front pay, and post judgment interest thereon as permitted by law;

4) Reasonable attorneys' fees and expenses of litigation pursuant to 42 U.S.C. § 2000e-5(k);

5) Trial by jury as to all issues;

6) Prejudgment interest at the rate allowed by law;

7) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

8) Compensatory damages;

9) Injunctive relief enjoining Defendant from providing harmful employment information about Plaintiff to potential employers and

ordering Defendant to remove negative records from Plaintiff's personnel file, attributed to Defendant's unlawful conduct;

10) All other relief to which Plaintiff may be entitled.

Respectfully submitted this 6th day of January 2023.

/s/ David G. Cheng
CHENG LAW, INC.
DAVID CHENG, ESQ.
GEORGIA BAR NO. 762468
260 Peachtree St. NW
Suite 2200
Atlanta, Georgia 30303
Tel: (334) 451-4346
Fax: (312) 626-2487
david@considerdavidcheng.com

*Attorney for Plaintiff*

## CERTIFICATE OF COMPLIANCE

The undersigned counsel hereby certifies that Plaintiff's Complaint for Damages complies with the type-volume limitations set forth in Rule 5.1 of the Local Rules of the Northern District of Georgia. Counsel hereby states that Plaintiff's Complaint for Damages has been typed in Times New Roman 14 point.

Respectfully submitted this 6th day of January 2023.

                                         /s/ David G. Cheng
                                        David G. Cheng
                                        Georgia Bar No. 762468