# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| POWER GENERATION TRANSPORTATION INC DBA RADIANT LIGHT, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) CASE NO. _____ |
| OWEN CHRISTIAN DICKENS; OWEN CHRISTIAN DICKENS dba OKL TRANSPORT; and OVERKNIGHT LOGISTICS INC., | ) ) ) ) ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

Defendants Owen Christian Dickens dba OKL Transport (hereinafter "OKL Transport") and OverKnight Logistics Inc. (hereinafter "Logistics")(OKL Transport and Logistics, jointly "Defendants") hereby give notice of their removal to this Court of the case captioned *Power Generation Transportation Inc dba Radiant Light v. Owen Christian Dickens dba OKL Transport and OverKnight Logistics Inc.,* Case No. STC2022000645, in the State Court of Carroll County, Georgia.

1.

Diversity of citizenship exists in this case. Plaintiff is a citizen of the State of Georgia. Defendants are citizens of the State of Texas. Consequently, this is an action between a citizen of the State of Georgia, on one hand, and citizens of the State of Texas, on the other hand. Therefore, diversity of citizenship exists satisfying 28 U.S.C. § 1332(a).

2.

In its Complaint filed in the State Court of Carroll County, Plaintiff did not claim a specific amount of damages. Nevertheless, even if Plaintiff has not pled that the amount in controversy is sufficient to give a federal court subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332(a), "removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional threshold." *Williams v. Best Buy Co.,* 269 F.3d 1316, 1319 (11th Cir. 2001).

3.

As plead in the Complaint, the amount in controversy is composed, in part of $64,000.00, which represents the amount for which Radiant Light tendered a freight and hired OKL Transport (MC 1284518) as a carrier to pick up two (2) oversized loads from Oklahoma on April 21, 2022 and deliver it in Canada on April 28, 2022.[1]  In this respect, where a plaintiff seeks non-monetary relief, "the amount in controversy is the monetary value of the object of the litigation from the plaintiff's perspective". *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1077 (11th Cir.2000).

Plaintiff also seeks pecuniary and reputational damages allegedly caused by Defendants. The amount of damages awarded in this types of claims in Georgia far exceed the $13,000 needed to reach the $75,000 amount in controversy threshold.  For instance:

a. In *Ahmed v. Kifle,* No. 1:12-CV-02697-SCJ, 2015 WL 11199078, at *2 (N.D. Ga. Feb. 6, 2015), the court held that Plaintiff was entitled to compensatory damages for Defendants' defamatory statements. See O.C.G.A. § 51-12-1 *et seq.* Because Defendants' defamatory statements constitute libel *per se*, "the law infers an injury to the reputation without proof of special damages." *Riddle v. Golden Isles Broad., LLC.* 292 Ga. App. 888, 891, 666 S.E. 2d 75, 78 (2009) (citing O.C.G. A. § 51-5-4 (2012)). "Such an injury falls within the category of general damages, 'those which the law presumes to flow from any tortious act; they may be recovered without proof of any amount.'" *Id.* (*quoting* O.C.G.A. § 51-12-2(a) (2012)). Although the law presumes damage to the reputation, Plaintiff testified on his own behalf and presented an expert to establish special damages and a total

---

[1] See, Exhibit A, Complaint, ¶9.

amount that would compensate him. The Court ordered Defendants to pay Plaintiff $145,210.00 in compensatory damages.

b. In *Zedan v. Bailey,* 522 F. Supp. 3d 1363, 1375 (M.D. Ga. 2021), Plaintiff testified that he has lost significant business as a result of Defendant's articles. Many of his customers reduced their buying from Plaintiff's businesses, and one customer stopped buying from him completely. Plaintiff testified that one very large company reduced its purchases by 20%, which amounted to a $25,000 reduction in Plaintiff's commission over two years. As a result of this loss, Plaintiff requested at least $25,000 in compensatory damages. In the post-hearing briefing, Plaintiff requested $30,000 in general and special damages, to account for income specifically lost and the other damages incurred as a result of Defendant's tortious acts. The Court awarded Plaintiff general and special damages of $30,000, noting that the U.S. Supreme Court long ago recognized "the strong and legitimate state interest in compensating private individuals for injury to reputation" and that the common law "allows recovery of purportedly compensatory damages without evidence of actual loss." *Gertz v. Robert Welch*, 418 U.S. 323, 348-49, 94 S.Ct. 2997, 41 L.Ed.2d 789 (1974).

c. In *Riddle v. Golden Isles Broad., LLC*, 292 Ga. App. 888, 890–92, 666 S.E.2d 75, 78–79 (2008)(disapproved of by *Rockdale Hosp., LLC v. Evans*, 306 Ga. 847, 834 S.E.2d 77 (2019) on different grounds), the court sustained the jury's award of $100,000 in general damages for slander *per se* even though Golden Isles presented some evidence that Riddle's career may have suffered as a result of his own choices or the vagaries of the music industry rather than as a result of the slander broadcast to the heart of his fan base, the Court could not say that Golden Isles's damages evidence outweighed that presented by Riddle.

d. In *Hayes v. Irwin,* 541 F. Supp. 397, 440 (N.D. Ga. 1982), aff'd, 729 F.2d 1466 (11th Cir. 1984)(aff'd sub nom. *Hayes v. Irwin Trading*, 729 F.2d 1466 (11th Cir. 1984)) the court upheld the amount of $15,000 on actual damages for conduct that was defamatory and constituted tortious interference.

4.

Defendant has a good faith basis to contend that the amount in controversy in this case exceeds $75,000 exclusive of interest and costs and satisfies the jurisdictional amount under 28 U.S.C. §1332(a).

5.

Defendants' counsel received copy of the Complaint via email on December 8, 2022. Therefore, this Notice of Removal is timely as it is filed within thirty (30) days of receipt by service or otherwise of the Summons and Complaint.

6.

Pursuant to 28 U.S.C. § 1446(a), copies of all papers, pleadings, and orders served on Defendants are attached hereto.

7.

As required by 28 U.S.C. § 1446(d), Defendants shall serve written notice of the removal of this action on Plaintiff's counsel, and a Notice of Filing of Notice of Removal will be filed with the State Court of Carroll County, Georgia.

8.

Defendants reserves the right to amend or supplement this Notice of Removal. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(2) and removal is timely. Therefore, removal pursuant to 28 U.S.C. § 1441 is allowed.

Respectfully submitted,

/s/ Grant R. Brooker
GRANT R. BROOKER
GA Bar No. 084475
1001 Industrial Parkway
McDonough, Georgia 30253
Telephone: (470) 381-3596
Facsimile: (678) 569-1265

**ATTORNEY FOR DEFENDANTS**

## **CERTIFICATE OF SERVICE**

      I certify that a true and correct copy of the foregoing document has been served on this 9th day of January 2023.

***Via Email: latif@aomlaw.com***
Latif Oduola-Owoo, Esq.
ARRINGTON | OWOO, P.C.
Promenade II
1230 Peachtree Street, Suite 1900
Atlanta, Georgia 30309
***Attorney for the Plaintiffs***

                                    /s/ Grant R. Brooker
                                    GRANT R. BROOKER