# EXHIBIT 1

Fulton County Superior Court
***EFILED***LW
Date: 12/7/2022 2:11 PM
Cathelene Robinson, Clerk

**General Civil and Domestic Relations Case Filing Information Form**

☒ **Superior** or ☐ **State Court of** <u>Fulton</u> **County**

| For Clerk Use Only | |
|---|---|
| **Date Filed** <u>12/7/2022</u><br>**MM-DD-YYYY** | **Case Number** <u>2022CV373627</u> |

**Plaintiff(s)**

| | | | | |
|---|---|---|---|---|
| Enclave at | Riverwalk | Townhome Association, | Inc. | |
| **Last** | **First** | **Middle I.** | **Suffix** | **Prefix** |
| **Last** | **First** | **Middle I.** | **Suffix** | **Prefix** |
| **Last** | **First** | **Middle I.** | **Suffix** | **Prefix** |
| **Last** | **First** | **Middle I.** | **Suffix** | **Prefix** |

**Defendant(s)**

| | | | | |
|---|---|---|---|---|
| The Hanover | Insurance | Company | | |
| **Last** | **First** | **Middle I.** | **Suffix** | **Prefix** |
| **Last** | **First** | **Middle I.** | **Suffix** | **Prefix** |
| **Last** | **First** | **Middle I.** | **Suffix** | **Prefix** |
| **Last** | **First** | **Middle I.** | **Suffix** | **Prefix** |

**Plaintiff's Attorney** <u>Marvin Pastel</u>   **State Bar Number** <u>142088</u>   **Self-Represented** ☐

**Check one case type and one sub-type in the same box (if a sub-type applies):**

**General Civil Cases**

- ☐ **Automobile Tort**
- ☐ **Civil Appeal**
- ☐ **Contempt/Modification/Other Post-Judgment**
- ☒ **Contract**
- ☐ **Garnishment**
- ☐ **General Tort**
- ☐ **Habeas Corpus**
- ☐ **Injunction/Mandamus/Other Writ**
- ☐ **Landlord/Tenant**
- ☐ **Medical Malpractice Tort**
- ☐ **Product Liability Tort**
- ☐ **Real Property**
- ☐ **Restraining Petition**
- ☐ **Other General Civil**

**Domestic Relations Cases**

- ☐ **Adoption**
- ☐ **Contempt**
  - ☐ **Non-payment of child support, medical support, or alimony**
- ☐ **Dissolution/Divorce/Separate Maintenance/Alimony**
- ☐ **Family Violence Petition**
- ☐ **Modification**
  - ☐ **Custody/Parenting Time/Visitation**
- ☐ **Paternity/Legitimation**
- ☐ **Support – IV-D**
- ☐ **Support – Private (non-IV-D)**
- ☐ **Other Domestic Relations**

☒ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

<u>2016CV281716</u>   <u>2019CV319799</u>
**Case Number**   **Case Number**

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

Fulton County Superior Court
***EFILED***LW
Date: 12/7/2022 2:11 PM
Cathelene Robinson, Clerk

# IN THE SUPERIOR COURT OF FULTON COUNTY, GEORGIA
### 136 PRYOR STREET, ROOM C-103, ATLANTA, GEORGIA 30303
## SUMMONS

Enclave at Riverwalk

Townhome Association, Inc.

**Plaintiff,**

vs.

The Hanover Insurance Company

**Defendant**

) Case
) No.:     2022CV373627
)
)
)
)
)
)
)
)
)
)
)
)
)
)

TO THE ABOVE NAMED DEFENDANT(S):

You are hereby summoned and required to file electronically with the Clerk of said Court at
https://efilega.tylerhost.net/ofsweb (unless you are exempt from filing electronically) and serve upon
plaintiff's attorney, whose name and address is:

Marvin Pastel, Esq.
Winter Capriola Zenner, LLC
3490 Piedmont Road, NE, Suite 800
Atlanta, GA 30305

An answer to the complaint which is herewith served upon you, within 30 days after service of this
summons upon you, exclusive of the day of service; unless proof of service of this complaint is not filed
within five (5) business days of such service. Then time to answer shall not commence until such proof of
service has been filed. **IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT WILL BE TAKEN
AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

This_____12/7/2022_____day of_____, 20 _____

Honorable Cathelene "Tina" Robinson
Clerk of Superior Court
By_____
Deputy Clerk

To defendant upon whom this petition is served:
This copy of complaint and summons was served upon you _____, 20_____

Deputy Sheriff

**Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum is used**

Fulton County Superior Court
***EFILED***LW
Date: 12/7/2022 2:11 PM
Cathelene Robinson, Clerk

## IN THE SUPERIOR COURT OF FULTON COUNTY, GEORGIA
### 136 PRYOR STREET, ROOM C-103, ATLANTA, GEORGIA 30303
### SUMMONS

| | |
|---|---|
| Enclave at Riverwalk | ) Case |
| | ) No.: _____ 2022CV373627 _____ |
| Townhome Association, Inc. | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | ) |
| The Hanover Insurance Company | ) |
| | ) |
| | ) |
| **Defendant** | ) |
| | ) |
| | ) |

TO THE ABOVE NAMED DEFENDANT(S):

You are hereby summoned and required to file electronically with the Clerk of said Court at
https://efilega.tylerhost.net/ofsweb (unless you are exempt from filing electronically) and serve upon
plaintiff's attorney, whose name and address is:

Marvin Pastel, Esq.
Winter Capriola Zenner, LLC
3490 Piedmont Road, NE, Suite 800
Atlanta, GA 30305

An answer to the complaint which is herewith served upon you, within 30 days after service of this
summons upon you, exclusive of the day of service; unless proof of service of this complaint is not filed
within five (5) business days of such service. Then time to answer shall not commence until such proof of
service has been filed. **IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT WILL BE TAKEN
AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

This _____ 12/7/2022 _____ day of _____, 20 _____

Honorable Cathelene "Tina" Robinson
Clerk of Superior Court
By _____
Deputy Clerk

To defendant upon whom this petition is served:
This copy of complaint and summons was served upon you _____, 20_____

Deputy Sheriff

**Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum is used**

Fulton County Superior Court
***EFILED***LW
Date: 12/7/2022 2:11 PM
Cathelene Robinson, Clerk

## IN THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA

ENCLAVE AT RIVERWALK
TOWNHOME ASSOCIATION, INC.,

       Plaintiff,

v.

THE HANOVER INSURANCE COMPANY,

       Defendant.

_____/

CASE NO.:     2022CV373627

### VERIFIED COMPLAINT FOR BREACH OF CONTRACT, DECLARATORY JUDGMENT AND REFORMATION

Plaintiff, Enclave at Riverwalk Townhome Association, Inc. (the "Association") sues Defendant, The Hanover Insurance Company ("Hanover"), and states:

1.    This action is related to two other actions pending before Judge Dempsey, Jr., both styled Georgia Appreciation Property, Inc. v. Enclave at Riverwalk Townhome Association, Inc., Fulton County Superior Court Case Nos. 2016CV281716 and 2019CV319799.

2.    This is an action for Breach of Contract, Declaratory Judgment, and Reformation.

3.    Plaintiff, Enclave at Riverwalk Townhome Association, Inc. is a non-profit, incorporated Homeowners association responsible for the management and maintenance of the Enclave at Riverwalk Townhome community.

4.    Defendant, The Hanover Insurance Company is a foreign corporation and is the insurance carrier for the Plaintiff with respect to Directors & Officers and Entity Liability, and can be served through its registered agent: CT Corporation System, 289 S. Culver Street, Lawrenceville, GA 30046-4805.

5.    Hanover conducts business in Fulton County.

1

6.     All conditions precedent to bringing this claim alleged here have been satisfied, have occurred, or have been waived.

**Facts**

7.     In 2016 Georgia Appreciation Property, Inc. (GAP) sued the Association in Fulton Superior Court Case No. 2016CV281716 challenging an amendment to the Association's governing documents restricting leasing (2016 Fulton Case).

8.     Hanover accepted coverage and pursuant to the insurance policy assigned insurance defense counsel to defend the Association in the 2016 Fulton Case. The Association retained its own counsel to pursue a counterclaim for GAP's breach of the leasing amendment.

9.     The 2016 Fulton Case was heavily litigated, and ultimately, the case was dismissed without prejudice against GAP in December of 2018.

10.     The Association's insurance defense counsel then filed a motion for attorney's fees against GAP under the contract between GAP and the Association and under O.C.G.A. § 9-15-14. The motion for attorney fees sought recovery for both the insurance defense counsel and the Association's attorney prosecuting the counterclaim.

11.     GAP responded against the motion claiming the insurance defense counsel's motion was frivolous under O.C.G.A. § 9-15-14.

12.     GAP thereafter filed a second Fulton Superior Court Case No. 2019CV319799 lawsuit against the Association alleging once again that the leasing restriction amendment was invalid (2019 Fulton Case).

13.     Hanover assigned the same insurance defense counsel.

14.     The 2019 Fulton Case was not litigated. Rather, after the filing of a motion to dismiss it was stayed, pending the 2019 Cobb Case.

2

15.    In 2019, the Association filed a lawsuit in Cobb Superior Court Case No. 91-1-02758-49 against GAP for violation of the leasing amendment. GAP filed a counterclaim asserting the amendment was invalid. This case was litigated to fruition.

16.    The 2019 Cobb Case adjudicated that the amendment was invalid and awarded GAP $240,600 for attorney's fees related to just the Cobb case.

17.    The insurance defense counsel then failed to timely perfect an appeal, and the 2019 Cobb Case became final.

18.    Hanover, however, refused to indemnify the Association for the Cobb attorney fee judgment.

19.    The Association contested Hanover's refusal to indemnify. Ultimately, the Association and Hanover entered into a Settlement Agreement and Claim Release (Agreement) wherein:

     a.  Hanover agreed to indemnify the Association for the 2019 Cobb judgment;

     b.  The Association agreed to assign to Hanover its portion of the claim for attorney fee's in the 2016 Fulton Case that the Association paid directly to its counsel to litigate the validity of the amendment in that case;

     c.  Hanover, for itself, retained the right to seek recovery of its attorney's fees and those of the Association that were assigned to it, in the 2016 Fulton Case;

     d.  Hanover agreed to indemnify the Association for any adverse award of attorney fees stemming from the 2016 Fulton Case;

     e.  Hanover agreed to provide insurance counsel to close out the 2019 Fulton Case.

     f.  The Association released both Hanover and the insurance defense counsel for past wrongful acts.

3

20.     The Agreement contains a confidentiality provision and will be filed with the court under seal pursuant to a Court Order.

21.     The Agreement was signed on February 24, 2022. At that time, no motion for attorney's fees were pending in the 2019 Fulton Case.

22.     The Association heard no more substantively from its insurance defense counsel, until October 6, 2022, when it received several emails from her. The first email transmitted the Order awarding GAP $51,807.56 in legal fees against the Association under O.C.G.A. § 9-15-14 in the 2016 Fulton Case. It was a scathing opinion of the insurance defense counsel and ordered insurance defense counsel to pay 25% of the award. Despite this sanction, the insurance defense counsel was pleased with the award because as she stated: "Not the result I was expecting, but certainly better than the hundreds of thousands of dollars that [GAP] was seeking in fees." Those hundreds of thousands of dollars she is referring to, were the legal fees GAP incurred during the pendency of the 2016 Fulton Case and prior to the filing of the 2019 Fulton Case.

23.     But later that day, insurance defense counsel sent a second email that simply included a second court order, this time from the 2019 Fulton Case awarding GAP $347,056.81 in legal fees. The Order clearly stated that (a) the bulk of the attorney's fees being awarded stemmed from the 2016 Fulton Case and (b) there would be no setoff for the $51,807.56 awarded above in the 2016 Fulton Case because those were for sanctions. In other words, the 2019 Order was awarding fees from the 2016 Fulton Case, which included the hearing on the cross motions for attorney's fees under O.C.G.A. § 9-15-14.

24.     Both the 2016 and 2019 Fulton attorney fee Orders, the transcript from the hearing, and an independent legal appellate review, make clear that insurance defense counsel was unprepared for the hearing.

4

25.     Despite demand, see attached Exhibit 1, Hanover is refusing to pay any portion of the 2019 Fulton Case attorney fee Order, even though it consists mostly of attorney's fees stemming solely from the 2016 Fulton County Case.

26.     At the time of signing the Agreement and presently, the law does not provide for the recovery of legal fees from the 2016 Fulton Case in the 2019 Fulton Case. *See SunTrust Bank v. Lilliston*, 302 Ga. 840, 843 (2018)("Its well settled that the 'recommenced" case envisioned by that statute is an action *de novo*, and is 'not a continuance of the original action,'")(internal citation omitted).

### Count I - Breach of Contract

27.     The Association incorporates paragraphs 1 – 26 above.

28.     Hanover's refusal to indemnify the Association for the legal fees stemming solely from the 2016 Fulton Case prior to the filing of the 2019 Fulton Case is a breach of the Agreement.

29.     Hanover's refusal to indemnify the Association for legal fees stemming solely from GAP defending the motion for sanctions in the 2016 is a breach of the Agreement.

30.     Hanover's providing of legal counsel that fell below the standard of care expected of legal counsel in industry was a breach of the Agreement.

### Count 2 – Declaratory Judgment

31.     The Association incorporates paragraphs 1 – 30 above.

32.     This is a claim for declaratory judgment and the court has jurisdiction under O.C.G.A. § 9-4-2.

33.     There exists between the Association and Hanover a justiciable controversy regarding the terms, obligations, and duties under the Agreement.

34.     The Association and Hanover's interests as to the Agreement are adverse.

35.     The Association has a legal interest in the controversy regarding the Agreement.

36.     The controversy regarding the Agreement is ripe for judicial determination as the Association has demanded payment and the Hanover has refused payment.

### Count 3 – Reformation

37.     The Association incorporates paragraphs 1 – 36 above.

38.     This is an action for reformation of the Agreement pursuant to O.C.G.A. § 23-2-20, *et. seq.* and pled in the alternative.

39.     The Agreement fails to express accurately the intention of the parties and the Agreement does not fully express the real agreement of the parties.

40.     The intention of the parties was to assign all rights, privileges, and obligations stemming from the 2016 Fulton Case to Hanover.

41.     Hanover has not been prejudiced. At all times, under information and belief, it was kept appraise of the actions taken by insurance defense counsel from the signing of the Agreement until present.

42.     At the time of signing the Agreement and presently, the law does not provide for the recovery of legal fees from the 2016 Fulton Case in the 2019 Fulton Case. *See SunTrust Bank v. Lilliston*, 302 Ga. 840, 843 (2018)("Its well settled that the 'recommenced" case envisioned by that statute is an action *de novo*, and is 'not a continuance of the original action,'")(internal citation omitted).

43.     Hanover's position that because the 2016 Fulton legal fees were awarded in an order containing the 2019 Fulton Case style it does not owe indemnity to the Association, is contrary to the intentions of the parties.

44.     Permitting Hanover to avoid indemnifying the Association for the 2016 Fulton legal fees awarded in an order containing the 2019 Fulton Case style would operate a gross injustice to the Association and give an unconscionable advantage to Hanover.

WHEREFORE the Association seeks damages for breach of contract, a declaratory judgment as the terms, obligations, and duties under the Agreement, or reformation of the Agreement to reflect the intentions of the parties, and for any other relief this Court deems just and proper.

Respectfully submitted this 7th day of December, 2022.

WINTER CAPRIOLA ZENNER, LLC

/s/ Marvin P. Pastel
Marvin P. Pastel, Esq.
Georgia Bar No.: 142088
One Securities Centre
3490 Piedmont Road NE, Suite 800
Atlanta, GA 30305
mpastel@wczlaw.com
Counsel for Enclave at Riverwalk

7

## IN THE SUPERIOR COURT OF FULTON COUNTY, GEORGIA

ENCLAVE AT RIVERWALK
TOWNHOME ASSOCIATION, INC.

                                  CASE NO.:

Plaintiff,

v.

THE HANOVER INSURANCE COMPANY,

Defendant.

_____/

## VERIFICATION

      Kenneth Lester personally appeared before the undersigned attesting officer, who after being first duly sworn stated under oath that the facts set forth in the foregoing *Verified Complaint for Breach of Contract, Declaratory Judgment, and Reformation* are true and correct to the best of his/her personal knowledge and information.

      This 7th day of December, 2022.

                                  Printed: Kenneth Lester
                                  Title: President
                                  Enclave at Riverwalk Townhome Association, Inc.

Sworn to and subscribed before me
this 7th day of December, 2022.

_____
Notary Public

My Commission Expires: _____

Exhibit 1

Marvin P. Pastel, Esq.
dir tel 404.844.5641
mpastel@wczlaw.com



WINTER CAPRIOLA ZENNER

attorneys at law

Winter Capriola Zenner, LLC
One Securities Centre
3490 Piedmont Road NE
Suite 800
Atlanta, Georgia 30305
tel  404.844.5700
fax  404.844.5701
wczlaw.net

November 14, 2022

koneill@hanover.com
cgraziani@hanover.com
Ms. Kristen O'Neill
Ms. Carrie Graziani
The Hanover Insurance Group
333 W. Pierce Road, Suite 300
Italsca, Il 60143

Re:    **Enclave at River Walk Townhome Association**
       **Demand for coverage Attorney's Fees related to 2016 Case**

Dear Ms. O'Neill and Ms. Graziani:

Please consider this Enclave at River Walk's formal claim for coverage of the attorney's fees related to the 2016 Fulton County Case. Not only does Hanover owe coverage for the 2016 attorney's fees under the Settlement and Claim Release, but it also owes them because of a breach of that Settlement. Any other position Hanover takes is bad faith.

The Settlement expressly provides that Hanover will cover the attorney's fees from the 2016 Fulton Case, while Enclave would cover the fees from the 2019 Fulton Case. If I understand our prior email exchanges, Hanover is reneging coverage for the attorney's fees awarded from the 2016 Fulton Case merely because they were included in an order with the style of the 2019 Fulton Case. But the motions supporting the Order, and the Order, are clear that it is awarding substantial attorney's fees stemming solely from the 2016 Fulton Case.

A key consideration for the Settlement was Hanover getting the assignment of the rights to recover the 2016 Fulton attorney's fees incurred by Enclave. Let me elaborate. At the time of negotiating the Settlement, the party entitled to recover attorney's fees from the 2016 Fulton Case was undecided. Hanover believed that Enclave was entitled to recover all its fees incurred in the 2016 Fulton Case, while GAP believed it was entitled to such. Hence, there were pending cross motions for attorney's fees. The Settlement assigned to Hanover, Enclave's rights to the recovery of attorney's fees incurred in the 2016 Fulton Case. In other words, whatever attorney's fees related to the 2016 Fulton Case were now Hanover's, for the good or bad of it.

Ms. O'Neill and Graziani
The Hanover Insurance Group
Enclave at River Walk
November 14, 2022
Page 2 of 5

I recognize that our email exchanges occurred prior to the issuance of the Appellate Evaluation from outside counsel. That Appellate Evaluation also recognized that the attorney's fees Order in the 2019 Fulton Case encompassed attorney's fees from the 2016 Fulton Case. It states: "GAP filed a motion for attorney's fees under § 12.1 of the original Declaration, seeking fees incurred in both the 2019 and the 2016 Fulton County cases." The Evaluation continues and states that no Georgia case law has permitted the recovery award of attorney's fees from a prior case in a later renewal action. It states: "Courts have repeatedly held that a renewal action is not a continuation of the original case." Hence, interpreting the Settlement that Enclave would be responsible for the 2016 attorney's fees merely because they were awarded in an order with the style of the 2019 Fulton Case, was contrary to the established law at the time the Settlement was drafted, and is currently contrary to established law.

Ms. Eason, the Hanover assigned insurance defense counsel, also must've interpreted the Settlement as Enclave does. Not once after the February Settlement, did she communicate with Enclave. She never sent Enclave a copy of GAP's motions for attorney's fees. She never sent Enclave a copy of notice of hearing or advised Enclave of the hearing date to attend. If Ms. Eason thought Enclave had exposure, she had an obligation to send those pleadings to Enclave. But she did not because her interpretation of the Settlement had to of been that Hanover was the client on the attorney's fees related to the 2016 Fulton Case.[1]

Also consistent with Enclave's interpretation of the Settlement is Ms. Eason's first initiated email to Enclaves after the Settlement announcing the court's decision from the hearing, we had no knowledge of. Her email that transmitted the 2016 Fulton Order was prior to the Court's release of the 2019 Fulton Order. Her email stated: "Not the result I was expecting, but certainly better than the hundreds of thousands of dollars that [GAP] was seeking in fees." In other words, Ms. Eason recognized that the hundreds of thousands of dollars of fees GAP was later awarded were for the 2016 Fulton Case.

Your interpretation of the Settlement also flies in the face of common sense. The attorney's fees GAP incurred defending the 2016 Hanover-assigned attorney's fee motion ($51,807.56), were also included in the 2019 Order. In other words, you are now contending that Enclave must pay the attorney's fees GAP spent defending Hanover's motion for attorney's fees in the 2016 Fulton Case. Clearly a nonsensical position.

---

[1] I'll be curious to learn if Ms. Eason was sending these pleading to you. I know somehow appellate counsel obtained the hearing transcript, which also was never sent to Enclave. I had to get a copy of the hearing transcript from appellate counsel.

Ms. O'Neill and Graziani
The Hanover Insurance Group
Enclave at River Walk
November 14, 2022
Page 3 of 5

At best, Hanover will be able to argue that the Settlement is ambiguous. In which case the Court will look to parol evidence, which completely favors Enclave. Moreover, as a basic rule, Courts will interpret insurance coverage broadly, and exclusions narrowly, which also completely favors Enclave.

Hanover also breached the Settlement. Under the Settlement Hanover had a duty to defend Enclave in the litigation. Surprisingly, Hanover continued with the same attorney that caused issues with the Cobb case resulting in the substantive issue being *res judicata*. During the Settlement negotiations you stated that you would either switch counsel or have a second counsel watch after her.[2] You did neither. It appears you didn't even admonish her.

Ms. Eason's substandard representation continued, and she violated her duty of care to Enclave. As stated above, she never once initiated a communication to Enclave until after the Court Orders. She never sent Enclave a copy of GAP's motions for attorney's fees. She never sent Enclave a copy of notice of hearing or advised Enclave of the hearing date so it could attend or provide input. Even after the Orders, she never forwarded the hearing transcript to Enclave. Curiously, Hanover had these documents. So, she must've been communicating with you, but not Enclave.

Ms. Eason was utterly unprepared for the attorney fee hearing. She apparently never researched the issue of whether GAP could recover its 2016 attorney's fees in the 2019 Case. She did not include in her briefing what the Appellate Evaluation stated: "We have found no Georgia cases addressing whether attorney's fees awarded under a contract in a renewal action can include fees incurred in the original case. Courts have repeatedly held that a renewal action is not a continuation of the original case." Critical however, is the fact that Ms. Eason didn't even preserve this issue for appeal: "the argument that fees from the 2016 case could not be included because the 2019 renewal action was not a continuation of the 2016 case was not raised in the trial court." *Appellate Evaluation*. Now that defense is gone forever. All because of Hanover's failure to properly defend Enclave's position.

---

[2] You also stated that you or Ms. Eason would keep Enclave's general counsel fully informed of the progress of the two Fulton cases. That did not happen. Even after the Orders I have had to get my information from other means than from Hanover or Ms. Eason (i.e.; the hearing transcript).

Ms. O'Neill and Graziani
The Hanover Insurance Group
Enclave at River Walk
November 14, 2022
Page 4 of 5

Ms. Eason was also not prepared to argue the attorney fee entries. She couldn't respond to the Court's inquiry about the amount of fees Lipshutz incurred in the 2016 Case versus the 2019 Case. She did not even challenge a single time entry as being unreasonable, unnecessary, or not reasonably calculated to advance the litigation. Despite GAP having lost miserably in the 2016 Case, the Court went on and awarded GAP all, or nearly all, its attorney's fees incurred in the 2016 Case. This was all because Ms. Eason was not properly prepared to tell the Court which fee entries and amounts were unreasonable in the 2016 Case. And this was in the face of the Court's direct inquiry to Ms. Eason to do such. *Transcript*, Pg. 118, lines 8 – 19.

Ultimately the Court also recognized Ms. Eason's ineptitude as it personally sanctioned Ms. Eason for her legal position she asserted at the hearing. Such sanctions against an attorney are only permitted when the attorney takes a position completely contrary to the law and the facts of the case.

On yet another note, Hanover's interpretation of the Settlement created a conflict for Hanover, which it nor its assigned insurance defense counsel raised with Enclave. By seeking for Hanover, its recovery of the 2016 attorney's fees incurred, it was putting Enclave at risk and exposure to substantial expenses. GAP's defense fees incurred in defending Hanover's prosecuting of the 2016 attorney's fees, were, under Hanover's interpretation of the Settlement, awardable against Enclave in the 2019 Case. And indeed, that is exactly what Hanover let happen. While seeking to increase its profits through the recovery of attorney's fees expended, Hanover did so at the expense of its insured.

The Court also recognized Hanover's frivolous position it was taking with respect to attempting to recapture its 2016 attorney's fees expenditure. It was so frivolous, it sanctioned Hanover over $50,000 in the 2016 Order.

The bottom line is that Enclave purchased insurance from Hanover and is entitled to the financial and legal protection for which it has paid. But apparently, Hanover's pressure to increase corporate profits resulted in Hanover providing Enclave with substandard defense counsel and a twisted interpretation of the Settlement clearly contrary to the intent of the parties. Simply put, Hanover is making a conscious decision to place its profitability ahead of its obligation to protect its insured.

Inherent in every insurance contract between the insured and the insurer, which includes the Settlement, is an inferred obligation to act in good faith. Georgia courts have defined the relationship between insurance companies and their policyholders as

Ms. O'Neill and Graziani
The Hanover Insurance Group
Enclave at River Walk
November 14, 2022
Page 5 of 5

"fiduciary." This fiduciary relationship requires that each of the parties engage in trust and good faith. This requires Hanover to acknowledge its obligations for the 2016 attorney's fees, including those incurred by GAP defending Hanover's frivolous motion for attorney's fees in the 2016 Fulton Case. Because time is of the essence,[3] we require a response within 10 days.

Sincerely,

Marvin P. Pastel

cc:     Enclave at River Walk
        Hanover, Certified Mail

---

[3] GAP's ability to insist upon an appellate bond or its resulting ability to garnish Enclave's checking account.

Fulton County Superior Court
***EFILED***LW
Date: 12/7/2022 2:11 PM
Cathelene Robinson, Clerk

**General Civil and Domestic Relations Case Filing Information Form**

☒ Superior or ☐ State Court of Fulton_____ County

| For Clerk Use Only | | |
|---|---|---|
| Date Filed ____12/7/2022____ | Case Number | 2022CV373627 |
| **MM-DD-YYYY** | | |

**Plaintiff(s)**

Enclave at      Riverwalk      Townhome Association, Inc.

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Defendant(s)**

The Hanover   Insurance      Company

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Plaintiff's Attorney** Marvin Pastel_____   **State Bar Number** 142088_____   **Self-Represented** ☐

**Check one case type and one sub-type in the same box (if a sub-type applies):**

**General Civil Cases**
- ☐ **Automobile Tort**
- ☐ **Civil Appeal**
- ☐ **Contempt/Modification/Other Post-Judgment**
- ☑ **Contract**
- ☐ **Garnishment**
- ☐ **General Tort**
- ☐ **Habeas Corpus**
- ☐ **Injunction/Mandamus/Other Writ**
- ☐ **Landlord/Tenant**
- ☐ **Medical Malpractice Tort**
- ☐ **Product Liability Tort**
- ☐ **Real Property**
- ☐ **Restraining Petition**
- ☐ **Other General Civil**

**Domestic Relations Cases**
- ☐ **Adoption**
- ☐ **Contempt**
  - ☐ **Non-payment of child support, medical support, or alimony**
- ☐ **Dissolution/Divorce/Separate Maintenance/Alimony**
- ☐ **Family Violence Petition**
- ☐ **Modification**
  - ☐ **Custody/Parenting Time/Visitation**
- ☐ **Paternity/Legitimation**
- ☐ **Support – IV-D**
- ☐ **Support – Private (non-IV-D)**
- ☐ **Other Domestic Relations**

☑ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

2016CV281716_____      2019CV319799_____
**Case Number**               **Case Number**

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

Fulton County Superior Court
***EFILED***LW
Date: 12/7/2022 2:11 PM
Cathelene Robinson, Clerk

**General Civil and Domestic Relations Case Filing Information Form**

☒ **Superior** or ☐ **State Court of** Fulton _____ **County**

| For Clerk Use Only | |
|---|---|
| **Date Filed** 12/7/2022 _____ <br> **MM-DD-YYYY** | **Case Number** 2022CV373627 _____ |

**Plaintiff(s)**

Enclave at    Riverwalk    Townhome  Association,  Inc.

| **Last** | **First** | **Middle I.** | **Suffix** | **Prefix** |
|---|---|---|---|---|
| **Last** | **First** | **Middle I.** | **Suffix** | **Prefix** |
| **Last** | **First** | **Middle I.** | **Suffix** | **Prefix** |
| **Last** | **First** | **Middle I.** | **Suffix** | **Prefix** |

**Defendant(s)**

The Hanover  Insurance   Company

| **Last** | **First** | **Middle I.** | **Suffix** | **Prefix** |
|---|---|---|---|---|
| **Last** | **First** | **Middle I.** | **Suffix** | **Prefix** |
| **Last** | **First** | **Middle I.** | **Suffix** | **Prefix** |
| **Last** | **First** | **Middle I.** | **Suffix** | **Prefix** |

**Plaintiff's Attorney** Marvin Pastel _____    **State Bar Number** 142088 _____    **Self-Represented** ☐

**Check one case type and one sub-type in the same box (if a sub-type applies):**

**General Civil Cases**

- ☐ **Automobile Tort**
- ☐ **Civil Appeal**
- ☐ **Contempt/Modification/Other Post-Judgment**
- ☑ **Contract**
- ☐ **Garnishment**
- ☐ **General Tort**
- ☐ **Habeas Corpus**
- ☐ **Injunction/Mandamus/Other Writ**
- ☐ **Landlord/Tenant**
- ☐ **Medical Malpractice Tort**
- ☐ **Product Liability Tort**
- ☐ **Real Property**
- ☐ **Restraining Petition**
- ☐ **Other General Civil**

**Domestic Relations Cases**

- ☐ **Adoption**
- ☐ **Contempt**
  - ☐ **Non-payment of child support, medical support, or alimony**
- ☐ **Dissolution/Divorce/Separate Maintenance/Alimony**
- ☐ **Family Violence Petition**
- ☐ **Modification**
  - ☐ **Custody/Parenting Time/Visitation**
- ☐ **Paternity/Legitimation**
- ☐ **Support – IV-D**
- ☐ **Support – Private (non-IV-D)**
- ☐ **Other Domestic Relations**

☑ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

2016CV281716 _____    2019CV319799 _____
**Case Number**                  **Case Number**

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

Fulton County Superior Court
***EFILED***LW
Date: 12/7/2022 2:11 PM
Cathelene Robinson, Clerk

# IN THE SUPERIOR COURT OF FULTON COUNTY, GEORGIA
### 136 PRYOR STREET, ROOM C-103, ATLANTA, GEORGIA 30303
## SUMMONS

| | | |
|---|---|---|
| Enclave at Riverwalk | ) Case | 2022CV373627 |
| | ) No.: | |
| Townhome Association, Inc. | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | |
| The Hanover Insurance Company | ) | |
| | ) | |
| **Defendant** | ) | |
| | ) | |
| | ) | |

TO THE ABOVE NAMED DEFENDANT(S):

You are hereby summoned and required to file electronically with the Clerk of said Court at https://efilega.tylerhost.net/ofsweb (unless you are exempt from filing electronically) and serve upon plaintiff's attorney, whose name and address is:

Marvin Pastel, Esq.
Winter Capriola Zenner, LLC
3490 Piedmont Road, NE, Suite 800
Atlanta, GA 30305

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service; unless proof of service of this complaint is not filed within five (5) business days of such service. Then time to answer shall not commence until such proof of service has been filed. **IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

This_____12/7/2022_____day of_____, 20_____

Honorable Cathelene "Tina" Robinson
Clerk of Superior Court
By_____
Deputy Clerk

To defendant upon whom this petition is served:
This copy of complaint and summons was served upon you _____, 20_____

Deputy Sheriff

**Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum is used**

Fulton County Superior Court
***EFILED***LW
Date: 12/7/2022 2:11 PM
Cathelene Robinson, Clerk

## IN THE SUPERIOR COURT OF FULTON COUNTY, GEORGIA
### 136 PRYOR STREET, ROOM C-103, ATLANTA, GEORGIA 30303
### SUMMONS

| | |
|---|---|
| Enclave at Riverwalk | ) Case<br>) No.:       2022CV373627 |
| Townhome Association, Inc. | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | ) |
| The Hanover Insurance Company | ) |
| | ) |
| **Defendant** | ) |

TO THE ABOVE NAMED DEFENDANT(S):

You are hereby summoned and required to file electronically with the Clerk of said Court at
https://efilega.tylerhost.net/ofsweb (unless you are exempt from filing electronically) and serve upon
plaintiff's attorney, whose name and address is:

Marvin Pastel, Esq.
Winter Capriola Zenner, LLC
3490 Piedmont Road, NE, Suite 800
Atlanta, GA 30305

An answer to the complaint which is herewith served upon you, within 30 days after service of this
summons upon you, exclusive of the day of service; unless proof of service of this complaint is not filed
within five (5) business days of such service. Then time to answer shall not commence until such proof of
service has been filed. **IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT WILL BE TAKEN
AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

This _____12/7/2022_____day of_____, 20 _____

Honorable Cathelene "Tina" Robinson
Clerk of Superior Court
By_____
Deputy Clerk

To defendant upon whom this petition is served:
This copy of complaint and summons was served upon you   _____, 20_____

Deputy Sheriff

**Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum is used**

Fulton County Superior Court
***EFILED***LW
Date: 12/7/2022 2:11 PM
Cathelene Robinson, Clerk

## IN THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA

ENCLAVE AT RIVERWALK
TOWNHOME ASSOCIATION, INC.,

     Plaintiff,

v.

THE HANOVER INSURANCE COMPANY,

     Defendant.

_____/

CASE NO.:    **2022CV373627**

## VERIFIED COMPLAINT FOR BREACH OF CONTRACT, DECLARATORY
## JUDGMENT AND REFORMATION

Plaintiff, Enclave at Riverwalk Townhome Association, Inc. (the "Association") sues

Defendant, The Hanover Insurance Company ("Hanover"), and states:

1.    This action is related to two other actions pending before Judge Dempsey, Jr.,

both styled Georgia Appreciation Property, Inc. v. Enclave at Riverwalk Townhome Association,

Inc., Fulton County Superior Court Case Nos. 2016CV281716 and 2019CV319799.

2.    This is an action for Breach of Contract, Declaratory Judgment, and Reformation.

3.    Plaintiff, Enclave at Riverwalk Townhome Association, Inc. is a non-profit,

incorporated Homeowners association responsible for the management and maintenance of the

Enclave at Riverwalk Townhome community.

4.    Defendant, The Hanover Insurance Company is a foreign corporation and is the

insurance carrier for the Plaintiff with respect to Directors & Officers and Entity Liability, and

can be served through its registered agent: CT Corporation System, 289 S. Culver Street,

Lawrenceville, GA 30046-4805.

5.    Hanover conducts business in Fulton County.

1

6.      All conditions precedent to bringing this claim alleged here have been satisfied, have occurred, or have been waived.

**Facts**

7.      In 2016 Georgia Appreciation Property, Inc. (GAP) sued the Association in Fulton Superior Court Case No. 2016CV281716 challenging an amendment to the Association's governing documents restricting leasing (2016 Fulton Case).

8.      Hanover accepted coverage and pursuant to the insurance policy assigned insurance defense counsel to defend the Association in the 2016 Fulton Case. The Association retained its own counsel to pursue a counterclaim for GAP's breach of the leasing amendment.

9.      The 2016 Fulton Case was heavily litigated, and ultimately, the case was dismissed without prejudice against GAP in December of 2018.

10.      The Association's insurance defense counsel then filed a motion for attorney's fees against GAP under the contract between GAP and the Association and under O.C.G.A. § 9-15-14. The motion for attorney fees sought recovery for both the insurance defense counsel and the Association's attorney prosecuting the counterclaim.

11.      GAP responded against the motion claiming the insurance defense counsel's motion was frivolous under O.C.G.A. § 9-15-14.

12.      GAP thereafter filed a second Fulton Superior Court Case No. 2019CV319799 lawsuit against the Association alleging once again that the leasing restriction amendment was invalid (2019 Fulton Case).

13.      Hanover assigned the same insurance defense counsel.

14.      The 2019 Fulton Case was not litigated. Rather, after the filing of a motion to dismiss it was stayed, pending the 2019 Cobb Case.

2

15.     In 2019, the Association filed a lawsuit in Cobb Superior Court Case No. 91-1-
02758-49 against GAP for violation of the leasing amendment. GAP filed a counterclaim
asserting the amendment was invalid. This case was litigated to fruition.

16.     The 2019 Cobb Case adjudicated that the amendment was invalid and awarded
GAP $240,600 for attorney's fees related to just the Cobb case.

17.     The insurance defense counsel then failed to timely perfect an appeal, and the
2019 Cobb Case became final.

18.     Hanover, however, refused to indemnify the Association for the Cobb attorney fee
judgment.

19.     The Association contested Hanover's refusal to indemnify. Ultimately, the
Association and Hanover entered into a Settlement Agreement and Claim Release (Agreement)
wherein:

    a.   Hanover agreed to indemnify the Association for the 2019 Cobb judgment;

    b.   The Association agreed to assign to Hanover its portion of the claim for attorney
        fee's in the 2016 Fulton Case that the Association paid directly to its counsel to
        litigate the validity of the amendment in that case;

    c.   Hanover, for itself, retained the right to seek recovery of its attorney's fees and
        those of the Association that were assigned to it, in the 2016 Fulton Case;

    d.   Hanover agreed to indemnify the Association for any adverse award of attorney
        fees stemming from the 2016 Fulton Case;

    e.   Hanover agreed to provide insurance counsel to close out the 2019 Fulton Case.

    f.   The Association released both Hanover and the insurance defense counsel for past
        wrongful acts.

20.    The Agreement contains a confidentiality provision and will be filed with the court under seal pursuant to a Court Order.

21.    The Agreement was signed on February 24, 2022. At that time, no motion for attorney's fees were pending in the 2019 Fulton Case.

22.    The Association heard no more substantively from its insurance defense counsel, until October 6, 2022, when it received several emails from her. The first email transmitted the Order awarding GAP $51,807.56 in legal fees against the Association under O.C.G.A. § 9-15-14 in the 2016 Fulton Case. It was a scathing opinion of the insurance defense counsel and ordered insurance defense counsel to pay 25% of the award. Despite this sanction, the insurance defense counsel was pleased with the award because as she stated: "Not the result I was expecting, but certainly better than the hundreds of thousands of dollars that [GAP] was seeking in fees." Those hundreds of thousands of dollars she is referring to, were the legal fees GAP incurred during the pendency of the 2016 Fulton Case and prior to the filing of the 2019 Fulton Case.

23.    But later that day, insurance defense counsel sent a second email that simply included a second court order, this time from the 2019 Fulton Case awarding GAP $347,056.81 in legal fees. The Order clearly stated that (a) the bulk of the attorney's fees being awarded stemmed from the 2016 Fulton Case and (b) there would be no setoff for the $51,807.56 awarded above in the 2016 Fulton Case because those were for sanctions. In other words, the 2019 Order was awarding fees from the 2016 Fulton Case, which included the hearing on the cross motions for attorney's fees under O.C.G.A. § 9-15-14.

24.    Both the 2016 and 2019 Fulton attorney fee Orders, the transcript from the hearing, and an independent legal appellate review, make clear that insurance defense counsel was unprepared for the hearing.

4

25.     Despite demand, see attached Exhibit 1, Hanover is refusing to pay any portion of the 2019 Fulton Case attorney fee Order, even though it consists mostly of attorney's fees stemming solely from the 2016 Fulton County Case.

26.     At the time of signing the Agreement and presently, the law does not provide for the recovery of legal fees from the 2016 Fulton Case in the 2019 Fulton Case. *See SunTrust Bank v. Lilliston*, 302 Ga. 840, 843 (2018)("Its well settled that the 'recommenced" case envisioned by that statute is an action *de novo*, and is 'not a continuance of the original action,'")(internal citation omitted).

### Count I - Breach of Contract

27.     The Association incorporates paragraphs 1 – 26 above.

28.     Hanover's refusal to indemnify the Association for the legal fees stemming solely from the 2016 Fulton Case prior to the filing of the 2019 Fulton Case is a breach of the Agreement.

29.     Hanover's refusal to indemnify the Association for legal fees stemming solely from GAP defending the motion for sanctions in the 2016 is a breach of the Agreement.

30.     Hanover's providing of legal counsel that fell below the standard of care expected of legal counsel in industry was a breach of the Agreement.

### Count 2 – Declaratory Judgment

31.     The Association incorporates paragraphs 1 – 30 above.

32.     This is a claim for declaratory judgment and the court has jurisdiction under O.C.G.A. § 9-4-2.

33.     There exists between the Association and Hanover a justiciable controversy regarding the terms, obligations, and duties under the Agreement.

34.     The Association and Hanover's interests as to the Agreement are adverse.

35.     The Association has a legal interest in the controversy regarding the Agreement.

36.     The controversy regarding the Agreement is ripe for judicial determination as the Association has demanded payment and the Hanover has refused payment.

### Count 3 – Reformation

37.     The Association incorporates paragraphs 1 – 36 above.

38.     This is an action for reformation of the Agreement pursuant to O.C.G.A. § 23-2-20, *et. seq.* and pled in the alternative.

39.     The Agreement fails to express accurately the intention of the parties and the Agreement does not fully express the real agreement of the parties.

40.     The intention of the parties was to assign all rights, privileges, and obligations stemming from the 2016 Fulton Case to Hanover.

41.     Hanover has not been prejudiced. At all times, under information and belief, it was kept appraise of the actions taken by insurance defense counsel from the signing of the Agreement until present.

42.     At the time of signing the Agreement and presently, the law does not provide for the recovery of legal fees from the 2016 Fulton Case in the 2019 Fulton Case. *See SunTrust Bank v. Lilliston*, 302 Ga. 840, 843 (2018)("Its well settled that the 'recommenced" case envisioned by that statute is an action *de novo*, and is 'not a continuance of the original action,'")(internal citation omitted).

43.     Hanover's position that because the 2016 Fulton legal fees were awarded in an order containing the 2019 Fulton Case style it does not owe indemnity to the Association, is contrary to the intentions of the parties.

44.     Permitting Hanover to avoid indemnifying the Association for the 2016 Fulton legal fees awarded in an order containing the 2019 Fulton Case style would operate a gross injustice to the Association and give an unconscionable advantage to Hanover.

WHEREFORE the Association seeks damages for breach of contract, a declaratory judgment as the terms, obligations, and duties under the Agreement, or reformation of the Agreement to reflect the intentions of the parties, and for any other relief this Court deems just and proper.

Respectfully submitted this 7th day of December, 2022.

**WINTER CAPRIOLA ZENNER, LLC**

*/s/ Marvin P. Pastel*
Marvin P. Pastel, Esq.
Georgia Bar No.: 142088
One Securities Centre
3490 Piedmont Road NE, Suite 800
Atlanta, GA 30305
mpastel@wczlaw.com
*Counsel for Enclave at Riverwalk*

7

## IN THE SUPERIOR COURT OF FULTON COUNTY, GEORGIA

ENCLAVE AT RIVERWALK
TOWNHOME ASSOCIATION, INC.

        CASE NO.:

Plaintiff,

v.

THE HANOVER INSURANCE COMPANY,

Defendant.

_____/

### VERIFICATION

Kenneth Lester personally appeared before the undersigned attesting officer, who after being first duly sworn stated under oath that the facts set forth in the foregoing *Verified Complaint for Breach of Contract, Declaratory Judgment, and Reformation* are true and correct to the best of his/her personal knowledge and information.

This 7th day of December, 2022.

Printed: Kenneth Lester
Title: President
Enclave at Riverwalk Townhome Association, Inc.

Sworn to and subscribed before me
this 7th day of December, 2022.

Notary Public

My Commission Expires: _____

BEVERLY ACKLES
NOTARY
EXPIRES
GEORGIA
November 9, 2025
PUBLIC
COBB COUNTY

# Exhibit 1

Marvin P. Pastel, Esq.
dir tel 404.844.5641
mpastel@wczlaw.com

WINTER CAPRIOLA ZENNER
attorneys at law

Winter Capriola Zenner, LLC
One Securities Centre
3490 Piedmont Road NE
Suite 800
Atlanta, Georgia 30305
**tel** 404.844.5700
**fax** 404.844.5701
wczlaw.net

November 14, 2022

koneill@hanover.com
cgraziani@hanover.com
Ms. Kristen O'Neill
Ms. Carrie Graziani
The Hanover Insurance Group
333 W. Pierce Road, Suite 300
Italsca, Il 60143

**Re: Enclave at River Walk Townhome Association**
**Demand for coverage Attorney's Fees related to 2016 Case**

Dear Ms. O'Neill and Ms. Graziani:

Please consider this Enclave at River Walk's formal claim for coverage of the attorney's fees related to the 2016 Fulton County Case. Not only does Hanover owe coverage for the 2016 attorney's fees under the Settlement and Claim Release, but it also owes them because of a breach of that Settlement. Any other position Hanover takes is bad faith.

The Settlement expressly provides that Hanover will cover the attorney's fees from the 2016 Fulton Case, while Enclave would cover the fees from the 2019 Fulton Case. If I understand our prior email exchanges, Hanover is reneging coverage for the attorney's fees awarded from the 2016 Fulton Case merely because they were included in an order with the style of the 2019 Fulton Case. But the motions supporting the Order, and the Order, are clear that it is awarding substantial attorney's fees stemming solely from the 2016 Fulton Case.

A key consideration for the Settlement was Hanover getting the assignment of the rights to recover the 2016 Fulton attorney's fees incurred by Enclave. Let me elaborate. At the time of negotiating the Settlement, the party entitled to recover attorney's fees from the 2016 Fulton Case was undecided. Hanover believed that Enclave was entitled to recover all its fees incurred in the 2016 Fulton Case, while GAP believed it was entitled to such. Hence, there were pending cross motions for attorney's fees. The Settlement assigned to Hanover, Enclave's rights to the recovery of attorney's fees incurred in the 2016 Fulton Case. In other words, whatever attorney's fees related to the 2016 Fulton Case were now Hanover's, for the good or bad of it.

Ms. O'Neill and Graziani
The Hanover Insurance Group
Enclave at River Walk
November 14, 2022
Page 2 of 5

I recognize that our email exchanges occurred prior to the issuance of the Appellate
Evaluation from outside counsel. That Appellate Evaluation also recognized that the
attorney's fees Order in the 2019 Fulton Case encompassed attorney's fees from the 2016
Fulton Case. It states: "GAP filed a motion for attorney's fees under § 12.1 of the original
Declaration, seeking fees incurred in both the 2019 and the 2016 Fulton County cases." The
Evaluation continues and states that no Georgia case law has permitted the recovery award
of attorney's fees from a prior case in a later renewal action. It states: "Courts have
repeatedly held that a renewal action is not a continuation of the original case." Hence, interpreting
the Settlement that Enclave would be responsible for the 2016 attorney's fees merely because they
were awarded in an order with the style of the 2019 Fulton Case, was contrary to the established
law at the time the Settlement was drafted, and is currently contrary to established law.

Ms. Eason, the Hanover assigned insurance defense counsel, also must've
interpreted the Settlement as Enclave does. Not once after the February Settlement, did
she communicate with Enclave. She never sent Enclave a copy of GAP's motions for
attorney's fees. She never sent Enclave a copy of notice of hearing or advised Enclave of the
hearing date to attend. If Ms. Eason thought Enclave had exposure, she had an obligation to
send those pleadings to Enclave. But she did not because her interpretation of the
Settlement had to of been that Hanover was the client on the attorney's fees related to the
2016 Fulton Case.[1]

Also consistent with Enclave's interpretation of the Settlement is Ms. Eason's first
initiated email to Enclaves after the Settlement announcing the court's decision from the
hearing, we had no knowledge of. Her email that transmitted the 2016 Fulton Order was
prior to the Court's release of the 2019 Fulton Order. Her email stated: "Not the result I was
expecting, but certainly better than the hundreds of thousands of dollars that [GAP] was
seeking in fees." In other words, Ms. Eason recognized that the hundreds of thousands of
dollars of fees GAP was later awarded were for the 2016 Fulton Case.

Your interpretation of the Settlement also flies in the face of common sense. The
attorney's fees GAP incurred defending the 2016 Hanover-assigned attorney's fee motion
($51,807.56), were also included in the 2019 Order. In other words, you are now
contending that Enclave must pay the attorney's fees GAP spent defending Hanover's
motion for attorney's fees in the 2016 Fulton Case. Clearly a nonsensical position.

---

[1] I'll be curious to learn if Ms. Eason was sending these pleading to you. I know somehow
appellate counsel obtained the hearing transcript, which also was never sent to Enclave. I
had to get a copy of the hearing transcript from appellate counsel.

Ms. O'Neill and Graziani
The Hanover Insurance Group
Enclave at River Walk
November 14, 2022
Page 3 of 5

At best, Hanover will be able to argue that the Settlement is ambiguous. In which case the Court will look to parol evidence, which completely favors Enclave. Moreover, as a basic rule, Courts will interpret insurance coverage broadly, and exclusions narrowly, which also completely favors Enclave.

Hanover also breached the Settlement. Under the Settlement Hanover had a duty to defend Enclave in the litigation. Surprisingly, Hanover continued with the same attorney that caused issues with the Cobb case resulting in the substantive issue being *res judicata*. During the Settlement negotiations you stated that you would either switch counsel or have a second counsel watch after her.[2] You did neither. It appears you didn't even admonish her.

Ms. Eason's substandard representation continued, and she violated her duty of care to Enclave. As stated above, she never once initiated a communication to Enclave until after the Court Orders. She never sent Enclave a copy of GAP's motions for attorney's fees. She never sent Enclave a copy of notice of hearing or advised Enclave of the hearing date so it could attend or provide input. Even after the Orders, she never forwarded the hearing transcript to Enclave. Curiously, Hanover had these documents. So, she must've been communicating with you, but not Enclave.

Ms. Eason was utterly unprepared for the attorney fee hearing. She apparently never researched the issue of whether GAP could recover its 2016 attorney's fees in the 2019 Case. She did not include in her briefing what the Appellate Evaluation stated: "We have found no Georgia cases addressing whether attorney's fees awarded under a contract in a renewal action can include fees incurred in the original case. Courts have repeatedly held that a renewal action is not a continuation of the original case." Critical however, is the fact that Ms. Eason didn't even preserve this issue for appeal: "the argument that fees from the 2016 case could not be included because the 2019 renewal action was not a continuation of the 2016 case was not raised in the trial court." *Appellate Evaluation.* Now that defense is gone forever. All because of Hanover's failure to properly defend Enclave's position.

_____

[2] You also stated that you or Ms. Eason would keep Enclave's general counsel fully informed of the progress of the two Fulton cases. That did not happen. Even after the Orders I have had to get my information from other means than from Hanover or Ms. Eason (i.e.; the hearing transcript).

Ms. O'Neill and Graziani
The Hanover Insurance Group
Enclave at River Walk
November 14, 2022
Page 4 of 5

Ms. Eason was also not prepared to argue the attorney fee entries. She couldn't respond to the Court's inquiry about the amount of fees Lipshutz incurred in the 2016 Case versus the 2019 Case. She did not even challenge a single time entry as being unreasonable, unnecessary, or not reasonably calculated to advance the litigation. Despite GAP having lost miserably in the 2016 Case, the Court went on and awarded GAP all, or nearly all, its attorney's fees incurred in the 2016 Case. This was all because Ms. Eason was not properly prepared to tell the Court which fee entries and amounts were unreasonable in the 2016 Case. And this was in the face of the Court's direct inquiry to Ms. Eason to do such. *Transcript*, Pg. 118, lines 8 – 19.

Ultimately the Court also recognized Ms. Eason's ineptitude as it personally sanctioned Ms. Eason for her legal position she asserted at the hearing. Such sanctions against an attorney are only permitted when the attorney takes a position completely contrary to the law and the facts of the case.

On yet another note, Hanover's interpretation of the Settlement created a conflict for Hanover, which it nor its assigned insurance defense counsel raised with Enclave. By seeking for Hanover, its recovery of the 2016 attorney's fees incurred, it was putting Enclave at risk and exposure to substantial expenses. GAP's defense fees incurred in defending Hanover's prosecuting of the 2016 attorney's fees, were, under Hanover's interpretation of the Settlement, awardable against Enclave in the 2019 Case. And indeed, that is exactly what Hanover let happen. While seeking to increase its profits through the recovery of attorney's fees expended, Hanover did so at the expense of its insured.

The Court also recognized Hanover's frivolous position it was taking with respect to attempting to recapture its 2016 attorney's fees expenditure. It was so frivolous, it sanctioned Hanover over $50,000 in the 2016 Order.

The bottom line is that Enclave purchased insurance from Hanover and is entitled to the financial and legal protection for which it has paid. But apparently, Hanover's pressure to increase corporate profits resulted in Hanover providing Enclave with substandard defense counsel and a twisted interpretation of the Settlement clearly contrary to the intent of the parties. Simply put, Hanover is making a conscious decision to place its profitability ahead of its obligation to protect its insured.

Inherent in every insurance contract between the insured and the insurer, which includes the Settlement, is an inferred obligation to act in good faith. Georgia courts have defined the relationship between insurance companies and their policyholders as

Ms. O'Neill and Graziani
The Hanover Insurance Group
Enclave at River Walk
November 14, 2022
Page 5 of 5

"fiduciary." This fiduciary relationship requires that each of the parties engage in trust and good faith. This requires Hanover to acknowledge its obligations for the 2016 attorney's fees, including those incurred by GAP defending Hanover's frivolous motion for attorney's fees in the 2016 Fulton Case. Because time is of the essence,[3] we require a response within 10 days.

Sincerely,

Marvin P. Pastel

cc:     Enclave at River Walk
        Hanover, Certified Mail

---

[3] GAP's ability to insist upon an appellate bond or its resulting ability to garnish Enclave's checking account.