# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ENCLAVE AT RIVERWALK TOWNHOME ASSOCIATION, INC. ) ) ) Plaintiff, ) ) ) v. ) ) THE HANOVER INSURANCE ) COMPANY, ) ) Defendant. ) | Civil Action No. |

## THE HANOVER INSURANCE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S VERIFIED COMPLAINT

Defendant The Hanover Insurance Company ("Hanover") answers Plaintiff's Verified Complaint for Breach of Contract, Declaratory Judgment and Reformation, as follows:

1. This action is related to two other actions pending before Judge Dempsey, Jr., both styled Georgia Appreciation Property, Inc. v. Enclave at Riverwalk Townhome Association, Inc., Fulton County Superior Court Case Nos. 2016CV281716 and 2019CV319799.

**ANSWER**: Hanover admits that this action concerns attorneys' fee awards entered in Fulton County Superior Court Case Nos. 2016CV281716 and 2019CV319799.  Hanover denies the remaining allegations in paragraph 1.

2. This is an action for Breach of Contract, Declaratory Judgment, and Reformation.

**ANSWER**: Hanover admits that Plaintiff's Verified Complaint purports to assert causes of action for breach of contract, declaratory judgment, and reformation but denies that Plaintiff is entitled to any relief.

3. Plaintiff, Enclave at Riverwalk Townhome Association, Inc. is a non-profit, incorporated Homeowners association responsible for the management and maintenance of the Enclave at Riverwalk Townhome community.

**ANSWER**: Hanover admits the allegations in paragraph 3.

4. Defendant, The Hanover Insurance Company is a foreign corporation and is the insurance carrier for the Plaintiff with respect to Directors & Officers and Entity Liability, and can be served through its registered agent: CT Corporation System, 289 S. Culver Street, Lawrenceville, GA 30046-4805.

**ANSWER**: Hanover admits that it is a corporation organized and existing under the laws of the State of New Hampshire, with its principal place of business in the State of Massachusetts, that it issued to Plaintiff Nonprofit Entity Advantage Policy No. LHA A966416 00 for the period of April 21, 2016 to April 21, 2017 (the "Policy"), and that it was served through its registered agent on December 13, 2022.

5. Hanover conducts business in Fulton County.

**ANSWER**: Hanover admits that it issued the Policy to Plaintiff. Hanover denies the remaining allegations in paragraph 4.

6. All conditions precedent to bringing this claim alleged here have been satisfied, have occurred, or have been waived.

**ANSWER**: Hanover denies the allegations in paragraph 6 as Hanover has fully and completely performed under the parties' settlement agreement and claim release and has been released from any further obligations to Plaintiff.  Therefore, any conditions precedent to a claim are not fulfilled.

### Facts

7. In 2016 Georgia Appreciation Property, Inc. (GAP) sued the Association in Fulton Superior Court Case No. 2016CV281716 challenging an amendment to the Association's governing documents restricting leasing (2016 Fulton Case).

**ANSWER**: Hanover admits the allegations in paragraph 7.

8. Hanover accepted coverage and pursuant to the insurance policy assigned insurance defense counsel to defend the Association in the 2016 Fulton Case. The Association retained its own counsel to pursue a counterclaim for GAP's breach of the leasing amendment.

**ANSWER**: Hanover admits that it provided Plaintiff with a defense to the 2016 Fulton Case subject to a reservation of rights, as set forth in Hanover's written correspondence.  Hanover admits that Plaintiff pursued its own affirmative claims against GAP in the 2016 Fulton Case, and that it did so through its own counsel and without Hanover's involvement or participation.  Hanover denies the remaining allegations in paragraph 8.

9. The 2016 Fulton Case was heavily litigated, and ultimately, the case was dismissed without prejudice against GAP in December of 2018.

**ANSWER**: Hanover admits that the 2016 Fulton Case was dismissed without prejudice in December of 2018. Hanover lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 9 and, as a result, denies the remaining allegations in paragraph 9.

10. The Association's insurance defense counsel then filed a motion for attorney's fees against GAP under the contract between GAP and the Association and under O.C.G.A. § 9-15-14. The motion for attorney fees sought recovery for both the insurance defense counsel and the Association's attorney prosecuting the counterclaim.

**ANSWER**: Hanover admits the allegations in paragraph 10.

11. GAP responded against the motion claiming the insurance defense counsel's motion was frivolous under O.C.G.A. § 9-15-14.

**ANSWER**: Hanover admits the allegations in paragraph 11.

12. GAP thereafter filed a second Fulton Superior Court Case No. 2019CV319799 lawsuit against the Association alleging once again that the leasing restriction amendment was invalid (2019 Fulton Case).

**ANSWER**: Hanover admits the allegations in paragraph 12.

13. Hanover assigned the same insurance defense counsel.

**ANSWER**: Hanover admits that it provided Plaintiff with a defense to the 2019 Fulton Case subject to a reservation of rights, as set forth in Hanover's written correspondence, and that it engaged defense counsel on Plaintiff's behalf.

14. The 2019 Fulton Case was not litigated. Rather, after the filing of a motion to dismiss it was stayed, pending the 2019 Cobb Case.

**ANSWER**: Hanover admits that the 2019 Fulton Case was stayed until the decision in the 2019 Cobb Case.  Hanover lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 14 and, as a result, denies the remaining allegations in paragraph 14.

15. In 2019, the Association filed a lawsuit in Cobb Superior Court Case No. 91-1-02758-49 against GAP for violation of the leasing amendment. GAP filed a counterclaim asserting the amendment was invalid. This case was litigated to fruition.

**ANSWER**: Hanover admits that Plaintiff filed the 2019 Cobb Case, and that Plaintiff did this without Hanover's involvement or participation.  That litigation resulted in a finding adverse to Plaintiff that the amendments preventing GAP's leasing of the properties were invalid, unenforceable, and void.  GAP filed a counterclaim against Plaintiff in the 2019 Cobb Case and Hanover provided Plaintiff with a defense to the 2019 Cobb Case subject to a reservation of rights, as set forth in Hanover's written correspondence.  Hanover lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 15 and, as a result, denies the remaining allegations in paragraph 15.

16. The 2019 Cobb Case adjudicated that the amendment was invalid and awarded GAP $240,600 for attorney's fees related to just the Cobb case.

**ANSWER**: Hanover admits the allegations in paragraph 16.

17. The insurance defense counsel then failed to timely perfect an appeal, and the 2019 Cobb Case became final.

**ANSWER**: Hanover admits that a notice of appeal was filed in the 2019 Cobb Case and that the appeal was withdrawn. Hanover refers to the filings and orders in the 2019 Cobb Case and denies the allegations in paragraph 17 to the extent they are inconsistent with the filings and orders in the 2019 Cobb Case.

18. Hanover, however, refused to indemnify the Association for the Cobb attorney fee judgment.

**ANSWER**: Hanover admits that the Policy does not afford coverage for the attorney fee judgment. Hanover refers to its written correspondence to Plaintiff and denies the allegations in paragraph 18 to the extent they are inconsistent with Hanover's written correspondence.

19. The Association contested Hanover's refusal to indemnify. Ultimately, the Association and Hanover entered into a Settlement Agreement and Claim Release (Agreement) wherein:

a. Hanover agreed to indemnify the Association for the 2019 Cobb judgment;
b. The Association agreed to assign to Hanover its portion of the claim for attorney fee's in the 2016 Fulton Case that the Association paid directly to its counsel to litigate the validity of the amendment in that case;
c. Hanover, for itself, retained the right to seek recovery of its attorney's fees and those of the Association that were assigned to it, in the 2016 Fulton Case;
d. Hanover agreed to indemnify the Association for any adverse award of attorney fees stemming from the 2016 Fulton Case;
e. Hanover agreed to provide insurance counsel to close out the 2019 Fulton Case.
f. The Association released both Hanover and the insurance defense counsel for past wrongful acts.

**ANSWER**:  Hanover admits that Plaintiff and Hanover entered into a written Settlement Agreement and Claim Release.  Hanover refers to the terms of the Agreement and denies the allegations in paragraph 18 to the extent they are inconsistent with the Agreement.

20.    The Agreement contains a confidentiality provision and will be filed with the court under seal pursuant to a Court Order.

**ANSWER**:  Hanover admits the allegations in paragraph 20.

21.    The Agreement was signed on February 24, 2022. At that time, no motion for attorney's fees were pending in the 2019 Fulton Case.

**ANSWER**:  Hanover admits that the Agreement was signed on February 24, 2022.  Hanover admits that a motion for attorneys' fees was made in the 2019 Fulton Case, and Hanover refers to the filings and orders in the 2019 Fulton Case and denies the allegations in paragraph 21 to the extent they are inconsistent with those court filings and orders.

22.    The Association heard no more substantively from its insurance defense counsel, until October 6, 2022, when it received several emails from her. The first email transmitted the Order awarding GAP $51,807.56 in legal fees against the Association under O.C.G.A. § 9-15-14 in the 2016 Fulton Case. It was a scathing opinion of the insurance defense counsel and ordered insurance defense counsel to pay 25% of the award. Despite this sanction, the insurance defense counsel was pleased with the award because as she stated: "Not the result I was expecting, but certainly better than the hundreds of thousands of dollars that [GAP] was seeking in fees." Those hundreds of thousands of dollars she is referring to, were the legal fees GAP incurred during the pendency of the 2016 Fulton Case and prior to the filing of the 2019 Fulton Case.

**ANSWER**: Hanover admits that an attorneys' fee award was entered in the 2016 Fulton Case on October 6, 2022, and Hanover refers to the October 6, 2022 order and denies the allegations in paragraph 22 to the extent they are inconsistent with that order.  Hanover denies the remaining allegations in paragraph 22.

23. But later that day, insurance defense counsel sent a second email that simply included a second court order, this time from the 2019 Fulton Case awarding GAP $347,056.81 in legal fees. The Order clearly stated that (a) the bulk of the attorney's fees being awarded stemmed from the 2016 Fulton Case and (b) there would be no setoff for the $51,807.56 awarded above in the 2016 Fulton Case because those were for sanctions. In other words, the 2019 Order was awarding fees from the 2016 Fulton Case, which included the hearing on the cross motions for attorney's fees under O.C.G.A. § 9-15-14.

**ANSWER**: Hanover admits that an attorneys' fee award was entered in the 2019 Fulton Case on October 6, 2022, and Hanover refers to the October 6, 2022 order and denies the allegations in paragraph 23 to the extent they are inconsistent with that order.  Hanover denies the remaining allegations in paragraph 23.

24. Both the 2016 and 2019 Fulton attorney fee Orders, the transcript from the hearing, and an independent legal appellate review, make clear that insurance defense counsel was unprepared for the hearing.

**ANSWER**: Hanover denies the allegations in paragraph 24.

25. Despite demand, see attached Exhibit 1, Hanover is refusing to pay any portion of the 2019 Fulton Case attorney fee Order, even though it consists mostly of attorney's fees stemming solely from the 2016 Fulton County Case.

**ANSWER**: Hanover admits that it has fully and completely performed under the parties' settlement agreement and claim release and has been released from any obligation to pay any portion of the attorneys' fee awarded to GAP in the 2019 Fulton Case. Hanover denies the remaining allegations in paragraph 25.

26. At the time of signing the Agreement and presently, the law does not provide for the recovery of legal fees from the 2016 Fulton Case in the 2019 Fulton Case. *See SunTrust Bank v. Lilliston*, 302 Ga. 840, 843 (2018)("Its well settled that the 'recommenced' case envisioned by that statute is an action de novo, and is 'not a continuance of the original action,'")(internal citation omitted).

**ANSWER**: The allegations in Paragraph 26 are assertions of law to which no response is required. To the extent a response is deemed to be required, Hanover denies the allegations in paragraph 26.

### Count I – Breach of Contract

27. The Association incorporates paragraphs 1 – 26 above.

**ANSWER**: Hanover incorporates herein its answers to paragraphs 1 through 26, above.

28. Hanover's refusal to indemnify the Association for the legal fees stemming solely from the 2016 Fulton Case prior to the filing of the 2019 Fulton Case is a breach of the Agreement.

**ANSWER**: Hanover denies the allegations in paragraph 28.

29. Hanover's refusal to indemnify the Association for legal fees stemming solely from GAP defending the motion for sanctions in the 2016 is a breach of the Agreement.

**ANSWER**:  Hanover denies the allegations in paragraph 29.

30. Hanover's providing of legal counsel that fell below the standard of care expected of legal counsel in industry was a breach of the Agreement.

**ANSWER**:  Hanover denies the allegations in paragraph 30.

## Count II – Declaratory Judgment

31. The Association incorporates paragraphs 1 – 30 above.

**ANSWER**:  Hanover incorporates herein its answers to paragraphs 1 through 30, above.

32. This is a claim for declaratory judgment and the court has jurisdiction under O.C.G.A. § 9-4-2.

**ANSWER**:  Hanover admits that Plaintiff purports to assert a claim for declaratory judgment but denies that Plaintiff is entitled to any relief.

33. There exists between the Association and Hanover a justiciable controversy regarding the terms, obligations, and duties under the Agreement.

**ANSWER**:  Hanover denies the allegations in paragraph 33.

34. The Association and Hanover's interests as to the Agreement are adverse.

**ANSWER**:  Hanover denies the allegations in paragraph 34.

35. The Association has a legal interest in the controversy regarding the Agreement.

**ANSWER**:  Hanover denies the allegations in paragraph 35.

36. The controversy regarding the Agreement is ripe for judicial determination as the Association has demanded payment and the Hanover has refused payment.

**ANSWER**: Hanover denies the allegations in paragraph 36.

## Count III - Reformation

37. The Association incorporates paragraphs 1 – 36 above.

**ANSWER**: Hanover incorporates herein its answers to paragraphs 1 through 36, above.

38. This is an action for reformation of the Agreement pursuant to O.C.G.A. § 23-2-20, et. seq. and pled in the alternative.

**ANSWER**: Hanover admits that Plaintiff purports to assert a claim for reformation but denies that Plaintiff is entitled to any relief.

39. The Agreement fails to express accurately the intention of the parties and the Agreement does not fully express the real agreement of the parties.

**ANSWER**: Hanover denies the allegations in paragraph 39.

40. The intention of the parties was to assign all rights, privileges, and obligations stemming from the 2016 Fulton Case to Hanover.

**ANSWER**: Hanover denies the allegations in paragraph 40.

41. Hanover has not been prejudiced. At all times, under information and belief, it was kept appraise[d] of the actions taken by insurance defense counsel from the signing of the Agreement until present.

**ANSWER**: Hanover denies the allegations in paragraph 41.

42.     At the time of signing the Agreement and presently, the law does not provide for the recovery of legal fees from the 2016 Fulton Case in the 2019 Fulton Case. *See SunTrust Bank v. Lilliston*, 302 Ga. 840, 843 (2018)("Its well settled that the 'recommenced" case envisioned by that statute is an action de novo, and is 'not a continuance of the original action,'")(internal citation omitted).

**ANSWER**: The allegations in Paragraph 42 are assertions of law to which no response is required. To the extent a response is deemed to be required, Hanover denies the allegations in paragraph 42.

43.     Hanover's position that because the 2016 Fulton legal fees were awarded in an order containing the 2019 Fulton Case style it does not owe indemnity to the Association, is contrary to the intentions of the parties.

**ANSWER**: Hanover denies the allegations in paragraph 43.

44.     Permitting Hanover to avoid indemnifying the Association for the 2016 Fulton legal fees awarded in an order containing the 2019 Fulton Case style would operate a gross injustice to the Association and give an unconscionable advantage to Hanover.

**ANSWER**: Hanover denies the allegations in paragraph 44.

### **AFFIRMATIVE DEFENSES**

Hanover asserts the affirmative defenses set forth below. By pleading these affirmative defenses, Hanover does not intend to alter the burden of proof and/or burden of persuasion that otherwise exists with respect to any issues in this action. All affirmative defenses are pled in the alternative and do not constitute an admission of liability or an admission that Plaintiff or any other party is entitled to any relief whatsoever.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to allege facts sufficient to state any claim upon which relief could be granted against Hanover.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff released Hanover of any obligation to pay the amounts in Plaintiff's Complaint, in whole or in part, pursuant to the terms of the parties' settlement agreement and claim release.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver and/or estoppel.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the terms, conditions, and limitations of the parties' settlement agreement and claim release.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, due to Plaintiff's failure to satisfy conditions precedent to recovery.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, as Hanover has fully performed under the parties' settlement agreement and claim release.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the terms, conditions, and limitations of the Nonprofit Entity Advantage Policy No. LHA A966416 00 Hanover issued Plaintiff for the period of April 21, 2016 to April 21, 2017 (the "Policy").

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims against are barred, in whole or in part, because any claimed damages were not caused by Hanover and/or because any claimed damages are not covered under any policy of insurance issued by Hanover.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail to the extent there is no ripe dispute or justiciable controversy between Hanover and Plaintiff.

### NINTH AFFIRMATIVE DEFENSE

To the extent Plaintiff seeks equitable relief, those claims are barred, in whole or in part, because equitable theories do not lie where, as here, there is an express contract between the parties.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, due to the lack of any mistake common to both parties to the settlement agreement and claim release.

## **RESERVATION OF RIGHTS AND PRAYER FOR RELIEF**

Hanover reserves its right to amend, at any time, its Answer and Affirmative Defenses to the Verified Complaint and/or to supplement, alter, or amend its responses and defenses upon completion of appropriate investigation and discovery. Nothing in this Answer and Affirmative Defenses should be construed as a waiver by Hanover of any rights, remedies or defenses. Hanover continues to reserve all rights, remedies and defenses and waives none.

WHEREFORE, Hanover prays that the Court enter judgment in its favor, and award Hanover all relief that this Court deems just and equitable.

Respectfully submitted, this 10th day of January, 2023.

>s/ Kevin A. Maxim
>Georgia Bar No. 478580
>Attorney for Defendant
>THE MAXIM LAW FIRM, P.C.
>1718 Peachtree St., NW
>Suite 599
>Atlanta, Georgia 30309
>Phone: (404) 924-4272
>Fax:    (404) 924-4273
>E-mail: kmaxim@maximlawfirm.com
>
>Of counsel (*pro hac vice* applications forthcoming):
>
>David F. Cutter, Esq.
>Jonathan R. Walton, Esq.

Attorneys for Defendant
BATESCAREY LLP
191 N. Wacker Drive, Suite 2400
Chicago, Illinois 60606
dcutter@batescarey.com
jwalton@batescarey.com

## CERTIFICATION

Pursuant to N.D. Ga. L.R. 7.1(D), counsel for Defendant hereby certifies that this document has been prepared with Times New Roman (14 point) font, which font has been approved under LR 5.1(C).

                                      s/ Kevin A. Maxim
                                      Georgia Bar No. 478580
                                      Attorney for Defendant
                                      THE MAXIM LAW FIRM, P.C.
                                      1718 Peachtree St., NW
                                      Suite 599
                                      Atlanta, Georgia 30309
                                      Phone: (404) 924-4272
                                      Fax:    (404) 924-4273
                                      E-mail: kmaxim@maximlawfirm.com

## **CERTIFICATE OF SERVICE**

The undersigned hereby certified that, on January 10th, 2023, a copy of the foregoing document was forwarded via electronic mail and filed with the Clerk of the Court using the CM/ECF System, which sent notification of such filing to all counsel of record.  The undersigned further certifies that a copy of the foregoing document was sent email and by first-class mail, postage prepaid, to counsel for Plaintiff:

> Marvin P. Pastel, Esq.
> Winter Capriola Zenner, LLC
> One Securities Centre
> 3490 Piedmont Road NE, Suite 800
> Atlanta, Georgia 30305

This 10th day of January, 2023.

> s/ Kevin A. Maxim
> Georgia Bar No. 478580
> Attorney for Defendant
> THE MAXIM LAW FIRM, P.C.
> 1718 Peachtree St., NW
> Suite 599
> Atlanta, Georgia 30309
> Phone: (404) 924-4272
> Fax:    (404) 924-4273
> E-mail: kmaxim@maximlawfirm.com