IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ALEXANDER CORDERO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | |
| | ) | FILE No. _____ |
| HANDY DEVELOPMENT, LLC | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

COMES NOW, ALEXANDER CORDERO, by and through the undersigned counsel, and files this, his Complaint against Defendant HANDY DEVELOPMENT, LLC pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"). In support thereof, Plaintiff respectfully shows this Court as follows:

### JURISDICTION AND VENUE

1. This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq.*, based upon Defendant's failure to remove physical barriers to access and violations of Title III of the ADA.

2. Venue is proper in the federal District Court for the Northern District of Georgia, Atlanta Division.

## PARTIES

3. Plaintiff ALEXANDER CORDERO (hereinafter "Plaintiff") is, and has been at all times relevant to the instant matter, a natural person residing in Lawrenceville, Georgia (Gwinnett County).

4. Plaintiff is a paraplegic and is disabled as defined by the ADA.

5. Plaintiff is required to traverse in a wheelchair and is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, grabbing, grasping and/or pinching.

6. Plaintiff cannot walk and uses a wheelchair for mobility purposes.

7. Defendant HANDY DEVELOPMENT, LLC (hereinafter "Defendant") is a Georgia limited liability company that transacts business in the State of Georgia and within this judicial district.

8. Defendant may be properly served with process via its registered agent for service of process, to wit: Anthony Nolan, 273 Village Drive, Jefferson, Georgia 30549.

## FACTUAL ALLEGATIONS

9. On or about November 13, 2022, Plaintiff was a customer at "IHOP,"

a business located at 955 Lawrenceville-Suwanee Road, Lawrenceville, Georgia 30043.

10. Defendant is the owner (or co-owner) of the real property and improvements that are the subject of this action. (The structures and improvements situated upon said real property shall be referenced herein as the "Facility," and said real property shall be referenced herein as the "Property").

11. Plaintiff lives approximately five (5) miles from the Facility and Property.

12. Plaintiff's access to the business located at 955 Lawrenceville-Suwanee Road, Lawrenceville, Georgia 30043 (identified by Gwinnett County Property Appraiser's parcel number R7031 279), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of his disabilities, and he will be denied and/or limited in the future unless and until Defendant is compelled to remove the physical barriers to access and correct the ADA violations that exist at the Facility and Property, including those set forth in this Complaint.

13. Plaintiff has visited the Facility and Property at least once before and intends on revisiting the Facility and Property once the Facility and Property are

made accessible.

14. Plaintiff intends to revisit the Facility and Property to purchase goods and/or services.

15. Plaintiff travelled to the Facility and Property as a customer and as an advocate for the disabled, encountered the barriers to his access of the Facility and Property that are detailed in this Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access present at the Facility and Property.

## COUNT I
## VIOLATIONS OF THE ADA AND ADAAG

16. On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq*. (the "ADA").

17. The ADA provided places of public accommodation one and a half years from its enactment to implement its requirements.

18. The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 (if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

19. The Facility is a public accommodation and service establishment.

20. The Property is a public accommodation and service establishment.

21. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991,

the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

22. Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq.*; 28 C.F.R. § 36.508(a).

23. Liability for violations under Title III or the ADA falls on "any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

24. The Facility must be, but is not, in compliance with the ADA and ADAAG.

25. The Property must be, but is not, in compliance with the ADA and ADAAG.

26. Plaintiff has attempted to, and has to the extent possible, accessed the Facility and the Property in his capacity as a customer of the Facility and Property, and as an advocate for the disabled, but could not fully do so because of his disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility and Property that preclude and/or limit his access to the Facility and Property and/or the goods, services, facilities, privileges,

advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

27. Plaintiff intends to visit the Facility and Property again in the future as a customer and as an advocate for the disabled in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at the Facility and Property, but will be unable to fully do so because of his disability and the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility and Property that preclude and/or limit his access to the Facility and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

28. Defendant has discriminated against Plaintiff (and others with disabilities) by denying his access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility and Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

29. Defendant will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the Facility and Property, including those specifically

set forth herein, and make the Facility and Property accessible to and usable by Plaintiff and other persons with disabilities.

30.     A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed that precluded and/or limited Plaintiff's access to the Facility and Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of the Facility and Property include, but are not limited to:

    a.    One of the accessible parking spaces on the Property is missing proper identification signage, in violation of section 502.6 of the 2010 ADAAG standards.

    b.    One of the accessible parking spaces on the Property does not have an adjacent access aisle, in violation of section 502.3 of the 2010 ADAAG standards.

    c.    The access aisle that is centrally adjacent to two of the accessible parking spaces on the Property has significant amounts of broken pavement within its boundaries, resulting in numerous vertical rises in excess of ¼" (one quarter inch), in violation of section 502.4 of the 2010 ADAAG standards.

    d.    The above-described access aisle that is centrally adjacent to

       two of the accessible parking spaces on the Property is not level due to the presence of a ramp within the boundaries of said access aisle, in violation of section 502.4 of the 2010 ADAAG standards.

e.     There is an excessive vertical rise at the base of the accessible ramp on the Property, in violation of section 405.7 of the 2010 ADAAG standards.

f.     The running surface of the above-described accessible ramp on the Property has vertical rises in excess of ¼" (one quarter inch) in height, and is not slip resistant, in violation of section 405.4 of the 2010 ADAAG standards.

g.     The side flares of the above-described ramp also have slopes in excess of 1:10 (one to ten), in violation of section 406.3 of the 2010 ADAAG standards.

h.     There are multiple excessive vertical rises within the accessible route on the Property that leads to the Facility, in violation of section 403.2 of the 2010 ADAAG standards. Further, portions of this accessible route have a cross-slope greater than 1:48 (one to forty-eight), also in violation of section 403.2 of the

          2010 ADAAG standards.

i.     The entrance to the Facility requires an opening force in excess of 5 lbs. (five pounds), in violation of section 404.2.9 of the 2010 ADAAG standards.

j.     The accessible toilet stall doors in the restrooms in the Facility are not self-closing, in violation of section 604.8.2.2 of the 2010 ADAAG standards.

31.     Without limitation, the above-described violations of the ADAAG made it more difficult for Plaintiff to exit and re-enter his vehicle while on the Property, more difficult and dangerous for Plaintiff to utilize the accessible ramp servicing the Property, and more difficult for Plaintiff to travel upon the accessible routes on the Property.

32.     The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Facility and Property.

33.     Plaintiff requires an inspection of Facility and Property in order to determine all of the discriminatory conditions present at the Facility and Property in violation of the ADA.

34.     The removal of the physical barriers, dangerous conditions and ADA

violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

35. All of the violations alleged herein are readily achievable to modify to bring the Facility and Property into compliance with the ADA.

36. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Facility and Property is readily achievable because the nature and cost of the modifications are relatively low.

37. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Facility and Property is readily achievable because Defendant has the financial resources to make the necessary modifications.

38. In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

39. Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Facility and Property, including

those alleged herein.

40.     Plaintiff's requested relief serves the public interest.

41.     The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendant.

42.     Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendant pursuant to 42 U.S.C. §§ 12188 and 12205.

43.     Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an Order directing Defendant to modify the Facility and Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a)     That the Court find Defendant in violation of the ADA and ADAAG;

(b)     That the Court issue a permanent injunction enjoining Defendant from continuing its discriminatory practices;

(c)     That the Court issue an Order requiring Defendant to (i) remove the physical barriers to access and (ii) alter the subject Facility and Property to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA;

(d)     That the Court award Plaintiff's counsel reasonable attorneys' fees, litigation expenses and costs; and

(e) That the Court grant such further relief as deemed just and equitable in light of the circumstances.

> Dated: January 10, 2023.
>
> Respectfully submitted,
>
> /s/Craig J. Ehrlich
> Craig J. Ehrlich
> Georgia Bar No. 242240
> The Law Office of Craig J. Ehrlich, LLC
> 1123 Zonolite Road, N.E., Suite 7-B
> Atlanta, Georgia 30306
> Tel: (404) 365-4460
> Fax: (855) 415-2480
> craig@ehrlichlawoffice.com

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1

The undersigned hereby certifies that the foregoing document has been prepared in accordance with the font type and margin requirements of Local Rule 5.1 of the Northern District of Georgia, using a font type of Times New Roman and a point size of 14.

> /s/Craig J. Ehrlich
> Craig J. Ehrlich