IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JESSICA BLINKHORN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | |
| | ) | FILE No. _____ |
| YASH ENTERPRISES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

# COMPLAINT

COMES NOW, JESSICA BLINKHORN, by and through the undersigned counsel, and files this, her Complaint against Defendant YASH ENTERPRISES, INC. pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"). In support thereof, Plaintiff respectfully shows this Court as follows:

## JURISDICTION AND VENUE

1. This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq.*, based upon Defendant's failure to remove physical barriers to access and violations of Title III of the ADA.

2. Venue is proper in the federal District Court for the Northern District

1

of Georgia, Atlanta Division.

## PARTIES

3. Plaintiff JESSICA BLINKHORN (hereinafter "Plaintiff") is, and has been at all times relevant to the instant matter, a natural person residing in Atlanta, Georgia (Fulton County).

4. Plaintiff suffers from Spinal Muscular Atrophy ("SMA") and is disabled as defined by the ADA.

5. Plaintiff is required to traverse in a wheelchair and is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, grabbing, grasping and pinching.

6. Plaintiff cannot walk and uses a wheelchair for mobility purposes.

7. Defendant YASH ENTERPRISES, INC. (hereinafter "Defendant") is a Georgia corporation that transacts business in the state of Georgia and within this judicial district.

8. Defendant may be properly served with process via its registered agent for service, to wit: Al Shaheed, 1174 Pryor Road, S.W., Suite D, Atlanta, Georgia 30315.

## FACTUAL ALLEGATIONS

9. On or about December 13, 2022, Plaintiff was a customer at

"Subway," a business located at 1162 Pryor Street, S.W., Suite C, Atlanta, Georgia 30315.

10. Defendant is the owner or co-owner of the real property and improvements that are the subject of this action. (The three separate structures and improvements situated upon said real property shall be referenced herein as the "1162 Facility," the "1174 Facility" and the "1192 Facility" (together, the "Facilities"), and said real property shall be referenced herein as the "Property").

11. Plaintiff lives approximately three (3) miles from the Facilities and Property.

12. Plaintiff's access to the businesses located at 1192 Pryor Street, S.W., Atlanta, Georgia 30315 (of which 1162 Pryor Street, S.W. is a part, and identified by Fulton County Property Appraiser's parcel number 14 007400100422), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of her disabilities, and she will be denied and/or limited in the future unless and until Defendant is compelled to remove the physical barriers to access and correct the ADA violations that exist at the Facilities and Property, including those set forth in this Complaint.

13. Plaintiff has visited the Facilities and Property at least once before and

intends on revisiting the Facilities and Property once the Facilities and Property are made accessible.

14. Plaintiff intends to revisit the Facilities and Property to purchase goods and/or services.

15. Plaintiff travelled to the Facilities and Property as a customer and as an advocate for the disabled, encountered the barriers to her access of the Facilities and Property that are detailed in this Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access present at the Facilities and Property.

## COUNT I
## VIOLATIONS OF THE ADA AND ADAAG

16. On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq*. (the "ADA").

17. The ADA provided places of public accommodation one and a half years from its enactment to implement its requirements.

18. The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 (if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

19. Each Facility is a public accommodation and service establishment.

20. The Property is a public accommodation and service establishment.

21. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

22. Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq.*; 28 C.F.R. § 36.508(a).

23. Liability for violations under Title III or the ADA falls on "any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

24. Each Facility must be, but is not, in compliance with the ADA and ADAAG.

25. The Property must be, but is not, in compliance with the ADA and ADAAG.

26. Plaintiff has attempted to, and has to the extent possible, accessed the Facilities and the Property in her capacity as a customer of the Facilities and Property, and as an advocate for the disabled, but could not fully do so because of her disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at the Facilities and Property that preclude and/or

limit her access to the Facilities and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

27. Plaintiff intends to visit the Facilities and Property again in the future as a customer and as an advocate for the disabled in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at the Facilities and Property, but will be unable to fully do so because of her disability and the physical barriers to access, dangerous conditions and ADA violations that exist at the Facilities and Property that preclude and/or limit her access to the Facilities and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

28. Defendant has discriminated against Plaintiff (and others with disabilities) by denying her access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facilities and Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

29. Defendant will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the Facilities and Property, including those specifically set forth herein, and make the Facilities and Property accessible to and usable by Plaintiff and other persons with disabilities.

30. A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed that precluded and/or limited Plaintiff's access to the Facilities and Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of the Facilities and Property include, but are not limited to:

    **(a)**     **EXTERIOR ELEMENTS:**

(i) The Property lacks an accessible route from the public sidewalk to the accessible entrances of the Facilities, in violation of section 206.2.1 of the 2010 ADAAG standards.

(i) One of the two accessible parking spaces on the Property most proximate to Unit F of the 1174 Facility and its adjacent access aisle each have a cross-slope in excess of 1:48 (one to forty-eight), and is not level, in violation of section 502.4 of the 2010 ADAAG standards.

(ii) The access aisle that is centrally adjacent to the two accessible parking spaces on the Property most proximate to Unit F of the 1174 Facility is also not level due to the presence of a ramp within the boundaries of said access aisle, in violation of section 502.4 of the 2010 ADAAG standards. This ramp also has a cross-slope in excess of 1:48 (one to forty-eight), in violation of section 405.3 of the 2010 ADAAG standards.

(iii) There are no accessible parking spaces on the Property that comply with section 502 of the 2010 ADAAG standards that service the 1162 Facility, in violation of sections 208.2 and 208.3 of the 2010 ADAAG standards.

(iv) One of the two accessible parking spaces on the Property servicing the 1192 Facility is missing proper identification signage, in violation of section 502.6 of the 2010 ADAAG standards.

(v) The access aisle that is centrally adjacent to the two accessible parking spaces on the Property most proximate to Unit F of the 1174 Facility is also not level due to the presence of a ramp within the boundaries of said access aisle, in violation of

        section 502.4 of the 2010 ADAAG standards. This ramp also protrudes into the boundaries of the adjacent accessible parking spaces, in violation of section 502.4 of the 2010 ADAAG standards.

(vi)   The landing of the above-described ramp's meeting point with the accessible route providing access to the 1192 Facility has a pothole in the pavement and vertical rises in excess of ¼" (one quarter inch) in height, in violation of sections 403.2 and 405.7 of the 2010 ADAAG standards.

(vii)   Due to a lack of parking stops that encourage vehicles to pull up far enough to block the accessible route to the entrances of the Facility, along with the obstructive placement of a propane tank storage unit, there are publicly accessible areas of the Property along the 1192 Facility that have accessible routes with clear widths below the minimum 36" (thirty-six inches) inches required by section 403.5.1 of the 2010 ADAAG standards.

(viii)   The Property lacks an accessible route connecting accessible facilities, accessible elements and/or accessible spaces of the

  Property and/or Facilities, in violation of section 206.2.2 of the 2010 ADAAG standards.

(ix) There is significant amounts of broken pavement and vertical rises in excess of ¼" (one quarter inch) at the entrance to the "Chevron" portion of the 1192 Facility, in violation of sections 303.2 and 404.2.4 of the 2010 ADAAG standards.

**(b) POLICY ELEMENTS:**

(i) The Facilities and Property have not been adequately maintained in operable working condition for those features of facilities and equipment that are required to be readily accessible to and usable by persons with disabilities, in violation of section 28 C.F.R. § 36.211.

(ii) Upon information and good faith belief, Defendant fails to adhere to a policy, practice and procedure to ensure that all features and facilities at the Facilities and Property are readily accessible to, and usable by, disabled individuals.

31. Without limitation, the above-described violations of the ADAAG made it more difficult for Plaintiff to exit and re-enter her vehicle while on the Property, more difficult for Plaintiff to travel upon the exterior accessible routes on

the Property, and more difficult and dangerous for Plaintiff to utilize the ramps servicing the Property.

32.  The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or that exist at the Facilities and Property.

33.  Plaintiff requires an inspection of Facilities and Property in order to determine all of the discriminatory conditions present at the Facilities and Property in violation of the ADA.

34.  The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

35.   All of the violations alleged herein are readily achievable to modify to bring the Facilities and Property into compliance with the ADA.

36.  Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Facilities and Property is readily achievable because the nature and cost of the modifications are relatively low.

37.  Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Facilities and Property is readily

achievable because Defendant has the financial resources to make the necessary modifications.

38. In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

39. Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that she will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Facilities and Property, including those alleged herein.

40. Plaintiff's requested relief serves the public interest.

41. The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendant.

42. Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendant pursuant to 42 U.S.C. §§ 12188 and 12205.

43. Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an Order directing Defendant to modify the Facilities and Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a)   That the Court find Defendant in violation of the ADA and ADAAG;

(b)   That the Court issue a permanent injunction enjoining Defendant from continuing its discriminatory practices;

(c)   That the Court issue an Order requiring Defendant to (i) remove the physical barriers to access and (ii) alter the subject Facilities and Property to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA;

(d)   That the Court award Plaintiff's counsel reasonable attorneys' fees, litigation expenses and costs; and

(e)   That the Court grant such further relief as deemed just and equitable in light of the circumstances.

Dated: January 10, 2023.

Respectfully submitted,

/s/Craig J. Ehrlich
Craig J. Ehrlich
Georgia Bar No. 242240
The Law Office of Craig J. Ehrlich, LLC
1123 Zonolite Road, N.E., Suite 7-B
Atlanta, Georgia 30306
Tel: (404) 365-4460
Fax: (855) 415-2480
craig@ehrlichlawoffice.com

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1**

The undersigned hereby certifies that the foregoing document has been prepared in accordance with the font type and margin requirements of Local Rule 5.1 of the Northern District of Georgia, using a font type of Times New Roman and a point size of 14.

/s/Craig J. Ehrlich
Craig J. Ehrlich
