

## Service of Process Transmittal Summary

**TO:**      SCOTT HAMPTON, General Counsel
             F21 OPCO, LLC
             110 E 9TH ST STE C910
             LOS ANGELES, CA 90079-6122

**RE:**      **Process Served in Georgia**

**FOR:**     Forever 21 Retail, Inc.  (Domestic State: CA)
             According to our records representation services for this entity have been discontinued in this jurisdiction.

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: TONI L. VASSER // To: Forever 21 Retail, Inc. |
| **CASE #:** | 22CV02098 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition |
| **PROCESS SERVED ON:** | C T Corporation System, Lawrenceville, GA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 12/14/2022 at 16:06 |
| **JURISDICTION SERVED:** | Georgia |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 12/15/2022, Expected Purge Date: 12/20/2022 |
| | Image SOP |
| | Email Notification,  SCOTT HAMPTON  scott.hampton@forever21.com |
| | Email Notification,  Alex Santana  alex.s@forever21.com |
| | Email Notification,  Lori Tranquilla  lori.t@forever21.com |
| | Email Notification,  Timothy Tyler  timothy.t@forever21.com |
| | Email Notification,  Laura Holguin  laura.holguin@forever21.com |
| | Email Notification,  James Kim  james.kim@forever21.com |
| | Email Notification,  Heidi Ha  heidi@forever21.com |
| | Email Notification,  Jerry Noh  jerry.noh@forever21.com |
| | Email Notification,  KATE CHUN  kate@forever21.com |
| | Email Notification,  Alex Santana  alex.s@forever21.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System |
| | 289 S. Culver St. |
| | Lawrenceville, GA 30046 |
| | 877-564-7529 |
| | MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the



**CT Corporation**
**Service of Process Notification**
12/14/2022
CT Log Number 542855125

included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Civil Action No. _____

Date Filed _____

Magistrate Court ☐
Superior Court ☐
State Court ☐
**Georgia, Gwinnett County**

_____

_____
**Plaintiff**

VS.

_____

_____
**Defendant**

Attorney's Address _____

Name and Address of party to be served.

_____

_____
**Garnishee**

## Sheriff's Entry Of Service

**Personal** ☐

I have this day served the defendant _____ personally with a copy of the within action and summons.

**Notorious** ☐

I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows

age, about _____ years; weight, about _____ pounds; height, about _____ feet and _____ inches; domiciled at the residence of defendant.

**Corporation** ☑

Served the defendant _____ a corporation

by leaving a copy of the within action and summons with _____
in charge of the office and place of doing business of said Corporation in this County.

**Tack & Mail** ☐

I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**Non Est** ☐

Diligent search made and defendant _____
not to be found in the jurisdiction of this Court.

This_____day of _____, 20_____.

_____
**Deputy**

Sheriff Docket_____    Page_____

_____
**Gwinnett County, Georgia**

WHITE: Clerk          CANARY: Plaintiff / Attorney          PINK: Defendant

SC-2 Rev.3.13

# SECOND ORIGINAL

## IN THE SUPERIOR COURT OF DOUGLAS COUNTY

## STATE OF GEORGIA

**TONI L VASSER**
**PLAINTIFF**                          CIVIL ACTION #: <u>22CV02098</u>

**VS**

**FOREVER 21 RETAIL, INC.**
**DEFENDANT**

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

<u>TONI L VASSER</u>
<u>863 FLAT SHOALS ROAD</u>
<u>#164</u>
<u>CONYERS, GA 30094</u>

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for relief demanded in the complaint.

This <u>December 12, 2022.</u>

*Annetta D. Stembridge*

**Annetta D. Stembridge**
**Clerk of Superior Court**

ORIGINAL

**FILED**

### IN THE SUPERIOR COURT OF DOUGLAS COUNTY

### STATE OF GEORGIA

**DEC 1 2 2022**

Annetta D. Stembridge, Clerk
Superior & State Court
Douglas County, GA

| | | |
|---|---|---|
| TONI L. VASSER | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE NO. |
| V. | ) | 22cv02098 |
| FOREVER 21 RETAIL, INC. | ) | |
| Defendant. | ) | |

### <u>COMPLAINT</u>

COMES NOW Plaintiff, Toni L. Vasser, and hereby files this Complaint against Forever

21 Retail, Inc., showing the court as follows:

### <u>I. JURISDICTION AND VENUE</u>

1. This Court has subject matter jurisdiction pursuant to O.C.G.A 15-6-8

2. Venue is proper in this Court because the underlying actions serving as the basis for

this lawsuit occurred within Douglas County, Douglasville, Georgia.

### <u>II. PARTIES</u>

3. Plaintiff is a resident of Douglas County, Douglasville, Georgia.

4. Defendant Forever 21 Retail Inc. ("Forever 21") is a foreign profit corporation and

transacts business in Georgia. Forever 21 may be served through its registered agent, CT

Corporation System, 289 S. Culver Street, Lawrenceville, Georgia 30046.

1

5. Defendant is subject to the laws enumerated in the Jurisdiction and Venue section of this Complaint.

### III. OPERATIVE FACTS

6. On or about February 25, 2022, Plaintiff Toni L. Vasser ("Ms. Vasser") was shopping at Arbor Place Forever 21, located 6594 Douglas Blvd., Douglasville, Georgia 30135, with her granddaughter. At all times relevant to this case, the Arbor Place Forever 21 store is owned, occupied, managed, and operated by Forever 21.

7. Ms. Vasser walked to the cash register with her granddaughter to pay for her items. At this time, the cashier advised Ms. Vasser of a sale on specific clothes items and directed Ms. Vasser to the back of the store to look at the items.

8. As Ms. Vasser was walking back to the cash register, she tripped on two empty clothes racks that were in the walkway but that were inconspicuously behind a rack of clothes.

9. Upon landing on the floor, Ms. Vasser injured her leg and back, and sustained a contusion to her knee and a herniated disc in her lower back.

10. At the time of her fall, Ms. Vasser was an invitee of Forever 21.

11. Ms. Vasser was injured as a result of the fall.

12. Ms. Vasser incurred medical bills in the course of receiving treatment for her fall and has suffered loss of income.

13. Prior to Ms. Vasser's fall, Forever 21 knew that the empty racks were in the middle of the walkway because they were negligently placed there by an employee.

14. Forever 21 should have known that placing or leaving empty racks in the middle of the walkway could result in harm and/or injury to the public, especially given the heavy traffic within the store.

15. Before Ms. Vasser's fall, Forever 21 did not place any warning signs in the area where Ms. Vasser fell to alert customers of the hazard nor did it maintain its premises in a reasonably safe condition.

16. Ms. Vasser exercised ordinary care at the time of the incident and is completely free of any negligence.

## IV.  FOREVER 21'S NEGLIGENCE AND PREMISES LIABILITY

17. Plaintiff asserts and incorporates Paragraphs 1 through 16 of this Complaint as if fully set forth herein.

18. As the owner and occupier of the subject Forever-21 store, Forever 21 owed Plaintiff a duty to exercise ordinary care to keep the premises and approaches safe.

19. Forever 21 knew or should have known that the unsafe condition on the premises posed a risk to Forever 21's patrons, including Plaintiff, and that the failure to mark and/or remove said condition was likely to result in injuries to its invitees.

3

20. Forever 21 had actual and constructive knowledge of the unsafe condition existing in its store and premises, as its employee and/or agent negligently placed the empty racks in the walkway area where store patrons generally walk and travel.

21. Forever 21 had actual knowledge of the unsafe condition existing in its store and premises through the direct knowledge of its employees and agents.

22. Although Forever 21 knew or should have known of the risks of injuries to its invitees from the unsafe condition, it negligently failed to take reasonable precautions to guard against the dangerous condition and failed to protect its invitees from the condition, including Plaintiff.

23. Forever 21 negligently failed to ensure that the Forever 21 store was safe for its patrons, including Plaintiff, and failed to remove or remedy the dangerous condition, thereby causing Plaintiff's injuries.

24. Forever 21 was negligent and said negligence is the proximate cause of Plaintiff's injuries. Specifically, Forever 21 violated O.C.G.A 51-3-1 by failing to use ordinary care to keep the premises safe and by failing to remove an obstruction from the walkway where patrons traveled.

25. This act of negligence was the direct and proximate cause of the injuries and damages sustained by Plaintiff. But for said negligence, Plaintiff would not have suffered the injuries and losses discussed herein.

4

26. As a result of said injuries, Plaintiff incurred medical and doctor expenses and loss of income likely to exceed $100,000.

27. Plaintiff is entitled to recover for the injuries and pain and suffering sustained, and all other elements of damages allowed under Georgia law, including but not limited to all compensatory, general, special, incidental, consequential, and other damages permitted. Plaintiff states her intention to seek all compensatory, general, special, incidental, consequential, and other damages permissible under Georgia law, including, but not limited to:

a) Personal injuries;

b) Past, present, and future pain and suffering;

c) Emotional distress;

d) Loss of the capacity for the enjoyment of life;

e) Incidental expenses; and

f) Consequential damages to be proved at trial.

WHEREFORE, the Plaintiff prays for a judgement to be awarded to her and against the Defendant for the following:

1) Plaintiff be awarded actual damages in the amounts to be shown at trial;

2) Plaintiff be awarded all general, special, compensatory, economic, and other allowable damages permitted under Georgia law;

3) Plaintiff be awarded a trial by jury;

4) Attorney's fees, costs of litigation; and

5) Plaintiff has such other relief as this Court deems just and appropriate.

TRAIL BY JURY IS HEREBY DEMANDED.

Respectfully submitted this December __12__, 2022.


Iymaan Williams, Esq.
Georgia Bar No. 659855


The Williams Law Firm
863 Flat Shoals Rd #164
Conyers, Georgia 30094
706-564-0311
TheWLFFIRM@GMAIL.COM

## CERTIFICATE OF SERVICE

This is to certify that I have served the forgoing pleading to the defendant at the following addresses:


CT Corporation System
289 S. Culver Street,
Lawrenceville, Georgia 30046


Forever 21, Inc.
6594 Douglas Blvd.
Douglasville, Georgia 30135


Submitted this _12_ day of December 2022.

Iymaan Williams, Esq.
Georgia Bar No. 659855

7