# Exhibit B

 SOCIAL SECURITY ADMINISTRATION

**Refer to:** Deborah Lavon Jackson

Office of Appellate Operations
5107 Leesburg Pike
Falls Church, VA 22041-3255
Telephone: (877) 670-2722
Date: September 30, 2022

Kathleen Flynn
315 W. Ponce De Leon
Avenue, Suite 940
Decatur, GA 30030

Dear Representative Flynn:

Re:  Deborah Lavon Jackson v. Commissioner of Social Security
     U.S.D.C. for the Northern District of Georgia, Atlanta Division
     Civil Action Number 1:16-CV-03437-TWT

We have considered the reasons you disagree with the Administrative Law Judge's decision dated
May 13, 2022 and all of the issues in the case. We found no reason under our rules to assume
jurisdiction.

**Why We Are Taking This Action**

> You contended that the Administrative Law Judge (ALJ) erred in assigning some weight,
> without specifying what weight, to the state agency examiner who reported environmental
> limitations (Exhibit 9F). The Appeals Council notes that the ALJ properly considered that
> opinion, and that the record does not support a finding that the claimant has environmental
> limitations that would preclude the performance of the jobs identified at step five of the
> sequential evaluation.
>
> You contended that the ALJ erred in failing to make a function-by-function assessment of
> exertional limitations. However, as set forth in the decision, medium work is defined in 20
> CFR 404.1567(c) and 404.967(c).
>
> You contended that the ALJ erred in assigning some weight to the state agency examiner
> who reported environmental limitations (Exhibit 11F). The Appeals Council notes that the
> ALJ properly considered that opinion, and that the record does not support a finding that the
> claimant has environmental limitations that would preclude the performance of the jobs
> identified at step five of the sequential evaluation.



**Suspect Social Security Fraud?**
**Please visit http://oig.ssa.gov/r or call the Inspector General's Fraud Hotline**
**at 1-800-269-0271 (TTY 1-866-501-2101).**

**See Next Page**

You contended that the ALJ erred in giving more weight to state agency consultant opinions in Exhibit 6F and 7F but failing to include all the limitations reported.  However, the assessed residual functional capacity is consistent with the medical opinion in Exhibit 7F.  The opinion regarding "non- threatening supervision" is not defined and does not specify the frequency or durational limitations pertaining to supervision.  The record does not support more limitations than the ALJ found.

You contended that the ALJ erred in giving more weight to consultative examination report in Exhibit 8F but failing to include all the limitations reported.  However, the record does not clearly support additional limitations or a finding that the claimant has environmental limitations that would preclude the performance of the jobs identified at step five of the sequential evaluation.

You contended that the ALJ erred in finding the claimant's impairments of history of asthma, hypertension, GERD, and degenerative disc disease non severe.  The hearing decision considered the claimant's impairments and provided rational for not finding the presence of a severe physical impairment, and the record does not support the presence of a severe impairment that would preclude the performance of the jobs identified at step 5 of the sequential evaluation.

You contended that the ALJ failed to consider the severity of other impairments. However, the record does not support the presence of a severe impairment that would preclude the performance of the jobs identified at step 5 of the sequential evaluation.

You contended that the ALJ failed to formulate a residual functional capacity that describes the claimant's impairments and limitations.  However, the assessed residual functional capacity is consistent with the longitudinal record, except for the restriction to medium work, which is an error in the claimant's favor, as the record supports the finding of no severe physical impairments.

You contended that the ALJ failed to properly consider the opinion from treating physician in Exhibit 25F.  However, the hearing decision cites valid reasons not to accept that opinion.

You contended that the ALJ failed to properly consider the claimant's alleged symptoms. However, the hearing decision considered symptoms and testimony in accordance with our regulations.

Accordingly, we do not find that your written exceptions provide a basis for changing the Administrative Law Judge's decision dated May 13, 2022.  In addition, we find that the Administrative Law Judge's decision complies with the orders of the U.S. District Court and Appeals Council.  Furthermore, the decision is consistent with our applicable laws, regulations, and Social Security Rulings.



### What This Action Means

The Administrative Law Judge's decision is the final decision of the Commissioner of Social Security after remand by the court.

### If You Disagree With the Administrative Law Judge's Decision

The court order that sent this case back to the Commissioner ended the court's review of the earlier decision. If you want a Federal district court to review the Commissioner's final decision after remand by the court, you must file a new civil action.

If you do not ask for court review, the Commissioner's decision will be a final decision that can be changed only under special rules.

### How To File A Civil Action

You may file a civil action (ask for court review) by filing a complaint in the United States District Court for the judicial district in which you live. The complaint should name the Commissioner of Social Security as the defendant and should include the Social Security number(s) shown at the top of this letter.

You or your representative must deliver copies of your complaint and of the summons issued by the court to the U.S. Attorney for the judicial district where you file your complaint, as provided in rule 4(i) of the Federal Rules of Civil Procedure.

You or your representative must also send copies of the complaint and summons, by certified or registered mail, to the Social Security Administration's Office of the General Counsel that is responsible for the processing and handling of litigation in the particular judicial district in which the complaint is filed. The names, addresses, and jurisdictional responsibilities of these offices are published in the Federal Register (70 FR 73320, December 9, 2005), and are available on–line at the Social Security Administration's Internet site, http://policy.ssa.gov/poms.nsf/links/0203106020.

You or your representative must also send copies of the complaint and summons, by certified or registered mail, to the Attorney General of the United States, Washington, DC 20530.

### Time To File A Civil Action

- You have 60 days to file a civil action (ask for court review).

- The 60 days start the day after you receive this letter. We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period.



**See Next Page**

- If you cannot file for court review within 60 days, you may ask the Appeals Council to extend your time to file. You must have a good reason for waiting more than 60 days to ask for court review. You must make the request in writing and give your reason(s) in the request.

You must mail your request for more time to the Appeals Council at the address shown at the top of this notice. Please put the Social Security number(s) also shown at the top of this notice on your request. We will send you a letter telling you whether your request for more time has been granted.

**About the Law**

The right to court review for claims under Title II (Social Security) is provided for in Section 205(g) of the Social Security Act. This section is also Section 405(g) of Title 42 of the United States Code.

The right to court review for claims under Title XVI (Supplemental Security Income) is provided for in Section 1631(c)(3) of the Social Security Act. This section is also Section 1383(c) of Title 42 of the United States Code.

The rules on filing civil actions are Rules 4(c) and (i) in the Federal Rules of Civil Procedure.

**Need More Help?**

1. Visit www.ssa.gov for fast, simple, and secure online service.
2. Call us at 1-800-772-1213, weekdays from 8:00 am to 7:00 pm. If you are deaf or hard of hearing, call TTY 1-800-325-0778. Please mention this notice when you call.
3. You may also call your local office at (866)931-9946.

> Social Security
> 401 W Peachtree St NW
> Suite 2860 Flr 28
> Atlanta, GA 30308-9972

**How are we doing?** Go to www.ssa.gov/feedback to tell us.

/s/ *Joel Krafsur*
Joel Krafsur
Administrative Appeals Judge



See Next Page

Deborah Lavon Jackson                                          Page 5 of 7

cc:
Deborah Lavon Jackson
3755 N. Decatur Road
Apt. A
Decatur, GA 30032



See Next Page

Deborah Lavon Jackson                                               Page 6 of 7


Deborah Lavon Jackson
Claimant                                                           Social Security Number


Wage Earner                                                        Social Security Number


## AC EXHIBITS LIST

| EXHIBIT NO. | DESCRIPTION | NO. OF PAGES | COURT TRANSCRIPT PAGE NO. |
|---|---|---|---|
| Exhibit 52B | Exceptions to Final Decision, dated June 1, 2022 | 14 | |



See Next Page

Deborah Lavon Jackson                                                              Page 7 of 7

Social Security Administration
OFFICE OF APPELLATE OPERATIONS

**ORDER OF APPEALS COUNCIL**

| **IN THE CASE OF** | **CLAIM FOR** |
|---|---|
| | Period of Disability, Disability Insurance Benefits, and Supplemental Security Income |
| Deborah Lavon Jackson | |
| (Claimant) | |
| | |
| (Wage Earner) | (Social Security Number) |

The Appeals Council has received additional evidence which it is making part of the record. That evidence consists of the following exhibits:

Exhibit 52B          Exceptions to Final Decision, dated June 1, 2022



Dcaro CCPRB 3 Section
Room 801
5107 Leesburg Pike
Falls Church, VA 22041



441 2 MA 0.515 P1 T2 152969 1 4 1 CIPA R220930 0000

Kathleen Flynn
315 W. Ponce De Leon
Avenue, Suite 940
Decatur, GA 30030



