# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| 1020 BOLTON HOLDINGS, LLC, | |
| Plaintiff, | VERIFIED COMPLAINT AND JURY DEMAND |
| v. | |
| CITY OF ATLANTA, FULTON COUNTY/CITY OF ATLANTA LAND BANK AUTHORITY, INC., and JOHN DOES 1-10, | FILE NO.: _____ |
| | HON. |
| Defendants. | _____ |

NOW COMES, Plaintiff, 1020 BOLTON HOLDINGS, LLC ("Plaintiff" or "1020 Bolton"), by and through its attorney, Danielle Hudson Laughlin of Hudson Legal, LLC dba SAGE Business Counsel, and brings this Complaint against the above-named Defendants, their employees, agents, and successors in office, and in support thereof allege the following:

## **INTRODUCTION**

1. Plaintiff brings this action under the Takings Clauses of the United States and Georgia Constitutions, and 42 U.S.C. § 1983, challenging Defendants' acts, orders, policies, practices, customs, and procedures, which deprived Plaintiff of its property without just compensation.

2.  As set forth in this Complaint, the acts, orders, policies, practices, customs, and procedures of Defendants were the cause of, and the moving force behind, the constitutional violations in this case.

3.  Plaintiff seeks a judgment awarding damages for the taking of Plaintiff's property without just compensation, the measure of which to be determined by the enlightened conscience of an impartial jury.

4.  Plaintiff seeks relief in equity through the relinquishment of Plaintiff's property and/or any and all proceeds from the disposal of the property in the event Defendants have, in fact, disposed of it in any manner.

5.  Plaintiff seeks judgment and just compensation for all reasonable attorneys' fees and the costs of litigation.

## JURISDICTION AND VENUE

6.  This action arises under the Constitution and laws of the United States and of the State of Georgia. Jurisdiction is conferred on this Court pursuant to 28 U.S.C. § 1331 and 1343, as well as under 42 U.S.C. § 1983.

7.  This Court has jurisdiction pursuant to Article III of the United States Constitution, 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a).

8.  This Court has supplemental jurisdiction regarding the remaining state claim pursuant to 28 U.S.C. § 1367.

9.  Plaintiff's claims for damages are authorized under 42 U.S.C. § 1983.

10. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiffs 'claims occurred in this district.

11. This Court has personal jurisdiction over Defendants as residents of, entities of, and officials of, the State of Georgia pursuant to O.C.G.A. § 48-4-61.

## PLAINTIFF

12. Plaintiff 1020 Bolton Holdings, LLC ("Plaintiff" or "1020 Bolton") is the interest holder of record of 22 parcels of property (collectively "the Properties") pursuant to specific warranty deeds filed and recorded in the Fulton County, Georgia land records (each of which are annexed hereto in Exhibit "A"), including a portion of the Properties identified colloquially as "the Common Area."

## DEFENDANTS

13. The Fulton County/City of Atlanta Land Bank Authority, Inc. (the "Land Bank") is a public authority that filed a *Petition for Quiet Title and Declaratory Judgment* (the "Quiet Title Petition") in the Superior Court of Fulton County (Civil Action File No. 2020CV343402) against the Maple Creek Homeowners Association, LLC on December 10, 2020, for the purpose of obtaining title to the Properties identified in the Quiet Title Petition as the "1020 Bolton Road Common Area" (the "Common Area").

14. The City of Atlanta ("Atlanta") is the administrative municipal organization that orchestrated, carried out, and sustained the annexing of the Common Area of the Properties through the Quiet Title Petition.

15. John Does 1-10 are unknown individuals, organizations, or agents of said organizations who assisted in, orchestrated, carried out, or sustained the Quiet Title Petition on behalf of or with Atlanta and/or Defendant Land Bank and will be joined as proper parties as they become identified.

## FACTS RELEVANT TO ALL COUNTS

16. Upon information and belief, the Properties (under the public name "Maple Creek Apartments") were originally constructed as rental units in an apartment complex located at 1020 Bolton Road, Atlanta, Georgia.

17. The Common Area was a parcel of land adjacent to and considered part of the Maple Creek Apartments and which was established for the benefit of the members of the Maple Creek Homeowners Association, LLC ("HOA").

18. Upon information and belief, in or about 2005, Atlanta approved the Properties to become a multi-family condominium property wherein each unit would become a taxable parcel of land.

19. Vintage Investment Properties, LLC ("Vintage") was the developer of the Maple Creek Apartment Properties and the Common Area.

20. In April 2006, and following the development of the Common Area, Vintage executed a Quitclaim Deed transferring ownership of the Common Area to the HOA, and recorded the deed in the Fulton County Superior Court Land Records. *See* Exhibit B.

21. Following the development and conversion of the Properties to ownership units in a condominium, several owners obtained variable interest rate loans from sub-prime lenders during the housing boom that led to what has come to be labeled "the Great Recession" in the United States of America which resulted in mass foreclosures across the nation.

22. Plaintiff's predecessors-in-interest purchased the distressed units, i.e., the Properties, during the economic collapse.

23. From 2009 until the demolition of the Properties in 2018, Plaintiff's predecessors-in-interest made all reasonable efforts to maintain the Properties, pay city and county taxes, and pay city utilities charged to the Properties.

24. Despite their best efforts, Plaintiff's predecessors-in-interest were unable to collectively bargain with other unit owners due to the massive foreclosures of units, which led many owners to abandon their condominiums[1].

---

[1]     The Maple Creek Apartments were platted into owner condominiums by the City in or about 2005 but were still referred to as "apartments" thereafter.

25. Upon information and belief, after the massive foreclosures and abandonment of many units of the Maple Creek Apartments, Atlanta never filed a properly noticed nuisance and abatement action in the Municipal Court of Atlanta.

26. Upon information and belief, Atlanta never summoned Vintage, the HOA, or Plaintiff's predecessors-in-interest to answer a complaint for public nuisance.

27. Upon information and belief, no court has ever stated in writing the findings of fact and conclusions of law to support a determination that the Properties were unable to be repaired and restored.

28. Upon information and belief, no judicial findings of fact were served upon Plaintiff's predecessors-in-interest finding that the Properties were unfit for human habitation, or were unfit for commercial, industrial, or business use and not in compliance with applicable codes.

29. Upon information and belief, no judicial findings of fact were served upon Plaintiff's predecessors-in-interest finding that the Properties were being used in connection with the commission of drug crimes.

30. Upon information and belief, no judicial findings of fact were served upon Plaintiff's predecessors-in-interest finding that the Properties constituted an endangerment to the public health or safety as a result of unsanitary or unsafe conditions, or that the Properties could not be repaired, altered, or improved.

31. Upon information and belief, no court issued a finding of fact that the Properties could not be repaired at a reasonable cost.

32. Upon information and belief, the Department of Housing ("DOH") conducted a hearing before the City of Atlanta's In Rem Review Board (the "Board") without providing proper notice of the hearing to Plaintiff, its predecessors-in-interest, or its Properties.

33. Upon information and belief, the Board issued an Order (the "Order") that the structures on the Properties be vacated, demolished, and that grass be planted on the ground of the Properties without sufficient evidence to support such a conclusion.

34. Upon information and belief, Plaintiff was not served with proper notice of the Order in order to comply with its terms.

35. Upon information and belief, no public officer posted any placard on the main entrance of the Properties, their buildings, dwellings, or structures stating that they were unfit for human habitation or commercial, industrial, or business use and did not comply with the applicable codes.

36. In 2020 the Land Bank, using the unconstitutional Order as a means of convincing Vintage to execute a Quitclaim Deed divesting the Common Areas from the HOA (with Plaintiff as a member thereof) and to illegally transfer the Common Areas to the Land Bank. *See* Exhibit C.

37. On December 10, 2020, the Land Bank filed the Quiet Title Petition in the Superior Court of Fulton County to for purposes of obtaining title to the Common Areas.

38. The Land Bank identified as the only Respondent to said action an organization named "Maple Creek Homeowners Association, LLC" despite that Atlanta and its attorneys were well aware of Plaintiff's interest in the Common Areas due to the pending In Rem Foreclosure action pending in the Superior Court of Fulton County, styled _____ (the "Foreclosure Action").

39. In the Quiet Title Petition, Defendant Land Bank sought the cancelation of a 2006 deed from Vintage to the HOA based on the allegations that the HOA was a defunct entity.

40. In the Quiet Title Petition, the Land Bank admitted that the HOA could not be identified.

41. In the Quiet Title Petition, the Land Bank claimed the Properties and Common Area were "a blight on the community."

42. The Land Bank misrepresented to the Superior Court of Fulton County that there were no other interest holders of the Common Area despite the fact that the attorneys who filed the action were well-aware of Plaintiff's interest in the Common Areas and its pending claims for unconstitutional takings in the Foreclosure Action.

43. The Land Bank never attempted service upon any potential interest holders of the Properties, including Plaintiff.

44. The Land Bank obtained a default judgment against the HOA.

45. The HOA was created for Plaintiff's benefit and the covenants thereof ran with the land as demonstrated in the Declaration of Convenants, Conditions and Restrictions for Maples Creek Home Owners Associations, Inc. [sic] *See* Exhibit D.

46. Plaintiff was never served with notice of any hearings or other proceedings regarding the Quiet Title Petition in order to defend its title interest in the Common Area.

47. The Land Bank filed a Motion for Final Judgment to obtain title to the Common Area pursuant to the Quiet Title Petition on April 19, 2021.

48. Plaintiff, having no notice of the Quiet Title Petition, did not have an opportunity to respond to this Motion for Final Judgment.

49. Defendant Land Bank filed an Amended Motion for Final Judgment to obtain title to the Common Area pursuant Quiet Title Petition on April 21, 2021.

50. Plaintiff, having no notice of the Quiet Title Petition, did not have an opportunity to respond to this Amended Motion for Final Judgment.

51. A Final Order and Decree was issued by the Superior Court of Fulton County on May 3, 2021, granting title of the Common Area to the Land Bank.

52. Plaintiff was not given notice of the issuance of the Final Order and Decree.

53. Plaintiff only became aware of the Final Order and Decree during updated title investigation as part of its pending Foreclosure Action with Atlanta's tax commissioner.

54. Counsel for Plaintiff contacted the Superior Court of Fulton County for copies of the related court documents and was advised that all court documents and proceedings related to the Quiet Title Petition were marked as "Confidential" and removed from all public court dockets.

55. There was never a motion to file the Quiet Title Petition under seal.

56. Plaintiff was unaware of the Quiet Title Petition or the conveyance of the Properties from Vintage to Defendant Land Bank until in or about May 2022.

57. Upon its discovery, Plaintiff had to obtain all court documents and proceedings related to the Quiet Title Petition at its own cost through an open records request.

## CLAIMS FOR RELIEF

### COUNT I - Federal Takings Clause
### (Fifth Amendment, United States Constitution; 42 U.S.C. § 1983)

58. Plaintiff re-alleges and incorporates herein the forgoing of this Complaint as if stated fully herein.

59. Defendants' actions are a seizure of Plaintiff's interest, title, and possession of the Common Area and Properties without just compensation in violation of the Fifth Amendment of the United States Constitution.

60. This claim is being made against all Defendants pursuant to the Fifth Amendment and 42 U.S.C. §§ 1983 and 1988.

61. The Fifth Amendment of the United States Constitution, made applicable to the states via the Fourteenth Amendment, is a constitutional provision and right requiring the payment of just compensation upon a taking of private property by Defendants. See Knick v. Twp. Of Scott, 588 U.S. _____ (2019).

62. Atlanta oversaw and orchestrated the clandestine municipal proceedings leading to the issuance of the Order and the unlawful transfer of Plaintiff's rights and ownership of the Properties and the Common Area to Defendant Land Bank for the alleged public purpose of protecting the City of Atlanta's public health, safety, and welfare.

63. Atlanta's actions in having the Properties declared a public nuisance and enabling Defendant Land Bank to take possession of the Common Area did not substantially advance a legitimate governmental or public interest.

64. Atlanta violated due process because no court issued any findings of fact to support the determination that the Properties (1) were unfit for human habitation; (2) were unfit for its current commercial, industrial, or business use; (3) were not in compliance with applicable codes; (4) were vacant and being used in connected with the commission of drug crimes; (5) constituted an endangerment to the public health or safety as a result of unsanitary of unsafe conditions; or,

(6) that the Properties could not be repaired, altered, or improved in support for Defendant Land Bank's Quiet Title Petition.

65. Atlanta violated Plaintiff's constitutional right to procedural due process under the law because no court of law gave any written findings of fact that were served upon Plaintiff that the Properties were unfit for human habitation; was unfit for its current commercial, industrial, or business use; was not in compliance with applicable codes; was vacant and being used in connected with the commission of drug crimes; constituted an endangerment to the public health or safety as a result of unsanitary of unsafe conditions; or, that the Properties could not be repaired altered, or improved.

66. Atlanta violated Plaintiff's constitutional right to procedural due process under the law because no court issued a finding of fact that the Properties could not be repaired at a reasonable cost.

67. Atlanta violated Plaintiff's constitutional right to procedural due process under the law because Respondent was not served with proper notice of the Board's hearing.

68. Atlanta violated Plaintiff's constitutional right to procedural due process under the law because Respondent was not served with proper notice of the Board's Order.

69. Atlanta violated Plaintiff's constitutional right to procedural due process under the law because no public officer posted any placard on the main entrance of the building, dwelling, or structure of the Properties stating that the building was unfit for human habitation or commercial, industrial, or business use and does not comply with the applicable codes of has been ordered secured to prevent its use in the connection with drug crimes or constitutes an endangerment to public health safety as a result of unsanitary or unsafe conditions.

70. As a result of Atlanta's actions, Respondent was unable to properly defend itself at the hearing before the City's In Rem Review Board before the Court's issuance of the Order.

71. As a result of Atlanta's actions, Defendant Land Bank was permitted the purported authority to divest Plaintiff of its interest in the Common Area.

72. As a direct and proximate result of Atlanta's actions, Plaintiff has been denied the economically beneficial use of its property.

73. Atlanta's actions interfered with Plaintiff's attempts to rehabilitate the Properties, including the Common Area.

74. As a direct and proximate result of Atlanta's actions, Plaintiff has been denied its ownership interest in the Common Area to Defendant Land Bank.

75. Without extending constitutionally required fair compensation to Plaintiff, Atlanta's actions have jeopardized Plaintiff's constitutional right to be secure in

its ownership of private property without fear of unjust or unlawful taking by a government entity.

76. Further, Atlanta violated Plaintiff's right to substantive due process under the United States Constitution because Atlanta's actions "shock the conscience" and were oppressive by failing to follow any meaningful statutory safeguards as codified under Federal and Georgia law.

77. Atlanta's supervision and orchestration of the Board's Order to have Plaintiff's Properties declared a public blight and nuisance without proper notice and opportunity to defend itself paired with Defendant Land Bank's efforts to convert Plaintiff's property to its own use without just or fair compensation constitutes arbitrary, capricious, irrational, and abusive conduct which unlawfully interferes with Plaintiff's liberty and property interests protected by the substantive due process clause of the Fifth and Fourteenth Amendments to the United States Constitution.

78. Defendant Land Bank further divested Plaintiff of its interest in the Properties and the Common Area through its Quiet Title Petition for the pretextual purpose of removing "a blight on the City of Atlanta community."

79. Defendant Land Bank's Quiet Title Action did not substantially advance a legitimate governmental interest.

80. Defendant Lank Bank, as a municipal organization under the control of the City of Atlanta, owed a duty to Plaintiff (and all persons within its jurisdiction) to not deprive it of "any rights, privileges, or immunities secured by the Constitution and law...."

81. Defendant Land Bank violated Plaintiff's constitutional right to procedural due process under the law through its failure to identify potential interest or title holders of the Properties as Respondents for the Quiet Title Petition, including Plaintiff.

82. Defendant Land Bank violated Plaintiff's constitutional right to procedural due process under the law through its failure to provide proper notice to Plaintiff of the Quiet Title Petition, denying Plaintiff an opportunity to defend its title and property rights to the Properties.

83. Further, Defendant Land Bank violated Plaintiff's constitutional right to substantive due process under the law because its actions "shocked the conscience" and were oppressive by forcing a divestment of the Properties from Plaintiff through two subsequent Motions for Final Judgment.

84. As the governing municipal body with authority over Defendant Land Bank, Atlanta violated Plaintiff's constitutional right to substantive due process under the law in receiving the Properties from Plaintiff through Defendant Land Bank's improper Quiet Title Petition.

85. Defendants John Does 1-10, in working with or under the control and authority of Government entities, had a duty not to act in such a way as to divest Plaintiff of its property without substantive due process.

86. Defendants John Does 1-10, in working with or under the control and authority of Government entities, had a duty not to act in such a way as to violate the constitutional rights of another.

87. Defendants John Does 1-10, in working with or under the control and authority of Government entities, violated that duty in complying with, orchestrating, or otherwise assisting Defendants Atlanta and Land Bank in the divestment of Plaintiff's title and control of the Properties through the Board's Order and Quiet Title Petition.

88. Defendants John Does 1-10, in working with or under the control and authority of Government entities, violated that duty in complying with, orchestrating, or otherwise assisting Defendants Atlanta and Land Bank in the divestment of Plaintiff's title and control of the Properties and Common Area.

89. Defendants have provided no just or fair compensation to Plaintiff for the foreclosure and taking of the Properties, thereby depriving Plaintiff of its constitutional rights in violation of the Fifth Amendment of the United States Constitution.

90. Defendants' actions have prohibited Plaintiff from leasing, subleasing, buying, selling, or otherwise utilizing the Common Area for any lawful purpose.

91. Further, Defendants violated Plaintiff's constitutional right to substantive due process under the law because its actions "shocked the conscience" and were oppressive by using municipal means to have Plaintiff's property declared a "public blight" as a cover for divesting Plaintiff of its ownership in the Properties and the Common Area.

92. Defendants and their agents have acted intentionally, willfully, wantonly, and with callous and reckless disregard for Respondent's rights to substantive and produral due process under the 5th and 14th Amendments of the United States Constitution.

### COUNT II - Georgia Takings Clause
### VIOLATION OF GA CONST., ART. I § 3, PARA. I

93. Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 92 of this Complaint as if stated fully herein.

94. This is a claim for unconstitutional taking of private property without just compensation pursuant to Art. I, § 3, Para. I of the Constitution of the State of Georgia.

95. This claim is being made against all Defendants pursuant to 28 U.S.C. § 1367.

96. Pursuant to the Georgia Constitution, all government entities have a duty to not take private property for public purposes without just and adequate compensation. See Knick v. Twp. Of Scott, 588 U.S. ____ (2019).

97. Atlanta, as a government entity, violated that duty by declaring Plaintiff's Property a public nuisance to enable Defendant Land Bank to take possession of the Common Area for a public purpose without providing just compensation.

98. Atlanta declared Plaintiff's Property to be a public nuisance for the alleged public purpose of protecting the City of Atlanta's public health, safety, and welfare.

99. Defendants Atlanta's and Land Bank's taking of the Common Area did not substantially advance a legitimate state interest.

100.    Pursuant to the Fifth Amendment, Defendants Atlanta and Land Bank had a duty to provide Plaintiff just compensation for taking possession of Plaintiff's Property.

101.    Atlanta, as a government entity, violated that duty by taking Plaintiff's Property for an alleged public purpose without providing just compensation.

102.    Defendant Land Bank divested Plaintiff's of its Property through the Land Bank's Quiet Title Petition for the alleged public purpose of removing "a blight on the City of Atlanta community."

103.    Defendant Land Bank's Quiet Title Petition did not substantially advance a legitimate state interest.

104.   Pursuant to the Fifth Amendment, Defendant Land Bank had a duty to provide Plaintiff just and fair compensation for taking Plaintiff's Property.

105.   Defendant Land Bank's uncompensated seizure of Plaintiff's Property violates the Georgia Constitution.

106.   Defendants John Does 1-10, in working with or under the control and authority of government entities, had a duty not to act in such a way as to divest Plaintiff of its property without substantive and procedural due process.

107.   Defendants John Does 1-10, in working with or under the control and authority of government entities, had a duty not to act in such a way as to violate the constitutional rights of another.

108.   Defendants John Does 1-10, in working with or under the control and authority of government entities, violated that duty in complying with, orchestrating, or otherwise assisting Defendants Atlanta and Land Bank in the divestment of Plaintiff's title and control of the Properties through the Board's Order and Quiet Title Petition.

109.   As a direct and proximate result of the Defendants' actions, Plaintiff has been denied the economically beneficial use of its Property.

110.   Without extending constitutionally required just compensation to Plaintiff, Defendants' actions have jeopardized Plaintiff's rights with respect its property ownership.

111.   Further, Defendants' actions have prohibited Plaintiff's Properties from being

leased, subleased, bought, sold, or otherwise used for any lawful purposes.


## COUNT III - DECLARATORY JUDGMENT
## (Pursuant to FRCP Rule 57 & O.C.G.A § 9-4-2

112.   Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through

111 of this Complaint as if stated fully herein.

113.   Defendants have judicially divested Plaintiff of its interest and title in the

Common Area through the Quiet Title Petition and the Quitclaim Deed from

Vintage to Defendant Land Bank.

114.   Plaintiff requests declaratory judgment from the Court confirming Plaintiff's

title and interest in the Common Area, and that it is entitled to any proceeds or

assets that may have been obtained by Defendants from any potential disposal or

sale of the Common Area.

115.   Plaintiff further requests declaratory judgment from the Court confirming the

Quitclaim Deed conveying the Common Area from Vintage to Defendant Land

Bank is a nullity and Plaintiff is the only title and interest holder in the Common

Area.

## COUNT IV - INJUNCTIVE RELIEF

116.   Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 115 of this Complaint as if stated fully herein.

117.   Defendants have been unjustly enriched of Plaintiff's property through their possession of the Properties without due process.

118.   Plaintiff will continue to suffer damages as a result of Defendants' possession and withholding of Plaintiff's property without due process.

119.   Absent injunctive relief from this Court, Plaintiff has no way of mitigating its damages, and Defendants will continue to reap the benefits of their possession of Plaintiff's property and harm the public interest.

120.   Plaintiff seeks a preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure ("Rule 65") and O.C.G.A. § 9-5-1 forbidding Defendants from selling, conveying, or otherwise disposing of the Common Area until such time as ownership of the Properties can be judicially determined.

121.   Plaintiff seeks a preliminary injunction pursuant to Rule 65 and O.C.G.A. § 9-5-1 forbidding Defendants from making use of any proceeds that may have been obtained through the unlawful sale, conveyance, or other such disposal of the Common Area, until such time as ownership of the Properties can be judicially determined.

122.   Plaintiff seeks a permanent injunction pursuant to O.C.G.A. § 9-5-10 forbidding Defendants from selling, conveyance, or otherwise disposing of the

Common Area, until such time as ownership of the Common Area can be judicially determined.

123. Plaintiff seeks a permanent injunction pursuant to O.C.G.A. § 9-5-10 forbidding Defendants from making use of any proceeds that may have been obtained through the unlawful sale, conveyance, or other such disposals of the Common Area, until such time as ownership can be judicially determined.

**WHEREFORE,** Plaintiff respectfully prays this Honorable Court:

(a) Enter an Order that Defendants have violated Plaintiff's constitutional rights by taking Plaintiff's Property for public use without just compensation;

(b) Enter an Order for Declaratory Judgment that issuance and enforcement of the Board's Order and Defendants' efforts to divest ownership in the Common Area from Plaintiff was an unconstitutional violation of Defendant's substantive and procedural due process rights under the 5th and 14th Amendments;

(c) Enter an Order for Declaratory Judgment that the Quitclaim Deed conveying ownership in the Common Area from Vintage to Defendant Land Bank is a nullity;

(d) Enter an Order for a preliminary injunction pursuant to Rule 65 to prohibit Defendants Atlanta and Land Bank from developing, selling, conveying, or otherwise disposing of the Common Area;

(e) Enter an Order for a permanent injunction to prohibit Defendants Atlanta and Land Bank from developing, selling, or otherwise disposing of the Common Area;

(f) Judgment awarding damages for the taking of Plaintiff's property without just compensation, the measure of which to be determined by the enlightened conscience of an impartial jury, but no less than ten million dollars ($10,000,000.00).

(g) Judgment and just compensation for all reasonable attorneys' fees and the costs of litigation.

(h) Grant such other and further relief as is just and appropriate.

## **JURY DEMAND**

Plaintiff hereby demands and trial by jury on all issues so triable.

Respectfully submitted this 10th day of January, 2023.

**I HEREBY STATE AND AFFIRM THAT I HAVE READ THE FOREGOING VERIFIED COMPLAINT AND THAT IT IS TRUE AND ACCURATE TO THE BEST OF MY INFORMATION, KNOWLEDGE AND BELIEF.**

DATED: ___11 January___, 2023.

*Alex Armour*
_____
Alex Armour,
President, 1020 Bolton Holdings, LLC

**Prepared By:**

11695 Johns Creek Pkwy, Suite 130
Johns Creek, Georgia 30097
678-825-4525 (office)
678-835-4629 (fax)
danielle@sagebusinesscounsel.com

**HUDSON LEGAL, LLC DBA
SAGE BUSINESS COUNSEL**

__/s/ Danielle Hudson Laughlin____
**DANIELLE HUDSON LAUGHLIN
(GA BAR NO. 651990)
ROBERT S. BEXLEY
(GA BAR NO. 777172)**
*Attorneys for Plaintiff*

## <u>CERTIFICATION OF TYPEFACE COMPLIANCE</u>

Pursuant to LR 7.1(D), NDGA, counsel for Defendants hereby certifies that this brief has been prepared with one of the font and point selections approved by the Court in LR 5.1, NDGA.