# Exhibit C

ID# E-WLMKXWGA-Y4D
⚡ EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

22-A-3693

NOV 30, 2022 11:36 AM

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **HARRIETT REID,** | * |
| **Plaintiff,** | * |
| | * |
| **vs.** | *  **Civil Action No. 22-A-3693** |
| | * |
| **PUBLIX SUPER MARKETS, INC.,** | * |
| **Defendant.** | * |

### ANSWER OF PUBLIX SUPER MARKETS, INC.

COMES NOW, Defendant Publix Super Markets, Inc. (sometimes hereinafter "Publix") and answers and responds to the Plaintiff's "Complaint for Damages," and for answer, shows the Court as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a cause of action against this Defendant upon which relief can be granted.

### SECOND DEFENSE

No act or omission of this Defendant either proximately caused or contributed to all damage the Plaintiff may have sustained, and on account thereof, Plaintiff is not entitled to recover any sum of this Defendant.

### THIRD DEFENSE

The occurrence complained of was caused, produced and brought about directly and proximately by the negligence of Plaintiff, and on account thereof, Plaintiff is not entitled to recover any sum of this Defendant.

### FOURTH DEFENSE

Plaintiff, by the exercise of ordinary care, could have avoided being injured and damaged, and on account thereof, Plaintiff is not entitled to recover any sum of this Defendant.

### FIFTH DEFENSE

The negligence of Plaintiff equaled or preponderated over any act or omission of this Defendant in producing and bringing about the occurrence complained of, and on account thereof, Plaintiff is not entitled to recover any sum of this Defendant.

### SIXTH DEFENSE

Further answering the numbered paragraphs of Plaintiff's Complaint, Defendant answers as follows:



1.

This Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 1 of Plaintiff's Complaint and can therefore neither admit nor deny same.

2.

This Defendant admits the allegations contained in paragraph 2 of Plaintiff's Complaint.

3.

The Defendant admits only that this was a leased location. Otherwise, the Defendant has insufficient information to either admit or deny the balance of the allegations contained within paragraph 3 of the Plaintiff's Complaint at this time.

4.

This Defendant admits the allegations contained in paragraph 4 of Plaintiff's Complaint.

5.

The Defendant admits that at the time of the Plaintiff's fall she was heading towards the checkout lines. The Defendant has insufficient information to either admit or deny the balance of the allegations contained within paragraph 5 of the Plaintiff's Complaint and therefore stands denied.

6.

The Defendant admis that there were no warning signs in the vicinity of the area that the Plaintiff fell. The Defendant denies the balance of the allegations contained within paragraph 6 of the Plaintiff's Complaint.

7.

This Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 7 of Plaintiff's Complaint and can therefore neither admit nor deny same.

8.

This Defendant denies the allegations contained in paragraph 8 of Plaintiff's Complaint.

9.

This Defendant denies the allegations contained in paragraph 9 of Plaintiff's Complaint.

10.

This Defendant denies the allegations contained in paragraph 10 of Plaintiff's Complaint as stated.

11.

This Defendant denies the allegations contained in paragraph 11 of Plaintiff's Complaint.

12.

The Defendant admits that the incident was reported but denies that the Plaintiff and her husband spoke with the "store manager".

13.

This Defendant denies the allegations contained in paragraph 13 of Plaintiff's Complaint.

14.

This Defendant denies the allegations contained in paragraph 14 of Plaintiff's Complaint.

15.

This Defendant denies the allegations contained in paragraph 15 of Plaintiff's Complaint.

15[sic].

This Defendant denies the allegations contained in paragraph 15 of Plaintiff's Complaint.

## SEVENTH DEFENSE

Any allegation contained in the Plaintiff's Complaint, which has not herein expressly been admitted, is hereby denied.


WHEREFORE, Defendant having fully answered the Plaintiff's Complaint prays that he hence be discharged of the Plaintiff's Complaint on all the aforesaid defenses, and that judgment be entered in favor of this Defendant and against the Plaintiff, with all costs cast upon the Plaintiff.


This 30th day of November, 2022.


**FAIN MAJOR & BRENNAN, P.C.**

One Premier Plaza
5605 Glenridge Drive, NE
Suite 900
Atlanta, GA 30342-1445
(404) 688-6633
jhardee@fainmajor.com

*/s/ James W. Hardee*

JAMES W. HARDEE
Georgia Bar No. 324399
*Counsel for Publix Super Markets, Inc.*

**IN THE STATE COURT OF COBB COUNTY**

**STATE OF GEORGIA**

| | | |
|---|---|---|
| **HARRIETT REID,** | * | |
| **Plaintiff,** | * | |
| | * | |
| **vs.** | * | **Civil Action No. 22-A-3693** |
| | * | |
| **PUBLIX SUPER MARKETS, INC.,** | * | |
| **Defendant.** | * | |

## CERTIFICATE OF SERVICE

This is to certify that I have this date served upon counsel for the opposing parties in the foregoing matter a copy of the **Answer of Publix SuperMarkets, Inc.** electronically via PeachCourt, via statutory electronic service, or by placing same in the United States Mail, postage prepaid, addressed as follows:

Anthony J. Herro
THE HERRO LAW FIRM
3495 Piedmont Rd. NE
Bldg 11, Suite 824
Atlanta, GA 30305
anthony@herrolaw.com

This 30th day of November, 2022.

FAIN MAJOR & BRENNAN, P.C.

One Premier Plaza
5605 Glenridge Drive, NE
Suite 900
Atlanta, GA 30342-1445
(404) 688-6633
jhardee@fainmajor.com

*/s/ James W. Hardee*
_____
JAMES W. HARDEE
Georgia Bar No. 324399
*Counsel for Publix Super Markets, Inc.*