IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ALEXANDER CORDERO, | ) |
| | ) |
|    Plaintiff, | ) |
| | )    CIVIL ACTION |
| v. | ) |
| | )    FILE No. _____ |
| VICTORINO SANCHEZ and | ) |
| MARGARITA SANCHEZ, | ) |
| | ) |
|    Defendants. | ) |

## COMPLAINT

COMES NOW, ALEXANDER CORDERO, by and through the undersigned counsel, and files this, his Complaint against Defendants VICTORINO SANCHEZ and MARGARITA SANCHEZ pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"). In support thereof, Plaintiff respectfully shows this Court as follows:

## JURISDICTION AND VENUE

1. This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181, *et seq.*, based upon Defendants' failure to remove physical barriers to access and violations of Title III of the ADA.

1

2. Venue is proper in the federal District Court for the Northern District of Georgia, Atlanta Division.

## PARTIES

3. Plaintiff ALEXANDER CORDERO (hereinafter "Plaintiff") is, and has been at all times relevant to the instant matter, a natural person residing in Lawrenceville, Georgia (Gwinnett County).

4. Plaintiff is a paraplegic and is disabled as defined by the ADA.

5. Plaintiff is required to traverse in a wheelchair and is substantially limited in performing one or more major life activities, including but not limited to: walking and standing.

6. Plaintiff cannot walk and uses a wheelchair for mobility purposes.

7. Defendant VICTORINO SANCHEZ (hereinafter "VS") is an individual whom, upon information and good faith belief, has been a resident of the State of Georgia at all times relevant hereto.

8. VS is a co-owner of the real property and improvements that are the subject of this action. (The structures and improvements situated upon said real property shall be referenced herein as the "Facility," and said real property shall be referenced herein as the "Property").

9. VS may be properly served with process at 3256 Hamilton Road,

Lawrenceville, Georgia 30044.

10. Defendant MARGARITA SANCHEZ (hereinafter "MS") is an individual whom, upon information and good faith belief, has been a resident of the State of Georgia at all times relevant hereto.

11. MS is a co-owner of the Facility and Property.

12. MS may be properly served with process at 3256 Hamilton Road, Lawrenceville, Georgia 30044.

## FACTUAL ALLEGATIONS

13. On or about December 14, 2022, Plaintiff was a customer at "Don Pedro Mexican Food," a business that operates within the Facility and upon the Property.

14. Plaintiff's access to the business located at 4085 Lawrenceville Hwy, Lilburn, Georgia 30047 (identified by Gwinnett County Property Appraiser's parcel number R6150 124), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of his disabilities, and he will be denied and/or limited in the future unless and until Defendants are compelled to remove the physical barriers to access and correct the ADA violations that exist at the Facility and Property, including those set forth in this Complaint.

15. Plaintiff lives approximately twelve (12) miles from the Facility and Property.

16. Plaintiff regularly travels in the near vicinity of the Facility and Property.

17. Plaintiff has visited the Facility and Property at least once before and intends on revisiting the Facility once the Facility and Property are brought into compliance with the 2010 ADAAG standards.

18. Plaintiff intends to revisit the Facility and Property to purchase goods and/or services.

19. Plaintiff travelled to the Facility and Property as a customer and as an advocate for the disabled, encountered the barriers to his access of the Facility and Property that are detailed in this Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access present at the Facility and Property.

## COUNT I
## VIOLATIONS OF THE ADA AND ADAAG

20. On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq*. (the "ADA").

21. The ADA provided places of public accommodation one and a half years from its enactment to implement its requirements.

22. The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 (if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

23. The Facility is a public accommodation and service establishment.

24. The Property is a public accommodation and service establishment.

25. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

26. Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq.*; 28 C.F.R. § 36.508(a).

27. Liability for violations under Title III or the ADA falls on "any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

28. The Facility must be, but is not, in compliance with the ADA and ADAAG.

29. The Property must be, but is not, in compliance with the ADA and ADAAG.

30. Plaintiff has attempted to, and has to the extent possible, accessed the Facility and the Property in his capacity as a customer of the Facility and Property, but could not fully do so because of his disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility and Property that preclude and/or limit his access to the Facility and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

31. Plaintiff intends to visit the Facility and Property again in the very near future as a customer and as an advocate for the disabled in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at the Facility and Property, but will be unable to fully do so because of his disability and the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility and Property that preclude and/or limit his access to the Facility and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

32. Defendants have discriminated against Plaintiff (and others with

disabilities) by denying his access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility and Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

33. Defendants will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants are compelled to remove all physical barriers that exist at the Facility and Property, including those specifically set forth herein, and make the Facility and Property accessible to and usable by Plaintiff and other persons with disabilities.

34. A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed that precluded and/or limited Plaintiff's access to the Facility and Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of the Facility and Property include, but are not limited to:

**(a) EXTERIOR ELEMENTS:**

(i) The accessible parking space on the Property situated on the north side of the Facility has a slope in excess of 1:48 (one to forty-eight), in violation of section 502.4 of the 2010 ADAAG standards.

(ii) The access aisle adjacent to the accessible parking space on the Property situated on the north side of the Facility has inadequate dimensions, in violation of section 502.3 of the 2010 ADAAG standards. This access aisle also has a slope in excess of 1:48 (one to forty-eight), in violation of section 502.4 of the 2010 ADAAG standards.

(iii) There is broken pavement and excessive vertical rises at the base and landing of the most proximate accessible ramp to the above-described access aisle on the Property, in violation of section 405.7 of the 2010 ADAAG standards. The running surface of this ramp also has a cross-slope greater than 1:48 (one to forty-eight), in violation of section 405.3 of the 2010 ADAAG standards.

(iv) The access aisle adjacent to the accessible parking space on the Property situated on the east side of the Facility has inadequate dimensions, in violation of section 502.3 of the 2010 ADAAG standards, requiring disabled individuals to exit and re-enter their vehicle within the vehicular way.

(v) There is an additional accessible ramp on the Property that has

excessive vertical rises at its base, in violation of section 405.7 of the 2010 ADAAG standards, and a running slope exceeding 1:12 (one to twelve), in violation of section 405.2 of the 2010 ADAAG standards.

**(b)    INTERIOR ELEMENTS:**

(i)     The centerlines of the commodes in the accessible toilet stalls in the restrooms in the Facility are not correctly positioned from the sidewall or partition, in violation of section 604.2 of the 2010 ADAAG standards.

(ii)    The grab bars adjacent to the accessible toilet stalls in the restrooms in the Facility do not comply with section 604.5 of the 2010 ADAAG standards. Specifically, the side bar is affixed at an impermissible height.

(iii)   The accessible toilet stall doors in the restrooms in the Facility are not self-closing, in violation of section 604.8.2.2 of the 2010 ADAAG standards.

(iv)    The height of the coat hooks located in the restroom stalls in the restrooms in the Facility are above 48" (forty-eight inches) from the finished floor, in violation of section 308.2.1 of the

2010 ADAAG standards.

35. Without limitation, the above-described violations of the ADAAG made it more difficult for Plaintiff to exit and re-enter his vehicle while on the Property, and more difficult and dangerous for Plaintiff to utilize the accessible ramps on the Property.

36. The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Facility and Property.

37. Plaintiff requires an inspection of Facility and Property in order to determine all of the discriminatory conditions present at the Facility and Property in violation of the ADA.

38. The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

39. All of the violations alleged herein are readily achievable to modify to bring the Facility and Property into compliance with the ADA.

40. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Facility and Property is readily

achievable because the nature and cost of the modifications are relatively low.

41. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Facility and Property is readily achievable because Defendants have the financial resources to make the necessary modifications.

42. In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

43. Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Facility and Property, including those alleged herein.

44. Plaintiff's requested relief serves the public interest.

45. The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendants.

46. Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendants pursuant to 42 U.S.C. §§ 12188 and 12205.

47. Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to

grant injunctive relief to Plaintiff, including the issuance of an order to modify the Facility and Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a) That the Court find VICTORINO SANCHEZ in violation of the ADA and ADAAG as to each violation enumerated herein that is under its ownership, possession and/or control;

(b) That the Court find MARGARITA SANCHEZ in violation of the ADA and ADAAG as to each violation enumerated herein that is under its ownership, possession and/or control;

(c) That the Court issue a permanent injunction enjoining Defendants from continuing their discriminatory practices;

(d) That the Court issue an Order requiring Defendants to (i) remove the physical barriers to access and (ii) alter the subject Facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA;

(e) That the Court award Plaintiff his reasonable attorneys' fees, litigation expenses and costs; and

(f) That the Court grant such further relief as just and equitable in light of the circumstances.

Dated: January 11, 2023.

Respectfully submitted,

/s/Craig J. Ehrlich
Craig J. Ehrlich
Georgia Bar No. 242240
The Law Office of Craig J. Ehrlich, LLC
1123 Zonolite Road N.E., Suite 7-B
Atlanta, Georgia 30306
Tel: (404) 365-4460
Fax: (855) 415-2480
craig@ehrlichlawoffice.com

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1**

The undersigned hereby certifies that the foregoing document has been prepared in accordance with the font type and margin requirements of Local Rule 5.1 of the Northern District of Georgia, using a font type of Times New Roman and a point size of 14.

/s/Craig J. Ehrlich
Craig J. Ehrlich