# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA a/s/o THE HOME DEPOT, INC.,<br><br>Plaintiff,<br><br>v.<br><br>TERRA LOGISTICS COMPANY d/b/a AMERICAN GLOBAL LOGISTICS, LLC,<br><br>Defendant. | CIVIL ACTION NO.<br><br>_____ |

## **COMPLAINT**

Plaintiff National Union Fire Insurance Company of Pittsburgh, PA as subrogee of The Home Depot, Inc. (hereinafter referred to as "Plaintiff"), by and through its undersigned counsel, hereby submits its Complaint against Defendant Terra Logistics Company d/b/a American Global Logistics, LLC ("AGL"):

# INTRODUCTION

1.

This action arises from damage to furniture ("Cargo") owned by The Home Depot, Inc. ("Home Depot"), insured by Plaintiff, and tendered for shipment to AGL.

# PARTIES

2.

Plaintiff was and is a foreign corporation with a principal place of business at 1271 Avenue of the Americas, 37th Floor, New York, New York, 10020.

3.

Home Depot owned the Cargo.

4.

Plaintiff insured the Cargo, paid Home Depot's losses resulting from the incident detailed herein, and is thereby subrogated to Home Depot's rights.

5.

AGL was a Georgia limited-liability company with a principal place of business at 3399 Peachtree Road, Suite 1100, Atlanta, Georgia 30326. AGL may be

served with process upon its registered agent, CT Corporation System located at 289 South Culver Street, Lawrenceville, Georgia 30046.

6.

AGL was the freight forwarder and/or non-vessel operating common carrier hired by Home Depot to transport the Cargo.

## JURISDICTION AND VENUE

7.

This action involves a contract connected with shipping employed on the seas. The Honorable Court has jurisdiction and venue is proper pursuant to U.S. Const. art. 3, § 2, cl. 1 and 28 U.S.C. § 1333. Furthermore, this is an admiralty and maritime claim within the meaning of Fed. R. Civ. P. 9(h).

## BACKGROUND

8.

On or around August 19, 2021, Home Depot and AGL entered into a Worldwide Service Agreement ("Agreement").

9.

Under the Agreement, Home Depot agreed to hire AGL to carry its Cargo, and AGL agreed to do so subject to the Agreement's terms. More specifically, the Agreement states:

> If any shipment . . . is lost, damaged or destroyed as a result of [AGL's] failure to meet its obligations . . . [AGL] shall be liable for all such losses or damage to the cargo . . . and shall compensate Home Depot for the C.I.F. value (including Duty), plus ten percent or $500 per package, whichever is greater.
>
> Home Depot shall have twelve months from the date of delivery, or the date when the goods should have been delivered, in which to file a claim for loss or damage with [AGL]. . . .
>
> All claims shall be paid, settled, or disallowed by [AGL] within ninety (90) days of filing. Whenever [AGL] disallows a claim by Home Depot, it shall provide a lawful reason for doing so, which shall be stated by [AGL], not its insurer. [AGL]'s failure to timely respond to a claim shall be deemed an allowance of such claim.

10.

On or around November 16, 2021, Home Depot hired AGL to transport the Cargo from Ningbo, China to Atlanta, Georgia, via Long Beach, California.

11.

AGL, in turn, subcontracted carriage of the Cargo by steamship line.

12.

The Cargo was loaded and stowed in seven shipping containers (numbered SLVU4978051, SLVU4979905, SLVU4982513, TRHU8872190, TRHU8876088, TRHU8876128, VOLU4938130) ("Containers") onboard the ship COSCO NAGOYA ("Ship").

13.

On November 23, 2021, during the Ship's voyage to the Port of Long Beach, California, USA, three of the Containers were damaged (numbered SLVU4979905, SLVU4982513, and TRHU8872190) and four were lost overboard in the Pacific Ocean (numbered SLVU4978051, TRHU8876088, TRHU8876128, and VOLU4938130).

14.

The Cargo's damage and loss caused Home Depot to suffer losses totaling Three Hundred and Eighty Thousand Two Hundred and One Dollars ($380,201.00).

15.

Shortly thereafter, Home Depot submitted a claim to its cargo insurer, Plaintiff, for these losses, which Plaintiff paid on October 12, 2022.

16.

Plaintiff thereby became subrogated to Home Depot's rights.

17.

On or about January 5, 2022, pursuant to the Agreement, Home Depot filed a claim for losses with AGL.

18.

AGL never responded to Home Depot's claim for losses.

## COUNT I
## BREACH OF CONTRACT

19.

Plaintiff adopts the allegations of all preceding paragraphs as if fully set forth herein verbatim.

20.

AGL entered into the Agreement to orchestrate transportation of the Cargo in exchange for compensation from Home Depot.

21.

A condition of the Agreement is that AGL is liable for any losses or damages incurred by Home Depot if its Cargo is lost, damaged, or destroyed as a result of AGL's failure to meet its obligations.

22.

Another condition of the Agreement is that Home Depot must file any claims within 12 months of the date of delivery or date when the goods should have been delivered.

23.

Under the Agreement, if Home Depot timely files these claims, AGL is required to pay, settle, or disallow these claims within 90 days of filing.

24.

Under the Agreement, if AGL fails to respond to a timely-filed claim, the claim shall be deemed an allowance.

25.

Home Depot's Cargo was lost and damaged on or about November 23, 2021.

26.

Home Depot's Cargo was lost and damaged as a result of AGL's failure to meet its obligations.

27.

Under the Agreement, Home Depot timely filed its claim for loss and damages to its Cargo with AGL.

28.

AGL did not pay Home Depot's claim for loss and damages to its Cargo.

29.

AGL did not settle Home Depot's claim for loss and damages to its Cargo.

30.

AGL did not disallow Home Depot's claim for loss and damages to its Cargo.

31.

AGL's did not respond to Home Depot's claim for loss and damages to its Cargo.

32.

Under the Agreement, AGL's failure to respond to Home Depot's claim for loss and damages to its Cargo constitutes an allowance of Home Depot's claim.

33.

Under the Agreement, AGL is in material breach of its contractual obligations to Home Depot.

34.

Plaintiff, as subrogee of Home Depot, is entitled to actual damages totaling $380,301.00.

## COUNT II
## ATTORNEYS' FEES AND EXPENSES

35.

AGL adopts the allegations of all preceding paragraphs as if fully set forth herein verbatim.

36.

Under the Agreement, AGL agreed to indemnify Home Depot for any costs or expenses, including attorneys' fees, based upon any acts or omissions by AGL, or the underlying shipping line, or its agents, sub-agents, representatives, or employees.

37.

AGL entered into the Agreement to orchestrate transportation of the Cargo in exchange for compensation from Home Depot.

38.

A condition of the Agreement is that AGL is liable for any losses or damages incurred by Home Depot if its Cargo is lost, damaged, or destroyed as a result of AGL's failure to meet its obligations.

39.

Another condition of the Agreement is that Home Depot must file any claims within 12 months of the date of delivery or date when the goods should have been delivered.

40.

Under the Agreement, if Home Depot timely files these claims, AGL is required to pay, settle, or disallow these claims within 90 days of filing.

41.

Under the Agreement, if AGL fails to respond to a timely-filed claim, the claim shall be deemed an allowance.

42.

Home Depot's Cargo was lost and damaged on or about November 23, 2021.

43.

Home Depot's Cargo was lost and damaged as a result of AGL's failure to meet its obligations.

44.

Home Depot timely filed its claim for loss and damages to its Cargo with AGL.

45.

AGL did not pay Home Depot's claim for loss and damages to its Cargo.

46.

AGL did not settle Home Depot's claim for loss and damages to its Cargo.

47.

AGL did not disallow Home Depot's claim for loss and damages to its Cargo.

48.

AGL's did not respond to Home Depot's claim for loss and damages to its Cargo.

49.

Under the Agreement, AGL's failure to respond to Home Depot's claim for loss and damages to its Cargo constitutes an allowance of Home Depot's claim.

50.

Under the Agreement, AGL is in material breach of its contractual obligations to Home Depot.

51.

Plaintiff, as subrogee of Home Depot, is entitled to actual damages totaling $380,301.00.

52.

Moreover, Plaintiff is entitled to costs and expenses, including reasonable attorneys' fees, associated with bringing this action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that the Court grant the following relief:

a) That service of a copy of the Summons and Complaint be perfected on Defendant;

b) That Plaintiff be granted a trial by jury;

c) That judgment be awarded against Defendant;

d) That the Court further award Plaintiff the recovery of reasonable attorneys' fees and expenses of litigation as provided under the Agreement;

e)  That Plaintiff be awarded prejudgment and post judgment interest as provided by law; and

f)  Any and all such further relief as the Court may deem just and appropriate.

Respectfully submitted this 11th day of January, 2023.

                                        Moseley Marcinak Law Group, LLP

                                        */s/ Blair J. Cash*
                                        Blair J. Cash
                                        Georgia Bar No. 360457
                                        blair.cash@momarlaw.com
                                        Donavan K. Eason
                                        Georgia Bar No. 487358
                                        donavan.eason@momarlaw.com
                                        *Attorneys for Plaintiff*
                                        *National Union Fire Insurance*
                                        *Company of Pittsburgh, PA a/s/o*
                                        *The Home Depot, Inc.*

Moseley Marcinak Law Group, LLP
P.O. Box 1688
Kennesaw, Georgia 30156
470-480-7258
470-480-7259 (Fax)

## **CERTIFICATE OF COMPLIANCE**

The undersigned hereby certifies that the foregoing document was prepared in accordance with N.D. Georgia Local Rule 5.1 and 7.1(D).  Specifically, counsel certifies that he has used 14-point Times New Roman as the font in these documents.

This 11th day of January, 2023.

                                              Moseley Marcinak Law Group, LLP

                                              */s/ Blair J. Cash*
                                              Blair J. Cash
                                              Georgia Bar No. 360457
                                              blair.cash@momarlaw.com
                                              Donavan K. Eason
                                              Georgia Bar No. 487358
                                              donavan.eason@momarlaw.com
                                            *Attorneys for Plaintiff*
                                            *National Union Fire Insurance*
                                            *Company of Pittsburgh, PA a/s/o*
                                            *The Home Depot, Inc.*

Moseley Marcinak Law Group, LLP
P.O. Box 1688
Kennesaw, Georgia 30156
470-480-7258
470-480-7259 (Fax)

{00893476-7}