## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| WILLIE HARVEY, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION NO.: |
| v. ) | |
| ) | _____ |
| ) | |
| JONESBORO POLICE OFFICER ) | **COMPLAINT AND** |
| D. YISRAEL, in his individual ) | **JURY TRIAL DEMAND** |
| Capacity, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

COMES NOW, Plaintiff Willie Harvey and files this Complaint for damages under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution. In support thereof, Plaintiffs state as follows:

### INTRODUCTION

1. On July 23, 2022, Defendant Jonesboro police officer D. Yisrael initiated a stop of Plaintiff Harvey allegedly because Plaintiff was not wearing his seatbelt.

2. Plaintiff Harvey had a camera inside his work vehicle which recorded the entirety of the interaction between Plaintiff and Defendant and also included

       footage prior to the stop.

3. The in vehicle footage showed that Plaintiff was at all times wearing his seatbelt and complying with all applicable traffic laws.

4. Defendant also claimed that Plaintiff's vehicle, which was owned by his employer, had no insurance which was also incorrect.

5. Defendant had Plaintiff's work vehicle impounded for no insurance.

6. There was no objectively reasonable reason for Defendant to pull over Plaintiff.

7. There was no objectively reasonable need for Defendant to impound Plaintiff's work vehicle.

## PARTIES

8. Plaintiff Willie Harvey is a resident of Georgia.

9. Defendant D. Yisrael was employed by the City of Jonesboro as a police officer in July 2022. At all times relevant to this lawsuit, Defendant Brown acted under the color of state law.

## JURISDICTION AND VENUE

10. This case presents a federal question under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the Constitution. This Court has subject matter jurisdiction under 28 U.S.C. § 1331.

11. Upon service of process, this Court acquires personal jurisdiction of the Defendant under Fed. R. Civ. P. 4(k)(1)(a).

12. Venue is proper in the Northern District of Georgia under 28 U.S.C. § 1391(b) because all acts occurred within said District.

## FACTUAL ALLEGATIONS

13. On July 23, 2022 Defendant Yisrael initiated a traffic stop of Plaintiff under the guise that Plaintiff Harvey was not wearing a seat belt.

14. Video evidence showed that there was no seat belt violation or probable cause to pull over Defendant Harvey.

15. Defendant Yisrael knew or should have known that he had no probable cause to stop and detain Plaintiff Harvey.

16. The seat belt violation was a mere subterfuge to profile Plaintiff Harvey because he was an African American male.

17. Defendant Yisrael approached the vehicle and saw that Plaintiff Harvey was wearing his seatbelt.

18. Instead of letting Plaintiff continue with his job as a package deliveryman, Defendant Yisrael unlawfully detained Plaintiff Harvey and ran his information despite having no legal grounds to do so.

19. Defendant Yisrael incorrectly and for reasons unknown impounded

Plaintiff's work vehicle under the guise that the vehicle had no insurance.

20. Defendant Yisrael cited Plaintiff Harvey for no seatbelt and for no insurance.

21. Upon bringing this matter to the attention of Defendant Yisrael's superiors, the tickets were promptly dismissed.

22. Plaintiff Harvey was unable to finish his work that day and has suffered and continues to suffer from mental trauma and emotional distress as a result of Defendant Yisrael's conduct.

## COUNT I
*Illegal Seizure/Illegal Entry*
*Under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments*

23. Plaintiffs replead paragraphs 1 through 22 as if fully set forth herein.

24. Defendant fits the definition of a person for the purposes of a Section 1983 action for damages.

25. At all times material hereto, Defendant's actions and/or omissions were made under the color of authority and law as a police officer for the city of Jonesboro.

26. On or about July 23, 2022, Defendant Yisrael violated Plaintiff's clearly established constitutional rights, to wit: by racially profiling him and seizing

him and his vehicle without probable cause.

27. Defendant Yisrael violated Plaintiff's Fourth and/or Fourteenth Amendment Rights under the United States Constitution to be free from illegal seizure and racial profiling.

28. There was no reasonably objective probable cause to initiate a traffic stop on Plaintiff Harvey.

29. There was no reasonably objective probable cause to impound the vehicle driven by Plaintiff Harvey.

30. Defendant Yisrael demonstrated a deliberate indifference to and/or reckless disregard of Plaintiff's civil and constitutional rights by racially profiling Plaintiff and pulling Plaintiff over without probable cause.

31. Plaintiff suffered mental trauma and psychological distress as a result of the illegal traffic stop initiated by Defendants Yisrael.

32. Defendant Yisrael's actions of profiling and illegal seizure, as described herein, were objectively unreasonable in light of the facts and circumstances available to Defendant Yisrael.

33. Defendant Yisrael acted with malicious intent when profiling and seizing Plaintiff without probable cause.

34. Defendant Yisrael's actions were not undertaken in good faith.

35. On July 23, 2022, the law was clearly established that law enforcement officers were prohibited from racial profiling and were prohibited from seizing persons without probable cause.

36. Defendant Yisrael's actions, as described herein, were malicious, oppressive, and taken with reckless disregard to Plaintiff's constitutional rights such that Plaintiff may recover punitive damages against Defendant Yisrael.

WHEREFORE, Plaintiffs demand the following:

    a) That this action be tried by a jury;

    b) That judgment be entered in favor of Plaintiff and against Defendant in an amount to be determined by the enlightened conscience of fair and impartial jurors to the extent allowed by law;

    c) That Plaintiff be awarded nominal, compensatory, special, and punitive damages when applicable;

    d) That Plaintiff be awarded attorneys' fees under 42 U.S.C. § 1988 where applicable;

    e) That all costs of this action be taxed against Defendant; and

    f) That the Court award any additional or alternative legal or equitable relief

as may be deemed appropriate under the circumstances.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on this matter on all counts to which Plaintiff is entitled to a jury.

Respectfully submitted this 11th day of January, 2023.

        Respectfully Submitted,

        /s/ Matthew Gebhardt_____
        Matthew Gebhardt, Georgia Bar#812697
        Gebhardt Law Firm, LLC
        235 Peachtree Street NE, Suite 400
        Atlanta, Georgia 30303
        (404) 998-2234
        Fax: (888) 248-0767
        matt@gebhardtlawfirm.com
        **ATTORNEY FOR PLAINTIFF**