IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ROBERT BURKS and MARIA BURKS,<br><br>Plaintiffs,<br><br>vs.<br><br>MURPHY USA, INC. and MURPHY OIL USA, INC.,<br><br>Defendants. | CIVIL ACTION FILE NO.<br>_____ |

## NOTICE OF REMOVAL

COME NOW Murphy USA, Inc. and Murphy Oil USA, Inc. ("Defendants") who submit this Notice of Removal of this action from the Superior Court of Gwinnett County, Georgia, to the United States District Court for the Northern District of Georgia, Atlanta Division, respectfully showing as follows:

1.

Defendants are the only named defendants in a civil action brought in the Superior Court of Gwinnett County, Georgia, styled *Robert Burks and Maria Burks v. Murphy USA, Inc. and Murphy Oil USA, Inc.*, Civil Action File no. 20-A-03792-6. Attached to this Notice of Removal are:

- Exhibit "A": the Complaint filed on June 2, 2020 by Plaintiff in the

1

Superior Court of Gwinnett County;

- Exhibit "B": the Summons issued by the Clerk of the Superior Court of Gwinnett County on September 30, 2020 for Murphy Oil USA, Inc.;

- Exhibit "C": the First Amended Complaint filed on September 30, 2020 by Plaintiff in the Superior Court of Gwinnett County;

- Exhibit "D": the Entry of Service of October 6, 2020 on Murphy Oil USA, Inc.;

- Exhibit "E": the Answer of Defendant Murphy Oil USA, Inc. to Plaintiff's First Amended Complaint filed on November 3, 2020 in the Superior Court of Gwinnett County;

- Exhibit "F": the Answer of Defendant Murphy USA, Inc. to Plaintiff's First Amended Complaint filed on November 3, 2020 in the Superior Court of Gwinnett County;

- Exhibit "G": the Second Amended Complaint filed by Plaintiffs on May 24, 2021 in the Superior Court of Gwinnett County;

- Exhibit "H": the Answer of Defendant Murphy Oil USA, Inc. to Plaintiffs' Second Amended Complaint filed on June 23, 2020 in the Superior Court of Gwinnett County;

- Exhibit "I": the Answer of Defendant Murphy USA, Inc. to Plaintiffs'

Second Amended Complaint filed on June 23, 2020 in the Superior Court of Gwinnett County;

- Exhibit "J": the Third Amended Complaint filed on December 31, 2021 by Plaintiffs in the Superior Court of Gwinnett County;

- Exhibit "K": the Answer of Defendant Murphy Oil USA, Inc. to Plaintiffs' Third Amended Complaint filed on January 31, 2022 in the Superior Court of Gwinnett County;

- Exhibit "L": the Answer of Defendant Murphy USA, Inc. to Plaintiffs' Third Amended Complaint filed on January 31, 2022 in the Superior Court of Gwinnett County;

- Exhibit "M": Order of the Superior Court of Gwinnett County entered on November 3, 2022 setting case for trial on February 13, 2023;

- Exhibit "N": Order of the Superior Court of Gwinnett County entered on December 30, 2022 dismissing defendant Olasumbo Reis;

Exhibits "A" through "N" comprise the process, pleadings, and orders served on and in the possession of Defendants.

2.

This action was commenced by the filing of a Complaint on June 2, 2020 which named Murphy USA, Inc. and Olasumbo Reis as defendants. See Exh. A.

3

Plaintiff Robert Burks amended his Complaint on September 30, 2020, before any defendant was served, to add Defendant Murphy Oil USA, Inc. See Exh. C. Thereafter, the Complaint was amended a second time to add an additional Plaintiff on May 24, 2021. See Exh. G. Plaintiffs again amended their Complaint on December 31, 2021. See Exh. J. On December 30, 2022, the Superior Court of Gwinnett County granted Plaintiffs' motion to dismiss less than all parties and dismissed Plaintiffs' Complaint as to then-defendant Olasumbo Reis. See Exh. M.

3.

This action is removable under 28 U.S.C. §§ 1446(b), 1446(c)(1) and this Court has jurisdiction over this action under 28 U.S.C. § 1332 because there is complete diversity of citizenship between the Plaintiffs and Defendants and the amount in controversy exceeds the jurisdictional requirement of $75,000.00, excluding interest and costs.

4.

**Amount in Controversy.** This case arises from an incident on February 23, 2020 where Olasumbo Reis reversed her vehicle into a gas dispenser at a station owned and operated by Murphy Oil USA, Inc. and knocked said dispenser over and onto Plaintiff Robert Burks who sustained injuries. Plaintiffs have alleged and specified the following claims for damages in their Third Amended Complaint such

that the pleadings demonstrate that the amount in controversy exceeds the jurisdictional requirement of $75,000.00. See <u>Roe v. Michelin N. Am., Inc.</u>, 613 F.3d 1058, 1061 (11th Cir. 2010):

- Reis was continuing to back up toward the gas pump when her vehicle struck the gas pump, whereupon the gas pump, not adequately attached to the concrete island, fell over and struck Burks, causing him serious and grievous injury. (Third Am. Complaint, ¶ 13)(Exh. J).

- Burks was transported from the scene by ambulance, unconscious and bleeding from the head. (Third Am. Complaint, ¶ 14)(Exh. J).

- As a direct, proximate and foreseeable result of Defendant Murphy's negligence, Burks was severely injured, incurred medical expenses in the treatment of said injuries, suffered extreme and prolonged physical and mental pain and suffering, and permanent and irreparable bodily injury. In addition, Burks will have ongoing pain and suffering. (Id. ¶ 18) (Exh. J).

- Defendants Murphy and Reis's actions show wanton disregard for the safety of others, and an entire want of care, which would raise the presumption of conscious indifference to consequences, thus entitling Burks to punitive damages. (Id. ¶ 41) (Exh. J).

- As a direct and proximate result of Defendants' negligence, Plaintiffs have suffered and will continue to suffer in the future, loss of consortium, loss of society, affection, assistance and conjugal fellowship, all to the detriment of their marital relationship. (Id. ¶ 44) (Exh. J).

- WHEREFORE, Plaintiff Burks prays for judgment against Defendants Murphy and Reis, jointly and severally, in an amount not less than $5,000,000 to compensate him for his injuries, losses and damages, together with costs and expenses of this action, and such other and further relief as this Court deems just and reasonable. (Third Am. Complaint)(Exh. J).

- Plaintiffs jointly, as husband and wife, pray for judgment against Defendants Murphy and Reis, jointly and severally, in an amount not less than $1,000,000 to compensate them for their loss of consortium, together with costs and expenses of this action, and such other and further relief as this Court deems just and reasonable. (Third Am. Complaint)(Exh. J).

The "jurisdictional amount may be apparent on the face of the Complaint if the language clearly alleges extensive damages such as long-term medical expenses,

6

mental and physical pain and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement or other serious injuries." Williams v. Best Buy Co., 269 F.3d 1316, 1320 (11th Cir. 2001). This court may make "reasonable deductions, reasonable inferences, or other reasonable extrapolations" to determine whether the jurisdictional amount is met. Pretka v. Kolter City Plaza II, Inc., 22 Fla. L. Weekly Fed. C 949 (U.S. 11th Cir. 2010). Courts "may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." Hickerson v. Enter. Leasing Co. of Ga., LLC, 818 F. App'x 880, 883 (11th Cir. 2020).

Here, Plaintiff Robert Burks has alleged he suffered serious and grievous injury when he was struck by a gas pump that was knocked over by Ms. Reis' vehicle. He has further alleged that he suffered extreme and prolonged physical and mental pain and suffering, and permanent and irreparable bodily injury. Plaintiffs have also alleged an entitlement to punitive damages and have included an *ad damnum* clause in their complaint seeking $6,000,000.  See Exh. J. Generally, a plaintiff's *ad damnum* clause controls the amount in controversy determination. Floyd Healthcare Mgmt. v. Nationwide Prop. & Cas. Ins. Co., No. 4:11-CV-64 (CDL), 2012 U.S. Dist. LEXIS 54409, at *3 (M.D. Ga. Apr. 18, 2012); Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1315 (11th Cir. 2002).

7

"[W]hen the complaint seeks damages exceeding $75,000, a removing defendant may rely on the plaintiff's valuation of the case to establish the amount in controversy unless it appears to a legal certainty that the plaintiff cannot recover the amount claimed." Mitchell, 294 F.3d 1309, 1315 (11th Cir. 2002).

Although Defendants deny that Plaintiffs are entitled to such recovery, given the types of damages alleged, the seriousness of the allegations in Plaintiffs' Complaint, and the Plaintiffs' requests for damages far in excess of the amount in controversy threshold, case law, experience and common-sense all lead to the conclusion that the amount in controversy exceeds the jurisdictional requirement of $75,000.00.

5.

**Timeliness.** Pursuant to 28 U.S.C. §§ 1446(b)(3) and 1446(c)(1), this Notice of Removal is timely. When Plaintiff filed the initial complaint, and later when the complaint was amended to add parties and claims, this matter was not removable because Defendant Olasumbo Reis was a defendant and a Georgia resident. See Exh. A, ¶ 2; Exh. C, ¶ 3; Exh. G, ¶ 3; and Exh. J, ¶ 3. 28 U.S.C. § 1441(b)(2). However, on December 30, 2022, the Superior Court of Gwinnett County entered an order dismissing Olasumbo Reis. See Exh. N. Defendants thus file this Removal within 30

days of their receipt on an "order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

Additionally, while a case normally may not be removed on the basis of diversity jurisdiction more than one year after commencement of the action, Defendants submit that this removal is timely under 1446(c)(1)'s exception because Plaintiffs have acted in bad faith in order to prevent Defendants from removing this action within the first year.

While it appears the Eleventh Circuit has not articulated a standard for bad faith in the context of 28 U.S.C. § 1446(c)(1), other circuits and district courts provide helpful insight. For example, one district court has focused on why a plaintiff failed to dismiss non-diverse defendants between the entry of a settlement agreement and the one-year anniversary mark and whether a plaintiff intentionally or deliberately waited to dismiss such defendants until after the one-year anniversary had passed. See Valderramos v. Giti Tire (USA) Ltd., No. 20-CV-62676-RUIZ/STRAUSS, 2021 U.S. Dist. LEXIS 44423, at *7 (S.D. Fla. Mar. 8, 2021). Other courts have considered whether or not a plaintiff sought discovery from the non-diverse defendant before dismissing him. See Forth v. Diversey Corp., No. 13-CV-00808(A)(M), 2013 U.S. Dist. LEXIS 165315, at *7 (W.D.N.Y. Oct. 23,

9

2013)(finding that where plaintiff did not obtain discovery from a defendant before dismissing it "highly suggestive of bad faith."). See also Lawson v. Parker Hannifin Corp., Civil Action No. 4:13-cv-923-O, 2014 U.S. Dist. LEXIS 37085 (N.D. Tex. Mar. 20, 2014)(denying motion to remand and finding removal timely under § 1446(c)(1) exception where plaintiff failed to serve non-diverse defendant with discovery requests, failed to seek a default judgment and dismissed non-diverse defendant shortly after the one-year period for removal) and Shiver v. Sprintcom, Inc., 167 F. Supp. 2d 962, 963 (S.D. Tex. 2001) (denying motion to remand where defendant removed case outside one-year period when plaintiff nonsuited the only non-diverse defendant on the eve of trial)(decided under equitable exception prior to 2011 amendment of 28 U.S.C. § 1446).

As noted above, the first complaint was filed on June 2, 2020. Defendants filed their timely first answers on November 3, 2020. See Exhs. E and F. On January 13, 2021, within the first year of this action, Plaintiff Robert Burks executed a limited liability release agreement releasing Ms. Reis and her automotive insurance carrier "from any and all claims, demands, rights, and causes of action … on account of or resulting from the accident … ." See Exhibit O, page 6. Defendants did not receive a copy of this release agreement until after the one-year anniversary of the initial

complaint filing.[1] Despite obtaining the $25,000 policy limits of Reis' insurer and executing a limited release agreement, Plaintiffs kept Reis as a party defendant in this case until well after the one-year anniversary of the filing of the first complaint. Furthermore, Plaintiffs did not file their motion to dismiss[2] defendant Reis until December 13, 2022, after the case was set for trial. See Exhibit O. In their motion to dismiss Defendant Reis, Plaintiffs stated, "In January 2021, Plaintiffs settled all claims against Reis and executed a Limited Liability Release pursuant to O.C.G.A. § 33-24-41.1" and that "Reis has no further liability to Plaintiffs and should be dismissed from this action." See Exhibit O, page 1. Thus, until December 2022 and after the case was set for trial, it appeared to these Defendants that Plaintiffs intended to try this case with Reis as a defendant despite the fact that since January 2021, Reis had no further liability to the Plaintiffs and should have been dismissed then. Instead, Plaintiffs intentionally kept Reis in the case as a defendant and prevented these

---

[1] Even though Defendants obtained a copy of the Release, Ms. Reis, a Georgia resident, remained a Defendant, which foreclosed these Defendants' opportunity to remove the case. Notably, despite the fact the Release was entered in January 2021, it was not produced until July 28, 2021, outside the one-year removal as a matter of right period. When combined with the decision to seek dismissal Ms. Reis on the eve of trial, as detailed below, all of this smells of subterfuge.

[2] Under Georgia law, a dismissal of less than all parties requires an order of the Court. O.C.G.A. § 9-11-21. "The dismissal of less than all the parties from an action . . . is accomplished under O.C.G.A. § 9-11-21 with the requirement that it be done by order of the court." Kilgore v. Stewart, 307 Ga. App. 374, 375, 705 S.E.2d 209, 209-10 (2010).

Defendants from otherwise seeking a forum for this litigation that should have been available to them well within the one-year requirement set by 28 U.S.C. § 1446. Plaintiffs' own statements and admission in their December 13, 2022 motion that Reis has had no liability to Plaintiffs since the release was executed on January 13, 2021 further demonstrate that Plaintiffs kept Reis in the case solely to keep this case in state court and prevent an otherwise timely removal. In addition, neither Plaintiff ever served Ms. Reis with any interrogatory, request for production or request for admission throughout the course of the litigation.

These tactics and the long deprivation of an appropriate forum for this litigation by Plaintiffs is evidence of their bad faith that prevented earlier removal of this action. Thus, this removal should be deemed timely within the exception of 28 U.S.C. § 1446(c)(1).

6.

**Diversity of Citizenship.** Plaintiffs are citizens of the State of Georgia.

Defendant Murphy USA, Inc. is a corporation organized under the laws of the State of Delaware and has a principal place of business at 200 Peach Street, El Doradao, AR. See Exh. G, ¶ 1. Thus, for purposes of this Removal and jurisdiction, Murphy USA, Inc. may be deemed a citizen of Delaware or Arkansas.

Defendant Murphy Oil USA, Inc. is a corporation organized under the laws

of the State of Delaware and has a principal place of business at 200 Peach Street, El Doradao, AR. <u>See</u> Exh. G, ¶ 2. Thus, for purposes of this Removal and jurisdiction, Murphy Oil USA, Inc. may be deemed a citizen of Delaware or Arkansas.

7.

Defendants Murphy Oil USA, Inc. and Murphy USA, Inc. both join in and consent to the Removal of this action.

8.

A notice of removal is being contemporaneously filed in the Superior Court of Gwinnett County.

WHEREFORE, Defendants pray that this Notice Removal be filed, this action be removed to and proceed in this Court, and no further proceedings be had in the Superior Court of Gwinnett County, Georgia.

Respectfully submitted this 12th day of January, 2023.

HAWKINS PARNELL & YOUNG LLP

303 Peachtree Street, N.E.,
Suite 4000
Atlanta, Georgia 30308-3243
(404) 614-7400
wfox@hpylaw.com
eream@hpylaw.com

/s/ Elliott C. Ream
Warner S. Fox
Georgia Bar No. 272654
Elliott C. Ream
Georgia Bar No. 528281
*Counsel for Defendants*

**LR 7.1(D), N.D. GA. CERTIFICATE OF COMPLIANCE**

This Notice of Removal was prepared with a font (Times New Roman) and point size (14) approved by the Court in LR 5.1C, NDGa.

**CERTIFICATE OF SERVICE**

On January 12, 2023, I caused to be served on all counsel a true and correct copy of the foregoing ***Defendants' Notice of Removal*** by filing same into the PACER system for the Northern District of Georgia and by emailing a copy of same to counsel record, to include:

Edward Dovin
Allison Ficken
Dovin Ficken, LLC
3414 Peachtree Street NE, Suite 625
Atlanta, GA 30326
ejdovin@dovinficken.com
ahficken@dovinficken.com

**HAWKINS PARNELL & YOUNG LLP**

303 Peachtree Street, N.E.,
Suite 4000
Atlanta, Georgia 30308-3243
(404) 614-7400
wfox@hpylaw.com
eream@hpylaw.com

*/s/ Elliott C. Ream*
Warner S. Fox
Georgia Bar No. 272654
Elliott C. Ream
Georgia Bar No. 528281
*Counsel for Defendants*