# IN THE SUPERIOR COURT OF GWINNETT COUNTY
# STATE OF GEORGIA

| | |
|---|---|
| ROBERT BURKS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | FILE NO.: 20-A03792-6 |
| ) | |
| MURPHY USA, INC., MURPHY OIL ) | **JURY TRIAL DEMANDED** |
| USA, INC., and OLASUMBO REIS, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT MURPHY OIL USA, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

COMES NOW Murphy Oil USA, Inc. (hereinafter "Defendant"), a defendant in the above-styled matter, by and through their undersigned counsel, and files this Answer to Plaintiff's First Amended Complaint, showing as follows:

**FIRST DEFENSE**

Defendant was without fault or negligence of any kind or nature in the incident which forms the basis of the Complaint, with the result that Plaintiff is not entitled to recover any damages whatsoever of this Defendant.

**SECOND DEFENSE**

No act or omission on the part of this Defendant proximately caused or contributed to Plaintiff's injuries and/or damages, if any, with the result that Plaintiff is not entitled to recover any damages whatsoever from this Defendant.

**THIRD DEFENSE**

Defendant states that parties over whom Defendant had no control are at fault for and proximately caused Plaintiff's claimed injuries and/or damages.

### FOURTH DEFENSE

Plaintiff cannot recover from this Defendant because this Defendant did not have superior knowledge, as compared to that of Plaintiff, of any alleged hazard or defect on the premises that may have caused or contributed to Plaintiff's alleged injuries and damages.

### FIFTH DEFENSE

Plaintiff cannot recover from this Defendant because any alleged hazard or condition was open and obvious.

### SIXTH DEFENSE

This Defendant raises the defense of assumption of the risk.

### SEVENTH DEFENSE

To the extent that Plaintiff has failed to plead any claimed special damages with specificity as required by O.C.G.A. § 9-11-9(g), she is barred from recovering such damages.

### EIGHTH AFFIRMATIVE DEFENSE

Pending discovery, Plaintiff may have failed to mitigate his damages.

### NINTH DEFENSE

Plaintiff's claims for punitive damages are in violation of and barred by the due process clause of the 1983 Georgia Constitution, Article 1, Section 1, Paragraph 1, and by the Fifth and Fourteenth Amendments to the United States Constitution.

### TENTH DEFENSE

Plaintiff's claims for punitive damages are in violation of and barred by the equal protection clause of the 1983 Georgia Constitution, Article 1, Section 1, Paragraph 2, and by the Fourteenth Amendment to the United States Constitution.

EXHIBIT E

**ELEVENTH DEFENSE**

No act or omission on the part of Defendant constitutes willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences.

**TWELFTH DEFENSE**

An imposition of punitive damages against Defendant in this case would violate the prohibition against excessive fines of the Eighth Amendment of the United States Constitution and Article I, Section I, Paragraph XVII of the Constitution of Georgia of 1983.

**THIRTEENTH DEFENSE**

Without limiting any previous defense, insofar as any punitive damages sought by Plaintiff are awarded, such punitive damages may not exceed the sum of substantial compensatory damages that may be awarded to the Plaintiff, as to do so would violate this Defendant's due process rights guaranteed by the United States Constitution and by Article I, Paragraph I of the Constitution of Georgia of 1983 as applied in State Farm Mutual Automobile Insurance Co. v. Campbell, 123 S. Ct. 1513 (2003), Cooper Industries, Inc. v. Leatherman Tool Group, Inc., 532 U.S. 424, 121 S. Ct. 1678 (2001), BMW of North America, Inc. v. Gore, 517 U.S. 559 (1996), Pacific Mutual Life Ins. Co. v. Haslip, 499 U.S. 1 (1990), and Matthews v. Eldridge, 424 U.S. 319 (1976).

**FOURTEENTH DEFENSE**

Without limiting any previous defense, insofar as any punitive damages sought by Plaintiff are awarded, such punitive damages may not exceed the sum of substantial compensatory damages that may be awarded to the Plaintiff, as to do so would violate this Defendant's due process rights guaranteed by the United States Constitution as applied in State Farm Mutual Automobile Insurance Co. v. Campbell, 123 S. Ct. 1513 (2003), Cooper Industries, Inc. v. Leatherman Tool

Group, Inc., 532 U.S. 424, 121 S. Ct. 1678 (2001), BMW of North America, Inc. v. Gore, 517 U.S. 559 (1996), Pacific Mutual Life Ins. Co. v. Haslip, 499 U.S. 1 (1990), and Matthews v. Eldridge, 424 U.S. 319 (1976).

In answer to the numbered Paragraphs of Plaintiff's First Amended Complaint:

**Parties, Jurisdiction and Venue**

1.

Defendant denies the allegations in paragraph 1 of Plaintiff's First Amended Complaint.

2.

Defendant admits the allegations in paragraph 2 of Plaintiff's First Amended Complaint.

3.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of Plaintiff's First Amended Complaint. To the extent a response is deemed required, denied.

4.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of Plaintiff's First Amended Complaint. To the extent a response is deemed required, denied.

**Factual Allegations**

5.

Defendant admits that on February 23, 2020, it owned and operated a gas station located at 11461 Tara Blvd, Lovejoy, GA 30250. Defendant denies as stated the remaining allegations in paragraph 5 of Plaintiff's First Amended Complaint. To the extent a response is deemed required, denied.

6.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of Plaintiff's First Amended Complaint. To the extent a response is deemed required, denied.

7.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of Plaintiff's First Amended Complaint. To the extent a response is deemed required, denied.

8.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of Plaintiff's First Amended Complaint. To the extent a response is deemed required, denied.

### COUNT ONE NEGLIGENCE (against "Defendant Murphy")

9.

Defendant incorporates and reaffirms its responses to each and every allegation set forth above as if fully set forth herein.

10.

Responding to the allegations in Paragraph 10 of Plaintiff's First Amended Complaint, it is denied that said paragraph contains a complete and accurate statement of the nature and extent of any duty owed Defendant, and, as such, the allegations in said paragraph are denied as stated.

11.

Defendant denies the allegations in paragraph 11 of Plaintiff's First Amended Complaint, including its subparts.

EXHIBIT E

12.

Defendant denies the allegations in paragraph 12 of Plaintiff's First Amended Complaint.

13.

Defendant denies the allegations in paragraph 13 of Plaintiff's First Amended Complaint.

14.

Defendant denies the allegations in paragraph 14 of Plaintiff's First Amended Complaint.

**COUNT TWO NEGLIGENCE (against Defendant Reis)**

15.

Defendant incorporates and reaffirms its responses to each and every allegation set forth above as if fully set forth herein.

16.

Defendant admits Defendant Reis's vehicle struck one of Defendant's fuel dispensers. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 16 of Plaintiff's First Amended Complaint.

17.

Defendant denies the allegations in paragraph 17 of Plaintiff's First Amended Complaint.

**COUNT TWO [sic] GROSS NEGLIGENCE**

18.

Defendant incorporates and reaffirms its responses to each and every allegation set forth above as if fully set forth herein.

19.

Defendant denies the allegations in paragraph 19 of Plaintiff's First Amended Complaint.

Defendant denies each and every allegation contained in the final paragraph of Plaintiff's First Amended Complaint beginning with "WHEREFORE" and denies that Plaintiff is entitled to

EXHIBIT E

any of the relief requested therein.

Each and every other allegation not specifically admitted or responded to herein stands denied.

WHEREFORE, Defendant respectfully demands judgment in its favor, a trial by jury of twelve, all costs and attorney's fees for defending the action, and such other and further relief as the Court deems just and proper.

This 3rd day of November 2020

|  |  |
|---|---|
|  | HAWKINS PARNELL & YOUNG LLP |
|  | / s / *Elliott C. Ream* |
| 303 Peachtree Street, N.E., Suite 4000<br>Atlanta, GA 30308-3243<br>(404) 614-7400<br>(404) 614-7500 (facsimile)<br>wfox@hpylaw.com<br>eream@hpylaw.com | Warner S. Fox<br>Georgia Bar No. 272654<br>Elliott C. Ream<br>Georgia Bar No. 528281<br>*Counsel for Defendant Murphy Oil USA, Inc.* |

IN THE SUPERIOR COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | |
|---|---|
| ROBERT BURKS, | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION |
| v. | ) FILE NO.: 20-A03792-6 |
| | ) |
| MURPHY USA, INC., MURPHY OIL USA, INC., and OLASUMBO REIS, | ) **JURY TRIAL DEMANDED** |
| | ) |
| Defendants. | ) |
| | ) |

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served all counsel of record in the foregoing matter with a copy of ***DEFENDANT MURPHY OIL USA, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT*** via the Court's electronic filing system (CM/ECF) and pursuant to O.C.G.A. § 9-11-5(b) as follows:

Edward J. Dovin
Allison S. H. Ficken
DOVIN|FICKEN, LLC
Monarch Plaza
3414 Peachtree Road, NE, Suite 625
Atlanta. Georgia 30326
ejdovin@dovinficken.com
ahficken@dmflawfirm.com

Chastity Marshall
LAW OFFICE OF ANDREWS AND MANGANIELLO
100 Crescent Centre Parkway, Suite 950
Tucker, Georgia 30084
ChasMarshall@geico.com

This 3rd day of November, 2020

303 Peachtree Street, N.E., Suite 4000
Atlanta, GA 30308-3243
(404) 614-7400
(404) 614-7500 (facsimile)
eream@hpylaw.com

HAWKINS PARNELL & YOUNG LLP

/ s / *Elliott C. Ream*
_____

Elliott C. Ream
Georgia Bar No. 528281
*Counsel for Defendant Murphy Oil USA, Inc.*