E-FILED IN OFFICE - AR
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA

**20-A-03792-6**

**5/24/2021 2:22 PM**

TIANA P. GARNER, CLERK

IN THE SUPERIOR COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | |
|---|---|
| ROBERT BURKS and <br> MARIA BURKS, <br><br> Plaintiffs, <br><br> v. <br><br> MURPHY USA, INC., <br> MURPHY OIL USA, INC., and <br> OLASUMBO REIS, <br><br> Defendants. | Civil Action <br><br> File No. 20-A03792-6 |

## SECOND AMENDED COMPLAINT

COME NOW Plaintiffs Robert Burks ("**Burks**") and Maria Burks ("**Mrs. Burks**"), by and through their attorneys of record, and show the following facts for their Complaint against Defendants Murphy USA, Inc. ("**Murphy USA**"), Murphy Oil USA, Inc., ("**Murphy Oil**") (collectively "**Murphy**") and Olasumbo Reis ("**Reis**").

### Parties, Jurisdiction and Venue

1.

Defendant Murphy USA is a Delaware corporation doing business in Georgia, and is subject to the jurisdiction and venue of this Court. Service of process may be perfected by delivery of a copy of the Complaint and summons to its registered agent for service CT Corporation System, 289 S. Culver St., Lawrenceville, Gwinnett County, Georgia 30046.

EXHIBIT G

2.

Defendant Murphy Oil is a Delaware corporation doing business in Georgia, and is subject to the jurisdiction and venue of this Court. Service of process may be perfected by delivery of a copy of the Complaint and summons to its registered agent for service CT Corporation System, 289 S. Culver St., Lawrenceville, Gwinnett County, Georgia 30046.

3.

Defendant Reis is a Georgia resident and is subject to the jurisdiction and venue of this Court because she is a joint tort-feasor with Murphy, whose registered agent is a resident of Gwinnett County. Service of process may be perfected by delivery of a copy of the Complaint and summons to Reis at 112 Makenna Drive, Hampton, Georgia 30228.

4.

Plaintiffs Burks and Mrs. Burks bring this action for negligence and for loss of consortium.

**Factual Allegations**

5.

Defendant Murphy owns, operates, manages and maintains a gas station located at 11461 Tara Boulevard, Lovejoy, Georgia, which is open to the general public (the "**Premises**").

6.

On or about February 23, 2020, at approximately 2:30 p.m., Burks was a patron and/or invitee, lawfully upon the Premises, who Defendant Murphy owed a duty to exercise reasonable care for his safety.

7.

At said time and place, as Burks was pumping gas into his vehicle, Defendant Reis was backing into the fueling station adjacent to Burks when her vehicle struck the gas pump, whereupon the gas pump fell over and struck Burks, causing him serious and grievous injury.

8.

Burks was transported from the scene by ambulance, unconscious and bleeding from the head.

## COUNT ONE
## NEGLIGENCE
### (against Defendant Murphy)

9.

Plaintiffs reallege and incorporate by reference each and every allegation set forth above as if fully set forth herein.

10.

Defendant Murphy had a duty to exercise ordinary care to protect the safety of the invited public from foreseeable harm such as vehicle contact with its gas pumps, specifically to maintain its Premises in a reasonably safe condition for patrons and invitees lawfully on the Premises, such as Burks. *See,* O.C.G.A. § 51-3-1.

11.

Defendant Murphy breached its duty owed to Burks by acting with less than reasonable care, to wit:

(a) negligently failing to comply with all applicable construction and safety codes, including without limitation the applicable fire code, in the construction and maintenance of its gas pumps, islands and barriers,
*Freeman v. Wal-Mart Stores, Inc.,* 281 Ga. App. 13, 1332 (2006);

(b) negligently failing to adequately inspect its gas pumps, islands and barriers to determine if there was a hazard or dangerous condition to patrons and invitees, *Warberg v. St. Louis Bread Co., Inc.*, 255 Ga. App. 352, 354 (2002);

(c) negligently failing to adequately warn Burks of the hazard, which was known or should have been known to Defendant Murphy and which could not be observed by Burks despite the exercise of ordinary care, *Robinson v. Kroger Co.*, 268 Ga. 735, 741 (1997);

(d) negligently failing to remedy the unreasonably dangerous condition in the exercise of ordinary care for the safety of the invited public, when said condition was either known to Defendant Murphy or had existed for such a sufficient length of time that Defendant Murphy should have known of the hazard if it had exercised reasonable care, *American Multi-Cinema, Inc. v. Brown*, 285 Ga. 442, 444 (2009); and/or

(e) otherwise failing to exercise the degree of care required under the circumstances.

12.

As a direct, proximate and foreseeable result of Defendant Murphy's negligence, Burks was severely injured, incurred medical expenses in the treatment of said injuries, suffered extreme and prolonged physical and mental pain and suffering, and permanent and irreparable bodily injury. In addition, Burks will have ongoing pain and suffering.

13.

As a further proximate, foreseeable result of Defendant Murphy's negligence, Burks has been unable to work or perform his job duties and has suffered lost wages.

14.

As a further proximate, foreseeable result of Defendant Murphy's negligence, Burks has incurred, and will continue to incur, medical expenses, and has been required, and will continue to undergo, medical care associated with his injuries, pain and discomfort.

## COUNT TWO
## NEGLIGENCE
### (against Defendant Reis)

15.

Plaintiffs reallege and incorporate by reference each and every allegation set forth above as if fully set forth herein.

16.

Defendant Reis operated her vehicle in a negligent, reckless and careless manner by failing to maintain control of her vehicle, failing to maintain a proper lookout, and failing to pay proper attention to the roadway while operating her vehicle in reverse, thereby striking the gas pump and foreseeably injuring persons in proximity to the pump, including Burks.

17.

The collision with the gas pump and Burks' resulting injuries were caused solely by the negligence and lack of due care on the part of Defendants Reis and Murphy with no negligence on the part of Burks contributing thereto.

## COUNT THREE
## GROSS NEGLIGENCE

18.

Plaintiffs reallege and incorporate by reference each and every allegation set forth above as if fully set forth herein.

19.

Defendants Murphy and Reis's actions show wanton disregard for the safety of others, and an entire want of care, which would raise the presumption of conscious indifference to consequences, thus entitling Burks to punitive damages.

## COUNT FOUR
## LOSS OF CONSORTIUM

20.

Plaintiffs reallege and incorporate by reference each and every allegation set forth above as if fully set forth herein.

21.

At the time of the accident complained of in Plaintiffs' Second Amended Complaint, Plaintiffs were married and Plaintiffs continue to be married.

22.

As a direct and proximate result of Defendants' negligence, Plaintiffs have suffered and will continue to suffer in the future, loss of consortium, loss of society, affection, assistance and conjugal fellowship, all to the detriment of their marital relationship.

WHEREFORE, Plaintiff Burks prays for judgment against Defendants Murphy and Reis, jointly and severally, in an amount not less than $5,000,000 to compensate him for his injuries, losses and damages, together with costs and expenses of this action, and such other and further relief as this Court deems just and reasonable; and Plaintiffs jointly, as husband and wife, pray for judgment against Defendants Murphy and Reis, jointly and severally, in an amount sufficient to compensate them for their loss of consortium, together with costs and expenses of this action, and such other and further relief as this Court deems just and reasonable.

This 24th day of May, 2021.

                          Respectfully submitted,

                          DOVIN | FICKEN, LLC

                          _____
                          Edward J. Dovin
                          Georgia Bar No. 227645

                          _____
                          Allison S. H. Ficken
                          Georgia Bar No. 355875

Monarch Plaza
3414 Peachtree Road, NE
Suite 625
Atlanta, Georgia 30326
(770) 829-3869
(770) 829-3865 (fax)

## CERTIFICATE OF SERVICE

This is to certify that I have this day served the within and foregoing SECOND AMENDED COMPLAINT to be served via email and via the Court's ECF system which will automatically notify all counsel of record:

Elliott C. Ream
HAWKINS PARNELL & YOUNG LLP
303 Peachtree Street, N.E., Suite 4000
Atlanta, GA 30308-3243
eream@hpylaw.com

Chastity Marshall
LAW OFFICE OF ANDREWS AND MANGANIELLO
100 Crescent Centre Parkway, Suite 950
Tucker, Georgia 30084
ChasMarshall@geico.com

This 24th day of May, 2021.

_____
Allison S. H. Ficken
Georgia Bar No. 355875