E-FILED IN OFFICE - AR
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA
**20-A-03792-6**
**6/23/2021 11:30 AM**
TIANA P. GARNER, CLERK

**EXHIBIT I**

## IN THE SUPERIOR COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| ROBERT BURKS and MARIA BURKS, | )<br>)<br>) |
| Plaintiffs, | ) CIVIL ACTION FILE NO.:<br>) 20-A03792-6 |
| v. | )<br>) **JURY TRIAL DEMANDED** |
| MURPHY USA, INC., MURPHY OIL USA, INC., and OLASUMBO REIS, | )<br>)<br>) |
| Defendants. | ) |

### SPECIAL APPEARANCE ANSWER FOR MURPHY USA, INC. TO PLAINTIFFS' SECOND AMENDEDCOMPLAINT

COMES NOW Murphy USA, Inc. (hereinafter "Defendant"), a defendant in the above-styled matter, by and through their undersigned counsel, and without waiving any defenses, or consenting or subjecting itself to the jurisdiction of this Court, and files this Answer to Plaintiffs' Second Amended Complaint, showing the Court as follows:

### FIRST DEFENSE

Defendant was without fault or negligence of any kind or nature in the incident which forms the basis of the Complaint, with the result that Plaintiffs are not entitled to recover any damages whatsoever of this Defendant.

### SECOND DEFENSE

No act or omission on the part of this Defendant proximately caused or contributed to Plaintiffs' injuries and/or damages, if any, with the result that Plaintiffs are not entitled to recover any damages whatsoever from this Defendant.

### THIRD DEFENSE

Defendant states that parties over whom Defendant had no control are at fault for and proximately caused Plaintiffs' claimed injuries and/or damages.

EXHIBIT I

EXHIBIT I

**FOURTH DEFENSE**

Plaintiffs cannot recover from this Defendant because this Defendant did not have superior knowledge, as compared to that of Plaintiff, of any alleged hazard or defect on the premises that may have caused or contributed to Plaintiffs' alleged injuries and damages.

**FIFTH DEFENSE**

Plaintiffs cannot recover from this Defendant because any alleged hazard or condition was open and obvious.

**SIXTH DEFENSE**

This Defendant raises the defense of assumption of the risk.

**SEVENTH DEFENSE**

To the extent that Plaintiffs have failed to plead any claimed special damages with specificity as required by O.C.G.A. § 9-11-9(g), she is barred from recovering such damages.

**EIGHTH AFFIRMATIVE DEFENSE**

Pending discovery, Plaintiffs may have failed to mitigate damages.

**NINTH DEFENSE**

Plaintiffs' claims for punitive damages are in violation of and barred by the due process clause of the 1983 Georgia Constitution, Article 1, Section 1, Paragraph 1, and by the Fifth and Fourteenth Amendments to the United States Constitution.

**TENTH DEFENSE**

Plaintiffs' claims for punitive damages are in violation of and barred by the equal protection clause of the 1983 Georgia Constitution, Article 1, Section 1, Paragraph 2, and by the Fourteenth Amendment to the United States Constitution.

2

EXHIBIT I

EXHIBIT I

**ELEVENTH DEFENSE**

No act or omission on the part of Defendant constitutes willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences.

**TWELFTH DEFENSE**

An imposition of punitive damages against Defendant in this case would violate the prohibition against excessive fines of the Eighth Amendment of the United States Constitution and Article I, Section I, Paragraph XVII of the Constitution of Georgia of 1983.

**THIRTEENTH DEFENSE**

Without limiting any previous defense, insofar as any punitive damages sought by Plaintiff are awarded, such punitive damages may not exceed the sum of substantial compensatory damages that may be awarded to the Plaintiff, as to do so would violate this Defendant's due process rights guaranteed by the United States Constitution and by Article I, Paragraph I of the Constitution of Georgia of 1983 as applied in State Farm Mutual Automobile Insurance Co. v. Campbell, 123 S. Ct. 1513 (2003), Cooper Industries, Inc. v. Leatherman Tool Group, Inc., 532 U.S. 424, 121 S. Ct. 1678 (2001), BMW of North America, Inc. v. Gore, 517 U.S. 559 (1996), Pacific Mutual Life Ins. Co. v. Haslip, 499 U.S. 1 (1990), and Matthews v. Eldridge, 424 U.S. 319 (1976).

**FOURTEENTH DEFENSE**

Without limiting any previous defense, insofar as any punitive damages sought by Plaintiff are awarded, such punitive damages may not exceed the sum of substantial compensatory damages that may be awarded to the Plaintiff, as to do so would violate this Defendant's due process rights guaranteed by the United States Constitution as applied in State Farm Mutual Automobile Insurance Co. v. Campbell, 123 S. Ct. 1513 (2003), Cooper Industries, Inc. v. Leatherman Tool

3

EXHIBIT I

EXHIBIT I

Group, Inc., 532 U.S. 424, 121 S. Ct. 1678 (2001), BMW of North America, Inc. v. Gore, 517 U.S. 559 (1996), Pacific Mutual Life Ins. Co. v. Haslip, 499 U.S. 1 (1990), and Matthews v. Eldridge, 424 U.S. 319 (1976).

### FIFTEENTH DEFENSE

Defendant raises the defense of lack of personal jurisdiction.

### SIXTEENTH DEFENSE

Defendant neither owned nor operated the subject property at the time it is alleged Plaintiff was injured.

### SEVENTEENTH DEFENSE

Plaintiffs' claims against this Defendant are barred because this Defendant did not own, operate, maintain, manage or control the location where Plaintiff allegedly was injured.

### EIGHTEENTH DEFENSE

Plaintiffs are not entitled to recover any damages from this Defendant under any theory whatsoever.

In answer to the numbered Paragraphs of Plaintiffs' Second Amended Complaint:

### Parties, Jurisdiction and Venue

1.

Defendant denies the allegations in paragraph 1 of Plaintiffs' Second Amended Complaint.

2.

Defendant admits the allegations in paragraph 2 of Plaintiffs' Second Amended Complaint.

3.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of Plaintiffs' Second Amended Complaint.

EXHIBIT I

4.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of Plaintiffs' Second Amended Complaint.

**Factual Allegations**

5.

Defendant denies the allegations in paragraph 5 of Plaintiffs' Second Amended Complaint.

6.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of Plaintiffs' Second Amended Complaint.

7.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of Plaintiffs' Second Amended Complaint.

8.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of Plaintiffs' Second Amended Complaint.

**COUNT ONE NEGLIGENCE (against "Defendant Murphy")**

9.

Defendant incorporates and reaffirms its responses to each and every allegation set forth above as if fully set forth herein.

10.

Defendant denies the allegations in paragraph 10 of Plaintiffs' Second Amended Complaint, including its subparts.

11.

Defendant denies the allegations in paragraph 11 of Plaintiffs' Second Amended

EXHIBIT I

EXHIBIT I

Complaint, including its subparts.

12.

Defendant denies the allegations in paragraph 12 of Plaintiffs' Second Amended Complaint.

13.

Defendant denies the allegations in paragraph 13 of Plaintiffs' Second Amended Complaint.

14.

Defendant denies the allegations in paragraph 14 of Plaintiffs' Second Amended Complaint.

**COUNT TWO NEGLIGENCE (against Defendant Reis)**

15.

Defendant incorporates and reaffirms its responses to each and every allegation set forth above as if fully set forth herein.

16.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of Plaintiffs' Second Amended Complaint.

17.

Defendant denies the allegations in paragraph 17 of Plaintiffs' Second Amended Complaint.

**COUNT THREE GROSS NEGLIGENCE**

18.

Defendant incorporates and reaffirms its responses to each and every allegation set forth above as if fully set forth herein.

6

EXHIBIT I

EXHIBIT I

19.

Defendant denies the allegations in paragraph 19 of Plaintiffs' Second Amended Complaint.

**COUNT FOUR LOSS OF CONSORTIUM**

20.

Defendant incorporates and reaffirms its responses to each and every allegation set forth above as if fully set forth herein.

21.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 21 of Plaintiffs' Second Amended Complaint.

22.

Defendant denies the allegations in paragraph 22 of Plaintiffs' Second Amended Complaint.

Defendant denies each and every allegation contained in the final paragraph of Plaintiffs' Second Amended Complaint beginning with "WHEREFORE" and denies that Plaintiffs are entitled to any of the relief requested therein.

Each and every other allegation not specifically admitted or responded to herein stands denied.

WHEREFORE, Defendant respectfully demands to be dismissed with prejudice from this action, or otherwise a judgment in its favor, a trial by jury of twelve, all costs and attorney's fees for defending the action, and such other and further relief as the Court deems just and proper.

This 23rd day of June 2021.

|  |  |
|---|---|
|  | **HAWKINS PARNELL & YOUNG** LLP |
|  | / s / *Elliott C. Ream* |
| 303 Peachtree Street, N.E., Suite 4000 | Warner S. Fox |
| Atlanta, GA 30308-3243 | Georgia Bar No. 272654 |
| (404) 614-7400 | Elliott C. Ream |
| (404) 614-7500 (facsimile) | Georgia Bar No. 528281 |
| wfox@hpylaw.com | *Counsel for Defendant Murphy USA, Inc.* |
| eream@hpylaw.com |  |

8

EXHIBIT I

EXHIBIT I

# IN THE SUPERIOR COURT OF GWINNETT COUNTY
# STATE OF GEORGIA

| | |
|---|---|
| ROBERT BURKS and MARIA BURKS, | ) ) ) |
| Plaintiffs, | ) ) CIVIL ACTION FILE NO.: ) 20-A03792-6 |
| v. | ) ) **JURY TRIAL DEMANDED** |
| MURPHY USA, INC., MURPHY OIL USA, INC., and OLASUMBO REIS, | ) ) ) |
| Defendants. | ) |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served all counsel of record in the foregoing matter with a copy of ***SPECIAL APPEARANCE ANSWER FOR MURPHY USA, INC. TO PLAINTIFFS' SECOND AMENDED COMPLAINT*** via the Court's electronic filing system (CM/ECF) and pursuant to O.C.G.A. § 9-11-5(b) as follows:

Edward J. Dovin
Allison S. H. Ficken
DOVIN FICKEN, LLC
Monarch Plaza
3414 Peachtree Road, NE, Suite 625
Atlanta. Georgia 30326
ejdovin@dovinficken.com
ahficken@dmflawfirm.com

Chastity Marshall
LAW OFFICE OF ANDREWS AND MANGANIELLO
100 Crescent Centre Parkway, Suite 950
Tucker, Georgia 30084
ChasMarshall@geico.com

This 23rd day of June 2021.

HAWKINS PARNELL & YOUNG LLP

303 Peachtree Street, N.E., Suite 4000
Atlanta, GA 30308-3243
(404) 614-7400
(404) 614-7500 (facsimile)
eream@hpylaw.com

/ s / *Elliott C. Ream*

Elliott C. Ream
Georgia Bar No. 528281
*Counsel for Defendant Murphy USA, Inc.*

9