Case 1:23-mi-99999-UNA   Document 106-10   Filed 01/12/23   Page 1 of 12

EXHIBIT J

E-FILED IN OFFICE - NV
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA
**20-A-03792-6**
**12/31/2021 12:55 PM**
TIANA P. GARNER, CLERK

IN THE SUPERIOR COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | |
|---|---|
| ROBERT BURKS and <br> MARIA BURKS, <br><br> Plaintiffs, <br><br> v. <br><br> MURPHY USA, INC., <br> MURPHY OIL USA, INC., and <br> OLASUMBO REIS, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action <br> ) <br> ) File No. 20-A03792-6 <br> ) <br> ) <br> ) <br> ) |

### THIRD AMENDED COMPLAINT

COME NOW Plaintiffs Robert Burks ("**Burks**") and Maria Burks ("**Mrs. Burks**"), by and through their attorneys of record, and show the following facts for their Third Amended Complaint against Defendants Murphy USA, Inc. ("**Murphy USA**"), Murphy Oil USA, Inc., ("**Murphy Oil**") (collectively "**Murphy**") and Olasumbo Reis ("**Reis**").

### Parties, Jurisdiction and Venue

1.

Defendant Murphy USA is a Delaware corporation doing business in Georgia, and is subject to the jurisdiction and venue of this Court. Murphy USA is represented in this action and service of process may be perfected by delivery of a copy of the Third Amended Complaint to its counsel of record.

EXHIBIT J

2.

Defendant Murphy Oil is a Delaware corporation doing business in Georgia, and is subject to the jurisdiction and venue of this Court. Murphy Oil is represented in this action and service of process may be perfected by delivery of a copy of the Third Amended Complaint to its counsel of record.

3.

Defendant Reis is a Georgia resident and is subject to the jurisdiction and venue of this Court because she is a joint tort-feasor with Murphy, whose registered agent is a resident of Gwinnett County. Reis is represented in this action and service of process may be perfected by delivery of a copy of the Third Amended Complaint to her counsel of record.

4.

Plaintiffs Burks and Mrs. Burks bring this action for negligence, gross negligence, negligent supervision, nuisance and for loss of consortium.

**Factual Allegations**

5.

Defendant Murphy owns, operates, manages and maintains a gas station located at 11461 Tara Boulevard, Lovejoy, Georgia, which is open to the general public (the **"Premises"**).

6.

On or about February 23, 2020, at approximately 2:30 p.m., Burks was a patron and/or invitee, lawfully upon the Premises, who Defendant Murphy owed a duty to exercise reasonable care for his safety.

EXHIBIT J

7.

At said time and place, Burks was walking back to his vehicle after first pre-paying for gas, when Defendant Reis attempted to turn her vehicle around by backing her vehicle up toward an unprotected gas pump in order to exit the station in the opposite direction.

8.

The assistant store manager saw Reis as she started to back up toward an unprotected gas pump to turn around, and knew that what Reis was doing was dangerous. Therefore, understanding that she had a duty to prevent a dangerous situation on the Premises, the assistant manager opened the door to her kiosk and yelled to Reis to stop backing up toward an unprotected gas pump.

9.

The assistant manager knew that Reis did not understand English very well, but she did not go outside near Reis to speak directly to her to make sure that Reis heard, understood and followed her instruction.

10.

Furthermore, Reis did not verbally acknowledge the assistant manager's command, and the assistant manager did not observe Reis's vehicle heeding her command by changing directions to stop backing up toward the unprotected gas pump and move forward instead.

11.

In addition, the assistant manager did not take any action to keep patrons like Burks away from the dangerous situation until it was stopped.

3

12.

The assistant manager did nothing more to stop Reis, but instead went back into the store to help the next customer and never looked back to see if Reis had stopped backing up toward the unprotected gas pump.

13.

Reis was continuing to back up toward the gas pump when her vehicle struck the gas pump, whereupon the gas pump, not adequately attached to the concrete island, fell over and struck Burks, causing him serious and grievous injury.

14.

Burks was transported from the scene by ambulance, unconscious and bleeding from the head.

### COUNT ONE
### NEGLIGENCE
### (against Defendant Murphy)

15.

Plaintiffs reallege and incorporate by reference each and every allegation set forth above as if fully set forth herein.

16.

Defendant Murphy had a duty to exercise ordinary care to protect the safety of the invited public from foreseeable harm such as vehicle contact with its gas pumps, specifically to maintain its Premises in a reasonably safe condition for patrons and invitees lawfully on the Premises, such as Burks. *See,* O.C.G.A. § 51-3-1.

<u>EXHIBIT J</u>

17.

Defendant Murphy breached its duty owed to Burks by acting with less than reasonable care, to wit:

(a) negligently failing to exercise reasonable care by Murphy's assistant manager to prevent or stop a known and ongoing danger to the invited public,
O.C.G.A. § 51-3-1; *Alterman Foods, Inc. v. Ligon,* 246 Ga. 620 (1980)

(b) negligently failing to comply with all applicable construction and safety codes, including without limitation the applicable fire code, in the construction, installation and maintenance of its gas pumps, islands and barriers,
*Freeman v. Wal-Mart Stores, Inc.,* 281 Ga. App. 13, 1332 (2006);

(c) negligently failing to adequately inspect its gas pumps, islands and barriers to determine if there was a hazard or dangerous condition to patrons and invitees,
*Warberg v. St. Louis Bread Co., Inc.,* 255 Ga. App. 352, 354 (2002);

(d) negligently failing to adequately warn Burks of the hazard, or keep him away from the hazard, which was known or should have been known to Defendant Murphy and which could not be observed by Burks despite the exercise of ordinary care,
*Robinson v. Kroger Co.,* 268 Ga. 735, 741 (1997);

(e) negligently failing to remedy the unreasonably dangerous condition in the exercise of ordinary care for the safety of the invited public, when said condition was either known to Defendant Murphy or had existed for such a sufficient length of time that Defendant Murphy should have known of the hazard if it had exercised reasonable care,
*American Multi-Cinema, Inc. v. Brown,* 285 Ga. 442, 444 (2009); and/or

(f) otherwise failing to exercise the degree of care required under the circumstances.

18.

As a direct, proximate and foreseeable result of Defendant Murphy's negligence, Burks was severely injured, incurred medical expenses in the treatment of said injuries, suffered extreme and prolonged physical and mental pain and suffering, and permanent and irreparable bodily injury. In addition, Burks will have ongoing pain and suffering.

5

<u>EXHIBIT J</u>

19.

As a further proximate, foreseeable result of Defendant Murphy's negligence, Burks has been unable to work and has suffered lost income.

20.

As a further proximate, foreseeable result of Defendant Murphy's negligence, Burks has incurred, and will continue to incur, medical expenses, and has been required, and will continue to undergo, medical care associated with his injuries, pain and discomfort.

## COUNT TWO
## NEGLIGENCE
### (against Defendant Reis)

21.

Plaintiffs reallege and incorporate by reference each and every allegation set forth above as if fully set forth herein.

22.

Defendant Reis operated her vehicle in a negligent, reckless and careless manner by failing to maintain control of her vehicle, failing to maintain a proper lookout, and failing to pay proper attention to the roadway while operating her vehicle in reverse, thereby striking the gas pump and foreseeably injuring persons in proximity to the pump, including Burks.

23.

The collision with the gas pump and Burks' resulting injuries were caused solely by the negligence and lack of due care on the part of Defendants Reis and Murphy with no negligence on the part of Burks contributing thereto.

## COUNT THREE
## NEGLIGENT SUPERVISION
### (against Defendant Murphy)

24.

Plaintiffs reallege and incorporate by reference each and every allegation set forth above as if fully set forth herein.

25.

On the day of this accident, the assistant store manager was the only Murphy employee on site from 5:30 am until 3:00 pm.

26.

The operation of Murphy's Premises requires that an attendant work the cash register; monitor the activity around 20 pumps (and prevent smoking, cell phone use, and backing up); make sure credit transactions at the pumps are working properly; periodically go out and check the pumps; keep the premises clean and free of debris; monitor customers inside the store; stock cigarette shelves; accept pre-payments and set the limit on the selected pump; and handle all emergencies.

27.

One person is clearly inadequate staffing to effectively handle all of the required duties.

28.

At the time of this accident, the Murphy station at issue was already on safety watch because of the numerous accidents during the 12 months prior to this accident, yet Murphy still did not adequately staff this location to ensure future accidents would not occur.

7

28.

As a direct and proximate result of severe understaffing by Murphy's, the assistant store manager failed to stop Reis from backing up dangerously close to the gas pump, or protect Burks from the danger, in part because she had too many other duties to attend to at the same time, thereby resulting in foreseeable, serious injury to Burks.

## COUNT FOUR
## NUISANCE
**(against Defendant Murphy)**

30.

Plaintiffs reallege and incorporate by reference each and every allegation set forth above as if fully set forth herein.

31.

The gas pump which fell over and injured Burks was numbered by Murphy as pump 13/14.

32.

The most commonly used entrance to the station is in close proximity to pump 13/14.

33.

Immediately upon entering the station, the road curves, thereby directing traffic into a narrow lane around the outside of pump 13/14. Thus, by design and layout of the entrance and parking lot, the heaviest traffic on the Premises flows around pump 13/14 through a narrow lane.

34.

The design and layout of Murphy's parking lot is defective and hazardous, subjecting invitees to an unreasonable risk of injury around pump 13/14, and creating a private nuisance on the Premises which caused hurt, inconvenience and damage to Burks' person and property, in violation of O.C.G.A. § 41-1-4.

35.

Murphy knew or should have known of this dangerous condition, which it maintained on a continuous and regular basis for a substantial period of time without taking adequate steps to correct the dangerous condition.

36.

This Murphy station was on a special safety watch because of the numerous of the numerous accidents during the 12 months prior to this accident, yet Murphy still did not implement adequate safety measures to reduce the likelihood of future accidents, thereby creating a nuisance.

37.

As a direct, proximate and foreseeable result of this dangerous condition and nuisance on the Premises, Burks was severely injured, incurred medical expenses in the treatment of said injuries, suffered extreme and prolonged physical and mental pain and suffering, and permanent and irreparable bodily injury.  In addition, Burks will have ongoing pain and suffering.

38.

As a further proximate, foreseeable result of this dangerous condition and nuisance on the Premises, Burks has been unable to work and has suffered lost income.

39.

As a further proximate, foreseeable result of this dangerous condition and nuisance on the Premises, Burks has incurred, and will continue to incur, medical expenses, and has been required, and will continue to undergo, medical care associated with his injuries, pain and discomfort.

## COUNT FIVE
## GROSS NEGLIGENCE
### (against all Defendants)

40.

Plaintiffs reallege and incorporate by reference each and every allegation set forth above as if fully set forth herein.

41.

Defendants Murphy and Reis's actions show wanton disregard for the safety of others, and an entire want of care, which would raise the presumption of conscious indifference to consequences, thus entitling Burks to punitive damages.

## COUNT SIX
## LOSS OF CONSORTIUM
### (against all Defendants)

42.

Plaintiffs reallege and incorporate by reference each and every allegation set forth above as if fully set forth herein.

43.

At the time of the accident complained of in Plaintiffs' Second Amended Complaint, Plaintiffs were married and Plaintiffs continue to be married.

44.

As a direct and proximate result of Defendants' negligence, Plaintiffs have suffered and will continue to suffer in the future, loss of consortium, loss of society, affection, assistance and conjugal fellowship, all to the detriment of their marital relationship.

WHEREFORE, Plaintiff Burks prays for judgment against Defendants Murphy and Reis, jointly and severally, in an amount not less than $5,000,000 to compensate him for his injuries, losses and damages, together with costs and expenses of this action, and such other and further relief as this Court deems just and reasonable; and Plaintiffs jointly, as husband and wife, pray for judgment against Defendants Murphy and Reis, jointly and severally, in an amount not less than $1,000,000 to compensate them for their loss of consortium, together with costs and expenses of this action, and such other and further relief as this Court deems just and reasonable.

This 31st day of December, 2021.

Respectfully submitted,

DOVIN FICKEN LLC

/s/ Edward J. Dovin
Edward J. Dovin
Georgia Bar No. 227645

/s/ Allison S. H. Ficken
Allison S.H. Ficken
Georgia Bar No. 355875

3414 Peachtree Road, NE
Suite 625
Atlanta, Georgia 30326
(770) 829-3869
(770) 829-3865 (fax)

## CERTIFICATE OF SERVICE

This is to certify that I have this day served the within and foregoing THIRD AMENDED COMPLAINT to be served via email and via the Court's ECF system which will automatically notify all counsel of record:

| | |
|---|---|
| Elliott C. Ream<br>HAWKINS PARNELL & YOUNG LLP<br>303 Peachtree Street, N.E., Suite 4000<br>Atlanta, GA 30308-3243<br>eream@hpylaw.com | Chastity Marshall<br>LAW OFFICE OF ANDREWS AND MANGANIELLO<br>100 Crescent Centre Parkway, Suite 950<br>Tucker, Georgia 30084<br>ChasMarshall@geico.com |

This 31st day of December, 2021.

                                                */s/ Allison S. H. Ficken*
                                               Allison S. H. Ficken
                                               Georgia Bar No. 355875