Case 1:23-mi-99999-UNA   Document 106-11   Filed 01/12/23   Page 1 of 11

E-FILED IN OFFICE - NV
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA
**20-A-03792-6**
**1/31/2022 12:15 PM**
TIANA P. GARNER, CLERK

EXHIBIT K

## IN THE SUPERIOR COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| ROBERT BURKS and MARIA BURKS, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> MURPHY USA, INC., MURPHY OIL ) <br> USA, INC., and OLASUMBO REIS, ) <br> ) <br> Defendants. ) | CIVIL ACTION FILE NO.: <br> 20-A03792-6 <br><br> **JURY TRIAL DEMANDED** |

### DEFENDANT MURPHY OIL USA, INC.'S ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT

COMES NOW Murphy Oil USA, Inc. (hereinafter "Defendant"), a defendant in the above-styled matter, by and through their undersigned counsel, and files this Answer to Plaintiffs' Third Amended Complaint, showing the Court as follows:

### FIRST DEFENSE

Defendant was without fault or negligence of any kind or nature in the incident which forms the basis of the Complaint, with the result that Plaintiffs are not entitled to recover any damages whatsoever of this Defendant.

### SECOND DEFENSE

No act or omission on the part of this Defendant proximately caused or contributed to Plaintiffs' injuries and/or damages, if any, with the result that Plaintiffs are not entitled to recover any damages whatsoever from this Defendant.

### THIRD DEFENSE

Defendant states that parties over whom Defendant had no control are at fault for and proximately caused Plaintiffs' claimed injuries and/or damages.

EXHIBIT K

EXHIBIT K

**FOURTH DEFENSE**

Plaintiffs cannot recover from this Defendant because this Defendant did not have superior knowledge, as compared to that of Plaintiff, of any alleged hazard or defect on the premises that may have caused or contributed to Plaintiffs' alleged injuries and damages.

**FIFTH DEFENSE**

Plaintiffs cannot recover from this Defendant because any alleged hazard or condition was open and obvious.

**SIXTH DEFENSE**

This Defendant raises the defense of assumption of the risk.

**SEVENTH DEFENSE**

To the extent that Plaintiffs have failed to plead any claimed special damages with specificity as required by O.C.G.A. § 9-11-9(g), she is barred from recovering such damages.

**EIGHTH AFFIRMATIVE DEFENSE**

Pending discovery, Plaintiffs may have failed to mitigate damages.

**NINTH DEFENSE**

Plaintiffs' claims for punitive damages are in violation of and barred by the due process clause of the 1983 Georgia Constitution, Article 1, Section 1, Paragraph 1, and by the Fifth and Fourteenth Amendments to the United States Constitution.

**TENTH DEFENSE**

Plaintiffs' claims for punitive damages are in violation of and barred by the equal protection clause of the 1983 Georgia Constitution, Article 1, Section 1, Paragraph 2, and by the Fourteenth Amendment to the United States Constitution.

EXHIBIT K

EXHIBIT K

**ELEVENTH DEFENSE**

No act or omission on the part of Defendant constitutes willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences.

**TWELFTH DEFENSE**

An imposition of punitive damages against Defendant in this case would violate the prohibition against excessive fines of the Eighth Amendment of the United States Constitution and Article I, Section I, Paragraph XVII of the Constitution of Georgia of 1983.

**THIRTEENTH DEFENSE**

Without limiting any previous defense, insofar as any punitive damages sought by Plaintiff are awarded, such punitive damages may not exceed the sum of substantial compensatory damages that may be awarded to the Plaintiff, as to do so would violate this Defendant's due process rights guaranteed by the United States Constitution and by Article I, Paragraph I of the Constitution of Georgia of 1983 as applied in State Farm Mutual Automobile Insurance Co. v. Campbell, 123 S. Ct. 1513 (2003), Cooper Industries, Inc. v. Leatherman Tool Group, Inc., 532 U.S. 424, 121 S. Ct. 1678 (2001), BMW of North America, Inc. v. Gore, 517 U.S. 559 (1996), Pacific Mutual Life Ins. Co. v. Haslip, 499 U.S. 1 (1990), and Matthews v. Eldridge, 424 U.S. 319 (1976).

**FOURTEENTH DEFENSE**

Without limiting any previous defense, insofar as any punitive damages sought by Plaintiff are awarded, such punitive damages may not exceed the sum of substantial compensatory damages that may be awarded to the Plaintiff, as to do so would violate this Defendant's due process rights guaranteed by the United States Constitution as applied in State Farm Mutual Automobile Insurance Co. v. Campbell, 123 S. Ct. 1513 (2003), Cooper Industries, Inc. v. Leatherman Tool

3

Group, Inc., 532 U.S. 424, 121 S. Ct. 1678 (2001), BMW of North America, Inc. v. Gore, 517 U.S. 559 (1996), Pacific Mutual Life Ins. Co. v. Haslip, 499 U.S. 1 (1990), and Matthews v. Eldridge, 424 U.S. 319 (1976).

In answer to the numbered Paragraphs of Plaintiffs' Third Amended Complaint:

**Parties, Jurisdiction and Venue**

1.

Defendant denies the allegations in paragraph 1 of Plaintiffs' Third Amended Complaint.

2.

Defendant admits the allegations in paragraph 2 of Plaintiffs' Third Amended Complaint.

3.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of Plaintiffs' Third Amended Complaint.

4.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of Plaintiffs' Third Amended Complaint.

**Factual Allegations**

5.

Defendant admits that it owned and operates a gas station located at 11461 Tara Blvd, Lovejoy, GA 30250. Defendant denies as stated the remaining allegations in paragraph 5 of Plaintiffs' Third Amended Complaint. To the extent a response is deemed required, denied.

6.

Defendant admits that Georgia law imposes certain duties on a landowner in certain circumstances to exercise ordinary care in keeping its premises safe. Defendant denies the

EXHIBIT K

remaining allegations as stated in paragraph 6 of Plaintiffs' Third Amended Complaint.

7.

Defendant denies the allegations as stated in paragraph 7 of Plaintiffs' Third Amended Complaint.

8.

Defendant denies the allegations as stated in paragraph 8 of Plaintiff's Third Amended Complaint.

9.

Defendant denies the allegations as stated in paragraph 9 of Plaintiff's Third Amended Complaint.

10.

Defendant denies the allegations as stated in paragraph 10 of Plaintiff's Third Amended Complaint.

11.

Defendant denies the allegations as stated in paragraph 11 of Plaintiff's Third Amended Complaint.

12.

Defendant denies the allegations as stated in paragraph 12 of Plaintiff's Third Amended Complaint.

13.

Defendant denies the allegations as stated in paragraph 13 of Plaintiff's Third Amended Complaint.

14.

Defendant admits Mr. Burks was transported via an ambulance. Defendant lacks

EXHIBIT K

knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 14 of Plaintiffs' Third Amended Complaint.

## COUNT ONE
## NEGLIGENCE (against Defendant "Murphy")

15.

Defendant incorporates and reaffirms its responses to each and every allegation set forth above as if fully set forth herein.

16.

Defendant admits that Georgia law imposes certain duties on a landowner in certain circumstances to exercise ordinary care in keeping its premises safe. Defendant denies the remaining allegations as stated in paragraph 16 of Plaintiffs' Third Amended Complaint.

17.

Defendant denies the allegations in paragraph 17 of Plaintiffs' Third Amended Complaint, including its subparts.

18.

Defendant denies the allegations in paragraph 18 of Plaintiffs' Third Amended Complaint.

19.

Defendant denies the allegations in paragraph 19 of Plaintiffs' Third Amended Complaint.

20.

Defendant denies the allegations in paragraph 20 of Plaintiffs' Third Amended Complaint.

## COUNT TWO
## NEGLIGENCE (against Defendant Reis)

21.

Defendant incorporates and reaffirms its responses to each and every allegation set forth

above as if fully set forth herein.

22.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of Plaintiffs' Third Amended Complaint.

23.

Defendant denies the allegations in paragraph 23 of Plaintiffs' Third Amended Complaint.

**COUNT THREE**
**NEGLIGENT SUPERVISION (against Defendant "Murphy")**

24.

Defendant incorporates and reaffirms its responses to each and every allegation set forth above as if fully set forth herein.

25.

Defendant admits it employed an assistant store manager who was present at the subject gas station during the time period alleged in paragraph 25 of Plaintiff's Third Amended Complaint. Defendant denies as stated the remaining allegations in paragraph 25 of Plaintiffs' Third Amended Complaint.

26.

Defendant denies the allegations as stated in paragraph 26 of Plaintiffs' Third Amended Complaint.

27.

Defendant denies the allegations in paragraph 27 of Plaintiff's Third Amended Complaint.

28.

Defendant denies the allegations in paragraph 28 of Plaintiffs' Third Amended Complaint.

7

EXHIBIT K

EXHIBIT K

28.[sic]

Defendant denies the allegations in paragraph 29 of Plaintiff's Third Amended Complaint.

## COUNT FOUR
## NUISANCE (against Defendant "Murphy")

30.

Defendant incorporates and reaffirms its responses to each and every allegation set forth above as if fully set forth herein.

31.

Defendant admits the fuel dispenser which Defendant Reis knocked over with her vehicle and which struck Mr. Burks was numbered pump 13/14. Defendant denies the remaining allegations as stated in paragraph 31 of Plaintiff's Third Amended Complaint.

32.

Defendant denies the allegations as stated in paragraph 32 of Plaintiffs' Third Amended Complaint.

33.

Defendant denies the allegations as stated in paragraph 33 of Plaintiffs' Third Amended Complaint.

34.

Defendant denies the allegations in paragraph 34 of Plaintiffs' Third Amended Complaint.

35.

Defendant denies the allegations in paragraph 35 of Plaintiff's Third Amended Complaint.

36.

Defendant denies the allegations in paragraph 36 of Plaintiffs' Third Amended Complaint.

EXHIBIT K

EXHIBIT K

37.

Defendant denies the allegations in paragraph 37 of Plaintiffs' Third Amended Complaint.

38.

Defendant denies the allegations in paragraph 38 of Plaintiff's Third Amended Complaint.

39.

Defendant denies the allegations in paragraph 39 of Plaintiff's Third Amended Complaint.

## COUNT FIVE
## GROSS NEGLIGENCE (against all Defendants)

40.

Defendant incorporates and reaffirms its responses to each and every allegation set forth above as if fully set forth herein.

41.

Defendant denies the allegations in paragraph 41 of Plaintiffs' Third Amended Complaint.

## COUNT SIX
## LOSS OF CONSORTIUM (against all Defendants)

42.

Defendant incorporates and reaffirms its responses to each and every allegation set forth above as if fully set forth herein.

43.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 43 of Plaintiffs' Third Amended Complaint.

44.

Defendant denies the allegations in paragraph 44 of Plaintiffs' Third Amended Complaint.

EXHIBIT K

<u>EXHIBIT K</u>

Defendant denies each and every allegation contained in the final paragraph of Plaintiffs' Third Amended Complaint beginning with "WHEREFORE" and denies that Plaintiffs are entitled to any of the relief requested therein.

Each and every other allegation not specifically admitted or responded to herein stands denied.

WHEREFORE, Defendant respectfully demands judgment in its favor, a trial by jury of twelve, all costs and attorney's fees for defending the action, and such other and further relief as the Court deems just and proper.

This 31st day of January, 2022.

|  |  |
|---|---|
|  | **HAWKINS PARNELL & YOUNG** LLP |
|  | /s/ *Elliott C. Ream* |
| 303 Peachtree Street, N.E., Suite 4000<br>Atlanta, GA 30308-3243<br>(404) 614-7400<br>(404) 614-7500 (facsimile)<br>wfox@hpylaw.com<br>eream@hpylaw.com | Warner S. Fox<br>Georgia Bar No. 272654<br>Elliott C. Ream<br>Georgia Bar No. 528281<br>*Counsel for Defendant Murphy Oil USA, Inc.* |

10

EXHIBIT K

EXHIBIT K

## IN THE SUPERIOR COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| ROBERT BURKS and MARIA BURKS, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> MURPHY USA, INC., MURPHY OIL ) <br> USA, INC., and OLASUMBO REIS, ) <br> ) <br> Defendants. ) <br> ) | CIVIL ACTION FILE NO.: <br> 20-A03792-6 <br><br> **JURY TRIAL DEMANDED** |

### CERTIFICATE OF SERVICE

This is to certify that I have this day served all counsel of record in the foregoing matter with a copy of ***ANSWER FOR MURPHY OIL USA, INC. TO PLAINTIFFS' THIRD AMENDED COMPLAINT*** via the Court's electronic filing system (CM/ECF) and via statutory electronic service as follows:

Edward J. Dovin
Allison S. H. Ficken
DOVIN FICKEN, LLC
Monarch Plaza
3414 Peachtree Road, NE, Suite 625
Atlanta. Georgia 30326
ejdovin@dovinficken.com
ahficken@dovinficken.com

Chastity Marshall
LAW OFFICE OF ANDREWS AND MANGANIELLO
100 Crescent Centre Parkway, Suite 950
Tucker, Georgia 30084
ChasMarshall@geico.com

This 31st day of January 2022.

303 Peachtree Street, N.E., Suite 4000
Atlanta, GA 30308-3243
(404) 614-7400
(404) 614-7500 (facsimile)
eream@hpylaw.com

HAWKINS PARNELL & YOUNG LLP

/ s / *Elliott C. Ream*
_____

Elliott C. Ream
Georgia Bar No. 528281
*Counsel for Defendant Murphy Oil USA, Inc.*

11

EXHIBIT K