EXHIBIT O

E-FILED IN OFFICE - NV
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA
20-A-03792-6
12/13/2022 2:13 PM
TIANA P. GARNER, CLERK

## IN THE SUPERIOR COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| ROBERT BURKS and MARIA BURKS, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action |
| MURPHY USA, INC., MURPHY OIL USA, INC., and OLASUMBO REIS, | ) ) ) ) | File No.  20-A03792-6 |
| Defendants. | ) ) | |

## JOINT MOTION TO DISMISS DEFENDANT OLASUMBO REIS AND BRIEF IN SUPPORT

COME NOW, Plaintiffs Robert Burks and Maria Burks ("**Plaintiffs**" or "**Burks**") and Defendant Olasumo Reis ("**Reis**")  (collectively "**Movants**"), through their respective counsel of record, and hereby file this Motion to Dismiss Defendant Reis, and show the Court as follows:

## I.    PROCEDURAL BACKGROUND

Plaintiffs filed this action in June 2020 stating claims for negligence and gross negligence against Defendant Murphy USA, Inc. (later substituted by Defendant Murphy Oil USA, Inc.) (collectively "**Murphy**") and Defendant Reis.

In January 2021, Plaintiffs settled all claims against Reis and executed a Limited Liability Release pursuant to O.C.G.A. § 33-24-41.1.  (A copy of the Release is attached as Exhibit 1). Accordingly, Reis has no further liability to Plaintiffs and should be dismissed from this action.

EXHIBIT O

## II.   ARGUMENT AND CITATION OF AUTHORITIES

### A.   Standard

Pursuant to O.C.G.A. § 9-11-21:

> …Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and ***on such terms as are just.***

(Emphasis added). *See e.g., Smith v. Morris, Manning & Martin,* 293 Ga. App. 153, 167 (2008); *Wright v. Safari Club International, Inc.,* 322 Ga. App. 486 (2013) ("obtaining leave of court to add or drop parties is a requisite."); *Manning v. Robertson,* 223 Ga. App. 139 (1996) (leave of court must be obtained when adding or dropping parties). ***conditions as the court deems proper."*** (Emphasis added).

A decision whether to add or drop parties is a matter for the trial court's discretion. *Callaway v. Quinn,* 347 Ga. App. 325 (2018). *See also, Rogers v. Deutsche Bank National Trust Co.,* 343 Ga. App 655 (2017) ("In order to add or drop parties, the trial court must exercise its discretion in determining the change of status of parties."); *Cartin v. Boles,* 155 Ga. App. 248 (1980) ("The adding or dropping of parties requires exercise of discretion by trial court."); *Connie v. Garnett,* 360 Ga. App. 24 (2021); *Brooks v. Quinlan,* 353 Ga. App. 573 (2020). Specifically, dismissal of less than all the defendants in a case is within the sound discretion of the trial court. *See e.g., Woods v. Gatch,* 272 Ga. App. 642 (2005); *Gresham v. Harris,* 329 Ga. App. 465 (2014). In such a case, where there are multiple defendants and one is dropped as a party defendant, the suit continues against the remaining defendant or defendants. *Marwede v EQR/Lincoln Ltd. Partnership,* 284 Ga. App. 404 (2007).

**B.    Dismissal of Reis is warranted in this case.**

Where there are multiple defendants and the plaintiff settles with one defendant, Georgia courts routinely hold that dismissal of the settling defendant is warranted.   For instance, in *Uniroyal Goodrich Tire Co. v. Ford,* 218 Ga. App. 248 (1995), plaintiffs brought a products liability action against the tire manufacturer, Goodrich, and the tire seller, NTW, for injuries arising out of an accident when their vehicle was disabled due to allegedly faulty tires.   Plaintiffs subsequently settled with NTW, and the defendants filed a joint motion for dismissal of NTW. The trial court denied the motion, but the Court of Appeals reversed, holding that "[a]fter plaintiffs … entered into a compromise release agreement with one defendant, that defendant should have been dismissed."   The Court reasoned that

> once the release had been signed, the claims against NTW disappeared and there was no justification for not granting NTW's motion to dismiss when there was no longer any claim or controversy to be decided.

(*Id.* at 256).   The Court also noted that it was fundamentally unfair to force NTW to remain as a defendant once it had been fully released, especially to the remaining defendant since NTW did not assert any defense and therefore gave the impression it had admitted liability.   (*Id.*)   *See also, International Maintenance Corp. v. Inland Paper Board & Packaging, Inc.,* 256 Ga. App. 752 (2002), where plaintiff sued the manufacturer, the designer and the owner of a staircase which fell and injured him, and later settled with two of the three defendants.   The Court of Appeals affirmed the trial court's dismissal of the two settling defendants, finding that the dismissal "was warranted, due to employee's settlement with designer and manufacturer, even though employee had not settled with defendant owner,…"   (*Id.*)

Likewise in *McReynolds v. Krebs,* 307 Ga. App. 330 (2010), the trial court dismissed a defendant who settled, GM, and the remaining defendant, McReynolds, appealed.   The Appellate

Court affirmed the dismissal, noting that O.C.G.A § 51-12-33(c) and (d) permits apportionment based on the fault of all parties and nonparties, including parties who have settled with the plaintiff. Furthermore, O.C.G.A § 51-12-33(b) provides that when damages are apportioned under this code section, the defendants have no right of contribution. Thus, GM was not required to be a party to the suit after it settled.

> Given that O.C.G.A. § 51-12-33 requires apportionment of damages in cases such as this regardless of whether GM is a party, that GM had settled with the plaintiff, and that McReynolds had raised no other valid claim against GM, the trial court did not err by granting GM's motion to dismiss.

(*Id.* at 334).

Similarly in this case, Reis has settled with the Burks and has no further liability to them; Murphy can seek apportionment against Reis regardless of whether she is a party; and other than apportionment, Murphy has not raised any other claims against Reis and it has no right to contribution from Reis. Thus, Murphy will not be prejudiced by the dismissal. Moreover, like the settling defendant in Uniroyal Goodrich, supra., if Reis is not dismissed, she will have no incentive to put on any defense, thus giving the jury the impression that she admits liability. Therefore, since there are no pending claims against Reis to be submitted to the jury, justice clearly requires that Reis be dismissed pursuant to O.C.G.A. § 9-11-21.

## CONCLUSION

For the foregoing reasons, the Movants' Joint Motion to Dismiss Defendant Reis should be GRANTED.

This 13th day of December, 2022.

Respectfully submitted:

*/s/ Allison S. H. Ficken*
Allison S.H. Ficken
Georgia Bar No. 355875
DOVIN FICKEN, LLC
3414 Peachtree Street, N.E., Suite 625
Atlanta, Georgia 30326
(770) 829-3869
(770) 829-3865 (fax)
ejdovin@dovinficken.com
ahficken@dovinficken.com

*/s/ Katrina Croom*
Katrina Croom
Georgia Bar No. 515209
LAW OFFICE OF ANDREWS AND
MANGANIELLO
100 Crescent Centre Parkway, Suite 950
Tucker, Georgia 30084
(404) 223-1222
(770) 938-0083 (fax)
KCroom@geico.com

## CERTIFICATE OF SERVICE

This is to certify that I have this day served the within and foregoing JOINT MOTION TO

DISMISS DEFENDANT OLASUMBO REIS to be served via the Court's ECF system which will

automatically notify all counsel of record:

Elliott C. Ream
Warner S. Fox
Megan Hoffman
HAWKINS PARNELL & YOUNG LLP
303 Peachtree Street, N.E.
Suite 4000
Atlanta, GA 30308-3243
eream@hpylaw.com
wfox@hpylaw.com
mhoffman@hpylaw.com

This 13th day of December, 2022.

*/s/ Allison S. H. Ficken*
Allison S. H. Ficken
Georgia Bar No. 355875

EXHIBIT O

Claim#: 0266942610101468

### <u>LIMITED LIABILITY RELEASE PURSUANT TO O.C.G.A. § 33-24-41.1</u>

KNOW ALL MEN BY THESE PRESENTS that **Robert Burks,** (the "Undersigned"), for and in consideration of the sum of **twenty five thousand AND 00/100 DOLLARS ($25,000.00),** in hand paid, receipt and sufficiency of which is hereby acknowledged, does hereby and for the heirs, executors, administrators, successors and assigns of the undersigned acquit, remise, release, and forever discharge **GEICO Indemnity Company** (the "Insurance Carrier") pursuant to Policy No. 4024-63-55-69, and does hereby acquit, remise, release, and forever discharge **Olayinka Reis** (the "Limited Releasee") except to the extent other insurance coverage is available which covers the claim or claims of the Undersigned against the Limited Releasee, from any and all claims, demands, rights, and causes of action of whatsoever kind and nature, specifically including but not limited to, all known and unknown bodily and personal injuries of the Undersigned, disability, all damage to the Undersigned's property, lost earnings, loss of services and consortium, all hospital bills, doctor bills, drug bills, and other medical expenses that belong to the Undersigned or which may hereafter accrue to the Undersigned on account of or resulting from the accident, casualty or event which occurred on or about **February 23, 2020** at or near **Tara Boulevard, Clayton County, Georgia.**

IT IS UNDERSTOOD AND AGREED that this Limited Release is entered into pursuant to the provisions set forth in O.C.G.A. § 33-24-41.1, and it is intended that the force and effect of this Limited Release shall be as intended by the aforesaid Code section. This Release shall operate as a full and final Release of the Insurance Carrier from all claims for injuries or damages to the Undersigned arising out of the above described accident, casualty or event, and operate as a release of the Limited Releasees from all claims for injuries or damages to the Undersigned arising out of the above described accident, casualty or event, except to the extent other insurance coverage is available which covers the claim or claims of the Undersigned against the Limited Releasee. This Limited Release shall not operate as a release of any other persons or entities not specifically named herein and shall not operate as a release of the Undersigned's claim(s) against any other tort-feasor or insurance carrier not named in this Limited Release.

It is expressly understood and agreed that this Limited Release is a settlement of claims for which the parties released hereby deny all liability. This Limited Release in no way prejudices the rights of the released parties to deny liability in any action based upon the said action, casualty or event.

All agreements and understandings between the parties hereto are embodied and expressed herein and the terms of this release are contractual and not mere recitals.

The Undersigned is 18 years of age or older, of sound mind and laboring under no disabilities.

Page 1 of 3

Sensitivity: Confidential



EXHIBIT O

It is understood and agreed that the Undersigned, in executing this Limited Release, has and does rely on representations from the Insurance Carrier and the Limited Releasee (1) that the automobile liability insurance policy issued by the Insurance Carrier (Policy No. 4024-63-55-69) covering the aforementioned accident, casualty or event provides maximum coverage limitations of $25,000 per person;   (2) that the total payments made by the Insurance Carrier to the Undersigned pursuant to this settlement will exhaust the limits of the Policy No. 4024-63-55-69, as contemplated and intended by O.C.G.A. 33-24-41.1; and (3) that Policy No. 4024-63-55-69 is the only policy of liability insurance covering the aforementioned accident, casualty or event.

The Undersigned understands that the injuries sustained are or may be permanent and progressive and that recovery therefrom is uncertain and indefinite.  It is understood and agreed that the Undersigned has relied wholly upon the judgment of the Undersigned and the belief and knowledge of the Undersigned as to the nature, extent, effect and duration of said injuries and liability, if any, and such is made without reliance upon any statement or representation of the parties hereby released or their representatives or by any physician or surgeon.

The Undersigned further declares and represents that no promise, inducement, or agreement not herein expressed has been made to the Undersigned and that the release contains the entire agreement between the parties.

All the foregoing representations are made in order for the parties released hereby to rely upon them in effecting this Limited Release and compromise.

The Undersigned hereby acknowledges prior receipt of this Limited Release and that it is notice in writing of lack of consent of the Limited Releasee to this settlement and that the Limited Releasee is not precluded from further assertion of claims against the Undersigned by virtue of this Limited Release.

The aforementioned amount paid to the Undersigned does not exceed the sum of all his economic and non-economic losses incurred as a result of the injuries and damages arising out of the aforementioned accident, casualty or event, taking into consideration both the benefits received from all other persons and entities, as well as the payments made in consideration of this Limited Release, and taking into consideration the amount of recovery from any and all others.  The Undersigned has not been fully and completely compensated for all his economic and non-economic losses as a result of payment(s) received hereunder, and the Undersigned's execution of this Limited Release should not be construed as an acknowledgment to the contrary.

Page 2 of 3

Sensitivity: Confidential

EXHIBIT O

EXHIBIT O

THE UNDERSIGNED HAS READ THE FOREGOING RELEASE AND FULLY UNDERSTANDS IT.

Witness the hand and seal this 13 day of January _____ , 2021.

_Robert R Burke_ (SEAL)

Sworn to and subscribed before me
this 13 day of January , 2021.

_Nautree Doell_
Notary Public
My Commission Expires:

Page 3 of 3

EXHIBIT O