# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA ATLANTA DIVISION

| | | |
|---|---|---|
| REV. CURTIS BANKSTON, | ) | CIVIL ACTION FILE |
| SOPHIA BANKSTON, | ) | NO._____ |
| PLAINTIFFS, | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| CITY OF GRIFFIN, CITY OF | ) | |
| GRIFFIN POLICE | ) | |
| DEPARTMENT, CITY OF GRIFFIN | ) | |
| POLICE CHIEF MICHAEL YATES, | ) | |
| IN HIS PERSONAL CAPACITY, | ) | |
| DEFENDANTS. | ) | |

## **COMPLAINT**

COME NOW, Rev. Curtis Bankston and Sophia Bankston (Plaintiffs) by and through their legal counsel Dexter M. Wimbish, GA Bar 769908, and files this Complaint as follows:

## INTRODUCTION

This is a civil action under 42 U.S.C § 1983 seeking damages against Defendants for committing acts, under color of law, with the intent and for the purpose of depriving Plaintiffs of rights secured under the Constitution and laws of the United States; for depriving Plaintiffs equal protection under the law; for damaging Plaintiffs' reputations through an unfounded campaign of public disparagement accompanied by the deprivation of Plaintiffs' property rights as secured by the Fourteenth Amendment to the United States Constitution.

Plaintiffs also assert a State law defamation claim against Defendant Michael Yates Plaintiffs including punitive damages against Defendant Yates, in his individual capacity. Plaintiffs seek declaratory and injunctive relief, compensatory damages, attorneys' fees, and costs for Defendants' unlawful actions.

## JURISDICTION AND VENUE

1. Plaintiffs' claims arise under the First and Fourteenth Amendments to the United States Constitution, as made actionable by 42 U.S.C. § 1983. Plaintiffs' claims present federal questions over which this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343 (a).

2. Plaintiffs also assert defamation and invasion of privacy claims arising under Georgia law, O.C.G.A. § 51-5-1, et seq. This Court has supplemental jurisdiction of these state law claims pursuant to 28 U.S.C. § 1367.

3. This Court is a proper venue for Plaintiffs' claims under 28 U.S.C. § 1391(b), because the parties are domiciled in the Northern District of Georgia and because the unlawful conduct giving rise to Plaintiffs' claims occurred in this District.

## THE PARTIES

4. Plaintiff, Rev. Curtis Bankston is a citizen of the United States, a resident of the Northern District of Georgia and subject to this Court's jurisdiction.

5. Sophia Bankston is a citizen of the United States, a resident of the Northern District of Georgia and subject to this Court's jurisdiction.

6. Defendant City of Griffin, Georgia ("the City") is a municipal corporation organized under the laws of the State of Georgia and is, therefore, subject to this Court's jurisdiction. The City may be served with process by serving its Mayor, Douglass Holberg at 100 South Hill Street, Griffin, GA 30223.

7. Defendant Michael Yates is a resident of Griffin, Georgia and subject to this Court's jurisdiction.  Defendant Yates, Griffin Police Chief may be served with process at 840 West Poplar Street, Griffin, GA 30224

8. The City is a local governmental entity subject to suit under 42 U.S.C. § 1983.

## FACTUAL ALLEGATIONS

9. Plaintiff, Rev. Curtis Bankston is a long-term resident of Georgia, who has served as pastor for more than 30 years.

10. Plaintiff, Sophia Bankston is a long-term resident of Georgia and an active member of the ministry, serving as the First Wife to Rev. Curtis Bankston.

11. Defendant Michael Yates serves as the appointed Chief of Police of the City of Griffin. As specified herein, Defendant Yates is being sued in his individual and official capacity.

12. On January 13, 2022, Plaintiff Pastor Curtis Bankston was arrested on charges of false imprisonment and operating an unlicensed personal care home in the City of Griffin located at 102 Valley Road, Griffin, Georgia.

13. On January 20, 2022, Plaintiff Sophia Bankston Sophia Bankston was arrested on charges of false imprisonment and operating an unlicensed personal care home in the City of Griffin located at 102 Valley Road, Griffin, Georgia.

14. According to search warrant 22-SW-012013, the Griffin Police Department was seeking evidence that a person had been kidnapped in violation of the

laws of the State of Georgia or had been kidnapped in another jurisdiction and is now concealed within the State of Georgia.

15. The Defendants were ultimately arrested and charged with the offense of false imprisonment.

16. Since the date of the arrest, 365 days have expired, and neither Curtis Bankston nor Sophia Bankston has been formally indicted for the charges for which they were arrested.

17. Following the arrest, Police Chief Michael Yates issued a press statement outlining the charges and made untrue accusations accusing the Plaintiffs of falsely imprisoning residents of the home.

18. In addition, Chief Michael Yates questioned the authenticity of the ministerial status of Pastor Curtis Bankston.

19. In addition, false allegations were made that the Defendants were managing the finances of the individuals residing in the residence.

20. The statements by Griffin Police Chief Michael Yates were defamatory and the press release was libelous.

21. There has been no evidence presented that the Defendants falsely imprisoned anyone or that the Defendants committed any financial fraud at the local or state level.

22. The Griffin Police Department has failed to identify the individual who was the subject of the search warrant.

23. Defendant Curtis Bankston has been charged with a local ordinance violation in the City of Griffin Municipal Court for the failure to register a business, but that case has not been arraigned.

24. The matter was referred to the State of Georgia Attorney General's office, but no formal charges or indictment have been brought against the Plaintiffs.

25. On June 3, 2022, the City of Griffin, as required by law, submitted an anti-litem notice detailing the claims against the City of Griffin and the City of Griffin Police Department.

26. The Defendants were notified by Counsel that the City of Griffin and the Griffin Police Department denied the claim for damages in the amount of $10,000,000.

27. Due to the malicious prosecution the mother of Defendant Sophia Bankston was forcibly removed from the Defendants who were her primary caregivers.

28. Defendants mother and mother law subsequently died causing extreme mental anguish for the Defendants.

29. Plaintiffs this action under the United States Constitution for their false arrest, malicious prosecution, defamation, slander, and libel.

30. Plaintiffs seek equitable relief, monetary damages, attorney fees and costs, and a trial by jury.

# CAUSES OF ACTION

## Count One

### 42 U.S.C. § 1983 and Allegations

### (False Arrest, False Imprisonment, Malicious Prosecution, and Denial of Equal Protection Claim against All Defendants)

31. Plaintiffs incorporate each of the above factual allegations as if fully restated here.

31.  The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution entitles Plaintiff to equal protection and equal treatment under the law. Defendants violated Plaintiffs' rights to equal protection by, among other things, subjecting Plaintiff to discriminatory and disparate treatment not otherwise imposed on similarly situated persons and businesses.

32.  The Plaintiffs were targeted by the Defendants on the belief that the Plaintiffs were operating an unlicensed group home in a predominantly white neighborhood.

33.  The Plaintiffs were in fact providing housing through a Christian based ministry program that housed transitional individuals who could not provide housing.

34.  The Plaintiffs admit that they were in violation of the City of Griffin requirement that a business operating within the city limits must register.

35. Before the unlawful arrest of the Plaintiffs, the Defendants had provided no notice of any ordinance violation.

36. The Defendants failed to train their employees and officials from violating the law in this manner. The Defendants and their employees and officials were deliberately indifferent to the rights of the Plaintiffs by arresting the Plaintiffs after their initial investigation failed to provide probable cause that a kidnapping had occurred.

37. The action of the Defendants deprived the Plaintiffs of the liberty under O.C.G.A § 51-7-40 as under the facts and circumstances, an objective law enforcement agent after interviewing the alleged kidnapping victims and determining that the individual was not a victim of kidnapping but in fact a voluntary resident would not proceed to arrest the Plaintiffs but rather cite them for an ordinance violation.

38. It should be noted that it is believed that City Manager Jessica O, Connor, former Griffin City Attorney, was at the scene of the arrest and apparently agreed with the decision to charge the Defendants with false imprisonment when it was discovered that no kidnapping had taken place.

39. The public release of a press release claiming that the Plaintiffs were holding individuals against their will was simply an attempt to cover up that the City of

Griffin had arrested a pastor for trying to help people who were homeless. The press release went viral.

40. The release of statements that the Defendants were managing the money of residents were totally false and Defendants failed to dismiss charges against the Plaintiffs and were meant to cast the Plaintiffs in a bad light to justify the false arrest.

41. Plaintiffs have been irreparably harmed by Defendants' unlawful, actions.

42. Defendants acted intentionally and with callous disregard for Plaintiffs' known statutory and constitutional rights.

43. As a direct and proximate result of Defendants' actions Plaintiffs have been deprived of rights to which they were entitled and suffered business damage and loss of income and revenue as a result thereof.

44. Plaintiffs have been irreparably harmed by Defendants' unlawful defamatory actions.

45. As a direct and proximate result of the Defendants' actions, the Plaintiffs suffered damages including financial damage, emotional distress, mental anguish, inconvenience, loss of income and benefits, humiliation, and other indignities.

46. Plaintiffs pray for compensatory attorneys' fees, expert fees, costs, per se damages, and pre-judgment and post-judgment interest.

47. Defendant Yates' conduct was intentional, reckless, and malicious. The Plaintiffs pray for punitive damages, without limits against Defendant Yates in his individual capacity.

## Count Two

## 42 U.S.C. § 1983 Allegations

### (Reputational Injury - Stigma Plus Against All Defendants)

48. Plaintiffs incorporate each of the above factual allegations as if fully restated here.

49. Defendants embarked upon a public campaign designed to damage the personal and business reputations of the Plaintiffs and deprive Plaintiffs of property rights to which they are legally entitled in violation of the Fourteenth Amendment to the United States Constitution by releasing a press release claiming the Defendants had falsely imprisoned individuals against their will.

50. Defendants ignored statements from residents in the house who indicated they were not being falsely imprisoned and falsely arrested the Plaintiffs while acting under color of State and local law.

51. All of Defendants' defamatory actions and property deprivations were accomplished pursuant to official policy and custom of the City or were committed or authorized by officials whose acts can be fairly deemed to be the actions and official policy and customs of the City and are a direct result of the continued lack of diversity within the City of Griffin Police Department.

52. The Defendants failed to properly train its employees in a manner to prevent the violation of Plaintiffs clearly established constitutional rights.

53. The Defendants were deliberately indifferent to Plaintiffs' rights.

54. As a direct and proximate result of the Defendants' actions, the Defendants have been deprived of the rights to which they were entitled and suffered personal damage to their reputation and loss of income and revenue as a result thereof. Plaintiffs have suffered damage to reputation, humiliation, embarrassment, mental and emotional anguish and distress and violation of right to free speech as protected under the Constitution as well as other compensatory damages, in an amount to be determined by a jury and the Court.

55. Plaintiffs have been irreparably harmed by Defendants' unlawful and defamatory actions.

56. The Plaintiffs pray for compensatory and punitive damages, attorneys' fees, expert fees, costs, per se damages, and pre-judgment and post-judgment interest.

### Count Three

**(State Law Defamation and Libel Claims against Defendant Police Chief Michael Yates, In His Individual Capacity Only)**

57. Plaintiffs incorporate each of the above factual allegations as if fully restated here.

58. Defendant Yates intentionally, deliberately, and maliciously, made false, defamatory and libelous statements about Defendants Rev. Curtis Bankston and Sophia Bankston.

59. Defendant Yates published each of these false, defamatory, and damaging statements about the Defendants. The statements went viral with more than 10 million views on the internet and painted Rev. Curtis Bankston and Sophia Bankston as monsters who had eight people locked up in a dark basement.

60. The publication of these false and defamatory statements was designed to injure the Defendants personal reputation and professional trade. As such, these statements were damaging *per se*.

61. To the extent Defendant Yates verbalized these false, defamatory, and damaging statements about the Plaintiffs, Defendant Yates is liable for slandering Plaintiffs.

62. Defendant Yates is liable for defaming Plaintiffs.

63. Defendant Yates is liable for public casting Plaintiffs in a false and negative light.

64. Defendant Yates is liable for committing acts of slander against Plaintiffs.

65. Defendant Yates has not offered a retraction of the defamatory statements about Plaintiffs.

66. Defendant Yates acted with malice and with a reckless disregard for known consequences and is therefore subject to an assessment of punitive damages. Defendant Yates acted with a specific intent to harm the Plaintiffs.

67. Defendant Yates is liable for attorney's fees.

68. The Plaintiffs pray for compensatory and punitive damages, attorneys' fees, expert fees, costs, per se damages, and prejudgment and post-judgment interest.

**PRAYER FOR RELIEF**

Plaintiffs respectfully request the following relief:

a. Declaratory judgment that Defendants violated Plaintiffs' rights under the federal statute(s) above cited.

b. Injunctive relief permanently prohibiting the Defendants from engaging in such unlawful conduct in the future and directing

c. For appropriate compensatory damages in an amount to be determined at trial.

d. For appropriate equitable relief against all Defendants as allowed by the Civil Rights Act of 1871, 42 U.S.C. Section 1983, including the enjoining and permanent restraining of these violations, and direction to Defendants to take such affirmative action as is necessary to ensure that the effects of the unconstitutional and unlawful practices are eliminated and do not continue to affect Plaintiffs, or others;

e. For an award of reasonable attorney's fees and costs expended pursuant to the Civil Rights Act of 1871, 42 U.S.C. Section 1988.

  f. For such other and further relief to which Plaintiffs may show themselves justly entitled.

  g. Punitive damages against Defendant Yates in his individual capacity as to all Counts; and

  h. Such other and further relief as the Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Respectfully submitted:

Counsel for Plaintiffs:

**s/ Dexter M. Wimbish**
Ga. Bar No. 769908
dexterwimbish@bellsouth.net
420 Country Club Drive
Griffin, GA 30223
(770) 707-6555