**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| MICHAEL THOMAS, | ) | |
| | ) | Civil Action File No. _____ |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| FEDEX GROUND PACKAGE | ) | |
| SYSTEM, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES

Plaintiff Michael Thomas ("Plaintiff" or "Mr. Thomas") files this Complaint

for Equitable Relief and Damages against Defendant FedEx Ground Package

System, Inc. ("Defendant" or "FedEx") showing the Court the following:

### INTRODUCTION

1.      This is an action for age discrimination and retaliation in violation of

the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.* (the

"ADEA") and for race discrimination in violation of Title VII of the Civil Rights

Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII") and 42 U.S.C. §

1981 ("§ 1981").  Mr. Thomas seeks injunctive and declaratory relief, back pay and

lost benefits, front pay or reinstatement to a full-time position with commensurate

benefits, liquidated damages, compensatory and punitive damages, and attorney's fees and costs of litigation.

## JURISDICTION AND VENUE

2.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil rights).

3.      Venue is proper in this district and division under 28 U.S.C. § 1391 because Defendant FedEx conducts business in this district and division and the unlawful actions and practices alleged herein were committed within the Northern District of Georgia.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

4.      Mr. Thomas timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission within 180 days of the occurrence of the acts of which he complains.

5.      Mr. Thomas received a Notice of Right to Sue from the EEOC relating to his charge of discrimination, charge number 410-2022-02882.

6.      Mr. Thomas brings this suit within ninety (90) days of the receipt of his Notice of Right to Sue.

## THE PARTIES

7.      Mr. Thomas is a citizen of the United States and a resident of the State

of Georgia.  Mr. Thomas submits himself to the jurisdiction of this Court.

8.      At all times material to this Complaint, Mr. Thomas was an employee of FedEx.

9.      Mr. Thomas was 63 years old when FedEx terminated his employment.

10.     Mr. Thomas is a white male.

11.     FedEx is a covered employer under Title VII and the ADEA.

12.     FedEx conducts business in the State of Georgia and is, therefore, subject to personal jurisdiction in Georgia.

13.     FedEx may be served with summons and a copy of the Complaint in this action by delivering process to its registered agent for service of process, The Corporation Company (FL), 106 Colony Park Drive, Suite 800-B, Cumming, GA 30040.

STATEMENT OF FACTS

13.     Mr. Thomas began his employment with FedEx in October 2013 and was most recently employed as a Maintenance Technician Specialist.

14.     Mr. Thomas maintained an exemplary record throughout his employment with FedEx.

15.     In October 2021, one month prior to Mr. Thomas' termination, Mr. Thomas received a bonus.

16.    At that time, Martin Smith, Facilities Maintenance Manager, told Mr. Thomas that he knew Mr. Thomas worked extremely hard and "earned every penny" of his bonus, while his coworkers did not.

17.    Leading up to Mr. Thomas' termination, Mr. Smith repeatedly asked Mr. Thomas when he was going to retire and if he would consider working part-time if he was not ready to retire.

18.    Just prior to Mr. Thomas' termination, Mr. Smith called Mr. Thomas "a grumpy old man who won't let issues go" for the second time.

19.    Mr. Thomas complained about the derogatory comments to his supervisor, Jason Edwards.

20.    After the "grumpy old man" comments, an African American colleague threatened and cursed out Mr. Thomas at work, and, among other things, called him a "broke down bitch."

21.    Mr. Edwards witnessed part of the incident.

22.    Mr. Thomas also reported the incident to Mr. Edwards.

23.    After Mr. Thomas reported the incident, nothing happened for at least four weeks.

24.    During the "investigation" Mr. Edwards told Mr. Thomas that he had done nothing wrong, and he had nothing to worry about.

25.    Mr. Edwards attempted to give FedEx a statement informing them that Mr. Thomas had done nothing wrong during the incident.

26.    The same African American colleague had been reported for harassing and intimidating Dan Wilcox, and no actions were taken.

27.    Despite two managers attempting to terminate the African American employee at least four times, he was not terminated.

28.    FedEx terminated Mr. Thomas' employment on November 18, 2021.

29.    Although Mr. Thomas' colleague caused the incident, management terminated Mr. Thomas' employment under the pretext that he violated the workplace violence policy.

30.    Management could not tell Mr. Thomas what he had allegedly done that violated the policy.

31.    The HR representative that "investigated" the incident told Mr. Thomas he would not accept any statements given on Mr. Thomas' behalf.

32.    After his termination, Mr. Edwards told Mr. Thomas that he was terminated because FedEx had concerns that the African American colleague might accuse FedEx of race discrimination and they could avoid his complaint if they terminated Mr. Thomas.

33.     The African American colleague that instigated the incident was not terminated under the workplace violence policy but was later terminated for sleeping on the job.

34.     Mr. Thomas was replaced with a substantially younger African American male.

## COUNT I: AGE DISCRIMINATION IN VIOLATION OF THE ADEA

35.     Mr. Thomas incorporates by reference all the preceding paragraphs of the Complaint.

36.     At all times material to this Complaint, Mr. Thomas was Defendant's employee, and Defendant was Mr. Thomas' employer, within the meaning of the ADEA.

37.     On two separate occasions, the last one being shortly before Mr. Thomas' termination, Mr. Smith referred to Mr. Thomas as "a grumpy old man".

38.     Mr. Smith also repeatedly asked Mr. Thomas if he would retire.

39.     Mr. Smith asked Mr. Thomas to consider working part-time if he was not ready to retire.

40.     Defendant terminated Mr. Thomas' employment on November 18, 2021.

41.     Mr. Thomas was replaced by a younger African American male.

42.     Defendant's stated reason for terminating Mr. Thomas' employment is pretext for discrimination.

43.     Defendant violated the ADEA by, among other things, terminating Mr. Thomas because of his age in violation of the ADEA.

44.     Defendant's discriminatory acts have caused Mr. Thomas damages including but not limited to lost wages and benefits.

45.      Defendant's discriminatory acts were willful within the meaning of the ADEA, and Mr. Thomas is therefore entitled to liquidated damages under 29 U.S.C. § 626(b).

## COUNT II: RETALIATION IN VIOLATION OF THE ADEA

46.     Mr. Thomas incorporates by reference all the preceding paragraphs of the Complaint.

47.     At all times material to this Complaint, Mr. Thomas was Defendant's employee, and Defendant was Mr. Thomas' employer, within the meaning of the ADEA.

48.     Just prior to Mr. Thomas' termination, Mr. Smith called Mr. Thomas "a grumpy old man who won't let issues go" for the second time.

49.     Mr. Thomas complained to his supervisor, Jason Edwards, about the derogatory age-related comments directed at him by Mr. Smith.

50.     Defendant terminated Mr. Thomas' employment on November 18, 2021.

51.     Defendant's stated reason for terminating his employment is pretext for retaliation.

52.     Defendant violated the ADEA by, among other things, terminating Mr. Thomas in violation of the ADEA's anti-retaliation provisions because he reported and opposed age discrimination.

53.     Defendant's retaliatory acts have caused Mr. Thomas damages including but not limited to lost wages and benefits.

54.     Defendant's retaliatory acts were willful within the meaning of the ADEA, and Mr. Thomas is therefore entitled to liquidated damages under 29 U.S.C. § 626(b).

## COUNT III: RACE DISCRIMINATION IN VIOLATION OF TITLE VII

55.     Mr. Thomas incorporates by reference all the preceding paragraphs of the Complaint.

56.     At all times material to this Complaint, Mr. Thomas was Defendant's employee, and Defendant was Mr. Thomas' employer, within the meaning of Title VII.

57.     Defendant terminated Mr. Thomas' employment on November 18, 2021.

58.     Defendant terminated Mr. Thomas' employment because he is white.

59.     Defendant's stated reason for terminating Mr. Thomas' employment is pretext for discrimination.

60.     Defendant refused to terminate the African American colleague that initiated a confrontation with Mr. Thomas.

61.     Mr. Edwards witnessed part of the incident and told Mr. Thomas that he had done nothing wrong.

62.     Mr. Thomas was told he was terminated because FedEx was concerned that his colleague might accuse FedEx of race discrimination and they could avoid the complaint if they terminated him.

63.     Mr. Thomas was replaced by a younger African American male.

64.     Defendant violated Mr. Thomas' rights under Title VII by, among other things, terminating him, instead of his colleague, because of his race.

65.     As a direct and proximate result of Defendant's conduct, Mr. Thomas has suffered damages including lost wages and benefits, emotional distress, inconvenience, humiliation, and other indignities.

66.     Pursuant to Title VII, Mr. Thomas is entitled to damages including back pay and lost benefits, front pay and/or reinstatement, compensatory damages, punitive damages, attorneys' fees and costs of litigation, and all other relief recoverable under Title VII.

67.     Defendant acted with malice toward Mr. Thomas, authorizing an award of punitive damages against Defendant.

68.     Additionally, and in the alternative, Defendant acted with reckless disregard for Mr. Thomas' federally protected rights, authorizing an award of punitive damages against Defendant.

**COUNT IV: DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 1981**

69.     Mr. Thomas incorporates by reference all the preceding paragraphs of the Complaint.

70.     Defendant terminated Mr. Thomas' employment on November 18, 2021.

71.     Mr. Thomas was told he was terminated because FedEx was concerned that his colleague might accuse FedEx of race discrimination and they could avoid the complaint if they terminated him.

72.     Defendant terminated Mr. Thomas' employment because he is white.

73.     Defendant's stated reason for terminating Mr. Thomas' employment is pretext for racial discrimination.

74.     Defendant's discriminatory treatment and termination of Mr. Thomas was in violation of 42 U.S.C. § 1981 ("Section 1981").

75.     Defendant willfully and wantonly disregarded Mr. Thomas' rights under Section 1981 and acted in reckless disregard for Mr. Thomas' rights under Section 1981.

76.     Defendant's discriminatory actions against Mr. Thomas were taken in bad faith.

77.     As a result of Defendant's discriminatory termination of Mr. Thomas, Mr. Thomas has suffered lost compensation and other benefits of employment, emotional distress, inconvenience, loss of income, humiliation, and other indignities.

78.     Pursuant to Section 1981, Mr. Thomas is entitled to damages including back pay and lost benefits, front pay and/or reinstatement, compensatory damages, punitive damages, attorneys' fees and costs of litigation pursuant to 42 U.S.C. § 1988, and all other relief recoverable under Section 1981.

**Prayer for Relief**

Mr. Thomas demands a TRIAL BY JURY on all issues so triable and the following relief:

11

(a)     A declaration that FedEx violated Mr. Thomas' rights under the law;

(b)     A permanent injunction against FedEx, its officers, agents, successors, employees, attorneys, assigns and other representatives, and all those acting in concert with them or at their direction, from engaging in any further such violations;

(c)     Full back pay, including lost compensation and benefits, compensation and benefits increases Mr. Thomas would have received in the absence of discrimination, retirement losses, and all other components of compensation and benefits reducible to a dollar value;

(d)     Reinstatement to Mr. Thomas' former position with Defendant, with all seniority and benefits made retroactive to his termination date or, in lieu of reinstatement, front pay through Mr. Thomas' projected retirement date;

(e)     Compensatory damages, in an amount to be determined by the enlightened conscience of the jury, for Mr. Thomas' emotional distress, suffering, inconvenience, mental anguish, loss of enjoyment of life and special damages;

(f)     Punitive damages in an amount to be determined by the enlightened conscious of the jury to be sufficient to punish Defendant for its conduct toward Mr. Thomas and deter Defendant from similar conduct in the future;

(g)     Liquidated damages equal to Mr. Thomas' back pay as a result of Defendant's willful violations of the ADEA;

(h)     Prejudgment interest on any award as required by law;

(i)     Reasonable attorney's fees and costs; and

(j)     Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Mr. Thomas demands a jury trial on all issues so triable.

Respectfully submitted this 12th day of January 2023.

LEGARE, ATTWOOD & WOLFE, LLC

**Cheryl B. Legare**
Georgia Bar No. 038553
cblegare@law-llc.com
Camille J. Mashman
Georgia Bar. No. 612930
cjmashman@law-llc.com

125 Clairemont Avenue, Suite 380
Decatur, Georgia 30030
Telephone: (470) 823-4000
Facsimile: (470) 201-1212

Counsel for Plaintiff