## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### Atlanta Division

| | | |
|---|---|---|
| JAMES TILLMAN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE |
| | ) | NO. _____ |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## COMPLAINT FOR DAMAGES

Plaintiff James Tillman hereby files this Complaint against Defendant United States of America seeking damages for the professional negligence of Defendant's agents, and alleges as follows:

## JURISDICTION AND VENUE

### 1.

Plaintiff is a citizen and resident of Georgia.  Plaintiff is a resident of Rockdale County, Georgia, and thus, is a resident of the Northern District of Georgia.

### 2.

The claims herein are brought against the United States of America pursuant to the Federal Tort Claims Act (28 U.S.C. § 2671, *et seq.*) and 28 U.S.C. § 1346(b)(1), for money damages as compensation for personal injuries that were

caused by the negligent and wrongful acts and omissions of employees of the United States Government, while acting within the course and scope of their offices and employment, under circumstances where the United States of America, if a private person, would be liable to Plaintiff in accordance with the laws of the State of Georgia.

3.

Venue is proper in that Plaintiff is a resident of the Northern District of Georgia and all, or a substantial part of the acts and omissions forming the basis of these claims, occurred in the Northern District of Georgia.

4.

Plaintiff has fully complied with the provisions of 28 U.S.C. § 2675 of the Federal Tort Claims Act.

5.

This suit has been timely filed, in that Plaintiff timely served notice of his claims on the Department of Veterans Affairs on August 2, 2021 (Exhibit A).  The Department of Veterans Affairs assumed responsibility for evaluating these claims and rendering a decision.  (Exhibit B).  On September 9, 2022, the Department of Veterans Affairs informed Plaintiff that the claim was denied. (Exhibit B).  Less than

six months have passed since the denial of Plaintiff's claim.  As such, Plaintiff has exhausted his administrative remedies as required by 28 U.S.C. § 2675.

6.

A copy of the Summons and Complaint may be served upon the Attorney General of the United States in Washington, DC, and upon the United States Attorney for the Northern District of Georgia.

7.

Upon information and belief, and at all relevant times hereto, the individuals alleged to be negligent—CRNA Lisa Cummins, CRNA Joyce Tillman, and/or Dr. Mansour Baubak—were employed by Defendant United States of America and specifically the Department of Veterans Affairs.

8.

Upon information and belief, and at all times relevant hereto, Dr. Baubak Mansour was a duly licensed and practicing physician in the State of Georgia, and CRNA Lisa Cummins and CRNA Joyce Tillman were certified registered nurse anesthetists ("CRNA") licensed in the State of Georgia.

9.

Dr. Mansour, CRNA Cummins, and CRNA Tillman undertook to provide medical care to Mr. Tillman in July 2021.  At all times material hereto, a

physician/patient relationship existed between Mr. Tillman and CRNA Lisa Cummins, CRNA Joyce Tillman, and Dr. Mansour Baubak.

10.

At all times material hereto, CRNA Lisa Cummins, CRNA Joyce Tillman, and Dr. Mansour Baubak were acting within the course and scope of their employment and/or agency with the Defendant United States of America and specifically the Department of Veterans Affairs.

11.

Defendant United States of America is responsible for CRNA Lisa Cummins, CRNA Joyce Tillman, and/or Dr. Mansour Baubak's negligent acts or omissions, and any injuries and damages arising therefrom.

12.

Upon information and belief, other VA health care providers also undertook to provide care and treatment to Mr. Tillman on behalf of the United States of America in July 2021.  These other professional health care providers were also acting within the course and scope of their employment with Defendant United States of America.

13.

Defendant United States of America is responsible for the negligent acts or omissions of the other healthcare providers at the VA who cared for the Plaintiff, and any injuries and damages arising therefrom.

## STATEMENT OF FACTS

14.

On July 21, 2021, James Tillman, a 29-year-old, underwent a surgery to repair a rupture of his left knee tendon that he had suffered playing basketball a few weeks earlier.

15.

Mr. Tillman was inducted with anesthesia, he was intubated, and the surgery began at 1:05 p.m.

16.

As part of the anesthesia induction, Mr. Tillman was given, among other things, rocuronium. Rocuronium is a neuromuscular blocker used as a paralytic for intubation and anesthesia purposes.

17.

By 2:26 p.m. the surgery was completed, and at 2:29 p.m. Mr. Tillman was extubated and moved to the PACU.

18.

Before extubating Mr. Tillman, CRNA Joyce Tillman and/or CRNA Lisa Cummins, did not provide any medication or agent to reverse the paralytic effects of the rocuronium.  As a result, Mr. Tillman remained essentially paralyzed as he was extubated and required to breathe on his own.

19.

Shortly after being extubated and moved to the PACU, Mr. Tillman was noted as having shallow respirations and he became obtunded, with "copious amounts of pink, frothy secretion" noted as coming from his mouth and nose.

20.

By 2:54 p.m., Mr. Tillman's oxygen saturations were noted to have dropped as low as 31.8%.

21.

CRNA Cummins and CRNA Tillman both unsuccessfully attempted to intubate Mr. Tillman, and Dr. Mansour finally re-intubated him at approximately 2:58 p.m.

22.

Even on the ventilator, however, Mr. Tillman's oxygen saturations did not sufficiently improve, and as a result, he was placed on extracorporeal membrane oxygenation ("ECMO")—a life-support treatment that uses a pump to circulate blood through an artificial external lung and then back into the bloodstream.

23.

Mr. Tillman was then transferred to Emory, where he remained hospitalized for a week.

24.

CRNA Tillman and/or CRNA Cummins negligently extubated Mr. Tillman without reversing the rocuronium.  When Mr. Tillman then attempted to breathe while still paralyzed, this caused a negative pressure pulmonary edema, which caused his acute respiratory failure and resulted in a hypoxic brain injury.

25.

Since this hypoxic brain injury, Mr. Tillman has had cognitive, mental, and personality changes, notably including memory loss. He has suffered mental anguish including post-traumatic stress disorder and anxiety, he has been diagnosed with functional neurologic disorder ("FND"), and he has experienced visual disturbances,

among other things.  Mr. Tillman has further incurred medical expenses and lost potential wages due to Defendant's negligence.

## COUNT ONE

## <u>PROFESSIONAL NEGLIGENCE</u>

26.

The allegations of the foregoing paragraphs are hereby incorporated by reference as if fully set forth herein.

27.

CRNA Cummins, CRNA Tillman, Dr. Mansour, and the other agents or employees of Defendant United States of America (collectively "VA Providers") undertook to provide care and treatment to Mr. Tillman in July 2021.

28.

The VA Providers owed a duty to Mr. Tillman to exercise the degree of skill and care ordinarily employed by medical providers in the care and treatment of patients under similar conditions and like surrounding circumstances.

29.

The VA Providers violated acceptable medical practices by among other things, negligently extubating Mr. Tillman, and failing to appropriately monitor Mr. Tillman's airway.

30.

The negligence of the VA Providers was a proximate cause of the injuries suffered by Mr. Tillman, as set forth above.

31.

Thus, Defendant is liable to Plaintiff for the damages and injuries Mr. Tillman has suffered as a result of the negligence of its agents/employees.

## COUNT TWO

## NEGLIGENT SUPERVISION

32.

The preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

33.

Dr. Mansour undertook to provide medical care and treatment to Mr. Tillman.

34.

Dr. Mansour owed Mr. Tillman a duty to exercise the degree of care and skill ordinarily employed by medical doctors in the care and treatment of patients under similar conditions and like surrounding circumstances.

35.

Dr. Mansour violated accepted medical practices by, among other things, not appropriately supervising the CRNA(s) who were practicing under his supervision and license.

36.

Dr. Mansour's negligent supervision was a proximate cause of the injuries suffered by Mr. Tillman.

37.

Thus, Defendant is liable to Plaintiff for the damages and injuries Mr. Tillman has suffered as a result of the negligence of its agent/employee, Dr. Mansour.

WHEREFORE, Plaintiff prays as follows:

1. That Defendant be served with summons and process and be required to answer this lawsuit;

2. That Plaintiff recover from Defendant special damages including lost wages and medical expenses, mental and physical pain and suffering, and all general damages in an amount to be proven at trial but in excess of $10,000; and

3. For any such other and further relief as the Court may deem just and appropriate.

Respectfully Submitted this 13th day of January, 2023.

_s/ Joshua F. Silk_
JOSHUA F. SILK
Georgia Bar No. 903916
LAURA M. SHAMP
Georgia Bar No. 637560
JOSHUA F. SILK
_Attorneys for Plaintiff_

**SHAMP SILK**
1718 Peachtree Street, Suite 900
Atlanta, GA 30309
(404) 893-9400 (telephone)
(404) 458-5603 (facsimile)
shamp@shampsilk.com
silk@shampsilk.com

# Exhibit A

| **INJURY, OR DEATH** | reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | |
|---|---|---|

| 1. Submit to Appropriate Federal Agency: | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code. |
|---|---|
| Atlanta VA medcal center (Veteran Affairs) 1670 clairemont Rd, Decatur,GA,30033 | James Tillman, 2307 santa anna ct se, conyers, ga, 30013 |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|
| ☒ MILITARY   ☐ CIVILIAN | 03-09-1992 | M | July 21, 2021 | 11 AM |

8. BASIS OF CLAIM (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary).

On July 21, 2021 I was seen at the VA Medical Center in Atlanta Georgia, originally I was getting a surgery to repair my left patella tendon for being ruptured at the surgery. While being seen the VA medical team made a mistake upon waking me up from the anaesthesia and that cost me to be put under a life critical conditions and to be placed upon an ecmo machine since my lungs completely failed. I was on that machine and transferred to emory university from July 21st through July 28th. I was the ecmo machine for the first 3 days.

| 9. | **PROPERTY DAMAGE** | |
|---|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

| 10. | **PERSONAL INJURY/WRONGFUL DEATH** | |
|---|---|---|

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

Personal injury due to complications I had in my surgery on July 21, 2021 this has caused a major increase in my anxiety which I already prior but now tenfold. I can't function properly and have panic attacks at random moments. the constant fear of death haunts me due to constantly being told how lucky I am for the procedure and the statistics of patients taken off ecmo machine. I also have had extreme weight loss, loss of appetite and have lost a considerable amount of muscle mass which is

| 11. | **WITNESSES** | |
|---|---|---|
| NAME | ADDRESS (Number, Street, City, State, and Zip Code) | |
| Dajah Tillman | 2307 santa anna ct se, conyers, GA, 30013 | |

| 12. (See instructions on reverse). | **AMOUNT OF CLAIM** (in dollars) | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
| | 20,000,000 | | 20,000,000 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE |
|---|---|---|
| | 8165479322 | 08-02-2021 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property.

| 15. Do you carry accident Insurance? ☐ Yes   If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number. ☒ No |
|---|

| 16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible? ☐ Yes ☒ No | 17. If deductible, state amount. |
|---|---|

| 18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts). |
|---|

| 19. Do you carry public liability and property damage insurance? ☐ Yes   If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code). ☒ No |
|---|

### INSTRUCTIONS

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident.  If the incident involves more than one claimant, each claimant should submit a separate claim form.**

**Complete all items - Insert the word NONE where applicable.**

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY

**Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid.  A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.**

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted.  Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations.  If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant.  A claim presented by an agent or legal representative must be presented in the name of the claimant.  If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

DAMAGES IN A **SUM CERTAIN** FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

The amount claimed should be substantiated by competent evidence as follows:

*(a)* In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

*(b)* In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

*(c)* In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident.  Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

*(d)* **Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.**

### PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
   A.  *Authority:*  The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

   B.  *Principal Purpose:*  The information requested is to be used in evaluating claims.
   C.  *Routine Use:*  See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
   D.  *Effect of Failure to Respond:*  Disclosure is voluntary.  However, failure to supply the requested information or to execute the form may render your claim "invalid."

### PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501.  Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.  Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention:  Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC  20530 or to the Office of Management and Budget.  Do not mail completed form(s) to these addresses.

# Exhibit B



**U.S. Department of Veterans Affairs**
Office of General Counsel

Torts Law Group (021)
810 Vermont Avenue, NW
Washington, DC 20420
Telephone: (202) 461-4900

In Reply Refer To: GCL 492202

Certified Mail 7013 2630 0001 4727 2935

September 9, 2022

James Tillman
2307 Santa Anna Ct SE
Conyers, Georgia 30013

Re:     Administrative Tort Claim

Dear Mr. Tillman:

The Department of Veterans Affairs (VA) has thoroughly investigated the facts and circumstances surrounding the administrative tort claim you have filed. Our adjudication of your claim included a review of your medical records, interviews with medical personnel, and review of your claim by medical reviewers in different parts of the country.

The Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b) and 2671-2680, under which you filed your claim, provides for monetary compensation when a Government employee, acting within the scope of employment, injures another by a negligent or wrongful act or omission. Medical negligence means there was a breach in the standard of care and that breach proximately caused an injury. The standard of care is the level at which similarly qualified medical professionals would have managed the care under the same or similar circumstances.

Our review concluded that there was no negligent or wrongful act on the part of an employee of the VA, acting within the scope of his or her employment that caused you compensable harm. Accordingly, your claim is hereby denied.

If you are dissatisfied with the denial of your claim, you may file suit directly under the FTCA, 28 U.S.C. §§ 1346(b) and 2671-2680. The FTCA provides that when an agency denies an administrative tort claim, the claimant may seek judicial relief in a Federal district court. The claimant must initiate the suit within six (6) months of the mailing of this notice as shown by the date of this denial (28 U.S.C. § 2401(b)). In any lawsuit, the proper party defendant is the United States, not the Department of Veterans Affairs.

Please note that FTCA claims are governed by a combination of Federal and state laws. Some state laws may limit or bar a claim or lawsuit. VA attorneys handling FTCA claims work for the Federal government and cannot provide advice regarding the impact of state laws or state filing requirements.

Sincerely,

*Jennifer Hansen*

Jennifer Hansen
Deputy Chief Counsel

**Veterans Crisis Line      Confidential and Available 24 Hours a Day**
Call 1(800) 273-8255 & Press 1  |  Text to 838255  |  On-Line Chat at www.veteranscrisisline.net

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to the Civil Local Rules of Practice for the United States District Court for the Northern District of Georgia, this is to certify that the foregoing COMPLAINT complies with the font and point selections approved by the Court in Local Rule 5.1C.  The foregoing was prepared using Times New Roman font (14 point).

This 13th day of January, 2023.

*s/ Joshua F. Silk*
JOSHUA F. SILK
Georgia Bar No. 903916
LAURA M. SHAMP
Georgia Bar No. 637560
JOSHUA F. SILK
*Attorneys for Plaintiffs*

**SHAMP SILK**
1718 Peachtree Street, Suite 900
Atlanta, GA 30309
(404) 893-9400 (telephone)
(404) 458-5603 (facsimile)
shamp@shampsilk.com
silk@shampsilk.com