IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| OMAR ARAIZA, <br><br> Plaintiff, <br><br> v. <br><br> BRASFIELD & GORRIE, L.P. AND BRASFIELD & GORRIE GP LLC, <br><br> Defendants. | Civil Action No. <br><br><br> JURY TRIAL DEMANDED |

## COMPLAINT

COMES NOW, Omar Araiza ("Plaintiff" or "Mr. Araiza"), by and through his undersigned counsel, and files this, his Complaint for Damages, and shows the Court as follows:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action for damages, and reasonable attorney fees against Brasfield & Gorrie L.P. and Brasfield & Gorrie GP LLC ("Defendants") for violations of his rights under Title VII of the Civil Rights Act of 1964, as amended ("Title VII").

1

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331, and 28 U.S.C. §§ 1343.

3.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391, venue is appropriate in this Court.

## ADMINISTRATIVE PROCEDURES

4.

Plaintiff has fulfilled all conditions necessary to proceed with this cause of action under Title VII. Plaintiff filed his Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on November 3, 2022; the EEOC issued its Notice of Right to Sue on December 23, 2022.

5.

Plaintiff timely files this action within ninety (90) days of receipt of the Notice of Right to Sue from the EEOC.

## PARTIES

6.

Plaintiff is a Male citizen of the United States of America and is subject to the jurisdiction of this Court.

7.

At all times relevant, Defendants were qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District. During all times relevant hereto, Defendants have employed fifteen (15) or more employees for the requisite duration under Title VII. Defendants are therefore covered under Title VII in accordance with 42 U.S.C. § 2000e(b).

8.

Defendants may be served with process by delivering a copy of the summons and complaint to its Registered Agent, CT Corporation System located at 289 S Culver St, Lawrenceville, GA, 30046-4805.

## FACTUAL ALLEGATIONS

9.

Mr. Araiza began working for Defendant on or about November 1, 2021, as a Rodman at the Atlanta location.

10.

On several occasions the Defendants' General Superintendent, Lyn Walker, made derogatory comments about Mr. Araiza's race, such as calling him a "dumbass Mexican."

11.

On or around June 2022, Mr. Araiza asked Mr. Walker for a 90-day evaluation, and he told Mr. Araiza they do not give out reviews to "people like him."

12.

Mr. Araiza ignored Mr. Walker's comment.

13.

In July 2022, Mr. Araiza asked Mr. Walker for an evaluation and a raise because he was doing the job of a Rodman and only being paid as a laborer.

14.

Mr. Walker stated that he would not give Mr. Araiza a raise because he was unprofessional, did not have a good attitude, and was immature.

15.

In August 2022, Mr. Araiza asked Mr. Walker for a raise again and he said Mr. Araiza's performance was fine and gave him a $1 raise.

16.

During the same conversation, Mr. Walker then asked Mr. Araiza whether the fact that Mr. Araiza has both ears pierced meant that he was a "cum guzzling faggot."

17.

Mr. Araiza's supervisor, Robert Favela, was present and started laughing.

18.

When Mr. Araiza questioned the appropriateness of Mr. Walker's question, Mr. Walker realized Mr. Araiza was offended and stated that the earrings were a safety hazard.

19.

Defendant does not have a policy stating that wearing earrings to work is a safety hazard.

20.

Mr. Araiza reported the exchange with Mr. Walker to Human Resources.

21.

About one week later, Mr. Walker had a meeting with Mr. Araiza, his father (who is also an employee of Defendants), Mr. Favela, and Superintendent Sam Green.

22.

Mr. Walker apologized to Mr. Araiza and asked him if he reported the incident to HR for an opportunistic reason.

23.

Mr. Araiza asked Mr. Walker what he meant but he did not respond. Thereafter, Mr. Walker stopped interacting with Mr. Araiza and later stated that his career would be cut short.

24.

On September 16, 2022, Defendants terminated Mr. Araiza stating it was due to a reduction in force.

25.

On the separation notice, Mr. Walker wrote that Mr. Araiza was not eligible for rehire even though during the termination meeting, Defendants told Mr. Araiza he would be eligible for rehire.

26.

Mr. Araiza reported wrongful termination to HR.

27.

Although Defendants purport to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text. Plaintiff was treated less

favorably in the terms or conditions of employment than others outside of his protected class, i.e., Heterosexual, Male, Hispanic/Mexican.

## CLAIMS FOR RELIEF

### COUNT I:  RACE DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

28.

Plaintiff re-alleges paragraphs 9 through 27 as if set forth fully herein.

29.

Defendants' actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of his race in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq.

30.

Defendants have willfully and wantonly disregarded Plaintiff's rights, and their discrimination against Plaintiff was undertaken in bad faith.

31.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected his status as an employee because of his race.

32.

As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has been made the victim of acts that have adversely affected his economic, psychological, and physical well-being.

33.

Accordingly, Defendants are liable for the damages Plaintiff has sustained as a result of Defendant's unlawful discrimination.

## COUNT II:  COLOR DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

34.

Plaintiff re-alleges paragraphs 9 through 27 as if set forth fully herein.

35.

Defendants' actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of his color in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq.

36.

Defendants have willfully and wantonly disregarded Plaintiff's rights, and its discrimination against Plaintiff was undertaken in bad faith.

37.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected his status as an employee because of his color.

38.

As a direct and proximate result of Defendants' violation of Title VII, Plaintiff has been made the victim of acts that have adversely affected his economic, psychological, and physical well-being.

39.

Accordingly, Defendants are liable for the damages Plaintiff has sustained as a result of their unlawful discrimination.

## COUNT III:  GENDER DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

40.

Plaintiff re-alleges paragraphs 9 through 27 as if set forth fully herein.

41.

Defendants' actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of his gender in

violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq.

42.

Defendants have willfully and wantonly disregarded Plaintiff's rights, and their discrimination against Plaintiff was undertaken in bad faith.

43.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected his status as an employee because of his gender.

44.

As a direct and proximate result of Defendants' violation of Title VII, Plaintiff has been made the victim of acts that have adversely affected his economic, psychological, and physical well-being.

45.

Accordingly, Defendants are liable for the damages Plaintiff has sustained as a result of their unlawful discrimination.

## COUNT IV:  SEXUAL ORIENTATION DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

46.

Plaintiff re-alleges paragraphs 9 through 27 as if set forth fully herein.

47.

Defendants' actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of his sexual orientation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq.

48.

Defendants have willfully and wantonly disregarded Plaintiff's rights, and their discrimination against Plaintiff was undertaken in bad faith.

49.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected his status as an employee because of his sexual orientation.

50.

As a direct and proximate result of Defendants' violation of Title VII, Plaintiff has been made the victim of acts that have adversely affected his economic, psychological, and physical well-being.

51.

Accordingly, Defendants are liable for the damages Plaintiff has sustained as a result of their unlawful discrimination.

### COUNT V: NATIONAL ORIGIN DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

52.

Plaintiff re-alleges paragraphs 9 through 27 as if set forth fully herein.

53.

Defendants' actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of his national origin in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq.

54.

Defendants have willfully and wantonly disregarded Plaintiff's rights, and their discrimination against Plaintiff was undertaken in bad faith.

55.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected his status as an employee because of his national origin.

56.

As a direct and proximate result of Defendants' violation of Title VII, Plaintiff has been made the victim of acts that have adversely affected his economic, psychological, and physical well-being.

57.

Accordingly, Defendants are liable for the damages Plaintiff has sustained as a result of their unlawful discrimination.

## COUNT VI:  RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

58.

Plaintiff re-alleges paragraphs 9 through 27 as if set forth fully herein.

59.

Defendants' actions, as detailed above, in terminating Plaintiff because of his protected activity constitutes unlawful intentional retaliation in violation of Title VII.

60.

Defendants willfully and wantonly disregarded Plaintiff's rights, and their retaliation against Plaintiff was untertaken in bad faith.

61.

Accordingly, Defendants are liable for the damages Plaintiff has sustained as a result of their unlawful retaliation.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment as follows:

(a) General damages for mental and emotional suffering caused by Defendant's misconduct;

(b) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c) Reasonable attorney's fees and expenses of litigation;

(d) Trial by jury as to all issues;

(e) Prejudgment interest at the rate allowed by law;

(f) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(g) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(h) All other relief to which he may be entitled.

**[SIGNATURE ON NEXT PAGE]**

Respectfully submitted this 13th day of January 2023.

**BARRETT & FARAHANY**

s/ *Ianna O. Richardson*
Ianna O. Richardson
Georgia Bar No. 655153

P.O. Box 530092
Atlanta, Georgia 30353
(404) 214-0120
ianna@justiceatwork.com

*Attorney for Plaintiff*