# COMPLAINT FOR MANDAMUS

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| HASMUKHBHAI PATEL | ) | |
| | ) | |
| Plaintiff, | ) | COMPLAINT FOR A |
| | ) | WRIT IN THE |
| | ) | NATURE OF A |
| | ) | MANDAMUS |
| -against- | ) | |
| | ) | |
| ALEJANDRO MAYORKAS, Secretary of | ) | Case No: |
| Department of Homeland Security, | ) | |
| MERRICK GARLAND, Attorney General | ) | |
| of the United States, TRACY RENAUD, | ) | |
| Senior Official Performing Duties of the | ) | |
| Director for USCIS, DANIEL M. RENAUD | ) | |
| Director for USCIS Vermont Service Center, | ) | |
| And The United States. | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT FOR MANDAMUS**

Comes now Plaintiff, Hasmukhbhai Patel ("Plaintiff or "Mr. Patel") by and through her attorney, Bhavya Chaudhary, and pleads as follows:

**I.      INTRODUCTION**

1.      This is an individual action for mandamus. It seeks to compel Defendants to grant Plaintiffs their Bona-fide Employment Authorization ("EAD") based on their pending U-1 Nonimmigrant Visa Status and provide them with the benefits of an Employment Authorization holder. Plaintiff resides in Georgia. Plaintiff, Hasmukhbhai Patel, was a victim of a serious crime on February 23, 2001, in Palmyra, New Jersey. Mr. Patel cooperated with Burlington County Prosecutor's Office in the investigation of the crime. On June 29, 2020, Plaintiff Mr. Patel applied

1

for a special nonimmigrant status commonly called the "U Visa." *See* **Exhibit A**, I-918 Receipt Notice. Plaintiff has complied with all statutory and regulatory requirements for this special nonimmigrant status.

2.      On June 14, 2021, USCIS published new guidance in the USCIS Policy Manual on Employment Authorization and Deferred Action for Certain U-Visa Petitioners. Due to drastic increase in the volume of U nonimmigrant petitions and a growing backlog awaiting placement on the waiting list or final adjudication, USCIS decided to exercise its discretion under INA §214(p)(6) to conduct bona fide determinations (BFD) and provide EADs and deferred action to noncitizens with pending bona fide petitions who meet certain discretionary standards. *See* **Exhibit B**, USCIS Policy Guidance.

3.      On July 20, 2021, Plaintiff applied for Bona-fide EAD under the new guidance. *See* **Exhibit C**, I-765 Receipt Notice. Plaintiff bring this action to obtain an order compelling the immigration agency, U.S. Citizenship, and Immigration Services ("USCIS"), to issue a decision on their EAD application.

## II.     JURISDICTION

4.      This Court has jurisdiction over the present action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction); 5 U.S.C. §§ 555(b) & 706(1), the Administrative Procedures Act; 8 U.S.C. §1329, Immigration & Naturalization Act ("INA"), and 28 U.S.C. § 1361, regarding an action to compel an officer of the United States to perform his duty.

## III.    VENUE

5.      Pursuant to 28 U.S.C. § 1391(e), as amended, provides that in a civil action in which each defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or is an agency of the United States, the action

may be brought in any judicial district in which a defendant in the action resides. Plaintiff is a resident of the Northern District of Georgia, and Defendants, being sued in their official capacity, are agents of the United States. The Department of Homeland Security, Attorney General of the U.S., USCIS, and Vermont Service Center do business in this District.

**IV.     PARTIES**

6.     Plaintiffs is a native and citizens of India. Plaintiff Hasmukhbhai Patel was the victim of a serious crime, fully cooperated with Burlington County Sheriff's Prosecutor's Office, New Jersey law enforcement, and has sought nonimmigrant status under INA § 101(a)(15)(U)(i), commonly called the U Visa program. Plaintiff presently resides in the United States in Alpharetta Georgia, in Fulton County.

7.     Defendant Alejandro Mayorkas is the duly appointed acting Secretary of Homeland Security and is the Head of the U.S. Department of Homeland Security ("DHS") and has ultimate responsibility for the administration and enforcement of the immigration laws. He is sued in his official capacity.

8.     Defendant Merrick Garland is the Attorney General of the United States and the head of the U.S. Department of Justice ("DOJ"). He shares responsibility for the administration and enforcement of the immigration laws. He is sued in his official capacity.

9.     Defendant Tracy Renaud is the Senior official performing duties of the director for the U.S. Citizenship and Immigration Services, a component of DHS. In that capacity, she has direct authority over all USCIS policies, procedures, and practices relating to the processing and adjudication of applications for U nonimmigrant status. She is sued in her official capacity.

10. Defendant Daniel M. Renaud is the Director of the USCIS Vermont Service Center in Essex Junction, Vermont. He exercises authority over USCIS activities related to U nonimmigrant applications. He is sued in his official capacity.

## VI. LEGAL FRAMEWORK

### A. The U Visa Program, INA § 101(a)(15)(U)

11. On October 28, 2000, Congress created the U Visa program. *See* Victims of Trafficking and Violence Prevention Act of 2000 ("VTVPA"), Pub. L. No. 106-386, Title V, § 1513, 114 Stat. 1464, 1533 (2000).

12. Concerned that "[i]mmigrants are often targeted to be victims of crimes committed against them in the United States" and that all "who are victims of these crimes committed against them in the United States must be able to report these crimes to law enforcement and fully participate in the investigation of the crimes[,]" Congress acted to establish the U Visa program in order to "strengthen the ability of law enforcement agencies to detect, investigate, and prosecute" certain serious crimes "while offering protection to victims of such offenses in keeping with the humanitarian interests of the United States." See VTVPA § 1513(a), 114 Stat. 1533.

13. The U Visa program creates a system for noncitizen victims of serious crimes to safely engage law enforcement and, similarly, for law enforcement to engage immigrant communities to deter, prevent, and prosecute criminal activity for the betterment of the United States and its people.

14. The U Visa was created to strengthen the ability of law enforcement agencies to investigate and prosecute serious crimes and trafficking in persons, while offering protections to victims of such crimes without the immediate risk of being removed from the country. By providing victims of crime with an avenue to obtain their immigrant status, the U Visa encourages

victims to work and cooperate with law enforcement agencies. Congress also aimed to strengthen relations between law enforcement and immigrant communities by increasing cooperation and removing some of the fear of deportation held by many undocumented migrants. See, e.g., U and T Visa Law Enforcement Resource Guide, DEPARTMENT OF HOMELAND SECURITY (January 4, 2016) https://www.dhs.gov/sites/default/files/publications/Uand-T-Visa-Law-Enforcement-Resource%20Guide_1.4.16.pdf.

15. A noncitizen is eligible for status under the U Visa program if (1) he suffered substantial physical or mental abuse as a result of having been a victim of one of the enumerated crimes; (2) he possesses or possessed information concerning the criminal activity; (3) he has been helpful, is being helpful, or is likely to be helpful to a Federal, State, or local law enforcement official, to a Federal, State, or local prosecutor, to a Federal or State judge, to the Service, or to other Federal, State, or local authorities investigating or prosecuting the criminal activity; and (4) the criminal activity violated the laws of the United States or occurred in the United States (including in Indian country and military installations) or the territories and possessions of the United States. See INA § 101(a)(15)(U).

16. A derivative is eligible for status under the U Visa programs if applicant is under 21 years old and the derivative is a spouse, child, unmarried sibling under 18 at the date of filing, or a parent of such applicant; or if applicant is over 18 years old and derivative is the spouse or children of such applicant. See INA § 101(a)(15)(U)(ii).

17. A statutory cap limits the grant of U Visas to 10,000 per fiscal year. INA § 214(p)(2)(A). See INA § 214(p)(2)(A); 8 C.F.R. § 214.14(d)(1). The statutory cap only applies to principal applicants and does not apply to derivative applicants. INA § 214(p)(2)(B).

18. A waitlist was created by regulation to provide deferred action to a petitioner who is eligible whenever the statutory cap is reached within a given fiscal year. *See* New Classification for Victims of Criminal Activity; Eligibility for "U" Nonimmigrant Status, 72 Fed. Reg. 53014, 53027 (Sept. 29, 1995) (codified at 8 C.F.R. § 214.14(d)(2)). Deferred action provides several important protections to petitioners that include, among others, eligibility for work authorization. 8 CFR § 214.14(d)(2) ("USCIS, in its discretion, may authorize employment for such petitioners and qualifying family members.").

### B. The U Visa Administrative Process

19. The administrative processing to accord U nonimmigrant status to eligible petitioners is tightly prescribed and regulated.

20. First, a petitioner must obtain a certification from a Law Enforcement Agency ("LEA") that he was the victim of a crime, the crime is a recognized crime under the U Visa program, and that he was, is or likely to be helpful in the investigation, or prosecution of the criminal activity. The USCIS has prescribed that law enforcement officials make this certification on a particular Form, USCIS Form I-918 Supplement B, U Nonimmigrant Status Certification. See 8 C.F.R. § 214.14(a)(12).

21. Second, on submission, USCIS makes a completeness check to verify that all required initial evidence is present. The petition must include Form I-918, Petition for U Nonimmigrant Status; Form I-918, Supplement B, U Nonimmigrant Status Certification; Form I-192, Application for Advance Permission to Enter as Nonimmigrant, if there are any inadmissibility issues; a personal statement describing the criminal activity of which the applicant was a victim; and evidence to establish each eligibility requirement.

22.     Third, USCIS adjudicates the petition by granting U-nonimmigrant status (if the statutory cap of 10,000 has not been reached) or, in most cases, places the petitioner on the waitlist status known as "deferred Action status" pending availability of statutory cap. *See 8 C.F.R. § 214.14(d)(2).*

23.     If the statutory cap has been reached, USCIS must place the petitioner on the waiting list until an adjudication can be made. *8 C.F.R. § 214.14(d)* ("All eligible petitioners who, due solely to the cap, are not granted U-1 nonimmigrant status must be placed on a waiting list and receive written notice of such placement.").

24.     Once the individual has been granted deferred action, he or she may apply for and receive employment authorization by submitting Form I-765.

25.     Once the individual has been granted U visa status, he is eligible for adjustment of status after three continuous years in said status.

### C. Bona Fide Screening

26.     Congress granted USCIS the authority to grant work authorization for petitioners with pending, bona fide applications. INA § 214(p)(6) ("The Secretary may grant work authorization to any alien who has a pending, bona fide application for nonimmigrant status under section 101(a)(15)(U)").

27.     A bona fide application means an application where there appears to be no instance of fraud in the application and where the application is complete, properly filed, contains an LEA endorsement, includes completed fingerprint and background checks, and presents prima facie evidence to show eligibility for U nonimmigrant status. See, e.g., 8 C.F.R. § 214.11(k) (defining "bona fide" for related statutes).

## IX. THE APPLICATION FOR U NONIMMIGANT STATUS

28. Plaintiff applied for U-1 Nonimmigrant status on June 29, 2020. *See again* **Exhibit A**. On July 20, 2021, Plaintiff applied for a Bona-fide work authorization under USCIS latest guidance. *See again* **Exhibit B** and **Exhibit C**.

29. There is no evidence of fraud in the applications and Plaintiff has attached compelling evidence showing eligibility for U-1.

30. USCIS only issues Receipt Notices for petitions that are complete.

31. On May 11, 2021, Plaintiff completed his biometrics to complete all required background checks. *See* **Exhibit D**, Biometrics Appointment Notice.

## X. AN UNREASONABLE DELAY

32. More than a year has elapsed since the filing of Plaintiff's complete and approvable application petition for EAD under the current guidance.

33. Under INA § 214(p)(6), the Defendants have an obligation to issue, within a reasonable time, work authorization for individuals who have presented bona fide petitions for U nonimmigrant status.

34. The delay has harmed the Plaintiff. They have been harmed his ability to maintain their livelihood and obtain authorization to work in the U.S.

## XI. CLAIMS FOR RELIEF

35. All previous paragraphs are incorporated as though fully set forth herein.

36. The Mandamus Act, *28 U.S.C. § 1361*, grants authority to courts to compel defendants to perform a duty owed to Plaintiff.

37. Defendants have a regulatory, ministerial obligation to issue, within a reasonable time, work authorization for individuals who have presented bona fide petitions for U nonimmigrant status.

38. Defendants have a duty to grant Plaintiff his work authorization.

39. Defendants' failure to perform this duty for more than one year violates the regulation.

**XII. REQUEST FOR RELIEF**

**WHEREFORE**, Plaintiff prays that the Court grant the following relief:

(1) Declare that Defendants have a duty to grant Plaintiff his Work Authorization

(2) Compel Defendants to perform their duty to decide on Plaintiff's EAD application forthwith.

(3) Grant such other and further relief as this Court deems proper under the circumstance; and

(4) Award Plaintiff's attorney's fees and costs of court pursuant to 28 U.S.C. 2412.

Dated: January 13, 2023
      Norcross, Georgia

*Bhavya*

_____
Bhavya Chaudhary, Esq.
Bhavya Chaudhary and Associates, LLC
GA Bar: 892360
700 Holcomb Bridge Road
Norcross, GA 30071
(678) 292-6111
Fax :(678) 261-0973
Bhavya@bcalawfirm.com

Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on January__, 2023, I mailed by certified mail this Summons and Complaint for Mandamus to:

Alejandro Mayorkas, Secretary of DHS
Office of General Counsel
U.S. Department of Homeland Security
Washington, DC 20528

Merrick Garland, Attorney General of the US
U.S. Department of Justice
950 Pennsylvania Ave NW
Washington, DC 20530

Tracy Renaud, Senior Official Performing Duties of Director
U.S. Citizenship and Immigration Services
U.S Department of Homeland Security
Office of Chief Counsel
20 Massachusetts Ave, N.W. Room 4210
Washington, D.C. 20529-2120

Daniel M. Renaud, Director for USCIS Vermont Service Center
U.S. Department of Homeland Security
United States Citizenship and Immigration Services
Office of Chief Counsel
20 Massachusetts Ave, N.W. Room 4210
Washington, D.C. 20529-2120

United States Attorney – Northern District of GA
Richard B. Russell Federal Building
75 Ted Turner Dr. SW, Ste# 600
Atlanta, GA 30303-3309

*Bhavya*

_____
Bhavya Chaudhary, Esq.
Bhavya Chaudhary and Associates, LLC
GA Bar: 892360
700 Holcomb Bridge Road
Norcross, GA 30071
(678) 292-6111
Fax :(678) 261-0973
Bhavya@bcalawfirm.com