# Exhibit 1

Wolters Kluwer

**CT Corporation**
**Service of Process Notification**
12/16/2022
CT Log Number 542866447

## Service of Process Transmittal Summary

**TO:**   Olivia Thomas
DOSSEY&JONES PLLC
600 RIVER POINTE DR STE 200
CONROE, TX 77304-2868

**RE:**   Process Served in Georgia

**FOR:**   Newnan Urban Air, LLC  (Domestic State: TX)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: KIMBERLY EASON // To: Newnan Urban Air, LLC |
| **CASE #:** | 22C07122S3 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition |
| **PROCESS SERVED ON:** | C T Corporation System, Lawrenceville, GA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 12/16/2022 at 13:41 |
| **JURISDICTION SERVED:** | Georgia |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1ZX212780133716856 |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>289 S. Culver St.<br>Lawrenceville, GA 30046<br>888-263-1128<br>LawFirmTeam1@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

CLERK OF STATE CO
GWINNETT COUNTY, GEO
**22-C-07122**
**12/9/2022 11:02**
TIANA P. GARNER, CI
Clyde Castleberry Co., Copyright GA 30053

SUMMONS                                    SC-85-1

## IN THE SUPERIOR/STATE COURT OF ____Gwinnett_____ COUNTY

## STATE OF GEORGIA

22-C-07122-S3

KIMBERLY EASON                          CIVIL ACTION
                                        NUMBER _____

_____

PLAINTIFF

VS.

NEWNAN-URBAN-AIR, LLC d/b/a URBAN-AIR

ADVENTURE PARK NEWNAN;

JOHN DOE & XYZ CORPORATION

DEFENDANT

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

LAW OFFICE OF JOHNNY PHILLIPS
12 JACKSON STREET
NEWNAN, GEORGIA 30263

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

9th day of December, 2022

This_____day of_____, 20_____

Tiana P. Garner

Clerk of Superior/State Court

BY___*Julie A. Thomas*_____

Deputy Clerk

INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

CLERK OF STATE CO
GWINNETT COUNTY, GEO
**22-C-07122**
**12/9/2022 11:02**
TIANA P. GARNER, CL

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

KIMBERLY EASON,

      Plaintiff,

vs.

NEWNAN URBAN AIR, LLC d/b/a
URBAN AIR ADVENTURE PARK
NEWNAN, JOHN DOE & XYZ
CORPORATION

      Defendants.

CIVIL ACTION

FILE NO.:     22-C-07122-S3

**JURY TRIAL DEMANDED**

## COMPLAINT FOR DAMAGES

COMES NOW KIMBERLY EASON, Plaintiff in the above styled action and files this

Complaint for Damages and shows the Court as follows:

1.

Defendant NEWNAN URBAN AIR, LLC d/b/a URBAN AIR ADVENTURE PARK

NEWNAN (hereinafter, "Newnan Urban Air, LLC") is a foreign limited liability company

existing under the laws of Texas, whose principal office address is 6915 Sandwedge Point Court

Spring, TX  77389, who, at all times relevant to this action, owned and/or operated the premises

upon which KIMBERLY EASON  (hereinafter, "Plaintiff") sustained the injuries which form the

basis of this action, and maintained an office and place of doing business in Coweta County, GA,

located at 231 Newnan Crossing Bypass, Newnan, and is subject to the jurisdiction of this Court

as a joint tortfeasor.  Defendant Newnan Urban Air, LLC may be served through its registered

agent, C T Corporation System, at 289 S Culver St, Lawrenceville, Ga 30046.  Venue is proper.

2.

Defendant XYZ Corporation (hereinafter, "XYZ Corporation") occupied the position of

the unknown vendor of the premises where the subject incident occurred, and at all times

1

relevant to this action, was acting within the scope of employment for defendant Newnan Urban Air, LLC on the premises where Plaintiff sustained the injuries which form the basis of this action and whose acts and/or omissions are believed to have contributed to Plaintiff's claims for damages and is subject to the jurisdiction and venue of this Court.

3.

Defendant JOHN DOE, (hereinafter, "Doe") is an unidentified individual who, at all times relevant to this action, was acting within the scope of employment for Defendant Newnan Urban Air, LLC and/or XYZ Corporation on the premises where Plaintiff sustained the injuries which form the basis of this action and whose acts and/or omissions contributed to Plaintiffs damages and is subject to the jurisdiction and venue of this Court.

## **BACKGROUND**

4.

On or about May 29, 2021, Plaintiff was upon the premises of Urban Air Adventure Park Newnan (hereinafter, "the adventure park") located at 231 Newnan Crossing Bypass, Newnan, GA 30265, a business owned and/or operated by Defendant Newnan Urban Air, LLC and/or XYZ Corporation, as an invitee and/or customers.

Plaintiff, through no failure to exercise reasonable care for her own safety, was climbing a rock wall and/or pillars in the adventure park premises and was injured as a result of falling due to a faulty and/or broken harness system, described as a rope, meant to catch her from falling causing injuries.

2

5.

There were no warning signs in the area where the faulty and/or broken harness system, was present, and Plaintiff's incident occurred.

6.

Defendant Newnan Urban Air, LLC and/or XYZ Corporation had exclusive ownership, possession and control over the adventure park at all times relevant to this action.

7.

As a result of Plaintiff's fall, she suffered bodily injury.

## COUNT I
## PREMISES LIABILITY

8.

Plaintiff realleges and incorporates the allegations contained in paragraphs 1 through 7 above as if fully stated herein.

9.

Plaintiff was an invitee and/or customer on the adventure park premises at the time of the incident.

10.

Defendant Newnan Urban Air, LLC and/or XYZ Corporation owed a nondelegable duty of reasonable care in keeping the adventure park premises safe for invitee and/or customer such as Plaintiff.

11.

Plaintiff did not know and could not reasonably have learned of the danger posed by the faulty and/or broken harness system, without proper notice or warning.

12.

Defendant Newnan Urban Air, LLC and/or XYZ Corporation had actual and/or constructive knowledge of the existence of the hazard, knew or should have known that the presence of the faulty and/or broken harness system, posed a danger to invitee and/or customers on the adventure park premises, and should have notified or warned invitee and/or customers about this hazard.

13.

Defendant Newnan Urban Air, LLC and/or XYZ Corporation was negligent in failing to properly inspect the area where the incident occurred, in failing to remedy the presence of the faulty and/or broken harness system, in failing to take adequate measures to protect invitee and/or customers, and in failing to keep the premises safe for invitees and/or customers, such as Plaintiff.

## COUNT II
## LIABILITY OF DEFENDANTS NEWNAN URBAN AIR, LLC, XYZ CORPORATION AND JOHN DOE

14.

Plaintiff realleges and incorporates the allegations contained in paragraphs 1 through 13 above as if fully stated herein.

15.

At all times relevant to this action, Defendant Newnan Urban Air, LLC, Defendant XYZ Corporation and Defendant Doe had a duty to reasonably inspect, repair and maintain the area and/or equipment where Plaintiff's incident occurred.

4

16.

Defendant Newnan Urban Air, LLC, Defendant XYZ Corporation and Defendant Doe negligently failed to inspect, clean and maintain the area and/or equipment where Plaintiff's fall occurred and negligently failed to take reasonable measures to ensure the safety of invitees and/or customers on the premises and warn invitees and/or customers such as Plaintiff of the presence of the faulty and/or broken harness system.

## COUNT III
## VICARIOUS LIABILITY

17.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 16 above as if fully restated.

18.

At all times relevant to this action, Defendant Newnan Urban Air, LLC, Defendant XYZ Corporation, Defendant Doe, and other individuals responsible for inspecting, cleaning and maintaining the area and/or equipment where the Plaintiff's incident occurred were employed by Defendant Newnan Urban Air, LLC and were acting within the scope of their employment.

19.

Defendant Newnan Urban Air, LLC and/or XYZ Corporation is responsible for the conduct of these individuals under the doctrine of Respondent Superior, agency or apparent agency.

## COUNT IV
## NEGLIGENT HIRING, TRAINING & SUPERVISION

20.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 19 above as if fully restated.

5

21.

Defendants were negligent in failing to adopt appropriate policies and procedures to make sure that invitees and/or customers receive appropriate notice or warning of hazardous conditions and/or equipment on the adventure park premises and in failing to train their employees concerning safety procedures for maintaining the adventure park premises.

22.

Defendants were negligent in hiring, training and supervising their staff.

23.

As a direct and proximate result of the individual and joint negligence of Defendants, Plaintiff suffered bodily injuries, lost wages, and medical expenses, in an amount of $TBD.

| | Provider: | Dates of Service: | Amount: |
|---|---|---|---|
| 1. | Georgia Bone and Joint | - TBD | $TBD |
| 2. | Wellstar Atlanta Medical Center | - TBD | $TBD |

24.

As a direct and proximate result of the Defendants' negligence, Plaintiff is entitled to an award of special damages for medical expenses and lost wages in an amount to be shown at trial, and general damages in an amount to be determined by this court against the Defendants, all in an amount TBD.

WHEREFORE, Plaintiff prays as follows:

a) That process be issued, and the Defendants be served with process as provided by law;

b) That Plaintiff have a trial by jury on all issues so triable;

c) That Plaintiff have a verdict and judgment against the Defendants to compensate Plaintiff for all special, general, compensatory and consequential damages in an amount

6

proven at trial to be adequate and just;

d) That all costs be cast against the Defendants; and

e) That this Court grant such other and further relief as it deems appropriate.

Respectfully submitted this 9ᵗʰ day of December, 2022.

*/s/ Christopher N. Reilly*

---

Johnny G. Phillips
Georgia State Bar No. 382150
Attorney for the Plaintiff
Christopher Reilly
Georgia State Bar No. 163424
Attorney for the Plaintiff

**Law Office of Johnny Phillips, PC**
12 Jackson Street
Newnan, Georgia 30263
P: (404) 487-0184
F: (404) 439-1190
Johnny@johnnyphillipslaw.com

CLERK OF STATE CC
GWINNETT COUNTY, GEO
**22-C-07122**
12/9/2022 11:02
TIANA P. GARNER, CL

## General Civil and Domestic Relations Case Filing Information Form

☐ Superior or ☒ State Court of __Gwinnett_____ County

| For Clerk Use Only | 22-C-07122-S3 |
|---|---|
| Date Filed _____ | Case Number _____ |
| **MM-DD-YYYY** | |

**Plaintiff(s)**
Eason, Kimberly

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Defendant(s)**
Newnan Urban Air, LLC,

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

Urban Air Adventure Park Newnan,

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

XYZ Corporation,

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

Doe, John

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Plaintiff's Attorney** __Johnny G. Phillips__   **Bar Number** __382150__   **Self-Represented** ☐

### Check One Case Type in One Box

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Garnishment
- ☒ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Dissolution/Divorce/Separate Maintenance
- ☐ Family Violence Petition
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

**Post-Judgment – Check One Case Type**
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Modification
- ☐ Other/Administrative

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____   _____
Case Number          Case Number

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
**Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____
_____

Version 1.1.18

## IN THE STATE COURT OF GWINNETT COUNTY

### STATE OF GEORGIA

KIMBERLY EASON,

     Plaintiff,

vs.

NEWNAN URBAN AIR, LLC d/b/a
URBAN AIR ADVENTURE PARK
NEWNAN, JOHN DOE & XYZ
CORPORATION,

     Defendants.

CIVIL ACTION

FILE NO.:

### PLAINTIFF'S FIRST INTERROGATORIES TO
### DEFENDANT NEWNAN URBAN AIR, LLC d/b/a URBAN AIR ADVENTURE PARK
### NEWNAN

COMES NOW, Plaintiff in the above styled action and hereby requires that Defendant NEWNAN URBAN AIR, LLC d/b/a URBAN AIR ADVENTURE PARK NEWNAN (hereinafter, "Newnan Urban Air, LLC") answer under oath and in writing the following interrogatories within forty-five (45) days from the date of service, i.e. the time provided for response pursuant to O.C.G.A. § 9-11-33, and that a copy of the answers be furnished to the Plaintiff's attorney, Law Offices of Johnny Phillips, Attn: Christopher N Reilly, 12 Jackson Street, Newnan, Georgia 30263.

### I. INSTRUCTIONS

**NOTE A:**    When used in these interrogatories, the phrase "Defendant", "individual in question", "you" or any synonym thereof are intended to and shall embrace and include, in addition to Defendant Newnan Urban Air, LLC individually, its attorneys, agents, servants, employees, representatives, private investigators, insurance adjusters, and all others who are in possession of, in control of, or may have obtained information for or on behalf of Defendant Newnan Urban Air, LLC.

**NOTE B:**    Throughout these interrogatories, wherever Defendant Newnan Urban Air, LLC is requested to identify a communication of any type and such communication was oral, the following information should be furnished with regard to each such communication:

(a)    By whom it was made, and to whom;

(b)    The date upon which it was made;

(c)    Who else was present when it was made;

(d)    Whether it was recorded or described in any writing of any type and, if so, identification of each such writing in the manner indicated in Note C below.

**NOTE C:**    Throughout these interrogatories, wherever Defendant Newnan Urban Air, LLC is requested to identify a communication, letter, document, memorandum, report or record of any type and such communication was written, the following information should be furnished:

(a)    A specific description of its nature (e.g., whether it is a letter, a memorandum, etc.);

(b)    By whom it was made and to whom it was addressed;

(c)    The date it was made; and

(d)    The name and address of the present custodian of the writing or, if not known, the name and address of the present custodian of a copy thereof.

**NOTE D:**    Throughout these interrogatories, wherever Defendant Newnan Urban Air, LLC is requested to identify a person, the following information should be furnished:

(a)    The person's full name;

(b)    His or her present home and business address and telephone number at each address;

(c)    His or her occupation; and

(d)    His or her place of employment.

**NOTE E:**      These interrogatories shall be deemed continuing to the extent required by law. You are required to (1) seasonably supplement any response directed to the identity and location of persons having knowledge of discoverable matters as well as the identity of each person expected to be called as a witness at trial, the subject matter on which he or she is expected to testify and the substance of his or her testimony; (2) amend any prior response if you subsequently learn that the original response is no longer true and the circumstances are such that a failure to amend the response is, in substance a knowing concealment; and (3) provide such other supplementary responses required by law.

## II. INTERROGATORIES

1.

State the full name, address, title and position of the person answering these interrogatories and, if different, state the full name, address, employer, title and position of the person verifying the answer to these interrogatories, as well as the full name, address or last known address, employer, title and position of each person consulted by the person preparing your answers to these interrogatories.

2.

State the name and address of any person, including any party, who, to your knowledge, information or belief was an eyewitness to the incident complained of in this action; has some knowledge of any fact or circumstance upon which your defense is based; and has conducted any investigation relating to the incident complained of or the background, employment, medical history or activities of Plaintiff KIMBERLY EASON.

3.

State the full name, address or last known address, employer, title and position of each person not named in response to Interrogatory No. 2 who was present or claims to have been present at the scene immediately before or immediately after Plaintiff's incident.

4.

To your knowledge, information or belief, has any person identified in your answer to Interrogatory No. 2 and/or 3 given any statement or report in connection with this action? If so, describe such statement or report and give the name and address of the person having custody and control thereof.

5.

Please identify each and every witness or employee who, at the time of the incident, was in the vicinity of the area of the where the subject incident occurred in the Urban Air Adventure Park Newnan, located at 231 Newnan Crossing Bypass Newnan, GA  30265 and owned by Defendant Newnan Urban Air, LLC (hereinafter, "the indoor adventure park") where Plaintiff's incident occurred.  In regard to each such employee, please state the individual's name, address, telephone number, shift worked, and job duties.

6.

State whether there is or was in existence any policy of liability insurance that would or might inure to the benefit of Plaintiff, by providing for payment of a part or all of any judgment rendered in favor of Plaintiff against the Defendants by reason of the incident described in the complaint, and if the answer is in the affirmative, state as to each such policy of insurance known or believed to exist by you the name and address of the insurer on each such policy; the name and address of each named insured on each such policy; the relationship, if any, between each named

insured on each such policy and the defendant; the policy number of each such policy; the name and address of any person who may be an additional insured under such policy by reason of the incident described in the complaint, and the relationship, if any, between such additional insured and the defendants in this case; and the limits of liability in such policy as might be applied to Plaintiff by reason of any one accident.

7.

Please identify any entity or person with any financial interest, lease or ownership interest in the premises on which Plaintiff's incident occurred on or about May 29, 2021.

8.

State whether you, your attorneys, or agents thereof have any statement, or any notes or memoranda of any statements, from any witness or person who claims to have witnessed or has knowledge or claims to have knowledge of Plaintiff's incident, including any statement made by Plaintiff.

9.

State whether any movies, videotapes or other photographs or other recordings were taken of Plaintiff or of the scene of the incident at any time prior, during or subsequent to the time of Plaintiff's incident. If so, state the date of each such movie, videotape, photograph or recording; the name, address or last known address, employer, title and position of each person who took or had control over each such movie, videotape, photograph or recording; and the name, address or last known address, employer, title and position of each person having possession of each such movie, videotape, photograph or other recording or any negative thereof.

10.

Has any other personal injury or fall and fall accident occurred in the indoor adventure park, either during the five (5) years preceding Plaintiff's incident, or any time during or after the date of Plaintiff's incident? If so, for each such accident or personal injury, state the date and time it occurred; a brief description of how it occurred; the name, or other means of identification and address of each person involved in each such occurrence; the location at which it occurred; and any remedial actions taken by Defendant Newnan Urban Air, LLC subsequent to each occurrence.

11.

At the time of Plaintiff's incident, did Defendant Newnan Urban Air, LLC have any procedures in place, written or unwritten, formal or informal, for the inspection, cleaning and maintenance of the premises complained of, specifically the subject department of the indoor adventure park? If so, state the name, address, employer and position of each person having custody of each such written procedures. For all such procedures, whether written or oral, describe the manner in which they were communicated, the names and addresses or last known addresses of all persons to whom they were communicated; and the name, address, employer, title and position of each person who had knowledge of said procedures prior to the time of Plaintiff's incident.

12.

Was Defendant Newnan Urban Air, LLC or any of its representatives notified orally, in writing, or otherwise of Plaintiff's incident? If so, state whether Defendant Newnan Urban Air, LLC was informed of the fall by someone other than an employee of said Defendant, and if so, state the name, address or last known address, employer, title and position and phone number of

each person who informed Defendant Newnan Urban Air, LLC and the date on which the information was received. Additionally, state whether there is or was any record of the receipt of such information, and if so, state the name, address or last known address, employer, title and position of each such person and agency in possession of such records, and the title or other identification or description of the content of such record.

13.

State whether Defendant Newnan Urban Air, LLC made any changes in its procedures for the inspection, cleaning and maintenance of its premises subsequent to Plaintiff's incident. If so, state in detail what changes were made.

14.

Please identify (in accordance with Instruction Note D) each person working on the premises with any duties for the area where this incident occurred on May 29, 2021.

15.

Has any insurer referred to above denied coverage or reserved its right to later deny coverage under any such policy of liability insurance? If so, please explain.

16.

Do you contend that Plaintiff caused or contributed to the incident in question? If so, state with particularity each and every contention made in this regard.

17.

If Defendant Newnan Urban Air, LLC has been a party to any personal injury lawsuit (other than this suit) please describe each such suit, specifying the nature of the case, the date of each such suit, the court in which it was brought, the county and state in which the case was filed, the names of other parties to each such suit and the ultimate disposition of each such suit, whether by

judgment, settlement or otherwise.

18.

Please identify each person whom you expect to call as an expert witness at trial. State the subject matter on which such expert is expected to testify and state the substance of the facts and opinions to which the expert is expected to testify and the summary of the grounds of each opinion.

19.

If Defendant Newnan Urban Air, LLC has retained or employed an expert in anticipation of litigation or preparation for trial and expect to call such expert as a witness at trial, please identify and state specifically the name and address of each such expert.

20.

Did Defendant Newnan Urban Air, LLC or any person on said Defendant's behalf, after learning of faulty and/or broken harness system take any action to remove or remedy the hazard, or to warn invitees of its presence?

21.

Please describe Plaintiff's incident, including any and all incidents and occurrences leading to Plaintiff's incident and/or faulty and/or broken harness system near the area where the subject incident occurred and Defendant Newnan Urban Air, LLC subsequent actions following Plaintiff's incident through and including the time when Plaintiff left the subject premises on May 29, 2021.

22.

State the name, address, employer, title and position of each person who was scheduled to work at the time of Plaintiff's incident and for each such person, state a brief description of their employment duties on said date; the employment relationship between said employee and Defendant Newnan Urban Air, LLC; a description of any training said employee had in preparation

for said employment upon the premises where Plaintiff's incident occurred; whether said employee witnessed Plaintiff's incident; what said employee claims to have seen or heard at the time of, during, or after Plaintiff's incident; and whether said employee gave a statement, either oral or written, to Defendant Newnan Urban Air, LLC or any representative of said defendant regarding Plaintiff's incident.

23.

Describe all records that were made or kept which reflect the inspection, cleaning and maintenance of the premises complained of and in particular the subject area of the indoor adventure park, and for each such record, state the title or other identification of each such record, a description of the content of each such record, and the name, address or last known address, employer, title and position of each person having custody of such records.

24.

Please state in detail any policies and procedures concerning the inspection, cleaning or maintenance of the area where the subject incident occurred.

25.

Please state what action(s), performance and/or maintenance was required to correct and/or repair the area complained of.

26.

Please state the number of times the area of Plaintiff's incident was inspected prior to the Plaintiff's incident on or about May 29, 2021.

27.

State when the last time the area of Plaintiff's incident was inspected prior to Plaintiff's incident and identify (in accordance with Instruction Note D) who conducted such inspection.

28.

Have there ever been any complaints made about the area where this incident occurred? If so, please state the date(s) of each complaint, the person(s) making each complaint, the nature of each complaint, and any action taken as a result of each complaint.

29.

Were there any contracts or agreements with other individuals or entities regarding the maintenance, inspection or security of the property where the Plaintiffs incident occurred as described in the complaint? If so, state the identity of the contracting parties, the address and telephone number of the contracting parties, and the duties of the contracting parties.

30.

Please describe any inspection procedures utilized in regard to the area where this incident occurred.

31.

Please state whether Defendant Newnan Urban Air, LLC, as named in the Plaintiff's Complaint, is the correct party to defend this action, and identify (in accordance with Instruction Note D) any and all proper parties to defend this action.

32.

If Defendant Newnan Urban Air, LLC or anyone acting on its behalf has knowledge of Plaintiff's incident, please describe Plaintiff's incident, including all actions taken by Defendant Newnan Urban Air, LLC relevant to the area complained of for one hour before and after the Plaintiff's incident.

Respectfully submitted this 9th day of December, 2022.


                                        /s/ Christopher N Reilly
                                        Christopher N Reilly
                                        Georgia State Bar No. 163424
                                        Attorney for Plaintiff

**Law Office of Johnny Phillips, PC**
12 Jackson Street
Newnan, Georgia 30263
P: (404) 487-0184
F: (404) 439-1190
chris@johnnyphillipslaw.com

### IN THE STATE COURT OF GWINNETT COUNTY
### STATE OF GEORGIA

KIMBERLY EASON,

      Plaintiff,

vs.

NEWNAN URBAN AIR, LLC d/b/a
URBAN AIR ADVENTURE PARK
NEWNAN, JOHN DOE & XYZ
CORPORATION,

      Defendants.

CIVIL ACTION

FILE NO.:

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT NEWNAN URBAN AIR, LLC d/b/a URBAN AIR ADVENTURE PARK NEWNAN

COMES NOW, Plaintiff in the above-styled civil action, and files this Request for Production of Documents to Defendant NEWNAN URBAN AIR, LLC d/b/a URBAN AIR ADVENTURE PARK NEWNAN (hereinafter, "Newnan Urban Air, LLC") pursuant to O.C.G.A. Section 9-11-34. Defendant is required to comply with said Code section and produce a true and correct copy of each of the following documents to Plaintiff's attorney, Law Office of Johnny Phillips, PC, Attn: Christopher N Reilly, 12 Jackson Street, Newnan, Georgia 30263, forty-five (45) days from the date of service.

### I. INSTRUCTIONS

Plaintiff requests that, along with the production of documents, a written response be made detailing the documents produced and any documents covered by these requests which Defendant Newnan Urban Air, LLC objects to producing.

    **NOTE A:**    These requests are continuous and should be supplemented if additional information is received at a later date.

**NOTE B:**    When used in these requests, the phrase "Defendant", "individual in question", "you" or any synonym thereof are intended to and shall embrace and include, in addition to Defendant Newnan Urban Air, LLC individually, its attorneys, agents, servants, employees, representatives, private investigators, insurance adjusters, and all others who are in possession of, in control of, or may have obtained information for or on behalf of said Defendant.

**NOTE C:**    If documents requested are not in Defendant Newnan Urban Air, LLC possession, please state as follows:

(1)    name of person who has possession or knowledge of whereabouts;

(2)    business address of such;

(3)    business telephone number of such.

**NOTE D:**    If you claim that a privilege applies to any document sought by this request, then state the factual and legal basis for the claimed privilege and identify the document (by date, author, recipient, general subject matter) so that it can be described in a motion to compel.

## II. REQUESTS FOR PRODUCTION OF DOCUMENTS

1.

Please produce any and all insurance policies providing coverage for the incident complained of in Plaintiff's Complaint.

2.

Please produce any and all statements taken from any persons who witnessed or claimed to have witnessed Plaintiff's incident.

3.

Please produce any and all statements, notes or memoranda of any statements from any persons having knowledge or claiming to have knowledge of Plaintiff's incident or Plaintiff's

resulting injuries.

4.

Please produce any and all movies, videotapes or other photographs or other recordings of Plaintiff's incident and/or the scene of Plaintiff's incident, which were taken at any time prior, during or subsequent to Plaintiff's incident.

5.

Produce any e-mail, interoffice correspondence, memoranda, report, telephone log, message or other documents concerning Plaintiff.

6.

Please produce any and all documentation of any other personal injuries and fall and fall accidents at the Newnan Urban Air, LLC located at 231 Newnan Crossing Bypass Newnan, GA  30265 and owned by Defendant Newnan Urban Air, LLC and/or XYZ Corporation (hereinafter, "the indoor adventure park").

7.

Please produce any and all guidelines, manuals, memoranda or other documents evidencing any policy or procedure concerning the inspection, cleaning or maintenance of the area where this incident occurred.

8.

Please produce any and all policy and procedure manuals given to the Defendants' employees regarding inspection, cleaning, and maintenance on the premises of the indoor adventure park.

9.

Please produce any and all documentation of Plaintiff's incident which is in Defendant

Newnan Urban Air, LLC possession, including, but not limited to said Defendant's first notice of Plaintiff's incident.

10.

Please produce any and all reports, whether written or otherwise recorded, made by any expert or experts who has been retained or otherwise employed by Defendant Newnan Urban Air, LLC in anticipation of litigation or preparation for trial in this action.

11.

Please produce all surveillance movies, photographs, recordings or other visual documentation which have been made of Plaintiff.

12.

Please produce any and all documents reflecting any change in procedure responsive to Plaintiff's Interrogatory No. 13.

13.

Please produce all records of inspection, cleaning and/or maintenance of the indoor adventure park for 24 hours prior to and subsequent to Plaintiff's incident and all documents responsive to Plaintiff's Interrogatory Nos. 26 and 27.

14.

Please produce any daily, weekly, monthly or annual inspection reports or audits or any other inspection, cleaning and/or maintenance reports for the area where this incident occurred for the past five years.

15.

Please produce any documents obtained through third party requests and subpoenas.

16.

Please produce all documents identifying Defendant Newnan Urban Air, LLC employees on the premises of the indoor adventure park for the day of the incident and the one-week periods prior to and subsequent to the incident.

17.

Please produce any correspondence, memoranda, report, record or other documents concerning, referencing or depicting any complaints identified in response to Interrogatory No. 28.

18.

Please produce any maps, schematics, diagrams, drawings or other similar documents showing the layout of the area where the subject incident occurred.

19.

Produce any and all leases or contracts with outside contractors or agencies for performance of maintenance services in the area where Plaintiff's incident occurred.

20.

Please produce any invoices, records, proposals, work orders, maintenance records or other documents for work performed in the area where this incident occurred in the last five years.

21.

Please produce all surveillance movies, photographs, recordings or other visual documentation which have been made of the area of Plaintiff's incident on or about May 29, 2021.

22.

Please produce any and all documents, evidence of writing, or any other tangible thing which Defendant Newnan Urban Air, LLC or anyone on said Defendant's behalf referred to in any form or fashion in answering or attempting to answer Plaintiff's First Interrogatories to Defendant

Newnan Urban Air, LLC.

Respectfully submitted this 9th day of December, 2022.

/s/ Christopher N Reilly

Christopher N Reilly
Georgia State Bar No. 163424
Attorney for Plaintiff

**Law Office of Johnny Phillips, PC**
12 Jackson Street
Newnan, Georgia 30263
P: (404) 487-0184
F: (404) 439-1190
chris@johnnyphillipslaw.com

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

KIMBERLY EASON,

     Plaintiff,

vs.

NEWNAN URBAN AIR, LLC d/b/a
URBAN AIR ADVENTURE PARK
NEWNAN, JOHN DOE & XYZ
CORPORATION,

     Defendants.

CIVIL ACTION

FILE NO.:

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT NEWNAN URBAN AIR, LLC d/b/a URBAN AIR ADVENTURE PARK NEWNAN

In compliance with O.C.G.A. § 9-11-36, the Defendant NEWNAN URBAN AIR, LLC d/b/a URBAN AIR ADVENTURE PARK NEWNAN (hereinafter, "Newnan Urban Air, LLC"), is required to admit the truth of the separately listed matters of fact, and the genuineness of the attached documents forty-five (45) days after service of this request. As required by statute, Defendant Newnan Urban Air, LLC is required to respond to this request in writing.

Defendant Newnan Urban Air, LLC is specifically reminded that the separately listed statements of facts are deemed admitted unless, within forty-five (45) days after service of this First Request for Admissions to Defendant Newnan Urban Air, LLC, said Defendant serves a written answer, or objection, addressed to each fact.

This request for admissions is subject to and is deemed to include and incorporate the following definitions:

## I. DEFINITIONS

1.    As used herein, the word "document" shall mean, in addition to its common meaning, the original and all copies of any writing or record of every type and description, however produced

or reproduced, including, but without limitation, correspondence, contracts, proposals, memoranda, tapes, stenographic or handwritten notes, studies, publications, minutes, books, pamphlets, pictures, drawings, photographs, films, microfilms, voice or sound recordings, magnetic recordings, maps, reports, surveys, statistical compilations, tax returns, financial statements, accounting or other financial papers, invoices, receipts, checks, check stubs, accounts, deposit falls, ledgers, calendars, diaries, appointment books, time-keeping records, computer or electronic mail message ("e-mail"), and expense account records.

2.      The word "person" means any individual, partnership, corporation, division, firm, business or other entity.

3.      As used herein, the phrases "relating to" and "relate to" shall be construed in their broadest sense and shall mean describing, setting forth, discussing, mentioning, commenting upon, supporting, contradicting, or referring to the subject or topic in question, whether in whole or in part.

4.      As used herein, the phrase "refer to" and "reference" shall be construed in their broadest sense and shall mean describing, setting forth, discussing, mentioning, commenting upon, supporting, contradicting, or referring to the subject or topic in question, whether in whole or in part.

5.      As used herein, the word "all" shall be deemed to include and encompass the words "each," "every" and "any."

6.      With regard to the terms defined herein, all terms in the singular shall include the plural, and all terms used in the plural shall include the singular.

7.      The conjunction "and/or" shall be interpreted in every instance both conjunctively and disjunctively.

8.      As used herein, the phrase "the indoor adventure park" means the premises on which Plaintiff's subject incident occurred, specifically the premises located at 231 Newnan Crossing Bypass, Newnan, GA 30265 and owned by Defendant Newnan Urban Air, LLC.

## II.  ADMISSIONS

1.

On or about May 29, 2021, Defendant Newnan Urban Air, LLC was on notice that a faulty and/or broken harness system was present in the indoor adventure park.

2.

Defendant Newnan Urban Air, LLC should have warned invitees of the faulty and/or broken harness system which was present in the area where the subject incident occurred on May 29, 2021.

3.

Defendant Newnan Urban Air, LLC negligently failed to warn its invitees of the hazardous condition which was present on the premises complained of in Plaintiff's Complaint.

4.

Defendant Newnan Urban Air, LLC failed to properly maintain the area where Plaintiff's incident occurred so as to be safe for invitees.

5.

Defendant Newnan Urban Air, LLC failed to inspect the area where Plaintiff's incident occurred for at least fifteen minutes prior to the Plaintiff's incident.

6.

An employee of Defendant Newnan Urban Air, LLC caused the presence of the faulty and/or broken harness system in the area where Plaintiff's incident occurred.

7.

Defendant Newnan Urban Air, LLC negligently failed to properly train its employees concerning safety procedures and inspecting, cleaning, and maintaining the premises.

8.

Defendant Newnan Urban Air, LLC negligently failed to adopt or enforce safety policies and procedures to protect invitees from hazardous conditions such as those which caused Plaintiff's incident on May 29, 2021.

9.

On or about May 29, 2021, Plaintiff's fall was directly caused by the presence of the faulty and/or broken harness system.

10.

The Plaintiff's incident was not the fault of any person not a party to this lawsuit.

11.

The Plaintiff did not contribute to causing the incident in any manner.

12.

The incident which gives rise to this suit was directly caused by the joint negligence of Defendants.

13.

The incident which gives rise to this suit was directly caused by the negligence of this Defendant.

14.

The Plaintiff sustained injuries as a direct result of the incident which occurred on or about May 29, 2021.

15.

The Plaintiff experienced pain and suffering as a direct result of the incident which occurred on or about May 29, 2021.

16.

The Plaintiff is entitled to recover damages from Defendant Newnan Urban Air, LLC for her personal injuries.

17.

The Plaintiff is entitled to recover from Defendant Newnan Urban Air, LLC for her reasonable and necessary medical expenses and lost wages.

18.

The Plaintiff's medical expenses and lost wages itemized in her Complaint and served contemporaneously with these requests are reasonable and necessary.

19.

Defendant Newnan Urban Air, LLC has been properly served with process in this action.

20.

Defendant Newnan Urban Air, LLC is subject to the jurisdiction and venue of this court.


Respectfully submitted this 9th day of December, 2022.


/s/ Christopher N Reilly
Christopher N Reilly
Georgia State Bar No. 163424
Attorney for Plaintiff

**Law Office of Johnny Phillips, PC**
12 Jackson Street
Newnan, Georgia 30263

P: (404) 487-0184
F: (404) 439-1190
chris@johnnyphillipslaw.com

CLERK OF STATE CO
GWINNETT COUNTY, GEO
**22-C-0712**
**12/9/2022 11:02**
TIANA P. GARNER, CI

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

KIMBERLY EASON,

      Plaintiff,

vs.

NEWNAN URBAN AIR, LLC d/b/a
URBAN AIR ADVENTURE PARK
NEWNAN, JOHN DOE & XYZ
CORPORATION,

      Defendants.

CIVIL ACTION

FILE NO.:     22-C-07122-S3

### RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY

I HEREBY CERTIFY that I have served a copy of Plaintiff's First Interrogatories, Request to Produce Documents and Request for Admissions to Defendant **Newnan Urban Air, LLC** upon all parties in this matter by including a true and correct copy of same which is to be served contemporaneously with the complaint and summons by a Deputy of the Sheriff's Office or other proper Process Server, as approved by the Georgia Civil Practice Act, who is to effectuate service at the following address:

Newnan Urban Air, LLC
RA: C T Corporation System
289 S Culver St
Lawrenceville, Ga 30046

Respectfully submitted this 9th day of December, 2022.

/s/ Christopher N. Reilly

Johnny G. Phillips
State Bar No. 382150
Christopher N Reilly
State Bar No. 163424
Attorney for Plaintiff

**LAW OFFICE OF JOHNNY PHILLIPS, PC**
12 Jackson Street

Newnan, Georgia 30263
*Phone* (404) 487-0184 | *Fax* (404) 439-1190
chris@johnnyphillipslaw.com

E-FILED IN OFFICE - JT
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**22-C-07122-S3**

**12/9/2022 11:02 AM**

TIANA P. GARNER, CLERK

### General Civil and Domestic Relations Case Filing Information Form

☐ **Superior or** ☒ **State Court of** <u>Gwinnett</u> **County**

| For Clerk Use Only | 22-C-07122-S3 |
|---|---|
| Date Filed _____ | Case Number _____ |
| **MM-DD-YYYY** | |

| **Plaintiff(s)** | **Defendant(s)** |
|---|---|
| Eason, Kimberly | Newnan Urban Air, LLC, |

| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | Urban Air Adventure Park Newnan, | | | | |

| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | XYZ Corporation, | | | | |

| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | Doe, John | | | | |

| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |

**Plaintiff's Attorney** <u>Johnny G. Phillips</u>   **Bar Number** <u>382150</u>   **Self-Represented** ☐

### Check One Case Type in One Box

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Garnishment
- ☒ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Dissolution/Divorce/Separate Maintenance
- ☐ Family Violence Petition
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

**Post-Judgment – Check One Case Type**
- ☐ Contempt
- ☐ Non-payment of child support, medical support, or alimony
- ☐ Modification
- ☐ Other/Administrative

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____   _____
**Case Number**                            **Case Number**

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
**Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____

_____

Version 1.1.18

E-FILED IN OFFICE - JT
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**22-C-07122-S3**

**12/9/2022 11:02 AM**

**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

KIMBERLY EASON,

      Plaintiff,

vs.

NEWNAN URBAN AIR, LLC d/b/a
URBAN AIR ADVENTURE PARK
NEWNAN, JOHN DOE & XYZ
CORPORATION,

      Defendants.

CIVIL ACTION

FILE NO.:    22-C-07122-S3

## RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY

    I HEREBY CERTIFY that I have served a copy of Plaintiff's First Interrogatories, Request to Produce Documents and Request for Admissions to Defendant **Newnan Urban Air, LLC** upon all parties in this matter by including a true and correct copy of same which is to be served contemporaneously with the complaint and summons by a Deputy of the Sheriff's Office or other proper Process Server, as approved by the Georgia Civil Practice Act, who is to effectuate service at the following address:

Newnan Urban Air, LLC
RA: C T Corporation System
289 S Culver St
Lawrenceville, Ga 30046

    Respectfully submitted this 9th day of December, 2022.

/s/ Christopher N. Reilly

_____

Johnny G. Phillips
State Bar No. 382150
Christopher N Reilly
State Bar No. 163424
Attorney for Plaintiff

**LAW OFFICE OF JOHNNY PHILLIPS, PC**
12 Jackson Street

Newnan, Georgia 30263
*Phone* (404) 487-0184 | *Fax* (404) 439-1190
chris@johnnyphillipslaw.com

E-FILED IN OFFICE - EP
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**22-C-07122-S3**
**12/21/2022 10:22 AM**
**TIANA P. GARNER, CLERK**

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

KIMBERLY EASON
Plaintiff,

VS.

CIVIL ACTION FILE NO. 22-C-07122-S3

NEWNAN URBAN AIR, LLC D/B/A URBAN AIR ADVENTURE
PARK NEWNAN, JOHN DOE & XYZ CORPORATION
Defendants.

## AFFIDAVIT OF SERVICE UPON NEWNAN URBAN AIR, LLC D/B/A URBAN AIR ADVENTURE PARK NEWNAN

Personally appeared before me, an officer duly authorized by law to administer oaths, the person of HAKIMAH HUDSON - PROCESS SERVER, who after first being duly sworn, and states:

1.   My name is HAKIMAH HUDSON - PROCESS SERVER, and I am competent in all respects to testify regarding the matter set forth herein. I have personal knowledge of the facts stated herein and know them to be true. I have no interest in the outcome of the above action and I am not related to any of the parties.

2.   I am a resident of the State of Georgia and a citizen of the United States of America and am over age twenty-one (21). I have been appointed as Process Server in the STATE COURT OF GWINNETT COUNTY and I have been assigned in the above-styled case to perfect service of process of the pending Summons and Complaint upon NEWNAN URBAN AIR, LLC d/b/a URBAN AIR ADVENTURE PARK NEWNAN.

3.   On Dec 16, 2022 at approx. 1:15 pm at the 289 S CULVER ST, LAWRENCEVILLE, GA 30046 address, I served the pending SUMMONS AND COMPLAINT FOR DAMAGES (JURY TRIAL DEMANDED), GENERAL CIVIL AND DOMESTIC RELATIONS CASE FILING INFORMATION FORM, RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY, PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT NEWNAN URBAN AIR, LLC d/b/a URBAN AIR ADVENTURE PARK NEWNAN, PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT NEWNAN URBAN AIR, LLC d/b/a URBAN AIR ADVENTURE PARK NEWNAN, PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT NEWNAN URBAN AIR, LLC d/b/a URBAN AIR ADVENTURE PARK NEWNAN upon NEWNAN URBAN AIR, LLC d/b/a URBAN AIR ADVENTURE PARK NEWNAN, by leaving said service documents with JANE RICHARDSON, an employee of CT CORPORATION SYSTEM, the Registered Agent for NEWNAN URBAN AIR, LLC d/b/a URBAN AIR ADVENTURE PARK NEWNAN, and who is authorized to accept service of process on behalf of NEWNAN URBAN AIR, LLC d/b/a URBAN AIR ADVENTURE PARK NEWNAN.

This 19th of December, 2022.

**HAKIMAH HUDSON - PROCESS SERVER**

Sworn to and subscribe before me
This 19th of December, 2022

Notary Public,
My commission expires on _____

Frank L Swindle
Notary Public, DeKalb County, Georgia
My Commission Expires 03/10/2023

E-FILED IN OFFICE - AK
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**22-C-07122-S3**

**1/9/2023 2:31 PM**

TIANA P. GARNER, CLERK

<u>Main Office</u>
12 Jackson Street
Newnan, Georgia 30263

law office of
**JOHNNY PHILLIPS**

<u>Satellite Office</u>
3379 Peachtree Road, N.E., Ste. 555
Atlanta, Georgia 30326

Main: 404-487-0184
Fax: 404-439-1190

January 9, 2023

TO: All Clerks of Court, All Judges, and Counsel of Record

RE: Leave of Absence

<u>**NOTICE OF EMERGENCY LEAVE OF ABSENCE**</u>

COMES NOW Johnny G. Phillips and respectfully notifies all Judges whom he has cases pending, all affected clerks of court, and all opposing counsel that he will be on leave pursuant to Georgia Uniform Court Rule 16.

1. The periods of leave during which Applicant will be away from the practice of law is from January 5, 2023 until March 5, 2023. The purpose of the leave is on January 5, 2023, Johnny had surgery and is not available in person for 2 months due to risk of infection thereafter.

2. All affected judges and opposing counsel shall have ten (10) days from the date of this Notice to object to it. If no objections are filed, the leave shall be granted.

This 9th day of January, 2023.

LAW OFFICE OF JOHNNY PHILLIPS, P.C.

_/s/Johnny G. Phillips_
Johnny G. Phillips
Georgia Bar No. 382150

12 Jackson Street
Newnan, GA 30263
Phone (404) 487-0184 | Fax (404) 439-1190
Johnny@johnnyphillipslaw.com

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served the foregoing Notice of Leave of Absence upon all judges, clerks, and opposing counsel by electronic service or depositing the same in the US Mail with adequate postage affixed thereto.

This 9th day of January, 2023.

LAW OFFICE OF JOHNNY PHILLIPS, P.C.

*/s/Johnny G. Phillips*
Johnny G. Phillips
Georgia Bar No. 382150

12 Jackson Street
Newnan, GA 30263
Phone (404) 487-0184 | Fax (404) 439-1190
Johnny@johnnyphillipslaw.com

**Plaintiff's Exhibit "A"**

| Gwinnett County State Court | | |
|---|---|---|
| <u>EASON VS NEWNAN URBAN AIR LLC et al</u><br><br>22-C-07122-S3 | | |