State Court of Fulton County
***EFILED***
File & ServeXpress
Transaction ID: 68270153
Date: Oct 18 2022 04:37PM
Donald Talley, Chief Clerk
Civil Division

**GEORGIA, FULTON COUNTY**  DO NOT WRITE IN THIS SPACE

**STATE COURT OF FULTON COUNTY**  CIVIL ACTION FILE #: _____
Civil Division

_____
_____
_____
Plaintiff's Name, Address, City, State, Zip Code

vs.

_____
_____
_____
Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [ ] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $ _____ |
| [ ] SPECIAL LIEN | |
| | ************ |
| [ ] NEW FILING | |
| [ ] RE-FILING: PREVIOUS CASE NO. _____ | |

## SUMMONS

TO THE ABOVE NAMED-DEFENDANT AND UNITED SERVICES AUTOMOBILE ASSOCIATION:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: _____

Address: _____

City, State, Zip Code: _____  Phone No.:_____

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center at 185 Central Ave., S.W., Ground Floor, Room TG300,  Atlanta, GA 30303.

Christopher G. Scott, Chief Clerk (electronic signature)

_____

***SERVICE INFORMATION:***
Served, this _____ day of _____, 20_____.      _____
                                                                                                                                  DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

**WRITE VERDICT HERE:**
We, the jury, find for _____

_____
This _____ day of _____, 20\_\_\_\_\_.       _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

EXHIBIT B

**State Court of Fulton County**
**\*\*\*EFILED\*\*\***
**File & ServeXpress**
Transaction ID: 68270153
Date: Oct 18 2022 04:37PM
Donald Talley, Chief Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| JAMERIA STOVALL AND LEONARD STOVALL,<br><br>    Plaintiffs,<br><br>v.<br><br>JANET LEWIS AND JEREMY LEWIS,<br><br>    Defendants. | CIVIL ACTION<br>FILE NO.: _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

COMES NOW Plaintiffs Jameria Stovall and Leonard Stovall and file this Complaint against the above-named Defendants and, in support thereof, shows this Honorable Court as follows:

1.

Plaintiffs, Jameria Stovall (hereinafter "Plaintiff") and Leonard Stovall (hereinafter collectively "Plaintiffs") are residents of the State of Georgia, and willfully avails themselves of the jurisdiction and venue of this Honorable Court..

2.

Defendant Janet Lewis is a resident of Shelby County, State of Alabama, and is subject to the jurisdiction and venue of this Court pursuant to O.C.G.A. §§ 40-12-3 and 9-10-91, and as a joint tortfeasor. Said Defendant may be served with a copy of this Complaint and Summons at her residence located at 5327 Harvest Ridge Lane, Birmingham, Alabama 35242.

3.

Defendant Jeremy Lewis is a resident of Shelby County, State of Alabama, and is subject to the jurisdiction and venue of this Court pursuant to O.C.G.A. §§ 40-12-3 and 9-10-91, and as a

joint tortfeasor. Said Defendant may be served with a copy of this Complaint and Summons at his residence located at 5327 Harvest Ridge Lane, Birmingham, Alabama 35242.

4.

Venue is proper in this Court.

5.

At all pertinent times, Defendant Jeremy Lewis provided the vehicle operated by Defendant Janet Lewis and is equally liable to the Plaintiffs for all such damages as are described herein.

6.

That for the purposes of the instant action, Defendant Janet Lewis and Defendant Jeremy Lewis are hereinafter collectively referred to as the "Defendants".

## **BACKGROUND**

7.

On or about November 20, 2020, Plaintiff was operating a vehicle traveling northbound, in the far-left lane, on Buford Highway Connector near its intersection with 19th Street Northwest, in Atlanta, Fulton County, Georgia.

8.

At the same time, Defendant Janet Lewis was operating a vehicle traveling northbound, in the lane to the right of Plaintiff, on Buford Highway Connector near its intersection with 19th Street Northwest, in Atlanta, Fulton County, Georgia.

9.

At said time and place, Defendant Janet Lewis attempted to make a left turn onto 19th Street Northwest and drove her vehicle directly into Plaintiff's path of travel.

10.

As a result of Defendant Janet Lewis's actions, Plaintiff sustained serious bodily injuries.

## COUNT I
## NEGLIGENCE OF DEFENDANT JANET LEWIS

11.

Defendant Janet Lewis was negligent in the following manner:

    (a)    Improper left turn;

    (b)    Failing to yield;

    (c)    Driving too fast for conditions;

    (d)    Failing to maintain proper lookout;

    (e)    Driving without due care;

    (f)    Failing to maintain proper control of a motor vehicle;

    (g)    Failing to exercise ordinary care and due diligence in the operation of a motor vehicle; and

    (h)    Any and all further acts of negligence as may be proved at trial.

12.

Defendant Janet Lewis was negligent *per se* by, among other things, improper left turn, a violation of O.C.G.A. § 40-6-120, and was issued a traffic citation for same.

13.

Defendant Janet Lewis was negligent in failing to exercise that degree of care which is exercised by ordinary prudent persons under the same or similar circumstances, which is a violation of O.C.G.A. § 51-1-2.

14.

As a direct and proximate result of Defendant Janet Lewis's negligence, Plaintiff suffered severe and debilitating personal injuries.

## COUNT II
## NEGLIGENCE OF DEFENDANT JEREMY LEWIS

15.

At all times relevant hereto, Defendant Jeremy Lewis was the owner of the vehicle driven by Defendant Janet Lewis on the date of the subject incident, to wit: November 20, 2020.

16.

Defendant Jeremy Lewis negligently entrusted Defendant Janet Lewis with his automobile on or about November 20, 2020.

17.

Defendant Janet Lewis was incompetent, inexperienced, or reckless in her operation of the subject motor vehicle.

18.

Defendant Jeremy Lewis knew or should have known that Defendant Janet Lewis was incompetent by reason of her inexperience, physical or mental condition, or her prior actions and/or known habit of recklessness.

19.

That, by entrusting his vehicle to Defendant Janet Lewis, Defendant Jeremy Lewis created an appreciable risk of harm to Plaintiff and to the public as a whole.

20.

As a direct and proximate result of the negligence of Defendant Jeremy Lewis's negligent entrustment of his motor vehicle to Defendant Janet Lewis, the Plaintiff sustained serious personal injuries.

## COUNT III
## FAMILY PURPOSE DOCTRINE

21.

At all times relevant hereto, Defendant Jeremy Lewis owned the vehicle being driven by Defendant Janet Lewis at the time of the subject collision.

22.

At all times relevant hereto, Defendant Janet Lewis was a member of the family and household of Defendant Jeremy Lewis, and Defendant Jeremy Lewis gave Defendant Janet Lewis express permission to drive his vehicle and said vehicle was being driven for a family purpose. As such, Defendant Jeremy Lewis is vicariously liable for Defendant Janet Lewis's actions under the *family purpose doctrine* as provided under O.C.G.A. § 51-2-2.

## COUNT IV
## LOSS OF CONSORTIUM CLAIM

23.

At the time of the November 20, 2020 collision, Plaintiffs Jameria Stovall and Leonard Stovall were married to one another.

24.

As a direct and proximate result of the negligence of Defendants, Plaintiff Leonard Stovall has suffered and continues to suffer a loss of consortium and has been and continues to be deprived of the society, companionship and services of his spouse, Jameria Stovall, the exact nature and amount of which is incapable of precise ascertainment at this time and shall be fully and finally determined at the trial of this case.

25.

Plaintiff Leonard Stovall is entitled to recover from Defendants for his loss of consortium, society, companionship, and services of his spouse, Jameria Stovall; and any and all other elements of damage allowable under the laws of the State of Georgia.

## **DAMAGES**

26.

As a direct and proximate result of the negligence of the Defendants, Plaintiff has incurred, continues to incur, and can reasonably expect to incur in the future, among other things, medical expenses for her medical care and treatment and any and all other elements of damage allowable under the laws of the State of Georgia, entitling her to an award of special damages from Defendant in an amount proven at trial to be fair and just. Pursuant to O.C.G.A. § 9-11-9(g), Plaintiff states specifically that she has incurred at least **$55,498.10** in special damages. Said damages are itemized as follows and are not meant to be exhaustive:

| DATE(S) | MEDICAL PROVIDER | AMOUNT INCURRED |
|---|---|---|
| 12/2/2020 – 8/13/2021 | Georgia Spine & Orthopeadics | $37,022.92 |
| 12/22/2020 – 1/12/2021 | Innovative Health | $1,140.00 |
| 2/2/2021 | Pro Radiology | $4,450.00 |
| 3/9/2021 | East Paulding Primary Care Center | $215.00 |
| 3/25/2021 – 7/23/2021 | Neurological Institute for Concussion & Headache | $11,413.18 |
| 6/1/2021 – 6/24/2021 | N Motion Physical Therapy | $1,257.00 |

27.

As a direct and proximate result of the collision giving rise to this action and the negligence of Defendants, Plaintiff has suffered, continues to suffer, and can reasonably be expected in the future to suffer, severe pain of body and mind, mental anguish, emotional distress, and other general, non-economic damages, entitling her to an award of general damages from Defendants in an amount to be proven at trial and decided by the fair and enlightened conscience of an impartial jury.

28.

The sole proximate cause of Plaintiff's injuries, losses, and damages was the negligence of the Defendants.

29.

Plaintiff was in no way negligent, whether comparatively or contributorily, did not assume the risk of the Defendants' negligence, and was otherwise wholly without fault in causing the aforementioned collision or any of her injuries, losses, and damages.

30.

Plaintiff is entitled to recover from Defendants for her medical care and treatment to date, the care she will require in the future, her pain and suffering – past, present and future – and any and all other elements of damage allowable under the laws of the State of Georgia.

## **NOTICE OF REQUEST FOR STATUTORY ELECTRONIC SERVICE**

Plaintiffs hereby request that all discovery, correspondence, and other documents for this action which are not otherwise served via the Court's electronic filing system be served upon Plaintiffs' counsel via statutory electronic service, as opposed to or in addition to service via U.S. mail. Where such documents are required by statute to be served via certified mail or statutory overnight mail, Plaintiffs request that courtesy copies be emailed to her counsel of record. Please direct all electronic service in this action as follows:

    **To:**        mrubin@montlick.com   (Michael N. Rubin, Esq.)
                    mmolina@montlick.com   (Mark A. Molina, Esq.)
    **Cc:**        jthompson@montlick.com   (Jenna Thompson)

WHEREFORE, Plaintiffs pray for the following:

(a)   That Summons and Process issue as provided for by law;

(b)   The case be tried before a fair and impartial jury;

(c) Plaintiffs have and recover judgment from Defendants for Plaintiffs' special damages (past and future);

(d) Plaintiffs have and recover judgment from Defendants for Plaintiffs' pain and suffering (past and future) damages in an amount to be determined by a fair and impartial jury;

(e) That Plaintiffs have such other and further relief as this Court deems just.

Respectfully submitted this 18th day of October, 2022.

                                              MONTLICK & ASSOCIATES, P.C.

                                              /s/ *Michael N. Rubin*
                                              MICHAEL N. RUBIN
                                              Attorney for Plaintiff
                                              State Bar No. 318505

                                              /s/ *Mark A. Molina*
                                              MARK A. MOLINA
                                              Attorney for Plaintiff
                                              State Bar No. 316579

17 Executive Park Drive, Suite 300
Atlanta, Georgia  30329
(404) 235-5000
mrubin@montlick.com
mmolina@montlick.com