IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| K.M. | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION FILE NO.: |
| | : | |
| v. | : | |
| | : | |
| CPA Hotels of Atlanta, LLC; | : | |
| and Red Roof Inns, Inc. | : | |
| | : | |
| Defendants. | : | |

## PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AND LEAVE TO PROCEED VIA INITIALS

Matthew B. Stoddard
M. Janine Bell
The Stoddard Firm
1534 N Decatur Road
Atlanta, GA 30307
P: 470-467-2200
matt@legalhelpga.com
janine@legalhelpga.com

**Attorneys for Plaintiff**

1

## INTRODUCTION

Plaintiff requests permission to bring this action anonymously and for Defendant to be ordered to keep Plaintiff's identity confidential throughout the discovery process and until the Court further addresses the issue with the benefit of a full record. Regardless of the outcome of this motion, Plaintiff K.M. agrees to disclose her name to the Defendant.

## FACTS

Plaintiff is a victim of sex trafficking. She was trafficked at Defendant's hotel beginning in June 2015 until end December 2015. Given the intimate and private nature of the information K.M. must disclose over the course of this case, and based on advice of her counsel, K.M. does not wish to be publicly identified as a sex trafficking victim.

## ARGUMENT

While parties to a lawsuit generally identify themselves in the pleadings, there are some circumstances that allow a Plaintiff to proceed anonymously. *Compare* Fed. Rule Civ P. 10(a) *with Doe v. Stegall*, 653 F.2d 180 (5th Cir. 1981) and *Southern Methodist University Ass'n v. Wynne & Jaffe*, 599 F.2d 707 (5th Cir. 1979).[1]

---

[1] *Doe v. Stegall* and *Southern Methodist Univ. Ass'n v. Wynne & Jaffe* are both binding on the 11th Circuit pursuant to *Bonner v. City of Prichard*, 661. F.2d 1206 (11th Cir. 1981) (decisions of the

Those circumstances include when the Plaintiff shows "a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Plaintiff B. v. Francis*, 631 F.3d 1310, 1316 (11th Cir. 2011) *citing Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992).  "In evaluating whether a plaintiff has shown that [s]he has such a right, the court should carefully review ***all*** the circumstances of a given case. . ." and determine whether denying the motion would require the Plaintiff "to disclose information of utmost intimacy." *Plaintiff B.*, 631 F.2d at 1316 (emphasis added).  The court cannot review ***all*** the circumstances at this stage because there is not a full record.

This case is closely analogous to and controlled by *Plaintiff B. v. Francis*, 631 F.3d 1310 (11th Cir. 2011) – commonly referred to as the "Girls Gone Wild" case.

In *Francis*, four women sued the defendant for producing, marketing, and selling "Girls Gone Wild" DVDs that showed the women engaging in leud sexual acts prior to their eighteenth birthdays.  The women used pseudonyms in the complaint and moved to remain anonymous.  The Court granted the motion and noted that it would revisit the issue before trial.  **That is the exact relief Plaintiff seeks here**.

---

fifth circuit before September 30, 1981 are binding precedent on all federal courts within the Eleventh Circuit).

One year later, the plaintiff's filed a motion to preserve their anonymity during trial, but the media intervened and opposed the motion. The district court denied the motion (agreeing with the media) but stayed the case while the Plaintiffs appealed. At this point, the parties had developed a substantial trial court record – **a stage that neither K.M. nor Defendant have reached here.**

The Court of Appeals for the Eleventh Circuit reversed and held that the record established the potential for harm from disclosure to plaintiffs outweighed the presumption of openness in judicial proceedings and any harm that anonymity might cause the Defendants. *See Plaintiff B. v. Francis, supra.* In so holding, the Court had the benefit of a full record.

## CONCLUSION

For the foregoing reasons, Plaintiff K.M. requests that this Court proceed similarly to the district court in *Francis* and enter an order allowing the Plaintiff to proceed anonymously until further order of this Court so that the parties can establish a record on the issue of whether the potential harm K.M. would suffer from disclosure outweighs the presumption of openness to the public and harm to the Defendant.

This 13th day of January, 2023.

                                                  */s/ Matthew B. Stoddard*

                                                  Matthew B. Stoddard
                                                  Ga. Bar No.: 558215
                                                  M. Janine Bell
                                                  Ga. Bar No.: 538932
                                                  THE STODDARD FIRM
                                                  1534 N Decatur Road
                                                  Atlanta, GA 30307
                                                  P: 470-467-2200
                                                  matt@legalhelpga.com
                                                  janine@legalhelpga.com