**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **ALFA INSURANCE CORPORATION,** | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION FILE NO.** |
| **v.** | ) | _____ |
| | ) | |
| **KINGDOM BUILDERS COVENANT** | ) | |
| **CHURCH d/b/a EXCEL CHURCH,** | ) | |
| **Defendant.** | ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW, Alfa Insurance Corporation ("Alfa"), Plaintiff in the above-styled action, and files this Complaint for Declaratory Judgment, showing this Court as follows:

### PARTIES, JURISDICTION AND VENUE

1.

Alfa is incorporated under the laws of the State of Alabama and its principal place of business is located in Montgomery, Alabama. Alfa is authorized to do business in the State of Georgia and hereby submits itself to the jurisdiction of this Court.

2.

Defendant Kingdom Builders Covenant Church, Inc. ("Kingdom") is incorporated under the laws of Georgia, and its principal place of business is located in Conyers, Georgia. Kingdom's corporate address is 1151 Flat Shoals Road, SE, Conyers, Georgia 30013. Kingdom owns real property located at 1151 Flat Shoals Road, SE, Conyers, Georgia 30013 ("the Property"). Kingdom can be personally served with process by serving an authorized agent located in the state of Georgia. Kingdom is subject to the jurisdiction and venue of this Court.

3.

This action is brought pursuant to 28 U.S.C.A. § 2201, and Rule 57 of the Federal Rules of Civil Procedure to determine a question of an actual controversy between Alfa and Kingdom concerning Alfa's respective obligations and liabilities owed to Kingdom for coverage for certain damages sought under a policy of insurance.

4.

The jurisdiction of this Court is based upon diversity of citizenship under 28 U.S.C.A. § 1332, with an amount in controversy exceeding $75,000 exclusive of interest and costs.

## THE POLICY

### 5.

Alfa issued a commercial policy of insurance, number 19001699759 ("the Policy"), effective from August 11, 2022 through August 11, 2023, and providing certain coverage for commercial real property located at the Property.

### 6.

The Property consists, in part, of a large commercial building that serves as a sanctuary and hosts certain business offices for Excel Church, referenced as Building Number 1 in the Declarations pages of the Policy.

### 7.

A true and correct copy of the Policy, as well as copies of the Declarations pages, are attached hereto as Exhibit "A".

## THE APPLICATION

### 8.

Kingdom's pastor and chief executor officer Keillen Francis Smith ("the Pastor") authorized independent insurance agent Wallace Herring to assist in procuring from Alfa a policy of insurance for the Property.

9.

In an email dated August 3, 2022, the Pastor forwarded to Herring, via a Dropbox link, a copy of Kingdom's prior insurance policy with Church Mutual. Herring responded via email on the same day asking the Pastor to provide certain information, including whether Kingdom had any prior losses. The Pastor responded providing responses, except as to the question regarding whether Kingdom had any prior losses. A true and correct copy of the email exchange between the Pastor and Herring s is attached hereto as Exhibit "B".

10.

Prior to issuance of the Policy, neither the Pastor nor anyone with Kingdom advised Herring and/or Alfa that Kingdom had prior property losses in the last 5 years.

11.

Prior to the issuance of the Policy, neither the Pastor nor anyone with Kingdom advised Herring and/or Alfa that any insurance company had ever cancelled, rejected or declined to insure or renew Kingdom for any risk reasons.

12.

Based on the information obtained from the Pastor, Herring prepared an application of insurance on Kingdom's behalf and sent it via DocuSign for the Pastor to review and sign.

13.

A true and correct copy of the Application is attached hereto as Exhibit "C".

14.

Under the Section entitled to "Applicant Underwriting Questions", the following question was asked of Kingdom:

*In the last 5 years, has the applicant had a property or liability loss(s)?*

On the Application, the response was "No."

15.

Under the Section entitled to "Applicant Underwriting Questions", the following question was asked of Kingdom:

*In the last 5 years, has any insurance company(s) cancelled, rejected,*

*declined to insure or renew for any reasons?*

On the Application, the response was "No."

16.

On August 12, 2022 at 10:03 a.m., the Pastor received from Herring an electronic copy of the Application for his signature via DocuSign.

17.

The DocuSign records show that the Application was sent to the Pastor's email address and contained the Pastor's cell phone number for the SMS authentication.

18.

The Pastor's phone records confirm that he received authentication codes from DocuSign on August 12, 2022.

19.

The Pastor accessed the Application and applied his electronic signature on the Application, certifying that he reviewed the Application, and that the answers on the Application were "true and correct" and any misrepresentation will void the policy.

20.

The Application contains the Pastor's electronic signature dated August 12, 2022.

21.

Alfa issued the Policy relying on the statements and representations contained in the Application signed by the Pastor.

**MATERIAL MISREPRESENTATION**

22.

On August 19, 2022, Kingdom suffered a fire loss at the Property (the "Loss").

23.

Kingdom reported the fire loss to Alfa on August 22, 2022 and Alfa immediately began an investigation.

24.

During Alfa's investigation, it learned that Kingdom's application contained material misrepresentations regarding Kingdom's loss history as well as a prior non-renewal.

25.

First, Alfa learned that contrary to the representation in the Application, Kingdom had actually sustained four losses at the Property in the four-year period leading up to Kingdom applying for insurance with Alfa.

26.

The four prior losses consisted of a February 20, 2019 fire loss, a June 13, 2018 wind loss, a June 17, 2021 lightning loss and a March 15, 2022 wind loss. Kingdom filed claims for all four losses with its prior insurer, Church Mutual. However, at no time during the application process did the Pastor or anyone with Kingdom advise Alfa that it had filed claims for these losses with Church Mutual.

27.

Alfa also learned in its investigation that Church Mutual, Kingdom's previous carrier, refused to renew the Kingdom's policy prior to Kingdom obtaining a policy with Alfa. Due to the "claims severity and frequency" filed with Church Mutual, that insurer issued to Kingdom and its insurance agent a "Notice of Cancellation, Nonrenewal or Declination" ("Notice") with an effective date of June 2, 2022 at 12:01 AM. A true and correct copy of that Notice is attached hereto as Exhibit "D".

28.

Church Mutual sent the Notice to Kingdom at the address of the Property via certified mail. The Notice, however, was returned to Church Mutual marked

"Return to Sender – Unclaimed – Unable to Forward". A true and correct copy of the returned envelope is attached hereto as Exhibit "D".

29.

The Pastor and Omega Peoples, an employee with Kingdom, learned prior to applying for insurance with Alfa that Church Mutual had non-renewed its policy with Kingdom. However, at no time during the application process did the Pastor or anyone with Kingdom advise Alfa that Church Mutual had non-renewed its prior policy covering the Property.

30.

Had Kingdom disclosed the true facts regarding Kingdom's loss history and the non-renewal, Alfa would not have issued the Policy to Kingdom.

**COUNT I**

**DECLARATORY JUDGMENT**

31.

Alfa incorporates by reference all the allegations set forth in Paragraphs 1-30 of its Complaint and realleges the same as if fully set forth herein.

9

32.

An actual controversy exists between the parties as to whether the Policy is still valid in light of Kingdom's material misrepresentations contained in the Application. Alfa contends that the Policy is void *ab initio* because the Pastor materially misrepresented the true facts in the Application regarding Kingdom's prior loss history and Church Mutual's non-renewal.

33.

A declaratory judgment regarding whether Alfa is obligated to pay the proceeds of the Policy in light of the material misrepresentatives will resolve the controversy among the parties. Upon such a declaration, Alfa stands ready and willing to return to Kingdom all premiums instanter, or if directed by the Court, Alfa will pay all premiums into the Court's registry.

34.

Alfa is entitled to a judicial declaration stating the Policy is void *ab initio* as a result of the material misrepresentations made by the Pastor in the Application, upon which Alfa relied.

## RELIEF REQUESTED

Wherefore, Alfa respectfully requests that Court issue an Order including or directing the following relief:

(a)     That process issue and that Kingdom be served with the Complaint for Declaratory Judgment as provided by law;

(b)     For a declaratory judgment stating that the Policy is *ab initio* as a result of the material misrepresentations upon which Alfa relied in issuing the Policy;

(c)     For an award of Alfa's attorney's fees and costs incurred in this action; and

(d)     For such other relief as provided by law; and

Respectfully submitted this 13th day of January, 2023.

**Chartwell Law, LLP**

*/s/ Karen K. Karabinos*
Karen K. Karabinos
Georgia Bar No. 423906

*/s/ Kevin P. Kelly*
Kevin P. Kelly
Georgia Bar No. 475246

Attorneys for Plaintiff

3200 Cobb Galleria Pkwy.
Bldg. 200, Ste. 250

Atlanta, GA 30339
(office): (404) 492-7365
(fax): (404) 738-1632
kkarabinos@chartwelllaw.com
kkelly@chartwelllaw.com