UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| AKANNI AKINOLA AYODEJI ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> ) <br> KILOLO KIJAKAZI, COMMISSIONER ) <br> OF SOCIAL SECURITY, ) <br>     Defendant ) | CIVIL ACTION FILE NO. <br> SOCIAL SECURITY <br> XXX-XX-1660 |

## COMPLAINT

COMES NOW Plaintiff AKANNI AKINOLA AYODEJI, through his attorney, filing this Complaint seeking judicial review of the final decision of the Commissioner of Social Security denying Plaintiff's claim for a Period of Disability, Social Security Disability Income Benefits (SSDIB) and Supplemental Security Income (SSI) Benefits alleging as follows:

1. Plaintiff is a citizen of the United States and a resident of Georgia domiciled in Fulton County, Georgia.

2. Defendant is the Commissioner of the Social Security Administration of the United States.

3. Plaintiff has severe medically determinable impairments, including, but not limited to HIV/AIDS, HIV related symptoms, and a severe visual impairment.

1

4. Plaintiff has been disabled since his alleged onset date and at least prior to his date last insured.

5. Plaintiff is entitled to benefits.

6. This action is an appeal from the hearing decision of December 10, 2021, "Notice of Decision – Unfavorable" issued by Administrative Law Judge ("ALJ") finding Plaintiff was not under a disability, as defined in the Social Security Act at any time from his alleged onset date through the date of the determination.

7. The SSA determination references BNC#: 21VT760F73323 for Plaintiff.

8. The Appeals Council denied review of the ALJ's determination on March 23, 2022, and by letter dated, December 9, 2022, extended the time to file a civil action through and including January 13, 2023. On information and belief, Social Security issued an additional extension of time of twelve days at the request of the Plaintiff.

9. The adverse decisions of the Commissioner are unsupported by substantial evidence.

10. The Commissioner's decision contains numerous errors of law. Among these, the ALJ created a legally indefensible decision when he did not include visual limitations in the RFC stemming from Claimant's severe visual impairment. The record documents visual acuity at the level of legal

blindness.

11. The final decision of the Defendant is unsupported by substantial evidence and is legally erroneous where it failed to accord the proper weight to the opinions and conclusions of the treating physician; said findings, opinions and conclusions being undisputed in the medical record.

12. The final decision of the Defendant is unsupported by substantial evidence and applies incorrect standards of law to the finding that the Plaintiff's subjective disability was less than credible where the Plaintiff has produced unrefuted evidence of a medically determinable condition which could reasonably be expected to produce said debilitating symptomology.

13. The Defendant's final decision is unsupported by substantial evidence in that it relies upon the testimony of a vocational expert which, in turn, is based upon improper and insufficient hypothetical questions and incorrect standards of law.

14. The Commissioner's position in the underlying agency action is not substantially justified. The Commissioner failed to apply proper legal standards in evaluating this case and the decision is not supported by substantial evidence. The Commissioner's conclusions and findings of fact set forth in the ALJ decision and Appeals Council denial of review are once again contrary to law and regulation.

WHEREFORE, Plaintiff prays that this Court:

a) Find Plaintiff is entitled to benefits under the provisions of the Social Security Act and entitled to these benefits for which Plaintiff's applications may be considered a protective filing under the provisions of the Social Security Act; or

b) Remand the case with instructions to the Commissioner concerning the matters in which the Commissioner's decision was in error; and/or

c) Remand the case for a new hearing;

and

d) Award attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. Sec. 2412, to Plaintiff's counsel in accordance with the Assignment of EAJA Fees attached hereto as Exhibit 1, on the grounds that the Commissioner's action in this case was not substantially justified; and pay any such fees, costs, and expenses to counsel for Plaintiff;

and

e) Order such other and further relief as the Court deems just and proper.

This 13th day of January 2023.

Respectfully submitted,
*/s/Pamela I. Atkins*
Pamela I. Atkins
Attorney for Plaintiff
Georgia Bar Number 026302

Atkins & Associates, Attorneys-at-Law, LLC
6075 Barfield Road, Atlanta, GA 30328
Phone: (770) 399-9999; Fax: (770) 399-9939
patkins@adisability.com