IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

---

| | |
|---|---|
| WILLIAM SINGHOSE, | |
| PLAINTIFF, | Civil Action File No. |
| v. | _____ |
| GOLABS, INC. d/b/a GOTRAX, | |
| DEFENDANT. | **JURY TRIAL DEMANDED** |

---

**COMPLAINT FOR BREACH OF CONTRACT, ACCOUNT STATED, UNJUST ENRICHMENT, QUANTUM MERUIT, AND FOR EXPENSES OF LITIGATION UNDER O.C.G.A. § 13-6-11**

William Singhose, Ph.D. ("Plaintiff" or "Professor Singhose"), by undersigned counsel, brings this Complaint against GoLabs, Inc., d/b/a/ GOTRAX, ("Defendant" or "GoLabs"), and alleges and states as follows:

**PARTIES**

1. Plaintiff Professor Singhose is an individual and is a citizen and domiciliary of the State of Georgia having a principal place of residence at 2922 Sequoyah Drive, Northwest, Atlanta, Georgia, which is located in Fulton County. Professor Singhose is a Professor of Automation/Mechatronics at the Georgia

Institute of Technology ("Georgia Tech"). In addition to his work as a Professor at Georgia Tech, Professor Singhose, from time-to-time, serves as an independent expert consultant who provides litigation support and expert witness testimony in the technical fields in which he has expertise.

2. Defendant GoLabs is a corporation organized and operated under the laws of the State of Texas and is a citizen and domiciliary of the State of Texas having its principal place of business, or company nerve center, at 2201 Luna Road, Carrolton, Texas. Defendant GoLabs may be served with the Summons and Complaint through its registered agent for service, William Chu, 4455 LBJ Freeway, Suite 1008, Dallas, Texas 75244.

## JURISDICTION AND VENUE

3. Because the amount in controversy in this civil action exceeds $75,000, exclusive of interest and costs, and because Plaintiff and Defendant are citizens of different states, this Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a).

4. Because Plaintiff is a resident of the State of Georgia and county of Fulton, and a substantial part of the events or omissions giving rise to the claim occurred in this District and Division, venue in this District and Division is proper under 28 U.S.C. §1391(b)(2) and LR 3.1(B)(2-3) NDGa.

## FACTS COMMON TO ALL COUNTS

5. On or about July 6, 2019, Professor Singhose and GoLabs, through then-counsel for GoLabs, DLA Piper LLP (US) ("DLA Piper"), entered into an expert consulting agreement (the "Agreement") whereby Professor Singhose would provide GoLabs with expert consulting services and would assist in evaluating certain claims and issues GoLabs, and Walmart Inc., Wal-Mart Stores Texas, LLC, and Wal-Mart.com USA Inc. (collectively "Walmart") had with Unicorn Global, Inc., Hangzhou Chic Intelligent Technology Co., Ltd., and Shenzen Uni-Sun Electronic Co., Ltd., in Civil Action No. 3:19-cv-00754 then pending in the U.S. District Court for the Northern District of Texas.  A true and correct copy of the Agreement is attached hereto as **Exhibit "A"**.

6. The Agreement, in pertinent part, provided that Professor Singhose had been retained to assist in evaluating certain claims and issues GoLabs and Walmart had with Unicorn Global, Inc., Hangzhou Chic Intelligent Technology Co. Ltd., and Shenzen Uni-Sun Electronic Co. Ltd related to patents and allegations of infringement against GoLabs and its hoverboards (the "Project").

7. The Agreement further contemplated Professor Singhose potentially serving as an expert witness related to the Project.

8. The Agreement provided that the responsibility for payment to Professor Singhose for services rendered under the Agreement laid solely with GoLabs.

9. Pursuant to the Agreement, beginning in September of 2020, Professor Singhose provided the contracted-for services to GoLabs until on or about May 28, 2021.

10. Professor Singhose issued invoices on a monthly basis for such services.

11. GoLabs initially paid the full amounts due for invoices dated October 5, 2020 – February 1, 2021 (collectively, the "Paid Invoices").

12. Subsequent to February 1, 2021, Professor Singhose issued the following invoices to GoLabs (collectively, the "Unpaid Invoices"), which remain unpaid as of the filing of this Complaint:

| Unpaid Invoice Number | Unpaid Invoice Date | Unpaid Invoice Amount |
|---|---|---|
| 2021-07 | March 7, 2021 | $10,500.00 |
| 2021-11 | April 3, 2021 | $22,800.00 |
| 2021-13 | May 3, 2021 | $12,150.00 |
| 2021-17 | May 28, 2021 | $26,175.00 |
| | **Total Unpaid Invoices:** | **$71,625.00** |

13. The Unpaid Invoices (Invoices 2021-07, 2021-11, 2021-13, and 2021-17), accurately reflect actual services performed by Professor Singhose on the Project for GoLabs and Walmart between February 2, 2021 and May 28, 2021.

14. GoLabs failed to pay the Unpaid Invoices (Invoices 2021-07, 2021-11, 2021-13, and 2021-17).

15. GoLabs never terminated the Agreement.

16. Professor Singhose dutifully, and without complaint from GoLabs or Walmart, performed his obligations to GoLabs and Walmart under the Agreement and provided services to GoLabs and Walmart pursuant to the Agreement through May 28, 2021.

17. Throughout this time and between February 2021 to present, Professor Singhose made efforts to collect the amounts owed by GoLabs.

18. As of the date of this filing, GoLabs has not paid the Unpaid Invoices.

19. On or about August 25, 2021, counsel to Professor Singhose sent a letter to GoLabs making GoLabs aware of the monies due and owing under the Agreement and demanding payment (the "Demand Letter"). A true and correct copy of the Demand Letter is attached hereto as **Exhibit "B"**.

20. After receiving the Demand Letter, GoLabs continued to fail and refuse to pay the amounts due and owing on the Unpaid Invoices.

21. Subsequent to receiving the Demand Letter, counsel to GoLabs reached out to counsel for Professor Singhose. During the ensuing phone call, GoLabs, acting through its counsel, represented that it had raised malpractice claims against

DLA Piper relating to the representation for which Professor Singhose was retained and that GoLabs was in the process of raising similar malpractice claims against a subsequent law firm that replaced DLA Piper. GoLabs made these statements to imply that Professor Singhose should accept a substantially reduced payout from GoLabs on the Unpaid Invoices. Counsel to GoLabs further produced a copy of the settlement agreement GoLabs had reached with DLA Piper as "proof" of GoLabs' claims against DLA Piper. Notwithstanding the representations of GoLabs' counsel, the settlement agreement GoLabs provided did not indicate that any malpractice claims had been asserted against DLA Piper. Moreover, Professor Singhose spoke with GoLabs' prior attorney and confirmed that no malpractice claims had been raised by GoLabs. In addition to mischaracterizing the position of GoLabs vis-à-vis its prior attorneys in order to pressure Professor Singhose to accept less payment on the Unpaid Invoices that he is entitled to, the settlement agreement which GoLabs sent to Professor Singhose's counsel contains a confidentiality provision which GoLabs clearly violated by sending such agreement to Professor Singhose. During the course of its communications to Professor Singhose and his counsel following the Demand Letter, GoLabs made false and misleading statements, acted in bad faith, was stubbornly litigious, and caused Professor Singhose to go to the

unnecessary trouble and expense of filing this civil action to collect the amounts GoLabs clearly owes on the Unpaid Invoices.

22.     As a result of the conduct of GoLabs and its registered agent, Professor Singhose has been forced to engage undersigned counsel, obligate himself to pay attorney's fees and costs, and actually incurred $23,385.20 in attorney's fees and costs through December 2022.

23.     As of the filing of this Complaint, GoLabs owes Professor Singhose the aggregate amount well in excess of $75,000, which amount consists of $71,625 due and owing on the Unpaid Invoices, plus $23,385.20 (through December 2022) in expenses of litigation pursuant to O.C.G.A. § 13-6-11.

## COUNT I

## BREACH OF CONTRACT

24.     Plaintiff Professor Singhose realleges and incorporates herein the allegations in Paragraphs 1-23 as if fully set forth herein.

25.     The Agreement between Plaintiff Professor Singhose and Defendant GoLabs was a valid and enforceable contract.

26.     Plaintiff Professor Singhose has duly performed or satisfied all conditions, promises, and obligations required to be performed or satisfied by him in accordance with the terms and conditions of the Agreement.

27. Despite repeated requests to do so, Defendant GoLabs has failed to complete payment to Professor Singhose for the services he has performed, thereby breaching the parties' Agreement.

28. As a direct and proximate result of Defendant's breach of the Agreement, Professor Singhose has suffered damages in the principal amount of $71,625.00, plus accrued interest.

29. Professor Singhose is also entitled to an award of his reasonable attorneys' fees and costs pursuant to O.C.G.A. § 13-6-11 because Defendant has acted in bad faith, has been stubbornly litigious, and/or has caused Professor Singhose unnecessary trouble and expense.

## COUNT II

## ACCOUNT STATED

(*in the alternative to Count I*)

30. Plaintiff Professor Singhose realleges and incorporates herein the allegations in Paragraphs 1-23 as if fully set forth herein.

31. During the course of his work for GoLabs under the Agreement, Professor Singhose submitted regular billing invoices to GoLabs detailing the services rendered by Professor Singhose.

32. During the course of his work for GoLabs under the Agreement, GoLabs paid the Paid Invoices.

33. During the course of his work for GoLabs under the Agreement and thereafter, Professor Singhose has requested that GoLabs pay the Unpaid Invoices.

33. During the course of his work for GoLabs under the Agreement and thereafter, however, has refused, and continues to refuse, to pay Professor Singhose for his services reflected by the Unpaid Invoices.

34. There was a prior transaction between Professor Singhose and GoLabs giving rise to indebtedness from GoLabs to Professor Singhose.

35. Through the Unpaid Invoices and subsequent communications, Professor Singhose gave GoLabs an account stating the amount of the existing debt.

36. GoLabs made an express or implied promise to Professor Singhose to pay these amounts.

37. GoLabs, has failed and refused to pay Professor Singhose the outstanding Unpaid Invoices of $71,625.00.

38. As a direct and proximate result of GoLabs's failure to pay Professor Singhose for the services rendered and costs incurred, Professor Singhose has suffered damages in the amount of $71,625.00, plus accrued interest.

39. Professor Singhose is also entitled to an award of his reasonable attorneys' fees and costs pursuant to O.C.G.A. § 13-6-11 because Defendant has acted in bad faith, has been stubbornly litigious, and/or has caused Professor Singhose unnecessary trouble and expense.

## COUNT III

## **UNJUST ENRICHMENT**

(*in the alternative to Count I*)

40. Plaintiff Professor Singhose realleges and incorporates herein the allegations in Paragraphs 1-23 as if fully set forth herein.

41. Professor Singhose has performed valuable consulting services in relation to the Project, and incurred costs for GoLabs' benefit, and at GoLabs' request.

42. The consulting services provided, and costs incurred, by Professor Singhose as set forth in the Unpaid Invoices constitute a benefit conferred upon GoLabs by Professor Singhose.

43. Compensation has not been given to Professor Singhose for GoLabs' receipt of the benefit conferred on GoLabs through the services reflected on the Unpaid Invoices.

44. As a direct and proximate result of GoLabs' failure and refusal to pay Professor Singhose the amounts due and owing under the Unpaid Invoices, Professor Singhose has suffered damages in the amount of $71,625.00, plus accrued interest.

45. Professor Singhose is also entitled to an award of his reasonable attorneys' fees and costs pursuant to O.C.G.A. § 13-6-11 because Defendant has acted in bad faith, has been stubbornly litigious, and/or has caused Professor Singhose unnecessary trouble and expense.

## COUNT IV

## QUANTUM MERUIT

(*in the alternative to Count I*)

46. Plaintiff Professor Singhose realleges and incorporates herein the allegations in Paragraphs 1-23 as if fully set forth herein.

47. As reflected in the Unpaid Invoices, Professor Singhose has performed services valuable to GoLabs.

48. GoLabs requested and/or knowingly accepted the valuable services provided and costs incurred for GoLabs' benefit by Professor Singhose.

49. Failure by GoLabs to compensate Professor Singhose for the services reflected on the Unpaid Invoices would be unjust.

50. Professor Singhose expected to be paid for the services reflected on the Unpaid Invoices at the time such services were rendered.

51. As a direct and proximate result of GoLabs' failure and refusal to pay Professor Singhose, Professor Singhose has suffered damages in the amount of $71,625.00, plus accrued interest.

52. Professor Singhose is also entitled to an award of his reasonable attorneys' fees and costs pursuant to O.C.G.A. § 13-6-11 because Defendant has acted in bad faith, has been stubbornly litigious, and/or has caused Professor Singhose unnecessary trouble and expense.

## COUNT V

### ATTORNEY'S FEES AND COSTS (O.C.G.A. § 13-6-11)

53. Plaintiff Professor Singhose realleges and incorporates herein the allegations in Paragraphs 1-52 as if fully set forth herein.

54. Defendant GoLabs has acted in bad faith in failing and refusing to pay the accounts due on the Unpaid Invoices, despite multiple demands for payment by Plaintiff Professor Singhose.

55. Defendant GoLabs has been stubbornly litigious in failing and refusing to pay the amounts due on the Unpaid Invoices, despite multiple demands for payment by Plaintiff Professor Singhose.

56. Defendant GoLabs has caused Plaintiff Professor Singhose unnecessary trouble and expenses in failing and refusing to pay the amounts due on the Unpaid Invoices, despite multiple demands for payment by Plaintiff Professor Singhose.

57. As a result of Defendant GoLabs conduct with respect to the Unpaid Invoices, Plaintiff Professor Singhose is entitled to recover from Defendant GoLabs his expenses of litigation, including reasonable attorneys' fees and costs, pursuant to O.C.G.A. § 13-6-11.

## **DEMAND FOR JURY TRIAL**

Plaintiff Professor Singhose demands a trial by jury on all disputed issues so triable.

## **PRAYER FOR RELIEF**

WHEREFORE, for the foregoing reasons, Plaintiff William Singhose respectfully requests that the Court enter an Order:

A. A jury trial on all issues so triable;

B. On Count I, entering judgment against Defendant GoLabs, Inc., and in favor of Plaintiff William Singhose, in the principal amount of $71,625.00 in damages for the Unpaid Invoices, plus accrued interest;

C. On Count II, entering judgment against Defendant GoLabs, Inc., and in favor of Plaintiff William Singhose, in the amount of $71,625.00 in damages for the Unpaid Invoices, plus accrued interest;

D. On Count III, entering judgment against Defendant GoLabs, Inc., and in favor of Plaintiff William Singhose, in the amount of $71,625.00 in damages for Unpaid Invoices, plus accrued interest;

E. On Count IV, entering judgment against Defendant GoLabs, Inc., and in favor of Plaintiff William Singhose, in the amount of $71,625.00 in damages for Unpaid Invoices, plus accrued interest;

F. On Count V, entering judgment against Defendant GoLabs, Inc., and in favor of Plaintiff William Singhose, for Plaintiff William Singhose's expenses of litigation, including reasonable attorneys' fees and expenses, under O.C.G.A. § 13-6-11;

G. That Plaintiff William Singhose recover prejudgment and postjudgment interest in accordance with the parties' Agreement and/or applicable Georgia law.

H. That this Court grant Plaintiff William Singhose leave to add additional state law claims if necessary; and

I. On all Counts, granting Plaintiff William Singhose such other and further relief as this Court deems just and proper.

Date:  January 13, 2023

        Respectfully submitted,

        BLUE SKY LAW

        _____

        Barton Black
        Georgia Bar No. 119977
        4045 Orchard Road, Building 400
        Smyrna, Georgia  30080
        (678) 496-9800
        bblack@blueskylaw.com

        *Counsel to Plaintiff William Singhose*