IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| NETHANEL MIZE and REBECCA MIZE, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | CIVIL ACTION FILE NO.: _____ |
| STEVEN ROIX and DOORDASH, INC., | ) ) ) | DEMAND FOR JURY TRIAL |
| Defendants. | ) ) ) | |

## <u>NOTICE OF REMOVAL</u>

Defendant DoorDash, Inc. ("DoorDash"), by special appearance,[1] files this Notice of Removal showing the Court as follows:

1.

Nethanel Mize and Rebecca Mize ("Plaintiffs") filed a civil action in the State Court of Gwinnett County, Georgia, with Civil Action File No. 23-C-00239-S, regarding a motor vehicle accident that occurred on February 2, 2021 on Sharon Road at its intersection with Sharon Springs Park in Cumming, Forsyth County Georgia. The entire state court file is attached hereto as Exhibit "A."

2.

Plaintiffs filed their Complaint in the State Court of Gwinnett County on

---

[1] Defendant DoorDash files this Notice of Removal by special appearance only as DoorDash has not yet been properly served with a summons and the Complaint in this matter.

January 12, 2023.

3.

To date, no affidavit of service has been filed showing service on Defendant Steven Roix.

4.

To date, no affidavit of service has been filed showing service on Defendant DoorDash.

5.

At the time the Complaint was filed, Defendant DoorDash, Inc. was a foreign corporation incorporated under the laws of the State of Delaware with its principal place of business located in California.  Comp. ¶ 3; see also California Secretary of State Amended Statement by Foreign Corporation attached hereto as Exhibit "B."

6.

In the Complaint, Plaintiff Nethanel Mize alleges that he has sustained serious and permanent injuries, mental anguish, loss of enjoyment of life, inconvenience, property damage, medical expenses, and lost wages. Comp. ¶¶ 57, 58.

7.

In the Complaint, Plaintiff Rebecca Mize alleges that she has suffered, and will continue to suffer, a loss of society, companionship, and consortium of Plaintiff Nethanel Mize. Comp. ¶¶ 68, 69.

8.

In the Complaint, Plaintiffs seek past medical expenses in the amount of $76,873.60 and future medical expenses in an unknown amount. Comp. ¶ 64.

9.

In addition to seeking past medical expenses in the total amount of $76,873.60 and unknown future medical expenses, Plaintiffs are seeking to recover an unknown amount of additional special and general damages, including damages for personal injuries, pain and suffering, disability, mental anguish, loss of the capacity for the enjoyment of life, loss of consortium, loss of earnings and economic losses, permanent injuries, incidental expenses, and other consequential damages.  Plaintiffs are also seeking punitive damages and attorney's fees. Comp. ¶¶ ¶¶ 57-58, 68-70, 71-72, 73-74.

10.

Further, Plaintiff Nethanel Mize has demanded an amount from Defendants that far exceeds the jurisdictional threshold of $75,000.[2] See Henrikson v. Travelers Home & Marine Ins. Co., No. 2:18-CV-75-WKW, 2018 WL 3873583, at *2 (M.D. Ala. Aug. 15, 2018), citing Grinnell Mut. Reinsurance Co. v. Haight, 697 F.3d 582, 585 (7th Cir. 2012) ("Although settlement negotiations are not admissible at trial pursuant to Federal Rule of Evidence 408 to prove liability for or invalidity of the claim or its amount, they can be considered "to show the stakes" when determining

---

[2] To comply with Rule 408 of the Federal Rules of Evidence, additional discussion and correspondence evidencing Plaintiffs' valuation of their claims are not included herein, but can be submitted to the Court for in camera review.

whether the amount in controversy is met."); see also Fed. R. Evid. 408(b) (settlement evidence may be admitted "for another purpose").

### 11.

Although Plaintiffs' complaint does not specify the total amount of damages that they are seeking, it is facially apparent that Plaintiffs are seeking damages in excess of $75,000 associated with their alleged damages stemming from this accident (*See Roe v. Michelin North America, Inc.*, 613 F.3d 1058 (11th Cir. 2010)).

### 12.

Based on Plaintiffs' allegations in the Complaint and Plaintiffs' alleged injuries and damages resulting from the subject incident, the total of the alleged special and general damages at issue in this matter exceeds the amount in controversy requirement for removal to this Court, and the jurisdictional prerequisite is therefore satisfied. There is diversity between removing party DoorDash and Plaintiffs, and at the time of this removal service was not perfected on Defendant Roix. Therefore, this removal satisfies the remaining requisite elements of jurisdiction and entitles Defendants to remove this action to the United States District Court for the Northern District of Georgia, Atlanta Division, pursuant to 28 U.S.C. §§ 1332 and 1446. *See Rodgers v. Tyson Foods, Inc.*, No. 1:20-cv-4127-MLB, 2021 WL 2603710 at *2-3 (N.D. Ga. Apr. 27, 2021).

### 13.

The foregoing action is properly removable to this Court pursuant to 28 U.S.C.

§ 1441(a), 28 U.S.C. §§ 1446(a) and (b) and, in accordance with U.S.C. § 1332(a), there being a complete diversity of citizenship between Plaintiffs and Defendant DoorDash, and the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

14.

Now, within thirty days after the receipt by Defendants of the document indicating that the amount in controversy has been met and thus making the case removable to this Court, notice is hereby given, in accordance with 28 U.S.C. § 1446 and pursuant to Rule 11 of the Federal Rules of Civil Procedure of the removal of said action to this Court.

15.

Written notice of the filing of this Notice of Removal will be given to all parties as required by 28 U.S.C. § 1446.

16.

A true and correct copy of this Notice of Removal will be filed with the Clerk of the State Court of Gwinnett County, Georgia, as required by 28 U.S.C. § 1446.


WHEREFORE, Defendants pray that the above-captioned lawsuit be removed to the United States Court for the Northern District of Georgia, Atlanta Division.


[Signature appears on following page]

Respectfully submitted this the 13th day of January, 2023.

Monarch Plaza, Suite 1500
3414 Peachtree Road NE
Atlanta, Georgia 30326
Telephone:  (404) 577-6000
Facsimile:  (404) 221-6501
Email: bcole@bakerdonelson.com
Email: isassani@bakerdonelson.com

**BAKER, DONELSON, BEARMAN
CALDWELL & BERKOWITZ, PC**

  */s/ Brent W. Cole*
BRENT W. COLE
Georgia Bar No. 294999

IDA SASSANI
Georgia Bar No. 755953

*Attorneys for Defendant DoorDash, Inc.*

## <u>CERTIFICATION PURSUANT TO LOCAL RULE 5.1B</u>

This is to certify that this Pleading was created in Times New Roman 14-point font with a 1.5" top margin in accordance with Local Rule 5.1B.

BAKER, DONELSON, BEARMAN
CALDWELL & BERKOWITZ, PC

*/s/   Brent W. Cole*
BRENT W. COLE
Georgia State Bar No. 294999

*Attorney for Defendant DoorDash*

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I served a copy of the foregoing **NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF filing system, which will automatically send email notification of such filing to the following attorney of record, as well as by U.S. Mail, to:

Bethany L. Schneider, Esq.
**SCHNEIDER INJURY LAW**
1201 Peachtree Street Northeast, Suite 2000
Atlanta, GA 30361
*Attorney for Plaintiff*

Amanda Kunz Hall, Esq.
**AMANDA HALL INJURY LAW**
6478 Putnam Ford Drive, Suite 207
Woodstock, Georgia 30189
*Attorney for Plaintiff*

This the 13th day of January, 2023.

Monarch Plaza, Suite 1500
3414 Peachtree Road NE
Atlanta, Georgia 30326
Telephone:  (404) 577-6000
Facsimile:  (404) 221-6501
Email: bcole@bakerdonelson.com

**BAKER, DONELSON, BEARMAN CALDWELL & BERKOWITZ, PC**

 */s/ Brent W. Cole*
BRENT W. COLE
Georgia Bar No. 294999

*Attorney for Defendant DoorDash, Inc.*

6