E-FILED IN OFFICE - JT
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-00239-S1**

**1/12/2023 1:19 PM**
**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

<u>**COLLECTIVE EXHIBIT A**</u>

| | | |
|---|---|---|
| NETHANEL MIZE and REBECCA MIZE, | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | CIVIL ACTION 23-C-00239-S1 |
| | ) | FILE NO._____ |
| v. | ) | |
| | ) | |
| STEVEN ROIX and DOORDASH, INC., | ) | JURY DEMANDED |
| | ) | |
| Defendants. | ) | |

## <u>COMPLAINT FOR DAMAGES</u>

COME NOW Plaintiffs, Nethanel Mize and Rebecca Mize, and make and file this Complaint against Defendants Steven Roix and Doordash, Inc., as follows:

### <u>JURISDICTION AND VENUE</u>

1.

Plaintiffs Nethanel Mize and his wife Rebecca Mize are residents of Georgia.

2.

Defendant Steven Roix (hereinafter "Roix") is subject to the jurisdiction and venue of this Court. Service may be made upon this Defendant at 629 Emerald Acres Way, Sugar Hill, Georgia 30518.

3.

Defendant Doordash, Inc., (hereinafter "Doordash"), is a foreign profit corporation with its principal place of business in San Francisco, California. It can be served through its registered agent, Corporation Service Company, at 106 Colony Park Drive Ste 800-B, Cumming, GA, 30040.

4.

Defendant Doordash is subject to the venue of this Court pursuant to O.C.G.A. § 9-10-93.

5.

Jurisdiction and venue are proper in this Court.

**FACTS**

6.

Plaintiffs re-allege and incorporate herein the allegations contained in the foregoing paragraphs as if fully reinstated.

7.

On February 2, 2021, Plaintiff Nethanel Mize was driving his vehicle northbound on Sharon Springs Park at the intersection with Sharon Road.

8.

At the time of the collision, Plaintiff Nethanel Mize had a green light and attempted to make a left turn onto Sharon Road.

9.

Plaintiff Nethanel Mize was exercising due care and was operating his vehicle safely at all times leading up to and during the collision at issue.

10.

At the same time, Defendant Roix was driving his vehicle for Defendant Doordash, making a food delivery, and traveling eastbound on Sharon Road towards the intersection with Sharon Springs Park.

11.

Suddenly and without warning, Defendant Roix ran the red light on Sharon Springs Park and struck Plaintiff Nethanel Mize's vehicle, pushing him onto the curb and causing Plaintiff's vehicle to hit and come to rest at a pedestrian crosswalk sign.

12.

Defendant Roix did not press his horn to alert the Plaintiff Nethanel Mize of his failure to obey traffic lights.

13.

Plaintiff Nethanel Mize had no warning that Defendant Roix was driving towards him.

14.

Defendant Roix's actions caused a collision with Plaintiff Nethanel Mize's vehicle.

15.

Plaintiff Nethanel Mize had no way to avoid the collision.

16.

At the time of the collision, Defendant Roix failed to obey the traffic control device, striking Plaintiff Nethanel Mize's vehicle, and causing the collision.

17.

At the time of the collision, Defendant Roix violated O.C.G.A. § 40-6-23.

18.

At the time of the collision, Defendant Roix was distracted from driving.

19.

At the time of the collision, Defendant Roix was using his cell phone while driving.

20.

At the time of the collision, Defendant Roix was texting while driving.

21.

At the time of the collision, Defendant Roix was holding his cell phone while driving.

22.

At the time of the collision, Defendant Roix was looking at his cell phone while driving.

23.

At the time of the collision, Defendant Roix was reaching for his cell phone while driving.

24.

At the time of the collision, Defendant Roix was under the influence of drugs and/or alcohol.

25.

At the time of the collision, Defendant Roix was intoxicated while driving.

26.

At the time of the collision, Defendant Roix's failure to obey a traffic control device caused a collision between Plaintiff Nethanel Mize's vehicle and Defendant Roix's vehicle.

27.

At the time of the collision, Defendant Roix was an agent and/or apparent agent for Defendant Doordash as he was delivering food purchased through Defendant Doordash's application.

28.

At the time of the collision, Defendant Roix was acting within the course and scope of his employment with Defendant Doordash.

29.

At the time of the collision, Defendant Roix was under dispatch for, and/or driving within the course and scope of his employment/agency/apparent agency with, Defendant Doordash and in furtherance of its business.

30.

The subject Collision caused extensive property damage to both Plaintiff Nethanel Mize's and Defendant Roix's vehicles.

31.

As a result of the collision, Plaintiff Nethanel Mize was injured.

## NEGLIGENCE AND NEGLIGENCE *PER SE* OF DEFENDANT STEVEN ROIX

32.

Plaintiffs re-allege and incorporate herein the allegations contained in the foregoing paragraphs as if fully reinstated.

33.

On February 2, 2021, at the time of the Collision, Defendant Roix owed Plaintiffs a duty of care to operate his vehicle safely.

34.

At the time of the collision, Defendant Roix breached the duty of care that he owed to Plaintiffs.

35.

At the time of the collision, Defendant Roix negligently caused the subject collision and caused danger, injuries, damages, losses, physical pain, and emotional distress to Plaintiffs.

36.

Defendant Roix's negligence includes, but is not limited to:

(a) negligently failing to obey a traffic control device in violation of O.C.G.A. § 40-6-23;

(b) negligently failing to exercise ordinary diligence in violation of O.C.G.A. § 51-1-2;

(c) negligently failing to operate his vehicle with due care in violation of O.C.G.A. § 40-6-241;

(d) negligently using a wireless communications device while operating a motor vehicle in violation of O.C.G.A. § 40-6-241;

(e) recklessly disregarding the safety of others in violation of O.C.G.A. § 40-6-390;

(f) negligently traveling at a speed faster than what was reasonable and prudent given the circumstances and conditions then existing in violation of O.C.G.A. § 40-6-180;

(g) negligently causing a collision in the roadway;

(h) negligently failing to keep a proper lookout;

(i) negligently failing to maintain his vehicle under proper control;

(j) negligently failing to use or sound a signal or warning;

(k) negligently failing to make timely and proper application of brakes; and

(l) any other acts of negligence that may be proven at trial.

37.

Defendant Roix's conduct constitutes negligence *per se*.

38.

Defendant Roix's negligence caused the subject collision.

39.

Defendant Roix's recklessness caused the subject collision.

40.

Defendant Roix admits fault for causing the subject collision.

41.

Defendant Roix admits fault for causing Plaintiffs' injuries and damages.

## NEGLIGENCE AGAINST DEFENDANT DOORDASH
### *Respondeat Superior*

42.

Plaintiffs re-allege and incorporate herein the allegations contained in the foregoing paragraphs as if fully reinstated.

43.

At the time of the collision, Defendant Doordash allowed Defendant Roix to serve as its agent and/or apparent agent to deliver food purchased through the Doordash application, thereby profiting both Defendants.

44.

At the time of the collision, Defendant Roix was under dispatch for, and/or driving within the course and scope of his employment/agency/apparent agency with, Defendant Doordash.

45.

Defendant Doordash is vicariously liable for the negligence of Defendant Roix.

46.

Defendant Roix's negligence in failing to obey traffic control device caused Plaintiffs' injuries.

47.

Defendant Doordash is liable to Plaintiffs for those injuries under *respondeat superior*.

48.

Defendant Roix was not on a detour at the time of the Collision.

49.

Defendant Roix was not on a frolic at the time of the Collision.

## NEGLIGENCE AGAINST DEFENDANT DOORDASH
### *Negligent Hiring, Retention And Supervision*

50.

Plaintiffs re-allege and incorporate herein the allegations contained in the foregoing paragraphs as if fully reinstated.

51.

Defendant Doordash had a duty to exercise ordinary care in the hiring, retention and supervision of their employees and not to hire or retain them after knowledge of incompetency.

52.

Defendant Doordash negligently hired, retained, and/or supervised Defendant Roix in that Defendant Doordash knew or should have known that Defendant Roix was not competent to drive on the roadways of Georgia delivering food for their service and because Defendant Doordash should have known of such incompetency.

53.

Defendant Doordash failed to have adequate safety policies and procedures and failed to properly supervise Defendant Roix to ensure he operated his Vehicle in a safe manner.

54.

As a direct proximate result of Defendant Doordash's negligence, Plaintiffs' have suffered injuries.

55.

Defendant Doordash is liable to Plaintiffs for those injuries.

## DAMAGES

56.

Plaintiffs re-allege and incorporate herein the allegations contained in the foregoing paragraphs as if fully reinstated.

57.

Plaintiff Nethanel Mize sustained serious and permanent injuries, mental anguish, loss of enjoyment of life, inconvenience, property damage, and other damages, including, but not limited to medical expenses and lost wages, all of which were foreseeable and directly and proximately caused by the negligence and recklessness of Defendants.

58.

But for the negligence and recklessness of Defendant, Plaintiff Nethanel Mize would not have suffered serious injury, physical pain, mental and psychological suffering and anguish, inconvenience, and other injuries as proven at the trial of this matter.

59.

Plaintiff Nethanel Mize did nothing wrong to cause this collision.

60.

Plaintiff Nethanel Mize was not contributorily negligent.

61.

At all relevant times hereto, Plaintiff Nethanel Mize exercised ordinary care for his own safety under the conditions and circumstances then existing.

62.

Each of the foregoing acts and omissions on the part of Defendants constitute an independent act of negligence and one or more or all of the above-stated acts or omissions were

the direct and proximate causes of the injuries suffered by Plaintiffs.  But for said tortious acts, Plaintiffs would not have suffered injuries and damages. Defendants are liable for the personal injuries of Plaintiffs and all damages recoverable under Georgia law.

63.

No one other than the Defendants caused or contributed to cause the collision.

64.

As a result of Defendants' negligence, Plaintiff Nethanel Mize incurred reasonable, necessary, and continuing medical expenses in excess of $76,873.60 for treatment and care of the injuries he sustained in the collision, including:

| | |
|---|---|
| Central Emergency Medical Services LLC | $1,194.94 |
| Emory Hospital Johns Creek | $3,371.00 |
| Emory ER Physicians | $300.00 |
| Emory Radiology Associates | $158.00 |
| Advanced Health Solutions | $36,421.00 |
| Woodpark Family Chiropractic | $5,475.00 |
| Atlanta Interventional Pain Management | $220.00 |
| American Health Imaging | $6,675.00 |
| Legacy Brain & Spine | $6,365.00 |
| Neurological Institute for Concussion and Headache | $3,274.56 |
| The Genesis Center | $5,719.10 |
| Safeway *(still treating)* | $4,750.00 |
| Restoration Neurology *(still treating)* | $2,050.00 |
| Dr. Matthew Germain *(still treating)* | $900.00 |

| | |
|---|---|
| Amen Clinics *(still treating)* | TBD |
| **Total Medical Specials** | **$76,873.60** |

### 65.

As a result of Defendants' negligence, Plaintiff Nethanel Mize will incur reasonable and necessary medical expenses in the future.

### 66.

As a result of Defendants' negligence, Plaintiff Nethanel Mize incurred damages for medical expenses, inconvenience, and severe physical and mental pain in an amount to be proven at trial.

## LOSS OF CONSORTIUM
## OF PLAINTIFF REBECCA MIZE

### 67.

Plaintiff Rebecca Mize has been the wife of Nethanel Mize at all times relevant to this action.

### 68.

Plaintiff Rebecca Mize suffered and continues to suffer a loss of society, companionship and consortium of Plaintiff Nethanel Mize brought out by the personal injuries sustained in the collision caused by Defendants.

### 69.

Plaintiff Rebecca Mize has been, and will continue to be, deprived of the society, companionship, love, affection, sexual relations, aid, household labor, cooperation, comfort and other matters of value arising from marriage to Plaintiff Nethanel as a direct and proximate result of the collision.

70.

Plaintiff Rebecca Mize is entitled to recover from Defendants for such damages in an amount to be proven at trial.

## PUNITIVE DAMAGES

71.

Plaintiffs re-allege and incorporate herein the allegations contained in the foregoing paragraphs as if fully reinstated.

72.

On February 2, 2021, Defendants showed willful misconduct, malice, wantonness, oppression, recklessness and an entire want of care, which would raise the presumption of conscious indifference to consequences.  As a result, punitive damages should be assessed against Defendants in such sum as the jury determines to be sufficient to punish, penalize, or deter Defendants.

## ATTORNEY'S FEES

73.

Plaintiffs re-allege and incorporate herein the allegations contained in the foregoing paragraphs as if fully reinstated.

74.

As Defendants have acted in bad faith, been stubbornly litigious, and/or caused unnecessary trouble and expense, Plaintiffs are entitled to reasonable attorneys' fees and expense of this litigation pursuant to O.C.G.A. § 13-6-11.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that they have a trial on all issues and judgment against Defendants as follows:

a)  Process issue requiring Defendants to appear as provided by law to answer this Complaint;

b)  Plaintiffs be awarded all general, special, compensatory, economic, non-economic, punitive, and all other allowable damages from the Defendant in accordance with the enlightened conscience of an impartial jury and as permitted under Georgia law;

c)  That Plaintiff Rebecca Mize recover for her past and future loss of consortium in amounts to be decided at trial by the enlightened conscience of a fair and impartial jury and as permitted under Georgia law;

d)  That Defendants timely responds to the Interrogatories, Request for Admissions, and Requests for Production of Documents served herewith;

e)  That all costs be cast against Defendants;

f)  Plaintiffs have a trial by jury on all issues and claims; and,

g)  Plaintiffs have such other relief, as this Court deems just and appropriate under the circumstances, including attorneys' fees pursuant to O.C.G.A § 13-6-11.

Respectfully submitted, this 12th day of January, 2023.

**SCHNEIDER INJURY LAW**

*/s/ Bethany L. Schneider*
Bethany L. Schneider
GA Bar No.: 940713
1201 Peachtree St NE
Suite 2000
Atlanta, GA 30361
(404) 800-3060 (Telephone)
(404) 920-3302 (Facsimile)
Bethany@schneiderinjuryattorney.com

E-FILED IN OFFICE - JT
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-00239-S1**

**1/12/2023 1:19 PM**

**TIANA P. GARNER, CLERK**

# IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

NETHANEL MIZE and REBECCA        )
MIZE,                            )
                                 )
  Plaintiffs,          )  CIVIL ACTION   23-C-00239-S1
                                 )  FILE NO._____
v.                               )
                                 )
STEVEN ROIX and DOORDASH, INC.,  )  JURY DEMANDED
                                 )
  Defendants.           )

## PLAINTIFFS' NOTICE OF VIDEOTAPED DEPOSITION
## OF DEFENDANT STEVEN ROIX

TO: STEVEN ROIX
   629 Emerald Acres Way
   Sugar Hill, Georgia 30518

  YOU ARE HEREBY NOTIFIED that, pursuant to O.C.G.A § 9-11-30(b)(1), counsel for

Plaintiffs, in the above-styled case will proceed to take the deposition of Defendant, Steven Roix,

upon oral examination under oath before an officer authorized by law to administer oaths and a

certified videographer, for the purposes of discovery, cross-examination, and all other purposes

allowable by law on February 15, 2023 beginning at 12:00 p.m. at our office located at 1201

Peachtree Street, NE, Suite 2000, Atlanta, Georgia 30361, and continuing from day to day

thereafter until completed.

  Deponent, Steven Roix, is commanded to produce at the time, date and place set forth

above the documents, electronically stored information, or objects within his or his attorneys'

possession, custody, and control and to permit inspection, copying, testing, or sampling of the

material set forth in Exhibit A, attached hereto.

  Respectfully submitted, this 12th day of January, 2023.

**SCHNEIDER INJURY LAW**

/s/ Bethany L. Schneider
GA Bar No.: 940713
1201 Peachtree St NE
Suite 2000
Atlanta, GA 30361
(404) 800-3060 (Telephone)
(404) 920-3302 (Facsimile)
Bethany@schneiderinjuryattorney.com

**AMANDA HALL INJURY LAW**

*/s/ Amanda Kunz Hall*
Amanda Kunz Hall
Georgia Bar No. 142177
6478 Putnam Ford Dr. Ste. 207
Woodstock, Georgia 30189
(678) 445-7423(Telephone)
amanda@ahallinjurylaw.com

**ATTORNEYS FOR PLAINTIFFS**

## EXHIBIT A

1. Any and all telephone records from February 2, 2021, for any cell phones or mobile devices in your possession at the time of the collision.

2. Your driving history report (MVR) from the Georgia Department of Driver Services.

3. Any all documents related to any other traffic tickets in the prior ten years, including proof of disposition.

4. Any all documents related to any other motor vehicle collision in which you were involved in the prior ten years.

5. Any and all photographs or videos taken at the scene of the collision on February 2, 2021.

6. Any all photographs or videos taken of property damage to your vehicle from the February 2, 2021.

7. Your personnel file from DoorDash, Inc.

8. Any safety manuals you received from DoorDash, Inc.

E-FILED IN OFFICE - JT
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-00239-S1**

**1/12/2023 1:19 PM**

**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| NETHANEL MIZE and REBECCA MIZE, | ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION 23-C-00239-S1 FILE NO._____ |
| v. | ) ) | |
| STEVEN ROIX and DOORDASH, INC., | ) ) | JURY DEMANDED |
| Defendants. | ) | |

## PLAINTIFFS' FIRST REQUESTS FOR ADMISSION TO THE CINCINNATI INSURANCE COMPANY

Pursuant to O.C.G.A. § 9-11-36, Plaintiffs hereby serve their First Requests for Admission upon you as follows, to be answered by you within the time permitted by law.

Specifically, pursuant to O.C.G.A. § 9-11-36, Plaintiffs request, for the purposes of this action, that you admit that each of the following statements is true. Pursuant to O.C.G.A. § 9-11-36, you are required to answer the following Requests within forty-five (45) days after service hereof. Failure to timely answer will result in admission of the statements contained herein and/or admission of the genuineness of certain documents.

If any Request for Admission is denied, and Plaintiffs subsequently proves the truthfulness thereof, Plaintiffs will apply for an award of attorney's fees necessary to prove the truthfulness.

### *DEFINITIONS*

The Plaintiffs hereby incorporates by reference the "Definitions" Section immediately preceding the Interrogatories.

1.

You have been properly served as the UM carrier.

2.

Process is sufficient with regard to you in this case.

3.

Service of process is sufficient with regard to you in this case.

4.

The STATE COURT OF GWINNETT COUNTY has jurisdiction over the subject matter of this case.

5.

Venue is proper in the STATE COURT OF GWINNETT COUNTY pursuant to O.C.G.A. § 9-10-93.

6.

Please admit that you are liable to Plaintiffs as the UM carrier for a judgment subject to your policy(ies) limit.

7.

Plaintiffs were covered by at least one policy providing uninsured/underinsured automobile insurance with The Cincinnati Insurance Company in effect as of the date of the occurrence forming the basis of Plaintiffs' Complaint.

8.

On February 2, 2021, Defendant Roix failed to obey a traffic control device resulting in the rear-end collision with Plaintiff Nethanel Mize.

9.

No other driver involved in the collision was at fault other than Defendant Roix.

10.

Defendant Roix was negligent in causing the subject Collision.

11.

Defendant Roix was reckless in causing the collision.

12.

Defendant Roix's recklessness caused the subject Collision.

13.

Plaintiff Nethanel Mize's medical expenses were reasonable and necessary for the care and treatment of the injuries sustained in the subject Collision.

Respectfully submitted, this 12th day of January, 2023.

**SCHNEIDER INJURY LAW**

/s/ Bethany L. Schneider
GA Bar No.: 940713
1201 Peachtree St NE
Suite 2000
Atlanta, GA 30361
(404) 800-3060 (Telephone)
(404) 920-3302 (Facsimile)
Bethany@schneiderinjuryattorney.com

**AMANDA HALL INJURY LAW**

*/s/ Amanda Kunz Hall*
Amanda Kunz Hall
Georgia Bar No. 142177
6478 Putnam Ford Dr. Ste. 207
Woodstock, Georgia 30189
(678) 445-7423(Telephone)
amanda@ahallinjurylaw.com

**ATTORNEYS FOR PLAINTIFFS**

E-FILED IN OFFICE - JT
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-00239-S1**

**1/12/2023 1:19 PM**

**TIANA P. GARNER, CLERK**

# IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| NETHANEL MIZE and REBECCA MIZE, | ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION 23-C-00239-S1 FILE NO._____ |
| v. | ) ) | |
| STEVEN ROIX and DOORDASH, INC., | ) ) | JURY DEMANDED |
| Defendants. | ) | |

## PLAINTIFFS' FIRST REQUESTS FOR ADMISSION TO DEFENDANT DOORDASH

Pursuant to O.C.G.A. § 9-11-36, Plaintiffs hereby serve their First Requests for Admission upon you as follows, to be answered by you within the time permitted by law.

Specifically, pursuant to O.C.G.A. § 9-11-36, Plaintiffs request, for the purposes of this action, that you admit that each of the following statements is true.  Pursuant to O.C.G.A. § 9-11-36, you are required to answer the following Requests within forty-five (45) days after service hereof.  Failure to timely answer will result in admission of the statements contained herein and/or admission of the genuineness of certain documents.

If any Request for Admission is denied, and Plaintiffs subsequently prove the truthfulness thereof, Plaintiffs will apply for an award of attorney's fees necessary to prove the truthfulness.

## DEFINITIONS

The Plaintiffs hereby incorporate by reference the "Definitions" Section immediately preceding the Interrogatories.

1.

You have been correctly named in the present cause insofar as the legal designation of names is concerned.

2.

You have been properly served as a party Defendant.

3.

Process is sufficient with regard to you in this case.

4.

Service of process is sufficient with regard to you in this case.

5.

The STATE COURT OF GWINNETT COUNTY has jurisdiction over the subject matter of this case.

6.

The STATE COURT OF GWINNETT COUNTY has personal jurisdiction over you as a party Defendant in this case.

7.

Venue is proper in the STATE COURT OF GWINNETT COUNTY pursuant to O.C.G.A. § 9-10-93.

8.

On February 2, 2021, you were negligent in the hiring, management, and supervision of Defendant Roix.

9.

On February 2, 2021, Defendant Roix was driving on behalf of DoorDash when the collision occurred.

10.

On February 2, 2021, Defendant Roix was your employee at the time of the collision.

11.

On February 2, 2021, Defendant Roix was acting as your agent at the time of the collision.

12.

On February 2, 2021, Defendant Roix was logged onto the DoorDash platform at the time of the collision.

13.

At the time of the collision, Defendant Roix was within the course and scope of his agency with DoorDash, Inc.

14.

In order to be a delivery driver for DoorDash, Defendant Roix completed Doordash's application process.

15.

In order to be a delivery driver for DoorDash, Defendant Roix was required to upload his driver's license information to DoorDash's website.

16.

In order to be a delivery driver for DoorDash, Defendant Roix was required to upload vehicle registration information to DoorDash's website.

17.

In order to be a delivery driver for DoorDash, Defendant Roix was required to upload insurance information to DoorDash's website.

18.

DoorDash retained the right to terminate its relationship with Defendant Roix at any time.

19.

Defendant Roix did not work for DoorDash for a finite, predetermined duration, but was retained on an on-going basis until termination by one party.

20.

DoorDash required Defendant Roix to pass a background check.

21.

DoorDash is a food delivery company.

22.

DoorDash's revenues depend, in part, on the generation of deliveries made by its delivery drivers.

23.

DoorDash provides its delivery drivers with liability insurance coverage.

24.

DoorDash provides its delivery drivers with liability insurance coverage in the amount of $1 million for bodily injuries.

25.

On February 2, 2021, Defendant Roix failed to obey a traffic control device resulting in the rear-end collision with Plaintiff Nethanel Mize.

26.

No other driver involved in the collision was at fault other than Defendant Roix.

27.

You are vicariously liable for the subject Collision.

28.

Defendant Roix was negligent in causing the subject Collision.

29.

Defendant Roix was reckless in causing the collision.

30.

Defendant Roix's recklessness caused the subject Collision.

31.

Plaintiff Nethanel Mize's medical expenses were reasonable and necessary for the care and treatment of the injuries sustained in the subject Collision.

32.

You are liable to Plaintiffs for the subject Collision and all damages arising therefrom.

33.

You caused Plaintiff Nethanel Mize to incur at least $76,873.60 in medical expenses for injuries arising from this collision.

Respectfully submitted, this 12th day of January, 2023.

**SCHNEIDER INJURY LAW**

/s/ Bethany L. Schneider
GA Bar No.: 940713
1201 Peachtree St NE
Suite 2000
Atlanta, GA 30361
(404) 800-3060 (Telephone)
(404) 920-3302 (Facsimile)
Bethany@schneiderinjuryattorney.com

**AMANDA HALL INJURY LAW**

*/s/ Amanda Kunz Hall*
Amanda Kunz Hall
Georgia Bar No. 142177
6478 Putnam Ford Dr. Ste. 207
Woodstock, Georgia 30189
(678) 445-7423(Telephone)
amanda@ahallinjurylaw.com

**ATTORNEYS FOR PLAINTIFFS**

E-FILED IN OFFICE - JT
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

23-C-00239-S1

1/12/2023 1:19 PM
TIANA P. GARNER, CLERK

# IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

|  |  |  |
|---|---|---|
| NETHANEL MIZE and REBECCA MIZE, | ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION 23-C-00239-S1 FILE NO._____ |
| v. | ) ) | |
| STEVEN ROIX and DOORDASH, INC., | ) ) | JURY DEMANDED |
| Defendants. | ) | |

## PLAINTIFFS' FIRST REQUESTS FOR ADMISSION TO DEFENDANT STEVEN ROIX

Pursuant to O.C.G.A. § 9-11-36, Plaintiffs hereby serve their First Requests for Admission upon you as follows, to be answered by you within the time permitted by law.

Specifically, pursuant to O.C.G.A. § 9-11-36, Plaintiffs request, for the purposes of this action, that you admit that each of the following statements is true.  Pursuant to O.C.G.A. § 9-11-36, you are required to answer the following Requests within forty-five (45) days after service hereof.  Failure to timely answer will result in admission of the statements contained herein and/or admission of the genuineness of certain documents.

If any Request for Admission is denied, and Plaintiffs subsequently proves the truthfulness thereof, Plaintiffs will apply for an award of attorney's fees necessary to prove the truthfulness.

### *DEFINITIONS*

The Plaintiffs hereby incorporates by reference the "Definitions" Section immediately preceding the Interrogatories.

1.

You have been correctly named in the present cause insofar as the legal designation of names is concerned.

2.

You have been properly served as a party Defendant.

3.

Process is sufficient with regard to you in this case.

4.

Service of process is sufficient with regard to you in this case.

5.

The STATE COURT OF GWINNETT COUNTY has jurisdiction over the subject matter of this case.

6.

The STATE COURT OF GWINNETT COUNTY has personal jurisdiction over you as a party Defendant in this case.

7.

Venue is proper in the STATE COURT OF GWINNETT COUNTY with respect to you.

8.

You were negligent in the operation of a motor vehicle that resulted in the subject Collision.

9.

On February 2, 20212, you were driving on behalf of Doordash when the Collision occurred.

10.

At the time of the collision, you were within the course and scope of your agency with DoorDash, Inc.

11.

At the time of the collision, you were logged onto the Doordash platform.

12.

At the time of the collision, you failed to obey a traffic control device resulting in the rear-end collision with Plaintiff Nethanel Mize.

13.

In order to engage in food delivery services through Doordash, you completed Doordash's application process.

14.

In order to engage in food delivery services through Doordash, you were required to upload insurance information to Doordash, Inc.

15.

In order to engage in food delivery services through Doordash, you were required to upload your driver's license information to Doordash, Inc.

16.

In order to engage in food delivery services through Doordash, you were required to upload vehicle registration information to Doordash, Inc.

17.

Defendant DoorDash had the information to know that you were not competent to drive as of the date of this collision.

18.

You did not receive any driving safety instructions or policies from Defendant DoorDash.

19.

You are not aware of any driving safety policies or procedures implemented by Defendant DoorDash for its drivers.

20.

You are not aware of any methods of supervision of your driving by Defendant DoorDash while delivering food for DoorDash.

21.

You are not aware of any disciplinary policies or procedures by Defendant DoorDash related to its delivery drivers' driving.

22.

Your conduct on February 2, 2021, constituted bad faith.

23.

Plaintiffs were injured as a result of the subject Collision.

24.

Plaintiffs' actions did not cause or contribute to the subject Collision.

25.

Plaintiff Nethanel Mize incurred medical expenses for the treatment of injuries he sustained resulting from the subject Collision.

26.

Plaintiff Nethanel Mize's medical expenses were reasonable and medically necessary for the care and treatment of the injuries sustained in the subject Collision.

27.

Plaintiff Rebecca Mize suffered a loss of society, companionship and consortium of Plaintiff Nethanel brought out by the personal injuries sustained in the collision caused by you.

28.

You are liable to Plaintiffs for the subject Collision and all damages arising therefrom.

29.

You have been stubbornly litigious and caused Plaintiffs to incur unnecessary expenses in filing the suit for damages arising from the Collision.

30.

You were using your phone at the time of the Collision.

31.

At the time of the collision, you were distracted from driving.

32.

Immediately prior to the collision, you were looking at your phone.

33.

At the time of the collision, you were intoxicated.

34.

At the time of the collision, you were reckless.

35.

At the time of the collision, your recklessness caused the subject Collision.

36.

You caused Plaintiff Nethanel Mize to incur at least $76,873.60 in medical expenses for injuries arising from this Collision.

Respectfully submitted, this 12th day of January, 2023.

**SCHNEIDER INJURY LAW**

/s/ Bethany L. Schneider
GA Bar No.: 940713
1201 Peachtree St NE
Suite 2000
Atlanta, GA 30361
(404) 800-3060 (Telephone)
(404) 920-3302 (Facsimile)
Bethany@schneiderinjuryattorney.com

**AMANDA HALL INJURY LAW**

*/s/ Amanda Kunz Hall*
Amanda Kunz Hall
Georgia Bar No. 142177
6478 Putnam Ford Dr. Ste. 207
Woodstock, Georgia 30189
(678) 445-7423(Telephone)
amanda@ahallinjurylaw.com

**ATTORNEYS FOR PLAINTIFFS**

E-FILED IN OFFICE - JT
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-00239-S1**

**1/12/2023 1:19 PM**

**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

|  |  |  |
|---|---|---|
| NETHANEL MIZE and REBECCA MIZE, | ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION FILE NO. 23-C-00239-S1 |
| v. | ) ) | |
| STEVEN ROIX and DOORDASH, INC., | ) ) | JURY DEMANDED |
| Defendants. | ) | |

### PLAINTIFFS' FIRST CONTINUING INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DOORDASH, INC.

**COME NOW** Plaintiffs, pursuant to O.C.G.A. §§ 9-11-33 and 9-11-34, submit herewith to the above-named Defendant (hereinafter referred to as "you" or "your") for response within forty-five (45) days after service hereof, in the form provided by law, the following interrogatories and requests for production of documents.

You are required, when answering these interrogatories, to furnish all information that is available to you, your attorneys or agents, and anyone else acting on your behalf. If the complete answer to an interrogatory is not known to you, you shall so state and answer the interrogatory to the fullest extent possible. If you claim attorney-client privilege or work product protection, please produce a **privilege log** setting forth each document with enough specificity to allow the Court to rule on your assertion of privilege.

These interrogatories are deemed to be continuing and you are required to provide, by way of supplementary answers to these interrogatories, such additional information as may be obtained hereafter by you, your attorneys or agents, or anyone else acting on your behalf, which information will augment or modify any answer given to the attached interrogatories. All such supplemental answers must be filed and served upon the counsel of record for the above-named Plaintiffs within

a reasonable time after discovery or receipt of such additional information, but in no event later than the time of the trial.

The documents requested to be produced for inspection and copying are to be produced at the offices of SCHNEIDER INJURY LAW, 1201 Peachtree Street NE, Suite 2000, Atlanta, GA 30361, within forty-five (45) days following receipt of this request unless the 45th day falls on a holiday or weekend, in which event the production will take place on the Monday following the 45th day; or in the event the time for response is shortened by court order, then the shorter time frame shall be applicable.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

You are also required, pursuant to the Civil Practice Act, to produce at trial the materials and documents requested herein.

The following definitions and instructions are applicable to each interrogatory unless negated by the context:

## **DEFINITIONS**

1. "Document" means any written, recorded, or graphic matter in whatever form, including copies, drafts, and reproductions thereof to which you have or have had access, including, but not limited to, correspondence, memoranda, tapes, stenographic or handwritten notes, studies, publications, books, contracts, agreements, checks, bills, invoices, pamphlets, pictures, films, voice recordings, maps, graphs, reports, surveys, minutes of statistical compilations; every copy of such writing or record where the original is not in your possession, custody or control, and every copy of such writing or record where such copy is not an identical copy of an original or where such copy contains any commentary or notation whatsoever that does not appear on the original.

2. "Person" shall mean a natural person, proprietorship, partnership, corporation,

cooperative, association, firm, group, or any other organization or entity.

3. "Communication" means the transmittal of information from one or more persons to another person or persons, whether the medium for transmittal be oral, written or electronic.

4. "Date" shall mean the exact day, month and year, if ascertainable, or if not, the best available approximation (including relationship to other events).

4. "Identify" or "Identity", when used in reference to:

(a)    an <u>individual</u> shall mean to state the full name, present or last known residence address (designating which), residence telephone number, present or last known employment address (designating which), employment telephone number, and employment title or capacity.

(b)    a <u>firm, partnership, corporation, proprietorship, association or other organization or entity</u>, shall mean to state its full name and present or last known address (designating which) and the legal form of such entity or organization.

(c)    <u>document</u> shall mean to state: the title (if any), the date, author, sender, recipient, the identity of person signing it, type of document (i.e., a letter, memorandum, notation, book, telegram, chart, etc.) or some other means of identifying it, and its present location or custodian. In the case of a document that was, but is no longer, in the possession, custody or control of Defendant, state what disposition was made of it, why, when and by whom.

5. "You" "you" "Your" and "your" mean the party or parties to whom these Interrogatories are addressed ("DoorDash, Inc."), including his agents, representatives, and attorneys.

6. "Collision" means the collision that forms the basis of Plaintiffs' Complaint for Damages, which occurred on February 2, 2021.

7. "Complaint" means the Plaintiffs' Complaint for Damages, served concurrently with this written discovery.

8. "Plaintiffs" means Plaintiffs Nethanel and Rebecca Mize.

## INTERROGATORIES

### 1.

Identify the person or persons who assisted in any way in responding to Plaintiffs' Interrogatories, by stating the person(s) full name, residential address, current employer, telephone number(s) and specify the particular response or responses to which each person responded.

### 2.

Identify any insurance policy (company name, policy number, liability limits) which may be liable to satisfy all or part of a judgment which may be entered in this action or to indemnify or reimburse you for payments made to satisfy such a judgment. Please include excess, commercial, and/or umbrella policies.

### 3.

Describe the application and screening process for hiring, or otherwise entering into an agreement with, new delivery drivers for DoorDash, Inc.

### 4.

What information and documentation do you require from applicants to be delivery drivers for DoorDash, Inc.?

### 5.

What type of screening process do you use when contracting with new delivery drivers for DoorDash, Inc.?

### 6.

Do you require any information about an applicant's driving history when contracting with new delivery drivers for DoorDash, Inc.?

7.

Identify all of Defendant's policies, instructions, manuals, handbooks, and procedures relating to the hiring, retention, supervision, and training of delivery drivers, employees, and transportation providers. This request includes, but is not limited to, any policies or procedures pertaining to supervising drivers, determining a driver's qualifications, responding to customer/rider complaints, hiring drivers, and investigating and reporting accidents.

8.

Identify any driving training or education that DoorDash, Inc., provided Defendant Roix at any time.

9.

Describe all disciplinary actions taken against Defendant Roix and any restrictions placed on Defendant Roix's driving for DoorDash, Inc., before, as a result of, or after the subject collision.

10.

Describe the reporting and investigative practices for collisions involving DoorDash delivery drivers.

11.

Identify all emails exchanged between DoorDash's agents, officers, managers, employees, or anyone acting on DoorDash's behalf regarding any of the facts, people, witnesses, liability, damages, or other matters in any way related to or pertaining to the collision or Defendant Roix. This request includes but is not limited to all emails relating to, referencing or in any way that are relevant to the collision at issue, Defendant Roix employment or provision of delivery services, and Defendant Roix driving, training, job performance and/or reprimands. [NOTE: If you refuse to produce the emails, then please provide a privilege log identifying all such emails sufficient for

the parties to file a motion to compel or request an *in camera* inspection, if needed.].

12.

Identify all servers, databases, and e-mail accounts searched to find documents or data responsive to Interrogatory No. 10 above.

13.

Detail all steps taken by DoorDash to preserve documents and data related to the collision and/or Defendant Roix since the date of the collision.

14.

State the point of origin, destination, and reason for the trip being made by the Defendant Roix at the time of the incident referred to in the Complaint.

15.

Was a post-accident alcohol and controlled substance test performed on Defendant Roix? If so, please state:

(a) The date of testing;

(b) Who performed the test;

(c) Where the test was performed; and,

(d) The results of the test.

15.

Please explain the nature of the legal relationship between: Defendant DoorDash, Inc. and Defendant Roix (i.e., lease operator, company driver, temporary driver, agent, apparent agent, etc.), including, but not limited to the date the relationship began, if the relationship has been terminated, the date of such termination, and the identity of the person who terminated such relationship

16.

Does Defendant DoorDash., on their own, through its insurer, or through any other person or business entity, obtain information from any private source or governmental agency concerning the driving history, driving infractions, motor vehicle records, or criminal background of drivers it employs?  If so, please state the name and business of each entity through which such information was requested or obtained concerning the driver involved in the subject incident, and the dates upon which such information was obtained concerning the driver operating the vehicle involved in the subject incident.

17.

Please identify all criminal charges, including but not limited to those associated with the use of any type of motor vehicle, of which DoorDash was aware prior to, and after, allowing Defendant Roix to drive with DoorDash.

18.

Does Defendant DoorDash, Inc. have any policy or procedure regarding testing drivers/employees for drugs and/or alcohol after collisions or incidents involving any DoorDash driver?  If so, please identify all such policies or procedures.

19.

Did Defendant DoorDash conduct any post-wreck investigation with respect to the cause of the subject incident?  If so, please identify all people involved in the same, the conclusion reached by the Defendant, and identify all documents prepared and reviewed in this effort.

20.

For any person, including any party, who to your knowledge information or belief has some knowledge of any fact or circumstance underlying this case, please state his/her name, address,

phone number, substance of knowledge and basis for knowledge.

21.

Please identify any and all statements or reports given by any person identified in your response to Interrogatory No. 20.  If you claim attorney-client privilege or work product protection, please produce a privilege log.

22.

Please give a detailed explanation of how you contend the Collision occurred, and if you claim that any other person, including the Plaintiffs, and/or individuals who are not parties to this lawsuit, were wholly or partially at fault for the cause of the Collision, please:

(a)     Specifically identify all acts and omissions of every person, firm, corporation, or other entity who you contend caused or contributed to the cause of the Collision; and

(b)     Identify all statutes, rules, regulations, ordinances, code sections, industry standards, or other provisions of law which you contend that person, firm, corporation, or other entity violated.

23.

Please state whether you intend to call any expert or technician as a witness at the trial of this action, and for each expert or technician identified, please:

(a)     state the subject matter on which s/he is expected to testify;

(b)     state in detail the opinions held by each such expert or technician;

(c)     give a complete summary of the grounds for each opinion held; and

(d)     state the qualifications of such expert that render him/her qualified to express such opinions.

24.

For each request to admit that you denied, please identify:

(a)      each and every fact supporting that denial;

(b)      each eyewitness that will testify to those facts supporting your denial; and

(c)      each and every document or tangible piece of evidence that will evidence facts supporting your denial.

25.

Please state whether you have conducted any surveillance of Plaintiffs, and, if so, the dates and locations of such and the agency conducting the surveillance.

26.

Please state each and every insurance claim of which you are that Plaintiffs have ever made, including the date and type of claim for each.

27.

Please state each and every pre-existing injury or condition that you claim Plaintiffs to have suffered prior to this collision.

28.

Please identify each and every Request for Production of Documents to a Non-Party ("Request") or Notice of Deposition and Subpoena Duces Tecum ("Notice") that you have served in this case, including:

a)      The name of each and every entity to which a Request or Notice has been sent;

b)      The date each Request or Notice was sent;

c)      The records requested in the Request or Notice;

d)      Whether the non-party to whom the Request or Notice was sent produced any records in response to such Request or Notice;

e)      The date(s) and/or date range of the document(s) produced;

f)      The page count of records received; and

g)      The date(s) that you received a copy of the documents produced.

***Production of the documents shall not suffice to answer this interrogatory.***

## REQUEST FOR PRODUCTION OF DOCUMENTS

The Plaintiffs request that you produce and permit his representatives to inspect and copy the following documents and tangible things, pursuant to Rule 34 of the Georgia Civil Practice Act, O.C.G.A. § 9-11-34, at the offices of counsel for Plaintiffs or at some other mutually agreeable location within forty-five (45) days after the service of this Request.

**Service by mail or e-mail of legible photocopies shall be deemed sufficient compliance herewith.**

If a privilege is claimed as to any requested document, please identify in your response to each such request, the privilege which is asserted, the nature of the document, the date of the document, the author or originator of the document, and a brief description of the contents of the document sufficient for the Court to rule on the claimed privilege.

### *DEFINITIONS*

Plaintiffs incorporate by reference the "Definitions" Section immediately preceding the Interrogatories.

1.

Any and all documents showing your corporate structure, including but not limited to, articles of incorporation, bylaws, corporate charts, and other similar documents.

2.

Certified copies of any and all insurance policies and related documents, including the declaration pages, which do or may afford liability insurance coverage to you with regard to Plaintiffs' claims against you. [NOTE: This request includes primary insurance coverage, excess insurance coverage, or any other type of liability insurance coverage, medical-payments coverage, and documents regarding reservation of rights for same.].

3.

Any and all documents related to decisions affecting coverage or the amount of available limits on the insurance policies identified.

4.

Any and all other communications related to any insurance policies identified, including but not limited to reservations of rights, modifications of limits or proposed modification of limits, modifications of coverage or proposed modification of coverage, and agreements regarding any aspect of every such policy or obligations related to such policy.

5.

Any and all documents that were created during regularly conducted business activity pertaining to any internal investigation into the subject collision by Doordash, Inc. [NOTE: Because this Request seeks documents created "during regularly conducted business activity," it does not seek attorney-client communications or attorney work product.].

6.

Produce the Terms of Service (TOS) that was in effect at the time of the collision

7.

Produce any GPS data available for Defendant Roix's account or vehicle from the date of the collision.

8.

Produce all trip information found through the Doordash platform for the ride on which the collision occurred.

9.

A complete set of delivery trip logs, receipts, and any other documents evidencing delivery services provided by Defendant Roix through the Doordash app or other technology owned, operated, or provided by Doordash or one of its related entities.

10.

Any and all data, and documents related to data, from the Doordash application for Defendant Roix starting 48 hours before the collision through 48 hours after the collision.

11.

Any and all documents showing the hours and dates on which Defendant Roix provided delivery services through the Doordash app or platform for the 30 days before and 30 days after the subject collision.

12.

Produce all driver background and driver checks for Defendant Roix.

13.

Any and all documents related to your business relationship with Defendant Roix.

14.

Any and all documents related to the hiring, contracting, training, supervision, and retention of Defendant Roix.

15.

Any and all documents related to your policies, practices, procedures, suggestions, expectations, standards, and documents regarding Defendant Roix's work as Doordash delivery driver.

16.

Any and all communications related to Defendant Roix.

17.

Produce the entire file for Defendant Roix.

18.

Any and all documents evidencing, reflecting, or relating to any traffic citation(s) and the disposition of any traffic citation(s) that Defendant Roix received as a result of the collision.

19.

Any and all records, documents, or other tangible items relating to any collisions involving Defendant Roix or traffic citations received by Defendant Roix before and since February 2, 2021.

20.

Any and all purchase invoices, repair estimates, repair or maintenance documents, appraisals, property damage reports, or any tangible evidence pertaining to the upkeep of the

vehicle that Defendant Roix was driving at the time of the collision that was incurred before or as a result of the collision.

21.

Any non-privileged internal documents related to any effort by DoorDash to claim that its delivery drivers are independent contractors.

22.

Any and all documents in which DoorDash describes itself as a food delivery service, or other similar description.

23.

Any and all documents related to your financial or legal interest in DoorDash drivers.

24.

Any and all documents related to your fee for use of the DoorDash application and network.

25.

Any and all documents related to DoorDash driver application processes, background checks, city knowledge exams, vehicle inspections, and personal interviews of driver candidates, applicable in the State of Georgia.

26.

Any and all documents related to any disciplinary action taken with respect to Defendant Roix at any time.

27.

All statements of any kind and in any format related to the incident or Plaintiffs' injuries.

28.

All emails, texts, messages, or other communications between Defendant Roix and any agent or employee of DoorDash, Inc. or any subsidiary or other related entity of Defendant(s).

29.

Any and all videotapes, photographs, plats or drawings of the vehicles, parties, scene of the incident or any other matter material to the incident underlying this litigation.

30.

Any and all videotapes, photographs, reports, data, memoranda, handwritten notes, or other documents reviewed by or generated by any expert or technician.

31.

Any and all medical records, videotapes, photographs or other evidence concerning, referencing or depicting Plaintiffs.

32.

A copy of any and all photographs and/or videotapes depicting the Plaintiffs doing anything.

33.

Any and all documents obtained through a non-party request for production of documents or subpoena and an index for such. ***Please produce these records in an electronic format so that no copying charges are incurred.***

34.

Any and all documents which would in any way challenge, diminish or refute any of the Plaintiffs' claimed injuries, medical and/or hospital bills, or lost earnings related to the Collision.

35.

Any and all taped or written statements taken from Plaintiffs, or any other potential witnesses to this lawsuit, by anyone acting on behalf of Defendants or Defendants' insurer(s).

36.

Any and all documents, books, writings or other tangible things which support any defenses you rely upon in your defense to this lawsuit.

37.

Any and all documents that you have sent to any expert witness in this case.

38.

Any and all documents that any expert witness is relying on for his/her opinions in this case.

39.

For any document which has not been produced on grounds of privilege, please state the following:

(a)     the date each document was generated;

(b)     the person generating each document;

(c)     the present custodian of each document; and

(d)     a description of each document.

Respectfully submitted, this 12th day of January, 2023.

**SCHNEIDER INJURY LAW**

/s/ Bethany L. Schneider
GA Bar No.: 940713
1201 Peachtree St NE
Suite 2000
Atlanta, GA 30361
(404) 800-3060 (Telephone)
(404) 920-3302 (Facsimile)
Bethany@schneiderinjuryattorney.com

**AMANDA HALL INJURY LAW**

/s/ Amanda Kunz Hall
Amanda Kunz Hall
Georgia Bar No. 142177
6478 Putnam Ford Dr. Ste. 207
Woodstock, Georgia 30189
(678) 445-7423(Telephone)
amanda@ahallinjurylaw.com

**ATTORNEYS FOR PLAINTIFFS**

E-FILED IN OFFICE - JT
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-00239-S1**
**1/12/2023 1:19 PM**
**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

NETHANEL MIZE and REBECCA )
MIZE, )
                         )
       Plaintiffs, )      CIVIL ACTION    23-C-00239-S1
                         )      FILE NO._____
v. )
                         )
STEVEN ROIX and DOORDASH, INC., )      JURY DEMANDED
                         )
       Defendants. )

### PLAINTIFFS' FIRST CONTINUING INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO THE CINCINNATI INSURANCE COMPANY

**COME NOW** Plaintiffs, pursuant to O.C.G.A. §§ 9-11-33 and 9-11-34, submit herewith to the above-named Defendant (hereinafter referred to "you" or "your") for response within forty-five (45) days after service hereof, in the form provided by law, the following interrogatories and requests for production of documents.

You are required, when answering these interrogatories, to furnish all information that is available to you, your attorneys or agents, and anyone else acting on your behalf. If the complete answer to an interrogatory is not known to you, you shall so state and answer the interrogatory to the fullest extent possible. If you claim attorney-client privilege or work product protection, please produce a **privilege log** setting forth each document with enough specificity to allow the Court to rule on your assertion of privilege.

These interrogatories are deemed to be continuing and you are required to provide, by way of supplementary answers to these interrogatories, such additional information as may be obtained hereafter by you, your attorneys or agents, or anyone else acting on your behalf, which information will augment or modify any answer given to the attached interrogatories. All such supplemental answers must be filed and served upon the counsel of record for the above-named Plaintiffs within

a reasonable time after discovery or receipt of such additional information, but in no event later than the time of the trial.

The documents requested to be produced for inspection and copying are to be produced at the offices of SCHNEIDER INJURY LAW, 1201 Peachtree Street NE, Suite 2000, Atlanta, GA 30361, within forty-five (45) days following receipt of this request unless the 45th day falls on a holiday or weekend, in which event the production will take place on the Monday following the 45th day; or in the event the time for response is shortened by court order, then the shorter time frame shall be applicable.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

You are also required, pursuant to the Civil Practice Act, to produce at trial the materials and documents requested herein.

The following definitions and instructions are applicable to each interrogatory unless negated by the context:

## **DEFINITIONS**

1. "Document" means any written, recorded, or graphic matter in whatever form, including copies, drafts, and reproductions thereof to which you have or have had access, including, but not limited to, correspondence, memoranda, tapes, stenographic or handwritten notes, studies, publications, books, contracts, agreements, checks, bills, invoices, pamphlets, pictures, films, voice recordings, maps, graphs, reports, surveys, minutes of statistical compilations; every copy of such writing or record where the original is not in your possession, custody or control, and every copy of such writing or record where such copy is not an identical copy of an original or where such copy contains any commentary or notation whatsoever that does not appear on the original.

2. "Person" shall mean a natural person, proprietorship, partnership, corporation,

cooperative, association, firm, group, or any other organization or entity.

3. "Communication" means the transmittal of information from one or more persons to another person or persons, whether the medium for transmittal be oral, written or electronic.

4. "Date" shall mean the exact day, month and year, if ascertainable, or if not, the best available approximation (including relationship to other events).

4. "Identify" or "Identity", when used in reference to:

(a)     an <u>individual</u> shall mean to state the full name, present or last known residence address (designating which), residence telephone number, present or last known employment address (designating which), employment telephone number, and employment title or capacity.

(b)     a <u>firm, partnership, corporation, proprietorship, association or other organization or entity</u>, shall mean to state its full name and present or last known address (designating which) and the legal form of such entity or organization.

(c)     <u>document</u> shall mean to state: the title (if any), the date, author, sender, recipient, the identity of person signing it, type of document (i.e., a letter, memorandum, notation, book, telegram, chart, etc.) or some other means of identifying it, and its present location or custodian. In the case of a document that was, but is no longer, in the possession, custody or control of Defendant, state what disposition was made of it, why, when and by whom.

5. "You" "you" "Your" and "your" mean the party or parties to whom these Interrogatories are addressed ("THE CINCINNATI INSURANCE COMPANY."), including his agents, representatives, and attorneys.

6. "Collision" means the collision that forms the basis of Plaintiffs' Complaint for Damages, which occurred on February 2, 2021.

7. "Complaint" means the Plaintiffs' Complaint for Damages, served concurrently with

this written discovery.

8. "Plaintiffs" means Plaintiffs Nethanel and Rebecca Mize.

## **INTERROGATORIES**

### 1.

Please identify all individuals assisting with your responses to Plaintiffs' First Interrogatories, Requests for Production of Documents, and Requests for Admission.

### 2.

For any person, including any party, who to your knowledge information or belief has some knowledge of any fact or circumstance underlying this case, please state his/her name, address, phone number, substance of knowledge and basis for knowledge.

### 3.

Identify any insurance policy (company name, policy number, liability limits) which may be liable to satisfy all or part of a judgment which may be entered in this action. Please include excess, commercial, and/or umbrella policies.

### 4.

Please identify any and all statements or reports given by any person identified in your response to Interrogatory No. 3.  If you claim attorney-client privilege or work product protection, please produce a privilege log.

### 5.

Please give a detailed explanation of how you contend the Collision occurred, and if you claim that any other person, including the Plaintiffs, and/or individuals who are not parties to this lawsuit, were wholly or partially at fault for the cause of the Collision, please:

(a)     Specifically identify all acts and omissions of every person, firm, corporation, or other

entity who you contend caused or contributed to the cause of the Collision; and

(b)    Identify all statutes, rules, regulations, ordinances, code sections, industry standards, or other provisions of law which you contend that person, firm, corporation, or other entity violated.

6.

Please state whether you intend to call any expert or technician as a witness at the trial of this action, and for each expert or technician identified, please:

(a)    state the subject matter on which s/he is expected to testify;

(b)    state in detail the opinions held by each such expert or technician;

(c)    give a complete summary of the grounds for each opinion held; and

(d)    state the qualifications of such expert that render him/her qualified to express such opinions.

7.

Please state whether you contend that Defendant Roix was not the sole proximate cause of the incident underlying this litigation, and, if so, identify:

(a)    each and every fact supporting that contention;

(b)    each eyewitness that will testify to those facts; and

(c)    each and every document or tangible piece of evidence that will evidence those facts.

7.

For each request to admit that you denied, please identify:

(a)    each and every fact supporting that denial;

(b)    each eyewitness that will testify to those facts supporting your denial; and

(c)     each and every document or tangible piece of evidence that will evidence facts supporting your denial.

8.

Please identify each and every Request for Production of Documents to a Non-Party ("Request") or Notice of Deposition and Subpoena Duces Tecum ("Notice") that you have served in this case, including:

a)     The name of each and every entity to which a Request or Notice has been sent;

b)     The date each Request or Notice was sent;

c)     The records requested in the Request or Notice;

d)     Whether the non-party to whom the Request or Notice was sent produced any records in response to such Request or Notice;

e)     The date(s) and/or date range of the document(s) produced;

f)     The page count of records received; and

g)     The date(s) that you received a copy of the documents produced.

***Production of the documents shall not suffice to answer this interrogatory.***

## **REQUEST FOR PRODUCTION OF DOCUMENTS**

The Plaintiffs request that you produce and permit their representatives to inspect and copy the following documents and tangible things, pursuant to Rule 34 of the Georgia Civil Practice Act, O.C.G.A. § 9-11-34, at the offices of counsel for Plaintiffs or at some other mutually agreeable location within forty-five (45) days after the service of this Request.

**Service by mail or e-mail of legible photocopies shall be deemed sufficient compliance herewith.**

If a privilege is claimed as to any requested document, please identify in your response to

each such request, the privilege which is asserted, the nature of the document, the date of the document, the author or originator of the document, and a brief description of the contents of the document sufficient for the Court to rule on the claimed privilege.

## *DEFINITIONS*

Plaintiffs incorporate by reference the "Definitions" Section immediately preceding the Interrogatories.

1.

Any and all insurance policies, including declarations pages, which might provide benefits related to the subject incident regardless of whether the insurer agrees there was coverage.

2.

Any and all videotapes, photographs, plats or drawings of the vehicles, parties, scene of the incident or any other matter material to the incident underlying this litigation.

3.

Any and all videotapes, photographs, reports, data, memoranda, handwritten notes, or other documents reviewed by or generated by any expert or technician.

4.

Any and all medical records, videotapes, photographs or other evidence concerning, referencing or depicting Plaintiffs.

5.

A copy of any and all photographs and/or videotapes depicting the Plaintiffs doing anything.

6.

Any and all documents obtained through a non-party request for production of documents or subpoena and an index for such. ***Please produce these records in an electronic format so that no copying charges are incurred.***

### 7.

Any and all documents which would in any way challenge, diminish or refute any of the Plaintiffs' claimed injuries, medical and/or hospital bills, or lost earnings related to the Collision.

### 8.

Any and all taped or written statements taken from Plaintiffs, or any other potential witnesses to this lawsuit, by anyone acting on behalf of Defendants or Defendants' insurer(s).

### 9.

Any and all documents, books, writings or other tangible things which support any defenses you rely upon in your defense to this lawsuit.

### 10.

Any and all documents that you have sent to any expert witness in this case.

### 11.

Any and all documents that any expert witness is relying on for his/her opinions in this case.

### 12.

For any document which has not been produced on grounds of privilege, please state the following:

(a)     the date each document was generated;

(b)     the person generating each document;

(c)     the present custodian of each document; and

(d)      a description of each document.

Respectfully submitted, this 12th day of January, 2023.

**SCHNEIDER INJURY LAW**

/s/ Bethany L. Schneider
GA Bar No.: 940713
1201 Peachtree St NE
Suite 2000
Atlanta, GA 30361
(404) 800-3060 (Telephone)
(404) 920-3302 (Facsimile)
Bethany@schneiderinjuryattorney.com

**AMANDA HALL INJURY LAW**

/s/ Amanda Kunz Hall
Amanda Kunz Hall
Georgia Bar No. 142177
6478 Putnam Ford Dr. Ste. 207
Woodstock, Georgia 30189
(678) 445-7423(Telephone)
amanda@ahallinjurylaw.com

**ATTORNEYS FOR PLAINTIFFS**

E-FILED IN OFFICE - JT
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-00239-S1**
**1/12/2023 1:19 PM**
**TIANA P. GARNER, CLERK**

# IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

NETHANEL MIZE and REBECCA )
MIZE, )
                    )
      Plaintiffs, )     CIVIL ACTION  23-C-00239-S1
                    )     FILE NO._____
v. )
                    )
STEVEN ROIX and DOORDASH, INC., )     JURY DEMANDED
                    )
      Defendants. )

## PLAINTIFFS' FIRST CONTINUING INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT STEVEN ROIX

**COME NOW** Plaintiffs, pursuant to O.C.G.A. §§ 9-11-33 and 9-11-34, submit herewith to the above-named Defendant (hereinafter referred to "you" or "your") for response within forty-five (45) days after service hereof, in the form provided by law, the following interrogatories and requests for production of documents.

You are required, when answering these interrogatories, to furnish all information that is available to you, your attorneys or agents, and anyone else acting on your behalf. If the complete answer to an interrogatory is not known to you, you shall so state and answer the interrogatory to the fullest extent possible. If you claim attorney-client privilege or work product protection, please produce a **privilege log** setting forth each document with enough specificity to allow the Court to rule on your assertion of privilege.

These interrogatories are deemed to be continuing and you are required to provide, by way of supplementary answers to these interrogatories, such additional information as may be obtained hereafter by you, your attorneys or agents, or anyone else acting on your behalf, which information will augment or modify any answer given to the attached interrogatories. All such supplemental answers must be filed and served upon the counsel of record for the above-named Plaintiffs within

a reasonable time after discovery or receipt of such additional information, but in no event later than the time of the trial.

The documents requested to be produced for inspection and copying are to be produced at the offices of SCHNEIDER INJURY LAW, 1201 Peachtree Street NE, Suite 2000, Atlanta, GA 30361, within forty-five (45) days following receipt of this request unless the 45th day falls on a holiday or weekend, in which event the production will take place on the Monday following the 45th day; or in the event the time for response is shortened by court order, then the shorter time frame shall be applicable.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

You are also required, pursuant to the Civil Practice Act, to produce at trial the materials and documents requested herein.

The following definitions and instructions are applicable to each interrogatory unless negated by the context:

## DEFINITIONS

1. "Document" means any written, recorded, or graphic matter in whatever form, including copies, drafts, and reproductions thereof to which you have or have had access, including, but not limited to, correspondence, memoranda, tapes, stenographic or handwritten notes, studies, publications, books, contracts, agreements, checks, bills, invoices, pamphlets, pictures, films, voice recordings, maps, graphs, reports, surveys, minutes of statistical compilations; every copy of such writing or record where the original is not in your possession, custody or control, and every copy of such writing or record where such copy is not an identical copy of an original or where such copy contains any commentary or notation whatsoever that does not appear on the original.

2. "Person" shall mean a natural person, proprietorship, partnership, corporation,

cooperative, association, firm, group, or any other organization or entity.

3. "Communication" means the transmittal of information from one or more persons to another person or persons, whether the medium for transmittal be oral, written or electronic.

4. "Date" shall mean the exact day, month and year, if ascertainable, or if not, the best available approximation (including relationship to other events).

4. "Identify" or "Identity", when used in reference to:

(a)     an <u>individual</u> shall mean to state the full name, present or last known residence address (designating which), residence telephone number, present or last known employment address (designating which), employment telephone number, and employment title or capacity.

(b)     a <u>firm, partnership, corporation, proprietorship, association or other organization or entity</u>, shall mean to state its full name and present or last known address (designating which) and the legal form of such entity or organization.

(c)     <u>document</u> shall mean to state: the title (if any), the date, author, sender, recipient, the identity of person signing it, type of document (i.e., a letter, memorandum, notation, book, telegram, chart, etc.) or some other means of identifying it, and its present location or custodian. In the case of a document that was, but is no longer, in the possession, custody or control of Defendant, state what disposition was made of it, why, when and by whom.

5. "You" "you" "Your" and "your" mean the party or parties to whom these Interrogatories are addressed ("Steven Roix"), including his agents, representatives, and attorneys.

6. "Collision" means the collision that forms the basis of Plaintiffs' Complaint for Damages, which occurred on February 2, 2021.

7. "Complaint" means the Plaintiffs' Complaint for Damages, served concurrently with this written discovery.

8. "Plaintiffs" means Plaintiffs Nethanel and Rebecca Mize.

## **INTERROGATORIES**

1.

Please state your full name, current address, current employer, date of birth, social security number, and driver's license number.

2.

Please identify all individuals assisting with your responses to Plaintiffs' First Interrogatories, Requests for Production of Documents, and Requests for Admission.

3.

For any person, including any party, who to your knowledge information or belief has some knowledge of any fact or circumstance underlying this case, please state his/her name, address, phone number, substance of knowledge and basis for knowledge.

4.

Please identify any and all statements or reports given by any person identified in your response to Interrogatory No. 3.  If you claim attorney-client privilege or work product protection, please produce a privilege log.

5.

Please give a detailed explanation of how you contend the Collision occurred, and if you claim that any other person, including the Plaintiffs, and/or individuals who are not parties to this lawsuit, were wholly or partially at fault for the cause of the Collision, please:

    (a)    Specifically identify all acts and omissions of every person, firm, corporation, or other entity who you contend caused or contributed to the cause of the Collision; and

    (b)    Identify all statutes, rules, regulations, ordinances, code sections, industry standards,

or other provisions of law which you contend that person, firm, corporation, or other entity violated.

6.

Please state whether you intend to call any expert or technician as a witness at the trial of this action, and for each expert or technician identified, please:

(a)   state the subject matter on which s/he is expected to testify;

(b)   state in detail the opinions held by each such expert or technician;

(c)   give a complete summary of the grounds for each opinion held; and

(d)   state the qualifications of such expert that render him/her qualified to express such opinions.

7.

Were you on the business of any individual or entity at the time of the subject incident?  If so, please identify any such individual or entity, including name, address and telephone number.

8.

Please state the point of origin, destination, and reason for the trip being made by you at the time of the incident referred to in the Complaint.

9.

Were you a delivery driver for DoorDash at the time of the Collision? If so, please state how long you had been a driver for them.

10.

If you have ever been arrested or convicted of any crime (other than minor traffic offenses), even if that arrest or conviction has been removed from your record, please identify each crime or alleged violation, date of arrest, the arresting authority, the court in which any criminal proceeding

against you was held, and the disposition of each charge. (See <u>Lewis v. The State</u>, 243 Ga. 443;

<u>Hightower v. G.M.</u>, 175 Ga. App. 112)

## 11.

Please state whether you contend that you are not the sole proximate cause of the incident

underlying this litigation, and, if so, identify:

(a)    each and every fact supporting that contention;

(b)    each eyewitness that will testify to those facts; and

(c)    each and every document or tangible piece of evidence that will evidence those

facts.

## 12.

For each request to admit that you denied, please identify:

(a)    each and every fact supporting that denial;

(b)    each eyewitness that will testify to those facts supporting your denial; and

(c)    each and every document or tangible piece of evidence that will evidence facts

supporting your denial.

## 13.

Identify any alcoholic beverages, drugs or medications that you took within 24 hours of

the time of the subject incident, specifically stating the time the substance was consumed and the

quantity of the substance that was consumed.

## 14.

What was your cellular telephone number at the time of the subject collision?  Please also

identify:

a.    the name of the telephone company that provided the mobile service for that

telephone;

b.    the telephone number of that telephone;

c.    the person who owned the telephone; and

d.    the person in whose name the cellular service account for that person is held.

15.

Were you using the telephone at the time of the Collision? ["Using" is defined as talking, texting, surfing the Internet or social media, using a navigation application, or otherwise touching or looking at the telephone.]

16.

Please list each and every state for which you have held a driver's license and the years for each.

17.

Please state each and every motor vehicle accident in which you have ever been involved, including the date, location and description for each.

18.

Please state each and every traffic citation you have received in the past ten (10) years, including the date, location and offense.

19.

Please state each and every lawsuit in which you have ever been involved, including the date, location and a brief description of each.

20.

Please state whether you have conducted any surveillance of Plaintiffs, and, if so, the dates

and locations of such and the agency conducting the surveillance.

21.

Please state each and every insurance claim of which you are that Plaintiffs have ever made, including the date and type of claim for each.

22.

Please state each and every pre-existing injury or condition that you claim Plaintiffs to have suffered prior to this wreck.

23.

Please identify each and every Request for Production of Documents to a Non-Party ("Request") or Notice of Deposition and Subpoena Duces Tecum ("Notice") that you have served in this case, including:

    a)    The name of each and every entity to which a Request or Notice has been sent;

    b)    The date each Request or Notice was sent;

    c)    The records requested in the Request or Notice;

    d)    Whether the non-party to whom the Request or Notice was sent produced any records in response to such Request or Notice;

    e)    The date(s) and/or date range of the document(s) produced;

    f)    The page count of records received; and

    g)    The date(s) that you received a copy of the documents produced.

***Production of the documents shall not suffice to answer this interrogatory.***

## REQUEST FOR PRODUCTION OF DOCUMENTS

The Plaintiffs request that you produce and permit his representatives to inspect and copy the

following documents and tangible things, pursuant to Rule 34 of the Georgia Civil Practice Act, O.C.G.A. § 9-11-34, at the offices of counsel for Plaintiffs or at some other mutually agreeable location within forty-five (45) days after the service of this Request.

**Service by mail or e-mail of legible photocopies shall be deemed sufficient compliance herewith.**

If a privilege is claimed as to any requested document, please identify in your response to each such request, the privilege which is asserted, the nature of the document, the date of the document, the author or originator of the document, and a brief description of the contents of the document sufficient for the Court to rule on the claimed privilege.

### *DEFINITIONS*

Plaintiffs incorporate by reference the "Definitions" Section immediately preceding the Interrogatories.

1.

Any and all videotapes, photographs, plats or drawings of the vehicles, parties, scene of the incident or any other matter material to the incident underlying this litigation.

2.

Any and all videotapes, photographs, reports, data, memoranda, handwritten notes, or other documents reviewed by or generated by any expert or technician.

3.

Any and all medical records, videotapes, photographs or other evidence concerning, referencing or depicting Plaintiffs.

4.

A copy of any and all photographs and/or videotapes depicting the Plaintiffs doing

anything.

5.

Any and all documents obtained through a non-party request for production of documents or subpoena and an index for such. ***Please produce these records in an electronic format so that no copying charges are incurred.***

6.

Any and all documents regarding the property damage estimate of repairs and/or repair bills which you claim were sustained as a result of the Collision.

7.

Any and all documents which would in any way challenge, diminish or refute any of the Plaintiffs' claimed injuries, medical and/or hospital bills, or lost earnings related to the Collision.

8.

Any and all documents regarding your employment status with Doordash, Inc. before and after the Collision.

9.

Any and all insurance policies, including declarations pages, which might provide benefits related to the subject incident regardless of whether the insurer agrees there was coverage.

10.

Any and all taped or written statements taken from Plaintiffs, or any other potential witnesses to this lawsuit, by anyone acting on behalf of Defendants or Defendants' insurer(s).

11.

Any and all documents, books, writings or other tangible things which support any defenses you rely upon in your defense to this lawsuit.

12.

Any and all documents reflecting the disposition of any charges made against you in the Collision.

13.

A copy of your current driver's license and all drivers' licenses you have held in the past five (5) years.

14.

Any and all documents that you have sent to any expert witness in this case.

15.

Any and all documents that any expert witness is relying on for his/her opinions in this case.

16.

Your cell phone records from the date of the Collision.

17.

Your MVR showing your driving history from the past ten (10) years.

18.

For any document which has not been produced on grounds of privilege, please state the following:

(a)     the date each document was generated;

(b)     the person generating each document;

(c)     the present custodian of each document; and

(d)     a description of each document.

Respectfully submitted, this 12th day of January, 2023.

**SCHNEIDER INJURY LAW**

/s/ Bethany L. Schneider
GA Bar No.: 940713
1201 Peachtree St NE
Suite 2000
Atlanta, GA 30361
(404) 800-3060 (Telephone)
(404) 920-3302 (Facsimile)
Bethany@schneiderinjuryattorney.com

**AMANDA HALL INJURY LAW**

/s/ Amanda Kunz Hall
Amanda Kunz Hall
Georgia Bar No. 142177
6478 Putnam Ford Dr. Ste. 207
Woodstock, Georgia 30189
(678) 445-7423(Telephone)
amanda@ahallinjurylaw.com

**ATTORNEYS FOR PLAINTIFFS**

E-FILED IN OFFICE - JT
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-00239-S1**
**1/12/2023 1:19 PM**
**TIANA P. GARNER, CLERK**

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

_____

_____

_____

PLAINTIFF

VS.

_____

_____

_____

DEFENDANT

CIVIL ACTION 23-C-00239-S1
NUMBER: _____

## SUMMONS

The Cincinnati Insurance Company
c/o Registered Agent: Bernie Kristler
3740 DaVinci Court, Suite 460
Peachtree Corners, GA, 30092

**TO THE ABOVE NAMED DEFENDANT:**

   You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____, 20_____.

12th day of January, 2023

**Tiana P. Garner**
**Clerk of State Court**

By _____
**Deputy Clerk**

**INSTRUCTIONS:** Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

E-FILED IN OFFICE - JT
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-00239-S1**
**1/12/2023 1:19 PM**
**TIANA P. GARNER, CLERK**

# IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

_____

_____

_____

**PLAINTIFF**

CIVIL ACTION 23-C-00239-S1
NUMBER:_____

VS.

_____

_____

_____

**DEFENDANT**

## SUMMONS

DOORDASH, INC

c/o Registered Agent Corporation Service Company

106 Colony Park Drive Ste 800-B

Cumming, GA, 30040.

**TO THE ABOVE NAMED DEFENDANT:**

   **You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:**

**an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.**

**This _____ day of** 12th day of January, 2023

_____, **20_____.**

**Tiana P. Garner**
**Clerk of State Court**

**By**_____
       **Deputy Clerk**

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

**SC-1 Rev. 2011**

E-FILED IN OFFICE - JT
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-00239-S1**
**1/12/2023 1:19 PM**
**TIANA P. GARNER, CLERK**

# IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

_____

_____

_____

PLAINTIFF

VS.

_____

_____

_____

DEFENDANT

CIVIL ACTION **23-C-00239-S1**
NUMBER:_____

## SUMMONS

Steven Roix

629 Emerald Acres Way

Sugar Hill, Georgia 30518.

**TO THE ABOVE NAMED DEFENDANT:**

   **You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:**

**an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.**

12th day of January, 2023

**This _____ day of _____,   20_____.**

Tiana P. Garner
Clerk of State Court

By_____
                    Deputy Clerk

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

**SC-1 Rev. 2011**

**AMANDA HALL INJURY LAW**

*/s/ Amanda Kunz Hall*
Amanda Kunz Hall
Georgia Bar No. 142177
6478 Putnam Ford Dr. Ste. 207
Woodstock, Georgia 30189
(678) 445-7423(Telephone)
amanda@ahallinjurylaw.com

**ATTORNEYS FOR PLAINTIFFS**

E-FILED IN OFFICE - JT
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-00239-S1**

**1/12/2023 1:19 PM**

**TIANA P. GARNER, CLERK**

## General Civil and Domestic Relations Case Filing Information Form

☐ **Superior or** ☒ **State Court of** Gwinnett State Court **County**

---

**For Clerk Use Only**

**Date Filed** _____

**MM-DD-YYYY**

**Case Number** _____

**23-C-00239-S1**

---

**Plaintiff(s)**

MIZE, NETHANEL

| Last | First | Middle I. | Suffix | Prefix |
|------|-------|-----------|--------|--------|

MIZE, REBECCA

| Last | First | Middle I. | Suffix | Prefix |
|------|-------|-----------|--------|--------|

| Last | First | Middle I. | Suffix | Prefix |
|------|-------|-----------|--------|--------|

| Last | First | Middle I. | Suffix | Prefix |
|------|-------|-----------|--------|--------|

**Defendant(s)**

ROIX, STEVEN

| Last | First | Middle I. | Suffix | Prefix |
|------|-------|-----------|--------|--------|

DOORDASH, INC.

| Last | First | Middle I. | Suffix | Prefix |
|------|-------|-----------|--------|--------|

| Last | First | Middle I. | Suffix | Prefix |
|------|-------|-----------|--------|--------|

| Last | First | Middle I. | Suffix | Prefix |
|------|-------|-----------|--------|--------|

**Plaintiff's Attorney** Bethany Lynn Schneider   **State Bar Number** 940713   **Self-Represented** ☐

---

**Check one case type and one sub-type in the same box (if a sub-type applies):**

**General Civil Cases**

☒ Automobile Tort
☐ Civil Appeal
☐ Contempt/Modification/Other Post-Judgment
☐ Contract
☐ Garnishment
☐ General Tort
☐ Habeas Corpus
☐ Injunction/Mandamus/Other Writ
☐ Landlord/Tenant
☐ Medical Malpractice Tort
☐ Product Liability Tort
☐ Real Property
☐ Restraining Petition
☐ Other General Civil

**Domestic Relations Cases**

☐ Adoption
☐ Contempt
  ☐ Non-payment of child support, medical support, or alimony
☐ Dissolution/Divorce/Separate Maintenance/Alimony
☐ Family Violence Petition
☐ Modification
  ☐ Custody/Parenting Time/Visitation
☐ Paternity/Legitimation
☐ Support – IV-D
☐ Support – Private (non-IV-D)
☐ Other Domestic Relations

---

☐ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____          _____
**Case Number**                          **Case Number**

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

Version 1.1.20

**IN THE STATE COURT OF GWINNETT COUNTY**
**STATE OF GEORGIA**

NETHANEL MIZE and REBECCA
MIZE,

                  **Plaintiffs,**

vs.

STEVEN ROIX, and DOORDASH, INC.,

                  **Defendants.**

**CIVIL ACTION**
**FILE NO: 23-C-00239-S**

**JURY TRIAL DEMANDED**

**NOTICE OF FILING NOTICE OF REMOVAL**

      Pursuant to 28 U.S.C. § 1446(d), notice is hereby given of the filing of a Notice of Removal of the above-stated civil action to the United States District Court for the Northern District of Georgia, Atlanta Division, a copy of which is attached hereto as Exhibit "1."  All further proceedings in this Court are stayed.

      Respectfully submitted this the 13th day of January, 2023.

Monarch Plaza, Suite 1500
3414 Peachtree Road NE
Atlanta, Georgia 30326
Telephone:  (404) 577-6000
Facsimile:  (404) 221-6501
Email: bcole@bakerdonelson.com
Email: isassani@bakerdonelson.com

**BAKER, DONELSON, BEARMAN**
**CALDWELL & BERKOWITZ, PC**

   */s/ Brent W. Cole*
BRENT W. COLE
Georgia Bar No. 294999

IDA SASSANI
Georgia Bar No. 755953

*Attorneys for Defendant DoorDash, Inc.*

1

## CERTIFICATE OF SERVICE

I do hereby certify that I have electronically filed **NOTICE OF FILING NOTICE OF REMOVAL** via the PeachCourt e-filing system which will automatically send email notification of such filing to the following attorney of record:

| | |
|---|---|
| Bethany L. Schneider | Amanda Kunz Hall |
| **SCHNEIDER INJURY LAW** | **AMANDA HALL INJURY LAW** |
| 1201 Peachtree Street Northeast, Suite 2000 | 6478 Putnam Ford Drive, Suite 207 |
| Atlanta, GA 30361 | Woodstock, Georgia 30189 |
| *Attorney for Plaintiff* | *Attorney for Plaintiff* |

This the 13th day of January, 2023.

Monarch Plaza, Suite 1500
3414 Peachtree Road NE
Atlanta, Georgia 30326
Telephone: (404) 577-6000
Facsimile:  (404) 221-6501
Email: bcole@bakerdonelson.com

**BAKER, DONELSON, BEARMAN CALDWELL & BERKOWITZ, PC**

 */s/ Brent W. Cole*
BRENT W. COLE
Georgia Bar No. 294999

*Attorney for Defendant DoorDash, Inc.*

2