# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| Taishi Bell a/k/a Taishi Hyatt, individually and on behalf of all others similarly situated,<br><br>Plaintiff(s),<br><br>-v.-<br><br>Transworld Systems Inc.,<br><br>Defendant(s). | Case No:<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Taishi Bell a/k/a Taishi Hyatt (hereinafter, "Plaintiff"), brings this Class Action Complaint by and through her attorneys, against the Defendant Transworld Systems Inc. (hereinafter, "Defendant" or "Transworld"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of the Plaintiff's counsel, except for allegations specifically pertaining to the Plaintiff, which are based upon the Plaintiff's personal knowledge.

## INTRODUCTION

1. Congress enacted the Fair Debt Collection Practices Act ("FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices

1

contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the FDCPA was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." ld. § 1692(e). After determining that the existing consumer protection laws were inadequate, Congress created a private cause of action to provide consumers with a remedy against debt collectors who fail to comply with the FDCPA. Id. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over any state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides as well as a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action under § 1692 et seq. of Title 15 of the United States Code, also known as the Fair Debt Collection Practices Act ("FDCPA").

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of Georgia, County of Cherokee.

8. Defendant Transworld is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address for service of process located at c/o C T Corporation System, 289 South Culver Street, Lawrenceville, Georgia 30046.

9. Upon information and belief, Defendant Transworld is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

10. Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

11. The Class consists of:

   a. all individuals with addresses in the State of Georgia;

  b. to whom Transworld sent correspondence in an attempt to collect a consumer debt;

  c. which correspondence purported to validate the debt, but without explanation, contained inherently contradictory balances; and/or

  d. which correspondence purported to validate the debt, but without explanation, conflicted with the balance stated in a wage garnishment concerning the debt;

  e. which correspondence was issued on or after a date one year prior to the filing of this action and on or before a date twenty-one days after the filing of this action.

12. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

13. Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

14. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members.

The principal issue is whether the Defendant's correspondence to consumers, similar in form to that attached as Exhibit A, violate 15 U.S.C. §§ 1692e and 1692g.

15. Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

16. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    a. **<u>Numerosity:</u>** Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

    b. **<u>Common Questions Predominate:</u>** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's correspondence to consumers, similar in form to that attached as Exhibit A, violate 15 U.S.C. §§ 1692e and 1692g.

c. **<u>Typicality:</u>** Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

d. **<u>Adequacy:</u>** Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are averse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **<u>Superiority:</u>** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

17. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

18. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## **FACTUAL ALLEGATIONS**

19. Plaintiff repeats the allegations above as if set forth here.

20. Some time prior to December 21, 2022, an obligation was allegedly incurred to the creditor, Army & Air Force Exchange Service ("Creditor"), a non-party to the instant suit.

21. Plaintiff is a "consumer" as defined by 15 U.S.C.§ 1692a(3).

22. The obligation arose out of transaction(s) involving a debt in which money, property, insurance or services, which are the subject of the transaction(s), were incurred solely for personal purposes, specifically personal credit, and is therefore a "debt" as defined by 15 U.S.C.§ 1692a(5).

23. Upon information and belief, Creditor contracted with the Defendant Transworld for the purpose of debt collection. Therefore, Defendant Transworld is a "debt collector" as defined by 15 U.S.C.§ 1692a(6).

24. Defendant uses the instrumentalities of interstate commerce or the mail in its business, the principal purpose of which is the collection of consumer debts. Defendant also regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Therefore, Defendant is a "debt collector" as defined by 15 U.S.C.§ 1692a(6).

*Violations*

25. On or about December 21, 2022, Defendant sent the Plaintiff correspondence ("Correspondence") in an attempt to collect the Creditor's alleged consumer debt. *See* Correspondence attached as **Exhibit A**.

26. The Correspondence states that it is a communication from a debt collector.

27. The Correspondence purports to validate the debt in response to the Plaintiff's dispute and sets forth that, as of December 21, 2022, the "Total Balance" is $7,212.24.

28. However, on the sixth page of the Correspondence, identified as the account summary, the "Total Due" stated as of December 11, 2022, is $6,053.28.

29. No explanation is given in the Correspondence to address the conflicting amounts due.

30. No explanation is given in the Correspondence to explain how the balance of the debt rose by more than $1,000 in ten (10) days.

31. The Correspondence is fraudulent on its face.

32. Moreover, on or about November 10, 2022, Defendant issued a wage garnishment order ("Garnishment") to the Plaintiff's employer. *See* Garnishment attached as **Exhibit B**.

33. However, the Garnishment reflected an "Amount Due" as of November 10, 2022 as $6,987.62.

34. Thus, in little more than a month and without explanation, Defendant represented the balance of the consumer debt to be as follows: $6,987.62 as of November 10, 2022; $6,053.28 as of December 11, 2022; and $7,212.24 as of December 21, 2022.

35. These numbers are contradictory.

36. These numbers do not make sense.

37. Defendant was aware of the aforementioned facial deficiencies, but despite same, deemed the debt validated and continued with its collection.

38. Defendant was aware of the aforementioned facial inconsistencies, but despite same, continued with its Garnishment.

39. Accordingly, Plaintiff suspected that the debt and the collection might be fraudulent so she prioritized her funds elsewhere.

40. Indeed, the collection should have ceased and furnishment of information to consumer reporting agencies, if any, should have reflected the dispute until the subject debt was actually verified.

41. However, Defendant continued its collection activities by continuing with the Garnishment and furnishing information to the consumer reporting agencies.

42. Accordingly, Defendant, notwithstanding numerous communications with the Plaintiff in connection with the collection of the subject debt, has failed to sufficiently verify the subject debt to the Plaintiff, despite the Plaintiff's written dispute and requests for same.

43. Additionally, Defendant, notwithstanding numerous communications with the Plaintiff in connection with the collection of the subject debt, and without the ability to verify the debt following dispute, failed to cease its collection activities and/or reflect same with the consumer reporting agencies.

44. Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

45. The harms caused by the Defendant have a close relationship to harms traditionally recognized as providing a basis for a lawsuit in American courts.

46. As it relates to this case, the common-law analogues are to the traditional torts of fraud, misrepresentation, malicious prosecution, wrongful use of civil proceedings, abuse of process, intimidation, negligent infliction of emotional distress, conversion and defamation.

47. For purposes of this action, only a close relationship to common-law harm is needed, not an exact duplicate.

48. Plaintiff is entitled to receive proper notice of the character, legal status and amount of the debt, as required by the FDCPA.

49. Defendant failed to effectively inform the Plaintiff of this information, and in fact, attempted to conceal it in violation of the law.

50. These violations by the Defendant were unconscionable, knowing, willful, negligent and/or intentional, and the Defendant did not maintain procedures reasonably adopted to avoid any such violations.

51. Defendant's collection efforts with respect to this alleged debt from the Plaintiff caused the Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides the Plaintiff with the legally protected right to not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

52. Defendant's deceptive, misleading and unfair representations with respect to its collection efforts were material misrepresentations that affected and

frustrated the Plaintiff's ability to intelligently respond to the Defendant's collection efforts because the Plaintiff could not adequately respond to the unverified debt.

53. Defendant's actions created an appreciable risk to the Plaintiff of being unable to properly respond to, or handle, the Defendant's debt collection and most importantly being harassed about an unverified debt that was disclosed to her employer.

54. Plaintiff has suffered emotional distress, including, but not limited to, anxiety and increased heartrate, because of the Defendant's misrepresentations and omissions concerning the character, legal status and amount of the debt.

55. Plaintiff has suffered wasted time and annoyance because of the Defendant's misrepresentations and omissions concerning the character, legal status and amount of the debt.

56. Plaintiff has expended, and continues to expend, time and money because of the Defendant's misrepresentations and omissions concerning the character, legal status and amount of the debt.

57. Plaintiff has been financially harmed because of the Correspondence and the Garnishment.

58. Plaintiff has been reputationally harmed because of the Correspondence and the Garnishment.

59. Moreover, Plaintiff spent time and money in an effort to mitigate the risk of further financial harm, in the form of the Defendant's wrongful dominion and control over her funds, as sought by the Garnishment.

60. Plaintiff spent time and money in an effort to the mitigate the risk of continued financial and reputational harm in the form of the Defendant's negative informational dissemination to third parties, including her employer, credit bureaus, and ultimately credit providers.

61. As a result of the Defendant's deceptive, misleading, unfair, unconscionable, and false debt collection practices, the Plaintiff has been damaged.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692e *et seq.*

62. Plaintiff repeats the allegations above as if set forth here.

63. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

64. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

65. Defendant violated §1692e:

a. By falsely representing in Correspondence with the Plaintiff the true character and/or legal status and/or amount of the debt in violation of §1692e(2)(A);

b. By communicating to any person credit information which is known or which should have been known to be false in violation of §1692e(8); and

c. By making false and misleading representations and omissions in violation of §1692e(10).

66. By reason thereof, Defendant is liable to the Plaintiff for judgment in that the Defendant's conduct violated Section 1692e et seq. of the FDCPA, and is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
15 U.S.C. §1692g *et seq.***

67. Plaintiff repeats the above allegations as if set forth here.

68. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

69. Pursuant to 15 U.S.C. § 1692g(b), "[i]f the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this

section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector…"

70. Defendant violated Section 1692g(b) as follows:

   a. by failing to properly verify the debt upon the Plaintiff's written request;

   b. by failing to cease collection following the dispute, including furnishing information to the credit bureaus and the Plaintiff's employer concerning its collection, despite being unable to properly verify the debt; and

   c. by overshadowing the amount of the debt by providing conflicting information concerning same.

71. By reason thereof, Defendant is liable to the Plaintiff for judgment that the Defendant's conduct violated Section 1692g et seq. of the FDCPA, and is entitled to actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

72. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Taishi Bell a/k/a Taishi Hyatt, individually and on behalf of all others similarly situated, demands judgment from the Defendant Transworld as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Yaakov Saks, Esq. as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: January 12, 2023						Respectfully Submitted,

								**THE OAKS FIRM**

								<u>/s/ Misty Oaks Paxton, Esq.</u>
								MISTY OAKS PAXTON, ESQ.
								3895 Brookgreen Point
								Decatur, Georgia 30034
								Tel: (404) 725-5697
								attyoaks@yahoo.com