UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

STATE FARM MUTUAL
AUTOMOBILE  INSURANCE
CO. AS SUBROGEE OF TERRY
KING JOHNS,

      PLAINTIFF,

V.                      CIVIL ACTION NO:

UNITED STATES OF AMERICA,

      DEFENDANTS.

## PLAINTIFF'S INITIAL DISCLOSURES

(1) State precisely the classification of the cause of action being filed, a brief factual outline of the case including Plaintiff's contentions as to what defendant did or failed to do, and a statement of the legal issues in this case. Violation of the Federal Tort Claims Act, 28 U.S.C. §2671 et, seq.

Brice Allen Lifer, was operating a vehicle owned by the Department of Army in the course and scope of his employment with the Department of Army, on Walmart Parking lot near 101 Five Oaks Court Savannah in Chatham County Georgia when he/she failed to maintain his lane and/or made an improper lane change into the side of the Plaintiff's insured vehicle.  The legal issues are as follows:  Negligence, Proximate Cause and Damages.

(2)  Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which plaintiff contends are applicable to this action.

Plaintiff contends that Brice Allen Lifer violated several Uniform Rules of the Road including, but not limited too, O.C.G.A. §40-6-48 (failure to maintain lane); and O.C.G.A. §40-6-180 (too fast for conditions).  Plaintiff also contends that Brice Allen Lifer failed to Exercise Ordinary Diligence (O.C.G.A. §51-1-2);

failed to exercise due care (O.C.G.A. §40-6-241) and failed to maintain a proper lookout.)

(3)  Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information.  (Attach witness list to Initial Disclosures as Attachment A.)

(4)  Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.  For all experts described in Fed.R.Civ.P.26(a)(2)(B), provide a separate written report satisfying the provisions of that rule.  (Attach expert witness list and written reports to Responses to Initial Disclosures as Attachment B.)

(5)  Provide a copy of, or a description by category and location of, all documents, data compilations, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)

(6)  In the space provided below, provide a computation of any category of damages claimed by you.  In addition, include a copy of, or describe by category and location of the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying as under Fed.R.Civ.P.34 (Attach any copies and descriptions to Initial Disclosures as Attachment D.)
Plaintiff seeks to recover for the property damage to the insured vehicle.  The damages are computed as follows:

| | |
|---|---|
| Repairs: | $2,314.60 |
| Loss of Use/Rental: | 176.22 |
| TOTAL: | $2,490.82 |

(7)  Attach for inspection and copying as under Fed.R.Civ.P.34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this

action or to indemnify or reimburse for payments made to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)

Plaintiff is an insurance company and has made payments to its insured for the property damage to the insured vehicle.  Plaintiff, as subrogee of Terry King Johns, seeks to recover these payments from the United States of America. Attached is a copy of the automobile insurance policy issued by the Plaintiff to its insured, Terry King Johns and pursuant to which the payments were made.

(8)  Disclose the full name, address, and telephone number of all persons or legal entities who have a subrogation interest in the cause of action set forth in Plaintiffs cause of action and state the basis and extent of such interest.

Plaintiff is an insurance company and has made payments to its insured for the property damage to the insured vehicle.  Plaintiff, as subrogee of Terry King Johns, seeks to recover these payments from the United States of America. Attached is a copy of the automobile insurance policy issued by the Plaintiff to its insured, Terry King Johns and pursuant to which the payments were made.

BOUTWELL & ASSOCIATES, LLC
Attorney for Plaintiff:

/s/ Keshia Townsend
Candace M. Boutwell
State Bar No. 254154
cboutwell@subrofirm.com
Keshia N. Townsend
State Bar No. 556068
k.townsend@subrofirm.com

2280 Satellite Blvd, Bldg. B
Duluth GA 30097
Phone: (678) 985-0800
Fax: (678) 985-0903

2022014911

## ATTACHMENT A

LIST OF WITNESSES

| NAME | Address | Discoverable information |
|---|---|---|
| Brice Allen Lifer | 7 Cromer Street, Savannah GA 31407 | Defendant's employee who hit Plaintiff's parked and unoccupied car. |
| Employee Joe Hudson's Collision | 15002 Abercorn St, Savannah, GA 31419 | Repaired the vehicle. |
| Terry King Johns | 101 Five Oaks Court, Savannah GA 31406 | Plaintiff's insured |
| Responding Officer F. Ziegler | Pooler Police Department 100 US-80, Pooler, GA 31322 | Responding Officer |
| State Farm Employee | Contact through Plaintiff's counsel | approximate fair market value of the vehicle, the reasonableness of the repair costs, and the reasonableness of the rental amount paid. |

All persons identified by Defendant in its Initial Disclosures and responses to Discovery who Defendant contends has some knowledge relevant to any issue contained in Plaintiff's lawsuit.

Any or all parties or individuals who have not previously been identified whose knowledge or experience may be relevant to any issue involved in this lawsuit. Such a determination will be made as discovery progresses in this lawsuit.

2022014911

## ATTACHMENT B

Responding Officer F. Ziegler Pooler - Police Department 100 US-80, Pooler, GA 31322

State Farm Employee - Contact through Plaintiff's counsel - approximate fair market value of the vehicle, the reasonableness of the repair costs, and the reasonableness of the rental amount paid.

Plaintiff has not hired an expert witness to date, but will supplement this response if any are retained in the future.

ATTACHMENT C

1. Repair Estimate/Total Loss Documentation – **Attached**
2. Rental Bill for rental vehicle while the insured vehicle was being repaired.- **Attached**
3. Copies of checks paying for damages.- **Attached**
4. Photographs of insured vehicle.- **Attached**
5. Photographs of the scene of the collision- **Attached on police report**
6. Certified copy of the Plaintiff's automobile insurance policy.- **Plaintiff will supplement**
7. Police Report- **Attached.**
8. Any document or thing identified by the Defendant.
9. Certified Copy of Defendant's citation.
10. Any document attached to and identified in any depositions taken before trial.
11. Any and all pleadings filed in this case
12. Any document necessary for purposes of impeachment, cross-examination or rebuttal.
13. Any documents listed by Defendants in discovery or this Initial Disclosure
14. Police Report

Plaintiff reserve the right to amend this list of documentary and physical evidence upon giving reasonable notice prior to trial.  Plaintiffs reserve the right to object to the authenticity and admissibility of Defendants' documents.

Any documents or tangible evidence identified or possessed by any person identified in Section A or B who is in possession of documents which may shed light on the issues of liability or damages.  This information is not now in the possession of Plaintiff's counsel but will be provided to the Defendant once it is received provided it is not otherwise privileged and/or non-discoverable pursuant to applicable federal rules.

Any other documentation which is not now known but which is identified as discovery progresses.  Such documentation may include information concerning the service to Defendant's vehicle; repairs to Defendant's vehicle, service and/or repairs to Defendant's vehicle prior to the incident in question, as well as documentation concerning the Plaintiff's claims concerning liability and damages.

2022014911

## ATTACHMENT D

1.  Repair Estimate/Total Loss Documentation – **Attached**
2.  Rental Bill for rental vehicle while the insured vehicle was being repaired.- **Attached**
3.  Copies of checks paying for damages.- **Attached**
4.  Photographs of insured vehicle.- **Attached**

2022014911

ATTACHMENT E

State Farm Mutual Automobile Insurance Co. Policy – Policy Number <u>C617-990-11</u>.- Plaintiff will supplement

2022014911