IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| NAIM HERNANDEZ and MARIA D. HERNANDEZ,<br><br>Plaintiffs,<br><br>v.<br><br>ESSENDANT CO., THE TRAVELERS INDEMNITY COMPANY, and JOHN DOES 1-5,<br><br>Defendants. | CIVIL ACTION FILE NO.<br><br>NOTICE OF REMOVAL |

## DEFENDANT ESSENDANT CO.'S
## NOTICE OF REMOVAL AND DEMAND FOR JURY TRIAL

Defendant Essendant Co. ("Essendant") removes this action from the State Court of Gwinnett County, Georgia, to the United States District Court for the Northern District of Georgia, Atlanta Division, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, based on the following facts:

Essandant is a named defendant in a civil action pending in the State Court of Gwinnett County, Georgia, styled as Naim Hernandez and Maria D. Hernandez, Plaintiffs v. Essandant Co., The Travelers Indemnity Company, and John Does 1-5, Defendants, No. 22-C-06415-S3. The Complaint in this wrongful death action was filed in the State Court of Gwinnett County, Georgia on November 10, 2022, and service was acknowledged by Essandant on December 16, 2022. A copy of the Summons and Complaint are attached collectively hereto as Exhibit "A." The District Courts of the United States have original jurisdiction over this civil action as provided in 28 U.S.C. § 1332. Under that section, this Court has jurisdiction based upon complete diversity of citizenship between the parties and evidence that the amount in controversy exceeds the federal jurisdictional threshold.

### A. THE PARTIES ARE CITIZENS OF DIFFERENT STATES:

**1. Plaintiffs are citizens of the State of Georgia.**

Plaintiffs, Naim Hernandez and Maria D. Hernandez ("Plaintiffs"), are residents of Cobb County, Georgia, and thus presumed to be citizens of the State of Georgia. (See Compl. ¶ 2.) Although one's residency is not

synonymous with one's domicile or citizenship, there is a presumption that one's residence is their domicile, and a presumption also exists that a person's domicile continues to be that person's domicile until that party proves that his domicile has changed. Mitchell v. United States, 88 U.S. 350, 353 (1874) ("The place where a person lives is taken to be his domicile until facts adduced establish the contrary."); McDougald v. Jenson, 786 F.2d 1465, 1483 (11th Cir. 1986); Slaughter v. Toye Bros. Yellow Cab Co., 359 F.2d 954, 956 (5th Cir. 1966).[1] Here, Plaintiffs' residence is Cobb County, Georgia, and the presumptions apply such that Plaintiffs are deemed citizens of the State of Georgia.

## 2. Defendant, Essendant Co. is a citizen of the State of Illinois.

Defendant, Essendant Co., is a citizen of the State of Illinois, because it is a foreign corporation, incorporated under the laws of the State of Illinois with its principal place of business located at One Parkway North Blvd., Deerfield, Illinois, 60015-2559. (See Defendant's

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir,. 1981) (en banc), the Eleventh Circuit Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

Annual Report Filing with the Georgia Secretary of State, attached hereto as Exhibit "B"); see 28 U.S.C. § 1332(c).

### 3. Defendant, The Travelers Indemnity Company is a citizen of the State of Connecticut.

Plaintiff has named The Travelers Indemnity Company ("Travelers") as a defendant under the Georgia direct action statute O.C.G.A. 40-1-112 (See Compl. ¶ ¶ 5, 6, 7.) Plaintiff's have not served process upon Travelers in this action and therefore this Defendant is not considered properly joined in this action. See 28 U.S.C. § 1446(b)(2)(A). Nevertheless, Travelers satisfies diversity requirements in this case because Travelers is a foreign corporation incorporated under the laws of the State of Connecticut with its principal place of business located at One Tower Square, Hartford, Connecticut, 06183-0001. Accordingly, Travelers is a citizen of the State of Connecticut. See 28 U.S.C. § 1332(c). Furthermore, Travelers consents to the removal of this action.

### 4. Defendants, John Does 1-5.

Plaintiff has named John Does 1-5 as Defendants in this case. Fictitious or John Doe defendants are disregarded in determining the existence of diversity for the purpose of removal. 28 U.S.C. § 1441(b)(1)

("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded."). Plaintiffs make no reference to any John Doe defendants within the Complaint, but merely list John Does 1-5 in the style of the case. Any later identified John Doe defendants would be fraudulently joined in this litigation, as there is no possibility of a viable state law claim against any party other than Essendant. Plaintiff's properly assert that Defendant Essendant Co. is liable for negligent actions or omissions of its employees pursuant to the doctrine of respondeat superior and the rules of agency. (See Compl. ¶ 17.)

## B. THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED.

The amount in controversy in this matter exceeds the amount of $75,000, exclusive of interest and costs. See 28 U.S.C. § 1332(a). The amount in controversy is properly asserted where the permitted recovery may exceed any amount demanded. See 28 U.S.C. § 1446 (a)(ii). In this case the Plaintiffs seek "all compensatory, special, economic, consequential, general and all other damages permissible under Georgia

law." (Compl. ¶ 36.)  Additionally, the Plaintiffs seek the following damages:

1. Personal injury (Compl. ¶ 36(a))

2. Pain and suffering (Compl. ¶ 36(b))

3. Mental anguish (Compl. ¶ 36(c))

4. Loss of capacity and enjoyment of life (Compl. ¶ 36(d))

5. Wrongful death (Compl. ¶ 36(e))

6. Incidental expense (Compl. ¶ 36(f))

7. Loss of earnings (Compl. ¶ 36(g))

8. Medical expense (Compl. ¶ 36(h))

9. Consequential (Compl. ¶ 36(i))

Thus, although plaintiffs seek an unspecified amount of damages, it is facially apparent from their complaint that the amount-in-controversy between plaintiffs and the defendants exceeds a sum or value of $75,000. *See, e.g.,* Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001) (holding that, with regard to removal actions, "[w]hen the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in

controversy exceeds the jurisdictional requirement"). Here, it is apparent from the face of the complaint in which Plaintiffs seek recovery for the value of the life of Naim Hernandez that Plaintiffs' claimed damages, if proven, would exceed $75,000. See Purdiman v. Organon Pharm. USA, Inc., No. 2:08-CV-0006-RWS, 2008 WL 686996, at *2 (N.D. Ga. Mar. 12, 2008) ("In light of the Court's common sense and experience, the Court concludes that the amount of damages at issue in this action, including past medical bills, the cost of future medical treatment, pain and suffering, and lost wages, more likely than not exceeds $75,000"); Owners Ins. Co. v. Bryant, No. 3:05-cv-0048-CAR, 2006 WL 50488, at *2-3 (M.D. Ga. Jan. 9, 2006) (considering "the usual cost of such services" to find amount-in-controversy met); Knickerbocker v. Chrysler Corp., 728 F. Supp. 460, 463 (E.D. Mich. 1990) (holding, in a wrongful-death action, the amount-in-controversy clearly exceeds the jurisdictional requirement); De Aguilar v. Boeing Co., 11 F.3d 55, 57 (5th Cir. 1993) (finding it facially apparent in wrongful death case that amount-in-controversy exceeded jurisdictional minimum); See also Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880, 883 (5th Cir. 2000) (affirming denial of

motion to remand where Court concluded it was "facially apparent" that claims exceeded $75,000.00 in case alleging damages for, *inter alia*, "medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages, and earning capacity").

In light of the foregoing, all of the requirements for removal under 28 U.S.C. §§ 1332 and 1441 are met. Because the controversy in this civil action is wholly between citizens of different states, and because the amount-in-controversy exceeds $75,000 based on the allegations contained in the Complaint, exclusive of interest and costs, Essendant Co., may remove this action pursuant to 28 U.S.C. §§ 1332 and 1441.

### C. VENUE IS PROPER IN THE NORTHERN DISTRICT, ATLANTA DIVISION

Under the provisions of 28 U.S.C. § 1441, the right exists to remove this action from the State Court of Gwinnett County, Georgia to the United States District Court for the Northern District of Georgia, Atlanta Division, which embraces the place where this action is pending. See 28 U.S.C. § 1441(a). Venue is properly in the Atlanta Division of the Northern District of Georgia, pursuant to N.D.L.R. 3.1(b). This Notice of Removal is being timely filed within thirty (30) days after service of the

Complaint on Defendant, as required by 28 U.S.C. §1446(b)(1). See Exhibit "A".

### D. DEFENDANT PROVIDED THE STATE COURT WITH NOTICE OF REMOVAL

Defendant filed with the Clerk of the State Court of Gwinnett County, Georgia, a Notice to State Court of Defendant's Filing of Notice of Removal, pursuant to 28 U.S.C. § 1446(d). A copy of the Notice to is attached hereto as Exhibit "C." Pursuant to Federal Rule of Civil Procedure 81(c)(2)(C), Defendant shall file its Answer and/or present its defenses or objections to the Complaint in this Federal Court within seven days of the filing of this Notice of Removal.

WHEREFORE, for the above-stated reasons, Defendant prays that Civil Action No. 22-C-06415-S3 now pending in the State Court of Gwinnett County, Georgia be removed to this Federal Court.

[Signature on following page]

Respectfully submitted this 17th day of January 2023

    MOORE INGRAM JOHNSON & STEELE, LLP

    _____
    Ryan M. Ingram
    Georgia Bar No. 394318
    Phenisha F. Bresnock
    Georgia Bar No. 980200
    326 Roswell Street, Suite 100
    Marietta, Georgia 30060
    770-429-1499
    Email: rmingram@mijs.com
    Email: pfbresnock@mijs.com
    Attorneys for Defendants Essendant Co. and
    Travelers Indemnity Company

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| NAIM HERNANDEZ and MARIA D. HERNANDEZ,<br><br>Plaintiffs,<br><br>v.<br><br>ESSENDANT CO., THE TRAVELERS INDEMNITY COMPANY, and JOHN DOES 1-5,<br><br>Defendants. | CIVIL ACTION FILE NO.<br><br>**NOTICE OF REMOVAL** |

## CERTIFICATE OF SERVICE

This is to certify that on January 17, 2023, I served by U.S. Mail and electronically filed a **NOTICE OF REMOVAL TO FEDERAL COURT** with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to all attorneys of record, as follows:

J. Antonio DelCampo
Randall D. Grayson
Dax E. Lopez
DELCAMPO GRAYSON LOPEZ LLC
5455 Chamblee Dunwoody Rd.
Atlanta, Georgia 30338
tony@dglattorneys.com
rgrayson@dglattorneys.com
dax@dglattorneys.com

_____
Ryan M. Ingram

Emerson Overlook
326 Roswell Street
Marietta, Georgia  30060
770/429-1499
rmingram@mijs.com
pfbresnoc,@mijs.com