E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**22-C-06415-S3**
11/10/2022 3:33 PM
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

22-C-06415-S3

| | |
|---|---|
| NAIM HERNANDEZ and MARIA D. HERNANDEZ,<br><br>Plaintiffs,<br><br>v.<br><br>ESSENDANT CO., THE TRAVELERS INDEMNITY COMPANY, and JOHN DOES 1-5,<br><br>Defendants. | **JURY TRIAL DEMANDED**<br><br>CIVIL ACTION FILE NO.<br><br>_____ |

### COMPLAINT FOR DAMAGES

COME NOW Plaintiffs, Naim Hernandez and Maria D. Hernandez, and file this Complaint for Damages against Defendants Essendant Co., The Travelers Indemnity Company, and John Does 1-5, showing this Honorable Court as follows:

### PARTIES, JURISDICTION AND VENUE

1.

Plaintiffs Naim Hernandez and Maria D. Hernandez bring this claim for wrongful death and damages as a result of the untimely death of their son, Naim Issael Hernandez ("Mr. Hernandez"), on June 6, 2022, caused by a motor vehicle collision that occurred on Georgia Highway 6 (Thornton Road) near the intersection of Center Street in Douglas County, Georgia. Pursuant to Georgia law, Plaintiffs Naim Hernandez and Maria D. Hernandez are the proper parties to bring this action for damages.

2.

Plaintiffs, Naim Hernandez and Maria D. Hernandez, are residents of Cobb County, Georgia and submit themselves to the jurisdiction of this Court.

3.

Defendant Essendant Co. ("Defendant Essendant") is a domestic profit corporation authorized to transact business in the State of Georgia and is subject to the jurisdiction and venue of this Court. Service can be made on Essendant by serving its Registered Agent, Corporation Service Company, located at 2 Sun Court, Suite 400, Peachtree Corners, Gwinnett County, Georgia 30092.

4.

At all times material hereto, Defendant Essendant was an interstate motor carrier authorized to operate in the State of Georgia for profit.

5.

Defendant The Travelers Indemnity Company (hereinafter "Defendant Travelers") is a foreign insurance company that provided liability insurance to Defendant Essendant on the tractor unit that was involved in the subject collision. Defendant Travelers is subject to the jurisdiction of the Court as the insurer of the motor carrier that was operating the tractor-trailer in Georgia pursuant to O.C.G.A. § 40-1-112.

6.

Defendant Travelers was transacting business in the State of Georgia and in Gwinnett County, Georgia on the date of the subject incident and is subject to the venue of this Court pursuant to O.C.G.A. § 33-4-1.

7.

Defendant Travelers may be served pursuant to O.C.G.A. §§ 14-2-1510 and 33-4-3 with a Complaint and Summons on its registered agent: Corporation Service Company, located at 2 Sun Court, Suite 400, Peachtree Corners, Gwinnett County, Georgia 30092.  Once served with process, it is subject to the jurisdiction and venue of this Court.

## FACTS

8.

On June 6, 2022, at approximately 6:35 a.m., Naim Issael Hernandez was traveling on his 2008 Kawasaki ZX motorcycle north-bound on Georgia Highway 6 (Thornton Road) in Douglas County, Georgia.

9.

Mr. Hernandez was driving northbound on Georgia Highway 6 in the left travel lane.

10.

On the same date and time, Christopher Montez Johnson ("Mr. Johnson") was operating a 2013 Volvo tractor trailer, on behalf of Defendant Essendant as its employee and/or agent, in the right lane of travel.

11.

As Mr. Hernandez was travelling north on Georgia Highway 6 in the left travel lane, Mr. Johnson made an unsafe U-Turn from the right travel lane.

12.

As Mr. Johnson executed his unsafe U-Turn, he caused his 2013 Volvo tractor trailer to

enter Mr. Hernandez's lane suddenly and without warning causing Mr. Hernandez's 2008 Kawasaki ZX motorcycle to strike the side of Mr. Johnson's trailer.

13.

Mr. Johnson was executing an improper U-Turn from the right travel lane across all lanes of traffic Georgia Highway 6 at Center Street causing Mr. Hernandez to strike the 2013 Volvo tractor trailer driven by Mr. Johnson.

14.

As a result of the collision, Mr. Hernandez sustained serious injuries that ultimately resulted in his death.

### COUNT I - NEGLIGENCE OF DEFENDANT ESSENDANT

15.

Plaintiffs incorporate all previous paragraphs of this Complaint as if each were fully set forth herein in their entirety.

16.

At all times material hereto, Mr. Johnson was an employee or agent of Defendant Essendant, acting within the scope and course of his employment or agency.

17.

Defendant Essendant is liable for the negligent actions and omissions of Mr. Johnson pursuant to the doctrine of *respondeat superior* and the rules of agency.

18.

As an employer, Defendant Essendant was also <u>independently</u> negligent in hiring, training, entrusting, supervising, and retaining Mr. Johnson in connection with his operation of a

commercial motor vehicle and for otherwise failing to act as a reasonable and prudent trucking company would under the same or similar circumstances.

19.

Mr. Johnson was at all relevant times a motor carrier as defined by the Federal Motor Carrier Safety Regulations and was engaged in interstate commerce. As such, Defendant Essendant was at all relevant times subject to the Federal Motor Carrier Safety Regulations.

20.

As a motor carrier, Defendant Essendant has certain duties and responsibilities as defined by the Federal Motor Carrier Safety Regulations and industry standards, including, but not limited to, the duty to properly qualify Mr. Johnson, the duty to properly train Mr. Johnson, the duty to supervise the hours of service of Mr. Johnson, the duty to properly inspect and maintain its vehicles, and the duty to otherwise establish and implement necessary management controls and systems for the safe operation of its commercial motor vehicles.

21.

Upon information and belief, Mr. Johnson also was <u>independently</u> negligent in the operation of the subject tractor trailer and in failing to meet his duties and responsibilities under the Federal Motor Carrier Safety Regulations and industry standards.

22.

As a direct and proximate result of the negligence of Defendant Essendant, Mr. Hernandez sustained serious injuries that resulted in his death.

23.

As a direct and proximate result of the negligence of Defendant Essendant, Plaintiffs

Naim Hernandez and Maria D. Hernandez have incurred and are entitled to recover special damages, including, but not limited to, future lost income, and other miscellaneous expenses, in an amount that will be proven at trial.

### COUNT II - DIRECT ACTION AGAINST DEFENDANT TRAVELERS

24.

Plaintiffs incorporate herein by reference all preceding paragraphs of this Complaint as if each were fully set forth in their entirety.

25.

Defendant Travelers provided liability insurance on the tractor trailer unit that was involved in the subject motor vehicle collision.

26.

Defendant Travelers agreed to provide insurance coverage to Defendant Essendant in consideration for the payment of insurance premiums.

27.

Defendant Essendant was transacting business in the State of Georgia and in Gwinnett County, Georgia on the date of the subject incident, and at all material times hereto, and is subject to the venue of the Court pursuant to O.C.G.A. § 33-4-1.

28.

Mr. Hernandez, as a member of the public, was injured due to a common carrier's negligence, and is a third-party beneficiary to the insurance agreement between Travelers and Essendant. Pursuant to O.C.G.A. § 40-1-112, Defendant Travelers is subject to this Direct Action.

## COUNT III - WRONGFUL DEATH

29.

Plaintiffs incorporate herein by reference all preceding paragraphs of this Complaint as if each were fully set forth in their entirety.

30.

Naim Hernandez and Maria D. Hernandez are the surviving Parents of Mr. Hernandez and are the proper parties to bring a claim for the wrongful death of Mr. Hernandez.

31.

Defendants are jointly and severally liable to Naim Hernandez and Maria D. Hernandez, the surviving Parents of Mr. Hernandez, for the wrongful death of Mr. Hernandez and for damages representing the full value of the life of Mr. Hernandez.

## COUNT IV - ATTORNEYS' FEES AND COSTS

32.

Plaintiffs incorporate herein by reference all preceding paragraphs of this Complaint as if each were fully set forth in their entirety.

33.

Defendants' actions evidence a species of bad faith, were and are stubbornly litigious, and have caused Plaintiffs undue expense.  Thus, Plaintiffs are entitled to recovery their necessary expenses of litigation, including an award of reasonable attorneys' fees and expenses required by this action, pursuant to O.C.G.A.§ 13-6-11, as well as any other applicable statutory or common law basis.

34.

Each of the forgoing acts and omissions constitute an independent act of negligence on the part of Defendants and one or more of the above stated acts were the proximate causes of the injuries to Mr. Hernandez. But for said tortious acts, Mr. Hernandez would not have suffered injuries.

35.

Plaintiffs sustained injuries and damages, which were directly and proximately caused by the negligence of Defendants. But for the negligence of the Defendants, Mr. Hernandez would not have suffered serious injury, physical pain, mental and psychological suffering.

36.

Plaintiffs state their intention to seek all compensatory, special, economic, consequential, general, and all other damages permissible under Georgia Law under each of the enumerated claims for relief herein, including, but not limited to:

(a) Personal injuries;

(b) Pain and suffering;

(c) Mental anguish;

(d) Loss of capacity and enjoyment of life;

(e) Wrongful death;

(f) Incidental expenses;

(g) Loss of earnings;

(h) Medical expenses; and

(i) Consequential Damages to be proven at trial.

**WHEREFORE**, Plaintiffs pray that the following relief be granted:

(a) A trial by jury;

(b) For Summons and Complaint to issue against the Defendants;

(c) For judgment against the Defendants, jointly and severally, to compensate Plaintiffs for the full value of the life of Naim Issael Hernandez;

(d) For judgment against Defendants, jointly and severally, in an amount to fully compensate Plaintiffs for all special and general damages suffered, past and future;

(e) For all such other economic and non-economic losses as may be shown at the hearing in this matter to the full extent allowed under law;

(f) That Plaintiffs obtain judgment against the Defendants in an amount determined to be fair and reasonable in the minds of a fair and impartial jury;

(g) Plaintiffs be awarded their attorneys' fees and costs of litigation;

(h) Court costs, discretionary costs, and prejudgment interest; and

(i) For all such further and general relief this Court deems just and proper.

Respectfully submitted: November 10, 2022

                                                 **DELCAMPO GRAYSON LÓPEZ LLC**

                                                 */s/ J. Antonio DelCampo*
                                                 J. ANTONIO DELCAMPO
                                                 Georgia Bar No. 216815
                                                 RANDALL D. GRAYSON
                                                 Georgia Bar No. 306560
                                                 DAX E. LÓPEZ
                                                 Georgia Bar No. 457888

5455 Chamblee Dunwoody Road
Atlanta, Georgia 30338
(770) 481-0444
(770) 395-0806 FAX
tony@dglattorneys.com
rgrayson@dglattorneys.com
dax@dglattorneys.com

*Attorneys for Plaintiffs*

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**22-C-06415-S3**

11/10/2022 3:33 PM
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

**Naim Hernandez and**

**Maria D. Hernandez**

CIVIL ACTION NUMBER: 22-C-06415-S3

PLAINTIFF

VS.

**Essendant Co., The Travelers Indemnity Company, and John Does 1-5**

DEFENDANT

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

J. Antonio DelCampo, Randall D Grayson, Dax E. Lopez
DelCampo Grayson Lopez, LLC
5455 Chamblee Dunwoody Road, Atlanta, GA  30338
PH: 770-481-0444

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____, 20____.

10th day of November, 2022

Tiana P. Garner
Clerk of State Court

By _____
Deputy Clerk

**INSTRUCTIONS**: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011