**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| SOUTH BATTERY CAPITAL, LLC, <br><br> Plaintiff, <br><br> v. <br><br> HENRY COUNTY, GEORGIA, a political subdivision of the State of Georgia; CARLOTTA HARRELL; JOHNNY WILSON; DEE CLEMMONS; DEE ANGLYN III; VIVIAN THOMAS; KEVIN J. LEWIS; and BRUCE B. HOLMES, in their official and individual capacities as members of the Henry County Board of Commissioners; TOUSSAINT KIRK, in his individual and official capacity as Henry County Planning and Economic Development Director, <br><br> Defendants. | Case No. _____ |

## **COMPLAINT FOR RELIEF**

Plaintiff South Battery Capital, LLC ("South Battery" or "Plaintiff") files this Complaint against Henry County (the "County") and Carlotta Harrell, Johnny Wilson, Dee Clemmons, Dee Anglyn III, Vivian Thomas, Bruce B. Holmes, and Toussaint Kirk, in their official and individual capacities (collectively,

the "Individual Defendants") (collectively, with the County, "Defendants").  In support of this complaint, Plaintiff shows the Court as follows:

## I.  PARTIES, JURISDICTION, AND VENUE

1.

South Battery Capital, LLC is a domestic limited liability company with its principal office address located at 1400 Buford Highway, Suite F-1, Sugar Hill, Georgia 30518.

2.

Henry County, Georgia is a political subdivision of the State of Georgia. The County may be served with process by service upon the Presiding Officer of the County's Board of Commissioners, Carlotta Harrell, at 140 Henry Parkway, McDonough, GA 30253. The County is subject to the jurisdiction of this Court.

3.

Carlotta Harrell ("Harrell") is the chair of the Henry County Board of Commissioners.  Harrell may be served with process at her place of residence. Harrell is subject to the jurisdiction of this Court.

4.

 Johnny Wilson ("Wilson") is a member of the Henry County Board of Commissioners, representing District 1.  Wilson may be served with process at his place of residence.  Wilson is subject to the jurisdiction of this Court.

5.

Dee Clemmons ("Clemmons") is a member of the Henry County Board of Commissioners, representing District 2.  Clemmons may be served with process at her place of residence.  Clemmons is subject to the jurisdiction of this Court.

6.

Dee Anglyn III ("Anglyn") is a member of the Henry County Board of Commissioners, representing District 3.  Anglyn may be served with process at his place of residence.  Anglyn is subject to the jurisdiction of this Court.

7.

Vivian Thomas ("Thomas") is a member of the Henry County Board of Commissioners, representing District 4.  Thomas may be served with process at her place of residence.  Thomas is subject to the jurisdiction of this Court.

8.

Kevin J. Lewis ("Lewis") is a member of the Henry County Board of Commissioners, representing District 5.  Lewis may be served with process at his place of residence.  Lewis is subject to the jurisdiction of this Court.

9.

Bruce B. Holmes ("Holmes") is a former member of the Henry County Board of Commissioners, and represented District 5.  Holmes may be served with process at his place of residence.  Holmes is subject to the jurisdiction of this Court.

10.

Toussaint Kirk ("Kirk") is the Henry County Planning and Economic Development Director.  Kirk may be served with process at his place of residence. Kirk is subject to the jurisdiction of this Court.

11.

Venue is proper in this Court as to Defendants.  This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

12.

At all times relevant to this Complaint and in taking the actions described herein, Defendants acted under the color of the law of the State of Georgia.

## II.  FACTUAL BACKGROUND

13.

South Battery owns a piece of real property located at 2787 East Allen Road, Ellenwood, Georgia 30011 (the "Property").

14.

The Property is presently zoned as C-3: Highway Commercial District.

15.

Self-storage facilities is permitted for properties zoned C-3.

16.

South Battery had listed the Property for sale and was actively marketing the Property for nine years.   Despite its efforts to sell, South Battery had not received a single offer at or above South Battery's asking price to sell the Property for any use.

17.

South Battery took efforts to market the Property and since 2013 has expended funds in reliance on its zoning allowing self-storage, including property taxes.  In addition, South Battery has spent tens of thousands of dollars in reliance on the permissibility of self-storage, including for surveys, environmental site assessments, and legal fees.

18.

Due to the location of the Property, it is also part of the Highway Corridor Overlay District (the "Overlay District").

19.

The County created the Overlay District in 2017, through Ordinance No. 17-04.  Ordinance No. 17-04 prohibited the use of any property within the Overlay District as a self-storage facility.

20.

In 2018, however, the County, through Ordinance No. 18-06, amended the Henry County Code of Ordinances (the "Code") to provide that "prohibited uses"

within the Overlay District would include "Self-storage (except indoor storage designed to mirror class 'A' commercial office space), mini-warehouses, or warehousing and storage distribution not currently zoned for these uses (M-1 or M-2), as of adoption of this ordinance section."

21.

Accordingly, indoor storage designed to mirror class "A" commercial office space would be permissible, as would any self-storage for properties then-zoned for self-storage, including C-3 properties, such as the Property.

22.

On June 7, 2022, the County again amended the Code, including the Overlay District, through Ordinance No. 22-04. The amendment provided that "[s]elf-storage facilities, also called mini-storage or self-storage, are permissible in the C-3, M-1, and M-2 zoning districts, subject to the standards of the zoning district and the supplemental standards set forth in this section. All new self-storage facilities shall be indoor storage designed to mirror Class 'A' commercial office space, and shall have architectural design elements consistent with the Highway Corridor Overlay District." Therefore, Ordinance No. 22-04 expressly acknowledged that self-storage use was permitted in the C-3 zoning category, where the Property is located.

23.

Ordinance No. 22-04 further provided that prohibited uses within the Overlay District would include "Self-storage, mini-warehouses, or warehousing and storage distribution **not currently zoned for these uses** (M-1 or M-2), as of adoption of this ordinance section" (emphasis added).

24.

Because the Property was zoned C-3 at the time of the passing of both Ordinance Nos. 18-06 and 22-04, and therefore currently zoned for self-storage, indoor self-storage remained permissible at the Property.

25.

On July 12, 2022, South Battery entered into a purchase and sale agreement (the "PSA") with Metro Property Service, LLC (the "Buyer") to sell the property for use as a self-storage facility for a purchase price of $1,183,500.

26.

South Battery's buyer intended to develop the Property for self-storage.  The buyer intended to develop the Property as an indoor self-storage designed to mirror class "A" commercial space.  True and correct copies of photographs of examples of prior projects by the buyer are below:











27.

The development proposed by the buyer, or any indoor self-storage designed to mirror class "A" commercial space, would be an improvement on the vacant use of the Property, as well as improving the value of the properties in the surrounding area and the character of the surrounding area. Below are true and correct copies of photographs of surrounding properties, which include a bulk oil distributorship and an automotive garage:



28.

After the execution of the PSA, a representative of the Buyer contacted Henry

County planner Kamu As-Salaam ("As-Salaam").  As-Salaam told the Buyer that

the Property could not be used as a self-storage facility.

29.

South Battery contacted As-Salaam regarding this representation, and As-

Salaam responded that:

> On June 7th 2022 at 6:30 pm, the county held its regularly scheduled BOC meeting, where a public hearing for [Ordinance No. 22-04], was heard and voted on by the Board of Commissioners. During that meeting the Board of Commissioners voted to include Self Storage Facilities within the prohibited uses section of the Highway Corridor Overlay District during this hearing. . . .

30.

However, as stated above, Ordinance No. 22-04 did not serve to prohibit indoor self-storage at C-3-zoned properties, even in the Overlay District.

31.

On August 11, 2022, South Battery, through counsel, sent a letter to Kirk regarding the County's apparent interpretation of Ordinance No. 22-04.  That letter provided the County additional notice that the Property was under contract. (Exhibit 1, August 11, 2022 Letter.)

32.

On August 17, 2022, Al-Salaam sent South Battery's counsel an email stating that:

> Henry County Planning and Zoning has received your August 11, 2022 letter concerning property at 2787 East Atlanta Road. We are currently reviewing your letter and the history of the property. Please allow us time to discuss your correspondence.

(Exhibit 2, August 17, 2022 Email.)

33.

On August 25, 2022 and September 6, 2022, South Battery's counsel requested an update on the County's review, but received no response.

34.

On September 9, 2022, South Battery's counsel received a letter from the County's attorney, Nancy L. Rowan ("Rowan"), stating that the "purpose" of Ordinance No. 22-04 was to prohibit self-storage facilities within the Overlay District.  (Exhibit 3, September 9, 2022 Email Attaching Letter.)

35.

The letter further stated that on September 7, 2022, the County passed a new ordinance to "clarify the language" of Ordinance No. 22-04.

36.

That clandestine ordinance, Ordinance No. 22-08, stated that prohibited uses within the Overlay District would include, without limitation, "[s]elf-service storage facilities and mini warehouses."

37.

Upon information and belief, the County did not provide notice of the proposed change to the County's zoning ordinance through Ordinance No. 22-08 via publication.

38.

The County also did not provide a public hearing on Ordinance No. 22-08, and the agenda and minutes for the September 7, 2022 hearing state that the hearing on Ordinance No. 22-08 was "not a public hearing".

39.

The County's passage of Ordinance No. 22-08 clearly acknowledges that South Battery's interpretation of Ordinance No. 22-04 is correct.  The County's passage of Ordinance No. 22-08 also demonstrates that the County's purpose in passing the amendment was to disrupt and destroy South Battery's contract with Buyer.

40.

On September 23, 2022, South Battery sent an application of appeal challenging the County's passing of Ordinance No. 22-08 for failure to provide notice or public hearing, the application of Ordinance No. 22-08 to South Battery, and the County's determination regarding the permissibility of a self-storage facility on the Property.

41.

On October 26, 2022, Rowan sent a letter to South Battery's counsel stating that the County would not permit South Battery a hearing on its appeal because South Battery supposedly lacked standing.  Rowan's correspondence demonstrated

that the County has pre-determined the merits of South Battery's legal rights and its

claims on appeal, stating that:

> South Battery cannot file an appeal pursuant to Sec. 12.04.00 (a) of the ULDC.  South Battery does not have a vested right in a prior version of the ULDC.  As of today's date, South Battery has not applied for development, rezoning or requested a permit regarding self-storage in the Highway Corridor Overlay District which would establish a vested right in a prior version of the ULDC.  Further, South Battery does has failed to allege any special damages, that has a legal basis, which is not common to property owners similarly situated.  Because South Battery Capital does not have a vested property interest in a prior version of the ULDC and no legal standing, an appeal cannot be filed regarding this matter pursuant to Sec. 12.04.00 (a) of ULDC.

> Further the accusation that County enacted an unlawful change of the ULDC to specifically harm South Battery is absurd and denied.

(Exhibit 4, October 26, 2022 Letter).

42.

On November 7, 2022, however, Rowan sent a second letter stating that South

Battery was in fact, entitled to a hearing on its appeal on November 29, 2022.

(Exhibit 5, November 7, 2022 Letter).

43.

Then, the day before the hearing, Kirk reached out to counsel for South

Battery relaying a request from the County to table the hearing until the County's

next Board of Commissioner's meeting in hopes the parties could reach a

compromise.  In the spirit of good faith, South Battery agreed.

44.

Despite her prior agreement that South Battery was entitled to a hearing, on December 27, 2022, Rowan sent a third letter apparently returning to her October 26 position and stating without elaboration that:

> After further review of South Battery Capital LLC's ("South Battery") Appeal application, it was determined that South Battery is not entitled to an appeal hearing pursuant to Sec. 12.04.00 (a) of the Uniform Land Development Code before the Board of Commissioners. The item has been removed from the January 4, 2023 Agenda.

(Exhibit 6, December 27, 2022 Letter).

45.

Given the County's refusal to provide South Battery an opportunity to be heard, South Battery has exhausted its administrative remedies.

46.

South Battery could not deliver the Property as zoned for the intended use of self-storage due to the County's position that the Property cannot be used for self-storage and the County's actions to prevent the Property's use for self-storage. As a result, the Agreement did not close and the deal failed.

47.

South Battery has not received offers from any commercial buyers for any use other than self-storage. South Battery has suffered and will suffer an extreme

economic harm and detriment to the value of its Property if the Property cannot be used for self-storage.

48.

South Battery never received individual notice prior to enactment of any ordinance prohibiting or purportedly prohibiting self-storage at the Property.

### III.   CAUSES OF ACTION

### Count I - Declaratory Judgment
### (the County)

49.

Paragraphs 1 through 48 are hereby incorporated by reference as if rewritten in their entirety.

50.

An actual controversy exists between South Battery the County.

51.

South Battery is uncertain as to its future rights regarding the Property.

52.

The Court should declare that Ordinance No. 22-08 is void, because the County passed it without notice or public hearing, in violation of both O.C.G.A. § 33-66-4(a) and Chapter 12 of the Code.  The Court should declare that Ordinance No. 22-08 cannot be applied against South Battery.

53.

The Court should further declare that indoor self-storage facilities are permitted at properties zoned C-3 in the Overlay District under the properly-passed Ordinance No. 22-04.

54.

The Court should declare that the passage of the Ordinance and the Defendants' conduct alleged herein violates South Battery's substantive due process rights, procedural due process rights, is an unlawful ex post facto law, and is an unlawful taking.

55.

Additionally, South Battery has acquired vested rights, as it has made substantial expenditures towards use of the Property for self-storage, including surveys, an environmental site assessment, and attorneys' fees.

56.

South Battery is entitled to an Order from the Court that declares the respective rights of the parties. Without such an order from the Court, South Battery will not know how to proceed.

57.

The Court should declare the respective rights of the parties, including declaring that (a) Ordinance No. 22-08 is void, (b) indoor self-storage facility is

permitted on the Property, and (c) that the County's enforcement of Ordinance No. 22-08 violates South Battery's vested rights.

## <u>Count II - Tortious Interference with Business and Contractual Relationships</u>
### (Individual Defendants)

58.

Paragraphs 1 through 48 are hereby incorporated by reference as if rewritten in their entirety.

59.

South Battery was a party to a fully enforceable contract for the sale of the Property.

60.

The Individual Defendants' conduct caused the non-performance of the contract.

61.

At all times relevant to this action, the Individual Defendants were fully aware of the PSA.

62.

The Individual Defendants engaged in conduct designed specifically to interfere with the performance of the PSA, as the Individual Defendants were aware Buyer intended to use the Property for self-storage.

63.

Specifically, the Individual Defendants enacted Ordinance No. 22-08 without providing notice to South Battery, while claiming to be considering South Battery's challenge to the County's interpretation of Ordinance No. 22-08.

64.

In so doing, the Individual Defendants acted illegally, purposefully, with malice and with the intent to injure South Battery, and without authority of law.

65.

As a result of the Individual Defendants' conduct, South Battery was not able to close on the sale of the Property.

66.

South Battery has been damaged in an amount to be proved at trial.

**COUNT III – Procedural Due Process Violation**
**Under U.S. Constitution – Relief Under 42 U.S.C. § 1983**
**(All Defendants)**

67.

Paragraphs 1 through 48 are hereby incorporated by reference as if rewritten in their entirety.

68.

In pursuing its rights against Defendants and with respect to the Property, Plaintiff exhausted all administrative and state law remedies, or any such further efforts would have been futile.

69.

Defendants acted under the color of state law in depriving South Battery of its constitutionally guaranteed rights.

70.

No state may deny any person of property without due process of law.  U. S. Const. Amend. XIV.

71.

South Battery has protected property rights in the Property and the PSA.

72.

Defendants denied South Battery meaningful notice and opportunity to be heard when they, among other things, passed Ordinance No. 22-08 without providing (a) public notice; or (b) a public hearing.

73.

Pursuant to O.C.G.A. § 33-66-4(a), Defendants were required to provide public notice of the hearing on Ordinance No. 22-08 fifteen to forty-five days before

the hearing.  Furthermore, the hearing must provide the public with the opportunity to be heard.  See Hoechstetter v. Pickens County, 303 Ga. 786, 787 (2018).

74.

Likewise, Chapter 12 of the Code requires that notice be provided and a public hearing held for an amendment to the Code, such as Ordinance No. 22-08.

75.

Furthermore, Defendants have refused to even allow South Battery an opportunity to appeal Defendants' actions.

76.

The Court should declare Ordinance No. 22-08 void.  South Battery has been damaged in an amount to be proved at trial.

## COUNT IV - Violation of the Federal Takings Clause
### (the County)

77.

Paragraphs 1 through 48 are hereby incorporated by reference as if rewritten in their entirety.

78.

The County may not take South Battery's property for public use without just compensation.  U.S. Const. Art. I., Sec. I, Par. I.

79.

South Battery has property rights in the Property.

80.

Defendants denied South Battery the economically viable use of its property when they refused to reconsider its incorrect determination regarding the permissibility of self-storage at the Property and, instead, covertly passed Ordnance No. 22-08.

81.

In so doing, Defendants interfered with South Battery's reasonable investment-backed expectations with regard to the Property.

82.

Such interference is a taking of South Battery's property without just compensation in violation of the United States Constitution.

83.

As a result of Defendants' conduct, South Battery entitled to damages in an amount to be proved at trial.

## Count V – Violation of the Georgia Takings Clause
### (the County)

84.

Paragraphs 1 through 48 are hereby incorporated by reference as if rewritten in their entirety.

85.

The County may not take South Battery's property for public use without just compensation.  Ga. Const. Art. I, Sect. III, Para. I.

86.

South Battery has property rights in the Property.

87.

Defendants denied South Battery the economically viable use of its property when it refused to reconsider its incorrect determination regarding the permissibility of self-storage at the Property and, instead, covertly passed Ordnance No. 22-08.

88.

In so doing, Defendants interfered with South Battery's reasonable investment-backed expectations with regard to the Property.

89.

Such interference is a taking of South Battery's property without just compensation in violation of the Georgia Constitution.

90.

As a result of Defendants' conduct, South Battery is entitled to damages in an amount to be proved at trial.

## Count VI – Inverse Condemnation
### (the County)

91.

Paragraphs 1 through 48 are hereby incorporated by reference as if rewritten in their entirety.

92.

The County may not take South Battery's property without just compensation.

93.

The County's interpretation of Ordinance No. 22-04 and passing of Ordinance No. 22-08 deprives South Battery of the economically viable use of the Property. The County's actions interfere with South Battery's legitimate investment-backed expectations.

94.

The County's actions amount to a taking of South Battery's property without just compensation.

95.

South Battery is entitled to just compensation for the taking of its property.

## COUNT VII – Substantive Due Process Violation Under U.S. Constitution – Relief Under 42 U.S.C. § 1983
### (All Defendants)

96.

Paragraphs 1 through 48 are hereby incorporated by reference as if rewritten in their entirety.

97.

Defendants acted under the color of state law in depriving South Battery of its constitutionally guaranteed rights.

98.

No state may deny any person of property without due process of law.  U. S. Const. Amend. XIV.

99.

Defendants' passage of Ordinance No. 22-08 was arbitrary, capricious, and without rational basis.

100.

The Court should declare Ordinance No. 22-08 void.  South Battery has been damaged in an amount to be proved at trial.

## Count VIII - Attorneys' Fees
### (All Defendants)

101.

Paragraphs 1 through 48 are hereby incorporated by reference as if rewritten in their entirety.

102.

Defendants have acted in bad faith, been stubbornly litigious, and/or have caused South Battery unnecessary time, trouble, and expense.

103.

South Battery has incurred attorneys' fees and expenses in connection with having to file and pursue its claims in this action and in pursuing its appeal.

104.

Pursuant to O.C.G.A. § 13-6-11, South Battery is entitled to recover its expenses of litigation, including attorneys' fees. South Battery is entitled to recover its expenses of litigation, including attorneys' fees, under 42 U.S.C. § 1988.

WHEREFORE, South Battery respectfully prays that the Court enter judgment as follows:

(a)    pursuant to Count I, declaring that (a) Ordinance No. 22-08 is void, and (b) and indoor self-storage facility is permitted on the Property;

(b)    pursuant to Count II, judgment in favor of Plaintiff against the

Individual Defendants in an amount to be proved at trial;

(c)      pursuant to Count III, judgment in favor of Plaintiff against Defendants in an amount to be proved at trial;

(d)      pursuant to Count IV, judgment in favor of Plaintiff against the County in an amount to be proved at trial;

(e)      pursuant to Count V, judgment in favor of Plaintiff against all Defendants in an amount to be proved at trial;

(f)      pursuant to Count VI, judgment in favor of the Plaintiff against all Defendants in an amount to be proved at trial;

(g)      pursuant to Count VII, judgment in favor of the Plaintiff against all Defendants in an amount to be proved at trial;

(h)      pursuant to Count VIII, judgment in favor of the Plaintiff against all Defendants in an amount to be proved at trial;

(i)      trial by jury on all counts so triable; and

(j)      such other and further relief as this Court deems just and proper.

Respectfully submitted this 17th day of January, 2023.

/s/  Simon H. Bloom
Simon H. Bloom
Georgia Bar No. 064298
(sbloom@bloom-law.com)
Andrea J. Pearson
Georgia Bar No. 409604
(apearson@bloom-law.com)
Benjamin Dell'Orto
Georgia Bar No. 604806
(bdellorto@bloom-law.com)

BLOOM PARHAM, LLP
977 Ponce de Leon Avenue, NE
Atlanta, GA  30306-4265
Tel:   (404) 577-7710
Fax:   (404) 577-7715

*Attorneys for Plaintiff*

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Local Rule 7.1(D), I hereby certify that I have prepared the foregoing COMPLAINT FOR RELIEF in compliance with Local Rule 5.1 in Times New Roman 14-point font.

This 17th day of January, 2023.

/s/  Simon H. Bloom
Simon H. Bloom
Georgia Bar No. 064298
(sbloom@bloom-law.com)