## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

ROSHAN JAWAUN JOHNSON and
ROSHAWN ALLEN JOHNSON,

                         Plaintiffs,

vs.

EQUIFAX INFORMATION
SERVICES LLC, EXPERIAN
INFORMATION SOLUTIONS, INC.,
and TRANS UNION, LLC,

                    Defendants.

CASE NO.:

**<u>JURY TRIAL
DEMANDED</u>**

## <u>COMPLAINT</u>

Roshan Jawaun Johnson and Roshawn Allen Johnson ("Plaintiffs") brings this Complaint against Equifax Information Services LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian"), and Trans Union, LLC ("Trans Union") (collectively "Defendants") for actual, statutory, and punitive damages, costs, and attorney's fees, for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq.*, arising out of the credit bureau defendants' mixing of Plaintiff's

credit files with another consumer's credit file, despite the fact that the other consumer has an entirely different name and Social Security number than Plaintiff.

## PRELIMINARY STATEMENT

1.      The computerization of our society has resulted in a revolutionary increase in the accumulation and processing of data concerning individual citizens. Data technology, whether it be used by businesses, banks, the Internal Revenue Service or other institutions, allows information concerning individuals to flow immediately to requesting parties. Such timely information is intended to lead to faster and better decision-making by its recipients, and all of society should benefit from the resulting convenience and efficiency.

2.      Unfortunately, however, this information has also become readily available for and subject to mishandling and misuse. Individuals can sustain substantial damage, both emotionally and economically, whenever inaccurate information or fraudulent information is disseminated about them.

3.      The ongoing technological advances in the area of data processing have resulted in a boon for the companies that accumulate and sell data concerning individuals' credit histories and other personal information. Such companies are commonly known as consumer reporting agencies ("CRAs").

4.     Theses CRAs sell to readily paying subscribers (i.e., retailers, landlords, lenders, automobile dealers, potential employers, and other similar interested parties) information commonly called "consumer reports," concerning individuals who may be applying for retail credit, to lease an apartment, to obtain a mortgage, auto loan, employment, or the like.

5.     "Credit is the lifeblood of the modern American economy, and for the American consumer access to credit has become inextricably tied to consumer credit scores as reported by credit reporting agencies." *Burke v. Experian Info. Sols., Inc.*, 2011 WL 1085874, at *1 (E.D. Va. Mar. 18, 2011).

6.     Congress made the following findings when it enacted the FCRA in 1970:

1) The banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system.

2) An elaborate mechanism has been developed for investigating and evaluating the credit worthiness, credit standing, credit capacity, character, and general reputation of consumers.

3) Consumer reporting agencies have assumed a vital role in assembling and evaluation consumer credit and other information on consumers.

4) There is a need to ensure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy.

15 U.S.C. § 1681(a)(1-4). Thus, one of the fundamental purposes of the FCRA is "to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information in accordance with the requirements of this subchapter." 15 U.S.C. § 1681(b). Accordingly, "[t]he FCRA evinces Congress' intent that consumer reporting agencies, having the opportunity to reap profits through the collection and dissemination of credit information, bear 'grave responsibilities'". *Cushman v. Trans Union*, 115 F.3d 220, 225 (3d Cir. 1997).

7.      Since 1970, when Congress enacted the Fair Credit Reporting Act, as amended, 15 U.S.C. § 1681 *et seq.* ("FCRA"), federal law has required CRAs to have in place and to utilize reasonable procedures "to assure the maximum possible accuracy" of the personal and financial information that they compile and sell about individual consumers.

8.      "Mixed files" create a false description and representation of a consumer's credit history.

9.      A "mixed file" occurs when personal and credit information belonging to Consumer B appears in one or more of Consumer A's credit files.

4

10.     The Federal Trade Commission defined a mixed credit file as a file that "refers to a Consumer Report in which some or all of the information pertains to Persons other than the Person who is the subject of that Consumer Report." *F.T.C. v. TRW, Inc.*, 784 F. Supp. 361, 362 (N.D. Tex. 1991).

11.     Mixed files are not a new phenomenon. Equifax, Experian, and Trans Union have been on notice of the existence of mixed files, and the fact that their procedures for creating credit files, including their matching algorithms, are prone to frequently cause mixed files, for over thirty (30) years. *See Thompson v. San Antonia Retail Merchants Ass'n*, 682 F.2d 509, 511 (5th Cir. 1982).

12.     More recently, Equifax, Experian, and Trans Union have been the subject of numerous state attorney general actions relating to its mixed file problem.

13.     For example, in 2015, the New York Attorney General filed charges and settled claims with Equifax, Experian, and Trans Union over mixed files.[1] *See In the Matter of Eric T. Schneiderman, Attorney General of the State of New York v. Experian Information Solutions, Inc.; Equifax Information Services, LLC; and Trans Union LLC.*

---

[1] https://ag.ny.gov/press-release/2015/ag-schneiderman-announces-groundbreaking-consumer-protection-settlement-three Last visited January 24, 2021; *see also* https://ag.ny.gov/pdfs/CRA%20Agreement%20Fully%20Executed%203.8.15.pdf Last visited January 24, 2021.

14.    Notwithstanding Equifax, Experian, and Trans Union's notice and being subject to repeated enforcement actions, mixed files continue to occur dispute consumers' unique personal identifying information, such as Social Security numbers, date of birth, and addresses.

15.    Further, mixed files result in the disclosure of a consumers' most personal identifying and financial information absent the consumer's knowledge or consent, or both.

16.    Equifax, Experian, and Trans Union have each been sued thousands of times wherein an allegation was made that Equifax, Experian, and Trans Union violated the FCRA. Moreover, Equifax, Experian, and Trans Union are sued, at a minimum, hundreds of times each year wherein an allegation is made that they mixed a consumers' credit file with that of another person.

17.    Private FCRA lawsuits have resulted in multi-million-dollar verdicts for consumers who fall victim to a mixed credit file.

18.    For example, in 2002, the jury in *Judy Thomas v. Trans Union LLC*, District of Oregon, Case No. 00-1150-JE, found Trans Union had willfully violated the FCRA by mixing Judy Thomas's personal and credit information with another consumer's and failing to unmix them dispute Ms. Thomas' numerous disputes. The jury awarded Ms. Thomas $300,000 in actual damages and $5 million in punitive

damages. Despite the verdict, Equifax, Experian, and Trans Union continue to mix consumers' credit files with other consumers' credit files.

19.     In 2007, the jury in *Angela Williams v. Equifax Information Services, LLC*, Circuit Court for Orange County Florida, Case No. 48-2003-CA-9035-0, awarded Angela Williams $219,000 in actual damages and $2.7 million in punitive damages for willfully violating the FCRA by mixing Angela Williams with another consumer and failing to unmix them despite Ms.  Williams' disputes. Despite the verdict, Equifax, Experian, and Trans Union continue to mix consumers' credit files with other consumers' credit files.

20.     In 2013, the jury in *Julie Miller v. Equifax Information Services, LLC*, District of Oregon, Case No. 3:11-cv-01231-BR, awarded Julie Miller $180,000 in actual  damages and $18.4 million in punitive damages for willfully violating the FCRA by mixing Julie Miller with another consumer and failing to unmix them despite Ms. Millers' numerous disputes. Despite the verdict, Equifax, Experian, and Trans Union continue to mix consumers' credit files with other consumers' credit files.

21.     Most recently, a jury assessed a $60 million verdict against Trans Union for mixing innocent American citizens with terrorists and drug dealers by matching consumers with the Office of Foreign Asset Control's "terrorist alert" list based on

7

first and last name alone. *See Ramirez v. Trans Union, LLC,* No. 12-CV-00632-JSC, 2017 WL 5153280, at *1 (N.D. Cal. Nov. 7, 2017), *aff'd in part, vacated in part, rev'd in part sub nom. Ramirez v. TransUnion LLC*, 951 F.3d 1008 (9th Cir. 2020). Despite the verdict, Equifax, Experian, and Trans Union continue to mix consumers' credit files with other consumers' credit files.

22.    "Evidence that a defendant has repeatedly engaged in prohibited conduct while knowing or suspecting that it was unlawful would provide relevant support for an argument that strong medicine is required to cure the defendant's disrespect for the law." *Dalton v. CAI*, 257 F.3d 409, 418 (4th Cir. 2001) (noting that whether "other consumers have lodged complaints similar to Dalton's against CAI" is relevant to willfulness under the FCRA). Moreover, repeated noncompliance with statutory duties can establish that the defendants acted willfully. *See Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 53 (2007) (punitive damages can be awarded based on "reckless disregard for a statutory duty").

23.    No less than three federal Courts of Appeal have held a consumer reporting agency violates 15 U.S.C. § 1681e(b) and may be found to have willfully violated the FCRA when it mixes a consumer's file with another consumer.

24.     Finally, the Federal Trade Commission has specifically warned consumer reporting agencies, including Equifax, Experian, and Trans Union, to review their procedures when a mixed file case occurs.

25.     Despite federal and state law, Congressional mandate, federal and state enforcement actions, and thousands of consumer lawsuits, mixed credit files remain a significant problem for innocent consumers, including Plaintiff.

## THE PARTIES

26.     Plaintiff Roshan Jawaun Johnson ("Plaintiff") is a natural person who resides in the State of Texas, and is a "consumer" as that term is defined in 15 U.S.C. § 1681a(c).

27.     Plaintiff Roshawn Allen Johnson ("Plaintiff") is a natural person who resides in the State of Texas, and is a "consumer" as that term is defined in 15 U.S.C. § 1681a(c).

28.     Defendant Equifax Information Services, LLC ("Equifax") is a limited liability company and resides in the State of Georgia, including in this District.

29.     Equifax is a "consumer reporting agency" as defined in 15 U.S.C. § 1681a(f). Equifax is regularly engaged in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d) to third parties.

30.     Defendant Experian Information Solutions, Inc. ("Experian") is a limited liability company that is authorized to do business in the State of Georgia, including in this District.

31.     Experian is a "consumer reporting agency" as defined in 15 U.S.C. § 1681a(f). Experian is regularly engaged in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d) to third parties.

32.     Defendant Trans Union, LLC ("Trans Union") is a limited liability company that is authorized to do business in the State of Georgia, including in this District.

33.     Trans Union is a "consumer reporting agency" as defined in 15 U.S.C. § 1681a(f). Experian is regularly engaged in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d) to third parties.

## <u>JURISDICTION AND VENUE</u>

34.     This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p, which allows claims under the FCRA to be brought in any appropriate court of competent jurisdiction.

35.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

36.    Plaintiffs mailed multiple written disputes regarding inaccurate information in their Equifax credit report to Equifax located in Fulton County; Atlanta, Georgia.

37.    Defendant Equifax received Plaintiff's multiple written disputes in Fulton County; Atlanta, Georgia.

38.    Upon receipt of Plaintiff's disputes, Defendant Equifax forwarded such disputes to furnishers via Automated Consumer Dispute Verification electronic forms. Upon completion of its investigations pursuant to 15 U.S.C. § 1681s-2(b), the furnishers responded to Defendant Equifax's electronic communications, which originated from Atlanta, Georgia, by sending its results electronically to Defendant Equifax in Fulton County; Atlanta, Georgia

39.    Defendant Equifax then processed the dispute results at its National Consumer Assistance Center in Atlanta, Georgia, and mailed Plaintiffs its final dispute results from Atlanta, Georgia.

## **FACTS**

### **Summary of the Fair Credit Reporting Act**

40.     The FCRA governs the conduct of consumer reporting agencies in an effort to preserve the integrity of the consumer banking system and to protect the rights of consumers to fairness and accuracy in the reporting of their credit information.

41.     The purpose of the FCRA is to require consumer reporting agencies to "adopt reasonable procedures for meeting the needs of commerce for consumer credit, personal, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information…." 15 U.S.C. § 1681(b).

42.     The FCRA further requires that when preparing consumer reports a consumer reporting agency must follow "reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

### The Credit Bureau's Processing of Credit Information

43.     Defendants Equifax, Experian, and Trans Union regularly receive information from various sources around the country including banks, credit unions, automobile dealers, student loan providers, public information vendors, and others.

44.     These sources are known as "furnishers" within the credit reporting industry and under the FCRA.

45.    Defendants collect information from thousands of furnishers.

46.    The process by which Defendants receive, sort, and store information is largely electronic.

47.    Furnishers report credit information to Defendants through the use of coded tapes that are transmitted on a monthly basis through software known as Metro 2.

48.    Defendants take the credit information reported by furnishers and create consumer credit files.

49.    Defendants maintain credit files on more than 200 million consumers.

50.    Credit files are updated electronically by the furnishers to reflect new information regarding the reported accounts (sometimes referred to within the industry as "tradelines").

**Equifax, Experian, and Trans Union's Mixed File Problem**

51.    Defendants know that different consumers can have similar names.

52.    Defendants know that different consumers can have similar Social Security numbers.

53.    Defendants know that different consumers with similar names can also have similar Social Security numbers.

54.    Defendants know that public records often do not contain identifying information such as Social Security numbers or dates of birth.

55.    Defendants match tradelines and public records to a consumer credit file by comparing the information about the consumer associated with the tradeline or public record to the information they maintain about the consumer in the consumer's credit file or files.

56.    Defendants accomplish this matching of credit information to consumer credit files through the use of certain matching algorithms or database rules.

57.    Sometimes Defendants' matching algorithms match information belonging to one consumer to the credit file of another consumer; resulting in what is commonly known in the industry as a mixed or merged credit file.

58.    Mixed files are not a new phenomenon. In fact, as long ago as the early 1990s, the Federal Trade Commission ("FTC") (the government agency charged with enforcement of the FCRA), entered into individual Consent Decrees with each of the three major CRAs, Equifax, Experian, and Trans Union, regarding their significant failures and deficiencies with respect to mixed files.

59.    Despite Defendants' long-standing and specific knowledge of the mixed file problem, Plaintiff's credit report was still generated by Defendants containing information belonging to another consumer.

60.    A mixed or merged credit file is the result of Defendants inaccurately mixing personal identifying information and credit information and/or an entire credit file belonging to one consumer into the credit file of another consumer.

61.    There are many different possible causes for the mixing of credit files but all of them relate in one way or another to the algorithms (the database rules) used by Defendants to match personal identifying information and credit information, including public record information, to a particular consumer's credit file.

62.    The success or failure of these algorithms and rules is both a function of the rules themselves and of the information provided by the furnishers of the tradeline information to Defendants.

63.    A mixed consumer report could be caused by an improper algorithm just as it could be caused by the inaccurate reporting of a consumer's personal "indicative" information (e.g., name, Social Security number, address, date of birth, etc.) by the furnishers to Defendants.

64.    These rules also determine which credit files are selected by the algorithm and merged to create a complete consumer report.

65.     Therefore, a mixed consumer report is sometimes the result of the mixing of two or more consumer credit files belonging to different consumers into one consumer report.

## FACTS AS TO PLAINTIFF ROSHAN JAWAUN JOHNSON

### Capital One Auto Finance Denies Plaintiff Roshan Johnson's Credit January 18, 2021

66.     On or about January 18, 2021, Plaintiff Roshan Johnson sought to obtain an auto loan and submitted a credit application.

67.     Upon submitting a credit application, Capital One Auto Finance denied Plaintiff's credit application.

68.     Capital One Auto Finance relied on the contents of Plaintiff's credit files at the time it denied Plaintiff's credit application. As of January 18, 2021, the date Capital One Auto Finance accessed Plaintiff's credit file, it was mixed with another consumer's personal and credit account information.

69.     The credit bureaus' inaccurate credit reporting adversely impacted Plaintiff's credit score and caused Capital One Auto Finance to deny Plaintiff's credit application.

**Defendants Equifax, Experian and Trans Union Fail to Provide Credit Disclosure in February 2021**

70.     On or about February 15, 2021, Plaintiff Roshan Johnson requested a credit disclosure from Defendants Equifax, Experian and Trans Union.

71.     Defendants failed to provide the requested credit disclosure in violation of 15 U.S.C. § 1681g.

**NCC INC/Auto Boutique TX - Denies Plaintiff Roshan Johnson's Credit March 20, 2021**

72.     On or about March 20, 2021, Plaintiff Roshan Johnson sought to obtain an auto loan and submitted a credit application.

73.     Upon submitting a credit application, NCC INC/Auto Boutique TX denied Plaintiff's credit application.

74.     NCC INC/Auto Boutique TX relied on the contents of Plaintiff's credit files at the time it denied Plaintiff's credit application. As of March 20, 2021, the date NCC INC/Auto Boutique TX accessed Plaintiff's credit file, it was mixed with another consumer's personal and credit account information.

75.     The credit bureaus' inaccurate credit reporting adversely impacted Plaintiff's credit score and caused NCC INC/Auto Boutique TX to deny Plaintiff's credit application.

### JSC Federal Credit Union/ML - Denies Plaintiff Roshan Johnson Credit March 29, 2021

76.     On or about March 29, 2021, Plaintiff Roshan Johnson sought to obtain an auto loan and submitted a credit application.

77.     Upon submitting a credit application, JSC Federal Credit Union/ML denied Plaintiff's credit application.

78.     JSC Federal Credit Union/ML relied on the contents of Plaintiff's credit files at the time it denied Plaintiff's credit application. As of March 29, 2021, the date JSC Federal Credit Union/ML accessed Plaintiff's credit file, it was mixed with another consumer's personal and credit account information.

79.     The credit bureaus' inaccurate credit reporting adversely impacted Plaintiff's credit score and caused JSC Federal Credit Union/ML to deny Plaintiff's credit application.

### Defendants Equifax, Experian and Trans Union Fail to Provide Plaintiff Roshan Johnson Credit Disclosure in April 2021

80.     On or about April 5, 2021, Plaintiff Roshan Johnson requested a credit disclosure from Defendants Equifax, Experian and Trans Union.

81.     Defendants failed to provide the requested credit disclosure in violation of 15 U.S.C. § 1681g.

**Defendants Equifax, Experian and Trans Union Fail to Provide Plaintiff Roshan Johnson Credit Disclosure in July 2021**

82.     On or about July 16, 2021, Plaintiff Roshan Johnson requested a credit disclosure from Defendants Equifax, Experian and Trans Union.

83.     Defendants failed to provide the requested credit disclosure in violation of 15 U.S.C. § 1681g.

**Defendant Trans Union Fails to Provide Plaintiff Roshan Johnson Credit Disclosure**

84.     On or about March 3, 2022, Plaintiff Roshan Johnson requested a credit disclosure from Defendant Trans Union.

85.     Defendant failed to provide the requested credit disclosure in violation of 15 U.S.C. § 1681g.

**Defendants Equifax, Experian and Trans Union Fail to Provide Plaintiff Roshan Johnson Credit Disclosure in March 2022**

86.     On or about March 29, 2022, Plaintiff Roshan Johnson requested a credit disclosure from Defendants Equifax, Experian and Trans Union.

87.     Defendants failed to provide the requested credit disclosure in violation of 15 U.S.C. § 1681g.

**Defendants Equifax, Experian and Trans Union Fail to Provide Plaintiff Roshan Johnson Credit Disclosure in June 2022**

88.     On or about Jun 13, 2022, Plaintiff Roshan Johnson requested a credit disclosure from Defendants Equifax, Experian and Trans Union.

89.     Defendants failed to provide the requested credit disclosure in violation of 15 U.S.C. § 1681g.

## FACTS AS TO PLAINTIFF ROSHAWN ALLEN JOHNSON

**Plaintiff Roshawn Johnson's Mixed Equifax Credit File as of February 11, 2021**

90.     Upon information and belief, as of February 11, 2021, Plaintiff Roshawn Johnson's Equifax credit report contained the following inquiry, which belong to another consumer:

JSC CREDIT UNION inquired on 01/16/2021

91.     Defendants mixed another consumer's personal and account information into Plaintiff's credit reports despite the fact that numerous discrepancies exist between their personal identification information. The discrepancies that should have caused Defendants to realize Plaintiff is not the same person as this other consumer include the following:

a) Plaintiff's legal name is Roshawn Allen Johnson and the personal and account information Defendants mixed into Plaintiff's credit reports belongs to another consumer, Roshan Jawaun Johnson; and

b) Plaintiff's Social Security number is different than his brother's Social Security number.

**Plaintiff Roshawn Johnson's Mixed Experian Credit File as of February 11, 2021**

92.    Upon information and belief, as of February 11, 2021, Plaintiff Roshawn Johnson's Experian credit report contained the following inquiries, which belong to another consumer:

Capital One Auto Finance inquired on 01/18/21

NCC Inc/Auto Boutique TX inquired on 01/18/21

93.    Plaintiff's Experian credit report also contained the name Roshan Johnson, which belongs to another consumer, his brother.

94.    Defendants mixed another consumer's personal and account information into Plaintiff's credit reports despite the fact that numerous discrepancies exist between their personal identification information. The discrepancies that should have caused Defendants to realize Plaintiff is not the same person as this other consumer include the following:

21

c) Plaintiff's legal name is Roshawn Allen Johnson and the personal and account information Defendants mixed into Plaintiff's credit reports belongs to another consumer, Roshan Jawaun Johnson; and

d) Plaintiff's Social Security number is different than his brother's Social Security number.

**Plaintiff Roshawn Johnson's Mixed Trans Union Credit File as of February 11, 2021**

95.    Upon information and belief, as of February 11, 2021, Plaintiff Roshawn Johnson's Trans Union credit report contained the following inquiries, which belong to another consumer:

Capital One Auto Finance inquired on 01/18/21

Banyan Bay Apartment Via National Tenant Network inquired on 07/08/2020

96.    Defendants mixed another consumer's personal and account information into Plaintiff's credit reports despite the fact that numerous discrepancies exist between their personal identification information. The discrepancies that should have caused Defendants to realize Plaintiff is not the same person as this other consumer include the following:

a) Plaintiff's legal name is Roshawn Allen Johnson and the personal and account information Defendants mixed into Plaintiff's credit reports belongs to another consumer, Roshan Jawaun Johnson; and

b) Plaintiff's Social Security number is different than his brother's Social Security number.

## Plaintiff Roshawn Johnson's April 5, 2021 Dispute with Equifax, Experian and Trans Union

97.   On or around April 5, 2021, Plaintiff Roshawn Johnson filed written disputes regarding the information that does not belong to them with Defendants because each were reporting another consumer's information.

98.   Plaintiff's April 5, 2021dispute specifically included their full name, date of birth, Social Security number, and current address, so that the credit bureaus would be able to properly identify them and locate their credit file.

99.   Plaintiff also attached a copy of their driver's license, copy of their Social Security card, and a written explanation to their April 5, 2021 dispute.

## The Credit Bureaus' Method for Considering Consumer Credit Report Disputes

100.   The credit industry has constructed a method of numeric-alpha codes for considering consumer credit report disputes. *See* 15 U.S.C. § 1681i(a)(5)(D).

101.   Consumer reporting agencies Equifax, Experian, Trans Union, and Innovis have thus created the Online Solution for Complete and Accurate Reporting, or e-OSCAR, as the credit industries' standard of performance. e-OSCAR allows data furnishers to create and respond to disputes initiated by consumers by routing credit reporting agency-created prompts for automated consumer dispute verifications to the appropriate data furnishers. e-OSCAR utilizes a numeric-alpha language specific to the credit reporting industry.

102.   That lexicon or unique language is commonly referred to in the credit reporting industry as "Metro II."  It is also known industry wide as the CDIA's "Credit Reporting Resource Guide."

103.   Metro II is driven by numeric codes that translate into specific alpha representations about consumers' creditworthiness and character that will ultimately appear on credit reports issued to third parties who make credit, insurance, rental, and employment decisions regarding consumers.

104.   Metro II codes are used on an industry wide form known within the credit industry as an Automated Consumer Dispute Verification ("ACDV") electronic form.

105.   The ACDVs have many fields in their body for use in effecting thorough and complete communications between data furnishers and the credit reporting agencies.

106.   These ACDV "fields" have various titles for the many substantive areas into which the Metro II codes can be entered.

107.   Upon receiving a dispute from a consumer, the credit bureaus have an automated system that prepares ACDVs that are sent to each of the data furnishers that are reporting the credit accounts disputed by a consumer.

108.   The data furnishers then have an obligation under the FCRA to conduct a reasonable reinvestigation with respect to the disputed credit account and review all relevant information provided by the consumer with the dispute to determine whether the disputed credit account information is accurate and/or belongs to the disputing consumer. *See* 15 U.S.C. § 1681s-2(b).

109.   Once the data furnisher completes its reinvestigation, it will code the ACDV accordingly, representing either that the disputed account was verified as accurate and belonging to the disputing consumer, updating information related to the account, or deleting the account entirely, and return the ACDV to the respective credit bureau(s) via eOSCAR.

**Bureaus' Response to Plaintiff's April 5, 2021 Dispute**

110.   Defendants Equifax, Experian and Trans Union did not respond to Plaintiff's April 5, 2021 dispute.

111.   Defendants did not indicate that Plaintiff's disputes were found to be frivolous or irrelevant.

112.   Defendants failed to conduct a reinvestigation of Plaintiff's dispute, in violation of 15 U.S.C. § 1681i.

113.   Defendants also failed to provide the requested credit disclosure in violation of 15 U.S.C. § 1681g.

114.   Thereafter, Defendants continued to report personal and credit account information belonging to consumer in Plaintiff's credit file.

**Plaintiff Roshawn Johnson's Mixed Experian Credit File as of May 2, 2021**

115.   Upon information and belief, as of May 2, 2021, Plaintiff's Experian credit report contained the following account, which belongs to another consumer:

AMOCO FCU #862774XXXX

116.   Plaintiff's Experian credit report also contained the following inquiries, which belong to another consumer:

Capital One Auto Finance inquired on 01/18/21

26

NCC Inc/Auto Boutique Tx inquired on 01/18/21

117.   Plaintiff's Experian credit report also contained the name Roshan Johnson, which belongs to another consumer, his brother.

118.   Defendants mixed another consumer's personal and account information into Plaintiff's credit reports despite the fact that numerous discrepancies exist between their personal identification information. The discrepancies that should have caused Defendants to realize Plaintiff is not the same person as this other consumer include the following:

   a)  Plaintiff's legal name is Roshawn Allen Johnson and the personal and account information Defendants mixed into Plaintiff's credit reports belongs to another consumer, Roshan Jawaun Johnson; and

   b)  Plaintiff's Social Security number is different than his brother's Social Security number.

**Plaintiff Roshawn Johnson's Mixed Equifax Credit File as of June 18, 2021**

119.   Upon information and belief, as of June 18, 2021, Plaintiff Roshawn Johnson's Equifax credit report contained the following inquiry, which belongs to another consumer:

JSC CREDIT UNION inquired on 01/16/2021

27

120.   Defendant mixed another consumer's personal and account information into Plaintiff's credit reports despite the fact that numerous discrepancies exist between their personal identification information. The discrepancies that should have caused Defendant to realize Plaintiff is not the same person as this other consumer include the following:

    a)  Plaintiff's legal name is Roshawn Allen Johnson and the personal and account information Defendants mixed into Plaintiff's credit reports belongs to another consumer, Roshan Jawaun Johnson; and

    b)  Plaintiff's Social Security number is different than his brother's Social Security number.

**Plaintiff Roshawn Johnson's July 16, 2021 Dispute with Equifax, Experian and Trans Union**

121.   On or around July 16, 2021, Plaintiff Roshawn Johnson filed written disputes regarding the information that does not belong to them with Defendants because each were reporting another consumer's information.

122.   Plaintiff's July 16, 2021 dispute specifically included their full name, date of birth, Social Security number, and current address, so that the credit bureaus would be able to properly identify them and locate their credit file.

123.   Plaintiff also attached a copy of their driver's license, copy of their Social Security card, and a written explanation to their July 16, 2021 dispute.

**Equifax's Response to Plaintiff Roshawn Johnson's July 16, 2021 Dispute**

124.   Upon receiving Plaintiff's written dispute, Equifax verified the disputed inquires.

125.   Sometime after the dispute, Equifax completed its reinvestigation of Plaintiff's dispute and returned the results of its 15 U.S.C. § 1681i dispute reinvestigation to Plaintiff. Equifax failed to properly reinvestigate and delete the disputed inquiries, which do not belong to Plaintiff, and continued to appear on Plaintiff's Equifax credit report.

**Trans Union's Response to Plaintiff Roshawn Johnson's July 16, 2021 Dispute**

126.   Sometime after the dispute, Trans Union completed its reinvestigation of Plaintiff's dispute and returned the results of its 15 U.S.C. § 1681i dispute reinvestigation to Plaintiff. Trans Union failed to properly reinvestigate and delete the disputed inquiries, which do not belong to Plaintiff, and continued to appear on Plaintiff's Trans Union credit report.

**Experian's Response to Plaintiff Roshawn Johnson's July 16, 2021 Dispute**

127.   Defendant Experian did not respond to Plaintiff's July 16, 2021 dispute.

128.   Defendant did not indicate that Plaintiff's dispute was found to be frivolous or irrelevant.

129.   Defendant failed to conduct a reinvestigation of Plaintiff's dispute, in violation of 15 U.S.C. § 1681i.

130.   Defendant also failed to provide the requested credit disclosure in violation of 15 U.S.C. § 1681g.

131.   Thereafter, Defendant continued to report personal and credit account information belonging to consumer in Plaintiff's credit file.

**Plaintiff Roshawn Johnson's Mixed Experian Credit File as of March 29, 2022**

132.   Upon information and belief, as of March 29, 2022, Plaintiff Roshawn Johnson's Experian credit report contained the following account, which belongs to another consumer:

AMOCO FCU #862774XXXX

133.   Plaintiff's Experian credit report also contained a social security number variation, which belongs to another consumer.

134.   Plaintiff's Experian credit report also contained the name Roshan Johnson, which belongs to another consumer, his brother.

135.   Defendants mixed another consumer's personal and account information into Plaintiff's credit reports despite the fact that numerous discrepancies exist between their personal identification information. The discrepancies that should have caused Defendants to realize Plaintiff is not the same person as this other consumer include the following:

a) Plaintiff's legal name is Roshawn Allen Johnson and the personal and account information Defendants mixed into Plaintiff's credit reports belongs to another consumer, Roshan Jawaun Johnson; and

b) Plaintiff's Social Security number is different than his brother's Social Security number.

**Plaintiff Roshawn Johnson's Mixed Tran Union Credit File as of March 29, 2022**

136.   Upon information and belief, as of March 29, 2022, Plaintiff Roshawn Johnson's Trans Union credit report contained the following inquiries, which belong to another consumer:

Capital One Auto Finance inquired on 01/18/21

Banyan Bay Apartment Via National Tenant Network inquired on 07/08/2020

137.   Defendants   mixed   another   consumer's   personal   and   account information   into   Plaintiff's   credit   reports   despite   the   fact   that   numerous discrepancies   exist   between   their   personal   identification   information.   The discrepancies that should have caused Defendants to realize Plaintiff is not the same person as this other consumer include the following:

      a)  Plaintiff's legal name is Roshawn Allen Johnson and the personal and account information Defendants mixed into Plaintiff's credit reports belongs to another consumer, Roshan Jawaun Johnson; and

      b)  Plaintiff's   Social   Security   number   is   different   than   his   brother's Social Security number.

## Plaintiff Roshawn Johnson's March 30, 2022 Dispute with Experian and Trans Union

138.   On or about March 30, 2022, Plaintiff Roshawn Johnson's filed written disputes regarding the accounts that do not belong to them with Defendants because each were reporting another consumer's accounts.

139.   Plaintiff's March 30, 2022 dispute specifically included their full name, date of birth, Social Security number, and current address, so that the credit bureaus would be able to properly identify them and locate their credit file.

140.   Plaintiff also attached a copy of their driver's license, copy of their Social Security card, and a written explanation to their March 30, 2022 dispute.

**Experian's Response to Plaintiff Roshawn Johnson's March 30, 2022 Dispute**

141.   Defendant Experian did not respond to Plaintiff's March 30, 2022 dispute.

142.   Defendant did not indicate that Plaintiff's dispute was found to be frivolous or irrelevant.

143.   Defendant failed to conduct a reinvestigation of Plaintiff's dispute, in violation of 15 U.S.C. § 1681i.

144.   Defendant also failed to provide the requested credit disclosure in violation of 15 U.S.C. § 1681g.

145.   Thereafter, Defendant continued to report personal and credit account information belonging to consumer in Plaintiff's credit file.

**Trans Union's Response to Plaintiff Roshawn Johnson's March 30, 2022 Dispute**

146.   Sometime after the dispute, Trans Union completed its reinvestigation of Plaintiff's dispute and returned the results of its 15 U.S.C. § 1681i dispute reinvestigation to Plaintiff. Trans Union failed to properly reinvestigate and delete

the disputed inquiries, which do not belong to Plaintiff, and continued to appear on Plaintiff's Trans Union credit report.

**Plaintiff Roshawn Johnson's Mixed Experian Credit File as of April 2022**

147.   Upon information and belief, as of April 29, 2022, Plaintiff Roshawn Johnson's Experian credit report contained the following account, which belongs to another consumer:

AMOCO FCU #862774XXXX

148.   Plaintiff's Experian credit report contained the following inquiries, which belong to another consumer:

Capital One Auto Finance inquired on 01/18/21
NCC Inc/Auto Boutique TX inquired on 01/18/21

149.   Plaintiff's Experian credit report also contained a social security number variation, which belongs to another consumer.

150.   Plaintiff's Experian credit report also contained the name Roshan Johnson, which belongs to another consumer, his brother.

151.   Defendants mixed another consumer's personal and account information into Plaintiff's credit reports despite the fact that numerous discrepancies exist between their personal identification information. The

discrepancies that should have caused Defendants to realize Plaintiff is not the same person as this other consumer include the following:

a) Plaintiff's legal name is Roshawn Allen Johnson and the personal and account information Defendants mixed into Plaintiff's credit reports belongs to another consumer, Roshan Jawaun Johnson; and

b) Plaintiff's Social Security number is different than his brother's Social Security number.

**Plaintiff Roshawn Johnson's May 26, 2022 Dispute with Trans Union**

152.   On or around May 26, 2022, Plaintiff Roshawn Johnson filed a written dispute regarding the information that does not belong to them with Defendant because each were reporting another consumer's information.

153.   Plaintiff's dispute specifically included their full name, date of birth, Social Security number, and current address, so that the credit bureaus would be able to properly identify them and locate their credit file.

154.   Plaintiff also attached a copy of their driver's license, copy of their Social Security card, and a written explanation to their dispute.

**Trans Union's Response to Plaintiff Roshawn Johnson's May 26, 2022 Dispute**

155.   Defendant Trans Union did not respond to Plaintiff's May 26, 2022 dispute.

156.   Defendant did not indicate that Plaintiff's dispute was found to be frivolous or irrelevant.

157.   Defendant failed to conduct a reinvestigation of Plaintiff's dispute, in violation of 15 U.S.C. § 1681i.

158.   Defendant also failed to provide the requested credit disclosure in violation of 15 U.S.C. § 1681g.

159.   Thereafter, Defendant continued to report personal and credit account information belonging to consumer in Plaintiff's credit file.

**Plaintiff Roshawn Johnson's June 3, 2022 Dispute with Experian**

160.   On or about June 3, 2022, Plaintiff Roshawn Johnson filed a written dispute regarding the information that does not belong to them with Defendant because they were reporting another consumer's information.

161.   Plaintiff's dispute specifically included their full name, date of birth, Social Security number, and current address, so that the credit bureaus would be able to properly identify them and locate their credit file.

162.   Plaintiff also attached a copy of their driver's license, copy of their Social Security card, and a written explanation to their dispute.

**Experian's Response to Plaintiff Roshawn Johnson's June 3, 2022 Dispute**

163.   Defendant Experian did not respond to Plaintiff's June 3, 2022 dispute.

164.   Defendant did not indicate that Plaintiff's dispute was found to be frivolous or irrelevant.

165.   Defendant failed to conduct a reinvestigation of Plaintiff's dispute, in violation of 15 U.S.C. § 1681i.

166.   Defendant also failed to provide the requested credit disclosure in violation of 15 U.S.C. § 1681g.

167.   Thereafter, Defendant continued to report personal and credit account information belonging to consumer in Plaintiff's credit file.

**Plaintiff Roshawn Johnson's September 14, 2022 Dispute with Experian**

168.   On or about September 14, 2022, Plaintiff Roshawn Johnson filed a written dispute regarding the information that does not belong to them with Defendant because they were reporting another consumer's information.

169.   Plaintiff's dispute specifically included their full name, date of birth, Social Security number, and current address, so that the credit bureaus would be able to properly identify them and locate their credit file.

170.   Plaintiff also attached a copy of their driver's license, copy of their Social Security card, and a written explanation to their dispute.

### Experian's Response to Plaintiff Roshawn Johnson's September 14, 2022 Dispute

171.   Defendant Experian did not respond to Plaintiff's September 14, 2022 dispute.

172.   Defendant did not indicate that Plaintiff's dispute was found to be frivolous or irrelevant.

173.   Defendant failed to conduct a reinvestigation of Plaintiff's dispute, in violation of 15 U.S.C. § 1681i.

174.   Defendant also failed to provide the requested credit disclosure in violation of 15 U.S.C. § 1681g.

175.   Thereafter, Defendant continued to report personal and credit account information belonging to consumer in Plaintiff's credit file.

**Plaintiff Roshawn Johnson's Mixed Trans Union Credit File as of October 16, 2022**

176.   Upon information and belief, as of October 16, 2022, Plaintiff Roshawn Johnson's Trans Union credit report contained the following inquiry, which belong to another consumer:

Capital One Auto Finance inquired on 01/18/21

177.   Defendants mixed another consumer's personal and account information into Plaintiff's credit reports despite the fact that numerous discrepancies exist between their personal identification information. The discrepancies that should have caused Defendants to realize Plaintiff is not the same person as this other consumer include the following:

a)   Plaintiff's legal name is Roshawn Allen Johnson and the personal and account information Defendants mixed into Plaintiff's credit reports belongs to another consumer, Roshan Jawaun Johnson; and

b)   Plaintiff's Social Security number is different than his brother's Social Security number.

178.   As a result of the Defendants' conduct, action, and inaction, Plaintiffs suffered damage by loss of credit; loss of the ability to purchase and benefit from Plaintiffs' credit; detriment to Plaintiffs' credit ratings; the expenditure of time and money disputing and trying to correct the inaccurate credit reporting; and emotional distress including the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials and having another consumers' personal and credit account information mixed in Plaintiffs' credit files.

179.   Equifax, Experian, and Trans Union maintain/maintained multiple credit files for Plaintiffs.

180.   At least one of Plaintiffs' Equifax, Experian, and Trans Union credit files contain or have contained personal information and credit account information, including derogatory collection accounts and charge offs, which do not belong or pertain to her.

181.  Equifax, Experian, and Trans Union's merging and matching algorithms have caused Plaintiffs' credit files to become mixed with personal and credit account information belonging to a different consumer.

182.   Within the two (2) years previous to the filing of this Complaint, Equifax, Experian, and Trans Union prepared and distributed one or more consumer reports, as that term is defined by 15 U.S.C. § 1681a(d), pertaining to Plaintiffs that

contained misleading and inaccurate information which belongs to another consumer, including without limitation, personal information and credit accounts, which actually belong to a different consumer.

183.   Equifax, Experian, and Trans Union failed to maintain and follow reasonable procedures to assure the maximum possible accuracy of the personal and credit account information contained within at least one of the credit files they maintain for Plaintiff.

184.   Equifax and Experian know that their matching algorithms are flawed and frequently result in mixed information and credit files belonging to two different consumers.

185.   Equifax, Experian, and Trans Union have been sued thousands of times by consumers and suffered judgments as a result of mixing consumer credit information and credit files.

186.   When Equifax, Experian, and Trans Union assemble consumer reports for their subscribers, they allow such subscribers to use only a partial list of personal identifiers to match data to the target consumer resulting in the inclusion of a broad range of credit information; information which may in some cases, like the instant matter, belong to another consumer.

187.   Equifax, Experian, and Trans Union also fail to require an exact match of all digits of a consumer's Social Security number, which may in some cases result in the inclusion of credit information which belongs to another consumer.

188.   However, when consumers like Plaintiffs request copies of their credit files, Equifax, Experian, and Trans Union require a complete match of all personal identifiers, resulting in a narrower match of data for the consumer.

189.   Consequently, Equifax, Experian, and Trans Union's own procedures for disclosing information to consumers, as they are required to do by the FCRA, tend to mask or conceal the problem of mixed files.

190.   By concealing this information, Equifax, Experian, and Trans Union impair the ability of consumers, like Plaintiffs, to identify and dispute errors resulting from mixed credit information or credit files.

191.   Equifax, Experian, and Trans Union have failed to follow reasonable procedures to assure the maximum possible accuracy of Plaintiffs' credit files and of Plaintiff's consumer reports, in violation of 15 U.S.C. § 1681e(b).

192.   Equifax, Experian, and Trans Union's failures to follow reasonable procedures to assure the maximum possible accuracy of Plaintiffs' credit files and of Plaintiffs' consumer reports was negligent and/or willful.

## CLAIMS FOR RELIEF

### COUNT I
### 15 U.S.C. § 1681e(b)
### Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy
### (First Claim For Relief Against Defendants)

193.   Plaintiffs re-allege and incorporate the allegations set forth in Paragraphs 1-192 as if fully stated herein.

194.   Defendants violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit file they published and maintain concerning Plaintiffs.

195.   As a result of Defendants' conduct, action, and inaction, Plaintiffs suffered damage by loss of credit; loss of the ability to purchase and benefit from Plaintiffs' credit; detriment to Plaintiffs' credit ratings; the expenditure of time and money disputing and trying to correct the inaccurate credit reporting; and emotional distress including the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials and having another consumers' personal and credit account information mixed in their credit files.

196.   Defendants' conduct, action, and inaction was willful, rendering them each separately liable for actual or statutory damages, and punitive damages in an

amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling Plaintiffs to recover under 15 U.S.C. § 1681o.

197.   Plaintiffs are entitled to recover attorney's fees and costs from Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## COUNT II
### 15 U.S.C. § 1681i
### Failure to Perform a Reasonable Reinvestigation
### (Second Claim For Relief Against Defendants Equifax, Experian, and Trans Union)

198.   Plaintiffs re-allege and incorporate the allegations set forth in Paragraphs 1-192 as if fully stated herein.

199.   Defendants violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiffs' credit file after it received multiple notices of such inaccuracies; by failing to conduct a lawful reinvestigation on numerous occasions of both disputed credit accounts and hard inquiries; and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

200.   As a result of Defendants' conduct, action, and inaction, Plaintiffs suffered damage by loss of credit; loss of the ability to purchase and benefit from

their credit; detriment to credit ratings; the expenditure of time and money disputing and trying to correct the inaccurate credit reporting; and emotional distress including the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials and having another consumers' personal and credit account information mixed in their credit files.

201.   Defendants' conduct, action, and inaction was willful, rendering them each separately liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling Plaintiffs to recover under 15 U.S.C. § 1681o.

202.   Plaintiffs are entitled to recover attorney's fees and costs from Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

### COUNT III
### 15 U.S.C. § 1681g
### Failure to Provide Disclosures to Plaintiff

203.   Plaintiffs re-allege and incorporate the allegations set forth in Paragraphs 1-192 as if fully stated herein.

204.   Defendants violated 15 U.S.C. § 1681g by failing to provide Plaintiffs' credit disclosure after each request.

205.   As a result of Defendants' conduct, action, and inaction, Plaintiffs suffered damage by loss of credit; loss of the ability to purchase and benefit from Plaintiffs' credit; detriment to Plaintiffs' credit ratings; the expenditure of time and money disputing and trying to correct the inaccurate credit reporting; and emotional distress including the mental and emotional pain, anguish, humiliation, and embarrassment.

206.   Defendants' conduct, action, and inaction was willful, rendering them each separately liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling Plaintiffs to recover under 15 U.S.C. § 1681o.

207.   Plaintiffs are entitled to recover attorney's fees and costs from Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for relief as follows:

a)    Determining that each Defendant negligently and/or willfully violated the FCRA;

b)    Awarding Plaintiffs actual damages, statutory, and punitive damages as provided by the FCRA;

c)      Awarding Plaintiffs reasonable attorney's fees and costs from each Defendant as provided by the FCRA; and

d)      Granting further relief, in law or equity, as this Court may deem appropriate and just.


## DEMAND FOR JURY TRIAL

208.   Plaintiffs demand a trial by jury.


Dated:        January 17, 2023

*/s/ Joseph P. McClelland*
Joseph P. McClelland
LAW FIRM OF JOSEPH P. MCCLELLAND, LLC
Georgia Bar No: 483407
545 N. McDonough Street, Suite 210
Decatur, GA 30030
Telephone: (770) 775-0938
Fax: (470) 468-0070
Email: joseph@jacksonlaws.com

*ATTORNEY FOR PLAINTIFF*