**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| Miranda Rigsby | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action File No.: |
| | ) | |
| vs. | ) | |
| | ) | |
| Healthcare Revenue Recovery | ) | **COMPLAINT WITH** |
| Group, Inc. d/b/a HRRG, | ) | **JURY TRIAL DEMAND** |
| | ) | |
| Defendant | ) | |

## PRELIMINARY STATEMENT

This action for damages is based upon the Defendant's overt and intentional, unlawful conduct in the furtherance of its efforts to collect a consumer debt. The Defendant's conduct is in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq. and the Georgia Fair Business Practices Act, (GFBPA) O.C.G.A. 10-1-390 et seq.

## <u>PARTIES</u>

1.     Plaintiff, Miranda Rigsby, is a natural person who resides in Whitfield County, Georgia.

2.     Defendant, Healthcare Revenue Recovery Group, Inc. d/b/a HRRG, is a corporation, registered to do business in Georgia, and may be served with process

via its registered agent, Corporation Service Company at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

## JURISDICTION AND VENUE

3.      This Court has federal question jurisdiction over Plaintiff's Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.      This Court has personal jurisdiction over Defendant because, inter alia, Defendant frequently and routinely conducts business in the State of Georgia, including the conduct complained of herein.

5.      Pursuant to 28 U.S.C. § 1391, venue is proper in the Northern District of Georgia because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6.      Venue is proper in the Atlanta Division because the Defendant maintains a registered agent in Gwinnett County.

## FACTUAL ALLEGATIONS

7.      Plaintiff is a natural person who resides in Whitfield County, Georgia.

8.    Plaintiff is allegedly obligated to pay a consumer debt arising out of medical services and is, therefore, a "consumer", as that term is defined by 15 U.S.C. § 1692a(3).

9.    Defendant is a collection agency specializing in the collection of consumer debt.

10.    Defendant uses interstate commerce and/or mail in its business in the collection of consumer debts.

11.    Defendant manages, and collects upon, thousands of consumer debt accounts annually.

12.    Defendant is, therefore, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

13.    Plaintiff has fallen behind on a number of accounts for medical services.

14.    Upon information and belief, one or more of these accounts has been assigned to the Defendant by the original creditor for collection.

15.    Plaintiff had received collection attempts from Defendant via telephone and written correspondence.

16.    The Plaintiff and Defendant communicated via telephone in February of 2022.

17.     During the course of the call, Defendant confirmed it was collecting three medical accounts for treatments in June of 2013, November of 2014, and August of 2015.

18.     During the course of the call, Defendant solicited payment on the debts.

19.     Defendant never informed Plaintiff during the phone call that the accounts were past the statute of limitations and no legal action could be taken against Plaintiff.

20.     Defendant never informed the Plaintiff that making a payment on the debts for which the statute of limitations had run could renew the statute of limitations for those debts.

21.     The accounts reported by the Defendant and in collection are consumer accounts thus an open account subject to a statute of limitations of four years per O.C.G.A. § 9-3-25.

22.     Defendant repeatedly solicited monthly payments from Plaintiff on a debt that was past the applicable statute of limitations without informing Plaintiff that making payments on the debt would restart the statute of limitations.

23.     Making a payment on the debt would renew the statute of limitations in Georgia. *SKC, Inc. v. eMag Sols., LLC*, 326 Ga. App. 798, 755 S.E.2d 298 (2014); *Malak v. Unifund CCR, LLC*, 343 Ga. App. 314, 318, 807 S.E.2d 80, 83 (2017).

24.     Plaintiff was misled by Defendant's deceptive statements about making payments.

25.     Defendant's conduct contained communications which were false, misleading, and deceptive in connection with the collection of a debt.

26.     Plaintiff took time to seek legal counsel about the statements made by Defendant in connection with the collection of a debt.

27.     Also during the call, Defendant made misrepresentations to Plaintiff as to how long the account would stay on her credit report.

28.     Defendant told Plaintiff that the accounts would not report on her credit if she made payments on her accounts.

29.     Credit reporting by the Defendant is governed by the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (the FCRA).

30.      The FCRA mandates that consumer credit information may be reported for only seven (7) years from the date of first delinquency. 15 U.S.C. § 1681c(a)(4).

31.     Defendant's statement that the account would stay on Plaintiff's credit report if she did not make payments was a false, deceptive, and misleading communication which implied that the accounts would stay longer than the seven years allowed by the FCRA.

32.     In actuality, two of the three accounts were already past the seven year reporting period and the third account would be past the reporting period in August of 2022, yet Defendant's statements made Plaintiff believe these accounts would stay on her credit report forever if she did not make payments.

33.     Defendant's statement was a threat to report credit information longer than the seven years allowed by the FCRA.

34.     Plaintiff suffered anxiety and worry that the debt would stay on her credit report forever. Plaintiff was seeking to create a financial plan to get her bills paid and her credit score raised. Defendant's misrepresentations caused stress and anxiety to Plaintiff and interfered with her ability to make informed decisions to handle her finances.

## INJURIES-IN-FACT

35.     The FDCPA provides consumers with "statutorily-created rights to be free from 'being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.'" *McCamis v. Servis One, Inc.*, No. 8:16-CV-1130-T-30AEP, 2016 U.S. Dist. LEXIS 99492 (M.D. Fla. July 29, 2016); *Church v. Accretive Health, Inc.*, 654 Fed. Appx. 990, 2016 U.S. App. LEXIS 12414, 2016 WL 3611543 (11th Cir. 2016).

36.     An injury-in-fact sufficient to satisfy Article III standing requirements "may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing." *Church*, at 993, quoting *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982).

37.     Violation of statutory rights are not a "hypothetical or uncertain" injury, but one "that Congress has elevated to the status of a legally cognizable injury through the FDCPA." *McCamis*, at 4, citing *Church*, at 3.

38.     Defendant is subjecting Plaintiff to false, deceptive, unfair, and unconscionable means to collect the debt.

39.     Defendants acts and omissions caused particularized harm to the Plaintiff in that she was suffered worry and anxiety and took time and expense to discuss her debt with counsel in response to the false statements.

40.     Accordingly, through the suffering of actual damages and a violation of Plaintiffs' statutorily created rights under the FDCPA, Plaintiffs have suffered an injury-in-fact sufficient to establish Article III standing

## DAMAGES

41.     As a result of the Defendant's actions and/or omissions, Plaintiff has suffered actual damages, including but not limited to the following:

a.)     Being subjected to deceptive, and unfair debt collection practices;

b.)     Uncompensated time expended away from activities of daily living to determine the Defendant's identity and purpose; and

c.)     Uncompensated time expended away from activities of daily living to confer with counsel regarding the Defendant's collection efforts.

## CAUSES OF ACTION

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### *15 U.S.C. § 1692 et seq.*

### *Violations of 15 U.SC. § 1692e and its subparts*

42.     15 U.S.C. §•1692e specifically prohibits the use of any false, deceptive, or misleading representations or means in connection with the collection of any debt.

43.     The use of "or" in § 1692e means a representation violates the FDCPA if it is false or deceptive or misleading. *Bourff v. Rubin Lublin*, LLC, 674 F.3d 1238, 1241 (11th Cir. 2012).

44.     The standard in determining the nature of any such representation is that of the "least sophisticated consumer." Its purpose is to protect "naive consumers" with a minimal understanding of personal finance and debt collection. *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1194 (11th Cir. 2010) (per curiam).

45.    Moreover, the least sophisticated consumer is not to be held to the same standard as a reasonably prudent consumer. The least sophisticated consumer, though not unreasonable, is "ignorant" and "unthinking,"  "gullible," and of "below-average sophistication or intelligence," *Pinson v. JPMorgan Chase Bank, Nat'l Ass'n*, No. 16-17107, 2019 U.S. App. LEXIS 33662, at 12-13 (11th Cir. Nov. 12, 2019), quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)

46.    A false representation in connection with the collection of a debt is sufficient to violate the FDCPA, even if it is not alleged or proven to be misleading or deceptive.

47.    As set forth herein, the Defendant's false and misleading representations in the course of attempting to collect a debt from Plaintiff were violations of 15 U.S.C. § 1692e, e(2)(A), e(5), e(8), and e(10).

## COUNT II

### VIOLATIONS OF THE GEORGIA FAIR BUSINESS PRACTICES ACT
*O.C.G.A. § 10-1-390 et seq.*

48.    Plaintiff incorporates by reference paragraphs 1 through 47 as though fully stated herein.

49.    O.C.G.A. § 10-1-390 et seq is commonly known as the "Fair Business Practices Act of 1975" (the "GFBPA").

50.     The purpose of the GFBPA, is to protect consumers from unfair and/or deceptive practices in the conduct of any trade or commerce in part or wholly in the state.  O.C.G.A. § 10-1-391.

51.     O.C.G.A. § 10-1-391 directs that the GFPBA is to be interpreted and applied liberally and in harmony with the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1), which implements the FDCPA.

52.     O.C.G.A. § 10-1-393(a) of the GFBPA broadly prohibits unfair and/or deceptive business practices.

53.     Defendant intentionally engaged in unfair and deceptive business practices, as set forth herein, in an effort to collect a consumer debt.

54.     Defendant's conduct has implications for the consuming public in general.

55.     Defendant's conduct negatively impacts the consumer marketplace.

56.     Collecting a debt incurred during a consumer transaction could harm the general consuming public if conducted via deceptive acts or practices and clearly falls within the parameters of the GFBPA. Thus, a violation of the FDCPA constitutes a violation of the GFBPA. *See 1st Nationwide Collection Agency, Inc. v. Werner*, 288 Ga. App. 457, 459 (2007).

57.     Upon information and belief, Defendant does not maintain a place of business in Georgia and has no assets in Georgia, thus relieving Plaintiffs of the Notice and Demand requirements of O.C.G.A. § 10-1-399(b).

58.     As a result of Defendant's violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover general damages pursuant to O.C.G.A. § 10-1-399(a).

59.     As a result of Defendant's intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover exemplary damages pursuant to O.C.G.A. § 10-1-399(a).

60.     As a result of Defendant's intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover treble damages pursuant to O.C.G.A. § 10-1-399(c).

61.     Plaintiff is entitled to recover reasonable attorney's fees and expenses of litigation pursuant to O.C.G.A. § 10-1-399(d).

## TRIAL BY JURY

62.     Plaintiff is entitled to and hereby requests a trial by jury.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:

a.)     Plaintiff's actual damages;

b.)     Statutory damages pursuant to 15 U.S.C. § 1692k;

11

c.)      Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k

d.)      General, exemplary, and treble damages pursuant to O.C.G.A. § 10-1-399(a) & (c);

e.)      Reasonable attorney's fees and costs pursuant to O.C.G.A. § 10-1-399(d); and

f.)      Such other and further relief as may be just and proper.

Respectfully submitted this 13th day of January, 2023.

**BERRY AND ASSOCIATES**

*/s/ Chris Armor*

Matthew T. Berry
Georgia Bar No. 055663
*matt@mattberry.com*

Berry & Associates
2751 Buford Highway, Suite 600
Atlanta, Georgia 30324

OFFICE    (404) 235-3305
FAX       (404) 235-3333

Christopher N. Armor
Georgia Bar No. 614061
*Chris.armor@armorlaw.com*
PO Box 451328
Atlanta, Georgia 31145
Telephone: (470) 990-2568

Counsel for Plaintiff