E-FILED IN OFFICE - JM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**22-C-07110-S4**

**12/15/2022 2:27 PM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| EDWARD LEWIS STANLEY,     ) | |
|                     ) | |
|     Plaintiff,         ) | |
|                     ) | |
| v.                    ) | Civil Action No. 22-C-07110-S4 |
|                     ) | |
| SECURUS TECHNOLOGIES, LLC, ) | |
| A Delaware Limited Liability   ) | |
| Company,            ) | |
| ALVIN L. STANLEY, individually ) | |
| and as an agent and employee of ) | |
| SECURUS TECHNOLOGIES, LLC, ) | |
| A Delaware Limited Liability   ) | |
| Company,            ) | |
|                     ) | **JURY TRIAL DEMANDED** |
| INDEPENDENT TECHNOLOGIES, ) | |
| LLC, a Nebraska Limited Liability ) | |
| Company, d/b/a Wintel Phones,  ) | |
| DATAONLINE, LLC, a New Jersey ) | |
| Limited Liability Company, D/B/A, ) | |
| ANOVA,           ) | |
|                     ) | |
| GEORGIA DEPARTMENT OF   ) | |
| CORRECTIONS,       ) | |
|                     ) | |
| TIMOTHY C. WARD,     ) | |
| Individually and in his official   ) | |
| capacity,            ) | |
| TREVONZA BOBBITT,    ) | |
| Individually and in his official   ) | |
| capacity,            ) | |
| VIKKI IRWIN,        ) | |
| Individually and in her official   ) | |
| capacity,            ) | |
| MARJORIE GLOVER,     ) | |
| Individually and in her official   ) | |
| capacity,            ) | |

CORY OSBORNE,                                    )
Individually and in his official                )
capacity,                                        )
KIARA CAIN,                                      )
Individually and in her official                )
capacity,                                        )
CHRIS TARVER,                                    )
Individually and in his official                )
capacity,                                        )
SHAYLA McLAIN,                                   )
Individually and in her official                )
capacity,                                        )
BARNARD FLORENCE,                                )
Individually and in his official                )
capacity,                                        )
ALYSSA SINGER,                                   )
Individually and in her official                )
capacity,                                        )
CHRISTOPHER L. BURKHALTER, )
Individually and in his official                )
capacity,                                        )
HEATHER FLOWERS,                                 )
Individually and in her official                )
capacity,                                        )
EDWARD ROOKS,                                    )
Individually and in his official                )
capacity,                                        )
STEVE GRINER,                                    )
Individually and in his official                )
capacity,                                        )
NIKILA BRACK,                                    )
Individually and in her official                )
capacity,                                        )
ANGELA FASHANT,                                  )
Individually and in her official                )
capacity,                                        )
SLOBODAN POPOVIC,                                )
Individually and in his official                )
capacity,                                        )
BOBBY FIGUEROA,                                  )

Individually and in his official )
capacity, )
 )
And, )
 )
JOHN & JANE DOE individuals & )
Entities (1-5), )
 )
     Defendants. )

## **ORDER**

     The Court having read and considered plaintiff's motion to appoint a private

process server, does hereby appoint Ricardo Goncalves as a special agent for

service of process on Defendants in the above-styled matter.

     IT IS HEREBY ORDERED.

     This 15th day of _Dec_____, 2022.

             Judge Ronda Colvin Leary
             Gwinnett County State Court

Copies to:
Attorneys of record

E-FILED IN OFFICE - JM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**22-C-07110-S4**

**12/15/2022 2:27 PM**
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| EDWARD LEWIS STANLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 22-C-07110-S4 |
| SECURUS TECHNOLOGIES, LLC, | ) | |
| A Delaware Limited Liability | ) | |
| Company, | ) | |
| ALVIN L. STANLEY, individually | ) | |
| and as an agent and employee of | ) | |
| SECURUS TECHNOLOGIES, LLC, | ) | |
| A Delaware Limited Liability | ) | |
| Company, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| INDEPENDENT TECHNOLOGIES, | ) | |
| LLC, a Nebraska Limited Liability | ) | |
| Company, d/b/a Wintel Phones, | ) | |
| DATAONLINE, LLC, a New Jersey | ) | |
| Limited Liability Company, D/B/A, | ) | |
| ANOVA, | ) | |
| | ) | |
| GEORGIA DEPARTMENT OF | ) | |
| CORRECTIONS, | ) | |
| | ) | |
| TIMOTHY C. WARD, | ) | |
| Individually and in his official | ) | |
| capacity, | ) | |
| TREVONZA BOBBITT, | ) | |
| Individually and in his official | ) | |
| capacity, | ) | |
| VIKKI IRWIN, | ) | |
| Individually and in her official | ) | |
| capacity, | ) | |
| MARJORIE GLOVER, | ) | |
| Individually and in her official | ) | |
| capacity, | ) | |

CORY OSBORNE,                              )
Individually and in his official          )
capacity,                                 )
KIARA CAIN,                               )
Individually and in her official          )
capacity,                                 )
CHRIS TARVER,                             )
Individually and in his official          )
capacity,                                 )
SHAYLA McLAIN,                            )
Individually and in her official          )
capacity,                                 )
BARNARD FLORENCE,                         )
Individually and in his official          )
capacity,                                 )
ALYSSA SINGER,                            )
Individually and in her official          )
capacity,                                 )
CHRISTOPHER L. BURKHALTER, )
Individually and in his official          )
capacity,                                 )
HEATHER FLOWERS,                          )
Individually and in her official          )
capacity,                                 )
EDWARD ROOKS,                             )
Individually and in his official          )
capacity,                                 )
STEVE GRINER,                             )
Individually and in his official          )
capacity,                                 )
NIKILA BRACK,                             )
Individually and in her official          )
capacity,                                 )
ANGELA FASHANT,                           )
Individually and in her official          )
capacity,                                 )
SLOBODAN POPOVIC,                         )
Individually and in his official          )
capacity,                                 )
BOBBY FIGUEROA,                           )

Individually and in his official ) 
capacity, )
 )
And, )
 )
JOHN & JANE DOE individuals & )
Entities (1-5), )
 )
      Defendants. )

## **ORDER**

    The Court having read and considered plaintiff's motion to appoint a private

process server, does hereby appoint Thomas J. Gorgen as a special agent for

service of process on Defendants in the above-styled matter.

    IT IS HEREBY ORDERED.

    This 15 day of ___Dec___, 2022.

Judge Ronda Colvin Leary
Gwinnett County State Court

copies to:
Attorneys of record

E-FILED IN OFFICE - JM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**22-C-07110-S4**

**12/15/2022 2:27 PM**
TIANA P. GARNER, CLERK

# IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| EDWARD LEWIS STANLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 22-C-07110-S4 |
| SECURUS TECHNOLOGIES, LLC, | ) | |
| A Delaware Limited Liability | ) | |
| Company, | ) | |
| ALVIN L. STANLEY, individually | ) | |
| and as an agent and employee of | ) | |
| SECURUS TECHNOLOGIES, LLC, | ) | |
| A Delaware Limited Liability | ) | |
| Company, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| INDEPENDENT TECHNOLOGIES, | ) | |
| LLC, a Nebraska Limited Liability | ) | |
| Company, d/b/a Wintel Phones, | ) | |
| DATAONLINE, LLC, a New Jersey | ) | |
| Limited Liability Company, D/B/A, | ) | |
| ANOVA, | ) | |
| | ) | |
| GEORGIA DEPARTMENT OF | ) | |
| CORRECTIONS, | ) | |
| | ) | |
| TIMOTHY C. WARD, | ) | |
| Individually and in his official | ) | |
| capacity, | ) | |
| TREVONZA BOBBITT, | ) | |
| Individually and in his official | ) | |
| capacity, | ) | |
| VIKKI IRWIN, | ) | |
| Individually and in her official | ) | |
| capacity, | ) | |
| MARJORIE GLOVER, | ) | |
| Individually and in her official | ) | |
| capacity, | ) | |

CORY OSBORNE,                           )
Individually and in his official        )
capacity,                               )
KIARA CAIN,                             )
Individually and in her official        )
capacity,                               )
CHRIS TARVER,                           )
Individually and in his official        )
capacity,                               )
SHAYLA McLAIN,                          )
Individually and in her official        )
capacity,                               )
BARNARD FLORENCE,                       )
Individually and in his official        )
capacity,                               )
ALYSSA SINGER,                          )
Individually and in her official        )
capacity,                               )
CHRISTOPHER L. BURKHALTER, )
Individually and in his official        )
capacity,                               )
HEATHER FLOWERS,                        )
Individually and in her official        )
capacity,                               )
EDWARD ROOKS,                           )
Individually and in his official        )
capacity,                               )
STEVE GRINER,                           )
Individually and in his official        )
capacity,                               )
NIKILA BRACK,                           )
Individually and in her official        )
capacity,                               )
ANGELA FASHANT,                         )
Individually and in her official        )
capacity,                               )
SLOBODAN POPOVIC,                       )
Individually and in his official        )
capacity,                               )
BOBBY FIGUEROA,                         )

Individually and in his official  )
capacity,  )
  )
And,  )
  )
JOHN & JANE DOE individuals & )
Entities (1-5),  )
  )
  Defendants.  )

## ORDER

  The Court having read and considered plaintiff's motion to appoint a private

process server, does hereby appoint Thomas J. Gorgen as a special agent for

service of process on Defendants in the above-styled matter.

  IT IS HEREBY ORDERED.

  This 15 day of _Dec_____, 2022.


        Judge Ronda Colvin Leary
        Gwinnett County State Court


copies to:
Attorneys of record

E-FILED IN OFFICE - JM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**22-C-07110-S4**

1/6/2023 8:53 AM
TIANA P. GARNER, CLERK

Civil Action No. 22-C-07110-S4

Date Filed December 8, 2022

State Court ☐
Magistrate Court ☐
Georgia, ~~DeKalb~~ County
Jeff Davis

**Attorney's Address**

⌐ TERRY D. JACKSON, P.C.
600 Edgewood Avenue
Atlanta, GA 30312
Telephone: (404) 659-2400
⌐ terry@terryjacksonlaw.com ⌐

**Name and Address of Party to be Served**

Alvin L. Stanley
24 Cactus Circle
Hazelhurst, GA 31539

Edward Lewis Stanley
_____ Plaintiff

VS.

Securus Technologies, LLC et al.
_____
_____ Defendant
_____
_____ Garnishee

---

### MARSHAL/SHERIFF'S ENTRY OF SERVICE

**PERSONAL**
I have this day served the defendant Alvin L. Stanley personally with a copy of the within action and summons.

**RESIDENCE** ☐
I have this day served the defendant_____ by leaving a copy of the action and summons at (his/her) dwelling house or usual place of abode with a person of suitable age and discretion residing therein; delivered same into the hands of _____ described as follows: age, about _____ years; weight, about _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of defendant.

**CORPORATION** ☐
Served the defendant _____ by leaving a copy of the within action and summons with _____ in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL** ☐
I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST** ☐
Diligent search made and defendant_____ not to be found in the jurisdiction of this Court.

---

This 15 day of Dec , 20 22 .



Deputy

SHERIFF DOCKET_____ PAGE_____          22-356/E          marshalservice/2007

E-FILED IN OFFICE - NN
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**22-C-07110-S4**

**12/21/2022 12:26 PM**
TIANA P. GARNER, CLERK

SPINKS PRINTING COMPANY INC.   (404) 294-6366

Civil Action No. _22-C-07110-S4_

Date Filed _December 8, 2022_

|  | |
|---|---|
| State Court | ☐ |
| Magistrate Court | ☐ |

Georgia, ~~DeKalb~~ County
_Emanuel_

Plaintiff _Edward Lewis Stanky_

VS.

Defendant _Securus Technologies LLC et al_

**Attorney's Address**

Terry D. Jackson, P.C.
600 Edgewood Avenue
Atlanta, GA 30312
terry@terryjacksonlaw.com

**Name and Address of Party to be Served**

_Chris Tarver_
_145 Peachtree Street_
_Swainsboro, GA 30401_

Garnishee

## MARSHAL/SHERIFF'S ENTRY OF SERVICE

**PERSONAL** ☐ I have this day served the defendant_____ personally with a copy of the within action and summons.

**RESIDENCE** ☐ I have this day served the defendant_____ by leaving a copy of the action and summons at (his/her) dwelling house or usual place of abode with a person of suitable age and discretion residing therein; delivered same into the hands of _____ described as follows: age, about _____ years; weight, about _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of defendant.

**CORPORATION** ☐ Served the defendant _____ by leaving a copy of the within action and summons with _____ in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL** ☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST** ☐ Diligent search made and defendant _( Tarver - Vacant building_ not to be found in the jurisdiction of this Court.

_at this address_

RECEIVED
DEC 1 5 2022
591912
Emanuel Co. Sheriff Office

This _16_ day of _12_ , 20_22_.

E-FILED IN OFFICE - NN
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**22-C-07110-S4**

**12/21/2022 12:26 PM**

TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

EDWARD LEWIS STANLEY,                )
                                     )
      Plaintiff,                      )
                                     )
v.                                   )
                                     )       Civil Action
SECURUS TECHNOLOGIES, LLC,           )
A Delaware Limited Liability         )       No. <u>22-C-0711-S4</u>
Company,                             )
ALVIN L. STANLEY, individually       )
and as an agent and employee of      )
SECURUS TECHNOLOGIES, LLC,           )
A Delaware Limited Liability         )
Company,                             )
                                     )       **JURY TRIAL DEMANDED**
INDEPENDENT TECHNOLOGIES,            )
LLC, a Nebraska Limited Liability    )
Company, d/b/a Wintel Phones,        )
DATAONLINE, LLC, a New Jersey        )
Limited Liability Company, D/B/A,    )
ANOVA,                               )
                                     )
GEORGIA DEPARTMENT OF                )
CORRECTIONS,                         )
                                     )
TIMOTHY C. WARD,                     )
Individually and in his official     )
capacity,                            )
TREVONZA BOBBITT,                    )
Individually and in his official     )
capacity,                            )
VIKKI IRWIN,                         )
Individually and in her official     )
capacity,                            )
MARJORIE GLOVER,                     )
Individually and in her official     )
capacity,                            )
CORY OSBORNE,                        )
Individually and in his official     )
capacity,                            )

KIARA CAIN,                          )
Individually and in her official     )
capacity,                            )
CHRIS TARVER,                        )
Individually and in his official     )
capacity,                            )
SHAYLA McLAIN,                       )
Individually and in her official     )
capacity,                            )
BARNARD FLORENCE,                    )
Individually and in his official     )
capacity,                            )
ALYSSA SINGER,                       )
Individually and in her official     )
capacity,                            )
CHRISTOPHER L. BURKHALTER, )
Individually and in his official     )
capacity,                            )
HEATHER FLOWERS,                     )
Individually and in her official     )
capacity,                            )
EDWARD ROOKS,                        )
Individually and in his official     )
capacity,                            )
STEVE GRINER,                        )
Individually and in his official     )
capacity,                            )
NIKILA BRACK,                        )
Individually and in her official     )
capacity,                            )
ANGELA FASHANT,                      )
Individually and in her official     )
capacity,                            )
SLOBODAN POPOVIC,                    )
Individually and in his official     )
capacity,                            )
BOBBY FIGUEROA,                      )
Individually and in his official     )
capacity,                            )
                                     )
And,                                 )
                                     )
JOHN & JANE DOE individuals &  )

Entities (1-5),                          )
                                         )
        Defendants.                      )

## AFFIDAVIT OF SERVICE OF GLENN CHRISTIAN

Personally appeared before the undersigned officer duly authorized to administer oaths, Glenn Christian who after first being duly sworn, states and deposes as follows:

1.      My name is Glenn Christian, I am of legal age, sound mind and am otherwise competent to make this affidavit.  The matters stated herein are within my personal knowledge and I know them to be true and correct.

2.      On December 13, 2022 at approximately 6:12 p.m., I attempted to serve a copy of the following items:

A.      Summons;

B.      Complaint for Damages;

C.      Motion for Appointment of Private Process Server with Affidavits of Terry D. Jackson and Glenn Christian;

D.      Proposed Order re: Motion for Appointment of Private Process Server; and

E.      Order granting Motion for Appointment of Private Process Server

in the above-styled matter to defendant Christopher L. Burkhalter at the following address:

        Christopher L. Burkhalter
        2602 Marshall Avenue
        Savannah, GA 31405-2731

2.      The above residence was vacant and on December14, 2022, Plaintiff's

counsel provided a new address for Mr. Burkhalter, 631 Victory Circle, Lyons, GA

30436.

3.      On December 15, 2022, at approximately 8:30 p.m. I went to the

residence located at 631 Victory Circle, Lyons, GA 30436.

4.      The door was answered by Mrs. Braddy, who identified herself as the

grandmother of Christopher L. Burkhalter (but would not provide me with her first

name) and she stated that Mr. Burkhalter lived at that residence with her.

5.      Said documents were served by handing the same **personally** to Mrs.

Braddy who accepted those documents on behalf of Christopher L. Burkhalter at

that address.

FURTHER AFFIANT SAITH NOT.

Glenn Christian

Sworn to and subscribed before me
this 20 day of December, 2022.

Notary Public
My Commission Expires:

E-FILED IN OFFICE - NN
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**22-C-07110-S4**

**12/21/2022 12:26 PM**
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

EDWARD LEWIS STANLEY,                )
                                     )
    Plaintiff,                       )
                                     )
v.                                   )
                                     )       Civil Action
SECURUS TECHNOLOGIES, LLC,           )
A Delaware Limited Liability         )       No. <u>22-C-0711-S4</u>
Company,                             )
ALVIN L. STANLEY, individually       )
and as an agent and employee of      )
SECURUS TECHNOLOGIES, LLC,           )
A Delaware Limited Liability         )
Company,                             )
                                     )       **JURY TRIAL DEMANDED**
INDEPENDENT TECHNOLOGIES,            )
LLC, a Nebraska Limited Liability    )
Company, d/b/a Wintel Phones,        )
DATAONLINE, LLC, a New Jersey        )
Limited Liability Company, D/B/A,    )
ANOVA,                               )
                                     )
GEORGIA DEPARTMENT OF                )
CORRECTIONS,                         )
                                     )
TIMOTHY C. WARD,                     )
Individually and in his official     )
capacity,                            )
TREVONZA BOBBITT,                    )
Individually and in his official     )
capacity,                            )
VIKKI IRWIN,                         )
Individually and in her official     )
capacity,                            )
MARJORIE GLOVER,                     )
Individually and in her official     )
capacity,                            )

CORY OSBORNE,                              )
Individually and in his official          )
capacity,                                 )
KIARA CAIN,                               )
Individually and in her official          )
capacity,                                 )
CHRIS TARVER,                             )
Individually and in his official          )
capacity,                                 )
SHAYLA McLAIN,                            )
Individually and in her official          )
capacity,                                 )
BARNARD FLORENCE,                         )
Individually and in his official          )
capacity,                                 )
ALYSSA SINGER,                            )
Individually and in her official          )
capacity,                                 )
CHRISTOPHER L. BURKHALTER,                )
Individually and in his official          )
capacity,                                 )
HEATHER FLOWERS,                          )
Individually and in her official          )
capacity,                                 )
EDWARD ROOKS,                             )
Individually and in his official          )
capacity,                                 )
STEVE GRINER,                             )
Individually and in his official          )
capacity,                                 )
NIKILA BRACK,                             )
Individually and in her official          )
capacity,                                 )
ANGELA FASHANT,                           )
Individually and in her official          )
capacity,                                 )
SLOBODAN POPOVIC,                         )
Individually and in his official          )
capacity,                                 )
BOBBY FIGUEROA,                           )

```
Individually and in his official      )
capacity,                             )
                                      )
And,                                  )
                                      )
JOHN & JANE DOE individuals &         )
Entities (1-5),                       )
                                      )
        Defendants.                   )
```

## AFFIDAVIT OF SERVICE OF GLENN CHRISTIAN

Personally appeared before the undersigned officer duly authorized to administer oaths, Glenn Christian who after first being duly sworn, states and deposes as follows:

1.      My name is Glenn Christian, I am of legal age, sound mind and am otherwise competent to make this affidavit.  The matters stated herein are within my personal knowledge and I know them to be true and correct.

2.      On December 15, 2022 at approximately 6:20 p.m., I served a copy of the following items:

A.      Summons;

B.      Complaint for Damages;

C.      Motion for Appointment of Private Process Server with Affidavits of Terry D. Jackson and Glenn Christian; and

D.      Proposed Order re: Motion for Appointment of Private Process Server; and

E.      Order granting Motion for Appointment of Private Process Server

in the above-styled matter to defendant Kiara Cain at the following address:

> Kiara Cain
> 114 ½ South Baker Street
> Glennville, GA 30427

2.     Said documents were served by handing the same **personally** to Kiara

Cain who accepted those documents at that address.

FURTHER AFFIANT SAITH NOT.

Glenn Christian

Sworn to and subscribed before me
this /6 day of December, 2022.

Notary Public
My Commission Expires:



E-FILED IN OFFICE - NN
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

22-C-07110-S4

12/21/2022 12:26 PM
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| EDWARD LEWIS STANLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action |
| | ) | |
| SECURUS TECHNOLOGIES, LLC, | ) | No. 22-C-0711-S4 |
| A Delaware Limited Liability | ) | |
| Company, | ) | |
| ALVIN L. STANLEY, individually | ) | |
| and as an agent and employee of | ) | |
| SECURUS TECHNOLOGIES, LLC, | ) | |
| A Delaware Limited Liability | ) | |
| Company, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| INDEPENDENT TECHNOLOGIES, | ) | |
| LLC, a Nebraska Limited Liability | ) | |
| Company, d/b/a Wintel Phones, | ) | |
| DATAONLINE, LLC, a New Jersey | ) | |
| Limited Liability Company, D/B/A, | ) | |
| ANOVA, | ) | |
| | ) | |
| GEORGIA DEPARTMENT OF | ) | |
| CORRECTIONS, | ) | |
| | ) | |
| TIMOTHY C. WARD, | ) | |
| Individually and in his official | ) | |
| capacity, | ) | |
| TREVONZA BOBBITT, | ) | |
| Individually and in his official | ) | |
| capacity, | ) | |
| VIKKI IRWIN, | ) | |
| Individually and in her official | ) | |
| capacity, | ) | |
| MARJORIE GLOVER, | ) | |
| Individually and in her official | ) | |
| capacity, | ) | |

CORY OSBORNE, )
Individually and in his official )
capacity, )
KIARA CAIN, )
Individually and in her official )
capacity, )
CHRIS TARVER, )
Individually and in his official )
capacity, )
SHAYLA McLAIN, )
Individually and in her official )
capacity, )
BARNARD FLORENCE, )
Individually and in his official )
capacity, )
ALYSSA SINGER, )
Individually and in her official )
capacity, )
CHRISTOPHER L. BURKHALTER, )
Individually and in his official )
capacity, )
HEATHER FLOWERS, )
Individually and in her official )
capacity, )
EDWARD ROOKS, )
Individually and in his official )
capacity, )
STEVE GRINER, )
Individually and in his official )
capacity, )
NIKILA BRACK, )
Individually and in her official )
capacity, )
ANGELA FASHANT, )
Individually and in her official )
capacity, )
SLOBODAN POPOVIC, )
Individually and in his official )
capacity, )
BOBBY FIGUEROA, )

| | |
|---|---|
| Individually and in his official capacity, | ) |
| | ) |
| | ) |
| And, | ) |
| | ) |
| JOHN & JANE DOE individuals & Entities (1-5), | ) |
| | ) |
| | ) |
| Defendants. | ) |

## AFFIDAVIT OF SERVICE OF GLENN CHRISTIAN

Personally appeared before the undersigned officer duly authorized to administer oaths, Glenn Christian who after first being duly sworn, states and deposes as follows:

1.     My name is Glenn Christian, I am of legal age, sound mind and am otherwise competent to make this affidavit.  The matters stated herein are within my personal knowledge and I know them to be true and correct.

2.     On December 15, 2022 at approximately 7:30 p.m., I attempted to serve a copy of the following items:

A.     Summons;

B.     Complaint for Damages;

C.     Motion for Appointment of Private Process Server with Affidavits of Terry D. Jackson and Glenn Christian; and

D.     Proposed Order re: Motion for Appointment of Private Process Server; and

E.     Order granting Motion for Appointment of Private Process Server

in the above-styled matter to defendant Angela Fashant at the following address:

> Angela Fashant
> 122 3rd Avenue West
> Reidsville, GA 30453

2.      At that time, a Prison Guard Security advised me that Ms. Fashnat

was on the CERT Team and that I would need to contact the administration office

during normal business hours.

3.      On December 16, 2022 at approximately 5:30 p.m. I returned to the

residence located at 122 3rd Avenue, Reidsville, GA 30453 and said documents

were served by handing the same **personally** to Angela Fashant who accepted

those documents at that address.

FURTHER AFFIANT SAITH NOT.

Glenn Christian

Sworn to and subscribed before me
this 20 day of December, 2022.

Notary Public
My Commission Expires:

Page 4 of 4

E-FILED IN OFFICE - NN
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**22-C-07110-S4**
**12/21/2022 12:26 PM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

EDWARD LEWIS STANLEY,　　　　　)
　　　　　　　　　　　　　　　　)
　　　　Plaintiff,　　　　　　　)
　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　)　　Civil Action
SECURUS TECHNOLOGIES, LLC,　 )
A Delaware Limited Liability　)　　No. <u>22-C-0711-S4</u>
Company,　　　　　　　　　　　 )
ALVIN L. STANLEY, individually )
and as an agent and employee of )
SECURUS TECHNOLOGIES, LLC,　 )
A Delaware Limited Liability　)
Company,　　　　　　　　　　　 )
　　　　　　　　　　　　　　　　)　　**JURY TRIAL DEMANDED**
INDEPENDENT TECHNOLOGIES,　 )
LLC, a Nebraska Limited Liability )
Company, d/b/a Wintel Phones,　)
DATAONLINE, LLC, a New Jersey )
Limited Liability Company, D/B/A, )
ANOVA,　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　)
GEORGIA DEPARTMENT OF　　　 )
CORRECTIONS,　　　　　　　　　)
　　　　　　　　　　　　　　　　)
TIMOTHY C. WARD,　　　　　　　)
Individually and in his official　)
capacity,　　　　　　　　　　　)
TREVONZA BOBBITT,　　　　　　 )
Individually and in his official　)
capacity,　　　　　　　　　　　)
VIKKI IRWIN,　　　　　　　　　 )
Individually and in her official　)
capacity,　　　　　　　　　　　)
MARJORIE GLOVER,　　　　　　　)
Individually and in her official　)
capacity,　　　　　　　　　　　)

CORY OSBORNE,                                    )
Individually and in his official                )
capacity,                                        )
KIARA CAIN,                                      )
Individually and in her official                )
capacity,                                        )
CHRIS TARVER,                                    )
Individually and in his official                )
capacity,                                        )
SHAYLA McLAIN,                                   )
Individually and in her official                )
capacity,                                        )
BARNARD FLORENCE,                                )
Individually and in his official                )
capacity,                                        )
ALYSSA SINGER,                                   )
Individually and in her official                )
capacity,                                        )
CHRISTOPHER L. BURKHALTER,                       )
Individually and in his official                )
capacity,                                        )
HEATHER FLOWERS,                                 )
Individually and in her official                )
capacity,                                        )
EDWARD ROOKS,                                    )
Individually and in his official                )
capacity,                                        )
STEVE GRINER,                                    )
Individually and in his official                )
capacity,                                        )
NIKILA BRACK,                                    )
Individually and in her official                )
capacity,                                        )
ANGELA FASHANT,                                  )
Individually and in her official                )
capacity,                                        )
SLOBODAN POPOVIC,                                )
Individually and in his official                )
capacity,                                        )
BOBBY FIGUEROA,                                  )

Page 2 of 4

Individually and in his official          )
capacity,                                )
                                         )
And,                                     )
                                         )
JOHN & JANE DOE individuals &            )
Entities (1-5),                          )
                                         )
        Defendants.                      )

## AFFIDAVIT OF SERVICE OF GLENN CHRISTIAN

Personally appeared before the undersigned officer duly authorized to administer oaths, Glenn Christian who after first being duly sworn, states and deposes as follows:

1.      My name is Glenn Christian, I am of legal age, sound mind and am otherwise competent to make this affidavit.  The matters stated herein are within my personal knowledge and I know them to be true and correct.

2.      On December 16, 2022 at approximately 7:02 p.m., I served a copy of the following items:

    A.      Summons;

    B.      Complaint for Damages;

    C.      Motion for Appointment of Private Process Server with Affidavits of Terry D. Jackson and Glenn Christian; and

    D.      Proposed Order re: Motion for Appointment of Private Process Server; and

    E.      Order granting Motion for Appointment of Private Process Server

in the above-styled matter to defendant Heather Flowers at the following address:

> Heather Flowers
> 485 Regency Road
> Vidalia, GA 30474

2.    Said documents were served by handing the same **personally** to

Heather Flowers who accepted those documents at that address.

FURTHER AFFIANT SAITH NOT.

Glenn Christian

Sworn to and subscribed before me
this _20_ day of December, 2022.

Notary Public
My Commission Expires:

BEVERLY ANN MORRIS
NOTARY PUBLIC
MY Commission Expires
06-27-2025
BRYAN COUNTY, GEORGIA

E-FILED IN OFFICE - NN
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
22-C-07110-S4
12/21/2022 12:26 PM
TIANA P. GARNER, CLERK

# IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| EDWARD LEWIS STANLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action |
| ) | |
| SECURUS TECHNOLOGIES, LLC, ) | No. <u>22-C-0711-S4</u> |
| A Delaware Limited Liability ) | |
| Company, ) | |
| ALVIN L. STANLEY, individually ) | |
| and as an agent and employee of ) | |
| SECURUS TECHNOLOGIES, LLC, ) | |
| A Delaware Limited Liability ) | |
| Company, ) | |
| ) | **JURY TRIAL DEMANDED** |
| INDEPENDENT TECHNOLOGIES, ) | |
| LLC, a Nebraska Limited Liability ) | |
| Company, d/b/a Wintel Phones, ) | |
| DATAONLINE, LLC, a New Jersey ) | |
| Limited Liability Company, D/B/A, ) | |
| ANOVA, ) | |
| ) | |
| GEORGIA DEPARTMENT OF ) | |
| CORRECTIONS, ) | |
| ) | |
| TIMOTHY C. WARD, ) | |
| Individually and in his official ) | |
| capacity, ) | |
| TREVONZA BOBBITT, ) | |
| Individually and in his official ) | |
| capacity, ) | |
| VIKKI IRWIN, ) | |
| Individually and in her official ) | |
| capacity, ) | |
| MARJORIE GLOVER, ) | |
| Individually and in her official ) | |
| capacity, ) | |

CORY OSBORNE,                              )
Individually and in his official          )
capacity,                                 )
KIARA CAIN,                               )
Individually and in her official          )
capacity,                                 )
CHRIS TARVER,                             )
Individually and in his official          )
capacity,                                 )
SHAYLA McLAIN,                            )
Individually and in her official          )
capacity,                                 )
BARNARD FLORENCE,                         )
Individually and in his official          )
capacity,                                 )
ALYSSA SINGER,                            )
Individually and in her official          )
capacity,                                 )
CHRISTOPHER L. BURKHALTER, )
Individually and in his official          )
capacity,                                 )
HEATHER FLOWERS,                          )
Individually and in her official          )
capacity,                                 )
EDWARD ROOKS,                             )
Individually and in his official          )
capacity,                                 )
STEVE GRINER,                             )
Individually and in his official          )
capacity,                                 )
NIKILA BRACK,                             )
Individually and in her official          )
capacity,                                 )
ANGELA FASHANT,                           )
Individually and in her official          )
capacity,                                 )
SLOBODAN POPOVIC,                         )
Individually and in his official          )
capacity,                                 )
BOBBY FIGUEROA,                           )

Individually and in his official )
capacity, )
                     )
And, )
                     )
JOHN & JANE DOE individuals & )
Entities (1-5), )
                     )
        Defendants. )

## AFFIDAVIT OF SERVICE OF GLENN CHRISTIAN

Personally appeared before the undersigned officer duly authorized to administer oaths, Glenn Christian who after first being duly sworn, states and deposes as follows:

1.     My name is Glenn Christian, I am of legal age, sound mind and am otherwise competent to make this affidavit. The matters stated herein are within my personal knowledge and I know them to be true and correct.

2.     On December 17, 2022 at approximately 7:20 p.m., I served a copy of the following items:

    A.     Summons;

    B.     Complaint for Damages;

    C.     Motion for Appointment of Private Process Server with Affidavits of Terry D. Jackson and Glenn Christian; and

    D.     Proposed Order re: Motion for Appointment of Private Process Server; and

    E.     Order granting Motion for Appointment of Private Process Server

in the above-styled matter to defendant Alyssa Singer at the following address:

> Alyssa Singer
> 2096 GA Highway 192 North
> Midville, GA 30441-4502

2.      Said documents were served by handing the same **personally** to

Alyssa Singer who accepted those documents at that address.

FURTHER AFFIANT SAITH NOT.

Glenn Christian

Sworn to and subscribed before me
this 20 day of December, 2022.

Notary Public
My Commission Expires

E-FILED IN OFFICE - NN
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**22-C-07110-S4**

**12/21/2022 12:26 PM**

TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

CASE NO.: 22-C-07110-S4
Date Filed: 00/00/0000

### AFFIDAVIT OF SERVICE

Edward Lewis Stanley

     Plaintiff/Petitioner.

vs.

Securus Technologies

     Defendant/Respondent.

STATE OF NEW JERSEY
COUNTY OF SOMERSET    ss.

I, **Ricardo Goncalves**, depose and say that:

I am a competent adult, over the age of 18, a resident of the State of New Jersey and a disinterested party to the above named action.

On **12/19/2022** at **12:53 PM**, I served the within on **Dataonline LLC d/b/a Anova c/o Robert Barnacle, Registered Agent at 210 South Street , New Providence, NJ 07974** in the manner indicated below:

By delivering a true copy of this process to **Regina Guarracino, Chief Operating Officer** of the above named corporation and informing him/her of the contents.

Description of person served:
**Sex: Female - Age: 55 - Skin: White - Hair: Blonde - Height: 5'5 - Weight: 120lbs**

I certify that the foregoing statements made by me are true and correct. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Sworn to and subscribed before me on this
___ day of _December_, 2022
by an affiant who is personally known to me
or produced identification.

_Debra L. Wurst_
NOTARY PUBLIC

X _Ricardo Goncalves_
Ricardo Goncalves - Process Server
J & K Investigative Services Inc
P.O. Box 88
Somerville, NJ 08876
908-707-1900
Atty File#; - Our File# **104344**

DEBRA L. WURST
NOTARY PUBLIC OF NEW JERSEY
Commission # 50115701
My Commission Expires 10/28/2024

E-FILED IN OFFICE - NN
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**22-C-07110-S4**
**12/21/2022 12:26 PM**
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

EDWARD LEWIS STANLEY,                                )
                                                     )
    Plaintiff,                                       )
                                                     )
v.                                                   )
                                                     )   Civil Action
SECURUS TECHNOLOGIES, LLC,                           )
A Delaware Limited Liability                         )   No. <u>22-C-0711-S4</u>
Company,                                             )
ALVIN L. STANLEY, individually                       )
and as an agent and employee of                      )
SECURUS TECHNOLOGIES, LLC,                           )
A Delaware Limited Liability                         )
Company,                                             )
                                                     )
INDEPENDENT TECHNOLOGIES,                            )   **JURY TRIAL DEMANDED**
LLC, a Nebraska Limited Liability                    )
Company, d/b/a Wintel Phones,                        )
DATAONLINE, LLC, a New Jersey                        )
Limited Liability Company, D/B/A,                    )
ANOVA,                                               )
                                                     )
GEORGIA DEPARTMENT OF                                )
CORRECTIONS,                                         )
                                                     )
TIMOTHY C. WARD,                                     )
Individually and in his official                     )
capacity,                                            )
TREVONZA BOBBITT,                                    )
Individually and in his official                     )
capacity,                                            )
VIKKI IRWIN,                                         )
Individually and in her official                     )
capacity,                                            )
MARJORIE GLOVER,                                     )
Individually and in her official                     )
capacity,                                            )
CORY OSBORNE,                                        )
Individually and in his official                     )
capacity,                                            )

KIARA CAIN,                          )
Individually and in her official     )
capacity,                            )
CHRIS TARVER,                        )
Individually and in his official     )
capacity,                            )
SHAYLA McLAIN,                       )
Individually and in her official     )
capacity,                            )
BARNARD FLORENCE,                    )
Individually and in his official     )
capacity,                            )
ALYSSA SINGER,                       )
Individually and in her official     )
capacity,                            )
CHRISTOPHER L. BURKHALTER, )
Individually and in his official     )
capacity,                            )
HEATHER FLOWERS,                     )
Individually and in her official     )
capacity,                            )
EDWARD ROOKS,                        )
Individually and in his official     )
capacity,                            )
STEVE GRINER,                        )
Individually and in his official     )
capacity,                            )
NIKILA BRACK,                        )
Individually and in her official     )
capacity,                            )
ANGELA FASHANT,                      )
Individually and in her official     )
capacity,                            )
SLOBODAN POPOVIC,                    )
Individually and in his official     )
capacity,                            )
BOBBY FIGUEROA,                      )
Individually and in his official     )
capacity,                            )
                                     )
And,                                 )
                                     )
JOHN & JANE DOE individuals &  )

Page 2 of 4

Entities (1-5),                    )
                                   )
       Defendants.                 )

## AFFIDAVIT OF SERVICE OF THOMAS J. GORGEN

Personally appeared before the undersigned officer duly authorized to administer oaths, Thomas J. Gorgen who after first being duly sworn, states and deposes as follows:

1.     My name is Thomas J. Gorgen, I am of legal age, sound mind and am otherwise competent to make this affidavit.  The matters stated herein are within my personal knowledge and I know them to be true and correct.

2.     On December 16, 2022 at approximately 1:10 p.m., I attempted to serve a copy of the following items:

   A.     Summons;

   B.     Complaint for Damages;

   C.     Motion for Appointment of Private Process Server with Affidavits of Terry D. Jackson and Glenn Christian;

   D.     Order granting Motion for Appointment of Private Process Server Glenn Christian;

   E.     Order granting Motion for Appointment of Private Process Server Ricardo Goncalves; and

   F.     Order granting Motion for Appointment of Private Process Server Thomas J. Gorgen

in the above-styled matter to defendant Independent Technologies, LLC d/b/a Wintel Phones at the following address:

Independent Technologies, LLC d/b/a Wintel Phones
c/o Michael Kivett, Registered Agent
Walentine O'Toole LLP
11240 Davenport Street
Omaha, NE 68154

2.     On December 16, 2022 at 1:10 p.m., the office of Walentine O'Toole

LLP was closed.

3.     On December 19, 2022, at approximately 10:00 a.m. I returned to the

office of Walentine O'Toole, LLP 11240 Davenport Street, Omaha, NE 68154 and

said documents were served by handing the same **personally** to Michael Kivett,

Registered Agent, who accepted those documents on behalf of Independent

Technologies, LLC d/b/a Wintel Phones at that address.

FURTHER AFFIANT SAITH NOT.

_____
Thomas J. Gorgen

Sworn to and subscribed before me
this _19_ day of December, 2022.

_____
Notary Public
My Commission Expires: Sep. 7, 2024

GENERAL NOTARY - State of Nebraska
TAMMIE M. RHEINER
My Comm. Exp. September 7, 2024

Page 4 of 4

E-FILED IN OFFICE - NN
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**22-C-07110-S4**

**12/21/2022 12:26 PM**

**TIANA P. GARNER, CLERK**

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| EDWARD LEWIS STANLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 22-C-07110-S4 |
| SECURUS TECHNOLOGIES, LLC, | ) | |
| ET AL., | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendants. | ) | |

## <u>NOTICE OF FILING AFFIDAVITS OF SERVICE</u>

COMES NOW Plaintiff and files the following Affidavits of Service:

4.      Bulloch County Sheriff's Entry of Service for service on Barnard Florence on December 12, 2022;

5.      Treutlen County Sheriff's Entry of Service for service on Bobby Figueroa on December 13, 2022;

6.      Tattnall County Sheriff's Entry of Service for service on Vikki Irwin on December 13, 2022;

7.      Tattnall County Sheriff's Entry of Service for service on Shayla McLain on December 14, 2022;

8.      Tattnall County Sheriff's Entry of Service for service on Cory Osborne on December 14, 2022;

9.      Tattnall County Sheriff's Entry of Service for service on Slobodan Popovic on December 14, 2022;

10.     Tattnall County Sheriff's Entry of Service for service on Angela Fashnat on December 14, 2022;

11.     Affidavit of Service of Glenn Christian for service on Angela Fashant on December 16, 2022;

12.     Tattnall County Sheriff's Entry of Service for service on Marjorie Glover on December 14, 2022;

13.     Tattnall County Sheriff's Entry of Service for service on Kiara Cain on December 14, 2022;

14.     Affidavit of Service of Glenn Christian for service on Kiara Cain on December 15, 2022;

15.     Chatham County Sheriff's Entry of Service for attempted service on Christopher L. Burkhalter on December 14, 2022;

16.     Washington County Sheriff's Entry of Service for service on Steve Griner on December 14, 2022;

17.     Bulloch County Sheriff's Entry of Service for service on Nikila Brack on December 14, 2022;

18.     Affidavit of Service of Glenn Christian for service on Christopher L. Burkhalter on December 15, 2022;

19.     Tattnall County Sheriff's Entry of Service for service on Trevonza Bobbitt on December 15, 2022;

20.     Affidavit of Service of Glenn Christian for service on Heather Flowers on December 16, 2022;

21.     Emanuel County Sheriff's Entry of Service for attempted service on Chris Tarver on December 16, 2022;

22.     Affidavit of Service of Glenn Christian for service on Alyssa Singer on December 17, 2022;

23.     Affidavit of Service of Thomas J. Gorgen for service on Independent Technologies, LLC d/b/a Wintel Phones on December 19, 2022; and

24.     Affidavit of Service of Ricardo Goncalves for service on Dataonline LLC d/b/a Anova on December 19, 2022.

Dated:       December 21, 2022.

RESPECTFULLY SUBMITTED,

**COUNSEL FOR PLAINTIFF**
**EDWARD LEWIS STANLEY:**

By:    */s/ Terry D. Jackson*
TERRY D. JACKSON
Georgia Bar No. 386033



*"We Know Trucks"*
*www.terryjacksonlaw.com*

TERRY D. JACKSON, P.C.
600 Edgewood Avenue
Atlanta, Georgia 30312
(404) 216-5312 cell
(404) 659-2400 office
(404) 659-2414 fax
terry@terryjacksonlaw.com

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

EDWARD LEWIS STANLEY, )
 )
  Plaintiff, )
 )
v. )
 ) Civil Action No. 22-C-07110-S4
SECURUS TECHNOLOGIES, LLC, )
ET AL., )
 )
  Defendants. )

## **CERTIFICATE OF SERVICE**

This is to certify that I have this day served a true and correct copy of the

within and foregoing **NOTICE OF FILING AFFIDAVITS OF SERVICE** upon

the parties by placing same in a properly addressed envelope with adequate

postage affixed thereon via First Class U.S. Mail, e-filing, or by hand delivery as

directed by the Court to:

> Securus Technologies, LLC
> c/o CT Corporation System, Registered Agent
> 289 S. Culver Street
> Lawrenceville, GA  30046

> Timothy C. Ward, Commissioner
> Georgia Department of Corrections, Headquarters
> 7 MLK Jr. Drive, Suite 543
> Atlanta, GA  30334

> Wade Damron, Director Risk Management Services Division
> Georgia Department of Administrative Services
> 200 Piedmont Avenue SE, Suite 1220 West Tower
> Atlanta, GA 30334

Christopher M. Carr, Attorney General
State of Georgia
40 Capitol Square, S.W.
Atlanta, GA 30334

Timothy C. Ward
300 Southern Walk Drive
Milledgeville, GA  31061

Trevonza Bobbitt
427 1st Avenue South
Reidsville, GA 30453

Vikki Irwin
25 1st Avenue South
Reidsville, GA 30453

Marjorie Glover
1421 Peachtree Road
Reidsville, GA 30453

Cory Osborne
98 Oak Avenue
Reidsville, GA 30453

Kiara Cain
114 ½ South Baker Street
Glennville, GA 30427

Shayla McLain
93 3rd Avenue West
Reidsville, GA 30453

Angela Fashant
122 3rd Avenue West
Reidsville, GA 30453

Slobodan Popovic
427 Auburn Road
Glennville, GA 30427

Barnard Florence
12800 Burkhalter Road
Statesboro, GA 30461

Nikila Brack
305 Hodges Circle
Statesboro, GA 30458

Chris Tarver
145 Peachtree Street
Swainsboro, GA 30401

Alyssa Singer
2096 GA Highway 192 North
Midville, GA 30441-4502

Christopher L. Burkhalter
631 Victory Circle
Lyons, GA 30436

Heather Flowers
485 Regency Road
Vidalia, GA 30474

Edward Rooks
969 Hatch Parkway North
Baxley, GA 31513

Steve Griner
111 Lakeview Drive
Sandersville, GA 31082

Bobby Figueroa
554 Oak Ridge Road
Soperton, GA 30457

Alvin Stanley
24 Cactus Circle
Hazelhurst, GA 31539

Independent Technologies, LLC d/b/a Wintel Phones
c/o Michael Kivett, Registered Agent
Walentine O'Toole LLP
11240 Davenport Street
Omaha, NE  68154

Dataonline LLC d/b/a Anova
c/o Robert Barnacle, Registered Agent
210 South Street
New Providence, NJ  07974


Dated:        December 21, 2022.

                                                  RESPECTFULLY SUBMITTED,

**COUNSEL FOR PLAINTIFF
EDWARD LEWIS STANLEY:**

                               By:    _/s/ Terry D. Jackson_____
                                       TERRY D. JACKSON
                                       Georgia Bar No. 386033



_"We Know Trucks"_
_www.terryjacksonlaw.com_

TERRY D. JACKSON, P.C.
600 Edgewood Avenue
Atlanta, Georgia 30312
(404) 216-5312 cell
(404) 659-2400 office
(404) 659-2414 fax
terry@terryjacksonlaw.com

2-15713-E-FILED IN OFFICE - NN
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**22-C-07110-S4**

**12/21/2022 12:26 PM**
TIANA P. GARNER, CLERK

Civil Action No. __22-C07110-S4__

Date Filed __December 8, 2022__

State Court ☐
Magistrate Court ☐
Georgia, ~~DeKalb~~ County
__Tattnall__

**Attorney's Address**

⌐
    Terry D. Jackson, P.C.
    600 Edgewood Avenue
    Atlanta, GA 30312
    terry@terryjacksonlaw.com ⌐

**Name and Address of Party to be Served**

__Slobodan Popovic__
__427 Auburn Road__
__Glennville, GA 30427__

__Edward Lewis Stanley__
Plaintiff

VS.

__Securus Technologies LLC et al__

Defendant

_____

Garnishee

### MARSHAL/SHERIFF'S ENTRY OF SERVICE

**PERSONAL**

I have this day served the defendant_____ personally with a copy of the within action and summons.

**RESIDENCE**

I have this day served the defendant ~~Christine Miller (Roommate)~~ Slobodan Popovic by leaving a copy of the action and summons at (his/her) dwelling house or usual place of abode with a person of suitable age and discretion residing therein; delivered same into the hands of _Christine Miller (Roommate)_____ described as follows: age, about __42__ years; weight, about __140__ pounds; height, about __5__ feet and __7__ inches, domiciled at the residence of defendant.

**CORPORATION**

Served the defendant _____ by leaving a copy of the within action and summons with _____ in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL**

I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**

Diligent search made and defendant_____ not to be found in the jurisdiction of this Court.

This __14__ day of __December__, 20__22__.

_____ J-23
Deputy

SHERIFF DOCKET __22__   PAGE __127__

E-FILED IN OFFICE - NN
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**22-C-07110-S4**

**12/21/2022 12:26 PM**
TIANA P. GARNER, CLERK

Civil Action No. _22-C-07110-S4_

Date Filed _December 8, 2022_

---

Attorney's Address

TERRY D. JACKSON, P.C.
600 Edgewood Avenue
Atlanta, GA 30312
Telephone: (404) 659-2400
terry@terryjacksonlaw.com

**Name and Address of Party to be Served**

_Trevonza Bobbitt_
_427 1st Avenue, South_
_Reidsville, GA 30453_

State Court ☐
Magistrate Court ☐
Georgia, ~~DeKalb~~ County
_Tattnall_

_Edward Lewis Stanley_
                                    Plaintiff

VS.

_Securus Technologies, LLC et al._

_____
                                    Defendant

_____

_____
                                    Garnishee

---

### MARSHAL/SHERIFF'S ENTRY OF SERVICE

**PERSONAL**
☐ I have this day served the defendant _Trevonza Bobbitt_ personally with a copy of the within action and summons.

---

**RESIDENCE**
☐ I have this day served the defendant_____ by leaving a copy of the action and summons at (his/her) dwelling house or usual place of abode with a person of suitable age and discretion residing therein; delivered same into the hands of _____ described as follows: age, about _____ years; weight, about _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of defendant.

---

**CORPORATION**
☐ Served the defendant _____ by leaving a copy of the within action and summons with _____ in charge of the office and place of doing business of said Corporation in this County.

---

**TACK & MAIL**
☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

---

**NON EST**
☐ Diligent search made and defendant_____ not to be found in the jurisdiction of this Court.

---

This _15_ day of _Dec_____, 20_22_.

_____
                                    Deputy

SHERIFF DOCKET _22_      PAGE _127_

marshalservice/2007

E-FILED IN OFFICE - NN
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
22-C-07110-S4
12/21/2022 12:26 PM
TIANA P. GARNER, CLERK

Civil Action No. __22-C-07110-S4__

Date Filed __December 8, 2022__

State Court ☐
Magistrate Court ☐
Georgia, ~~DeKalb~~ County
_Bulloch_

Attorney's Address

┌ TERRY D. JACKSON, P.C.
600 Edgewood Avenue
Atlanta, GA 30312
Telephone: (404) 659-2400
terry@terryjacksonlaw.com ┘

_Edward Lewis Stanley_
Plaintiff

VS.

_Securus Technologies LLC et.al._

Name and Address of Party to be Served

_Nikila Brack_

_305 Hodge Circle_

_Statesboro, GA 30458_

Defendant

Garnishee

## MARSHAL/SHERIFF'S ENTRY OF SERVICE

**PERSONAL**
I have this day served the defendant ___Nikila Brack___ personally with a copy of the within action and summons.

**RESIDENCE**
I have this day served the defendant_____ by leaving a copy of the action and summons at (his/her) dwelling house or usual place of abode with a person of suitable age and discretion residing therein; delivered same into the hands of _____ described as follows: age, about _____ years; weight, about _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of defendant.

**CORPORATION**
Served the defendant _____ by leaving a copy of the within action and summons with _____ in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL**
I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**
Diligent search made and defendant_____ not to be found in the jurisdiction of this Court.

This __19__ day of __Dec__, 20 __22__ _____ Deputy

SHERIFF DOCKET_____ PAGE_____                    marshalservice/2007

E-FILED IN OFFICE - NN
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
22-C-07110-S4
12/21/2022 12:26 PM
TIANA P. GARNER, CLERK

Civil Action No. _22-C-07110-S4_

Date Filed _December 8, 2022_

**State Court** ☐
**Magistrate Court** ☐
Georgia, ~~DeKalb~~ County
_Chatham_

**Attorney's Address**

┌
TERRY D. JACKSON, P.C.
600 Edgewood Avenue
Atlanta, GA 30312
Telephone: (404) 659-2400
terry@terryjacksonlaw.com
└                              ┘

**Name and Address of Party to be Served**

_Christopher L. Burkhalter_
_2606 Marshall Avenue_
_Savannah, GA 31405_

_Edward Lewis Stanley_
                               Plaintiff

VS.

_Securus Technologies LLC, et. al._

_____
                               Defendant

_____

_____
                               Garnishee

## MARSHAL/SHERIFF'S ENTRY OF SERVICE

**PERSONAL** ☐ I have this day served the defendant_____ personally with a copy of the within action and summons.

**RESIDENCE** ☐ I have this day served the defendant_____ by leaving a copy of the action and summons at (his/her) dwelling house or usual place of abode with a person of suitable age and discretion residing therein; delivered same into the hands of _____ described as follows: age, about _____ years; weight, about _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of defendant.

**CORPORATION** ☐ Served the defendant _____ by leaving a copy of the within action and summons with _____ in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL** I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST** Diligent search made and defendant_ Christopher L. Burkhalter _ not to be found in the jurisdiction of this Court.
_Resident is vacant_

This _14_ day of _Dec_____, 20_22_.

_R. Blaise Jdo_
                               Deputy

**SHERIFF DOCKET**_____ **PAGE**_____

marshalservice/2007

E-FILED IN OFFICE - NN
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**22-C-07110-S4**

**12/21/2022 12:26 PM**

TIANA P. GARNER, CLERK

Civil Action No. _22-C-07110-S4_

Date Filed _December 8, 2022_

State Court ☐
Magistrate Court ☐
Georgia, ~~DeKalb~~ County
Tattnall

**Attorney's Address**

☐ TERRY D. JACKSON, P.C.
600 Edgewood Avenue
Atlanta, GA  30312
Telephone:  (404) 659-2400
terry@terryjacksonlaw.com ☐

**Name and Address of Party to be Served**

_Kiara Cain_

_114 ½ South Baker Street_

_Glennville, GA 30427_

_Edward Lewis Stanley_

Plaintiff

VS.

_Securus Technologies, LLC et al._

Defendant

_____

_____

Garnishee

## MARSHAL/SHERIFF'S ENTRY OF SERVICE

**PERSONAL** ☑ / I have this day served the defendant _Kiara Cain_ personally with a copy of the within action and summons.

**RESIDENCE** ☐ I have this day served the defendant_____ by leaving a copy of the action and summons at (his/her) dwelling house or usual place of abode with a person of suitable age and discretion residing therein; delivered same into the hands of _____ described as follows: age, about _____ years; weight, about _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of defendant.

**CORPORATION** ☐ Served the defendant _____ by leaving a copy of the within action and summons with _____ in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL** ☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST** ☐ Diligent search made and defendant_____ not to be found in the jurisdiction of this Court.

This _14_ day of _December_ , 20 _22_ .

_Sherman J. McGovern T-23_

Deputy

**SHERIFF DOCKET** _22_     **PAGE** _126_

marshalservice/2007

E-FILED IN OFFICE - NN
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**22-C-07110-S4**

**12/21/2022 12:26 PM**
**TIANA P. GARNER, CLERK**

Civil Action No. **22-C-07110-S4**

Date Filed **December 8, 2022**

State Court ☐
Magistrate Court ☐
Georgia, ~~Gwinnett~~ County
**Tattnal**

Attorney's Address

Terry D. Jackson, P.C.
600 Edgewood Avenue
Atlanta, GA 30312
terry@terryjacksonlaw.com

Name and Address of Party to be Served

**Angela Fashant**
**122 3rd Avenue, West**
**Reidsville, GA 30453**

**Edward Lewis Stanley**
Plaintiff

VS.

**Securus Technologies LLC et al.**
Defendant

Garnishee

## MARSHAL/SHERIFF'S ENTRY OF SERVICE

**PERSONAL**
I have this day served the defendant **Angela Fashant** personally with a copy of the within action and summons.

**RESIDENCE**
I have this day served the defendant_____ by leaving a copy of the action and summons at (his/her) dwelling house or usual place of abode with a person of suitable age and discretion residing therein; delivered same into the hands of _~~Angela Fashant~~ (CSH T-30)_ described as follows: age, about _____ years; weight, about _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of defendant.

**CORPORATION**
Served the defendant _____ by leaving a copy of the within action and summons with _____ in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL**
I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**
Diligent search made and defendant_____ not to be found in the jurisdiction of this Court.

This **14th** day of **December**, 20**22**.

_____ T-30
Deputy

**SHERIFF DOCKET** **22** **PAGE** **127**

marshalservice/2007

2-15718 E-FILED IN OFFICE - NN
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**22-C-07110-S4**
**12/21/2022 12:26 PM**
**TIANA P. GARNER, CLERK**

Civil Action No. __22-C-07110-S4__

Date Filed __December 8, 2022__

| | |
|---|---|
| | State Court ☐ |
| | Magistrate Court ☐ |
| | Georgia, DeKalb County |
| | Tattnal |

**Attorney's Address**

Terry D. Jackson, P.C.
600 Edgewood Avenue
Atlanta, GA 30312
terry@terryjacksonlaw.com

**Name and Address of Party to be Served**

Marjorie Glover
1421 Peachtree Road
Reidsville, GA 30453

__Edward Lewis Stanley__
                                    Plaintiff

VS.

__Securus Technologies LLC et al.__

_____
                                    Defendant

_____
_____
                                    Garnishee

## MARSHAL/SHERIFF'S ENTRY OF SERVICE

**PERSONAL** ☒ I have this day served the defendant __Marjorie Glover__ personally with a copy of the within action and summons.

**RESIDENCE** ☐ I have this day served the defendant_____ by leaving a copy of the action and summons at (his/her) dwelling house or usual place of abode with a person of suitable age and discretion residing therein; delivered same into the hands of _____ described as follows: age, about _____ years; weight, about _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of defendant.

**CORPORATION** ☐ Served the defendant _____ by leaving a copy of the within action and summons with _____ in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL** ☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST** ☐ Diligent search made and defendant_____ not to be found in the jurisdiction of this Court.

This __19__ day of __December__, 20 __22__.

_____   T-30
                        Deputy

SHERIFF DOCKET __22__   PAGE __127__

marshalservice/2007

E-FILED IN OFFICE - NN
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**22-C-07110-S4**
**12/21/2022 12:26 PM**
TIANA P. GARNER, CLERK

Civil Action No. _22-C-07110-S4_

Date Filed _December 8, 2022_

State Court ☐
Magistrate Court ☐
Georgia, ~~DeKalb~~ County
_Washington_

**Attorney's Address**

Terry D. Jackson, P.C.
600 Edgewood Avenue
Atlanta, GA 30312
terry@terryjacksonlaw.com

**Name and Address of Party to be Served**

_Steve Griner_
_111 Lakeview Drive_
_Sandersville, GA 31082_

_Edward Lewis Stanly_
Plaintiff

VS.

_Securus Technologies LLC et al_

Defendant

ENTERED
_12/04/2022_

Garnishee

## MARSHAL/SHERIFF'S ENTRY OF SERVICE

**PERSONAL**

I have this day served the defendant _Steven Griner_ personally with a copy of the within action and summons.

**RESIDENCE** ☐

I have this day served the defendant_____ by leaving a copy of the action and summons at (his/her) dwelling house or usual place of abode with a person of suitable age and discretion residing therein; delivered same into the hands of _____ described as follows: age, about _____ years; weight, about _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of defendant.

**CORPORATION** ☐

Served the defendant _____ by leaving a copy of the within action and summons with _____ in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL** ☐

I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST** ☐

Diligent search made and defendant_____ not to be found in the jurisdiction of this Court.

This _14_ day of _Dec_ , 20_22_ _Capt. Middleton # 435_
Deputy

SHERIFF DOCKET_____ PAGE_____

marshalservice/2007

E-FILED IN OFFICE - NN
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**22-C-07110-S4**
**12/21/2022 12:26 PM**
TIANA P. GARNER, CLERK

Civil Action No. __22-C-07110-S4__

Date Filed __December 8, 2022__

State Court ☐
Magistrate Court ☐
Georgia, ~~DeKalb~~ County
__Tattnall__

**Attorney's Address**

Terry D. Jackson, P.C.
600 Edgewood Avenue
Atlanta, GA 30312
terry@terryjacksonlaw.com

**Name and Address of Party to be Served**

__Vikki Irwin__
__25 1st Avenue, South__
__Reidsville, GA 30453__

__Edward Lewis Stanley__
Plaintiff

VS.

__Securus Technologies LLC et al.__

Defendant

Garnishee

## MARSHAL/SHERIFF'S ENTRY OF SERVICE

**PERSONAL**

I have this day served the defendant __Vikki Irwin__ personally with a copy of the within action and summons.

**RESIDENCE**

I have this day served the defendant_____ by leaving a copy of the action and summons at (his/her) dwelling house or usual place of abode with a person of suitable age and discretion residing therein; delivered same into the hands of _____ described as follows: age, about _____ years; weight, about _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of defendant.

**CORPORATION**

Served the defendant _____ by leaving a copy of the within action and summons with _____ in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL**

I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**

Diligent search made and defendant_____ not to be found in the jurisdiction of this Court.

This __13__ day of _____ Dec, _____, 20 __22__.

_____ J-13
Deputy

SHERIFF DOCKET __22__   PAGE __127__

marshalservice/2007

E-FILED IN OFFICE - NN
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**22-C-07110-S4**
**12/21/2022 12:26 PM**
TIANA P. GARNER, CLERK

Civil Action No. ___22-C-07110-S4___

Date Filed ___December 8, 2022___

**State Court** ☐
**Magistrate Court** ☐
Georgia, ~~DeKalb~~ County
Tattnall

**Attorney's Address**

Terry D. Jackson, P.C.
600 Edgewood Avenue
Atlanta, GA 30312
terry@terryjacksonlaw.com

**Name and Address of Party to be Served**

Shayla McLain
93 3rd Avenue, West
Reidsville, GA 30453

___Edward Lewis Stanley___
Plaintiff

VS.

___Securus Technologies LLC et al.___

_____
Defendant

_____

_____

_____
Garnishee

## MARSHAL/SHERIFF'S ENTRY OF SERVICE

**PERSONAL**

I have this day served the defendant _Shayla McLain_ personally with a copy of the within action and summons.

**RESIDENCE**

I have this day served the defendant_____ by leaving a copy of the action and summons at (his/her) dwelling house or usual place of abode with a person of suitable age and discretion residing therein; delivered same into the hands of _____ described as follows: age, about _____ years; weight, about _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of defendant.

**CORPORATION**

Served the defendant _____ by leaving a copy of the within action and summons with _____ in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL**

I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**

Diligent search made and defendant _____ not to be found in the jurisdiction of this Court.

This _19th_ day of _December_, 20_22_.

_____
Deputy

**SHERIFF DOCKET** _22_   **PAGE** _126_

marshalservice/2007

E-FILED IN OFFICE - NN
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**22-C-07110-S4**

□ **12/21/2022 12:26 PM**
□ **TIANA P. GARNER, CLERK**

Civil Action No. _22-C-07110-S4_

Date Filed _December 8, 2022_

State Court
Magistrate Court
Georgia, ~~DeKalb~~ County
_Tattnal_

Attorney's Address

☐     Terry D. Jackson, P.C.
      600 Edgewood Avenue
      Atlanta, GA 30312
      terry@terryjacksonlaw.com

Name and Address of Party to be Served

_Cory Osborne_
_98 Oak Avenue_
_Reidsville, GA 30453_

_Edward Lewis Stanley_
                            Plaintiff

VS.

_Securus Technologies LLC et al._
                           Defendant

                            Garnishee

## MARSHAL/SHERIFF'S ENTRY OF SERVICE

**PERSONAL**

I have this day served the defendant _Cory Osborne_ personally with a copy of the within action and summons.

**RESIDENCE** ☐

I have this day served the defendant_____ by leaving a copy of the action and summons at (his/her) dwelling house or usual place of abode with a person of suitable age and discretion residing therein; delivered same into the hands of _____ described as follows: age, about _____ years; weight, about _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of defendant.

**CORPORATION** ☐

Served the defendant _____ by leaving a copy of the within action and summons with _____ in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL** ☐

I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST** ☐

Diligent search made and defendant_____ not to be found in the jurisdiction of this Court.

This _19_ day of _December_, 20 _22_.

_____ T-30
                          Deputy

**SHERIFF DOCKET** _22_    **PAGE** _127_

marshalservice/2007

E-FILED IN OFFICE - NN
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
22-C-07110-S4
12/21/2022 12:26 PM
TIANA P. GARNER, CLERK

Civil Action No. __22-C-07110-S4__

Date Filed __December 8, 2022__

State Court ☐
Magistrate Court ☐
Georgia, ~~DeKalb~~ County
_Bulloch_

Attorney's Address

┌    Terry D. Jackson, P.C.
    600 Edgewood Avenue
    Atlanta, GA 30312
└    terry@terryjacksonlaw.com

__Edward Lewis Stanley__
Plaintiff

VS.

__Securus Technologies LLC et al__

Name and Address of Party to be Served

__Barnard Florence__

__12800 Burkhalter Road__

__Statesboro, GA 30461__

             Defendant

             Garnishee

## MARSHAL/SHERIFF'S ENTRY OF SERVICE

**PERSONAL** ☑ I have this day served the defendant_____*Barnard Florence*_____ personally with a copy of the within action and summons.

**RESIDENCE** ☐ I have this day served the defendant_____ by leaving a copy of the action and summons at (his/her) dwelling house or usual place of abode with a person of suitable age and discretion residing therein; delivered same into the hands of _____ described as follows: age, about _____ years; weight, about _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of defendant.

**CORPORATION** ☐ Served the defendant _____ by leaving a copy of the within action and summons with _____ in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL** ☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST** ☐ Diligent search made and defendant_____ not to be found in the jurisdiction of this Court.

This __12__ day of __Dec__, 20 __22__.
__4:25 pm__

__Sgt T___ B-11__
           Deputy

SHERIFF DOCKET_____ PAGE_____

marshalservice/2007

E-FILED IN OFFICE - AK
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**22-C-07110-S4**
**12/29/2022 12:53 PM**
TIANA P. GARNER, CLERK

**IN THE STATE COURT OF GWINNETT COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| **EDWARD STANLEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action File** |
| **vs.** | ) | **No. 22-C-07110-S4** |
| | ) | |
| **SECURUS TECHNOLOGIES, LLC,** | ) | |
| | ) | |
| **ALVIN L. STANLEY,** | ) | |
| **individually and as an agent and employee** | ) | |
| **of SECURUS TECHNOLOGIES, LLC,** | ) | |
| | ) | |
| **INDEPENDENT TECHNOLOGIES,** | ) | |
| **LLC D/B/A WINTEL PHONES,** | ) | |
| | ) | |
| **DATAONLINE, LLC D/B/A ANOVA,** | ) | |
| | ) | |
| **GEORGIA DEPARTMENT OF** | ) | |
| **CORRECTIONS,** | ) | |
| | ) | |
| **TIMOTHY C. WARD,** | ) | |
| **Individually and in his official capacity,** | ) | |
| **TREVONZA BOBBITT,** | ) | |
| **Individually and in his official capacity,** | ) | |
| **VIKKI IRWIN,** | ) | |
| **Individually and in her official capacity,** | ) | |
| **MARJORIE GLOVER,** | ) | |
| **Individually and in her official capacity,** | ) | |
| **CORY OSBORNE,** | ) | |
| **Individually and in his official capacity,** | ) | |
| **KIARA CAIN,** | ) | |
| **Individually and in her official capacity,** | ) | |
| **CHRIS TARVER,** | ) | |
| **Individually and in his official capacity,** | ) | |
| **SHAYLA MCLAIN,** | ) | |
| **Individually and in her official capacity,** | ) | |
| **BARNARD FLORENCE,** | ) | |
| **Individually and in his official capacity,** | ) | |
| **ALYSSA SINGER,** | ) | |
| **Individually and in her official capacity,** | ) | |
| **CHRISTOPHER L. BURKHALTER,** | ) | |
| **Individually and in his official capacity,** | ) | |

| | |
|---|---|
| **HEATHER FLOWERS,** | ) |
| **Individually and in her official capacity,** | ) |
| **EDWARD ROOKS,** | ) |
| **Individually and in his official capacity,** | ) |
| **STEVE GRINER,** | ) |
| **Individually and in his official capacity,** | ) |
| **NIKILA BLACK,** | ) |
| **Individually and in her official capacity,** | ) |
| **ANGELA FASHANT,** | ) |
| **Individually and in her official capacity,** | ) |
| **SLOBODAN POPOVIC,** | ) |
| **Individually and in his official capacity,** | ) |
| **BOBBY FIGUEROA,** | ) |
| **Individually and in his official capacity,** | ) |
| **AND JOHN AND JANE DOE individuals** | ) |
| **and entities(1-5).,** | ) |
| | ) |
| **Defendants.** | ) |

## NOTICE OF APPEARANCE OF COUNSEL

COMES NOW, Michael Wetzel and hereby files this appearance of counsel as counsel

for Independent Technologies, LLC and Dataonline LLC, in the above referenced case.  The

Clerk of Court is requested to add the undersigned counsel's name to the Court's records, so that

all applicable notices on this matter be sent to Michael Wetzel at the following address:

Michael Wetzel
Law Offices of Zanita King-Hughes
3655 North Point Parkway, Suite 500-A
Alpharetta, GA 30005
Michael.wetzel@thehartford.com

This 29th day of December, 2022.

LAW OFFICES OF ZANITA KING-HUGHES


*/s/ Michael L. Wetzel*
Michael Wetzel
Georgia State Bar No.: 750425
Attorney for Defendants Independent Technologies,
LLC and Dataonline LLC

3655 North Point Parkway, Suite 500-A
Alpharetta, GA 30005
(770) 730-3414
Michael.Wetzel@thehartford.com

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

EDWARD STANLEY,                          )
                                         )
        Plaintiff,                       )
                                         )          Civil Action File
vs.                                      )          No. 22-C-07110-S4
                                         )
SECURUS TECHNOLOGIES, LLC,               )
                                         )
ALVIN L. STANLEY,                        )
individually and as an agent and employee)
of SECURUS TECHNOLOGIES, LLC,            )
                                         )
INDEPENDENT TECHNOLOGIES,                )
 LLC D/B/A WINTEL PHONES,                )
                                         )
DATAONLINE, LLC D/B/A ANOVA,             )
                                         )
GEORGIA DEPARTMENT OF                    )
CORRECTIONS,                             )
                                         )
TIMOTHY C. WARD,                         )
Individually and in his official capacity, )
TREVONZA BOBBITT,                        )
Individually and in his official capacity, )
VIKKI IRWIN,                             )
Individually and in her official capacity, )
MARJORIE GLOVER,                         )
Individually and in her official capacity, )
CORY OSBORNE,                            )
Individually and in his official capacity, )
KIARA CAIN,                              )
Individually and in her official capacity, )
CHRIS TARVER,                            )
Individually and in his official capacity, )
SHAYLA MCLAIN,                           )
Individually and in her official capacity, )
BARNARD FLORENCE,                        )
Individually and in his official capacity, )
ALYSSA SINGER,                           )
Individually and in her official capacity, )
CHRISTOPHER L. BURKHALTER,               )
Individually and in his official capacity, )

| | |
|---|---|
| **HEATHER FLOWERS,** | ) |
| **Individually and in her official capacity,** | ) |
| **EDWARD ROOKS,** | ) |
| **Individually and in his official capacity,** | ) |
| **STEVE GRINER,** | ) |
| **Individually and in his official capacity,** | ) |
| **NIKILA BLACK,** | ) |
| **Individually and in her official capacity,** | ) |
| **ANGELA FASHANT,** | ) |
| **Individually and in her official capacity,** | ) |
| **SLOBODAN POPOVIC,** | ) |
| **Individually and in his official capacity,** | ) |
| **BOBBY FIGUEROA,** | ) |
| **Individually and in his official capacity,** | ) |
| **AND JOHN AND JANE DOE individuals** | ) |
| **and entities(1-5).,** | ) |
| | ) |
| **Defendants.** | ) |

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served a true and correct copy of the within and foregoing **NOTICE OF APPEARANCE OF COUNSEL** upon all counsel of record by depositing same in the United States Mail with proper postage affixed to ensure delivery and addressed as follows:

Terry D. Jackson, Esq.
Terry D. Jackson, P.C.
600 Edgewood Avenue
Atlanta, GA  30312
terry@terryjacksonlaw.com

This 29th day of December, 2022.

LAW OFFICES OF ZANITA KING-HUGHES


*/s/ Michael L. Wetzel_*
Michael Wetzel
Georgia State Bar No.: 750425
Attorney for Defendants Independent Technologies,
LLC and Dataonline LLC

3655 North Point Parkway, Suite 500-A
Alpharetta, GA 30005
(770) 730-3414
Michael.Wetzel@thehartford.com

E-FILED IN OFFICE - JM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**22-C-07110-S4**

**1/6/2023 8:53 AM**
**TIANA P. GARNER, CLERK**

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

EDWARD LEWIS STANLEY,                 )
                                      )
    Plaintiff,                        )
                                      )
v.                                    )
                                      )       Civil Action
SECURUS TECHNOLOGIES, LLC,            )
A Delaware Limited Liability          )       No. <u>22-C-0711-S4</u>
Company,                              )
ALVIN L. STANLEY, individually        )
and as an agent and employee of       )
SECURUS TECHNOLOGIES, LLC,            )
A Delaware Limited Liability          )
Company,                              )
                                      )
INDEPENDENT TECHNOLOGIES,             )       **JURY TRIAL DEMANDED**
LLC, a Nebraska Limited Liability     )
Company, d/b/a Wintel Phones,         )
DATAONLINE, LLC, a New Jersey         )
Limited Liability Company, D/B/A,     )
ANOVA,                                )
                                      )
GEORGIA DEPARTMENT OF                 )
CORRECTIONS,                          )
                                      )
TIMOTHY C. WARD,                      )
Individually and in his official      )
capacity,                             )
TREVONZA BOBBITT,                     )
Individually and in his official      )
capacity,                             )
VIKKI IRWIN,                          )
Individually and in her official      )
capacity,                             )
MARJORIE GLOVER,                      )
Individually and in her official      )
capacity,                             )

CORY OSBORNE,                        )
Individually and in his official    )
capacity,                           )
KIARA CAIN,                         )
Individually and in her official    )
capacity,                           )
CHRIS TARVER,                       )
Individually and in his official    )
capacity,                           )
SHAYLA McLAIN,                      )
Individually and in her official    )
capacity,                           )
BARNARD FLORENCE,                   )
Individually and in his official    )
capacity,                           )
ALYSSA SINGER,                      )
Individually and in her official    )
capacity,                           )
CHRISTOPHER L. BURKHALTER, )
Individually and in his official    )
capacity,                           )
HEATHER FLOWERS,                    )
Individually and in her official    )
capacity,                           )
EDWARD ROOKS,                       )
Individually and in his official    )
capacity,                           )
STEVE GRINER,                       )
Individually and in his official    )
capacity,                           )
NIKILA BRACK,                       )
Individually and in her official    )
capacity,                           )
ANGELA FASHANT,                     )
Individually and in her official    )
capacity,                           )
SLOBODAN POPOVIC,                   )
Individually and in his official    )
capacity,                           )
BOBBY FIGUEROA,                     )

| Individually and in his official | ) |
| capacity, | ) |
| | ) |
| And, | ) |
| | ) |
| JOHN & JANE DOE individuals & | ) |
| Entities (1-5), | ) |
| | ) |
| Defendants. | ) |

## AFFIDAVIT OF SERVICE OF GLENN CHRISTIAN

Personally appeared before the undersigned officer duly authorized to administer oaths, Glenn Christian who after first being duly sworn, states and deposes as follows:

1.     My name is Glenn Christian, I am of legal age, sound mind and am otherwise competent to make this affidavit.  The matters stated herein are within my personal knowledge and I know them to be true and correct.

2.     On December 15, 2022 at approximately 9:55 p.m., I attempted to serve a copy of the following items:

A.     Summons;

B.     Complaint for Damages;

C.     Motion for Appointment of Private Process Server with Affidavits of Terry D. Jackson and Glenn Christian; and

D.     Proposed Order re: Motion for Appointment of Private Process Server; and

E.     Order granting Motion for Appointment of Private Process Server

in the above-styled matter to defendant Timothy C. Ward at the following address:

> Timothy C. Ward
> 300 Southern Walk Drive
> Milledgeville, GA  31061

3.      There was no answer at the residence at that time, and I left a notice on the door requesting that Mr. Ward contact me.

4.      On December 23, 2022 at approximately 3:57 p.m., I returned to Mr. Ward's residence located at 300 Southern Walk Drive, Milledgville, GA 31061, and said documents were served by handing the same **personally** to Carol Ward who identified herself as the wife of Timothy C. Ward and accepted those documents at that address.

FURTHER AFFIANT SAITH NOT.

Glenn Christian

Sworn to and subscribed before me
this _3_ day of January, 2023.

Notary Public
My Commission Expires

**COASTAL INVESTIGATIONS, LLC**
Investigations Division
139 Live Oak Circle
Pembroke, GA 31321-4733

Page 4 of 4

E-FILED IN OFFICE - JM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**22-C-07110-S4**
**1/6/2023 8:53 AM**
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| EDWARD LEWIS STANLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action |
| SECURUS TECHNOLOGIES, LLC, | ) | |
| A Delaware Limited Liability | ) | No. <u>22-C-0711-S4</u> |
| Company, | ) | |
| ALVIN L. STANLEY, individually | ) | |
| and as an agent and employee of | ) | |
| SECURUS TECHNOLOGIES, LLC, | ) | |
| A Delaware Limited Liability | ) | |
| Company, | ) | |
| | ) | |
| INDEPENDENT TECHNOLOGIES, | ) | **JURY TRIAL DEMANDED** |
| LLC, a Nebraska Limited Liability | ) | |
| Company, d/b/a Wintel Phones, | ) | |
| DATAONLINE, LLC, a New Jersey | ) | |
| Limited Liability Company, D/B/A, | ) | |
| ANOVA, | ) | |
| | ) | |
| GEORGIA DEPARTMENT OF | ) | |
| CORRECTIONS, | ) | |
| | ) | |
| TIMOTHY C. WARD, | ) | |
| Individually and in his official | ) | |
| capacity, | ) | |
| TREVONZA BOBBITT, | ) | |
| Individually and in his official | ) | |
| capacity, | ) | |
| VIKKI IRWIN, | ) | |
| Individually and in her official | ) | |
| capacity, | ) | |
| MARJORIE GLOVER, | ) | |
| Individually and in her official | ) | |
| capacity, | ) | |

CORY OSBORNE,                              )
Individually and in his official          )
capacity,                                 )
KIARA CAIN,                               )
Individually and in her official         )
capacity,                                 )
CHRIS TARVER,                             )
Individually and in his official          )
capacity,                                 )
SHAYLA McLAIN,                            )
Individually and in her official         )
capacity,                                 )
BARNARD FLORENCE,                         )
Individually and in his official          )
capacity,                                 )
ALYSSA SINGER,                            )
Individually and in her official         )
capacity,                                 )
CHRISTOPHER L. BURKHALTER, )
Individually and in his official          )
capacity,                                 )
HEATHER FLOWERS,                          )
Individually and in her official         )
capacity,                                 )
EDWARD ROOKS,                             )
Individually and in his official          )
capacity,                                 )
STEVE GRINER,                             )
Individually and in his official          )
capacity,                                 )
NIKILA BRACK,                             )
Individually and in her official         )
capacity,                                 )
ANGELA FASHANT,                           )
Individually and in her official         )
capacity,                                 )
SLOBODAN POPOVIC,                         )
Individually and in his official          )
capacity,                                 )
BOBBY FIGUEROA,                           )

Individually and in his official )
capacity,                        )
                                 )
And,                             )
                                 )
JOHN & JANE DOE individuals &    )
Entities (1-5),                  )
                                 )
          Defendants.            )

## AFFIDAVIT OF SERVICE OF GLENN CHRISTIAN

Personally appeared before the undersigned officer duly authorized to administer oaths, Glenn Christian who after first being duly sworn, states and deposes as follows:

1.     My name is Glenn Christian, I am of legal age, sound mind and am otherwise competent to make this affidavit.  The matters stated herein are within my personal knowledge and I know them to be true and correct.

2.     On December 15, 2022 at approximately 9:55 p.m., I attempted to serve a copy of the following items:

A.     Summons;

B.     Complaint for Damages;

C.     Motion for Appointment of Private Process Server with Affidavits of Terry D. Jackson and Glenn Christian; and

D.     Proposed Order re: Motion for Appointment of Private Process Server; and

E.     Order granting Motion for Appointment of Private Process Server

in the above-styled matter to defendant Timothy C. Ward at the following address:

> Timothy C. Ward
> 300 Southern Walk Drive
> Milledgeville, GA 31061

3.      There was no answer at the residence at that time, and I left a notice

on the door requesting that Mr. Ward contact me.

4.      On December 23, 2022 at approximately 3:57 p.m., I returned to Mr.

Ward's residence located at 300 Southern Walk Drive, Milledgville, GA 31061,

and said documents were served by handing the same **personally** to Carol Ward

who identified herself as the wife of Timothy C. Ward and accepted those

documents at that address.

FURTHER AFFIANT SAITH NOT.

_____
Glenn Christian

Sworn to and subscribed before me
this  3  day of January, 2023.

_____
Notary Public
My Commission Expires

**COASTAL INVESTIGATIONS, LLC**
Investigations Division
139 Live Oak Circle
Pembroke, GA 31321-4733

Page 4 of 4

E-FILED IN OFFICE - JM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**22-C-07110-S4**

**1/6/2023 8:53 AM**

**TIANA P. GARNER, CLERK**

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| EDWARD LEWIS STANLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 22-C-07110-S4 |
| SECURUS TECHNOLOGIES, LLC, | ) | |
| ET AL., | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendants. | ) | |

## NOTICE OF FILING AFFIDAVITS OF SERVICE

COMES NOW Plaintiff and files the following Affidavits of Service:

25.     Douglas County, Nebraska, Sheriff's Affidavit of Service for service on Independent Technologies, LLC d/b/a Wintel Phones on December 13, 2022;

26.     Jeff Davis County Sheriff's Entry of Service for service on Alvin L. Stanley on December 15, 2022;

27.     Appling County Sheriff's Entry of Service for service on Edward Rooks on December 15, 2022;

28.     Emanuel County Sheriff's Entry of Service for service on Alyssa Singer on December 19, 2022;

29.     Affidavit of Service of Glenn Christian for service on Timothy C. Ward on December 23, 2022;

30.     Baldwin County Sheriff's Entry of Service for service on Timothy C.

Ward on December 28, 2022; and

31.     Emanuel County Sheriff's Entry of Service for attempted service on

Chris Tarver on December 28, 2022.

Dated:        January 6, 2023.

RESPECTFULLY SUBMITTED,

**COUNSEL FOR PLAINTIFF
EDWARD LEWIS STANLEY:**

By:     */s/ Terry D. Jackson*                     
TERRY D. JACKSON
Georgia Bar No. 386033



*"We Know Trucks"*
*www.terryjacksonlaw.com*

TERRY D. JACKSON, P.C.
600 Edgewood Avenue
Atlanta, Georgia 30312
(404) 216-5312 cell
(404) 659-2400 office
(404) 659-2414 fax
terry@terryjacksonlaw.com

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

EDWARD LEWIS STANLEY,    )
    )
    Plaintiff,    )
    )
v.    )
    )    Civil Action No. 22-C-07110-S4
SECURUS TECHNOLOGIES, LLC, )
ET AL.,    )
    )
    Defendants.    )

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a true and correct copy of the within and foregoing **NOTICE OF FILING AFFIDAVITS OF SERVICE** upon the parties by placing same in a properly addressed envelope with adequate postage affixed thereon via First Class U.S. Mail, e-filing, or by hand delivery as directed by the Court to:

Securus Technologies, LLC
c/o CT Corporation System, Registered Agent
289 S. Culver Street
Lawrenceville, GA  30046

Michael Wetzel
Law Offices of Zanita King-Hughes
3655 North Point Parkway, Suite 500-A
Alpharetta, GA 30005
Michael.wetzel@thehartford.com
*Counsel for Defendants Independent Technologies, LLC d/b/a Wintel Phones & Dataonline LLC d/b/a Anova*

Timothy C. Ward, Commissioner
Georgia Department of Corrections, Headquarters
7 MLK Jr. Drive, Suite 543
Atlanta, GA  30334

Wade Damron, Director Risk Management Services Division
Georgia Department of Administrative Services
200 Piedmont Avenue SE, Suite 1220 West Tower
Atlanta, GA 30334

Christopher M. Carr, Attorney General
State of Georgia
40 Capitol Square, S.W.
Atlanta, GA 30334

Timothy C. Ward
300 Southern Walk Drive
Milledgeville, GA  31061

Trevonza Bobbitt
427 1st Avenue South
Reidsville, GA 30453

Vikki Irwin
25 1st Avenue South
Reidsville, GA 30453

Marjorie Glover
1421 Peachtree Road
Reidsville, GA 30453

Cory Osborne
98 Oak Avenue
Reidsville, GA 30453

Kiara Cain
114 ½ South Baker Street
Glennville, GA 30427

Shayla McLain
93 3rd Avenue West
Reidsville, GA 30453

Angela Fashant
122 3rd Avenue West
Reidsville, GA 30453

Slobodan Popovic
427 Auburn Road
Glennville, GA 30427

Barnard Florence
12800 Burkhalter Road
Statesboro, GA 30461

Nikila Brack
305 Hodges Circle
Statesboro, GA 30458

Chris Tarver
145 Peachtree Street
Swainsboro, GA 30401

Alyssa Singer
2096 GA Highway 192 North
Midville, GA 30441-4502

Christopher L. Burkhalter
631 Victory Circle
Lyons, GA 30436

Heather Flowers
485 Regency Road
Vidalia, GA 30474

Edward Rooks
969 Hatch Parkway North
Baxley, GA 31513

Steve Griner
111 Lakeview Drive
Sandersville, GA 31082

Bobby Figueroa
554 Oak Ridge Road
Soperton, GA 30457

Alvin Stanley
24 Cactus Circle
Hazelhurst, GA 31539

Dated:          January 6, 2023.

RESPECTFULLY SUBMITTED,

**COUNSEL FOR PLAINTIFF
EDWARD LEWIS STANLEY:**

By:     _/s/ Terry D. Jackson_
        TERRY D. JACKSON
        Georgia Bar No. 386033



_"We Know Trucks"_
_www.terryjacksonlaw.com_

TERRY D. JACKSON, P.C.
600 Edgewood Avenue
Atlanta, Georgia 30312
(404) 216-5312 cell
(404) 659-2400 office
(404) 659-2414 fax
terry@terryjacksonlaw.com

E-FILED IN OFFICE - JM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**22-C-07110-S4**
**1/6/2023 8:53 AM**
TIANA P. GARNER, CLERK

Civil Action No. __22 -C- 07110 - S4__

Date Filed __December 8, 2022__

State Court ☐
Magistrate Court ☐
Georgia, ~~DeKalb~~ County
    Emanuel

**Attorney's Address**

☐   Terry D. Jackson, P.C.
    600 Edgewood Avenue
    Atlanta, GA 30312
    terry@terryjacksonlaw.com ☐

__Edward Lewis Stanley__
                                  Plaintiff

VS.

__Securus Technologies, LLC et al.__

**Name and Address of Party to be Served**

__Alyssa Singer__

__2096 GA Highway 192 North__

__Midville, GA 30441-4502__

_____
                                  Defendant

_____

_____

_____
                                  Garnishee

### MARSHAL/SHERIFF'S ENTRY OF SERVICE

**PERSONAL** ☐ I have this day served the defendant __ALYSSA SINGER__ personally with a copy of the within action and summons.

**RESIDENCE** ☐ I have this day served the defendant_____ by leaving a copy of the action and summons at (his/her) dwelling house or usual place of abode with a person of suitable age and discretion residing therein; delivered same into the hands of _____ described as follows: age, about _____ years; weight, about _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of defendant.

**CORPORATION** ☐ Served the defendant _____ by leaving a copy of the within action and summons with _____ in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL** ☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST** ☐ Diligent search made and defendant_____ not to be found in the jurisdiction of this Court.

RECEIVED
DEC 19 2022
59201
Emanuel Co. Sheriff Office

This __19__ day of __DEC__, 20__22__.

__FRANK NASWORTHY R 24__
                                  Deputy

**SHERIFF DOCKET_____   PAGE_____**

marshalservice/2007

E-FILED IN OFFICE - JM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
22-C-07110-S4
1/6/2023 8:53 AM
TIANA P. GARNER, CLERK

Civil Action No. _22-C-07110-S4_

Date Filed _December 8, 2022_

State Court ☐
Magistrate Court ☐
Georgia, ~~Dekalb~~ County
Appling

**Attorney's Address**

┌      Terry D. Jackson, P.C.      ┐
       600 Edgewood Avenue
       Atlanta, GA 30312
       terry@terryjacksonlaw.com
└                              ┘

**Name and Address of Party to be Served**

_Edward Rooks_
_9169 Hatch Parkway, North_
_Baxley, GA 31513_

_Edward Lewis Stanley_
Plaintiff

VS.

_Securus Technologies LLC et al_
Defendant

Garnishee

## MARSHAL/SHERIFF'S ENTRY OF SERVICE

**PERSONAL** ☒ I have this day served the defendant _Edward Rooks_ personally with a copy of the within action and summons.

**RESIDENCE** ☐ I have this day served the defendant_____ by leaving a copy of the action and summons at (his/her) dwelling house or usual place of abode with a person of suitable age and discretion residing therein; delivered same into the hands of _____ described as follows: age, about _____ years; weight, about _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of defendant.

**CORPORATION** ☐ Served the defendant _____ by leaving a copy of the within action and summons with _____ in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL** ☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST** ☐ Diligent search made and defendant_____ not to be found in the jurisdiction of this Court.

This _15_ day of _Dec_, 20_22_.

_____
Deputy

**SHERIFF DOCKET_____ PAGE_____**

marshalservice/2007

**Serve:** Edward Rooks  22-12-024
969 Hatch Pkwy S

SERVE BY: Personal Service ONLY  SERVE BY:

| Date | Time | Result | Badge # |
|------|------|--------|---------|
|  |  |  |  |
| 12-14-22 |  | not home | 104 |
| 12/15/2 |  | Served | 104 |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

Comments: US 1 North 2nd LEFT past Sursson St.

√

01-100695

E-FILED IN OFFICE - JM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

22-C-07110-S4

1/6/2023 8:53 AM
TIANA P. GARNER, CLERK

Civil Action No. __22-C-07110-S4__

Date Filed __December 8, 2022__

State Court ☐
Magistrate Court ☐
Georgia, ~~DeKalb~~ County
Baldwin

**Attorney's Address**

┌
   Terry D. Jackson, P.C.
   600 Edgewood Avenue
   Atlanta, GA 30312
   terry@terryjacksonlaw.com
└                           ┘

**Name and Address of Party to be Served**

__Timothy Ward__

__300 Southern Walk Drive__

__Milledgeville, GA 31061__

__Edward Lewis Stanley__
                              Plaintiff

VS.

__Securus Technologies LLC et al__

_____
                              Defendant

_____

_____
                              Garnishee

## MARSHAL/SHERIFF'S ENTRY OF SERVICE

**PERSONAL** ☐
I have this day served the defendant __TIMOTHY WARD__ personally with a copy of the within action and summons.

**RESIDENCE** ☐
I have this day served the defendant_____ by leaving a copy of the action and summons at (his/her) dwelling house or usual place of abode with a person of suitable age and discretion residing therein; delivered same into the hands of _____ described as follows: age, about _____ years; weight, about _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of defendant.

**CORPORATION** ☐
Served the defendant _____ by leaving a copy of the within action and summons with _____ in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL** ☐
I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST** ☐
Diligent search made and defendant_____ not to be found in the jurisdiction of this Court.

This __28__ day of __DEC__ , 20 __22__   __S Simon__
                                                      Deputy

**SHERIFF DOCKET**_____ **PAGE**_____

marshalservice/2007

E-FILED IN OFFICE - JM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

22-C-07110-S4

1/6/2023 8:53 AM
TIANA P. GARNER, CLERK

Civil Action No. 22-C-07110-S4

Date Filed December 8, 2022

State Court
Magistrate Court
Georgia, ~~DeKalb~~ County
Appling

**Attorney's Address**

⌐      Terry D. Jackson, P.C.           ⌐
600 Edgewood Avenue
Atlanta, GA 30312
terry@terryjacksonlaw.com
∟                                      ⌐

**Name and Address of Party to be Served**

Chris Tarver

486 W. Tollison Street

Baxley, GA 31513-8681

Edward Lewis Stanley

_____ Plaintiff

VS.

Securus Technologies, LLC et al.

_____ Defendant

_____

_____

_____ Garnishee

### MARSHAL/SHERIFF'S ENTRY OF SERVICE

**PERSONAL** ☐  I have this day served the defendant_____ personally with a copy of the within action and summons.

**RESIDENCE** ☐  I have this day served the defendant_____ by leaving a copy of the action and summons at (his/her) dwelling house or usual place of abode with a person of suitable age and discretion residing therein; delivered same into the hands of _____ described as follows: age, about _____ years; weight, about _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of defendant.

**CORPORATION** ☐  Served the defendant _____ by leaving a copy of the within action and summons with _____ in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL** ☐  I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST** ☐  Diligent search made and defendant_____Chris Tarver_____ not to be found in the jurisdiction of this Court.

This 26 day of Dec , 20___.

_____
Deputy

SHERIFF DOCKET_____ PAGE_____

marshalservice/2007

**Serve:** Chris Tarver  22-12-058

486 W Tollison St

*Never Lived At this Address*

SERVE BY: Personal Service ONLY   SERVE BY

| Date | Time | Result | Badge # |
|------|------|--------|---------|
| 12-28-22 | 3:25 | Does m + Love hem | 131 |
| 12/28/22 | | moved | 104 |
| _____ / | _____ / | _____ / | _____ |
| Date | Time | Result | Badge # |
| _____ / | _____ / | _____ / | _____ |
| Date | Time | Result | Badge # |
| _____ / | _____ / | _____ / | _____ |
| Date | Time | Result | Badge # |
| _____ / | _____ / | _____ / | _____ |
| Date | Time | Result | Badge # |
| _____ / | _____ / | _____ / | _____ |
| Date | Time | Result | Badge # |

Comments:   S Main St. RIGHT on W Tollison St

2nd RIGHT past Crowder St.

STATE OF NEBRASKA }     SHERIFF #:     22022043
                 } §    COURT CASE #: OS 22C07110S4
COUNTY OF DOUGLAS }     COURT DOC #:
                             ATTY:          A - MAIL BACK TO ATTORNEY

RE: EDWARD LEWIS STANLEY V. SECURUS TECHNOLOGIES, LLC, ET AL

E-FILED IN OFFICE - JM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

22-C-07110-S4
1/6/2023 8:53 AM
TIANA P. GARNER, CLERK

RECEIVED DATE: DECEMBER 12, 2022

SERVICE ON: INDEPENDENT TECHNOLOGIES, LLC D/B/A WINTEL PHONES

ACTION TYPE AND PAPER TYPE: SUMMONS OUTSTATE, SUMMONS, JURY TRIAL DEMANDED, COMPLAINT FOR DAMAGES, MOTION FOR APPOINTMENT OF PRIVATE PROCESS SERVER, AFFIDAVIT OF GLENN CHRISTIAN IN SUPPORT OF APPOINTMENT OF PRIVATE PROCESS SERVER, AFFIDAVIT OF COUNSEL FOR APPOINTMENT OF PRIVATE PROCESS SERVER GLENN CHRISTIAN, ORDER

RETURNED: SERVED

SERVICE TYPE: COMPANY LEAVE

SERVEE: MICHAEL KIVETT

RELATIONSHIP: REGISTERED AGENT

SERVICE DATE/TIME: DECEMBER 13, 2022 10:15 AM

SERVICE RECORD:

12/13/2022  10:15 AM     SERVED @ WALENTINE O'TOOLE LLP 11240 DAVENPORT
                           STREET  OMAHA NE

*Dennis Dutton* (signature)

DENNIS DUTTON, DESIGNATED AGENT OF THE SHERIFF
AUTHORIZED AND APPOINTED BY THOMAS J. WHEELER, SHERIFF

| | | |
|---|---|---|
| SERVICE | $50.00 | PAID |
| TOTAL | $50.00 | |

*J Wheeler* (signature)

*Crystal Vlcek* (signature)
12/14/2022

GENERAL NOTARY - State of Nebraska
CRYSTAL VLCEK
My Comm. Exp. June 26, 2023

STATE OF NEBRASKA }  
               } §  
COUNTY OF DOUGLAS }

SHERIFF #:      22022043  
COURT CASE #: OS 22C07110S4  
COURT DOC #:  
ATTY:          A - MAIL BACK TO ATTORNEY

RE: EDWARD LEWIS STANLEY V. SECURUS TECHNOLOGIES, LLC, ET AL

E-FILED IN OFFICE - JM  
CLERK OF STATE COURT  
GWINNETT COUNTY, GEORGIA  
22-C-07110-S4  
1/6/2023 8:53 AM  
TIANA P. GARNER, CLERK

RECEIVED DATE: DECEMBER 12, 2022

SERVICE ON: INDEPENDENT TECHNOLOGIES, LLC D/B/A WINTEL PHONES

ACTION TYPE AND PAPER TYPE: SUMMONS OUTSTATE, SUMMONS, JURY TRIAL DEMANDED, COMPLAINT FOR DAMAGES, MOTION FOR APPOINTMENT OF PRIVATE PROCESS SERVER, AFFIDAVIT OF GLENN CHRISTIAN IN SUPPORT OF APPOINTMENT OF PRIVATE PROCESS SERVER, AFFIDAVIT OF COUNSEL FOR APPOINTMENT OF PRIVATE PROCESS SERVER GLENN CHRISTIAN, ORDER

RETURNED: SERVED

SERVICE TYPE: COMPANY LEAVE

SERVEE: MICHAEL KIVETT

RELATIONSHIP: REGISTERED AGENT

SERVICE DATE/TIME: DECEMBER 13, 2022 10:15 AM

SERVICE RECORD:

12/13/2022  10:15 AM    SERVED @ WALENTINE O'TOOLE LLP 11240 DAVENPORT  
                           STREET  OMAHA NE

_Dennis Dutton_

DENNIS DUTTON, DESIGNATED AGENT OF THE SHERIFF  
AUTHORIZED AND APPOINTED BY THOMAS J. WHEELER, SHERIFF

| | | |
|---|---|---|
| SERVICE | $50.00 | PAID |
| TOTAL | $50.00 | |

_Crystal Vlcek_  
12/14/2022

GENERAL NOTARY - State of Nebraska  
CRYSTAL VLCEK  
My Comm. Exp. June 26, 2023

© Tyler Technologies     NE_Douglas_ServiceReturnBulk_C11.rpt

E-FILED IN OFFICE - AK
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**22-C-07110-S4**
**1/9/2023 4:52 PM**
**TIANA P. GARNER, CLERK**

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

EDWARD LEWIS STANLEY,                      :
                                           :
        Plaintiff,                         :
                                           :
vs.                                        :       CIVIL ACTION FILE NO.
                                           :       22-C-07110-S4
SECURUS TECHNOLOGIES, LLC.,                :
a Delaware Limited Liability Company,      :
ALVIN STANLEY, Individually and as         :
an agent and employee of SECURUS           :
TECHNOLOGIES, LLC., a Delaware             :
Limited Liability Company,                 :
                                           :
INDEPENDENT TECHNOLOGIES, LLC,             :
a Nebraska Limited Liability Company,      :
d/b/a Wintel Phones, DATAONLINE, LLC,      :
a New Jersey Limited Liability Company,    :
d/b/a ANOVA,                               :
                                           :
GEORGIA DEPARTMENT OF                      :
CORRECTIONS,                               :
                                           :
TIMOTHY C. WARD, Individually and in       :
official capacity,                         :
TREVONZA BOBBITT, Individually and         :
in his official capacity,                  :
VIKKI IRWIN, Individually and in her       :
official capacity,                         :
MARJORIE GLOVER, Individually and          :
in her official capacity,                  :
CORY OSBORNE, Individually and in          :
his official capacity,                     :
KIARA CAIN, Individually and in her        :
official capacity,                         :
CHRIS TARVER, Individually and             :
in his official capacity,                  :
SHAYLA McLAIN, Individually and in her     :
official capacity,                         :
BARNARD FLORENCE, Individually and         :
in his official capacity,                  :
ALYSSA SINGER, Individually and in her     :
official capacity,                         :

CHRISTOPHER L. BURKHALTER,              :
Individually and in his official capacity,   :
HEATHER FLOWERS, Individually and       :
in her official capacity,                     :
EDWARD ROOKS, Individually and          :
in his official capacity,                     :
STEVE GRINER, Individually and          :
in his official capacity,                     :
NIKILA BRACK, Individually and          :
in his official capacity,                     :
ANGELA FASHANT, Individually and       :
in her official capacity,                     :
SLOBODAN POPOVIC, Individually and     :
in his official capacity,                     :
BOBBY FIGUEROA, Individually and       :
in his official capacity,                     :
                                              :
And                                           :
                                              :
JOHN & JANE DOE, Individuals            :
Entities (1-5),                             :
                                              :
Defendants.                                   :

## ANSWER AND DEFENSES OF DEFENDANTS GEORGIA DEPARTMENT OF CORRECTIONS, WARD, BOBBITT, IRWIN, GLOVER, OSBORNE, FLORENCE, AND FLOWERS

COME NOW Georgia Department of Correction ("DOC"), Timothy C. Ward, Trevonza Bobbitt, Vikki Irwin, Marjorie Glover, Cory Osborne, Barnard Florence, and Heather Flowers, named defendants in the above-styled civil action, and respond to Plaintiff's Complaint for Damages ("Complaint") as follows:

### FIRST DEFENSE

The Complaint fails to state a claim against these Defendants upon which relief can be granted.

### SECOND DEFENSE

This action is barred in whole or in part by the doctrine of sovereign immunity.

## THIRD DEFENSE

Plaintiff's Complaint should be dismissed due to failure of process, improper service of process, insufficiency of service of process, and failure to comply with O.C.G.A. § 50-21-35. Specifically, Plaintiff has failed to cause process to be served upon Defendant Edward Rooks.

## FOURTH DEFENSE

This Court lacks personal jurisdiction over Defendant Edward Rooks

## FIFTH DEFENSE

Subject matter jurisdiction is lacking to the extent that this action is barred by sovereign immunity.

## SIXTH DEFENSE

Venue is improper in Gwinnett County.  Venue would be proper in Tattnall County.

## SEVENTH DEFENSE

These Defendants deny that they were negligent or otherwise guilty of any wrongful act alleged in Plaintiff's Complaint.

## EIGHTH DEFENSE

Defendant DOC's employees committed no negligent, or otherwise tortious, act or omission that would entitle the Plaintiff to recover against these Defendants in this case.

## NINTH DEFENSE

The sole proximate cause of Plaintiff's alleged injuries and damages, if any sustained, was the negligence of a person or persons for whose acts or omissions these Defendants were and are not liable, with the result that the Plaintiff is not entitled to recover against these Defendants in this case.

<u>TENTH DEFENSE</u>

Plaintiff's action against these Defendants is barred in whole or in part by the doctrines of contributory or comparative negligence.

<u>ELEVENTH DEFENSE</u>

Plaintiff's alleged injuries and damages were not proximately caused by an act or omission on the part of these Defendants, with the result that the Plaintiff is not entitled to recover against these Defendants in this case.

<u>TWELFTH DEFENSE</u>

The Plaintiff is statutorily precluded from recovering an amount in excess of the limitation on damages contained in O.C.G.A. § 50-21-29(b).

<u>THIRTEENTH DEFENSE</u>

Plaintiff's action against Defendant DOC should be dismissed to the extent it seeks recovery for punitive damages or interest prior to judgment, because such damages and interest are not permitted pursuant to O.C.G.A. § 50-21-30.

<u>FOURTEENTH DEFENSE</u>

Plaintiff's action against these Defendants is barred in whole or in part because these Defendants breached no duty that they owed to the Plaintiff.

<u>FIFTEENTH DEFENSE</u>

This action is barred in whole or in part by the doctrine of proximate cause.

<u>SIXTEENTH DEFENSE</u>

This action is barred in whole or in part by the doctrine of avoidance of consequences.

## SEVENTEENTH DEFENSE

Plaintiff's claims against the State employee Defendants are barred by the doctrine of qualified immunity.

## EIGHTEENTH DEFENSE

These Defendants deny that Plaintiff has been subjected to the deprivation of any right, privilege, or immunities under the Constitution or laws of the United States.

## NINETEENTH DEFENSE

These Defendants cannot be held liable for any actions involving Plaintiff in which they did not directly participate or of which they had no knowledge.

## TWENTIETH DEFENSE

These Defendants have not caused Plaintiff any cognizable injury.

## TWENTY-FIRST DEFENSE

Plaintiff's federal claims are barred because he failed to exhaust the available administrative remedies.

## TWENTY-SECOND DEFENSE

Answering the specific paragraphs of Plaintiffs' Complaint, these Defendants show the following:

1.

In response to the allegations contained in paragraph 1 of the Complaint, these Defendants deny jurisdiction and venue are proper in this Court and admit any remaining allegations contained in paragraph 1.

2.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint, and thus can neither admit nor deny the same.

3.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint, and thus can neither admit nor deny the same.

4.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint, and thus can neither admit nor deny the same.

5.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint, and thus can neither admit nor deny the same.

6.

In response to the allegations contained in paragraph 6 of the Complaint, these Defendants show that service of process on Defendant DOC must be perfected as set forth in O.C.G.A. § 50-21-35.

7.

In response to the allegations contained in paragraph 7 of the Complaint, these Defendants show that service of process must be perfected as set forth in O.C.G.A. § 50-21-35.

8.

These Defendants admit the allegations contained in paragraph 8 of the Complaint.

9.

These Defendants admit the allegations contained in paragraph 9 of the Complaint.

10.

These Defendants deny the allegations contained in paragraph 10 of the Complaint.

11.

These Defendants admit that Ward is or has been a Georgia resident.  For reasons of security, these Defendants decline to respond further to the allegations in this paragraph except to deny that jurisdiction and venue are proper in this Court.

12.

These Defendants admit that Bobbitt is or has been a Georgia resident.  For reasons of security, these Defendants decline to respond further to the allegations in this paragraph except to deny that jurisdiction and venue are proper in this Court.

13.

These Defendants admit that Irwin is or has been a Georgia resident.  For reasons of security, these Defendants decline to respond further to the allegations in this paragraph except to deny that jurisdiction and venue are proper in this Court.

14.

These Defendants admit that Glover is or has been a Georgia resident.  For reasons of security, these Defendants decline to respond further to the allegations in this paragraph except to deny that jurisdiction and venue are proper in this Court.

15.

These Defendants admit that Osborne is or has been a Georgia resident.  For reasons of security, these Defendants decline to respond further to the allegations in this paragraph except to deny that jurisdiction and venue are proper in this Court.

16.

These Defendants admit that Cain is or has been a Georgia resident.  For reasons of security, these Defendants decline to respond further to the allegations in this paragraph except to deny that jurisdiction and venue are proper in this Court.

17.

These Defendants admit that Tarver is or has been a Georgia resident.  For reasons of security, these Defendants decline to respond further to the allegations in this paragraph except to deny that jurisdiction and venue are proper in this Court.

18.

These Defendants admit that McLain is or has been a Georgia resident.  For reasons of security, these Defendants decline to respond further to the allegations in this paragraph except to deny that jurisdiction and venue are proper in this Court.

19.

These Defendants admit that Florence is or has been a Georgia resident.  For reasons of security, these Defendants decline to respond further to the allegations in this paragraph except to deny that jurisdiction and venue are proper in this Court.

20.

These Defendants admit that Singer is or has been a Georgia resident.  For reasons of security, these Defendants decline to respond further to the allegations in this paragraph except to deny that jurisdiction and venue are proper in this Court.

21.

These Defendants admit that Burkhalter is or has been a Georgia resident.  For reasons of security, these Defendants decline to respond further to the allegations in this paragraph except to deny that jurisdiction and venue are proper in this Court.

22.

These Defendants admit that Flowers is or has been a Georgia resident.  For reasons of security, these Defendants decline to respond further to the allegations in this paragraph except to deny that jurisdiction and venue are proper in this Court.

23.

These Defendants admit that Rooks is or has been a Georgia resident.  For reasons of security, these Defendants decline to respond further to the allegations in this paragraph except to deny that jurisdiction and venue are proper in this Court.

24.

These Defendants admit that Griner is or has been a Georgia resident.  For reasons of security, these Defendants decline to respond further to the allegations in this paragraph except to deny that jurisdiction and venue are proper in this Court.

25.

These Defendants admit that Brack is or has been a Georgia resident.  For reasons of security, these Defendants decline to respond further to the allegations in this paragraph except to deny that jurisdiction and venue are proper in this Court.

26.

These Defendants admit that Fashant is or has been a Georgia resident.  For reasons of security, these Defendants decline to respond further to the allegations in this paragraph except to deny that jurisdiction and venue are proper in this Court.

27.

These Defendants admit that Popovic is or has been a Georgia resident.  For reasons of security, these Defendants decline to respond further to the allegations in this paragraph except to deny that jurisdiction and venue are proper in this Court.

28.

These Defendants admit that Figueroa is or has been a Georgia resident.  For reasons of security, these Defendants decline to respond further to the allegations in this paragraph except to deny that jurisdiction and venue are proper in this Court.

29.

In response to the allegations contained in the paragraph 29 of the Complaint, these Defendants admit that Defendant DOC's employees were acting within the scope of their employment with DOC at all times relevant to the allegations in the Complaint and deny any remaining allegations contained in paragraph 29.

30.

The allegations contained in paragraph 30 of the Complaint do not require a response from these Defendants, but to the extent these allegations require a response, they are denied.

31.

The allegations contained in paragraph 31 of the Complaint do not require a response from these Defendants, but to the extent these allegations require a response, they are denied.

**RESPONSE TO FACTUAL ALLEGATIONS**

32.

These Defendants admit the allegations contained in paragraph 32 of the Complaint.

33.

These Defendants admit the allegations contained in paragraph 33 of the Complaint.

34.

These Defendants admit the allegations contained in paragraph 34 of the Complaint.

35.

These Defendants admit the allegations contained in paragraph 35 of the Complaint.

36.

These Defendants admit the allegations contained in paragraph 36 of the Complaint.

37.

In response to the allegations contained in paragraph 37 of the Complaint, these Defendants admit that Defendant Securus provided the subject telephone.  These Defendants are without sufficient information to form a belief as to the remaining allegations and so deny those allegations.

38.

These Defendants deny the allegations contained in paragraph 38 of the Complaint.

-11-

39.

These Defendants are without sufficient information to form a belief as to the truth of these allegations and so deny those allegations.

40.

These Defendants deny the allegations contained in paragraph 40 of the Complaint.

41.

These Defendants deny the allegations contained in paragraph 41 of the Complaint and deny that any warning was required.

42.

These Defendants admit the allegations contained in paragraph 42 of the Complaint.

43.

These Defendants admit the allegations contained in paragraph 43 of the Complaint.

44.

These Defendants admit the allegations contained in paragraph 44 of the Complaint.

45.

These Defendants admit the allegations contained in paragraph 45 of the Complaint.

46.

These Defendants admit the allegations contained in paragraph 46 of the Complaint.

47.

In response to the allegations contained in paragraph 47 of the Complaint, these Defendants admit that neither Defendants Cain nor Glover sent a guard to investigate the smoke when they first learned of it because no guards were available to investigate further and admit the remaining allegations contained in paragraph 47.

48.

In response to the allegations contained in paragraph 48 of the Complaint, these Defendants admit that Defendant Burkhalter was made aware of the smoke in the K2 Dorm when he came on duty and that he did not immediately investigate the matter because he believed an Officer In Charge was being sent to investigate and deny any remaining allegations contained in paragraph 48.

49.

In response to the allegations contained in paragraph 49 of the Complaint, these Defendants admit that Defendant Flowers was informed that smoke had been seen prior to her shift and that Defendant Flowers did not report the smoke again and deny any remaining allegations contained in paragraph 49.

50.

In response to the allegations contained in paragraph 50 of the Complaint, these Defendants admit that Defendants Rooks and Burkhalter spoke with Plaintiff while conducting a count in the K2 Dorm that began at 1950 hours, admit that Plaintiff informed Defendants Rooks and Burkhalter that he had been burned, and deny any remaining allegations contained in paragraph 50.

51.

In response to the allegations contained in paragraph 51 of the Complaint, these Defendants admit that Defendants Rooks and Burkhalter entered Plaintiff's cell and reported his injuries to their supervisors and medical staff at approximately 2200 hours.

52.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the Complaint, and thus can neither admit nor deny the same.

53.

These Defendants admit the allegations contained in paragraph 53 of the Complaint.

54.

In response to the allegations contained in paragraph 54 of the Complaint, these Defendants admit that Nurse McGuire was escorted by Defendant McLain while on evening insulin duty in the K2 Dorm on the evening of the subject incident and deny any remaining allegations contained in paragraph 54.

55.

These Defendants admit the allegations contained in paragraph 55 of the Complaint.

56.

These Defendants admit the allegations contained in paragraph 56 of the Complaint.

57.

These Defendants admit the allegations contained in paragraph 57 of the Complaint.

58.

These Defendants state that any exhibits speak for themselves.  These Defendants otherwise admit the allegations contained in paragraph 58 of the Complaint.

59.

These Defendants admit the allegations contained in paragraph 59 of the Complaint.

60.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 60 of the Complaint, and thus can neither admit nor deny the same.

61.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61 of the Complaint, and thus can neither admit nor deny the same.

62.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62 of the Complaint, and thus can neither admit nor deny the same.

63.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 63 of the Complaint, and thus can neither admit nor deny the same.

64.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 64 of the Complaint, and thus can neither admit nor deny the same.

65.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 65 of the Complaint, and thus can neither admit nor deny the same.

66.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 66 of the Complaint, and thus can neither admit nor deny the same.

67.

These Defendants state that any exhibits speak for themselves.  In response to the allegations contained in paragraph 67 of the Complaint, these Defendants otherwise admit that Plaintiff was flown to Augusta where his burns were treated, including amputations of both of his legs, and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 67, and thus can neither admit nor deny the same.

68.

In response to the allegations contained in paragraph 68 of the Complaint, these Defendants admit that Plaintiff was burned in his cell, leading to amputations of both his legs, deny that Plaintiff bears no fault for his injuries, and are without knowledge of information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 68, and thus can neither admit nor deny the same.

69.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69 of the Complaint, and thus can neither admit nor deny the same.

70.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70 of the Complaint, and thus can neither admit nor deny the same.

71.

These Defendants deny the allegations contained in paragraph 71 of the Complaint.

**Response to Section I. Claims Against Securus, Its Employee Alvin Stanley, and Wintel**
*Response to Subsection I(a) Negligence by Securus And Its Employees*

72.

These Defendants incorporate their responses to paragraphs 1 through 71, above, as if restated in full and set forth specifically herein.

73.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 73 of the Complaint, and thus can neither admit nor deny the same.

74.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 74 of the Complaint, and thus can neither admit nor deny the same.

75.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 75 of the Complaint, and thus can neither admit nor deny the same.

76.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 76 of the Complaint, and thus can neither admit nor deny the same.

77.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 77 of the Complaint, and thus can neither admit nor deny the same.

78.

The allegations contained in paragraph 78 of the Complaint do not require a response from these Defendants, but to the extent these allegations require a response, they are denied.

### *Response to Subsection I(b) Strict Liability & Negligent Failure to Warn for the Wintel Defendants*

79.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 79 of the Complaint, and thus can neither admit nor deny the same.

80.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 80 of the Complaint, and thus can neither admit nor deny the same.

81.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 81 of the Complaint, and thus can neither admit nor deny the same.

82.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 82 of the Complaint, and thus can neither admit nor deny the same.

83.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 83 of the Complaint, and thus can neither admit nor deny the same.

84.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 84 of the Complaint, and thus can neither admit nor deny the same.

85.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 85 of the Complaint, and thus can neither admit nor deny the same.

86.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 86 of the Complaint, and thus can neither admit nor deny the same.

87.

The allegations contained in paragraph 87 of the Complaint do not require a response from these Defendants, but to the extent these allegations require a response, they are denied.

88.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 88 of the Complaint, and thus can neither admit nor deny the same.

## **Response to Section II. Claims Against The Georgia Department of Corrections Under The Tort Claims Act**

89.

These Defendants incorporate their responses to paragraphs 1 through 88, above, as if restated in full and set forth specifically herein.

90.

These Defendants deny the allegations contained in paragraph 90 of the Complaint.

91.

These Defendants deny the allegations contained in paragraph 91 of the Complaint.

92.

These Defendants deny the allegations contained in paragraph 92 of the Complaint.

93.

These Defendants deny the allegations contained in paragraph 93 of the Complaint.

94.

These Defendants deny the allegations contained in paragraph 94 of the Complaint.

95.

These Defendants deny the allegations contained in paragraph 95 of the Complaint.

96.

These Defendants deny the allegations contained in paragraph 96 of the Complaint.

97.

These Defendants deny the allegations contained in paragraph 97 of the Complaint.

98.

These Defendants deny the allegations contained in paragraph 98 of the Complaint.

99.

These Defendants deny the allegations contained in paragraph 99 of the Complaint.

100.

These Defendants deny the allegations contained in paragraph 100 of the Complaint.

101.

These Defendants deny the allegations contained in paragraph 101 of the Complaint.

102.

These Defendants deny the allegations contained in paragraph 102 of the Complaint.

103.

The allegations contained in paragraph 103 of the Complaint do not require a response from these Defendants, but to the extent these allegations require a response, these Defendants deny they are liable to Plaintiff.

104.

These Defendants deny the allegations contained in paragraph 104 of the Complaint.

105.

In response to the allegations contained in paragraph 105 of the Complaint, these Defendants deny they were negligent and deny they are liable to Plaintiff.

**Response to Section III. 49 U.S.C. § Claims Against The Georgia Department of Corrections Employees Sued in their Individual and Official Capacities—Defendants Ward, Bobbitt, Irwin, Figueroa, Glover, Osborne, Cain, McLain, Tarver, Florence, Singer, Burkhalter, Flowers, Rooks, Griner, Brack, Fashant, and Popovic**

106.

These Defendants incorporate their responses to paragraphs 1 through 105, above, as if restated in full and set forth specifically herein.

107.

These Defendants deny the allegations contained in paragraph 107 of the Complaint.

108.

These Defendants deny the allegations contained in paragraph 108 of the Complaint.

109.

These Defendants deny the allegations contained in paragraph 109 of the Complaint.

110.

These Defendants admit that Cain and Glover did tell certain persons concerning the smoke in K2 Dorm. These Defendants deny the remaining allegations contained in paragraph 110 of the Complaint.

111.

These Defendants deny the allegations contained in paragraph 111 of the Complaint.

112.

These Defendants deny the allegations contained in paragraph 112 of the Complaint.

113.

These Defendants admit that Nurse McGuire assessed Stanley and assisted in obtaining medical attention for him. These Defendants deny the remaining allegations contained in paragraph 113 of the Complaint.

114.

These Defendants deny the allegations contained in paragraph 114 of the Complaint.

115.

These Defendants deny the allegations contained in paragraph 115 of the Complaint.

116.

These Defendants deny the allegations contained in paragraph 116 of the Complaint.

117.

These Defendants deny the allegations contained in paragraph 117 of the Complaint.

118.

These Defendants deny the allegations contained in paragraph 118 of the Complaint.

119.

These Defendants deny the allegations contained in paragraph 119 of the Complaint.

120.

These Defendants deny the allegations contained in paragraph 120 of the Complaint.

121.

These Defendants deny the allegations contained in paragraph 121 of the Complaint.

122.

These Defendants deny the allegations contained in paragraph 122 of the Complaint.

123.

These Defendants deny the allegations contained in paragraph 123 of the Complaint.

**Response to Section IV, Attorneys Fees, Costs, and Punitive Damages Under O.C.G.A. §§ 13-6-11 and 51-12.5.1**

124.

These Defendants incorporate their responses to paragraphs 1 through 123, above, as if restated in full and set forth specifically herein.

125.

These Defendants deny the allegations contained in paragraph 125 of the Complaint.

126.

These Defendants deny the allegations contained in paragraph 126 of the Complaint.

127.

In response to the allegations contained in paragraph 127 of the Complaint, these Defendants deny they are liable to Plaintiff.

128.

In response to the allegations contained in the paragraph 128 of the Complaint, these Defendants deny they were negligent and deny they are liable to Plaintiff.

129.

In response to the allegations contained in paragraph 129 of the Complaint, these Defendants deny they were negligent and deny they are liable to Plaintiff.

These Defendants deny any and all other allegations in the Complaint not referred to herein specifically, deny all prayers of the Complaint, and deny that the Plaintiff is entitled to recover against these Defendants in this case.

THESE DEFENDANTS DEMAND A TRIAL BY A TWELVE (12) PERSON JURY ON ANY ISSUES OF FACT NOT CAPABLE OF RESOLUTION AS A MATTER OF LAW.

WHEREFORE, having fully responded to the allegations of Plaintiff's Complaint, these Defendants pray that they be dismissed with costs taxed to the Plaintiff.

Respectfully submitted,

CHRISTOPHER M. CARR                 112505
Attorney General

LORETTA L. PINKSTON-POPE            580385
Deputy Attorney General

RONALD S. BOYTER, JR.               073553
Senior Assistant Attorney General

SUSAN E. TEASTER                    701415
Senior Assistant Attorney General

/s/ *Laura L. Lones*
LAURA L. LONES                      456778
Senior Assistant Attorney General

*/s/ William Tomlin*
WILLIAM L. TOMLIN                   223213
Assistant Attorney General
*Attorneys for State Defendants*

PLEASE ADDRESS ALL
COMMUNICATIONS TO:

WILLIAM TOMLIN
Georgia Department of Law
40 Capitol Square, SW
Atlanta, Georgia 30334-1300
Telephone: (404) 458-3439
wtomlin@law.ga.gov

## CERTIFICATE OF SERVICE

I do hereby certify that I have this day served the within and foregoing ANSWER, through the Court's e-file system and also by electronically mailing a copy to counsel as follows:

**Terry D. Jackson**
Terry D. Jackson, PC
600 Edgewood Avenue
Atlanta, Georgia 30312

This 9th day of January, 2023

/s/ William Tomlin
William L. Tomlin
Georgia Bar No. 223213

-27-

E-FILED IN OFFICE - JM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**22-C-07110-S4**
**1/9/2023 2:13 PM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

EDWARD LEWIS STANLEY,

      Plaintiff,

v.

SECURUS TECHNOLOGIES, LLC,
A Delaware Limited Liability Company,
ALVIN L. STANLEY, individually and as an
agent and employee of SECURUS
TECHNOLOGIES, LLC, a Delaware
Limited Liability Company,

INDEPENDENT TECHNOLOGIES, LLC, a
Nebraska Limited Liability Company, d/b/a/
Wintel Phones, DATAONLINE, LLC, a New
Jersey Limited Liability Company, D/B/A/
ANOVA,

GEORGIA DEPARTMENT OF
CORRECTIONS,

TIMOTHY C. WARD,
Individually and in his official capacity,
TREVONZA BOBBITT,
Individually and in his official capacity,
VIKKI IRWIN,
Individually and in her official capacity,
MARJORIE GLOVER,
Individually and in her official capacity,
CORY OSBORNE,
Individually and in his official capacity,
KIARA CAIN,
Individually and in her official capacity,
CHRIS TARVER,
Individually and in his official capacity,
SHAYLA McLAIN,
Individually and in her official capacity,
BARNARD FLORENCE,
Individually and in his official capacity,
ALYSSA SINGER,
Individually and in her official capacity,

CIVIL ACTION NO. 22-C-07110-S4

1

CHRISTOPHER L. BURKHALTER,
Individually and in his official capacity,
HEATHER FLOWERS,
Individually and in her official capacity,
EDWARD ROOKS,
Individually and in his official capacity,
STEVE GRINER,
Individually and in his official capacity,
NIKILA BRACK,
Individually and in her official capacity,
ANGELA FASHANT,
Individually and in her official capacity,
SLOBODAN POPOVIC,
Individually and in his official capacity,
BOBBY FIGUEROA,
Individually and in his official capacity,

And,

JOHN & JANE DOE, Individuals & Entities
(1-5),

Defendants.

## DEFENDANT SECURUS TECHNOLOGIES, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES

COMES NOW Securus Technologies, LLC (hereinafter "Securus"), Defendant in the above-styled civil action, and without waiving any defenses as to service of process, personal jurisdiction and venue, hereby files this Answer and Affirmative Defenses to Plaintiff's Complaint for Damages as follows:

### FIRST DEFENSE

Some or all of Plaintiff's claims fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

There may be lack of joinder of one or more indispensable parties who should and must be joined, and without joinder of these proper parties, complete relief cannot be accorded among those already attempted to be made parties to this civil action. Securus will undertake sufficient

discovery to determine the full extent of any such failure to join an indispensable party, and this defense is set forth in order to avoid waiving or being estopped to raise and rely on such defense once the facts underlying such claims is established.

### THIRD DEFENSE

Securus is not liable to Plaintiff with respect to injuries alleged in Plaintiff's Complaint because such injuries, if any, were caused by pure accident in terms of the law.

### FOURTH DEFENSE

The unfortunate maladies suffered by Plaintiff, if any, were the result of conditions, persons, and events over which Securus had no control, and were not caused in any manner by any acts or omissions of Securus.

### FIFTH DEFENSE

Any injuries or damages that Plaintiff may have sustained, as alleged in Plaintiff's Complaint, to the extent not caused by the negligence and fault of Plaintiff, was proximately caused by the negligence, fault, or actions of persons or entities other than Securus, over whom Securus had no control, and for whose negligence, fault, and actions Securus is not responsible.

### SIXTH DEFENSE

The injuries alleged by Plaintiff are or may be due to Plaintiff's contributory and/or comparative negligence, thereby barring recovery from Securus. Securus will undertake sufficient discovery to determine the full extent of any such contributory or comparative negligence, and this defense is set forth in order to avoid waiving or being estopped to raise and rely on such defense once the facts underlying such claims are established.

### SEVENTH DEFENSE

The alleged injuries and damages complained of by Plaintiff was caused by new,

independent, and efficient intervening causes and were not caused by any negligence or conduct on the part of Securus.

## EIGHTH DEFENSE

Punitive damages are not recoverable herein by Plaintiff against Securus inasmuch as there has been no showing of record evidence supporting such a claim against Securus as required under O.C.G.A. § 51-12-5.1.

## NINETH DEFENSE

There is no clear and convincing evidence that this Defendant was guilty of willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences, and, accordingly Plaintiff is not entitled to recover punitive damages in any sum whatsoever.

## TENTH DEFENSE

While this Defendant denies that it is liable to the Plaintiff in any sum whatsoever and denies that it is liable for punitive damages, any award of punitive damages is limited by the cap provided in O.C.G.A. § 51-12-5.1(g).

## ELEVENTH DEFENSE

Securus breached no duty of care to Plaintiff.

## TWELFTH DEFENSE

No alleged breach of any duty by Securus was the proximate cause of Plaintiff's alleged damages.

## THIRTEENTH DEFENSE

While denying any and all allegations of negligence, wrongdoing, fault, or liability, Securus shows that any recovery by or on behalf of Plaintiff for personal injuries and/or damages

must be diminished by the percentage of the total tortious conduct attributable to any other parties and non-parties pursuant to the terms and provisions of O.C.G.A. §51-12-33.

## FOURTEENTH DEFENSE

Plaintiff's claims for attorneys fees under O.C.G.A. §13-6-11 fails as Securus has not acted in bad faith, been stubbornly litigious or caused Plaintiff unnecessary trouble and expense.

## FIFTEENTH DEFENSE

Venue is improper in this Court.

## SIXTEENTH DEFENSE

At all times relevant to this action, Securus acted with good faith.

## SEVENTEENTH DEFENSE

This Defendant presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unknown, Affirmative Defendants. Accordingly, Securus reserves the right herein to assert additional Affirmative Defenses in the even discovery indicates it would be appropriate.

## EIGHTEENTH DEFENSE

Securus responds to the enumerated paragraphs of Plaintiff's Complaint as follows:

## PARTIES, JURISDICTION & VENUE

1.      Securus denies jurisdiction and venue are proper in this Court. Securus is without sufficient information or knowledge to further admit or deny the allegations contained in Paragraph 1 of Plaintiff's Complaint; accordingly said allegations are denied.

2.      Securus admits it is a Delaware Limited Liability Company and can be served with service of process on its Registered Agent at 289 S. Culver Street, Lawrenceville, GA 30046. Securus denies the remaining allegations contained in Paragraph 2 of Plaintiff's Complaint.

3.      Securus is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 3 of Plaintiff's Complaint; accordingly said allegations are denied.

4.      Securus is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 4 of Plaintiff's Complaint; accordingly said allegations are denied.

5.      Securus is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 5 of Plaintiff's Complaint; accordingly said allegations are denied.

6.      Securus is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 6 of Plaintiff's Complaint; accordingly said allegations are denied.

7.      Securus is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 7 of Plaintiff's Complaint; accordingly said allegations are denied.

8.      Paragraph 8 of Plaintiff's Complaint contains a legal conclusion to which no response is required. To the extent Paragraph 8 of Plaintiff's Complaint sets forth allegations directed towards this Defendant, all such allegations are denied.

9.      Paragraph 9 of Plaintiff's Complaint contains a legal conclusion to which no response is required. To the extent Paragraph 9 of Plaintiff's Complaint sets forth allegations directed towards this Defendant, all such allegations are denied.

10.      Paragraph 10 of Plaintiff's Complaint contains a legal conclusion to which no response is required. To the extent Paragraph 10 of Plaintiff's Complaint sets forth allegations

directed towards this Defendant, all such allegations are denied.

11.     Securus is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 11 of Plaintiff's Complaint; accordingly said allegations are denied.

12.     Securus is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 12 of Plaintiff's Complaint; accordingly said allegations are denied.

13.     Securus is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 13 of Plaintiff's Complaint; accordingly said allegations are denied.

14.     Securus is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 14 of Plaintiff's Complaint; accordingly said allegations are denied.

15.     Securus is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 15 of Plaintiff's Complaint; accordingly said allegations are denied.

16.     Securus is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 16 of Plaintiff's Complaint; accordingly said allegations are denied.

17.     Securus is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 17 of Plaintiff's Complaint; accordingly said allegations are denied.

18.     Securus is without sufficient information or knowledge to form a belief as to the

truth of the allegations contained in Paragraph 18 of Plaintiff's Complaint; accordingly said allegations are denied.

19.      Securus is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 19 of Plaintiff's Complaint; accordingly said allegations are denied.

20.      Securus is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 20 of Plaintiff's Complaint; accordingly said allegations are denied.

21.      Securus is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 21 of Plaintiff's Complaint; accordingly said allegations are denied.

22.      Securus is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 22 of Plaintiff's Complaint; accordingly said allegations are denied.

23.      Securus is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 23 of Plaintiff's Complaint; accordingly said allegations are denied.

24.      Securus is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 24 of Plaintiff's Complaint; accordingly said allegations are denied.

25.      Securus is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 25 of Plaintiff's Complaint; accordingly said allegations are denied.

26.     Securus is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 26 of Plaintiff's Complaint; accordingly said allegations are denied.

27.     Securus is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 27 of Plaintiff's Complaint; accordingly said allegations are denied.

28.     Securus is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 28 of Plaintiff's Complaint; accordingly said allegations are denied.

29.     Securus is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 29 of Plaintiff's Complaint; accordingly said allegations are denied.

30.     Securus is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 30 of Plaintiff's Complaint; accordingly said allegations are denied.

31.     Paragraph 31 of Plaintiff's Complaint contains a legal conclusion to which no response is required. To the extent Paragraph 31 of Plaintiff's Complaint sets forth allegations directed towards this Defendant, all such allegations are denied.

## **FACTUAL ALLEGATIONS**

32.     Securus admits the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33.     Securus is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 33 of Plaintiff's Complaint; accordingly said allegations are denied.

34.      Securus is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 34 of Plaintiff's Complaint; accordingly said allegations are denied.

35.      Securus denies the allegations contained in Paragraph 35 of Plaintiff's Complaint.

36.      Securus denies the allegations contained in Paragraph 36 of Plaintiff's Complaint.

37.      Securus is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 37 of Plaintiff's Complaint; accordingly said allegations are denied.

38.      Securus is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 38 of Plaintiff's Complaint; accordingly said allegations are denied.

39.      Securus is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 39 of Plaintiff's Complaint; accordingly said allegations are denied.

40.      Securus is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 40 of Plaintiff's Complaint; accordingly said allegations are denied.

41.      Securus is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 41 of Plaintiff's Complaint; accordingly said allegations are denied.

42.      Securus is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 42 of Plaintiff's Complaint; accordingly said allegations are denied.

43.      Securus is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 43 of Plaintiff's Complaint; accordingly said allegations are denied.

44.      Securus is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 44 of Plaintiff's Complaint; accordingly said allegations are denied.

45.      Securus is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 45 of Plaintiff's Complaint; accordingly said allegations are denied.

46.      Securus is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 46 of Plaintiff's Complaint; accordingly said allegations are denied.

47.      Securus is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 47 of Plaintiff's Complaint; accordingly said allegations are denied.

48.      Securus is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 48 of Plaintiff's Complaint; accordingly said allegations are denied.

49.      Securus is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 49 of Plaintiff's Complaint; accordingly said allegations are denied.

50.      Securus is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 50 of Plaintiff's Complaint; accordingly said

allegations are denied.

51.     Securus is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 51 of Plaintiff's Complaint; accordingly said allegations are denied.

52.     Securus is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 52 of Plaintiff's Complaint; accordingly said allegations are denied.

53.     Securus is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 53 of Plaintiff's Complaint; accordingly said allegations are denied.

54.     Securus is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 54 of Plaintiff's Complaint; accordingly said allegations are denied.

55.     Securus is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 55 of Plaintiff's Complaint; accordingly said allegations are denied.

56.     Securus is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 56 of Plaintiff's Complaint; accordingly said allegations are denied.

57.     Securus is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 57 of Plaintiff's Complaint; accordingly said allegations are denied.

58.     Securus is without sufficient information or knowledge to form a belief as to the

truth of the allegations contained in Paragraph 58 of Plaintiff's Complaint; accordingly said allegations are denied.

59.     Securus is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 59 of Plaintiff's Complaint; accordingly said allegations are denied.

60.     Securus is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 60 of Plaintiff's Complaint; accordingly said allegations are denied.

61.     Securus is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 61 of Plaintiff's Complaint; accordingly said allegations are denied.

62.     Securus is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 62 of Plaintiff's Complaint; accordingly said allegations are denied.

63.     Securus is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 63 of Plaintiff's Complaint; accordingly said allegations are denied.

64.     Securus is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 64 of Plaintiff's Complaint; accordingly said allegations are denied.

65.     Securus is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 65 of Plaintiff's Complaint; accordingly said allegations are denied.

66.     Securus is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 66 of Plaintiff's Complaint; accordingly said allegations are denied.

67.     Securus is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 67 of Plaintiff's Complaint; accordingly said allegations are denied.

68.     Securus is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 68 of Plaintiff's Complaint; accordingly said allegations are denied.

69.     Securus is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 69 of Plaintiff's Complaint; accordingly said allegations are denied.

70.     Securus is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 70 of Plaintiff's Complaint; accordingly said allegations are denied.

### <u>Section I. Claims Against Securus, Its Employee Alvin Stanley, and Wintel</u>

#### *Subsection I(a) Negligence by Securus and Its Employees*

71.     Securus incorporates and adopts by reference its responses to Paragraphs 1 through 70 of Plaintiff's Complaint as if fully set forth herein.

72.     Securus denies the allegations contained in Paragraph 72 of Plaintiff's Complaint.

73.     Securus denies the allegations contained in Paragraph 73 of Plaintiff's Complaint.

74.     Securus denies the allegations contained in Paragraph 74 of Plaintiff's Complaint.

75.     Securus denies the allegations contained in Paragraph 75 of Plaintiff's Complaint.

76.     Securus denies the allegations contained in Paragraph 76 of Plaintiff's Complaint.

77.     Securus denies the allegations contained in Paragraph 77 of Plaintiff's Complaint.

78.     Securus denies the allegations contained in Paragraph 78 of Plaintiff's Complaint.

***Subsection I(b) Strict Liability & Negligent Failure to Warn for the Wintel Defendants***

79.     Securus is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 79 of Plaintiff's Complaint; accordingly said allegations are denied.

80.     Securus is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 80 of Plaintiff's Complaint; accordingly said allegations are denied.

81.     Securus is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 81 of Plaintiff's Complaint; accordingly said allegations are denied.

82.     Securus is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 82 of Plaintiff's Complaint; accordingly said allegations are denied.

83.     Securus is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 83 of Plaintiff's Complaint; accordingly said allegations are denied.

84.     Securus is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 84 of Plaintiff's Complaint; accordingly said allegations are denied.

85.     Securus is without sufficient information or knowledge to form a belief as to the

truth of the allegations contained in Paragraph 85 of Plaintiff's Complaint; accordingly said allegations are denied.

86.     Securus is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 86 of Plaintiff's Complaint; accordingly said allegations are denied.

87.     Securus is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 87 of Plaintiff's Complaint; accordingly said allegations are denied.

88.      Securus denies the allegations contained in Paragraph 88 of Plaintiff's Complaint.

<u>**Section II. Claims Against the Georgia Department of Corrections
Under The Tort Claims Act**</u>

89.     Securus incorporates and adopts by reference its responses to Paragraphs 1 through 88 of Plaintiff's Complaint as if fully set forth herein.

90.     Securus is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 90 of Plaintiff's Complaint; accordingly said allegations are denied.

91.     Securus is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 91 of Plaintiff's Complaint; accordingly said allegations are denied.

92.     Securus is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 92 of Plaintiff's Complaint; accordingly said allegations are denied.

93.     Securus is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 93 of Plaintiff's Complaint; accordingly said

allegations are denied.

94.    Securus is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 94 of Plaintiff's Complaint; accordingly said allegations are denied.

95.    Securus is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 95 of Plaintiff's Complaint; accordingly said allegations are denied.

96.    Securus is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 96 of Plaintiff's Complaint; accordingly said allegations are denied.

97.    Securus is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 97 of Plaintiff's Complaint; accordingly said allegations are denied.

98.    Securus is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 98 of Plaintiff's Complaint; accordingly said allegations are denied.

99.    Securus is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 99 of Plaintiff's Complaint; accordingly said allegations are denied.

100.    Securus is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 100 of Plaintiff's Complaint; accordingly said allegations are denied.

101.    Securus is without sufficient information or knowledge to form a belief as to the

truth of the allegations contained in Paragraph 101 of Plaintiff's Complaint; accordingly said allegations are denied.

102.    Securus is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 102 of Plaintiff's Complaint; accordingly said allegations are denied.

103.    Securus is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 103 of Plaintiff's Complaint; accordingly said allegations are denied.

104.    Securus is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 104 of Plaintiff's Complaint; accordingly said allegations are denied.

**Section III. 49 U.S.C. § Claims Against the Georgia Department of Corrections Employees Sued in their Individual and Official Capacities—Defendants Ward, Bobbitt, Irwin, Figueroa, Glover, Osborne, Cain, McLain, Tarver, Florence, Singer, Burkhalter, Flowers, Rooks, Griner, Brack, Fashant, and Popovic**

105.    Securus incorporates and adopts by reference its responses to Paragraphs 1 through 104 of Plaintiff's Complaint as if fully set forth herein.

106.    Securus is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 106 of Plaintiff's Complaint; accordingly said allegations are denied.

107.    Securus is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 107 of Plaintiff's Complaint; accordingly said allegations are denied.

108.    Securus is without sufficient information or knowledge to form a belief as to the

truth of the allegations contained in Paragraph 108 of Plaintiff's Complaint; accordingly said allegations are denied.

109.    Securus is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 109 of Plaintiff's Complaint; accordingly said allegations are denied.

110.    Securus is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 110 of Plaintiff's Complaint; accordingly said allegations are denied.

111.    Securus is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 111 of Plaintiff's Complaint; accordingly said allegations are denied.

112.    Securus is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 112 of Plaintiff's Complaint; accordingly said allegations are denied.

113.    Securus is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 113 of Plaintiff's Complaint; accordingly said allegations are denied.

114.    Securus is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 114 of Plaintiff's Complaint; accordingly said allegations are denied.

115.    Securus is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 115 of Plaintiff's Complaint; accordingly said allegations are denied.

116.     Securus is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 116 of Plaintiff's Complaint; accordingly said allegations are denied.

117.     Securus is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 117 of Plaintiff's Complaint; accordingly said allegations are denied.

118.     Securus is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 118 of Plaintiff's Complaint; accordingly said allegations are denied.

119.     Securus is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 119 of Plaintiff's Complaint; accordingly said allegations are denied.

120.     Securus is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 120 of Plaintiff's Complaint; accordingly said allegations are denied.

121.     Securus is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 121 of Plaintiff's Complaint; accordingly said allegations are denied.

122.     Securus is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 122 of Plaintiff's Complaint; accordingly said allegations are denied.

123.     Securus is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 123 of Plaintiff's Complaint; accordingly said

allegations are denied.

### Section IV. Attorneys Fees, Costs, and Punitive Damages Under
### O.C.G.A. §§13-6-11 and 51-12-5.1

124.    Securus incorporates and adopts by reference its responses to Paragraphs 1 through 123 of Plaintiff's Complaint as if fully set forth herein.

125.    Securus denies the allegations contained in Paragraph 125 of Plaintiff's Complaint.

126.    Securus is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 126 of Plaintiff's Complaint; accordingly said allegations are denied.

127.    Securus denies the allegations contained in Paragraph 127 of Plaintiff's Complaint.

128.    Securus is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 128 of Plaintiff's Complaint; accordingly said allegations are denied.

129.    Securus denies the allegations contained in Paragraph 129 of Plaintiff's Complaint.

### NINETEENTH DEFENSE

Defendant Securus denies any and all other allegations contained in Plaintiff's Complaint it did not specifically admit herein above.

### TWENTIETH DEFENSE

Defendant Securus further denies the allegations of Plaintiff's Complaint, including those contained within subparagraphs (a) – (h).

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant Securus Technologies, LLC prays for the following relief from this Honorable Court:

(a)    For the Plaintiff's claims against this Defendant be dismissed with prejudice;

(b)    For all costs and fees associated with the action be taxed against Plaintiff;

(c)     For the case to be tried before a jury of twelve persons; and

(d)     For such other and further relief as this Honorable Court deems just and proper.

This 9th day of January, 2023.

                                        */s/ Kaitlin M. Peltier*
                                        Brantley C. Rowlen
                                        Georgia Bar No. 153031
                                        Kaitlin M. Peltier
                                        Georgia Bar No. 623909

                                        *Attorneys for Securus Technologies, LLC*

LEWIS BRISBOIS BISGAARD & SMITH LLP
24 Drayton Street, Suite 300
Savannah, Georgia 31401
912.525.4960
Brantley.Rowlen@lewisbrisbois.com
Kaitlin.Peltier@lewisbrisbois.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 9th day of January, 2023, I electronically filed the foregoing ***DEFENDANT SECURUS TECHNOLOGIES, LLC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES*** with the Clerk of the Court using the CM/ECF system which will send notification of such filing, and served courtesy copies upon all counsel of record via email to the following:

Terry D. Jackson
600 Edgewood Avenue
Atlanta, Georgia 30312
terry@terryjacksonlaw.com
*Attorney for Plaintiff*

Michael Wetzel
3655 N Point Pkwy Suite 500A
Alpharetta, GA 30005
Michael.Wetzel@thehartford.com
*Attorney for Independent Technologies, LLC & DataOnline, LLC*

This 9th day of January, 2023.

*/s/ Kaitlin M. Peltier*
Brantley C. Rowlen
Georgia Bar No. 153031
Kaitlin M. Peltier
Georgia Bar No. 623909

*Attorneys for Securus Technologies, LLC*

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
24 Drayton Street, Suite 300
Savannah, Georgia 31401
912.525.4960
Brantley.Rowlen@lewisbrisbois.com
Kaitlin.Peltier@lewisbrisbois.com

E-FILED IN OFFICE - JM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**22-C-07110-S4**

**1/12/2023 2:37 PM**

TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

EDWARD LEWIS STANLEY,                    :
                                         :
              Plaintiff,                 :
                                         :
vs.                                      :     CIVIL ACTION FILE NO.
                                         :     22-C-07110-S4
SECURUS TECHNOLOGIES, LLC.,              :
a Delaware Limited Liability Company,    :
ALVIN STANLEY, Individually and as       :
an agent and employee of SECURUS         :
TECHNOLOGIES, LLC., a Delaware           :
Limited Liability Company,               :
                                         :
INDEPENDENT TECHNOLOGIES, LLC,           :
a Nebraska Limited Liability Company,    :
d/b/a Wintel Phones, DATAONLINE, LLC,    :
a New Jersey Limited Liability Company,  :
d/b/a ANOVA,                             :
                                         :
GEORGIA DEPARTMENT OF                     :
CORRECTIONS,                             :
                                         :
TIMOTHY C. WARD, Individually and in     :
official capacity,                       :
TREVONZA BOBBITT, Individually and       :
in his official capacity,                :
VIKKI IRWIN, Individually and in her     :
official capacity,                       :
MARJORIE GLOVER, Individually and        :
in her official capacity,                :
CORY OSBORNE, Individually and in        :
his official capacity,                   :
KIARA CAIN, Individually and in her      :
official capacity,                       :
CHRIS TARVER, Individually and           :
in his official capacity,                :
SHAYLA McLAIN, Individually and in her   :
official capacity,                       :
BARNARD FLORENCE, Individually and       :
in his official capacity,                :
ALYSSA SINGER, Individually and in her   :
official capacity,                       :

CHRISTOPHER L. BURKHALTER,                  :
Individually and in his official capacity,  :
HEATHER FLOWERS, Individually and           :
in her official capacity,                   :
EDWARD ROOKS, Individually and              :
in his official capacity,                   :
STEVE GRINER, Individually and              :
in his official capacity,                   :
NIKILA BRACK, Individually and              :
in her official capacity,                   :
ANGELA FASHANT, Individually and            :
in her official capacity,                   :
SLOBODAN POPOVIC, Individually and          :
in his official capacity,                   :
BOBBY FIGUEROA, Individually and            :
in his official capacity,                   :
                                            :
And                                         :
                                            :
JOHN & JANE DOE, Individuals                :
Entities (1-5),                             :
                                            :
Defendants.                                 :

## ANSWER AND DEFENSES OF DEFENDANTS CAIN, TARVER, McLAIN, SINGER, BURKHALTER, BRACK, FASHANT, POPOVIC, AND FIGUEROA

COME NOW Kiara Cain, Chris Tarver, Shayla McLain, Alyssa Singer, Christopher Burkhalter, Angela Fashant, Nikila Brack, Slobodan Popovic, and Bobby Figueroa, named defendants in the above-styled civil action, and respond to Plaintiff's Complaint for Damages ("Complaint") as follows:

### FIRST DEFENSE

The Complaint fails to state a claim against these Defendants upon which relief can be granted.

### SECOND DEFENSE

This action is barred in whole or in part by the doctrine of sovereign immunity.

-2-

### THIRD DEFENSE

Plaintiff's Complaint should be dismissed due to failure of process, improper service of process, insufficiency of service of process, and failure to comply with O.C.G.A. § 50-21-35. Specifically, Plaintiff has failed to cause process to be served upon Defendant Chris Tarver.

### FOURTH DEFENSE

This Court lacks personal jurisdiction over Defendant Chris Tarver.

### FIFTH DEFENSE

Subject matter jurisdiction is lacking to the extent that this action is barred by sovereign immunity.

### SIXTH DEFENSE

Venue is improper in Gwinnett County.  Venue would be proper in Tattnall County.

### SEVENTH DEFENSE

These Defendants deny that they were negligent or otherwise guilty of any wrongful act alleged in Plaintiff's Complaint.

### EIGHTH DEFENSE

Defendant DOC's employees committed no negligent, or otherwise tortious, act or omission that would entitle the Plaintiff to recover against these Defendants in this case.

### NINTH DEFENSE

The sole proximate cause of Plaintiff's alleged injuries and damages, if any sustained, was the negligence of a person or persons for whose acts or omissions these Defendants were and are not liable, with the result that the Plaintiff is not entitled to recover against these Defendants in this case.

## TENTH DEFENSE

Plaintiff's action against these Defendants is barred in whole or in part by the doctrines of contributory or comparative negligence.

## ELEVENTH DEFENSE

Plaintiff's alleged injuries and damages were not proximately caused by an act or omission on the part of these Defendants, with the result that the Plaintiff is not entitled to recover against these Defendants in this case.

## TWELFTH DEFENSE

The Plaintiff is statutorily precluded from recovering an amount in excess of the limitation on damages contained in O.C.G.A. § 50-21-29(b).

## THIRTEENTH DEFENSE

Plaintiff's action against Defendant DOC should be dismissed to the extent it seeks recovery for punitive damages or interest prior to judgment, because such damages and interest are not permitted pursuant to O.C.G.A. § 50-21-30.

## FOURTEENTH DEFENSE

Plaintiff's action against these Defendants is barred in whole or in part because these Defendants breached no duty that they owed to the Plaintiff.

## FIFTEENTH DEFENSE

This action is barred in whole or in part by the doctrine of proximate cause.

## SIXTEENTH DEFENSE

This action is barred in whole or in part by the doctrine of avoidance of consequences.

## SEVENTEENTH DEFENSE

Plaintiff's claims against the State employee Defendants are barred by the doctrine of qualified immunity.

## EIGHTEENTH DEFENSE

These Defendants deny that Plaintiff has been subjected to the deprivation of any right, privilege, or immunities under the Constitution or laws of the United States.

## NINETEENTH DEFENSE

These Defendants cannot be held liable for any actions involving Plaintiff in which they did not directly participate or of which they had no knowledge.

## TWENTIETH DEFENSE

These Defendants have not caused Plaintiff any cognizable injury.

## TWENTY-FIRST DEFENSE

Plaintiff's federal claims are barred because he failed to exhaust the available administrative remedies.

## TWENTY-SECOND DEFENSE

Answering the specific paragraphs of Plaintiffs' Complaint, these Defendants show the following:

1.

In response to the allegations contained in paragraph 1 of the Complaint, these Defendants deny jurisdiction and venue are proper in this Court and admit any remaining allegations contained in paragraph 1.

2.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint, and thus can neither admit nor deny the same.

3.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint, and thus can neither admit nor deny the same.

4.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint, and thus can neither admit nor deny the same.

5.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint, and thus can neither admit nor deny the same.

6.

In response to the allegations contained in paragraph 6 of the Complaint, these Defendants show that service of process on Defendant DOC must be perfected as set forth in O.C.G.A. § 50-21-35.

7.

In response to the allegations contained in paragraph 7 of the Complaint, these Defendants show that service of process must be perfected as set forth in O.C.G.A. § 50-21-35.

8.

These Defendants admit the allegations contained in paragraph 8 of the Complaint.

9.

These Defendants admit the allegations contained in paragraph 9 of the Complaint.

10.

These Defendants deny the allegations contained in paragraph 10 of the Complaint.

11.

These Defendants admit that Ward is or has been a Georgia resident.  For reasons of security, these Defendants decline to respond further to the allegations in this paragraph except to deny that jurisdiction and venue are proper in this Court.

12.

These Defendants admit that Bobbitt is or has been a Georgia resident.  For reasons of security, these Defendants decline to respond further to the allegations in this paragraph except to deny that jurisdiction and venue are proper in this Court.

13.

These Defendants admit that Irwin is or has been a Georgia resident.  For reasons of security, these Defendants decline to respond further to the allegations in this paragraph except to deny that jurisdiction and venue are proper in this Court.

14.

These Defendants admit that Glover is or has been a Georgia resident.  For reasons of security, these Defendants decline to respond further to the allegations in this paragraph except to deny that jurisdiction and venue are proper in this Court.

15.

These Defendants admit that Osborne is or has been a Georgia resident.  For reasons of security, these Defendants decline to respond further to the allegations in this paragraph except to deny that jurisdiction and venue are proper in this Court.

16.

These Defendants admit that Cain is or has been a Georgia resident.  For reasons of security, these Defendants decline to respond further to the allegations in this paragraph except to deny that jurisdiction and venue are proper in this Court.

17.

These Defendants admit that Tarver is or has been a Georgia resident.  For reasons of security, these Defendants decline to respond further to the allegations in this paragraph except to deny that jurisdiction and venue are proper in this Court.

18.

These Defendants admit that McLain is or has been a Georgia resident.  For reasons of security, these Defendants decline to respond further to the allegations in this paragraph except to deny that jurisdiction and venue are proper in this Court.

19.

These Defendants admit that Florence is or has been a Georgia resident.  For reasons of security, these Defendants decline to respond further to the allegations in this paragraph except to deny that jurisdiction and venue are proper in this Court.

20.

These Defendants admit that Singer is or has been a Georgia resident.  For reasons of security, these Defendants decline to respond further to the allegations in this paragraph except to deny that jurisdiction and venue are proper in this Court.

21.

These Defendants admit that Burkhalter is or has been a Georgia resident.  For reasons of security, these Defendants decline to respond further to the allegations in this paragraph except to deny that jurisdiction and venue are proper in this Court.

22.

These Defendants admit that Flowers is or has been a Georgia resident.  For reasons of security, these Defendants decline to respond further to the allegations in this paragraph except to deny that jurisdiction and venue are proper in this Court.

23.

These Defendants admit that Rooks is or has been a Georgia resident.  For reasons of security, these Defendants decline to respond further to the allegations in this paragraph except to deny that jurisdiction and venue are proper in this Court.

24.

These Defendants admit that Griner is or has been a Georgia resident.  For reasons of security, these Defendants decline to respond further to the allegations in this paragraph except to deny that jurisdiction and venue are proper in this Court.

25.

These Defendants admit that Brack is or has been a Georgia resident.  For reasons of security, these Defendants decline to respond further to the allegations in this paragraph except to deny that jurisdiction and venue are proper in this Court.

26.

These Defendants admit that Fashant is or has been a Georgia resident.  For reasons of security, these Defendants decline to respond further to the allegations in this paragraph except to deny that jurisdiction and venue are proper in this Court.

27.

These Defendants admit that Popovic is or has been a Georgia resident.  For reasons of security, these Defendants decline to respond further to the allegations in this paragraph except to deny that jurisdiction and venue are proper in this Court.

28.

These Defendants admit that Figueroa is or has been a Georgia resident.  For reasons of security, these Defendants decline to respond further to the allegations in this paragraph except to deny that jurisdiction and venue are proper in this Court.

29.

In response to the allegations contained in the paragraph 29 of the Complaint, these Defendants admit that Defendant DOC's employees were acting within the scope of their employment with DOC at all times relevant to the allegations in the Complaint and deny any remaining allegations contained in paragraph 29.

30.

The allegations contained in paragraph 30 of the Complaint do not require a response from these Defendants, but to the extent these allegations require a response, they are denied.

31.

The allegations contained in paragraph 31 of the Complaint do not require a response from these Defendants, but to the extent these allegations require a response, they are denied.

## **RESPONSE TO FACTUAL ALLEGATIONS**

32.

These Defendants admit the allegations contained in paragraph 32 of the Complaint.

33.

These Defendants admit the allegations contained in paragraph 33 of the Complaint.

34.

These Defendants admit the allegations contained in paragraph 34 of the Complaint.

35.

These Defendants admit the allegations contained in paragraph 35 of the Complaint.

36.

These Defendants admit the allegations contained in paragraph 36 of the Complaint.

37.

In response to the allegations contained in paragraph 37 of the Complaint, these Defendants admit that Defendant Securus provided the subject telephone.  These Defendants are without sufficient information to form a belief as to the remaining allegations and so deny those allegations.

38.

These Defendants deny the allegations contained in paragraph 38 of the Complaint.

39.

These Defendants are without sufficient information to form a belief as to the truth of these allegations and so deny those allegations.

40.

These Defendants deny the allegations contained in paragraph 40 of the Complaint.

41.

These Defendants deny the allegations contained in paragraph 41 of the Complaint and deny that any warning was required.

42.

These Defendants admit the allegations contained in paragraph 42 of the Complaint.

43.

These Defendants admit the allegations contained in paragraph 43 of the Complaint.

44.

These Defendants admit the allegations contained in paragraph 44 of the Complaint.

45.

These Defendants admit the allegations contained in paragraph 45 of the Complaint.

46.

These Defendants admit the allegations contained in paragraph 46 of the Complaint.

47.

In response to the allegations contained in paragraph 47 of the Complaint, these Defendants admit that neither Defendants Cain nor Glover sent a guard to investigate the smoke when they first learned of it because no guards were available to investigate further and admit the remaining allegations contained in paragraph 47.

48.

In response to the allegations contained in paragraph 48 of the Complaint, these Defendants admit that Defendant Burkhalter was made aware of the smoke in the K2 Dorm when he came on duty and that he did not immediately investigate the matter because he believed an Officer In Charge was being sent to investigate and deny any remaining allegations contained in paragraph 48.

49.

In response to the allegations contained in paragraph 49 of the Complaint, these Defendants admit that Defendant Flowers was informed that smoke had been seen prior to her shift and that Defendant Flowers did not report the smoke again and deny any remaining allegations contained in paragraph 49.

50.

In response to the allegations contained in paragraph 50 of the Complaint, these Defendants admit that Defendants Rooks and Burkhalter spoke with Plaintiff while conducting a count in the K2 Dorm that began at 1950 hours, admit that Plaintiff informed Defendants Rooks and Burkhalter that he had been burned, and deny any remaining allegations contained in paragraph 50.

51.

In response to the allegations contained in paragraph 51 of the Complaint, these Defendants admit that Defendants Rooks and Burkhalter entered Plaintiff's cell and reported his injuries to their supervisors and medical staff at approximately 2200 hours.

52.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the Complaint, and thus can neither admit nor deny the same.

53.

These Defendants admit the allegations contained in paragraph 53 of the Complaint.

54.

In response to the allegations contained in paragraph 54 of the Complaint, these Defendants admit that Nurse McGuire was escorted by Defendant McLain while on evening insulin duty in the K2 Dorm on the evening of the subject incident and deny any remaining allegations contained in paragraph 54.

55.

These Defendants admit the allegations contained in paragraph 55 of the Complaint.

56.

These Defendants admit the allegations contained in paragraph 56 of the Complaint.

57.

These Defendants admit the allegations contained in paragraph 57 of the Complaint.

58.

These Defendants state that any exhibits speak for themselves.   These Defendants otherwise admit the allegations contained in paragraph 58 of the Complaint.

59.

These Defendants admit the allegations contained in paragraph 59 of the Complaint.

60.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 60 of the Complaint, and thus can neither admit nor deny the same.

61.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61 of the Complaint, and thus can neither admit nor deny the same.

62.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62 of the Complaint, and thus can neither admit nor deny the same.

63.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 63 of the Complaint, and thus can neither admit nor deny the same.

64.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 64 of the Complaint, and thus can neither admit nor deny the same.

65.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 65 of the Complaint, and thus can neither admit nor deny the same.

66.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 66 of the Complaint, and thus can neither admit nor deny the same.

67.

These Defendants state that any exhibits speak for themselves.   In response to the allegations contained in paragraph 67 of the Complaint, these Defendants otherwise admit that Plaintiff was flown to Augusta where his burns were treated, including amputations of both of his legs, and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 67, and thus can neither admit nor deny the same.

68.

In response to the allegations contained in paragraph 68 of the Complaint, these Defendants admit that Plaintiff was burned in his cell, leading to amputations of both his legs, deny that Plaintiff bears no fault for his injuries, and are without knowledge of information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 68, and thus can neither admit nor deny the same.

69.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69 of the Complaint, and thus can neither admit nor deny the same.

70.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70 of the Complaint, and thus can neither admit nor deny the same.

71.

These Defendants deny the allegations contained in paragraph 71 of the Complaint.

**Response to Section I. Claims Against Securus, Its Employee Alvin Stanley, and Wintel**
*Response to Subsection I(a) Negligence by Securus And Its Employees*

72.

These Defendants incorporate their responses to paragraphs 1 through 71, above, as if restated in full and set forth specifically herein.

73.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 73 of the Complaint, and thus can neither admit nor deny the same.

74.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 74 of the Complaint, and thus can neither admit nor deny the same.

75.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 75 of the Complaint, and thus can neither admit nor deny the same.

76.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 76 of the Complaint, and thus can neither admit nor deny the same.

77.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 77 of the Complaint, and thus can neither admit nor deny the same.

78.

The allegations contained in paragraph 78 of the Complaint do not require a response from these Defendants, but to the extent these allegations require a response, they are denied.

### *Response to Subsection I(b) Strict Liability & Negligent Failure to Warn for the Wintel Defendants*

79.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 79 of the Complaint, and thus can neither admit nor deny the same.

-18-

80.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 80 of the Complaint, and thus can neither admit nor deny the same.

81.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 81 of the Complaint, and thus can neither admit nor deny the same.

82.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 82 of the Complaint, and thus can neither admit nor deny the same.

83.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 83 of the Complaint, and thus can neither admit nor deny the same.

84.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 84 of the Complaint, and thus can neither admit nor deny the same.

85.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 85 of the Complaint, and thus can neither admit nor deny the same.

86.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 86 of the Complaint, and thus can neither admit nor deny the same.

87.

The allegations contained in paragraph 87 of the Complaint do not require a response from these Defendants, but to the extent these allegations require a response, they are denied.

88.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 88 of the Complaint, and thus can neither admit nor deny the same.

**<u>Response to Section II. Claims Against The Georgia Department of Corrections Under The Tort Claims Act</u>**

89.

These Defendants incorporate their responses to paragraphs 1 through 88, above, as if restated in full and set forth specifically herein.

90.

These Defendants deny the allegations contained in paragraph 90 of the Complaint.

91.

These Defendants deny the allegations contained in paragraph 91 of the Complaint.

92.

These Defendants deny the allegations contained in paragraph 92 of the Complaint.

93.

These Defendants deny the allegations contained in paragraph 93 of the Complaint.

94.

These Defendants deny the allegations contained in paragraph 94 of the Complaint.

95.

These Defendants deny the allegations contained in paragraph 95 of the Complaint.

96.

These Defendants deny the allegations contained in paragraph 96 of the Complaint.

97.

These Defendants deny the allegations contained in paragraph 97 of the Complaint.

98.

These Defendants deny the allegations contained in paragraph 98 of the Complaint.

99.

These Defendants deny the allegations contained in paragraph 99 of the Complaint.

100.

These Defendants deny the allegations contained in paragraph 100 of the Complaint.

101.

These Defendants deny the allegations contained in paragraph 101 of the Complaint.

102.

These Defendants deny the allegations contained in paragraph 102 of the Complaint.

103.

The allegations contained in paragraph 103 of the Complaint do not require a response from these Defendants, but to the extent these allegations require a response, these Defendants deny they are liable to Plaintiff.

104.

These Defendants deny the allegations contained in paragraph 104 of the Complaint.

105.

In response to the allegations contained in paragraph 105 of the Complaint, these Defendants deny they were negligent and deny they are liable to Plaintiff.

**Response to Section III. 49 U.S.C. § Claims Against The Georgia Department of Corrections Employees Sued in their Individual and Official Capacities—Defendants Ward, Bobbitt, Irwin, Figueroa, Glover, Osborne, Cain, McLain, Tarver, Florence, Singer, Burkhalter, Flowers, Rooks, Griner, Brack, Fashant, and Popovic**

106.

These Defendants incorporate their responses to paragraphs 1 through 105, above, as if restated in full and set forth specifically herein.

107.

These Defendants deny the allegations contained in paragraph 107 of the Complaint.

108.

These Defendants deny the allegations contained in paragraph 108 of the Complaint.

109.

These Defendants deny the allegations contained in paragraph 109 of the Complaint.

110.

These Defendants admit that Cain and Glover did tell certain persons concerning the smoke in K2 Dorm. These Defendants deny the remaining allegations contained in paragraph 110 of the Complaint.

111.

These Defendants deny the allegations contained in paragraph 111 of the Complaint.

112.

These Defendants deny the allegations contained in paragraph 112 of the Complaint.

113.

These Defendants admit that Nurse McGuire assessed Stanley and assisted in obtaining medical attention for him. These Defendants deny the remaining allegations contained in paragraph 113 of the Complaint.

114.

These Defendants deny the allegations contained in paragraph 114 of the Complaint.

115.

These Defendants deny the allegations contained in paragraph 115 of the Complaint.

116.

These Defendants deny the allegations contained in paragraph 116 of the Complaint.

117.

These Defendants deny the allegations contained in paragraph 117 of the Complaint.

118.

These Defendants deny the allegations contained in paragraph 118 of the Complaint.

119.

These Defendants deny the allegations contained in paragraph 119 of the Complaint.

120.

These Defendants deny the allegations contained in paragraph 120 of the Complaint.

121.

These Defendants deny the allegations contained in paragraph 121 of the Complaint.

122.

These Defendants deny the allegations contained in paragraph 122 of the Complaint.

123.

These Defendants deny the allegations contained in paragraph 123 of the Complaint.

**Response to Section IV, Attorneys Fees, Costs, and Punitive Damages Under O.C.G.A. §§ 13-6-11 and 51-12.5.1**

124.

These Defendants incorporate their responses to paragraphs 1 through 123, above, as if restated in full and set forth specifically herein.

125.

These Defendants deny the allegations contained in paragraph 125 of the Complaint.

126.

These Defendants deny the allegations contained in paragraph 126 of the Complaint.

127.

In response to the allegations contained in paragraph 127 of the Complaint, these Defendants deny they are liable to Plaintiff.

128.

In response to the allegations contained in the paragraph 128 of the Complaint, these Defendants deny they were negligent and deny they are liable to Plaintiff.

129.

In response to the allegations contained in paragraph 129 of the Complaint, these Defendants deny they were negligent and deny they are liable to Plaintiff.

These Defendants deny any and all other allegations in the Complaint not referred to herein specifically, deny all prayers of the Complaint, and deny that the Plaintiff is entitled to recover against these Defendants in this case.

THESE DEFENDANTS DEMAND A TRIAL BY A TWELVE (12) PERSON JURY ON ANY ISSUES OF FACT NOT CAPABLE OF RESOLUTION AS A MATTER OF LAW.

WHEREFORE, having fully responded to the allegations of Plaintiff's Complaint, these Defendants pray that they be dismissed with costs taxed to the Plaintiff.

Respectfully submitted,

CHRISTOPHER M. CARR                     112505
Attorney General

LORETTA L. PINKSTON-POPE               580385
Deputy Attorney General

RONALD S. BOYTER, JR.                   073553
Senior Assistant Attorney General

SUSAN E. TEASTER                        701415
Senior Assistant Attorney General

/s/ *Laura L. Lones*
LAURA L. LONES                          456778
Senior Assistant Attorney General

*/s/ William Tomlin*
WILLIAM L. TOMLIN                       223213

Assistant Attorney General
*Attorneys for State Defendants*

PLEASE ADDRESS ALL
COMMUNICATIONS TO:

WILLIAM TOMLIN
Georgia Department of Law
40 Capitol Square, SW
Atlanta, Georgia 30334-1300
Telephone: (404) 458-3439
wtomlin@law.ga.gov

<u>CERTIFICATE OF SERVICE</u>

I do hereby certify that I have this day served the within and foregoing ANSWER, through the Court's e-file system and also by electronically mailing a copy to counsel as follows:

Terry D. Jackson
Terry D. Jackson, PC
600 Edgewood Avenue
Atlanta, Georgia 30312

This 12th day of January, 2023.

<u>*/s/ William Tomlin*</u>
William L. Tomlin
Georgia Bar No. 223213

E-FILED IN OFFICE - JM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**22-C-07110-S4**

**1/13/2023 12:10 PM**

**TIANA P. GARNER, CLERK**

### IN THE STATE COURT OF GWINNETT COUNTY
### STATE OF GEORGIA

| | | |
|---|---|---|
| EDWARD LEWIS STANLEY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | CIVIL ACTION FILE NO. |
| | : | 22-C-07110-S4 |
| SECURUS TECHNOLOGIES, LLC., | : | |
| a Delaware Limited Liability Company, | : | |
| ALVIN STANLEY, Individually and as | : | |
| an agent and employee of SECURUS | : | |
| TECHNOLOGIES, LLC., a Delaware | : | |
| Limited Liability Company, | : | |
| | : | |
| INDEPENDENT TECHNOLOGIES, LLC, | : | |
| a Nebraska Limited Liability Company, | : | |
| d/b/a Wintel Phones, DATAONLINE, LLC, | : | |
| a New Jersey Limited Liability Company, | : | |
| d/b/a ANOVA, | : | |
| | : | |
| GEORGIA DEPARTMENT OF | : | |
| CORRECTIONS, | : | |
| | : | |
| TIMOTHY C. WARD, Individually and in | : | |
| official capacity, | : | |
| TREVONZA BOBBITT, Individually and | : | |
| in his official capacity, | : | |
| VIKKI IRWIN, Individually and in her | : | |
| official capacity, | : | |
| MARJORIE GLOVER, Individually and | : | |
| in her official capacity, | : | |
| CORY OSBORNE, Individually and in | : | |
| his official capacity, | : | |
| KIARA CAIN, Individually and in her | : | |
| official capacity, | : | |
| CHRIS TARVER, Individually and | : | |
| in his official capacity, | : | |
| SHAYLA McLAIN, Individually and in her | : | |
| official capacity, | : | |
| BARNARD FLORENCE, Individually and | : | |
| in his official capacity, | : | |
| ALYSSA SINGER, Individually and in her | : | |
| official capacity, | : | |

CHRISTOPHER L. BURKHALTER,            :
Individually and in his official capacity,    :
HEATHER FLOWERS, Individually and    :
in her official capacity,              :
EDWARD ROOKS, Individually and       :
in his official capacity,              :
STEVE GRINER, Individually and        :
in his official capacity,              :
NIKILA BRACK, Individually and        :
in her official capacity,              :
ANGELA FASHANT, Individually and      :
in her official capacity,              :
SLOBODAN POPOVIC, Individually and    :
in his official capacity,              :
BOBBY FIGUEROA, Individually and      :
in his official capacity,              :
                                       :
And                                    :
                                       :
JOHN & JANE DOE, Individuals           :
Entities (1-5),                        :
                                       :
Defendants.                            :

## ANSWER AND DEFENSES OF DEFENDANTS ROOKS AND GRINER

COME NOW Edward Rooks and Steve Griner, named defendants in the above-styled civil

action, and respond to Plaintiff's Complaint for Damages ("Complaint") as follows:

### FIRST DEFENSE

The Complaint fails to state a claim against these Defendants upon which relief can be

granted.

### SECOND DEFENSE

This action is barred in whole or in part by the doctrine of sovereign immunity.

## THIRD DEFENSE

Plaintiff's Complaint should be dismissed due to failure of process, improper service of process, insufficiency of service of process, and failure to comply with O.C.G.A. § 50-21-35. Specifically, Plaintiff has failed to cause process to be served upon Defendant Steve Griner.[1]

## FOURTH DEFENSE

This Court lacks personal jurisdiction over Defendant Steve Griner.

## FIFTH DEFENSE

Subject matter jurisdiction is lacking to the extent that this action is barred by sovereign immunity.

## SIXTH DEFENSE

Venue is improper in Gwinnett County.  Venue would be proper in Tattnall County.

## SEVENTH DEFENSE

These Defendants deny that they were negligent or otherwise guilty of any wrongful act alleged in Plaintiff's Complaint.

## EIGHTH DEFENSE

Defendant DOC's employees committed no negligent, or otherwise tortious, act or omission that would entitle the Plaintiff to recover against these Defendants in this case.

## NINTH DEFENSE

The sole proximate cause of Plaintiff's alleged injuries and damages, if any sustained, was the negligence of a person or persons for whose acts or omissions these Defendants were and are

---

[1] Plaintiff does seem to have served process on someone named Steve Griner but not on the Steve Griner who worked for the Department of Corrections.

not liable, with the result that the Plaintiff is not entitled to recover against these Defendants in this case.

TENTH DEFENSE

Plaintiff's action against these Defendants is barred in whole or in part by the doctrines of contributory or comparative negligence.

ELEVENTH DEFENSE

Plaintiff's alleged injuries and damages were not proximately caused by an act or omission on the part of these Defendants, with the result that the Plaintiff is not entitled to recover against these Defendants in this case.

TWELFTH DEFENSE

The Plaintiff is statutorily precluded from recovering an amount in excess of the limitation on damages contained in O.C.G.A. § 50-21-29(b).

THIRTEENTH DEFENSE

Plaintiff's action against Defendant DOC should be dismissed to the extent it seeks recovery for punitive damages or interest prior to judgment, because such damages and interest are not permitted pursuant to O.C.G.A. § 50-21-30.

FOURTEENTH DEFENSE

Plaintiff's action against these Defendants is barred in whole or in part because these Defendants breached no duty that they owed to the Plaintiff.

FIFTEENTH DEFENSE

This action is barred in whole or in part by the doctrine of proximate cause.

SIXTEENTH DEFENSE

This action is barred in whole or in part by the doctrine of avoidance of consequences.

<u>SEVENTEENTH DEFENSE</u>

Plaintiff's claims against the State employee Defendants are barred by the doctrine of qualified immunity.

<u>EIGHTEENTH DEFENSE</u>

These Defendants deny that Plaintiff has been subjected to the deprivation of any right, privilege, or immunities under the Constitution or laws of the United States.

<u>NINETEENTH DEFENSE</u>

These Defendants cannot be held liable for any actions involving Plaintiff in which they did not directly participate or of which they had no knowledge.

<u>TWENTIETH DEFENSE</u>

These Defendants have not caused Plaintiff any cognizable injury.

<u>TWENTY-FIRST DEFENSE</u>

Plaintiff's federal claims are barred because he failed to exhaust the available administrative remedies.

<u>TWENTY-SECOND DEFENSE</u>

Answering the specific paragraphs of Plaintiffs' Complaint, these Defendants show the following:

1.

In response to the allegations contained in paragraph 1 of the Complaint, these Defendants deny jurisdiction and venue are proper in this Court and admit any remaining allegations contained in paragraph 1.

2.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint, and thus can neither admit nor deny the same.

3.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint, and thus can neither admit nor deny the same.

4.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint, and thus can neither admit nor deny the same.

5.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint, and thus can neither admit nor deny the same.

6.

In response to the allegations contained in paragraph 6 of the Complaint, these Defendants show that service of process on Defendant DOC must be perfected as set forth in O.C.G.A. § 50-21-35.

7.

In response to the allegations contained in paragraph 7 of the Complaint, these Defendants show that service of process must be perfected as set forth in O.C.G.A. § 50-21-35.

8.

These Defendants admit the allegations contained in paragraph 8 of the Complaint.

9.

These Defendants admit the allegations contained in paragraph 9 of the Complaint.

10.

These Defendants deny the allegations contained in paragraph 10 of the Complaint.

11.

These Defendants admit that Ward is or has been a Georgia resident.  For reasons of security, these Defendants decline to respond further to the allegations in this paragraph except to deny that jurisdiction and venue are proper in this Court.

12.

These Defendants admit that Bobbitt is or has been a Georgia resident.  For reasons of security, these Defendants decline to respond further to the allegations in this paragraph except to deny that jurisdiction and venue are proper in this Court.

13.

These Defendants admit that Irwin is or has been a Georgia resident.  For reasons of security, these Defendants decline to respond further to the allegations in this paragraph except to deny that jurisdiction and venue are proper in this Court.

14.

These Defendants admit that Glover is or has been a Georgia resident.  For reasons of security, these Defendants decline to respond further to the allegations in this paragraph except to deny that jurisdiction and venue are proper in this Court.

15.

These Defendants admit that Osborne is or has been a Georgia resident.  For reasons of security, these Defendants decline to respond further to the allegations in this paragraph except to deny that jurisdiction and venue are proper in this Court.

16.

These Defendants admit that Cain is or has been a Georgia resident.  For reasons of security, these Defendants decline to respond further to the allegations in this paragraph except to deny that jurisdiction and venue are proper in this Court.

17.

These Defendants admit that Tarver is or has been a Georgia resident.  For reasons of security, these Defendants decline to respond further to the allegations in this paragraph except to deny that jurisdiction and venue are proper in this Court.

18.

These Defendants admit that McLain is or has been a Georgia resident.  For reasons of security, these Defendants decline to respond further to the allegations in this paragraph except to deny that jurisdiction and venue are proper in this Court.

19.

These Defendants admit that Florence is or has been a Georgia resident.  For reasons of security, these Defendants decline to respond further to the allegations in this paragraph except to deny that jurisdiction and venue are proper in this Court.

20.

These Defendants admit that Singer is or has been a Georgia resident.  For reasons of security, these Defendants decline to respond further to the allegations in this paragraph except to deny that jurisdiction and venue are proper in this Court.

21.

These Defendants admit that Burkhalter is or has been a Georgia resident.  For reasons of security, these Defendants decline to respond further to the allegations in this paragraph except to deny that jurisdiction and venue are proper in this Court.

22.

These Defendants admit that Flowers is or has been a Georgia resident.  For reasons of security, these Defendants decline to respond further to the allegations in this paragraph except to deny that jurisdiction and venue are proper in this Court.

23.

These Defendants admit that Rooks is or has been a Georgia resident.  For reasons of security, these Defendants decline to respond further to the allegations in this paragraph except to deny that jurisdiction and venue are proper in this Court.

24.

These Defendants admit that Griner is or has been a Georgia resident.  For reasons of security, these Defendants decline to respond further to the allegations in this paragraph except to deny that jurisdiction and venue are proper in this Court.

25.

These Defendants admit that Brack is or has been a Georgia resident.  For reasons of security, these Defendants decline to respond further to the allegations in this paragraph except to deny that jurisdiction and venue are proper in this Court.

26.

These Defendants admit that Fashant is or has been a Georgia resident.  For reasons of security, these Defendants decline to respond further to the allegations in this paragraph except to deny that jurisdiction and venue are proper in this Court.

27.

These Defendants admit that Popovic is or has been a Georgia resident.  For reasons of security, these Defendants decline to respond further to the allegations in this paragraph except to deny that jurisdiction and venue are proper in this Court.

28.

These Defendants admit that Figueroa is or has been a Georgia resident.  For reasons of security, these Defendants decline to respond further to the allegations in this paragraph except to deny that jurisdiction and venue are proper in this Court.

29.

In response to the allegations contained in the paragraph 29 of the Complaint, these Defendants admit that Defendant DOC's employees were acting within the scope of their employment with DOC at all times relevant to the allegations in the Complaint and deny any remaining allegations contained in paragraph 29.

30.

The allegations contained in paragraph 30 of the Complaint do not require a response from these Defendants, but to the extent these allegations require a response, they are denied.

31.

The allegations contained in paragraph 31 of the Complaint do not require a response from these Defendants, but to the extent these allegations require a response, they are denied.

## **RESPONSE TO FACTUAL ALLEGATIONS**

32.

These Defendants admit the allegations contained in paragraph 32 of the Complaint.

33.

These Defendants admit the allegations contained in paragraph 33 of the Complaint.

34.

These Defendants admit the allegations contained in paragraph 34 of the Complaint.

35.

These Defendants admit the allegations contained in paragraph 35 of the Complaint.

36.

These Defendants admit the allegations contained in paragraph 36 of the Complaint.

37.

In response to the allegations contained in paragraph 37 of the Complaint, these Defendants admit that Defendant Securus provided the subject telephone.  These Defendants are without sufficient information to form a belief as to the remaining allegations and so deny those allegations.

38.

These Defendants deny the allegations contained in paragraph 38 of the Complaint.

39.

These Defendants are without sufficient information to form a belief as to the truth of these allegations and so deny those allegations.

40.

These Defendants deny the allegations contained in paragraph 40 of the Complaint.

41.

These Defendants deny the allegations contained in paragraph 41 of the Complaint and deny that any warning was required.

42.

These Defendants admit the allegations contained in paragraph 42 of the Complaint.

43.

These Defendants admit the allegations contained in paragraph 43 of the Complaint.

44.

These Defendants admit the allegations contained in paragraph 44 of the Complaint.

45.

These Defendants admit the allegations contained in paragraph 45 of the Complaint.

46.

These Defendants admit the allegations contained in paragraph 46 of the Complaint.

47.

In response to the allegations contained in paragraph 47 of the Complaint, these Defendants admit that neither Defendants Cain nor Glover sent a guard to investigate the smoke when they first learned of it because no guards were available to investigate further and admit the remaining allegations contained in paragraph 47.

48.

In response to the allegations contained in paragraph 48 of the Complaint, these Defendants admit that Defendant Burkhalter was made aware of the smoke in the K2 Dorm when he came on duty and that he did not immediately investigate the matter because he believed an Officer In Charge was being sent to investigate and deny any remaining allegations contained in paragraph 48.

49.

In response to the allegations contained in paragraph 49 of the Complaint, these Defendants admit that Defendant Flowers was informed that smoke had been seen prior to her shift and that Defendant Flowers did not report the smoke again and deny any remaining allegations contained in paragraph 49.

50.

In response to the allegations contained in paragraph 50 of the Complaint, these Defendants admit that Defendants Rooks and Burkhalter spoke with Plaintiff while conducting a count in the K2 Dorm that began at 1950 hours, admit that Plaintiff informed Defendants Rooks and Burkhalter that he had been burned, and deny any remaining allegations contained in paragraph 50.

51.

In response to the allegations contained in paragraph 51 of the Complaint, these Defendants admit that Defendants Rooks and Burkhalter entered Plaintiff's cell and reported his injuries to their supervisors and medical staff at approximately 2200 hours.

52.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the Complaint, and thus can neither admit nor deny the same.

53.

These Defendants admit the allegations contained in paragraph 53 of the Complaint.

54.

In response to the allegations contained in paragraph 54 of the Complaint, these Defendants admit that Nurse McGuire was escorted by Defendant McLain while on evening insulin duty in the K2 Dorm on the evening of the subject incident and deny any remaining allegations contained in paragraph 54.

55.

These Defendants admit the allegations contained in paragraph 55 of the Complaint.

56.

These Defendants admit the allegations contained in paragraph 56 of the Complaint.

57.

These Defendants admit the allegations contained in paragraph 57 of the Complaint.

58.

These Defendants state that any exhibits speak for themselves.  These Defendants otherwise admit the allegations contained in paragraph 58 of the Complaint.

59.

These Defendants admit the allegations contained in paragraph 59 of the Complaint.

60.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 60 of the Complaint, and thus can neither admit nor deny the same.

61.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61 of the Complaint, and thus can neither admit nor deny the same.

62.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62 of the Complaint, and thus can neither admit nor deny the same.

63.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 63 of the Complaint, and thus can neither admit nor deny the same.

64.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 64 of the Complaint, and thus can neither admit nor deny the same.

65.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 65 of the Complaint, and thus can neither admit nor deny the same.

66.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 66 of the Complaint, and thus can neither admit nor deny the same.

67.

These Defendants state that any exhibits speak for themselves.   In response to the allegations contained in paragraph 67 of the Complaint, these Defendants otherwise admit that Plaintiff was flown to Augusta where his burns were treated, including amputations of both of his legs, and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 67, and thus can neither admit nor deny the same.

68.

In response to the allegations contained in paragraph 68 of the Complaint, these Defendants admit that Plaintiff was burned in his cell, leading to amputations of both his legs, deny that Plaintiff bears no fault for his injuries, and are without knowledge of information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 68, and thus can neither admit nor deny the same.

69.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69 of the Complaint, and thus can neither admit nor deny the same.

70.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70 of the Complaint, and thus can neither admit nor deny the same.

71.

These Defendants deny the allegations contained in paragraph 71 of the Complaint.

**Response to Section I. Claims Against Securus, Its Employee Alvin Stanley, and Wintel**
*Response to Subsection I(a) Negligence by Securus And Its Employees*

72.

These Defendants incorporate their responses to paragraphs 1 through 71, above, as if restated in full and set forth specifically herein.

73.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 73 of the Complaint, and thus can neither admit nor deny the same.

74.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 74 of the Complaint, and thus can neither admit nor deny the same.

75.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 75 of the Complaint, and thus can neither admit nor deny the same.

76.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 76 of the Complaint, and thus can neither admit nor deny the same.

77.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 77 of the Complaint, and thus can neither admit nor deny the same.

78.

The allegations contained in paragraph 78 of the Complaint do not require a response from these Defendants, but to the extent these allegations require a response, they are denied.

### *Response to Subsection I(b) Strict Liability & Negligent Failure to Warn for the Wintel Defendants*

79.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 79 of the Complaint, and thus can neither admit nor deny the same.

80.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 80 of the Complaint, and thus can neither admit nor deny the same.

81.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 81 of the Complaint, and thus can neither admit nor deny the same.

82.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 82 of the Complaint, and thus can neither admit nor deny the same.

83.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 83 of the Complaint, and thus can neither admit nor deny the same.

84.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 84 of the Complaint, and thus can neither admit nor deny the same.

85.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 85 of the Complaint, and thus can neither admit nor deny the same.

86.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 86 of the Complaint, and thus can neither admit nor deny the same.

87.

The allegations contained in paragraph 87 of the Complaint do not require a response from these Defendants, but to the extent these allegations require a response, they are denied.

88.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 88 of the Complaint, and thus can neither admit nor deny the same.

### Response to Section II. Claims Against The Georgia Department of Corrections Under The Tort Claims Act

89.

These Defendants incorporate their responses to paragraphs 1 through 88, above, as if restated in full and set forth specifically herein.

90.

These Defendants deny the allegations contained in paragraph 90 of the Complaint.

91.

These Defendants deny the allegations contained in paragraph 91 of the Complaint.

92.

These Defendants deny the allegations contained in paragraph 92 of the Complaint.

93.

These Defendants deny the allegations contained in paragraph 93 of the Complaint.

94.

These Defendants deny the allegations contained in paragraph 94 of the Complaint.

95.

These Defendants deny the allegations contained in paragraph 95 of the Complaint.

96.

These Defendants deny the allegations contained in paragraph 96 of the Complaint.

97.

These Defendants deny the allegations contained in paragraph 97 of the Complaint.

98.

These Defendants deny the allegations contained in paragraph 98 of the Complaint.

99.

These Defendants deny the allegations contained in paragraph 99 of the Complaint.

100.

These Defendants deny the allegations contained in paragraph 100 of the Complaint.

101.

These Defendants deny the allegations contained in paragraph 101 of the Complaint.

102.

These Defendants deny the allegations contained in paragraph 102 of the Complaint.

103.

The allegations contained in paragraph 103 of the Complaint do not require a response from these Defendants, but to the extent these allegations require a response, these Defendants deny they are liable to Plaintiff.

104.

These Defendants deny the allegations contained in paragraph 104 of the Complaint.

105.

In response to the allegations contained in paragraph 105 of the Complaint, these Defendants deny they were negligent and deny they are liable to Plaintiff.

**Response to Section III. 49 U.S.C. § Claims Against The Georgia Department of Corrections Employees Sued in their Individual and Official Capacities—Defendants Ward, Bobbitt, Irwin, Figueroa, Glover, Osborne, Cain, McLain, Tarver, Florence, Singer, Burkhalter, Flowers, Rooks, Griner, Brack, Fashant, and Popovic**

106.

These Defendants incorporate their responses to paragraphs 1 through 105, above, as if restated in full and set forth specifically herein.

107.

These Defendants deny the allegations contained in paragraph 107 of the Complaint.

108.

These Defendants deny the allegations contained in paragraph 108 of the Complaint.

109.

These Defendants deny the allegations contained in paragraph 109 of the Complaint.

110.

These Defendants admit that Cain and Glover did tell certain persons concerning the smoke in K2 Dorm. These Defendants deny the remaining allegations contained in paragraph 110 of the Complaint.

111.

These Defendants deny the allegations contained in paragraph 111 of the Complaint.

112.

These Defendants deny the allegations contained in paragraph 112 of the Complaint.

113.

These Defendants admit that Nurse McGuire assessed Stanley and assisted in obtaining medical attention for him. These Defendants deny the remaining allegations contained in paragraph 113 of the Complaint.

114.

These Defendants deny the allegations contained in paragraph 114 of the Complaint.

115.

These Defendants deny the allegations contained in paragraph 115 of the Complaint.

116.

These Defendants deny the allegations contained in paragraph 116 of the Complaint.

117.

These Defendants deny the allegations contained in paragraph 117 of the Complaint.

118.

These Defendants deny the allegations contained in paragraph 118 of the Complaint.

119.

These Defendants deny the allegations contained in paragraph 119 of the Complaint.

120.

These Defendants deny the allegations contained in paragraph 120 of the Complaint.

121.

These Defendants deny the allegations contained in paragraph 121 of the Complaint.

122.

These Defendants deny the allegations contained in paragraph 122 of the Complaint.

123.

These Defendants deny the allegations contained in paragraph 123 of the Complaint.

**Response to Section IV, Attorneys Fees, Costs, and Punitive Damages Under O.C.G.A. §§ 13-6-11 and 51-12.5.1**

124.

These Defendants incorporate their responses to paragraphs 1 through 123, above, as if restated in full and set forth specifically herein.

125.

These Defendants deny the allegations contained in paragraph 125 of the Complaint.

126.

These Defendants deny the allegations contained in paragraph 126 of the Complaint.

127.

In response to the allegations contained in paragraph 127 of the Complaint, these Defendants deny they are liable to Plaintiff.

128.

In response to the allegations contained in the paragraph 128 of the Complaint, these Defendants deny they were negligent and deny they are liable to Plaintiff.

129.

In response to the allegations contained in paragraph 129 of the Complaint, these Defendants deny they were negligent and deny they are liable to Plaintiff.

These Defendants deny any and all other allegations in the Complaint not referred to herein specifically, deny all prayers of the Complaint, and deny that the Plaintiff is entitled to recover against these Defendants in this case.

THESE DEFENDANTS DEMAND A TRIAL BY A TWELVE (12) PERSON JURY ON ANY ISSUES OF FACT NOT CAPABLE OF RESOLUTION AS A MATTER OF LAW.

WHEREFORE, having fully responded to the allegations of Plaintiff's Complaint, these Defendants pray that they be dismissed with costs taxed to the Plaintiff.

Respectfully submitted,

CHRISTOPHER M. CARR          112505
Attorney General

LORETTA L. PINKSTON-POPE     580385
Deputy Attorney General

RONALD S. BOYTER, JR.         073553
Senior Assistant Attorney General

SUSAN E. TEASTER              701415
Senior Assistant Attorney General

/s/ *Laura L. Lones*
LAURA L. LONES               456778
Senior Assistant Attorney General

*/s/ William Tomlin*
WILLIAM L. TOMLIN            223213

-25-

Assistant Attorney General
*Attorneys for State Defendants*

PLEASE ADDRESS ALL
COMMUNICATIONS TO:

WILLIAM TOMLIN
Georgia Department of Law
40 Capitol Square, SW
Atlanta, Georgia 30334-1300
Telephone: (404) 458-3439
wtomlin@law.ga.gov

<u>CERTIFICATE OF SERVICE</u>

I do hereby certify that I have this day served the within and foregoing ANSWER, through the Court's e-file system and also by electronically mailing a copy to counsel as follows:

Terry D. Jackson
Terry D. Jackson, PC
600 Edgewood Avenue
Atlanta, Georgia 30312

This 13th day of January, 2023.

<u>*/s/ William Tomlin*</u>
William L. Tomlin
Georgia Bar No. 223213