# THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **CHIDI IKEOKWU KALEJAIYE** and **OLAYEMI FELIX KALEJAIYE**  **Plaintiffs,**  vs.  **ALEJANDRO MAYORKAS,** Secretary of U.S. Department of Homeland Security, **UR M. JADDOU,** Director of U.S. Citizenship and Immigration Services, and **SHINEKA MILLER,** Director of Atlanta Field Office of U.S. Citizenship and Immigration Services.  **Defendants.** | Civil Action  CASE NO.: _____ |

## PLANTIFFS' ORIGINAL COMPLAINT FOR WRIT OF MANDAMUS AND DECLARATORY JUDGMENT

COME NOW, Chidi Ikekwu Kalejaiye and Olayemi Felix Kalejaiye, Plaintiffs in the above-styled and numbered cause, by and through the undersigned attorney of record, and for cause of action would show this Honorable Court the following:

1. This is an action for mandamus relief and under the Administrative Procedure Act brought against the Defendants to compel action on the Petition for Alien Relative(I-130) by the Plaintiff Petitioner. The applications were filed with and remain within the jurisdiction of the Defendants, who have improperly withheld action on said Application to Plaintiffs' detriment.

2. The claims for mandamus and injunctive relief seek an order from the Court compelling Defendants to perform a duty that Defendants owe to Plaintiffs, namely, to cause Defendants to adjudicate Plaintiffs' Petition for Alien Relative (I-130). The claim for declaratory relief seeks a judicial declaration that Defendants are required under law to complete the adjudication process for Plaintiffs.

**PARTIES**

3. Plaintiff Beneficiary, Olayemi Felix Kalejaiye, (hereinafter "Plaintiff Beneficiary") is a 40-year-old native of Nigeria (Alien Number: 208-932-563). (See Copy of Ead Card, **Exhibit 2**) (See Copy of Driver License **Exhibit 5**) . He is a citizen of Nigeria. He filed an I-130 Petition for Alien Relative (I-130) on January 09, 2018. (See I130 Receipt Notice, **Exhibit 3**). Till date, USCIS has not adjudicated on the I-130 Petition for Alien Relative.

4. Plaintiff Petitioner is a citizen of the United States of America. She filed for an I-130 Petition for Alien Relative with her husband Plaintiff Beneficiary.

5. Alejandro Mayorkas is the Secretary of the Department of Homeland Security (hereinafter, "DHS") which is head of the USCIS and ultimate agency adjudicator of immigration applications and petitions. Defendant Mayorkas is sued in his official capacity.

6. Defendant, Ur M. Jaddou, is the Director of USCIS. USCIS is the branch of DHS that is charged with all adjudication duties pertaining to immigration applications. Defendant is the official of USCIS generally charged with administrative and supervisory authority over all operations of USCIS including the Atlanta Field Office. Defendant Jaddou is sued in her official capacity.

7. Defendant Shineka Miller is the USCIS Atlanta Field Office Director. Defendant Miller is sued in her official capacity and is the official of USCIS generally charged with supervisory authority over all operations of USCIS within her District with certain specific exceptions not relevant here. 8 C.F.R. § 103.1(g)(2)(ii)(B). Specifically, Defendant is responsible for the adjudication of applications for Petition to Remove Conditions on Residence filed pursuant to § 245 of the Immigration and Nationality Act (hereinafter, "INA"), codified at 8 U.S.C. § 1223, which covers most of Georgia, and part of Alabama. Defendant is also responsible for the adjudication of applications

for citizenship. As will be shown, Defendant is the official with whom Plaintiffs' applications were properly filed.

## JURISDICTION

8. Jurisdiction, in this case, is proper under 28 U.S.C. §§1331 and 1361, 5 U.S.C. § 701 et seq.; and, 28 U.S.C. § 2201 et seq, as well as the APA, 5 U.S.C. §§ 555(b) and 706(a). Relief is requested according to said statues.

## VENUE

9. Venue is proper in this court, pursuant to 28 U.S.C. § 1391(e), insofar as this is an action against officers and agencies of the United States in their official capacities brought in the District where Plaintiffs reside, and no real property is involved in the action.

## EXHAUSTION OF REMEDIES

10. Plaintiffs have exhausted their administrative remedies. No other remedy is adequate in this case because Defendants have not updated or made a decision on the Plaintiffs' I-130 Petition for Alien Relative.

## CAUSE OF ACTION

11. Plaintiff Beneficiary married Plaintiff Petitioner, his United States wife, on August 21, 2015. (See Marriage Certificate of Plaintiff Petitioner & Plaintiff Beneficiary, **Exhibit 1**). Plaintiff Petitioner filed the I130 Petition for Alien

Relative on January 09, 2018. On April 7, 2020, Plaintiff Petitioner gave birth to a child, Francis Praisegod Kalejaiye. (See Birth Certificate, **Exhibit 4**).

12. As of now, Plaintiffs still have not received an official response to this matter.

13. Plaintiffs have not received any further communication from Defendants regarding the status of their I-130 Petition for Alien Relative and more than seven years have passed since the I-130 Petition for Alien Relative was filed.

14. Defendants' failure to make a decision in this case has caused and continues to cause harm to Plaintiffs in denying them a privilege to which they are entitled.

## LEGAL BACKGROUND

15. This Court has jurisdiction to review USCIS's action concerning Plaintiffs' immigration case according to 28 U.S.C. § 1331 and Administrative Procedure Act. See Kim v. Ashcroft, 340 F. Supp. 2d 384 ( S.D.N.Y. 2004) (holding that subject matter jurisdiction exists pursuant to the Defendant's violation of 5 U.S.C. § 555(b) of the Administrative Procedure Act ("APA") in conjunction with the federal question statue); Yu v. Brown, 36 F. Supp.2d 922, 930 (D.N.M. 1999) (nothing that "courts have specifically recognized jurisdiction under § 1331 and the APA to hear challenges to INS delays in processing visas, LPR, and citizen application").

16. The APA, 5 USC §701 *et seq.* at § 704 states that acts by government agencies that are, "final agency action for which there is no other adequate remedy in a court are subject to judicial review." There is no other appropriate remedy in this situation because USCIS has withheld action on Plaintiffs' I-130 applications. Thus, the only option for Plaintiffs in this instant action in this court.

17. Moreover, 5 U.S.C. § 706 states:

> The reviewing court shall –
>
> **(1)** Compel agency action unlawfully withheld or unreasonably delayed; and
>
> **(2)** Hold unlawfully and set aside agency action, findings, and conclusions found to be –
>
> > **(A)** arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
> >
> > **(B)** contrary to constitutional right, power, privilege, or immunity;
> >
> > **(C)** in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;
> >
> > **(D)** without observance of procedure required by law;

  **(E)** unsupported by substantial evidence in a case subject to sections 556 and 557 of this title or otherwise reviewed on the record of an agency hearing provided by statue; or

  **(F)** unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court.

18. In this case, this Court has jurisdiction to set aside agency actions that are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." Thus, this Court has jurisdiction to compel agency action unlawfully withheld or unreasonably delayed because Defendants have failed to adjudicate Plaintiffs'I-130napplications.

19. Defendants have failed to properly adjudicate and have unreasonably delayed adjudication of Plaintiffs' I-130 applications..

20. Defendants' inaction in this case is, as a matter of law, arbitrary and not in accordance with the law. Defendants have willfully and unreasonably withheld action on Plaintiffs' applications in spite of ongoing eligibility of Plaintiff Beneficiary to adjust his status in the United States of America.

21. Defendants, in violation of the Administrative Procedure Act, 5 U.S.C. § 701 et seq., have unlawfully withheld action on Plaintiff's applications and therefore, have filed to carry out the detriment of the Plaintiffs.

22.  Accordingly, Plaintiffs have been forced to pursue instant action.

## PRAYER FOR RELIEF

WHEREFORE, in view of the arguments and authority noted herein, Plaintiffs respectfully pray this Honorable Court to grant the following relief:

A. Compel Defendants and their agents to perform their duty, namely, to adjudicate Plaintiffs' Petition for Petition to Remove the Conditions on Residence and Plaintiff Beneficiary Application for Naturalization according to the law and regulations by which they are bound;

B. Enjoin Defendants from further delaying the adjudication of Plaintiffs' I-130 Petition;

C. Grant each such other and further relief as this Court to Plaintiffs under the Equal Access to Justice Act.

Respectfully submitted,

This the 17th day of January, 2023.

**CH LEGAL SOLUTIONS, LLC**

/s/Urwah Ahmed_____
By: Urwah Ahmed
Georgia Bar No. 466541
Attorney for the Plaintiffs

3250 Peachtree Industrial Blvd #203
Duluth, GA 30096
Tel.: (678) 904-4142
Fax.: (678) 904-4142
Email: Urwahahmedesquire@gmail.com