# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

CASE NO.:

DAVID GORDON OPPENHEIMER,

    Plaintiff,

v.

REAL ESTATE GRAND, LLC

    Defendant.

## COMPLAINT FOR COPYRIGHT INFRINGEMENT
## (INJUNCTIVE RELIEF DEMANDED)

Plaintiff DAVID GORDON OPPENHEIMER by and through his undersigned counsel, brings this Complaint against Defendant REAL ESTATE GRAND, LLC for damages and injunctive relief, and in support thereof states as follows:

### SUMMARY OF THE ACTION

1. Plaintiff DAVID GORDON OPPENHEIMER ("Oppenheimer") brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute Oppenheimer's original copyright protected Work of authorship.

2. Oppenheimer is an independent travel, aerial, and concert photographer, who operates Performance Impressions LLC as the primary outlet to sell prints of his work in addition to commercial licensing. Oppenheimer has a large archive of aerial and concert photography with over 500 galleries of photos from concerts, music festivals, travel, landmarks, and aerial photographs of major cities, rural, and mountain landscapes across the United States. His work has been featured on National Geographic, Rolling Stone, NBC, Goldman Sachs, HBO Sports and on display at the Museum of the city of New York.

3. Defendant REAL ESTATE GRAND, LLC ("REG") is a licensed real estate company and broker. At all times relevant herein, upon information and belief, REG was the owner and operator of the internet website located at the URL https://www.realestategrand.com/ (the "Website").

4. Oppenheimer alleges that Defendant copied Oppenheimer's copyright protected Work from the internet in order to advertise, market and promote its business activities. Defendant committed the violations alleged in connection with its business for purposes of advertising and promoting sales to the public.

## JURISDICTION AND VENUE

5. This is an action arising under the Copyright Act, 17 U.S.C. § 501.

6. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

7. REG is subject to personal jurisdiction in Georgia.

8. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, REG engaged in infringement in this district, REG resides in this district, and REG is subject to personal jurisdiction in this district.

## DEFENDANT

9. Real Estate Grande LLC is a Georgia Limited Liability Company, with its principal place of business at 3150 Darbytown Court, Atlanta, GA 30339, and can be served by serving its Registered Agent, Dicksie McCutchen King, at the same address.

## THE COPYRIGHT PROTECTED WORK AT ISSUE

10. In 2014, Oppenheimer created a photograph of Highlands, North Carolina from a low altitude piloted aircraft with the canopy partially opened entitled "D8102_OPP2539", which is shown below and referred to herein as the "Work".



11. Prior to the time Oppenheimer published the Work, he applied copyright management information to the Work consisting of (1) the copyright symbol followed by "2014 David Oppenheimer" in the bottom right corner of the photo (the "Watermark"); (2) copyright management information embedded in the metadata of the Work (the "Metadata"); and (3) notices of copyright published adjacent to the Work where Oppenheimer published it on his website (the "Attribution").

12. Oppenheimer registered the Work with the Register of Copyrights on November 14, 2014 and was assigned the registration number VAu 1-190-968. The Certificate of Registration is attached hereto as Exhibit 1.

13. Oppenheimer's Work is protected by copyright but is not otherwise confidential, proprietary, or trade secrets. The Work in perspective, orientation, positioning, lighting and other details is entirely original, distinctive, and unique. As such, the Work qualifies as subject matter protectable under the Copyright Act.

14. At all relevant times Oppenheimer was the owner of the copyright protected Work at issue in this case.

## INFRINGEMENT BY DEFENDANT

15. REG has never been licensed to use the Work at issue in this action for any purpose.

16. On a date after Oppenheimer registered the copyright of the Work with the United States Copyright Office, REG accessed the Work, reproduced a cropped and edited copy of the Work on its server, and displayed that altered copy of the Work publicly on its Website.

17. On or about February 14, 2020, Oppenheimer discovered the unauthorized use of his Work on the Website.

18. REG copied Oppenheimer's copyright protected Work without Oppenheimer's permission.

19. After REG copied the Work, it made further copies and distributed the Work on the internet to promote the sale of services as part of its real estate business.

20. REG copied and distributed Oppenheimer's copyright protected Work in connection with advertising and marketing its business, and in the course and scope of advertising and selling products and services.

21. REG committed copyright infringement of the Work as evidenced by the documents attached hereto as Exhibit 2.

22. Oppenheimer never gave REG permission or authority to copy, distribute or display the Work for any purpose.

23. Oppenheimer notified REG of the allegations set forth herein on April 29, 2022, and May 18, 2022. To date, REG has failed to respond to Plaintiff's Notices.

## COUNT I
## COPYRIGHT INFRINGEMENT

24. Oppenheimer incorporates the allegations of paragraphs 1 through 23 of this Complaint as if fully set forth herein.

25. Oppenheimer owns a valid copyright in the Work at issue in this case.

26. Oppenheimer registered the Work at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

27. REG copied, displayed, and distributed the Work at issue in this case and made derivatives of the Work without Oppenheimer's authorization in violation of 17 U.S.C. § 501.

28. REG performed the acts alleged in the course and scope of its business activities.

29. REG's acts were willful.

30. Oppenheimer has been damaged.

31. The harm caused to Oppenheimer has been irreparable.

WHEREFORE, the Plaintiff David Gordon Oppenheimer prays for judgment against the Defendant Real Estate Grand, LLC that:

    a. Defendant and its officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. §§ 501, 1203;

    b. Defendant be required to pay Plaintiff his actual damages and REG's profits attributable to the infringement, or, at Plaintiff's election, statutory damages, as provided in 17 U.S.C. §§ 504, 1203;

    c. Plaintiff be awarded his attorneys' fees and costs of suit under the applicable statutes sued upon;

d.  Plaintiff be awarded pre- and post-judgment interest; and

e.  Plaintiff be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

DATED: January 18, 2023          Respectfully submitted,

*/s/Evan A. Andersen*
EVAN A. ANDERSEN
Georgia Bar Number: 377422
Evan.andersen@sriplaw.com

**SRIPLAW, P.A.**
3372 Peachtree Road
Suite 115
Atlanta, GA 30326
404.496.6606 – Telephone
561.404.4353 – Facsimile

And

JOEL B. ROTHMAN
Georgia Bar Number: 979716
joel.rothman@sriplaw.com

**SRIPLAW, P.A.**
21310 Powerline Road
Suite 100
Boca Raton, FL  33433
561.404.4350 – Telephone
561.404.4353 – Facsimile

*Counsel for Plaintiff David Gordon Oppenheimer*

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1.C**

The undersigned does hereby certify that this pleading was prepared in Times New Roman font, 14-Point, in compliance with Local Rule 5.1.C.

Dated:  January 18, 2023                  Respectfully submitted,

*/s/ Evan A. Andersen*
EVAN A. ANDERSEN