UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **URIAH SHARP**                )<br>                                                      )<br>       **Plaintiff,**                         )<br>                                                      )<br> **v.**                                              )<br>                                                      )<br> **OASIS GOODTIME EMPORIUM I, Inc.** )<br> **a Georgia Corporation,**          )<br>                                                      )<br>       **Defendant.**                      ) | **Civil Action No.**<br><br>**Jury Trial Demanded** |

## FLSA COMPLAINT

COMES NOW Plaintiff Uriah Sharp ("Plaintiff") and files this FLSA Compliant (the "Complaint") against Defendant Oasis ("Defendant") pursuant to the Fair Labor Standards Act of 1938 and in support thereof would further state as follows:

### INTRODUCTION

1. The instant action arises from Defendant's violations of Plaintiff's rights under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq., as amended (hereinafter "FLSA"), and specifically the provisions of the FLSA found at § 216(b) to remedy violations of minimum wage and the overtime provisions of the FLSA by Defendant which have deprived Plaintiff of her lawful minimum and overtime wages.

2. During the term of work of Plaintiff, Defendant committed widespread violations of the FLSA by failing to compensate workers at the legally appropriate minimum and overtime wages.

3. Plaintiff seeks unpaid minimum and overtime wages, an equal amount of liquidated damages, reimbursement of all fees or kickbacks paid to Defendant by Plaintiff, attorneys' fees, costs, and other appropriate relief pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 29 U.S.C. § 216(b) (FLSA).

5. Venue for this case lies with this Court pursuant to 29 U.S.C. § 1391 (b) (1) and (2) because a substantial part of events or omissions giving rise to the claims occurred within the jurisdiction of this Court and because Defendant are located in this District and subject to personal jurisdiction in this District.

## PARTIES

6. Plaintiff lives in the State of Georgia and within this District.

7. At all times material to this action, Plaintiff was an "employee" of Defendant defined by § 203(e)(1) of the FLSA, and worked for Defendant within the territory of the United States. Plaintiff is further covered by §§ 203 and 207 of the FLSA for the period in which she was employed by Defendant as a dancer.

8. Defendant was previously an adult entertainment nightclub located at 6363 Peachtree Industrial Blvd., Doraville, Georgia 30360.

9. This Complaint can be served on Defendant's registered agent Alan Begner, Esq. at 6075 Barfield Road, Sandy Springs, Georgia 30328.

10. Defendant is a corporation formed under the laws of the State of Georgia.

11. Defendant conduct business within this State and District.

12. Defendant maintained either actual or constructive control, oversight and direction of Defendant's business, including the employment and pay and other practices of those operations of Plaintiff.

13. At all times material to this action, pursuant to 29 U.S.C. § 207, Plaintiff was engaged in commerce or the production of goods for commerce and Defendant was an enterprise engaged in commerce or in the production of goods for commerce as defined by § 203 of the FLSA, and had an annual gross volume of sales which exceeded $500,000.

14. At all times material to this action, Defendant was the "employer" of Plaintiff as defined by § 203(d) of the FLSA.

15. The overtime provisions set forth in § 207 of the FLSA apply to Defendant

**FACTUAL ALLEGATIONS**

16. At times for the three years prior to the filing of this Complaint, Defendant has employed female dancers.

17. At times for three years prior to the filing of this Complaint, Defendant categorized all dancers as "independent contractors."

18. At times for the three years prior to the filing of the instant Complaint, Defendant has not required entertainers to have any specialized training or background. Defendant did not require applicants for dancing positions to have any experience or training prior to hire.

19. At times for the three years prior to the filing of this Complaint, Defendant directly and indirectly controlled the dancers' work schedules.

20. At times for three years prior to the filing of this Complaint, Defendant posted notices and work rules for its dancers in the dressing room and imposed discipline upon its dancers, including fines, warnings, suspensions, and terminations on dancers for infractions of its work rules.

21. At times for the three years prior to the filing of this Complaint, Defendant and other managers supervised dancers on a day-to-day basis including exercising the supervisory authority to require dancers to change their attire.

22. At times for the three years prior to the filing of this Complaint, Defendant had the discretion and authority to allow dancers to leave a work shift early. However, if a dancer left a shift early, Defendant fined them.

23. At times for the three years prior to the filing of this Complaint, Defendant employed a DJ who operated the music and determined the order and rotation by which the dancers danced.

24. At times for the three years prior to the filing of this Complaint, Defendant maintained a dressing room for its dancers.

25. At times for the three years prior to the filing of this Complaint, Defendant bore all costs associated with advertising and marketing.

26. At times for the three years prior to the filing of this Complaint, Defendant made capital investments in the facilities, maintenance, sound system, lights, beverage and inventory; and made all hiring decisions regarding waitstaff, security, dancers, managerial and other employees.

27. At times for three years prior to filing this Complaint, the DJ maintained a sign-in sheet recording the time dancers reported to work. And, the managers recorded the time each dancer left work at the end of their shift.

28. Plaintiff worked for Defendant off and on within three years of the filing of this Complaint. When working, Plaintiff worked approximately three shifts per week up to five shifts per week. Plaintiff worked approximately six to eight hours per shift.

29. At times for the three years prior to the filing of this Complaint, Defendant failed to pay Plaintiff any wages or compensation whatsoever and

Plaintiff's sole form of remuneration was the receipt of tips from the Defendant's customers.

30. At times for the three years prior to the filing of this Complaint and as a condition of employment, for each shift worked, Defendant required dancers, as a condition of their employment to pay kickbacks or fees including a $9 - $59 shift fee; a "tip out fee" at the end of each shift to the manager on duty; fees to the DJ, bouncer restroom attendant; and a fee each time a dancer used the VIP rooms with a customer.

31. Because Defendant did not pay Plaintiff, Defendant did not pay Plaintiff the federally required minimum wage and one-and-a-half times their regular rate of pay when Plaintiff worked over forty hours in a given workweek.

32. Upon information and belief, Defendant knew that under the law, dancers at gentlemen clubs were legally "employees" not "independent contractors."

33. Defendant knew or showed reckless disregard for the fact that it misclassified the dancers as independent contractors, and accordingly, failed to pay these individuals minimum wage and overtime at the required rates under the FLSA.

34. Plaintiff demands a trial by jury.

## COUNT I – MINIMUM WAGE
## FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201, *ET. SEQ.*

35. The above paragraphs are incorporated by reference as if fully set forth herein.

36. This claim arises from Defendant's willful violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.*, for failure to pay a minimum wage to Plaintiff and those similarly situated to which they were entitled.

37. The minimum wage provisions of the FLSA apply to Defendant.

38. Pursuant to the FLSA, 29 U.S.C. § 206, Plaintiff was entitled to be compensated at a rate of at least $7.25 per hour.

39. Defendant was not allowed to avail itself of the federal tipped minimum wage rate under the FLSA, 29 U.S.C. § 201, *et. seq.*, because Defendant provided no notice to employees of its intention to take a tip credit and because Plaintiff was not allowed to keep all of her tip money.

40. Defendant, pursuant to their policies and practices, refused and failed to pay a minimum wage to Plaintiff.

41. By failing to compensate Plaintiff minimum wage, Defendant violated their statutory rights under the FLSA.

42. The forgoing conduct, as alleged, constitutes a willful violation of the FLSA.

43. Plaintiff seeks damages in the amount of her respective unpaid minimum wage, the amount of Plaintiff's paid kickbacks or fees, liquidated damages as provided under the FLSA, 29 U.S.C. § 216(b), interest, and such other legal and equitable relief as the Court deems proper.

44. Plaintiff seeks recovery of attorneys' fees and costs to be paid by Defendant as provided by the FLSA, 29 U.S.C. § 216(b).

## COUNT II – OVERTIME WAGE
## FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201, *ET. SEQ.*

45. The above paragraphs are incorporated by reference as if fully set forth herein.

46. This claim arises from Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.*, for failure to pay overtime compensation to Plaintiff and those similarly situated to which they were entitled.

47. The overtime provisions of the FLSA, 29 U.S.C. § 201, *et. seq.*, apply to Defendant.

48. Pursuant to the FLSA, 29 U.S.C. § 207, Plaintiff was entitled to be compensated at one-and-a-half times their regular rate of compensation for all hours worked over forty hours in any given workweek.

49. Defendant, pursuant to their policies and practices, refused and failed to pay any wage at all to Plaintiff and those similarly situated.

50. Defendant did not pay one-and-a-half times Plaintiff's regular rate for hours worked in excess of forty hours per week because Defendant paid no wages at all.

51. The forgoing conduct, as alleged, constitutes a willful violation of the FLSA.

52. Plaintiff seeks damages in the amount of her respective unpaid overtime wages, an amount Plaintiff paid in kickback or fees, liquidated damages as provided under the FLSA, 29 U.S.C. § 216(b), interest, and such other legal and equitable relief as the Court deems proper.

53. Plaintiff seeks recovery of attorneys' fees and costs to be paid by Defendant as provided by the FLSA, 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

a. Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages and overtime wages;

b. An equal amount to Plaintiff's damages as liquidated damages;

c. Judgement against Defendant for an amount equal to all kickback and fees paid by Plaintiff;

d. Judgment against Defendant that its violations of the FLSA were willful;

e. An award of prejudgment interest; and

f. All costs and attorneys' fees incurred in prosecuting these claims.

MARTIN & MARTIN, LLP

By: /s/Kimberly N. Martin
Kimberly N. Martin
kmartin@martinandmartinlaw.com
Georgia Bar No. 473410

Thomas F. Martin
tfmartin@martinandmartinlaw.com
Georgia Bar No. 482595

**MARTIN & MARTIN, LLP**
1100 Peachtree Street, Suite 200
Atlanta, Georgia 30309