Case 1:23-mi-99999-UNA   Document 180-2   Filed 01/19/23   Page 1 of 10

E-FILED IN OFFICE - MX
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA
**22-A-10758-5**
**1/19/2023 8:29 AM**
TIANA P. GARNER, CLERK

## IN THE SUPERIOR COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

| | | |
|---|---|---|
| QUASAR ALEXANDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE NO.: 22-A-10758-5 |
| v. | ) | |
| | ) | |
| MEMBERSELECT INSURANCE, COMPANY, | ) ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER OF MEMBERSELECT INSURANCE COMPANY TO PLAINTIFF'S COMPLAINT

MemberSelect Insurance Company ("MemberSelect"), Defendant in the above-styled action, submits its Answer to Plaintiff's Complaint and shows this Honorable Court as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted as to MemberSelect.

### SECOND DEFENSE

MemberSelect has not breached the provisions of any policy of insurance issued by MemberSelect to Plaintiff, and on account thereof, Plaintiff is not entitled to maintain the within action against MemberSelect.

### THIRD DEFENSE

Plaintiff's claim for bad faith under O.C.G.A. § 33-4-6 is unfounded in law and in fact. MemberSelect has acted in good faith at all times surrounding the subject matter which forms the basis of Plaintiff's Complaint.

**FOURTH DEFENSE**

The damages claimed by Plaintiff are expressly excluded pursuant to the terms of the MemberSelect policy issued to Plaintiff.

**FIFTH DEFENSE**

Plaintiff did not sustain damage as alleged in Plaintiff's Complaint.

**SIXTH DEFENSE**

Plaintiff has failed to mitigate his alleged damages, thereby barring Plaintiff from recovering of MemberSelect Insurance Company for said damages.

**SEVENTH DEFENSE**

MemberSelect Insurance Company responds to the individually numbered paragraphs of Plaintiff's Complaint as follows:

1.

MemberSelect admits the allegations contained in paragraph 1 of Plaintiff's Complaint.

2.

MemberSelect admits the allegations contained in paragraph 2 of Plaintiff's Complaint.

3.

MemberSelect admits that this Court has subject matter and personal jurisdiction over this action and Defendant. MemberSelect denies all allegations that it breached the contract of insurance as alleged by Plaintiff.

4.

MemberSelect admits the allegations contained in paragraph 4 of Plaintiff's Complaint.

5.

MemberSelect denies the allegations contained in paragraph 5 of Plaintiff's Complaint.

6.

MemberSelect admits that prior to October 26, 2020, it issued Policy No. H0M700121987 to Plaintiff Quasar Alexander. MemberSelect further admits that the subject policy insures Plaintiff's home as to direct physical loss as set forth in the express terms and conditions of the subject policy.

7.

MemberSelect admits that the subject policy's terms and conditions speak for themselves with respect to repairs for real and personal property.

8.

MemberSelect admits that the subject policy's terms and conditions speak for themselves.

9.

Admitted in part. MemberSelect admits that on or about October 26, 2020 and October 29, 2020 the subject insurance policy was in effect. MemberSelect denies the remaining allegations contained in paragraph 9 of Plaintiff's Complaint.

10.

MemberSelect admits that Plaintiff notified it of alleged damage to the property and submitted claims for both dates of loss. MemberSelect further admits that it assigned an adjuster to investigate Plaintiff's claims and that the adjuster was authorized as Defendant's representative and agent for purposes of the claims.

11.

MemberSelect admits the allegations contained in paragraph 11 of Plaintiff's Complaint.

12.

MemberSelect admits the allegations contained in paragraph 12 of Plaintiff's Complaint.

13.

MemberSelect admits the allegations contained in paragraph 13 of Plaintiff's Complaint.

14.

MemberSelect denies the allegations contained in paragraph 14 of Plaintiff's Complaint.

15.

MemberSelect denies the allegations contained in paragraph 15 of Plaintiff's Complaint.

16.

MemberSelect denies the allegations contained in paragraph 16 of Plaintiff's Complaint.

17.

MemberSelect admits that a true and accurate copy of Plaintiff's written demand is attached as Exhibit "D" to Plaintiff's Complaint. MemberSelect denies the remaining allegations contained in paragraph 17 of Plaintiff's Complaint.

18.

MemberSelect admits that Exhibit D to Plaintiff's Complaint is a letter of representation from Plaintiff's counsel. MemberSelect denies that Plaintiff's August 8, 2022 correspondence constituted a proper demand under O.C.G.A. § 33-4-6.

19.

MemberSelect denies the allegations contained in paragraph 19 of Plaintiff's Complaint.

20.

MemberSelect denies the allegations contained in paragraph 20 of Plaintiff's Complaint.

21.

MemberSelect denies the allegations contained in paragraph 21 of Plaintiff's Complaint.

22.

MemberSelect denies the allegations contained in paragraph 22 of Plaintiff's Complaint.

23.

MemberSelect hereby repeats and incorporates the paragraphs 1 through 22 as fully set forth herein.

24.

MemberSelect denies the allegations contained in paragraph 24 of Plaintiff's Complaint.

25.

MemberSelect denies the allegations contained in paragraph 25 of Plaintiff's Complaint.

26.

MemberSelect denies the allegations contained in paragraph 26 of Plaintiff's Complaint.

27.

MemberSelect denies the allegations contained in paragraph 27 of Plaintiff's Complaint.

28.

MemberSelect denies the allegations contained in paragraph 28 of Plaintiff's Complaint.

29.

MemberSelect denies the allegations contained in paragraph 29 of Plaintiff's Complaint.

30.

MemberSelect denies the allegations contained in paragraph 30 of Plaintiff's Complaint.

31.

MemberSelect denies the allegations contained in paragraph 31 of Plaintiff's Complaint.

32.

MemberSelect hereby repeats and incorporates the paragraphs 1 through 31 as fully set forth herein.

33.

MemberSelect denies the allegations contained in paragraph 33 of Plaintiff's Complaint.

34.

MemberSelect denies the allegations contained in paragraph 34 of Plaintiff's Complaint.

35.

MemberSelect denies the allegations contained in paragraph 35 of Plaintiff's Complaint.

36.

MemberSelect denies the allegations contained in paragraph 36 of Plaintiff's Complaint.

37.

MemberSelect denies the allegations contained in paragraph 37 of Plaintiff's Complaint.

38.

MemberSelect denies the allegations contained in paragraph 38 of Plaintiff's Complaint.

39.

MemberSelect denies the allegations contained in paragraph 39 of Plaintiff's Complaint.

40.

MemberSelect denies the allegations contained in paragraph 40 of Plaintiff's Complaint.

41.

MemberSelect request a trial by jury on all counts.

42.

MemberSelect denies the allegations contained in paragraph 42 of Plaintiff's Complaint.

43.

Any allegations contained in Plaintiff's Complaint to which MemberSelect Insurance Company has not specifically responded are hereby denied.

WHEREFORE, MemberSelect Insurance Company respectfully requests this Honorable Court:

(a) Dismiss Plaintiff's Complaint with prejudice;

(b) Provide for trial by jury of twelve persons;

(c) Tax all costs against Plaintiff;

(d) Award MemberSelect Insurance Company all expenses of litigation, including reasonable attorneys' fees;

(e) Provide such other and further relief as this court deems just and proper.

Respectfully submitted,

This 19th day of January, 2023.

**FAIN, MAJOR & BRENNAN, P.C.**

*/s/ James F. Taylor, III*
JAMES F. TAYLOR, III
Georgia Bar No. 700230

Counsel for MemberSelect Insurance Company

4500 Hugh Howell Road
Suite 640
Tucker, GA  30084
(404) 688-6633
Jtaylor@fainmajor.com

## IN THE SUPERIOR COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

| | |
|---|---|
| QUASAR ALEXANDER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION FILE NO.: 22-A-10758-5 |
| v. ) | |
| ) | |
| MEMBERSELECT INSURANCE, ) | |
| COMPANY, ) | |
| ) | |
| Defendants. ) | |

## CERTIFICATE OF SERVICE

This is to certify that I have this date served upon counsel for the opposing parties in the foregoing matter a copy of the **Answer Of MemberSelect Insurance Company to Plaintiff's Complaint** electronically via Odyssey eFileGA or by placing same in the U.S. Mail, addressed as follows:

J. Remington Huggins, Esq.<br>
Michael D. Turner, Esq.<br>
Foster L. Peebles, Esq.<br>
The Huggins Law Firm, LLC<br>
110 Norcross Street<br>
Roswell, GA 30075<br>
remington@lawhuggins.com<br>
mdturner@lawhuggins.com<br>
fpeebles@lawhuggins.com

This 19th day of January, 2023.

**FAIN, MAJOR & BRENNAN, P.C.**

*/s/ James F. Taylor, III*
JAMES F. TAYLOR, III
Georgia Bar No. 700230

4500 Hugh Howell Road
Suite 640
Tucker, GA  30084
(404) 688-6633
Jtaylor@fainmajor.com

Counsel for MemberSelect Insurance Company

Exhibit B

Case 1:23-mi-99999-UNA   Document 180-2   Filed 01/19/23   Page 9 of 10

E-FILED IN OFFICE - MX
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA
**22-A-10758-5**
**1/19/2023 8:29 AM**
TIANA P. GARNER, CLERK

### IN THE SUPERIOR COURT OF GWINNETT COUNTY

### STATE OF GEORGIA

| | |
|---|---|
| QUASAR ALEXANDER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION FILE NO.: 22-A-10758-5 |
| v. ) | |
| ) | |
| MEMBERSELECT INSURANCE, ) | |
| COMPANY, ) | |
| ) | |
| Defendants. ) | |

### MEMBERSELECT INSURANCE COMPANY'S
### JURY DEMAND

MemberSelect Insurance Company ("MemberSelect"), Defendant in the above-styled action, and herewith files its Demand for Twelve Person Jury on all issues so triable.

Respectfully submitted,

This 19th day of January, 2023.

                                                                 **FAIN, MAJOR & BRENNAN, P.C.**

                                                          */s/ James F. Taylor, III*
                                                          JAMES F. TAYLOR, III
4500 Hugh Howell Road                              Georgia Bar No. 700230
Suite 640
Tucker, GA 30084                                     Counsel for MemberSelect Insurance Company
(404) 688-6633
Jtaylor@fainmajor.com

Exhibit B

## IN THE SUPERIOR COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

| | | |
|---|---|---|
| QUASAR ALEXANDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE NO.: 22-A-10758-5 |
| v. | ) | |
| | ) | |
| MEMBERSELECT INSURANCE, COMPANY, | ) ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

This is to certify that I have this date served upon counsel for the opposing parties in the foregoing matter a copy of the **MemberSelect Insurance Company's Jury Demand** electronically via Odyssey eFileGA or by placing same in the U.S. Mail, addressed as follows:

> J. Remington Huggins, Esq.
> Michael D. Turner, Esq.
> Foster L. Peebles, Esq.
> The Huggins Law Firm, LLC
> 110 Norcross Street
> Roswell, GA 30075
> remington@lawhuggins.com
> mdturner@lawhuggins.com
> fpeebles@lawhuggins.com

This 19th day of January, 2023.

                                                        FAIN, MAJOR & BRENNAN, P.C.

                                                        */s/ James F. Taylor, III*
                                                        JAMES F. TAYLOR, III
4500 Hugh Howell Road                      Georgia Bar No. 700230
Suite 640
Tucker, GA  30084                            Counsel for MemberSelect Insurance Company
(404) 688-6633
Jtaylor@fainmajor.com