IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MELISSA MAEWEATHERS,<br><br>    Plaintiff,<br><br>vs.<br><br>TONY HONAKER, JNJ EXPRESS, INC., and CHEROKEE INSURANCE COMPANY,<br><br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§   CIVIL ACTION FILE<br><br>   NO.: _____ |

## DEFENDANTS' JOINT NOTICE OF REMOVAL

COME NOW, **TONY HONAKER** and **JNJ EXPRESS, INC.**, Defendants in the above-styled civil action, and **CHEROKEE INSURANCE COMPANY**, a purported Defendant ("Defendant") in the above-styled civil action, appearing specially and without waiving, but specifically reserving all defenses arising from jurisdiction, service and process, and hereby remove Civil Action File No. 2022CV02592 from the State Court of Clayton County to the United States District Court for the Northern District of Georgia, Atlanta Division, pursuant to Fed. R. Civ. P. 81(c) and 28 U.S.C. §§ 1332, 1441 and 1446, and as grounds for the removal state as follows:

## STATEMENT OF THE CASE

1.

Defendants have been sued in a civil action brought in the State Court of Clayton County, which is located within the Atlanta Division of the United States District Court for the Northern District of Georgia. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all of the process, pleadings, orders and documents from the State Court Action have been attached as Defendants' Exhibit 1 (hereinafter "D-1").

2.

The present matter is an action for damages for bodily injury arising out of a June 14, 2021, motor vehicle accident involving Plaintiff Melissa Maeweathers and Defendant Tony Honaker (hereinafter "the subject accident"). D-1, Complaint, ¶¶ 1-4. Plaintiff makes claims against Defendant Tony Honaker for (i) ordinary negligence and (ii) negligence per se. *Id.*, Complaint, ¶¶ 51-56, 84-86. Plaintiff makes claims against Defendant JNJ Express, Inc., for (i) vicarious liability/respondeat superior for the acts/omissions of Tony Honaker and (ii) negligent hiring and retention of Tony Honaker. *Id.*, Complaint, ¶¶ 57-67. Plaintiff makes a direct action claim against Defendant Cherokee Insurance

Company pursuant to O.C.G.A. § 40-2-140 and/or O.C.G.A. § 40-1-112. *Id.*, ¶¶ 73-79.

3.

The Complaint was filed November 21, 2022, in the State Court of Clayton County, Civil Action File No. 2022CV02592. *See* D-1, Complaint. Defendant Tony Honaker was served with the Summons and Complaint on December 22, 2022. Defendant JNJ Express, Inc. was served with the Summons and Complaint on December 5, 2022. Defendant Cherokee Insurance Company has not yet been served with the Summons and Complaint.

## DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1332(a)

4.

Plaintiff Melissa Maeweathers is a citizen of the State of Georgia. D-1, Complaint, ¶ 2. Defendant Tony Honaker is, and was at the time this lawsuit was filed, a citizen of the State of Texas. *Id.*, Complaint, ¶ 4. Defendant JNJ Express, Inc. is, and was at the time this lawsuit was filed, a corporation organized under the laws of the State of Tennessee, with its principal place of business in the State of Tennessee. *Id.*, Complaint, ¶ 9. Defendant Cherokee Insurance Company is, and was at the time this lawsuit was filed, a corporation organized under the laws of the

State of Michigan with its principal place of business in the State of Michigan. *Id.*, ¶ 23. Therefore, there is complete diversity of citizenship between the parties.

5.

Plaintiff contends that "[a]s a direct and proximate result of the negligence of Defendant JNJ Express, Inc. and their employee, Tony Honaker in the ensuing collision, Plaintiff sustained severe and permanent injuries and damages." D-1, Complaint, ¶ 66. Plaintiff additionally avers that "[a]s a direct and proximate result of the breaches of duty by Defendants, Plaintiff is entitled to recover fair and full compensation for all injuries and damages that have been suffered as a proximate result of the collision and that will be suffered in the future as a result of the collision, including, without limitation, all special damages and compensatory damages, medical expenses, lost wages and loss of earning capacity, and other necessary expenses, as well as fair and full compensation for all pain and suffering, including physical pain and suffering in the past and future, mental and emotional suffering, shock of impact, disability, worry, anxiety, loss of enjoyment of life, disfigurement in the past and future, physical impairment in the past and future, mental anguish in the past and future, and other categories of damages provided for under the law." *Id.*, Complaint, ¶ 71. Plaintiff is additionally seeking uncapped punitive damages pursuant to O.C.G.A. § 51-12-5.1 and attorney's fees and

litigation expenses pursuant to O.C.G.A. § 13-6-11.  D-1, Complaint, ¶¶ 80-83, 84-86.

6.

In determining whether the requisite $75,000.00 amount in controversy has been established, jurisdiction "is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." *Williams v. Best Buy Co., Inc.*, 269 F.3d 1319 (11th Cir. 2001).  If the jurisdictional amount is not facially apparent from the complaint, the court … may require evidence relevant to the amount in controversy." *Id.*

In the present case, given the damages claimed by Plaintiff, Defendants assert that it is facially apparent from the Plaintiff's Complaint that the requisite $75,000.00 amount in controversy requirement has been met.  Should the Court not, however, find that it is facially apparent from the Complaint that the amount in controversy requirement is met, the Court should also consider Plaintiff's August 31, 2022 settlement demand for $929,000.00, which represents Plaintiff's claimed special damages alone to be $97,951.70.  *See* Plaintiff's August 31, 2022 settlement demand attached as Defendants' Exhibit 2, pg. 1-17.

## ALL PROCEDURAL REQUIREMENTS
## FOR REMOVAL HAVE BEEN SATISFIED

7.

Defendant Tony Honaker was served with the Summons and Complaint on December 22, 2022. Defendant JNJ Express, Inc. was served with the Summons and Complaint on December 5, 2022. Defendant Cherokee Insurance Company has not yet been served with the Summons and Complaint. This Joint Notice of Removal is, therefore, filed within 30 days from both the date that Defendant Tony Honaker was served with the Summons and Complaint, and the date that Defendant Cherokee Insurance Company was served with the Summons and Complaint. Removal is, therefore, timely in accordance with 28 U.S.C. § 1446(b).

8.

Pursuant to 28 U.S.C. 1446(b)(2)(A), "all defendants who have been properly joined and served must join in or consent to the removal of the action." As such, Defendants Tony Honaker, JNJ Express, Inc. and Cherokee Insurance Company expressly consent to the removal of this action and the requirements of 28 U.S.C. § 1446(b)(2)(A) have been met.

## CONCLUSION

By this Joint Notice of Removal, Tony Honaker, JNJ Express, Inc. and Cherokee Insurance Company do not waive any objections they may have as to service, jurisdiction or venue, or any other defenses or objections they may have to this action. Defendants Tony Honaker, JNJ Express, Inc. and Cherokee Insurance Company intend no admission of fact, law, or liability by this Notice and expressly reserve all defenses, motions and/or pleas.

WHEREFORE, Defendants Tony Honaker, JNJ Express, Inc. and Cherokee Insurance Company pray that the case be removed to the United States District Court for the Northern District of Georgia, Atlanta Division.

This 19th day of January, 2023.

**CRUSER, MITCHELL, NOVITZ, SANCHEZ, GASTON & ZIMET, LLP**

/s/ Jason G. Wyrick
**JASON G. WYRICK**
Georgia Bar No. 143112
**TED S. HUGGINS**
Georgia Bar No. 964381
*Attorneys for Defendants Tony Honaker, JNJ Express, Inc., and Purported Defendant Cherokee Insurance Company*

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA  30092
(404) 881-2622
(404) 881-2630 – Facsimile
jwyrick@cmlawfirm.com
thuggins@cmlawfirm.com

## **CERTIFICATE OF COMPLIANCE**

Undersigned counsel certify the foregoing document has been prepared with one of the font and point selections (Times New Roman, 14 point) approved by the Court in Local Rule 5.1(C).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the undersigned has this day electronically filed the within and foregoing **DEFENDANTS' JOINT NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

Rob Loar, Esq.
WLG Atlanta, LLC
Bank of America Plaza
600 Peachtree Street, NE, Suite 4010
Atlanta, GA  30308
Rob.loar@witheritelaw.com
*Counsel for Plaintiff*

I FURTHER CERTIFY that the undersigned has mailed copies of the entire pleading referenced above to the above address.

This 19th day of January, 2023.

                **CRUSER, MITCHELL, NOVITZ,
                SANCHEZ, GASTON & ZIMET, LLP**

                /s/ Jason G. Wyrick
                **JASON G. WYRICK**
                Georgia Bar No. 143112

Meridian II, Suite 2000       **TED S. HUGGINS**
275 Scientific Drive        Georgia Bar No. 964381
Peachtree Corners, GA  30092   *Attorneys for Defendants Tony Honaker,*
(404) 881-2622          *JNJ Express, Inc., and Purported Defendant*
(404) 881-2630 – Facsimile     *Cherokee Insurance Company*
jwyrick@cmlawfirm.com
thuggins@cmlawfirm.com