*Tiki Brown*
**Tiki Brown**
Clerk of State Court
Clayton County, Georgia
Waukecia Lawrence

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

|  |  |  |
|---|---|---|
| MELISSA MAEWEATHERS; | § | CIVIL ACTION |
| Plaintiff, | § | |
| | § | 2022CV02592 |
| VS. | § | FILE NO. _____ |
| | § | |
| TONY HONAKER; JNJ EXPRESS, INC.; | § | |
| AND CHEROKEE INSURANCE | § | **JURY TRIAL DEMANDED** |
| COMPANY; | § | |
| Defendants. | § | |

### COMPLAINT FOR DAMAGES

COMES NOW PLAINTIFF Melissa Maeweathers ("Plaintiff"), by and through her counsel of record and files this her Complaint for Damages showing this Honorable Court as follows:

1.      This is an action for personal injury damages arising out of a motor vehicle collision that occurred on or about June 14, 2021, in Gwinnett County, Georgia.

### PARTIES, JURISDICTION, AND VENUE

2.      Plaintiff Melissa Maeweathers is a resident of DeKalb County, Georgia.

3.      Plaintiff Melissa Maeweathers sustained personal injuries as a result of a motor vehicle collision that occurred at approximately 12:55 a.m. on June 14, 2021, on Interstate 85 South in Gwinnett County, Georgia.

4.      Defendant Tony ("Honaker") is an individual who resides at 26939 Wild Duck Lane, Hockley, Harris County, Texas 77447 and may be served with a copy of the summons and complaint at this address.

**D-1**

5.    Once served with process, Honaker is subject to the jurisdiction and
venue of this Honorable Court pursuant to the terms of the Georgia Non-Resident
Motorist Act O.C.G.A. § 40-12-1.

6.    Honaker was properly served with process in this civil action.

7.    Honaker was sufficiently served with process in this civil action.

8.    Honaker is subject to the jurisdiction of this Court.

9.    Defendant JNJ Express, Inc. is a foreign corporation doing business in the
state of Georgia and is authorized to conduct business in Georgia.

10.   JNJ Express, Inc. may be served through its registered agent, C T
Corporation System, at 289 S. Culver Street, Lawrenceville, Gwinnett County, Georgia
30046.

11.   Once served with process, JNJ Express, Inc. is subject to the jurisdiction of
this Court pursuant to O.C.G.A. § 14-2-510(b)(4), because this action may be brought in
the county where JNJ Express, Inc. maintains a principal place of business.

12.   Once served with process, JNJ Express, Inc. is subject to the jurisdiction of
this Court.

13.   JNJ Express, Inc. was properly served with process in this civil action.

14.   JNJ Express, Inc. was sufficiently served with process in this civil action.

15.   JNJ Express, Inc. is subject to the jurisdiction of this Court.

16.   At all times material hereto, Defendant JNJ Express, Inc. was not permitted
to operate a commercial vehicle over the public roadways unless it as a motor carrier had
obtained and had in effect the minimum levels of financial responsibility as set forth in 49
CFR § 387.9. as adopted by the State of Georgia.

**D-1**

From: Erica Lisenbe        Fax: 19723543452        To:                    Fax: (586) 795-3130        Page: 4 of 15        11/30/2022 9:26 AM

2022CV02592

17.    At all times material hereto, Defendant JNJ Express, Inc. was required by 49 CFR § 387.9 to have in effect and did have in effect a policy of motor vehicle liability insurance.

18.    At all times material hereto, Defendant JNJ Express, Inc. was required by 49 CFR § 387.9 to have in effect and did have in effect a policy of motor vehicle liability insurance with liability limits of one million dollars.

19.    At all times material hereto, Defendant JNJ Express, Inc. had in effect a policy of motor vehicle insurance with liability limits of one million dollars that was issued by Defendant Cherokee Insurance Company.

20.    At the time of the collision described in this Complaint, Defendant JNJ Express, Inc. had automobile liability coverage for compensatory damages that were caused through the negligent operation of the tractor-trailer that Defendant JNJ Express, Inc. was operating at the time of the subject collision.

21.    The liability coverage for the collision described in this Complaint is being provided to Defendant JNJ Express, Inc. through a primary policy of insurance issued by Cherokee Insurance Company, which provides coverage to Defendant JNJ Express, Inc. for compensatory damages, including bodily injury, that were caused through the negligent operation of the tractor-trailer that Defendant JNJ Express, Inc. was operating at the time of the subject collision.

22.    The liability coverage for the collision described in this Complaint is being provided to Defendant JNJ Express, Inc. through a primary policy of insurance issued by Cherokee Insurance Company and further identified as Policy Number CA200150, which provides coverage to Defendant JNJ Express, Inc. for compensatory damages, including

**D-1**

From: Erica Lisenbe        Fax: 19723543452        To:               Fax: (586) 795-3130        Page: 5 of 15        11/30/2022 9:26 AM
2022CV02592

bodily injury, that were caused through the negligent operation of the tractor-trailer that Defendant JNJ Express, Inc. was operating at the time of the subject collision.

23.     Defendant Cherokee Insurance Company is a foreign corporation with its principal place of business in a state other than Georgia and is authorized to transact business in the state of Georgia.

24.     Defendant Cherokee Insurance Company is subject to the jurisdiction of this Court and Plaintiff's claims for compensation for the negligence of its Co-defendant insured, pursuant to O.C.G.A. §§ 40-1-112 and/or 40–2–140 and Georgia law, because Cherokee Insurance Company was the insurer providing primary liability coverage for the Defendant motor carrier JNJ Express, Inc. at the time of the collision described in this Complaint.

25.     Cherokee Insurance Company may be served with summons and complaint through its registered agent for service of process: Mark Schmalenberg, 34200 Mound Road, Sterling Heights, Michigan 48310.

26.     Defendant Cherokee Insurance Company does business and maintains agents in Clayton County, Georgia.

27.     Defendant Cherokee Insurance Company does business in Clayton County through multiple agents.

28.     Defendant Cherokee Insurance Company is subject to the jurisdiction and venue of this Court pursuant to O.C.G.A. § 9-10-91, known as Georgia's Long Arm Statute.

29.     Defendant Cherokee Insurance Company may also be served pursuant to O.C.G.A §§ 14-2-1510 and/or 33-4-3.

**D-1**

30.    Once served with process, Cherokee Insurance Company is subject to the jurisdiction of this Court.

31.    Cherokee Insurance Company was properly served with process in this civil action.

32.    Cherokee Insurance Company was sufficiently served with process in this civil action.

33.    Venue in the above-styled civil action is proper as to Cherokee Insurance Company in this County and Court.

34.    Venue in the above-styled civil action is proper in this County and Court.

### FACTS

35.    Plaintiff re-alleges and incorporate the preceding paragraphs as if fully set forth herein.

36.    On June 14, 2021, at approximately 12:55 a.m., Plaintiff Melissa Maeweathers was operating her vehicle southbound on Interstate 85 South in the middle lane, in Gwinnett County, Georgia.

37.    On June 14, 2021, at approximately 12:55 a.m., Tony Honaker was operating his tractor-trailer under the control and authority of Defendant JNJ Express, Inc. traveling southbound on Interstate 85 South in the left lane and headed in the same direction as Plaintiff.

38.    On June 14, 2021, at approximately 12:55 a.m., Tony Honaker failed to drive in a single lane and struck the back left side of Plaintiff's vehicle.

39.    As a result of the collision, Plaintiff Melissa Maeweathers was injured and continues to suffer injuries and damages from this incident.

40.     At all times related to the subject collision, Plaintiff was acting in a reasonable and prudent manner.

41.     Tony Honaker was an employee and/or agent of Defendant JNJ Express, Inc.

42.     Defendants do not blame Plaintiff for causing or contributing to the cause of the subject collision.

43.     Defendants are 100% at fault for causing the subject collision.

44.     No act or failure to act on the part of Plaintiff caused or contributed to the cause of the subject collision.

45.     No act or failure to act on the part of any third party caused or contributed to the cause of the subject collision.

46.     No act or failure to act on the part of Plaintiff caused or contributed to the cause of Plaintiff's injuries.

47.     No act or failure to act on the part of any third party caused or contributed to the cause of Plaintiff's injuries.

48.     Plaintiff was an innocent victim of the collision described in this Complaint.

49.     Defendants agree that they should fairly compensate Plaintiff for all injuries and damages that were caused by the subject collision.

50.     As a result of the collision, Plaintiff has suffered serious and permanent injuries and damages.

### COUNT I: NEGLIGENCE OF TONY HONAKER

51.     Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

52.    At all relevant times, Tony Honaker owed the following civil duties to Plaintiff but violated those duties in the following ways:

    a.  Failing to keep such proper lookout and attention to the roadway as a person of ordinary prudence would have kept under the same or similar circumstances;

    b.  Failing to maintain lane;

    c.  Failing to keep an assured safe distance from Plaintiff's vehicle;

    d.  Failing to timely apply the brakes of his tractor-trailer;

    e.  Failing to control his speed;

    f.  Failing to drive at a reasonable and prudent speed under the conditions;

    g.  Failing to maintain proper control of his tractor-trailer;

    h.  Failing to keep a proper lookout for traffic;

    i.  Failing to make reasonable and proper observations while driving;

    j.  Failing to safely operate his tractor-trailer;

    k.  Failing to obey traffic laws; and

    l.  Otherwise failing to act reasonably and prudently as a driver should under the circumstances.

53.    Tony Honaker was also negligent *per se* in that he violated a number of laws and regulations governing his operation of his tractor-trailer, including:

    a.  Failure to maintain lane (O.C.G.A. § 40-6-48);

    b.  Distracted Driving (O.C.G.A.§ 40-6-241);

    c.  Failing to Drive with Due Care (O.C.G.A. § 40-6-241);

    d.  Failure to Drive his Vehicle at a Reasonable and Prudent Speed Under the Conditions (O.C.G.A. § 40-6-180);

    e.  Failing to Obey Traffic Laws (O.C.G.A. § 40-6-1); and

**D-1**

    f.   Reckless Driving (O.C.G.A. § 40-6-390).

54.    As a result of Honaker's negligence, Plaintiff has suffered severe and permanent damages.

55.    As a direct and proximate result of the negligence and negligence *per se* of Tony Honaker, Plaintiff is entitled to recover special damages, including but not limited to:

    a.   Medical expenses in the past and in the future, in an amount that will be proved at trial;

    b.   Lost wages in the past and loss of earning capacity in the future, in an amount that will be proved at trial;

56.    Plaintiff is also entitled to recover for her general damages, including but not limited to:

    a.   Shock of impact;

    b.   Disability;

    c.   Loss of enjoyment of life;

    d.   Disfigurement in the past and future;

    e.   Physical impairment in the past and future;

    f.   Physician pain and suffering in the past and future; and

    g.   Mental anguish in the past and future.

### COUNT II: NEGLIGENCE OF DEFENDANT JNJ EXPRESS, INC.

57.    Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

58.    At all times material hereto, Tony Honaker was an employee of Defendant JNJ Express, Inc.

**D-1**

59.     At all times material hereto, Tony Honaker was acting within the scope and course of his employment with JNJ Express, Inc.

60.     At all times material hereto, Tony Honaker was an agent of Defendant JNJ Express, Inc.

61.     At all times material hereto, Tony Honaker was acting within the scope and course of his agency with Defendant JNJ Express, Inc.

62.     At all times material hereto, Tony Honaker was authorized by Defendant JNJ Express, Inc. to operate the tractor-trailer that was involved in the collision described in this Complaint.

63.     Defendant JNJ Express, Inc. is liable for the negligent actions and omissions of Tony Honaker pursuant to the doctrine of *respondeat superior.*

64.     Defendant JNJ Express, Inc. was the owner of the vehicle operated by Tony Honaker and is therefore liable for damages caused in this case.

65.     Defendant JNJ Express, Inc. was also itself negligent in the following ways:

   a. Negligently hiring or contracting with Tony Honaker to drive the tractor-trailer at issue;

   b. Negligently training Tony Honaker;

   c. Negligently entrusting Tony Honaker to drive the tractor-trailer professionally;

   d. Negligently retaining Tony Honaker to drive the tractor-trailer at issue;

   e. Negligently qualifying Tony Honaker;

   f. Failing to supervise Tony Honaker; and

   g. Otherwise failing to act as a reasonably prudent company under the circumstances.

**D-1**

66.     As a direct and proximate result of the negligence of Defendant JNJ Express, Inc. and their employee, Tony Honaker in the ensuing collision, Plaintiff sustained severe and permanent injuries and damages.

67.     Defendant JNJ Express, Inc. is liable for all damages allowed by law for the damages and losses sustained by Plaintiff.

### COUNT III: COMBINED AND CONCURRING LIABILITY FOR COMPENSATORY DAMAGES

68.     Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

69.     Defendant JNJ Express, Inc. and/or its driver, Tony Honaker, acted in a manner which either alone, and/or combined and concurring with the actions of the other such Defendant's acts of negligence described herein, directly and proximately caused the collision and Plaintiff's injuries and damages.

70.     As a direct and proximate result of the negligence of Defendant JNJ Express, Inc. and its driver, Tony Honaker, Plaintiff was physically injured, has suffered, and will continue to suffer pain, disability, loss of earning capacity, loss of enjoyment of life, anxiety, and related damages.

71.     As a direct and proximate result of the breaches of duty by Defendants, Plaintiff is entitled to recover fair and full compensation for all injuries and damages that have been suffered as a proximate result of the collision and that will be suffered in the future as a result of the collision, including, without limitation, all special damages and compensatory damages, medical expenses, lost wages and loss of earning capacity, and other necessary expenses, as well as fair and full compensation for all pain and suffering, including physical pain and suffering in the past and future, mental and

D-1

emotional suffering, shock of impact, disability, worry, anxiety, loss of enjoyment of life, disfigurement in the past and future, physical impairment in the past and future, mental anguish in the past and future, and other categories of damages provided for under the law.

72.    To the extent that a jury awards Plaintiff compensatory damages in this case, Defendant Cherokee Insurance Company is liable to pay Plaintiff such jury award at least up to the limits provided by its automobile liability policy of insurance in effect at the time of the collision.

### COUNT IV: LIABILITY OF DEFENDANT CHEROKEE INSURANCE COMPANY

73.    Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

74.    At the time of the collision described in this Complaint, Defendant Cherokee Insurance Company provided primary, motor vehicle liability coverage to Defendant JNJ Express, Inc.

75.    At the time of the collision described in this Complaint, Defendant Cherokee Insurance Company provided primary, motor vehicle liability coverage to Defendant JNJ Express, Inc. and to its driver, Tony Honaker.

76.    At the time of the collision described in this Complaint, in the event of a motor vehicle collision involving Defendant JNJ Express, Inc.'s tractor-trailer that was involved in the subject collision, Defendant Cherokee Insurance Company provided primary, motor vehicle liability coverage to Defendant and to its driver, Defendant Tony Honaker.

From: Erica Lisenbe        Fax: 19723543452      To:                    Fax: (586) 795-3130        Page: 13 of 15      11/30/2022 9:26 AM

2022CV02592

77.     Defendant Cherokee Insurance Company provided primary liability coverage to Defendant JNJ Express, Inc. in the event of a motor vehicle collision involving Defendant's tractor-trailer that was involved in the subject collision, as well as to Defendant JNJ Express, Inc.'s employees and/or agents, including Defendant Tony Honaker.

78.     Plaintiff is a third-party beneficiary under said contract or policy of liability insurance.

79.     Plaintiff is entitled to receive payments from Defendant Cherokee Insurance Company for the tort liability of Defendant JNJ Express, Inc. and its driver, Tony Honaker, in this civil action.

### COUNT V: PUNITIVE DAMAGES

80.     Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

81.     Defendant JNJ Express, Inc. and its driver, Tony Honaker's, acts were knowing, willful, wanton, and/or demonstrated that entire want of care, which raises the presumption of conscious indifference to consequences.

82.     The actions of Defendant motor carrier JNJ Express, Inc. and its driver, Tony Honaker, as set forth herein, were done intentionally, knowingly and willfully with a reckless and wanton disregard to the consequences and damages that would be caused to others and/or which would raise the presumption of conscious indifference to consequences of their misconduct.

D-1

83.     Accordingly, Defendant JNJ Express, Inc. is liable to the Plaintiff for punitive damages to punish, penalize, and deter others from similar conduct in the future.

### COUNT VI: STUBBORN LITIGIOUSNESS

84.     Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

85.     Defendants have acted in bad faith, have been stubbornly litigious, and/or have caused plaintiff unnecessary trouble and expense by forcing plaintiff to bring this cause of action and to incur legal fees and expenses for legal services.

86.     Defendants received Plaintiff's settlement demand on September 06, 2022, but as of filing had made no settlement offers. Under the circumstances in this case, this is clear bad faith, stubbornly litigious behavior that has caused Plaintiff unnecessary trouble and expense.

**WHEREFORE,** Plaintiff prays that the following relief be granted:

a)     A trial by jury;

b)     For Summons and Complaint to issue against each Defendant;

c)     For judgment against each Defendant to compensate Plaintiff for past and future injuries and damages;

d)     For judgment against each Defendant for attorneys' fees and expenses of litigation;

e)     For judgment against Defendant motor carrier for punitive damages as shown to be fair and appropriate at the trial of this case;

f)     Court costs, discretionary costs, and prejudgment interest; and

g)     For all such further and general relief which this Court deems just and proper.

**D-1**

From: Erica Lisenbe     Fax: 19723543452     To:               Fax: (586) 795-3130          Page: 15 of 15    11/30/2022 9:26 AM

2022CV02592

Dated this 21st day of November, 2022.

WLG ATLANTA, LLC

/s/ Rob Loar
ROB LOAR
GEORGIA STATE BAR NUMBER 602484
ATTORNEY FOR PLAINTIFF

BANK OF AMERICA PLAZA
600 PEACHTREE STREET, NE, SUITE 4010
ATLANTA, GA 30308
TELEPHONE:   470-881-8804
FACSIMILE:   470-575-2792
E-MAIL:   ROB.LOAR@WITHERITELAW.COM

D-1

*Tiki Brown*
**Tiki Brown**
**Clerk of State Court**
Clayton County, Georgia
Waukecia Lawrence

## Cause No. 2022CV02592

**MELISSA MAEWEATHERS;**
**Plaintiff.**

**IN THE STATE COURT**

**VS.**

**TONY HONAKER, et al,**
**Defendants.**

**CLAYTON COUNTY, GEORGIA**

## RETURN OF SERVICE

Came to hand on the __9__ day of __Dec.__, 2022 at __3:30__ P.m. and executed at __2000 Fm 1488__ _____ __Hempstead__ __TX__ __77445__,
<p style="text-align:center">(Address)       (Apt#)      (City)     (State)   (Zip Code)</p>

within the county of __Waller__ on the __22__ day of __Dec__, 2022 at __5:15__ P.m. by delivering to **Tony Honaker**, in person, a true copy of the Summons together with a true and correct copy of the Complaint For Damages, Plaintiff's First Combined Set of Written Discovery to Defendant, Requests for Admission, Interrogatories, and Document Requests, filed in this cause, having first endorsed thereupon the date of delivery.

By: __Bert Schulz__
Private Process Server

PSC# __1108__    Expires: __7-31-2024__

## VERIFICATION

BEFORE ME, a Notary Public, on this day personally appeared __Bert Schulz__ known to be the person whose name is subscribed to the foregoing document and being by me first duly sworn, declared that the statements therein contained are true and correct and that he is not a party to this lawsuit and has no interest in the outcome. Given under my hand and seal of office this __23__ day of __December__ 2022.

__Andrea Lucille Shuck__
Notary Public, State of Texas

Andrea Lucille Shuck
My Commission Expires
04/29/2023
ID No. 131992352

**D-1**

2022CV02592

e-Filed 11/21/2022 3:17 PM

Tiki Brown
Tiki Brown
Clerk of State Court
Clayton County, Georgia
Waukecia Lawrence

# IN THE STATE COURT OF CLAYTON COUNTY, GEORGIA

9151 TARA BOULEVARD, ROOM 1CL181, JONESBORO, GEORGIA 30236
TELEPHONE: (770) 477-3388 * FACSIMILE: (770) 472-8159

MELISSA MAEWEATHERS

Plaintiff

Vs.

TONY HONAKER
26939 Wild Duck Lane
Hockley, Texas 77447

Defendant

2022CV02592
Case Number

## SUMMONS

TO THE ABOVE NAMED DEFENDANT(S):
You are hereby summoned and required to file with the Clerk of said Court and serve upon Plaintiff's Attorney, whose name and address is:

ROB LOAR
WLG ATLANTA, LLC
GEORGIA STATE BAR NUMBER 602484
BANK OF AMERICA PLAZA
600 PEACHTREE STREET, NE, SUITE 4010
ATLANTA, GA 30308
TELEPHONE: 470-881-8804
FACSIMILE: 470-575-2792

answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will be taken against you for the relief demanded in the complaint.

**TIKI BROWN**
**CLERK OF COURT**
**State Court of Clayton County**

By: W.Lawrence
Deputy Clerk

2022CV02592

*Tiki Brown*
Tiki Brown
Clerk of State Court
Clayton County, Georgia
Latasha Currie

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **MELISSA MAEWEATHERS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION** |
| **vs.** | § | |
| | § | **FILE NO.: 2022CV02592** |
| **TONY HONAKER, JNJ EXPRESS, INC.,** | § | |
| **and CHEROKEE INSURANCE** | § | |
| **COMPANY,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

### DEFENDANT TONY HONAKER'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES

COMES NOW **TONY HONAKER**, a Defendant in the above-styled civil action, and files this Answer and Affirmative Defenses to Plaintiff's Complaint for Damages ("Complaint"), showing the Court as follows:

### FIRST DEFENSE

Plaintiff's claims are, or may be barred, in whole or in part, for failure to state a claim upon which relief can be granted pursuant to O.C.G.A. § 9-11-12(b)(6) and applicable Georgia law.

### SECOND DEFENSE

Plaintiff's Complaint is barred due to lack of personal jurisdiction pursuant to O.C.G.A. § 9-11-12(b)(2) and applicable Georgia law.

### THIRD DEFENSE

This Defendant asserts the venue is improper in this Court pursuant to Ga. Const. Art. 6, § 2, ¶ VI, O.C.G.A. § 9-11-12(b)(3) and applicable Georgia law.

## FOURTH DEFENSE

This Defendant breached no duty to Plaintiff; therefore, Plaintiff may not recover from this Defendant in any sum or manner whatsoever.

## FIFTH DEFENSE

No act or omission of this Defendant caused or contributed to cause any damage alleged to have been sustained by Plaintiff; therefore, Plaintiff may not recover from this Defendant in any sum or manner whatsoever.

## SIXTH DEFENSE

To the extent applicable and to preserve defenses, this Defendant asserts the affirmative defenses of contributory negligence, comparative negligence, avoidance of consequences and assumption of the risk.

## SEVENTH DEFENSE

Plaintiff has a duty to mitigate damages.  Should discovery evidence a failure on Plaintiff's part to do so, this Defendant reserves the right to assert failure to mitigate damages as an affirmative defense.

## EIGHTH DEFENSE

Plaintiff has failed to plead special damages pursuant to O.C.G.A. § 9-11-9(g).

## NINTH DEFENSE

Plaintiff's claims for attorney's fees and expenses of litigation, to the extent they arise under O.C.G.A. § 13-6-11, are barred by the existence of a *bona fide* dispute as to damages, among other things.

**TENTH DEFENSE**

Plaintiff's claims for attorney's fees and expenses of litigation under O.C.G.A. § 13-6-11 or otherwise are unwarranted and unsupported by any construction of the law to the facts of this case.  As such, Plaintiff's claims for attorney's fees and expenses of litigation should be dismissed.

**ELEVENTH DEFENSE**

Plaintiff fails to state a claim for punitive damages upon which relief can be granted.

**TWELFTH DEFENSE**

There is no clear and convincing evidence that Defendants were guilty of willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to the consequences and, accordingly, Plaintiff is not entitled to recover punitive damages in any sum or manner whatsoever.

**THIRTEENTH DEFENSE**

Plaintiff's claims for punitive damages are barred by the Constitutions of the United States and the State of Georgia.

**FOURTEENTH DEFENSE**

As a Fourteenth Defense, this Defendant answers the Plaintiff's Complaint as follows:

1.

This Defendant denies that Plaintiff is entitled to the damages sought.  This Defendant is otherwise without knowledge sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

## PARTIES, JURISDICTION, AND VENUE

2.

This Defendant can neither admit nor deny the allegations contained within Paragraph 2 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

3.

This Defendant denies the allegations contained within Paragraph 3 of Plaintiff's Complaint.

4.

This Defendant admits the allegations contained within Paragraph 4 of Plaintiff's Complaint.

5.

This Defendant denies the allegations contained within Paragraph 5 of Plaintiff's Complaint.

6.

This Defendant admits the allegations contained within Paragraph 6 of Plaintiff's Complaint.

7.

This Defendant admits the allegations contained within Paragraph 7 of Plaintiff's Complaint.

8.

This Defendant denies the allegations contained within Paragraph 8 of Plaintiff's Complaint.

- 4 -

**D-1**

2022CV0759

9.

This Defendant admits the allegations contained within Paragraph 9 of Plaintiff's Complaint.

10.

This Defendant admits the allegations contained within Paragraph 10 of Plaintiff's Complaint.

11.

This Defendant denies the allegations contained within Paragraph 11 of Plaintiff's Complaint.

12.

This Defendant denies the allegations contained within Paragraph 12 of Plaintiff's Complaint.

13.

This Defendant admits the allegations contained within Paragraph 13 of Plaintiff's Complaint.

14.

This Defendant admits the allegations contained within Paragraph 14 of Plaintiff's Complaint.

15.

This Defendant denies the allegations contained within Paragraph 15 of Plaintiff's Complaint.

{SECURE Firm/297/00087/DRAFTS/03831122.DOCX }

**D-1**

2022CV02592

16.

This Defendant denies as pled the allegations contained within Paragraph 16 of Plaintiff's Complaint.  This Defendant admits, however, that Defendant JNJ Express, Inc. is a motor carrier and had in effect the minimum levels of financial responsibility as required by applicable law.

17.

This Defendant denies as pled the allegations contained within Paragraph 17 of Plaintiff's Complaint.  This Defendant admits, however, that Defendant JNJ Express, Inc. is a motor carrier and had in effect the minimum levels of financial responsibility as required by applicable law.

18.

This Defendant denies as pled the allegations contained within Paragraph 18 of Plaintiff's Complaint.  This Defendant admits, however, that Defendant JNJ Express, Inc. is a motor carrier, that it had in effect the minimum levels of financial responsibility as required by applicable law and that it maintained a policy of liability insurance with Defendant Cherokee Insurance Company, Cherokee Insurance Company policy no. CA200150, which speaks for itself.

19.

This Defendant denies as pled the allegations contained within Paragraph 19 of Plaintiff's Complaint.  This Defendant admits, however, that Defendant JNJ Express, Inc. maintained a policy of liability insurance with Defendant Cherokee Insurance Company, Cherokee Insurance Company policy no. CA200150, which speaks for itself.

20.

This Defendant denies any allegations of negligence and denies as pled the allegations contained within Paragraph 20 of Plaintiff's Complaint.  This Defendant admits, however, that Defendant JNJ Express, Inc. maintained a policy of liability insurance with Defendant Cherokee

- 6 -

D-1

Insurance Company, Cherokee Insurance Company policy no. CA200150, which speaks for itself.

<div align="center">21.</div>

This Defendant denies any allegations of negligence and denies as pled the allegations contained within Paragraph 21 of Plaintiff's Complaint.  This Defendant admits, however, that Defendant JNJ Express, Inc. maintained a policy of liability insurance with Defendant Cherokee Insurance Company, Cherokee Insurance Company policy no. CA200150, which speaks for itself.

<div align="center">22.</div>

This Defendant denies any allegations of negligence and denies as pled the allegations contained within Paragraph 22 of Plaintiff's Complaint.  This Defendant admits, however, that Defendant JNJ Express, Inc. maintained a policy of liability insurance with Defendant Cherokee Insurance Company, Cherokee Insurance Company policy no. CA200150, which speaks for itself.

<div align="center">23.</div>

This Defendant admits the allegations contained within Paragraph 23 of Plaintiff's Complaint.

<div align="center">24.</div>

This Defendant denies the allegations contained within Paragraph 24 of Plaintiff's Complaint.

<div align="center">25.</div>

This Defendant denies the allegations contained within Paragraph 25 of Plaintiff's Complaint.

26.

This Defendant denies the allegations contained within Paragraph 26 of Plaintiff's Complaint.

27.

This Defendant denies the allegations contained within Paragraph 27 of Plaintiff's Complaint.

28.

This Defendant denies the allegations contained within Paragraph 28 of Plaintiff's Complaint.

29.

This Defendant can neither admit nor deny the allegations contained within Paragraph 29 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

30.

This Defendant denies the allegations contained within Paragraph 30 of Plaintiff's Complaint.

31.

This Defendant denies the allegations contained within Paragraph 31 of Plaintiff's Complaint.

32.

This Defendant denies the allegations contained within Paragraph 32 of Plaintiff's Complaint.

**D-1**

33.

This Defendant denies the allegations contained within Paragraph 33 of Plaintiff's Complaint.

34.

This Defendant denies the allegations contained within Paragraph 34 of Plaintiff's Complaint.

**FACTS**

35.

This Defendant hereby reasserts and incorporates by reference the responses made previously to Paragraphs 1 through 34 of Plaintiff's Complaint as if those responses were set forth herein.

36.

This Defendant can neither admit nor deny the allegations contained within Paragraph 36 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

37.

This Defendant can neither admit nor deny the allegations contained within Paragraph 37 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

38.

This Defendant denies the allegations contained within Paragraph 38 of Plaintiff's Complaint.

2022CV02592

39.

This Defendant denies the allegations contained within Paragraph 39 of Plaintiff's Complaint.

40.

This Defendant can neither admit nor deny the allegations contained within Paragraph 40 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

41.

This Defendant admits that this Defendant was an employee of Defendant JNJ Express, Inc. at the time of the subject accident.

42.

This Defendant can neither admit nor deny the allegations contained within Paragraph 42 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

43.

This Defendant denies the allegations contained within Paragraph 43 of Plaintiff's Complaint.

44.

This Defendant can neither admit nor deny the allegations contained within Paragraph 44 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

D-1

2022CV03592

45.

This Defendant can neither admit nor deny the allegations contained within Paragraph 45 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

46.

This Defendant denies the allegations contained within Paragraph 46 of Plaintiff's Complaint.

47.

This Defendant can neither admit nor deny the allegations contained within Paragraph 47 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

48.

This Defendant denies the allegations contained within Paragraph 48 of Plaintiff's Complaint.

49.

This Defendant denies the allegations contained within Paragraph 49 of Plaintiff's Complaint.

50.

This Defendant denies the allegations contained within Paragraph 50 of Plaintiff's Complaint.

## COUNT I: NEGLIGENCE OF TONY HONAKER

51.

This Defendant hereby reasserts and incorporates by reference the responses made previously to Paragraphs 1 through 50 of Plaintiff's Complaint as if those responses were set forth herein.

52.

This Defendant denies the allegations contained within Paragraph 52 of Plaintiff's Complaint, and all of its subparts.

53.

This Defendant denies the allegations contained within Paragraph 53 of Plaintiff's Complaint, and all of its subparts.

54.

This Defendant denies the allegations contained within Paragraph 54 of Plaintiff's Complaint.

55.

This Defendant denies the allegations contained within Paragraph 55 of Plaintiff's Complaint, and all of its subparts.

56.

This Defendant denies the allegations contained within Paragraph 56 of Plaintiff's Complaint, and all of its subparts.

- 12 -

**D-1**

## COUNT II: NEGLIGENCE OF DEFENDANT JNJ EXPRESS, INC.

57.

This Defendant hereby reasserts and incorporates by reference the responses made previously to Paragraphs 1 through 56 of Plaintiff's Complaint as if those responses were set forth herein.

58.

This Defendant admits that this Defendant was an employee of Defendant JNJ Express, Inc. at the time of the subject accident.

59.

This Defendant admits that this Defendant was acting within the course and scope of his employment with Defendant JNJ Express, Inc. at the time of the subject accident.

60.

This Defendant denies the allegations contained within Paragraph 60 of Plaintiff's Complaint.

61.

This Defendant denies the allegations contained within Paragraph 61 of Plaintiff's Complaint.

62.

This Defendant admits that this Defendant was authorized to operate the vehicle that he was operating at the time of the subject accident.

63.

This Defendant denies the allegations contained within Paragraph 63 of Plaintiff's Complaint.

- 13 -

D-1

64.

This Defendant denies any allegations of negligence and denies as pled the allegations contained within Paragraph 64 of Plaintiff's Complaint.  This Defendant admits, however, that Defendant JNJ Express, Inc. was the owner of the vehicle operated by this Defendant at the time of the subject accident.

65.

This Defendant denies the allegations contained within Paragraph 65 of Plaintiff's Complaint, and all of its subparts.

66.

This Defendant denies the allegations contained within Paragraph 66 of Plaintiff's Complaint.

67.

This Defendant denies the allegations contained within Paragraph 67 of Plaintiff's Complaint.

## COUNT III: COMBINED AND CONCURRING LIABILITY FOR COMPENSATORY DAMAGES

68.

This Defendant hereby reasserts and incorporates by reference the responses made previously to Paragraphs 1 through 67 of Plaintiff's Complaint as if those responses were set forth herein.

69.

This Defendant denies the allegations contained within Paragraph 69 of Plaintiff's Complaint.

- 14 -

**D-1**

2022CV0352

70.

This Defendant denies the allegations contained within Paragraph 70 of Plaintiff's Complaint.

71.

This Defendant denies the allegations contained within Paragraph 71 of Plaintiff's Complaint.

72.

This Defendant denies the allegations contained within Paragraph 72 of Plaintiff's Complaint.

## COUNT IV: LIABILITY OF DEFENDANT CHEROKEE INSURANCE COMPANY

73.

This Defendant hereby reasserts and incorporates by reference the responses made previously to Paragraphs 1 through 72 of Plaintiff's Complaint as if those responses were set forth herein.

74.

This Defendant admits that Defendant JNJ Express, Inc. maintained a policy of liability insurance with Defendant Cherokee Insurance Company, Cherokee Insurance Company policy no. CA200150, which speaks for itself.

75.

This Defendant admits that Defendant JNJ Express, Inc. maintained a policy of liability insurance with Defendant Cherokee Insurance Company, Cherokee Insurance Company policy no. CA200150, which speaks for itself.

- 15 -

D-1

76.

This Defendant admits that Defendant JNJ Express, Inc. maintained a policy of liability insurance with Defendant Cherokee Insurance Company, Cherokee Insurance Company policy no. CA200150, which speaks for itself.

77.

This Defendant denies as pled the allegations contained within Paragraph 77 of Plaintiff's Complaint.  This Defendant admits, however, that Defendant JNJ Express, Inc. maintained a policy of liability insurance with Defendant Cherokee Insurance Company, Cherokee Insurance Company policy no. CA200150, which speaks for itself.

78.

This Defendant denies the allegations contained within Paragraph 78 of Plaintiff's Complaint.

79.

This Defendant denies the allegations contained within Paragraph 79 of Plaintiff's Complaint.

## COUNT V: PUNITIVE DAMAGES

80.

This Defendant hereby reasserts and incorporates by reference the responses made previously to Paragraphs 1 through 79 of Plaintiff's Complaint as if those responses were set forth herein.

81.

This Defendant denies the allegations contained within Paragraph 81 of Plaintiff's Complaint.

- 16 -

82.

This Defendant denies the allegations contained within Paragraph 82 of Plaintiff's

Complaint.

83.

This Defendant denies the allegations contained within Paragraph 83 of Plaintiff's

Complaint.

## COUNT VI: STUBBORN LITIGIOUSNESS

84.

This Defendant hereby reasserts and incorporates by reference the responses made

previously to Paragraphs 1 through 83 of Plaintiff's Complaint as if those responses were set

forth herein.

85.

This Defendant denies the allegations contained within Paragraph 85 of Plaintiff's

Complaint.

86.

This Defendant denies the allegations contained within Paragraph 86 of Plaintiff's

Complaint.

87.

This Defendant denies that Plaintiff is entitled to the relief sought within the

"WHEREFORE" Paragraph of Plaintiff's Complaint.

## FIFTEENTH DEFENSE

This Defendant denies any remaining allegations contained within Plaintiff's Complaint

not previously responded to.

- 17 -

D-1

WHEREFORE, having fully answered, Defendant **TONY HONAKER** prays that he be discharged from this action without costs.

This 3rd day of January, 2023.

                                        **CRUSER, MITCHELL, NOVITZ,
                                        SANCHEZ, GASTON & ZIMET, LLP**


                                        _____
                                        **JASON G. WYRICK**
                                        Georgia Bar No. 143112
Meridian II, Suite 2000                 **TED S. HUGGINS**
275 Scientific Drive                    Georgia Bar No. 964381
Peachtree Corners, GA  30092            *Attorneys for Defendants Tony Honaker and*
(404) 881-2622                          *and JNJ Express, Inc., and Purported Defendant*
(404) 881-2630 (Fax)                    *Cherokee Insurance Company*
jwyrick@cmlawfirm.com
thuggins@cmlawfirm.com

{SECURE Firm/297/00087/DRAFTS/03831122.DOCX }

**D-1**

IN THE STATE COURT OF CLAYTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| MELISSA MAEWEATHERS, | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | CIVIL ACTION |
| vs. | § | |
| | § | FILE NO.: 2022CV02592 |
| TONY HONAKER, JNJ EXPRESS, INC., | § | |
| and CHEROKEE INSURANCE | § | |
| COMPANY, | § | |
| | § | |
| **Defendants.** | § | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day electronically filed the within and foregoing **DEFENDANT TONY HONAKER'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES** with the Clerk of Court using the Odyssey eFileGA system which will send e-mail notification of such filing to the following counsel of record or served a copy of the within and foregoing by STATUTORY ELECTRONIC SERVICE to the e-mail addresses below:

Rob Loar, Esq.
WLG Atlanta, LLC
Bank of America Plaza
600 Peachtree Street, NE, Suite 4010
Atlanta, GA  30308
Rob.loar@witheritelaw.com
*Counsel for Plaintiff*

This 3rd day of January, 2023.

CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP

**JASON G. WYRICK**
Georgia Bar No. 143112
**TED S. HUGGINS**
Georgia Bar No. 964381
*Attorneys for Defendants Tony Honaker and*
*and JNJ Express, Inc., and Purported Defendant*
*Cherokee Insurance Company*

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA  30092
(404) 881-2622
(404) 881-2630 (Fax)

*Tiki Brown*

**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Latasha Currie

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

MELISSA MAEWEATHERS,

    *Plaintiff,*

    v.

TONY HONAKER, JNJ EXPRESS, INC.,
and CHEROKEE INSURANCE COMPANY,

    *Defendants.*

Civil Action No. 2022CV02592

---

### AFFIDAVIT OF SERVICE UPON JNJ EXPRESS, INC.

---

Personally, appeared before the undersigned officer duly authorized by law to administer oaths, Christian Seklecki, who, after being duly sworn, deposes and states the following:

1.

Affiant states that he is over 18 years of age, a citizen of the United States, and not related to the parties herein. The statements are true and correct and based upon my personal knowledge. I am appointed to serve in the State Court of Clayton County.

2.

On December 5, 2022, at 2:37 p.m., I served JNJ EXPRESS, INC. by leaving a copy of a SUMMONS, COMPLAINT FOR DAMAGES, and PLANTIFF'S FIRST COMBINED SET OF WRITTEN DISCOVERY TO DEFENDANT JNJ EXPRESS, INC. SERVED WITH THE COMPLAINT, in the above-styled action, with LINDA BANKS, who is expressly authorized to accept service on behalf of CT CORPORATION SYSTEM, the Registered Agent of JNJ EXPRESS, INC., located and served at 289 S. Culver Street, Lawrenceville, GA 30046.

**D-1**

3.

LINDA BANKS is a Caucasian female, approximately 60-years-old, 5'4" and 155 lbs.

4.

LINDA BANKS had me register the above-styled case into a form on a clipboard, identifying the party to be served and noting the time. I then handed her the papers, and I left.



Affiant – Christian Seklecki
404-771-3204

Sworn to and subscribed to before me
This 7th day of December 2022

Notary Public

SOL SWENSON
Notary Public, Columbia Co., Georgia
My Commission Expires 7-14-2026

Page 2 of 2

**D-1**

IN THE STATE COURT OF CLAYTON COUNTY
STATE OF GEORGIA



RECEIVED & FILED

JAN 05 2022

CLERK STATE COURT
CLAYTON COUNTY

### ORDER FOR APPOINTMENT FOR PROCESS SERVICE

Having read and considered the petitions and criminal records, and it appearing to the Court that sufficient grounds exist that each petitioner meets the requirements for appointment by the Court it is hereby

**ORDERED** and **ADJUDGED** that the following:

| | | | | |
|---|---|---|---|---|
| Abraham, Robyn | Cunningham, Sally | Hassan, Muhsin | Morgan, Todd | Saxon-Ford, Virginia |
| Adonni Huguley, CK | Dambach-Cirko, P. | Hassan, Muhsin S. | Mott, Cynthia | Seklecki, Christian |
| Anderson, Qaisar | Davidson, Danny | Highsmith, Amos | Murphy, Jr. Gregory | Singleton, Wesley |
| Andrews, II. Gene | Davidson, Mitchell | Hill, Hollis | Murrah, JuanQualo | Smith, Ronald |
| Armstrong, C. | Day, Duane | Hines, Jr. James | Nichols, Jean | Snellings, Sharon |
| Bailey, Anna | Earthrise, Rochelle | Horton, Christopher | Nichols, Lathan | Spears, Joye |
| Barnes, Kristopher | Echols, Eric | Horton, Malachi | Nolen, Milton | Starks, Marc |
| Barron, Shane | Echols, Patricia | Hudson, Kyle | Palmer, Alita | Stephens, Geri |
| Basham, James | Farkas, Bela | Jackson, II. Anthony | Parker, Ernesqueshia | Stinyard, Kelvin |
| Benito, Richard | Fazzio, Dedrea | James, Frank | Perlson, Marc | Stone, Alesia |
| Brazeman, Craig | Fisher, Dawn | Jenkins, Stephanie | Phelan, Christine | Swindle, Frank |
| Bridges, Kayla | Folds, Catherina | Johnson, Todd | Phelan, Ross | Swinger, Ina |
| Briley, Donnie | Folds, George | Kahssu, Haile | Rhodes, Kathryn | Tassaw, Berhane |
| Bryant, Shemika | Ford, Ronnie | Kotlar, Michael | Richardson, Clark | Thomas, Jeffrey |
| Bunch, Kim | Fuller, Thomas | Lawson, Zuri | Richardson, Leroy | Thompson, Vanessa |
| Butts, Kimberly | Garmon, Jason | Lewis, Kevin | Robbins, Karen | Thrash, Nancy |
| Byer, Edmond | Gayle, Earl | Lutwack, William | Ruddock, Leopold | Turner, Travis |
| Cabrera-Anderson, S. | Gibbs, III. Thomas | Mallas, Nicholas | Ruddock, Margaret | Walker Whisby, K. |
| Childress, Clifton | Giles, Herbert | McClellan, Rodney | Sadler, Jr. John | Weaver, Sebastian |
| Clemmons, Joyce | Greenway, Kimberly | McGahee, Larry | Saxon, Jasmine | Weeks, Frances |
| Cline, Travis | Grimshaw, Shane | McMillon, Ericka | Saxon, Rashad | West, Eric |
| Cochrane, Babette | Harris, Parks | Mitchell, Kevin | Saxon, Robin | Winkelman, Nan |

be appointed and authorized to serve as a Permanent Process Server in the Clayton County State Court for calendar year 2022, without the necessity of an order for appoint in each individual case.

SO ORDERED this 3 day of January, 2022.

Chief Judge Linda S. Cowen

**D-1**

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| MELISSA MAEWEATHERS, | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION** |
| vs. | § | |
| | § | **FILE NO.: 2022CV02592** |
| TONY HONAKER, JNJ EXPRESS, INC., | § | |
| and CHEROKEE INSURANCE | § | |
| COMPANY, | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

## DEFENDANT JNJ EXPRESS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES

COMES NOW **JNJ EXPRESS, INC.**, a Defendant in the above-styled civil action, and files this Answer and Affirmative Defenses to Plaintiff's Complaint for Damages ("Complaint"), showing the Court as follows:

### FIRST DEFENSE

Plaintiff's claims are, or may be barred, in whole or in part, for failure to state a claim upon which relief can be granted pursuant to O.C.G.A. § 9-11-12(b)(6) and applicable Georgia law.

### SECOND DEFENSE

Plaintiff's Complaint is barred due to lack of personal jurisdiction pursuant to O.C.G.A. § 9-11-12(b)(2) and applicable Georgia law.

### THIRD DEFENSE

This Defendant asserts the venue is improper in this Court pursuant to Ga. Const. Art. 6, § 2, ¶ VI, O.C.G.A. § 9-11-12(b)(3) and applicable Georgia law.

**2022CV02592**

## FOURTH DEFENSE

This Defendant breached no duty to Plaintiff; therefore, Plaintiff may not recover from this Defendant in any sum or manner whatsoever.

## FIFTH DEFENSE

No act or omission of this Defendant caused or contributed to cause any damage alleged to have been sustained by Plaintiff; therefore, Plaintiff may not recover from this Defendant in any sum or manner whatsoever.

## SIXTH DEFENSE

To the extent applicable and to preserve defenses, this Defendant asserts the affirmative defenses of contributory negligence, comparative negligence, avoidance of consequences and assumption of the risk.

## SEVENTH DEFENSE

Plaintiff has a duty to mitigate damages.  Should discovery evidence a failure on Plaintiff's part to do so, this Defendant reserves the right to assert failure to mitigate damages as an affirmative defense.

## EIGHTH DEFENSE

Plaintiff has failed to plead special damages pursuant to O.C.G.A. § 9-11-9(g).

## NINTH DEFENSE

Plaintiff's claims for attorney's fees and expenses of litigation, to the extent they arise under O.C.G.A. § 13-6-11, are barred by the existence of a *bona fide* dispute as to damages, among other things.

**D-1**

**TENTH DEFENSE**

Plaintiff's claims for attorney's fees and expenses of litigation under O.C.G.A. § 13-6-11 or otherwise are unwarranted and unsupported by any construction of the law to the facts of this case.  As such, Plaintiff's claims for attorney's fees and expenses of litigation should be dismissed.

**ELEVENTH DEFENSE**

Plaintiff fails to state a claim for punitive damages upon which relief can be granted.

**TWELFTH DEFENSE**

There is no clear and convincing evidence that Defendants were guilty of willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to the consequences and, accordingly, Plaintiff is not entitled to recover punitive damages in any sum or manner whatsoever.

**THIRTEENTH DEFENSE**

Plaintiff's claims for punitive damages are barred by the Constitutions of the United States and the State of Georgia.

**FOURTEENTH DEFENSE**

As a Fourteenth Defense, this Defendant answers the Plaintiff's Complaint as follows:

1.

This Defendant denies that Plaintiff is entitled to the damages sought.  This Defendant is otherwise without knowledge sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

- 3 -

2022CV02752

## PARTIES, JURISDICTION, AND VENUE

2.

This Defendant can neither admit nor deny the allegations contained within Paragraph 2 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

3.

This Defendant denies the allegations contained within Paragraph 3 of Plaintiff's Complaint.

4.

This Defendant admits the allegations contained within Paragraph 4 of Plaintiff's Complaint.

5.

This Defendant denies the allegations contained within Paragraph 5 of Plaintiff's Complaint.

6.

This Defendant admits the allegations contained within Paragraph 6 of Plaintiff's Complaint.

7.

This Defendant admits the allegations contained within Paragraph 7 of Plaintiff's Complaint.

8.

This Defendant denies the allegations contained within Paragraph 8 of Plaintiff's Complaint.

{SECURE Firm/297/00087/DRAFTS/03830404.DOCX }

**D-1**

2022CV0259

9.

This Defendant admits the allegations contained within Paragraph 9 of Plaintiff's Complaint.

10.

This Defendant admits the allegations contained within Paragraph 10 of Plaintiff's Complaint.

11.

This Defendant denies the allegations contained within Paragraph 11 of Plaintiff's Complaint.

12.

This Defendant denies the allegations contained within Paragraph 12 of Plaintiff's Complaint.

13.

This Defendant admits the allegations contained within Paragraph 13 of Plaintiff's Complaint.

14.

This Defendant admits the allegations contained within Paragraph 14 of Plaintiff's Complaint.

15.

This Defendant denies the allegations contained within Paragraph 15 of Plaintiff's Complaint.

{SECURE Firm/297/00087/DRAFTS/03830404.DOCX }

**D-1**

2022CV0759

16.

This Defendant denies as pled the allegations contained within Paragraph 16 of Plaintiff's Complaint.  This Defendant admits, however, that it is a motor carrier and had in effect the minimum levels of financial responsibility as required by applicable law.

17.

This Defendant denies as pled the allegations contained within Paragraph 17 of Plaintiff's Complaint.  This Defendant admits, however, that it is a motor carrier and had in effect the minimum levels of financial responsibility as required by applicable law.

18.

This Defendant denies as pled the allegations contained within Paragraph 18 of Plaintiff's Complaint.  This Defendant admits, however, that it is a motor carrier, that it had in effect the minimum levels of financial responsibility as required by applicable law and that it maintained a policy of liability insurance with Defendant Cherokee Insurance Company, Cherokee Insurance Company policy no. CA200150, which speaks for itself.

19.

This Defendant denies as pled the allegations contained within Paragraph 19 of Plaintiff's Complaint.  This Defendant admits, however, that it maintained a policy of liability insurance with Defendant Cherokee Insurance Company, Cherokee Insurance Company policy no. CA200150, which speaks for itself.

20.

This Defendant denies any allegations of negligence and denies as pled the allegations contained within Paragraph 20 of Plaintiff's Complaint.  This Defendant admits, however, that it

- 6 -

maintained a policy of liability insurance with Defendant Cherokee Insurance Company,

Cherokee Insurance Company policy no. CA200150, which speaks for itself.

21.

This Defendant denies any allegations of negligence and denies as pled the allegations

contained within Paragraph 21 of Plaintiff's Complaint.  This Defendant admits, however, that it

maintained a policy of liability insurance with Defendant Cherokee Insurance Company,

Cherokee Insurance Company policy no. CA200150, which speaks for itself.

22.

This Defendant denies any allegations of negligence and denies as pled the allegations

contained within Paragraph 22 of Plaintiff's Complaint.  This Defendant admits, however, that it

maintained a policy of liability insurance with Defendant Cherokee Insurance Company,

Cherokee Insurance Company policy no. CA200150, which speaks for itself.

23.

This Defendant admits the allegations contained within Paragraph 23 of Plaintiff's

Complaint.

24.

This Defendant denies the allegations contained within Paragraph 24 of Plaintiff's

Complaint.

25.

This Defendant denies the allegations contained within Paragraph 25 of Plaintiff's

Complaint.

26.

This Defendant denies the allegations contained within Paragraph 26 of Plaintiff's Complaint.

27.

This Defendant denies the allegations contained within Paragraph 27 of Plaintiff's Complaint.

28.

This Defendant denies the allegations contained within Paragraph 28 of Plaintiff's Complaint.

29.

This Defendant can neither admit nor deny the allegations contained within Paragraph 29 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

30.

This Defendant denies the allegations contained within Paragraph 30 of Plaintiff's Complaint.

31.

This Defendant denies the allegations contained within Paragraph 31 of Plaintiff's Complaint.

32.

This Defendant denies the allegations contained within Paragraph 32 of Plaintiff's Complaint.

- 8 -

**D-1**

2022CV07592

33.

This Defendant denies the allegations contained within Paragraph 33 of Plaintiff's Complaint.

34.

This Defendant denies the allegations contained within Paragraph 34 of Plaintiff's Complaint.

**FACTS**

35.

This Defendant hereby reasserts and incorporates by reference the responses made previously to Paragraphs 1 through 34 of Plaintiff's Complaint as if those responses were set forth herein.

36.

This Defendant can neither admit nor deny the allegations contained within Paragraph 36 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

37.

This Defendant can neither admit nor deny the allegations contained within Paragraph 37 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

38.

This Defendant denies the allegations contained within Paragraph 38 of Plaintiff's Complaint.

39.

This Defendant denies the allegations contained within Paragraph 39 of Plaintiff's Complaint.

40.

This Defendant can neither admit nor deny the allegations contained within Paragraph 40 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

41.

This Defendant admits that Defendant Tony Honaker was an employee of this Defendant at the time of the subject accident.

42.

This Defendant can neither admit nor deny the allegations contained within Paragraph 42 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

43.

This Defendant denies the allegations contained within Paragraph 43 of Plaintiff's Complaint.

44.

This Defendant can neither admit nor deny the allegations contained within Paragraph 44 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

{SECURE Firm/297/00087/DRAFTS/03830404.DOCX }

**D-1**

2022CV02592

45.

This Defendant can neither admit nor deny the allegations contained within Paragraph 45 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

46.

This Defendant denies the allegations contained within Paragraph 46 of Plaintiff's Complaint.

47.

This Defendant can neither admit nor deny the allegations contained within Paragraph 47 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

48.

This Defendant denies the allegations contained within Paragraph 48 of Plaintiff's Complaint.

49.

This Defendant denies the allegations contained within Paragraph 49 of Plaintiff's Complaint.

50.

This Defendant denies the allegations contained within Paragraph 50 of Plaintiff's Complaint.

{SECURE Firm/297/00087/DRAFTS/03830404.DOCX }

D-1

## COUNT I: NEGLIGENCE OF TONY HONAKER

51.

This Defendant hereby reasserts and incorporates by reference the responses made previously to Paragraphs 1 through 50 of Plaintiff's Complaint as if those responses were set forth herein.

52.

This Defendant denies the allegations contained within Paragraph 52 of Plaintiff's Complaint, and all of its subparts.

53.

This Defendant denies the allegations contained within Paragraph 53 of Plaintiff's Complaint, and all of its subparts.

54.

This Defendant denies the allegations contained within Paragraph 54 of Plaintiff's Complaint.

55.

This Defendant denies the allegations contained within Paragraph 55 of Plaintiff's Complaint, and all of its subparts.

56.

This Defendant denies the allegations contained within Paragraph 56 of Plaintiff's Complaint, and all of its subparts.

- 12 -

**D-1**

## COUNT II: NEGLIGENCE OF DEFENDANT JNJ EXPRESS, INC.

57.

This Defendant hereby reasserts and incorporates by reference the responses made previously to Paragraphs 1 through 56 of Plaintiff's Complaint as if those responses were set forth herein.

58.

This Defendant admits that Defendant Tony Honaker was an employee of this Defendant at the time of the subject accident.

59.

This Defendant admits upon information and belief that Defendant Tony Honaker was acting within the course and scope of his employment with this Defendant at the time of the subject accident.

60.

This Defendant denies the allegations contained within Paragraph 60 of Plaintiff's Complaint.

61.

This Defendant denies the allegations contained within Paragraph 61 of Plaintiff's Complaint.

62.

This Defendant admits that Defendant Tony Honaker was authorized to operate the vehicle that he was operating at the time of the subject accident.

- 13 -

**D-1**

63.

This Defendant denies the allegations contained within Paragraph 63 of Plaintiff's Complaint.

64.

This Defendant denies any allegations of negligence and denies as pled the allegations contained within Paragraph 64 of Plaintiff's Complaint.  This Defendant admits, however, that it was the owner of the vehicle operated by Defendant Tony Honaker at the time of the subject accident.

65.

This Defendant denies the allegations contained within Paragraph 65 of Plaintiff's Complaint, and all of its subparts.

66.

This Defendant denies the allegations contained within Paragraph 66 of Plaintiff's Complaint.

67.

This Defendant denies the allegations contained within Paragraph 67 of Plaintiff's Complaint.

## <u>COUNT III: COMBINED AND CONCURRING LIABILITY<br>FOR COMPENSATORY DAMAGES</u>

68.

This Defendant hereby reasserts and incorporates by reference the responses made previously to Paragraphs 1 through 67 of Plaintiff's Complaint as if those responses were set forth herein.

69.

This Defendant denies the allegations contained within Paragraph 69 of Plaintiff's Complaint.

70.

This Defendant denies the allegations contained within Paragraph 70 of Plaintiff's Complaint.

71.

This Defendant denies the allegations contained within Paragraph 71 of Plaintiff's Complaint.

72.

This Defendant denies the allegations contained within Paragraph 72 of Plaintiff's Complaint.

## COUNT IV: LIABILITY OF DEFENDANT CHEROKEE INSURANCE COMPANY

73.

This Defendant hereby reasserts and incorporates by reference the responses made previously to Paragraphs 1 through 72 of Plaintiff's Complaint as if those responses were set forth herein.

74.

This Defendant admits that it maintained a policy of liability insurance with Defendant Cherokee Insurance Company, Cherokee Insurance Company policy no. CA200150, which speaks for itself.

- 15 -

D-1

2022CV0759

75.

This Defendant admits that it maintained a policy of liability insurance with Defendant Cherokee Insurance Company, Cherokee Insurance Company policy no. CA200150, which speaks for itself.

76.

This Defendant admits that it maintained a policy of liability insurance with Defendant Cherokee Insurance Company, Cherokee Insurance Company policy no. CA200150, which speaks for itself.

77.

This Defendant denies as pled the allegations contained within Paragraph 77 of Plaintiff's Complaint.  This Defendant admits, however, that it maintained a policy of liability insurance with Defendant Cherokee Insurance Company, Cherokee Insurance Company policy no. CA200150, which speaks for itself.

78.

This Defendant denies the allegations contained within Paragraph 78 of Plaintiff's Complaint.

79.

This Defendant denies the allegations contained within Paragraph 79 of Plaintiff's Complaint.

- 16 -

D-1

## COUNT V: PUNITIVE DAMAGES

80.

This Defendant hereby reasserts and incorporates by reference the responses made previously to Paragraphs 1 through 79 of Plaintiff's Complaint as if those responses were set forth herein.

81.

This Defendant denies the allegations contained within Paragraph 81 of Plaintiff's Complaint.

82.

This Defendant denies the allegations contained within Paragraph 82 of Plaintiff's Complaint.

83.

This Defendant denies the allegations contained within Paragraph 83 of Plaintiff's Complaint.

## COUNT VI: STUBBORN LITIGIOUSNESS

84.

This Defendant hereby reasserts and incorporates by reference the responses made previously to Paragraphs 1 through 83 of Plaintiff's Complaint as if those responses were set forth herein.

85.

This Defendant denies the allegations contained within Paragraph 85 of Plaintiff's Complaint.

- 17 -

D-1

86.

This Defendant denies the allegations contained within Paragraph 86 of Plaintiff's

Complaint.

87.

This Defendant denies that Plaintiff is entitled to the relief sought within the

"WHEREFORE" Paragraph of Plaintiff's Complaint.

## FIFTEENTH DEFENSE

This Defendant denies any remaining allegations contained within Plaintiff's Complaint

not previously responded to.

WHEREFORE, having fully answered, Defendant **JNJ EXPRESS, INC.** prays that it be

discharged from this action without costs.

This 3rd day of January, 2023.

CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP


**JASON G. WYRICK**
Georgia Bar No. 143112
**TED S. HUGGINS**
Georgia Bar No. 964381
Meridian II, Suite 2000                    *Attorneys for Defendants Tony Honaker and*
275 Scientific Drive                       *and JNJ Express, Inc., and Purported Defendant*
Peachtree Corners, GA  30092               *Cherokee Insurance Company*
(404) 881-2622
(404) 881-2630 (Fax)
jwyrick@cmlawfirm.com
thuggins@cmlawfirm.com

- 18 -

2022CV02592

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **MELISSA MAEWEATHERS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION** |
| **vs.** | § | |
| | § | **FILE NO.: 2022CV02592** |
| **TONY HONAKER, JNJ EXPRESS, INC.,** | § | |
| **and CHEROKEE INSURANCE** | § | |
| **COMPANY,** | § | |
| | § | |
| **Defendants.** | § | |

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that I have this day electronically filed the within and foregoing **DEFENDANT JNJ EXPRESS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES** with the Clerk of Court using the Odyssey eFileGA system which will send e-mail notification of such filing to the following counsel of record or served a copy of the within and foregoing by STATUTORY ELECTRONIC SERVICE to the e-mail addresses below:

<div align="center">

Rob Loar, Esq.
WLG Atlanta, LLC
Bank of America Plaza
600 Peachtree Street, NE, Suite 4010
Atlanta, GA 30308
Rob.loar@witheritelaw.com
*Counsel for Plaintiff*

</div>

    This 3rd day of January, 2023.

<div align="right">

**CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP**

_____
**JASON G. WYRICK**
Georgia Bar No. 143112
**TED S. HUGGINS**
Georgia Bar No. 964381
*Attorneys for Defendants Tony Honaker and*
*and JNJ Express, Inc., and Purported Defendant*
*Cherokee Insurance Company*

</div>

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA 30092
(404) 881-2622
(404) 881-2630 (Fax)

*Tiki Brown*
**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Latasha Currie

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **MELISSA MAEWEATHERS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| | § | **CIVIL ACTION** |
| **vs.** | § | |
| | § | **FILE NO.: 2022CV02592** |
| **TONY HONAKER, JNJ EXPRESS, INC.,** | § | |
| **and CHEROKEE INSURANCE** | § | |
| **COMPANY,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

## DEFENDANT CHEROKEE INSURANCE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES BY SPECIAL APPEARANCE TO PLAINTIFF'S COMPLAINT FOR DAMAGES

COMES NOW **CHEROKEE INSURANCE COMPANY**, a purported Defendant ("Defendant") in the above-styled civil action, appearing specially and without waiving, but specifically reserving all defenses arising from jurisdiction, service and process, and files this Answer and Affirmative Defenses by Special Appearance to Plaintiff's Complaint for Damages ("Complaint"), showing the Court as follows:

### FIRST DEFENSE

Plaintiff's claims are, or may be barred, in whole or in part, for failure to state a claim upon which relief can be granted pursuant to O.C.G.A. § 9-11-12(b)(6) and applicable Georgia law.

### SECOND DEFENSE

Plaintiff's Complaint is barred due to lack of personal jurisdiction pursuant to O.C.G.A. § 9-11-12(b)(2) and applicable Georgia law.

2022CV0359

## THIRD DEFENSE

This Defendant asserts the venue is improper in this Court pursuant to Ga. Const. Art. 6, § 2, ¶ VI, O.C.G.A. § 9-11-12(b)(3) and applicable Georgia law.

## FOURTH DEFENSE

Plaintiff's Complaint is barred due to insufficiency of process pursuant to O.C.G.A. § 9-11-12(b)(4) and applicable Georgia law.

## FIFTH DEFENSE

Plaintiff's Complaint is barred due to insufficiency of service of process pursuant to O.C.G.A. § 9-11-12(b)(5) and applicable Georgia law.

## SIXTH DEFENSE

Plaintiff's Complaint should be dismissed because there has been no lawful service of the Summons and Complaint upon this Defendant.  Absent personal service within the application statute of limitations, Plaintiff's claims are time barred.

## SEVENTH DEFENSE

Plaintiff's Complaint is barred due to laches.

## EIGHTH DEFENSE

This Defendant breached no duty to Plaintiff; therefore, Plaintiff may not recover from this Defendant in any sum or manner whatsoever.

## NINTH DEFENSE

No act or omission of this Defendant caused or contributed to cause any damage alleged to have been sustained by Plaintiff; therefore, Plaintiff may not recover from this Defendant in any sum or manner whatsoever.

- 2 -

**D-1**

## TENTH DEFENSE

To the extent applicable and to preserve defenses, this Defendant asserts the affirmative defenses of contributory negligence, comparative negligence, avoidance of consequences and assumption of the risk.

## ELEVENTH DEFENSE

Plaintiff has a duty to mitigate damages.  Should discovery evidence a failure on Plaintiff's part to do so, this Defendant reserves the right to assert failure to mitigate damages as an affirmative defense.

## TWELFTH DEFENSE

Plaintiff has failed to plead special damages pursuant to O.C.G.A. § 9-11-9(g).

## THIRTEENTH DEFENSE

Plaintiff's claims for attorney's fees and expenses of litigation, to the extent they arise under O.C.G.A. § 13-6-11, are barred by the existence of a *bona fide* dispute as to damages, among other things.

## FOURTEENTH DEFENSE

Plaintiff's claims for attorney's fees and expenses of litigation under O.C.G.A. § 13-6-11 or otherwise are unwarranted and unsupported by any construction of the law to the facts of this case.  As such, Plaintiff's claims for attorney's fees and expenses of litigation should be dismissed.

## FIFTEENTH DEFENSE

Plaintiff fails to state a claim for punitive damages upon which relief can be granted.

- 3 -

**D-1**

## SIXTEENTH DEFENSE

There is no clear and convincing evidence that Defendants were guilty of willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to the consequences and, accordingly, Plaintiff is not entitled to recover punitive damages in any sum or manner whatsoever.

## SEVENTEENTH DEFENSE

Plaintiff's claims for punitive damages are barred by the Constitutions of the United States and the State of Georgia.

## EIGHTEENTH DEFENSE

As an Eighteenth Defense, this Defendant answers the Plaintiff's Complaint as follows:

1.

This Defendant denies that Plaintiff is entitled to the damages sought.  This Defendant is otherwise without knowledge sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

## PARTIES, JURISDICTION, AND VENUE

2.

This Defendant can neither admit nor deny the allegations contained within Paragraph 2 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

3.

This Defendant denies the allegations contained within Paragraph 3 of Plaintiff's Complaint.

- 4 -

**D-1**

4.

This Defendant admits the allegations contained within Paragraph 4 of Plaintiff's Complaint.

5.

This Defendant denies the allegations contained within Paragraph 5 of Plaintiff's Complaint.

6.

This Defendant admits the allegations contained within Paragraph 6 of Plaintiff's Complaint.

7.

This Defendant admits the allegations contained within Paragraph 7 of Plaintiff's Complaint.

8.

This Defendant denies the allegations contained within Paragraph 8 of Plaintiff's Complaint.

9.

This Defendant admits the allegations contained within Paragraph 9 of Plaintiff's Complaint.

10.

This Defendant admits the allegations contained within Paragraph 10 of Plaintiff's Complaint.

2022CV02592

11.

This Defendant denies the allegations contained within Paragraph 11 of Plaintiff's Complaint.

12.

This Defendant denies the allegations contained within Paragraph 12 of Plaintiff's Complaint.

13.

This Defendant admits the allegations contained within Paragraph 13 of Plaintiff's Complaint.

14.

This Defendant admits the allegations contained within Paragraph 14 of Plaintiff's Complaint.

15.

This Defendant denies the allegations contained within Paragraph 15 of Plaintiff's Complaint.

16.

This Defendant denies as pled the allegations contained within Paragraph 16 of Plaintiff's Complaint.  This Defendant admits, however, that Defendant JNJ Express, Inc. is a motor carrier and had in effect the minimum levels of financial responsibility as required by applicable law.

17.

This Defendant denies as pled the allegations contained within Paragraph 17 of Plaintiff's Complaint.  This Defendant admits, however, that Defendant JNJ Express, Inc. is a motor carrier and had in effect the minimum levels of financial responsibility as required by applicable law.

- 6 -

**D-1**

18.

This Defendant denies as pled the allegations contained within Paragraph 18 of Plaintiff's Complaint. This Defendant admits, however, that Defendant JNJ Express, Inc. is a motor carrier, that it had in effect the minimum levels of financial responsibility as required by applicable law and that it maintained a policy of liability insurance with this Defendant, Cherokee Insurance Company policy no. CA200150, which speaks for itself.

19.

This Defendant denies as pled the allegations contained within Paragraph 19 of Plaintiff's Complaint. This Defendant admits, however, that Defendant JNJ Express, Inc. maintained a policy of liability insurance with this Defendant, Cherokee Insurance Company policy no. CA200150, which speaks for itself.

20.

This Defendant denies any allegations of negligence and denies as pled the allegations contained within Paragraph 20 of Plaintiff's Complaint. This Defendant admits, however, that it maintained a policy of liability insurance with this Defendant, Cherokee Insurance Company policy no. CA200150, which speaks for itself.

21.

This Defendant denies any allegations of negligence and denies as pled the allegations contained within Paragraph 21 of Plaintiff's Complaint. This Defendant admits, however, that it maintained a policy of liability insurance with this Defendant, Cherokee Insurance Company policy no. CA200150, which speaks for itself.

D-1

2022CV0759

22.

This Defendant denies any allegations of negligence and denies as pled the allegations contained within Paragraph 22 of Plaintiff's Complaint.  This Defendant admits, however, that Defendant JNJ Express, Inc. maintained a policy of liability insurance with this Defendant, Cherokee Insurance Company policy no. CA200150, which speaks for itself.

23.

This Defendant admits the allegations contained within Paragraph 23 of Plaintiff's Complaint.

24.

This Defendant denies the allegations contained within Paragraph 24 of Plaintiff's Complaint.

25.

This Defendant denies the allegations contained within Paragraph 25 of Plaintiff's Complaint.

26.

This Defendant denies the allegations contained within Paragraph 26 of Plaintiff's Complaint.

27.

This Defendant denies the allegations contained within Paragraph 27 of Plaintiff's Complaint.

28.

This Defendant denies the allegations contained within Paragraph 28 of Plaintiff's Complaint.

- 8 -

D-1

2022CV0259

29.

This Defendant can neither admit nor deny the allegations contained within Paragraph 29 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

30.

This Defendant denies the allegations contained within Paragraph 30 of Plaintiff's Complaint.

31.

This Defendant denies the allegations contained within Paragraph 31 of Plaintiff's Complaint.

32.

This Defendant denies the allegations contained within Paragraph 32 of Plaintiff's Complaint.

33.

This Defendant denies the allegations contained within Paragraph 33 of Plaintiff's Complaint.

34.

This Defendant denies the allegations contained within Paragraph 34 of Plaintiff's Complaint.

{SECURE Firm/297/00087/DRAFTS/03831470.DOCX }

**D-1**

## FACTS

35.

This Defendant hereby reasserts and incorporates by reference the responses made previously to Paragraphs 1 through 34 of Plaintiff's Complaint as if those responses were set forth herein.

36.

This Defendant can neither admit nor deny the allegations contained within Paragraph 36 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

37.

This Defendant can neither admit nor deny the allegations contained within Paragraph 37 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

38.

This Defendant denies the allegations contained within Paragraph 38 of Plaintiff's Complaint.

39.

This Defendant denies the allegations contained within Paragraph 39 of Plaintiff's Complaint.

40.

This Defendant can neither admit nor deny the allegations contained within Paragraph 40 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

41.

This Defendant admits that Defendant Tony Honaker was an employee of Defendant JNJ Express, Inc. at the time of the subject accident.

42.

This Defendant can neither admit nor deny the allegations contained within Paragraph 42 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

43.

This Defendant denies the allegations contained within Paragraph 43 of Plaintiff's Complaint.

44.

This Defendant can neither admit nor deny the allegations contained within Paragraph 44 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

45.

This Defendant can neither admit nor deny the allegations contained within Paragraph 45 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

46.

This Defendant denies the allegations contained within Paragraph 46 of Plaintiff's Complaint.

47.

This Defendant can neither admit nor deny the allegations contained within Paragraph 47 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

48.

This Defendant denies the allegations contained within Paragraph 48 of Plaintiff's Complaint.

49.

This Defendant denies the allegations contained within Paragraph 49 of Plaintiff's Complaint.

50.

This Defendant denies the allegations contained within Paragraph 50 of Plaintiff's Complaint.

## COUNT I: NEGLIGENCE OF TONY HONAKER

51.

This Defendant hereby reasserts and incorporates by reference the responses made previously to Paragraphs 1 through 50 of Plaintiff's Complaint as if those responses were set forth herein.

52.

This Defendant denies the allegations contained within Paragraph 52 of Plaintiff's Complaint, and all of its subparts.

- 12 -

<center>53.</center>

This Defendant denies the allegations contained within Paragraph 53 of Plaintiff's Complaint, and all of its subparts.

<center>54.</center>

This Defendant denies the allegations contained within Paragraph 54 of Plaintiff's Complaint.

<center>55.</center>

This Defendant denies the allegations contained within Paragraph 55 of Plaintiff's Complaint, and all of its subparts.

<center>56.</center>

This Defendant denies the allegations contained within Paragraph 56 of Plaintiff's Complaint, and all of its subparts.

## **COUNT II: NEGLIGENCE OF DEFENDANT JNJ EXPRESS, INC.**

<center>57.</center>

This Defendant hereby reasserts and incorporates by reference the responses made previously to Paragraphs 1 through 56 of Plaintiff's Complaint as if those responses were set forth herein.

<center>58.</center>

This Defendant admits that Defendant Tony Honaker was an employee of Defendant JNJ Express, Inc. at the time of the subject accident.

<center>- 13 -</center>

59.

This Defendant admits upon information and belief that Defendant Tony Honaker was acting within the course and scope of his employment with Defendant JNJ Express, Inc. at the time of the subject accident.

60.

This Defendant denies the allegations contained within Paragraph 60 of Plaintiff's Complaint.

61.

This Defendant denies the allegations contained within Paragraph 61 of Plaintiff's Complaint.

62.

This Defendant admits that Defendant Tony Honaker was authorized to operate the vehicle that he was operating at the time of the subject accident.

63.

This Defendant denies the allegations contained within Paragraph 63 of Plaintiff's Complaint.

64.

This Defendant denies any allegations of negligence and denies as pled the allegations contained within Paragraph 64 of Plaintiff's Complaint.  This Defendant admits, however, that Defendant JNJ Express, Inc. was the owner of the vehicle operated by Defendant Tony Honaker at the time of the subject accident.

<center>65.</center>

This Defendant denies the allegations contained within Paragraph 65 of Plaintiff's Complaint, and all of its subparts.

<center>66.</center>

This Defendant denies the allegations contained within Paragraph 66 of Plaintiff's Complaint.

<center>67.</center>

This Defendant denies the allegations contained within Paragraph 67 of Plaintiff's Complaint.

## COUNT III: COMBINED AND CONCURRING LIABILITY FOR COMPENSATORY DAMAGES

<center>68.</center>

This Defendant hereby reasserts and incorporates by reference the responses made previously to Paragraphs 1 through 67 of Plaintiff's Complaint as if those responses were set forth herein.

<center>69.</center>

This Defendant denies the allegations contained within Paragraph 69 of Plaintiff's Complaint.

<center>70.</center>

This Defendant denies the allegations contained within Paragraph 70 of Plaintiff's Complaint.

<center>71.</center>

This Defendant denies the allegations contained within Paragraph 71 of Plaintiff's Complaint.

<center>- 15 -</center>

**D-1**

72.

This Defendant denies the allegations contained within Paragraph 72 of Plaintiff's Complaint.

## COUNT IV: LIABILITY OF DEFENDANT CHEROKEE INSURANCE COMPANY

73.

This Defendant hereby reasserts and incorporates by reference the responses made previously to Paragraphs 1 through 72 of Plaintiff's Complaint as if those responses were set forth herein.

74.

This Defendant admits that Defendant JNJ Express, Inc. maintained a policy of liability insurance with this Defendant, Cherokee Insurance Company policy no. CA200150, which speaks for itself.

75.

This Defendant admits that Defendant JNJ Express, Inc. maintained a policy of liability insurance with this Defendant, Cherokee Insurance Company policy no. CA200150, which speaks for itself.

76.

This Defendant admits that Defendant JNJ Express, Inc. maintained a policy of liability insurance with this Defendant, Cherokee Insurance Company policy no. CA200150, which speaks for itself.

77.

This Defendant denies as pled the allegations contained within Paragraph 77 of Plaintiff's Complaint.  This Defendant admits, however, that Defendant JNJ Express, Inc. maintained a

- 16 -

policy of liability insurance with this Defendant, Cherokee Insurance Company policy no. CA200150, which speaks for itself.

78.

This Defendant denies the allegations contained within Paragraph 78 of Plaintiff's Complaint.

79.

This Defendant denies the allegations contained within Paragraph 79 of Plaintiff's Complaint.

## COUNT V: PUNITIVE DAMAGES

80.

This Defendant hereby reasserts and incorporates by reference the responses made previously to Paragraphs 1 through 79 of Plaintiff's Complaint as if those responses were set forth herein.

81.

This Defendant denies the allegations contained within Paragraph 81 of Plaintiff's Complaint.

82.

This Defendant denies the allegations contained within Paragraph 82 of Plaintiff's Complaint.

83.

This Defendant denies the allegations contained within Paragraph 83 of Plaintiff's Complaint.

- 17 -

D-1

### COUNT VI: STUBBORN LITIGIOUSNESS

84.

This Defendant hereby reasserts and incorporates by reference the responses made previously to Paragraphs 1 through 83 of Plaintiff's Complaint as if those responses were set forth herein.

85.

This Defendant denies the allegations contained within Paragraph 85 of Plaintiff's Complaint.

86.

This Defendant denies the allegations contained within Paragraph 86 of Plaintiff's Complaint.

87.

This Defendant denies that Plaintiff is entitled to the relief sought within the "WHEREFORE" Paragraph of Plaintiff's Complaint.

### NINETEENTH DEFENSE

This Defendant denies any remaining allegations contained within Plaintiff's Complaint not previously responded to.

WHEREFORE, having fully answered, purported Defendant **CHEROKEE INSURANCE COMPANY** prays that it be discharged from this action without costs.

*[Signature contained on next page.]*

- 18 -

This 3rd day of January, 2023.

<div style="text-align: right">

**CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP**

**JASON G. WYRICK**
Georgia Bar No. 143112
**TED S. HUGGINS**
Georgia Bar No. 964381
*Attorneys for Defendants Tony Honaker and
and JNJ Express, Inc., and Purported Defendant
Cherokee Insurance Company*

</div>

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA  30092
(404) 881-2622
(404) 881-2630 (Fax)
jwyrick@cmlawfirm.com
thuggins@cmlawfirm.com

IN THE STATE COURT OF CLAYTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| MELISSA MAEWEATHERS, | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | CIVIL ACTION |
| vs. | § | |
| | § | FILE NO.: 2022CV02592 |
| TONY HONAKER, JNJ EXPRESS, INC., | § | |
| and CHEROKEE INSURANCE | § | |
| COMPANY, | § | |
| | § | |
| **Defendants.** | § | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day electronically filed the within and foregoing **DEFENDANT CHEROKEE INSURANCE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES BY SPECIAL APPEARANCE TO PLAINTIFF'S COMPLAINT FOR DAMAGES** with the Clerk of Court using the Odyssey eFileGA system which will send e-mail notification of such filing to the following counsel of record or served a copy of the within and foregoing by STATUTORY ELECTRONIC SERVICE to the e-mail addresses below:

Rob Loar, Esq.
WLG Atlanta, LLC
Bank of America Plaza
600 Peachtree Street, NE, Suite 4010
Atlanta, GA  30308
Rob.loar@witheritelaw.com
*Counsel for Plaintiff*

This 3rd day of January, 2023.

CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP

**JASON G. WYRICK**
Georgia Bar No. 143112
**TED S. HUGGINS**
Georgia Bar No. 964381
*Attorneys for Defendants Tony Honaker and*
*and JNJ Express, Inc., and Purported Defendant*
*Cherokee Insurance Company*

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA  30092
(404) 881-2622
(404) 881-2630 (Fax)

*Tiki Brown*
**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Latasha Currie

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **MELISSA MAEWEATHERS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION** |
| **vs.** | § | |
| | § | **FILE NO.: 2022CV02592** |
| **TONY HONAKER, JNJ EXPRESS, INC.,** | § | |
| **and CHEROKEE INSURANCE** | § | |
| **COMPANY,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

### DEFENDANTS JNJ EXPRESS, INC. AND TONY HONAKER, AND PURPORTED DEFENDANT CHEROKEE INSURANCE COMPANY'S DEMAND FOR TRIAL BY A JURY OF TWELVE PERSONS

COME NOW **JNJ EXPRESS, INC.** and **TONY HONAKER**, Defendants in the above-styled civil action, and **CHEROKEE INSURANCE COMPANY**, a purported Defendant in the above-styled civil action, appearing specially and without waiving but specifically reserving all defenses arising from jurisdiction, service and process, and file this Demand for Trial by Jury pursuant to O.C.G.A. § 15-12-122(b), which states as follows:

> In all civil actions in the state courts in which the claim for damages is greater than $25,000.00, either party may demand in writing prior to the commencement of the trial term that the case be tried by a jury of 12. If such a demand is made, the judge shall follow the procedures for superior courts of sub-section (b) of this Code section.

*See also* O.C.G.A. § 15-12-123(a)(2) which reads as follows:

> In all civil actions in the state courts in which a jury of 12 is demanded, the judge shall follow the procedures for superior courts of sub-section (b) of this Code section.

WHEREFORE, demand is made for trial of this case by a jury of 12 as provided by law.

This 3rd day of January, 2023.

<div style="text-align: right">

**CRUSER, MITCHELL, NOVITZ,**
**SANCHEZ, GASTON & ZIMET, LLP**


**JASON G. WYRICK**
Georgia Bar No. 143112
**TED S. HUGGINS**
Georgia Bar No. 964381
*Attorneys for Defendants Tony Honaker and*
*and JNJ Express, Inc., and Purported Defendant*
*Cherokee Insurance Company*

</div>

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA  30092
(404) 881-2622
(404) 881-2630 (Fax)
jwyrick@cmlawfirm.com
thuggins@cmlawfirm.com

2022CV02592

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| MELISSA MAEWEATHERS, | §<br>§<br>§ |
| Plaintiff, | § |
| | § |
| vs. | § |
| | § |
| TONY HONAKER, JNJ EXPRESS, INC., | § |
| and CHEROKEE INSURANCE | § |
| COMPANY, | §<br>§ |
| Defendants. | § |

CIVIL ACTION

FILE NO.: 2022CV02592

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day electronically filed the within and foregoing **DEFENDANTS JNJ EXPRESS, INC. AND TONY HONAKER, AND PURPORTED DEFENDANT CHEROKEE INSURANCE COMPANY'S DEMAND FOR TRIAL BY A JURY OF TWELVE PERSONS** with the Clerk of Court using the Odyssey eFileGA system which will send e-mail notification of such filing to the following counsel of record or served a copy of the within and foregoing by STATUTORY ELECTRONIC SERVICE to the e-mail addresses below:

Rob Loar, Esq.
WLG Atlanta, LLC
Bank of America Plaza
600 Peachtree Street, NE, Suite 4010
Atlanta, GA  30308
Rob.loar@witheritelaw.com
*Counsel for Plaintiff*

This 3rd day of January, 2023.

CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP

**JASON G. WYRICK**
Georgia Bar No. 143112
**TED S. HUGGINS**
Georgia Bar No. 964381
*Attorneys for Defendants Tony Honaker and*
*and JNJ Express, Inc., and Purported Defendant*
*Cherokee Insurance Company*

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA  30092
(404) 881-2622
(404) 881-2630 (Fax)

**D-1**