## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| Dortrice L. Bowden,<br><br>    Plaintiff,<br><br> -against-<br><br>Experian Information Solutions, Inc.;<br>Newrez LLC dba Shellpoint Mortgage Servicing;<br><br>    Defendant(s). | Case No.:<br><br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

   Plaintiff Dortrice L. Bowden, by and through counsel, as for this Complaint against Defendants Experian Information Solutions, Inc. ("Experian" or "Bureau"); and Newrez LLC dba Shellpoint Mortgage Servicing ("Shellpoint" or "Furnisher"), respectfully sets forth, complains, and alleges, upon information and belief, the following:

### JURISDICTION AND VENUE

   1.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as well as 15 U.S.C. § 1681p et seq.

   2.  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claim occurred here, the Plaintiff resides here, and the Defendants transact business here.

3.      Plaintiff brings this action for damages arising from the Defendants' violations of 15 U.S.C. § 1681 et seq., also known as the Fair Credit Reporting Act ("FCRA").

## PARTIES

4.      Plaintiff is a resident of the State of Georgia, County of Cherokee.

5.      At all times material hereto, Plaintiff was a "consumer" as defined under 15 U.S.C. § 1681a (c).

6.      Defendant Experian Information Solutions, Inc., is a consumer reporting agency as defined by 15 U.S.C. § 1681a (f) and conducts substantial and regular business activities in this judicial district.

7.      Experian is an Ohio corporation registered to do business in this State.

8.      Experian may be served with process upon its registered agent at c/o CT Corporation System, 289 S Culver St, Lawrenceville, GA, 30046-4805.

9.      Experian is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis and is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers to third parties for the purpose of furnishing consumer reports, as defined under 15 U.S.C. § 1681a (p).

10. At all times material hereto, Experian disbursed such consumer reports to third parties under a contract for monetary compensation.

11. Defendant Shellpoint is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2.

12. Shellpoint may be served with process c/o Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, GA, 30092.

13. Upon information and belief, Newrez, LLC d/b/a Shellpoint Mortgage Servicing (Shellpoint) is a wholly owned subsidiary of Shellpoint Partners LLC, a Delaware limited liability company.

14. Shellpoint Partners LLC is a wholly-owned subsidiary of NRM Acquisition LLC and NRM Acquisition II LLC, Delaware limited liability companies.

15. Both NRM Acquisition entities are wholly-owned subsidiaries of New Residential Mortgage LLC, a Delaware limited liability company.

16. New Residential Mortgage LLC is a wholly-owned subsidiary of New Residential Investment Corporation, a Delaware corporation.

17. New Residential Investment Corporation ("NRZ") is publicly traded on the New York Stock Exchange under the ticker symbol NRZ.

## FACTUAL ALLEGATIONS

18.     Plaintiff incorporates the above allegations as if set forth here.

19.     Some time prior to 2019, Plaintiff had a mortgage with non-party Ditech.

20.     Plaintiff allegedly defaulted on the loan.

21.     Ditech Financial, LLC then foreclosed on the property.

22.     In July 2019 the subject property was sold at a foreclosure sale.

23.      The loan was paid off by the proceeds from the foreclosure sale.

24.     There was no remaining balance.

25.     Ditech ceased reporting the alleged delinquency or foreclosure on Plaintiff's credit reports after July 2019.

26.     Some time later, Plaintiff realized that Defendant Shellpoint reported her as having a home foreclosed upon in both June and July 2020.

27.     Plaintiff is unsure when this reporting began.

28.     Plaintiff only had one mortgage with Ditech.

29.     Plaintiff never had a mortgage with Shellpoint.

30.     Plaintiff did not own, or have a balance with any lender on, a home in June and July, 2020.

31.     Plaintiff only ever had one foreclosure, which was from Ditech.

32.     In June and July 2020 Plaintiff no longer owned a property upon which anyone could foreclose.

33.     Despite this, Shellpoint reported the loan as foreclosed on in June and July 2020.

34.     The information furnished by Furnisher and published by the Bureau is and was inaccurate.

35.     The Bureau has been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that it has disseminated to various persons and credit grantors, both known and unknown.

36.     Plaintiff's credit reports were showing inaccurate information about the account.

37.     On or about January 29, 2021, Plaintiff disputed the Shellpoint information on her credit report ("First Dispute").

38.     On or about August 16, 2021, Plaintiff disputed the Shellpoint information on her credit report ("Second Dispute") (the First Dispute and Second Dispute collectively "Dispute").

39.     Plaintiff sent Her Dispute to the Bureau disputing the Furnisher-reported debt as inaccurate.

40.     Plaintiff also sent the Dispute to non-parties Equifax and TransUnion.

41.     In response to Plaintiff's Dispute both Equifax and TransUnion removed the Shellpoint account.

42.     Defendants did not.

43.     Plaintiff noted that she never had a loan with Shellpoint.

44.     Plaintiff noted that her loan was with Ditech Financial, LLC.

45.     Plaintiff noted that she did not own a home or have a balance with anyone on a home in 2020.

46.     Plaintiff included supporting documentation.

47.     The foreclosure information is also readily available as a public record.

48.     In addition to Plaintiff's explanation and documentation, Defendants could have confirmed the foreclosure details.

49.     It is not possible for Plaintiff to be marked late more than a year after her loan was paid off and when she no longer owned a home.

50.     The Bureau is required to notify Furnisher of Plaintiff's dispute(s).

51.     It appears and is therefore averred that the Bureau notified Furnisher of Plaintiff's dispute(s).

52.     Upon receipt of the dispute of the Account by the Plaintiff from the Bureau, Furnisher failed to conduct a reasonable investigation and continued to

report false and inaccurate adverse information on the consumer report of the Plaintiff with respect to the disputed Account.

53.     Had Furnisher done a reasonable investigation it would have been revealed to Furnisher that the Account is inaccurate.

54.     A reasonable investigation by each Defendant would have revealed that the account is being incorrectly reported.

55.     Despite the dispute by the Plaintiff that the information on her consumer report was inaccurate with respect to the disputed account, Defendants did not evaluate or consider any of the information, claims, or evidence of the Plaintiff and did not make an attempt to substantially reasonably verify that the derogatory information concerning the disputed account was inaccurate.

56.     Each Defendant failed to request from the original creditor a payment history for the account.

57.     Each Defendant failed to review the foreclosure information  which confirmed that Plaintiff was correct.

58.     The Bureau violated 15 U.S.C. § 1681i (a)(1)(A) by failing to conduct a reasonable investigation and delete the inaccurate information within 30 days of receiving Plaintiff's dispute letter.

59.     The Bureau violated 15 U.S.C. § 1681i (a)(2)(A) by failing to provide notice of the dispute to Furnisher or, in the alternative, if the Bureau did comply with Section 1681i (a)(2)(A) then it failed to comply with Section 1681i (a)(2)(B) by failing to provide Plaintiff all relevant information received from Furnisher.

60.     The Bureau violated 15 U.S.C. § 1681e (b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information on Plaintiff's credit report.

61.     Furnisher violated 15 U.S.C. § 1681s-2 (b) by failing to fully and properly investigate Plaintiff's dispute(s).

62.     Notwithstanding Plaintiff's efforts, Defendants continue to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

63.     Each Defendant knew the information was inaccurate.

64.     Each Defendant was in possession of, or had the ability to obtain, evidence showing its reporting of the Account was inaccurate.

65.     Had the Bureau enacted and followed reasonable procedures to assure maximum possible accuracy of the information on Plaintiff's credit report, the negative account information would not have appeared on Plaintiff's credit report.

66.     Furnisher continues to furnish credit data which is inaccurate and materially misleading, and the Bureau's reporting of the above-referenced trade line continues to be inaccurate and materially misleading.

<u>Damages</u>

67.     Defendants' erroneous reporting affected and continues to affect Plaintiff's creditworthiness and credit score.

68.     As a result of Defendants' failure to comply with the FCRA, Plaintiff has been damaged.

69.     Plaintiff suffered damage to her reputation as it falsely appears as if he was delinquent on the account.

70.     This false information was published to numerous third-parties.

71.     This negative information reflected poorly upon Plaintiff and is incompatible with the proper exercise of Plaintiff's lawful business, trade, or profession.

72.     The Plaintiff suffered damage, inter alia, by loss of credit, loss of money due to the loss of credit, loss of ability to purchase and benefit from credit, lost time, a chilling effect on applications for future credit, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

73.     Plaintiff was denied funding opportunities due to Defendants' actions.

74.     These denials and increased credit costs caused Plaintiff to suffer tangible and intangible losses of lack of available credit, and higher credit cost.

75.     Plaintiff is in the process of attempting to purchase a home.

76.     However, due to Defendants' inaccurate reporting of the Account, she is unable to secure a mortgage.

77.     The Ditech foreclosure and delinquency is no longer appearing on Plaintiff's credit report.

78.     The only foreclosure appearing is the Shellpoint Account allegedly foreclosed upon in June and July 2020.

79.     Plaintiff applied to BankSouth Mortgage for a loan.

80.     BankSouth's response was "As a result of the information listed in your Experian credit report showing a foreclosure date last reported 7/2020, we are unable to approve your request" for a mortgage loan.

81.     Plaintiff suffered and continues to suffer due to Defendants' improper actions.

## FIRST CAUSE OF ACTION
### (Willful Violation of the FCRA as to the Bureau)

82.     Plaintiff incorporates the allegations above the First Cause of Action as if set forth here.

83.     This is an action for willful violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

84.     The Bureau violated 15 U.S.C. § 1681e (b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that the Bureau maintained or furnished concerning the Plaintiff.

85.     The Bureau violated 15 U.S.C. § 1681i (a)(1)(A) by failing to conduct a reasonable investigation and delete the disputed tradeline within 30 days of receiving Plaintiff's dispute(s) and by failing to maintain reasonable procedures with which to verify the disputed information in Plaintiff's credit file.

86.     Alternatively, upon information and belief, the Bureau further violated 15 U.S.C. § 1681c-2(b) by failing to promptly notify the furnisher of information identified by Plaintiff under subsection (a) of 15 U.S.C. § 1681c-2.

87.     The Bureau have willfully and recklessly failed to comply with the Act.

88.     The failure of the Bureau to comply with the Act include but are not necessarily limited to the following:

        a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b)  The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

c)  The failure to promptly and adequately investigate information which the Bureau had notice was inaccurate;

d)  The continual placement of inaccurate information onto the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

e)  The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised the Bureau to delete;

f)  The failure to take adequate steps to verify information the Bureau had reason to believe was inaccurate before including it in the credit report of the consumer; and

g)  The failure to provide notice of a dispute to the furnisher or, in the alternative, the failure to provide Plaintiff all relevant information received from the furnisher in response to a dispute.

89.    As a result of the conduct, action and inaction of the Bureau, Plaintiff suffered damage as described above.

90.     The conduct, action and inaction of the Bureau was willful rendering the Bureau liable for actual, statutory and punitive damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

91.     Plaintiff is entitled to recover reasonable costs and attorney's fees from the Bureau in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, an individual, demands judgment against the Bureau, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## SECOND CAUSE OF ACTION
### (Negligent Violation of the FCRA as to the Bureau)

92.     Plaintiff incorporates the allegations above the First Cause of Action as if set forth here.

93.     This is an action for negligent violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

94.     The Bureau violated 15 U.S.C. § 1681e (b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that the Bureau maintained or furnished concerning the Plaintiff.

95.     The Bureau violated 15 U.S.C. § 1681i (a)(1)(A) by failing to conduct a reasonable investigation and delete the disputed tradeline within 30 days of receiving Plaintiff's dispute(s) and by failing to maintain reasonable procedures with which to verify the disputed information in Plaintiff's credit file.

96.     Alternatively, upon information and belief, the Bureau further violated 15 U.S.C. § 1681c-2(b) by failing to promptly notify the furnisher of information identified by Plaintiff under subsection (a) of 15 U.S.C. § 1681c-2.

97.     The Bureau has negligently failed to comply with the Act.

98.     The failure of the Bureau to comply with the Act includes but are not necessarily limited to the following:

    a.  The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b.  The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

    c.  The failure to promptly and adequately investigate information which the Bureau had notice was inaccurate;

    d.  The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

    e.   The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised the Bureau to delete;

    f.   The failure to take adequate steps to verify information the Bureau had reason to believe was inaccurate before including it in the credit report of the consumer; and

    g.   The failure to provide notice of a dispute to the furnisher or, in the alternative, the failure to provide Plaintiff all relevant information received from the furnisher in response to a dispute.

99.    As a result of the conduct, action and inaction of the Bureau, Plaintiff suffered damage as described above.

100.    The conduct, action and inaction of the Bureau was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

101.    Plaintiff is entitled to recover reasonable costs and attorney's fees from the Bureau in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, an individual, demands judgment against the Bureau for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

### THIRD CAUSE OF ACTION
**(Willful Violation of the FCRA as to Furnisher)**

102.     Plaintiff incorporates the allegations above the First Cause of Action as if set forth here.

103.     This is an action for willful violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

104.     Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

105.     Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff.

106.     The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

107.     The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the furnisher must report the results to any other agencies which were supplied such information.

108. Furnisher willfully and recklessly violated 15 U.S.C. § 1681s-2 (b) as described above, including, but not limited to, failing to fully and properly investigate the disputes of the Plaintiff, failing to review all relevant information regarding same, and failing to correctly report results of an accurate investigation to the credit reporting agencies.

109. Furnisher continued to report this account on the Plaintiff's credit report after being notified of her disputes regarding the Account as described above.

110. As a result of the conduct, action, and inaction of Furnisher, Plaintiff suffered damage as described above.

111. The conduct, action, and inaction of Furnisher was willful, rendering it liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n.

112. Plaintiff is entitled to recover reasonable costs and attorney's fees from each Furnisher in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, an individual, demands judgment against Furnisher for damages, together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## **FOURTH CAUSE OF ACTION**
### **(Negligent Violation of the FCRA as to Furnisher)**

113.   Plaintiff incorporates the allegations above the First Cause of Action as if set forth here.

114.   This is an action for negligent violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

115.   Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

116.   Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff.

117.   The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

118.   The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the furnisher must report the results to any other agencies which were supplied such information.

119.     As described above, Furnisher is liable to the Plaintiff for negligently failing to comply with the requirements imposed on Furnisher of information pursuant to 15 U.S.C. § 1681s-2 (b).

120.     After receiving the dispute notice(s) from the Bureaus, Furnisher negligently failed to conduct a reinvestigation in good faith.

121.     A reasonable investigation would require a furnisher such as Furnisher to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

122.     The conduct, action and inaction of Furnisher was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

123.     As a result of the conduct, action and inaction of the Furnisher, Plaintiff suffered damage as described above.

124.     Plaintiff is entitled to recover reasonable costs and attorney's fees from Furnisher in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, an individual, demands judgment in her favor against Furnisher for damages, together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

## DEMAND FOR TRIAL BY JURY

125.     Plaintiff demands a trial by jury for all claims and issues in this complaint to which Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from each Defendant as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1681o (a) be awarded for each negligent violation as alleged herein;

b) For actual damages provided and pursuant to 15 U.S.C. § 1640(a)(1);

c) For statutory damages provided and pursuant to 15 U.S.C. § 1681n (a);

d)  For statutory damages provided and pursuant to 15 U.S.C. § 1640(a)(2);

e) For punitive damages provided and pursuant to 15 U.S.C. § 1681n (a)(2);

f) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n (a)(3), 15 U.S.C. § 1681o (a)(2) and 15 U.S.C. § 1640(a)(3);

g) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated:  January 17, 2023

<u>*s/ Misty Oaks Paxton*</u>
Misty Oaks Paxton, Esq.
3895 Brookgreen Point
Decatur, GA 30034
P: (405) 529-6257
F: (775) 320-3698
attyoaks@yahoo.com

Stein Saks, PLLC
<u>*s/ Eliyahu Babad*</u>
Eliyahu Babad, Esq.
One University Plaza, Suite 620
Hackensack, NJ 07601
(201) 282-6500 ext. 121
EBabad@SteinSaksLegal.com
*Pending Admission Pro Hac Vice*

*Attorneys for Plaintiff*