**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| SOTHY HENG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | FILE NO. _____ |
| | ) | |
| STATE FARM FIRE AND | ) | [On removal from the Superior Court |
| CASUALTY COMPANY, | ) | of Gwinnett County, Civil Action File |
| A foreign corporation, | ) | No. 22-A-10787-11] |
| | ) | |
| Defendant. | ) | |

## ANSWER OF STATE FARM FIRE AND CASUALTY COMPANY

COMES NOW, State Farm Fire and Casualty Company (hereinafter "Defendant" or "State Farm") and hereby files this, its Answer and Affirmative Defenses to Plaintiff's Complaint, and shows this Court as follows:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim against Defendant upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendant State Farm is not liable to Plaintiff for any cause of action, including for breach of contract, because Defendant State Farm at no time breached or otherwise violated any of the terms or conditions of the insurance policy between State Farm and Plaintiff. At

all times, Defendant State Farm acted in accordance with its rights and obligations as set forth in the Policy.

**THIRD AFFIRMATIVE DEFENSE**

To the extent Plaintiff's Complaint or prayer for relief seeks, or is construed as seeking, damages other than the contractual damages, such remedies are not available to the Plaintiff inasmuch as O.C.G.A. § 33-4-6 is the sole manner by which to recover extra-contractual damages, including attorney's fees, from an insurer in a first party dispute over payment of insurance benefits.

**FOURTH AFFIRMATIVE DEFENSE**

To the extent Plaintiff's Complaint seeks or is construed as seeking, to recover bad faith penalties and attorney's fees under O.C.G.A. § 33-4-6 against State Farm, such remedies are not available to Plaintiff, as Plaintiff failed to satisfy the substantive and/or procedural requirements for making a claim for bad faith, as required under O.C.G.A. § 33-4-6.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff may not recover for any damage to real or personal property under the subject insurance policy and applicable Georgia law to the extent that the damages are excluded by the Policy.

## SIXTH AFFIRMATIVE DEFENSE

To the extent Plaintiff is entitled to any recovery under the Policy, which State Farm denies, Plaintiff's recovery is limited by the coverage limits and loss settlement provisions of the insurance Policy.

## SEVENTH AFFIRMATIVE DEFENSE

Even if Plaintiff was entitled to recover under the Complaint, which State Farm denies, Plaintiff is unable to recover the damages as set forth in the Complaint because this amount does not reflect the reasonable and necessary costs to repair the damage to the Property.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff may not recover from Defendant on the basis that Plaintiff failed to mitigate the damages in accordance with Georgia law.

## NINTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff attempts to impose duties upon Defendant aside from those set forth in the insurance contract, Plaintiff fails in both fact and law. Georgia law does not impose extra-contractual duties on insurers when adjusting claims asserted by insureds. Moreover, at all times relevant hereto, State Farm acted in good faith and in accordance with the terms and conditions of the Policy.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery on the basis of waiver and/or estoppel.

## ELEVENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff seeks to recover pursuant to any alleged violation of Georgia's Unfair Settlement Practices Act, Plaintiff is legally prohibited from doing so as the Act does not create or imply any private cause of action. See O.C.G.A. § 33-6-37.

## TWELFTH AFFIRMATIVE DEFENSE

To the extent Plaintiff seeks to recover replacement cost benefits, Plaintiff has not satisfied the contractual requirements to recover these benefits pursuant to the terms of the Policy and applicable law.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff may not recover from Defendant because the Policy specifically excludes coverage for Plaintiff's claimed damages. Specifically, the Policy provides:

## SECTION I – LOSSES NOT INSURED

1. We will not pay for any loss to the property described in Coverage A that consists of, or is directly and immediately caused by, one or more of the perils listed in items a. through m. below, regardless of whether the loss occurs abruptly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:

. . .

g. wear, tear, decay, marring, scratching, deterioration, inherent vice, latent defect, or mechanical breakdown;

. . .

2. We will not pay for, under any part of this policy, any loss that would not have occurred in the absence of one or more of the following excluded events. We will not pay for such loss regardless of. (a) the cause of the excluded event; or (b) other causes of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss; or (d) whether the event occurs abruptly or gradually, involves isolated or widespread damage, occurs on or off the residence premises, arises from any natural or external forces, or occurs as a result of any combination of these:

. . .

**d. Neglect**, meaning neglect of the insured to use all reasonable means to save and preserve property at and after the time of a loss, or when property is endangered.


**h. Intentional Losses.** If any insured intentionally causes or procures a loss to property covered under this policy, we will not pay any insured for this loss. This applies regardless of whether the insured is charged with or convicted of a crime.

. . .

3. We will not pay for, under any part of this policy, any loss consisting of one or more of the items below. Further, we will not pay for any loss described in paragraphs 1. and 2. immediately above regardless of whether one or more of the following: (a) directly or indirectly cause, contribute to, or aggravate the loss; or (b) occur before, at the same time, or after the loss or any other cause of the loss:


a. conduct, act, failure to act, or decision of any person, group, organization, or governmental body whether intentional, wrongful, negligent, or without fault;

b. defect, weakness, inadequacy, fault, or unsoundness in:

    (1) planning, zoning, development, surveying, or siting;

    (2) design, specifications, workmanship, repair, construction, renovation, remodeling, grading, or compaction;

    (3) materials used in repair, construction, renovation, remodeling, grading, or compaction; or

    (4) maintenance

    Of any property (including land, structures, or improvements or any kind) whether on or off the residence premises; OR

c. weather conditions.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff is unable to recover for any damages that did not result from accidental direct physical loss as required by the policy. Specifically, the Policy provides:

## SECTION I – LOSSES INSURED

## COVERAGE A – DWELLING

We will pay for accidental direct physical loss to the property described in Coverage A, unless the loss is excluded or limited in SECTION I – LOSSES NOT INSURED or otherwise excluded or limited in the policy. However, loss does not include and we will not pay for, any diminution in value.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff is unable to recover for any damages that occurred outside of the applicable policy period. Specifically, the Policy provides:

## SECTION I AND SECTION II – CONDITIONS

1. Policy Period. This policy applies only to loss under Section I or bodily injury or property damage under Section II that occurs during the period this policy is in effect.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff may not maintain this action against Defendant because Plaintiff failed to satisfy the conditions precedent to bringing suit set forth in the insurance policy issued by Defendant to Plaintiff. Specifically, the policy provides:

## SECTION I – CONDITIONS

. . .

6. **Suit Against Us**. No action will be brought against us unless there has been full compliance with all of the policy provisions. Any action by any party must be started within one year after the date of loss or damage[.]

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff may not maintain this action against Defendant because Plaintiff did not satisfy the duties after loss provisions in accordance with the policy requirements. Specifically, the Policy provides:

## SECTION I – CONDITIONS

. . .

2. **Your Duties After Loss**. After a loss to which this insurance may apply, you must cooperate with us in the investigation of the claim and also see that the following duties are performed:

    a. give immediate notice to us or our agent, and also notify:

        (1) the policy if the loss is caused by theft, vandalism, or any other criminal act and

        (2) the credit card company or bank if the loss involves a credit card or bank fund transfer card;

    b. protect the property from further damage or loss, and also:

        (1) make reasonable and necessary temporary repairs required to protect the property; and

        (2) keep an accurate record of repair expenses;

    c. prepare an inventory of damaged or stolen personal property:

        (1) showing in detail the quantity, description, age, replacement cost, and amount of loss; and

        (2) attaching all bills, receipts, and related documents that substantiate the figures in the inventory;

    d. as often as we reasonably require:

        (1) exhibit the damaged property;

        (2) provide us with any requested records and documents and allow us to make copies;

        (3) while not in the presence of any other insured:

            (a) give statements; and

            (b) submit to examinations under oath; and

        (4) produce employees, members of the insured's household, or others for examination under oath to the extent it is within the insured's power to do so; and

e. submit to us within 60 days after the loss, your signed, sworn proof of loss that sets forth, to the best of your knowledge and belief:

(1) the time and cause of loss;

(2) interest of the insured and all others in the property involved and all encumbrances on the property;

(3) other insurance which may cover the loss;

(4) changes in title or occupancy of the property during the terms of this policy;

(5) specifications of any damaged building and detailed estimates for repair of the damage;

(6) an inventory of damaged or stolen personal property described in 2.c.;

(7) receipts for additional living expenses incurred and records supporting the fair rental value loss; and

(8) evidence of affidavit supporting a claim under SECTION I – ADDITIONAL COVERAGES, Credit Card, Bank Fund Transfer Card, Forgery, and Counterfeit Money coverage, stating the amount and cause of loss.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Even if Plaintiff was entitled to recover benefits in this matter, which State Farm denies, Plaintiff is only able to recover benefits of the costs to repair or replace the damaged Property to the extent these costs of repair exceed the Policy Deductible. The Policy provides in pertinent part:

## DEDUCTIBLE

In case of loss under this policy, we will pay, subject to specified policy limits, only that part of the amount of the loss that exceeds the deductible amount shown in the Declarations. Deductibles will be applied per occurrence. Deductibles apply to specific losses as described in this policy.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff is unable to recover in this matter to the extent that Plaintiff has no insurable interest in the Property which is the subject of this Policy and the insurance claim as is required by the terms and provisions of the Policy and applicable Georgia law. Specifically, the Policy provides:

## SECTION I – CONDITIONS

**1. Insurable Interest and Limit of Liability.** Even if more than one person has an insurable interest in the property covered, we will not be liable:

a. to the insured for an amount greater than the insured's interest; or

b. for more than the applicable limit of liability.

## TWENTIETH AFFIRMATIVE DEFENSE

Defendant responds to the specific allegations of Plaintiff's Complaint as follows:

## <u>PARTIES</u>

1.

Upon information and belief, in response to Paragraph 1 of Plaintiff's Complaint, Defendant admits only that Plaintiff Sothy Heng resides in the State of Georgia. Defendant is without information necessary to respond to the remainder of the allegations contained in Paragraph 1 of Plaintiff's Complaint, and therefore denies all remaining allegations in Paragraph 1 of Plaintiff's Complaint.

2.

In response to the allegations contained in Paragraph 2 of Plaintiff's Complaint, Defendant admits only that it is a foreign insurance company, authorized to transact business in the State of Georgia, and in the business of selling insurance policies and that its registered agent is located at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 2 of Plaintiff's Complaint are denied, including, but not limited to, any allegations that the insurance policy issued by Defendant provides unfettered and/or unrestricted insurance coverage. All coverage provided is subject to the terms and provisions of the Policy and applicable Georgia law.

## **JURISDICTION AND VENUE**

3.

In response to the allegations contained in Paragraph 3 of Plaintiff's Complaint, Defendant admits only that the Superior Court of Gwinnett County has jurisdiction over this matter but denies all remaining allegations contained in Paragraph 3 of Plaintiff's Complaint, including, but not limited to, any allegations that the Superior Court of Gwinnett County is the only court having jurisdiction over this matter and any allegations that Defendant breached its contract with Plaintiff or otherwise acted in bad faith.

4.

In response to the allegations contained in Paragraph 4 of Plaintiff's Complaint, Defendant admits only that the Superior Court of Gwinnett County is a proper venue in which to bring this matter, but denies all remaining allegations contained in Paragraph 4 of Plaintiff's Complaint, including, but not limited to, any allegations that the Superior Court of Gwinnett County is the only venue in which this matter could be brought and any allegations that Defendant breached its contract with Plaintiff or otherwise acted in bad faith.

5.

In response to the allegations contained in Paragraph 5 of Plaintiff's Complaint, Defendant admits only that the terms and provisions of the Policy and applicable Georgia law speak for themselves and denies all allegations contained in Paragraph 5 in direct contradiction thereto. Defendant denies that it has consented to jurisdiction and venue in this Court.

**THE POLICY**

6.

In response to the allegations contained in Paragraph 6 of Plaintiff's Complaint, Defendant admits only that it issued Policy Number 81-G0-P898-7 (the "Policy") to Plaintiff. Defendant responds further that the terms and provisions of the Policy and

applicable Georgia law speak for themselves and denies all allegations contained in Paragraph 6 in direct contradiction thereto. Defendant denies that Exhibit "A" is a complete copy of the Policy. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 6 of Plaintiff's Complaint are denied.

7.

In response to the allegations contained in Paragraph 7 of Plaintiff's Complaint, Defendant admits only that it issued the Policy to Plaintiff to provide specified coverage for the property located at 1010 Landmark Drive, McDonough, Georgia (the "Property"). Defendant responds further that the terms and provisions of the Policy and applicable Georgia law speak for themselves and denies all allegations contained in Paragraph 7 in direct contradiction thereto. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 7 of Plaintiff's Complaint are denied, including, but not limited to, any allegations that the Policy provided unrestricted and/or unfettered insurance coverage, as all coverage under the Policy is subject to the terms and conditions of the Policy and applicable Georgia law.

8.

In response to the allegations contained in Paragraph 8 of Plaintiff's Complaint, Defendant admits only that the terms and provisions of the Policy and applicable Georgia law speak for themselves and denies all allegations contained in Paragraph 8 in direct

contradiction thereto. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 8 of Plaintiff's Complaint are denied, including, but not limited to, any allegations that the Policy provided unrestricted and/or unfettered insurance coverage, as all coverage provided under the Policy is subject to the terms and conditions of the Policy and applicable Georgia law.

9.

In response to the allegations contained in Paragraph 9 of Plaintiff's Complaint, Defendant admits only that the terms and provisions of the Policy and applicable Georgia law speak for themselves and denies all allegations contained in Paragraph 9 in contradiction thereto. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 9 of Plaintiff's Complaint are denied, including, but not limited to, any allegations that the Policy provided unrestricted and/or unfettered insurance coverage, as all coverage provided under the Policy is subject to the terms and provisions of the Policy and applicable Georgia law.

## SUDDEN AND ACCIDENTAL DAMAGE TO THE INSURED PROPERTY

10.

In response to the allegations contained in Paragraph 10 of Plaintiff's Complaint, Defendant admits only that the coverage terms of the Policy originated on October 28, 2021, and that Plaintiff reported that the Property suffered damage from wind and hail on

or about January 2, 2022. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 10 of Plaintiff's Complaint are denied.

11.

In response to the allegations contained in Paragraph 11 of Plaintiff's Complaint, Defendant admits only that the Plaintiff notified Defendant of the alleged wind and hail damage to the Property. Defendant admits further that Plaintiff made a claim pursuant to the Policy for the alleged wind and hail damage to the Property, and a State Farm Claim Representative was assigned to adjust the claim on behalf of State Farm. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 11 of Plaintiff's Complaint are denied.

12.

In response to the allegations contained in Paragraph 12 of Plaintiff's Complaint, Defendant admits only that Plaintiff permitted Defendant to inspect the Property and provided some of the documents requested by Defendant. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 12 of Plaintiff's Complaint are denied.

13.

In response to the allegations contained in Paragraph 13 of Plaintiff's Complaint, Defendant admits only that Plaintiff permitted Defendant to physically and virtually inspect

the Property. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 13 of Plaintiff's Complaint are denied.

14.

In response to Paragraph 14 of Plaintiff's Complaint, Defendant admits only that Defendant conducted an inspection of the Property. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 14 of Plaintiff's Complaint are denied, including, but not limited to, any allegations that Defendant owed Plaintiff any duties aside from those set forth by the terms and provisions of the insurance contract.

15.

In response to the allegations contained in Paragraph 15 of Plaintiff's Complaint, Defendant admits that the deductible under the Policy is $1,660.00 per occurrence. Defendant further admits that Exhibit "B" is a true and accurate copy of Defendant's estimate, which speaks for itself. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 15 of Plaintiff's Complaint are denied, including, but not limited to, any allegations that Defendant undervalued the claim.

16.

In response to the allegations contained in Paragraph 16 of Plaintiff's Complaint, Defendant admits only that Defendant and representatives of Plaintiff exchanged communications during the claim, but states that these communications speak for

themselves and denies any allegations contained in Paragraph 16 in direct contravention thereto. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 16 of Plaintiff's Complaint are denied.

17.

In response to the allegations contained in Paragraph 17 of Plaintiff's Complaint, Defendant admits only that Plaintiff sent correspondence to Defendant dated September 21, 2022, which speaks for itself. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 17 of Plaintiff's Complaint are denied, including, but not limited to, any allegations that the September 21, 2022 correspondence constituted a timely or valid demand for payment.

18.

In response to the allegations contained in Paragraph 18 of Plaintiff's Complaint, Defendant admits only that Plaintiff sent correspondence to Defendant dated September 21, 2022, which speaks for itself. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 18 of Plaintiff's Complaint are denied, including, but not limited to, any allegations that the September 21, 2022, correspondence constituted a timely or valid demand for payment.

19.

All allegations contained in Paragraph 19 of Plaintiff's Complaint are denied, including, but not limited to, any allegations that Defendant failed to issue payment for covered damages to the Property pursuant to the terms and provisions of the Policy and applicable Georgia law.

20.

In response to the allegations contained in Paragraph 20 of Plaintiff's Complaint, Defendant admits only that Plaintiff provided some information and documentation requested by State Farm during the adjustment of Plaintiff's claim as required under the terms and conditions of the Policy. Except as otherwise herein admitted, Defendant denies all remaining allegations contained in Paragraph 20 of Plaintiff's Complaint.

21.

In response to the allegations contained in Paragraph 21 of Plaintiff's Complaint, Defendant admits only that there is a dispute between Plaintiff and Defendant regarding whether the alleged damage to the Property was caused by a covered cause of loss on January 2, 2022. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 21 of Plaintiff's Complaint are denied.

22.

All allegations contained in Paragraph 22 of Plaintiff's Complaint are denied.

## COUNT I – BREACH OF CONTRACT

### 23.

To the extent a response is required to the allegations contained in Paragraph 23 of Plaintiff's Complaint, Defendant incorporates herein by reference its responses to Plaintiff's enumerated Paragraphs 1 through 22.

### 24.

In response to the allegations contained in Paragraph 24 of Plaintiff's Complaint, Defendant admits only that Plaintiff provided some information and documentation requested by State Farm during the adjustment of Plaintiff's claim as required under the terms and conditions of the Policy. Except as otherwise herein admitted, Defendant denies all remaining allegations contained in Paragraph 24 of Plaintiff's Complaint.

### 25.

In response to the allegations contained in Paragraph 25 of Plaintiff's Complaint, Defendant admits that the Policy speaks for itself and would afford coverage for certain losses subject to the Policy's terms and conditions and applicable Georgia law. All remaining allegations contained in Paragraph 25 of Plaintiff's Complaint are denied, including, but not limited to, any allegations that Defendant failed to issue payment for covered damages to the Property resulting from the January 2, 2022 loss, pursuant to the terms and provisions of the Policy and applicable Georgia law.

26.

All allegations contained in Paragraph 26 of Plaintiff's Complaint are denied, including, but not limited to, any allegations that Defendant failed to issue payment for covered damages to the Property pursuant to the terms and provisions of the Policy and applicable Georgia law.

27.

All allegations contained in Paragraph 27 of Plaintiff's Complaint are denied, including, but not limited to, any allegations that Defendant failed to conduct a proper claim investigation or that it failed to issue payment for covered damages to the Property pursuant to the terms and provisions of the Policy and applicable Georgia law.

28.

All allegations contained in Paragraph 28 of Plaintiff's Complaint are denied, including, but not limited to, any allegations that Defendant failed to issue payment for covered damages to the Property pursuant to the terms and provisions of the Policy and applicable Georgia law.

29.

All allegations contained in Paragraph 29 of Plaintiff's Complaint are denied, including, but not limited to, any allegations that Defendant failed to issue payment for

covered damages to the Property pursuant to the terms and provisions of the Policy and applicable Georgia law.

30.

Defendant denies all the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31.

To the extent a response is required to the allegations contained in Paragraph 31 of Plaintiff's Complaint, Defendant denies the allegations contained in Paragraph 31 of Plaintiff's Complaint.

## **COUNT II: BAD FAITH PURSUANT TO O.C.G.A. § 33-4-6**

32.

To the extent a response is required to the allegations contained in Paragraph 32 of Plaintiff's Complaint, Defendant incorporates herein by reference its responses to Plaintiff's enumerated Paragraphs 1 through 31.

33.

All allegations contained in Paragraph 33 of Plaintiff's Complaint are denied, including, but not limited to, any allegations that Defendant failed to conduct a proper claim investigation or that it failed to issue payment for covered damages to the Property

pursuant to the terms and provisions of the Policy and applicable Georgia law, or that Defendant owed any duty other than those set forth in the Policy.

34.

All allegations contained in Paragraph 34 of Plaintiff's Complaint are denied, including, but not limited to, any allegations that Defendant failed to conduct a proper claim investigation or that it failed to issue payment for covered damages to the Property pursuant to the terms and provisions of the Policy and applicable Georgia law, or that Defendant owed any duty other than those set forth in the Policy.

35.

Defendant denies all allegations contained in Paragraph 34 of Plaintiff's Complaint, including those allegations set forth in subsections (1) through (8) contained therein, including but not limited to any allegation that Defendant owed any duty other than those set forth in the Policy.

36.

Defendant denies all allegations contained in Paragraph 36 of Plaintiff's Complaint.

37.

Defendant denies all allegations contained in Paragraph 37 of Plaintiff's Complaint.

38.

Defendant denies all allegations contained in Paragraph 38 of Plaintiff's Complaint.

39.

Defendant denies all allegations contained in Paragraph 39 of Plaintiff's Complaint.

40.

To the extent a response is required to the allegations contained in Paragraph 40 of Plaintiff's Complaint, Defendant denies the allegations contained in Paragraph 40 of Plaintiff's Complaint.

## DEMAND FOR JURY TRIAL

41.

To the extent a response is required to the allegations contained in Paragraph 41 of Plaintiff's Complaint, Defendant admits the allegations contained in Paragraph 41 of Plaintiff's Complaint.

## PRAYER FOR RELIEF

42.

Defendant denies all allegations contained in Plaintiff's Prayer for Relief, including those allegations set forth in subsections (a) through (i) contained therein.

43.

Except as otherwise herein admitted, Defendant denies all remaining allegations contained in Plaintiff's Complaint.

WHEREFORE, having fully answered, Defendant respectfully requests that this Court:

(a) Deny Plaintiff's prayer for damages;

(b) Dismiss this action with prejudice and cast all costs upon Plaintiff; and

(c) Award Defendant any other relief that this Court deems just and equitable.

This 19th day of January, 2023.

SWIFT, CURRIE, McGHEE & HIERS, LLP

*/s/ Mark T. Dietrichs*
Mark T. Dietrichs
Georgia Bar No. 221722
*Attorney for Defendant State Farm Fire and Casualty Company*

1420 Peachtree Street, NE, Suite 800
Atlanta, GA   30309
Tel:   (404) 874-8800
Fax:   (404) 888-6199
mark.dietrichs@swiftcurrie.com

## CERTIFICATE OF SERVICE

I have this day electronically filed the foregoing **ANSWER OF STATE FARM FIRE AND CASUALTY COMPANY** with the Clerk of Court using the CM/ECF System.  The clerk will serve opposing counsel as follows:

J. Remington Huggins
Foster L. Peebles
THE HUGGINS LAW FIRM, LLC
110 Norcross Street, Roswell, GA 30075
remington@lawhuggins.com
fpeebles@lawhuggins.com
*Attorneys for Plaintiff*

This 19th day of January, 2023.

SWIFT, CURRIE, McGHEE & HIERS, LLP

*/s/ Mark T. Dietrichs*
Mark T. Dietrichs
Georgia Bar No. 221722
*Attorney for Defendant State Farm Fire and Casualty Company*

1420 Peachtree Street, NE, Suite 800
Atlanta, GA   30309
Tel:   (404) 874-8800
Fax:   (404) 888-6199
mark.dietrichs@swiftcurrie.com

4864-5718-4843, v. 2