# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **ONYEKACHUKWU TONY EHIMA**          ) | |
| ) | |
| ) | Civil Action |
| **Plaintiff,**          ) | |
| ) | |
| vs.          ) | CASE NO.:_____ |
| ) | |
| ) | |
| **UR MENDOZA JADDOU,** Director          ) | |
| of U.S. Citizenship and Immigration          ) | |
| Services**, and SHINEKA MILLER,**          ) | |
| Director of Atlanta Field Office of U.S.          ) | |
| Citizenship and Immigration Services.          ) | |
| ) | |
| **Defendants.**          ) | |
| _____) | |

## PLAINTIFFS' ORIGINAL COMPLAINT FOR WRIT OF MANDAMUS AND DECLARATORY JUDGMENT

COMES NOW, ONYEKACHUKWU EHIMA, Plaintiff in the above-styled and numbered cause, by and through the undersigned attorney of record, and for cause of action would show this Honorable Court the following:

1. This action is brought against the Defendants to compel action on the Petition to Remove Conditions on Residence (Form I-751) and Application for

1

Naturalization (Form N-400) filed by Plaintiff. The application remains within the jurisdiction of the Defendant, who has improperly withheld action on said application to Plaintiff's detriment.

## PARTIES

2. Plaintiff, Oyekachukwu Tony Ehima, (hereinafter "Plaintiff") is a thirty-seven-year-old native of Nigeria and citizen of Ireland (Alien Number: 207-531-175). See Exhibit 1, Identification Documents of Plaintiff. He filed an N-400 Application for Naturalization (IOE0912762681) which was received by USCIS on July 23, 2021 See Exhibit 2, N-400 Receipt Notice.

3. Defendant Ur Mendoza Jaddou is the Director of USCIS. USCIS is the branch of DHS that is charged with all adjudication duties pertaining to immigration applications. Defendant Jaddou is the official of USCIS generally charged with administrative and supervisory authority over all operations of USCIS including the Atlanta Field Office. Defendant Jaddou is sued in her official capacity.

4. Defendant Shineka Miller is the USCIS Atlanta Field Office Director. Defendant Miller is sued in her official capacity and is the official of USCIS generally charged with supervisory authority over all operations of USCIS within her District with certain specific exceptions not relevant here. 8 C.F.R.

§ 103.1(g)(2)(ii)(B) Specifically, Defendant is responsible for the adjudication of Applications for Naturalization and Petitions to Remove Conditions on Permanent Residence in her service area. As will be shown, Defendant is the official with whom Plaintiff's applications were properly filed.

## JURISDICTION

5. Jurisdiction, in this case, is proper under 8 U.S.C. § 1447(b); 28 U.S.C. §§1331 and 1361, 5 U.S.C. § 701 et seq.; and 28 U.S.C. § 2201 et seq. Relief is requested according to said statutes.

## VENUE

6. Venue is proper in this court, pursuant to 28 USC § 1391(e), as this is an action against officers and agencies of the United States in their official capacities brought in the District where Plaintiff reside, and no real property is involved in the action.

## EXHAUSTION OF REMEDIES

7. Plaintiff has exhausted his administrative remedies. No other remedy is adequate in this case because Defendants have not updated or made a decision on the Plaintiff's Petition to Remove Conditions on Residence, nor his application for Naturalization as required by regulation within 120 days of his naturalization interview. Plaintiff has been fingerprinted, and attended an

3

interview on July 14, 2022. Immediate action, such as that offered by a mandamus action under the Administrative Procedure Act, is the only relief that can resolve the instant case.

## CAUSE OF ACTION

8. Plaintiff became a Lawful Permanent Resident on April 30, 2015. See Exhibit 1, Identification Documents of Plaintiff. He filed his Application for Naturalization on July 23, 2021. See Exhibit 2, N-400 Receipt Notice.

9. Plaintiff filed a Petition to Remove Conditions on his Lawful Permanent Resident status on September 16, 2021. See Exhibit 3, I-751 Receipt Notice.

10. Plaintiff appeared for an interview on July 14, 2022 regarding both his Petition to Remove Conditions and his Naturalization Application. At this interview, he passed his English and U.S. history and government tests. See Exhibit 3, Form N-652, Naturalization Interview Results.

11. No decision was made on Plaintiff's petition or application at that time, and the case was held for review.

12. Plaintiff has not yet received a decision or update on his Petition to Remove Conditions, nor on his Naturalization Application.

13. Plaintiff's Petition to Remove Conditions has been pending for over fourteen months.

14. Plaintiff's Naturalization case has awaited a decision since July 14, 2022, which means that more than 120 days have passed since the interview date and he has the right to petition this Court under section 336 of the Immigration and Nationality Act.

15. Defendants' failure to make a decision in this case has caused and continues to cause harm to Plaintiff in denying him an immigration privilege, contrary to law.

## LEGAL BACKGROUND

16. The Immigration and Nationality Act § 336(b) [8 USC §1447(b)] states the following:

    Request for hearing before District Court.--If there is a failure to make a determination under section 335 before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

17. This Court has jurisdiction to review USCIS's action concerning Plaintiffs' immigration case according to 28 U.S.C. § 1331 and the Administrative Procedure Act.  See <u>Kim v. Ashcroft</u>, 340 F. Supp. 2d 384 (S.D.N.Y. 2004) (holding that subject matter jurisdiction exists pursuant to the Defendant's violation of 5 U.S.C. § 555(b) of the Administrative Procedure Act ("APA") in conjunction with the federal question statute); <u>Yu v. Brown</u>, 36 F. Supp.2d 922, 930 (D.N.M. 1999) (noting that "courts have specifically recognized jurisdiction under § 1331 and the APA to hear challenges to INS delays in processing visas, LPR, and citizen applications").

18. The APA, 5 USC §701 *et seq.* at § 704 states that acts by government agencies that are, "final agency action for which there is no other adequate remedy in a court are subject to judicial review." There is no other appropriate remedy in this situation because USCIS has withheld action on Plaintiffs' I-130 and I-485, applications. Thus, the only option for Plaintiffs is this instant action in this court.

19. Moreover, 5 U.S.C. § 706 states:

    The reviewing court shall—

    **(1)** compel agency action unlawfully withheld or unreasonably delayed; and

  **(2)** hold unlawful and set aside agency action, findings, and conclusions found to be—

    **(A)** arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

    **(B)** contrary to constitutional right, power, privilege, or immunity;

    **(C)** in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;

    **(D)** without observance of procedure required by law;

    **(E)** unsupported by substantial evidence in a case subject to sections 556 and 557 of this title or otherwise reviewed on the record of an agency hearing provided by statute; or

    **(F)** unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court.

20. In this case, this Court has jurisdiction to compel agency action to review and issue a decision regarding Plaintiff's case.

21. Defendants, in violation of the Administrative Procedure Act, 5 U.S.C §701 *et seq.*, have unlawfully withheld action on Plaintiff's applications and therefore, have failed to carry out the adjudicative functions delegated to them by law with regard to Plaintiff's case to the detriment of the Plaintiff.

22. Plaintiff desires a judicial determination of his naturalization application and a declaration that she is entitled to be naturalized as a citizen of the United States

or an order by this Court directing Defendants to adjudicate Plaintiff's naturalization application immediately, and an order enjoining Defendants from further delaying the adjudication of Plaintiff's naturalization application.

## PRAYER FOR RELIEF

WHEREFORE, in view of the arguments and authority noted herein, Plaintiff respectfully prays that the Defendants be cited to appear herein and that, upon due consideration, the Court grand the following relief:

(a) Enter an order requiring Defendants to immediately adjudicate Plaintiff's Petition to Remove Conditions on Permanent Residence and Application for Naturalization;

(b) Alternatively, review Plaintiff's naturalization application as authorized under the law and remand to Defendants with directions that Plaintiff is qualified for naturalization and to adjudicate his petition as such;

(c) Award Plaintiff reasonable attorney's fees under the Equal Access to Justice Act; and,

(d) Grant such other relief at law and in equity as justice may require.

Respectfully submitted,

This the 1st day of December, 2022.

**THE FOGLE LAW FIRM, LLC**

/s/H. Glenn Fogle, Jr.
by: H. Glenn Fogle, Jr.
Georgia Bar No. 266963
Attorney for the Plaintiff

55 Allen Plaza, Suite 830
55 Ivan Allen Jr. Boulevard
Atlanta, Ga 30308
Tel.: (404) 522-1852
Fax.: (470) 592-6989
Email: glenn@foglelaw.com