# Exhibit A

ID# E-REMXKVAM-T5C
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA
**22-A-4240**

DEC 15, 2022 03:01 PM

Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

# IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

Taylor, Randy

PLAINTIFF

VS.

Publix Super Market, Inc.

DEFENDANT

CIVIL ACTION
NUMBER _____ 22-A-4240 _____

$198.00 COST PAID

## SUMMONS

TO: PUBLIX SUPER MARKET, INC.

The Defendant(s) herein are hereby commanded and required personally or by attorney to file with the Clerk of The

**State Court of Cobb County, 12 East Park Square, Marietta, Georgia 30090-9630**

within seven (7) days from the date of service of the within Affidavit and Summons, or on the first business day thereafter if the seventh (7th) day falls on a Saturday, Sunday, or a legal holiday, then and there to answer said Affidavit in writing. If the Defendant(s) fail to answer on or before the seventh (7th) day from the date of service, the Defendant(s) may reopen the default as a matter of right by making answer within seven (7) days after the date of the default notwithstanding the provision of Code Section 9-11-55 of the Official Code of Georgia Annotated. If the seventh (7th) day is a Saturday, Sunday, or a legal holiday, the answer may be made on the next day which is not a Saturday, Sunday, or a legal holiday. The last possible date on which the Defendant(s) may answer is the _____ day of _____. If an answer is not so made, a Writ of Possession shall issue against you as by law provided, pursuant to Plaintiff's Affidavit.

Witness the Honorable _____, Judge of Said Court

This __15__ day of __December__ of 20 __22__

Clerk of State Court

Robin C. Bishop, Clerk of State Court
Cobb County, Georgia



ID# E-REMXKVAM-C3H
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA
**22-A-4240**
DEC 15, 2022 03:01 PM

Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

| | |
|---|---|
| RANDY TAYLOR, | |
| PLAINTIFF, | Civil Action File_____ |
| v. | No. _____ |
| PUBLIX SUPER MARKET, INC., | JURY TRIAL DEMANDED |
| DEFENDANT. | |

## COMPLAINT IN CIVIL ACTION

Plaintiff RANDY TAYLOR [*hereinafter* "Plaintiff"] brings this Complaint against the above-named Defendant, PUBLIX SUPER MARKET, INC., and represents to the Court as follows:

### I. PARTIES AND JURISDICTION

1.

Plaintiff is a resident of the State of Georgia.

2.

Defendant PUBLIX SUPER MARKET, INC. [*hereinafter* "Publix"] is a foreign profit corporation authorized to do business in the state of Georgia. Publix has an entity, Corporate Creations Network, Inc., as a registered agent for service of process, which maintains a registered agent address of 2985 Gordy Parkway, 1st floor, Marietta, GA 30066. Service of process may be made upon its registered agent.

3.

Jurisdiction and venue are proper in this Court.

### III. NEGLIGENCE

4.

Page 1 of 5



Plaintiff incorporates by reference paragraphs 1 through 3 above as if they were restated herein verbatim.

5.

On January 31, 2021, Plaintiff was an invitee at Publix located at 2000 Mirror Lake Blvd., Villa Rica, Georgia 30180 (*hereinafter* "Premises or Property").

6.

On or about January 31, 2021, Plaintiff went to the property to shop. He was in the enclosed breezeway grabbing a shopping cart when one of the employees of Defendant pushed a line of shopping carts into Plaintiff, causing Plaintiff to sustain serious bodily injuries.

7.

At all relevant times, Plaintiff exercised reasonable care for his safety.

8.

At all relevant times, Defendant occupied, managed, maintained, owned or leased the Premises and owed a duty of ordinary care to keep the premises in a safe condition.

9.

At all relevant times, Defendant breached the duty of ordinary care by and through their employees by pushing a line of shopping carts into Plaintiff.

10.

Under the substantive law of Georgia, "[w]here an owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe.' O.C.G.A. § 51-3-1.

11.

At all relevant times, Defendant breached its duty of care under o O.C.G.A. § 51-3-1, by and through its employees by pushing a line of shopping carts into Plaintiff, thereby creating an unsafe condition.

12.

At all relevant times, Defendant, by and through its employees, failed to act with care in gathering shopping carts from the parking lot of the property.

13.

At all relevant times, Defendant, by and through its employees, failed to act with care in placing the shopping carts in the enclosed breezeway of the property.

14.

At all relevant times, Defendant, by and through its employees, failed to take adequate measures to warn or protect invitees, guests, and patrons from the unforeseen hazard presented by the employees' gathering of shopping carts.

15.

As the result of Defendant's negligence, Plaintiff suffered serious physical injury.

16.

Defendant's negligence was the proximate cause of Plaintiff's injuries.

17.

Defendant is responsible for the acts and omissions of its employees pursuant to the doctrine of *Respondeat Superior*, agency or apparent agency, and O.C.G.A. § 51-2-2.

### DAMAGES

18.

Plaintiff incorporates by reference thereto each and every preceding paragraph of the

within Complaint and re-alleges those averments herein as if the same were more fully set forth verbatim.

19.

As a direct and proximate result of the negligent acts and omissions by Defendant, Plaintiff suffered substantial injuries and damages, including past and future medical expenses, past and future mental and physical pain and suffering.

20.

As a direct and proximate result of Defendant's negligence, Plaintiff incurred in excess of $191,645.63, in past medical expenses.

21.

Defendant is indebted to Plaintiff for compensatory damages, past, present and future treatment expenses; past, present and future pain and suffering; past, present and future loss of ability to enjoy life; lost wages and loss of earning capacity; attorney's fees; expenses of litigation; and all other damages allowed by Georgia law.

WHEREFORE, Plaintiff prays:

a. That process issue according to law;

b. That Defendant be served with a copy of Plaintiff's Complaint for Damages and Demand for Trial by Jury and show cause why the prayers for relief requested by Plaintiff herein should not be granted;

c. That Plaintiff be granted a **trial by jury** in this matter;

d. That judgment be entered in favor of Plaintiff against the Defendant for personal injuries sustained and for physical, mental pain and suffering, past, present and

future, in an amount to be determined by the enlightened conscience of an impartial jury;

e.  That judgment be entered in favor of Plaintiff against the Defendant for medical expenses and lost wages with the exact amount of damages to be proven at trial;

f.  That Plaintiff have such further relief as the Court may deem just and proper.

This 15th day of December 2022.

*/s/ Daphne Duplessis Saddler*
Daphne Duplessis Saddler
Georgia Bar No. 575602
Attorney for Plaintiff

John Foy & Associates, P.C.
3343 Peachtree Road, NE
Suite 350
Atlanta, GA 30326
Tel: (404) 400-4000
Fax: (404) 445-3146