# Exhibit B

ID# E-REMXKVAM-53D
⚡ EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY. GEORGIA

**22-A-4240**

DEC 15, 2022 03:01 PM

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

RANDY TAYLOR,

      PLAINTIFF,

v.

PUBLIX SUPER MARKET, INC.,

      DEFENDANT.

Civil Action File_____
No. _____

---

## PLAINTIFF'S FIRST CONTINUING INTERROGATORIES TO DEFENDANT

COMES NOW, the Plaintiff, RANDY TAYLOR, (hereinafter referred to as "Plaintiff"), pursuant to the Georgia Civil Practice Act and serves these Interrogatories upon each Defendant separately, and requests that the Interrogatories be answered fully, in writing and under oath, within forty days (45) of the service hereof as prescribed in said Rule.

These Interrogatories shall be deemed continuing so as to require supplemental answers if the Defendant obtains further or different information between the time responses are served and the time of trial, as required by law.

### DEFINITIONS

As used herein, the terms listed below are defined as follows:

1.      "Document" shall mean every writing or record of every type and description that is or has been in the Defendant's possession, custody, or control or of which the Defendant has knowledge, including but not limited to correspondence, memoranda, tapes, stenographic or



handwritten notes, studies, publications, books, pamphlets, voice recordings, minutes or statistical compilations, or any other recorded or graphic material in whatever form, including drafts and reproductions.

2.    "Person" shall mean any natural person, corporation, partnership, proprietorship, association, governmental entity, agency, group, organization, or group of persons.

3.    To "identify" a "document" shall mean to provide the following information irrespective of whether the document is deemed privileged or subject to any claim of privilege: The title or other means of identification of each such document;

The date of each such document;

The author of each such document;

The recipient or recipients of each such document, including but not limited to the Defendant or anyone who purports to represent Defendant;
The present location of any and all copies of each such document in the care, custody, or control of the Defendant.

(a)    The names and current addresses of any and all persons who have custody or control of each such document or copies thereof; and

(b)    If all copies of the document have been destroyed, the names and current addresses of the person or persons authorizing the destruction of the document and the date the document were destroyed.

4.    To "identify" a natural person means to state that person's full name, title or affiliation, and last known address and telephone number. To "identify" a person that is a business, organization, or group of persons means to state the full name of such business,

organization, or group of persons, the form of t e business, organization, or group of persons and to "identify" the natural person who would h ve knowledge of the information sought by the interrogatory.

5.    "Relate to" or "related to" shall mean relating to, reflecting, concerning, or evidencing in any way.

6.    "Complaint" refers to the Comp aint filed by Plaintiff in this action.

7.    If any interrogatory cannot be answered in full, answer to the extent possible and specify reasons for the inability to answer.

8.    "Premises" or "Property" is Publix located at 2000 Mirror Lake Blvd., Villa Rica, Georgia 30180.


## INTERROGATORIES

1.

Identify the names of the employees pu shing gathering outside and pushing cars in the enclosed breezeway when the incident alleged in Plaintiff's Complaint occurred.

2.

Please identify all witnesses known to Defendant, who saw, or claim they saw, all or any part of the incident complained of in this action.

3

Please identify all witnesses known to Defendant who arrived at the scene of the incident complained of in this action immediately or shortly after its occurrence.

4

Please identify all persons who have given written or recorded statements covering the facts and/or circumstances of the incident which is the subject matter of this litigation, identifying the same with sufficient particularity to satisfy a Request for Production Documents.

5.

Please identify any photographs, diagrams, video footage, or other pictorial representations concerning the events and happenings alleged in Plaintiff's Complaint.

6.

Please identify each person (whether your employee or not) who, by virtue of his experience, education or training, is an expert or is believed by you to be qualified as an expert, and/or who has been retained by you or on your behalf to make an investigation or study of the incident under investigation.

7.

With particularity sufficient to satisfy O.C.G.A. § 9-11-26 (b)(4), please identify all persons (whether your employees or not) whom you expect to call or may call as an expert witness upon the trial of this matter.

8.

With particularity sufficient to satisfy O.C.G.A. § 9-11-26 (b)(2), please identify any policy or policies of liability insurance which would or might insure to the benefit of Plaintiff here by providing for payment of a part of, or all of any judgment rendered in favor of Plaintiff against Defendant or against any other person, firm or corporation who is or may be liable to Plaintiff by reason of the incident described in the Complaint.

9.

To your information or belief, has there been any surveillance or taking of photographs of any party? If so, identify all persons who now have or have had custody and/or control of any records, tapes, films or other recordings of such surveillance.

10.

If the response to Interrogatory No. 9 is affirmative, identify each record, tape, film or other recording of such surveillance or any written document pertaining to such surveillance with sufficient particularity to satisfy a Request for Production of Documents.

11.

If you contend that Plaintiff has brought action against the wrong entity due to a misnomer, please state the complete name and address of the correct defendant in this action.

12.

If you contend another party was wholly or partially responsible for damages sustained by the Plaintiff, please identify the name, address and telephone number of said party.

13.

Identify any person employed by Defendant who:

(a) Was working at the area where the incident alleged in Plaintiff's complaint occurred;

(b) Working outside in the parking lot or around the sidewalk at the time of Plaintiff's alleged complaint/incident.

14.

Identify any and all persons known to Defendant who have complained of injuries during the past five (5) years due to shopping cart incidences or other incidences where an employee of Defendant caused direct injury to a patron on the Premises.

15.

In reference to the individuals identified in the previous Interrogatory, please state the following:

(a)     The exact location where the individual sustained injury;

(b)     The cause which said individual alleges was responsible for the injury;

(c )    The name, addresses, home telephone numbers, present place of employment, work telephone numbers, job titles, or capacities and present whereabouts of any and all persons having knowledge regarding said incident.

16.

Please state whether any procedure or program existed for assembling shopping carts on the Premises. If so:

(a)     Provide a general description of each such procedure or program, including the identity of each person charged with the responsibility for implementing and conducting each such procedure or program;

(b)     State the regularity with which each such procedure or program was to be implemented or conducted, if applicable; and

(c )    Identify all documents relating to such procedure or program and their findings.

17.

Identify every document, report or memoranda relating to the subject incident or any of the injuries allegedly arising therefrom.

18.

Identify each person, corporation, firm, association or other entity (including insurance adjusters) that has conducted an investigation to determine any of the facts pertaining to any of the issues in this case; describe the nature of each such investigation; and state which investigators, if any, are in your regular employ.

19.

Do you contend that the injuries complained of in this case were caused by the negligence of any party other than yourself or your agents and servants? If your answer is yes, please identify the party whom you contend was guilty of such negligence and describe their negligence.

20.

Please state, with respect to the Premises where Plaintiff was injured, the following:

(a)    Whether any additions or changes in design or dimension were made to the Premises on which the Plaintiff sustained injury from the date of the original construction to the date of these Interrogatories, and, if so, the dates and nature of any such changes;

(b)    The identity of the person or entity who made any such subsequent changes; and

(c)    The identity of the person or entity who designed any such subsequent changes.

21.

Please state whether Defendant, or anyone acting on its behalf, had any knowledge or information, of any nature whatsoever, that any condition existed at the subject premises which could cause or contribute to the occurrence alleged in Plaintiff's Complaint. If

so: state the date Defendant acquired such knowledge and/or information, what knowledge and/or information it had, and whether any remedial and/or corrective action was taken based upon such knowledge.

22.

Identify each and every other document, tangible object or other item of real, documentary or demonstrative evidence which contains, or may contain, material or information which is, which may be, or which Defendant contends is, relevant to any of the issues involved in this case, and identify the person presently having possession, custody or control of each item listed.

23.

Identify every person who supplied Defendant with information, of whatever nature or description, used by your representative in answering these Interrogatories.

24.

Please state whether, in compiling Defendant's answers to these Interrogatories, Defendant has made a reasonable and diligent effort to identify and provide not only such facts as are within its personal knowledge, but such facts as are also reasonably available to Defendant and/or any person acting on its behalf.

25.

Please identify each document which Defendant has withheld from production in

response to Plaintiff's First Request for Production of Documents, under any claim of privilege or qualified immunity, including in this response the basis on which each document was withheld.

27.

Provide the name of all employees scheduled to work on the Premises on the date of the incident alleged in Plaintiff's Complaint. For those employees who are no longer employed with Defendant, provide the last known phone number and address of said former employee.

This 15th day of December, 2022.

Respectfully submitted,

FOY & ASSOCIATES, P.C.

/s/ Daphne Duplessis Saddler
Daphne Duplessis Saddler
Georgia Bar No. 575602
Attorney for Plaintiff

3343 Peachtree Road, N.E., Suite 350
Atlanta, Georgia 30326
Phone: (404) 400-4000
Fax: (404) 873-4490
Email: dsaddler@johnfoy.com

ID# E-REMXKVAM-4XM
⚡ EFILED IN OFFICE
CLERK OF STATE COURT
CCBB COUNTY. GEORGIA

**22-A-4240**

DEC 15, 2022 03:01 PM

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

**RANDY TAYLOR,**

    **PLAINTIFF,**

v.

**PUBLIX SUPER MARKET, INC.,**

    **DEFENDANT.**

Civil Action File _____

No. _____

---

### PLAINTIFF'S FIRST REQUEST FOR
### PRODUCTION OF DOCUMENTS TO DEFENDANT

Pursuant to O.C.G.A. § 9-11-34, the Plaintiff RANDY TAYLOR, (hereinafter referred to as "Plaintiff") hereby requests the Defendant that this discovery request is served upon produce and/or permit the Plaintiff to copy the requested documents. Pursuant to O.C.G.A. § 24-10-26, you are further requested to produce said documents at the trial of this case, whenever trial may be held. When used in the Request for Production of Documents, the identity "Defendant or any synonym thereof is intended to and shall embrace and include, in addition to said entity, Counsel for Defendant and all agents, servants, employees, representatives, private investigators, and others who are in possession of or may have obtained information for or on behalf of the Defendant.

This Request for the Production of Documents shall be deemed continuing, and supplemental answers shall be required if the Defendant either directly or indirectly obtains further information of the nature sought herein between the time that this Request is responded to and the time of the trial. These documents shall be produced at 10:00 a.m. on the forty-fifth (45) day after service, unless other arrangements are made between the parties.



## DOCUMENTS REQUESTED

1.

Each and every document, tangible object, or other item of real, demonstrative or documentary evidence which contains, or may contain, material or information which is, or may be, relevant to any of the issues involved in this action.

2.

Any and all photographs, drawings, maps or sketches of the scene of the incident which has been made the basis of this action.

3.

Any surveillance photographs, movies or videotapes made of Plaintiff.

4.

Any and all surveillance videos and photographs of the area where the incident occurred on the date of the incident as alleged in Plaintiff's Complaint.

5.

Each and every insurance agreement under which any person carrying on an insurance business may be liable to you to satisfy part or all of any judgment which may be entered in this action or to indemnify or reimburse you for any payments made to satisfy such judgment.

6.

All documents relating to any controversy as to whether or not coverage is afforded to you under any insurance agreements.

7.

Each and every document comprising a report made by any person, firm, association or other entity (including insurance adjusters) that has conducted any investigation to determine any

of the facts pertaining to any of the issues in th s action.

8.

Each and every document comprising a report made by any person Defendant expects to call as an expert witness on the trial of this cas .

9.

Each and every document relating to any facts or information about the subject matter of this action furnished by Defendant to any exp ert you expect to call as an expert witness on the trial of this case.

10.

All statements previously made by the Plaintiff concerning the subject matter of this action.

11.

All documents relating to any commu ication between Defendant, and anyone acting on its behalf, with any of Plaintiff's doctors, hospitals or other health care providers concerning Plaintiff's condition after the happening of the accident.

12.

All documents containing any inform ation concerning Plaintiff's condition at any time prior to the happening of the accident.

13.

All documents containing any inform ation which has been received by you from any doctors, hospitals or other health care prc viders concerning Plaintiff's condition after the happening of the accident.

14.

Any documents or tangible properties in the Defendant's possession, custody or control which support any facts relevant to this litigation.

15.

All policies and manuals related to gathering shopping carts, assembling shopping carts, safety precautions when gathering and collecting shopping carts, effective on the date of the incident alleged in Plaintiff's Complaint.

16.

Employee time logs for the date of the incident alleged in Plaintiff's Complaint.

17.

Employee time logs for all employees who were working from the two (2) before the time the incident was reported to a member of management on the property through two (2) hours after the time the incident was reported to a member of management on the property on the date of the incident alleged in Plaintiff's Complaint.

18.

Copy of insurance claims made by individuals for injuries resulting from broken steps, chipped steps, uneven steps, unstable or unsteady steps on the Premises, whether by the individual's own negligence or the negligence of employees, for the two (2) years preceding the subject incident, including the day of the subject incident alleged in Plaintiff's Complaint.

19.

Copies of all documents, tangibles, and intangibles received by Defendant pursuant to non-party requests issued by Defendant.

20.

Employee files for the employee(s) who were pushing the shopping carts causing the

shopping carts to hit Plaintiff on the date of incident alleged in the Complaint.

21.

All policies and procedures pertaining to safety, effective on the date of incident.

This 15th day of December, 2022.

**FOY & ASSOCIATES, P.C.**

/s/ Daphne Duplessis Saddler
Daphne Duplessis Saddler
Georgia Bar No. 575602
Attorney for Plaintiff

3343 Peachtree Road, N.E., Suite 350
Atlanta, Georgia 30326
Direct phone: (404) 841-2998
Direct fax: (404) 733-3961
Email: dsaddler@johnfoy.com

DEC 2 0 2022

ID# E-REMXKVAM-UMY
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**22-A-4240**

DEC 15, 2022 03:01 PM

Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

RANDY TAYLOR,

    **PLAINTIFF,**

v.

PUBLIX SUPER MARKET, INC.,

    **DEFENDANT.**

Civil Action File_____

No. _____

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT

Pursuant to O.C.G.A. § 9-11-26 and § 9-11-36, Plaintiff hereby requests that Defendant admit under oath the truth of the facts and the genuineness of the documents within forty-five (45) days from the date of service as provided by law, with a copy of the responses be furnished to Foy & Associates, P.C. located at 3343 Peachtree Road, N.E., Suite 350, Atlanta, Georgia 30326.

This "Defendant" is the Defendant this request is served upon.

"Premises" or "Property" is Publix located at 2000 Mirror Lake Blvd., Villa Rica, Georgia 30180.

"Date of the Incident" is January 31, 2021.

1.

This Defendant has been correctly named in the present civil action insofar as the legal designation of her name is concerned.

2.

This Defendant has been properly served as a party Defendant in this case.

3.



Process is sufficient with regard to this Defendant in this case.

4.

Service of process is sufficient with regard to this Defendant in this case.

5.

Cobb County State Court has jurisdiction over the subject matter of this case.

6.

Cobb County State Court has personal jurisdiction over you as a party Defendant in this case.

7.

Venue is proper in Cobb County State Court.

8.

This Defendant owned the Premises at the time of the incident alleged in Plaintiff's Complaint.

9.

This Defendant managed the Premises at the time of the incident alleged in Plaintiff's Complaint.

10.

On the date of incident, Plaintiff was hit by a line of shopping carts.

11.

On the date of incident, Plaintiff exercised reasonable care for his own safety.

12.

Plaintiff was hit by the line of shopping carts due to the negligence of Defendant's employee(s).

13.

Plaintiff was injured as an actual and proximate cause of the negligent act or omission of this Defendant and/or its employee(s).

14.

On the date of the incident, this Defendant had policies in place for collecting shopping carts.

15.

On the date of the incident, Defendant's employee(s) failed to follow the policies for collecting shopping carts.

16.

On the date of the incident alleged in Plaintiff's Complaint, Plaintiff was harmed on the Premises.

17.

Plaintiff did not cause or contribute to his injuries.

18.

Defendant had video of the incident alleged in Plaintiff's Complaint, either in its constructive or actual control.

19.

Defendant had surveillance cameras in the area where the incident occurred on the date of the incident.

20.

Plaintiff incurred medical expenses as a result of the incident alleged in Plaintiff's Complaint.

21.

Defendant is responsible for the full extent of Plaintiff's injuries and damages resulting from incident alleged in Plaintiff's complaint.

*This Request for Admissions is served with the Summons and Complaint*

This 15th day of December 2022.

/s/ *Daphne Duplessis Saddler*
Daphne Duplessis Saddler
Georgia Bar No. 575602
Attorney for Plaintiff

John Foy & Associates, P.C.
3343 Peachtree Road, NE
Suite 350
Atlanta, GA 30326
Tel: (404) 400-4000
Fax: (404) 873-4490