**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

**CASE NO.:**

DAVID GORDON OPPENHEIMER,

        Plaintiff,

v.

RUSSELL HELLO ASSOCIATES,
LLC dba LAKE GLENVILLE NC
VACATION and MIKE RUSSELL,

        Defendants.

## COMPLAINT FOR COPYRIGHT INFRINGEMENT
### (INJUNCTIVE RELIEF DEMANDED)

Plaintiff DAVID GORDON OPPENHEIMER by and through his

undersigned counsel, brings this Complaint against Defendants RUSSELL HELLO

ASSOCIATES, LLC dba LAKE GLENVILLE NC VACATION and MIKE

RUSSELL (collectively, the "Defendants") for damages and injunctive relief, and

in support thereof states as follows:

### SUMMARY OF THE ACTION

1.    Plaintiff DAVID GORDON OPPENHEIMER ("Oppenheimer")

brings this action for violations of exclusive rights under the Copyright Act, 17

U.S.C. § 106, to copy and distribute Oppenheimer's original copyright protected Work of authorship.

2.     Oppenheimer is an independent travel, aerial, and concert photographer, who operates Performance Impressions LLC as the primary outlet to sell prints of his work in addition to commercial licensing. Oppenheimer has a large archive of aerial and concert photography with over 500 galleries of photos from concerts, music festivals, travel, landmarks, and aerial photographs of major cities, rural, and mountain landscapes across the United States. His work has been featured on National Geographic, Rolling Stone, NBC, Goldman Sachs, HBO Sports and on display at the Museum of the City of New York.

3.     Defendant RUSSELL HELLO ASSOCIATES, LLC dba LAKE GLENVILLE NC VACATION ("RHA") is a Georgia-based vacation rental company, which offers, on a temporary basis, a fully-furnished holiday multi-family house referred to as the "Red Bear Cabin," with three bedrooms, three bathrooms, boat and swim dock. It is located on the east side of Lake Glenville, NC.  At all times relevant herein, Russell owned and operated the internet website located at the URL https://www.lakeglenvillencvacation.com/ (the "Website").

**SRIPLAW**
California ♦ Georgia ♦ Florida ♦ Tennessee ♦ New York

4.      Defendant Mike Russell ("Russell") is a real estate broker and real estate appraiser licensed in the state of Georgia. Additionally, Russell runs a vacation rental business in the state of North Carolina.

5.      Defendants RHA and Russell are collectively referred to herein as "Defendants."

6.      Oppenheimer alleges that Defendants copied Oppenheimer's copyright protected Work from the internet in order to advertise, market and promote their business activities.  Defendants committed the violations alleged in connection with Defendants' businesses for purposes of advertising and promoting sales to the public.

## JURISDICTION AND VENUE

7.      This is an action arising under the Copyright Act, 17 U.S.C. § 501.

8.      This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

9.      Defendants are subject to personal jurisdiction in Georgia.

10.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Defendants engaged in infringement in this district, Defendants reside in this district, and Defendants are subject to personal jurisdiction in this district.

**SRIPLAW**
CALIFORNIA ♦ GEORGIA ♦ FLORIDA ♦ TENNESSEE ♦ NEW YORK

## DEFENDANTS

11.     Russell Hello Associates, LLC d/b/a Lake Glenville NC Vacation is a Georgia Limited Liability Company, with its principal place of business at 1874 Piedmont Avenue, 300-C, Atlanta, GA 30324, and can be served by serving its Registered Agent, Mike Russell, at the same address.

12.      Mike Russell is a Georgia licensed real estate sales broker, License Number 259218, who resides in Fulton county, state of  Georgia and can be served at 1874 Piedmont Ave NE, Ste 300-C, Atlanta, GA 30324-4874.

## THE COPYRIGHT PROTECTED WORK AT ISSUE

13.     In 2013, Oppenheimer created the photograph entitled Aerials_Oct_1_13_OPP7165, which is shown below and referred to herein as the "Work".



**SRIPLAW**
CALIFORNIA ♦ GEORGIA ♦ FLORIDA ♦ TENNESSEE ♦ NEW YORK

14.    Prior to the time Oppenheimer published the Work, Oppenheimer applied copyright management information to the Work consisting of "© 2013 David Oppenheimer"  in the bottom right corner of the photo (the "Watermark"); (2) copyright management information embedded in the metadata of the Work (the "Metadata"); and/or (3) notices of copyright published adjacent to the Work where Oppenheimer published it on his website (the "Attribution").

15.    Oppenheimer registered the Work with the Register of Copyrights on October 22, 2013 and was assigned the registration number VAu 1-151-075.  The Certificate of Registration is attached hereto as Exhibit 1.

16.    Oppenheimer's Work is protected by copyright but is not otherwise confidential, proprietary, or trade secrets. The Work in perspective, orientation, positioning, shutter speed, depth of field, lighting and other details is entirely original, distinctive, and unique. As such, the Work qualifies as subject matter protectable under the Copyright Act.

17.    At all relevant times Oppenheimer was the owner of the copyright protected Work.

## INFRINGEMENT BY DEFENDANTS

18.    Defendants have never been licensed to use the Work at issue in this action for any purpose.

19.     Sometime around March 2019 the Defendants accessed the Work, reproduced a cropped and edited copy of the Work on their server, and displayed that altered copy of the Work publicly on their Website.

20.     Defendants continued the unauthorized commercial display, distribution, and reproduction of the Work until at least May 5, 2020.

21.     Defendants copied Oppenheimer's copyright protected Work without Oppenheimer's permission.

22.     After Defendants copied the Work, they made further copies and distributed the Work on the internet to promote the sale of goods and services as part of their vacation rental business.

23.     Defendants copied and distributed Oppenheimer's copyright protected Work in connection with Defendants' business for purposes of advertising and promoting Defendants' business, and in the course and scope of advertising and selling products and services.

24.      Defendants committed copyright infringement of the Work as evidenced by the documents attached hereto as Exhibit 2.

**SRIPLAW**
CALIFORNIA ♦ GEORGIA ♦ FLORIDA ♦ TENNESSEE ♦ NEW YORK

25.     Oppenheimer never gave Defendants permission or authority to copy, distribute or display the Work at issue in this case.

26.     Oppenheimer notified Defendants of the allegations set forth herein on June 22, 2020, and subsequent efforts to communicate via email and telephone calls.  To date, Defendants have failed to respond to Plaintiff's notices.

27.     When Defendants copied and displayed the Work at issue in this case, Defendants removed Oppenheimer's copyright management information from the Work.

28.     Oppenheimer never gave Defendants permission or authority to remove copyright management information from the Work at issue in this case.

**COUNT I**
**COPYRIGHT INFRINGEMENT**

29.     Oppenheimer incorporates the allegations of paragraphs 1 through 28 of this Complaint as if fully set forth herein.

30.     Oppenheimer owns a valid copyright in the Work at issue in this case.

31.     Oppenheimer registered the Work at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

32.     Defendants copied, displayed, and distributed the Work at issue in this case and made derivatives of the Work without Oppenheimer's authorization in violation of 17 U.S.C. § 501.

**SRIPLAW**
CALIFORNIA ♦ GEORGIA ♦ FLORIDA ♦ TENNESSEE ♦ NEW YORK

33.     Defendants performed the acts alleged in the course and scope of their business activities.

34.     Defendants' acts were willful.

35.     Oppenheimer has been damaged.

36.     The harm caused to Oppenheimer has been irreparable.

**COUNT II**
**REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION**

37.     Oppenheimer incorporates the allegations of paragraphs 1 through 28 of this Complaint as if fully set forth herein.

38.     The Work at issue in this case contains copyright management information.

39.     Defendants knowingly and with the intent to enable, conceal, or facilitate copyright infringement, cropped the Work so as to remove the Watermark from Oppenheimer's copyright management information in violation of 17 U.S.C. § 1202(b), as shown below, in addition to removing the copyright management information present in the Metadata and the Attribution:



40.   Defendants distributed the Work knowing that the CMI had been removed or altered without authority of the copyright owner or the law onto at least the following web pages:

- http://www.lakeglenvillencvacation.com/
- http://www.lakeglenvillencvacation.com/images/slider/slide8.jpg
- http://www.lakeglenvillencvacation.com/property/1
- http://www.lakeglenvillencvacation.com/property/2
- http://www.lakeglenvillencvacation.com/about-us.php
- http://www.lakeglenvillencvacation.com/reviews.php
- http://www.lakeglenvillencvacation.com/attractions.php
- http://www.lakeglenvillencvacation.com/contact-us.php

**SRIPLAW**
CALIFORNIA ♦ GEORGIA ♦ FLORIDA ♦ TENNESSEE ♦ NEW YORK

41.     Defendants committed these acts knowing or having reasonable grounds to know that they will induce, enable, facilitate or conceal infringement of Oppenheimer's rights in the Work.

42.     Defendants caused, directed and authorized others commit these acts knowing or having reasonable grounds to know that they will induce, enable, facilitate or conceal infringement of Oppenheimer's rights in the Work.

43.     Oppenheimer has been damaged.

44.     The harm caused to Oppenheimer has been irreparable.

**COUNT IV**
**ADDITION OF FALSE COPYRIGHT MANAGEMENT INFORMATION**

45.     Oppenheimer incorporates the allegations of paragraphs 1 through 28 of this Complaint as if fully set forth herein.

46.     The Work at issue in this case contains false copyright management information in the form of Defendants' business name added to the Work as displayed on the Website.

47.     Defendants knowingly and with the intent to enable or facilitate copyright infringement, added its CMI, to the Work at issue in this action in violation of 17 U.S.C. § 1202(a) in the form of its logo embedded upon the Work, a shown below:

**SRIPLAW**
CALIFORNIA ♦ GEORGIA ♦ FLORIDA ♦ TENNESSEE ♦ NEW YORK



48.     Defendants distributed copies of the Work to third parties which included false copyright management information conveyed in connection with the Work.

49.     Defendants caused, directed and authorized others to commit these acts knowing or having reasonable grounds to know that it will induce, enable, facilitate or conceal infringement of Oppenheimer's rights in the Work at issue in this action protected under the Copyright Act.

50.     After applying the false CMI to the Work, Defendants published the Work in violation of 17 U.S.C. § 1202(a).

51.     Oppenheimer has been damaged.

52.     The harm caused to Oppenheimer has been irreparable.

WHEREFORE, the Plaintiff David Gordon Oppenheimer prays for judgment against the Defendants Russell Hello Associates, LLC and Mike Russell that:

**SRIPLAW**
CALIFORNIA ♦ GEORGIA ♦ FLORIDA ♦ TENNESSEE ♦ NEW YORK

a.      Defendants and their officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. §§ 501, and 1203;

b.      Defendants be required to pay Plaintiff his actual damages and Defendants' profits attributable to the infringement, or, at Plaintiff's election, statutory damages, as provided in 17 U.S.C. §§ 504, and 1203;

c.      Plaintiff be awarded his attorneys' fees and costs of suit under the applicable statutes sued upon;

d.      Plaintiff be awarded pre and post-judgment interest; and

e.      Plaintiff be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

DATED: January 19, 2023                 Respectfully submitted,


                                        /s/Evan A. Andersen
                                        EVAN A. ANDERSEN
                                        Georgia Bar Number 377422
                                        evan.andersen@sriplaw.com
                                        JOEL B. ROTHMAN
                                        Georgia Bar Number 979716

**SRIPLAW**
CALIFORNIA ♦ GEORGIA ♦ FLORIDA ♦ TENNESSEE ♦ NEW YORK

joel.rothman@sriplaw.com

**SRIPLAW, P.A.**
3372 Peachtree Road
Suite 115
Atlanta, GA 30326
561.404.4350 – Telephone
561.404.4353 – Facsimile

*Attorneys for Plaintiff David Gordon Oppenheimer*


## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1.C

Counsel for Counsel for Plaintiff Minden Pictures, Inc. hereby certifies that this pleading was prepared in Times New Roman font, 14 point, in compliance with Local Rule 5.1.C.

DATED: January 19, 2023          Respectfully submitted,


*/s/Evan A. Andersen*_____
EVAN A. ANDERSEN
**SRIPLAW, P.A.**

*Counsel for Plaintiff David Gordon Oppenheimer*