IN UNITED STATES DISTRICT COURT
FOR NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LA'TASHA N. LOVELACE-KING,<br><br>    Plaintiff,<br><br>v.<br><br>ROCKDALE COUNTY GEORGIA<br>and<br>STEVEN PURVIS, PUBLIC DEFENDER<br>OF ROCKDALE COUNTY PUBLIC<br>DEFENDER'S OFFICE<br><br>    Defendants. | Civil Action No.:<br><br>**Jury Trial Demanded** |

## COMPLAINT

COMES NOW Plaintiff, La'Tasha N. Lovelace-Kings, by and through her undersigned counsel and files this lawsuit against Defendants Rockdale County, Georgia and Steven Purvis, Public Defender of Rockdale County pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq., as amended, for overtime violations.

### I. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over the federal claims asserted in this action under 28 U.S.C. §§1331, 1332, 1337, 1338, 1343(a) (4) 1367.

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b), as both Defendants conduct business in this District and as a substantial part of the events or omissions giving rise to the claims that occurred in this District.

3. Plaintiff asserts state based claims under the supplemental jurisdiction of this court, pursuant to 28 U.S.C. §1367, to hear and decide claims arising under the laws of the State of Georgia. Jurisdiction is specifically conferred on the Court by 42 U.S.C. §2003-5(g).

## II.   STATEMENT OF CLAIMS

4. The instant lawsuit is for relief for Defendants' violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq., as amended.

## III.   PARTIES

5. Plaintiff La'Tasha N. Lovelace-Kings (hereinafter, "Plaintiff" or "Ms. king") is a resident of Newton County, Georgia (within this District).

6. Ms. King was employed by Defendants, Rockdale County, Georgia and Steven Purvis, Public Defender of Rockdale County (hereinafter, "Defendants").

7. Plaintiff is covered by §§ 203, and 207 of the FLSA for the period in which they were employed by Defendants.

8. Defendant Rockdale County is a municipality of the State of Georgia and is responsible for the funding and operation of Rockdale County. Defendant Rockdale County may be served with process through Commission Chairman Oz Nesbitt, Sr., at 901 Main Street Conyers, GA 30012, and is subject to the jurisdiction of this court.

9. Defendant Steven Purvis, Public Defender of Rockdale County is the chief executive officer of the Rockdale County Public Defender's Office. He may be served with process at 882 North Main Street NW Conyers, GA 30012, and he is subject to the jurisdiction of this court.

10. Defendants conduct business within this State and District, and at all times relevant to this lawsuit managed employees, such as Plaintiff.  As such, Defendants are subject to the jurisdiction of this Court.

11. Defendants are employers as defined by § 203(d) of the FLSA.  Defendants are subject to the provisions of the Fair Labor Standards Act of 1938, as amended, and the laws of the state of Georgia.

12. Ms. King was, at all times relevant to this action, an "employee" of the Defendants as defined at § 203(e)(1) of the FLSA, and is entitled to the protections provided thereunder.

13. Defendants were provided several opportunities to resolve the concerns described herein prior to the filing of this lawsuit.

## IV.  GENERAL ALLEGATIONS

14. Ms. King was employed for four years by Defendants as a "Assistant Investigator" at Defendants' Public Defender's Office, located at 882 North Main Street NW Conyers, GA, before she was terminated on May 12, 2022.

15. Ms. King was paid an hourly rate of $22.88 on a bi-weekly pay schedule.

16. Ms. King's work schedule was 8am to 5pm, 5 days a week.

17. In addition to her standard 40 hour work week, she typically worked 4 extra hours each week performing duties after the office closed at 5 pm, including preparing reports, scheduling appointments and taking client calls at home.

18. Given her heavy workload, she also performed work during the one hour lunch breaks she was allotted, as well as on some weekends and during her vacations.

19. Her off the clock hours working from home amounted to another approximately 7 uncompensated hours each week. In total, she worked an average of 11 extra hours of uncompensated time each week.

20. Taking into account the two weeks of vacation she typically took each year (which was often interrupted by work duties), she worked for approximately 49 weeks each year for the past 4 years. Over a four year period of working 11 extra hours a week, her unpaid hours amounted to 2,156.

21. At her overtime rate of $34.32, she is owed $73,993.92, plus liquidated damages and her attorneys fees. This includes the 4th year of unpaid overtime recoverable under the 4 year statute of limitation for *quantum meruit* claims.

22. FLSA requires employers pay overtime for hours worked in excess of forty (40) in a workweek of at least one and one-half times their appropriately calculated regular rates of pay. Accordingly, Ms. King is unequivocally entitled to full payment for overtime hours worked, and she does not qualify for any of the recognized exemptions from the protections of FLSA.

23. Ms. King did not supervise any employees and had no authority to hire, fire, promote or discipline employees.

24. Ms. King's work did not involve the performance of duties directly related to management or general business operations. To the extent that her work required any judgment at all, her judgment was limited to choices within set policies or guidelines.

25. Ms. King was paid an hourly non-exempt rate during the entire course of her employment, and regularly worked more than 40 hours a week.

26. Defendants deliberately avoided paying Ms. King her full compensation earned by refusing to pay Ms. King for all hours worked in excess of 40 hours each week. This practice is illegal under the Fair Labor Standards Act.

27. The Fair Labor Standards Act requires employers to pay overtime for hours worked in excess of forty (40) in a workweek of at least one and one-half times their appropriately calculated regular rates of pay.

## V.   CAUSES OF ACTION

### COUNT ONE
### FAILURE TO PAY OVERTIME

28. Plaintiff repeats, re-alleges and reiterates the foregoing allegations set forth in the preceding paragraphs, as set forth herein and states:

29. By its actions alleged herein, Defendants willfully, knowingly and/or recklessly violated the FLSA provisions and corresponding federal regulations as detailed herein, by failing to properly pay overtime wage compensation to Plaintiff in accordance with §§ 203, and 207 of the FLSA.

30. Plaintiff was not an exempt employee under FLSA.

31. Defendants deliberately avoided paying Ms. King her full compensation earned by failing to compensate Ms. King for all hours worked in excess of 40 hours per week.

32. Defendants were aware that it could not lawfully deny Plaintiff her appropriately calculated overtime wages.

33. Defendants have not made a good faith effort to comply with the FLSA with respect to Plaintiff's overtime compensation.

34. As a result of Defendants' violations of the FLSA, Plaintiff suffered damages by failing to receive overtime compensation in accordance with §§ 203, and 207 of the FLSA.

35. As a result of the unlawful acts of Defendants, Ms. King was deprived of overtime compensation in an amount to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, pre- and post-judgment interest, costs, attorneys' fees, and other relief.

## COUNT TWO
## BREACH OF CONTRACT

36. Plaintiff incorporates all allegations contained in the foregoing paragraphs, as set forth herein and states:

37. Defendants entered into valid and enforceable contracts to pay the Plaintiff for all hours worked.

38. Plaintiff was to be paid the specified rate identified on their pay records for each hour worked.

39. Plaintiff performed work on behalf of Defendants as agreed, but Defendants failed to pay the wages they were required to pay as a result of the policies identified above.

40. Defendants had both actual and constructive knowledge that Plaintiff performed work without full payment of her overtime.

41. The Plaintiff performed the work at Defendants' direction and for Defendants' benefit.

42. Consequently, Defendants are liable to the Plaintiff.

## COUNT THREE
## QUANTUM MERUIT

43. Plaintiff reasserts and incorporates herein each and every allegation in the preceding paragraphs of this Complaint as if set forth fully in this count of the Complaint.

44. Valuable services were rendered to Defendants by Plaintiff and similarly situated employees.

45. The services were accepted, used and enjoyed by Defendants.

46. A reasonable person would have expected to compensate Plaintiffs for such use and enjoyment.

47. Plaintiffs had a reasonable expectation of receiving compensation for the services which were rendered.

## COUNT FOUR
## UNJUST ENRICHMENT

48. Plaintiff reasserts and incorporates herein each and every allegation in the preceding paragraphs of this Complaint as if set forth fully in this count of the Complaint.

49. Defendants have been unjustly enriched at the expense of Plaintiff by failing to pay for work performed by Plaintiff.

50. Defendants knowingly and/or intentionally accepted the benefit of the work performed by Plaintiff, despite its policy and practice of failing to pay Plaintiff for such work.  In particular, Defendants received the benefit of the labor and services provided by Plaintiff.

51. Such conduct demonstrates bad faith and undue advantage on the part of Defendants.

52. It would be unjust and inequitable for Defendants to retain the benefit of the unpaid work performed by Plaintiff.

**PRAYER FOR RELIEF**

53. Wherefore, Plaintiff prays that process is issued according to law and demands judgment against Defendants as follows:

    a.  All damages that may be awarded under FLSA, and Georgia law, including general compensatory damages;

    b.  Special damages;

    c.  Injunctive relief preventing and prohibiting Defendants from engaging in its present practices in violation of the laws cited herein;

    d.  Recovery from Defendants the expenses of this litigation, including but not limited to reasonable attorney's fees and costs pursuant to 42 U.S.C §1988(b).

    e.  Unpaid overtime compensation for work performed, an equal amount of liquidated damages including, reasonable attorneys' fees, litigation costs, and other appropriate relief pursuant to 29 U.S.C. § 216(b).

    f.  Such other and further and different relief as this court deems just and appropriate.

Respectfully submitted this 20th day of January, 2023

/S/ Arnold J. Lizana
Law Offices of Arnold J. Lizana III
GA Bar No.: 698758
1175 Peachtree Street NE, 10th Floor
Atlanta, GA 30361
Tel./Fax 877-443-0999
alizana@attorneylizana.com

**ATTORNEY FOR PLAINTIFF**