## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| STEFANIE MARTINEZ-ZERON AND MARIA E. HERNANDEZ, | )( )( )( | |
| Plaintiffs, | )( )( | |
| v. | )( )( | CIVIL ACTION FILE NO. _____ |
| STATE FARM FIRE & CASUALTY COMPANY, | )( )( )( | On Removal From Superior Court Gwinnett County |
| Defendant. | )( | Civil Action File No. 22-A-10805-8 |

## DEFENDANT STATE FARM FIRE AND CASUALTY COMPANY'S AFFIRMATIVE DEFENSES AND ANSWER TO PLAINTIFF'S COMPLAINT

COMES NOW, Defendant State Farm Fire and Casualty Company (hereinafter "State Farm" or "Defendant") and files this its Answer to Plaintiffs' Complaint, as follows:

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief can be granted against Defendant State Farm and should be dismissed pursuant to O.C.G.A. § 9-11-12(b)(6).

## SECOND AFFIRMATIVE DEFENSE

To the extent that Plaintiffs assert a claim for breach of the Policy relating to the their claim, reflecting Claim No. 11-28Z3-87S (the "Claim"), arising from the January 3, 2022 wind loss (the "Loss"), which is the subject of Plaintiffs' Complaint, Plaintiffs' action should be dismissed because State Farm did not breach the Policy and, at all times relevant to this action, acted in accordance with the terms and conditions of the Policy and all applicable Georgia law.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs are barred from recovering additional benefits related to this claim because Plaintiffs failed to mitigate their damages and failed to take steps to mitigate the costs incurred in repairing any damages related to the claim.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for additional benefits are barred and Plaintiffs cannot recover to the extent that damage which is the subject of the lawsuit was not the result of an accidental, direct physical loss. The Policy provides the following:

SECTION I - LOSSES INSURED

*We* will pay for accidental direct physical loss to the property described in Coverage A, unless the loss is excluded or limited in **SECTION I – LOSSES NOT INSURED** or otherwise excluded or limited in this policy. However, loss does not include and *we* will not pay for, any *diminution in value.*

...

Thus, no additional coverage is afforded under the Policy for the Loss.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs may not recover for additional benefits for damages relating to the dwelling under the subject insurance policy and applicable Georgia law to the extent that the damages claimed are not an insured loss under the terms and conditions of the subject policy, including, but not limited to **SECTION I- LOSSES INSURED COVERAGE A- DWELLING**, which provides:

**SECTION I – LOSSES NOT INSURED**

1. *We* will not pay for any loss to the property described in Coverage A that consists of, or is directly and immediately caused by, one or more of the perils listed in items a. through m. below, regardless of whether the loss occurs abruptly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:

    ...

    g. wear, tear, decay, marring, scratching, deterioration, inherent vice, latent defect, or mechanical breakdown;

    ...

    k. settling, cracking, shrinking, bulging, or expansion of pavements, patios, foundations (including slabs, basement walls, crawl space walls, and footings), walls, floors, roofs, or ceilings…

However, *we* will pay for any resulting loss from items a. through l. unless the resulting loss is itself a Loss Not Insured as described in this Section.

2. *We* will not pay for, under any part of this policy, any loss that would not have occurred in the absence of one or more of the following excluded events. *We* will not pay for such loss regardless of: (a) the cause of the excluded event; or (b) other causes of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss; or (d) whether the event occurs abruptly or gradually, involves isolated or widespread damage, occurs on or off the *residence premises*, arises from any natural or external forces, or occurs as a result of any combination of these:

   …

   b.  **Earth Movement**, meaning the sinking, rising, shifting, expanding, or contracting of earth, all regardless of whether combined with water, sewage, or any material carried by, or otherwise moved by the earth. Earth movement includes but is not limited to:

   ,,,

   (3) sinkhole or subsidence;

   (4) movement resulting from:

   (a) improper compaction;

   (b) site selection;

   (c) natural resource extraction activities; or

   (d) excavation;

   (5) erosion;

(6) pressure by surface or subsurface earth or fill; or

…

d. **Neglect**, meaning neglect of the ***insured*** to use all reasonable means to save and preserve property at and after the time of a loss, or when property is endangered;

…

3. We will not pay for, under any part of this policy, any loss consisting of one or more of the items below. Further, we will not pay for any loss described in paragraphs 1. and 2. immediately above regardless of whether one or more of the following: (a) directly or indirectly cause, contribute to, or aggravate the loss; or (b) occur before, at the same time, or after the loss or any other cause of the loss:

**…**

b. defect, weakness, inadequacy, fault, or unsoundness in:

(1) planning, zoning, development, surveying, or siting;

(2) design, specifications, workmanship, repair, construction, renovation, remodeling, grading, or compaction;

(3) materials used in repair, construction, renovation, remodeling, grading, or compaction; or

(4) maintenance;

of any property (including land, structures, or improvements of any kind) whether on or off the residence premises; or

c. weather conditions.

However, *we* will pay for any resulting loss from items 3.a., 3.b., and 3.c. unless the resulting loss is itself a Loss Not Insured as described in this Section.

<u>**SIXTH AFFIRMATIVE DEFENSE**</u>

Plaintiffs are not able to recover any recoverable depreciation or replacement cost benefits for the structural repairs to the Property because they have not complied with the provisions of the Policy regarding how to recover these benefits.  Specifically, the Policy provides:

**SECTION I – LOSSES NOT INSURED**

**COVERAGE A – DWELLING**

1. **A1 – Replacement Cost Loss Settlement – Similar Construction.**

    a. ***We*** will pay the cost to repair or replace with similar construction and for the same use on the premises shown in the ***Declarations***, the damaged part of the property covered under **SECTION I – PROPERTY COVERAGES, COVERAGE A – DWELLING**, except for wood fences, subject to the following:

    (1) until actual repair or replacement is completed, ***we*** will pay only the ***actual cash value*** of the damaged part of the property, up to the applicable limit of liability shown in the ***Declarations***, not to exceed the cost to repair or replace the damaged part of the property;

    (2) when the repair or replacement is actually completed, ***we*** will pay the covered additional amount ***you*** actually and necessarily spend to repair or replace the damaged part of the property, or an amount up to the applicable limit of liability shown in the ***Declarations***, whichever is less;

-6-

(3) to receive any additional payments on a replacement cost basis, *you* must complete the actual repair or replacement of the damaged part of the property within two years after the date of loss, and notify *us* within 30 days after the work has been completed…

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs may not recover additional benefits for damages relating to the personal property under the subject insurance policy and applicable Georgia law to the extent that the personal property loss is not an insured loss under the terms and conditions of the subject policy, including, but not limited to **SECTION I-LOSSES INSURED COVERAGE B- PERSONAL PROPERTY**.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs are not able to recover any recoverable depreciation or replacement cost benefits for their personal property because they have not complied with the provisions of the Policy  in order to recover these benefits. Specifically, the Policy provides:

**SECTION I – LOSSES NOT INSURED**

**COVERAGE B – PERSONAL PROPERTY**

1. **B1 – Limited Replacement Cost Loss Settlement.**

   a. *We* will pay the cost to repair or replace property covered under **SECTION I – PROPERTY COVERAGES, COVERAGE B**

**– PERSONAL PROPERTY**, except for property listed in item b. below, subject to the following:

(1) until repair or replacement is completed, *we* will pay only the ***actual cash value*** of the damaged property;

(2) after repair or replacement is completed, *we* will pay the difference between the ***actual cash value*** and the cost *you* have actually and necessarily spent to repair or replace the property; and

(3) if property is not repaired or replaced within two years after the date of loss, *we* will pay only the ***actual cash value.***

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs are not able to recover any additional benefits for additional living expenses because they have not complied with the provisions of the Policy in order to recover these benefits.  Specifically, the Policy provides:

**SECTION I – PROPERTY COVERAGES**

**COVERAGE C – LOSS OF USE**

The most *we* will pay for the sum of all losses combined under **Additional Living Expense**, **Fair Rental Value**, and **Prohibited Use** is the limit of liability shown in the ***Declarations*** for **Coverage C – Loss of Use**.

1. **Additional Living Expense.** When a ***loss insured*** causes the ***residence premises*** to become uninhabitable, *we* will pay the reasonable and necessary increase in cost incurred by an ***insured*** to maintain their normal standard of living for up to 24 months. ***Our*** payment is limited to incurred costs for the shortest of:

   a. the time required to repair or replace the premises;

b. the time required for *your* household to settle elsewhere; or

c. 24 months.

This period of time is not limited by the expiration of this policy. *We* will not pay more than the limit of liability shown in the **Declarations** for **Coverage C – Loss of Use**. Any normal expenses that are reduced or discontinued due to a *loss insured* will be subtracted from any amount owed.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs are unable to recover additional benefits under the Policy because Plaintiffs failed to satisfy their duties under the Policy.   Specifically, the Policy provides:

**SECTION I – CONDITIONS**

2. **Your Duties After Loss.** After a loss to which this insurance may apply, *you* must cooperate with *us* in the investigation of the claim and also see that the following duties are performed:

…

b. protect the property from further damage or loss and also:

(1) make reasonable and necessary temporary repairs required to protect the property; and

(2) keep an accurate record of repair expenses;

c. prepare an inventory of damaged or stolen personal property:

(1) showing in detail the quantity, description, age, replacement cost, and amount of loss; and

    (2) attaching all bills, receipts, and related documents that substantiate the figures in the inventory;

d. as often as *we* reasonably require:

    (1) exhibit the damaged property;

    (2) provide *us* with any requested records and documents and allow *us* to make copies;

    (3) while not in the presence of any other *insured*:

        (a) give statements; and

        (b) submit to examinations under oath; and

    (4) produce employees, members of the *insured's* household, or others for examination under oath to the extent it is within the *insured's* power to do so…

e. submit to *us*, within 60 days after the loss, *your* signed, sworn proof of loss that sets forth, to the best of *your* knowledge and belief:

    (1) the time and cause of loss;

    (2) interest of the *insured* and all others in the property involved and all encumbrances on the property;

    (3) other insurance that may cover the loss;

    (4) changes in title or occupancy of the property during the term of this policy;

    (5) specifications of any damaged structure and detailed estimates for repair of the damage;

    (6) an inventory of damaged or stolen personal property described in 2.c.;

(7) receipts for additional living expenses incurred and records supporting the fair rental value loss…

## ELEVENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs seek to recover for damages which were incurred as part of subsequent loss, including the loss on July 19, 2022, Plaintiffs cannot recover as part of Claim No. 11-28Z3-87S.

## TWELFTH AFFIRMATIVE DEFENSE

Defendant State Farm is not liable to Plaintiffs for any cause of action, including for breach of contract, because Defendant State Farm at no time breached or otherwise violated any of the terms or conditions of the Policy between State Farm and Plaintiffs.  At all times, Defendant State Farm acted in accordance with its rights and obligations as set forth in the Policy.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendant State Farm is entitled to a set off against any recovery for those amounts already paid to or on behalf of Plaintiffs arising out of the January 3, 2022 loss to the Property.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs may not recover from State Farm under a theory of breach of contract as State Farm has at all times hereto complied with its contractual duties.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from recovering any additional damages related to this action on the basis of accord and satisfaction and payment.

## SIXTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs seek to assert a bad faith claim against Defendant State Farm pursuant to O.C.G.A. § 33-4-6, Plaintiffs are barred from asserting any such bad faith claim because they failed to satisfy the procedural requirements of O.C.G.A.§ 33-4-6, including, but not limited to, asserting any proper and timely bad faith demand and waiting the statutory period of 60 days prior to filing suit.

## SEVENTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs seek to assert a bad faith claim against Defendant State Farm pursuant to O.C.G.A. § 33-4-6, Plaintiffs may not recover because their claim is legally and factually insufficient.  Defendant State Farm has at all times acted in good faith and with fair dealing with respect to Plaintiffs' claim.

## EIGHTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs seek to assert a bad faith claim, or otherwise seeks extra-contractual from Defendant State Farm pursuant to any other statute or law aside from O.C.G.A.§ 33-4-6, Plaintiffs may not recover because her claim is legally and factually insufficient.  O.C.G.A.§  33-4-6 is the exclusive remedy for

bad faith penalties recoverable by an insured against her insurer based on a failure to pay policy benefits.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of laches, waiver, and estoppel.

## TWENTIETH AFFIRMATIVE DEFENSE

Defendant State Farm is not indebted to Plaintiffs for the sum sought or in any amount whatsoever.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs have failed to join a necessary party.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

State Farm expressly reserves the right to assert all affirmative defense(s) and matter(s) in avoidance as may be disclosed during the course of additional investigation and discovery. Subject to and without waiving any of its other respective rights, jurisdictional or legal defenses, or objections, State Farm responds to the specific averments contained in the individual and enumerated paragraphs of the Complaint as follows:

1.

Upon information and belief, Defendant State Farm admits that Plaintiffs are residents of Gwinnett County, Georgia. Defendant State Farm denies all remaining allegations of Paragraph 1 of Plaintiffs' Complaint.

2.

Defendant State Farm admits the allegations of Paragraph 2 of Plaintiffs' Complaint. By way of further response, Defendant State Farm admits that it is in the business of selling insurance policies but denies its policies provided unfettered and/or unrestricted insurance coverage.  All coverage provided is subject to the terms and provisions of the Policy and applicable Georgia law.

## **JURISDICTION AND VENUE**

3.

Defendant State Farm does not dispute the jurisdiction of this Court. Defendant State Farm admits that it maintains a registered agent in Gwinnett County, Georgia. Defendant State Farm denies all remaining allegations of Paragraph 3 of Plaintiffs' Complaint.

4.

Defendant State Farm does not dispute that venue is proper in this Court. Defendant State Farm denies all remaining allegations of Paragraph 4 of Plaintiffs'

Complaint. Defendant State Farm admits that it maintains a registered agent in Gwinnett County, Georgia.

5.

Defendant State Farm denies the allegations in Paragraph 5 of Plaintiffs' Complaint as stated but does not dispute the jurisdiction of and venue in this Court. Defendant State Farm denies all remaining allegations of Paragraph 5 of Plaintiffs' Complaint.

**THE POLICY**

6.

Defendant State Farm admits that it issued Policy Number 11-GG-E301-5 (the "Policy") to  named insureds Stefanie Martinez Zeron and Maria Hernandez. Defendant State Farm further admits that Exhibit A contains a copy of the subject insurance policy, subject to the express statements in Exhibit A. Defendant State Farm responds further that the terms and provisions of the Policy and applicable Georgia law speak for themselves and denies all allegations of Paragraph 6 in direct contradiction thereto. Defendant State Farm denies all remaining allegations of Paragraph 6 of Plaintiffs' Complaint.

7.

Defendant State Farm admits that it issued the Policy, which provided certain coverage for property located at 4747 Matterhorn Dr. SW, Lilburn, GA 30047 (the "Property"), subject to all terms, conditions, and exclusions of the Policy and applicable Georgia law. Defendant State Farm states that the terms and provisions of the Policy and applicable Georgia law speak for themselves and denies all allegations of Paragraph 7 in direct contradiction thereto. Defendant State Farm denies all remaining allegations of Paragraph 7 of Plaintiffs' Complaint, including, but not limited to, any allegations that the Policy provided unrestricted and/or unfettered insurance coverage, as all coverage under the Policy is subject to the terms and conditions of the Policy and applicable Georgia law.

8.

Defendant State Farm admits that the terms and provisions of the Policy and applicable Georgia law speak for themselves and denies all allegations of Paragraph 8 in direct contradiction thereto. Defendant State Farm denies all remaining allegations of Paragraph 8 of Plaintiffs' Complaint, including, but not limited to, any allegations that the Policy provided unrestricted and/or unfettered insurance coverage, as all coverage provided under the Policy is subject to the terms and conditions of the Policy and applicable Georgia law.

9.

Defendant State Farm admits that the terms and provisions of the Policy and applicable Georgia law speak for themselves and denies all allegations of Paragraph 9 in contradiction thereto. Defendant State Farm denies all remaining allegations of Paragraph 9 of Plaintiffs' Complaint, including, but not limited to, any allegations that the Policy provided unrestricted and/or unfettered insurance coverage, as all coverage provided under the Policy is subject to the terms and conditions of the Policy and applicable Georgia law.

## SUDDEN AND ACCIDENTAL DAMAGE TO THE INSURED PROPERTY

10.

Defendant State Farm admits that the coverage term for the Policy included January 3, 2022 and that Plaintiff reported to State Farm the alleged damage from a tree falling on the Property. Defendant State Farm denies all remaining allegations of Paragraph 10 of Plaintiffs' Complaint.

11.

Defendant State Farm admits that Plaintiffs notified Defendant State Farm of the alleged damage to the Property on January 3, 2022. Defendant State Farm further admits that Plaintiff made a claim pursuant to the Policy for the alleged damage to the Property, and a State Farm Claim Representative was assigned to adjust the claim

on behalf of State Farm. Defendant State Farm denies all remaining allegations of Paragraph 11 of Plaintiffs' Complaint.

12.

Defendant State Farm admits that Plaintiff permitted Defendant State Farm to inspect the Property and provided certain information and documents requested by Defendant. Defendant State Farm denies all remaining allegations of Paragraph 12 of Plaintiffs' Complaint.

13.

Defendant State Farm admits that Defendant State Farm physically inspected the Property. Defendant State Farm denies all remaining allegations of Paragraph 13 of Plaintiffs' Complaint.

14.

Defendant State Farm admits that it physically inspected the Property. Defendant State Farm denies all remaining allegations of Paragraph 14 of Plaintiffs' Complaint are denied, including, but not limited to, any allegations that Defendant State Farm owed Plaintiff any duties aside from those set forth by the terms and provisions of the insurance contract.

15.

Defendant State Farm admits that it physically inspected the Property and that it prepared estimates for the covered damage to the Property, including, without limitation, an estimate dated May 6, 2022 with a replacement cost value of $ 20,666.02 and a net actual cash value of $15,825.96. Defendant State Farm admits that Exhibit B is a copy of its May 6, 2022 estimate, which speaks for itself. Defendant State Farm denies all remaining allegations of Paragraph 15 of Plaintiffs' Complaint.

16.

Defendant State Farm admits that Defendant State Farm and Plaintiffs and their representative exchanged communications during the claim, but states that these communications speak for themselves and deny any allegations of Paragraph 16 in direct contravention thereto. Except as otherwise admitted, Defendant State Farm denies all remaining allegations of Paragraph 16 of Plaintiffs' Complaint.

17.

Defendant State Farm admits that it prepared a draft estimate dated November 18, 2022, which reflected Plaintiffs' contentions with respect to the alleged damage as a result of the Loss.  Defendant State Farm further admits that it did not finalize or pay the November 18, 2022 estimate.   By way of further explanation, after

preparation of the draft estimate, Defendant State Farm met with Plaintiffs' representatives to discuss the claim.  Defendant State Farm denies all remaining allegations of Paragraph 17 of Plaintiffs' Complaint.

18.

Defendant State Farm admits that Plaintiff sent correspondence to Defendant State Farm dated October 20, 2022, which speaks for itself. Defendant State Farm denies all remaining allegations of Paragraph 18 of Plaintiffs' Complaint, including but not limited to, any allegations that the October 20, 2022 correspondence constituted a timely or valid demand for payment.

19.

Defendant State Farm denies all allegations of Paragraph 19 of Plaintiffs' Complaint.

20.

Defendant State Farm denies all allegations of Paragraph 20 of Plaintiffs' Complaint.

21.

Defendant State Farm denies all allegations of Paragraph 21 of Plaintiffs' Complaint.

22.

Defendant State Farm admits that there is a dispute between Plaintiff and Defendant State Farm regarding the alleged damage to the Property which purportedly occurred on or about January 3, 2022. Defendant State Farm denies all remaining allegations of Paragraph 22 of Plaintiffs' Complaint.

23.

Defendant State Farm denies all allegations of Paragraph 23 of Plaintiffs' Complaint.

## COUNT I: BREACH OF CONTRACT

23.

To the extent a response is required to the allegations of Paragraph 24 of Plaintiffs' Complaint, Defendant State Farm incorporates herein by reference its responses to Plaintiffs' Complaint enumerated Paragraphs 1 through 23.

25.

Defendant State Farm admits that Plaintiff permitted certain inspections and provided some information and documentation requested by State Farm during the adjustment of Plaintiffs' claim as required under the terms and conditions of the Policy. Defendant State Farm denies all remaining allegations of Paragraph 24 of Plaintiffs' Complaint.

26.

Defendant State Farm admits that the Policy speaks for itself and would afford coverage for certain covered losses subject to the Policy's terms, conditions, and exclusions under applicable Georgia law. Defendant State Farm denies all remaining allegations of Paragraph 26 of Plaintiffs' Complaint.

27.

Defendant State Farm denies all allegations of Paragraph 27 of Plaintiffs' Complaint.

28.

Defendant State Farm denies all allegations of Paragraph 28 of Plaintiffs' Complaint, including, but not limited to, any allegations that Defendant State Farm failed to conduct a proper claim investigation.

29.

Defendant State Farm denies all allegations of Paragraph 29 of Plaintiffs' Complaint.

30.

Defendant State Farm denies all allegations of Paragraph 30 of Plaintiffs' Complaint.

31.

Defendant State Farm denies all allegations of Paragraph 31 of Plaintiffs' Complaint.

32.

Defendant State Farm denies the allegations of Paragraph 32 of Plaintiffs' Complaint.

## **COUNT II: BAD FAITH PURSUANT TO O.C.G.A. § 33-4-6**

33.

To the extent a response is required to the allegations of Paragraph 32 of Plaintiffs' Complaint, Defendant State Farm incorporates herein by reference its responses to Plaintiffs' Complaint enumerated Paragraph 1 through 32.

34.

Defendant State Farm denies all allegations of Paragraph 34 of Plaintiffs' Complaint are denied, including, but not limited to, any allegations that Defendant State Farm failed to conduct a proper claim investigation or that Defendant State Farm owed any duty other than those set forth in the Policy.

35.

Defendant State Farm denies all allegations of Paragraph 35 of Plaintiffs' Complaint, including but not limited to, any allegations that Defendant State Farm

failed to conduct a proper claim investigation or that Defendant State Farm owed any duty other than those set forth in the Policy.

36.

Defendant State Farm denies all allegations of Paragraph 36 of Plaintiffs' Complaint, including those allegations set forth in subsections (1) through (8) contained therein, and also including, but not limited to, any allegations that Defendant State Farm owed any duty other than those set forth in the Policy.

37.

Defendant State Farm denies all allegations of Paragraph 37 of Plaintiffs' Complaint.

38.

Defendant State Farm denies all allegations of Paragraph 38 of Plaintiffs' Complaint.

39.

Defendant State Farm denies all allegations of Paragraph 39 of Plaintiffs' Complaint.

40.

Defendant State Farm denies all allegations of Paragraph 40 of Plaintiffs' Complaint.

41.

To the extent a response is required to the allegations of Paragraph 41 of Plaintiffs' Complaint, Defendant State Farm denies the allegations of Paragraph 41 of Plaintiffs' Complaint.

## DEMAND FOR JURY TRIAL

42.

To the extent a response is required to the allegations of Paragraph 42 of Plaintiffs' Complaint, Defendant State Farm admits the allegations of Paragraph 42 of Plaintiffs' Complaint.

## PRAYER FOR RELIEF

43.

Defendant State Farm denies all allegations of Plaintiffs' Prayer for Relief, including those allegations set forth in subsections (a) through (i) contained therein.

44.

State Farm denies each and every remaining allegation of Plaintiffs' Complaint not specifically admitted herein, including all of Plaintiffs' requests for relief.

WHEREFORE, having fully answered, Defendant State Farm respectfully requests that this Court:

(a)    Deny Plaintiffs' prayer for damages;

(b)    Dismiss this action with prejudice and cast all costs upon Plaintiffs;

(c)    A jury of twelve (12) on all triable issues;

(d)    Award Defendants any other relief that this Court deems just and equitable.


This 20th day of January, 2023.

                                          SWIFT CURRIE MCGHEE & HIERS, LLP

                                          */s/ Rebecca E. Strickland*
                                          Rebecca E. Strickland
                                          Georgia Bar No. 358183
                                          Spenser L. West
                                          Georgia Bar No. 295082
                                          *Attorneys for Defendant*

1420 Peachtree Street, N.E.
Suite 800
Atlanta, Georgia 30309
Tel:  404-874-8800
Fax: 404-888-6199
Rebecca.strickland@swiftcurrie.com
Spenser.west@swiftcurrie.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day electronically filed the foregoing ***Defendant State Farm Fire And Casualty Company's Affirmative Defenses And Answer To Plaintiff's Complaint*** with the Clerk of Court via the CM/ECF e-filing system which will automatically send e-mail notification of said filing to the following attorneys of record:

J. Remington Huggins, Esq.
Michael D. Turner, Esq.
The Huggins Law Firm, LLC
110 Norcross Street
Roswell, GA 30075
remington@lawhuggins.com
mdturner@lawhuggins.com
*Attorney for Plaintiffs*

This 20th day of January, 2023.

SWIFT CURRIE MCGHEE & HIERS, LLP

*/s/ Rebecca E. Strickland*
Rebecca E. Strickland
Georgia Bar No. 358183
Spenser L. West
Georgia Bar No. 295082
*Attorneys for Defendant*

1420 Peachtree Street, N.E.
Suite 800
Atlanta, Georgia 30309
Tel:  404-874-8800
Fax: 404-888-6199
Rebecca.strickland@swiftcurrie.com
Spenser.west@swiftcurrie.com