```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF GEORGIA
                       ATLANTA DIVISION

MICHAEL TAUNTON,

     Plaintiff,

v.                                        CIVIL ACTION FILE
                                          NUMBER

JOHN DOE, GPA TRUCKING EXPRESS,
INC. AMAZON.COM, AND UNITED
SPECIALTY INSURANCE COMPANY,

     Defendants.
```

## DEFENDANTS GPA TRUCKING EXPRESS, INC. AND UNITED SPECIALITY INSURANCE COMPANY'S NOTICE OF REMOVAL

1.

Plaintiff, Michael Taunton, filed civil action file number 22-SCCV-095120 in the State Court of Bibb County, Georgia, against Defendants John Doe, GPA Trucking Express, Inc., Amazon.com, LLC, and United Specialty Insurance Company November 23, 2022. Defendants attached a copy of Summons and Complaint as Exhibit "A" and Defendants GPA Trucking Express, Inc., and United Specialty Insurance Company's Answer as Exhibit "B."

1.

When Plaintiff filed the Complaint, he was a citizen and resident of Georgia. Exhibits "A" and "B" ¶ 1.

2.

When Plaintiff filed the Complaint, Defendant GPA Trucking was a Texas Corporation with its principal place of business in Texas.  Exhibits "A" and "B" ¶ 3.

3.

When Plaintiff filed the Complaint, Defendant Amazon was a Delaware limited liability company, none of its members were citizens and residents of Georgia, and its principal place of business was in the state of Washington.  Exhibits "A" and "B" ¶ 4.

4.

When Plaintiff filed the Complaint, Defendant United Specialty was a Delaware corporation with its principal place of business in Texas.  Exhibits "A" and "B" ¶ 5.

5.

There is complete diversity of citizenship in this case.

6.

This personal injury action arises from a March 13, 2021 motor vehicle collision on Interstate 475 in Macon, Bibb County, Georgia.  Plaintiff claimed head, back and neck injuries including herniated discs at L3-4, L4-5, and L5-S1 with medical expenses totaling $159,844.10 in his May 4, 2022 demand for $1 million attached as Exhibit "C."

7.

This civil action is properly removable to this Court pursuant to 28 U.S.C. §§ 1441(a), 1446(a) and 1446(b). There is a complete diversity of citizenship between Plaintiff and Defendants and the amount in controversy, exclusive of interest and cost, exceeds $75,000 under 28 U.S.C. § 1332(a).

8.

Plaintiffs have not served any Defendants, but Defendants GPA and United Specialty consent to the removal of this case.

9.

Defendants GPA Trucking and United Specialty notify the Court, the Clerk, and all parties within thirty days after receipt of the Complaint filed in the State Court of Bibb County that it removed this civil action to this Court pursuant to 28 U.S.C. § 1446 and Fed. R. Civ. P. 11.

DENNIS, CORRY, SMITH & DIXON, LLP

/s/ *Grant B. Smith*
GRANT B. SMITH, ESQ.
Georgia bar number 658345

/s/ *Jonathan R. Gibson*
JONATHAN R. GIBSON, ESQ.
Georgia bar number 586544
For the Firm
Attorneys for GPA Trucking
Express, Inc. and United Specialty
Insurance Company

-3-

```
900 Circle 75 Parkway, Suite 1400
Atlanta, Georgia 30339
(404) 364-4505
(404) 364-4503
```
Gbs@dcplaw.com
Jgibson@dcplaw.com
KMoore@dcplaw.com

# EXHIBIT A

EFILED IN OFFICE
CLERK OF STATE COURT
BIBB COUNTY, GEORGIA

22-SCCV-095120
JBH
NOV 23, 2022 12:35 PM

Patricia M. Graves, Clerk of State Court
Bibb County, Georgia

## IN THE STATE COURT OF BIBB COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| MICHAEL TAUNTON | |
| Plaintiff, | |
| v. | CIVIL ACTION |
| | FILE NO.: _____ |
| JOHN DOE, GPA TRUCKING EXPRESS INC, AMAZON.COM, and UNITED SPECIALTY INSURANCE COMPANY, | |
| Defendants. | |

## COMPLAINT AND JURY TRIAL DEMAND

COMES NOW MICHAEL TAUNTON, plaintiff, and makes and files this complaint against defendants JOHN DOE, NAME OF TRUCKING COMPANY, GPA TRUCKING EXPRESS INC, AMAZON.COM, and UNITED SPECIALTY INSURANCE COMPANY as follows:

## PARTIES AND JURISDICTION

1.

Plaintiff MICHAEL TAUNTON voluntarily subjects himself to the jurisdiction of this court.

2.

Defendant and Driver, JOHN DOE on information and belief at all times material to this lawsuit is a resident of the State of Georgia and may be served service and process at their domicile.

3.

GPA TRUCKING EXPRESS INC is a Foreign corporation existing under the laws of Texas with its principal place of business in Texas and may be served through its registered agent GABRIEL PRIETO at 10515 W CR 127 # 105 ODESSA, TX 79765, and is subject to the jurisdiction of this court.

4.

AMAZON.COM LLC is a foreign corporation existing under the laws of state of Delaware with its principal place of business in Washington and may be served through its registered agent Corporation Service Company at 251 Little Falls Drive, Wilmington, DE, 19808, and is subject to the jurisdiction of this court.

5.

UNITED SPECIALTY INSURANCE COMPANY is a foreign corporation existing under the laws of Delaware with its principal place of business in Texas and may be served through its registered agent NATIONAL REGISTERED AGENTS, INC. at 1209 Orange Street, Wilmington, DE, 19801, and is subject to the jurisdiction of this court.

6.

Jurisdiction and venue are proper in this court.

## **BACKGROUND**

7.

On or about March 13, 2021, plaintiff was driving a vehicle northbound on I-475 approaching exit 5.

8.

Defendant JOHN DOE was driving his tractor trailer north bound on I-475.

9.

Defendant JOHN DOE was recklessly weaving his tractor trailer in and out of traffic.

10.

On this date, defendant JOHN DOE was operating his/her tractor-trailer on behalf of defendants AMAZON.COM LLC and GPA TRUCKING EXPRESS INC.

11.

Defendant's tractor trailer and trailer veered recklessly out of its lane and struck the entire right side of plaintiff's vehicle.

12.

JOHN DOE fled the scene at a high rate of speed.

13.

As a result of the collision, plaintiff suffered severe and permanent injuries.

## COUNT 1
## NEGLIGENCE

14.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 13 above as if fully restated.

15.

Defendant JOHN DOE was negligent in the following manner:

    (a) failing to yield the right of way;

    (b) failing to travel at the posted speed limit;

    (c) driving too fast for conditions;

    (d) making an improper lane change;

    (e) failing to stay in his/her lane of travel;

    (f) making an improper passing maneuver;

    (g) driving under the influence of alcohol or drugs;

    (h) using a cellular device while driving

16.

Defendant JOHN DOE was negligent in failing to maintain a proper lookout for plaintiff's vehicle and colliding with plaintiff's vehicle.

17.

Defendant JOHN DOE's negligence is the sole and proximate cause of the collision, and plaintiff's resulting injuries.

## COUNT 2
## IMPUTED LIABILITY

18.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 17 above as if fully restated.

19.

At the time of the subject collision, defendant JOHN DOE was under dispatch for defendant AMAZON.COM LLC and GPA TRUCKING EXPRESS INC.

20.

At the time of the subject collision, defendant JOHN DOE was operating his vehicle on behalf of defendant AMAZON.COM LLC and GPA TRUCKING EXPRESS INC.

21.

Defendant GPA TRUCKING EXPRESS INC is an intrastate or interstate motor carrier, and pursuant to federal and state laws, is responsible for the actions of defendant JOHN DOE in regard to the collision described in this complaint under the doctrine of lease liability, agency or apparent agency.

## COUNT 3
## NEGLIGENT HIRING, TRAINING & SUPERVISION

22.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 21 above as if fully restated.

23.

Defendant AMAZON.COM LLC and GPA TRUCKING EXPRESS INC was negligent in hiring defendant JOHN DOE and entrusting him/her to drive a tractor-trailer.

24.

Defendant AMAZON.COM LLC and GPA TRUCKING EXPRESS INC was negligent in failing to properly train defendant JOHN DOE.

25.

Defendant AMAZON.COM LLC and GPA TRUCKING EXPRESS INC was negligent in failing to properly supervise defendant JOHN DOE.

26.

Defendant AMAZON.COM LLC and GPA TRUCKING EXPRESS INC's negligence in hiring defendant JOHN DOE and entrusting him/her with driving a commercial vehicle and failing to train and supervise him/her properly was the sole and proximate cause of the collision, and plaintiff's resulting injuries.

## COUNT 4
## DIRECT ACTION

27.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 26 above as if fully restated.

28.

Defendant UNITED SPECIALTY INSURANCE COMPANY is subject to a direct action as the insurer for defendant GPA TRUCKING EXPRESS INC pursuant to O.C.G.A. § 40-2-140 or its predecessor O.C.G.A. § 46-7-12.1.

29.

Defendant UNITED SPECIALTY INSURANCE COMPANY was the insurer of defendant GPA TRUCKING EXPRESS INC at the time of the subject incident and issued a liability policy to comply with the filing requirements under Georgia law for intrastate transportation.

30.

Defendant UNITED SPECIALTY INSURANCE COMPANY and defendant GPA TRUCKING EXPRESS INC are subject to the filing requirements outlined in O.C.G.A. § 40-2-140 or its predecessor O.C.G.A. § 46-7-12.1.

31.

Defendant UNITED SPECIALTY INSURANCE COMPANY is responsible for any judgment rendered against defendant GPA TRUCKING EXPRESS INC and defendant JOHN DOE up to its policy limits of coverage.

## COUNT 5
## DAMAGES

32.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 31 above as if fully restated.

33.

As a result of defendants' negligence, plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

34.

As a result of defendants' negligence, plaintiff has incurred past medical expenses and will continue to incur future medical expenses.

35.

As a result of defendants' negligence, plaintiff has been unable to work and has a claim for past and future lost wages.

36.

Defendants' negligence is the sole and proximate cause of plaintiff's injuries.

## COUNT 6
## PUNITIVE DAMAGES

37.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 36 above as if fully restated.

38.

Defendants' conduct was reckless, willful and wanton, and demonstrates a conscious indifference to the consequences of their actions and entitles plaintiff to an award of punitive damages.

WHEREFORE, plaintiff prays that he has a trial on all issues and judgment against defendants as follows:

a.     That plaintiff recover the full value of past and future medical expenses and past and future lost wages in an amount to be proven at trial;

b.    That plaintiff recover for physical and mental pain and suffering in an amount to be determined by the enlightened conscience of a jury;

c.    That plaintiff recover punitive damages in an amount to be determined by the enlightened conscience of a jury; and

d.    That plaintiff recover such other and further relief as is just and proper.

This 23rd day of November 2022.

**FARAH & FARAH, P.A.**

/s/ R. Lee Page Jr._____
**R. Lee Page, Jr., Esq.**
Georgia Bar No.:  200245
Attorney for Plaintiff

2310 Parklake Drive NE
Suite 262
Atlanta, GA 30345
Rlp-pleadings@farahandfarah.com
470-800-7206

# STATE COURT OF BIBB COUNTY
## STATE OF GEORGIA

CIVIL ACTION NUMBER  22-SCCV-095120

Taunton, Michael

---
**PLAINTIFF**

VS.

Doe , John
GPA Trucking Express Inc
Amazon.com
United Specialty Insurance Company

---
**DEFENDANTS**

**SUMMONS**

TO: UNITED SPECIALTY INSURANCE COMPANY

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Randall L Page, Jr.**
> **Farah and Farah**
> **2295 Parklake Drive NE**
> **Suite 350**
> **Atlanta, Georgia 30345**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 23rd day of November, 2022.**

Clerk of State Court

Patricia M. Graves, Clerk of State Court
Bibb County, Georgia

# EXHIBIT B

☆ EFILED IN OFFICE
CLERK OF STATE COURT
BIBB COUNTY, GEORGIA

**22-SCCV-095120**
JBH
**JAN 19, 2023 12:03 PM**

Patricia M. Graves, Clerk of State Court
Bibb County, Georgia

IN THE STATE COURT OF BIBB COUNTY
STATE OF GEORGIA

MICHAEL TAUNTON,

    Plaintiff,

v.

JOHN DOE, GPA TRUCKING EXPRESS,
INC., AMAZON.COM, AND UNITED
SPECIALTY INSURANCE COMPANY,

    Defendants.

CIVIL ACTION FILE
NUMBER  22-SCCV-095120

**THESE DEFENDANTS DEMAND
A JURY TRIAL.**

## DEFENDANTS GPA TRUCKING EXPRESS, INC. AND
## UNITED SPECIALTY INSURANCE COMPANY'S ANSWER

Defendants GPA Trucking Express, Inc. and United Specialty Insurance Company
answer the Complaint and Jury Trial Demand and show the Court as follows.

### FIRST DEFENSE

Plaintiff failed to properly or sufficiently serve these Defendants with the Summons and
Complaint.

### SECOND DEFENSE

This Court lacks personal jurisdiction and venue over these Defendants.

### THIRD DEFENSE

1.

These Defendants admit Plaintiff is a citizen and resident of Georgia and he voluntarily
submitted himself to the jurisdiction of this Court.

2.

These Defendants are without knowledge or information sufficient to form a belief as to
the truth of the allegations in paragraph 2.

3.

These Defendants admit Defendant GPA Trucking Express, Inc. was a Texas corporation with its principal place of business in Texas, Plaintiff may serve its registered agent Gabriel Prieto, 10515 West Country Road 127, Odessa, Texas 79765 and the Court has subject matter jurisdiction, but deny the remaining allegations.

4.

These Defendants admit Defendant Amazon.com, LLC is a Delaware limited liability company, none of its members are citizens and residents of Georgia, its principal place of business is in the state of Washington, Plaintiff may serve its registered agent Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808, and the Court has subject matter jurisdiction, but deny the remaining allegations.

5.

These Defendants admit United Specialty Insurance Company is a Delaware corporation with its principal place of business in Texas, Plaintiff may serve its registered agent National Registered Agents, Inc., 1209 Orange Street, Wilmington, Delaware 29801, and the Court has subject matter jurisdiction, but deny the remaining allegations.

6.

These Defendants admit the Court has subject matter jurisdiction, but deny the remaining allegations.

## **BACKGROUND**

7.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7.

8.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8.

9.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9.

10.

These Defendants deny the allegations in paragraph 10.

11.

These Defendants deny its driver was negligent or reckless and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

12.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of  the allegations in paragraph 12.

13.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13.

## **COUNT 1**

## **NEGLIGENCE**

14.

These Defendants incorporate by reference herein their responses to paragraphs 1 to 13 of the Complaint and Jury Trial Demand.

15.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15.

16.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16.

17.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17.

## COUNT 2

## IMPUTED LIABILITY

18.

These Defendants incorporate by reference herein their responses to paragraphs 1 to 17 of the Complaint and Jury Trial Demand.

19.

These Defendants deny the allegations in paragraph 19.

20.

These Defendants deny the allegations in paragraph 20.

21.

These Defendants deny the allegations in paragraph 21.

## COUNT 3

## NEGLIGENT HIRING, TRAINING & SUPERVISION

22.

These Defendants incorporate by reference herein their responses to paragraphs 1 to 21 of the Complaint and Jury Trial Demand.

23.

These Defendants deny the allegations in paragraph 23.

24.

These Defendants deny the allegations in paragraph 24.

25.

These Defendants deny the allegations in paragraph 25.

26.

These Defendants deny the allegations in paragraph 26.

**COUNT 4**

**DIRECT ACTION**

27.

These Defendants incorporate by reference herein their responses to paragraphs 1 to 26 of the Complaint and Jury Trial Demand.

28.

These Defendants deny the allegations in paragraph 28.

29.

These Defendants admits Defendant United Specialty issued a commercial trucking policy number GWP60731 00 to Defendant GPA, but deny the remaining allegations.

30.

These Defendants deny the allegations in paragraph 30.

31.

These Defendants admit Defendant United Specialty is responsible for a judgment against Defendant GPA for a March 12, 2021 incident subject to the terms, conditions, definitions, exclusions, limits, and payments provided in the policy, but deny the remaining allegations.

## COUNT 5

## DAMAGES

32.

These Defendants incorporate by reference herein their responses to paragraphs 1 to 31 of the Complaint and Jury Trial Demand.

33.

These Defendants deny they were negligent and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

34.

These Defendants deny they were negligent and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

35.

These Defendants deny they were negligent and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

36.

These Defendants deny they were negligent and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

## COUNT 6

## PUNITIVE DAMAGES

### 37.

These Defendants incorporates by reference herein their responses to paragraphs 1 to 36 of the Complaint and Jury Trial Demand.

### 38.

These Defendant deny the allegations in paragraph 38.

### 39.

These Defendants deny all allegations in paragraph 1 through 38 of the Complaint and Jury Trial Demand they did not specifically admit.

WHEREFORE, having fully answered paragraphs 1 through 38 of the Complaint and Jury Trial Demand, these Defendants respectfully request judgment in accordance with the Law.

### THESE DEFENDANTS DEMAND A JURY TRIAL.

DENNIS, CORRY, SMITH & DIXON, LLP

/s/ *Grant B. Smith*
GRANT B. SMITH, ESQ.
Georgia bar number 658345

/s/ *Jonathan R. Gibson*
JONATHAN R. GIBSON, ESQ.
Georgia bar number 586544
For the Firm
Attorneys for GPA Trucking Express, Inc. and
United Specialty Insurance Company

900 Circle 75 Parkway, Suite 1400
Atlanta, Georgia 30339
(404) 364-4505
(404) 364-4503
Gbs@dcplaw.com
Jgibson@dcplaw.com
KMoore@dcplaw.com

## CERTIFICATE OF SERVICE

I electronically filed **DEFENDANT GPA TRUCKING EXPRESS, INC. AND UNITED SPECIALTY INSURANCE COMPANY'S ANSWER** with the Clerk of Court using the PeachCourt eFiling system which will send notification of such filing to the following:

> R. Lee Page, Jr., Esq.
> Farah & Farah, P.A.
> 2310 Parklake Drive, N.E., Suite 262
> Atlanta, Georgia  30345

I served the document by United States mail in a properly-addressed envelope with adequate postage thereon, to the following non-PeachCourt eFiling participants:  None.

This 19TH day of January, 2023.

/s/ *Jonathan R. Gibson*
JONATHAN R. GIBSON, ESQ.
For the Firm

2610-14603(GBS)

# EXHIBIT C



# FARAH & FARAH
### Protecting you and your family since 1979.
www.farahandfarah.com

May 4, 2022

**Via Certified Mail/Return Receipt Requested Number 7021 0950 0002 0065 1901**

Troy DenHerder
Superior Risk Management, Inc.
6602 Owens Drive
Ste 300
Pleasanton, CA 94588

## *AMENDED HOLT DEMAND TO SETTLE TORT CLAIM MADE PURSUANT TO O.C.G.A. § 9-11-67.1*

|       |                |                           |
|-------|----------------|---------------------------|
| Re:   | Claimant:      | Michael Taunton           |
|       | Your Insured:  | GPA Trucking Express, Inc. |
|       | Date of Loss:  | March 13, 2021            |
|       | Claim No.:     | H62189                    |
|       | Policy No.:    | GWP60731                  |
|       | Our File No.:  | 210600283                 |

Dear Mr. DenHerder:

As you know, I represent Michael Taunton, the above-referenced claimant, who was injured as a result of a wreck caused by your insured on March 13, 2021. On October 15, a settlement demand was made on behalf of my client, Mr. Taunton. Wherein, it was noted that, Mr. Taunton was diagnosed with an L4-5 herniated/extruded disc with space narrowing and posterior annular tearing resulting in severe central recess. Mr. Taunton's treating physician, Dr. Getter, immediately recommend Mr. Taunton undergo a Laminectomy Discectomy and a Spinal Fusion. You were also advised that, due to Mr. Taunton's extreme fear of contracting Covid-19, he chose to not to undergo the surgical procedure at that time.

After completing, chiropractic, physical therapy, epidural injections, and at home therapy, Mr. Taunton continued to suffer with extreme and debilitating back pain. After discussing the procedure with his family and loved ones, Mr. Taunton agreed to undergo the laminectomy discectomy and a spinal fusion. Included in this Amended Holt Demand, you will find his additional medical bills and records.

Consistent with the dictates of O.C.G.A. § 9-11-67.1 and Southern General Ins. Co. v. Holt, 262 Ga. 267 (1992), we present this time-limited demand for the policy limits afforded to your insured. Neither the fact of this offer nor the factual content of this offer may be used in any lawsuit, hearing, motion, or trial on this matter, except on a hearing for attorney's fees. This statement accords with

# FARAH & FARAH
## Protecting you and your family since 1979.
www.farahandfarah.com

O.C.G.A. § 24-4-4o8, which prohibits the admissibility of statements made in connection with compromise negotiations.

This demand is presented to Superior Risk Management, Inc.  in its capacity as liability carrier for GPA Trucking Express, Inc.. Based on information provided to us by your company, it is our understanding that the policy limits available to protect your insured are per $1,000,000.00 person and per occurrence. In preparing this demand, we expressly relied on your company's prior representation that the policy limits applicable to this wreck are as stated above. Therefore, if your company contends that the applicable policy limits are greater or less than the amount stated above, please let us know that information within ten (10) days of your receipt of this letter, as this information could materially alter the amount and other content of this demand.

Your timely acceptance of the offer to resolve this matter will protect your insured from responsibility to pay any excess judgment we may obtain, avoid protracted litigation, reduce the time and expense of attending depositions, participating in discovery and attending trial, and limit other costs commonly caused by a failure to timely settle claims.

## LIABILITY

On March 13, 2021, Mr. Taunton was driving his vehicle and traveling northbound on Thomaston Road/Mercer University Drive. Mr. Taunton was driving legally in the center lane. Your insured was driving in the far-right lane. Recklessly and without warning your insured merged and entered Mr. Taunton's Lane of traffic, pushing him to the far-left lane. Mr. Taunton had no time to stop and avoid the collision. Your insured then fled the scene and had to be located by the Bibb County Sherriff's office. Your insured Liability is not an issue

## PUNITIVE DAMAGES

In addition to the foregoing, an award of punitive damages against your insured would be justified in this case. Georgia law is clear that leaving the scene of a collision without speaking to the other party, as mandated by statute, is an intentional and culpable act, which demonstrates a conscious indifference to the consequences and an entire want of care as to the victim's well-being and permits a jury to find such conduct to be the type of aggravated and indifferent acts supporting the imposition of punitive damages.

Thus, your insured's fleeing the scene is alone sufficient to provide the aggravated circumstances permitting punitive damages. However, when these actions are combined with the fact that your insured was driving under the influence of alcohol at the time, her behavior clearly constituted such wanton conduct that it was both intentionally willful and showed an entire absence of care that her actions were placing others at great risk of injury or death. Your insured's liability for causing the wreck is clear and indisputable.



FARAH &amp; FARAH
Protecting you and your family since 1979.
www.farahandfarah.com

## INJURIES/TREATMENT

Immediately after impact, Mr. Taunton complained of pain in his head, back and neck. Since Mr. Taunton was on vacation with his family and guest, he decided to wait to present to an emergency room when they arrived at their destination. Mr. Taunton presented at LeConte Medical Center.  There he complained of pain in his lower back. Mr. Taunton was triaged and examined. Due to the severity of his injuries, he underwent x-rays of his lumbar spine region. He was diagnosed with acute back pain. He was advised to follow up if his pain persisted.

Once he returned home, Mr. Taunton followed the emergency room physician's orders and presented at Specific Care Chiropractic for his worsening pain. There, he complained of pain in his upper back, middle back, and lower back. Mr. Taunton was examined by be given the O'Donaghue's test which was positive in the thoracic spine and lumbar spine, indicating a muscle sprain/strain. Mr. Taunton also underwent the Kemp's test which was positive for a disc lesion or sacroiliac lesion. X-rays were ordered and taken on Mr. Taunton of the thoracic and lumber spine region. He was ordered to start aggressive chiropractic therapy that included adjustments and modalities at T3, T4, T6, T7, T8 and L4 as well as the right pelvis.

Mr. Taunton was then referred to undergo an MRI for his lumbar and thoracic spine region. The lumbar MRI revealed, a central posterior disc herniation with moderate spinal stenosis at L3-4 and a central posterior disc herniation indenting the ventral thecal sac and elevating the posterior longitudinal ligament with moderate spinal stenosis at L4-5. At L5-S1 there is a posterior disc herniation indenting on the ventral sac and elevating the longitudinal ligament. The thoracic MRI revealed, a right central disc herniation with mild cord deformity. At T9-10 there is a left central disc herniation indenting the ventral thecal sac. At T10-11 there is a bulging disc indenting on the ventral thecal sac. It was also noted that the MRI revealed a disc bulge at C3-4. Mr. Taunton was referred to Spine & Ortho Specialist for examination. Meanwhile, Mr. Taunton completed several sessions of his chiropractic care. It is noted in Specific Care Chiropractic's final review that Mr. Taunton received permanent injuries and will have exacerbation in the future. He was released from his chiropractic treatment after 30 visits and advised to return as needed.

Following Specific Care Chiropractic's orders, Mr. Taunton presented at Spine & Orthopedic Specialist for a neurosurgical evaluation. There he complained of thoracic and lumbar pain. He was examined and diagnosed with acute midline thoracic back pain, thoracic disc herniation, low back pain, lumbar disc herniation and lumbar facet joint syndrome. Mr. Taunton was advised to complete his chiropractic care and seek additional treatment if pain worsens.

After Mr. Taunton completed his chiropractic treatment as prescribed, his pain worsened. He then presented to IRise Spine & Joint Institute. There he complained of severe cervical pain that was described as achy and prevented him from moving his neck at a normal angle. Dr. Getter reviewed the MRI findings and noted that the lumbar spine views show the L4-5 has a herniated/extruded disc with space narrowing and posterior annular tearing resulting in severe central recess. Dr. Getter then advised that the

# FARAH & FARAH
## Protecting you and your family since 1979.
### www.farahandfarah.com

recommend course of treatment and to obtain meaningful and lasting relief would be a Laminectomy
Discectomy and a Fusion.

Mr. Taunton underwent the fusion surgery on March 4, 2022. The procedure was performed by
the surgeon placing "Pedicle Screws" through the pedicle bone on the back of the spinal column. The
screw inserts through the pedicle and into the vertebral body, one on each side. The screws grab into the
bone of the vertebral body, giving them a good solid hold on the vertebra. Once the screws are placed,
they are attached to metal rods that connect all the screws together. When everything is bolted together
and tightened, this creates a stiff metal frame that holds the vertebrae still so that healing can occur. The
bone graft is then placed around the back of the vertebrae. Mr. Taunton was required to be under
anesthesia and was required to stay in the hospital for several days for observation. Additionally, during
recovery Mr. Taunton was out of work for approximately 6 weeks.

## PAIN, SUFFERING AND LOST ENJOYMENT OF LIFE

As you know, Georgia law provides that when an injury has been sustained, the law infers that pain and
suffering will result from such injury.  You should be advised that my client and his family, if called
upon, will testify that as a result of his injuries, Mr. Taunton has difficulty with daily activities. According
to my client's medical records, as well as his anticipated testimony, this event has had a great impact on
his life.  Since the wreck, Mr. Taunton has been forced to limit his previous active lifestyle and has
increased difficulties with the physical demands of everyday activities. We expect a jury would find these
losses to be real and compensable, especially in light of the aggravating circumstances which led to the
losses.  Based upon the foregoing, there should be no question that Mr. Taunton must be fairly
compensated for his past, present and future pain and suffering.

## SPECIAL DAMAGES

As a result of the injuries sustained in this accident, Mr. Taunton has incurred a total of **$159,844.10** in
special damages.  The following is an outline of the medical expenses:

| | |
|---|---|
| Associates MD | $ 2,557.44 |
| Florida Outpatient Specialty Services, LLC. | $50,528.25 |
| NuVasive Clinic Services | $   600.00 |
| Sierra Surgical | $ 2,800.00 |
| LeConte Medical Center | $   966.00 |
| Specific Care Chiropractor | $ 9,134.85 |
| Spine and Orthopedic Specialist | $   750.00 |
| Southeastern Emergency Physicians | $   660.00 |
| CareFirst Imaging | $ 5,850.00 |
| IRise Spine & Joint | $85,931.56 |
| Vista Radiology | $    69.00 |

**Total**                                    **$159,844.10**



**FARAH & FARAH**

Protecting you and your family since 1979.

www.farahandfarah.com

### DEMAND

As a direct and proximate result of your insured's negligence, Michael Taunton suffered personal injuries resulting in treatment, pain and suffering, and a lost enjoyment of life.

Based on the foregoing, we hereby make the claim on behalf of Michael Taunton for the lump sum One Million Dollars, ($1,000,000.00), which is within the policy limits disclosed by Superior Risk Management, Inc., insuring GPA Trucking Express, Inc. Our offer is made to eliminate some exposure to your insured, and we anticipate that you will notify your insured of this demand.

Pursuant to O.C.G.A. § 51-12-14, this demand to settle a tort claim will also establish our client's entitlement to interest on the amount demanded herein. Your opportunity to extend a settlement offer in this case will remain open for 3o days from the date you receive this offer, after which we shall be entitled by law to receive interest on the sum demanded when, upon trial of the case, the judgment equals or exceeds our demand. As you know, the interest provided for in this code section is the rate allowed by law per annum and shall begin to run from the time allowed by law following the date of the mailing of this letter until the date of judgment.

Pursuant to O.C.G.A. § 9-11-67.1, we provide you with this reasonable opportunity to settle the claims against your insured under the following terms, all of which are material, and none of which are negotiable. Please be advised that ALL conditions of this demand must be met within the time limits specified below:

**(1) You have thirty (30) days from your receipt of this offer to accept it.  The 30-day period shall be conclusively established by the green return-receipt-requested postcard provided by the US postal service or the date provided to us by any statutory overnight delivery service.**

If we do not actually receive a timely acceptance, this offer will be deemed rejected, and we will file a lawsuit against your insured to recover the total amount of losses caused by your insured, instead of the limited amount afforded by your coverage and any other coverage that may be available. Your acceptance of this offer must be made in writing to:

**Christle L. Guinyard, Esq.**
**Farah & Farah, P.A.**
**323 Pine Ave**
**Ste 201**
**Albany, GA 31701**

(2) Payment in the amount of One Million Dollars, $1,000,000.00 must be made payable to Michael Taunton and Farah & Farah, P.A., within ten (10) days following your written acceptance of this offer to settle.

**Timely payment is an essential element of acceptance.**

# FARAH & FARAH

### Protecting you and your family since 1979.
**www.farahandfarah.com**

(3) Along with timely payment, and within ten (10) days following your written acceptance of this offer to settle, you must provide us with an executed Affidavit of No Additional Insurance.

(4) Your insured(s) will be released from liability subject to a limited liability release in substantially the same form as that attached hereto.

(5) The type of release offered is the attached limited liability release.

(6) The claims to be released by your acceptance of this offer are all claims against your above-referenced insured, subject to the terms of the attached limited liability release.

     This firm's Tax Identification Number is: 59-2596163. Upon your request, we will be happy to provide a signed W-9, but please be advised that such request will not extend any time limits provided under this offer.

We look forward to your timely response.

Farah & Farah, P.A.

*Christle L. Guinyard*

Christle Guinyard, Esq.
Attorney at Law
(239) 204-2357

CG/cg

## LIMITED RELEASE PURSUANT TO O.C.G.A. § 33-24-41.1

**Michael Taunton**, ("the UNDERSIGNED"), for and in consideration of the sum of One Million Dollars ($1,000,000.00) to the UNDERSIGNED, in hand paid, receipt and sufficiency of which is hereby acknowledged, does hereby and for the heirs, executors, administrators, successors and assigns of the UNDERSIGNED acquit, remise, release, and forever discharge:

(1)   **State National Insurance Co., and Superior Risk Management** ("INSURANCE CARRIERS") with regard to Policy No. **H62189** from any and all claims, demands, rights, and causes of action of whatsoever kind and nature, including but not limited to, all known and unknown bodily and personal injuries of the UNDERSIGNED, all hospital bills, doctor bills, drug bills, and other medical expenses, that belong to the UNDERSIGNED or which may hereafter accrue to the UNDERSIGNED on account of or resulting from the incident, casualty or event which occurred on or about **March 13, 2021 in Bibb County, GA** ("INCIDENT")

(2)   **GPA Trucking Express, Inc.,** ("LIMITED RELEASEE"), except to the extent other insurance coverage is available which covers the claim or claims of the UNDERSIGNED against the LIMITED RELEASEE, from any and all claims, demands, rights, and causes of action of whatsoever kind and nature, including but not limited to, all known and unknown bodily and personal injuries of the UNDERSIGNED, all hospital bills, doctor bills, drug bills, and other medical expenses, that belong to the UNDERSIGNED or which may hereafter accrue to the UNDERSIGNED on account of or resulting from the INCIDENT.

All parties acknowledge that the payment referenced herein does not make whole nor fully compensate the UNDERSIGNED for losses sustained as a result of the

INCIDENT.

This Limited Release is entered into pursuant to O.C.G.A. § 33-24-41.1, and its force and effect shall be as contemplated by that statute. This Limited Release does not release INSURANCE CARRIER with regard to other insurance policies not identified above, whether issued to LIMITED RELEASEE or to any other person or entity, including the UNDERSIGNED, and the UNDERSIGNED maintains all rights to pursue recovery with regard to any insurance policies not identified by policy number herein.

This Limited Release shall not release any persons or entities not specifically named herein.

All parties deny liability, and all parties may deny liability in any future action.

The UNDERSIGNED understands that the injuries sustained are or may be permanent and progressive and that recovery is uncertain and indefinite. The UNDERSIGNED has relied wholly upon his or her own the judgment, belief and knowledge as to the nature, extent, effect and duration of said injuries and liability, if any, and such is made without reliance upon any statement or representation of any other person. The UNDERSIGNED acknowledges that no promise, inducement, or agreement not herein expressed has been made and that this Limited Release contains the entire agreement between the parties. The UNDERSIGNED is 18 years of age or older, of sound mind and laboring under no disabilities. The foregoing representations are made in order for the parties released hereby to rely upon them in effecting this Limited Release.

The UNDERSIGNED acknowledges prior receipt of this Limited Release and that it is notice in writing of lack of consent of the LIMITED RELEASEE to this settlement and that the this Limited Release does not preclude the LIMITED RELEASEE from

asserting claims against the UNDERSIGNED.

The UNDERSIGNED agrees to take reasonable steps to satisfy or otherwise resolve valid and enforceable liens accrued as a result of the UNDERSIGNED's alleged injuries arising out of the INCIDENT and agrees to effect necessary probate matters, if any, in due course.

This _____ day of _____, 20____.


_____
*Michael Taunton*

Sworn to and subscribed before me,
This _____ day of _____, 20____.

_____
Notary Public

## CERTIFICATE OF SERVICE

I electronically filed **DEFENDANTS GPA TRUCKING EXPRESS, INC. AND UNITED SPECIALITY INSURANCE COMPANY'S NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

R. Lee Page, Jr., Esq.
Farah & Farah, P.A.
2310 Parklake Drive, N.E., Suite 262
Atlanta, Georgia  30345

I also mailed by United States Postal Service the document to the following non-CM/ECF participants:  None.

This 20th day of January, 2023.

/S/ *Grant B. Smith*
GRANT B. SMITH, ESQ.
For the Firm

2610-14603(GBS)