# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| KURT SIEGENTHALER, CHRISTINE ) | |
| SIEGENTHALER, KCM REAL ) | |
| ESTATE INVESTMENTS, ) | |
| FRONT DESK ACCOUNTING, LLC, ) | |
| MATTHEW NICKLIN, THE ) | |
| CHEROKEE COUNTY TAX ) | |
| COMMISSIONER, THE GEORGIA ) | |
| DEPARTMENT OF LABOR and THE ) | |
| GEORGIA  DEPARTMENT OF ) | |
| REVENUE ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

1. This action is brought by the United States to reduce to judgment Kurt Siegenthaler's unpaid federal income tax liability for tax years 2002-2004, 2006-2019. This action also seeks to impose nominee or alter ego liability against co-defendant KCM Real Estate Investments, and foreclose federal tax liens. All other named parties may have an interest in property at issue in this Complaint through their recorded lien interests.

2. This action is authorized and requested by a delegate of the Secretary of the Treasury, and is brought at the direction of the Attorney General of the United States. 26 U.S.C. § 7401.

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1340, 1345 and 26 U.S.C §§ 7402(a), 7403(a).

4. Venue is proper pursuant to 28 U.S.C. §§ 1391(b) and 1396 because Kurt Siegenthaler's tax liabilities at issue accrued in this district, Kurt Siegenthaler resides in Woodstock, GA, which is within this district, and the real property at issue in this complaint is located within this district.

## PARTIES AND SUBJECT PROPERTIES

5. Kurt Siegenthaler has a lengthy history of failing to meet his federal income tax obligations. He did not timely file federal income tax returns or pay federal income taxes for years 2002-2004, 2006-2008. And for 2009-2019, he failed to pay his federal income taxes and, for some of those years, failed to file timely federal income tax returns. At times, he has operated a small business named "Kurt A. Siegenthaler, CPA, PC."

6. Christine Siegenthaler is Kurt Siegenthaler's ex-spouse. They divorced in 2019. She is named as a party to this action as she may have an interest in property at issue.

7.     KCM Real Estate Investments, LLC (also known as KCMG Real Estate Investments LLC, hereafter "KCM") is an active Georgia limited liability company that was created by Kurt and Christine Siegenthaler in 2001. Christine Siegenthaler is the registered agent for the company. KCM is the title owner of the property located at 606 Scott Terrace, Woodstock, GA 30188 ("Scott Property"). KCM is named as a party to this action as the company is an alter ego of Kurt Siegenthaler and holds title to property at issue.

8.     The Scott Property's legal description is

ALL THAT CERTAIN TRACT OR PARCEL OF LAND LYING AND BEING IN LAND LOTS 788 AND 789, 2ND DISTRICT, 2ND SECTION, CHEROKEE COUNTY, GEORGIA, BEING LOT 120, QUAIL WOODS, UNIT III AS PER PLAT FILED FOR RECORD AND RECORDED IN THE OFFICE OF THE CLERK OF THE SUPERIOR COURT OF CHEROKEE COUNTY, GEORGIA IN PLAT BOOK 21, PAGE 83; SAID PLAT IS HEREBY INCORPORATED HEREIN BY REFERENCE AND MADE A PART HEREOF. CONTAINING IMPROVEMENTS THEREON KNOWN AS 606 SCOTT TERRACE, WOODSTOCK, GEORGIA 30188.

9.     Kurt and Christine Siegenthaler jointly purchased the Scott Property in 1991. On March 8, 2002, Kurt and Christine Siegenthaler transferred the Scott Property, to KCM. On a deed dated December 16, 2003, but recorded on February 19, 2004, KCM conveyed the Scott Property back to the Siegenthalers. On February 19, 2004, the same day the last deed was recorded, the Siegenthalers recorded a second deed with the same date returning the property to KCM.

10. On September 2, 2004, the Scott Property was conveyed from KCM to the Siegenthalers, with "love and affection" written in as consideration. The same day, the Siegenthalers obtained a mortgage from Chase Manhattan Mortgage Corp in their names.

11. Immediately after obtaining the mortgage, the Siegenthalers conveyed the Scott Property back to KCM. Again, the consideration for the transaction was written as "love and affection."

12. Front Desk Accounting, LLC is an active Georgia limited liability company providing accounting services in Woodstock, GA that was created by Christine Siegenthaler in 2011. It is located at the Scott Property. Front Desk is named as a party to this action as the company may have an interest in property at issue.

13. Matthew Nicklin is a Georgia citizen who sued Kurt Siegenthaler in the Magistrate Court of Cherokee County. Matthew Nicklin claimed that Kurt Siegenthaler failed to perform a contract to complete business and personal tax returns, and sought $6,100 in damages (consisting of $3,100 in advances paid to Siegenthaler and $3,000 in damages). *Nicklin v. Siegenthaler*, Case No. 22 MCE4064, Magistrate Court of Cherokee County. Kurt Siegenthaler failed to answer the claim, and a default judgment was entered against him. On January 9, 2023, Matthew Nicklin sought and obtained a writ of fieri facias against Kurt

Siegenthaler. He is named as a party to this action as he may have an interest in the property at issue.

14. The Cherokee County Tax Commissioner bills and collects property taxes, accounting, and disbursements in Cherokee County, Georgia. The Tax Commissioner is named as a party solely to the extent there are any claims for property taxes, or other special assessments, due on the Scott Property located in Cherokee County, GA.

15. The Georgia Department of Labor ("GADOL") is a State Agency tasked with overseeing labor laws and safety regulations in the State of Georgia. On February 18, 2020, GADOL recorded a lien against Kurt A. Siegenthaler CPA PC for unpaid unemployment contributions. GADOL is named as a party to this action as it may have an interest in the property at issue.

16. The Georgia Department of Revenue ("GADOR") is the principal tax collection agency for the State of Georgia. GADOR has recorded liens against Kurt Siegenthaler for multiple tax years, including 2011, 2012, 2014, 2018 and 2019. GADOR is named as a party to this action as it may have an interest in the property at issue.

## Count I –Reduce Federal Income Tax Assessments against Kurt Siegenthaler to Judgment: 2002-2004, 2006-2019

17. For all tax years, Kurt Siegenthaler was a self-employed financial planner, tax return preparer, and accountant. Kurt Siegenthaler was a licensed Certified Public Accountant license in the State of Georgia (License Number CPA011870, CPE-5A491) from 1990 until 2015, when he let his CPA license lapse.

18. In addition to holding a CPA license, Kurt Siegenthaler was a member of the American Institute of CPAs. The American Institute of CPAs expelled him from membership in 2016 for his failure to cooperate with an investigation of his professional conduct stemming from at least five official complaints related to his practice ranging from unprofessional conduct to quality of work.

19. In his role as a financial planner and accountant, Kurt Siegenthaler has represented clients before the Internal Revenue Service and provided general taxation advice.

20. Despite his profession as a professional tax preparer and accountant, Kurt Siegenthaler failed to timely file many of his own returns. And he did not make any estimated federal income tax payments during the years at issue, despite an obligation to do so.

21. Some of Kurt Siegenthaler's clients have sued him for failure to complete tax preparation services, such as Matthew Nicklin, after being paid up

front. In December 2017, an arrest warrant was issued against Mr. Siegenthaler, alleging theft by taking. According to the affidavit for arrest, Mr. Siegenthaler accepted $300 to prepare taxes, and represented he was a CPA. However, he was not a licensed CPA at that time, and failed to file the taxes. The victim alleged the error caused them to owe the IRS over $8,000.

22.     In a separate warrant in December 2017, Mr. Siegenthaler was accused of falsely identifying himself as a certified public accountant, and operating an accounting business without maintaining a proper license. The accusation alleged that Mr. Siegenthaler took money from multiple victims to prepare their taxes, representing himself as a CPA, yet never filed their taxes.

23.     On December 20, 2017, Mr. Siegenthaler was arrested.

24.     On September 27, 2018, Mr. Siegenthaler was found guilty of one count of operating a public accounting firm without a license, and three counts of practicing public accounting without a license.

25.     As part of his sentence, Mr. Siegenthaler was ordered that he "[m]ay not practice accounting or tax return filing." In a later order on October 8, 2018, the Court stated that Mr. Siegenthaler "[m]ay work in accounting that does not involve any tax preparation."

26.     For each of the tax years 2002 through 2004, and 2006 through 2008, Kurt Siegenthaler was required but failed to file a federal income tax return. As a

result, the IRS calculated his tax liability for those years in accordance with its notice of deficiency procedures and issued him a statutory notice of deficiency to his last known address. As summarized in the table below at paragraph 30, a delegate of the Secretary of the Treasury assessed the income tax deficiencies for the specified years against Kurt Siegenthaler, plus applicable penalties and interest, after the restriction on assessment in 26 U.S.C. § 6213 lapsed.

27.   For tax years 2009-2011, 2014 and 2016-2018, Kurt Siegenthaler filed his federal income tax returns after their due dates. On each untimely return, he reported tax due, but failed to pay the tax reported on his return. As summarized in the table below at paragraph 30, a delegate of the Secretary of the Treasury assessed against Kurt Siegenthaler the income tax reported on his tax returns for the specified years, plus applicable penalties and interest.

28.   For tax years 2012-2013, 2015 and 2019, Kurt Siegenthaler filed timely his federal income tax returns. He reported tax due on those returns, but tailed to pay the tax he reported. As summarized in the table below at paragraph 30, a delegate of the Secretary of the Treasury assessed against Kurt Siegenthaler the income tax reported on his returns for the specified years, plus applicable penalties and interest.

29.   For all tax years where Kurt Siegenthaler filed a federal income tax return, late or not, he claimed married filing separate status ("MFS"). MFS is a tax

status for married couples who chose to record their incomes, exemptions, and deductions on separate tax returns. By filing under MFS status, Kurt Siegenthaler's tax liabilities are solely his.

30.     On the dates and in the amounts set forth in the following table, a delegate of the Secretary of the Treasury properly assessed federal income tax liabilities, plus applicable penalties and interest, against Kurt Siegenthaler:

| Tax Year | Date of Assessment | Amount Assessed | | | Balance as of 1/31/2023 |
|---|---|---|---|---|---|
| | | Tax | Interest | Penalties and Fees | |
| 2002 | 12/5/2011 | $53,276.00 | $38,531.36 | $6,680.10*<br>$13,319.00**<br>$832.43*** | $98,443 |
| 2003 | 12/05/2011 | $167,615.00 | $106,951.53 | $37,713.38*<br>$41,903.75**<br>$4,324.65*** | $542,310 |
| 2004 | 12/5/2011 | $69,055.00 | $37,881.51 | $15,537.38*<br>$17,263.75**<br>$1,978.91*** | $216,175 |
| 2006 | 12/5/2011 | $101,145.00 | $31,269.21 | $8,557.63*<br>$25,286.25**<br>$231.15*** | $99,855 |
| 2007 | 12/05/2011 | $195,516.00 | $37,330.45 | $3,229.10*<br>$41,058.36**<br>$2,026.82*** | $50,743 |
| 2008 | 12/05/2011 | $59,231.00 | $6,704.91 | $13,326.98*<br>$8,588.49**<br>$442.98*** | $161,999 |
| | 03/05/2021 | $8,779.00 | $11,302.55 | $2,510.00* | |
| 2009 | 3/18/2013 | $18,070.00 | $2,234.70 | $4,065.75*<br>$3,252.60** | $42,079 |
| 2010 | 3/18/2013 | $14,875.00 | $1,102.02 | $3,346.87*<br>$1,785.00**<br>$319.01*** | $33,770 |

9

| Tax Year | Date of Assessment | Amount Assessed | | | Balance as of 1/31/2023 |
|---|---|---|---|---|---|
| | | Tax | Interest | Penalties and Fees | |
| 2011 | 11/12/2012 | $16,566.00 | $354.02 | $3,727.35*<br>$579.81** | $37,361 |
| | 4/21/2014 | $562.00 | | $140.00* | |
| 2012 | 11/18/2013 | $19,894.00 | $286.01 | $635.76**<br>$285.36*** | $25,592 |
| 2013 | 11/24/2014 | $20,504.00 | $351.52 | $760.16**<br>$346.32*** | $33,412 |
| 2014 | 11/09/2015 | $32,118.00 | $653.04 | $6,956.55*<br>$1,082.13**<br>$418.49*** | $52,717 |
| 2015 | 11/28/2016 | $8,846.00 | $146.84 | $233.84**<br>$109.95*** | $9,787 |
| 2016 | 4/30/2018 | $41,135.00 | $1,686.58 | $3,342.15*<br>$2,413.77**<br>$129.20*** | $62,101 |
| 2017 | 6/17/2019 | $10,628.00 | $849.76 | $2,391.30*<br>$797.10**<br>$137.58*** | $19,106 |
| 2018 | 11/30/2020 | $2,438.00 | $217.09 | $548.55*<br>$243.80** | $4,110 |
| 2019 | 8/17/2020 | $5,701.00 | $15.44 | $57.01** | $7,694 |
| | | | | **TOTAL** | **$1,497,254** |

\* Failure to timely file return - IRC 6651(a)(1)
\*\* Failure to timely pay tax – IRC 6651(a)(2)
\*\*\* Failure to pay estimated tax – IRC 6654

31. A delegate of the Secretary of the Treasury properly gave notice of the liabilities described in paragraph 30 and made demand for payment.

32. Despite the notice of assessment and demand for payment, Kurt Siegenthaler has not paid in full the assessments against him.

10

33. The United States generally has ten years from the assessment date to bring a proceeding in court to collect an assessed tax liability unless the limitation is extended by certain actions.

34. For tax years 2002-2008, and part of the assessments for 2011, the statute was extended by at least 419 days, or until at least January 28, 2023, due to Kurt Siegenthaler's request for an installment agreement and three bankruptcy filings (Case No. 1:18bk66543, 1:18bk71565, 1:19bk55188, N.D. Ga. Bankr.) All three cases were dismissed without a discharge order.

35. For tax years 2009-2019 and a portion of 2011, this suit is being brought within ten years of the assessment dates.

36. Thus, this suit is timely brought for all tax years at issue.

**Count II –Impose Alter Ego Liability on KCM Investments LLC**

37. The United States incorporates the allegations from paragraphs 1 through 11, 26-36.

38. Kurt and Christine Siegenthaler are the 100% owners of KCM, a Roswell, Georgia real estate investment company.

39. While it was originally formed as "KCM Real Estate Investments, LLC" on April 2, 2001, the Siegenthalers changed its name on February 9, 2009, to "KCMG Real Estate Investments, LLC."

40. Despite the name change to KCMG, all bank, and real property records remain in the name of KCM, and the Employer Identification Number (EIN) carried over and is used by KCM/KCMG to this day.

41. KCM has a filing requirement to annually file Form 1065, U.S. Return of Partnership Income.

42. KCM has not filed a Form 1065 since 2009.

43. KCM derives its income from rent received from the Scott Property.

44. As alleged in paragraphs 7-11, the Scott Property has been the subject of several transfers between the Siegenthalers and KCM. The last transfers were to allow the Siegenthaler's to secure a mortgage loan on the property in 2004 and resulted in the immediate transfer of the property back to KCM.

45. The mortgage obtained in 2004 has been satisfied and thus no longer encumbers the Scott Property.

46. Although the Scott Property is titled to KCM, the mortgage was in the Siegenthalers' names.

47. Despite the mortgage being in the Siegenthalers' names, KCM made all mortgage payments from its bank account.

48. The Siegenthalers also made mortgage payments on their former home, located at 515 Old Path Crossing, Roswell, GA 30075 from KCM's bank account.

49. Kurt Siegenthaler does not have a personal bank account. Instead, he used KCM's bank account to pay his personal expenses. For example, it was Kurt Siegenthaler's practice to transfer funds from his CPA business' bank account into the KCM bank account, which were then used for payments on the mortgage, and other personal expenses, such as utilities, student loan payments and other familial obligations.

50. KCM is used to shield the Scott Property from collection by the United States. It is merely a paper entity designed to avoid the payment of taxes and is without economic substance.

51. KCM's bank account has been used to pay for Kurt Siegenthaler's personal expenses and debts, rather than corporate business expenses.

52. On information and belief, KCM does not appear to follow corporate formalities regarding board of directors meetings, minutes, and other corporate requirements.

53. There is complete unity of interest between Siegenthaler and KCM, in that the individuality of the Corporation is completely wrapped up in its two owners: Kurt and Christine Siegenthaler. Without one, or both, individuals, the Corporation would disappear.

54. KCM is inadequately capitalized, as it appears to require cash transfers from Kurt Siegenthaler's other businesses.

55. Kurt Siegenthaler comingles his funds from his CPA business and other ventures within the confines of KCM's bank accounts.

56. This comingling, and Kurt Siegenthaler's lack of a personal bank account, illustrate that KCM merely serves as a vehicle to thwart the United States' efforts to collect his owed tax debts.

57. Thus, KCM is an alter ego of Kurt Siegenthaler, and as such, its assets, including the Scott property, are available to satisfy Kurt Siegenthaler's tax debts as if they were his own personally.

## Count III –Lien Enforcement

58. The United States reasserts the allegations in contained in paragraphs 1 through 57.

59. Federal tax liens arose upon assessment of Kurt Siegenthaler's federal income tax liabilities on the dates of assessment shown in the table in paragraph 30, above.

60. The federal tax liens against Kurt Siegenthaler attached to all his property and rights to property, including property held in the names of his alter ego, KCM.

61. The IRS filed Notices of Federal Tax Lien against Kurt Siegenthaler in Cherokee County on the dates stated below.

| Form Type | Period | Assessment Date | Filing Date | Refile Date |
|---|---|---|---|---|
| 1040 | 2009 | 03/18/2013 | 05/13/2013 | n/a |
| 1040 | 2010 | 03/18/2013 | 05/13/2013 | n/a |
| 1040 | 2011 | 11/12/2012 | 12/31/2012 | 02/25/2022 |
| 1040 | 2011 | 04/21/2014 | 05/30/2017 | 02/25/2022 |
| 1040 | 2012 | 11/18/2013 | 01/21/2014 | n/a |
| 1040 | 2013 | 11/24/2014 | 01/02/2015 | n/a |
| 1040 | 2014 | 11/09/2015 | 12/08/2015 | n/a |
| 1040 | 2015 | 11/28/2016 | 01/23/2017 | n/a |
| 1040 | 2016 | 04/30/2018 | 05/29/2018 | n/a |

62. Kurt Siegenthaler intentionally executed certain real estate and other asset transfers to evade payment of his unpaid federal taxes and to shield assets from federal tax liens. The transfers include the conveyances of the Scott Property between the Siegenthalers and KCM as alleged in paragraphs 7 through 11.

63. KCM, despite being the titleholder, paid no consideration for the Scott property and as alleged in paragraphs 38 to 57, above, is an alter ago of Kurt Siegenthaler.

64. The IRS also filed Notices of Federal Tax Lien against KCMG Real Estate Investment Inc. a/k/a KCM Real Estate Instatements Inc. as the alter ego of Kurt Siegenthaler in Cherokee County on the dates stated below.

| Form Type | Period | Assessment Date | Filing Date | Refile Date |
|---|---|---|---|---|
| 1040 | 2009 | 03/18/2013 | 06/19/2017 | n/a |
| 1040 | 2010 | 03/18/2013 | 06/19/2017 | n/a |
| 1040 | 2011 | 11/12/2012 | 06/19/2017 | 02/25/2022 |
| 1040 | 2011 | 04/21/2014 | 06/19/2017 | 02/25/2022 |
| 1040 | 2012 | 11/18/2013 | 06/19/2017 | n/a |
| 1040 | 2013 | 11/24/2014 | 06/19/2017 | n/a |
| 1040 | 2014 | 11/09/2015 | 06/19/2017 | n/a |
| 1040 | 2015 | 11/28/2016 | 06/19/2017 | n/a |

65. The federal tax liens against Kurt Siegenthaler and his alter ego KCM Investments attach to his interest in the Scott Property, and the United States has a right to have its tax liens foreclosed, the property sold, and the proceeds applied to Kurt Siegenthaler's unpaid federal income tax liabilities.

WHEREFORE, the plaintiff, United States of America, demands that this Court:

a)   determine and adjudge that defendant Kurt Siegenthaler is indebted to the United States in the total amount of $1,497,254, plus fees and statutory additions thereon as provided by law from January 31, 2023.

b)   determine and adjudge that KCM is the alter ego of Kurt Siegenthaler and that the United States may collect Kurt Siegenthaler's unpaid tax liabilities from KCM's assets, including the Scott property;

c)   determine and adjudge that the federal tax liens against Kurt Siegenthaler and KCM as Kurt Siegenthaler's alter ego attach to his interest in the Scott Property;

d)   order that the federal tax liens against Kurt Siegenthaler and KCM as Kurt Siegenthaler's alter ego may be foreclosed and that the Scott Property may be sold according to law, free and clear of the liens and claims of the parties;

e)   order that the proceeds of the sale be distributed in accordance with the determination of the Court with respect to the priorities of the claims of the parties; and

f)   grant such other and further relief as is just and proper, including costs of this action.

Dated: January 20, 2023                           Respectfully submitted,

                                                  DAVID A. HUBBERT
                                                  Deputy Assistant Attorney General

                                                  */s/ Conor P. Desmond*

>CONOR P. DESMOND
>District of Columbia Bar ID: 1531356
>Trial Attorney, Tax Division
>U.S. Department of Justice
>P.O. Box 14198
>Washington, D.C.  20044
>202-616-1857 (v)
>202-514-4963 (f)
>Conor.P.Desmond@usdoj.gov
>
>Of Counsel:
>
>RYAN K. BUCHANAN
>United States Attorney
>
>NEELI BEN-DAVID
>Assistant U.S. Attorney
>Georgia Bar No. 049788
>Office of the U.S. Attorney
>75 Ted Turner Drive, SW
>Suite 600
>Atlanta, GA 30303
>404-581-6303
>Neeli.Ben-David@usdoj.gov
>
>Counsel for the United States of America

## CERTIFICATE OF COMPLIANCE

The undersigned hereby certifies that this pleading complies with the font and point selections approved by the Court in Local Rule 5.1C. This document has been prepared in Times New Roman font, 14 point.

>*/s Conor P. Desmond*
>Conor P. Desmond
>Trial Attorney, Tax Division
>U.S. Department of Justice