# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| Keyatta Marshall,<br><br>Plaintiff,<br><br>vs.<br><br>Experian Information Solutions, Inc., and Equifax Information Services, LLC,<br><br>Defendants. | Case No.:<br><br><br><br>**COMPLAINT**<br><br><br>**JURY TRIAL DEMAND** |

NOW COMES THE PLAINTIFF, KEYATTA MARSHALL, BY AND THROUGH COUNSEL, JOON JEONG, ESQ., and for her Complaint against the Defendant, pleads as follows:

## JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq*. [hereinafter "FCRA"]).

## VENUE

3. The transactions and occurrences which give rise to this action occurred in the city of Lithonia, DeKalb County, Georgia.

4. Venue is proper in the Northern District of Georgia, Atlanta Division.

## PARTIES

5. Plaintiff is a natural person residing in the city of Lithonia, DeKalb County, Georgia.

6. The Defendants to this lawsuit are:

   a. Experian Information Services, Inc. ("Experian") is a foreign corporation that conducts business in the State of Georgia; and

   b. Equifax Information Services, LLC ("Equifax") is a domestic limited liability company that conducts business in the State of Georgia.

## GENERAL ALLEGATIONS

7. TBOM is inaccurately reporting a tradeline ("False Tradeline") on Plaintiff's Experian and Equifax ("CRAs") credit disclosures.

8. TBOM is reporting a False Tradeline opened in August 2018 with a balance of $455, a past due amount of $228, and payment status of Charge-Off on Plaintiff's Experian credit disclosure.

9. The same account is also inaccurately reporting a False Tradeline opened in August 2018 with a payment status of Charge-Off on Plaintiff's Equifax credit disclosure.

10. The account information is false as the account reflected by the False Tradeline was paid in full with Resurgent Capital Services, LP, the debt collection company collecting the debt in behalf of LVNV Funding, LLC, the current owner of the debt.

11. The False Tradeline should be reported as closed.  This type of reporting gives the user of the report a far different and better impression of the Plaintiff, her character, and her desire to handle her financial obligations responsibly.

12. The current reporting greatly reduces and improperly restricts Plaintiff's opportunities to obtain jobs, cars, and credit to maintain her lifestyle.

13. On October 17, 2022, Plaintiff obtained her Experian and Equifax credit disclosures and noticed the Errant Tradeline reporting with inaccurate account status.

14. On or about November 28, 2022, Plaintiff, through Credit Repair Lawyers of America, submitted separate letters to Experian and Equifax disputing the False Tradeline.

15. In her dispute letter, Plaintiff explained that the account was paid in full with Resurgent Capital Service, LP, the debt collection company collecting the debt on behalf of LVNV Funding, LLC, the current owner of the debt. Plaintiff attached Resurgent Paid in Full letter verifying the same.  Plaintiff asked Experian to report the account status as closed.

16. The CRAs forwarded the consumer dispute to TBOM.

17. TBOM received the consumer dispute from the CRAs.

18. On January 17, 2023, Plaintiff obtained her Experian and Equifax credit disclosures, which showed that Experian and Equifax failed or refused to correct the account status.

19. The False Tradeline is wrong and does not properly reflect Plaintiff's account with TBOM. The False Tradeline is misleading to any user of Plaintiff's credit reports who sees the tradeline or who obtains her credit score that is based on the tradeline.

20. The CRAs knew or should have known about its legal obligations under the FCRA prior to its violations of the FCRA.

21. As a direct and proximate cause of the Defendant's negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, Plaintiff has suffered credit and emotional damages. Plaintiff has also experienced undue stress, anxiety, depression, anger, frustration, and crying spells due along with loss of sleep, inability to concentrate, headaches, restlessness/discomfort, and stomach problems due to Defendant's failure to correct the errors in her credit file or improve her financial situation by obtaining new or more favorable credit terms as a result of the Defendant's violations of the FCRA.

## COUNT I

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

22. Plaintiff realleges the above paragraphs as if recited verbatim.

23. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 U.S.C. § 1681a.

24. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

25. Experian negligently failed to maintain and/or reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

26. After receiving Plaintiff's consumer dispute to the False Tradeline, Experian negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. §1681i.

27. As a direct and proximate cause of Experian's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

28. Experian is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o.

WHEREFORE, PLAINTIFF PRAYS that this court grants her a judgment against Experian for actual damages, costs, interest, and attorneys' fees.

## COUNT II

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

29. Plaintiff realleges the above paragraphs as if recited verbatim.

30. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 U.S.C. § 1681a.

31. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

32. Experian willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

33. After receiving Plaintiff's consumer dispute to the False Tradeline, Experian willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. § 1681i.

34. As a direct and proximate cause of Experian's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

35. Experian is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Defendant Experian for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## COUNT III

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX**

36. Plaintiff realleges the above paragraphs as if recited verbatim.

37. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 U.S.C. § 1681a.

38. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

39. Equifax negligently failed to maintain and/or reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

40. After receiving Plaintiff's consumer dispute to the False Tradeline, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. § 1681i.

41. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

42. Equifax is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

### COUNT II

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX**

43. Plaintiff realleges the above paragraphs as if recited verbatim.

44. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 U.S.C. § 1681a.

45. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

46. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

47. After receiving Plaintiff's consumer dispute to the False Tradeline, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. § 1681i.

48. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

49. Equifax is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Defendant Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED: January 20, 2023

By: */s/ Joon Jeong*
Joon Jeong
GA Bar Number 482317
1295 Old Peachtree Road, Suite 250
Suwanee, GA 30024
Telephone: 678-691-7905
Facsimile: 866-695-5440
E-Mail: info@jjeonglaw.com
*Attorneys for Plaintiff,*
*Keyatta Marshall*