IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| AUSTIN SIMPSON, ) <br> ) <br>    Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> EAZY EATS, LLC, BIRDIES ) <br> WINGS OF KENNESAW LLC, ) <br> JOHNNY ARCHER'S PLACE LLC, ) <br> and WALTER D. BREAUX, ) <br> ) <br>    Defendants. ) | Civil Action File <br> No. _____ |

## COMPLAINT

Plaintiff Austin Simpson, by and through counsel, files this Complaint against Defendants Eazy Eats, LLC ("Eazy Eats"), Birdies Wings of Kennesaw LLC ("Birdies"), Johnny Archer's Place LLC ("Archer's"), and Walter D. Breaux ("Breaux") (collectively "Defendants") for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, by failing to pay Plaintiff proper overtime wages. Plaintiff files this Complaint against Defendants to recover unpaid wages, liquidated damages, prejudgment interest, costs, and attorneys' fees.

In support of his claim, Plaintiff asserts as follows:

## INTRODUCTION

1. This lawsuit arises from the failure of Defendants to properly calculate and pay Plaintiff overtime wages during the period October 2019 through October 2022.

2. The relevant period is 3 years prior to the filing of this complaint.

## JURISDICTION AND VENUE

3. This court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

4. Venue is proper in this Northern District of Georgia pursuant to 28 U.S.C. § 1391. Defendants transact business in this judicial district and the events giving rise to the claims herein occurred in this judicial district and division.

## THE PARTIES

**A. Plaintiff Simpson.**

5. Plaintiff Austin Simpson is a resident of Georgia in this judicial district and division.

**B. Defendant Eazy Eats, LLC.**

6. Defendant Eazy Eats, LLC is a Georgia corporation with its principal office address on file with the Georgia Secretary of State as 8876 Dallas Acworth Hwy., #302, Dallas, GA, 30132.

7. Defendant Eazy Eats's registered agent for service of process is John Michael Miller CPA Inc., 1033 Sandy Springs Plains Rd, Marietta, GA, 30066.

8. Defendant Eazy Eats had annual gross revenue and volume of sales in excess of $500,000.00 for each year in the relevant period.

9. Defendant Eazy Eats owns and operates the restaurant Birdies Wings and More ("Birdies Dallas Restaurant") located at 8876 Dallas Acworth Hwy, Dallas, GA 30132.

10. At all relevant times, Defendant Eazy Eats has continuously been an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 207(a).

11. Defendant Eazy Eats employed Plaintiff throughout the relevant period.

**C. Defendant Birdies Wings of Kennesaw LLC.**

12. Defendant Birdies Wings of Kennesaw LLC is a Georgia corporation with its principal office address on file with the Georgia Secretary of State as 2500 Cobb Place Lane NW, Suite 220, Kennesaw, GA, 30144.

13. Defendant Birdies' registered agent for service of process is Walter D Breaux, 2500 Cobb Place Lane NW, Suite 220, Kennesaw, GA, 30144.

14. Defendant Birdies had annual gross revenue and volume of sales in

excess of $500,000.00 for each year in the relevant period.

15. Defendant Birdies owns and operates the restaurant Birdies Wings and More ("Birdies Kennesaw Restaurant") located at 2500 Cobb Pl Ln NW Ste 220, Kennesaw, GA 30144.

16. At all relevant times, Defendant Birdies has continuously been an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 207(a).

17. Defendant Birdies employed Plaintiff throughout the relevant period.

### D. Defendant Johnny Archer's Place LLC.

18. Defendant Johnny Archer's Place LLC is a Georgia corporation with its principal office address on file with the Georgia Secretary of State as 138 S Tennessee St., Cartersville, GA, 30120.

19. Defendant Archer's registered agent for service of process is Matthew D. McMaster, LLC, 12 Powder Springs St., Suite 250, Marietta, GA, 30064.

20. Defendant Archer's had annual gross revenue and volume of sales in excess of $500,000.00 for each year in the relevant period.

21. Defendant Archer's owns and operates the restaurant Archer's Sports Bar & Grill ("Archer's Restaurant") located at 138 S Tennessee St, Cartersville, GA 30120.

22. At all relevant times, Defendant Archer's has continuously been an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 207(a).

23. Defendant Archer's employed Plaintiff throughout the relevant period.

**E. Defendant Walter D Breaux.**

24. At all relevant times, Defendant Breaux was the owner, general manager, and/or primary decision maker for Defendant Eazy Eats.

25. At all relevant times, Defendant Breaux was the owner, general manager, and/or primary decision maker for Defendant Birdies.

26. At all relevant times, Defendant Breaux was the general manager, and/or primary decision maker over Plaintiff for Defendant Archer's.

27. Defendant Breaux can be served at 8421 Hiram Acworth Hwy, Dallas GA 30157.

## FACTUAL BASIS OF PLAINTIFF'S CLAIMS

28. Plaintiff was employed by Defendants as a delivery driver and cook.

29. At all times during his employment, Plaintiff was a non-exempt employee of Defendants.

30. At all relevant times, Plaintiff was an "employee" of Defendants as that term is defined in 29 U.S.C. § 203(e)(1).

31. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

### A. Defendants Eazy Eats, Birdies, and Archer's operate as a single enterprise under the FLSA.

32. Defendants Eazy Eats, Birdies, and Archer's are engaged in related activities.

33. All Defendants are in the restaurant business.

34. All Defendants share and interchange employees on a regular basis.

35. All Defendants are a unified operation and under common control.

36. All Defendants combine, unite, and organize themselves for a common business purpose.

37. All Defendants share a common business purpose.

38. All Defendants have the same executive decision makers.

39. All Defendants have a significant degree of operational interdependence.

### B. Defendant Breaux is Individually Liable for the FLSA Violations.

40. At all relevant times, Defendant Breaux was the owner, general manager, and/or primary decision maker for Defendants Eazy Eats, Birdies, and Archer's.

41. At all relevant times, Defendant Breaux had control and direction over workplace conditions, operations, personnel, and compensation for Defendants Eazy Eats, Birdies, and Archer's including making hiring and firing decisions relating to Plaintiff.

42. At all relevant times, Defendant Breaux determined Plaintiff's wages; approved Plaintiff's schedules, hours, and days off; and prepared Plaintiff's pay checks.

43. At all relevant times, Defendant Breaux, as an owner, general manager, and/or primary decision maker for Defendants Eazy Eats, Birdies, and Archer's, made the decision of what to pay Plaintiff and to withhold overtime compensation in violation of the FLSA.

44. At all relevant times, Defendant Breaux exercised sufficient control over Plaintiff to cause Defendant Breaux to be individually liable for the FLSA violations.

C. **Plaintiff's Employment with Defendants.**

45. Defendants hired Plaintiff in approximately October 2019.

46. Plaintiff's employment with Defendants ended on approximately October 19, 2022.

i. **Delivery Driver at Birdies Dallas Restaurant.**

7

47. In approximately October 2019, Plaintiff was employed as a delivery driver at the Birdies Dallas Restaurant and his job duties included, but were not limited to, collecting food orders and ensuring accuracy, transporting and delivering food to customers, and taking payment from customers.

48. While employed as a delivery driver, Defendants paid Plaintiff approximately $10.00 per hour.

49. While employed as a delivery driver, Plaintiff was a non-exempt employee of Defendants.

50. While employed as a delivery driver, Plaintiff regularly worked in excess of 40 hours per workweek.

51. While employed as a delivery driver, Plaintiff was not paid time and one-half for all hours worked over 40 in a workweek.

52. In performing his job duties as a delivery driver for Defendants, Plaintiff did not perform executive functions or have any duties with regard to managing any aspect of Defendants' operations.

53. In performing his job duties as a delivery driver for Defendants, Plaintiff did not direct or supervise the work of any employees.

54. In performing his job duties as a delivery driver for Defendants, Plaintiff did not have the authority to hire or fire any employee or make suggestions

or recommendations as to the hiring, firing, or changing the status of any employee.

55. In performing his job duties as a delivery driver for Defendants, Plaintiff did not exercise any discretion or independent judgment with regard to matters of significance.

56. Plaintiff's job duties as a delivery driver did not include primary work that requires knowledge of any advanced type in a field customarily acquired by prolonged, specialized, intellectual instruction or study.

### ii. Cook at Birdies Dallas Restaurant.

57. From approximately November 2019 to May 3, 2021, Plaintiff was employed as a cook at the Birdies Dallas Restaurant and his job duties included, but were not limited to, ensuring ingredients and final products are fresh, following recipes, including measuring, weighing and mixing ingredients, cooking foods, maintaining a clean and safe work area, including handling utensils, equipment and dishes, handling and storing ingredients and food, and maintaining food safety and sanitation standards.

58. While employed as a cook during this time, Defendants paid Plaintiff approximately $16.00 per hour for his first year, and then increased his wage to approximately $17.00 per hour.

59. While employed as a cook, Plaintiff was a non-exempt employee of

Defendants.

60. While employed as a cook, Plaintiff regularly worked in excess of 40 hours per workweek.

61. While employed as a cook, Plaintiff was not paid time and a half for all hours worked over 40 in a workweek.

62. In performing his job duties as a cook for Defendants, Plaintiff did not perform executive functions or have any duties with regard to managing any aspect of Defendants' operations.

63. In performing his job duties as a cook for Defendants, Plaintiff did not direct or supervise the work of any employees.

64. In performing his job duties as a cook for Defendants, Plaintiff did not have the authority to hire or fire any employee or make suggestions or recommendations as to the hiring, firing, or changing the status of any employee.

65. In performing his job duties as a cook for Defendants, Plaintiff did not exercise any discretion or independent judgment with regard to matters of significance.

66. Plaintiff's job duties as a cook did not include primary work that requires knowledge of any advanced type in a field customarily acquired by prolonged, specialized, intellectual instruction or study.

### iii. Cook at both Birdies Kennesaw Restaurant and Birdies Dallas Restaurant.

67. From approximately May 4, 2021 to October 18, 2021, Plaintiff was employed as a cook at both the Birdies Kennesaw Restaurant and Birdies Dallas Restaurant and Plaintiff's job duties included, but were not limited to, ensuring ingredients and final products are fresh, following recipes, including measuring, weighing and mixing ingredients, cooking foods, maintaining a clean and safe work area, including handling utensils, equipment and dishes, handling and storing ingredients and food, and maintaining food safety and sanitation standards.

68. While employed as a cook during this time, Defendants paid Plaintiff approximately $17.00 per hour.

69. While employed as a cook, Plaintiff was a non-exempt employee of Defendants.

70. While employed as a cook, Plaintiff regularly worked in excess of 40 hours per workweek.

71. While employed as a cook, Plaintiff was not paid time and one-half for all hours worked over 40 in a workweek.

72. In performing his job duties as a cook for Defendants, Plaintiff did not perform executive functions or have any duties with regard to managing any aspect

11

of Defendants' operations.

73. In performing his job duties as a cook for Defendants, Plaintiff did not direct or supervise the work of any employees.

74. In performing his job duties as a cook for Defendants, Plaintiff did not have the authority to hire or fire any employee or make suggestions or recommendations as to the hiring, firing, or changing the status of any employee.

75. In performing his job duties as a cook for Defendants, Plaintiff did not exercise any discretion or independent judgment with regard to matters of significance.

76. Plaintiff's job duties as a cook did not include primary work that requires knowledge of any advanced type in a field customarily acquired by prolonged, specialized, intellectual instruction or study.

    **iv.  Cook at Archer's Restaurant.**

77. From approximately October 19, 2021 to February 21, 2022, Plaintiff was employed as a cook at Archer's Restaurant and Plaintiff's job duties included, but were not limited to, ensuring ingredients and final products are fresh, following recipes, including measuring, weighing and mixing ingredients, cooking foods, maintaining a clean and safe work area, including handling utensils, equipment and dishes, handling and storing ingredients and food, and maintaining food safety and

sanitation standards.

78. While employed as a cook during this time, Defendants paid Plaintiff approximately $17.00 per hour.

79. While employed as a cook, Plaintiff was a non-exempt employee of Defendants.

80. While employed as a cook, Plaintiff regularly worked in excess of 40 hours per workweek.

81. While employed as a cook, Plaintiff was not paid time and a half for all hours worked over 40 in a workweek.

82. In performing his job duties as a cook for Defendants, Plaintiff did not perform executive functions or have any duties with regard to managing any aspect of Defendants' operations.

83. In performing his job duties as a cook for Defendants, Plaintiff did not direct or supervise the work of any employees.

84. In performing his job duties as a cook for Defendants, Plaintiff did not have the authority to hire or fire any employee or make suggestions or recommendations as to the hiring, firing, or changing the status of any employee.

85. In performing his job duties as a cook for Defendants, Plaintiff did not exercise any discretion or independent judgment with regard to matters of

significance.

86.     Plaintiff's job duties as a cook did not include primary work that requires knowledge of any advanced type in a field customarily acquired by prolonged, specialized, intellectual instruction or study.

### v.     Cook at both Archer's Restaurant and Birdies Dallas Restaurant.

87.     From approximately February 22, 2022 to April 4, 2022, Plaintiff was employed as a cook at both Archer's Restaurant and Birdies Dallas Restaurant and Plaintiff's job duties included, but were not limited to, ensuring ingredients and final products are fresh, following recipes, including measuring, weighing and mixing ingredients, cooking foods, maintaining a clean and safe work area, including handling utensils, equipment and dishes, handling and storing ingredients and food, and maintaining food safety and sanitation standards.

88.     While employed as a cook during this time, Defendants paid Plaintiff approximately $17.00 per hour.

89.     While employed as a cook, Plaintiff was a non-exempt employee of Defendants.

90.     While employed as a cook, Plaintiff regularly worked in excess of 40 hours per workweek.

91.     While employed as a cook, Plaintiff was not paid time and one-half for

all hours worked over 40 in a workweek.

92. In performing his job duties as a cook for Defendants, Plaintiff did not perform executive functions or have any duties with regard to managing any aspect of Defendants' operations.

93. In performing his job duties as a cook for Defendants, Plaintiff did not direct or supervise the work of any employees.

94. In performing his job duties as a cook for Defendants, Plaintiff did not have the authority to hire or fire any employee or make suggestions or recommendations as to the hiring, firing, or changing the status of any employee.

95. In performing his job duties as a cook for Defendants, Plaintiff did not exercise any discretion or independent judgment with regard to matters of significance.

96. Plaintiff's job duties as a cook did not include primary work that requires knowledge of any advanced type in a field customarily acquired by prolonged, specialized, intellectual instruction or study.

### vi. Cook at Birdies Dallas Restaurant.

97. From approximately April 5, 2022 to October 19, 2022, Plaintiff was employed as a cook at Birdies Dallas Restaurant and Plaintiff's job duties included, but were not limited to, ensuring ingredients and final products are fresh, following

recipes, including measuring, weighing and mixing ingredients, cooking foods, maintaining a clean and safe work area, including handling utensils, equipment and dishes, handling and storing ingredients and food, and maintaining food safety and sanitation standards.

98. While employed as a cook during this time, Defendants paid Plaintiff approximately $17.00 per hour for the first three months, and then increased his wage to approximately $18.18 per hour.

99. While employed as a cook, Plaintiff was a non-exempt employee of Defendants.

100. While employed as a cook, Plaintiff regularly worked in excess of 40 hours per workweek.

101. While employed as a cook, Plaintiff was not paid time and one-half for all hours worked over 40 in a workweek.

102. In performing his job duties as a cook for Defendants, Plaintiff did not perform executive functions or have any duties with regard to managing any aspect of Defendants' operations.

103. In performing his job duties as a cook for Defendants, Plaintiff did not direct or supervise the work of any employees.

104. In performing his job duties as a cook for Defendants, Plaintiff did not

have the authority to hire or fire any employee or make suggestions or recommendations as to the hiring, firing, or changing the status of any employee.

105. In performing his job duties as a cook for Defendants, Plaintiff did not exercise any discretion or independent judgment with regard to matters of significance.

106. Plaintiff's job duties as a cook did not include primary work that requires knowledge of any advanced type in a field customarily acquired by prolonged, specialized, intellectual instruction or study.

**D. Plaintiff's Unpaid Overtime.**

107. Defendants failed to pay Plaintiff time and one-half for all hours worked over 40 in a workweek.

108. Defendants denied Plaintiff payment of overtime wage compensation required by the FLSA for any hours working in excess of 40 hours per workweek.

109. While Plaintiff's schedule varied, he regularly worked in excess of 40 hours per workweek.

110. Defendants willfully and/or deliberately failed to pay Plaintiff his earned overtime wages for hours worked in excess of 40 hours per workweek in violation of the FLSA.

111. Defendants maintained records of hours that Plaintiff worked.

## COUNT I
## FAIR LABOR STANDARDS ACT VIOLATIONS
## UNPAID WAGES

112. Plaintiff realleges and incorporates by reference the preceding paragraphs of the Complaint as if they were set forth fully herein.

113. At all relevant times, Defendants were engaged in interstate commerce and/or the production of services for commerce, within the meaning of the FLSA, 29 U.S.C. § 207(a).

114. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA, 29 U.S.C. §§ 201 et seq.

115. At all relevant times, Defendants were an enterprise (as that term is defined in the FLSA, 29 U.S.C. § 203(r) and (s)(1)) with multiple employees (including Plaintiff) who were engaged in commerce or in handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

116. Defendant Eazy Eats had annual gross revenue and volume of sales in excess of $500,000.00 for each year in the relevant period.

117. Defendant Birdies had annual gross revenue and volume of sales in excess of $500,000.00 for each year in the relevant period.

118. Defendant Archer's had annual gross revenue and volume of sales in

excess of $500,000.00 for each year in the relevant period.

119.  In the alternative, Defendants Eazy Eats, Birdies, and Archer's, as a joint enterprise, had annual gross revenue and volume of sales in excess of $500,000.00 for each year in the relevant period.

120.  At all relevant times, Defendants had a policy and practice of failing to pay Plaintiff time and one-half for all hours worked over 40 in a workweek, in violation of the FLSA.

121.  The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of the statute, 29 U.S.C. § 255(a).

122.  Plaintiff suffered damages due to Defendants' willful misconduct.

123.  Due to Defendants' FLSA violations, Plaintiff was damaged and is entitled to recover from Defendants compensation for unpaid overtime wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees, costs, and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff demands a trial by jury and requests that this Court grant the following relief against Defendants:

    A.    An award of compensation for unpaid wages to Plaintiff;

    B.    An award of all liquidated damages for unpaid wages to Plaintiff;

    C.    An award of costs and expenses of this action together with reasonable

attorneys' and expert fees to Plaintiff; and

D. Such other and further relief as this Court deems just and proper.

Respectfully submitted this January 20, 2023.

**HALL & LAMPROS, LLP**

/s/ *Brittany A. Barto*
Christopher B. Hall
Ga. Bar # 318380
Brittany A. Barto
Ga. Bar # 501673

300 Galleria Parkway
Suite 300
Atlanta, GA 30339
(404) 876-8100 telephone
(404) 876-3477 facsimile
chall@hallandlampros.com
brittany@hallandlampros.com

*Attorneys for Plaintiff*

Plaintiff's counsel certifies that this complaint is in 14-point Times New Roman font.