# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| RUHI REIMER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE HOME DEPOT, INC.,<br><br>Defendant. | Civil Action No. _____<br><br>(Removal from the State Court of Cobb County, Civil Division) |

## DEFENDANT THE HOME DEPOT, INC.'S NOTICE OF REMOVAL

Defendant The Home Depot, Inc. ("Home Depot")[1] files this Notice of Removal of this action from the State Court of Cobb County, Civil Division to the United States District Court for the Northern District of Georgia, Atlanta Division. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and

---

[1] Plaintiff's Complaint improperly names The Home Depot, Inc. as the defendant. The Home Depot, Inc. is not a retailer and therefore engaged in no alleged transactions or communications with Plaintiff. Home Depot U.S.A., Inc. is a home improvement retailer.

1446 on the basis of the following facts, which show that this case may be properly removed to this Court:[2]

## PROCEDURAL HISTORY

1. Home Depot has been sued in a civil action entitled *Reimer v. The Home Depot, Inc.*, Case No. 22-A-4250, in the State Court of Cobb County, Civil Division (the "State Court Action").

2. Plaintiff's Complaint (the "Complaint") was filed on December 16, 2022. Home Depot was served with notice of process on December 21, 2022. (Affidavit of Service).

3. Plaintiff Ruhi Reimer ("Plaintiff") alleges, on behalf of a putative nationwide class and Virginia subclass, that Home Depot sent multiple text messages to him after he requested not to receive further text messages, purportedly in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* and its implementing regulation, 47 C.F.R. § 64.1200 (the "TCPA"), and the Virginia Telephone Privacy Protection Act, Va. Code §§ 59.1-510 through 518 (the "VTPPA"). Compl. ¶¶ 18-22, 79-80. He also alleges that Home Depot failed to

---

[2] Home Depot reserves all rights to assert any and all defenses to the Complaint. Home Depot further reserves the right to amend or supplement this Notice of Removal.

identify the individual responsible for sending the text messages and maintain an internal do-not-call registry. *Id.* ¶¶ 23, 49-57, 101-103.

4. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all process and pleadings on file with the State Court of Cobb County is attached hereto as **Exhibit 1**.

## VENUE AND JURISDICTION

5. Venue is proper in this Court pursuant to 28 U.S.C. §§ 90(a), 1391, 1441(a), and 1446(a), because the State Court of Cobb County, Civil Division, where the Complaint was filed, is a state court within the Northern District of Georgia, Atlanta Division.

6. As set forth more fully below, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367.

7. All other requirements for removal have been satisfied.

## BASIS FOR REMOVAL

**I. REMOVAL IS PROPER BECAUSE FEDERAL QUESTION JURISDICTION EXISTS PURSUANT TO 28 U.S.C. § 1331 OVER COUNT ONE.**

8. This Court has original jurisdiction over Count One pursuant to 28 U.S.C. § 1331, because that claim arises under federal law. *See* Compl. ¶¶ 33-64.

9.  The TCPA is a federal law that creates the right of action and provides the rules of decision for Count One. The United States Supreme Court has specifically ruled that federal courts have federal question jurisdiction over TCPA claims. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 386 (2012) ("Because federal law gives rise to the [TCPA] claim for relief Mims has stated and specifies the substantive rules of decision, the Eleventh Circuit erred in dismissing Mims's case for lack of subject-matter jurisdiction."). Thus, this Court has original jurisdiction over Count One. *See also Reimer v. Clearview Elec., Inc.*, No. 3:22-cv-02844-N (N.D. Tex. Dec. 20, 2022), Dkt. 1 ¶ 4 ("The Court has federal question jurisdiction pursuant to 28 U.S.C. 1331 as the TCPA is a federal statute."); *Reimer v. N. Star Ins. Advisors, LLC*, No. 4:22-cv-01222 (D. Mo. Nov. 16, 2022) Dkt. 1 ¶ 4 (same); *Reimer v. Rex Direct Net, Inc.*, No. 1:22-cv-06554 (D.N.J. Nov. 10, 2022) Dkt. 1 ¶ 2 (same); *Reimer v. Home Captain, Inc.*, No. 1:22-cv-05103 (E.D.N.Y. Aug. 26, 2022) Dkt. 1 ¶ 2 (same); *Reimer v. Tax Defense Netw., LLC*, No. 3:22-cv-00793 (M.D. Fla. July 21, 2022) Dkt. 1 ¶ 4 (same); *Reimer v. Endurance Warranty Servs., L.L.C.*, No. 1:22-cv-02037 (N.D. Ill. Apr. 19, 2022) Dkt. 1 ¶ 8 (same); *Reimer v. Move Holdings*, No. 2:22-cv-00075 (C.D. Cal. Jan. 5, 2022) Dkt. 1 ¶ 2 (same).

## II. REMOVAL IS PROPER BECAUSE THE COURT MAY EXERCISE SUPPLEMENTAL JURISDICTION OVER COUNTS TWO AND THREE PURSUANT TO 28 U.S.C. § 1367.

10. This Court may exercise supplemental jurisdiction over Counts Two and Three pursuant to 28 U.S.C. § 1367 because they "are so related to" the TCPA claim "that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Both counts hinge on the same alleged communications that Plaintiff describes in Count One. *See also Reimer v. Clearview Elec., Inc.*, No. 3:22-cv-02844-N (N.D. Tex. Dec. 20, 2022), Dkt. 1 ¶ 5 ("The Court has supplemental jurisdiction over the VTPPA claim pursuant to 28 U.S.C. § 1367(a)."); *Reimer v. N. Star Ins. Advisors, LLC*, No. 4:22-cv-01222 (D. Mo. Nov. 16, 2022) Dkt. 1 ¶ 5 (same); *Reimer v. Home Captain, Inc.*, No. 1:22-cv-05103 (E.D.N.Y. Aug. 26, 2022) Dkt. 1 ¶ 3 (same); *Reimer v. Tax Defense Netw., LLC*, No. 3:22-cv-00793 (M.D. Fla. July 21, 2022) Dkt. 1 ¶ 5 (same); *Reimer v. Endurance Warranty Servs., L.L.C.*, No. 1:22-cv-02037 (N.D. Ill. Apr. 19, 2022) Dkt. 1 ¶ 8 ("In addition, the Court has supplemental jurisdiction over the VTPPA claims because those claims arise from the exact same telemarketing calls that give rise to the TCPA claims.").

### III.     ALL OTHER REMOVAL REQUIREMENTS ARE SATISFIED.

11.     The Notice of Removal is timely filed. *See* 28 U.S.C. § 1446(b)(1) (establishing a deadline for removal of 30 days after service). The date of service was December 21, 2022, giving Home Depot until January 20, 2023, to file a Notice of Removal.

12.     Pursuant to 28 U.S.C. § 1446(d), contemporaneously with the filing of this Notice of Removal in the United States District Court for the Northern District of Georgia, Atlanta Division, written notice of such filing will be served by the undersigned on Plaintiff's Counsel of Record, and a copy of the Notice of Removal will be filed with the Clerk of the State Court of Cobb County, Civil Division.

13.     As of the date of this removal, Home Depot has not filed a responsive pleading to the Complaint. Home Depot reserves all rights to assert any and all defenses or otherwise respond to the Complaint. Home Depot further reserves the right to amend or supplement this Notice of Removal. By filing this Notice of Removal, Home Depot does not waive any defense that may be available to it and reserves all such defenses, including but not limited to those related to service of process and lack of personal jurisdiction.

## **CONCLUSION**

14.     While Home Depot believes Plaintiff's claims fail on the merits, this Court has original jurisdiction over Count One pursuant to 28 U.S.C. § 1331, because it arises under federal law, and may exercise supplemental jurisdiction over Counts Two and Three pursuant to 28. U.S.C. § 1367(a) because those claims form part of the same case or controversy under Article III of the United States Constitution.

15.     For all the reasons stated, this action is removable to this Court pursuant to 28 U.S.C. §§ 1441 and 1446, and this Court may exercise jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1367(a).

Wherefore, Home Depot gives notice that the matter entitled *Reimer v. The Home Depot, Inc.*, pending in the State Court of Cobb County, Civil Division, is removed to the United States District Court for the Northern District of Georgia, Atlanta Division, and requests that the Court retain jurisdiction for all further proceedings in this matter.

Respectfully submitted this 20th day of January, 2023.

                         */s/ S. Stewart Haskins II*

                         S. Stewart Haskins II
                         Ga. Bar No. 336104
                         J. Andrew Pratt
                         Ga. Bar No. 465311
                         Charles Spalding, Jr.
                         Ga. Bar No. 411926
                         **KING & SPALDING LLP**
                         1180 Peachtree St. NE, Suite 1600
                         Atlanta, GA 30309
                         Tel:   (404) 572-4600
                         Fax:   (404) 572-5100
                         Email:  shaskins@kslaw.com
                                     apratt@kslaw.com
                                     cspalding@kslaw.com

                         *Attorneys for Defendant*
                         *The Home Depot, Inc.*

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1**

I hereby certify that the foregoing DEFENDANT THE HOME DEPOT, INC.'S NOTICE OF REMOVAL was prepared in Times New Roman 14-point font, double-spaced, with a top margin of not less than 1.5 inches and a left margin of not less than 1 inch.

>	*/s/ S. Stewart Haskins II*
>	S. Stewart Haskins II

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 20, 2023, I served a copy of the foregoing to Plaintiff's counsel via email and via U.S. Mail the following addresses:

| | |
|---|---|
| Justin T. Holcombe<br>Kris Skaar<br>133 Marramont Lake Dr.<br>Woodstock, GA 30189<br>(770) 427-5600<br>jholcombe@skaarandfeagle.com<br>kskaar@skaarandfeagle.com | James M. Feagle<br>Cliff R. Dorsen<br>Chelsea R. Feagle<br>2374 Main Street, Suite B<br>Tucker, GA 30084<br>(404) 373-1970<br>jfeagle@skaarandfeagle.com<br>cdorsen@skaarandfeagle.com<br>cfeagle@skaarandfeagle.com |

/s/ S. Stewart Haskins II