# <u>Exhibit 1</u>

## SHERIFF'S ENTRY OF SERVICE

Civil Action No. __22-A-4250__

Date Filed _____

Attorney's Address   **Holcombe, Justin T**
**Skaar & Feagle LLP**
**133 Mirramont Lake Drive**
**Woodstock, GEORGIA 30189-**

Name and Address of Party to be Served.
 **The Home Depot, Inc.**

 **CSC of Cobb County, Inc. 192 Anderson St. SE # 125**

 **Marietta, GEORGIA 30060**

| | |
|---|---|
| Superior Court ☐ | Magistrate Court ☐ |
| State Court ☒ | Probate Court ☐ |
| Juvenile Court ☐ | |

Georgia, __COBB__ COUNTY

Reimer, Ruhi

SERVE

_____ Plaintiff

VS.

The Home Depot, Inc.

_____ Defendant

_____ Garnishee

SHERIFF'S ENTRY OF SERVICE

**PERSONAL**
☐ I have this day served the defendant_____personally with a copy
of the within action and summons.

**NOTORIOUS**
☐ I have this day served the defendant_____ by leaving a
copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows:
age, about _____ years; weight _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of
defendant.

**CORPORATION**
☐ Served the defendant _____ _The Home Depot INC_ _____ a corporation
by leaving a copy of the within action and summons with _CSC Of Cobb County INC_
in charge of the office and place of doing business of said Corporation in the County. _Teri Thompson_

**TACK & MAIL**
☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the
door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of the
same in the United States Mail, first class in an envelope property address to the defendant(s) at the address shown in said
summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the
place stated in the summons.

**NON EST**
☐ Diligent search made and defendant_____
not to be found in the jurisdiction of this court.

This _21_ day of _Dec_ , 20 _22_

_Sgt Colson 94019_
Deputy

DEFENDANT COPY

ID# E-GNDMCTG5-E5C
⚖ EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**22-A-4250**

**DEC 16, 2022 03:33 PM**

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

# STATE COURT OF COBB COUNTY
# STATE OF GEORGIA

CIVIL ACTION NUMBER  <u>22-A-4250</u>

$248.00 COST PAID

Reimer, Ruhi
_____

**PLAINTIFF**

                                        **VS.**

The Home Depot, Inc.
_____

**DEFENDANT**

## SUMMONS

TO: THE HOME DEPOT, INC.

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Justin T Holcombe**
> **Skaar & Feagle LLP**
> **133 Mirramont Lake Drive**
> **Woodstock, Georgia 30189**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 19th day of December, 2022.**

Clerk of State Court



Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

ID#3B-GNDMCTG5-GZC
⚡ EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**22-A-4250**

DEC 16, 2022 03:33 PM

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| RUHI REIMER,<br>on behalf of himself and all others<br>similarly situated, | : : : : | |
| Plaintiff, | : : | Civil Action File No. |
| v. | : : | _____ |
| THE HOME DEPOT, INC.,<br>a Delaware corporation, | : : | **CLASS ACTION**<br>**Jury Trial Demanded** |
| Defendant. | : : | |

## CLASS ACTION COMPLAINT

### INTRODUCTION

1.     This action arises out of Defendant The Home Depot, Inc.'s ("Home Depot") practice of engaging telephone solicitors to initiate telemarketing text calls to wireless subscribers without having implemented procedures required for maintaining an internal do-not-call list (IDNC), including the failure to document and honor do-not-call requests, in violation of the regulations implemented under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA") and the Virginia Telephone Privacy Protection Act ("VTPPA"), Va. Code §§ 59.1-510 through 518.

2.     Plaintiff, Ruhi Reimer, a subscriber to a Virginia cellular telephone

number, is one such recipient of Home Depot's telemarketing text calls.

3.    Despite Plaintiff's express written request not to receive telemarketing calls, a telephone solicitor, employed by or on behalf of Home Depot, made such calls to Plaintiff's cellular telephone number.

4.    Home Depot failed to implement minimum policies and procedures to place telephone numbers on its company specific "do-not-call" list, failed to honor requests to be placed on its company specific "do-not-call" list, failed to deliver a copy of its written do-not-call procedures upon request, and failed to identify the person responsible for making such calls, in violation of 47 C.F.R. § 64.1200(d).

5.    In addition, Home Depot's telemarketing text calls constitute "telephone solicitation calls" as defined by the VTPPA because the text messages were sent to a wireless telephone number with a Virginia area code.

6.    Home Depot's telephone solicitation calls violated the VTPPA by the refusal to provide the first and last name of the solicitor(s) responsible for making the calls and the continuing to make such calls despite a direct request that such calls cease.

7.    Accordingly, Plaintiff brings this action on behalf of himself and proposed classes of similarly situated individuals for Home Depot's violations of the TCPA and the VTPPA.

2

## PARTIES, PERSONAL JURISDICTION, AND VENUE

8.      Plaintiff is a natural person who is authorized by law to bring this action.

9.      Home Depot is a corporation formed in the State of Delaware with its principal place of business in Atlanta, Georgia.

10.     Home Depot is subject to the general jurisdiction of this Court because it maintains its principal place of business in this State and maintains its registered agent in this State and County.

11.     Venue is proper because Home Depot maintains its registered office in Cobb County, Georgia.

12.     Home Depot may be served at its registered office in Cobb County, Georgia, to wit: CSC of Cobb County, Inc., 192 Anderson Street S.E., Suite 125, Marietta, Georgia, 30060.

13.     Home Depot is subject to the jurisdiction and venue of this Court.

14.     Other defendants may be discovered in the course of litigation. As such, Plaintiff respectfully requests that this Court permit the addition of later discovered Defendants upon motion.

## STATEMENT OF FACTS

15.     Plaintiff is the subscriber of cellular telephone service for a telephone number beginning with Virginia area code 703.

3

16.     The cellular telephone number is used by Plaintiff for personal, or residential, purposes.

17.     Plaintiff's cellular telephone number is registered on the National Do-Not-Call Registry.

18.     On May 19, 2022, Plaintiff sent a letter to Home Depot which stated, in pertinent part:

> Please be advised that I am hereby revoking consent, and no longer wish to receive telephonic communications from your company, including but not limited to any telephone calls, any text messages, pre-recorded calls, artificial voice calls, calls using an auto-dialer, or telemarketing calls of any kind to my 703-redacted number.
>
> Furthermore I request a copy of your Do Not Call Policy, which you are required to have available upon request, immediately upon receipt of this letter to my return address listed above.

19.     Home Depot received Plaintiff's letter on May 25, 2022.

20.     Home Depot never sent Plaintiff a copy of its Do-Not-Call policy.

21.     Despite Plaintiff's request that the calls cease, Home Depot's telephone solicitors continued making texts calls to Plaintiff's cellular telephone number for the purposes of selling goods and/or services.

22.     The following are examples of the text calls Plaintiff received from or on behalf of Home Depot in July, 2022:

.ıll Verizon 📶     **11:47 AM**     ⏰ 🎧 94% 🔋

‹ 58



65624 ›

Mon, Jul 4, 11:19 AM

HOME DEPOT: FINAL HOURS: Today is the Day > Get Savings to Perfect Your Projects & Have a Happy 4th of July http://vbs.cm/8ECVAg Shop Now >

Thu, Jul 7, 11:25 AM

HOME DEPOT: You've Got the Power > $100 Off Select Tools + Free Delivery to Hammer Projects Home http://vbs.cm/MEKXUB Shop Now >

Thu, Jul 14, 11:20 AM

HOME DEPOT: Super Savings to Spruce Up Your Place > More Ways to Get the Doing Done http://vbs.cm/XF0hSF

     Text Message

      

23.     None of the text message calls provide the name of the individual solicitor responsible for making the calls on behalf of Home Depot.

24.     The text message calls were sent from or using SMS Short Codes 65624 or 38688.

25.     SMS Short Codes 65624 and 38688 are registered to Home Depot.

26.     The text calls that are the subject of this action invaded Plaintiff and members of the putative classes' privacy right not to receive such calls. *See, e.g., Krakauer v. Dish Network, LLC,* 925 F. 3d 643, 653 (4th Cir. 2019).

27.     Moreover, Congress and the Virginia legislature have statutorily elevated the rights of consumers to be free from and legally protected against the types of calls which violate the TCPA and the VTPPA, and Defendant has harmed the named Plaintiff and putative class members by invading this legally protected right. *See Sons of Confederate Veterans v. Henry Co. Bd. of Commissioners,* __ Ga. __, 2022 WL 14147669, at *9 (Oct. 25, 2022) ("Historically, we recognized that the violation of a private right was sufficient to invoke the judicial power of state courts. Even if the plaintiff alleged only that his or her private rights were violated, the plaintiff had standing to sue, because damages (even if only nominal ones) flowed from the violation of one's rights.").

28.     Home Depot knew or should have known the telemarketing text calls were unlawful.

29.    The plain language of the TCPA's regulations and the VTPPA are clear in prohibiting such calls.

30.    Despite clear direction from authoritative sources that such calls were prohibited, the calls continued.

31.    The violations of the TCPA and VTPPA were both willful and knowing.

32.    All conditions precedent to bringing this action have been complied with.

### COUNT ONE: TCPA DO-NOT-CALL ("NATIONAL IDNC")
### 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(d)
### (On Behalf of Plaintiff and the National IDNC Class)

### CLASS ALLEGATIONS

33.    This action is brought on behalf of a class ("National IDNC Class") defined as (i) all natural persons (ii) who received more than one call in any 12 month period, (iii) by or on behalf of the Home Depot (iv) on their cellular telephone numbers (v) from or using SMS Short Codes 65624 or 38688, (vi) where such calls were placed at any time in the four year period preceding the filing of this action, through the date of class certification.

34.    In addition, Plaintiff brings this action on behalf of a subclass of such persons who received more than one such call after making a request to be placed on Home Depot's do-not-call list.

35.    The exact size of the class is information within the exclusive knowledge of Home Depot.

36.    The class is so numerous that joinder of all members is impractical.

37.    The allegation of the previous paragraph is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery. This allegation is based upon the following information: 1) The calls to Plaintiff were generic in a fashion which indicates they were made using automated means; 2) the costs and market rate of making such calls is pennies per call, and 3) the very purpose of blast text message calling is to reach numerous persons with a single click.

38.    There are questions of law and fact common to the class, which common issues predominate over any issues involving only individual class members. The principal issues are:

- o  Whether the text message calls constitute "telemarketing" as defined by the TCPA's implementing regulations; and

- o  Whether Home Depot has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of Home Depot that meet the minimum standard set forth by the TCPA's implementing regulations.

39.    The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

40.    Plaintiff will fairly and adequately protect the interests of the class.

He has retained counsel experienced in handling TCPA actions and class actions. Neither Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue this action.

41.    Certification of the class under Rule 23 is appropriate in that:

    a.    The questions of law or fact common to the members of the class predominate over any questions affecting an individual member; and

    b.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Class treatment will permit a large number of similarly situated persons to prosecute their common claims relating to Home Depot's telemarketing and telephone solicitation calls in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual lawsuits would entail. Absent a class action, many members of the class will likely not obtain or even attempt to obtain relief, whether because they are unaware of their right to relief from the harm caused by Home Depot's illegal practices, due to the prohibitive time and monetary cost inherent in individual litigation, or otherwise.

42.    Plaintiff requests certification of a class pursuant to Rule 23(b)(3) for

his claims of monetary damages.

## NATIONAL IDNC CAUSE OF ACTION

43.    The Telephone Consumer Protection Act required the Federal Communication Commission to initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c)(1).

44.    The Telephone Consumer Protection Act required the Federal Communication Commission to conclude such proceedings by issuing regulations to implement methods and procedures for protecting such privacy rights in an efficient, effective, and economic manner and without the imposition of any additional charge to telephone subscribers. 47 U.S.C. § 227(c)(2).

45.    In doing so, the Federal Communications Commission determined that the most efficient, effective, and economic manner to protect such privacy rights was to require all entities engaging in telemarketing, whether or not such calls constitute telephone solicitations, to establish and actually implement and honor specific procedures, and to have those procedures in place at the time of initiating any telephone call to a residential telephone number for telemarketing purposes. 47 C.F.R. § 64.1200(d).

46.    In 2003, the Federal Communications Commission extended these same protections to wireless subscribers. 47 C.F.R. § 64.1200(e).

47.    The Federal Communications Commission's regulations provide:

> No person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity.

47 C.F.R. § 64.1200(d).

48.    The procedures required must include the following:

> (1) Written policy. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.

> (2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.

> (3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request. If such requests are recorded or maintained by a party other than the person or entity on whose behalf the telemarketing call is made, the person or entity on whose behalf the telemarketing call is made will be liable for any failures to honor the do-not-call request. A person or entity making a call for telemarketing purposes must obtain a consumer's prior express permission to share or forward the consumer's request not to be called to a party other

than the person or entity on whose behalf a telemarketing call is made or an affiliated entity.

(4) Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges.

(5) Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.

(6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

47 C.F.R. § 64.1200(d).

49.     Home Depot failed to institute the procedures required by 47 C.F.R. § 64.1200(d).

50.     Home Depot placed numerous telemarketing text calls to Plaintiff and Class members.

51.     All of the calls were telemarketing, in that the purpose of the calls was to encourage the purchase of goods or services.

12

52.     Home Depot did not document do-not-call requests.

53.     Additionally, or in the alternative, Home Depot did not honor do-not-call requests within a reasonable time, and certainly not within thirty days.

54.     Home Depot was required to maintain and honor such a list pursuant to 47 CFR § 64.1200(d)(3) and (6), and it failed to do so.

55.     Home Depot was required to provide its written do-not-call policy upon demand, and it refused to do so.

56.     Home Depot was required to identity "the name of the *individual* caller," (*emphasis* added) in addition to the name of the person or entity on whose behalf the call was being made.

57.     Home Depot did not identify the individual caller responsible for the calls.

58.     Accordingly, Home Depot's text calls violated 47 CFR 64.1200(d), as implemented pursuant to 47 U.S.C. § 227(c).

59.     Plaintiff and Class members are entitled to an award of up to $500 in statutory damages for each call, pursuant to 47 USC § 227(c)(5)(B).

60.     Home Depot's conduct in violation of the TCPA and the Federal Communications Commission's implementing regulations was willful and knowing.

61.     Plaintiff requests this Court treble damages for each such violation pursuant to 47 U.S.C. § 227(c)(5).

62.     "Every intentional tort invokes a species of bad faith that entitles a person wronged to recover the expenses of litigation including attorney fees." *Tyler v. Lincoln*, 272 Ga. 118, 527 S.E.2d 180 (Ga. 2000).

63.     "There is no requirement that a viable state law claim exist in order for the jury to award litigation expenses pursuant to OCGA § 13-6-11. Rather, 'OCGA § 13-6-11 constitutes a vehicle for the collection of attorney fees' even when only a federal law claim for damages is submitted to the finder of fact." *Fulton County v. Legacy Inv. Group, LLC*, 296 Ga.App. 822, 827 (2009).

64.     Home Depot has acted in bad faith, been stubbornly litigious and/or caused the Plaintiff unnecessary trouble and expense, and Plaintiff requests an award of the expenses of litigation, including a reasonable attorney's fee, pursuant to O.C.G.A. § 13-6-11.

## COUNT TWO: VTPPA DO-NOT-CALL ("VIRGINIA IDNC")
### Va. Code § 59.1-514A
### (On Behalf of Plaintiff and the Virginia IDNC Class)

### CLASS ALLEGATIONS

65.     This action is brought on behalf of a class ("Virginia IDNC Class") defined as (i) any natural person (ii) who is a subscriber of any wireless telephone

14

with a Virginia area code, (iii) who was sent a text message (iv) from or using SMS Short Codes 65624 or 38688, (v) after making a do-not-call request.

66.     The exact size of the class is information within the exclusive knowledge of Home Depot.

67.     The class is so numerous that joinder of all members is impractical.

68.     The allegation of the previous paragraph is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.  This allegation is based upon the following information: 1) The calls to Plaintiff were generic in a fashion which indicates they were made using automated means; 2) the costs and market rate of making such calls is pennies per call, and 3) the very purpose of blast text message calling is to reach numerous persons with a single click.

69.     There are questions of law and fact common to the class, which common issues predominate over any issues involving only individual class members.  The principal issues are:

- o   Whether the text message calls constitute "telephone solicitation calls" as defined by the VTPPA;

- o   Whether Home Depot is liable as the "seller" for such calls made by a "telephone solicitor," as those terms are used in the VTPPA.

70.     The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

71.     Plaintiff will fairly and adequately protect the interests of the class. He has retained counsel experienced in handling TCPA actions and class actions. Neither Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue this action.

72.     Certification of the class under Rule 23 is appropriate in that:

a.      The questions of law or fact common to the members of the class predominate over any questions affecting an individual member; and

b.      A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Class treatment will permit a large number of similarly situated persons to prosecute their common claims relating to Home Depot's telemarketing and telephone solicitation calls in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual lawsuits would entail. Absent a class action, many members of the class will likely not obtain or even attempt to obtain relief, whether because they are unaware of their right to relief from the harm caused by Home Depot's illegal practices, due to the prohibitive time and monetary cost inherent in individual litigation, or otherwise.

73.     Plaintiff requests certification of a class pursuant to Rule 23(b)(3) for his claims of monetary damages.

## VIRGINIA IDNC CAUSE OF ACTION

74.     The Virginia Telephone Privacy Protection Act defines "telephone solicitation call" to include: "any text message sent to any wireless telephone with a Virginia area code or to a wireless telephone registered to any natural person who is a resident of the Commonwealth, for the purpose of offering or advertising any property, goods, or services for sale, lease, license, or investment, including offering or advertising an extension of credit or for the purpose of fraudulent activity[.]" Va. Code § 59.1-510.

75.     The Virginia Telephone Privacy Protection Act defines "telephone solicitor" as "any person who makes or initiates, or causes another person to make or initiate, a telephone solicitation call on its own behalf or for its own benefit or on behalf of or for the benefit of a seller." Va. Code § 59.1-510.

76.     The Virginia Telephone Privacy Protection Act defines "Seller" as "any person on whose behalf or for whose benefit a telephone solicitation call offering or advertising the person's property, goods, or services is made or initiated." Va. Code § 59.1-510.

77.     The Virginia Telephone Privacy Protection Act provides:

17

> No telephone solicitor shall initiate, or cause to be initiated, a telephone solicitation call to a telephone number when a person at such telephone number previously has stated that he does not wish to receive a telephone solicitation call made by or on behalf of the person on whose behalf the telephone solicitation call is being made. Such statement may be made to a telephone solicitor or to the person on whose behalf the telephone solicitation call is being made if that person is different from the telephone solicitor. Any such request not to receive telephone solicitation calls shall be honored for at least 10 years from the time the request is made.

Va. Code § 59.1-514A.

78.    The Virginia Telephone Privacy Protection Act provides for joint liability of both the "telephone solicitor" and the "seller." Va. Code § 59.1-510.

79.    The text message calls to Plaintiff and members of the class were for the purpose of encouraging the purchase or rental of goods and/or services from Hope Depot.

80.    Plaintiff, and members of the class, received such calls after making do-not-call requests.

81.    Plaintiff, and members of the class, are entitled to an award in the amount of $500 for a first violation, $1,000 for a second violation, and $5,000 for each subsequent violation. Va. Code § 59.1-515A.

82.    Defendant's conduct in violation of the VTPPA was willful.

83.     Plaintiff requests this Court increase damages for the first and second violations to $5,000 for each such violation, pursuant to Va. Code § 59.1-515B.

84.     Plaintiff requests an award of reasonable attorneys' fees and costs pursuant to Va. Code § 59.1-515C.

85.     "Every intentional tort invokes a species of bad faith that entitles a person wronged to recover the expenses of litigation including attorney fees." *Tyler v. Lincoln*, 272 Ga. 118, 527 S.E.2d 180 (Ga. 2000).

86.     Home Depot has acted in bad faith, been stubbornly litigious and/or caused the Plaintiff unnecessary trouble and expense, and Plaintiff requests an award of the expenses of litigation, including a reasonable attorney's fee, pursuant to O.C.G.A. § 13-6-11.

## COUNT THREE: VTPPA REFUSAL TO IDENTIFY ("VIRGINIA ID")
### Va. Code § 59.1-512
### (On Behalf of Plaintiff and the Virginia ID Class)

### CLASS ALLEGATIONS

87.     This action is brought on behalf of a class ("Virginia ID Class") defined as (i) any natural person (ii) who is a subscriber of any wireless telephone with a Virginia area code, (iii) who was sent a text message (iv) from or using SMS Short Codes 65624 or 38688.

88.    The exact size of the class is information within the exclusive knowledge of Home Depot.

89.    The class is so numerous that joinder of all members is impractical.

90.    The allegation of the previous paragraph is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery. This allegation is based upon the following information: 1) The calls to Plaintiff were generic in a fashion which indicates they were made using automated means; 2) the costs and market rate of making such calls is pennies per call, and 3) the very purpose of blast text message calling is to reach numerous persons with a single click.

91.    There are questions of law and fact common to the class, which common issues predominate over any issues involving only individual class members.  The principal issues are:

- o   Whether the text message calls constitute "telephone solicitation calls" as defined by the VTPPA;

- o   Whether Home Depot is liable as the "seller" for such calls made by a "telephone solicitor," as those terms are used in the VTPPA; and

- o   Whether the VTPPA was violated when the text messages did not identify the telephone solicitor responsible for making or initiating the calls by first and last name.

92.    The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

93.     Plaintiff will fairly and adequately protect the interests of the class. He has retained counsel experienced in handling TCPA actions and class actions. Neither Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue this action.

94.     Certification of the class under Rule 23 is appropriate in that:

a.     The questions of law or fact common to the members of the class predominate over any questions affecting an individual member; and

b.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Class treatment will permit a large number of similarly situated persons to prosecute their common claims relating to Home Depot's telemarketing and telephone solicitation calls in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual lawsuits would entail. Absent a class action, many members of the class will likely not obtain or even attempt to obtain relief, whether because they are unaware of their right to relief from the harm caused by Home Depot's illegal practices, due to the prohibitive time and monetary cost inherent in individual litigation, or otherwise.

21

95.     Plaintiff requests certification of a class pursuant to Rule 23(b)(3) for his claims of monetary damages.

## VIRGINIA ID CAUSE OF ACTION

96.     The Virginia Telephone Privacy Protection Act defines "Telephone solicitation call" to include: "any text message sent to any wireless telephone with a Virginia area code or to a wireless telephone registered to any natural person who is a resident of the Commonwealth, for the purpose of offering or advertising any property, goods, or services for sale, lease, license, or investment, including offering or advertising an extension of credit or for the purpose of fraudulent activity[.]" Va. Code § 59.1-510.

97.     The Virginia Telephone Privacy Protection Act defines "Telephone solicitor" as "any person who makes or initiates, or causes another person to make or initiate, a telephone solicitation call on its own behalf or for its own benefit or on behalf of or for the benefit of a seller." Va. Code § 59.1-510.

98.     The Virginia Telephone Privacy Protection Act defines "Seller" as "any person on whose behalf or for whose benefit a telephone solicitation call offering or advertising the person's property, goods, or services is made or initiated." Va. Code § 59.1-510.

99.     The Virginia Telephone Privacy Protection Act provides:

> A telephone solicitor who makes a telephone solicitation call shall identify himself by his first and last names and the name of the person on whose behalf the telephone solicitation call is being made promptly upon making contact with the called person.

Va. Code § 59.1-512.

100.   The Virginia Telephone Privacy Protection Act provides for joint liability of both the "telephone solicitor" and the "seller." Va. Code § 59.1-510.

101.   The text message calls to Plaintiff and members of the class were for the purpose of encouraging the purchase or rental of goods and/or services from Hope Depot.

102.   The text message calls did not identify the telephone solicitor(s) by first and last name who made the calls.

103.   The refusal to identify themselves prevents Plaintiff and class members from holding such telephone solicitor(s) responsible for any such violations, and it deprives Plaintiff and class members of information to which they are statutory entitled to receive.

104.   Plaintiff, and members of the class, are entitled to an award in the amount of $500 for a first violation, $1,000 for a second violation, and $5,000 for each subsequent violation. Va. Code § 59.1-515A.

105.   Home Depot's conduct in violation of the VTPPA was willful.

106.    Plaintiff requests this Court increase damages for the first and second violations to $5,000 for each such violation, pursuant to Va. Code § 59.1-515B.

107.    Plaintiff requests an award of reasonable attorney's fees and costs pursuant to Va. Code § 59.1-515C.

108.    "Every intentional tort invokes a species of bad faith that entitles a person wronged to recover the expenses of litigation including attorney fees." *Tyler v. Lincoln*, 272 Ga. 118, 527 S.E.2d 180 (Ga. 2000).

109.    Home Depot has acted in bad faith, been stubbornly litigious and/or caused the Plaintiff unnecessary trouble and expense, and Plaintiff requests an award of the expenses of litigation, including a reasonable attorney's fee, pursuant to O.C.G.A. § 13-6-11.

## JURY TRIAL DEMAND

110.    Plaintiff hereby demands a trial by jury on all issues so triable.

## DOCUMENT PRESERVATION DEMAND

111.    Plaintiff hereby demands that Home Depot take affirmative steps to preserve all telephone recordings, data, emails, other recordings, phone records, dialer records, documents and all other tangible things that relate to the

allegations herein, Plaintiff or the putative class members, or the making of telephone calls, the events described herein, any third party associated with any telephone call, campaign, telemarketing, account, sale or file associated with plaintiff or the putative class members, and any account or number or symbol relating to any of them. These materials are very likely relevant to the litigation of this claim. If Home Depot is aware of any third party that has possession, custody or control of any such materials, Plaintiff demands that Home Depot request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of himself and the class he seeks to represent against Home Depot, as follows:

A.  Certification of this matter to proceed as a class action;

B.  That Plaintiff and the class be awarded damages in the amounts provided by statute;

C.  That Plaintiff and the class be awarded enhanced damages for willful violations;

D.  That Plaintiff and members of the class be awarded the expenses of litigation, including a reasonable attorneys' fee.

E.     That Plaintiff and members of the class be awarded such additional

relief as deemed just and proper.

Respectfully submitted,

                    **SKAAR & FEAGLE, LLP**

By:     */s/ Justin T. Holcombe*
       Justin T. Holcombe
       Georgia Bar No. 552100
       jholcombe@skaarandfeagle.com
       Kris Skaar
       Georgia Bar No. 649610
       kskaar@skaarandfeagle.com
       133 Mirramont Lake Drive
       Woodstock, GA 30189
       Tel:    (770) 427-5600
       Fax:    (404) 601-1855

       James M. Feagle
       Georgia Bar No. 256916
       jfeagle@skaarandfeagle.com
       Cliff R. Dorsen
       Georgia Bar No. 149254
       cdorsen@skaarandfeagle.com
       Chelsea R. Feagle
       Georgia Bar No. 110863
       cfeagle@skaarandfeagle.com
       2374 Main Street, Suite B
       Tucker, GA 30084
       Tel:    (404) 373-1970
       Fax:    (404) 601-1855

ID# GNDMCTG5-CUU
🖥 EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**General Civil and Domestic Relations Case Filing Information Form**

☐ Superior or ☑ State Court of ___Cobb_____ County

**22-A-4250**

| For Clerk Use Only | | DEC 16, 2022 03:33 PM |
|---|---|---|
| Date Filed __12-16-2022____ <br> **MM-DD-YYYY** | **Case Number** __22-A-4250___ | *Robin C. Bishop* <br> Robin C. Bishop, Clerk of State Court <br> Cobb County, Georgia |

| Plaintiff(s) | Defendant(s) |
|---|---|
| Reimer, Ruhi | The Home Depot, Inc. |
| Last    First    Middle I.    Suffix    Prefix | Last    First    Middle I.    Suffix    Prefix |
| Last    First    Middle I.    Suffix    Prefix | Last    First    Middle I.    Suffix    Prefix |
| Last    First    Middle I.    Suffix    Prefix | Last    First    Middle I.    Suffix    Prefix |
| Last    First    Middle I.    Suffix    Prefix | Last    First    Middle I.    Suffix    Prefix |

**Plaintiff's Attorney** __Holcombe, Justin T__    **Bar Number** __552100____    **Self-Represented** ☐

**Check one case type and, if applicable, one sub-type in one box.**

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☑ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____    _____
**Case Number**                        **Case Number**

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____
_____

Version 1.1.20



# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Quinessa Malcolm<br>The Home Depot, Inc.<br>2455 Paces Ferry Rd SE<br>Atlanta, GA 30339-1834 |
| **Electronic copy provided to:** | Cathy Copeland<br>Svea Sharaf |

| | |
|---|---|
| **Entity:** | The Home Depot, Inc.<br>Entity ID Number  2483937 |
| **Entity Served:** | The Home Depot, Inc. |
| **Title of Action:** | Reimer, Ruhi vs. The Home Depot, Inc. |
| **Matter Name/ID:** | Reimer, Ruhi vs. The Home Depot, Inc. (13380994) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Class Action |
| **Court/Agency:** | Cobb County State Court, GA |
| **Case/Reference No:** | 22-A-4250 |
| **Jurisdiction Served:** | Georgia |
| **Date Served on CSC:** | 12/21/2022 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Skaar & Feagle LLP<br>770-427-5600 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com