IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MELLOWEDE BASS, | : | |
|     Plaintiff, | : | CIVIL ACTION FILE NO. |
| | : | |
| vs. | : | |
| | : | _____ |
| THE LINCOLN NATIONAL LIFE | : | |
| INSURANCE COMPANY, | : | |
|     Defendant | : | |

## COMPLAINT

COMES NOW, MELLOWEDE BASS, Plaintiff in the above-styled action and shows this Court the following:

1.

Defendant The Lincoln National Life Insurance Company (hereinafter, "Lincoln National") may be served with service of process, if waiver of service is declined, by serving its agent, to wit:

Corporation Service Company
2 Sun Court, Suite 400
Peachtree Corners, Ga. 30092

2.

Plaintiff, for all relevant times herein, was a participant in American Credit Acceptance, LLC's (hereinafter, "American Credit") disability plan, insured and

administered by Lincoln National.

3.

The plan is governed under the Employee Retirement Income Security Act (hereinafter, "ERISA").

4.

The United States District Court has jurisdiction over this action as Section 502(e)(1) of ERISA provides that the district courts of the United States shall have jurisdiction of civil actions brought by participants or beneficiaries pursuant to ERISA. 29 U.S.C. § 1132(e)(1). In addition, 28 U.S.C. § 1331 provides that "the district courts shall have original jurisdiction of all civil actions under the Constitution, laws, or treaties of the United States." This action arises under ERISA, a law of the United States.

5.

On or about, September 9, 2019, plaintiff stopped working for American Credit on a full-time basis.

6.

Plaintiff worked on a part-time basis for American Credit for the period of June 20, 2020 through December 22, 2020.

7.

Plaintiff's occupation with American Credit was a servicing specialist III and at the start of her disability she earned $20.44/hour.

8.

Her occupation required constant use of her hands, i.e. typing.

9.

Plaintiff's initial disability has been caused by, but not limited to: wrist pain, carpal tunnel syndrome, etc...

10.

Pursuant to the LTD plan, "disability means total disability or partial disability."

11.

The plan provides 60% of average monthly earnings, less any applicable offsets, for disabilities after the plan's ninety (90) day elimination period.

12.

The plan requires one who may be entitled to some other income benefits to actively pursue the other income benefit.

13.

Plaintiff pursued the other income benefit (worker's compensation benefits)

and received disability benefits on a full-time basis through June 20, 2020 and then approximately half of the monthly benefits via the worker's compensation carrier from June 20, 2020 until sometime in January, 2021.

14.

The worker's compensation treating medical physician, the independent medical examiner, the independent therapist that performed a functional capacity evaluation as well as Lincoln National's first peer reviewer all opined plaintiff could not type constantly.

15.

American Credit informed Lincoln National that plaintiff was required to type constantly.

16.

Lincoln National on July 1, 2021 denied plaintiff's request for long term disability benefits by indicating the medical records did not support functional impairment and that plaintiff's position was of a customer service representative requiring occasionally lifting up to 10 pounds and sitting for 8 hours a day.

17.

On November 22, 2021, plaintiff filed an appeal in response to Lincoln National's determination to deny benefits.

18.

Lincoln National then requested a 2nd medical reviewer to opine about plaintiff's disability.

19.

The 2nd medical reviewer opined the medical records do not contain any supported level of impairment that translates into restrictions and limitations.

20.

On April 6, 2022, Lincoln National affirmed its original denial determination by claiming the long term disability plan requires the medical records must support continued disability.

21.

The plan specifies partial disability means that due to an injury or sickness, one is unable to perform one or more of the main duties of his or her own occupation; or is unable to perform such duties full-time.

22.

The peer reviewers and Lincoln National do not factor pain in determining whether one is disabled.

23.

On August 1, 2022, plaintiff filed another administrative appeal.

24.

On August 24, 2022, Lincoln National forwarded its vocational rehabilitation specialist's opinion indicating plaintiff's occupation was one of a collection clerk and according to the Dictionary of Occupational Titles ("DOT"), said position required frequent fingering (1/3-2/3 of the day).

25.

In response to same, plaintiff indicated her position was a servicing specialist III and the DOT analysis for a collection clerk was over thirty (30) years old.

26.

Plaintiff also submitted several statements that her occupation required constant typing.

27.

The LTD plan states that one's main duties include those job tasks as described in the U.S. Department of Labor DOT; and as performed in the general labor market and national economy.

28.

On September 27, 2022, Lincoln Nation, again, affirmed its decision to deny long term disability benefits.

29.

Plaintiff also sought short-term and long-term disability benefits arising out of her total inability to work, from other medical reasons, beginning December 23, 2020.

30.

Lincoln National denied said claims indicating plaintiff could not avail herself of the plan provisions as she was neither considered an active employee as she was not working at least thirty (3) hours per week nor did the continuation clause apply as she was denied disability benefits arising from her September 2019 disability date.

31.

Plaintiff filed the appropriate administrative appeals on June 30, 2022 and November 17, 2022 for the short term disability claim and Lincoln National denied those appeals on July 29, 2022 and January 17, 2023 respectively.

32.

Filing an administrative appeal for the long term disability date of December 23, 2020 would be fruitless as Lincoln National already decided in the short term disability matter that Ms. Bass was not an active employee nor could she utilize the continuation provision as she was denied disability benefits arising

from her September 2019 disability date.

33.

Plaintiff has met ERISA's exhaustion requirement(s) to allow this court to conduct the appropriate judicial review of the decision to deny the disability benefits claim(s).

## COUNT ONE

34.

Plaintiff incorporates by reference ¶¶ 1-33 as if fully set forth herein.

35.

Plaintiff was disabled pursuant to the terms of the STD and LTD plans.

36.

The decision(s) to deny Plaintiff's disability benefits were wrong.

37.

The decision(s) to deny Plaintiff's disability claims were arbitrary and capricious.

38.

Plaintiff is owed the applicable monthly disability benefits from December 9, 2019 through the present.

COUNT TWO

39.

Plaintiff reincorporates ¶¶ 1- 38 as if fully set forth herein.

40.

Defendant is responsible to pay Plaintiff interest concerning the disability benefits under an equitable or legal theory. 29 U.S.C. § 1132 (a)(3).

COUNT THREE

41.

Plaintiff reincorporates ¶¶ 1- 32 as if fully set forth herein.

42.

Defendant is responsible to provide Plaintiff her reasonable attorney fees/costs of litigation pursuant to 29 U.S.C. § 1132 (g)(1).

WHEREFORE, Plaintiff prays Defendant be served with a summons and complaint if service is not waived, the court decree Plaintiff is disabled under the plan, Plaintiff receive judgment for his disability benefits, interest, attorney fees, expenses of litigation, court costs and any further order this Court deems just and proper.

                                           Respectfully,

                                           */s/ Kenneth Behrman*
                                           Kenneth Behrman, Esq.
                                           Georgia Bar No. 046995
                                           Attorney for Plaintiff

5855 Sandy Springs Circle
Suite 300
Atlanta, GA.30328
(770) 952-7770 (phone)
770-952-6775 (fax)
ken.behrman@behrmanlaw.com