# EXHIBIT B

| | **MONTLICK & ASSOCIATES, P.C.** | |
|---|---|---|
| David R. Montlick | ATTORNEYS AT LAW | Aaron N. Monick *CA, TN |
| Alan Y. Saltzman° | | Jennifer J. Fleming *NJ, PA |
| Kathy Opperman°¹ | 17 EXECUTIVE PARK DRIVE • SUITE 300 | Alyssa A. Martins |
| | ATLANTA, GEORGIA • 30329 | Sara E. Root |
| Orlando A. Marra *FL | | Faris Zejnelovic |
| Patrick R. Matarrese | | Sarah D. Neeland |
| Michael N. Rubin *MD | TELEPHONE (404) 529-6333 • FACSIMILE (404) 321-3323 | Benjamin V. Copeland |
| Lynn S. Walker | Montlick.com | Douglas J. Glosser |
| Michael J. Moran | | William A. Parker, Jr. *SC |
| Kimberly L. Jacobsen | | Alexander J. Tertichny |
| Joel H. Roth *NY | | Michelle G. Mumpower |
| Richard K. Warner *NY | | Nives R. Juric |
| D. Jeffrey Beaird *AL, TN | | Phillip Hairston |
| Jeffrey S. Kowalski | | David B. Weinberg |
| Christopher R. Ostolski | | Enrique A. Fernandez |
| Margaret K. Grenleski | | Mark Anthony Molina *NY |
| Nathan A. Kratzert | | Ellen E. Forrester *TN |
| Jason A. Saltzman | | Nicholas R. Vocino *AL |
| Craig W. LaChanse | | Ellis C. Liu |

° Managing Attorney
¹ also admitted in NY, NJ, & N.S.W.
* also admitted in other state(s)

February 2, 2022

**CERTIFIED MAIL - RETURN RECEIPT REQUESTED**
Ms. Ismas Williams
Sedgwick Claims
PO Box 14452
Lexington, KY  40512

        RE:    Kim Evette Wyatt v. Kroger
                 Our Client:     Kim Evette Wyatt
                 Your Insured:  The Kroger Co.
                 Your Claim No.:  40210498B58
                 Date of Injury:  April 2, 2021

Dear Ms. Williams:

      The following material, including receipts, medical reports, analyses, evaluations, and other documents, have been compiled to evaluate the liability of Kroger, the nature of the injuries of Ms. Kim Evette Wyatt, and the extent of damages sustained by Ms. Wyatt as a result of the incident which occurred on or about April 2, 2021, caused by the negligence of Kroger.

      The following is being submitted to you for purposes of negotiation only.  Your review of the same is under the conditions that nothing contained herein shall constitute an admission by our client and that nothing contained herein shall, by reason of the submission, be admissible against her at any hearing or trial.

      All of the enclosed material shall remain the property of our client and shall be returned to her upon the request to you to do so.

## LIABILITY

      On April 2, 2021, Ms. Wyatt was a patron at the Kroger located at 3240 South Cobb Drive, in the City of Smyrna, Georgia.  While at the store, she asked an employee to help her find Geritol (liquid iron), and the employee walked with her to the appropriate area of the store. As Ms. Wyatt arrived at the end of the purported aisle, and obtained the product, suddenly and without warning her left foot went out in front of her (where her legs made a half split) and her right ankle contorted, causing severe injury. Ms. Wyatt had fallen on a slippery and shiny floor. A young black gentleman (employee), as well as the

Ms. Williams
Page 2

employee who had assisted her earlier arrived at the scene after the fall. **One of them stated that the floor had been recently cleaned.** Subsequently, a manager created an incident report.

The relevant law in Georgia that governs liability for an event such as this one is O.C.G.A. § 51-3-1, providing, in relevant part:

> Where an owner or occupier of land, by express or implied invitation, induces or leads others to come upon its premises for any lawful purposes, he is liable for damages to such person or injuries caused by his failure to exercise ordinary care in keeping the premises . . . safe.

Furthermore, Georgia law also provides liability for employee negligence, also applicable here in O.C.G.A. § 51-2-2. This section provides, in relevant part:

> Every person shall be liable for torts committed by … his servant by his command…and within the scope of his business, whether the same are committed by negligence or voluntarily.

In order to prove Kroger was liable for this incident, we merely need to show that Kroger had notice of the hazard at issue. **Based on our investigation, it appears that a Kroger employee *created* the hazard that caused Ms. Wyatt's injury, which would eliminate Kroger's ability to defend the case on the basis that it did not have notice.**

Moreover, Georgia Courts have developed a test for constructive knowledge, which may be shown by:

> Demonstrating that (1) an employee of the defendant was in the immediate vicinity of the fall and had an opportunity to correct the hazardous condition prior to the fall, or (2) the hazardous condition had existed for a sufficient length of time that it would have been discovered and removed had the proprietor exercised reasonable care in inspecting the premises. Kroger Co. v. Schoenhoff, 324 Ga.App. 619, 620-21 (2013) (citing Benefield v. Tominich, 308 Ga.App. 605, 608 (2011)).

The second method of establishing constructive knowledge can be satisfied if the Plaintiff shows evidence from which the jury can infer that a **reasonable inspection procedure was either not in place or was not followed, and the length of time that the hazard existed.** Id. at 621. Constructive knowledge may be inferred when evidence exists that the defendant lacked a reasonable inspection procedure. Landrum v. Enmark Stations, Inc. 310 Ga.App. 161, 163 (2011) (citing Shepard v. Winn Dixie Stores, Inc., 241 Ga.App. 746, 748 (1999)).

According to the laws of the state of Georgia, Kroger is responsible for the control and maintenance of their property as well as liable for the negligence of its employees. Kroger and its employees failed to exercise ordinary care in failing to provide an environment where customers can walk about the store safely. No warnings were given to customers of the recently cleaned/buffed floor, and as a result, Ms. Wyatt sustained serious injury. Moreover, this hazard was either created by employees of Kroger and/or left in its condition for a significant period of time for Kroger to correct the issue. Thus, liability on part of Kroger and its employees is unequivocal and clear.

## **INJURIES**

Immediately following the incident caused by your insured, Ms. Wyatt rushed herself to the emergency room at Wellstar Medical Group Urgent Care at Vining's Health Park where she complained of ankle pain to her attending physician and was diagnosed with a **sprain of the right ankle**. She was released with prescriptions for Norco, a powerful pain reliever.

Unfortunately, her pain continued to persist, so she sought emergency treatment again at WellStar Cobb Hospital where she consulted with Brandon Penn, M.D., who noted acute fractures and instructed her to take Ibuprofen and to follow-up with an orthopedist.

Ms. Wyatt followed her doctor's advice and consulted with Freddy Achecar, M.D., a Board-Certified Orthopedist, who examined Ms. Wyatt and diagnosed her with the following:

1. **Sprain of right ankle;**
2. **Ankle pain;**
3. **Sprain of right knee.**

He prescribed her Diclofenac and fitted her with a boot to the foot and instructed her to endure a grueling but conservative course of physical therapy which she did for the next several weeks.

She ended up consulting also with Peter Lee, M.D., a Board-Certified Physiatrist who ordered an MRI which was read by Craig Lyles, M.D., a Board-Certified Radiologist, who noted peritendinitis of the Achilles tendon. She endured a grueling but conservative course of physical therapist for several weeks.



**Achilles Peritendinitis** is one of the most common causes of peritendinitis. The Achilles tendon is a thick tendon located at the back of the ankle joint, connecting the calf muscles to the foot's heel. Achilles peritendinitis is an excruciating inflammation of the sheath tissue covering this important tendon. Most cases involve pain and swelling in the affected area, restricting the range of motion of a joint. With a diagnosis of peritendinitis, doctors commonly decide to prescribe anti-inflammation drugs or pain-relievers. Treatment also includes ice, rest, and even joint immobilization in severe cases, as was the case with Ms. Wyatt.

Ms. Wyatt lives alone, and experienced tremendous pain and impairment in her daily life during her recovery. Initially following the incident, Ms. Wyatt could not drive without pain, which was a problem for her, particularly because of her routine of driving to Alabama to pick up her grandchildren every week. Moreover, she lives in a two-story residence, and traversing stairwells was also difficult. Prior to the incident, Ms. Wyatt used to enjoy long walks in the morning and regular exercise, but her injury continues to impede her ability to do so. She is a kind, pleasant and family-oriented woman who will make a compelling witness on her own behalf in front of a local jury.

## DAMAGES

Kim Evette Wyatt incurred the following expenses as a direct result of the negligence of your insured:

| Medical Provider | Amount | Exhibit |
|---|---|---|
| WellStar Urgent Care | $ 200.00 | 1 |
| WellStar Cobb Hospital | $ 3,369.60 | 2 |

Ms. Williams
Page 4

| | | |
|---|---:|---|
| The Bortolazzo Group | $ 935.00 | 3 |
| Quantum Radiology | $ 123.00 | 4 |
| Resurgens Orthopedics | $ 863.00 | 5 |
| Peachtree Spine Physicians | $23,002.50 | 6 |
| **TOTAL MEDICAL BILLS TO DATE** | **$28,493.10** | |

### OFFER OF COMPROMISE

    In light of the physical pain and suffering which Kim Evette Wyatt has endured, for settlement purposes only, we are willing to recommend that she accept the amount of ONE HUNDRED FIFTY THOUSAND DOLLARS ($150,000.00) in resolution of her claim. We feel this figure is a fair and reasonable amount to compensate Ms. Wyatt for her bodily injuries, medical expenses, disability, pain and suffering, mental anguish, and loss of the capacity for the enjoyment of life.

    This demand letter is being sent to you for Kim Evette Wyatt's damages in a sincere effort to try to settle this matter short of costly litigation for all parties involved. Please contact me within thirty (30) days of receipt of this correspondence so that we can discuss this claim. Thank you in advance for your prompt attention.

    Very truly yours,

    MONTLICK & ASSOCIATES, P.C.

    Jason A. Saltzman
    Attorney at Law

LTR_126:707928:ndlsdb

Enclosures

2-9-2022      40210498B580001      5120220209051752