IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KIM WYATT,<br><br>    Plaintiff,<br><br>v.<br><br>THE KROGER CO.,<br><br>    Defendant. | Civil Action File No.<br><br>_____<br><br>Removed from Cobb County State Court, Civil Action No. 22-A-4247<br><br>JURY TRIAL DEMANDED |

## DEFENDANT THE KROGER CO.'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES

COMES NOW The Kroger Co. in the *Complaint for Damages* of Plaintiff Kim Wyatt (hereinafter referred to as "Plaintiff"), in the above-styled civil action, by and through undersigned counsel, and files this, its *Answer and Defenses* thereto, further showing this honorable Court as follows:

### FIRST DEFENSE

For the first defense, Kroger responds to the enumerated paragraphs of Plaintiff's *Complaint* as follows:

### PARTIES, JURISDICTION AND VENUE

1.

In response to the averments alleged in Paragraph 1 of Plaintiffs' Complaint, Defendant Kroger admits it is an Ohio corporation authorized to do business in

1

Georgia, and its registered agent in Georgia is CSC of Cobb County, Inc., at 192 Anderson St. SE, Suite 125, Marietta, Cobb County, Georgia.  By way of further response to said paragraph, Kroger Defendant Kroger states that those averments not expressly admitted or denied are hereby denied.

2.

Kroger admits that this court may exercise jurisdiction over the subject matter of this action and admits that venue is properly laid in this court as to each Defendant.

**FACTS**

3.

Kroger admits that Plaintiff was in the store located at 3240 S Cobb Drive, Smyrna, GA 30082 on April 2, 2021.

4.

Defendant is without knowledge or information sufficient to allow it to either admit or deny the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5.

Defendant admits it owed certain statutory duties under the law, but denies such duties are accurately stated in Paragraph 5 of the Complaint.

6.

Defendant is without knowledge or information sufficient to allow it to either admit or deny the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7.

Kroger denies the allegations contained in paragraph 7 of Plaintiff's Complaint and demands strict proof thereof.

8.

Kroger denies the allegations contained in paragraph 8 of Plaintiff's Complaint and demands strict proof thereof.

9.

Kroger denies the allegations contained in paragraph 9 of Plaintiff's Complaint and demands strict proof thereof.

10.

Paragraph 10 of Plaintiff's Complaint requires no response.

## **SECOND DEFENSE**

The Plaintiff's Complaint fails to state a claim, count or theory of recovery against Kroger upon which relief can be granted.

## **THIRD DEFENSE**

Kroger has breached no duty owed to the Plaintiff, and therefore Plaintiff

cannot recover from Kroger. At all times, Kroger exercised that degree of care required by law; therefore, Plaintiff may not recover from Kroger in any sum or manner whatsoever.

## FOURTH DEFENSE

Any alleged injuries sustained by the Plaintiff were proximately caused in whole or in part by the acts or omissions of persons other than Kroger, over whom Kroger had no control, or by the superseding intervention of causes outside Kroger's control.

## FIFTH DEFENSE

Kroger committed no act or omission which caused or contributed to the subject incident or Plaintiff's alleged injuries, and therefore Plaintiff cannot recover from Kroger.

## SIXTH DEFENSE

This action is or may be barred by the doctrine of contributory/comparative negligence. The Plaintiff's negligence was greater than or equal to any negligence on the part of the Defendants collectively. In the exercise of ordinary care, the Plaintiff could have avoided the subject incident.

## SEVENTH DEFENSE

The Plaintiff's failure to plead and itemize special damages in this action bars their recovery pursuant to O.C.G.A. § 9-11-9(g).

**EIGHTH DEFENSE**

Plaintiff is not entitled to an award of attorney's fees pursuant to O.C.G.A. § 13-6-11 because Defendant has not acted in bad faith, been stubbornly litigious or caused Plaintiff unnecessary trouble and expense.

**NINTH DEFENSE**

There is no evidence that Defendant was guilty of willful, conscious and wanton indifference or that Defendant acted with knowing and/or reckless disregard for the rights, safety and welfare of the Plaintiff or the public, and, accordingly, Plaintiff is not entitled to recover punitive damages in any sum whatsoever.

**TENTH DEFENSE**

In response to Plaintiff's unnumbered WHEREFORE paragraph, Defendant denies all allegations contained therein requiring a response.

WHEREFORE, having fully responded to the averments in Plaintiff's *Complaint for Damages*, Defendant Kroger respectfully prays:

(a)  That judgment is rendered in favor of Kroger and against Plaintiff;

(b)  That Kroger be discharged with all costs cast against Plaintiff;

(c)  That this matter be tried by a jury of twelve persons regarding any issues not subject to summary adjudication; and

(d)  For such other and further relief as is just and proper.

Respectfully submitted, this 20th day of January, 2023.

| | |
|---|---|
| **GRAY, RUST, ST. AMAND,** | **/s/ Sarah Raquel L. Lisle** |
| **MOFFETT & BRIESKE, L.L.P.** | Matthew G. Moffett |
| 950 East Paces Ferry Road, N.E. | Georgia State Bar No. 515323 |
| Suite 1700 – Salesforce Tower Atlanta | Sarah Raquel L. Lisle |
| Atlanta, Georgia 30326 | Georgia State Bar No. 412593 |
| Telephone: (404) 870-7386 | *Attorneys for The Kroger Co.* |
| Facsimile: (404) 870-1033 | |

# CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the foregoing **DEFENDANT THE KROGER CO.'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES** using the Court's electronic filing-and-service system, which will send electronic notification to all parties having appeared of record in this action:

| | |
|---|---|
| **Douglas R. Powell** | **Kathy Edwards-Opperman** |
| **Darius L. Lamonte** | **Montlick & Associates, P.C.** |
| **Powell & Associates** | **17 Executive Park Drive** |
| **3007 Piedmont Road NE, Suite 300** | **Suite 300** |
| **Atlanta, GA 30305** | **Atlanta, GA 30329** |
| *Attorney For Plaintiff* | *Attorney For Plaintiff* |

Further, this is to certify that the foregoing pleading complies with the font and point selections approved by the Court in Local Rule 5.1. It is prepared in Times New Roman 14-point font.

Respectfully submitted, this the 20th day of January, 2023.

**GRAY, RUST, ST. AMAND,**
**MOFFETT & BRIESKE, L.L.P.**              */s/ Sarah Raquel L. Lisle*
950 East Paces Ferry Road, N.E.              Matthew G. Moffett
Suite 1700 – Salesforce Tower Atlanta        Georgia State Bar No. 515323
Atlanta, Georgia 30326                       Sarah Raquel L. Lisle
Telephone: (404) 870-7386                    Georgia State Bar No. 412593
Facsimile: (404) 870-1033                    *Attorneys for The Kroger Co.*