UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| **Parisa Rezaei** <br><br> Plaintiff, <br><br> v. <br><br> **U.S. Citizenship and Immigration Services**, Executive Agency; <br><br> **Ted Kim**, Associate Director of Refugee, Asylum and International Operations (RAIO) at USCIS; <br><br> **Antonio Donis**, Director of the USCIS Arlington Asylum Office. <br><br> Defendants. | Civil Action No. <br><br> **Complaint for Declaratory and Injunctive Relief Under the Administrative Procedure Act and for a Writ of Mandamus** |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Parisa Rezaei ("Ms. Rezaei") brings this action seeking an order mandating the United States Citizenship and Immigration Service (USCIS) and its officers (collectively referred to as "Defendants") to immediately schedule her for an asylum interview and adjudicate her asylum application, which has been unlawfully delayed for almost six years.

## INTRODUCTION

1. Ms. Rezaei is 35-year-old citizen of Iran residing lawfully in the United States as an applicant for asylum. She applied for asylum on March 27, 2017, based on her fear of returning to Iran after she and her family were threatened in Iran for her

COMPLAINT - 1

perceived conversion to Christianity, as well as the fact that she officially converted to Christianity after arriving in the United States. For almost six years, USCIS has taken no action on Ms. Rezaei's case. Ms. Rezaei has submitted several inquiries through Congressional representatives and has yet to receive any response regarding the scheduling of her interview.

2. Defendants have failed to adjudicate Ms. Rezaei's case asylum application in violation of law. Ms. Rezaei brings this action to compel agency action that has been unreasonably delayed and respectfully requests that the Court order the Defendants to schedule her for an asylum interview and adjudicate her asylum application.

## PARTIES

3. Plaintiff **Kobra Rezaei** is a citizen of Iran who currently resides at 2250 Belle Vista Court, Marietta, Georgia 30062. She is lawfully present in the U.S. as an applicant of a pending asylum application.

4. Defendant **USCIS** is a component agency of the Department of Homeland Security. USCIS is responsible for the adjudication of asylum applications filed by individuals in the U.S.

5. Defendants **Ted Kim** is the Associate Director of USCIS's Refugee, Asylum and International Operations and is the primary officer in charge of USCIS's asylum operations. He is sued in his official capacity.

6. Defendant **Antonio Donis** is the Director of the USCIS Arlington Asylum Office and is the principal officer in charge of that office. The Arlington Asylum Office has jurisdiction over Ms. Rezaei's case. Defendant Antonio Donis is sued in his official capacity.

## JURISDICTION AND VENUE

7. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, which provides that "district courts shall have original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States."

8. The Court has subject matter jurisdiction under the Mandamus statute (28 U.S.C. § 1361), the Declaratory Judgment Act (28 U.S.C. § 2201), and the Administrative Procedure Act (APA) (5 U.S.C. § 702).

9. The Court has authority to compel agency action that is unreasonably delayed, unlawfully withheld, or which is contrary to law, an abuse of discretion, or arbitrary and capricious. 5 U.S.C. §§ 555(b), 706.

10. The Court further has the authority to issue a writ of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to them. 28 U.S.C. § 1361. In this case, Defendants have failed and refused to adjudicate Ms. Rezaei's asylum application in a timely and reasonable manner despite their clear, non-discretionary duty to do so.

11. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(e)(C) as this

is an action against officers and agents of the United States in their official capacities, brought in the district where Plaintiff Ms. Rezaei resides. There is no real property involved in this action.

## LEGAL FRAMEWORK

12. In general, any noncitizen physically present in the U.S. may seek asylum within one year of the noncitizen's arrival in the United States. *See* 8 U.S.C. § 1158(a).

13. Asylum may be granted to an individual who has a well-founded fear of persecution based on race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1158(b)(1)(A); *id*. § 1101(a)(42)(A).

14. The Refugee, Asylum, and International Operations (RAIO), a component of USCIS, has initial jurisdiction over an asylum application filed by noncitizens physically present in the United States. 8 C.F.R. § 208.2(a).

15. Applicants for asylum must be interviewed by an RAIO adjudicating asylum officer (" asylum officer") in a non-adversarial manner. 8 CFR § 208.9(b)

16. After the interview, an asylum officer may grant asylum to an eligible applicant. 8 CFR § 208.14(b).

17. If the asylum officer does not grant asylum to an applicant after an interview, "the asylum officer shall deny, refer, or dismiss the application." 8 CFR § 208.14(c).

18. Either way, USCIS "shall adjudicate the claim of each asylum applicant

whose application is complete within the meaning of § 208.3(c)(3) and is within the jurisdiction of the [USCIS]." 8 CFR § 208.9(a).

19. The Immigration and Nationality Act ("INA") makes clear that applications for asylum should be adjudicated expeditiously. *See* 8 U.S.C. § 1158(5)(A)(ii) ("in the absence of exceptional circumstances, the initial interview or hearing on the asylum application shall commence not later than 45 days after the date an application is filed"); *see also* 8 U.S.C. § 1158(5)(A)(ii) ("in the absence of exceptional circumstances, final administrative adjudication of the asylum application, not including administrative appeal, shall be completed within 180 days after the date an application is filed.").

## FACTUAL BACKGROUND

20. Ms. Rezaei is a 35-year-old Iranian national who was born to a Muslim family but has since converted to Christianity.

21. Ms. Rezaei's family was threatened when five men arrived at her home and threatened her father due to their belief that she had converted to Christianity and was trying to convert others.

22. Ms. Rezaei submitted her asylum application within one year of entering the United States, on march 27, 2017.  Exhibit A.

23. To date, Ms. Rezaei's case remains unadjudicated, over six years after the application was filed.

24. Over the last few years, Plaintiff has sent multiple requests to the Asylum Office with the assistance of Congressional Representatives, but has not received any word on the scheduling of her interview.  Exhibit B.

25. To date, Defendants have failed to schedule Mr. Rezaei for an asylum interview.

26. The delay in adjudication is causing harm to Mr. Rezaei. Her immigration status has been in limbo for almost six years while her asylum application has been pending. Without a decision on her asylum case, Mr. Rezaei lives in a constant state of stress and uncertainty as to whether she will be allowed to stay in the United States, or if she must return to Iran.

27. Ms. Rezaei cannot travel internationally while her case is pending, which has prevented her from traveling for her personal life.

28. As an asylum applicant, Ms. Rezaei must continually renew her work authorization, which serves as her only form of federally issued ID. With the current delays in adjudicating work authorization documents, Ms. Rezaei is constantly at risk of not having valid identification.

29. Ms. Rezaei has done everything that the Defendants have asked of her. She has exhausted all available avenues to have her application promptly adjudicated.

30. She has no other recourse against Defendants' unlawful delay than by way of this lawsuit.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### (Writ of Mandamus (28 U.S.C. § 1361))

31. Plaintiff repeats and incorporates by reference each and every allegation contained in the preceding and foregoing paragraphs as if fully set forth herein.

32. Mandamus is available to compel a federal official or agency to perform a duty if: (1) the plaintiff has a clear right to the relief requested; (2) defendant has a clear, non-discretionary duty to act; and (3) there is no other adequate remedy available. *See* 28 U.S.C. § 1361.

33. An individual has a clear right to the requested relief when he falls within the "zone of interests" of a particular statute. It is well-established that the INA provides asylum-seekers with the right to apply for asylum. *See* 8 U.S.C. § 1158(b)(1)(A). Ms. Rezaei has a clear right to the relief requested because as an applicant for asylum, her interests fall within the "zones of interests to be protected or regulated by the statute in question." *Ass'n of Data Processing Serv. Org., Inc. v. Camp*, 397 U.S. 150, 150 (1970). Ms. Rezaei therefore has a clear right to the adjudication of her asylum application.

34. Defendants have a clear, ministerial, and non-discretionary duty to adjudicate Ms. Rezaei's asylum application. *See* 8 C.F.R. § 208.9(a). ("[USCIS] shall adjudicate the claim of each asylum applicant whose application is complete"); *see also* 8 C.F.R. § 208.14(c) (stating that if the asylum officer does not grant asylum to an applicant

after an interview "the asylum officer shall deny, refer, or dismiss the application."). Additionally, the INA makes clear that applications for asylum be adjudicated expeditiously. *See* 8 U.S.C. § 1158(5)(A)(ii) ("in the absence of exceptional circumstances, the initial interview or hearing on the asylum application shall commence not later than 45 days after the date an application is filed"); *see also* 8 U.S.C. § 1158(5)(A)(ii) ("in the absence of exceptional circumstances, final administrative adjudication of the asylum application, not including administrative appeal, shall be completed within 180 days after the date an application is filed."). Both the INA and Defendants' own regulations confirm that Defendants have a clear and non-discretionary duty to adjudicate Ms. Rezaei's asylum application.

35. Ms. Rezaei has exhausted all possible remedies. She has made numerous inquiries to Defendants, none of which have resulted in any meaningful response regarding her case status. Mandamus is the only available recourse.

36. Defendants have unlawfully and unreasonably delayed and withheld adjudication of Ms. Rezaei's application for almost six years, despite a clear duty to adjudicate the application. The six-year delay in adjudicating the application exceeds the INA's only listed timeline.

37. Defendants' unlawful delay has harmed Ms. Rezaei. For years, she has lived in a limbo-state of uncertainty and stress regarding her immigration status. She continues to incur the burden and expense associated with being in pending-asylum

status.

38. These harms can be remedied by the issuance of a writ of mandamus compelling the defendants to immediately adjudicate Ms. Rezaei's application.

## SECOND CAUSE OF ACTION
### (Unreasonable Delay under the APA, 5 U.S.C. § 555(b))

39. Plaintiff repeats and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

40. The APA requires agencies to conclude matters "within a reasonable time," 5 U.S.C. § 555(b), and authorizes a federal court to "compel agency action unlawfully withheld or unreasonably delayed," *id*. § 706(1). The APA explicitly provides a right of judicial review to a person "adversely affected or aggrieved" by an agency's "fail[ure] to act" or other agency action. 5 U.S.C. § 702.

41. Defendants' failure to adjudicate Ms. Rezaei's asylum application for over six years is a failure to act and amounts to final agency action under the APA.

42. Defendants' have unlawfully withheld and unreasonably delayed the adjudication of Ms. Rezaei's asylum application. Ms. Rezaei filed her asylum application on March 27, 2017. More than six years have passed, and Defendants have still not issued a decision on the asylum application. This six-year delay is unreasonable when compared to the INA's timetable for adjudication of asylum applications. *See* 8 U.S.C. § 1158(5)(A)(ii) ("adjudication "shall be completed within 180 days after the date an application is filed."). The delay is also unreasonable in

light of Ms. Rezaei's many attempts to inquire with Defendants regarding her case.

43. Accordingly, when a proper showing is made, "[t]he reviewing court shall . . .compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).

44. For these reasons, this Court should declare that the delay in processing Ms. Rezaei's asylum application is not reasonable.

## RESERVATION OF RIGHTS

45. Plaintiff reserves the right to add additional allegations of agency error and related causes of action upon receiving the certified administrative record.

## REQUEST FOR RELIEF

Plaintiff requests that this Court grant the following relief:

(1)   Assume jurisdiction over this matter;

(2)   Issue a writ of mandamus compelling Defendants to interview Ms. Rezaei within 30 days and to then expeditiously adjudicate her asylum application;

(3)   Enter a judgment declaring Defendants' unreasonable delay and failure to adjudicate Ms. Rezaei's asylum application to be in direct violation of the APA, the INA, and federal regulations;

(4)   Award Plaintiff's costs of suit and reasonable attorney's fees under the Equal Access to Justice Act, 42 U.S.C. §1988, and any other applicable law;

(5)   Grant such further relief as this Court deems just and proper.

Respectfully submitted this 20th day of January, 2023.

   /s/ Danielle Claffey
Danielle M. Claffey
GA Bar Number: 222292
Kuck Baxter Immigration, LLC
365 Northridge Road, Suite 300
Atlanta, GA 30350
Phone: 404-816-8611
Fax: 404-816-8615
dclaffey@immigration.net

Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I, Danielle Claffey, certify that on January 20, 2023, I filed the foregoing with the Clerk of Court using the CM/ECF system, and I certify that I will mail a hard copy of the document to the individuals listed below pursuant to Fed. R. Civ. P. 4 via first-class mail to:

    Ryan K. Buchanan
    U.S. Attorney for the Northern District of Georgia
    The United States Attorney's Office
    Richard B. Russell Federal Building
    75 Ted Turner Drive, S.W., Suite 600
    Atlanta, Georgia 30303-3309

    U.S. Citizenship and Immigration Services
    Office of the Chief Counsel
    5900 Capital Gateway Drive
    Mail Stop 2120
    Camp Springs, MD 20588-0009

    Ted Kim
    Office of the Chief Counsel
    5900 Capital Gateway Drive
    Mail Stop 2120
    Camp Springs, MD 20588-0009

    Antonio Donis
    Office of the Chief Counsel
    5900 Capital Gateway Drive
    Mail Stop 2120
    Camp Springs, MD 20588-0009

      Merrick Garland
      Attorney General of the United States
      950 Pennsylvania Avenue, NW,
      Washington, DC 20530

Respectfully submitted this 20th day of January, 2023.

 /s/ Danielle Claffey_____