E-FILED IN OFFICE - JT
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**22-C-07369-S5**
**12/20/2022 12:53 PM**
**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

**CESAR HIDALGO,**

CIVIL ACTION   22-C-07369-S5
NUMBER:_____

PLAINTIFF

VS.

**SYSCO ATLANTA, LLC; ABC CORPS 1-3;**

**JOHN DOES 1-3,**

DEFENDANT

### SUMMONS

**TO THE ABOVE NAMED DEFENDANT:** SYSCO ATLANTA, LLC, by and through its registered agent for service, Corporation Service Company, 2 Sun Court, Ste. 400, Peachtree Corners, GA 30092

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

NIGEL PHIRI
3379 PEACHTREE ROAD NE, STE. 555
ATLANTA, GA  30326

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____20th day of December, 2022_____ , **20** . ____

Tiana P. Garner
Clerk of State Court

By _____
Deputy Clerk

**INSTRUCTIONS:** Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

# EXHIBIT A

E-FILED IN OFFICE - JT
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**22-C-07369-S5**

**12/20/2022 12:53 PM**
**TIANA P. GARNER, CLERK**

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | |
|---|---|
| CESAR HIDALGO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No: |
| | )    22-C-07369-S5 |
| SYSCO ATLANTA, LLC; ABC CORPS | ) |
| 1-3, JOHN DOES 1-3 | ) |
| | ) |
| Defendants. | ) |
| | ) |

## RENEWAL COMPLAINT AND DEMAND FOR TRIAL BY JURY

COMES NOW Plaintiff, CESAR HIDALGO and states his Renewal Complaint against

Defendant Sysco Atlanta, LLC as follows:

### PARTIES AND JURISDICTION

1.

This is a renewal of an action previously filed in the State Court of Gwinnett County under

Civil Action File Number 21-C-07397—S5 with Cesar Hidalgo as Plaintiff and Defendant Sysco

as Defendant. Said previous action was filed on October 12, 2021. Defendant Sysco was properly

served with process and/or acknowledged service on October 13, 2021. Defendant Sysco removed

the case to federal court on November 11, 2021. The parties sometime thereafter stipulated to a

voluntarily dismissal without prejudice on December 15, 2022. The previous action was filed

within two years of the incident in question, was not dismissed on its merits, was not a void action,

and involved substantially the same cause of action as is being asserted in this Renewal Complaint,

which is being filed within six months of the dismissal of the previous action. All costs of the

previous action have been paid, and the previous action had never been previously dismissed and

re-filed. Plaintiff thus has the right to bring this renewal action pursuant to O.C.G.A. § 9-2-61. File-stamped copies of the Amended Complaint, Sheriff's Entry of Service, and Dismissal Without Prejudice are attached hereto as Exhibits "A", "B", and "C", respectively.

2.

Plaintiff is a resident of the State of Georgia.

3.

At all times material to this action, Defendant Sysco is a foreign profit corporation authorized to do business in Georgia with its principal place of business located at 1390 Enclave Pkwy, Houston, TX 77077-2025 and is subject to the jurisdiction and venue of Gwinnett County. Defendant Sysco's registered agent is Corporation Service Company, located at 2 Sun Court, Suite 400, Peachtree Comers, GA 30092, and may be served at that address.

4.

Defendants ABC Corps 1-3, whose identities and whereabouts are currently unknown and are subject to the jurisdiction and venue of this Court. Defendants ABC Corps 1-3 will be named and served with Summons and Complaint once their respective identities are revealed.

5.

Defendants John Does 1-3, whose identities and whereabouts are currently unknown and are subject to the jurisdiction and venue of this Court. Defendants John Does 1-3 will be named and served with Summons and Complaint once their respective identities are revealed.

6.

At all times material hereto, Defendant Sysco was the owner and in possession of that certain Sysco facility located at 2225 Riverdale Road, College Park, GA 30349.

7.

At said time and place, Plaintiff was an invitee on Defendant Sysco's Premises.

8.

At all material times, Defendant Sysco owed Plaintiff a nondelegable duty to exercise reasonable care for his safety.

9.

Jurisdiction and venue are proper in this Court.

**FACTUAL BACKGROUND**

10.

Plaintiff alleges and incorporates herein by reference paragraphs 1 through 9 above as if they were fully restated verbatim.

11.

On or about January 23, 2020, Plaintiff was working on the Premises.

12.

At said time and place, Defendant Sysco's employees/agents negligently caused a large bumper to fall onto Plaintiff's head, causing Plaintiff to suffer significant injuries.

13.

At all times, Plaintiff exercised reasonable care for his own safety.

## COUNT I - CLAIM FOR PREMISES LIABILITY

14.

Plaintiff realleges and reasserts the allegations contained within paragraphs 1 through 13 above as if fully set forth herein.

15.

At said time and place, Defendant Sysco owed Plaintiff duties to properly utilize the premises and its equipment in a reasonably safe manner, and to warn Plaintiff of potentially dangerous condition(s).

16.

At said time and place, Defendant Sysco owed Plaintiff duties to properly inspect and maintain the equipment in a reasonably safe manner, and to warn Plaintiff of potentially dangerous condition(s).

17.

At said time and place, Defendant Sysco breached these duties to Plaintiff by committing one or more of the following omissions or commissions:

a) Negligently failing to properly and adequately inspect, utilize and maintain the equipment on the premises thus creating a hazard to those using the premises on which said equipment was located, thus creating an unreasonably dangerous condition for Plaintiff;

b) Negligently creating a hazard to members utilizing said premises, including Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

c) Negligently failing to inspect or adequately inspect, utilize and maintain the premises and/or equipment, as specified above, to ascertain whether there were any hazards to those utilizing the subject premises, including Plaintiff herein, thus creating an unreasonably dangerous condition to Plaintiff;

d) Negligently failing to inspect or adequately warn Plaintiff of the danger of the equipment and/or the premises, when Defendant Sysco knew or through the exercise of reasonable

care should have known that said premises were unreasonably dangerous and that Plaintiff was unaware of same;

e) Negligently failing to inspect, repair or adequately correct the unreasonably dangerous condition of the premises, when said condition was either known to Defendant Sysco or had existed for a sufficient length of time such that Defendant Sysco should have known of same had Defendant Sysco exercised reasonable care;

f) Negligently failing to have adequate staff on duty and/or assigned to the task of properly inspecting and/or maintaining the premises for dangerous conditions;

g) Negligently failing to train and/or inadequately training its employees to inspect, maintain, and/or repair dangerous conditions on the premises;

h) Negligently failing to follow its own corporate policy(ies) regarding the dangerous condition;

i) Negligently failing to have adequate policies in place to identify dangerous conditions that may have accumulated despite knowledge of prior reports of the dangerous conditions identified by employees and/or knowledge of prior incidents at the subject location caused by similar dangerous conditions that were not timely identified by Defendant Sysco's employees and corrected/remedied or for which notice was given to guests;

j) Negligently failing to enforce its stated policy that all associates are responsible for inspecting for dangerous conditions and identifying and remedying said conditions and/or warning guests of said conditions;

k) Negligently failing to assign specific associates/employees to the task of solely monitoring for dangerous conditions and correcting/remedying said conditions and/or warning guests of said conditions;

l) Negligently failing to act reasonably under the circumstances;

m) Negligently engaging in a mode of operations when Defendant Sysco knew, or should have known, that said mode of operations would result in dangerous conditions to the general public, including Plaintiff herein;

n) Negligently engaging in routine or regular practice of business that was not the reasonable custom of the community;

o) Negligently failing to maintain and provide a safe environment;

p) Negligently selecting and/or utilizing practices that failed to provide a stable, safe environment for invitees, including Plaintiff, when, based on Defendant Sysco's experience;

q) Defendant Sysco knew or should have known such incidents were likely to occur; and

r) Negligently selecting and utilizing practices that failed to properly maintain the integrity of the premises, when, based on Defendant Sysco's experience, Defendant Sysco knew or should have known such incidents were likely to occur.

18.

As a result of the foregoing, Defendant Sysco breached its legal duty to Plaintiff in violation of O.C.G.A. § 51-3,.1, causing Plaintiff to sustain significant personal injuries.

19.

As a direct and proximate result of the negligence of Defendant Sysco, Plaintiff incurred medical expenses in excess of $44,000.

20.

As a direct and proximate result of the negligence of Defendant Sysco, Plaintiff bodily injury resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, and aggravation of previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

21.

WHEREFORE, Plaintiff sues Defendant Sysco for damages and demands judgment, plus interest and costs, and demands trial by jury of all issues so triable.

## COUNT II - CLAIM OF NEGLIGENCE UNDER THE NON-DELEGABLE DUTY DOCTRINE AGAINST DEFENDANT SYSCO

22.

Plaintiff realleges and reasserts herein the allegations contained in paragraphs 1 through 21 above as if fully set forth herein.

23.

At said time and place, Defendant Sysco owned, controlled, and/or possessed the equipment and the premises at the subject location.

24.

At said time and place, and by virtue of its ownership, control, and/or possession of the subject equipment and premises, Defendant Sysco owed Plaintiff a common law non-delegable duty to maintain the premises on which the subject equipment was installed in a reasonably safe condition.

25.

At said time and place, Defendant Sysco breached these duties to Plaintiff by committing one or more of the following omissions or commissions:

a)      Negligently failing to properly and adequately maintain the premises, thus creating a hazard to members of the public utilizing premises, including Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

b)      Negligently creating a hazard to members of the public utilizing said premises, including Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

c)      Negligently failing to inspect or adequately inspect the premises, as specified above, to ascertain whether conditions on the premises, constituted a hazard to invitees utilizing the premises, including Plaintiff herein, thus creating an unreasonably dangerous condition to Plaintiff;

d)      Negligently failing to inspect or adequately warn Plaintiff of the danger of the conditions on the premises, when Defendant Sysco knew or through the exercise of reasonable care should have known that said premises were unreasonably dangerous and that Plaintiff was unaware of same;

e)      Negligently failing to inspect, repair or adequately correct the unreasonably dangerous condition of the premises, when said condition was either known to Defendant Sysco or had existed for a sufficient length of time such that Defendant Sysco should have known of same had Defendant Sysco exercised reasonable care;

f)      Negligently failing to have adequate staff on duty and/or assigned to the task of properly inspecting and/or maintaining the premises for dangerous conditions;

g)      Negligently failing to train and/or inadequately training its employees to inspect, maintain, and/or repair the dangerous conditions on the premises;

h)      Negligently failing to follow its own corporate policy(ies) regarding the dangerous condition;

i)      Negligently failing to have adequate policies in place to identify dangerous conditions that may have accumulated despite knowledge of prior incidents at the subject location caused by similar dangerous conditions that were not timely identified by Defendant Sysco's employees and corrected/remedied or for which notice was given to guests;

j)      Negligently failing to enforce its stated policy that all associates are responsible for inspecting for dangerous conditions and identifying and remedying said conditions and/or warning guests of said conditions;

k)      Negligently failing to assign specific associates/employees to the task of solely monitoring for dangerous conditions and correcting/remedying said conditions and/or warning guests of said conditions;

I)      Negligently failing to act reasonably under the circumstances;

m)      Negligently engaging in a mode of operations when Defendants knew, or should have known, that said mode of operations would result in dangerous conditions to the general public, including Plaintiff herein;

n)      Negligently engaging in routine or regular practice of business that was not the reasonable custom of the community;

o)      Negligently failing maintain and provide safe conditions on said premises;

p)      Negligently selecting and/or utilizing installation practices that failed to provide a stable and safe environment for invitees on the subject premises, including Plaintiff, when, based on Defendants' experience, Defendants knew or should have known incidents were likely to occur;

q)      Negligently selecting and/or utilizing installation practices that failed to maintain the integrity of the premises, when, based on Defendants' experience, Defendants knew or should have known incidents were likely to occur; and

r)      Negligently utilizing installation practices that failed to ensure the safety of any invitees on the premises, when, based on Defendants' experience, Defendants knew or should have known hazards were present as a result.

26.

As a result, Plaintiff sustained significant personal injuries.

27.

As a direct and proximate result of the negligence of Defendant Sysco, Plaintiff suffered bodily injury resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, and aggravation of previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE Plaintiff sues Defendant Sysco, for damages and demands judgment plus interest and costs, and demands trial by jury of all issues so triable.

This 20th day of December, 2022.

Respectfully Submitted,


/s/ Nigel Phiri, Esq.
Nigel Phiri
Georgia Bar Number 110935
Attorney for Plaintiff

LAW OFFICE OF NIGEL PHIRI, ESQUIRE, LLC
3379 Peachtree Road NE, Suite 555
Atlanta, Georgia 30326
Telephone: 678-813-0498
nigel@npesq.com

E-FILED IN OFFICE - JT
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
22-C-07369-S5
12/20/2022 12:53 PM
TIANA P. GARNER, CLERK

## General Civil and Domestic Relations Case Filing Information Form

☐ Superior or ☒ State Court of  Gwinnett State Court _____ **County**

| For Clerk Use Only | 22-C-07369-S5 |
|---|---|
| Date Filed _____<br>**MM-DD-YYYY** | Case Number _____ |

**Plaintiff(s)**
Hidalgo, Cesar

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Defendant(s)**
Sysco Atlanta, LLC

| Last<br>ABC 1-5 | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Last<br>John Does 1-5 | First | Middle I. | Suffix | Prefix |

**Plaintiff's Attorney** Nigel Phiri      **State Bar Number** 110935      **Self-Represented** ☐

### Check one case type and one sub-type in the same box (if a sub-type applies):

**General Civil Cases**
☐ Automobile Tort
☐ Civil Appeal
☐ Contempt/Modification/Other Post-Judgment
☐ Contract
☐ Garnishment
☒ General Tort
☐ Habeas Corpus
☐ Injunction/Mandamus/Other Writ
☐ Landlord/Tenant
☐ Medical Malpractice Tort
☐ Product Liability Tort
☐ Real Property
☐ Restraining Petition
☐ Other General Civil

**Domestic Relations Cases**
☐ Adoption
☐ Contempt
  ☐ Non-payment of child support, medical support, or alimony
☐ Dissolution/Divorce/Separate Maintenance/Alimony
☐ Family Violence Petition
☐ Modification
  ☐ Custody/Parenting Time/Visitation
☐ Paternity/Legitimation
☐ Support – IV-D
☐ Support – Private (non-IV-D)
☐ Other Domestic Relations

☐ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____ Case Number      _____ Case Number

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ Language(s) Required

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

Version 1.1.20

E-FILED IN OFFICE - JT
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**22-C-07369-S5**
**12/20/2022 12:53 PM**
**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **CESAR HIDALGO,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION** |
| **vs.** | ) | **FILE NO:** |
| | ) | 22-C-07369-S5 |
| **SYSCO ATLANTA, LLC; ABC** | ) | |
| **CORPS 1-3; and, JOHN DOES 1-3,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## PLAINTIFF'S NOTICE OF 30(b)(6) VIDEO DEPOSITION OF DESIGNATED REPRESENTATIVE FOR DEFENDANT SYSCO ATLANTA, LLC

PLEASE TAKE NOTICE that Plaintiff will take the video deposition on oral examination of the designated corporative representative for Defendant Sysco Atlanta, LLC on March 20th at 10:00 a.m. at the Law Office of Nigel Phiri, LLC 3379 Peachtree Road NE, Suite 555, Atlanta, GA 30303. The deposition will continue from day to day until complete. The deposition will be taken in the presence of an officer duly authorized to administer oaths scheduled by the Plaintiff. The deposition will be videotaped. The deposition will be taken pursuant to O.C.G.A. § 9-11-30 and Georgia law.

Pursuant to O.C.G.A. § 9-11-30(b)(6), the designated representative, as an employee or agent of Defendant, is hereby requested to produce its agent(s), representative(s) and/or employee(s) who are most knowledgeable about:

### GENERAL TOPICS:

1. The identity of all employees or contractors you spoke with to prepare to discuss the topics in this deposition notice.

2. The subject matter and content of all communications between you and any individual to prepare yourself to discuss the topics in this deposition notice, **not including communications containing legal advice from attorneys or legal professionals**.

3. All documents, photographs, videos, pleadings, discovery responses, and/ or written communications you reviewed to prepare to discuss the topics in this deposition notice, **not including those containing legal advice prepared by attorneys or legal professionals**.

## TOPICS REGARDING GENERAL HAZARDS

4. Your procedures on January 23, 2020 for inspecting and removing hazards like the one described in Plaintiff's Renewal Complaint on the Premises.

5. Your definition of a "hazard" within the common areas and how your employees are expected to identify potential hazards. **NOTE: The deponent should be able to explain why and how you and your employees consider something a "hazard" on the Premises on January 23, 2020.**

6. The purpose for inspecting for and removing "hazards" within the area where the incident happened on January 23, 2020.

## TOPICS REGARDING INSPECTION PROCEDURES

7. Your procedures for inspecting and removing hazards in the area where the incident occurred on January 23, 2020.

8. Your procedures for training employees on inspecting and removing hazards in the area where the incident occurred on January 23, 2020.

9. Your procedures for performing inspection and maintenance of the subject location on January 23, 2020.

10. Your procedures for training employees on proper maintenance and inspection on January 23, 2020.

11. Potential hazards present in a given location and safety procedures in place to avoid any such hazards.

12. Potential hazards present where the subject incident happened and safety procedures in place to avoid any such hazards.

## TOPICS REGARDING THE SUBJECT PREMISES

13. Ownership and ownership structure of the subject location on January 23, 2020.

14. The names and job titles for all individuals that worked for Defendants and/or at the subject location on January 23, 2020.

15. The names and job titles for all individuals that spoke with Plaintiff while she was on the subject location on January 23, 2020.

16. Operational factors in effect on January 23, 2020 regarding the subject area on the Premises to include:

    a.  Hours of operation.
    b.  General invitee traffic patterns.
    c.  Layout of the area where the incident happened.
    d.  Frequency and manner of inspections.

### TOPICS REGARDING THE SUBJECT PREMISES

17. General description regarding the area where the subject incident happened.

18. Any manufacturer's instructions regarding the subject area.

19. What material was used in area where the incident happened.

### TOPICS REGARDING THE SUBJECT INCIDENT

20. How the subject incident occurred.

21. The last inspection of the subject area prior to Plaintiff's incident.

22. Who is fault for the subject incident.

23. All liability and excess policies providing liability insurance for injuries on Premises in effect on January 23, 2020.

### TOPICS REGARDING INCIDENT and INCIDENT REPORTING

24. All correspondences you received from Plaintiff and/ or Plaintiff's attorney within one year after the date of incident, including the date of receipt, content, and instructions.

25. The identity of all individuals who created an incident report, inspected the scene of Plaintiff's incident on the Premises, spoke with Plaintiff about the incident, and spoke with any other potential witnesses to the subject incident.

26. Your procedures for investigating and documenting incidents involving bodily injuries on or about the date of incident.

27. The method and policy for completing incident reports by you and your employees on January 23, 2020.

28. All information you collected during your investigation of this incident as part of your

standard operating procedure related to reports of personal injuries. **NOTE: This topic specifically requests information that was obtained prior to the involvement of your attorneys and does NOT include any information obtained as part of work-product of your attorneys.**

29. The results of any investigation by you and your employees to determine what may have caused the subject incident. **NOTE: This topic specifically requests information that was obtained prior to the involvement of your attorneys and does NOT include any information obtained as part of work-product of your attorneys.**

30. Reprimands, punishments, or warnings given to employees in connection with Plaintiff's incident on January 23, 2020.

## **VIDEO SURVEILLANCE**

31. The location, quantity, type, model, and brand of any and all surveillance/ video cameras and recording equipment at the subject location on January 23, 2020.

32. The operation of any such video surveillance equipment on January 23, 2020, including self-deleting functions and preservation options of the footage.

33. The individuals with access and control of the video surveillance footage from the subject location on January 23, 2020.

34. The current location and status of any and all video surveillance footage from the subject location from the date of incident.

35. Your policies and procedures related to preserving video surveillance footage in the event of a reported personal injury at the subject location on or about the date of incident.

36. All individuals who were shown, have viewed, controlled, were sent, received, or stored any video surveillance footage from the subject location on January 23, 2020.

37. Defendant's Answer and Defendant's Discovery Responses.

This 20th day of December, 2022.

Respectfully submitted,

*/s/ Nigel Phiri*
NIGEL PHIRI
Georgia Bar No. 110935
*Attorney for Plaintiff*

LAW OFFICE OF NIGEL PHIRI, ESQUIRE, LLC
3379 Peachtree Road NE, Suite 555
Atlanta, Georgia 30326
Telephone: 678-813-0498
nigel@npesq.com

5

E-FILED IN OFFICE - JT
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**22-C-07369-S5**
**12/20/2022 12:53 PM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

CESAR HIDALGO,         )
                           )
      **Plaintiff,**      )
                           )     **CIVIL ACTION**
**vs.**                       )     **FILE NO. 22-C-07369-S5**
                           )
**SYSCO ATLANTA, LLC; ABC**   )
**CORPS 1-3; and, JOHN DOES 1-3,**  )
                           )
      **Defendant.**     )

---

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT
## SYSCO ATLANTA, LLC

Plaintiff Cesar Hidalgo, by and through the undersigned counsel, hereby requests that Defendant Sysco Atlanta, LLC (hereinafter "Defendant") produce for inspection or copying the documents set forth below. Defendant shall produce these documents within forty-five (45) days after service of this Request for Production.

### I. Definitions

A.    As used throughout this Request to Produce, the following terms are defined as follows:

B.    "Document" is used in the broad sense and means any tangible object or thing that contains, conveys, or records information. Production is required of the <u>original</u>, or any copy if the original is not available, of any book, record, minutes of meetings, reports and/or summaries of interviews, reports and/or summaries of investigations; opinions or reports of consultants; opinions of counsel; communications of any nature, including internal company communications, memoranda, telegrams, telexes, letters, notes of telephone conferences, agreements, reports or summaries of negotiations, brochures, pamphlets, advertisements, circulars, trade letters, press releases, drafts and revisions of drafts of documents, any written, printed, typed or other graphic matter of any kind or nature, drawings, photographs, paper, communication, chart, tap, disk, card, wire or other electronic

or mechanical recording or transcript or any other instrument or device from which information can be perceived, in the employees or agents, or known by Plaintiff to exist, unless otherwise privileged.

C.     "Document" also includes copies containing information <u>in addition to that contained on the original</u> (such as notations, computations, attachments, etc.), and shall include all copies of documents by whatever means made and whether or not claimed to be privileged or otherwise excludable from discovery. To the extent that a request that a request calls for the production of multiple identical documents or things, only one copy of each such identical documents or things need be produced. Two copies are not identical if one of the copies has any information, writing, printing, or other marks not present on the other of the copies.

D.     If any tape, disk, card, wire, or other electronic or mechanical recording or transcript or any computer program is produced, such documents as are necessity for the decoding, putting back, printing out and/or interpretation thereof, and any other documents which are necessity to convert such information into a useful and necessity to convert such information into a useful and usable format shall also be produced, in order to make this request under Rule 1.350 meaningful and genuine.

E.     "Person" means any natural person, public or private corporation (whether or not organized for profit), partnership, unincorporated association, governmental agency or body, or other legal entity.

F.     "Company" means any business or governmental entity to which this request is addressed and includes all of its affiliated, subsidiaries, parents, divisions, successors in interest, and predecessors as well as all of its directors, officers, principals, partners, employees, agents, representatives, attorneys, any other persons working for or on behalf thereof, whether temporary or permanent, and any "person" in which Plaintiff has acquired an interest.

G.      "Statement" means (1) any written statement made any a person and signed or otherwise adopted or approved by him; or (2) any stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement made by that person and recorded contemporaneously with the making of such oral statement.

H.      As may be used in these Request "and" is conjunctive (meaning, e.g., A <u>and</u> B); and "or" is disjunctive and inclusive (meaning, e.g., A or B, or both). No answer should be withheld, or limited, because it refers or relates to only one, or to more than one, item in a request.

I.      As may be used in this Request to Produce, the terms "trademark" and "service mark" shall be considered interchangeable, and the term "mark" shall be considered to refer to any trademark, service mark, trade name, or business designation, or any other word, symbol, design, logo, title, or slogan used to identify the source of origin of products or services. References to 'products" or "goods" shall be considered to include services.

## II. Claim of Privilege

If any document or statement is withheld from this request under a claim of privilege, then please furnish a list which identifies each document or statement for which privilege is claimed and include the following information for each such document:

1.      Description sufficient to identify.

2.      The date(s).

3.      The subject matter(s).

4.      The sender(s) or author(s).

5.      The recipient(s).

6.      The persons to whom copies were furnished, together with their job titles.

7.      The present depository or person having custody of the document.

8.      The nature and basis of privilege or immunity claimed.

9.      The paragraph(s) of this request to which each such document or statement relates or corresponds.

### III.  Place, time, and manner of response.

A response to this Request to Produce is due within forty-five (45) days after service of this Request to Produce, and shall be made at the offices of Morgan & Morgan or at such other place as the parties may agree.  Authentic copies of document may be supplied, provided that existing originals are available for inspection, examination, and comparison.

**DEFENDANT SHALL PRODUCE THE FOLLOWING ITEMS AND MATTERS:**

1.      All statements made by any witnesses to the subject accident at the subject place of business located at 2225 Riverdale Road, College Park, GA  30349.

2.      All statements made by the Plaintiff pertaining to or concerning the subject matter.

3.      All photographs of the area involved in the subject accident.

4.      A copy of any and all insurance agreements, insurance policies or agreements of any kind of nature under which any person or company carrying on an insurance business may be liable to satisfy part of all of a judgment that may be entered in this action or to indemnify or reimburse any payments made to satisfy any such judgment or settlement, including but not limited to a certified copy of the declarations sheet as to each such policy.

5.      A copy of any incident/accident report or other documents done in the ordinary course of business containing information about the incident alleged in the Renewal Complaint, completed by you, or your agents, representatives, or employees surrounding the subject accident.

6.      Any and all inspection or check-off sheets or other documents showing who performed inspections, what kind of inspections were performed, the times of the inspections or other

information about the inspections that might have been done on the date of the subject accident, as well as the five (5) days before that date in the area where the Plaintiff fell.

7.      Any and all documents relating to any inspections that may have been done on the date of the subject accident, the five (5) days before that date and the five (5) days after that date at the subject location.

8.      Time sheets, clock cards or any other documents showing the hours and time worked by any employees working on the date of the subject accident, with responsibilities for inspecting the subject location for dangerous conditions and/or inspection of the integrity of cable/wiring installation at the subject location.

9.      Inspection sheets and/or and other documents for inspections that were used on the date of the subject incident, or that are now used by employees of Defendant, for inspections.

10.     A true and correct copy of any contracts or agreement with any entity used by Defendant with any responsibilities for inspecting for dangerous conditions or for training your employees about such.

11.     A true and correct copy of any and all written inspection, maintenance procedures or policies in place on the date of the subject accident, by employees/agents of Defendants.

12.     A true and correct copy of any and all safety manuals or videos, inspection manuals or videos or training manuals or videos that any employee who was working on the date of the subject incident, with responsibilities for inspecting the premises for dangerous conditions, correcting dangerous conditions or maintaining the subject location may have received from Defendant.

13.     A true and correct copy of your written procedure for inspection of the cable/wiring installation, grounds, sidewalks, pathways, common walkways, and landscaping that was in existence on the date of the subject incident.

14.    A true and correct copy of any document or list with the names, addresses, telephone numbers, dates of birth, social security numbers, duties, responsibilities, and job descriptions, of all employees working for Defendant with responsibilities for inspecting for dangerous conditions, correcting any dangerous conditions or maintaining any aspect of the subject location.

15.    A true and correct copy of any document or list with the names, addresses, telephone numbers, dates of birth, social security numbers, duties, responsibilities, and job descriptions of all employees on duty at the subject location on the date of the subject incident.

16.    A true and correct copy of any and all documents provided to the employees of Defendant who were on duty on the date of the subject incident, explaining maintenance, inspection, and safety precautions from the Defendants.

17.    A true and correct copy of any and all written complaints or documents showing claims or complaints made as to employees and/or customers falling or tripping on cables/wiring installed by Defendants at the subject location, or any other location, within the last five (5) years in a manner substantially similar to that alleged in the Renewal Complaint.

18. A true and correct copy of any and all photographs taken of the incident scene.

19. Any and all footage from CCTV/security/surveillance cameras that depict the events alleged in the Renewal Complaint.

20. Any and all footage from CCTV/security/surveillance cameras that depict Plaintiff regardless of location on the subject premises for the entire date of incident.

21. Any and all footage from CCTV/security/surveillance cameras that depict the subject incident.

22. Any and all footage from CCTV/security/surveillance cameras that depict the area where the subject incident occurred for the period of time beginning four (4) hours immediately prior to the subject incident and ending four (4) hours immediately after the subject incident.

23. Any and all footage from CCTV/security/surveillance cameras located inside the subject location for the entire interior of the premises for the 24-hour period of time immediately preceding the subject incident.

24. Please provide footage from all CCTV/security/surveillance cameras located inside the subject location for the entire interior of the premises for the 24-hour period of time immediately preceding the subject incident.

25. All reports regarding cable and/or wiring at the subject location.

26. List of all falls that occurred at the subject location for the three (year) period of time immediately preceding the subject incident. (NOTE: for all responsive incidents, please identify (i) date of incident; (ii) location in premises where incident occurred and (iii) a brief description of the incident such that the Court can determine substantial similarity to the subject incident).

27. List of all falls that occurred at all locations statewide for the three (year) period of time immediately preceding the subject incident. (NOTE: for all responsive incidents, please identify (i) date of incident; (ii) location at which incident occurred, (iii) location in premises where incident occurred and (iv) a brief description of the incident such that the Court can determine substantial similarity to the subject incident).

28. List of all falls that occurred at all locations nationwide for the three (year) period of time immediately preceding the subject incident. (NOTE: for all responsive incidents, please identify (i) date of incident; (ii) location at which incident occurred, (iii) location in premises where

incident occurred and (iv) a brief description of the incident such that the Court can determine

substantial similarity to the subject incident).

This 20th day of December, 2022.

Respectfully Submitted,

/s/ Nigel Phiri
Georgia Bar Number 110935
*Attorney for Plaintiff*

LAW OFFICE OF NIGEL PHIRI, ESQ.
3379 Peachtree Road N.E., Suite 555
Atlanta, Georgia 30326
Telephone: 678-813-0498
nigel@npesq.com

E-FILED IN OFFICE - JT
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**22-C-07369-S5**
**12/20/2022 12:53 PM**
**TIANA P. GARNER, CLERK**

IN STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| CESAR HIDALGO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| vs. | ) | FILE NO.: |
| | ) | |
| SYSCO ATLANTA, LLC; ABC | ) | 22-C-07369-S5 |
| CORPS 1-3; and, JOHN DOES 1-3, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### PLAINTIFF'S FIRST REQUESTS FOR ADMISSIONS TO DEFENDANT SYSCO ATLANTA, LLC

COMES NOW Plaintiff and hereby requests that Defendant Sysco Atlanta, LLC admit for the purpose of this action the truth of the following facts within forty-five (45) days after the date of service hereof and in conformity with O.C.G.A. § 9-11-36. If any request cannot be truthfully admitted or denied, please state in detail the reasons why you cannot truthfully admit or deny the matter. If you cannot admit or deny the request in its entirety, please specify that part which you cannot admit or deny and state in detail the reasons for any such qualifications. If you assert any claim of privilege in response to any or all of these requests, set forth, with respect to each such request(s) as to which a claim of privilege is asserted, the nature of the privileged claimed (e.g. attorney-client, work-product, etc.) and the basis for your claim.

### REQUESTS FOR ADMISSIONS

1. Please admit that on the date of this incident as alleged in the Renewal Complaint, you were the owner, lessor, or manager of the property located at 1461 Veterans Memorial Hwy SE Mableton, GA 30126 ("Premises").

2. Please admit that on the date of this incident as alleged in the Renewal Complaint, you undertook the responsibility to clean, maintain, and/or upkeep the subject property located at 2225 Riverdale Road, College Park, GA 30349., including any part of the Premises.

3. Please admit that Plaintiff was injured on the subject premises on the date of this incident as alleged in the Renewal Complaint.

4. Please admit that at the time of Plaintiff's injury on the date of this incident as alleged in the Renewal Complaint, Plaintiff was an invitee at and on the subject Premises.

5. Please admit that Plaintiff was injured due to a hazardous condition that already existed at the subject location at the time of Plaintiff's injury.

6. Please admit that Defendant Sysco Atlanta, LLC, by and through its employees at the premises, had actual knowledge of the hazardous condition that caused Plaintiff's injury.

7. Please admit that Defendant Sysco Atlanta, LLC, by and through its employees at the premises, had constructive knowledge of the hazardous condition that caused Plaintiff's injury.

8. Please admit that Plaintiff was injured in an area used by invitees of Defendant Sysco Atlanta, LLC.

9. Please admit that on the date of this incident as alleged in the Renewal Complaint, the area where Plaintiff was injured is included within a designated area for inspection by employees of Defendant Sysco Atlanta, LLC.

10. Please admit that on the date of this incident as alleged in the Renewal Complaint, Defendant Sysco Atlanta, LLC's employees had actual knowledge that a hazardous condition existed at the subject location.

11. Please admit that on the date of this incident as alleged in the Renewal Complaint, Defendant Sysco Atlanta, LLC's employees had constructive knowledge that a hazardous condition existed at the subject location.

12. Please admit that Defendant Sysco Atlanta, LLC did not exercise ordinary care in keeping its property safe.

13. Please admit that Plaintiff had no knowledge of the hazardous condition that caused the injury prior to the injury.

14. Please admit that at least one member of Defendant Sysco Atlanta, LLC's staff observed Plaintiff after the injury.

15. Please admit that at least one member of Defendant Sysco Atlanta, LLC's staff assisted Plaintiff after the injury.

16. Please admit that immediately following the incident, Plaintiff complained of having been injured due to a hazardous condition that existed prior to the injury.

17. Please admit that Plaintiff was injured as a result of the injury at the subject premises.

18. Please admit that on the date of this incident as alleged in the Renewal Complaint, Defendant Sysco Atlanta, LLC had a written policy or guidelines for inspecting the subject location.

19. Please admit that this court has personal jurisdiction over Defendant Sysco Atlanta, LLC Sysco Atlanta, LLC for this lawsuit.

20. Please admit that venue for this action is proper as alleged in the Renewal Complaint.

21. Please admit that service of process on Defendant Sysco Atlanta, LLC was proper.

22. Please admit that Defendant Sysco Atlanta, LLC has been properly named in this lawsuit.

23. Please admit that Jose Ricci and Teresa were employees of Defendant Sysco Atlanta on the date Plaintiff alleges the subject incident occurred.

24. Please admit that Jose Ricci and Teresa are currently employed by Defendant Sysco Atlanta,

LLC.

/s/ Nigel Phiri
Nigel Phiri
Georgia Bar Number 110935
Attorney for Plaintiff

LAW OFFICE OF NIGEL PHIRI, ESQUIRE, LLC
3379 Peachtree Road N.E., Suite 555
Atlanta, Georgia 30326
Telephone:  678-913-0498
nigel@npesq.com

E-FILED IN OFFICE - JT
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**22-C-07369-S5**
**12/20/2022 12:53 PM**
**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

CESAR HIDALGO,

     Plaintiff,

vs.

SYSCO ATLANTA, LLC; ABC CORPS 1-3;
and, JOHN DOES 1-3,

     Defendants.

CIVIL ACTION FILE NO.
22-C-07369-S5

### PLAINTIFF'S NOTICE OF PREMISES INSPECTION OF
### DEFENDANT SYSCO ATLANTA, LLC'S PREMISES

PLEASE TAKE NOTICE that Plaintiff will conduct an inspection of Defendant Sysco Atlanta, LLC's premises, the Sysco facility located at 2225 Riverdale Road, College Park, Georgia, 30349, including the area where the subject incident took place, on March 21, 2022. The inspection will involve the use of photo and video recording equipment. The inspection will be taken pursuant to O.C.G.A. and Georgia law.

This 20th day of December, 2022.

Respectfully submitted,

*/s/ Nigel Phiri*
NIGEL PHIRI
Georgia Bar No. 110935
*Attorney for Plaintiff*

LAW OFFICE OF NIGEL PHIRI, ESQUIRE, LLC
3379 Peachtree Road NE, Suite 555
Atlanta, Georgia 30326
Telephone: 678-813-0498
nigel@npesq.com

1

E-FILED IN OFFICE - JT
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**22-C-07369-S5**
**12/20/2022 12:53 PM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| CESAR HIDALGO,          ) | |
|                         ) | |
|      **Plaintiff,**    ) | |
|                         ) | **CIVIL ACTION** |
| **vs.**                      ) | **FILE NO:**   22-C-07369-S5 |
|                         ) | |
| **SYSCO ATLANTA, LLC; ABC**  ) | |
| **CORPS 1-3; and, JOHN DOES 1-3,**  ) | |
|                         ) | |
|      **Defendants.**      ) | |

### <u>INTERROGATORIES TO DEFENDANT SYSCO ATLANTA</u>

**PLEASE INSERT YOUR ANSWERS IN THE SPACE PROVIDED BELOW EACH INTERROGATORY. SHOULD ADDITIONAL SPACE BE NEEDED, PLEASE ATTACH AN EXTRA SHEET. "YOU" AND "YOUR" REFER TO THE DEFENDANT TO WHOM THESE INTERROGATORIES ARE DIRECTED. DEFENDANT INCLUDES ALL AGENTS, SERVANTS, OR EMPLOYEES OF THE DEFENDANT.**

1.    State the full name, address, occupation and employer of any and all persons who answer these Interrogatories or who have provided information used in compiling the answers to these Interrogatories.

**ANSWER:**

2.    Is the name of Defendant correctly stated in the Renewal Complaint? If not, please state the correct name and if applicable all name changes from the date of the alleged incident to the present.

**ANSWER:**

3.    Are the date, time and place of the alleged incident correctly stated in the Renewal Complaint? If not, please state the date, time and place of this alleged incident believed or known by you, your agents or attorneys to be correct.

**ANSWER:**

4.    Please state whether any incident report was prepared by your employees in response to the incident giving rise to this action, and if there was one, please list the name, address and occupation of the current custodian of said incident report.

**ANSWER:**

5.      Please list the name, last known address and employer of each and every employee employed by Defendant and working at said location on the date of the incident as alleged in the Renewal Complaint.

**ANSWER:**

6.      State full name, address, occupation, employer and telephone number of any and all persons known to have any information concerning the incident alleged in Plaintiff's Renewal Complaint in this action.

**ANSWER:**

7.      Have you, your agents, investigators, attorneys or anyone acting on your behalf, obtained any kind of written, recorded, or other type of statement from the Plaintiff or any persons described in your previous Interrogatory answers? If so, please identify each statement by date, identity of person giving statement and name of current custodian of each statement.

**ANSWER:**

8.      Based on your knowledge at this time, describe in detail how the alleged incident happened, including all actions taken by Defendant to prevent the incident.

**ANSWER:**

9.      State the frequency and dates of inspections of the area where this incident occurred for the 30-day period prior to the incident and the 24-hour period after this incident, which is the subject matter of this litigation. State the name, address, job title and telephone number of the person who made the last inspection prior to the incident.

**ANSWER:**

10.     Did any person inspect the area where Plaintiff was allegedly injured within 24 hours prior to or following the alleged incident? If so, please state the name, address and telephone number of each person performing said inspection, the times or frequencies of said inspection(s), and whether or not said inspection(s) revealed any defect or condition to be present.

**ANSWER:**

11.     State who was responsible for the installation and maintenance of the cable and/or wiring where Plaintiff was injured as alleged in the Renewal Complaint.

**ANSWER:**

12.     Please state whether or not you have experienced any other incidents in the subject location for the three (3) year period of time immediately preceding the subject incident. (NOTE: for all responsive incidents, please identify (i) date of incident; (ii) location in premises where incident

occurred and (iii) a brief description of the incident such that the Court can determine substantial similarity to the subject incident).

**ANSWER:**

13.     Please state whether or not you have experienced any incidents for all locations in Georgia for the three (3) year period of time immediately preceding the subject incident. (NOTE: for all responsive incidents, please identify (i) date of incident; (ii) location at which incident occurred, (iii) location in premises where incident occurred and (iv) a brief description of the incident such that the Court can determine substantial similarity to the subject incident).

**ANSWER:**

14.     Please state whether or not you have experienced any other incidents for all locations nationwide for the three (3) year period of time immediately preceding the subject incident. (NOTE: for all responsive incidents, please identify (i) date of incident; (ii) location at which incident occurred, (iii) location in premises where incident occurred and (iv) a brief description of the incident such that the Court can determine substantial similarity to the subject incident).

**ANSWER:**

15.     Please identify the procedures that were used in maintaining the integrity of the premises at subject location in the area where the subject incident is alleged to have occurred as of the date of the subject incident.

**ANSWER:**

16.     Please specify any mandatory safety standards followed in the area where the subject incident is alleged to have occurred as of the date of the subject incident.

**ANSWER:**

17.     Please identify all specifications of the premises and equipment and/or material used in the area where the subject incident is alleged to have occurred as of the date of the incident.

**ANSWER:**

18.     Please identify all methods of maintaining the area where the subject incident is alleged to have occurred as of the date of the incident for the three (3) year period of time immediately preceding the subject incident.

**ANSWER:**

19.     Please identify the method of maintaining the area where the subject incident is alleged to have occurred as of the date of the incident.

**ANSWER:**

20.     Please identify who (individuals or company) that was responsible for maintaining the area where the subject incident is alleged to have occurred as of the date of the incident.

**ANSWER:**

21.     Please describe, in detail, in the area where the subject incident is alleged to have occurred as of the date of the incident for the three (3) period of time immediately preceding the subject incident.

**ANSWER:**

22.     What was the schedule for inspection and/or maintenance in the area where the subject incident is alleged to have occurred as of the date of the incident.

**ANSWER:**

23.     Has there ever been a walkway audit performed of the area where the subject incident is alleged to have occurred. If so, please provide the date the audit occurred, the company performing the audit, and the results of said audit.

**ANSWER:**

24.     Has there ever been a risk assessment performed of the area where the subject incident is alleged to have occurred. If not, why?

**ANSWER:**

25.     Please provide any certification or acceptance of the condition of the area where the subject incident is alleged to have occurred as of the date of the incident.

**ANSWER:**

26.     As of the date of the subject incident, did you ever assign a specific associate or associates to continuously or periodically inspect the area where the subject incident is alleged to have occurred for dangerous conditions.

**ANSWER:**

27.     Who was the competent individual within your company who is responsible for safety as of the date of the subject incident.

**ANSWER:**

This 20th day of December, 2022.

Respectfully Submitted,

*/s/ Nigel Phiri*
Georgia Bar Number 110935
*Attorney for Plaintiff*

LAW OFFICE OF NIGEL PHIRI, ESQUIRE
3379 Peachtree Road N.E., Suite 555
Atlanta, Georgia 30326
Telephone: 678-813-0498
nigel@npesq.com

E-FILED IN OFFICE - NN
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**22-C-07369-S5**

**12/27/2022 5:19 PM**
TIANA P. GARNER, CLERK

## In the State Court of Gwinnett County
## State of Georgia

CESAR HIDALGO,       )
                      )

Plaintiff,           )
                      )

v.                   )     Civil Action
                      )     File No.: 22-C-07369-S5

SYSCO ATLANTA, LLC; ABC CORPS   )
1-3, JOHN DOES 1-3,        )
                      )

Defendants.        )

## AFFIDAVIT OF PRIVATE PROCESS SERVER

My name is Shane Barron. I am a citizen of the United States of America, over 21 years of age, I am not an employee to either party of this case, nor do I have an interest in the outcome of this action.

On the 23rd day of December 2022, I served Sysco Atlanta, LLC, with the SUMMONS, RENEWAL COMPLAINT AND DEMAND FOR TRIAL BY JURY, CASE FILING INFORMATION FORM, INTERROGATORIES TO DEFENDANT SYSCO ATLANTA, PLAINTIFF'S NOTICE OF PREMISES INSPECTION OF DEFENDANT SYSCO ATLANTA, LLC'S PREMISES, PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT SYSCO ATLANTA, LLC, PLAINTIFF'S FIRST REQUESTS FOR ADMISSIONS TO DEFENDANT SYSCO ATLANTA, LLC, AND PLAINTIFF'S NOTICE OF 30(b)(6) VIDEO DEPOSITION OF DESIGNATED REPRESENTATIVE FOR DEFENDANT SYSCO ATLANTA, LLC, by handing it to Alisha M. Smith, representative Corporation Service Company, registered agent for Sysco Atlanta, LLC, at 2 Sun Court, Suite 400, Peachtree Corners, GA 30092.

12/27/22
Date

Shane Barron

Subscribed and sworn to before me,
This 27 day of Dec 2022

Notary Public

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

FILED IN OFFICE
CLERK STATE COURT
GWINNETT COUNTY, GA

2021 NOV 22   PM 3: 51

TIANA P. GARNER, CLERK

IN RE: Permanent Process Servers
Case Number:

## 21 C 08295-5

### ORDER OF APPOINTMENT

The application of the undersigned permanent process server having been read and considered, said applicant is hereby appointed permanent process server of this court pursuant to O.C.G.A. § 9-11-4(c), from the date of this order **up to and including January 4, 2023.**

This order allows the applicant to serve as a process server in Gwinnett County State Court matters only, on an annual renewable basis.

SO ORDERED this _22nd_ day of _November_, 20_21_.

Presiding Judge
Gwinnett County State Court

Applicant:

Name    Shane Willis Barron

Address    PO BOX 500818

Atlanta, GA 31150