## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **JOHN DAVID BOOTH** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| | ) |
| **DOUGLAS COUNTY, GEORGIA** | ) |
| **DOUGLAS COUNTY SHERIFF'S OFFICE** | ) |
| **In His Individual Capacity, SHERIFF DEPUTY** | ) |
| **MATTHEW CHRISTOPHER ATKINS** | ) |
| **CITY OF DOUGLASVILLE, GEORGIA** | ) |
| **DOUGLASVILLE POLICE DEPARTMENT** | ) |
| **In His Individual Capacity, OFFICER** | ) |
| **BRADLEY BARLOW, and JANE** | |
| **and/Or JOHN DOE(S),** | |
| **Defendants** | ) |

### PLAINTIFF'S COMPLAINT FOR DAMAGES AND JURY DEMAND

COMES NOW, JOHN DAVID BOOTH, ("Plaintiff" or "Mr. Booth"),

Plaintiff in the above styled action, by and through undersigned counsel, and brings

this Complaint for Damages against the above-named Defendants, and shows this

Court the following:

### NATURE AND PURPOSE

1.

This is a civil rights action under 42 U.S.C. § 1983 the Fourth andFourteenth

Amendments of the United States Constitution. The Plaintiff alleges that he was

illegally and unconstitutionally placed under arrest by Douglas County Sheriff Deputy Matthew Atkins on March 12th, 2020.

## **PARTIES**

2.

Plaintiff, John David Booth, is a small business owner, 31 years of age, and resides at 282 Renae Lane, Marietta, Georgia, Georgia 30060, County of Cobb, State of Georgia.

3.

Defendant Douglas County ("Douglas" or "Douglas County") is a political subdivision of the State of Georgia, and is subject to the jurisdiction of this Court. The County can be served through the Board of Commissioners located at 8700 Hospital Drive, Douglasville, Georgia 30134.

4.

Defendant Douglas County Sheriff's Office ("Douglas County Sheriff's Department or "DCSO") is a political subdivision of the county located in the State of Georgia and is subject to the jurisdiction of this Court. The Douglas County Police Department can be served through the Sheriff of Douglas County, Honorable Sheriff Tim Pounds, at 8470 Earl D. Lee Boulevard, Douglasville, Georgia 30134.

5.

Defendant Sheriff Deputy Officer Matthew Christopher Atkins ("Defendant Atkins" or "Deputy Atkins"), an individual, is employed as an Officer of the

Douglas County Sheriff', County of Douglas, State of Georgia. Defendant Atkins is subject to the jurisdiction of this Court and can be served at the Douglas County Sheriff's Office, located at 8470 Earl D. Lee Boulevard, Douglasville, Georgia 30134. Deputy Atkins is sued in his individual capacity.

6.

Defendant City of Douglasville ("Douglasville" or "City of Douglasville") is a political subdivision of the State of Georgia, and is subject to the jurisdiction of this Court. The City of Douglasville can be served through the City Manager, located at 6695 Church Street, Douglasville, Georgia 30134.

7.

Defendant Douglasville Police Department ("Douglasville Police Department" or "DVPD") is a political subdivision of the county located in the State of Georgia and is subject to the jurisdiction of this Court. The Douglasville Police Department can be served at 2083 Fairburn Road, Douglasville, Georgia 30135.

8.

Defendant Officer Bradley Barlow ("Defendant Barlow" or "Officer Barlow"), an individual, is employed as an Officer of the City of Douglasville Police Department, County of Douglas, State of Georgia. Defendant Barlow is subject to the jurisdiction of this Court and can be served at the City of Douglasville Police Department located at 2083 Fairburn Road, Douglasville, Georgia 30135.

9.

Defendant's Jane and or John Doe, an individual, is currently unidentified. Upon information and belief, Jane Doe was employed as an officer with the Douglas County Sheriff's Department. Once Jane Doe's identity is discovered he/she will be served.  Additionally, Plaintiff will provide the Douglas County, Douglas County Sheriff's Department, City of Douglasville, Douglasville Police Department and Defendants Jane or John Doe(s) with a copy of the complaint and summons forJane or John Doe(s), as these Defendants presumably have knowledge of his/her identity.

10.

Plaintiff further shows that the exercise of this Court's jurisdiction over the Defendants is proper in that the Defendants deprived Plaintiff of his federally protected Civil rights (right) under the Fourth Amendment, to be free from excessive force and a warrant less and unreasonable search and seizure, and unlawful arrest as prohibited by the Fourth and Fourteenth Amendments of the United State Constitution. Defendants subsequently committed a series of tortious acts within this state and within Douglas County, against Plaintiff, resulting in the injuries to Plaintiff hereafter described.

## JURISDICTION

11.

Defendants are subject to venue of this Court on the grounds that this case involves a federal question pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, as

well as pendent and supplemental jurisdiction under 28 U.S.C. § 1367, as this matter involves a substantial federal claim arising out of a common nucleus of operative fact with Plaintiff's state law claims.

12.

Defendants are subject to venue in this Court pursuant to 28 U.S.C. § 1391 (b) and (c), in that one or more of the Defendants reside in this District and a substantial part of the events and omissions giving rise to Plaintiff's claims occurred within this District.

13.

As a prerequisite to this suit, pursuant to O.C.G.A. § 36-33-5 and O.C.G.A §36-11-1, Mr. Booth notified Defendants, Douglas County, Douglas County Sheriff's Office, City of Douglasville, of his claims.

## FACTS

14.

On March 12th, 2020, during late evening hours,  Mr. Booth was pulled over by the Douglas County Sheriff Department Office while he was driving on Bankhead Highway and South Sweetwater Road and Cooper Street in Douglas County, Georgia.

15.

According to the police officer, Deputy Atkins, he initially pulled Mr. Booth over for a purported lane violation only.

16.

After Deputy Atkins initiated a traffic stop, Plaintiff complied immediately and pulled over to stop.  Before Deputy Atkins even approached Plaintiff's vehicle, Deputy Atkins commanded, via his car audio public address system, Plaintiff to get out of his vehicle and put his hands over his head.  Plaintiff complied fully.  He then approached the Plaintiff and engaged in a conversation with Mr. Booth and asked him about the lights in his vehicle.

17.

Deputy Atkins apparently had information that the vehicle driven by Mr. Booth was being used to impersonate a law enforcement vehicle, based on a report and look out by City of Douglasville Police Officer Barlow who said that Mr. Booth's tenant told him so.

18.

Officer Barlow had not conducted any further inquiry and obtained any further evidence to determine the reliability of the tenant's information, who the tenant was, before putting a look out for Mr. Booth's vehicle in the law enforcement database.

19.

Deputy Atkins asked Mr. Booth to turn on the lights switch in his vehicle and Mr. Booth turned on the lights switch, and Deputy Atkins was able to get visual confirmation that Mr. Booth's statement that the lights were white lights were indeed

correct.

20.

At this point, Deputy Atkins was able to clearly determine that Mr. Booth's vehicle had no markings or insignia on the vehicle designating it as a law enforcement vehicle.

21.

Furthermore, Mr. Booth informed Deputy Atkins that he wanted his vehicle to look "official" so that other drivers in the area would not drive dangerously around him.

22.

Mr. Booth also informed Deputy Atkins that his vehicle has equipment to aid him in his tree removal business.

23.

Deputy Atkins proceeded to direct Mr. Booth to exit the vehicle and Mr. Booth complied and exited the vehicle.

24.

Deputy Atkins subsequently asked Mr. Booth for consent to search the vehicle and Mr. Booth denied consent to search.

25.

At this point, Deputy Atkins put in a call to summon a K-9 Unit from Douglas County Sheriff's Office to come to the scene of the stop of Mr. Booth.

26.

At the time, apparently there was an issue with Douglas County K-9 unit, so Carroll County Sheriff's Office was contacted to send Carroll County K-9 unit to the scene of this traffic stop.

27.

Ultimately after a significant portion of time had lapsed, a K-9 Unit from Carroll County arrived and purportedly the dog alerted on the vehicle.

28.

Subsequently, Deputy Atkins and other officers conducted a search of Mr. Booth's vehicle without his consent.

29.

In spite of the purported K-9 alert, no drugs were found.

30.

The officers arrested Mr. Booth and ultimately charged with Impersonating a Police Officer.

31.

As a result of this arrest, Mr. Booth was taken into custody to Douglas County Detention Center and remained there without bond initially for several days.

32.

Mr. Booth was held in jail for a few days. While in jail, Mr. Booth contacted

his  family and had to plan to hire counsel to represent him for the case and try to

secure a bond for his release.

33.

Mr. Booth had to spend several thousand dollars to hire an attorney to

represent him for this case.

34.

In order to get out of jail, Mr. Booth had to post bond in the amount of

$30,000.

35.

Mr. Booth was required to seek legal advice/counsel to represent him on the

charges filed against him. Mr. Booth was also required to appear in court on a

number of occasions to answer the charges against him.

36.

Mr. Booth's vehicle was impounded and not returned to him after he

bonded out, despite repeated requests by him to get his vehicle back so that

he can use it for his business.

37.

Consequently, Mr. Booth had to lease another vehicle for his work and

had to incur costs for that vehicle as well as the depreciated costs of his

vehicle when it was ultimately returned after the State kept it for over two

years.

38.

As a result of this pending case, Mr. Booth had to undergo the anxiety and embarrassment of further scrutiny when he and his wife, both United States Citizens, were returning from their honeymoon from Greece when immigrations and customs authorities saw this pending felony case and decided to further detain and scrutinize Mr. Booth at the airport.

39.

Upon Mr. Booth's Motion to Suppress Evidence alleging violation of his Federal and State Constitutional Rights, the Douglas County Superior Court held an evidential hearing on April 18th, 2022 on said Motion.

40.

After the hearing and consideration of the arguments and the law, on June 30th, 2022, Chief Judge William McClain issued a "Ruling and Order granting Motion to Suppress Tangible Evidence" as a result of the arresting officer's "suspicion does not justify a detention, and search for illegal drugs *solely* on a tip from an unknown person, to once again summon a drug dog who could never sniff out the drug under investigation".

41.

On July 5th, 2022, the case against Mr. Booth was finally "Nolle Prosequi".

According to the note on the Nolle Prosequi as a reason, "The State was barred from introducing material evidence against the defendant on legal grounds".

42.

At all times relevant to this incident, the Defendant officers were wearing uniforms, badges, and guns of Douglas County Police Department and acted in the course and scope of their duties and under color of state law.

43.

On and after March 12th, 2020, the Defendants were aware that there was no substance to the allegations and that the allegations were false, yet they continued to deprive Mr. Booth of his civil rights and refused to dismiss the charges.

44.

Plaintiff felt violated, raped of his rights, and terribly embarrassed because of all the attention that was focused on him by law enforcement officers pertaining to this incident on March 12th, 2020. Because of the humiliation inflicted on Mr. Booth by Defendants, he has suffered severe emotional distress.

## <u>COUNT I</u>

**VIOLATION OF THE FOURTH AMENDMENT AGAINST DEFENDANTS FOR UNLAWFUL DETENTION, INTERROGATION AND SEARCH IN VIOLATION OF STATE COMMON AND FEDERAL PROTECTED RIGHTS, UNDER 42 U.S.C. § 1983**

45.

The forgoing paragraphs are re-alleged, restated and incorporated herein as

though fully set forth herein.

46.

Plaintiff was stopped in his vehicle on March 12th, 2020 and was further detained, and interrogated without cause.

47.

Plaintiff's vehicle was then illegally searched.

48.

There was no reasonable suspicion or probable cause or lawful basis whatsoever for plaintiff's stop, detention, interrogation and the search of plaintiff's vehicle as conducted by the Defendants.

49.

Pursuant to the Georgia Constitution Article 1 § 1 and the Fourth and Fourteenth Amendments of the U.S. Constitution, Defendants deprived Plaintiff of the protected right, to be free from excessive force and a warrantless and unreasonable search and seizure.

50.

Defendants' actions constituted a violation of plaintiff's Fourth Amendment rights under 42 U.S.C.A. § 1983. Defendants' actions were also violative of plaintiff's rights under state common law. As a direct result of defendants' actions, plaintiff was subjected to emotional injury, loss of liberty and freedom, and deprivation of his

property.

51.

Officer Barlow did not have reasonable belief to place Plaintiff's vehicle

on a database as a look out target for other law enforcement officers and Deputy

Atkins did not have adequate legal basis to detain and conduct search of the

Plaintiff and his vehicle and there lacked a legal basis to arrest the Plaintiff.

52.

Douglas County Sheriff's Office and City of Douglasville Police Department

acted with deliberate indifference to whether Douglas County officers and City of

Douglasville Officers cause or effectuate arrests without probable cause and

provides incentives to officers to make felony arrests regardless of whether probable

cause exists.

53.

As a direct and proximate result of Defendants actions, Mr. Booth suffered

damages.

## **COUNT II**

**FALSE ARREST AND IMPRISONMENT UNDER GEORGIA LAW BY
DEFENDANTS DOUGLAS COUNTY, DOUGLAS COUNTY POLICE
DEPARTMENT, CITY OF DOUGLASVILLE, DOUGLASVILLE
POLICE DEPARTMENT, DEPUTY ATKINS AND OFFICER BARLOW
AND JOHN AND JANE DOE(S)**

54.

The forgoing paragraphs are re-alleged, restated and incorporated herein as though fully set forth herein.

55.

The manner of arrest and detention of Mr. Booth by Defendants Deputy Atkins and John and Jane Doe(s) in this case and the length of detention were completely unreasonable under all circumstances, as well actions by City of Douglasville Police Department Officer Barlow and John and Jane Doe(s) are therefore liable to Mr. Booth for thetorts of false arrest and false imprisonment.

56.

As a direct and proximate result of Defendants actions, Mr. Booth suffered damages.

## **COUNT III**

### **VIOLATION OF 42 U.S.C. § 1983**
### **BY ALL COUNTY DEFENDANTS**
57.

The forgoing paragraphs are re-alleged, restated and incorporated herein as though fully set forth herein.

58.

 Mr. Booth brings this action against all Defendants, including those sued in their official capacities, and those sued individually, for damages caused bythe following:

(A)   Under the color of state law, the Defendants deprived Mr. Booth of his federally protected right under the Fourth Amendment, to be free from excessive force and a warrant less and unreasonable search and seizure, as prohibited by the Fourth Amendment of the United State Constitution and42 U.S.C. Sec 1983.

(B)   Defendants intentionally and willfully inflicted physical harm and emotional distress on the Mr. Booth and Defendants, Douglas County, Douglas County Sheriff's Office, City of Douglasville, and Douglasville Police Department were negligent in their hiring, training and continuing employment of Defendant Atkins and Barlow and John and Jane Doe(s).

59.

Defendants' conduct in arresting Mr. Booth without probable cause, and placing him, against his will, in handcuffs and in a holding cell constitutes a violation of Mr. Booth's Fourth and Fourteenth Amendment rights to be free from unreasonable seizure, and is actionable pursuant to 42 U.S.C.§ 1983.

60.

As a direct and proximate result of Defendants actions, Mr. Booth suffered damages including monetary damages in excess of $65,000.

**COUNT IV**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**BY ALL INDIVIDUAL DEFENDANTS**
61.

The forgoing paragraphs are re-alleged, restated and incorporated herein as though fully set forth herein.

62.

Defendants' conduct was extreme and outrageous and was intended to and did cause Mr. Booth to suffer severe mental distress.

63.

Defendants' comments and accusations were maliciously made with the specific intent to cause injury.

64.

Defendants' treatment of Mr. Booth was wanton, willful, and a reckless disregard of the health and safety.

65.

As a proximate result of Defendants' conduct, Mr. Booth suffered great emotional distress, mental anguish, mental pain, loss of income, humiliation, and other indignities.

66.

As a direct and proximate result of Defendants actions, Mr. Booth suffered damages.

## **COUNT V**
### **MALICIOUS PROSECUTION**
### **UNDER GEORGIA LAW AND 42 U.S.C.§ 1983 BY ALL DEFENDANTS**

67.

The forgoing paragraphs are re-alleged, restated and incorporated herein as though fully set forth herein.

68.

Defendants' Atkins and Barlow and John and Jane Doe(s)., wrongful arrest of Mr. Booth and prosecution of Mr. Booth constituted the initiation of a criminal proceeding against Mr. Booth, for which Mr. Booth had to appear in court to answer for each charge, which proceeding has concluded in Mr. Booth's favor.

69.

Defendants' Atkins, Barlow and John and Jane Doe(s) action therefore constitute the tort of malicious prosecution under Georgia Law and a violation of 42 U.S.C.§ 1983.

70.

As a direct and proximate result of Defendants actions, Mr. Booth suffered damages.

## <u>COUNT VI</u>
**NEGLIGENT HIRING BY DEFENDANTS' DOUGLAS COUNTY, DOUGLAS COUNTY SHERIFF'S OFFICE, CITY OF DOUGLASVILLE AND DOUGLASVILLE POLICE DEPARTMENT**

71.

The forgoing paragraphs are re-alleged, restated and incorporated herein as

though fully set forth herein.

72.

The Defendants Douglas County and Douglas County Sheriff's Office, City of Douglasville and Douglasville Police Department failed to exercise reasonable diligence and care in hiring, supervision and oversight of Defendants' Atkins, Barlow, and John and Jane Doe(s) because they knew of these employees' prior unconstitutional activities, and such failure was the proximate cause of the injuries suffered by Mr. Booth.

73.

As a direct and proximate result of Defendants actions, Mr. Booth suffered damages.

## **COUNT VII**
### **NEGLIGENT RETENTION BY DEFENDANTS' DEFENDANTS' DOUGLAS COUNTY, DOUGLAS COUNTY SHERIFF'S OFFICE, CITY OF DOUGLASVILLE AND DOUGLASVILLE POLICE DEPARTMENT**

74.

The forgoing paragraphs are re-alleged, restated and incorporated herein as though fully set forth herein.

75.

As an employer, Douglas County, Douglas County Sheriff's Office, City of Douglasville and Douglasville Police Department have a duty "to exercise ordinary care not to hire or retain an employee  the employer knew or should posed a risk of

harm to others where it is reasonably foreseeable from the employee's tendencies or propensities that the employee could cause the type of harm sustained by the Plaintiff." *Monroe v. Universal Health Services, Inc.*,596 S.E.2d 604, 606 (GA 2004).

76.

Defendants Douglas County, Douglas County Sheriff's Office, City of Douglasville and Douglasville Police Department failed to exercise supervision and reasonable diligence and care in continuing to employ Defendants Atkins, Barlow and John and Jane Doe(s)when they knew or should have known of their propensity to violate the rights of citizens and other laws, and such failure was the proximate cause of the injuries suffered by Mr. Booth.

77.

As a direct and proximate result of Defendants actions, Mr. Booth suffered damages.

## **COUNT VIII**
**NEGLIGENT TRAINING AND SUPERVISION BY DEFENDANTS'**
**DOUGLAS COUNTY, DOUGLAS COUNTY POLICE DEPARTMENT**

78.

The forgoing paragraphs are re-alleged, restated and incorporated herein as though fully set forth herein.

79.

Defendants Douglas County, Douglas County Sheriff's Office, City of Douglasville and Douglasville Police Department failed to exercise reasonable diligence and care in training and supervising Defendants Atkins, Barlow and John and Jane Doe(s), and such failure was the proximatecause of the injuries suffered by Mr. Booth.

80.

As a direct and proximate result of Defendants actions, Mr. Booth suffered damages.

**COUNT IX**
**ATTORNEY'S FEES**
81.

The forgoing paragraphs are re-alleged, restated and incorporated herein as though fully set forth herein.

To the extent that Defendants contest liability in this case where liability is clear, Mr. Booth is entitled to recover attorney's fees pursuant to *Daniel v. Smith*, 266 Ga. App. 637 (2004).

82.

Defendants acted in bad faith and have caused Mr. Booth unnecessary trouble and expense, which entitles  Mr. Booth to reimbursement for the expenses of litigation, including reasonable attorney's fees.

83.

Pursuant to 42 U.S.C. §1988, if Mr. Booth prevails on his civil rights claims, he is entitled to the reasonable attorney fees incurred in pursuing this action.

84.

As a direct and proximate result of Defendants actions, Mr. Booth suffered damages.

## COUNT X
## PUNITIVE DAMAGES AGAINST
## THE INDIVIDUAL DEFENDANTS

85.

The forgoing paragraphs are re-alleged, restated and incorporated herein as though fully set forth herein.

86.

Defendants Atkins, Barlow and John and Jane Doe(s), undertook their unlawful conduct intentionally and maliciously with respect to Mr. Booth and his federally protected rights, entitling Mr. Booth to recover punitive damages.

87.

Alternatively, Defendants Atkins, Barlow and John and Jane Doe(s), undertook their unlawful conduct recklessly with respect to Mr. Booth and his federally protected rights, entitling Mr. Booth to recover punitive damages.

88.

The above-described actions were willful, wanton, intentional, malicious and oppressive. These acts were accomplished with reckless disregard so that punitive

damages in an amount to be determined by the enlightened conscience of a jury should be awarded to Mr. Booth to punish Defendants Atkins, Barlow and John and Jane Doe(s), and to deter them from repeating such conduct.

89.

As a direct and proximate result of Defendants actions, Mr. Booth suffered damages.

**WHEREFORE**, Plaintiff prays that he has a judgment against Defendants as follows:

(a)     that Plaintiff be awarded general and compensatory damages in an amount to be determined at trial;

(b)     that Plaintiff be awarded attorney's fees and litigation expenses for having to file a formal lawsuit in this matter in an amount to be shown at trial;

(c)     that Plaintiff be granted a jury trial on all issues on this case; and

(d)     that Plaintiff have such other and further relief as is just and proper.

Respectfully submitted, This 20th day of January, 2023.

*/s/ Jay Shreenath*_____

Jay I. Shreenath
Attorney for Plaintiff
Georgia Bar Number: 629894

5193 Austell Road
Austell, Georgia 30106
678-467-4645, jayshreenath@bellsouth.net