## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| THIRSTHEN JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO.: |
| v. | ) | |
| | ) | _____ |
| | ) | |
| NEWTON COUNTY SHERIFF'S | ) | **COMPLAINT AND** |
| DEPUTY HANG TRAN, in her | ) | **JURY TRIAL DEMAND** |
| individual capacity, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

COMES NOW, Plaintiff Thirsthen Jackson and files this Complaint for damages under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution. In support thereof, Plaintiff states as follows:

### INTRODUCTION

1. On November 4, 2021, Plaintiff was working loss prevention at the Walmart in Covington, Georgia.

2. Plaintiff had been assaulted by a female shoplifter and had called for police assistance as he had the shoplifter in the loss prevention office.

3. Defendant responded to the call and upon entry to the office pulled her gun

on Plaintiff and placed him in handcuffs.

4. Defendant unnecessarily terrorized Plaintiff at his place of employment and had no objectively reasonable need to threaten Plaintiff with deadly force and put Plaintiff in fear of his life.

## PARTIES

5. Plaintiff Thirsthen Jackson is a resident of Georgia.

6. Defendant Hang Tran was employed by Newton County as a deputy sheriff in November 2021. At all times relevant to this lawsuit, Defendant acted under the color of state law.

## JURISDICTION AND VENUE

7. This case presents a federal question under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the Constitution. This Court has subject matter jurisdiction under 28 U.S.C. § 1331.

8. Upon service of process, this Court acquires personal jurisdiction of the Defendant under Fed. R. Civ. P. 4(k)(1)(a).

9. Venue is proper in the Northern District of Georgia under 28 U.S.C. § 1391(b) because all acts occurred within this District.

## FACTUAL ALLEGATIONS

10. On November 4, 2021, Plaintiff Jackson was working as a loss prevention

agent for the Walmart in Covington.

11. Plaintiff Jackson was assaulted by a female shoplifter and the police were called for assistance as he had the shoplifter in the loss prevention office.

12. Defendant Tran responded to the call and upon entry to the office pulled her gun on Plaintiff and placed him in handcuffs.

13. Defendant Tran took this action even though dispatch was advised the suspect was a female.

14. Plaintiff was kept in handcuffs for several minutes despite the fact that numerous store employees advised Defendant Tran that Plaintiff was also an employee.

15. Plaintiff Jackson has suffered and continues to suffer from mental trauma and emotional distress as a result of Defendant Tran's outrageous conduct.

16. The entire incident was caught on camera as the loss prevention office is video monitored.

**COUNT I**
*Excessive Force*
*Under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments*

17. Plaintiff repleads paragraphs 1 through 16 as if fully set forth herein.

18. Defendant fits the definition of a person for the purposes of a Section 1983

action for damages.

19. At all times material hereto, Defendant's actions and/or omissions were made under the color of authority and law as a deputy for Newton County.

20. On or about November 4, 2021, Defendant Tran violated Plaintiff's clearly established constitutional rights, to wit: by using excessive force by holding Plaintiff at gunpoint.

21. Defendant Tran violated Plaintiff's Fourth and/or Fourteenth Amendment Rights under the United States Constitution to be free from excessive force.

22. There was no objective need to use excessively unreasonable force against Plaintiff by putting him in fear for his life.

23. At the time of the application of force, Plaintiff was unarmed and inside his place of employment and presented no threat to Defendant Tran.

24. The amount of force used was excessive, unreasonable, and unnecessary under the circumstances.

25. Defendant Tran demonstrated a deliberate indifference to and/or reckless disregard of Plaintiff's civil and constitutional rights by her use of force against Plaintiff.

26. Plaintiff, who posed no threat to Defendant Tran and was in his place of employment was forced to fear for his life when confronted by a hostile

armed police officer such as Defendant.

27. Plaintiff suffered serious mental trauma and psychological distress as a result of the use of excessive unreasonable force by Defendant Tran.

28. Defendant Tran's actions and use of force, as described herein, were objectively unreasonable in light of the facts and circumstances confronting her.

29. The force used on Plaintiff was gratuitous and unnecessary and served no legitimate law enforcement interest.

30. Defendant Tran acted with malicious intent when she subjected Plaintiff to grossly excessive force at his place of employment.

31. Defendant Tran's use of force was not undertaken in good faith.

32. On November 4, 2021, the law was clearly established that law enforcement officers were prohibited from using excessive force to apprehend and intimidate suspects unless the suspects posed an immediate threat of serious physical harm.

33. Defendant Tran's actions and use of force, as described herein, were malicious, oppressive, and taken with reckless disregard to Plaintiff's constitutional rights such that Plaintiff may recover punitive damages against Defendant Tran.

## COUNT II
*Illegal Seizure*
*Under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments*

34. Plaintiffs replead paragraphs 1 through 33 as if fully set forth herein.

35. Defendant fits the definition of a person for the purposes of a Section 1983 action for damages.

36. At all times material hereto, Defendant's actions and/or omissions were made under the color of authority and law as a deputy for Newton County.

37. On or about November 4, 2021, Defendant Tran violated Plaintiff's clearly established constitutional rights, to wit: by handcuffing and seizing Plaintiff without probable cause or objectively reasonable facts requiring such action.

38. There was no objective need to handcuff Plaintiff at work without a warrant or applicable exigent circumstances.

39. At the time of the illegal seizure, Plaintiff was unarmed and posed no threat to Defendant Tran inside his office at work.

40. Defendant Tran demonstrated a deliberate indifference to and/or reckless disregard of Plaintiff's civil and constitutional rights by seizing Plaintiff without a warrant.

41. Plaintiff, who posed no threat to Defendant Tran and was acting in his capacity as a loss prevention officer for Walmart was forced to fear for his

life and safety when confronted by a hostile armed law enforcement officer such as Defendant Tran.

42. Plaintiff suffered serious mental trauma and psychological distress as a result of the illegal seizure by Defendant Tran.

43. Defendant Tran's actions and illegal seizure, as described herein, were objectively unreasonable in light of the facts and circumstances confronting her.

44. Defendant Tran acted with malicious intent when she illegally seized Plaintiff without a warrant.

45. Defendant Tran's actions were not undertaken in good faith.

46. On November 4, 2021, the law was clearly established that law enforcement officers were prohibited from seizing persons without a warrant.

47. Defendant Tran's actions, as described herein, were malicious, oppressive, and taken with reckless disregard to Plaintiff's constitutional rights such that Plaintiff may recover punitive damages against Defendant.

WHEREFORE, Plaintiffs demand the following:

a) That this action be tried by a jury;

b) That judgment be entered in favor of Plaintiff and against Defendant

Tran in an amount to be determined by the enlightened conscience of fair and impartial jurors to the extent allowed by law;

c) That Plaintiff be awarded nominal, compensatory, special, and punitive damages when applicable;

d) That Plaintiff be awarded attorney's fees under 42 U.S.C. § 1988 where applicable;

e) That all costs of this action be taxed against Defendant Tran; and

f) That the Court award any additional or alternative legal or equitable relief as may be deemed appropriate under the circumstances.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on this matter on all counts to which Plaintiff is entitled to a jury.

Respectfully submitted this 23rd day of January, 2023.

              Respectfully Submitted,

              /s/ Matthew Gebhardt_____
              Matthew Gebhardt, Georgia Bar#812697
              Gebhardt Law Firm, LLC
              235 Peachtree Street NE, Suite 400
              Atlanta, Georgia 30303
              (404) 998-2234
              Fax: (888) 248-0767
              matt@gebhardtlawfirm.com
              **ATTORNEY FOR PLAINTIFF**