# EXHIBIT  A

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

SHONETT ARNOLD, as Heir of : 
AARON LEWIS, :
 :
  Plaintiff, :
 :
vs. :    CIVIL ACTION FILE NO.
 :     22A02187
COLUMBIA FAYETTEVILLE, LP d/b/a :
THE VILLAGES OF EAST LAKE :
GARDENSIDE, NEW COLUMBIA :
RESIDENTIAL PROPERTY :   JURY TRIAL DEMANDED
MANAGEMENT, LLC, PROTECT :
SECURITY, LLC, GEORGE CHAVIER :
JONES, SABRINA LAVERNE ROBBS, :
 :
  Defendants. :

**PLAINTIFF'S FIRST AMENDED WRONGFUL DEATH COMPLAINT FOR DAMAGES**

   COMES NOW, Shonett Arnold, as heir of Aaron Lewis, Plaintiff in the above-styled action and files this her First Amended Wrongful Death Complaint for Damages. Plaintiff amends her previously filed Wrongful Death Complaint for Damages by adding an Estate Claim to said Complaint which is now Count VI of Plaintiff's Amended Complaint and attaching Exhibit B in support of Count VI of Plaintiff's Amended Complaint. Plaintiff hereby incorporates her previously filed Wrongful Death Complaint for Damages as if fully laid out, and Plaintiff shows the Court the following:

**PARTIES, JURISDICTION, AND VENUE**

1.

   Shonett Arnold is the mother of Aaron Lewis (DOB: March 28, 2001) and as Administrator of Aaron Lewis' estate, she brings this suit in her individual capacity as heir. Aaron Lewis was not married and did not have any children.[1]

---

[1] Plaintiff has filed her Petition for Administration (see Exhibit B attached, Temporary Letters of Administration). Once Plaintiff has received the permanent Letters of Administration, she will amend her Complaint to add Letters.

2.

Columbia Fayetteville, LP d/b/a The Villages of East Lake Gardenside is a residential housing complex located at 711 Fayetteville Road, Atlanta, DeKalb County, Georgia 30316.  This Defendant is subject to the jurisdiction of this Court and may be served with a copy of the Summons and Complaint through its registered agent for service of process, James Grauley, 1718 Peachtree Street, N.W., Suite 684, Atlanta, Fulton County, Georgia, 30309.

3.

New Columbia Residential Property Management, LLC is the management company for Columbia Fayetteville, LP d/b/a The Villages of East Lake which exists under the laws of the state of Georgia.  Defendant New Columbia Residential Property Management, LLC is subject to the jurisdiction of this Court and may be served with a copy of the Summons and Complaint through its registered agent for service of process, James Grauley, 1718 Peachtree Street, N.W., Suite 684, Atlanta, Fulton County, Georgia, 30309.

4.

Protect Security, LLC was the security company for The Villages of East Lake during the time of the facts and circumstances that gave rise to this lawsuit. Defendant Protect Security, LLC's principal office is located at 659 Auburn Avenue, Suite G-26, Atlanta, Fulton County, Georgia 30312 is subject to the jurisdiction of this Court and may be served with a copy of the Summons and Complaint through its registered agent for service of process, George Jones, 659 Auburn Avenue, Atlanta, Fulton County, Georgia 30312.

5.

George Chavier Jones is the owner of Protect Security, LLC.  Mr. Jones can be served at his residential address, which is located at 659 Auburn Avenue, Suite G-26, Atlanta, Fulton County, Georgia 30312.

6.

Sabrina LaVerne Robbs was the property manager for The Villages of East Lake during the period that forms the basis of this lawsuit.  Ms. Robbs is subject to the jurisdiction of this Court and may be served with a copy of the Summons and Complaint at her residential address, 1926 Hosea L. Williams Drive, N.E., Atlanta, DeKalb County, Georgia 30316.

7.

Once the Defendants have been served, this Court may exercise jurisdiction over the subject matter of this action and venue is properly laid in this Court because the tort occurred in DeKalb County and at least one of the Defendants, The Villages of East Lake Gardenside, is located in DeKalb County, Georgia.

## **FACTUAL ALLEGATIONS**

8.

On or about August 19, 2021, Aaron Lewis was visiting a friend, Chris Ford, who was at The Villages of East Lake in Apartment, 711 Fayetteville Road SE, Atlanta, DeKalb County, Georgia 30316, where his mother, Demeshial R. Heath, was a resident.

9.

The purpose of the visit was for Lewis to return a folder that his friend needed.

10.

When Lewis arrived on the property, he got out of the car and began to walk to the apartment unit where his friend was located.

11.

As Lewis began to walk to the apartment, he was approached by a group of young men, who upon information and belief, had just committed an assault on another person, who was located on the premises of the apartment.

12.

The group of young men threatened violence to Lewis.

13.

Lewis began to run and he tried to protect himself.

14.

Unfortunately, Lewis was not able to protect himself.

15.

One of the young men in the group began to shoot at Lewis and Lewis was struck and killed by the bullets from the firearm.

16.

An Indictment was filed concerning the death of Lewis on or about February 1, 2022. (See the Indictment, attached hereto as Exhibit A.)

17.

All of Defendants named in this action are jointly responsible for managing the property and providing reasonable security to the residents, invitees, and social guests.

18.

Jointly, the Defendants failed to exercise reasonable care to protect social guests such as Aaron Lewis from known risk of violent activity.

19.

As a direct and proximate result of the Defendants' negligent, wanton and reckless acts through their employees, agents and apparent agents, Aaron Lewis suffered bodily injury and ultimate death.

## COUNT I

## NEGLIGENCE AGAINST  ALL DEFENDANTS

20.

Plaintiff adopts and incorporates by reference paragraphs 1 through 19 of Plaintiff's First Amended Wrongful Death Complaint for Damages as if said paragraphs are set forth fully herein with respect to Count I of Plaintiff's First Amended Wrongful Death Complaint for Damages.

21.

At all relevant times, the Defendants, by and through their employees, agents and/or apparent agents, owed a duty to their invitees and tenants to exercise reasonable and ordinary care to keep and maintain their premises in a condition reasonably safe for use by their invitees and tenants.

22.

In particular, the Defendants had a duty to take such reasonable precautions as were reasonably necessary to protect their tenants, including Lewis, from third-party criminal attacks that were reasonably foreseeable.

23.

The Defendants, through their employees, agents, and/or apparent agents, breached their duty to exercise reasonable care for the safety and protection of their invitees and tenants, including Lewis, and acted in a negligent, wanton or reckless manner including, but not limited to, the following ways:

(a)     failing to provide adequate security for their invitees and tenants, including Lewis;

(b)     failing to warn their invitees and tenants, including Lewis, of the nature and character of the surrounding area when they knew, or in the exercise of reasonable care, should have known that numerous criminal incidents of a similar nature of the one herein had occurred on the Defendants' premises prior to Aaron Lewis being robbed and killed;

(c)     failing to warn, protect, guard, and secure the safety of their invitees and tenants, including Lewis, when the Defendants knew or should have known that the subject premises had a history of similar criminal acts being committed in the area, thereby creating a dangerous condition to those individuals on the premises;

(d)     failing to police, patrol, guard, deter, and otherwise provide adequate protection for their invitees and tenants at the subject premises, when the Defendants knew or should have known of foreseeable criminal acts;

(e)     failing to hire and/or retain any private security personnel to patrol and/or monitor the subject premises, thereby protecting their invitees and tenants, including Lewis;

(f)     failing to have a sufficient number of security guards at and around the subject premises to protect their invitees and tenants, including Lewis;

(g)     failing to hire and/or retain competent security guards to protect their invitees and tenants, including Lewis;

(h)     failing to properly train security guards to be reasonably skillful, competent, and/or qualified to exercise appropriate and proper security measures so that they could protect their invitees and tenants, including Lewis;

(i)      failing to have surveillance cameras in such locations throughout the subject premises, including but not limited to the exterior of the building and parking lot area;

(j)      failing to have an adequate number of surveillance cameras at the subject premises and surrounding areas, including but not limited to the areas of the premises where the incident occurred;

(k)     failing to have and/or maintain surveillance cameras in working condition on the subject premises such that every camera was able to monitor and record activity in its line of view;

(l)      failing to implement adequate security policies, security measures, and security procedures necessary to protect Lewis and other invitees and tenants at the subject premises;

(m)    failing to take additional security measures after being put on notice that the security measures in force were inadequate;

(n)     failing to adequately provide an overall security plan for the subject premises that would meet the known industry standards and customs for safety in the community;

(o)     failing to provide a reasonably safe structural layout of the subject property upon purchasing said property as a premises; and

(p)     the preceding paragraphs a. through p. individually and/or as a whole, represent strict deviations from the existing standards of care with regard to security as recognized by similar premises in the local community and as codified by section 51-3-1, Georgia Code.

### 24.

The Defendants, through their employees, agents and/or apparent agents, created and/or allowed to be created said dangerous conditions as stated above on the subject premises and failed to take the necessary steps to ensure the safety of their invitees and tenants, including Plaintiff.

### 25.

As a direct and proximate result of Defendants' negligence, wanton and reckless acts through their employees, agents, and/or apparent agents, Aaron Lewis suffered bodily injuries and death, which resulted in medical bills and physical and mental pain, in an amount to be shown at trial but in excess of  $50,000.00.

## **COUNT II**

## **WRONGFUL DEATH AGAINST ALL DEFENDANTS**

### 26.

Plaintiff adopts and incorporates by reference paragraphs 1 through 25 of Plaintiff's First Amended Wrongful Death Complaint for Damages as if said paragraphs are set forth fully herein with respect to Count II of Plaintiff's First Amended Wrongful Death Complaint for Damages.

### 27.

The negligent conduct of all Defendants as set forth in this complaint for damages, actually and proximately caused the wrongful death of Plaintiff's decedent, Aaron Lewis on or about August 19, 2021.

28.

The Defendants caused the death of Lewis by their joint failure to provide reasonable and adequate security measures to The Villages of Eastlake Gardenside, despite the actual knowledge they had of the dangerous conditions (i.e., criminal activity).

## COUNT III

## PUNITIVE DAMAGES AGAINST ALL DEFENDANTS

29.

Plaintiff adopts and incorporates by reference paragraphs 1 through 28 of Plaintiff's First Amended Wrongful Death Complaint for Damages as if said paragraphs are set forth fully herein with respect to Count III of Plaintiff's First Amended Wrongful Death Complaint for Damages.

30.

The acts and omissions of the Defendants, by and through their agents and/or employees, as set forth above, constitute willful and wanton misconduct, which demonstrates a total lack of care and a conscious indifference to the consequences of such misconduct.

31.

Based upon Defendants' willful and wanton misconduct, Plaintiff is entitled to an award of punitive damages to punish, penalize, and deter the Defendants from such conduct in the future in an amount to be determined by the enlightened conscience of a jury.

## COUNT IV

## IMPUTED LIABILITY

32.

Plaintiff adopts and incorporates by reference paragraphs 1 through 31 of Plaintiff's First Amended Wrongful Death Complaint for Damages as if said paragraphs are set forth fully herein with respect to Count IV of Plaintiff's First Amended Wrongful Death Complaint for Damages.

33.

Plaintiff's damages were the direct result of the acts and omissions of the agents, servants and employees of the Defendants' business entities, conducted within the course and scope of each such agent's, servant's and/or employee's employment with the Defendants' business entities.

34.

The corporate Defendants own, operate, manage and directly control The Villages of East Lake Gardenside and are liable not only for their own misconduct and negligent actions, they are also vicariously liable for the misconduct, negligence and other tortious conduct of their employees, staff and agents.

35.

The corporate Defendants are therefore vicariously liable for the individual employee's and agent's acts and omissions, and for each individual officer, director, employee, agent and servant's negligent acts and omissions, and the resultant damages of Plaintiff by application of the doctrine of *respondeat superior* and vicarious liability.

## **COUNT V**

## **ATTORNEY'S FEES AGAINST ALL DEFENDANTS**

36.

Plaintiff adopts and incorporates by reference paragraphs 1 through 35 of Plaintiff's First Amended Wrongful Death Complaint for Damages as if said paragraphs are set forth fully herein with respect to Count V of Plaintiff's First Amended Wrongful Death Complaint for Damages.

37.

The negligent conduct of all Defendants as set forth in Plaintiff's First Amended Wrongful Death Complaint for Damages actually and proximately caused the wrongful death of Plaintiff's decedent, Aaron Lewis on August 19, 2021.

38.

Consequently, Plaintiff brings this action pursuant to the provisions of O.C.G.A. § 51-4-2 and other applicable laws of this state to recover the full value of the life of Aaron Lewis, without any deductions for necessary or other personal expenses that would have been incurred by the decedent had he lived.

39.

There is no bona fide dispute in this case that Defendants breached the applicable standard of care and thus, Defendants have caused Plaintiff unnecessary trouble and expense in forcing her to litigate the issue of whether Defendants are responsible for the harm caused to Aaron Lewis on Defendants' premises.   Thus, Plaintiff is entitled to recover reasonable attorney's fees and expenses of litigation under O.C.G.A. § 13-6-11 against <u>all</u> Defendants.

## <u>COUNT VI</u>

## <u>ESTATE CLAIM AGAINST ALL DEFENDANTS</u>

40.

Plaintiff adopts and incorporates by reference paragraphs 1 through 39 of Plaintiff's First Amended Wrongful Death Complaint for Damages as if said paragraphs are set forth fully herein with respect to Count V of Plaintiff's First Amended Wrongful Death Complaint for Damages.

41.

Plaintiff brings this action pursuant to the provisions of O.C.G.A. § 53-2-1.

42.

As a result of Defendants' negligence, Plaintiff's son, Aaron Lewis, was fatally injured.

43.

Aaron Lewis endured conscious pain and suffering after he was shot and he later died from his injuries at Atlanta Medical Center North.

44.

As a result of Defendants' negligence, Plaintiff, as Heir of Aaron Lewis and as Administrator of the Estate of Aaron Lewis (See Exhibit B attached, Petition for Temporary Letters of Administration), is entitled to recover all damages allowable under by law, including but not limited to the full value of the life of Aaron Lewis, lost wages, pain and suffering, funeral bills, and any other items of special and general damages allowed by law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following:

(a)     that a copy of the Summons and Complaint be served upon the Defendants;

(b)     that they have a trial by jury as to each and every appropriate issue;

(c)     a judgment is obtained against the Defendants;

(d)     an award of compensatory damages to be determined by a jury;

(e)     an award of punitive damages to be determined by a jury;

(f)     that Plaintiff be awarded attorney's fees, and the costs of this action, as authorized by O.C.G.A. § 13-6-11;

(g)     special damages be awarded to Plaintiff in an amount to be determined later;

(h)     that all costs of this action be cast against the Defendants; and

(i)     any and all such other and further relief as the Court may deem just and appropriate.

This 22nd day of November, 2022.

SEAY FELTON, LLC

260 Peachtree Street, NW
Suite 1001                                      /s/ Alexandria F. Jones
Atlanta, GA 30303                               Alexandria F. Jones
(404) 902-6444                                  Georgia Bar No. 301492
(770) 800-0507 – fax                            Eugene Felton, Jr.
ajones@sftriallawyers.com                       Georgia Bar No. 257840
efelton@sftriallawyers.com                      Quinton S. Seay
qseay@sftriallawyers.com                        Georgia Bar No. 634025


STATE COURT OF
DEKALB COUNTY, GA.
11/22/2022 2:13 PM
E-FILED
BY: Mundy Jackson

# EXHIBIT A

FILED   02/01/2022 3:56:49 PM   Clerk of Superior Court DeKalb County

State Witness – Inv. C. Averhart

*PID: 437247*

# No. 22CR1221-9
## DEKALB COUNTY SUPERIOR COURT

### JANUARY TERM 2022

| | | |
|---|---|---|
| THE STATE OF GEORGIA | **1** | **MALICE MURDER** |
| | **2** | **FELONY MURDER** |
| V. | **3** | **AGGRAVATED ASSAULT** |
| | **4** | **POSSESSION OF A FIREARM DURING THE COMMISSION OF A FELONY** |
| **TAVAROUS GABRIEL HODGES  Ct 1, 2, 3 & 4** | | |
| **DA #: D0287317** | | |

<u>   True   </u> BILL

02/01/2022 2:07:13 PM

Grand Jury Foreperson

**SHERRY BOSTON, District Attorney**

Hodges, Tavarous Gabriel

the Defendant, waives copy of the Indictment, list of witnesses, full panel, formal arraignment, and pleads

This the_____ of _____ 20_____.

District Attorney

Defendant's Attorney

Defendant

STATE OF GEORGIA, COUNTY OF DEKALB

**BILL OF INDICTMENT**

IN THE SUPERIOR COURT OF SAID COUNTY,

The Grand Jurors **(GROUP A)** selected, chosen and sworn for the County of DeKalb to wit:

1. Sean Wilson
2. ~~Harriet Ruskin~~
3. Maerniet Weldeabizgi
4. Maan Jokhadar
5. Maya Payne
6. Meredith Rainnie
7. Michelle Cullen
8. Debra Cobb
9. Samuel Pittman
10. Douglas Edwards
11. ~~John Glenn~~
12. ~~Candace Kissi-Godfrey~~
13. Thomas Coll
14. Matthew Jenrette

15. Catherine Rouse
16. Mary Platt
17. Kevin Moore
18. Michael Bauer
19. Michael Bibisi
20. Ryan Davis, Jr.
21. Joan Schork
22. ~~Robert Pittman~~
23. Karen Roberts-Lee
24. ~~Joseph Gensler~~
25. ~~Istvan Kolosi~~
26. Rachael Koplin

## COUNT 1

### MALICE MURDER

The GRAND JURORS aforesaid, in the name of and on behalf of the citizens of the State of Georgia, charge and accuse

Tavarous Gabriel Hodges,

with the offense of **MALICE MURDER** in violation of O.C.G.A 16-5-1(a) for the said accused person, in the County of DeKalb and State of Georgia, **on or about August 19, 2021**,

did, with malice aforethought, cause the death of Aaron Jamal Lewis, a human being, by shooting said person with a firearm,

contrary to the laws of said State, the good order, peace and dignity thereof.

DEKALB SUPERIOR COURT

SHERRY BOSTON, District Attorney

## COUNT 2

### FELONY MURDER

The GRAND JURORS aforesaid, in the name of and on behalf of the citizens of the State of Georgia, charge and accuse


Tavarous Gabriel Hodges,


with the offense of **FELONY MURDER** in violation of O.C.G.A 16-5-1(c) for the said accused person, in the County of DeKalb and State of Georgia, **on or about August 19, 2021,**


while in the commission of the offense of Aggravated Assault, a felony, did cause the death of Aaron Jamal Lewis, a human being, by shooting said person with a firearm,


contrary to the laws of said State, the good order, peace and dignity thereof.

DEKALB SUPERIOR COURT

SHERRY BOSTON, District Attorney

## COUNT 3

### AGGRAVATED ASSAULT

The GRAND JURORS aforesaid, in the name of and on behalf of the citizens of the State of Georgia, charge and accuse

Tavarous Gabriel Hodges,

with the offense of **AGGRAVATED ASSAULT** in violation of O.C.G.A 16-5-21(a) for the said accused person, in the County of DeKalb and State of Georgia, **on or about August 19, 2021,**

did make an assault upon the person of Aaron Jamal Lewis with a firearm, a deadly weapon, by shooting said person with a firearm

contrary to the laws of said State, the good order, peace and dignity thereof.

DEKALB SUPERIOR COURT

SHERRY BOSTON, District Attorney

## COUNT 4

## POSSESSION OF A FIREARM DURING THE COMMISSION OF A FELONY

The GRAND JURORS aforesaid, in the name of and on behalf of the citizens of the State of Georgia, charge and accuse

Tavarous Gabriel Hodges,

with the offense of **POSSESSION OF A FIREARM DURING THE COMMISSION OF A FELONY** in violation of O.C.G.A 16-11-106(b) for the said accused person, in the County of DeKalb and State of Georgia, **on or about August 19, 2021,**

did unlawfully have on and within arm's reach of his person a firearm during the commission of the crime of Malice Murder, Felony Murder and Aggravated Assault, felonies, crimes involving the person of Aaron Jamal Lewis,

contrary to the laws of said State, the good order, peace and dignity thereof.

DEKALB SUPERIOR COURT

SHERRY BOSTON, District Attorney

# EXHIBIT B

FILED
11/15/2022 10:21:16 AM
DEKALB PROBATE COURT

IN THE PROBATE COURT OF _____DEKALB_____ COUNTY
STATE OF GEORGIA

IN RE: ESTATE OF                        )
                                        )
AARON JAMAL LEWIS_____,         )    ESTATE NO. 2022 - 2402
DECEASED                                )

PETITION FOR TEMPORARY LETTERS OF ADMINISTRATION

The petition of SHONETT ARNOLD
                  *[Full name(s) of petitioner(s)]*  First          Middle          Last
whose physical address(es) is/are 3540 OAK HARBOR BLVD., APT. 426, SLIDELL, ST. TAMMANY, LA 70461 ,
                                  Street        City        County      State      Zip Code

and mailing address(es) is/are 3540 OAK HARBOR BLVD., APT. 426, SLIDELL, ST. TAMMANY, LA 70461 ,
                                  Street        City        County      State      Zip Code

shows to the Court the following:

1.

AARON JAMAL LEWIS_____,
*[Full name of decedent]*   First              Middle                   Last

whose place of domicile was 211 HILLSIDE VILLAGE DRIVE, SE, ATLANTA, DEKALB, GA 30317,
                            Street        City        County      State      Zip Code

departed this life on AUGUST 19_____, 20 21___.

2.

*[Initial one]*

5TA   (a)   The decedent died intestate *[without making a valid last will and testament]*.

_____  (b)   There is a contested last will and testament of the decedent.  The alleged will is
              dated _____.

3.

Listed below are all of the decedent's heirs at law, with age or majority status, address, and
relationship to the decedent set opposite the name of each:

| Name | Age (or over 18) | Address | Relationship |
|------|------------------|---------|--------------|
| SHONETT ARNOLD | OVER 18 | 3540 OAK HARBOR BLVD., APT. 426, SLIDELL, LA 70461 | MOTHER |
| ALVIN LEWIS | OVER 18 | 2803 SOUTH ROBERTSON STREET, NEW ORLEANS, LA 70115 | FATHER |

GPCSF 2                                [1]                        Eff. July 2021

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| SHONETT ARNOLD, as Heir of AARON LEWIS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | CIVIL ACTION FILE NO. |
| | : | 22A02187 |
| COLUMBIA FAYETTEVILLE, LP d/b/a | : | |
| THE VILLAGES OF EAST LAKE | : | |
| GARDENSIDE, NEW COLUMBIA | : | JURY TRIAL DEMANDED |
| RESIDENTIAL PROPERTY | : | |
| MANAGEMENT, LLC, PROTECT | : | |
| SECURITY, LLC, GEORGE CHAVIER | : | |
| JONES, SABRINA LAVERNE ROBBS, | : | |
| | : | |
| Defendants. | : | |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served counsel for the opposing party in the foregoing matter with a copy of this document via email and by Odyssey File and Serve, as prescribed by the court, which will deliver electronic notification of same to the following:

Geoffrey F. Calderaro
C. Gregory Ragsdale
QUINTAIROS, PRIETO, WOOD & BOYER, P.A.
365 Northridge Road Suite 230
Atlanta, GA 30350
Geoffrey.Calderaro@qpwblaw.com
Gregory.Ragsdale@qpwblaw.com

Edward B. Greenblat
Glenn C. Tornillo
CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP
Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA 30092
gtornillo@cmlawfirm.com
egreenblat@cmlawfirm.com

This 22nd day of November, 2022.

260 Peachtree Street, NW
Suite 1001
Atlanta, GA 30303
(404) 902-6444
(770) 800-0507 – fax
ajones@sftriallawyers.com
efelton@sftriallawyers.com
qseay@sftriallawyers.com

SEAY FELTON, LLC

/s/ Alexandria F. Jones
Alexandria F. Jones
Georgia Bar No. 301492
Eugene Felton, Jr.
Georgia Bar No. 257840
Quinton S. Seay
Georgia Bar No. 634025