**IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| Celes Redmon, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action File No.: |
| | ) | |
| vs. | ) | |
| | ) | |
| Express Recovery Services, Inc., | ) | **COMPLAINT WITH** |
| | ) | **JURY TRIAL DEMAND** |
| Defendant | ) | |
| _____ | ) | |

## PRELIMINARY STATEMENT

This action for damages is based upon the Defendant's overt and intentional, unlawful conduct in the furtherance of its efforts to collect a consumer debt. The Defendant's conduct is in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq. and the Georgia Fair Business Practices Act, (GFBPA) O.C.G.A. 10-1-390 et seq.

## PARTIES

1.      Plaintiff, Celes Redmon, is a natural person who resides in Bartow County, Georgia.

2.      Defendant, Express Recovery Services, Inc., is a foreign corporation authorized to do business in Georgia.  Defendant may be served with process via its

1

registered agent, Cogency Global, Inc. at 900 Old Roswell Lakes Parkway, Suite 310, Roswell, Georgia, 30076.

## JURISDICTION AND VENUE

3.      This Court has federal question jurisdiction over Plaintiff's Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.      This Court has personal jurisdiction over Defendant because, inter alia, Defendants frequently and routinely conducts business in the State of Georgia, including the conduct complained of herein.

5.      Pursuant to 28 U.S.C. § 1391, venue is proper in the Northern District of Georgia because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6.      Venue is proper in the Atlanta Division because the Defendant maintains a registered agent in Fulton County, Georgia, which is in the Atlanta division.

## FACTUAL ALLEGATIONS

7.      Plaintiff is a 27-year-old woman with deteriorating health. She is disabled, unable to engage in competitive employment, and is in the process of obtaining disability insurance benefits through the Social Security Administration.

8.    Plaintiff is allegedly obligated to pay a consumer debt arising out of medical services and is, therefore, a "consumer", as that term is defined by 15 U.S.C. § 1692a(3).

9.    Defendant is a collection agency specializing in the collection of consumer debt.

10.    Defendant uses interstate commerce and/or mail in its business in the collection of consumer debts.

11.    Defendant manages, and collects upon, thousands of consumer debt accounts annually.

12.    Defendant is, therefore, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

13.    As a result of her disability, the Plaintiff has fallen behind on several accounts owing to medical providers.

14.    In November, 2022 Plaintiff obtained a copy of her credit report as published by TransUnion and Equifax, two major credit reporting bureaus (hereinafter "the reports"). In reviewing those reports, Plaintiff noted that Defendant was reporting to each bureau an account in collection on behalf of "Tanner Clinic".

15.     As of October 10, 2022 Defendant reported that both the original and current balance as $1,227.00.  It also reported it obtained the debt for collection on February 13, 2020.

16.     The Plaintiff did not recognize this account and on December 27, 2022 she initiated a call to the number displayed on her credit report obtain more information .  At that time, she was connected with an individual identifying herself as "Melissa" and a representative of the Defendant.

17.     After verifying the Plaintiff's identity, the Defendant confirmed that it was collecting an account on behalf of Tanner Clinic. Moreover, it represented to the Plaintiff that the account included a collection fee that had been added and was accruing interest.  Defendant did not disclose the amount of the collection fee, the rate of interest, or total interest that has accrued.

18.     Plaintiff and Defendant discussed possible payment options and the call ended shortly thereafter.

19.     On January 20th, 2023, the Plaintiff obtained an updated  version of her credit report from Equifax and Transunion. This was done so that she could determine the amount of interest accruing.

20.     The January 20th reports showed that Defendant had last reported on January 10th, 2023 and it reported, again, an original and current balance of $1,227.00.

21.     Per the Defendant's reporting in October, 2022 and January, 2023, there was no interest accruing to the account.

22.     If the Defendant's reporting to the credit bureaus is accurate, its representations to the Plaintiff are false. By the same token, if its statements to Plaintiff are accurate, it has made false representations to the bureas regarding the amount and nature of the debt.

23.     The Fair Debt Collection Practices Act specifically provides that the collection of any amount, including fees, charges, or any other expense incidental to the principal obligation, is prohibited unless such amount is expressly authorized by the agreement creating the debt or permitted by law.  15 U.S.C. § 1692f(1).

24.     There is no contractual agreement between Plaintiff and the original service provider that allows for the imposition of a fee as described by Defendant.

25.     A percentage-based collection fee assessed before the collector attempted to collect the balance due does not bear any correlation to the actual cost of the collector's collection effort and is thus a violation of the FDCPA.  *See, Bradley v. Franklin Collection Service, Inc*., 739 F.3d 606, 609 (11th Circuit, 2014).

26.     As of the date of its representations to the Plaintiff, the Defendant had neither charged nor received any fee from the original creditor.

27.     The Defendant's representation to the Plaintiff was that the amount in collection included a collection fee.

28.     Such a fee is not authorized under any contractual agreement between the Plaintiff and the medical service provider, nor is it available to the Defendant under Georgia law.

### INJURIES-IN-FACT AND DAMAGES

29.     The FDCPA provides consumers with statutorily created rights to be free from 'being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.'" *McCamis v. Servis One, Inc.*, No. 8:16-CV-1130-T-30AEP, 2016 U.S. Dist. LEXIS 99492 (M.D. Fla. July 29, 2016); *Church v. Accretive Health, Inc*., 654 Fed. Appx. 990, 2016 U.S. App. LEXIS 12414, 2016 WL 3611543 (11th Cir. 2016).

30.     An injury-in-fact sufficient to satisfy Article III standing requirements "may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing." *Church*, at 993, quoting *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982).

31.     Violation of statutory rights are not a "hypothetical or uncertain" injury, but one "that Congress has elevated to the status of a legally cognizable injury through the FDCPA." *McCamis*, at 4, citing *Church*, at 3.

32.     As a result of the Defendant's actions and/or omissions, Plaintiff has suffered actual damages, including but not limited to the following:

a.)     Being subjected to false, deceptive, and unfair debt collection practices;

b.)     Confusion related to the Defendant's credit reporting practice that adversely impacted the Plaintiff's ability to prioritize debt payments when they were possible;

c.)     Defendant's false and misleading communications to Plaintiff, leading credit reporting bureaus, or both that obscured the nature, composition, and legality of the debt in collection hampering the Plaintiff's ability to assess and, if appropriate, dispute the debt;

d.)     Uncompensated time expended away from activities of daily living, to confer with counsel regarding the Defendant's collection efforts;

e.)     Anxiety and worry caused by concern that Plaintiff was being called upon to pay an improper claim.

## CAUSES OF ACTION

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et. seq.

### *Violations of 15 U.SC. § 1692e and its subparts*

33.    15 U.S.C. § 1692e specifically prohibits the use of any false, deceptive, or misleading representations or means in connection with the collection of any debt.

34.    The use of "or" in § 1692e means a representation violates the FDCPA if it is false or deceptive or misleading. *Bourff v. Rubin Lublin*, LLC, 674 F.3d 1238, 1241 (11th Cir. 2012).

35.    "The FDCPA protects consumers from abusive and deceptive practices by debt collectors, and protects non-abusive debt collectors from competitive disadvantage. 15 U.S.C. § 1692(e). Section 1692e forbids the use of 'any false, deceptive, or misleading representation or means' in debt collection, and provides a non-exhaustive list of prohibited conduct." *United States v. National Financial Servs.*, 98 F.3d 131, 135 (4th Cir. 1996).

36.    "Violations of Section 1692e are viewed from the perspective of the "least sophisticated consumer." *National Financial Servs.*, 98 F.3d at 135-36. "[E]valuating debt collection practices with an eye to the 'least sophisticated consumer' comports with basic consumer-protection principles." *Id.* at 136. The purpose of that standard "is to ensure that the FDCPA protects all consumers, the

gullible as well as the shrewd." *Id.* at 136 *quoting Clomon v. Jackson*, 988 F.2d 1314, 1318 (2nd Cir. 1983). Indeed, its purpose is to protect "naive consumers" with a minimal understanding of personal finance and debt collection. *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1194 (11th Cir. 2010) (per curiam).

37.    Moreover, the least sophisticated consumer is not to be held to the same standard as a reasonably prudent consumer. The least sophisticated consumer, though not unreasonable, is "ignorant" and "unthinking,"  "gullible," and of "below-average sophistication or intelligence," *Pinson v. JPMorgan Chase Bank, Nat'l Ass'n*, No. 16-17107, 2019 U.S. App. LEXIS 33662, at 12-13 (11th Cir. Nov. 12, 2019), quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)

38.    A false representation in connection with the collection of a debt is sufficient to violate the FDCPA, even if it is not alleged or proven to be misleading or deceptive.

39.    The Defendant's false representations regarding accumulation of interest obscure the status and amount of the debt in collection and impairs the Plaintiff's decision-making with respect to which delinquent accounts she should address, and in what order.

40.    Defendant's representations regarding the accumulation and addition of interest were a violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), and 1692e(10).

*Violations of 15 U.SC. § 1692f and its subparts*

41.     The conduct of the Defendant as described herein was unfair and unconscionable. It preyed upon perceived lack of sophistication of the Plaintiff.

42.     Defendant's conduct violated 15 U.S.C. § 1692f(1).

## COUNT II

## VIOLATIONS OF THE GEORGIA FAIR BUSINESS PRACTICES ACT
## O.C.G.A. § 10-1-390, et seq.

43.     Plaintiff incorporates by reference paragraphs 1 through 42 as though fully stated herein.

44.     O.C.G.A. § 10-1-390 et seq is commonly known as the "Fair Business Practices Act of 1975" (the "GFBPA").

45.     The purpose of the GFBPA, is to protect consumers from unfair and/or deceptive practices in the conduct of any trade or commerce in part or wholly in the state.  O.C.G.A. § 10-1-391.

46.     O.C.G.A. § 10-1-391 directs that the GFPBA is to be interpreted and applied liberally and in harmony with the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1), which implements the FDCPA.

47.     O.C.G.A. § 10-1-393(a) of the GFBPA broadly prohibits unfair and/or deceptive business practices.

48.     Defendant intentionally engaged in unfair and deceptive business practices, as set forth herein, in an effort to collect a consumer debt.

49.     Defendant's conduct has implications for the consuming public in general.

50.     Defendant's conduct negatively impacts the consumer marketplace.

51.     Upon information and belief, Defendant does not maintain a place of business in Georgia and has no assets in Georgia, thus relieving Plaintiffs of the Notice and Demand requirements of O.C.G.A. § 10-1-399(b).

52.     As a result of Defendant's violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover general damages pursuant to O.C.G.A. § 10-1-399(a).

53.     As a result of Defendant's intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover exemplary damages pursuant to O.C.G.A. § 10-1-399(a).

54.     As a result of Defendant's intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover treble damages pursuant to O.C.G.A. § 10-1-399(c).

55.     Plaintiff is entitled to recover reasonable attorney's fees and expenses of litigation pursuant to O.C.G.A. § 10-1-399(d).

## TRIAL BY JURY

56.     Plaintiff is entitled to and hereby requests a trial by jury.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant

for:

a.)     Plaintiff's actual damages;

b.)     Statutory damages pursuant to 15 U.S.C. § 1692k;

c.)     Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k

d.)     General, exemplary, and treble damages pursuant to O.C.G.A. § 10-1-

399(a) & (c);

e.)     Reasonable attorney's fees and costs pursuant to O.C.G.A. § 10-1-

399(d); and

f.)     Such other and further relief as may be just and proper.

Respectfully submitted this 23rd day of January, 2023.

**BERRY & ASSOCIATES**

*/s/ Matthew T. Berry*
Matthew T. Berry
Georgia Bar No.: 055663
matt@mattberry.com
2751 Buford Highway, Suite 600
Atlanta, GA 30324
Ph. (404) 235-3300
Fax (404) 235-3333

*Plaintiff's Attorney*