**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**

| | |
|---|---|
| Marvin Haire,<br><br>                    Plaintiff,<br><br>                    v.<br><br>Affirm, Inc., Austin Capital Bank SSB, Credit Control Services, Inc. d/b/a Credit Collection Services ("CCS"), McIntosh Finance Company, SCANA Energy Marketing, LLC, Style Finance Inc., The Bank of Missouri, Mississippi River Bank, Equifax Information Services, LLC, Experian Information Solutions, Inc. and Trans Union, LLC,<br><br>                    Defendants. | CIVIL ACTION NO:<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Marvin Haire ("*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Affirm, Inc. ("*Affirm*"), Austin Capital Bank SSB ("*Austin*"), Credit Control Services, Inc. d/b/a Credit Collection Services ("*CCS*"), McIntosh Finance Company ("*McIntosh*"), SCANA Energy Marketing, LLC ("*Scana*"), Style Finance Inc. ("*Style*"), The Bank of Missouri ("*TBOM*"), Mississippi River Bank("*MRV Bank*") ( Affirm, Austin, CCS, McIntosh, Scana, Style, TBOM and MRV Bank are hereinafter collectively referred to as "*Furnisher Defendants*"), Equifax Information Services, LLC ("*Equifax*"), Experian Information Solutions, Inc. ("*Experian*") and Trans Union LLC ("*Trans Union*") (Equifax, Experian and Trans Union are hereinafter collectively referred to as "*CRA Defendants*") (Furnisher Defendants and CRA Defendants are collectively referred

to as "*Defendants*") as follows:

## INTRODUCTION

1.     This action seeks to recover for violations of the Fair Credit Reporting Act (the "FCRA"), 15 U.S.C. §1681 *et seq* and Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA").

2.     This action seeks relief against CRA Defendants for reporting inaccurate and/or misleading information on Plaintiff's credit report in violation of §1681e(b); and for CRA Defendants' failure to conduct a reasonable investigation into Plaintiff's disputes in violation of §1681i(a); and for their violations of §1681c-2 for failing to block the information after receipt of the notice of identity theft dispute.

3.     This action seeks relief against Furnisher Defendants for violations of the Fair Credit Reporting Act under 15 U.S.C. §1681s-2(b), for their failure to conduct a reasonable and/or good faith investigation into Plaintiff's notice of disputes and failing to delete, correct or block the inaccurate information.

4.     This action also seeks relief against CCS for violations of 15 U.S.C. § 1692e for false, unfair and deceptive practices in their attempts to collect a debt.

5.     Plaintiff seeks an order enjoining Defendants' injurious conduct and to recover, *inter alia*, statutory damages, prejudgment and post-judgment interest, and reasonable attorneys' fees and expenses for injuries suffered as a result of Defendants' erroneous reporting of inaccurate information in Plaintiff's consumer background reports.

6.     As a result of Defendants' conduct in misreporting and failing to reasonably investigate the dispute and correct inaccuracies, Plaintiff has sustained actual damages including, but not limited to: a decreased credit score; decreased credit worthiness and credit capacity; emotional and mental pain due to the anxiety and stress of the negative credit impact of the errors at issue despite taking steps to

resolve it; the dissemination of this inaccurate reporting to third party prospective creditors; and a credit denial and its associated frustration and mental anguish.

7.      Furthermore, Defendants are also responsible for the cost in time and money associated with requesting credit reports, consulting with professionals regarding resolving this inaccurate reporting and submitting dispute letters via certified mail.

8.      Plaintiff seeks to recover monetary damages for Defendants' violations of the FCRA and to have an order issued by this court enjoining Defendants from persisting in their violative behaviors.

## JURISDICTION AND VENUE

9.      Jurisdiction of the Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

10.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because Plaintiff lives in this judicial district and a substantial portion of the acts or omissions of Defendants occurred herein.

## PARTIES

11.     Plaintiff Marvin Haire is an adult who is a citizen of the State of Georgia residing in Fulton County, Georgia.

12.     Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c) and 15 U.S.C. § 1692a(3).

13.     Defendant Affirm is a "furnisher of information" (hereinafter "*Furnisher*") as that term is defined by 15 U.S.C. § 1681s-2(b).

14.     Defendant Affirm is a corporation that has a principal place of business located at 650 California Street, 12th Floor, San Francisco, California, 94108 and is registered to do business in the State of Georgia.

PLAINTIFF'S COMPLAINT

15.    Affirm may be served with process on its registered agent, CT Corporation System at 289 South Culver Street, Lawrenceville, GA, 30046, USA.

16.    Defendant Austin is a Furnisher as that term is defined by 15 U.S.C. § 1681s-2(b).

17.    Defendant Austin is a bank and has a principal place of business located at 8100 Shoal Creek Blvd, Suite 100, Austin, Texas 78757.

18.    Defendant CCS is a Furnisher as that term is defined by 15 U.S.C. § 1681s-2(b).

19.    Defendant CCS is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and regularly engages in the collection of or attempt to collect debts asserted to be owed by others.

20.    Defendant CCS is a corporation that has a principal place of business located at 725 Canton Street, Norwood, Massachusetts 02062 and is registered to do business in the State of Georgia.

21.    CCS may be served with process on its registered agent, C T Corporation System, at 289 S Culver St, Lawrenceville, GA, 30046.

22.    Defendant McIntosh is a Furnisher as that term is defined by 15 U.S.C. § 1681s-2(b).

23.    Defendant McIntosh is a corporation formed in Georgia and has a principal place of business located at 2 Broad Street, Senoia, Georgia, 30276 and is registered to do business in the State of Georgia.

24.    Defendant Scana is a Furnisher as that term is defined by 15 U.S.C. § 1681s-2(b).

25.    Defendant Scana is a limited liability company and has a principal place of business located at 3344 Peachtree Rd. NE, Ste 2150, Atlanta, Georgia 30326 and is registered to do business in the State of Georgia.

26.     Defendant Scana may be served with process on its registered agent CT Corporation System at 289 S Culver Street, Lawrenceville, Georgia 30046.

27.     Defendant Style is a Furnisher as that term is defined by 15 U.S.C. § 1681s-2(b).

28.     Defendant Style is a corporation formed in Georgia and has a principal place of business located at 12893 Veterans Memorial Hwy, Douglasville, Georgia, 30134 and is registered to do business in the State of Georgia.

29.     Defendant TBOM is a Furnisher as that term is defined by 15 U.S.C. § 1681s-2(b).

30.     Defendant TBOM is a bank and has a principal place of business located at 916 North Kings Highway, Perryville, Missouri, 63775.

31.     Defendant MRV Bank is a Furnisher as that term is defined by 15 U.S.C. § 1681s-2(b).

32.     Defendant MRV Bank is a bank and has a principal place of business located at 8435 Hwy 23, Belle Chasse, Louisiana, 70037.

33.     Defendant Equifax Information Services, LLC, is a subsidiary of Equifax, Inc. and qualifies as a consumer reporting agency (hereinafter "*CRA*"), as defined under 15 U.S.C. §1681a(f), that regularly conducts business in this judicial district.

34.     Defendant Equifax is a Georgia limited liability company which has a principal place of business located at 1550 Peachtree Street, NW, Atlanta, GA 30309, is registered to do business in the State of New York, and may be served with process upon The Corporation Service Company, its registered agent for service of process at 80 State Street, Albany, NY 12207.

35.     Defendant Equifax by contractual agreement, disbursed consumer background reports for remuneration to third parties.

36.     Defendant Experian is a CRA as defined under 15 U.S.C. § 1681a(f), that regularly conducts business in this judicial district.

37.     Defendant Experian is an Ohio corporation which has a principal place of business located at 475 Anton Blvd., Costa Mesa, CA 92626, is registered to do business in the State of New York and may be served with process upon CT Corporation System, its registered agent for service of process at 28 Liberty Street, New York, NY 10005.

38.     Defendant Experian by contractual agreement, disbursed consumer background reports for remuneration to third parties.

39.     Defendant TransUnion is a CRA as defined under 15 U.S.C. 1681a(f), that regularly conducts business in this judicial district.

40.     Defendant TransUnion is an Illinois corporation which has a principal place of business located at 555 W. Adams Street, Chicago, IL 60661, is registered to do business in the State of New York, and may be served with process upon The Prentice-Hall Corporation System, Inc., the registered agent for service of process at 80 State Street, Albany NY 12207.

41.     Defendant TransUnion by contractual agreement, disbursed consumer background reports for remuneration to third parties.

## SUBSTANTIVE ALLEGATIONS OF FCRA

42.     Congress enacted § 1681 *et seq.* of Title 15 of the United States Code, which § 1681(a) which states as follows:

(1)     The banking system is dependent upon fair ***and accurate*** credit reporting. ***Inaccurate credit reports directly impair the efficiency of the banking system***, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system.

(2)     An elaborate mechanism has been developed for investigating and evaluating the credit worthiness, credit standing, credit capacity, character, and general reputation of consumers.

(3)   Consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers.

(4)   There is a ***need to insure that consumer reporting agencies exercise their grave responsibilities with fairness***, impartiality, and a respect for the consumer's right to privacy.

(Emphasis added).

43.     FCRA mandates that CRAs adhere to the following duties: (i) to assure maximum possible accuracy of information when preparing consumer reports and to set up reasonable policies procedures to maintain compliance with this minimum reporting standard; and (ii) to reinvestigate the facts and circumstances surrounding a dispute by consumers and to appropriately and timely correct any inaccuracies, including by quickly notifying the furnisher and any other parties in the distribution chain of the disputed inaccuracies.

44.     CRAs compile, maintain, and report information concerning Plaintiff's creditworthiness, credit-standing, credit capacity, character, and general reputation. That information is then made available for use by third parties in credit transactions involving consumers, for employment purposes, for the underwriting of insurance for consumers, and even housing.

45.     Plaintiff has a legally protected interest in the Defendants fulfilling their duties under FCRA so that the credit information being furnished and reported by them is maintained fairly, with the maximum levels of confidentiality, accuracy, and relevancy.

46.     Plaintiff's injuries are particularized and actual and are directly traceable to Defendants' conduct. The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

## **FACTUAL ALLEGATIONS**

47.     Plaintiff Marvin Haire is the victim of a vast string of identity theft that

has caused him to lose access to thousand of dollars in his bank accounts and caused numerous credit accounts to appear on his consumer credit reports with CRA Defendants that he did not open, authorize or benefit from.

    48.    Experian is reporting the following accounts from the corresponding Furnisher Defendants to Plaintiff's credit report:

a. Affirm | Account No.: DT1N1LXX | Unsecured Loan | Opened 3/10/22 | Balance: $181

b. Affirm | Account No.: HELD0EXX | Unsecured Loan | Opened 3/9/22 | Balance: $212

c. Affirm | Account No.: VRA1BVXX | Unsecured Loan | Opened 2/24/22 | Balance: $47

d. Affirm | Account No.: Y9PNLFXX | Unsecured Loan | Opened 2/22/22 | Balance: $146

e. MRV Bank | Account No.: 426498XXX | Opened 11/22/21 | Balance: $0

f. Scana | Account No.: 531013XXXX | Utility | Opened: 2/18/2018 | Balance: $288

g. Scana | Account No.: 531013XXXX | Utility | Opened: 1/10/2017 | Balance: $111

h. TBOM | Account No.: 524784XXXX | Credit Card | Opened: 5/6/2022 | Balance: $971

i. TBOM | Account No.: 405731XXXX | Credit Card | Opened: 1/8/2022 | Balance: $491

    49.    Plaintiff applied for the accounts with the above-referenced accounts with MRB Bank and TBOM in paragraph 48, but did not receive the relevant credit cards or did not activate them and did not make or authorize any transactions on those cards.

    50.    Plaintiff did not open or consent to the opening of any of the Affirm

loans or the Scana utility accounts.

51.    Experian is also reporting a long litany of hard inquiries which were a result of identity theft.

52.    Trans Union is reporting the following accounts from the corresponding Furnisher Defendants to Plaintiff's credit report:

    a.  MRV Bank| Account No.: 426498XXX | Credit Card | Opened 11/22/2021 | Balance: $0

    b.  TBOM | Account No.: XXXX6854 | Installment | Opened: 1/8/2022 | Balance: $491

    c.  TBOM | Account No: 542784003360XXX | Credit Card | Opened: 5/6/2022 | Balance: $941

53.    Plaintiff applies for the accounts with MRB Bank and TBOM referenced in paragraph 52, but did not receive the relevant credit cards or did not activate them and did not make or authorize any transactions on those cards.

54.    Plaintiff had an installment account with McIntosh which is reporting inaccurately on his Trans Union credit report.

55.    Plaintiff paid off this McIntosh account in full, approximately five (5) years ago, but McIntosh and Trans Union are still inaccurately reporting an outstanding balance of $2,620.

56.    Notably the McIntosh account is reporting accurately with the other CRA Defendants or it was deleted entirely.

57.    Plaintiff had an installment loan account with Austin which was paid off and never late, but Austin and Trans Union are inaccurately reporting an outstanding balance of $4,945.

58.    In addition, Trans Union is reporting the following erroneous personal information to Plaintiff's consumer credit report:

a. Includes an erroneous AKA of Marvin M. Haire, Plaintiff's name is Marvin Earl Haire.

b. Includes an erroneous AKA of JamieNMarvin Haire, this is partially Plaintiff's ex-wife's name and not his name.

c. Erroneous address unrelated to Plaintiff: 504 Griffith Dr, Palmetto, GA, 30268-1017

59.     Trans Union is also reporting a long litany of hard inquiries which were a result of identity theft.

60.     Equifax is reporting the following accounts from the corresponding Furnisher Defendants to Plaintiff's credit report:

a. TBOM | Account No.: XXXX4516 | Credit Card | Opened 5/6/2022| Bal: $941

b. MRV Bank | Acct #: XXXXX1839 | Credit Card | Opened 11/22/21 | Balance: $0

c. TBOM | Account No.: XXXX6854 | Credit Card | Opened: 1/8/2022 Balance: $491

d. Style | Account No.: 16682 | Installment | Opened 2/2/2018 | Balance: $1007

e. Style | Account No.: 16281 | Installment | Opened 5/8/2017 | Balance: $687

f. Scana | Account No.: XXXX0982 | Utility | Opened: 2/18/2018 | Balance: $288

g. Scana | Account No.: XXXX1589 | Utility | Opened: 1/10/2017 | Balance: $111

61.     Plaintiff applied for the accounts with MRB Bank and TBOM in paragraph 60, but did not receive the relevant credit cards or did not activate them and did not make or authorize any transactions on those cards.

62.     Plaintiff did not open or consent to the opening of any of the Stye accounts or the Scana utility accounts.

63.     Plaintiff had an installment loan account with Austin which was paid off and never late, but Austin and Equifax are inaccurately reporting a 60-day late payment marking for May 2022.

64.     This 60-day late marking is inaccurate because the account was current.

65.     Notably, Equifax and Austin have April 2022 marked as current which creates a confounding error as the account allegedly became sixty days late in only thirty days.

66.     Equifax is also reporting the following erroneous addresses on Plaintiff's consumer credit report which Plaintiff disputes as not his:

   a.  Erroneous address unrelated to Plaintiff: 285 Franklin Farms Cir, Fayetteville, GA 30214

   b.  Erroneous PO Box address unrelated to Plaintiff: PO Box 271 Fairburn, GA 30216

67.     Equifax is also reporting a long litany of hard inquiries which were a result of identity theft.

68.     The accounts referenced in paragraphs 48, 52 and 60 are hereinafter collectively referred to as "*fraudulent accounts*".

69.     The personal items of information referenced in paragraphs 66 and 74 are hereinafter referred to collectively as "*false personal information.*"

70.     With the exception of the TBOM and MRB Bank credit cards, Plaintiff did not open the fraudulent accounts and did not provide anyone authority to open any of these accounts.

71.    Plaintiff did not authorize any activity on the fraudulent accounts and did not ever ratify any transactions or receive any benefit from them.

72.    Plaintiff filed a police report on September 8, 2022 (hereinafter referred to as "Police Report") with the Palmetto Police Department.

73.    On August 30, 2022, Plaintiff filed a FTC Identity Theft Report which specifically references the fraudulent accounts (Hereinafter referred to as "FTC Report").

74.    Due to the sheer number of fraudulent accounts and items, Plaintiff could not fit all the accounts and items on the FTC Report.

75.    Plaintiff or his agents were instructed by the FTC to manually amend the document to include all fraudulent accounts and items and manually send it to the FTC directly.

76.    On or around October 12, 2022, caused a signed and notarized FCRA dispute letter to be sent to CRA Defendants via certified mail (the *"FCRA dispute letter"*) which specifically informed Defendants that the fraudulent accounts and litany of fraudulent inquiries were a result of identity theft.

77.    The FCRA dispute letter also informed Defendants of the false personal information that do not belong to or are unrelated Plaintiff that require deletion.

78.    The FCRA dispute letter also informed Defendants that the McIntosh and Austin accounts were paid off and never late respectively.

79.    The FCRA dispute letter also enclosed the Police Report, FTC Report, Plaintiff's driver's license, social security card, and proof of address.

80.    Based upon United States Postal Service tracking information, CRA Defendants received the FCRA dispute letter.

81.    Upon information and belief, CRA Defendants forwarded a notice of dispute and all relevant information regarding the FCRA dispute letter to Furnisher Defendants, within five business days of receipt of same.

82.   Upon information and belief, Furnisher Defendant received the notice of dispute and all relevant information from CRA Defendants.

83.   Following the thirty (30) day FCRA investigatory period, the fraudulent inquiries, fraudulent inquiries, false personal information and inaccurate McIntosh and Austin accounts were not blocked, deleted or corrected.

84.   Upon information and belief, Defendants either failed to perform any investigation at all or performed an unreasonable investigation.

85.   Had Defendants performed a reasonable investigation, the fraudulent accounts and fraudulent inquiries would have been blocked or deleted entirely and the inaccurate McIntosh and Austin accounts would have been modified to reflect accurately.

86.   Alternatively, and, upon information and belief, CRA Defendants failed to provide Furnisher Defendant with the notice of dispute and all relevant information.

87.   Alternatively, and, upon information and belief, Furnisher Defendants provided CRA Defendants with the correct information and directives regarding the fraudulent accounts and CRA Defendants failed to properly process or furnish this data to Plaintiff's credit report.

88.   As such, CRA Defendants failed to practice reasonable procedures to assure maximum possible accuracy.

89.   As a result of Defendants' conduct in misreporting and failing to reasonably investigate the dispute and correct inaccuracies, Plaintiff has sustained actual damages including, but not limited to: a substantially decreased credit score; decreased credit worthiness and credit capacity; and wrongly inflated liabilities.

90.   On or around October 10, 2022, CCS began reporting an erroneous alleged collection debt for $54 from original creditor Allstate Property Casualty Company on Plaintiff's Equifax and Trans Union reports.

91.    The Plaintiff is not familiar with this alleged debt from CCS and believes that it is a result of identity theft.

92.    Upon information and belief, Equifax and Trans Union's failure to remove the false personal information contributed to the CCS account being able to be furnished on Plaintiff's credit report whereas it was not furnished to Experian.

93.    These fraudulent accounts, CCS' alleged debt, the inaccurate Austin and McIntosh accounts and the litany of fraudulent inquiries have been disseminated to third parties including prospective creditors.

94.    Plaintiff was denied for a mortgage, credit, and loans that he applied for as a result of the information Defendants are reporting on Plaintiff's credit reports.

95.    Plaintiff's inability to qualify for financing has negatively impacted his ability to run his business and has put his home in danger of being lost to foreclosure.

96.    Plaintiff is experiencing severe depression; emotional and mental pain, inability to sleep restfully, pervasive sadness as these fraudulent and inaccurate accounts an false personal information and the efforts to clear them take up an inordinate amount of his time and presents real roadblocks in his life and continue to persist despite his steps taken to resolve them.

97.    Defendants are also responsible for the cost in time and money associated with Plaintiff investing time requesting credit reports, consulting with professionals regarding resolving this inaccurate reporting and submitting dispute letters via certified mail.

## COUNT I
### CRA Defendants' Violations of the FCRA, 15 U.S.C. §1681e(b).

98.    Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

99.   CRA Defendants systemically violated 15 U.S.C. §1681e(b) by failing to adhere to, maintain and/or establish reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports and credit files it published and maintained concerning the Plaintiff they published.

100.   Upon receipt of Plaintiff's disputes, CRA Defendants were legally required to: (i) conduct a reasonable investigation or re-investigation into all the circumstances surrounding the dispute; and (ii) when and if appropriate, remove any inaccurate information following the performance of the reasonable investigation.

101.   At a minimum, CRAs are required to mark the status of the tradeline/account as disputed on the consumer's background reports but CRA Defendants failed to do so.

102.   CRA Defendants failed to comply with 15 U.S.C. § 1681c-2 exhibiting a failure to follow reasonable procedures to assure maximum possible accuracy despite receiving the requisite documentation from the Plaintiff.

103.   Upon information and belief, CRA Defendants' conduct in the instant matter is representative of their normal policies and procedures or lack thereof for maintaining accurate credit reporting.

104.   In violation of §§ 1681e(b) and 1681(i), CRA Defendants failed to follow reasonable procedures to assure maximum possible accuracy of the information attributable to Plaintiff, by reporting inaccurate information in Plaintiff's consumer background report.

105.   Plaintiff disputed the inaccurate information and CRA Defendants knowingly or intentionally failed to perform a reasonable investigation to remove the inaccurate information.

106.   Plaintiff disputed the inaccurate information and CRA Defendants recklessly failed to perform a reasonable investigation to remove the inaccurate information.

107.   Alternatively, Plaintiff disputed the inaccurate information and CRA Defendants negligently failed to perform a reasonable investigation to remove the inaccurate information.

108.   As a result of CRA Defendants' violations of 15 U.S.C. §1681, Plaintiff suffered actual damages which have been further described in the above statement of facts.

109.   In violation of § 1681o and § 1681n, CRA Defendants' conduct was a direct and proximate cause of Plaintiff's injury.

110.   CRA Defendants are liable to Plaintiff for their negligent and willful failures to follow reasonable policies and procedures.

111.   As a result of CRA Defendants' violations of 15 U.S.C. §§ 1681e(b) and 1681i, Plaintiff suffered statutory and actual damages as described herein and is entitled to recover actual damages and punitive damages, pursuant to 15 U.S.C. §§ 1681n and 1681o.

112.   For the foregoing reasons, CRA Defendants violated 15 U.S.C. § 1681e(b) and are liable to Plaintiff for actual damages, statutory damages, punitive damages, costs and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## <u>COUNT II</u>
### CRA Defendants' Violations of the FCRA, 15 U.S.C. §1681i *et seq.*

113.   Plaintiff repeats and realleges the Factual Allegations as if fully restated herein.

114.   CRA Defendants violated 15 U.S.C. § 1681i(a)(1) by failing to conduct reasonable reinvestigations to determine whether the disputed information was accurate and record the current status of the disputed information or delete the item from Plaintiff's credit report.

115.   CRA Defendants violated 15 U.S.C. § 1681i(a)(1) by relying upon only a cursory review of basic information and deferring entirely upon Furnisher Defendants and merely parroting information received from the furnisher.

116.   CRA Defendants violated 15 U.S.C. § 1681i(a)(2)(A) by failing to provide Furnisher Defendants all of the relevant information regarding Plaintiff and his dispute.

117.   CRA Defendants violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff regarding the dispute.

118.   CRA Defendants violated 15 U.S.C. § 1681i(a)(5)(A) by failing to promptly delete the disputed inaccurate information from Plaintiff's credit file or correct the inaccurate information upon reinvestigation.

119.   CRA Defendants never: (i) contacted Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's dispute; (ii) contacted any third parties that would have relevant information concerning Plaintiff's dispute; (iii) forwarded any relevant information concerning Plaintiff's dispute to Furnisher Defendants; or (iv) requested or obtained any credit applications, or other relevant documents from Furnisher Defendants. As such there is no evidence of a reasonable investigation being conducted.

120.   As a result of CRA Defendants' violations of 15 U.S.C. §1681, Plaintiff suffered actual damages which have been further described above in the statement of facts.

121.   CRA Defendants' violations were willful because they had knowledge of the issue after receiving a detailed dispute letter and/or reckless disregard for the information provided in that dispute, rendering CRA Defendant individually liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

122.   In the alternative, CRA Defendants were negligent, which entitles the Plaintiff to recovery under 15 U.S.C. § 1681o.

123.   For the foregoing reasons, CRA Defendants violated 15 U.S.C. § 1681i and are liable to Plaintiff for actual damages, statutory damages, punitive damages, costs and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## COUNT III
### Furnisher Defendants' Violations of the FCRA, 15 U.S.C. §1681s-2(b)

124.   Plaintiff repeats and realleges the Factual Allegations as if fully restated herein.

125.   At all times pertinent hereto, a Furnisher Defendant is a "person" as that term is defined by 15 U.S.C. § 168la(b) and a "furnisher of information" to the credit reporting agencies.

126.   Furnisher Defendants have a duty to provide accurate information to consumer reporting agencies, and to correct inaccurate information after receiving notice of a credit dispute directly from a consumer. *See* 15 U.S.C. § 1681s-2(a).

127.   Furnisher Defendants have an obligation under 15 U.S.C. § 1681s-2(b) to investigate a dispute after receiving notice of the disputed item from a consumer reporting agency.

128.   FCRA requires furnishers, after receiving notice from a credit reporting agency that a consumer disputes information that is being reported by that furnisher– to conduct an investigation with respect to the disputed information, to review all relevant information, to report the results of the investigation to the credit reporting agency, and, if the investigation reveals that the information is incomplete or inaccurate, to report those results to all other credit reporting agencies to which the furnisher has provided the inaccurate information.

129.   On each occasion referenced in the above statement of facts where a dispute was sent to CRA Defendants, upon information and belief, CRA Defendants provided Furnisher Defendants the notice of dispute and all relevant information regarding the disputes.

130.   Upon information and belief, on each occasion referenced in the above statement of facts where a dispute was sent to CRA Defendants, Furnisher Defendants received the notice of dispute and all relevant information regarding the disputes.

131.   Upon information and belief, Furnisher Defendants violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to fully, reasonably and in good faith investigate Plaintiff's disputes.

132.   Furnisher Defendants failed to correct or remove the inaccurate information from the account and credit report and report those results to all other credit reporting agencies to which the furnisher has provided the inaccurate information.

133.   Upon information and belief, Furnisher Defendants' conduct in the instant matter is representative of their normal policies and procedures in responding to disputes by providing only a cursory review of basic information and failing to investigate any further or failing to investigate and remediate any errors entirely.

134.   Furnisher Defendants violated § 1681s-2(b) by willfully failing to fully, properly and reasonably conduct an investigation of the inaccurate information that Plaintiff disputed.

135.   Furnisher Defendants violated § 1681s-2(b) by willfully failing to review all relevant information concerning Plaintiff's account as provided.

136.   Furnisher Defendants violated § 1681s-2(b) by willfully failing to report the results of its investigation of the inaccurate information to all credit reporting agencies.

137.   Furnisher Defendants violated § 1681s-2(b) by willfully failing to modify or delete incomplete or inaccurate information or information it cannot verify in Plaintiff's file after conducting an investigation.

138.   Furnisher Defendants violated § 1681s-2(b) by willfully failing to permanently block the reporting of the inaccurate information disputed by Plaintiff and continuing to report and furnish inaccurate or incomplete information in Plaintiff's file to credit reporting agencies.

139.   Furnisher Defendants violated § 1681s-2(b) by willfully failing to comply with all requirements imposed on "furnishers of information" by 15 U.S.C. § 1681s-2(b).

140.   Furnisher Defendants' conduct was willful in that they knew of the identity theft after receiving the dispute letter and identity theft report from the consumer reporting agencies and continued to report the debt anyway**.**

141.   Alternatively, Furnisher Defendants exhibited a reckless disregard and unjustifiably high risk to the Plaintiff when it failed to conduct a reasonable investigation despite receipt of information that the debt was a result of identity theft.

142.   Furnisher Defendants violated § 1681s-2(b) by negligently failing to review all relevant information concerning Plaintiff's account as provided.

143.   Furnisher Defendants violated § 1681s-2(b) by negligently failing to report the results of their investigation of the inaccurate information to all credit reporting agencies.

144.   Furnisher Defendants violated § 1681s-2(b) by negligently failing to modify or delete incomplete or inaccurate information or information they cannot verify in Plaintiff's file after conducting an investigation

145.   Furnisher Defendants violated § 1681s-2(b) by negligently failing to permanently block the reporting of the inaccurate information disputed by Plaintiff

and continuing to report and furnish inaccurate or incomplete information in Plaintiff's file to credit reporting agencies

146.   Furnisher Defendants violated § 1681s-2(b) by negligently failing to comply with all requirements imposed on "furnishers of information" by 15 U.S.C. § 1681s-2(b).

147.   Further, Plaintiff suffered actual damages, further described in the above in statement of facts.

148.   Furnisher Defendants are liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

149.   Alternatively, Furnisher Defendants' conduct was negligent, failing to exercise reasonable care when it failed to conduct a reasonable investigation, thereby entitling Plaintiff to recover under 15 U.S.C. § 1681o.

150.   For the foregoing reasons, Furnisher Defendants violated 15 U.S.C. § 1681s-2(b) and are liable to Plaintiff for actual damages, statutory damages, punitive damages, costs and attorney's fees in an amount to be determined by the Court pursuant to § 1681n and § 1681o.

## **COUNT V**
### **CRA Defendants' Violations of the FCRA, 15 U.S.C. §1681c-2**

151.   Plaintiff repeats and realleges the Factual Allegations as if fully restated herein.

152.   Pursuant to 15 U.S.C. § 1681c-2(a), a CRA must block the reporting of any information in a consumer's file that is alleged to be a result of identity theft, not later than four (4) business days after receive of notice of the identity theft.

153.   This notice to the CRA must include an identity theft report; appropriate personal identification and a statement that the information is not related to any transaction by the consumer.

154.   Here, in compliance with 15 U.S.C. § 1681c-2(a)(1) through 1681c-2(a)(4), Plaintiff sent a dispute detailed in the above statement of facts which included the appropriate proof, identification and report to a law enforcement agency stated that these accounts or these transactions were a result of identity theft.

155.   CRA Defendants violated 15 U.S.C. § 1681c-2(b)(1) by failing to promptly notify Furnisher Defendants that the information was a result of identity theft.

156.   CRA Defendants violated 15 U.S.C. § 1681c-2(b)(2) by failing to promptly notify Furnisher Defendants that an identity theft report has been filed.

157.   CRA Defendants violated 15 U.S.C. § 1681c-2(b)(3) by failing to promptly notify Furnisher Defendants that a block had been requested.

158.   CRA Defendants violated 15 U.S.C. § 1681c-2(a) by failing to block information resulting from identity theft.

159.   CRA Defendants violated 15 U.S.C. § 1681c-2(c)(2) by failing to notify the consumer that they would decline to block the disputed fraudulent accounts or had rescinded the blocking of these accounts.

160.   As a result of CRA Defendants' violations of 15 U.S.C. §1681c-2, Plaintiff suffered actual damages which have been further described in the statement of facts.

161.   CRA Defendants' violations were willful in their knowing and/or reckless disregard, rendering each Defendant individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

162.   Alternatively, CRA Defendants violations were a result of negligence, and Plaintiff is entitled to recovery under 15 U.S.C. § 1681o.

163.   For the foregoing reasons, CRA Defendants violated 15 U.S.C. § 1681c-2 and are liable to Plaintiff for actual damages, statutory damages, punitive

damages, costs and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## COUNT VI
### Violations of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10)

164.  Plaintiff repeats and realleges paragraphs 90 and 91 of the Factual Allegations as if fully restated herein.

165.  15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

166.  An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

167.  An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a deceptive representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

168.  An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a misleading representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

169.  15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

170.  An allegation by a debt collector that a consumer owes a debt, when the debt is not

owed at all by the consumer, is a false representation of the character of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

171.  An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a deceptive representation of the amount of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

172.   An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a misleading representation of the legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

173.   15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

174.   An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false representation made in an attempt to collect the debt in violation of 15 U.S.C. § 1692e(10).

175.   An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a deceptive means used in an attempt to collect the debt, in violation of 15 U.S.C. § 1692e(10).

176.   A debt collector reporting an alleged debt to a consumer's credit report is a communication and an attempt to collect a debt.

177.   On or around October 10, 2022, CCS began reporting a debt originated with Allstate Property Casualty Company on Plaintiff's consumer credit reports with Equifax and Trans Union.

178.   The alleged debt is fraudulent due to identity theft and constitutes a debt that Plaintiff does not owe.

179.   CCS's communication to the CRA Defendants at issue was a false representation made by CCS in connection with their collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

180.   CCS's allegation that Plaintiff owes this debt was a deceptive representation made by CCS in connection with their collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

181.   CCS's allegation that Plaintiff owes this debt was a misleading representation made by CCS in connection with their collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

182.   CCS's allegation that Plaintiff owes this debt was a false representation of the character of the alleged debt made by CCS in connection with their collection of the alleged Debt, in violation of 15 U.S.C. § 1692e(A).

183.   CCS's allegation that Plaintiff owes this debt was a false representation made by CCS in an attempt to collect the alleged Debt, in violation of 15 U.S.C. § 1692e(10).

184.   CCS's allegation that Plaintiff owes this debt was a deceptive means used by CCS in connection with their attempt to collect the alleged Debt, in violation of 15 U.S.C. § 1692e(10).

185.   For the foregoing reasons, CCS violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) and is liable to Plaintiff therefor.

186.   Plaintiff was damaged as a direct result of CCS's conduct as described in the above statement of facts.

## JURY DEMAND

187.   Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests the Court enter judgment against Defendants, as follows:

a   Adjudging that Defendants actions violated the FCRA and the FDCPA ; and

b   An order enjoining Defendants from persisting in violative behaviors and requiring Defendants to correct or delete the accounts at issue in Plaintiff's credit report;

c   Granting Plaintiff actual damages against Defendants pursuant to 15 U.S.C. §§ 1681n(a)(1)(A) and 1681o(a);

d   Granting Plaintiff statutory damages against Defendants pursuant to 15 U.S.C. § 1681n(a)(1)(A);

e   Granting Plaintiff punitive damages against Defendants pursuant to 15 U.S.C. § 1681n(a)(2);

f   Granting Plaintiff costs and reasonable attorney's fees against the Defendants pursuant to 15 U.S.C. §§ 1681n(c) and 1681o(b);

g   Granting Plaintiff actual damages against Defendants pursuant to 15 U.S.C. § 1692k;

h   Granting Plaintiff attorneys' fees against Defendants pursuant to 15 U.S.C. § 1692k;

i   Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

j   Such other and further relief as the Court determines is just and proper.

DATED: January 24, 2023

/s/ Mark A. Carey
Mark A. Carey, Esq.,
GA Bar No. 109360
Law Offices of Mark A. Carey, P.C.
131 North Park Avenue
Buffalo, NY 14216
716-853-9243
markcareylaw@ymail.com

PLAINTIFF'S COMPLAINT