**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

CABINETWORKS GROUP, INC.,

        Plaintiff,

vs.

FLOOREXPO, INC.,

        Defendant.

Case No.
Hon.
Hon. Mag.

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff Cabinetworks Group, Inc., formerly known as ACProducts, Inc. ("CWG"), through its attorneys, Clark Hill PLC, brings this Complaint for Declaratory Relief against Defendant FloorExpo, Inc. ("FEI"), pursuant to 28 U.S.C. §§ 2201 and 1332, as there is an actual controversy existing between the parties, within this Court's jurisdiction. For its Complaint against FEI, CWG states as follows:

### Nature of the Parties' Controversy

1. CWG is a kitchen and bath cabinet manufacturer that is headquartered in Ann Arbor, Michigan.

2. CWG manufactures cabinets in 20 facilities across the U.S. and markets those cabinets under 16 separate brands.

1

3. FEI is a Georgia corporation that is based in Marietta, Georgia, and that holds itself out as a "membership organization," purportedly serving various needs of business owners in the flooring, cabinetry, countertop, decorative plumbing and hardware, and roofing industries.

4. On or about September 25, 2019, CWG and FEI entered into a Strategic Relationship Agreement ("SRA"), pursuant to which CWG agreed to provide monthly reports to FEI of sales made by CWG to FEI members and to pay rebates and growth incentives to FEI, based upon those sales for distribution by FEI to its members.

5. The initial term of the SRA was for three years, from September 1, 2019, through August 31, 2022.  The SRA provided that it would automatically renew for successive two-year terms, unless terminated by either party at least 180 days prior to the end of the then-current term.

6. Explaining to FEI that because sales to FEI members had not reached the volume expected by the parties when entering into the SRA, on January 18, 2022 (more than 180 days prior to August 31, 2022), a CWG sales leader met with FEI in person for the sole reason of notifying FEI that it had elected to allow the SRA to expire without renewal on August 31, 2022.  In that conversation, the parties discussed

the possibility that CWG would consider entering into a new agreement with a structure that would better incentivize FEI members to grow CWG product sales.

7. Since January 18, 2022, and through November 15, 2022, FEI has repeatedly acknowledged in written communications, as well as further discussions, that the SRA would expire on August 31, 2022, and further engaged in negotiations related to a potential new agreement between the parties, sharing copies of draft agreements and proposals.

8. Ultimately the negotiations failed to yield a new agreement.

9. Then, in a letter from its counsel dated November 15, 2022, FEI disingenuously asserted, for the first time and in contravention of its previous representations, that the SRA did not expire, but automatically renewed for a consecutive two-year term, effective September 1, 2022. FEI further demanded that CWG report its sales to FEI members for the month of September 2022 and pay rebates in connection with those sales.

10. FEI's position that the SRA did not expire, but automatically renewed for a consecutive two-year term, is unwarranted in fact and law, and is frivolous.

11. Counsel for FEI further threatened to take legal action against CWG, stating, "FEI intends to assert its available remedies including, but not limited to, contractual damages of not less than 2x the rebates for the preceding contract year, which amounts to $2,319,340."

12. CWG maintains that the SRA expired, effective August 31, 2022, and that CWG has no remaining obligation to FEI.

## Jurisdiction and Venue

13. CWG is a Delaware corporation, with its main office in Ann Arbor, Michigan. Therefore, for purposes of diversity jurisdiction, CWG is a citizen of Delaware and Michigan.

14. FEI is a Georgia corporation, with its main office in Marietta, Georgia. Therefore, for purposes of diversity jurisdiction, FEI is a citizen of Georgia.

15. As noted above and explained more below, the instant controversy between the parties relates to the expiration and non-renewal of the SRA.

16. Specifically, and as it relates to this Court's jurisdiction, FEI asserts that the SRA automatically renewed, effective September 1, 2022, when, in fact, the SRA did not. As a result, FEI asserts that CWG is obligated to report its sales to FEI members and pay FEI rebates for the

period of September 2022 (and presumably through August 31, 2024), and has demanded payments of said rebates.

17. In its demand letter dated November 15, 2022, FEI asserts that it is entitled to "contractual damages" of $2,319,340.00, and threatened legal action against CWG.

18. CWG therefore seeks a declaration that: (1) the SRA did not automatically renew, but terminated at the expiration of its initial term on August 31, 2022; and (2) CWG owes no remaining obligation to FEI.

19. Jurisdiction in this Court therefore is appropriate pursuant to 28 U.S.C. § 1332, because the amount in controversy is in excess of $75,000 and there is complete diversity of citizenship among the parties.

20. Venue is appropriate in this judicial district pursuant to 28 U.S.C. § 1391(b)(1), because FEI's main office is located in Marietta, Georgia, which is within the boundaries of this judicial district, and FEI is subject to this court's exercise of personal jurisdiction.

### Factual Allegations

*Overview of Relevant Contract Terms*

21. On or about September 25, 2019, CWG entered into the SRA with FEI.[1]

---

[1] FEI is in possession of a copy of the SRA.

5

22. Pursuant to the terms of the SRA, CWG agreed to report to FEI CWG's sales to FEI members and make certain rebates and growth incentives available to certain third-parties, believed to be FEI members. Specifically, CWG agreed to pay the subject rebates and growth incentives to FEI, for distribution by FEI to its members.

23. The initial term of the SRA was for three years, from September 1, 2019, through August 31, 2022. The SRA provided that it would automatically renew for successive two-year terms, unless written notice of termination is provided by either party at least 180 days prior to the end of the then-current term.

*CWG Notifies FEI that the SRA Will Expire August 31, 2022*

24. By early 2022, it had become clear to CWG that the SRA was not properly structured to meet CWG's sales growth expectations, and CWG therefore provided FEI notice that CWG would not renew the SRA beyond the initial term ending on August 31, 2022.

25. Specifically, on January 18, 2022, more than 180 days before the expiration of the initial term of the SRA, CWG's National Strategic Sales Manager, Gordon Sutton, met in person with FEI's Vice President, Brian Penabad, and explained that FEI had not met CWG's sales growth expectations and that CWG believed the SRA was not

properly structured to achieve those expectations. Sutton further explained to Penabad that if CWG and FEI were to continue to do business, it would need to be under the terms of a new and restructured agreement. Sutton further notified FEI, through Penabad, that CWG was not renewing the SRA beyond August 31, 2022, and that the SRA would expire on that date.

26. Thereafter, CWG and FEI proceeded to negotiate the terms of a potential "new contract." Sutton and Penabad expressly referenced this "new contract" in emails, among others, dated January 31, 2022, and March 2, 2022.

27. And, on March 11, 2022, Penabad, on behalf of FEI, emailed Sutton a draft of FEI's proposed new contract terms, thereby evidencing FEI's understanding and acknowledgment that the SRA would cease to be effective as of August 31, 2022.

28. Sutton, on behalf of CWG, emailed CWG's counter-proposal to Penabad on March 15, 2022.

29. Then, in an email addressed to FEI's President, Graham Howerton, and dated March 23, 2022, Sutton, on behalf of CWG, reiterated to FEI its previously-conveyed decision to not renew the SRA past the expiration of its initial term as follows:

7

> I told Brian back in January that we would not be renewing the existing contact for two more years.
>
> I just want to make sure that we are all aligned and this email should show in writing that CWG will not be renewing the terms set forth on the existing contract upon expiration date August 31, 2022.

30. CWG again reiterated in writing its previously-conveyed decision to not renew the SRA on May 11, 2022.

31. On July 20, 2022, in an email from FEI's President, Howerton, to Sutton, FEI acknowledged in writing that the SRA would not automatically renew for a successive term, but would cease to be effective as of August 31, 2022:

> Thank you again for your time and commitment to fostering a new environment between our companies. Whether we move forward together in the short term or not it will be very important to build a relationship that won't prevent us from coming together again down the road when the opportunity might present itself. We will discuss all this next week at the board meeting as well.

32. Accordingly, pursuant to CWG's previously-conveyed notice, the SRA terminated on August 31, 2022, following the expiration of its initial three-year term, and as acknowledged by FEI on numerous instances, including without limitation those instances described above.

33. To the extent the SRA reflects that written notice of termination be given at least 180 days prior to the end of the then-current term, FEI,

through its express statements, actions, and course of conduct, as described above and as will be further established through discovery, waived the requirement of a writing 180 days in advance, otherwise agreed to modify this term of the parties' existing agreement, and/or should be estopped from arguing that CWG failed to meet the requirements of the SRA .

### *FEI's Improper Demand*

34. As explained above, through its express statements, its actions, and its course of conduct, FEI repeatedly exhibited its understanding and acknowledgment that CWG had provided notice that the SRA would not automatically renew beyond the expiration of its initial term on August 31, 2022.

35. These actions and course of conduct include FEI's active participation in negotiations related to a potential new agreement between the parties, written communications, and never objecting to or opposing CWG's notice that the SRA would expire on August 31, 2022.  But since these negotiations failed to yield such a new agreement, FEI has disingenuously taken the position that the SRA automatically renewed, which position has no basis in fact or law, and is frivolous.

36. On or about November 15, 2022, CWG received a demand letter from counsel for FEI, demanding that CWG report its sales to FEI members and pay rebates for the month of September 2022. In its letter, counsel for FEI based this demand on FEI's assertion, which is without basis, that the SRA automatically renewed, effective September 1, 2022.

37. Specifically, counsel for FEI asserts in the demand letter that FEI is entitled to $2,319,340.00 from CWG. Counsel for FEI further asserts in the demand letter that if CWG does not meet its demands, "FEI intends to assert its available remedies including, but not limited to, contractual damages …."

38. CWG maintains that the SRA expired, effective August 31, 2022, and that CWG has no remaining obligation to FEI.

**Count for Declaration that the SRA Did Not Automatically Renew and CWG Owes No Obligation to FEI**

39. CWG incorporates by reference the preceding allegations.

40. There is an actual controversy between the parties, in that the SRA terminated, effective August 31, 2022, and did not renew beyond the expiration of its initial three-year term; yet, FEI has demanded reporting of sales and payment of rebates for the month of September 2022, based on its assertion that the SRA did not expire but automatically renewed for a consecutive, two-year term.

41. FEI has threatened CWG with litigation and that it intends to seek damages of "2,319,340.00."

42. CWG therefore seeks a declaration from this Court that: (1) the SRA did not automatically renew beyond the expiration of its initial three-year term, but expired, effective August 31, 2022; and (2) CWG owes no continuing obligation to FEI.

43. This Court has authority to enter the declaration sought by CWG pursuant to 28 U.S.C. § 2201.

## Prayer for Relief

**WHEREFORE**, CWG respectfully requests that this Court:

A. Declare that the SRA did not automatically renew beyond the expiration of its initial three-year term, but expired, effective August 31, 2022;

B. Declare that CWG owes no obligation to FEI; and

C. Grant CWG all other relief to which it is entitled, including its actual attorney fees and costs.

       Respectfully submitted,

       **CLARK HILL, PLC**

       */s/ Ashley A. MacNamara*
       Ashley A. MacNamara
       GA Bar No. 816910
       901 Main Street, Suite 6000
       Dallas, TX  75202
       (214) 651-2079
       (214) 651-4330 (fax)
       amacnamara@clarkhill.com
       *Counsel for Plaintiff Cabinetworks Group, Inc.*

Date: January 24, 2023