IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CRUM & FOSTER SPECIALTY INSURANCE COMPANY, <br><br> *Plaintiff* <br><br> v. <br><br> LONGINO & ASSOCIATES, INC., FREEDOM LOFTS CONDOMINIUM ASSOCIATION, INC., BEACON MANAGEMENT SERVICES, LLC, AND ESTATE OF DILLARD JONES <br><br> *Defendants* | CIVIL ACTION NO.: |

## COMPLAINT FOR DECLARATORY RELIEF

COMES NOW Plaintiff, CRUM & FORSTER SPECIALTY INSURANCE COMPANY ("Crum & Forster"), and files this Complaint for Declaratory Relief under Fed. R. Civ. P. 57 and O.C.G.A. § 9-4-1 against Defendants Longino & Associates, Inc., Freedom Lofts Condominium Association, Inc., Beacon Management Services, LLC, and Estate of Dillard Jones in seeking a declaration that there is no coverage, and no duty to defend or indemnify, under its policy, showing the Court as follows:

## I. PARTIES

1.

Crum & Forster is a corporation duly incorporated under the laws of the State of Delaware with its main administrative office in the State of New Jersey. Crum & Forster issued and delivered a policy of insurance in the State of Georgia pursuant to the Georgia Insurance Code.

2.

Crum & Forster issued a Commercial General Liability Policy to Paul Fiorentino bearing policy number BAK-64356-1 with policy effective dates of June 8, 2020, to June 8, 2021 ("the Policy"). Effective June 8, 2020, the Policy was amended to name Longino and Associates, Inc. as the named insured. A copy of the Policy is attached as **Exhibit "A."**

3.

Defendant, Longino & Associates, Inc. ("Longino"), is a Georgia domestic profit corporation with its principal place of business located a 3605 Sandy Plains Road, Suite 240-256, Marietta, Georgia 30066. Longino may be served with process via its registered agent, Paul Fiorentino, at 450 Shallowford Road NE, Kennesaw, Georgia 30144.

4.

Defendant, Freedom Lofts Condominium Association, Inc. ("FLCA"), is a domestic nonprofit corporation with its principal place of business located at 6285

Barfield Road, Suite 150, Atlanta, GA, 30328, USA. Defendant FLCA may be served with process via its registered agent, Beacon Management Services, LLC, at 6285 Barfield Road, Suite 150, Atlanta, GA, 30328, USA.

5.

Defendant, Beacon Management Services, LLC ("BMS"), is a Georgia for-profit limited liability company with its principal place of business located at 6285 Barfield Road, Suite 150, Atlanta, GA, 30328, USA. Defendant BMS may be served with process via its registered agent, Steven Lynn Weibel, at 8535 Sentinae Chase Drive, Roswell, GA, 30076-4465, USA.

6.

The Estate of Dillard Jones (the "Estate") is an estate opened in the State of Georgia.

<strong>II. JURISDICTION AND VENUE</strong>

7.

This Court has jurisdiction over the issues in this lawsuit under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and Rule 57 of the Federal Rules of Civil Procedure, as the Estate has asserted a demand for damages against Longino and its insurers arising from an incident, more fully described below, and as Longino seeks a defense, indemnity, and insurance coverage from Crum & Forster as to the Estate's claims.

8.

This Court has diversity jurisdiction over the parties and this matter, as complete diversity exists between Crum & Forster and the Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

9.

Pursuant to 28 U.S.C. § 1391, venue is proper in this District because the incident at issue, and a substantial part of the events or omissions giving rise to the claims and alleged damages, occurred within this District.

### III. STATEMENT OF FACTS

10.

The Estate filed a Complaint for Damages in the Superior Court of Fulton County, case No.: 2022 CV 368605 (attached as **Exhibit "B"**), against Defendant Longino, Freedom Lofts, and Beacon Management.

11.

In the Complaint, the Estate alleges from 2002 until his death on August 8, 2020, Dillard Jones, deceased, was the owner of property located at 821 Ralph McGill Boulevard, Unit 3101, Fulton County, City of Atlanta, Georgia 30306, within the Freedom Heights Downtown Atlanta Condos (the "Condominium"). The Condominium is operated by Freedom Lofts.

12.

The Estate alleges that in 2015 and 2016 a new roof was required for all the buildings at the Condominium.

13.

The Estate alleges that BMS, the manager of the Condominium, engaged Longino to perform the roof replacement, and that Longino inspected the roof of all the buildings included in the Condominium, determined the roofs needed to be replaced, and designed and installed the replacement roofs.

14.

The Estate contends that after the roof replacements, Dillard Jones gave notice to Freedom Lofts and BMS about water leaking into his unit on multiple occasions.

15.

The Estate further alleges that upon inspection of the roof, it was shown that defects were present, which allowed water intrusion and excess moisture into Dillard Jones' unit. In July 2020, Dillard Jones engaged Air Allergen and Mold Testing, LLC to test his unit for mold and other allergens, and increased mold growth and colonization of other water-related bacterium was purportedly detected in his unit.

16.

The Estate contends that none of the defendants in the underlying lawsuit repaired the roof conditions that purportedly caused dampness and water intrusion.

17.

The Estate further alleges that Dillard Jones began experiencing difficulties breathing and other health-related symptoms after the roof repairs. Mr. Jones sought medical treatment for his symptoms but ultimately died on August 8, 2020, from, among other causes, septic shock and fungal pneumonia.

18.

The Estate contends water intrusion from the allegedly faulty roof caused mold growth throughout Mr. Jones' unit which caused his symptoms and eventual death.

19.

The Estate asserted negligence, private nuisance, continuing nuisance, breach of restrictive covenant/fiduciary duty, breach of contract and implied warranty of habitability, wrongful death, and gross negligence, malice, and wanton disregard against the defendants in the underlying lawsuit, including Longino.

20.

The first notice of loss received by Crum & Forster included the Estate's Complaint.

21.

Longino advised Crum & Forster that it performed foundation work at the subject property in 2017, and that it did not perform any roofing work at the Condominium.

22.

Crum & Forster issued a Reservation of Rights letter to Longino on September 9, 2022, asserting that the Policy may not provide coverage to Longino for the claims and/or damages asserted by the Estate in the underlying lawsuit pursuant to certain nonexclusive terms, provisions, conditions, exclusions or endorsements. A copy of the September 9, 2022 Reservation of Rights letter is attached as **Exhibit "C."**

## IV.    INSURANCE POLICY NO. BAK-64356-1

### A.    Occurrence, Bodily Injury, and Property Damage

23.

Among other terms, conditions, provisions, and exclusions, the Policy provides the following, in relevant part:

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

\* \* \*

**SECTION I—COVERAGES**
**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE**
**LIABILITY**

**1.    Insuring Agreement**

**a.**   We will pay those sums the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.  But:

   **(1)**   The amount we will pay for damages is limited as described in Section **III**—Limits Of Insurance; and

   **(2)**   Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.

   No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments—Coverages **A** and **B**.

**b.**   This insurance applies to "bodily injury" and "property damage" only if:

   **(1)**   The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

   **(2)**   The "bodily injury" or "property damage" occurs during the policy period; and

   **(3)**   Prior to the policy period, no insured listed under Paragraph **1.** of Section **II**—Who is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

\* \* \*

## I.    OCCURRENCE, BODILY INJURY, AND PROPERTY DAMAGE

### SECTION V—DEFINITIONS

\* \* \*

**3.** "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

\* \* \*

**13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

\* \* \*

**17.** "Property damage" means:

> **a.** Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

> **b.** Loss of use of tangible property that is not physically injured. All such loss shall be deemed to occur at the time of the "occurrence" that caused it.

\* \* \*

24.

The claims, injuries, and damages asserted by the Estate did not occur within the policy period and are therefore not covered under the Policy.

**B.      Property Damage and Contractual Exclusions**

25.

Coverage for the claims asserted by the estate is limited or excluded by various exclusions in the Policy, including the following, along with the definitions below:

**2. Exclusions**

This insurance does not apply to:

**b. Contractual Liability**

"Bodily injury" or "property damage" for which the insured is obligated to pay for damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

**(1)** That the insured would have in the absence of the contract or agreement; or

**(2)** Assumed in a contract or agreement that is an "insured contract," provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract," reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage," provided:

> **(a)** Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and

> **(b)** Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

* * *

**j. Damage To Property**

"Property damage" to:

**(5)** That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

**(6)** That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

Paragraphs **(3), (4), (5)** and **(6)** of this exclusion do not apply to liability assumed under a sidetrack agreement.

Paragraph **(6)** of this exclusion does not apply to "property damage" included in the "products-completed operations hazard."

* * *

**k. Damage To Your Product**

"Property damage" to "your product" arising out of it or any part of it.

**l. Damage To Your Work**

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard."

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

**m. Damage To Impaired Property Or Property Not Physically Injured**

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

**(1)** A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

**(2)** A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

\* \* \*

## SECTION V—DEFINITIONS:

**8.** "Impaired property" means tangible property, other than "your product" or "your work", that cannot be used or is less useful because:

> **a.** It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or
>
> **b.** You have failed to fulfill the terms of a contract or agreement;
>
> if such property can be restored to use by the repair, replacement, adjustment or removal of "your product" or "your work" or your fulfilling the terms of the contract or agreement.

\* \* \*

**16.** "Products-completed operations hazard":

> **a.** Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:
>
> **(1)** Products that are still in your physical possession; or
>
> **(2)** Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:
>
> > **(a)** When all of the work called for in your contract has been completed.

**(b)** When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

**(c)** When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

**b.** Does not include "bodily injury" or "property damage" arising out of:

**(1)** The transportation of property, unless the injury or damage arises out of a condition in or on a vehicle not owned or operated by you, and that condition was created by the "loading or unloading" of that vehicle by any insured;

**(2)** The existence of tools, uninstalled equipment or abandoned or unused materials; or

**(3)** Products or operations for which the classification, listed in the Declarations or in a policy schedule, states that products completed operations are subject to the General Aggregate Limit.

**17.** "Property damage" means:

**a.** Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

**b.** Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

* * *

**21.** "Your product":

**a.** Means:

**(1)** Any goods or products, other than real property, manufactured, sold, handles, distributed or disposed of by:

    **(a)** You;

    **(b)** Others trading under your name; or

    **(c)** A person or organization whose business or assets you have acquired; and

**(2)** Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

**b.** Includes:

    **(1)** Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work", and

    **(2)** The providing of or failure to provide warnings or instructions.

* * *

**22.** "Your work":

**a.** Means:

    **(1)** Work or operations performed by you or on your behalf; and

    **(2)** Materials, parts or equipment furnished in connection with such work or operations.

**b.** Includes:

    **(1)** Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work", and

    **(2)** The providing of or failure to provide warnings or instructions.

* * *

26.

The Estate's claims, injuries, or damages asserted in the underlying lawsuit fall within the above property damage, contractual, work, and/or product exclusions. Therefore, there is no coverage for the estate's claims under the Policy.

**C.     Fungi or Bacteria Exclusion**

27.

Coverage under the Policy for the claims asserted by the Estate is excluded or limited by the Fungi or Bacteria Exclusion, which provides:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**
**FUNGI OR BACTERIA EXCLUSION**

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**A.** The following exclusion is added to Paragraph 2., **Exclusions of Section I – Coverage A – Bodily Injury and Property Damage Liability**:

**2. Exclusions**

This insurance does not apply to:

**Fungi or Bacteria**

**a.** "Bodily injury" or "property damage" which would not have occurred, in whole or in part, but for the actual, alleged or threatened inhalation of, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of, any "fungi" or bacteria on or within a building or structure, including its contents, regardless of whether any other cause, event, material

or product contributed concurrently or in any sequence to such injury or damage.

**b.** Any loss, cost or expenses arising out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in any way responding to, or assessing the effects of, "fungi" or bacteria, by any insured or by any other person or entity.

This exclusion does not apply to any "fungi" or bacterial that are, are on, or are contained in, a good or product intended to consumption.

28.

The claims, injuries, and damages asserted by the Estate against the defendants in the underlying lawsuit, including Longino, fall within the above Fungi or Bacteria Exclusion, and there is no coverage under the Policy for the Estate's claims.

**D.  Limitation of Coverage to Business Description**

29.

The Limitation of Coverage to Business Description endorsement limit or excludes coverage for the claims asserted by the Estate and provides as follows:

<strong>LIMITATION OF COVERAGE<br>TO<br>BUSINESS DESCRIPTION</strong>

This endorsement modifies insurance provided under the following:

**COMMERCIAL  GENERAL  LIABILITY  COVERAGE  PART SCHEDULE**

BUSINESS DESCRIPTION: **Landscaping/Waterproofing**

**A. SECTION I – COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 1. Insuring Agreement, b.** is amended and the following added:

> (4) The "bodily injury" or "property damage" is caused by or results from the business described in the Schedule.

**B. SECTION I – COVERAGES, COVERAGE B PERSONAL AND ADVERSTISING INJURY**

**LIABILITY, 1. Insuring Agreement, b**. is amended and the following added:

> This insurance applies to "personal and advertising injury" caused by an offense in the course of the business described in the schedule.

**ALL OTHER TERMS AND CONDITIONS OF THE POLICY REMAIN UNCHANGED.**

30.

The estate's claims, injuries, and damages were allegedly caused by or resulted from business or work performed by Longino that was outside of the business description in the Policy, and therefore, there is no coverage for the estate's claims under the Policy.

### E.    Continuous or Progressive Exclusion

31.

The following Continuous or Progressive Injury and Damage Exclusion limits or excludes coverage for the claims asserted by the Estate:

**EXCLUSION—CONTINUOUS OR PROGRESSIVE INJURY AND DAMAGE**

This endorsement modifies insurance provided under the following:

**COMMERCIAL GENERAL LIABILTY COVERAGE PART
PRODUCTS/COMPLETED OPERATIONS COVERAGE PART
OWNERS AND CONTRACTORS PROTECTIVE COVERAGE PART**

It is agreed under **SECTION I – COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 1. Insuring Agreement**, Paragraphs **b (3)**, **c** and **d** are deleted in their entirety and the following exclusion is added to **SECTION I –2. Exclusions** of this Policy:

This insurance does not apply to:

1. Any damages arising out of or related to "bodily injury" or "property damage" whether such "bodily injury" or "property damage" is known or unknown,

> (a) which first occurred in whole or in part prior to the inception date of this policy (or the retroactive date of this policy, if any; whichever is earlier); or

> (b) which are, or are alleged to be, in the process of occurring as of the inception date of the policy (or the retroactive date of this policy, if any; whichever is earlier) even if the "injury or damage" continues during this policy period; or

> (c) which were caused, or are alleged to have been caused, by the same condition(s) or defective construction which first existed prior to the inception date of this policy.

2. Any damages arising out of or related to "bodily injury" or "property damage" whether known or unknown, which are in the process of adjustment, settlement, or "suit" as of the inception date of this policy (or the retroactive date of this policy, if any; whichever is earlier).

32.

The claims, injuries, and damages asserted by the Estate fall within the above Continuous or Progressive Injury or Damage Exclusion, and therefore, there is no coverage under the Policy.

## V. COUNT ONE: DECLARATORY JUDGEMENT: THE COMMERCIAL GENERAL LIABILITY COVERAGE FORM

### 33.

Crum & Forster incorporates into Count One all of the allegations contained in paragraphs 1-32 as though they were repeated verbatim in Count.

### 34.

The Policy does not provide coverage for any bodily injury or property damage that does not occur within the policy period.

### 35.

The claims, injuries, and damages asserted by the Estate against the defendants in the underlying lawsuit, including Longino, arose out of, in whole or in part, bodily injury or property damage that occurred before the Policy's effective date of June 8, 2020. Therefore, there is no coverage for the Estate's claims under the Policy.

### 36.

There is an actual, bona fide, practical need for the declaration. The persons and entities who have, or reasonably may have, an actual present, adverse, or antagonistic interest in the subject matter of this declaratory judgment action are

before the Court, and relief is sought not merely to provide legal advice or to answer questions propounded from curiosity.

37.

There exists a present ascertained or ascertainable state of facts concerning the rights and obligations of Crum & Forster under its Policy.

38.

The rights and obligations of Crum & Forster under the Policy are dependent upon the facts and the law applicable to the facts affecting coverage under the Policy.

39.

Pursuant to Fed. R. Civ. P. 57 and O.C.G.A. § 9-4-1, Crum & Forster is entitled to a declaration that coverage is excluded under the Policy, and that there is no duty to defend or indemnity any person, company, entity, or party.

40.

All conditions precedent to the initiation and maintenance of this action have been complied with, have occurred, or have been waived.

## VI. COUNT TWO: DECLARATORY JUDGEMENT: PROPERTY DAMAGE AND CONTRACTUAL EXCLUSIONS

41.

Crum & Forster incorporates into Count Two all of the allegations contained in paragraphs 1-32 as though they were repeated verbatim in this Count.

42.

Coverage for property damage and contractual liability alleged by the Estate in his Complaint for Damages against Crum and Forster's insured, Longino, is limited or excluded by various exclusions in the Property Damage and Contractual Exclusions set forth above.

43.

There is an actual, bona fide, practical need for the declaration. The persons and entities who have, or reasonably may have, an actual present, adverse, or antagonistic interest in the subject matter of this declaratory judgment action are before the Court, and relief is sought not merely to provide legal advice or to answer questions propounded from curiosity.

44.

There exists a present ascertained or ascertainable state of facts concerning the rights and obligations of Crum & Forster under its Policy.

45.

The rights and obligations of Crum & Forster under the Policy are dependent upon the facts and the law applicable to the facts affecting coverage under the Policy.

46.

Pursuant to Fed. R. Civ. P. 57 and O.C.G.A. § 9-4-1, Crum & Forster is entitled to a declaration that coverage is excluded under the Policy, and that there is no duty to defend or indemnity any person, company, entity, or party.

47.

All conditions precedent to the initiation and maintenance of this action have been complied with, have occurred, or have been waived.

## VII. COUNT THREE: DECLARATORY JUDGEMENT: FUNGI OR BACTERIA EXCLUSION

48.

Crum & Forster incorporates into Count Three all of the allegations contained in paragraphs 1-32 as though they were repeated verbatim in this Count.

49.

The Policy contains a Fungi or Bacteria Exclusion which excludes coverage for any bodily injury or property damage caused by fungi or bacteria.

50.

The Estate contends that water intrusion into his unit caused mold growth which in turn caused his sickness and eventual death of Mr. Dillard Jones. Therefore, the claims, injuries, and damages asserted by the Estate against the defendants in the underlying lawsuit, including Longino, are excluded from coverage under the Fungi or Bacteria Exclusion.

51.

There is an actual, bona fide, practical need for the declaration. The persons and entities who have, or reasonably may have, an actual present, adverse, or antagonistic interest in the subject matter of this declaratory judgment action are before the Court, and relief is sought not merely to provide legal advice or to answer questions propounded from curiosity.

52.

There exists a present ascertained or ascertainable state of facts concerning the rights and obligations of Crum & Forster under its Policy.

53.

The rights and obligations of Crum & Forster under the Policy are dependent upon the facts and the law applicable to the facts affecting coverage under the Policy.

54.

Pursuant to Fed. R. Civ. P. 57 and O.C.G.A. § 9-4-1, Crum & Forster is entitled to a declaration that coverage is excluded under the Policy, and that there is no duty to defend or indemnity any person, company, entity, or party.

55.

All conditions precedent to the initiation and maintenance of this action have been complied with, have occurred, or have been waived.

## VIII. COUNT FOUR: DECLARATORY JUDGEMENT: LIMITATION OF COVERAGE TO BUSINESS DESCRIPTION

56.

Crum & Forster incorporates into Count Four all of the allegations contained in paragraphs 1-32 as though they were repeated verbatim in this Count.

57.

The Policy does not cover any bodily injury or property damage that was caused by the performance of any business or work by Longino that was outside of the business description of "Landscaping/Waterproofing."

58.

The claims, injuries, and damages asserted by the Estate resulted from business or work performed by Longino that was outside of the business description of "Landscaping/Waterproofing," and therefore, there is no coverage for the Estate's claims under the Policy.

59.

There is an actual, bona fide, practical need for the declaration. The persons and entities who have, or reasonably may have, an actual present, adverse, or antagonistic interest in the subject matter of this declaratory judgment action are before the Court, and relief is sought not merely to provide legal advice or to answer questions propounded from curiosity.

60.

There exists a present ascertained or ascertainable state of facts concerning the rights and obligations of Crum & Forster under its Policy.

61.

The rights and obligations of Crum & Forster under the Policy are dependent upon the facts and the law applicable to the facts affecting coverage under the Policy.

62.

Pursuant to Fed. R. Civ. P. 57 and O.C.G.A. § 9-4-1, Crum & Forster is entitled to a declaration that coverage is excluded under the Policy, and that there is no duty to defend or indemnity any person, company, entity, or party.

63.

All conditions precedent to the initiation and maintenance of this action have been complied with, have occurred, or have been waived.

## IX. COUNT FIVE: DECLARATORY JUDGEMENT: CONTINUOUS OR PROGRESSIVE INJURY AND DAMAGE EXCLUSION

64.

Crum & Forster incorporates into Count Five all of the allegations contained in paragraphs 1-32 as though they were repeated verbatim in this Count.

65.

The Policy excludes coverage for any Coverage for bodily injury or property damage that first occurred before the Policy's inception date, were occurring before

the Policy's inception date, or were caused or alleged to have been caused by the same condition that first existed before the Policy's inception date.

66.

The claims, injuries, and damages asserted by the Estate against the defendants in the underlying lawsuit, including Longino, arose out of, in whole or in part, bodily injury or property damage that occurred before or because of conditions existing before the Policy's inception date of June 8, 2020; namely, allegedly defective roofing work in 2015 and 2016. Therefore, there is no coverage for the Estate's claims under the Policy.

67.

There is an actual, bona fide, practical need for the declaration. The persons and entities who have, or reasonably may have, an actual present, adverse, or antagonistic interest in the subject matter of this declaratory judgment action are before the Court, and relief is sought not merely to provide legal advice or to answer questions propounded from curiosity.

68.

There exists a present ascertained or ascertainable state of facts concerning the rights and obligations of Crum & Forster under its Policy.

69.

The rights and obligations of Crum & Forster under the Policy are dependent upon the facts and the law applicable to the facts affecting coverage under the Policy.

70.

Pursuant to Fed. R. Civ. P. 57 and O.C.G.A. § 9-4-1, Crum & Forster is entitled to a declaration that coverage is excluded under the Policy, and that there is no duty to defend or indemnity any person, company, entity, or party.

71.

All conditions precedent to the initiation and maintenance of this action have been complied with, have occurred, or have been waived

**PRAYER FOR RELIEF**

For the reasons set forth in this Complaint, Crum & Forster respectfully requests that Defendants be cited to appear and answer and, upon final trial, Crum & Forster be granted judgment as follows:

A.      A declaration that the Policy provides no coverage for any claim, cause of action, injury, or damages asserted by or that could have been asserted by the Estate in the underlying lawsuit;

B.      A declaration that Crum & Forster does not owe Longino, or any other party coverage, defense, or indemnity, under the Policy for any claim, cause of

action, injury, or damages asserted by or that could have been asserted by the Estate in the underlying lawsuit

      C.     Awarding Crum & Forster its reasonable and necessary attorney's fees and costs incurred in this cause as available by law; and

      D.     Awarding such other and further relief to Crum & Forster as the Court considers just and appropriate under the circumstances.

This 24th day of January, 2023.

                                      Respectfully submitted,

                                      /s/ Austin Moretz

                                    _____

                                    M. AUSTIN MORETZ
                                    GEORGIA BAR NO.: 529307
                                    amoretz@gallowaylawfirm.com
                                    KENNETH R. CANTRELL
                                    GEORGIA BAR NO.: 282431
                                    kcantrell@gallowaylawfirm.com
                                    *Attorneys for Plaintiff*

GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH, P.L.C.
990 Hammond Drive, Suite 210
Atlanta, GA 30328
Telephone: (678) 951-1500
Facsimile:  (678) 951-1510
tmlgaservice@gallowayjohnson.com