## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **JAY ANTHONY RAMOS,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE |
| v. | ) | NO: |
| | ) | |
| **AIMBRIDGE HOSPITALITY, LLC** | ) | |
| d/b/a EMBASSY SUITES HOUSTON-KATY by HILTON; **HILTON** | ) | |
| **WORLDWIDE, INC.** d/b/a PARK | ) | |
| HOTELS & RESORTS INC.; and JOHN | ) | |
| DOE 1 and 2. | ) | |
| | ) | |
| Defendants. | ) | |

---

## COMPLAINT FOR DAMAGES AND DEMAND
## FOR JURY TRIAL

COMES NOW, JAY ANTHONY RAMOS, Plaintiff in the above styled civil action, and files this Complaint for Damages and Demand for Jury Trial. In support thereof, the Plaintiff shows as follows:

## PARTIES, JURISDICTION AND VENUE

### 1.

Plaintiff Jay Anthony Ramos is an adult citizen of the State of Georgia.

### 2.

Defendant Aimbridge Hospitality, LLC ("Defendant Aimbridge") is a Delaware Corporation licensed to do business, and doing business, in the State of

1

Georgia with over 25 hotel locations in Georgia; and it may be served through its registered agent, CT Corporation System, 289 S. Culver Street, Lawrenceville, Gwinnett County, Georgia 30046. The principal office for Aimbridge is 5301 Headquarters Drive, Plano, Texas 75024.

3.

Defendant Hilton Worldwide, Inc. ("Defendant Hilton") is a Delaware Corporation licensed to do business, and doing business, in the State of Georgia with many hotel locations in Georgia; and it may be served through its registered agent, Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, GA 30092. The principal office for Hilton is 1775 Tysons Boulevard, 7th Floor, Tysons, Virginia 22102.

4.

Defendant John Doe 1 ("Defendant Doe 1") is the as yet unidentified Manager at Defendant Aimbridge's Embassy Suites by Hilton Houston-Katy franchise located at 16435 Katy Freeway, Houston, Texas 77094 that was responsible for managing said property and employees. Defendant Doe 1 will be served after his identity is known to Plaintiff.

5.

Defendant John Doe 2 ("Defendant Doe 2") is the as yet unidentified worker at Defendant Aimbridge's Embassy Suites by Hilton Houston-Katy franchise

2

located at 16435 Katy Freeway, Houston, Texas 77094 that was responsible for mopping and cleaning the floors.  Defendant Doe 2 will be served after his identity is known to Plaintiff.

6.

Defendants are subject to the jurisdiction of this Court, and venue is proper in this Court, pursuant to 28 U.S.C. §§ 1391 and 1406 and the  Fourteenth Amendment of the Constitution of the United States.   On January 24, 2021, the consequences of the continuing tortious action by Defendants as joint tortfeasors culminated with the serious injury of Mr. Ramos in Houston, Texas.

7.

Venue is proper in the Northern District of Georgia, Atlanta Division, for there is true diversity of citizenship and both Defendant Aimbridge Hospitality LLC ("Aimbridge") and Defendant HILTON WORLDWIDE, INC. ("HILTON) conduct significant business in Georgia as foreign limited liability companies subject to this Court's personal jurisdiction. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1391(b)(3) and (c)(2).

8.

If the Defendants file a Motion to Dismiss for Lack of Personal Jurisdiction, Improper Venue, and Failure to State a Claim, or in the alternative a Motion to Transfer Venue per 28 U.S.C. § 1406(a), and if this Court concludes that Plaintiff

3

has failed to make a prima facie showing of venue, then the Plaintiff respectfully requests for the Court to exercise its discretion under 28 U.S.C. § 1406(a) and transfer the case to the Southern District of Texas instead of dismissing the case for Plaintiff has been diligent in pursuing his claims and transfer would not prejudice the defendants, who would be able to defend the action in their home court.

## FACTUAL ALLEGATIONS

9.

At all times mentioned herein, Defendant Hilton Worldwide Inc. owned, operated, controlled, and occupied a place of business called Embassy Suites by Hilton (Houston-Katy) located at 16435 Katy Freeway, Houston, Texas 77094.

10.

At all times mentioned herein, Defendant Aimbridge Hospitality (as a third party management company) operated, controlled, occupied and managed Embassy Suites by Hilton (Houston-Katy) located at 16435 Katy Freeway, Houston, Texas 770949.

11.

On January 24, 2021, Plaintiff Ramos was an invitee at the aforementioned Embassy Suites by Hilton (Houston-Katy) located at 16435 Katy Freeway, Houston, Texas 770949.

12.

On January 24, 2021, Plaintiff Ramos was a staying at the Embassy Suites (Houston-Katy) hotel as a registered guest while he was visiting his family members in Houston, Texas after he arrived by airplane from Atlanta, Georgia.

13.

On the morning of January 24, 2021, Plaintiff Ramos decided to go downstairs from his room in order to have morning breakfast in the dining area of the Embassy Suites (Houston-Katy) hotel.

14.

While walking to the breakfast area he suddenly slipped on a puddle of water that was present on the hallway floor leading to dining area.

15.

Mr. Ramos went up into the air, fell to floor on his bottom, twisting his knee and injuring his back.

16.

The manager (whose identity is unknown at this time) came from the kitchen to assist Mr. Ramos in getting up off of the floor.

17.

911 was called and Mr. Ramos was initially checked by Emergency Medical Technician (EMT) for Mr. Ramos was in excruciating pain and he was suffering a

nosebleed.

18.

Mr. Ramos was unable to seek immediate medical treatment in Houston, Texas because he had to go to the airport to catch flight back to Atlanta, Georgia later that day.

19.

Upon his return to Atlanta Mr. Ramos sought treatment at Atlanta Medical Clinic, Atlanta Spine Center, and the Benchmark Rehabilitation Center where he was treated for severe neck pain, low back pain, and knee pain.

20.

Mr. Ramos was walking in a prudent fashion in the direction of the dining area at the time and did not see or appreciate the danger of the water puddle before he slipped.

21.

Prior to the fall, there were no "caution" or "wet floor" signs or any other warnings in the area of restroom entry or the surrounding area to warn Mr. Ramos and other customers in the dining area of the dangerous condition.

22.

As a direct and proximate result of Defendants' negligence, Mr. Ramos has suffered substantial injuries, medical expenses, and damages. These damages

include emotional distress and personal inconvenience, mental and physical pain and suffering due to the violence of the slip and fall to Mr. Ramos's body.

23.

Plaintiff sustained personal injuries as a direct and proximate result of the fall.

24.

As a result of said injuries, Plaintiff has incurred reasonable and necessary past medical and doctor expenses, and he will continue to incur expenses in the future because he is still receiving treatment for his injuries, in all likely exceeding $100,000.00 which shall be proven at trial.

25.

The injuries suffered by Plaintiff as described herein are continuing and permanent in nature.

26.

The injuries sustained by Plaintiff are the direct and proximate result of the negligence on the part of the Defendants. But for said negligence, Plaintiff would not have suffered the injuries and losses discussed herein.

## CAUSE OF ACTION

## COUNT 1 – NEGLIGENCE – DEFENDANT HILTON WORLDWIDE, INC.

27.

Under Texas law, an owner or occupier of land has a duty to keep the premises under his or her control in a safe condition. Redinger v. Living Inc., 689 S.W.2d 415, 417 (Tex. 1985).

28.

In Texas, an "invitee" is "one who enters the property of another 'with the owner's knowledge and for the mutual benefit of both." Motel 6 G.P., Inc. v. Lopez, 929 S.W.2d 1, 3 (Tex. 1996)

29.

The general rule is that a landowner has a duty to make safe or warn against any concealed, unreasonably dangerous conditions of which the landowner is, or reasonably should be, aware but the invitee is not. Austin v. Kroger Tex, L.P., 465 S.W.3d 193, 203 (Tex. 2015).

30.

At all times mentioned herein, Defendant Hilton owned the property sub judice, and Defendant Hilton had the legal duty to keep its premises in a state of repair consistent with due regard of the safety of its invitees, including Plaintiff.

31.

Defendant Hilton was negligent in failing to correct, mark, remove or repair the defective and hazardous condition existing on its premises, thereby creating an unreasonable risk of injury to its invitees, including Plaintiff.

32.

Defendant Hilton knew of, or by the exercise of due care for the safety of its invitees, including Plaintiff, should have known of the defective and hazardous condition(s) existing on its premises, and that the failure to correct, mark, remove, and/or repair said condition(s) was likely to result in the injuries suffered by the Plaintiff.

33.

Defendant Hilton was and is negligent per se.

34.

Defendant Hilton had actual knowledge of the defective and hazardous condition(s) existing on its premises through the direct knowledge of its employees and agents.

35.

Defendant Hilton had constructive knowledge of the defective and hazardous condition(s) existing on its premises due to the presence of its employees and agents

within the immediate area of the hazardous condition, and due to the existence of the condition(s) for an unreasonable period of time.

36.

Defendant Hilton was negligent and said negligence proximately caused Plaintiff's injuries in the following ways, to-wit: a) by failing to use ordinary care to keep the premises safe; b) In failing to properly inspect and maintain the premises; c) In knowingly allowing their invited guests to utilize an unsafe area of the premises; d) In failing to post warning signs or warning markings; e) In failing to properly train and supervise their employees in regard to the care of said premises; f) In negligently retaining, hiring, training and supervising said employees; and g) In negligently failing to clean the slippery substance from the floor within a reasonable time after it had actual or constructive knowledge of the existence of the substance.

37.

Although Defendant Hilton knew, or in the exercise of reasonable diligence should have known, of the risks of injuries to its invitees from said hazardous condition(s) existing on its premises, Defendant negligently failed to take reasonable precautions to guard against the dangerous condition(s) and failed to protect its invitees, including Plaintiff, therefrom.

38.

Defendant Hilton negligently maintained said premises and at all times herein mentioned, failed and neglected to correct, mark, remove or repair the premises or to guard against injuries to its invitees, including Plaintiff, although said condition had existed for such a length of time that Defendant, its agents, officers, servants, or employees knew or should have known thereof and the likelihood of injury to persons at said location.

39.

Plaintiff at all times exercised ordinary care and diligence under the circumstances then existing.

40.

Plaintiff is entitled to recover for the injuries and pain and suffering sustained, and all other elements of damages allowed under Texas law, including but not limited to all compensatory, general, special, incidental, consequential, and/or other damages permitted. Plaintiff states his intention to seek all compensatory, special, economic, consequential, general, and all other damages permissible under Texas Law, including, but not limited to: a) Personal injuries; b) Past, present and future pain and suffering; c) Disability; d) Mental anguish; e) Loss of the capacity for the enjoyment of life; f) Diminished capacity to labor; g) Incidental expenses; h) Past,

present and future medical expenses; i) Permanent injuries; and j) Consequential damages to be proven at trial.

41.

Each of the forgoing acts and omissions constitute an independent act of negligence on the part of the Defendant Hilton, and one or more or all of said herein above stated acts were the proximate causes of the injuries and damages sustained by the Plaintiff.

42.

Plaintiff's claims for compensatory, general, special, incidental, consequential, and/or other damages permitted are in excess of $300,000.00 and Plaintiff seeks damages in the minimum amount of $300,000.00 or greater based on the conscious of an unbiased jury.

## COUNT 2 – NEGLIGENCE – DEFENDANT AIMBRIDGE HOSPITALITY

43.

Upon information and belief, Defendant Aimbridge was at all times relevant to this action the Co-owner and/or Manager in charge of Defendant Hilton's Embassy Suites by Hilton (Houston-Katy) located at 16435 Katy Freeway, Houston, Texas 770949, and was directly responsible for operations which included the cleaning and maintenance of the hotel lobby and dining area on January 24, 2021.

44.

Upon information and belief, Defendant Aimbridge was directly responsible for Defendant Hilton's policy, procedure and practice, or the lack thereof, regarding the response of Defendant Hilton's agents and employees to the urgent medical needs of hotel guests/invitees.

44.

Upon information and belief, Defendant Aimbridge was directly responsible for Defendant Hilton having no established policy, procedure and practice regarding the response of its agents and employees to the urgent medical needs of needs of hotel guests/invitees.

45.

Upon information and belief, Defendant Aimbridge was directly responsible for Defendant Hilton having no established policy, procedure and practice with respect to recognizing and responding to passengers who experienced sudden slip and falls which Defendants knew, or should have known, can cause serious bodily injury or even death.

46.

Defendant Aimbridge breached its duty to exercise extraordinary care with regard to Mr. Ramos by failing to establish and enforce a policy, procedure and practice of responding appropriately to the urgent medical needs of needs of hotel

guests/invitees; and by failing to establish and enforce a policy, procedure and practice with respect to recognizing and responding to needs of hotel guests/invitees who experienced sudden slip and fall on foreign substances at the hotel which Defendant Aimbridge knew, or should have known, can cause serious bodily injury or even death.

47.

At all times mentioned herein, Defendant Aimbridge, as Manager, had control and management of said property, and Defendant Aimbridge had the legal duty to keep Hilton's premises in a state of repair consistent with due regard of the safety of its invitees, including Plaintiff.

48.

Defendant Aimbridge was negligent in failing to correct, mark, remove or repair the defective and hazardous condition existing on its premises, thereby creating an unreasonable risk of injury to its invitees, including Plaintiff.

49.

Defendant Aimbridge knew of, or by the exercise of due care for the safety of its invitees, including Plaintiff, should have known of the defective and hazardous condition(s) existing on the premises, and that the failure to correct, mark, remove, and/or repair said condition(s) was likely to result in the injuries suffered by the Plaintiff.

50.

Defendant Aimbridge was and is negligent per se.

51.

Defendant Aimbridge had actual knowledge of the defective and hazardous condition(s) existing on its premises through the direct knowledge of its employees and agents.

52.

Defendant Aimbridge had constructive knowledge of the defective and hazardous condition(s) existing on Hilton's premises due to the presence of its employees and agents within the immediate area of the hazardous condition, and due to the existence of the condition(s) for an unreasonable period of time.

53.

Defendant Aimbridge was negligent and said negligence proximately caused Plaintiff's injuries in the following ways, to-wit: a) by failing to use ordinary care to keep the premises safe; b) In failing to properly inspect and maintain the premises; c) In knowingly allowing her invited guests to utilize an unsafe area of the premises; d) In failing to post warning signs or warning markings; e) In failing to properly train and supervise her employees in regard to the care of said premises; f) In negligently retaining, hiring, training and supervising said employees; and g) In negligently

failing to clean the slippery substance from the floor within a reasonable time after it had actual or constructive knowledge of the existence of the substance.

54.

Although Defendant Aimbridge knew, or in the exercise of reasonable diligence should have known, of the risks of injuries to the invitees from said hazardous condition(s) existing on the premises, Defendant Aimbridge negligently failed to take reasonable precautions to guard against the dangerous condition(s) and failed to protect the invitees, including Plaintiff, therefrom.

55.

Defendant Aimbridge negligently maintained said premises and at all times herein mentioned, failed and neglected to correct, mark, remove or repair the premises or to guard against injuries to its invitees, including Plaintiff, although said condition had existed for such a length of time that Defendant, its agents, officers, servants, or employees knew or should have known thereof and the likelihood of injury to persons at said location.

56.

Plaintiff at all times exercised ordinary care and diligence under the circumstances then existing.

57.

Plaintiff is entitled to recover for the injuries and pain and suffering sustained, and all other elements of damages allowed under Texas law, including but not limited to all compensatory, general, special, incidental, consequential, and/or other damages permitted. Plaintiff states his intention to seek all compensatory, special, economic, consequential, general, and all other damages permissible under Texas Law, including, but not limited to: a) Personal injuries; b) Past, present and future pain and suffering; c) Disability; d) Mental anguish; e) Loss of the capacity for the enjoyment of life; f) Diminished capacity to labor; g) Incidental expenses; h) Past, present and future medical expenses; i) Permanent injuries; and j) Consequential damages to be proven at trial.  Plaintiff's Damages are in excess of $300,000.00.

58.

Each of the forgoing acts and omissions constitute an independent act of negligence on the part of the Defendant Aimbridge, and one or more or all of said herein above stated acts were the proximate causes of the injuries and damages sustained by the Plaintiff.

59.

Defendant Aimbridge's negligence was a proximate cause of the damages suffered by Mr. Ramos.

60.

As a direct and proximate result of Defendant Aimbridge's negligence, Plaintiff is entitled to an award of general and special damages.

61.

As a direct and proximate result of Defendant Aimbridge's negligence, Plaintiff is entitled to an award for the full value of his injuries and for pain and suffering, both mental and physical, past, present, and future.

## COUNT 3 – NEGLIGENCE – DEFENDANT DOE 1 – MANAGER ON DUTY AT EMBASSY SUITES HOUSTON-KATY

62.

When Mr. Ramos attempted to eat breakfast in the dining area of the Embassy Suites – Houston-Katy on January 24, 2023 he was a lawful paying guest.

63.

Defendant Doe 1 had knowledge that Mr. Ramos was lawful customer/invitee and accepted him guest of the hotel.

64.

Defendant Doe 1 had a duty to exercise ordinary care with regard to Mr. Ramos as a customer/invitee of the hotel for which he had direct responsibility.

65.

Defendant Doe 1 breached his duty to exercise extraordinary care with regard to Mr. Ramos by failing to adhere to any established policy, procedure and practice of responding appropriately to the urgent medical needs of hotel guests; and by failing to adhere to any established policy, procedure and practice with respect to recognizing and responding to guests who experienced a sudden slip and fall Defendant Doe 1 knew, or should have known, can cause serious bodily injury of death.

66.

Defendant Doe's negligence was a proximate cause of the damages of Mr. Ramos.

67.

As a direct and proximate result of Defendant Doe 1's negligence, Plaintiff is entitled to an award of general and special damages.

68.

At all times mentioned herein, Defendant Doe 1 owned the property sub judice, Defendant Doe 1 had the legal duty to keep its premises in a state of repair consistent with due regard of the safety of its invitees, including Plaintiff.

69.

Defendant Doe 1 was negligent in failing to correct, mark, remove or repair the defective and hazardous condition existing on its premises, thereby creating an unreasonable risk of injury to its invitees, including Plaintiff.

70.

Defendant Doe 1 knew of, or by the exercise of due care for the safety of its invitees, including Plaintiff, should have known of the defective and hazardous condition(s) existing on its premises, and that the failure to correct, mark, remove, and/or repair said condition(s) was likely to result in the injuries suffered by the Plaintiff.

71.

Defendant Doe 1 was and is negligent per se.

72.

Defendant Doe 1 had actual knowledge of the defective and hazardous condition(s) existing on its premises through the direct knowledge of its employees and agents.

73.

Defendant Doe 1 had constructive knowledge of the defective and hazardous condition(s) existing on its premises due to the presence of its employees and agents

within the immediate area of the hazardous condition, and due to the existence of the condition(s) for an unreasonable period of time.

74.

Defendant Doe 1 was negligent and said negligence proximately caused Plaintiff's injuries in the following ways, to-wit: a) by failing to use ordinary care to keep the premises safe; b) In failing to properly inspect and maintain the premises; c) In knowingly allowing their invited guests to utilize an unsafe area of the premises; d) In failing to post warning signs or warning markings; e) In failing to properly train and supervise their employees in regard to the care of said premises; f) In negligently retaining, hiring, training and supervising said employees; and g) In negligently failing to clean the slippery substance from the floor within a reasonable time after it had actual or constructive knowledge of the existence of the substance.

75.

Although Defendant Doe 1 knew, or in the exercise of reasonable diligence should have known, of the risks of injuries to its invitees from said hazardous condition(s) existing on its premises, Defendant negligently failed to take reasonable precautions to guard against the dangerous condition(s) and failed to protect its invitees, including Plaintiff, therefrom.

76.

Defendant Doe 1 negligently maintained said premises and at all times herein mentioned, failed and neglected to correct, mark, remove or repair the premises or to guard against injuries to its invitees, including Plaintiff, although said condition had existed for such a length of time that Defendant, its agents, officers, servants, or employees knew or should have known thereof and the likelihood of injury to persons at said location.

77.

Plaintiff at all times exercised ordinary care and diligence under the circumstances then existing.

78.

Plaintiff is entitled to recover for the injuries and pain and suffering sustained, and all other elements of damages allowed under Texas law, including but not limited to all compensatory, general, special, incidental, consequential, and/or other damages permitted. Plaintiff states his intention to seek all compensatory, special, economic, consequential, general, and all other damages permissible under Texas Law, including, but not limited to: a) Personal injuries; b) Past, present and future pain and suffering; c) Disability; d) Mental anguish; e) Loss of the capacity for the enjoyment of life; f) Diminished capacity to labor; g) Incidental expenses; h) Past,

present and future medical expenses; i) Permanent injuries; and j) Consequential damages to be proven at trial.

79.

Each of the forgoing acts and omissions constitute an independent act of negligence on the part of the Defendant Doe 1, and one or more or all of said herein above stated acts were the proximate causes of the injuries and damages sustained by the Plaintiff.

80.

Plaintiff's claims for compensatory, general, special, incidental, consequential, and/or other damages permitted are in excess of $300,000.00 and Plaintiff seeks damages in the minimum amount of $300,000.00 or any amount greater based on the conscious of an unbiased jury.

## COUNT 4 – NEGLIGENCE – DEFENDANT DOE 2 – CLEAN-UP / MAINTENANCE WORKER

81.

At all times mentioned herein, Defendant Doe 2 had responsibility for upkeep, cleaning, and maintenance of said property, and Defendant Doe 2 had the legal duty to keep the premises in a state of repair consistent with due regard of the safety of its invitees, including Plaintiff.

82.

Defendant Doe 2 was negligent in failing to correct, mark, remove or repair the defective and hazardous condition existing on its premises, thereby creating an unreasonable risk of injury to its invitees, including Plaintiff.

83.

Defendant Doe 2 knew of, or by the exercise of due care for the safety of its invitees, including Plaintiff, should have known of the defective and hazardous condition(s) existing on its premises, and that the failure to correct, mark, remove, and/or repair said condition(s) was likely to result in the injuries suffered by the Plaintiff.

84.

Defendant Doe 2 was and is negligent per se.

85.

Defendant Doe 2 had actual knowledge of the defective and hazardous condition(s) existing on its premises through the direct knowledge of its employees and agents.

86.

Defendant Doe 2 had constructive knowledge of the defective and hazardous condition(s) existing on its premises due to the presence of its employees and agents

within the immediate area of the hazardous condition, and due to the existence of the condition(s) for an unreasonable period of time.

87.

Defendant Doe 2 was negligent and said negligence proximately caused Plaintiff's injuries in the following ways, to-wit: a) by failing to use ordinary care to keep the premises safe; b) In failing to properly inspect and maintain the premises; c) In knowingly allowing their invited guests to utilize an unsafe area of the premises; d) In failing to post warning signs or warning markings; e) In failing to properly train and supervise their employees in regard to the care of said premises; f) In negligently retaining, hiring, training and supervising said employees; and g) In negligently failing to clean the slippery substance from the floor within a reasonable time after it had actual or constructive knowledge of the existence of the substance.

88.

Although Defendant Doe 2 knew, or in the exercise of reasonable diligence should have known, of the risks of injuries to its invitees from said hazardous condition(s) existing on its premises, Defendant negligently failed to take reasonable precautions to guard against the dangerous condition(s) and failed to protect its invitees, including Plaintiff, therefrom.

89.

Defendant Doe 2 negligently maintained said premises and at all times herein mentioned, failed and neglected to correct, mark, remove or repair the premises or to guard against injuries to its invitees, including Plaintiff, although said condition had existed for such a length of time that Defendant, its agents, officers, servants, or employees knew or should have known thereof and the likelihood of injury to persons at said location.

90.

Plaintiff at all times exercised ordinary care and diligence under the circumstances then existing.

91.

Plaintiff is entitled to recover for the injuries and pain and suffering sustained, and all other elements of damages allowed under Texas law, including but not limited to all compensatory, general, special, incidental, consequential, and/or other damages permitted. Plaintiff states his intention to seek all compensatory, special, economic, consequential, general, and all other damages permissible under Texas Law, including, but not limited to: a) Personal injuries; b) Past, present and future pain and suffering; c) Disability; d) Mental anguish; e) Loss of the capacity for the enjoyment of life; f) Diminished capacity to labor; g) Incidental expenses; h) Past,

present and future medical expenses; i) Permanent injuries; and j) Consequential damages to be proven at trial.

92.

Each of the forgoing acts and omissions constitute an independent act of negligence on the part of the Defendant Doe 2, and one or more or all of said herein above stated acts were the proximate causes of the injuries and damages sustained by the Plaintiff.

## COUNT 5 – NEGLIGENT HIRING, TRAINING, SUPERVISION AND/OR RETENTION – DEFENDANT AIMBRIDGE

93.

Upon information and belief, Defendant Aimbridge was negligent in hiring Defendant Doe 2 because Defendant Aimbridge knew, or should have known, that Defendant Doe 2 was incompetent to: a) properly use ordinary care to keep the premises safe; b) to properly inspect and maintain the premises; c) prevent their invited guests to utilize an unsafe area of the premises; d) always to post warning signs or warning markings; e) to properly train and supervise their employees in regard to the care of said premises; f) to clean the slippery substance from the floor within a reasonable time after it had actual or constructive knowledge of the existence of the substance.

94.

Upon information and belief, Defendant Aimbridge negligently failed to provide adequate training and supervision for Defendant Doe 2 to properly complete all tasks in Paragraph 93 above, which require extraordinary diligence to protect the lives and person of the invitees.

95.

Upon information and belief, Defendant Aimbridge was negligent in retaining Defendant Doe 2 because Defendant Aimbridge knew, or should have known, that Defendant Doe 2  was incompetent to properly complete all tasks in Paragraph 93 above, which require extraordinary diligence to protect the lives and person of the passengers and invitees.

96.

Defendant Aimbridge is liable for her negligent hiring, training, supervision and/or retention of Defendant Doe 2 as set forth herein.

97.

Defendant Aimbridge's negligence was a proximate cause of the damages to Plaintiff Ramos.

98.

As a direct and proximate result of Defendant Aimbridge's negligence, Plaintiff is entitled to an award of general and special damages.

## <u>COUNT 6 – RESPONDEAT SUPERIOR – DEFENDANT HILTON</u>

99.

Upon information and belief, Defendant Hilton provided the means and the authority for Defendant Aimbridge manage and operate Defendant Hilton's Embassy Suites by Hilton (Houston-Katy) located at 16435 Katy Freeway, Houston, Texas 770949 in the course and scope of its employment and/or agency for Defendant Hilton.

100.

Upon information and belief, Defendant Hilton established Defendant Aimbridge's terms and conditions of employment and/or agency, including her duties, responsibilities and schedule.

101.

Upon information and belief, at all times relevant hereto, Defendant Aimbridge was acting within the course and scope of employment and/or agency with Defendant Hilton, and Defendant Hilton is liable to Plaintiff for the torts committed by Defendant Doe, as set forth in this Complaint, pursuant to the doctrine of respondeat superior and according Texas law. <u>Painter v. Amerimex Drilling I</u>, Ltd., 561 S.W.3d 125 (Tex. 2018).

102.

Upon information and belief, Defendant Hilton and Defendant Aimbridge provided the means and the authority for Defendant Doe 2 to maintain and clean the Embassy Suites Houston-Katy in the course and scope of his/her employment and/or agency for Defendant Hilton.

103.

Upon information and belief, Defendant Hilton and Defendant Aimbridge established Defendant Doe 2's terms and conditions of employment and/or agency, including his/her duties, responsibilities and schedule.

104.

Upon information and belief, at all times relevant hereto, Defendant Doe 2 was acting within the course and scope of his/her employment and/or agency with Defendant Hilton and/or Defendant Aimbridge, and Defendant Hilton is liable to Plaintiff for the torts committed by Defendant Doe 2, as set forth in this Complaint, pursuant to the doctrine of respondeat superior.

**WHEREFORE**, the Plaintiff prays for a judgment to be awarded to him and against the Defendants for the following:

1) Plaintiff be awarded actual damages in amounts to be shown at trial from the Defendants;

2) Plaintiff be awarded all general, special, compensatory, economic, and other allowable damages in accordance with the enlightened conscience of an impartial jury from the Defendant and as permitted under Texas law and Federal law;

3) Plaintiff be awarded a trial by jury; and

4) Plaintiff have such other relief as this Court deems just and appropriate under the circumstances.

**TRIAL BY JURY IS HEREBY DEMANDED.**

/s/ *Torris J. Butterfield, Esq.*
TORRIS J. BUTTERFIELD, ESQ.
Georgia Bar No. 100105
**ATTORNEY FOR PLAINTIFF**

50 Hurt Plaza, Suite 1120,
Atlanta, GA 30303
Telephone: 404-522-5056, Fax: 404-522-5016
Email: butterfieldt@bellsouth.net

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

**JAY ANTHONY RAMOS,**                   )
                                         )
    Plaintiff,                          )
                                         )          CIVIL ACTION FILE
v.                                       )          NO:
                                         )
**AIMBRIDGE HOSPITALITY, LLC**           )
d/b/a EMBASSY SUITES HOUSTON-            )
KATY by HILTON**; HILTON**               )
**WORLDWIDE, INC.** d/b/a PARK           )
HOTELS & RESORTS INC.; and JOHN          )
DOE 1 and 2.                             )
                                         )
    Defendants.                         )

### <u>VERIFICATION</u>

Personally appeared before me, the undersigned attesting officer, duly authorized to administer oaths, JAY ANTHONY RAMOS, who after first being duly sworn, deposes and states that the facts contained in the forgoing are true and correct.

This 24th day of January, 2024.

Sworn to and subscribed before me,
this 24th day of January, 2024.

Notary Public
My Commission Expires: 03-30-2025

KIMLEY P. BUTTERFIELD
NOTARY PUBLIC
Henry County
State of Georgia
My Comm. Expires 3/30/2025

