FILED 12/21/2022 10:59 AM CLERK OF SUPERIOR COURT DEKALB COUNTY GEORGIA

## IN THE SUPERIOR COURT OF DEKALB COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **TOMMIE F. WEDLOWE** )<br><br>**Plaintiff,** )<br> )<br> )<br>**v.** )<br> )<br> )<br>**SENTRY SELECT INSURANCE** )<br>**COMPANY, FAST LANE CARRIERS,** )<br>**LLC., and NIJAZ IBRISEVIC** )<br> )<br>**Defendants.** ) | **CIVIL ACTION**   22CV10700<br>**FILE NO.**<br><br><br>**JURY TRIAL DEMAND** |

### VERIFIED COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Tommie F. Wedlowe (hereafter "Plaintiff Wedlowe"), by and through counsel, files this Verified Complaint for Damages against Defendant Sentry Select Insurance Company (hereafter "Defendant Sentry"), Defendant Fast Lane Carriers, LLC (hereafter "Defendant Fast Lane"), Nijaz Ibrisevic (hereafter "Defendant "Ibrisevic), and collectively ("Defendants") and shows the Honorable Court as follows:

### PRELIMINARY STATEMENT

1.

This is an action seeking to hold Defendants liable for a motor vehicle collision that occurred on January 9, 2022, causing personal injuries to Plaintiff Wedlowe.

### PARTIES, JURISDICTION, AND VENUE

2.

At all relevant times in the instant litigation, Plaintiff Wedlowe is a citizen of the State of Georgia and reside in Clayton County and is subject to the jurisdiction of this Court.

3.

EXHIBIT "1"

At all times in the instant litigation, Defendant Fast Lane was a foreign corporation with its principal place of business in a state of Tennessee and is a federal motor carrier authorized to transport goods for hire in interstate commerce by the Federal Motor Carrier Safety Administration.

4.

Defendant Fast Lane is a motor carrier and registered with the U.S. Department of Transportation under DOT number 2507503.

5.

Defendant Fast Lane's Motor Carrier Number is 869414

6.

Defendant Fast Lane may be served with process by delivering a copy of the Summons and Complaint upon Linda Louise Armstrong, 200 Beaver Dam Road, Dahlonega, Georgia 30533, its process agent designated to accept service of process in the State of Georgia under the Federal Motor Carrier Safety Regulations

7.

Defendant Fast Lane may also be served with process by delivering a copy of the Summons and Complaint under the laws of the State of Tennessee upon its registered agent Fast Lane Holdings, LLC, 115 Bain Drive, La Vergne, Tennessee 37086, or wherever found, and is subject to the jurisdiction of this Court.

8.

At all relevant times in the instant litigation, Defendant Nijaz Ibrisevic is a resident of the state of Pennsylvania and may be served with process by delivering a copy of the Summons and Complaint at his last known address located at 1514 Terrace Avenue, Carlisle, Pennsylvania 17013 or wherever found, and is subject to the jurisdiction of this Court.

9.

Once served with process, Defendant Ibrisevic is subject to the jurisdiction and venue of this Court under Article VI, Section II, Paragraph VI of the Constitution of the State of Georgia

10.

Once served with process, Defendant Fast Lanes is subject to the jurisdiction and venue of this Court under Article VI, Section II, Paragraph IV of the Constitution of the State of Georgia.

11.

At all relevant times in the instant litigation, Defendant Fast Lane, and Defendant Ibrisevic had automobile liability coverage for any damages that were caused through the negligent operation of the commercial motor vehicle that Defendant Ibrisevic was operating at the time of the subject collision.

12.

The liability coverage for the collision described in this Complaint is being provided to Defendant Fast Lane and Defendant Ibrisevic through a policy issued by Defendant Sentry Select and further identified as Policy Number A0059595001, which provides coverage to Defendant Fast Lanes and Defendant Ibrisevic for any damages, including bodily injury, that were caused through the negligent operation of the commercial motor vehicle that was being operated by Defendant Ibrisevic at the time of the subject collision.

13.

At all relevant times in the instant litigation, Defendant Sentry Select Insurance Company is a foreign corporation with its principal place of business in a state other than Georgia and is authorized to transact business in the state of Georgia.

14.

Defendant Sentry Select is subject to the jurisdiction of the Court, pursuant to O.C.G.A §§ 40-1-112 and/or 40-2-140, because Defendant Sentry Select was the insurer providing liability coverage for Defendant Fast Lanes and Defendant Ibrisevic at the time of the collision described in this Complaint.

15.

Defendant Sentry Select may be served with process by delivering a copy of the Summons and Complaint to their registered agent CT Corporation System, 289 S. Culver Street, Lawrenceville, Georgia 30046, or wherever found, and is subject to the jurisdiction of this Court.

16.

Once served with process, Defendant Sentry Select is subject to the jurisdiction and venue of this Court under Article VI, Section II, Paragraph IV of the Constitution of the State of Georgia.

17.

Jurisdiction and venue are proper in this Court.

## **OPERATIVE FACTS**

18.

On or about January 9, 2022, around approximately, around approximately 8:03 p.m. Plaintiff Wedlowe was driving a 2022 Toyota Camry, in the seventh lane, southbound on I85 at or near the Pleasantdale Road exit in Dekalb County Georgia.

19.

At or about the same time, Defendant Ibrisevic was operating a 2003 Volvo F700F70 tractor-trailer, southbound on I85, in the lane directly beside the Plaintiffs' vehicle.

20.

Defendant Ibrisevic was operating the tractor-trailer in the course and scope of his employment with Defendant Fast Lanes, and under Defendant Fast Lanes' U.S. Department of Transportation and federal motor carrier authority.

21.

Defendant Ibrisevic failed to keep a proper lookout for Plaintiff Wedlowe's vehicle and other traffic around him.

22.

Suddenly and without warning Defendant Ibrisevic failed to maintain his lane of travel and slammed into the back driver's side of Plaintiff Wedlowe's vehicle knocking it across several travel lanes.

23.

As a result of the collision, Plaintiff Wedlowe suffered severe and permanent injuries.

24.

At all times related to the subject collision, Plaintiff Wedlowe was acting in a reasonable and prudent manner.


## COUNT I – NEGLIGENCE OF DEFENDANT IBRISEVIC

25.

Plaintiff Wedlowe re-alleges and incorporates herein the allegations contained in paragraphs 1 through 24 above as if fully restated.

26.

Drivers upon the roads of Georgia are charged with a duty to drive a reasonable or ordinary person would drive.

27.

The laws in the State of Georgia have been established to define the minimum standards of how an ordinary and reasonable person should operate the vehicle.

28.

When conditions are present, such as driving a tractor-trailer which weights as much as 80,000 (eighty thousand) pounds and possess a greater risk to the public, a higher degree of care is required to be exercised by the operator.

29.

At the time and place of this collision, Defendant Ibrisevic was generally negligent when he:

a)  Failed to keep his vehicle under control;

b)  Failed to keep a proper lookout;

c)  Failed to maintain his lane; and

d)  Drove in a reckless manner.

30.

Defendant Ibrisevic's negligence is the proximate cause of the collision.

31.

Defendant Ibrisevic's negligence is the sole cause of the Plaintiff Wedlowe's resulting injuries.

32.

Defendant Ibrisevic's negligence is the proximate cause of the Plaintiff Wedlowe's resulting injuries.

-6-

## COUNT II– NEFLIGENT HIRING, TRAINING, ENTRUSTMENT, RETENTION AND MAINTENANCE OF DEFENDANT FAST LANE CARRIERS, LLC

33.

Plaintiff Wedlowe re-alleges and incorporates herein the allegations contained in paragraphs 1 through 32 above as is fully restated.

34.

Defendant Fast Lane was negligent in hiring and/or contracting with Defendant Ibrisevic to drive the tractor-trailer at issue.

35.

Defendant Fast Lane was negligent in training Defendant Ibrisevic to properly drive the tractor-trailer.

36.

Defendant Fast Lane was negligent in entrusting Defendant Ibrisevic to drive a tractor-trailer professionally.

37.

Defendant Fast Lane was negligent in retaining Defendant Ibrisevic to drive the tractor-trailer at issue.

38.

Defendant Fast Lane failed to conduct proper and required checks on the background of their employee, agent and/or contractor, Defendant Ibrisevic.

39.

Defendant Fast Lane was negligent in their failure to exercise ordinary care to determine their employees,' agents' and contractors' fitness for the task of driving a commercial vehicle interstate.

40.

Defendant Fast Lane failed to set a safety procedure to ensure Defendant Ibrisevic complied with the dictates of the FMCSA.

41.

Defendant Fast Lane had a duty to promulgate and enforce the rules and regulations to ensure its drivers and vehicle were reasonable safe, and negligently failed to do so.

42.

The negligence of Defendant Fast Lane was proximate cause of the injuries sustained by Plaintiff Wedlowe.

43.

As a result of Defendant Fast Lane individually and combined with other Defendants' negligence Plaintiff Wedlowe suffered serious injuries affecting his activities of normal daily living.

44.

Defendant Fast Lane's action and inaction constituted negligence and/or combined and concurring with the negligence of the other Defendants, resulted in and proximately cause injuries to Plaintiff Wedlowe.

## COUNT III– NEGLIGENCE *PER SE*

45.

Plaintiff Wedlowe re-alleges and incorporates herein the allegations contained in paragraphs 1 through 44 above as if fully restated.

46.

Defendant Fast Lane's and Defendant Ibrisevic's, tortious acts and omissions as alleged herein constitute negligence *per se* within the meaning of Georgia law.

47.

Defendant Fast Lane's and Defendant Ibrisevic's, negligence *per se* consist of the following:

a) O.C.G.A § 40-6-42      Overtaking and passing;

b) O.C.G.A § 40-6-48      Failure to maintain lane;

c) O.C.G.A § 40-6-73      Right of way;

d) O.C.G.A § 40-6-123      Turning movements, signals required on turning, changing lanes, slowing, or stopping;

e) O.C.G.A § 40-6-124      Signals by hand and arm or signal lights;

f) O.C.G.A § 40-6-390      Reckless driving; and

g) O.C.G.A § 40-6-397      Aggressive driving.

48.

Defendant Fast Lane and Defendant Ibrisevic were subject to the "Federal Motor Carrier Safety Regulations" 49 CFR §§ 301-399 either directly, or as adopted by the Georgia Department of Transportation Safety Rules & Regulations 1340-6-1-.20, at the time of the collision.

49.

Defendant Fast Lane and Defendant Ibrisevic will be shown at trial to have violated the state and Federal Motor Carrier Safety Regulations, which constitutes negligence *per se*.

50.

Defendant Fast Lane and Defendant Ibrisevic violated the following FMCSA violations:

a) 49 CFR 383 (Commercial Driver's License Standards);

b) 49 CFR Part 390 (General);

c) 49 CFR 390.11 (Duty of Carrier to Make Sure Driver Follows the Rules);

d) 49 CFR 392 (Operations of Commercial Motor Vehicle); and

e) 49 CFR 395 (Hours of Service);

51.

As a direct and proximate cause of the violation of the above statutes, the Plaintiff Wedlowe was injured.

52.

Plaintiff Wedlowe's injuries were foreseeable consequence of the violations of the above referenced statues.

## COUNT IV - *RESPONDEAT SUPERIOR*

53.

Plaintiff Wedlowe re-alleges and incorporates herein the allegations contained in paragraphs 1 through 52 above as if fully restated.

54.

At all times relevant hereto, Defendant Fast Lane was acting by through their employee/agents and are responsible for the acts of those employees and agents pursuant to *respondeat superior*, agency, or similar theory of law.

## COUNT V – DIRECT ACTION

55.

Plaintiff Wedlowe re-alleges and incorporates herein the allegations contained in paragraphs 1 through 54 above as if fully restated.

56.

Defendant Sentry Select Insurance Company is subject to a direct action as the insurer for Defendant Fast Lane and Defendant Ibrisevic pursuant to O.C.G.A § 40-2-140.

57.

Defendant Sentry Select Insurance Company was the insurer for Defendant Ibrisevic pursuant to O.C.G.A § 40-2-140.

58.

Defendant Sentry Select Insurance Company issued a liability policy with policy number A0059595001 to comply with the filing requirements under Georgia law for interstate transportation.

59.

Defendant Sentry Select Insurance Company and Defendant Ibrisevic are subject to the filing requirements outlined in O.C.G.A § 40-2-140.

## **COUNT VI – DAMAGES**

60.

Plaintiff Wedlowe re-alleges and incorporates herein the allegations contained in paragraphs 1 through 59 above as if fully restated.

61.

As a result of Defendants' negligence, Plaintiff Wedlowe suffered significant injuries to his person.

62.

As a result of Defendants' negligence, Plaintiff Wedlowe has a claim for past medical expenses.

63.

As a result of Defendants' negligence, Plaintiff Wedlowe has a claim for future medical expenses.

64.

As a result of Defendants' negligence, Plaintiff Wedlowe has a claim for past pain and suffering.

65.

As a result of Defendants' negligence, Plaintiff Wedlowe has a claim for future pain and suffering.

66.

As a result of Defendants' negligence, Plaintiff Wedlowe has a claim for lost wages.

**WHEREFORE,** Plaintiff Tommie F. Wedlowe prays that they have a trial on all issues and judgments against Defendants as follows;

a) That process and summons be issued requiring Defendants to appear as provided by law and to answer the allegations of this Complaint;

b) A trial by jury;

c) Recovery for past and future physical pain and suffering based on proof;

d) Recovery for their past and future mental and emotional pain and suffering;

e) Recovery for past general damages based on proof;

f) Recovery of past special damages in the amount of $479,218.47. Plaintiff will supplement this amount in a timely manner prior to trial as Plaintiff Wedlowe is still treating.

g) Recovery for present and future medical, hospital, and other items of special damage based on proof;

h) That all cost be cast against the Defendants;

i) Recovery for their loss of enjoyment of life; and

j) For such other and further relief as the Court deems just and appropriate.

Respectfully submitted on this 20th day of December 2022.

**BEY & ASSOCIATES LLC**

*Joe Morris*
N. JOHN BEY
Georgia Bar No. 118279
JOE MORRIS, III
Georgia Bar No. 524280
*Attorneys for Plaintiff*

191 Peachtree Street NE, Suite 3200
Atlanta, GA 30303
Telephone: 404-344-4448
Facsimile:  404-393-6107
john@beyandassociates.com
joe@beyandassociates.com

## IN THE SUPERIOR COURT OF DEKALB
## COUNTY STATE OF GEORGIA

| | |
|---|---|
| TOMMIE F. WEDLOWE, | ) |
| | )   **CIVIL ACTION** |
|     **Plaintiff,** | )   **FILE NO.** |
| | ) |
| | ) |
| v. | )   **JURY TRIAL DEMAND** |
| | ) |
| | ) |
| **FAST LANE CARRIERS, LLC, NIJAZ** | ) |
| **IBRISEVIC, and SENTRY SELECT** | ) |
| **INSURANCE COMPANY,** | ) |
| | ) |
|     **Defendants.** | ) |

## **VERIFICATION**

Personally, appeared before me, TOMMIE F. WEDLOWE, who, after first being duly

sworn, deposes, and states under oath that I have read the foregoing Verified Complaint, and that

the presented facts stated therein are true and correct to the best of my knowledge.

Respectfully submitted this 20th day of December, 2022.

 

 

_____

TOMMIE F. WEDLOWE

 

 

Sworn and subscribed before me on this __20th__ day of __December__, 2022.

_____
Notary Public

My Commission Expires on: __7/20/2024__

BRITTANY E LAWSON
Notary Public, Georgia
Dekalb County
My Commission Expires
July 20, 2024