FILED 1/12/2023 2:23 PM CLERK OF SUPERIOR COURT DEKALB COUNTY GEORGIA

JAB

## IN THE SUPERIOR COURT OF DEKALB COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **TOMMIE F. WEDLOWE,** | * | |
| **Plaintiff,** | * | |
| | * | |
| **vs.** | * | **Civil Action No. 22CV10700** |
| | * | |
| **SENTRY SELECT INSURANCE** | * | |
| **COMPANY, FAST LANE CARRIERS,** | * | |
| **LLC., and NIJAZ IBRISEVIC,** | * | |
| **Defendants.** | * | |

### ANSWER OF SENTRY SELECT INSURANCE COMPANY

COMES NOW Sentry Select Insurance Company, (hereinafter sometimes referred to as "Sentry), Defendant in the above styled civil action and answers and responds to the Plaintiff's Verified Complaint for Damages, and for Answer, shows the Court as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a cause of action against this Defendant upon which relief can be granted.

### SECOND DEFENSE

No act or omission of this Defendant either proximately caused or contributed to all damage the Plaintiff may have sustained, and on account thereof, Plaintiff is not entitled to recover any sum of this Defendant.

### THIRD DEFENSE

The occurrence complained of was caused, produced and brought about directly and proximately by the negligence of Plaintiff, and on account thereof, Plaintiff is not entitled to recover any sum of this Defendant.

### FOURTH DEFENSE

Plaintiff, by the exercise of ordinary care, could have avoided being injured and damaged, and on account thereof, Plaintiff is not entitled to recover any sum of this Defendant.

### FIFTH DEFENSE

The negligence of Plaintiff equaled or preponderated over any act or omission of this Defendant in producing and bringing about the occurrence complained of, and on account thereof, Plaintiff is not entitled to recover any sum of this Defendant.

EXHIBIT "4"

## **SIXTH DEFENSE**

Further answering the numbered paragraphs of Plaintiff's Complaint, Defendant answers as follows:

1.

This Defendant denies the allegations contained in paragraph 1 of Plaintiff's Complaint.

2.

This Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 2 of Plaintiff's Complaint and can therefore neither admit nor deny same.

3.

This Defendant admits the allegations contained in paragraph 3 of Plaintiff's Complaint.

4.

This Defendant admits the allegations contained in paragraph 4 of Plaintiff's Complaint.

5.

This Defendant admits the allegations contained in paragraph 5 of Plaintiff's Complaint.

6.

This Defendant denies the allegations contained in paragraph 6 of Plaintiff's Complaint.

7.

This Defendant admits the allegations contained in paragraph 7 of Plaintiff's Complaint.

8.

This Defendant admits the allegations contained in paragraph 8 of Plaintiff's Complaint.

9.

This Defendant admits the allegations contained in paragraph 9 of Plaintiff's Complaint.

10.

This Defendant admits the allegations contained in paragraph 10 of Plaintiff's Complaint.

11.

This Defendant admits the allegations contained in paragraph 11 of Plaintiff's Complaint.

12.

This Defendant admits the allegations contained in paragraph 12 of Plaintiff's Complaint.

13.

This Defendant admits the allegations contained in paragraph 13 of Plaintiff's Complaint.

14.

This Defendant admits the allegations contained in paragraph 14 of Plaintiff's Complaint.

15.

This Defendant admits the allegations contained in paragraph 15 of Plaintiff's Complaint.

16.

This Defendant admits the allegations contained in paragraph 16 of Plaintiff's Complaint.

17.

Upon proper service, the allegations contained within paragraph 17 of the Plaintiff's Complaint are admitted.

18.

This Defendant admits the allegations contained in paragraph 18 of Plaintiff's Complaint.

19.

This Defendant admits the allegations contained in paragraph 19 of Plaintiff's Complaint.

20.

This Defendant admits the allegations contained in paragraph 20 of Plaintiff's Complaint.

21.

This Defendant denies the allegations contained in paragraph 21 of Plaintiff's Complaint.

22.

This Defendant denies the allegations contained in paragraph 22 of Plaintiff's Complaint.

23.

This Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 23 of Plaintiff's Complaint and can therefore neither admit nor deny same.

24.

This Defendant denies the allegations contained in paragraph 24 of Plaintiff's Complaint.

25.

Defendant re-states and re-alleges its above responses to paragraphs 1 through 24 of the Plaintiff's Complaint as if fully set out herein.

26.

This Defendant admits the allegations contained in paragraph 26 of Plaintiff's Complaint.

27.

This Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 27 of Plaintiff's Complaint and can neither admit nor deny same and therefore said allegations stand denied.

28.

This Defendant denies the allegations contained in paragraph 28 of Plaintiff's Complaint.

29.

This Defendant denies the allegations contained in paragraph 29 of Plaintiff's Complaint.

30.

This Defendant denies the allegations contained in paragraph 30 of Plaintiff's Complaint.

31.

This Defendant denies the allegations contained in paragraph 31 of Plaintiff's Complaint.

32.

This Defendant denies the allegations contained in paragraph 32 of Plaintiff's Complaint.

33.

Defendant re-states and re-alleges its above responses to paragraphs 1 through 32 of the Plaintiff's Complaint as if fully set out herein.

34.

This Defendant denies the allegations contained in paragraph 34 of Plaintiff's Complaint.

35.

This Defendant denies the allegations contained in paragraph 35 of Plaintiff's Complaint.

36.

This Defendant denies the allegations contained in paragraph 36 of Plaintiff's Complaint.

37.

This Defendant denies the allegations contained in paragraph 37 of Plaintiff's Complaint.

38.

This Defendant denies the allegations contained in paragraph 38 of Plaintiff's Complaint.

39.

This Defendant denies the allegations contained in paragraph 39 of Plaintiff's Complaint.

40.

This Defendant denies the allegations contained in paragraph 40 of Plaintiff's Complaint.

41.

This Defendant denies the allegations contained in paragraph 41 of Plaintiff's Complaint.

42.

This Defendant denies the allegations contained in paragraph 42 of Plaintiff's Complaint.

43.

This Defendant denies the allegations contained in paragraph 43 of Plaintiff's Complaint.

44.

This Defendant denies the allegations contained in paragraph 44 of Plaintiff's Complaint.

45.

Defendant re-states and re-alleges its above responses to paragraphs 1 through 44 of the Plaintiff's Complaint as if fully set out herein.

46.

This Defendant denies the allegations contained in paragraph 46 of Plaintiff's Complaint.

47.

This Defendant denies the allegations contained in paragraph 47 of Plaintiff's Complaint.

48.

This Defendant admits the allegations contained in paragraph 48 of Plaintiff's Complaint.

49.

This Defendant denies the allegations contained in paragraph 49 of Plaintiff's Complaint.

50.

This Defendant denies the allegations contained in paragraph 50 of Plaintiff's Complaint.

51.

This Defendant denies the allegations contained in paragraph 51 of Plaintiff's Complaint.

52.

This Defendant denies the allegations contained in paragraph 52 of Plaintiff's Complaint.

53.

Defendant re-states and re-alleges its above responses to paragraphs 1 through 52 of the Plaintiff's Complaint as if fully set out herein.

54.

This Defendant denies the allegations contained in paragraph 54 of Plaintiff's Complaint.

55.

Defendant re-states and re-alleges its above responses to paragraphs 1 through 54 of the Plaintiff's Complaint as if fully set out herein.

56.

This Defendant admits the allegations contained in paragraph 56 of Plaintiff's Complaint.

57.

This Defendant denies the allegations contained in paragraph 57 of Plaintiff's Complaint. The Defendant Sentry Select Insurance Company affirmatively states that it insured Fast Lane Carriers, LLC directly.

58.

This Defendant admits the allegations contained in paragraph 58 of Plaintiff's Complaint.

59.

This Defendant admits the allegations contained in paragraph 59 of Plaintiff's Complaint.

60.

Defendant re-states and re-alleges its above responses to paragraphs 1 through 59 of the Plaintiff's Complaint as if fully set out herein.

61.

This Defendant denies the allegations contained in paragraph 61 of Plaintiff's Complaint.

62.

This Defendant denies the allegations contained in paragraph 62 of Plaintiff's Complaint.

63.

This Defendant denies the allegations contained in paragraph 63 of Plaintiff's Complaint.

64.

This Defendant denies the allegations contained in paragraph 64 of Plaintiff's Complaint.

65.

This Defendant denies the allegations contained in paragraph 65 of Plaintiff's Complaint.

66.

This Defendant denies the allegations contained in paragraph 66 of Plaintiff's Complaint.

## **SEVENTH DEFENSE**

Any allegation contained in the Plaintiff's Complaint, which has not herein expressly been admitted, is hereby denied.

WHEREFORE, Defendant having fully answered the Plaintiff's Verified Complaint prays that he hence be discharged of the Plaintiff's Verified Complaint on all the aforesaid defenses, and that judgment be entered in favor of this Defendant and against the Plaintiff, with all costs cast upon the Plaintiff.

This 12th day of January, 2023.

**FAIN MAJOR & BRENNAN, P.C.**

*/s/ James W. Hardee*

One Premier Plaza
5605 Glenridge Dr. N.E., Suite 900
Atlanta, GA 30342-1445
(404) 688-6633
*jhardee@fainmajor.com*
*dray@fainmajor.com*

JAMES W. HARDEE
Georgia Bar No. 324399
DALE C. RAY, JR.
Georgia Bar No. 596095
*Counsel for Defendants*

**IN THE SUPERIOR COURT OF DEKALB COUNTY**

**STATE OF GEORGIA**

| | | |
|---|---|---|
| **TOMMIE F. WEDLOWE,** | * | |
| **Plaintiff,** | * | |
| | * | |
| **vs.** | * | **Civil Action No. 22CV10700** |
| | * | |
| **SENTRY SELECT INSURANCE** | * | |
| **COMPANY, FAST LANE CARRIERS,** | * | |
| **LLC., and NIJAZ IBRISEVIC,** | * | |
| **Defendants.** | * | |

<u>**CERTIFICATE OF SERVICE**</u>

This is to certify that I have this date served upon counsel for the opposing parties in the foregoing matter a copy of the **Answer of Sentry Select Insurance Company** electronically via Odyssey eFileGA, via statutory electronic service, or by placing same in the United States Mail, postage prepaid, addressed as follows:

Joe Morris, III

N. John Bey

BEY & ASSOCIATES, LLC

191 Peachtree St. NE, Suite 3200

Atlanta, GA 30303

john@beyandassociates.com

joe@beyandassociates.com

This 12th day of January, 2023.

**FAIN MAJOR & BRENNAN, P.C.**

*/s/ James W. Hardee*
_____

JAMES W. HARDEE

Georgia Bar No. 324399

DALE C. RAY, JR.

Georgia Bar No. 596095

*Counsel for Defendants*

One Premier Plaza

5605 Glenridge Dr. N.E., Suite 900

Atlanta, GA 30342-1445

(404) 688-6633

*jhardee@fainmajor.com*

*dray@fainmajor.com*