IN THE SUPERIOR COURT OF DEKALB COUNTY
STATE OF GEORGIA

| | |
|---|---|
| TOMMIE F. WEDLOWE | ) |
| | ) CIVIL ACTION |
| Plaintiff, | ) FILE NO. |
| | ) |
| v. | ) **JURY TRIAL DEMAND** |
| | ) |
| SENTRY SELECT INSURANCE COMPANY, FAST LANE CARRIERS, LLC., and NIJAZ IBRISEVIC, | ) |
| | ) |
| Defendants. | ) |

## PLAINTIFF'S FIRST SET INTERROGATOIRES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT SENTRY SELECT INSURANCE COMPANY

Plaintiff Tommie F. Wedlowe hereby serves these Interrogatories and Request for Production of Documents upon Defendant Sentry Select Insurance Company pursuant to the Georgia Civil Practice Act and more specifically to the provisions of O.C.G.A. § 9-11-26 and § 9-11-33 and 9-11-34. These Interrogatories and Request for Production of Documents require timely and complete responses within forty-five (45) days after service hereof in accordance with Georgia Law.

### INTRODUCTION

In answering these Interrogatories and Request for Production of Documents, furnish all information that is available to you, including information that is in the possession of your attorneys and agents. If you are unable to answer any of the following interrogatories in full, answer to the greatest extent possible, specifying the information that you are unable to provide and the reasons that you are unable to provide it. **You are required to supplement your responses as provided by O.C.G.A. § 9-11-26 (e).**

EXHIBIT "9"

In the event that any answer or portion thereof will be withheld because of a claim of privilege or work product:

    (a) State the basis upon which the privilege is or will be claimed;

    (b) If a document is involved, state the author of the document, the date of the document, and the identity of the person possessing the document; and

    (c) State the general subject matter of the information or any document or portion thereof for which the privilege is claimed.

In responding to these document requests, Defendant shall produce all documents available at the time of responding or which can be located or discovered by reasonably diligent efforts, including documents in the possession of him/her, or his/her agents and representatives.

All documents shall be produced in the order they are kept in the ordinary course of business, and shall be produced in their original folders, binders, covers or containers, or facsimile thereof.

Unless otherwise indicated, the relevant time period ("Relevant Time Period") for each request shall be from *one year from the date of the incident through the date* of response to this document request.

These requests relate to all documents which are in Defendants possession, custody or control or in the possession, custody or control of any of the Defendants respective directors, officers, managing agents, employees, attorneys, accountants, or other representatives.

Each Defendant shall produce the original of each document described below or, if the original is not in its custody, then a copy thereof, and in any event, all non-identical copies which differ from the original or from the other copies produced for any reason, including, but not limited to, the making of notes thereon.

If production of a document is withheld pursuant to a claim of privilege, as to each such withheld document state the following information:

(a) Which privilege is claimed;

(b) A precise statement of the facts upon which said claim of privilege is based; and

(c) The following information describing each purportedly privileged document;

    (i) Its nature, e.g., agreement, letter, memorandum, etc.;

    (ii) The date it was prepared;

    (iii) The date it bears;

    (iv) The date it was sent;

    (v) The date it was received;

    (vi) The identity of the person preparing it;

    (vii) The identity of the person sending it;

    (viii) The identity of each person to whom it was sent or was to have been sent, including all addresses and all recipients of copies;

    (ix) A statement as t whom each identified person represented or purported to represent at all relevant times; and

(d) A precise description of the place where each copy of that document is kept, including the title or description of the file in which said document might be found and the location of such file.

Whenever a document is not produced in full or is produced in redacted form, so indicate on the document and state with particularity the reason or reasons it is not being produced in full and describe to the best of your knowledge, information, and belief, and with as much particularity as possible, those portions of the document which are not being produced.

3

If a document responsive to these requests was at any time in Defendants possession, custody or control but now is no longer available for production, as to each such document state the following information:

(a) Whether the document is missing or lost;

(b) Whether it has been destroyed;

(c) Whether the document has been transferred or delivered to another person or entity and, if so, at whose request;

(d) Whether the document has been otherwise disposed of; and

(e) A precise statement of the circumstances surrounding the disposition of the document and the date of the document's disposition.

This is a continuing request for production of documents. If, after making your responses, you obtain or become aware of any further document(s) responsive to this request, you are required to produce such additional document(s) to plaintiff.

## **INTERROGATORIES AND REQUEST FOR PRODUCTION**

1.

Identify the person who is answering these questions on behalf of the uninsured motorist insurance carrier served in this suit Include that person's name, age, address, social security number and, if he or she is answering for someone else, that person's official position.

2.

Identify all persons who have assisted in or were consulted in the process of gathering the information requested herein and as to each person state the interrogatory for which he or she provided information.

3.

Identify the person or people who will act as corporate representative to be deposed and at the trial of this case.

4.

With respect to each policy of liability insurance (automobile, umbrella, and any other coverage) which may be responsible for providing coverage for the claims made by Plaintiff(s), please:

    a.     identify all insurance companies which may have coverage, and as to each:

        (i)     state the extent of coverage provided in the policy or policies of insurance, including coverage for both personal injury and property damage; and

        (ii)     the policy numbers of each policy.

5.

With respect to each person known to the liability motorist carrier or it's counsel, agents, employees, or lawyers, who witnessed, or claims to have witnessed, or has knowledge of any facts concerning, the collision of January 9, 2022, which is the subject of this lawsuit, please:

    a.     identify them;

    b.     state whether any statement has been obtained from them, and state the date the statement was obtained, and the identity of the person who took the statement;

    c.     describe the information which they possess which is relevant to this action;

    d.     identify all documents which record, reflect, or otherwise evidence statements they have given and your communications with them.

6.

With respect to any maps, pictures, photographs, videotapes, drawings, diagrams,

measurements or other written or recorded descriptions of the incident, the vehicles, the scene of the incident, or the areas or persons involved (including Plaintiff) that you, or any agent or employee of yours, have possession or control of, or know of the existence of, please state:

a. Its nature or type and specific subject matter;

b. The date and time it was made or taken;

c. The identity the person making or taking it;

d. Its present location; and

e. The identity of the person at whose request it was made or taken.

7.

With respect to any charges of violations of law arising out of the collision in which the Defendant Nijaz Ibrisevic was involved which is the subject of this case, please state:

a. What was the nature of the charge?

b. What plea you entered to each charge?

c. In what court was the charge heard?

d. Was the testimony at any trial on the charge recorded in any manner and, if so, what was the name and address of the person who recorded the testimony?

e. What was the final disposition of the charge?

8.

Describe in detail how you, the liability insurance carrier, contends the collision at issue in this action happened, stating the events relating thereto in their sequential order, including all actions you contend were taken by any party to prevent the collision.

9.

Describe in detail each act or omission on the part of Defendant Nijaz Ibrisevic your

insured, which you contend constituted negligence that was a contributing factual cause of the collision which is at issue in this case.

10.

Describe in detail each act or omission on the part of Plaintiff, which you contend constituted negligence that was a contributing factual cause of the collision which is at issue in this case.

11.

Identify each person or entity the liability motorist carrier, its agents or employees, contend contributed to the cause of the collision which occurred at issue; as to each describe the act or omission which you contend constituted a contributing factual cause of the collision.

12.

Please identify each person you and any representative of the defendant or the liability motorist canier expects to call as an expert witness at the trial of this action and as to each:

a. Describe his/her qualifications as an expert;

b. State the subject matter upon which he/she is expected to testify;

c. State his/her opinions and include a summary of the grounds for each opinion;

d. Identify all documents which have been exchanged with each witness, including reports and billing statements and payments;

e. Describe the financial arrangements with the expert;

f. Identify all actions in which the expert has provided testimony in the five years preceding your response; and

g. Identify all documents prepared by each witness which relate to the subject matter of this lawsuit.

13.

Since your company, the Defendants' insurance carrier has denied responsibility for paying the claims asserted by Plaintiff, please state your grounds for each such denial and specify the facts on which you base each such denial.

14.

Provide the rationale for the offer extended lo the Plaintiff to settle this case before trial. In prulicular. state the basis for your monetary evaluation or the case, all the factors taken into consideration and the person who assigned a value to the case, and why this insurance company has valued the claim or its own insured, and from who and when it has collected premiums to provide coverage, as it has done.

Respectfully submitted on this 20th day of December 2022.

                                                          **BEY & ASSOCIATES LLC**

                                                          *Joe Morris*
                                                          N. JOHN BEY
                                                          Georgia Bar No. 118279
                                                          JOE MORRIS, III
                                                          Georgia Bar No. 524280
                                                          *Attorneys for Plaintiff*

191 Peachtree Street NE, Suite 3200
Atlanta, GA 30303
Telephone: 404-344-4448
Facsimile:  404-393-6107
john@beyandassociates.com
joe@beyandassociates.com