FILED 1/12/2023 2:23 PM CLERK OF SUPERIOR COURT DEKALB COUNTY GEORGIA

JAB

# IN THE SUPERIOR COURT OF DEKALB COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **TOMMIE F. WEDLOWE,** | * | |
|     **Plaintiff,** | * | |
| | * | |
| **vs.** | * | **Civil Action No. 22CV10700** |
| | * | |
| **SENTRY SELECT INSURANCE** | * | |
| **COMPANY, FAST LANE CARRIERS,** | * | |
| **LLC., and NIJAZ IBRISEVIC,** | * | |
|     **Defendants.** | * | |

## DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF

To:   Tommie F. Wedlowe
       c/o Joe Morris, III
       N. John Bey
       BEY & ASSOCIATES, LLC
       191 Peachtree St. NE, Suite 3200
       Atlanta, GA 30303

COMES NOW the Defendant, and serves this Request for Production of Documents pursuant to O.C.G.A. § 9-11-34(a), and requires Plaintiff to comply with said Code section by producing and permitting counsel for said Defendant to inspect and copy each of the following documents and things described herein below. This production of documents and things shall be made within thirty-three (33) days of the service hereof at the offices of the attorney(s) listed below as representing said Defendant. Said attorney(s) is/are also willing to pay for the reasonable cost of reproducing these documents and simply having them mailed to said Defendant's attorneys rather than an actual appearance at the office of this Defendant's attorneys, if this procedure is preferred by counsel for Plaintiff.

As used herein the terms **"you"** and **"your"** shall refer to the Plaintiff in the present lawsuit.

As used herein the term **"Defendant"** shall refer to Fast Lane Carriers, LLC.

Please produce the following documents and things:

1.

Any documentation of communications from you or from someone acting on your behalf to the Defendant or any of the Defendant's employees or agents concerning any of the matters at issue in the present lawsuit.

**EXHIBIT "10"**

2.

Any documentation of communications received by you or on your behalf from the Defendant or any of the Defendant's employees or agents concerning any of the matters at issue in the present lawsuit.

3.

If you claim any loss of wages, compensation or income in the present lawsuit, your federal income tax returns for the five (5) years immediately preceding the date of your response to this Request.

4.

Any written reports rendered by or correspondence received from any persons who are expected to testify in any respect at any trial of the present lawsuit concerning your allegations of any liability of the Defendant in the present lawsuit.

5.

Any written reports rendered by or correspondence received from any persons who are expected to testify in any respect at any trial of the present lawsuit concerning your allegations damages and/or causation in the present lawsuit.

6.

Any written reports of or correspondence from any experts consulted by you or on your behalf with respect to any of your allegations of liability, causation and/or damages in the present lawsuit.

7.

Any and all documents, things or other physical evidence evidencing or relating to harm, loss or damage which you allege you have sustained as a result of any alleged wrongful conduct or breach of duty by the Defendant or any of the Defendant's agents, employees or contractors, which is at issue in the present lawsuit.

8.

To the extent not otherwise produced in response to the foregoing requests, any documentation of the expenses and special damages which you are seeking to recover in the present lawsuit.

9.

Any documents evidencing or reflecting any verbal, written or recorded statements made by the Defendant or any of the Defendant's agents, employees or contractors, which supports, proves or tends to prove any of your claims in the present lawsuit.

10.

Any documents evidencing or reflecting any other statement, whether recorded, transcribed or otherwise, of the Defendant or any of the Defendant's agents, employees or contractors.

11.

Any documents evidencing or reflecting any written, recorded or other statement or report of or from any witness to or participant in any aspect of the subject incident or occurrence at issue in the present lawsuit.

12.

Any statement, report or writing of any kind prepared by any person who has some knowledge of any fact or circumstance upon which your claims in the present lawsuit of any breach of duty, any other misconduct, causation and/or damages are based.

13.

Any transcript or other record of any judicial or quasi-judicial hearing conducted in connection with or related to any of the matters at issue in the present lawsuit.

14.

Any police report, incident report, inspection report, citation, or warning issued by any governmental officer, official or agency in connection with or related to any of the matters at issue in the present lawsuit.

15.

Any statement, report or writing of any kind prepared by or received from any expert witness who has any knowledge, information or opinions relating to any alleged breach of duty or wrongful conduct at issue in the present lawsuit or any resulting damages.

16.

Any correspondence from or other documentation of communications from any person(s) you expect to call to testify as an expert witness in this case.

17.

Any written reports prepared by or received from any expert who is expected to testify at trial in this case concerning any aspect of the issues of liability, causation and/or damages in the present lawsuit.

18.

Each document, thing or other item of tangible evidence which supports, proves or tends to prove your allegations of any breach of duty or any other misconduct of the Defendant or any of the Defendant's employees, agents or contractors at issue in the present lawsuit.

19.

To the extent not otherwise produced in response to the foregoing requests, each document, thing or other item of tangible evidence which supports, proves or tends to prove your allegations in this lawsuit concerning any alleged liability of the Defendant.

20.

To the extent not otherwise produced in response to the foregoing requests, each document, thing or other item of tangible evidence which supports, proves or tends to prove your allegations in this lawsuit concerning your damages and/or the causation of such damages.

21.

Any photograph, drawing, diagram, or graphic representation depicting or evidencing any of the events, incidents or conduct at issue in this lawsuit or any resulting harm or damages.

22.

Any photograph, drawing, diagram, or graphic representation depicting or evidencing the Defendant, the Plaintiff's claimed injuries, or any place or thing at issue in the present lawsuit.

23.

Any video or audio recording depicting or evidencing any of the events, incidents or conduct at issue in this lawsuit or any resulting harm or damages.

24.

Any video or audio recording of or depicting the Defendant, the Plaintiff's claimed injuries, or any place or thing at issue in the present lawsuit.

25.

Any records and/or reports, including medical records, billing statements, images and radiological imaging, from any hospital, physician, surgeon or other practitioner of the healing arts, generated or prepared in connection with any healthcare, medical treatment and/or any diagnostic procedure rendered to you or received by you as a claimed result of the subject incident or occurrence at issue in this lawsuit.

26.

Any records and/or reports in your possession from or related to any of your hospitalizations or hospital visits occurring at any time prior to the subject incident or occurrence at issue in this lawsuit.

27.

Any records and/or reports in your possession related to any of your healthcare occurring within the ten year period prior to the subject incident or occurrence at issue in this lawsuit.

28.

Any records and/or reports in your possession from or related to any of your hospitalizations or hospital visits occurring at any time subsequent to the subject incident or occurrence at issue in this lawsuit.

29.

Any records and/or reports in your possession related to any of your healthcare occurring subsequent to the subject incident or occurrence at issue in this lawsuit.

30.

Any written reports rendered by any physicians or other practitioners of the healing arts, who are expected to testify in any respect at the trial of this lawsuit concerning any issues of damages and/or causation in this matter.

31.

Any documents, including but not limited to, correspondence to and from Medicare and/or Centers for Medicare and Medicaid Services (CMS) and/or Medicare Secondary Payer Recovery Contractor (MSPRC) which in any way reference your request for benefits, your receipt of benefits, and/or your denial of benefits at any time, including benefits related to the injuries you allegedly sustained as a result of the subject incident or occurrence at issue in this lawsuit.

32.

Any documentation reflecting conditional payments made on your behalf by Medicare or Medicaid at any time, including benefits provided in relation to any treatment for or diagnosis of any injuries or other health conditions allegedly sustained or experienced by you as a result of the subject incident or occurrence at issue in this lawsuit.

33.

Any claim forms which your healthcare providers used to bill Medicare or Medicaid for services rendered to you for injuries or other medical conditions claimed to have resulted from the subject incident or occurrence at issue in this lawsuit.

34.

Any claim forms which your healthcare providers used to bill any health insurance company or medical benefits provider for services rendered to you for injuries or other medical conditions claimed to have resulted from the subject incident or occurrence at issue in this lawsuit.

35.

Any documents, including but not limited to, correspondence to and from the Social Security Administration or any other disability benefits provider which in any way reference your

request for Social Security Disability benefits or any other disability benefits, your receipt of any such benefits, and/or any denial of any such benefits at any time, including without limitation, Social Security or other disability benefits sought by or provided to you as a result of any injuries or other medical conditions claimed to have resulted from the subject incident or occurrence at issue in this lawsuit.

36.

Any documentation of any agreements entered into by you or on your behalf with any of your medical care providers concerning payment of any medical expenses incurred by you or on your behalf in connection with any injuries or treatment at issue in the present lawsuit.

37.

Any documentation of any agreements entered into by you or on your behalf with any person or entity providing funding for any medical expenses incurred by you or on your behalf in connection with any injuries or treatment at issue in the present lawsuit.

38.

Any agreements or documentation of agreements with any third parties in connection with your obtaining medical diagnosis or treatment in exchange for any obligation to pay such third party from any proceeds, settlement, or judgment to be obtained in the present lawsuit. This request specifically seeks, without limitation, any such documents involving any third-party medical treatment funding providers such as ML Healthcare, Key Health Medical Solutions, Atlanta Medical Management, etc.

39.

Any documents, writings, memoranda, emails, correspondence, photographs, videos, other written or graphic materials or depictions and/or other items of tangible evidence that support, reflect, memorialize or otherwise relate to any of your allegations, if any, that the Defendant should be required to pay expenses of litigation and/or attorney fees in this lawsuit.

40.

Any documents, writings, memoranda, emails, correspondence, photographs, videos, other written or graphic materials or depictions and/or other items of tangible evidence that support, reflect, memorialize or otherwise relate to your allegations, if any, that the Defendant should be required to pay punitive damages or any other penalties in this lawsuit.

41.

Any correspondence, notifications, agreements or other documentation concerning any claim for or right of subrogation or reimbursement of any insurance company or private or

governmental benefits provider in connection with any payment for any medical expense or wage loss alleged to have resulted from the subject incident or occurrence at issue in the present lawsuit, including without limitation, workers compensation, Medicare, Medicaid, health insurance or other such benefits providers' subrogation or reimbursement rights or claims.

42.

In the event you have ever been convicted of any crime that was a felony, any crime involving moral turpitude and/or any crime involving dishonesty, produce any documents you possess evidencing or reflecting such convictions.

43.

To the extent that there have been any other lawsuits, legal actions or legal proceedings (to which the Defendant was not a party) related to any of the matters at issue in the present lawsuit, any pleadings or other records in your possession concerning such other lawsuits, legal actions or legal proceedings.

44.

To the extent that there have been any settlements or compromises (to which the Defendant was not a party) related to any of the matters at issue in the present lawsuit, any agreements, releases or other documentation of any such settlements or compromises.

45.

Any documentation, including without limitation, photographs, damage estimates and/or repair bills related to or concerning any damage to any motor vehicle, property or thing involved in the subject incident or occurrence at issue in the present lawsuit.

46.

Your cell phone billing statement for the billing period which includes the date of the subject incident or occurrence at issue in the present lawsuit

47.

Any proofs of loss, loan receipts, subrogation agreements or other such documents issued in connection with any payment made for or on account of any of any injuries, medical care or any other damage to person or property as a result of the subject incident or occurrence at issue in the present lawsuit.

48.

Any documents evidencing service of process on the defendant(s) in the present lawsuit.

49.

Any documents and things not otherwise produced in response to the foregoing requests which were referenced in your responses to the Defendant's First Interrogatories to Plaintiff in the present lawsuit.

50.

Any documentary or physical evidence not otherwise produced in response to the foregoing requests which is relevant to any material issue in this case or reasonably calculated to lead to the discovery of other admissible evidence.

This 12th day of January, 2023.

FAIN MAJOR & BRENNAN, P.C.

*/s/ James W. Hardee*

One Premier Plaza
5605 Glenridge Dr. N.E., Suite 900
Atlanta, GA 30342-1445
(404) 688-6633
jhardee@fainmajor.com
dray@fainmajor.com

JAMES W. HARDEE
Georgia Bar No. 324399
DALE C. RAY, JR.
Georgia Bar No. 596095
*Counsel for Defendants*

IN THE SUPERIOR COURT OF DEKALB COUNTY

STATE OF GEORGIA

| | |
|---|---|
| TOMMIE F. WEDLOWE,          * | |
|     Plaintiff,                         * | |
|                                                   * | |
| vs.                                              * | Civil Action No. 22CV10700 |
|                                                   * | |
| SENTRY SELECT INSURANCE     * | |
| COMPANY, FAST LANE CARRIERS, * | |
| LLC., and NIJAZ IBRISEVIC,        * | |
|     Defendants.                      * | |

## CERTIFICATE OF SERVICE

This is to certify that I have this date served upon counsel for the opposing parties in the foregoing matter a copy of the **Defendant Fast Lane Carriers, LLC's First Request for Production of Documents Plaintiff** electronically via Odyssey eFileGA, via statutory electronic service, or by placing same in the United States Mail, postage prepaid, addressed as follows:

Joe Morris, III
N. John Bey
BEY & ASSOCIATES, LLC
191 Peachtree St. NE, Suite 3200
Atlanta, GA 30303
john@beyandassociates.com
joe@beyandassociates.com

This 12th day of January, 2023.

FAIN MAJOR & BRENNAN, P.C.

*/s/ James W. Hardee*
JAMES W. HARDEE
Georgia Bar No. 324399
DALE C. RAY, JR.
Georgia Bar No. 596095
*Counsel for Defendants*

One Premier Plaza
5605 Glenridge Dr. N.E., Suite 900
Atlanta, GA 30342-1445
(404) 688-6633
jhardee@fainmajor.com
dray@fainmajor.com