IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
Atlanta Division

ANGELA CRET,

    Plaintiff,

v.     Civil Action No.:

UNUM LIFE INSURANCE
COMPANY OF AMERICA,

    Defendant.

## COMPLAINT

The Plaintiff, ANGELA CRET, sues the Defendant, UNUM LIFE INSURANCE COMPANY OF AMERICA (hereinafter "UNUM") and states:

1. This is an action for legal and/or equitable relief under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 et seq.

2. This Court has jurisdiction pursuant to 29 U.S.C. § 1131(e) and (f).

3. At all times material hereto, Plaintiff was a resident of Gwinnett County, Buford, Georgia.

4. Plaintiff was an employee of Emory Healthcare, Inc.

5. At all times material hereto, Plaintiff is and/or was a participant in a Group Policy issued by UNUM to Emory Healthcare, Inc., that provided for Long Term Disability benefits (hereinafter "LTD Plan").  According to the LTD Plan,

1

UNUM "has discretionary authority to determine your eligibility for benefits and to interpret the terms and provision of the policy."

6. At all times material hereto, Defendant UNUM, was a corporation licensed to do business in the State of Georgia and was charged with making the final benefits determinations at issue under the LTD Plan.

7. The Plan was funded through a contract of insurance issued by UNUM, who pays claims from its own general assets.

8. Upon information and belief, Defendant Unum operated under a structural financial conflict of interest in that they assumed dual roles as the claim's administrator and payor of benefits.

9. The LTD Plan contains the following definition of disability:

*"You are disabled when Unum determines that:*

- *you are limited from performing the material and substantial duties of your regular occupation due to your sickness or injury; and*
- *you have a 20% or more loss in your indexed monthly earnings due to the same sickness or injury.*

*After 24 months of payments, you are disabled when Unum determines that due to the same sickness or injury, you are unable to perform the duties of any gainful occupation for which you are reasonably fitted by education, training or experience."*

10. Plaintiff stopped working for Emery Healthcare Inc. on January 3, 2021 and began receiving short term disability benefits and subsequently long term disability benefits from UNUM through September 3, 2021.

11. By letter dated February 17, 2022, UNUM determined that Plaintiff no longer met the definition of disability as defined in the LTD Plan and stopped paying benefits beyond September 3, 2021.

12. On August 15, 2022, UNUM received Plaintiff's requested reconsideration of the February 17, 2022 determination.

13. UNUM affirmed the decision terminating Plaintiff's Long Term disability benefits by letter dated October 27, 2022. This denial formally exhausted Plaintiff's administrative remedies, and UNUM informed Plaintiff that she had a right to bring a legal action under ERISA on or before February 17, 2025.

## CAUSE OF ACTION

**(Violation of Section 502 (a)(1)(B) Against Defendant, UNUM)**

14. The Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 13, inclusive.

15. The LTD Plan provides that Plaintiff is entitled to Long Term disability benefits if she meets the definition of Disabled.

16.     Plaintiff has met the definition of Disabled within the meaning of the LTD Plan and is entitled to disability as of September 4, 2021, and through the present.

17.     Defendant UNUM, since September 4, 2021, has failed and refused to pay Long Term disability benefits to Plaintiff and such failure and refusal constitutes an improper denial of benefits pursuant to a disability plan governed by ERISA.

18.     The decision denying the Plaintiff the rights and benefits due under the Plan was arbitrary, illegal, capricious, unreasonable, discriminatory, and not made in good faith.  The decision is not supported by substantial evidence and arises from an erroneous application of the Plan and federal law.

19.     As a direct and proximate result of Defendant UNUM's actions, the Plaintiff has sustained damages and such damages will approximate the amount of benefits payable to the Plaintiff under the terms of the Plan.

20.     Plaintiff has been required to obtain the services an attorney in this matter and has agreed to a reasonable attorney fee as compensation for services. Pursuant to 29 U.S.C. § 1132(g) Plaintiff is entitled to a reasonable attorney's fee and costs of action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, ANGELA CRET, asks this Court to enter judgment against Defendant UNUM, finding that:

(a)  Plaintiff met the definition of Disabled under the LTD Plan as of September 4, 2021 and through the present;

(b)  Plaintiff is entitled to Long Term disability benefits from September 4, 2021 through the present;

(c)  Ordering Defendant to pay Plaintiff all benefits due under the LTD Plan;

(d)  Declaring that all rights and benefits due to the Plaintiff are vested and non-forfeitable or, in the alternative, to award the Plaintiff a money judgment for all sums owed to the Plaintiff;

(e)  Awarding the Plaintiff prejudgment interest to the date of judgment;

(f)  An award reasonable attorney's fees and costs incurred in this action is proper; and

(g)  Any such other and further relief this Court deems just and proper, including but not limited to a declaration that Plaintiff's same claim for benefits continues after the last date of benefits awarded by the Court.

***/s/ Jonathan Ginsberg***
Jonathan Ginsberg, Esquire
Bar No: Bar No: 295690
Ginsberg Law Offices
1854 Independence Square
Atlanta, GA  30338
Telephone:  770-393-4985
Fax:  770-393-0240
ginsberg@gmail.com
*January 25, 2023*