IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| FOUR SEASONS TRUCKING, INC., | : | |
| Plaintiff, | : | |
| v. | : | CIVIL ACTION NO. |
| GRANGE MUTUAL CASUALTY COMPANY, | : | |
| Defendant. | : | |

## NOTICE OF REMOVAL

COMES NOW Grange Insurance Company (formerly known as Grange Mutual Casualty Company) and hereby gives notice of its removal of Civil Action File Number 22-A-10891-1 from the Superior Court of Gwinnett County, Georgia, to the United States District Court for the Northern District of Georgia, Atlanta Division, and respectfully shows the Court the following:

1.

Grange Insurance Company (formerly known as Grange Mutual Casualty Company) (hereafter "Grange" or "Defendant") is the defendant in a civil action brought in the Superior Court of Gwinnett County, Georgia, styled <u>Four Seasons Trucking, Inc. v. Grange Mutual Casualty Company</u>, Civil Action File No. 22-A-10891-1.  Attached hereto are the Complaint and all other pleadings that have been

filed as of this date.

2.

Plaintiff filed its Complaint against Grange on December 27, 2022. Grange was served with the Complaint on December 27, 2022. Grange has timely removed this action within 30 days of having been served with the Complaint and Summons.

3.

Plaintiff Four Seasons Trucking, Inc. ("FST" or "Plaintiff") is a Georgia corporation with its principal place of business in Georgia. (Compl. at ¶ 1; Georgia Secretary of State Corporations Division online information for Four Seasons Trucking, Inc.). FST is a Georgia citizen.

4.

Grange is an Ohio insurance company with its principal place of business in Ohio. Grange is a citizen of Ohio. There is complete diversity of citizenship between Plaintiff and Defendant.

5.

FST's Complaint seeks a declaratory judgment that Grange has a duty to continue to defend FST in a bodily-injury lawsuit that is pending in the State Court of DeKalb County, styled as <u>Terri Slaughter v. Mark T. Lucas and Four Seasons</u>

Trucking, Inc., Civil Action No. 20A79267 (the "Slaughter case"). The Slaughter case arises out of a multi-vehicle accident involving a dump truck.

6.

In August 2016, Grange filed a declaratory judgment action in the United States District Court for the Northern District of Georgia[1] concerning coverage issues related to the Slaughter case, another lawsuit, and three insurance policies that Grange issued: (1) a commercial automobile liability policy that Grange issued to FST ("the FST Policy")[2]; (2) a commercial umbrella policy that Grange issued to FST ("the FST Umbrella Policy")[3]; and (3) a commercial automobile liability policy that Grange issued to Four Seasons Trucking and Grading, Inc. ("the T&G Policy")[4].

7.

In an Order dated February 20, 2018, the Honorable Steve C. Jones of the Northern District of Georgia concluded that the T&G Policy was the only policy issued by Grange that applied to the October 12, 2015 accident and that there was a single accident even though two claims arose out of the accident.[5] On appeal, the

---

[1] *Grange Mut. Cas. Co. v. Terrie Slaughter et al.*, Case 1:16-cv-03058-SCJ.
[2] Policy Number CPP 2619526-06, policy period from March 16, 2015 to March 16, 2016.
[3] Policy Number CUP 2619527-06, policy period from March 16, 2015 to March 16, 2016.
[4] Policy Number CPP 2623822-05, policy period from October 15, 2014 to October 15, 2015.
[5] 2018 U.S. Dist. LEXIS 221602 (CAF No. 1:16-CV-03058-SCJ) (N.D. Ga. February 20, 2018).

United States Court of Appeals for the Eleventh Circuit affirmed this Court's decision.[6]

8.

To date, Grange has spent more than $60,000 in connection with the defense of the Slaughter case.  Based on the undersigned counsel's experience in defending tort cases involving motor-vehicle accidents and the amount of defense costs already incurred, the total cost through trial to defend the Slaughter case will exceed $75,000 exclusive of fees and costs.  To the extent that FST also seeks a declaration that there is a duty to indemnify under the T&G Policy, the policy has a per accident limit of $1,000,000.

9.

Prior to removing this case, counsel for Grange asked counsel for FST whether FST would stipulate that FST is not seeking more than $75,000 from Grange in connection with the defense and indemnification of the Slaughter case. FST declined to stipulate to this.  A copy of the email correspondence is attached.

---

[6] *Grange Mut. Cas. Co. v. Slaughter, Baisden, Four Seasons Trucking, Inc, and Four Seasons Trucking & Grading, Inc.*, 958 F.3d 1050 (11th Cir. 2020).  This is designated as a published decision by that Court.

10.

Based on the foregoing, the amount in controversy exceeds $75,000, exclusive of interests and costs. Furthermore, this Court is permitted to make "reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case is removable." *See Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061–62 (11th Cir. 2010) ("Indeed, in some cases, the defendant or the court itself may be better-situated to accurately assess the amount in controversy.").

11.

This Court has jurisdiction over this action pursuant to §1332 of Title 28 of the United States Code because there is complete diversity of citizenship between Plaintiff and Defendant and the amount in controversy exceeds $75,000, exclusive of interest and costs. This action may therefore be removed under 28 U.S.C. § 1441.

12.

Pursuant to 28 U.S.C. §§ 1441 and 1446, removal of the state court action to this Court is appropriate.

13.

Pursuant to 28 U.S.C. § 1446(d), Grange is serving a copy of this Notice of

Removal on Plaintiff and is filing it with the Superior Court of Gwinnett County, Georgia.

14.

Defendant reserves the right to amend or supplement this Notice of Removal.

15.

This Notice of Removal will not waive any defenses that Grange may have to Plaintiff's Complaint.

WHEREFORE, Defendant prays that this Notice of Removal be filed and that said action be removed to and proceed in this Court and that no further proceedings be had in the Superior Court of Gwinnett County, Georgia.

Respectfully submitted, this 25th day of January, 2023.

        **HAWKINS PARNELL & YOUNG, LLP**

        /s/ Brian W. Sprinkle
303 Peachtree Street, NE     Brian W. Sprinkle
Suite 4000                       Georgia Bar No.: 673036
Atlanta, Georgia 30308-3243   *Attorneys for Grange Insurance Company*
P: (404) 614-7400
F: (855) 889-4588
E: bsprinkle@hpylaw.com

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| FOUR SEASONS TRUCKING, INC., : | |
| : | |
| Plaintiff, : | |
| v. : | |
| : | CIVIL ACTION NO. |
| GRANGE MUTUAL CASUALTY : | |
| COMPANY, : | |
| : | |
| Defendant. : | |
| : | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the within and foregoing pleading was filed with the Clerk of Court using the CM/ECF system, which will send notification to all parties of record as follows:

John V. Kuruvilla
Kuruvilla Law Firm, PC
Tower Place 100, Ste. 1800
3340 Peachtree Road
Atlanta, Georgia 30326
JVK@KuruvillaLaw.com

This 25th day of January, 2023.

**HAWKINS PARNELL & YOUNG, LLP**

/s/ Brian W. Sprinkle
Brian W. Sprinkle
Georgia Bar No. 673036

303 Peachtree St., NE
Suite 4000
Atlanta, GA 30308-3243
T: (404) 614-7400
E: bsprinkle@hpylaw.com

7