UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

---------------------------------------------------------------------------x

Kimberly Madison,

           Plaintiff,                                               C.A. No.:

    -against-                                              **DEMAND FOR JURY TRIAL**

Transunion, LLC,
Palmetto Wholesale Cars, LLC

           Defendant(s).

---------------------------------------------------------------------------x

## COMPLAINT

      Plaintiff Kimberly Madison, also known as Kimberly Ann Madison ("Plaintiff"), by and through her attorneys, and as for her Complaint against Defendants Transunion, LLC ("Transunion") and Defendant Palmetto Wholesale Cars, LLC ("Palmetto Wholesale Cars") respectfully sets forth, complains, and alleges, upon information and belief, the following:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as well as 15 U.S.C. § 1681p *et seq*.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), being that the acts and transactions occurred here by way of credit reporting, Plaintiff resides here, and Defendants transact business here by way of selling automobiles that will be driven by Georgia residents.

3. Plaintiff brings this action for damages arising from the Defendants' violations of 15 U.S.C. § 1681 *et seq*., commonly known as the Fair Credit Reporting Act ("FCRA").

## PARTIES

4. Plaintiff is a resident of the State of Georgia, County of Gwinnett.

5. At all times material hereto, Plaintiff was a "consumer" as said term is defined under 15 U.S.C. § 1681a(c).

6. Transunion is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Transunion is a Delaware corporation registered to do business in the State of Georgia, and may be served with process upon the Prentice-Hall Corporation System, its registered agent for service of process at 2 Sun Ct Ste 400, Peachtree Corners, GA 30092.

7. At all times material hereto, Transunion is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

8. At all times material hereto, Transunion disbursed such consumer reports to third parties under a contract for monetary compensation.

9. Palmetto Wholesale Cars is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2, with a registered agent of Elizabeth Schreiber, located at 3507 S Okatie Hwy Ste A, Hardeeville, SC 29927.

## FACTUAL ALLEGATIONS

10. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

11. Palmetto Wholesale Cars sold a car to Plaintiff's daughter.

2

12. Plaintiff's daughter gave the purchased car to her Plaintiff as a present.

13. Plaintiff did not purchase the subject vehicle from Palmetto Wholesale Cars.

14. Plaintiff's daughter purchased the subject vehicle using her American Express credit card.

15. The vehicle's title and insurance were listed in Plaintiff's name.

16. The vehicle malfunctioned shortly after Plaintiff started driving it.

17. Plaintiff discovered that the engine was malfunctional and the vehicle was a lemon.

18. Plaintiff then returned the vehicle to her daughter.

19. Plaintiff's daughter attempted to return the vehicle to Palmetto Wholesale Cars.

20. Palmetto Wholesale Cars refused to accept the malfunctioning vehicle back as a return.

21. Plaintiff's daughter disputed the charge with her credit card company, American Express.

22. American Express agreed that Palmetto Wholesale Cars should have accepted the returned vehicle and reversed the charge.

23. Palmetto Wholesale Cars refused to take back the faulty vehicle.

24. Instead, they sought vengeance by way of reporting an outstanding balance on Plaintiff's credit report as if she was the original purchaser.

25. Plaintiff was not involved in the original transaction and does not owe any obligation to Palmetto Wholesale Cars.

26. Nevertheless, Palmetto Wholesale Cars continues to falsely report an outstanding balance against the Plaintiff, lowering her credit score and defaming her creditworthiness with other lenders.

Palmetto Wholesale Cars Dispute and Violation

27. Upon information and belief, on a date better known to Transunion, Transunion prepared and issued credit reports concerning Plaintiff that included inaccurate and misleading

information related to a Palmetto Wholesale Cars account with a balance listed of $7,721.00 ("Account").

28. Plaintiff does not owe a debt to Palmetto Wholesale Cars.

29. It is inaccurate to report an outstanding debt that Plaintiff does not owe.

30. Transunion inaccurately lists the Account with a monthly payment amount of $7,700.

31. Plaintiff surely does not owe such amount on a monthly basis.

32. Transunion inaccurately lists the Account with a high balance of $7,700.

33. Transunion inaccurately lists the Account with a past due amount of $7,721.

34. Transunion inaccurately lists the pay status as "Account 120 Days Past Due Date."

35. The Account is scheduled to stay on Plaintiff's credit report until October 2028.

36. The Account is the most derogatory account listed on Plaintiff's credit report.

37. On October 4, 2022, Plaintiff sent a dispute letter to Transunion.

38. Plaintiff's dispute specifically stated, "This account is inaccurate. This is not my debt; this account should not be reporting on my credit report. Someone bought me a car as a present and paid for it on her credit card. The car did not work well immediately and it turned out the engine was faulty. The car stopped working and the person who bought it for me tried to give it back. The creditor would not take it back and the buyer disputed the charge with her credit card company and they reversed the charge and give back her money to her. The creditor never picked up the car and now they are reporting the whole balance on my report even though I was not the one who bought it or involved in the transaction in any way and was never responsible for the debt."

39. Upon information and belief, Transunion sent Plaintiff's dispute to Palmetto Wholesale Cars.

40. Upon further information and belief, without conducting a reasonable investigation, Palmetto Wholesale Cars falsely "verified" that Plaintiff's Account was reporting accurately.

41. Palmetto Wholesale Cars continued to report the inaccurate Account on Plaintiff's credit report.

42. Had Palmetto Wholesale Cars performed a reasonable investigation, it would have realized that Plaintiff did not owe the subject debt and they should stop reporting it on her credit report.

43. Upon further information and belief, Transunion relied on Palmetto Wholesale Cars' false verification and failed to conduct any further investigation.

44. Instead, Transunion continued reporting the erroneous debt on Plaintiff's credit report.

45. Transunion sent Plaintiff a letter dated October 18, 2022 stating that the Account was "VERIFIED AS ACCURATE AND UPDATED."

46. Despite the Plaintiff's dispute that the information on her consumer report was inaccurate with respect to the disputed Account, Transunion did not timely evaluate or consider any of the information, claims, or evidence of the Plaintiff and did not timely make an attempt to substantially or reasonably verify that the derogatory information concerning the disputed Account was inaccurate.

47. Transunion violated 15 U.S. Code § 1681i (a)(1)(A) by failing to conduct a reasonable investigation since they failed to delete or correct the disputed trade lines within 30 days of receiving Plaintiff's dispute letters.

48. Had Transunion performed a reasonable investigation of Plaintiff's dispute, it would have been revealed to Transunion that the furnisher did not have the right to collect the subject debt from Plaintiff and the Account was reporting with an inaccurate balance owed.

49. Notwithstanding Plaintiff's efforts, Defendants continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors, as evidenced by the inquiries on the Plaintiff's credit report in the form of hard and soft pulls.

50. Had the Account been duly removed from her credit report, Plaintiff would have had a higher credit score and would have been considered more credit worthy by potential lenders.

51. Plaintiff attempted to secure a personal loan from SOFI Bank.

52. Plaintiff received a letter on November 17, 2022 from SOFI Bank denying her request for a personal loan.

53. Amongst the reasons provided for her denial were "serious delinquency" and "time since delinquency is too recent or unknown."

54. Defendants each played a substantial part in Plaintiff's denial of credit and her inability to qualify for new lines of credit.

55. Transunion has been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that it has disseminated to various persons and credit grantors.

56. Other potential credit grantors reviewed Plaintiff's credit reports, as evidenced by soft and hard pulls on Plaintiff's credit reports.

57. As a result of Defendants' failure to comply with the FCRA, Plaintiff suffered concrete harm in the form of loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on applications for future credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

## FIRST CAUSE OF ACTION
### (Willful Violation of the FCRA as to Transunion)

58. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

59. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

60. Transunion violated 15 U.S.C. § 1681(e) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Transunion maintained concerning the Plaintiff.

61. Transunion has willfully and recklessly failed to comply with the Act. The failure of Transunion to comply with the Act includes but is not necessarily limited to the following:

   a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

   c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

   d) The failure to promptly and adequately investigate information which Transunion had notice was inaccurate;

e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f) The failure to continuously note in the credit report that the Plaintiff disputed the accuracy of the information;

g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Transunion to delete;

h) The failure to take adequate steps to verify information the Transunion had reason to believe was inaccurate before including it in the credit report of the consumer.

62. As a result of the conduct, action and inaction of Transunion Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

63. The conduct, action and inaction of Transunion was willful rendering Transunion liable for actual, statutory and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681(n).

64. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Transunion, LLC in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681 (n).

WHEREFORE, Plaintiff, Kimberly Madison, an individual, demands judgement in her favor against Transunion for damages together with attorney's fees and Court costs pursuant to 15 U.S.C. § 1681n.

## SECOND CAUSE OF ACTION
### (Negligent Violation of the FCRA as to Transunion)

65. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

66. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

67. Transunion violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

68. Transunion has negligently failed to comply with the Act. The failure of Transunion to comply with the Act includes but is not necessarily limited to the following:

    a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

    c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

    d) The failure to promptly and adequately investigate information which Transunion had notice was inaccurate;

    e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

    f) The failure to continuously note in the credit report that the Plaintiff disputed the accuracy of the information;

    g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Transunion to delete;

    h) The failure to take adequate steps to verify information Transunion had reason to believe was inaccurate before including it in the credit report of the consumer.

69. As a result of the conduct, action and inaction of Transunion the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

70. The conduct, action and inaction of Transunion was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

71. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Transunion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Kimberly Madison, an individual, demands judgement in her favor against Transunion, LLC for damages together with attorney's fees and Court costs pursuant to 15 U.S.C. § 1681o.

## THIRD CAUSE OF ACTION
**(Willful Violation of the FCRA as to Palmetto Wholesale Cars)**

72. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

73. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

74. Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

75. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The

furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

76. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the Defendant must be reported to other agencies which were supplied such information.

77. Palmetto Wholesale Cars violated 15 U.S.C. § 1681s-2 by failing to fully and properly investigate the dispute of the Plaintiff; by failing to review all relevant information regarding same by failing to correctly report results of an accurate investigation to the credit reporting agencies.

78. As a result of the conduct, action and inaction of Palmetto Wholesale Cars, Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

79. The conduct, action and inaction of Palmetto Wholesale Cars was willful, rendering Palmetto Wholesale Cars liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n.

80. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Palmetto Wholesale Cars in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Kimberly Madison, an individual demands judgement in her favor against Palmetto Wholesale Cars in for damages together with attorney's fees and Court costs pursuant to 15 U.S.C. § 1681n.

## **FOURTH CAUSE OF ACTION**

**(Negligent Violation of the FCRA as to Palmetto Wholesale Cars)**

81. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

82. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

83. Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information in a consumer credit report.

84. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

85. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the Defendant must be reported to other agencies which were supplied such information.

86. Palmetto Wholesale Cars is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2.

87. After receiving the Dispute Notice from the Bureaus, Palmetto Wholesale Cars negligently failed to conduct its reinvestigation in good faith.

88. A reasonable investigation would require a furnisher such as Palmetto Wholesale Cars to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

89. The conduct, action and inaction of Palmetto Wholesale Cars was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

90. As a result of the conduct, action and inaction of Palmetto Wholesale Cars, Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

91. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Palmetto Wholesale Cars in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Kimberly Madison, an individual, demands judgement in her favor against Palmetto Wholesale Cars for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

## DEMAND FOR TRIAL BY JURY

92. Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues this Complaint to which Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from each Defendant as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1681o(a) be awarded for each negligent violation as alleged herein;

b) For actual damages provided and pursuant to 15 U.S.C. § 1640(a)(1);

c) For Statutory damages provided and pursuant to 15 U.S.C. § 1681n(a);

d) For Statutory damages provided and pursuant to 15 U.S.C. § 1640(a)(2);

e) For Punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2);

f) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n(a)(3), 15 U.S.C. § 1681o(a)(2) and 15 U.S.C. § 1640(a)(3);

g) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated: January 24, 2023

                                             Respectfully Submitted,

s/ *Misty Oaks Paxton*
By: Misty Oaks Paxton, Esq.
3895 Brookgreen Pt.
Decatur, GA, 30034
Phone: (404) 725-5697
Fax: (775) 320-3698
attyoaks@yahoo.com
*Attorney for Plaintiff*

/s/ *Tamir Saland*
Tamir Saland, Esq.
STEIN SAKS, PLLC
One University Plaza, Ste. 620
Hackensack, NJ 07601
(201) 282-6500 ext. 122
(201) 282-6501  Fax
tsaland@steinsakslegal.com
*Attorney for Plaintiff*
*PRO HAC VICE PENDING*