UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CASE NO.: 1:23-mi-99999-UNA Plaintiff v. Defendant

LAURA BRUNKALA,

    Plaintiff,

v.

NATIONWIDE RECOVERY SERVICE,
INC.; JOHN DOES 1-3; AND ABC
CORPORATIONS 1-3,

    Defendants.
_____/

**DEFENDANT, NATIONWIDE RECOVERY SERVICE, INC.'S PETITION FOR REMOVAL WITH SUPPORTING MEMORANDUM OF LAW**

COMES NOW, the Defendant, Nationwide Recovery Service, Inc. ("NRS"), by and through its undersigned counsel, and respectfully petitions this Honorable Court for removal of the above-styled civil action from the State Court, in and for Fulton County, Georgia, to the United States District Court for the Northern District of Georgia, Atlanta Division, and states as follows:

1.    Defendant, Nationwide Recovery Service, Inc. is the named Defendant in a civil action brought against it in the State Court, in and for Fulton County,

1

Georgia, styled: *Laura Brunkala v. Nationwide Recovery Service, Inc.; John Does 1-3; and ABC Corporations 1-3, Case No.: 23EV000130.* A copy of the Complaint served in that action, in addition to all process and pleadings served upon Defendant, will be docketed separately by the Clerk.

2. That the aforesaid action was filed with the Clerk of the State Court in Fulton County, Georgia and service of process of said Summons and Complaint, was served upon the Defendant, Nationwide Recovery Service, Inc. on or about January 12, 2023.

3. That the controversy herein between the Plaintiff and Defendant is a controversy based upon consumer protection rights created by and enforced through federal statutes. In this case, Plaintiff attempts to bring a pleading for alleged violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA").

4. That the above-described action is a civil action of which this Court has original jurisdiction under the provisions of Title 28, United States Code, §1331, and is one which may be removed to this Court by the Defendant/Petitioner pursuant to the provisions of Title 28, United States Code, §1441(a), in that it is a civil action based upon a federal question over which this Court has original jurisdiction. Further, this Petition for Removal is being submitted to this Court within 30 days

after service on Defendant, Nationwide Recovery Service, Inc. of the original Complaint in the above-styled action and is, therefore, timely pursuant to 28 U.S.C. §1446(b).

WHEREFORE, Nationwide Recovery Service, Inc. respectfully requests that this Honorable Court enter its order removing the entire case from the State Court, in and for Fulton County, Georgia to the United States District Court, Northern District of Georgia, Atlanta Division.

## **MEMORANDUM OF LAW IN SUPPORT OF PETITION FOR REMOVAL**

### Statement of the Case and Facts

The instant suit is a civil action that includes a federal question, specifically, a claim that the Defendant, Nationwide Recovery Service, Inc. allegedly violated Plaintiff's consumer protection rights under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"). The Complaint seeks an award of damages against the Defendant for alleged actions taken during the course of alleged debt collection attempts by the Defendant against the Plaintiff, which is asserted to violate the FDCPA. Plaintiff seeks statutory, actual, and/or punitive damages and seeks judgment for those damages against the Defendant for this alleged conduct.

## Federal Court Jurisdiction

This Court has jurisdiction of this case pursuant to 28 U.S.C. §1331. Section 1331 states as follows:

"§1331.  Federal question.

*The federal district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States.*

The complaint herein raises a federal question and satisfies the jurisdictional requirements of 28 U.S.C. §1331. This Honorable Court, therefore, has original jurisdiction of this civil action.

## Removal

This is an action which may properly be removed to this Court pursuant to 28 U.S.C. §1441 which states in pertinent part as follows:

*"Except as otherwise expressly provided by act of Congress, any civil action brought in a state court of which the district courts of the United States has original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending . . ."*

Given that this action is one over which the United States District Court for the Northern District of Georgia, Atlanta Division, would have original jurisdiction, this case may properly be removed by Defendant pursuant to 28 U.S.C. §1446(a)

which provides:

> *"A defendant or defendants desiring to remove any civil action or criminal prosecution from a state court shall file in the district court of the United States for the district and division within which such action is pending a Notice of Removal, signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings and orders served upon such defendant or defendants in such action."*

In the instant suit, Defendant, Nationwide Recovery Service, Inc. has filed a Notice which complies with 28 U.S.C. §1446(a), in that it sets forth facts that show that this Court has original jurisdiction and that this case is subject to removal.

### Timeliness of Removal

28 U.S.C. §1446(b) requires that a Notice of Removal in a civil action or proceeding shall be filed within thirty (30) days after receipt by Defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which the action or proceeding is based. Additionally, that each defendant shall have thirty (30) days after receipt by service on that defendant of the initial pleading or summons to file the notice of removal. Here, the original Complaint was filed with the Court and subsequently served upon Nationwide Recovery Service, Inc. on January 12, 2023. Accordingly, this Petition for Removal is being submitted to this Court less than thirty (30) days from service of the Complaint on Defendant.

5

## Consent of Co-defendants

Undersigned counsel represents that no other co-Defendant has been listed or served as a party to this lawsuit and, with respect to this removal, and therefore no consent is necessary. Potential Defendants JOHN DOES 1-3; AND ABC CORPORATIONS 1-3 have not been identified.

## Supplemental Jurisdiction

This Court has the discretion to exercise supplemental jurisdiction over any state law claims which have been asserted as part of the underlying action. 28 U.S.C. §1441(c) provides as follows:

> "Whenever a separate and independent claim or cause of action within the jurisdiction conferred by §1331 of this Title, is joined within one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which state law predominates."

As such, any subsequent claims by the Plaintiff for violations of state law shall have arisen out of the same factual allegations as the claims under the FDCPA.

## **DEMAND FOR JURY TRIAL AND ESTIMATION OF TRIAL**

Defendant demands trial by jury regarding any issues of fact and law that remain following the ruling on any dispositive motions filed herein. Defendant estimates that a trial in this matter will require 1-2 days.

## Conclusion

For the foregoing reasons, this Honorable Court should grant Defendant, Nationwide Recovery Service, Inc.'s Petition and enter an order removing the entire case from the State Court, in and for Fulton County, Georgia to the United States District Court, Northern District of Georgia, Atlanta Division.

Dated this **25th day of January 2023.**

        Respectfully submitted,

        */s/ Ernest H. Kohlmyer, III*
        Ernest H. Kohlmyer, III, Esq., LL.M.
        Georgia Bar No. 427760
        skohlmyer@shepardfirm.com
        Shepard, Smith, Kohlmyer & Hand, P.A.
        2300 Maitland Center Parkway, Suite 100
        Maitland, FL 32751
        Telephone (407) 622-1772
        Facsimile (407) 622-1884
        *Attorneys for Defendant,*
        *Nationwide Recovery Service, Inc.*

## **CERTIFICATE OF COUNSEL**

I hereby certify that the foregoing document has been prepared with Times New Roman 14-point font, one of the font and point selections approved by the Court in LR 5.1, N.D. Ga.

/s/ *Ernest H. Kohlmyer, III*
Ernest H. Kohlmyer, III

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing has been electronically filed on **January 25, 2023**, with the Clerk of the Court by using the electronic filing system. I further certify that the foregoing has been sent via electronic transmission to the following: Jason E. Reaves, Esquire at jreeves@lawllc.net (*Attorneys for Plaintiff*).

*/s/ Ernest H. Kohlmyer, III*
Ernest H. Kohlmyer, III, Esq., LL.M.
Georgia Bar No. 427760
skohlmyer@shepardfirm.com
Shepard, Smith, Kohlmyer & Hand, P.A.
2300 Maitland Center Parkway, Suite 100
Maitland, Florida 32751
Telephone (407) 622-1772

Facsimile (407) 622-1884
*Attorneys for Defendant,*
*Nationwide Recovery Service, Inc.*