Case 1:23-mi-99999-UNA   Document 257-2   Filed 01/25/23   Page 1 of 10

State Court of Fulton County
**E-FILED**
23EV000130
1/6/2023 4:10 PM
Donald Talley, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| LAURA BRUNKALA, | ) | CIVIL ACTION FILE NUMBER: |
| | ) | |
| | ) | _____ |
| Plaintiff, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| V. | ) | |
| | ) | |
| NATIONWIDE RECOVERY SERVICE, | ) | |
| INC., JOHN DOES 1-3 and ABC | ) | |
| CORPORATIONS 1-3, | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT FOR DAMAGES**

PLAINTIFF LAURA BRUNKALA (hereinafter "Plaintiff"), by and through undersigned counsel, files this Complaint for Damages against DEFENDANTS NATIONWIDE RECOVERY SERVICE, INC., JOHN DOES 1-3 and ABC CORPORATIONS 1-3, showing as follows:

1. Plaintiff is a resident of the State of Georgia and subject to the jurisdiction and venue of this Court.

2. The Office of the Georgia Secretary of State advises DEFENDANT NATIONWIDE RECOVERY SERVICE, INC. (hereinafter "Defendant NRS") is a foreign for-profit corporation registered to do business in the State of Georgia and thereby subject to the jurisdiction and venue of this Court. Defendant NRS may be served with summons and process on its registered agent, Joseph R. Delgado Jr., Esq., who is located at 3414 Peachtree Road NE, Suite 1500, Atlanta/Fulton County, Georgia 30326.

3. On information and belief, and out of an abundance of caution, Plaintiff shows that Defendants John Does 1-3 are real, but to date unidentified persons residing in the State of Georgia. Once identified, said Defendants may be served with summons and process as provided under Georgia law.

4. On information and belief, and out of an abundance of caution, Plaintiff shows that Defendants ABC Corporations 1-3 are real, but to date unidentified corporations registered to do business, or otherwise transacting business, in the State of Georgia and thereby subject to the jurisdiction and venue of this Court. Once identified, said Defendants may be served with summons and process as provided under Georgia law.

5. Jurisdiction and venue are proper in the instant Court pursuant to O.C.G.A. § 14-3-510(b), which states that venue over a corporate defendant may lie "in the county of this state where the corporation maintains its registered office," which for Defendant NRS, per the above, is Fulton County, Georgia. Fulton County being the proper venue for action against Defendant NRS, it is thereby proper venue for all Defendants pursuant to Ga. Const. Art. VI, § 2, ¶ IV.

6. Moreover, federal law provides that this Court has concurrent jurisdiction with U.S. district courts concerning the below described subject matter of this dispute. *See* 15 U.S.C.A. § 1692k (d), which statutory "language is to be construed as a concurrent grant of jurisdiction to U.S. district and state courts." *In re Scrimpsher*, 17 B.R. 999, 1004 (Bankr. N.D.N.Y. 1982).

7. Plaintiff shows on information and belief that Defendants NRS, Defendants John Does 1-3 and/or Defendants ABC Corporations 1-3 (hereinafter collectively, "Defendants") operate in relevant part, individually and/or collectively, as a "debt collector" as contemplated under and defined by federal law. *See* 15 U.S.C.A. § 1692a (6).

8. Plaintiff shows on information and belief that Defendant NRS alleges it has been assigned, or otherwise has legal standing to assert, a right of debt collection against Plaintiff in the amount of $1,240.11 (hereainfter "subject debt"), and that said debt arises from and/or relates to charges incurred at or through Emory Rehabilitation for certain medical treatment.

9. Plaintiff on good faith and on information and belief shows that Defendants NRS and/or *et al.* failed to comply with applicable debt collection laws, including, but not necessarily limited to, 15 U.S.C.A. § 1692 *et seq.* (AKA "Fair Debt Collection Practices Act" and hereinafter "FDCPA") as follows:

   a. Defendant NRS, in certain communications with Plaintiff, including and specifically within five (5) days after its initial communication with Plaintiff, failed to provide Plaintiff with written notice concerning the subject debt as required under the FDCPA.[1]

   b. Defendant NRS, in certain communications with Plaintiff, including and specifically within five (5) days after its initial communication with Plaintiff, failed to provide Plaintiff with those specific, written statutory notices concerning the subject debt as required under 15 U.S.C.A. § 1692g(a)(1)-(5).[2]

   c. Defendant NRS, in certain communications with Plaintiff, including and specifically within five (5) days after its initial communication with Plaintiff, failed notify her about her ability to challenge the validity of the subject debt and/or to provide other basic information.[3]

---

[1] *See* Affidavit of Laura Brunkala attached as Exhibit "A" (hereinafter "Exhibit A") at ¶6.
[2] *Id.* at ¶¶3-6.
[3] *Id.*

  d. Defendant NRS, in communications with Plaintiff, including its first communication, failed to notify her about her right to ask that Defendant NRS validate the subject debt.[4]

  e. Defendant NRS, in communications with Plaintiff, including its first communication, failed to provide her with substantiating information and/or documentation that Defendant NRS had been assigned the subject debt, or otherwise that it had standing or any legal interest in the subject debt, such that it could lawfully contact her and/or pursue collections actions against her concerning the same.[5]

10. Out of an abundance of caution, Plaintiff further (and/or in the alternative) shows on information and belief that Defendants John Does 1-3 and/or Defendants ABC Corporations 1-3, as identified above, at all relevant times were acting as a "debt collector" as defined under above-cited federal law.

11. Out of an abundance of caution, Plaintiff further (and/or in the alternative) shows on information and belief that Defendants John Does 1-3 and/or Defendants ABC Corporations 1-3 at all relevant times were acting as an express or implied agent of Defendant NRS and therefore were acting as "debt collector" as defined under above-cited federal law.

12. The above-styled Defendants, individually and/or collectively, failed to comply with applicable debt collection laws, including, but not necessarily limited to, 15 U.S.C.A. § 1692 *et seq*. pursuant to those above-enumerated acts and/or omissions, and/or other those acts and/or omissions as will be further shown, on the part of Defendant NRS.

---

[4] *Id*.
[5] *Id*.

13. Plaintiff shows that the acts and/or omissions by the above-styled Defendants, individually and/or collectively and including, but not necessarily limited to those identified above, constitute actionable violations under federal law and give rise to a private right of action by Plaintiff against said Defendant under applicable law, including 15 U.S.C.A. § 1692k.

14. Plaintiff shows that the acts and/or omissions by the above-styled Defendants, individually and/or collectively and including, but not necessarily limited to those identified above, have caused Plaintiff precisely that harm, distress, and incurring of expenses and inconveniences, that fair debt collection laws, including those cited herein, were designed and enacted to prevent.

15. Plaintiff through undersigned counsel shows that she repeatedly and on multiple occasions requested that Defendant NRS provide written and sufficient documentation reasonably demonstrating that said Defendant has legal standing, or otherwise any legal authority or right, to act as a "debt collector" in any such purported capacity with regard to Plaintiff; however, in good faith and on information and belief, Plaintiff after reasonable inquiry shows Defendant NRS failed to provide such information.

16. Plaintiff through undersigned counsel shows that she repeatedly and on multiple occasions requested that Defendant NRS provide written and sufficient documentation reasonably demonstrating that said Defendant provided all written disclosures to Plaintiff as are required under applicable debt collection laws; however, in good faith and on information and belief, Plaintiff after reasonable inquiry shows Defendant NRS failed to provide such information.

17. Plaintiff need not prove actual damages to recover against Defendant(s)[6] and, because of the above-shown acts and/or omissions on the part of Defendants, individually and/or collectively, she entitled to statutory damages, the costs necessarily and reasonably incurred in bringing this action, as well as reasonable attorney's fees to Plaintiff's undersigned counsel in an amount to be specified and proven by subsequent Motion.[7]

WHEREFORE, Plaintiff prays and respectfully demands as follows:

a. Trial by jury of twelve (12) persons.

b. Judgment against the Defendants for those damages as pleaded above, or otherwise, in an amount deemed appropriate by this Honorable Court.

c. Judgment against the Defendants for the reasonable attorney's fees of Plaintiff's undersigned counsel, in an amount deemed appropriate by this Honorable Court, that were incurred by and/or on behalf of Plaintiff for bringing this remedial action.

d. Judgment against the Defendants for court costs and expenses incurred by and/or on behalf of Plaintiff in bringing this action.

e. Judgment against the Defendants for such other and further relief as this court deems appropriate.

Dated this the 6th day of January, 2023.

---

[6] *Knoll v. Allied Interstate, Inc.*, 502 F.Supp.2d 943 (D.Minn. 2007).
[7] *Greif v. Wilson, Elser, Moskowitz, Edelman & Dicker LLP*, 258 F. Supp. 2d 157 (E.D.N.Y. 2003).

                                          Respectfully Submitted,

                                          THE REEVES FIRM, LLC

                                          /s/ Jason E. Reeves

By:    _____

                                          Jason E. Reeves
                                          Georgia State Bar Number 252043
                                          ***Attorney for Plaintiff***

305 West Wieuca Road, NE
First Floor
Atlanta, GA 30342
Phone  (404) 442-8755
Fax     (678) 831-4565
jreeves@reeveslawllc.net

**EXHIBIT "A"**

**AFFIDAVIT OF LAURA BRUNKALA**

LAURA BRUNKALA, after being duly sworn, deposes and state under oath as follows:

1.

My name is Laura Brunkala. I am over the age of 18 and laboring under no disability which would prevent me from giving this affidavit.

2.

On or about _____January 4_____, 2022, I had a telephone call with someone purporting to be a representative of a company named "Nationwide Recovery Service." During this call, the representative told me that Nationwide Recovery Service allegedly had possession of a debt in the amount of $1,240.11 (hereinafter "subject debt") that I had incurred for certain medical treatment.

3.

At no time during the foregoing call of on or about _____January 4_____, 2022, did the foregoing Nationwide Recovery Service representative state to me that unless I disputed the validity of the subject debt or any portion thereof within thirty (30) days, the subject debt would be assumed to be valid by Nationwide Recovery Service.

4.

At no time during the foregoing call of on or about _____January 4_____, 2022, did the foregoing Nationwide Recovery Service representative state to me that if I notified Nationwide Recovery Service in writing within the thirty-day period that the debt, or any portion thereof, is disputed, then Nationwide Recovery Service would obtain verification of the debt or a copy of a judgment against the me, and that a copy of such verification or judgment would be mailed to me by Nationwide Recovery Service.

**EXHIBIT "A"**

5.

At no time during the foregoing call of on or about _____January 4_____, 2022, did the foregoing Nationwide Recovery Service representative state to me that if I sent a request to Nationwide Recovery Service in writing within the thirty-day period, Nationwide Recovery Service would provide me with the name and address of the original creditor.

6.

At no time within five (5) days after the foregoing call of on or about _____January 4_____, 2022 did I receive a written notification from Nationwide Recovery Service containing a notice that:

(a) Unless I disputed the validity of the subject debt or any portion thereof within thirty (30) days, the subject debt would be assumed to be valid by Nationwide Recovery Service.

(b) If I notified Nationwide Recovery Service in writing within the thirty-day period that the debt, or any portion thereof, is disputed, then Nationwide Recovery Service would obtain verification of the debt or a copy of a judgment against the me, and that a copy of such verification or judgment would be mailed to me by Nationwide Recovery Service.

(c) If I sent a request to Nationwide Recovery Service in writing within the thirty-day period, Nationwide Recovery Service would provide me with the name and address of the original creditor.

7.

*SIGNATURE AND NOTARIZATION ON PAGE BELOW*

# EXHIBIT "A"

FURTHER AFFIANT SAYETH NOT.

_____
Laura Brunkala

Sworn to and subscribed before me this

20 day of July, 2022.

_____
NOTARY PUBLIC

TIFFANY L BLACKMON
NOTARY PUBLIC
Fulton County
State of Georgia
My Comm. Expires Sept. 11, 2022