IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| RENUKA RAJASEKARAN, A# 205 677 328,<br><br>  1301 Academic Pkwy, Apt 4107<br>  Locust Grove, GA 30248<br><br>  Plaintiff,<br><br>v.<br><br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,<br><br>Serve:  U.S. Citizenship & Immigration Services<br>        5900 Capital Gateway Dr<br>        Camp Springs, MD 20588<br><br>UR MENDOZA JADDOU, Senior Official Performing the Duties of the Director of the United States Citizenship and Immigration Services,<br><br>Serve:  U.S. Citizenship & Immigration Services<br>        5900 Capital Gateway Dr<br>        Camp Springs, MD 20588<br><br>and,<br><br>TERRI ROBINSON, Director of the National Benefits Center of the United States Citizenship and Immigration Services,<br><br>Serve:  Terri Robinson<br>        USCIS<br>        P.O. Box 648003<br>        Lee's Summit, MO 64002 | Case No. |

1

Defendants.

**COMPLAINT IN THE NATURE OF MANDAMUS ARISING FROM DEFENDANTS' REFUSAL TO ADJUDICATE PLAINTIFF'S APPLICATION TO ADJUST STATUS**

Plaintiff Renuka Rajasekaran respectfully requests a hearing before this Honorable Court to make a determination on Plaintiff's application to adjust status, or alternatively requesting that this Honorable Court issue a writ of mandamus compelling Defendants to adjudicate Plaintiff's long-delayed application to adjust status.

**PARTIES**

1. Plaintiff Renuka Rajasekaran is a citizen of India.

2. On October 25, 2012, Plaintiff's employer filed an I-140 Petition for Alien Worker on behalf of Plaintiff. The I-140 petition's priority date was December 8, 2011.

3. Defendants approved the I-140 Petition on November 29, 2012. This approval rendered Plaintiff Renuka Rajasekaran eligible to adjust status.

4. Plaintiff filed a timely I-485 Application for Adjustment of Status on October 16, 2020. Defendants assigned Receipt Number MSC2190185422 to Plaintiff's case.

5. USCIS completed the fingerprinting and photographing of Renuka Rajasekaran as part of the processing of the pending application.

6. Defendants have not conducted an interview on Plaintiff's pending green card application.

7. Since Renuka Rajasekaran filed the applications with USCIS, Plaintiff has made repeated requests to have the green card case finally adjudicated.

8. Despite numerous calls to USCIS and their attempts to prompt movement on the

case, Renuka Rajasekaran's application to adjust status has remained pending far longer than is reasonable.

9. USCIS has refused to adjudicate Renuka Rajasekaran's application in accordance with applicable legal criteria.

10. Plaintiff brings this action to compel the USCIS to finally adjudicate the pending applications as required by law.

11. Defendant United States Citizenship and Immigration Services (hereinafter sometimes referred to as "the USCIS") is the component of the DHS that is responsible for processing adjustment of status applications.

12. Defendant Ur Mendoza Jaddou, Senior Official Performing the Duties of the Director of the USCIS, is the highest ranking official within the USCIS. Jaddou is responsible for the implementation of the INA and for ensuring compliance with all applicable federal laws, including the APA. Jaddou is sued in an official capacity as an agent of the government of the United States.

13. Defendant Terri Robinson is the Director of the USCIS National Benefits Center and is sued only in an official capacity, as well as any successors and assigns. The National Benefits Center has jurisdiction over applications for adjustment of status for immigrants in Locust Grove, GA, where Plaintiff resides. Robinson is responsible for the implementation of the INA and for ensuring compliance with all applicable federal laws, including the APA. Terri Robinson is sued in an official capacity as an agent of the government of the United States.

**JURISDICTION AND VENUE**

14. This Honorable Court has federal question jurisdiction over this cause pursuant to 28 U.S.C. § 1331, as it raises claims under the Constitution of the United States, the INA, 8 U.S.C.

§ 1101 et seq., and the APA, 5 U.S.C. § 701 et seq, in conjunction with the Mandamus Act, 28 USC § 1361.

15. Venue is proper pursuant to 28 U.S.C. § 1391(e)(1) because (1) Defendants are agencies of the United States or officers or employees thereof acting in their official capacity or under color of legal authority; (2) no real property is involved in this action, and; (3) Plaintiff resides in this district.

**FIRST CLAIM FOR RELIEF**
**(Agency Action Unlawfully Withheld and Unreasonably Delayed)**

For the first claim for relief against all Defendants, Plaintiff alleges and state as follows:

16. Plaintiff realleges and incorporate by reference the foregoing paragraphs as though fully set out herein.

17. The APA requires that "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b).  Section 555(b) creates a non-discretionary duty to conclude agency matters. *Litton Microwave Cooking Prods. v. NLRB*, 949 F.2d 249, 253 (8th Cir. 1991).  A violation of this duty is a sufficient basis for mandamus relief.

18. The APA permits this Honorable Court to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).

19. The DHS has a policy, known as the "Controlled Application Review and Resolution Program" (hereinafter sometimes referred to as "the CARRP") that intentionally delays the applications of applicants such as Renuka Rajasekaran due to security concerns.

20. On information and belief, Plaintiff alleges that the Defendants are intentionally delaying a response in regard to their visa application pursuant to the CARRP program.  Plaintiff alleges that this delay is due to Renuka Rajasekaran being from India.

21. Since 2008, the Defendants have used CARRP—an internal policy that has neither been approved by Congress nor subjected to public notice and comment—to investigate and adjudicate applications deemed to present potential "national security concerns." CARRP prohibits USCIS field officers from approving an application with a potential "national security concern," instead directing officers to deny the application or delay adjudication—often indefinitely—in violation of the INA.

22. CARRP's definition of "national security concern" is far more expansive than the security-related ineligibility criteria for immigration applications set forth by Congress in the INA. Rather, CARRP identifies "national security concerns" based on deeply-flawed and expansive government watchlists, and other vague and overbroad criteria that bear little, if any, relation to the security-related statutory ineligibility criteria. The CARRP definition casts a net so wide that it brands innocent, law-abiding residents, like Renuka Rajasekaran—none of whom pose a security threat—as "national security concerns" on account of innocuous activity and associations, and characteristics such as national origin.

23. Although the total number of people subject to CARRP is not known, USCIS data reveals that between FY2008 and FY2012, more than 19,000 people from twenty-one Muslim majority countries or regions were subjected to CARRP.

24. Plaintiff alleges that the application has been in administrative processing beyond a reasonable time period for completing administrative processing of the adjustment of status application.

25. The combined delay and failure to act on Renuka Rajasekaran's adjustment of status application is attributable to the failure of Defendants to adhere to their legal duty to avoid unreasonable delays under the INA and the applicable rules and regulations.

26. There are no alternative adequate or reasonable forms of relief available to Plaintiff.

27. Plaintiff has exhausted all available administrative remedies in pursuit of a resolution of this matter, including repeatedly requesting the processing of the case with the USCIS via phone and email.

## SECOND CLAIM FOR RELIEF
### (Violation of Right to Due Process of Law)

For the second claim for relief against all Defendants, Plaintiff alleges and states as follows:

28. Plaintiff realleges and incorporate by reference the foregoing paragraphs as though fully set out herein.

29. The right to fundamental fairness in administrative adjudication is protected by the Due Process Clause of the Fifth Amendment to the United States Constitution. Plaintiff may seek redress in this Court for Defendants' combined failures to provide a reasonable and just framework of adjudication in accordance with applicable law.

30. The combined delay and failure to act by Defendants has violated the due process rights of Plaintiff.

31. The combined delay and failure to act by Defendants has irrevocably harmed Plaintiff in the denial of an opportunity to claim lawful permanent resident status, as well as the ability to sponsor family members for residence in the U.S. and in various other ways.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff Renuka Rajasekaran requests the following relief:

1. That this Honorable Court assume jurisdiction over this action;

2. That this Honorable Court issue a writ of mandamus compelling Defendants to promptly complete all processing of Renuka Rajasekaran's application to adjust status within sixty

days;

3. Enter a judgment declaring that (a) CARRP violates the INA and its implementing regulations; Article 1, Section 8, Clause 4 of the United States Constitution; the Fifth Amendment to the United States Constitution; and the APA; and (b) Defendants violated the APA by adopting CARRP without promulgating a rule and following the process for notice and comment by the public;

4. Enjoin Defendants, their subordinates, agents, employees, and all others acting in concert with them from applying CARRP to the processing and adjudication of Plaintiff' immigration benefit application;

5. Order Defendants to rescind CARRP because they failed to follow the process for notice and comment by the public;

6. That this Honorable Court take jurisdiction of this matter and adjudicate Renuka Rajasekaran's application to adjust status pursuant to this Court's declaratory judgment authority;

7. That this Honorable Court issue a writ of mandamus compelling Defendants to issue a green card to Renuka Rajasekaran;

8. That this Honorable Court issue a writ of mandamus compelling Defendants to explain to Plaintiff the cause and nature of the delay and inform Plaintiff of any action they may take to accelerate processing of the application to adjust status;

9. Attorney's fees, legal interests, and costs expended herein, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412;

10. Such other and further relief as this Honorable Court may deem just and proper.

**RESPECTFULLY SUBMITTED**
**January 25, 2023**

***/s/ Steven M. Lefkoff***
Steven M. Lefkoff BN 670486
Lefkoff Law, LLC
860 Johnson Ferry Road, #140-323
Atlanta, Georgia 30342
(O) 404.482.2228
(F) 404-574-2724
(E) steven@lefkofflaw.com

***/s/ James O. Hacking, III***
James O. Hacking, III
Hacking Immigration Law, LLC
10121 Manchester Road, Suite A
St. Louis, MO 63122
(O) 314.961.8200
(F) 314.961.8201
(E) jim@hackingimmigrationlaw.com

**ATTORNEYS FOR PLAINTIFF**
**RENUKA RAJASEKARAN**
