FILED IN OFFICE
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA
22-A-10580-
12/13/2022 2:46 PM
TIANA P. GARNER, CLERK

## IN THE SUPERIOR COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

| | |
|---|---|
| AHP CONSTRUCTION, LLC ) | |
| ) | |
| Plaintiff ) | CASE NO. 22-A-10580-8 |
| ) | |
| v. ) | |
| ) | |
| ) | |
| GRANITE RE, INC. ) | |
| ) | |
| Defendant ) | |
| ) | |

## SUMMONS

TO THE ABOVE-NAMED DEFENDANT(S):

You are hereby summoned and required to file with the Clerk of said Court and serve upon the Plaintiff's attorney, whose name and address is:

> John Hinton IV
> Jonathan R. DeLuca
> BAKER DONELSON BEARMAN
> CALDWELL & BERKOWITZ, PC
> Monarch Plaza, Suite 1500
> 3414 Peachtree Road, NE
> Atlanta, GA 30326
> Telephone: (404) 577-6000

an answer to the Complaint which is herewith served upon you, **within 30 days after the service of this Summons upon you,** exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for relief demanded in the Complaint.

This _____ day of _____, 2022.
(13th day of December, 2022)

Tiana P. Garner, Clerk of Superior Court

_____
Deputy Clerk

**EXHIBIT "A"**

FILED IN OFFICE
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA

**22-A-10580-**

12/13/2022 2:46 PM

TIANA P. GARNER, CLERK

IN THE SUPERIOR COURT OF GWINNETT COUNTY

STATE OF GEORGIA

| | | |
|---|---|---|
| **AHP CONSTRUCTION, LLC** | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | CASE NO. 22-A-10580-8 _____ |
| v. | ) | |
| | ) | |
| | ) | |
| **GRANITE RE, INC.** | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

## COMPLAINT

AHP Construction, LLC ("AHP"), Plaintiff, files this Complaint against the Defendant, Granite Re, Inc. ("Granite Re"), and shows the Court the following:

### THE PARTIES

1. AHP Construction, LLC is a Virginia Limited Liability Company with its principal place of business located at 222 Central Park Avenue, Suite 2100, Virginia Beach, Virginia 23462. AHP is registered to conduct business in the State of Georgia.

2. Granite Re, Inc. is an Oklahoma Insurance corporation with its principal office located at 14001 Quailbrook Drive, Oklahoma City, Oklahoma 73134. Granite Re is registered to do business in the State of Georgia, and its registered agent can be served with process at: CT Corporation System, 289 S Culver Street, Lawrenceville, Georgia, 30046.

### JURISDICTION AND VENUE

3. This Court has jurisdiction over Granite Re, which regularly conducts business in the State of Georgia and is registered to do business in the State of Georgia.

**EXHIBIT "A"**

4. Venue is proper in this Court because, pursuant to O.C.G.A. § 14-2-510, Granite Re does not maintain a registered office, and Granite Re's registered agent is located at 289 S Culver Street, Lawrenceville, Georgia, 30046.

## FACTUAL BACKGROUND

5. AHP was the General Contractor on a construction project in Atlanta, Georgia known as the Solis Apartments at Interlock (the "Project").

6. In order to perform a portion of the site development work on the Project, AHP entered into a Subcontract (the "Subcontract") with A-1 Contracting, LLC ("A-1"). As required under the Subcontract, Granite Re, as Surety, issued to AHP, as Obligee, Performance Bond No. GRGA46434 (the "Bond") on behalf of A-1, the Principal, in order to secure A-1's performance of its obligations under the Subcontract. A copy of this Bond is attached hereto as **Exhibit A**.

7. On February 3, 2021, prior to the completion of its Work under the Subcontract, A-1 commenced a Chapter 11 Bankruptcy Proceeding in the United States Bankruptcy Court for the Northern District of Georgia, Atlanta Division, being Case No. 21-50943-SMS (the "Bankruptcy"). In a letter dated February 12, 2021, AHP notified Granite Re of the Bankruptcy, which is an event of default under the Subcontract.

8. In its capacity as the Surety issuing the Bond and as a creditor of A-1, Granite Re also received notice of A-1's Bankruptcy Proceeding. Thereafter, Granite Re appeared, through counsel, and actively participated and intervened in the Bankruptcy. On February 23, Granite Re served on a number of other creditors, including AHP, a Notice of its Non-Consent to Use Cash Collateral (the "Cash Collateral Objection"). In its Cash Collateral Objection, Granite Re asserted, among other things, that, under the General Indemnity Agreement between Granite Re and A-1, it, and not A-1's bankruptcy estate, was entitled to the unpaid contract balance for multiple

**EXHIBIT "A"**

contracts, including the Subcontract between AHP and A-1 on this Project. In order to allow for the continued operation of A-1 and continued progress toward a successful reorganization, however, the Bankruptcy Court ultimately permitted A-1's use of cash collateral, notwithstanding Granite Re's objection.

9. In the immediate aftermath of the filing of the Bankruptcy, A-1, despite notice given by AHP of deficiencies in its performing obligations, breached the Subcontract by failing to perform the Work and make payments to its subcontractors and suppliers. Upon the issuance of the Automatic Stay in the Bankruptcy Proceeding, however, AHP was legally precluded from sending to A-1 and Granite Re a Notice of A-1's default of its obligations under the Subcontract as a prerequisite for terminating A-1 for default and requiring Granite Re to satisfy A-1's obligations under the Subcontract.

10. Following AHP's letter to Granite Re on February 12, 2021 and Granite Re's subsequent intervention in the Bankruptcy, whereby Granite Re was placed on actual notice of A-1's default, AHP and Granite Re had a direct line of communication. In the months that followed, AHP apprised Granite Re of the steps that it was taking to minimize the adverse consequences of A-1's deficient performance and breaches of the Subcontract. But for the Automatic Stay, such breaches would have resulted in the issuance of a formal declaration by AHP that A-1 was in default of its obligation under the Subcontract. By virtue of its receipt of notice of A-1's Bankruptcy filing, itself an event of default under the Subcontract, and its entry of appearance and active participation in the Bankruptcy, and its communications with AHP, Granite Re had actual notice of A-1's breaches and default, even though the Automatic Stay prevented AHP from sending formal notice to that effect.

**EXHIBIT "A"**

11. In the period between February, 2021 and July, 2021, the Bankruptcy Court oversaw A-1's expedited Chapter 11 Bankruptcy Proceeding. During that time, in response to A-1's breaches and with Granite Re's knowledge and approval, and as permitted under the terms of the Subcontract that is incorporated by reference in the Bond, AHP and its counsel engaged in a concerted effort to ensure the satisfactory performance of the Work under the Subcontract. This included advancing funds to pay unpaid subcontractors and suppliers and communicating directly with those subcontractors and suppliers to ensure the performance of the Work and delivery of materials to the Project, all at considerable cost to AHP.

12. In response to A-1's inability to perform and cause its sub-subcontractors and suppliers to perform after its Chapter 11 filing in the Bankruptcy, AHP's Project Management Team also devoted considerable time managing the Work under the Subcontract, including numerous direct communications with the sub-subcontractors and suppliers to convince them to perform work and deliver materials. AHP also incurred attorneys' fees in persuading the sub-subcontractors and suppliers to perform and deliver materials to complete the Work under the Subcontract timely and in accordance with the Schedule for the Project. AHP also was forced to make payments directly to sub-subcontractors and suppliers in order to secure performance of the Work under the Subcontract. In real time, as these events were occurring, AHP apprised Granite Re of these efforts to mitigate the loss caused by A-1's breaches of the Subcontract. Granite Re expressed no objection to AHP's efforts to mitigate such loss and damages.

13. The Bankruptcy Court issued an Order approving A-1's Chapter 11 Plan of Reorganization that is dated July 26, 2021. Once the Court's approval of the Plan was assured, AHP was able to give Granite Re formal, written notice of A-1's default of its obligations to AHP under the Subcontract without violating the Automatic Stay. AHP did so in a letter dated July 14,

**EXHIBIT "A"**

2021, in accordance with the terms of the Performance Bond issued by Granite Re to AHP behalf of A-1. Despite this notice and repeated requests by AHP, Granite Re has failed and refused to satisfy its obligations to AHP under the Bond.

14. Under the Subcontract, in the event of a default by A-1 or if AHP is the prevailing party in a proceeding to enforce its rights under the Subcontract, AHP is entitled to recover its reasonable attorneys' fees, costs, and expenses, including expert witness fees and expenses from A-1. By virtue of the incorporation of the Subcontract into the Bond by reference, AHP has the same rights against Granite Re, as A-1's Surety, in this action.

## COUNT ONE
## BREACH OF CONTRACT

15. AHP incorporates the allegations in Paragraphs 1 through 14 as if set forth in full in this Count One.

16. On November 18, 2019, Granite Re entered into the Bond with AHP to provide Performance Bond services in the event A-1 defaulted on the Project. *See* Ex. A.

17. Pursuant to the terms of the Bond, upon A-1's default, Granite Re had a contractual duty to perform under the terms of the Bond. *See* Ex. A.

18. Beginning in February 2021, A-1 breached and defaulted on its obligations under the Subcontract by filing bankruptcy and failing to complete the Project.

19. On or about February 12, 2021, AHP placed Granite Re on actual notice that A-1 had filed the Bankruptcy and thereafter gave notice that A-1 was in breach of its performance obligations under the Subcontract.

20. On July 14, 2021, when it was first legally permitted to do so, AHP sent a notice of default to A-1 and Granite Re and requested that Granite Re perform its obligations under the Bond.

**EXHIBIT "A"**

21. Despite repeated demand by AHP, Granite Re has failed to discharge its duty as Surety under the Bond by, among other things, refusing to pay the costs incurred by AHP as a result of A-1's breaches and default under the Subcontract.

22. As a result of Granite Re's breaches, AHP has been damaged in excess of One Hundred Thousand Forty Thousand Dollars ($140,000) together with the reasonable attorneys' fees and costs that it is entitled to recover under the Subcontract and the Bond.

WHEREFORE, AHP Construction, LLC prays as follows:

1. That summons be issued and Granite Re be served with process;

2. That, as to Count I, a judgment be entered in favor of AHP in an amount to be proven at trial, including the principal amount, pre-judgment interest, and attorneys' fees and costs of litigation; and

3. That all other relief that is equitable and just be awarded to AHP.

This 13th day of December 2022.

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC**

Monarch Plaza, Suite 1500
3414 Peachtree Road
Atlanta, Georgia 30326
404-577-6000 / 404-221-6501 fax
jhinton@bakerdonelson.com
jdelucabakerdonelson.com

_/s/ John Hinton IV_
John Hinton IV
Georgia Bar No. 356887
Jonathan R. DeLuca
Georgia Bar No. 228413

*Attorneys for Plaintiff AHP Construction, LLC*

**EXHIBIT "A"**

# EXHIBIT A

EXHIBIT "A"

EXHIBIT Q - (continued)

Bond #GRGA46434

# THE ASSOCIATED GENERAL CONTRACTORS OF AMERICA

# SUBCONTRACT PERFORMANCE BOND

Any singular reference to Principal, Surety, Obligee or other party shall be considered plural where

**PRINCIPAL (SUBCONTRACTOR)**
(Name and Address): A1 Contracting, LLC
138 Moose Loop Road
Canton, GA 30114

**SURETY** (Name and Address of
Surety Company Office): Granite Re, Inc.
14001 Quailbrook Drive
Oklahoma City, OK 73134

**OBLIGEE (CONTRACTOR)**
(Name and Address): AHP Construction, LLC
1300 Thames Street Suite 30
Baltimore, MD 21231

**SUBCONTRACT**
Date: 09/19/19
Amount: $ One Million Two Hundred Twelve Thousand Two Hundred Ninety Five Dollars and Cents ($1,212,295.00)
Description of Project (Name and Location):
Solis Apartments At Interlock, Atlanta, GA Project No.18-138 Subcontract No. 18-138-126 - Landscaping and Hardscape

**BOND**
Date (Not earlier than Subcontract Date): November 14, 2019
Penal Amount: $ One Million Two Hundred Twelve Thousand Two Hundred Ninety Five Dollars and Cents ($1,212,295.00)

**SUBCONTRACTOR AS PRINCIPAL**
Company:                         (Corporate Seal)
A1 Contracting, LLC

Signature:
Name and Title: Jason Moody, Owner

Witness:
(Any additional signatures appear on page attached)

**SURETY**
Company:                         (Corporate Seal)
Granite Re, Inc.

Signature:
Name and Title: Kenneth D. Whittington, Attorney-in-Fact
Attach Power of Attorney

Witness:

**FOR INFORMATION ONLY**
**AGENT or BROKER:**
(Name, Address and Telephone)
Federated Insurance
PO Box 328
Owatonna, MN 55060-0328
405-752-2600

RECEIVED
NOV 18 2019
ARMADA/HOFFLER

AGC DOCUMENT NO. 606 • SUBCONTRACT PERFORMANCE BOND • 1988
© 1988, The Associated General Contractors of America

G-2140/GB 6/07                Page 1 of 2                           XDP
Page 3 of 4                                    Latest Revision PS GA STD 1/3/2019

**EXHIBIT "A"**

**EXHIBIT Q - (continued)**

# ARTICLES

1. **SCOPE OF BOND.** The Principal and the Surety, jointly and severally, bind themselves, their heirs, executors, administrators, successors and assigns to the Obligee for the performance of the Subcontract, which is incorporated in this bond by reference. In no event shall the Surety's total obligation exceed the penal amount of this bond.

2. **EFFECT OF OBLIGATION.** If the Principal performs the Subcontract, then this bond shall be null and void; otherwise it shall remain in full force and effect.

3. **ALTERATION OF NOTICE WAIVER.** The Surety hereby waives notice of any alteration or extension of the Subcontract, including but not limited to the Subcontract price and/or time, made by the Obligee. This waiver shall not apply to the time for suit provided by paragraph 5 hereunder.

4. **PRINCIPAL DEFAULT.** Whenever the Principal shall be, and is declared by the Obligee to be in default under the Subcontract, with the Obligee having performed its obligations in the Subcontract, the Surety may promptly remedy the default, or shall promptly:

   4.1 **COMPLETE SUBCONTRACT.** Complete the Subcontract in accordance with its terms and conditions; or

   4.2 **OBTAIN NEW CONTRACTORS.** Obtain a bid or bids formally, informally, or negotiated for completing the Subcontract in accordance with its terms and conditions, and upon determination by the Surety of the lowest responsible bidder, or negotiated proposal, or, if the Obligee elects, upon determination by the Obligee and the Surety jointly of the lowest responsible bidder, or negotiated proposal, arrange for a contract between such party and the Obligee. The Surety will make available as work progresses sufficient funds to pay the cost of completion less the balance of the contract price. The cost of completion includes responsibilities of the Principal for correction of defective work and completion of the Subcontract; the Obligee's legal and design professional costs resulting directly from the Principal's default; and, liquidated damages or actual damages if no liquidated damages are specified in the Subcontract. The term "balance of the contract price," as used in this paragraph, shall mean the total amount payable by the Obligee to the Principal under the Subcontract and any amendments to it, less the amount properly paid by the Obligee to the Principal; or

   4.3 **PAY OBLIGEE.** Determine the amount for which it is liable to the Obligee and pay the Obligee that amount as soon as practicable; or

   4.4 **DENY LIABILITY.** Deny its liability in whole or in part and notify and explain to the Obligee the reasons why the Surety believes it does not have responsibility to this liability.

5. **TIME FOR SUIT.** Any suit under this bond must be instituted before the expiration of two (2) years from the date of substantial completion as established by the contract documents.

6. **RIGHT OF ACTION.** No right of action shall accrue on this bond to or for the use of any person or entity other than the Obligee named herein, its heirs, executors, administrators or successors.

AGC DOCUMENT NO. 606 • SUBCONTRACT PERFORMANCE BOND • 1988

© 1988, The Associated General Contractors of America

**EXHIBIT "A"**

E-FILED IN OFFICE - C
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA
22-A-10580-
12/15/2022 9:16 AM
TIANA P. GARNER, CLERK

IN THE SUPERIOR COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | |
|---|---|
| AHP CONSTRUCTION, LLC ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | CASE NO. 22-A-10580-8 |
| ) | |
| ) | |
| GRANITE RE, INC. ) | |
| ) | |
| Defendant ) | |
| ) | |

**ORDER GRANTING MOTION FOR APPOINTMENT OF A SPECIAL PROCESS SERVER**

Plaintiff's Motion for Appointment of a Special Process Server having been read and considered, and it appearing to the Court that such an appointment is authorized by O.C.G.A. § 9-11-4(c) and should be made,

IT IS HEREBY ORDERED that Christopher Todd Horton of Ancillary Legal Corporation, who is a citizen of the United States and is over 18 years of age is specially appointed, authorized, and directed to serve a copy of the Summons and Complaint in this action on Defendant with process, and to make and file proof of service as required by law.

SO ORDERED, this ___14th___ day of ___December___ 2022.

R. Timothy Hamil
Judge, Superior Court of Gwinnett County

Presented by:

*/s/ John Hinton IV*
John Hinton IV
Georgia Bar No. 356887
BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ PC
3414 Peachtree Road NE, Suite 1500
Atlanta, Georgia 30326
404-577-6000 (Telephone)
404-221-6501 (Facsimile)

**EXHIBIT "A"**

Case 1:23-mi-99999-UNA   Document 264-2   Filed 01/25/23   Page 12 of 16

E-FILED IN OFFICE - CS
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA
**22-A-10580-8**
**12/27/2022 1:40 PM**
TIANA P. GARNER, CLERK

## AFFIDAVIT OF SERVICE

State of Georgia  |  County of Gwinnett  |  Superior Court

Case Number: 22-A-10580-8

Plaintiff: **AHP CONSTRUCTION, LLC**
vs.
Defendant: **GRANITE RE, INC.**

For:
John Hinton
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC

Received by Ancillary Legal Corporation on the 15th day of December, 2022 at 10:33 am to be served on **GRANITE RE, INC. c/o CT Corporation System, 289 S Culver Street, Lawrenceville, GA 30046**.

I, Christopher Todd Horton, being duly sworn, depose and say that on the **27th day of December, 2022** at **11:55 am, I:**

served **GRANITE RE, INC. c/o CT Corporation System** by delivering a true copy of the **SUMMONS, COMPLAINT, EXHIBIT A** to: CT Corporation System as **Registered Agent, BY LEAVING THE SAME WITH** Linda Banks as **Authorized to Accept** at the address of: **289 S Culver Street, Lawrenceville, GA 30046**.

Additional Information pertaining to this Service:
12/27/2022  11:55 am  Perfected corporate service at 289 S. Culver St., Lawrenceville, GA 30046, by serving Linda Banks, process specialist.

White female
, gray hair,
70-75 years old,
5'4", 140 lbs, wears glasses.

I am an agent of Ancillary Legal Corporation and am competent in all respects to testify regarding the matters set forth herein. I have personal knowledge of the facts stated herein and know them to be true.I have no interest in the outcome of this action and am not related to any of the parties. I am 18 or more years of age and am authorized to serve process.

Subscribed and Sworn to before me on the 27th day of December, 2022 by the affiant who is personally known to me.

NOTARY PUBLIC

**Christopher Todd Horton**
Process Server

Ancillary Legal Corporation
2900 Chamblee Tucker Road
Building 13
Atlanta, GA 30341
(404) 459-8006

Our Job Serial Number: ANC-2022012289
Ref: AHP

Copyright © 1992-2022 Database Services, Inc. - Process Server's Toolbox V8.2i

E-FILED IN OFFICE - KB
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA
**22-A-10580-8**
12/13/2022 2:46 PM
TIANA P. GARNER, CLERK

**General Civil and Domestic Relations Case Filing Information Form**

☑ **Superior or** ☐ **State Court of** _____Gwinnett_____ **County**

| For Clerk Use Only | |
|---|---|
| **Date Filed** _____ MM-DD-YYYY | **Case Number** __22-A-10580-8__ |

**Plaintiff(s)**
AHP Construction, LLC
Last      First      Middle I.      Suffix      Prefix

Last      First      Middle I.      Suffix      Prefix

Last      First      Middle I.      Suffix      Prefix

Last      First      Middle I.      Suffix      Prefix

**Defendant(s)**
Granite Re, Inc.
Last      First      Middle I.      Suffix      Prefix

Last      First      Middle I.      Suffix      Prefix

Last      First      Middle I.      Suffix      Prefix

Last      First      Middle I.      Suffix      Prefix

**Plaintiff's Attorney** __John Hinton IV__   **State Bar Number** __356887__   **Self-Represented** ☐

**Check one case type and one sub-type in the same box (if a sub-type applies):**

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contempt/Modification/Other Post-Judgment
- ☑ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____        _____
     Case Number                       Case Number

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

Version 1.1.20

Case 1:23-mi-99999-UNA   Document 264-2   Filed 01/25/23   Page 14 of 16

E-FILED IN OFFICE - CS
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA
**22-A-10580-8**
**12/14/2022 4:16 PM**
TIANA P. GARNER, CLERK

IN THE SUPERIOR COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | |
|---|---|
| AHP CONSTRUCTION, LLC )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>)<br>)<br>GRANITE RE, INC. )<br>)<br>Defendant )<br>) | CASE NO. 22-A-10580-8 |

**AFFIDAVIT OF CHRISTOPHER TODD HORTON PROCESS SERVER**

STATE OF GEORGIA
COUNTY OF DEKALB

PERSONALLY APPEARED before me, an officer duly authorized by law to administer oaths, Christopher Todd Horton, who after first being duly sworn, states:

1. My name is Christopher Todd Horton, and I am competent in all respects to testify regarding the matters set forth herein. This Affidavit is given voluntarily in support of Plaintiff's Motion for Appointment of a Special Process Server.

2. I am a process server for Ancillary Legal Corporation, a company that serves legal process in this state. I am 18 years of age or over, a citizen of the United States, a non-party to this action, and am not related by employment or otherwise to Plaintiff, or Plaintiff's attorneys or Defendants in the above case.

3. I am available to serve process, have experience in serving process, am not a felon and am willing to be appointed to serve process in this action. I have no interest in the outcome of this action.

_____
Christopher Todd Horton

Sworn to and subscribed before me
on December 14th 2022

_____
Notary Public
My commission expires: _____

[Notary Seal: BOYD KENNETH WARD, NOTARY PUBLIC, FULTON COUNTY, GEORGIA, EXPIRES 08/22/2026]

E-FILED IN OFFICE - CS
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA
**22-A-10580-8**
**12/14/2022 4:16 PM**
TIANA P. GARNER, CLERK

# IN THE SUPERIOR COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **AHP CONSTRUCTION, LLC** ) | |
| ) | |
| **Plaintiff** ) | |
| ) | |
| v. ) | **CASE NO. 22-A-10580-8** |
| ) | |
| ) | |
| **GRANITE RE, INC.** ) | |
| ) | |
| **Defendant** ) | |
| ) | |

### PLAINTIFF'S MOTION FOR APPOINTMENT OF A SPECIAL PROCESS SERVER

COMES NOW the Plaintiff, pursuant to O.C.G.A. § 9-11-4(c) and shows this Court that expedited service on Defendant is necessary and requests the appointment of a Special Process Server to serve Defendant, as authorized under the law. Plaintiff submits herewith an Affidavit of the process server.

WHEREFORE, Plaintiff moves the Court for an Order appointing Christopher Todd Horton of Ancillary Legal Corporation, who is not an interested party or a party to the suit, is a citizen of the United States and is over 18 years of age, to serve Defendant with process, and to make a return on that service pursuant to O.C.G.A. § 9-11-4(c).

This 13th day of December 2022.

**BAKER, DONELSON, BEARMAN,**
**CALDWELL & BERKOWITZ, PC**

  /s/ John Hinton IV
John Hinton IV
Georgia Bar No. 356887
Jonathan R. DeLuca
Georgia Bar No. 228413

Monarch Plaza, Suite 1500
3414 Peachtree Road
Atlanta, Georgia 30326
404-577-6000 / 404-221-6501 fax
jhinton@bakerdonelson.com
jdelucabakerdonelson.com

*Attorneys for Plaintiff AHP Construction, LLC*

E-FILED IN OFFICE - CS
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA
**22-A-10580-8**
**12/15/2022 9:16 AM**
TIANA P. GARNER, CLERK

# IN THE SUPERIOR COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **AHP CONSTRUCTION, LLC** )<br>)<br>**Plaintiff** )<br>)<br>v. )<br>)<br>)<br>**GRANITE RE, INC.** )<br>)<br>**Defendant** )<br>) | **CASE NO. 22-A-10580-8** |

## ORDER GRANTING MOTION FOR APPOINTMENT OF A SPECIAL PROCESS SERVER

Plaintiff's Motion for Appointment of a Special Process Server having been read and considered, and it appearing to the Court that such an appointment is authorized by O.C.G.A. § 9-11-4(c) and should be made,

IT IS HEREBY ORDERED that Christopher Todd Horton of Ancillary Legal Corporation, who is a citizen of the United States and is over 18 years of age is specially appointed, authorized, and directed to serve a copy of the Summons and Complaint in this action on Defendant with process, and to make and file proof of service as required by law.

SO ORDERED, this __14th__ day of __December__ 2022.

_____
R. Timothy Hamil
Judge, Superior Court of Gwinnett County

Presented by:

__/s/ John Hinton IV__
John Hinton IV
Georgia Bar No. 356887
BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ PC
3414 Peachtree Road NE, Suite 1500
Atlanta, Georgia 30326
404-577-6000 (Telephone)
404-221-6501 (Facsimile)