# EXHIBIT "B"



**null / ALL**
**Transmittal Number: 26123819**
**Date Processed: 12/28/2022**

# Notice of Service of Process

| Primary Contact: | Sharon Brooks - MS 08-A<br>The Travelers Companies, Inc.<br>1 Tower Sq<br>Rm 8MS<br>Hartford, CT 06183-0001 |
|---|---|

| | |
|---|---|
| **Entity:** | The Travelers Indemnity Company<br>Entity ID Number  2317465 |
| **Entity Served:** | The Travelers Indemnity Company |
| **Title of Action:** | Patricia Roberts vs. The Travelers Indemnity Company |
| **Matter Name/ID:** | Patricia Roberts vs. The Travelers Indemnity Company (13399929) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Gwinnett County State Court, GA |
| **Case/Reference No:** | 22-C-07327-S3 |
| **Jurisdiction Served:** | Georgia |
| **Date Served on CSC:** | 12/28/2022 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Nguyen Law Firm, LLC.<br>770-409-1526 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882  |  sop@cscglobal.com

Civil Action No. _24-C-07327-S3_

Date Filed _12/16/2022_

Magistrate Court ☐
Superior Court ☐
State Court ☑
Georgia, Gwinnett County

_Patricia Roberts Ford Jenkins_

**Plaintiff**

VS.

_The Travelers Indemnity Company or_
_The Travelers Companies, Inc._

**Defendant**

Attorney's Address
_770-676-1W_
_5495 Jimmy Carter Blvd Suite B-17_
_Norcross, GA 30053_

Name and Address of party to be served.

_The Travelers Indemnity Company_
_via Corporation Service Company_
_2 Sun Court, Suite 400_
_Peachtree Corners, GA 30092_

**Garnishee**

## Sheriff's Entry Of Service

**Personal** ☐
I have this day served the defendant _____ personally with a copy
of the within action and summons.

**Notorious** ☐
I have this day served the defendant _____ by leaving
a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows
age, about _____ years; weight, about _____ pounds; height, about _____ feet and _____ inches; domiciled at
the residence of defendant.

**Corporation** ☑
Served the defendant _The Travelers Indemnity Company_ a corporation
by leaving a copy of the within action and summons with _Alison Jordan_
in charge of the office and place of doing business of said Corporation in this County.

**Tack & Mail** ☐
I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the
premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States
Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate
postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**Non Est** ☐
Diligent search made and defendant _____
not to be found in the jurisdiction of this Court.

This _20_ day of _Dec_, 20_22_

_____
**Deputy**
_SO 1135_

**Gwinnett County, Georgia**

Sheriff Docket _____ Page _____

WHITE: Clerk          CANARY: Plaintiff / Attorney          PINK: Defendant

SC-2 Rev.3.13

IN THE STATE COURT OF GWINNETT COUNTY

E-FILED IN OFFICE
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
22-C-07327-S
12/16/2022 4:54 PI
TIANA P. GARNER, CLER

STATE OF GEORGIA

**PATRICIA ROBERTS INDIVIDUALLY, AND AS**

ADMINISTRATOR OF THE ESTATE OF FRED JENKINS, DECEASED,

5495 Jimmy Carter Blvd., Suite B-17  Norcross, GA 30093

                    PLAINTIFF

            VS.

**THE TRAVELERS INDEMNITY COMPANY**

Registered Agent: Corporation Service Company

2 Sun Court, Suite 400, Peachtree Corners, GA 30092

The Travelers Companies, Inc. (Registered Agent: Corporation Service Company
Goodwin Square, 225 Asylum Street, 20th Floor, Hartford, CT 06103), Jane Doe,
John Doe, ABC Corp., and XYZ Corp.

            DEFENDANTS

CIVIL ACTION
NUMBER:_____  22-C-07327-S3

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

   You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Hung Q. Nguyen
5495 Jimmy Carter Blvd., Suite B-17
Norcross, GA 30093

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____ 19th day of December, 2022 _____, 20_____.

                    Tiana P. Garner
                    **Clerk of State Court**

                    By _____
                          Deputy Clerk

**INSTRUCTIONS:** Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

E-FILED IN OFFICE
GWINNETT COUNTY, GEORGIA
22-C-07327-S
12/16/2022 4:54 PI
TIANA P. GARNER, CLER

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

|  |  |
|---|---|
| PATRICIA ROBERTS INDIVIDUALLY, AND AS ADMINISTRATOR OF THE ESTATE OF FRED JENKINS, DECEASED, | CIVIL ACTION FILE NO.: |
| Plaintiffs, | 22-C-07327-S3 |
| v. | JURY TRIAL DEMANDED |
| THE TRAVELERS INDEMNITY COMPANY, THE TRAVELERS COMPANIES, INC., JANE DOE, JOHN DOE, ABC CORP., and XYZ CORP., |  |
| Defendants. |  |

## COMPLAINT

COMES NOW, PATRICIA ROBERTS INDIVIDUALLY, AND AS ADMINISTRATOR OF THE ESTATE OF FRED JENKINS, DECEASED, hereinafter referred to collectively as "Plaintiffs", by and through undersigned counsel, and files this complaint, showing the court as follows:

## PARTIES, VENUE AND JURISDICTION

1.

Plaintiff PATRICIA ROBERTS is a resident of the State of Tennessee.

2.

Plaintiff FRED JENKINS (the "Decedent") was a resident of the State of Tennessee.

3.

THE TRAVELERS INDEMNITY COMPANY is a subsidiary of THE TRAVELERS COMPANIES, INC. and is a corporation registered to do business and doing business in the state of Georgia.

4.

Defendant THE TRAVELERS INDEMNITY COMPANY ("Defendant Subsidiary") may be served with process by sending original process through its registered agent for service of process, to wit: Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, GA 30092.

5.

THE TRAVELERS COMPANIES, INC. is the parent organization of THE TRAVELERS INDEMNITY COMPANY and is a corporation registered in the state of Connecticut.

6.

Defendant THE TRAVELERS COMPANIES, INC. ("Defendant Parent") may be served with process by sending original process through its registered agent for service of process, to wit: Corporation Service Company, Goodwin Square, 225 Asylum Street, 20th Floor, Hartford, CT 06103.

7.

Defendants John Doe and Jane Doe are individuals responsible for managing and maintaining the premises involved in the subject incident and are subject to the jurisdiction and venue of this Court. Plaintiff incorporates by reference all claims made in this Complaint against Defendant Subsidiary and Defendant Parent against Defendants John Doe and Jane Doe as well. Defendants John Doe and Jane Doe will be named and served with the Summons and Complaint once his or her identity is revealed.

8.

Defendants ABC Corp. is an entity that owned, possessed or controlled the premises involved in the subject incident and is subject to the jurisdiction and venue of this Court. Plaintiff incorporates by reference all claims made in this Complaint against Defendant Subsidiary and Defendant Parent against Defendant ABC Corp. as well. Defendant ABC Corp. will be named and served with the Summons and Complaint once its identity is revealed.

9.

Defendants are subject to the jurisdiction of this Court.

10.

This Court has jurisdiction over the subject matter of this action.

11.

Venue is proper in this Court because the cause of action originated in Gwinnett County and Defendant Subsidiary has an office in and transacts business in Gwinnett County.

## **BACKGROUND**

12.

On or about January 19, 2021, the Decedent was an invitee at the Defendant Subsidiary's place of business located at 335 Research Court, Norcross, GA 30092 ("the PREMISES").

13.

Defendant Subsidiary had ownership, possession and control over the PREMISES at all times relevant to this litigation.

14.

Defendant Parent is the named insured for the commercial general liability policy for the PREMISES.

15.

The Decedent was in an open area permitted to invitees of the PREMISES at all relevant times.

16.

The Decedent was at the PREMISES during normal business hours.

17.

The Decedent was making a delivery to the PREMISES, had packages in his arms, and he was instructed to use the front entrance.

18.

The Decedent was walking on the PREMISES laminate floor hallway.

19.

The Decedent got to the middle of the hallway at the front entrance, and the floor there was uneven as there was a piece of laminate missing where the tile comes together.

20.

Due to the unevenness of the walkway, the Decedent tripped and fell.

21.

The Decedent suffered injuries to his left hip and his head as a result of the fall.

22.

The Decedent incurred medical expenses for treatment of his injuries.

## <u>COUNT I - NEGLIGENT MAINTENANCE OF PREMISES</u>

23.

Plaintiff re-alleges and adopts all allegations contained in the foregoing paragraphs as if set forth in their entirety herein.

24.

Defendant Subsidiary had actual or constructive knowledge of the hazardous condition of the flooring and walkway for patrons of the PREMISES.

25.

Plaintiff had no knowledge of the hazard despite the Decedent's exercise of ordinary care.

26.

Defendant Subsidiary's knowledge of the hazardous condition of the PREMISES was superior to that of the Decedent.

27.

Defendant Subsidiary owed a non-delegable duty of reasonable care in keeping the PREMISES safe for invitees such as the Decedent.

28.

Defendant Subsidiary was negligent in failing to properly inspect the flooring an walkway.

29.

Defendant Subsidiary was negligent in failing to properly maintain the flooring and walkway.

30.

Defendant Subsidiary was negligent in failing to take adequate measures to protect invitees from the danger of the flooring and walkway and in failing to keep the PREMISES safe for invitees.

31.

Defendant Subsidiary was negligent in failing to warn the Decedent of the hazardous condition of the PREMISES.

32.

Defendant Subsidiary negligence was the proximate cause of the Decedent's injuries.

## COUNT II - VICARIOUS LIABILITY

33.

Plaintiffs re-allege and adopt all allegations contained in the foregoing paragraphs as if set forth in their entirety herein.

34.

At all times relevant to this action, the individuals responsible for inspecting and maintaining the area where the Decedent was injured were employed by Defendant Subsidiary and were acting within the scope of their employment.

35.

Defendant Subsidiary is responsible for the conduct of these individuals under the doctrine of *respondeat superior*, vicarious liability, agency or apparent agency.

## COUNT III - NEGLIGENT TRAINING & SUPERVISION

36.

Plaintiffs re-allege and adopt all allegations contained in the foregoing paragraphs as if set forth in their entirety herein.

37.

Defendant Subsidiary was negligent in failing to adopt appropriate policies and procedures to ensure that appropriate inspections and maintenance were performed on the PREMISES and in failing to train its employees and agents concerning safety procedures for inspecting and maintaining the PREMISES

38.

Defendant Subsidiary was negligent in training and supervising its staff and agents.

39.

As a result of Defendant Subsidiary's negligence in training and supervising its employees and agents, the Decedent was injured on the PREMISES.

## COUNT IV - LOSS OF CONSORTIUM

40.

Plaintiffs re-allege and adopt all allegations contained in the foregoing paragraphs as if set forth in their entirety herein.

41.

Patricia Roberts was the Decedent's spouse, and had been his spouse since their marriage up until the date of his passing on March 7, 2022.

42.

Plaintiff Patricia Roberts brings this action for the loss of the society, companionship and consortium of her spouse brought about by personal injuries which her spouse sustained due to Defendant Subsidiary's negligence.

43.

Page **7** of **9**

On or about January 19, 2021, the Decedent was delivering packages to the PREMISES when uneven flooring at the PREMISES made him trip and fall, resulting in the Decedent's injuries.

44.

Defendant Subsidiary's negligence was the direct and proximate cause of the Decedent's injuries and the resulting loss to Plaintiff Patricia Roberts of her spouse's society, companionship and consortium for a period of time from the date of the subject incident causing the Decedent's great suffering up until the Decedent's passing on March 7, 2022.

## NOTICE OF INTENT TO USE CERTIFIED DOCUMENTS AT TRIAL

Plaintiffs hereby give notice that Plaintiffs intend to offer documents, including, but not limited to, medical records into evidence pursuant to O.C.G.A. § 24-9-902.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs prays for judgment against Defendants in the following particulars:

a) The Plaintiffs recover the full value of the Decedent's past medical expenses in an amount to be proven at trial;

b) That Plaintiffs recover for the Decedent's mental and physical pain and suffering and emotional distress in an amount to be determined by the enlightened conscience of the jury;

c) That Plaintiff Patricia Roberts recovers for her loss of consortium of her spouse in an amount to be determined by the enlightened conscience of the jury;

d) That Plaintiffs recover attorney's fees.

Page **8** of **9**

e) Process be issued requiring the Defendants to answer according to law; and

f) That Plaintiffs be granted such further and other relief as is just and proper.


## DEMAND FOR JURY TRIAL

Plaintiffs hereby demands a jury trial for each claim for which Plaintiffs have a right to a

jury.

Respectfully submitted this December 16, 2022,


**770GOODLAW, H.Q. ALEX**
**NGUYEN LAW FIRM, LLC.**

*/s/ Hung Q. Nguyen*
Hung Q. (Alex) Nguyen, Esq.
Georgia Bar No.: 940370
Attorney for Plaintiffs

5495 Jimmy Carter Blvd., Suite B-17
Norcross, GA 30093
(770)409-1529 Office
(770)409-1526 Fax
litigation@770goodlaw.com

Page **9** of **9**

**IN THE STATE COURT OF GWINNETT COUNTY**
**STATE OF GEORGIA**

PATRICIA ROBERTS INDIVIDUALLY,
AND AS ADMINISTRATOR OF THE
ESTATE OF FRED JENKINS, DECEASED,

                    Plaintiffs,

v.

THE TRAVELERS INDEMNITY
COMPANY, THE TRAVELERS
COMPANIES, INC., JANE DOE, JOHN
DOE, ABC CORP., and XYZ CORP.,

                    Defendants.

CIVIL ACTION FILE NO.:

JURY TRIAL DEMANDED

**PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT**

To:    The Travelers Indemnity Company
       Corporation Service Company,
       2 Sun Court, Suite 400
       Peachtree Corners, GA 30092

       COMES NOW, PATRICIA ROBERTS INDIVIDUALLY, AND AS ADMINISTRATOR

OF THE ESTATE OF FRED JENKINS, DECEASED (collectively as "Plaintiffs"), in the above-

styled civil action, and files these First Interrogatories to Defendant THE TRAVELERS

INDEMNITY COMPANY ("Defendant"), pursuant to O.C.G.A. §9-11-33. The Defendant is

required to answer these interrogatories separately, fully and in writing, under oath, and to serve a

copy of your answers upon the undersigned within forty-five (45) days from the time said

interrogatories are served upon you.

       If an interrogatory seeks information contained in a document, Defendant may attach a

copy of the document in lieu of answering that interrogatory.  If Defendant chooses to answer by

reference to a document, the answer must identify the document upon which Defendant relies.

These interrogatories are continuing in nature until the day of trial, and Defendant is required to serve supplemental answers as additional information becomes available.

## I.   **DEFINITION OF TERMS**

The terms **"Defendant"** and **"you"** and any synonym or plural thereof and derivatives there from means the Defendant, and, in addition, counsel for Defendant and all agents, masters, servants, associates, employees, representatives, private investigators, insurers and others who are or have been in possession of, or who may have obtained, information for or on Defendant's behalf. See O.C.G.A. §9-11-33(a).

The word "person" means an individual, firm, partnership, corporation, proprietorship, association, governmental body, or any organization or entity.

The word "date" means the exact day, month and year, if ascertainable, or if not, the best available approximation (including relation to other events).

The word "document" as used hereinafter includes, but is not limited to, all written, printed, recorded, or typed records, reports, proposals, drafts, papers, contracts, documents, books, letters, statements of witnesses, statements of persons who were not witnesses but who have information relating to the occurrence which is the subject matter of this lawsuit, notes, accounting records, logs, memoranda, minutes, statistical compilations, work sheets, insurance policies, films, photographs, videotapes, voice recordings, drawings, computer disks, computer tapes, computer stored information, lists and correspondence, whether or not in your possession or under your immediate control (insofar as these Interrogatories are concerned), relating to or pertaining in any way to the subject matter in connection with which it is used, and further includes, without limitation, file copies and other copies, no matter how or by whom prepared and all drafts prepared in connection with such "documents", whether used or not.

The words "identify" or "identity" used in conjunction with "documents" means to state the date of the document, its author and sender (if appropriate), its intended recipient (if appropriate), and a general statement of the form and content of each such document reflecting the contents of the document and the identity of its custodian.

The words "identify", or "identity" when used in conjunction with a request for the identity of a "person" means to state the person's complete name, home address, home phone, business address, business phone, and job description.

Defendant is reminded of the duty to supplement Defendant's answers to these Interrogatories as required by O.C.G.A. §9-11-26(e).

## II.   <u>INTERROGATORIES</u>

1.

Identify each individual who assisted in the answering of these interrogatories and which interrogatories they assisted in answering and give their official position.

2.

Identify all persons who have assisted in or were consulted in the process of gathering the information requested herein and as to each person state the interrogatory for which he or she provided information.

3.

With respect to your employee or employees who was in the immediate vicinity of Fred Jenkins at the time of the incident, the branch manager and any manager on duty at the time of the incident which is the subject of this lawsuit please:

(a) identify them;

(b) state whether you have obtained a statement from them;

(c) state the date that the statement was obtained;

(d) the identity of the person who took the statement;

(e) describe the information which they possess which is relevant to this action;

(f)  identify all documents which record, reflect, or otherwise evidence statements they have given and your communications with them.

4.

With respect to each person, not identified above, who witnessed, or claims to have witnessed, or has knowledge of any facts concerning the incident which is the subject of this lawsuit please:

(a) identify them;

(b) state whether you have obtained a statement from them;

(c) state the date that the statement was obtained;

(d) and the identity of the person who took the statement;

(e) describe the information which they possess which is relevant to this action;

(f)  identify all documents which record, reflect, or otherwise evidence statements they have given and your communications with them.

5.

With respect to any maps, pictures, photographs, videotapes, drawings, diagrams, measurements or other written or recorded descriptions of the incident, the scene of the incident, or the areas or persons involved (including Fred Jenkins) that you, or any agent or employee of yours, have possession or control of, or know of the existence of, please state:

(a)      its nature or type and specific subject matter;

(b)      the date and time it was made or taken;

(c)    the identity the person making or taking it;

(d)    its present location; and

(e)    the identity of the person at whose request it was made or taken.

6.

With respect to any physical infirmity (including problems with eyesight and hearing), disability or sickness any person identified in the two preceding interrogatories was suffering from at the time of the occurrence of the incident described in the Complaint please state as to each condition:

(a)    a general description of any such condition, including its nature, extent and severity;

(b)    the duration of time, in months and days (or years if more applicable), that they had any such condition prior to this incident;

7.

For all individuals assisting in answering these interrogatories, if you have ever been arrested for, convicted of, or entered a plea of guilty to a crime, please state the nature of the charge, the date of the charge, the court of jurisdiction, and the place of the charge.

8.

In your own words, how did the incident occur and, state specifically and in detail, what is your claim or contention regarding any cause or contributing cause of the incident, including, in detail, the facts or information upon which this contention is based?

9.

Describe in detail all actions taken by you or your employees to prevent the incident, and all actions taken by you or your employees in response to the incident.

Page **5** of **24**

10.

Identify each person or entity you contend contributed to the cause of the subject incident, and as to each, describe the act or omission that you contend constituted a contributing factual cause of the incident.

11.

Please describe as fully as possible the date, time, and weather conditions at the time and location of the subject incident, being sure to include conditions of light, precipitation and temperature.

12.

Please identify each person you may call as an expert witness at the trial of this action and as to each:

(a)    describe his or her qualifications as an expert; the subject matter upon which he or she is expected to testify, the expert's opinions and include a summary of the grounds for each opinion;

(b)    identify all documents which have been exchanged with each witness, including reports and billing statements and payments; describe the financial arrangements with the expert; identify all actions in which the expert has provided testimony in the five years preceding your response; and identify all documents prepared by each witness which relate to the subject matter of this lawsuit.

13.

For each and every bodily injury liability insurance policy that may be available to cover injuries suffered by Fred Jenkins as a result of the incident that forms the basis of Plaintiffs'

Complaint, what is the name of the insurance company, the name of the insured, the policy number and the limits of coverage?

14.

What is the identification, including full name and current address, of any potential party to this lawsuit not already named as a party hereto?

15.

What are all the facts that support each and every one of your denials of any of Plaintiffs' allegations contained in Plaintiffs' Complaint?

16.

What are all the facts supporting your Affirmative Defenses?

17.

What is the full name, title, address, and telephone number Of each and every person, whether or not your employees and agents, who was involved in the construction and the maintenance of the flooring and grounds where the subject incident occurred, including those who planned it, authorized it, approved it, and carried it out?

18.

For each photograph and video recording that is relevant to Plaintiffs' claims or your defenses, what is the name, address and telephone number of the person that took the photograph or recorded the video and what is the date or approximate date that it was taken or recorded?

19.

Do you have a copy of any statement previously made by the Plaintiffs concerning the action or its subject matter and that is in your possession, custody, or control (for the purpose of this question, a statement previously made is a written statement signed or otherwise adopted or

approved by the person making it, or a stenographic, mechanical, electrical, or other recording, or a transcription that is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded)?

20.

What are the contents, complete and full, and identification, of all representations, statements, declarations or admissions made by the Plaintiffs or any agents, servants or employees of the Plaintiffs?

21.

What are the details of any conversations you have had with the Plaintiffs or Plaintiffs' representative following the incident in question?

22.

If there have been any prior similar incidents at any of Defendant's business locations, describe the nature of the incident, the date, the parties involved, whether a claim was made and if litigation ensued, the jurisdiction of the lawsuit and the caption of the case.

23.

Identify the individual or individuals with knowledge of similar incidents at any of Defendant's business locations.

24.

Please identify all persons who investigated the cause and circumstances of this personal injury auto accident for you.

25.

What is the description of, the condition of, the location of and who is the custodian of all documents, writings and tangible things that demonstrate or support facts relevant to this litigation.

(See E.H. Siler Realty and Business Broker, Inc. v. Sunderlin, 158 Ga. App. 796, 798, 282 S.E. 2d

381 (1981)); (See O.C.G.A. § 9-11-26).

Respectfully submitted this December 16, 2022,

**770GOODLAW, H.Q. ALEX**
**NGUYEN LAW FIRM, LLC.**

_/s/ Hung Q. Nguyen_
Hung Q. (Alex) Nguyen, Esq.
Georgia Bar No.: 940370
Attorney for Plaintiffs

5495 Jimmy Carter Blvd., Suite B-17
Norcross, GA 30093
(770)409-1529 Office
(770)409-1526 Fax
litigation@770goodlaw.com

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | |
|---|---|
| PATRICIA ROBERTS INDIVIDUALLY, AND AS ADMINISTRATOR OF THE ESTATE OF FRED JENKINS, DECEASED, | CIVIL ACTION FILE NO.: |
| Plaintiffs, | |
| v. | JURY TRIAL DEMANDED |
| THE TRAVELERS INDEMNITY COMPANY, THE TRAVELERS COMPANIES, INC., JANE DOE, JOHN DOE, ABC CORP., and XYZ CORP., | |
| Defendants. | |

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT**

To:     The Travelers Indemnity Company
        Corporation Service Company,
        2 Sun Court, Suite 400
        Peachtree Corners, GA 30092

COMES NOW, PATRICIA ROBERTS INDIVIDUALLY, AND AS ADMINISTRATOR OF THE ESTATE OF FRED JENKINS, DECEASED (collectively as "Plaintiffs"), and pursuant to the Georgia Civil Practice Act, O.C.G.A. § 9-11-34, requests Defendant THE TRAVELERS INDEMNITY COMPANY ("Defendant") to produce the following documents at the offices of Law Office of Hung Q. Nguyen & Associates at 5495 Jimmy Carter Boulevard, Suite B-17, Norcross, Georgia 30093 within forty-five (45) days from service hereof. In compliance with O.C.G.A. § 9-11-34, the Defendant is required to produce and permit the Plaintiffs to inspect and copy the designated documents. Defendant is reminded of the duty to supplement the responses to this Request for Production of Documents as required by O.C.G.A. § 9-11-26.

Page **10** of **24**

The definitions included in the Interrogatories served on this Defendant are incorporated by reference and apply to the requested documents.

## I.     **IDENTIFICATION OF PRIVLEGED DOCUMENTS**

If the production of any document is withheld pursuant to a claim of a privilege, the Defendant is required to provide, in lieu of production, the following identifying information on each such document; (a) title; (b) date; (c) author; (d) addressee; (e) all copy addresses; (f) a brief description of the document with sufficient specificity to reveal its subject matter; (g) the form of the document and any attachments; (h) the present location of the document; (i) the identity of the persons or persons who have custody, control, or possession of the document; and (j) a statement of the basis on which the privilege is claimed.

## II.     **REQUEST FOR DOCUMENTS**

1.

Please provide any and all police report(s) or other report of investigation of any governmental agency or private organization relating to the occurrence in question.

2.

Provide copies of all documents which record, reflect, or otherwise evidence, in whole or in part, documents referred to, or in any way relied on, or identified, in your responses to the First Interrogatories to Defendant.

3.

Produce copies of all documents which record, reflect, or otherwise evidence, in whole or in part, any investigation conducted by you, or any agent of you, conducted in the usual and ordinary course of business relating to Fred Jenkins' injuries. Produce copies of all documents which record, reflect, or otherwise evidence, in whole or in part, any statement from any person

claiming to have been in the sight, hearing or in the approximate vicinity of the Fred Jenkins' injuries.

4.

Quality copies of any photographs in Defendant's possession relating to this claim, including Fred Jenkins, any other related persons, the scene of the accident, and any relevant objects.

5.

A copy of the declarations page of Defendant's insurance policy which was in effect on the date of the subject incident.

6.

Copies of any statements obtained by any witness which are not privileged and which have been reduced to writing in some fashion.

7.

Copies of any and all documents related to the construction of and maintenance of the flooring and the grounds where the subject incident occurred, from the point of construction up to the present.

8.

Copies of any and all company documents related to the standards for construction of and maintenance of the flooring and grounds where the subject incident occurred, both now and at the time of the incident.

9.

Copies of any and all company documents related to safety standards to be followed by Defendant and Defendant's employees with regard to the maintenance of the grounds, both now and at the time of the incident.

10.

Copies of any and all company documents related to safety standards to be followed by Defendant and Defendant's employees with regard to interactions with customers, both now and at the time of the incident.

11.

Copies of any medical reports or records relating to Fred Jenkins in the possession of the Defendant; whether or not such records or reports are for injuries sustained in the subject incident or at any other time.

12.

Copies of any employment records relating to Fred Jenkins that have been obtained by Defendant or his or her agents.

13.

Copies of any complaints relating to this incident which may have been issued to the Defendant or any other party.

14.

Copies of any drawings, maps, charts, diagrams, videos, photographs or other representation of the scene of the accident, no matter what time such item was recorded or created.

15.

Copies of any drawings, maps, charts, diagrams, videos, photographs or other representation of the scene of the accident, made at the time of the incident or showing information related to the accident.

16.

Copies of any motion pictures, phone video recordings, or video tapes taken of the Fred Jenkins subsequent to the incident which is the subject of this claim.

16.

All online profiles, comments, postings, messages (including without limitation, tweets, replies, retweets, direct messages, status updates, wall comments, groups joined, activity streams and blog entries), photographs, videos, e-mails and online communications (including those posted by Defendant or anyone on Defendant's behalf on Facebook and Myspace), for the previous five (5) years to the present that:

(a)   refer or relate to the allegations set forth in the complaint;

(b)   refer or relate to any facts or defenses raised in the answer;

   (c)   reveal, refer or relate to any emotion, feeling or mental state; or

   (d)   reveal, refer or relate to events that could reasonably be expected to produce a significant emotion, feeling or mental state.

[SIGNATURE BLOCK ON FOLLOWING PAGE]

Page **14** of **24**

Respectfully submitted this December 16, 2022,

**770GOODLAW, H.Q. ALEX**
**NGUYEN LAW FIRM, LLC.**

_/s/ Hung Q. Nguyen_
Hung Q. (Alex) Nguyen, Esq.
Georgia Bar No.: 940370
Attorney for Plaintiffs

5495 Jimmy Carter Blvd., Suite B-17
Norcross, GA 30093
(770)409-1529 Office
(770)409-1526 Fax
litigation@770goodlaw.com

Page **15** of **24**

**IN THE STATE COURT OF GWINNETT COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| PATRICIA ROBERTS INDIVIDUALLY, AND AS ADMINISTRATOR OF THE ESTATE OF FRED JENKINS, DECEASED, | CIVIL ACTION FILE NO.: |
| Plaintiffs, | |
| v. | |
| THE TRAVELERS INDEMNITY COMPANY, THE TRAVELERS COMPANIES, INC., JANE DOE, JOHN DOE, ABC CORP., and XYZ CORP., | JURY TRIAL DEMANDED |
| Defendants. | |

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT

To:   The Travelers Indemnity Company
      Corporation Service Company,
      2 Sun Court, Suite 400
      Peachtree Corners, GA 30092

COMES NOW, PATRICIA ROBERTS INDIVIDUALLY, AND AS ADMINISTRATOR OF THE ESTATE OF FRED JENKINS, DECEASED (collectively as "Plaintiffs), and, in compliance with O.C.G.A. § 9-11-36, requests Defendant THE TRAVELERS INDEMNITY COMPANY ("Defendant") to admit the truth of the separately listed matters of fact, and the genuineness of the attached documents, on the thirtieth (30th) day after service of this request. As required by statute, the Defendant is required to respond to this request in writing.

The Defendant is specifically reminded that the separately listed statements of facts are deemed admitted unless, within forty-five (45) days after service of this First Request For Admissions to Defendant, the Defendant serves a written answer, or objection, addressed to each fact.

Page **16** of **24**

## ADMISSIONS

1.

Please admit that this action brought against the Defendant properly and correctly names the parties to be sued in this cause.

2.

Please admit that Defendant has been properly served with a Summons and Complaint in the above-styled action.

3.

Please admit that Defendant has been properly served with process in this action.

4.

Please admit that Defendant raises no defenses as to insufficiency of process or insufficiency of service in this action.

5.

Please admit that venue for the above-styled case is proper.

6.

Please admit that the court has jurisdiction over Defendant.

7.

Please admit that the Defendant is the subsidiary of The Travelers Companies, Inc.

8.

Please admit that The Travelers Companies, Inc. maintains an insurance policy covering the property located at 335 Research Court, Norcross, GA 30092.

9.

Please admit that Defendant maintains an insurance policy covering the property located at 335 Research Court, Norcross, GA 30092.

10.

Please admit that on January 19, 2021, Defendant owed Fred Jenkins a duty of ordinary care.

11.

Please admit that on January 19, 2021, Defendant breached Defendant's duty of ordinary care to Fred Jenkins.

12.

Please admit Defendant owns the property located at 335 Research Court, Norcross, GA 30092.

13.

Please admit Defendant's parent organization, The Travelers Companies, Inc., owns the property located at 335 Research Court, Norcross, GA 30092.

14.

Please admit that on January 19, 2021, Fred Jenkins was an invitee on Defendant's property located at 335 Research Court, Norcross, GA 30092.

15.

Please admit that on January 19, 2021, Fred Jenkins was an invitee on Travelers Companies, Inc.'s property located at 335 Research Court, Norcross, GA 30092

16.

Please admit that on January 19, 2021, Fred Jenkins was walking in a hallway on Defendant's property located at 335 Research Court, Norcross, GA 30092.

17.

Please admit that on January 19, 2021, Fred Jenkins was walking in a hallway on The Travelers Companies, Inc.'s property located at 335 Research Court, Norcross, GA 30092.

18.

Please admit that Fred Jenkins fell on Defendant's property.

19.

Please admit that Fred Jenkins fell on The Travelers Companies, Inc. property.

20.

Please admit that Fred Jenkins fell while walking on Defendant's property.

21.

Please admit that Fred Jenkins fell while walking on The Travelers Companies, Inc.'s property.

22.

Please admit that Defendant was negligent in the maintenance of Defendant's property.

23.

Please admit that there was a hazard on Defendant's property.

24.

Please admit that Defendant's knowledge of the hazard on Defendant's property was superior, meaning greater than, Fred Jenkins' knowledge of the hazard on Defendant's property.

25.

Please admit that at the time of the incident, Fred Jenkins had no knowledge of the hazard on Defendant's property.

26.

Please admit that Fred Jenkins was not contributorily negligent to the cause of the subject incident.

27.

Please admit that no other party contributed negligently to the subject incident.

28.

Please admit that as a result of the hazard on Defendant's property, Fred Jenkins fell.

29.

Please admit that as a result of the January 19, 2021, incident Fred Jenkins suffered injuries.

30.

Please admit that as a result of the January 19, 2021, incident Fred Jenkins required necessary medical treatment.

31.

Please admit that as a result the January 19, 2021, incident Fred Jenkins received treatment at Blount Memorial Total.

32.

Please admit that the medical treatment rendered by Blount Memorial Total Rehabilitation at Springbrook to Fred Jenkins amounted to $6,230.00.

33.

Please admit that the medical treatment rendered by Blount Memorial Total Rehabilitation at Springbrook to Fred Jenkins was medically necessary and related to the subject matter of Fred Jenkins' Complaint.

Page **20** of **24**

34.

Please admit that the medical treatment rendered by Blount Memorial Total Rehabilitation at Springbrook to Fred Jenkins was reasonable and customary for the care and treatment of the injuries Fred Jenkins sustained in the January 19, 2021.

35.

Please admit that as a result the January 19, 2021, incident Fred Jenkins received treatment at Blount Memorial Hospital.

36.

Please admit that the medical treatment rendered by Blount Memorial Hospital to Fred Jenkins amounted to $35,163.85.

37.

Please admit that the medical treatment rendered by Blount Memorial Hospital to Fred Jenkins was medically necessary and related to the subject matter of Fred Jenkins' Complaint.

38.

Please admit that the medical treatment rendered by Blount Memorial Hospital to Fred Jenkins was reasonable and customary for the care and treatment of the injuries Fred Jenkins sustained in the January 19, 2021.

39.

Please admit that as a result the January 19, 2021, incident Fred Jenkins received treatment at APP of Tennessee.

40.

Please admit that the medical treatment rendered by APP of Tennessee to Fred Jenkins amounted to $16,898.00.

41.

Please admit that the medical treatment rendered by APP of Tennessee to Fred Jenkins was medically necessary and related to the subject matter of Fred Jenkins' Complaint.

42.

Please admit that the medical treatment rendered by APP of Tennessee to Fred Jenkins was reasonable and customary for the care and treatment of the injuries Fred Jenkins sustained in the January 19, 2021.

43.

Please admit that as a result the January 19, 2021, incident Fred Jenkins received treatment at Leconte Radiology.

44.

Please admit that the medical treatment rendered by Leconte Radiology to Fred Jenkins amounted to $964.00.

45.

Please admit that the medical treatment rendered by Leconte Radiology to Fred Jenkins was medically necessary and related to the subject matter of Fred Jenkins' Complaint.

46.

Please admit that the medical treatment rendered by Leconte Radiology to Fred Jenkins was reasonable and customary for the care and treatment of the injuries Fred Jenkins sustained in the January 19, 2021.

47.

Please admit that as a result of the January 19, 2021, incident Fred Jenkins incurred medical expenses in excess of $59,255.85.

48.

Please admit that Fred Jenkins continues to have pain, weakness, loss of function, and loss of endurance as a result of the injuries sustained in the January 19, 2021.

49.

Please admit that as a result of the January 19, 2021, incident Fred Jenkins had pain and suffering up until the date of his passing.

50.

Please admit that Fred Jenkins that as a result of the January 19, 2021, incident Fred Jenkins is entitled to general damages for his pain and suffering.

51.

Please admit that Defendant's negligence proximately caused Fred Jenkins' injuries.

52.

Please admit that Fred Jenkins suffered permanent injuries within a reasonable degree of medical probability as a result of the subject accident.

53.

Please admit that Fred Jenkins' medical expenses were reasonable and necessary for the care and treatment of the injuries sustained in the subject accident.

54.

Please admit that Defendant is liable to Fred Jenkins for Fred Jenkins' medical expenses pain and suffering sustained in the subject accident.

55.

Please admit that Defendant is liable to Fred Jenkins for Fred Jenkins' medical expenses pain and suffering sustained in the subject accident.

56.

Please admit that Defendant is liable to Plaintiff Patricia Roberts for loss of consortium with regards to her spouse, Fred Jenkins, for the period of time from the subject incident up until Fred Jenkins passing on March 7, 2022.

57.

Please admit that Defendant is liable to Plaintiff Patricia Roberts for loss of her spouse's society, companionship and consortium for a period of time from the date of the subject incident causing the Decedent's pain and suffering up until the Decedent's passing on March 7, 2022.

Respectfully submitted this December 16, 2022,

**770GOODLAW, H.Q. ALEX NGUYEN LAW FIRM, LLC.**

_/s/ Hung Q. Nguyen_
Hung Q. (Alex) Nguyen, Esq.
Georgia Bar No.: 940370
Attorney for Plaintiffs

5495 Jimmy Carter Blvd., Suite B-17
Norcross, GA 30093
(770)409-1529 Office
(770)409-1526 Fax
litigation@770goodlaw.com

Page **24** of **24**

FILED IN OFFICE
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
22-C-07327-S
12/16/2022 4:54 PI
TIANA P. GARNER, CLER

**IN THE STATE COURT OF GWINNETT COUNTY**
**STATE OF GEORGIA**

PATRICIA ROBERTS INDIVIDUALLY,
AND AS ADMINISTRATOR OF THE
ESTATE OF FRED JENKINS, DECEASED,

        Plaintiffs,

v.

THE TRAVELERS INDEMNITY
COMPANY, THE TRAVELERS
COMPANIES, INC., JANE DOE, JOHN
DOE, ABC CORP., and XYZ CORP.,

        Defendants.

CIVIL ACTION FILE NO.:

22-C-07327-S3

JURY TRIAL DEMANDED

## CERTIFICATE OF SERVICE

COMES NOW, PATRICIA ROBERTS INDIVIDUALLY, AND AS ADMINISTRATOR OF THE ESTATE OF FRED JENKINS, DECEASED, Plaintiffs in the above-styled action and hereby certifies that a copy of PLAINTIFF'S FIRST CONTINUING INTERROGATORIES TO DEFENDANT; PLAINTIFF'S FIRST CONTINUING REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT; and PLAINTIFF'S FIRST CONTINUING REQUEST FOR ADMISSIONS TO DEFENDANT has been served upon Defendant THE TRAVELERS INDEMNITY COMPANY via personal service to:

    The Travelers Indemnity Company
    Registered Agent: Corporation Service Company
    2 Sun Court, Suite 400
    Peachtree Corners, GA 30092

Respectfully submitted this December 16, 2022,

    **770GOODLAW, H.Q. ALEX**
    **NGUYEN LAW FIRM, LLC.**
    */s/ Hung Q. Nguyen*
    Hung Q. (Alex) Nguyen, Esq.
    Georgia Bar No.: 940370
    Attorney for Plaintiff

5495 Jimmy Carter Blvd., Suite B-17
Norcross, GA 30093
(770) 409-1529 Office / (770) 409-1526 Fax
litigation@770goodlaw.com