# EXHIBIT "C"

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| PATRICIA ROBERTS INDIVIDUALLY, AND AS ADMINISTRATOR OF THE ESTATE OF FRED JENKINS, DECEASED,<br><br>        Plaintiffs,<br><br>vs.<br><br>THE TRAVELERS INDEMNITY COMPANY, THE TRAVELERS COMPANIES, INC., JANE DOE, JOHN DOE, ABC CORP., and XYZ CORP.,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)  CIVIL ACTION NO.: 22-C-07327-S3<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT THE TRAVELERS INDEMNITY COMPANY'S
ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT**

COMES NOW The Travelers Indemnity Company (hereinafter "Defendant"), Defendant in the above-styled civil-action, and, without waiving any defenses as to jurisdiction and venue, hereby files its Answer and Affirmative Defenses to Plaintiffs' Complaint, stating as follows:

### FIRST DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Some or all Defendants are or may be improper parties to this action.

### THIRD DEFENSE

Process is or may be improper as to this Defendant.

### FOURTH DEFENSE

Service is or may be improper as to this Defendant.

4884-7764-6667.1

**FIFTH DEFENSE**

Jurisdiction is or may be improper in the present Court.

**SIXTH DEFENSE**

Venue is or may be improper in the present Court.

**SEVENTH DEFENSE**

Defendant denies any negligence or other wrongdoing in this case.

**EIGHTH DEFENSE**

Defendant did not breach any duty owed to the Plaintiffs.

**NINTH DEFENSE**

At all times relevant hereto, Defendant met or exceeded the standard of care applicable to members of the community under the same or similar circumstances.

**TENTH DEFENSE**

At all times relevant hereto, this Defendant acted reasonably and expressly denies any negligence or any other wrongdoing with respect to its actions in this case.

**ELEVENTH DEFENSE**

This Defendant incorporates by reference all rights and defenses afforded to him pursuant to Senate Bill 3, commonly referred to at the Tort Reform Legislation of 2005, signed into law Feb. 16, 2005.

**TWELFTH DEFENSE**

Plaintiffs had the last clear chance to avoid the accident, and therefore the Plaintiffs are barred from recovery for their injuries.

**THIRTEENTH DEFENSE**

The injuries allegedly suffered by Plaintiffs may have been the result of actions or omissions of individuals over whom Defendant had no control; therefore, Defendant cannot be liable to Plaintiffs.

**FOURTEENTH DEFENSE**

Plaintiffs' recovery is barred by doctrines of comparative negligence, contributory negligence and assumption of the risk.

**FIFTEENTH DEFENSE**

Plaintiffs failed to exercise ordinary care for her own safety and assumed the risk of injury.

**SIXTEENTH DEFENSE**

Plaintiffs' negligence exceeded the negligence of any other party who may have caused or contributed to the incident which resulted in Plaintiffs' alleged injury and Plaintiffs are barred from recovery.

**SEVENTEENTH DEFENSE**

There is no causal relationship between any alleged acts and/or omissions on the part of this Defendant and any alleged injuries to Plaintiffs.

**EIGHTEENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, based upon Plaintiffs' failure to mitigate their damages.

**NINETEENTH DEFENSE**

This Defendant presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unknown, Affirmative Defenses. Accordingly,

this Defendant reserves the right herein to assert additional Affirmative Defenses in the event discovery indicates it would be appropriate.

## TWENTIETH DEFENSE

Without waiving any of the above enumerated defenses, Defendant answers the numbered paragraphs of Plaintiffs' Complaint for Damages as follows:

## PARTIES, VENUE AND JURISDCTION

1.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiffs' Complaint; accordingly, these allegations stand denied.

2.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of Plaintiffs' Complaint; accordingly, these allegations stand denied.

3.

Defendant admits the allegations contained in Paragraph 3 of Plaintiff's Complaint. Defendant further states this Defendant is a foreign entity incorporated in the State of Connecticut and principal place of business in Hartford, Connecticut.

4.

Defendant admits the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5.

Defendant admits the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6.

Defendant denies the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of Plaintiffs' Complaint; accordingly, these allegations stand denied.

8.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of Plaintiffs' Complaint; accordingly, these allegations stand denied.

9.

Defendant admits the allegations contained in Paragraph 9 of Plaintiff's Complaint, to the extent the allegation pertains to it.

10.

Defendant admits the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11.

Defendant admits the allegations contained in Paragraph 11 of Plaintiff's Complaint, to the extent the allegation pertains to it.

**BACKGROUND**

12.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of Plaintiffs' Complaint; accordingly, these allegations stand denied.

13.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of Plaintiffs' Complaint; accordingly, these allegations stand denied.

14.

Defendant admits the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of Plaintiffs' Complaint; accordingly, these allegations stand denied.

16.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of Plaintiffs' Complaint; accordingly, these allegations stand denied.

17.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of Plaintiffs' Complaint; accordingly, these allegations stand denied.

18.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of Plaintiffs' Complaint; accordingly, these allegations stand denied.

19.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of Plaintiffs' Complaint; accordingly, these allegations stand denied.

20.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of Plaintiffs' Complaint; accordingly, these allegations stand denied.

21.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of Plaintiffs' Complaint; accordingly, these allegations stand denied.

22.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of Plaintiffs' Complaint; accordingly, these allegations stand denied.

## **COUNT I – NEGLIGENT MAINTENANCE OF PREMISES**

23.

Defendant incorporates and adopts by reference its responses to Paragraphs 1 through 22 of Plaintiffs' Compliant as if fully set forth herein.

24.

Defendant denies the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25.

Defendant denies the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26.

Defendant denies the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of Plaintiffs' Complaint; accordingly, these allegations stand denied.

28.

Defendant denies the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29.

Defendant denies the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30.

Defendant denies the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31.

Defendant denies the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32.

Defendant denies the allegations contained in Paragraph 32 of Plaintiff's Complaint.

**COUNT II – VICARIOUS LIABILITY**

33.

Defendant incorporates and adopts by reference its responses to Paragraphs 1 through 32 of Plaintiffs' Compliant as if fully set forth herein.

34.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of Plaintiffs' Complaint; accordingly, these allegations stand denied.

35.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of Plaintiffs' Complaint; accordingly, these allegations stand denied.

**COUNT III – NEGLIGENT TRAINING & SUPERVISION**

36.

Defendant incorporates and adopts by reference its responses to Paragraphs 1 through 35 of Plaintiffs' Compliant as if fully set forth herein.

37.

Defendant denies the allegations contained in Paragraph 37 of Plaintiff's Complaint.

38.

Defendant denies the allegations contained in Paragraph 38 of Plaintiff's Complaint.

39.

Defendant denies the allegations contained in Paragraph 39 of Plaintiff's Complaint.

**COUNT IV – LOSS OF CONSORTIUM**

40.

Defendant incorporates and adopts by reference its responses to Paragraphs 1 through 39 of Plaintiffs' Compliant as if fully set forth herein.

41.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of Plaintiffs' Complaint; accordingly, these allegations stand denied.

42.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of Plaintiffs' Complaint; accordingly, these allegations stand denied.

43.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of Plaintiffs' Complaint; accordingly, these allegations stand denied.

44.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of Plaintiffs' Complaint; accordingly, these allegations stand denied.

## TWENTY-FIRST DEFENSE

To the extent Plaintiffs' prayer for relief requires a response, this Defendant denies any allegations contained therein, including all allegations contained in all subparagraphs or subparts.

## TWENTY-SECOND DEFENSE

To the extent Defendant has not specifically answered any allegations contained in Plaintiffs' Complaint, they are hereby denied.

**WHEREFORE**, having fully answered Plaintiffs' Complaint, The Travelers Indemnity Company respectfully prays for the following relief from this Honorable Court:

1. That Plaintiffs' claims be denied and Plaintiffs' Complaint be dismissed with prejudice;

2. That all costs, attorney's fees, and expenses of this action be taxed against Plaintiffs;

3. That the case be tried before a jury of twelve (12) persons; and

4. For such other and further relief as this Honorable Court deems just and proper.

Respectfully submitted this 26th day of January, 2023.

                                          **LEWIS BRISBOIS BISGAARD & SMITH LLP**

                                          */s/ Andrew T. Craft*
                                          Brantley C. Rowlen
                                          Georgia Bar No. 153031
                                          Andrew T. Craft
                                          Georgia Bar No. 844764

Bank of America Plaza                         *Counsel for Defendant The Travelers Indemnity*
600 Peachtree Street N.E.                    *Company*
Suite 4700
Atlanta, Georgia  30308
404.348.8585 – Telephone
404.467-8845 – Facsimile
brantley.rowlen@lewisbrisbois.com
andrew.craft@lewisbrisbois.com

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing **DEFENDANT THE TRAVELERS INDEMNITY COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT** has this date been served by electronically filing the same with the Clerk of Court through the Odyssey EfileGA filing system, which will automatically send notification to all counsel of record as follows:

Hung O. Nguyen
770GOODLAW, H.Q. ALEX NGUYEN LAW FIRM, LLC
5495 Jimmy Carter Blvd.
Suite B-17
Norcross, Georgia  30093
litigation@770goodlaw.com

*Counsel for the Plaintiff*

This 26th day of January, 2023.

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

/s/ *Andrew T. Craft*
Brantley C. Rowlen
Georgia Bar No. 153031
Andrew T. Craft
Georgia Bar No. 844764

Bank of America Plaza
600 Peachtree Street N.E.
Suite 4700
Atlanta, Georgia  30308
404.348.8585 – Telephone
404.467-8845 – Facsimile
brantley.rowlen@lewisbrisbois.com
andrew.craft@lewisbrisbois.com

*Counsel for Defendant The Travelers Indemnity Company*