IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GREGORY BENNETT, an individual, | )<br>)<br>) |
| Plaintiff, | ) Case No.:<br>) |
| v. | ) **COMPLAINT**<br>) |
| I.Q. DATA INTERNATIONAL INC, a Washington Corporation, | ) **JURY TRIAL DEMANDED**<br>)<br>) |
| Defendant. | )<br>) |

## COMPLAINT

COMES NOW Gregory Bennett, Plaintiff, and states the following Complaint against Defendant I.Q. DATA INTERNATIONAL INC for violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692 *et seq.* and for violations of Georgia's Fair Business Practices Act (FBPA), O.C.G.A. §§ 10-1-390 *et seq.*

## JURISDICTION AND VENUE

1. This action arises out of Defendants' illegal and improper efforts to collect a consumer debt, and includes violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692 *et seq.* (the "FDCPA"), as well as Georgia's Fair Business Practices Act, O.C.G.A. §§ 10-1-390 *et seq.*

1

("FBPA"); and Plaintiff's claims under these statutes are so related that they form the same case or controversy.

2. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 (Federal Question), 15 U.S.C. § 1692k, 15 U.S.C. §§ 1681 *et seq.*, and 28 U.S.C. §§ 1331 & 1337, as well as 28 U.S.C. § 1367 (Supplemental Jurisdiction).

3. This Court has personal jurisdiction over the Defendant for the purposes of this action because Defendant regularly attempts to collect debts from residents of Georgia in the State of Georgia, Defendant has a registered agent located in the State of Georgia, Plaintiff is a resident of the State of Georgia, and the committed acts that form the basis for this suit occurred within the State of Georgia and this District.

4. Venue is proper in the Northern District of Georgia pursuant to 28 U.S.C. § 1391 because Defendant has a registered agent located within this District, and Plaintiff is a resident of this District.

## PARTIES

5. GREGORY BENNETT, is a resident of Georgia, and is a consumer under 15 U.S.C. § 1692a(3).

6. I.Q. DATA INTERNATIONAL INC ("IQ DATA") is a Washington Corporation that regularly transacts business within the State of Georgia, regularly targets Georgia residents for the collection of debts, and has a registered agent in Georgia named Corporation Service Company located in Gwinnett County at 2 SUN COURT, SUITE 400, PEACHTREE CORNERS, GA, 30092.

## FACTUAL ALLEGATIONS

7. GREGORY BENNETT is a natural person, and is not a corporation, limited liability company, or other legal entity.

8. I.Q. DATA INTERNATIONAL INC's website states that it "has been serving the collection needs of businesses and consumers since 1998."[1]

9. Defendant IQ DATA is registered as a consumer collection agency with the Florida Office of Financial Regulation, with the License Number CCA0900898.

10. Defendant IQ DATA is registered as a debt collector with the Minnesota Department of Revenue, with the License Number 40039353.

---

[1] IQData inc. – About Us, IQData inc., available at (https://www.iqdata-inc.com/about-us) (last accessed January 25, 2023).

11. Upon information and belief, Defendant IQ DATA regularly collects or attempts to collect debts owed or due to others.

12. The principal purpose of Defendant IQ DATA's business is the collection of any debts.

13. Upon information and belief, Defendant IQ DATA uses the instrumentalities of interstate commerce or the mails in its efforts to collect debts.

14. Plaintiff lived in The Enclave Apartments in Maryland.

15. Plaintiff sued The Enclave Apartments in Maryland in a case named <u>Gregory Bennett, et al, v. Donaldson Group LLC, et al</u>, Case No. 4593907-V, Montgomery County Circuit Court, Maryland.

16. Plaintiff was represented by legal counsel in this lawsuit and dispute over his apartment lease and any account owing on said lease.

17. Plaintiff's lawsuit, and legal representation, was, and still is, public record.

18. Plaintiff's lawsuit went to a jury trial, and Plaintiff was awarded a Final Judgment against The Enclave Apartments in the amount of $2,000.00 on November 3, 2021.

19. This final judgment was, and still is, public record.

20. Defendant IQ DATA directly contacted Plaintiff in a letter dated January 28, 2022, seeking to collect $5,081.09 from Mr. Bennett that IQ DATA claimed

he owed The Enclave Apartments for a residential apartment lease—an alleged consumer debt.

21. Upon information and belief, Defendant IQ DATA knew Mr. Bennett was represented by legal counsel at the time, but contacted him nonetheless.

22. Upon information and belief, Defendant IQ DATA performed a background check on Mr. Bennett to obtain the address he was contacted at, which was not previously provided to The Enclave Apartments by Mr. Bennett.

23. Upon information and belief, Defendant IQ DATA had access to, and had actual knowledge, as a result of this background search that Mr. Bennett was involved in litigation against The Enclave Apartments, and was represented by legal counsel.

24. Upon information and belief, Defendant IQ DATA had access to, and had actual knowledge, as a result of this background search that Mr. Bennett was involved in litigation against The Enclave Apartments, and had obtained a judgment against The Enclave Apartments.

25. The amount sought by Defendant IQ DATA in this collection letter was not correct.

26. The amount sought by Defendant IQ DATA in this collection did not account for the judgment obtained by Mr. Bennett against The Enclave Apartments.

27. The amount sought by Defendant IQ DATA in this collection letter improperly applied interest on the alleged debt.

28. Upon information and belief, Plaintiff does not owe The Enclave Apartments the alleged debt.

29. Defendant's actions caused Mr. Bennett to suffer stress, anxiety, frustration, and worry because he already had legal counsel handling his dispute with The Enclave Apartments, and he understood it was The Enclave Apartments who owed him money, and that he did not owe them any money.

30. Defendant's actions caused Mr. Bennett to suffer emotional distress he would not have suffered but for Defendant's actions.

31. Mr. Bennett also incurred additional legal fees and costs to investigate Defendant's claims in an amount not less than $420 that he would not have incurred but for Defendant's actions.

32. Plaintiff's counsel sent Defendant IQ DATA a pre-suit, ante-litem demand letter pursuant to Georgia's FBPA, O.C.G.A. § 10-1-399, on April 14, 2022.

33. It has been more than 30 days since Defendant IQ DATA received the ante-litem demand.

34. The ante-litem demand letter sent by Plaintiff's counsel to Defendant IQ DATA included information regarding the judgment Mr. Bennett had against The Enclave Apartments, putting Defendant IQ DATA on notice that Mr. Bennett had a judgment against The Enclave Apartments.

35. Defendant IQ DATA nevertheless sent a second collection letter in response to this ante-litem demand that claimed Mr. Bennett owed The Enclave Apartments $5,141.01 dated April 19, 2022.

36. The amount of this alleged debt in the second collection letter is incorrect.

37. This second collection letter directed Mr. Bennett to remit this balance in full, once again demanding Mr. Bennett pay an incorrect amount to The Enclave Apartments through Defendant IQ DATA.

38. Upon information and belief, Defendant IQ DATA is in competition with other debt collection companies, including those that focus on collecting rental debts from consumers.

39. The actions of Defendant IQ DATA in directly contacting a consumer it knew was represented by counsel and in seeking to collect incorrect debt

amounts, from Georgia consumers, such as Mr. Bennett, impact the consumer marketplace for rents and rental debt recovery.

40. Defendant IQ DATA is subject to the provisions of Georgia's Fair Business Practices Act, O.C.G.A. §§ 10-1-390 *et seq.*

41. Georgia's Fair Business Practices Act is intended to "protect consumers and legitimate business enterprises from unfair or deceptive practices in the conduct of any trade or commerce in part or wholly in the state" and is intended to be "liberally construed and applied to promote its underlying purposes and policies." O.C.G.A. § 10-1-391(a).

42. Georgia's Fair Business Practices Act imposes a duty on all businesses and individuals to refrain from engaging in "[u]nfair or deceptive acts or practices in the conduct of consumer transactions and consumer acts or practices in trade or commerce." O.C.G.A. § 10-1-393(a).

43. Plaintiff's injuries caused by Defendant's violations of the FDCPA are particular and concrete in that they are legally cognizable injuries through the FDCPA, they have invaded Plaintiff's legal rights, intruded upon his privacy, invaded his right to be free from attempts to collect debts he does not owe, invaded his right to be given accurate information about how much of a debt he does owe, invaded his right to be treated fairly and with

conscious regard, and have resulted in Plaintiff suffering stress and anxiety, emotional distress, as well as valuable lost time and resources.

44. Plaintiff has incurred actual damages—both specific in legal fees and costs incurred, and general in the form of emotional distress—as a direct result of Defendant's actions in violation of the FDCPA and Georgia's FBPA that he would not have suffered but for Defendant's FDCPA and FBPA violations.

## CAUSES OF ACTION

### Count 1
*Violations of the Fair Debt Collection Practices Act*

45. Defendant's direct communication with Plaintiff, a consumer it knew was represented by legal counsel, violates of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.*

46. Defendant's efforts to collect an incorrect amount from Mr. Bennett violates of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.*

47. Defendant's efforts to collect a debt from Mr. Bennett that he does not owe violates of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.*

48. Defendants' efforts to collect an amount from Plaintiff not permitted by law or by contract violates the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.*

49. As a direct result Defendant's actions in violation of the FDCPA, Plaintiff suffered stress, anxiety, and emotional distress—otherwise known as garden-variety emotional distress—and suffered lost resources and valuable time in dealing with these collection efforts.

50. As a direct result Defendant's actions in violation of the FDCPA, Plaintiff incurred legal costs and fees he would not have incurred but for Defendants' actions in violation of the FDCPA in an amount not less than $420.00.

51. Further, Defendant's violations of the FDCPA, 15 U.S.C. §§ 1692 *et seq.*, make them liable to Plaintiff for not just the actual damages identified above, but also for statutory damages of up to the maximum of $1,000 for each Defendant, plus reasonable court costs and attorneys' fees in accordance with the FDCPA, 15 U.S.C. § 1692k(a)(2)-(3).

**Count 2**
*Violations by Defendants of Georgia's Fair Business Practices Act*

52. Defendant IQ DATA's efforts to collect an incorrect amount of debt, attempting to collect a debt Mr. Bennett does not owe, and directly contacting him to collect that alleged debt despite knowing he was

represented by counsel as to that debt, are unfair or deceptive acts or practices in the conduct of consumer transactions.

53. Plaintiff relied on Defendant IQ DATA's representations as to the alleged debt, and its alleged amount, when he retained additional legal counsel to investigate IQ DATA's claims, incurring legal fees and costs to do so, and in experiencing the stress, anxiety, and frustration of Defendant IQ DATA contacting him directly to attempt to collect the incorrect, alleged debt.

54. As a result of Defendant IQ DATA's unfair and deceptive acts or practices in the conduct of consumer transactions, Plaintiff suffered stress, anxiety, and emotional distress—otherwise known as garden-variety emotional distress—plus legal fees and costs to defend the legal claims, in amount to be shown with more particularity at a later date, but not less than $420.00.

55. Defendant IQ DATA competes within its respective consumer marketplaces with other companies who seek to engage in consumer transactions with Georgia residents, who attempt to collect consumer debts from Georgia residents, and IQ DATA's actions in disregard to Georgia's FBPA, O.C.G.A. §§ 10-1-390 *et seq.*, impact the consumer marketplace by creating an unfair competitive disadvantage for those companies who do comply with Georgia's FBPA, O.C.G.A. §§ 10-1-390 *et seq.*

56. Upon information and belief, Defendant IQ DATA has practiced the same disregard for consumer rights visited upon Plaintiff by its acts complained of in this case with other consumers, and the consumer transactions that compose Plaintiff's claims are therefore not private transactions, but instead impact the entirety of the consumer marketplace.

57. Defendant IQ DATA's unfair or deceptive acts or practices in the conduct of consumer transactions violate Georgia's Fair Business Practices Act, O.C.G.A. § 10-1-390 *et seq.* (the "FBPA").

58. Plaintiff served a pre-suit notice required by Georgia's FBPA pursuant to O.C.G.A. § 10-1-399 on IQ DATA, on or about April 14, 2022, which was more than thirty (30) days from the filing of this Complaint.

59. Defendant IQ DATA's violations of the FBPA makes it liable to Plaintiff for the actual damages detailed above to be shown with more particularity at a later date.  O.C.G.A. § 10-1-399(a).

60. Defendant IQ DATA's violations of the FBPA makes it liable to Plaintiff for "reasonable attorneys' fees and expenses of litigation incurred," "irrespective of the amount in controversy."  O.C.G.A. § 10-1-399(d).

61. Defendant IQ DATA's intentional acts in violation of Georgia's FBPA also make it liable to Plaintiff for treble damages.  O.C.G.A. § 10-1-399(c).

62. Plaintiff further seeks to enjoin Defendant IQ DATA from continuing to contact him regarding this or any alleged debt pursuant to O.C.G.A. § 10-1-399(a).

### *Count 3*
*Punitive Damages Against Defendants Under Georgia's FBPA*

63. Plaintiff has a statutorily created right to "exemplary damages," sometimes also called punitive damages, pursuant to O.C.G.A. § 10-1-399(a) for intentional violations of Georgia's Fair Business Practices Act, O.C.G.A. § 10-1-390 *et seq*.

64. Defendant IQ DATA's intentional acts in violation of Georgia's FBPA also make it liable for "exemplary damages," sometimes also called punitive damages, pursuant to O.C.G.A. § 10-1-399(a), in an amount to be determined by the enlightened conscious of a jury.

### **JURY DEMAND**

65. Plaintiff demands a trial by jury.

    **WHEREFORE,** Plaintiff prays that this Court:

    (1) Find Defendant liable for violations of the Fair Debt Collection Practices Act for the reasons stated in the Complaint above;

(2)  Award Plaintiff the full $1,000 statutory damages for Defendant's FDCPA violations;

(3)  Award Plaintiff actual damages against Defendant in an amount to be shown with more particularity at a later date for Defendant's FDCPA violations;

(4)  Find Defendant liable for actual damages in an amount to be shown with more particularity at a later date for its violations of Georgia's Fair Business Practices Act, O.C.G.A. § 10-1-390 *et seq.*;

(5)  Find Defendant liable for treble damages for its intentional violations of Georgia's Fair Business Practices Act, O.C.G.A. § 10-1-399(c);

(6)  Award Plaintiff equitable relief in the form of an injunction against Defendant contacting Plaintiff or seeking to collect the Alleged Debt, or any other debt, from Plaintiff in the future pursuant to Georgia's Fair Business Practices Act, O.C.G.A. § 10-1-399(a).

(7)  Find Defendant liable for punitive damages for its intentional violations of Georgia's Fair Business Practices Act, O.C.G.A. § 10-1-399(a);

(8)  Award Plaintiff reasonable attorney's fees and costs against Defendants in accordance with the FDCPA, 15 U.S.C. § 1692k(a)(2)-(3);

(9)  Award Plaintiff reasonable attorney's fees and costs in accordance with the Georgia's FBPA, O.C.G.A. § 10-1-399(d), for Defendant's violations of Georgia's Fair Business Practices Act;

(10) Award Plaintiff the reasonable costs of this action;

(11) Award Plaintiff other reasonable expenses of litigation;

(12) Grant Plaintiff such other and additional relief as the Court deems just and equitable.

[SIGNATURE AND DATE ON FOLLOWING PAGE.]

Respectfully submitted this <u>26 January 2023</u>.

<u>*/s/ John William Nelson*</u>
John William Nelson
Georgia Bar No. 920108
john@nelsonchambers.com
*Attorney for Plaintiff*

The Nelson Law Chambers LLC
2180 Satellite Blvd, Suite 400
Duluth, Georgia 30097
Ph. 404.348.4462
Fax. 404.549.6765

## CERTIFICATE OF COMPLIANCE

Pursuant to Local R. 7.1(D), this is to certify that the foregoing complies with the font and point setting approved by the Court in Local R. 5.1(B). The foregoing COMPLAINT was prepared on a computer, using Times New Roman 14-point font.

**DATED:**   <u>26 January 2023</u>

<u>/s/ John William Nelson</u>
John William Nelson
State Bar No. 920108

*Attorney for Plaintiff*

The Nelson Law Chambers LLC
2180 Satellite Blvd, Suite 400
Duluth, Georgia 30097
Ph.    404.348.4462
Fax.   404.549.6765

## **VERIFICATION OF COMPLAINT**

Pursuant to 28 U.S.C. § 1746, Plaintiff <u>GREGORY BENNETT</u>, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    01 / 25 / 2023

_____
Signature

Doc ID: df531c203866d007a079bcf004ab46fe9fceac74