IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BRANDELL ALLISON,<br><br>   Plaintiff,<br><br>v.<br><br>COBB/DOUGLAS BOARD OF HEALTH; COBB COUNTY, GA; DOUGLAS COUNTY, GA; CYNTHIA COX, individually; REBECCA HENSON, individually; LINDSEY SEIDER, individually; and LAURIE ROSS, individually,<br><br>   Defendants. | Civil Action No.<br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT

COMES NOW Brandell Allison ("Plaintiff" or "Ms. Allison"), by and through her undersigned counsel, and files this Complaint, showing the Court as follows:

## JURISDICTION AND VENUE

1.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e ("Title VII"),

42 U.S.C. § 1981, *et. seq.* ("Section 1981"), pursuant to 42 U.S.C. § 1983, and 28 U.S.C. § 1341 and 1343.

2.

This Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 2000e-5(f).

## ADMINISTRATIVE PROCEDURES

3.

All conditions precedent have been satisfied, completed, or waived.

4.

Plaintiff filed a charge of discrimination with the EEOC on October 8, 2021.

5.

The United States Department of Justice issued a Notice of Right to Sue on November 10, 2022.

6.

This action has been commenced within ninety (90) days of receipt of the Notice of Right to Sue.

## **PARTIES**

7.

Plaintiff is an African-American citizen of the United States, is entitled to bring actions of this kind and nature and is subject to the jurisdiction of this Court.

8.

Defendant Cobb/Douglas Board of Health ("Defendant" or "Board") is a governmental agency located within Cobb and Douglas Counties Georgia and an employer as defined by Title VII, such that Plaintiff's employment with the Cobb County Board of Health is a contract pursuant to 42 U.S.C. § 1981.

9.

During all times relevant hereto, the Board has employed fifteen (15) or more employees for the requisite duration under Title VII. The Board is therefore covered under Title VII in accordance with 42 U.S.C. § 2000e(b). The Board may be served with process pursuant to Rule 4 of the Federal Rules of Civil Procedure by service on its Executive Director, Dr. Janet Memark at 1650 County Services Parkway, Building A, Marietta GA 30080.

10.

Defendant Cobb County, Georgia is a county organized according to the laws and Constitution of the State of Georgia, is a body corporate with the power to sue

and be sued, and is subject to actions of this kind and nature. The County may be served, pursuant to Rule 4 of the Federal Rules of Civil Procedure, by service on the County Manager, Dr. Jackie R. McMorris, at 100 Cherokee Street, Marietta, GA 30090.

11.

Defendant Douglas County, Georgia is a county organized according to the laws and Constitution of the State of Georgia, is a body corporate with the power to sue and be sued, and is subject to actions of this kind and nature. The County may be served, pursuant to Rule 4 of the Federal Rules of Civil Procedure, by service on Dr. Romona Jackson Jones, Chair of the Board of Commissioners, 8700 Hospital Drive, 3rd Floor, Douglas County Courthouse, Douglasville, GA 30134.

12.

All of the foregoing Defendants (hereinafter collectively "Entity Defendants") were either an integrated enterprise/single employer, a joint employer of Plaintiff, or otherwise constitute Plaintiff's "employer" under 42 U.S.C. § 2000e(b).

13.

Defendant Cynthia Cox was, at the times relevant to this Complaint, the Director of Workplace Administration for Defendant Cobb/Douglas Board of

Health. Ms. Cox may be served with process at her place of employment, with Defendant Cobb/Douglas Board of Health.

14.

Defendant Rebecca Henson was, at the times relevant to this Complaint, the Interim Director of Workplace Administration for Defendant Cobb/Douglas Board of Health. Ms. Henson may be served with process at her place of employment, with Defendant Cobb/Douglas Board of Health.

15.

Defendant Lindsey Seider was Plaintiff's supervisor in her employment with Defendants. Ms. Seider is a resident of the State of Georgia and may be sued in her individual capacity pursuant to Plaintiff's claims under 42 U.S.C Section 1981, pursuant to 42 U.S.C. 1983. Ms. Seider may be served with process pursuant to Rule 4 of the Federal Rules of Civil Procedure at her home address, at 908 Park Ridge Circle Marietta, GA 30068-4691.

16.

Defendant Laurie Ross was at all times relevant this Complaint, Director of Community Health for Defendant Cobb/Douglas Board of Health. Ms. Ross is a resident of the State of Georgia and may be sued in her individual capacity pursuant to Plaintiff's claims under 42 U.S.C Section 1981, pursuant to 42 U.S.C. 1983. Ms.

Ross may be served with process at her place of employment, with Defendant Cobb/Douglas Board of Health.

## FACTUAL ALLEGATIONS

17.

Defendants hired Ms. Allison on or about October 16, 2020, as a Breast Feeding Peer Counselor.

18.

During her employment, Ms. Allison witnessed her supervisor, Lindsey Seider, make derogatory race-based comments about Defendants' non-white clientele.

19.

Ms. Seider is white.

20.

Ms. Seider would use terms such as "baby daddy" about Black fathers, regardless of the parents' marital status, yet would refer to white fathers as the mother's "husband".

21.

Ms. Seider stated that she did not want to go downtown because she was afraid of "those people," stating that you "can't trust them." When Ms. Allison attempted

to clarify who Ms. Seider was refering to when she said "them," she'd only reply, "you know."

22.

Ms. Seider also allowed white clients to be treated more favorably, in that she was more lax with the rules when it came to the white clients.

23.

Ms. Seider questioned the Black mother's need for breast pumps, and made the comment that you "can't trust what they say."

24.

Ms. Seider freely gave out the pumps to white mothers without the same level of scrutiny and suspicion.

25.

On multiple occasions Ms. Allison spoke to Ms. Seider about how she was treating Black and Hispanic clients less favorably then white clients.

26.

Ms. Seider was previously the subject of discrimination complaint by an employee, Adriana Lamo, after Seider allegedly said that Ms. Lamo's son was "slow" and that it was because he is Hispanic.

27.

Ms. Lamo was put on probation as a result of her complaint; Ms. Seider was not disciplined.

28.

On or about June 10, 2021, Ms. Allison met with the Interim Nutrition Services Director, Rebecca Hinson, and Ms. Seider.

29.

During this meeting, Ms. Allison reiterated her concerns about Ms. Seider's conduct, informed Ms. Henson that a client had complained to her about Ms. Seider's racist statement and treatment, and asserted that she was being retaliated against for opposing Ms. Seider's racial discrimination towards clients.

30.

Following this meeting, Ms. Seider began calling Ms. Allison about non-urgent issues.

31.

On June 23, 2021, Defendant Cox wrote to Plaintiff, claiming that the Board of Health had investigated Plaintiff's complaints and found "The complaint has been investigated and it has been determined no misconduct occurred based on the allegations in your complaint."

32.

Defendants also began questioning Ms. Allison's attendance, despite Ms. Allison never having a set work schedule.

33.

Ms. Allison escalated her complaint to the Defendant Cynthia Cox, Director of Workplace Administration.

34.

Ms. Cox and Ms. Ross met with Ms. Allison about her complaint near the end of June, 2021.

35.

During the meeting, Ms. Allison expressed to them that she was being discriminated against as compared to non-white employees and such discrimination was based on her race and in retaliation for her complaint about Ms. Seider.

36.

During the meeting, Cox and Ross told Plaintiff that Seider had admitted making racist statements and had apologized.

37.

Notwithstanding that fact, response to her report, Ms. Allison was verbally reprimanded by Defendants Cox and Ross for complaining about Ms. Seider.

9

38.

Cox and Ross repeatedly told Ms. Allison that she was responsible for not getting along with Ms. Seider, even though Seider had admitted fault.

39.

Instead of informing Ms. Allison what action would be taken to address her complaints of racial discrimination – i.e. Ms. Seider's racist comments and treatment of nonwhite clients – Cox and Ross accused of not being a "team player" and was told that she would have to get along with Ms. Seider.

40.

On July 9, 2021, Defendants, acting in concert, terminated Ms. Allison because of her race and in retaliation for her complaints of racial discrimination and retaliation.

41.

While Defendants purports to have a legitimate reason for the termination, this reason is pretext and an attempt by Defendants to cover up their retaliatory motive.

42.

Defendants claims to have relied on write-ups that were never provided to Ms. Allison.

43.

Other non-white employees have also been terminated or resigned as a result of the racial issues that exist within the Cobb/Douglas County Board of Health.

44.

Defendants treated other employees outside of her protected class, i.e., white employees and employees who had not complained about racial discrimination, more favorably, by terminating Plaintiff for complaining about race-based discrimination.

## **COUNT I:  COUNT IV:  RACE DISCRIMINATION VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**

45.

Plaintiff reincorpoates by reference paragraphs 17-44 of this Complaint by this reference as if fully set forth herein.

46.

The actions of the Entity Defendants in terminating Plaintiff because of her race constitutes unlawful discrimination on the basis of Plaintiff's race (African-American) in violation of Title VII.

47.

These Defendants discriminated against Plaintiff because of her race willfully, wantonly, and in reckless disregard of Plaintiff's federally protected rights, and its discrimination against Plaintiff was undertaken in bad faith.

48.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity, and to otherwise adversely affect her status as an employee because of her race.

49.

As a direct and proximate result of these Defendants' violation of Title VII, Plaintiff has been made the victim of acts that caused her loss of employment, back wages, and have adversely affected her psychological and physical well-being.

50.

Accordingly, these Defendants are liable for the damages Plaintiff has sustained as a result of their unlawful discrimination and retaliation.

### COUNT II:  RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

51.

Plaintiff reincorpoates by reference paragraphs 17-44 of this Complaint by this reference as if fully set forth herein.

52.

The actions of the entity Defendants, as detailed above, in terminating Plaintiff because of her protected activity constitutes unlawful intentional retaluation in violation of Title VII.

53.

These Defendants willfully and wantonly disregarded Plaintiff's rights, and Defendants' retaliation against Plaintiff was untertaken in bad faith.

54.

As a direct and proximate result of these Defendants' violation of Title VII, Plaintiff has been made the victim of acts that caused her loss of employment, back wages, and have adversely affected her psychological and physical well-being.

55.

Accordingly, these Defendants are liable for the damages Plaintiff has sustained as a result of their unlawful retaliation.

### COUNT III:  VIOLATION OF THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT OF THE US CONSTITUTION AND 42 U.S.C. § 1981

56.

Plaintiff reincorpoates by reference paragraphs 17-44 of this Complaint by this express reference as if fully set forth herein.

57.

Defendants subjected Plaintiff to discrimination and retaliation on the basis of her race (African-American) by creating a racial and retaliatory hostile work environment and terminating her employment.

58.

The discrimination and harassment of Plaintiff was conducted by individuals whose actions toward Plaintiff constitute the final policy or practice of the entity Defendants as it relates to employees of Defendant Cobb/Douglas Board of Health.

59.

Defendants' actions in subjecting Plaintiff to racial discrimination constitute unlawful discrimination on the basis of race in violation of the Fourteenth Amendment of the United States Constitution and 42 U.S.C. section 1981, which claims are brought pursuant to 42 U.S.C. Section 1983.

60.

Defendants' actions in retaliating against Plaintiff because of her opposition to racial discrimination against clients and against herself constitutes unlawful retalaition in violation of 42 U.S.C. § 1981, brought pursuant to 42 U.S.C. § 1983.

61.

The effect of the Defendants' conduct was to deprive Plaintiff of economic opportunites, and otherwise adversely effect Plaintiff's status as an employee, because of her race.

62.

As a direct and proximate result of Defendants' unlawful employment practices, Plaintiff has been embarrassed, humiliated and has suffered damage to her emotional health, and has lost back pay and is likely to continue to suffer lost front pay.

63.

Defendants have willfully and wantonly disregarded Plaintiff's rights, and Defendants' discrimination against Plaintiff was undertaken in bad faith.

64.

Plaintiff also seeks punitive damages against Defendant Seider for her own intentional discrimination and retaliation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff pray for judgment as follows:

(a) Backpay from the date of her termination to the date of final judgment, with all increases in pay which she would have received but for her unlawful termination;

(b) General damages for mental and emotional suffering caused by Defendants' misconduct;

(c) Punitive damages against the individual defendants, based on this Defendants' malicious, intentional, and deliberate acts;

(d) Retroactive reinstatement to her position with the entity Defendants, or front pay in lieu of reinstatement, all with all benefits, perquisites, and emoluments of employment from the date of her termination to the date of final judgment;

(e) Reasonable attorney's fees and expenses of litigation;

(f) Trial by jury as to all issues;

(g) Prejudgment interest at the rate allowed by law;

(h) Declaratory relief to the effect that Defendants have violated Plaintiff's statutory rights;

(i) Injunctive relief prohibiting Defendants from further unlawful conduct of the type described herein; and

(j) All other relief to which she may be entitled.

Respectfully submitted the 26th day of January, 2023.

                                **BARRETT & FARAHANY**

                                s/ *Matthew C. Billips*
                                Matthew C. Billips
                                Georgia Bar No. 057110

                                *Attorney for Brandell Allison*

P.O. Box 530092
Atlanta, GA 30353
(404) 214-0120
(404) 214-0125 Facsimile
matt@justiceatwork.com