IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| JAIME REGAL, | ) |
| | ) |
| Plaintiff, | ) Civil Action File No. |
| | ) _____ |
| -vs- | ) |
| | ) COMPLAINT |
| NAVY MUTUAL AID ASSOCIATION, | ) |
| | ) |
| Defendant. | ) |

Plaintiff Jaime Regal, through undersigned counsel, files suit against Navy Mutual Aid Association and alleges as follows:

I. PARTIES

1. Plaintiff is a citizen and resident of the State of Georgia.

2. On information and belief, Defendant is Navy Mutual is a not-for-profit veteran's service organization ("VSO") that offers a variety of programs, services and benefits to veterans who have served in United States Navy, Marine Corps, Coast Guard, Public Health Service (PHS), National Oceanic and Atmospheric Administration, and their families (collectively, "veterans"). It is the oldest VSO in the United States, formed in 1879 and subsequently chartered as a VSO by Congress. Navy Mutual's three part mission is to provide: (1) quality life insurance to veterans as close to net cost as possible, (2) secure all government benefits to which veterans are legally entitled, and (3) educate military members and their families on matters of financial security. Defendant has its principal place of business in Henderson Hall, 29 Carpenter Road, Arlington, VA 22212 US.

3. Plaintiff purchased a life insurance policy from Defendant Navy Mutual Aid Association ("Navy Mutual") while being a resident of Georgia.

## II. JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332(d)(2) because the amount in controversy exceeds the sum or value of $200,000, exclusive of interest and costs, and the parties are citizens of different states.

5. This Court has personal jurisdiction over Defendant, because Defendant conducts business in Georgia, through its agents and employees.

6. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events or omissions giving rise to the instant action occurred in Georgia.

## III.  FACTUAL BACKGROUD

7. In June of 2011, Plaintiff was married to Camille E. Regal. Mrs. Regal was born on June 15, 1969.

8. Plaintiff sought to insure his wife's life and contacted Navy Mutual Aid Association ("Navy Mutual").

9. Navy Mutual provided Plaintiff with an application, which Plaintiff and his wife filled out.

10. On or about July 11, 2011, Defendant issued a Membership Certificate, which certified that Plaintiff was the owner of a Flex Term Coverage policy of insurance on the life of his wife, Camille E. Regal. The Face Amount of the policy was $200,000, the Term Conversion Date was June 23, 2027, and the Term Coverage Termination Date was June 23, 2029.

11. Defendant's Membership Certificate specifically states: "This certifies that, as of

the Effective Date, and terminating on the Term Coverage Termination Date shown, the named insured of the Navy Mutual Aid Association (the "Association"), is covered for the amount of life insurance specified and is entitled to all other benefits described in this certificate, subject to its terms and conditions."

12. The Certificate concludes: This Certificate and its attachments, including benefit plan provision version 'Rev 02/11', are a legal contract between the plan owner and the Association.

13. The contract required Plaintiff to pay $10.60 per month for his premium, which was automatically withdrawn from his banking account each month. If the payment was not honored by his bank for any reason, Defendant notified Plaintiff via letter and email to assure that payment was made and the policy remained in place.

14. On January 26, 2020, Camille Regal died from natural causes. Plaintiff submitted a claim to Defendant, which was acknowledged by Defendant.

15. Defendant wrote to Plaintiff to inform him that it would not pay the claim or the proceeds of the policy. According to Defendant it had previously cancelled the policy based on a termination date, which Defendant alleged to have changed by endorsement. Plaintiff never received a notice about any terminations, modifications, or endorsements until after he made the claim for payment under the policy.

16. Plaintiff brings this action seeking declaratory relief, and insurance coverage owed under Navy Mutual's policy, and damages.

17. Plaintiff purchased life insurance from Navy Mutual to insure the life of his wife, Camille Regal. Such coverage was to pay Plaintiff, as beneficiary, $200,000 upon the death of his wife.

18. Plaintiff paid all of the premiums to Navy Mutual via automatic deductions to keep his policy in full force.

19. On or about January 26, 2020, Plaintiff's wife Camille passed away. On or about January 28, 2020, Plaintiff reported his wife's death to Defendant and made a claim for payment of the policy's proceeds.

20. On or about January 29, 2020, Defendant denied Plaintiff's claim for coverage. In a cursory denial letter, Defendant took the position that it had amended the contract of insurance by endorsement and ended the policy eight (8) days after the insured's 50th birthday. In an email, a representative of Defendant informed an attorney representing Plaintiff that the policy was only to be in effect until the insured turned 50 years old.

21. Along with its denial letter, Defendant sent a letter it purported to have written in September of 2011, as well as an endorsement that was claimed to have been published in August of 2011. Plaintiff had not previously received either the September letter or the August endorsement. Further, Plaintiff did not sign the endorsement or any modification to the contract of insurance.

22. According to Defendant, the unilateral endorsement modified the termination date of the policy.

23. Defendant's denial of coverage breached its obligation and responsibility to provide coverage available through the policy to Plaintiff due to the death of his wife.

24. As a result, Defendant's denial of coverage and breach of the insurance policy it issued, Plaintiff has suffered and will continue to suffer damages.

FIRST CAUSE OF ACTION
Declaratory Judgment

26. Plaintiff re-alleges the paragraphs 1 – 25 above as if fully set forth herein.

27. Plaintiff purchased a life insurance policy from Defendant.

28. Plaintiff paid all premiums required to maintain his policy in full force.

29. The insurance policy provided insurance for the life of Plaintiff's late wife.

30. Plaintiff's wife died on January 26, 2020.

31. Plaintiff made a claim under the policy, because his wife's death was a triggering event.

32. The loss is insured under the insurance policy.

33. There is no applicable, enforceable exclusions or definitions in the insurance policies that preclude coverage for the loss.

34. Defendant's endorsement, issued to Plaintiff after he submitted his claim, cannot modify the termination date of the contract of insurance.

35. Plaintiff seeks a declaration for himself that the loss is covered and not precluded by exclusions or other limitations in Defendant's insurance policy.

SECOND CAUSE OF ACTION
Breach of Contract

36. Plaintiff re-alleges the paragraphs 1 – 35 above as if fully set forth herein.

37. Plaintiff purchased a life insurance policy from Defendant to cover the life of his wife. This policy was a binding contract that afforded Plaintiff insurance under the terms and conditions of the policy.

38. Plaintiff met all or substantially all of his contractual obligations, including paying all the premiums required by Defendant.

39. On or about January 20, 2020, Plaintiff's wife passed away, triggering coverage

and payment under the policy.

40. Plaintiff submitted a claim to Defendant, along with the requested documentation to support the claim.

41. Defendant denied coverage, explaining that the policy was terminated and that it had unilaterally changed the terms of the contract after issuance of the policy. Defendant did not provide notice to Plaintiff about a termination prior to the claim being made.

42. Defendant breached its contract by denying Plaintiff's claim.

43. As a direct and proximate result of Defendant's denial of insurance coverage to Plaintiff, Plaintiff suffered damages.

44. Plaintiff seeks: (a) a judgment that Defendant breached its contract with Plaintiff; and (b) corresponding damages for that breach.

THIRD CAUSE OF ACTION
Breach of Implied Covenant of Good Faith and Fair Dealing

45. Plaintiff re-alleges the paragraphs 1 – 44 above as if fully set forth herein.

46. Plaintiff contracted with Defendant to provide life insurance for Plaintiff's wife.

47. This contract was subject to an implied covenant of good faith and fair dealing that all parties would act in good faith and with reasonable efforts to perform their contractual duties—both explicit and fairly implied—and not to impair the rights of other parties to receive the rights, benefits, and reasonable expectations under the contracts. These included the covenant that Defendant would act fairly and in good faith in carrying out its contractual obligations to provide Plaintiff with life insurance for his spouse.

48. Defendant breached the implied covenant of good faith and fair dealing by:

    a. Selling a policy to Plaintiff with a stated dated of termination, and accepting

      premiums for that policy;

  b.  failing to notify Plaintiff about a termination of the policy;

  c.  claiming the policy was terminated only after the claim was made;

  d.  Denying coverage for loss of life, and without proper cause, by claiming that it unilaterally amended its contract of insurance;

  e.  Denying Plaintiff's claim for loss of life without conducting a fair, unbiased and thorough investigation or inquiry, arbitrarily and capriciously, and/or with knowledge that the denial was unreasonable under the policy;

  f.  Misrepresenting policy terms; and

  g.  Compelling Plaintiff to initiate litigation to recover policy benefits to which he is entitled.

49.  Plaintiff met all or substantially all of its contractual obligations, including by paying all the premiums required by Defendant.

50.  Defendant's failure to act in good faith in providing life insurance coverage to Plaintiff denied Plaintiff the full benefit of his bargain.

51.  Accordingly, Plaintiff has been injured as a result of Defendant's breach of the covenant of good faith and fair dealing and is entitled to damages in an amount to be proven at trial.

52.  Plaintiff seeks: (a) a judgment that Defendant has breached the covenant of good faith and fair dealing implied in its contract with Plaintiff; and (b) corresponding damages for that breach.

WHEREFORE, Plaintiff requests that the Court enter a judgment awarding the following relief:

a. A declaration that Plaintiff's losses are covered under Defendant's insurance policy; and

b. Plaintiff also requests damages, attorney's fees and costs, and such other and further relief as is just and proper as compensation for Defendant's breach of contract and breach of the implied covenant of good faith and fair dealing.

c. Plaintiff demands a trial by jury for all issues so triable under the law.

d. For such other relief as the Court deems just and equitable.

Dated this 24th Day of January, 2023

                              RAEL LAW FIRM,

                              /s C. Samuel Rael
                              C. Samuel Rael
                              201 West Peachtree St. N.W.
                              Suite 2300
                              Atlanta, GA 30309
                              (404) 522-2555
                              Email: samuelrael@gmail.com