IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |  |
|---|---|---|
| ALAN C. TAYLOR AND RENEE TAYLOR, | ) ) ) | CIVIL FILE ACTION NO. |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | [ON REMOVAL FROM SUPERIOR COURT OF GWINNETT COUNTY |
| STATE FARM FIRE AND CASUALTY COMPANY A foreign corporation, | ) ) ) | CIVIL ACTION FILE NO. 22-A-10822-2] |
| Defendant. | ) ) | |

## <u>NOTICE OF REMOVAL</u>

COMES NOW, State Farm Fire and Casualty Company, Defendant in the above referenced matter, and within the time prescribed by law, files this Notice of Removal, respectfully showing the Court the following facts:

1.

Plaintiffs Alan C. Taylor and Renee Taylor (hereinafter "Plaintiffs") filed suit against Defendant in the Superior Court of Gwinnett County, which is a county within the Atlanta Division of this Court.  This suit is styled as above and numbered Civil Action File No. 22-A-10822-2 in that Court.

2.

Suit was initiated by the Plaintiffs on December 21, 2022, in the Superior Court of Gwinnett County.  Plaintiffs served Defendant on December 29, 2022. Defendant shows that this Notice of Removal is filed within thirty (30) days from the date of service of said suit on Defendant.  Therefore, removal is timely pursuant to 28 U.S.C. § 1446(b).

3.

Upon information and belief, Plaintiffs are residents and citizen of Hall County, Georgia.  See, Complaint ¶ 1.

4.

Defendant State Farm Fire and Casualty Company is a corporation organized under the laws of the State of Illinois, with its principal place of business in the State of Illinois and is not a citizen of the State of Georgia.  Defendant State Farm was not a citizen of the State of Georgia on the date of filing this action and has not been thereafter.

5.

Complete diversity exists between Plaintiffs and Defendant in accordance with 28 U.S.C. § 1332(a)(1).

6.

This action is a civil action between citizens of different states where the controversy exceeds the sum of $75,000.00, exclusive of interest and costs. Plaintiffs expressly allege in their Complaint that they are entitled to all damages to their Property and any resulting expenses and temporary repairs in the amount of $90,007.43.  See, Complaint ¶ 17.  Given the statements of Plaintiffs regarding the value of their claim and the amount they contend they are entitled to recover, the amount in dispute in this matter will exceed the jurisdictional requirement of $75,000.00.

7.

This Court is authorized to include attorneys' fees in determining the amount in controversy for removal purposes where those fees are allowed by statute.  Hall v. Travelers Ins. Co., 691 F. Supp. 1406, 1409 (N.D. Ga. 1988) ("Where, as here, attorney's fees are allowable by applicable law, they may be included in assessing the jurisdictional amount in controversy.") (citing Vacca v. Meetze, 499 F. Supp. 1089, 1091 (S.D. Ga. 1981)), *vacated on other grounds*,  Hall v. Travelers Ins. Co., 691 F. Supp. 1406, 1411 (N.D. Ga. 1988).  To that end, the Court is authorized to assign a "reasonable amount" of attorneys' fees in assessing the amount in controversy. Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1265 (11th Cir.

2000)("When a statute authorizes the recovery of attorney's fees, *a reasonable amount of those fees is included in the amount in controversy*.") (emphasis added).

8.

In light of the foregoing, the amount in controversy for this matter exceeds the jurisdictional requirement for removal of $75,000.00.

9.

This case is a civil action that may be removed to this Court pursuant to 28 U.S.C. § 1441.   This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) and (b) as there is complete diversity of citizenship between Plaintiffs and Defendant and, as shown above, the amount in controversy exceeds $75,000.00. Further, as required by 28 U.S.C. § 1441(b), Defendant is not a citizen of the State of Georgia.

10.

Defendant has attached hereto copies of all process, pleadings, and orders served upon it in this case prior to the date of this Notice of Removal.  Such copies are attached hereto as **Exhibit A**.

11.

Defendant has given written notice of the filing of this Notice of Removal to Plaintiff by notifying her attorney of record, Remington Huggins, Esq. and Michael

Turner, Esq., of Huggins Law Firm, LLC, 110 Norcross Street, Roswell, Georgia 30075. Defendant State Farm has also filed a written notice with the Superior Court of Gwinnett County, a copy of said notice being attached hereto and made in part hereof.

WHEREFORE, Defendant prays that this case be removed to the United States District Court for the Northern District of Georgia, Atlanta Division.

Respectfully submitted this 27th day of January, 2023.

SWIFT, CURRIE, McGHEE & HIERS, LLP

*/s/ Brittney A. Sizemore*
Mark T. Dietrichs
Georgia State Bar No. 221722
Brittney A. Sizemore
Georgia State Bar No. 332873
*Attorneys for Defendant State Farm Fire and Casualty Company*

1420 Peachtree Street, NE
Suite 800
Atlanta, Georgia 30309
OFFICE: 404.874.8800
FAX: 404.888.6199
mark.dietrichs@swiftcurrie.com
Brittney.sizemore@swiftcurrie.com

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that I have electronically filed and served the foregoing ***Notice of Removal*** with the Clerk of Court via the CM/ECF e-filing system which will automatically send e-mail notification and service of such filing to counsel of record as follows:

J. Remington Huggins, Esq.
Michael D. Turner, Esq.
The Huggins Law Firm, LLC
110 Norcross Street
Roswell, Georgia 30075
Remington@lawhuggins.com
mdturner@lawhuggins.com
*Counsel for Plaintiffs*

This 27th day of January, 2023.

SWIFT, CURRIE, McGHEE & HIERS, LLP

*/s/ Brittney A. Sizemore*
Mark T. Dietrichs
Georgia State Bar No. 221722
Brittney A. Sizemore
Georgia State Bar No. 332873
*Attorneys for Defendant State Farm Fire and
Casualty Company*

1420 Peachtree Street, NE
Suite 800
Atlanta, Georgia 30309
OFFICE: 404.874.8800
FAX: 404.888.6199
mark.dietrichs@swiftcurrie.com
Brittney.sizemore@swiftcurrie.com
4854-6879-9305, v. 1