# Exhibit A

SHERIFF'S ENTRY OF SERVICE

| | |
|---|---|
| Civil Action No. 22-A-10822-2 | Superior Court ☒  Magistrate Court ☐ |
| | State Court ☐   Probate Court ☐ |
| Date Filed 12/21/2022 | Juvenile Court ☐ |
| | Georgia, Gwinnett COUNTY |
| Attorney's Address | Alan C. Taylor and Renee Taylor |
| Huggins Law Firm, LLC | |
| 110 Norcross St. | Plaintiff |
| Roswell, GA 30075 | VS. |
| Name and Address of Party to Served | State Farm Fire and Casualty Company |
| State Farm Fire and Casualty Company | |
| RA: Corporation Service Company | Defendant |
| 2 Sun Court, Suite 400, Peachtree Corners | |
| | Garnishee |

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL**
☐ I have this day served the defendant _____ personally with a copy of the within action and summons.

**NOTORIOUS**
☐ I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place abode in this County.

Delivered same into hands of _____ described as follows: age, about _____ years; weight _____ pounds; height _____ feet and _____ inches, domiciled at the residence of defendant.

**CORPORATION**
☐ Served the defendant _____ a corporation by leaving a copy of the within action and summons with _____ In charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL**
☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**
☐ Diligent search made and defendant _____ not to be found in the jurisdiction of this Court.

This _____ day of _____, 20 ___.

_____
DEPUTY

**CLERK'S | DEFENDANT'S | PLAINTIFF'S COPY**

E-FILED IN OFFICE - CE
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA
**22-A-10822-2**
**12/21/2022 1:17 PM**
TIANA P. GARNER, CLERK

## IN THE SUPERIOR COURT OF GWINNETT COUNTY

### STATE OF GEORGIA

**Alan C. Taylor** and **Renee Taylor**
6517 Sunset Court
Flowery Branch, GA 30542

22-A-10822-2

|  |  |
|---|---|
| **PLAINTIFFS** | **CIVIL ACTION NUMBER:** _____ |

**VS**

**State Farm Fire and Casualty Company**
**RA: Corporation Service Company**
2 Sun Court, Suite 400
Peachtree Corners, GA 30092

### DEFENDANT

---

### SUMMONS

---

**TO THE ABOVE-NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiffs' attorney, whose name and address is:

**Michael D. Turner**
**Attorney For the Plaintiffs**
**THE HUGGINS LAW FIRM, LLC**
**110 Norcross Street**
**Roswell, GA 30075**
**770-913-6229**
mdturner@lawhuggins.com

an Answer to the Complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____, 2022.
21st day of December, 2022

Tiana P. Garner,
Clerk of Superior Court

*Calah Everett*

BY: _____
Deputy Clerk

E-FILED IN OFFICE - CE
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA
**22-A-10822-2**
**12/21/2022 1:17 PM**
TIANA P. GARNER, CLERK

## IN THE SUPERIOR COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **ALAN C. TAYLOR AND RENEE TAYLOR,** | ) ) ) | |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) | **CIVIL ACTION FILE NO.:** |
| **STATE FARM FIRE AND CASUALTY COMPANY,** a foreign corporation, | ) ) ) ) | _____ 22-A-10822-2 |
| **Defendant.** | ) ) | |

### COMPLAINT

**COMES NOW** Plaintiffs **Alan C. Taylor and Renee Taylor,** by and through the undersigned counsel, and files this Complaint for breach of first party property insurance contract and bad faith denial of insurance coverage against Defendant, **State Farm Fire and Casualty Company**, and in support hereof, states as follows:

### PARTIES

1.

Plaintiff is an adult resident citizen of Hall County, Georgia.

2.

Upon information and belief, Defendant is a foreign insurance company, registered to transact business in, and in fact transacts business in, the State of Georgia. Defendant is in the business of insuring risks and properties located throughout the United States, including Georgia. Defendant maintains an office at 2 Sun Court, Suite 400, Peachtree Corners, GA 30092 where it may be served with process through its registered agent, Corporation Service Company, as identified by the state of Georgia Secretary of State registry.

## JURISDICTION AND VENUE

3.

This Court has subject matter jurisdiction over this action for breach of contract and bad faith denial of an insurance claim because the breached contract was entered into, and concerned property in, the state of Georgia and the amount in controversy exceeds $15,000.00. This Court has personal jurisdiction over Defendant because Defendant is transacting business and insuring properties in the state of Georgia and has appointed a registered agent for service of process in Georgia pursuant to O.C.G.A. § 33-4-1 and O.C.G.A. § 33-4-4.

4.

Venue is proper in this Court because Defendant has a registered agent doing business in Gwinnett County pursuant to O.C.G.A. § 33-4-1, O.C.G.A. § 33-4-4.

5.

In addition, by virtue of the express terms of the insurance policy at issue, Defendant has consented to jurisdiction and venue of this Court.

## THE POLICY

6.

Prior to December 30, 2021 and June 6, 2021, and in consideration of the premiums paid to Defendant by the Plaintiffs, Defendant issued a policy with Policy No. 81E1M6143 (the "Policy").

7.

The Policy provides numerous coverages for the real and personal property located at 6517 Sunset Court, Flowery Branch, GA 30542 (the "Insured Property," "Property," or the "home"). Plaintiffs are not in possession of a copy of the applicable policy; however, upon information and

belief, the Policy likewise insures against loss due to Wind and Hail, subject to a deductible of $6,915.00 per occurrence.

8.

Upon information and belief, the Policy is an all-perils policy providing coverage for sudden and accidental direct physical loss to the dwelling, other structures, and personal property. Upon information and belief, the Policy covers property repairs and personal property on a full replacement cost basis.

9.

Upon information and belief, the Policy covers various types of expenses, including reasonable and necessary costs incurred for temporary repairs to protect covered property from further imminent covered loss and additional living expenses.

## SUDDEN AND ACCIDENTAL DAMAGE TO THE INSURED PROPERTY

10.

On or about December 30, 2021 and June 6, 2021 respectively, the above-referenced property suffered damage from a sudden and accidental direct physical Loss resulting from Wind and Hail (the "Loss"). The Policy was in effect at the time of the Loss.

11.

Plaintiffs promptly and timely notified Defendant of the damage to the Property resulting from the Loss and made a claim pursuant to the Policy. As a result, Defendant assigned an adjuster ("Adjuster") to investigate Plaintiffs' claim for sudden and accidental direct physical loss. The Adjuster was authorized as Defendant's representative and agent for purposes of the claim.

3

12.

At all times, Plaintiffs made themselves and the Property available to, and fully cooperated with, the Defendant and its representative and agent to inspect and investigate the damages caused by the loss.

13.

Defendant, through its authorized representative and agent, Adjuster, performed a site inspection of the Property.

14.

Defendant's authorized representative and agent, Adjuster, incurred the duty of acting with due diligence in achieving a proper disposition of the Plaintiffs' claim when Adjuster undertook the handling of the claim.

15.

Defendant, through its authorized representative and agent, Adjuster, grossly underestimated the scope of loss suffered by the Plaintiffs as a result of the Wind and Hail event. Defendant failed to properly indemnify the Plaintiffs and estimated Plaintiffs' total loss to be $7,169.81 and a denial, respectively. Plaintiffs' deductible is $6,915.00 per occurrence, and Defendant withheld $3,623.81 in recoverable depreciation; thus, after deductions for depreciation and Plaintiffs' deductible, Defendant claims Plaintiffs were due $0.00 and $0.00 respectively as indemnification under the Policy. A true and accurate copy of the Defendant's estimates are attached hereto as Exhibit "A" and Exhibit "B," respectively.

16.

As a result of Defendant's gross underestimation, Plaintiffs requested multiple times that Defendant reconsider its position regarding Defendant's estimate. Defendant refused to comply

4

with the Plaintiffs' requests and continued to frivolously and baselessly deny any additional payment on Plaintiffs' claim. Furthermore, the Defendant continued to ignore the opinions of the Plaintiffs' experts as to the extent of damage and the amount it will cost the Plaintiffs' to be properly indemnified for the Loss.

17.

Plaintiff made repeated requests for payment of the claim, including the submission of an estimate on or about October 25, 2022 in the amount of **$90,007.43**. A true and accurate copy of the estimate is attached hereto as Exhibit "C". Despite this estimate, Defendant continued to frivolously deny Plaintiff's claims without just cause when the obligation to settle the claims became reasonably clear, under one or more portions of the insurance policy coverage.

18.

Defendant did not act fairly or honestly toward the Plaintiffs, or with due regard to the Plaintiffs' claim and interests, when Defendant, under all circumstances articulated herein, failed to indemnify the Plaintiffs for their damages in direct breach of the terms and conditions of the Policy.

19.

Plaintiffs have fulfilled all conditions precedent and contractual obligations under the Policy prior to this lawsuit, or the same were waived.

20.

There exists a genuine, justifiable controversy between the Plaintiffs and the Defendant as to whether Defendant is responsible for further indemnification owed to the Plaintiffs as a result of the Loss. Plaintiff has exhausted every reasonable means possible to resolve this dispute with

the Defendant. With no other option, Plaintiffs were constrained to hire legal counsel, incur additional expenses, and file this lawsuit.

21.

Plaintiffs have suffered loss under the Policy in an amount to be determined at trial.

## COUNT I: BREACH OF CONTRACT

22.

Plaintiffs hereby adopt, re-allege, and incorporate their allegations set forth in Paragraphs 1-21 of this Complaint as if fully set forth herein.

23.

Plaintiffs have performed all conditions precedent to the Defendant's obligation to perform under the Policy including, without limitation, the timely payment of premiums, timely notice of the claim, and post loss obligations, or the Defendant has waived any and all other conditions.

24.

Under the terms of the Policy, Defendant is required to fully indemnify the Plaintiffs for the damages sustained from the Loss.

25.

Despite Plaintiffs' timely written demand, Defendant failed to provide full indemnification to the Plaintiffs under the terms of the Policy.

26.

Defendant failed to act in good faith and fair dealing under the terms of the Policy by refusing to properly investigate and fully indemnify the Plaintiffs according to the terms of the Policy.

6

27.

As a result of the Defendant's denying and delaying payment in Plaintiffs' claim, Plaintiffs sustained additional covered losses from mitigation and temporary repairs of the direct physical damage to the Property in an amount to be determined at trial.

28.

The Plaintiffs suffered damages as a direct result of Defendant's failure to indemnify the Plaintiffs for their loss.

29.

All foregoing conduct constitutes a breach of contract that has resulted in damages to the Plaintiffs.

30.

**WHEREFORE,** Plaintiffs pray for this Court to enter an award in Plaintiffs' favor of compensatory damages, attorneys' fees, pre- and post-judgment interest, and such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

31.

Plaintiffs request a trial by Jury on all counts of the Complaint.

## **PRAYER FOR RELIEF**

32.

**WHEREFORE,** Plaintiffs request that after due proceedings are had, all appropriate penalties be assessed against the Defendant and that the Plaintiffs receive any and all damages at law to which they are justly entitled, and thus prays for judgment against the Defendant, as follows:

7

a. That this Court grant judgment in favor of the Plaintiffs and against Defendant in an amount to be determined at trial for breach of insurance contract.

b. Compensatory damages, including all damages to the Plaintiffs by the Defendant and any resulting expenses.

c. Pre- and post-judgment interest in the maximum amount allowed by law;

d. All statutory penalties;

e. Any and all applicable multipliers; and,

f. Any and all other relief that the Court may deem just and proper, whether such relief sounds in law or equity.

Dated, this 21st day of December, 2022.

RESPECTFULLY SUBMITTED,

**The Huggins Law Firm, LLC**
110 Norcross Street
Roswell, GA 30075
(o) (770) 913-6229
(e) remington@lawhuggins.com
(e) mdturner@lawhuggins.com

J. Remington Huggins, Esq.
Georgia Bar No.: 348736
Michael D. Turner, Esq.
Georgia Bar No.: 216414
*Attorneys for the Plaintiff*

8

# EXHIBIT A

TAYLOR, ALAN                                                                                    11-28W7-53J



**State Farm**
**P.O. Box 106169**
**Atlanta, GA  30348-6169**
**Fax: 1-844-236-3646**
**statefarmfireclaims@statefarm.com**

# Structural Damage Claim Policy

This estimate is priced based on estimated market pricing for the cost of materials, labor, and other factors at the time of the loss.

Adjustments in market pricing and timing of the repairs may impact the final cost of covered repairs. Should you or the contractor you select have questions concerning our estimate, please contact us. If your contractor's estimate is higher than ours, you should contact us prior to beginning repairs. State Farm will work with you and your contractor to determine the actual and necessary cost of covered repairs at the time repairs will be completed, subject to policy terms, conditions and limits.

- We want you to receive quality repair work to restore the damages to your property.

- We will provide you with a detailed estimate of the scope of the damage and costs of repairs. Should the contractor you select have questions concerning our estimate, they should contact your claim representative directly.

- Depending upon the complexity of your repair, our estimate may or may not include an allowance for general contractor's overhead and profit. If you have questions regarding general contractor's overhead and profit and whether general contractor services are appropriate for your loss, please contact your claim representative before proceeding with repairs.

- There may be building codes, ordinances, laws, or regulations that affect the repairs of your property. These items may or may not be covered by your policy. Please contact your claim representative if you have any questions regarding coverage which may be available under your policy.

- State Farm® cannot authorize any contractor to proceed with work on your property. Repairs should proceed only with your authorization.

- State Farm does not guarantee the quality of the workmanship of any contractor or guarantee that the work will be accomplished within any specific time frame.

- It is understood that the contractor is hired by you, our insured, and that they work for you - not State Farm.

If you have any questions or need additional information regarding your claim, please contact your claim representative immediately.

11-28W7-53J

 **StateFarm®**     # Building Estimate Summary Guide

**This summary guide is based on a sample estimate and is provided for reference only.**
**Please refer to the estimate for specifics of your claim.**

## State Farm Insurance

| | | | |
|---|---|---|---|
| Insured: | Smith, Joe & Jane | Estimate: | 00-0000-000 |
| Property: | 1 Main Street | Claim number: | 00-0000-000 |
| | Anywhere, IL 00000-0000 | Policy Number: | 00-00-0000-0 |
| Type of Loss: | Other | Price List: | ILBL8F_MAR 13 |
| Deductible: | $1,000.00 | | Restoration/Service/Remodel |
| | | | F = Factored In, |
| | | | D = Do Not Apply |

### Summary for Dwelling

| | | | |
|---|---|---|---|
| Line Item Total 1 | | | 5,953.10 |
| Material Sales Tax | @ | 10.000% x 1,520.00 | |
| Subtotal | | | 6,105.10 |
| General Contractor Overhead 2 | @ | 10.0% x 6,105.10 | 610.51 |
| General Contractor Profit | @ | 10.0% x 6,105.10 | |
| Replacement Cost Value (Including General Contractor Overhead and Profit 3 | | | 7,326.12 |
| Less Depreciation (Including Taxes) 4 | | | (832.50) |
| Less General Contractor Overhead & Profit on Recoverable & Non - recoverable Depreciation | | | (166.50) |
| Less Deductible 5 | | | |
| Net Actual Cash Value Payment 6 | | | _____ |

### Maximum Additional Amounts Available If Incurred:

| | | |
|---|---|---|
| Total Line Item Depreciation (Including Taxes) 4 | 832.50 | |
| Less Non - recoverable Depreciation (Including Taxes) 7 | _____ | |
| Subtotal | | 312.50 |
| General Contractor O&P on Depreciation | 166.50 | |
| Less General Contractor O&P on Non - recoverable Depreciation | | |
| Subtotal | | _____ |
| Total Maximum Additional Amounts Available If Incurred 8 | | _____ |
| Total Amount of Claim If Incurred 9 | | _____ |

_____
Claim Representative

**ALL AMOUNTS PAYABLE ARE SUBJECT TO THE TERMS, CONDITIONS AND LIMITS OF YOUR POLICY.**

1. **Line Item Total –** Total value of all line items in the estimate plus possible adjustments for *labor minimums. Labor Minimum* is to cover a certain minimum number of hours for drive-time, set up time and applicable administrative costs and repairs.

2. **General Contractor's Overhead and Profit –** General contractor's charge for coordinating your repairs.

3. **Replacement Cost Value (RCV) –** Estimated cost to repair or replace damaged property.

4. **Depreciation –** The decrease in the value of property over a period of time due to wear, tear, condition, and obsolescence. A portion or all of this amount may be eligible for replacement cost benefits.

5. **Deductible –** The insurer will pay for losses, up to the policy limits, in excess of your applicable deductible.

6. **Net Actual Cash Value Payment (ACV) –** The repair or replacement cost of the damaged part of the property less *depreciation* and *deductible.*

7. **Non Recoverable Depreciation –** *Depreciation* applied to items that are not eligible for replacement cost benefits.

8. **Total Maximum Additional Amount If Incurred –** Total amount of recoverable depreciation after actual repair or replacement of the property.

9. **Total Amount of Claim if Incurred –** Total amount of the claim, including *net actual cash value payment and total maximum additional amount available if incurred.*

**State Farm**

TAYLOR, ALAN                                                                                11-28W7-53J

| | | | |
|---|---|---|---|
| Insured: | TAYLOR, ALAN | Estimate: | 11-28W7-53J |
| Property: | 6517 SUNSET CT | Claim Number: | 1128W753J |
| | FLOWERY BR, GA 30542-3896 | Policy Number: | 81E1M6143 |
| Cellular: | 770-861-8297 | Price List: | GAAH28_DEC21 |
| Type of Loss: | Wind Damage | | Restoration/Service/Remodel |
| Deductible: | $6,915.00 | | |
| Date of Loss: | 12/30/2021 | | |
| Date Inspected: | 1/5/2022 | | |

## Summary for Coverage A - Dwelling Extension - 35 Windstorm and Hail

| | |
|---|---|
| Line Item Total | 7,054.44 |
| Material Sales Tax | 115.37 |
| Replacement Cost Value | 7,169.81 |
| Less Depreciation (Including Taxes) | (3,623.81) |
| Less Deductible | (6,915.00) |
| Actual Cash Value Total | (3,369.00) |
| Net Actual Cash Value Payment | $0.00 |

## Maximum Additional Amounts Available If Incurred:

| | | | |
|---|---|---|---|
| Total Line Item Depreciation (Including Taxes) | 3,623.81 | | |
| Less Actual Cash Value Total | (3,369.00) | | |
| Subtotal | 254.81 | | |
| Replacement Cost Benefits | | 254.81 | |
| Total Maximum Additional Amount Available If Incurred | | | 254.81 |
| Total Amount of Claim If Incurred | | | $254.81 |

Robinson, Teena
844-458-4300 x 17742

**ALL AMOUNTS PAYABLE ARE SUBJECT TO THE TERMS, CONDITIONS AND LIMITS OF YOUR POLICY.**

*StateFarm*

## Explanation of Building Replacement Cost Benefits
## Homeowner Policy
## Coverage A - Dwelling Extension - 35 Windstorm and Hail

| To: | Name: | TAYLOR, ALAN |
| --- | --- | --- |
| | Address: | 6517 SUNSET CT |
| | City: | FLOWERY BR |
| | State/Zip: | GA, 30542-3896 |

| Insured: | TAYLOR, ALAN | Claim Number: | 1128W753J |
| --- | --- | --- | --- |
| Date of Loss: | 12/30/2021 | Cause of Loss: | WIND |

Your insurance policy provides replacement cost benefits for some or all of the loss or damage to your dwelling or structures. Replacement cost benefits pays the actual and necessary cost of repair or replacement, without a deduction for depreciation, subject to your policy's limit of liability. To receive replacement cost benefits you must:

1. Complete the actual repair or replacement of the damaged part of the property within two years of the date of loss;
2. Promptly notify us within 30 days after the work has been completed; and
3. Confirm completion of repair or replacement, by submitting invoices, receipts or other documentation to your agent or claim office.

Until these requirements have been satisfied, our payment(s) to you will be for the actual cash value of the damaged part of the property, which may include a deduction for depreciation.

Without waiving the above requirements, we will consider paying replacement cost benefits prior to actual repair or replacement if we determine repair or replacement costs will be incurred because repairs are substantially under way or you present a signed contract acceptable to us.

The estimate to repair or replace your damaged property is $7,169.81 . The enclosed claim payment to you of $0.00 is for the actual cash value of the damaged property at the time of loss, less any deductible that may apply. We determined the actual cash value by deducting depreciation from the estimated repair or replacement cost. Our estimate details the depreciation applied to your loss. Based on our estimate, the additional amount available to you for replacement cost benefits (recoverable depreciation) is $ 254.81 .

If you cannot have the repairs completed for the repair/replacement cost estimated, please contact your claim specialist prior to beginning repairs.

All policy provisions apply to your claim.

**State Farm**

TAYLOR, ALAN                                                                                                          11-28W7-53J

Exterior

Exterior



### Dwelling Roof

| 6,738.16 Surface Area | 67.38 Number of Squares |
|---|---|
| 436.55 Total Perimeter Length | 62.62 Total Ridge Length |
| 301.27 Total Hip Length | |

| | QUANTITY | UNIT PRICE | TAX | RCV | AGE/LIFE CONDITION | DEPREC. DEP % | ACV |
|---|---|---|---|---|---|---|---|
| 1. Remove Laminated - comp. shingle rfg (per SHINGLE) | | | | | | | |
| | 22.00 EA | 5.83 | 0.00 | 128.26 | | | 128.26 |
| Front Slope= 8,  Right Slope = 14 Back Slope = 2 | | | | | | | |
| 2. Laminated - comp. shingle rfg (per SHINGLE) | | | | | | | |
| | 22.00 EA | 13.82 | 3.43 | 307.47 | 20/30 yrs. Avg. | (204.98) 66.67% | 102.49 |
| The roof waste % is not available. The calculation contains values that may result in an inaccurate waste %. | | | | | | | |
| 3. R&R Ridge cap - composition shingles | | | | | | | |
| | 365.00 LF | 6.08 | 29.89 | 2,249.09 | 20/25 yrs. Avg. | (1,799.27) 80.00% | 449.82 |
| 4. R&R Continuous ridge vent - shingle-over style | | | | | | | |
| | 3.00 LF | 8.64 | 0.71 | 26.63 | 10/35 yrs. Avg. | (7.61) 28.57% | 19.02 |
| 5. R&R Roof vent - turtle type - Metal | | | | | | | |
| | 6.00 EA | 65.36 | 8.82 | 400.98 | 20/35 yrs. Avg. | (229.13) 57.14% | 171.85 |
| 6. Remove Additional charge for high roof (2 stories or greater) | | | | | | | |
| | 2.00 SQ | 4.94 | 0.00 | 9.88 | | | 9.88 |
| 7. Additional charge for high roof (2 stories or greater) | | | | | | | |
| | 2.00 SQ | 16.67 | 0.00 | 33.34 | | | 33.34 |
| 8. Remove Additional charge for steep roof - 7/12 to 9/12 slope | | | | | | | |
| | 2.00 SQ | 13.07 | 0.00 | 26.14 | | | 26.14 |
| 9. Additional charge for steep roof - 7/12 to 9/12 slope | | | | | | | |
| | 2.00 SQ | 37.75 | 0.00 | 75.50 | | | 75.50 |
| **Totals: Dwelling Roof** | | | **42.85** | **3,257.29** | | **2,240.99** | **1,016.30** |

### Front Elevation

| 0.00 SF Walls | 0.00 SF Ceiling | 0.00 SF Walls & Ceiling |
|---|---|---|
| 0.00 SF Floor | 0.00 SF Short Wall | 0.00 LF Floor Perimeter |
| 0.00 SF Long Wall | | 0.00 LF Ceil. Perimeter |

### State Farm

TAYLOR, ALAN                                                                                                11-28W7-53J

| | QUANTITY | UNIT PRICE | TAX | RCV | AGE/LIFE CONDITION | DEPREC. DEP % | ACV |
|---|---|---|---|---|---|---|---|
| **No storm related damage** | | | | | | | |
| **Totals: Front Elevation** | | | 0.00 | 0.00 | | 0.00 | 0.00 |

**Rear Elevation**

| | | |
|---|---|---|
| 0.00 SF Walls | 0.00 SF Ceiling | 0.00 SF Walls & Ceiling |
| 0.00 SF Floor | 0.00 SF Short Wall | 0.00 LF Floor Perimeter |
| 0.00 SF Long Wall | | 0.00 LF Ceil. Perimeter |

| | QUANTITY | UNIT PRICE | TAX | RCV | AGE/LIFE CONDITION | DEPREC. DEP % | ACV |
|---|---|---|---|---|---|---|---|
| **No storm related damage** | | | | | | | |
| **Totals: Rear Elevation** | | | 0.00 | 0.00 | | 0.00 | 0.00 |

**Left Elevation**

| | | |
|---|---|---|
| 0.00 SF Walls | 0.00 SF Ceiling | 0.00 SF Walls & Ceiling |
| 0.00 SF Floor | 0.00 SF Short Wall | 0.00 LF Floor Perimeter |
| 0.00 SF Long Wall | | 0.00 LF Ceil. Perimeter |

| | QUANTITY | UNIT PRICE | TAX | RCV | AGE/LIFE CONDITION | DEPREC. DEP % | ACV |
|---|---|---|---|---|---|---|---|
| **No storm related damage** | | | | | | | |
| **Totals: Left Elevation** | | | 0.00 | 0.00 | | 0.00 | 0.00 |

**Area Totals: Exterior**

| | | | |
|---|---|---|---|
| 2,454.41 Exterior Wall Area | | | |
| 6,738.16 Surface Area | 67.38 Number of Squares | 436.55 Total Perimeter Length | |
| 62.62 Total Ridge Length | 301.27 Total Hip Length | | |

| | | | TAX | RCV | | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| **Total: Exterior** | | | 42.85 | 3,257.29 | | 2,240.99 | 1,016.30 |

**Driveway**

| | | |
|---|---|---|
| 0.00 SF Walls | 0.00 SF Ceiling | 0.00 SF Walls & Ceiling |
| 0.00 SF Floor | 0.00 SF Short Wall | 0.00 LF Floor Perimeter |
| 0.00 SF Long Wall | | 0.00 LF Ceil. Perimeter |

**State Farm**

TAYLOR, ALAN

11-28W7-53J

| | QUANTITY | UNIT PRICE | TAX | RCV | AGE/LIFE CONDITION | DEPREC. DEP % | ACV |
|---|---|---|---|---|---|---|---|
| 10. R&R Concrete slab on grade - 4" - finished in place | | | | | | | |
| | 400.00 SF | 7.35 | 61.60 | 3,001.60 | 20/50 yrs. Avg. | (1,200.64) 40.00% | 1,800.96 |
| 11. R&R Concrete slab reinforcement - #3 (3/8") - grid, 24" ea way | | | | | | | |
| | 400.00 SF | 2.25 | 10.92 | 910.92 | 10/50 yrs. Avg. | (182.18) 20.00% | 728.74 |
| **Totals: Driveway** | | | **72.52** | **3,912.52** | | **1,382.82** | **2,529.70** |
| Area Totals: Exterior | | | | | | | |
| 2,454.41 Exterior Wall Area | | | | | | | |
| 6,738.16 Surface Area | | | 67.38 Number of Squares | | | 436.55 Total Perimeter Length | |
| 62.62 Total Ridge Length | | | 301.27 Total Hip Length | | | | |
| **Total: Exterior** | | | **115.37** | **7,169.81** | | **3,623.81** | **3,546.00** |
| **Line Item Totals: 11-28W7-53J** | | | **115.37** | **7,169.81** | | **3,623.81** | **3,546.00** |

**Grand Total Areas:**

    2,454.41  Exterior Wall Area

    6,738.16  Surface Area      67.38  Number of Squares      436.55  Total Perimeter Length
      62.62  Total Ridge Length      301.27  Total Hip Length

## Trade Summary

Includes all applicable Tax, General Contractor O&P, and Labor Minimums

| DESCRIPTION | LINE ITEM QTY | REPL. COST TOTAL | ACV | NON-REC. DEPREC. | MAX ADDL. AMT AVAIL. |
|---|---|---|---|---|---|
| **CNC      CONCRETE & ASPHALT** | | | | | |
| R&R Concrete slab on grade - 4" - finished in place | 400.00 SF | $3,001.60 | $1,800.96 | $0.00 | $1,200.64 |
| R&R Concrete slab reinforcement - #3 (3/8") - grid, 24" ea way | 400.00 SF | $910.92 | $728.74 | $0.00 | $182.18 |
| **TOTAL CONCRETE & ASPHALT** | | **$3,912.52** | **$2,529.70** | **$0.00** | **$1,382.82** |
| **RFG      ROOFING** | | | | | |
| Laminated - comp. shingle rfg (per SHINGLE) | 22.00 EA | $307.47 | $102.49 | $0.00 | $204.98 |
| Remove Laminated - comp. shingle rfg (per SHINGLE) | 22.00 EA | $128.26 | $128.26 | $0.00 | $0.00 |
| Additional charge for high roof (2 stories or greater) | 2.00 SQ | $33.34 | $33.34 | $0.00 | $0.00 |
| Remove Additional charge for high roof (2 stories or greater) | 2.00 SQ | $9.88 | $9.88 | $0.00 | $0.00 |
| R&R Ridge cap - composition shingles | 365.00 LF | $2,249.09 | $449.82 | $0.00 | $1,799.27 |
| Additional charge for steep roof - 7/12 to 9/12 slope | 2.00 SQ | $75.50 | $75.50 | $0.00 | $0.00 |
| Remove Additional charge for steep roof - 7/12 to 9/12 slope | 2.00 SQ | $26.14 | $26.14 | $0.00 | $0.00 |
| R&R Continuous ridge vent - shingle-over style | 3.00 LF | $26.63 | $19.02 | $0.00 | $7.61 |
| R&R Roof vent - turtle type - Metal | 6.00 EA | $400.98 | $171.85 | $0.00 | $229.13 |
| **TOTAL ROOFING** | | **$3,257.29** | **$1,016.30** | **$0.00** | **$2,240.99** |
| **TOTALS** | | **$7,169.81** | **$3,546.00** | **$0.00** | **$3,623.81** |

Note:  Slight variances may be found within report sections due to rounding

## State Farm

TAYLOR, ALAN                                                                    11-28W7-53J

### Recap of Taxes, Overhead and Profit

|  | GC Overhead (0%) | GC Profit (0%) | Material Sales Tax (7%) | Storage Rental Tax (7%) | Local Food Tax (3%) |
|---|---|---|---|---|---|
| Line Items | 0.00 | 0.00 | 115.37 | 0.00 | 0.00 |
| **Total** | **0.00** | **0.00** | **115.37** | **0.00** | **0.00** |

## State Farm

TAYLOR, ALAN                                                                11-28W7-53J

## Recap by Room

**Estimate: 11-28W7-53J**

**Area: Exterior**

**Area: Exterior**

| | | |
|---|---|---|
| Dwelling Roof | 3,214.44 | 45.57% |
| **Area Subtotal: Exterior** | **3,214.44** | **45.57%** |
| Driveway | 3,840.00 | 54.43% |
| **Area Subtotal: Exterior** | **7,054.44** | **100.00%** |
| **Subtotal of Areas** | **7,054.44** | **100.00%** |
| **Total** | **7,054.44** | **100.00%** |



Dwelling Roof



# EXHIBIT B

*Providing Insurance and Financial Services*
*Home Office, Bloomington, IL*



October 4, 2022

Alan Taylor                                      **State Farm Claims**
6517 Sunset CT                                   PO Box 106169
Flowery Br GA 30542-3896                          Atlanta GA 30348-6169

RE:    Claim Number:        11-38J1-49V
       Date of Loss:        June 16, 2022

Dear Alan Taylor:

Thank you for the opportunity to discuss your claim.

While State Farm® has inspected your residence, an inspection of the interior of your home did not occur. You advised that there was no interior damage in your home and, thus, no reason for State Farm to inspect the interior. If you become aware of interior damage you believe may relate to this loss, or would want State Farm to inspect the interior of your home, please contact me as soon as possible to schedule an inspection.

If you have questions or need assistance, call us at (844) 458-4300 Ext. 3099941840.

Sincerely,

Melissa Phillips
Claim Specialist
(844) 458-4300 Ext. 3099941840
statefarmfireclaims@statefarm.com
*For your protection, when emailing State Farm, please do not include sensitive personal information such as Social Security Number, credit/debit card number (financial account number), driver's license number, or health/medical information in an email. Please contact us at (844) 458-4300 Ext. 3099941840 to discuss sensitive information.*

State Farm Fire and Casualty Company

Take advantage of our self-service options
Go to statefarm.com® to easily review claim status, update direct deposit account information for claim payments and many other insurance and banking services.

# EXHIBIT C

## CLAIM CRUSHERS

| | |
|---|---|
| Insured: | ALAN TAYLOR |
| Property: | 6517 SUNSET CT |
| | FLOWERY BRANCH, GA 30542 |

| | | | |
|---|---|---|---|
| Claim Rep.: | DREW FRASER | Business: | (678) 677-5326 |
| Company: | Drew Fraser | E-mail: | admin@crushingclaims.com |
| Business: | 6373 Albright Ave | | |
| | Flowery Branch, GA 30542 | | |

| | | | |
|---|---|---|---|
| Estimator: | DREW FRASER | Business: | (678) 677-5326 |
| Company: | Drew Fraser | E-mail: | admin@crushingclaims.com |
| Business: | 6373 Albright Ave | | |
| | Flowery Branch, GA 30542 | | |

**Claim Number:** 1138J149V          **Policy Number:** 81-E1-M614-3          **Type of Loss:** Hail

| | | | |
|---|---|---|---|
| Date Contacted: | 8/24/2022 8:00 AM | | |
| Date of Loss: | 6/16/2022 9:30 PM | Date Received: | 8/24/2022 10:00 AM |
| Date Inspected: | 10/1/2022 12:00 AM | Date Entered: | 10/5/2022 2:32 PM |
| Date Est. Completed: | 10/11/2022 9:38 AM | | |

| | |
|---|---|
| Price List: | GAAH8X_OCT22 |
| | Restoration/Service/Remodel |
| Estimate: | ARCHTEMPLATE_1 |

 **CLAIM CRUSHERS**

**Insured: Alan Taylor**
**Claim #1138J149V**
**Policy #81-E1-M614-3**
**DOL: 6/16/2022**
**Covered cause of loss: Hail Damage**
**Insurance Carrier: State Farm**

*Please be advised, To whom it may concern: Please see the attached reasonable demand for the above-mentioned claim number. I look forward to working with you.*

*Indemnity is defined as a contractual obligation of one party (indemnifier) to compensate the loss incurred to the other party (indemnity holder) due to the acts of the indemnitor or any other party. The insurance contract is built around this principle. The following demand is for indemnity. This is not a retail bid for construction and not a race to the bottom to see who can do it the cheapest. This is in compliance with an insurance contract to make the insured whole and bring them to pre-loss condition. To bring an insured to pre-loss condition, all the obligations of the contract, building code, manufacturer's instructions, OSHA and other requirements must be met and are reflected in the contract. These are not upgrades and are not the cost of doing business. This valuation was prepared accordingly, The Public Insurance Adjuster understands what overhead and profit is and how it applies to business, OSHA standards and the consequences of not adhering to their requirements, as well as general construction processes and time involved in the construction. The Public Insurance Adjuster understands that skilled labor and licensing are required for specific trades such as roofing, electrical and plumbing, so the valuation will accurately reflect the appropriate labor codes. The Public Insurance Adjuster also understands that any increase in the cost of the line item is justified due to the necessity for skilled labor and the increased costs in worker's compensation rates for worker's involved in these trades. Incurred cost is a basic accounting principle and is defined as a cost that a company becomes liable for. The Public Insurance Adjuster has determined that the loss is covered by the contract, and that the insurer is liable for this loss. The insured and an insurer have an insurance contract, not a construction contract. The insured incurred the cost, in the amount of our valuation, when the loss occurred. We have met our obligations of the contract by fulfilling our duties after loss. Now the insurance carrier must meet their duties of indemnity. The insured agrees with the demand, which is both, Reasonable and Necessary, and should be paid upon receipt. Failure to indemnify the client will be a breach of the insurance contract. Please adhere to the statutory time lines regarding the handling of this claim.*

*Thank you,*
*Drew Fraser*
*License #3065501*

 **CLAIM CRUSHERS**

### ARCHTEMPLATE_1

#### Roof

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| 1. Remove Additional charge for steep roof - 7/12 to 9/12 slope | 66.13 SQ | 14.18 | 0.00 | 302.42 | 1,240.14 | (0.00) | 1,240.14 |
| 2. Remove Additional charge for high roof (2 stories or greater) | 57.40 SQ | 5.36 | 0.00 | 99.22 | 406.88 | (0.00) | 406.88 |
| 3. Remove Laminated - comp. shingle rfg. - w/out felt | 66.49 SQ | 55.33 | 0.00 | 1,186.44 | 4,865.33 | (0.00) | 4,865.33 |
| 4. Remove Hip / Ridge cap - High profile - composition shingles | 358.10 LF | 2.40 | 0.00 | 277.17 | 1,136.61 | (0.00) | 1,136.61 |
| 5. Remove Ridge cap - venting ridge cap shingles | 32.00 LF | 2.06 | 0.00 | 21.26 | 87.18 | (0.00) | 87.18 |
| 6. Remove Counterflashing - Apron flashing | 15.10 LF | 0.59 | 0.00 | 2.88 | 11.79 | (0.00) | 11.79 |
| 7. Remove Flashing - pipe jack | 2.00 EA | 17.20 | 0.00 | 11.09 | 45.49 | (0.00) | 45.49 |
| 8. Roof vent - turtle type - Metal | 5.00 EA | 76.46 | 10.47 | 126.68 | 519.45 | (0.00) | 519.45 |
| 9. Roof vent - turtle type - Plastic | 2.00 EA | 60.64 | 1.97 | 39.77 | 163.02 | (0.00) | 163.02 |
| 10. Valley metal | 67.11 LF | 5.75 | 9.54 | 127.52 | 522.94 | (0.00) | 522.94 |
| 11. Sheathing - OSB - 1/2" | 6,613.00 SF | 2.74 | 361.07 | 5,960.01 | 24,440.70 | (0.00) | 24,440.70 |
| 12. Prime & paint roof jack | 2.00 EA | 39.08 | 1.09 | 25.55 | 104.80 | (0.00) | 104.80 |
| 13. Additional charge for steep roof - 7/12 to 9/12 slope | 77.37 SQ | 39.32 | 0.00 | 981.11 | 4,023.30 | (0.00) | 4,023.30 |
| 14. Additional charge for high roof (2 stories or greater) | 67.15 SQ | 17.36 | 0.00 | 375.95 | 1,541.67 | (0.00) | 1,541.67 |
| 15. Roofing felt - 15 lb. | 66.49 SQ | 28.81 | 30.16 | 627.50 | 2,573.24 | (0.00) | 2,573.24 |
| 16. Asphalt starter - universal starter course | 424.10 LF | 1.69 | 13.66 | 235.56 | 965.95 | (0.00) | 965.95 |
| 17. Drip edge | 424.10 LF | 2.56 | 34.44 | 361.25 | 1,481.39 | (0.00) | 1,481.39 |
| 18. Counterflashing - Apron flashing | 15.10 LF | 8.97 | 1.84 | 44.29 | 181.58 | (0.00) | 181.58 |
| 19. Step flashing | 18.30 LF | 8.73 | 2.08 | 52.19 | 214.03 | (0.00) | 214.03 |
| 20. Laminated - comp. shingle rfg. - w/out felt | 78.00 SQ | 227.98 | 664.26 | 5,949.07 | 24,395.77 | (0.00) | 24,395.77 |
| Includes: Laminated composition shingles, roofing nails, and installation labor. | | | | | | | |
| 21. Hip / Ridge cap - High profile - composition shingles | 358.10 LF | 5.99 | 85.23 | 719.25 | 2,949.50 | (0.00) | 2,949.50 |
| 22. Ridge cap - venting ridge cap shingles | 32.00 LF | 9.87 | 10.42 | 105.22 | 431.48 | (0.00) | 431.48 |
| 23. Lightning protection system - Detach & reset | 6.00 EA | 401.25 | 0.00 | 776.42 | 3,183.92 | (0.00) | 3,183.92 |
| **Totals: Roof** | | | **1,226.23** | **18,407.82** | **75,486.16** | **0.00** | **75,486.16** |

#### Elevations

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|

**CC**  **CLAIM CRUSHERS**

### CONTINUED - Elevations

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| 24. Detach & Reset Gutter guard/screen - High grade | 424.00 LF | 12.39 | 0.00 | 1,694.20 | 6,947.56 | (0.00) | 6,947.56 |
| 25. Gutter / downspout - Detach & reset | 262.00 LF | 5.58 | 0.00 | 471.48 | 1,933.44 | (0.00) | 1,933.44 |
| 26. Gutter / downspout - aluminum - up to 5" | 286.00 LF | 10.63 | 107.11 | 1,015.01 | 4,162.30 | (0.00) | 4,162.30 |
| 27. Stain - wood fence/gate | 125.00 SF | 1.00 | 2.54 | 41.13 | 168.67 | (0.00) | 168.67 |
| 28. Clean with pressure/chemical spray - Light | 125.00 SF | 0.31 | 0.09 | 12.52 | 51.36 | (0.00) | 51.36 |
| **Totals: Elevations** | | | **109.74** | **3,234.34** | **13,263.33** | **0.00** | **13,263.33** |

### Haul Away

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| 29. Dumpster load - Approx. 12 yards, 1-3 tons of debris | 1.00 EA | 320.75 | 0.00 | 103.44 | 424.19 | (0.00) | 424.19 |
| **Totals: Haul Away** | | | **0.00** | **103.44** | **424.19** | **0.00** | **424.19** |

### General Conditions

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| 30. Temporary toilet (per month) | 1.00 DA | 145.00 | 0.00 | 46.76 | 191.76 | (0.00) | 191.76 |
| 31. Two ladders with jacks and plank (per day) | 2.00 DA | 116.63 | 0.00 | 75.23 | 308.49 | (0.00) | 308.49 |
| 32. Fall protection harness and lanyard - per week | 4.00 WK | 22.00 | 0.00 | 28.38 | 116.38 | (0.00) | 116.38 |
| **Totals: General Conditions** | | | **0.00** | **150.37** | **616.63** | **0.00** | **616.63** |

### Labor Minimums Applied

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| 33. Painting labor minimum | 1.00 EA | 80.22 | 0.00 | 25.87 | 106.09 | (0.00) | 106.09 |
| 34. Cleaning labor minimum* | 1.00 EA | 83.96 | 0.00 | 27.07 | 111.03 | (0.00) | 111.03 |
| **Totals: Labor Minimums Applied** | | | **0.00** | **52.94** | **217.12** | **0.00** | **217.12** |

 **CLAIM CRUSHERS**

---

| Line Item Totals: ARCHTEMPLATE_1 | | 1,335.97 | 21,948.91 | 90,007.43 | 0.00 | 90,007.43 |
|---|---|---|---|---|---|---|

| Coverage | Item Total | % | ACV Total | % |
|---|---|---|---|---|
| Dwelling | 89,838.76 | 99.81% | 89,838.76 | 99.81% |
| Other Structures | 168.67 | 0.19% | 168.67 | 0.19% |
| Contents | 0.00 | 0.00% | 0.00 | 0.00% |
| Total | 90,007.43 | 100.00% | 90,007.43 | 100.00% |

 **CLAIM CRUSHERS**

## Summary for Dwelling

| | |
|---|---:|
| Line Item Total | 66,597.55 |
| Material Sales Tax | 1,333.43 |
| Subtotal | 67,930.98 |
| Overhead | 10,189.66 |
| Profit | 11,718.12 |
| **Replacement Cost Value** | **$89,838.76** |
| Less Deductible | (6,915.00) |
| **Net Claim** | **$82,923.76** |

DREW FRASER

 **CLAIM CRUSHERS**

### Summary for Other Structures

| | |
|---|---:|
| Line Item Total | 125.00 |
| Material Sales Tax | 2.54 |
| Subtotal | 127.54 |
| Overhead | 19.13 |
| Profit | 22.00 |
| **Replacement Cost Value** | **$168.67** |
| **Net Claim** | **$168.67** |

DREW FRASER

 **CLAIM CRUSHERS**

### Recap of Taxes, Overhead and Profit

| | Overhead (15%) | Profit (15%) | Material Sales Tax (7%) | Storage Rental Tax (7%) | Local Food Tax (3%) |
|---|---|---|---|---|---|
| Line Items | 10,208.79 | 11,740.12 | 1,335.97 | 0.00 | 0.00 |
| **Total** | **10,208.79** | **11,740.12** | **1,335.97** | **0.00** | **0.00** |

 **CLAIM CRUSHERS**

## Recap by Room

**Estimate: ARCHTEMPLATE_1**

| | | | | |
|---|---|---|---|---|
| **Roof** | | | **55,852.11** | **83.71%** |
| Coverage: Dwelling | 100.00% = | | 55,852.11 | |
| **Elevations** | | | **9,919.25** | **14.87%** |
| Coverage: Dwelling | 98.74% = | | 9,794.25 | |
| Coverage: Other Structures | 1.26% = | | 125.00 | |
| **Haul Away** | | | **320.75** | **0.48%** |
| Coverage: Dwelling | 100.00% = | | 320.75 | |
| **General Conditions** | | | **466.26** | **0.70%** |
| Coverage: Dwelling | 100.00% = | | 466.26 | |
| **Labor Minimums Applied** | | | **164.18** | **0.25%** |
| Coverage: Dwelling | 100.00% = | | 164.18 | |

| | | | | |
|---|---|---|---|---|
| **Subtotal of Areas** | | | **66,722.55** | **100.00%** |
| Coverage: Dwelling | 99.81% = | | 66,597.55 | |
| Coverage: Other Structures | 0.19% = | | 125.00 | |

| | | | | |
|---|---|---|---|---|
| **Total** | | | **66,722.55** | **100.00%** |

 **CLAIM CRUSHERS**

## Recap by Category

| O&P Items | | | | Total | % |
|---|---|---|---|---:|---:|
| **CLEANING** | | | | **122.71** | **0.14%** |
| Coverage: Dwelling | @ | 100.00% | = | 122.71 | |
| **GENERAL DEMOLITION** | | | | **12,874.73** | **14.30%** |
| Coverage: Dwelling | @ | 100.00% | = | 12,874.73 | |
| **ELECTRICAL - SPECIAL SYSTEMS** | | | | **2,407.50** | **2.67%** |
| Coverage: Dwelling | @ | 100.00% | = | 2,407.50 | |
| **FRAMING & ROUGH CARPENTRY** | | | | **11,705.01** | **13.00%** |
| Coverage: Dwelling | @ | 100.00% | = | 11,705.01 | |
| **PAINTING** | | | | **283.38** | **0.31%** |
| Coverage: Dwelling | @ | 55.89% | = | 158.38 | |
| Coverage: Other Structures | @ | 44.11% | = | 125.00 | |
| **ROOFING** | | | | **29,250.46** | **32.50%** |
| Coverage: Dwelling | @ | 100.00% | = | 29,250.46 | |
| **SCAFFOLDING** | | | | **321.26** | **0.36%** |
| Coverage: Dwelling | @ | 100.00% | = | 321.26 | |
| **SOFFIT, FASCIA, & GUTTER** | | | | **9,612.50** | **10.68%** |
| Coverage: Dwelling | @ | 100.00% | = | 9,612.50 | |
| **TEMPORARY REPAIRS** | | | | **145.00** | **0.16%** |
| Coverage: Dwelling | @ | 100.00% | = | 145.00 | |
| **O&P Items Subtotal** | | | | **66,722.55** | **74.13%** |
| **Material Sales Tax** | | | | **1,335.97** | **1.48%** |
| Coverage: Dwelling | @ | 99.81% | = | 1,333.43 | |
| Coverage: Other Structures | @ | 0.19% | = | 2.54 | |
| **Overhead** | | | | **10,208.79** | **11.34%** |
| Coverage: Dwelling | @ | 99.81% | = | 10,189.66 | |
| Coverage: Other Structures | @ | 0.19% | = | 19.13 | |
| **Profit** | | | | **11,740.12** | **13.04%** |
| Coverage: Dwelling | @ | 99.81% | = | 11,718.12 | |
| Coverage: Other Structures | @ | 0.19% | = | 22.00 | |
| **Total** | | | | **90,007.43** | **100.00%** |

**XACTWARE SOLUTIONS, INC. LICENSE AGREEMENT:**
*AS A CONDITION TO YOUR LICENSE TO USE LICENSED PRODUCT AS FURTHER DEFINED HEREIN, OR ANY OF ITS PARTS, YOU MUST AGREE TO THE FOLLOWING TERMS. YOUR SUBSEQUENT USE OF THE LICENSED PRODUCT WILL BE SUBJECT TO ANY ADDITIONS OR MODIFICATIONS IN EFFECT ON THE DATE OF THAT USE. IF YOU DO NOT AGREE WITH ANY OF THESE TERMS, DO NOT PROCEED AND DO NOT USE THIS LICENSED PRODUCT. BY PROCEEDING, YOU ARE INDICATING YOUR AGREEMENT TO BE GOVERNED BY THIS AGREEMENT IN ITS ENTIRETY.*
**9. Xactware's Limited Warranties:** *The Licensed Product represents an integration point for content obtained from a vast array of sources. You assume the risk of human, mechanical or other error by Xactware, its members, licensees or other contributors that may cause delays, errors, or omissions. You acknowledge and agree that the Licensed Product may provide links to sites and information (including but not limited to pricing information) provided by others. Xactware makes no implied or express representation or warranty with respect to the accuracy of information*

ARCHTEMPLATE_1

**CC**    CLAIM CRUSHERS

*contained in these linked sites or the pricing information. Xactware does not warrant that the operation of the Licensed Product or any of its parts will meet your particular application requirements, or that operation of the Licensed Product or any of its parts will be uninterrupted or error free. You assume full responsibility for determining suitability of the Licensed Product and its parts for your use. Xactware does not warrant the accuracy of pricing information in the Price Data. Price Data are intended to be a representation of historical information to be used as a baseline or place to begin creation of an estimate. You are responsible to ensure the estimate includes pricing consistent with components including but not limited to actual materials, equipment, and labor pricing. You acknowledge and understand that Price Data provided as part of the Licensed Product are intended to target the most representative price of the various price points collected relevant to the specific line item in question. Having this single representative price per line item, computed from all valid price points researched in the market, means that some market price data are higher and some market price data are lower than that which are reported. You agree not to prohibit or preclude deviations from the Price Data where contractor requirements, market conditions, demand or any other factor warrants the use of a different line item price in the specific situation. Internet Explorer for XactAnalysis. You further acknowledge and agree to legally purchase a license for any other software products not covered by this Agreement.*
**L. YOU ACKNOWLEDGE THAT YOU HAVE READ THIS AGREEMENT, UNDERSTAND IT, AND AGREE TO BE BOUND BY ITS TERMS, AND FURTHER AGREE THAT THIS IS THE COMPLETE AND EXCLUSIVE STATEMENT BETWEEN XACTWARE AND YOU RELATING TO THIS AGREEMENT.**

## IN THE SUPERIOR COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **Alan C. Taylor and**<br>**Renee Taylor,** | ) | |
| | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION FILE NO.:** |
| | ) | **22-A-10822-2** |
| **State Farm Fire and Casualty Company,** | ) | |
| **a foreign corporation,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### PLAINTIFFS' FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED TO DEFENDANT

COMES NOW, Plaintiffs, **Alan C. Taylor and Renee Taylor**, by and through the undersigned counsel, and hereby propounds the following First Set of Interrogatories and Request for Production of Documents to the Defendant, **State Farm Fire and Casualty Company**, to be answered separately and fully, in writing, under oath, and in accordance with the Georgia Civil Practice Act, O.C.G.A. §§ 9-11-33 and 9-11-34.

### GENERAL INSTRUCTIONS

1. You are required to answer and verify the following interrogatories and requests for production of documents within forty-five (45) days of the date of service.

2. Each paragraph below shall operate and be construed independently; and, unless otherwise indicated, no paragraph limits the scope of any other paragraph.

3. In answering these discovery requests, you are required to furnish all information available to You (not merely such information as you know of your own personal knowledge), including information in the possession of your attorneys and accountants, other Persons

directly or indirectly employed by or connected with you or your attorneys or accountants, or anyone else acting on your behalf or otherwise subject to your control.

4.  Your obligation to answer these discovery requests is intended to be continuing in nature; therefore, you are required by O.C.G.A. § 9-11-26 and instructed by the Plaintiffs to reasonably & promptly amend or supplement your response if you learn that any prior response is in some material respect incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to Plaintiffs during the discovery process or in writing.

5.  You are instructed that a failure by you to make, amend, or supplement a response in a timely manner or to otherwise comply with O.C.G.A. § 9-11-26 may result in sanctions against You.

6.  The singular includes the plural number, and vice versa. The masculine includes the feminine and neutral genders. The past tense includes the present tense where the clear meaning is distorted by a change of tense.

7.  Each document request shall be deemed to call for the production of the original document or documents. If the original is not available, then a copy shall be produced if it differs in any respect from the original or from other copies (e.g., by reason of handwritten, typed, or printed notes or comments having been added to the copy that do not appear on the original).

8.  If a request seeks a document that, to your knowledge, does not exist, please state that the document does not exist.

9.  Without interfering with the readability of a document, please identify by Bates number or other means the request(s) to which the document is responsive.

10. For each document responsive to any request that is withheld under a claim of privilege, you are required by Uniform Superior Court Rule 5.5 to provide a privilege log containing the following information:

    a.  The date the document was prepared or created;

    b.  The name and title of the author or authors of the document;

    a.  A summary of the subject matter of the document;

    b.  The identity of each person or persons (other than those giving solely stenographic or clerical assistance) who assisted the author or authors in creating the document;

    c.  The identity of each person to whom the document or the contents of the document have been communicated (either intentionally or inadvertently), the date(s) of such communication, the title of each such person, and the date of such communication;

    d.  A statement of the basis on which privilege is claimed; and

    e.  The identity and title, if any, of the person or persons providing the information requested in subsections (a) through (f) above.

## **DEFINITIONS**

As used in these interrogatories, the terms listed below are defined as follows:

1. "Document(s)" or "documentation" means any writing of any kind, including originals and all non-identical copies (whether different from the originals by reason of any notation made on such copies or otherwise), including without limitation correspondence, memoranda, notes, desk calendars, diaries, statistics, letters, telegrams, minutes, contracts, reports, studies, checks, invoices, statements, receipts, returns, warranties, guaranties, summaries, pamphlets, books, prospectuses, interoffice and intra-office communications, offers, notations of any sort of conversation, telephone calls, meetings or other

communications, bulletins, magazines, publications, printed matter, photographs, computer printouts, teletypes, faxes, invoices, worksheets and all drafts, alterations, modifications, changes and amendments of any of the foregoing, tapes, tape recordings, transcripts, graphic or aural records or representations of any kind, memorialized depictions of the Property or of Communications relating to the Claim, and electronic, mechanical or electric records or representations of any kind which You have knowledge or which are now or were formally in your actual or constructive possession, custody or control.

2.  "Claim" or "Policyholders' Claim" shall refer to Claim No. 1128W753J and 11-38J1-49V, which was drafted by the Insurance Company and issued to the Policyholders for direct physical loss or direct physical damage to the Property.

3.  "Communication" shall mean and include any oral or written utterance, notation, or statement of any nature whatsoever, including but not limited to correspondence, personal conversation, telephone calls, dialogues, discussions, interviews, consultations, telegrams, telexes, cables, memoranda, agreements, notes, and oral, written, or other understandings or agreements. This shall include all written, recorded, or signed statements of any party, including the Policyholder, any adjuster, subcontractor, witnesses, investigators, or agents, representative, or employee of the parties concerning the subject matter of this action.

4.  "Identify" shall mean:

     a.   when used to refer to a document, means to state the following:

          1.The subject of the document;

          2.The title of the document;

          3.The type of document (e.g., letter, memorandum, telegram, chart);

4. The date of the document, or if the specific date thereof is unknown, the month and year or other best approximation of such date with reference to other events;

5. The identity of the person or persons who wrote, contributed to, prepared or originated such document; and

6. The present or last known location and custodian of the document.

b. when used in reference to a *person*, "identify" means to state to the fullest extent possible the person's name, present or last known address, present or last known telephone number(s), and, if a natural person, the person's employer and position of employment at the time(s) in question.

c. when used in reference to a *conversation* or *communication*, "identify" means to state the date and length of the communication, the identity of all parties to the communication, the identity of all other witnesses to the communication, the place where the communication took place (if the communication did not take place in person, set forth the location of each party to and each witness to the communication), and the general subject matter(s) of the communication.

d. when used in reference to a *claim*, "identify" means to state the date and location the claim arose, the location the claim was defended, the names of the parties involved, the case style, the amount in controversy, and the general nature of the claim.

e. "Relating to" any given subject means any document, communication, or statement that constitutes, contains, embodies, reflects, identifies, states, refers to, deals with,

touches upon, or is in any manner whatsoever pertinent to that subject and supports, evidences, describes, mentions, refers to, contradicts or comprises the subject.

5. "Including" shall mean "including, but not limited to."

6. "And" and "or" shall be construed conjunctively or disjunctively as required by the context within the scope of a discovery request so as not to exclude any information that might be deemed outside the scope of the request or by any other construction.

7. "Person(s)" shall mean and include a natural person, firm, association, organization, partnership, business trust, corporation (public or private), or government entity.

8. "Parties" includes all named parties in this litigation and their agents, employees, servants, officers, and directors.

9. "Plaintiff(s)" and "Policyholder(s)" mean the above-captioned Plaintiffs or the Policyholders listed on 81E1M6143 and his/her/its/their employees, representative, agents, employees, servants, officers, and directors.

10. "You," "Your," "Defendant," and "Insurance Company" means Defendant Insurance Company and its employees, representatives, agents, employees, servants, officers, directors, adjusters, branch claims representatives, regional or home office claims auditors or claims examiners, all claims managers and claims supervisors at any level, executive officers of the company, and all members of any review or claims committee, and each person presently or formerly acting or authorized to act on Defendant's behalf.

11. "Policy" means Policy No. 81E1M6143 issued by State Farm Fire and Casualty Company.

12. "Property" or "Insured Property" means the property located at 6517 Sunset Court, Flowery Branch, GA 30542.

13. "Broker" means an insurance broker, excess/surplus lines broker, licensed insurance agent, managing general agent, or other insurance intermediary involved in the purchase, sale, negotiation, or placement of the Policy.

14. "Coverage Letter(s)" means the correspondence from You to Policyholder dated anytime, regarding Your position as to coverage for the Loss.

15. "Loss" means the event on or around December 30, 2021 and June 6, 2021, in which Policyholder suffered property damage and has consequently incurred extra expenses such as additional living expenses, business income losses, and other losses afforded coverage for under the Policy.

16. "Possession, custody or control" includes the joint or several possession, custody, or control not only by the person to whom these interrogatories are addressed, but also the joint or several possession, custody, or control by each or any other person acting, or purporting to act on behalf of, the Person, whether as an employee, attorney, accountant, agent, sponsor, spokesman, or otherwise.

## **INTERROGATORIES**

### 1.

Identify any and all Persons involved in any way whatsoever in the investigation, adjustment, and handling of Plaintiffs' claim for insurance benefits arising from the Loss on or about December 30, 2021 and June 6, 2021, and for each, please include his/her name, place of employment, address, and telephone number; his/her title, license(s), and certification(s); the date his/her involvement in this claim commenced; the date his/her involvement in this claim concluded; and a description his/her involvement in this claim.

This interrogatory seeks information about every individual involved in the Claim including, but not limited to, Persons employed by the Defendant or retained by Defendant through a third-party entity. For Defendant's employees specifically, this Interrogatory seeks the name of every employee of Defendant who had anything to do with the Claim.

2.

If any Person identified in Your answer to Interrogatory No. 1 is or was Your employee, agent, or representative, please state whether said Person has been promoted, demoted, terminated, or transferred from December 30, 2021 and June 6, 2021 to present; describe in detail the change in employment status of each such Person, including the circumstances of the Person's employment before and after the change in status; and provide the last-known residence address and telephone number or place of current employment of each such former employee.

3.

Describe each and every investigative step conducted by You, or by anyone on Your behalf, regarding Plaintiffs' Claim, beginning with the date and method You received notice of the subject Claim, and identify any and all documents and correspondence (paper or electronic) generated, obtained, or otherwise placed in Your possession, in the course of Your investigation.

4.

Identify each and every person that You expect to call as an expert witness at trial, and for each, please state: the subject matter on which the expert is expected to testify; the substance of the facts and opinions to which the expert is expected to testify; a summary of the grounds for each opinion; the data or other information considered by the expert in forming their opinions; whether a written report has been prepared; and identify the data or other information considered by the expert in forming their opinions & all documents You furnished to the expert.

5.

If You have retained or employed an expert in conjunction with the Claim who is not expected to be called as a witness at trial, please identify said expert(s), and for each, please state their address and contact information.

6.

Please state the date and manner in which You received notice of the Claim; the date and manner in which You acknowledged receipt of the Claim; the date and manner in which You commenced investigation of the Claim; the date and manner in which You requested from the Plaintiffs all items, statements, and forms that You reasonably believed, at the time, would be required from the Plaintiffs; the date and manner in which You notified the Plaintiffs in writing of the acceptance or rejection of the claim; and the date, amount, and reason for any insurance proceed payments You have made to the Plaintiffs.

7.

Have You extended coverage for any part of Plaintiffs' Claim for insurance benefits, or have You denied or rejected Plaintiffs' Claim? If You extended coverage for any part of Plaintiffs' Loss, please state with specificity the provisions, endorsements, or any other part of the Policy governing Plaintiffs' Loss that supports Your extension of coverage; please state with specificity Your reasons for denying or rejecting any part of Plaintiffs' Claim; and include all facts and policy provisions that supported Your decision to deny or reject Plaintiffs' Claim. This Interrogatory seeks the above information even if coverage was extended for the Loss but fell below the Plaintiffs' deductible.

8.

Do You contend the damage to the Property can be repaired?  If so, please state with specificity the method of repair Defendant contends should be used to repair the Property. This request seeks any and all building codes (state, county, city, or municipal), industry standards, and industry practices employed in the investigation, evaluation, and determination of methods used to repair damages caused by the Loss that Defendant states could be used to repair the Property. If such information exists, please state: the name(s), address(es), and telephone number(s) of all Persons who have personal knowledge of any of these industry standards or practices; and identify all documents that support or explain any of these building codes, engineering industry standards, and practices.

If You do not have an answer to this Interrogatory, please affirmatively state none of the above was relied upon in determining if the damage sustained to the Property by the Loss is or was repairable.

9.

Does the Policy owe for anything less than a proper repair of the damaged Property caused by a covered loss? If the Policy does not owe for a proper repair, please state with specificity the provision of the Policy which does not provide for a proper repair.

10.

Please identify any and all written policies, procedures, guidelines, or other documents (including document(s) maintained in physical or electronic form) You maintained for Your internal or third party adjusters to use in the state of Georgia in connection with adjusting Wind and Hail losses that were in effect on December 30, 2021 and June 6, 2021 through present.

11.

Please state with specificity the approximate date and event which caused You to anticipate litigation with respect to Plaintiffs' cause of action and identify all documents that support or explain any of these facts.

12.

Identify any and all documents (including those maintained electronically) relating to the investigation, claim handling, and adjustment of Wind and Hail claims in the state of Georgia that are routinely generated throughout the handling and investigation of such claims (including, but not limited to, Investigation Reports; reserve sheets; electronic claims diaries or similar record logs; claims review reports; and/or any team report relative to this claim) for the two years preceding December 30, 2021 and June 6, 2021 to the present, and state whether any such documents were generated during the investigation and handling of the Claim.

13.

Have any documents (including those maintained electronically) relating to the Claim been destroyed, lost, or disposed of? If so, please identify what, when and why the document was destroyed, and describe Your document retention policy.

14.

Do You contend the Property was damaged by any excluded peril? If so, state the specific provision in the Policy supporting the exclusion and how the exclusion impacted Your claim decision, state in detail Your factual basis for this contention, and identify any documents supporting Your contention.

15.

Do You contend the Plaintiffs failed to satisfy any condition, covenant, or duty of the Policy or otherwise breached the Policy? If so, identify each specific condition, covenant, or duty

of the Policy You contend the Plaintiffs failed to satisfy or breach, and identify all the documents relating to Your assertion and all Persons with knowledge of such facts.

16.

Identify the underwriting documents created or acquired in the formation of the Policy for the Property including any risk reports for the Property that have been generated or obtained at any time, and state if any Notice(s) of Cancellation or Notice(s) of Non-Renewal of the Policy have been issued.

17.

Identify any and all photographs, audio recordings, video recordings, written statements taken, or other memorializing documentation obtained during the course of Your investigation of the Claim. In Your response, please describe in detail what each document depicts or memorializes and state the date when each such document or memorialization was obtained or generated.

18.

Identify any and all repair estimates, invoices, quotes, receipts, or other documentation reflecting the cost or methodology to repair the damages at issue in this Claim, even if said item never left Your possession. In Your response, please describe in detail what each document depicts, when it was generated or obtained, why it was generated or obtained, and state the date when the item was created, received, or requested.

19.

Please identify each Person who assisted You in any way to provide responses to these Interrogatories. For each identified Person, please include the Person's name, place of employment, address, telephone number and relationship to you.

20.

State the good faith factual basis for Your Affirmative Defenses(s), and identify the date, type of document, author(s), recipient(s), and present custodian of every document known or believed by You to refer or relate in any way to the facts You contend support Your Affirmative Defense(s) and comprehensively describe all basis (factual and otherwise), documents, notes, memorandum, reports, or other documentation supporting Your responses to the paragraphs of Plaintiffs' Complaint.

## REQUEST FOR PRODUCTION OF DOCUMENTS

1.

All documents responsive to Plaintiffs' Interrogatories identified in Your responses to Plaintiffs' Interrogatories or otherwise reviewed or relied upon in responding to Plaintiffs' Interrogatories.

2.

The entire claim file, claims notes, or other similar records from the home, regional, or local offices; third party adjusters or adjusting firms; or ladder assist Persons retained by You regarding the Claim. This request includes, but it not limited to, copies of the file jackets; "field" files and notes; and drafts of documents contained in the file.

To the extent that this request seeks documents from third-party adjusters/adjusting firms, ladder assists, or other Persons retained by the Defendant, this request is only seeking such documents that have been provided to, or are in the control of, the Defendant.

3.

A certified copy of the Policy or insurance policies possessed by Defendant pertaining to the Property involved in this suit.

4.

All documents and tangible things supporting the method You contend could be used to properly repair the damages sustained to the Property as a result of the Loss.

5.

Your written procedures, policies, guidelines, or other similar documentation (including document(s) maintained in electronic form) that pertain to the handling of Wind and Hail claims in the state of Georgia for the year preceding December 30, 2021 and June 6, 2021 to present.

6.

Any and all weather reports in Your possession which concern the Property, regardless of whether You relied upon them in making Your claims decision in this matter, for the two years preceding December 30, 2021 and June 6, 2021 to present.

7.

The Operation Guides which relate to the handling of Wind and Hail claims in the state of Georgia in effect for the year preceding December 30, 2021 and June 6, 2021 to present.

8.

The field notes, measurements, electronic diary, file materials, or other similar records (including all electronic and paper notes) created, obtained, or maintained by the claims personnel, contractors, adjusters, engineers, or any other Person who physically inspected the Property or adjusted the Claim.

9.

The emails, instant messages, internal or external correspondence, or any other communication between Defendant and any agent, representative, employee, or other Person pertaining to the Claim.

10.

Defendant's internal newsletters, bulletins, publications, or other memoranda internally circulated which relates to the policies and procedures relied upon in the handling of Wind and Hail claims in the state of Georgia that were issued one year preceding December 30, 2021 and June 6, 2021 through the present, including, but not limited to, memoranda issued to claims adjusters.

11.

The price guidelines, price indexes, or other similar information utilized in the creation of any repair estimates prepared, edited, requested, or relied upon by the Defendant. In the event published guidelines of "off the shelf" software (including, but not limited to, Xactimate software) were utilized to inform pricing decisions, You may respond by simply identifying the name, version, and/or edition of the published guidelines used.

12.

Any "Summary of Loss," "Pay sheet," "Payment Log," copy of issued payments, or other similar list or record of payments made by Defendant in relation to the Claim. This includes, but is not limited to, all payments issued to Plaintiff or Plaintiffs' agents and representatives; all payments issued to independent adjusters, ladder assists, engineers, or other Persons retained in Your adjustment of this claim; all copies of any and all checks issued; and all expenses incurred by You in Your adjustment of this claim.

13.

The documents reflecting reserves applied to the Claim.

14.

The contract or agreement between the Defendant and any third-party Person retained in the investigation and adjustment of the Claim. This request includes, but is not limited to, contracts

or agreements with ladder assists, independent adjusters, contractors, engineers, meteorologists, or hygienists involved in any way throughout the Claim.

15.

All documents submitted to, or received from, each Person You expect to call as an expert witness at trial. This request includes, but is not limited to: any agreement exchanged or entered into between Defendant and the witness (including proposals not agreed upon and counteroffers to the same); all reports generated by the witness (including drafts); a current *curriculum vitae* for the witness; a list of all other publications authored by the witness; a list of all other cases in which the witness has testified as an expert at trial or by deposition; an invoice showing the compensation paid or owed to the witness; and all documents and tangible things consulted by and relied upon by the witness in forming his or her expert opinion.

16.

All documents submitted to, or received from, each Person Defendant hired or consulted as an expert witness which Defendant does not intend to call as an expert witness at trial in this case. This request includes, but is not limited to: any agreement exchanged or entered into between Defendant and the witness (including proposals not agreed upon and counteroffers to the same); all reports generated by the witness (including drafts); a current *curriculum vitae* for the witness; a list of all other publications authored by the witness; a list of all other cases in which the witness has testified as an expert at trial or by deposition; an invoice showing the compensation paid or owed to the witness; and all documents and tangible things consulted by and relied upon by the witness in forming his or her expert opinion.

17.

All documents in Your possession concerning the underwriting of the Policy issued for the Property. This request includes, but is not limited to, any risk reports for the Property and any Notice(s) of Cancellation or Notice(s) of Non-Renewal of the Policy for the Property.

18.

All repair estimates, invoices, quotes, receipts, or other documentation Defendant reviewed throughout the adjustment of the Claim which reflect the cost to repair any agreed upon, contested, or suspected damages at issue in the Claim. This request is inclusive of documents not transmitted to the Plaintiff through the adjustment of the Claim.

19.

Any and all photographs, audio recordings, video recordings, written statements taken, or other memorializing documentation obtained during the course of Your investigation of the claim. This request seeks the requested documentation to be produced in a format most similar to the original, in the highest quality version available, and in a format which retains the original metadata.

20.

A copy of the license, registration, certification, or other similar documentation for all Persons retained, employed, or consulted by the Defendant to inspect the Property and/or adjust the Claim.

21.

All evidence You intend to introduce at the trial of this matter.

It is requested that the above-requested responses be made within forty-five (45) days of service of this request at the offices of The Huggins Law Firm, LLC, 110 Norcross Street, Roswell, GA 30075.

Dated, this this 21st day of December, 2022.

RESPECTFULLY SUBMITTED,

**THE HUGGINS LAW FIRM, LLC**
110 Norcross Street
Roswell, GA 30075
(o) (770) 913-6229
(e) remington@lawhuggins.com
(e) mdturner@lawhuggins.com

J. Remington Huggins, Esq.
Georgia Bar No.: 348736
Michael D. Turner, Esq.
Georgia Bar No.: 216414
*Attorneys for the Plaintiff*

E-FILED IN OFFICE - CE
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA
**22-A-10822-2**
**12/21/2022 1:17 PM**
TIANA P. GARNER, CLERK

## IN THE SUPERIOR COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **ALAN C. TAYLOR AND**<br>**RENEE TAYLOR,** | ) )<br>) | |
| **Plaintiffs,** | ) ) | 22-A-10822-2 |
| **v.** | ) ) | **CIVIL ACTION FILE NO.:** |
| **STATE FARM FIRE AND**<br>**CASUALTY COMPANY,**<br>a foreign corporation, | ) )<br>) )<br>) ) | _____ |
| **Defendant.** | ) | |

### CERTIFICATE OF SERVICE

This is to certify that I have served the foregoing upon the Defendant State Farm Fire and Casualty Company by serving them with the ***Summons, Complaint and Exhibits***, and ***Plaintiffs' First Set of Interrogatories and Request for Production of Documents*** in accordance with the Court's rules to Defendant State Farm Fire and Casualty Company at the address listed below:

**Corporation Service Company**
**Registered Agent for Defendant State Farm Fire and Casualty Company**
**2 Sun Court, Suite 400**
**Peachtree Corners, GA 30092**

Respectfully submitted, this 21st day of December, 2022.

For: The Huggins Law Firm, LLC,

**The Huggins Law Firm, LLC**
110 Norcross Street
Roswell, GA 30075
(o) (770) 913-6229
(e) remington@lawhuggins.com
(e) mdturner@lawhuggins.com

_____
J. Remington Huggins, Esq.
Georgia Bar No.: 348736
Michael D. Turner, Esq.
Georgia Bar No.: 216414
*Attorneys for the Plaintiff*

IN THE SUPERIOR COURT OF GWINNETT COUNTY
STATE OF GEORGIA

ALAN C. TAYLOR AND )
RENEE TAYLOR, )
)
       Plaintiffs, )
)
v. )      CIVIL ACTION FILE
)      NO.  22-A-10822-2
STATE FARM FIRE AND CASUALTY )
COMPANY, )
)
       Defendant. )

## DEFENDANT STATE FARM FIRE AND CASUALTY COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT

COMES NOW, State Farm Fire and Casualty Company (hereinafter "State Farm" or "Defendant"), by and through the undersigned attorneys, and hereby files this, its Answer and Affirmative Defenses to Plaintiffs' Complaint, and shows this Court as follows:

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim against Defendant upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Defendant State Farm is not liable to Plaintiffs for any cause of action, including for breach of contract, because Defendant State Farm at no time breached or otherwise violated any of the terms or conditions of the insurance policy between State Farm and Plaintiffs. At all times, Defendant State Farm acted in accordance with its rights and obligations as set forth in the Policy.

### THIRD AFFIRMATIVE DEFENSE

To the extent Plaintiffs' Complaint or prayer for relief seeks, or is construed as seeking, damages other than the contractual damages, such remedies are not available to the Plaintiffs inasmuch as O.C.G.A. § 33-4-6 is the sole manner by which to recover extra-contractual damages, including attorney's fees, from an insurer in a first party dispute over payment of insurance benefits.

### FOURTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs' Complaint or prayer for relief seeks or is construed as seeking to recover bad faith penalties and attorney's fees under O.C.G.A. § 33-4-6 against State Farm, such remedies are not available to Plaintiffs, as Plaintiffs failed to satisfy the substantive and/or procedural requirements for making a claim for bad faith, as required under O.C.G.A. § 33-4-6.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs may not recover for any damage to real or personal property under the subject insurance policy and applicable Georgia law to the extent that the damages are excluded by the Policy.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs may not recover from Defendant because the Policy specifically excludes coverage for Plaintiffs' claimed damages. Specifically, the Policy provides:

### SECTION I – LOSSES NOT INSURED

1. We will not pay for any loss to the property described in Coverage A that consists of, or is directly and immediately caused by, one or more of the perils listed in items a. through m. below, regardless of whether the loss occurs abruptly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:
. . .
g. wear, tear, decay, marring, scratching, deterioration, inherent vice, latent defect, or mechanical breakdown;

- 2 -

. . .

2. We will not pay for, under any part of this policy, any loss that would not have occurred in the absence of one or more of the following excluded events. We will not pay for such loss regardless of. (a) the cause of the excluded event; or (b) other causes of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss; or (d) whether the event occurs abruptly or gradually, involves isolated or widespread damage, occurs on or off the residence premises, arises from any natural or externa forces, or occurs as a result of any combination of these:

. . .

d. **Neglect**, meaning neglect of the insured to use all reasonable means to save and preserve property at and after the time of a loss, or when property is endangered.

. . .

3. We will not pay for, under any part of this policy, any loss consisting of one or more of the items below. Further, we will not pay for any loss described in paragraphs 1. and 2. immediately above regardless of whether one or more of the following: (a) directly or indirectly cause, contribute to, or aggravate the loss; or (b) occur before, at the same time, or after the loss or any other cause of the loss:

a. conduct, act, failure to act, or decision of any person, group, organization, or governmental body whether intentional, wrongful, negligent, or without fault;

b. defect, weakness, inadequacy, fault, or unsoundness in:
    (1) planning, zoning, development, surveying, or siting;
    (2) design, specifications, workmanship, repair, construction, renovation, remodeling, grading, or compaction;
    (3) materials used in repair, construction, renovation, remodeling, grading, or compaction; or
    (4) maintenance
    Of any property (including land, structures, or improvements or any kind) whether on or off the residence premises[.]

## SEVENTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs are entitled to any recovery under the Policy, which State Farm denies, Plaintiffs' recovery is limited by the coverage limits and loss settlement provisions of the insurance Policy.

## EIGHTH AFFIRMATIVE DEFENSE

Even if Plaintiffs were entitled to recover under their Complaint, which State Farm denies, Plaintiffs are unable to recover the damages as set forth in their Complaint because this amount does not reflect the reasonable and necessary costs to repair the damage to the Property.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs may not recover from Defendant for any alleged damage to the extent that the damage did not occur within the Policy Period. The Policy provides in pertinent part:

### SECTION I AND SECTION II – CONDITIONS

**1. Policy Period.** This policy applies only to loss under Section I or bodily injury or property damage under Section II that occurs during the period this policy is in effect.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs may not recover from Defendant on the basis that Plaintiffs failed to mitigate their damages in accordance with Georgia law.

## ELEVENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs seek to recover pursuant to any alleged violation of Georgia's Unfair Claims Settlement Practices Act, Plaintiff is legally prohibited from doing so as the Act does not create or imply any private cause of action. *See* O.C.G.A. § 33-6-37.

## TWELFTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs attempt to impose duties upon Defendant aside from those set forth in the insurance contract, Plaintiffs fail in both fact and law. Georgia law does not impose extra-contractual duties on insurers when adjusting claims asserted by insureds. Moreover, at all times relevant hereto, State Farm acted in good faith and in accordance with the terms and conditions of the Policy.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from recovery on the basis of waiver and/or estoppel.

## FOURTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs seek to recover replacement cost benefits, Plaintiffs have not satisfied the contractual requirements to recover these benefits pursuant to the terms of the Policy and applicable law.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs are unable to recover for any damages that did not result from accidental direct physical loss as required by the policy. Specifically, the Policy provides:

### SECTION I – LOSSES INSURED

**COVERAGE A – DWELLING**
We will pay for accidental direct, physical loss to the property described in Coverage A, unless the loss is excluded or limited in SECTION I – LOSSES NOT INSURED or otherwise excluded or limited in this policy. However, loss does not include and we will not pay for, any diminution in value.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs may not maintain this action against Defendant because Plaintiffs failed to satisfy the conditions precedent to bringing suit set forth in the insurance policy issued by Defendant to Plaintiff. Specifically, the policy provides:

### SECTION I – CONDITIONS
. . .
6. **Suit Against Us**. No action will be brought against us unless there has been full compliance with all of the policy provisions. Any action by any party must be started within one year after the date of loss or damage[.]

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs may not maintain this action against Defendant because Plaintiffs did not satisfy the duties after loss provisions in accordance with the policy requirements. Specifically, the Policy provides:

## SECTION I – CONDITIONS

. . .

2. **Your Duties After Loss**. After a loss to which this insurance may apply, you must cooperate with us in the investigation of the claim and also see that the following duties are performed:

a. give immediate notice to us or our agent, and also notify:

(1) the policy if the loss is caused by theft, vandalism, or any other criminal act and

(2) the credit card company or bank if the loss involves a credit card or bank fund transfer card;

b. protect the property from further damage or loss, and also:

(1) make reasonable and necessary temporary repairs required to protect the property; and

(2) keep an accurate record of repair expenses;

c. prepare an inventory of damaged or stolen personal property:

(1) showing in detail the quantity, description, age, replacement cost, and amount of loss; and

(2) attaching all bills, receipts, and related documents that substantiate the figures in the inventory;

d. as often as we reasonably require:

(1) exhibit the damaged property;

(2) provide us with any requested records and documents and allow us to make copies;

(3) while not in the presence of any other insured:

(a) give statements; and

(b) submit to examinations under oath; and

(4) produce employees, members of the insured's household, or others for examination under oath to the extent it is within the insured's power to do so; and

e. submit to us within 60 days after the loss, your signed, sworn proof of loss that sets forth, to the best of your knowledge and belief:

(1) the time and cause of loss;

(2) interest of the insured and all others in the property involved and all encumbrances on the property;

(3) other insurance which may cover the loss;

(4) changes in title or occupancy of the property during the terms of this policy;

(5) specifications of any damaged building and detailed estimates for repair of the damage;

(6) an inventory of damaged personal property described in 2.c.;

(7) receipts for additional living expenses incurred and records supporting the fair rental value loss; and

(8) evidence of affidavit supporting a claim under SECTION I – ADDITIONAL COVERAGES, Credit Card, Bank Fund Transfer Card, Forgery, and Counterfeit Money coverage, stating the amount and cause of loss.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant responds to the specific allegations of Plaintiffs' Complaint as follows:

## **PARTIES**

### 1.

Upon information and belief, in response to Paragraph 1 of Plaintiffs' Complaint, Defendant admits that Plaintiffs are residents of Hall County, Georgia.

### 2.

In response to the allegations contained in Paragraph 2 of Plaintiffs' Complaint, Defendant admits only that it is a foreign insurance company, authorized to transact business in the State of Georgia, and in the business of selling insurance policies and that its registered agent is located at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 2 of Plaintiffs' Complaint are denied, including, but not limited to, any allegations that the insurance policy issued by Defendant provides unfettered and/or unrestricted insurance coverage. All coverage provided is subject to the terms and provisions of the Policy and applicable Georgia law.

## JURISDICTION AND VENUE

3.

In response to the allegations contained in Paragraph 3 of Plaintiffs' Complaint, Defendant admits only that the Superior Court of Gwinnett County has jurisdiction over this matter but denies all remaining allegations contained in Paragraph 3 of Plaintiffs' Complaint, including, but not limited to, any allegations that the Superior Court of Gwinnett County is the only court having jurisdiction over this matter and any allegations that Defendant breached its contract with Plaintiffs or otherwise acted in bad faith.

4.

In response to the allegations contained in Paragraph 4 of Plaintiffs' Complaint, Defendant admits only that the Superior Court of Gwinnett County is a proper venue in which to bring this matter, but denies all remaining allegations contained in Paragraph 4 of Plaintiffs' Complaint, including, but not limited to, any allegations that the Superior Court of Gwinnett County is the only venue in which this matter could be brought and any allegations that Defendant breached its contract with Plaintiffs or otherwise acted in bad faith.

5.

In response to the allegations contained in Paragraph 5 of Plaintiffs' Complaint, Defendant admits only that the terms and provisions of the Policy and applicable Georgia law speak for themselves and deny all allegations contained in Paragraph 5 in direct contradiction thereto. Defendant admits that jurisdiction and venue are proper in this Court.

## THE POLICY

6.

In response to the allegations contained in Paragraph 6 of Plaintiffs' Complaint, Defendant admits only that it issued Policy Number 81-E1-M614-3 (the "Policy") to Plaintiffs. Defendant responds further that the terms and provisions of the Policy and applicable Georgia law speak for themselves and denies all allegations contained in Paragraph 6 in direct contradiction thereto. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 6 of Plaintiffs' Complaint are denied.

7.

In response to the allegations contained in Paragraph 7 of Plaintiffs' Complaint, Defendant admits only that it issued the Policy to Plaintiffs for the property located at 6517 Sunset Court, Flowery Branch, Georgia (the "Property"). Defendant responds further that the terms and provisions of the Policy and applicable Georgia law speak for themselves and denies all allegations contained in Paragraph 7 in direct contradiction thereto. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 7 of Plaintiffs' Complaint are denied, including, but not limited to, any allegations that the Policy provided unrestricted and/or unfettered insurance coverage, as all coverage under the Policy is subject to the terms and conditions of the Policy and applicable Georgia law.

8.

In response to the allegations contained in Paragraph 8 of Plaintiffs' Complaint, Defendant admits only that the terms and provisions of the Policy and applicable Georgia law speak for themselves and denies all allegations contained in Paragraph 8 in direct contradiction thereto. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 8

of Plaintiffs' Complaint are denied, including, but not limited to, any allegations that the Policy provided unrestricted and/or unfettered insurance coverage, as all coverage provided under the Policy is subject to the terms and conditions of the Policy and applicable Georgia law.

9.

In response to the allegations contained in Paragraph 9 of Plaintiffs' Complaint, Defendant admits only that the terms and provisions of the Policy and applicable Georgia law speak for themselves and denies all allegations contained in Paragraph 9 in contradiction thereto. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 9 of Plaintiffs' Complaint are denied, including, but not limited to, any allegations that the Policy provided unrestricted and/or unfettered insurance coverage, as all coverage provided under the Policy is subject to the terms and provisions of the Policy and applicable Georgia law.

**SUDDEN AND ACCIDENTAL DAMAGE TO THE INSURED PROPERTY**

10.

In response to the allegations contained in Paragraph 10 of Plaintiffs' Complaint, Defendant admits only that the coverage terms of the Policy extended from 12:01 a.m. on July 30, 2021 to 12:01 a.m. on July 30, 2022, and that Plaintiffs reported that the Property suffered damage from a storm event on or about December 30, 2021. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 10 of Plaintiffs' Complaint are denied.

11.

In response to the allegations contained in Paragraph 11 of Plaintiffs' Complaint, Defendant admits only that the Plaintiffs notified Defendant of the alleged storm damage to the Property. Defendant admits further that Plaintiffs made a claim pursuant to the Policy for the

alleged storm damage to the Property, and a State Farm Claim Representative was assigned to adjust the claim on behalf of State Farm. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 11 of Plaintiffs' Complaint are denied.

12.

In response to the allegations contained in Paragraph 12 of Plaintiffs' Complaint, Defendant admits only that Plaintiffs permitted Defendant to inspect the Property and provided some of the documents requested by Defendant. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 12 of Plaintiffs' Complaint are denied.

13.

In response to the allegations contained in Paragraph 13 of Plaintiffs' Complaint, Defendant admits only that Plaintiffs permitted Defendant to inspect the Property. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 13 of Plaintiffs' Complaint are denied.

14.

In response to Paragraph 14 of Plaintiffs' Complaint, Defendant admits only that Defendant conducted an inspection of the Property. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 14 of Plaintiffs' Complaint are denied, including, but not limited to, any allegations that Defendant owed Plaintiffs any duties aside from those set forth by the terms and provisions of the insurance contract.

15.

In response to the allegations contained in Paragraph 15 of Plaintiffs' Complaint, Defendant admits only that Defendant prepared an estimate which concluded that Plaintiffs' total repair cost value for the cost to repair the covered damage sustained to the Property was

$7,169.81. Defendant admits that the deductible under the Policy is $6,915.00 per occurrence. Defendant further admits that Exhibit "A" is a true and accurate copy of Defendant's estimate, which speaks for itself. Defendant denies that Exhibit "B" is an estimate prepared by State Farm, but rather is correspondence dated October 4, 2022, which speaks for itself. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 15 of Plaintiffs' Complaint are denied, including, but not limited to, any allegations that Defendant undervalued the claim, or that Defendant prepared multiple estimates for the claim.

16.

In response to the allegations contained in Paragraph 16 of Plaintiffs' Complaint, Defendant admits only that Defendant and representatives of Plaintiffs exchanged communications during the claim, but states that these communications speak for themselves and denies any allegations contained in Paragraph 16 in direct contravention thereto. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 16 of Plaintiffs' Complaint are denied.

17.

In response to the allegations contained in Paragraph 17 of Plaintiffs' Complaint, Defendant admits only that Plaintiffs sent an estimate to Defendant dated October 11, 2022, which speaks for itself. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 17 of Plaintiffs' Complaint are denied, including, but not limited to, any allegations that the October 11, 2022 estimate reflected the reasonable and necessary amount to repair the covered damage to the Property and that the estimate constituted a timely or valid demand for payment.

18.

All allegations contained in Paragraph 18 of Plaintiffs' Complaint are denied, including, but not limited to, any allegations that Defendant failed to issue payment for covered damages to the Property pursuant to the terms and provisions of the Policy and applicable Georgia law.

19.

In response to the allegations contained in Paragraph 19 of Plaintiffs' Complaint, Defendant admits only that Plaintiffs provided some information and documentation requested by State Farm during the adjustment of Plaintiffs' claim as required under the terms and conditions of the Policy. Except as otherwise herein admitted, Defendant denies all remaining allegations contained in Paragraph 19 of Plaintiffs' Complaint.

20.

In response to the allegations contained in Paragraph 20 of Plaintiffs' Complaint, Defendant admits only that there is a dispute between Plaintiffs and Defendant regarding whether the alleged damage to the Property was caused by a covered cause of loss, the amount necessary to repair any covered damage, and the alleged date that the loss or losses occurred. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 20 of Plaintiffs' Complaint are denied.

21.

All allegations contained in Paragraph 21 of Plaintiffs' Complaint are denied.

## COUNT I – BREACH OF CONTRACT

### 22.

To the extent a response is required to the allegations contained in Paragraph 22 of Plaintiffs' Complaint, Defendant incorporates herein by reference its responses to Plaintiffs' enumerated Paragraphs 1 through 21.

### 23.

In response to the allegations contained in Paragraph 23 of Plaintiffs' Complaint, Defendant admits only that Plaintiffs provided some information and documentation requested by State Farm during the adjustment of Plaintiffs' claim as required under the terms and conditions of the Policy. Except as otherwise herein admitted, Defendant denies all remaining allegations contained in Paragraph 23 of Plaintiffs' Complaint.

### 24.

In response to the allegations contained in Paragraph 24 of Plaintiffs' Complaint, Defendant admits that the Policy speaks for itself and would afford coverage for certain losses subject to the Policy's terms and conditions and applicable Georgia law. All remaining allegations contained in Paragraph 24 of Plaintiffs' Complaint are denied, including, but not limited to, any allegations that Defendant failed to issue payment for covered damages to the Property, pursuant to the terms and provisions of the Policy and applicable Georgia law.

### 25.

All allegations contained in Paragraph 25 of Plaintiffs' Complaint are denied, including, but not limited to, any allegations that Defendant failed to issue payment for covered damages to the Property pursuant to the terms and provisions of the Policy and applicable Georgia law, and that Plaintiffs made a timely or valid demand for payment.

26.

All allegations contained in Paragraph 26 of Plaintiffs' Complaint are denied, including, but not limited to, any allegations that Defendant failed to conduct a proper claim investigation or that it failed to issue payment for covered damages to the Property pursuant to the terms and provisions of the Policy and applicable Georgia law.

27.

All allegations contained in Paragraph 27 of Plaintiffs' Complaint are denied, including, but not limited to, any allegations that Defendant failed to issue payment for covered damages to the Property pursuant to the terms and provisions of the Policy and applicable Georgia law.

28.

All allegations contained in Paragraph 28 of Plaintiffs' Complaint are denied, including, but not limited to, any allegations that Defendant failed to issue payment for covered damages to the Property pursuant to the terms and provisions of the Policy and applicable Georgia law.

29.

Defendant denies all the allegations contained in Paragraph 29 of Plaintiffs' Complaint.

30.

To the extent a response is required to the allegations contained in Paragraph 30 of Plaintiffs' Complaint, Defendant denies the allegations contained in Paragraph 30 of Plaintiffs' Complaint.

## **DEMAND FOR JURY TRIAL**

31.

To the extent a response is required to the allegations contained in Paragraph 31 of Plaintiffs' Complaint, Defendant admits the allegations contained in Paragraph 31 of Plaintiffs' Complaint.

## **PRAYER FOR RELIEF**

32.

Defendant denies all allegations contained in Plaintiffs' Prayer for Relief and Paragraph 32 of Plaintiffs' Complaint, including those allegations set forth in subsections (a) through (f) contained therein.

33.

Except as otherwise herein admitted, Defendant denies all remaining allegations contained in Plaintiffs' Complaint.

WHEREFORE, having fully answered, Defendant respectfully requests that this Court:

(a) Deny Plaintiffs' prayer for damages;

(b) Dismiss this action with prejudice and cast all costs upon Plaintiffs; and

(c) Award Defendant any other relief that this Court deems just and equitable.

Respectfully submitted this 27th day of January, 2023.

*[Signature on the Following Page]*

- 16 -

SWIFT, CURRIE, McGHEE & HIERS, LLP

*/s/ Brittney A. Sizemore*
Mark T. Dietrichs
Georgia Bar No. 221722
Brittney A. Sizemore
Georgia Bar No. 332873
***Attorneys for Defendant***

1420 Peachtree Street, NE
Suite 800
Atlanta, GA   30309
OFF:   (404) 874-8800
FAX:   (404) 888-6199
Mark.dietrichs@swiftcurrie.com
Brittney.Sizemore@swiftcurrie.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have electronically filed the foregoing **State Farm Fire and Casualty Company Answer and Affirmative Defenses** with the Clerk of Court using the Odyssey e-filing system, which will automatically send e-mail notification and service of such filing to counsel of record follows:

J. Remington Huggins, Esq.
Michael D. Turner, Esq.
The Huggins Law Firm, LLC
110 Norcross Street
Roswell, Georgia 30075
Remington@lawhuggins.com
mdturner@lawhuggins.com
Counsel for Plaintiffs

This 27th day of January, 2023.

SWIFT, CURRIE, McGHEE & HIERS, LLP

*/s/ Brittney A. Sizemore*
Mark T. Dietrichs
Georgia Bar No. 221722
Brittney A. Sizemore
Georgia Bar No. 332873
**Attorneys for Defendant**

1420 Peachtree Street, NE
Suite 800
Atlanta, GA   30309
Tel:     (404) 874-8800
Fax:     (404) 888-6199
Mark.dietrichs@swiftcurrie.com
Brittney.sizemore@swiftcurrie.com

4875-8580-8713, v. 1

- 18 -

IN THE SUPERIOR COURT OF GWINNETT COUNTY
STATE OF GEORGIA

ALAN C. TAYLOR AND            )
RENEE TAYLOR,                 )
                             )
            Plaintiffs,       )
                             )
v.                           )          CIVIL ACTION FILE
                             )          NO.  22-A-10822-2
STATE FARM FIRE AND CASUALTY  )
COMPANY,                      )
                             )
            Defendant.        )

## <u>NOTICE OF FILING REMOVAL</u>

TO:   J. Remington Huggins, Esq.
      Michael D. Turner, Esq.
      The Huggins Law Firm, LLC
      110 Norcross Street
      Roswell, Georgia 30075
      Remington@lawhuggins.com
      mdturner@lawhuggins.com

Please take notice that State Farm Fire and Casualty Company, Defendant in the above-styled action, on this date has filed its **Notice of Removal**, a copy of which is attached hereto as <u>Exhibit A</u>, with the Clerk of the Court of the United States District Court for the Northern District of Georgia, Atlanta Division.

Respectfully submitted this 27th day of January, 2023.

*[Signature on the Following Page]*

1

SWIFT, CURRIE, McGHEE & HIERS, LLP

*/s/ Brittney A. Sizemore*
Mark T. Dietrichs
Georgia Bar No. 221722
Brittney A. Sizemore
Georgia Bar No. 332873
***Attorneys for Defendant***

1420 Peachtree Street, NE
Suite 800
Atlanta, GA   30309
OFF:   (404) 874-8800
FAX:   (404) 888-6199
Mark.dietrichs@swiftcurrie.com
Brittney.Sizemore@swiftcurrie.com

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that I have electronically filed and served the foregoing ***NOTICE***

***OF FILING REMOVAL*** with the Clerk of Court using the Odyssey e-filing system which will

automatically send e-mail notification and service of such filing to counsel of record as follows:

J. Remington Huggins, Esq.
Michael D. Turner, Esq.
The Huggins Law Firm, LLC
110 Norcross Street
Roswell, Georgia 30075
Remington@lawhuggins.com
mdturner@lawhuggins.com
*Counsel for Plaintiff*

This 27th day of January, 2023.

SWIFT, CURRIE, McGHEE & HIERS, LLP

*/s/ Brittney A. Sizemore*
Mark T. Dietrichs
Georgia Bar No. 221722
Brittney A. Sizemore
Georgia Bar No. 332873
***Attorneys for Defendant***

1420 Peachtree Street, NE
Suite 800
Atlanta, GA   30309
Tel:    (404) 874-8800
Fax:    (404) 888-6199
Mark.dietrichs@swiftcurrie.com
Brittney.sizemore@swiftcurrie.com

4877-7304-5065, v. 1

3

# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |  |
|---|---|---|
| ALAN C. TAYLOR AND RENEE TAYLOR, | ) ) ) | CIVIL FILE ACTION NO. |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | [ON REMOVAL FROM SUPERIOR COURT OF GWINNETT COUNTY |
| STATE FARM FIRE AND CASUALTY COMPANY A foreign corporation, | ) ) ) ) | CIVIL ACTION FILE NO. 22-A-10822-2] |
| Defendant. | ) | |

## <u>NOTICE OF REMOVAL</u>

COMES NOW, State Farm Fire and Casualty Company, Defendant in the above referenced matter, and within the time prescribed by law, files this Notice of Removal, respectfully showing the Court the following facts:

1.

Plaintiffs Alan C. Taylor and Renee Taylor (hereinafter "Plaintiffs") filed suit against Defendant in the Superior Court of Gwinnett County, which is a county within the Atlanta Division of this Court.  This suit is styled as above and numbered Civil Action File No. 22-A-10822-2 in that Court.

2.

Suit was initiated by the Plaintiffs on December 21, 2022, in the Superior Court of Gwinnett County.  Plaintiffs served Defendant on December 29, 2022. Defendant shows that this Notice of Removal is filed within thirty (30) days from the date of service of said suit on Defendant.  Therefore, removal is timely pursuant to 28 U.S.C. § 1446(b).

3.

Upon information and belief, Plaintiffs are residents and citizen of Hall County, Georgia.  See, Complaint ¶ 1.

4.

Defendant State Farm Fire and Casualty Company is a corporation organized under the laws of the State of Illinois, with its principal place of business in the State of Illinois and is not a citizen of the State of Georgia.  Defendant State Farm was not a citizen of the State of Georgia on the date of filing this action and has not been thereafter.

5.

Complete diversity exists between Plaintiffs and Defendant in accordance with 28 U.S.C. § 1332(a)(1).

6.

This action is a civil action between citizens of different states where the controversy exceeds the sum of $75,000.00, exclusive of interest and costs. Plaintiffs expressly allege in their Complaint that they are entitled to all damages to their Property and any resulting expenses and temporary repairs in the amount of $90,007.43.  See, Complaint ¶ 17.  Given the statements of Plaintiffs regarding the value of their claim and the amount they contend they are entitled to recover, the amount in dispute in this matter will exceed the jurisdictional requirement of $75,000.00.

7.

This Court is authorized to include attorneys' fees in determining the amount in controversy for removal purposes where those fees are allowed by statute.  Hall v. Travelers Ins. Co., 691 F. Supp. 1406, 1409 (N.D. Ga. 1988) ("Where, as here, attorney's fees are allowable by applicable law, they may be included in assessing the jurisdictional amount in controversy.") (citing Vacca v. Meetze, 499 F. Supp. 1089, 1091 (S.D. Ga. 1981)), *vacated on other grounds*, Hall v. Travelers Ins. Co., 691 F. Supp. 1406, 1411 (N.D. Ga. 1988).  To that end, the Court is authorized to assign a "reasonable amount" of attorneys' fees in assessing the amount in controversy. Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1265 (11th Cir.

2000)("When a statute authorizes the recovery of attorney's fees, *a reasonable amount of those fees is included in the amount in controversy*.") (emphasis added).

8.

In light of the foregoing, the amount in controversy for this matter exceeds the jurisdictional requirement for removal of $75,000.00.

9.

This case is a civil action that may be removed to this Court pursuant to 28 U.S.C. § 1441.   This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) and (b) as there is complete diversity of citizenship between Plaintiffs and Defendant and, as shown above, the amount in controversy exceeds $75,000.00. Further, as required by 28 U.S.C. § 1441(b), Defendant is not a citizen of the State of Georgia.

10.

Defendant has attached hereto copies of all process, pleadings, and orders served upon it in this case prior to the date of this Notice of Removal.  Such copies are attached hereto as **Exhibit A**.

11.

Defendant has given written notice of the filing of this Notice of Removal to Plaintiff by notifying her attorney of record, Remington Huggins, Esq. and Michael

Turner, Esq., of Huggins Law Firm, LLC, 110 Norcross Street, Roswell, Georgia 30075.  Defendant State Farm has also filed a written notice with the Superior Court of Gwinnett County, a copy of said notice being attached hereto and made in part hereof.

WHEREFORE, Defendant prays that this case be removed to the United States District Court for the Northern District of Georgia, Atlanta Division.

Respectfully submitted this 27th day of January, 2023.

SWIFT, CURRIE, McGHEE & HIERS, LLP

*/s/ Brittney A. Sizemore*
Mark T. Dietrichs
Georgia State Bar No. 221722
Brittney A. Sizemore
Georgia State Bar No. 332873
*Attorneys for Defendant State Farm Fire and Casualty Company*

1420 Peachtree Street, NE
Suite 800
Atlanta, Georgia 30309
OFFICE: 404.874.8800
FAX: 404.888.6199
mark.dietrichs@swiftcurrie.com
Brittney.sizemore@swiftcurrie.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I have electronically filed and served the foregoing *Notice of Removal* with the Clerk of Court via the CM/ECF e-filing system which will automatically send e-mail notification and service of such filing to counsel of record as follows:

J. Remington Huggins, Esq.
Michael D. Turner, Esq.
The Huggins Law Firm, LLC
110 Norcross Street
Roswell, Georgia 30075
Remington@lawhuggins.com
mdturner@lawhuggins.com
*Counsel for Plaintiffs*

This 27th day of January, 2023.

SWIFT, CURRIE, McGHEE & HIERS, LLP

*/s/ Brittney A. Sizemore*
Mark T. Dietrichs
Georgia State Bar No. 221722
Brittney A. Sizemore
Georgia State Bar No. 332873
*Attorneys for Defendant State Farm Fire and Casualty Company*

1420 Peachtree Street, NE
Suite 800
Atlanta, Georgia 30309
OFFICE: 404.874.8800
FAX: 404.888.6199
mark.dietrichs@swiftcurrie.com
Brittney.sizemore@swiftcurrie.com
4854-6879-9305, v. 1