IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |  |
|---|---|---|
| ALAN C. TAYLOR AND RENEE TAYLOR, | ) ) ) | CIVIL FILE ACTION NO. |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | [ON REMOVAL FROM SUPERIOR |
| STATE FARM FIRE AND CASUALTY COMPANY A foreign corporation, | ) ) ) ) | COURT OF GWINNETT COUNTY CIVIL ACTION FILE NO. 22-A-10822-2] |
| Defendant. | ) ) | |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT

COMES NOW, Defendant State Farm Fire and Casualty Company (hereinafter "State Farm" or "Defendant") and hereby files this, its Answer and Affirmative Defenses to Plaintiffs' Complaint, and shows this Court as follows:

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim against Defendant upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Defendant State Farm is not liable to Plaintiffs for any cause of action, including for breach of contract, because Defendant State Farm at no time breached

or otherwise violated any of the terms or conditions of the insurance policy between State Farm and Plaintiffs. At all times, Defendant State Farm acted in accordance with its rights and obligations as set forth in the Policy.

## THIRD AFFIRMATIVE DEFENSE

To the extent Plaintiffs' Complaint or prayer for relief seeks, or is construed as seeking, damages other than the contractual damages, such remedies are not available to the Plaintiffs inasmuch as O.C.G.A. § 33-4-6 is the sole manner by which to recover extra-contractual damages, including attorney's fees, from an insurer in a first party dispute over payment of insurance benefits.

## FOURTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs' Complaint or prayer for relief seeks or is construed as seeking to recover bad faith penalties and attorney's fees under O.C.G.A. § 33-4-6 against State Farm, such remedies are not available to Plaintiffs, as Plaintiffs failed to satisfy the substantive and/or procedural requirements for making a claim for bad faith, as required under O.C.G.A. § 33-4-6.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs may not recover for any damage to real or personal property under the subject insurance policy and applicable Georgia law to the extent that the damages are excluded by the Policy.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs may not recover from Defendant because the Policy specifically excludes coverage for Plaintiffs' claimed damages. Specifically, the Policy provides:

## SECTION I – LOSSES NOT INSURED

1. We will not pay for any loss to the property described in Coverage A that consists of, or is directly and immediately caused by, one or more of the perils listed in items a. through m. below, regardless of whether the loss occurs abruptly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:
. . .
g. wear, tear, decay, marring, scratching, deterioration, inherent vice, latent defect, or mechanical breakdown;
. . .
2. We will not pay for, under any part of this policy, any loss that would not have occurred in the absence of one or more of the following excluded events. We will not pay for such loss regardless of. (a) the cause of the excluded event; or (b) other causes of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss; or (d) whether the event occurs abruptly or gradually, involves isolated or widespread damage, occurs on or off the residence premises, arises from any natural or externa forces, or occurs as a result of any combination of these:
. . .
d. **Neglect**, meaning neglect of the insured to use all reasonable means to save and preserve property at and after the time of a loss, or when property is endangered.
. . .
3. We will not pay for, under any part of this policy, any loss consisting of one or more of the items below. Further, we will not pay for any loss described in paragraphs 1. and 2. immediately above regardless of whether one or more of the following: (a) directly or indirectly cause,

contribute to, or aggravate the loss; or (b) occur before, at the same time, or after the loss or any other cause of the loss:

a. conduct, act, failure to act, or decision of any person, group, organization, or governmental body whether intentional, wrongful, negligent, or without fault;

b. defect, weakness, inadequacy, fault, or unsoundness in:
> (1) planning, zoning, development, surveying, or siting;
> (2) design, specifications, workmanship, repair, construction, renovation, remodeling, grading, or compaction;
> (3) materials used in repair, construction, renovation, remodeling, grading, or compaction; or
> (4) maintenance
> Of any property (including land, structures, or improvements or any kind) whether on or off the residence premises[.]

## SEVENTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs are entitled to any recovery under the Policy, which State Farm denies, Plaintiffs' recovery is limited by the coverage limits and loss settlement provisions of the insurance Policy.

## EIGHTH AFFIRMATIVE DEFENSE

Even if Plaintiffs were entitled to recover under their Complaint, which State Farm denies, Plaintiffs are unable to recover the damages as set forth in their Complaint because this amount does not reflect the reasonable and necessary costs to repair the damage to the Property.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs may not recover from Defendant for any alleged damage to the extent that the damage did not occur within the Policy Period. The Policy provides in pertinent part:

### SECTION I AND SECTION II – CONDITIONS

**1. Policy Period.** This policy applies only to loss under Section I or bodily injury or property damage under Section II that occurs during the period this policy is in effect.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs may not recover from Defendant on the basis that Plaintiffs failed to mitigate their damages in accordance with Georgia law.

## ELEVENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs seek to recover pursuant to any alleged violation of Georgia's Unfair Claims Settlement Practices Act, Plaintiff is legally prohibited from doing so as the Act does not create or imply any private cause of action. *See* O.C.G.A. § 33-6-37.

## TWELFTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs attempt to impose duties upon Defendant aside from those set forth in the insurance contract, Plaintiffs fail in both fact and law. Georgia law does not impose extra-contractual duties on insurers when adjusting

claims asserted by insureds. Moreover, at all times relevant hereto, State Farm acted in good faith and in accordance with the terms and conditions of the Policy.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from recovery on the basis of waiver and/or estoppel.

## FOURTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs seek to recover replacement cost benefits, Plaintiffs have not satisfied the contractual requirements to recover these benefits pursuant to the terms of the Policy and applicable law.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs are unable to recover for any damages that did not result from accidental direct physical loss as required by the policy. Specifically, the Policy provides:

### SECTION I – LOSSES INSURED

**COVERAGE A – DWELLING**
We will pay for accidental direct, physical loss to the property described in Coverage A, unless the loss is excluded or limited in SECTION I – LOSSES NOT INSURED or otherwise excluded or limited in this policy. However, loss does not include and we will not pay for, any diminution in value.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs may not maintain this action against Defendant because Plaintiffs failed to satisfy the conditions precedent to bringing suit set forth in the insurance policy issued by Defendant to Plaintiff. Specifically, the policy provides:

### SECTION I – CONDITIONS

. . .
6. **Suit Against Us**. No action will be brought against us unless there has been full compliance with all of the policy provisions. Any action by any party must be started within one year after the date of loss or damage[.]

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs may not maintain this action against Defendant because Plaintiffs did not satisfy the duties after loss provisions in accordance with the policy requirements. Specifically, the Policy provides:

### SECTION I – CONDITIONS

. . .
2. **Your Duties After Loss**. After a loss to which this insurance may apply, you must cooperate with us in the investigation of the claim and also see that the following duties are performed:
   a. give immediate notice to us or our agent, and also notify:
      (1) the policy if the loss is caused by theft, vandalism, or any other criminal act and
      (2) the credit card company or bank if the loss involves a credit card or bank fund transfer card;
   b. protect the property from further damage or loss, and also:
      (1) make reasonable and necessary temporary repairs required to protect the property; and
      (2) keep an accurate record of repair expenses;
   c. prepare an inventory of damaged or stolen personal property:

    (1) showing in detail the quantity, description, age, replacement cost, and amount of loss; and

    (2) attaching all bills, receipts, and related documents that substantiate the figures in the inventory;

d. as often as we reasonably require:

    (1) exhibit the damaged property;

    (2) provide us with any requested records and documents and allow us to make copies;

    (3) while not in the presence of any other insured:

        (a) give statements; and

        (b) submit to examinations under oath; and

    (4) produce employees, members of the insured's household, or others for examination under oath to the extent it is within the insured's power to do so; and

e. submit to us within 60 days after the loss, your signed, sworn proof of loss that sets forth, to the best of your knowledge and belief:

    (1) the time and cause of loss;

    (2) interest of the insured and all others in the property involved and all encumbrances on the property;

    (3) other insurance which may cover the loss;

    (4) changes in title or occupancy of the property during the terms of this policy;

    (5) specifications of any damaged building and detailed estimates for repair of the damage;

    (6) an inventory of damaged personal property described in 2.c.;

    (7) receipts for additional living expenses incurred and records supporting the fair rental value loss; and

    (8) evidence of affidavit supporting a claim under SECTION I – ADDITIONAL COVERAGES, Credit Card, Bank Fund Transfer Card, Forgery, and Counterfeit Money coverage, stating the amount and cause of loss.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant responds to the specific allegations of Plaintiffs' Complaint as follows:

## PARTIES

### 1.

Upon information and belief, in response to Paragraph 1 of Plaintiffs' Complaint, Defendant admits that Plaintiffs are residents of Hall County, Georgia.

### 2.

In response to the allegations contained in Paragraph 2 of Plaintiffs' Complaint, Defendant admits only that it is a foreign insurance company, authorized to transact business in the State of Georgia, and in the business of selling insurance policies and that its registered agent is located at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 2 of Plaintiffs' Complaint are denied, including, but not limited to, any allegations that the insurance policy issued by Defendant provides unfettered and/or unrestricted insurance coverage. All coverage provided is subject to the terms and provisions of the Policy and applicable Georgia law.

## JURISDICTION AND VENUE

### 3.

In response to the allegations contained in Paragraph 3 of Plaintiffs' Complaint, Defendant admits only that the Superior Court of Gwinnett County has jurisdiction over this matter but denies all remaining allegations contained in

Paragraph 3 of Plaintiffs' Complaint, including, but not limited to, any allegations that the Superior Court of Gwinnett County is the only court having jurisdiction over this matter and any allegations that Defendant breached its contract with Plaintiffs or otherwise acted in bad faith.

4.

In response to the allegations contained in Paragraph 4 of Plaintiffs' Complaint, Defendant admits only that the Superior Court of Gwinnett County is a proper venue in which to bring this matter, but denies all remaining allegations contained in Paragraph 4 of Plaintiffs' Complaint, including, but not limited to, any allegations that the Superior Court of Gwinnett County is the only venue in which this matter could be brought and any allegations that Defendant breached its contract with Plaintiffs or otherwise acted in bad faith.

5.

In response to the allegations contained in Paragraph 5 of Plaintiffs' Complaint, Defendant admits only that the terms and provisions of the Policy and applicable Georgia law speak for themselves and deny all allegations contained in Paragraph 5 in direct contradiction thereto. Defendant admits that jurisdiction and venue are proper in this Court.

## **THE POLICY**

6.

In response to the allegations contained in Paragraph 6 of Plaintiffs' Complaint, Defendant admits only that it issued Policy Number 81-E1-M614-3 (the "Policy") to Plaintiffs. Defendant responds further that the terms and provisions of the Policy and applicable Georgia law speak for themselves and denies all allegations contained in Paragraph 6 in direct contradiction thereto. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 6 of Plaintiffs' Complaint are denied.

7.

In response to the allegations contained in Paragraph 7 of Plaintiffs' Complaint, Defendant admits only that it issued the Policy to Plaintiffs for the property located at 6517 Sunset Court, Flowery Branch, Georgia (the "Property"). Defendant responds further that the terms and provisions of the Policy and applicable Georgia law speak for themselves and denies all allegations contained in Paragraph 7 in direct contradiction thereto. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 7 of Plaintiffs' Complaint are denied, including, but not limited to, any allegations that the Policy provided unrestricted and/or

unfettered insurance coverage, as all coverage under the Policy is subject to the terms and conditions of the Policy and applicable Georgia law.

8.

In response to the allegations contained in Paragraph 8 of Plaintiffs' Complaint, Defendant admits only that the terms and provisions of the Policy and applicable Georgia law speak for themselves and denies all allegations contained in Paragraph 8 in direct contradiction thereto. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 8 of Plaintiffs' Complaint are denied, including, but not limited to, any allegations that the Policy provided unrestricted and/or unfettered insurance coverage, as all coverage provided under the Policy is subject to the terms and conditions of the Policy and applicable Georgia law.

9.

In response to the allegations contained in Paragraph 9 of Plaintiffs' Complaint, Defendant admits only that the terms and provisions of the Policy and applicable Georgia law speak for themselves and denies all allegations contained in Paragraph 9 in contradiction thereto. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 9 of Plaintiffs' Complaint are denied, including, but not limited to, any allegations that the Policy provided unrestricted

and/or unfettered insurance coverage, as all coverage provided under the Policy is subject to the terms and provisions of the Policy and applicable Georgia law.

## SUDDEN AND ACCIDENTAL DAMAGE TO THE INSURED PROPERTY

10.

In response to the allegations contained in Paragraph 10 of Plaintiffs' Complaint, Defendant admits only that the coverage terms of the Policy extended from 12:01 a.m. on July 30, 2021 to 12:01 a.m. on July 30, 2022, and that Plaintiffs reported that the Property suffered damage from a storm event on or about December 30, 2021. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 10 of Plaintiffs' Complaint are denied.

11.

In response to the allegations contained in Paragraph 11 of Plaintiffs' Complaint, Defendant admits only that the Plaintiffs notified Defendant of the alleged storm damage to the Property. Defendant admits further that Plaintiffs made a claim pursuant to the Policy for the alleged storm damage to the Property, and a State Farm Claim Representative was assigned to adjust the claim on behalf of State Farm. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 11 of Plaintiffs' Complaint are denied.

12.

In response to the allegations contained in Paragraph 12 of Plaintiffs' Complaint, Defendant admits only that Plaintiffs permitted Defendant to inspect the Property and provided some of the documents requested by Defendant. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 12 of Plaintiffs' Complaint are denied.

13.

In response to the allegations contained in Paragraph 13 of Plaintiffs' Complaint, Defendant admits only that Plaintiffs permitted Defendant to inspect the Property. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 13 of Plaintiffs' Complaint are denied.

14.

In response to Paragraph 14 of Plaintiffs' Complaint, Defendant admits only that Defendant conducted an inspection of the Property. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 14 of Plaintiffs' Complaint are denied, including, but not limited to, any allegations that Defendant owed Plaintiffs any duties aside from those set forth by the terms and provisions of the insurance contract.

15.

In response to the allegations contained in Paragraph 15 of Plaintiffs' Complaint, Defendant admits only that Defendant prepared an estimate which concluded that Plaintiffs' total repair cost value for the cost to repair the covered damage sustained to the Property was $7,169.81. Defendant admits that the deductible under the Policy is $6,915.00 per occurrence. Defendant further admits that Exhibit "A" is a true and accurate copy of Defendant's estimate, which speaks for itself. Defendant denies that Exhibit "B" is an estimate prepared by State Farm, but rather is correspondence dated October 4, 2022, which speaks for itself. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 15 of Plaintiffs' Complaint are denied, including, but not limited to, any allegations that Defendant undervalued the claim, or that Defendant prepared multiple estimates for the claim.

16.

In response to the allegations contained in Paragraph 16 of Plaintiffs' Complaint, Defendant admits only that Defendant and representatives of Plaintiffs exchanged communications during the claim, but states that these communications speak for themselves and denies any allegations contained in Paragraph 16 in direct

contravention thereto. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 16 of Plaintiffs' Complaint are denied.

17.

In response to the allegations contained in Paragraph 17 of Plaintiffs' Complaint, Defendant admits only that Plaintiffs sent an estimate to Defendant dated October 11, 2022, which speaks for itself. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 17 of Plaintiffs' Complaint are denied, including, but not limited to, any allegations that the October 11, 2022 estimate reflected the reasonable and necessary amount to repair the covered damage to the Property and that the estimate constituted a timely or valid demand for payment.

18.

All allegations contained in Paragraph 18 of Plaintiffs' Complaint are denied, including, but not limited to, any allegations that Defendant failed to issue payment for covered damages to the Property pursuant to the terms and provisions of the Policy and applicable Georgia law.

19.

In response to the allegations contained in Paragraph 19 of Plaintiffs' Complaint, Defendant admits only that Plaintiffs provided some information and documentation requested by State Farm during the adjustment of Plaintiffs' claim as

required under the terms and conditions of the Policy. Except as otherwise herein admitted, Defendant denies all remaining allegations contained in Paragraph 19 of Plaintiffs' Complaint.

20.

In response to the allegations contained in Paragraph 20 of Plaintiffs' Complaint, Defendant admits only that there is a dispute between Plaintiffs and Defendant regarding whether the alleged damage to the Property was caused by a covered cause of loss, the amount necessary to repair any covered damage, and the alleged date that the loss or losses occurred. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 20 of Plaintiffs' Complaint are denied.

21.

All allegations contained in Paragraph 21 of Plaintiffs' Complaint are denied.

## COUNT I – BREACH OF CONTRACT

22.

To the extent a response is required to the allegations contained in Paragraph 22 of Plaintiffs' Complaint, Defendant incorporates herein by reference its responses to Plaintiffs' enumerated Paragraphs 1 through 21.

23.

In response to the allegations contained in Paragraph 23 of Plaintiffs' Complaint, Defendant admits only that Plaintiffs provided some information and documentation requested by State Farm during the adjustment of Plaintiffs' claim as required under the terms and conditions of the Policy. Except as otherwise herein admitted, Defendant denies all remaining allegations contained in Paragraph 23 of Plaintiffs' Complaint.

24.

In response to the allegations contained in Paragraph 24 of Plaintiffs' Complaint, Defendant admits that the Policy speaks for itself and would afford coverage for certain losses subject to the Policy's terms and conditions and applicable Georgia law. All remaining allegations contained in Paragraph 24 of Plaintiffs' Complaint are denied, including, but not limited to, any allegations that Defendant failed to issue payment for covered damages to the Property, pursuant to the terms and provisions of the Policy and applicable Georgia law.

25.

All allegations contained in Paragraph 25 of Plaintiffs' Complaint are denied, including, but not limited to, any allegations that Defendant failed to issue payment for covered damages to the Property pursuant to the terms and provisions of the

Policy and applicable Georgia law, and that Plaintiffs made a timely or valid demand for payment.

26.

All allegations contained in Paragraph 26 of Plaintiffs' Complaint are denied, including, but not limited to, any allegations that Defendant failed to conduct a proper claim investigation or that it failed to issue payment for covered damages to the Property pursuant to the terms and provisions of the Policy and applicable Georgia law.

27.

All allegations contained in Paragraph 27 of Plaintiffs' Complaint are denied, including, but not limited to, any allegations that Defendant failed to issue payment for covered damages to the Property pursuant to the terms and provisions of the Policy and applicable Georgia law.

28.

All allegations contained in Paragraph 28 of Plaintiffs' Complaint are denied, including, but not limited to, any allegations that Defendant failed to issue payment for covered damages to the Property pursuant to the terms and provisions of the Policy and applicable Georgia law.

29.

Defendant denies all the allegations contained in Paragraph 29 of Plaintiffs' Complaint.

30.

To the extent a response is required to the allegations contained in Paragraph 30 of Plaintiffs' Complaint, Defendant denies the allegations contained in Paragraph 30 of Plaintiffs' Complaint.

## DEMAND FOR JURY TRIAL

31.

To the extent a response is required to the allegations contained in Paragraph 31 of Plaintiffs' Complaint, Defendant admits the allegations contained in Paragraph 31 of Plaintiffs' Complaint.

## PRAYER FOR RELIEF

32.

Defendant denies all allegations contained in Plaintiffs' Prayer for Relief and Paragraph 32 of Plaintiffs' Complaint, including those allegations set forth in subsections (a) through (f) contained therein.

33.

Except as otherwise herein admitted, Defendant denies all remaining allegations contained in Plaintiffs' Complaint.

WHEREFORE, having fully answered, Defendant respectfully requests that this Court:

(a) Deny Plaintiffs' prayer for damages;

(b) Dismiss this action with prejudice and cast all costs upon Plaintiffs; and

(c) Award Defendant any other relief that this Court deems just and equitable.

Respectfully submitted this 27th day of January, 2023.

SWIFT, CURRIE, McGHEE & HIERS, LLP

*/s/ Brittney A. Sizemore*
Mark T. Dietrichs
Georgia Bar No. 221722
Brittney A. Sizemore
Georgia Bar No. 332873
***Attorneys for Defendant***

1420 Peachtree Street, NE
Suite 800
Atlanta, GA   30309
OFF:  (404) 874-8800
FAX: (404) 888-6199
Mark.dietrichs@swiftcurrie.com
Brittney.Sizemore@swiftcurrie.com

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that I have electronically filed and served the foregoing ***State Farm Fire and Casualty Company's Answer and Affirmative Defenses*** with the Clerk of Court via the CM/ECF e-filing system which will automatically send e-mail notification and service of such filing to counsel of record as follows:

J. Remington Huggins, Esq.
Michael D. Turner, Esq.
The Huggins Law Firm, LLC
110 Norcross Street
Roswell, Georgia 30075
Remington@lawhuggins.com
mdturner@lawhuggins.com
*Counsel for Plaintiffs*

This 27th day of January, 2023.

Respectfully Submitted,
SWIFT, CURRIE, McGHEE & HIERS, LLP

*/s/ Brittney A. Sizemore*
Mark T. Dietrichs
Georgia Bar No. 221722
Brittney A. Sizemore
Georgia Bar No. 332873
***Attorneys for Defendant***

1420 Peachtree Street, NE, Suite 800
Atlanta, GA   30309
OFF:  (404) 874-8800
FAX: (404) 888-6199
Mark.dietrichs@swiftcurrie.com
Brittney.sizemore@swiftcurrie.com