IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |  |
|---|---|---|
| CONNIE AMAYA, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL FILE ACTION NO. |
| | ) | |
| v. | ) | |
| | ) | |
| STATE FARM FIRE AND | ) | |
| CASUALTY COMPANY, | ) | [ON REMOVAL FROM STATE |
| | ) | COURT OF GWINNETT COUNTY |
| Defendant. | ) | CIVIL ACTION NO. 22-C-07404-S1] |
| | ) | |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW, Defendant State Farm Fire and Casualty Company (hereinafter "State Farm" or "Defendant") and hereby files this, its Answer and Affirmative Defenses to Plaintiff's Complaint, and shows this Court as follows:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim against Defendant upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim for bad faith penalties and attorneys fees pursuant to O.C.G.A. § 33-4-6.

## THIRD AFFIRMATIVE DEFENSE

Defendant State Farm is not liable to Plaintiff for any cause of action, including for breach of contract, because Defendant State Farm at no time breached or otherwise violated any of the terms or conditions of the insurance policy between State Farm and Plaintiff. At all times, Defendant State Farm acted in accordance with its rights and obligations as set forth in the Policy.

## FOURTH AFFIRMATIVE DEFENSE

To the extent Plaintiff's Complaint or prayer for relief seeks, or is construed as seeking, damages other than the contractual damages, such remedies are not available to the Plaintiff inasmuch as O.C.G.A. § 33-4-6 is the sole manner by which to recover extra-contractual damages, including attorney's fees, from an insurer in a first party dispute over payment of insurance benefits.

## FIFTH AFFIRMATIVE DEFENSE

To the extent Plaintiff's Complaint seeks or is construed as seeking, to recover bad faith penalties and attorney's fees under O.C.G.A. § 33-4-6 against State Farm, such remedies are not available to Plaintiff, as Plaintiff failed to satisfy the substantive and/or procedural requirements for making a claim for bad faith, as required under O.C.G.A. § 33-4-6.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff may not recover for any damage to real or personal property under the subject insurance policy and applicable Georgia law to the extent that the damages are excluded by the Policy.

## SEVENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff is entitled to any recovery under the Policy, which State Farm denies, Plaintiff's recovery is limited by the coverage limits and **SECTION I – LOSS SETTLEMENT** provisions of the insurance Policy.

## EIGHTH AFFIRMATIVE DEFENSE

Even if Plaintiff was entitled to recover under her Complaint, which State Farm denies, Plaintiff is unable to recover the damages as set forth in her Complaint because this amount does not reflect the reasonable and necessary costs to repair the damage to the Property resulting from a covered cause of loss.

## NINTH AFFIRMATIVE DEFENSE

To the extent Plaintiff seeks to recover pursuant to any alleged violation of Georgia's Unfair Settlement Practices Act, Plaintiff is legally prohibited from doing so as the Act does not create or imply any private cause of action. See O.C.G.A. § 33-6-37.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff may not recover from Defendant on the basis that Plaintiff failed to mitigate her damages in accordance with Georgia law.

## ELEVENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff seeks to recover replacement cost benefits, Plaintiff has not satisfied the contractual requirements to recover these benefits pursuant to the terms of the Policy and applicable law.

## TWELFTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff attempts to impose duties upon Defendant aside from those set forth in the insurance contract, Plaintiff fails in both fact and law. Georgia law does not impose extra-contractual duties on insurers when adjusting claims asserted by insureds. Moreover, at all times relevant hereto, State Farm acted in good faith and in accordance with the terms and conditions of the Policy.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery on the basis of waiver and/or estoppel.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to additional living expenses to the extent Plaintiff has not incurred any additional expenses as a direct result of any covered cause of loss,

and or failed to satisfy any other condition of the requirements under the Loss of Use provision under the Policy. Specifically, the Policy provides:

## SECTION I – PROPERTY COVERAGES
. . .
**COVERAGE C – LOSS OF USE**

The most we will pay for the sum of all losses combined under Additional Living Expenses, Fair Rental Value, and Prohibited Use is the limit shown in the Declarations for Coverage C – Loss of Use

> 1. Additional Living Expenses. When a loss insured causes the residence premises to become uninhabitable, we will pay the reasonable and necessary increase in cost incurred by an insured to maintain their normal standard of living for up to 24 months. Our payment is limited to incurred costs for the shortest of:
> > a. the time required to repair or replace the premises;
> > b. the time required for your household to settle elsewhere; or
> > c. 24 months.
> This period of time is not limited by the expiration of the policy.
>
> We will not pay more than the limit of liability shown in the Declarations for Coverage C – Loss of Use. Any normal expenses that are reduced or discontinued due to a loss insured will be subtracted from any amount owed.

## <u>FIFTEENTH AFFIRMATIVE DEFENSE</u>

To the extent Plaintiff is entitled to recover from State Farm, which State Farm expressly denies, State Farm is entitled to a set-off of any amounts already paid by State Farm for the subject loss.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff may not recover for any damage to personal property under the subject insurance policy and applicable Georgia law to the extent that the damages are not the result of a named peril for which coverage is provided under the Policy and/or which are excluded by the policy.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff is unable to recover for any damages that did not result from accidental direct physical loss as required by the policy. Specifically, the Policy provides:

### SECTION I – LOSSES INSURED

**COVERAGE A – DWELLING**
We will pay for accidental direct physical loss to the property described in Coverage A, unless the loss is excluded or limited in SECTION I – LOSSES NOT INSURED or otherwise excluded or limited in this policy. However, loss does not include and we will not pay for, any diminution in value.

**COVERAGE B – PERSONAL PROPERTY**
We will pay for accidental direct physical loss to the property described in Coverage B caused by the following perils, unless the loss is excluded or limited in SECTION I – LOSSES NOT INSURED or otherwise excluded or limited in this policy. However, loss does not include and we will not pay for, any diminution in value[.]

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff may not maintain this action against Defendant because Plaintiff failed to satisfy the conditions precedent to bringing suit set forth in the insurance policy issued by Defendant to Plaintiff. Specifically, the policy provides:

### SECTION I – CONDITIONS
. . .
6. **Suit Against Us**. No action will be brought against us unless there has been full compliance with all of the policy provisions. Any action by any party must be started within one year after the date of loss or damage[.]

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff may not maintain this action against Defendant because Plaintiff did not satisfy the duties after loss provisions in accordance with the policy requirements. Specifically, the Policy provides:

### SECTION I – CONDITIONS
. . .
2. **Your Duties After Loss**. After a loss to which this insurance may apply, you must cooperate with us in the investigation of the claim and also see that the following duties are performed:
    a. give immediate notice to us or our agent, and also notify:
        (1) the policy if the loss is caused by theft, vandalism, or any other criminal act and
        (2) the credit card company or bank if the loss involves a credit card or bank fund transfer card;
    b. protect the property from further damage or loss, and also:
        (1) make reasonable and necessary temporary repairs required to protect the property; and
        (2) keep an accurate record of repair expenses;
    c. prepare an inventory of damaged or stolen personal property:

(1) showing in detail the quantity, description, age, replacement cost, and amount of loss; and

(2) attaching all bills, receipts, and related documents that substantiate the figures in the inventory;

d. as often as we reasonably require:

(1) exhibit the damaged property;

(2) provide us with any requested records and documents and allow us to make copies;

(3) while not in the presence of any other insured:

(a) give statements; and

(b) submit to examinations under oath; and

(4) produce employees, members of the insured's household, or others for examination under oath to the extent it is within the insured's power to do so; and

e. submit to us within 60 days after the loss, your signed, sworn proof of loss that sets forth, to the best of your knowledge and belief:

(1) the time and cause of loss;

(2) interest of the insured and all others in the property involved and all encumbrances on the property;

(3) other insurance which may cover the loss;

(4) changes in title or occupancy of the property during the terms of this policy;

(5) specifications of any damaged building and detailed estimates for repair of the damage;

(6) an inventory of damaged personal property described in 2.c.;

(7) receipts for additional living expenses incurred and records supporting the fair rental value loss; and

(8) evidence of affidavit supporting a claim under SECTION I – ADDITIONAL COVERAGES, Credit Card, Bank Fund Transfer Card, Forgery, and Counterfeit Money coverage, stating the amount and cause of loss.

## <u>TWENTIETH AFFIRMATIVE DEFENSE</u>

Defendant responds to the specific allegations of Plaintiff's Complaint as follows:

- 8 -

## PARTIES

1.

Upon information and belief, in response to Paragraph 1 of Plaintiff's Complaint, Defendant admits that Plaintiff is a resident of Woodstock, Georgia. Defendant further admits that it issued Policy Number 11-EP-C184-1 (the "Policy") to Plaintiff for the property located at 121 River Park Xing, Woodstock, Georgia (the "Property"). Defendant responds further that the terms and provisions of the Policy and applicable Georgia law speak for themselves and denies all allegations contained in Paragraph 1 in direct contradiction thereto. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 1 of Plaintiff's Complaint are denied, including, but not limited to, any allegations that the Policy provided unrestricted and/or unfettered insurance coverage, as all coverage under the Policy is subject to the terms and conditions of the Policy and applicable Georgia law.

2.

In response to the allegations contained in Paragraph 2 of Plaintiff's Complaint, Defendant admits only that it is a foreign insurance company, authorized to transact business in the State of Georgia, and in the business of selling insurance policies and that its registered agent is located at 2 Sun Court, Suite 400, Peachtree

Corners, Georgia 30092. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 2 of Plaintiff's Complaint are denied, including, but not limited to, any allegations that the insurance policy issued by Defendant provides unfettered and/or unrestricted insurance coverage. All coverage provided is subject to the terms and provisions of the Policy and applicable Georgia law.

## **JURISDICTION AND VENUE**

3.

In response to the allegations contained in Paragraph 3 of Plaintiff's Complaint, Defendant admits only that the State Court of Gwinnett County has jurisdiction over this matter and that the State Court of Gwinnett County is a proper venue in which to bring this matter, but denies all remaining allegations contained in Paragraph 3 of Plaintiff's Complaint, including, but not limited to, any allegations that the State Court of Gwinnett County is the only court having jurisdiction over this matter, that the State Court of Gwinnett County is the only venue in which this matter could be brought, and any allegations that Defendant breached its contract with Plaintiffs or otherwise acted in bad faith.

- 10 -

## FACTUAL BACKGROUND

### 4.

In response to the allegations contained in Paragraph 4 of Plaintiff's Complaint, Defendant admits only that the Plaintiff notified Defendant of the alleged water damage to the Property. Defendant admits further that Plaintiff made a claim pursuant to the Policy for the alleged water damage to the Property. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 4 of Plaintiff's Complaint are denied.

### 5.

Upon information and belief, Defendant admits only that Plaintiff retained Large Loss Public Adjuster, LLC as her public adjuster, and E&S Restoration Services to perform certain services at the Property. Except as otherwise herein admitted, all allegations contained in Paragraph 5 of Plaintiff's Complaint are herein denied.

### 6.

Defendant denies all allegations contained Paragraph 6 of Plaintiff's Complaint.

7.

All allegations contained in Paragraph 7 of Plaintiff's Complaint are denied, including, but not limited to, any allegations that Defendant failed to issue payment for covered damages to the Property pursuant to the terms and provisions of the Policy and applicable Georgia law, and that Defendant acted in bad faith in adjustment and handling of the Plaintiff's claim.

8.

All allegations contained in Paragraph 8 of Plaintiff's Complaint are denied, including, but not limited to, any allegations that Defendant failed to issue payment for covered damages to the Property pursuant to the terms and provisions of the Policy and applicable Georgia law, and that Defendant acted in bad faith in adjustment and handling of the Plaintiff's claim.

9.

In response to the allegations contained in Paragraph 9 of Plaintiff's Complaint, Defendant admits only that Defendant and representatives of Plaintiff exchanged communications during the claim, but states that these communications speak for themselves and denies any allegations contained in Paragraph 9 in direct contravention thereto. By admitting the communications occurred, Defendant is not admitting that the statements made therein are truthful or correct. Except as

otherwise herein admitted, all remaining allegations contained in Paragraph 9 of Plaintiff's Complaint are denied.

10.

In response to the allegations contained in Paragraph 10 of Plaintiff's Complaint, Defendant admits only that Defendant and representatives of Plaintiff exchanged communications during the claim, but states that these communications speak for themselves and denies any allegations contained in Paragraph 10 in direct contravention thereto. By admitting the communications occurred, Defendant is not admitting that the statements made therein are truthful or correct. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 10 of Plaintiff's Complaint are denied., including but not limited to that the documents submitted to Defendant represented the reasonable and necessary amount to repair the Property.

11.

In response to the allegations contained in Paragraph 11 of Plaintiff's Complaint, Defendant admits only that Defendant and representatives of Plaintiff exchanged communications during the claim, but states that these communications speak for themselves and denies any allegations contained in Paragraph 11 in direct contravention thereto. By admitting the communications occurred, Defendant is not

admitting that the statements made therein are truthful or correct. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 11 of Plaintiff's Complaint are denied.

12.

In response to the allegations contained in Paragraph 12 of Plaintiff's Complaint, Defendant admits only that Defendant and representatives of Plaintiff exchanged communications during the claim, but states that these communications speak for themselves and denies any allegations contained in Paragraph 12 in direct contravention thereto. By admitting the communications occurred, Defendant is not admitting that the statements made therein are truthful or correct.  Except as otherwise herein admitted, all remaining allegations contained in Paragraph 12 of Plaintiff's Complaint are denied.

13.

In response to the allegations contained in Paragraph 13 of Plaintiff's Complaint, Defendant admits only that Defendant and representatives of Plaintiff exchanged communications during the claim, but states that these communications speak for themselves and denies any allegations contained in Paragraph 13 in direct contravention thereto. By admitting the communications occurred, Defendant is not admitting that the statements made therein are truthful or correct. Except as

otherwise herein admitted, all remaining allegations contained in Paragraph 13 of Plaintiff's Complaint are denied.

14.

In response to the allegations contained in Paragraph 14 of Plaintiff's Complaint, Defendant admits only that Defendant and representatives of Plaintiff exchanged communications during the claim, but states that these communications speak for themselves and denies any allegations contained in Paragraph 14 in direct contravention thereto. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 14 of Plaintiff's Complaint are denied.

15.

In response to the allegations contained in Paragraph 15 of Plaintiff's Complaint, Defendant admits only that Defendant and representatives of Plaintiff exchanged communications during the claim, but states that these communications speak for themselves and denies any allegations contained in Paragraph 15 in direct contravention thereto. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 15 of Plaintiff's Complaint are denied.

16.

In response to the allegations contained in Paragraph 16 of Plaintiff's Complaint, Defendant admits only that Defendant and representatives of Plaintiff

exchanged communications during the claim, but states that these communications speak for themselves and denies any allegations contained in Paragraph 16 in direct contravention thereto. By admitting the communications occurred, Defendant is not admitting that the statements made therein are truthful or correct. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 16 of Plaintiff's Complaint are denied.

17.

In response to the allegations contained in Paragraph 17 of Plaintiff's Complaint, Defendant admits only that Defendant and representatives of Plaintiff exchanged communications during the claim, but states that these communications speak for themselves and denies any allegations contained in Paragraph 17 in direct contravention thereto. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 17 of Plaintiff's Complaint are denied.

18.

In response to the allegations contained in Paragraph 18 of Plaintiff's Complaint, Defendant admits only that Defendant retained HVACi in connection with the adjustment of Plaintiff's claim for water damage to the Property. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 18 of Plaintiff's Complaint are denied.

19.

In response to the allegations contained in Paragraph 19 of Plaintiff's Complaint, Defendant admits only that Defendant and representatives of Plaintiff exchanged communications during the claim, but states that these communications speak for themselves and denies any allegations contained in Paragraph 19 in direct contravention thereto. By admitting the communications occurred, Defendant is not admitting that the statements made therein are truthful or correct. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 19 of Plaintiff's Complaint are denied.

20.

In response to the allegations contained in Paragraph 20 of Plaintiff's Complaint, Defendant admits only that Defendant and representatives of Plaintiff exchanged communications during the claim, but states that these communications speak for themselves and denies any allegations contained in Paragraph 20 in direct contravention thereto. By admitting the communications occurred, Defendant is not admitting that the statements made therein are truthful or correct. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 20 of Plaintiff's Complaint are denied.

21.

In response to the allegations contained in Paragraph 21 of Plaintiff's Complaint, Defendant admits only that Defendant and representatives of Plaintiff exchanged communications during the claim, but states that these communications speak for themselves and denies any allegations contained in Paragraph 21 in direct contravention thereto. By admitting the communications occurred, Defendant is not admitting that the statements made therein are truthful or correct. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 21 of Plaintiff's Complaint are denied, including but not limited to that Defendant failed to issue payment for covered damages to the Property pursuant to the terms and provisions of the Policy and applicable Georgia law.

22.

In response to the allegations contained in Paragraph 22 of Plaintiff's Complaint, Defendant admits only that Defendant retained StrikeCheck in connection with the adjustment of Plaintiff's claim for water damage to the Property. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 22 of Plaintiff's Complaint are denied.

23.

Defendant is without sufficient information to admit the allegations contained in Paragraph 23 of Plaintiff's Complaint, therefore all allegations contained in Paragraph 23 of Plaintiff's Complaint are denied.

24.

Defendant denies all allegations contained in Paragraph 24 of Plaintiff's Complaint.

25.

Defendant denies all allegations contained in Paragraph 24 of Plaintiff's Complaint.

26.

Defendant denies all allegations contained in Paragraph 26 of Plaintiff's Complaint.

27.

Defendant is without sufficient information to admit the allegations contained in Paragraph 27 of Plaintiff's Complaint, therefore all allegations contained in Paragraph 27 of Plaintiff's Complaint are denied.

28.

Defendant is without sufficient information to admit the allegations contained in Paragraph 28 of Plaintiff's Complaint, therefore all allegations contained in Paragraph 28 of Plaintiff's Complaint are denied.

29.

Defendant is without sufficient information to admit the allegations contained in Paragraph 29 of Plaintiff's Complaint, therefore all allegations contained in Paragraph 29 of Plaintiff's Complaint are denied.

30.

Defendant is without sufficient information to admit the allegations contained in Paragraph 30 of Plaintiff's Complaint, therefore all allegations contained in Paragraph 30 of Plaintiff's Complaint are denied.

31.

In response to the allegations contained in Paragraph 31 of Plaintiff's Complaint, Defendant admits only that Defendant and representatives of Plaintiff exchanged communications during the claim, but states that these communications speak for themselves and denies any allegations contained in Paragraph 31 in direct contravention thereto. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 31 of Plaintiff's Complaint are denied.

32.

In response to the allegations contained in Paragraph 32 of Plaintiff's Complaint, Defendant admits only that Defendant and representatives of Plaintiff exchanged communications during the claim, but states that these communications speak for themselves and denies any allegations contained in Paragraph 32 in direct contravention thereto. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 32 of Plaintiff's Complaint are denied.

33.

All allegations contained in Paragraph 33 of Plaintiff's Complaint are denied, including, but not limited to, any allegations that Defendant failed to issue payment for covered damages to the Property pursuant to the terms and provisions of the Policy and applicable Georgia law, and that Defendant acted in bad faith in adjustment and handling of the Plaintiff's claim.

34.

Defendant is without sufficient information to admit the allegations contained in Paragraph 34 of Plaintiff's Complaint, therefore all allegations contained in Paragraph 34 of Plaintiff's Complaint are denied.

35.

Defendant is without sufficient information to admit the allegations contained in Paragraph 35 of Plaintiff's Complaint, therefore all allegations contained in Paragraph 35 of Plaintiff's Complaint are denied.

36.

Defendant is without sufficient information to admit the allegations contained in Paragraph 36 of Plaintiff's Complaint, therefore all allegations contained in Paragraph 36 of Plaintiff's Complaint are denied.

37.

Defendant is without sufficient information to admit the allegations contained in Paragraph 37 of Plaintiff's Complaint, therefore all allegations contained in Paragraph 37 of Plaintiff's Complaint are denied.

38.

All allegations contained in Paragraph 38 of Plaintiff's Complaint are denied, including, but not limited to, any allegations that Defendant failed to issue payment for covered damages to the Property pursuant to the terms and provisions of the Policy and applicable Georgia law, and that Defendant acted in bad faith in adjustment and handling of the Plaintiff's claim.

39.

Defendant admits the allegations contained in Paragraph 39 of Plaintiff's Complaint but states that Defendant provided Plaintiff with a copy of the insurance Policy that was in effect at the time of the loss.

40.

Defendant admits the allegations contained in Paragraph 40 of Plaintiff's Complaint.

41.

In response to the allegations contained in Paragraph 41 of Plaintiff's Complaint, Defendant admits only that Defendant and representatives of Plaintiff exchanged communications during the claim, but states that these communications speak for themselves and denies any allegations contained in Paragraph 41 in direct contravention thereto. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 41 of Plaintiff's Complaint are denied.

42.

All allegations contained in Paragraph 42 of Plaintiff's Complaint are denied, including, but not limited to, any allegations that Defendant failed to issue payment for covered damages to the Property pursuant to the terms and provisions of the

Policy and applicable Georgia law, and that Defendant acted in bad faith in adjustment and handling of the Plaintiff's claim.

43.

Defendant is without sufficient information to admit the allegations contained in Paragraph 43 of Plaintiff's Complaint, therefore all allegations contained in Paragraph 43 of Plaintiff's Complaint are denied.

44.

All allegations contained in Paragraph 44 of Plaintiff's Complaint are denied, including, but not limited to, any allegations that Defendant failed to issue payment for covered damages to the Property pursuant to the terms and provisions of the Policy and applicable Georgia law, and that Defendant acted in bad faith in adjustment and handling of the Plaintiff's claim.

45.

In response to the allegations contained in Paragraph 45 of Plaintiff's Complaint, Defendant admits that Plaintiff's representative provided an incomplete Proof of Loss to is on or about February 10, 2022. Except as herein admitted, all remaining allegations contained in Paragraph 45 of Plaintiff's Complaint are denied.

46.

In response to the allegations contained in Paragraph 46 of Plaintiff's Complaint, Defendant admits only that Defendant and representatives of Plaintiff exchanged communications during the claim, but states that these communications speak for themselves and denies any allegations contained in Paragraph 46 in direct contravention thereto. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 46 of Plaintiff's Complaint are denied.

47.

In response to the allegations contained in Paragraph 47 of Plaintiff's Complaint, Defendant admits only that Defendant and representatives of Plaintiff exchanged communications during the claim, but states that these communications speak for themselves and denies any allegations contained in Paragraph 47 in direct contravention thereto. By admitting the communications occurred, Defendant is not admitting that the statements made therein are truthful or correct. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 47 of Plaintiff's Complaint are denied.

48.

In response to the allegations contained in Paragraph 48 of Plaintiff's Complaint, Defendant admits only that Defendant and representatives of Plaintiff

exchanged communications during the claim, but states that these communications speak for themselves and denies any allegations contained in Paragraph 48 in direct contravention thereto. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 48 of Plaintiff's Complaint are denied.

49.

All allegations contained in Paragraph 49 of Plaintiff's Complaint are denied, including, but not limited to, any allegations that Defendant failed to issue payment for covered damages to the Property pursuant to the terms and provisions of the Policy and applicable Georgia law, and that Defendant acted in bad faith in adjustment and handling of the Plaintiff's claim.

50.

Defendant admits the allegations contained in Paragraph 50 of Plaintiff's Complaint.

51.

In response to the allegations contained in Paragraph 51 of Plaintiff's Complaint, Defendant admits only that Defendant and representatives of Plaintiff exchanged communications during the claim, but states that these communications speak for themselves and denies any allegations contained in Paragraph 51 in direct contravention thereto. By admitting the communications occurred, Defendant is not

admitting that the statements made therein are truthful or correct. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 51 of Plaintiff's Complaint are denied.

52.

In response to the allegations contained in Paragraph 52 of Plaintiff's Complaint, Defendant admits only that Defendant and representatives of Plaintiff exchanged communications during the claim, but states that these communications speak for themselves and denies any allegations contained in Paragraph 52 in direct contravention thereto. By admitting the communications occurred, Defendant is not admitting that the statements made therein are truthful or correct. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 52 of Plaintiff's Complaint are denied.

53.

In response to the allegations contained in Paragraph 53 of Plaintiff's Complaint, Defendant admits only that Defendant and representatives of Plaintiff exchanged communications during the claim, but states that these communications speak for themselves and denies any allegations contained in Paragraph 53 in direct contravention thereto. By admitting the communications occurred, Defendant is not admitting that the statements made therein are truthful or correct. Except as

otherwise herein admitted, all remaining allegations contained in Paragraph 53 of Plaintiff's Complaint are denied.

54.

In response to the allegations contained in Paragraph 54 of Plaintiff's Complaint, Defendant admits only that Defendant and representatives of Plaintiff exchanged communications during the claim, but states that these communications speak for themselves and denies any allegations contained in Paragraph 54 in direct contravention thereto. By admitting the communications occurred, Defendant is not admitting that the statements made therein are truthful or correct. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 54 of Plaintiff's Complaint are denied.

55.

In response to the allegations contained in Paragraph 55 of Plaintiff's Complaint, Defendant admits only that Defendant and representatives of Plaintiff exchanged communications during the claim, but states that these communications speak for themselves and denies any allegations contained in Paragraph 55 in direct contravention thereto. By admitting the communications occurred, Defendant is not admitting that the statements made therein are truthful or correct. Except as

otherwise herein admitted, all remaining allegations contained in Paragraph 55 of Plaintiff's Complaint are denied.

56.

In response to the allegations contained in Paragraph 56 of Plaintiff's Complaint, Defendant admits only that Defendant and representatives of Plaintiff exchanged communications during the claim, but states that these communications speak for themselves and denies any allegations contained in Paragraph 56 in direct contravention thereto. By admitting the communications occurred, Defendant is not admitting that the statements made therein are truthful or correct. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 56 of Plaintiff's Complaint are denied.

57.

In response to the allegations contained in Paragraph 50 of Plaintiff's Complaint, Defendant admits only that Defendant and representatives of Plaintiff exchanged communications during the claim, but states that these communications speak for themselves and denies any allegations contained in Paragraph 50 in direct contravention thereto. By admitting the communications occurred, Defendant is not admitting that the statements made therein are truthful or correct. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 50 of

Plaintiff's Complaint are denied, including, but not limited to, any allegations that Defendant failed to issue payment for covered damages to the Property pursuant to the terms and provisions of the Policy and applicable Georgia law, and that Defendant acted in bad faith in adjustment and handling of the Plaintiff's claim.

58.

All allegations contained in Paragraph 58 of Plaintiff's Complaint are denied, including, but not limited to, any allegations that Defendant failed to issue payment for covered damages to the Property pursuant to the terms and provisions of the Policy and applicable Georgia law, and that Defendant acted in bad faith in adjustment and handling of the Plaintiff's claim.

59.

In response to the allegations contained in Paragraph 59 of Plaintiff's Complaint, Defendant admits only that Defendant prepared estimates for the covered damage to the Property and that the estimate forms contain the language cited in Plaintiff's Complaint, but states that the estimates speak for themselves and must be read in their entirety, and denies any allegations contained in Paragraph 59 in direct contravention thereto. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 59 of Plaintiff's Complaint are denied, including, but not limited to, any allegations that Defendant failed to issue payment for covered

damages to the Property pursuant to the terms and provisions of the Policy and applicable Georgia law, and that Defendant acted in bad faith in adjustment and handling of the Plaintiff's claim.

60.

All allegations contained in Paragraph 60 of Plaintiff's Complaint are denied, including, but not limited to, any allegations that Defendant failed to issue payment for covered damages to the Property pursuant to the terms and provisions of the Policy and applicable Georgia law, and that Defendant acted in bad faith in adjustment and handling of the Plaintiff's claim.

61.

In response to the allegations contained in Paragraph 61 of Plaintiff's Complaint, Defendant admits only that Defendant and representatives of Plaintiff exchanged communications during the claim, but states that these communications speak for themselves and denies any allegations contained in Paragraph 61 in direct contravention thereto. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 61 of Plaintiff's Complaint are denied.

62.

In response to the allegations contained in Paragraph 62 of Plaintiff's Complaint, Defendant admits only that Defendant prepared estimates for the covered

damage to the Property, but states that the estimates speak for themselves and denies any allegations contained in Paragraph 62 in direct contravention thereto. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 62 of Plaintiff's Complaint are denied, including, but not limited to, any allegations that Defendant failed to issue payment for covered damages to the Property pursuant to the terms and provisions of the Policy and applicable Georgia law, and that Defendant acted in bad faith in adjustment and handling of the Plaintiff's claim.

63.

In response to the allegations contained in Paragraph 63 of Plaintiff's Complaint, Defendant admits only that Defendant and representatives of Plaintiff exchanged communications during the claim, but states that these communications speak for themselves and denies any allegations contained in Paragraph 63 in direct contravention thereto. By admitting the communications occurred, Defendant is not admitting that the statements made therein are truthful or correct. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 63 of Plaintiff's Complaint are denied, including, but not limited to, any allegations that Defendant failed to issue payment for covered damages to the Property pursuant to the terms and provisions of the Policy and applicable Georgia law, and that Defendant acted in bad faith in adjustment and handling of the Plaintiff's claim.

64.

In response to the allegations contained in Paragraph 64 of Plaintiff's Complaint, Defendant admits only that Defendant and representatives of Plaintiff exchanged communications during the claim, but states that these communications speak for themselves and denies any allegations contained in Paragraph 64 in direct contravention thereto. By admitting the communications occurred, Defendant is not admitting that the statements made therein are truthful or correct. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 64 of Plaintiff's Complaint are denied, including, but not limited to, any allegations that Defendant failed to issue payment for covered damages to the Property pursuant to the terms and provisions of the Policy and applicable Georgia law, that Defendant failed to conduct a full and thorough investigation of Plaintiff's Claim, and that Defendant acted in bad faith in adjustment and handling of the Plaintiff's claim.

65.

In response to the allegations contained in Paragraph 65 of Plaintiff's Complaint, Defendant admits only that Defendant and representatives of Plaintiff exchanged communications during the claim, but states that these communications speak for themselves and denies any allegations contained in Paragraph 65 in direct contravention thereto. Except as otherwise herein admitted, all remaining allegations

contained in Paragraph 65 of Plaintiff's Complaint are denied, including, but not limited to, any allegations that Defendant failed to issue payment for covered damages to the Property pursuant to the terms and provisions of the Policy and applicable Georgia law, and that Defendant acted in bad faith in adjustment and handling of the Plaintiff's claim.

66.

In response to the allegations contained in Paragraph 66 of Plaintiff's Complaint, Defendant admits only that Defendant and representatives of Plaintiff exchanged communications during the claim, but states that these communications speak for themselves and denies any allegations contained in Paragraph 66 in direct contravention thereto. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 66 of Plaintiff's Complaint are denied, including, but not limited to, any allegations that Defendant failed to issue payment for covered damages to the Property pursuant to the terms and provisions of the Policy and applicable Georgia law, that Defendant failed to provide the full and complete HVAC evaluation report to Plaintiff, and that Defendant acted in bad faith in adjustment and handling of the Plaintiff's claim.

67.

In response to the allegations contained in Paragraph 67 of Plaintiff's Complaint, Defendant admits only that Defendant and representatives of Plaintiff exchanged communications during the claim, but states that these communications speak for themselves and denies any allegations contained in Paragraph 67 in direct contravention thereto. By admitting the communications occurred, Defendant is not admitting that the statements made therein are truthful or correct. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 67 of Plaintiff's Complaint are denied, including, but not limited to, any allegations that Defendant failed to issue payment for covered damages to the Property pursuant to the terms and provisions of the Policy and applicable Georgia law, and that Defendant acted in bad faith in adjustment and handling of the Plaintiff's claim.

68.

All allegations contained in Paragraph 68 of Plaintiff's Complaint are denied, including, but not limited to, any allegations that Defendant failed to issue payment for covered damages to the Property pursuant to the terms and provisions of the Policy and applicable Georgia law, and that Defendant acted in bad faith in adjustment and handling of the Plaintiff's claim.

69.

In response to the allegations contained in Paragraph 69 of Plaintiff's Complaint, Defendant admits only that Defendant and representatives of Plaintiff exchanged communications during the claim, but states that these communications speak for themselves and denies any allegations contained in Paragraph 69 in direct contravention thereto. By admitting the communications occurred, Defendant is not admitting that the statements made therein are truthful or correct. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 69 of Plaintiff's Complaint are denied, including, but not limited to, any allegations that Defendant failed to issue payment for covered damages to the Property pursuant to the terms and provisions of the Policy and applicable Georgia law, and that Defendant acted in bad faith in adjustment and handling of the Plaintiff's claim.

70.

In response to the allegations contained in Paragraph 70 of Plaintiff's Complaint, Defendant admits only that Defendant and representatives of Plaintiff exchanged communications during the claim, but states that these communications speak for themselves and denies any allegations contained in Paragraph 70 in direct contravention thereto. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 70 of Plaintiff's Complaint are denied, including, but not

limited to, any allegations that Defendant failed to issue payment for covered damages to the Property pursuant to the terms and provisions of the Policy and applicable Georgia law, and that Defendant acted in bad faith in adjustment and handling of the Plaintiff's claim.

71.

In response to the allegations contained in Paragraph 71 of Plaintiff's Complaint, Defendant admits only that Defendant and representatives of Plaintiff exchanged communications during the claim, but states that these communications speak for themselves and denies any allegations contained in Paragraph 71 in direct contravention thereto. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 71 of Plaintiff's Complaint are denied.

72.

In response to the allegations contained in Paragraph 72 of Plaintiff's Complaint, Defendant admits only that Defendant and representatives of Plaintiff exchanged communications during the claim, but states that these communications speak for themselves and denies any allegations contained in Paragraph 72 in direct contravention thereto. By admitting the communications occurred, Defendant is not admitting that the statements made therein are truthful or correct. Except as

otherwise herein admitted, all remaining allegations contained in Paragraph 72 of Plaintiff's Complaint are denied.

73.

In response to the allegations contained in Paragraph 73 of Plaintiff's Complaint, Defendant admits only that Plaintiff permitted Defendant to inspect Plaintiff's personal property items, but states that Defendant was unable to complete its inspection due to weather conditions and conditions at the storage facility. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 73 of Plaintiff's Complaint are denied, including, but not limited to, any allegations that Defendant failed to issue payment for covered damages to the Property pursuant to the terms and provisions of the Policy and applicable Georgia law, and that Defendant acted in bad faith in adjustment and handling of the Plaintiff's claim.

74.

In response to the allegations contained in Paragraph 74 of Plaintiff's Complaint, Defendant admits only that Defendant and representatives of Plaintiff exchanged communications during the claim, but states that these communications speak for themselves and denies any allegations contained in Paragraph 74 in direct contravention thereto. By admitting the communications occurred, Defendant is not admitting that the statements made therein are truthful or correct. Except as

otherwise herein admitted, all remaining allegations contained in Paragraph 74 of Plaintiff's Complaint are denied, including, but not limited to, any allegations that Defendant failed to issue payment for covered damages to the Property pursuant to the terms and provisions of the Policy and applicable Georgia law, and that Defendant acted in bad faith in adjustment and handling of the Plaintiff's claim.

75.

In response to the allegations contained in Paragraph 75 of Plaintiff's Complaint, Defendant admits only that Defendant and representatives of Plaintiff exchanged communications during the claim, but states that these communications speak for themselves and denies any allegations contained in Paragraph 75 in direct contravention thereto. By admitting the communications occurred, Defendant is not admitting that the statements made therein are truthful or correct. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 75 of Plaintiff's Complaint are denied.

76.

In response to the allegations contained in Paragraph 76 of Plaintiff's Complaint, Defendant admits only that Defendant and representatives of Plaintiff exchanged communications during the claim, but states that these communications speak for themselves and denies any allegations contained in Paragraph 76 in direct

contravention thereto. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 76 of Plaintiff's Complaint are denied.

77.

In response to the allegations contained in Paragraph 77 of Plaintiff's Complaint, Defendant admits only that Defendant and representatives of Plaintiff exchanged communications during the claim, but states that these communications speak for themselves and denies any allegations contained in Paragraph 77 in direct contravention thereto. By admitting the communications occurred, Defendant is not admitting that the statements made therein are truthful or correct. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 77 of Plaintiff's Complaint are denied.

78.

In response to the allegations contained in Paragraph 78 of Plaintiff's Complaint, Defendant admits only that Defendant and representatives of Plaintiff exchanged communications during the claim, but states that these communications speak for themselves and denies any allegations contained in Paragraph 78 in direct contravention thereto. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 78 of Plaintiff's Complaint are denied.

79.

In response to the allegations contained in Paragraph 79 of Plaintiff's Complaint, Defendant admits only that Defendant and representatives of Plaintiff exchanged communications during the claim, but states that these communications speak for themselves and denies any allegations contained in Paragraph 79 in direct contravention thereto. By admitting the communications occurred, Defendant is not admitting that the statements made therein are truthful or correct. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 79 of Plaintiff's Complaint are denied.

80.

In response to the allegations contained in Paragraph 80 of Plaintiff's Complaint, Defendant admits only that Plaintiff permitted Defendant to inspect Plaintiff's personal property items, but states that Defendant was unable to complete its inspection due to weather conditions and conditions at the storage facility. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 80 of Plaintiff's Complaint are denied, including, but not limited to, any allegations that Defendant failed to issue payment for covered damages to the Property pursuant to the terms and provisions of the Policy and applicable Georgia law, and that Defendant acted in bad faith in adjustment and handling of the Plaintiff's claim.

81.

In response to the allegations contained in Paragraph 81 of Plaintiff's Complaint, Defendant admits only that Defendant and representatives of Plaintiff exchanged communications during the claim, but states that these communications speak for themselves and denies any allegations contained in Paragraph 81 in direct contravention thereto. By admitting the communications occurred, Defendant is not admitting that the statements made therein are truthful or correct. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 81 of Plaintiff's Complaint are denied.

82.

In response to the allegations contained in Paragraph 82 of Plaintiff's Complaint, Defendant admits only that Defendant and representatives of Plaintiff exchanged communications during the claim, but states that these communications speak for themselves and denies any allegations contained in Paragraph 82 in direct contravention thereto. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 82 of Plaintiff's Complaint are denied, including, but not limited to, any allegations that Defendant failed to issue payment for covered damages to the Property pursuant to the terms and provisions of the

Policy and applicable Georgia law, and that Defendant acted in bad faith in adjustment and handling of the Plaintiff's claim.

83.

In response to the allegations contained in Paragraph 83 of Plaintiff's Complaint, Defendant admits only that Defendant and representatives of Plaintiff exchanged communications during the claim, but states that these communications speak for themselves and denies any allegations contained in Paragraph 83 in direct contravention thereto. By admitting the communications occurred, Defendant is not admitting that the statements made therein are truthful or correct. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 83 of Plaintiff's Complaint are denied, including, but not limited to, any allegations that Defendant failed to issue payment for covered damages to the Property pursuant to the terms and provisions of the Policy and applicable Georgia law, that Defendant failed to complete a full and thorough investigation of Plaintiff's Claim, and that Defendant acted in bad faith in adjustment and handling of the Plaintiff's claim.

84.

In response to the allegations contained in Paragraph 84 of Plaintiff's Complaint, Defendant admits only that Defendant and representatives of Plaintiff exchanged communications during the claim, but states that these communications

speak for themselves and denies any allegations contained in Paragraph 84 in direct contravention thereto. By admitting the communications occurred, Defendant is not admitting that the statements made therein are truthful or correct.   Except as otherwise herein admitted, all remaining allegations contained in Paragraph 84 of Plaintiff's Complaint are denied, including, but not limited to, any allegations that Defendant failed to issue payment for covered damages to the Property pursuant to the terms and provisions of the Policy and applicable Georgia law, that Defendant failed to complete a full and thorough investigation of Plaintiff's Claim, and that Defendant acted in bad faith in adjustment and handling of the Plaintiff's claim.

85.

In response to the allegations contained in Paragraph 85 of Plaintiff's Complaint, Defendant admits only that Defendant and representatives of Plaintiff exchanged communications during the claim, but states that these communications speak for themselves and denies any allegations contained in Paragraph 85 in direct contravention thereto. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 85 of Plaintiff's Complaint are denied.

86.

In response to the allegations contained in Paragraph 86 of Plaintiff's Complaint, Defendant admits only that Defendant and representatives of Plaintiff

exchanged communications during the claim, but states that these communications speak for themselves and denies any allegations contained in Paragraph 86 in direct contravention thereto. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 86 of Plaintiff's Complaint are denied.

87.

In response to the allegations contained in Paragraph 87 of Plaintiff's Complaint, Defendant admits only that Defendant and representatives of Plaintiff exchanged communications during the claim, but states that these communications speak for themselves and denies any allegations contained in Paragraph 87 in direct contravention thereto. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 87 of Plaintiff's Complaint are denied.

88.

In response to the allegations contained in Paragraph 88 of Plaintiff's Complaint, Defendant admits only that Defendant and representatives of Plaintiff exchanged communications during the claim, but states that these communications speak for themselves and denies any allegations contained in Paragraph 88 in direct contravention thereto. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 88 of Plaintiff's Complaint are denied.

89.

In response to the allegations contained in Paragraph 89 of Plaintiff's Complaint, Defendant admits only that Defendant and representatives of Plaintiff exchanged communications during the claim, but states that these communications speak for themselves and denies any allegations contained in Paragraph 89 in direct contravention thereto. By admitting the communications occurred, Defendant is not admitting that the statements made therein are truthful or correct. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 89 of Plaintiff's Complaint are denied, including, but not limited to, any allegations that Defendant failed to issue payment for covered damages to the Property pursuant to the terms and provisions of the Policy and applicable Georgia law, that Defendant failed to complete a full and thorough investigation of Plaintiff's Claim, and that Defendant acted in bad faith in adjustment and handling of the Plaintiff's claim.

90.

In response to the allegations contained in Paragraph 90 of Plaintiff's Complaint, Defendant admits only that Defendant and representatives of Plaintiff exchanged communications during the claim, but states that these communications speak for themselves and denies any allegations contained in Paragraph 90 in direct contravention thereto. By admitting the communications occurred, Defendant is not

admitting that the statements made therein are truthful or correct. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 90 of Plaintiff's Complaint are denied, including, but not limited to, any allegations that Defendant failed to issue payment for covered damages to the Property pursuant to the terms and provisions of the Policy and applicable Georgia law, and that Defendant acted in bad faith in adjustment and handling of the Plaintiff's claim.

91.

In response to the allegations contained in Paragraph 91 of Plaintiff's Complaint, Defendant admits only that Defendant and representatives of Plaintiff exchanged communications during the claim, but states that these communications and Defendant's estimate for the repair of the covered damages to Plaintiff's Property speaks for themselves and denies any allegations contained in Paragraph 91 in direct contravention thereto. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 91 of Plaintiff's Complaint are denied, including, but not limited to, any allegations that Defendant failed to issue payment for covered damages to the Property pursuant to the terms and provisions of the Policy and applicable Georgia law, and that Defendant acted in bad faith in adjustment and handling of the Plaintiff's claim.

92.

In response to the allegations contained in Paragraph 92 of Plaintiff's Complaint, Defendant admits only that Defendant and representatives of Plaintiff exchanged communications during the claim, but states that these communications speak for themselves and denies any allegations contained in Paragraph 92 in direct contravention thereto. By admitting the communications occurred, Defendant is not admitting that the statements made therein are truthful or correct. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 92 of Plaintiff's Complaint are denied, including, but not limited to, any allegations that Defendant failed to issue payment for covered damages to the Property pursuant to the terms and provisions of the Policy and applicable Georgia law, that Defendant failed to complete a full and thorough investigation of Plaintiff's Claim, and that Defendant acted in bad faith in adjustment and handling of the Plaintiff's claim.

93.

In response to the allegations contained in Paragraph 93 of Plaintiff's Complaint, Defendant admits only that Defendant and representatives of Plaintiff exchanged communications during the claim, but states that these communications speak for themselves and denies any allegations contained in Paragraph 93 in direct contravention thereto. By admitting the communications occurred, Defendant is not

admitting that the statements made therein are truthful or correct. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 93 of Plaintiff's Complaint are denied, including, but not limited to, any allegations that Defendant failed to issue payment for covered damages to the Property pursuant to the terms and provisions of the Policy and applicable Georgia law, and that Defendant acted in bad faith in adjustment and handling of the Plaintiff's claim.

94.

All allegations contained in Paragraph 68 of Plaintiff's Complaint are denied, including, but not limited to, any allegations that Defendant failed to issue payment for covered damages to the Property pursuant to the terms and provisions of the Policy and applicable Georgia law, that Defendant failed to complete a full and thorough investigation of Plaintiff's Claim, and that Defendant acted in bad faith in adjustment and handling of the Plaintiff's claim.

95.

In response to the allegations contained in Paragraph 95 of Plaintiff's Complaint, Defendant admits only that Defendant and representatives of Plaintiff exchanged communications during the claim, but states that these communications speak for themselves and denies any allegations contained in Paragraph 95 in direct contravention thereto. By admitting the communications occurred, Defendant is not

admitting that the statements made therein are truthful or correct. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 95 of Plaintiff's Complaint are denied, including, but not limited to, any allegations that Defendant failed to issue payment for covered damages to the Property pursuant to the terms and provisions of the Policy and applicable Georgia law, that Defendant failed to complete a full and thorough investigation of Plaintiff's Claim, and that Defendant acted in bad faith in adjustment and handling of the Plaintiff's claim.

96.

In response to the allegations contained in Paragraph 96 of Plaintiff's Complaint, Defendant admits only that Defendant and representatives of Plaintiff exchanged communications during the claim, but states that these communications speak for themselves and denies any allegations contained in Paragraph 96 in direct contravention thereto. By admitting the communications occurred, Defendant is not admitting that the statements made therein are truthful or correct. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 96 of Plaintiff's Complaint are denied, including, but not limited to, any allegations that Defendant failed to issue payment for covered damages to the Property pursuant to the terms and provisions of the Policy and applicable Georgia law, that Defendant

failed to complete a full and thorough investigation of Plaintiff's Claim, and that Defendant acted in bad faith in adjustment and handling of the Plaintiff's claim.

97.

In response to the allegations contained in Paragraph 97 of Plaintiff's Complaint, Defendant admits only that Defendant and representatives of Plaintiff exchanged communications during the claim, but states that these communications speak for themselves and denies any allegations contained in Paragraph 97 in direct contravention thereto. By admitting the communications occurred, Defendant is not admitting that the statements made therein are truthful or correct. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 97 of Plaintiff's Complaint are denied, including, but not limited to, any allegations that Defendant failed to issue payment for covered damages to the Property pursuant to the terms and provisions of the Policy and applicable Georgia law, that Defendant failed to complete a full and thorough investigation of Plaintiff's Claim, and that Defendant acted in bad faith in adjustment and handling of the Plaintiff's claim.

98.

In response to the allegations contained in Paragraph 98 of Plaintiff's Complaint, Defendant admits only that Defendant and representatives of Plaintiff exchanged communications during the claim, but states that these communications

speak for themselves and denies any allegations contained in Paragraph 98 in direct contravention thereto. By admitting the communications occurred, Defendant is not admitting that the statements made therein are truthful or correct. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 98 of Plaintiff's Complaint are denied, including, but not limited to, any allegations that Defendant failed to issue payment for covered damages to the Property pursuant to the terms and provisions of the Policy and applicable Georgia law, that Defendant failed to complete a full and thorough investigation of Plaintiff's Claim, and that Defendant acted in bad faith in adjustment and handling of the Plaintiff's claim.

99.

In response to the allegations contained in Paragraph 99 of Plaintiff's Complaint, Defendant admits only that Defendant and representatives of Plaintiff exchanged communications during the claim, but states that these communications speak for themselves and denies any allegations contained in Paragraph 99 in direct contravention thereto. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 99 of Plaintiff's Complaint are denied, including, but not limited to, any allegations that Defendant failed to issue payment for covered damages to the Property pursuant to the terms and provisions of the Policy and applicable Georgia law, that Defendant failed to complete a full and

thorough investigation of Plaintiff's Claim, and that Defendant acted in bad faith in adjustment and handling of the Plaintiff's claim.

100.

In response to the allegations contained in Paragraph 100 of Plaintiff's Complaint, Defendant admits only that Defendant and representatives of Plaintiff exchanged communications during the claim, but states that these communications speak for themselves and denies any allegations contained in Paragraph 100 in direct contravention thereto. By admitting the communications occurred, Defendant is not admitting that the statements made therein are truthful or correct.   Except as otherwise herein admitted, all remaining allegations contained in Paragraph 100 of Plaintiff's Complaint are denied, including, but not limited to, any allegations that Defendant failed to issue payment for covered damages to the Property pursuant to the terms and provisions of the Policy and applicable Georgia law, that Defendant failed to complete a full and thorough investigation of Plaintiff's Claim, and that Defendant acted in bad faith in adjustment and handling of the Plaintiff's claim.

101.

In response to the allegations contained in Paragraph 101 of Plaintiff's Complaint, Defendant admits only that Defendant and representatives of Plaintiff exchanged communications during the claim, but states that these communications

speak for themselves and denies any allegations contained in Paragraph 101 in direct contravention thereto. By admitting the communications occurred, Defendant is not admitting that the statements made therein are truthful or correct. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 101 of Plaintiff's Complaint are denied, including, but not limited to, any allegations that Defendant failed to issue payment for covered damages to the Property pursuant to the terms and provisions of the Policy and applicable Georgia law, that Defendant failed to complete a full and thorough investigation of Plaintiff's Claim, and that Defendant acted in bad faith in adjustment and handling of the Plaintiff's claim.

102.

In response to the allegations contained in Paragraph 102 of Plaintiff's Complaint, Defendant admits only that Defendant and representatives of Plaintiff exchanged communications during the claim, but states that these communications speak for themselves and denies any allegations contained in Paragraph 102 in direct contravention thereto. By admitting the communications occurred, Defendant is not admitting that the statements made therein are truthful or correct. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 102 of Plaintiff's Complaint are denied, including, but not limited to, any allegations that Defendant failed to issue payment for covered damages to the Property pursuant to

the terms and provisions of the Policy and applicable Georgia law, that Defendant failed to complete a full and thorough investigation of Plaintiff's Claim, and that Defendant acted in bad faith in adjustment and handling of the Plaintiff's claim.

103.

In response to the allegations contained in Paragraph 103 of Plaintiff's Complaint, Defendant admits only that Defendant and representatives of Plaintiff exchanged communications during the claim, but states that these communications speak for themselves and denies any allegations contained in Paragraph 103 in direct contravention thereto. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 103 of Plaintiff's Complaint are denied, including, but not limited to, any allegations that Defendant failed to issue payment for covered damages to the Property pursuant to the terms and provisions of the Policy and applicable Georgia law, that Defendant failed to complete a full and thorough investigation of Plaintiff's Claim, and that Defendant acted in bad faith in adjustment and handling of the Plaintiff's claim.

104.

In response to the allegations contained in Paragraph 104 of Plaintiff's Complaint, Defendant admits only that Defendant and representatives of Plaintiff exchanged communications during the claim, but states that these communications

speak for themselves and denies any allegations contained in Paragraph 104 in direct contravention thereto. By admitting the communications occurred, Defendant is not admitting that the statements made therein are truthful or correct. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 104 of Plaintiff's Complaint are denied, including, but not limited to, any allegations that Defendant failed to issue payment for covered damages to the Property pursuant to the terms and provisions of the Policy and applicable Georgia law, that Defendant failed to complete a full and thorough investigation of Plaintiff's Claim, and that Defendant acted in bad faith in adjustment and handling of the Plaintiff's claim.

105.

In response to the allegations contained in Paragraph 105 of Plaintiff's Complaint, Defendant admits only that Defendant and representatives of Plaintiff exchanged communications during the claim, but states that these communications speak for themselves and denies any allegations contained in Paragraph 105 in direct contravention thereto. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 105 of Plaintiff's Complaint are denied, including, but not limited to, any allegations that Defendant failed to issue payment for covered damages to the Property pursuant to the terms and provisions of the Policy and applicable Georgia law, that Defendant failed to complete a full and

thorough investigation of Plaintiff's Claim, and that Defendant acted in bad faith in adjustment and handling of the Plaintiff's claim.

106.

In response to the allegations contained in Paragraph 106 of Plaintiff's Complaint, Defendant admits only that Defendant and representatives of Plaintiff exchanged communications during the claim, but states that these communications speak for themselves and denies any allegations contained in Paragraph 106 in direct contravention thereto. By admitting the communications occurred, Defendant is not admitting that the statements made therein are truthful or correct. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 106 of Plaintiff's Complaint are denied, including, but not limited to, any allegations that Defendant failed to issue payment for covered damages to the Property pursuant to the terms and provisions of the Policy and applicable Georgia law, that Defendant failed to complete a full and thorough investigation of Plaintiff's Claim, and that Defendant acted in bad faith in adjustment and handling of the Plaintiff's claim.

107.

In response to the allegations contained in Paragraph 107 of Plaintiff's Complaint, Defendant admits only that Defendant and representatives of Plaintiff exchanged communications during the claim, but states that these communications

speak for themselves and denies any allegations contained in Paragraph 107 in direct contravention thereto. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 107 of Plaintiff's Complaint are denied, including, but not limited to, any allegations that Defendant failed to issue payment for covered damages to the Property pursuant to the terms and provisions of the Policy and applicable Georgia law, that Defendant failed to complete a full and thorough investigation of Plaintiff's Claim, and that Defendant acted in bad faith in adjustment and handling of the Plaintiff's claim.

108.

In response to the allegations contained in Paragraph 108 of Plaintiff's Complaint, Defendant admits only that Defendant and representatives of Plaintiff exchanged communications during the claim, but states that these communications speak for themselves and denies any allegations contained in Paragraph 108 in direct contravention thereto. By admitting the communications occurred, Defendant is not admitting that the statements made therein are truthful or correct. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 108 of Plaintiff's Complaint are denied, including, but not limited to, any allegations that Defendant failed to issue payment for covered damages to the Property pursuant to the terms and provisions of the Policy and applicable Georgia law, that Defendant

failed to complete a full and thorough investigation of Plaintiff's Claim, and that Defendant acted in bad faith in adjustment and handling of the Plaintiff's claim.

## COUNT I – BREACH OF CONTRACT

109.

Defendant denies all allegations contained in Count I of Plaintiff's Complaint.

110.

Defendant denies all allegations contained in Plaintiff's Prayer for Relief.

111.

Except as otherwise herein admitted, Defendant denies all remaining allegations contained in Plaintiff's Complaint.

WHEREFORE, having fully answered, Defendant respectfully requests that this Court:

(a) Deny Plaintiff's prayer for damages;

(b) Dismiss this action with prejudice and cast all costs upon Plaintiff; and

(c) Award Defendant any other relief that this Court deems just and equitable.

Respectfully submitted this 27th day of January, 2023.

*[Signature on the Following Page]*

SWIFT, CURRIE, McGHEE & HIERS, LLP

*/s/ Brittney A. Sizemore*
Mark T. Dietrichs
Georgia State Bar No. 221722
Brittney A. Sizemore
Georgia State Bar No. 332873
*Attorneys for Defendant State Farm Fire and Casualty Company*

1420 Peachtree Street, NE
Suite 800
Atlanta, Georgia 30309
OFFICE: 404.874.8800
FAX: 404.888.6199
mark.dietrichs@swiftcurrie.com
Brittney.sizemore@swiftcurrie.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I have electronically filed and served the foregoing *State Farm Fire and Casualty Company's Answer and Affirmative Defenses* with the Clerk of Court via the CM/ECF e-filing system which will automatically send e-mail notification and service of such filing to counsel of record as follows:

Ryan Baxter
Baxter Law Firm, LLC
2400 Herodian Way, Suite 220
Smyrna, Georgia 30080
ryan@baxlega.com
*Counsel for Plaintiff*

This 27th day of January, 2023.

SWIFT, CURRIE, McGHEE & HIERS, LLP

*/s/ Brittney A. Sizemore*
Mark T. Dietrichs
Georgia State Bar No. 221722
Brittney A. Sizemore
Georgia State Bar No. 332873
*Attorneys for Defendant State Farm Fire and Casualty Company*

1420 Peachtree Street, NE
Suite 800
Atlanta, Georgia 30309
OFFICE: 404.874.8800
FAX: 404.888.6199
mark.dietrichs@swiftcurrie.com
Brittney.sizemore@swiftcurrie.com
4871-9722-9895, v. 1