IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JESSICA BLINKHORN and<br>JAMES R. JOHNSON,<br><br>    Plaintiffs,<br><br>v.<br><br>BEN H, LLC,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)    CIVIL ACTION<br>)<br>)    FILE No. _____<br>)<br>)<br>) |

## COMPLAINT

COME NOW, JESSICA BLINKHORN and JAMES R. JOHNSON, by and through the undersigned counsel, and file this, their Complaint against Defendant BEN H, LLC pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"). In support thereof, Plaintiffs respectfully show this Court as follows:

## JURISDICTION

1. This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181, *et seq.*, based upon Defendant's failure to remove physical barriers to access and violations of Title III of the ADA.

1

2. Venue is proper in the federal District Court for the Northern District of Georgia, Atlanta Division.

## **PARTIES**

3. Plaintiff JESSICA BLINKHORN (hereinafter "BLINKHORN") is, and has been at all times relevant to the instant matter, a natural person residing in Atlanta, Georgia (Fulton County).

4. BLINKHORN suffers from Spinal Muscular Atrophy ("SMA") and is disabled as defined by the ADA.

5. BLINKHORN cannot walk uses a wheelchair for mobility purposes.

6. BLINKHORN is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, grabbing, grasping and pinching.

7. Plaintiff JAMES R. JOHNSON (hereinafter "JOHNSON") is, and has been at all times relevant to the instant matter, a natural person residing in Decatur, Georgia (Dekalb County).

8. JOHNSON is a paraplegic and is disabled as defined by the ADA.

9. JOHNSON cannot walk and uses a wheelchair for mobility purposes.

10. JOHNSON is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, grabbing, grasping

and pinching.

11.     Defendant BEN H, LLC (hereinafter "Defendant") is a Georgia limited liability company that transacts business in the state of Georgia and within this judicial district.

12.     Defendant may be properly served with process via its registered agent for service, to wit: Benjamin Jee Hong, 4930 Peachtree Road, Chamblee, Georgia, 30341.

## FACTUAL ALLEGATIONS

13.     On or about October 23, 2022, JOHNSON was a customer at "Ben's Texaco," a business located at 4930 Peachtree Road, Chamblee, Georgia, 30341.

14.     On or about December 13, 2022, BLINKHORN was also customer at "Ben's Texaco."

15.     Defendant is the lessee (or sub-lessee) of the real property and improvements that are the subject of this action. (The structures and improvements situated upon such real property shall be referenced herein as the "Facility," and said real property shall be referenced as the "Property").

16.     Blinkhorn lives approximately thirteen (13) miles from the Facility and Property.

17.     Blinkhorn regularly travels in the near vicinity of the Facility and

Property.

18. Johnson lives approximately one (1) mile from the Facility and Property.

19. Johnson regularly travels in the near vicinity of the Facility and Property.

20. Plaintiffs' access to the businesses located at 4930 Peachtree Road, Chamblee, Georgia, 30341 (identified by Dekalb County Property Appraiser's parcel number 18 278 14 004), respectively, and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of their disabilities, and will be denied and/or limited in the future unless and until Defendant is compelled to remove the physical barriers to access and correct the ADA violations which exist at the Property and Facility, including those set forth in this Complaint.

21. Plaintiffs have each visited the Facility and Property at least once before and each Plaintiff intends on revisiting the Facility once the Facility and Property are brought into compliance with the 2010 ADAAG standards.

22. Plaintiffs each intend to revisit the Facility and Property to purchase goods and/or services.

23. Plaintiffs each travelled to the Facility and Property as customers and as advocates for the disabled, encountered the barriers to their access of the Facility and Property, respectively, as detailed in this Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access present at the Facility and Property.

## COUNT I
## VIOLATIONS OF THE ADA AND ADAAG

24. On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq*. (the "ADA").

25. The ADA provided places of public accommodation one and a half years from its enactment to implement its requirements.

26. The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 (if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

27. The Facility is a public accommodation and service establishment.

28. The Property is a public accommodation and service establishment.

29. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice, Office of Attorney General, promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

30. Public accommodations were required to conform to these regulations by January 26, 1992 (or January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181, *et seq.*, and 28 C.F.R. §36.508(a).

31. The Facility must be, but is not, in compliance with the ADA and ADAAG.

32. The Property must be, but is not, in compliance with the ADA and ADAAG.

33. Plaintiffs have attempted to, and have to the extent possible, accessed the Facility and the Property in their capacities as customers of the Facility and Property and as advocates for the disabled, but could not fully do so because of their respective disabilities due to the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility and Property that precluded and/or limited their access to the Facility and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

34. Plaintiffs each intend to visit the Facility and Property again in the future as customers and advocates for the disabled in order to utilize all of the

goods, services, facilities, privileges, advantages and/or accommodations commonly offered at the Facility and Property, but will be unable to fully do so because of their respective disabilities and the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility and Property that will preclude and/or limit their access to the Facility and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and violations of the ADA and 2010 ADAAG standards more specifically set forth in this Complaint.

35. Defendant has discriminated against Plaintiffs and others with disabilities, by denying them access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility and Property, as prohibited by, and by failing to remove architectural barriers as required by 42 U.S.C. § 12182(b)(2)(A)(iv), and will continue to discriminate against Plaintiffs and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the Facility and Property, including those specifically set forth herein, and make the Facility and Property accessible to and usable by persons with disabilities, including Plaintiffs.

36. Defendant has discriminated against Plaintiffs by failing to comply with the above requirements.

37. A specific, although not exclusive, list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiffs experienced and/or observed and preclude and/or limit Plaintiffs' abilities (because of their disabilities) to access the Facility and Property and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility and Property, include, but are not limited to:

   a. The operable parts on all of the fuel dispensers on the Property are at a height exceeding 54" (fifty-four inches) from the surface of the vehicular way, in violation of section 308.3.1 of the 2010 ADAAG standards.

   b. Several portions of the interior accessible routes in the Facility have walking surfaces lacking 36" (thirty-six inches) inches of clear width, in violation of section 403.5.1 of the 2010 ADAAG standards.

   c. The restroom door in the Facility does not provide for permissible minimum maneuvering clearance, in violation of section 404.2.4 of the 2010 ADAAG standards.

   d. The restrooms in the Facility lack proper door hardware, in violation of section 404.2.7 of the 2010 ADAAG standards.

  e.  The grab bars adjacent to the commode in the restroom in the Facility are not adequately sized and are improperly installed, in violation of section 604.5 of the 2010 ADAAG standards.

  f.  The toilet paper dispensers in the restrooms in the Facility are positioned outside the permissible reach ranges set forth in section 604.7 of the 2010 ADAAG standards.

  g.  The soap dispensers in the restrooms in the Facility are located outside the prescribed vertical reach ranges set forth in section 308.2.1 of the 2010 ADAAG standards.

38. Without limitation, the above-described violations of the ADA and 2010 ADAAG standards rendered the fuel pumps on the Property inaccessible to Plaintiffs, and rendered the restroom in the Facility inaccessible to Plaintiffs.

39. The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiffs and/or which exist at the Facility and Property.

40. Plaintiffs require an inspection of Facility and Property in order to determine all of the discriminatory acts violating the ADA.

41. All of the above violations are readily achievable to modify in order to bring the Facility and Property into compliance with the ADA.

42. The removal of the physical barriers and dangerous conditions present at the Facility and Property is readily achievable because the nature and cost of the modifications are relatively low, and Defendant has the financial resources to make the necessary modifications.

43. In instances where the 2010 ADAAG standard does not apply, the 1991 ADAAG standard applies, and all of the violations listed herein can be applied to the 1991 ADAAG standards.

44. Plaintiffs have attempted to gain access to the Facility and Property in their capacity as customers and advocates for the disabled, but because of their disability have been denied access to, and has been denied the benefits of services, programs and activities of the Facility and Property, and has otherwise been discriminated against and damaged by Defendant, because of the physical barriers, dangerous conditions and ADA violations set forth above, and expect to be discriminated against in the near future by Defendant because of Plaintiffs' respective disabilities, unless and until Defendant is compelled to remove the unlawful barriers and conditions and comply with the ADA.

45. The removal of the physical barriers, dangerous conditions and ADA violations set forth herein is readily achievable and can be accomplished and carried out without much difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv);

42 U.S.C. § 12181(9); 28 C.F.R. §36.304.

46. Plaintiffs are without adequate remedy at law, are suffering irreparable harm, and reasonably anticipates that they will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Facility and Property, including those set forth herein. The relief requested serves the public interest, and the benefit to Plaintiffs and the public far outweighs any detriment to Defendant.

47. Plaintiffs have been obligated to retain the undersigned counsel for the filing and prosecution of this action, and have agreed to pay the undersigned counsel reasonable attorney's fees, costs, and expenses from Defendant pursuant to 42 U.S.C. §§ 12188 and 12205, and Plaintiffs are entitled to attorney's fees, costs, and expenses from Defendant.

48. Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiffs, including an order to alter the subject Facility and Property to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA.

WHEREFORE, Plaintiffs prays as follows:

(a) That the Court find Defendant in violation of the ADA and ADAAG;

(b)  That the Court issue a permanent injunction enjoining Defendant from continuing their discriminatory practices;

(c)  That the Court issue an Order requiring Defendant to (i) remove the physical barriers to access and (ii) alter the subject Facility and Property to make them readily accessible to and useable by individuals with disabilities to the extent required by the ADA;

(d)  That the Court award Plaintiffs their reasonable attorneys' fees, litigation expenses and costs; and

(e)  That the Court grant such further relief as deemed just and equitable in light of the circumstances.

Dated: January 27, 2023.

Respectfully submitted,

/s/Craig J. Ehrlich
Craig J. Ehrlich
Georgia Bar No. 242240
The Law Office of Craig J. Ehrlich, LLC
1123 Zonolite Road, N.E., Suite 7-B
Atlanta, Georgia 30306
Tel: (404) 365-4460
Fax: (855) 415-2480
craig@ehrlichlawoffice.com

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1**

The undersigned hereby certifies that the foregoing document has been

prepared in accordance with the font type and margin requirements of Local Rule 5.1 of the Northern District of Georgia, using a font type of Time New Roman and a point size of 14.

/s/Craig J. Ehrlich
Craig J. Ehrlich

13