IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| HYTAM AL JARAH<br><br>Plaintiff<br><br>v.<br><br>**U.S. Department of Homeland Security;**<br>**Alejandro Mayorkas**, Secretary<br>U.S. Department of Homeland Security;<br>**U.S. Citizenship and Immigration Services**<br>**Ur M. Jaddou**, Director,<br>U.S. Citizenship and Immigration Services;<br>**U.S. Citizenship and Immigration Services**<br>**Shineka Scott Miller**, Field Office Director<br>Atlanta US Citizenship and Immigration Services Field Office | CASE NO. _____<br><br>COMPLAINT IN THE NATURE OF MANDAMUS ARISING FROM DEFENDANTS' REFUSAL TO ADJUDICATE PLAINTIFF'S PETITION FOR ALIEN RELATIVE |

**<u>COMPLAINT IN THE NATURE OF MANDAMUS ARISING FROM DEFENDANTS' REFUSAL TO ADJUDICATE PLAINTIFF'S PETITION FOR ALIEN RELATIVE</u>**

Plaintiff HYTAM AL JARAH respectfully requests that this Honorable Court issue a writ of mandamus compelling Defendants to adjudicate a long-delayed adjustment of status application.

### PARTIES

1. Plaintiff HYTAM AL JARAH is a citizen of the United States, currently residing in the United States. Plaintiff has submitted a Petition for Alien Relative for his spouse, Raya Younis, a citizen of Jordan.

1

2. Defendant Department of Homeland Security (hereinafter sometimes referred to as "DHS") is the agency of the United States that is responsible for implementing and adjudicating the petition for alien relative provisions of the law.

3. Defendant United States Citizenship and Immigration Services (hereinafter sometimes referred to as "the USCIS") is the component of the DHS that is responsible for processing petitions filed on behalf of immediate relatives seeking to file for adjustment of status into lawful permanent residents.

4. Defendant USCIS Atlanta Field Office (hereinafter sometimes referred to as "Field Office") is a component of the DHS that is responsible for processing, interviewing and finally adjudicating family petitions and lawful permanent resident petitions.

5. Defendant Alejandro Mayorkas, the Secretary of the DHS, is the highest ranking official within the DHS. Mayorkas, by and through his agency for the DHS, is responsible for the implementation of the Immigration and Nationality Act (hereinafter sometimes referred to as "the INA"), and for ensuring compliance with applicable federal law, including the Administrative Procedures Act (hereinafter sometimes referred to as "the APA"). Mayorkas is sued in his official capacity as an agent of the government of the United States.

6. Defendant Ur M. Jaddou, Director of the USCIS, is the highest-ranking official within the USCIS. Jaddou is responsible for the implantation of the INA and for ensuring compliance with all applicable federal laws, including the APA. Jaddou is sued in her official capacity as an agent of the government of the United States.

7. Defendant Shineka Scott Miller, is the Field Office Director at the USCIS Atlanta Field Office. She is being sued in an official capacity as an agent of the government of the United States.

## JURISDICTION AND VENUE

8. This Honorable Court has federal question jurisdiction over this cause pursuant to 28 U.S.C. § 1331, as it raises claims under the Constitution of the United States, the INA, 8 U.S.C. § 1101 et seq., and the APA, 5 U.S.C. § 701 et seq, in conjunction with the Mandamus Act, 28 USC § 1361.

9. Venue is proper pursuant to 28 U.S.C. § 1391(e)(1) because (1) Defendants are agencies of the United States or officers or employees thereof acting in their official capacity or under color of legal authority; (2) no real property is involved in this action, and; (3) the Defendants all maintain offices within this district.

10. This Honorable Court is competent to adjudicate this case, notwithstanding the doctrine of consular non-reviewability, *see United States ex rel. Knauff v. Shaughnessy*, 338 U.S. 537 (1950), because Defendants have not made any decision in regard to FARID MARWAN ALHAMWI's adjustment of status application.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

11. HYTAM AL JARAH is the husband of RAYA YOUNIS. Mr. Al Jarah filed a Petition for Alien Relative for Raya Younis. (*See* Ex. A, Receipt Notices)

12. Under federal immigration law, USCIS is authorized to approve Petition for Alien Relative applications filed by a U.S. citizen for an immediate relative.

13. HYTAM AL JARAH is a citizen of the United States.

14. Plaintiff filed a Petition for Alien Relative application for his spouse RAYA YOUNIS with USCIS on October 17, 2019. (*See* Ex. A).

15. Plaintiff paid and Defendants accepted all applicable filing fees.

16. USCIS has an estimated processing time for these petitions of 12 months according to their posted processing times. However, despite Plaintiff's repeated and numerous attempts to get USCIS to adjudicate this application, he has been unsuccessful in getting Defendant's to do so more than 3 years after filing said petition.

17. As of January 3, 2023, USCIS had not requested any additional documents to complete the adjudication nor had they completed any actions to adjudicate this matter 3 years after the petition was filed.

18. As of January 3, 2022, USCIS continues to respond to any requests for information with a generic response stating a decision cannot be made due to pending security checks.

19. It has been more than thirty-eight (38) months since Plaintiff filed his Petition for Alien Relative and based on the posted processing times, the application has been outside of processing times for over two (2) years.

20. Plaintiff has completed all necessary steps on his part to complete the adjudication of this matter.

21. Plaintiff has made repeated attempts to seek an adjudication or resolution after the initial filing (*See* Exhibit B). All of these attempts have been unsuccessful to get either a meaningful response from Defendants, a real or reasonable timeline for resolution or a consistent response to the inquiries.

22. Defendants' inaction in Plaintiff's case has caused inordinate and unfair amount of stress, expense and hassle for Plaintiff and his spouse.

## FIRST CLAIM FOR RELIEF

### (Agency Action Unlawfully Withheld and Unreasonably Delayed)

For their first claim for relief against all Defendants, Plaintiff alleges and states as follows:

23. Plaintiff realleges and incorporates the allegations in the paragraphs 12 through 22 as though fully set out herein.

24. The APA requires that "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b). Section 555(b) creates a non-discretionary duty to conclude agency matters. *Litton Microwave Cooking Prods. v. NLRB*, 949 F.2d 249, 253 (8th Cir. 1991). A violation of this duty is a sufficient basis for mandamus relief.

25. The APA permits this Honorable Court to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).

26. The Defendants have refused to adjudicate Plaintiff's application and to issue a decision in a concluded evidentiary process for this application.

27. Plaintiff alleges that his application has been delayed beyond a reasonable time period for completing a final decision.

28. The combined delay and failure to act on Plaintiff's Petition for Alien Relative application is attributable to the failure of Defendants to adhere to their legal duty to avoid unreasonable delays under the INA and the applicable rules and regulations.

29. There are no alternative adequate or reasonable forms of relief available to Plaintiff.

30. Plaintiff has exhausted all available administrative remedies in pursuit of a resolution of this matter, including repeatedly requesting the final adjudication of their case.

## SECOND CLAIM FOR RELIEF

### (Arbitrary and Capricious)

31. Plaintiff realleges and incorporates the allegations in the paragraphs 12 through 22 as though fully set out herein.

32. Defendants have unreasonably, arbitrarily and capriciously abused its discretion in not allowing Plaintiff's application to be adjudicated given that a final adjudication should have occurred over two (2) years ago according to their own processing timelines.

33. Plaintiff understands that a final adjudication of applications are not always adjudicated within the posted processing timelines but a delay of over two (2) years with no request for evidence of advancement in any way is beyond unreasonable.

34. Defendants stated in their last response to an inquiry by Plaintiff that the case is awaiting security checks. However, security checks for an I-130 petition are not common as the standard for review is the bona fides of the marriage and not the security checks of either Petitioner or Beneficiary. Furthermore, a three (3) year delay on processing security checks is unreasonable not to mention that this is the standard response that all applicants receive from Defendant's on cases that are unreasonably delayed. Therefore, this statement by Defendants is an arbitrary and incorrect reliance on processing times and erroneous case processing given the procedural history of this particular case.

## THIRD CLAIM FOR RELIEF

### (Violation of Right to Due Process of Law)

For their third claim for relief against all Defendants, Plaintiff alleges and states as follows:

35. Plaintiff realleges and incorporates the allegations in the paragraphs 12 through 22 as though fully set out herein.

36. The right to fundamental fairness in administrative adjudication is protected by the Due Process Clause of the Fifth Amendment to the United States Constitution. Plaintiff may seek redress in this Court for Defendants failures to provide a reasonable and just framework of adjudication in accordance with applicable law.

37. The combined delay and failure to act by Defendants has violated the due process rights of Plaintiff.

38. The combined delay and failure to act by Defendants has irrevocably harmed Plaintiff by causing a loss of consortium for Plaintiff among other ways.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff HYTAM AL JARAH requests the following relief:

39. That this Honorable Court assume jurisdiction over this action;

40. That this Honorable Court issue a writ of mandamus compelling Defendants to adjudicate HYTAM AL JARAH'S Petition for Alien Relative application.

41. That this Honorable Court issue a writ of mandamus compelling Defendants to promptly complete all administrative processing within sixty days;

42. That this Honorable Court take jurisdiction of this matter and adjudicate HYTAM AL JARAH'S Petition for Alien Relative application to this Court's declaratory judgment authority;

43. That this Honorable Court issue a writ of mandamus compelling Defendants to explain to Plaintiff the cause and nature of the delay and inform Plaintiff of any action that may be taken to accelerate processing of the adjustment of status application;

44. Attorney's fees, legal interests, and costs expended herein, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412;

45. Such other and further relief as this Honorable Court may deem just and proper.

**Respectfully submitted**

January 30, 2023

The Urbina Law Firm, LLC
1165 Northchase Parkway, Suite 150
Marietta, GA 30067
Tel: (770) 401-7646
Fax: (770) 460-1514

**/s/Michael Urbina**
Michael Urbina
GA Bar No.:799854
michael@urbinalawfirm.com
Counsel for Plaintiff

<div style="text-align:center">CERTIFICATE OF SERVICE</div>

I hereby certify that on January 30, 2023, I electronically filed the foregoing Petition for Writ of Mandamus and Complaint for Declaratory Judgment, with the Clerk of the Court of the Northern District of Georgia using the CM/ECF system, which will send notification of such filing to those attorneys of record registered on the CM/ECF system. All other parties shall be served in accordance with the Federal Rules of Civil Procedure.

<div style="margin-left:50%">
/s/ Michael Urbina<br>
Michael Urbina<br>
Counsel for Plaintiff
</div>