## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| Troy McAlpine, individually and on behalf of all others similarly situated,<br><br>Plaintiff(s),<br><br><br>-v.-<br>Consumer Portfolio Services, Inc.,<br><br><br>Defendant(s). | Case No:<br><br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Troy McAlpine (hereinafter, "Plaintiff"), brings this Class Action Complaint by and through his attorneys, against the Defendant Consumer Portfolio Services, Inc. (hereinafter, "Defendant" or "CPS"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of the Plaintiff's counsel, except for allegations specifically pertaining to the Plaintiff, which are based upon the Plaintiff's personal knowledge.

## <u>INTRODUCTION</u>

1.      Congress enacted the Fair Debt Collection Practices Act ("FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices

1

contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.     Congress explained that the purpose of the FDCPA was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." ld. § 1692(e). After determining that the existing consumer protection laws were inadequate, Congress created a private cause of action to provide consumers with a remedy against debt collectors who fail to comply with the FDCPA. Id. § 1692k.

## JURISDICTION AND VENUE

3.     The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq.  The Court has pendent jurisdiction over any state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides as well as a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5.     Plaintiff brings this class action under § 1692 et seq. of Title 15 of the United States Code, also known as the Fair Debt Collection Practices Act ("FDCPA").

6.     Plaintiff is seeking damages and declaratory relief.

## PARTIES

7.     Plaintiff is a resident of the State of Georgia, County of DeKalb.

8.     Defendant CPS is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address for service of process located at c/o C T Corporation System, 289 South Culver Street, Lawrenceville, Georgia 30046.

9.     Upon information and belief, Defendant CPS is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

10.     Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

11.     The Class consists of:

      a.     all individuals with addresses in the State of Georgia;

    b.    to whom CPS sent electronic correspondence in an attempt to collect a consumer debt;

    c.    which correspondence failed to include opt out language;

    d.    which correspondence was issued on or after a date one year prior to the filing of this action and on or before a date twenty-one days after the filing of this action.

12.    The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf it attempts to collect and/or have purchased debts.

13.    Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

14.    There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's electronic correspondence to consumers, similar in form to that attached as Exhibit A, violate 15 U.S.C. §§ 1692c, 1692d and 1692e.

15.    Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. Plaintiff will fairly and adequately protect the interests

of the Plaintiff Class defined in this complaint. Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

16.    This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    a.  **<u>Numerosity:</u>** Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

    b.  **<u>Common Questions Predominate:</u>** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's electronic correspondence to consumers, similar in form to that attached as Exhibit A, violate 15 U.S.C. §§ 1692c, 1692d and 1692e.

    c.  **<u>Typicality:</u>** Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

d.  **Adequacy:** Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are averse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e.  **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

17.     Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

18.     Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

19.     Plaintiff repeats the allegations above as if set forth here.

20.     Some time prior to June 14, 2022, an obligation was allegedly incurred to a non-party creditor to the instant suit.

21.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

22.     The obligation arose out of transaction(s) involving a debt in which money, property, insurance or services, which are the subject of the transaction(s), were incurred solely for personal purposes, and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

23.     Upon information and belief, the creditor contracted with the Defendant CPS for the purpose of debt collection. Therefore, Defendant CPS is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

24.     Defendant uses the instrumentalities of interstate commerce or the mail in its business, the principal purpose of which is the collection of consumer debts. Defendant also regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Therefore, Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

*Violations*

25.    On or about June 14, 2022, Defendant sent the Plaintiff email correspondence ("Correspondence") in an attempt to collect the creditor's alleged consumer debt.  *See* Correspondence attached as **Exhibit A**.

26.    The Correspondence states that it is an "attempt to collect a debt."

27.    However, Plaintiff does not recognize the debt and suspected that the Correspondence may be a scam.

28.    Accordingly, Plaintiff did not wish to be harassed with further email messages from the Defendant.

29.    Unfortunately, the Correspondence did not contain any information concerning how the Plaintiff could opt out of additional email messages.

30.    The Correspondence is misleading on its face.

31.    The Correspondence only gave the Plaintiff the option to call Defendant, which was precisely the opposite of what the Plaintiff wanted to do.

32.    The Consumer Financial Protection Bureau, while interpreting the FDCPA and adopting Reg F, determined that words such as ''stop,'' ''unsubscribe,'' ''end,'' ''quit,'' or ''cancel'' generally express a consumer's intent to opt out. But these are not the only words that express such an intent. A consumer may respond to a debt collector's electronic communication with an email or text message that makes the consumer's desire to opt out clear without

using one of these words. *See* Reg. F § 1006.6(e); 85 Fed. Reg. 76,734, 76,796 (Nov. 30, 2020)

33.     Moreover, a debt collector who communicates or attempts to communicate with a consumer electronically in connection with the collection of a debt using a specific email address, telephone number for text messages, or other electronic-medium address must include in such communication or attempt to communicate a clear and conspicuous statement describing a reasonable and simple method by which the consumer can opt out of further electronic communications or attempts to communicate by the debt collector to that address or telephone number. The debt collector may not require, directly or indirectly, that the consumer, in order to opt out, pay any fee to the debt collector or provide any information other than the consumer's opt-out preferences and the email address, telephone number for text messages, or other electronic-medium address subject to the opt-out. Id.

34.     Plaintiff was unaware of his options to opt out because the Defendant did not disclose this information.

35.     Accordingly, the Correspondence appeared fraudulent on its face and Plaintiff suspected that the debt collection might be fraudulent so he prioritized his funds elsewhere.

36.     Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

37.     The harms caused by the Defendant have a close relationship to harms traditionally recognized as providing a basis for a lawsuit in American courts.

38.     As it relates to this case, the common-law analogues are to the traditional torts of fraud, misrepresentation, intimidation, negligent infliction of emotional distress, conversion and defamation.

39.     For purposes of this action, only a close relationship to common-law harm is needed, not an exact duplicate.

40.     Plaintiff is entitled to receive proper notice of the character, legal status and amount of the debt, as required by the FDCPA.

41.     Defendant failed to effectively inform the Plaintiff of this information, and in fact, attempted to conceal it in violation of the law.

42.     These violations by the Defendant were unconscionable, knowing, willful, negligent and/or intentional, and the Defendant did not maintain procedures reasonably adopted to avoid any such violations.

43.     Defendant's collection efforts with respect to this alleged debt from the Plaintiff caused the Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides the Plaintiff with the legally protected right to not to

be misled or treated unfairly with respect to any action for the collection of any consumer debt.

44.     Defendant's deceptive, misleading and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated the Plaintiff's ability to intelligently respond to the Defendant's collection efforts because the Plaintiff could not adequately respond to the Correspondence.

45.     Defendant's actions created an appreciable risk to the Plaintiff of being unable to properly respond to, or handle, the Defendant's debt collection and most importantly being harassed about a debt without the ability to opt out.

46.     Plaintiff has suffered emotional distress, including, but not limited to, fear and increased heartrate, because of the Defendant's misrepresentations and omissions concerning the character, legal status and amount of the debt.

47.     Plaintiff has suffered wasted time and annoyance because of the Defendant's misrepresentations and omissions concerning the character, legal status and amount of the debt.

48.     Plaintiff has expended, and continues to expend, time and money because of the Defendant's misrepresentations and omissions concerning the character, legal status and amount of the debt.

49.     Plaintiff has been financially harmed because of the Correspondence.

50.    Plaintiff has been reputationally harmed because of the Correspondence.

51.    Moreover, Plaintiff spent time and money in an effort to mitigate the risk of further financial harm, in the form of the Defendant's wrongful dominion and control over his funds, as sought by the improper Correspondence.

52.    Plaintiff spent time and money in an effort to the mitigate the risk of financial and reputational harm in the form of the Defendant's negative informational dissemination to third parties, including credit bureaus, and ultimately credit providers.

53.    As a result of the Defendant's deceptive, misleading, unfair, unconscionable, and false debt collection practices, the Plaintiff has been damaged.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692c *et seq.*

54.    Plaintiff repeats the allegations above as if set forth here.

55.    Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692c.

56.    Pursuant to 15 U.S.C. §1692c(a)(1), "[w]ithout the prior consent of the consumer given directly to the debt collector … a debt collector may not communicate with a consumer in connection with the collection of any debt at any

unusual time or place or a time or place known or which should be known to be inconvenient to the consumer…"

57.     Moreover, Pursuant to 15 U.S.C. §1692c(c), "[i]f a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt…"

58.     Additionally, a debt collector who communicates or attempts to communicate with a consumer electronically in connection with the collection of a debt using a specific email address, telephone number for text messages, or other electronic-medium address must include in such communication or attempt to communicate a clear and conspicuous statement describing a reasonable and simple method by which the consumer can opt out of further electronic communications or attempts to communicate by the debt collector to that address or telephone number. The debt collector may not require, directly or indirectly, that the consumer, in order to opt out, pay any fee to the debt collector or provide any information other than the consumer's opt-out preferences and the email address, telephone number for text messages, or other electronic-medium address subject to the opt-out. *See* Reg. F § 1006.6(e).

59.     Defendant violated §1692c and Reg F by, as set forth above, sending the collection Correspondence without providing the Plaintiff with clear and conspicuous opt out information, allowing the Defendant to claim ignorance to the Plaintiff's preferred method/time of contact, if at all.

60.     By reason thereof, Defendant is liable to the Plaintiff for judgment in that the Defendant's conduct violated Section 1692c et seq. of the FDCPA, and is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692d *et seq.*

61.     Plaintiff repeats the above allegations as if set forth here.

62.     Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692d.

63.     Pursuant to 15 U.S.C. § 1692d, "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt.

64.     Defendant violated this section by, as described above, sending the collection Correspondence with sparse information and without opt out notice, the natural and actual consequence which was to harass the Plaintiff with an email that appeared to be a scam.

65.    By reason thereof, Defendant is liable to the Plaintiff for judgment that the Defendant's conduct violated Section 1692d et seq. of the FDCPA, and is entitled to actual damages, statutory damages, costs and attorneys' fees.

## <u>COUNT III</u>
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692e *et seq.*

66.    Plaintiff repeats the above allegations as if set forth here.

67.    Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

68.    Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

69.    Defendant violated §1692e by, as described above, making false and misleading representations/omissions in violation of §1692e(10).

70.    By reason thereof, Defendant is liable to the Plaintiff for judgment that the Defendant's conduct violated Section 1692e et seq. of the FDCPA, and is entitled to actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

71.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Troy McAlpine, individually and on behalf of all others similarly situated, demands judgment from the Defendant CPS as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and the undersigned counsel, as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

   6.  Awarding Plaintiff and the Class such other and further relief as this Court

may deem just and proper.

Dated: January 30, 2023                              Respectfully Submitted,

                                                     **THE OAKS FIRM**

                                                     /s/ Misty Oaks Paxton, Esq.
                                                     MISTY OAKS PAXTON, ESQ.
                                                     3895 Brookgreen Point
                                                     Decatur, Georgia 30034
                                                     Tel: (404) 725-5697
                                                     attyoaks@yahoo.com