State Court of Fulton County
**E-FILED**
23EV000133
1/6/2023 4:22 PM
Donald Talley, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

|  |  |
|---|---|
| **JAMES R. MORRIS, JR., AS ADMINISTRATOR OF THE ESTATE OF JAMES R. MORRIS,** | |
| **Plaintiff,** | |
| **v.** | **Civil Action No.** |
| **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and LATASHA WILLIAMS,** | |
| **Defendants.** | |

## COMPLAINT

**COMES NOW**, James R. Morris, Jr., as administrator of the Estate of James R. Morris, Plaintiff in the above-styled action, and files this Complaint, showing this honorable Court as follows:

### INTRODUCTION, PARTIES, JURISDICTION & VENUE

1.  Plaintiff James R. Morris, Jr. is a resident of Fulton County, Georgia. He is the son of the late James R. Morris, who was an insured under a State Farm insurance Policy in effect at the time of the loss on November 19, 2016. As the administrator of the Estate of James R. Morris, James R. Morris, Jr., is a proper Plaintiff in this case.

2.  Defendant State Farm Mutual Automobile Insurance Company ("State Farm") is a foreign insurance company, with its principal office address at One State Farm Plaza, Bloomington, IL. Defendant State Farm's registered agent is Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, GA, 30092, Gwinnett County, GA. Defendant State Farm can be served through said registered agent.

*Page 1*

**Exhibit A**

3.      State Farm certified that the Policy at issue, ("the Policy"), number 328724511B, covering a 2001 Lexus RX 300, 118632, was issued by State Farm to James Morris and was in effect on the date of loss, November 19, 2016.

4.      The Policy provided for bodily injury liability coverage with a limit of $100,000 per person / 300,000 per accident. The loss was covered under the provisions of the Policy.

5.      State Farm sells insurance throughout the State of Georgia, and maintains an office and an agent in several counties in Georgia, including the county where this lawsuit is filed.

6.      Latasha Williams is a resident and citizen of Georgia. She can be served at her residence: 3091 Cobb Pkwy NW, Apt 1311, Kennesaw, GA 30152.

7.      This court has jurisdiction over the Defendants and over the subject matter of this action.

8.      Jurisdiction and venue are proper in this honorable Court.

## FACTUAL ALLEGATIONS

9.      Plaintiff re-alleges and incorporates by reference all other allegations in this Complaint.

10.     On November 19, 2016, a loss occurred wherein Defendant State Farm's insured was involved in a vehicle-on-bicycle wreck with Major Sally Stasio ("Major Stasio") on Islands Highway in Liberty County, Georgia. State Farm's insured driver was found to be at-fault by the investigating trooper, as it is identified in the crash report. Mr. Morris, State Farm's insured, told the State Patrol officer that Major Stasio did not do a thing to cause the wreck.

11.     The investigating trooper's crash report shows Major Stasio was found to have no contributing action to the crash and was not at-fault. (*See* Exhibit "A")

12.     Witnesses at the scene heard Major Stasio screaming in pain and noticed obvious signs of trauma and injury. (*See* Exhibit "B")

*Page 2*

13.      Major Stasio was seriously injured. She suffered broken bones and painful injuries requiring surgery and significant treatment. This was apparent in the State Patrol officer's report.

14.      Promptly after the wreck, State Farm knew that its insured was subject to liability for causing the crash and that the damages were extensive.

15.      Shortly after the wreck, Mr. James R. Morris, who had been driving the involved Lexus described herein, advised the investigating trooper that Maj. Stasio, was "very cautious in her riding."

16.      State Farm received offers, including offers to settle for policy limits, which were not passed along properly to the insured or his representatives.

17.      State Farm continued to put its own interests above that of the insured.

18.      State Farm refused to afford the insured the same faithful consideration it gave to its own interests.

19.      State Farm's insured driver of the Lexus in this crash was tormented the last weeks of his life with feelings of guilt and with this matter hanging over his head.

20.      While in receipt of offers to settle the case, at the expense of its insured, State Farm rejected clear opportunities to prevent the trouble of litigation, resulting in a jury trial and verdict for $3 Million, and this excess judgment. (*See* Judgment attached hereto as Exhibit "C").

21.      Despite promises and the responsibility to act differently, State Farm effectively hung its insured out to dry.

22.      State Farm received an offer to settle from Major Stasio's counsel for the $100,000 policy limits. The demand was made on February 7, 2017. The offer was open for 30 days. This offer to settle includes the following, in bold: **"This is a clear and unequivocal**

**opportunity to globally settle this case and protect your insured(s) from the consequences of a verdict and judgment in excess of the limits of the insurance policies."** (Exhibit "D").

23.    Latasha Williams, State Farm Claims Specialist, undertook claims negotiations and engaged in correspondence concerning negotiations for this claim described herein.

24.    In response to the first demand for policy limits, State Farm made a counteroffer.

25.    According to Mr. Morris's wife, they never received the demand made by Major Stasio's counsel.

26.    This first counteroffer for $18,500, attached as Exhibit "E", was sent by State Farm via facsimile. This similarly was done without consulting State Farm's insured.

27.    This letter from State Farm, includes:

We received your February 7, 2017 time limit demand for your client, Sally Stasio. We have concluded the evaluation of your client's claim resulting from this loss. Based on the documentation provided, State Farm is willing to settle your client's claim for $18,500.00.

This settlement is inclusive of all damages, known and unknown, and any liens, assignments or statutory rights of recovery.

Please contact us once you have had an opportunity to review this offer.

28.    These statements – that "[w]e have concluded the evaluation of your client's claim" – were deceitful and irresponsible. At the time Ms. Williams wrote this letter, she had not:

a.    Talked to the State Trooper who investigated the wreck;

b.    Talked to or attempted to talk to Major Stasio, who was out of work as a surgeon in the United States Army;

c.    Attempted to get a medical release to talk to Major Stasio's treating doctors;

*Page 4*

d.   Performed other basic tasks which should have been done.

By her statements, Ms. Williams has specifically represented she assumed this duty.

29.   This, and other actions by Defendants, illustrate a deliberate attempt to get a "below market value" deal on resolving this case, even if it meant exposing its insured to additional litigation, difficulty, and a judgment. At this time, and at other times throughout its handling of this claim, State Farm knew the insured, and others, could be exposed to a judgment in the millions of dollars. It was unreasonable for State Farm and Ms. Williams to continue in this way.

30.   Defendants knew or should have known, at all times relevant, including at the time of this $18,500 counteroffer, that liability was clear and that the injuries and damages to Major Stasio were substantial.

31.   On information and belief, Ms. Williams received financial incentives from concluding claims below the market value. This put Ms. Williams in an improper conflict with Mr. Morris.

32.   Having received State Farm's counteroffer, the March 3, 2017 letter from Latasha Williams sent via fax, Major Stasio re-opened a policy limits offer, $100,000, giving State Farm another opportunity and even more time to protect its insured and resolve this matter. (*See* additional demand by Major Stasio attached as Exhibit "F")

33.   Then, on April 3rd, 2017, State Farm explained it was willing to settle for $30,000. State Farm made another written counteroffer in response to a valid offer to settle within policy limits, without appropriate regard for its insured and member/owner of its mutual insurance company.

*Page 5*

34.    On April 17, 2017, and again on June 5th, 2017, Latasha Williams, State Farm Claims Specialist, sent an additional counteroffer for $40,000. Again, State Farm and Ms. Williams were ignoring the interests of the insured for their own financial benefit.

35.    On September 21, 2017, after State Farm had already rejected multiple opportunities to settle within policy limits, State Farm claimed to have concluded the evaluation, and offered $50,000 to settle.

36.    At this time, and at all times relevant, Defendants knew or through the exercise of care should have known that this response to a demand would result in a lawsuit naming its insured and require the depositions and continued involvement of family members of the late James R. Morris. Defendants also knew the personal injury claim of Major Stasio provided a very real opportunity for an excessive verdict in the millions of dollars.

37.    A lawsuit concerning this wreck and naming State Farm's insured was filed on October 31st, 2017.

38.    Sharon Morris, then surviving spouse of James R. Morris, was deposed. She was asked in the deposition whether she was ever forwarded a letter that counsel for Major Stasio wrote offering to resolve the case for $100,000 [policy limits]. In response, Ms. Morris testified "I didn't get a letter." The duty to keep Mr. and Mrs. Morris informed was owed by both State Farm and Defendant Williams.

39.    On November 9, 2017, State Farm sent a letter claiming to have received a October 5th, 2017 time limit demand. Again, State Farm refused to pay policy limits and made another offer for $50,000. At this time, and at other relevant times, State Farm knew or should have known of the likelihood of an excess judgment. Still, State Farm did not take appropriate steps.

*Page 6*

40.     Nearly a year later, following service of the complaint and discovery, on November 12, 2018, State Farm, through counsel, stated for the first time that he was authorized to tender the $100,000 limits.

41.     Just a few days before trial, defense trial counsel passed along an offer to resolve the case for $250,000 (2.5 times the policy limits).

42.     Meanwhile, defense trial counsel sent an additional e-mail advocating State Farm's position. The purpose was to "reiterate [State Farm's] position regarding a potential bad faith claim against State Farm post verdict." This was not designed to serve the interests of the Estate but was instead intended by State Farm to serve State Farm above the insured's interests.

43.     On August 7, 2021 at 1:01 PM, Major Stasio responded to the $250,000 offer with a counter-offer for $2 million.

44.     Five minutes later, at 1:06 PM, defense trial counsel responded: "I don't have authority to increase our offer in light of the demand." Rather than afford serious consideration to this offer, State Farm and its agents were still not providing equal consideration to their insured and otherwise acting unreasonably.

45.     The jury awarded $3 Million in damages and 100% fault was placed on the Defendant Estate, State Farm's insured. Zero percent fault was allocated to Major Stasio. (*See* Exhibit "G," jury verdict form).

46.     State Farm continued to act unreasonably and caused real harm and damages.

47.     State Farm violated its promises.

48.     The Plaintiff suffered as a result.

49.     A judgment for $3 Million, plus interest, was entered against the Estate of James R. Morris.

*Page 7*

That amount of the judgment today, January 6, 2023, calculated with post-judgment interest, is in excess of $3,263,009.28, and it continues to accrue interest at the statutory rate (or $513.69 per diem).

## CAUSES OF ACTION

*Bad Faith Failure to Settle, Deceit, Negligent Failure to Settle*

50. Plaintiff re-alleges and incorporates by reference all other allegations in this Complaint.

51. As an insurer, Defendant State Farm owed its insured a duty to give him the same faithful consideration it gave its own interests. State Farm did not do so.

52. Defendants knew, or in the exercise of reasonable care should have known, that Major Stasio had sustained serious injuries as a result of the vehicle-on-bike wreck on November 19, 2016 and that a lawsuit resulting from that collision was likely to expose Mr. Morris to a verdict well in excess of the policy limits. Despite this knowledge, Defendant State Farm failed to take reasonable action to resolve this matter and protect its insured.

53. Defendants acted unreasonably in responding to settlement offers. Beyond this, Defendants Williams and State Farm represented they had completed an impeccably complete review of Major Stasio's claim. In fact, they had not even done a proper perfunctory examination of Major Stasio's claims.

54. Defendant State Farm acted in bad faith in refusing to take the necessary steps to settle within the policy limits by reason of the conduct described herein.

55. Defendant State Farm further acted in bad faith by failing to properly communicate any settlement process or strategy to Mr. Morris, or, his family after he died.

56. In the alternative, Defendant State Farm failed to act as a reasonably prudent insurer would

under the same circumstances.

57.     An ordinarily prudent insurer would know that choosing to reject Major Stasio's offers within its insured insurance policy limits and to try the case created an unreasonable risk.

58.     The Defendants' handling described herein caused an excess judgment to be obtained against the insured and other damages.

59.     The Plaintiff is vested with a cause of action in tort for damages in excess of the verdict and judgment against the Estate.

60.     State Farm caused damages to its insured by State Farm's negligent or bad faith failure to settle the Stasio third-party liability claim against State Farm's insured.

61.     General damages which flow from these tortious acts, caused by the Defendants negligence, deceit, and bad faith, include exposure to post-judgment discovery, damage to reputation, trouble and expense. Special damages sought include the current amount of the judgment with appropriate interest, and attorneys fees.

### Negligent Undertaking

62.     Plaintiff re-alleges and incorporates by reference all other allegations in this Complaint.

63.     State Farm's claims specialist, Latasha Williams, took on claims review and communications with the insured and other activities in connection with the Stasio claim. She did so negligently.

64.     As a result of this negligence, the Plaintiff suffered damages, both general and special.

### Negligent Training and Negligent Retention

65.     Plaintiff re-alleges and incorporates by reference all other allegations in this Complaint.

66.     State Farm's training of its claims representatives prioritizes settling claims for "below

*Page 9*

market value" over the interests of its insured.

67.    At all times relevant, State Farm's training of its agents and claims specialists was negligent.

68.    State Farm was also negligent in the retention of this claims adjuster.

69.    As a result of this negligence, the Plaintiff suffered damages, both general and special.

*In the Alternative, Breach of Contract*

70.    This claim is pled in the alternative. Plaintiff re-alleges and incorporates by reference all other allegations in this Complaint.

71.    In the alternative, Defendant State Farm's failure to accept the settlement offers and breach of its insurance agreement and promises to its insured caused the continued litigation of Major Stasio's personal injury claim, thereby causing its insured to sustain damages, including but not limited to the entry of a civil judgment against the Estate of James R. Morris in an amount well in excess the available insurance coverage, as well as damage to the reputation of James R. Morris, and other damage.

72.    Alternatively, Defendant breached its insurance contract and caused damages.

*Attorneys' Fees*

73.    Plaintiff re-alleges and incorporates by reference all other allegations in this Complaint.

74.    Defendants have acted in bad faith, have been stubbornly litigious and have caused Plaintiff unnecessary trouble and expense, and Defendants are liable to Plaintiff for attorney's fees and costs of litigation  pursuant to O.C.G.A. § 13-6-11.

*Intentional Infliction of Emotional Distress*
*Exemplary Damages*

75.    Plaintiff re-alleges and incorporates by reference all other allegations  in this Complaint.

*Page 10*

76. Defendants' actions demonstrate willful and wanton misconduct with sufficient malice and wantonness to create a presumption of conscious indifference of the consequences.

77. State Farm has acted with the specific intent to cause harm.

78. State Farm's conduct was reprehensible. It controlled the defense of the Stasio lawsuit. In doing so, it advanced a theory that Major Stasio was at fault for the wreck. This tactic was directly contrary to the statements of its own insured, James Morris. Mr. Morris had told the Georgia State Patrol in the aftermath of this wreck that Major Stasio had done nothing wrong. By failing to accede to the statements of its own insured and the conclusions of the Georgia State Patrol, State Farm drove the verdict to $3 million.

79. State Farm is liable for uncapped punitive damages under Georgia law, including O.C.G.A. § 51-12-5.1, and relevant Georgia common law.

**WHEREFORE,** Plaintiff prays for the following relief:

(A) That summons and process issue and be served upon the Defendants;

(B) That the Defendants be held liable to Plaintiff;

(C) For a trial by jury;

(D) That Plaintiff be awarded an appropriate sum to compensate for injuries and damages, both general and special (to include the full value of the judgment, with interest, today calculated at $3,263,009.28);

(E) That Plaintiff be awarded punitive damages against Defendants in an amount sufficient to penalize, punish and deter Defendants from such

*Page 11*

conduct in the future;

(F)     The Plaintiff be awarded damages flowing from Defendants' intentional

failure to entertain Major Stasio's offer within limits and failure to keep its

insured apprised of these offers and responses, and the deceitful statements

that they had fully investigated Stasio's claims when they had done very

little constitute intentional acts which make State Farm liable for the

personal damage, reputation damage, and mental pain and suffering caused

to Mr. Morris and his Estate.

(G)     That Plaintiff be awarded reasonable attorney's fees and expenses of

litigation pursuant to O.C.G.A. § 13-6-11 or other applicable law; and

(H)     Such other and further relief as the Court deems just and proper.


THIS _____ day of January, 2023.

_____
Brent J. Savage
Georgia Bar No. 627450
Zachary R. Sprouse
Georgia Bar No. 276708

SAVAGE, TURNER, PINCKNEY
SAVAGE & SPROUSE
Post Office Box 10600
Savannah, GA 31412
T: (912) 231-1140
F: (912) 231-9157
zsprouse@saavagelawfirm.net
clugar@savagelawfirm.net
lwickline@savagelawfirm.net



**STATE OF GEORGIA TRAFFIC CRASH REPORT**
Georgia State Patrol
Georgia Department of Public Safety
P.O. Box 1456
Atlanta, Georgia 30371-1456

Exhibit "A"

| Crash Number C000433008-01 | Reporting Agency GEORGIA DEPARTMENT OF PUBLIC SAFETY | | Reporting Agency Case Number | Reporting Agency CAD Number GSPI16CAD064866 |
|---|---|---|---|---|

## CRASH IDENTIFIERS

| County of Crash LIBERTY | City or Place of Crash | ☐ City Limits | Crash Date/Time 11/19/2016 05:36 PM | Reported Date/Time 11/19/2016 05:47 PM | Dispatched Date/Time 11/19/2016 05:47 PM |
|---|---|---|---|---|---|

| On Scene Date/Time 11/19/2016 05:47 PM | Cleared Scene Date/Time 11/19/2016 06:44 PM | Complete Date/Time 11/19/2016 06:44 PM | Reason (if Investigation Not Complete) | Source of Information LAW ENFORCEMENT AGENCY |
|---|---|---|---|---|

## ROADWAY INFORMATION

| Roadway Description for Location of Occurrence ISLANDS HIGHWAY | | Distance to City or Place of Crash | Latitude N 31 45.5934 | Longitude W 81 21.3046 |
|---|---|---|---|---|

| Intersecting Roadway Description for Location of Occurrence 0.2 MILES EAST OF BRIGDON ROAD | | Distance / Direction from Crash Location | Roadway Blocked | Roadway Cleared Date/Time |
|---|---|---|---|---|

| Part of National Highway System NO | Roadway Functional Class Type RURAL | Roadway Functional Class Detail MAJOR COLLECTOR | | |
|---|---|---|---|---|

| Type of Shoulder UNPAVED | Roadway Lighting NO LIGHTING | Roadway Bikeway Facility NONE | Signed Bicycle Route NOT APPLICABLE | |
|---|---|---|---|---|

| Traffic Control Type at Intersection NO CONTROL | Mainline Number of Lanes at Intersection | Side Road Number of Lanes at Intersection | |
|---|---|---|---|

## CRASH INFORMATION

| Light Condition DUSK | Weather Condition CLEAR | Roadway Surface Condition DRY | ☑ Crash Pictures Taken |
|---|---|---|---|

| First Harmful Event Type COLLISION NON-FIXED OBJECT | | First Harmful Event Detail MOTOR VEHICLE IN TRANSPORT | |
|---|---|---|---|

| Total Counts | Vehicles 2 | CMV 0 | Motorists 2 | Non-Motorists 0 | Injured 1 | Fatalities 0 | Witnesses 0 | Other Persons 0 | Businesses 0 | Violations 0 |
|---|---|---|---|---|---|---|---|---|---|---|

| First Harmful Event's Relation to Junction NON-JUNCTION | Is First Harmful Event within Interchange Area NO | Type of Intersection NOT AT INTERSECTION | |
|---|---|---|---|

| Contributing Circumstances: Environment NONE | Contributing Circumstances: Environment NONE | Contributing Circumstances: Environment NONE |
|---|---|---|

| Contributing Circumstances: Road NONE | Contributing Circumstances: Road NONE | Contributing Circumstances: Road NONE |
|---|---|---|

| School Bus Related NO | Work Zone Related NO | Crash Location in Work Zone |
|---|---|---|

## VEHICLE V01

| ▶ V01 | Motor Vehicle Type MOTOR VEHICLE IN TRANSPORT | State GA | License Number ABM2846 | Registration Expires 2017 | ☐ Permanent Registration | VIN JTJGF10U510118632 |
|---|---|---|---|---|---|---|

| Year 2001 | Make LEXUS | Model RX300 | Style MP | Color GRN | Body Type Category (SPORT) UTILITY VEHICLE |
|---|---|---|---|---|---|

| Special Function of Motor Vehicle in Transport NO SPECIAL FUNCTION | Emergency Motor Vehicle Use NO | Type of Bus Use NOT A BUS |
|---|---|---|

| Owner First Name SHARON | Owner Middle Name B | Owner Last Name MORRIS | Owner Suffix | Owner Business (if not Person) |
|---|---|---|---|---|

| Address 1217 BAY ST UNIT 219B | | Address Other | City TYBEE ISLAND | State GA | Zip Code 31328-9789 |
|---|---|---|---|---|---|

| Owner Phone Number | Owner Phone Number (other) | Insurance Company STATE FARM | Insurance Policy Number 3287245D0311B | |
|---|---|---|---|---|

| Vehicle Removal LEFT AT SCENE - NOT DISABLED | Vehicle Towed By | Wrecker Selection Method |
|---|---|---|

| Direction of Travel Before Crash WESTBOUND | Estimated Speed: | Posted 55 | Roadway Type UNDIVIDED HIGHWAY | Total Lanes 2 | Roadway Horizontal Alignment STRAIGHT | Roadway Grade LEVEL |
|---|---|---|---|---|---|---|

| Trafficway Description TWO-WAY NOT DIVIDED | | Traffic Control Device Type NO CONTROLS | | Working Properly |
|---|---|---|---|---|

| Roadway Description for Vehicle Travel ISLANDS HIGHWAY WB | | | |
|---|---|---|---|

| Vehicle Maneuver Action (by this vehicle) OVERTAKING/PASSING | Hit & Run (by this vehicle) NO DID NOT LEAVE SCENE | Damage Extent (for this vehicle) FUNCTIONAL DAMAGE |
|---|---|---|

| 1st Sequence of Events Type (this vehicle) COLLISION NON-FIXED OBJECT | 1st Sequence of Events Detail (this vehicle) PEDALCYCLE |
|---|---|

| Most Harmful Event Type (this vehicle) COLLISION NON-FIXED OBJECT | Most Harmful Event Detail (this vehicle) PEDALCYCLE |
|---|---|

| Contributing Circumstances 1 (this vehicle) NONE | Contributing Circumstances 2 (this vehicle) NONE |
|---|---|

| Area of Initial Impact | Most Damaged Area |
|---|---|
| ☐ Non Collision ☐ Top ☐ Undercarriage ☐ Unknown | ☐ Non Collision ☐ Top ☐ Undercarriage ☐ Unknown |

| Occupant Type DRIVER | Person Name (First Middle Last Suffix) JAMES RICHARD MORRIS | Injury Status NO INJURY(O) |
|---|---|---|

## VEHICLE V02

| ▶ V02 | Motor Vehicle Type MOTOR VEHICLE IN TRANSPORT | State GA | License Number NONE | Registration Expires | ☐ Permanent Registration | VIN CDR03D44810003 |
|---|---|---|---|---|---|---|

| Year UNK | Make CANNONDALE | Model BB30 | Style BICYCLE | Color BLK | Body Type Category OTHER(E.G. FARM EQUIPMENT HEAVY MACHINERY) |
|---|---|---|---|---|---|

| Special Function of Motor Vehicle in Transport NO SPECIAL FUNCTION | Emergency Motor Vehicle Use NO | Type of Bus Use NOT A BUS |
|---|---|---|

| Owner First Name SALLY | Owner Middle Name DEE | Owner Last Name STASIO | Owner Suffix | Owner Business (if not Person) |
|---|---|---|---|---|

| Address 64 HOACH ROAD | | Address Other | City MIDWAY | State GA | Zip Code 31320 |
|---|---|---|---|---|---|

| Owner Phone Number 979-574-3988 | Owner Phone Number (other) | Insurance Company NOT APPLICABLE | Insurance Policy Number NOT APPLICABLE | |
|---|---|---|---|---|

| Crash Number<br>C000433008-01 | Reporting Agency<br>GEORGIA DEPARTMENT OF PUBLIC SAFETY | | Reporting Agency Case Number | Reporting Agency CAD Number<br>GSPI16CAD064866 |
|---|---|---|---|---|

| Vehicle Removal<br>LEFT AT SCENE - NOT DISABLED | Vehicle Towed By<br>TOBY HANSEN | | | Wrecker Selection Method<br>OWNER REQUEST |
|---|---|---|---|---|

| Direction of Travel Before Crash<br>EASTBOUND | Estimated<br>Speed: | Posted<br>55 | Roadway Type<br>UNDIVIDED HIGHWAY | Total Lanes<br>2 | Roadway Horizontal Alignment<br>STRAIGHT | Roadway Grade<br>LEVEL |
|---|---|---|---|---|---|---|

| Trafficway Description<br>TWO-WAY NOT DIVIDED | | Traffic Control Device Type<br>NO CONTROLS | | Working Properly |
|---|---|---|---|---|

Roadway Description for Vehicle Travel
ISLANDS HIGHWAY EB

| Vehicle Maneuver Action (this vehicle)<br>MOVEMENTS ESSENTIALLY STRAIGHT AHEAD | Hit & Run (by this vehicle)<br>NO DID NOT LEAVE SCENE | Damage Extent (for this vehicle)<br>DISABLING DAMAGE |
|---|---|---|

| 1st Sequence of Events Type (this vehicle)<br>COLLISION NON-FIXED OBJECT | 1st Sequence of Events Detail (this vehicle)<br>MOTOR VEHICLE IN TRANSPORT |
|---|---|

| 2nd Sequence of Events Type (this vehicle)<br>NON-COLLISION | 2nd Sequence of Events Detail (this vehicle)<br>OVERTURN/ROLLOVER |
|---|---|

| Most Harmful Event Type (this vehicle)<br>COLLISION NON-FIXED OBJECT | Most Harmful Event Detail (this vehicle)<br>MOTOR VEHICLE IN TRANSPORT |
|---|---|

| Contributing Circumstances 1 (this vehicle)<br>LIGHTS (HEAD SIGNAL TAIL) | Contributing Circumstances 2 (this vehicle)<br>NONE |
|---|---|

Area of Initial Impact

- [ ] Non Collision
- [ ] Top
- [ ] Undercarriage
- [ ] Unknown

Most Damaged Area

- [ ] Non Collision
- [ ] Top
- [ ] Undercarriage
- [ ] Unknown

| Occupant Type<br>DRIVER | Person Name (First Middle Last Suffix)<br>SALLY DEE STASIO | Injury Status<br>NON FATAL INJURY |
|---|---|---|

## DRIVER V01

| Person Type<br>DRIVER | NM# | Vehicle#<br>V01 | Person Type Detail |
|---|---|---|---|

| First Name<br>JAMES | Middle Name<br>RICHARD | Last Name<br>MORRIS | Suffix | Date of Birth<br>931 | Age<br>85 | Sex<br>M |
|---|---|---|---|---|---|---|

| Address<br>493 BRIGANTINE DUNMORE RD | Address Other | City<br>MIDWAY | State<br>GA | Zip Code<br>31320 |
|---|---|---|---|---|

| Phone Number | Phone Number (other) | Condition at Time of Crash<br>APPARENTLY NORMAL |
|---|---|---|

| Driver License Number<br>019001635 | Class<br>C | Expires<br>9 | State<br>GA | Jurisdiction<br>02 | Type<br>NON-CDL DRIVER'S LICENSE | Status<br>VALID LICENSE |
|---|---|---|---|---|---|---|

| Driver License Restrictions 1<br>NONE | Drivers License Restrictions 2<br>NONE | Drivers License Restrictions 3<br>NONE |
|---|---|---|

| Driver Distracted By<br>NOT DISTRACTED | Driver Vision Obstructions<br>VISION NOT OBSCURED |
|---|---|

| Driver Actions at Time of Crash 1 (based on judgement of investigation officer)<br>IMPROPER PASSING | Driver Actions at Time of Crash 2 (based on judgement of investigation officer)<br>NO CONTRIBUTING ACTION |
|---|---|

| Driver Actions at Time of Crash 3 (based on judgement of investigation officer)<br>NO CONTRIBUTING ACTION | Driver Actions at Time of Crash 4 (based on judgement of investigation officer)<br>NO CONTRIBUTING ACTION |
|---|---|

| Motor Vehicle Seating Position: Row<br>FRONT | Motor Vehicle Seating Position: Seat<br>LEFT | Motor Vehicle Seating Position: Other<br>NOT APPLICABLE | | [ ] Seating Position Unknown |
|---|---|---|---|---|

| Restraint Systems<br>SHOULDER AND LAP BELT USED | Helmet Use |
|---|---|

| Air Bag Deployed<br>NOT DEPLOYED | Ejection<br>NOT EJECTED |
|---|---|

| Trapped Extrication<br>NOT TRAPPED | | |
|---|---|---|

| Injury Severity Level Type<br>NO INJURY(O) | Injury Severity Level Detail | Primary or Most Obvious of Body Area Injured During Crash |
|---|---|---|

| Source of Transport to Medical Facility<br>NOT TRANSPORTED | EMS Agency Name or ID | EMS Run Number | Medical Facility Transported To |
|---|---|---|---|

| Law Enforcement Suspected Alcohol Use<br>NO | Alcohol Test Type | Alcohol Test Result<br>TEST NOT GIVEN | Alcohol Test Result | BAC |
|---|---|---|---|---|

| Law Enforcement Suspected Drug Use<br>NO | Drug Test Type | Drug Tested<br>TEST NOT GIVEN | Drug Test Result |
|---|---|---|---|

## DRIVER V02

| Person Type<br>DRIVER | NM# | Vehicle#<br>V02 | Person Type Detail |
|---|---|---|---|

| First Name<br>SALLY | Middle Name<br>DEE | Last Name<br>STASIO | Suffix | Date of Birth<br>983 | Age<br>32 | Sex<br>F |
|---|---|---|---|---|---|---|

| Address<br>64 HOACH ROAD | Address Other | City<br>MIDWAY | State<br>GA | Zip Code<br>31320 |
|---|---|---|---|---|

| Phone Number | Phone Number (other) | Condition at Time of Crash<br>APPARENTLY NORMAL |
|---|---|---|

| Driver License Number<br>14671632 | Class<br>C | Expires | State<br>TX | Jurisdiction<br>02 | Type<br>NON-CDL DRIVER'S LICENSE | Status<br>VALID LICENSE |
|---|---|---|---|---|---|---|

| Driver License Restrictions 1<br>NONE | Drivers License Restrictions 2<br>NONE | Drivers License Restrictions 3<br>NONE |
|---|---|---|

| Driver Distracted By<br>NOT DISTRACTED | Driver Vision Obstructions<br>VISION NOT OBSCURED |
|---|---|

| Driver Actions at Time of Crash 1 (based on judgement of investigation officer)<br>NO CONTRIBUTING ACTION | Driver Actions at Time of Crash 2 (based on judgement of investigation officer)<br>NO CONTRIBUTING ACTION |
|---|---|

| Driver Actions at Time of Crash 3 (based on judgement of investigation officer)<br>NO CONTRIBUTING ACTION | Driver Actions at Time of Crash 4 (based on judgement of investigation officer)<br>NO CONTRIBUTING ACTION |
|---|---|

| Motor Vehicle Seating Position: Row<br>FRONT | Motor Vehicle Seating Position: Seat<br>LEFT | Motor Vehicle Seating Position: Other<br>NOT APPLICABLE | | [ ] Seating Position Unknown |
|---|---|---|---|---|

| Restraint Systems<br>NOT APPLICABLE | Helmet Use<br>NO HELMET |
|---|---|

| Air Bag Deployed<br>NOT APPLICABLE | Ejection<br>NOT EJECTED |
|---|---|

| Trapped Extrication<br>NOT TRAPPED | | |
|---|---|---|

| Injury Severity Level Type<br>NON FATAL INJURY | Injury Severity Level Detail<br>INCAPACITATING (A) | Primary or Most Obvious of Body Area Injured During Crash<br>UNSPECIFIED |
|---|---|---|

OFFICIAL COPY                    Version 9.9.9.9

| Crash Number C000433008-01 | Reporting Agency GEORGIA DEPARTMENT OF PUBLIC SAFETY | | Reporting Agency Case Number | Reporting Agency CAD Number GSPI16CAD064866 |
| --- | --- | --- | --- | --- |
| Source of Transport to Medical Facility EMS GROUND | EMS Agency Name or ID LIBERTY EMS | EMS Run Number 6765 | Medical Facility Transported To MEMORIAL HEALTH UNIVERSITY | |
| Law Enforcement Suspected Alcohol Use NO | Alcohol Test Type | Alcohol Tested TEST NOT GIVEN | Alcohol Test Result | BAC |
| Law Enforcement Suspected Drug Use NO | Drug Test Type | Drug Tested TEST NOT GIVEN | Drug Test Result | |

**NARRATIVE: C000433008**

Vehicle #1 was traveling west on Islands Highway. Vehicle #2, a bicycle, was traveling east on Islands Highway. Driver #1 entered the eastbound lane and was in the process of overtaking an unknown westbound vehicle. Driver #1 did not see Vehicle #2 and Vehicle #1 struck Vehicle #2 in the left side with Vehicle #1's left front fender. This impact caused Vehicle #2 to leave the roadway and travel onto the south shoulder. Vehicle #2 and Driver #2 came to rest in the south ditch. After impact, Driver #1 turned around and stopped at the scene to await the arrival of law enforcement.

There was no roadway evidence to indicate the area of impact. Vehicle #2 did not have a headlight illuminated at the time of the crash according to Driver #1, and Driver #1 stated that he could not see Vehicle #2 approaching due to the low light conditions. The investigating Trooper inspected Vehicle #2 and it was not equipped with a headlight.   According to the Georgia Department of Natural Resources, sunset was at 1725 hours on this date. This crash was reported to Liberty 911 at 1736 hours. According to Georgia code 40-8-20, vehicles are not required to display headlights until 30 minutes after sunset.

The roadway width of Islands Highway in the area of the crash is approximately 25 feet 6 inches.

This investigation was recorded on GSP DVD#966-021-2016. Digital photographs were taken by the investigating Trooper.

| REPORTING OFFICER | | APPROVING OFFICER (SUPERVISOR) | |
| --- | --- | --- | --- |
| Reporting Officer Name BALKCOM, R.P.  SFC | Signature | Approving Officer Name HUTCHINSON, C. | Signature |
| ID Number 0966        Rank        SFC | *R. P. Balkcom #966* | ID Number 0993        Rank        CORPORAL | |
| Org / Unit GSP\POST | | Org / Unit GSP\POST | |

| Crash Number C000433008-01 | Reporting Agency GEORGIA DEPARTMENT OF PUBLIC SAFETY | Reporting Agency Case Number | Reporting Agency CAD Number GSPI16CAD064866 |

**DIAGRAM OF ACCIDENT**



EXHIBIT "B"

EXHIBIT "C"

**IN THE STATE COURT OF LIBERTY COUNTY**
**STATE OF GEORGIA**

SALLY D. STASIO,

       Plaintiff,

v.

THOMAS J. RATCLIFFE, JR.,
AS ADMINISTRATOR OF THE
ESTATE OF JAMES R. MORRIS,

       Defendant.

Civil Action No. STSV2017000137

2021 AUG 12  PM 4:14

OFFICE OF CLERK
LIBERTY SUPERIOR STATE
CIVIL & MAGISTRATE COURT

## JUDGMENT

The above-styled matter, having come before the Court and a jury of twelve for trial on August 9, 2021 through August 10, 2021, and the jury having returned its verdict in favor of Plaintiff, Sally D. Stasio, in the amount of $3,000,000.00, with 100% of fault apportioned to Defendant, and 0% of fault apportioned to the Plaintiff:

**NOW THEREFORE, IT IS ORDERED, JUDGED, AND DECREED,** in accordance with the jury's verdict, that judgment be rendered against THOMAS J. RATCLIFFE, JR., as Administrator of the ESTATE OF JAMES R. MORRIS, and damages are awarded to Plaintiff Sally D. Stasio in the amount of THREE MILLION DOLLARS ($3,000,000.00). All costs are cast against the Defendant.

SO ORDERED this 11th day of August, 2021.

The Honorable Jeffery N. Osteen
Judge, State Court of Liberty County

Exhibit "D"

# LLOYD D. MURRAY, SR., ATTORNEY AT LAW

Lloyd D. Murray, Sr., Senior Attorney
Brianna Michelle Lucas, Associate
Ivanna Marie Livingstone, Associate

10164 FORD AVENUE, SUITE A
POST OFFICE BOX 1569
RICHMOND HILL, GA 31324
Telephone: (912) 756-4775
Facsimile: (912) 756-6310

**Ivanna Marie Livingstone**
mlivingstone@themurrayfirm.com
*www.themurrayfirm.com*

February 7, 2017

*via electronic mail to statefarmclaims@statefarm.com*
Ms. Latasha Williams
Claim Specialist
State Farm Automobile Insurance Company

RE:  Claim Number:  11-9-N09-949
     Claimant:       Sally Stasio
     Your Insured:   James Morris
     Date of Injury: November 19, 2016

Dear Ms. Williams:

As you are aware, this firm represents Sally Stasio in relation to injuries she sustained when she was struck by your insured while riding her bicycle on Islands Parkway in Liberty County, Georgia. Dr. Stasio was transported from the scene by EMS with significant injures to Memorial Medical Center in Savannah, Georgia.

Dr. Stasio is a physician on active duty with the US Army, currently stationed at Fort Stewart. Dr. Stasio was seriously and permanently damaged as a result of the wreck in which your insured, James Morris was found to be at fault (The Accident Report is attached for your review). In addition to lacerations and multiple contusions, she suffered a left distal tibia fracture and a comminuted left scapular fracture. (Records from Memorial Medical Center in Savannah, as well as orthopedic documentation from Winn Army Medical Center regarding her treatment are attached for your review). As you can see from the records, Dr. Stasio required an initial thirty day convalescent leave due to her injuries. Unfortunately, conservative treatment failed and Dr. Stasio subsequently required surgical intervention for her tibial fracture, with an open reduction and internal fixation. She remains non-weight bearing. She has very recently been able to return to her duties with accommodations made for her physical limitations. Her medical care is ongoing.

Perhaps of greater significance than the tibial fracture, is her shoulder injury which prevents adequate range of motion and severely limits Dr. Stasio's activities as a surgeon. It is anticipated that surgical intervention will be required to address this problem as well. Currently, she has limited range of motion and a distinct decrease in strength in her injured shoulder and arm. This has already necessitated special assistance in the operating room and a decreased surgical schedule for her. Unfortunately, there is

a very real possibility that surgical correction will not completely resolve these problems, negatively impacting her professional career as a surgeon, both in the Army and later in private practice.

On behalf of my client, I demand the policy limits of all amounts of insurance coverage for James Morris available for this accident. Based on your representation, I understand that amount is $100,000.00. In return, Dr. Stasio will execute a limited liability release. It is my understanding that all outstanding medical bills were covered either by the military or Dr. Stasio's health insurance. Dr. Stasio agrees to be responsible for all such liens and will indemnify Mr. Morris and State Farm up to the amount of paid coverage.

<u>This offer is open for thirty (30) days</u>. Our desire is to amicably resolve the issues in this matter without extended formal litigation. We believe this serves the best interest of our client and your insured. However, regarding the time period in which you are requested to reply, we invite your attention to the case of *Southern General Insurance Company v. Holt et* al., 200 Ga. App. 759, 409 S.E. 2d 852 (1991); Southern *General Insurance Company v. Holt et al*, 262 Ga. 267, 416 S.E. 2d 274 (1992); *Cotton States Mutual Insurance Company v. Brightman*, 276 Ga. 683, 580 S.E. 2d 519 (2003); and, *State Farm Automobile Insurance Company et al. v. Metropolitan Property & Casualty Insurance Company et al.*, 284 Ga. App. 430, 643 S.E. 2d 895 (2007). These cases clearly place the burden on the insurer to attempt to meet reasonable time specifications for acceptance of an offer of compromise.

*This is a Clear and Unequivocal Opportunity to Globally Settle This Case*
*And Protect Your Insured From The Consequences Of A Verdict and*
*Judgment in Excess Of The Limits of The Insurance Policies.*

Please allow me to thank you for sharing this offer with your insured, James Morris and giving this matter your prompt attention. I look forward to your response.

Very truly yours,

Marie Livingstone

IML/tbs
Enclosures

cc:    Sally Stasio, MD (via electronic mail)

*Providing Insurance and Financial Services*
*Home Office, Bloomington, IL*

 **StateFarm®**

March 03, 2017                     EXHIBIT "E"

Marie Livingstone                        **State Farm Claims**
Lloyd D Murray Sr.                       PO Box 106171
PO Box 1569                              Atlanta GA 30348-6171
Richmond Hill GA  31324-1569

RE:    Claim Number:    11-9N09-949
       Date of Loss:    November 19, 2016
       Our Insured:     James Morris
       Your Client:     Sally Stasio

Dear Attorney Livingstone:

We received your February 7, 2017 time limit demand for your client, Sally Stasio. We have concluded the evaluation of your client's claim resulting from this loss. Based on the documentation provided, State Farm® is willing to settle your client's claim for $18,500.00.

This settlement is inclusive of all damages, known and unknown, and any liens, assignments or statutory rights of recovery.

Please contact us once you have had an opportunity to review this offer.

Sincerely,


Latasha Williams
Claim Specialist
(844) 292-8615 Ext. 339
Fax:    (855) 820-6318

State Farm Mutual Automobile Insurance Company

EXHIBIT "F"

# LLOYD D. MURRAY, SR.,
# ATTORNEY AT LAW

Lloyd D. Murray, Sr., Senior Attorney
Brianna Michelle Lucas, Associate
Ivanna Marie Livingstone, Associate

10164 FORD AVENUE, SUITE A
POST OFFICE BOX 1569
RICHMOND HILL, GA 31324
Telephone: (912) 756-4775
Facsimile: (912) 756-6310

Ivanna Marie Livingstone
mlivingstone@themurrayfirm.com
*www.themurrayfirm.com*

March 13, 2017

*via electronic mail to statefarmclaims@statefarm.com*
*via facsimile to 855- 820-6318*
Ms. Latasha Williams
Claim Specialist
State Farm Automobile Insurance Company

|     |                |                 |
|-----|----------------|-----------------|
| RE: | Claim Number:  | 11-9-N09-949    |
|     | Claimant:      | Sally Stasio    |
|     | Your Insured:  | James Morris    |
|     | Date of Injury:| November 19, 2016 |

Dear Ms. Williams:

Thank you for your March 3, 2017, facsimile wherein you offered $18,500.00 in response to our demand for your insured's policy limits. As we have discussed, we did not have records from the most recent three (3) office visits at Winn Army Medical Center (WAMC), nor billing records from WAMC to provide to you at that time. I have now obtained those documents and enclose a copy of same. Out of an abundance of caution I have enclosed <u>all</u> of the WAMC records which were received by our office (most of which you have already reviewed), as well as the billing/payment statement and the lien notice from the US Government. As you can readily see, Dr. Stasio's medical bills are in excess of $24,000.00.

By this correspondence, I am renewing our demand for the policy limits of all amounts of insurance coverage for James Morris available for this accident. Based on your representation, I understand that amount is $100,000.00. In return, Dr. Stasio will execute a limited liability release. All medical bills were covered by the military or Tricare. Dr. Stasio agrees to be responsible for all liens and will indemnify Mr. Morris and State Farm up to the amount of paid coverage.

<u>**This offer will remain open through April 3, 2017.**</u>

Very truly yours,

Marie Livingstone

IML/tbs
Enclosures

cc:   Sally Stasio, MD (via electronic mail)

EXHIBIT "G"

IN THE STATE COURT OF LIBERTY COUNTY
STATE OF GEORGIA

SALLY D. STASIO,                          )
                                          )
                    Plaintiff,            )
                                          )
vs.                                       )       CIVIL ACTION NO. STSV2017-000137
                                          )
THOMAS J. RATCLIFFE, JR., as              )
Administrator of the ESTATE OF            )
JAMES R. MORRIS,                          )
                                          )
                    Defendant.            )

## VERDICT

**Instructions:  Read entire jury verdict form at beginning of deliberations.
Mark an "X" in the appropriate space and/or enter a dollar amount, if
appropriate.**



1.   ___X___        We, the jury, find by a preponderance of the evidence <u>in favor of</u>

             <u>Plaintiff</u>, Sally D. Stasio, and <u>against Defendant</u> Thomas J.

             Ratcliffe, Jr. as Administrator of the Estate of James R. Morris.

                                    OR

2.   _____        We, the jury, find <u>in favor of Defendant</u> Thomas J. Ratcliffe, Jr. as

             Administrator of the Estate of James R. Morris and <u>against</u>

             <u>Plaintiff</u>.


**If 1 is checked, proceed to 3.**

**If 2 is checked, your deliberations are finished.  You should sign and date the verdict form**

**and let the Court know you have reached a verdict.**

3.  We, the jury, find in favor of Plaintiff, Sally D. Stasio, in the total mount of

    $ _3,000,000_ in damages.

4.  We, the jury, apportion responsibility for this incident as follows:

    _100_ %   James Morris

    _0_ %    Plaintiff

    (When the percentages are added together, the total must be 100%)


**ONCE YOU HAVE ANSWERED QUESTION 4 (IF APPLICABLE), THEN YOUR DELIBERATIONS ARE FINISHED.  SIGN THE VERDICT FORM BELOW AND NOTIFY THE COURT THAT YOU HAVE REACHED A VERDICT.**

This, the _10_ day of August, 2021.


_Timothy E. Roberson Sr._
Foreperson Name

_[signature]_
Foreperson Signature