349 Fed.Appx. 489
This case was not selected for
publication in the Federal Reporter.
Not for Publication in West's Federal Reporter See Fed.
Rule of Appellate Procedure 32.1 generally governing
citation of judicial decisions issued on or after Jan.
1, 2007. See also Eleventh Circuit Rules 36-2, 36-3.
(Find CTA11 Rule 36-2 and Find CTA11 Rule 36-3)
United States Court of Appeals,
Eleventh Circuit.

Melissa Avery DUMAS, Camille J.
(Dumas) Watson, Plaintiffs–Appellants,

v.

ACCC INSURANCE COMPANY, f.k.a.
American Century Casualty Company,
Mark McMasters, Defendants–Appellees.

No. 09–13027
|
Non–Argument Calendar.
|
Oct. 20, 2009.

**Synopsis**
**Background:** Insured's assignees filed state court action alleging that insurer and insurance adjuster acted with negligence and in bad faith by accepting assignees' demand in underlying wrongful death action without requiring them to relinquish all claims against insured. In separate action, insurer brought suit for declaratory relief, claiming that insured breached her duty to cooperate and that insured and assignees engaged in fraudulent conduct designed to manufacture claim. After removal, actions were consolidated. The United States District Court for the Northern District of Georgia, 621 F.Supp.2d 1279, denied assignees' motion to remand and entered judgment in insurer's favor. Assignees appealed.

**Holding:** The Court of Appeals held that adjuster's joinder did not defeat removal to federal court on basis of diversity of citizenship.

Affirmed.

See also, 349 Fed.Appx. 492, 2009 WL 3358480.

West Headnotes (1)

[1]  **Removal of Cases**  Improper or collusive joinder of parties

Under Georgia law, non-diverse insurance adjuster had no independent duty to insured to settle claim against her, and thus adjuster's joinder in insured's assignees' suit against diverse insurer for bad faith failure to settle underlying suit did not defeat removal to federal court on basis of diversity of citizenship.

12 Cases that cite this headnote

**Attorneys and Law Firms**

***490** Alexander Thomas Stubbs, Decatur, GA, John Martel Hyatt, Hyatt & Hyatt, P.C., Decatur, GA, for Plaintiffs–Appellants.

Fred M. Valz, III, Erica Leigh Parsons, Carlock, Copeland, Semler & Stair, LLP, Atlanta, GA, for Defendants–Appellees.

Appeal from the United States District Court for the Northern District of Georgia. D.C. Docket Nos. 09–00548–CV–WSD–1, 09–00230 CV–WSD.

Before CARNES, WILSON and PRYOR, Circuit Judges.

**Opinion**

PER CURIAM:

****1** Melissa Dumas and Camille Dumas Watson appeal the judgment in favor of American Century Casualty Company and against the Dumases' complaint of bad faith. The Dumases challenge the decisions of the district court to deny their motion to remand and to dismiss Mark McMasters as a party fraudulently joined to defeat diversity jurisdiction. We affirm.

**I. BACKGROUND**

# Exhibit C

Tammy Carter drove her car off a road in Decatur, Georgia, and struck and killed John Dumas. Carter later pleaded guilty to driving under the influence of alcohol and homicide by vehicle. At the time of the accident, Carter was **insured** by American Century through an automobile policy that provided coverage for bodily injuries of $25,000 per person and $50,000 per accident. Dumas's surviving spouse, Melissa, and daughter, Camille, sought to recover from Carter, and American Century assigned McMasters, an insurance adjuster, to resolve their claim.

The Dumases mailed to McMasters a settlement demand for Carter's policy limit of $25,000. The Dumases agreed to accept the policy limit and to release American Century, but the Dumases refused to release Carter from personal liability for John Dumas's death. McMasters "agree[d] to the terms of [the] demand" and tendered to the Dumases a $25,000 check, accompanied by a release of both American Century and Carter. American Century later asserted that McMasters had agreed to the demand by mistake, and the Dumases sued American Century to enforce the terms of the settlement agreement. American Century agreed to pay the Dumases $25,000, and the Dumases dismissed their lawsuit.

The Dumases filed a complaint in a Georgia court alleging that Carter caused the wrongful death of John Dumas. American Century retained counsel to represent Carter and defended her in the lawsuit for over a year. The Dumases reached an agreement with Carter in which Carter consented to a judgment for four million dollars and assigned to the Dumases her potential claims against American Century and the Dumases relinquished their right to collect from Carter. Carter did not receive permission from American Century to settle the action.

**\*491** American Century filed a complaint in federal court seeking a declaration that it was not liable to the Dumases as assignees of Carter. American Century alleged that Carter had breached her contractual duty as an **insured** to cooperate to resolve a claim. American Century also alleged that Carter had colluded with the Dumases to manufacture a claim against American Century.

The Dumases filed a complaint in a Georgia court that alleged American Century and McMasters acted with negligence and in **bad faith** by accepting the demand of the Dumases without requiring them to relinquish all claims against Carter. The Dumases sought as damages the difference between the consent judgment and Carter's policy limit.

American Century and McMasters removed the action filed by the Dumases to a federal court based on diversity of citizenship. 28 U.S.C. § 1332. American Century and McMasters moved to dismiss McMasters and alleged that the Dumases fraudulently joined McMasters to defeat diversity jurisdiction. The Dumases moved to **remand** the case to state court.

**\*\*2** The district court denied the Dumases' motion to **remand**. The district court ruled that McMasters could not be held liable for negligence and dismissed him from the action as fraudulently joined. The court concluded that McMasters, as an adjuster, did not have a contractual relationship with Carter and did not owe her an implied duty to act in good faith.

The district court consolidated the actions by American Century and the Dumases, and the parties agreed to submit a stipulation of facts to resolve the corresponding duties of American Century and Carter. The district court entered a judgment in favor of American Century. The district court concluded that American Century was not guilty of **bad faith** by failing to obtain a release for Carter because the Dumases had stated they would not settle with Carter for the limits of her policy.

## II. STANDARD OF REVIEW

We review *de novo* the denial of a motion to **remand**. *Florence v. Crescent Res., L.L.C.,* 484 F.3d 1293, 1297 (11th Cir.2007).

## III. DISCUSSION

The Dumases challenge the denial of their motion to **remand** their action against McMasters and American Century to a Georgia court. The Dumases argue that McMasters was an agent of American Century and liable for his negligence to Carter. This argument fails.

When a defendant **removes** an action to federal court based on diversity of citizenship and the plaintiff and any defendant are citizens of the state in which the action has been filed, a district court is required to **remand** the action unless a party has been fraudulently joined. *Florence,* 484 F.3d at 1297. To dismiss a party as fraudulently joined, a defendant must prove that "there is no possibility the plaintiff can establish

a cause of action against the resident defendant." *Id.* If the defendant satisfies this "heavy" burden, *Crowe v. Coleman,* 113 F.3d 1536, 1538 (11th Cir.1997), then the district court must dismiss the non-diverse defendant and deny the motion to remand. *Florence,* 484 F.3d at 1297.

Under Georgia law, an insurance company has a duty " 'to use ordinary care and good faith in the handling of a claim against its insured.' " *Metro. Prop. & Cas. Ins. Co. v. Crump,* 237 Ga.App. 96, 97, 513 S.E.2d 33, 34 (1999) (quoting *Francis v. Newton,* 75 Ga.App. 341, 344, 43 S.E.2d 282, 284 (1947)). The obligation to act in good faith "arises out of the relationship **\*492** between the insurer and the insured created by the contract or policy of insurance." *Id.* That relationship also "creates an independent duty, implied from the terms of the contract, between insurer and insured" that the insurer not injure the insured through negligence or acts of bad faith. *Delancy v. St. Paul Fire & Marine Ins. Co.,* 947 F.2d 1536, 1545–46 (11th Cir.1991). *Cf. J. Smith Lanier & Co. v. Se. Forge Inc.,* 280 Ga. 508, 510, 630 S.E.2d 404, 406–07 (2006) (ruling that insurance brokers are not held "to the same standard of liability as that of [an] insurer" and are liable to the extent they "breach ... a contract to obtain insurance coverage" for an insured).

**\*\*3** The Georgia courts have held that insurance adjusters do not share the same relationship with an insured. Georgia courts have held that "there is no confidential relationship between an insured and the insurer's adjuster." *Irons v. CSX Transp., Inc.,* 224 Ga.App. 586, 481 S.E.2d 575, 576 (1997); *Moss v. Cincinnati Ins. Co.,* 154 Ga.App. 165, 166, 268 S.E.2d 676 (1980); *see, e.g., Henry v. Allstate Ins. Co.,* 129 Ga.App. 223, 227, 199 S.E.2d 338, 342 (1973), *overruled on other grounds by Tucker v. Chung Studio of Karate, Inc.,* 142 Ga.App. 818, 237 S.E.2d 223 (1977). In the absence of privity of contract, an insurance adjuster is not liable to an insured for a failure to settle a claim against an insured.

The Dumases, as assignees of Carter, cannot establish a cause of action against McMasters for negligence. Carter and American Century had a contractual relationship that required American Century to handle the claim against Carter in good faith, but McMasters did not owe Carter an independent duty to act in good faith. In the absence of a cause of action against McMasters, the district court correctly dismissed him from the action and denied the Dumases' motion to remand the action to state court.

## IV. CONCLUSION

We **AFFIRM** the dismissal of the Dumases' complaint against McMasters.

**All Citations**

349 Fed.Appx. 489, 2009 WL 3358479

---

**End of Document**  © 2023 Thomson Reuters. No claim to original U.S. Government Works.