State Court of Fulton County
**E-FILED**
23EV000133
1/6/2023 4:22 PM
Donald Talley, Clerk
Civil Division

**General Civil and Domestic Relations Case Filing Information Form**

☐ **Superior or** ☐ **State Court of** _____ **County**

| For Clerk Use Only |
|---|
| Date Filed _____ Case Number _____ |
| **MM-DD-YYYY** |

**Plaintiff(s)**                                          **Defendant(s)**

_____           _____
Last          First          Middle I.     Suffix     Prefix          Last          First          Middle I.     Suffix     Prefix

_____           _____
Last          First          Middle I.     Suffix     Prefix          Last          First          Middle I.     Suffix     Prefix

_____           _____
Last          First          Middle I.     Suffix     Prefix          Last          First          Middle I.     Suffix     Prefix

_____           _____
Last          First          Middle I.     Suffix     Prefix          Last          First          Middle I.     Suffix     Prefix

**Plaintiff's Attorney** _____     **Bar Number** _____     **Self-Represented** ☐

**Check One Case Type in One Box**

**General Civil Cases**
- ☐ **Automobile Tort**
- ☐ **Civil Appeal**
- ☐ **Contract**
- ☐ **Garnishment**
- ☐ **General Tort**
- ☐ **Habeas Corpus**
- ☐ **Injunction/Mandamus/Other Writ**
- ☐ **Landlord/Tenant**
- ☐ **Medical Malpractice Tort**
- ☐ **Product Liability Tort**
- ☐ **Real Property**
- ☐ **Restraining Petition**
- ☐ **Other General Civil**

**Domestic Relations Cases**
- ☐ **Adoption**
- ☐ **Dissolution/Divorce/Separate Maintenance**
- ☐ **Family Violence Petition**
- ☐ **Paternity/Legitimation**
- ☐ **Support – IV-D**
- ☐ **Support – Private (non-IV-D)**
- ☐ **Other Domestic Relations**

**Post-Judgment – Check One Case Type**
- ☐ **Contempt**
  - ☐ **Non-payment of child support, medical support, or alimony**
- ☐ **Modification**
- ☐ **Other/Administrative**

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____          _____
**Case Number**                          **Case Number**

☐ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
                                                                                    **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.
_____
_____

Version 1.1.18

**Exhibit D**

State Court of Fulton County
**E-FILED**
23EV000133
1/9/2023 9:55 AM
Donald Talley, Clerk
Civil Division

**GEORGIA, FULTON COUNTY**

DO NOT WRITE IN THIS SPACE

# STATE COURT OF FULTON COUNTY
### Civil Division

CIVIL ACTION FILE #: _____

_____

_____

_____

Plaintiff's Name, Address, City, State, Zip Code

vs.

_____

_____

_____

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [ ] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $_____ |
| [ ] SPECIAL LIEN | ************ |
| [ ] NEW FILING | |
| [ ] RE-FILING:  PREVIOUS CASE NO. _____ | |

State Farm Mutual Automobile Insurance Company
c/o registered agent Corporation Service Company
2 Sun Court, Suite 400
Peachtree Corners, GA 30092

## SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

  You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: _____

Address: _____

City, State, Zip Code: _____    Phone No.:_____

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center  at 185 Central Ave., S.W., Ground Floor, Room TG300,  Atlanta, GA 30303.

Donald Talley, Chief Clerk (electronic signature)

_____

*SERVICE INFORMATION:*

 Served, this _____ day of _____, 20_____.    _____
    DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

_____

This _____ day of _____, 20_____.    _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

**State Court of Fulton County**
**\*\*E-FILED\*\***
**23EV000133**
**1/6/2023 4:22 PM**
**Donald Talley, Clerk**
**Civil Division**

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **JAMES R. MORRIS, JR., AS ADMINISTRATOR OF THE ESTATE OF JAMES R. MORRIS,** | |
| **Plaintiff,** | |
| **v.** | **Civil Action No.** |
| **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and LATASHA WILLIAMS,** | |
| **Defendants.** | |

---

### COMPLAINT

**COMES NOW**, James R. Morris, Jr., as administrator of the Estate of James R. Morris, Plaintiff in the above-styled action, and files this Complaint, showing this honorable Court as follows:

### INTRODUCTION, PARTIES, JURISDICTION & VENUE

1. Plaintiff James R. Morris, Jr. is a resident of Fulton County, Georgia. He is the son of the late James R. Morris, who was an insured under a State Farm insurance Policy in effect at the time of the loss on November 19, 2016. As the administrator of the Estate of James R. Morris, James R. Morris, Jr., is a proper Plaintiff in this case.

2. Defendant State Farm Mutual Automobile Insurance Company ("State Farm") is a foreign insurance company, with its principal office address at One State Farm Plaza, Bloomington, IL. Defendant State Farm's registered agent is Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, GA, 30092, Gwinnett County, GA. Defendant State Farm can be served through said registered agent.

*Page 1*

3.      State Farm certified that the Policy at issue, ("the Policy"), number 328724511B, covering

        a 2001 Lexus RX 300, 118632, was issued by State Farm to James Morris and was in effect

        on the date of loss, November 19, 2016.

4.      The Policy provided for bodily injury liability coverage with a limit of $100,000 per person

        / 300,000 per accident. The loss was covered under the provisions of the Policy.

5.      State Farm sells insurance throughout the State of Georgia, and maintains an office and an

        agent in several counties in Georgia, including the county where this lawsuit is filed.

6.      Latasha Williams is a resident and citizen of Georgia. She can be served at her residence:

        3091 Cobb Pkwy NW, Apt 1311, Kennesaw, GA 30152.

7.      This court has jurisdiction over the Defendants and over the subject matter of this action.

8.      Jurisdiction and venue are proper in this honorable Court.

## FACTUAL ALLEGATIONS

9.      Plaintiff re-alleges and incorporates by reference all other allegations in this Complaint.

10.     On November 19, 2016, a loss occurred wherein Defendant State Farm's insured was

        involved in a vehicle-on-bicycle wreck with Major Sally Stasio ("Major Stasio") on Islands

        Highway in Liberty County, Georgia. State Farm's insured driver was found to be at-fault

        by the investigating trooper, as it is identified in the crash report. Mr. Morris, State Farm's

        insured, told the State Patrol officer that Major Stasio did not do a thing to cause the wreck.

11.     The investigating trooper's crash report shows Major Stasio was found to have no

        contributing action to the crash and was not at-fault. (*See* Exhibit "A")

12.     Witnesses at the scene heard Major Stasio screaming in pain and noticed obvious signs of

        trauma and injury. (*See* Exhibit "B")

13.   Major Stasio was seriously injured. She suffered broken bones and painful injuries requiring surgery and significant treatment. This was apparent in the State Patrol officer's report.

14.   Promptly after the wreck, State Farm knew that its insured was subject to liability for causing the crash and that the damages were extensive.

15.   Shortly after the wreck, Mr. James R. Morris, who had been driving the involved Lexus described herein, advised the investigating trooper that Maj. Stasio, was "very cautious in her riding."

16.   State Farm received offers, including offers to settle for policy limits, which were not passed along properly to the insured or his representatives.

17.   State Farm continued to put its own interests above that of the insured.

18.   State Farm refused to afford the insured the same faithful consideration it gave to its own interests.

19.   State Farm's insured driver of the Lexus in this crash was tormented the last weeks of his life with feelings of guilt and with this matter hanging over his head.

20.   While in receipt of offers to settle the case, at the expense of its insured, State Farm rejected clear opportunities to prevent the trouble of litigation, resulting in a jury trial and verdict for $3 Million, and this excess judgment. (*See* Judgment attached hereto as Exhibit "C").

21.   Despite promises and the responsibility to act differently, State Farm effectively hung its insured out to dry.

22.   State Farm received an offer to settle from Major Stasio's counsel for the $100,000 policy limits. The demand was made on February 7, 2017. The offer was open for 30 days. This offer to settle includes the following, in bold: **"This is a clear and unequivocal**

*Page 3*

**opportunity to globally settle this case and protect your insured(s) from the consequences of a verdict and judgment in excess of the limits of the insurance policies."** (Exhibit "D").

23.   Latasha Williams, State Farm Claims Specialist, undertook claims negotiations and engaged in correspondence concerning negotiations for this claim described herein.

24.   In response to the first demand for policy limits, State Farm made a counteroffer.

25.   According to Mr. Morris's wife, they never received the demand made by Major Stasio's counsel.

26.   This first counteroffer for $18,500, attached as Exhibit "E", was sent by State Farm via facsimile. This similarly was done without consulting State Farm's insured.

27.   This letter from State Farm, includes:

We received your February 7, 2017 time limit demand for your client, Sally Stasio. We have concluded the evaluation of your client's claim resulting from this loss. Based on the documentation provided, State Farm is willing to settle your client's claim for $18,500.00.

This settlement is inclusive of all damages, known and unknown, and any liens, assignments or statutory rights of recovery.

Please contact us once you have had an opportunity to review this offer.

28.   These statements – that "[w]e have concluded the evaluation of your client's claim" – were deceitful and irresponsible. At the time Ms. Williams wrote this letter, she had not:

a.      Talked to the State Trooper who investigated the wreck;

b.      Talked to or attempted to talk to Major Stasio, who was out of work as a surgeon in the United States Army;

c.      Attempted to get a medical release to talk to Major Stasio's treating doctors;

*Page 4*

    d.    Performed other basic tasks which should have been done.

By her statements, Ms. Williams has specifically represented she assumed this duty.

29.    This, and other actions by Defendants, illustrate a deliberate attempt to get a "below market value" deal on resolving this case, even if it meant exposing its insured to additional litigation, difficulty, and a judgment. At this time, and at other times throughout its handling of this claim, State Farm knew the insured, and others, could be exposed to a judgment in the millions of dollars. It was unreasonable for State Farm and Ms. Williams to continue in this way.

30.    Defendants knew or should have known, at all times relevant, including at the time of this $18,500 counteroffer, that liability was clear and that the injuries and damages to Major Stasio were substantial.

31.    On information and belief, Ms. Williams received financial incentives from concluding claims below the market value. This put Ms. Williams in an improper conflict with Mr. Morris.

32.    Having received State Farm's counteroffer, the March 3, 2017 letter from Latasha Williams sent via fax, Major Stasio re-opened a policy limits offer, $100,000, giving State Farm another opportunity and even more time to protect its insured and resolve this matter. (*See* additional demand by Major Stasio attached as Exhibit "F")

33.    Then, on April 3rd, 2017, State Farm explained it was willing to settle for $30,000. State Farm made another written counteroffer in response to a valid offer to settle within policy limits, without appropriate regard for its insured and member/owner of its mutual insurance company.

*Page 5*

34.   On April 17, 2017, and again on June 5th, 2017, Latasha Williams, State Farm Claims Specialist, sent an additional counteroffer for $40,000. Again, State Farm and Ms. Williams were ignoring the interests of the insured for their own financial benefit.

35.   On September 21, 2017, after State Farm had already rejected multiple opportunities to settle within policy limits, State Farm claimed to have concluded the evaluation, and offered $50,000 to settle.

36.   At this time, and at all times relevant, Defendants knew or through the exercise of care should have known that this response to a demand would result in a lawsuit naming its insured and require the depositions and continued involvement of family members of the late James R. Morris.  Defendants also knew the personal injury claim of Major Stasio provided a very real opportunity for an excessive verdict in the millions of dollars.

37.   A lawsuit concerning this wreck and naming State Farm's insured was filed on October 31st, 2017.

38.   Sharon Morris, then surviving spouse of James R. Morris, was deposed. She was asked in the deposition whether she was ever forwarded a letter that counsel for Major Stasio wrote offering to resolve the case for $100,000 [policy limits]. In response, Ms. Morris testified "I didn't get a letter." The duty to keep Mr. and Mrs. Morris informed was owed by both State Farm and Defendant Williams.

39.   On November 9, 2017, State Farm sent a letter claiming to have received a October 5th, 2017 time limit demand. Again, State Farm refused to pay policy limits and made another offer for $50,000. At this time, and at other relevant times, State Farm knew or should have known of the likelihood of an excess judgment. Still, State Farm did not take appropriate steps.

40.     Nearly a year later, following service of the complaint and discovery, on November 12, 2018, State Farm, through counsel, stated for the first time that he was authorized to tender the $100,000 limits.

41.     Just a few days before trial, defense trial counsel passed along an offer to resolve the case for $250,000 (2.5 times the policy limits).

42.     Meanwhile, defense trial counsel sent an additional e-mail advocating State Farm's position. The purpose was to "reiterate [State Farm's] position regarding a potential bad faith claim against State Farm post verdict." This was not designed to serve the interests of the Estate but was instead intended by State Farm to serve State Farm above the insured's interests.

43.     On August 7, 2021 at 1:01 PM, Major Stasio responded to the $250,000 offer with a counter-offer for $2 million.

44.     Five minutes later, at 1:06 PM, defense trial counsel responded: "I don't have authority to increase our offer in light of the demand." Rather than afford serious consideration to this offer, State Farm and its agents were still not providing equal consideration to their insured and otherwise acting unreasonably.

45.     The jury awarded $3 Million in damages and 100% fault was placed on the Defendant Estate, State Farm's insured. Zero percent fault was allocated to Major Stasio. (*See* Exhibit "G," jury verdict form).

46.     State Farm continued to act unreasonably and caused real harm and damages.

47.     State Farm violated its promises.

48.     The Plaintiff suffered as a result.

49.     A judgment for $3 Million, plus interest, was entered against the Estate of James R. Morris.

*Page 7*

That amount of the judgment today, January 6, 2023, calculated with post-judgment interest, is in excess of $3,263,009.28, and it continues to accrue interest at the statutory rate (or $513.69 per diem).

## CAUSES OF ACTION

*Bad Faith Failure to Settle, Deceit, Negligent Failure to Settle*

50. Plaintiff re-alleges and incorporates by reference all other allegations in this Complaint.

51. As an insurer, Defendant State Farm owed its insured a duty to give him the same faithful consideration it gave its own interests. State Farm did not do so.

52. Defendants knew, or in the exercise of reasonable care should have known, that Major Stasio had sustained serious injuries as a result of the vehicle-on-bike wreck on November 19, 2016 and that a lawsuit resulting from that collision was likely to expose Mr. Morris to a verdict well in excess of the policy limits. Despite this knowledge, Defendant State Farm failed to take reasonable action to resolve this matter and protect its insured.

53. Defendants acted unreasonably in responding to settlement offers. Beyond this, Defendants Williams and State Farm represented they had completed an impeccably complete review of Major Stasio's claim. In fact, they had not even done a proper perfunctory examination of Major Stasio's claims.

54. Defendant State Farm acted in bad faith in refusing to take the necessary steps to settle within the policy limits by reason of the conduct described herein.

55. Defendant State Farm further acted in bad faith by failing to properly communicate any settlement process or strategy to Mr. Morris, or, his family after he died.

56. In the alternative, Defendant State Farm failed to act as a reasonably prudent insurer would

under the same circumstances.

57.    An ordinarily prudent insurer would know that choosing to reject Major Stasio's offers within its insured insurance policy limits and to try the case created an unreasonable risk.

58.    The Defendants' handling described herein caused an excess judgment to be obtained against the insured and other damages.

59.    The Plaintiff is vested with a cause of action in tort for damages in excess of the verdict and judgment against the Estate.

60.    State Farm caused damages to its insured by State Farm's negligent or bad faith failure to settle the Stasio third-party liability claim against State Farm's insured.

61.    General damages which flow from these tortious acts, caused by the Defendants negligence, deceit, and bad faith, include exposure to post-judgment discovery, damage to reputation, trouble and expense. Special damages sought include the current amount of the judgment with appropriate interest, and attorneys fees.

*Negligent Undertaking*

62.    Plaintiff re-alleges and incorporates by reference all other allegations in this Complaint.

63.    State Farm's claims specialist, Latasha Williams, took on claims review and communications with the insured and other activities in connection with the Stasio claim. She did so negligently.

64.    As a result of this negligence, the Plaintiff suffered damages, both general and special.

*Negligent Training and Negligent Retention*

65.    Plaintiff re-alleges and incorporates by reference all other allegations in this Complaint.

66.    State Farm's training of its claims representatives prioritizes settling claims for "below

*Page 9*

market value" over the interests of its insured.

67. At all times relevant, State Farm's training of its agents and claims specialists was negligent.

68. State Farm was also negligent in the retention of this claims adjuster.

69. As a result of this negligence, the Plaintiff suffered damages, both general and special.

*In the Alternative, Breach of Contract*

70. This claim is pled in the alternative. Plaintiff re-alleges and incorporates by reference all other allegations in this Complaint.

71. In the alternative, Defendant State Farm's failure to accept the settlement offers and breach of its insurance agreement and promises to its insured caused the continued litigation of Major Stasio's personal injury claim, thereby causing its insured to sustain damages, including but not limited to the entry of a civil judgment against the Estate of James R. Morris in an amount well in excess the available insurance coverage, as well as damage to the reputation of James R. Morris, and other damage.

72. Alternatively, Defendant breached its insurance contract and caused damages.

*Attorneys' Fees*

73. Plaintiff re-alleges and incorporates by reference all other allegations in this Complaint.

74. Defendants have acted in bad faith, have been stubbornly litigious and have caused Plaintiff unnecessary trouble and expense, and Defendants are liable to Plaintiff for attorney's fees and costs of litigation  pursuant to O.C.G.A. § 13-6-11.

*Intentional Infliction of Emotional Distress*
*Exemplary Damages*

75. Plaintiff re-alleges and incorporates by reference all other allegations  in this Complaint.

76.     Defendants' actions demonstrate willful and wanton misconduct with sufficient malice and wantonness to create a presumption of conscious indifference of the consequences.

77.     State Farm has acted with the specific intent to cause harm.

78.     State Farm's conduct was reprehensible. It controlled the defense of the Stasio lawsuit. In doing so, it advanced a theory that Major Stasio was at fault for the wreck. This tactic was directly contrary to the statements of its own insured, James Morris. Mr. Morris had told the Georgia State Patrol in the aftermath of this wreck that Major Stasio had done nothing wrong. By failing to accede to the statements of its own insured and the conclusions of the Georgia State Patrol, State Farm drove the verdict to $3 million.

79.     State Farm is liable for uncapped punitive damages under Georgia law, including O.C.G.A. § 51-12-5.1, and relevant Georgia common law.

**WHEREFORE,** Plaintiff prays for the following relief:

(A)     That summons and process issue and be served upon the Defendants;

(B)     That the Defendants be held liable to Plaintiff;

(C)     For a trial by jury;

(D)     That Plaintiff be awarded an appropriate sum to compensate for injuries and damages, both general and special (to include the full value of the judgment, with interest, today calculated at $3,263,009.28);

(E)     That Plaintiff be awarded punitive damages against Defendants in an amount sufficient to penalize, punish and deter Defendants from such

*Page 11*

conduct in the future;

(F)     The Plaintiff be awarded damages flowing from Defendants' intentional

failure to entertain Major Stasio's offer within limits and failure to keep its

insured apprised of these offers and responses, and the deceitful statements

that they had fully investigated Stasio's claims when they had done very

little constitute intentional acts which make State Farm liable for the

personal damage, reputation damage, and mental pain and suffering caused

to Mr. Morris and his Estate.

(G)     That Plaintiff be awarded reasonable attorney's fees and expenses of

litigation pursuant to O.C.G.A. § 13-6-11 or other applicable law; and

(H)     Such other and further relief as the Court deems just and proper.

THIS ___ day of January, 2023.

Brent J. Savage
Georgia Bar No. 627450
Zachary R. Sprouse
Georgia Bar No. 276708

SAVAGE, TURNER, PINCKNEY
SAVAGE & SPROUSE
Post Office Box 10600
Savannah, GA 31412
T: (912) 231-1140
F: (912) 231-9157
zsprouse@saavagelawfirm.net
clugar@savagelawfirm.net
lwickline@savagelawfirm.net

*Page 12*



**STATE OF GEORGIA TRAFFIC CRASH REPORT**
Georgia State Patrol
Georgia Department of Public Safety
P.O. Box 1456
Atlanta, Georgia 30371-1456

Exhibit "A"

| Crash Number | Reporting Agency | Reporting Agency Case Number | Reporting Agency CAD Number |
|---|---|---|---|
| C000433008-01 | GEORGIA DEPARTMENT OF PUBLIC SAFETY | | GSPII6CAD064866 |

## CRASH IDENTIFIERS

| County of Crash | City or Place of Crash | ☐ City Limits | Crash Date/Time | Reported Date/Time | Dispatched Date/Time |
|---|---|---|---|---|---|
| LIBERTY | | | 11/19/2016 05:36 PM | 11/19/2016 05:47 PM | 11/19/2016 05:47 PM |

| On Scene Date/Time | Cleared Scene Date/Time | Complete Date/Time | Reason (if Investigation Not Complete) | Source of Information |
|---|---|---|---|---|
| 11/19/2016 05:47 PM | 11/19/2016 06:44 PM | 11/19/2016 06:44 PM | | LAW ENFORCEMENT AGENCY |

## ROADWAY INFORMATION

| Roadway Description for Location of Occurrence | | Distance to City or Place of Crash | Latitude | Longitude |
|---|---|---|---|---|
| ISLANDS HIGHWAY | | | N 31 45.5934 | W 81 21.3046 |

| Intersecting Roadway Description for Location of Occurrence | Distance / Direction from Crash Location | Roadway Blocked | Roadway Cleared Date/Time |
|---|---|---|---|
| 0.2 MILES EAST OF BRIGDON ROAD | | | |

| Part of National Highway System | Roadway Functional Class Type | Roadway Functional Class Detail |
|---|---|---|
| NO | RURAL | MAJOR COLLECTOR |

| Type of Shoulder | Roadway Lighting | Roadway Bikeway Facility | Signed Bicycle Route |
|---|---|---|---|
| UNPAVED | NO LIGHTING | NONE | NOT APPLICABLE |

| Traffic Control Type at Intersection | Mainline Number of Lanes at Intersection | Side Road Number of Lanes at Intersection |
|---|---|---|
| NO CONTROL | | |

## CRASH INFORMATION

| Light Condition | Weather Condition | Roadway Surface Condition | ☑ Crash Pictures Taken |
|---|---|---|---|
| DUSK | CLEAR | DRY | |

| First Harmful Event Type | First Harmful Event Detail |
|---|---|
| COLLISION NON-FIXED OBJECT | MOTOR VEHICLE IN TRANSPORT |

| Total Counts | Vehicles | CMV | Motorists | Non-Motorists | Injured | Fatalities | Witnesses | Other Persons | Businesses | Violations |
|---|---|---|---|---|---|---|---|---|---|---|
| | 2 | 0 | 2 | | 1 | 0 | 0 | 0 | 0 | 0 |

| First Harmful Event's Relation to Junction | Is First Harmful Event within Interchange Area | Type of Intersection |
|---|---|---|
| NON-JUNCTION | NO | NOT AT INTERSECTION |

| Contributing Circumstances: Environment | Contributing Circumstances: Environment | Contributing Circumstances: Environment |
|---|---|---|
| NONE | NONE | NONE |

| Contributing Circumstances: Road | Contributing Circumstances: Road | Contributing Circumstances: Road |
|---|---|---|
| NONE | NONE | NONE |

| School Bus Related | Work Zone Related | Crash Location in Work Zone |
|---|---|---|
| NO | NO | |

## VEHICLE V01

| ▶ V01 | Motor Vehicle Type | | | State | License Number | Registration Expires | ☐ Permanent Registration | VIN |
|---|---|---|---|---|---|---|---|---|
| | MOTOR VEHICLE IN TRANSPORT | | | GA | ABM2846 | 2017 | | JTJGF10U510118632 |

| Year | Make | Model | Style | Color | Body Type Category | Type of Bus Use |
|---|---|---|---|---|---|---|
| 2001 | LEXUS | RX300 | MP | GRN | (SPORT) UTILITY VEHICLE | NOT A BUS |

| Special Function of Motor Vehicle in Transport | Emergency Motor Vehicle Use |
|---|---|
| NO SPECIAL FUNCTION | NO |

| Owner First Name | Owner Middle Name | Owner Last Name | Owner Suffix | Owner Business (if not Person) |
|---|---|---|---|---|
| SHARON | B | MORRIS | | |

| Address | Address Other | City | State | Zip Code |
|---|---|---|---|---|
| 1217 BAY ST UNIT 219B | | TYBEE ISLAND | GA | 31328-9789 |

| Owner Phone Number | Owner Phone Number (other) | Insurance Company | Insurance Policy Number |
|---|---|---|---|
| | | STATE FARM | 3287245D0311B |

| Vehicle Removal | Vehicle Towed By | Wrecker Selection Method |
|---|---|---|
| LEFT AT SCENE - NOT DISABLED | | |

| Direction of Travel Before Crash | Estimated Speed: | Posted 55 | Roadway Type | Total Lanes 2 | Roadway Horizontal Alignment | Roadway Grade |
|---|---|---|---|---|---|---|
| WESTBOUND | | | UNDIVIDED HIGHWAY | | STRAIGHT | LEVEL |

| Trafficway Description | Traffic Control Device Type | Working Properly |
|---|---|---|
| TWO-WAY NOT DIVIDED | NO CONTROLS | |

| Roadway Description for Vehicle Travel |
|---|
| ISLANDS HIGHWAY WB |

| Vehicle Maneuver Action (by this vehicle) | Hit & Run (by this vehicle) | Damage Extent (for this vehicle) |
|---|---|---|
| OVERTAKING/PASSING | NO DID NOT LEAVE SCENE | FUNCTIONAL DAMAGE |

| 1st Sequence of Events Type (this vehicle) | 1st Sequence of Events Detail (this vehicle) |
|---|---|
| COLLISION NON-FIXED OBJECT | PEDALCYCLE |

| Most Harmful Event Type (this vehicle) | Most Harmful Event Detail (this vehicle) |
|---|---|
| COLLISION NON-FIXED OBJECT | PEDALCYCLE |

| Contributing Circumstances 1 (this vehicle) | Contributing Circumstances 2 (this vehicle) |
|---|---|
| NONE | NONE |

| Area of Initial Impact | Most Damaged Area |
|---|---|
| ☐ Non Collision | ☐ Non Collision |
| ☐ Top | ☐ Top |
| ☐ Undercarriage | ☐ Undercarriage |
| ☐ Unknown | ☐ Unknown |

| Occupant Type | Person Name (First Middle Last Suffix) | Injury Status |
|---|---|---|
| DRIVER | JAMES RICHARD MORRIS | NO INJURY(O) |

## VEHICLE V02

| ▶ V02 | Motor Vehicle Type | | | State | License Number | Registration Expires | ☐ Permanent Registration | VIN |
|---|---|---|---|---|---|---|---|---|
| | MOTOR VEHICLE IN TRANSPORT | | | GA | NONE | | | CDR03D44810003 |

| Year | Make | Model | Style | Color | Body Type Category | Type of Bus Use |
|---|---|---|---|---|---|---|
| UNK | CANNONDALE | BB30 | BICYCLE | BLK | OTHER(E.G. FARM EQUIPMENT HEAVY MACHINERY) | NOT A BUS |

| Special Function of Motor Vehicle in Transport | Emergency Motor Vehicle Use |
|---|---|
| NO SPECIAL FUNCTION | NO |

| Owner First Name | Owner Middle Name | Owner Last Name | Owner Suffix | Owner Business (if not Person) |
|---|---|---|---|---|
| SALLY | DEE | STASIO | | |

| Address | Address Other | City | State | Zip Code |
|---|---|---|---|---|
| 64 HOACH ROAD | | MIDWAY | GA | 31320 |

| Owner Phone Number | Owner Phone Number (other) | Insurance Company | Insurance Policy Number |
|---|---|---|---|
| 979-574-3988 | | NOT APPLICABLE | NOT APPLICABLE |

| Crash Number | Reporting Agency | | Reporting Agency Case Number | Reporting Agency CAD Number |
|---|---|---|---|---|
| C000433008-01 | GEORGIA DEPARTMENT OF PUBLIC SAFETY | | | GSPI16CAD064866 |

| Vehicle Removal | Vehicle Towed By | Wrecker Selection Method |
|---|---|---|
| LEFT AT SCENE - NOT DISABLED | TOBY HANSEN | OWNER REQUEST |

| Direction of Travel Before Crash | Speed: | Estimated | Posted | Roadway Type | Total Lanes | Roadway Horizontal Alignment | Roadway Grade |
|---|---|---|---|---|---|---|---|
| EASTBOUND | | | 55 | UNDIVIDED HIGHWAY | 2 | STRAIGHT | LEVEL |

| Trafficway Description | | Traffic Control Device Type | Working Property |
|---|---|---|---|
| TWO-WAY NOT DIVIDED | | NO CONTROLS | |

| Roadway Description for Vehicle Travel |
|---|
| ISLANDS HIGHWAY EB |

| Vehicle Maneuver Action (this vehicle) | Hit & Run (by this vehicle) | Damage Extent (for this vehicle) |
|---|---|---|
| MOVEMENTS ESSENTIALLY STRAIGHT AHEAD | NO DID NOT LEAVE SCENE | DISABLING DAMAGE |

| 1st Sequence of Events Type (this vehicle) | 1st Sequence of Events Detail (this vehicle) |
|---|---|
| COLLISION NON-FIXED OBJECT | MOTOR VEHICLE IN TRANSPORT |

| 2nd Sequence of Events Type (this vehicle) | 2nd Sequence of Events Detail (this vehicle) |
|---|---|
| NON-COLLISION | OVERTURN/ROLLOVER |

| Most Harmful Event Type (this vehicle) | Most Harmful Event Detail (this vehicle) |
|---|---|
| COLLISION NON-FIXED OBJECT | MOTOR VEHICLE IN TRANSPORT |

| Contributing Circumstances 1 (this vehicle) | Contributing Circumstances 2 (this vehicle) |
|---|---|
| LIGHTS (HEAD SIGNAL TAIL) | NONE |

Area of Initial Impact

- [ ] Non Collision
- [ ] Top
- [ ] Undercarriage
- [ ] Unknown

Most Damaged Area

- [ ] Non Collision
- [ ] Top
- [ ] Undercarriage
- [ ] Unknown

| Occupant Type | Person Name (First Middle Last Suffix) | Injury Status |
|---|---|---|
| DRIVER | SALLY DEE STASIO | NON FATAL INJURY |

## DRIVER V01

| Person Type | NM# | Vehicle# | Person Type Detail |
|---|---|---|---|
| ☐ DRIVER | | V01 | |

| First Name | Middle Name | Last Name | Suffix | Date of Birth | Age | Sex |
|---|---|---|---|---|---|---|
| JAMES | RICHARD | MORRIS | | 931 | 85 | M |

| Address | Address Other | City | State | Zip Code |
|---|---|---|---|---|
| 493 BRIGANTINE DUNMORE RD | | MIDWAY | GA | 31320 |

| Phone Number | Phone Number (other) | Condition at Time of Crash |
|---|---|---|
| | | APPARENTLY NORMAL |

| Driver License Number | Class | Expires | State | Jurisdiction | Type | Status |
|---|---|---|---|---|---|---|
| 019001635 | C | 9 | GA | 02 | NON-CDL DRIVER'S LICENSE | VALID LICENSE |

| Drivers License Restrictions 1 | Drivers License Restrictions 2 | Drivers License Restrictions 3 |
|---|---|---|
| NONE | NONE | NONE |

| Driver Distracted By | Driver Vision Obstructions |
|---|---|
| NOT DISTRACTED | VISION NOT OBSCURED |

| Driver Actions at Time of Crash 1 (based on judgement of investigation officer) | Driver Actions at Time of Crash 2 (based on judgement of investigation officer) |
|---|---|
| IMPROPER PASSING | NO CONTRIBUTING ACTION |

| Driver Actions at Time of Crash 3 (based on judgement of investigation officer) | Driver Actions at Time of Crash 4 (based on judgement of investigation officer) |
|---|---|
| NO CONTRIBUTING ACTION | NO CONTRIBUTING ACTION |

| Motor Vehicle Seating Position: Row | Motor Vehicle Seating Position: Seat | Motor Vehicle Seating Position: Other | |
|---|---|---|---|
| FRONT | LEFT | NOT APPLICABLE | ☐ Seating Position Unknown |

| Restraint Systems | Helmet Use |
|---|---|
| SHOULDER AND LAP BELT USED | |

| Air Bag Deployed | Ejection |
|---|---|
| NOT DEPLOYED | NOT EJECTED |

| Trapped Extrication |
|---|
| NOT TRAPPED |

| Injury Severity Level Type | Injury Severity Level Detail | Primary or Most Obvious of Body Area Injured During Crash |
|---|---|---|
| NO INJURY(O) | | |

| Source of Transport to Medical Facility | EMS Agency Name or ID | EMS Run Number | Medical Facility Transported To |
|---|---|---|---|
| NOT TRANSPORTED | | | |

| Law Enforcement Suspected Alcohol Use | Alcohol Test Type | Alcohol Tested | Alcohol Test Result | BAC |
|---|---|---|---|---|
| NO | | TEST NOT GIVEN | | |

| Law Enforcement Suspected Drug Use | Drug Test Type | Drug Tested | Drug Test Result |
|---|---|---|---|
| NO | | TEST NOT GIVEN | |

## DRIVER V02

| Person Type | NM# | Vehicle# | Person Type Detail |
|---|---|---|---|
| ☐ DRIVER | | V02 | |

| First Name | Middle Name | Last Name | Suffix | Date of Birth | Age | Sex |
|---|---|---|---|---|---|---|
| SALLY | DEE | STASIO | | 983 | 32 | F |

| Address | Address Other | City | State | Zip Code |
|---|---|---|---|---|
| 64 HOACH ROAD | | MIDWAY | GA | 31320 |

| Phone Number | Phone Number (other) | Condition at Time of Crash |
|---|---|---|
| | | APPARENTLY NORMAL |

| Driver License Number | Class | Expires | State | Jurisdiction | Type | Status |
|---|---|---|---|---|---|---|
| 14671632 | C | | TX | 02 | NON-CDL DRIVER'S LICENSE | VALID LICENSE |

| Drivers License Restrictions 1 | Drivers License Restrictions 2 | Drivers License Restrictions 3 |
|---|---|---|
| NONE | NONE | NONE |

| Driver Distracted By | Driver Vision Obstructions |
|---|---|
| NOT DISTRACTED | VISION NOT OBSCURED |

| Driver Actions at Time of Crash 1 (based on judgement of investigation officer) | Driver Actions at Time of Crash 2 (based on judgement of investigation officer) |
|---|---|
| NO CONTRIBUTING ACTION | NO CONTRIBUTING ACTION |

| Driver Actions at Time of Crash 3 (based on judgement of investigation officer) | Driver Actions at Time of Crash 4 (based on judgement of investigation officer) |
|---|---|
| NO CONTRIBUTING ACTION | NO CONTRIBUTING ACTION |

| Motor Vehicle Seating Position: Row | Motor Vehicle Seating Position: Seat | Motor Vehicle Seating Position: Other | |
|---|---|---|---|
| FRONT | LEFT | NOT APPLICABLE | ☐ Seating Position Unknown |

| Restraint Systems | Helmet Use |
|---|---|
| NOT APPLICABLE | NO HELMET |

| Air Bag Deployed | Ejection |
|---|---|
| NOT APPLICABLE | NOT EJECTED |

| Trapped Extrication |
|---|
| NOT TRAPPED |

| Injury Severity Level Type | Injury Severity Level Detail | Primary or Most Obvious of Body Area Injured During Crash |
|---|---|---|
| NON FATAL INJURY | INCAPACITATING (A) | UNSPECIFIED |

**OFFICIAL COPY**          Version 9.9.9.9

| Crash Number<br>C000433008-01 | Reporting Agency<br>GEORGIA DEPARTMENT OF PUBLIC SAFETY | | Reporting Agency Case Number | Reporting Agency CAD Number<br>GSPII16CAD064866 |
|---|---|---|---|---|
| Source of Transport to Medical Facility<br>EMS GROUND | EMS Agency Name or ID<br>LIBERTY EMS | EMS Run Number<br>6765 | Medical Facility Transported To<br>MEMORIAL HEALTH UNIVERSITY | |
| Law Enforcement Suspected Alcohol Use<br>NO | Alcohol Test Type | Alcohol Tested<br>TEST NOT GIVEN | Alcohol Test Result | BAC |
| Law Enforcement Suspected Drug Use<br>NO | Drug Test Type | Drug Tested<br>TEST NOT GIVEN | Drug Test Result | |

**NARRATIVE: C000433008**

Vehicle #1 was traveling west on Islands Highway. Vehicle #2, a bicycle, was traveling east on Islands Highway. Driver #1 entered the eastbound lane and was in the process of overtaking an unknown westbound vehicle. Driver #1 did not see Vehicle #2 and Vehicle #1 struck Vehicle #2 in the left side with Vehicle #1's left front fender. This impact caused Vehicle #2 to leave the roadway and travel onto the south shoulder. Vehicle #2 and Driver #2 came to rest in the south ditch. After impact, Driver #1 turned around and stopped at the scene to await the arrival of law enforcement.

There was no roadway evidence to indicate the area of impact. Vehicle #2 did not have a headlight illuminated at the time of the crash according to Driver #1, and Driver #1 stated that he could not see Vehicle #2 approaching due to the low light conditions. The investigating Trooper inspected Vehicle #2 and it was not equipped with a headlight.   According to the Georgia Department of Natural Resources, sunset was at 1725 hours on this date. This crash was reported to Liberty 911 at 1736 hours. According to Georgia code 40-8-20, vehicles are not required to display headlights until 30 minutes after sunset.

The roadway width of Islands Highway in the area of the crash is approximately 25 feet 6 inches.

This investigation was recorded on GSP DVD#966-021-2016. Digital photographs were taken by the investigating Trooper.

| REPORTING OFFICER | | APPROVING OFFICER (SUPERVISOR) | |
|---|---|---|---|
| Reporting Officer Name<br>BALKCOM, R.P.  SFC | Signature | Approving Officer Name<br>HUTCHINSON, C. | Signature |
| ID Number     Rank<br>0966          SFC | R. P. Balkcom #966 | ID Number     Rank<br>0993          CORPORAL | Carl Hutchinson |
| Org / Unit<br>GSP\POST | | Org / Unit<br>GSP\POST | |

| Crash Number<br>C000433008-01 | Reporting Agency<br>GEORGIA DEPARTMENT OF PUBLIC SAFETY | Reporting Agency Case Number | Reporting Agency CAD Number<br>GSPI16CAD064866 |

**DIAGRAM OF ACCIDENT**



EXHIBIT "B"

EXHIBIT "C"

**IN THE STATE COURT OF LIBERTY COUNTY**
**STATE OF GEORGIA**

SALLY D. STASIO,

    Plaintiff,

v.

    Civil Action No. STSV2017000137

THOMAS J. RATCLIFFE, JR.,
AS ADMINISTRATOR OF THE
ESTATE OF JAMES R. MORRIS,

    Defendant.

## JUDGMENT

The above-styled matter, having come before the Court and a jury of twelve for trial on August 9, 2021 through August 10, 2021, and the jury having returned its verdict in favor of Plaintiff, Sally D. Stasio, in the amount of $3,000,000.00, with 100% of fault apportioned to Defendant, and 0% of fault apportioned to the Plaintiff:

**NOW THEREFORE, IT IS ORDERED, JUDGED, AND DECREED,** in accordance with the jury's verdict, that judgment be rendered against THOMAS J. RATCLIFFE, JR., as Administrator of the ESTATE OF JAMES R. MORRIS, and damages are awarded to Plaintiff Sally D. Stasio in the amount of THREE MILLION DOLLARS ($3,000,000.00).  All costs are cast against the Defendant.

SO ORDERED this 11th day of August, 2021.

The Honorable Jeffery N. Osteen
Judge, State Court of Liberty County

Exhibit "D"

# LLOYD D. MURRAY, SR.,
# ATTORNEY AT LAW

Lloyd D. Murray, Sr., Senior Attorney
Brianna Michelle Lucas, Associate
Ivanna Marie Livingstone, Associate

10164 FORD AVENUE, SUITE A
POST OFFICE BOX 1569
RICHMOND HILL, GA 31324
Telephone: (912) 756-4775
Facsimile: (912) 756-6310

**Ivanna Marie Livingstone**
mlivingstone@themurrayfirm.com
*www.themurrayfirm.com*

February 7, 2017

*via electronic mail to statefarmclaims@statefarm.com*
Ms. Latasha Williams
Claim Specialist
State Farm Automobile Insurance Company

RE:     Claim Number:    11-9-N09-949
        Claimant:        Sally Stasio
        Your Insured:    James Morris
        Date of Injury:  November 19, 2016

Dear Ms. Williams:

As you are aware, this firm represents Sally Stasio in relation to injuries she sustained when she was struck by your insured while riding her bicycle on Islands Parkway in Liberty County, Georgia. Dr. Stasio was transported from the scene by EMS with significant injures to Memorial Medical Center in Savannah, Georgia.

Dr. Stasio is a physician on active duty with the US Army, currently stationed at Fort Stewart. Dr. Stasio was seriously and permanently damaged as a result of the wreck in which your insured, James Morris was found to be at fault (The Accident Report is attached for your review). In addition to lacerations and multiple contusions, she suffered a left distal tibia fracture and a comminuted left scapular fracture. (Records from Memorial Medical Center in Savannah, as well as orthopedic documentation from Winn Army Medical Center regarding her treatment are attached for your review). As you can see from the records, Dr. Stasio required an initial thirty day convalescent leave due to her injuries. Unfortunately, conservative treatment failed and Dr. Stasio subsequently required surgical intervention for her tibial fracture, with an open reduction and internal fixation. She remains non-weight bearing. She has very recently been able to return to her duties with accommodations made for her physical limitations. Her medical care is ongoing.

Perhaps of greater significance than the tibial fracture, is her shoulder injury which prevents adequate range of motion and severely limits Dr. Stasio's activities as a surgeon. It is anticipated that surgical intervention will be required to address this problem as well. Currently, she has limited range of motion and a distinct decrease in strength in her injured shoulder and arm. This has already necessitated special assistance in the operating room and a decreased surgical schedule for her. Unfortunately, there is

a very real possibility that surgical correction will not completely resolve these problems, negatively impacting her professional career as a surgeon, both in the Army and later in private practice.

On behalf of my client, I demand the policy limits of all amounts of insurance coverage for James Morris available for this accident. Based on your representation, I understand that amount is $100,000.00. In return, Dr. Stasio will execute a limited liability release. It is my understanding that all outstanding medical bills were covered either by the military or Dr. Stasio's health insurance. Dr. Stasio agrees to be responsible for all such liens and will indemnify Mr. Morris and State Farm up to the amount of paid coverage.

This offer is open for thirty (30) days. Our desire is to amicably resolve the issues in this matter without extended formal litigation. We believe this serves the best interest of our client and your insured. However, regarding the time period in which you are requested to reply, we invite your attention to the case of *Southern General Insurance Company v. Holt et* al., 200 Ga. App. 759, 409 S.E. 2d 852 (1991); Southern *General Insurance Company v. Holt et al,* 262 Ga. 267, 416 S.E. 2d 274 (1992); *Cotton States Mutual Insurance Company v. Brightman,* 276 Ga. 683, 580 S.E. 2d 519 (2003); and, *State Farm Automobile Insurance Company et al. v. Metropolitan Property & Casualty Insurance Company et al.,* 284 Ga. App. 430, 643 S.E. 2d 895 (2007). These cases clearly place the burden on the insurer to attempt to meet reasonable time specifications for acceptance of an offer of compromise.

*This is a Clear and Unequivocal Opportunity to Globally Settle This Case And Protect Your Insured From The Consequences Of A Verdict and Judgment in Excess Of The Limits of The Insurance Policies.*

Please allow me to thank you for sharing this offer with your insured, James Morris and giving this matter your prompt attention. I look forward to your response.

Very truly yours,

Marie Livingstone

IML/tbs
Enclosures

cc:     Sally Stasio, MD (via electronic mail)

*Providing Insurance and Financial Services*
*Home Office, Bloomington, IL*

 **State Farm**®

March 03, 2017                    EXHIBIT "E"

Marie Livingstone                      **State Farm Claims**
Lloyd D Murray Sr.                     PO Box 106171
PO Box 1569                            Atlanta GA 30348-6171
Richmond Hill GA  31324-1569

RE:    Claim Number:    11-9N09-949
       Date of Loss:    November 19, 2016
       Our Insured:     James Morris
       Your Client:     Sally Stasio

Dear Attorney Livingstone:

We received your February 7, 2017 time limit demand for your client, Sally Stasio. We have
concluded the evaluation of your client's claim resulting from this loss. Based on the
documentation provided, State Farm® is willing to settle your client's claim for $18,500.00.

This settlement is inclusive of all damages, known and unknown, and any liens, assignments or
statutory rights of recovery.

Please contact us once you have had an opportunity to review this offer.

Sincerely,

Latasha Williams
Claim Specialist
(844) 292-8615 Ext. 339
Fax:    (855) 820-6318

State Farm Mutual Automobile Insurance Company

EXHIBIT "F"

# LLOYD D. MURRAY, SR.,
# ATTORNEY AT LAW

Lloyd D. Murray, Sr., Senior Attorney
Brianna Michelle Lucas, Associate
Ivanna Marie Livingstone, Associate

10164 FORD AVENUE, SUITE A
POST OFFICE BOX 1569
RICHMOND HILL, GA 31324
Telephone: (912) 756-4775
Facsimile: (912) 756-6310

**Ivanna Marie Livingstone**
mlivingstone@themurrayfirm.com
*www.themurrayfirm.com*

March 13, 2017

*via electronic mail to statefarmclaims@statefarm.com*
*via facsimile to 855- 820-6318*
Ms. Latasha Williams
Claim Specialist
State Farm Automobile Insurance Company

RE:   Claim Number:   11-9-N09-949
      Claimant:        Sally Stasio
      Your Insured:    James Morris
      Date of Injury:  November 19, 2016

Dear Ms. Williams:

Thank you for your March 3, 2017, facsimile wherein you offered $18,500.00 in response to our demand for your insured's policy limits. As we have discussed, we did not have records from the most recent three (3) office visits at Winn Army Medical Center (WAMC), nor billing records from WAMC to provide to you at that time. I have now obtained those documents and enclose a copy of same. Out of an abundance of caution I have enclosed all of the WAMC records which were received by our office (most of which you have already reviewed), as well as the billing/payment statement and the lien notice from the US Government. As you can readily see, Dr. Stasio's medical bills are in excess of $24,000.00.

By this correspondence, I am renewing our demand for the policy limits of all amounts of insurance coverage for James Morris available for this accident. Based on your representation, I understand that amount is $100,000.00. In return, Dr. Stasio will execute a limited liability release. All medical bills were covered by the military or Tricare. Dr. Stasio agrees to be responsible for all liens and will indemnify Mr. Morris and State Farm up to the amount of paid coverage.

**This offer will remain open through April 3, 2017.**

Very truly yours,

Marie Livingstone

IML/tbs
Enclosures

cc:   Sally Stasio, MD (via electronic mail)

EXHIBIT "G"

IN THE STATE COURT OF LIBERTY COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| SALLY D. STASIO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. STSV2017-000137 |
| | ) | |
| THOMAS J. RATCLIFFE, JR., as | ) | |
| Administrator of the ESTATE OF | ) | |
| JAMES R. MORRIS, | ) | |
| | ) | |
| Defendant. | ) | |

## **VERDICT**

**Instructions:  Read entire jury verdict form at beginning of deliberations.
Mark an "X" in the appropriate space and/or enter a dollar amount, if
appropriate.**



1.   _____   We, the jury, find by a preponderance of the evidence <u>in favor of
Plaintiff</u>, Sally D. Stasio, and <u>against Defendant</u> Thomas J.
Ratcliffe, Jr. as Administrator of the Estate of James R. Morris.

OR

2.   _____   We, the jury, find <u>in favor of Defendant</u> Thomas J. Ratcliffe, Jr. as
Administrator of the Estate of James R. Morris and <u>against</u>
Plaintiff.

**If 1 is checked, proceed to 3.**

**If 2 is checked, your deliberations are finished.  You should sign and date the verdict form
and let the Court know you have reached a verdict.**

3.  We, the jury, find in favor of Plaintiff, Sally D. Stasio, in the total mount of

$ _3,000,000_ in damages.

4.  We, the jury, apportion responsibility for this incident as follows:

_100_ %   James Morris

_0_ %   Plaintiff

(When the percentages are added together, the total must be 100%)

**ONCE YOU HAVE ANSWERED QUESTION 4 (IF APPLICABLE), THEN YOUR DELIBERATIONS ARE FINISHED.   SIGN THE VERDICT FORM BELOW AND NOTIFY THE COURT THAT YOU HAVE REACHED A VERDICT.**

This, the _10_ day of August, 2021.

_Timothy E. Roberson Sr._
Foreperson Name

_[signature]_
Foreperson Signature

**State Court of Fulton County**
**\*\*E-FILED\*\***
**23EV000133**
**1/6/2023 4:22 PM**
**Donald Talley, Clerk**
**Civil Division**

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

JAMES. R. MORRIS, JR., AS
ADMINISTRATOR OF THE ESTATE
OF JAMES R. MORRIS,

       Plaintiff,

v.                                                            Civil Action No.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY and
LATASHA WILLIAMS,

       Defendants.

---

### PLAINTIFF'S FIRST REQUEST TO ADMIT TO DEFENDANT
### STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

COMES NOW, Plaintiff in the above-styled case, by and through her attorney of record, and pursuant to O.C.G.A. 9-11-36, Defendant State Farm Mutual Automobile Insurance Company (hereinafter "State Farm") is requested to admit or deny the following statements for the purpose of this action only within the time prescribed by law. Please be advised that should any Request for Admission be denied which Plaintiff subsequently proves the truthfulness of, Plaintiff will apply for an award of expenses, including attorney's fees, necessary to prove the truthfulness. O.C.G.A. 9-11-37(c).

1.

Admit that State Farm owed a duty to keep James Morris, and later his estate, informed of the activity regarding claim number 11-9N09-949.

2.

Admit that State Farm owed a continuing duty to provide a defense for James Morris, and later his estate, regarding claim number 11-9N09-949.

3.

Admit that State Farm could have settled the claims against their insured within the liability policy limits and avoided a judgment against James Morris and his estate in excess of the limits.

4.

Admit that the incident which initiated claim number 11-9N09-949 occurred on November 19, 2016.

5.

Admit that the demand sent on behalf of Sally Stasio dated August 21, 2017, offered State Farm the chance to settle within policy limits.

6.

Admit that the letter attached hereto as Exhibit "A" is a copy of the August 21, 2017 demand letter received by State Farm on the same day via email correspondence.

7.

Admit that State Farm responded to the August 21, 2017 demand with a counter-offer of $50,000.00.

8.

Admit that the August 21, 2017 demand was sent prior to suit being filed.

9.

Admit that suit was filed on October 31, 2017.

10.

Admit that after suit was filed State Farm responded again with a $50,000 offer on November 9, 2017.

11.

Admit that State Farm did not offer limits until November 12, 2018, well after litigation had ensued.

12.

Admit that Zachary Sprouse, attorney for Sally Stasio, offered to settle on August 7, 2021, for $2 million.

13.

Admit that State Farm directed Defendant to refuse the August 7, 2021 offer.

14.

Admit that the $2 million demand was significantly less than the final judgment issued against Defendants.

15.

Admit that State Farm had ample opportunity to settle claim number 11-9N09-949 within policy limits but waited until after suit was filed and a trial notice was received to attempt to.

16.

Admit that State Farm did not tender the policy limits to Plaintiff or her attorneys.

17.

Admit that as a result of the actions of State Farm, a judgment has been entered against your insured in the amount of $3 million.

18.

Admit that State Farm is liable to Plaintiff for failure to timely accept the policy limits demand made on behalf of Sally Stasio.

This ___6ᵗʰ___ day of January, 2023.

Brent J. Savage
Georgia Bar No. 627450
Zachary R. Sprouse
Georgia Bar No. 276708

SAVAGE, TURNER, PINCKNEY
SAVAGE & SPROUSE
Post Office Box 10600
Savannah, GA 31412
T: (912) 231-1140
F: (912) 231-9157
zsprouse@saavagelawfirm.net
clugar@savagelawfirm.net

State Court of Fulton County
**E-FILED**
23EV000133
1/10/2023 2:51 PM
Donald Talley, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

JAMES. R. MORRIS, JR., AS
ADMINISTRATOR OF THE ESTATE
OF JAMES R. MORRIS,

   Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY and
LATASHA WILLIAMS,

   Defendants.

Civil Action No. 23EV000133

---

### PLAINTIFF'S FIRST REQUEST TO ADMIT TO DEFENDANT
### LATASHA WILLIAMS

COMES NOW, Plaintiff in the above-styled case, by and through her attorney of record, and pursuant to O.C.G.A. 9-11-36, Defendant Latasha Williams is requested to admit or deny the following statements for the purpose of this action only within the time prescribed by law. Please be advised that should any Request for Admission be denied which Plaintiff subsequently proves the truthfulness of, Plaintiff will apply for an award of expenses, including attorney's fees, necessary to prove the truthfulness. O.C.G.A. 9-11-37(c).

1.

Admit that State Farm owed a duty to keep James Morris, and later his estate, informed of the activity regarding claim number 11-9N09-949.

2.

Admit that State Farm owed a continuing duty to provide a defense for James Morris, and later his estate, regarding claim number 11-9N09-949.

3.

Admit that State Farm could have settled the claims against their insured within the liability policy limits and avoided a judgment against James Morris and his estate in excess of the limits.

4.

Admit that the incident which initiated claim number 11-9N09-949 occurred on November 19, 2016.

5.

Admit that the demand sent on behalf of Sally Stasio dated August 21, 2017, offered State Farm the chance to settle within policy limits.

6.

Admit that the letter attached hereto as Exhibit "A" is a copy of the August 21, 2017 demand letter received by State Farm on the same day via email correspondence.

7.

Admit that State Farm responded to the August 21, 2017 demand with a counter-offer of $50,000.00.

8.

Admit that the August 21, 2017 demand was sent prior to suit being filed.

9.

Admit that suit was filed on October 31, 2017.

10.

Admit that after suit was filed State Farm responded again with a $50,000 counteroffer on November 9, 2017.

11.

Admit that State Farm did not offer limits until November 12, 2018, well after litigation had ensued.

12.

Admit that Zachary Sprouse, attorney for Sally Stasio, offered to settle on August 7, 2021, for $2 million.

13.

Admit that State Farm directed you to refuse the August 7, 2021 offer.

14.

Admit that the $2 million demand was significantly less than the final judgment issued against Defendants.

15.

Admit that State Farm had ample opportunity to settle claim number 11-9N09-949 within policy limits but waited until after suit was filed and a trial notice was received to attempt to.

16.

Admit that State Farm did not tender the policy limits to Plaintiff or her attorneys for more than a year after State Farm's counteroffers ranging from $18,500 - $50,000.

17.

Admit that as a result of the actions of State Farm, a judgment has been entered against their insured in the amount of $3 million.

18.

Admit that State Farm is liable to Plaintiff for failure to timely accept the policy limits demand made on behalf of Sally Stasio.

19.

Admit that State Farm provide financial incentives for claims adjusters to settle claims for below market value.

20.

Admit that you, as a claims adjuster assigned to this file, owed a duty to keep James Morris, and later his estate, informed of the activity regarding claim number 11-9N09-949.

21.

Admit that you, as a claims adjuster assigned to this file, owed a continuing duty to provide a defense for James Morris, and later his estate, regarding claim number 11-9N09-949.

22.

Admit that you, as a claims adjuster assigned to this file, attempted to settle below case market value to personally profit or received benefits for this claim.

23.

Admit that you intentionally placed a lower value on the case to personally profit or gain for a below market settlement.

This _10_ day of January, 2023.

Brent J. Savage
Georgia Bar No. 627450
Zachary R. Sprouse
Georgia Bar No. 276708

SAVAGE, TURNER, PINCKNEY
SAVAGE & SPROUSE
Post Office Box 10600
Savannah, GA 31412
T: (912) 231-1140
F: (912) 231-9157
zsprouse@saavagelawfirm.net
clugar@savagelawfirm.net

*[handwritten: Scanned Via g email/fax 8/21]*

<span style="color:red">Exhibit "A"</span>

# LLOYD D. MURRAY, SR.,
## ATTORNEY AT LAW

Lloyd D. Murray, Sr., Senior Attorney
Brianna Michelle Lucas, Associate
Ivanna Marie Livingstone, Associate

10164 FORD AVENUE, SUITE A
POST OFFICE BOX 1569
RICHMOND HILL, GA 31324
Telephone: (912) 756-4775
Facsimile: (912) 756-6310

**Ivanna Marie Livingstone**
mlivingstone@themurrayfirm.com
*www.themurrayfirm.com*

August 21, 2017

*via electronic mail to statefarmclaims@statefarm.com*
Ms. Latasha Williams
Claim Specialist
State Farm Automobile Insurance Company

RE:  Claimant:       Sally Stasio
     Your Insured:    Sharon Morris
     Date of Injury:  November 19, 2016

Dear Ms. Williams:

As you are aware, this firm represents Sally Stasio in relation to injuries she sustained when she was struck by an automobile owned by your insured, Sharon Morris, while riding her bicycle on Islands Parkway in Liberty County, Georgia. Dr. Stasio was transported from the scene by EMS with significant injures to Memorial Medical Center in Savannah, Georgia.

Dr. Stasio is a physician on active duty with the US Army, currently stationed at Fort Stewart. Dr. Stasio was seriously and permanently damaged as a result of the wreck in which James Morris was found to be at fault. Ms. Sharon Williams is the owner of the vehicle and permitted James Morris to drive her vehicle.  In addition to lacerations and multiple contusions, she suffered a left distal tibia fracture and a comminuted left scapular fracture. Dr. Stasio required an initial thirty day convalescent leave due to her injuries. Unfortunately, conservative treatment failed and Dr. Stasio subsequently required surgical intervention for her tibial fracture, with an open reduction and internal fixation. She has been able to now return to her duties with accommodations made for her physical limitations. Her medical care is ongoing.

Perhaps of greater significance than the tibial fracture, is her shoulder injury which prevents adequate range of motion and severely limits Dr. Stasio's activities as a surgeon. Currently, she has limited range of motion and a distinct decrease in strength in her injured shoulder and arm. This has already necessitated special assistance in the operating room and a decreased surgical schedule for her. Unfortunately, there is a very real possibility that these limitations will never completely resolve, negatively impacting her professional career as a surgeon, both in the Army and later in private practice.

On behalf of my client, I demand the policy limits of all amounts of insurance coverage for **Sharon Morris** available for this accident.

**This offer is open for thirty (30) days.** Our desire is to amicably resolve the issues in this matter without extended formal litigation. We believe this serves the best interest of our client and your insured. However, regarding the time period in which you are requested to reply, we invite your attention to the case of *Southern General Insurance Company v. Holt et* al., 200 Ga. App. 759, 409 S.E. 2d 852 (1991); Southern *General Insurance Company v. Holt et al*, 262 Ga. 267, 416 S.E. 2d 274 (1992); *Cotton States Mutual Insurance Company v. Brightman*, 276 Ga. 683, 580 S.E. 2d 519 (2003); and, *State Farm Automobile Insurance Company et al. v. Metropolitan Property & Casualty Insurance Company et al.*, 284 Ga. App. 430, 643 S.E. 2d 895 (2007). These cases clearly place the burden on the insurer to attempt to meet reasonable time specifications for acceptance of an offer of compromise.

**This is a clear and unequivocal opportunity to globally settle this case and protect your insured(s) from the consequences of a verdict and judgment in excess of the limits of the insurance policies.**

Please allow me to thank you for sharing this offer with your insured, **Sharon Morris** and giving this matter your prompt attention. I look forward to your response.

Very truly yours,

Marie Livingstone

IML/tbs
Enclosures

cc:   Ms. Sharon Morris

State Court of Fulton County
**E-FILED**
23EV000133
1/6/2023 4:22 PM
Donald Talley, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

JAMES. R. MORRIS, JR., AS
ADMINISTRATOR OF THE ESTATE
OF JAMES R. MORRIS,

      Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY and
LATASHA WILLIAMS,

      Defendants.

Civil Action No.

---

### PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT
### STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

COMES NOW, Plaintiff in the above-styled case, and requires the Defendant State Farm

Mutual Automobile Insurance Company (hereinafter "State Farm") to answer under oath and in

writing the following interrogatories, pursuant to O.C.G.A. §9-11-33 within the time period set

forth by law.

**NOTE A:**    When used in these interrogatories, the phrases "Defendant", "individual

in question", "you", or any synonym thereof are intended to and shall embrace and include, in

addition to Defendant, individually, Defendant's attorneys, agents, servants, employees,

representatives, private investigators, insurance adjusters, and all others who are in possession of,

in control of, or may have obtained information for or on behalf of Defendant.

**NOTE B:**    Throughout these interrogatories, wherever Defendant is requested to

identify a communication of any type and such communication was oral, the following

information should be furnished with regard to each such communication:

(a)     By whom it was made, and to whom;

(b)     The date upon which it was made;

(c)     Who else was present when it was made;

(d)     Whether it was recorded or described in any writing of any type and, if so,

identification of each such writing in the manner indicated in Note C below.

**NOTE C:**     Throughout these interrogatories, wherever Defendant is requested to

identify a communication, letter, document, memorandum, report, or record of any type and such

communication was written, the following information should be furnished:

(a)     A specific description of its nature (e.g., whether it is a letter, a memorandum,

etc.);

(b)     By whom it was made and to whom it was addressed;

(c)     The date upon which it was made; and

(d)     The name and address of the present custodian of the writing or, if not known, the

name and address of the present custodian of a copy thereof.

**NOTE D:**     Throughout these interrogatories, wherever Defendant is requested to

identify a person, the following information should be furnished:

(a)     The person's full name;

(b)     His or her present home and business address and telephone number at each

address;

(c)     His or her occupation; and

(d)     His or her place of employment.

**NOTE E:**     These interrogatories shall be deemed continuing to the extent required by

law.  You are required to (1) seasonably supplement any response directed to the identity and

location of persons having knowledge of discoverable matters as well as the identity of each person expected to be called as an expert witness at trial, the subject matter on which he is expected to testify and the substance of his testimony; (2) amend any prior response if you subsequently learn that the original response was incorrect or if you learned that although correctly made, the original response is no longer true and the circumstances are such that a failure to amend the response is, in substance, a knowing concealment; and (3) provide such other supplementary responses required by law.

## **INTERROGATORIES**

1.

Please state the names, addresses, telephone numbers, and current places of employment of all persons you claim have knowledge of the handling of this claim, whether such person has direct knowledge or claims other relevant knowledge regarding the handling of the claim, and state what their knowledge is.

2.

Describe in detail the policies, procedures, instructions, and directions utilized by or given to any agent, servant, and/or employee of State Farm Mutual Insurance Company regarding the handling the claim file and lawsuit.

3.

Please state the names of all persons within the employ of State Farm Mutual Insurance Company who had knowledge of the various demands made by Plaintiff.

4.

Please state how each person was notified of demand, including the method of thereof the communication and the substance thereof.

5.

State with specificity all communications between Defendant and anyone acting on behalf of State Farm regarding demands or settlement offers.

6.

Please describe your normal or standard policies or procedures for the handling of a policy demand like the one made on behalf of Sally Stasio in the claim file/ lawsuit against James Morris.

7.

Did State Farm or any representatives thereof ever inform James Morris, and/ or anyone acting on his behalf, that the potential judgment in the underlying case could be in excess of the policy limits of his insurance coverage? If so, please proved the dates of communication(s), the method of said communications, the parties to the communications, and the details thereof.

8.

Did State Farm or any representatives thereof ever inform James Morris, and/ or anyone acting on his behalf, that it may be necessary for him to retain separate or independent counsel to protect his interests regarding this claim? If so, please proved the dates of communication(s), the method of said communications, the parties to the communications, and the details thereof.

9.

Describe the steps taken by State Farm and/ or its representatives to investigate the liability, causation, and damages surrounding the claim and lawsuit against James Morris.

10.

Please set forth each and every fact you relied on and which formed the basis for you decision not to tender and pay the limited policy demand and secure a limited liability release.

11.

If you contend some other person or entity is liable to Plaintiff in part or in whole, state their full name, address, telephone number, and describe in detail the basis of such liability.

12.

Do you contend that Plaintiff contributed in any way to the happening of the events referred to in the Complaint? If so, please state with specificity each and every factor on which you base this allegation.

13.

State the name and addresses of any and all experts you have consulted with or retained in regards to this matter. Please also state the field in which they are a purported expert, their subject matter as to which they are to testify, the substance of the facts and opinions to which they are expected to testify, a summary of grounds for each opinion, and whether said expert has produced a written report.

14.

Please state the basis and facts relied upon with respect to any affirmative defense which you have raised in your answer and response to request for admissions.

15.

Please state the case information for each and every similar action that State Farm has been involved in including the court, case number, date filed, attorneys representing each party, the names of all parties involved, a description of the nature of each action, and the result of each action. If an appeal was filed, please identify it by case name, volume number, and page citation of such report.

16.

Please identify the precise number of times that State Farm contacted Plaintiff, James Morris, the administrators of his estate, and/or anyone else acting on their behalf, regarding offers to settle within policy limits prior to the lawsuit being filed.

17.

Please identify the precise number of times that State Farm contacted Plaintiff, James Morris, the administrators of his estate, and/or anyone else acting on their behalf, regarding offers to settle following the judgment entered by the court. Please state the basis for each refusal.

18.

Please state the precise number of times within the past three years that State Farm has failed or refused to tender policy limits of its insureds leaving the insureds with judgments far exceeding policy limits. Please state the basis for each refusal.

19.

Please identify each and every person who has assisted in the answer of these interrogatories.

20.

List all insurance bad faith/negligent adjusting cases which have been filed against State Farm Mutual and in which State Farm Mutual has paid settlement monies or had a verdict rendered against it in the last 7 years.

21.

Identify any case in which it has refused to negotiate a demand made because it allegedly failed to comply with O.C.G.A. 9-11-67.1.

22.

Please list any internal policies and procedures in effect at the relevant times which dealt with any subject matters of this case, including:

a.      timely advising the insured of any demands made by the opposing party in a case;

b.      in a serious personal injury case, interviewing the investigating police officer in a timely manner;

c.     getting signed statements of investigating officers or eyewitnesses.

This 6th day of January, 2023.

_____
Brent J. Savage
Georgia Bar No. 627450
Zachary R. Sprouse
Georgia Bar No. 276708

SAVAGE, TURNER, PINCKNEY
SAVAGE & SPROUSE
Post Office Box 10600
Savannah, GA 31412
T: (912) 231-1140
F: (912) 231-9157
zsprouse@saavagelawfirm.net
clugar@savagelawfirm.net

State Court of Fulton County
**E-FILED**
23EV000133
1/10/2023 2:51 PM
Donald Talley, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

JAMES. R. MORRIS, JR., AS
ADMINISTRATOR OF THE ESTATE
OF JAMES R. MORRIS,

      Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY and
LATASHA WILLIAMS,

      Defendants.

Civil Action No.   23EV000133

---

### PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT
### LATASHA WILLIAMS

COMES NOW, Plaintiff in the above-styled case, and requires the Defendant Latasha Williams to answer under oath and in writing the following interrogatories, pursuant to O.C.G.A. §9-11-33 within the time period set forth by law.

**NOTE A:**    When used in these interrogatories, the phrases "Defendant", "individual in question", "you", or any synonym thereof are intended to and shall embrace and include, in addition to Defendant, individually, Defendant's attorneys, agents, servants, employees, representatives, private investigators, insurance adjusters, and all others who are in possession of, in control of, or may have obtained information for or on behalf of Defendant.

**NOTE B:**    Throughout these interrogatories, wherever Defendant is requested to identify a communication of any type and such communication was oral, the following information should be furnished with regard to each such communication:

(a)    By whom it was made, and to whom;

(b)     The date upon which it was made;

(c)     Who else was present when it was made;

(d)     Whether it was recorded or described in any writing of any type and, if so,

identification of each such writing in the manner indicated in Note C below.

**NOTE C:**     Throughout these interrogatories, wherever Defendant is requested to

identify a communication, letter, document, memorandum, report, or record of any type and such

communication was written, the following information should be furnished:

(a)     A specific description of its nature (e.g., whether it is a letter, a memorandum,

etc.);

(b)     By whom it was made and to whom it was addressed;

(c)     The date upon which it was made; and

(d)     The name and address of the present custodian of the writing or, if not known, the

name and address of the present custodian of a copy thereof.

**NOTE D:**     Throughout these interrogatories, wherever Defendant is requested to

identify a person, the following information should be furnished:

(a)     The person's full name;

(b)     His or her present home and business address and telephone number at each

address;

(c)     His or her occupation; and

(d)     His or her place of employment.

**NOTE E:**     These interrogatories shall be deemed continuing to the extent required by

law.  You are required to (1) seasonably supplement any response directed to the identity and

location of persons having knowledge of discoverable matters as well as the identity of each

person expected to be called as an expert witness at trial, the subject matter on which he is expected to testify and the substance of his testimony; (2) amend any prior response if you subsequently learn that the original response was incorrect or if you learned that although correctly made, the original response is no longer true and the circumstances are such that a failure to amend the response is, in substance, a knowing concealment; and (3) provide such other supplementary responses required by law.

## INTERROGATORIES

1.

Please state the names, addresses, telephone numbers, and current places of employment of all persons you claim have knowledge of the handling of this claim, whether such person has direct knowledge or claims other relevant knowledge regarding the handling of the claim, and state what their knowledge is.

2.

Describe in detail the policies, procedures, instructions, and directions utilized by or given to any agent, servant, and/or employee of State Farm Mutual Insurance Company regarding the handling of the claim file and lawsuit.

3.

Please state the names of all persons you believe had knowledge of the various demands made by Plaintiff.

4.

Please state how each person was notified of demand, including the method of thereof the communication and the substance thereof.

5.

State with specificity all communications between you and anyone else regarding demands or settlement offers.

6.

Please describe your normal or standard policies or procedures for the handling of a policy demand like the one made on behalf of Sally Stasio in the claim file/ lawsuit against James Morris.

7.

Did State Farm, any representatives thereof, or you personally, ever inform James Morris, and/ or anyone acting on his behalf, that the potential judgment in the underlying case could be in excess of the policy limits of his insurance coverage? If so, please proved the dates of communication(s), the method of said communications, the parties to the communications, and the details thereof.

8.

Did State Farm, any representatives thereof, or you personally, ever inform James Morris, and/ or anyone acting on his behalf, that it may be necessary for him to retain separate or independent counsel to protect his interests regarding this claim? If so, please proved the dates of

communication(s), the method of said communications, the parties to the communications, and the details thereof.

9.

Describe the steps taken by State Farm and/ or its representatives to investigate the liability, causation, and damages surrounding the claim and lawsuit against James Morris.

10.

Please set forth each and every fact you relied on and which formed the basis for you decision not to tender and pay the limited policy demand and secure a limited liability release.

11.

If you contend some other person or entity is liable to Plaintiff in part or in whole, state their full name, address, telephone number, and describe in detail the basis of such liability.

12.

Do you contend that Plaintiff contributed in any way to the happening of the events referred to in the Complaint? If so, please state with specificity each and every factor on which you base this allegation.

13.

State the name and addresses of any and all experts you have consulted with or retained in regards to this matter. Please also state the field in which they are a purported expert, their subject matter as to which they are to testify, the substance of the facts and opinions to which

they are expected to testify, a summary of grounds for each opinion, and whether said expert has produced a written report.

14.

Please state the basis and facts relied upon with respect to any affirmative defense which you have raised in your answer and response to request for admissions.

15.

Please state the case information for each and every similar action that you are aware of that State Farm has been involved in including the court, case number, date filed, attorneys representing each party, the names of all parties involved, a description of the nature of each action, and the result of each action. If an appeal was filed, please identify it by case name, volume number, and page citation of such report.

16.

Please identify the precise number of times that State Farm, any representatives thereof, or you personally, contacted Plaintiff, James Morris, the administrators of his estate, and/or anyone else acting on their behalf, regarding offers to settle within policy limits prior to the lawsuit being filed.

17.

Please identify the precise number of times that State Farm, any representatives thereof, or you personally, contacted Plaintiff, James Morris, the administrators of his estate, and/or anyone else acting on their behalf, regarding offers to settle following the judgment entered by the court. Please state the basis for each refusal.

18.

Please state the precise number of times within the past three years that State Farm, any representatives thereof, or you personally, has failed or refused to tender policy limits of its insureds leaving the insureds with judgments far exceeding policy limits. Please state the basis for each refusal.

19.

Please identify each and every person who has assisted in the answer of these interrogatories.

20.

List all insurance bad faith/negligent adjusting cases which have been filed against State Farm Mutual and in which State Farm Mutual has paid settlement monies or had a verdict rendered against it in the last 7 years.

21.

Identify any case in which it has refused to negotiate a demand made because it allegedly failed to comply with O.C.G.A. 9-11-67.1.

22.

Please list any internal policies and procedures in effect at the relevant times which dealt with any subject matters of this case, including:

    a.       timely advising the insured of any demands made by the opposing party in a case;

b.      in a serious personal injury case, interviewing the investigating police officer in a

timely manner;

c.      getting signed statements of investigating officers or eyewitnesses.

23.

If you believe that someone else is liable for the damages suffered by Plaintiff, state who

and why.

24.

For each defensive answer or denial in your responses to these interrogatories, request for

admission, and your answer, state and explain why.

25.

Do you believe or contend service was improper? If so, explain and identify the specific

factual basis.

This _10_ day of January, 2023.

_____
Brent J. Savage
Georgia Bar No. 627450
Zachary R. Sprouse
Georgia Bar No. 276708

SAVAGE, TURNER, PINCKNEY
SAVAGE & SPROUSE
Post Office Box 10600
Savannah, GA 31412
T: (912) 231-1140
F: (912) 231-9157
zsprouse@saavagelawfirm.net
clugar@savagelawfirm.net

State Court of Fulton County
**E-FILED**
23EV000133
1/6/2023 4:22 PM
Donald Talley, Clerk
Civil Division

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

|  |  |
|---|---|
| JAMES. R. MORRIS, JR., AS ADMINISTRATOR OF THE ESTATE OF JAMES R. MORRIS, | |
| Plaintiff, | |
| v. | Civil Action No. |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and LATASHA WILLIAMS, | |
| Defendants. | |

---

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**

COMES NOW, Plaintiff in the above-styled case, and requires the Defendant State Farm Mutual Automobile Insurance Company (hereinafter "State Farm") to answer under oath and in writing the following Request for Production of Documents, pursuant to O.C.G.A. §9-11-34 within the time period set forth by law.

1.

A complete copy of your entire file, claim file, or any other files relating to policy number 328724511B or Sally Stasio v. Thomas J. Ratcliffe, Jr., as Administrator of the Estate of James R. Morris, State Court of Liberty County, Georgia, Civil Action Number STSV2017000137. This request includes but is not limited to any and all paper and electronic claim files pertaining to the adjustment of the case including, without limitation, all files maintained in local offices, regional offices, and your home office. This request is intended to include, but is not limited to the following:

a) Paper and electronic files;

b) Emails and electronic correspondence, including faxes;

c) Invoices, estimates, receipts, photographs, videotapes;

d) Reports and correspondence of any kind;

e) Memoranda of any type, regardless of who generated it; and

f) Copies of checks, drafts, and other proofs of payment.

2.

A complete copy of all reports, minutes, and notes produced by or provided to State Farm regarding the claim and/ or lawsuit referenced in request number 1.

3.

If not already produced, please produce any and all routinely received or produced documents regarding the evaluation and settlement of personal injury claims. This includes but is not limited to reports, memorandums, intra-company correspondence or other communications, inter-company correspondence or other communication prepared by State Farm adjusters, or independent adjusters.

4.

A complete copy of any and all correspondence, reports, emails, memorandum of telephone conversations, or any other written communications or evidence of communications, prepared by State Farm, its agents or representatives, in response to Department of Insurance complaints, whether they are open, closed or resolved, between the years 2016 and 2022, including but limited to the state of Georgia.

5.

Please produce a complete list of all prior and pending bad-faith claims or bad-faith lawsuits made against State Farm insureds in excess of the insured's insurance coverage. The information requested includes but is not limited to the Plaintiffs' names and contact information, the Plaintiffs' attorneys and contact information, the Defendants' names and contact information, the Defendants' attorneys names and contact information, parties' names and contact information, original parties' names and contact information, and a resolution description.

6.

A certified and complete copy of policy number 328724511B, including any and all advertisements, solicitation material, endorsements, and riders from the initial date of the coverage with State Farm until the date of loss of November 11, 2016, or the cancellation of said policy.

7.

All records of complaints or claims regarding James Morris.

8.

And any all documents that evidence the entire underwriting file with respect to James Morris and all policies of insurance involved during the time period that State Farm insured James Morris.

9.

Copies of all communications between State farm or anyone acting on its behalf with Plaintiff or anyone acting on his behalf, including his deceased father and thereafter the

administrator of his estate, regarding the demand(s) made regarding the accident that occurred on November 11, 2016, leading to the original lawsuit, previously referenced herein.

10.

Any Documents or manuals related to claims handling, policies and procedures for State Farm employees in effect from the date of Latasha Williams's first day of employment with State Farm through the entry of the Stasio judgment.

11.

Whether called a claims handling policy and procedure manual, or some other name, any policies and procedures manual(s), books, directives, memoranda, or presentation slides pertaining to handling claims and in effect at the time of State Farm's counteroffers for $18,500, $30,000, $40,000, and $50,000.

12.

Any communications, whether electronic or otherwise, which refer to incentives or encouragement for State Farm claims adjusters or claims specialists, to resolve claims for less than "market value."

13.

Training manual(s) in effect while Latasha Williams was employed or working with State Farm.

This __6th__ day of January, 2023.

_____
Brent J. Savage
Georgia Bar No. 627450
Zachary R. Sprouse
Georgia Bar No. 276708

SAVAGE, TURNER, PINCKNEY
SAVAGE & SPROUSE
Post Office Box 10600
Savannah, GA 31412
T: (912) 231-1140
F: (912) 231-9157
zsprouse@saavagelawfirm.net
clugar@savagelawfirm.net

**State Court of Fulton County**
**\*\*E-FILED\*\***
**23EV000133**
**1/10/2023 2:51 PM**
**Donald Talley, Clerk**
**Civil Division**

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

JAMES. R. MORRIS, JR., AS
ADMINISTRATOR OF THE ESTATE
OF JAMES R. MORRIS,

      Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY and
LATASHA WILLIAMS,

      Defendants.

Civil Action No.   23EV000133

---

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO
### DEFENDANT LATASHA WILLIAMS

COMES NOW, Plaintiff in the above-styled case, and requires the Defendant Latasha

Williams to answer under oath and in writing the following Request for Production of

Documents, pursuant to O.C.G.A. §9-11-34 within the time period set forth by law.

1.

A complete copy of your entire file, claim file, or any other files relating to policy

number 328724511B or Sally Stasio v. Thomas J. Ratcliffe, Jr., as Administrator of the Estate of

James R. Morris, State Court of Liberty County, Georgia, Civil Action Number

STSV2017000137. This request includes but is not limited to any and all paper and electronic

claim files pertaining to the adjustment of the case including, without limitation, all files

maintained in local offices, regional offices, and your home office. This request is intended to

include, but is not limited to the following:

a) Paper and electronic files;

b) Emails and electronic correspondence, including faxes;

c) Invoices, estimates, receipts, photographs, videotapes;

d) Reports and correspondence of any kind;

e) Memoranda of any type, regardless of who generated it; and

f) Copies of checks, drafts, and other proofs of payment.

2.

A complete copy of all reports, minutes, and notes produced by or provided by you to State Farm regarding the claim and/ or lawsuit referenced in request number 1.

3.

If not already produced, please produce any and all routinely received or produced documents regarding the evaluation and settlement of personal injury claims. This includes but is not limited to reports, memorandums, intra-company correspondence or other communications, inter-company correspondence or other communication prepared by State Farm adjusters, or independent adjusters.

4.

A complete copy of any and all correspondence, reports, emails, memorandum of telephone conversations, or any other written communications or evidence of communications, prepared by State Farm, its agents or representatives, in response to Department of Insurance complaints, whether they are open, closed or resolved, between the years 2016 and 2022, including but limited to the state of Georgia.

5.

Please produce a complete list of all prior and pending bad-faith claims or bad-faith lawsuits made against State Farm insureds in excess of the insured's insurance coverage. The information requested includes but is not limited to the Plaintiffs' names and contact information, the Plaintiffs' attorneys and contact information, the Defendants' names and contact information, the Defendants' attorneys names and contact information, parties' names and contact information, original parties' names and contact information, and a resolution description.

6.

A certified and complete copy of policy number 328724511B, including any and all advertisements, solicitation material, endorsements, and riders from the initial date of the coverage with State Farm until the date of loss of November 11, 2016, or the cancellation of said policy.

7.

All records of complaints or claims regarding James Morris.

8.

And any all documents that evidence the entire underwriting file with respect to James Morris and all policies of insurance involved during the time period that State Farm insured James Morris.

9.

Copies of all communications between you, State Farm, or anyone acting on its behalf, with Plaintiff or anyone acting on his behalf, including his deceased father and thereafter the

administrator of his estate, regarding the demand(s) made regarding the accident that occurred on November 11, 2016, leading to the original lawsuit, previously referenced herein.

10.

Any documents or manuals related to claims handling, policies and procedures for State Farm employees in effect from the date of your first day of employment with State Farm through the entry of the Stasio judgment.

11.

Whether called a claims handling policy and procedure manual, or some other name, any policies and procedures manual(s), books, directives, memoranda, or presentation slides pertaining to handling claims and in effect at the time of State Farm's counteroffers for $18,500, $30,000, $40,000, and $50,000.

12.

Any communications, whether electronic or otherwise, which refer to incentives or encouragement for State Farm claims adjusters or claims specialists, to resolve claims for less than "market value."

13.

Training manual(s) in effect while you were employed or working with State Farm.

14.

Any notes, memorandum, correspondence, or other such documentation in your possession regarding any effort on your behalf to influence State Farm to settle the Stasio file within policy limits.

15.

Any notes, memorandum, correspondence, or other such documentation in your possession received from State Farm or anyone on its behalf influencing or informing you to continue to pursue the Stasio claim without settling.

This __10__ day of January, 2023.

Brent J. Savage
Georgia Bar No. 627450
Zachary R. Sprouse
Georgia Bar No. 276708

SAVAGE, TURNER, PINCKNEY
SAVAGE & SPROUSE
Post Office Box 10600
Savannah, GA 31412
T: (912) 231-1140
F: (912) 231-9157
zsprouse@saavagelawfirm.net
clugar@savagelawfirm.net