**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| GENERAL STAR INDEMNITY COMPANY, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. |
| v. | ) | |
| | ) | |
| NORTHBROOK INDUSTRIES, INC., | ) | |
| d/b/a UNITED INN AND SUITES; | ) | |
| G.W.; and A.G. | ) | |
| . | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT FOR RESCISSION AND DECLARATORY JUDGMENT

Pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure, General Star Indemnity Company ("GenStar"), by and through its undersigned counsel, brings this Complaint for Rescission and Declaratory Judgment against Northbrook Industries, Inc., d/b/a United Inn and Suites ("Northbrook"), G.W., and A.G., stating as follows:

## NATURE OF THE ACTION

1.     GenStar seeks rescission of the General Liability Policy No. IMA-335234, which it issued to Northbrook for the policy period of June 26, 2017 to July 3, 2018 (the "Policy") because, at the time that Northbrook applied for the

Policy, Northbrook failed to disclose any criminal events that occurred or were attempted on the property in the three years prior to applying for the Policy, as was required by the initial application for coverage, and further failed to disclose numerous assault and battery incidents on the property in the five years prior to applying for the Policy, as was required by the supplemental application for coverage.

2.      GenStar further seeks a declaration that any claims made in the lawsuits captioned *G.W. v. Northbrook Industries, Inc., d/b/a United Inn and Suites,* No. 1:20-cv-05232, United States District Court for the Northern District of Georgia, Atlanta Division (the "GW Lawsuit"), and *A.G. v. Northbrook Industries, Inc., d/b/a United Inn and Suites*, No. 1:20-cv-05231, United States District Court for the Northern District of Georgia, Atlanta Division (the "AG Lawsuit") (collectively, the "Underlying Lawsuits") fall within the Abuse or Molestation Coverage and Sublimit in the Policy.

3.      In the alternative, if the Policy is not rescinded and the Abuse or Molestation Endorsement Coverage and Sublimit does not apply, GenStar seeks a declaration that the Assault or Battery Coverage and Sublimit in the Policy applies to the Underlying Lawsuits.

4.     Further, GenStar seeks a declaration that the A.G. Lawsuit alleges injuries taking place entirely outside of the policy period for the Policy, and thus does not fall within the coverage of the Policy.

## PARTIES

5.     Plaintiff General Star Indemnity Company is an insurance company organized under the laws of Delaware, and its principal place of business is in Stamford, Connecticut.

6.     Defendant Northbrook Industries, Inc., d/b/a United Inn and Suites is organized under the laws of Georgia, and a principal office address of 4649 Memorial Drive, Decatur, Georgia 30032.

7.     Upon information and belief, Defendant G.W. is an individual residing in Athens, Georgia.

8.     Upon information and belief, Defendant A.G. is an individual residing in Commerce, Georgia.

## JURISDICTION AND VENUE

9.     This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because it is a civil action in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.

10.     Declaratory relief is authorized pursuant to 28 U.S.C. § 2201.

11.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## FACTUAL ALLEGATIONS

**A.     Criminal Activity on Hotel Premises and Northbrook's Application for Insurance**

12.     Northbrook owns and operates the United Inn and Suites ("United Inn") at 4649 Memorial Drive, Decatur, Georgia 30032.  Upon information and belief, the United Inn was the center of a high level of criminal activity, including but not limited to prostitution, for years.

13.     For example, the plaintiffs in the Underlying Lawsuits assert that a significant number of crimes and/or assault and battery incidents occurred or were attempted at the United Inn in the years leading up to GenStar issuing Northbrook the Policy to cover the United Inn, including but not limited to the following:

a.  On August 7, 2012, a woman was arrested at the United Inn on a prostitution warrant.

b.  On May 30, 2012, a woman staying in room 320 at the United Inn reported to the police that she was being harassed by written messages

left on her door and phone calls requesting sexual acts in exchange for money at the hotel.

c. On July 16, 2014, a woman was arrested for prostitution in room 326 of the United Inn.

d. On July 23, 2014, a woman reported being raped by a man in room 239 of the United Inn when a man forcibly had sex with her and did not pay her afterwards.

e. On August 12, 2015, a woman was arrested for prostitution at the United Inn after meeting two undercover police officers in the parking lot and walking to room 101 of the hotel.

f. On August 26, 2015, two armed men attempted to sexually assault a woman, who they also robbed, in room 120 of the United Inn.

g. On December 24, 2016, a woman staying in room number 40 at the United Inn reported she was sexually assaulted by a man staying in room 116.

h. On June 3, 2017, a man was arrested after beating a woman in room 345 of the United Inn over monies owed for sexual favors.

i. On June 20, 2017, police responded to a fight between a prostitute and her pimp in room 101 at the United Inn, where the pimp then left the

prostitute's room after the fight to go stay in another woman's room at the hotel.

14.     Upon information and belief, Northbrook was aware of these and other similar events when they occurred, or became aware of the same shortly thereafter.

15.     On June 21, 2017, Northbrook submitted an application for insurance to GenStar (the "Application").   A true and accurate copy of the Application is attached hereto as Exhibit A.

16.     Among other questions, Question 20 on the Application asked: "Have any crimes occurred or been attempted on your premises within the last three (3) years?" Northbrook responded "no."

17.     On June 20, 2017, Northbrook submitted a Hotel/Motel Supplemental Application (the "Supplemental Application").   A true and accurate copy of the Supplemental Application is attached as Exhibit B.

18.     Among other questions, Question 13 on the Supplemental Application asked: "Any Assault & Battery incidents in complex during the past five (5) years?" Northbrook responded "no."

19.     GenStar issued the Policy in reliance on Northbrook's representations in the Application and the Supplemental Application.

**B.**     **The Policy**

20.     In reliance on Northbrook's representations in the Application and Supplemental Application, GenStar issued General Liability Policy No. IMA-335234 to Northbrook for the policy period of June 26, 2017 to July 3, 2018 (the "Policy"), which, subject to its terms, conditions, and exclusions, provides claims made and reported professional liability insurance coverage and general liability coverage. A true and accurate copy of the Policy is attached hereto as Exhibit C.

**1.     The Abuse or Molestation Coverage and the Assault or Battery Coverage**

21.     The Policy includes an Abuse or Molestation Coverage and Sublimit Endorsement (the "Abuse or Molestation Coverage") and an Assault or Battery Coverage and Sublimit Endorsement (the "Assault or Battery Coverage"). Both the Abuse or Molestation Coverage and the Assault or Battery Coverage are subject to a sublimit of $25,000 per occurrence and $50,000 in the aggregate, inclusive of defense costs (the "Sublimit").

22.     The Abuse or Molestation Coverage provides, in relevant part, that:

> We will pay those sums that the insured becomes legally obligated to pay as damages because of:
>
> a.     "Bodily injury" arising out of, resulting from, caused or contributed to by, or in connection with, an "occurrence" of "abuse or molestation" under the

7

COMMERCIAL GENERAL LIABILITY COVERAGE PART;…

23.    The Abuse or Molestation Coverage states that the term "abuse or molestation" means:

     a.    The alleged, actual, or threatened act of abuse or molestation by anyone of any person while in the care, custody, or control of any insured; or

     b.    The negligent:

       (1)    Employment;
       (2)    Investigation;
       (3)    Supervision;
       (4)    Reporting to proper authorities, or failure to so report; or
       (5)    Retention

     Of a person for whom any insured is or ever was legally responsible and whose conduct would be excluded by paragraph 1.a above.

24.    The Assault or Battery Coverage states, in relevant part:

     We will pay those sums that the insured becomes legally obligated to pay because of "bodily injury" arising out of, resulting from, caused or contributed to by, or in connection with,:

       1.    An act of assault or battery;
       2.    Any act or omission in connection with the prevention or suppression of such acts; or
       3.    Any actual or alleged adequate security;

     That is caused by an "occurrence" under the COMMERCIAL GENERAL LIABILITY COVERAGE

8

PART…whether instigated by or at the direction of the insured, the insured's " "employees" or agents, independent contractors, patrons or any other person…

### 3.      Representation and Warranties Provision

25.      The Policy further states, in the section titled Representations on

Application Warranty in the Common Policy Conditions:

By accepting this policy, you agree, represent and warrant that:

1.      The statements and information contained in the application for insurance, including all statements, information and documents accompanying or relating to the application are:

(a)      Accurate and complete and no facts have been suppressed, omitted or misstated; and

(b)      Material to us, and we have issued this policy in reliance upon them;

2.      Any failure to fully disclose the information requested in the application for insurance, whether by omission or suppression, or any misrepresentation in the statements and information contained in the application for insurance, including all statements, information and documents accompanying or relating to the application, renders coverage for any claim(s) null and void and entitles us to rescind the policy from its inception; and

3.      The application for this policy is incorporated and made part of the policy by reference.

C.     **The Underlying Lawsuits**

26.     On December 28, 2020, the Underlying Lawsuits were filed in the United States District Court for the Norther District of Georgia, Atlanta Division by two separate plaintiffs, G.W. and A.G. (the "Underlying Plaintiffs"), against Northbrook.  True and accurate copies of the complaints are attached as Exhibits D and E, respectively.

27.     The Underlying Lawsuits allege that the Underlying Plaintiffs were trafficked for sex as minors at the United Inn, violating the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1595(a).

28.     The Underlying Lawsuits allege that Northbrook breached its duties under the TVPRA, and either knew or should have known about the foreseeable risk of sex trafficking and other sex crimes on the premises.

29.     The Underlying Lawsuits allege that the Underlying Plaintiffs were transported to the United Inn, where they performed commercial sex acts for money. This includes numerous adult men visiting the room of the minor plaintiffs to purchase sex.  The adult male visitors allegedly arrived on the hotel premises in view of the hotel lobby, and the Underlying Plaintiffs further allegedly solicited adult men in plain view of the hotel lobby and front desk.

30.     The Underlying Lawsuits also allege that Northbrook employees were aware of the presence of the Underlying Plaintiffs at the time that they were allegedly trafficked at the United Inn.  This includes allegations that the Underlying Plaintiffs were present in the common areas of the hotel property while wearing little clothing and soliciting adult men, that the Underlying Plaintiffs purchased condoms and food from the front desk of the hotel, and that they spoke with hotel staff on multiple occasions.  The Underlying Lawsuits even allege that, upon being locked out of the room they were staying in, the Underlying Plaintiffs went to the front desk and had hotel staff let them back into their room, which hotel staff did after speaking with the Underlying Plaintiffs' alleged trafficker over the phone.

31.     As a result of Northbrook's alleged statutory liability, negligent acts, and breaches of duty, the Underlying Lawsuits assert Northbrook proximately and foreseeably caused injury, harm, and other damages to the Underlying Plaintiffs.

**D.     Dispute Over Application of the Sublimit and Rescission**

32.     Northbrook provided notice of the Underlying Lawsuits to GenStar in January of 2021.

33.     On February 8, 2021, GenStar agreed to participate in the defense of Northbrook in the Underlying Lawsuits, subject to a full reservation of rights (the

11

"Reservation of Rights Letter"). A true and accurate copy of GenStar's Reservation of Rights Letter is attached hereto as Exhibit F.

34.     The Reservation of Rights Letter explicitly stated that the defense provided by GenStar for the Underlying Lawsuits was under either the Abuse or Molestation Coverage or the Assault or Battery Coverage, and that it was therefore subject to the Sublimit.

35.     The Reservation of Rights letter also reserved the right to rescind the Policy for misrepresentations on the Application and the Supplemental Application.

36.     The Reservation of Rights letter invited Northbrook to provide information supporting or explaining its responses on the Application and Supplemental Application, but Northbrook never did so.

37.     GenStar funded its portion of Northbrook's defense in the Underlying Lawsuits until approximately October 20, 2022, when the Sublimit was exhausted by payment of defense costs.[1]   During the time that GenStar was paying for Northbrook's defense, neither Northbrook nor the Underlying Plaintiffs challenged

---

v[1] GenStar was also paying Northbrook's defense costs under the Sublimit in a separate, but related lawsuit styled *JG v. Northbrook Industries, Inc.*, No. 1:20-cv-05233, in the Northern District of Georgia. Payment of costs for this lawsuit contributed to the exhaustion of the Sublimit.

GenStar's position that either the Abuse or Molestation Coverage or the Assault or Battery Coverage applied to the Underlying Lawsuits.

38.     On January 6, 2023, the Underlying Plaintiffs issued demand letters to GenStar for $1 million each, challenging the application of the Sublimit for the first time.

39.     Upon information and belief, Northbrook also disputes the application of the Sublimit to the Underlying Lawsuits.

40.     It is GenStar's position that the Application and the Supplemental Application contain material misrepresentations, such that rescission of the Policy is appropriate.

41.     It is further GenStar's position that, even if the Policy were not rescinded, the Underlying Lawsuits fall within either the Abuse or Molestation Coverage or the Assault and Battery Coverage, and are subject to the Sublimit that has now been exhausted.

42.     An actual controversy exists between the parties regarding GenStar's obligations, if any, to defend or indemnify Northbrook in the Underlying Lawsuits.

### COUNT I – RESCISSION
### Against Northbrook

43.     GenStar reasserts and incorporates by reference the above Paragraphs as if fully set forth herein.

44.     Northbrook submitted the Application and the Supplemental Application to GenStar after there were multiple crimes that were attempted or committed on the premises of the hotel, and after multiple assault and battery incidents at the hotel.

45.     Question 20 on the Application asked: "Have any crimes occurred or been attempted on your premises within the last three (3) years?"  Northbrook responded that there were none.

46.     Question 13 on the Supplemental Application asked: "Any Assault & Battery incidents at the complex in the last five years?"  Northbrook responded that there were none.

47.     At the time of the Application and Supplemental Application, Northbrook was aware that its responses to Question 20 on the Application and Question 13 on the Supplemental Application were false.

48.     Northbrook's response to Question 20 of the Application and Question 13 on the Supplemental Application were material to GenStar's decision to provide coverage to Northbrook, to determine the premium or rate to be charged for the coverage and/or to specifically exclude any coverage to Northbrook.

49.     GenStar issued the Policy in reliance upon Northbrook's representations in the Application and the Supplemental Application, including

Northbrook's response to Question 20 on the Application and Question 13 on the

Supplemental Application.

50.    The Policy provides that:

By accepting this policy, you agree, represent and warrant that:

1.    The statements and information contained in the application for insurance, including all statements, information and documents accompanying or relating to the application are:

(a)    Accurate and complete and no facts have been suppressed, omitted or misstated; and

(b)    Material to us, and we have issued this policy in reliance upon them;

2.    Any failure to fully disclose the information requested in the application for insurance, whether by omission or suppression, or any misrepresentation in the statements and information contained in the application for insurance, including all statements, information and documents accompanying or relating to the application, renders coverage for any claim(s) null and void and entitles us to rescind the policy from its inception; and

3.    The application for this policy is incorporated and made part of the policy by reference.

51.    Northbrook's responses to the Application and the Supplemental

Application were material misrepresentations.  At the time Northbrook submitted

the Application and the Supplemental Application, Northbrook was aware of the

past criminal activity and assault and battery incidents which had taken place on the premises.

52.     If Northbrook had disclosed the criminal activity and assault and battery incidents on the Application and the Supplemental Application, GenStar in good faith would either not have issued the Policy to Northbrook at all, or would have not issued the Policy in as large an amount or at the same premium or rate or would not have provided coverage for any criminal acts or assault and battery that may take place on the premises.

53.     GenStar relied upon the accuracy of Northbrook's answers in the Application and in the Supplemental Application in issuing the Policy.

54.     As a direct and proximate consequence of Northbrook's misrepresentations on the Application and on the Supplemental Application, GenStar issued liability insurance to Northbrook at a premium and on terms that it would not have issued had it known about the criminal activity and assault and battery on the premises.

55.     As a result, the Policy is voidable due to the material misrepresentation in Northbrook's responses in the Application and the Supplemental Application, and should be rescinded.

## COUNT II – DECLARATORY JUDGMENT- ABUSE OR MOLESTATION ENDORSEMENT COVERAGE APPLIES
### Against all Defendants

56.     GenStar reasserts and incorporates by reference the above Paragraphs as if fully set forth herein.

57.     In the alternative, if the Policy is not rescinded, the Underlying Lawsuits fall entirely within the Abuse or Molestation Coverage of the Policy, and are subject to the Sublimit for that coverage.

58.     Subject to its other terms, conditions, and exclusions, the Policy provides that:

> We will pay those sums that the insured becomes legally obligated to pay as damages because of:
>
> a.     "Bodily injury" arising out of, resulting from, caused or contributed to by, or in connection with, an "occurrence" of "abuse or molestation" under the COMMERCIAL GENERAL LIABILITY COVERAGE PART;…

59.     The Policy defines "abuse or molestation":

> a.     The alleged, actual, or threatened act of abuse or molestation by anyone of any person while in the care, custody, or control of any insured; or
>
> b.     The negligent:
>
> (1)     Employment;
> (2)     Investigation;

17

   (3) Supervision;

   (4) Reporting to proper authorities, or failure to so report; or

   (5) Retention

Of a person for whom any insured is or ever was legally responsible and whose conduct would be excluded by paragraph 1.a above.

60. The Underlying Lawsuits allege that the Underlying Plaintiffs were sex trafficked by third party traffickers while they were minors and guests at the hotel owned by Northbrook.

61. The Underlying Lawsuits further allege hotel staff were aware that the Underlying Plaintiffs were staying at the hotel as guests at the time of the alleged trafficking, including, among other allegations, that the Underlying Plaintiffs made purchases at the front desk, were let back into their room upon being locked out, interacted with hotel staff about room cleaning, and were soliciting adult men on hotel premises in plain view of the hotel's front desk.

62. Discovery in the Underlying Lawsuits has confirmed that Northbrook was aware that the Underlying Plaintiffs were staying at the hotel as guests at the time of the alleged sex trafficking.

63. The Underlying Plaintiffs were, therefore, in the "care, custody, or control" of Northbrook at the time that they were allegedly sexually abused and molested by adult men as part of the alleged sex trafficking.

64.     Therefore, the injuries alleged in the Underlying Lawsuits arise out of, result from, were caused or contributed to by, or were in connection occurrences of "abuse or molestation" within the meaning of the Abuse or Molestation Coverage.

65.     Therefore, and in the alternative if the Policy is not rescinded, the Underlying Lawsuits fall entirely within the Abuse or Molestation Coverage and are subject to the Sublimit for that coverage.

66.     An actual controversy exists between GenStar, the Underlying Plaintiffs, and Northbrook regarding whether the Underlying Lawsuits fall within the Abuse or Molestation Coverage.

67.     GenStar is entitled to a declaration pursuant to 28 U.S.C. § 2201 that the Abuse or Molestation Coverage applies to the Underlying Lawsuits because the Underlying Lawsuits are based entirely upon allegations "abuse or molestation" of the Underlying Plaintiffs within the meaning of the Abuse or Molestation Coverage.

## COUNT III – DECLARATORY JUDGMENT- ASSAULT OR BATTERY COVERAGE APPLIES
### Against All Defendants

68.     GenStar reasserts and incorporates by reference the above Paragraphs as if fully set forth herein.

69.     In the alternative, if the Policy is not rescinded and the Abuse or Molestation Coverage does not apply, the Underlying Lawsuits fall within the

Assault or Battery Coverage in the Policy, and are subject to the Sublimit for that coverage.

70.     Subject to its other terms, conditions, and exclusions, the Assault or Battery Coverage provides that:

> We will pay those sums that the insured becomes legally obligated to pay because of "bodily injury" arising out of, resulting from, caused or contributed to by, or in connection with,:
>
> 1.     An act of assault or battery;
> 2.     Any act or omission in connection with the prevention or suppression of such acts; or
> 3.     Any actual or alleged adequate security;
>
> That is caused by an "occurrence" under the COMMERCIAL GENERAL LIABILITY COVERAGE PART…whether instigated by or at the direction of the insured, the insured's " "employees" or agents, independent contractors, patrons or any other person…

71.     The injuries alleged in the Underlying Lawsuits are based in their entirety upon allegations that the Underlying Plaintiffs were victims of assault and battery.  Specifically, the Underlying Lawsuits allege that the Underlying Plaintiffs were victims of sex trafficking and statutory rape by adult men, and that Northbrook failed to prevent or suppress such acts.

72.     The Underlying Lawsuits unambiguously allege injuries arising out of, resulting from, caused or contributed to by, or in connection with acts of assault and battery upon the Underlying Plaintiffs by numerous individuals.

73.     Therefore, in the alternative, if the Policy is not rescinded, and if the Abuse or Molestation Coverage does not apply, the Underlying Lawsuits fall within the Assault or Battery Endorsement Coverage and the Sublimit for that coverage applies.

74.     An actual controversy exists between GenStar, Northbrook, and the Underlying Plaintiffs regarding whether the Underlying Lawsuit falls within the Assault or Battery Coverage.

75.     GenStar is entitled to a declaration pursuant to 28 U.S.C. § 2201 that the Assault or Battery Coverage applies to the Underlying Lawsuits because the Underlying Lawsuits allege injuries arising out of, resulting from, caused or contributed to by, or in connection with assault and battery.

## COUNT IV – DECLARATORY JUDGMENT- CLAIMS BY PLAINTIFF A.G. ARE OUTSIDE POLICY PERIOD
### Against Northbrook and A.G.

76.     GenStar reasserts and incorporates by reference the above Paragraphs as if fully set forth herein.

77.     The Policy was in effect from June 26, 2017 to July 3, 2018.

78.     The A.G. Lawsuit alleges that A.G. was sex trafficked for money at the United Inn during the weekend of June 23, 2017.

79.     Upon information and belief, A.G. suffered her injuries at the United Inn between June 23, 2017 through June 25, 2017, entirely outside the effective date of the Policy.

80.     The Policy only provides coverage for "bodily injury" if that injury took place during the policy period of June 26, 2017 to July 3, 2018.

81.     Any claims made for an injury occurring outside of the policy period would not have coverage under the Policy.

82.     Therefore, the A.G. Lawsuit does not trigger coverage under the Policy.

83.     An actual controversy exists between GenStar, the Underlying Plaintiffs, and Northbrook regarding whether the A.G. Lawsuit alleges injuries that occurred within the policy period of the Policy.

84.     GenStar is entitled to a declaration pursuant to 28 U.S.C. § 2201 that the Policy does not afford coverage for the A.G. Lawsuit because it is based on alleged injuries that took place outside of the policy period.

**PRAYER FOR RELIEF**

WHEREFORE, GenStar respectfully requests that this Court enter a judgment:

A.      rescinding the Policy due to Northbrook's material misrepresentation regarding previous criminal activity and assault and battery on hotel premises;

B.      in the alternative, if the Policy is not rescinded, a declaration that the Abuse or Molestation Coverage applies to the Underlying Lawsuits;

C.      in the alternative, if the Policy is not rescinded, and the Abuse or Molestation Coverage does not apply, a declaration that the Assault or Battery Coverage applies to the Underlying Lawsuits;

D.      a declaration that the injuries alleged in the A.G. Lawsuit occurred outside of the policy period, and are thus afforded no coverage under the Policy; and

E.      for all such other and further relief as the Court deems equitably just and proper.

DENTONS US LLP

*/s/ Jeffrey A. Zachman*
Jeffrey A. Zachman
GA Bar No. 254916
303 Peachtree Street NE, Suite 5300
Atlanta, GA 30308
Email: Jeffrey.zachman@dentons.com

23

and

Kathryn M. Guinn
GA Bar No. 160785
1400 Wewatta Street, Suite 700
Denver CO 80202
DENTONS US LLP
katy.guinn@dentons.com

*Attorneys for General Star Insurance
Company*

## **RULE 5.1(B) CERTIFICATE OF COMPLIANCE**

The undersigned counsel hereby certifies that the foregoing filing has been prepared using Times New Roman, 14 point font in certificate of compliance with Local Rule 5.1(B).

This 30th day of January, 2023.

> */s/ Jeffrey A. Zachman*
> Jeffrey A. Zachman
> Ga Bar No. 254916