# EXHIBIT "F"

**Suzanne N. Bold**
Second Vice President



February 8, 2021

**CERTIFIED MAIL RRR / VIA EMAIL**
**7019 2970 0001 6681 0797**

Tahir Shareef
Northbrook Industries, Inc.
4649 Memorial Drive
Decatur, GA 30032
mtshareef@gmail.com

|  |  |  |
|---|---|---|
| Re: | Insured: | **Northbrook Industries, Inc.** |
|  | Policy No: | **IMA-335234** |
|  | Policy Period: | **6/26/17 to 7/3/18** |
|  | Lawsuits: | **AG v. Northbrook Industries, Inc.** |
|  |  | **JG v. Northbrook Industries, Inc.** |
|  |  | **GW v. Northbrook Industries, Inc.** |
|  | Our Claim No.: | G10057358 |
|  |  | G10057357 |
|  |  | G10057286 |

Dear Mr. Shareef:

      We write on behalf of General Star Indemnity Company ("General Star") to supplement our prior correspondence regarding your tender of the lawsuits styled *AG v. Northbrook Industries, Inc.*, No. 1:20-cv-05231 (the "AG Lawsuit"), *JG v. Northbrook Industries, Inc.*, No. 1:20-cv-05233 (the "JG Lawsuit"), and *GW v. Northbrook Industries, Inc.*, No. 1:20-cv-05232 (the "GW Lawsuit"), all of which are pending in the United States District Court for the Northern District of Georgia (collectively, the "Underlying Lawsuits"). General Star has conducted a preliminary evaluation of coverage for the Underlying Lawsuits under policy number IMA-335234 issued by General Star to Northbrook Industries, Inc. ("Northbrook") for the policy period June 26, 2017 to July 3, 2018 (the "Policy"). As discussed below, General Star agrees to provide you with a defense in the Underlying Lawsuits, subject to a full reservation of rights.

      **Please note that this defense is subject to a sublimit of $25,000 per occurrence and $50,000 in the aggregate, inclusive of defense costs. What that means is that the legal fees and expenses we spend on the lawyer retained to defend Northbrook in the three Lawsuits will reduce the policy limits. As a result, it is reasonable to expect that Northbrook's policy limits will be exhausted before one or all of the Lawsuits reach resolution. Upon exhaustion, General Star will owe no further coverage obligations to Northbrook under the Policy.**

General Star Management Company | 120 Long Ridge Road, Stamford, CT 06902
phone 203 328 6634, fax 866 914 3151, toll free 800 431 9994
suzanne.bold@generalstar.com, www.generalstar.com

*A Berkshire Hathaway Company*

February 8, 2021
Page 2

It is our understanding that Northbrook is currently being defended in the AG and GW Lawsuits by Northbrook's other insurer Endurance American Specialty Insurance Company ("Endurance"), through Sompo International Companies ("Sompo") and that Sompo has retained the law firm of Hall Booth Smith to represent Northbrook in those two cases. However, we understand that Sompo has denied coverage to Northbrook for the JG Lawsuit. Consistent with our January 28, 2021 letter to you we retained Hall Booth Smith to obtain a two week extension of time for Northbrook to respond to the Complaint in the JG Lawsuit -- which was accomplished. General Star is agreeable to Hall Booth Smith representing Northbrook in the JG Lawsuit. **However, because Northbrook has limited coverage for defense costs, as explained above, we are agreeable to the retention of defense counsel of your choice so long as that counsel has appropriate experience in these types of lawsuits**. Please let us know whether you would like to continue to have Hall Booth Smith represent Northbrook in the JG Lawsuit or if you wish to retain other counsel. If you want to retain other counsel please let us know the name of the proposed attorney.

Please note that, in providing the analysis below, we summarize the allegations contained in the Underlying Lawsuits to place the General Star's coverage position in context. The coverage discussion below does not reflect an independent assessment of the merits of the allegations in the Underlying Lawsuits, as these allegations are unsubstantiated at this time. Further, this letter does not modify the terms, conditions, exclusions, and limitations of the Policy, which should be read in conjunction with this letter. Please also note that this letter is not intended to be exhaustive or exclusive with respect to the coverage issues that could be implicated by this matter, and General Star expressly reserves all rights, remedies, and defenses available to it under any potentially applicable insurance policy and applicable law in connection with this matter, including, but not limited to, the right to raise additional policy terms, conditions, exclusions, and limitations as appropriate.

## I. Factual/Allegation Summary

The Underlying Lawsuits are virtually identical to one another. Each have been brought by victims of child sex trafficking who allege that they were trafficked at a property owned by Northbrook, the United Inn on 4649 Memorial Drive, Decatur, Georgia 30032 (the "Hotel"). The Underlying Lawsuits allege that child sex trafficking was common at the Hotel, and that Northbrook knew or should have known that the plaintiffs were minors being trafficked for sex. The Underlying Lawsuits allege that Northbrook intentionally ignored warning signs in order to profit off of the sex trafficking that was occurring on its premises, in violation of common law and statutory duties. Based on these allegations, the Underlying Lawsuits assert claims for (1) statutory liability under 18 USC § 1595; and (2) negligence. The Underlying Lawsuits seek both compensatory and punitive damages.

Notably, the Underlying Lawsuits do allege different time periods during which the plaintiffs were trafficked. GW alleges that she was trafficked in June and July of 2017; AG alleges that she was trafficked in June of 2017; and JG alleges that she was trafficked in 2018 and 2019.

## II. Coverage Discussion

To the extent that the Policy provides coverage for the Underlying Lawsuit, which General Star does not concede and reserves all rights regarding, such coverage would fall under either the Abuse or Molestation Coverage and Sublimit endorsement (the "Abuse or Molestation Coverage")

February 8, 2021
Page 3

or the Assault or the Battery Coverage and Sublimit endorsement (the "Assault and Battery Coverage").  Notably, to the extent that there is coverage under either of these endorsements, there is not coverage under the other.  Each of these coverages is subject to a sublimit of $25,000 per occurrence and $50,000 in the aggregate, inclusive of defense costs.

### A. **Abuse or Molestation Coverage.**

Subject to its terms, conditions, exclusions, and limitations, the Abuse or Molestation Coverage provides in relevant part that:

> We will pay those sums that the insured becomes legally obligated to pay as damages because of :
>
> a.     "Bodily injury" arising out of, resulting from, caused or contributed to by, or in connection with, an "occurrence" of "abuse or molestation" under the **COMMERCIAL GENERAL LIABILITY COVERAGE PART**;…

The Policy states that the term "abuse or molestation" means:

> a.     The alleged, actual, or threatened act of abuse or molestation by anyone of any person while in the care, custody, or control of any insured; or
>
> b.     The negligent:
>
> > (1) Employment:
> > (2) Investigation;
> > (3) Supervision;
> > (4) Reporting to proper authorities, or failure to so report; or
> > (5) Retention
>
> Of a person for whom any insured is or ever was legally responsible and whose conduct would be excluded by paragraph 1.a above.

As set out above, the plaintiffs in the Underlying Lawsuits allege that they were sex trafficked by third party traffickers while they were guests at the Hotel and that Northbrook negligently failed to investigate or report obvious warning signs to authorities.  To the extent that the underlying plaintiffs were in the care, custody or control of Northbrook at the time of their injuries, and/or to the extent that Northbrook is legally responsible for the conduct of the third party traffickers while they operated on the Hotel premises, the Underlying Lawsuits appear to allege "abuse or molestation" and, therefore, may fall within the Abuse or Molestation Coverage.  General Star fully reserves its rights on this matter.

February 8, 2021
Page 4

The Abuse or Molestation Coverage further provides that

> The Abuse or Molestation Aggregate Sublimit Of Insurance shown in the Schedule of this endorsement is the most we will pay for the sum of all damages and Supplementary Payments during the policy period because of "bodily injury" arising out of, resulting from, caused or contributed to by, or in connection with all covered "occurrences" of "abuse or molestation" regardless of the number of claimants or injuries.

The Schedule for the Abuse or Molestation Coverage provides a sublimit of $25,000 per occurrence and $50,000 in the aggregate, inclusive of defense costs. Therefore, to the extent that the Abuse or Molestation Coverage applies to the Underlying Lawsuits, General Star's liability for defense costs and indemnity are subject to this sublimit.

General Star further reserves the right to determine that the Underlying Lawsuits constitute a single "occurrence" under this sublimit. The Abuse or Molestation Coverage provides, in relevant part, that:

> All "bodily injury" resulting from…any act of "abuse or molestation" shall be deemed:
>
> …
>
> b.   To be a single covered "occurrence"…
>
>   (1)   whether committed by the same person or two or more persons acting in concert with each other and without regard to the number of:
>
>     (a)   persons abused or molested;
>
>     (b)   incidents of abuse or molestation taking place after the first act of "abuse or molestation"….

The Abuse or Molestation Coverage further provides that "for each single 'occurrence'….only a single Abuse Or Molestation Coverage Aggregate Sublimit Of Insurance will apply."

As discussed above, the Underlying Lawsuits all contain materially identical allegations that describe the wrongdoing of a single sex trafficking ring, and potentially of one individual trafficker. The allegations concerning Northbrook's conduct are identical in all three complaints. General Star reserves the right to determine that all three of the Underlying Lawsuits allege a single covered "occurrence" subject to a single sublimit of $25,000, inclusive of defense costs.

General Star further notes that the Abuse or Molestation Coverage states that:

> All "bodily injury" resulting from…any act of "abuse or molestation" shall be deemed:

February 8, 2021
Page 5

    a.    To be a covered "occurrence"…if the act of "abuse or molestation" takes place during the policy period.

As set out above, the Underlying Lawsuits allege that the plaintiffs were sex trafficked in June and July of 2017, and in 2018 and 2019. The Policy was in effect from June 26, 2017 to July 3, 2018. To the extent that any "abuse or molestation" alleged in the Underlying Lawsuits took place outside of this policy period, there would be no coverage for the same. General Star reserves its rights on this matter.

Additionally, General Star notes that the Abuse or Molestation Coverage contains an exclusion that bars coverage for "[p]unitive or exemplary damages or that part of any award not attributable to actual or compensatory damages." As set out above, the Underlying Lawsuits seek punitive damages. General Star full reserves its rights on this matter.

General Star further notes that the Abuse or Molestation Coverage states that:

> "Bodily injury" arising out of, resulting from, caused or contributed to by, or in connection with, an act of "abuse or molestation" as covered by this endorsement does not include "bodily injury" arising out of, resulting from, caused or contributed to by, or in connection with, an act of assault or battery.

General Star fully reserves its rights under this provision.

### B. Assault or Battery Coverage

Subject to its terms, conditions, and exclusions, the Assault or Battery Coverage states, in relevant part, that:

> We will pay those sums that the insured becomes legally obligated to pay because of "bodily injury" arising out of, resulting from, caused or contributed to by, or in connection with,:
>
> 1.    An act of assault or battery;
>
> 2.    Any act or omission in connection with the prevention or suppression of such acts; or
>
> 3.    Any actual or alleged adequate security;
>
> That is caused by an "occurrence" under the **COMMERCIAL GENERAL LIABILITY COVERAGE PART**…whether instigated by or at the direction of the insured, the insured's " "employees" or agents, independent contractors, patrons or any other person…

The Assault or Battery Coverage further provides that:

February 8, 2021
Page 6

> "Bodily injury" arising out of, resulting from, caused or contributed by or in connection with, an act of assault or battery as covered by this endorsement does not include "bodily injury" arising out of, resulting from, caused or contributed by or in connection with, an act of "abuse or molestation."

As set out in greater detail above, the plaintiffs in the Underlying Lawsuits allege that they were sex trafficked by third party traffickers while they were guests at the Hotel, and that Northbrook negligently failed to investigate or report obvious warning signs to authorities. To the extent that the Underlying Lawsuits do not allege "abuse or molestation," therefore, they allege injuries arising out of assault and battery instigated by patrons of the Hotel or other persons, and Northbrook's alleged failure to prevent or suppress such assault or battery. Therefore, to the extent that the Abuse or Molestation Coverage is not implicated by the Underlying Lawsuits, the Assault or Battery Coverage may apply.

The Assault or Battery Coverage provides that:

> The Assault Or Battery Coverage Aggregate Sublimit Of Insurance shown in the Schedule of this endorsement is the most we will pay for the sum of all damages and Supplementary Payments during the policy period because "bodily injury" arising out of, resulting from, caused or contributed by or in connection with all covered "occurrences" of assault or battery regardless of the number of claimants or injuries.

The Schedule for the Assault or Battery Coverage provides a sublimit of $25,000 per occurrence and $50,000 in the aggregate, inclusive of defense costs. Therefore, to the extent that the Assault or Battery Coverage applies, General Star's liability for defense costs and indemnity are subject to this sublimit.

General Star further notes that the Assault or Battery Coverage states that:

> All "bodily injury" claims or "suits" arising out of, resulting from, caused or contributed by or in connection with, the same act of assault or battery, of a series of related acts of assault or battery, regardless if committed by the same perpetrator or two or more perpetrators acting in concert and without regard to the number of incidents or victims involved, shall be considered as a:
>
> 1. Single covered "occurrence" of assault or battery under the **COMMERCIAL GENERAL LIABILITY COVERAGE PART**;…
>
> Taking place during this policy period if the initial assault or battery "bodily injury" occurred during this policy period.
>
> Our obligation to pay damages together with Supplementary Payments for any single covered "occurrence"…of assault or battery

February 8, 2021
Page 7

>shall not exceed the Assault Or Battery Coverage Aggregate Sublimit Of Insurance shown in the Schedule of this endorsement.

As set out above, the Underlying Lawsuits allege virtually identical injuries caused by the actions of a single sex trafficking ring, and potentially of an individual trafficker. The allegations concerning Northbrook's conduct are identical in all three complaints. General Star reserves the right to determine that the Underlying Lawsuits allege a single covered "occurrence" subject to a single sublimit of $25,000, inclusive of defense costs that occurred at the time of the initial assault or battery.

General Star further reserves its rights to the extent that the Underlying Lawsuits allege assault or battery that did not take place during the policy period. As noted above, the Underlying Lawsuits allege that the plaintiffs were sex trafficked in June and July of 2017, and in 2018 and 2019. The Policy was in effect from June 26, 2017 to July 3, 2018. To the extent that any assault or battery alleged in the Underlying Lawsuits took place outside of this policy period, there would be no coverage for the same. General Star reserves its rights on this matter.

Additionally, General Star directs your attention to the Expected or Intended Exclusion in the Assault or Battery Coverage, which bars coverage for:

>"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" arising out of, resulting from, caused or contributed by or in connection with a covered "occurrence" of assault or battery.

As set out above, the Underlying Lawsuits allege that Northbrook should have known that the plaintiffs were being trafficked at the Hotel and failed to take any action to prevent it. General Star reserves its rights to the extent that this exclusion applies to the Underlying Lawsuits.

### C. General Provisions

General Star also notes that general policy provisions may limit or preclude coverage, and reserves the right to assert such provisions. For example, the Policy contains an exclusion that barring coverage for:

>"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

This exclusion applies generally to "bodily injury" insured in the Policy.[1] As set out above, the Underlying Lawsuits allege that Northbrook ignored obvious red flags of child sex trafficking at the Hotel, and that Northbrook knew or should have known that child sex trafficking was occurring on the Hotel premises. To the extent that the Underlying Lawsuits allege "bodily injury" that Northbrook expected or intended, therefore, the Policy would not provide coverage for the same.

---

[1] Please note that, as set out above, this exclusion is modified in the Assault or Battery Coverage.

February 8, 2021
Page 8

Further, General Star directs your attention to Representations on Application Warranty in the Common Policy Conditions, which states, in relevant part, that:

> By accepting this policy, you agree, represent and warrant that:
>
> 1. The statements and information contained in the application for insurance, including all statements, information and documents accompanying or relating to the application are:
>
>     (a) Accurate and complete and no facts have been suppressed, omitted or misstated; and
>
>     (b) Material to us, and we have issued this policy in reliance upon them;
>
> 2. Any failure to fully disclose the information requested in the application for insurance, whether by omission or suppression, or any misrepresentation in the statements and information contained in the application for insurance, including all statements, information and documents accompanying or relating to the application, renders coverage for any claim(s) null and void and entitles us to rescind the policy from its inception; and
>
> 3. The application for this policy is incorporated and made part of the policy by reference.

In your application for the Policy submitted on June 21, 2017 (the "Application"), you represented that no crimes had been committed or attempted on the Hotel premises in the last five years. The complaints in the Underlying Lawsuits, however, allege that the Hotel was rife with criminal activity, and cites numerous specific examples, many of which occurred within the five years preceding the Application. Similarly, on the Hotel/Motel Supplemental Application submitted on June 20, 2017 (the "Supplemental Application"), you represented that there had been no assault or battery incidents on the Hotel premises within the past five years, and that the Hotel did not rent rooms on a weekly basis. Again, the allegations of the complaints in the Underlying Lawsuit directly contradict both of these representations.

General Star reserves its rights on this matter, including the right to render coverage for the Lawsuit null and void based on the Representations on Application Warranty and rescind the Policy for material misrepresentation.

## III.   Defense Arrangements

As set out in our prior correspondence, it is our understanding that Endurance, through Sompo, has retained the law firm Hall Booth Smith to defend Northbrook in the AG and GW Lawsuits. However, we also understand that Sompo has disclaimed coverage for the JG Lawsuit.

General Star directs you to the Other Insurance provision in the Policy, which states in relevant part that:

February 8, 2021
Page 9

> This insurance is primary except when Paragraph b. below applies. If this insurance is primary, our obligations are not affected unless any of the other insurance is also primary. Then, we will share with all that other insurance by the method described in Paragraph c. below.
>
> If all of the other insurance permits contribution by equal shares, we will follow this method also. Under this approach each insurer contributes equal amounts until it has paid its applicable limit of insurance or none of the loss remains, whichever comes first.
>
> If any of the other insurance does not permit contribution by equal shares, we will contribute by limits. Under this method, each insurer's share is based on the ratio of its applicable limit of insurance to the total applicable limits of insurance of all insurers.

General Star fully reserves its rights under the foregoing provisions, including but not limited to its right to seek contribution or indemnity from Sompo or any other insurer for any defense costs related to the Underlying Lawsuits.

Subject to and without waiver of the coverage issues set out in the preceding sections of this letter, General Star agrees to participate in your defense of the Underlying Lawsuits. Specifically, General Star agrees to share your defense costs for the AG and GW Lawsuits with Sompo, and agrees to retain Hall Booth Smith to defend you in the JG Lawsuit up to the amount of the applicable sublimit. Please let us know if you do not consent to the retention of Hall Booth Smith to defend you in the JG Lawsuit, or if you have any other objections to this arrangement for your defense in the Underlying Lawsuits as explained at the beginning of this letter. We again direct your attention to the sub-limited coverage of $25,000 per occurrence and $50,000 in the aggregate and that defense costs erode these limits. Given this limited coverage it is reasonable to expect that the policy limits may be exhausted before the conclusion of the Lawsuits. Accordingly, we will agree at your request to retaining a lawyer of your choice to represent you in the JG Lawsuit so long as that lawyer has appropriate experience defending cases like the Lawsuits.

## IV. Information Request

As part of its ongoing investigation of coverage for the Underlying Lawsuits, General Star requires certain information from you. As soon as possible, please provide us with:

- Copies of any insurance policies that were issued to Northbrook and that were in effect at any time from June 1, 2017 to December 31, 2019;

- Copies of any coverage position letters issued by the insurers for the policies described above in relation to the Underlying Lawsuits;

- The date on which Northbrook became the owner of the Hotel;

- Any documentation or information in your possession that relates to criminal investigations at the Hotel from June of 2012 to the date of the Application; and

February 8, 2021
Page 10

- Any documentation or information in your possession that relates to criminal complaints arising out of crimes committed at the Hotel from June of 2012 to the date of the Application.

The Policy requires that, as a condition for coverage, you must "[c]ooperate with us in the investigation or settlement of the claim." If you need clarification on any of these requests, please let us know.

### V.   Conclusion

As explained above, General Star will participate in the defense and pay defense costs incurred on your behalf in the Underlying Lawsuits up to the amount of the applicable sub-limits. General Star's agreement in this regard is subject to a full and continuing reservation of all rights, remedies and defenses available to it under the Policy and applicable law in connection with this matter. Such reservation expressly includes, but is not limited to, the right to conclude that no coverage is available for this matter, in whole or in part, under the Policy and to withdraw from the defense of this matter, as may be appropriate. Such reservation also expressly includes the right to seek reimbursement of defense costs paid for claims that do not trigger coverage under the Policy, if the Policy is declared null and void for the Lawsuits or if the Policy is rescinded.

Please note that General Star's analysis as set forth in this letter necessarily is based only on the information presently available to General Star at this time. If you disagree with General Star's position or believe that other information or documentation might affect the coverage position set forth above, please provide it to us as soon as possible. Please also understand that the foregoing analysis is not intended to be exhaustive or exclusive with respect to the issues that may arise in connection with this matter, and that the enumeration of specific coverage issues and/or defenses in this letter should not be interpreted as a waiver of any other rights General Star may have or that may become available at a later date. Nothing contained in this letter and no action taken by General Star shall be deemed a waiver of any such rights. General Star specifically reserves its right to raise additional coverage defenses as further information is received and/or as otherwise may be appropriate. Please do not hesitate to contact me if you have any questions.

Very truly yours,

Suzanne N. Bold
203-328-6634
GENERAL STAR MANAGEMENT

cc:   Naurish Valani (naurish@bulldoginsurance.com)

DBrown@hallboothsmith.com