Fulton County Superior Court
\*\*\*EFILED\*\*\*TV
Date: 12/19/2022 2:08 PM
Cathelene Robinson, Clerk

## IN THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| MICHELLE BHALAI,<br><br>　　　　Plaintiff,<br><br>v.<br><br>SYNCHRONY BANK and EQUIFAX INFORMATION SERVICES, LLC,<br><br>　　　　Defendants. | CIVIL ACTION NO. 2022CV374058 |

### COMPLAINT

Plaintiff, Michelle Bhalai (hereinafter "Plaintiff"), by and through the undersigned counsel, the Law Offices of Robert S. Gitmeid & Associates, PLLC, by way of Complaint against Defendants, Synchrony Bank ("Synchrony") and Equifax Information Services, LLC ("Equifax") alleges as follows:

### INTRODUCTION

1.

This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq.

(the "FCRA") and other claims related to unlawful credit reporting practices. The FCRA prohibits furnishers of credit information from falsely and inaccurately reporting consumers' credit information to credit reporting agencies.

## PARTIES

2.

Plaintiff, Michelle Bhalai, is an adult citizen of Florida.

3.

Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c) of the FCRA.

4.

Defendant Synchrony is a state-chartered bank, organized and existing under the laws of Utah, that furnishes consumer credit information to consumer reporting agencies.

5.

Defendant Equifax is a limited liability company, headquartered in Atlanta, Georgia, that engages in the business of maintaining and reporting consumer credit information.

## JURISDICTION AND VENUE

6.

The Court holds jurisdiction over defendant Synchrony under O.C.G.A. § 9-10-91 because (1) Synchrony transacted business with Equifax in relation to the acts and omissions at issue; (2) Synchrony's acts and omissions at issue were committed in Georgia by way of Synchrony's interactions with Equifax; and (3) Plaintiff's injury in this case occurred in Georgia by way Equifax's inaccurate credit reporting.

7.

The Court holds jurisdiction over defendant Equifax because Equifax is a resident of Georgia.

8.

Venue is proper in Fulton County because defendant Equifax is headquartered in Fulton County and because the acts and omissions at issue occurred here.

## FACTUAL ALLEGATIONS

9.

Defendant Synchrony issued account ending in 3103 to Plaintiff. The account was routinely reported on Plaintiff's consumer credit report.

10.

The consumer report at issue is a written communication of information concerning Plaintiff's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or for the purpose of serving as a factor in establishing the consumer's eligibility for credit to be used primarily for personal, family, or household purposes as defined by 15 U.S.C. § 1681a(d)(1) of the FCRA.

11.

On or about May 25, 2022, Plaintiff and Synchrony entered into a settlement agreement for the above referenced account. A recording of the settlement agreement is available upon request.

12.

Pursuant to the terms of the settlement, Plaintiff was required to make one lump sum payment totaling $584.50 to settle and close her Synchrony credit account.

13.

Plaintiff, via her debt-settlement representative, timely made the requisite settlement payment.

14.

However, months later, Plaintiff's Synchrony account continued to be negatively reported.

15.

In particular, on a requested credit report dated October 19, 2022, Plaintiff's Synchrony account was reported with a status of "CHARGE OFF," a balance of $1,753.00, and a past due balance of $1,753.00. The relevant portion of Plaintiff's credit report is attached hereto as Exhibit A.

16.

This trade line was inaccurately reported. As evidenced by the enclosed documents, the account was settled for less than full balance and must be reported as settled with a balance of $0.00.

17.

On or about October 25, 2022, Plaintiff, through counsel, notified Equifax directly of a dispute with completeness and accuracy of the reporting of Plaintiff's Synchrony account. A redacted copy of this letter is attached hereto as Exhibit B.

18.

Therefore, Plaintiff disputed the accuracy of the derogatory information reported by Synchrony to Equifax via certified mail in accordance with 15 U.S.C. § 1681i of the FCRA.

19.

In December 2022, Plaintiff requested an updated credit report for review. The tradeline for Plaintiff's Synchrony account remained inaccurate, as Defendants failed to correct the inaccuracy. The relevant portion of the December 2022 credit report is attached hereto as Exhibit C.

20.

Equifax did not notify Synchrony of the dispute by Plaintiff in accordance with the FCRA; or alternatively Equifax did notify Synchrony, and the Defendants failed to properly investigate and delete the tradeline or properly update the tradeline on Plaintiff's credit reports.

21.

If the Defendants had performed a reasonable investigation of Plaintiff's disputes, Plaintiff's Synchrony account would have been updated to reflect a "settled" status with a balance of $0.00.

22.

Although Synchrony has promised through its subscriber agreements or contracts to accurately update accounts, Synchrony has nonetheless willfully, recklessly, or negligently failed to follow this requirement, as well as the requirements set forth under the FCRA. This has resulted in the intended consequences of this information remaining on Plaintiff's credit reports.

23.

Defendants failed to properly maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit information and Plaintiff's credit report, concerning the account in question, thus violating the FCRA. These violations occurred before, during, and after the dispute process began with Equifax.

24.

At all times pertinent hereto, Defendants were acting by and through their agents, servants and employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendants herein.

25.

At all times pertinent hereto, the conduct of Defendants, as well as that of their agents, servants and employees, was intentional, willful, reckless, or negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

## CLAIM FOR RELIEF

26.

Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

27.

Equifax is a "consumer reporting agency," as codified at 15 U.S.C. § 1681a(f).

28.

Synchrony is an entity who, regularly and in the course of business, furnishes information to one or more consumer reporting agencies about its transactions or experiences with any consumer and therefore constitutes a "furnisher," as codified at 15 U.S.C. § 1681s-2.

29.

Synchrony is reporting inaccurate credit information concerning Plaintiff to one or more credit bureaus as defined by 15 U.S.C. § 1681a of the FCRA.

30.

Plaintiff notified Defendants directly of a dispute on the account's completeness and accuracy, as reported.

31.

Synchrony failed to complete an investigation of Plaintiff's written dispute and provide the results of an investigation to Plaintiff and the credit bureaus within the 30-day statutory period as required by 15 U.S.C. § 1681s-2(b).

32.

Synchrony failed to promptly modify the inaccurate information on Plaintiff's credit report in violation of 15 U.S.C. § 1681s-2(b).

33.

Equifax failed to delete information found to be inaccurate, reinserted the information without following the FCRA, or failed to properly investigate Plaintiff's disputes.

34.

Equifax failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, concerning the account in question, violating 15 U.S.C. § 1681e(b).

35.

As a result of the above violations of the FCRA, Plaintiff suffered actual damages in one or more of the following categories: lower credit score, denial of credit, embarrassment and emotional distress caused by the inability to obtain financing for everyday expenses, rejection of credit card application, higher interest rates on loan offers that would otherwise be affordable, and other damages that may be ascertained at a later date.

36.

As a result of the above violations of the FCRA, Defendants are liable to Plaintiff for actual damages, punitive damages, statutory damages, attorney's fees and costs.

**WHEREFORE**, Plaintiff demands that judgment be entered against Defendants as follows:

(a) That judgment be entered against Defendants for actual damages pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o;

(b) That judgment be entered against Defendants for statutory damages pursuant to 15 U.S.C. § 1681n;

(c) That judgment be entered against Defendants for punitive damages pursuant to 15 U.S.C. § 1681n;

(d) That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o; and

(a) That the Court grant such other and further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action of all issues so triable.

Respectfully Submitted,

**Law Offices of Robert S. Gitmeid & Associates, PLLC**

/s/ Heather L. Johnson
Heather L. Johnson, Esq.
Georgia Bar No. 595074
P.O. Box 248
Mableton, GA 30126
Telephone: (770) 874-2445
Fax: (770) 299-2111
*Counsel for Plaintiff*