UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **ERENDIRA MORA DOMINGUEZ**<br>A216-304-259<br><br>　　　　**Plaintiff,**<br><br>v.<br><br>**MERRICK B. GARLAND,** Attorney General of the United States;<br>**DAVID L. NEAL,** Director, Executive Office for Immigration Review;<br>**DANIEL H. WEISS,** Principal Deputy Chief Immigration Judge;<br>**RYAN FISHER,** Immigration Judge, Atlanta Immigration Court,<br><br>　　　　**Defendants.** | **COMPLAINT FOR WRIT OF MANDAMUS**<br><br>Civil Action No. |

## COMPLAINT FOR WRIT OF MANDAMUS

**To the Honorable Judges of Said Court:**

　　　Plaintiff, Ms. Erendira Mora Dominguez, through undersigned counsel, allege as follows:

## INTRODUCTION

1. This is a civil action brought pursuant to 28 U.S.C. § 1361, 8 U.S.C. § 1329, and 28 U.S.C. § 1331 to redress the deprivation of rights, privileges and immunities secured to Plaintiff and to compel Defendants to perform a duty Defendants owe to Plaintiff. Jurisdiction is also conferred by 5 U.S.C. § 706.

2. This action is brought to compel Defendants and those acting under them to expedite and adjudicate Plaintiff's application for Cancellation of Removal ("cancellation of removal") under section 240A(b)(1) of the Immigration and Nationality Act ("INA"), 8 U.S.C 1229b(b)(1) before her qualifying relative reaches the age of twenty one (21), thus precluding the Atlanta Immigration Court from granting her application for Cancellation of Removal as stipulated by the U.S. Department of Homeland Security ("DHS")

3. Defendants are charged by law with the statutory obligation to adjudicate Plaintiff's application for Cancellation of Removal.

## JURISDICTION AND VENUE

4. This action arises under the Immigration and Nationality Act of 1952 ("INA"), 8 U.S.C. § 1255, and 8 U.S.C. § 1254. This Court has jurisdiction over this action under 28 U.S.C. § 1331 (federal question), the INA, the Administrative Procedure Act, 5 U.S.C. § 701 et seq., and the Mandamus Act, 28 U.S.C. § 1361.

5. Venue is proper in this Court under 28 U.S.C. §1391(e), because a substantial part of the events and omissions giving rise to the claim occurred in this district, and because Defendants operate within this district.

## DEFENDANTS

6. Defendant, Mr. Merrick Garland, is sued in his official capacity as the United States Attorney General. As Attorney General, Mr. Garland is responsible for the administration and enforcement of the immigration laws of the United States.

7. Defendant, Mr. David Neal, is sued in his official capacity as the Director of the Executive Office for Immigration Review ("EOIR"). As the Director, Mr. Neal is responsible for the overall administration of the EOIR.

8. Defendant, Mr. Daniel H. Weiss, is sued in his official capacity as the Principal Deputy Chief Immigration Judge for the Office of the Chief Immigration Judge ("OCIJ"). As Principal Deputy Chief Immigration Judge, Mr. Weiss is responsible for establishing operating policies and overseeing policy implementation for the immigration courts.

9. Defendant, Mr. Ryan Fisher, is sued in his official capacity as an Immigration Judge of the Atlanta Immigration Court. As an Immigration Judge,

Mr. Fisher is responsible for adjudicating Plaintiff's application for Cancellation of Removal.

## **STATUTORY BACKGROUND**

Section 240A(b) of the Immigration and Nationality Act (hereinafter "INA") states the following:

(b) CANCELLATION OF REMOVAL AND ADJUSTMENT OF STATUS FOR CERTAIN NONPERMANENT RESIDENTS.-

(1) IN GENERAL.-The Attorney General may cancel removal of, and adjust to the status of an alien lawfully admitted for permanent residence, an alien who is inadmissible or deportable from the United States if the alien-

> (A) has been physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of such application;
>
> (B) has been a person of good moral character during such period;
>
> (C) has not been convicted of an offense under section 212(a)(2), 237(a)(2), or 237(a)(3) (except in a case described in section 237(a)(7) where the Attorney General exercises discretion to grant a waiver); and
>
> (D) establishes that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States, or an alien lawfully admitted for permanent residence.

Section 240A(e) of the INA provides that the Attorney General may not cancel the removal and adjust the status under INA § 240A(b ), nor suspend the

deportation and adjust the status under INA§ 244(a)(l), of more than 4,000 aliens in any fiscal year. See 8 C.F.R. § 1240.21(c).

## FACTUAL BACKGROUND

10. Plaintiff is a native and citizen of Mexico. She entered the United States in the year 2000, without being inspected and admitted or paroled. Plaintiff is a single parent and the main provider for her two U.S. citizen children: Julio Rodriguez Mora and Ashley Rodriguez Mora ages twenty (20) and seventeen (17) respectively.

11. Plaintiff's son, Julio, is a child with special needs due to his history of 22Q Syndrome. Julio has medical and development problems associated with this condition including hypernasal speech, velopharyngeal incompetence, bifid uvula, submucous cleft palate, speech delay, and learning disabilities.

12. On June 30, 2017, the Department of Homeland Security (DHS) charged Plaintiff as removable from the United States pursuant to section 212(a)(6)(A)(i) of the INA as an alien present in the United States without being admitted or paroled.

13. On November 30, 2017, Plaintiff filed her application for cancellation of removal. The Attorney General may, in pertinent part, cancel removal when "removal would result in exceptional and extremely unusual hardship to the alien's

. . . child, who is a citizen of the United States." 8 U.S.C. § 1229b(b)(1)(D). "The term 'child' means an unmarried person under twenty-one years of age." *Id.* § 1101(b)(1). Plaintiff's qualifying relative is her daughter and her son, who were eleven (11) and fifteen (15) respectively when Plaintiff filed her application for cancellation of removal. Unfortunately, Plaintiff's hearings were postponed several times through no fault of her own.

14. On January 19, 2022, Plaintiff attended her final individual hearing. Due to the nature of Plaintiff's son's medical issues, DHS stipulated to a grant of Plaintiff's cancellation of removal application with the condition that her son has not aged out at the time the Court issues its decision. For the Court to issue a decision, a visa number must be available during that fiscal year. *See* 8 C.F.R. § 1240.21(c). Immigration Courts have the policy to expedite cases when (1) a non-citizen is detained, (2) the qualifying relative is close to aging out, (3) imminent danger to the health of the non-citizen, (3) and when cases are remanded from the Board of Immigration Appeals. <u>Exhibit A</u>, *42B Procedures, updated August 8, 2022.* <u>Exhibit B</u>, *Sworn Affidavit from Immigration Attorney, Julio Moreno, attesting to the Court's policies on expediting 42B cases.*

15. On August 26, 2022, Plaintiff submitted an emergency motion to the Atlanta Immigration Court asking the court to issue a decision and expedite

Plaintiff's case as her son, Julio, is close to aging out and thus precluding the Atlanta Immigration Court from granting her application for Cancellation of Removal as previously stipulated with DHS. Exhibit C, *Photocopy of Motion to Expedite*. On October 10, 2022, the Atlanta Immigration Court denied Plaintiff's emergency motion to expedite stating that "[T]he Immigration Court may not issue a decision in the case prior to a visa becoming available." Exhibit D, Immigration Court Decision.

16. On November 17, 2022, Plaintiff, through counsel, reached out to the Court Administrator, Ms. Cynthia Long, of the Atlanta Immigration Court asking the administrator to expedite Plaintiff's case emphasizing that it is the Immigration Court's policy to expedite cases when the qualifying relative is aging out. In support, Plaintiff submitted evidence indicating that it is the Court's policy to expedite a cancellation of removal application (also known as 42B application) when a qualifying relative is close to aging out. Plaintiff has not heard back from the Court Administrator despite following up several times. Plaintiff's case is still pending, and Julio will be turning twenty-one years old on May 22, 2023. Exhibit E, *Email Exchange between Counsel of Court Administrator*.

17. Plaintiff alleges that based on its own policies and procedures; the Immigration Court does have the authority to expedite the adjudication of a

cancellation of removal application when the qualifying relative is aging out. Plaintiff also alleges that her due process rights are being denied by delaying the adjudication of her cancellation of removal application. Plaintiff also alleges that not expediting her case will preclude the Atlanta Immigration Court from granting her application for cancellation of removal in accordance with the stipulation made by DHS which will be harmful to Plaintiff and her children.

## EXHAUSTION

18. Plaintiffs have exhausted all administrative remedies.

## CLAIMS

19. Defendants have willfully and unreasonably delayed and have refused to properly adjudicate Plaintiff's application for cancellation of removal, thereby causing extreme harm to her and to her children.

20. Defendants have a duty to adjudicate Plaintiff's cancellation of removal application and they have unreasonably failed to perform that duty.

21. Plaintiff have exhausted any administrative remedies that may exist.

## PRAYER FOR RELIEF

The Plaintiff requests the Court to grant the following relief:

A. Compel Defendants and those acting under them to perform their duty to expedite and adjudicate the aforementioned application and approve Plaintiff's application for Cancellation of Removal in accordance with the agreed stipulation between DHS and Plaintiff.

B. Award reasonable costs and attorney fees; and

C. Grant such and further relief as the Court may deem just and proper under the circumstances.

RESPECTFULLY SUBMITTED this 31th day of January 2023.

        ZAMBRANO AND RUIZ LLC,

        /s/ *Shirley C. Zambrano*
        Shirley C. Zambrano
        GA Bar Number: 741429
        1995 N. Park Pl, Suite 240
        Atlanta, GA 30339
        Phone: 770-769-5821
        Fax: 770-769-5810
        szambrano@zambranoandruiz.com
        Attorney for Plaintiff

## **CERTIFICATE OF SERVICE**

This is to certify that on this 31th day of January, 2023, the foregoing **COMPLAINT FOR WRIT OF MANDAMUS** and its accompanying Exhibits were served by certified mail on:

Merrick B. Garland
Attorney General of the United States
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, D.C. 20530

David L. Neal
Director, Executive Office for Immigration Review
Civil Division
950 Pennsylvania Avenue, N.W.
Washington, DC 20530-0001

Daniel H. Weiss, Principal Deputy
Chief Immigration Judge
Civil Division
950 Pennsylvania Avenue, N.W.
Washington, DC 20530-0001

Mr. Ryan Fisher
Immigration Judge
401 W. Peachtree Street NW, Suite 2600
Atlanta, GA 30308

Mr. Ryan K. Buchanan
U.S. Attorney, Northern District of Georgia
75 Ted Turner Drive, SW
Suite 600
Atlanta, GA 30303-3309

ZAMBRANO AND RUIZ LLC,

<u>/s/ *Shirley C. Zambrano*</u>
Shirley C. Zambrano
GA Bar Number: 741429
1995 N. Park Pl, Suite 240
Atlanta, GA 30339
Phone: 770-769-5821
Fax: 770-769-5810
szambrano@zambranoandruiz.com

Attorney for Plaintiffs

11

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **ERENDIRA MORA DOMINGUEZ** )<br>**A216-304-259** )<br>                                                   )<br>                                                   )             **COMPLAINT FOR**<br>            **Plaintiff,**             )             **WRIT OF MANDAMUS**<br>                                                   )<br>**v.**                                          )<br>                                                   )             **Civil Action No.**<br>**MERRICK B. GARLAND, Attorney** )<br>**General of the United States;** )<br>**DAVID L. NEAL, Director, Executive** )<br>**Office for Immigration Review;** )<br>**DANIEL H. WEISS, Principal Deputy** )<br>**Chief Immigration Judge;** )<br>**RYAN FISHER, Immigration Judge,** )<br>**Atlanta Immigration Court,** )<br>                                                   )<br>                                                   )<br>            **Defendants.**          )<br>_____) | |

## **LIST OF EXHIBITS**

**Exhibit A**   42B Procedures, updated August 8, 2022.

**Exhibit B**   Sworn Affidavit from Immigration Attorney, Julio Moreno, attesting to the Court's policies on expediting 42B cases.

**Exhibit C**   Photocopy of Motion to Expedite

12

**Exhibit D**    Email Exchanges between Counsel of Court Administrator