# **EXHIBIT G**

## IN THE STATE COURT OF ROCKDALE COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| DARIUS COLLIER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. ) 2022-SV-1461 ) |
| SUDO BAR & GRILL LLC, | ) JURY TRIAL DEMANDED |
| Defendant. | ) ) ) |

### COMPLAINT

COMES NOW Plaintiff in the above-styled action and hereby files his Complaint, as follows:

### PARTIES, JURISDICTION, AND VENUE

1.

Plaintiff Darius Collier is a Georgia resident and citizen.

2.

Defendant Sudo Bar & Grill LLC ("Sudo Bar" or "Defendant(s)") is a Georgia domestic limited liability company with its principal place of business in Rockdale County, Georgia. Sudo Bar may be served through its registered agent, Brandt Bester, 2198 Salem Road SE, Suite A, Conyers, Georgia 30013.

3.

Jurisdiction and venue are proper as to Sudo Bar.

4.

Sudo Bar has been properly served with process in this action.

1

## OPERATIVE FACTS AND LEGAL CLAIMS

5.

At all times relevant to this action, Defendant Sudo Bar owned, operated, controlled, and managed a bar and restaurant located at 2270 Salem Road, Suite 101A, Conyers, Georgia 30013.

6.

On or about September 5, 2021, Plaintiff Darius Collier was visiting the restaurant and bar as a customer and invitee.

7.

Around the same time Collier was at the restaurant/bar, another bar patron, James Simpson, was intoxicated and started an argument with Collier over a spilt drink, which resulted in Simpson seriously injuring Collier—an event that Sudo Bar knew or should have known would occur.

8.

Sudo Bar negligently failed to screen Simpson when he entered the bar/restaurant, failed to intervene, and failed to remove Simpson from the bar.

## LEGAL CLAIMS

9.

Sudo Bar owed Plaintiff a duty to exercise ordinary care to keep its premises and approaches safe, and to operate its business in a state consistent with due regard for the safety of its guests and invitees.

10.

Sudo Bar breached its duty to exercise ordinary care to keep its premises and approaches safe, and negligently failed to provide adequate security, management, and control of the premises and approaches.

11.

On and before September 5, 2021, Sudo Bar had actual and constructive knowledge of crime and criminal activity on its premises and approaches and the surrounding area.

12.

Sudo Bar had actual knowledge of crime and criminal activity on the premises, approaches, and surrounding area due to its employees' and agents' knowledge and as a result of prior criminal activity associated with the property and surrounding area.

13.

On and before September 5, 2021, Sudo Bar negligently maintained, inspected, secured, patrolled and managed the premises and approaches.

14.

Sudo Bar negligently failed to maintain adequate security devices to permit proper use of the property, thereby causing an unreasonable risk of injury to its invitees, including Plaintiff.

15.

Sudo Bar negligently managed and controlled the restaurant and bar on

September 5, 2021, and created an unreasonable risk of injury for its invitees.

16.

Sudo Bar negligently failed to screen Simpson, intervene in his violent behavior, and remove him from the subject premises.

17.

Sudo Bar negligently failed to maintain a policy, procedure, or system of investigating, reporting, and warning of the aforementioned criminal activity and negligently maintained the property.

18.

Because Sudo Bar knew or should have known of its employees' and agents' unsafe propensities and negligent performance of their duties, it is liable for the negligent supervision, hiring, training, and retention of those employees and the entrustment of said property to its agents and employees.

19.

Sudo Bar was negligent, and that negligence caused Plaintiff's injuries, in the following ways:

a) Violation of O.C.G.A. § 51-3-1 by failing to use ordinary care to keep the premises safe;

b) In failing to properly inspect and maintain the premises and approaches;

c) In failing to warn of the latent dangers on the premises and approaches;

d) In failing to properly hire, retain, train, and supervise employees with regard to the safety of the premises and approaches;

e) In failing to inspect, patrol, or appropriately monitor the premises and approaches;

f) In failing to properly manage and control the event and Simpson; and

g) In failing to employ proper security measures in light of the history of the property in which the property is located.

20.

Sudo Bar negligently failed to provide proper security protection, security personnel, or an outside security presence on the property, and negligently failed to employ proper security protections available to it.

21.

Sudo Bar negligently failed to act on knowledge of prior crimes, and the surrounding high-crime area, and failed to act to correct, prevent, or warn of prior criminal activity and the dangerous environment of the premises and approaches.

22.

Sudo Bar failed to take appropriate action to remedy or reduce the danger to invitees, including Plaintiff, and allowed the dangerous environment on the subject property to continue to exist unabated, thereby creating a nuisance.

23.

Sudo Bar's negligence was a cause in fact and a proximate cause of Plaintiff's injuries.

24.

Plaintiff is entitled to recover for the injuries and pain and suffering sustained, and all other elements of damages allowed under Georgia law, including but not limited to all compensatory, general, special, incidental, consequential, punitive and/or other damages permitted. Plaintiff states his intention to seek all compensatory, special, economic, consequential, general, punitive, and all other damages permissible under Georgia Law, including, but not limited to:

a) Personal injuries;

b) Past, present and future pain and suffering, likely exceeding $600,000.00;

c) Past, present and future medical expenses;

d) Disability;

e) Economic losses;

f) Incidental expenses;

g) Loss of earning capacity;

h) Permanent injuries; and

i) Consequential damages to be proven at trial.

25.

Each of the forgoing acts and omissions constitute an independent act of negligence on the part of Defendant and one or more or all above-stated acts were the proximate cause of the damages to Plaintiff. Defendant is liable for all injuries

sustained, pain and suffering, the cost of treatment, and all other elements of damages allowed under the laws of the state of Georgia.

26.

Plaintiff is entitled to an award of punitive damages, without limitation or cap, because the actions of Defendant and its agents and employees showed an entire want of care, which would raise the presumption of conscious indifferent to consequences.

27.

Because Defendant's actions evidence a species of bad faith, were and are stubbornly litigious, and have caused Plaintiff undue expense, Plaintiff is entitled to recover his necessary expenses of litigation, including an award of reasonable attorneys' fees and expenses required by this action. (O.C.G.A. § 13-6-11). Furthermore, Plaintiff is entitled to all expenses of litigation and attorneys' fees pursuant to all other Georgia statutory and common laws.

WHEREFORE, Plaintiff prays that:

a) Process issue and the Defendant be served as provided by law;
b) He has trial by jury;
c) He be awarded general, special, compensatory, incidental, consequential, punitive and all other permissible damages in accordance with the enlightened conscience of an impartial jury;
d) He be awarded attorneys' fees and costs of litigation in an amount which will be proven through the evidence at the time of trial;
e) He be awarded interest and costs; and

f) He be awarded such other and further relief as this Court deems just and proper and permitted under Georgia law.

TRIAL BY JURY IS HEREBY DEMANDED

Dated: May 8, 2022

                                          **PIASTA NEWBERN WALKER, LLC**

                                          /s/ Michael P. Walker
                                          Michael P. Walker
                                          Georgia Bar No. 954678
                                          Edward A. Piasta
                                          Georgia Bar No. 110161
                                          *Attorneys for Plaintiff*

3301 Windy Ridge Parkway
Suite 110
Atlanta, Georgia 30339
(404) 996-1296
mike@pnwlaw.com
edward@pnwlaw.com

8