# EXHIBIT H

IN THE STATE COURT OF ROCKDALE COUNTY
STATE OF GEORGIA

| | |
|---|---|
| JERROLD GIBBS, )<br>)<br>   Plaintiff, )<br>)<br>)<br>v. )<br>)<br>)<br>SUDO BAR AND GRILL, LLC, BMFP, )<br>LLC PERSONAL PROTECTION )<br>AGENCY, JOHN DOE OWNERS 1 and 2 )<br>and JOHN DOE SECURITY PROVIDERS 3 )<br>and 4, )<br>)<br>)<br>   Defendants. )<br>) | 2022-SV-2014<br>Civil Action No: _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

COMES NOW Jerrold Gibbs, Plaintiff in the above-styled civil action, and hereby files this his Complaint by showing this Court as follows:

## PARTIES

1.

Plaintiff Jerrold Gibbs is, and at all times material to this action has been, a citizen and resident of the State of Georgia.

2.

Defendant Sudo Bar &, LLC ("Sudo") is a Georgia domestic limited liability company organized under the laws of the State of Georgia and authorized to transact business in the State of Georgia. Sudo's principal place of business is 2270 Salem Road, Suite 101A, Conyers, Georgia 30013.

1

3.

Defendant Sudo may be served the summons and complaint through its registered agent, Brandt Bester located in Rockdale County at 2198 Salem Road SE, Suite A, Conyers, Georgia 30013.

4.

Defendant Sudo is subject to the jurisdiction and venue of this Court.

5.

Defendant Sudo has been properly served with process in this action.

6.

Defendant BMFP, LLC Personal Protection Agency ("BMFP") is a Georgia domestic limited liability company organized under the laws of the State of Georgia and authorized to transact business in the State of Georgia. BMFP's principal place of business is 1232 Rockbridge Road, Conyers, Georgia, 30012.

7.

Defendant BMFP may be served the summons and complaint through its registered agent, Majorie Nicely, in Rockdale County located at 1748 Ridge Court SE, Conyers, Georgia.

8.

Defendant BMFP is subject to the jurisdiction and venue of this Court.

9.

Defendant John Doe Owners 1and 2 are unknown corporations and/or other entities transacting business in the State of Georgia.

10.

Defendant John Doe Owners 1 and 2 reside at unknown addresses and are subject to the jurisdiction and venue of this Court.

11.

Defendant John Doe Security Providers 3 and 4 are unknown corporations and/or other entities transacting business in the State of Georgia.

12.

Defendants John Doe Security Providers 3 and 4 reside at unknown addresses and are subject to the jurisdiction and venue of this Court.

**FACTUAL ALLEGATIONS**

13.

At all times material hereto, Defendant Sudo was engaged in the business of owning, managing, and/or operating a bar and restaurant located at 2270 Salem Road, Suite 101A, Conyers, Georgia 30013.

14.

At all times material hereto, Defendants John Doe Owners 1 and 2 were engaged in the business of owning and/or operating a negligently secured property located at 2270 Salem Road, Suite 101A, Conyers, Georgia 30013.

15.

At all times material hereto, Defendants BMFP and John Doe Security Providers 3 and 4 were engaged in the business of providing security services to retail stores and/or shopping centers including, but not limited to Sudo Bar and Grill at 2270 Salem Road, Suite 101A, Conyers, Georgia 30013.

16.

At all times mentioned herein, the Defendant Sudo had exclusive control and management of their properties, and Defendants had a legal duty to keep their premises and approaches safe.

17.

On or about September 5, 2021 Plaintiff Jerrold Gibbs was visiting the restaurant and bar as a customer and business invitee.

18.

Around the same time Gibbs was at the restaurant/bar, another patron, James Simpson, was intoxicated and started an argument with a patron over a spilt drink, which resulted in Simpson discharging his firearm in the establishment, seriously injuring Plaintiff and other patrons. Defendants knew or should have known this event would occur.

19.

Defendants negligently failed to screen Simpson when he entered the bar/restaurant, failed to intervene, and failed to remove Simpson from the bar.

20.

Plaintiff Gibbs exercised ordinary care and diligence at all times herein and under the circumstances then existing.

## COUNT I
## NEGLIGENCE
## (SUDO AND JOHN DOE OWNERS 1&2)

21.

The allegations of paragraphs 1 through 20 of Plaintiff's complaint are hereby incorporated by reference and made a part hereof, as if each allegation was fully set forth herein.

22.

Defendants Sudo and John Doe Owners 1&2 owed a duty to its customers, generally and to Plaintiff Gibbs specifically, of exercising ordinary care and using reasonable means to keep the premises of Sudo Bar and Grill in Conyers, Georgia safe; and, to operate its business in a state consistent with due regard for the safety of its guests and invitees.

23.

On and before September 5, 2021 Defendants Sudo and John Doe Owners 1&2 had actual and/or constructive knowledge of crime and criminal activity on its premises and approaches and the surrounding area.

24.

Defendants Sudo and John Doe Owners 1&2 had actual knowledge of crime and criminal activity on the premises, approaches, and surrounding area due to its employees' and agents' knowledge and as a result of prior criminal activity associated with the property and surrounding area.

25.

On and before September 5, 2021, Defendants Sudo and John Doe Owners 1&2 negligently maintained, inspected, secured, patrolled and managed the premises and approaches.

26.

Defendants Sudo and John Doe Owners 1&2 negligently failed to maintain adequate security measure and devices to permit proper use of the property, thereby causing an unreasonable risk of injury to its invitees, including Plaintiff.

27.

At the time of the subject incident involving, Defendants Sudo and John Doe Owners 1&2 failed to exercise ordinary care in keeping the premises of Sudo Bar and Grill safe and in guarding its customers and/or potential customers, specifically Plaintiff and others, against the foreseeable risks and dangers posed by criminal activity.

28.

At the time of the subject incident involving Plaintiff, Defendants Sudo and John Doe Owners 1&2 negligently managed and controlled the restaurant/bar and created an unreasonable risk of injury for its invitees.

29.

Defendants Sudo and John Doe Owners 1&2 negligently failed to screen Simpson, intervene in his violent behavior, and remove him from the subject premises.

30.

Defendants Sudo and John Doe Owners 1&2 negligently failed to maintain a policy, procedure, or system of investigating, reporting, and warning of the aforementioned criminal activity and negligently maintained the property.

31.

Because Defendants Sudo and John Doe Owners 1&2 knew or should have known of its employees' and agents' unsafe propensities and negligent performance of their duties, it is liable for the negligent supervision, hiring, training, and retention of those employees and the entrustment of said property to its agents and employees.

32.

Defendants Sudo and John Doe Owners 1&2 was negligent, and that negligence caused Plaintiff's injuries, in the following ways:

a) Violation of O.C.G.A. § 51-3-1 by failing to use ordinary care to keep the premises safe;

b) In failing to properly inspect and maintain the premises and approaches;

c) In failing to warn of the latent dangers on the premises and approaches;

d) In failing to properly hire, retain, train, and supervise employees with regard to the safety of the premises and approaches;

e) In failing to inspect, patrol, or appropriately monitor the premises and approaches;

f) In failing to properly manage and control both the event and Simpson; and

g) In failing to employ proper security measures in light of the history of the property in which the property is located.

33.

Defendants Sudo and John Doe Owners 1&2 negligently failed to provide proper security protection, security personnel, or an outside security presence on the property, and negligently failed to employ proper security protections available to it.

34.

Defendants Sudo and John Doe Owners 1&2 negligently failed to act on knowledge of prior crimes, and the surrounding high-crime area, and failed to act to correct, prevent, or warn of prior criminal activity and the dangerous environment of the premises and approaches.

35.

Defendants Sudo and John Doe Owners 1&2 failed to take appropriate action to remedy or reduce the danger to invitees, including Plaintiff, and allowed the dangerous environment on the subject property to continue to exist unabated, thereby creating a nuisance.

36.

Defendants Sudo and John Doe Owners 1&2's negligence was a cause in fact and a proximate cause of Plaintiff's injuries.

37.

Defendants Sudo and John Doe Owners 1&2 was and is negligent *per se*.

38.

As a direct and proximate result of the aforesaid negligent acts and omissions by Defendants Sudo and John Doe Owners 1&2, Plaintiff received bullet wounds to his lower back, causing him to sustain severe, permanent, painful and disabling, physical and psychological and emotional injuries.

39.

As a direct and proximate cause of the injuries sustained in the subject assault incident caused by Defendants Sudo and John Doe Owners 1&2's negligence, Plaintiff Gibbs has suffered and will continue to suffer the following:

(1) Severe mental and physical pain and suffering;

(2) A loss of enjoyment of life;

(3) A loss of earnings;

(4) Past and future medical expenses ;

(5) A reduction in earning capacity; and

(6) Other damages.

40.

By reason of the foregoing, Plaintiff is entitled to recover compensatory damages from Defendants Sudo and John Doe Owners 1&2 in such an amount as may be shown by the evidence and determined by the enlightened conscience of an impartial jury.

41.

By reason of the foregoing, Plaintiff is entitled to recover special damages from Defendants Sudo and John Doe Owners 1&2 in such an amount as may be shown by the evidence and proven at trial.

**COUNT II**
**NEGLIGENCE**
**(BMFP AND JOHN DOE SECURITY PROVIDERS 3&4)**

42.

The allegations of paragraphs 1 through 41 of Plaintiff's complaint are hereby incorporated by reference and made a part hereof, as if each allegation was fully set forth herein.

43.

At the time of the subject incident, Defendant BMFP and John Doe Security Providers 3&4 were hired/contracted by Defendant Sudo to provide security services for the Sudo Bar and Grill in Conyers, Georgia.

44.

Defendants BMFP and John Doe Security Providers 3&4 owed a duty to Sudo customers, guests and visitors, generally and to Plaintiff specifically, of using reasonable means to keep the Sudo premises safe from crime and/or dangerous patrons.

45.

At the time of the subject incident involving the Plaintiff, Defendants BMFP and John Doe Security Providers 3&4 knew or should have known of prior dangerous criminal activity occurring on or around the Sudo premises, as well as Mr. Simpson's violent propensities.

46.

At the time of the subject incident involving the Plaintiff, Defendants BMFP and John Doe Security Providers 3&4, through their agents and/or employees, knew or should have known that James Simpson was a danger to other patrons.

47.

At the time of the subject incident involving Plaintiff, Defendants BMFP and John Doe Security Providers 3&4 failed to exercise ordinary care in keeping the Sudo premises safe and in guarding the customers, guests, visitors, and public, specifically Plaintiff and others, against the foreseeable risks and dangers posed by criminal activity and the actions of James Simpsons, specifically.

48.

At the time of the subject incident involving Plaintiff, Defendants BMFP and John Doe Security Providers 3&4 failed to provide adequate security measures and/or devices at the Sudo premises.

49.

At the time of the subject incident, Defendants BMFP and John Doe Security Providers 3&4, through its' agents and/or employees, negligently failed to screen Simpson, intervene in his violent behavior, and remove him from the subject premises.

50.

Because Defendants BMFP and John Doe Security Providers 3&4 knew or should have known of its employees' and agents' unsafe propensities and negligent performance of their duties, it is liable for the negligent supervision, hiring, training, and retention of those employees involved in the subject incident.

51.

Defendants BMFP and John Doe Security Providers 3&4 were and are negligent *per se*.

52.

As a direct and proximate result of the aforesaid negligent acts and omissions by Defendants BMFP and John Doe Security Providers 3&4, Plaintiff was violently hit by gunfire, causing him to sustain severe, permanent, painful and disabling, physical and psychological and emotional injuries.

53.

As a direct and proximate cause of the injuries sustained in the subject shooting incident caused by the negligence of Defendants BMFP and John Doe Security Providers 3&4, Plaintiff has suffered and will continue to suffer the following:

   (1) Severe mental and physical pain and suffering;

   (2) A loss of enjoyment of life;

   (3) A loss of earnings;

(4)  A reduction in his earning capacity; and

(5)  Other damages.

54.

As a direct and proximate result of the injuries sustained in the subject shooting incident caused by the negligence of Defendants BMFP and John Doe Security Providers 3&4, Plaintiff has incurred medical expenses and he will continue to require and incur reasonable and necessary medical expenses due to the severe, permanent, disabling and painful nature of his injuries.

55.

By reason of the foregoing, Plaintiff Jerrold Gibbs is entitled to recover compensatory damages from Defendants BMFP and John Doe Security Providers 3&4 in such an amount as may be shown by the evidence and determined by the enlightened conscience of an impartial jury.

56.

By reason of the foregoing, Plaintiff is entitled to recover special damages from Defendants BMFP and John Doe Security Providers 3&4 in such an amount as may be shown by the evidence and proven at trial.

**COUNT III**
**PUNITIVE DAMAGES**
**(ALL DEFENDANTS)**

57.

The allegations of paragraphs 1 through 56 of Plaintiff's complaint are hereby incorporated by reference and made a part hereof, as if each such allegation was fully set forth herein.

58.

The actions, inactions, omissions and conduct of Defendants as alleged hereinabove, were willful and wanton, evincing an entire want of care which would raise the presumption of a conscious indifference to the consequences to the members of the general public and to Plaintiff in particular, who would reasonably be expected to be affected by the actions, inactions, omissions and conduct of Defendants.

59.

By reason of the foregoing, Plaintiff is entitled to recover punitive damages from Defendants in such an amount as may be shown by the evidence and determined in the enlightened conscience of the jury in order to punish Defendants for its past misconduct and to deter Defendants from engaging in similar conduct in the future.

## COUNT IV
## EXPENSES OF LITIGATION
## (ALL DEFENDANTS)

60.

The allegations of paragraphs 1 through 59 of plaintiff's complaint are hereby incorporated by reference and made a part hereof, as if each such allegation was fully set forth herein.

61.

Defendants have acted in bad faith and have caused Plaintiff to suffer unnecessary trouble and expense. Plaintiff is, therefore, entitled to recover from Defendants all expenses of litigation, including attorney's fees, costs, and expenses pursuant to O.C.G.A. § 13-6-11.

62.

Plaintiff states his intention and desire to bring each and every permissible, proper and authorized claim for damages under Georgia law against Defendants.

WHEREFORE, Plaintiff prays and respectfully demands verdict and judgment as follows:

(a) That summons and process issue as to the Defendants and that said defendants be served with a copy of this complaint and that said Defendants be required to appear and answer as required by law;

(b) That Plaintiff be awarded compensatory damages from the Defendants for his past, present and future physical and emotional pain and suffering, in such an amount as may be shown by the evidence and determined by the enlightened conscience of the jury;

(c) That Plaintiff be awarded special damages from the Defendants for his past, present and future medical expenses, in such an amount as may be shown by evidence and proven at trial;

(d) That Plaintiff be awarded special damages from the defendants for her diminution in earning capacity, in such an amount as may be shown by the evidence and proven at trial;

(e) That Plaintiff be awarded special damages from the Defendants for his loss of earnings, in such an amount as may be shown by the evidence and proven at trial;

  (f) That Plaintiff be awarded punitive damages against the Defendants in such an amount as shall be shown by the evidence and determined by the jury in their enlightened conscience;

  (g) That Defendants be charged with all attorney's fees and court costs attributable to this action and such other costs reasonably incurred in the prosecution and trial of this case;

  (h) That Plaintiff be granted a trial by a jury of twelve; and

  (g) The Plaintiff be awarded such other and further relief as may be shown by the evidence and authorized under Georgia law.

**TRIAL BY JURY IS HEREBY DEMANDED.**

Respectfully submitted, this 4th day of October, 2022.

            **THE DIXON FIRM, P.C.**

            */s/ Daniel Adamson*
            Daniel Adamson
            Georgia Bar No. 664431
            *Attorney for Plaintiff*

The Waterstone
4751 Best Road
Suite 272, Atlanta, GA 30337
Phone: 770-869-2584
daniel@dixonfirm.com