# EXHIBIT I



**ATTORNEYS AT LAW**
**One Atlantic Center**
1201 West Peachtree Street | Suite 3000
Atlanta, Georgia  30309-3455
404.815.3400 | fax 404.815.3415
www.carltonfields.com

**Atlanta**
Florham Park
Hartford
Los Angeles
Miami
New York
Orlando
Tallahassee
Tampa
Washington, DC
West Palm Beach

Christopher B. Freeman
Shareholder
404.815.2710 Direct Dial
cfreeman@carltonfields.com

September 23, 2022

<u>Via E-Mail and Certified Mail/Return Receipt Requested</u>

Sudo Bar and Grill, LLC
2270 Salem Rd.
Conyers, GA 30013
cellularoutlet.gen@gmail.com

|  |  |  |
|---|---|---|
| Re: | Insured: | Sudo Bar and Grill, LLC |
|  | Claimant(s): | Darius Collier |
|  | Policy No: | HSGM-07353 (the "Policy") |
|  | Claim No: | CNT-0001983 |
|  | Date of Loss: | September 5, 2021 |

Dear Sir/Madam:

We represent Hudson Excess Insurance Company ("Hudson") in connection with a request for coverage under the Policy identified above.  Hudson was first placed on notice of the above-referenced loss on October 29, 2021, when it received a notice of claim tendered under the above-referenced Policy based on two separate letters of representations indicating that there had been a shooting at your premises on or about September 5, 2021.  Following that notice, Hudson issued a disclaimer on November 17, 2021 based, in part, on the application of an exclusion in the Policy barring coverage for "bodily injury", as that term is defined by the Policy, arising out of the possession or use of a weapon.

On August 17, 2022, Hudson first received notice of a related lawsuit filed on May 8, 2022 against Sudo Bar and Grill, LLC ("Sudo") styled *Darius Collier v. Sudo Bar & Grill LLC*, Case No. 2022-SV-1461, pending in the State Court for Rockdale County, Georgia (the "Suit"). It is our understanding that you are presently being defended in the Suit by the law firm of Stites & Harbison PLLC, which was retained by you and appears to have already filed an answer on your behalf.  While Hudson presumes no validity to any of the allegations being asserted in the Suit, the Suit generally alleges that Darius Collier ("Claimant"), a patron at your premises, was "seriously injured" by James Simpson, another patron at your premises, following an argument. Although the Complaint is silent as to the nature of what caused Claimant's alleged injuries, the September 14, 2021 letter notifying Sudo of Claimant's retention of an attorney states that he "was shot" and the victim of a "shooting incident" at Sudo Bar & Grill on September 5, 2021. Additionally, the Complaint alleges that Sudo "negligently failed to screen Simpson when he

125897954.1

Carlton Fields, P.A.
Carlton Fields, P.A. practices law in California through Carlton Fields, LLP.

Sudo Bar and Grill, LLC
September 23, 2022
Page 2

entered the bar/restaurant" and "negligently failed to maintain adequate security devices to permit proper use of the property[.]" Both allegations imply Simpson's use of a weapon.

Hudson has carefully reviewed the new information submitted to it, namely the Complaint in the Suit and the allegations therein. Although Hudson has substantial concerns regarding whether the Suit is covered under the Policy given the prior indication that Claimant's alleged injuries arising out of a shooting, the purpose of this letter is to advise you that Hudson agrees at this time to defend you in the Suit subject to a full reservation of rights to disclaim coverage under the Policy and subject to all defenses available to Hudson whether pursuant to the Policy or available under applicable law. By providing a defense, Hudson is not waiving any of its rights to assert positions under the Policy or applicable law, including the right to withdraw from the defense, to seek recoupment of any expenses incurred in the defense, and to decline any obligation to indemnify or defend in the event it is determined no coverage exists.

We expect that you may have questions after reading this letter regarding Hudson's coverage position and the practical impact of the Reservation of Rights detailed more fully below. Please feel free to contact me directly regarding any questions about Hudson's coverage position.

## HUDSON'S COVERAGE POSITION

In considering Sudo's request for coverage, we have reviewed the Policy, the Complaint in the Suit, and the information with which you have provided us to date, which are the only materials presently available to Hudson. No other policies were considered. If Sudo asserts a right to coverage under another policy, please submit notice pursuant to the notice provisions contained in that policy.

Hudson issued General Liability policy HSGM-07353 to Sudo Bar and Grill, LLC for a policy period of May 20, 2021 to May 20, 2022. The Policy contains a $1,000,000 "each occurrence" limit of insurance, subject to a $2,000,000 general aggregate limit. This letter does not modify any of the terms and conditions of the Policy. To assist you in understanding this letter, we suggest that the Policy be reviewed together herewith.

The Insuring Agreement for Coverage A – Bodily Injury and Property Damage Liability, which is the only potentially applicable coverage section, provides, in relevant part that Hudson:

> Will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" … to which this insurance applies. [Hudson] will have the right and duty to defend the insured against any "suit" seeking those damages.
>
> ***
>
> This insurance applies to "bodily injury" only if .. [t]he "bodily injury" … is caused by an "occurrence"

(Policy – *Coverage A* § I.A.1, p. 6 of 44.)

Moreover, the Policy defines an "occurrence" in relevant part as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions," and

125897954.1

Sudo Bar and Grill, LLC
September 23, 2022
Page 3

"bodily injury" as "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time." (Policy – *Definitions* §§ V.3, V.13, pp. 17, 19 of 44.)

Based on the allegations contained in the Suit, it appears that Claimant likely alleges a "bodily injury" caused by an "occurrence" during the policy period, given that Claimant asserts he was "seriously injured" by another patron on or about September 5, 2021.[1] As such, it appears that the Suit arguably falls within the Insuring Agreement for Coverage A.

However, any available insurance coverage is subject to all conditions, provisions, and exclusions under the Policy that may serve to limit or bar coverage entirely. As an initial matter, the Policy excludes all coverage for "punitive or exemplary damages." (Policy – *Punitive Damages Exclusion Endorsement*, p. 38 of 44.) Because the Suit prays for punitive damages, please be advised that Hudson disclaims coverage for such damages on this ground.

Moreover, by endorsement, the Policy contains a Weapons Exclusion that states:

**EXCLUSION – WEAPONS**

A.  The following is added as an item to the Section I – COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 2. Exclusions; COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY, 2. Exclusions of the Commercial General Liability Coverage Form:

This insurance does not apply to "bodily injury", "property damage" or "personal injury" arising out of, related to, based upon or attributable to the possession or use of a "weapon" by any person, including the failure by any insured to (1) suppress or prevent, by any means, the possession or use of a "weapon"; or (2) render assistance to or seek first aid for any person who suffers "bodily injury".

B.  The following is added as an item to SECTION V – DEFINITIONS:

"Weapons" means a firearm, knife or any other device used to injure, including if done for the purposes of self-defense.

(Policy – *Weapons Exclusion Endorsement*, p. 39 of 44.)

As such, the Weapons Exclusion precludes coverage for "bodily injury" arising out of the use of weapons, including firearms, by any person and the failure by the insured to prevent the

---

[1] Although the Suit does not explicitly allege *bodily* injury, Hudson presumes such damages are being sought, at least in part, from the context of the entirety of the allegations in the Suit. Hudson reserves all rights, however, to deny or limit coverage for the Suit to the extent Claimant does not seek damages because of "bodily injury."

125897954.1

possession or use of a firearm. To the extent that the Suit involves alleged injuries suffered in a shooting at your premises, such injuries would arise out of, relate to, be based upon, or be attributable to the possession or use of a weapon by any person, and any damages awarded in connection therewith would fall squarely within the plain terms of the Weapons Exclusion. Hudson specifically reserves its right to assert that coverage is barred for the Suit based on the Weapons Exclusion.

Additionally, the Policy precludes coverage for "bodily injury … expected or intended from the standpoint of the insured. This exclusion does not apply to the 'bodily injury' resulting from the use of reasonable force to protect persons or property." (Policy – *Exclusions* § I.2.a., p. 7 of 44.) To the extent that the claims allege that Claimant's bodily injury was expected or intended by you, Hudson reserves its right to assert that there is no coverage under the Policy.

Finally, we also note that the Policy contains certain conditions that outline several duties to cooperate that you are required to abide by in the event of an occurrence or claim. For instance, the Policy requires that you notify Hudson "as soon as practicable" of an occurrence, offense that may result in a claim, and/or a suit brought against you and, further, to "immediately send [Hudson] copies of any … summonses or legal papers received in connection with the … suit." (Policy – *Conditions* § IV.2, p. 15 of 44.) Relatedly, the Policy prohibits you, except at your own cost, from voluntarily making a payment, assuming any obligation, or incurring any expense without Hudson's consent. (*Id.*) Likewise, the Policy prohibits you from taking legal action against Hudson "unless all of its terms have been fully complied with." (Policy, *Conditions* §IV.3, p. 15 of 44.)

Here, it appears that although a shooting is alleged to have occurred on your premises on September 5, 2021, Hudson was not notified of the incident until almost two months later, on October 29, 2021. Given the severity of the incident and the alleged injuries to numerous claimants, Hudson reserves its rights to deny or limit coverage to the extent Sudo's notice of the incident was not as soon as practicable, as required by the Policy. Additionally, Hudson would like to note that although Sudo acknowledged service on June 6, 2022, Hudson did not receive notice of the Suit until over a month later, on August 17, 2022. Although Hudson understands Sudo retained its own counsel and is not in default, the Policy provides Hudson with both the right, as well as the duty, to defend any suit potentially seeking covered damages. As such, Hudson must reserve all of its rights to deny or limit coverage on the basis that Sudo failed to "immediately" provide it with the summons and Complaint in the Suit.

Additionally, please be advised that to the extent Sudo incurred any defense costs or expenses prior to first providing Hudson with notice of the Suit on August 17, 2022, those costs and expenses, which were incurred without Hudson's consent, remain the responsibility of Sudo.

## CONCLUSION AND RESERVATION OF RIGHTS

Subject to the above limited disclaimer and reservation of rights, Hudson agrees at this time to defend you in connection with the Suit. As you have requested, Hudson will permit Stites and Harbison, PLLC to continue to represent Sudo in connection with the Suit.

125897954.1

Sudo Bar and Grill, LLC
September 23, 2022
Page 5

In connection with Hudson's above-explained coverage position, Hudson has identified only those policy provisions and exclusions that appear to be the most applicable based on the current allegations in the Suit. Please understand that by citing the specific grounds outlined in this letter, Hudson does not intend to waive its ability to rely on any other grounds for denying or limiting coverage. Thus, you should not rely, in any way, on the absence of other grounds from this letter as assurance that Hudson does not find those grounds applicable.

Notwithstanding Hudson's defense of the Suit, this letter is not, and should not be construed as, a waiver of any terms, conditions, exclusions, or other provisions of the Policy or any other policies of insurance issued by Hudson or any of its affiliates. Hudson expressly reserves all rights, at law or in equity, under the Policy, including the right to assert additional grounds for the denial or limitation of coverage, including grounds for the withdrawal of a defense. Furthermore, any actions taken by Hudson or its agents, representatives, or attorneys do not constitute and are not intended as waivers of any rights or defenses available to Hudson, whether or not stated herein, that may be available now or at any point in time. Hudson reserves the right to seek reimbursement of any expenses advanced to, or paid on behalf of, any Insured by Hudson should it be determined that there is no coverage under the Policy. Accordingly, all rights remain fully and mutually reserved.

Please be sure to immediately supply Hudson with any and all additional legal papers regarding the Suit. If you have any questions concerning your policy with Hudson or would like to provide Hudson with additional information, please feel free to contact me.

Very truly yours,

CARLTON FIELDS, P.A.

Christopher B. Freeman

cc:   Jamie Sonnier (jamie@tabakinsurance.com)
      Michael Marinuzzi (mmarinuzzi@hudosninsgroup.com)

125897954.1