# EXHIBIT K



ATTORNEYS AT LAW
**One Atlantic Center**
1201 West Peachtree Street | Suite 3000
Atlanta, Georgia  30309-3455
404.815.3400 | fax 404.815.3415
www.carltonfields.com

**Atlanta**
Florham Park
Hartford
Los Angeles
Miami
New York
Orlando
Tallahassee
Tampa
Washington, DC
West Palm Beach

Christopher B. Freeman
Shareholder
404.815.2710 Direct Dial
cfreeman@carltonfields.com

November 8, 2022

<u>**Via E-Mail and Certified Mail/Return Receipt Requested**</u>

Sudo Bar and Grill, LLC
2270 Salem Rd.
Conyers, GA 30013
cellularoutlet.gen@gmail.com

|  |  |  |
|---|---|---|
| Re: | Insured: | Sudo Bar and Grill, LLC |
|  | Claimant(s): | Jerrold Gibbs |
|  | Policy No: | HSGM-07353 (the "Policy") |
|  | Claim No: | CNT-0001983 |
|  | Date of Loss: | September 5, 2021 |

Dear Sir/Madam:

    We represent Hudson Excess Insurance Company ("Hudson") in connection with a request for coverage under the Policy identified above.  As we indicated on September 23, 2022 in connection with the related Collier claim, Hudson was first placed on notice of the above-referenced loss on October 29, 2021, when it received a notice of claim tendered under the above-referenced Policy based on two separate letters of representations indicating that there had been a shooting at your premises on or about September 5, 2021.  Following that notice, Hudson issued a disclaimer on November 17, 2021 based, in part, on the application of an exclusion in the Policy barring coverage for "bodily injury", as that term is defined by the Policy, arising out of the possession or use of a weapon.

    On October 26, 2022, the law firm of Stites & Harbison PLLC, on your behalf, first placed Hudson on notice of a lawsuit filed on October 4, 2022 against Sudo Bar and Grill, LLC ("Sudo") and others styled *Jerrold Gibbs v. Sudo Bar and Grill LLC, et al.*, Case No. 2022-SV-2014, pending in the State Court for Rockdale County, Georgia (the "Gibbs Suit").  It is our understanding that Sudo has yet to be served with process in connection with the Gibbs Suit, but please let us know immediately if this is incorrect.

    In connection with Hudson's coverage analysis, we have carefully reviewed the Policy and the Gibbs Complaint, which are the only relevant materials presently available to Hudson.  Please know that Hudson values its relationship with Sudo.  Unfortunately, after a careful review of the materials provided to Hudson to date, it appears there is no coverage for this matter under the

131216348.1

**Carlton Fields, P.A.**
Carlton Fields, P.A. practices law in California through Carlton Fields, LLP.

Sudo Bar and Grill, LLC
November 8, 2022
Page 2

Policy, and Hudson thus disclaims the duty to defend and/or indemnify Sudo in connection with the Gibbs Suit for the reasons addressed below.

We expect that you may have questions after reading this letter regarding Hudson's coverage position and the practical impact of the disclaimer detailed more fully below. Please feel free to contact me directly regarding any questions about Hudson's coverage position.

## **FACTS ALLEGED**

We take the following facts from the Gibbs Complaint. We recognize that the allegations in the Gibbs Complaint are unsubstantiated, and this letter does not imply that the allegations are true.

In the Complaint, Plaintiff Jerrold Gibbs ("Plaintiff") alleges he was a patron and business invitee of Sudo on September 5, 2021. Plaintiff contends that, on that date, another patron, James Simpson, started an argument with someone over a spilt drink, which allegedly resulted in Simpson "discharging his firearm in the establishment, seriously injuring Plaintiff and other patrons." Specifically, Plaintiff alleges he received bullet wounds to his lower back as the result of an "assault", causing him to sustain unspecified "severe, permanent, painful and disabling, physical and psychological and emotional [*sic*] injuries." Plaintiff generally alleges that Sudo and the other defendants knew or should have known that this event would occur, and they negligently failed to screen Simpson when he entered the establishment, failed to intervene, and failed to remove Simpson from the bar. Plaintiff asserts the following counts against Sudo: (1) Negligence; (2) Punitive Damages; and (3) Expenses of Litigation.

To the extent you believe Hudson's understanding of the relevant facts is incorrect or incomplete in any manner, please advise us immediately.

## **HUDSON'S COVERAGE POSITION**

In considering Sudo's request for coverage, Hudson has reviewed the Policy and the Complaint in the Gibbs Suit, which, aside from the October 29, 2021 first notice of loss, are the only materials presently available to Hudson. No other policies were considered. If Sudo asserts a right to coverage under another policy, please submit notice pursuant to the notice provisions contained in that policy.

Hudson issued General Liability policy HSGM-07353 to Sudo Bar and Grill, LLC for a policy period of May 20, 2021 to May 20, 2022. The Policy contains a $1,000,000 "each occurrence" limit of insurance, subject to a $2,000,000 general aggregate limit. This letter does not modify any of the terms and conditions of the Policy. To assist you in understanding this letter, we suggest that the Policy be reviewed together herewith.

The Insuring Agreement for Coverage A – Bodily Injury and Property Damage Liability, which is the only potentially applicable coverage section, provides, in relevant part that Hudson:

> Will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" … to which this insurance applies. [Hudson] will have the right and duty to defend the insured against any "suit" seeking those damages.

131216348.1

Sudo Bar and Grill, LLC
November 8, 2022
Page 3

> \*\*\*
> This insurance applies to "bodily injury" only if .. [t]he "bodily injury" … is caused by an "occurrence"

(Policy – *Coverage A* § I.A.1, p. 6 of 44.)

Moreover, the Policy defines an "occurrence" in relevant part as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions," and "bodily injury" as "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time." (Policy – *Definitions* §§ V.3, V.13, pp. 17, 19 of 44.)

Based on the allegations contained in the Gibbs Suit, the "bodily injury" alleged was not caused by an "accident" and, thus, does not constitute an "occurrence" under the Policy. To the contrary, it is alleged that Plaintiff was injured as a result of an assault committed by Mr. Simpson while on Sudo's premises. The "bodily injury" alleged was thus clearly caused by an intentional act. As such, the claim does not come within Hudson's coverage grant in the first instance, and Hudson must deny coverage on this basis.

Moreover, any available insurance coverage under the Policy is subject to all conditions, provisions, and exclusions that may serve to limit or bar coverage entirely. By endorsement, the Policy contains a Weapons Exclusion which provides:

**EXCLUSION – WEAPONS**

> A. The following is added as an item to the Section I – COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 2. Exclusions; COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY, 2. Exclusions of the Commercial General Liability Coverage Form:
>
> This insurance does not apply to "bodily injury", "property damage" or "personal injury" arising out of, related to, based upon or attributable to the possession or use of a "weapon" by any person, including the failure by any insured to (1) suppress or prevent, by any means, the possession or use of a "weapon"; or (2) render assistance to or seek first aid for any person who suffers "bodily injury".
>
> B. The following is added as an item to SECTION V – DEFINITIONS:
>
> "Weapons" means a firearm, knife or any other device used to injure, including if done for the purposes of self-defense.

(Policy – *Weapons Exclusion Endorsement*, p. 39 of 44.)

131216348.1

Sudo Bar and Grill, LLC
November 8, 2022
Page 4

By its terms, the Weapons Exclusion precludes coverage for "bodily injury" arising out of the use of "weapons", as defined by the Policy to specifically include firearms, by any person and the failure by the insured to prevent the possession or use of a "weapon." To the extent that the Gibbs Suit involves alleged injuries suffered as a result of Mr. Simpson "discharging his firearm", resulting in "bullet wounds" to Plaintiff's lower back, such injuries arise out of, relate to, are based upon, and/or are attributable to the possession or use of a "weapon" by any person, and any damages awarded in connection therewith would fall squarely within the plain terms of the Weapons Exclusion. Hudson specifically denies coverage for the Gibbs Suit on this additional basis.

Additionally, the Policy excludes all coverage for "punitive or exemplary damages." (Policy – *Punitive Damages Exclusion Endorsement*, p. 38 of 44.) Because the Gibbs Suit prays for punitive damages, please be advised that Hudson disclaims coverage for such damages on this ground as well.

Further, the Policy precludes coverage for "bodily injury … expected or intended from the standpoint of the insured. This exclusion does not apply to the 'bodily injury' resulting from the use of reasonable force to protect persons or property." (Policy – *Exclusions* § I.2.a., p. 7 of 44.) To the extent that the claims allege that Plaintiff's bodily injury was expected or intended by Sudo (i.e., that Sudo had actual knowledge of crime and criminal activity on its premises but failed to act to protect Plaintiff), Hudson reserves its right to assert that there is no coverage under the Policy on this additional basis.

We also note that the Policy contains certain conditions that outline several duties to cooperate that you are required to abide by in the event of an occurrence or claim. For instance, the Policy requires that you notify Hudson "as soon as practicable" of an occurrence, offense that may result in a claim, and/or a suit brought against you and, further, to "immediately send [Hudson] copies of any … summonses or legal papers received in connection with the … suit." (Policy – *Conditions* § IV.2, p. 15 of 44.) Relatedly, the Policy prohibits you, except at your own cost, from voluntarily making a payment, assuming any obligation, or incurring any expense without Hudson's consent. (*Id.*) Likewise, the Policy prohibits you from taking legal action against Hudson "unless all of its terms have been fully complied with." (Policy, *Conditions* §IV.3, p. 15 of 44.)

Here, it appears that although a shooting is alleged to have occurred on your premises on September 5, 2021, Hudson was not notified of the incident until almost two months later, on October 29, 2021. Given the severity of the incident and the alleged injuries to numerous claimants, Hudson reserves its rights to deny or limit coverage to the extent Sudo's notice of the incident was not as soon as practicable, as required by the Policy.

Finally, Hudson wishes to advise you that pursuant to Section III – Limits of Insurance – the $1,000,000 "Each Occurrence" Limit of Insurance is the most Hudson will pay regardless of the number of insureds, claims made or suits brought, or persons or organizations making claims or bringing suits. Further, the "Each Occurrence" Limit is the most Hudson will pay for the sum of damages under Coverage A because of all "bodily injury" arising out of any one "occurrence."

Sudo Bar and Grill, LLC
November 8, 2022
Page 5

As you are aware, Hudson is presently defending Sudo in connection with a related lawsuit filed by Darius Collier allegedly arising out of the same September 5, 2021 incident involving James Simpson, in which Hudson has agreed with Sudo's request that Stites & Harbison PLLC continue to serve as its defense counsel. Unlike the Gibbs Suit, the Collier Suit, as presently pleaded, does not allege the manner in which Collier was injured during the September 5, 2021 incident.[1] For this reason, Hudson agreed to defend Sudo in connection with the Collier Suit under an express reservation of rights, including the right to seek a determination that no coverage is available under the Policy for the Collier Suit and for the September 5, 2021 incident. Please be advised that, in all events, coverage, if any, for the September 5, 2021 incident – regardless of the number of claimants or suits filed – is expressly limited under the Policy to the $1,000,000 "Each Occurrence" Limit of Insurance, and Hudson reserves the right to deny or limit coverage for the Gibbs and/or Collier Suits on this basis as well.

### CONCLUSION AND RESERVATION OF RIGHTS

In connection with its coverage position, Hudson has identified only those policy provisions and exclusions that appear to be the most applicable based on the current allegations in the Gibbs Suit. Please understand that by citing the specific grounds outlined in this letter, Hudson does not intend to waive its ability to rely on any other grounds for denying or limiting coverage. Thus, you should not rely, in any way, on the absence of other grounds from this letter as assurance that Hudson does not find those grounds applicable.

This letter is not, and should not be construed as, a waiver of any terms, conditions, exclusions, or other provisions of the Policy or any other policies of insurance issued by Hudson or any of its affiliates. Hudson expressly reserves all rights, at law or in equity, under the Policy, including the right to assert additional grounds for the denial or limitation of coverage, including grounds for the withdrawal of a defense. Furthermore, any actions taken by Hudson or its agents, representatives, or attorneys do not constitute and are not intended as waivers of any rights or defenses available to Hudson, whether or not stated herein, that may be available now or at any point in time. Hudson reserves the right to seek reimbursement of any expenses advanced to, or paid on behalf of, any Insured by Hudson should it be determined that there is no coverage under the Policy. Accordingly, all rights remain fully and mutually reserved.

We invite you to submit any additional information you wish Hudson to consider, and we will certainly take into consideration any information you choose to submit. In the interim, please do not hesitate to contact me should you have any questions or concerns.

Very truly yours,

CARLTON FIELDS, P.A.

Christopher B. Freeman

---

[1] The demand letter provided to Hudson on October 29, 2021 in connection with the Collier claim, however, references Collier being injured as a result of a "shooting."

131216348.1

Sudo Bar and Grill, LLC
November 8, 2022
Page 6


cc: Jennifer M. Guerra, Esq. (jguerra@stites.com)
     Jamie Sonnier (jamie@tabakinsurance.com)
     Michael Marinuzzi (mmarinuzzi@hudosninsgroup.com)

131216348.1