UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA, ATLANTA DIVISION

| | |
|---|---|
| CRYSTAL HOPKINS,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>S2 MEDICAL SUPPLY, L.L.C.,<br><br>　　　　　　　Defendant. | Civil Action No.<br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR EMPLOYMENT DISCRIMINATION, RETALIATION, ASSAULT, AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

Plaintiff Crystal Hopkins ("Hopkins"), by and through her undersigned counsel, brings this Complaint for employment discrimination and retaliation against Defendant S2 Medical Supply, L.L.C. ("S2 Medical"), and alleges as follows:

**INTRODUCTION**

1. This is an action against Defendant under Title VII of the Civil Rights Act of 1964 ("Title VII"). This action seeks declaratory, injunctive, and equitable relief, as well as monetary damages, to redress Defendant's violations of the Title VII.

## PARTIES

2. Plaintiff Hopkins is an individual who resides in the State of Georgia and who worked for Defendant from July 6, 2020 thru April 28, 2022.

3. Defendant S2 Medical is a Limited Liability Company formed under the laws of the State of Georgia and which keeps a principal office located at 2780 Peachtree Industrial Blvd Suite C Duluth, GA 30097.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, because this is a civil action arising under Title VII. This court has supplemental jurisdiction over plaintiff's related claims arising under state and local laws pursuant to 28 U.S.C. § 1367(a).

5. Venue is proper in this district under 42 U.S.C. § 2000e-5(f)(3), because the unlawful employment practice was committed in Georgiabecause the relevant employment records are maintained in this districtbecause S2 Medical has its principal office in this district, and finally, as there is no other district that has substantial connection to the claim.

## CONDITIONS PRECEDENT

6. On June 14, 2022, Hopkins timely filed a charge of race and gender discrimination and retaliation with the Equal Employment Opportunity Commission (EEOC).

7. On or about November 8, 2022, the EEOC issued Hopkins a Notice of Right to Sue. This Complaint has been filed within 90 days of receipt of that notice.

8. Defendant employs 15 or more individuals and is therefore subject to the requirements of Title VII.

## FACTS COMMON TO ALL CLAIMS

9. Hopkins began working for S2 Medical during July 2020 as a Patient Intake Coordinator and, at times, also as an Account Manager.

10. During her tenure, Hopkins managed a large number of accounts and helped to assist patients acquire medical supplies, many of whom provided positive feedback on Hopkins behalf concerning her work performance.

11. Hopkins was efficient in her job, rarely made errors, and generated quality work.

12. S2 Medical has a history of discrimination against black employees. For example, the company's chief operating officer Steven Sims publicly expressed an opinion in the workplace that Martin Luther King Day is not a real holiday.

13. On several occasions, a handful of coworkers made and were permitted to continue to make inappropriate comments about Hopkins's race. For example, coworkers would often make racially motivated comments about Hopkins' physical appearance or attributes.

14. In addition, the siblings that run S2 Medical, Steven Sims and his sister vice president of operations Rebecca McGregor, marginalized Hopkins while treating similarly situated employees more favorably who did not share the same race or gender as Hopkins. For example, white male employees were permitted to talk back to management and were afforded emotional outbursts, however Hopkins was asked to "be gentle" when asking direct questions.

15. Beginning in February of 2022, Hopkins started to complain about the treatment she was receiving and the disparity between it and that of her coworkers, who were not black women, and who were afforded greater leeway, were paid more, and were given greater opportunities for advancement within the company.

16. On April 28, 2022, Hopkins was terminated. Rebecca McGregor submitted a DOL-800 form stating that Hopkins was "AGGRESSIVE AND DEFIANT BEHAVIOR TWOARDS COWORKERS AND MANAGEMENT", despite Hopkins having never received a formal complaint or reprimand.

17. Prior to notifying Hopkins of her termination, S2 Medical executives called the local police and reported Hopkins as a trespasser in order to have her escorted off the property by armed officers and cited with a criminal trespass warning.

18. Upon information and belief, it is not S2 Medical's common practice to call the police prior to terminating an employee, nor to terminate employees who perform their job responsibilities well.

## COUNT ONE

## Race Discrimination in Violation of Title VII of the Civil Rights Act of 1964

## (42 U.S.C. §§ 2000e et al.)

19. Hopkins repeats and realleges paragraphs 1 through 18 hereof, as if fully set forth herein.

20. Hopkins is black and qualified for her position when Defendant fired her.

21. Defendant's management and employees made discriminatory comments to Hopkins and her co-workers regarding her race, color, and sex.

22. In addition, Steven Sims (COO) and Rebecca McGregor (VP of Operations) marginalized Hopkins while treating similarly situated employees more favorably.

23. Hopkins suffered damages as a result of Defendant's unlawful discriminatory actions, including emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

24. Defendant intentionally violated Hopkins's rights under Title VII, with malice or reckless indifference, and, as a result, is liable for punitive damages.

## COUNT TWO

## Retaliation in Violation of Title VII of the Civil Rights Act of 1964

## (42 U.S.C. §§ 2000e et al.)

25. Hopkins repeats and realleges paragraphs 1 through 18 hereof, as if fully set forth herein.

26. Beginning on February 2, 2022, Hopkins engaged in protected activity by complaining to Megan Stoufer, her direct manager, about rampant discriminatory treatment based on Hopkins's race and sex.

27. Only a few months after Hopkins complained of discrimination, Defendant summarily fired Hopkins on April 28, 2022, purportedly because she was "aggressive" and "defiant", two words often used when expressing bias against black women.

28. Defendant's stated reason for terminating Hopkins's employment is pretextual and baseless. Defendant fired Hopkins because she complained of discrimination.

29. Hopkins suffered damages as a result of Defendant's unlawful retaliatory actions, including emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

30. Defendant intentionally violated Hopkins's rights under Title VII, with malice or reckless indifference, and, as a result, is liable for punitive damages.

## COUNT THREE

### Assault

31.     Hopkins repeats and realleges paragraphs 1 through [18 hereof, as if fully set forth herein.

32.     Defendant intended to cause and did cause Hopkins to suffer apprehension of an immediate harmful contact by calling the police gratuitously and unnecessarily while fully cognizant of recent newsworthy invents involving police brutality directed to African American people. Defendant even informed the Hopkins that armed officers were waiting for her, knowing full well how terrifying such a statement may be to a black person.

## COUNT FOUR

### Intentional Infliction of Emotional Distress

33.     Hopkins repeats and realleges paragraphs 1 through 18 hereof, as if fully set forth herein.

34.     Defendant's agents' conduct towards Hopkins in both the termination and the summoning of armed police without justification was malicious, willful, and wanton and caused emotional distress to Plaintiff whether they actually intended to cause such distress or not.

35.     Defendant's treatment of Hopkins was meant to inflict extreme and outrageous emotional distress, or, at a minimum, Defendant's recklessly and willfully disregarded the consequences of their actions and their knowledge that said actions would likely cause such significant emotional distress.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

A.  Award Plaintiff for her past and future loss of wages and benefits, plus interest;

B.  Award to Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action;

C.  Award to Plaintiff compensatory damages;

D.  Award to Plaintiff punitive damages; and

E.  Grant Plaintiff such additional or alternative relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully demands trial by jury on all claims so triable.

Dated: January 31, 2023

        Respectfully submitted,

        CONWAY EADER LLLP

        /s/Granison Eader
        Granison "Ted" Eader
        135 Auburn Ave NE, Ste 206
        Atlanta, GA 30303
        Telephone: (470) 745 2640
        Email: ted@conwayeader.com
        Attorney for Plaintiff