## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

TYRA BOLES,

     Plaintiff,

-vs-                                  CASE NO.:

EXPERIAN INFORMATION
SOLUTIONS, INC.,

     Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, TYRA BOLES (hereinafter "Plaintiff"), sues Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., ("Experian") in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*

## PRELIMINARY STATEMENT

1.    This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2.    Today in America there are three major consumer reporting agencies, Equifax Information Services, LLC (hereinafter "Equifax"), Trans Union LLC

(hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian").

3.      Consumer reporting agencies that create consumer reports, like Equifax, Experian, and Trans Union are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.      When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.      The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

**JURISDICTION**

6.    Jurisdiction for this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

7.    The Plaintiff is a natural person and resident of Clayton County in the State of Georgia. She is a "consumer" as defined by 15 U.S.C. § 1681a(c).

8.    Venue is proper in this District as Plaintiff is a resident in this District, the violations described in this Complaint occurred in this District, and the Defendant transacts business within this District.

9.    Experian is a corporation incorporated under the State of California, authorized to do business in the State of Georgia, through its registered agent, C T Corporation System located at 289 South Culver Street, Lawrenceville, GA 30046.

10.    Experian is a "consumer reporting agency," as defined in 15 U.S.C § 1681(f). Experian is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports as defied in 15 U.S.C § 1681(d) to third parties.

11.    Experian disburses such consumer reports to third parties under contract for monetary compensation.

## FACTUAL ALLEGATIONS

12.     Plaintiff has been facing fraud that is currently affecting her.  Due to this, Plaintiff actively monitors her credit.

13.     On September 16, 2021, Plaintiff obtained a copy of her Experian credit report provided by her Experian Membership (Member ID No. **********9556). In reviewing the credit report, Plaintiff learned that Experian was reporting errors relating to her personal information, such as previous employer, phone number, and addresses. In addition, Experian was reporting four collection accounts that did not belong to Plaintiff.

14.     On September 16, 2021, Plaintiff initiated a dispute with Experian for the incorrect personal information and the four collection accounts that did not belong to her:

a.  Enhanced Recovery Col. account (partial account number 204170***) on behalf of AT&T with a reported balance of $246.

b.  Credence Resource Mana. account (partial account number 348358**) on behalf of T-Mobil with a reported balance of $726.

c.  Credit Collect Serv. account (partial account number 853307**) on behalf of Liberty Mutual with a reported balance of $1,419.

    d.  Sequim Asset Solutions account (partial account number 395598\*\*) on

       behalf of Comcast with a reported balance of $2,394.

15.     On October 8, 2021, Experian responded to Plaintiff's dispute (Report No. 0038-2245-39) and responded by removing the incorrect personal information. The investigation results also indicated the following:

    a.  Enhanced Recovery Col. account (partial account number 204170\*\*\*) on behalf of AT&T with a reported balance of $246 – **removed.**

    b.  Credence Resource Mana. account (partial account number 348358\*\*) on behalf of T-Mobil with a reported balance of $726, - **removed.**

    c.  Credit Collect Serv. account (partial account number 853307\*\*) on behalf of Liberty Mutual with a reported balance of $1,419 – **updated.**

    d.  Sequim Asset Solutions account (partial account number 395598\*\*) on behalf of Comcast with a reported balance of $2,394 – **updated.**

16.     On February 7, 2022, Plaintiff received an alert that her credit score increased, and as a result Plaintiff obtained a copy of her Experian credit report. Upon Plaintiff's review, she learned that the Sequim Asset Solutions account (partial account number 395598\*\*) was no longer being reported. However, Experian

continued to report a Credit Collect Serv. account (partial account number 853307**) on behalf of Liberty Mutual with a reported balance of $1,419.

17.     On February 8, 2022, Plaintiff again initiated another dispute with Experian for the Credit Collect Serv. account (partial account number 853307**) that did not belong to her.

18.     On February 25, 2022, Experian responded to Plaintiff's dispute (Report No. 0038-2245-39) by updating the Credit Collect Serv. account (partial account number 853307**).

19.      On November 17, 2022, Plaintiff obtained a copy of her credit report. Upon Plaintiff's review, Experian was reporting three collection accounts that did not belong to Plaintiff:

a.   Credit Collect Serv. account (partial account number 853307**) on behalf of Liberty Mutual Ins. with a reported balance of $1,419.

b.   Enhanced Recovery Col. account (partial account number 23675***) on behalf of T-Mobil with a reported balance of $726.

c.   Southwest Credit System account (partial account number 93178**) on behalf of Comcast with a reported balance of $2,394.

20.     Plaintiff was frustrated as she previously disputed Credence Resource Mana. account (partial account number 348358**) on behalf of T-Mobil with a reported balance of $726, and it was removed from her credit file, only to find that Experian allowed a new collection agency to report the same debt.

21.     In response to the inaccuracies, on December 7, 2022, Plaintiff mailed out a detailed written dispute letter to Defendant concerning the three collections accounts. Plaintiff made Experian aware that she is the victim of fraud and these accounts do not belong to her. In the letter she provided a Federal Trade Commission Identity Theft Report Reference Number (153491417), and images of Experian's prior dispute results. Further, to confirm her identity and address, Plaintiff included an image of her Georgia Driver's License and recent Gas Bill.

22.     Plaintiff mailed her dispute by USPS Certified Mail (Tracking No. 7022 2410 0001 4277). Experian received Plaintiff's dispute letter on December 10, 2022.

23.     On January 2, 2023, Defendant responded to Plaintiff's written dispute (Report No. 3459-8382-66) and removed two of the three inaccurate collection accounts:

    a.  Credit Collect Serv. account (partial account number 853307**) on behalf of Liberty Mutual Ins. with a reported balance of $1,419 – **verified and updated,**

    b.  Enhanced Recovery Col. account (partial account number 23675***) on behalf of T-Mobil with a reported balance of $726, - **removed,**

    c.  Southwest Credit Syste. account (partial account number 93178**) on behalf of Comcast with a reported balance of $2,394 – **removed.**

24.    Plaintiff was aggravated that despite providing proof that the debts did not belong to her, Experian continued to report the Credit Collect Serv. account (partial account number 853307**) on behalf of Liberty Mutual Ins. with a reported balance of $1,419.

25.    On January 4, 2023, Plaintiff reviewed her Experian credit report and upon review, Experian continued to report the Credit Collect Serv. account (partial account number 853307**).

26.    Equifax is a credit reporting agency like Experian. Upon receiving disputes by Plaintiff, Equifax deleted the inaccurate accounts while Experian refuses to investigate them.

27.    On January 24, 2023, Plaintiff again mailed out an additional detailed written dispute to Experian concerning the Credit Collect Serv. account (partial account number 853307**) on behalf of Liberty Mutual Ins. with a reported balance of $1,419.

28.    Plaintiff mailed her dispute by USPS Certified Mail (Tracking No. 7022 0410 0002 6179 0737). As of the filing of this complaint, Experian has not yet received Plaintiff's dispute letter.

29.    As of the filing of this complaint, Plaintiff has not received the results of the latest dispute. Experian continues to report negative information on Plaintiff's credit report. The Credit Collect Serv. account (partial account number 853307**) on behalf of Liberty Mutual Ins. is reporting negatively in collections is $1,419 past due.

30.    Plaintiff's Experian credit report includes nine pages with the only derogatory information being the disputed Credit Collect Serv. account (partial account number 853307**).

31.    Experian has never attempted to contact Plaintiff about her disputes.

32.     Experian simply continues to parrot what it is told by the furnisher and has not conducted an actual investigation despite Plaintiff's many pleas for a lawful investigation to be completed.

33.     As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

i.   Monies lost by attempting to fix her credit;

ii.  Loss of time attempting to cure the errors;

iii. Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life;

iv.  Reduction in credit score;

v.   Apprehensiveness to apply for credit or loans due to the fear of rejection.

## COUNT I
## Violations of the Fair Credit Reporting Act as to Experian Information Solutions, Inc.

34.     Plaintiff re-allege and reincorporate paragraphs one through thirty-three above.

35.     Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff. Experian allowed for Credit Collect Serv., Southwest Credit System., and Enhanced Recovery Col. to furnish inaccurate information on Plaintiff's Experian credit report. Experian prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

36.     As a result of this conduct, action and inaction of Experian, Plaintiff suffered damage by mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and loans.

37.     Experian's conduct, action and inaction were willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent entitling Plaintiff to recover actual damages under 15 USC § 1681o.  Experian is violating its own policies and procedures by not deleting an account when Plaintiff has provided sworn testimony to the Federal Trade Commission of the fraud.

38.     Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 USC § 1681n and/or § 1681o.

WHEREFORE, Plaintiff respectfully requests that this Court award statutory, actual and punitive damages against Experian, to Plaintiff, award Plaintiff his attorney fees and the costs of this action pursuant to 15 U.S.C. § 1681n and/or § 1681o; and grant all such additional relief as the Court deems appropriate.

<u>**COUNT II**</u>
**Violation of 15 U.S.C § 16811i- As to**
**Defendant, Experian Information Services, LLC**

39.     Plaintiff re-allege and reincorporate paragraphs one through thirty-three above.

40.     Experian violated 15 U.S.C. § 1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving notice of such inaccuracies, by failing to conduct a lawful reinvestigation, by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file, and by relying upon verification from a source it has to know is unreliable. Despite the large amount of documentation produced, including a Federal Trade

Commission Identity Theft Report Reference Number 153491417, by Plaintiff demonstrating the fraud, Experian refuses to do any independent investigation.

41.    Experian's conduct, action, and inaction as willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, if Experian was negligent, Plaintiff is entitled to recover under 15 USC § 1681o.

42.    Experian took no independent action to investigate the dispute. Experian received all the necessary proof from Plaintiff but chose to simply transfer any duty to investigate to Credit Collect Serv., Southwest Credit Syste., and Enhanced Recovery Col.

43.    The Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

WHEREFORE the Plaintiff demands judgment and compensatory, statutory, and punitive damages against Defendant, Experian, jointly and severally; for his attorney's fees and costs; for prejudgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

Dated this 1st day of February, 2023.

Respectfully submitted,

**/s/Octavio Gomez**
Octavio "Tav" Gomez
Florida Bar #:0338620
Georgia Bar #: 617963
Pennsylvania #: 325066
The Consumer Lawyers PLLC
412 E. Madison St, Ste 916
Tampa, FL 33602
Cell: (813)299-8537
Facsimile: (844)951-3933
Primary Email:
Tav@theconsumerlawyers.com
Secondary Email:
Jason@theconsumerlawyers.com
*Attorney for Plaintiff*