State Court of Fulton County
**E-FILED**
23EV000012
12/29/2022 2:39 PM
Donald Talley, Clerk
Civil Division

GEORGIA, FULTON COUNTY

DO NOT WRITE IN THIS SPACE

## STATE COURT OF FULTON COUNTY
### Civil Division

CIVIL ACTION FILE #: _____

Ronald Sparks
_____
_____

Plaintiff's Name, Address, City, State, Zip Code

vs.

Christopher Woodyard, R. W. Stevens,

and Owners Insurance Company

_____

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [  ] ACCOUNT | PRINCIPAL $_____ |
| [  ] CONTRACT | |
| [  ] NOTE | INTEREST $_____ |
| [  ] TORT | |
| [  ] PERSONAL INJURY | ATTY. FEES $_____ |
| [  ] FOREIGN JUDGMENT | |
| [  ] TROVER | COURT COST $_____ |
| [  ] SPECIAL LIEN | |

************

[  ] NEW FILING
[  ] RE-FILING: PREVIOUS CASE NO. _____

### SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Shawn T. Richardson, Esq.

Address: 200 Sandy Springs PL NE, Suite 300

City, State, Zip Code: Atlanta, Ga 30303                    Phone No.: 404-255-9000

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center at 185 Central Ave., S.W., Ground Floor, Room TG300, Atlanta, GA 30303.

Donald Talley, Chief Clerk (electronic signature)

_____

*SERVICE INFORMATION:*

Served, this _____ day of _____, 20_____.

_____
DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

_____

This _____ day of _____, 20_____.    _____ Foreperson

### (STAPLE TO FRONT OF COMPLAINT)

State Court of Fulton Cou⋯
⋯FILEⅠ
23␣V000(
12/29/2022 2:39 Ⅰ
Donald Talley, Cl⋯
Civil Divisⅰ

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

RONALD SPARKS

        Plaintiff,

v.

CHRISTOPHER WOODYARD

R. W. STEVENS, INC. and

OWNERS INSURANCE COMPANY

        Defendants.

CIVIL ACTION

FILE NO.: _____

**JURY TRIAL DEMANDED**

## COMPLAINT

COMES NOW Ronald Sparks, Plaintiff, and makes and files this complaint against Defendants as follows:

## PARTIES AND JURISDICTION

1.

Plaintiff is a resident of Georgia and submits to the jurisdiction of this court in this venue.

2.

Defendant Woodyard was a non-resident motorist at the time of this accident with a residence at 521 MANOY DRIVE, JACKSONS GAP, ALABAMA 36861. Defendant may be served via the Georgia Secretary of State pursuant to O.C.G.A. §40-12-2 with notice of the same mailed certified or statutory over overnight to the Defendant at the above-listed address.

3.

Defendant R.W. Stevens, Inc., is a foreign corporation with a registered agent as listed with the Alabama Secretary of State as follows: David A. West, 5270 Drew Run, Trussville, AL 35173. R. W. Stevens, Inc. may be served via its registered agent.

4.

Defendant Owners Insurance Company d/b/a Auto-Owners Insurance Company is the insurer of a commercial truck and is subject to this direct action pursuant to O.C.G.A. § 40-2-140. Auto-Owners Insurance Company is Michigan corporation registered to do business in Georgia. Defendant Auto-Owners Insurance Company may be served via its registered agent Linda Banks c/o C T Corporation at 289 S Culver Street, Lawrenceville, GA 30056.

5.

Venue and jurisdiction are proper in this court as to all defendants.

**BACKGROUND**

6.

On or about December 11, 2021, Plaintiff was traveling eastbound on I-20 when Defendant Woodyard, driving a tractor trailer, was following too closely and rear-ended Plaintiff who was driving a coupe.

7.

Defendant Woodyard was cited for following too closely.

8.

As a result of the collision, Plaintiff suffered serious injuries to his body which required extensive medical treatment.

**COUNT 1**

**NEGLIGENCE OF WOODYARD**

9.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 8 above as if fully restated.

10.

Defendant Woodyard was negligent in ways which include the following:

(a) *following too closely*;

(b) *failing to keep a proper lookout;*

(d) *failing to keep control of his vehicle*.

11.

Defendant Woodyard pled guilty or was found guilty of the charge of following too close

which was issued to him as a result of the accident and is therefore negligent per se.

12.

As a result of Defendants' negligence, Plaintiff suffered serious bodily injury.

13.

Defendants' negligence is the sole and proximate cause of plaintiff's injuries.

## COUNT 2

## VICARIOUS LIABILITY OF R.W. STEVENS

14.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 throu

13 above as if fully restated.

15.

At the time of the accident, Defendant Woodyard was acting within the scope of f

employment or agency with defendant R. W. Stevens, Inc.

16.

Defendant R. W. Stevens, Inc., is responsible for Defendant Woodyard's actions under t

doctrine of respondeat superior, agency or apparent agency.

## COUNT 3

### NEGLIGENT HIRING, TRAINING & SUPERVISION OF R.W. STEVENS

17.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 16 above as if fully restated.

18.

Defendant R. W. Stevens, Inc., was negligent in hiring defendant Woodyard and entrusting him to drive a tractor-trailer.

19.

Defendant R. W. Stevens, Inc., was negligent in failing to properly train defendant Woodyard.

20.

Defendant R. W. Stevens, Inc., was negligent in failing to properly supervise defendant Woodyard.

21.

Defendant R. W. Stevens, Inc.'s negligence in hiring defendant Woodyard and entrusting him with driving a commercial vehicle and failing to train and supervise him properly was the sole and proximate cause of the collision, and plaintiff's resulting injuries.

## COUNT 4

### DIRECT ACTION AGAINST OWNERS INSURANCE

22.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 21 above as if fully restated.

23.

Defendant is subject to a direct action as the insurer for defendant R. W. Stevens, Inc., pursuant to O.C.G.A. § 40-2-112 or O.C.G.A. § 40-2-140.

24.

Defendant Owners Insurance Company was the insurer of defendant R. W. Stevens, Inc., at the time of the subject incident and issued a liability policy to comply with the filing requirements under Georgia law for intrastate transportation.

25.

Defendant R. W. Stevens, Inc., and defendant Owners Insurance Company are subject

the filing requirements outlined in O.C.G.A. § 40-2-140 and/or O.C.G.A. § 40-2-112.

26.

Defendant Owners Insurance Company is responsible for any judgment rendered again

defendant R. W. Stevens, Inc., and defendant Woodyard up to its policy limits of coverage.

## COUNT 5
## DAMAGES

27.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 throu;

26 above as if fully restated.

28.

As a result of defendants' negligence, plaintiff suffered serious bodily injury.

29.

As a result of defendants' negligence, plaintiff has incurred past medical expenses and w

continue to incur future medical expenses.

30.

As a result of defendants' negligence, plaintiff has incurred lost wages.

31.

Defendants' negligence is the sole and proximate cause of plaintiff's injuries.


WHEREFORE, plaintiff prays that he have a trial by jury on all issues and judgment again

defendants as follows:

(a)     That plaintiff recover the full value of past and future medical expenses and pa

and future lost wages in an amount to be proven at trial;

(b)     That plaintiff recover for mental and physical pain and suffering and emotion

distress in an amount to be determined by the enlightened conscience of the jury;

(c)     That plaintiff recover such other and further relief as is just and proper;

(d)     That all issues be tried before a jury of twelve.

This 29th day of December 2022.

*/s/ Shawn T. Richardson*
GA Bar 603999
Ashley Bacon-Brown
GA Bar 154698
Attorneys for Plaintiff

Kaila & Solomon Law Group, LLC
d/b/a Guardian Law Group
200 Sandy Springs PL NE Suite 300
Atlanta, GA 30328
shawn@myguardianlaw.com
ashley@myguardianlaw.com
404-255-9000 (Tel.)
770-462-3349 (Fax)

State Court of Fulton Cour
**E-FILEI
23EV0000
12/29/2022 2:39 I
Donald Talley, Cle
Civil Divisi

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

RONALD SPARKS

          Plaintiff,

v.

CHRISTOPHER WOODYARD         CIVIL ACTION

R. W. STEVENS, INC. and           FILE NO.: _____

AUTO-OWNERS INSURANCE COMPANY

          Defendants.

## FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO R. W. STEVENS, INC.

Comes the plaintiff, by and through counsel, pursuant to **Rule 34** of the **Federal Rules of Civil Procedure,** and requests Defendant R. W. Stevens, Inc.("company") to produce the following documents at the offices of counsel for plaintiff, Shawn T. Richardson, Guardian Law Group, PO Box 28159, Atlanta, GA 30358.

This Request is intended to cover all documents in your possession or that of your attorney, or subject to the custody or control of either, wheresoever located or maintained.

For the purposes of these requests, the following definitions shall apply:

**DEFINITIONS:**

1)    The term "**AFFILIATE**" means a legal entity that you directly or indirectly own or control, or that directly or indirectly shares common ownership or control with you including a parent company and any company in which a parent company of yours exercises any ownership or control.

2)    The term "**AGENT**" means any person or entity which you have the right to control or

1

instruct, as well as all persons or entities that represent you. If a person or entity will provide documents, or copies of documents to you by right, by contract, or by other obligation, they are your agent for the purposes of this request.

3) The term "**ANY**" means each and all.

4) The term "**BASIC**" means the Behavior Analysis and Safety Improvement Categories (BASIC) of Unsafe Driving, Crash Indicator, Hours-of-Service Compliance, Vehicle Maintenance, Controlled Substance and Alcohol, Hazardous Materials Compliance, and Driver Fitness as show in the Federal Motor Carrier Safety Administration Safety Measurement System.

5) The term "**BROKER**" means a broker as defined by Federal Motor Carrier Safety Regulation 371.2(a) and shall include *bona fide* agents as defined by 371.2(b).

6) The term "**COMMUNICATION**" means any oral, written, or recorded utterance, notation, or statement of any nature whatsoever, by and to whomever made, including without limiting the generality of the foregoing, correspondence, conversations, dialogs, memoranda, discussions, interviews, or consultations.

7) The term "**DOCUMENT**" means any medium upon which intelligence or information can be recorded or retrieved, the original and any other non-identical copy (whether different from the original because of notes made on such or otherwise) of all notes, reports, calls, letters, telegrams, memoranda, transcripts, or telephone conversations, diaries, signed reports, regardless of origin or location, or any other written, recorded, transcribed, punched, taped, filmed, computer memory, or graphic matter, however produced or reproduced, together with any attachment thereto or enclosures therewith, specifically including Electronically Stored Information (ESI).

8) The term "**DOT**" means both federal and state Departments of Transportation, unless otherwise stated.

2

9)   The term "**DRIVER**" refers to the driver involved in the collision that is the subject

the Complaint.

10)   The term "**FMCSR**" means the Federal Motor Carrier Safety Regulations.

11)   The term "**LOAD**" refers to the load being carried by the tractor and trailer driven

Defendant (DRIVER) that was involved in the wreck that is the subject of the Complaint.

12)   The terms "**MOTOR CARRIER**" or "**TRUCKING COMPANY**" mean a motor carri

as defined by Federal Motor Carrier Safety Regulation 390.5.

13)   The term "**PERSON**" means any natural individual in any capacity whatsoever or enti

or organization, including corporations, general partnerships, limited partnerships, so

proprietorship, other associations or divisions, departments, or other units therein.

14)   The term "**REPRESENTATIVE**" means any and all agents, employees, servan

officers, directors, or any other persons acting or purported to act on your behalf.

15)   The term "**SHIPPER**" means a commercial shipper or individual shipper as defined

Federal Motor Carrier Safety Regulation 390.5.

16)   The terms "**WRECK**" or "**COLLISION**" refer to the wreck described in the Complai

17)   The terms "**YOU**", "**YOUR**", and "**DEFENDANT**" refer to (COMPANY) and a

entity, whether a corporation, partnership, proprietorship or otherwise, that the Defendant no

owns, operates or has legal or beneficial interest in.

18)   The term "**YOUR CUSTOMER**" means a third party, not you or your Affiliate, wi

contracts with you or your Affiliate to procure shipping services for the third party.

19)   Masculine nouns, pronouns, adjectives include the feminine, and *vice versa*.

**CLAIMS OF PRIVILEGE**: If any privilege or immunity is claimed as to any docume

otherwise covered by this Request, Plaintiff hereby requests that each document for which

3

privilege or immunity is claimed be identified in a manner such that Defendant and the Court may determine whether or not each such document is entitled to be accorded such privileged status. Such information shall include, but is not limited to:

    a. the name or title of the document;

    b. the type of document;

    c. its date;

    d. its author;

    e. addressee;

    f. a general description of its subject matter;

    g. its present location;

    h. custodians;

    i. each person who, to your knowledge, has seen it;

    j. the number and/or portion of the request to which each such document be responsive and the basis for such claim of privilege or immunity (e.g., attorney-client privilege, work product doctrine, etc.).

**ELECTRONICALLY STORED INFORMATION (ESI)**: Plaintiff specifically reserves the right to have all ESI produced in native format, including metadata without alteration or deletion, pursuant to Federal Rules of Civil Procedure 34(b)(1)(C). Should Defendant object to producing ESI in native format, if such is required at a later date by Plaintiff, Plaintiff specifically requests that Plaintiff's counsel be contacted immediately so the form of production can be established. Plaintiff otherwise requests ESI be produced in the format specified in Federal Rules of Civil Procedure 34(b)(2)(E).

**DOCUMENTS IN COLOR**: If the original document or ESI is kept in color, the Defendant is specifically requested to produce said document in color.

**BATES STAMPING**: All documents responsive to these requests are to be Bates stamped by Defendant for identification. If Defendant is unable to Bates stamp responsive documents,

4

Plaintiff's counsel should be contacted to make arrangements to have the documents Bat stamped.

## REQUESTS FOR PRODUCTION
### I. DRIVER

**REQUEST NO. 1:**     A copy of the driver's entire personnel file.
**RESPONSE:**

**REQUEST NO. 2:**     The truck driver's driver qualification file, 49 CFR § 391.51, whic should include but not be limited to:

      a.      Employee's application,

      b.      List of truck driver's previous employers for the ten (10) years precedir the date of application,

      c.      The reasons for leaving said employments,

      d.      Medical examiner's certificate,

      e.      A note showing when and who reviewed the driver's record with him/h for each year of employment, 49 CFR § 391.25,

      f.      A list of certificates showing all violations of motor vehicle laws ar ordinances, 49 CFR §§ 391.27 and 383.31

      g.      Responses from state agencies, private companies, and employers to yo inquiries about the truck driver's employment and driving recor (including but not limited to "Drive-a-Check" (DAC), HireRight, etc.), s 49 CFR § 391.23

      h.      Certificate of road test, 49 CFR § 391.31(e),

      i.      Records of drug and alcohol tests including after the wreck see 49 CFR 382.303, and

      j.      An accident register listing all DOT recordable preventable wrecks, include the folder in which it is contained together with all writing contain thereon.

      k.      A copy of the driver's road test results and certificate, 49 CFR §§ 391. and 391.33, and 391.11(b)(8).

5

l.     Any documents showing the driver involved in the collision signed for any copy of the Federal Motor Carrier Safety Regulations, Company handbook, or company safety manual prior to the collision.

**RESPONSE:**

**REQUEST NO. 3:**   Color copies of all safety and log audits of the driver while in your employ, to specifically include the day of the collision.

**RESPONSE:**

**REQUEST NO. 4:**   Copies of any and all documents that communicated the results of any safety or log audit to the driver, as well as documents of any corrective action.

**RESPONSE:**

**REQUEST NO. 5:**   A copy of all trip reports for the trip the driver was on at the time of the collision.

**RESPONSE:**

**REQUEST NO. 6:**   A copy of the front and back of the commercial driver's licenses of the truck driver at the time of the collision.

**RESPONSE:**

**REQUEST NO. 7:**   Copies of the driver's signed receipt (including any electronic signatures) for any materials, brochures, books, policies, standards, safety matters, or other written material provided by the employer to the driver.

**RESPONSE:**

**REQUEST NO. 8:**   Copies of the payroll information concerning said driver for the six (6) months prior and the two (2) months subsequent to said collision and his pay check for the time period covering the date of the collision (Plaintiff's counsel is not requesting copies of the pay checks unless otherwise specified, but requests the individualized payroll record ledger sheet indicating the amount of pay, miles driven for the time period, etc.).

6

**RESPONSE:**

**REQUEST NO. 9:**   Copies of all documents or materials of any kind received from an person or company, or generated by you or your agents, relative to the performance, appraisal criticisms, reprimands, infractions, or driving offenses committed by the driver operating the tru at the time of the collision, and from any time subsequent to the time the driver became employe by the defendant up to and through the date of trial, to specifically include any calls reportin driver actions from the public on any call in number (How's my Driving? Call 800…) or oth reporting system, if not contained in his personnel file previously requested.

**RESPONSE:**

**REQUEST NO. 10:**  Produce copies of any documentation evidencing the completion non-completion of training programs and driver orientation programs by the driver.

**RESPONSE:**

**REQUEST NO. 11:**  Produce a copy of the completion, non-completion, or failure, of an safe driving program or tests taken by the driver involved in the collision in your possession.

**RESPONSE:**

**REQUEST NO. 12:**  All   certificates,   diplomas,   correspondence,   writings,   and/ documents regarding the driver's attendance at any driver school or truck driving school, driv safety courses, highway safety, fleet maintenance, or motor carrier safety seminars in the three ( years prior to the incident.

**RESPONSE:**

**REQUEST NO. 13:**  All documents which refer to, relate to, or describe the employme relationship or other affiliation between your company and the driver.

**RESPONSE:**

**REQUEST NO. 14:**  All documents which provide the basis for terminating the driv and any response from the driver to such correspondence.

7

**RESPONSE:**

## II. TRACTOR AND TRAILER

**REQUEST NO. 1:**   Copies of the vehicle maintenance records for the commercial motor vehicle involved in the wreck for the six (6) months prior to the wreck.  49 CFR § 396.3(c) and 396.21

    **RESPONSE:**

**REQUEST NO. 2:**   Produce copies of any and all satellite communications and e-mail for the day of the collision, seven (7) days prior, and one (1) day after, as well as all recorded Electronic Control Module (ECM), Event Data Recorder (EDR), and/or sensing Diagnostic Module (SDM), video, DriveCam, or other computer or electronic data with reference to all data available, including, but not limited to:

        a.     trip distance

        b.     total vehicle driving time

        c.     load factor

        d.     vehicle speed limit

        e.     maximum vehicle speed recorded

        f.     number of hard brake incidents

        g.     current engine speed (rpm)

        h.     maximum and minimum cruise speed limits

        i.     total vehicle driving distance

        j.     fuel consumption (gal./hr.)

        k.     idle time

        l.     engine governed speed

        m.    maximum engine speed recorded

        n.     current throttle position

        o.     brake switch status (on/off)

        p.     odometer

        q.     trip driving time

        r.     overall fuel economy (mpg)

    s.     average driving speed

    t.     # of engine overspeeds

    u.    # of vehicle overspeeds

    v.    current vehicle speed (mph)

    w.   clutch status (on/off)

    x.    clock

    y.    Jake brake status

    z.    Video

**RESPONSE:**

**REQUEST NO. 3:**    Produce all documents relating to any estimates and repairs, togeth
with the actual repair bill and/or salvage payment for the tractor and trailer involved in the wrec

**RESPONSE:**

**REQUEST NO. 4:**    Copies of the title of the tractor and trailer in question.

**RESPONSE:**

**REQUEST NO. 5:**    Copies of the registration of the tractor and trailer in question.

**RESPONSE:**

**REQUEST NO. 6:**    A copy of each out of service report or violation (this specifical
includes, but is not limited to roadside inspections) concerning the driver, tractor, or trailer or an
findings as to the condition of the tractor-trailer from the year prior to the collision through the d
of the wreck, to include copies of any supplements, responses, or amendments to the same.

**RESPONSE:**

**REQUEST NO. 7:**    Produce all documents in your possession, or in the possession
your insurers, representatives, agents, or investigators, regarding any property damage to an
vehicle, the contents of any vehicle, any stationary object, or any other real or personal proper
damage resulting from the incident complained of, including but not limited to repair estimate
appraisals, purchase invoices, repair bills, and checks or drafts reflecting payment for repair

9

replacement, and any other documents concerning or establishing the value of any item of property before or after the incident complained of.

    **RESPONSE:**

    **REQUEST NO. 8:**   Produce any documents given to any person or entity, including any insurance company in return for payment in whole or in part for property damage, e.g., loan receipt*(s),* release*(s),* assignment*(s),* etc.

    **RESPONSE:**

    **REQUEST NO. 9:**   Produce color copies of all the Driver Vehicle Inspection Reports (DVIR) from the week after the collision, the day of the collision, and the six (6) months prior to the collision.

    **RESPONSE:**

    **REQUEST NO. 10:**  Produce any warning letters issued by the FMCSA or DOT for the time period covering one year prior to the wreck, the day of the wreck, and any subsequent period which includes the date of the wreck.

    **RESPONSE:**

    **REQUEST NO. 11:**  Produce all documents received from the pre-employment screening program (PSP) regarding any employee involved in the wreck.

    **RESPONSE:**

### III. INVESTIGATION AND FACTS

    **REQUEST NO. 1:**   Copies of all photographs, still or motion pictures, plans, drawings, blueprints, sketches, diagrams, computer simulations, or any other demonstrative evidence or visual reproductions in your possession or control concerning the collision, the wreck scene, the roadways involved, the vehicles (to include the trailer) involved in the wreck, the parties, the injuries alleged by any party, or any issue relevant to this lawsuit. (This request specifically includes any surreptitious surveillance, photographs, films, and tapes of the plaintiffs.)

    **RESPONSE:**

10

**REQUEST NO. 2:**   Copies of all wreck or incident reports, other than the police repo involving this collision.

**RESPONSE:**

**REQUEST NO. 3:**   A copy of all correspondence and other communications (including mail) that you have had with any person other than your lawyer that in any way involves the wreck

**RESPONSE:**

**REQUEST NO. 4:**   Copies of all records generated by any on-board recording devic whether computer, video, or other, not previously produced, with which the truck was equipp for the seven (7) days prior to the collision, the day of the collision, and one (1) day after the collision in question.

**RESPONSE:**

**REQUEST NO. 5:**   Copies of all records generated through the use of any satellite GPS system (such as Qualcomm or Garmin) with which the truck and/or trailer was equipped the time of the wreck, or from any similar system, for the seven (7) days prior to the collision, t day of the collision, and one (1) day after the collision and identify the system from which su information was obtained.

**RESPONSE:**

**REQUEST NO. 6:**   Copies of all records generated by the EATON VORAD collisi avoidance system, or any other type of collision avoidance system, for the day of the collision, a identify the system from which such information was obtained. (*Plaintiff asks that all informati for other time periods be preserved until the conclusion of this case*).

**RESPONSE:**

**REQUEST NO. 7:**   Copies of all witness statements obtained from any person about a information relevant to any issue in this lawsuit, including, but not limited to, the issue of liabili or damages.

11

**RESPONSE:**

**REQUEST NO. 8:**   Copies of all documents sent to, or received from, any Department of Transportation, Federal Motor Carrier Safety Administration, or other government agencies regarding this collision, the driver involved in the collision, or any subject that is part of the basis of this lawsuit.

**RESPONSE:**

**REQUEST NO. 9:**   Copies of all e-mails, texts, or other electronic correspondence between any of the defendants and the driver for the seven (7) days prior to the collision, the day of the collision, and the day after the collision.

**RESPONSE:**

**REQUEST NO. 10:**   Produce any and all 7-day Prior Forms or 8-day Prior Forms for the driver for the month of the collision if not already shown on the driver logs.

**RESPONSE:**

**REQUEST NO. 11:**   A copy of each non-privileged memorandum, letter, document, e-mail, or report sent by you to any person or entity regarding any plaintiff herein, the defendant driver*(s)* or the incident made the basis of this suit.

**RESPONSE:**

**REQUEST NO. 12:**   Transcripts or recordings of all depositions given by your company and through its employees, representatives, officers, or agents including but not limited to your company, in any other claim or lawsuit in the last three (3) years, as a party, expert witness, fact witness, or a non-party involving company safety policies for tractor-trailers regarding driver training, supervision, retention, or safety.

**RESPONSE:**

**REQUEST NO. 13:**   Produce complete color printouts from all commercial software program (*e.g.* J.J. Keller's Log Checker, RAIR, etc.) or customized program, used to record and/or

12

audit the driver's log book entries for one year prior to the collision and any report which includ the day of the collision, together with all reports generated from the program for the six (6) mont prior to the wreck and any subsequent report which includes the day of the wreck.

**RESPONSE:**

**REQUEST NO. 14:** Any reports, notes, correspondences, records or other documents items whatsoever made by or within the control or possession of any detective, investigator, et having anything whatsoever to do with this vehicular wreck, the damages, the injuries, or a aspect of this lawsuit whatsoever.

**RESPONSE:**

**REQUEST NO. 15:** Copies of any and all calendars, notes, diaries, records, or oth similar documents made, maintained, or kept by agents, employees, or representatives of yo company pertaining to the tractor and trailer at issue, the load, your driver, and the incident.

**RESPONSE:**

**REQUEST NO. 16:** All tapes and transcripts of conversations, interviews, statemen etc., of any witness, party, or any other entity or person whatsoever regarding any aspect of t vehicular wreck in question, the injuries or damages resulting therefrom, or this lawsuit, to inclu statements from any person who arrived shortly after the collision, or who may have knowled of facts concerning the incident; or whom you expect to call as an expert witness at trial.

**RESPONSE:**

**REQUEST NO. 17:** A copy of all documents examined, used, or considered by t company in determining the preventability of this wreck, including any checklists, guidelin forms, or reports.

**RESPONSE:**

**REQUEST NO. 18:** Produce all documents, materials, and things obtained by y through a subpoena in this case.

**RESPONSE:**

13

**REQUEST NO. 19:** Produce each and every document in your custody or control identified as a late filed exhibit to any deposition.

**RESPONSE:**

## IV. TRIP IN QUESTION

**REQUEST NO. 1:**   COLOR COPIES of front **and** back of all driver's logs (*i.e.* records of duty status), whether kept officially or unofficially, for thirty (30) days prior to the collision and thirty (30) days after the collision. 49 CFR § 395. (Counsel for the plaintiff will reimburse reasonable charges for this upon request.) (NOTE: Plaintiff reserves the right to ask for a full six months of the driver's logs, should plaintiff deem it necessary to obtain same, and specifically requests that a full six months of logs be retained until the conclusion of this case.)

**RESPONSE:**

**REQUEST NO. 2:**   *Hours of Service* - Produce those materials which substantiate the driver's hours of service for the seven (7) days before the collision as well as the day of the collision, which specifically include, but are not limited to those required by 49 CFR § 395.8(k)(1) and the Department of Transportation interpretations set forth in its answer to Question 10. (Plaintiff's counsel will agree to provide a list of those items required to be kept pursuant to this regulation, as well as a copy of the regulation and interpretation, upon request). Plaintiff further reserves the right to request six (6) months of this information if necessary.

**RESPONSE:**

**REQUEST NO. 3:**   A copy of all lease and trip lease contracts between you and the truck/trailer owner and operator involved in this collision.

**RESPONSE:**

**REQUEST NO. 4:**   Copies of any contract under which your company was operating the truck in question at the time of the collision.

**RESPONSE:**

14

**REQUEST NO. 5:**   Copies of any contract under which your company was operating the trailer in question at the time of the collision.

**RESPONSE:**

**REQUEST NO. 6:**   Copies of all bills of lading for the truck and trailer involved in the collision for the seven days prior to the collision, the day of the collision, and the day after the collision.

**RESPONSE:**

**REQUEST NO. 7:**   All documents reflecting any agreement between any broker, shipper, or other entity or person and the Defendants that reflect how the Defendants were hired, employed, contracted with, assigned loads, or otherwise came to carry the cargo and goods on the tractor trailer the day of the wreck.

**RESPONSE:**

**REQUEST NO. 8:**   Any Trailer Interchange Agreement, together with all Trailer Interchange insurance policies and declarations pages.

**RESPONSE:**

## V. SAFETY

**REQUEST NO. 1:**   A copy of the accident register maintained as required by 49 CFR 390.15, to include the collision with the plaintiff and all wrecks three (3) years prior.

**RESPONSE:**

**REQUEST NO. 2:**   A copy of all company manuals covering truck safety, driver training, fleet safety, driver safety programs, driver's standards, and the driver's handbook, in effect on the date of the collision.

**RESPONSE:**

15

**REQUEST NO. 3:**   Copies of any manuals covering truck safety, fleet safety, driver safety, driver safety programs, driver's standards, and driver's handbook, provided to the driver prior to the date of the collision, if different than what was in effect on the date of the collision.

   **RESPONSE:**

**REQUEST NO. 4:**   A copy of the index of the policies and procedure manual, internal operating procedures, or other compilation of corporate policies and procedures to specifically include the positions of safety director, safety committee, risk manager, and risk management committee, effective on the date of the subject collision.

   **RESPONSE:**

**REQUEST NO. 5:**   A copy of the defendant's Safety Handbook or documentation and compilation of policies and procedures in the area of loss control and safety, effective of the date of the subject collision if not previously provided.

   **RESPONSE:**

**REQUEST NO. 6:**   If ISO certified, produce all ISO certification documents regarding safety in effect on the date of the collision.

   **RESPONSE:**

**REQUEST NO. 7:**   Produce all Federal wreck reports filed by the driver for the year of the collision and for five (5) prior years.

   **RESPONSE:**

**REQUEST NO. 8:**   Produce any and all DOT Inspection Reports filed by the driver for the year of the collision and for three (3) prior years.

   **RESPONSE:**

**REQUEST NO. 9:**   A complete list or index of each driver safety training film, video, videotape, videocassette, audio cassette, computer program, simulator, driver diagnostic record or test, maintained by your company, or used by your company and its personnel, agents, or

16

employees during the year of the collision and three (3) years prior, together with any associat
handouts.

**RESPONSE:**

**REQUEST NO. 10:** A copy of all articles, texts, or other documents or pages
documents or writings defendant prepared, contributed to, used, adopted, read, or relied upo
relevant to the defendant's position or opinion on issues pertaining to motor carrier safe
regulations or driver qualifications, regulations and compliance and non-compliance therewith,
safety standards, compliance and non-compliance therewith.

**RESPONSE:**

**REQUEST NO. 11:** A copy of all articles, texts, or other documents or pages
documents or writings defendant prepared, contributed to, used, adopted, read, or relied upon, th
support defendant's position or opinion on any issue pertaining to liability or causation in th
matter.

**RESPONSE:**

**REQUEST NO. 12:** A copy of all articles, texts, other documents or pages of documen
or writings, defendant prepared, contributed to, used, adopted, read, or relied upon, relating
qualification, testing, and retention of drivers.

**RESPONSE:**

**REQUEST NO. 13:** A copy of all articles, texts, or other documents or pages
documents or writings defendant prepared, contributed to, used, adopted, read, or relied upc
relating to out of service criteria and compliance and non-compliance therewith, to include pow
unit maintenance and trailer maintenance.

**RESPONSE:**

**REQUEST NO. 14:** A copy of all materials obtained by your company by and throu
its employees, representatives, officers, or agents, including but not limited to your company,

17

any highway safety, driver safety, fleet maintenance, motor carrier safety seminar, or motor carrier continuing education course in the five (5) years prior to the day of the collision.

**RESPONSE:**

**REQUEST NO. 15:** All certificates, diplomas, correspondence, writings, and/or documents regarding your company's officers or safety representatives attendance at any driver safety courses, highway safety, fleet maintenance, or motor carrier safety seminars by and through its employees, representatives, officers, or agents in the five (5) years prior to the day of the collision.

**RESPONSE:**

**REQUEST NO. 16:** All correspondence writings and/or documents sent or received by your company, or the driver involved in the collision, regarding disciplinary action or suspension or potential disciplinary action or suspension of your company as a motor carrier, contractor, or service provider, or of your driver by any federal, state, or local government entity, including but not limited to the Department of Transportation, or any state agency, in the time period covering the three (3) years prior to the collision and the day of the collision.

**RESPONSE:**

**REQUEST NO. 17:** All certificates, writings, documents, invoices, decals, and membership cards that certify or attest that the defendant is and/or has been a member of any motor carrier or highway safety organization in the last three (3) years, including but not limited to any state transportation association, the Commercial Vehicle Safety Alliance, Advocates for Highway and Auto Safety, or similar organizations. Defendant*(s)* may provide a list of each such organization and dates of membership in lieu of providing the requested documents.

**RESPONSE:**

**REQUEST NO. 18:** All documents, phone call logs, or correspondence reflecting complaints or criticisms of any kind received by you from any source, including your personnel, concerning your driver, your company's jobs, the operation of, or failure to repair or maintain any power unit or trailer.

18

**RESPONSE:**

**REQUEST NO. 19:** All of your company's officers, executives, or administrator notices, directives, bulletins, publications, or manuals, or other written instructions concerning d to day operating and safety procedures to be followed by their personnel managers, supervisor dispatchers, and drivers, including all versions of any document(s) relative to disciplinary polici or procedures regarding safety, maintenance, or failure to comply with the State Motor Carri Safety Regulations in existence and effective at your company from three (3) years before tl incident to the present.

**RESPONSE:**

**REQUEST NO. 20:** All company newsletters for the five (5) years prior to the collisio to specifically include any newsletter or publication involving truck or driver safety.

**RESPONSE:**

**REQUEST NO. 21:** Copies of all documents reflecting any review, assessment, audit, consultation of the Defendant's safety programs, safety activities, safety management, Feder Motor Carrier Safety Regulation (FMCSR) compliance, driver hiring, driver training, driv supervision, driver retention, vehicle maintenance, etc… for the three (3) years prior to the wrec as well as any document that includes information regarding the wreck itself or the causes therec

**RESPONSE:**

## VI.  TRUCK COMPANY

**REQUEST NO. 1:**   A copy of each certificate of membership in every organizatio association, council, or group involved in the trucking or transportation industry to which yc belong or pay membership dues, or has paid dues in the last five (5) years.

**RESPONSE:**

**REQUEST NO. 2:**   Furnish one (1) blank form of each of the operational forms documents utilized by Defendant (COMPANY)'s drivers, personnel, and/or departments with respe

19

to the movement or control of cargo and trip settlements with drivers, excluding only "negotiable instruments" such as checks in use at the time of the wreck.

**RESPONSE:**

**REQUEST NO. 3:** Copies of the following documents relating to your company for three (3) years prior to this incident, and any subsequent material regarding this incident or similar incidents:

    a.    Any writings regarding your company's, or its personnel's, compliance, failure to comply, or alleged failure to comply, with any motor carrier safety regulation, standard, or law, out of service criteria, local ordinance, or any state transportation code,

    b.    Correspondence to and from the Occupational Safety & Health Administration or the Department of Labor regarding wrecks, injuries, or safety issues,

    c.    Correspondence to and from Surface Transportation Board (STB) or ICC,

    d.    Correspondence to and from National Transportation Safety Board (NTSB) or Federal Highway Administration (FHWA),

    e.    Correspondence to and from Department of Public Safety of any state,

    f.    Correspondence to and from Department of Transportation (DOT) of any state,

    g.    Correspondence to and from Federal Motor Carrier Safety Administration (FMCSA).

**RESPONSE:**

**REQUEST NO. 4:** Copies of all documents reflecting any safety audits or compliance reviews of the company or the driver for the three (3) years prior to the wreck, and any audit which includes the day of the wreck.

**RESPONSE:**

**REQUEST NO. 5:**   Copies of all documents relating to any arrest, indictment, deferr᠎ or criminal conviction against the driver, your company, its employees, officers, or agents for th ten years prior to the collision to the present.

**RESPONSE:**

## VII.  FEDERAL REPORTS

**REQUEST NO. 1:**   A copy of all National Transportation Safety Board investigativ᠎ reports for five (5) years prior to the collision and one (1) year after the collision.

**RESPONSE:**

**REQUEST NO. 2:**   Each Motor Carrier Identification Report prepared by yo᠎ company, its employees, officers, or agents for the three (3) years prior to the wreck and the ye᠎ of the wreck.

**RESPONSE:**

**REQUEST NO. 3:**   Any warning letter you have received in the year prior to the wre᠎ and the year after the wreck from any government agency regarding the Federal Motor Carri᠎ Safety Regulations or BASIC's.

**RESPONSE:**

**REQUEST NO. 4:**   A copy of the MSC-150<u>A</u> Form "Safety Certification f᠎ Application" completed to obtain your DOT number.

**RESPONSE:**

**REQUEST NO. 5:**   Produce all a copy of all application(s) for any operating authori᠎ (OP-1), DOT number, and/or MCC IC number as well as all documents received in respon᠎ granting or denying the applications.

**RESPONSE:**

## VIII.  EXPERTS

21

**REQUEST NO. 1:**   A copy of all reports received from any expert involving any matter related to this case.

   **RESPONSE:**

**REQUEST NO. 2:**   A copy of all materials provided to, or received from, any expert regarding any matter related to this case, whether electronic or by other media.

   **RESPONSE:**

**REQUEST NO. 3:**   With regard to each testifying expert and consulting expert whose work product has been reviewed by a testifying expert, provide:

> a.     A copy of each deposition and trial manuscript given by the expert in the last five (5) years that the expert has in *his/her* possession, custody, or control;
>
> b.     A list of lawsuits in which the expert has given testimony in the last five (5) years, including the state, county, cause number and court information;
>
> c.     A copy of each such expert's fee schedule.

   **RESPONSE:**

**REQUEST NO. 4:**   Any and all correspondence, reports, charts, photographs, drawings, videotapes, brochures, manuals, memoranda or any other type of document material or physical evidence of any kind received from, provided to, or generated by any expert witness who defendant*(s)* expect to call as a witness in this case.

   **RESPONSE:**

**REQUEST NO. 5:**   As to each expert witness you expect to call at trial, provide:

> a.     all documents provided to any expert witness whom you expect to call at trial, including records, reports, literature, memoranda, or any other documents prepared by you or your attorney.
>
> b.     any records, reports, notes, memoranda, bills, correspondence, or other documents prepared by any expert in connection with this case;

22

      c.     copies of any manuscripts, drafts, galleys, outlines, slides, and the lik concerning any oral or written presentations made by the expert on ar subject relevant to this case which are not in the public domain;

      d.     transcripts of any deposition or trial testimony in the expert's possession control on any subject relevant to this case;

      e.     a current *curriculum vitae* for each such expert;

      f.     any exhibits prepared by or with the assistance of the expert which a intended to illustrate aspects of the expert's testimony.

**RESPONSE:**

## IX. PLAINTIFF

**REQUEST NO. 1:**    Any medical, education, employment, criminal, social media, ar all other records or documents which have been obtained by you or your agents regarding tl Plaintiff(s).

**RESPONSE:**

**REQUEST NO. 2:**    Produce all social media which you contend has anything to do wi the wreck, the damages, the injuries reported by the Plaintiffs, the physical function of t Plaintiffs, or involves any witness.

**RESPONSE:**

**REQUEST NO. 3:**    Produce any social media to which you or your agents have acce that describes any aspect of this wreck or the parties.

**RESPONSE:**

**REQUEST NO. 4:**    If there is any document or Electronically Stored Information (E! referenced, described in, or used to answer interrogatories [search for "surveillance"] produ all such documents or ESI.

**RESPONSE:**

23

## X. LITIGATION

**REQUEST NO. 1:**    A copy of any and all materials which support any contention that this collision was the fault of anyone other than the defendants.

**RESPONSE:**

**REQUEST NO. 2:**    Copies of the following:

    a.    Any charts, summaries, or calculations of the contents of any voluminous writings, reporting, or photographs as defined by the Federal Rules of Evidence 1006, that cannot be conveniently examined in Court that you or your attorneys plan to, or expect to, or may offer as evidence at the trial of this cause pursuant to Federal Rules of Evidence 1006, or any other similar law or rules; and

    b.    The contents of voluminous writings, recordings, or photographs that you or your attorneys plan to, expect to, or may present in the form of such summaries, charts, or photographs as described in "a" above.

**RESPONSE:**

**REQUEST NO. 3:**    Copies of all diagrams, graphs, illustrations, photographs, charts, pictures, models, blow-ups, or any other document or thing, including electronically created charts, animations, or data that you intend to utilize as an exhibit, demonstrative exhibit, or aid in the trial of this case not previously supplied.

**RESPONSE:**

**REQUEST NO. 4:**    All documents, demonstrative or physical evidence you intend to place into evidence or use in front of the Court or jury at the trial of this cause not otherwise requested herein.

**RESPONSE:**

**REQUEST NO. 5:**    All scientific tests, experiments or demonstrations which you either intend to place into evidence at the trial of this cause or demonstrate to the court or jury, irrespective of whether you intend to introduce same into evidence.

24

**RESPONSE:**

**REQUEST NO. 6:**   All reports, publications and/or other documents evidencing an safety standards, laws, regulations, ordinances, or industry standards that you contend or w contend at trial that your company and driver has complied with, or that any plaintiff failed comply with.

**RESPONSE:**

**REQUEST NO. 7:**   Pursuant to Rule 609 of the Rules of Evidence, all documen relating to any criminal conviction you plan to use to impeach the credibility of plaintiff or an person.

**RESPONSE:**

**REQUEST NO. 8:**   Produce all books, documents and/or other tangible things whic prove support, or may constitute evidence of any facts or circumstances upon which you base th defenses and allegations in your Answer, or referred to in your responses to any of the foregoin interrogatories.

**RESPONSE:**

**REQUEST NO. 9:**   Produce any document or thing which you contend is evidenc proof, or support of your claims on any issue of negligence or causation as to the incide complained of, including but not limited to admissions of fault, engineering analysis, scientif tests, and official or unofficial reports.

**RESPONSE:**

**REQUEST NO. 10:** Produce all documents preserved, and not otherwise produce herein, pursuant to:

> a.   any litigation hold policy;
>
> b.   any document retention policy;
>
> c.   any document destruction policy;

25

d.      any notice from any party, person, or entity requesting that you preserve documents (*this specifically includes producing a copy of the notice whether by email, fax, letter, or other*).

**RESPONSE:**

## X. INSURANCE

**REQUEST NO. 1:**    A copy of the declarations page and policy of each insurance policy covering, or potentially covering, the tractor that Defendant Smith was driving at the time of the wreck, together with all endorsements.

**RESPONSE:**

**REQUEST NO. 2:**    A copy of the declarations page and policy of each insurance policy covering, or potentially covering, the trailer that Defendant Smith was hauling at the time of this wreck, together with all endorsements.

**RESPONSE:**

**REQUEST NO. 3:**    Any insurance filing with any state agency not previously produced (such as a "Form E" or "Form F" Certificate of Insurance, or any other similar form).

**RESPONSE:**

This 29th day of December 2022.

*/s/ Shawn T. Richardson*
GA Bar 603999
Ashley Bacon-Brown
GA Bar 154698
Attorneys for Plaintiff

Kaila & Solomon Law Group, LLC
d/b/a Guardian Law Group
200 Sandy Springs PL NE Suite 300
Atlanta, GA 30328
shawn@myguardianlaw.com
ashley@myguardianlaw.com
404-255-9000 (Tel.)
770-462-3349 (Fax)

26

## **CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing Request for Production was attached to the Complaint filed in this cause and served therewith upon the defendant by proper service of process with the Complaint.

This 29th day of December 2022.

*/s/ Shawn T. Richardson*
GA Bar 603999
Ashley Bacon-Brown
GA Bar 154698
Attorneys for Plaintiff

Kaila & Solomon Law Group, LLC
d/b/a Guardian Law Group
200 Sandy Springs PL NE Suite 300
Atlanta, GA 30328
shawn@myguardianlaw.com
ashley@myguardianlaw.com
404-255-9000 (Tel.)
770-462-3349 (Fax)

27

of Fulton County
**E-FILED**
23EV000012
12/29/2022 2:39 PM
Donald Talley, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

RONALD SPARKS

               Plaintiff,

v.

CHRISTOPHER WOODYARD

R. W. STEVENS, INC. and

OWNERS INSURANCE COMPANY

               Defendants.

CIVIL ACTION

FILE NO.: _____

---

## PLAINTIFF'S FIRST SET OF INTERROGATORIES
## TO DEFENDANT R. W. STEVENS, INC.

---

Comes the Plaintiff, by and through counsel, pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, and requests the Defendant R. W. Stevens, Inc., (hereinafter "company"), to answer, under oath and in accordance with the above rules of civil procedure, the interrogatories set forth below. Answers are due thirty (30) days from the date of the initial scheduling conference.

TAKE NOTICE that sworn answers and responses are to be served upon counsel for plaintiff, Shawn T. Richardson, Guardian Law Group, PO Box 28159, Atlanta, GA 30358.

FURTHER TAKE NOTE that these interrogatories are continuing in nature; and that any information acquired after your answers and responses have been filed and served upon adversary counsel should, as soon as possible after acquisition, be supplied to adversary counsel by way of written supplemental answers and responses to these interrogatories.

1

FURTHER TAKE NOTICE that the information sought in these interrogatories should l
supplied, whether the same be in the knowledge or control of the parties, or within the knowledg
or control of counsel. If an item is privileged but would otherwise be producible under the:
interrogatories, you are to identify said material and explain why it is to be considered privilege

In order to simplify the issues and resolve as many matters of fact before trial, you a
further requested that if interrogatories, or portions thereof, cannot be fully answered, each sha
be answered to the extent possible with the reasons for not answering more fully set o
specifically.

For the purposes of these interrogatories, the following definitions shall apply:

**DEFINITIONS:**

1) The term "**AFFILIATE**" means a legal entity that you directly or indirectly own or contro
or that directly or indirectly shares common ownership or control with you including a pare
company and any company in which a parent company of yours exercises any ownership
control.

2) The term "**AGENT**" means any person or entity which you have the right to control
instruct, as well as all persons or entities that represent you. If a person or entity will provi
documents, or copies of documents to you by right, by contract, or by other obligation, they a
your agent for the purposes of this request.

3) The term "**ANY**" means each and all.

4) The term "**BASIC**" means the Behavior Analysis and Safety Improvement Categori
(BASIC) of Unsafe Driving, Crash Indicator, Hours-of-Service Compliance, Vehic
Maintenance, Controlled Substance and Alcohol, Hazardous Materials Compliance, and Driv
Fitness as show in the Federal Motor Carrier Safety Administration Safety Measurement Syster

2

5) The term "**BROKER**" means a broker as defined by Federal Motor Carrier Safety Regulation 371.2(a) and shall include *bona fide* agents as defined by 371.2(b).

6) The term "**COMMUNICATION**" means any oral, written, or recorded utterance, notation, or statement of any nature whatsoever, by and to whomever made, including without limiting the generality of the foregoing, correspondence, conversations, dialogs, memoranda, discussions, interviews, or consultations.

7) The term "**DOCUMENT**" means any medium upon which intelligence or information can be recorded or retrieved, the original and any other non-identical copy (whether different from the original because of notes made on such or otherwise) of all notes, reports, calls, letters, telegrams, memoranda, transcripts, or telephone conversations, diaries, signed reports, regardless of origin or location, or any other written, recorded, transcribed, punched, taped, filmed, computer memory, or graphic matter, however produced or reproduced, together with any attachment thereto or enclosures therewith, specifically including Electronically Stored Information (ESI).

8) The term "**DOT**" means both federal and state Departments of Transportation, unless otherwise stated.

9) The term "**DRIVER**" refers to the driver involved in the collision that is the subject of the Complaint.

10) The term "**FMCSR**" means the Federal Motor Carrier Safety Regulations.

11) The terms "**IDENTIFY**" or "**IDENTITY**" when used in reference to the following:

a. a **natural person**, require you to state his or her: full name, residential and business address, home and work telephone numbers; employer and employer's address, employment position held, date employment began, and relationship to you.

b. a **corporation** require you to state its full corporate name and any name under

3

which it does business, the state of incorporation, and the address of its principal place of busines

names and addresses of its officers and directors.

    c.  a **business** require you to state the full name or style under which the business

conducted, its business address or addresses, the types of business in which it is engaged, and

identify the person or persons who own, operate, and control the business,

    d.  a **governmental agency** require you to state the full agency name, and any nam

or designations under which it does business or carries out its duties, the addresses of all its offic

which are directly involved with the information requested in connection with this litigation, a

to identify the person who is in charge with each office being identified.

    e.  a **document** require you to describe the document in sufficient detail so that it c

be identified for purposes of a notice to produce subpoena *duces tecum,* or other compelli

productions; you should state the number of pages and nature of the document (i.e. letter

memorandum), its title, date, the name or names of its authors and recipients, and its prese

location and/or custodian. As an alternative to such identification, you may answer by voluntari

attaching a copy of the document to your answers to these interrogatories.

    f.  a **communication** require you, if any part of the communication is written,

identify the document or documents which contain the communication, and, to the extent t

communication was not written, to identify the person(s) participating in or witnessing t

communication and to state the date, manner, place and substance of the communication.

12) The terms "**IDENTIFY**" or "**IDENTITY**", when used in any context other than tho

specifically referred to in these definitions mean to provide such information by specifically a

accurately describing or stating in complete detail your knowledge of such information as wou

enable a reasonable, intelligent person to locate, describe, distinguish, understand, evaluate,

analyze the subject manner, including, without limiting the generality of the foregoing, descriptions, identifying marks, dates, amounts, terms, names, parties, values, numbers, labels, provisions, witnesses, signatories, writer, draftsman, agent, officers, employees, opinions, conclusions, and the custodians of the subject matter.

13) The term "**LOAD**" refers to the load being carried by the tractor and trailer driven by Defendant (DRIVER) that was involved in the wreck that is the subject of the Complaint.

14) The terms "**MOTOR CARRIER**" or "**TRUCKING COMPANY**" mean a motor carrier as defined by Federal Motor Carrier Safety Regulation 390.5.

15) The term "**PERSON**" means any natural individual in any capacity whatsoever or entity or organization, including corporations, general partnerships, limited partnerships, sole proprietorship, other associations or divisions, departments, or other units therein.

16) The term "**REPRESENTATIVE**" means any and all agents, employees, servants, officers, directors, or any other persons acting or purported to act on your behalf.

17) The term "**SHIPPER**" means a commercial shipper or individual shipper as defined by Federal Motor Carrier Safety Regulation 390.5.

18) The terms "**WRECK**" or "**COLLISION**" refer to the wreck described in the Complaint.

19) The terms "**YOU**", "**YOUR**", and "**DEFENDANT**" refer to (COMPANY) and any entity, whether a corporation, partnership, proprietorship or otherwise, that the Defendant now owns, operates or has legal or beneficial interest in.

20) The term "**YOUR CUSTOMER**" means a third party, not you or your Affiliate, who contracts with you or your Affiliate to procure shipping services for the third party.

21) Masculine nouns, pronouns, adjectives include the feminine, and *vice versa*.

**CLAIMS OF PRIVILEGE**: If any privilege or immunity is claimed as to any document

5

otherwise covered by this Request, Plaintiff hereby requests that each document for which privilege or immunity is claimed be identified in a manner such that Plaintiff and the Court m determine whether or not each such document is entitled to be accorded such privileged statu Such information shall include, but is not limited to:

      a. the name or title of the document;

      b. the type of document;

      c. its date;

      d. its author;

      e. addressee;

      f. a general description of its subject matter;

      g. its present location;

      h. custodians;

      i. each person who, to your knowledge, has seen it;

      j. the number and/or portion of the request to which each such document responsive and the basis for such claim of privilege or immunity (e.g., attorne client privilege, work product doctrine, etc.).

## INTERROGATORIES

## COMPANY INFORMATION

**INTERROGATORY NO. 1:**     Give the full name, address, and principal location of yo company, and identify its owner(s).

**ANSWER:**

**INTERROGATORY NO. 2:**     Identify the person(s) who has (have) primary responsibil at (COMPANY) <u>now, and at the time of the wreck</u> for:

      a. Operational safety;

      b. Compliance with federal and state regulations (including hours of operation);

      c. (DRIVER)'s training;

      d. (DRIVER)'s Terminal Manager;

6

e.  Records custodian for (DRIVER)'s personnel/discipline/qualification and other files and records regarding (DRIVER);

f.  Information Technology and Electronically stored information;

g.  Safety Director;

h.  Director of Fleet Safety Program;

i.  The dispatcher(s) for the trip which ultimately resulted in the wreck;

j.  The person in charge of your drug and alcohol program;

k.  Person(s) who administered the driving test and the written test to Defendant (DRIVER) prior to employing or associating him; and

l.  Any Insurance Loss Control expert who has inspected your operations.

**ANSWER:**


## VEHICLE INFORMATION

**INTERROGATORY NO. 3:**     Identify the owner(s) of the tractor and trailer involved in the wreck at issue in this lawsuit.

**ANSWER:**


**INTERROGATORY NO. 4:**     State whether the tractor or trailer contained or utilized an on-board recording device, an on-board computer, tachograph, trip monitor, trip recorder, trip master, video recorder, Bendix, Vorad, Peoplenet, Trimble, Qualcomm, DriveCam, or device known by any other name which records and/or transmits information concerning the operation, messaging, and/or location of the truck and/or trailer? If so, state:

a.  the engine manufacturer and date of engine manufacture,

b.  The manufacturer of the devices

c.  name and address of the person having custody of the graphs, printouts, raw data, videos, and/or other documentary evidence produced or capable of being produced by said machine regarding any data for any and all parts of the trip which ultimately was involved in the wreck which forms the basis of Plaintiff's Complaint.

7

**ANSWER:**

**INTERROGATORY NO. 5:**   In reference to <u>the load</u> being transported at the time of t
wreck, identify:

    a.    where the load originated;

    b.    the contents and weight of the load;

    c.    the final destination for the load;

    d.    any contracts signed or entered into pertaining to the transportation of said load;

    e.    the name, address, and phone number of the person or persons employed by t
contractor and shipper who was in charge of the load at the place where said lo
originated; and

    f.    the name, address and phone number of each broker in any way involved with t
load.

**ANSWER:**

## DRIVER INFORMATION

**INTERROGATORY NO. 6:**   As to the driver (and co-driver, if any) of your tractor-trail
being operated at the time of the wreck, state:

    a.    the complete name of the driver and of the co-driver;

    b.    the present home address of the driver and of the co-driver;

    c.    the social security number, date of birth, driver's license numbers, and the names
the states issuing said licenses for both the driver and the co-driver;

    d.    The relationship between Defendant (COMPANY) and Defendant (DRIVER) on t
date of the wreck (e.g., lease operator, company driver, owner-operator, tempora
driver, etc.);

    e.    How Defendant (DRIVER) was paid at that time (by hour, by load, by mile, salar
or other);

    f.    When Defendant (COMPANY)'s relationship with Defendant (DRIVER) began;
and

    g.    If the relationship with (DRIVER) changed in any way after the wreck, describe a
change(s) and provides dates for all changes.

8

**ANSWER:**

**INTERROGATORY NO. 7:**    If Defendant (COMPANY) has ever disciplined/counseled Defendant (DRIVER) for any safety violation, wreck or other problem, specifically including this wreck, describe in detail the nature and substance of the discipline/counseling and the person(s) who were involved in making the decisions.

   **ANSWER:**

## SAFETY INFORMATION

**INTERROGATORY NO. 8:**    At the time of the wreck, did you have any policy or procedure manuals pertaining to the safe operation of a tractor-trailer such as driver manuals, company rules, use of cell phones, satellite communications, Qualcomm, drug and alcohol policies, dispatcher procedures, or other tangible operational or safety materials by whatever name? If so, provide the full name of each such manual and the year it went into effect for your company.

   **ANSWER:**

**INTERROGATORY NO. 9:**    Describe in detail the initial and continuing training requirements for your drivers as of the date of the wreck and how the drivers are paid while attending such training.

   **ANSWER:**

**INTERROGATORY NO. 10:**   Identify all persons and entities who audited (DRIVER)'s logs for the six months prior to the wreck, and the day of the wreck, and describe the process your company uses to audit a driver's logs.

   **ANSWER:**

**INTERROGATORY NO. 11:**   Identify any person and/or any entity that conducted a safety audit, inspection, consultation, visit, or similar review of the company or driver safety for the three

9

(3) years prior to the wreck through any period which includes the wreck.

    **ANSWER:**

## WRECK INFORMATION

    **INTERROGATORY NO. 12:**   Do you, your attorneys, your insurance carriers, or anyone acting on your or their behalf, have or know of any <u>photographs,</u> motion pictures, maps, plats drawings, diagrams, videotapes, or other tangible or documentary evidence concerning any of the events, happenings, scene of the wreck, or the condition of any vehicle (or any part thereof involved in the wreck either before or after the event alleged in this action? If so, identify:

        a.    each tangible item's specific subject matter;

        b.    the date it was made or taken;

        c.    the name and address of the person making or taking it;

        d.    what each item purports to show, illustrate or represent; and

        e.    the name and address of each person having custody of such item or items.

    **ANSWER:**

## COMPARATIVE FAULT

    **INTERROGATORY NO. 13:**   If you contend that anyone other than a named Defendant has any responsibility of any kind for the wreck, and/or for any of the damages alleged in the Plaintiff's Complaint:

        a.    identify each such person and or entity;

        b.    describe in detail the basis for their responsibility;

        c.    identify all person(s) who have any knowledge regarding this issue; and

        d.    identify each document which supports your contention.

    **ANSWER:**

## LITIGATION / EXPERT INFORMATION

    **INTERROGATORY NO. 14:**   If you or anyone acting on your behalf obtained <u>statements</u> <u>or physical evidence</u> **in any form** from any person regarding the present wreck, the Plaintiff and/ his past medical care, including statements by the Plaintiff, state with respect to <u>each</u> such

10

statement and piece of physical evidence:

    a.    The name, address and telephone number of the person making the statement or obtaining the evidence;

    b.    the name and address of the person(s) to whom such statement was made or evidence provided;

    c.    the date the statement was made, given, or taken or evidence obtained;

    d.    the form of the statement (e.g., written, recorded, transcribed, etc.) or evidence;

    e.    if the statement was written, whether it was signed; and

    f.    the names and addresses of all persons presently having custody of the statement or evidence.

**ANSWER:**

**INTERROGATORY NO. 15:** State the name, address, occupational title, and present whereabouts of each person whom you expect to call as an expert witness at the trial of this case, and with respect thereto, state the following:

    a.    The subject matter on which the expert is expected to testify;

    b.    The substance of the facts and opinions to which the expert is expected to testify;

    c.    A summary of the grounds for each opinion to which the expert is expected to testify; and

    d.    Whether any reports or other written materials or letters have been generated by such expert for this case.

    e.    Identify all documents provided to the expert.

**ANSWER:**

**INTERROGATORY NO. 16:** Only if you allege any defense to this action based on jurisdiction, venue, issuance of process, process itself, or service of process, as to each such defense, state:

    a.    each and every fact upon which you rely in asserting such defense;

    b.    provide a complete description of all documents which you contend support the assertions of the said defense;

    c.    the name and address of all persons having custody and control of the documents

11

        described in (b) above; and

    d.    provide the full and complete legal addresses of this Defendant's registered offi
        and agent.

**ANSWER:**


**INTERROGATORY NO. 17:** <u>Witnesses:</u> State the name, address, home phone numbe
office phone number, and address of employment for each and every person, firm, or entity wl
you, your representatives, or your agents are aware:

    a.    witnessed the wreck described in the Complaint;

    b.    arrived at the scene of the wreck within seventy-two (72) hours after it occurred;

    c.    has or who claims to have knowledge of liability in this action.

    d.    has or who claims to have knowledge of damages in this action.

**ANSWER:**


**INTERROGATORY NO. 18:** If you, your attorney or any representative or agent of you
conducted any sound, photographic, motion picture film, video, digital, personal sight or any oth
type of <u>surveillance</u> of the Plaintiff(s), state:

    a.    Identify by whom (name and address of company of each and every individual);
    b.    The date(s) of such surveillance;
    c.    The total time(s) of such surveillance listed by date, location, method of surveillanc
        time first started and time ended;
    d.    The total time(s) of all recorded surveillance by date, location, method
        surveillance, time first started and time ended;
    e.    The total time(s) of all recorded surveillance deleted, erased, or not saved by da
        location, method of surveillance, time first started and time ended
    f.    A summary of what such surveillance reveals.

**ANSWER:**


**INTERROGATORY NO. 19:** If you <u>denied any request for admission</u> served upon yo
state:

    a.    The facts upon which you relied to deny the admissions;

    b.    The identity and location of any person having knowledge of those facts;

    c.    Identify each document which supports your denial.

**ANSWER:**

## INSURANCE

**INTERROGATORY NO. 20:** For each <u>insurance policy</u> of any kind (to specifically include excess policies) that does or may provide any coverage on behalf of any Defendant (whether it is your policy or anyone else's policy) for damages/injuries alleged in this case, provide: name of insurer; policy number; limits of coverage; the name(s) of all insureds; and state whether any insurer has offered a defense under a reservation of rights or otherwise contested coverage for the subject case.

**ANSWER:**

This 29th day of December, 2022.

*/s/ Shawn T. Richardson*
GA Bar 603999
Ashley Bacon-Brown
GA Bar 154698
Attorneys for Plaintiff

Kaila & Solomon Law Group, LLC
d/b/a Guardian Law Group
200 Sandy Springs PL NE Suite 300
Atlanta, GA 30328
shawn@myguardianlaw.com
ashley@myguardianlaw.com
404-255-9000 (Tel.)
770-462-3349 (Fax)

13

## VERIFICATION

Representative of (COMPANY)

Printed Name

Title

Address

Telephone Number

STATE OF _____ )
COUNTY OF _____ )

Before me, _____, of the State and County aforesaid, appear
_____, with whom I am personally acquainted or proved to me up
sufficient information and who upon oath acknowledged himself/herself to be t
_____ of (COMPANY), the within named bargain or or corporation and that he/s
as such _____, being authorized to do so, executed the foregoing Responses
Interrogatories for the purposes therein contained by signing the name of the corporation l
himself/herself as the _____.

Witness hand and official seal at office in _____, _____
County, _____, this _____ day of _____, 20__.

_____
Notary Public

My Commission Expires: _____

14

State Court of Fulton County
**E-FILED**
23EV000012
12/29/2022 2:39 PM
Donald Talley, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

RONALD SPARKS

                      Plaintiff,

v.

CHRISTOPHER WOODYARD

R. W. STEVENS, INC. and

OWNERS INSURANCE COMPANY

                      Defendants.

CIVIL ACTION

FILE NO.: _____

## PLAINTIFF'S FIRST INTERROGATORIES AND REQUEST
## FOR PRODUCTION OF DOCUMENTS TO DEFENDANT WOODYARD

Plaintiff, pursuant to O.C.G.A. §§ 9-11-33 and 9-11-34, submits herewith to the Defendant the following interrogatories and request for production of documents.

The within interrogatories and request for production of documents are continuing and require supplemental response upon the discovery of other or further information or documents pertinent thereto.

In answering the following interrogatories, the defendant is required to give full and complete information based upon the knowledge, information and belief of all agents, employees, investigators, adjusters, attorneys and insurers of said defendant.

1.

State the name and address of any person, including any party, who, to your knowledge, information or belief:

(a)     Was an eyewitness to the incident complained of in this action;

(b)     Has some knowledge of any fact or circumstance upon which your defense is based;

(c)     Has conducted any investigation relating to the incident complained of or the background, employment, medical history or activities of the plaintiff.

2.

To your knowledge, information or belief, has any person identified in answering the preceding interrogatory given any statement or report in connection with this action?  If so, describe such statement or report and give the name and address of the person having custody and control thereof.

3.

Please produce all such statements or reports identified in response to the preceding interrogatory.

4.

Please state the current address and employer, date of birth, Social Security number and driver's license number of defendant.

5.

To your knowledge, information or belief, are there any videotapes, photographs, plats or drawings of the scene of the incident referred to in the complaint, the vehicles or the plaintiff?  If so, please describe such videotapes, photographs, plats or drawings and give the name and address of the person having custody and control thereof.

6.

Please produce all such videotapes, photographs, plats or drawings identified in response to the preceding interrogatory.

7.

Has any entity issued a policy of liability insurance to the defendant?  If so, state the names of all insurers providing liability insurance and give the limits of coverage of each such policy.

8.

Please produce each and every policy of insurance identified in response to the preceding Interrogatory.

9.

Has any insurer referred to above denied coverage or reserved its right to later deny coverage under any such policy of liability insurance?  If so, please explain.

10.

Do you contend that Plaintiff was negligent in any way with respect to the collision?  If so please set forth each and every fact on which such contention is based.

11.

If you intend to call any expert or technician as a witness at the trial of this action, state the subject matter on which he is expected to testify and state in detail the opinions held by each such expert or technician and give a complete summary of the grounds for each opinion held.

12.

Please produce any videotape, photograph, report, data, memoranda, handwritten notes or other document reviewed by or generated by an individual identified in response to the preceding interrogatory.

13.

Please produce any documents obtained through a request for production of documents or subpoena.

14.

In regard to any document that has not been produced on grounds of privilege, please state the following:

(a)      The date each document was generated;

(b)      The person generating each document;

(c)      The present custodian of each document;

(d)      A description of each document.

15.

Please produce any medical records, videotapes, photographs, or other evidence concerning, referencing or depicting plaintiff.

16.

Was the defendant on the business of any individual or entity at the time of the accident? If so, please identify any such individual or entity including name, address and telephone number.

17.

State the point of origin, destination and reason for the trip being made by the defendant at the time of the incident referred to in the complaint.

18.

Please identify all automobile accidents and moving violations for the defendant prior to and subsequent to the incident referred to in the complaint, including the date of the event, the location, the jurisdiction and a description of the event.

19.

Please produce a copy of the defendant's driver's license.

20.

Please identify the cellphone number and service provider for all cellphones owned, used or operated by the defendant on the date of the incident.

21.

Please produce copies of cellphone records showing incoming and outgoing calls, texts and messages for the date of the incident.

22.

If the defendant has ever been convicted of any crime, please identify the date of the offense, the jurisdiction and a description of the offense.

23.

Please state in detail the factual basis for each defense you have raised in your answer to the complaint.

24.

Please identify all alcohol, prescription drugs and street drugs consumed by the Defendant during the 48 hours preceding the accident and state the time each was consumed and in what amount.

This 29th day of December, 2022.

/s/ Shawn T. Richardson
Shawn T. Richardson
GA Bar 603999
Ashley Bacon-Brown
GA Bar 154698
Attorneys for Plaintiff

Kaila & Solomon Law Group, LLC
d/b/a Guardian Law Group
200 Sandy Springs PL NE Suite 300
Atlanta, GA 30328
shawn@myguardianlaw.com
ashley@myguardianlaw.com
404-255-9000 (Tel.)
770-462-3349 (Fax)

State Court of Fulton County
**E-FILED**
23EV000012
1/31/2023 5:00 PM
Donald Talley, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

Ronald Sparks,                              )
                                            )
                    Plaintiff,              )
v.                                          )
                                            )          No. 23EV000012
Christopher Woodyard                        )
R.W. Stevens, Inc. and                      )
Owners Insurance Company                    )
                                            )
                    Defendants.             )
_____       )

## ANSWER

Owners Insurance Company ("Owners") hereby answers the Complaint and shows the

Court, the following:

### FIRST AFFIRMATIVE DEFENSE

Owners' obligations and potential liability, if any, in this case are limited by the case law

interpreting the Georgia Direct Action Statutes. Thus, Owners asserts all available affirmative

defenses based upon the doctrines of contractual liability to third parties and the impropriety of a

double recovery.

### SECOND AFFIRMATIVE DEFENSE

No act or omission of any defendant either proximately caused or contributed to whatever

damage the Plaintiff may have sustained, if any, on account thereof, and Plaintiff is not entitled

to recover any sum against Owners.

### THIRD AFFIRMATIVE DEFENSE

To the extent shown by discovery, Owners asserts the affirmative defenses set forth in

O.C.G.A. § 9-11-8(c).

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint should be dismissed as it fails to properly plead facts upon which

the Court's venue depends pursuant to O.C.G.A. 9-11-8(2).

## FIFTH AFFIRMATIVE DEFENSE

Owners raises the defense of insufficiency of service of process.

Owners, responding further, hereby answers the specific paragraphs of Plaintiff's

Complaint, as follows:

## PARTIES AND JURISDICTION

### 1.

Owners lacks sufficient knowledge to admit or deny paragraph 1 of Plaintiff's Complaint.

Therefore, the allegations contained in the paragraph are denied.

### 2.

Owners admits that Defendant Woodyard is a citizen of Alabama. Owners lacks

sufficient knowledge to admit or deny the remainder paragraph 2 of Plaintiff's Complaint.

Therefore, the allegations contained in the paragraph are denied.

### 3.

Owners admits that Defendant R.W. Stevens, Inc. is a citizen of Alabama. Owners admits

the remainder of paragraph 3.

### 4.

Owners admits that it is a Michigan Corporation with its principal place of business in

Michigan. lacks sufficient knowledge to admit or deny paragraph 4 of Plaintiff's Complaint.

Therefore, the allegations contained in the paragraph are denied. Owners admits that Plaintiff's

Complaint correctly identifies its Registered Agent. Owners admits that Plaintiff's complaint

asserts a cause of action against Owners under O.C.G.A. § 46-7-12.

Owners lacks sufficient knowledge to admit or deny paragraph 5 of Plaintiff's Complaint. Therefore, the allegations contained in the paragraph are denied.

## BACKGROUND

**6.**

Owners lacks sufficient knowledge to admit or deny paragraph 6 of Plaintiff's Complaint. Therefore, the allegations contained in the paragraph are denied.

**7.**

Admitted only that the police accident report shows the Defendant Woodyard was cited by the responding police officer for an accident that occurred in July of 2021.

**8.**

Owners lacks sufficient knowledge to admit or deny paragraph 8 of Plaintiff's Complaint. Therefore, the allegations contained in the paragraph are denied.

## COUNT I

## NEGLIGENCE OF WOODYARD

**9.**

Owners re-alleges and incorporates by reference paragraphs 1 through 8 above as if it were stated herein.

**10.**

The allegations of this Paragraph pertain to a separate party and not to Owners, so no response is required. To the extent that a response is required, Owners lacks sufficient knowledge to admit or deny paragraph 10 of Plaintiff's Complaint. Therefore, the allegations contained in the paragraph are denied.

**11.**

The allegations of this Paragraph pertain to a separate party and not to Owners, so no response is required. To the extent that a response is required, Owners lacks sufficient knowledge to admit or deny paragraph 11 of Plaintiff's Complaint. Therefore, the allegations contained in the paragraph are denied.

**12.**

The allegations of this Paragraph pertain to a separate party and not to Owners, so no response is required. To the extent that a response is required, Owners lacks sufficient knowledge to admit or deny paragraph 12 of Plaintiff's Complaint. Therefore, the allegations contained in the paragraph are denied.

**13.**

The allegations of this Paragraph pertain to a separate party and not to Owners, so no response is required. To the extent that a response is required, Owners lacks sufficient knowledge to admit or deny paragraph 13 of Plaintiff's Complaint. Therefore, the allegations contained in the paragraph are denied.

## <u>COUNT II:</u>
## <u>VICARIOUS LIABILITY OF R.W. STEVENS</u>

**14.**

Owners re-alleges and incorporates by reference paragraphs 1 through 13 above as if it were stated herein.

**15.**

The allegations of this Paragraph pertain to a separate party and not to Owners, so no response is required. To the extent that a response is required, Owners lacks sufficient knowledge to admit or deny paragraph 15 of Plaintiff's Complaint. Therefore, the allegations contained in the paragraph are denied.

**16.**

The allegations of this Paragraph pertain to a separate party and not to Owners, so no response is required. To the extent that a response is required, Owners lacks sufficient knowledge to admit or deny paragraph 16 of Plaintiff's Complaint. Therefore, the allegations contained in the paragraph are denied.

**COUNT III:**
**NEGLIGENT HIRING TRAINING AND SUPERVISION OF R.W. STEVENS**

**17.**

Owners re-alleges and incorporates by reference paragraphs 1 through 16 above as if it were stated herein.

**18.**

The allegations of this Paragraph pertain to a separate party and not to Owners, so no response is required. To the extent that a response is required, Owners lacks sufficient knowledge to admit or deny paragraph 18 of Plaintiff's Complaint. Therefore, the allegations contained in the paragraph are denied.

**19.**

The allegations of this Paragraph pertain to a separate party and not to Owners, so no response is required. To the extent that a response is required, Owners lacks sufficient knowledge to admit or deny paragraph 19 of Plaintiff's Complaint. Therefore, the allegations contained in the paragraph are denied.

**20.**

The allegations of this Paragraph pertain to a separate party and not to Owners, so no response is required. To the extent that a response is required, Owners lacks sufficient knowledge to admit or deny paragraph 20 of Plaintiff's Complaint. Therefore, the allegations

contained in the paragraph are denied.

### 21.

The allegations of this Paragraph pertain to a separate party and not to Owners, so no response is required. To the extent that a response is required, Owners lacks sufficient knowledge to admit or deny paragraph 21 of Plaintiff's Complaint. Therefore, the allegations contained in the paragraph are denied.

### COUNT III:
### DIRECT ACTION AGAINST OWNERS INSURANCE COMPANY

### 22.

Owners re-alleges and incorporates by reference paragraphs 1 through 21 above as if it were stated herein.

### 23.

Admitted.

### 24.

Admitted that Owners issued a policy to R.W. Stevens, Inc. The remainder of paragraph 24 is denied, as pled.

### 25.

Denied, as pled.

### 26.

Denied, as pled.

### COUNT V:
### DAMAGES

### 27.

Owners re-alleges and incorporates by reference paragraphs 1 through 26 above as if it

were stated herein.

**28.**

Owners states that it lacks sufficient knowledge to admit or deny paragraph 28 of Plaintiff's Complaint. Therefore, the allegations contained in the paragraph are denied.

**29.**

Owners states that it lacks sufficient knowledge to admit or deny paragraph 29 of Plaintiff's Complaint. Therefore, the allegations contained in the paragraph are denied.

**30.**

Owners states that it lacks sufficient knowledge to admit or deny paragraph 30 of Plaintiff's Complaint. Therefore, the allegations contained in the paragraph are denied.

**31.**

Owners states that it lacks sufficient knowledge to admit or deny paragraph 31 of Plaintiff's Complaint. Therefore, the allegations contained in the paragraph are denied.

**WHEREFORE,** Owners denies all allegations contained in Plaintiff's Complaint which have not been responded to in this Answer. Owners further denies Plaintiff's prayer for relief and entitlement to recovery, which follow paragraph 31 of Plaintiff's Complaint.

## OWNERS' REQUESTS TRIAL BY A JURY OF TWELVE JURORS ON ALL ISSUES NOT SUBJECT TO SUMMARY ADJUDICATION

Having fully answered, Owners prays that it be discharged from all liability, and also requests a trial by a jury of twelve for all issues not subject to summary adjudication.

Respectfully submitted this 30TH day of January, 2023.

[Signature Page Follows]

_____/s/ Zachary S. Lewis_____

Zachary S. Lewis
Georgia Bar No. 689146
*Attorney for Defendant*

Bovis, Kyle, Burch & Medlin, LLC
200 Ashford Center North, Suite 500
Atlanta,  GA  30338-2668
Telephone:  770-391-9100
zlewis@bovisklyle.com

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| Ronald Sparks, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | )   No. 23EV000012 |
| Christopher Woodyard | ) |
| R.W. Stevens, Inc. and | ) |
| Owners Insurance Company | ) |
| | ) |
| Defendants. | ) |
| | ) |

## CERTIFICATE OF SERVICE

I hereby certify that I have served all counsel of record via the Court's electronic filing system with the foregoing pleading.

Respectfully submitted this 30th day of January, 2023.

/s/ Zachary S. Lewis
Zachary S. Lewis
Georgia Bar No. 689146
*Attorney for Defendant*

Bovis, Kyle, Burch & Medlin, LLC
200 Ashford Center North, Suite 500
Atlanta, GA 30338-2668
Telephone: 770-391-9100
zlewis@bovisklyle.com

State Court of Fulton County
**E-FILED**
23EV000012
1/31/2023 5:00 PM
Donald Talley, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

Ronald Sparks,                                          )
                                                       )
          Plaintiff,                                )
                                                       )
v.                                                     )
                                                       )          No. 23EV000012
                                                       )
Christopher Woodyard                                   )
R.W. Stevens, Inc. and                                 )
Owners Insurance Company                               )
                                                       )
          Defendants.                               )
_____)

### ANSWER

Christopher Woodyard ("Defendant") hereby answers the Complaint and shows the Court,

the following:

### FIRST AFFIRMATIVE DEFENSE

No act or omission of any defendant either proximately caused or contributed to whatever

damage the Plaintiff may have sustained, if any, on account thereof, and Plaintiff is not entitled to

recover any sum against Defendants.

### SECOND AFFIRMATIVE DEFENSE

To the extent shown by discovery, Defendants assert the affirmative defenses set forth in

O.C.G.A. § 9-11-8(c).

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint should be dismissed as it fails to properly plead facts upon which

the Court's venue depends pursuant to O.C.G.A. 9-11-8(2).

### FOURTH AFFIRMATIVE DEFENSE

This Defendant asserts a defense of insufficient service of process.

Defendant, responding further, hereby answer the specific paragraphs of Plaintiff's

Complaint, as follows:

## PARTIES AND JURISDICTION

### 1.

Defendant lacks sufficient knowledge to admit or deny paragraph 1 of Plaintiff's Complaint. Therefore, the allegations contained in the paragraph are denied.

### 2.

Admitted.

### 3.

Admitted.

### 4.

Owners Insurance Company is an Ohio Corporation with its principal place of business in Michigan. Defendant lacks sufficient knowledge to admit or deny paragraph 4 of Plaintiff's Complaint. Therefore, the allegations contained in the paragraph are denied.

### 5

Defendant lacks sufficient knowledge to admit or deny paragraph 5 of Plaintiff's Complaint. Therefore, the allegations contained in the paragraph are denied.

## BACKGROUND

### 6.

Denied.

### 7.

Denied.

### 8.

Denied.

## COUNT I

## NEGLIGENCE OF WOODYARD

### 9.

Defendant re-alleges and incorporates by reference paragraphs 1 through 8 above as if it were stated herein.

### 10.

Denied.

### 11.

Admitted that Defendant caused the July 27, 2021 wreck, but denied that any wreck occurred in December of 2021 involving the Plaintiff and Defendant Woodyard. The remainder of paragraph 11 is, therefore, denied.

### 12.

Denied.

### 13.

Defendants lack sufficient knowledge to admit or deny paragraph 13 of Plaintiff's Complaint. Therefore, the allegations contained in the paragraph are denied.

## COUNT II:
## VICARIOUS LIABILITY OF R.W. STEVENS

### 14.

Defendants re-allege and incorporates by reference paragraphs 1 through 13 above as if it were stated herein.

### 15.

Admitted that Defendant was acting within the course and scope of his employment at the time of the July 27, 2021 wreck, but denied that any wreck occurred in December of 2021 involving the Plaintiff and Defendant Woodyard. The remainder of paragraph 15 is, therefore,

denied.

**16.**

Admitted that Defendant was acting within the course and scope of his employment at the time of the July 27, 2021 wreck, but denied that any wreck occurred in December of 2021 involving the Plaintiff and Defendant Woodyard. The remainder of paragraph 16 is, therefore, denied.

**COUNT III:**
**NEGLIGENT HIRING TRAINING AND SUPERVISION OF R.W. STEVENS**

**17.**

Defendants re-allege and incorporates by reference paragraphs 1 through 16 above as if it were stated herein.

**18.**

Denied.

**19.**

Denied.

**20.**

Denied.

**21.**

Denied.

**COUNT III:**
**DIRECT ACTION AGAINST OWNERS INSURANCE COMPANY**

**22.**

The allegations of paragraph 22 pertain to another party, therefore no response is required.

**23.**

The allegations of paragraph 23 pertain to another party, therefore no response is required.

### 24.

The allegations of paragraph 24 pertain to another party, therefore no response is required.

### 25.

The allegations of paragraph 25 pertain to another party, therefore no response is required.

### 26.

The allegations of paragraph 26 pertain to another party, therefore no response is required.

### <u>COUNT V:</u><br><u>DAMAGES</u>

### 27.

Defendants re-alleges and incorporates by reference paragraphs 1 through 26 above as if it were stated herein.

### 28.

Denied.

### 29.

Denied.

### 30.

Denied.

### 31.

Denied.

**WHEREFORE,** Defendant admits all allegations contained in Plaintiff's Complaint which have not been responded to in this Answer. Defendant further denies Plaintiff's prayer for relief and entitlement to recovery, which follow paragraph 31 of Plaintiff's Complaint.

### DEFENDANT'S REQUESTS TRIAL BY A JURY OF TWELVE JURORS ON ALL ISSUES NOT SUBJECT TO SUMMARY ADJUDICATION

Having fully answered, Defendant prays that he be discharged from all liability, and also requests a trial by a jury of twelve for all issues not subject to summary adjudication.

Respectfully submitted this 31st day of January, 2023.

        /s/ Zachary S. Lewis
        Zachary S. Lewis
        Georgia Bar No. 689146
        *Attorney for Defendant*

Bovis, Kyle, Burch & Medlin, LLC
200 Ashford Center North, Suite 500
Atlanta,  GA  30338-2668
Telephone:  770-391-9100
zlewis@bovisklyle.com

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| Ronald Sparks, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | No. 23EV000012 |
| Christopher Woodyard | ) | |
| R.W. Stevens, Inc. and | ) | |
| Owners Insurance Company | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have served all counsel of record via the Court's electronic filing system with the foregoing pleading.

Respectfully submitted this 31st day of January, 2023.

<u>/s/ Zachary S. Lewis</u>
Zachary S. Lewis
Georgia Bar No. 689146
*Attorney for Defendants*

Bovis, Kyle, Burch & Medlin, LLC
200 Ashford Center North, Suite 500
Atlanta,  GA  30338-2668
Telephone:  770-391-9100
zlewis@bovisklyle.com

State Court of Fulton County
**E-FILED**
23EV000012
1/31/2023 5:00 PM
Donald Talley, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| Ronald Sparks, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | )   No. 23EV000012 |
| Christopher Woodyard | ) |
| R.W. Stevens, Inc. and | ) |
| Owners Insurance Company | ) |
| | ) |
| Defendants. | ) |

## ANSWER

R.W. Stevens, Inc. ("Defendant") hereby answers the Complaint and shows the Court, the following:

### FIRST AFFIRMATIVE DEFENSE

No act or omission of any defendant either proximately caused or contributed to whatever damage the Plaintiff may have sustained, if any, on account thereof, and Plaintiff is not entitled to recover any sum against Defendants.

### SECOND AFFIRMATIVE DEFENSE

To the extent shown by discovery, Defendants assert the affirmative defenses set forth in O.C.G.A. § 9-11-8(c).

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint should be dismissed as it fails to properly plead facts upon which the Court's venue depends pursuant to O.C.G.A. 9-11-8(2).

Defendant, responding further, hereby answer the specific paragraphs of Plaintiff's Complaint, as follows:

## PARTIES AND JURISDICTION

### 1.

Defendant lacks sufficient knowledge to admit or deny paragraph 1 of Plaintiff's Complaint. Therefore, the allegations contained in the paragraph are denied.

### 2.

Admitted.

### 3.

Admitted.

### 4.

Owners Insurance Company is an Ohio Corporation with its principal place of business in Michigan. Defendant lacks sufficient knowledge to admit or deny paragraph 4 of Plaintiff's Complaint. Therefore, the allegations contained in the paragraph are denied.

### 5

Defendant lacks sufficient knowledge to admit or deny paragraph 5 of Plaintiff's Complaint. Therefore, the allegations contained in the paragraph are denied.

## BACKGROUND

### 6.

Denied.

### 7.

Denied.

### 8.

Denied.

## COUNT I

## NEGLIGENCE OF WOODYARD

### 9.

Defendant re-alleges and incorporates by reference paragraphs 1 through 8 above as if it were stated herein.

### 10.

Denied.

### 11.

Admitted that Defendant Woodyard caused the July 27, 2021 wreck, but denied that any wreck occurred in December of 2021 involving the Plaintiff and Defendant Woodyard. The remainder of paragraph 11 is, therefore, denied.

### 12.

Denied.

### 13.

Defendants lack sufficient knowledge to admit or deny paragraph 13 of Plaintiff's Complaint. Therefore, the allegations contained in the paragraph are denied.

## COUNT II:
## VICARIOUS LIABILITY OF R.W. STEVENS

### 14.

Defendants re-allege and incorporates by reference paragraphs 1 through 13 above as if it were stated herein.

### 15.

Admitted that Defendant Woodyard was acting within the course and scope of his employment at the time of the July 27, 2021 wreck, but denied that any wreck occurred in

December of 2021 involving the Plaintiff and Defendant Woodyard. The remainder of paragraph 15 is, therefore, denied.

**16.**

Admitted that Defendant Woodyard was acting within the course and scope of his employment at the time of the July 27, 2021 wreck, but denied that any wreck occurred in December of 2021 involving the Plaintiff and Defendant Woodyard. The remainder of paragraph 16 is, therefore, denied.

## COUNT III:
## NEGLIGENT HIRING TRAINING AND SUPERVISION OF R.W. STEVENS

**17.**

Defendants re-allege and incorporates by reference paragraphs 1 through 16 above as if it were stated herein.

**18.**

Denied.

**19.**

Denied.

**20.**

Denied.

**21.**

Denied.

## COUNT III:
## DIRECT ACTION AGAINST OWNERS INSURANCE COMPANY

**22.**

The allegations of paragraph 22 pertain to another party, therefore no response is required.

**23.**

The allegations of paragraph 23 pertain to another party, therefore no response is required.

**24.**

The allegations of paragraph 24 pertain to another party, therefore no response is required.

**25.**

The allegations of paragraph 25 pertain to another party, therefore no response is required.

**26.**

The allegations of paragraph 26 pertain to another party, therefore no response is required.

**<u>COUNT V:</u>**
**<u>DAMAGES</u>**

**27.**

Defendants re-alleges and incorporates by reference paragraphs 1 through 26 above as if it were stated herein.

**28.**

Denied.

**29.**

Denied.

**30.**

Denied.

**31.**

Denied.

**WHEREFORE,** Defendant admits all allegations contained in Plaintiff's Complaint which have not been responded to in this Answer. Defendant further denies Plaintiff's prayer for relief and entitlement to recovery, which follow paragraph 31 of Plaintiff's Complaint.

## <u>DEFENDANT'S REQUESTS TRIAL BY A JURY OF TWELVE JURORS ON ALL ISSUES NOT SUBJECT TO SUMMARY ADJUDICATION</u>

Having fully answered, Defendant prays that it be discharged from all liability, and also requests a trial by a jury of twelve for all issues not subject to summary adjudication.

Respectfully submitted this 31st day of January, 2023.


_____/s/ Zachary S. Lewis_____
Zachary S. Lewis
Georgia Bar No. 689146
*Attorney for Defendant*


Bovis, Kyle, Burch & Medlin, LLC
200 Ashford Center North, Suite 500
Atlanta,  GA  30338-2668
Telephone:  770-391-9100
zlewis@bovisklyle.com

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| Ronald Sparks, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) No. 23EV000012 |
| Christopher Woodyard | ) |
| R.W. Stevens, Inc. and | ) |
| Owners Insurance Company | ) |
| | ) |
| Defendants. | ) |
| | ) |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have served all counsel of record via the Court's electronic filing system with the foregoing pleading.

Respectfully submitted this 31st day of January, 2023.


<u>/s/ Zachary S. Lewis    </u>
Zachary S. Lewis
Georgia Bar No. 689146
*Attorney for Defendants*


Bovis, Kyle, Burch & Medlin, LLC
200 Ashford Center North, Suite 500
Atlanta,  GA  30338-2668
Telephone:  770-391-9100
zlewis@bovisklyle.com

State Court of Fulton County
**E-FILED**
23EV000012
2/1/2023 1:22 PM
Donald Talley, Clerk
Civil Division

# IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| Ronald Sparks, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | No. 23EV000012 |
| Christopher Woodyard | ) | |
| R.W. Stevens, Inc. and | ) | |
| Owners Insurance Company | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## Notice of Removal To Federal Court

R.W. Stevens, Inc. hereby provides notice to all counsel of record that it is removing this

lawsuit to the United States District Court for the Northern District of Georgia.

Respectfully submitted this 1st day of February, 2023.


_____/s/ Zachary S. Lewis_____
Zachary S. Lewis
Georgia Bar No. 689146
*Attorney for Defendant*

Bovis, Kyle, Burch & Medlin, LLC
200 Ashford Center North, Suite 500
Atlanta,  GA  30338-2668
Telephone:  770-391-9100
zlewis@bovisklyle.com

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

Ronald Sparks,                )
                                   )
              Plaintiff,     )
v.                             )
                                   )     No. 23EV000012
Christopher Woodyard     )
R.W. Stevens, Inc. and       )
Owners Insurance Company   )
                                   )
             Defendants.    )
                                   )

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have served all counsel of record via the Court's electronic filing system with the foregoing pleading.

Respectfully submitted this 1st day of February, 2023.

<u>/s/ Zachary S. Lewis   </u>
Zachary S. Lewis
Georgia Bar No. 689146
*Attorney for Defendants*

Bovis, Kyle, Burch & Medlin, LLC
200 Ashford Center North, Suite 500
Atlanta,  GA  30338-2668
Telephone:  770-391-9100
zlewis@bovisklyle.com