IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TERRENCE WILLIAMS,<br><br>   Plaintiff,<br><br>CARRINGTON HOME MORTGAGE, LLC, AND JP MORGAN CHASE BANK, N.A.<br><br>   Defendants. | :<br>:<br>:<br>:   Civil Action No.:_____<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## NOTICE OF REMOVAL

TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA.

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Carrington Mortgage Services, LLC ("Carrington") and JP Morgan Chase Bank, N.A. ("Chase") (collectively, "Defendants"), by counsel, hereby remove this action from the Superior Court of Gwinnett County to this Court to the United States District Court for the Northern District of Georgia, Atlanta Division. Removal is based on the grounds that diversity jurisdiction exists over this action, as there is complete diversity between the parties, and the amount in controversy exceeds $75,000. Accordingly, Defendants remove this action and in support of their Notice of Removal state the following:

143215905

1

## FACTUAL BACKGROUND

1. On November 10, 2022, Plaintiff Terrence Williams filed a Complaint in the Superior Court of Gwinnett County, Georgia, File No. 22-A-09727-6. Under 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Defendants in this action are attached hereto as **Exhibit A**.

2. On January 3, 2023, the presiding Gwinnett County Superior Court Judge entered a Notice of In-Person Hearing. Carrington received a copy of this Notice from the Court on January 10, 2023. Receipt of this Notice marks the first point in time in which Defendants learned of the present case.

3. Counsel for Defendants reviewed the docket for File No. 22-A-09727 and discovered additional filings by Plaintiff, including a Summons and Complaint, Motion for Default Judgment, Affidavit for Default Judgment, and Motion for Temporary Restraining Order. The state court docket also contains an Affidavit of Service of the Summons and Complaint on Carrington and an Affidavit of Service of the Summons and Complaint on Chase, both alleging that Defendants were served on November 11, 2022, and both filed by Plaintiff on December 19, 2022. Plaintiff did not file proof of service or even a certificate of service for any of the additional filings. The filings Defendants discovered upon review of the state court docket are attached hereto as **Exhibit B**.

143215905

4. Despite the Affidavits of Service filed by Plaintiff, neither Carrington nor Chase received service of the Summons and Complaint. *See* **Exhibit C** and **Exhibit D**.

5. Defendants file this Notice of Removal within thirty (30) days of their first notice of this case, i.e., receipt of service of the Notice of In-Person Hearing on January 10, 2023. *See* 28 U.S.C. § 1446(b).

6. Defendants also file this Notice of Removal within one (1) year of the date of the commencement of the action for removal purposes. Accordingly, the action is timely removed pursuant to 28 U.S.C. § 1446(c)(1).

7. Plaintiff's Complaint asserts claims for "lack of standing/not holder in due course," "recordation of forged/fraudulent documents," "attempted wrongful foreclosure," and "equitable relief," and alleges that "Defendants are liable to Plaintiff in an amount not less than $500,000 and up to $2,000,000 for each and every violation." *See generally* Compl.

**DIVERSITY JURISDICTION**

8. This Court has original jurisdiction over the Plaintiff's claims under 28 U.S.C. § 1332, which states that diversity jurisdiction is appropriately exercised over "all civil actions where the matter in controversy exceeds the sum or value of

$75,000.00 . . . and is between . . . citizens of different States . . . ." 28 U.S.C. § 1332(a).

## A. There is Complete Diversity Among All Parties

9. There is complete diversity of citizenship among all parties.

10. Plaintiff Terrence Williams is a resident and citizen of Gwinnett County, Georgia. Compl. ¶ 19. Therefore, Defendants must all be citizens of states other than Georgia.

11. Carrington is a Delaware limited liability company with its principal place of business in Anaheim, California. The citizenship of all its members determines the citizenship of a limited liability company. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) ("[A] limited liability company is a citizen of any state of which a member of the company is a citizen.") Carrington Mortgage Services, LLC's members are (1) Carrington Holding Company, LLC, and (2) Carrington Investment Partners, L.P. Carrington Holding Company, LLC is a Delaware limited liability company with its principal place of business in Greenwich, Connecticut, whose sole member is The Carrington Companies, LLC. The Carrington Companies, LLC is a Delaware limited liability company with its principal place of business in Greenwich, Connecticut. The Carrington Companies, LLC's members are two private individuals who are not

citizens of the State of Georgia. Carrington Mortgage Services, LLC's second member, Carrington Investment Partners, L.P., is a Delaware limited partnership with its principal place of business in Greenwich, Connecticut, whose general partner is Carrington Capital Management, LLC. Carrington Capital Management, LLC is a Delaware limited liability company with its principal place of business in Greenwich, Connecticut, whose members are Carrington Holding Company, LLC, and a private individual. The private individual is not a citizen of the State of Georgia. Accordingly, Carrington is not a citizen of the State of Georgia for purposes of determining diversity jurisdiction. 28 U.S.C. § 1332(c).

12. Chase is a national banking association with its principal place of business in Columbus, Ohio. A national banking association is a citizen of the state where it is "located." 28 U.S.C. § 1348. For purposes of § 1348, a national bank is located in the state where it is designated to have its main office. *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307, 126 S. Ct. 941, 945, 163 L. Ed. 2d 797 (2006) ([A] national bank . . . is a citizen of the State in which its main office, as set forth in its articles of association, is located.") Accordingly, Chase is a citizen of the State of Ohio for purposes of determining diversity jurisdiction.

13. Because Plaintiff is a citizen of Georgia and Defendants are not citizens of Georgia, complete diversity exists in this case. *See* 28 U.S.C. § 1332(a)(1).

### B. The Amount-in-Controversy Exceeds $75,000

14. The Complaint meets the $75,000.00 amount-in-controversy requirement for diversity jurisdiction. "The district court shall have original jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a).

15. Plaintiff seeks damages "not less than $500,000 and up to $2,000,000 for each and every violation." Compl. at p. 22.

16. Diversity jurisdiction exists over this action because the amount in controversy, as expressed in the Complaint, exceeds $75,000 and because the parties are citizens of different states. Accordingly, this case is properly removable to this Court.

### VENUE

17. Venue is proper in this Court because this district and division encompass the Superior Court of Gwinnett County, Georgia, the forum from which the case has been removed. *See* 28 U.S.C. § 1441(a).

### NOTICE

18. Simultaneously with the filing of this Notice of Removal, Defendants are filing a copy of a Notice of Filing of Notice of Removal in the Superior Court of

Gwinnett County, Georgia, and will attach a copy of this Notice of Removal thereto, pursuant to 28 U.S.C. § 1446(d).  A copy of the Notice of Filing of Notice of Removal (without exhibits) is attached as **Exhibit E**.

19. Upon information and belief, the contents of **Exhibits A**, **B**, and **E** constitute the entire file of the action pending in the state court.

20. As of the date of this removal, Defendants have not filed a responsive pleading to the Complaint.  Defendants reserve all rights to assert any and all defenses to the Complaint.

21. Defendants reserve the right to amend or supplement this Notice of Removal.

22. If any questions arise as to the propriety of the removal of this action, Defendants request the opportunity to present a brief and argument in support of their position that this case is removable.

WHEREFORE, having met all the requirements for removal under 28 U.S.C. §§ 1441 and 1446, including the jurisdictional requirements of 28 U.S.C. § 1332, Carrington Mortgage Services, LLC and JP Morgan Chase Bank, N.A. hereby remove this action from the Superior Court of Gwinnett County to this Court to the United States District Court for the Northern District of Georgia, Atlanta Division, and seek whatever further relief this Court deems equitable and just.

143215905

Respectfully submitted, this 1st day of February, 2023.

                        By:    /s/ *Lindsay A. Fleming*
                              Lindsay A. Fleming
                              Georgia Bar No. 503940
                              TROUTMAN PEPPER HAMILTON SANDERS LLP
                              600 Peachtree Street NE, Suite 3000
                              Atlanta, GA 30308
                              Telephone:  404.885.3000
                              Facsimile:  404.885.3900
                              Email: lindsay.fleming@troutman.com
                              *Counsel for Defendants*

.

## **CERTIFICATE OF SERVICE**

I certify that on February 1, 2023, I filed the within and foregoing **Notice of Removal** using the Court's electronic filing system, which automatically sends email notification of such filing to all parties of record and via U.S. Mail, first class, postage prepaid, as addressed below:

Terrence Williams
*1455 Highland Drive
Lawrenceville, GA 30045*
***Pro Se Plaintiff***

This 1st day of February, 2023.

                                           By:   /s/ *Lindsay A. Fleming*
                                                               Lindsay A. Fleming
                                                               Georgia Bar No. 503940

143215905