# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| Mirabahn Cairobe, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Zwicker & Associates, P.C., | |
| Defendant. | **JURY TRIAL DEMAND** |

NOW COMES THE PLAINTIFF, MIRABAHN CAIROBE, THROUGH COUNSEL, WALTER YARBROUGH, ESQ., and for her Complaint against the Defendant, pleads as follows:

## JURISDICTION

1. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

## VENUE

2. The transactions and occurrences which give rise to this action occurred in the City of Hampton, Henry County, Georgia.

3. Venue is proper in the Northern District of Georgia, Atlanta Division.

## PARTIES

4. Plaintiff is a natural person residing in City of Hampton, Henry County, Georgia.

5. The Defendant to this lawsuit is Zwicker & Associates, P.C. ("Defendant") which is a foreign professional corporation that conducts business in the State of Georgia.

## GENERAL ALLEGATIONS

6. Defendant is attempting to collect a debt allegedly owed by Plaintiff to American Express Company ("AMEX") in the amount of $15,011.17 (the "alleged Debt").

7. The alleged Debt originated from an AMEX business account, but it was used for personal or household use.

8. The alleged Debt does not belong to Plaintiff as she is a victim of identity theft.

9. In December 2021, Plaintiff received a call from an AMEX representative stating that she owed an outstanding balance for an AMEX business credit line. Plaintiff explained that she does not have a business or personal credit line with AMEX, she only has a savings account. The representative stated that Plaintiff owed an outstanding balance of $15,011.17 and that the balance was due immediately. Again, Plaintiff stated to the representative

that she did not open the credit line. The representative told Plaintiff that AMEX will conduct its own internal investigation regarding the credit line and send Plaintiff the results of its investigation. Plaintiff offered to submit a police report and ID Theft Report to AMEX, but the representative told Plaintiff those documents were not necessary.

10. During the same month, Plaintiff obtained her credit disclosures from the three credit bureaus. She discovered AMEX reporting a tradeline associated with the alleged Debt on her credit files ("AMEX tradeline"). Plaintiff also discovered several other tradelines and inquiries on her credit files that did not belong to her. She immediately disputed the AMEX tradeline with the credit bureaus. She attached proof of her identification, address, and phone number with her dispute letters.

11. On February 6, 2022, Plaintiff reported the alleged Debt to the Federal Trade Commission as fraud.

12. On March 10, 2022, Plaintiff filed an Identity Theft Report with the Federal Trade Commission regarding the alleged Debt.

13. On April 3, 2022, AMEX sent Plaintiff an account statement for information purposes only showing that she owed a balance of $15,011.17 for the alleged Debt. Plaintiff noticed that AMEX listed Plaintiff's name and Cairobe Holdings, the name of Plaintiff's company, on the account statement.

Plaintiff has never opened an AMEX business credit line under her name or her company's name. AMEX also sent Plaintiff their investigation results, stating that it has concluded that the alleged Debt belongs to Plaintiff. Plaintiff contacted AMEX and reiterated that the alleged Debt does not belong to her. An AMEX representative told Plaintiff that it was nothing more it could do regarding the alleged Debt. Since AMEX could not provide Plaintiff with further assistance regarding the matter, Plaintiff retained an attorney to help.

14. On April 11, 2022, Plaintiff received Equifax's investigation results. The results showed that AMEX was no longer reporting the AMEX tradeline on her credit file.

15. On April 13, 2022, Plaintiff received Experian's investigation results. The results showed that AMEX was no longer reporting the AMEX tradeline on her credit file.

16. On April 17, 2022, Plaintiff filed a Police Report with the Clayton County Police Department regarding the alleged Debt. In her police report, she explained the events that transpired surrounding the identity theft and listed the alleged Debt as fraud.

17. On April 19, 2022, Plaintiff received Trans Union's investigation results. The results showed that AMEX was no longer reporting the AMEX tradeline on her credit file.

18. On July 3, 2022, AMEX sent Plaintiff another account statement for information purposes only showing that Plaintiff still owed a balance of $15,011.17 for the alleged Debt.

19. On July 23, 2022, Plaintiff received a collection letter from Defendant attempting to collect the alleged Debt. In the collection letter, Defendant stated Plaintiff had until September 5, 2022, to dispute all or part of the alleged Debt.

20. On August 11, 2022, Plaintiff's attorney sent a Request for Validation letter to Defendant by certified mail. In the Request for Validation letter, Plaintiff's attorney stated that the Defendant is collecting a fraudulent debt and attached a copy of Plaintiff's police report to the letter.

21. On August 15, 2022, Plaintiff's attorney received confirmation that the Request for Validation was successfully delivered to Defendant.

22. On January 16, 2023, Defendant contacted Plaintiff, even though Plaintiff is represented by an attorney, in violation of the FDCPA.

23. To date, Defendant has not provided Plaintiff or Plaintiff's attorney with validation of the alleged Debt.

24. Plaintiff has suffered pecuniary and emotional damages as a result of Defendant's actions. Plaintiff has also suffered stress, shock, anxiety, depression, nervousness, anger, frustration, crying spells, embarrassment, and humiliation due along with loss of sleep, inability to concentrate, pain, weight loss, nightmares, loss of hair, chest pains, dizziness, and grinding of the teeth due to the Defendant's failure to remedy the alleged Debt.

## **VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**

25. Plaintiff reincorporates the preceding allegations by reference.
26. At all relevant times, Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debt on behalf of other individuals or entities.
27. Plaintiff is a "consumer" for purposes of the FDCPA, and the account at issue, in this case, is a consumer debt.
28. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6). Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the FDCPA:
    a. 15 U.S.C. §1692(c) by contacting Plaintiff when it is known that Plaintiff is represented by an attorney and has knowledge of, or can readily ascertain, such attorney's name and address.

b. 15 U.S.C. §1692(e) by using false representation or deceptive means by contacting Plaintiff when it is known she is represented by an attorney and failing to provide Plaintiff validation of the alleged Debt.

c. 15 U.S.C. §1692(f) by collecting or attempting to collect an amount not permitted by law.

d. 15 U.S.C. §1692(g) by failing to provide Plaintiff with validation of the debt when Plaintiff requested validation of the debt within 30 days of receipt of the initial demand letter.

29. Plaintiff has suffered harm and damages at the hands of the Defendant as this harm was one that was specifically identified and intended to by protected against on behalf of a consumer, such as the Plaintiff, by Congress.

30. To date, and as a direct and proximate cause of the Defendant's failure to honor its statutory obligations under the FDCPA, Plaintiff has suffered stress, anxiety, depression, frustration, and many more.

31. Plaintiff has suffered economic, emotional, general, and statutory damages as a result of these violations of the FDCPA.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Defendant for actual damages, costs, interest, and attorneys' fees.

## **DEMAND FOR JUDGMENT RELIEF**

Accordingly, Plaintiff requests that the Court grant her the following relief against the Defendant:

a. Actual damages;

b. Statutory damages; and

c. Statutory costs and attorneys' fees.

## **JURY DEMAND**

Plaintiff hereby demands a trial by Jury.

DATED:  February 1, 2023

By: */s/ Walter Yarbrough*
Walter Yarbrough
GA Bar number 780353
5115 Cottage Farm Road,
Alpharetta, GA. 30022
Telephone: (404) 604-5230
Fax:  (678) 302-7257
Email:  wy@yarbrough-law.com

*Attorneys for Plaintiff,*
*Mirabahn Cairobe*