IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| TYLER LANCASTER and MILANYA TWYMAN, | : : | |
| | : | Civil Action File No. |
| Plaintiffs, | : : | |
| vs. | : : | |
| 2617 VENTURES, INC. d/b/a GRAFFITI ATLANTA and TRAVIS HARRIS | : : : : | |
| Defendants. | : | |

## COMPLAINT

Plaintiffs Tyler Lancaster ("Lancaster") and Milanya Twyman ("Twyman") (collectively "Plaintiffs") bring this Complaint against Defendants 2617 Ventures, Inc. d/b/a Graffiti Atlanta ("2617 Ventures"), Travis Harris ("Harris") (collectively referred to as "Defendants") as follows:

**INTRODUCTION**

1.

2617 Ventures failed to pay Plaintiffs minimum wages as required by the FLSA. In addition, Twyman often worked more than forty hours in a given workweek, but 2617 Ventures did not pay her overtime wages. Lastly, 2617 Ventures failed to pay Plaintiffs all tips they earned.

2.

In addition to their federal causes of action, Plaintiffs assert a pendent state law claim for breach of contract which arises out of the same set of operating facts as their federal claims.

(a) **Jurisdiction and Venue**

3.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b) and 28 U. S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

4.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because 2617 Ventures conducts business in Georgia, within this judicial district and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

(b) **The Parties**

5.

Lancaster resides in Cobb County, Georgia.

6.

2617 Ventures employed Lancaster as a server and occasionally as a bartender from approximately June 5, 2022 through August 5, 2022.

7.

At all times material hereto, Lancaster was an "employee" of 2617 Ventures within the meaning of the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

8.

Twyman resides in Fayette County, Georgia.

9.

2617 Ventures employed Twyman as a server and bartender from approximately June 19, 2022 through July 4, 2022.

10.

At all times material hereto, Twyman was an "employee" of 2617 Ventures within the meaning of the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

11.

Plaintiffs were employed by 2617 Ventures at the Graffiti Lounge located at 349 Decatur St. SE, Atlanta, GA 30312.

12.

2617 Ventures is a domestic profit corporation organized under the laws of the State of Georgia.

13.

At all times material hereto, 2617 Ventures was an "employer" of Plaintiffs within the meaning of FLSA § 3(d), 29 U.S.C. §203(d).

14.

2617 Ventures is subject to the personal jurisdiction of this Court.

15.

2617 Ventures may be served with process through its registered agent Travis Harris at 2344 Deep Shoals Circle, Decatur, Georgia 30034.

16.

At all times material hereto, Harris was an owner of Graffiti Lounge in which Plaintiffs worked.

17.

At all times material hereto, Harris was the CFO, CEO and Secretary of 2617 Ventures.

18.

At all times material hereto, Plaintiffs were "employees" of Harris within the meaning of the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

19.

At all times material hereto, Harris was an "employer" of Plaintiffs within the meaning of FLSA § 3(d), 29 U.S.C. §203(d).

20.

Harris is subject to the personal jurisdiction of this Court.

21.

Harris may be served with process at 2344 Deep Shoals Circle, Decatur, Georgia 30034 or wherever he may be located.

**(c) Individual Coverage**

22.

At all times material hereto, Plaintiffs used or handled the following, among others, instruments of interstate commerce: computers; cash registers; credit card machines; and cash apps.

23.

At all times material hereto, Plaintiffs were "engaged in commerce" as individual employees of 2617 Ventures within the meaning of 3(s)(1)(A) and (B).

**(d) Enterprise Coverage:**

24.

At all times material hereto, 2617 Ventures was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A)(i) and (ii) and (s)(1)(B).

25.

During 2022, 2617 Ventures had two or more "employees engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1)(A).

26.

At all times material hereto, Plaintiffs and other employees of 2617 Ventures handled goods which moved in interstate commerce in the furtherance of the commercial purpose of 2617 Ventures including, but not limited to, wine, beer, liquor and other alcoholic products; food and food service items; computers; cash registers; credit card machines; and office supplies.

27.

During 2022, 2617 Ventures had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." within the meaning of 29 U.S.C. § 203(s)(1)(A).

28.

During 2022, 2617 Ventures had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

29.

At all times material hereto, 2617 Ventures has been an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

### (e) Harris is an employer under the FLSA

30.

At all times material hereto, Harris was an owner and manager of the Graffiti Lounge.

31.

At all times material hereto, Harris had authority to make business decisions on behalf of 2617 Ventures.

32.

At all times material hereto, Harris exercised operational control over Plaintiffs' work activities.

33.

At all times material hereto, Harris managed the day-to-day operation of the Graffiti Lounge in which Plaintiffs worked.

34.

At all times material hereto, 2617 Ventures vested Harris with supervisory authority over Plaintiffs.

35.

At all times material hereto, Harris exercised supervisory authority over Plaintiffs.

36.

At all times material hereto, Harris scheduled Plaintiffs' working hours or supervised the scheduling of Plaintiffs' working hours.

37.

At all times material hereto, Harris exercised authority and supervision over Plaintiffs' compensation.

38.

At all times material hereto, Harris had authority to hire employees on behalf of 2617 Ventures.

39.

At all times material hereto, Harris had authority to terminate employees of 2617 Ventures.

40.

At all times material hereto, Harris had authority to discipline employees of 2617 Ventures.

**(f) Lack of FLSA Exemptions**

41.

At all times material hereto, Plaintiffs were not exempt from the minimum wage requirements of the FLSA by reason of any exemption.

42.

At all times material hereto, Plaintiffs were not exempt from the maximum hour requirements of the FLSA by reason of any FLSA exemption.

43.

At all times material hereto, 2617 Ventures did not employ Plaintiffs in a bona fide professional capacity within the meaning of 29 USC § 213 (a)(1).

44.

At all times material hereto, 2617 Ventures did not employ Plaintiffs in a bona fide administrative capacity within the meaning of 29 USC § 213 (a)(1).

45.

At all times material hereto, 2617 Ventures did not employ Plaintiffs in a bona fide executive capacity within the meaning of 29 USC § 213 (a)(1).

46.

At all times material hereto, Plaintiffs did not supervise two or more employees.

47.

At all times material hereto, 2617 Ventures did not employ Plaintiffs in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a)(1).

48.

2617 Ventures has failed to meet the requirements for any of the exemptions from the application of the minimum wage or overtime compensation requirements of the Fair Labor Standards Act under 29 U.S.C. §§ 206, 207 or 213.

### (g) Additional Factual Allegations

<u>Lancaster:</u>

49.

2617 Ventures employed Lancaster as a server and bartender from approximately June 5, 2022 through August 5, 2022.

50.

2617 Ventures did not compensate Lancaster on a salaried basis.

51.

2617 Ventures did not compensate Lancaster on an hourly rate basis.

52.

Defendants failed to pay Lancaster any wages or compensation whatsoever.

53.

From June 5, 2022 through July 15, 2022, Lancaster's sole form of remuneration for the work she performed for 2617 Ventures were tips from customers.

54.

From July 16, 2022 through August 5, 2022, Lancaster did not receive any remuneration from Defendant, including the tips she earned.

55.

From approximately June 5, 2022 through August 5, 2022, Lancaster normally worked two (2) days during most, if not all, work weeks.

56.

From approximately June 5, 2022 through August 5, 2022, Lancaster occasionally worked (3) days in a work week.

57.

From approximately June 5, 2022 through August 5, 2022, Lancaster normally worked eight (8) hours during each work shift.

58.

From approximately June 5, 2022 through August 5, 2022, Lancaster normally worked 16-24 hours during each work week.

Twyman:

59.

2617 Ventures employed Twyman as a server and bartender from approximately June 19, 2022 through July 4, 2022,

60.

2617 Ventures did not compensate Twyman on a salaried basis.

61.

2617 Ventures did not compensate Twyman on an hourly rate basis.

62.

Defendants failed to pay Twyman any wages or compensation whatsoever.

63.

During the entirety of her employment with Defendants from June 19, 2022 through July 4, 2022, Twyman did not receive any remuneration from Defendants, including all the tips she earned.

64.

From June 19, 2022 through July 4, 2022, Twyman occasionally received cash tips from Defendants' customers

65.

At other times, Twyman did not receive the cash tips left by her customers.

66.

Twyman normally worked five (5) days during most, if not all, work weeks.

67.

From approximately June 19, 2022 through July 4, 2022, Twyman worked Tuesday, Thursday, Friday, Saturday, and Sunday during most, if not all, work weeks.

68.

From approximately June 19, 2022 through July 4, 2022, Twyman normally worked 10-12 hours during each work shift.

69.

From approximately June 19, 2022 through July 4, 2022, Twyman normally worked 50-60 hours during each work week.

70.

During the Relevant Time Period, Plaintiffs often worked approximately 30 minutes to one (1) hour after their scheduled shifts cleaning up and performing side tasks.

71.

During the Relevant Time Period, Graffiti Atlanta managers often clocked Plaintiffs out of Defendants' time keeping system "Toast" before Plaintiffs completed their scheduled shifts.

72.

During the Relevant Time Period, Defendants truncated the hours Plaintiffs actually worked.

73.

During the Relevant Time Period, Defendants were aware of the actual number of hours Plaintiffs worked during each work week.

74.

Defendants knew or should have known that the FLSA applied to Plaintiffs.

75.

Section 6 of the FLSA (29 U.S.C. § 206) requires that Defendants compensate Plaintiffs at a rate of no less than $7.25 per hour for every hour worked in a work week.

76.

Defendants knew or should have known that the Section 6 of the FLSA requires that Defendants compensate Plaintiffs at a rate of at least $7.25 per hour for every hour worked in a work week.

77.

2617 Ventures failed to compensate Plaintiffs at a rate of $7.25 per hour for each hour he worked.

78.

2617 Ventures willfully failed to compensate Plaintiffs at a rate of $7.25 per hour for each hour she worked.

79.

Defendants knew or should have known that Plaintiffs were entitled to FLSA overtime protections for each work week wherein they worked in excess of 40 hours.

80.

Section 7 of the FLSA, 29 U.S.C. § 207, requires that Defendants compensate Twyman at a rate of one–and–one–half times her regular rate for all time worked in excess of forty (40) hours in a work week.

81.

Defendants knew or should have known that the Section 7 of the FLSA requires that Defendants pay Twyman a premium for all hours worked above forty hours in a given workweek.

82.

At all times during the Relevant Time Period, Twyman regularly worked more than forty (40) hours during a given workweek.

83.

During the Relevant Period, Defendants failed to pay Twyman at one-and-one-half times her regular hourly rate for time worked in excess of forty (40) hours in any and all workweeks.

84.

Upon information and belief, in failing or refusing to pay Plaintiffs minimum wages or overtime wages as required by the FLSA, Defendants have not relied on any letter ruling from the Department of Labor indicating that Plaintiffs were not entitled to either minimum wages or overtime.

85.

Defendants' conduct constitutes willful violations of §§ 206 and 207 of the FLSA, entitling Plaintiffs to all relief afforded under the FLSA, including the award of liquidated damages.

### COUNT 1 - FAILURE TO PAY MINIMUM WAGE

86.

The allegations in paragraphs 1-85 above are incorporated herein by reference.

87.

At all times material hereto, Plaintiffs were employees covered by the FLSA and entitled to the minimum wage protections set forth in FLSA § 6(a), 29 U.S.C. § 206(a).

88.

At all times material hereto, Defendants failed to pay Plaintiffs any wages whatsoever.

89.

At all times material hereto, Defendants failed to compensate Plaintiffs at an hourly rate above or equal to the minimum wage as established in accordance with Section 6 of the FLSA.

90.

At all times material hereto, Defendants willfully failed to compensate Plaintiffs at an hourly rate above or equal to the minimum wage as established in accordance with Section 6 of the FLSA.

91.

As a result of the underpayment of minimum wages as alleged above, Plaintiffs are entitled to payment of minimum wages in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

92.

As a result of the underpayment of minimum wages as alleged above, Plaintiffs are entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b), declaratory and injunctive relief, and reimbursement of their costs of litigation, including their reasonable attorneys' fees pursuant to 29 U.S.C. § 216(b).

### COUNT 2 - FAILURE TO PAY OVERTIME AS TO PLAINTIFF TWYMAN

93.

The allegations in paragraphs 1-85 above are incorporated by reference.

94.

At all times material hereto, Twyman has been an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

95.

At all times material hereto, Twyman regularly worked in Defendants' employ in excess of forty (40) hours during each work week.

96.

At all times material hereto, Defendants failed to pay Twyman at one-and-one-half times her regular rate for time worked in excess of forty (40) hours during each work week.

97.

Defendants willfully failed to pay Twyman at one–and–one–half times her regular rate for work in excess of forty (40) hours in any week from June 19, 2022 through July 4, 2022.

98.

Twyman is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

99.

As a result of the underpayment of overtime compensation as alleged above, Twyman is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

100.

As a result of the underpayment of overtime compensation as alleged above, Twyman is entitled to her litigation costs, including her reasonable attorneys' fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

## COUNT 3 - BREACH OF CONTRACT

101.

The allegations in paragraphs 1-85 above are incorporated by reference.

102.

At all times material, Plaintiffs and 2617 Ventures were parties to a contract of employment (hereafter "the Contract").

103.

The Contract provided that 2617 Ventures would pay Plaintiffs for work that was performed by Plaintiffs on behalf of and for the benefit of Defendant, including the receipt of tips they earned.

104.

2617 Ventures' failure to pay Lancaster for all tips she earned during the period from July 16, 2022 through August 5, 2022 constitutes a material breach of the Contract.

105.

2617 Ventures' failure to pay Twyman for all tips she earned during the period from June 19, 2022 through July 4, 2022 constitutes a material breach of the Contract.

106.

As the direct and foreseeable result of this breach, Plaintiffs have sustained and continue to sustain damages in an amount to be proved at trial.

WHEREFORE, Plaintiffs respectfully pray:

1. That their claims be tried before a jury;

2. That they be awarded due but unpaid minimum wages in an amount to be determined at trial against Defendants, jointly and severally, plus an additional like amount in liquidated damages;

3. That they be awarded the tips kicked back to Defendants in violation of the FLSA and an additional like amount in liquidated damages;

4. That Plaintiff Twyman be awarded due but unpaid overtime compensation in an amount to be determined at trial against Defendants, jointly and severally, plus an additional like amount in liquidated damages;

5. That they be awarded damages in an amount to be proved at trial against Defendant 2617 Ventures for the state law claims herein asserted in amounts to be proven at trial;

6. That they be awarded nominal damages; and

7. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

101 MARIETTA STREET
SUITE 2650
ATLANTA, GEORGIA 30303
(404) 979-3150
(404) 979-3170 (f)
Kevin.fitzpatrick@dcbflegal.com
charlesbridgers@dcbflegal.com

**DELONG CALDWELL BRIDGERS FITZPATRICK & BENJAMIN, LLC**

*/s/ KEVIN D. FITZPATRICK, JR.*
KEVIN D. FITZPATRICK. JR.
GA. BAR NO. 262375

*/s/CHARLES R. BRIDGERS*
CHARLES R. BRIDGERS
GA. BAR NO. 080791

COUNSEL FOR PLAINTIFFS