**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| SRAM, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. _____ |
| | ) | |
| FOX FACTORY, INC., | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |

## <u>COMPLAINT FOR PATENT INFRINGEMENT</u>

COMES NOW Plaintiff SRAM, LLC ("SRAM") and for its Complaint for Patent Infringement against Defendant FOX Factory, Inc. ("Defendant Fox"), states as follows:

## PARTIES

1.     SRAM is a limited liability company organized and existing under Delaware law and has its principal place of business at 1000 West Fulton Market, 4th Floor, Chicago, Illinois 60607.

2.     Defendant Fox is a California corporation with a principal place of business at 2055 Sugarloaf Circle, Suite 300, Duluth, Georgia 30097.

3.     Defendant Fox has a registered agent in Georgia, the CT Corporation System, having a place of business at 289 S. Culver Street, Lawrenceville, Georgia 30046-4805.

4.     Defendant Fox has identified that its Chief Executive Officer (Mr. Michael Dennison), Chief Financial Officer (Mr. Scott Humphrey), and Secretary (Mr. Toby D. Merchant) have offices located at 2055 Sugarloaf Circle, Suite 300, Duluth, Georgia 30097.

## JURISDICTION AND VENUE

5.     This is a civil action brought by SRAM for patent infringement committed by Defendant Fox and arising under the Patent Laws of the United States, specifically, Title 35 of the United States Code.

6.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338.

7.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), (c), (d), and 1400(b).

8.     As acts of infringement occurred within and Defendant Fox's principal place of business is in this District, a substantial part of the events giving rise to SRAM's claims occurred in this District.

2

9.     Defendant Fox may be found and/or resides in this District by virtue of its activities in this District as its principal place of business.

10.     Directly and/or through intermediaries, Defendant Fox sells and distributes bicycle components, including bicycle forks and suspension components for bicycles, in the United States and in this District.

11.     More specifically, Defendant Fox makes, uses, sells, offers for sale, and/or imports into the United States products advertised as suspension components for bicycles named "Factory Series" and "Performance Elite Series", and the like, each having multiple damping modes including further in-mode adjustments, and further described on Defendant Fox's website at least at:

- https://www.ridefox.com/family.php?m=bike&family=float, and

- https://www.ridefox.com/family.php?m=bike&family=dpx2

with examples shown below (hereinafter "Dual Adjust Shock" or "Dual Adjust Shocks"):









12.     Defendant Fox's "FLOAT DPS Tuning Guide" (available at https://www.ridefox.com/dl/bike/my22/605-00-250-FLOAT-DPS-Tuning-Guide-white-revB. pdf) document provides some information about how the dual adjust modes, such as Defendant Fox's "Open Adjust Mode" operates in the Dual Adjust Shocks to allow performance adjustment when the shock's damping adjuster is set to its open mode:



13. Defendant Fox's "DPX2 Tuning Guide" (available at https://www.ridefox.com/dl/bike/my21/605-00-220-DPX2-Tuning-Guide-revA.pdf) document provides some information about how the dual adjust modes, such as Defendant Fox's "Open Adjust Mode" operates in the Dual Adjust Shocks to allow performance adjustment when the shock's damping adjuster is set to its open mode:



14.    As noted in the images above, these dual adjust mode features are included in Defendant Fox's Factory Series and Performance Elite Series Shocks.

15.    The Dual Adjust Shocks have been sold in, offered for sale in, and/or imported into the United States and/or in this District by Defendant Fox or an authorized agent thereof.

16.    Defendant Fox's bicycle components, such as the Dual Adjust Shocks, are available for purchase or offered for sale at bicycle shops and stores in the United States and in this District.

17.    Defendant Fox advertises its bicycle components, such as the Dual Adjust Shocks, in the United States and in this District.

18.     Defendant Fox's bicycle components, such as the Dual Adjust Shocks, are placed on bicycles in the United States and in this District.

19.     Defendant Fox's bicycle components, such as the Dual Adjust Shocks, are intended to operate as advertised on Defendant Fox's website (www.ridefox.com) and as described in its associated marketing materials.

20.     Defendant Fox also makes, uses, sells, offers for sale, and/or imports into the United States products advertised as bicycle forks known as Fox 38 forks (including but not limited to Fox 38 Performance Elite, Fox 38 Performance, Fox 38 Factory Etuned, Fox 38 Factory forks), and the like, each having oval steering tubes, and further described on Defendant Fox's website at least at:

- https://shop.ridefox.com/products/38-170-29-performance-elite?variant=40941942177851

- https://shop.ridefox.com/products/38-170-27-5-performance-elite?variant=40941942046779

- https://shop.ridefox.com/products/38-170-29-performance?variant=40941941948475

- https://shop.ridefox.com/products/38-etune-170-29-factory#

- https://shop.ridefox.com/products/38-etune-170-27-5-factory?variant=40941941686331

- https://shop.ridefox.com/products/38-180-29-factory#

- https://shop.ridefox.com/products/38-170-29-factory?variant=40941941391419

- https://shop.ridefox.com/products/38-160-29-factory?variant=40941941325883

- https://shop.ridefox.com/products/38-170-27-5-factory?variant=40941940703291, and

- https://shop.ridefox.com/products/38-180-27-5-factory?variant=40941940539451

with examples shown below (hereinafter "Oval Steerer Fork" or "Oval Steerer Forks"):



21.     Defendant Fox's specifications for its Oval Steerer Forks note that the steerer tube is a "1.5 Taper – internally elliptical", as shown, for example, in the Fox 38 Performance Elite Specs (available at https://shop.ridefox.com/products/38-170-29-performance-elite?variant=40941942177851):

---

### FOX 38 PERFORMANCE ELITE SPECS                                    ×

**Upper Tube Finish:** Black Anodized

**Air Channels:** Yes

**Bleeders:** Yes

**Floating Axle:** Yes

**Rotor Size:** 180 direct Post Mount, Up to 230 compatible

**Mud Guard Mount:** Optional FOX 36/38 Mud Guard with sturdy 4-point direct-mount attachment

**Air Spring:** FLOAT EVOL

**Steerer:** 1.5 Taper - internally elliptical

**Starting Weight:** 2180 g

---

22.     On information and belief, and as noted in the image above, this internal elliptical steerer feature is included in Defendant Fox's Performance Elite, Performance, Etuned, and Factory Series forks.

23.     The Oval Steerer Forks have been sold in, offered for sale in, and/or imported into the United States and/or in this District by Defendant Fox or an authorized agent thereof.

24.     Defendant Fox's bicycle components, such as the Oval Steerer Forks, are available for purchase or offered for sale at bicycle shops and stores in the United States and in this District.

25.     Defendant Fox advertises its bicycle components, such as the Oval Steerer Forks, in the United States and in this District.

26.     Defendant Fox's bicycle components, such as the Oval Steerer Forks, are placed on bicycles in the United States and in this District.

27.     Defendant Fox's bicycle components, such as the Oval Steerer Forks, are intended to operate as advertised on Defendant Fox's website (www.ridefox.com) and as described in its associated marketing materials.

28.     Defendant Fox has committed acts of patent infringement in this District.

29.     Defendant Fox, directly and/or through intermediaries, have for a time past and still are purposefully shipping, selling, and/or offering for sale, whether alone or as part of an end product, the Dual Adjust Shocks and the Oval Steerer Forks in the United States and the State of Georgia, and, more specifically, in this judicial district in competition with SRAM's products.

# BACKGROUND

**A.    U.S. Patent No. 7,147,207 B2 and Fox's Dual Adjust Shocks**

30.    United States Patent No. 7,147,207 B2 ("the '207 patent") issued on December 12, 2006, bearing the title "ACTUATOR APPARATUS FOR CONTROLLING A VALVE MECHANISM OF A SUSPENSION SYSTEM" and naming Brian Jordan, Kevin Wesling, Christopher Shipman, Eric Swaidner, and John Cheever as inventors.  A copy of the '207 patent is attached hereto as Exhibit A.

31.    SRAM is the owner by assignment of all right, title, and interest in and to the '207 patent and has full and exclusive right to bring suit and enforce the '207 patent and to collect damages for infringement.  SRAM thus has standing to sue for infringement of the '207 patent.

32.    Before the advent of the inventions of the '207 patent, prior suspension systems, lacking sufficient adjustability, limited "the ability of the rider to customize the damping characteristics of the suspension system to suit the terrain or the riders particular riding style."  Exhibit A (the '207 patent) at column 1, lines 40–43.

33.    The '207 patent addresses this issue with prior suspension systems by providing "an actuator apparatus for adjusting the damping of a suspension system that allows the rider to customize the damping characteristics of the system to suit

12

the terrain or the riders particular riding style." Exhibit A (the '207 patent) at column 1, lines 47–51.

34.     Specifically, the '207 patent claims the invention of an actuator apparatus for controlling a valve mechanism of a suspension system, the actuator apparatus having particular features, as set forth in columns 8 through 10 of the '207 patent.

35.     The Dual Adjust Shocks are suspension systems for bicycles, each having an actuator apparatus for controlling a valve mechanisms of a suspension system.

36.     The Dual Adjust Shock includes a valve actuating assembly operatively connected to the valve mechanism.

37.     The valve actuating assembly of the Dual Adjust Shock includes a camshaft rotatable between at least two positions to adjust the valve mechanism between various suspension settings.

38.     The Dual Adjust Shock includes an adjuster assembly operatively connected to the valve actuating assembly.

39.     The adjuster assembly of the Factory Series Float DPS Shock may adjust the damping characteristics corresponding to at least one of the positions of the valve actuating assembly.

40.     The adjuster assembly of the Factory Series Float DPS Shock may adjust the damping characteristics independently of the damping characteristics corresponding to another position of the valve actuating assembly.

41.     Defendant Fox makes suspension systems for bicycles, including the Dual Adjust Shocks identified above, for use in the United States.

42.     Defendant Fox uses suspension systems for bicycles, including the Dual Adjust Shocks identified above, in the United States.

43.     Defendant Fox sells suspension systems for bicycles, including the Dual Adjust Shocks identified above, to persons for use in the United States.

44.     Defendant Fox offers to sell suspension systems for bicycles, including the Dual Adjust Shocks identified above, to persons for use in the United States.

45.     Defendant Fox imports and/or otherwise provides suspension systems for bicycles, including the Dual Adjust Shocks identified above, to persons for use in the United States.

**B.      U.S. Patent No. 10,328,993 B2 and Fox's Oval Steerer Forks**

46.     United States Patent No. 10,328,993 B2 ("the '993 patent") issued on June 25, 2019, bearing the title "BICYCLE STEERER TUBE WITH VARIANT STIFFNESS" and naming Jonathan Blair Watt and Robert Powell as inventors.  A copy of the '993 patent is attached hereto as Exhibit B.

14

47.     SRAM is the owner by assignment of all right, title, and interest in and to the '993 patent and has full and exclusive right to bring suit and enforce the '993 patent and to collect damages for infringement.  SRAM thus has standing to sue for infringement of the '993 patent.

48.     Before the advent of the inventions of the '993 patent, prior bicycle steerer tubes were circularly cylindrical.  As such, a perfectly cylindrically circular steerer tube, having a uniform wall thickness, "will exhibit a uniform stiffness longitudinally, or fore-and-aft and in alignment with plane of travel P, and laterally, or side-to-side and perpendicular to plane of travel P and axis X."  Exhibit B (the '993 patent) at column 1, lines 34–39.  Accordingly, such "uniformly thick and stiff steerer tubes do not take into account the differences in loads on the steerer tube and stability, comfort and steering requirements."   Exhibit B (the '993 patent) at column 1, lines 39–42.

49.     The '993 patent addresses this issue with prior steerer tubes by providing a steerer tube where "[t]he thickness of the wall at any point in the lower section of the body varies as a function of the cross-sectional angle of the point relative to the plane of travel, the wall thickness being at a maximum in the plane of travel of the bicycle", and where, in some embodiments of the invention, "at a least

a portion of the inner surface of the wall is formed as an ellipse in cross section".
Exhibit B (the '993 patent) at column 1, line 46 – column 2, line 9.

50.    Specifically, the '993 patent claims the invention of a bicycle steerer tube having particular features, as set forth in columns 8 through 12 of the '993 patent.

51.    The Oval Steerer Forks include bicycle steerer tubes.

52.    The Oval Steerer Forks include steerer tubes with an elongate hollow body arranged around a steering axis located in a vertical plane of travel of the bicycle.

53.    The Oval Steerer Forks include steerer tubes such that the body has upper and lower sections, a segment of the upper section adapted to be joined to a bicycle handlebar and a segment of the lower section adapted to be joined to a crown of a front wheel fork of the bicycle.

54.    The Oval Steerer Forks include steerer tubes such that the lower section of the body is joined to the upper section of the body, and outer surfaces of the upper and lower sections of the body are circular in cross section.

55.    The Oval Steerer Forks include steerer tubes such that the body is formed by a wall, a thickness of the wall at any point in the lower section of the body varying as a function of the cross-sectional angle of the point relative to the plane of

travel, and such that the wall thickness is at a maximum in the plane of travel of the bicycle.

56.    The Oval Steerer Forks include steerer tubes as described above wherein an outer diameter of the lower section of the body is greater than an outer diameter of the upper section of the body.

57.    The Oval Steerer Forks include steerer tubes as described above wherein the lower section of the body has first and second portions, the first portion adjoining the upper section of the body, with an outer diameter of the first portion of the lower section being greater than an outer diameter of the upper section and less than an outer diameter of the second portion of the lower section.

58.    The Oval Steerer Forks include steerer tubes as described above, wherein the outer diameter of the first portion of the lower section gradually tapers from the second portion of the lower section to the upper section of the body.

59.    The Oval Steerer Forks include steerer tubes as described above, wherein an inner surface of the upper section forms an ellipse in cross section, a major diameter of the ellipse formed to be perpendicular to the plane of travel, a minor diameter of the ellipse formed to be in the plane of travel of the bicycle.

60.    Defendant Fox makes bicycle steerer tubes, including as part of the Oval Steerer Forks identified above, for use in the United States.

17

61.     Defendant Fox uses bicycle steerer tubes, including as part of the Oval Steerer Forks identified above, in the United States.

62.     Defendant Fox sells bicycle steerer tubes, including as part of the Oval Steerer Forks identified above, to persons for use in the United States.

63.     Defendant Fox offers to sell bicycle steerer tubes, including as part of the Oval Steerer Forks identified above, to persons for use in the United States.

64.     Defendant Fox imports and/or otherwise provides bicycle steerer tubes, including as part of the Oval Steerer Forks identified above, to persons for use in the United States.

**COUNT I**
**(Infringement of U.S. Patent No. 7,147,207 B2 by Defendant Fox)**

65.     SRAM hereby incorporates, as though fully set forth herein, the allegations of paragraphs 1 through 64 of this Complaint.

66.     Defendant Fox has infringed and continues to infringe the '207 patent by making, using, selling, and/or offering for sale within the United States or importing into the United States systems that embody one or more of the claims of the '207 patent, including at least claim 1 of the '207 patent, and/or by contributing to infringement, inducing others to infringe the '207 patent, and/or carrying acts constituting infringement under 35 U.S.C. § 271(f).

67.     On information and belief, Defendant Fox knew of SRAM's patented technology relating to bicycle suspension systems, including the application giving rise to the '207 patent and the '207 patent itself, before the initiation of the present action and therefore Defendant Fox's actions have been both willful and deliberate.

68.     Upon information and belief, Defendant Fox has had knowledge of the '207 patent since at least as early as 2022 prior to the filing of this Complaint, when SRAM informed Defendant Fox of the '207 patent and of Defendant Fox's infringement thereof, and therefore Defendant Fox's infringement has been and continues to be willful.

69.     Defendant Fox will continue to willfully infringe the '207 patent unless enjoined by this Court, which has resulted and will continue to result in irreparable harm to SRAM.

70.     As a direct and proximate result of the infringement by Defendant Fox of the '207  patent, SRAM has been and continues to be damaged in an amount yet to be determined.

## COUNT II
### (Infringement of U.S. Patent No. 10,328,993 B2 by Defendant Fox)

71.     SRAM hereby incorporates, as though fully set forth herein, the allegations of paragraphs 1 through 70 of this Complaint.

72.     Defendant Fox has infringed and continues to infringe the '993 patent by making, using, selling, and/or offering for sale within the United States or importing into the United States systems that embody one or more of the claims of the '993 patent, including at least claim 1 of the '993 patent, and/or by contributing to infringement, inducing others to infringe the '993 patent, and/or carrying acts constituting infringement under 35 U.S.C. § 271(f).

73.     On information and belief, Defendant Fox knew of SRAM's patented technology relating to bicycle suspension systems, including the application giving rise to the '993 patent and the '993 patent itself, before the initiation of the present action and therefore Defendant Fox's actions have been both willful and deliberate.

74.     Upon information and belief, Defendant Fox has had knowledge of the '993 patent since at least as early as 2022 prior to the filing of this Complaint, when SRAM informed Defendant Fox of the '993 patent and of Defendant Fox's infringement thereof, and therefore Defendant Fox's infringement has been and continues to be willful.

75.     Defendant Fox will continue to willfully infringe the '993 patent unless enjoined by this Court, which has resulted and will continue to result in irreparable harm to SRAM.

76.     As a direct and proximate result of the infringement by Defendant Fox of the '993  patent, SRAM has been and continues to be damaged in an amount yet to be determined.

**REQUEST FOR RELIEF**

WHEREFORE, SRAM respectfully prays for judgment against Defendant Fox as follows:

A.     For a judgment holding Defendant Fox liable for infringement of the '207 and '993 patents;

B.     For an award of damages adequate to compensate SRAM for Defendant Fox's infringement of the '207 and '993 patents, including treble damages and other damages allowed by 35 U.S.C. § 284;

C.     For injunctive relief, including preliminary injunctive relief, enjoining Defendant Fox, their officers, agents, servants, employees, and attorneys and all other persons in active concert or participation with them as follows:

    (i)     from manufacturing any products falling within the scope of the claims of the '207 and '993 patents;

    (ii)    from using any product falling within the scope of any of the claims of the '207 and '993 patents;

    (iii)   from selling, offering to sell, licensing, or purporting to license any product falling within the scope of any of the claims of the '207 and '993 patents;

    (iv)    from importing any product into the United States which falls within the scope of the '207 and '993 patents;

(v)     from actively inducing others to infringe any of the claims of the '207 and '993 patents;

(vi)    from engaging in acts constituting contributory infringement of any of the claims of the '207 and '993 patents; and

(vii)   from all other acts of infringement of any of the claims of the '207 and '993 patents;

D.     That Defendant Fox be ordered to deliver up for destruction all infringing products in their possession;

E.     That this be declared an exceptional case and that SRAM be awarded its attorneys' fees against Defendant Fox pursuant to 35 U.S.C. § 285;

F.     For such further relief as this Court deems SRAM may be entitled to in law and in equity.

## JURY DEMAND

Plaintiff SRAM demands a trial by jury as to all claims and all issues properly triable thereby.

Dated:  February 1, 2023                  Respectfully submitted,


**KING & SPALDING LLP**

By:   */s/ Holmes J. Hawkins III*
Holmes J. Hawkins III
Georgia Bar No. 338681
1180 Peachtree Street, NE, Suite 1600
Atlanta, Georgia  30309
Telephone:  (404) 572-4600
Email:  hhawkins@kslaw.com

Richard B. Walsh, Jr. (applying *pro hac vice*)
Michael J. Hickey (applying *pro hac vice*)
**LEWIS RICE LLC**
600 Washington Ave., Suite 2500
St. Louis, Missouri  63101
Telephone:  (314) 444-7600
Email:  rwalsh@lewisrice.com
          mhickey@lewisrice.com

*Attorneys for Plaintiff SRAM, LLC*