IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| AKAYSHA HICKS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CCT SUGAR HILL, LLC, ) <br> ) <br> Defendant. ) <br> _____ ) | Civil Action No. <br><br><br> JURY TRIAL DEMANDED |

## **COMPLAINT FOR DAMAGES**

COMES NOW, Plaintiff Akaysha Hicks, by and through undersigned counsel, and files this his Complaint for Damages against Defendant CCT Sugar Hill, LLC ("Defendant") stating as follows:

1

## NATURE OF COMPLAINT

1.

Plaintiff brings this action to recover damages for Defendant's unlawful retaliation against him in violation of Title VII of the Civil Rights Act of 1964, as amended, and Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981").

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4).

3.

Defendants are subject to specific jurisdiction in this Court over the claims asserted in this action. In addition, a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in this District. In accordance with 28 U.S.C. §§ 1391(b)(1) and (2), venue is appropriate in this Court.

## PARTIES

4.

Plaintiff is an African American citizen of the United States of America and is subject to the jurisdiction of this Court.

5.

Defendant is qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

6.

Defendant may be served with process by delivering a copy of the summons and complaint to its registered agent, Patrick Norris, 1100 Peachtree St., N.E., Suite 690, Atlanta, Georgia 30309.

## **ADMINISTRATIVE PREREQUISITES**

7.

Plaintiff timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission (EEOC) alleging retaliation in violation of Title VII of the Civil Rights of 1964, as amended. Upon Plaintiff's request, the EEOC issued a "Notice of Right to Sue", entitling an action to be commenced within ninety (90) days of receipt of said notice. This action has been commenced within ninety (90) days of receipt of the "Notice of Right to Sue."

## FACTUAL ALLEGATIONS

8.

Plaintiff began her employment with Defendant as a server in November 2020. Plaintiff was promoted to a trainer position in or around November 2021.

9.

Plaintiff is African-American/black.

10.

On or about April 17, 2022, Plaintiff made a written complaint about race discrimination and African American/black employees being treated differently by a manager, Brandon Beeco. Plaintiff lodged the complaint with Erica Shneider, Defendant's Head of Human Resources. Plaintiff's complaint included informing Defendant of an extremely offensive printed racist joke that Mr. Becco had shown Plaintiff and another black co-worker.

11.

No disciplinary action was taken against Beeco as a result of Plaintiff's report. On or about April 21, Plaintiff informed Ms. Shneider that Mr. Beeco was going around telling employees that Plaintiff had reported him.

12.

On April 28, another employee berated Plaintiff for reporting Mr. Beeco's behavior to human resources, which Plaintiff reported to Geeneral Manager Nick Smith and Shneider. As a result of Plaintiff' report, she was suspended for a weekend, but was then retroactively paid for her time once she complained.

13.

On or About July 19, 2022, Defendant terminated Plaintiff's employment. Defendant told Plaintiff she was being terminated for violating a code of conduct, but Defendant could not tell Plaintiff what part of the code she had allegedly violated.

14.

Any reason given for Plaintiff's termination is pretext for unlawful retaliation, in response to Plaintiff's protected activity. As a result of the unlawful actions, Plaintiff has suffered damages, including lost wages and emotional distress.

## CLAIM FOR RELIEF

## COUNT I

## RETALIATION IN VIOLATION OF 42 U.S.C. § 1981

15.

Plaintiff realleges and incorporates paragraphs 1-14 as if set forth fully herein.

16.

Plaintiff is African American. Plaintiff had an employment agreement with Defendants within the meaning of 42 U.S.C. § 1981, under which, *inter alia*, Plaintiff worked for Defendant, and Defendant compensated Plaintiff for work.

17.

Plaintiff performed his contractual obligations.

18.

Defendant violated Plaintiff's rights under 42 U.S.C. § 1981.

19.

Plaintiff is a member of a protected class; he is African American.

20.

Plaintiff's complaints and opposition to the racist conduct constitute protected activity under 42 U.S.C. § 1981.

21.

Defendant subjected Plaintiff to adverse action (to wit, termination) because of her protected conduct. The adverse action to which Plaintiff was subjected would dissuade a reasonable employee from making or supporting a charge of discrimination.

22.

There was a causal connection between the protected conduct and the adverse action of termination.

23.

As a direct and proximate result of Defendant's violations, Plaintiff has suffered economic and non-pecuniary damages.

24.

Defendant willfully and wantonly disregarded Plaintiff's rights, and its actions toward Plaintiff were undertaken in bad faith.

25.

Plaintiff is entitled to punitive damages, lost wages and benefits, compensatory damages, attorneys' fees and costs, prejudgment interest, reinstatement or front pay in lieu thereof, and any other relief available under the law.

## COUNT II

## TITLE VII RETALIATION

26.

Plaintiff realleges and incorporates paragraphs 1-14 as if set forth fully herein.

27.

Plaintiff is a member of a protected class, i.e., she is African American.

28.

Title VII prohibits Defendant from retaliating against Plaintiff for engaging in protected activity.

29.

Plaintiff's complaints and opposition to, inter alia, racist conduct constitute protected activity under Title VII.

30.

Defendant subjected Plaintiff to adverse actions (to wit, termination) because of her protected conduct. The adverse action to which Plaintiff was subjected would dissuade a reasonable employee from making or supporting a charge of discrimination.

31.

There was a causal connection between the protected conduct and the adverse actions of termination.

32.

As a direct and proximate result of Defendant's violations, Plaintiff has suffered economic and non-pecuniary damages.

33.

Defendant willfully and wantonly disregarded Plaintiff's rights, and its actions toward Plaintiff were undertaken in bad faith.

34.

Plaintiff is entitled to punitive damages, lost wages and benefits, compensatory damages, attorneys' fees and costs, prejudgment interest, reinstatement or front pay in lieu thereof, and any other relief available under the law.

**WHEREFORE**, Plaintiff prays the court for judgment and relief as follows:

(a) General damages for mental and emotional suffering caused by Defendant's unlawful conduct;

(b) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c) Damages for lost wages and benefits and prejudgment interest thereon;

(d) Reasonable attorneys' fees and expenses of litigation;

(e) Trial by jury as to all issues;

(f) Prejudgment interest at the rate allowed by law;

(g) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(i) All other relief to which he may be entitled.

Respectfully submitted, this 2nd day of February, 2023.

                                        **BARRETT & FARAHANY**

                                        <u>/s/ V. Severin Roberts</u>
                                        V. Severin Roberts
                                        Georgia Bar No. 940504
                                        Attorney for Plaintiff

P.O. Box 530092
Atlanta, Georgia 30353
(404) 214-0120
(404) 214-0125 facsimile
severin@justiceatwork.com