# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| VICTORIA CODD,<br><br>       *Plaintiff*,<br><br>vs.<br><br>NATIONWIDE INSURANCE COMPANY OF AMERICA,<br><br>       *Defendant*. | Case No. |

## NOTICE OF REMOVAL

Defendant Nationwide Insurance Company of America ("Nationwide"), pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, files this Notice of Removal of the above-captioned action from the State Court of Gwinnett County, State of Georgia, to the United States District Court for the Northern District of Georgia. Nationwide asserts the following grounds supporting removal:

**I.**    **NATURE OF THE INSTANT ACTION**

1. This action involves allegations that Plaintiff Victoria Codd ("Plaintiff") is an insured of Nationwide and that Nationwide allegedly incorrectly estimated the value of the losses for certain property damage sustained by Plaintiff

and subsequently refused to pay the amount of insurance benefits demanded by Plaintiff.

2. On December 27, 2022, Plaintiff filed her Complaint in the State Court of Gwinnett County, Case No. 22-C-07484-S5 (the "State Court Action"). A copy of the Complaint is attached as **Exhibit 1.**

3. In the Complaint, Plaintiff alleges that Nationwide (1) breached its contract of insurance; (2) acting negligently in investigating Plaintiff's claim; and (3) acted in bad faith pursuant to O.C.G.A. § 33-4-6, and seeks compensatory and bad faith damages. *See generally* **Ex. 1.**

## II.   PAPERS FROM THE REMOVED ACTION

4. In accordance with 28 U.S.C. § 1446(a), Nationwide attaches as **Exhibit 1** to this Notice of Removal a copy of all process, pleadings, and orders filed in the State Court Action.

## III.   GROUNDS FOR REMOVAL

5. Pursuant to 28 U.S.C. § 1441, Nationwide removes this action to the district court of the United States for the district and division embracing the place where the action is pending. This Court has original jurisdiction over this matter under 28 U.S.C. § 1332(a)(1) because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of

interest and costs. Further, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446 because it is being filed within thirty days of when Nationwide was served with a copy of Plaintiffs' Complaint.[1]

### A. Complete diversity of citizenship exists between the parties.

6. Plaintiff resides at 1730 Tilden Avenue Jonesboro, Georgia 30236. Compl. ¶ 1. Accordingly, Plaintiff is a citizen of Georgia for purposes of determining diversity jurisdiction.

7. Plaintiffs allege Nationwide is a foreign insurance corporation doing business in Georgia. Compl. ¶ 2. Indeed, Nationwide was and is a non-citizen of Georgia.

8. Nationwide Insurance Company of America is a company organized, incorporated, and existing under the laws of the State of Ohio, with its principal place of business in Columbus, Ohio. Nationwide is, therefore, a citizen of Ohio for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1).

9. Accordingly, complete diversity of citizenship exists between the parties because Plaintiff is not a citizen of the same state as Nationwide. *See* 28 U.S.C. § 1332(a)(1).

---

[1] Nationwide was served with this Complaint on January 5, 2022.

### B. The amount-in-controversy is satisfied.

10. "The sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy[.]" 28 U.S.C. §§ 1332(a), 1441(a). A defendant may look at the face of the complaint and rely on a good-faith estimate that the amount in controversy exceeds $75,000. *See Fed. Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003) (noting a party "satisfies the amount in controversy requirement by claiming a sufficient sum in good faith.").

11. Here, Plaintiff seeks $54,444.22 in damages for the contract claim. Compl. ¶ Prayer for Relief. Moreover, Plaintiff also seeks an additional 50% of total compensatory damages awarded as statutory bad faith penalties, which amounts to $27,222. Compl. ¶ Prayer for Relief. *See, e.g.*, *Akin v. Owners Ins. Co.*, No. 4:16-CV-0264-HLM, 2017 WL 7805605, at *3 (N.D. Ga. Apr. 28, 2017) (holding that the amount in controversy exceeded $75,000 after considering the amount plaintiff sought under the policy, plus fifty percent of that amount pursuant to O.C.G.A. § 33-4-6).

12. In addition to the claimed insurance benefits and statutory penalties, Plaintiff asserts a claim for past and future statutory attorneys' fees under O.C.G.A. § 33-4-6. "When a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy." *Morrison v. Allstate*

*Indem. Co.*, 228 F.3d 1255, 1263 (11th Cir. 2000). Here, past and future claimed bad faith statutory attorneys' fees exceed $6,200 at a minimum, which—when combined with the roughly $54,444.22 in claimed first party benefits and claimed statutory penalties of $27,222—pushes the amount in controversy in excess of the jurisdictional minimum. Indeed, under similar circumstances this District has particularly held that a projected future statutory fee award more than twice $6,200 (or $13,725.39) would be reasonable for inclusion in the amount in controversy calculation. *See Gladstein v. Garrison Prop & Cas. Ins. Co.*, No. 1:21-CV-1658-TWT, 2021 WL 5029422, at *2 (N.D. Ga. July 22, 2021) (denying motion for remand, in first-party bad faith case arising out of wind claim, based on the likelihood the plaintiff would incur more than $13,725 in attorneys' fees and noting that "[a]ccumulating $13,725.39 in attorneys' fees during federal litigation does not require extensive proceedings. This Court has repeatedly found an hourly rate of $250 reasonable for attorneys in this District."). When combined with Plaintiff's demand for insurance benefits in excess of $54,000 and statutory penalties in excess of $27,000, the reasonable statutory attorneys' fees sought by Plaintiff push the amount in controversy over the $75,000 threshold.

13. Thus, based on the allegations contained in the Plaintiff's Complaint, the amount-in-controversy exceeds $75,000.  28 U.S.C. § 1446(c)(2)(A)(i).

### C. Removal is timely.

14. Nationwide was served with this Complaint on January 5, 2022.

15. This Notice of Removal is timely because it is filed within thirty days after Nationwide was served with a copy of the Complaint, and because it is filed less than one year after this action commenced. *See* 28 U.S.C. § 1446(b) and (c).

## IV. VENUE IS PROPER

16. Pursuant to 28 U.S.C. § 116(c), the United States District Court for the Northern District of Georgia is the federal judicial district encompassing the State Court of Gwinnett County, Georgia, where this lawsuit was originally filed. Venue is therefore proper in this district under 28 U.S.C. § 1441(a).

## V. FILING OF REMOVAL PAPERS

17. Pursuant to 28 U.S.C. 1446(d), Nationwide will promptly file a Notice of Filing Notice of Removal, attaching thereto a copy of this Notice of Removal and the documents attached to this Notice of Removal, with the clerk of the court for the State Court of Gwinnett County, Georgia where the instant action was pending, and will serve a copy of the same upon counsel for Plaintiff.

## VI.     CONCLUSION AND PRAYER

18.     Nationwide has satisfied all conditions and procedures for removal. If any questions of the propriety of this removal arise, Nationwide respectfully requests an opportunity to present a brief and argument as to why removal is proper. By filing this Notice of Removal, Nationwide does not waive any jurisdictional or other defenses that might be available to it. In addition, Nationwide expressly reserves the right to move for dismissal of some or all Plaintiff's claims, and reserves the right to amend or supplement this Notice of Removal.

WHEREFORE, Nationwide respectfully removes the above-captioned action from the State Court of Gwinnett County Georgia to the United States District Court for the Northern District of Georgia pursuant to 28 U.S.C. §§ 1441, 1446, and 1332.

Dated: February 2, 2022

        Respectfully Submitted,

        **SHOOK, HARDY & BACON L.L.P.**

        */s/ Timia A. Skelton*
        Timia A. Skelton
        Georgia Bar No. 667099
        tskelton@shb.com
        Colin K. Kelly
        Georgia Bar No. 781072
        ckelly@shb.com
        1230 Peachtree St. NE
        Suite 1200
        Atlanta, Georgia 30309

(470) 867-6000 (phone)

*Attorneys for Nationwide Insurance Company of America*

## **LOCAL RULE 7.1(D) CERTIFICATION**

I certify that this notice of removal has been prepared with one of the font and point selections approved by the Court in LR 5.1(B).

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| VICTORIA CODD,<br><br>    *Plaintiff*,<br><br>vs.<br><br>NATIONWIDE INSURANCE COMPANY OF AMERICA,<br><br>    *Defendant*. | Case No. |

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of February, a true and correct copy of the foregoing was filed using the Court's CM/ECF electronic filing system and electronic mail as follows:

Ryan Baxter
Baxter Law Firm, LLC
2400 Herodian Way Suite 220
Smyrna, Georgia 30090
ryan@baxlegal.com

    */s/ Timia A. Skelton*
    Timia A. Skelton