# EXHIBIT 1



re:SearchGA

← Back

## CODD VS NATIONWIDE INSURANCE CO OF AMERICA
22-C-07484-S5

↻ Refresh    📁🔒    👁🔒    🖨    ⚹    [ File Into ]

## Hearings 0

No hearings found.

## Events 4

[ Search events ]    🔍    [ ❓ Expect To See More Filings? ]

| Date ▲ | Event | Type | Comments | Documents | Pages |
|--------|-------|------|----------|-----------|-------|
| 12/27/2022 | Filing | General Civil/Dom Relations Case Filing Form | Gwinnett County Case Information Sheet | General Civil/Dom Relations Case Filing Form.pdf | 1 |
| 12/27/2022 | Filing | Complaint with Jury Demand | COMPLAINT WITH JURY DEMAND | Victoria Codd v Nationwide - Complaint.pdf | 38 |
| 12/27/2022 | Filing | Summons | SUMMONS | summons.pdf | 1 |
| 1/10/2023 | Filing | Sheriff/Marshall's Service | | Sheriffs Entry of Service.tif | 2 |

Terms of Use | Frequently Asked Questions | Support Center
© 2023 Tyler Technologies, Inc. | All Rights Reserved
Version: 2022.12.0.3422

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**22-C-07484-S5**

**12/27/2022 3:51 PM**

**TIANA P. GARNER, CLERK**

**General Civil and Domestic Relations Case Filing Information Form**

☐ **Superior or** ☒ **State Court of** Gwinnett State Court **County**

| | |
|---|---|
| **For Clerk Use Only** | **22-C-07484-S5** |
| **Date Filed** _____ | **Case Number** _____ |
| **MM-DD-YYYY** | |

**Plaintiff(s)**
CODD, VICTORIA

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |

**Defendant(s)**
NATIONWIDE INSURANCE COMPANY OF AMERICA

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |

**Plaintiff's Attorney** Ryan Baxter **State Bar Number** 588243 **Self-Represented** ☐

**Check one case type and one sub-type in the same box (if a sub-type applies):**

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☒ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____     _____
**Case Number**                              **Case Number**

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**22-C-07484-S5**
**12/27/2022 3:51 PM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

22-C-07484-S5

| | | |
|---|---|---|
| VICTORIA CODD | ) | |
| | ) | Civil Action No. |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| NATIONWIDE INSURANCE COMPANY | ) | JURY TRIAL DEMANDED |
| OF AMERICA | ) | |
| | ) | |
| *Defendant,* | ) | |
| | ) | |

## COMPLAINT

COMES NOW, Victoria Codd ("Plaintiff") by and through her attorneys, Baxter Law Firm, and

herein files her Complaint against Nationwide Insurance Company of America ("Defendant")

and upon personal knowledge and information and belief, allege and respectfully shows the

Court the following:

### PARTIES

1.

Plaintiff VICTORIA CODD is the Plaintiff/policyholder who resides at 1730 Tilden Avenue.

Jonesboro, GA 30236.

2.

Defendant Nationwide Insurance Company of America is a Foreign Insurance Company

whose registered agent in Georgia, Corporation Service Company, is located at 2 Sun Court,

Suite 400, Peachtree Corners, GA 30092, in Gwinnett County.

## JURISDICTION AND VENUE

3.

Jurisdiction and Venue are proper in this Court because Defendant's registered agent is

located in Gwinnett County, GA; Defendant may be served by and through its registered

agent in Gwinnett County and because this Court has subject matter jurisdiction over this

case.

## FACTUAL BACKGROUND

4.

This matter began on December 30, 2021, when Plaintiff's home at 1730 Tilden Avenue

Jonesboro, GA 30236, sustained sewage damage due to a sudden and accidental incident that

caused damage to Plaintiff's home.

5.

Plaintiff hired/retained Large Loss Public Adjusters, LLC, to advocate on her behalf and

assist her with the insurance claim process. Furthermore, Plaintiff hired 411 Claim

Restoration Services to mitigate the sewage damage and to prevent the property from further

damage.

6.

Defendant provided Claim number 790671-GM as a reference to the sewage incident.

7.

Plaintiff has complied with all conditions contained in the insurance policy.

8.

Defendant has not afforded the proper coverage under the applicable policy. This lack of good faith has compelled Plaintiff to hire legal counsel and bring the instant lawsuit against Defendant.

9.

Defendant purposefully delayed the claim process and consciously underpaid this claim.

10.

On January 3, 2022, The Public Adjuster emailed Defendant's adjuster, Tony Strozier a Letter of Representation "LOR" and an Initial Report/Incident Report.

In the LOR, the following was requested:

- Certified Copy of the Policy
- Proof of Loss Forms

The Incident Report included the following:

- Diagram of the Basement
- Cause & Origin (cause of loss)
- Images of the source (cause of loss)

- Images of the Basement at the time of loss.
- Images of the moisture reading.

11.

On January 4, 2022, at approximately 8:00 AM, Defendant's adjuster, Tony Strozier inspected the Risk/Property. Moreover, Tony Strozier spoke with the Public Adjuster on the phone to obtain clarification regarding the nature of the loss.

12.

Defendant's adjuster, Tony Strozier appeared unprepared and angry for no apparent reason. Tony Strozier stated that he did not receive the Initial Report or the LOR. This phone conversation lasted several minutes.

13.

The Public Adjuster advised Defendant's adjuster Tony Strozier that the Public Adjuster had sent the Letter of Representation "LOR" which was attached to the email that had been sent on January 3, 2022. In the LOR, the following items were requested: A certified Copy of the Policy and Proof of Loss Forms.

14.

On January 4, 2022, at 8:04 AM, the Public Adjuster again emailed Defendant's adjuster, Tony Strozier the LOR, along with the Initial Report.

15.

On January 12:06 PM, the Public Adjuster emailed the Defendant and stated the following:

"Attention: Tony Strozier @ Nationwide Insurance

Re: 790671-GM  - Inspection

Hi Tony,

•       This is in reference to your field inspection this morning.

•       I spoke with you on the phone to explain the nature of the loss, you were rude to me and unprofessional.

•       Furthermore, you yelled at the insured for No reason. Please refer to the email below. The email below is the insured's statement.

•       There are additional witnesses that observed your outrageous behaviors.

•       Regardless of the claim's outcome, you have no right to treat anyone in this manner.

•       Before we resume this claim, please forward this email thread to your manager so we can resolve this issue.

•       Also, please email me your manager's contact information.

"From: Victoria Codd <vcodd02@gmail.com>

Date: Tue, Jan 4, 2022 at 10:46 AM

Subject: Insurance guy bad attitude

To: Elvis Daf <elvis.largeloss@gmail.com>

Hi Elvis,

   I'm writing you in regards to the outrageous behavior of Mr Tony Strozier this morning at my home.

Mr Tony arrived approximately 8:00 am this morning to do his inspection, I let him into the house and I had to verify if he was Tony as he did not officially introduce himself.

I took Tony downstairs to show him where the water was,he got visibly upset when he walked down the stairs and the first questions he asked was what is this? What was down here?

Then I responded and told him what the downstairs was used for,he wanted to know why I had someone touch the house,so I asked him if Mr Elvis did not reach out to him. He was demanding to speak to the plumber, this is when I told him I would call my adjuster so he could ask him the questions.

My problem I had with Mr Tony was his arrogant,disrespectful and unprofessional attitude towards me in my home. The way he spoke to me is unacceptable, I am a client of nationwide and I believe I should be treated with the utmost respect by any employee that comes to my home to perform his/her duties.

Mr Tony's words to me were "Ms for future reference don't let anyone touch anything in your house until the insurance company gets here", my response was this downstairs was covered in stinky septic water I'm the person along with my family that had to go through this so I did what I needed to do. He also said how do I know that you had tiles and whatever you claim was in here  because I did not see it and this could lead to you not getting paid for claimed damages, I then told him I have videos and pictures as proof.

I am disappointed in his behavior because he was very loud and screaming at me like I was stupid, this was not needed and very unacceptable.

Please check into this incident for me Elvis. Thanks and hope to hear from you soon.

Victoria Codd"

16.

On January 17, 2022, The Public Adjuster emailed Defendant the rebuild estimate.

17.

On January 24, 2022, at 9:03 AM, the Public Adjuster emailed Defendant's manager, Eric Ash, and stated the following:

"Please note that Tony Strozier is handling this claim and he is not communicating with the Public Adjuster. All requested information was submitted to him; however, there is No reply yet. Please refer to the email below. This is the rebuild estimate. Also, please provide me with an update on this claim."

18.

On January 24, 2022, at 12:31 PM, Defendant's manager, Eric Ash emailed the Public Adjuster the following:

"In review of the email below does not ask for a status update or a reply it simply states "Please refer to the attached PDF file." I will ask Tony to respond to let you know he received the email in the future. As far as a status update, this claim is under investigation. You and your client will be hearing from a member of our special investigation team. Once the investigation is complete, we will provide an update."

19.

On January 24, 2022, at 12:31 PM, The Public Adjuster emailed Defendant and stated the following:

"Please provide me with the special investigation team contact information. It has been twenty-four days since the date of loss and the insured would like to restore her home to pre-loss condition."

20.

On January 24, 2022, at 4:40 PM, The Public Adjuster received an email from Defendant's

investigator Michael Smith: the email stated the following:

"Per our conversation, I would like to meet with the Insured at the Loss Location later this week. Currently, I am available Wednesday after 1pm , Thursday after 11am and any time morning or afternoon on Friday. Let me know what works out for you and Ms. Codd."

## 21.

On January 25, 2022, the Public Adjuster emailed Defendant's investigator, Michael Smith the following:

- "Pursuant to our phone conversation, the meeting is scheduled for Thursday (01/27/2022 @ 1 PM).

- Location: 1730 Tilden Avenue. Jonesboro, GA 30236"

## 22.

On January 26, 2022, at 10:48 AM, The Public Adjuster emailed Defendant's investigator Michael Smith the following:

"I would like to change the time of the appointment to 2 pm (Thursday 01/27/2022 @ PM).

I have a medical appointment at 12 noon; therefore, I can meet with you at 2 PM."

## 23.

On January 26, 2022, at 11:22 AM, the Public Adjuster received an email from Defendant's investigator, Michael Smith, the email stated the following:

"That will be fine. 2pm on 1/27/2022."

## 24.

On February 2, 2022, the Public Adjuster emailed Defendant's manager, Eric Ash,  and stated the following:

"Attention: Eric Ash @ Nationwide Insurance

CC: Mike Smith & Tony Strozier

Re: Claim 790671-GM  Need an update

Hi Eric,

Please provide me with an update on this claim."


25.

On February 4, 2022, the Public Adjuster emailed Defendant and stated the following:

"Attention: Eric Ash @ Nationwide Insurance

CC: Mike Smith & Tony Strozier

Re:  Claim 790671-GM  Need an update...

Hi Eric,

Please follow up with Michael Smith and provide me with an update on this claim."


26.

On February 7, 2022, at 8:32 AM, The Public Adjuster emailed Defendant and stated the following:

"Attention: Eric Ash @ Nationwide Insurance

CC: Mike Smith & Tony Strozier

Re: Claim 790671-GM  Reply

Hi Eric,

Please refer to the email thread below and reply accordingly.

The Insured would like to repair her home and resume a normal life.

Please reply accordingly."

27.

On February 7, 2022, at 8:57 AM, Defendant finally emailed the Public Adjuster and stated the following:

"This claim is still in the investigation process, once the process is completed I follow up with you."

28.

On February 7, 2022, at 3:41 PM, Defendant emailed the Public Adjuster and stated the following:

"In order to complete my investigation we will need the following:

1/ an interview of the son who discovered the water initially and completed some mitigation efforts.  Please provide contact information for him.  If you would like to be present for that

   Interview we can arrange a mutually agreeable date/time in the near future

2/ Reports from the Mitigation Company who handled the mitigation and photographs they took at the home

3/ Reports and any photos  from the plumber who responded and contact information for them."

29.

On February 8, 2022, The Public Adjuster emailed Defendant and stated the following:

"I will forward this email to the insured and make the proper arrangement to proceed with the investigation."

30.

On February 14, 2022, at 8:58 AM, Defendant emailed the Public Adjuster and stated the following:

"I was following up to see if the Insured had provided any dates/times her son could be available for an interview. I will be in that general area of Wednesday this week and I am also free on Friday also.

Also, what is the status of reports and/or records from the mitigation company and the plumber who came to the loss site ?"

31.

On February 14, 2022, at 9:23 AM, the Public Adjuster emailed Nationwide and stated the following:

"I spoke with the insured and she is going to communicate with her son.

As to the other requested documents, I will gather the information this week and send it to you."

32.

On February 15, 2022, at 7:28 AM, The Public Adjuster emailed Defendant and stated the following:

"The insured's son is available tomorrow (Wednesday, 02/16/2022 at 8:00 AM)."

33.

On February 15, 2022, at 7:30 AM, Defendant emailed the Public Adjuster and stated the following:

"That will be fine. Will he be at the residence ?"

34.

On February 22, 2022, The Public Adjuster emailed Defendant and provided photos that were taken by the mitigation company.

35.

On March 2, 2022, The Public Adjuster emailed Defendant the plumber's report.

36.

On March 4, 2022, at 8:37 AM, the Public Adjuster emailed Defendant and requested an update on the claim.

On March 4, 2022, at Defendant emailed the Public Adjuster and stated the following:

"I am in the process of evaluating the recent info you provided from the mitigation contractor

and the plumber.   I will let you know if any additional information is needed."

37.

On March 9, 2022, The Public Adjuster emailed Defendant and stated the following:

"The insured wants to restore her basement as soon as possible. Please provide me with an

update."

38.

On March 14, 2022, at 12:56 Pm, The Public Adjuster emailed Defendant and stated the

following:

"The date of loss is December 30, 2021, and it has been over three months.

Please provide me with an update on this claim."

39.

On March 14, 2022, at 4:05 PM, Defendant emailed the Public Adjuster and stated the following:

"I will be conferencing my finding with the Claims Team this week and I expect for my end to be finished. The Claims Team will handle from that point."

### 40.

On March 18, 2022, at 11:56 AM, the Public Adjuster emailed Nationwide and stated the following:

"Attention:

Michael Smith @ Nationwide Insurance

Eric Ash @ Nationwide Insurance

Tony Strozier @ Nationwide Insurance

Re: Claim 790671-GM  Moving Forward

Moving forward:

Who do I need to follow up with?

Please provide me with an update regarding this claim."

### 41.

On March 18, 2022, at 2:51 PM, Defendant emailed the Public Adjuster and stated the following:

"The attorney representing Nationwide will be in contact with you to schedule an examination under oath."

### 42.

On March 21, 2022, The Public Adjuster emailed Defendant and stated the following:

"Please provide me with the attorney's contact information and I will contact him/her.

It has been almost four months and the Insurance Company still investigating this matter. We need to expedite this claim; therefore, I will reach out to the attorney and schedule an appointment to conduct the examination under oath."

43.

On March 25, 2022, at 9:02 AM, The Public Adjuster emailed Defendant and stated the following:

"Please refer to the email below dated March 21, 2022 at 9:20 AM.

As of today, I still have not received the attorney's information.

Furthermore, please review the letter of representation, the Insurance Company still hasn't provided the requested forms/policy.

It has been almost four months and the Insurance Company still hasn't affirmed/denied coverage of this subject claim.

The Insurance Company should be fair and abide by O.C.G.A § 33-6-34 - Unfair claims settlement practices."

44.

On March 25, 2022, at 1:13 PM, Defendant emailed the Public Adjuster and stated the following:

"The Attorney contact information is below. I have ordered a copy of the certified policy and will send it over to you as soon as I receive it.

William Strickland

STRICKLAND  & SCHWARTZ LLC

2200 Century Parkway, N.E., Suite 1050

Atlanta, Georgia  30345

Telephone:  (404) 296-6692

Facsimile:   (404) 296-6045"

45.

On March 28, 2022, The Public Adjuster emailed Defendant's attorney and stated the following:

"Attention: William Strickland @ STRICKLAND  & SCHWARTZ LLC

Re: Claim 790671-GM - Nationwide - Insured: Victoria Codd

Hi William,

This is in reference to the Examination Under Oath for Victoria Codd.

Please reply to this email so we can schedule a time and location."

46.

On March 29, 2022, Defendant emailed the Public Adjuster a certified copy of the policy.

47.

On March 30, 2022, The Public Adjuster emailed Nationwide's attorney and stated the

following:

"Attention: William Strickland @ STRICKLAND  & SCHWARTZ LLC

Re: Claim 790671-GM - Nationwide - Second Request

Hi William,

Please refer to the email below and reply accordingly."

48.

On April 4, 2022, at 10:46 AM, the Public Adjuster emailed Defendant's attorney and stated the following:

"Attention: William Strickland @ STRICKLAND  & SCHWARTZ LLC

CC: Eric Ash @ Nationwide Insurance

CC: Tony Strozier @ Nationwide Insurance

Re: Claim 790671-GM - Nationwide - Third Request

Hi William,

Please note that this is the Third Request to schedule the Examination Under Oath for Victoria Codd.

Please note that the date of loss is December 30, 2022, it has been over three months, and Nationwide has not affirmed or denied coverage.

There is no reason to keep delaying this claim. The Insurance Company should act in good faith and comply with O.C.G.A. 33-6-34."

49.

On April 4, 2022, at 2:37 PM, Defendant's attorney emailed the Public Adjuster and stated the following:

"William Strickland is out of the office on leave until April 12, 2022.  He will respond to your April 4, 2022 email upon his return.

The Examination Under Oath letters were mailed out to your clients on Thursday, March 31, 2022 via certified mail, return receipt requested and first class mail.  A copy was also emailed to Ms. Codd at her email address above.  We do not have an email address for Mr. Thompson"

50.

On April 13, 2022, Defendant's attorney finally emailed the Public Adjuster and stated the

following:

"You are not a party to this contract of insurance between Nationwide's insureds and

Nationwide. Mine is the first request for Examination Under Oath and is permitted under the

terms and conditions of the contract of insurance."

51.

On April 19, 2022, Plaintiff's attorney, Baxter Law Firm emailed Defendant's attorney and

stated the following:

"This letter is to inform you that this firm has been retained to represent Victoria Codd

concerning the above-referenced claim.

It is my understanding that communications have been sent to Ms. Codd by your office. I would

like to address the following:

- Sworn Statement in Proof of Loss:

o The Public Adjuster requested Proof of Loss forms on January 3, 2022; as of the date of this

writing, your client has not provided the requested forms.

- Examination Under Oath:

o It was brought to my attention that the requested Examination Under Oath pertains to three

persons.

o Other than my client, Victoria Codd, who else is your client requesting to appear for an

Examination Under Oath?

o Please provide this firm with any and all documents pertaining to the requested Examination Under Oath.

o Once I receive the documents referenced above, I will be happy to address the date, time, and location for the Examination Under Oath.

I look forward to working with you to swiftly and amicably resolving this matter."

52.

On April 21, 2022, Defendant's attorney emailed Plaintiff's attorney and stated the following: "I attach a copy of the letters sent to the three witnesses whose Examinations Under Oath have been scheduled. The letters contain the documents requested. Your clients' public adjuster is not a party to the contract between Ms. Codd and her insurer."

53.

On April 22, 2022, at 3:11 PM, Plaintiff's attorney emailed Defendant's attorney and stated the following:

"This letter is in reference to your prior correspondence dated April 20, 2022. A true and correct copy of your letter is attached hereto as "Exhibit A."

Your firm never addressed our prior request regarding the Proof of Loss forms. The request was made on January 3, 2022, to Nationwide. Pursuant to O.C.G.A § 33-24-39 Nationwide is required to furnish the forms.

Your April 20th correspondence requested sensitive information, yet you failed to provide a method of how to receive the information. Before providing any sensitive information, your firm must provide the following:

- A secure link to upload necessary documents.

- A letter from your firm to address the protocol to dispose of the information my client provides afterward.

Section 1 – Conditions, Item C, in pertinent part, states the following:

"C: Duties After Loss

7. As often as we reasonably require

d. Submit to examination under oath by our representatives and sign same. Upon request, the exams will be conducted separately and not in the presence of any other persons except the legal representative of the person submitting to the examination under oath, our representatives and a court reporter; and"

The above-mentioned policy clause pertains to the named insured/insureds only; therefore, there is no need to obtain statements from the following person:

• Derrick Thompson:

o His name is not on the policy, and he is not a named insured.

o He has no insurable interest in the Risk/Property.

o He does not live at the 1730 Tilden Ave address.

o His name is not on the deed.

o He does not meet the definition of "Insured".

We still need to schedule an appropriate date and time for the Examination Under Oath."


54.

On April 22, 2022, at 4:00 PM, Plaintiff's attorney emailed Defendant's attorney and stated the following:

"I have attached a certified copy of the policy that my client's public adjuster received from Nationwide. Mr. Derrick Thompson is not listed."

55.

On April 25, 2022, at 8:28 AM, Defendant's attorney emailed Plaintiff's attorney and stated the following:

"As we discussed by phone, please send the documents that your client is to provide to my email address and to Deby Witt's email address: wds@stricklandschwartz.com and deb@stricklandschwartz.com.

Our firm's protocol is to shred the paper file after the matter for which services are rendered have been finalized and completed. As you and I discussed, the code of ethics requires us to retain the records pertaining to the matter electronically after that.

As to the requirements for a Sworn Statement in Proof of Loss form, Nationwide's initial reservation of rights letter merely indicates that if Nationwide does require a Sworn Statement in Proof of Loss (which is its right under the policy conditions), hen the insured has a duty to complete that Sworn Statement if Proof of Loss and send it back. Nationwide won't know whether or not it will need a Sworn Statement in Proof of Loss until after the scheduled examinations under oath have been completed.

Please do send your documents today so that I have at least a day to review the documents before the EUO's. In that regard, I understand that Ms. Codd and her son, Mr. Savery, will be appearing for their examinations under oath. If this is incorrect, please let me know."

56.

On April 25, 2022, at 4:50 PM, Plaintiff's attorney emailed Defendant's attorney and stated the

following:

"This letter is in reference to your prior correspondence today (April 25, 2022). A true and

correct copy of your letter is attached as "Exhibit A."

As far as Mr. Derrick Thompson, he does not meet the definition of an insured nor does he have

an insurable interest; therefore, he is not going to submit to an Examination Under Oath (EUO).

As far as the date and time of the EUO, we still have to coordinate to find an appropriate date

and time to conduct the EUO. My prior correspondence to your firm stated the following:

"We still need to schedule an appropriate date and time for the Examination Under Oath;" and,

"Once I receive the documents referenced above, I will be happy to address the date, time and

location for the Examination Under Oath."

As far as submitting my client's sensitive personal information via unsecured email, we are not

going to do so, as it may put our client's personal information at risk of being compromised. The

tax returns will be submitted to your office via secured trackable mail.

I will reach out to my client's Public Adjuster and request that he send you an email with the

photographs and other documents that pertain to the claim.

Finally, as your client has not yet submitted the Proof of Loss forms, I will contact my client's

Public Adjuster and request that he use his own forms. The Proof of Loss is part of the claim and

pursuant to the Georgia Administrative Code (Chapter 120-2-52. FAIR AND EQUITABLE

SETTLEMENT OF FIRST PARTY PROPERTY DAMAGE CLAIMS):

Insurers must acknowledge communications within 15 days. Ga. Comp. R. and Regs. 120-2-

52.03(1);

Insurers must tender payment within 10 days after Proof of Loss. Ga. Comp. R. and Regs. 120-2-52.03(4);

Also,

Insurers must make a prompt offer when liability is reasonably clear; and,

Insurers must accept or deny claims within a reasonable period of time; Ga. Code Ann. § 33-6-34;

The Proof of Loss will trigger a time limit. In this case, it appears that the Insurer is delaying this claim for no apparent reason. The date of loss was December 30, 2021; thus far, the Insurer simply obtained two recorded statements.

I am hopeful that we can communicate more effectively and efficiently going forward. The email system is not a valid medium to transmit sensitive personal information. As previously stated, I will have my client and my client's Public Adjuster release all the necessary information that pertains to the claim. However, we still need to coordinate a date and time for the Examination Under Oath."

57.

On April 25, 2022, at 5:23 PM, Defendant's attorney emailed Plaintiff's attorney and stated the following:

"You told me ,in our phone conversation , that Mr Savery and Ms. Codd would appear for their scheduled EUOs. 11 minutes before the close of business on the day before the date scheduled for the EUOs you have changed course and have unilaterally cancelled tomorrow's statements. Provide 3 dates in the next two weeks upon which you and Ms Codd and her son will be available for the EUOs.

You can deliver the documents which I requested in the EUO letters in person, by messenger or

through your secure drop box account. Please do so ASAP and certainly at least 2 days before

the requested rescheduled EUOs- within the next two weeks.

Please do send the documents which I have requested rather than those which you or the Public

Adjuster deem appropriate. You have a copy of the policy and understand the need for your

client and her son to cooperate Please cite any statute or authority which stands for the

proposition that your client can delay the investigation, submit an unsolicited Sworn Statement in

Proof of Loss and claim that Nationwide has a deadline to respond to the Sworn

Statement. This appears to be nothing more than attempt to set up a "gotcha" situation. Please

refrain from such actions. Nationwide will respond to your submission of the " Sworn

Statement" in due course."


58.

On May 2, 2022, at 4:04 PM, Plaintiff's attorney emailed Defendant's attorney and stated the

following:

"My client and Mr. Savery can appear for an EUO at your office on any of the following dates

and times:

Tuesday, May 10 – 10:00 am

Wednesday, May 11 – 10:00am

Tuesday, May 17 – 10:00am

The requested documents will begin to be submitted to your office as soon as possible.

Please let me know which date and time works best for you."

59.

On May 2, 2022, at 4:08 PM, Defendant's attorney emailed Plaintiff's attorney and stated the

following:

"Mr. Strickland is only available on May 11. We will need to receive the documents on or before

May 6, 2022 to give Mr.

Strickland an opportunity to review them prior to the EUO."

60.

On May 13, 2022, Defendant's attorney emailed Plaintiff's attorney and stated the following:

"Please do send copies of the pictures that your client took of the "black water" that she

said were taken on the night of the discovery of the loss (December 30, 2021). Please also send

all bills and estimates from both the plumber (Godfather Plumber) and from public adjuster Elvis

Dafrawi.

If you have any inventories or any other evidence of loss, please provide those as well."

61.

On June 02, 2022, the following emails were sent as follows:

- At 12:34 PM, Plaintiff's attorney emailed Defendant's attorney photos of the black water.
  The photos were taken by the Plaintiff on December 30, 2021.

- At 12:35 PM, Plaintiff's attorney emailed Defendant's attorney the Proof of Loss.

- At 12:36 PM, Plaintiff's attorney emailed Defendant's attorney an itemized list of the
  non-salvageable personal property.

- At 12:37 PM, Plaintiff's attorney emailed Defendant's attorney the sewage mitigation invoice.

- At 12:38 PM, Plaintiff's attorney emailed Defendant's attorney the rebuild estimate.

- At 12:38 PM, Plaintiff's attorney emailed Defendant's attorney the plumber's invoices.

62.

On June 8, 2022, and for the first time, Defendant provided its own proof of loss forms.

63.

Plaintiff, by and through her public adjuster and her attorneys had already requested that Defendant provide its proof of loss forms on several occasions; however, Defendant continually ignored Plaintiff's requests and did not provide its proof of loss forms.

64.

Only after Plaintiff provided her own proof of loss did Defendant provide its forms.

65.

On June 8, 2022, Defendant's attorney emailed the Plaintiff's attorney. The email stated the following:

"Nationwide General Insurance Company hereby rejects the Sworn Statement in Proof of Loss that you recently sent. Attached is a Sworn Statement in Proof of Loss form which your client is to fill out and sign as required by the policy of insurance. This form provides a great deal more information for Nationwide's evaluation for this claim. Please have you client cooperate and provide the properly executed and completed form.

Please also send the original photo images rather than in .pdf form. This will allow for metadata analysis in this part of Nationwide's investigation."

66.

On June 9, 2022, at 3:32 PM, Plaintiff's attorney emailed Defendant's attorney the two images that reflect the black water.

67.

On June 09, 2022, at 6:17 PM, Plaintiff's attorney emailed Defendant's attorney and stated the following:

"On June 8, 2022, you provided a new proof of loss form; your firm requested that my client execute a new Proof of Loss form using your client's (Nationwide) form. Per your firm's request, my client has executed the form that you provided.

Attached, please see the new Proof of Loss form.

I will look forward to speaking with you soon."

68.

On June 14, 2022, Defendant's attorney emailed Plaintiff's attorney and stated the following: "Attached please find a Contents Loss Inventory which we need to have your client fill out and send back. It should have been attached to the Sworn Statement in Proof of Loss. If your client wishes to change any portion of her claim, please send me a new Sworn Statement in Proof of Loss with a copy of the Contents Loss Inventory."

69.

On or about June 21, 2022, Defendant hired an engineering firm, RIMKUS Consulting, to evaluate the sewage loss and determine the cause & origin.

70.

On June 28, 2022, at 8:10 AM, the Public Adjuster emailed Hasan Rizvi at RIMKUS Consulting Group, Inc. and stated the following:

"Pursuant to our yesterday's conversation, I would like to schedule the inspection for Thursday, June 30, 2022, @ 12 pm or Friday, July 1, 2022, @ 12 noon."

71.

On June 28, 2022, at 9:46 AM, Defendant's Engineer, Hasan Rizvi, emailed the Public Adjuster and stated the following:

"Let's schedule Thursday, June 30 at 12pm. See you then."

72.

On June 28, 2022, at 12:48 PM, Plaintiff's attorney emailed Defendant's attorney and stated the following:

"As requested, my client has executed the Contents form that your client provided. Please note that my client has done this at your request and as an accommodation and that this information was previously provided to your office on June 2, 2022. I have attached a copy of that email along with the new Contents form.

I look forward to working with your firm to get this matter resolved."

73.

On July 5, 2022, at 10:38 AM, Defendant's attorney emailed Plaintiff's attorney and stated the following:

"We received the contents loss inventory as part of the Sworn Statement in Proof of Loss on June 28, 2022.

Nationwide is still investigating this matter and will need additional time to respond to your client's Sworn Statement in Proof of Loss because it is waiting for an engineer's report as part of its investigation."

74.

On July 5, 2022, at 3:01 PM, Plaintiff's attorney emailed Defendant's attorney and stated the following:

"This is in reference to your letter dated July 05, 2022. A true and correct copy of your letter is attached along with this letter and marked as "Exhibit A". Please note that our inventory file was submitted to you on June 02, 2022.

The Proof of Loss (the form was provided by Nationwide) was submitted to you on June 09, 2022.

Regarding Personal Property, the policy states the following:

C. Duties After Loss

6. Prepare an inventory of damaged personal property showing the quantity, description, "actual cash value" and amount of loss.

• The inventory list of the damaged personal property provided by my client's Public Adjuster as originally submitted meets the policy terms and criteria.

• The inventory list of the damaged personal property provided by my client's Public Adjuster shows ACV, RCV, and Description.

• Nationwide requested that my client use their forms, which my client did use as a courtesy; however, this does not mean that the date of the Proof of loss was reset.

• The engineer inspected the Risk/Property on June 30, 2022; he still has plenty of time to

provide Nationwide with a report.

We expect Nationwide to comply with the Policy's terms and Conditions and provide an official

reply of the Proof of Loss by July 9, 2022. There's no reason for any additional delays.

Nationwide has been investigating this claim since January 2022."


75.


On July 8, 2022, Defendant's attorney emailed Plaintiff's attorney and stated the following:

"Please inform me of the type of material of which the pipe leading from the house out to

the septic tank consisted of. Was it cast iron, PVC, or some other material? The engineer who

went to the property and inspected it when the public adjuster was there wants to know."


76.


On July 11, 2022, Plaintiff's attorney emailed Defendant's attorney and stated the following:

"On Friday, June 8, 2022, your firm requested further information regarding the pipes at my

client's home. I have attached a copy of your letter to this email.

Your firm stated,

"Dear Mr. Baxter: Please inform me of the type of material of which the pipe leading from the

house out to the septic tank consisted of. Was it cast iron, PVC, or some other material? The

engineer who went to the property and inspected it when the public adjuster was there wants to

know."

- The main sewer lines consist of cast iron;

- The sewer line from the basement to the septic tank is PVC;

- The cleanout is PVC."

77.

On July 19, 2022, at 2:08 PM, Plaintiff's attorney emailed Defendant's attorney and stated the
following:

"I would like to request a copy of the Engineering report for my client's home. The claim
number is referenced in the subject line above."

78.

On July 19, 2022, at 2:12 PM, Defendant's attorney emailed Plaintiff's attorney and stated the
following:

"Donna and Deby are my assistants. Nationwide has not yet received the report"

79.

On August 1, 2022, at 1:21 PM, Plaintiff's attorney emailed Defendant's attorney and stated the
following:

"My firm has not received a response from your client on this claim.

If we do not receive either an affirmation of coverage or a denial letter by the end of this week
(August 5, 2022), my client is prepared to file a lawsuit."

80.

On August 1, 2022, at 1:25 PM, Defendant's attorney emailed Plaintiff's attorney and stated the
following:

"The engineer got Covid and has to yet given his opinions to Nationwide. Once Nationwide has received and reviewed those opinions, it will have completed this portion of its evaluation and can respond to your demands"


81.

On August 15, 2022, at 2:43 PM, Plaintiff's attorney emailed Defendant's attorney and stated the following:

"I received the voicemail that you left for me earlier this afternoon. In your voicemail, you stated that you had finally heard back from the engineer.

Please email me a copy of the engineering report and any decisions that have been made by your client, Nationwide, pertaining to this claim."


82.

On August 15, 2022, at 2:50 PM, Defendant's attorney emailed Plaintiff's attorney and stated the following:

"As I intended to talk with you about, Nationwide has heard from Rimkus but has not yet received it's report. I will inform you of Nationwide's decision regarding your client's claim after receiving the engineer's report and discussing it with Nationwide."


83.

On September 13, 2022, Defendant's attorney emailed Plaintiff's attorney and stated the following:

"Are there any claims materials which might help in Nationwide's analysis or which Mr. Dafrawi would like for Nationwide to consider. I will obtain updated estimates from Nationwide and perhaps Dafrawi can review them and revise his estimates? Does Mr. D now have any revised estimates now?

If you and I can come to a negotiated settlement , then there will be value for our clients."

84.

On September 15, 2022, Plaintiff's attorney emailed Defendant's attorney and stated the following:

"At this point, there are no other documents that my client and her Public Adjuster would like to submit. Therefore, please have Nationwide release any and all undisputed amounts."

85.

On September 21, 2022, at 10:31 AM, Plaintiff's attorney emailed Defendant's attorney and stated the following:

"This is a follow up email regarding the undisputed amount. All necessary documents have been submitted to your office/the insurance company.

What is the status on the release of the funds for the undisputed amount?"

86.

On September 21, 2022, at 10:38 AM, Defendant's attorney emailed Plaintiff's attorney and stated the following:

"I have dictated a letter to you regarding the estimates which have been updated by Nationwide, There are some items of damage which would be from the repeated leakage within this basement area. The letter asks whether you PA will agree on the scope of related and unrelated damage so that dollar figures may be assigned . You should receive that latter soon"

87.

On September 21, 2022, at 11:04 AM, Plaintiff's attorney emailed Defendant's attorney and stated the following:

"Regarding the small section of the ceiling underneath the bathroom: Nationwide can issue a partial denial for this specific area; moreover, Nationwide needs to release the undisputed amounts and affirm coverage. This evaluation can be completed by Nationwide, or alternatively, Nationwide can rely on my client's Public Adjuster's evaluation and remove line items where Nationwide disagrees with the Public Adjuster. At this point, the Engineering Report has not been released to my firm or the Public Adjuster to even be able to consider revising the submitted estimates. Regardless of the Engineering Report, at this point, Nationwide needs to affirm coverage and release any/all undisputed amounts."

88.

On September 27, 2022, Defendant's attorney emailed Plaintiff's attorney and stated the following:

"Nationwide's updated estimates include dwelling repairs and water mitigation totaling $10,952.93. I'm telling you not because Nationwide believes that there is coverage, but this appears to be the extent of the claim. As I have told you, the expert's report from Rimkus

Engineering tells us that damages to portions of the basement are unrelated to one single occurrence that resulted from over-time leakage.

One estimate with water mitigation totaled $5,400.52. The laundry room estimate of proposed damages to dwelling and water mitigation totals $590.50 and miscellaneous estimates for equipment setup, takedown and monitoring, as well as dumpster loads, total $638.08. So the total estimate, if all elements were covered for the dwelling, would be $24,082.70, with $12,659.38 of that amount being ACV. The claim for dwelling cost, if depreciation is recovered, would be $16,364.58, and the total for water mitigation would be $6,718.12.

With these figures being a guide to Nationwide's initial approach, what figures can you offer, considering the coverage issues that exist and the total amount of the claim?"


89.

On September 28, 2022, Plaintiff's attorney emailed Defendant's attorney and stated the following:

"Thus far, your client has neither affirmed coverage under its policy nor released the undisputed amounts due under the policy.

At the outset of this matter, my client's public adjuster requested that your client provide its Proof of Loss forms; your client elected not to do so. On May 31, 2022, my client completed a Proof of Loss that was sent to your firm. Subsequently, your client demanded that my client complete another Proof of Loss on its own forms, which you then provided for the first time on June 8, 2022. On June 9, 2022, my client re-submitted the Proof of Loss on your client's forms as a courtesy.

Based on the language of the Policy Contract, once a Proof of Loss is submitted, your client has

60 days to affirm or deny coverage and release any/all undisputed amounts. Thus far, your client

has failed to satisfy its obligations under its own Policy Contract.

Furthermore, it is my belief that your client is currently in violation of O.C.G.A. § 33-6-34(3),

(4), (7) and (9).

Regardless of whether your client wants to release the Engineer's Report or not, all necessary

paperwork has been submitted and your client now must immediately affirm coverage and

release any and all undisputed amounts based on its own evaluations.

I will look forward to your prompt response."


90.

Ob October 3, 2022, Defendant issued a check in the amount of $22,659.38. The following

payees were listed on the check:

- Baxter Law Firm LLC

- Victoria Antonette Codd

- Large Loss Public Adjuster


91.

Upon information and belief, Plaintiff believes that Defendant purposefully delayed this

process by conducting an unreasonable investigation.

92.

Upon information and belief, Plaintiff believed that Defendant deliberately bullied her by conducting an unreasonable investigation and putting her through unnecessary hoops in an attempt to force her to give up on the claim.

93.

Upon information and belief, Plaintiff believes that Defendant decided to investigate this claim to cover up for its adjuster, Tony Strozier's outrageous behavior and mishandling of the first visit.

## COUNT I – BREACH OF CONTRACT

94.

Pursuant to the facts stated above, Defendant has breached its contract with Plaintiff by failing to fully compensate Plaintiff and Plaintiff's vendors in accordance with the policy.

## COUNT II – NEGLIGENCE

95.

Plaintiff restates and incorporates by reference as if fully set forth herein the averments contained in the paragraphs set forth above.

96.

Defendant had a duty to act in the best interests of Plaintiff, manage Plaintiff's insurance claim properly, and ensure that Plaintiff's claim was fully compensated.

97.

Defendant breached this duty by failing to compensate Plaintiff accordingly and delayed the claim process for no apparent reason.

## COUNT III — ATTORNEY'S FEES AND EXPENSES OF LITIGATION

98.

Plaintiff restates and incorporates by reference as if fully set forth herein the averments contained in the paragraphs set forth above.

99.

Plaintiff reserves the right to move to add parties herein. Plaintiff also reserves the right to amend her Complaint based on further investigation and discovery.

100.

By Defendant's actions and conduct as set forth above, Defendant has also acted in bad faith, been stubbornly litigious, and have caused Plaintiff unnecessary trouble and expense, entitling Plaintiff to recover its costs and expenses of litigation, including attorney's fees, pursuant to O.C.G.A. §13-6-11 in an amount to be proven at trial.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that this honorable court award damages in the following amounts:

DWELLING - REBUILD:                                          $26,269.63

DWELLING - WATER MITIGATION:                                 $20,333.92

PERSONAL PROPERTY - NON-SALVAGEABLE ITEMS:                   $7,840.67

Plaintiff also requests that pursuant to the facts stated above, as well as those facts which will be proven at trial, that this Court find that Defendant has acted in bad faith and impose a statutory penalty of 50% of the above-demanded amount pursuant to O.C.G.A.

§ 33-4-6; Plaintiff requests that Defendant be held liable to pay Plaintiff's costs and reasonable attorneys' fees.  Plaintiff's counsel will submit an affidavit of attorneys' fees for this Court's review.

Plaintiff also requests any further relief that this honorable Court deems just and proper. Plaintiff also demands a trial by jury.


Respectfully submitted this December 27, 2022.



/s/Ryan Baxter
Ryan Baxter
Georgia Bar No. 588243


BAXTER LAW FIRM, LLC
2400 Herodian Way Suite #220
Smyrna, GA 30080
Telephone:  (678) 813-1900
ryan@baxlegal.com

*Attorney for Plaintiff*

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**22-C-07484-S5**
**12/27/2022 3:51 PM**
**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

22-C-07484-S5

| | | |
|---|---|---|
| VICTORIA CODD | ) | Civil Action No. |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| NATIONWIDE INSURANCE COMPANY | ) | JURY TRIAL DEMANDED |
| OF AMERICA | ) | |
| | ) | |
| *Defendant,* | ) | |
| | ) | |

### SUMMONS

TO: NATIONWIDE INSURANCE COMPANY OF AMERICA

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's Attorney, whose name and address is:

Ryan T. Baxter, Esq.
Baxter Law Firm, LLC
2400 Herodian Way Suite #220
Smyrna, GA 30080

an Answer to the Complaint which is herewith served upon you, within 30 days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

This 27th day of December, 2022.

TIANA P. GARNER

Clerk of State Court:

DEPUTY/CLERK

Sheriff Number: 23000176    Court Case Number: 22-C-07484-S5
Date Received: 1/4/2023 Time: 1:47 PM
Special Service Inst:

State of Georgia
Gwinnett County

**ATTORNEY'S ADDRESS**

VICTORIA CODD
PLAINTIFF
VS.
NATIONWIDE INSURANCE COMPANY OF AMERICA
DEFENDANT

**NAME AND ADDRESS OF PARTY TO BE SERVED**

NATIONWIDE INSURANCE CO OF AMERICA
STE 400
2 SUN COURT
PEACHTREE CORNERS, GA 30092

SHERIFF'S ENTRY OF SERVICE

| **PERSONAL** ☐ | Sex_____ Skin Color_____ Hair Color_____ Age_____ Hgt_____ Wgt_____ |
|---|---|
| | I have this day served the defendant_____ personally with a copy of the within action and summons. |

**NOTORIOUS** ☐
I have this day served the defendant _____ by leaving a copy of the action and
summons at his most notorious place in this County.

Delivered same into the hands of _____ described as follows:

| SEX | SKIN COLOR | HAIR COLOR | AGE | HGT | WGT |
|---|---|---|---|---|---|
| | | | | | |

**CORPORATION** ☒
I have this day served the _nationwide Insurance Co.of America_ a corporation by leaving a copy of
the within action and summons with _Alisha Smith_ in charge of the office and place of
doing business of said Corporation in this County.

**TACK AND MAIL** ☐

I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises
designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an
envelope properly addressed to the defendant at the address shown in said summons, with adequate postage affixed thereon containing notice to the
defendant(s) to answer said summons at the place stated in the summons.

**NON EST** ☐

Diligent search made and defendant _____ not to be found
in the jurisdiction of this Court.

**SPECIAL PROCESS**

**COMMENTS**

Date: _01-05-2023_

Time: _____

_Sgt. Callin, SO 700_
Deputy Sheriff

GWINNETT COUNTY GEORGIA