IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **MONICA DORSON,** | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. _____ |
| | ) | |
| v. | ) | JURY TRIAL REQUESTED |
| | ) | |
| **FIRST TRANSIT, INC.,** | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

**COMES NOW** Leighanna Dobbs ("Plaintiff" or "Ms. Dorson") by and through her undersigned counsel of record to hereby file this complaint against First Transit, Inc. ("Defendant" or "First Transit") as follows:

### I. JURISDICTION & VENUE

1.  Ms. Dorson files this Complaint, institutes these proceedings, and invokes the jurisdiction of this Court under and by virtue of 28 U.S.C. §§ 1331 and 1334 (a)(4), as an action arising under the Act of Congress known as Title VII of the Civil Rights Act of 1964, (42 U.S.C. § 2000(e) et seq.), as amended by the 1991 Civil Rights Act, 42 U.S.C. § 1981(a); and 42 U.S.C. § 1201, et seq., to obtain equitable relief, the costs of suit, including reasonable attorneys' fees, and damages suffered by the Plaintiff, due to the Defendant's discrimination against Plaintiff.

1

2. Ms. Dorson filed a charge of race discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") in Atlanta, Georgia on August 25, 2022. The EEOC issued Ms. Dorson a right-to-sue on November 9, 2022, giving Plaintiff the right to pursue this claim in federal court for 90 days after said receipt. (Exhibit A).

3. Venue is proper in the Atlanta Division of the Northern District of Georgia, since the Defendant is located in Cobb County, Georgia.

4. The Defendant may be served through its registered agent at C T Corporation System, 289 S. Culver Street, Lawrenceville, Georgia 30046-4805.

## II. PARTIES

5. The Plaintiff, Monica Dorson, is a citizen of the United States and a resident of Decatur, Georgia. Ms. Dorson is over the age of nineteen years.

6. The Defendant, First Transit, Inc., is a transportation company located in Cobb County, Georgia. At all times relevant to this complaint, Plaintiff was employed by Defendant.

## III. STATEMENT OF FACTS

7. Ms. Dorson is an African American with dark skin color complexion.

8. On or about March 12, 2017, Ms. Dorson was hired by First Transit as a driver. During her employment, Ms. Dorson served as the operated for the Cobb Community Transit of Cobb County, Georgia.

9. In late 2021, Ms. Dorson began to be harassed and bullied by co-worker Daphne Wall, an African American with light skin color complexion.

10. On or about August 3, 2021, Ms. Wall submitted a complaint about Ms. Dorson regarding a purported incident that took place on July 3, 2021, between Ms. Wall and Ms. Dorson. Ms. Wall purportedly felt unsafe at work because of an argument with Ms. Dorson. However, Ms. Dorson avers that there was no argument between her and Ms. Wall.

11. HR Manager Meka Smith, an African American with light skin color complexion, investigated Ms. Wall's complaint. On or about October 7, 2021, Ms. Smith informed Ms. Wall that there had been an in-depth investigation where it was determined there no violation of First Transit's harassment policy. (Exhibit B). However, despite no policy violation, Ms. Smith singled out and advised Ms. Dorson to "treat every employee interaction with thoughtfulness and humbleness". Ms. Wall was not advised similarly. (Exhibit C).

12. On or about November 4, 2021, Ms. Dorson contacted Ms. Smith about making a complaint against Ms. Wall because she had started harassing her again. However, shortly after contacting Ms. Smith, Ms. Dorson approached Ms. Wall to discuss putting the events of August 2021 behind them. Ms. Wall agreed and, Ms. Dorson contacted Ms. Smith to inform her that things appeared to be better with Ms. Wall. However, this was short lived.

13. On or about April 1, 2022, as Ms. Dorson was arriving to work at the First Transit building, Ms. Wall tried to run Ms. Dorson over with her vehicle. Shortly thereafter, Ms. Wall confronted Ms. Dorson about money that Ms. Dorson purportedly owed her. This resulted in a verbal disagreement between Ms. Wall and Ms. Dorson.

14. On the same day, Ms. Dorson contacted Ms. Smith about the incident and to inform her that other employees had approached her to inform her that Ms. Wall was gossiping about Ms. Dorson. In response, Ms. Smith informed Ms. Dorson to take deep breaths and think positive.

15. Ms. Dorson also contacted Matt Bristol, Assistant General Manager, about Ms. Wall trying to run over her. Mr. Bristol informed Ms. Dorson to write a statement and to "ignore" Ms. Wall. Mr. Bristol then proceeded to discuss his daughter being suspended at school, as if he did not take Ms. Dorson's concerns seriously. Around that same time, Ms. Dorson completed an Operator Statement in which she stated that Ms. Wall was calling her names and harassing her. (Exhibit D).

16. Ms. Dorson avers that Ms. Smith and Mr. Bristol appeared to ignore her complaints and did not take her concerns about Ms. Wall or Ms. Wall's actions seriously.

17. On or about April 12, 2022, in a notice signed by Ms. Smith, First Transit terminated Ms. Dorson for purportedly using abusive, threatening, and vulgar language. However, First Transit did not terminate or write-up Ms. Wall, even though she harassed and threatened Ms. Dorson on multiple occasions and was involved in the purported incident that First Transit cites as the basis for Ms. Dorson's termination. Accordingly, First Transit's proffered reason for Ms. Dorson's termination is pretextual.

18. First Transit's actions show a deliberate indifference to Ms. Dorson's concerns regarding Ms. Wall and Ms. Wall's conduct towards Ms. Dorson. First Transit perceived Ms. Dorson as more aggressive because of Ms. Dorson's dark skin color complexion as compared to Ms. Wall who has a light skin color complexion. First Transit routinely subjected Ms. Dorson to harsher criticism and discipline than Ms. Wall despite Ms. Wall engaging in the same or similar conduct as Ms. Dorson.

19. Based on the foregoing, Ms. Dorson was subjected to illegal discrimination based on her skin color. Ms. Dorson was also subjected to illegal retaliation when she was terminated after communicating with Ms. Smith about being harassed by Ms. Wall. A convincing mosaic of evidence exists to demonstrate that Ms. Dorson was subjected to intentional discrimination and

retaliation by First Transit when it terminated her from her position of employment with the company.

20. As a result of his First Transit's actions, Ms. Dorson has lost wages and benefits and incurred costs and attorney's fees. Ms. Dorson has also suffered severe mental and emotional distress.

## IV.  PLAINTIFF'S  CAUSES OF ACTION

## COUNT ONE – COLOR DISCRIMINATION

21. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 20 above, the same as if more fully set forth herein, and further avers that the Defendant's actions toward her violated her right to be free of color discrimination in employment, in violation of Title VII of the Civil Rights Act of 1964, as amended, (42 U.S.C. § 2000(e), et seq.), and the 1991 Civil Rights Act.

22. As a proximate cause of Defendant's afore-described actions in discriminating against Plaintiff, due to her skin color, Plaintiff was injured and damaged, as set forth in paragraphs 1 through 19 above.  In addition, Plaintiff has suffered considerable mental and emotional anguish.

23. Plaintiff avers that she has pursued and exhausted her administrative remedies.

## COUNT TWO - RETALIATON

24. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 20 above, the same as if more fully set forth herein, and further avers that the Defendant's actions toward her violated her right to be free of unlawful retaliation, in violation of Title VII of the Civil Rights Act of 1964, as amended, (42 U.S.C. § 2000(e), et seq.), and the 1991 Civil Rights Act.

25. As a proximate cause of Defendant's afore-described actions of unlawful retaliation against Plaintiff, the Plaintiff was injured and damaged, as set forth in paragraphs 1 through 20 above. In addition, Plaintiff has suffered considerable mental and emotional anguish.

26. Plaintiff avers that she has pursued and exhausted her administrative remedies.

## **PRAYER FOR RELIEF**

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays that this Court grant the following relief:

a) Judgment declaring that the Defendant discriminated against Plaintiff, on the basis of Plaintiff's color;

b) Judgment declaring that the Defendant subjected Plaintiff to illegal retaliation;

c)   An order granting Plaintiff compensation for rights to which Plaintiff would have been entitled, had Plaintiff not been the victim of color discrimination and retaliation, effective from the date of final judgment;

d)   An award of compensatory damages, including for mental anguish, to which Plaintiff may be entitled;

e)   An award of punitive damages, due to the egregious nature of the color discrimination and retaliation practiced against Plaintiff so openly tolerated, ratified and acquiesced in by the Defendant;

f)   An award of all court costs and reasonable attorneys' fees, including those incurred for seeking administrative relief; and

g)   Such further, other and different relief as the Court may deem appropriate and necessary.

## V.  JURY DEMAND

Plaintiff hereby requests trial by jury on all issues so triable.

Respectfully submitted this 2nd day of February 2023.

**HKM EMPLOYMENT ATTORNEYS LLP**

By: /s/ *Chase Estes*

Chase Estes
HKM Employment Attorneys LLP
2024 3rd Ave. North, Suite 307
Birmingham, Alabama 35203
Telephone: 205-855-5284

Email: cestes@hkm.com
Georgia Bar No. 485174

**Attorney for Plaintiff**

## CERTIFICATE OF COMPLIANCE

Pursuant to L.R. 7.1 (D) NDGa, the undersigned hereby certifies that this response complies with the font requirements of L.R. 5.1 (C) NDGa because this document has been prepared in Times New Roman, 14-point type.

By: */s/ Chase Estes*
Chase Estes
Georgia Bar No. 485174