IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **CHANTELLE DEBEJARE, CAYLA KLETT, MUDDASSAR HUSSAN, STANLEY MORSE, KATHLEEN MADELON, TYIESHA BERGER, MICAH HYLTON,**<br><br>Plaintiffs,<br><br>v.<br><br>**PROVISTA DIAGNOSTICS, INC.**<br>**and**<br>**TODOS MEDICAL, LTD.,**<br>**And**<br>**DANIEL HIRSCH, in his personal capacity,**<br><br>Defendants. | CIVIL ACTION NO. |

## **COMPLAINT**

COMES NOW Plaintiffs, Chantelle Debejare, Cayla Klett, Muddassar

Hussan, Stanley Morse, Kathleen Madelon, Tyiesha Berger and Micah Hylton,

("Plaintiff" or "Plaintiff's"), by and through counsel, signed below and files this

Complaint, alleging as follows:

## **NATURE OF THIS ACTION**

1.

This action is brought under the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. §201 *et seq.*, in which Plaintiffs seek compensatory, liquidated damages and attorney's fees, against Defendants for Defendants' failure to pay agreed-upon, earned wages and for overtime wages during Plaintiffs' employment with Defendants due to the misclassification of Plaintiffs by Defendants. All Defendants were aware that each Plaintiff had not been properly paid, yet Defendants refused to pay Plaintiffs. In addition, each Plaintiff seeks recovery in *quantum meruit* under state law contract theory based on the value of services rendered and benefits conferred upon Defendants by each Plaintiff's work without proper compensation.  Further, each Plaintiff seeks to recover his/her attorney's fees for Defendants' actions/inactions in bad faith and in violation of O.C.G.A. § 13-6-11.

## PARTIES

2.

**Chantelle Dedejere**

Chantelle Dedejere, one of the named Plaintiffs in this action, is an individual who resides in the state of Florida, county of Marion who is a former employee of Defendants submits herself to the jurisdiction and venue of this Court,

in pursuit of wages unpaid by Defendants. Dedejere's job title was Sales Representative.

**Cayla Klett**

3.

Cayla Klett, one of the named Plaintiffs in this action, is an individual who resides in the state of Florida, county of Marion who is a former employee of Defendants submits herself to the jurisdiction and venue of this Court, in pursuit of wages unpaid by Defendants. Klett's job title was Account Support Representative.

**Kathleen Madelon**

4.

Kathleen Madelon, one of the named Plaintiffs in this action, is an individual who resides in the state of Georgia, county of Cherokee, who is a former employee of Defendants submits herself to the jurisdiction and venue of this Court, in pursuit of wages unpaid by Defendants. Madelon's job title was Administrative Assistant.

**Muddassar Hussan**

5.

Muddassar Hussan, one of the named Plaintiffs in this action, is an individual who resides in the state of Georgia, county of Gwinnett who is a former

employee of Defendants submits himself to the jurisdiction and venue of this Court, in pursuit of wages unpaid by Defendants. Hussan's job title was Medical Laboratory Technologist.

**Stanley Morse**

6.

Stanley Morse, one of the named Plaintiffs in this action, is an individual who resides in the state of Washington, county of King who is a former employee of Defendants submits himself to the jurisdiction and venue of this Court, in pursuit of wages unpaid by Defendants. Morse's job title was Vice President of Sales and Marketing.

**Tyiesha Berger**

7.

Tyiesha Berger, one of the named Plaintiffs in this action, is an individual who resides in the state of Georgia, county of Gwinnett who is a former employee of Defendants submits herself to the jurisdiction and venue of this Court, in pursuit of wages unpaid by Defendants. Berger's job title was Lead Assessioner.

**Micah Hylton**

8.

Micah Hylton, one of the named Plaintiffs in this action, is an individual

who resides in the state of Georgia, county of Fulton who is a former employee of Defendants submits herself to the jurisdiction and venue of this Court, in pursuit of wages unpaid by Defendants. Hylton's job title was Specimen Processor.9.

All Plaintiffs are an "employee" as defined by the Fair Labor Standards Act, 29 U.S.C. § 203(e)(1).

9.

Provista Diagnostics, Inc. ("Defendant Provista") is a foreign, for-profit corporation who, according to information and belief, is owned and controlled by its parent company, Defendant, Todos Medical.

10.

Provista Diagnostics, Inc. may be served by delivering the summons and Complaint to its registered agent, Daniel Hirsch at 2001 Westside Parkway, Suite 240, Alpharetta, Georgia 30004.

11.

Todos Medical ("Defendant Todos") is a for-profit foreign company who, according to information and belief, is the parent company to Defendant Provista. Defendant Todos may be served by delivering summons and complaint to Daniel Hirsch at 2001 Westside Parkway, Suite 240, Alpharetta, Georgia 30004.

12.

Provista Diagnostics, Inc. has substantial ties to the state of Georgia and the Northern District of Georgia given that they operate a business located in Georgia and maintain and maintained offices at all relevant times hereto, conducting regular, not isolated acts of business in Georgia and in the Northern District of Georgia.

13.

Defendant Todos Medical, Ltd., according to information and belief is the parent company to Defendant Provista maintaining control and direction of Defendant Provista, having the same CFO, Daniel Hirsch and listing on the Georgia Secretary of State website, Defendant Provista's business address as the same address used by Defendant Todos, in New York.

14.

Daniel Hirsch is the CFO of both Defendant Provista and Defendant Todos. As such, Hirsch controls payment of wages, overtime payments for employees including each of the Plaintiffs and lack thereof. He may be served with process of service by delivering Summons and Complaint to his office located at 2001 Westside Parkway, Suite 240, Alpharetta, Georgia 30004.

15.

Todos Medical and Provista have the same CEO, Gerald Commissiong and the same CFO, Daniel Hirsch.  Todos and Provista make decisions jointly and act as joint employers with regard to their employees.

16.

All Defendants were and are, at all times relevant to this action, an "employer" within the meaning of FLSA, 29 U.S.C. § 204(d), an "enterprise" within the meaning of FLSA, 29 U.S.C. § 204(r), and "engaged in commerce" within the meaning of FLSA, 29 U.S.C. §§ 203(s)(1), 206, and 207.

17.

At all relevant times, individually and collectively, Defendants have been and remain an "employer" within the meaning of FLSA, 29 U.S.C. § 203(d) in that they acted "…directly or indirectly in the interest of an employer in relation to an employee…"

18.

As employers who engage in commerce, all Defendants are subject to the requirements of the FLSA, 29 U.S.C. §201 *et seq.*

19.

Each Defendant was at all relevant times aware of the existence and

requirements to pay employees agreed upon wages and the employees who work longer than forty (40) hours in a single workweek, one and one half the employee's regular rate of pay for all hours worked within the workweek in excess of forty (40) hours.

## Jurisdiction

20.

Jurisdiction, over this action, is conferred, in this Court, by § 216(b) of FLSA, 29 U.S.C. § 216(b) as well as 28 U.S.C. § 1331.

21.

As stated above, Plaintiffs submit themselves to the jurisdiction of this Court.

## Venue

22.

The unlawful employment practices were committed within the state of Georgia, county of Fulton.  Therefore, venue is proper pursuant to 28 U.S.C. §1391(b).

## FACTS

23.

Plaintiffs are all former employees of Defendants.

24.

Each Plaintiff was completely uncompensated for a period of time from on or about October 14, 2022 until on or about November 23, 2022, while each suffered or was permitted to work for the benefit of employer.

25.

Each Plaintiff was misclassified as salary-exempt by Defendants.

26.

Each Plaintiff worked in excess of forty (40) hours in a single work week without being paid overtime compensation.

27.

All Defendants are aware of their violations of the Fair Labor Standards Act of 1938, at amended ("FLSA").

28.

Each Plaintiff has received multiple emails from Defendants who acknowledged that Defendants were aware that each Plaintiff was not paid.

29.

Defendants have not cured any of their FLSA violations.

30.

Throughout his/her employment with Defendants, none of the Plaintiffs ever

directed the work of any of Defendants' full-time employees.

31.

None of the Plaintiffs had the authority to hire and fire any of Defendants' other employees.

32.

None of the Plaintiffs ever exercised discretion or independent judgment with respect to matters significance to any of Defendants.

33.

At all times relevant to this action, each Plaintiff was non-exempt for the overtime pay requirements as afforded by the FLSA, 29 U.S.C. §§201 *et seq*.

34.

According to information and belief, Defendants paid each Plaintiff by direct deposit.

35.

While employed, each Plaintiff's work schedule and duties were controlled by Defendants.

36.

Defendants failed to pay each Plaintiff one and one-half times his/her regular rate of pay for the hours worked in excess of forty in any workweek.

37.

Defendants' unlawful acts, omissions, and practices concerning the terms, conditions, and provisions of each Plaintiff's employment violate the FLSA.

38.

As a result of Defendants' unlawful acts, omissions, and practices, each Plaintiff suffered a loss of wages.

39.

Defendants' willful violation of the FLSA shows reckless disregard of each Plaintiff's right to receive agreed-upon wages and appropriate overtime compensation for his/her work with Defendants.

40.

Defendants, jointly and severally, owe each Plaintiff pay for work performed but not compensated in an amount to be determined, plus liquidated damages in an equal amount, pursuant to 29 U.S.C. §216(b).

41.

Pursuant to Section 216(b) of the FLSA, Defendants owe each Plaintiff, jointly and severally, for reasonable attorney's fees.

### FIRST CAUSE OF ACTION
### VIOLATION OF THE FAIR LABOR STANDARD ACT (FLSA)
### TO PAY MINIMUM WAGE

42.

Plaintiffs re-allege and incorporate by reference each of the foregoing paragraphs of this Complaint as if set forth fully in this count.

43.

Upon hire, each Plaintiff and Defendants arrived at a rate of pay and intervals upon which payment was to be made by Defendants to each Plaintiff.

44.

Defendants were required, in accordance with the FLSA, to pay the agreed upon amount for time worked.

45.

Defendants failed to pay each Plaintiff the agreed upon wages. Instead, each Plaintiff was paid nothing for the period of time between from on or about October 14, 2022 until on or about November 23, 2022 while each Plaintiff continued to suffer for the benefit of Defendants.

46.

Because of this illegal practice, each Plaintiff was forced to end his/her employment with Defendants in the hope of finding an employer who would pay wages earned.

47.

Defendants' unlawful acts, omissions, and practices concerning the terms, conditions, and provisions of each Plaintiff's employment violate the FLSA.

48.

As a result of Defendants' unlawful acts, omissions, and practices, each Plaintiff suffered a loss of wages.

49.

Based upon the facts alleged herein, Defendants had no reasonable grounds for believing that their refusal to pay each Plaintiff for all hours worked was appropriate under the FLSA. As such, Defendants are not entitled to any reduction in the amount of liquidated damages in 29 U.S.C. § 216.

50.

Defendants' failure and refusal to pay each Plaintiff compensation owed was willful and done in bad faith. Each Plaintiff is entitled, therefore, to the benefit of the three-year statute of limitations and unpaid compensation with interest to date plus liquidated damages all pursuant to 29 U.S.C. §§ 207, 215, 216 and 255.

51.

Defendants' willful violation of the FLSA shows reckless disregard of each Plaintiff's right to receive appropriate compensation for his/her work with

Defendants.

52.

Defendants, jointly and severally, owe each Plaintiff pay for work performed but not compensated in an amount to be determined, plus liquidated damages in an equal amount pursuant to 29 U.S.C. §216(b).

53.

Pursuant to Section 216(b) of the FLSA, Defendants owe each Plaintiff, jointly and severally, for reasonable attorney's fees.

## SECOND CAUSE OF ACTION
## VIOLATION OF THE FAIR LABOR STANDARD ACT (FLSA)
## FAILURE TO PAY OVERTIME

54.

Plaintiffs re-allege and incorporate by reference each of the foregoing paragraphs of this Complaint as if set forth fully in this count.

55.

Pursuant to Defendants' failure and refusal to pay to each Plaintiff for Plaintiffs' work (over 40 hours in a workweek) performed for the benefit of Defendants, Defendants have violated the FLSA, 29 U.S.C. §§ 207 and 215.

56.

Defendants' unlawful acts, omissions, and practices concerning the terms,

conditions, and provisions of each Plaintiff's employment violate the FLSA.

57.

As a result of Defendants' unlawful acts, omissions, and practices, each Plaintiff suffered a loss of wages.

58.

Based upon the facts alleged herein, Defendants had no reasonable grounds for believing that their refusal to pay each Plaintiff for all hours worked in excess of forty (40) in a single workweek was appropriate under the FLSA. As such, Defendants are not entitled to any reduction in the amount of liquidated damages un 29 U.S.C. § 216.

59.

Defendants' failure to pay each Plaintiff overtime compensation owed was willful and done in bad faith. Each Plaintiff is entitled, therefore, to the benefit of the three-year statute of limitations and unpaid compensation with interest to date plus liquidated damages all pursuant to 29 U.S.C. §§ 207, 215, 216 and 255.

60.

Defendants' willful violation of the FLSA shows reckless disregard of each Plaintiff's right to receive appropriate compensation for his/her work with Defendants.

61.

Defendants, jointly and severally, owe each Plaintiff overtime pay for work performed but not compensated in an amount to be determined, plus liquidated damages in an equal amount pursuant to 29 U.S.C. §216(b).

62.

Pursuant to Section 216(b) of the FLSA, Defendants owe each Plaintiff, jointly and severally, for reasonable attorney's fees.

## THIRD CAUSE OF ACTION
## UNJUST ENRICHMENT

63.

The allegations contained in each of the foregoing paragraphs are hereby incorporated by this reference as if set out herein.

64.

By working and by working overtime, performing their duties, each Plaintiff provided Defendants the valuable benefit of each Plaintiffs' services.

65.

By refusing to compensate each Plaintiff for the valuable services each provided, all Defendants have been unjustly enriched and each Defendant is liable to each Plaintiff on the theory of *quantum meruit*.

66.

The value of each Plaintiff's services is calculated as each Plaintiff's hourly rate for all hours worked that went unpaid.

## FOURTH CAUSE OF ACTION
## VIOLATION OF O.C.G.A.§ 13-6-11

67.

The allegations contained in each of the foregoing paragraphs are hereby incorporated by this reference as if set out herein.

68.

By the actions of Defendants as described above, has acted in bad faith, have been stubbornly litigious and have put each Plaintiff to unnecessary trouble and expense.

69.

Accordingly, each Plaintiff is entitled to recover his/her attorney's fees and expenses incurred while protecting his/her rights in this action.

## Prayer for Relief

WHEREFORE, Plaintiffs demand relief as follows:

1.  Take jurisdiction of this matter;

2.  Grant trial by jury as to all matters properly triable to a jury;

3. Instruct the Clerk of Court to issue summons that are attached herein;

4. Issue an Declaratory Judgment that Defendants' acts, policies, practices, and procedures complained about herein violated each Plaintiff's rights as secured by the Fair Labor Standards Act of 1938, as amended, and the laws of the state of Georgia;

5. Order Defendants to make each Plaintiff whole by providing for his/her total lost pay plus interest under Counts I though III;

6. Grant each Plaintiff liquidated damages under the FLSA in an amount equal to the sum of his lost wages, including overtime pay;

7. Award judgment in favor of each Plaintiff, against Defendants, jointly and severally, for unpaid wages and unpaid overtime compensation together with liquidated damages in an equal amount;

8. Award each Plaintiff prejudgment interest from Defendants, jointly and severally, on all amounts owed to the extent that liquidated damages are not awarded;

9. Award each Plaintiff nominal damages;

10. Pursuant to Section 216(b) of the FLSA, judgment in favor of each Plaintiff against

11. For each Plaintiff and against Defendants, jointly and severally for

reasonable attorney fees as provided for by state and federal law;

12. Judgment in favor of each Plaintiff against Defendants, jointly and
    severally, for all taxable and non-taxable costs;

13. Pursuant to the Seventh Amendment of the United States Constitution
    and Rule 38, Fed. R. Civ. P., TRIAL BY JURY on all claims on which a
    jury is available; AND

14. Award such other, further and different relief as this Court deems
    appropriate and proper.

Respectfully submitted this 2nd day of February, 2023.

/s/ Beverly A. Lucas
Beverly A. Lucas
Georgia Bar No. 427692
**LUCAS & LEON, LLC**
P.O. Box 752
Clarkesville, Georgia 30523
beverly@lucasandleon.com

*Attorney for Plaintiffs*

## **CERTIFICATION**

I do hereby certify that this document has been prepared in Times Roman font, 14 point, in compliance with LR 5.1(C) of this Court.


*/s/ Beverly Lucas*
Beverly Lucas