IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

ROHEY JENG

    PETITIONER,

v.                                         Civil Action No._____

SHINEKA SCOTT MILLER,
in her official capacity as
District Director of the U.S.
Citizenship and Immigration Services
Atlanta Field Office,

UR MENDOZA JADDOU
in his official capacity as
Director of the U.S. Citizenship
and Immigration Services,

ALEJANDRO MAYORKAS,
in his official capacity as
Secretary of Homeland Security, and

MERRICK GARLAND,
in his official capacity as
the U.S. Attorney General,

    RESPONDENTS.

## PETITION FOR WRIT OF MANDAMUS AND DECLARATORY RELIEF

To the Honorable Judge of Said Court:

## INTRODUCTION:

Petitioner, Rohey Jeng, brings this action to compel the Respondent to adjudicate her pending I-290B Motion to Reopen for *Service Error*. The USCIS denied in error the following: 1.) her I-130 Family Petition that was filed for her benefit, and which converted to an I-360 Petition for a Widow of a U.S. citizen by operation of law upon her U.S. citizen husband's death; and, 2) her dependent I-485 Application for Adjustment of Status to a Lawful Permanent Resident. The petition and adjustment application were originally filed with USCIS on October 26, 2018.

Subsequent to the Petitioner's initial interview at the USCIS, the agency sent a follow up notice for a second interview to an incorrect address for the Petitioner and her husband. The USCIS then issued Decisions on the factual basis of the Petitioner's alleged "failure to appear" for an interview, denying the family petition and adjustment application. Those USCIS decisions were also sent to an incorrect address for both the Petitioner and her husband.

The Petitioner seeks to have this Court order USCIS to make a decision on her I-290B Motion to Reopen and seeks a decision on the merits of her converted I-360 Self-Petition and her I-485 Application for Adjustment of Status. The Petitioner further requests that this court retain

jurisdiction over this case in the event that the USCIS Decision is issued in retaliation for her exposure of the USCIS negligence in this case.

**PARTIES:**

1.

Petitioner, Rohey Jeng, is a national of The Gambia. She had filed for adjustment of status along with a concurrently filed I-130 Family Petition that was filed by her U.S. citizen husband October 26, 2018. Her application for adjustment was denied because the USCIS sent its notice for appearance and its Decisions to the wrong address. The Petitioner subsequently filed a Motion to Reopen with the USCIS on this matter which is still pending. The Petitioner resides in Jonesboro, Georgia.

2.

The Defendants are officers of the Citizenship and Immigration Service, an agency within the U.S. Department of Homeland Security, who is charged by law with the obligation of adjudicating applications for adjustment of status for lawful permanent residence submitted by aliens such as the Petitioner.

**JURISDICTION:**

3.

This is a civil action brought pursuant to 28 USC §§1331 and 1361 to redress the deprivation of rights, privileges and immunities secured to the Petitioner, by which jurisdiction is conferred, to compel the Defendants and those working under them to perform duties they owe to the Petitioner.

4.

Jurisdiction is also conferred by 5 USC §704. The Petitioner is aggrieved by adverse agency action in this case, as the Administrative Procedures Act requires in order to confer jurisdiction of the District Courts, 5 USC §702 et seq.

5.

The aid of the Court is invoked under 28 USC §§2201 and 2202, authorizing a declaratory judgment.

6.

Costs and attorneys fees will be sought pursuant to Equal Access to Justice Act, 5 USC §504 and 28 USC §2412(d), *et seq*.

**VENUE:**

7.

Venue is proper in Atlanta, Georgia and the Northern District of Georgia since the Respondent Scott is the Atlanta USCIS Office District Director has her principal place of business there.

**REMEDY SOUGHT:**

8.

The Petitioner seeks to have this Court compel the Atlanta USCIS Office District Director to adjudicate her: pending I-290 Motion to Reopen for Service Error; I-130 Petition, that converted to an I-360 Petition by operation of law on the merits; and her I-485 Application for Adjustment of Status to Lawful Permanent Resident status on the merits.

**FACTUAL ALLEGATIONS:**

9.

On October 26, 2018 the Petitioner and under U.S. citizen husband Willie Lockett filed a one-step I-130 Family Petition, and an I-485 Application for Adjustment of Status to that of Lawful Permanent Resident status. A copy of the USCIS I-797 Notice of Receipts are attached as Exhibits (A) and (B).

10.

The Petitioner's and Beneficiary's adjustment package was filed by notario Jahan Arshid (hereafter "Notario Arshid") who used his office address as the U.S. mailing address for the Petitioner and Beneficiary in care of his unlawful business "International Business Support located at: 1755 The Exchange Atlanta, GA 30236." at pp. 2 & 9 and pp. 1 - 4. A copy of the I-130A and I-485 is attached as Exhibit (C).

11.

On July 10, 2019 the Petitioner and Beneficiary attended an adjustment interview at the USCIS Atlanta Field Office. A copy of the USCIS Notice of Interview Results issued by the adjudications officer is attached as Exhibit (D).

12.

The I-485 Application does have the correct "physical address" of "951 Olde Town Place Jonesboro, GA 30236." at pp. 4 Exhibit (E). But during the interview the Adjudications Officer made a notation for the Petitioner and Beneficiary's "mailing address" as "915 Olde Town Jonesboro, GA 30236" in place of Notario Arshid's office address of 1755 Exchange. A copy of the USCIS Adjudications Officer's notes on the I-485 Application that show the Officer wrote the wrong address when he

transposed the correct number of "951" to the incorrect number of "915". pp. 2 and 4 is attached as Exhibit (F).

13.

On July 12, 2019 the Petitioner and Beneficiary were sent a notice for a follow up adjustment interview at the Atlanta Field Office set for August 16, 2019. The USCIS Call-In Letter was again sent to the incorrect address at: "915 Olde Town Place Jonesboro, Georgia 30236." A copy of the Call-In Letter with the officer's notation "NO SHOW" is attached as Exhibit (G) and the USCIS envelope with the USPS "RETURN TO SENDER UNABLE TO FORWARD" is attached as Exhibit (H).

14.

On September 16, 2019 the USCIS issued a Decision to deny the Petitioner's I-130 Petition on the basis of a failure to show for the interview. A copy of the I-130 and I-485 Decisions are attached as Exhibits (I) and (J). The basis of the denial in the I-130 Decision is redacted but it is apparent with the other evidence in the Alien/A-File that the petition was denied for a failure to show for the interview. A copy of the relevant documents from the DHS Alien File showing the basis of the denial was for a failure to show at the USCIS interview is attached as Exhibit (K).

15.

The USCIS Call-In Letter, I-130 Decision and I-485 Decision were all issued to the incorrect address at "915 Olde Town." Thus, the Petitioner and Beneficiary never received legal notice of the aforementioned.

16.

The Petitioner and Beneficiary made inquiries into the status of their pending applications for benefits. USCIS records have consistently showed their case as pending. Copies of the current USCIS Case Status for the I-130 Petition and I-485 Application which erroneously indicate a Decision on both the I-130 Petition and the I-485 Application have not been rendered are attached as Exhibits (L) and (M).

17.

On January 2, 2020 the Beneficiary sent her Medical Examination to the USCIS because the adjudications officer at the January 10, 2019 adjustment interview indicated he would request it at a later date but the Petitioner never received the expected USCIS correspondence. A copy of the letter is attached as Exhibit (N).

18.

On January 25, 2020 Willie Lockett, the Petitioner's U.S. citizen spouse died. A copy of his Death Certificate is attached as Exhibits (O).

19.

The Petitioner first learned of the USCIS Decision upon her receipt of a response to her FOIA request for a copy of her Alien File held by the DHS.

20.

On August 1, 2022 the Petitioner paid a filing fee in the amount of $675.00 and filed a Motion to Reopen form, I-290B with the USCIS. The motion: 1) Informed the USCIS about the death of her U.S. citizen spouse who had previously filed an I-130 Family Petition for her benefit; and 2) provided evidence that the USCIS Atlanta Office had submitted the Notice for Call-In Interview, and had issued its Decision to deny the I-130 Family Petition and the I-485 Application for Adjustment on the basis of a failure to show. This failure to show at the designated time at the Atlanta Field Office was due to the adjudications officer's error in accurately writing the petitioner's address that was plainly on her petition and applications when she submitted them to USCIS. A copy of Motion to Reopen and the USCIS I-797 Notice of Action Receipt are attached as Exhibit (P).

21.

To date, the Respondent's have not issued a decision on the I-290B Motion to Reopen.

**ANALYSIS:**

It is clear from the facts that the Petitioner is entitled to an order by this court directing the USCIS Atlanta Office to immediately adjudicate her: pending Motion to Reopen for Service Error; I-130 Petition that converted to an I-360 Petition for Widow of a US citizen; and I-485 Application for Adjustment of Status on the merits.

"[Mandamus is an extraordinary remedy which should be utilized only in the clearest and most compelling of cases." *Carter v. Seamans*, 411 F.2d. 767, 773 (5th Cir. 1969) Mandamus relief is warranted if a petitioner demonstrated (1) a clear relief sought; (2) the respondents have a clear, non-discretionary duty to act; and (3) no other remedy is available. *Nyaga v. Ashcroft*, 323 F.3d 906, 911 (11th Cir. 2003)(citing *Heckler v. Ringer*, 466 U.S. 602, 617 (1984)).

The Petitioner has simply asked that her application for lawful permanent resident status be adjudicated on the basis of her marriage and not on the basis of the USCIS' error. The Petitioner's Application should be Re-

Opened and USCIS should issue a decision on the merits. The USCIS does not publish adjudication processing times for I-290 Motions to Reopen. The adjudication times for an I-290 Motion to Reopen vary wildly from a few months to several years, to never getting a decision unless a would be applicant seeks the protection of a court, as in this case.

On August 1, 2022 the Petitioner filed her motion with USCIS and to date, with the exception of a receipt, the USCIS has not provided a decision or any other correspondence. The motion has been pending for 6 months 1 day at the time of the filing of this petition with this Court.

The District Director of the USCIS Atlanta Office is charged with the duty to adjudicate applications for adjustment of status received within its jurisdiction. The Petitioner has made numerous requests to the USCIS Field Office to adjudicate her application prior to her discovery that her application had been denied. There is no appeal process for a Motion to Reopen that has not been adjudicated. Consequently, the Petitioner's only remedy is for this Court to grant her request for mandamus and to compel USCIS to issue decisions on the merits.

**PRAYER:**

Wherefore, the Petitioner prays that the Court compel the USCIS Atlanta Office District Director to perform her duty to rule upon the I-485

application for adjustment of status filed by the Petitioner, grant such other relief as may be proper under the circumstances, and grant attorney's fees and costs of court. Petitioner further pray that if the decision that denies the benefits sought, that the decision include justification and an explanation to preclude the sense of retaliation for having brought this lawsuit or having exposed the USCIS District Director's inefficiency to the region and central offices of USCIS.

Submitted this the 2nd day of February, 2023.

s/*Justin W. Chaney*<br>
Justin W. Chaney<br>
Attorney for Petitioner<br>
Bar No.: 120681

Justin W. Chaney, LLC
1801 Peachtree Street, N.W.
Suite 110
Atlanta, Georgia 30309
jchaney@lawchaney.com
(678) 592-5432
(678) 686-8473 Fax