IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MASON GRIFFIN, individually, and AMY GRIFFIN, as legal guardian and Trustee of C.G., a minor child<br><br>    Plaintiffs<br><br>v.<br><br>SUN LIFE ASSURANCE COMPANY OF CANADA, and KELLY GAGNON, Individually<br><br>    Defendants | CIVIL ACTION<br><br>FILE NO. _____ |

## NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT

Defendant SUN LIFE ASSURANCE COMPANY OF CANADA ("Sun Life") shows the following facts:

1.

This action was commenced on December 16, 2022, in the Superior Court of Gwinnett County, Georgia, where it is pending as Civil Action File No. 22-A-10721-3.

2.

Sun Life was served with the complaint and a summons on January 5, 2023.

3.

This notice of removal is filed within 30 days of such service in accordance

with 28 U.S.C. §§ 1441 and 1446.

4.

The parties to this action are plaintiffs Mason Griffin, individually, and Amy Griffin, as legal guardian and trustee of C.G., a minor child, citizens of Florida, defendant Kelly Gagnon, a citizen of South Carolina, and defendant Sun Life, a Canadian stock life insurance company with a United States branch entered through Michigan.  The main administrative office for the United States branch of Sun Life is located in Wellesley Hills, Massachusetts.

5.

In this action, plaintiffs sue in connection with competing claims to life insurance benefits of $394,000, payable as the result of the death of Joshua Griffin, under a group life insurance policy issued by Sun Life, plus attorney's fees and costs.

6.

The group policy was issued to Wesco Distribution, Inc. to fund life insurance and disability benefits under an employee welfare benefit plan ("the Plan") sponsored and maintained by Wesco Distribution, Inc. under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1001 *et seq.*

7.

As an eligible employee of Wesco Distribution, Inc., Joshua Griffin was a participant in the Plan and was insured under the group policy.

8.

Because this action arises under and relates to an employee welfare benefit plan, plaintiffs' claims are governed exclusively by ERISA, which preempts the state law claims asserted in plaintiffs' complaint and which provides the exclusive federal remedy for the resolution of all claims by plaintiffs arising under or related to the Plan.  29 U.S.C. §§ 1132 and 1144; *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41 (1987).

9.

A cause of action filed in state court which asserts claims that are preempted by ERISA and that come within the scope of 29 U.S.C. § 1132(a) is removable to federal court as an action arising under federal law, even if the ERISA-related nature of the action does not appear on the face of the complaint.  *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987).

10.

Therefore, this action is one over which this United States District Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1), and the complete preempted doctrine of *Metropolitan Life Insurance*

*Company v. Taylor*, 481 U.S. 58 (1987).

11.

In the alternative, this action is one over which the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because the plaintiffs and defendants are of diverse citizenship and the amount in controversy exceeds $75,000.

12.

Defendant Kelly Gagnon consents to the removal of this action. *See* Consent to Removal, Exhibit 1.

13.

A copy of this notice of removal will be promptly filed in the Superior Court of Gwinnett County, Georgia, as provided by law.

14.

Attached hereto and made a part hereof by reference are copies of the following documents filed in the Superior Court of Gwinnett County, Georgia:

Exhibit 2 – *Petition for Interpleader, Injunction, and Declaratory Judgment and Complaint for Constructive Trust*;

Exhibit 3 – *Notice of Removal* filed by defendant.

WHEREFORE, defendant Sun Life prays that the Superior Court of Gwinnett County, Georgia, proceed no further with Civil Action No. 22-A-10721-

3 and that said action be removed to the United States District Court for the Northern District of Georgia, Atlanta Division.

This 3rd day of February, 2023.

*s/ Kenton J. Coppage*
Kenton J. Coppage
Georgia Bar No. 187190

Attorney for Defendant
Sun Life Assurance Company
  of Canada

FOX ROTHSCHILD LLP
999 Peachtree Street, N.E.
Suite 1500
Atlanta, Georgia 30309
(404) 962-1000 – *Telephone*
(404) 962-1200 – *Facsimile*
*kcoppage@foxrothschild.com*

## **CERTIFICATE OF SERVICE**

The foregoing pleading was filed electronically with the Clerk of Court using the CMECF system.

I have this day served counsel of record in the foregoing matter with copies of this pleading via first class mail in envelopes properly addressed as follows:

Taylor B. Drake, Esq.
Michael H. Hill, Esq.
GLOVER & DAVIS, P.A.
10 Brown Street, Post Office Box 1038
Newnan, Georgia 30264

Douglas M. Robinson, Esq.
EVANS WARNCKE ROBINSON LLC
191 Peachtree Street, N.E., Suite 3980
Atlanta, Georgia 30303

This 3rd day of February, 2023.

                                                */s/  Kenton J. Coppage*
                                                Kenton J. Coppage
                                                Georgia Bar No. 187190

                                                Attorney for Defendant
                                                Sun Life Assurance Company
                                                  of Canada

FOX ROTHSCHILD LLP
999 Peachtree Street, N.E.
Suite 1500
Atlanta, Georgia 30309
(404) 962-1000 – *Telephone*
(404) 962-1200 – *Facsimile*
kcoppage@foxrothschild.com