

Exhibit 2

E-FILED IN OFFICE - CE
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA
22-A-10721-3
12/16/2022 2:34 PM
TIANA P. GARNER, CLERK

IN THE SUPERIOR COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| MASON GRIFFIN, individually, and AMY GRIFFIN, as legal guardian and trustee of C REDACTED G REDACTED , a minor child, | : : : : : | 22-A-10721-3 |
| | : | CIVIL ACTION FILE NO. |
| Plaintiffs, | : : | |
| vs. | : : | |
| SUN LIFE ASSURANCE COMPANY OF CANADA, and KELLY GAGNON, Individually, | : : : | |
| Defendants. | : | |

## PETITION FOR INTERPLEADER, INJUNCTION, AND DECLARATORY JUDGMENT AND COMPLAINT FOR CONSTRUCTIVE TRUST

Plaintiffs Mason Griffin ("Plaintiff Mason"), individually, and Amy Griffin ("Plaintiff Amy"), in her capacity as sole legal guardian and trustee for minor child C REDACTED G REDACTED (collectively, "Plaintiffs") file this Petition for Interpleader, Injunction, and Declaratory Judgment and Complaint for Constructive Trust (the/this "Complaint") against Sun Life Assurance Company of Canada ("Defendant Sun Life") and Kelly Gagnon ("Defendant Gagnon") (collectively "Defendants") and show this Court the following:

### Parties, Venue and Jurisdiction

1.

Plaintiffs are residents of the State of Florida.

2.

Defendant Sun Life is a Foreign Insurance Company doing business in the State of Georgia. Defendant Sun Life may be served by service upon its registered agent, Linda Banks,

C T Corporation System, 289 S. Culver Street, Lawrenceville, Gwinnett County, Georgia 30046-4805.

3.

Defendant Gagnon is a resident of the State of South Carolina and may be served at her residence: REDACTED , Mount Pleasant, South Carolina 29466.

4.

Jurisdiction and venue are proper in this Honorable Court.

## Facts Relevant to All Counts

5.

This case involves entitlement to life insurance proceeds payable under the Group Insurance Policy, Group Policy Number 901256 issued by Sun Life (the "Policy"), which insured the life of Joshua D. Griffin ("Joshua Griffin") in the amount of Three Hundred Ninety-Four Thousand and 00/100 Dollars ($394,000.00) currently in possession of Defendant Sun Life (the "Insurance Proceeds").

6.

On June 3, 2013, Plaintiff Amy and Joshua Griffin were divorced by entry of a Final Judgment and Decree of Divorce entered by the Superior Court of Coweta County, Georgia, which incorporated an April 26, 2013, Settlement Agreement executed by Plaintiff Amy and Joshua Griffin in the State of Georgia (collectively, hereafter the "Final Decree"). A true and accurate copy of the Final Decree is attached hereto and incorporated herein as **Exhibit "A"**.

Page 2

7.

The Final Decree required Joshua Griffin to name Plaintiffs as beneficiaries of the Policy and to maintain the policy so long as he owed a duty of support under the Final Decree.

8.

Joshua Griffin died on October 7, 2022.

9.

Joshua Griffin still owed a duty of support at the time of his death.

10.

Upon information and belief and prior to his death, Joshua Griffin violated the terms of the Final Decree by changing the beneficiary of the Policy to his then girlfriend, Defendant Gagnon.

11.

After Joshua Griffin's death, Defendant Gagnon made a claim on the Policy requesting that Defendant Sun Life pay the entirety of the proceeds to her.

12.

Plaintiffs submitted a competing claim to the proceeds of the Policy challenging the claim of Defendant Gagnon.

13.

After Plaintiffs' claim was submitted to Defendant Sun Life, Defendant Sun Life did not immediately interplead the Insurance Proceeds from the Policy despite having received competing claims to the proceeds. Plaintiffs have commenced this lawsuit to legally protect their interests in the Insurance Proceeds.

Page 3

## COUNT I: DEMAND FOR INTERPLEADER AGAINST DEFENDANT SUN LIFE

14.

Plaintiffs re-allege, adopt and incorporate herein by reference all of the allegations in Paragraphs 1-13 above as is fully set forth herein

15.

Whenever a person is possessed of property or funds to which more than one person lays claim of such a character as to render it doubtful or dangerous for the holder to act, he may apply to equity to compel the claimants to interplead. O.C.G.A. § 23-3-90.

16.

Likewise, if in the progress of any proceeding in equity the Court perceives the necessity for parties to interplead, it may order such interpleader as collateral and ancillary to the main case.

17.

To date, Defendant Sun Life has not filed an interpleader action based upon the knowledge of Plaintiffs.

18.

Plaintiffs pray that the Court orders Defendant Sun Life to pay the Insurance Proceeds into the registry of the Court so that the Court may settle the disputed claims and rights to collect the same.

19.

Plaintiffs are entitled to the Insurance Proceeds on the basis of having a vested interest in the same as a result of Joshua Griffin's entering into the Settlement Agreement with Defendant Amy and affirmatively forfeiting his right to change the beneficiary of the Policy. See, e.g.,

Page 4

Reeves v. Reeves, 236 Ga. 209 (1976); Zobrist v. Bennison, 268 Ga. 245 (1997); Sparks v. Jackson, 289 Ga. App. 840 (2008); Whitehead v. Whitehead, 191. Ga. App. 330 (1989); Sullenger v. Sullenger, 169 Ga. App. 648 (1984).

## COUNT II: PETITION FOR DECLARATORY JUDGMENT AGAINST ALL DEFENDANTS

20.

Plaintiffs re-allege, adopt and incorporate herein by reference all of the allegations in Paragraphs 1-19 above as is fully set forth herein.

21.

In relevant part, the Final Decree provides as follows:

> [Joshua Griffin] shall designate his sons Mason Griffin and C█REDACTED█ G█REDACTED█ as equal beneficiaries of 100% of the proceeds of his life insurance policy through his current employer. . . . [Plaintiff Amy] shall be named as trustee for the benefit of the parties' minor sons on the aforementioned life insurance policies. The life insurance shall be kept in full force until all obligations required of [Joshua Griffin] under this agreement have terminated.

22.

Despite the clear language in Final Decree, Joshua Griffin named Defendant Gagnon as the beneficiary of the Policy and Defendant Sun Life has communicated its desire to interplead the funds.

23.

Georgia law provides that Plaintiffs have a vested interest and entitlement to the Insurance Proceeds.

24.

On these grounds, Plaintiffs have contested Defendant Gagnon's right to receive the Insurance Proceeds.

25.

The competing claims constitute an actual controversy as contemplated in O.C.G.A. § 9-4-2 and O.C.G.A. § 9-4-8.

26.

These competing claims require a declaration be made to declare the legal rights of the parties vis-à-vis one another with respect to the Insurance Proceeds.

## COUNT III: INJUNCTION AGAINST ALL DEFENDANTS

27.

Plaintiffs re-allege, adopt and incorporate herein by reference all of the allegations in Paragraphs 1-26 above as is fully set forth herein.

28.

In any petition seeking declaratory judgment, further plenary relief, including injunction, may be sought and the Court may grant injunction in order to maintain the status quo. See O.C.G.A. § 9-4-3.

29.

Likewise, pursuant to O.C.G.A. § 9-11-65, the Court has authority following hearing to implement an interlocutory injunction.

30.

Should Defendant Sun Life not pay the Insurance Proceeds into the registry of the Court and not enjoin Defendants from disposing and/or using the Insurance Proceeds, Plaintiffs would be substantially injured.

31.

Consequently, Plaintiffs request the Court enter an injunction pending final resolution in this case to prohibit Defendants from disposing or using the Insurance Proceeds to the detriment of Plaintiffs.

## COUNT IV: CONSTRUCTIVE TRUST AGAINST DEFENDANT GAGNON

32.

Plaintiffs re-allege, adopt and incorporate herein by reference all of the allegations in Paragraphs 1-31 above as is fully set forth herein.

33.

A constructive trust is imposed "whenever the circumstances are such that the person holding legal title to property, either from fraud or otherwise, cannot enjoy the beneficial interest in the property without violating some established principle of equity." O.C.G.A. § 53-12-132; See also, Cordovano v. State, 61 Ga. App. 590, 593 (1940) (applying the same rule in common law).

34.

As indicated above, Georgia law holds that Joshua Griffin forfeited his rights to change the beneficiary of the Policy and, consequently, Plaintiffs have a vested interest in the Insurance Proceeds due to the Settlement Agreement. See, e.g., Reeves v. Reeves, 236 Ga. 209 (1976); Zobrist v. Bennison, 268 Ga. 245 (1997); Sparks v. Jackson, 289 Ga. App. 840 (2008); Whitehead v. Whitehead, 191. Ga. App. 330 (1989); Sullenger v. Sullenger, 169 Ga. App. 648 (1984).

35.

Accordingly, to the extent that Defendant Gagnon is the legal title holder to the Insurance Proceeds, she cannot enjoy the beneficial interest without violating principles of equity and, therefore, the Court should find a constructive trust imposed to protect Plaintiffs' vested interest.

36.

Consequently, the Court should award the proceeds to Plaintiffs.

## COUNT V: ATTORNEY'S FEES AND EXPENSES AGAINST ALL DEFENDANTS

37.

Plaintiffs re-allege, adopt and incorporate herein by reference all of the allegations in Paragraphs 1-36 above as is fully set forth herein.

38.

Pursuant to O.C.G.A. § 13-6-11, § 23-3-90(b), and § 9-15-14, Defendants are liable to Plaintiffs for all attorney's fees and costs of this action as a result of being obligated to turn over the Insurance Proceeds to Plaintiffs and/or not interpleading the Insurance Proceeds to avoid unnecessary damage to Plaintiffs.

39.

Pursuant to the above referenced Code sections, in addition to the statutory allowance under equitable interpleader actions, Defendants are liable to Plaintiffs because they have acted in bad faith, been intentionally and stubbornly litigious, have caused Plaintiffs unnecessary trouble and expense, and have taken positions not justiciable in law or fact in forcing Plaintiffs to commence and prosecute this litigation.

WHEREFORE, Plaintiffs respectfully pray for the following:

a.       that process be issued requiring Defendants to answer this Complaint;

b.      that Defendant Sun Life be required to interplead the entirety of the Insurance

Proceeds into the registry of the Court so that the Court may settle the disputed claims and rights

to collect the same;

c.      that Defendants be enjoined from using or disposing of the Insurance Proceeds

pending resolution of this case;

d.      that the Court declare Plaintiffs entitled to the Insurance Proceeds or impose a

constructive trust on the Insurance Proceeds in favor of Plaintiffs;

e.      that Plaintiffs be awarded their attorney's fees and costs of litigation pursuant to

O.C.G.A. § 13-6-11, § 23-3-90(b), and/or § 9-15-14; and

f.      that the Court grant them such other and further relief as this Court deems just and

proper.

This ___15___ day of December, 2022.

GLOVER & DAVIS, P.A.
Attorneys for Plaintiffs

BY: _____
        Taylor B. Drake
        State Bar No. 679559
        Michael H. Hill
        State Bar No. 839835

10 Brown Street
P.O. Box 1038
Newnan, Georgia 30264
(770) 683-6000
TDrake@GloverDavis.com
MHill@GloverDavis.com

h:\Griffin.Amy\Pleadings\121322.Complaint

Page 9

# EXHIBIT "A"

THE SUPERIOR COURT FOR THE COUNTY OF COWETA COUNTY

STATE OF GEORGIA

FILED IN OFFICE
CLERK OF
SUPERIOR/JUVENILE
COURT
13 JUN -3 AM 8: 53
CINDY G. BROWN, CLERK
COWETA COUNTY, GA

Amy Griffin
Plaintiff.

CIVIL ACTION
FILE: 2013-V-491

v.

Joshua Griffin
Defendant.

### FINAL JUDGMENT AND DECREE OF DIVORCE

Upon consideration of evidence submitted and upon legal principles, the Court grants a total divorce, a divorce *a vinculo matrimonii*, to Plaintiff and Defendant. The Court orders and decrees that the marriage contract heretofore entered into between Plaintiff and Defendant, from and after this date, be set aside and dissolved as if no such contract had ever been made or entered into, and Plaintiff and Defendant, formerly husband and wife, in the future shall be held and considered as separate and distinct persons, altogether unconnected by any nuptial union or civil contract whatsoever.

The Agreement between the parties filed April 26, 2013, is incorporated herein by reference and made a part of this Final Judgment and Decree of Divorce. Each party is ORDERED and directed to comply with the terms and conditions therein.

The PARENTING PLAN filed May 10, 2013, is incorporated herein by reference and made a part of this Final Judgment and Decree of Divorce. Each party is ORDERED and directed to comply with the terms and conditions thereof.

The CHILD SUPPORT ADDENDUM filed May 10, 2014, is incorporated herein by reference and made a part of this Final Judgment and Decree of Divorce. Each party is ORDERED and directed to comply with the terms and conditions therein.

Pursuant to O.C.G.A. §19-6-32, the Court finds that an immediate Income Deduction Order for Award of Child Support is not warranted.  However, pursuant to O.C.G.A. §19-6-31, 32 & 33, the recipient of child support has the express right, without notice to the other party, at the time this Final Judgment and Decree of Divorce is entered or at any time thereafter, to submit a separate Income Deduction Order for Award of Child Support to the Court for immediate entry.

Pursuant to O.C.G.A. §19-6-30, 31, 32 & 33, whenever in violation of the terms of this Final Judgment and Decree, there shall have been a failure to make the support payments due hereunder so that the amount unpaid is equal to or greater than the amount payable for one month, the payments required to be made may be collected by the process of continuing garnishment for support and/or by Income Deduction Order for Award of Child Support.

SO ORDERED this _30_ day of __MAY__, 2013.

Judge Bill Hamrick
Superior Court
Coweta County Georgia

SUBMITTED BY:

Gail Churchill
Attorney for Plaintiff
Georgia State Bar: 568500
4046 McCullum-Sharpsburg Road, Suite 102
PO Box 72107
Newnan, GA 30271
gailchurchill@gmail.com
770-252-1457

## THE SUPERIOR COURT FOR THE COUNTY OF COWETA

## STATE OF GEORGIA

Amy Griffin,                          CIVIL ACTION

Plaintiff                             NO. 2013- SU- V

v.

Joshua Griffin,

Defendant.

### SETTLEMENT AGREEMENT

This Agreement made and entered into this the _26_ day of _April_, 2013, between **Amy Griffin** ("Wife") and **Joshua Griffin** ("Husband").

WITNESSETH:

Whereas, the parties were married on July 15, 2000 and separated on or about April 1, 2013, and there are two minor children as issue of the marriage, that is, Mason Griffin, date of birth REDACTED, 2003, and REDACTED REDACTED, REDACTED, 2007;

Whereas, the marriage between the parties is irretrievably broken and the parties are unable to cohabit as Husband and Wife; there are no prospects for a reconciliation; the parties have separated and are now living in a bon fide state of separation; and, it is their intention to live apart the rest of their lives;

Whereas, the parties desire to formally establish their prospective property rights and other rights and obligations growing out of the marriage relation, and it is therefore agreed:

1. **Consideration.** The consideration for this agreement is the mutual promises and agreements herein contained.

2. **No Interference.** Each party shall be free from interference, authority, and control, direct or indirect, by the other, as fully as if he or she were single and unmarried. Neither shall molest the other, or compel or endeavor to compel the other to cohabit or dwell with him or her.

3. **Responsibility for Debts.** Subject to the provisions of this agreement the Wife and

1

Wife's Initials                                      Husband's Initials

Husband covenant and represent to each other that they have not heretofore incurred or contracted, nor will they hereafter incur or contract any debt, charge or liability whatsoever for which the other party, their legal representative or their property or estate may become liable, other than as contemplated herein.

4. **Mutual Release**. Subject to the provisions of this agreement, each party has released and discharged, and by this agreement does for himself or herself, and his or her heirs, legal representatives, executives, administrators, and assigns, release and discharge the other of and from all causes of action, claims, rights, or demands whatsoever, in law or equity, which either of the parties ever had or now has against the other except any or all cause or causes of action for a divorce, and hereinafter set forth.

5. **Release of Estate Claims**. Each party hereby releases, waives and relinquishes any and all rights which he or she may now have, or may hereafter have, as the other party's spouse under the present or future laws of any jurisdiction (a) to share in the estate of the other party upon the latter's death; (b) to Year's Support; and (c) to act as Executor and Administrator of the other party's estate. This provision is intended to, and shall constitute a mutual waiver by the parties to take against each other's Wills, now or hereafter in force, under the present or future laws of any jurisdiction whatsoever. The consideration for each party's waiver and release is the other party's reciprocal waiver and release. The parties intend by the aforementioned waiver and release, to relinquish any and all rights in and to each other's estate including the rights of set-off, any and all distributive shares and all rights of election presently provided for in any statue of this or any other jurisdiction.

6. **Further documentation**. The Husband and Wife shall at any and all times, upon request by the other party, or his or her legal representatives, make execute, and/or deliver any and all such other and further instruments or records as may be necessary or desirable for the purpose of giving full force and effect to the provisions of this agreement, without charge therefore, within thirty (30) days of such request.

7. **Divorce**. This agreement is made without in any manner consenting to a divorce between the parties, but nothing contained herein shall be construed to bar or prevent either party from suing for absolute divorce in any court of competent jurisdiction because of any past or future fault on the other's part. This agreement shall be offered in

2

Wife's Initials

Husband's Initials

evidence in such action and if acceptable by the Court, shall be incorporate ' by reference into any decree which may be granted between the parties hereto. Notwithstanding such incorporation, this agreement shall not be merged into any decree but shall survive independently of such final judgment decree.

8. **Entire Agreement**. This agreement constitutes the entire understanding of the parties and there are no representations or warranties other than those expressly stated herein.

9. **Enforcement**. Each of the parties herein shall strictly obey and abide by each and every term of this agreement. Upon this agreement being incorporated in any order of any court and in the event of any breach of this agreement, the offending party shall be subject to attachment for contempt of court.

10. **Marital Property**.

    a. Real Property: Husband shall have sole and exclusive possession and control of the real property at REDACTED Newnan, GA 30265 (the "Property") and Husband shall be solely responsible for the mortgage loan on the Property.

    b. Personal Property. The parties have amicably distributed their items of personal property. Husband shall retain possession and control of the furnishings and household goods at the Property with the exception of the following which Wife shall take possession of: _____. Wife shall retain the wedding ring.

    c. Vehicles: Husband shall retain exclusive possession and control of the 2013 Ford Explorer and 2011 Harley Davidson and shall be solely liable for the debts associated with these vehicles. Husband shall forever indemnify and hold harmless Wife from the payment of any debt or liability associated with either vehicle.

    d. Bank accounts. Husband shall maintain sole rights and ownership of the total value of the checking, savings, and money market accounts which the parties have held jointly at Bank of America. Wife shall establish her own bank accounts in which Husband shall have no interest. Each party shall retain his own separate checking account, and each party releases all claims to the other's accounts.

    e. The parties agree that the transfers of property in this Settlement Agreement are pursuant to a division of their equitable interests in such property, and that said transfers

3

Wife's Initials                                    Husband's Initials

are not alimony nor settlement of any marital property rights.

11. **Indebtedness.**  Neither party will incur additional debt on an account for which the other party will be legally responsible.

12. **Credit card debt and other debt.**  Husband shall be responsible for payment of the credit card accounts in his name, including the following: Citi, Bank of America, and Capital One card.  Wife shall be responsible for the Citi credit card in her name.  Wife shall be responsible for her outstanding doctor bills.

13. **Indemnification.**  Each party shall forever indemnify and hold harmless the other from the payment of any debt for which he or she is obligated pursuant to the provisions of this Agreement.  This mutual obligation to indemnify and hold one another harmless shall include the payment of all reasonable and necessary attorney fees and expenses of litigation incurred in the defense of such claims for which the other is responsible, and/or in the enforcement of this indemnification provision, whether in separate civil proceedings or in the course of a contempt action seeking to enforce the provisions of this Agreement regarding the obligation for payment of debts.  Each party shall give the other prompt notice of any collection efforts or of any litigation threatened or instituted against either party which might constitute the basis of a claim for indemnification by either Husband or Wife against the other pursuant to the terms of this Agreement.

14. **Miscellaneous.**  A Child Support Addendum shall be filed contemporaneously herewith.  A Parenting Plan shall be executed contemporaneously herewith and submitted to the court for approval.

15. **Income tax.**  Husband may claim Mason as his dependent on federal and state tax returns.  Wife may claim C̶REDACTED̶ as her dependent on federal and state tax returns.

16. **Other.**  Neither party shall pay alimony to the other.

17. **Retirement Plan(s).**  Each party will keep their own retirement plan.  Wife waives and releases her claims to and interest in Husband's 401(k) plan through his current employer.  Husband shall designate Mason Griffin and C̶REDACTED̶ G̶REDACTED̶ as equal beneficiaries of Husband's 401k plan through his employer, and will name Wife as trustee for the benefit of Mason and C̶REDACTED̶.

18. **Life Insurance.**  a. Husband shall designate his sons Mason Griffin and C̶REDACTED̶ G̶REDACTED̶ as equal beneficiaries of 100% of the proceeds of the life insurance policy through his current

4

Wife's Initials

Husband's Initials

employer.  b.  Husband agrees to provide a term life insurance policy with a monthly premium not to exceed $60.00 per month.  Wife shall be named as irrevocable beneficiary. Wife shall be named as trustee for the benefit of the parties' minor sons on the aforementioned life insurance policies.  The life insurance shall be kept in full force until all obligations required of Husband under this agreement have terminated.  At least once each calendar year, the Husband shall provide written proof satisfactory to the Wife that the foregoing life insurance policies are unencumbered and otherwise currently in effect.

19.  **Attorney's Fees**. Each party is responsible for their own attorney's fees.

20.  **Acknowledgment**.  Each party hereto acknowledges, warrants and represents that he or she:  (a)  Has read this Agreement in its entirety and fully understands each and every term and provision hereof; (b) Has executed this Agreement freely and voluntarily, without the interference, duress, or coercion of anyone whomsoever; (c) Fully understands the facts and circumstances surrounding the party hereto and has determined for himself or herself that the terms and provision here are reasonable, fair, and adequate; (d) Fully understands his or her legal rights, duties, responsibilities, and obligations concerning the aforesaid marriage, the party hereto, and any and all matters encompassed by this Agreement; (e) Has been afforded the opportunity to consult with an attorney of his or her choice prior to the execution of this Agreement; (f) Fully understands that Wife consulted Gail Churchill and consented to her preparation of the documents in this pending matter, and that Gail Churchill represents Wife in these proceedings; (g) Fully understands that Gail Churchill has not undertaken discovery in this case and that said attorney has relied solely upon Wife's knowledge of their assets and the value thereof in negotiations between Wife and Husband in the preparation and drafting of this Agreement; (h) Fully understands that Gail Churchill is not a tax attorney and has not been asked and has not given any tax advice.

Amy Griffin

Sworn to and subscribed before me this
____ day of _____, 2013.

Notary Public

My Commission Expires: 8/15/2014

GAIL CHURCHILL
Notary Public
STATE OF GEORGIA
My Comm. Exp. 8/15/14

5

Wife's Initials

Husband's Initials

Joshua Griffin

GAIL CHURCHILL
Notary Public
STATE OF GEORGIA
My Comm. Exp. 8/15/14
SEAL

Sworn to and subscribed before me this
26 day of April, 2013

Gail Churchill
Notary Public
My  Commission expires: 8/15/2014


Prepared by:

Gail Churchill
Gail Churchill

Attorney for Plaintiff

4046 Highway 154, #102
P O Box 72107
Newnan, GA  30271-2107

770 252 1457
fax:  404 393 9798
gailchurchill@gmail.com

State Bar Number 568500

Wife's Initials                    6                    Husband's Initials

IN THE SUPERIOR COURT OF COWETA COUNTY
STATE OF GEORGIA

| | |
|---|---|
| **Amy Griffin**<br>Plaintiff, | ) Civil Action File:<br>)<br>) 2013 SU V |
| vs. | )<br>) |
| **Joshua Griffin**<br>Defendant. | )<br>) |

## PARENTING PLAN

(x) The parties have agreed to the terms of this plan and this information has been furnished by both parties to meet the requirements of OCGA Section 19-9-1. The parties agree on the terms of the plan and affirm the accuracy of the information provided, as shown by their signatures at the end of this order.

( ) This plan has been prepared by the judge.

This plan 　　　(x) is a new plan.
　　　　　　　( ) modifies an existing Parenting Plan dated _____.
　　　　　　　( ) modifies an existing Order dated _____.

| Child's Name | Date of Birth |
|---|---|
| Mason Griffin | REDACTED 2003 |
| C REDACTED G REDACTED | REDACTED 2007 |
| | |
| | |

## I. Custody and Decision Making:

　　A. **Legal Custody shall be (choose one:)**
　　　　( ) with the Mother
　　　　( ) with the Father
　　　　(x) Joint

　　**B. Primary Physical Custodian**

　　For each of the children named below the primary physical custodian shall be:

| Name of Child | Date of Birth | () Mother | ( ) Father | ( ) Joint |
|---|---|---|---|---|
| Mason Griffin | REDACTED 2003 | ( x ) Mother | ( ) Father | ( ) Joint |
| C REDACTED G REDACTED | REDACTED 2007 | (x) Mother | | |

AG

1

WHERE JOINT PHYSICAL CUSTODY IS CHOSEN BY THE PARENTS OR ORDERED BY THE COURT, A DETAILED PLAN OF THE LIVING ARRANGEMENTS OF THE CHILD(REN) SHALL BE ATTACHED AND MADE A PART OF THIS PARENTING PLAN.

### C. Day-To-Day Decisions

Each parent shall make decisions regarding the day-to-day care of a child while the child is residing with that parent, including any emergency decisions affecting the health or safety of a child.

### D. Major Decisions

Major decisions regarding each child shall be made as follows:

| | | | |
|---|---|---|---|
| Educational decisions | ( ) mother | ( ) father | (x) joint |
| Non-emergency health care | ( ) mother | ( ) father | (x) joint |
| Religious upbringing | () mother | ( ) father | (x) joint |
| Extracurricular activities | ( ) mother | ( ) father | (x) joint |
| _____ | ( ) mother | ( ) father | ( ) joint |
| _____ | ( ) mother | ( ) father | ( ) joint |

### E. Disagreements

Where parents have elected joint decision making in Section I.D above, please explain how any disagreements in decision-making will be resolved.

Primary custodial parent shall have final decision making authority.

_____

_____

## II. Parenting Time/Visitation Schedules

### A. Parenting Time/Visitation

During the term of this parenting plan the non-custodial parent shall have at a minimum the following rights of parenting time/ visitation (choose an item):

( ) The weekend of the first and third Friday of each month.

( ) The weekend of the first, third, and fifth Friday of each month.

( ) The weekend of the second and fourth Friday of each month.

(x) Every other weekend starting on Friday Night – Sunday Evening.

( ) Each _____ starting at _____ a.m./p.m. and ending _____ a.m./p.m.

AG

2



( ) Other:

( ) and weekday parenting time/ visitation on (choose an item):
      ( ) None
      ( ) Every Wednesday Evening
      ( ) Every other Wednesday during the week prior to a non-visitation weekend.
      ( ) Every _____ and _____ evening.

For purposes of this parenting plan, a weekend will start at 3:00 p.m. on Friday and end at 8:00 p.m on Sunday evening.

Weekday visitation will begin at _____ a.m./p.m. and will end [____p.m. / when the child(ren) return(s) to school or day care the next morning / Other:_____ ].

This parenting schedule begins:

( ) _____See Paragraph below.     OR     ( ) date of the Court's Order
  (day and time)

**B.   Major Holidays and Vacation Periods**

**Thanksgiving**

The day to day schedule shall apply unless other arrangements are set forth: The parties will follow the daily schedule.

**Christmas**

The children will be in custody of Mother for the 24 hr period of Christmas for every calendar year.

**Easter**

The children will be in custody of Mother for the 24 hr period of Easter for every calendar year.

Other agreement of the parents:

_____
_____
_____

**Summer Vacation** See above.

3



Define summer vacation period: not applicable.   Until then the day to day schedule shall apply.

Father shall have the right to have the children with him for a total of 3 uninterrupted weeks each summer.  The weeks are not to run consecutively and may be shared with the parents of Father (i.e., grandparents).

The day to day schedule shall apply unless other arrangements are set forth:

_____

_____

_____ beginning _____.

**Spring Vacation (if applicable)**

Define:_____

_____

The day to day schedule shall apply unless other arrangements are set forth:
__Note: the day to day schedule shall apply.

_____

_____

_____ beginning _____.

**Fall Vacation (if applicable)**

Define:_____

_____

The day to day schedule shall apply .

_____

_____

_____ beginning _____.

**C. Other Holiday Schedule (if applicable)**

*Indicate if child(ren) will be with the parent in ODD or EVEN numbered years or indicate EVERY year.*

|  | MOTHER | FATHER |
|---|---|---|
| Martin Luther King Day |  |  |
| Presidents' Day |  |  |
| Mother's Day |  | _____ |
| Memorial Day |  |  |
| Father's Day | _____ |  |
| July Fourth |  |  |
| Labor Day |  |  |
| Halloween |  |  |
| Child(ren)'s Birthday(s) |  |  |
| Mother's Birthday |  | _____ |
| Father's Birthday | _____ |  |

AG.

4



Religious Holidays:
_____
_____
_____
Other: _____

_____     _____
_____     _____
_____     _____
Other: _____     _____     _____
Other: _____     _____     _____
_____     _____

**D.  Other extended periods of time during school, etc. (refer to the school schedule)**

_____
_____
_____

**E.  Start and end dates for holiday visitation**

For the purposes of this parenting plan, the holiday will start and end as follows (choose one):

() Holidays that fall on Friday will include the following Saturday and Sunday
() Holidays that fall on Monday will include the preceding Saturday and Sunday
() Other: Both_____

**F.  Coordination of Parenting Schedules**

Check if applicable:

()      The holiday parenting time/visitation schedule takes precedence over the regular parenting time/visitation schedule.

( )      When the child(ren) is/are with a parent for an extended parenting time/visitation period (such as summer),  the other parent shall be entitled to visit with the child(ren) during the extended period, as follows:

_____
_____

**G. Transportation Arrangements**

For visitation, the place of meeting for the exchange of the child(ren) shall be:

_____
_____

AG

5

The _____ will be responsible for transportation of the child at the beginning of visitation.

The _____ will be responsible for transportation of the child at the conclusion of visitation.

Transportation costs, if any, will be allocated as follows:
Husband/Father shall pay the costs of airplane tickets and bus, train, or other public transportation.

Other provisions: Wife/Mother shall not be required to drive any further than half-way between Husband's Coweta County residence and Mother's Florida residence (Duval County).  Mother agrees to either drive half-way to meet the Father or put the children on a public mode of transportation such as airplane.

### H.  Contacting the child

When the child or children are in the physical custody of one parent, the other parent will have the right to contact  the child or children as follows:

(x) Telephone

( )
Other: _____
_____

( ) Limitations on contact: _____
_____

### I.  Supervision of Parenting Time (if applicable)

(  ) Check here if Applicable

Supervised parenting time shall apply during the day-to-day schedule as follows:

Place: _____

Person/Organization supervising: _____

Responsibility for cost:

    ( ) mother    ( ) father    ( ) both equally

### J. Communication Provisions

Please check:

6

(x) Each parent shall promptly notify the other parent of a change of address, phone number or cell phone number.  A parent changing residence must give at least 30 days notice of the change and provide the full address of the new residence.

( ) Due to prior acts of family violence, the address of the child(ren) and victim of family violence shall be kept confidential.  The protected parent shall promptly notify the other parent, through a third party, of any change in contact information necessary to conduct visitation.

**III.**   **Access to Records and Information**

**Rights of the Parents**

Absent agreement to limitations or court ordered limitations, pursuant to O.C.G.A. § 19-9-1 (b) (1) (D), both parents are entitled to access to all of the child(ren)'s records and information, including, but not limited to, education, health, extracurricular activities, and religious communications.  Designation as a non-custodial parent does not affect a parent's right to equal access to these records.

Limitations on access rights:

_____
_____
_____

Other Information Sharing Provisions:

_____
_____
_____
_____

**IV.**   **Modification of Plan or Disagreements**

Parties may, by mutual agreement, vary the parenting time/visitation; however, such agreement shall not be a binding court order.  Custody shall only be modified by court order.

Should the parents disagree about this parenting plan or wish to modify it, they must make a good faith effort to resolve the issue between them.

**V.**   **Special Considerations**

Please attach an addendum detailing any special circumstances of which the Court should be aware (e.g., health issues, educational issues, etc.)

_____

_____

**VI.**   **Parents' Consent**

7

Please review the following and initial:

1. We recognize that a close and continuing parent-child relationship and continuity in the child's life is in the child's best interest.

   Mother's Initials: _____   Father's Initials: _____

2. We recognize that our child's needs will change and grow as the child matures; we have made a good faith effort to take these changing needs into account so that the need for future modifications to the parenting plan are minimized.

   Mother's Initials: _____   Father's Initials: _____

3. We recognize that the parent with physical custody will make the day-to-day decisions and emergency decisions while the child is residing with such parent.

   Mother's Initials: _____   Father's Initials: _____

( ) We knowingly and voluntarily agree on the terms of this Parenting Plan. Each of us affirms that the information we have provided in this Plan is true and correct.

_____          _____
Father's Signature                                    Mother's Signature

**ORDER**

The Court has reviewed the foregoing Parenting Plan, and it is hereby made the order of this Court.

This Order entered on _____, 20 _____ .

_____
JUDGE
_____ COUNTY SUPERIOR COURT

8

THE SUPERIOR COURT FOR THE COUNTY OF COWETA

STATE OF GEORGIA

Amy Griffin                                          CIVIL ACTION NO.

   Plaintiff.                                      2013-V-

v

Joshua Griffin

   Defendant.

### CHILD SUPPORT ADDENDUM

Pursuant to O.C.G.A. §19-6-15(c) (2), the Court makes the following applicable and required findings:

1.    This addendum is issued as a final order in an initial action. Support is being determined for two children: Mason Griffin, date of birth REDACTED 2003 and C REDACTED G REDACTED, date of birth REDACTED 2007.

2.    The Gross Income of the Father is $REDACTED per month. O.C.G.A. §19-6-15(c)(2)(C).

The Gross Income of the Mother is $REDACTED per month. O.C.G.A. §19-6-15 (c) (2) (C).

3.    Health insurance for the children involved is reasonably available to Father at this time. §19-6-15 (c) (2) (D). The children are currently insured through Father's employer.

4.    Mother shall pay 50% and Father shall pay 50% of all expenses incurred for the child's health care (including medical, dental, orthodontic, mental health, hospital and vision care) that are not covered by insurance, except that Mother agrees to be responsible for office visit co-pays and prescription medicines for the minor children while the children are with her.



The party who incurs such expense ["the incurring party"] shall provide documentation thereof to the other party within fourteen days of said expenditure with a short note explaining the details, the reasons, etc., of said expenditure.

Such other party shall reimburse the incurring party (or pay the health care provider directly) for his or her appropriate percentage of the expense, within fourteen days after receiving the verification of a particular health care expense or make arrangements to pay at such time as not to be delinquent. §O.C.G.A. 19-6-15 (c) (2) (G).

5. Pursuant to the visitation schedule, the noncustodial parent's parenting time is 22.8% annually. (Standard Visitation with alternating weekends, holidays, plus 2 weeks during the summer represents 20.8% parenting time for the noncustodial parent. With three weeks of summer vacation, the noncustodial parent's parenting time is 22.8% and with four weeks of summer vacation, the noncustodial parent's parenting time is 24.7%). §O.C.G.A. 19-6-15 (c) (2) (F).

6. The presumptive amount of child support as indicated by the Child Support Worksheet (#9 on Page 1 thereon) is $ 157.85 per month for Mother and $1772.15 per month for Father. O.C.G.A. §19-6-15 (c) (2) (A) and (B).

7.    a. ____ ____ No Deviation. If NO deviation continue to item 8.

b. __X__ Deviation. If DEVIATION, YOU must complete either ITEM 7 (b) (i) or item 7 (b) (ii).

i. _____ It has been determined that one or more of the Deviations allowed under O.C.G.A. §19-6-15 applies in this case. Schedule E of the Child Support Worksheet, docketed separately but simultaneously herewith, explains the reasons for the deviation, how the application of the guidelines would be unjust or inappropriate considering the relative ability of

each parent to provide support, and how the best interest of the child who is subject to this child support determination is served by deviation from the presumptive amount of child support.

OR

     i.  The reasons for deviation are: the parties have agreed on a child support amount based on a number of factors, including responsibility for co-pays and prescription drug costs and relative ability of each parent to provide support.

     ii.  The guidelines would be unjust or inappropriate considering the relative ability of each parent to provide support because: the wide variation in the parties' income. The parties have agreed on a child support amount based on a number of factors, including responsibility for co-pays and prescription drug costs.

     iii.  The best interest of the children who are subject to this child support determination is served by deviation from the presumptive amount of child support because: the parties have agreed on a child support amount based on a number of factors, including responsibility for co-pays and prescription drug costs and relative ability of each parent to provide support.

     8.  Taking into consideration all of the applicable data from the Child Support Worksheet, the award of child support which the Father shall pay to Mother for support of the two children is $2000.00 dollars per month to be paid out as $1000.00 bi-monthly beginning on June 7, 2013 and continuing until Mason become 18 years of age, dies, marries, or otherwise becomes emancipated, except that if Mason becomes 18 years of age while enrolled in attending secondary school on a full-time basis, then such support shall continue until Mason completes secondary school provided that such support shall not be required after the child attains 20 years of age. O.C.G.A. § 19-6-15(c) (A) and (B).

At such time as Father is no longer responsible for child support on account of Mason, the award of child support which the Father shall pay to Mother for support of C[REDACTED] is $1000.00 dollars per month to be paid out as $500.00 bi-monthly and continuing until C[REDACTED] become 18 years of age, dies, marries, or otherwise becomes emancipated, except that if the child becomes 18 years of age while enrolled in attending secondary school on a full-time basis, then such support shall continue until C[REDACTED] completes secondary school provided that such support shall not be required after the child attains 20 years of age.

So found this _____ day of _____, 2013.

_____
Judge
Superior Court of Coweta County

Agreed to:

Amy Griffin
Plaintiff

Agreed to:

Joshua Griffin
Defendant

Prepared by:

Gail Churchill
GA State Bar: 568500
Attorney for Plaintiff
gailchurchill@gmail.com
PO Box 72107
Newnan, GA 30271-2107
770-252-1457/fax: 404-393-9798

MASON GRIFFIN, individually, and          :
AMY GRIFFIN, as legal guardian and        :          CIVIL ACTION FILE NO. _____
trustee of C REDACTED  G REDACTED , a minor :
child,                                    :
                                          :
                Plaintiffs,               :
                                          :
vs.                                       :
                                          :
SUN LIFE ASSURANCE COMPANY                :
OF CANADA, and KELLY GAGNON,              :
Individually,                             :
                                          :
                Defendants.               :

## VERIFICATION

Personally appeared before the undersigned attesting officer, duly authorized by law to administer oaths, appeared Mason Griffin who swears under oath that she has read and examined the foregoing Complaint and that the statements contained therein are true and correct to the best of his knowledge, information, and belief.

This 14th day of December , 2022.



_____
Mason Griffin


Sworn to and subscribed before me this
14th day of December , 2022.

_____
Notary Public, State of Florida

{Notary Seal}          BRITTANY BEATON
                       Commission # HH 237921
                       Expires March 9, 2026


Page 10

MASON GRIFFIN, individually, and          :
AMY GRIFFIN, as legal guardian and        :        CIVIL ACTION FILE NO. _____
trustee of G[REDACTED] G[REDACTED], a minor   :
child,                                    :
                                          :
            Plaintiffs,                   :
                                          :
vs.                                       :
                                          :
SUN LIFE ASSURANCE COMPANY                :
OF CANADA, and KELLY GAGNON,              :
Individually,                             :
                                          :
            Defendants.                   :

## VERIFICATION

Personally appeared before the undersigned attesting officer, duly authorized by law to administer oaths, appeared Amy Griffin who swears under oath that she has read and examined the foregoing Complaint and that the statements contained therein are true and correct to the best of her knowledge, information, and belief.

This 14th day of December , 2022.

Amy Griffin

Sworn to and subscribed before me this
14th day of December , 2022.

Notary Public, State of Florida

{Notary Seal}

BRITTANY BEATON
Commission # HH 237921
Expires March 9, 2026

Page 11