# EXHIBIT A

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

FILED IN OFFICE
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGI
22-C-07620-S
1/2/2023 1:59 PI
TIANA P. GARNER, CLER

# Brian J. McCarthy,

_____

_____

_____

                                    PLAINTIFF

CIVIL ACTION
NUMBER:_____   22-C-07620-S4

VS.

**State Farm Fire and Casualty Company**

_____

_____

                                    DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

David J. Hungeling
Hungeling Rubenfield Law
1718 Peachtree Street, Suite 599
Atlanta, GA 30309

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This **2nd** day of **January**, 20**23**

3rd day of January, 2023

                        Tiana P. Garner
                        Clerk of State Court

By _____
                    Deputy Clerk

**INSTRUCTIONS:** Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

# This Page Intentionally Left Blank to Separate Documents

FILED IN OFFICE
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGI
**22-C-07620-S**
1/2/2023 1:59 PI
TIANA P. GARNER, CLER

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| BRIAN J. MCCARTHY )<br><br>    Plaintiff, )<br><br>v. )<br><br>STATE FARM FIRE AND )<br>CASUALTY COMPANY., )<br><br>    Defendants. ) | Civil Action File 22-C-07620-S4<br><br>No. _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR DAMAGES

Plaintiff, Brian J. McCarthy, files this Complaint for Damages against Defendant State

Farm Fire and Casualty Company, alleging as follows:

### PARTIES

1.

Plaintiff, Brian J. McCarthy, is an individual resident of the State of Georgia owning a

residence located at 1370 Cherokee Trail, White Plains, GA 30678 ( the "Property").

2.

Defendant, State Farm Fire and Casualty Company, is an Illinois Corporation registered

to do business in this state with the Georgia Secretary of State.  Service may be perfected on

State Farm by serving its registered agent, Corporation Service Company, at the following

address:  2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

### JURISDICTION AND VENUE

3.

This Court has personal jurisdiction over the Defendants pursuant to O.C.G.A. § 9-10-91.

4.

This Court has jurisdiction over the subject matter in this action pursuant to O.C.G.A. § 15-6-8.

5.

Venue is proper in this court for State Farm pursuant to O.C.G.A. § 14-2-510(b)(1) because State Farm's registered agent in the State of Georgia is located in Gwinnett County.

## FACTUAL BACKGROUND

6.

On or around January 2, 2022, a tree fell due to high winds at the Property causing structural damage.

7.

Plaintiff first observed the damage to the Property on January 8, 2022.

8.

At the time of the loss, Plaintiff made a claim on his State Farm Fire and Casualty Company policy number 11LT77013. State Farm assigned the claim number 11-29G2-75T to the loss.

9.

A representative of ServoPro came out and inspected the Property and made an estimate of damages in excess of $39,000.

10.

On or around February 25, 2022, Plaintiff received a check from State Farm in the amount of $9,148.42 after deductible.

11.

ServPro listed the estimated damages on the Property as $36.291.90. Due to the discrepancy in the estimates, work was not competed on the Property and the damage remained. As a result, water continued to leak into the interior of the property causing additional damages.

12.

Plaintiff hired Russ Hart of Hart's Consulting. Mr. Hart first sent his letter of representation to State Farm on September 1, 2022. State Farm responded to the letter of representation on September 17, 2022.

13.

On or about October 4, 2022, Mr. Hart inspected the Property and made a preliminary estimate of damages to the Property of $62,379.50. Again, the discrepancy in the estimates resulted from repairs not being completed on the Property and water continued to leak into the Property causing additional damages.

14.

On October 19, 2022, State Farm recognized the difference in the scope of work and alleged damages on the Property and agreed to send out a field adjuster for a second inspection and to meet with Mr. Hart.

15.

In processing Plaintiff's claim, State Farm has engaged in "unfair claims settlement practices" in violation of O.C.G.A. § 33-6-34, including:

(1)   Knowingly misrepresenting to claimants and insureds relevant facts or policy provisions relating to coverages at issue;

(2)   Failing to acknowledge with reasonable promptness pertinent communications with respect to the claim arising under the Policy;

(3)   Failing to adopt and implement procedures for the prompt investigation and settlement of the claim arising under the Policy;

(4)   Not attempting in good faith to effectuate prompt, fair, and equitable settlement of a claim submitted in which liability has become reasonably clear; and

(5)   Compelling Plaintiffs to institute suit to recover amounts due under its Policy by refusing to provide coverage;

16.

State Farm had a duty to adopt and implement procedures for the prompt investigation and settlement of Plaintiff's claim under the Policy.  By taking over a year to "investigate" the claim and refusing to provide coverage for the majority of the repairs needed, State Farm violated its duty to investigate and report its coverage decision promptly.

17.

Under Georgia Law, the Policy contains an implied covenant of good faith and fair dealing.  State Farm breached the implied covenant of good faith and fair dealing by failing to act promptly to repair the Property, engaging in a protracted exercise of conducting unreasonable analysis and inspections, repeatedly revising repair estimates, and failing to promptly adjust and pay the claim.

## COUNT I – Breach of Contract

18.

Plaintiffs hereby incorporates Paragraphs 1 – 17 of the Complaint by reference as if fully set forth herein.

19.

The Policy is a valid and enforceable contract for State Farm to provide insurance coverage for certain defined losses to Plaintiff.

20.

Plaintiff paid all premiums due as consideration for the insurance coverage in the Policy, and Plaintiff haz not breached the terms of the Policy.

21.

State Farm has a duty under the Policy to reimburse Plaintiff for covered losses that are not otherwise excluded from coverage in the Policy.

22.

State Farm also has an implied duty of good faith and fair dealing in its handling, investigation, and payment of claims under the Policy.

23.

The Dwelling Loss, the Diminished Value Loss, the Personal Property Loss, and the Additional Losses (collectively "Combined Losses") are covered by the Policy, and coverage is not excluded by any exclusion.

24.

State Farm breached its coverage obligations in the Policy by refusing to reimburse Plaintiff for the full amount of the Combined Losses.

25.

State Farm breached the implied covenant of good faith and fair dealing in the Policy by failing to act promptly to repair the Property, engaging in a protracted exercise of conducting unreasonable analysis and inspections, repeatedly revising repair estimates, and failing to promptly adjust and pay the claim.

26.

As a direct and proximate result of State Farm's breaches of contract, Plaintiff has suffered damages in an amount to be determined at trial.

## COUNT II – Bad Faith (O.C.G.A. § 33-4-6)

27.

Plaintiff hereby incorporates Paragraphs 1 – 26 of the Complaint by reference as if fully set forth herein.

28.

State Farm denied the full amount of Plaintiff's insurance claim in bad faith.

29.

State Farm did not have reasonable grounds for denying Plaintiffs' claim for reimbursement of the Combined Losses.

30.

State Farm engaged in "unfair claims settlement practices" as outlined above in violation of O.C.G.A. § 33-6-34.

31.

As a direct and proximate result of State Farm's breach of the coverage obligations in the Policy, Plaintiff is entitled to recover from State Farm damages for reimbursement of the Combined Losses in an amount to be determined at trial.  In addition, pursuant to O.C.G.A. § 33-4-6, Plaintiffs are entitled to recover an additional 50% of the covered Combined Losses plus its reasonable attorneys' fees in an amount to be proven at trial.

**Demand for Jury Trial**

32.

Plaintiff demands a trial by jury on all issues so triable.

**Prayer for Relief**

**WHEREFORE**, Plaintiffs pray for judgment and recovery and damages as follows:

(a)     That Plaintiffs be awarded judgment against State Farm for reimbursement of the Combined Losses in an amount to be determined at trial, plus all consequential, incidental, general, and other damages resulting from State Farm's breach of contract;

(b)     That Plaintiffs be awarded an additional 50% of all losses recovered at trial from State Farm plus its reasonable attorneys' fees as proven at trial pursuant to O.C.G.A. § 33-4-6;

(c)     That all costs of this action be cast against State Farm;

(d)     That Plaintiff be awarded both pre and post-judgment interest; and

(e)     That Plaintiff be awarded such additional damages, remedies, or relief as the Court may deem just, equitable, and proper.

Respectfully submitted this 2nd day of January, 2023.



/s/: David J. Hungeling
David J. Hungeling
Georgia State Bar No. 378417
Adam S. Rubenfield
Georgia State Bar No. 419033
Peachtree 25th, Suite 599
1718 Peachtree Street NW
Atlanta, Georgia 30309
TEL (404) 574-2466
FAX (404) 574-2467
*david@hungelinglaw.com*
*adam@hungelinglaw.com*
***Attorneys for Plaintiffs***

# This Page Intentionally Left Blank to Separate Documents

E-FILED IN OFFICE
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
22-C-07620-S4
1/2/2023 1:59 PM
TIANA P. GARNER, CLERK

## General Civil and Domestic Relations Case Filing Information Form

☐ Superior or ☒ State Court of <u>Gwinnett State Court</u> County

| For Clerk Use Only | | |
|---|---|---|
| Date Filed _____ | Case Number | 22-C-07620-S4 _____ |
| **MM-DD-YYYY** | | |

**Plaintiff(s)**
McCarthy, Brian J

| Last · | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |

**Defendant(s)**
State Farm Fire and Casualty Company

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |

**Plaintiff's Attorney** David John Hungeling    **State Bar Number** 378417    **Self-Represented** ☐

### Check one case type and one sub-type in the same box (if a sub-type applies):

**General Civil Cases**
☐ Automobile Tort
☐ Civil Appeal
☐ Contempt/Modification/Other Post-Judgment
☐ Contract
☐ Garnishment
☐ General Tort
☐ Habeas Corpus
☐ Injunction/Mandamus/Other Writ
☐ Landlord/Tenant
☐ Medical Malpractice Tort
☐ Product Liability Tort
☐ Real Property
☐ Restraining Petition
☒ Other General Civil

**Domestic Relations Cases**
☐ Adoption
☐ Contempt
  ☐ Non-payment of child support, medical support, or alimony
☐ Dissolution/Divorce/Separate Maintenance/Alimony
☐ Family Violence Petition
☐ Modification
  ☐ Custody/Parenting Time/Visitation
☐ Paternity/Legitimation
☐ Support – IV-D
☐ Support – Private (non-IV-D)
☐ Other Domestic Relations

☐ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____    _____
**Case Number**                **Case Number**

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

Version 1.1.20

# This Page Intentionally Left Blank to Separate Documents

E-FILED IN OFFICE - JM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-00007-S4**

**2/3/2023 11:19 AM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| BRIAN J. MCCARTHY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE NO: |
| v. | ) | <u>22-C-07620-S4</u> |
| | ) | |
| STATE FARM FIRE AND | ) | |
| CASUALTY COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### STATE FARM FIRE AND CASUALTY COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW, State Farm Fire and Casualty Company ("State Farm"), Defendant in the above-styled matter, and hereby files its Answer and Affirmative Defenses to Plaintiff Brian J. McCarthy's Complaint and responds as follows:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim against State Farm upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

To the extent that Plaintiff seeks to assert a claim for breach of contract against State Farm for purported damage (the "Loss") to property located at 1370 Cherokee Trail, White Plains, Georgia 30678 (the "Property"), which is the subject of Plaintiff's Complaint, Plaintiff's action should be dismissed because State Farm did not breach any contract with Plaintiff and, at all times relevant to this action, has acted in accordance with the terms and conditions of State Farm policy number 11-LT-7701-3 (the "Policy") and all applicable Georgia law.

-1-

### THIRD AFFIRMATIVE DEFENSE

State Farm has not breached any duty owed under an insurance contract with Plaintiff and, therefore, Plaintiff may not recover from State Farm in any sum or manner whatsoever.

### FOURTH AFFIRMATIVE DEFENSE

To the extent that the Complaint seeks, or is construed as seeking, to recover bad faith penalties or attorneys' fees under O.C.G.A. § 33-4-6 against State Farm, such remedies are not available to Plaintiff, as Plaintiff failed to satisfy the substantive and/or procedural requirements for making a bad faith claim as required under O.C.G.A. § 33-4-6.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff may not recover from State Farm under the Policy because Plaintiff breached the terms and conditions of the Policy.

### SIXTH AFFIRMATIVE DEFENSE

State Farm is not indebted to Plaintiff for the sum sought or in any amount whatsoever.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovering the damages asserted in his Complaint because these alleged damages are speculative, and Plaintiff did not actually incur and/or is not likely to incur these damages.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's alleged damages, if any, are limited by the coverage limits set forth in the Policy. This includes, but is not limited to, the amounts incurred, if any, in investigating and remediating any mold or fungal growth at the Property.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff may not recover for any damages that occurred outside the subject policy period

and/or prior to the inception of the Policy at issue in this matter.

## **TENTH AFFIRMATIVE DEFENSE**

Plaintiff may not recover any additional benefits under the Policy because Plaintiff failed to satisfy his duties as required under the Policy. Specifically, the Policy provides in **SECTION I – CONDITIONS:**

> 2.  **Your Duties After Loss**. After a loss to which this insurance may apply, *you* must cooperate with *us* in the investigation of the claim and also see that the following duties are performed:
>
> a.  give immediate notice to *us* or *our* agent . . .
>
> b.  protect the property from further damage or loss and also:
>
> > (1)  make reasonable and necessary temporary repairs required to protect the property; and
> >
> > (2) keep an accurate record of repair expenses;
>
> c.  prepare an inventory of damaged or stolen personal property:
>
> > (1)  showing in detail the quantity, description, age, replacement cost, and amount of loss; and
> >
> > (2)  attaching all bills, receipts, and related documents that substantiate the figures in the inventory;
>
> d.  as often as *we* reasonably require:
>
> > (1)  exhibit the damaged property;
> >
> > (2)  provide *us* with records and documents we request and allow *us* to make copies;
> >
> > . . .
>
> e.  submit to *us*, within 60 days after the loss, *your* signed, sworn proof of loss which sets forth, to the best of *your* knowledge and belief:

-3-

(1)    the time and cause of loss;

(2)    interest of the ***insured*** and all others in the property involved and all encumbrances on the property;

(3)    other insurance which may cover the loss;

(4)    changes in title or occupancy of the property during the term of this policy;

(5)    specifications of any damaged building and detailed estimates for repair of the damage;

(6)    an inventory of damaged or stolen personal property described in 2.c.;

(7)    receipts for additional living expenses incurred and records supporting the fair rental value loss; and

. . .

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff cannot maintain a claim for replacement cost benefits against State Farm because the Policy provides that State Farm will pay no more than the actual cash value of the damaged dwelling unless actual repair or replacement is complete and the insured has submitted documentation to State Farm establishing that the expense has been incurred. Marchman v. Grange Mut. Ins. Co., 232 Ga. App. 481, 483 (1998).

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff is unable to recover the damages set forth in his Complaint because this amount does not reflect the reasonable cost to replace or repair the alleged damages resulting from a covered cause of loss to the Property with equivalent construction for equivalent use and to return the Property to its pre-Loss condition. Further, the damages cited in the Complaint do not reflect repairs that are actually and necessarily required to repair and/or restore the Property to its pre-

-4-

Loss condition. Finally, the damages cited in the Complaint concern issues unrelated to this specific loss event.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff may not recover from State Farm under the Policy because Plaintiff failed to satisfy the conditions precedent to recovery. Specifically, the Policy provides in **SECTION I – CONDITIONS**:

    6.    **Suit Against Us.** No action will be brought against *us* unless there has been full compliance with all of the policy provisions. Any action by any party must be started within one year after the date of loss or damage.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff is unable to recover for any alleged damages under **COVERAGE A – DWELLING** to the extent those damages did not result from a fortuitous loss and/or "accidental direct physical loss to property" as required by the Policy. The Policy provides in **SECTION I – LOSSES INSURED**:

### COVERAGE A – DWELLING

*We* will pay for accidental direct physical loss to the property described in Coverage A, unless the loss is excluded or limited in **SECTION I – LOSSES NOT INSURED** or otherwise excluded or limited in this policy.  However, loss does not include and *we* will not pay for, any *diminution in value*.

## FIFTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff seeks additional amounts in excess of the "actual cash value" of damage to the Property, Plaintiff may not recover because Plaintiff failed to comply with the policy terms and conditions relating to loss settlement. The Policy provides as follows in **SECTION I – LOSS SETTLEMENT**:

Only the **Loss Settlement Provisions** shown in the *Declarations* apply. *We* will settle covered property losses according to the

following.  However, the valuation of any covered property losses does not include, and *we* will not pay, any amount for *diminution in value*.

**COVERAGE A – DWELLING**

1. **A1 – Replacement Cost Loss Settlement – Similar Construction**.

   a. *We* will pay the cost to repair or replace with similar construction and for the same use on the premises shown in the *Declarations*, the damaged part of the property covered under **SECTION I – PROPERTY COVERAGES**, **COVERAGE A – DWELLING**, except for wood fences, subject to the following:

      (1) until actual repair or replacement is completed, *we* will pay only the *actual cash value* of the damaged part of the property, up to the applicable limit of liability shown in the *Declarations*, not to exceed the cost to repair or replace the damaged part of the property;

      (2) when the repair or replacement is actually completed, *we* will pay the covered additional amount *you* actually and necessarily spend to repair or replace the damaged part of the property, or an amount up to the applicable limit of liability shown in the *Declarations*, whichever is less;

      (3) to receive any additional payments on a replacement cost basis, *you* must complete the actual repair or replacement of the damaged part of the property within two years after the date of loss, and notify *us* within 30 days after the work has been completed; and

      (4) *we* will not pay for increased costs resulting from enforcement of any ordinance or law regulating the construction, repair or demolition of a *building structure* or other structure, except as provided under

-6-

**OPTIONAL POLICY PROVISIONS,**
**Option OL – Building Ordinance or Law**.

b.      Wood Fences: *We* will pay the *actual cash value* for loss or damage to wood fences, not to exceed the limit of liability shown in the *Declarations* for **COVERAGE A – Other Structures**.

## SIXTEENTH AFFIRMATIVE DEFENSE

State Farm is not liable to Plaintiff because Plaintiff failed to properly mitigate his damages.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff is estopped from recovering from State Farm benefits related to any exaggerated or exacerbated damages to the Property due to Plaintiff's failure to mitigate his damages or protect the Property as required by the Policy.

## EIGHTEENTH AFFIRMATIVE DEFENSE

No act or omission on the part of State Farm caused or contributed to any of the alleged injuries or damages claimed by Plaintiff and, therefore, Plaintiff is not entitled to recover from State Farm.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver and estoppel.

## TWENTIETH AFFIRMATIVE DEFENSE

To the extent plaintiff has alleged causes of action for attorney's fees pursuant to O.C.G.A. § 13-6-11 or O.C.G.A. § 9-15-14, Plaintiff's Complaint fails to state a claim against State Farm upon which relief can be recovered.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

State Farm denies that the damages alleged in the Complaint were proximately caused by

any conduct on the part of State Farm.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff may not recover from State Farm because the Policy specifically excludes coverage for Plaintiff's claimed damages. Specifically, the Policy provides:

## SECTION I – LOSSES NOT INSURED

1. *We* will not pay for any loss to the property described in Coverage A which consists of, or is directly and immediately caused by, one or more of the perils listed in items a. through m. below, regardless of whether the loss occurs abruptly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:

   . . .

   f.  seepage or leakage of water, steam, or sewage that occurs or develops over a period of time:

      (1) and is:

         (a) continuous;

         (b) repeating;

         (c) gradual;

         (d) intermittent;

         (e) slow; or

         (f) trickling; and

      (2) from a:

         (a) heating, air condition, or automatic fire protective sprinkler system;

         (b) household appliance; or

(c) plumbing system, including from, within or around any shower stall, shower bath, tub installation, or other plumbing fixture, including their walls, ceilings, or floors.

*We* will also not pay for losses arising from condensation or the presence of humidity, moisture, or vapor that occurs or develops over a period of time.

Item f. does not apply if the seepage or leakage of water, steam, or sewage is hidden from view within the walls, ceilings, or floors, and unknown by the *insured*.

g.   wear, tear, decay, marring, scratching, deterioration, inherent vice, latent defect or mechanical breakdown;

. . .

However, *we* will pay for any resulting loss from items a. through l. unless the resulting loss is itself a Loss Not Insured as described in this Section.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

To the extent that Plaintiff seeks to establish a cause of action against State Farm based on the provisions of Georgia's Unfair Claims Settlement Practices Act contained in O.C.G.A. § 33-6-34, Plaintiff fails to state a claim upon which relief could be granted. By its express terms, the Unfair Claims Settlement Practices Act does not create a private cause of action. O.C.G.A. § 33-6-37.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff may not recover for any diminution in value. Specifically, the Policy provides:

### SECTION I – LOSSES INSURED

### COVERAGE A – DWELLING

*We* will pay for accidental direct physical loss to the property described in Coverage A, unless the loss is excluded or limited in **SECTION I – LOSSES NOT INSURED** or otherwise excluded or limited in this policy. However, loss does not include and *we* will not pay for, any ***diminution in value***.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

State Farm expressly reserves the right to assert any and all affirmative defense(s) and matter(s) in avoidance as may be disclosed during the course of additional investigation and discovery. Subject to and without waiving any of its other respective rights, jurisdictional or legal defenses, or objections, State Farm responds to the specific allegations contained in the individual and enumerated paragraphs of the Complaint as follows:

## PARTIES

1.

Upon information and belief, State Farm admits the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2.

State Farm admits the allegations in Paragraph 2 of Plaintiff's Complaint. State Farm responds further that it is incorporated in, and its principal place of business is in, Bloomington, Illinois and that it is a citizen of Illinois.

## JURISDICTION AND VENUE

3.

In response to the allegations contained in Paragraph 3 of Plaintiff's Complaint, State Farm states that it does not dispute the personal jurisdiction of this Court.

4.

In response to the allegations contained in Paragraph 4 of Plaintiff's Complaint, State Farm

-10-

states that it does not dispute the subject-matter jurisdiction of this Court.

5.

In response to the allegations contained in Paragraph 5 of Plaintiff's Complaint, State Farm states that it does not dispute venue in this Court.

## FACTUAL BACKGROUND

6.

In response to the allegations contained in Paragraph 6 of Plaintiff's Complaint, State Farm admits that a tree fell at the Property. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 6 of Plaintiff's Complaint are denied, including the date that the tree fell at the Property and that the tree fell due to high winds.

7.

In response to the allegations contained in Paragraph 7 of Plaintiff's Complaint, State Farm can neither admit nor deny when Plaintiff first observed any alleged damage to the Property and, thus, it denies the same.

8.

In response to the allegations contained in Paragraph 8 of Plaintiff's Complaint, State Farm admits that it issued policy number 11-LT-7701-3 to Brian McCarthy for property located at 1370 Cherokee Trail, White Plains, Georgia, subject to the Policy terms and conditions and applicable Georgia law. State Further admits that Plaintiff reported a claim related to the Loss, which State Farm assigned as claim number 11-29G2-75T. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 8 of Plaintiff's Complaint are denied.

9.

In response to the allegations contained in Paragraph 9 of Plaintiff's Complaint, State Farm

admits, upon information and belief, that a representative of Servpro inspected the subject Property. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 9 of Plaintiff's Complaint are denied.

10.

In response to the allegations contained in Paragraph 10 of Plaintiff's Complaint, State admits only that it issued payment to Plaintiff in or around February 2022 in the amount of $9,148.42 as the actual cash value of the arguably covered damages under the Policy. Except as otherwise herein admitted, State Farm denies the remaining allegations contained in Paragraph 10 of Plaintiff's Complaint including, but not limited to, any allegations that this amount represents the total insurance proceeds issued by State Farm in relation to the Loss.

11.

State Farm denies the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12.

In response to the allegations contained in Paragraph 12 of Plaintiff's Complaint, State Farm admits only that it received written communication from a public adjustor on behalf of Plaintiff dated September 1, 2022, and that State Farm subsequently responded to said written communication. State Farm denies all remaining allegations contained in Paragraph 12 of Plaintiff's Complaint.

13.

In response to the allegations contained in Paragraph 13 of Plaintiff's Complaint, State Farm admits only that Plaintiff's public adjuster submitted an estimate of damages in the amount of $62,379.50. State Farm denies all remaining allegations contained in Paragraph 13 of Plaintiff's Complaint.

14.

In response to the allegations contained in Paragraph 14 of Plaintiff's Complaint, State Farm admits only that a representative of State Farm conducted an in-person inspection of the Property. State Farm denies all remaining allegations contained in Paragraph 14 of Plaintiff's Complaint.

15.

State Farm denies the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16.

State Farm denies the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17.

State Farm denies the allegations contained in Paragraph 17 of Plaintiff's Complaint.

## **COUNT I – Breach of Contract**

18.

To the extent a response is required to the allegations contained in Paragraph 18 of Plaintiff's Complaint, State Farm hereby incorporates by reference its responses to Paragraphs 1 through 17 as if each were fully set forth herein.

19.

In response to the allegations contained in Paragraph 19 of Plaintiff's Complaint, State Farm admits only that the Policy provided insurance coverage to the subject Property, subject to the terms, conditions, and exclusions of the Policy and applicable Georgia law. Responding further, State Farm states that the Policy speaks for itself, and State Farm denies all allegations contained in Paragraph 19 of Plaintiff's Complaint that are in direct contravention to the express language of the Policy. Except as otherwise herein admitted, all remaining allegations contained

in Paragraph 19 of Plaintiff's Complaint are denied.

20.

State Farm denies the allegations contained in Paragraph 20 of Plaintiff's Complaint, as stated.

21.

In response to the allegations contained in Paragraph 21 of Plaintiff's Complaint, State Farm admits only that the Policy provided insurance coverage to the subject Property, subject to the terms, conditions, and exclusions of the Policy and applicable Georgia law. Responding further, State Farm states that the Policy speaks for itself, and State Farm denies all allegations contained in Paragraph 21 of Plaintiff's Complaint that are in direct contravention to the express language of the Policy. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 21 of Plaintiff's Complaint are denied.

22.

In response to the allegations contained in Paragraph 22 of Plaintiff's Complaint, State Farm admits only that the Policy provided insurance coverage to the subject Property, subject to the terms, conditions, and exclusions of the Policy and applicable Georgia law. Responding further, State Farm states that the Policy speaks for itself, and State Farm denies all allegations contained in Paragraph 22 of Plaintiff's Complaint that are in direct contravention to the express language of the Policy. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 22 of Plaintiff's Complaint are denied.

23.

In response to the allegations contained in Paragraph 23 of Plaintiff's Complaint, State Farm admits only that the Policy provided insurance coverage to the subject Property, subject to

the terms, conditions, and exclusions of the Policy and applicable Georgia law. Responding further, State Farm states that the Policy speaks for itself, and State Farm denies all allegations contained in Paragraph 23 of Plaintiff's Complaint that are in direct contravention to the express language of the Policy. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 23 of Plaintiff's Complaint are denied.

24.

State Farm denies the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25.

State Farm denies the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26.

State Farm denies the allegations contained in Paragraph 26 of Plaintiff's Complaint.

## COUNT II – Bad Faith (O.C.G.A. § 33-4-6)

27.

To the extent a response is required to the allegations contained in Paragraph 27 of Plaintiff's Complaint, State Farm hereby incorporates by reference its responses to Paragraphs 1 through 26 as if each were fully set forth herein.

28.

State Farm denies the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29.

State Farm denies the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30.

State Farm denies the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31.

State Farm denies the allegations contained in Paragraph 31 of Plaintiff's Complaint.

## **DEMAND FOR JURY TRIAL**

32.

Paragraph 32 of Plaintiff's Complaint does not contain allegations that require a response from State Farm, but State Farm denies the relief sought and any allegations relied upon in seeking such relief.

## **PRAYER FOR RELIEF**

33.

State Farm denies all allegations contained in any Prayer for Relief asserted by Plaintiff.

34.

State Farm denies all remaining allegations contained in Plaintiff's Complaint not specifically admitted herein.

WHEREFORE, State Farm requests that the following relief by granted:

a) That Plaintiff's Complaint be dismissed with prejudice.

b) That State Farm be awarded assessments, interest, and late charges, in amounts to be proven at trial.

c) That State Farm be awarded its reasonable attorneys' fees and costs incurred in asserting its rights through this action.

d) That State Farm be awarded such other and further relief as this Court deems just and proper.

This <u>3rd</u> day of <u>February</u>, 2023.

Respectfully submitted,

**SWIFT, CURRIE, McGHEE & HIERS**

*/s/ Jessica M. Phillips*

Jessica M. Phillips, Esq.
Georgia Bar No. 922902
Kyle A. Ference, Esq.
Georgia Bar No. 683043
***Attorneys for State Farm State Farm***
***Fire and Casualty Company***

1420 Peachtree Street, NE
Suite 800
Atlanta, GA 30309
OFF: (404) 874-8800
FAX: (404) 888-6199
Jessica.Phillips@swiftcurrie.com
Kyle.Ference@swiftcurrie.com

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that I have electronically filed and served the foregoing **STATE FARM FIRE AND CASUALTY COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** with the Clerk of Court using the Odyssey e-filing system which will automatically send e-mail notification and service of such filing to counsel of record as follows:

David J. Hungeling, Esq.
Adam S. Rubenfield, Esq.
HUNGELING RUBENFIELD LAW
1718 Peachtree Street NW, Suite 599
Atlanta, GA 30309
david@hungelinglaw.com
adam@hungelinglaw.com
*Counsel for Plaintiff*

This 3rd day of February, 2023.

Respectfully submitted,

**SWIFT, CURRIE, McGHEE & HIERS**

/s/ Jessica M. Phillips
Jessica M. Phillips, Esq.
Georgia Bar No. 922902
Kyle A. Ference, Esq.
Georgia Bar No. 683043
*Attorneys for State Farm State Farm Fire and Casualty Company*

1420 Peachtree Street, NE
Suite 800
Atlanta, GA 30309
OFF: (404) 874-8800
FAX: (404) 888-6199
Jessica.Phillips@swiftcurrie.com
Kyle.Ference@swiftcurrie.com

-18-