# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **ATINUKE OSIO** and **MCAUSTIN OSIO,** ) | |
| ) | |
| **Plaintiffs,** ) | Civil Action |
| ) | |
| vs. ) | CASE NO.:_____ |
| ) | |
| **UR MENDOZA JADDOU,** Director of ) | |
| U.S. Citizenship and Immigration Services ) | |
| and **TERRI A. ROBINSON,** ) | |
| Director of National Benefits Center of U.S. ) | |
| Citizenship and Immigration Services, ) | |
| ) | |
| **Defendants.** ) | |
| _____) | |

## ORIGINAL COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER THE ADMINISTRATIVE PROCEDURE ACT

COME NOW, ATINUKE OSIO and MCAUSTIN OSIO, Plaintiffs in the above-styled and -numbered cause, by and through the undersigned attorney of record, and for cause of action would show unto the Court the following:

1. This is an action for declaratory and injunctive relief under the Administrative Procedure Act (APA) brought against the Defendants, to compel corrective action on an Application to Register Permanent Residence or Adjust Status by

Plaintiff Atinuke Osio ("Plaintiff Beneficiary"). The Application was filed with and remains within the jurisdiction of the Defendants, who have unlawfully denied the aforementioned Application in violation of established precedent and due process, to Plaintiffs' detriment.

2. As the Defendants have acted arbitrarily, capriciously, and not in accordance with the law, this action seeks an order from the Court setting aside the Defendants' unlawful decision and compelling the Defendants to perform a duty that the Defendants owe to Plaintiff; to wit: to cause the Defendants to reopen and adjudicate the Petition according to the law and regulations, and correct the aforementioned due process violations, which have inevitably prejudiced the Plaintiff. The claim for declaratory relief seeks a judicial declaration that the Defendants are required under law to complete the adjudication process for the Plaintiff according to the law.

## PARTIES

3. Plaintiff Atinuke Osio ("Plaintiff Beneficiary") is a forty-two-year-old native and citizen of Nigeria. She filed a Form I-485, Application to Register Permanent Residence or Adjust Status, with United States Citizenship and Immigration Services (hereinafter, "USCIS") on November 15, 2021. See **Exhibit 1**, Receipt Notice – I-485.

4. Plaintiff McAustin Osio ("Plaintiff Petitioner") is a forty-nine-year-old United States citizen. He filed a Form I-130, Petition for Alien Relative, on behalf of his wife, Plaintiff Beneficiary with USCIS on November 15, 2021. See **Exhibit 2**, Receipt Notice – I-130.

5. Defendant Ur Mendoza Jaddou is the Director of the U.S. Citizenship and Immigration Services [hereinafter "USCIS"] and is sued in her official capacity. The USCIS is charged with all adjudication duties pertaining to immigration applications. Defendant is the official of the USCIS generally charged with administrative and supervisory authority over all operations of the USCIS, including the Atlanta Field Office.

6. Defendant Terri A. Robinson is the USCIS National Benefits Center Director. Defendant Robinson is sued in her official capacity and is the official of USCIS charged with supervisory authority over decisions issued by the National Benefits Center. As will be shown, Defendant is the official with whom Plaintiff's application was properly filed.

## JURISDICTION

7. Jurisdiction, in this case, is proper under 28 U.S.C. §§1331 and 1361; 5 U.S.C. § 701 et seq.; and 28 U.S.C. § 2201 et seq, as well as the APA, 5 U.S.C. §§ 555(b) and 706(a). Relief is requested according to said statutes.

## VENUE

8. Venue is proper in this court, pursuant to 28 U.S.C. § 1391(e), insofar as this is an action against officers and agencies of the United States in their official capacities brought in the District where Plaintiffs reside, and no real property is involved in the action.

## EXHAUSTION OF REMEDIES

9. Plaintiffs in the instant case have exhausted their administrative remedies. No other remedy is adequate in this case because the Defendants failed to properly and lawfully adjudicate Plaintiff Beneficiary's Application to Register Permanent Residence or Adjust Status. Immediate action, such as that offered by action under the APA, is the only relief available.

## CAUSE OF ACTION

10. On November 15, 2021, Plaintiffs filed an Application to Register Permanent Residence or Adjust Status and Petition for Alien Relative. See **Exhibit 1**, Receipt Notice – I-485; **Exhibit 2**, Receipt Notice – I-130.

11. On November 16, 2022, the Application to Register Permanent Residence or Adjust Status was denied. The decision notice states that USCIS had issued an Request for Evidence (RFE) on March 30, 2022, that Plaintiffs had failed to

respond, and that the application had been denied as abandoned. See **Exhibit 3**, Decision Notice.

12. Plaintiffs did not receive the RFE at issue. See **Exhibit 4**, Declarations of Plaintiffs. The Decision notice was mailed to the same address Plaintiffs had used in the Application and Petition. Plaintiffs continue to reside at this address.

13. According to the regulations that govern processing of adjustment of status applications, when USCIS needs additional information and issues an RFE 8 CFR § **103.2(b)(8)(iv)** states the following:

    *Process. A request for evidence or notice of intent to deny will be communicated by regular or electronic mail and will specify the type of evidence required, and whether initial evidence or additional evidence is required, or the bases for the proposed denial sufficient to give the applicant or petitioner adequate notice and sufficient information to respond.*

    Therefore, applicants must be provided notice and informed of RFE and given the opportunity to respond the if USCIS determines during the course of the petition process that this is necessary. Rather than providing Plaintiff Beneficiary due process and properly providing her with notice of the RFE,

USCIS simply dismissed the petition as abandoned under 8 C.F.R. § 103.2(b)(13).

14. Accordingly, Plaintiffs are suffering continuing damage, having been denied an immigration benefit to which they are entitled, but for USCIS's mistaken decision.

## LEGAL BACKGROUND

15. The APA, 5 U.S.C. §701 *et seq.* at § 704 states that acts by government agencies that are, "final agency action for which there is no other adequate remedy in a court are subject to judicial review." There is no other adequate remedy in this situation because the Defendants have acted contrary to the law and regulations and wrongfully denied the Plaintiff's Petition to Remove Conditions on Residence. Absent any other adequate remedy in this situation, the only option for Plaintiff is this instant action in this court.

16. Moreover, 5 U.S.C. § 706 states:

The reviewing court shall—

   **(1)** compel agency action unlawfully withheld or unreasonably delayed; and

   **(2)** hold unlawful and set aside agency action, findings, and conclusions found to be—

      **(A)** arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

**(B)** contrary to constitutional right, power, privilege, or immunity;

**(C)** in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;

**(D)** without observance of procedure required by law;

**(E)** unsupported by substantial evidence in a case subject to sections 556 and 557 of this title or otherwise reviewed on the record of an agency hearing provided by statute; or

**(F)** unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court.

17. Furthermore, in this case, this Court has jurisdiction to set aside agency actions that are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." Thus, this Court has jurisdiction to compel agency action unlawfully withheld or unreasonably delayed because Defendants have failed to properly adjudicate Plaintiff's Petition to Remove Conditions on Residence, and denied Plaintiff the "full panoply of procedural due process protections" to which he is entitled. *Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206, 212 (1953).

18. "To determine whether an agency decision [is] arbitrary or capricious, the reviewing court must consider whether the decision [is] based on a consideration of the relevant factors and whether there ha[s] been a clear error

of judgment." See *N. Buckhead Civic Ass'n v. Skinner*, 903 F.2d 1533, 1538 (11th Cir. 1990).

19. Examples of arbitrary or capricious agency decisions include those where an agency considers material which:

    > Congress has not intended it to consider, entirely fail[s] to consider an important aspect of the problem, offer[s] an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise.

    *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43, 103 S. Ct. 2856, 77 L. Ed. 2d 443 (1983).

20. In the instant case Defendants made a clear error of judgment, misapplied the law, and deprived the Plaintiffs of due process under the law. Defendants' conclusion that Plaintiff Beneficiary had willfully abandoned her Application for the requested immigration benefit sought under the INA is clearly erroneous.

21. Defendants' arbitrary and capricious action, abuse of discretion, and violation of due process has caused and continues to cause harm to Plaintiffs, by unlawfully denying them a privilege to which he is entitled. Accordingly, Plaintiff is suffering continued damage.

## PRAYER FOR RELIEF

WHEREFORE, in view of the facts and authority noted herein, Plaintiff respectfully prays this Honorable Court enter an order:

A.  Finding Defendants' Decision denying Plaintiffs' Application to Register Permanent Residence or Adjust Status was contrary to the law, as well as a violation of due process, and vacating said decision;

B.  Compelling Defendants to immediately perform their ministerial duty owed to the Plaintiff and 1) reopen the aforementioned application; 2) provide proper notice and opportunity to respond to any Requests for Evidence regarding Plaintiffs' case and; 3) adjudicate Plaintiffs' application on its merits and according to the law and regulations by which they are bound;

C.  Grant such other and further relief as this Court deems proper under the circumstances; and,

D.  Grant Attorney's fees and costs of Court to Plaintiff under the Equal Access to Justice Act.

    Respectfully submitted,

This the 31st day of January 2023.

                                             **THE FOGLE LAW FIRM, LLC**

                                             /s/H. Glenn Fogle, Jr.
                                             by: H. Glenn Fogle, Jr.
                                             Georgia Bar No. 266963
                                           Attorney for the Plaintiff

55 Allen Plaza, Suite 830
55 Ivan Allen Jr. Boulevard
Atlanta, Ga 30308
Tel.: (404) 522-1852
Fax.: (470) 592-6989
Email: glenn@foglelaw.com