IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **JUDE NATHANIAL AGBO** and **ROSELIND ROBERTSON AGBO,** <br><br> Plaintiffs, <br><br> v. <br><br> **UR MENDOZA JADDOU**, Director of U. S. Citizenship and Immigration Services and **SHINEKA MILLER,** Director of Atlanta Field Office of U.S. Citizenship and Immigration Services, <br><br> Defendants. | Civil Action <br><br> Case No.:_____ |

**ORIGINAL COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER THE ADMINISTRATIVE PROCEDURE ACT**

COMES NOW Jude Nathanial Agbo and Roselind Robertson Agbo, Plaintiffs in the above-styled and -numbered cause, by and through the undersigned attorney of record, and for cause of action would show unto the Court to following:

1. This action is brought against the Defendants to compel action on a Petition for Alien Relative and Application to Register Permanent Residence or Adjust Status. The petition and application were filed with and remain within the

jurisdiction of the Defendants, who have improperly denied said petition and application to Plaintiffs' detriment.

## PARTIES

2. Plaintiff Jude Nathanial Agbo (hereinafter "Plaintiff Beneficiary") is a forty-three-year-old native and citizen of Nigeria. He entered the United States with a visitor visa on or about December 16, 2015. He applied for Lawful Permanent Resident status on January 8, 2021.

3. Plaintiff Roselind Robertson Agbo (hereinafter "Plaintiff Petitioner") is a twenty-three-year-old citizen of the United States. She submitted a form I-130, Petition for Alien Relative on behalf of her husband, Plaintiff Beneficiary on January 8, 2021.

4. Defendant Ur Mendoza Jaddou is the Director of the United States Citizenship and Immigration Services (hereinafter "USCIS"), a branch of the Department of Homeland Security and is sued in her official capacity. USCIS is charged with all adjudication duties pertaining to immigration applications. Defendant Jaddou is the official of the USCIS generally charged with supervisory authority over all operations of the USCIS.  8 CFR. §103.1(g)(2)(ii)(B).

5. Shineka Miller is the USCIS Atlanta Field Office Director. Defendant Miller is sued in her official capacity and is the official of USCIS generally charged with

supervisory authority over all operations of USCIS within her District with certain specific exceptions not relevant here. 8 CFR § 103.1(g)(2)(ii)(B). Specifically, Defendant is responsible for the adjudication of adjudication of adjustment of status applications and petitions for alien relatives in her service area. As will be shown, Defendant is the official with whom Plaintiffs' application and petition were properly filed.

## JURISDICTION

6. Jurisdiction in this case is proper under 28 U.S.C. §§ 1331 and 1361, 5 U.S.C. § 701 *et seq.*, and 28 U.S.C. § 2201 *et seq.* Relief is requested pursuant to said statutes.

## VENUE

7. Venue is proper in this court, pursuant to 28 U.S.C. § 1391(e), in that this is an action against officers and agencies of the United States in their official capacities, brought in the District where the Plaintiffs reside, as no real property is involved in the action.

## EXHAUSTION OF REMEDIES

8. Plaintiffs in the instant case have exhausted their administrative remedies. No other remedy is adequate in this case because Defendants' decision constituted final agency action leaving no opportunity for appeal. Immediate action, such

as that offered the Administrative Procedure Act, is the only adequate relief.

## CLAIM FOR RELIEF

9. Plaintiff Beneficiary is a native and citizen of Nigeria. He entered the United States with inspection on a B-2 visa on December 16, 2015.

10. On February 16, 2016, Plaintiff Beneficiary married Sabrina Nicole Carr. They submitted Forms I-130 and I-485 on April 4, 2016. They appeared for an initial interview on August 25, 2016. See **Exhibit 1**, 2018 Decision Notice.

11. On December 17, 2017, the Fraud Detection and National Security directorate of USCIS conducted a site visit at the marital residence. Id.

12. On May 10, 2018, USCIS issued a Notice of Intent to Deny ("NOID"), stating that the evidence submitted by Plaintiff Beneficiary and Ms. Carr was insufficient to establish the bona fides of the marital relationship. The petitioners responded on June 12, 2018 with additional evidence. Id.

13. The Service denied the 2016 petitions a week later. The denial notice stated, inter alia, that the couple had "not established that your marriage was entered into in good faith." Id.

14. The couple divorced on October 1, 2018.

15. On December 13, 2018, Plaintiff Petitioner and Plaintiff Beneficiary married, having begun their relationship during an extended separation between

Plaintiff Beneficiary and his ex-wife.

16. On January 8, 2021, Plaintiff Beneficiary submitted his Form I-485, Application to Register Permanent Residence or Adjust Status together with a Form I-130, Petition for Alien Relative by Plaintiff Petitioner. See **Exhibit 1**, Receipt Notices.

17. On January 31, 2022, Plaintiffs appeared for an initial interview before USCIS in support of the application and petition. See **Exhibit 2**, Appointment Notice.

18. On March 16, 2022, the Service issued a Notice of Intent to Deny (NOID). The NOID raised several concerns regarding the bona fides of the current marriage. The NOID then stated that the visa petition may be barred under INA § 204(c), as Plaintiff Beneficiary's "testimony during the visit on December 11, 2017 had many discrepancies which concluded with the marriage was entered into for the purpose of evading the immigration laws and was found to be a fraudulent marriage [sic]." **Exhibit 3**, Notice of Intent to Deny. The NOID noted that Plaintiff Beneficiary's statements regarding the whereabouts of his wife on that day had changed, stating that "the officers asked the beneficiary where was his wife, Sabrina Carr, he stated she had left for work and the beneficiary had difficulty remembering where she worked but yet during the interview on January 31, 2022, the beneficiary changed his

story again under oath." <u>Id</u>. The NOID identifies two occasions of Plaintiff Beneficiary testifying, but seems to suggest that there had been others, though they are not identified.

19. The NOID also stated that "USCIS finds that you have not met your burden of proof in demonstrating clear and convincing testimony or evidence that your petition should be approved." <u>Id</u>. Clear and convincing evidence is the higher burden of proof which applies in the case of marriages which are entered into during the pendency of removal proceedings; INA § 245(e)(3); 8 U.S.C. § 1255(e)(3); or for a lawful permanent resident who obtained status through marriage and submits a petition for an alien based on a second marriage within five years. INA § 204(a)(2)(A), *Matter of Patel*, 19 I&N Dec. 774, 783 (BIA 1988).

20. Plaintiffs responded to the NOID on June 16, 2022 with substantial evidence of the bona fides of the present relationship, statements and argument clarifying the prior marital relationship, and the observation that that the prior denial had "stated that the evidence 'strongly suggested' [fraud, but] concluded that the Beneficiary's ex-wife and the Beneficiary did not meet their burden of proof." <u>See</u> **Exhibit 4** – Response to Notice of Intent to Deny.

21. Plaintiff Beneficiary also produced a written statement recounting his

encounter with officers on December 11, 2017, which included several instances of intimidating, coercive behavior, which upset and unnerved him. See **Exhibit 5** – Declaration of Jude Nathanial Agbo.

22. On October 26, 2022, the Service denied the Form I-130, Petition for Alien Relative. **Exhibit 6**, Decision Notice – Form I-130. The denial notice stated that the Service had found "the approval of your Form I-130 is prohibited under INA 204(c) because of the following reason(s)." No reasons followed. Plaintiff Beneficiary's Application to Register Permanent Residence or Adjust Status was consequently denied.

23. The standard of proof in administrative immigration proceedings is "preponderance of the evidence." *Matter of Chawathe*, 25 I&N Dec. 369 (AAO 2010). Thus, "the director must examine each piece of evidence for relevance, probative value, and credibility, both individually and within the context of the totality of the evidence, to determine whether the fact to be proven is probably true." *Chawathe* at 376. The Supreme Court has stated that if the Petitioner submits relevant, probative, and credible evidence that shows the claim is "more likely than not" true, the Applicant or Petitioner has satisfied the standard of proof. *INS v. Cardoza-Fonseca*, 480 U.S. 421 (1987).

24. "The APA requires the agency to articulate a satisfactory explanation for its

action including a rational connection between the facts found and the choice made." *Riffin v. Surface Transp. Bd.*, 389 U.S. App. D.C. 142, 145, 592 F.3d 195, 198 (2010) (internal quotations omitted). "[An] agency's refusal to consider evidence bearing on the issue before it constitutes arbitrary agency action within the meaning of § 706." *Butte Cty. v. Hogen*, 392 U.S. App. D.C. 25, 29, 613 F.3d 190, 194 (2010).

25. Plaintiffs produced ample evidence of their bona fide marital relationship, well beyond the threshold of preponderance of the evidence. Defendants have not identified any contradicting or detrimental evidence regarding the bona fides of the Plaintiffs' marriage.

26. Plaintiff Beneficiary also produced credible testimony regarding the inconsistencies in his prior statements.

27. Plaintiff Beneficiary has met all the qualifications for adjustment of status; his application should ordinarily have been approved.

28. Defendants' failure to acknowledge their mistake and reopen their erroneous decision in this case has caused and continues to cause harm to Plaintiffs in denying them privilege to which they are entitled and preventing Plaintiff Beneficiary from obtaining employment authorization, a driver's license, and other privileges to which he is entitled.

29. Defendants, in violation of the Administrative Procedures Act, 5 USC §701 *et seq.*, has unlawfully denied Plaintiffs' application and petition and therefore, have failed to carry out the adjudicative functions delegated to them by law with regard to Plaintiffs' case.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Court:

A. Compel Defendants and those acting under them to reopen the Plaintiffs' Petition for Alien Relative and Application to Register Permanent Residence or Adjust Status and properly consider the submitted evidence;

B. Compel Defendants and those acting under them to perform their duty to adjudicate Plaintiff's petition and application on the merits of the documentation properly submitted to them and under the law and burden of proof by which they are bound;

C. Grant such other and further relief as this Court deems proper under the circumstances; and,

D. Grant Attorney's fees and costs of Court to Plaintiff under the Equal Access to Justice Act.

                                      Respectfully submitted,
                                      this 31st day of January, 2023.

                                      THE FOGLE LAW FIRM, LLC

                                      /S/ H. Glenn Fogle, Jr
                                      by:  H. Glenn Fogle, Jr.
                                      Georgia Bar. No. 266963
                                      Attorney for the Petitioner

55 Allen Plaza, Suite 830
55 Ivan Allen Jr. Boulevard
Atlanta, Ga 30308
Tel.: (404) 522-1852
Fax.: (470) 592-6989
Email: glenn@foglelaw.com