

**U.S. Department of Homeland Security**
U.S. Citizenship and Immigration Services
Atlanta Field Office
2150 Parklake Drive
Atlanta Georgia 30345

**U.S. Citizenship
and Immigration
Services**

(b)(6)

JUN 1 9 2018

A214032568
MSC1690839402

Sabrina Nicole Carr

### DECISION

Dear Sabrina Nicole Carr:

Thank you for submitting Form I-130, Petition for Alien Relative, to U.S. Citizenship and Immigration Services (USCIS) on behalf of Jude Agbo (the beneficiary). You sought to have the beneficiary classified as the spouse of a U.S. citizen under section 201(b) of the Immigration and Nationality Act (INA).

After a thorough review of your petition, the testimony provided during your interview, and the record of evidence, we must inform you that we are denying your petition for the following reason(s).

Generally, to demonstrate that an individual is eligible for approval as the beneficiary of a petition filed under INA 201(b), a petitioner must:

- Establish a bona fide relationship to certain alien relatives who wish to immigrate to the United States;

- Establish the appropriate legal status (i.e., U.S. citizenship or lawful permanent residence) to submit a petition on the beneficiary's behalf.

In visa petition proceedings, it is the petitioner's burden to establish eligibility for the requested immigration benefit sought under the INA. See Matter of Brantigan, 11 I&N Dec. 493, 495 (BIA 1966); Title 8, Code of Federal Regulations (8 CFR), section 103.2(b). You must demonstrate that the beneficiary can be classified as your spouse. See 8 CFR 204.2(a). The petitioner must show, by a preponderance of the evidence, that the marriage was legally valid and bona fide at its inception, and "not entered into for the purpose of evading the immigration laws." Matter of Laureano, 19 I&N Dec. 1, 3 (BIA 1983). Although evidence to establish intent at the time of marriage can take many forms, some of those forms include: "proof that the beneficiary has been listed as the petitioner's spouse on insurance policies, property leases, income tax forms, or bank accounts; and testimony or other evidence regarding courtship, wedding ceremony, shared residence, and experiences." See Laureano, supra.

When there is reason to doubt the validity of a marital relationship, the petitioner must present evidence to show that the marriage was not entered into for the purpose of evading immigration

law. See Matter of Phillis, 15 I&N Dec. 385, 386 (BIA 1975). To demonstrate that the purpose of the marriage was not to evade immigration law, a petitioner may submit documentation showing, for instance, joint ownership of property, joint tenancy of a common residence, commingling of financial resources, birth certificates of children born to the union, and sworn or affirmed affidavits from third parties with personal knowledge of the marital relationship. See 8 CFR 204.2(a)(1)(iii)(B).

### Statement of Facts and Analysis, Including Ground(s) for Denial

USCIS received your Form I-130 on April 4, 2016. On August 25,2016, you and the beneficiary appeared for an interview with an Immigration Services Officer in connection with your Form I-130 and the beneficiary's Form I-485, Application to Register Permanent Residence or Adjust Status. At the interview, you and the beneficiary provided testimony under oath. The testimony and documentary evidence in the record did not establish the claimed relationship.Therefore on December 11, 2017, an investigative site visit was conducted by FDNS officers at your residence 2118 Falls Parkway, Duluth, Georgia 30096. On May 10, 2018, USCIS issued a Notice of Intent to Deny ("NOID") advising you that the evidence supporting the petition was insufficient to establish eligibility for the benefit sought and providing an opportunity to submit additional evidence.

You responded to the NOID on June 12, 2018, and submitted the following documentation:

- Letter from the you, attesting that during the site visit conducted with your husband he was nervous as the reason he provided inconsistent answers.
- Affidavit from Zy Derryo Brown attesting to his observation of your relationship in family and public functions.
- Affidavit from Tyeshia Carr attesting to your relationship with your husband.
- Copies of an undated letter from Globe Life Insurance in regards to an introductory premium paid for the first month of a life insurance payment.

The Notice of Intent to Deny (NOID) cited discrepancies within the record of evidence regarding the bona fides of your marriage and the lack of credible responses during the investigative site visit. On the basis of the information stated above, it is concluded that you have not established that your marriage was entered into in good faith. In fact, the evidence gathered at the interviews conducted on August 25,2016, as well as the information gathered through the FDNS investigation, strongly suggest that you and the beneficiary have entered into your marriage for the primary purpose of circumventing the immigration laws of the United States.

Based on a review of the record, USCIS finds that you have not met your burden of proof in demonstrating that your petition should be approved. Therefore, USCIS denies your Form I-130.

This decision will become final unless you appeal it by filing a completed Form EOIR-29, Notice of Appeal to the Board of Immigration Appeals from a Decision of a USCIS Officer. Although the appeal will be decided by the Board of Immigration Appeals (BIA), you must send the Form EOIR-29 and all required documents, including the appropriate filing fee, to the Atlanta Field Office at the following address:

> USCIS Atlanta Field Office
> 2150 Parklake Drive
> Atlanta, Georgia 30345

The Form EOIR-29 must be received within 30 days from the date of this decision notice. The decision is final if your appeal is not received within the time allowed.

If you, the petitioner, intend to be represented on appeal, your attorney or accredited representative must submit Form EOIR-27 with Form EOIR-29.

If you or your attorney wishes to file a brief in support of your appeal, the brief must be received by the USCIS office where you file your appeal either with your appeal or no later than 30 days from the date of filing your appeal. Your appeal will be sent for further processing 30 days after the date USCIS receives it; after that time, no brief regarding your appeal can be accepted by the USCIS office.

For more information about filing requirements for appeals to the BIA, please see 8 CFR 1003.3 and the Board of Immigration Appeals Practice Manual available at www.usdoj.gov/eoir.

If you need additional information, please visit the USCIS Web site at www.uscis.gov or call our USCIS Contact Center toll free at 1-800-375-5283.

Sincerely,

Kevin Riddle
Field Office Director

cc: Zeribe Law Offices

3