March 16, 2022

U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
2150 Parklake Drive
Atlanta, GA 30345



U.S. Citizenship and Immigration Services

ROSELIND ROBERTSON AGBO
4827 KIM CT
DOUGLASVILLE, GA 30135


MSC2190646277

RE: JUDE NATHANIAL AGBO
I-130, Petition for Alien Relative


A214-032-568

## NOTICE OF INTENT TO DENY

Dear ROSELIND ROBERTSON AGBO:

On January 8, 2021, you filed a Form I-130, Petition for Alien Relative, with U.S. Citizenship and Immigration Services (USCIS) on behalf of Jude Nathanial Agbo (the beneficiary). You sought to classify the beneficiary as the spouse of a U.S. citizen (USC) under section 201(b)(2)(A)(i) of the Immigration and Nationality Act (INA).

After a thorough review of your petition, the testimony provided during your interview, and the record of evidence, we must inform you that we intend to deny your petition.

To demonstrate that an individual is eligible for approval as the beneficiary of a petition filed under INA 201(b)(2)(A)(i), a petitioner must:

- Establish a bona fide spousal relationship with the beneficiary; and
- Establish that he or she is a U.S. citizen (USC) or lawful permanent resident (LPR).

In visa petition proceedings, it is the petitioner's burden to establish eligibility for the requested immigration benefit sought under the INA. See Matter of Brantigan, 11 I&N Dec. 493, 495 (BIA 1966); Title 8, Code of Federal Regulations (8 CFR), section 103.2(b). You must demonstrate that the beneficiary can be classified as your spouse. See 8 CFR 204.2(a).

### Statement of Facts and Analysis, Including Ground(s) for Denial

On January 31, 2022, you and the beneficiary appeared for an interview with an Immigration Services Officer in connection with your Form I-130 and the beneficiary's Form I-485, Application to Register Permanent Residence or Adjust Status. At the interview, you and the beneficiary provided testimony under oath.

The evidence in the record and testimony did not establish the claimed relationship.

The beneficiary must be eligible for the benefit sought at the time the petition was filed. See Matter of

Drigo, 18 I&N Dec. 223 (BIA 1982). A petitioner must establish eligibility at the time of filing a petition; a petition cannot be approved at a future date after the petitioner becomes eligible under a new set of facts. See Matter of Katigbak, 14 I&N Dec. 45 (Reg. Com. 1971). A petitioner may not make material changes to a petition that has already been filed in an effort to make an apparently deficient petition conform to USCIS requirements. See Matter of Izumii, 22 I&N Dec. 169 (BIA 1998).

After reviewing the evidence and the testimony provided at the interview, USCIS records indicate that the beneficiary is not eligible for the requested benefit sought for the following reason(s).

No visa petition "... shall be approved if (1) the alien has previously been accorded, or has sought to be accorded, an immediate relative ... status as the spouse of a citizen of the United States or the spouse of an alien lawfully admitted for permanent residence, by reason of a marriage determined by the Attorney General to have been entered into for the purpose of evading the immigration laws or (2) the Attorney General has determined that the alien has attempted or conspired to enter into a marriage for the purpose of evading the immigration laws." See INA 204(c).

In order for a visa petition to be barred by INA 204(c), there must be "substantial and probative evidence" of such an attempt or conspiracy and the derogatory evidence must be contained in the alien's file. See 8 CFR 103.2(b)(16)(i), 204.2(a)(1)(ii); Matter of Tawfik, 20 I&N Dec. 166, 167 (BIA 1990). If there is substantial and probative evidence, "the district director must deny any subsequent visa petition for immigrant classification filed on behalf of such alien, regardless of whether the alien received a benefit through the attempt or conspiracy. As a basis for the denial it is not necessary that the alien have been convicted of, or even prosecuted for, the attempt or conspiracy." See Matter of Tawfik at 167. In reaching such a conclusion, USCIS "... may rely on any relevant evidence, including evidence having its origin in prior Service proceedings involving the beneficiary, or in court proceedings involving the prior marriage. Ordinarily, the district director should not give conclusive effect to determinations made in a prior proceeding, but, rather, should reach his [or her] own independent conclusion based on the evidence before him [or her]." See Matter of Tawfik at 168.

Such evidence may consist of an admission by the beneficiary or spouse that they colluded to evade immigration law. See Ghaly v. INS, 48 F.3d 1426 (7th Cir 1995); Salas-Velazquez v. INS, 34 F.3d 705 (8th Cir. 1994). Further, such evidence can be found where the spouse was paid to marry the beneficiary or where the marriage was never consummated, where the spouses never cohabitated, and where the spouses never held themselves out to family and friends as husband and wife. See Matter of Phillis, 15 I&N Dec. 385 (BIA 1975). Where there is "substantial and probative evidence" of prior marriage fraud in the record, the burden then shifts to the petitioner to overcome this evidence. Hence, the petitioner must present evidence to show that the prior marriage was not entered into for the primary purpose of evading immigration law. See Matter of Phillis at 386.

The record provides that you married the beneficiary on December 13, 2018.

Your record contained the following evidence in support of your marriage being in good faith:

- Marriage certificate
- Your birth certificate
- Birth certificate for Jude Nathanial Agbo
- Certificate of Divorce for Jude Agbo from Suzan Agbo
- Divorce certificate for Jude Agbo from Sabrina Carr
- I-94 Jude Nathanial Agbo
- Copy of Jude Nathanial Agbo passport page
- Bank of America statements dated March 12, 2020 to December 10, 2020

- M&R Real Estate residential lease from January 1, 2020 to end on December 31, 2020
- 2 Scana Energy bills dated October 27, 2020 and December 28, 2020
- GEICO insurance card for 2014 Ford Fusion SE
- Metro by T-Mobile letter for start up service
- Metro by T-Mobile from August 4, 2020 thru October 4, 2020
- Hampton Inn receipt dated October 24, 2020 with your name on it
- Expedia.com reservation for you dated June 21, 2019 to June 23, 2019
- Letters from Jazlyn Robinson, Ejike Anadu, Ikenna Ihechere, Willie Robertson, Pandora McDaniel, Ovie Poto, and Adam Nathaniel Agbo.
- Copies of 4 cards
- 18 photos

You provided the following supporting "shared life documents" at the interview:

- M&R Real Estate residential lease from June 1, 2021 to end on May 31, 2022
- Bank of America printouts showing payments to Amar Properties Management for January, February, March, April, May, June, July, August, September, and December rent
- Money order with receipt for November rent
- Your 2020 tax return
- Printout from Douglas County school showing the beneficiary for your life insurance
- Progressive car insurance for you and the beneficiary dated September 28, 2021 thru March 28, 2022
- SCANA Energy bills dated October 27, 2021, December 28, 2021, and March 31, 2021
- Georgia Certificate of Title for 2017 Lexus in you and the beneficiary's name
- Printout from Hilton Honors in your name for a hotel room from October 9, 2021 to October 10, 2021
- Bank of America statements dated December 11, 2020 thru January 10, 2022
- Copies of 4 cards
- 51 photos



You and the beneficiary have some joint financial documents and appear to have shared some experiences with one another based on the photos submitted., however your claim to a bona fide marriage is unsupported. The following discrepancies were noted during your interview, as well as during a review of the supporting documentation submitted in support of your petition:

You stated during the interview that you wanted the beneficiary to get to know your children and that is why you waited two years to file the petition, yet you dated the beneficiary during the time he was still married and you had only dated the beneficiary for a few months before getting married. Please explain why you would have married someone before seeing if they would get along with your children.

The beneficiary stated that he and you waited to file the petition and the I-485 application because of money, yet the record reflects that you and the beneficiary had taken trips during the course of your marriage.

Bank of America printouts showing payments to Amar Properties Management for January, February, March, April, May, June, July, August, September, and December rent do not reflect the date or year of payments'.

There was no lease provided from the lease period ending December 31, 2020 to the lease that starts on June 1, 2021.

Your 2020 tax return had no W-2's provided and shows you filing as Head of Household with the beneficiary as a dependent. To qualify for the head of household filing status while married, you must be considered unmarried on the last day of the year, which means you must: File your **taxes separately from your spouse,** pay more than half of the household expenses and not have lived with your spouse for the last 6 months of the year. IRS does not allow a spouse in a marriage to claim Head of Household unless the spouse is disabled.

The joint Bank of America bank statements show Zelle transfers into this account every month from the beneficiary and Zelle tranfers to another account that you have and ATM deposits in the amounts ranging from $200 to $1,250 . There were no other individual bank statements submitted from you or the beneficiary's separate accounts. The bank statements fail to demonstrate a comingling of financial resources and that there is an ongoing marital union.

There were no birth certificates provided for Adole Elnathan Ivan Jude or Natalie Oyije Jude.

Based on review of the record, USCIS finds that the approval of your Form I-130 is prohibited under INA 204(c) because of the following reason(s).  During the interview you and the benfeciary testified that when you first met that the beneficiary was in fact married and he had told you as you began dating that he was separated. The Immigration Officer asked the beneficiary was he legally separated or he left the marital home. The beneficiary stated he left the house. During the interview, conducted by our Fraud Detection and National Security (FDNS) department on December 11, 2017, the beneficiary was asked about the visit to his home when he was married to Sabrina Carr. The beneficiary stated that when the Immigration Officer visited he told them that his wife, Sabrina Carr had stepped out and he allowed the Officers to go through the house. The beneficiary stated he made a mistake when he told the Immigration Officer that she stepped out instead of telling them that they were separated. The beneficiary stated during his interview on January 31, 2022 that the reason he divorced Sabrina Carr, was she had fraudulently written a check which caused problems for him.

During the visit on December 11, 2017, Jude Agbo (beneficiary) was given a Perjury Form which he read and signed.  The officers  asked the beneficiary where was his wife, Sabrina Carr, he stated she had left for work and the beneficiary had difficulty remembering where she worked but yet during the interview on January 31, 2022, the beneficiary changed his story again under oath. Your testimony during the visit on December 11, 2017 had many discrepancies which concluded with the marriage was entered into for the purpose of evading the immigration laws and was found to be a fraudulent marriage.

Based on a review of the record and your testimony, USCIS finds that you have not met your burden of proof in demonstrating clear and convincing testimony or evidence that your petition should be approved.

You have thirty (30) days (33 days if this notice was received by mail) from the date of this notice to submit additional information, evidence or arguments to support the petition. Failure to respond to this request within the time allotted will result in the denial of the petition.

You must either mail the requested information to the address shown below or scan and upload your response using your USCIS online account (if applicable). Please note, if the request is for original documents, you must submit that information by mail.

<u>**Please include a copy of this letter with your response by mail to this address:**</u>

U.S. Citizenship and Immigration Services
Atlanta Field Office
2150 Parklake Drive
Atlanta, GA 30345

Sincerely,

*[signature: Shineka C. Miller]*

Shineka C. Miller
Field Office Director
AC1682

cc: FERNANDA HOTTLE

MSC2190646277

A214-032-568