

H. GLENN FOGLE, JR., ESQ. (ADMITTED IN GA)
DAVID LUNEL, ESQ, (ADMITTED IN GA & PARIS, FR)
NATALY CADENA (ADMITTED IN IL)
OF COUNSEL: PRADEEK SUSHEELAN, ESQ. (ADMITTED IN NY)
OF COUNSEL: MARY M. SHIN, ESQ. (ADMITTED IN HI)

ATLANTA OFFICE      404.522.1852
CHARLESTON OFFICE   843.572.6822
CHARLOTTE OFFICE    704.405.9060
LOS ANGELES OFFICE  213.344.3780

*"Effective Immigration Solutions"*

June 10, 2022

United States Citizenship and Immigration Services
Atlanta Filed Office
2150 Parklake Drive NE
Atlanta, GA 30345

      **RE:**      **NOID – I-130, Petition for Alien Relative**
              **U.S. Petitioner Spouse: Roselind Robertson Agbo**
              **Beneficiary: Jude Nathanial Agbo – A214-032-568**
              **Receipt Number: MSC2190646277**

Dear Officer:

This letter is in response to your Notice of Intent to Deny ("NOID"), dated **March 16, 2022**, in connection with Ms. Roselind Agbo's I-130 petition filed on behalf of her spouse, Jude Agbo**.** Properly executed Forms G-28 pertaining to our firm's representation are enclosed.

**This Response should be considered as timely filed.** In response to the coronavirus (COVID-19) pandemic, USCIS extended the flexibilities announced on March 30, 2020, to assist applicants and petitioners who are responding to NOID' s if the issuance date listed on the request is between March 1, 2020, and July 25, 2022, inclusive. Therefore, USCIS will consider a response to NOID's <u>**received within sixty calendar days after the response due date set in the request or notice before taking any action**</u>.

The original due date for this was 33 days from April 18, 2022 (the NOID was received by mail). However, pursuant to 8 C.F.R. Section 1.2: when computing the period of time for taking any action [. . .] shall include Saturdays, Sundays, and legal holidays, except that when the last day of the period computed falls on a Saturday, Sunday, or a legal holiday, the period shall run until the end of the next day which is not a Saturday, Sunday, or a legal holiday<u>**. Then, including the sixty additional days of flexibility due to COVID-19, the due date becomes Friday June 17, 2022. As such, this NOID is timely filed.**</u>

Enclosed please find:

- The Service's Notice (NOID) dated March 16, 2022.

55 ALLEN PLAZA, SUITE 830, 55 IVAN ALLEN JR. BOULEVARD, ATLANTA, GEORGIA 30308
www.foglelaw.com

NOID-I-130- MSC2190646277- Roselind and Jude Agbo- **PAGE 2**

- Printout of USCIS Alert "*USCIS Extends Flexibility for Responding to Agency Requests*" dated 03/30/22.
- Executed Forms G-28 of the Petitioner and the Beneficiary.

To facilitate the Service's review of our response, pertinent portions of your NOID letter have been reproduced in **bold** below and the response follows:

## ISSUE

The Services has recognized the Petitioner and the Beneficiary submitted plenty of supporting documents evidencing their shared life. However, after reviewing the evidence and the testimony provided at the interview, USCIS records indicate that the beneficiary is not eligible for the requested benefit for the following reasons

1. *" You and the beneficiary have some joint financial documents and appear to have shared some experiences with one another based on the photos submitted, however your claim to a bona fide marriage is unsupported."* The NOID contains a list of discrepancies noted during the Petitioner and the Beneficiary's interview as well as during the review of the supported documentation submitted.

2. *" Based on review of the record, USCIS finds that the approval of your Form I-130 is prohibited under INA 204(c) because of the following reason(s). During the interview you and the beneficiary testified that when you first met that the beneficiary was in fact married and he had told you as you began dating that he was separated. The Immigration Officer asked the beneficiary was he legally separated, or he left the marital home. The beneficiary stated he left the house. During the interview, conducted by our Fraud Detection and National Security (FDNS) department on December 11, 2017, the beneficiary was asked about the visit to his home when he was married to Sabrina Carr. The beneficiary stated that when the Immigration Officer visited he told them that his wife, Sabrina Carr had stepped out and he allowed the Officers to go through the house. The beneficiary stated he made a mistake when he told the Immigration Officer that she stepped out instead of telling them that they were separated. The beneficiary stated during his interview on January 31, 2022, that the reason he divorced Sabrina Carr, was she had fraudulently written a check which caused problems for him*

NOID-I-130- MSC2190646277- Roselind and Jude Agbo- **PAGE 3**

*During the visit on December 11, 2017, Jude Agbo (beneficiary) was given a Perjury Form which he read and signed. The officers asked the beneficiary where was his wife, Sabrina Carr, he stated she had left for work and the beneficiary had difficulty remembering where she worked but yet during the interview on January 31, 2022, the beneficiary changed his story again under oath. Your testimony during the visit on December 11, 2017, had many discrepancies which concluded with the marriage was entered into for the purpose of evading the immigration laws and was found to be a fraudulent marriage. Based on the above information USCIS finds that the Petitioner has not met her burden of proof in demonstrating clear and convincing testimony or evidence that her petition should be approved."*

## RESPONSE

The Petitioner and Beneficiary have addressed every issue raised within the NOID; and have enclosed supporting documents, and additional bona fide marriage evidence.

1. **Regarding discrepancies noted during the Petitioner and the Beneficiary's interview as well as during the review of the supported documentation submitted:**

The Petitioner and the Beneficiary are submitting the following information and evidence**:**

A. **Declaration of the Petitioner, Roselind Robertson Agbo, written under penalty of perjury,** addressing each issue raised by the Service in the NOID, regarding her testimony during her and her spouse's interview on January 31, 2022, as well as the documents submitted to support the bona fide of their marriage.

This declaration is supported by the following documents:

- Copies of full statements of Petitioner and Beneficiary's joint checking account from Bank Of America, from **March 2020 to April 2022**, clearly showing the dates/year they made payments to Amar Properties, direct deposit and deposits for both Beneficiary and Petitioner's work, as well as payments they have made during their marriage to cover their joint bills such as Scana Energy, Comcast Atlanta, Metro PCS, Netflix, BillMatrix, Hulu, Amazon Prime, Progressive Auto Insurance.

- Copies of complete bank statements of the Petitioner's individual checking account from Navy Federal Credit Union, from December 2019 to March 2022, as well as Letter from Navy Federal Credit Union, from June 6, 2020, stating that the Petitioner added the Beneficiary to her existing account. Note that the Petitioner stated in her declaration that she opened that account before she married the Beneficiary. After marrying him, she kept her personal account with the only purpose of transferring money to their children. The Zelle transfers from the couple's joint account to Petitioner's personal account are for her and their children to be able to transfer money from "member to member" because the children also hold accounts with Navy Federal Credit Union.

- Printout of text message between the Petitioner and her former Landlord Representative from Amar Properties (Ana Ramirez), as well as Judgment and Order from the Magistrate Court of Douglas County, GA, dated April 11, 2022, evidencing the Petitioner and Beneficiary moved out from Amar Properties. Note that Landlord Amar Properties (Rep. Ana Ramirez) told the couple that the property where they were living was going to be sold, and as such they did not sign another year lease term, but they were still living in the property paying month-to-month. Since the Petitioner and the Beneficiary did not pay before moving out, they were ordered by a Judge from Douglas County to pay $1,350 (three equal payments of $450) to Ana Ramirez from Amar Properties. While we understand the Service may not be able to confirm the identity of the parties involved in the text messages, the Petitioner wishes to submit these printouts just to provide a more detailed explanation as to why there was no lease agreement from the period ending December 31, 2020, to the lease that starts on June 1, 2021. Note that the Judgment and Order is an official document from Douglas Couty Magistrate Court, proving that the couple was ordered to pay their last month of rent to Amar Properties. This only happened because they were paying on a month-to month basis.

- Copy of the Petitioner and the Beneficiary new joint lease agreement, valid from 04/01/2022 to 03/31/2023, for their joint residence located at 323 Thomas Dorsey Dr., Villa Rica, GA 30180.

- Copy of Petitioners Forms W-2 for the year 2020, as well as copy of Amended U.S. Individual Income Tax Return for 2020, showing that the Petitioner and the Beneficiary filed as "married filing jointly. Note that Petitioner stated in her declaration that she did not know that if she was married and living with her

NOID-I-130- MSC2190646277- Roselind and Jude Agbo- **PAGE 5**

husband she could not file as "Head of Household." As such, they amended their 2020 taxes. **Also, we have included 2021 U.S. joint federal tax returns of the couple as well as all the W2's.**

- Copy of the Birth Certificates of Jude Ivan Adole El-Nathan, and Natalie Oyije-Emerald Jude.

*Additional bona fide marriage documents:*

- Evidence of the Petitioner and the Beneficiary's joint auto insurance police with Progressive for their three (3) automobiles. Please note the couple has already provided the Service copies of all three auto mobile titles as part of the bonafide marriage evidence submitted with the initial application package.

- Evidence of the Petitioner and the Beneficiary's joint renter's insurance police with Progressive for their current marital residential address located at 323 Thomas Dorsey Dr., Villa Rica, GA 30180.

- Copy of the Petitioner and the Beneficiary's joint water/Sewer bill from the City of Villa Rica, dated 04/08/2022 and 06/21/22, for their current marital residential address located at 323 Thomas Dorsey Dr., Villa Rica, GA 30180.

- Copy of the Petitioner and the Beneficiary's joint Scana Energy, bills from January – April 2022, for their last month's living at their former marital address located at 4827 Kim Ct. Lot 30, Douglasville, GA 30135.

B. **Declaration of the Beneficiary, Jude Agbo, written under penalty of perjury, addressing the following issues raised by the Service in the NOID**:

- When he met the Beneficiary.
- He explained he was separated from his ex-wife when he met the Beneficiary (not living together).
- When and why, he divorced Sabrina Carr.
- When he married the Petitioner.
- Why him and the Petitioner did not file for his adjustment of status right after they got married.

NOID-I-130- MSC2190646277- Roselind and Jude Agbo- **PAGE 6**

- Why they waited five months to be able to book their budget conscious honeymoon trip.
- He also clarifies the discrepancies of the record regarding the home visit on December 11, 2017 (while he was married to Sabrina Carr) and the interview on January 31, 2022.

2. **"Based on review of the record, USCIS finds that the approval of your Form I-130 is prohibited under INA 204(c)."**

Please see the declaration of the Petitioner and supporting documents attached at **Exhibit A**, as she provides details and evidence of her bona fide marriage.

Also, see the declaration of the Beneficiary attached at **Exhibit B,** as he clarifies the events occurred during the home visit occurred on December 11, 2017 ( in connection to his the previous I-130 filed on his behalf by his ex-wife, Sabrina Carr); and his explanations during his interview on January 31, 2022 in connection to his pending I-130 filed on his behalf by his wife, Roselind Agbo.

It is clear from the Beneficiary's declaration under penalty of perjury, that during the home visit on December 11, 2017, the officers were highly interrogative, intimidating, and unwilling to see past his/her own beliefs of the case before them.

At the I-130 interview on January 31, 2022, the Beneficiary explained he made a mistake during the home visit on December 11, 2017 (caused by the manner in which the officers approached him). The Beneficiary proceeded to explain the events that led his relationship with Sabrina Carr, end in divorce (the difficulties, the up and downs of their relationship and their financial struggles). They did not divorce only because "*Sabrina Carr had fraudulent written a check which caused problems for him*" as the NOID states. This substitution of the officer's own judgement, and the subsequent disregard for the presented evidence is contrary to law. *Damon v. Ashcroft*, 360 F.2d 1084 (9th Cir. 2004). (Stating that such a personal inference is impermissible in adjudicating petitions, which should be adjudicated under the substantial and probative evidence standard).

In addition, the NOID dated March 16, 2022, states that Beneficiary's previous marriage was fraudulent and that his current marriage is barred under INA sec. 204(c). This statement is clearly erroneous. The previous denial of the I-130 filed by Beneficiary ex-

55 Allen Plaza, Suite 830, 55 Ivan Allen Jr. Boulevard, Atlanta, Georgia 30308
www.foglelaw.com

wife, Sabrina Carr, on behalf of the Beneficiary, did not conclude that the marriage was fraudulent. This denial, although stated that the evidence "strongly suggested" such, concluded that the Beneficiary's ex-wife and the Beneficiary did not meet their burden of proof.

The Service is clearly abusing its discretion in intending to deny the Petitioner's I-130 based on speculations as there is no substantial evidence of such. The Service also discounts many bona fide items already provided and their worth, largely ignoring the significance of these documents and finding peculiar faults with them. The Service imposes an absurd burden on Petitioner merely due to the skepticism that arose from the I-130 previously filed on behalf of the Beneficiary.

## STANDARD OF PROOF

*Matter of Chawathe*, 25 I&N Dec. 369 (AAO 2010) states the standard of proof in administrative immigration proceedings is "Preponderance of the evidence" meaning the Petitioner must provide evidence that demonstrates his claim is **"probably true."** USCIS guidance Memos that are part of the record state **"preponderance of the evidence," means, "That the matter asserted is more likely than not to be true**. Filings are **not** required to demonstrate eligibility beyond a reasonable doubt." Per 8 CFR § 103.2(b)(16) a **determination must be made based on only on information the Petitioner is aware of and only after** providing an **opportunity to rebut** the information. Hereby, utilizing inferences instead of the substantial and probative evidence standard can lead USCIS to erroneously substitute the adjudicator's own image of a marriage to determine that a marital union is a sham marriage. *Damon v. Ashcroft*, 360 F.2d 1084 (9th Cir. 2004). This personal inference is impermissible in adjudicating petitions, which should be adjudicated under the substantial and probative evidence standard.

Further, **USCIS is required to consider** and give due weight to **all** facts, evidence, and testimony on record. *See Matter of Treasure Craft of California*, 14 I&N Dec. 190 (Reg. Comm. 1972). "*[A]n agency's refusal to consider evidence bearing on the issue before it constitutes arbitrary agency action within the meaning of§ 706." Butte County v. Hogen*, 613 F.3d 190, 194 (D.C. Cir. 2010).

Finally, the "[t]ruth is to be determined not by the quantity of evidence alone, but by its quality." *Matter of E-M-,* 20 I. & N. Dec. 77, 80 (BIA 1989). The Board of Immigration Appeals ("BIA") explained that "**preponderance of the evidence" is the "rock bottom [of] the fact-finding level of civil litigation**," a lower standard than "*clear, convincing and unequivocal.*"

NOID-I-130- MSC2190646277- Roselind and Jude Agbo- **PAGE 8**

*Matter of E-M-, 2*0 I&N Dec. at 79, fn.1. Only a very low standard of proof is required to be established. **The Supreme Court has stated that if the Petitioner submits relevant, probative, and credible evidence that shows the claim is "more likely than not," true the Applicant or Petitioner has satisfied the standard of proof.** *See U.S. v. Cardozo- Fonseca*, 480 U.S. 421 (1987).

## CONCLUSION

We trust the enclosed evidence adequately responds to the Service's request and establishes the Applicant is more likely than not eligible for approval of this petition *Matter of Chawathe*, 25 I&N Dec. 369 (AAO 2010). The Petitioner and Beneficiary have addressed every concern raised by the NOID and provided the proper evidence requested by the service.

As such, we respectfully request the Service to exercise discretion favorably by providing a prompt adjudication of this petition. Thank you in advance for your kind assistance.

Very truly yours,
**THE FOGLE LAW FIRM, LLC**

By: H. Glenn Fogle Jr. Esq.

HGF/es
Enclosures: As indicated.

---