October 12, 2022

U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
2150 Parklake Drive
Atlanta, GA 30345



U.S. Citizenship
and Immigration
Services



MSC2190646277



A214-032-568

ROSELIND ROBERTSON AGBO
c/o FERNANDA N HOTTLE
THE HOTTLE LAW FIRM LLC
PO BOX 829
FAYETTEVILLE, GA 30214

RE: JUDE NATHANIAL AGBO
I-130, Petition for Alien Relative

## DECISION

Dear ROSELIND ROBERTSON AGBO:

On January 8, 2021, you filed a Form I-130, Petition for Alien Relative, with U.S. Citizenship and Immigration Services (USCIS) on behalf of JUDE AGBO (the beneficiary).

You sought to classify the beneficiary as the spouse of a U.S. citizen (USC) under section 201(b)(2)(A)(i) of the Immigration and Nationality Act (INA).

After a thorough review of your petition, the testimony provided during your interview, and the record of evidence, we must inform you that we are denying your petition.

To demonstrate that an individual is eligible for approval as the beneficiary of a petition filed under INA 201(b)(2)(A)(i) a petitioner must:

- Establish a bona fide spousal relationship with the beneficiary; and
- Establish that he or she is a U.S. citizen (USC) or lawful permanent resident (LPR).

In visa petition proceedings, it is the petitioner's burden to establish eligibility for the requested immigration benefit sought under the INA. See Matter of Branigan, 11 I&N Dec. 493, 495 (BIA 1966); Title 8, Code of Federal Regulations (8 CFR), section 103.2(b). You must demonstrate that the beneficiary can be classified as your spouse. See 8 CFR 204.2(a).

### Statement of Facts and Analysis, Including Ground(s) for Denial

Record shows you were married the beneficiary on December 13, 2018. On January 8, 2021, you filed Form I-130 on his behalf, seeking to have the beneficiary classified as the spouse of a United States citizen.

On January 31, 2022, you and the beneficiary appeared for an interview. At the time of interview, you submitted limited evidence in support of your marriage. During your interview the Immigration Officer questioned you and your spouse separately about your marriage and noticed several discrepancies. The evidence in the record and testimony did not establish the claimed relationship.

The record indicates that, Jude Nathaniel Agbo (the beneficiary) was first married on February 16,

2016, to Sabrina Nicole Carr (USC), and divorced on October 1, 2018. On June 19, 2018, USCIS denied the Form I-130 filed on behalf of Jude Nathaniel Agbo because, USCIS determined that the marriage between Sabrina Nicole Carr and Jude Nathaniel Agbo was a fraudulent marriage entered into for the sole purpose of evading immigration laws and obtaining immigration benefits. On June 19, 2018, USCIS also denied the Form I-485 filed by Jude Nathaniel Agbo for the reason that USCIS denied the Form I-130.

On March 16, 2022, USCIS issued a Notice of Intent to Deny, (NOID), your visa petition advising you that your petition may be barred under INA 204(c), based on the beneficiary's previous marriage with Sabrina Nicole Carr, which was for the sole purpose of obtaining an immigration benefit. The NOID provided you an opportunity to submit additional evidence within 30 days of the notice.

You responded to the Notice of Intent to Deny, (NOID), on June 16, 2022, and submitted the following documentation.

- Declaration of the Petitioner, Roselind Robertson Agbo;
- Declaration of the Beneficiary, Jude Agbo;
- Copies of Bank statements of petitioner and Beneficiary's joint checking account from Bank of America from March 2020 to April 2022;
- Printout of text message between the petitioner and former landlord;
- Copy of the Petitioner and the Beneficiary new joint lease agreement, valid from April 1, 2022 - March 31, 2023, for residence located at 323 Thomas Dorsey Dr., Villa Rica, GA 30180;
- Copy of the Petitioners Forms W-2 for the year 2020, as well as copy of Amended U.S. Individual Income Tax Return for 2020, showing that the Petitioner and the Beneficiary filed as "married filing jointly".
- Copy of 2021 Federal income tax returns of the Petitioner and the Beneficiary with W2;
- Joint Auto Insurance policy;
- Joint renters' insurance policy;
- Copy of the Petitioner and the Beneficiary's joint water/sewer bill from the city of Villa Rica, dated April 8, 2022 – June 21, 2022;
- Copy of the Petitioner and the Beneficiary's joint Scana Energy bills from January - April 2022;

Although, the documents you submitted support your marital relationship with the beneficiary, the beneficiary must be eligible for the benefit sought at the time the petition was filed. See (Matter of Diego 18 I&N Dec. 223 (BIA) 1982).

Based on a review of the record, USCIS finds that you have not met your burden of proof in demonstrating that your petition should be approved. Therefore, USCIS denies your Form I-130. A petitioner must establish eligibility at the time of filing a petition; a petition cannot be approved at a future date after the petitioner becomes eligible under a new set of facts. See Matter of Katigbak, 14 I&N Dec. 45 (Reg. Com 1971). A petitioner may not make material changes to a petition that has already been filed in an effort to make an apparently deficient petition conform to USCIS requirements. See Matter of Izumii, 22 I&N Dec. 169 (BIA1998).

After reviewing the evidence and the testimony provided at the interview, USCIS records indicate that

the beneficiary is not eligible for the requested benefit sought for the stated reasons.

No visa petition ". . . shall be approved if (1) the alien has previously been accorded, or has sought to be accorded, an immediate relative . . . status as the spouse of a citizen of the United States or the spouse of an alien lawfully admitted for permanent residence, by reason of a marriage determined by the Attorney General to have been entered into for the purpose of evading the immigration laws or (2) the Attorney General has determined that the alien has attempted or conspired to enter into a marriage for the purpose of evading the immigration laws." See INA 204(c).

In order for a visa petition to be barred by INA 204(c), there must be "substantial and probative evidence" of such an attempt or conspiracy and the derogatory evidence must be contained in the alien's file. See 8 CFR 103.2(b)(16)(i), 204.2(a)(1)(ii); Matter of Tawfik, 20 I&N Dec. 166, 167 (BIA 1990). If there is substantial and probative evidence, "the district director must deny any subsequent visa petition for immigrant classification filed on behalf of such alien, regardless of whether the alien received a benefit through the attempt or conspiracy. As a basis for the denial, it is not necessary that the alien have been convicted of, or even prosecuted for, the attempt or conspiracy." See Matter of Tawfik at 167. In reaching such a conclusion, USCIS ". . . may rely on any relevant evidence, including evidence having its origin in prior Service proceedings involving the beneficiary, or in court proceedings involving the prior marriage. Ordinarily, the district director should not give conclusive effect to determinations made in a prior proceeding, but, rather, should reach his [or her] own independent conclusion based on the evidence before him [or her]." See Matter of Tawfik at 168.

Such evidence may consist of an admission by the beneficiary or spouse that they colluded to evade immigration law. See Ghalib v. INS, 48 F.3d 1426 (7th Cir 1995); Salas-Velazquez v. INS, 34 F.3d 705 (8th Cir. 1994). Further, such evidence can be found where the spouse was paid to marry the beneficiary or where the marriage was never consummated, where the spouses never cohabitated, and where the spouses never held themselves out to family and friends as husband and wife. See Matter of Phillis, 15 I&N Dec. 385 (BIA 1975). Where there is "substantial and probative evidence" of prior marriage fraud in the record, the burden then shifts to the petitioner to overcome this evidence. Hence, the petitioner must present evidence to show that the prior marriage was not entered into for the primary purpose of evading immigration law. See Matter of Phillis at 386.

Based on review of the record, USCIS finds that the approval of your Form I-130 is prohibited under INA 204(c) because of the following reason(s).

This decision will become final unless you appeal it by filing a completed Form EOIR-29, Notice of Appeal to the Board of Immigration Appeals from a Decision of a USCIS Officer. Although the appeal will be decided by the Board of Immigration Appeals (BIA), you must send the Form EOIR-29 and all required documents to the following address:

U.S. Citizenship and Immigration Services
Atlanta Field Office
2150 Parklake Drive
Atlanta, GA 30345

The Form EOIR-29 must be received within 30 days from the date of this decision notice. The decision is final if your appeal is not received within the time allowed.

If you, the petitioner, intend to be represented on appeal, your attorney or accredited representative must submit Form EOIR-27 with Form EOIR-29.

If you or your attorney wishes to file a brief in support of your appeal, the brief must be received by the USCIS office where you file your appeal either with your appeal or no later than 30 days from the date of filing your appeal. Your appeal will be sent for further processing 30 days after the date USCIS receives it; after that time, no brief regarding your appeal can be accepted by the USCIS office.

For more information about filing requirements for appeals to the BIA, please see 8 CFR 1003.3 and the Board of Immigration Appeals Practice Manual available at www.usdoj.gov/eoir.

If you need additional information, please visit the USCIS Web site at www.uscis.gov or call our USCIS Contact Center toll free at 1-800-375-5283.

Sincerely,

*Shineka C. Miller*

Shineka C. Miller
Field Office Director

cc: FERNANDA HOTTLE