IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FELITA DIXON-BELL,<br><br>   Plaintiff,<br><br>v.<br><br>NATIONAL MENTOR<br>HEALTHCARE LLC DBA SEVITA,<br><br>   Defendant. | Civil Action No.<br><br><br>JURY TRIAL DEMANDED |

## **COMPLAINT FOR DAMAGES**

COMES NOW, ("Plaintiff" or "Ms. Bell"), by and through their undersigned counsel, and files this, their Complaint for Damages, and shows the Court as follows:

NATURE OF COMPLAINT

1. Plaintiff brings this action for damages, and reasonable attorney fees against Defendant ("Defendant") for violations of their rights under the Civil Rights Act of 1991, 42 U.S.C. § 1981, et. seq. ("Section 1981"), Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and the Equal Pay Act of 1963, as amended, 29 U.S.C. §206, et seq. ("EPA").

2. Plaintiff brings this action for damages, and reasonable attorney fees against Defendant ("Defendant") for violations of their rights under Title VII of the Civil Rights Act of 1964, as amended ("Title VII").

JURISDICTION AND VENUE

3. Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331, 28 U.S.C. §§ 1343, 42 U.S.C. § 1981, and 29 U.S.C. § 216(b).

4. The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391, and 42 U.S.C. §1981, venue is appropriate in this Court.

5. Defendant does business in and is engaged in commerce in the State of Georgia and is subject to jurisdiction over the claims asserted herein. Venue is proper in this district pursuant to 29 U.S.C. § 1391(b) because Defendant resides in this district and a substantial part of the events and omissions that give rise to Plaintiff's claims occurred in this district.

ADMINISTRATIVE PROCEDURES

6. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on July 8, 2022; the EEOC has not yet issued its Notice of Right to Sue.[1]

---

[1] Plaintiff will amend the complaint when the Notice of Right to Sue is Issued.

PARTIES

7. Plaintiff is a Female citizen of the United States of America and is subject to the jurisdiction of this Court.

8. Defendant is an employer within the meaning of the EPA.

9. Defendant is an employer within the meaning of Title VII in that it employs more than 15 employees.

10. Defendant has more than 500 employees.

11. At all times relevant, Defendant was qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

12. Defendant may be served with process by delivering a copy of the summons and complaint to its Registered Agent, located at Corporation Service Company, 2 SUN COURT, SUITE 400, PEACHTREE CORNERS, GA, 30092.

FACTUAL ALLEGATIONS

13. Felita Dixon-Bell is a woman of African ancestry the race colloquially referred to as "Black."

14. Dixon-Bell began working for Defendant on or about January 2, 2019.

15. Dixon Bell was promoted to Human Resources Operations Manager on or about February 2020.

16. The Job code for the Human Resources Operations Manager is 2904.

17. Dixon-Bell had no discipline in her position as Human Resources Operations Manager.

18. All Dixon-Bell's performance reviews met expectations.

19. Dixon-Bell has a Bachelor of Science in Business with a concentration in Human Resources.

20. Dixon-Bell has a Master of Business Administration.

21. Dixon-Bell has more than 15 years of experience in Human Resources.

22. On or about December 2020, Defendant hired Dennis Myers, a man of European ancestry, colloquially referred to as "white."

23. Defendant hired Myers as a Human Resources Operations Manager in job code 2904.

24. Both Myers and Dixon-Bell performed the same job duties.

25. Both Myers and Dixon Bell report to the same manger, Dana Chatelain.

26. Both Myers and Bell have approximately the same number of employees.

27. Human Resources Operations Managers have no offices and work remotely.

28. Human Resources Operations Managers routinely change and shuffle the states they support.

29. In 2020, when Myers arrived, Chatelain moved Florida from Dixon-Bell's area of responsibility to Myers.

30. Dixon-Bell and Myers performed their jobs under similar working conditions.

31. Defendant has employed Plaintiff and male employees in jobs as Human Resources Operations Managers, requiring substantially equal skill, effort, and responsibility.

32. Management of the Human Resources Operations Manager position and functions is centralized.

33. Beginning at Myers' hire date and continuing until the date of this filing Myers has been paid more for the same work.

34. In June 2021, Dixon-Bell went to Chatelain and asked her for an equity increase to address the disparity in pay she perceived between her and Myers.

35. Chatelain did not increase Dixon-Bell's pay even though she was paid less than her peers who were of European ancestry.

36. Upon her promotion, Dixon-Bell asked for a pay increase commensurate with her new job duties.

37. Chatelain denied the increase in pay.

38. Other employees who were promoted into the position who were not Black were paid more than Dixon-Bell to perform the same job functions.

39. Despite Dixon-Bell's request for pay increases, Chatelain refused and paid other employees who were not Black more for the same work.

40. Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text.

41. Plaintiff was treated less favorably in the terms or conditions of employment than others outside of their protected class, i.e., Black.

## CLAIMS FOR RELIEF

### COUNT I: VIOLATION OF 42 U.S.C. § 1981

42. Plaintiff re-alleges paragraphs 1-41 as if set forth fully herein.

43. Defendant subjected Plaintiff to discrimination on the basis of race.

44. Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of race in violation of 42 U.S.C. section 1981.

45. The effect of the conduct was to deprive Plaintiff of economic opportunities, and otherwise adversely affect Plaintiff's status as an employee, because of race.

46. As a direct and proximate result of these actions, Plaintiff has been made a victim of acts that adversely affected their psychological and physical well being.

47. As a direct and proximate result of Defendant's unlawful employment practices, Plaintiff has been embarrassed, humiliated and has suffered damage to their emotional health, and has lost back pay and front pay.

48. Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

## COUNT II VIOLATION OF THE EQUAL PAY ACT

49. Plaintiff re-alleges and reincorporates paragraphs 1-41 as if fully restated.

50. Plaintiff was denied equal pay under the EPA, in that male managers were paid more than Plaintiff.

51. Section 206(d)(1) of the Equal Pay Act makes it unlawful for an employer to "discriminate . . . between employees on the basis of sex by paying wages to employees . . . at a rate less than the rate at which he pays to employees of the opposite sex . . . for equal work on jobs the performance of which requires equal skill, efforts, and responsibility, and which are performed under similar working conditions[.]"

52. Defendant has employed Plaintiff and male employees in jobs as managers, requiring substantially equal skill, effort, and responsibility.

53. Plaintiff and male employees performed their jobs under similar working conditions.

54. Plaintiff was paid a lower wage than the male employees doing substantially equal work.

55. Defendant caused, contributed to, or caused the continuation of wage rate discrimination based on sex, in violation of the Equal Pay Act.

56. Upon information and belief, Defendant acted willfully.

57. As a direct, legal and proximate result of the discrimination, Plaintiff has sustained, and will continue to sustain, economic damages to be proven at trial. As a result of Defendant's actions, Plaintiff has suffered emotional distress, resulting in damages in an amount to be proven at trial. Plaintiff further seeks compensatory and punitive damages and all other injunctive, declaratory, and monetary relief available for equal pay violations at trial, including liquidated damages for all willful violations, prejudgment interest, attorneys' fees and costs, and other compensation pursuant to 29 U.S.C. §216(b).

## COUNT III: RACE DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

58. Plaintiff re-alleges paragraphs 1-41 as if set forth fully herein.

59. Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of their race in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq.

60. Defendant has willfully and wantonly disregarded Plaintiff's rights, and its discrimination against Plaintiff was undertaken in bad faith.

61. The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected their status as an employee because of their race.

62. As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has been made the victim of acts that have adversely affected their economic, psychological, and physical well-being.

63. Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful discrimination.

## COUNT IV: GENDER DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

64. Plaintiff re-alleges paragraphs 1-41 as if set forth fully herein.

65. Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of their gender in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq.

66. Defendant has willfully and wantonly disregarded Plaintiff's rights, and its discrimination against Plaintiff was undertaken in bad faith.

67. The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected their status as an employee because of their gender.

68. As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has been made the victim of acts that have adversely affected their economic, psychological, and physical well-being.

69. Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful discrimination.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

(a) General damages for mental and emotional suffering caused by Defendant's misconduct;

(b) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c) Reasonable attorney's fees and expenses of litigation;

(d) Trial by jury as to all issues;

(e) Prejudgment interest at the rate allowed by law;

(f) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(g) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein;

(h) Grant Plaintiff a trial by jury as to all triable issues of fact;

(i) Enter judgment against Defendant and awarding Plaintiff unpaid wages pursuant to the FLSA, 29 U.S.C. §§ 206(d), 207, and 216, liquidated damages as provided by 29 U.S.C. § 216, pre-judgment interest on unpaid wages, court costs, expert witness fees, and reasonable attorneys' fees pursuant to 29 U.S.C. § 216, and all other remedies allowed under the FLSA;

(j) Grant declaratory judgment declaring that Plaintiff's rights have been violated and that Defendant violated the FLSA;

(k) Grant Plaintiff leave to add additional state law claims if necessary;

(l) Award Plaintiff such further and additional relief as may be just and appropriate; and

(m) All other relief to which she may be entitled.

**BARRETT & FARAHANY**

s/ *Kira Fonteneau*
Kira Fonteneau
Georgia Bar No. 103355
Counsel for Plaintiff

2 20th St. N. Ste 900
Birmingham, AL 35203
kira@justiceatwork.com