IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| NADYA JOHN | ) |
| | ) |
| Plaintiff | ) |
| | ) CIVIL ACTION |
| v. | ) |
| | ) FILE NO. |
| LINCOLN LIFE ASSURANCE | ) |
| COMPANY OF BOSTON | ) |
| | ) |
| Defendant | ) |

## COMPLAINT

## I. JURISDICTION AND PARTIES

1.

This suit is brought and jurisdiction lies under the Employee Retirement Income Security Act (hereinafter "ERISA"), 29 U.S.C. § 1001, et seq.

2.

Jurisdiction and venue are proper pursuant to 29 U.S.C. § 1132.

3.

Plaintiff Nadya John (hereinafter "Plaintiff") is a citizen of the United States and of the State of Georgia.

4.

Defendant, Lincoln Life Assurance Company of Boston ("Defendant") is a

foreign corporation doing business for profit in Georgia.

5.

Defendant may be served with process, pursuant to Rule 4 of the Federal Rules of Civil Procedure, by and through its registered agent, Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

6.

Defendant negotiated, maintained and administered the disability plan at issue in this Complaint.

## II. STATEMENT OF FACTS

7.

Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 6 stated above.

8.

Apple Inc. contracted with Defendant to provide long term disability benefits for its employees.

9.

At all times material to this action, an insurance policy for long term disability was in full force and effect constituting a binding contract between Defendant and Apple Inc.

10.

Defendant pays long term disability insurance benefits to covered employees of Apple Inc. under this policy from its own assets.

11.

Apple Inc. offered this coverage to its employees as part of an overall welfare benefit plan, as defined under ERISA.

12.

Plaintiff was an insured employee under Defendant's policy.

13.

Defendant administered the plan and made all decisions as to benefits payable to eligible employees of Apple Inc.

14.

Plaintiff went out of work on May 20, 2020.

15.

Defendant found Plaintiff disabled and paid benefits up until March 19, 2021.

16.

On March 23, 2021, Defendant informed Plaintiff that it would no longer pay benefits as her anxiety and depression had not escalated to levels of severity that would require disability.

17.

Plaintiff appealed this decision shortly thereafter and again on January 26, 2022 in which she sent in psychiatric assessments from her psychiatrist and her therapist both stating that she is totally disabled due to persistent depressive disorder amongst other issues.

18.

Further, Plaintiff sent in a full job description explaining her job.

19.

On February 8, 2022, Defendant upheld its decision terminating benefits stating that Plaintiff could perform her own occupation under this policy and own occupation was defined as the inability to perform with reasonable continuity the substantial and material acts necessary to pursue his own occupation in the usual and customary way.

20.

Administrative remedies have been exhausted.

### III. CLAIM FOR RELIEF

### ENTITLEMENT TO LONG TERM DISABILITY BENEFITS

21.

Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 20 stated above.

22.

Plaintiff is entitled to LTD benefits under Defendant's policy for the following reasons:

a.  These benefits are permitted under the policy and the summary plan description;

b.  Plaintiff has satisfied all conditions for eligibility for receipt of these benefits;

c.  Plaintiff has not waived or otherwise relinquished her entitlement to these benefits.

23.

As a result of Defendant's failure to pay benefits to Plaintiff, Plaintiff is entitled to relief as outlined below.

### IV. RELIEF REQUESTED

WHEREFORE, Plaintiff requests judgment of this court against Defendant as follows:

(1) Find and hold Defendant owes Plaintiff long term disability benefits from March 20, 2021 and continuing, plus interest on all back benefits;

(2) Find and hold Defendant has breached its fiduciary duties to Plaintiff;

(3) Enjoin Defendant from any further prohibited acts against Plaintiff;

(4) Award attorney's fees with appropriate lodestar, plus litigation expenses and the costs of this action; and

(6) Grant other and further relief as may be just and proper.

This  6th   day of February , 2023.

                                               ROGERS, HOFRICHTER & KARRH LLC

                                               /s/Heather K. Karrh
                                               HEATHER K. KARRH
                                               Attorney for Plaintiff
                                               Ga. State Bar No. 408379

Rogers, Hofrichter & Karrh LLC
225 S. Glynn Street, Suite A
Fayetteville, GA 30214
(770) 460-1118 (telephone)
(770)460-1920 (facsimile)
Hkarrh@rhkpc.com