IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DIONNE D. FRANKLIN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| vs. | ) | |
| | ) | FILE NO. |
| PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY | ) ) ) | |
| | ) | |
| Defendant. | ) | |

## **COMPLAINT**

### **I. JURISDICTION AND PARTIES**

1.

This suit is brought and jurisdiction lies under the Employee Retirement Income Security Act (hereinafter "ERISA"), 29 U.S.C. §1001, *et. seq.*

2.

Jurisdiction and venue are proper pursuant to 29 U.S.C. §1132.

3.

Plaintiff, Dionne D. Franklin (hereinafter "Plaintiff"), is a citizen of the United States and of the State of Georgia.

4.

Defendant, Provident Life and Accident Insurance Company (hereinafter "Defendant"), is a foreign corporation doing business for profit in Georgia.

5.

Defendant may be served with process, pursuant to Rule 4 of the Federal Rules of Civil Procedure, by and through its registered agent, Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, GA 30092.

6.

Defendant negotiated, maintained and administered the disability policy at issue in this Complaint.

## II.  STATEMENT OF FACTS

7.

Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 6 stated above.

8.

Plaintiff's employer, Sidley & Austin, contracted with Defendant to provide long term disability benefits to its employees.

9.

At all times material to this action, a policy for long term disability was in full force and effect, constituting a binding contract between Defendant and Sidley & Austin.

10.

Defendant pays long term disability to covered employees of Sidley & Austin under the policy from its own assets.

11.

Sidley & Austin offered long term disability to its employees as part of an overall welfare benefit plan, as defined under ERISA.

12.

Plaintiff was an insured employee under Defendant's long term disability policy.

13.

Defendant administered the long term disability plan and made all decisions as to benefits payable to eligible employees of Sidley & Austin.

14.

Under Defendant's Policy, after 60 months covered persons are disabled if due

to their Sickness or Injury they:

1) are unable to earn at least 80% of their Indexed Earnings; or

2) are unable to perform each of the material duties of any occupation for which they are reasonably fitted by education, training or experience; and

3) meet the requirements of the Any Occupation Period (under 65 years of age).

15.

On or about June 30, 2008, Plaintiff ceased working in her position as a litigation associate due to complications of systemic lupus erythematosus which flared after rhinoplasty performed due to chronic sinus infections.

16.

Defendant found Plaintiff disabled and paid benefits up to September 10, 2021, finding that Plaintiff was disabled for well over a decade.

17.

In 2009, the Social Security Administration found Plaintiff disabled from any substantial gainful activity due to SLE and secondarily shingles.

18.

Around this time, The Prudential Insurance of America waived premiums for Plaintiff's life insurance finding her disabled from any occupation.

19.

In 2010, Plaintiff underwent surgical lumpectomy of her right breast.

20.

In 2013, Plaintiff underwent surgery and radiation treatment for carcinoma in her right parotid gland.

21.

In June 2020, Northwestern Mutual found Plaintiff disabled from any occupation and waived life insurance premiums and reimbursed her for all premiums paid from July 1, 2008.

22.

On September 10, 2021, Defendant terminated benefits via letter claiming that Plaintiff could perform full time work as a litigation associate.

23.

In its decision, Defendant relied on a medical doctor who reviewed Plaintiff's records and sent a letter to all of Plaintiff's doctors to which only one doctor's office

(Dr. Raju Midha) responded indicating agreement.

24.

On February 25, 2022, Plaintiff appealed the termination of benefits via certified mail.

25.

In her appeal letter, Plaintiff included a letter dated September 10, 2021 from Dr. Raju Midha stating that Plaintiff remained fully disabled and from Dr. Shuler stating that Defendant had not considered Plaintiff's condition fully.

26.

Plaintiiff also enclosed a Neuropsychological Evaluation, dated December 16, 2021, which found that Plaintiff has a neuro-cognitive disorder due to multiple medical conditions including possible radiation side effects, a decline in overall IQ due to mental slowing by an estimated ten (10) to fifteen (15) points and memory problems.

27.

The neuropsychologist noted, specifically, that Plaintiff was not exaggerating her problems and that she put forth good effort during cognitive testing.

28.

With regard to work ability, the neuropsychologist stated that Plaintiff's cognitive problems would interfere with her ability to function in the role of an attorney and would have difficulty with reliability in a work setting.

29.

Plaintiff also enclosed the findings of an October 5, 2021 Functional Capacity Evaluation (FCE).

30.

The FCE examiner noted that Plaintiff has been treated for the following:

> Chronic neuropathic pain syndrome in the setting of malignancy
> Surgically resected mucoepidermoid carcinoma of the right parotid gland involving the facial nerve, status post adjuvant radiation therapy
> Multiple medical comorbidities including history of cancer, connective tissue disease, autoimmune lupus-like disorder with arthralgias
> Facial lymphedema
> Severe limitations to participation in daily activities, physical fitness, as well as various roles.

31.

Overall, the FCE found that Plaintiff's capabilities did not match the lifting,

carrying requirements of her job and that she could not perform her job given her current limitations.

32.

Specifically, the FCE found that at best Plaintiff could perform only partial sedentary work and that she did not meet all the physical requirements required for sedentary work.

33.

The FCE found that Plaintiff's decreased vision limited her hand work involving fine motor skills and precision.

34.

The FCE found that Plaintiff performed all 28 of the 28 FCE activities and provided maximal effort.

35.

Plaintiff also enclosed a September 29, 2021 letter from Dr. Paul Kaufmann, Plaintiff's ophthalmologist, stating that she has been under his care for several eye disorders and has had radiation to the brain and brain stem that result in her being unable to drive at night or for long distances.

36.

Dr. Kaufmann stated that Plaintiff's limitations also affect her ability to read large amounts of information and type long documents.

37.

Dr. Kaufmann stated that Plaintiff's nystagmus becomes worse with strain or lack of sleep, which would affect her ability to drive, read and write at any given time.

38.

Plaintiff also pointed out the many factual errors that Defendant's reviewing doctor made and enclosed copious medical records.

39.

Plaintiff supplemented her appeal on April 6 2022, April 8, 2022 and April 13, 2022 with orthopaedic records regarding the pain and limitations in both her hands amongst other issues.

40.

Defendant upheld its termination of benefits via letter dated May 23, 2022 relying upon in-house medical reviews performed by a nurse and a family medicine doctor.

41.

Administrative remedies at that point were exhausted.

## III.  CLAIM FOR RELIEF

## ENTITLEMENT TO LONG TERM DISABILITY BENEFITS

42.

Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 41 stated above.

43.

Plaintiff is entitled to long term disability benefits under Defendant's policy for the following reasons:

a. These benefits are permitted under the plan;

b. Plaintiff has satisfied all conditions for eligibility for receipt of these benefits;

c. Plaintiff has not waived or otherwise relinquished her entitlement to these benefits.

44.

Defendant has refused to reinstate benefits despite substantial medical documentary evidence demonstrating disability and evidence that Plaintiff's condition

had worsened as demonstrated by several new diagnoses. As a result of Defendant's failure to pay benefits to Plaintiff, she is entitled to relief as outlined below.

## IV. RELIEF REQUESTED

WHEREFORE, Plaintiff requests judgment of this honorable Court against Defendant as follows:

(1) Find and hold Defendant owes Plaintiff disability benefits in the proper amount from September 10, 2021 and continuing, plus the maximum allowable interest on all back benefits;

(2) Award Plaintiff attorneys' fees, including litigation expenses, and the cost of this action; and

(3) Grant other and further relief as may be just and proper.

This the __6th__ day of February, 2023.

ROGERS, HOFRICHTER & KARRH, LLC

*/s/Heather K. Karrh*
HEATHER KENDALL KARRH
Ga. State Bar No. 408379
225 S. Glynn St., Ste. A

Fayetteville, GA 30214
(770) 460-1118 (telephone)
(770)460-1920 (facsimile)
hkarrh@rhkpc.com


Attorneys for Plaintiff