**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **CHARITY AMUCHE EFOLI** and **RONTERIUS JEMOND ROSS JR.,** ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | Civil Action |
| **UR MENDOZA JADDOU**, Director of U. S. Citizenship and Immigration Services and **SHINEKA MILLER,** Director of Atlanta Field Office of U.S. Citizenship and Immigration Services, ) ) ) ) ) ) | Case No.:_____ |
| Defendants. ) _____) | |

**ORIGINAL COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER THE ADMINISTRATIVE PROCEDURE ACT**

COMES NOW Charity Amuche Efoli and Ronterius Jemond Ross Jr., Plaintiffs in the above-styled and -numbered cause, by and through the undersigned attorney of record, and for cause of action would show unto the Court to following:

1. This action is brought against the Defendant to compel action on a Petition for Alien Relative and Application to Register Permanent Residence or Adjust Status. The petition and application were filed with and remain within the

jurisdiction of the Defendants, who have improperly denied said petition and application to Plaintiffs' detriment.

## PARTIES

2. Plaintiff Charity Amuche Efoli (hereinafter "Plaintiff Beneficiary") is a native and citizen of Nigeria. She applied for Lawful Permanent Resident status on July 13, 2018.

3. Plaintiff Ronterius Jemond Ross Jr. (hereinafter "Plaintiff Petitioner") is a citizen of the United States. He submitted a Form I-130, Petition for Alien Relative on behalf of his spouse, Plaintiff Beneficiary, on July 13, 2018.

4. Defendant Ur Mendoza Jaddou is the Director of the United States Citizenship and Immigration Services (hereinafter "USCIS"), a branch of the Department of Homeland Security and is sued in her official capacity. USCIS is charged with all adjudication duties pertaining to immigration applications. Defendant Jaddou is the official of the USCIS generally charged with supervisory authority over all operations of the USCIS. 8 CFR §103.1(g)(2)(ii)(B).

5. Shineka Miller is the USCIS Atlanta Field Office Director. Defendant Miller is sued in her official capacity and is the official of USCIS generally charged with supervisory authority over all operations of USCIS within her District with certain specific exceptions not relevant here. 8 C.F.R. § 103.1(g)(2)(ii)(B)

Specifically, Defendant is responsible for the adjudication of adjudication of adjustment of status applications and petitions for alien relatives in her service area. As will be shown, Defendant is the official with whom Plaintiffs' application and petition were properly filed.

## JURISDICTION

6. Jurisdiction in this case is proper under 28 U.S.C. §§ 1331 and 1361, 5 U.S.C. § 701 *et seq.*, and 28 U.S.C. § 2201 *et seq.* Relief is requested pursuant to said statutes.

## VENUE

7. Venue is proper in this court, pursuant to 28 U.S.C. § 1391(e), in that this is an action against officers and agencies of the United States in their official capacities, brought in the District where the Plaintiffs reside, as no real property is involved in the action.

## EXHAUSTION OF REMEDIES

8. Plaintiffs in the instant case have exhausted their administrative remedies. No other remedy is adequate in this case because Defendants' decision constituted final agency action leaving no opportunity for appeal. Immediate action, such as that offered the Administrative Procedure Act, is the only adequate relief.

## CLAIM FOR RELIEF

9. Plaintiffs submitted Forms I-130 and I-485 on July 13, 2018. See **Exhibit 1**, Notice of Intent to Deny.

10. On January 11, 2022, USCIS issued a Notice of Intent to Deny ("NOID"), stating that the evidence submitted by the Plaintiffs was insufficient to establish the bona fides of the marital relationship. Specifically, the NOID stated that Plaintiff Beneficiary's Nigerian divorce decree was fraudulent, and therefore she was unable to freely marry Plaintiff Petitioner. The NOID requested that Plaintiffs "explain why you submitted a fraudulent divorce decree. Id.

11. Plaintiffs responded to the NOID on or about March 24, 2022. In their response, Plaintiffs included a legal opinion letter by a divorce attorney in Nigeria, letters issued by the Chief Registrar of the High Court of Lagos State, confirming that the divorce between the Plaintiff Beneficiary and her former husband did in fact occur; and, further included a corrected divorce decree issued by the High Court of Lagos State, as well as printouts from the Lagos Judiciary Information system confirming the existence of a divorce proceeding reflecting Plaintiff Beneficiary's name and that of her ex-spouse. See **Exhibit 2**, Response to NOID; see also **Exhibit 3**, Divorce Documents.

12. Defendants denied the Petition and Application on November 15, 2022. In the

decision, the Service stated that "USCIS does not accept this individual's legal opinion that the term 'irreconcilable differences' is akin to the term 'break down irretrievable' which is mentioned in the Matrimonial Causes Act." See **Exhibit 4**, Decision Notice. The Decision makes no statement regarding the other documents included in the NOID response—the confirmation from the Chief Registrar that the divorce did in fact occur and corrected documents of divorce.

13. The standard of proof in administrative immigration proceedings is "preponderance of the evidence." *Matter of Chawathe*, 25 I&N Dec. 369 (AAO 2010). Thus, "the director must examine **each piece of evidence** for relevance, probative value, and credibility, both individually and within the context of the totality of the evidence, to determine whether the fact to be proven is probably true." [emphasis added] *Chawathe* at 376. The Supreme Court has stated that if the Petitioner submits relevant, probative, and credible evidence that shows the claim is "more likely than not" true, the Applicant or Petitioner has satisfied the standard of proof. *INS v. Cardoza-Fonseca*, 480 U.S. 421 (1987).

14. "The APA requires the agency to articulate a satisfactory explanation for its action including a rational connection between the facts found and the choice made." *Riffin v. Surface Transp. Bd.*, 389 U.S. App. D.C. 142, 145, 592 F.3d 195, 198 (2010) (internal quotations omitted). "[An] agency's refusal to consider

evidence bearing on the issue before it constitutes arbitrary agency action within the meaning of § 706." *Butte Cty. v. Hogen*, 392 U.S. App. D.C. 25, 29, 613 F.3d 190, 194 (2010).

15. Plaintiffs produced credible evidence of the validity of the divorce, beyond the threshold of preponderance of the evidence. Defendants have not identified any contradicting or detrimental evidence regarding the reliability of the documents offered in response to the NOID.

16. Plaintiff Beneficiary has met all the qualifications for adjustment of status; her application should ordinarily have been approved.

17. Defendants' failure to acknowledge their mistake and reopen their erroneous decision in this case has caused and continues to cause harm to Plaintiffs in denying them privilege to which they are entitled and preventing Plaintiff Beneficiary from obtaining employment authorization, a driver's license, and other privileges to which she is entitled.

18. Defendants, in violation of the Administrative Procedures Act, 5 USC §701 *et seq.*, has unlawfully denied Plaintiffs' application and petition, failed to accord them due process as required by the law and regulations by which they are bound and therefore, have failed to carry out the adjudicative functions delegated to them by law with regard to Plaintiffs' case.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Court:

A. Compel Defendants and those acting under them to reopen the Plaintiffs' Petition for Alien Relative and Application to Register Permanent Residence or Adjust Status and properly consider the submitted evidence;

B. Compel Defendants and those acting under them to perform their duty to adjudicate Plaintiff's petition and application on the merits of the documentation properly submitted to them and under the law and regulations by which they are bound;

C. Grant such other and further relief as this Court deems proper under the circumstances; and,

D. Grant Attorney's fees and costs of Court to Plaintiff under the Equal Access to Justice Act.

-8-

        Respectfully submitted,

        this 3rd day of February, 2023.

        THE FOGLE LAW FIRM, LLC

        <u>/S/ H. Glenn Fogle, Jr</u>
        by:  H. Glenn Fogle, Jr.
        Georgia Bar. No. 266963
        Attorney for the Petitioner

55 Allen Plaza, Suite 830
55 Ivan Allen Jr. Boulevard
Atlanta, Ga 30308
Tel.: (404) 522-1852
Fax.: (470) 592-6989
Email: glenn@foglelaw.com