January 11, 2022

U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
2150 Parklake Drive
Atlanta, GA 30345



U.S. Citizenship
and Immigration
Services

RONTERIUS JEMOND ROSS JR
710 LINCOLN CREST DR
AUSTELL, GA 30106



MSC1891412237

RE: CHARITY AMUCHE EFOLI
I-130, Petition for Alien Relative



A214-944-190

## NOTICE OF INTENT TO DENY

Dear RONTERIUS ROSS JR:

On July 13, 2018, you filed a Form I-130, Petition for Alien Relative, with U.S. Citizenship and Immigration Services (USCIS) on behalf of CHARITY EFOLI (the beneficiary). You sought to classify the beneficiary as the spouse of a U.S. citizen (USC) under section 201(b)(2)(A)(i) of the Immigration and Nationality Act (INA).

After a thorough review of your petition, the testimony provided during your interview, and the record of evidence, we must inform you that we intend to deny your petition.

To demonstrate that an individual is eligible for approval as the beneficiary of a petition filed under INA 201(b)(2)(A)(i), a petitioner must:

- Establish a bona fide spousal relationship with the beneficiary; and
- Establish that he or she is a U.S. citizen (USC) or lawful permanent resident (LPR).

In visa petition proceedings, it is the petitioner's burden to establish eligibility for the requested immigration benefit sought under the INA. See Matter of Brantigan, 11 I&N Dec. 493, 495 (BIA 1966); Title 8, Code of Federal Regulations (8 CFR), section 103.2(b). You must demonstrate that the beneficiary can be classified as your spouse. See 8 CFR 204.2(a).

### Statement of Facts and Analysis, Including Ground(s) for Denial

The evidence in the record and testimony did not establish the claimed relationship.

The beneficiary must be eligible for the benefit sought at the time the petition was filed. See Matter of Drigo, 18 I&N Dec. 223 (BIA 1982). A petitioner must establish eligibility at the time of filing a petition; a petition cannot be approved at a future date after the petitioner becomes eligible under a new set of facts. See Matter of Katigbak, 14 I&N Dec. 45 (Reg. Com. 1971). A petitioner may not make material changes to a petition that has already been filed in an effort to make an apparently deficient petition conform to USCIS requirements. See Matter of Izumii, 22 I&N Dec. 169 (BIA 1998).

After reviewing the evidence and the testimony provided at the interview, USCIS records indicate that the beneficiary is not eligible for the requested benefit sought for the following reason(s).

The petitioner must show, by a preponderance of the evidence, that the marriage was legally valid and bona fide at its inception, and "not entered into for the purpose of evading the immigration laws." Matter of Laureano, 19 I&N Dec. 1, 3 (BIA 1983). Although evidence to establish intent at the time of marriage can take many forms, some of those forms include: "proof that the beneficiary has been listed as the petitioner's spouse on insurance policies, property leases, income tax forms, or bank accounts; and testimony or other evidence regarding courtship, wedding ceremony, shared residence, and experiences." Id.

When there is reason to doubt the validity of a marital relationship, the petitioner must present evidence to show that the marriage was not entered into for the purpose of evading immigration law. See Matter of Phillis, 15 I&N Dec. 385, 386 (BIA 1975). To demonstrate that the purpose of the marriage was not to evade the immigration laws, a petitioner may submit documentation showing, for instance, joint ownership of property, joint tenancy of a common residence, commingling of financial resources, birth certificates of children born to the union, and sworn or affirmed affidavits from third parties with personal knowledge of the marital relationship. See 8 CFR 204.2(a)(1)(iii)(B).

You submitted the following evidence:

- Your marriage certificate;
- The beneficiary's divorce document;
- The beneficiary's birth certificate;
- 2019 tax transcripts;
- Anthem Health Insurance cards;
- Progressive auto insurance statement for you;
- Several joint bank statements;

An administrative investigation conducted by USCIS revealed that the beneficiary's divorce document is fraudulent. The divorce document states the Court dissolved the marriage "on the grounds of irreconcilable differences". Irreconcilable differences is not one of the grounds issued through the High Court. Please explain why you submitted a fraudulent divorce decree.

You have thirty (30) days (33 days if this notice was received by mail) from the date of this notice to submit additional information, evidence or arguments to support the petition. Failure to respond to this request within the time allotted will result in the denial of the petition.

You must either mail the requested information to the address shown below or scan and upload your response using your USCIS online account (if applicable). Please note, if the request is for original documents, you must submit that information by mail.

**Please include a copy of this letter with your response by mail to this address:**

**U.S. Citizenship and Immigration Services**
**Atlanta Field Office**
**2150 Parklake Drive**
**Atlanta, GA 30345**


Sincerely,

*[signature: Shineka C. Miller]*

Shineka C. Miller
Field Office Director

cc: ERNEST EGOH

||||||||||||||||||||||||||||||||||||||||||||
MSC1891412237

||||||||||||||||||||||||||||||||||||||||||||
A214-944-190