November 15, 2022



U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
2150 Parklake Drive
Atlanta, GA 30345

**U.S. Citizenship and Immigration Services**

RONTERIUS JEMOND ROSS JR
710 LINCOLN CREST DR
AUSTELL, GA 30106



MSC1891412237



A214-944-190

RE: CHARITY AMUCHE EFOLI
I-130, Petition for Alien Relative

## DECISION

Dear RONTERIUS ROSS JR:

On July 13, 2018, you filed a Form I-130, Petition for Alien Relative, with U.S. Citizenship and Immigration Services (USCIS) on behalf of CHARITY EFOLI (the beneficiary). You sought to classify the beneficiary as the spouse of a U.S. citizen (USC) under section 201(b)(2)(A)(i) of the Immigration and Nationality Act (INA).

After a thorough review of your petition, the testimony provided during your interview, and the record of evidence, we must inform you that we are denying your petition.

To demonstrate that an individual is eligible for approval as the beneficiary of a petition filed under INA 201(b)(2)(A)(i), a petitioner must:

- Establish a bona fide spousal relationship with the beneficiary; and
- Establish that he or she is a U.S. citizen (USC) or lawful permanent resident (LPR).

In visa petition proceedings, it is the petitioner's burden to establish eligibility for the requested immigration benefit sought under the INA. See Matter of Brantigan, 11 I&N Dec. 493, 495 (BIA 1966); Title 8, Code of Federal Regulations (8 CFR), section 103.2(b). You must demonstrate that the beneficiary can be classified as your spouse. See 8 CFR 204.2(a).

**Statement of Facts and Analysis, Including Ground(s) for Denial**

On October 18, 2019, you and the beneficiary appeared for an interview with an Immigration Services Officer in connection with your Form I-130. At the interview, you and the beneficiary provided testimony under oath.

The evidence in the record and testimony did not establish the claimed relationship.

On January 11, 2022, USCIS issued a Notice of Intent to Deny (NOID) advising you that the evidence supporting the petition was insufficient to establish the beneficiary's eligibility for the classification requested at the time you filed the petition.

You responded to the NOID on March 29, 2022. You submitted the following evidence:

- A copy of the NOID.
- A brief by the Attorney of Record.
- Form G-28, listing Lu Wang as the Attorney of Record.

- A letter that includes a legal opinion by a divorce attorney in Nigeria.
- A letter purportedly confirming the authenticity of the beneficiary's divorce certificate.
- Copy of the beneficiary's Certificate of Decree Nisi Having Become Absolute.
- Copy of the beneficiary's Decree Nisi Dissolution.
- Printout from Lagos Judiciary System showing the divorce documents were submitted to the court in Nigeria.

After reviewing the evidence and the testimony provided at the interview, USCIS records indicate that the beneficiary is not eligible for the requested benefit sought for the following reason(s).

In response to the NOID, you submitted a purported certified copy of the Beneficiary's corrected Divorce Decree Nisi and Absolute. You also provided a legal opinion of a divorce attorney in Nigeria. Unfortunately, USCIS does not accept this individual's legal opinion that the term "irreconcilable differences" is akin to the term "break down irretrievable" which is mentioned in the Matrimonial Causes Act.

According to the reciprocity schedule "there is a strict divorce procedure for marriage contracted under the Marriage Act, as set out in the Matrimonial Causes Act of 1970." Please see
https://travel.state.gov/content/travel/en/us-visas/Visa-Reciprocity-and-Civil-Documents-by-Country/Nigeria.html. Unfortunately, the document that was submitted does not adhere to the Matrimonial Causes Act of Nigeria and, thus, is insufficient to establish that the beneficiary was free to marry.

Any pre-existing valid marriage is a bar to recognition of the current marriage on which the spousal petition is based. See Matter of Nwangwu, 16 I&N Dec. 61 (BIA 1976). The evidence in the record does not establish that all of the beneficiary's prior marriages have been terminated, dissolved, or annulled.

The evidence is insufficient to establish that the beneficiary's prior marriage(s) to Samuel Efoli was properly terminated, dissolved, or annulled. As the beneficiary was not legally free to marry, your marriage is invalid and your petition cannot be approved.

Based on a review of the record, USCIS finds that you were not free to marry the beneficiary, Charity Efoli. Therefore, USCIS denies your Form I-130.

This decision will become final unless you appeal it by filing a completed Form EOIR-29, Notice of Appeal to the Board of Immigration Appeals from a Decision of a USCIS Officer. Although the appeal will be decided by the Board of Immigration Appeals (BIA), you must send the Form EOIR-29 and all required documents to the following address:

U.S. Citizenship and Immigration Services
Atlanta Field Office
2150 Parklake Drive
Atlanta, GA 30345

If you are filing your form at a USCIS field office - cash, a cashier's check or money order cannot be used to for the filing fee. The only payment options accepted at a field office are payment through pay.gov via a credit card or with a personal check.

The Form EOIR-29 must be received within 30 days from the date of this decision notice. The decision is final if your appeal is not received within the time allowed.

If you, the petitioner, intend to be represented on appeal, your attorney or accredited representative must submit Form EOIR-27 with Form EOIR-29.

If you or your attorney wishes to file a brief in support of your appeal, the brief must be received by the USCIS office where you file your appeal either with your appeal or no later than 30 days from the date of filing your appeal. Your appeal will be sent for further processing 30 days after the date USCIS receives it; after that time,



no brief regarding your appeal can be accepted by the USCIS office.

For more information about filing requirements for appeals to the BIA, please see 8 CFR 1003.3 and the Board of Immigration Appeals Practice Manual available at www.usdoj.gov/eoir.

If you need additional information, please visit the USCIS Web site at www.uscis.gov or call our USCIS Contact Center toll free at 1-800-375-5283.

Sincerely,

*Shineka C. Miller*

Shineka C. Miller
Field Office Director

cc: LU WANG

