# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **ADESOJI SONIBARIN OYEMADE** ) | |
| ) | |
| **Plaintiff,** ) | Civil Action |
| ) | |
| vs. ) | CASE NO.:_____ |
| ) | |
| **UR MENDOZA JADDOU,** Director of ) | |
| U.S. Citizenship and Immigration Services ) | |
| and **SHINEKA MILLER,** ) | |
| Director of Atlanta Field Office of U.S. ) | |
| Citizenship and Immigration Services, ) | |
| ) | |
| **Defendants.** ) | |
| _____) | |

## ORIGINAL COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER THE ADMINISTRATIVE PROCEDURE ACT

COMES NOW, **ADESOJI SONIBARIN OYEMADE**, Plaintiff in the above-styled and -numbered cause, by and through the undersigned attorney of record, and for cause of action would show unto the Court the following:

1. This is an action for declaratory and injunctive relief under the Administrative Procedure Act (APA) brought against the Defendants, to compel corrective action on a Form I-485, Application to Register Permanent Residence or Adjust

1

Status filed by Plaintiff. The Application was filed with and remains within the jurisdiction of the Defendants, who have unlawfully denied the aforementioned Application, in violation of established precedent and due process, to Plaintiff's detriment.

2. As the Defendants have acted arbitrarily, capriciously, and not in accordance with the law, this action seeks an order from the Court setting aside the Defendants' unlawful decision and compelling the Defendants to perform a duty that the Defendants owe to Plaintiff; to wit: to cause the Defendants to reopen and adjudicate the Petition according to the law and regulations, and correct the aforementioned due process violations, which have inevitably prejudiced the Plaintiff. The claim for declaratory relief seeks a judicial declaration that the Defendants are required under law to complete the adjudication process for the Plaintiff according to the law.

## PARTIES

3. Plaintiff Adesoji Oyemade is a forty-year-old native and citizen of Nigeria. He filed a I-485, Application to Register Permanent Residence or Adjust Status, with the United States Citizenship and Immigration Services (hereinafter, "USCIS") on October 19, 2018. See **Exhibit 1**, Decision Notice.

4. Defendant Ur Mendoza Jaddou is the Director of the U.S. Citizenship and Immigration Services [hereinafter "USCIS"] and is sued in her official capacity. The USCIS is charged with all adjudication duties pertaining to immigration applications. Defendant is the official of the USCIS generally charged with administrative and supervisory authority over all operations of the USCIS, including the Atlanta Field Office.

5. Defendant Shineka Miller is the USCIS Atlanta Field Office Director. Defendant Miller is sued in her official capacity and is the official of USCIS generally charged with supervisory authority over all operations of USCIS within her District with certain specific exceptions not relevant here. 8 C.F.R. § 103.1(g)(2)(ii)(B) Specifically, Defendant is responsible for the adjudication of Forms I-485, Applications to Register Permanent Residence or Adjust Status in her service area. As will be shown, Defendant is the official with whom Plaintiff's application was properly filed.

## JURISDICTION

6. Jurisdiction, in this case, is proper under 28 U.S.C. §§1331 and 1361; 5 U.S.C. § 701 et seq.; and 28 U.S.C. § 2201 et seq, as well as the APA, 5 U.S.C. §§ 555(b) and 706(a). Relief is requested according to said statutes.

## VENUE

7. Venue is proper in this court, pursuant to 28 U.S.C. § 1391(e), insofar as this is an action against officers and agencies of the United States in their official capacities brought in the District where Plaintiff resides, and no real property is involved in the action.

## EXHAUSTION OF REMEDIES

8. Plaintiff in the instant case has exhausted his administrative remedies. No other remedy is adequate in this case because the Defendants failed to properly and lawfully adjudicate Plaintiff's Application to Register Permanent Residence or Adjust Status. Immediate action, such as that offered by action under the APA, is the only relief available.

## CAUSE OF ACTION

9. Plaintiff was born in the Federal Republic of Nigeria on March 9, 1982. He married his United States citizen spouse, Shakeena Lashun Johnson, who successfully filed a Form I-130, Petition for Alien Relative on his behalf. See **Exhibit 2** – I-130 Approval Notice. He submitted his Form I-485, Application to Register Permanent Residence or Adjust Status together with said Petition.

10. On June 3, 2022, Defendants issued a Request for Evidence (RFE) to Plaintiff. The RFE sought dispositions for a 2021 arrest for DUI, DUI with BAC 0.08G

or more, and Possession of Marijuana Less than 1 ounce. See Exhibit 3 – Request for Evidence.

11. Plaintiff sought dispositions, however, the cases had been bound over from Atlanta Municipal Court to Fulton State Court. See Exhibit 4, Disposition Requests and Results.

12. On October 13, 2022, the Service denied the I-485. The decision notice states both that the submitted documents were not a sufficient response to the RFE, causing the Service to deem his application abandoned; and that he had not established that he was eligible for adjustment. It is not clear which is the ultimate basis of the decision. See **Exhibit 1**, Decision Notice.

13. Plaintiff's charges are pending in the Fulton State Court, awaiting arraignment, due to substantial delays associated with the COVID-19 pandemic. See **Exhibit 5**, Letter from Criminal Attorney.

14. If the Service's decision is based on abandonment, it is unsupported by the evidence in the record. Plaintiff offered the available documentation regarding the status of his case; the documents requested by the RFE were not available and remain unavailable.  Moreover, the United States and Georgia Constitutions mandate that all criminally accused are presumed innocent until proven guilty.

Therefore, prior to being convicted, Plaintiff could not be inadmissible to the United States under any pending charges.

15. If the Service's decision is that Plaintiff is not eligible for adjustment, it has not identified any evidence in support of its decision. This would in turn not follow the proper procedures under the regulations and afford Plaintiff an opportunity to rebut any negative findings. 8 C.F.R. § 103.2(a)(16) states:

> If the decision will be adverse to the applicant or petitioner and is based on derogatory information considered by the Service and of which the applicant or petitioner is unaware, he/she shall be advised of this fact and offered an opportunity to rebut the information and present information in his/her own behalf before the decision is rendered . . . .

16. Rather than following the correct process and adjudicate Plaintiff's application on the merits as of current state of affairs, USCIS simply denied the Application.

17. Plaintiff's Application for Adjustment of Status was submitted on October 19, 2018, over four years ago. By failing to properly adjudicate Plaintiff's case on the merits Defendants have denied Plaintiff due process and failed to follow the law and regulations by which they are bound. Immediate action, such as that offered by an action under the Administrative Procedure Act, is the only relief that can resolve the instant case.

18. Accordingly, Plaintiff is suffering continuing damage, having lived in limbo for the past four years, and has now been forced to retain the services of an attorney to pursue the instant action.

## LEGAL BACKGROUND

19. The APA, 5 U.S.C. §701 *et seq.* at § 704 states that acts by government agencies that are "final agency action for which there is no other adequate remedy in a court are subject to judicial review." There is no other adequate remedy in this situation because the Defendants have acted contrary to the law and regulations and wrongfully denied the Plaintiff's Application to Register Permanent Residence or Adjust Status. Absent any other adequate remedy in this situation, the only option for Plaintiff is this instant action in this court.

20. Moreover, 5 U.S.C. § 706 states:

The reviewing court shall—

**(1)** compel agency action unlawfully withheld or unreasonably delayed; and

**(2)** hold unlawful and set aside agency action, findings, and conclusions found to be—

**(A)** arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

**(B)** contrary to constitutional right, power, privilege, or immunity;

    **(C)** in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;

    **(D)** without observance of procedure required by law;

    **(E)** unsupported by substantial evidence in a case subject to sections 556 and 557 of this title or otherwise reviewed on the record of an agency hearing provided by statute; or

    **(F)** unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court.

21. In this case, this Court has jurisdiction to set aside agency actions that are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." Thus, this Court has jurisdiction to compel agency action unlawfully withheld or unreasonably delayed because Defendants have failed to properly adjudicate Plaintiff's Application to Register Permanent Residence or Adjust Status, and denied Plaintiff the "full panoply of procedural due process protections" to which he is entitled. *Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206, 212 (1953).

22. "To determine whether an agency decision [is] arbitrary or capricious, the reviewing court must consider whether the decision [is] based on a consideration of the relevant factors and whether there ha[s] been a clear error

of judgment." See *N. Buckhead Civic Ass'n v. Skinner*, 903 F.2d 1533, 1538 (11th Cir. 1990).

23. Examples of arbitrary or capricious agency decisions include those where an agency considers material which:

> Congress has not intended it to consider, entirely fail[s] to consider an important aspect of the problem, offer[s] an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise.

*Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43, 103 S. Ct. 2856, 77 L. Ed. 2d 443 (1983).

24. In the instant case, there is no doubt that the Defendants made a clear error of judgment, misapplied the law, and deprived the Plaintiff of due process under the law. Defendants' conclusion that Plaintiff Petitioner had willfully abandoned his Application for the requested immigration benefit sought under the INA is clearly erroneous; alternatively, the issuance of a denial for ineligibility for adjustment without explanation or an opportunity to rebut derogatory information known only to the service is clearly erroneous.

25. It is impossible to rebut any derogatory evidence or resolve any unanswered questions solely because Defendants have provided no notice of the existence

of such. The outcome of proceedings would have naturally been affected if Plaintiff were afforded an opportunity to present a response.

26. Defendants' arbitrary and capricious action and violation of due process has caused and continues to cause harm to Plaintiff, by unlawfully denying him a privilege to which he is entitled. Accordingly, Plaintiff is suffering continued damage.

## PRAYER FOR RELIEF

WHEREFORE, in view of the arguments and authority noted herein, Plaintiffs respectfully pray this Honorable Court to enter an order:

A. Finding Defendants' Decision denying Plaintiff's Application to Register Permanent Residence or Adjust Status was contrary to the law, as well as a clear violation of due process, and vacating said decision;

B. Compelling Defendants to immediately perform their ministerial duty owed to the Plaintiffs and 1) reopen the aforementioned application; 2) provide proper notice and opportunity to respond regarding Plaintiff's case and; 3) adjudicate Plaintiff's petition on its merits and according to the law and regulations by which they are bound;

C. Grant such other and further relief as this Court deems proper under the circumstances; and,

D. Grant Attorney's fees and costs of Court to Plaintiffs under the Equal Access to Justice Act.

Respectfully submitted,

This the 3rd day of February 2023.

**THE FOGLE LAW FIRM, LLC**

/s/H. Glenn Fogle, Jr.
by: H. Glenn Fogle, Jr.
Georgia Bar No. 266963
Attorney for the Plaintiff

55 Allen Plaza, Suite 830
55 Ivan Allen Jr. Boulevard
Atlanta, Ga 30308
Tel.: (404) 522-1852
Fax.: (470) 592-6989
Email: glenn@foglelaw.com