# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **EFESOMO OKUNDIA,** | ) |
| | ) |
| **Plaintiff,** | ) Civil Action |
| | ) |
| vs. | ) CASE NO.:_____ |
| | ) |
| **UR MENDOZA JADDOU,** Director of | ) |
| U.S. Citizenship and Immigration Services | ) |
| and **SHINEKA MILLER,** | ) |
| Director of Atlanta Field Office of U.S. | ) |
| Citizenship and Immigration Services, | ) |
| | ) |
| **Defendants.** | ) |
| _____ | ) |

## ORIGINAL COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER THE ADMINISTRATIVE PROCEDURE ACT

COMES NOW, **EFESOMO OKUNDIA**, Plaintiff in the above-styled and - numbered cause, by and through the undersigned attorney of record, and for cause of action would show unto the Court the following:

1. This is an action for declaratory and injunctive relief under the Administrative Procedure Act (APA) brought against the Defendants, to compel corrective action on a Petition to Remove Conditions on Residence filed by Plaintiff. The

1

Petition was filed with and remains within the jurisdiction of the Defendants, who have unlawfully denied the aforementioned Petition, in violation of established precedent and due process, to Plaintiff's detriment.

2. As the Defendants have acted arbitrarily, capriciously, and not in accordance with the law, this action seeks an order from the Court setting aside the Defendants' unlawful decision and compelling the Defendants to perform a duty that the Defendants owe to Plaintiff; to wit: to cause the Defendants to reopen and adjudicate the Petition according to the law and regulations, and correct the aforementioned due process violations, which have inevitably prejudiced the Plaintiff. The claim for declaratory relief seeks a judicial declaration that the Defendants are required under law to complete the adjudication process for the Plaintiff according to the law.

## PARTIES

3. Plaintiff Efesomo Okundia is a forty-four-year-old native and citizen of Nigeria. He filed a Form I-751, Petition to Remove Conditions on Residence, with the United States Citizenship and Immigration Services (hereinafter, "USCIS") on May 24, 2018. See **Exhibit 1**, Receipt Notice – I-751.

4. Defendant Ur Mendoza Jaddou is the Director of the U.S. Citizenship and Immigration Services [hereinafter "USCIS"] and is sued in her official capacity.

The USCIS is charged with all adjudication duties pertaining to immigration applications. Defendant is the official of the USCIS generally charged with administrative and supervisory authority over all operations of the USCIS, including the Atlanta Field Office.

5. Defendant Shineka Miller is the USCIS Atlanta Field Office Director. Defendant Miller is sued in her official capacity and is the official of USCIS generally charged with supervisory authority over all operations of USCIS within her District with certain specific exceptions not relevant here. 8 C.F.R. § 103.1(g)(2)(ii)(B) Specifically, Defendant is responsible for the adjudication of Petitions to Remove Conditions on Residence pursuant to INA § 216 [8 U.S.C. § 1186a] in her service area. As will be shown, Defendant is the official with whom Plaintiff's application was properly filed.

## JURISDICTION

6. Jurisdiction, in this case, is proper under 28 U.S.C. §§1331 and 1361; 5 U.S.C. § 701 et seq.; and 28 U.S.C. § 2201 et seq, as well as the APA, 5 U.S.C. §§ 555(b) and 706(a). Relief is requested according to said statutes.

## VENUE

7. Venue is proper in this court, pursuant to 28 U.S.C. § 1391(e), insofar as this is an action against officers and agencies of the United States in their official

3

capacities brought in the District where Plaintiff resides, and no real property is involved in the action.

## EXHAUSTION OF REMEDIES

8. Plaintiff in the instant case has exhausted his administrative remedies. No other remedy is adequate in this case because the Defendants failed to properly and lawfully adjudicate Plaintiff's Petition to Remove Conditions on Residence. Immediate action, such as that offered by action under the APA, is the only relief available.

## CAUSE OF ACTION

9. Plaintiff was born in the Federal Republic of Nigeria on August 21, 1978. He married his United States citizen spouse, Shayla Sharelle Turman, on November 13, 2015. See **Exhibit 2**, Marriage Certificate.

10. On June 1, 2016, Plaintiff was granted conditional permanent resident status. On May 24, 2018, Plaintiff filed Form I-751, Petition to Remove Conditions on Residence. See **Exhibit 1**, Receipt Notice – I-751.

11. Forty-one months later, USCIS scheduled Plaintiff to appear for an interview concerning his Petition on October 27, 2021. See **Exhibit 3**, Request to Reschedule Interview. This is over three years beyond the ninety-day regulatory

4

deadline for the Service to adjudicate the petition or arrange for an interview. 8 CFR § 216.4(b)(1).

12. Days before the scheduled interview Plaintiff had entered quarantine due to exposure to a family member who later tested positive for COVID-19. Id. The Service noted his request to reschedule, and stated that it would contact Plaintiff by mail when additional action was required on his case.

13. On or about April 15, 2022, Counsel entered appearance on behalf of Plaintiff before the Service for the pending Petition to Remove Conditions on Residence. See **Exhibit 5**, Entry of Appearance.

14. On October 31, 2022, the Service issued a denial of the Plaintiff's petition, and notice of immediate termination of his conditional permanent resident status. The decision notice stated that this was due to a failure to appear for an interview which had been scheduled for October 26, 2022, one day short of a year after his initially-scheduled interview date. See **Exhibit 6**, Decision Notice.

15. Neither Counsel nor Plaintiff received notice of the rescheduled interview. See **Exhibit 7**, Declaration of Counsel and Plaintiff.

16. Defendants' termination of Plaintiff's conditional residence did not follow the proper procedures under the regulations and afford Plaintiff an opportunity to rebut any negative findings. 8 C.F.R. § 216.4(c)(4) states:

    > [i]f derogatory information is determined regarding any … issues, the director shall offer the petitioners the opportunity to rebut such information. If the petitioners fail to overcome such derogatory information the director may deny the joint petition, terminate the alien's permanent residence, and issue a notice to appear to initiate removal proceedings.

17. According to the regulations that govern removal of conditions for conditional permanent residents, petitioners must be informed of and given the opportunity to respond to and rebut any "derogatory information" USCIS determines during the course of the petition process. Rather than following the correct process, USCIS simply dismissed the petition as abandoned under 8 C.F.R. § 103.2(b)(13).

18. Plaintiff's Petition to Remove Conditions on Residence was submitted on May 24, 2018, over four years ago. By denying Plaintiff the opportunity to present his case in any meaningful fashion, an agency or an officer or employee has failed to act in his or her official capacity. Immediate action, such as that offered by a mandamus action under the Administrative Procedure Act, is the only relief that can resolve the instant case.

19. Accordingly, Plaintiff is suffering continuing damage, having lived in limbo for the past four-and-a-half years, and has now been forced to retain the services of an attorney to pursue the instant action.

## LEGAL BACKGROUND

20. The APA, 5 U.S.C. §701 *et seq.* at § 704 states that acts by government agencies that are, "final agency action for which there is no other adequate remedy in a court are subject to judicial review." There is no other adequate remedy in this situation because the Defendants have acted contrary to the law and regulations and wrongfully denied the Plaintiff's Petition to Remove Conditions on Residence. Absent any other adequate remedy in this situation, the only option for Plaintiff is this instant action in this court.

21. Moreover, 5 U.S.C. § 706 states:

The reviewing court shall—

   **(1)** compel agency action unlawfully withheld or unreasonably delayed; and

   **(2)** hold unlawful and set aside agency action, findings, and conclusions found to be—

   **(A)** arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

   **(B)** contrary to constitutional right, power, privilege, or immunity;

> **(C)** in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;
>
> **(D)** without observance of procedure required by law;
>
> **(E)** unsupported by substantial evidence in a case subject to sections 556 and 557 of this title or otherwise reviewed on the record of an agency hearing provided by statute; or
>
> **(F)** unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court.

22. In this case, this Court has jurisdiction to set aside agency actions that are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." Thus, this Court has jurisdiction to compel agency action unlawfully withheld or unreasonably delayed because Defendants have failed to properly adjudicate Plaintiff's Petition to Remove Conditions on Residence, and denied Plaintiff the "full panoply of procedural due process protections" to which he is entitled. *Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206, 212 (1953).

23. "To determine whether an agency decision [is] arbitrary or capricious, the reviewing court must consider whether the decision [is] based on a consideration of the relevant factors and whether there ha[s] been a clear error

of judgment." See *N. Buckhead Civic Ass'n v. Skinner*, 903 F.2d 1533, 1538 (11th Cir. 1990).

24. Examples of arbitrary or capricious agency decisions include those where an agency considers material which:

> Congress has not intended it to consider, entirely fail[s] to consider an important aspect of the problem, offer[s] an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise.

*Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43, 103 S. Ct. 2856, 77 L. Ed. 2d 443 (1983).

25. In the instant case, there is no doubt that the Defendants made a clear error of judgment, misapplied the law, and deprived the Plaintiff of due process under the law. Defendants' conclusion that Plaintiff Petitioner had willfully abandoned his Petition for the requested immigration benefit sought under the INA is clearly erroneous.

26. Defendants did not provide any information regarding the case status of the Form I-751, or notice of any derogatory information, formal or otherwise.

27. It is impossible to rebut any derogatory evidence or resolve any unanswered questions solely because Defendants have provided no notice of the existence

of such. The outcome of proceedings would have naturally been affected if Plaintiff were afforded an opportunity to present a case at all.

28. Defendants' arbitrary and capricious action, abuse of discretion, and blatant violation of due process has caused and continues to cause harm to Plaintiff, by unlawfully denying them a privilege to which he is entitled. Accordingly, Plaintiff is suffering continued damage.

## PRAYER FOR RELIEF

WHEREFORE, in view of the arguments and authority noted herein, Plaintiff respectfully prays this Honorable Court enter an order:

A. Finding Defendants' Decision denying Plaintiff's Petition to Remove Conditions on Residence was contrary to the law, as well as a clear violation of due process, and vacating said decision;

B. Compelling Defendants to immediately perform their ministerial duty owed to the Plaintiff and 1) reopen the aforementioned petition; 2) provide proper notice and opportunity to respond in any scheduled interview regarding Plaintiff's case and; 3) adjudicate Plaintiff's petition on its merits and according to the law and regulations by which they are bound;

C. Grant such other and further relief as this Court deems proper under the circumstances; and,

D.      Grant Attorney's fees and costs of Court to Plaintiff under the Equal Access to Justice Act.

Respectfully submitted,

This the 13th day of January 2023.

**THE FOGLE LAW FIRM, LLC**

/s/H. Glenn Fogle, Jr.
by: H. Glenn Fogle, Jr.
Georgia Bar No. 266963
Attorney for the Plaintiff

55 Allen Plaza, Suite 830
55 Ivan Allen Jr. Boulevard
Atlanta, Ga 30308
Tel.: (404) 522-1852
Fax.: (470) 592-6989
Email: glenn@foglelaw.com