**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **ADEDOLAPO ROLAND OYEGADE** and **DEVONSHAY WILLIAMS,** )<br>)<br>Plaintiffs,       )<br>)<br>v.                        )<br>)<br>**UR MENDOZA JADDOU**, Director )<br>of U. S. Citizenship and Immigration )<br>Services and **SHINEKA MILLER,** )<br>Director of Atlanta Field Office of U.S. )<br>Citizenship and Immigration Services, )<br>)<br>Defendants.       )<br>_____ ) | Civil Action<br><br>Case No.:_____ |

**ORIGINAL COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER THE ADMINISTRATIVE PROCEDURE ACT**

COMES NOW Adedolapo Roland Oyegade and Devonshay Williams, Plaintiffs in the above-styled and -numbered cause, by and through the undersigned attorney of record, and for cause of action would show unto the Court to following:

1. This action is brought against the Defendants to compel action on Plaintiffs' Petition for Alien Relative and Application to Register Permanent Residence or

-1-

Adjust Status. The petition and application were filed with and remain within the jurisdiction of the Defendants, who have improperly denied and withheld action on said petition and application to Plaintiffs' detriment.

## PARTIES

2. Plaintiff Adedeolapo Roland Oyegade (hereinafter "Plaintiff Beneficiary") is a twenty-five-year-old native and citizen of Nigeria. He entered the United States on an F-1 student visa on or about August 13, 2016. He applied for Lawful Permanent Resident status on January 4, 2021.

3. Plaintiff Devonshay Williams (hereinafter "Plaintiff Petitioner") is a twenty-three-year-old citizen of the United States. She submitted a Form I-130, Petition for Alien Relative, on behalf of her husband, Plaintiff Beneficiary.

4. Defendant Ur Mendoza Jaddou is the Director of the United States Citizenship and Immigration Services (hereinafter "USCIS"), a branch of the Department of Homeland Security and is sued in her official capacity. USCIS is charged with all adjudication duties pertaining to immigration applications. Defendant Jaddou is the official of the USCIS generally charged with supervisory authority over all operations of the USCIS. 8 CFR §103.1(g)(2)(ii)(B).

5. Shineka Miller is the USCIS Atlanta Field Office Director. Defendant Miller is sued in her official capacity and is the official of USCIS generally charged with

supervisory authority over all operations of USCIS within her District with certain specific exceptions not relevant here. 8 C.F.R. § 103.1(g)(2)(ii)(B) Specifically, Defendant is responsible for the adjudication of adjudication of adjustment of status applications and petitions for alien relatives in her service area. As will be shown, Defendant is the official with whom Plaintiffs' application and petition were properly filed.

## JURISDICTION

6. Jurisdiction in this case is proper under 28 U.S.C. §§ 1331 and 1361, 5 U.S.C. § 701 *et seq.*, and 28 U.S.C. § 2201 *et seq.* Relief is requested pursuant to said statutes.

## VENUE

7. Venue is proper in this court, pursuant to 28 U.S.C. § 1391(e), in that this is an action against officers and agencies of the United States in their official capacities, brought in the District where the Plaintiffs reside, as no real property is involved in the action.

## EXHAUSTION OF REMEDIES

8. Plaintiffs in the instant case have exhausted their administrative remedies. No other remedy is adequate in this case because Defendants' decision constituted final agency action leaving no opportunity for appeal. Immediate action, such as

that offered the Administrative Procedure Act, is the only adequate relief.

## CLAIM FOR RELIEF

9. Plaintiff Adedolapo Oyegade is a native and citizen of Nigeria. He entered the United States with inspection as an F1 visa holder on August 13, 2016.

10. On January 4, 2021, Plaintiff Beneficiary submitted his Form I-485, Application to Register Permanent Residence or Adjust Status, together with a Form I-130, Petition for Alien Relative, by Plaintiff Petitioner. See **Exhibit 1**, Receipt Notices.

11. On January 31, 2022, Plaintiffs appeared for an initial interview before USCIS in support of the application and petition. See **Exhibit 2**, Decision Notice – Form I-130.

12. On March 10, 2022, the Service issued a Request for Evidence (RFE) seeking additional documentation supporting the bona fides of the marital relationship. Id.

13. Plaintiffs responded to the RFE on June 1, 2022 with substantial evidence of commingling of finances, shared residence, and planning arrangements reflecting the marital relationship. Id.

14. On October 26, 2022, the Service denied the Form I-130, Petition for Alien Relative, and consequently denied the Adjustment of Status application.

      **Exhibit 2**, Decision Notice – Form I-130; **Exhibit 3**, Decision Notice – Form I-485.

15. Eligibility for adjustment of status in the instant case is determined by whether Plaintiff Beneficiary can be classified as Plaintiff Petitioner's spouse. 8 C.F.R. § 204.2(a).

16. The standard of proof in administrative immigration proceedings is "preponderance of the evidence." *Matter of Chawathe*, 25 I&N Dec. 369 (AAO 2010). Thus, "the director must examine each piece of evidence for relevance, probative value, and credibility, both individually and within the context of the totality of the evidence, to determine whether the fact to be proven is probably true." *Chawathe* at 376. The Supreme Court has stated that if the Petitioner submits relevant, probative, and credible evidence that shows the claim is "more likely than not" true, the Applicant or Petitioner has satisfied the standard of proof. *INS v. Cardoza-Fonseca*, 480 U.S. 421 (1987).

17. The stated reason for the denial was "failure to comply to request." Specifically, the Service stated that Plaintiffs had submitted a Form 1040, Individual Tax Return for 2021 rather than tax transcripts for 2020 and 2021, and that two of the submitted insurance documents did not show that the accounts were active and current. **Exhibit 2**, Decision Notice – Form I-130.

18. The Service determined that despite the plethora of other evidence from numerous sources attesting to the validity of the marriage, that the aforementioned minimal issues with Plaintiffs' case were fatal to demonstrating a bona fide spousal relationship.

19. "The APA requires the agency to articulate a satisfactory explanation for its action including a rational connection between the facts found and the choice made." *Riffin v. Surface Transp. Bd.*, 389 U.S. App. D.C. 142, 145, 592 F.3d 195, 198 (2010) (internal quotations omitted). "[An] agency's refusal to consider evidence bearing on the issue before it constitutes arbitrary agency action within the meaning of § 706." *Butte Cty. v. Hogen*, 392 U.S. App. D.C. 25, 29, 613 F.3d 190, 194 (2010).

20. Plaintiffs produced ample evidence of their bona fide marital relationship, well beyond the threshold of preponderance of the evidence. Defendants have not identified any contradicting or detrimental evidence.

21. Plaintiff Beneficiary has met all the qualifications for adjustment of status; his application should ordinarily have been approved.

22. Defendants' failure to acknowledge their mistake and reopen their erroneous decision in this case has caused and continues to cause harm to Plaintiffs in denying them privilege to which they are entitled and preventing Plaintiff

Beneficiary from obtaining employment authorization, a driver's license, and other privileges to which he is entitled.

23. Defendants, in violation of the Administrative Procedures Act, 5 USC §701 *et seq.*, have unlawfully denied Plaintiffs' application and petition and therefore, have failed to carry out the adjudicative functions delegated to them by law with regard to Plaintiffs' case.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Court:

A.  Compel Defendants and those acting under them to reopen the Plaintiffs' Petition for Alien Relative and Application to Register Permanent Residence or Adjust Status and properly consider the submitted evidence;

B.  Compel Defendants and those acting under them to perform their duty to adjudicate Plaintiff's petition and application on the merits of the documentation properly submitted to them and under the law by which they are bound;

C.  Grant such other and further relief as this Court deems proper under the circumstances; and,

D.  Grant Attorney's fees and costs of Court to Plaintiff under the Equal Access to Justice Act.

-8-

                                            Respectfully submitted,

                                            this 21st day of January, 2023.

                                            THE FOGLE LAW FIRM, LLC

                                            /S/ H. Glenn Fogle, Jr
                                            by:  H. Glenn Fogle, Jr.
                                            Georgia Bar. No. 266963
                                            Attorney for the Petitioner

55 Allen Plaza, Suite 830
55 Ivan Allen Jr. Boulevard
Atlanta, Ga 30308
Tel.: (404) 522-1852
Fax.: (470) 592-6989
Email: glenn@foglelaw.com