## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

HARLEM GLOBETROTTERS
INTERNATIONAL, INC.,

     *Plaintiff*,

  v.

SUNSET PICTURES, LLC, and
BRIARCLIFF ENTERTAINMENT
LLC,

     *Defendants*.

Case No. _____

## COMPLAINT

Plaintiff Harlem Globetrotters International, Inc. ("HGI"), by and through

the undersigned counsel, sets forth its Complaint against Defendants Sunset

Pictures, LLC ("Sunset") and Briarcliff Entertainment LLC ("Briarcliff," or,

collectively with Sunset, "Defendants") as follows:

## NATURE OF THE CASE

1.     This is an action to prevent serious irreparable harm to the goodwill

surrounding HGI's nationally beloved HARLEM GLOBETROTTERS® brand, a

nearly century-old symbol of the renowned basketball exhibition team the Harlem Globetrotters.

2.      HGI's famous, federally registered HARLEM GLOBETROTTERS® and GLOBETROTTERS® trademarks have become iconic in popular culture, and have come to represent to consumers everything the Globetrotters team represents: world-class athleticism, social involvement, breaking down barriers, and, above all, wholesome family entertainment.

3.      Defendants are well aware of the social capital that HGI's trademarks carry. Therefore, in preparing to release a new feature film entitled "Sweetwater" about the life of 1950s basketball star Nathaniel "Sweetwater" Clifton, Defendants opted to promote the movie by touting images of the familiar red, white, and blue Globetrotters uniform and by using the HGI's marks.

4.      The fact that HGI's intellectual property is depicted in social media posts designed to generate buzz about the movie—even though it is billed as a story about Clifton joining the NBA in 1950 as opposed to his prior stint with the Globetrotters—is indicative of a larger problem.

5.      Upon information and belief, the "Sweetwater" movie contains a number of unauthorized references HGI's intellectual property, undoubtedly to

2

create the mistaken impression among consumers that HGI has authorized, or is otherwise affiliated with, the movie, when it is not.

6.     Indeed, a version of the movie script publicly filed with the U.S. Patent & Trademark Office contains multiple references to the Globetrotters and HGI's iconic intellectual property.

7.     Unfortunately, despite HGI's multiple attempts to meet and confer with Defendants outside of court to resolve HGI's concerns over Defendants' unauthorized use of HGI's intellectual property, Defendants have repeatedly refused to cooperate, leaving HGI with grave concerns about the contents of Defendants' movie.

8.     HGI is now left with no choice. Without judicial intervention, the movie is scheduled be screened publicly for the first time in conjunction with the NBA All-Star Game weekend coming up February 17-19, 2023, potentially destroying the valuable goodwill in which HGI and/or its predecessors-in-interest have invested for nearly a century.

9.     Accordingly, HGI is asserting claims for infringement and dilution of HGI's famous, federally registered HGI Marks, as well as unfair competition in violation of the federal Lanham Act, 15 U.S.C. §§ 1051 *et seq.*, all arising from Defendants' unauthorized use of HGI's intellectual property in promotional

materials related to the "Sweetwater" movie and, upon information and belief, within the movie itself.

## JURISDICTION

10.     This is a civil action arising, in substantial part, under the Lanham Act of 1946, 15 U.S.C. §§ 1051, *et seq.*, as amended. This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a).

11.     Personal jurisdiction over the Defendants in this judicial district is proper because Defendants have caused tortious injury to HGI, which is a resident of Georgia. Upon information and belief, the acts and omissions that have harmed HGI are part of a long and persistent course of conduct by Defendants, who for a period of years have filmed, produced, promoted and/or distributed films in the State of Georgia.

12.     Upon information and belief, Defendant Sunset has produced films shot on location in Georgia between at least 2015 and the present. Upon information and belief, these films were released nationally and distributed on a national basis, including through streaming services accessible by residents of the State of Georgia. Upon information and belief, Sunset has derived substantial revenue from films filmed, produced, promoted and/or distributed in Georgia.

4

13.     Upon information and belief, Defendant Briarcliff regularly distributes and promotes films filmed, produced, promoted and/or distributed in Georgia, including a film made in 2022 slated for release this year. Moreover, upon information and belief, Briarcliff regularly participates in promotional and other activities related to the films it distributes, including a film festival in Atlanta, Georgia. Upon information and belief, Briarcliff has derived substantial revenue from films filmed, produced, promoted and/or distributed in Georgia.

## VENUE

14.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because, as set forth above, the Defendants are subject to personal jurisdiction in this district.

## PARTIES

15.     Plaintiff HGI is a Nevada corporation with a principal place of business located at 157 Technology Parkway, Suite 100, Peachtree Corners, Georgia 30092.

16.     Upon information and belief, Defendant Sunset is a Nevada limited liability company maintaining a principal office at 4000 Warner Boulevard, Building 66, Suite 147, Burbank, California 91522. Upon information and belief, Sunset may be served through its registered agent, Incorp Services, Inc., at 3773

Howard Hughes Parkway, Suite 500S, Las Vegas, Nevada 89169, and/or through

its principals, Martin Guigui and Dahlia Waingort, at 23510 Baltar Street, West

Hills, California 91304.

17.     Upon information and belief, Defendant Briarcliff is a California

limited liability company maintaining a principal place of business at 425 11th

Street, Santa Monica, California 90402. Upon information and belief, Briarcliff

may be served through its principal and registered agent Thomas Ortenberg at 425

11th Street, Santa Monica, California 90402 or 433 9th Street, Santa Monica,

California 90402.

## FACTS

### The Beloved Harlem Globetrotters

18.     The Harlem Globetrotters are one of the United States' most popular

family entertainment attractions. Since the team's founding in 1926, more than 148

million fans around the world have been entertained by Globetrotters basketball

players such as Wilt Chamberlain, Fred "Curly" Neal, and Meadowlark Lemon.

19.     Under the guidance of founder, original coach and manager Abe

Saperstein, the Globetrotters became a premiere attraction and one of the world's

best basketball teams.

91908776v.1

20.     Prior to the end of segregation, the Globetrotters broke barriers and made headlines as a team of black Americans. Among the many legendary basketball players who share history with the Harlem Globetrotters is Nathaniel "Sweetwater" Clifton ("Clifton"), one of the first black Americans to play in the NBA.

21.     Throughout their illustrious history, the Globetrotters have also been omni-present in popular culture. The Globetrotters' story was the subject of two feature films in the 1950s. The Globetrotters were animated by Hanna-Barbera for a CBS Saturday morning cartoon from 1970 to 1973, and later for NBC in 1979. They have appeared on televised variety shows, been satirized by *The Simpsons*, and, in one of their most outlandish endeavors, got lost on *Gilligan's Island*.

22.     Today, the Globetrotters star in a weekly program airing on NBC, titled "Harlem Globetrotters: Play it Forward." The program focuses on Globetrotters players' achievements on and off the basketball court as ambassadors of goodwill.

## HGI's Intellectual Property Rights

23.     HGI and/or its predecessors-in-interest have been using the trademark GLOBETROTTERS in connection with the Globetrotters' basketball exhibitions since at least as early as 1927, as well as the trademark HARLEM

7

GLOBETROTTERS since at least as early as 1930, at the point in time when the team adopted the name HARLEM GLOBETROTTERS.

24.     HGI owns longstanding common law rights in dozens of word and design marks in numerous jurisdictions symbolizing the Globetrotters and everything they stand for. These marks range from unique red, white, and blue logos to a sound mark that members of the public instantly associate with the Globetrotters: the melody of the song "Sweet Georgia Brown."

25.     For many years, HGI and/or its predecessors-in-interest have invested significantly in the promotion and protection of HGI's proprietary marks. As a result, consumers have come to associate these trademarks exclusively with HGI, its beloved basketball exhibitions, and the strong values that the Globetrotters exemplify.

26.     HGI has invested significantly in the promotion and protection of its various trademarks. To that end, HGI now owns a number of U.S. trademark registrations for those marks, including but not limited to the following:

| Trademark | Filing Date | Reg. No. | Reg. Date | Goods/Services |
|---|---|---|---|---|
| GLOBETROTTER NATION | September 9, 2011 | 4,273,026 | January 8, 2013 | Class 41: Entertainment services, namely, basketball games, shows, events, programs, |

| | | | | |
|---|---|---|---|---|
| | | | | competitions and exhibitions, rendered via the internet. Providing information in the fields of sports, entertainment and related topics via an online community portal. Providing a website in the field of sports entertainment. Fan club services, promoting the interest and participation of fan club members, and providing an online community forum for fan club members. Providing online newsletters in the fields of sports entertainment |
| GLOBETROTTERS | January 5, 1949 | 542,473 | May 15, 1951 | Class 41: Entertainment services in the nature of basketball exhibitions |
| HARLEM GLOBETROTTERS | May 14, 2019 | 5,986,330 | February 11, 2020 | Class 25: Footwear; Shoes |

91908776v.1

| HARLEM GLOBETROTTERS | March 31, 1999 | 2,374,778 | August 8, 2000 | Class 16: Printed materials; namely, program books;<br><br>Class 25: Clothing; namely, caps, headband, wrist bands, sweat shirts, tee shirts;<br><br>Class 28: Sporting goods; namely, basketballs; toys, namely, inflatable balls, posable dolls;<br><br>Class 41: Entertainment services in the nature of basketball exhibitions |
|---|---|---|---|---|
|  | April 29, 1996 | 2,052,581 | April 15, 1997 | Class 41: Entertainment services in the nature of basketball exhibitions |
|  | July 22, 2002 | 3,286,735 | August 28, 2007 | Class 25: Sports jackets |

10

| | | | | |
|---|---|---|---|---|
|  | July 25, 2019 | 6,092,438 | June 30, 2020 | Class 25: Footwear; Shoes |
|  | April 28, 2017 | 5,478,777 | May 29, 2018 | Class 25: Clothing, namely, tops; T-shirts; Headwear<br><br>Class 41: Entertainment in the nature of basketball exhibitions |
|  | May 12, 2017 | 5,478,914 | May 29, 2018 | Class 25: Clothing, namely, tops; T-shirts; Headwear<br><br>Class 41: Entertainment in the nature of basketball exhibitions |
|  | April 28, 2017 | 5,478,778 | May 29, 2018 | Class 25: Clothing, namely, tops, shirts, sweatshirts, hooded sweatshirts; T-shirts; Headwear<br><br>Class 41: Entertainment in the nature of basketball exhibitions |
| HARLEM GLOBETROTTERS 4 POINTS | December 1, 2010 | 4,112,767 | March 13, 2012 | Class 41: Entertainment services in the |

91908776v.1

| | | | | |
|---|---|---|---|---|
| | | | | nature of basketball exhibitions |
| SWEET GEORGIA BROWN (Sound Mark) | April 19, 1991 | 1,700,895 | July 14, 1992 | Class 41: Entertainment services in the nature of basketball exhibitions |

The registrations for the above-referenced marks (collectively, the "HGI Marks") are valid and subsisting on the Principal Register of the U.S. Patent and Trademark Office.

27.     As a result of HGI's and/or its predecessors-in-interest's longstanding advertising, promotion and exclusive use of the HGI Marks, the HGI Marks have become famous in connection with entertainment services and related promotional goods.

28.     The HGI Marks became famous long before Defendant ever attempted to adopt or use any of the HGI Marks or confusingly similar marks with its movie.

29.     In addition to its famous HGI Marks, HGI owns numerous U.S. copyright registrations for original works associated with the Globetrotters. These registrations include:

| Title of Work | Registration No. | Registration Date |
|---|---|---|
| Harlem Globetrotters: the team that changed the world; program. | V3530D659 | November 1, 2005 |
| Harlem Globetrotters; basketball team names, events, history, title & logo. | V3414D638 | April 20, 1998 |
| Harlem Globetrotters; basketball team names, events, history, title & logo. | V3414D639 | April 20, 1998 |
| Here Come the Harlem Globetrotters. | TX0008559605 | February 26, 2018 |
| Sweet Georgia Brown (Teddy Riley Remix) | SR0000772241 | June 28, 2016 |
| The Harlem Globetrotters meet Snow White/a Hanna-Barbera production in association with Harlem Globe | PA0000274505 | December 18, 1985 |
| The Harlem Globetrotters Present the Points Behind Basketball | TX0008632089 | September 7, 2018 |
| The Harlem Globetrotters Story. | V3551D763 | May 7, 2007 |
| The Harlem Globetrotters--6 decades of magic/an RNB Communications Company, Inc., production in as | PA0000488175 | October 5, 1990 |
| The Superstar Story of the Harlem Globetrotters. | TX0008599326 | July 17, 2018 |
| The team that changed the world & 1 other title. | V9907D783 | January 2, 2014 |
| The team that changed the world. | PA0001296925 | September 27, 2005 |

The works that are the subject of the above-cited registrations (collectively, the "HGI Works") contain various original works of authorship that are original to HGI.

30.     The HGI Marks and HGI Works carry so much value that a major movie studio not affiliated with either Defendant has optioned the exclusive right from HGI to create a new feature film about the Globetrotters team and its history.

## Defendants' Unlawful Activities

31.     In or around September 2022, HGI learned that a movie depicting Clifton's life was slated for release in April 2023 (the "Movie").

32.     Upon information and belief, Defendants are responsible for production, distribution, and promotion of the Movie.

33.     Upon information and belief, Defendants' business model is in part based on the repackaging of other parties' original intellectual property.

34.     For example, upon information and belief, the principals of Defendant Sunset were involved in an unauthorized sequel to the classic film *Raging Bull*. This resulted in a lawsuit filed in the Superior Court of Los Angeles, California, in which the original maker of *Raging Bull* alleged the new film was an unauthorized "low-budget B-movie" based upon the same individuals and storyline.

91908776v.1

35.    HGI became concerned about misuse of its intellectual property in Defendants' Movie, given that the Movie features a former star player of the Globetrotters during an important historic era.

36.    HGI is also concerned about the Movie's potential interference with, and effect on, HGI's exclusive contract with a major movie studio for a movie depiction of the Globetrotters, and other licensing and business arrangements and prospective opportunities.

37.    HGI promptly began investigating the Movie and the surrounding press and promotional materials in order to determine whether its suspicions are reasonable. HGI found numerous references to the HGI Marks in connection with the promotion of Defendants' Movie designed to freeride upon the significant goodwill surrounding the HGI Marks.

38.    During its investigation, HGI learned that on November 17, 2007, Defendant Sunset filed U.S. Trademark Application Serial No. 77/332,381 seeking to register the mark SWEETWATER for use in connection with "Product merchandising" in Class 35 and "Multimedia entertainment services in the nature of recording, production and post-production services in the fields of music, video, and films" in Class 41.

15

39.     The specimen of use filed with App. Serial No. 77/332,381 features what appears to be a September 2007 version of the script for the Movie, according to publicly available records of the U.S. Patent & Trademark Office. This script includes multiple references to trademarks, images, and sounds associated with the Globetrotters, including the song "Sweet Georgia Brown."

40.     Given that use of the song "Sweet Georgia Brown" is not necessary to identify the Globetrotters in a historical or factual sense, HGI is now on notice of at least one infringement of its federally registered HGI Marks.

41.     Moreover, upon information and belief, Defendants have engineered promotional campaigns for the Movie centered on iconic Globetrotters imagery. For example, upon information and belief, an article about the Movie in *Variety* magazine includes a photograph of apparent Globetrotters players in uniform:



42.     Upon information and belief, an actor appearing in the Movie, Robert Ri'chard, recently posted a photograph of himself on Instagram, commenting about it with the phrase "HARLEM WORLD - Globetrotters movie." In the photograph, he is wearing a uniform that looks confusingly similar to the iconic Globetrotters red-white-and-blue uniform:



43.     Upon information and belief, based on the information HGI has about Defendants' unauthorized use of HGI Marks and Globetrotters-related imagery, HGI believes in good faith that many other elements of its proprietary branding, including but not limited to, the HGI Marks and the HGI Works, also likely appear in the Movie.

44.     In October 2022, HGI wrote to Defendants requesting that Defendants refrain from any and all unauthorized use of HGI's intellectual property in the Movie. This resulted in a dialogue between the parties that stretched into January 2023.

45.     On January 23, 2023, HGI's counsel wrote to Defendants' counsel to request that Defendants provide a private, confidential screening of the Movie to allow HGI to address any potential intellectual property concerns without the need for legal action.

46.     On January 30, 2023, Defendant's counsel responded to HGI's counsel with a blanket refusal to allow HGI representatives to view the Movie.

47.     Upon information and belief, the Movie is slated for screening before a public audience in conjunction with the 2023 NBA All-Star Game festivities taking place February 17-19, 2023, and will be released across theaters nationwide in April 2023.

48.     Even if Defendants were not on actual notice of the scope of HGI's intellectual property rights before creating the Movie, Defendants are certainly on notice now.

49.     As of February 3, 2023, the *Variety* magazine story about the Movie featured a photograph of Clifton in his New York Knicks uniform, rather than his

18

Globetrotters uniform, further raising HGI's suspicion that Defendants are knowingly infringing HGI's intellectual property rights and attempting to hide that fact from HGI.

50.     Upon information and belief, Defendants are apparently proceeding with plans to show the Movie publicly within a matter of days.

51.     HGI has a real and actionable concern about the contents and quality of the Movie. If a public audience of basketball fans is permitted to view the Movie containing intellectual property signaling a false tie or association with HGI, the goodwill in which HGI and/or its predecessors-in-interest have invested over nearly a century will be permanently and irreparably harmed.

## COUNT ONE

### Infringement of Federally-Registered Trademarks

52.     HGI repeats and realleges Paragraphs 1 through 51 hereto, as if fully set forth herein.

53.     Defendants' unauthorized use in commerce of the HGI Marks as described herein is likely to cause confusion, mistake, or deception and constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

54.     Upon information and belief, Defendants have committed the foregoing acts of infringement with full knowledge of HGI's prior rights in the HGI Marks and with the willful intent to cause a likelihood of confusion and trade on HGI's goodwill.

55.     Defendants' conduct is causing immediate and irreparable harm and injury to HGI, and to its goodwill and reputation, and will continue to both damage HGI and confuse the public unless enjoined by this Court. HGI has no adequate remedy at law.

56.     HGI is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with pre-judgment and post-judgment interest.

## COUNT TWO

### Dilution of Federally-Registered Trademarks

57.     HGI repeats and realleges Paragraphs 1 through 51 hereto, as if fully set forth herein.

58.     HGI's and/or its predecessors-in-interest's exclusive use of the distinctive HGI Marks since at least as early as 1927, coupled with substantial

promotion, advertising, and sales under the HGI Marks, have resulted in the general consuming public of the United States widely recognizing the HGI Marks as a designation of source of HGI's goods and services.

59.     Therefore, the HGI Marks have become famous.

60.     The HGI Marks were famous well before Defendants engaged in the acts alleged herein, and therefore the HGI Marks are entitled to protection from dilution under 15 U.S.C. § 1125(c).

61.     Defendants' use in commerce of the HGI Marks without authorization in connection with the Movie is likely to or has diluted the HGI Marks by blurring and/or tarnishment.

62.     Defendants' conduct is causing immediate and irreparable harm and injury to HGI, and to its goodwill and reputation, and will continue to both damage HGI and confuse the public unless enjoined by this Court. HGI has no adequate remedy at law.

63.     HGI is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with pre-judgment and post-judgment interest.

## **COUNT THREE**

## **Unfair Competition in Violation of Federal Law**

64.     HGI repeats and realleges Paragraphs 1 through 51 hereto, as if fully set forth herein.

65.     Defendants' unauthorized use in commerce of the HGI Marks as alleged herein constitutes the use in commerce of a word, term, name, symbol, or device, which use is likely to cause confusion, or to cause mistake, or to deceive, as to the affiliation, connection, or association of Defendants with HGI, or as to the origin, sponsorship, or approval of Defendants' commercial activities by HGI, in violation of 15 U.S.C. § 1125(a)(1).

66.     Defendants' conduct is causing immediate and irreparable harm and injury to HGI, and to its goodwill and reputation, and will continue to both damage HGI and confuse the public unless enjoined by this Court. HGI has no adequate remedy at law.

67.     HGI is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees and costs of the action under Sections 34 and 35 of the Lanham

Act, 15 U.S.C. §§ 1116, 1117, together with pre-judgment and post-judgment interest.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Harlem Globetrotters International, Inc. requests that judgment be entered against Defendants as follows:

1.      That Defendants, jointly and severally, have violated Section 32 of the Lanham Act (15 U.S.C. § 1114) and Section 43(a) and (c) of the Lanham Act (15 U.S.C. § 1125).

2.      That Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons or entities who receive actual notice of the Court's order by personal service or otherwise, be temporarily, preliminarily, and permanently enjoined from:

   a.  Using any one or more of the HGI Marks as source identifiers in commerce;

   b.  Engaging in any activity that infringes HGI's rights in the HGI Marks;

   c.  Engaging in any activity constituting unfair competition with HGI;

   d.  Making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that (i) Defendants'

products or services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with HGI, or (ii) HGI's products or services are in any manner approved, endorsed, licensed, sponsored, authorized or franchised by, or associated, affiliated, or otherwise connected with Defendant.

e.  Using or authorizing any third party to use in connection with any business any false description, false representation, or false designation of origin, or any marks, names, words, symbols, devices, or trade dress that falsely associates such business, goods and/or services with HGI or tends to do so;

f.  Registering or applying to register any trademark, service mark, domain name, trade name, or other source identifier or symbol of origin consisting of or incorporating one or more of the HGI Marks or any other mark that infringes or is likely to be confused with the HGI Marks; and

g.  Aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (a) through (f).

2.      Granting such other and further relief as the Court may deem proper to prevent the public and trade from deriving the false impression that any goods or services manufactured, sold, distributed, licensed, marketed, advertised, promoted, or otherwise offered or circulated by Defendants are in any way approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with HGI or constitute or are connected with HGI's products or services.

3.      Directing, pursuant to Section 35(a) of the Lanham Act (15 U.S.C. § 1116(a)), Defendants to file with the Court and serve upon HGI's counsel within thirty (30) days after service on Defendants of an injunction in this action, or such extended period as the Court may direct, a report in writing under oath, setting forth in detail in the manner and form in which Defendants have complied therewith.

4.      Awarding HGI an amount up to three times the amount of its actual damages, in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)).

5.      Directing that the Defendants account to and pay over to HGI all profits realized by its wrongful acts in accordance with Section 35(a) of the

Lanham Act (15 U.S.C. § 1117(a)) enhanced as appropriate to compensate HGI for the damages caused thereby.

6.     Declaring that this is an exceptional case pursuant to Section 35(a) of the Lanham Act and awarding to HGI its costs and reasonable attorneys' fees thereunder (15 U.S.C. § 1117(a)).

7.     Awarding to HGI interest, including pre-judgment and post-judgment interest, on the foregoing sums.

8.     Awarding such other and further relief as the Court deems just and proper.

## <u>JURY DEMAND</u>

In accordance with Rules 38 and 39 of the Federal Rules of Civil Procedure, Plaintiff Harlem Globetrotters International, Inc. asserts its rights and demands a trial by jury on all issues so triable.

*[Signature of Counsel Appears on the Following Page]*

DATED:  February 6, 2023          Respectfully Submitted,

SEYFARTH SHAW LLP


By: */s/ Lauren Gregory Leipold*
     Lauren Gregory Leipold
     LLeipold@Seyfarth.com
     Georgia Bar No. 729061
     1075 Peachtree St. NE, Suite 2500
     Atlanta, Georgia 30309
     Telephone: (404) 885-6737

     Lisa H. Meyerhoff  (applying for
     admission *pro hac vice*)
     LMeyerhoff@Seyfarth.com
     Texas Bar No. 14000255
     700 Milam Street, Suite 1400
     Houston, Texas  77002-2812
     Telephone:  (713) 238-1874

COUNSEL FOR PLAINTIFF
HARLEM GLOBETROTTERS
INTERNATIONAL, INC.

91908776v.1