# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| LUX VENDING, LLC d/b/a | ) | |
| BITCOIN DEPOT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| DDD, Inc., | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

## PETITION TO COMPEL ARBITRATION

COMES NOW Lux Vending, LLC d/b/a Bitcoin Depot ("Petitioner" or "Lux Vending") and, pursuant to 9 U.S.C. § 4, files this Petition to Compel Arbitration against DDD, Inc. ("Respondent" or "DDD"), showing the Court as follows:

### PARTIES

#### 1.

Petitioner is a limited liability company formed under the laws of the state of Georgia. Petitioner is the owner and operator of Bitcoin automated teller machines (ATM) located throughout the United States and Canada.

2.

Respondent is a corporation formed under the laws of the state of Washington with its principal place of business in Spokane County, Washington. It may be served with process as provided by law by serving its registered agent, Robert A. Divelbess at 40303 North Shore Drive, Loon Lake, WA, 99148-9755. Respondent is the owner and operator of certain convenience stores in Washington.

## JURISDICTION & VENUE

3.

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), in that this is a civil action between a citizen of Georgia and a citizen of Washington and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4.

Venue is proper in the Northern District of Georgia because the Parties' agreement includes a forum selection clause in which the Parties agreed to bring any arbitration of a dispute in Atlanta, Georgia and any legal proceeding in Fulton County, Georgia.

## FACTUAL BACKGROUND

### 5.

In May of 2021, Respondent agreed to place one of Petitioner's Bitcoin ATMs in one of Respondent's convenience stores located in Spokane, Washington for a term of seven years.

### 6.

On or about May 18, 2021, Petitioner and Respondent executed a Kiosk Placement Form setting out the terms of their agreement to install Petitioner's ATM at Respondent's location at 4615 N Division Street, Spokane, Washington.  A true and accurate copy of the Kiosk Placement Form dated May 18, 2021, is attached as Exhibit "A" and incorporated by reference herein.

### 7.

The Kiosk Placement Form incorporated by reference the terms and conditions of the Location Master Agreement. The Location Master Agreement is attached as Exhibit "B" and incorporated by reference herein.

### 8.

The Location Master Agreement contains an arbitration clause at Section 22 that states in pertinent part:

> Any dispute, controversy, or claim arising out of or relating to this Agreement including, but  not limited to, the breach, termination or validity of this

Agreement will be submitted to arbitration as prescribed herein. The parties will agree on a single arbitrator within ten (10) days of receipt of a notice of intent to arbitrate. If the parties are unable to decide on an arbitrator, AAA (defined below) shall select an arbitrator in accordance with this section. Such arbitrator will be knowledgeable about the ATM industry. The arbitration shall be conducted in accordance with the then-current Commercial Arbitration Rules of the American Arbitration Association ("AAA"), unless otherwise provided herein. The arbitrator will be selected in accordance with AAA procedures from a list of qualified people maintained by AAA. The arbitration will be conducted in Atlanta, Georgia.

9.

On October 29, 2021, Petitioner and Respondent executed a Kiosk Placement Form setting out the terms of their agreement to install Petitioner's ATM at Respondent's location at 3812 Highland Road, Mead, WA. A true and accurate copy of this Kiosk Placement Form is attached hereto as Exhibit "C" and incorporated by reference herein.

10.

The Kiosk Placement Form for 3812 Highland Road, Mead, WA, also incorporated the Location Master Agreement.

11.

Respondent unplugged both of Petitioner's Bitcoin ATMs in October of 2022 in violation of the terms of the Parties' agreement.

12.

Due to Respondent's breach of contract, Petitioner has damages in excess of $75,000.

13.

On January 17, 2023, Respondent filed a lawsuit against Petitioner in the Superior Court of Spokane County, *Washington, DDD, Inc. v. Lux Vending, LLC d/b/a Bitcoin Depot*, No. 23-2-00176-32 (the "Washington Action") claiming fraud and seeking compensatory damages, punitive damages, attorney's fees, and declaratory judgment. Respondent's Complaint in the Washington Action is attached as Exhibit "D".

14.

In the Washington Action, Respondent alleges that a "Kiosk Site Location Agreement" governs the terms of the Parties' agreements, rather than the Location Master Agreement which is specifically incorporated by reference into the Kiosk Placement Forms. The Kiosk Site Location Agreement that Respondent seeks to enforce also contains an arbitration clause at Section 18 stating in pertinent part:

> Except as specified in this Section 18, any dispute, controversy, or claim arising out of or relating to this Agreement or the breach, termination or validity of this Agreement will be submitted to arbitration as prescribed herein. The parties will agree on a single arbitrator within thirty (30) days of receipt of a notice of intent to arbitrate. Such arbitrator will be knowledgeable about the ATM industry and will conduct the arbitration under the current

Commercial Arbitration rules of the American Arbitration Association ("AAA"), unless otherwise provided herein. The arbitrator will be selected in accordance with AAA procedures from a list of qualified people maintained by AAA. The arbitration will be conducted in Atlanta, Georgia.

15.

Petitioner and Respondent entered a valid agreement to arbitrate when they executed the Kiosk Placement Form incorporating the Master Location Agreement containing an arbitration clause.

16.

The arbitration clause applies to "[a]ny dispute, controversy, or claim arising out of or relating to this Agreement."

17.

Respondent's claims in the Washington Action arise directly out of the Parties' agreement and are subject to the arbitration agreement.

18.

The Petitioner has demanded arbitration under a written agreement to arbitrate.

19.

The Respondent has failed, neglected and refused to arbitrate its dispute with Petitioner.

20.

Petitioner has been aggrieved by Respondent's refusal to arbitrate in accordance with the Parties' arbitration agreement.

21.

By reason of the foregoing, the Court should issue an order pursuant to 9 U.S.C. § 4 compelling arbitration of the dispute in accordance with the terms of the Parties' agreement.

WHEREFORE Petitioner prays that this Court:

(a)     Issue an order compelling Respondent to arbitrate all issues raised against Petitioner in the Washington Action enforcing the arbitration agreement entered into by the Parties; and

(b)     Grant Petitioner such other and further relief as may be equitable and just under the facts set out herein.

Respectfully submitted this 7th day of February 2023.

FORTSON, BENTLEY AND GRIFFIN, P.A.


By:     /s/ *David F. Ellison*
        David F. Ellison
        State Bar No. 929203
        *Attorney for Petitioner*
        dfe@fbglaw.com

2500 Daniell's Bridge Road
Building 200, Suite 3A
Athens, Georgia 30606
706.548.1151