## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| JEWELS BY IROFF, INC. d/b/a Iroff & Son Diamond Importers, and JEWELERS MUTUAL INSURANCE COMPANY, as subrogee of Jewels By Iroff, Inc. d/b/a Iroff & Son Diamond Importers,<br><br>    Plaintiffs,<br><br>v.<br><br>SECURITAS TECHNOLOGY CORPORATION F/K/A/ STANLEY CONVERGENT SECURITY SOLUTIONS, INC.,<br><br>    Defendant. | Civil Action No.<br><br>**DEMAND FOR TRIAL BY JURY** |

## **COMPLAINT**

COME NOW Plaintiffs, Jewels by Iroff, Inc. d/b/a Iroff & Son Diamond Importers and Jewelers Mutual Insurance Company, as subrogee of Jewels by Iroff, Inc. d/b/a Iroff & Son Diamond Importers, by and through their undersigned attorneys, Cozen O'Connor, and for their Complaint against Defendant, Securitas Technology Corporation f/k/a Stanley Convergent Security Solutions, Inc., state as follows:

LEGAL\61351942\1

## **PARTIES**

1. At all times relevant, Plaintiff, Jewels by Iroff, Inc. d/b/a Iroff & Son Diamond Importers (hereinafter "Jewels by Iroff") is a corporation duly organized and existing under the laws of the State of Georgia, with its principal place of business located at 3960 Old Milton Parkway, #300, Alpharetta, GA 30005.

2. At all times relevant, Plaintiff, Jewelers Mutual Insurance Company, (hereinafter "Jewelers Mutual") is a Wisconsin corporation with its principal place of business located at 24 Jewelers Park Drive, Neenah, Wisconsin. At all times relevant, Jewelers Mutual was engaged in the business of insurance and was authorized to issue insurance policies in the State of Georgia.

3. Jewelers Mutual's subrogor, Jewels by Iroff, is a Georgia corporation with its principal place of business located at 3960 Old Milton Parkway, #300, Alpharetta, GA 30005.

4. At all times relevant, Jewels by Iroff owned and operated a store that sells fine jewelry located at 3960 Old Milton Parkway, #300, Alpharetta, GA 30005 (hereafter the "Subject Property").

5. At all times, relevant, Jewelers Mutual had in effect a policy of insurance insuring Jewels by Iroff's jewelry store, including but not limited to the

real and business personal property, and/or extra expenses incurred as result of any losses.

6. At all times relevant, Defendant Securitas Technology Corporation f/k/a Stanley Convergent Security Solutions, Inc. (hereinafter "Defendant") was a corporation duly organized and existing under the laws of the State of Delaware with its principal place of business located at 8350 Sunlight Drive, Fishers, IN 46037. Defendant may be served with process via its Registered Agent: Registered Agent Solutions, Inc., 900 Old Roswell Lake Pkwy., Suite 310, Roswell, GA 30076. At all times relevant, Defendant provided 24/7 security and alarm monitoring services.

## JURISDICTION AND VENUE

7. The jurisdiction of this Court is proper pursuant to 28 USC § 1332 as this action is between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

8. Venue is proper in this district pursuant to 28 USC § 1391 as the events or omissions giving rise to the claims at issue occurred within this district and Defendant is subject to personal jurisdiction within the district.

## COMMON ALLEGATIONS

9. At all times relevant, Jewels by Iroff is in the business of selling fine jewelry to the public.

10. Since Jewels by Iroff sells fine jewelry, a security system was necessary to protect the jewelry maintained on premises.

11. At all times relevant, Defendant provided security and alarm monitoring service for Jewels by Iroff's jewelry at the Subject Property.

12. On January 14, 2008, Jewels by Iroff entered into a contract with Defendant to provide alarm services at the subject property. The Contract required Defendant to remotely monitor the Jewels by Iroff store 24/7, as defined by Underwriting Laboratories ("UL") certification requirements to the subscriber Jewels by Iroff.  The monitoring of alarm and supervisory signals and events include, *inter alia,* power outages, disruptions, fires and/or burglaries at the subject property. (A copy of the contract is attached hereto as **Exhibit** "**A**").

13. The Subject Property was closed for business on the night of February 22, 2022, and the burglar alarm system was activated at that time.

14. On or about the close of business on February 22, 2022 thieves defeated the front door lock and entered the Subject Property.

15. The thieves then entered into a room where the alarm controls were located. Once inside the control room, the thieves cut the communication lines and disabled the alarm.

16. Once the thieves disabled the alarm, the thieves broke into displays and two safes, stealing various pieces of fine jewelry and damaging property within the jewelry store.

17. At no time on February 22, 2022, did Defendant notify Jewels by Iroff of an alarm, a false alarm, or an alarm trouble situation.

18. The system's communications' method of cellular communication along with ethernet and hard wired telco failed to report line interruption or failed communication.

19. None of the required notifications were made to the subscriber or the police department for either of these alarm conditions, leaving the subscriber Jewels by Iroff unprotected.

20. The UL Certifications for this alarm system indicated that the Subject Property was promised and understood to have UL Certificated line security, but it was not installed and/or operational at the time of this loss.

## COUNT I
## NEGLIGENCE

21.     Plaintiff incorporates by reference paragraphs one (1) through twenty (20) above as if fully set forth herein at length.

22.     At all times relevant, Defendant owed Jewels by Iroff (and therefore Jewelers Mutual) a duty to use due care and caution while performing its security and monitoring services.

23.     Defendant, through their agents, servants, and/or employees, breached their aforesaid duty in one or more of the following ways:

- a)    Failing to provide the protection that was promised in the certificate issued to the subscriber;

- b)    Failing to take appropriate actions once they received burglar alarm signals;

- c)    Failing to notify the subscriber and the police upon receipt of the burglar alarms;

- d)    Failing to properly provide UL Certificated line security;

- e)    Failing to comply with a UL Extent 2 and Vault Complete installation as required per UL 681 Standard;

- f)    Failing to adequately train staff to appropriately program and respond to alarm conditions;

- g)    Failing to employ sufficient staff to respond to alarm conditions;

- h)    Failing to properly supervise employees engaged in responding to alarm conditions;

i) Failing to maintain an adequate automated system for responding to alarm conditions;

j) Failing to properly prioritize alarm notifications for responding to alarm conditions;

k) Failing to install and program the appropriate signaling equipment;

l) Failing to provide subscriber and/or the police notification that the system is not operational and providing the intended protection;

m) Failing to promptly notify subscriber and/or the police upon alarm conditions and that the alarm system was not operational;

n) Failing to ensure that the cellular line was in working order in order to signal, via the communicator, upon expiration of the 300 second check-in required with line security;

o) Failing to provide the subscriber protection on February 22, 2022, through the time the subscriber walked into the property later that morning, and/or

p) All other acts of negligence.

24. As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of Defendant through its employees, servants, agents and/or representatives, the burglary was allowed to occur without intervention, causing Jewels by Iroff to sustain real and business property damages, business interruption, and extra expenses.

25.     Pursuant to the terms and conditions of the applicable insurance policy, Jewelers Mutual made payments to Jewels by Iroff for its burglary damages sustained as a result of the occurrence and thereby became contractually and equitably subrogated to the rights of Jewels by Iroff against third parties to the extent of payments made.

WHEREFORE, Plaintiffs, Jewels by Iroff, Inc. d/b/a Iroff & Son Diamond Importers and Jewelers Mutual Insurance Company, as subrogee of Jewels by Iroff, Inc. d/b/a Iroff & Son Diamond Importers, respectfully request that this Honorable Court enter judgment in their favor and against Defendant for their provable damages, together with interest, costs and any other relief this Court deems just and appropriate.

## COUNT II
## BREACH OF CONTRACT AND WARRANTY

26.     Plaintiff incorporates by reference paragraphs one (1) through twenty-five (25) above, as though fully set forth herein at length.

27.     In contracting to provide security alarm notifications, Defendant expressly and/or impliedly contracted and warranted that the service would be performed in a good, safe and workmanlike manner, and in accordance with all Underwriting Laboratories certification requirements, industry standards and applicable codes.

28. Defendant, by and through their conduct, as set forth above in Count I, breached one or more of the aforementioned warranties.

29. Pursuant to the terms and conditions of the applicable insurance policy, Jewelers Mutual made payments to Jewels by Iroff for its burglary damages sustained as a result of the occurrence and thereby became contractually and equitably subrogated to the rights of Jewels by Iroff against third parties to the extent of payments made.

WHEREFORE, Plaintiffs, Jewels by Iroff, Inc. d/b/a Iroff & Son Diamond Importers, and Jewelers Mutual Insurance Company, as subrogee of Jewels by Iroff, Inc. d/b/a Iroff & Son Diamond Importers, respectfully request that this Honorable Court enter judgment in their favor and against Defendant for their provable damages together with interest, costs and any other relief this Court deems just and appropriate.

## COUNT III
## GROSS NEGLIGENCE/WILLFUL AND WANTON MISCONDUCT

30. Plaintiffs incorporate by reference paragraphs one (1) through twenty-nine (29) above as if fully set forth herein at length.

31. At all times relevant, Defendant owed a duty to Jewels by Iroff, Inc. to exercise ordinary care and caution while providing alarm maintenance and repair and alarm monitoring services.

32. At all relevant times, Defendant knew or should have known that its alarm system was not UL compliant and the monitoring services did not comply with the UL services or standards required.

33. At all relevant times, Defendant knew or should have known that its alarm system could be easily rendered ineffective by a burglar without any notification of the burglary and/or trouble with the alarm's communication equipment.

34. At all relevant times, Defendant never informed Jewels by Iroff of these deficiencies, nor did Defendant ever undertake corrective action to make its alarm system fully effective, as described above.

35. These misrepresentations, actions, and inactions were fraudulent, willful and wanton, and/or were a departure from the ordinary standard of care and constitute gross negligence under Georgia law.

36. As a direct and proximate result of one or more of Defendant's misrepresentations, through its employees, servants, agents and/or representatives, the burglary was allowed to occur without intervention causing Jewels by Iroff, Inc.

to sustain real and business property damages, business interruption, and extra expenses.

37. Pursuant to the terms and conditions of the applicable insurance policy, Jewelers Mutual made payments to Jewels by Iroff for its burglary damages sustained as a result of the occurrence and thereby became contractually and equitably subrogated to the rights of Jewels by Iroff against third parties to the extent of payments made.

WHEREFORE, Plaintiffs, Jewels by Iroff, Inc. d/b/a Iroff & Son Diamond Importers and Jewelers Mutual Insurance Company, as subrogee of Jewels by Iroff, Inc. d/b/a Iroff & Son Diamond Importers, respectfully request that this Honorable Court enter judgment in their favor and against Defendant for their provable damages together with interest, costs and any other relief this Court deems just and appropriate.

## COUNT IV
## FRAUDULENT MISREPRESENTATION

38. Plaintiffs incorporate by reference paragraphs one (1) through thirty seven (37) above as if fully set forth herein at length.

39. As detailed herein, Defendant made misrepresentations that were untrue, deceptive and misleading in that the alarm system was UL compliant and monitored consistent with UL requirements and standards. The alarm system and

11

monitoring service provided could be easily rendered ineffective by a burglar without any notification of the burglary and/or trouble with the alarm's communication equipment, rendering the system ineffective and inconsistent with Defendant's representations.

40.     Defendant's misrepresentations were material, such that they were intended to and did induce Plaintiff Jewels by Iroff to rely on Defendant's alarm system and not seek modifications or another vendor which could have installed a system effective to stop the subject theft and/or notify of the subscriber or police of the thieves entry in the jewelry store.

41.     Defendant's misrepresentations were willful and were done in a manner so as to deceive and mislead.

42.     As a direct and proximate result of one or more of Defendant's misrepresentations, through its employees, servants, agents and/or representatives, the burglary was allowed to occur without intervention causing Jewels by Iroff, Inc. to sustain real and business property damages, business interruption, and extra expenses.

43.     Pursuant to the terms and conditions of the applicable insurance policy, Jewelers Mutual made payments to Jewels by Iroff for its burglary damages sustained as a result of the occurrence and thereby became contractually and

equitably subrogated to the rights of Jewels by Iroff against third parties to the extent of payments made.

WHEREFORE, Plaintiffs, Jewels by Iroff, Inc. d/b/a Iroff & Son Diamond Importers and Jewelers Mutual Insurance Company, as subrogee of Jewels by Iroff, Inc. d/b/a Iroff & Son Diamond Importers, respectfully request that this Honorable Court enter judgment in their favor and against Defendant for their provable damages together with interest, costs and any other relief this Court deems just and appropriate.

**PLAINTIFFS DEMAND TRIAL BY JURY AS TO EACH COUNT PLEADED**.

This 7th day of February, 2023.

>s/ David A. Terry
>David A. Terry
>Georgia Bar No. 051508
>Cozen O'Connor
>The Promenade, Suite 400
>1230 Peachtree Street, N.E.
>Atlanta, Georgia  30309
>Telephone:  (404) 572-2016
>Facsimile:   (404) 572-2199
>E-Mail:  dterry@cozen.com
>
>*Counsel for Plaintiffs*

LEGAL\61351942\1