IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| QUENTIN T. WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | NO. _____ |
| | ) | |
| WHOLESALE SCREENING SOLUTIONS, INC., | ) | JURY TRIAL DEMANDED |
| | ) | |
| | ) | COMPLAINT |
| Defendant. | ) | |

## PRELIMINARY STATEMENT

1. This is a cause of action for damages brought by an individual consumer against Defendant, Wholesale Screening Solutions, Inc. (hereinafter "WSSI"), a business entity for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §§ 1681 *et seq.*

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff Quentin T. Williams is an adult individual residing in state of Tennessee.

5. Defendant WSSI is a business entity that regularly conducts business in the Northern District of Georgia, and which has a principal place of business located at 5977 Sprout Springs Road, Flowery Branch, Georgia 30542.

## FACTUAL ALLEGATIONS

6. In October 2021, Plaintiff applied for employment with Doordash and Lyft and Uber.

7. As part of his job application, Plaintiff signed a document purportedly authorizing Doordash, Lyft and Uber, to obtain a consumer report for employment purposes.

8. Doordash, Lyft and Uber, contract with a third-party entity that in turn contracts with WSSI to supply "consumer reports" as defined by 15 U.S.C. § 1681a(d) for employment purposes.

9. The consumer reports supplied by WSSI contained information which was a matter of public record and of the type of information that was likely to have an adverse effect upon Plaintiff's ability to obtain employment generally, and specifically with Doordash, Lyft and Uber.

10. Defendant WSSI has been reporting, and did here report, derogatory and inaccurate statements and information relating to Plaintiff to third parties ("inaccurate information").

11. The inaccurate information includes, but is not limited to, a criminal offense record. These records appear on the consumer report WSSI sold to the third-party entity that was then provided to Doordash, Lyft and Uber.

12. Specifically, the inaccurate information includes multiple pending felony charges for violent crimes and a history of misdemeanor convictions for egregious acts that do not belong to Plaintiff.

13. Plaintiff has no criminal history of his own.

14. The subject inaccurate information should not have been included on the WSSI reports.

15. The inaccurate information grossly disparages the Plaintiff and portrays him in a false and negative manner. There is perhaps no greater error that a consumer reporting agency can make.

16. In creating and furnishing the Plaintiff's consumer report, Defendant failed to follow reasonable procedures to assure the maximum possible accuracy of the information it reported about the Plaintiff.

17. A simple review of the relevant public records would have revealed that the inaccurate information should not have appeared on the report prepared and sold by WSSI.

18. Plaintiff was subsequently denied employment with Doordash and Lyft in October 2021 and being deactivated from the Uber platform in January 2022.

Plaintiff was informed that the basis for the adverse action against him was the inaccurate information that appears on Plaintiff's consumer report with Defendant.

19. Plaintiff has disputed the inaccurate information with Defendant by following the procedures for disputing the consumer credit information. Plaintiff's disputes have included the reasoning that it was the wrong person.

20. Plaintiff has disputed the inaccurate information with Defendant from October 2021 through the present.

21. Notwithstanding Plaintiff's efforts, Defendant has sent Plaintiff correspondence indicating its intent to continue publishing the inaccurate information and Defendant continues to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors. Defendant has repeatedly published and disseminated consumer reports to such third parties from at least October 2021 through the present.

22. Despite Plaintiff's efforts, Defendant has never: (1) contacted Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's disputes; (2) contacted any third parties that would have relevant information concerning Plaintiff's disputes; (3) forwarded any relevant information concerning Plaintiff's disputes to the entities originally furnishing the inaccurate information; (4) requested or obtained any court records, or other relevant documents from the

entities furnishing the inaccurate information; and (5) performed any handwriting analysis.

23. Despite Plaintiff's exhaustive efforts to date, Defendant has nonetheless deliberately, willfully, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, has failed to remove the inaccurate information, has failed to report on the results of its reinvestigations to all credit reporting agencies, has failed to note the disputed status of the inaccurate information and have continued to report the derogatory inaccurate information about the Plaintiff.

24. As of result of Defendant's conduct, Plaintiff has suffered actual damages in the form of lost employment opportunities, harm to reputation, and emotional distress, including humiliation and embarrassment.

25. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

26. At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal law and the rights of the Plaintiff herein.

## COUNT ONE – VIOLATIONS OF THE FCRA
## PLAINTIFF v. WSSI

27.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

28.     At all times pertinent hereto, WSSI was a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

29.     At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

30.     At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

31.     Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendant is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency in violation of 15 U.S.C. § 1681e(b) and 15 U.S.C. § 1681i.

32.     The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendant is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## JURY TRIAL DEMAND

33. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant, based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorney's fees; and

(e) Such other and further relief as may be necessary, just and proper.

Respectfully submitted,

**WEINER & SAND LLC**

BY:   \_/s/ Jeffrey Sand_____
          Jeffrey Sand
          Weiner & Sand LLC
          800 Battery Avenue SE, Suite 100
          Atlanta, GA 30339
          (404) 205-5029
          js@wsjustice.com
          Attorneys for Plaintiff

Dated:     February 7, 2023