## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| DONALD DIXON, Individually and as Assignee of Girls Galore, Inc. d/b/a Allure Gentlemen's Club, § § § § Plaintiff, § § vs. § § UNITED SPECIALTY § INSURANCE COMPANY, § § Defendant. § § | | CIVIL ACTION FILE<br><br>NO.: _____ |

### DEFENDANT UNITED SPECIALTY INSURANCE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW, **UNITED SPECIALTY INSURANCE COMPANY**, Defendant in the above-styled civil action, and files its Answer and Affirmative Defenses to Plaintiff's Complaint, showing the Court the following:

### FIRST DEFENSE

Plaintiff's claims are, or may be barred, in whole or in part, for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6), Fed. R. Civ. P. 12(c) and applicable law.

## SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by the terms, limitations, conditions, definitions and exclusions of the subject United Specialty Insurance Company policy.

## THIRD DEFENSE

Plaintiff's claims, which arise out of a shooting incident, are barred by the Absolute Weapons Exclusion, Form ER 10 20 04 16, contained within the subject United Specialty Insurance Company policy. *See Great Lakes Insurance SE v. Habif Properties, LLC*, Civil Action File No. 5:20-cv-343 (MTT), 2021 WL 2417156 (2021); *see also Hudson Specialty Insurance Company v. Snappy Slappy LLC*, Civil Action File No. 5:18-cv-00104-TES, 2019 WL 1938801 (2019); *see further Powe v. Chartis Specialty Insurance Co.*, Civil Action File No. 1:16-cv-1336-SCJ, 2017 WL 3525441 (2017).

Plaintiff's claims, which arise out of a shooting incident, are further barred or limited by the Assault and Battery Exclusion Form ER 10 05 10 15 and the Limited Coverage Assault or Battery Related Claims endorsement, Form ER 20 05 10 15.

## FOURTH DEFENSE

As Plaintiff's claims are not covered under the subject United Specialty Insurance Company policy, Plaintiff's claims for negligent and bad-faith failure to settle are barred by operation of law.

## FIFTH DEFENSE

This Defendant breached no duty to Plaintiff; therefore, Plaintiff may not recover from this Defendant in any sum or manner whatsoever.

## SIXTH DEFENSE

No act or omission of Defendant caused or contributed to cause any damage alleged to have been sustained by Plaintiff; therefore, Plaintiff may not recover from Defendant in any sum or manner whatsoever.

## SEVENTH DEFENSE

The sole proximate cause of Plaintiff's alleged damages, if any were sustained, was Plaintiff's own negligence, with the result that Plaintiff is not entitled to recover in this case.

## EIGHTH DEFENSE

Defendant asserts the affirmative defenses of legal and equitable estoppel pursuant to Fed. R. Civ. P. 8(c), O.C.G.A. § 23-1, et seq., and applicable Georgia law.

### NINTH DEFENSE

Plaintiff's claims for attorney's fees and expenses of litigation, to the extent they arise under O.C.G.A. § 13-6-11, are barred by the existence of a *bona fide* dispute as to liability and damages, among other things.

### TENTH DEFENSE

Plaintiff's claims for attorney's fees and expenses of litigation pursuant to O.C.G.A. § 13-6-11 or otherwise are unwarranted and unsupported by any construction of the law to the facts of this case. As such, Plaintiff's claims for attorney's fees and expenses of litigation should be dismissed.

### ELEVENTH DEFENSE

Upon information and belief, the purported assignment herein may be contrary to Georgia law due to lack of consideration or otherwise.

### TWELFTH DEFENSE

As a Twelfth Defense, Defendant answers the numbered paragraphs of Plaintiff's Complaint as follows:

### PARTIES, VENUE AND JURISDICTION

1.

Defendant can neither admit nor deny the allegations contained within Paragraph 1 of Plaintiff's Complaint for want of knowledge or information

sufficient to form a belief as to the truth thereof and put Plaintiffs upon strict proof of the same.

2.

Defendant denies the allegations contained within Paragraph 2 of Plaintiff's Complaint.

3.

Defendant admits the allegations contained within Paragraph 3 of Plaintiff's Complaint.

4.

Defendant admits the allegations contained within Paragraph 4 of Plaintiff's Complaint.

5.

Defendant denies as pled the allegations contained within Paragraph 5 of Plaintiff's Complaint.  This Defendant admits, however, that venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

**FACTUAL ALLEGATIONS**

6.

Defendant can neither admit nor deny the allegations contained within Paragraph 6 of Plaintiff's Complaint for want of knowledge or information

sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

7.

Defendant denies the allegations contained within Paragraph 7 of Plaintiff's Complaint.

8.

Defendant can neither admit nor deny the allegations contained within Paragraph 8 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

9.

Defendant denies as pled the allegations contained within Paragraph 9 of Plaintiff's Complaint.  Defendant admits, however, that it issued a policy of insurance, United Specialty Insurance Company policy no. LMH00001144-00, to Girls Galore, Inc. DBA Allure Gentlemen's Club for policy period August 31, 2020 to August 31, 2021.  Defendant further states that there is no coverage for Plaintiff's claim under United Specialty Insurance Company policy no. LMH00001144-00 and therefore denies that GGI was "insured" as alleged within this paragraph.

10.

Defendant denies as pled the allegations contained within Paragraph 10 of Plaintiff's Complaint.

11.

Defendant admits that Donald Dixon filed on January 21, 2022, an action in the State Court of Fulton County entitled *Donald Dixon v. Girls Galore, Inc. d/b/a Allure Gentlemen's Club*, CAFN 22EV000458.

12.

Defendant can neither admit nor deny the allegations contained within Paragraph 12 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

13.

Defendant can neither admit nor deny the allegations contained within Paragraph 13 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

14.

Defendant denies the allegations contained within Paragraph 14 of Plaintiff's Complaint.

15.

Admitted with explanation. As Plaintiff's claim is not covered United Specialty Insurance Company policy no. LMH00001144-00, Defendant was not obligated to defend Girls Galore, Inc. DBA Allure Gentlemen's Club in the underlying action.

16.

Defendant denies the allegations contained within Paragraph 16 of Plaintiff's Complaint.

17.

Defendant denies the allegations contained within Paragraph 17 of Plaintiff's Complaint.

18.

Defendant denies as pled the allegation that the default judgment was entered after the damages hearing. Defendant admits the remaining allegations contained within Paragraph 18 of Plaintiff's Complaint.

19.

Defendant can neither admit nor deny the allegations contained within Paragraph 19 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

20.

Defendant admits the allegations contained within Paragraph 20 of Plaintiffs Complaint.

21.

Defendant denies the allegations contained within Paragraph 21 of Plaintiff's Complaint.

22.

Defendant denies the allegations contained within Paragraph 22 of Plaintiff's Complaint.

23.

Admitted with explanation.  Prior to the referenced October 20, 2022 Offer, Defendant sent multiple correspondence to Plaintiff's counsel advising there was no coverage for Plaintiff's claim.

24.

Admitted with explanation. Defendant did not respond and did not accept the referenced Offer because there was no coverage for Plaintiff's claim pursuant to United Specialty Insurance Company policy no. LMH00001144-00.

25.

Defendant can neither admit nor deny the allegations contained within Paragraph 25 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

26.

Defendant can neither admit nor deny the allegations contained within Paragraph 26 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

## COUNT 1
## BREACH OF DUTY TO DEFEND

27.

Defendant hereby reasserts and incorporates by reference the responses made previously to Paragraphs 1 through 26 of Plaintiff's Complaint as if those responses were set forth herein.

28.

Defendant denies the allegations contained within Paragraph 28 of Plaintiff's Complaint.

29.

Defendant denies the allegations contained within Paragraph 29 of Plaintiff's Complaint.

30.

Defendant denies the allegations contained within Paragraph 30 of Plaintiff's Complaint.

31.

Defendant denies the allegations contained within Paragraph 31 of Plaintiff's Complaint.

## COUNT 2
## BREACH OF DUTY TO PAY

32.

Defendant hereby reasserts and incorporates by reference the responses made previously to Paragraphs 1 through 31 of Plaintiff's Complaint as if those responses were set forth herein.

33.

Defendant denies that it had a duty to indemnify for the at-issue judgment and denies as pled the allegations contained within Paragraph 33 of Plaintiff's Complaint.

34.

Defendant denies the allegations contained within Paragraph 34 of Plaintiff's Complaint.

35.

Defendant denies the allegations contained within Paragraph 35 of Plaintiff's Complaint.

## COUNT 3
## NEGLIGENT OR BAD-FAITH FAILURE TO SETTLE UNDER THE COMMON LAW

36.

Defendant hereby reasserts and incorporates by reference the responses made previously to Paragraphs 1 through 35 of Plaintiff's Complaint as if those responses were set forth herein.

37.

Defendant denies the allegations contained within Paragraph 37 of Plaintiff's Complaint.

38.

Defendant denies that Plaintiff's claim was covered under United Specialty Insurance Company policy no. LMH00001144-00 and denies the allegations contained within Paragraph 38 of Plaintiff's Complaint.

39.

Defendant denies the allegations contained within Paragraph 39 of Plaintiff's Complaint.

40.

Defendant denies the allegations contained within Paragraph 40 of Plaintiff's Complaint.

41.

Defendant denies the allegations contained within Paragraph 41 of Plaintiff's Complaint.

42.

Defendant denies the allegations contained within Paragraph 42 of Plaintiff's Complaint.

43.

Defendant denies the allegations contained within Paragraph 43 of Plaintiff's Complaint.

44.

Defendant denies the allegations contained within Paragraph 44 of Plaintiff's Complaint.

45.

Defendant denies the allegations contained within Paragraph 45 of Plaintiff's Complaint.

### COUNT 4
### JUDGMENT CREDITORS' DIRECT ACTION
### AGAINST JUDGMENT DEBTOR'S INSURANCE COMPANY

46.

Defendant hereby reasserts and incorporates by reference the responses made previously to Paragraphs 1 through 45 of Plaintiff's Complaint as if those responses were set forth herein.

47.

Defendant denies the allegations contained within Paragraph 47 of Plaintiff's Complaint.

48.

Defendant admits the accuracy of the statement of law contained within Paragraph 48 of Plaintiff's Complaint but denies its applicability since Plaintiff's claim was not covered under United Specialty Insurance Company policy no.

LMH00001144-00; therefore, the allegations contained within Paragraph 48 of Plaintiff's Complaint are denied as pled.

49.

Defendant denies the allegations contained within Paragraph 49 of Plaintiff's Complaint.

## COUNT 5
## CLAIM FOR ATTORNEYS' FEES AND EXPENSES OF LITIGATION UNDER O.C.G.A. § 13-6-11

50.

Defendant hereby reasserts and incorporates by reference the responses made previously to Paragraphs 1 through 49 of Plaintiff's Complaint as if those responses were set forth herein.

51.

Defendant denies the allegations contained within Paragraph 51 of Plaintiff's Complaint.

52.

Defendant denies that Plaintiff is entitled to the relief sought in the "WHEREFORE" Paragraph of Plaintiff's Complaint.

## THIRTEENTH DEFENSE

Any paragraph or part thereof not specifically responded to is hereby denied.

WHEREFORE, having fully answered, Defendant **UNITED SPECIALTY INSURANCE COMPANY** prays that it be discharged from this action without costs.

This 7th day of February, 2023.

           **CRUSER, MITCHELL, NOVITZ, SANCHEZ, GASTON & ZIMET, LLP**

           /s/ Jason G. Wyrick
           **JASON G. WYRICK**
           Georgia Bar No. 143112

Meridian II, Suite 2000    **TED S. HUGGINS**
275 Scientific Drive     Georgia Bar No. 964381
Peachtree Corners, GA  30092 **J. ROBB CRUSER**
(404) 881-2622       Georgia Bar No. 199480
(404) 881-2630 (Fax)     *Attorneys for Defendant*
jwyrick@cmlawfirm.com
thuggins@cmlawfirm.com
rcruser@cmlawfirm.com

## CERTIFICATE OF COMPLIANCE

Undersigned counsel certify the foregoing document has been prepared with one of the font and point selections (Times New Roman, 14 point) approved by the Court in Local Rule 5.1(C).

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the undersigned has this day electronically filed the within and foregoing **DEFENDANT UNITED SPECIALTY INSURANCE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

James (Jay) Sadd, Esq.
Richard E. Dolder, Jr., Esq.
Slappey & Sadd
352 Sandy Springs Circle
Atlanta, GA  30328
jay@lawyersatlanta.com
rich@lawyersatlanta.com
*Counsel for Plaintiff*

I FURTHER CERTIFY that the undersigned has mailed copies of the entire pleading referenced above to the above address.

This 7th day of February, 2023.

**CRUSER, MITCHELL, NOVITZ, SANCHEZ, GASTON & ZIMET, LLP**

/s/ Jason G. Wyrick
**JASON G. WYRICK**
Georgia Bar No. 143112
**TED S. HUGGINS**
Georgia Bar No. 964381
**J. ROBB CRUSER**

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA  30092

(404) 881-2622  
(404) 881-2630 (Fax)  
jwyrick@cmlawfirm.com  
thuggins@cmlawfirm.com  
rcruser@cmlawfirm.com  

Georgia Bar No. 199480  
*Attorneys for Defendant*