## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **DONALD DIXON, Individually and as Assignee of Girls Galore, Inc. d/b/a Allure Gentlemen's Club,** | § § § § | |
| **Plaintiff,** | § § | |
| | § | **CIVIL ACTION FILE** |
| **vs.** | § § | |
| | § | **NO.: _____** |
| **UNITED SPECIALTY INSURANCE COMPANY,** | § § § | |
| **Defendant.** | § § | |
| | § | |

### MEMORANDUM OF LAW IN SUPPORT OF
### DEFENDANT UNITED SPECIALTY INSURANCE COMPANY'S
### MOTION FOR JUDGMENT ON THE PLEADINGS

COMES NOW **UNITED SPECIALTY INSURANCE COMPANY**,

Defendant in the above-styled civil action, and, pursuant to Fed. R. Civ. P. 12(c),

files this Memorandum of Law in Support of Defendant United Specialty

Insurance Company's Motion for Judgment on the Pleadings, showing the Court as

follows:

### INTRODUCTION

This is a case wherein Plaintiff seeks insurance coverage where it simply

does not exist.  In this case, Plaintiff seeks payment from Defendant for a judgment

entered against Plaintiff's Assignor, Girls Galore, Inc. d/b/a Allure Gentlemen's Club, arising out of a shooting incident that occurred on its premises, pursuant to a policy of insurance issued by Defendant that contains an Absolute Weapons Exclusion—an endorsement to the policy which excludes from coverage any incident involving a weapon, including the weapon that discharged the bullet causing Plaintiff's injury.  As Plaintiff's claim is unequivocally excluded from coverage under the Absolute Weapons Exclusion to the policy, there are no issues of disputed material fact in this case and judgment on the pleadings is appropriate as a matter of law.[1]

## STATEMENT OF FACTS AND PROCEDURAL POSTURE

Plaintiff Donald Dixon, individually and as Assignee of Girls Galore, Inc. d/b/a Allure Gentlemen's Club ("Plaintiff"), brings the above-styled action for breach of the at-issue insurance contract, for negligent or bad-faith failure to settle and to enforce a judgment.  *See* Plaintiff's Complaint, attached as Defendant's Exhibit 1, pg. 6-10, ¶¶ 27-49.  The at-issue judgment and the underlying dispute arise out of a September 19, 2020, shooting incident (hereinafter "the subject incident") involving Donald Dixon that occurred at the Allure Gentlemen's Club

---

[1] Plaintiff's counsel previously asserted the same claims and arguments in *Powe v. Chartis Specialty Insurance Company*, Civil Action File No. 1:16-cv-1336-SCJ, 2017 WL 352441 (2017).  In *Powe*, the United States District Court for the Northern District of Georgia upheld the insurer's firearm's exclusion and granted summary judgment to the insurer.

located at 2284 Cheshire Bridge Rd., NE, Atlanta, GA 30324, and operated by

Plaintiff's Assignor, Girls Galore, Inc. d/b/a Allure Gentlemen's Club.  D-1, pg. 2,

¶ 6, pg. 84-87.  The subject incident occurred when Plaintiff was shot with a

firearm by an unknown assailant.  D-1, pg. 2, ¶ 7, pg. 85-86.

### *The Subject Policy*

Defendant United Specialty Insurance Company ("Defendant") issued a

policy of insurance, United Specialty Insurance Company policy no.

LMH00001144-00 (hereinafter "the subject policy"), to Girls Galore, Inc. DBA

Allure Gentlemen's Club for the policy period from August 31, 2020, to and

including August 31, 2021.  D-1, pg. 3, ¶ 9, pg. 13-83.  Included within the

**Common Policy Forms** section of the subject policy is **Form ER 10 20 04 16**, an

**ABSOLUTE WEAPONS EXCLUSION**, which states as follows:

**This endorsement modifies insurance provided under the following:**

**COMMERCIAL GENERAL LIABILITY COVERAGE PART**

**LIQUOR LIABILITY COVERAGE PART**

This insurance does not apply to any claim, loss, "suit", "bodily
injury", "property damage", "injury" or "personal injury and
advertising injury," actually or allegedly arising directly or indirectly
from, or resulting in whole or in part out of, or resulting in whole or in
part from the use of, failure to use, or based upon or attributable to
"weapons".

> "Weapons" are: instruments of an offensive or defensive nature which
> include but are not limited to: firearms, knives, batons, stun guns,
> mace or pepper spray.

D-1, pg. 40.  In other words, neither the commercial general liability coverage nor

the liquor liability coverage apply to any incident involving a weapon, including,

but not limited to, a firearm.  *Id.*  As the subject incident involved a weapon,

specifically a firearm, there is no coverage under either the commercial general

liability or liquor liability coverages for the subject incident pursuant to the

Absolute Weapons Exclusion.  D-1, pg. 2, ¶ 6-7, pg. 40, 84-87.

The insuring agreements for both the commercial general liability coverage

and the liquor liability coverage for the subject policy condition Defendant's

obligations to either defend or indemnify upon there in fact being coverage under

the subject policy.  For example, **SECTION I – COVERAGES, COVERAGE A

– BODILY INJURY AND PROPERTY DAMAGE LIABILITY**, subsection **1.

Insuring Agreement** of the **Commercial General Liability Coverage Form ER

01 03 20** states in pertinent part as follows:

> We will pay those sums that the insured becomes legally obligated to
> pay as damages because of "bodily injury" or "property damage" to
> which this insurance applies.  We will have the right and duty to
> defend the insured against any "suit" seeking those damages.
> However, we will have no duty to defend the insured against any
> "suit" seeking damages for "bodily injury" or "property damage" to
> which this insurance does not apply.  We may, at our discretion,

investigate any "occurrence" and settle any claim or "suit" that may result.

D-1, pg. 50.  **SECTION I – LIQUOR LIABILITY COVERAGE**, subsection 1.

Insuring Agreement of the **LIQUOR LIABILITY COVERAGE FORM ER 02**

**03 20** similarly states in pertinent part as follows:

> We will pay those sums that the insured becomes legally obligated to pay as damages because of "injury" to which this insurance applies if liability for such "injury" is imposed on the insured by reason of the selling, serving or furnishing of any alcoholic beverage.  We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "injury" to which this insurance does not apply.  We may, at our discretion, investigate any "injury" and settle any claim or "suit" that may be result.

D-1, 77.  As Donald Dixon's claim arising out of the subject incident involves the use of a firearm and falls squarely within the Absolute Weapons Exclusion to the subject policy, Defendant did not have any obligation to either defend or indemnify Girls Galore, Inc. DBA Allure Gentlemen's Club in reference to the subject incident.  D-1, pg. 2, ¶ 6-7, pg. 40, 50, 77, 84-87.

### *The Underlying Action*

On January 21, 2022, Plaintiff filed an action for damages for bodily injury arising out of the subject incident in the State Court of Fulton County, CAFN 22EV000458H (hereinafter "the underlying action").  D-1, pg. 84-88.  The sole named defendant in this action was Girls Galore, Inc. d/b/a Allure Gentlemen's

Club.  D-1, pg. 84.  Girls Galore, Inc. d/b/a Allure Gentlemen's Club did not file a responsive pleading, and the underlying action subsequently went into default.  On May 4, 2022, the State Court of Fulton County entered a default judgment and set a non-jury damages-only trial.  On June 9, 2022, following the trial, the State Court of Fulton County entered a Final Order and Judgment in the amount of $1,150,264.00.  D-1, pg. 92.

### *The Present Action*

Despite there being no coverage for the subject incident under the subject policy, following entry of the Judgment, Girl's Galore, Inc. d/b/a Allure Gentlemen's Club entered into an Assignment Agreement and Covenant Not to Execute with Donald Dixon, and Plaintiff filed the present action as Donald Dixon, individually and as Assignee of Girls Galore, Inc. d/b/a Allure Gentlemen's Club in the Superior Court of Fulton County on January 10, 2023.  D-1, pg. 1, 94-97. Defendant subsequently removed the present action to this Court pursuant to 28 U.S.C. §§ 1332(a), 1441.

### STANDARD FOR JUDGMENT ON THE PLEADINGS

"After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c). "Judgment on the pleadings is appropriate where no issue of material fact

remains unresolved and the moving party is entitled to judgment as a matter of law." *Mergens v. Dreyfoos*, 166 F.3d 1114, 1116-17 (11th Cir. 1999), *citing Ortega v. Christian*, 85 F.3d 1521, 1524-25 (11th Cir. 1996). "A motion for judgment on the pleadings is governed by the same standard as a motion to dismiss under Rule 12(b)(6)." *Person v. Lyft, Inc.*, 542 F.Supp.3d 1342, citing *Carbone v. Cable News Network, Inc.*, 910 F.3d 1345, 1350 (11th Cir. 2018).

In interpreting whether or not a complaint may be attacked by either a Rule 12(b)(6) motion to dismiss or a Rule 12(c) motion for judgment on the pleadings, "a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id*., at 545. Further, Fed. R. Civ. P. 12(b)(6) "does call for sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009), *citing Twombly*, *supra* at 555.

The *Iqbal* Court opined that two working principles underlie the Court's prior decision in *Twombly*, "[f]irst, the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of

action's elements, supported by mere conclusory statements" (emphasis added), and "[s]econd, determining whether a complaint states a plausible claim is context specific, requiring the reviewing court to draw on its experience and common sense" (emphasis added). *Id.*, at 1940. The *Iqbal* Court further noted that "[a] court considering a motion to dismiss may begin by identifying allegations that, because they are mere conclusions, are not entitled to the assumption of truth" (emphasis added), and that "[w]hile legal conclusions can provide the complaint's framework, they must be supported by factual allegations" (emphasis added). *Id.*

## ARGUMENT AND CITATION OF AUTHORITY

### I.   Georgia law permits the enforcement of unambiguous insurance contracts.

It is a long-recognized principle that federal courts sitting in diversity apply state substantive law and federal procedural law. *Erie R. Co. v. Tompkins*, 302 U.S. 64, 58 S. Ct. 817, 82 L.Ed. 1188 (1938). In Georgia, a policy of insurance is enforceable in accordance with its plain terms. *Duckett v. Piedmont So. Life Ins. Co.,* 118 Ga. App. 3, 4 (1968). Consistent with this approach, Georgia courts may not enlarge an insurance contract, but must restrict themselves to the literal terms of the policy taken in their usual and ordinary meaning. *American Motorists Ins. Co. v. Vermont*, 115 Ga. App. 663, 665 (1967). In *Lester v. Great Central Ins. Co.*,

the Court of Appeals of Georgia described the interpretation of an insurance policy

as follows:

> Insurance is a matter of contract, and the language used is to be
> accorded its general and ordinary meaning, bearing in mind that the
> contract is to be construed in accordance with the intention and
> understanding of the parties, and in construing it the court cannot go
> further than a fair construction of the language used will permit.
> Where the contract is unambiguous, it must be construed to mean
> what it says.  This rule applies to language limiting coverage.

*Lester v. Great Central Ins. Co.*, 138 Ga. App. 353, 354 (1976).

Every insurance contract shall be construed according to the entirety of its

terms and conditions as set forth in the policy and as amplified, extended or

modified by any rider, endorsement, or application made a part of the policy.  *Kytle*

*v. Georgia Farm Bureau Mut. Ins. Co.*, 128 Ga. App. 109 (1973); *Capitol Indem.,*

*Inc. v. Brown*, 260 Ga. App. 863 (2003).  While ambiguous terms in an insurance

contract are construed in favor of the insured, this rule has no application when, as

here, the contract is unambiguous.  *America Motors Ins. Co., supra*.

An insurance company may fix the terms of its policies as it wishes,

provided they are not contrary to law, and it may insure against certain risks and

exclude others.  *Manning v. WSF&G Ins. Co.*, 264 Ga. App. 102 (2004).  Courts

will not strain to extend insurance coverage where none was contracted or

intended.  *Id.*  A party claiming coverage under an insurance policy has the burden

of proving that the claim is covered by the policy.  *Shivers Chix v. Georgia Farm Bureau Ins. Co.*, 150 Ga. App. 453, 454 (1979); *Continental Cas. Co. v. Synalloy Corp.,* 667 F. Supp. 1550 (S.D. Ga. 1985).  "Construction and interpretation of a contract are matters of law for the court."  *Geiger v. Georgia Farm Bureau Mut. Ins. Co.*, 305 Ga. App. 399 (2010).

## II.   <u>The United States District Courts sitting in the State of Georgia have routinely upheld weapons and firearms exclusions.</u>

The District Courts sitting in the State of Georgia have routinely upheld exclusions akin to the at-issue weapons exclusion contained within the subject policy.  In *Great Lakes Ins. SE v. Habif Properties, LLC*, insurer Great Lakes Insurance SE moved for judgment on the pleadings "… contending that the pleadings established, for several reasons, that it did not owe Habif Properties, LLC, Morris N. Habif, LLC, MH Northgate Holdings, LLC, and Planetary Properties, LLC (the "Habif Defendants") a duty to defend or indemnify them for claims arising out of a shooting incident that is the subject of a lawsuit pending in the State Court of Bibb County."  *Great Lakes Ins. SE v. Habif Properties, LLC*, Civil Action File No. 5:20-cv-343 (MTT), 2021 WL 2417156 (2021).  Among the grounds for Great Lakes Insurance SE's motion was that the "… Firearms/ Weapons exclusion [contained within its policy] bars coverage."  *Id.*  The at-issue Firearms/Weapons exclusion in Great Lakes reads as follows:

> This insurance does not apply to "bodily injury," "property damage," or "personal and advertising injury" arising out of the manufacture, importation, sales, distribution, ownership, maintenance, or use of firearms or "weapons" by any insured or any other person.

*Great Lakes*, *supra* at 5.  In upholding the Firearms/Weapons exclusion, the District Court noted that the deceased was "… shot with a deadly weapon …" and that "Head's injuries and death … arose out of the use of a firearm …"  *Id.*  As such, the *Great Lakes* Court concluded that "… the underlying claim clearly falls within the plain and unambiguous language of both the Assault or Battery and Firearms/Weapons exclusions," and that "[a]ccordingly, Great Lakes is under no obligation to defend or indemnify the Habif Defendants."  *Id.*

In *Hudson Specialty Ins. Co. v. Snappy Slappy LLC*, the United States District Court for the Middle District of Georgia upheld a similar exclusion. *Hudson Specialty Ins. Co. v. Snappy Slappy LLC*, Civil Action File No. 5:18-cv-00104-TES, 2019 WL 1938801 (2019).  In this matter, Hudson Specialty Insurance Company filed a motion for judgment on the pleadings contending that it was not obligated to defend or indemnify its insured under the Firearms Exclusion contained within its commercial general liability policy.  *Hudson*, *supra* at 1. While the *Hudson* Court initially denied Hudson's Motion on a "… clear error of law," upon reconsideration, the *Hudson* Court granted Hudson's Motion.  *Id.*  In doing so, the *Hudson* Court noted that as to the Firearms Exclusion, "… its plain

language bars coverage for "bodily injury" arising out of the use of firearms, generally." *Id.*, at 3. The *Hudson* Court further concluded that "… the language included in the Firearms Exclusion is not ambiguous," and that "[b]ecause the bodily injuries on Jus One More's premises clearly arise "out of the … use of firearms or weapons," the Firearms Exclusion applies to exclude coverage." *Id.*

In *Powe v. Chartis Specialty Ins. Co.*, the United States District Court for the Northern District of Georgia also upheld a similar exclusion. *Powe v. Chartis Specialty Ins. Co.*, Civil Action File No. 1:16-cv-1336-SCJ, 2017 WL 3525441 (2017). In *Powe*, Chartis sought summary judgment, contending there was no coverage for a shooting incident under its policy of insurance. *Id.* In determining this issue, the *Powe* Court noted that "[d]etermining whether the Policy's firearm's exclusion applies requires the Court to interpret that contractual provision," and "[t]hat analytical endeavor involves "a question of law, unless the contract language presents an ambiguity that cannot be resolved by the rules of construction." *Powe*, *supra* at 2, *citing Greenberg Farrow Architecture, Inc. v. JMLS 1422, LLC*, 339 Ga. App. 325, 329 (2016). The *Powe* Court further noted that under the exclusion, "… liability, however, must "aris[e] out of any firearm," and that "arising out of" in the context of insurance policy exclusions refers to the

"but for" causation used to determine tort liability." *Powe*, *supra* at 3, *citing Hays Ga. Farm Bureau Mut. Ins. Co.*, 314 Ga. App. 110, 114 (2012).

Based on the foregoing, the *Powe* Court concluded that "[t]he Policy excludes coverage for "any liability" that would have not occurred but for "any firearm," and that "[s]o long as a given firearm was the cause-in-fact of Chartis's liability, the exclusionary clause bars coverage." *Powe*, *supra* at 3.  Accordingly, the *Powe* Court concluded that "[a]t the end of the day, Powe cannot escape the firearm used to injure him," that "[i]t was a but for cause of his damages," and that this "… triggered the Policy's exclusion that bars Powe's recovery." *Powe*, *supra* at 5.  The *Powe* decision is well known to Plaintiff as Plaintiff's counsel represented Powe in this case. *See Powe*, *supra*.

Georgia's appellate courts have also upheld such exclusions.  In *Hernandez v. Great Am. Alliance Ins. Co.*, the Court of Appeals of Georgia reviewed the grant of summary judgment to an insurer on the basis of its firearm's exclusion. *Hernandez v. Great Am. Alliance Ins. Co.*, 365 Ga. App. 511, 879 S.E.2d 522 (2022).  In *Hernandez*, umbrella insurer, Great American Alliance Insurance Company, sought declaratory judgment to determine whether a firearm's exclusion in the primary insurer's policy precluded it from providing coverage to Star Residential, LLC and Terraces at Brookhaven, LLC for a shooting injury suffered

by Manual Hernandez. *Hernandez*, *supra* at 511. The trial court granted the insurer summary judgment based upon the primary insurer's firearms exclusion. *Id.* On appeal, the *Hernandez* Court invariably held that "… the trial court did not err by holding that GAAIC's umbrella coverage could not be expanded beyond the underlying coverage, and the trial court correctly granted summary judgment to GAAIC…." *Id.*, at 517.

III. <u>**The United Specialty Insurance Company policy does not provide coverage for either the subject incident or Donald Dixon's claim.**</u>

Applying this ample precedent to the present case, as was the case in *Great Lakes*, *Hudson*, *Powe* and *Hernandez*, there is no coverage for either the subject incident or Plaintiff's claim under the subject policy. As evidenced by averment 7 of Plaintiff's Complaint, as well as various averments in the underlying action that was attached to Plaintiff's Complaint as an exhibit, it is undisputed that the subject incident and Donald Dixon's claim arose out of a shooting incident in which Donald Dixon was shot with a bullet discharged from a firearm. D-1, pg. 2, ¶ 7, pg. 85, ¶¶ 8-9. It further undisputed that the Absolute Weapons Exclusion, **Form ER 10 20 04 16** of the subject policy states as follows:

**This endorsement modifies insurance provided under the following:**

**COMMERCIAL GENERAL LIABILITY COVERAGE PART**

### LIQUOR LIABILITY COVERAGE PART

This insurance does not apply to any claim, loss, "suit", "bodily injury", "property damage", "injury" or "personal injury and advertising injury," actually or allegedly arising directly or indirectly from, or resulting in whole or in part out of, or resulting in whole or in part from the use of, failure to use, or based upon or attributable to "weapons".

"Weapons" are: instruments of an offensive or defensive nature which include but are not limited to: firearms, knives, batons, stun guns, mace or pepper spray.

D-1, pg. 40.  Applying the definition of "weapons" contained within the exclusion, it is undisputed that the firearm which discharged the bullet that shot Donald Dixon met the definition of a "weapon" as defined within the exclusion.  D-1, pg. 2, ¶ 7, pg. 40, pg. 85, ¶¶ 8-9.  Accordingly, it is undisputed that the subject incident arises out of the use of a weapon as defined by the Absolute Weapons Exclusion and that the subject incident, Donald Dixon's claim, and the underlying action are all subject to the Absolute Weapons Exclusion contained within the subject policy.

Notably, as discussed above, the insuring agreements for both the commercial general liability coverage and the liquor liability coverage for the subject policy condition Defendant's obligations to either defend or indemnify upon there being coverage under the subject policy.  As the subject policy does not provide coverage, Defendant does not have either a duty to defend Girls

Galore, Inc. d/b/a Allure Gentlemen's Club or pay Donald Dixon's claim under the subject policy.  As coverage is precluded, the averments contained within Count 1 (Breach of Duty to Defend) and Count 2 (Breach of Duty to Pay) of Plaintiff's Complaint do not amount to "… sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, *supra*, *citing Twombly*, *supra* at 555; *see also* D-1.  Therefore, judgment on the pleadings is appropriate as to these claims as a matter of law.

  For the same reasons, as coverage is precluded under the terms of the policy, Plaintiff cannot collect on the at-issue judgment from Defendant.  In Georgia, "[a] party suing an insurer to collect on a judgment entered against its insured must first establish his right to recover pursuant to an insurance contract between the insurer and the insured," and "[t]he rights of a third person to sue on a contract made for his benefit depend on the terms of the agreement and are no greater than those granted by the contract as intended by the parties thereto."  *Vaughan v. ACCC Ins. Co.*, 314 Ga. App. 741, 725 S.E.2d 855 (2012), *citing Deal v. Chemical Constr. Co.*, 99 Ga. App. 413, 417, 108 S.E.2d 746 (1959).  As outlined above, the Absolute Weapons Exclusion precludes coverage for the subject incident and Donald Dixon's claim.  Accordingly, Plaintiff has not pled any facts within Count 4 (Judgment Creditors' Direct Action Against Judgment Debtor's Insurance

Company) that would suggest otherwise, and judgment on the pleadings as to this claim is also appropriate as a matter of law.

### IV.   **Defendant United Specialty Insurance Company did not engage in either negligent or bad faith failure to settle.**

Turning to Plaintiff's claim for negligent or bad-faith failure to settle, it goes without saying that an insurer is not either negligent or in bad faith in refusing to settle a claim that is not covered under its policy.  In Georgia, "[p]enalties for bad faith are not authorized where the insurance company has any reasonably ground to contest the claim …." *Federal Ins. Co. v. National Distrib. Co., Inc.*, 203 Ga. App. 763, 417 S.E.2d 671 (1992), *citing Central Nat'l Ins. Co. of Omaha v. Dixon*, 188 Ga. App. 680, 683(5), 373 S.E.2d 849 (1988).

In the present case, Defendant was more than reasonable in refusing to resolve a claim that was not covered under its policy.  As outlined above, the subject incident and Donald Dixon's claim were not covered under the subject policy pursuant to the Absolute Weapons Exclusion.  Accordingly, the averments contained within Count 3 (Negligent or Bad-Faith Failure to Settle) of Plaintiff's Complaint do not amount to anything beyond mere speculation and threadbare recitals, and judgment on the pleadings is appropriate as a matter of law.

**V.**   **Plaintiff is not entitled to attorney's fees or litigation expenses pursuant to O.C.G.A. § 13-6-11 or otherwise.**

Turning lastly to Plaintiff's claim for attorney's fees and litigation expenses pursuant to O.C.G.A. § 13-6-11, as outlined above, there was no coverage for the subject incident or Donald Dixon's claim under the subject policy.  As such, Defendant did not act in bad faith in denying the claim, was not stubbornly litigious, and did not cause Plaintiff unnecessary time or expense.  If anything, Plaintiff has acted in bad faith, has been stubbornly litigious, and has caused Defendant unnecessary time or expense by filing a lawsuit against Defendant knowing there is no coverage for the subject incident or Donald Dixon's claim under Defendant's policy.[2]  Plaintiff's one-averment Count 5 in which this claim is raised certainly does not amount to sufficient factual allegations enough to raise a right to relief above mere speculation.  *Iqbal*, *supra*, *citing Twombly*, *supra* at 555; *see also* D-1.  As such, judgment on the pleadings as to this claim is appropriate as a matter of law.

---

[2] Plaintiff's counsel previously asserted the same claims and arguments in *Powe v. Chartis Specialty Ins. Co.*, Civil Action File No. 1:16-cv-1336-SCJ, 2017 WL 352441 (2017).  In *Powe*, the United States District Court for the Northern District of Georgia upheld the insurer's firearm's exclusion and granted summary judgment to the insurer.

## CONCLUSION

In conclusion, but-for the discharge of a weapon, Donald Dixon's claim does not exist, and such claim is excluded under the Absolute Weapons exclusion contained within the subject policy. Therefore, Defendant did not have any obligation to either defend Plaintiff's Assignor, Girls Galore, Inc. d/b/a Allure Gentlemen's Club, or pay Donald Dixon's claim, or to pay Plaintiff for the at-issue judgment. Similarly, Defendant was not negligent or acting in bad faith in refusing to pay Donald Dixon's claim, and judgment on the pleadings is appropriate as a matter of law.

Respectfully submitted this 7th day of February, 2023.

**CRUSER, MITCHELL, NOVITZ, SANCHEZ, GASTON & ZIMET, LLP**


/s/ Jason G. Wyrick
**JASON G. WYRICK**
Georgia Bar No. 143112
**TED S. HUGGINS**
Georgia Bar No. 964381
**J. ROBB CRUSER**
Georgia Bar No. 199480
*Attorneys for Defendant*

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA  30092
(404) 881-2622
(404) 881-2630 – Facsimile
jwyrick@cmlawfirm.com
thuggins@cmlawfirm.com
rcruser@cmlawfirm.com

## <u>CERTIFICATE OF COMPLIANCE</u>

Undersigned counsel certify the foregoing document has been prepared with one of the font and point selections (Times New Roman, 14 point) approved by the Court in Local Rule 5.1(C).

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that the undersigned has this day electronically filed

the within and foregoing **MEMORANDUM OF LAW IN SUPPORT OF**

**DEFENDANT UNITED SPECIALTY INSURANCE COMPANY'S MOTION**

**FOR JUDGMENT ON THE PLEADINGS** with the Clerk of Court using the

CM/ECF system which will automatically send e-mail notification of such filing to

the following attorneys of record:

James (Jay) Sadd, Esq.
Richard E. Dolder, Jr., Esq.
Slappey & Sadd
352 Sandy Springs Circle
Atlanta, GA  30328
jay@lawyersatlanta.com
rich@lawyersatlanta.com
*Counsel for Plaintiff*

This 7th day of February, 2023.

**CRUSER, MITCHELL, NOVITZ, SANCHEZ, GASTON & ZIMET, LLP**

/s/ Jason G. Wyrick
**JASON G. WYRICK**
Georgia Bar No. 143112
**TED S. HUGGINS**
Georgia Bar No. 964381
**J. ROBB CRUSER**
Georgia Bar No. 199480
*Attorneys for Defendant*

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA  30092
(404) 881-2622
(404) 881-2630 – Facsimile
jwyrick@cmlawfirm.com

thuggins@cmlawfirm.com
rcruser@cmlawfirm.com