IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LORNA BROWN,<br><br>    Plaintiff,<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES LLC,<br><br>    Defendant. | :<br>:<br>:<br>:<br>: Civil Action No.<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## **COMPLAINT FOR DAMAGES**

### INTRODUCTION

1. This is an action for damages brought by an individual consumer against the Equifax Information Services LLC for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (the "FCRA" or the "Act").

### SUBJECT MATTER JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681p, and 28 U.S.C. §1331,1337.

3. Venue lies properly in this district pursuant to 28 U.S.C. §1391(b).

### PARTIES AND PERSONAL JURISDICTION

4. Plaintiff Lorna Brown is an adult individual who resides at 8625 S.

Sacramento Ave., Chicago, IL 60652.

5. Defendant Equifax Information Services LLC ("EQ") is a business entity that regularly conducts business in the Northern District of Georgia, Atlanta Division, with a principal place of business located at: 1550 Peachtree St NW, Atlanta, GA, 30309.

## FACTS COMMON TO ALL COUNTS

6. Defendant has repeatedly reported derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties.

7. The inaccurate information relates to another individual ("Ms. G")[1] with similar personal identifying information as Plaintiff. Because of that similarity, EQ has merged the credit files of both Ms. G. and Plaintiff.

8. Inaccurately reported as a part of Plaintiff's credit reports include but are not limited to: Ms. G's name, addresses, and various financial accounts. The inaccurate accounts (also known as "trade lines") included within Plaintiff's credit reports include: American Express, Capital One, Chase Home Lending, Credit First, Greensky Credit, JP Morgan Chase, Capital One (branded through Kohls), Macys/DSNB, New American Funding ("New American"), Shell/CBNA, SYNCB/Lenscrafters, Trust Bank/GS Loan,

---

[1] The complete name of the individual whose information is believed to be wrongfully included within Plaintiff's credit report has been omitted for privacy reasons.

Vystar Credit Union, Citizens First Bank, Comenity Bank/Caesars, JMPC auto finance, National Tire & Battery, and SYNCB/Phillips.

9. These inaccurate accounts mixed into Plaintiff's credit report have caused Plaintiff significant harm, including loss of credit opportunities. For instance, the New American account is a home loan mortgage. Plaintiff was informed by Untied Fidelity Bank that she would not be provided a home equity loan because of the allegedly existing mortgage with New American. The funds from the home equity loan were to be used to pay for necessary living expenses.

10. Initially, Plaintiff had thought the New American mortgage was a result of identity theft. Accordingly, Plaintiff submitted disputes noting that the New American trade line was fraudulent and did not belong to her. Plaintiff never received any disputes results in response to her disputes from EQ.

11. Plaintiff also had a security freeze placed on her EQ file preventing access to her credit report believing that her identity had been compromised.

12. Plaintiff then learned through an investigation by a detective at the Chicago Police Department that the New American account information was included within Plaintiff's credit reports because Ms. G had a social security number that was similar to Plaintiff's. Thus, EQ inaccurately matched the New American account to the credit file of Plaintiff even though it belonged to a

different individual.

13. Likewise, upon information and belief, other inaccurate accounts (some of which are noted above) were included within Plaintiff's credit report because Ms. G has similar personal identifying information as Plaintiff.

14. Additionally, because of EQ's mixing of credit information between Plaintiff and Ms. G (and potentially other individuals), EQ released Plaintiff's credit information and furnished her credit report to people that had no permissible purpose to obtain her credit report in violation of Section 1681b.  Indeed, credit inquiries that were intended to obtain the credit report of Ms. G (and potentially other individuals) resulted in the release of Plaintiff's credit information, and reduction of Plaintiff's credit score.

14. Plaintiff disputed the inaccurate information being reported on numerous occasions and never received any investigative results from EQ.

15. Further, Plaintiff proceeded to requested that EQ unfreeze her credit profile as well, but EQ failed to do so or respond in any meaningful way to Plaintiff's requests.  Further, preventing Plaintiff from obtaining credit.

15. The inaccurate information has repeatedly appeared on Plaintiff's consumer report provided by EQ.  Plaintiff disputed the inaccurate information with the Defendant, and Defendant has refused to accurately report Plaintiff's information.

16. Defendant continues to report the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that it has disseminated to various persons and credit grantors, both known and unknown.

17. Defendant either did not engage in any investigation when it was informed of the inaccurate reporting, or (alternatively) did not engage in a reasonable investigation, as such an investigation would have revealed that the inaccurate information was false and misleading.

18. Defendant also failed to institute or adhere to policies and procedures that could have prevented the reporting of the inaccurate information.

19. Defendant knew or should have known that its actions violated the FCRA. Additionally, Defendant could have taken the steps necessary to bring its agents' actions within compliance of the statutes but neglected to do so and failed to adequately review those actions to ensure compliance with said laws.

20. Plaintiff's credit report and file have been obtained from EQ and have been reviewed by prospective and existing credit grantors and extenders of credit, and the inaccurate information (as well as EQ's refusal to unfreeze Plaintiff's credit report) has been a substantial factor in precluding Plaintiff from receiving credit offers and opportunities, known and unknown.

Plaintiff's credit reports have been obtained from EQ and by such third parties. Plaintiff has also suffered increased interest rates, reduced opportunities for financing, and increased insurance premiums as a substantial result of Defendant's reporting of the inaccurate information. Further, Plaintiff is unable to obtain a new mortgage to purchase a new home because of the Defendant's actions (or inactions).

21. Because of Defendant's conduct, Plaintiff has suffered actual damages in the form of credit denial or loss of credit opportunity, credit score reduction, informational harm, privacy harm, credit defamation and emotional distress, including, but not limited to, anxiety, frustration, embarrassment, and humiliation.

22. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

23. At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of Plaintiff.

## CAUSES OF ACTION

## COUNT ONE: FAIR CREDIT REPORTING ACT VIOLATIONS
## PLAINTIFF V. EQ

24. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

25. At all times pertinent hereto, EQ is a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

26. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

27. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

28. The Defendant has violated numerous provisions of the FCRA relating to its wrongdoing, including but not limited to Sections 1681e(b), 1681i(a) and 1681b of the FCRA. Defendant is liable to Plaintiff for its willful and negligent violations of the FCRA pursuant to Section 1681n and 1681o of the Act.

29. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the actual damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendant is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further

relief, as may be permitted by law.

## JURY TRIAL DEMAND

35. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant, based on the following requested relief:

a. Actual damages;

b. Statutory damages;

c. Punitive damages;

d. Costs and reasonable attorneys' fees; and

e. Such other relief as may be necessary, just and proper.

**THE KIM LAW FIRM, LLC**

by: /s/ Richard H. Kim
Richard Kim (*Pro Hac Vice To Be Filed*)
Attorney I.D. No.: 2202618
rkim@thekimlawfirmllc.com
1635 Market St., Suite 1600
Philadelphia, PA 19103
855/996-6342
855/235-5855 fax


**CLIFF CARLSON LAW, P.C.**

by: /s/ Clifford Carlson
Clifford Carlson, Esquire
Georgia Bar No. 227503

                                                  Cliff Carlson Law, P.C.
                                                  1114-C1 Highway 96 #347
                                                  Kathleen, Georgia 31047
                                                  730 Peachtree St NE #570
                                                  Atlanta, Georgia 30308
                                                  Tel. 478-254-1018
                                                  cc@cliffcarlsonlaw.com

                                                  *Attorneys for Plaintiff Lorna Brown*

Date: February 7, 2023

## CERTIFICATE OF COMPLIANCE

Pursuant to Local R. 7.1(D), this is to certify that the foregoing complies with the font and point setting approved by the Court in Local R. 5.1(B). The foregoing **Plaintiff's Complaint** was prepared on a computer, using Times New Roman 14-point font.

    Submitted February 7, 2023.

    by: */s/ Clifford Carlson*
Clifford Carlson, Esquire
Georgia Bar No. 227503
Cliff Carlson Law, P.C.
1114-C1 Highway 96 #347
Kathleen, Georgia 31047
730 Peachtree St NE #570
Atlanta, Georgia 30308
Tel. 478-254-1018
cc@cliffcarlsonlaw.com