UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ANH PHAM TRAM VU, D-H-N-, and T-V-N-,<br><br>    Plaintiffs,<br><br>v.<br><br>UR MENDOZA JADDOU, Director of U.S. Citizenship and Immigration Services,<br><br>    Defendant | Civil No:<br><br>COMPLAINT TO COMPEL AGENCY ACTION UNDER 28 U.S.C. § 1361 AND 5 U.S.C. §§ 555(b), 706(1), AND FOR A WRIT OF MANDAMUS TO COMPEL DEFENDANTS' ADJUDICATION OF FORM I-485 ADJUSTMENT OF STATUS APPLICATIONS<br><br>Agency No.  A219 801 944;<br>               A219 801 942; and<br>               A219 801 943. |

**COMPLAINT FOR WRIT OF MANDAMUS**

Plaintiffs, Anh Pham Tram Vu, and her children, D-H-N- and T-V-N-, through undersigned counsel, allege as follows:

### I.    INTRODUCTION

1. This is a civil action brought pursuant to 28 U.S.C. § 1361, 8 U.S.C. § 1329, and 28 U.S.C. § 1331, to redress the deprivation of rights, privileges and

immunities secured to Plaintiffs to compel Defendant to perform a duty Defendant owed to Plaintiffs.

2. This action is brought to compel Defendant and those acting under her to take action on the Plaintiffs' Form I-485, Applications for Permanent Residence ("Applications"). Plaintiffs request that this Court issue injunctive relief and a writ in the nature of mandamus compelling Defendant to make a determination to grant or deny adjustment of status under 8 U.S.C. § 1255.

## II.   JURISDICTION

3. This Court has general federal question jurisdiction over this action under 5 U.S.C. §§ 555(b) and 706(a), 28 U.S.C. § 1361, and 28 U.S.C. § 1331(a). Jurisdiction is also conferred by 5 U.S.C. § 704.

4. This Court also has jurisdiction to grant declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202 and F.R.C.P. 57 and 65.

## III.   VENUE

5. Venue in the Northern District of Georgia is proper pursuant to 28 U.S.C. §1391(e). Defendant is an Officer of the United States acting in her official capacity, and the U.S. Attorney General's Office, the Department of Homeland Security ("DHS"), and U.S. Citizenship and Immigration

Services ("USCIS") are agencies of the United States. Additionally, Plaintiffs reside in this district.

## IV.   EXHAUSTION

6. There are no administrative remedies available for Plaintiffs to exhaust.

## V.   PARTIES

7. Plaintiffs, Anh Pham Tram Vu, (Alien Registration Number A219 801 944), and her children, D-H-N-, (Alien Registration Number A219 801 942), and T-V-N-, (Alien Registration Number A219 801 943) are residents of Duluth, Georgia and are Applicants for Adjustment of Status.

8. Defendant Ur Mendoza Jaddou, is the Director of USCIS, a fee-for-service agency that is responsible for the administration and enforcement of the immigration laws of the United States. This action is brought against her in her official capacity.

## VI.   FACTUAL ALLEGATIONS

9. Principal Plaintiff Anh Pham Tram Vu, who is a native and citizen of Vietnam, entered the United States on July 17, 2020 as a B-2 visitor and has resided continuously in the United States since then.  *See* Exhibit A.

10. Principal Plaintiff Anh Pham Tram Vu filed an application for adjustment of status on December 21, 2020. *See* Exhibit B. At the same time, her children submitted their applications for adjustment of status. *See* Exhibit C.

11. On October 21, 2020, Wayne Farms, LLC submitted a visa petition for Principal Plaintiff Anh Pham Tram Vu in the B3 Other Worker category. This visa petition was approved, carrying a priority date of July 16, 2019. *See* Exhibit D.

12. Visa numbers were available at the time the Plaintiffs filed their adjustment applications. USCIS accepted Principal Plaintiff's application and approved her work authorization document. Principal Plaintiff has been working at Wayne Farms, LLC for the past year. Attached please find her work authorization. *See* Exhibit E.

13. Plaintiffs have at all times met and continue to meet the requirements necessary to adjust status in the United States.

14. Plaintiffs' Applications have now been pending with Defendant for 26 months, and Defendant has taken no action on the Applications.

15. Historically, over the last six years, USCIS has adjudicated cases like Plaintiffs' on average within 7-10 months. *See* Exhibit F.  Plaintiffs' adjustment Applications have now been pending over 26 months.

16. Defendant now claims that it is taking 22 months to process 80 percent of the Applications in this category. *See* Exhibit G. It is difficult to conceive how this is so when just last year, Defendants reported that such applications were processed in an average of 10.8 months. *See* Exhibit F. This delay is entirely unreasonable, as are the unexplained increases in processing times. Plaintiffs should not be required to wait further when the announced unreasonable processing times may simply grow longer and longer.

17. Plaintiffs fall into the preference category EB-3 from Vietnam. Accordingly, visa numbers are available for Plaintiffs' adjustment applications. The February Visa Bulletin shows the EB-3 category for other workers with a priority date of January 1, 2020. *See* Exhibit H. The Principal Plaintiff's priority date is July 16, 2019 and thus visa numbers are immediately available.

18. Despite Plaintiffs' diligent efforts to resolve the delay in adjudication, the Defendant has failed to fulfill its mandatory duty to adjudicate the pending application within a reasonable time as required by the APA.

19. As a result of Defendant's failure to act, Plaintiffs have suffered and will continue to suffer severe, concrete, and particularized injury.

## FIRST CLAIM FOR RELIEF
## 28 U.S.C. § 1361 - Writ of Mandamus to compel officers and agencies of the United States to perform a duty owed to Plaintiffs

20. The allegations in the preceding paragraphs are repeated and incorporated as though fully set forth herein.

21. Plaintiffs are eligible for immediate adjudication of their pending I-485 Applications.

22. Plaintiffs are admissible to the United States as lawful permanent residents.

23. Plaintiffs have suffered and will continue to suffer significant and irreparable harm because of the Defendant's policies, procedures, acts and failure to act as described herein.

24. Defendant has violated Plaintiffs' statutory rights to apply for benefits that Congress has provided under the Immigration and Nationality Act ("INA"), depriving Plaintiffs the opportunity to pursue adjustment of status to lawful

permanent residence and live lawfully in the United States under 8 U.S.C. § 1255.

25. District courts have mandamus jurisdiction to "compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361.

26. Both the INA and its implementing regulations provide numerous examples of mandatory duties owed by USCIS in the adjustment of status process. 8 U.S.C. § 1103 provides that "[t]he Secretary of Homeland Security shall be charged with the administration and enforcement of this Act and all other laws relating to the immigration and naturalization of aliens[.]" (Emphasis added). The Code of Federal Regulations provides that "[e]ach applicant for adjustment of status . . . shall be interviewed by an immigration officer." 8 C.F.R. § 245.6 (emphasis added). The regulations further provide that "the applicant shall be notified of the decision of the director and, if the application is denied, the reasons for the denial." 8 C.F.R. § 245.2(a)(5)(i) (emphasis added).

27. The language of the statute and the above cited regulations is mandatory, not discretionary, and the Defendant has a clear duty to adjudicate the application for adjustment of status pending before them.

28. It is the sense of Congress that the processing of an immigration benefit application should be completed not later than 180 days after the initial filing of the application. *See* 8 U.S.C. § 1571 and (Pub. L. 106-313, title II, §202, Oct. 17, 2000, 114 Stat. 1262).

29. Mandamus action is appropriate because the Defendant has failed to act within a reasonable period of time.

30. Defendant has a clear, non-discretionary, and mandatory duty to adjudicate Plaintiffs' I-485 Applications. There is no legal bar to doing so. Accordingly, Plaintiffs have a clear and indisputable right to have their Applications adjudicated. No alternative remedy exists to compel action by Defendant.

## SECOND CLAIM FOR RELIEF
## Administrative Procedure Act, 5 U.S.C. § 555(b), § 706(1) et seq.

31. Plaintiff re-alleges each of the allegations contained herein.

32. Plaintiffs have suffered a legal wrong or have been "adversely affected or aggrieved" by agency action. 5 U.S.C. § 702. Plaintiffs are persons

aggrieved by agency action, for which there is no other adequate remedy in a court. 5 U.S.C. § 704.

33. Pursuant to the APA, 5 U.S.C. § 555(b), Defendant has a nondiscretionary duty to act "within a reasonable time" upon a matter presented to it.

34. Pursuant to the APA, 5 U.S.C. § 706(1), a court may compel agency action unlawfully withheld or unreasonably delayed.

35. Plaintiffs are eligible for and have fulfilled all statutory requirements for adjustment of status. They have submitted all necessary information and evidence supporting their applications and paid all applicable fees.

36. Defendant's delay in acting on Plaintiffs' Applications is unreasonable and constitutes agency action wrongfully withheld or unreasonably delayed because the applications have been pending for over 26 months and counting without a final decision. Plaintiffs face irreparable harm if the failure to act persists, a fact which is well known to Defendant.

37. Despite Plaintiffs' diligent efforts to resolve the delay in adjudication, the Defendant has failed to fulfill her mandatory duty to adjudicate the pending Applications within a reasonable time as required by the APA.

38. Plaintiffs have no other adequate remedy at law.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request the Court:

1. Assume Jurisdiction over this action;

2. Issue a Writ of Mandamus compelling Defendant to immediately adjudicate the pending Applications and, if approved, to deliver all Plaintiffs' I-551 permanent residence cards to them at their address of record;

3. Award Plaintiffs reasonable costs and attorney's fees under the Equal Access to Justice Act; and

4. Award such further relief as the Court deems just or appropriate.

RESPECTFULLY SUBMITTED this 8th day of February, 2023

_____/s/_____
Zainab A. Alwan, Esq.
Georgia Bar #385074
Attorney for the Plaintiff
Socheat Chea, P.C.
3500 Duluth Park Lane, Bldg. 300
Duluth, Georgia 30096
(770) 623-8880
(770) 623-8852 (fax)
zainab@socheatchea.com

## CERTIFICATE OF SERVICE

This is to certify I electronically filed the foregoing **COMPLAINT FOR WRIT OF MANDAMUS** and its accompanying Exhibits with the Clerk of Court using the CM/ECF system. This system will automatically send email notification of such filing to all below Defendants who are registered with this system. In addition, in compliance with local rules, this initial Complaint and the accompanying Exhibits and summons have also been served by First Class Certified Mail, postage pre-paid, on:

| | |
|---|---|
| Ur Mendoza Jaddou, Director USCIS c/o Office of the Chief Counsel 5900 Capital Gateway Drive Mail Stop 2120 Camp Springs, MD 20588-0009 | Ryan K. Buchanan, U.S. Attorney, Northern District of Georgia 75 Ted Turner Drive SW Suite 600 Atlanta, Georgia 30303 |

Certified this the 8th day of February, 2023.


_____/s/_____
Zainab A. Alwan, Esq.
Georgia Bar #385074
Attorney for the Plaintiff
Socheat Chea, P.C.
3500 Duluth Park Lane, Bldg. 300
Duluth, Georgia 30096
(770) 623-8880
(770) 623-8852 (fax)
zainab@socheatchea.com

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ANH PHAM TRAM VU, D-H-N-, and T-V-N-,<br><br>            Plaintiffs,<br><br>v.<br><br>UR MENDOZA JADDOU, Director of U.S. Citizenship and Immigration Services,<br><br>            Defendant | Civil No:<br><br>COMPLAINT TO COMPEL AGENCY ACTION UNDER 28 U.S.C. § 1361 AND 5 U.S.C. §§ 555(b), 706(1), AND FOR A WRIT OF MANDAMUS TO COMPEL DEFENDANTS' ADJUDICATION OF FORM I-485 ADJUSTMENT OF STATUS APPLICATIONS<br><br>Agency No.  A219 801 944;<br>                    A219 801 942; and<br>                    A219 801 943. |

## **LIST OF EXHIBITS**

| | |
|---|---|
| Exhibit A | Principal Plaintiff's passport biographical page, visa, and admission stamp; |
| Exhibit B | Receipt for Form I-485, Application for Adjustment of Status for Principal Plaintiff; |
| Exhibit C | Receipt for Form I-485, Application for Adjustment of Status for derivative Plaintiffs; |
| Exhibit D | Receipt Notice for Form I-140 Immigrant Petition for Immigrant Worker; |
| Exhibit E | Employment Authorization for Principal Plaintiff; |

| | |
|---|---|
| Exhibit F | USCIS Historic Case Processing Time report; |
| Exhibit G | USCIS.gov Case Processing times; and |
| Exhibit H | February 2023 Visa Bulletin. |