IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| KATHY TEAGUE, | ) | |
| | ) | |
| Plaintiffs, | ) | CIVIL ACTION FILE NO.: |
| | ) | |
| v. | ) | _____ |
| | ) | |
| ALDRIDGE PITE HAAN, LLP, | ) | |
| | ) | |
| Defendant. | ) | JURY TRIAL DEMANDED |
| | ) | |

## **COMPLAINT FOR DAMAGES**

COMES NOW, Plaintiff Kathy Teague, and brings this action against Aldridge Pite Haan, LLP ("APH") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq*. ("FDCPA"); and Georgia's Fair Business Practices Act ("FBPA"), OCGA §§ 10-1-391 *et seq*.

## **INTRODUCTION**

1.

Plaintiff Kathy Teague was married to Timothy Teague, Jr. and the couple divorced in 2014.

2.

Upon information and belief, Timothy Teague, Jr. had a vehicle repossessed and was the subject of a deficiency action in the Magistrate Court of Newton County

entitled <u>American Financial Services, Inc. d/b/a GM Financial Services v. Timothy Teague, Jr.,</u> Civil Action Number 1608536 (hereinafter "Newton County Action").

3.

Timothy Teague, Jr. entered into a Consent Judgment in the Newton County Action wherein Timothy Teague, Jr. agreed to pay $12,365.22 in $150.00 monthly installments to satisfy the consent judgment.

4.

Upon information and belief, Timothy Teague, Jr. failed to pay any funds toward satisfying the consent judgment.

5.

Despite not being a party to the Newton County Action nor being a party to the Consent Judgment, Defendant APH initiated a garnishment action against Plaintiff Kathy Teague in the State Court of Cobb County, Civil Action Number 22-G-343, on or about February 10, 2023.

6.

APH attorney Gregson T. Haan executed an Affidavit of Continuing Garnishment stating that upon Affiant's personal knowledge and belief that that amount of the Newton County Action remained unpaid by Plaintiff Kathy Teague.

7.

APH attorney and affiant of the Affidavit of Continuing Garnishment, Gregson T. Haan, knew or should have known that Plaintiff Kathy Teague was never a defendant in the Newton County Action nor a debtor on the underlying debt.

8.

APH's unwarranted and unlawful actions caused financial harm and great emotional distress to Plaintiff.

## JURISDICTION AND VENUE

9.

This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and 15 U.S.C. § 1692k(d).

10.

Venue is appropriate in the Northern District of Georgia because Defendant APH's registered agent is located within the district, and Defendant APH transacts business here.

## PARTIES

### Plaintiff Kathy Teague

11.

Plaintiff Kathy Teague is a natural person who resides in Covington, Newton County, Georgia.

12.

Plaintiff Kathy Teague is a "consumer" as that term is defined by the FDCPA.

### Defendant Aldridge Pite Haan, LLP

13.

Defendant Aldridge Pite Haan, LLP ("APH") is a Georgia limited liability partnership with principal place of business at 6 Piedmont Center, 3525 Piedmont Road Suite 750, Atlanta, GA 30305.

14.

Summons and Complaint may be served on Defendant APH by service on its partner Gregson T. Haan at 6 Piedmont Center, 3525 Piedmont Road Suite 750, Atlanta, GA 30305.

15.

Defendant APH is in the business of regularly collecting or attempting to collect debts from consumers for its clients.

16.

Defendant APH used the mails and telephone system in connection with the prosecution of Plaintiff's alleged debt.

17.

Defendant APH is a "debt collector" as that term is defined by the FDCPA.

## RELEVANT FEDERAL AND STATE STATUTES

### Fair Debt Collection Practices Act

18.

The FDCPA was passed to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses. 15 U.S.C. § 1692.

19.

Under the FDCPA, a "consumer" is a natural person obligated or allegedly obligated to pay any debt. 15 U.S.C. § 1692a(3).

20.

Under the FDCPA, "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property,

insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes. 15 U.S.C. § 1692a(5).

21.

Under the FDCPA, a "debt collector" is any person who uses any instrumentality of interstate commerce or the mails in any business, the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. 15 U.S.C. § 1692a(6).

22.

Any debt collector who fails to comply with the provisions of the FDCPA is liable for any actual damages sustained, statutory damages up to $1,000, and attorney's fees as determined by the Court and costs of the action. 15 U.S.C. § 1692k.

**Georgia's Fair Business Practices Act**

23.

The purpose of the FBPA is "to protect consumers and legitimate business enterprises from unfair or deceptive practices in the conduct of any trade or commerce in part or wholly in the state." OCGA § 10-1-391(a).

24.

A violation of the FDCPA also constitutes a violation of the FBPA. *1st Nationwide Collection Agency, Inc. v. Werner,* 288 Ga.App. 457 (2007); *Gilmore v. Account Management, Inc.*, 357 Fed.Appx. 218 (11th Cir. 2009).

## FACTUAL ALLEGATIONS

25.

Plaintiff's ex-husband, Timothy Teague, Jr., (and not Plaintiff Kathy Teague) defaulted on a Consent Judgment from the Newton County Action.

26.

A true and correct copy of the Consent Judgment is attached hereto as Exhibit "A."

### The Fi.Fa.

27.

On or about July 11, 2017, the Clerk of the Newton County Superior Court filed and recorded the Fi.Fa. requested by Defendant APH for its client.

28.

A true and correct copy of the Fi.Fa. is attached hereto as Exhibit "B."

29.

The Fi.Fa. stated that Timothy Teague (not Plaintiff) owed $11,027.48 in

principal, "Legal Rate" in interest, $1,127,74 in attorney's fees, $151.00 in court costs, $9.00 for the FiFa issue, and that interest would accrue on the principal amount at the statutory rate as set forth in OCGA § 7-4-12.

## The Garnishment

30.

On or about February 10, 2022, Defendant APH filed a garnishment action against Plaintiff Kathy Teague in the State Court of Cobb County, Georgia, in Case No. 22-G-343 (the "Garnishment Action").

31.

A true and correct copy of the Summons of Garnishment is attached hereto as Exhibit "C".[1]

32.

In the Garnishment Action, Defendant APH filed an affidavit of continuing garnishment against Plaintiff on or about February 10, 2022 (the "Affidavit of Continuing Garnishment").

33.

A true and correct copy of the Affidavit of Continuing Garnishment is

---

[1] The Summons of Garnishment incorrectly states that the Court of Judgment is "Cobb County of State Court" [sic] and that the Judgment Case No. is "1608536." As stated *supra*, the Court of Judgment is Newton County Magistrate Court, Civil Action Number 1608536.

attached hereto as Exhibit "D."

34.

Attorney Gregory T. Haan, a partner in APH, acting on behalf of its client, executed the Affidavit of Continuing Garnishment on February 4, 2022, and swore to the truth of the following:

> 2. The Plaintiff obtained a judgment against Defendant in Case Number 1608536 in the MAGISTRATE Court of NEWTON County, Georgia, . . .
>
> 3. $12,365.22 is the balance due, which consists of the sum of 11,027.48 principal, $0.00 post judgment interest, and $1,337.75 other (e.g. prejudgment interest, attorney's fees, costs [exclusive of costs of this action]).
>
> 4. Upon the Affiant's personal knowledge or belief, the sum stated herein is unpaid.

35.

The Affidavit of Continuing Garnishment was false.

36.

At the time that Defendant APH filed the Garnishment Action, Defendant APH knew or should have known that Plaintiff Kathy Teague was never a defendant in the Newton County Action nor was she indebted to APH's client.

37.

At the time that Mr. Haan swore to the truth of the facts contained in the

Affidavit of Continuing Garnishment and executed it, Plaintiff Kathy Teague was not indebted to APH's client in any amount.

38.

On or about February 18, 2022, Plaintiff received in the mail a copy of the Garnishment Action.

39.

Plaintiff Kathy Teague was shocked, angry and very upset when she learned of the Garnishment Action.

40.

Plaintiff was afraid that she would not be able to pay her and her children's living expenses if Plaintiff's wages were garnished.

41.

On or about February 19, 2022, Plaintiff's employer, Piedmont Healthcare, garnished $359.23 from Plaintiff's pay.

42.

Plaintiff's pay was garnished twice more for $358.69 and $362.09.

43.

Plaintiff eventually received a refund of the initial $359.23 amount, but has never been returned the additional 2 garnished amounts of $358.69 and $362.09.

44.

In order to stop the garnishment of her wages, Plaintiff was forced to hire a bankruptcy attorney to file a Chapter 7 Bankruptcy action that cost her $1,500.00.

45.

Prior to the wrongful garnishment, Plaintiff had been rebuilding her credit following her divorce and was able to save about $50.00 every two weeks after all her bills were paid.

46.

Plaintiff had opened four credit cards to rebuild her credit and had paid all four of them off.

47.

Plaintiff was able to rebuild her credit score to a 700, and intended to buy a home for herself and her children, but the wrongful garnishment and the financial hardship that it caused dropped her credit score down to 590, making buying a home out of reach.

48.

Plaintiff Kathy Teague is employed by Piedmont Healthcare as a certified processional coder which requires that she re-certify every two years.

49.

Due to this wrongful garnishment by Defendant APH, Plaintiff was unable to pay $390.00 for her recertification and it was therefore revoked.

50.

It will take one year for Plaintiff to prepare for the certification examination and cost Plaintiff $1,000.00 to re-take the certification examination.

51.

Due to losing her certification, Plaintiff missed the opportunity to make $12.00 to $15.00 more per hour with Piedmont Healthcare.

52.

Plaintiff has had to borrow money from four separate family members just to buy groceries and gasoline.

53.

The wrongful garnishment caused Plaintiff to fall behind on paying her rent as well.

54.

Defendant APH's collection activities against Plaintiff caused Plaintiff devastating financial damages and emotional distress.

55.

Plaintiff's financial damages included the expense of hiring an attorney to file bankruptcy, the loss of the use of wages due the deductions made to her pay-slips, and the impact that the Garnishment Action had on Plaintiff's employment.

56.

Plaintiff's emotional distress included but was not limited to fear, frustration, sleeplessness, worry, anger, embarrassment and anxiety, feelings of loss, hopelessness and depression.

**COUNT I**

**VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT**

57.

Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if fully restated herein.

58.

15 U.S.C. § 1692d prohibits a debt collector from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection the collection of a debt.

59.

Defendant APH violated 15 U.S.C. § 1692d when it filed the Garnishment Action because Plaintiff was not indebted to anyone regarding the repossession deficiency or consent judgment executed by Plaintiff's ex-husband.

60.

15 U.S.C. § 1692e prohibits the use of any false, deceptive, or misleading representations or means in connection with the collection of any debt.

61.

Defendant APH violated 15 U.S.C. § 1692e when it filed the Garnishment Action because Plaintiff was not indebted to anyone regarding the repossession deficiency or consent judgment executed by Plaintiff's ex-husband.

62.

15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

63.

Defendants APH violated 15 U.S.C. § 1692e(2)(A) when it filed the Garnishment Action because Plaintiff was not indebted to anyone regarding the repossession deficiency or consent judgment executed by Plaintiff's ex-husband.

64.

15 U.S.C. § 1692f(1) prohibits the collection of interest or other amounts that are not expressly authorized by agreement or permitted by law.

65.

Defendant APH violated 15 U.S.C. § 1692f(1) when it filed the Garnishment Action because Plaintiff was not indebted to anyone regarding the repossession deficiency or consent judgment executed by Plaintiff's ex-husband.

66.

As a result of Defendant APH's actions, Plaintiff is entitled to an award of actual and statutory damages, as well as an award of costs and attorney's fees.

## COUNT II

## VIOLATIONS OF GEORGIA'S FAIR BUSINESS PRACTICES ACT

67.

Plaintiff incorporates by reference the preceding paragraphs as if fully restated herein and further states as follows:

68.

Defendant APH's acts set forth above violated the FBPA.

69.

Defendant APH's acts in violation of the FDCPA and FBPA were intentional.

70.

Pursuant to the FBPA, Defendant APH is liable to Plaintiff for an award of treble and exemplary damages.

71.

Pursuant to the FBPA, Plaintiff is entitled to an award against Defendant APH for reasonable attorney's fees and expenses of litigation.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff for:

## COUNT ONE (FDCPA)

a. an award of statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

b. an award of actual damages pursuant to the FDCPA;

c. an award of costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3); and

d. for such other and further relief as may be just and proper; and

## COUNT TWO (FBPA)

a. an award of treble and exemplary damages pursuant to the FBPA;

b. an award of costs of litigation and reasonable attorneys' fees pursuant to the FPBA and Georgia law; and

c. for such other and further relief as may be just and proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Respectfully submitted, this 8th day of February, 2023.

**HURT STOLZ, P.C.**

s/ James W. Hurt, Jr.
By: James W. Hurt, Jr.
Georgia Bar No.: 380104

1551 Jennings Mill Road, Suite 3100-B
Watkinsville, Georgia 30677
(706) 395-2750
Facsimile: (706) 996-2576
jhurt@hurtstolz.com

**LEE DAVIS LAW, LLC**

s/ C. Lee Davis
By: C. Lee Davis
Georgia Bar No. 207734

351 Washington Avenue, Suite 300
Marietta, Georgia 30060
Telephone: 678-735-6572
Facsimile: 877-577-7528
leedavis@leedavislawllc.com            **ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF COMPLIANCE

Pursuant to Local R. 7.1(D), this is to certify that the foregoing complies with the font and point setting approved by the Court in LR 5.1(B). The foregoing COMPLAINT FOR DAMAGES was prepared on a computer, using Times New Roman 14 point font.

Respectfully submitted, this 8th day of February, 2023.

        **HURT STOLZ, P.C.**

        s/ James W. Hurt, Jr.
        By:  James W. Hurt, Jr.
        Georgia Bar No.:  380104

1551 Jennings Mill Road, Suite 3100-B
Watkinsville, Georgia 30677
(706) 395-2750
Facsimile: (866) 766-9245
jhurt@hurtstolz.com         **ATTORNEY FOR PLAINTIFF**