**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| VALORIE BOYER, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>REARVIEW ENTERPRISES, INC., )<br>)<br>    Defendant ) | Civil Action File No._____<br><br>**JURY TRIAL DEMANDED** |

## **COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES**

Plaintiff Valorie Boyer ("Plaintiff" or "Boyer") files this Complaint for Equitable Relief and Damages against Rearview Enterprises, Inc. ("Defendant" or "Rearview") showing the Court the following:

### **INTRODUCTION**

This action arises out of Defendant's discriminatory and retaliatory termination of Boyer based on her disability and her request for a reasonable accommodation. After Boyer asked for time to work from home to recover from a painful spinal disc herniation episode caused by her Degenerative Disc Disease, Defendant Rearview Enterprises, Inc. fired her, directly citing her disability as the reason for her termination. Rearview is a domestic for-profit business that provides

1

services to financial institutions. Boyer was a qualified individual with a disability, suffering from Degenerative Disc Disease, a back condition which compromises her ability to walk, stand, and sit for extended periods of time. Rearview also regarded Boyer as disabled, and Boyer has a record of being disabled.

Boyer brings claims of disability discrimination, failure to accommodate, and retaliation against Rearview under the Americans with Disabilities Act Amendments Act of 2008 ("ADA"), 42 U.S.C. § 12101 *et seq*.

## Jurisdiction and Venue

1. This Court has jurisdiction under 42 U.S.C. § 12101 *et seq.*, 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil rights).

2. This district and division are proper venues under 28 U.S.C. § 1391 because Defendant Rearview conducts business in this district and division, and because Defendant committed its actions giving rise to this case within the Northern District of Georgia.

## Exhaustion of Administrative Remedies

3. On October 19, 2021, Boyer filed a charge of discrimination – Charge No. 410-2022-00464 – with the Equal Employment Opportunity Commission within 180 days of the occurrence of the acts of which she complains.

4. On November 15, 2022, Boyer received a Notice of Right to Sue.

5. Boyer brings this suit within ninety (90) days of the receipt of her Notice of Right to Sue.

## The Parties

6. Boyer is a citizen of the United States and a resident of the State of Georgia.

7. Boyer is and, at all times relevant hereto was, an individual with a disability as that term is defined by 42 U.S.C. § 12102(1).

8. Boyer is a person with a disability because she has an actual physical impairment – degenerative disc disease – which causes substantial limitations in one or more major life activities, because she has a record of impairment, and because Rearview regarded her as having an impairment, as pled further below.

9. Boyer was, at all times material to this Complaint, capable of performing the essential functions of her job with or without an accommodation, as pled further below.

10. Defendant Rearview is a domestic profit organization that provides advertising, design, and interactive marketing to businesses.

11. Defendant Rearview is registered to do business in Georgia and conducts

business in this District and venue.

12. Rearview was, at all times material to this Complaint, an employer engaged in commerce or in an industry affecting commerce within the meaning of the ADA and has employed more than 15 persons for each working day in each of 20 calendar weeks in the current or preceding calendar year.

13. At all times relevant to this Complaint, Rearview was Boyer's employer, and Boyer was Rearview's employee, within the meaning of the ADA, 42 U.S.C. §12111(4) and (5).

14. Rearview may be served with summons and a copy of this Complaint by delivering process to its registered agent, Alex Danaila, 2125 Barrett Park Drive, Suite 103, Kennesaw, GA 30144.

## Statement of Facts

15. At all times material to this Complaint, Boyer suffered from degenerative disc disease.

16. Degenerative disc disease substantially limits Boyer's major bodily functions, including, *inter alia*, standing, sitting, and walking.

17. Boyer's degenerative disc disease results in painful episodes wherein she must take bedrest to recover.

18.     Boyer was a qualified individual with a disability in that she had successfully performed her job without accommodation for years prior to the events pled below.

19.     Boyer began working for Rearview on February 1, 2019 as the Lead Graphic Designer.

20.     Rearview later promoted Boyer to Lead Web Designer.

21.     Rearview never disciplined Boyer.

22.     Boyer sometimes required additional time in the morning for doctors' appointments but would stay late in the evenings to make up any work time she missed.

23.     In April 2020, Boyer suffered a painful spinal disc herniation related to her degenerative disc disorder.

24.     Boyer visited a physical therapist for six months in attempts to recover from the spinal disc herniation episode.

25.     Ultimately, Boyer underwent surgery in October 2020 to correct the spinal disc herniation.

26.     Following the surgery, Boyer took one month off from work at Rearview.

27. Rearview offered Boyer FMLA leave for her time off, as Boyer's supervisors understood that her leave was to cover recovery from the spinal disc herniation.

28. After Boyer returned to work, Rearview began assigning her less work to do.

29. In April 2021, Boyer suffered another painful episode related to her spinal disc herniation that required her to take bed rest for one week.

30. Boyer communicated with her supervisors that she required one week of time off to recover

31. Following Boyer's bed rest, Boyer returned to work, working from home, with reduced hours for one week.

32. Boyer also communicated with her supervisors that she was working from home with reduced hours.

33. Boyer's supervisors approved her reduced work schedule.

34. After this two-week period, Boyer returned to work full time, working from home.

35. While Boyer worked from home, she kept her supervisors aware of her working hours and maintained communication about her activities.

36. Boyer was accessible and answered quickly while she worked from home, even answering messages after hours if needed.

37. Boyer watched SkillShare videos at her supervisors' request.

38. Boyer and Rearview agreed she would return to work in-office on May 3, 2021.

39. On April 30, 2021, Rearview terminated Boyer through an intra-office messaging system, Slack.

40. In the Slack message terminating Boyer's employment, Rearview stated that they decided they would no longer accommodate her disability.

41. Rearview had never previously indicated to Boyer that her attendance was causing an issue for the company.

42. Rearview had never previously indicated to Boyer that there was any issue with her working from home.

43. Boyer had a yearly review two months before Rearview terminated her employment, and the only criticism she received was that she needed to be "more creative" in her website designs.

44. Rearview never disciplined or warned Boyer about her attendance.

45. Boyer had not fallen behind in her work but rather turned in her projects

on schedule.

46.     Rearview acted maliciously against Boyer and her federally protected rights in denying her a reasonable accommodation for her disability, and in terminating her because she is a qualified person with a disability and/or in retaliation for her accommodation request.

47.     Additionally, and in the alternative, Rearview acted with reckless disregard for Boyer and her federally protected rights.

48.     Rearview's above-pled actions caused Boyer damages including, but not limited to, lost compensation and benefits, and emotional damages.

## COUNT I
## Violation of ADA – Regarded as Disabled

49.     Boyer incorporates by reference all the preceding paragraphs of the Complaint.

50.     At all times relevant hereto, Rearview has been subject to the requirements of Title I of the Americans with Disabilities Act as amended by the Americans with Disabilities Amendments Act.

51.     At all times relevant hereto, Boyer was an individual with a disability as defined under the ADA, 42 U.S.C. § 12102 (1)(C) because Rearview regarded her as a person with an impairment as defined by the Act.

52. Moreover, at all times relevant hereto, Boyer has been a qualified individual with a disability as that term is defined by 42 U.S.C. § 12111(8) and able to perform the essential functions of the job.

53. Rearview terminated Boyer because it regarded her as disabled.

54. Rearview's actions violated Section 102 of the ADA, 42 U.S.C. § 12112, which prohibits discrimination on the basis of disability.

55. Rearview's above-pled actions caused Boyer to suffer lost compensation and other employment benefits.

56. Rearview's above-pled actions caused and continue to cause Boyer to suffer emotional distress, mental anguish, loss of enjoyment of life, and other non-pecuniary losses all in an amount to be established at trial.

57. Rearview acted intentionally and willfully in violation of Boyer's federally protected rights, entitling Boyer to punitive damages.

58. Additionally, and in the alternative, Rearview acted with reckless disregard toward Boyer and her federal rights, also entitling Boyer to punitive damages.

### COUNT II
### Failure to Accommodate in Violation of ADA

59. Boyer incorporates by reference all the preceding paragraphs of the

Complaint.

60. At all times relevant hereto, Rearview has been subject to the requirements of Title I of the Americans with Disabilities Act as amended by the Americans with Disabilities Amendments Act.

61. At all times relevant hereto, Boyer was an individual with a disability as defined by the ADA, 42 U.S.C. § 12102 (1)(A) and/or 42 U.S.C. § 12102(B).

62. Rearview was aware of Boyer's disabilities and history and record of disability.

63. At all times relevant hereto, Boyer has been a qualified individual with a disability as that term is defined by 42 U.S.C. § 12111(8) and able to perform the essential functions of her job.

64. Boyer's disability substantially limits one or more major life activities.

65. Boyer requested a reasonable accommodation from Rearview relating to her disability: the ability to work remotely until she recovered from a degenerative disc disease-related episode, as opposed to working in an office.

66. Boyer's accommodation request was reasonable because, among other reasons, there was a track record establishing that Boyer could adequately perform her job remotely, and Boyer only requested to work from home until she was fully

recovered.

67. Rearview failed to accommodate Boyer's disability and failed to engage in an interactive process with Boyer regarding her accommodation request.

68. Rearview terminated Boyer to avoid providing Boyer with a reasonable accommodation.

69. Rearview's actions amount to a violation of Section 102 of the ADA, 42 U.S.C. § 12112, which prohibits discrimination on the basis of disability and requires reasonable accommodation for disabilities.

70. Rearview's above-pled actions caused Boyer to suffer lost compensation and other employment benefits.

71. Rearview's above-pled actions caused and continue to cause Boyer to suffer emotional distress, mental anguish, loss of enjoyment of life, and other non-pecuniary losses all in an amount to be established at trial.

72. Rearview acted intentionally and willfully in violation of Boyer's federally protected rights, entitling Boyer to punitive damages.

73. Additionally, and in the alternative, Rearview acted with reckless disregard toward Boyer and her federal rights, also entitling Boyer to punitive damages.

## COUNT III
## **Actual Discrimination in Violation of the ADA**

74. Boyer incorporates by reference all the preceding paragraphs of the Complaint.

75. At all times relevant hereto, Rearview has been subject to the requirements of Title I of the Americans with Disabilities Act as amended by the Americans with Disabilities Amendments Act.

76. At all times relevant hereto, Boyer was an individual with a disability as defined by the ADA, 42 U.S.C. § 12102 (1)(A) and/or 42 U.S.C. § 12102(B).

77. Rearview was aware of Boyer's disabilities and history and record of disability.

78. At all times relevant hereto, Boyer has been a qualified individual with a disability as that term is defined by 42 U.S.C. § 12111(8) and able to perform the essential functions of her job.

79. Boyer's disability substantially limits one or more major life activities.

80. Rearview terminated Boyer's employment because of her disability.

81. Rearview's actions amount to a violation of Section 102 of the ADA, 42 U.S.C. § 12112, which prohibits discrimination on the basis of disability and

requires reasonable accommodation for disabilities.

82. Rearview's above-pled actions caused Boyer to suffer lost compensation and other employment benefits.

83. Rearview's above-pled actions caused and continue to cause Boyer to suffer emotional distress, mental anguish, loss of enjoyment of life, and other non-pecuniary losses all in an amount to be established at trial.

84. Rearview acted intentionally and willfully in violation of Boyer's federally protected rights, entitling Boyer to punitive damages.

85. Additionally, and in the alternative, Rearview acted with reckless disregard toward Boyer and her federal rights, also entitling Boyer to punitive damages.

## COUNT IV
### Retaliation in Violation of the ADA

86. Boyer incorporates by reference all the preceding paragraphs of the Complaint.

87. At all times relevant hereto, Rearview has been subject to the requirements of Title I of the ADA.

88. At all times relevant hereto, Boyer was an individual with a disability as defined by the ADA, 42 U.S.C. § 12102 (1)(A) and/or (B) and/or (C).

89. Boyer engaged in protected activity under the ADA when she requested an accommodation of working remotely to accommodate her degenerative disc disease.

90. Rearview terminated Boyer's employment in retaliation for requesting an accommodation in violation of the ADA.

91. Rearview's above-pled actions caused Boyer to suffer lost compensation and other employment benefits.

92. Rearview's above-pled actions caused and continue to cause Boyer to suffer emotional distress, mental anguish, loss of enjoyment of life, and other non-pecuniary losses all in an amount to be established at trial.

93. Rearview acted intentionally and willfully in violation of Boyer's federally protected rights, entitling Boyer to punitive damages.

94. Additionally, and in the alternative, Rearview acted with reckless disregard toward Boyer and her federal rights, also entitling Boyer to punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands a TRIAL BY JURY and that the following relief be granted:

(a) Issue a declaratory judgment that Rearview's acts, policies, practices, and procedures complained of herein violated Boyer's rights as secured under the ADA;

(b) Grant to Boyer judgment in her favor and against Rearview under all counts of this Complaint;

(c) Order Rearview to make Boyer whole by providing for her out-of-pocket losses as well as back pay in an amount equal to the sum of any wages, salary, employment benefits or other compensation denied or lost as a result of Rearview's unlawful and discriminatory acts, together with interest thereon, all in an amount to be proven at trial;

(d) Order that Boyer be reinstated or, in the alternative, be awarded front pay;

(e) Order Rearview to compensate Boyer for mental and emotional damages suffered as a result of Rearview's unlawful and discriminatory acts;

(f) Grant to Boyer punitive damages for Rearview's willful and intentional violations of the ADA as provided by 42 U.S.C. § 12117(a)(as amended);

(g) Grant to Boyer a jury trial on all issues so triable;

(h) Grant to Boyer her reasonable attorneys' fees and reasonable expert witness fees together with any and all other costs associated with this action as provided by the ADA, 42 U.S.C. § 12205; and

(i) Grant such additional monetary and equitable relief as the Court deems proper and just.

Respectfully submitted this 8th day of February 2023.

**LEGARE, ATTWOOD & WOLFE, LLC**

s/ Marissa R. Torgerson
Marissa R. Torgerson
Georgia Bar No. 848356
Steven E. Wolfe
Georgia Bar No. 142441

125 Clairemont Avenue, Suite 380
Decatur, Georgia 30030
Tel: (470) 823-4000 | Fax: (470) 201-1212
mrtorgerson@law-llc.com
sewolfe@law-llc.com

Counsel for Plaintiff