# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| CASSANDRA ALVARADO and, FRANK ALVARADO, *Plaintiffs*, v. SURESH KHANDEKAR, M.D. and TRUE YOU WEIGHT LOSS – ATLANTA, LLC, *Defendants*. | CIVIL ACTION NO. _____ |

## ANSWER OF
## DEFENDANTS SURESH KHANDEKAR, M.D.
## AND TRUE YOU WEIGHT LOSS - ATLANTA, LLC

COME NOW Defendants Suresh Khandekar, M.D. ("Dr. Khandekar") and True You Weight Loss – Atlanta, LLC ("True You Weight Loss") (collectively, "these Defendants"), and answer the Plaintiffs' Complaint as follows:

## FIRST DEFENSE

The Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

The Plaintiffs' Complaint may fail to comply with O.C.G.A. §§ 9-11-9.1 and 24-7-702 and is subject to dismissal on that basis.

## THIRD DEFENSE

These Defendants and their employees/agents practiced in accordance with the standard of care at all times during the care and treatment of Ms. Cassandra Alvarado and were not negligent.

## FOURTH DEFENSE

No allegedly negligent act or omission on the part of these Defendants or their employees/agents caused or contributed in causing any of the Plaintiffs' alleged injuries and damages.

## FIFTH DEFENSE

The Plaintiffs' alleged injuries and damages may have been caused, in whole or in part, by the conduct of others over whom these Defendants exercised no control and for whose conduct these Defendants are not responsible, including the Plaintiffs themselves.

## SIXTH DEFENSE

These Defendants now answer the separately numbered paragraphs of the Plaintiffs' Complaint as follows:

## PARTIES, JURISDICTION & VENUE

1.

Upon information and belief, Defendants admit the allegations contained in paragraph 1 of the Complaint.

2.

Defendants admit the allegations contained in paragraph 2 of the Complaint.

3.

Defendants admit the allegations contained in paragraph 3 of the Complaint.

4.

Defendants deny the allegations as to jurisdiction and venue in State Court. Defendants have filed the applicable removal documents and agree venue and jurisdiction are proper in the U.S. District Court for the Northern District of Georgia – Atlanta Division.

## FACTS

5.

The allegations contained in paragraph 5 of the Complaint are admitted as to the time Dr. Khandekar provided care and treatment to the Plaintiffs only.

6.

Defendants generally admit the allegations contained in paragraph 6 of the Complaint. Any allegations however, implied or otherwise, that these Defendants negligently persuaded or otherwise pressured Ms. Alvarado to undergo an endoscopic sleeve gastroplasty ("ESG") or misrepresented the nature of the procedure itself are denied.

7.

Defendants admit the allegations contained in paragraph 7 of the Complaint.

8.

Defendants deny the allegations contained in the first sentence of paragraph 8 of the Complaint because they are incomplete and out-of-context. The remaining allegations in paragraph 8 are admitted.

9.

Defendants generally admit the allegations contained in sentence one of paragraph 9 of the Complaint to the extent they are consistent with the medical records. Defendants are, however, without knowledge or information sufficient to form a belief as to when Ms. Alvarado began to experience pain following the ESG procedure.

10.

Defendants deny the allegations contained in paragraph 10 of the Complaint because they are incomplete and out-of-context with the CT scan report and clinical picture.

11.

Defendants admit the allegations contained in paragraph 11 of the Complaint.

12.

Defendants deny the allegations contained in paragraph 12 of the Complaint because they are incomplete and out-of-context with the operative report.

13.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint. Defendants deny all allegations contained in this paragraph that are inconsistent with the medical records and/or recollection of Dr. Stetler.

14.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint.

Defendants deny all allegations contained in this paragraph that are inconsistent with the medical records and/or recollection of Dr. Stetler.

15.

Upon information and belief, Defendants admit the allegations contained in paragraph 15 of the Complaint.

## COUNT 1: PROFESSIONAL NEGLIGENCE OF DEFENDANT KHANDEKAR

16.

In response to the allegations contained in paragraph 16 of the Complaint, Defendants restate and incorporate the defenses and responses to paragraphs 1-15 as if fully restated herein.

17.

Defendants admit the allegations contained in paragraph 17 of the Complaint.

18.

In response to the allegations contained in paragraph 18 of the Complaint, Defendants agree only that Dr. Khandekar had a duty to provide Ms. Alvarado medical care as defined by the applicable standard as defined by Georgia law.

19.

Defendants deny any and all allegations contained in paragraph 19 of the Complaint, including subparts (a) and (b).

20.

Defendants deny the allegations contained in paragraph 20 of the Complaint.

21.

Defendants deny the allegations contained in paragraph 21 of the Complaint.

22.

Defendants deny the allegations contained in paragraph 22 of the Complaint.

23.

Defendants deny the allegations contained in paragraph 23 of the Complaint.

24.

In response to the allegations contained in paragraph 24 of the Complaint, Defendants admit only that a document purporting to be the affidavit of Mohammad A. Al-Haddad, M.D. was included with the documents served. Defendants deny all allegations contained in this document and deny that the document itself satisfies the criteria of O.C.G.A. § 9-11-9.1 or O.C.G.A. § 24-7-702 and reserve the right to challenge the sufficiency of the document.

25.

In response to the allegations contained in paragraph 25 of the Complaint, Defendants admit only that a document purporting to be the affidavit of Mohammad A. Al-Haddad, M.D. was included with the documents served. Defendants deny all allegations contained in this document and deny that the document itself satisfies the criteria of O.C.G.A. § 9-11-9.1 or O.C.G.A. § 24-7-702 and reserve the right to challenge the sufficiency of the document.

## COUNT II: VICARIOUS LIABILITY

26.

In response to the allegations contained in paragraph 26 of the Complaint, Defendants restate and incorporate the defenses and responses to paragraphs 1-25 as if fully restated herein.

27.

Defendants deny the allegations contained in paragraph 27 of the Complaint.

28.

Defendants deny the allegations contained in paragraph 28 of the Complaint.

29.

Defendants deny the allegations contained in paragraph 29 of the Complaint.

30.

Any and all allegations contained in Plaintiffs' Prayer for Relief, including subparts (1) – (5) are denied. Furthermore, any allegations not specifically admitted herein are expressly denied.

WHEREFORE, these Defendants request this lawsuit be dismissed and that Judgment be entered in their favor or request a jury trial with up to twelve jurors.

This the 8th day of February, 2023.

HUFF, POWELL & BAILEY, LLC

*/s/ David D. Mackenzie*

_____
DAVID D. MACKENZIE
Ga. Bar No. 796972
J. HARRISON LOFTIN
Georgia Bar No. 319878

999 Peachtree Street
Suite 950
Atlanta, Georgia 30309
(404) 892-4022
(404) 892-4033 (Fax)
dmackenzie@huffpowellbailey.com
hloftin@huffpowellbailey.com

*Counsel for Defendants Suresh Khandekar, M.D., and True You Weight Loss – Atlanta, LLC*

# CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1 D, I hereby certify that the foregoing document was prepared using Times New Roman 14-point type as provided in Local Rule 5.1B.

Respectfully submitted,

|  | HUFF, POWELL & BAILEY, LLC |
|---|---|
|  | */s/ David D. Mackenzie* <br> DAVID D. MACKENZIE <br> Georgia Bar No. 796972 <br> J. HARRISON LOFTIN <br> Georgia Bar No. 319878 <br><br> *Counsel for Defendants Suresh Khandekar, M.D., and True You Weight Loss – Atlanta, LLC* |
| 999 Peachtree Street NE, Suite 950 <br> Atlanta, Georgia 30309 <br> P: 404.892.4022 <br> dmackenzie@huffpowellbailey.com <br> hloftin@huffpowellbailey.com |  |

## CERTIFICATE OF SERVICE

I, David D. Mackenzie, an attorney, certify that I filed the foregoing using the Court's ECF system, which will cause a true and correct copy of the same to be served electronically on all ECF-registered counsel of record listed below.

David L. Turner<br>
SCHULTEN WARD TURNER & WEISS, LLP<br>
260 Peachtree Street<br>
Suite 2700<br>
Atlanta, Georgia 30303<br>
(404) 688-6800

This the 8th day of February, 2023.

        HUFF, POWELL & BAILEY, LLC

        */s/ David D. Mackenzie*

        _____
        DAVID D. MACKENZIE
        Ga. Bar No. 796972
        J. HARRISON LOFTIN
        Georgia Bar No. 319878

999 Peachtree Street        *Counsel for Defendants Suresh*
Suite 950        *Khandekar, M.D., and True You*
Atlanta, Georgia 30309        *Weight Loss – Atlanta, LLC*
(404) 892-4022
(404) 892-4033 (Fax)
dmackenzie@huffpowellbailey.com
hloftin@huffpowellbailey.com