UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: ETHICON PHYSIOMESH | : | MDL DOCKET NO. 2782 |
| FLEXIBLE COMPOSITE | : | CIVIL ACTION NO. |
| HERNIA MESH PRODUCTS | : | 1:17-MD-02782-RWS |
| LIABILITY LITIGATION | : | |
| | : | |
| This document relates to: | : | |
| | : | |
| Dawn Paletta | : | Civil Action No.: _____ |
| _____ | : | |
| | : | |
| _____ | : | |

## **SHORT FORM COMPLAINT**

Come now the Plaintiff(s) named below, and for their Complaint against the

Defendants named below, incorporate the Master Complaint in MDL No. 2782 by

reference.  Plaintiff(s) further show the court as follows:

1. Plaintiff Implanted with Physiomesh

   Dawn Paletta
   _____

2. Plaintiff's Spouse (if applicable)

   N/A
   _____

3. Other Plaintiff and capacity (i.e., administrator, executor, guardian, conservator)

   N/A
   _____

4. State of Residence and Citizenship of each Plaintiff (including any Plaintiff in a representative capacity) at time of filing of Initial Complaint

Wisconsin

5. State of Residence and Citizenship at the Time of Implantation

Wisconsin

6. District Court and Division in which personal jurisdiction and venue would be proper absent direct filing.

United States District Court for the District of Minnesota

7. Defendants (Check Defendants against whom Complaint is made):

☒ A. Ethicon, Inc.

☒ B. Johnson & Johnson

8. Basis of Jurisdiction

☒ Diversity of Citizenship (28 U.S.C. § 1332(a))

☐ Other: _____

A. Paragraphs in Master Complaint upon which venue and jurisdiction lie:

11-13

B. Other allegations of jurisdiction and venue:

_____

_____

_____

_____

9.

| Date(s) Plaintiff was Implanted with Physiomesh (list date of each implant surgery, where applicable, on separate line) | Hospital(s) where Plaintiff was implanted with Physiomesh (include City and State of Hospital) | Implanting Surgeon(s) |
|---|---|---|
| April 19, 2016 | Mayo Clinic Rochester, MN | Dr. Juliane Bingener-Casey, M.D. |
| | | |
| | | |

10. Counts in the Master Complaint brought by Plaintiff(s):

☒      Count I – Strict Product Liability – Defective Design

☒      Count II – Strict Product Liability – Failure to Warn

☒      Count III – Strict Product Liability – Manufacturing Defect

☒      Count IV – Negligence

☒      Count V – Consumer Protection Laws (Please identify applicable State Consumer Protection law(s) and state any additional facts and legal basis for application of State Consumer Protection law(s) in this case)

Minn. Stat. § 325D.43 et seq.

N.J. Stat. Ann. § 56:8–1 et seq.

Wis. Stat. § 100.18

☒      Count VI – Gross Negligence

☐      Count VII – Loss of Consortium

☒      Count VIII – Punitive Damages

☒      Count IX – Discovery Rule, Equitable Tolling/Estoppel (Please state any additional facts and legal basis for Discovery Rule and Tolling below)

Despite her reasonable care and diligent investigation, Plaintiff had no actual or constructive knowledge of the defective nature of

the Physiomesh that resulted in her injuries and damages until the mesh was removed in around August 2020.

☐     Other Count(s) (Please state factual and legal basis for other claims not included in the Master Complaint below):

_____

_____

_____

☒     Jury Trial is Demanded as to All Counts

☐     Jury Trial is NOT Demanded as to Any Count

s/ Jason C. Chambers
_____
Attorney(s) for Plaintiff

Address, phone number, email address and bar information:

Jason C. Chambers KS#24927
_____
Hollis Law Firm
_____
8101 College Blvd. Ste 260
_____
Overland Park, KS 66210
_____
913-385-5400
_____
Jason@hollislawfirm.com
_____