IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **LATNEY RUSSELL,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | CIVIL ACTION |
| **QUEST DIAGNOSTICS** ) | FILE NO.: |
| **INCORPORATED,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

## NOTICE OF REMOVAL

Defendant Quest Diagnostics Incorporated, ("Quest") hereby gives notice of the removal of this action from the Superior Court of DeKalb County, State of Georgia, to the United States District Court for the Northern District of Georgia, Atlanta Division pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 (the "Notice"). As described below, this Court has jurisdiction over the claims alleged in this case, and the procedural requirements of removal have been satisfied. In support of this Notice, Quest states as follows:

**I.    NATURE OF SUIT**

1.    On October 28, 2022, Plaintiff Latney Russell filed a complaint against Defendant in the Superior Court of DeKalb County captioned *Latney*

*Russell v. Quest Diagnostics Incorporated* (the "State Court Action"). A copy of the Complaint is attached as Exhibit 1.

2.      Plaintiff has asserted four counts against Defendant including breach of privacy, negligence, pain and suffering, and duty to protect. Plaintiff seeks damages and other relief against Defendant including compelling a mandatory review of Defendant's policies.

## II.     TIMELINESS OF REMOVAL

3.      This Notice is timely pursuant to 28 U.S.C. § 1446(b) because Defendant was served with the Summons and Complaint on January 10, 2023. Thus, this Notice is filed within 30 days after receipt by Defendant, through service or otherwise of a copy of the Complaint. *See Ex.* 1.

## III.    BASIS FOR REMOVAL – DIVERSITY JURISDICTION

### Diversity of Citizenship

4.      Pursuant to 28 U.S.C. § 1332(a), this Court has diversity jurisdiction over this suit because there is complete diversity of citizenship between Plaintiff and Quest and because the amount in controversy, exclusive of interest and costs, exceeds $75,000.

5.      Plaintiff Latney Russell alleged in his Complaint that he is an individual residing in Massachusetts. *See Exhibit* 1 at ¶ 1. Therefore, for purposes

of determining diversity jurisdiction, Plaintiff is a citizen of Massachusetts.

6. Defendant Quest is a corporation organized under the laws of Delaware and maintains its principal place of business in New Jersey. Therefore, for purposes of determining diversity jurisdiction, Quest is a citizen of Delaware and New Jersey. *See* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business.").

7. Thus, complete diversity of citizenship exists between Plaintiff Russell and Defendant Quest. *See Strawbridge v. Curtiss*, 7 U.S. 267 (1806).

## Amount in Controversy

8. In the Complaint, Plaintiff alleges that he "has suffered and continues to suffer from extreme mental anguish, depression, anxiety, suicidal ideology, and ennui" due to "unnecessary questioning by friends and family" after Quest allegedly delivered an improperly sealed envelope with his laboratory test results to the wrong address. *See Exhibit* 1 at ¶ 22-23. Plaintiff also claims that Quest's alleged negligence has led to "a myriad of continuous health issues for the Plaintiff, directly related to the stress of this exposure." Id.

9. The Complaint demands the amount of $1,400,000.00 as the monetary relief. *See Exhibit* 1 at page 10 of 11. The Complaint indicates that this amount of

monetary relief constitutes the "principal" and additionally demands "10% interest, plus all future costs of this suit." Thus, based on Plaintiff's allegations, this case exceeds the $75,000 amount in controversy requirement.

## IV.   ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

8.   Defendant is timely filing this Notice of Removal within thirty (30) days of service of the Summons and Complaint. *See* 28 U.S.C. § 1446(b).

9.   Because Plaintiff and Defendant are completely diverse and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00, this Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1332(a). Further, Defendant is not a citizen of Georgia, the state where the State Court Action was originally brought. Therefore, this action is properly removable pursuant to 28 U.S.C. § 1441(a). As described below, Defendant has complied with the procedural requirements for removal.

10.   In accordance with 28 U.S.C. § 1446(a), a true and correct copy of all the process, pleadings, and orders filed in the State Court Action are attached as Exhibit 2.

11.   In accordance with 28 U.S.C. § 1446(d), this Notice is being filed with the Clerk of Superior Court of DeKalb County, State of Georgia, and shall be served on Plaintiff. A true and correct copy of the removal notice to be filed with

the Clerk of Superior Court of DeKalb County, State of Georgia is attached as Exhibit 3.

12. In accordance with 28 U.S.C. § 1446(a), this Court is the federal district embracing DeKalb County, State of Georgia, where the State Court Action was originally filed. *See* 28 U.S.C. § 90(a)(2). Venue, therefore, is proper in this District and Division pursuant to 28 U.S.C. § 1441(a).

13. Defendant removes this action without waiver of or prejudice to any defenses that may be asserted in this action, including, without limitation, defenses available under Federal Rule of Civil Procedure 12(b). Defendant does not admit any of the allegations contained in Plaintiff's Complaint.

WHEREFORE, for the forgoing reasons, this Court has original jurisdiction of this matter pursuant to 28 U.S.C. § 1332(a), and removal of the action to this Court is proper pursuant to 28 U.S.C. §§ 1441 and 1446. Accordingly, Defendant respectfully requests that this action proceed in this Court.

Respectfully submitted this 8th day of February 2023.

**PARKER, HUDSON, RAINER & DOBBS, LLP**

*/s/ Ronald T. Coleman, Jr.*
Ronald T. Coleman, Jr.
Georgia Bar No. 177655
303 Peachtree Street, NE, Suite 3600
Atlanta, Georgia 30308
rtc@phrd.com
Telephone: (404) 523-5300

*Attorney for Defendant*

## **CERTIFICATE OF COMPLIANCE**

In compliance with LR 7.1D, N.D. Ga., I certify that the foregoing **NOTICE OF REMOVAL** has been prepared in conformity with LR 5.1, N.D. Ga., with Times New Roman (14 point) type, with a top margin of one and one-half (1 ½) inches and a left margin of one (1) inch.

This 8th day of February 2023.

*/s/ Ronald T. Coleman, Jr.*
Ronald T. Coleman, Jr.

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day served a copy of the within and foregoing **NOTICE OF REMOVAL** upon all parties to this matter by electronically filing a copy of same with the Court's CM/ECF system, and by depositing a copy of same in the U.S. Mail, proper postage prepaid, addressed to the following:

> Latney Russell
> 21595 South 231st Way
> Queen Creek, AZ 85142
>
> Latney Russell
> 170 Washington Street, #T5
> Haverhill, MA 01832
>
> Latney Russell
> 13901 Midway Rd
> Suite 102-465
> Farmers Branch, TX 75244

This 8th day of February 2023.

>> */s/ Ronald T. Coleman, Jr.*
>> Ronald T. Coleman, Jr.