UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FELICIA ROSS-SMITH,

    Plaintiff,

-vs-                                          CASE NO.:

LEXISNEXIS RISK DATA
MANAGEMENT, LLC,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Felicia Ross-Smith (hereinafter "Plaintiff"), sues Defendant, LexisNexis Risk Data Management, LLC (hereinafter "LexisNexis"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*

## PRELIMINARY STATEMENT

1. The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION

2. Jurisdiction for this Court is conferred by 28 U.S.C. § 1331 as this action involves violations of the FCRA.

3. Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2) as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

4. Venue is proper in this District as Plaintiff is a natural person and a resident of Cobb County, GA; the violations described in this Complaint occurred in this District; and the Defendant transacts business within this district.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a (c).

6. LexisNexis is a corporation with its principal place of business in the State of Georgia.

7. LexisNexis is a "consumer reporting agency" as defined in 15 USC § 1681(f). LexisNexis is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

8. LexisNexis disburses such consumer reports to third parties under contract for monetary compensation.

## FACTUAL ALLEGATIONS

9. LexisNexis is one of the largest credit reporting agencies in the United States today.

10. In mid-2022, Plaintiff received notice that her "Apple" co-branded credit card was closed as she was being reported as "deceased" by LexisNexis.

11. This is false. Plaintiff is very much alive.

12. Plaintiff called into Apple to dispute the account being closed. At that time an agent reiterated to Plaintiff that the account was closed due to LexisNexis inaccurately reporting her as deceased.

13. LexisNexis had reasons to know that Plaintiff was still alive, yet still reported her as deceased.

14. LexisNexis clearly does not have policies and procedures in place to ensure the maximum possible accuracy of the consumer reports it publishes, as other accounts it was reporting showed Plaintiff as alive and making payments on her other accounts.

15. As a result of the actions and/or inactions of LexisNexis Plaintiff was denied credit. Specifically, her Apple card account was closed.

16. As a result of the actions and/or inactions of LexisNexis Plaintiff suffered from emotional distress, including but not limited to sleeplessness, anger, worry, frustration, fear, embarrassment, and humiliation, as well as a denial of credit.

17. As a result of the actions and/or inactions of LexisNexis Plaintiff suffered from reduced credit scores.

## COUNT I
### Violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681e(b)

18. Plaintiff re-alleges and incorporates paragraphs 1 through 17 above as if fully set forth herein.

19. LexisNexis violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure the maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

20. As a result of this conduct, action and inaction of LexisNexis Plaintiff suffered a financial loss, denials of credit with Apple, loss of her personal time, emotional distress, and the damages otherwise outlined in this complaint.

21. LexisNexis' conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

22. In the alternative, LexisNexis was negligent, entitling the Plaintiff to recover under 15 USC § 1681o.

23. Plaintiff is entitled to recover costs and attorney's fees from LexisNexis in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, LexisNexis, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

Dated this 9th day of February, 2023.

                              Respectfully Submitted,

                              */s/ Octavio "Tav" Gomez, Esq.*
                              Octavio "Tav" Gomez, Esq.
                              Georgia Bar No.: 617963
                              The Consumer Lawyers PLLC
                              412 E Madison St. Suite 916
                              Tampa, Florida 33602
                              Telephone: 844.855.9000
                              Facsimile: 844.951.3933
                              Tav@TheConsumerLawyers.com
                              Jason@TheConsumerLawyers.com
                              *Counsel for Plaintiff*