IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CHRISTOPHER ANDRADE MARTINEZ, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO: _____ |
| v. | ) ) ) | |
| DIVERSE STAFFING SERVICES, INC., | ) ) ) | JURY TRIAL DEMANDED |
| Defendant. | ) ) ) | |

## COMPLAINT

PLAINTIFF CHRISTOPHER ANDRADE MARTINEZ files this Complaint and states as follows:

1. Mr. Andrade Martinez brings this action against Defendant Diverse Staffing Services Inc. for violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA").

2. Congress sought through the FCRA to, among other things, protect consumers by creating heightened standards regulating how employers obtain and use information in consumer reports to conduct background checks on prospective employees. 15 U.S.C. § 1681b(b)(3).

3. The FCRA requires employers to provide certain notices to the subjects of the consumer reports before taking an adverse employment action whenever that action is based, even just in part, on a consumer report. Specifically, pursuant to 15 U.S.C. § 1681b(b)(3):

> in using a consumer report for employment purposes, before taking any adverse action based in whole or in part on the report, the person intending to take such adverse action shall provide to the consumer to whom the report relates—
> (i) a copy of the report; and
> (ii) a description in writing of the rights of the consumer under this subchapter, as prescribed by the Bureau under section 1681g(c)(3)1 of this title.

4. The FCRA is designed to permit individuals whose reports are inaccurate with ample time to identify the inaccuracies and correct them before an employment decision has been made. Providing the identity of the consumer reporting agency, a copy of the consumer report, and a statement of consumer rights before making a final adverse employment decision arms the nation's millions of job applicants with the knowledge and information needed to challenge inaccurate, incomplete and misleading public-records-based reports.

5. When an employer denies an individual these substantive rights, the individual may sue to redress a breach of these substantive rights and, if successful, be awarded actual, statutory and/or punitive damages. 15 U.S.C. §1681n.

6. Here, Defendant violated Section 1681b(b)(3) when it took an adverse employment action against Mr. Andrade Martinez based on information in a consumer report without first providing him with a copy of the pertinent consumer report and a statement of his rights under the FCRA, and without providing him with a reasonable opportunity to respond to the information in the report, all while failing to disclose the identity of the consumer reporting agency that furnished the consumer report. Defendant's violation was especially egregious here, as Mr. Andrade Martinez later discovered that the consumer report contained inaccurate criminal record information that he could not view or dispute before the adverse employment decision was made.

## JURISDICTION AND VENUE

7. This Court has federal question jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

8. Venue is proper in this Court under 28 U.S.C. § 1391(b) as Defendant regularly conducts business in this district and division, and a substantial part of the events giving rise to the claims occurred in this district and division.

## PARTIES

9. Mr. Andrade Martinez is a resident of Georgia.

10. He is a natural person and a "consumer" as protected and governed by the FCRA, 15 U.S.C. § 1681a(c).

11. Defendant is a Georgia corporation that conducts business throughout the state of Georgia.

12. Defendant can be served via its registered agent, Cogency Global Inc., located at 900 Roswell Lakes Parkway, Suite 310, Roswell, Georgia 30076.

## FACTUAL ALLEGATIONS

13. In January 2023, Mr. Andrade Martinez applied for a job with Defendant in Georgia performing computer assembly work.

14. As part of his application process to determine Mr. Andrade Martinez's eligibility for the job, Defendant obtained a consumer report from a consumer reporting agency on Mr. Andrade Martinez.

15. The consumer report that the consumer reporting agency furnished to Defendant was used or expected to be used or collected for the purpose of evaluating a consumer for employment purposes.

16. The consumer report that the consumer reporting agency furnished to Defendant contained public record information likely to have an adverse effect on Mr. Andrade Martinez's ability to obtain employment.

17. Once it received the consumer report on or about January 26, 2023, Defendant's representative, Delia Soto, called Mr. Andrade Martinez and told him that Defendant cannot move forward with his employment because of his criminal record.

18. At that point, Defendant had not yet provided Mr. Andrade Martinez with both a copy of his consumer report and a description, in writing, of his rights under the FCRA, as required by statute.

19. Defendant's decision was devastating for Mr. Andrade Martinez, as he has no criminal record and thus was out of work because of an inaccurate report of a criminal record that belonged to him.

20. Following Defendant's adverse decision, Mr. Andrade Martinez requested a copy of the consumer report from Ms. Soto so that he could try to dispute the erroneous information and get it corrected.

21. Ms. Soto told Mr. Andrade Martinez that he could go to the work location to obtain a copy.

22. When Mr. Andrade Martinez went to the work location, Defendant gave him part of the consumer report that contained the criminal record, but that did not identify the consumer report agency.

23. Ms. Andrade Martinez was surprised by what the consumer reporting agency had reported, as it reported that he had a vast criminal record in Illinois. Mr. Andrade Martinez does not live in Illinois, nor has he ever been to Illinois.

24. Even more egregious, the criminal record reported to Defendant belonged to an individual who has been incarcerated since October 2022.

25. Thus, Mr. Andrade Martinez is stuck. He is being denied employment by his prospective employer because of inaccurate criminal record information, but he is unable to dispute the inaccurate criminal record information because he has been denied the identity of the consumer reporting agency that reported the information.

## FIRST CLAIM FOR RELIEF

### (15 U.S.C. § 1681b(b))

26. Plaintiff realleges Paragraph Nos. 1-25 as if fully set forth.

27. Defendant used a consumer report to take an adverse employment action against Plaintiff.

28. Defendant violated Section 1681b(b)(3)(A) by failing to provide Plaintiff with a copy of the consumer report and a description of his rights under the FCRA before taking an adverse employment action against him that was based, even in part, on the consumer report.

29. Defendant's practice violates one of the most fundamental protections afforded to employees under the FCRA and runs counter to longstanding regulatory guidance. (Federal Trade Commission letter dated June 9, 1998, to A. Michael Rosen, Esq., regarding Section 604(b), Section 605, and Section 607 of the FCRA) ("[15 U.S.C. § 1681b(b)(3)(A)] requires that all employers who use consumer reports provide a copy of the report to the affected consumer before any adverse

action is taken. Employers must comply with this provision even where the information contained in the report (such as a criminal record) would automatically disqualify the individual from employment or lead to an adverse employment action. Indeed, this is precisely the situation where it is important that the consumer be informed of the negative information…").

30.  Defendant knew or should have known about its obligations under the FCRA. These requirements are well established in the plain language of the FCRA, in the promulgation of the Federal Trade Commission, and in well-established caselaw. *See Reardon v. Closetmaid Corp.*, No. 2:08-cv-01730, 2013 WL 6231606 (W.D. Pa. Dec. 2, 2013) (certifying class against company for employment applicants who did not receive pre-adverse action notice); *Singleton v. Domino's Pizza, LLC*, No. DKC 11-1823, 2013 WL 5506027 (D. Md. Oct. 2, 2013) (class settlement for violation of Section 1681b(b)(3)(A)); *Johnson v. Midwest Logistics Sys., Ltd.*, No. 2:11-cv-1061, 2013 WL 2295880 (S.D. Oh. May 24, 2013)(class settlement for pre-adverse action class); *Goode v. LexisNexis Risk & Info. Analytics Group, Inc.*, 848 F. Supp. 2d 532, 537 (E.D. Pa. 2012)("The 'clear purpose' of this section is to afford employees time to 'discuss reports with employers or otherwise respond before adverse action is taken.") (internal quotations omitted); *Beverly v. Wal-Mart Stores, Inc.*, CIV. A. 3:07CV469, 2008 WL 149032 (E.D. Va. Jan. 11, 2008) ("Simultaneous provision of a consumer report with a notice of adverse

action fails to satisfy § 1681b(b)(3)(A) requirement. Accordingly, the Court finds that a reasonable jury could find that defendant violated § 1681b(b)(3)(A) when it took adverse action before it provided plaintiff with a copy of his consumer report."); *Williams v. Telespectrum*, Civ. No. 3:05cv853 (E.D. Va. 2006) ("An employer must provide a copy of the report with "a sufficient amount of time before it takes adverse action so that the consumer may rectify any inaccuracies in the report.").

31. Despite knowing of these legal obligations, Defendant acted consciously in breaching its known duties and depriving Plaintiff of his rights under the FCRA.

32. Defendant's violation of 15 U.S.C. § 1681b(b)(3)(A) was willful, rendering it liable under 15 U.S.C. § 1681n. In the alternative, Defendant was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

33. Because of this conduct by Defendant, Plaintiff suffered actual damages including without limitation, by example only and as described on his behalf by counsel: loss of employment, denial of statutorily required information, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

      a. An award of actual, statutory and punitive damages;

      b. An award of pre-judgment and post-judgment interest as provided by law;

      c. An award of attorney's fees and costs; and

      d. Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

**PLAINTIFF hereby demands a jury trial on all claims for which he has a right to a jury.**

DATED: February 9, 2023

                By: /s/ Andrew Weiner
                    Andrew L. Weiner
                    Georgia Bar No. 808278
                    Jeffrey B. Sand
                    Georgia Bar No. 181568
                    WEINER & SAND LLC
                    800 Battery Avenue SE
                    Suite 100
                    Atlanta, GA  30339
                    (404) 254-0842 (Tel.)
                    (866) 800-1482 (Fax)
                    aw@wsjustice.com
                    js@wsjustice.com

                    COUNSEL FOR PLAINTIFF