## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| THI TRAN, A# 218101006,<br><br>  915 W Peachtree ST NW,<br>  Unit 15108,<br>  Atlanta, GA 30309-4338<br><br>  Plaintiff,<br><br>v.<br><br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,<br><br>Serve:  U.S. Citizenship & Immigration<br>          Services<br>          5900 Capital Gateway Dr<br>          Camp Springs, MD 20588<br><br>UR MENDOZA JADDOU, Senior Official Performing the Duties of the Director of the United States Citizenship and Immigration Services,<br><br>Serve:  U.S. Citizenship & Immigration<br>          Services<br>          5900 Capital Gateway Dr<br>          Camp Springs, MD 20588<br><br>and,<br><br>TERRI ROBINSON, Director of the National Benefits Center of the United States Citizenship and Immigration Services,<br><br>Serve:  Terri Robinson<br>          USCIS<br>          850 NW Chipman Rd, Suite 5000<br>          Lee's Summit, MO 64063 | Case No. |

1

Defendants.

# COMPLAINT IN THE NATURE OF MANDAMUS ARISING FROM DEFENDANTS' REFUSAL TO ADJUDICATE PLAINTIFF'S APPLICATION TO ADJUST STATUS

Plaintiff Thi Tran respectfully requests a hearing before this Honorable Court to make a determination on Plaintiff's application to adjust status, or alternatively requesting that this Honorable Court issue a writ of mandamus compelling Defendants to adjudicate Plaintiff's long-delayed application to adjust status.

## PARTIES

1. Plaintiff Thi Tran is a citizen of Vietnam.

2. On October 15, 2020, Plaintiff filed an I-140 Petition for an Individual with an Advanced Degree or Exceptional Ability with National Interest Waiver.

3. Defendants approved the I-140 Petition on April 28, 2022. This approval rendered Plaintiff Thi Tran eligible to adjust status.

4. Plaintiff filed a timely I-485 Application for Adjustment of Status on May 17, 2021. Defendants assigned Receipt Number MSC2191328238 to Plaintiff's case.

5. USCIS completed the fingerprinting and photographing of Thi Tran as part of the processing of the pending application.

6. Defendants have not conducted an interview on Plaintiff's pending green card application.

7. Since Thi Tran filed the application with USCIS, Plaintiff has made repeated requests to have the green card case finally adjudicated.

8. Despite numerous calls to USCIS and their attempts to prompt movement on the case, Thi Tran's application to adjust status has remained pending far longer than is reasonable.

9. USCIS has refused to adjudicate Thi Tran's application in accordance with

applicable legal criteria.

10. Plaintiff brings this action to compel the USCIS to finally adjudicate the pending application as required by law.

11. Defendant United States Citizenship and Immigration Services (hereinafter sometimes referred to as "the USCIS") is the component of the DHS that is responsible for processing adjustment of status applications.

12. Defendant Ur Mendoza Jaddou, Senior Official Performing the Duties of the Director of the USCIS, is the highest ranking official within the USCIS. Jaddou is responsible for the implementation of the INA and for ensuring compliance with all applicable federal laws, including the APA. Jaddou is sued in an official capacity as an agent of the government of the United States.

13. Defendant Terri Robinson is the Director of the USCIS National Benefits Center and is sued only in an official capacity, as well as any successors and assigns. The National Benefits Center has jurisdiction over applications for adjustment of status for immigrants in Atlanta, GA, where Plaintiff resides. Robinson is responsible for the implantation of the INA and for ensuring compliance with all applicable federal laws, including the APA. Terri Robinson is sued in an official capacity as an agent of the government of the United States.

## JURISDICTION AND VENUE

14. This Honorable Court has federal question jurisdiction over this cause pursuant to 28 U.S.C. § 1331, as it raises claims under the Constitution of the United States, the INA, 8 U.S.C. § 1101 et seq., and the APA, 5 U.S.C. § 701 et seq, in conjunction with the Mandamus Act, 28 USC § 1361.

15. Venue is proper pursuant to 28 U.S.C. § 1391(e)(1) because (1) Defendants are agencies of the United States or officers or employees thereof acting in their official capacity or

under color of legal authority; (2) no real property is involved in this action, and; (3) the Plaintiff resides within this district.

**FIRST CLAIM FOR RELIEF**
**(Agency Action Unlawfully Withheld and Unreasonably Delayed)**

For the first claim for relief against all Defendants, Plaintiff alleges and states as follows:

16. Plaintiff realleges and incorporates by reference the foregoing paragraphs as though fully set out herein.

17. The APA requires that "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b). Section 555(b) creates a non-discretionary duty to conclude agency matters. *Litton Microwave Cooking Prods. v. NLRB*, 949 F.2d 249, 253 (8th Cir. 1991). A violation of this duty is a sufficient basis for mandamus relief.

18. The APA permits this Honorable Court to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).

19. Plaintiff alleges that the application has been in administrative processing beyond a reasonable time period for completing administrative processing of the adjustment of status application.

20. The combined delay and failure to act on Thi Tran's adjustment of status application is attributable to the failure of Defendants to adhere to their legal duty to avoid unreasonable delays under the INA and the applicable rules and regulations.

21. There are no alternative adequate or reasonable forms of relief available to Plaintiff.

22. Plaintiff has exhausted all available administrative remedies in pursuit of a resolution of this matter, including repeatedly requesting the processing of the case with the

USCIS via phone and InfoPass appointments.

## SECOND CLAIM FOR RELIEF
### (Violation of Right to Due Process of Law)

For the second claim for relief against all Defendants, Plaintiff alleges and states as follows:

23. Plaintiff realleges and incorporates by reference the foregoing paragraphs as though fully set out herein.

24. The right to fundamental fairness in administrative adjudication is protected by the Due Process Clause of the Fifth Amendment to the United States Constitution. Plaintiff may seek redress in this Court for Defendants' combined failures to provide a reasonable and just framework of adjudication in accordance with applicable law.

25. The combined delay and failure to act by Defendants has violated the due process rights of Plaintiff.

26. The combined delay and failure to act by Defendants has irrevocably harmed Plaintiff in the denial of an opportunity to claim lawful permanent resident status, as well as the ability to sponsor family members for residence in the U.S. and in various other ways.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff Thi Tran requests the following relief:

1. That this Honorable Court assume jurisdiction over this action;

2. That this Honorable Court issue a writ of mandamus compelling Defendants to promptly complete all processing of Thi Tran's application to adjust status within sixty days;

3. That this Honorable Court take jurisdiction of this matter and adjudicate Thi Tran's application to adjust status pursuant to this Court's declaratory judgment authority;

4. That this Honorable Court issue a writ of mandamus compelling Defendants to

issue a green card to Thi Tran;

5. That this Honorable Court issue a writ of mandamus compelling Defendants to explain to Plaintiff the cause and nature of the delay and inform Plaintiff of any action they may take to accelerate processing of the application to adjust status;

6. Attorney's fees, legal interests, and costs expended herein, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412;

7. Such other and further relief as this Honorable Court may deem just and proper.

**RESPECTFULLY SUBMITTED**
**February 1, 2023**

**/s/ Steven Miles Lefkoff**
Steven Miles Lefkoff
Lefkoff Law, LLC
860 Johnson Ferry Road
Ste 140-323
Atlanta, GA 30342
404-482-2228
Fax: 404-574-2724
Email: steven@lefkofflaw.com

**/s/ James O. Hacking, III**
James O. Hacking, III
Hacking Immigration Law, LLC
10121 Manchester Road, Suite A
St. Louis, MO 63122
(O) 314.961.8200
(F) 314.961.8201
(E) jim@hackingimmigrationlaw.com

**ATTORNEYS FOR PLAINTIFF**
**THI TRAN**