No. __23A00049__

**Date Summons Issued and E-Filed**

1/5/2023

/s/ Monica Gay
_____
Deputy Clerk

Deposit Paid $ _____

☒ **JURY**

**STATE COURT OF DEKALB COUNTY**
GEORGIA, DEKALB COUNTY

**SUMMONS**

CHARLES TURNER
_____
5590 REGENCY FOREST COURT
LITHONIA, GA 30038
_____
Plaintiff's name and address

vs.

QUIKTRIP CORPORATION
_____
C/O CT Corporation
289 S CULVER ST., LAWRENCEVILLE, GA 30046
_____
Defendant's name and address

**TO THE ABOVE-NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of State Court, Suite 230, 2nd Floor, Administrative Tower, DeKalb County Courthouse, 556 N. McDonough Street, Decatur, Georgia 30030 and serve upon the plaintiff's attorney, to wit:

DANIEL A. BROWN, ESQ.
_____
**Name**

1001 VIRGINIA AVENUE, SUITE 350, ATLANTA, GA 30354
_____
**Address**

(770) 255-9310     paralegalbrownlaw@gmail.com; info@danielabrownlaw.com     272490
_____
**Phone Number**                                                                 **Georgia Bar No.**

an **ANSWER** to the complaint which is herewith served upon you, within thirty (30) days after service upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. The answer or other responsive pleading can be filed via electronic filing through eFileGA via www.eFileGA.com or, if desired, at the e-filing public access terminal in the Clerk's Office at 556 N. McDonough Street, Decatur, Georgia 30030

_____
**Defendant's Attorney**

_____
**Address**

_____
**Phone No.**          **Georgia Bar No.**

_____
**Third Party Attorney**

_____
**Address**

_____
**Phone No.**          **Georgia Bar No.**

**TYPE OF SUIT**

☒ Personal Injury  ☐ Products Liability
☐ Contract  ☐ Medical Malpractice
☐ Legal Malpractice  ☐ Product Liability
☐ Other

Principal $ __TBD__

Interest $ __TBD__

Atty Fees $ __TBD__

Access to the e-filing site and the rules is available at www.dekalbstatecourt.net
To indicate consent to e-service check the box below.
☒ (Plaintiff consents to e-service pursuant to OCGA 9-11-5 (f). The email address for service appears in the complaint.

E-file summons1-2016

STATE COURT OF
DEKALB COUNTY, GA.
1/5/2023 10:08 AM
E-FILED
BY: Monica Gay

IN THE STATE COURT OF DEKALB
COUNTY STATE OF GEORGIA

| | |
|---|---|
| **CHARLES TURNER,** | ) |
| Plaintiff, | ) CIVIL ACTION FILE NO. 23A00049 |
| | ) |
| v. | ) |
| | ) |
| **QUIKTRIP CORPORATION,** | ) JURY TRIAL DEMANDED |
| Defendant. | ) |

## COMPLAINT FOR DAMAGES

Comes now Plaintiff in the above styled action, and files this Complaint for Damages against the above Defendant, QUIKTRIP CORPORATION and states as follows:

### JURISDICTION, VENUE AND PARTIES

1.

This court has subject matter jurisdiction over this action pursuant to O.C.G.A.§ 15-7-4 a (2).

2.

Defendant, **QUIKTRIP CORPORATION**, (hereafter "QuikTrip") is a foreign corporation which operates a business in the State of Georgia at the following address: 2776 Panola Road, Lithonia, GA 30058, and will be subject to the venue and jurisdiction of this Court when served with a copy of this Summons and Complaint through its Registered Agent: CT Corporation System, 289 S Culver St., Lawrenceville, GA 30046.

3.

Venue is proper in this court pursuant to Article VI, Section II, Paragraph VI of the Constitution of the State of Georgia because Plaintiff's accident occurred on the property of the Defendant in DeKalb County, Georgia.

<u>Charles Turner v. QuikTrip Corporation</u>
DeKalb County State Court

STATE COURT OF
DEKALB COUNTY, GA.
1/5/2023 10:08 AM
E-FILED
BY: Monica Gay

## STATEMENT OF FACTS

4.

The preceding paragraphs are hereby incorporated by reference as if set forth herein.

5.

On December 11, 2021, Plaintiff, **CHARLES TURNER**, was a patron at the QuikTrip gas and convenience store at QuikTrip #747, located at 2776 Panola Road, Lithonia, GA 30058.

9.

Plaintiff slipped and fell on a wet floor mat upon entering the building.

10.

The water surrounding the mat and/or the wet floor mat was the sole cause of Plaintiff's injuries.

11.

There were no warning signs near the area of the floor at the time of the fall.

12.

Defendant had exclusive ownership, possession, and control over the store at all times relevant to this litigation.

13.

As a result of Plaintiff's fall, Mr. Charles Turner suffered injuries to his neck and beck, nerve damage in his hands, and has endured substantial pain.

14.

Plaintiff experienced and will experience, past, present, and future pain and suffering as a result of his injuries.

## COUNT 1
## PREMISES LIABILITY

15.

All preceding paragraphs are hereby incorporated by reference as if set forth herein.

16.

Plaintiff was an invitee on the premises at the time of the fall.

17.

Defendant owed a non-delegable duty of reasonable care in keeping the premises safe for invitees such as Plaintiff under O.C.G.A. § 51-3-1.

18.

Defendant breached that duty to exercise reasonable care by failing to properly keep and tend their premises.

19.

Defendant is responsible for oversight of the safety and maintenance of the premises. Defendant is guilty of negligence for failing to ensure (1) that floors and walkways were in safe condition, and (2) that patrons were aware of any potential hazards.

20.

Defendant was further negligent in failing to properly inspect the area where the fall occurred and in failing to remove the hazardous condition and/or to take adequate measures to protect invites from the hazard and keep the premises safe.

21.

Defendant knew or should have known that the water on the ground posed a danger to invitees on the premises.

22.

Defendant should have changed, altered, removed or warned invitees about the wet floor and wet floor mat to avoid on the premises.

23.

Plaintiff did not know and could not reasonably have learned of the danger posed by the wet floor and wet floor mat.

<u>**Charles Turner v. QuikTrip Corporation**</u>
DeKalb County State Court

3

24.

Defendant's negligence was the sole and proximate cause of Plaintiff's resulting injuries.

25.

As a result of Defendant's negligence, Plaintiff has incurred past medical expenses and will continue to incur medical expenses in the future.

26.

As a result, of Defendant's negligence, Plaintiff has incurred mental and physical pain and suffering and has sustained neurological damage which will require ongoing physical treatment.

## COUNT 2
## VICARIOUS LIABILITY

27.

Plaintiff realleges and incorporates herein the allegations contained in paragraph 1 through 26 above as if fully restated.

28.

At all times relevant to this action, the individuals responsible for inspecting and maintaining the area where Plaintiff fell were employed by Defendant and were acting within the scope of their employment.

29.

Defendant, **QUIKTRIP CORPORATION**, is responsible for the conduct of these individuals under the doctrine of *respondent superior*, agency or apparent agency.

## PRAYERS FOR RELIEF

**WHEREFORE**, Plaintiff demands a jury trial and the following:

a) That Summons and Process issue and that the named Defendant be served with a copy of this Complaint and that Defendant be required to appear and answer;

b) That Plaintiff be awarded compensatory and/or punitive damages against the Defendant, in such an amount as may be shown by the evidence and as may be

determined in the enlightened conscience of the jury;

c) That Defendant be charged with all Court costs attributable to this action and such other costs reasonably incurred in the prosecution and trial of this case;

d) That Plaintiff be granted a judgment against Defendant for general damages and the special damages for all of the Plaintiff's hospital bills;

e) That Plaintiff be granted such other and further relief as may be shown by the evidence and the law, and as this Court may deem just and appropriate.

This __5th__ day of January, 2023.

                                              Respectfully submitted,

                                              */s/ Daniel A. Brown*
                                              Daniel A. Brown, Esq.
                                              Georgia Bar No. 272490
                                              Attorney for Plaintiff

**The Law Office of Daniel A. Brown**
1001 Virginia Avenue, Suite 350
Atlanta, Georgia 30354
P: (770) 255-9310
E: <u>Info@danielabrownlaw.com</u>

STATE COURT OF
DEKALB COUNTY, GA.
1/5/2023 10:08 AM
E-FILED
BY: Monica Gay

<u>**Charles Turner v. QuikTrip Corporation**</u>
DeKalb County State Court

5

IN THE STATE COURT OF DEKALB COUNTY

STATE OF GEORGIA

| | | |
|---|---|---|
| CHARLES TURNER, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CIVIL ACTION |
| QUIKTRIP CORPORATION, | ) ) ) | FILE NO. 23A00049 |
| Defendant. | ) ) ) | |

## DEFENSES AND ANSWER

COMES NOW, Defendant QUIKTRIP CORPORATION, appearing specially without submitting to the jurisdiction and venue of this Court, and files its Defenses and Answer to Plaintiff's Complaint for Damages, and shows the Court as follows:

### FIRST DEFENSE

The Plaintiff's Complaint fails to state a claim against Defendant upon which relief can be granted.

### SECOND DEFENSE

Jurisdiction is improper as to this Defendant.

### THIRD DEFENSE

Venue is improper as to this Defendant.

### FOURTH DEFENSE

### ANSWER

Defendant responds to the allegations of Plaintiff's Complaint as follows:

1.

Defendant denies the averments contained in paragraph 1 of Plaintiff's Complaint.

2.

Defendant denies the averments contained in paragraph 2 of Plaintiff's Complaint.

3.

Defendant denies the averments contained in paragraph 3 of Plaintiff's Complaint.

4.

Defendant incorporates by reference its responses to paragraphs 1-3 of Plaintiff's Complaint as if fully set forth herein below.

5.

Defendant admits the averments contained in paragraph 5 of Plaintiff's Complaint.

6.

There is no paragraph 6 on Defendant's copy of Plaintiff's Complaint, but to the extent such a paragraph exists, the allegations of said paragraph are denied.

7.

There is no paragraph 7 on Defendant's copy of Plaintiff's Complaint, but to the extent such a paragraph exists, the allegations of said paragraph are denied.

8.

There is no paragraph 8 on Defendant's copy of Plaintiff's Complaint, but to the extent such a paragraph exists, the allegations of said paragraph are denied.

9.

Defendant denies the averments contained in paragraph 9 of Plaintiff's Complaint.

10.

Defendant is without knowledge and information sufficient to form a belief as to the truth of the averments contained in paragraph 10 of Plaintiff's Complaint.

11.

Defendant denies the averments contained in paragraph 11 of Plaintiff's Complaint.

12.

Defendant admits the averments contained in paragraph 12 of Plaintiff's Complaint.

13.

Defendant denies the averments contained in paragraph 13 of Plaintiff's Complaint.

14.

Defendant denies the averments contained in paragraph 14 of Plaintiff's Complaint.

15.

Defendant incorporates by reference its responses to paragraphs 1-14 of Plaintiff's Complaint as if fully set forth herein below.

16.

Defendant denies the averments contained in paragraph 16 of Plaintiff's Complaint.

17.

Defendant denies the averments contained in paragraph 17 of Plaintiff's Complaint.

18.

Defendant denies the averments contained in paragraph 18 of Plaintiff's Complaint.

19.

Defendant denies the averments contained in paragraph 19 of Plaintiff's Complaint.

20.

Defendant denies the averments contained in paragraph 20 of Plaintiff's Complaint.

21.

Defendant denies the averments contained in paragraph 21 of Plaintiff's Complaint.

22.

Defendant denies the averments contained in paragraph 22 of Plaintiff's Complaint.

23.

Defendant denies the averments contained in paragraph 23 of Plaintiff's Complaint.

24.

Defendant denies the averments contained in paragraph 24 of Plaintiff's Complaint.

25.

Defendant denies the averments contained in paragraph 25 of Plaintiff's Complaint.

26.

Defendant denies the averments contained in paragraph 26 of Plaintiff's Complaint.

27.

Defendant incorporates by reference its responses to paragraphs 1-26 of Plaintiff's Complaint as if fully set forth herein below.

28.

Defendant denies the averments contained in paragraph 28 of Plaintiff's Complaint.

29.

Defendant denies the averments contained in paragraph 29 of Plaintiff's Complaint.

**FIFTH DEFENSE**

Defendant denies each and every averment contained in the paragraph beginning with the word "WHEREFORE" in the Plaintiff's Complaint.  Any allegations or averments contained in Plaintiff's Complaint not specifically responded to above are hereby denied.

WHEREFORE, Defendant QUIKTRIP CORPORATION, having fully answered, demands that it be discharged with all costs cast upon the Plaintiff.

Respectfully submitted,

**DOWNEY & CLEVELAND, LLP**


By: /s/ Sean L. Hynes
      Sean L. Hynes
      Georgia State Bar No. 381698
      hynes@downeycleveland.com
      Attorneys for Defendant

Downey & Cleveland, LLP
288 Washington Avenue
Marietta, GA 30060-1979
T: 770-422-3233
F: 770-423-4199

STATE COURT OF
DEKALB COUNTY, GA.
2/8/2023 11:07 AM
E-FILED
BY: Patricia Harris

## **CERTIFICATE OF SERVICE**

This is to certify that I have this day served the following counsel of record with a true and correct copy of the foregoing pleading via electronic service and/or by depositing said copy in the United States Mail, with sufficient postage affixed thereon, and properly addressed to the following:

Daniel A. Brown, Esq.
The Law Office of Daniel A. Brown
1001 Virginia Avenue, Suite 350
Atlanta, Georgia 30354

This 8th day of February, 2023.

**DOWNEY & CLEVELAND, LLP**

By: /s/ Sean L. Hynes
    Sean L. Hynes
    Georgia State Bar No. 381698

STATE COURT OF
DEKALB COUNTY, GA.
2/8/2023 11:07 AM
E-FILED
BY: Patricia Harris