IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MARK SEYMOUR,

Plaintiff,

v.

AL RAHIM, LLC; ABDULKADIR
SHEIKH; and OOIDA RISK
RETENTION GROUP, INC.,

Defendants.

CIVIL ACTION
FILE NO.:

## NOTICE OF REMOVAL

COMES NOW Defendant OOIDA RISK RETENTION GROUP, INC. ("OOIDA"), by and through the undersigned counsel, and without waiving any defenses as to personal jurisdiction, venue, process, or service of process, and pursuant to 28 U.S.C. § 1441(a) and (c), hereby files this Notice of Removal, respectfully showing the Court as follows:

1.

Plaintiff Mark Seymour ("Plaintiff") filed this personal injury action on August 18, 2022 in the State Court of Fulton County, Georgia, Civil Action File No. 22EV004749, Al Rahim, LLC; Abdulkadir Sheikh; and OOIDA Risk Retention

M0993281.1 15243

Group, Inc.  Copies of all pleadings and process filed in the state court action and/or served are attached hereto as Exhibit A.

## Complete Diversity Jurisdiction Exists

2.

Plaintiff is a citizen of Georgia. See Exhibit A, Amended Complaint ¶ 3.

3.

At the time of the filing of the Complaint, the Amended Complaint, and to-date, Defendant Abdulkadir Sheikh ("Sheikh") was and is a citizen and resident of the State of Utah.  See Exhibit A, Amended Complaint ¶ 4.

4.

Defendant Al Rahim, LLC is and has been at all relevant times a Utah limited liability company with its principal place of business in Utah.  Al Rahim, LLC's sole member is Abdulkadir Sheikh.  Sheikh is a citizen and resident of the State of Utah. Thus, for purposes of diversity jurisdiction, Al Rahim, LLC is considered a citizen of the State of Utah.

5.

Defendant OOIDA Risk Retention Group, Inc. was, and currently is, a corporation organized and existing under the laws of the State of Vermont with its principal place of business located at 1 NW OOIDA Drive, City of Grain Valley,

State of Missouri.  Defendant OOIDA is a Vermont corporation and is considered a

citizen of the State of Missouri or the State of Vermont for the purposes of

determining federal diversity jurisdiction.  Defendant OOIDA was served with the

Summons and Complaint on January 10, 2023.

6.

Complete diversity of citizenship exists between Plaintiff and Defendants for

purposes of 28 U.S.C. § 1332(c)(1).

**The Amount in Controversy Exceeds $75,000.00**

7.

Plaintiff seeks judgment against the named Defendants for sums in excess of

$75,000.00, exclusive of interest and costs.  In his Complaint and Amended

Complaint, Plaintiff alleges that he was injured as the result of an automobile

accident.  Plaintiff alleges that he sustained severe and permanent injuries and seeks

to recover past and future medical expenses and past and future lost income.

Alleging injuries to his neck, head, left shoulder and left wrist, Plaintiff claims to

suffer pain, disability, and loss of earning capacity  Plaintiff seeks special damages

and general damages for past and future pain and suffering.  Finally, Plaintiff seeks

judgment against each defendant for punitive damages.  The undersigned counsel

for Defendant has asked Plaintiff's counsel whether Plaintiff will stipulate that he is not seeking damages in excess of $75,000 but has not received a response.

**Removal is Timely and Proper**

8.

With respect to removal on the basis of diversity jurisdiction, this removal is timely because it has been filed within thirty (30) after receipt by or service on Defendant OOIDA of the initial pleading or summons.  28 U.S.C. § 1446(b)(2)(B).

9.

Moreover, removal is proper because all Defendants, whether served or not served, consent to removal.

**Venue is Proper in the Northern District**

10.

The United States District Court for the Northern District of Georgia is the proper venue for removal under 28 U.S.C. § 1441(a) because the Northern District, Atlanta Division, encompasses Fulton County. *See* 28 U.S.C. § 90(a)(2).

**Removal is Proper**

11.

No previous application for the relief sought herein has been made to this or any other Court.

12.

Good and sufficient defenses to Plaintiff's claims exist.

13.

Within thirty (30) days after service on Defendant, notice is hereby given in accordance with 28 U.S.C. § 1446 and Rule 11 of the Federal Rules of Civil Procedure of the removal of said action to this Court.

14.

Promptly after it is filed with this Court, Defendant OOIDA will give written notice of the filing of this Notice of Removal to Plaintiff and to the Clerk of the State Court of Fulton County.

Respectfully submitted this 9th day of February, 2023.

MCMICKLE, KUREY & BRANCH, LLP

/s/ Jon M. Hughes
SCOTT W. MCMICKLE
Georgia Bar No. 497779
JON M. HUGHES
Georgia Bar No. 835057

217 Roswell Road, Suite 200    **Attorneys for Defendants**
Alpharetta, Georgia  30009
Telephone:  (678) 824-7800
Facsimile:  (678) 824-7801
swm@mkblawfirm.com
jhughes@mkblawfirm.com

-6-

## CERTIFICATE OF COMPLIANCE

The undersigned hereby certifies that the foregoing pleading complies with the font and point selections approved by the Court in Local Rule 5.1.C. This pleading has been prepared in Times New Roman, 14-point font.

This 9th day of February, 2023.

/s/ Jon M. Hughes
JON M. HUGHES
For the Firm

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on this date I have electronically filed the foregoing

**NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system which

will automatically send email notification of such filing to the following attorneys

of record:

Ashley Pitts
WLG ATLANTA, LLC
Bank of America Plaza
600 Peachtree Street NE, Suite 4010
Atlanta, GA 30308
ashley.pitts@witheritelaw.com

This 9th day of February, 2023.

*/s/ Jon M. Hughes*
JON M. HUGHES
For the Firm