# EXHIBIT "A"

State Court of Fulton County
**E-FILED**
22EV004749
8/18/2022 4:44 PM
Christopher G. Scott, Clerk
Civil Division

## General Civil and Domestic Relations Case Filing Information Form

☐ Superior or ☑ State Court of ___Fulton_____ County

| For Clerk Use Only |
|---|
| Date Filed _____         Case Number _____ |
| **MM-DD-YYYY** |

**Plaintiff(s)**
Seymour, Mark

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Defendant(s)**
AL Rahim, LLC

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

Sheikh, Abdulkadir

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

OOIDA Risk Retention Group, Inc.

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Plaintiff's Attorney** Ashley Pitts          **Bar Number** 481759      **Self-Represented** ☐

### Check One Case Type in One Box

**General Civil Cases**

- ☑ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**

- ☐ Adoption
- ☐ Dissolution/Divorce/Separate Maintenance
- ☐ Family Violence Petition
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

**Post-Judgment – Check One Case Type**

- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Modification
- ☐ Other/Administrative

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____          _____
**Case Number**                      **Case Number**

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
**Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.
_____
_____

State Court of Fulton County
**E-FILED**
22EV004749
8/18/2022 4:44 PM
Christopher G. Scott, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| MARK SEYMOUR; | |
| Plaintiff, | CIVIL ACTION |
| v. | FILE NO. _____ |
| AL RAHIM, LLC;<br>ABDULKADIR SHEIKH; and<br>OOIDA RISK RETENTION GROUP, INC.; | |
| Defendants. | **JURY TRIAL DEMANDED** |

## COMPLAINT FOR DAMAGES

COMES NOW MARK SEYMOUR, ("Plaintiff"), by and through his counsel of record, and files this Complaint for Damages, showing this Honorable Court as follows:

### PARTIES AND JURISDICTION

1.

This is an action for personal injury damages arising out of a motor vehicle collision that occurred on December 10, 2020, in Fulton County, Georgia.

### PARTIES, JURISDICTION, AND VENUE

2.

Plaintiff sustained personal injuries and damages as a result of a motor vehicle collision that occurred at approximately 1:49 pm on December 10, 2020, in Fulton County, Georgia.

3.

Plaintiff is a citizen of Fulton County, Georgia.

4.

Defendant Abdulkadir Sheikh ("Sheikh") resides at 3769 Bent Willow Place, Apt. C, West Valley City, Salt Lake County, Utah 84119, and may be served with a copy of the Summons and Complaint at this address.

**COMPLAINT FOR DAMAGES – Page 1**

5.

Sheikh may also be served with a copy of the Summons and Complaint through the Georgia Secretary of State pursuant to O.C.G.A. § 40-12-2 as Sheikh is a non-resident motorist and lives in a state other than Georgia.

6.

Sheikh is subject to the jurisdiction of this Court pursuant to O.C.G.A. § 40-12-1, known as Georgia's Non-resident Motorist Act. Sheikh is also subject to the jurisdiction of this Court pursuant to O.C.G.A. § 9-10-91, as Sheikh committed a tortious act and/or omission within the State of Georgia.

7.

Once served with process, Sheikh is subject to the jurisdiction and venue of this Court.

8.

Sheikh was properly served with process in this civil action.

9.

Sheikh was sufficiently served with process in this civil action.

10.

Sheikh is subject to the jurisdiction of this Court.

11.

Defendant Al Rahim, LLC ("Al Rahim") is a foreign corporation with its principal place of business in a state other than Georgia and is a federal motor carrier authorized to transport goods for hire in interstate commerce by the Federal Motor Carrier Safety Administration. Al Rahim has a U.S. Department of Transportation Number 3098515.

12.

Al Rahim is subject to the jurisdiction of this Court, pursuant to O.C.G.A. § 40-1-117(b), because this action may be brought in the county where the cause of action or some part thereof arose.

**COMPLAINT FOR DAMAGES – Page 2**

13.

Al Rahim may be served with process by delivering a copy of the Summons and Complaint upon its registered agent: Abdulkadir Sheikh at 5442 South 900 East, Suite 243, Salt Lake City, Salt Lake County, Utah 84117. Once served with process, Al Rahim is subject to the jurisdiction and venue of this Court

14.

Al Rahim may also be served with process by delivering a copy of the Summons and Complaint upon the Georgia Secretary of State pursuant to O.C.G.A. § 40-1-117 as Al Rahim is a non-resident motor carrier.

15.

Al Rahim was properly served with process in this civil action.

16.

Al Rahim was sufficiently served with process in this civil action.

17.

Al Rahim is subject to the jurisdiction of this Court.

18.

Defendant OOIDA Risk Retention Group, Inc. ("OOIDA") is a foreign corporation with its principal place of business in a state other than Georgia and is authorized to transact business in the state of Georgia.

19.

At the time of the Subject Complaint, Al Rahim had automobile liability coverage for any damages that were caused through the negligent operation of the commercial motor vehicle that Sheikh was operating at the time of the subject collision.

20.

The liability coverage for the collision described in this Complaint is being provided to Al Rahim through a policy of insurance issued by OOIDA and further identified as Policy Number

**COMPLAINT FOR DAMAGES – Page 3**

PL199530920A, which provides coverage to Al Rahim for any damages, including bodily injury, that were caused through the negligent operation of the commercial motor vehicle that Sheikh was operating at the time of the subject collision.

21.

OOIDA is subject to the jurisdiction of this Court, pursuant to O.C.G.A. §§ 40-1-112 and/or 40–2–140, because OOIDA was the insurer providing liability coverage for the defendant motor carrier Al Rahim at the time of the collision described in this Complaint.

22.

OOIDA may be served with the Summons and Complaint upon its registered agent: Heather Ross at 2233 Wisconsin Avenue, Suite 310, Washington, District of Columbia County, DC 20007.

23.

Once served with process as described in this paragraph, OOIDA is subject to the jurisdiction and venue of this Court.

24.

OOIDA may also be served pursuant to O.C.G.A §§ 14-2-1510 and/or 33-4-3.

25.

Venue in the above-styled civil action is proper in this County and Court.

<u>FACTS</u>

26.

Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

27.

On or about December 10, 2020, at approximately 1:49 pm, Plaintiff was operating a white 2007 Acura MDX and was travelling north on Fulton Industrial Boulevard at its intersection with Westgate Parkway in Fulton County, Georgia.

**COMPLAINT FOR DAMAGES – Page 4**

28.

On or about December 10, 2020, at approximately 1:49 pm, Sheikh was operating a white 2013 Volvo tractor-trailer, during the course and scope of his employment with Al Rahim, heading east on Westgate Parkway at its intersection with Fulton Industrial Boulevard in Fulton County, Georgia.

29.

On or about December 10. 2020, at approximately 1:49 pm, Sheikh had to cross over four lanes of traffic in order to turn left onto Fulton Industrial Boulevard.

30.

On or about December 10, 2020 at approximately 1:49 pm,  Sheikh began to make a left-hand turn across four lanes of traffic.

31.

Suddenly and without warning, Sheikh slammed Al Rahim's tractor-trailer into the rear driver's side of Plaintiff's vehicle causing Plaintiff to suffer injuries.

32.

At all times related to the Subject Collision, Plaintiff was acting in a reasonable and prudent manner.

33.

Defendants do not blame Plaintiff for causing or contributing to the cause of the Subject Collision.

34.

Defendants are 100% at fault for causing the Subject Collision.

35.

No act or failure to act on the part of the Plaintiff caused or contributed to the cause of the Subject Collision.

36.

No act or failure to act on the part of any third party caused or contributed to the cause of the Subject Collision.

37.

No act or failure to act on the part of the Plaintiff caused or contributed to the cause of Plaintiff's claimed injuries.

38.

No act or failure to act on the part of any third party caused or contributed to the cause of Plaintiff's claimed injuries.

39.

Defendants agree that they should fairly compensate Plaintiff for all injuries and damages that were caused by the Subject Collision.

40.

As a result of the collision, Plaintiff suffered serious and permanent injuries and damages.

**COUNT I: DIRECT ACTION AGAINST OOIDA RISK RETENTION GROUP, INC.**

41.

Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

42.

OOIDA provided liability insurance for the driver and/or truck that was involved in the subject motor vehicle collision.

43.

OOIDA agreed to provide insurance coverage to Al Rahim in consideration for the payment of insurance premiums.

44.

OOIDA was transacting business in the State of Georgia and in Fulton County, Georgia on the date of the subject incident, and at all material times hereto, and is subject to the venue of this Court pursuant to O.C.G.A. § 33-4-1.

45.

Plaintiff, as a member of the public injured due to a common carrier's negligence, is a third-party beneficiary to that agreement.

46.

Pursuant to O.C.G.A. §§ 40-1-112 and/or 40–2–140, OOIDA is subject to this Direct Action.

## COUNT II: NEGLIGENCE OF AL RAHIM, LLC

47.

Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

48.

At all times material hereto, Sheikh was an employee of Al Rahim.

49.

At all times material hereto, Sheikh was acting within the scope and course of his employment with Al Rahim.

50.

At all times material hereto, Sheikh was an agent of Al Rahim.

51.

At all times material hereto, Sheikh was acting within the scope and course of his agency with Al Rahim.

52.

At all times material hereto, Sheikh was authorized by Al Rahim to operate the tractor-trailer that was involved in the collision described in this Complaint.

**COMPLAINT FOR DAMAGES – Page 7**

53.

Al Rahim is liable for the negligent actions and omissions of Sheikh pursuant to the doctrine of *respondeat superior*.

54.

Al Rahim was the owner of the vehicle operated by Sheikh and is therefore liable for damages caused in this case.

55.

Al Rahim was also itself negligent in the following ways:

a.      Negligently hiring or contracting with Defendant Abdulkadir Sheikh to drive the vehicle at issue;

b.      Negligently training Defendant Abdulkadir Sheikh;

c.      Negligently entrusting Defendant Abdulkadir Sheikh to drive the vehicle professionally;

d.      Negligently retaining Defendant Abdulkadir Sheikh to drive the vehicle at issue;

e.      Negligently qualifying Defendant Abdulkadir Sheikh;

f.      Failing to supervise Defendant Abdulkadir Sheikh; and

g.      Otherwise failing to act as a reasonably prudent company under the circumstances.

56.

As a direct and proximate result of the negligence of Defendants Abdulkadir Sheikh and Al Rahim, LLC in the ensuing collision, Plaintiff sustained severe and permanent injuries.

57.

Al Rahim is liable for all damages allowed by law for the injuries, damages, and losses sustained by Plaintiff.

**COMPLAINT FOR DAMAGES – Page 8**

## COUNT III: NEGLIGENCE OF DEFENDANT ABDULKADIR SHEIKH

58.

Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

59.

At all relevant times, Sheikh owed the following civil duties to Plaintiff but violated those duties in the following ways:

a.      Failing to yield while turning left;

b.      Failing to activate his turn signal;

c.      Failing to maintain proper control of his vehicle;

d.      Failing to keep a proper lookout for traffic;

e.      Failing to make reasonable and proper observations while driving;

f.      Failing to timely apply the brakes of his vehicle in order to avoid the collision in question;

g.      Failing to keep an assured safe distance from Plaintiff's vehicle;

h.      Failing to drive at a reasonable and prudent speed under the conditions;

i.      Failing to obey traffic laws;

j.      Operating a cellular mobile device while driving; and

k.      Otherwise failing to act reasonably and prudently as a driver should under the circumstances.

60.

Sheikh was also negligent *per se* in that he violated a number of laws and regulations governing his operation of a vehicle, including:

a.      Failure to Yield While Turning Left (O.C.G.A.§ 40-6-71);

b.      Failing to Drive with Due Care (O.C.G.A. § 40-6-241);

c.      Failure to Drive Vehicle at a Reasonable and Prudent Speed Under the Conditions (O.C.G.A. § 40-6-180);

**COMPLAINT FOR DAMAGES – Page 9**

    d.      Failing to Obey Traffic Laws (O.C.G.A. § 40-6-1); and

    e.      Reckless Driving (O.C.G.A. § 40-6-390).

61.

As a result of Sheikh's negligence, Plaintiff suffered severe and permanent injuries.

62.

As a direct and proximate result of the negligence and negligence per se of Sheikh, Plaintiff has incurred and are entitled to recover special damages, including, but not limited to, past and future medical expenses and past and future lost income, and other miscellaneous expenses, in an amount that will be proved at trial. Plaintiff is also entitled to recover for his general damages, including past and future pain and suffering and related damages.

## COUNT IV: COMBINED AND CONCURRING NEGLIGENCE

63.

Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

64.

Each of the Defendants acted in a manner which either alone, and/or combined and concurring with the actions of the other Defendants' acts of negligence described herein directly and proximately caused the collision and Plaintiff's injuries.

65.

As a direct and proximate result of the negligence of the Defendants, Plaintiff has incurred medical expenses in excess of $17,247.00.

66.

As a direct and proximate result of the negligence of the Defendants, Plaintiff sustained injuries to his neck, head, left shoulder, and left wrist.

67.

As a direct and proximate result of the negligence of the Defendants, Plaintiff was physically injured, has suffered, and will continue to suffer pain, disability, loss of earning capacity, loss of enjoyment of life, anxiety, and related damages.

68.

As a direct and proximate result of the breaches of duty by Defendants, Plaintiff is entitled to recover fair and full compensation for all injuries and damages that have been suffered as a proximate result of the collision and that will be suffered in the future as a result of the collision, including, without limitation, all special damages and compensatory damages, medical expenses, lost wages, and other necessary expenses, as well as fair and full compensation for all pain and suffering, including physical pain, mental and emotional suffering, shock of impact, disability, worry, anxiety, loss of enjoyment of life, loss of capacity to work, and other categories of damages provided for under the law.

**WHEREFORE**, Plaintiff prays that the following relief be granted:

a.    A trial by jury;

b.    For Summons and Complaint to issue against each Defendant;

c.    For judgment against each Defendant to compensate Plaintiff for his past and future injuries and damages;

d.    For judgment against each Defendant for attorneys' fees and expenses of litigation;

e.    For judgment against each Defendant for punitive damages as shown to be fair and appropriate at the trial of this case;

f.    Court costs, discretionary costs, and prejudgment interest; and

g.    For all such further and general relief which this Court deems just and proper.

**COMPLAINT FOR DAMAGES – Page 11**

Dated this 18th day of August, 2022.

                WLG Atlanta, LLC

                */s/ Ashley Pitts*
                Ashley Pitts
                Georgia State Bar Number 481759
                Martin Futrell
                Georgia State Bar Number 450872
                Attorneys For Plaintiff

Bank of America Plaza
600 Peachtree Street NE, Suite 4010
Atlanta, GA 30308
Telephone:    404-905-6020
Facsimile:    470-880-5095
E-Mail:      ashley.pitts@witheritelaw.com

State Court of Fulton County
**E-FILED**
22EV004749
8/18/2022 4:44 PM
Christopher G. Scott, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

MARK SEYMOUR;

      Plaintiff,

v.

AL RAHIM, LLC;
ABDULKADIR SHEIKH; and
OOIDA RISK RETENTION GROUP, INC.;

      Defendants.

CIVIL ACTION

FILE NO. _____

---

**PLAINTIFFS' FIRST INTERROGATORIES, FIRST REQUEST
FOR PRODUCTION OF DOCUMENTS, AND FIRST REQUEST
FOR ADMISSIONS TO DEFENDANT ABDULKADIR SHEIKH**

COMES NOW, Plaintiff MARK SEYMOUR ("Plaintiff"), by and through his counsel of record and pursuant to O.C.G.A. §§ 9-11-33, 9-11-34, and 9-11-36, hereby propounds the following Interrogatories, Request for Production of Documents, and Request for Admissions to Defendant Driver Abdulkadir Sheikh ("Sheikh") for response under oath pursuant to Rule 33, Rule 34, and Rule 36 of the Georgia Civil Practice Act and as required by law.

**DEFINITIONS**

As used herein, the terms listed below are defined as follows:

1.     The term "**Document**" as used herein shall be given a very broad definition to include every type of paper, writing, data, record, graphic, drawing, photograph, audio recording and video recording. The term includes material in all forms, including printed, written, recorded, or other. The term includes all files, records and data contained in any computer system, computer component and/or computer storage (e.g., hard drive, disc, magnetic tape, backup system, etc.). This term includes, but is not limited to, correspondence, reports, meeting minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders, invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules,

**PLAINTIFFS' FIRST INTERROGATORIES, FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, AND FIRST REQUEST FOR ADMISSIONS TO DEFENDANT ABDULKADIR SHEIKH – Page 1**

circulars, bulletins, notices, instructions, manuals, journals, e-mails, e-mail attachments, data

sheets, work sheets, statistical compilations, data processing cards, microfilms, computer

records (including printouts, disks or other magnetic storage media), tapes, photographs

(positive or negative prints), drawings, films, videotapes, hard drive recordings, pictures, and

voice recordings.  Plaintiff expressly intends for the term "Document" to include every copy of

such writing, etc. when such copy contains any commentary or notation whatsoever that does

not appear on the original and any attachments or exhibits to the requested document or any

other documents referred to in the requested document or incorporated by reference.

2.      "**Person**" means any natural person, corporation, partnership, proprietorship,

association, organization, group of persons, or any governmental body or subdivision thereof.

3.      (a)     "**Identify**" with respect to any "**person**" or any reference to stating the "**Identity**"

of any "**person**" means to provide the name, home address, telephone number, business name,

business address, and business telephone number of such person, and a description of each

such person's connection with the events in question.

        (b)     "**Identify**" with respect to any "**document**" or any reference to stating the

"**Identification**" of any "**document**" means to provide the title and date of each such document,

the name and address of the party or parties responsible for the preparation of each such

document, the name and address of the party who requested or required the preparation of the

document or on whose behalf it was prepared, the name and address of the recipient or

recipients of each such document, and the names and addresses of any and all persons who

have custody or control of each such document, or copies thereof.

4.      "**Subject Collision**" means the collision described in the Complaint.

5.      "**You**", "**Your**", or "**Sheikh**" means Defendant Driver ABDULKADIR SHEIKH.

6.      "**Al Rahim**" means Defendant AL RAHIM, LLC.

7.      "**Similar**" shall have the meaning given in the American Heritage Dictionary, which is

"showing some resemblance; related in appearance or nature; alike but not identical." As used

here, the word "similar" shall not be limited as if modified by the word "substantially" and shall not mean "the same". If you limit the information provided because you use another interpretation of the word "similar," please state the interpretation you are using and reveal the nature of the information withheld.

8.      The terms "**and**" as well as "**or**" shall be each construed conjunctively and disjunctively as necessary to bring within the scope of each interrogatory and request for documents all information and documents that might otherwise be construed to be outside its scope. The term "**and/or**" shall be construed likewise.

9.      Whenever necessary to bring within the scope of an interrogatory or request for production of documents any information or document that might otherwise be construed to be outside its scope:  (i) the use of a verb in any tense shall be construed as the use of the verb in all other tenses; (ii) the use of the singular shall be construed as the use of the plural and vice versa; and (iii) "**any**" includes "all," and "**all**" includes "any."

10.      With regard to any term used herein that is deemed by the responding party as being ambiguous or vague, a term shall be construed in its broadest sense to encompass all reasonable definitions of that term.

## INTERROGATORIES

### YOUR BACKGROUND INFORMATION

**INTERROGATORY NO. 1**

State your full name, address, date and place of birth, and social security number. If you have ever been known by any name(s) other than the one you identify, please state each such name and for each such name explain when you were known by that name, whether you had a separate social security number and/or driver's license in that name and explain why you changed names or went by more than one name.

**INTERROGATORY NO. 2**

For each driver's license you have had in the past seven (7) years, identify the state of issue, the date of issue, the number and whether or not it was a commercial driver's license.

**INTERROGATORY NO. 3**

Identify each address where you have lived in the past ten (10) years and provide the dates when you lived at each address.

**INTERROGATORY NO. 4**

For each place you have worked (as an employee, independent contractor, leased driver, or otherwise) in the past fifteen (15) years, provide the following information: name of entity or person, for whom you worked; address; dates you worked there; job position; supervisor's name; and the reason you left.

**INTERROGATORY NO. 5**

Identify each person you expect to call as an expert witness at trial including in your response a summary of each opinion the expert holds in regards to this case, the factual basis for each such opinion, a list of all documents and evidence of any kind provided to the expert for review and a list of all documents and evidence of any kind that support each opinion.

**INTERROGATORY NO. 6**

Identify all motor vehicle collisions that you have been involved in during the past fifteen

(15) years and for each collision, describe what happened; where the collision occurred; the names of the other individuals involved; who was at fault; and whether there were any injuries.

**INTERROGATORY NO. 7**

If you have been arrested, charged, warned, and/or cited for any violation of any ordinance, law and/or regulation in the past ten (10) years or if you have ever been convicted at any time of a felony, for each arrest/charge/warning/citation/conviction, identify the charge, jurisdiction, date, and disposition. This includes all traffic violations, licensing violations, vehicle and/or driver inspection violations, and all violations of any criminal code and law.

**INTERROGATORY NO. 8**

If you have ever been disqualified from driving a motor vehicle, please describe when and under what circumstances you were disqualified.

**INTERROGATORY NO. 9**

Have you had any medical condition in the past five (5) years that could affect your ability to operate a motor vehicle (including without limitation any condition affecting vision, hearing, high or low blood pressure, epilepsy, sleep issues, diabetes, nervous system issues, endocrine system issues, motor skill issues, issues with sensory abilities, sleep apnea, etc.)? If so, describe in detail each condition, who has treated you for the condition, and the nature and dates of these treatments.

**INTERROGATORY NO. 10**

Have you ever been involved in any lawsuit other than the present one (excluding domestic cases)? If so, explain whether you were a Plaintiff, Defendant, or witness and identify the style, jurisdiction, date, and nature of the lawsuit.

**INTERROGATORY NO. 11**

Identify all training you have received in connection with operating a commercial motor vehicle, including courses taken to obtain your driver's license and training received since obtaining your driver's license.

## INSURANCE

**INTERROGATORY NO. 12**

For each liability insurance policy of any kind that does or may provide any coverage on behalf of any Defendant (whether it is your policy or anyone else's policy) for damages/injuries alleged in this case and/or that is providing you a defense, provide: name of insurer; policy number; limits of coverage; the name(s) of all insureds; and state whether any insurer has offered a defense under a reservation of rights or otherwise contested coverage for the subject case.

## SUBJECT COLLISION

**INTERROGATORY NO. 13**

Have you communicated with any person (other than your attorneys) in any way regarding the Subject Collision at any time including but not limited to giving any prepared statement or account of the events? If so, provide the details of any such communications, statements, and accounts by explaining when, where, in what form, to whom the statement or account was given, and the substance of your communication, statement, or account.

**INTERROGATORY NO. 14**

Identify all person(s) who you to your knowledge have or may have any personal knowledge or information regarding: the Subject Collision; the facts leading up to the Subject Collision; the investigation of the Subject Collision; any party to this action; any vehicles involved in the Subject Collision; and/or any other incidents, claims, or defenses raised in this action. The purpose of this interrogatory is to identify all witnesses you believe may have relevant testimony of any kind in connection with this case.

**INTERROGATORY NO. 15**

If you maintain that either PLAINTIFF or anyone else not a party to this lawsuit has any responsibility of any kind for causing the Subject Collision, and/or for causing any of the damages alleged in Plaintiff's Complaint, describe in detail the basis for their responsibility and

identify all person(s) who have any knowledge regarding this issue.

**INTERROGATORY NO. 16**

If you consumed any alcoholic beverage, sedative, tranquilizer, stimulant, and/or other prescription and/or over-the-counter drug or medicine (whether legal or not) during the seventy-two (72) hour period <u>immediately before</u> the Subject Collision, identify the substance consumed, the amount consumed, the time and place of consumption and the purpose for the consumption.

<u>**MISCELLANEOUS**</u>

**INTERROGATORY NO. 17**

Provide your mobile phone carrier(s) and mobile phone number(s) existing at the time of the Subject Collision, and with respect to all of the phone calls you made on your cell phone on the date of the Subject Collision, please state: the time each call was placed; the time each call ended; the person or persons with whom you spoke on each call; the phone number of the person or persons with whom you spoke with on each call; the purpose for each call; and whether you were operating the tractor-trailer involved in the Subject Collision at any time during each call.

**INTERROGATORY NO. 18**

With respect to the deliveries/trips that you were scheduled to make on the day of the Subject Collision, please identify: the name and address of the delivery/trip location(s); what was to be delivered; and the time the load was to be delivered or the trip was to be completed.

**INTERROGATORY NO. 19**

Explain in detail where you were and what you were doing during the seventy-two (72) hours <u>immediately prior to</u> and the forty-eight (48) hours <u>immediately following</u> the Subject Collision. This response should include the time and location of each pick up, delivery and stop and the reason for each stop (e.g., load, unload, fuel, rest, meal, inspection, repair, other) as well as what you were doing when off duty. Identify all documents that evidence your response and all people who can substantiate your response.

**INTERROGATORY NO. 20**

For the seventy-two (72) hours leading up to the Subject Collision, provide the amount of your driving hours, on-duty non-driving hours, locations during your on-duty non-driving hours, all stops you made and the reasons therefor, when and where your meals were eaten, when and where you slept and when you ingested any medications (prescription or over the counter) and the dosages.

**INTERROGATORY NO. 21**

For each of Plaintiff's First Requests for Admissions addressed to you that you did not admit without qualification, explain in detail the reason for your refusal to admit and identify all persons and documents that support your response.

## DOCUMENT REQUESTS

### GENERAL

**REQUEST NO. 1:**      All documents utilized by you in any way in responding to Plaintiff's First

Interrogatories to Defendant Driver Abdulkadir Sheikh.

**REQUEST NO. 2:**      Each liability insurance policy (and declarations page for each policy) that

provides or may provide coverage for damages sustained in the Subject Collision and/or if

coverage was in dispute that was in place at the time of the Subject Collision.

**REQUEST NO. 3:**      A copy of each automobile insurance policy that you had in place at the

time of the Subject Collision, which provided liability coverage for the operation of the tractor-

trailer that was involved in the Subject Collision.

**REQUEST NO. 4:**       All documents that you have exchanged with any insurance company

evidencing the subject collision.

**REQUEST NO. 5:**      All documents that you have exchanged with any insurance company

evidencing a lack of coverage for the Subject Collision.

**REQUEST NO. 6:**      All reservation of rights letters and/or agreements regarding insurance

coverage for the claims asserted against you arising from the Subject Collision.

**REQUEST NO. 7:**      All documents directly or indirectly provided to and received from any

insurance company regarding your driving history, criminal history, claims history, training, and

qualification to drive and/or your insurability for motor vehicle operations.

**REQUEST NO. 8:**      All documents and driver training resources provided or made available to

you directly or indirectly by any insurance company.

**REQUEST NO. 9:**      Produce all documents and records you obtain by requests for production

on non-parties and/or subpoena in this case.

### DEFENDANT AL RAHIM, LLC

**REQUEST NO. 10:**       All documents setting forth the relationship between you and Defendant

Al Rahim, LLC ("Al Rahim"). This includes, but is not limited to, all leases, employment

**PLAINTIFFS' FIRST INTERROGATORIES, FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, AND FIRST REQUEST FOR ADMISSIONS TO DEFENDANT ABDULKADIR SHEIKH – Page 9**

contracts, and independent contract agreements and other contracts, agreements, memorandum and the like.

**REQUEST NO. 11:**   All payroll records from any source during the sixty (60) days before and after the Subject Collision.

**REQUEST NO. 12:**   All documents in your possession that relate to your qualification to operate a commercial motor vehicle.

**REQUEST NO. 13:**   All documents that relate in any way to your training to operate a commercial motor vehicle.

**REQUEST NO. 14:**   A copy of the front and back of every driver's license issued to you (regardless of name used) in your possession, custody, and/or control.

**REQUEST NO. 15:**   Copies of all citations, warnings, and other documents alleging that you violated any law, ordinance, and/or regulation in the last five (5) years.

**REQUEST NO. 16:**   All documents of any kind that relate to any action (formal or informal) by any supervisor or manager or anyone working by or on behalf of Al Rahim directed to you for the purpose of teaching, counseling, disciplining, correcting, or otherwise managing you in any way relating to the safe operation of a commercial vehicle.

**REQUEST NO. 17:**   All documents relating in any way to any motor vehicle collision and/or accident of any kind in which you were involved in the past five (5) years.

**REQUEST NO. 18:**   All documents relating to any complaint, criticism, or concern raised by any person or entity regarding your driving performance and/or safety. This should include, but is not limited to, customer complaints and call-ins by motorists either to a company directly or to any service (i.e., How's My Driving?  Call 800…).

**REQUEST NO. 19:**   For each communication device (e.g., cell phones, PDAs, smartphones, texting and e-mailing devices, etc.) that was in the truck that you were operating at the time of the Subject Collision, produce all documents reflecting usage and billing for the time-period beginning twenty-four (24) hours before the Subject Collision and ending twenty-four (24) hours

after the Subject Collision. This includes all devices, whether owned by you or not, and whether it was in use at the time of the Subject Collision or not.

**REQUEST NO. 20:**    All of your personnel files and employment-related files in your possession.

**REQUEST NO. 21:**    All correspondence and other communication of any kind between you and any third party (other than your attorneys) evidencing to the Subject Collision.

## SUBJECT COLLISION

**REQUEST NO. 22:**    All documents in your possession, custody, and/or control relating in any way to the Subject Collision.

**REQUEST NO. 23:**    All documents sent by you to any person or entity (other than your attorneys), regarding the Subject Collision and/or describing the Subject Collision.

**REQUEST NO. 24:**    All documents evidencing each investigation done by or on behalf of Defendants evidencing to the Subject Collision of the Subject Collision.

**REQUEST NO. 25:**    All documents that set forth any facts leading up to the Subject Collision.

**REQUEST NO. 26:**    All documents that explain what caused the Subject Collision.

**REQUEST NO. 27:**    All documents assessing preventability of and/or fault for the Subject Collision, as well as any documents created by any accident review board or other accident review process.

**REQUEST NO. 28:**    All photographs, video, computer simulations, and any other documents depicting:

      a.      Any vehicle involved in the Subject Collision;

      b.      Any person involved in the Subject Collision;

      c.      The scene of the Subject Collision; and/or

      d.      Any evidence (roadway markings or other) relevant to the Subject Collision.

**REQUEST NO. 29:**    All reports relating to the Subject Collision in your possession, custody, and/or control.

**REQUEST NO. 30:**    All correspondence and other communications (including e-mail) that you have had with any person other than your lawyers involving the Subject Collision.

**REQUEST NO. 31:**    All tapes and transcripts of conversations, interviews, statements, etc. of any witness, party, or any other entity whatsoever regarding any aspect of the Subject Collision, the injuries or damages resulting therefrom, or this lawsuit.

<u>GOVERNMENTAL CONTACT AND INTERVENTION</u>

**REQUEST NO. 32:**    Copies of all documents sent to or received from any governmental agency regarding the Subject Collision and/or your operation of a commercial motor vehicle within the past three (3) years.

<u>POLICIES AND PROCEDURES</u>

**REQUEST NO. 33:**    All handbooks and manuals provided to you by Al Rahim that were in effect at the time of the Subject Collision.

**REQUEST NO. 34:**    All policies, procedures, rules, guidelines, directives, and instructions ever given to you by Al Rahim.

<u>MISCELLANEOUS</u>

**REQUEST NO. 35:**    All documents and other materials which support any contention that the Subject Collision was the fault of anyone other than the Defendants.

**REQUEST NO. 36:**    All diagrams, graphs, illustrations, photographs, charts, pictures, models, blow-ups, or any other document or thing, including electronically created charts, animations, or data that you intend to utilize as an exhibit, demonstrative exhibit, or aid in the trial of this case not previously supplied.

**REQUEST NO. 37:**    All documents and things that you contend evidence, prove, and/or support your claims on any issue of negligence or causation as to the Subject Collision, including, but not limited to, admissions of fault, engineering analysis, scientific tests, and official or unofficial reports.

**REQUEST NO. 38:**    If any surveillance has been undertaken by or on behalf of you, produce a

copy of all reports, photographs, video, and anything else generated through that investigation.

## REQUESTS FOR ADMISSIONS

**REQUEST NO. 1**      Sheikh is a proper party to this lawsuit.

**REQUEST NO. 2**      Sheikh was properly named in this case.

**REQUEST NO. 3**      Sheikh was properly and sufficiently served with process in this civil action.

**REQUEST NO. 4**      Venue is proper in this Court as to you.

**REQUEST NO. 5**      Jurisdiction is proper in this Court as to Sheikh.

**REQUEST NO. 6**      You are not asserting the defense of insufficiency of service of process.

**REQUEST NO. 7**      You are not asserting the defense of improper service of process.

**REQUEST NO. 8**      Sheikh was an employee of Al Rahim at the time of the Subject Collision.

**REQUEST NO. 9**      Sheikh was an agent of Al Rahim at the time of the Subject Collision.

**REQUEST NO. 10**      Sheikh was acting within the scope of his employment with Al Rahim at the time of the Subject Collision.

**REQUEST NO. 11**      Sheikh was acting within the scope of his agency with Al Rahim at the time of the Subject Collision.

**REQUEST NO. 12**      Admit that you were the driver of the truck that collided with the vehicle driven by Plaintiff Phoebe Lakes on or about December 10, 2020.

**REQUEST NO. 13**      Admit that you made an improper left-hand turn at the time of the Subject Collision.

**REQUEST NO. 14**      Admit that you failed to yield the right of way to Plaintiff.

**REQUEST NO. 15**      Sheikh failed to maintain proper control of his vehicle at the time of the Subject Collision.

**REQUEST NO. 16**      At the time of the Subject Collision, Sheikh failed to keep and maintain a proper look out for traffic.

**REQUEST NO. 17**      Sheikh was not paying attention to traffic like he should have been.

**PLAINTIFFS' FIRST INTERROGATORIES, FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, AND FIRST REQUEST FOR ADMISSIONS TO DEFENDANT ABDULKADIR SHEIKH – Page 14**

**REQUEST NO. 18**    At the time of the Subject Collision, Sheikh did not see the vehicle, driven by Plaintiff Phoebe Lakes next to him.

**REQUEST NO. 19**    Sheikh gave a recorded statement to one (1) or more insurance companies that provided liability coverage for the truck that Sheikh was driving at the time of the Subject Collision.

**REQUEST NO. 20**    Sheikh had a mobile cellular device present inside his vehicle at the time of the Subject Collision.

**REQUEST NO. 21**    Sheikh had more than one (1) mobile cellular device was present inside his truck at the time of the Subject Collision.

**REQUEST NO. 22**    Sheikh was using at least one (1) mobile cellular device in his truck at the time of the Subject Collision.

**REQUEST NO. 23**    Sheikh was using more than one (1) mobile cellular device inside his truck at the time of the Subject Collision.

**REQUEST NO. 24**    Sheikh was using a mobile cellular device at the moment of impact with Plaintiff's vehicle.

**REQUEST NO. 25**    While at the scene of the collision, Sheikh conversed with at least one (1) person about what happened before, during, and/or after the Subject Collision using a mobile cellular device.

**REQUEST NO. 26**    While at the scene of the collision, Sheikh texted at least one (1) person about what had happened before, during, and/or after the Subject Collision using a mobile cellular device.

**REQUEST NO. 27**    While at the scene of the collision, Sheikh had a cellular mobile device or a camera that he could have used to take pictures of the scene of the Subject Collision, the vehicles involved, and/or the persons involved.

**REQUEST NO. 28**     While at the scene of the collision, Sheikh took at least one (1) photograph of the scene of the Subject Collision, the vehicles involved, and/or the persons involved using a mobile cellular device.

**REQUEST NO. 29**     While at the scene of the collision, Sheikh took video recording(s) using a mobile cellular device of the scene of the Subject Collision, the vehicles involved, and/or the persons involved.

**REQUEST NO. 30**     While at the scene of the collision, Sheikh took audio recording(s) of the scene of the Subject Collision, the vehicles involved, and/or the persons involved using a mobile cellular device.

**REQUEST NO. 31**     No improper act of the Plaintiff caused or contributed to the cause of the Subject Collision.

**REQUEST NO. 32**     No failure to act by Plaintiff caused or contributed to the cause of Subject Collision.

**REQUEST NO. 33**     No improper act or failure to act on the part of any third party to this action caused or contributed to the cause of the Subject Collision.

**REQUEST NO. 34**     Sheikh's neglect acts and/or omissions were the sole cause of the Subject Collision.

**REQUEST NO. 35**     Sheikh's neglect acts and/or omissions were a contributing cause of the Subject Collision.

**REQUEST NO. 36**     No visual obstructions existed leading up to the Subject Collision that would have prevented Sheikh from seeing Plaintiff's vehicle in the five hundred (500) feet prior to the Subject Collision.

**REQUEST NO. 37**     No visual obstructions existed leading up to the Subject Collision that would have prevented Sheikh from seeing Plaintiff's vehicle in the seven hundred fifty (750) feet prior to the Subject Collision.

**REQUEST NO. 38**     No visual obstructions existed leading up to the Subject Collision that would have prevented Sheikh from seeing Plaintiff's vehicle in the one thousand (1000) feet prior to the Subject Collision.

Dated this 18th day of August, 2022.

WLG Atlanta, LLC

*/s/ Ashley Pitts*
Ashley Pitts
Georgia State Bar Number 481759
Martin Futrell
Georgia State Bar Number 450872
Attorneys For Plaintiff

Bank of America Plaza
600 Peachtree Street NE, Suite 4010
Atlanta, GA 30308
Telephone:     404-905-6020
Facsimile:     470-880-5095
E-Mail:          ashley.pitts@witheritelaw.com

State Court of Fulton County
**E-FILED**
22EV004749
8/18/2022 4:44 PM
Christopher G. Scott, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

MARK SEYMOUR;

    Plaintiff,

v.

AL RAHIM, LLC;
ABDULKADIR SHEIKH; and
OOIDA RISK RETENTION GROUP, INC.;

    Defendants.

CIVIL ACTION

FILE NO. _____

## PLAINTIFF'S FIRST INTERROGATORIES, FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, AND FIRST REQUEST FOR ADMISSIONS TO DEFENDANT AL RAHIM, LLC

COMES NOW, PLAINTIFF MARK SEYMOUR ("Plaintiff"), by and through his counsel of record and pursuant to O.C.G.A. §§ 9-11-33, 9-11-34, and 9-11-36, hereby propounds the following Interrogatories, Request for Production of Documents, and Request for Admissions to Defendant Al Rahim, LLC ("Al Rahim") for response under oath pursuant to Rule 33, Rule 34, and Rule 36 of the Georgia Civil Practice Act and as required by law.

## DEFINITIONS

As used herein, the terms listed below are defined as follows:

1. The term "**Document**" as used herein shall be given a very broad definition to include every type of paper, writing, data, record, graphic, drawing, photograph, audio recording and video recording. The term includes material in all forms, including printed, written, recorded, or other.  The term includes all files, records and data contained in any computer system, computer component and/or computer storage (e.g., hard drive, disc, magnetic tape, backup system, etc.). This term includes, but is not limited to, correspondence, reports, meeting minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders, invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules,

**PLAINTIFF'S FIRST INTERROGATORIES, FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, AND FIRST REQUEST FOR ADMISSIONS TO DEFENDANT AL RAHIM, LLC – Page 1**

circulars, bulletins, notices, instructions, manuals, journals, e-mails, e-mail attachments, data

sheets, work sheets, statistical compilations, data processing cards, microfilms, computer

records (including printouts, disks or other magnetic storage media), tapes, photographs

(positive or negative prints), drawings, films, videotapes, hard drive recordings, pictures, and

voice recordings. Plaintiff expressly intends for the term "Document" to include every copy of

such writing, etc. when such copy contains any commentary or notation whatsoever that does

not appear on the original and any attachments or exhibits to the requested document or any

other documents referred to in the requested document or incorporated by reference.

2.   "**Person**" means any natural person, corporation, partnership, proprietorship,

association, organization, group of persons, or any governmental body or subdivision thereof.

3.   (a)   "**Identify**" with respect to any "**person**" or any reference to stating the "**identity**"

of any "**person**" means to provide the name, home address, telephone number, business name,

business address, and business telephone number of such person, and a description of each

such person's connection with the events in question.

(b)   "**Identify**" with respect to any "**document**" or any reference to stating the

"**identification**" of any "**document**" means to provide the title and date of each such document,

the name and address of the party or parties responsible for the preparation of each such

document, the name and address of the party who requested or required the preparation of the

document or on whose behalf it was prepared, the name and address of the recipient or

recipients of each such document, and the names and addresses of any and all persons who

have custody or control of each such document, or copies thereof.

4.   "**Similar**" shall have the meaning given in the American Heritage Dictionary, which is

"showing some resemblance; related in appearance or nature; alike but not identical." As used

here, the word "similar" shall not be limited as if modified by the word "substantially" and shall

not mean "the same".  If you limit the information provided because you use another

interpretation of the word "similar," please state the interpretation you are using and reveal the nature of the information withheld.

5.    The terms "**and**" as well as "**or**" shall be each construed conjunctively and disjunctively as necessary to bring within the scope of each interrogatory and request for documents all information and documents that might otherwise be construed to be outside its scope.  The term "**and/or**" shall be construed likewise.

6.    Whenever necessary to bring within the scope of an interrogatory or request for production of documents any information or document that might otherwise be construed to be outside its scope:  (i) the use of a verb in any tense shall be construed as the use of the verb in all other tenses; (ii) the use of the singular shall be construed as the use of the plural and vice versa; and (iii) "**any**" includes "all," and "**all**" includes "any."

7.    With regard to any term used herein that is deemed by the responding party as being ambiguous or vague, a term shall be construed in its broadest sense to encompass all reasonable definitions of that term.

8.    "**Subject Collision**" means the collision described in the Complaint.

9.    "**Al Rahim**" means Defendant AL RAHIM, LLC.

10.   "**You**", "**Your**", or "**Sheikh**" means Defendant ABDULKADIR SHEIKH.

## INTERROGATORIES

**INTERROGATORY NO. 1**

If you contend that Plaintiff has sued the wrong party or that your name is incorrectly stated in this lawsuit, please explain the basis for your contention and identify the correct legal entity for the correct party in interest to this suit.

**INTERROGATORY NO. 2**

Identify each person Al Rahim expects to call as an expert witness at trial including in your response a summary of each opinion the expert holds in regards to this case, the factual basis for each such opinion, a list of all documents and evidence of any kind provided to the expert for review and a list of all documents and evidence of any kind that support each opinion.

### INSURANCE

**INTERROGATORY NO. 3**

For each liability insurance policy that you had in place at the time of the Subject Collision, state the name of insurer; the policy number; the limits of coverage; the name(s) of all insureds; and whether any insurer has offered a defense under a reservation of rights or otherwise contested coverage for the subject case. Please note that this interrogatory is requesting information relating to ALL insurance coverage including excess coverage.

### VEHICLE INFO/DATA

**INTERROGATORY NO. 4**

Please provide the weight of the tractor-trailer at the time of the Subject Collision.

**INTERROGATORY NO. 5**

a.      Identify all systems and devices in or on the tractor-trailer that have the capability of monitoring, capturing, recording and/or transmitting any video, data and/or communications of any kind (this includes, without limitation, any engine control module (ECM), event data recorder (EDR/CDR), airbag control module (ACM), Sensing Diagnostic Module (SDM), drive train or transmission control unit, brake control module,

**PLAINTIFF'S FIRST INTERROGATORIES, FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, AND FIRST REQUEST FOR ADMISSIONS TO DEFENDANT AL RAHIM, LLC – Page 4**

power steering unit, electronic onboard recorder (EOBR) Electronic Logging Device (ELD), Collision Avoidance System (CAS), Telematics system, Critical Event Reporting System, Lane Departure System, Dash Cam (or other video devices), GPS system, truck tracking system, system that allows communication between drivers and dispatchers, etc.);

b.      With respect to each system identified, explain what video, data and/or communications the system is capable of monitoring, capturing, recording, and/or transmitting;

c.      With respect to each system identified, explain what video, data and/or communications have been downloaded and/or preserved in connection with the Subject Collision and if so when and by whom; and

d.      With respect to each system identified, explain what video, data and/or communications have NOT been downloaded and/or preserved in connection with the Subject Collision and explain why not and whether it is still possible to obtain this material.

<u>**DRIVER INFORMATION**</u>

**INTERROGATORY NO. 6**

Explain the relationship between Al Rahim and Defendant Driver Abdulkadir Sheikh ("Sheikh") at the time of the Subject Collision including his employment status (e.g., leased driver, company driver, etc.), how he was compensated for driving (e.g., by the hour, by the load, by the mile, salary, or other) and when the relationship began and ended.

**INTERROGATORY NO. 7**

If you maintain that Sheikh was not acting within the course and scope of his employment or agency at the time of the Subject Collision, explain the basis for your contention and identify documents and witnesses that support your contention.

**INTERROGATORY NO. 8**

Identify and explain all communications of any kind between Sheikh and anyone acting for or on behalf of Al Rahim during the twenty-four (24) hours <u>before</u> and <u>after</u> the Subject Collision. For each communication, identify the method of communication (cell phone, QualComm, other), time of communication, persons involved, and the general subject.

<u>**REGULATIONS AND POLICIES**</u>

**INTERROGATORY NO. 9**

Identify all Al Rahim policies, procedures, rules, guidelines, directives, manuals, handbooks, and instructions that were in effect for Sheikh at the time of the Subject Collision.

**INTERROGATORY NO. 10**

Identify all Al Rahim policies, procedures, rules, guidelines, directives, manuals, handbooks and instructions and training applicable to Sheikh regarding driving, defensive driving, turning, intersections, driver distraction and use of cell phones.

<u>**INVESTIGATION OF SUBJECT COLLISION**</u>

**INTERROGATORY NO. 11**

Describe in detail when and how you first became aware that Sheikh was involved in the Subject Collision including in your answer the identity of all persons involved in the investigation of the Subject Collision, their role and position and what information was conveyed.

**INTERROGATORY NO. 12**

State whether you maintain that either Plaintiff(s) or any non-party has any responsibility of any kind for causing the injuries and/or the damages alleged in the Complaint and provide a detailed description of the basis for your position, including the identity of all person(s) who have any knowledge regarding this issue and/or all documents evidencing your position.

**INTERROGATORY NO. 13**

Identify all persons who to your knowledge were present at the scene of the Subject Collision at any time in the forty-eight (48) hours after the Subject Collision and explain their

**PLAINTIFF'S FIRST INTERROGATORIES, FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, AND FIRST REQUEST FOR ADMISSIONS TO DEFENDANT AL RAHIM, LLC – Page 6**

role, why they were at the scene and what actions they took.

**INTERROGATORY NO. 14**

Identify all person(s) who you to your knowledge have or may have any relevant information regarding: the Subject Collision; the facts leading up to the Subject Collision; the investigation of the Subject Collision; any party to this action; any vehicles involved in the Subject Collision; and/or any claims or defenses raised in this action. The purpose of this Interrogatory is to identify all witnesses whom Al Rahim believes may have relevant testimony of any kind in connection with this case.

**INTERROGATORY NO. 15**

Identify all photographs, motion pictures, maps, plats, drawings, diagrams, videotapes, or other tangible or documentary evidence depicting the scene of the Subject Collision and/or any person or vehicle involved in the Subject Collision.

**INTERROGATORY NO. 16**

Did Al Rahim make any effort to perform any accident review, any avoidable/non-avoidable accident determination, any root cause analysis, any DOT reportability determination, or any type of investigation or analysis to discover the cause(s) or contributing cause(s) of the Subject Collision and/or to evaluate whether your driver should be disciplined for any action or inactions related to the Subject Collision? If so, please identify all person(s) involved, all documents and information reviewed, and all determinations.

<u>**MISCELLANEOUS**</u>

**INTERROGATORY NO. 17**

Identify each person who was involved in responding to each of the Requests for Admission served upon you in this civil action.

**INTERROGATORY NO. 18**

For each of Plaintiff's First Request for Admissions to Defendant Al Rahim, LLC that you did not admit without qualification, explain in detail the reason for your refusal to admit and

identify all persons and documents that support your response.

## DOCUMENT REQUESTS

### GENERAL

**REQUEST NO. 1:**      A copy of each document utilized by you in any way in responding to Plaintiff's First Interrogatories to Defendant Al Rahim, LLC.

**REQUEST NO. 2:**      A copy of each document retention policy in effect for Al Rahim at any time between the time of the Subject Incident and present.

**REQUEST NO. 3:**      A copy of each insurance policy (and declarations page for each policy) that provides or may provide coverage for damages sustained in the Subject Incident.

**REQUEST NO. 4:**      Copies of all reservation of rights letters and/or agreements regarding insurance coverage for the Subject Incident.

**REQUEST NO. 5:**      Produce all documents you have obtained through requests for production to non-parties.

### DRIVER

**REQUEST NO. 6:**      All documents setting forth the relationship between Sheikh and Al Rahim. This includes, but is not limited to, all leases, employment contracts, and independent contractor agreements and other contracts, agreements, memorandum, and the like.

**REQUEST NO. 7:**      The contents of Sheikh's driver qualification file, driver investigation file, driver history file, and all documents that demonstrate compliance with federal and state driver qualification laws and regulations. The requested documents include, but are not limited to, all documents required by FMCSR, 49 CFR Part 391, and the state equivalent thereto. If any responsive documents have been removed from the driver qualification file, these should be produced nonetheless.

**REQUEST NO. 8:**      All documents of any kind that relate to any pre-employment background investigation of Sheikh, including without limitation any investigation of Sheikh's qualifications, character, driving history, training, criminal history, drug use, financial responsibility, medical conditions, health conditions, and/or any other matter relevant to employment with Al Rahim.

This specifically includes all data and information obtained through FMCSA's Pre-Employment Screening Program.

**REQUEST NO. 9:**     All documents that relate in any way to your recruiting of Sheikh.

**REQUEST NO. 10:**     All documents that relate in any way to you hiring Sheikh.

**REQUEST NO. 11:**     All documents that relate in any way to any orientation provided by Al Rahim to Sheikh.

**REQUEST NO. 12:**     All documents that relate in any way to training of Sheikh. This includes, but is not limited to, all documents that show all training received by Sheikh, when, where, and who provided the training, and all materials used for training.

**REQUEST NO. 13:**     All quizzes, tests, and/or other assessments (questions and answers) ever given by or on behalf of Al Rahim to Sheikh at any time. An answer key should also be provided.

**REQUEST NO. 14:**     Copies of all documents (a) explaining how Sheikh was compensated for the one (1) month leading up to and including the date of the Subject Incident and extending one (1) week after the date of the Subject Incident; and (b) showing any detention of wages over the same time-period.

**REQUEST NO. 15:**     A copy of the front and back of every driver's license issued to Sheikh (regardless of name used) in your possession, custody, and/or control.

**REQUEST NO. 16:**     All documents placing you on notice of any violation by Sheikh of any law, ordinance, or regulation. This includes, but is not limited to, reports of violations pursuant to Section 391.27(a) of the Federal Motor Carrier Safety Regulations, as well as copies of citations, warnings, and inspection reports.

**REQUEST NO. 17:**     All documents relating to any and all blood, urine, hair, or other type of drug or alcohol testing of Sheikh in your possession, custody, and/or control.

**REQUEST NO. 18:**     A copy of all documents relating to any violation of any safety rule or principle by Sheikh at any time.

**REQUEST NO. 19:**    All documents of any kind that relate to any action (formal or informal) by any supervisor or manager or anyone working by or on behalf of Al Rahim directed to Sheikh for the purpose of teaching, counseling, disciplining, correcting, or otherwise managing Sheikh in any way relating to the safe operation of a commercial vehicle. This includes, but is not limited to, all disciplinary actions and the contents of all disciplinary folders or files of any kind by whatever name called.

**REQUEST NO. 20:**    A copy of all documents in your possession relating in any way to any motor vehicle collision and/or accident of any kind in which Sheikh has been involved.

**REQUEST NO. 21:**    Copies of all documents relating to any complaint, criticism, or concern raised by any person or entity regarding the driving performance and/or safety of Sheikh. This should include, but is not limited to, customer complaints and call-ins by motorists either to company directly or to any service (i.e., How's My Driving? Call 800…).

**REQUEST NO. 22:**    For each communication device (e.g., cell phones, PDAs, smartphones, texting, and e-mailing devices, etc.) that was in the tractor that Sheikh was operating at the time of the Subject Incident, produce all documents reflecting usage and billing for the time-period beginning forty-eight (48) hours before the Subject Incident and ending forty-eight (48) hours after the Subject Incident. This includes all devices, whether owned by Sheikh or not, and whether it was in use at the time of the Subject Incident or not.

**REQUEST NO. 23:**    Copies of all documents prepared by Sheikh that describes the Subject Incident or the circumstances leading up to the Subject Incident.

**REQUEST NO. 24:**    All documents evidencing any evaluation of the driving abilities, safety, and/or performance of Sheikh that have not been produced in response to the preceding requests.

**REQUEST NO. 25:**    A complete copy of the contents of each and every file (whether maintained physically or electronically), regardless of what the file is called, regarding or addressing Sheikh in any way, that has not been produced in response to other requests above.

**PLAINTIFF'S FIRST INTERROGATORIES, FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, AND FIRST REQUEST FOR ADMISSIONS TO DEFENDANT AL RAHIM, LLC – Page 11**

<u>HOURS OF SERVICE-RELATED DOCUMENTS</u>

**REQUEST NO. 26:**    A copy of all Sheikh's hours of service logs and any other driving logs and/or time sheets for the period beginning one-hundred-eighty (180) days before the Subject Incident and ending seven (7) days following the Subject Incident.

**REQUEST NO. 27:**    In addition to the documents responsive to the preceding request, produce all documents in your possession, custody, or control that demonstrate what Sheikh was doing for the time-period beginning fourteen (14) days before the Subject Incident and ending two (2) days (2) following the Subject Incident. The requested documents include all documents that a motor carrier division officer might use to audit the logs of this driver, including, but not but are not limited to:

a.    All documents evidencing hours of service not produced above (e.g., daily logs and time sheets as well as log audits and letters regarding hours of service);

b.    All documents that could be used to check the accuracy of Hours-of-Service logs and/or time sheets;

c.    All documents related to trips (including driver's trip envelopes, trip reports, work reports, bills of lading, manifests, cargo documents of any kind, load documents of any kind, loading and unloading records of any kind, load detention records of any kind, freight bills, pick-up and delivery records of any kind, directions (e.g., routes to take), instructions (delivery notes, times, special handling), driver's trip check and settlement sheets, dispatch records, mileage reports, weight and scale records, and receipts for fuel, food, tolls, lodging, permits, repairs, and/or other purchases and expenses of any kind whether reimbursable or not, final trip accounting documents and printouts, as well as any and all reports and/or summaries of any kind referencing the above information);

d.    All documents evidencing any and all stops; and

e.    All driver call in reports and any other documentation of any communications between you and Sheikh.

**PLAINTIFF'S FIRST INTERROGATORIES, FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, AND FIRST REQUEST FOR ADMISSIONS TO DEFENDANT AL RAHIM, LLC – Page 12**

**PLEASE NOTE – NOTHING IN THIS REQUEST SHOULD BE READ TO MEAN THAT PLAINTIFF IS NOT INTERESTED IN DEFENDANT MANTAINING ALL INFORMATION REGARDING ALL COMMERCIAL DRIVING ACTIVITIES FOR SIX MONTHS PRECEDING THE INCIDENT AT ISSUE AND SINCE THE INCIDENT AT ISSUE.  THESE MATERIALS SHOULD BE RETAINED IN THE EVENT THEY ARE REQUESTED.**

**REQUEST NO. 28:**    A copy of all audits and summaries of Sheikh's hours of service covering the period beginning one (1) year prior to the Subject Incident and ending fourteen (14) days following the Subject Incident.

<u>VEHICLE INFORMATION</u>

**REQUEST NO. 29:**    For the tractor involved in the Subject Incident, produce the following documents:

a.    Title;

b.    Registration;

c.    Operators manual;

d.    Maintenance Schedules;

e.    All documents evidencing maintenance performed on the tractor at any time within 6 months before the Subject Incident;

f.    All documents evidencing any inspections of the tractor during the six (6) months before the Subject Incident;

g.    All documents evidencing any repairs and/or modifications to the tractor at any time within six (6) months before the Subject Incident;

h.    All documents evidencing any repairs made to the tractor as a result of the Subject Collision (including insurance submissions);

i.    All leases involving the vehicle;

j.    Documents evidencing the purchase of the vehicle;

k.      Documents evidencing the sale of the vehicle if it has been sold;

l.      Documents evidencing mileage and weight at time of the Subject Incident; and

m.      Copies of each and every logbook, ledger, file, or the like maintained for any

reason regarding the vehicle.

**REQUEST NO. 30:**    For the trailer involved in the Subject Incident, produce the following

documents:

a.      Title;

b.      Registration;

c.      Operators manual;

d.      Maintenance and service manuals;

e.      All documents evidencing maintenance performed on the trailer at any time

within six (6) months before the Subject Incident;

f.      All documents evidencing any inspections of the trailer during the six (6) months

before the Subject Incident;

g.      All documents evidencing any repairs and/or modifications to the trailer at any

time within six (6) months before the Subject Incident;

h.      All documents evidencing any repairs made to the trailer as a result of the

Subject collision (including insurance submissions);

i.      All leases involving the vehicle;

j.      Documents evidencing the purchase of the vehicle;

k.      Documents evidencing the sale of the vehicle if it has been sold;

l.      Documents evidencing mileage and weight at time of the Subject Incident; and

m.      Copies of each and every logbook, ledger, file or the like maintained for any

reason regarding the vehicle.

**REQUEST NO. 31:**    If any data is available (whether or not downloaded or retrieved) from the

tractor or any part or system from the tractor (e.g., engine control module (ECM), event data

recorder (EDR), Sensing Diagnostic Module (SDM), drive-train or transmission control unit, power steering unit, airbag module, ABS or other brake system, or any EOBR), please produce both the printout of the data and the data file in its original format. This request is intended to cover data for as long as it was recorded before during and after the Subject Incident.

**REQUEST NO. 32:**    If any data is available (whether or not downloaded or retrieved) from the trailer or any part or system from the trailer (e.g., event data recorder, ABS, or other brake system, or any EOBR), please produce both the printout of the data and the data file in its original format. This request is intended to cover data for as long as it was recorded before during and after the Subject Incident.

**REQUEST NO. 33:**    If the tractor at issue was equipped with a lane departure warning system or collision warning system (e.g., VORAD), please produce the printout of the downloaded data and to the degree possible produce the data file in its original format.

**REQUEST NO. 34:**    Produce copies of all e-mails between Sheikh and Al Rahim for the time-period beginning ninety (90) days prior to the Subject Incident and present.

**REQUEST NO. 35:**    Produce copies of all communications and transmissions between Sheikh and Al Rahim that were transmitted through any system on-board of the tractor involved in the Subject Incident for the period beginning thirty (30) days before the Subject Incident and ending seven (7) days after the Subject Incident. This includes any and all satellite or cellular systems, regardless of manufacturer, and includes, without limitation, all electronic on-board recorders (EOBRs) and system such as those made available by Qualcomm, TransCore, SkyBitz, Fluensee, Fleetilla, Teletrac, Lat-Lon, Telogis, GeoLogic, Cheetah, Xata, PeopleNet, and other transportation service and product providers.

**REQUEST NO. 36:**    If the tractor was equipped with any on-board audio or video recording or monitoring devices and/or any other driver or driver safety monitoring system, please produce everything that was retrieved or could be retrieved from such devices and systems.

**REQUEST NO. 37:**   To the degree that it has not been produced in response to other requests above, produce all data of any kind that was recovered from the tractor and/or anything inside or connected to any part or system of the tractor that were involved in the Subject Incident.

**REQUEST NO. 38:**   A copy of each out of service report or violation concerning the tractor involved in the Subject Incident from the period beginning one (1) year prior to the Subject Incident through present. This request includes any supplements, responses, amendments, and dispositions regarding any violation.

**REQUEST NO. 39:**   Produce all documents evidencing damage to any vehicle or other property as a result of the Subject Incident, including, but not limited to, repair estimates, appraisals, purchase invoices, repair bills, and checks or drafts reflecting payment for repair or replacement, and any other documents concerning or establishing the value of any item of property before or after the Subject Incident.

**REQUEST NO. 40:**   Produce all documents given to any person or entity, including any insurance company in return for payment in whole or in part for property damage, e.g., loan receipt(s), release(s), assignment(s), etc.

**REQUEST NO. 41:**   For the tractor involved in the Subject Incident, produce all the Driver Vehicle Inspection Reports (DVIR) from the period beginning six (6) months before the Subject Incident and ending one (1) week after the Subject Incident.

**REQUEST NO. 42:**   Produce all pre-trip inspection reports for the trip in question and three (3) months prior to the date of the Subject Incident for the tractor.

<u>LOAD</u>

**REQUEST NO. 43:**   All documents that relate to the load being hauled by Sheikh at the time of the Subject Incident, including, by way of example and without limitation, all manifests, bills of lading, weight receipts, dispatch documents, content summaries, and documents that address the contents, ownership, pick-up, detainment, and delivery of the load.

**SUBJECT INCIDENT**

**REQUEST NO. 44:**   A copy of every document related to any investigation done by or on behalf of Al Rahim of the scene of the Subject Incident.

**REQUEST NO. 45:**   All documents authored by anyone working for or on behalf of Al Rahim that set forth any facts relating to the Subject Incident.

**REQUEST NO. 46:**   All documents that explain what caused the Subject Incident.

**REQUEST NO. 47:**   All documents assessing preventability of and/or fault for the Subject Incident.

**REQUEST NO. 48:**   If the scene of the Subject Incident was mapped (with a total station or other survey equipment) within fourteen (14) days of the Subject Incident, please produce a copy of the survey data files and all diagrams produced therefrom.

**REQUEST NO. 49:**   Copies of all photographs, video, computer simulations, and any other documents depicting:

      a.     Any vehicle involved in the Subject Incident;

      b.     Any person involved in the Subject Incident;

      c.     The scene of the Subject Incident; and/or

      d.     Any evidence (roadway markings or other) relevant to the Subject Incident.

**REQUEST NO. 50:**   Copies of all reports (you know what this means and it is not vague) relating to the Subject Incident including those prepared by Sheikh and those prepared by anyone working for or on behalf of Al Rahim (except lawyers).

**REQUEST NO. 51:**   A copy of all correspondence and other communications (including e-mail) that you have had with any person other than your lawyer involving the Subject Incident.

**REQUEST NO. 52:**   All tapes and transcripts of conversations, interviews, and/or statements of any person who purports to know any facts or circumstances relevant to the issues of liability, comparative fault, causation, and/or damages in this case.

**REQUEST NO. 53:**    If an Accident Review Board or similar entity reviewed the Subject

Incident, produce the following:

  a.  A copy of all documents (as defined) and other materials of any kind reviewed by

  said board or entity;

  b.  A copy of all reports and documents (as defined) of any kind generated by said

  board or entity;

  c.  Documents evidencing who was on the board;

  d.  Documents evidencing all criteria for review; and

  e.  Determination of preventability and all other conclusions reached by said board

  or entity.

**GOVERNMENTAL CONTACT AND INTERVENTION**

**REQUEST NO. 54:**    Copies of all documents sent to or received from any governmental

agency regarding the Subject Incident, the driver involved in the Subject Incident, or any subject

that is part of the basis of this lawsuit.

**REQUEST NO. 55:**    Copy of all documents and communications of any kind related to any

CSA Intervention against your company in the past two (2) years.

**POLICY AND PROCEDURES**

**REQUEST NO. 56:**    Copies of all Al Rahim policies, procedures, rules, guidelines, directives,

manuals, handbooks, and instructions that were in effect at the time of the Subject Incident,

relating to:

  a.  Working for or with trucking company generally (e.g., employee manual or

  handbook);

  b.  Operation of any motor vehicle (e.g., driving manuals or handbooks, and the

  like);

  c.  Operation of a commercial vehicle;

  d.  Driving safety;

     e.      Defensive driving;

     f.      Compliance with federal and state laws and regulations;

     g.      Accident investigation;

     h.      Accident review boards;

     i.      Determination of preventability of accidents;

     j.      Hiring, training and supervising drivers; and

     k.      Disciplinary actions.

**REQUEST NO. 57:**   Copies of each document that Sheikh signed to prove that Sheikh received and/or agreed to be bound by any policies, procedures, rules, guidelines, and/or standards of Al Rahim.

**REQUEST NO. 58:**   To the degree that Al Rahim has any rules, policies, procedures, guidelines, driving manuals, employee handbooks, or manuals, or other similar documents that were not provided to Sheikh before the Subject Incident, please produce them now.

**REQUEST NO. 59:**   A complete copy of, or in the alternative, access to, each driver safety training film, video, videotape, videocassette, audio cassette, computer program, simulator, and driver diagnostic record or test maintained by your company, or used by Al Rahim, its personnel, agents, or employees during the year of the Subject Incident and three (3) years prior.

**REQUEST NO. 60:**   Copies of all industry and/or other guidelines and/or practices that you rely upon to support your contentions in this case.

**TRUCKING COMPANY**

**REQUEST NO. 61:**   A copy of documents showing the hierarchy of managerial positions at Al Rahim and who occupied such positions as of the time of the Subject Incident and presently.

**REQUEST NO. 62:**   A copy of each document (including articles and presentations) prepared and/or presented by any Al Rahim representative relating to the safe operation of a commercial motor vehicle and/or the safe operation of a trucking company in the past five (5) years.

**PLAINTIFF'S FIRST INTERROGATORIES, FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, AND FIRST REQUEST FOR ADMISSIONS TO DEFENDANT AL RAHIM, LLC – Page 19**

**REQUEST NO. 63:**   All company newsletters distributed during the time-period beginning two (2) years before the Subject Incident and present.

**REQUEST NO. 64:**   A copy of all lease and trip lease contracts applicable to Sheikh and/or any vehicle involved in the Subject Incident.

**REQUEST NO. 65:**   Copies of any contract under which your company was operating the tractor in question at the time of the Subject Incident.

**REQUEST NO. 66:**   A copy of Al Rahim's accident register maintained as required by 49 CFR § 390.35.

**REQUEST NO. 67:**   Transcripts or recordings of all depositions of corporate designees for Al Rahim given in the past five (5) years in cases where it was alleged that a driver working for Al Rahim caused injury or death to another person.

**REQUEST NO. 68:**   Copies of all documents putting any third party on notice of a claim arising from the Subject Incident.

**REQUEST NO. 69:**   All correspondence and other communication of any kind between you and any other Defendant to this Action.

<u>MISCELLANEOUS</u>

**REQUEST NO. 70:**   With respect to each expert witness who may provide testimony at the trial of this case, provide:

a.      A copy of all documents (as that term is defined above) and items of any kind produced **to** said expert;

b.      A copy of all documents (as that term is defined above) and items of any kind generated or produced **by** said expert;

c.      A copy of the entire file of said expert;

d.      A current résumé or curriculum vitae for said expert; and

e.      All billing records and work logs for said expert.

**REQUEST NO. 71:**   A copy of any and all documents and other materials which support any

contention that the Subject Incident was the fault of anyone other than the Defendants.

**REQUEST NO. 72:**   Copies of all diagrams, graphs, illustrations, photographs, charts,

pictures, models, blow-ups, or any other document or thing, including electronically created

charts, animations, or data that you intend to utilize as an exhibit, demonstrative exhibit, or aid

in the trial of this case not previously supplied.

**REQUEST NO. 73:**   Produce each document or thing that you contend is evidence, proof, or

support of your claims on any issue of negligence or causation as to the Subject Incident,

including, but not limited to, admissions of fault, engineering analysis, scientific tests, and official

or unofficial reports.

**REQUEST NO. 74:**   Produce each document or thing that you contend evidences or supports

your denial of any of Plaintiff's Requests for Admissions.

**REQUEST NO. 75:**   If any surveillance has been undertaken by or on behalf of Al Rahim,

produce a copy of all reports, photographs, video, and anything else generated through that

investigation.

## REQUESTS FOR ADMISSION

**REQUEST NO. 1**      At the time of the Subject Collision, Al Rahim was the owner of a tractor-trailer involved in the Subject Collision.

**REQUEST NO. 2**      The DOT number for the tractor-trailer that was involved in the Subject Collision was 3098515.

**REQUEST NO. 3**      The MC-ICC number for the tractor-trailer that was involved in the Subject Collision was MC-76119.

**REQUEST NO. 4**      The VIN for the tractor-trailer that was involved in the Subject Collision was 4V4NC9TG6DN557955.

**REQUEST NO. 5**      At the time of the Subject Collision, Sheikh was an agent of Al Rahim.

**REQUEST NO. 6**      At the time of the Subject Collision, Sheikh was an employee of Al Rahim.

**REQUEST NO. 7**      At the time of the Subject Collision, Sheikh was acting within the course and scope of his employment with Al Rahim.

**REQUEST NO. 8**      At the time of the Subject Collision, Sheikh was acting within the course and scope of his agency with Al Rahim.

**REQUEST NO. 9**      At the time of the Subject Collision, Sheikh was operating the tractor-trailer owned by Al Rahim.

**REQUEST NO. 10**      At the time of the Subject Collision, Sheikh was operating the tractor-trailer with the permission of Al Rahim.

**REQUEST NO. 11**      At the time of the Subject Collision, Sheikh was operating the tractor-trailer with the knowledge of Al Rahim.

**REQUEST NO. 12**      At the time of the Subject Collision, Sheikh was operating the tractor-trailer as trained by Al Rahim.

**REQUEST NO. 13**      Al Rahim is properly named in the Complaint.

**REQUEST NO. 14**      Venue is proper in this Court.

**REQUEST NO. 15**     Jurisdiction is proper in this Court.

**REQUEST NO. 16**     Service of process upon Al Rahim in this civil action was proper.

**REQUEST NO. 17**     Service of process upon Al Rahim in this civil action was legally sufficient.

**REQUEST NO. 18**     You are not asserting the defense of insufficiency of service of process.

**REQUEST NO. 19**     You are not asserting the defense of improper service of process.

**REQUEST NO. 20**     Sheikh was the driver of Al Rahim's tractor-trailer that collided with

Plaintiff's vehicle.

**REQUEST NO. 21**     Sheikh made an improper left-hand turn.

**REQUEST NO. 22**     Sheikh failed to yield the right of way to Plaintiff.

**REQUEST NO. 23**     Sheikh failed to activate his turn signal.

**REQUEST NO. 24**     Sheikh failed to maintain proper control of his tractor-trailer at the time of

the Subject Collision.

**REQUEST NO. 25**     At the time of the Subject Collision, Sheikh failed to keep and maintain a

proper look out for traffic.

**REQUEST NO. 26**     Sheikh was not paying attention to traffic like he should have been.

**REQUEST NO. 27**     Sheikh gave a recorded statement to one (1) or more insurance

companies that provided liability coverage for the truck that Sheikh was driving at the time of the

Subject Collision.

**REQUEST NO. 28**     Sheikh had a mobile cellular device present inside his tractor-trailer at the

time of the Subject Collision.

**REQUEST NO. 29**     Sheikh had more than one (1) mobile cellular device was present inside

his tractor-trailer at the time of the Subject Collision.

**REQUEST NO. 30**     Sheikh was using at least one (1) mobile cellular device in his tractor-

trailer at the time of the Subject Collision.

**REQUEST NO. 31**     Sheikh was using more than one (1) mobile cellular device inside his

tractor-trailer at the time of the Subject Collision.

**PLAINTIFF'S FIRST INTERROGATORIES, FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, AND FIRST REQUEST FOR ADMISSIONS TO DEFENDANT AL RAHIM, LLC – Page 23**

**REQUEST NO. 32**    Sheikh was using a mobile cellular device at the moment of impact with Plaintiffs' vehicle.

**REQUEST NO. 33**    While at the scene of the collision, Sheikh conversed with at least one (1) person about what had happened before, during, and/or after the Subject Collision using a mobile cellular device.

**REQUEST NO. 34**    While at the scene of the collision, Sheikh texted at least one (1) person about what had happened before, during, and/or after the Subject Collision using a mobile cellular device.

**REQUEST NO. 35**    While at the scene of the collision, Sheikh had a cellular mobile device or a camera that he could have used to take pictures of the scene of the Subject Collision, the vehicles involved, and/or the persons involved.

**REQUEST NO. 36**    While at the scene of the collision, Sheikh took at least one (1) photograph of the scene of the Subject Collision, the vehicles involved, and/or the persons involved using a mobile cellular device.

**REQUEST NO. 37**    While at the scene of the collision, Sheikh took video recording(s) using a mobile cellular device of the scene of the Subject Collision, the vehicles involved, and/or the persons involved.

**REQUEST NO. 38**    While at the scene of the collision, Sheikh took audio recording(s) of the scene of the Subject Collision, the vehicles involved, and/or the persons involved using a mobile cellular device.

**REQUEST NO. 39**    No improper act of the Plaintiff caused or contributed to the cause of the Subject Collision.

**REQUEST NO. 40**    No failure to act by Plaintiff caused or contributed to the cause of Subject Collision.

**REQUEST NO. 41**    No improper act or failure to act on the part of any third party to this action caused or contributed to the cause of the Subject Collision.

**PLAINTIFF'S FIRST INTERROGATORIES, FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, AND FIRST REQUEST FOR ADMISSIONS TO DEFENDANT AL RAHIM, LLC – Page 24**

**REQUEST NO. 42**     Sheikh's neglect acts and/or omissions were the sole cause of the Subject Collision.

**REQUEST NO. 43**     Sheikh's neglect acts and/or omissions were a contributing cause of the Subject Collision.

**REQUEST NO. 44**     No visual obstructions existed leading up to the Subject Collision that would have prevented Sheikh from seeing Plaintiff's vehicle in the one hundred (100) feet prior to the Subject Collision.

**REQUEST NO. 45**     No visual obstructions existed leading up to the Subject Collision that would have prevented Sheikh from seeing Plaintiff's vehicle in the two hundred fifty (250) feet prior to the Subject Collision.

**REQUEST NO. 46**     No visual obstructions existed leading up to the Subject Collision that would have prevented Sheikh from seeing Plaintiff's vehicle in the five hundred (500) feet prior to the Subject Collision.

**REQUEST NO. 47**     No visual obstructions existed leading up to the Subject Collision that would have prevented Sheikh from seeing Plaintiff's vehicle in the seven hundred fifty (750) feet prior to the Subject Collision.

**REQUEST NO. 48**     No visual obstructions existed leading up to the Subject Collision that would have prevented Sheikh from seeing Plaintiff's vehicle in the one thousand (1000) feet prior to the Subject Collision.

**REQUEST NO. 49**     The person answering these questions has authority from Al Rahim to do so.

**REQUEST NO. 50**     Al Rahim had a definition of "preventable accident" at the time of the Subject Collision.

**REQUEST NO. 51**     Al Rahim determined that the Subject Collision was preventable according to its definition of preventable accident.

Dated this 18th day of August, 2022.

WLG Atlanta, LLC

*/s/ Ashley Pitts*
Ashley Pitts
Georgia State Bar Number 481759
Martin Futrell
Georgia State Bar Number 450872
Attorneys For Plaintiff

Bank of America Plaza
600 Peachtree Street NE, Suite 4010
Atlanta, GA 30308
Telephone:     404-905-6020
Facsimile:      470-880-5095
E-Mail:          ashley.pitts@witheritelaw.com

State Court of Fulton County
**E-FILED**
22EV004749
8/18/2022 4:44 PM
Christopher G. Scott, Clerk
Civil Division

**GEORGIA, FULTON COUNTY**

DO NOT WRITE IN THIS SPACE

## STATE COURT OF FULTON COUNTY
Civil Division

CIVIL ACTION FILE #: _____

Mark Seymour c/o WLG Atlanta, LLC

600 Peachtree Street NE, Suite 4010

Atlanta, GA 30308

Plaintiff's Name, Address, City, State, Zip Code

vs.

Abdulkadir Sheikh

3664 S. Rothchild Circle

West Valley City, UT 84119

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [ ] TORT | |
| [✓] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $_____ |
| [ ] SPECIAL LIEN | |
| | ************ |
| [✓] NEW FILING | |
| [ ] RE-FILING:  PREVIOUS CASE NO. _____ | |

## SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

  You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Ashley Pitts

Address: 600 Peachtree Street NE, Suite 4010

City, State, Zip Code: Atlanta, GA 30308                    Phone No.: (404) 905-6020

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center  at 185 Central Ave., S.W., Ground Floor, Room TG300,  Atlanta, GA 30303.

Christopher G. Scott, Chief Clerk (electronic signature)

_____

*SERVICE INFORMATION:*

Served, this _____ day of _____, 20_____.        _____

DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

_____

This _____ day of _____, 20_____.        _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

State Court of Fulton County
**E-FILED**
22EV004749
8/18/2022 4:44 PM
Christopher G. Scott, Clerk
Civil Division

**GEORGIA, FULTON COUNTY**                                      DO NOT WRITE IN THIS SPACE

**STATE COURT OF FULTON COUNTY**          CIVIL ACTION FILE #: _____
Civil Division

Mark Seymour c/o WLG Atlanta, LLC
_____

600 Peachtree Street NE, Suite 4010
_____

Atlanta, GA 30308
_____

Plaintiff's Name, Address, City, State, Zip Code

vs.

OOIDA Risk Retention Group, Inc.
c/o Registered Agent Heather Ross
_____

2233 Wisconsin Avenue, Suite 310
_____

Washington, District of Columbia County, DC 20007

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [ ] TORT | |
| [✓] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $_____ |
| [ ] SPECIAL LIEN | |
| | ************ |
| [✓] NEW FILING | |
| [ ] RE-FILING:  PREVIOUS CASE NO. _____ | |

## SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

  You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Ashley Pitts
_____

Address: 600 Peachtree Street NE, Suite 4010
_____

City, State, Zip Code: Atlanta, GA 30308            Phone No.: (404) 905-6020
_____

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center  at 185 Central Ave., S.W., Ground Floor, Room TG300,  Atlanta, GA 30303.

Christopher G. Scott, Chief Clerk (electronic signature)

_____

*SERVICE INFORMATION:*

Served, this _____ day of _____, 20_____.        _____
                                                                    DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

_____

This _____ day of _____, 20_____.     _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

State Court of Fulton County
**E-FILED**
22EV004749
8/18/2022 4:44 PM
Christopher G. Scott, Clerk
Civil Division

**GEORGIA, FULTON COUNTY**

DO NOT WRITE IN THIS SPACE

## STATE COURT OF FULTON COUNTY
Civil Division

CIVIL ACTION FILE #: _____

Mark Seymour c/o WLG Atlanta, LLC

600 Peachtree Street NE, Suite 4010

Atlanta, GA 30308

Plaintiff's Name, Address, City, State, Zip Code

vs.

Al Rahim, LLC c/o Registered
Agent Abdulkadir Sheikh

5442 South 900 East, Suite 243

Salt Lake City, UT 84117

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [ ] TORT | |
| [✓] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $_____ |
| [ ] SPECIAL LIEN | |
| | ************ |
| [✓] NEW FILING | |
| [ ] RE-FILING:  PREVIOUS CASE NO. _____ | |

### SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

 You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Ashley Pitts

Address: 600 Peachtree Street NE, Suite 4010

City, State, Zip Code: Atlanta, GA 30308        Phone No.: (404) 905-6020

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center  at 185 Central Ave., S.W., Ground Floor, Room TG300,  Atlanta, GA 30303.

Christopher G. Scott, Chief Clerk (electronic signature)

_____

*SERVICE INFORMATION:*

Served, this _____ day of _____, 20_____.        _____

DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:

We, the jury, find for _____

_____

This _____ day of _____, 20_____.        _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

State Court of Fulton County
**E-FILED**
22EV004749
9/8/2022 10:34 AM
Donald Talley, Clerk
Civil Division

GEORGIA, FULTON COUNTY

DO NOT WRITE IN THIS SPACE

**STATE COURT OF FULTON COUNTY**
Civil Division

CIVIL ACTION FILE #: 22EV004749

Mark Seymour c/o WLG Atlanta, LLC

600 Peachtree Street NE, Suite 4010

Atlanta, GA 30308

Plaintiff's Name, Address, City, State, Zip Code

vs.

Abdulkadir Sheikh

3769 Bent Willow Place, Apt. C

West Valley City, UT 84119

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [ ] TORT | |
| [✓] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $_____ |
| [ ] SPECIAL LIEN | |
| | *********** |
| [✓] NEW FILING | |
| [ ] RE-FILING: PREVIOUS CASE NO. _____ | |

**SUMMONS**

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Ashley Pitts

Address: 600 Peachtree Street NE, Suite 4010

City, State, Zip Code: Atlanta, GA 30308          Phone No.: (404) 905-6020

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center  at 185 Central Ave., S.W., Ground Floor, Room TG300,  Atlanta, GA 30303.

Donald Talley, Chief Clerk (electronic signature)

*SERVICE INFORMATION:*
Served, this _____ day of _____, 20_____.     _____
                                                                    DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

_____

This _____ day of _____, 20____.   _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

State Court of Fulton County
**E-FILED**
22EV004749
9/9/2022 3:25 PM
Donald Talley, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| MARK SEYMOUR; | |
| Plaintiff, | CIVIL ACTION |
| v. | FILE NO. 22EV004749 |
| AL RAHIM, LLC;<br>ABDULKADIR SHEIKH; and<br>OOIDA RISK RETENTION GROUP, INC.; | |
| Defendants. | |

## PLAINTIFF'S MOTION TO SPECIALLY APPOINT PROCESS SERVER

COMES NOW PLAINTIFF MARK SEYMOUR, in the above-styled action, and respectfully requests this Court to specially appoint Rustin Nadjmabadi as Server to serve Process upon Defendant OOIDA RISK RETENTION GROUP, INC. In support of his motion, Plaintiff represents the following statements of law and facts:

1.

The above-named Defendant cannot be served at their addresses by normal means in that service must be perfected within a reasonable time after the filing of the case. Plaintiff will suffer irreparable harm should service not be perfected.

2.

In accordance with O.C.G.A. § 9-11-4(c), service by the independent process server is permissible and appropriate "... by any citizen of the United States specially appointed by the Court for that purpose".

3.

Rustin Nadjmabadi is a disinterested person within the meaning of the law and is a citizen of the United States.

WHEREFORE, Plaintiff Mark Seymour requests:

(a)     That Rustin Nadjmabadi be specially appointed to serve process upon Defendant

OOIDA Risk Retention Group, Inc. in this action.


Respectfully submitted, this 9th day of September, 2022.


WLG Atlanta, LLC


*/s/ Ashley Pitts*
Ashley Pitts
Georgia State Bar Number 481759
Martin Futrell
Georgia State Bar Number 450872
Attorneys for Plaintiff

Bank of America Plaza
600 Peachtree Street NE, Suite 4010
Atlanta, GA 30308
Telephone:     404-905-6020
Facsimile:      470-880-5095
E-Mail:          ashley.pitts@witheritelaw.com

State Court of Fulton County
**E-FILED**
22EV004749
9/9/2022 3:25 PM
Donald Talley, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

MARK SEYMOUR;

      Plaintiff,

v.

AL RAHIM, LLC;
ABDULKADIR SHEIKH; and
OOIDA RISK RETENTION GROUP, INC.;

      Defendants.

CIVIL ACTION

FILE NO. 22EV004749

## <u>ORDER TO SPECIALLY APPOINT PROCESS SERVER</u>

Motion having been made to have Rustin Nadjmabadi specially appointed to serve Process upon Defendant OOIDA Risk Retention Group, Inc. in the above-styled action, and good cause having been shown,

**IT IS HEREBY ORDERED**:

That Rustin Nadjmabadi is appointed to serve a copy of the Summons and Complaint upon Defendant OOIDA Risk Retention Group, Inc. with Process, and file proof of service with this Court.

This _____ day of _____, 2022.

_____
Honorable Vincent A. Lotti
Judge, State Court of Fulton County

Presented by:

*/s/ Ashley Pitts*
Ashley Pitts
Georgia State Bar Number 481759
Martin Futrell
Georgia State Bar Number 450872
Attorneys for Plaintiff

Bank of America Plaza
600 Peachtree Street NE, Suite 4010

Atlanta, GA 30308
Telephone:    404-905-6020
Facsimile:    470-880-5095
E-Mail:        ashley.pitts@witheritelaw.com

**State Court of Fulton County**
**\*\*E-FILED\*\***
**22EV004749**
**9/12/2022 11:52 AM**
**Donald Talley, Clerk**
**Civil Division**

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

MARK SEYMOUR;

      Plaintiff,

v.

AL RAHIM, LLC;
ABDULKADIR SHEIKH; and
OOIDA RISK RETENTION GROUP, INC.;

      Defendants.

CIVIL ACTION

FILE NO. 22EV004749

## PLAINTIFF'S ATTORNEY AFFIDAVIT OF COMPLIANCE FOR SERVICE OF PROCESS UPON A NON-RESIDENT MOTORIST

1.

I, Ashley Pitts, am the attorney who represents the Plaintiff in the above-styled case.

2.

I hereby certify that, in accordance with O.C.G.A. § 40-12-2, I have forwarded by statutory overnight delivery Notice of Service of the above-styled case along with a copy of the Summons; Complaint; and Plaintiff's First Interrogatories, First Request for Production of Documents, and First Request for Admissions to Defendant Abdulkadir Sheikh for the Office of the Secretary of State to Defendant Abdulkadir Sheikh at the following address:

Abdulkadir Sheikh
3769 Bent Willow Place, Apt. C
West Valley City, UT 84119

3.

I further certify that I SHALL FILE WITH THE APPROPRIATE COURT appended to the documents, regarding this case: (1) any return receipt received as evidence of service upon Defendant Abdulkadir Sheikh by the Plaintiff and (2) this Plaintiff's Affidavit of Compliance.

FURTHER AFFIANT SAYETH NOT.

This 8th day of September, 2022.

WLG Atlanta, LLC

_____

Ashley Pitts
Georgia State Bar Number 481759
Martin Futrell
Georgia State Bar Number 450872
Attorneys For Plaintiff

Bank of America Plaza
600 Peachtree Street NE, Suite 4010
Atlanta, GA 30308
Telephone:    404-905-6020
Facsimile:     470-880-5095
E-Mail:         ashley.pitts@witheritelaw.com

Subscribed and sworn to before me
this 8TH day of SEPT, 2022.

_____
Notary Public

My Commission Expires: 7.12.23

**CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.**



**Hello, your package has been delivered.**

| | |
|---|---|
| **Delivery Date:** | Monday, 09/12/2022 |
| **Delivery Time:** | 9:39 AM |
| **Left At:** | RESIDENTIAL |
| **Signed by:** | SHEIKA |



Experience UPS My Choice® Premium Today
Be in total control of how, when and where
your packages are delivered.

Upgrade to Premium Now

Set Delivery Instructions

Manage Preferences

View My Packages

## WITHERITE LAW GROUP

| | |
|---|---|
| **Tracking Number:** | 1ZW54W87A295363474 |
| **Ship To:** | ABDULKADIR SHEIKH<br>3769 BENT WILLOW PLACE<br>APT. C<br>WEST VALLEY CITY, UT 84119<br>US |
| **Number of Packages:** | 1 |
| **UPS Service:** | UPS Next Day Air® |
| **Package Weight:** | 0.5 LBS |
| **Reference Number:** | MARK SEYMOUR 273577 |

 Download the UPS mobile app

© 2022 United Parcel Service of America, Inc. UPS, the UPS brandmark, and the color brown are

trademarks of United Parcel Service of America, Inc. All rights reserved.

All trademarks, trade names, or service marks that appear in connection with UPS's services are the property of their respective owners.

Please do not reply directly to this email.

**Manage Your UPS My Choice Delivery Alerts**

**Review the UPS Privacy Notice**

**Review the UPS My Choice Service Terms**

# Proof of Delivery

Dear Customer,

This notice serves as proof of delivery for the shipment listed below.

**Tracking Number**

1ZW54W87A295363474

**Weight**

0.50 LBS

**Service**

UPS Next Day Air®

**Shipped / Billed On**

09/08/2022

**Additional Information**

Adult Signature Required

**Delivered On**

09/12/2022 9:39 A.M.

**Delivered To**

WEST VALLEY CITY, UT, US

**Received By**

SHEIKA

**Left At**

Residential

Thank you for giving us this opportunity to serve you. Details are only available for shipments delivered within the last 120 days. Please print for your records if you require this information after 120 days.

Sincerely,

UPS

Tracking results provided by UPS: 09/12/2022 11:47 A.M. EST

**State Court of Fulton County**
**\*\*E-FILED\*\***
**22EV004749**
**9/16/2022 12:37 PM**
**Donald Talley, Clerk**
**Civil Division**

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

MARK SEYMOUR;

      Plaintiff,

v.

AL RAHIM, LLC;
ABDULKADIR SHEIKH; and
OOIDA RISK RETENTION GROUP, INC.;

      Defendants.

CIVIL ACTION

FILE NO. 22EV004749

## PLAINTIFF'S ATTORNEY AFFIDAVIT OF COMPLIANCE FOR SERVICE OF PROCESS UPON A NON-RESIDENT MOTOR CARRIER

1.

I, Ashley Pitts, am the attorney who represents the Plaintiff in the above-styled case.

2.

I hereby certify that, in accordance with O.C.G.A. Section 40-1-117, I have forwarded by certified mail-return receipt requested and/or by statutory overnight mail Notice of Service of the above-styled case along with a copy of the Complaint, Summons, and Plaintiff's First Interrogatories, First Request for Production of Documents, and First Request for Admissions to Defendant Al Rahim, LLC at the following address:

Al Rahim, LLC
c/o Registered Agent Abdulkadir Sheikh
5442 South 900 East, Suite 243
Salt Lake City, Utah 84117

3.

I further certify that I SHALL FILE WITH THE APPROPRIATE COURT appended to the documents, regarding this case: (1) any return receipt received as evidence of service upon the Defendant by the Plaintiff and (2) this Plaintiff's Affidavit of Compliance.

FURTHER AFFIANT SAYETH NOT.

This 9th day of September, 2022.

_____
Ashley Pitts
Georgia State Bar Number 481759
J. Martin Futrell
Georgia State Bar Number 450872
Attorneys For Plaintiff

Bank of America Plaza
600 Peachtree Street NE, Suite 4010
Atlanta, GA 30308
Telephone:    404-905-6020
Facsimile:     470-880-5095
E-Mail:         ashley.pitts@witheritelaw.com

Subscribed and sworn to before me
this _____ day of _____, 2022.

_____
Notary Public

My Commission Expires: _____

**CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.**



**Hello, your package has been delivered.**

|  |  |
|---|---|
| **Delivery Date:** | Wednesday, 09/14/2022 |
| **Delivery Time:** | 10:07 AM |
| **Left At:** | FRONT DESK |
| **Signed by:** | MARTINEZ |



Experience UPS My Choice® Premium Today
Be in total control of how, when and where
your packages are delivered.

Upgrade to Premium Now

Set Delivery Instructions

Manage Preferences

View My Packages

**WITHERITE LAW GROUP**

| | |
|---|---|
| **Tracking Number:** | <u>1ZW54W87A295230287</u> |
| **Ship To:** | AL RAHIM, LLC<br>5442 SOUTH 900 EAST<br>SUITE 243<br>SALT LAKE CITY, UT 84117<br>US |
| **Number of Packages:** | 1 |
| **UPS Service:** | UPS Next Day Air® |
| **Package Weight:** | 0.5 LBS |
| **Reference Number:** | MARK SEYMOUR 273577 |

 Download the UPS mobile app

© 2022 United Parcel Service of America, Inc. UPS, the UPS brandmark, and the color brown are

trademarks of United Parcel Service of America, Inc. All rights reserved.

All trademarks, trade names, or service marks that appear in connection with UPS's services are the property of their respective owners.

Please do not reply directly to this email.

**Manage Your UPS My Choice Delivery Alerts**

**Review the UPS Privacy Notice**

**Review the UPS My Choice Service Terms**

# Proof of Delivery

Dear Customer,

This notice serves as proof of delivery for the shipment listed below.

**Tracking Number**

1ZW54W87A295230287

**Weight**

0.50 LBS

**Service**

UPS Next Day Air®

**Shipped / Billed On**

09/13/2022

**Additional Information**

Adult Signature Required

**Delivered On**

09/14/2022 10:07 A.M.

**Delivered To**

SALT LAKE CITY, UT, US

**Received By**

MARTINEZ

**Left At**

Front Desk

Thank you for giving us this opportunity to serve you. Details are only available for shipments delivered within the last 120 days. Please print for your records if you require this information after 120 days.

Sincerely,

UPS

Tracking results provided by UPS: 09/16/2022 12:05 P.M. EST

State Court of Fulton County
**E-FILED**
22EV004749
9/27/2022 10:19 AM
Donald Talley, Clerk
Civil Division

Control Number : SOP-22204130

# STATE OF GEORGIA
## Secretary of State
### Corporations Division
### 313 West Tower
### 2 Martin Luther King, Jr. Dr.
### Atlanta, Georgia 30334-1530

## CERTIFICATE OF ACKNOWLEDGEMENT

I, Brad Raffensperger, Secretary of State of the State of Georgia, do hereby certify under the seal of my office that copies of legal documents regarding service of process upon:

### Abdulkadir Sheikh

have been filed with the Secretary of State on 09/08/2022 pursuant to O.C.G.A. § 40-12-2 relating to the following matter:

Case: Mark Seymour v. Abdulkadir Sheikh
Court: Fulton County State Court
Civil Action No.: 22EV004749

Witness my hand and official seal in the City of Atlanta and the State of Georgia on 09/27/2022.



Brad Raffensperger
Secretary of State

**SERVICE OF PROCESS**

*Electronically Filed*
Secretary of State
Filing Date: 9/8/2022 11:42:54 AM

| FILING INFORMATION | |
|---|---|
| Filing Type | : Service of Process |
| Control Number | : SOP-22204130 |

| DEFENDANT INFORMATION | |
|---|---|

The name of the business entity or individual (the "defendant") for which the Secretary of State is being served as statutory agent is as follows:

| | |
|---|---|
| Defendant Type | : Individual |
| Defendant's Name | : Abdulkadir Sheikh |
| Defendant's Address Where Service Attempted and/or Forwarded | : 3769 Bent Willow Place, Apt. C, West Valley City, UT, 84119, USA |

| STATUTORY AUTHORITY | |
|---|---|

Service is being made on the Secretary of State pursuant to the following O.C.G.A. section:

 O.C.G.A. § 40-12-2

| CASE INFORMATION | |
|---|---|

The service of process filing relates to the following proceeding:

| | |
|---|---|
| Name of Plaintiff | : Mark Seymour |
| Style of Proceeding | : Mark Seymour v. Al Rahim, LLC, et al. |
| Civil Action Number | : 22EV004749 |
| Court | : Fulton County State Court |

| SERVICE OF PROCESS DOCUMENTS | |
|---|---|

See attached document(s).

| FILER's INFORMATION | |
|---|---|
| Filer Type | : Individual |
| Name | : David Wallace |
| Address | : 600 Peachtree Street NE, Suite 4010, ATLANTA, GA, 30308, USA |

| AUTHORIZER INFORMATION | |
|---|---|
| Authorizer Name | : David Wallace |

State Court of Fulton County
**E-FILED**
22EV004749
9/8/2022 10:34 AM
Donald Talley, Clerk
Civil Division

GEORGIA, FULTON COUNTY

DO NOT WRITE IN THIS SPACE

**STATE COURT OF FULTON COUNTY**
Civil Division

CIVIL ACTION FILE #:  22EV004749

Mark Seymour c/o WLG Atlanta, LLC

600 Peachtree Street NE, Suite 4010

Atlanta, GA 30308

Plaintiff's Name, Address, City, State, Zip Code

vs.

Abdulkadir Sheikh

3769 Bent Willow Place, Apt. C

West Valley City, UT 84119

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [ ] TORT | |
| [✓] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $_____ |
| [ ] SPECIAL LIEN | |
| | *********** |
| [✓] NEW FILING | |
| [ ] RE-FILING:  PREVIOUS CASE NO. _____ | |

**SUMMONS**

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Ashley Pitts

Address: 600 Peachtree Street NE, Suite 4010

City, State, Zip Code: Atlanta, GA 30308          Phone No.: (404) 905-6020

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center  at 185 Central Ave., S.W., Ground Floor, Room TG300,  Atlanta, GA 30303.

Donald Talley, Chief Clerk (electronic signature)

_____

*SERVICE INFORMATION:*

Served, this _____ day of _____, 20_____.    _____

DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:

We, the jury, find for _____

_____

This _____ day of _____, 20____.    _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

State Court of Fulton County
**E-FILED**
22EV004749
8/18/2022 4:44 PM
Christopher G. Scott, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| MARK SEYMOUR; | |
| Plaintiff, | CIVIL ACTION |
| v. | FILE NO. _____ |
| AL RAHIM, LLC;<br>ABDULKADIR SHEIKH; and<br>OOIDA RISK RETENTION GROUP, INC.; | |
| Defendants. | **JURY TRIAL DEMANDED** |

## COMPLAINT FOR DAMAGES

COMES NOW MARK SEYMOUR, ("Plaintiff"), by and through his counsel of record, and files this Complaint for Damages, showing this Honorable Court as follows:

### PARTIES AND JURISDICTION

1.

This is an action for personal injury damages arising out of a motor vehicle collision that occurred on December 10, 2020, in Fulton County, Georgia.

### PARTIES, JURISDICTION, AND VENUE

2.

Plaintiff sustained personal injuries and damages as a result of a motor vehicle collision that occurred at approximately 1:49 pm on December 10, 2020, in Fulton County, Georgia.

3.

Plaintiff is a citizen of Fulton County, Georgia.

4.

Defendant Abdulkadir Sheikh ("Sheikh") resides at 3769 Bent Willow Place, Apt. C, West Valley City, Salt Lake County, Utah 84119, and may be served with a copy of the Summons and Complaint at this address.

**COMPLAINT FOR DAMAGES – Page 1**

5.

Sheikh may also be served with a copy of the Summons and Complaint through the Georgia Secretary of State pursuant to O.C.G.A. § 40-12-2 as Sheikh is a non-resident motorist and lives in a state other than Georgia.

6.

Sheikh is subject to the jurisdiction of this Court pursuant to O.C.G.A. § 40-12-1, known as Georgia's Non-resident Motorist Act. Sheikh is also subject to the jurisdiction of this Court pursuant to O.C.G.A. § 9-10-91, as Sheikh committed a tortious act and/or omission within the State of Georgia.

7.

Once served with process, Sheikh is subject to the jurisdiction and venue of this Court.

8.

Sheikh was properly served with process in this civil action.

9.

Sheikh was sufficiently served with process in this civil action.

10.

Sheikh is subject to the jurisdiction of this Court.

11.

Defendant Al Rahim, LLC ("Al Rahim") is a foreign corporation with its principal place of business in a state other than Georgia and is a federal motor carrier authorized to transport goods for hire in interstate commerce by the Federal Motor Carrier Safety Administration. Al Rahim has a U.S. Department of Transportation Number 3098515.

12.

Al Rahim is subject to the jurisdiction of this Court, pursuant to O.C.G.A. § 40-1-117(b), because this action may be brought in the county where the cause of action or some part thereof arose.

**COMPLAINT FOR DAMAGES – Page 2**

13.

Al Rahim may be served with process by delivering a copy of the Summons and Complaint upon its registered agent: Abdulkadir Sheikh at 5442 South 900 East, Suite 243, Salt Lake City, Salt Lake County, Utah 84117. Once served with process, Al Rahim is subject to the jurisdiction and venue of this Court

14.

Al Rahim may also be served with process by delivering a copy of the Summons and Complaint upon the Georgia Secretary of State pursuant to O.C.G.A. § 40-1-117 as Al Rahim is a non-resident motor carrier.

15.

Al Rahim was properly served with process in this civil action.

16.

Al Rahim was sufficiently served with process in this civil action.

17.

Al Rahim is subject to the jurisdiction of this Court.

18.

Defendant OOIDA Risk Retention Group, Inc. ("OOIDA") is a foreign corporation with its principal place of business in a state other than Georgia and is authorized to transact business in the state of Georgia.

19.

At the time of the Subject Complaint, Al Rahim had automobile liability coverage for any damages that were caused through the negligent operation of the commercial motor vehicle that Sheikh was operating at the time of the subject collision.

20.

The liability coverage for the collision described in this Complaint is being provided to Al Rahim through a policy of insurance issued by OOIDA and further identified as Policy Number

**COMPLAINT FOR DAMAGES – Page 3**

PL199530920A, which provides coverage to Al Rahim for any damages, including bodily injury, that were caused through the negligent operation of the commercial motor vehicle that Sheikh was operating at the time of the subject collision.

21.

OOIDA is subject to the jurisdiction of this Court, pursuant to O.C.G.A. §§ 40-1-112 and/or 40–2–140, because OOIDA was the insurer providing liability coverage for the defendant motor carrier Al Rahim at the time of the collision described in this Complaint.

22.

OOIDA may be served with the Summons and Complaint upon its registered agent: Heather Ross at 2233 Wisconsin Avenue, Suite 310, Washington, District of Columbia County, DC 20007.

23.

Once served with process as described in this paragraph, OOIDA is subject to the jurisdiction and venue of this Court.

24.

OOIDA may also be served pursuant to O.C.G.A §§ 14-2-1510 and/or 33-4-3.

25.

Venue in the above-styled civil action is proper in this County and Court.

### FACTS

26.

Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

27.

On or about December 10, 2020, at approximately 1:49 pm, Plaintiff was operating a white 2007 Acura MDX and was travelling north on Fulton Industrial Boulevard at its intersection with Westgate Parkway in Fulton County, Georgia.

**COMPLAINT FOR DAMAGES – Page 4**

28.

On or about December 10, 2020, at approximately 1:49 pm, Sheikh was operating a
white 2013 Volvo tractor-trailer, during the course and scope of his employment with Al Rahim,
heading east on Westgate Parkway at its intersection with Fulton Industrial Boulevard in Fulton
County, Georgia.

29.

On or about December 10. 2020, at approximately 1:49 pm, Sheikh had to cross over
four lanes of traffic in order to turn left onto Fulton Industrial Boulevard.

30.

On or about December 10, 2020 at approximately 1:49 pm,  Sheikh began to make a
left-hand turn across four lanes of traffic.

31.

Suddenly and without warning, Sheikh slammed Al Rahim's tractor-trailer into the rear
driver's side of Plaintiff's vehicle causing Plaintiff to suffer injuries.

32.

At all times related to the Subject Collision, Plaintiff was acting in a reasonable and
prudent manner.

33.

Defendants do not blame Plaintiff for causing or contributing to the cause of the Subject
Collision.

34.

Defendants are 100% at fault for causing the Subject Collision.

35.

No act or failure to act on the part of the Plaintiff caused or contributed to the cause of
the Subject Collision.

**COMPLAINT FOR DAMAGES – Page 5**

36.

No act or failure to act on the part of any third party caused or contributed to the cause of the Subject Collision.

37.

No act or failure to act on the part of the Plaintiff caused or contributed to the cause of Plaintiff's claimed injuries.

38.

No act or failure to act on the part of any third party caused or contributed to the cause of Plaintiff's claimed injuries.

39.

Defendants agree that they should fairly compensate Plaintiff for all injuries and damages that were caused by the Subject Collision.

40.

As a result of the collision, Plaintiff suffered serious and permanent injuries and damages.

## COUNT I: DIRECT ACTION AGAINST OOIDA RISK RETENTION GROUP, INC.

41.

Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

42.

OOIDA provided liability insurance for the driver and/or truck that was involved in the subject motor vehicle collision.

43.

OOIDA agreed to provide insurance coverage to Al Rahim in consideration for the payment of insurance premiums.

44.

OOIDA was transacting business in the State of Georgia and in Fulton County, Georgia on the date of the subject incident, and at all material times hereto, and is subject to the venue of this Court pursuant to O.C.G.A. § 33-4-1.

45.

Plaintiff, as a member of the public injured due to a common carrier's negligence, is a third-party beneficiary to that agreement.

46.

Pursuant to O.C.G.A. §§ 40-1-112 and/or 40–2–140, OOIDA is subject to this Direct Action.

## COUNT II: NEGLIGENCE OF AL RAHIM, LLC

47.

Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

48.

At all times material hereto, Sheikh was an employee of Al Rahim.

49.

At all times material hereto, Sheikh was acting within the scope and course of his employment with Al Rahim.

50.

At all times material hereto, Sheikh was an agent of Al Rahim.

51.

At all times material hereto, Sheikh was acting within the scope and course of his agency with Al Rahim.

52.

At all times material hereto, Sheikh was authorized by Al Rahim to operate the tractor-trailer that was involved in the collision described in this Complaint.

**COMPLAINT FOR DAMAGES – Page 7**

53.

Al Rahim is liable for the negligent actions and omissions of Sheikh pursuant to the doctrine of *respondeat superior*.

54.

Al Rahim was the owner of the vehicle operated by Sheikh and is therefore liable for damages caused in this case.

55.

Al Rahim was also itself negligent in the following ways:

a.      Negligently hiring or contracting with Defendant Abdulkadir Sheikh to drive the vehicle at issue;

b.      Negligently training Defendant Abdulkadir Sheikh;

c.      Negligently entrusting Defendant Abdulkadir Sheikh to drive the vehicle professionally;

d.      Negligently retaining Defendant Abdulkadir Sheikh to drive the vehicle at issue;

e.      Negligently qualifying Defendant Abdulkadir Sheikh;

f.      Failing to supervise Defendant Abdulkadir Sheikh; and

g.      Otherwise failing to act as a reasonably prudent company under the circumstances.

56.

As a direct and proximate result of the negligence of Defendants Abdulkadir Sheikh and Al Rahim, LLC in the ensuing collision, Plaintiff sustained severe and permanent injuries.

57.

Al Rahim is liable for all damages allowed by law for the injuries, damages, and losses sustained by Plaintiff.

## C<small>OUNT</small> III: N<small>EGLIGENCE OF</small> D<small>EFENDANT</small> A<small>BDULKADIR</small> S<small>HEIKH</small>

58.

Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

59.

At all relevant times, Sheikh owed the following civil duties to Plaintiff but violated those duties in the following ways:

a.      Failing to yield while turning left;

b.      Failing to activate his turn signal;

c.      Failing to maintain proper control of his vehicle;

d.      Failing to keep a proper lookout for traffic;

e.      Failing to make reasonable and proper observations while driving;

f.      Failing to timely apply the brakes of his vehicle in order to avoid the collision in question;

g.      Failing to keep an assured safe distance from Plaintiff's vehicle;

h.      Failing to drive at a reasonable and prudent speed under the conditions;

i.      Failing to obey traffic laws;

j.      Operating a cellular mobile device while driving; and

k.      Otherwise failing to act reasonably and prudently as a driver should under the circumstances.

60.

Sheikh was also negligent *per se* in that he violated a number of laws and regulations governing his operation of a vehicle, including:

a.      Failure to Yield While Turning Left (O.C.G.A.§ 40-6-71);

b.      Failing to Drive with Due Care (O.C.G.A. § 40-6-241);

c.      Failure to Drive Vehicle at a Reasonable and Prudent Speed Under the Conditions (O.C.G.A. § 40-6-180);

**COMPLAINT FOR DAMAGES – Page 9**

d.      Failing to Obey Traffic Laws (O.C.G.A. § 40-6-1); and

e.      Reckless Driving (O.C.G.A. § 40-6-390).

61.

As a result of Sheikh's negligence, Plaintiff suffered severe and permanent injuries.

62.

As a direct and proximate result of the negligence and negligence per se of Sheikh, Plaintiff has incurred and are entitled to recover special damages, including, but not limited to, past and future medical expenses and past and future lost income, and other miscellaneous expenses, in an amount that will be proved at trial. Plaintiff is also entitled to recover for his general damages, including past and future pain and suffering and related damages.

## COUNT IV: COMBINED AND CONCURRING NEGLIGENCE

63.

Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

64.

Each of the Defendants acted in a manner which either alone, and/or combined and concurring with the actions of the other Defendants' acts of negligence described herein directly and proximately caused the collision and Plaintiff's injuries.

65.

As a direct and proximate result of the negligence of the Defendants, Plaintiff has incurred medical expenses in excess of $17,247.00.

66.

As a direct and proximate result of the negligence of the Defendants, Plaintiff sustained injuries to his neck, head, left shoulder, and left wrist.

67.

As a direct and proximate result of the negligence of the Defendants, Plaintiff was physically injured, has suffered, and will continue to suffer pain, disability, loss of earning capacity, loss of enjoyment of life, anxiety, and related damages.

68.

As a direct and proximate result of the breaches of duty by Defendants, Plaintiff is entitled to recover fair and full compensation for all injuries and damages that have been suffered as a proximate result of the collision and that will be suffered in the future as a result of the collision, including, without limitation, all special damages and compensatory damages, medical expenses, lost wages, and other necessary expenses, as well as fair and full compensation for all pain and suffering, including physical pain, mental and emotional suffering, shock of impact, disability, worry, anxiety, loss of enjoyment of life, loss of capacity to work, and other categories of damages provided for under the law.

**WHEREFORE**, Plaintiff prays that the following relief be granted:

a.      A trial by jury;

b.      For Summons and Complaint to issue against each Defendant;

c.      For judgment against each Defendant to compensate Plaintiff for his past and future injuries and damages;

d.      For judgment against each Defendant for attorneys' fees and expenses of litigation;

e.      For judgment against each Defendant for punitive damages as shown to be fair and appropriate at the trial of this case;

f.      Court costs, discretionary costs, and prejudgment interest; and

g.      For all such further and general relief which this Court deems just and proper.

**COMPLAINT FOR DAMAGES – Page 11**

Dated this 18th day of August, 2022.

                              WLG Atlanta, LLC


                              /s/ Ashley Pitts
                              Ashley Pitts
                              Georgia State Bar Number 481759
                              Martin Futrell
                              Georgia State Bar Number 450872
                              Attorneys For Plaintiff

Bank of America Plaza
600 Peachtree Street NE, Suite 4010
Atlanta, GA 30308
Telephone:     404-905-6020
Facsimile:     470-880-5095
E-Mail:        ashley.pitts@witheritelaw.com


**COMPLAINT FOR DAMAGES – Page 12**

State Court of Fulton County
**E-FILED**
22EV004749
8/18/2022 4:44 PM
Christopher G. Scott, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

MARK SEYMOUR;

    Plaintiff,

v.

AL RAHIM, LLC;
ABDULKADIR SHEIKH; and
OOIDA RISK RETENTION GROUP, INC.;

    Defendants.

CIVIL ACTION

FILE NO. _____

---

### PLAINTIFFS' FIRST INTERROGATORIES, FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, AND FIRST REQUEST FOR ADMISSIONS TO DEFENDANT ABDULKADIR SHEIKH

COMES NOW, Plaintiff MARK SEYMOUR ("Plaintiff"), by and through his counsel of record and pursuant to O.C.G.A. §§ 9-11-33, 9-11-34, and 9-11-36, hereby propounds the following Interrogatories, Request for Production of Documents, and Request for Admissions to Defendant Driver Abdulkadir Sheikh ("Sheikh") for response under oath pursuant to Rule 33, Rule 34, and Rule 36 of the Georgia Civil Practice Act and as required by law.

### DEFINITIONS

As used herein, the terms listed below are defined as follows:

1. The term "**Document**" as used herein shall be given a very broad definition to include every type of paper, writing, data, record, graphic, drawing, photograph, audio recording and video recording. The term includes material in all forms, including printed, written, recorded, or other. The term includes all files, records and data contained in any computer system, computer component and/or computer storage (e.g., hard drive, disc, magnetic tape, backup system, etc.). This term includes, but is not limited to, correspondence, reports, meeting minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders, invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules,

circulars, bulletins, notices, instructions, manuals, journals, e-mails, e-mail attachments, data

sheets, work sheets, statistical compilations, data processing cards, microfilms, computer

records (including printouts, disks or other magnetic storage media), tapes, photographs

(positive or negative prints), drawings, films, videotapes, hard drive recordings, pictures, and

voice recordings.  Plaintiff expressly intends for the term "Document" to include every copy of

such writing, etc. when such copy contains any commentary or notation whatsoever that does

not appear on the original and any attachments or exhibits to the requested document or any

other documents referred to in the requested document or incorporated by reference.

2.      "**Person**" means any natural person, corporation, partnership, proprietorship,

association, organization, group of persons, or any governmental body or subdivision thereof.

3.      (a)     "**Identify**" with respect to any "**person**" or any reference to stating the "**Identity**"

of any "**person**" means to provide the name, home address, telephone number, business name,

business address, and business telephone number of such person, and a description of each

such person's connection with the events in question.

        (b)     "**Identify**" with respect to any "**document**" or any reference to stating the

"**Identification**" of any "**document**" means to provide the title and date of each such document,

the name and address of the party or parties responsible for the preparation of each such

document, the name and address of the party who requested or required the preparation of the

document or on whose behalf it was prepared, the name and address of the recipient or

recipients of each such document, and the names and addresses of any and all persons who

have custody or control of each such document, or copies thereof.

4.      "**Subject Collision**" means the collision described in the Complaint.

5.      "**You**", "**Your**", or "**Sheikh**" means Defendant Driver ABDULKADIR SHEIKH.

6.      "**Al Rahim**" means Defendant AL RAHIM, LLC.

7.      "**Similar**" shall have the meaning given in the American Heritage Dictionary, which is

"showing some resemblance; related in appearance or nature; alike but not identical." As used

here, the word "similar" shall not be limited as if modified by the word "substantially" and shall not mean "the same". If you limit the information provided because you use another interpretation of the word "similar," please state the interpretation you are using and reveal the nature of the information withheld.

8.      The terms "**and**" as well as "**or**" shall be each construed conjunctively and disjunctively as necessary to bring within the scope of each interrogatory and request for documents all information and documents that might otherwise be construed to be outside its scope. The term "**and/or**" shall be construed likewise.

9.      Whenever necessary to bring within the scope of an interrogatory or request for production of documents any information or document that might otherwise be construed to be outside its scope:  (i) the use of a verb in any tense shall be construed as the use of the verb in all other tenses; (ii) the use of the singular shall be construed as the use of the plural and vice versa; and (iii) "**any**" includes "all," and "**all**" includes "any."

10.     With regard to any term used herein that is deemed by the responding party as being ambiguous or vague, a term shall be construed in its broadest sense to encompass all reasonable definitions of that term.

## INTERROGATORIES

### YOUR BACKGROUND INFORMATION

**INTERROGATORY NO. 1**

State your full name, address, date and place of birth, and social security number. If you have ever been known by any name(s) other than the one you identify, please state each such name and for each such name explain when you were known by that name, whether you had a separate social security number and/or driver's license in that name and explain why you changed names or went by more than one name.

**INTERROGATORY NO. 2**

For each driver's license you have had in the past seven (7) years, identify the state of issue, the date of issue, the number and whether or not it was a commercial driver's license.

**INTERROGATORY NO. 3**

Identify each address where you have lived in the past ten (10) years and provide the dates when you lived at each address.

**INTERROGATORY NO. 4**

For each place you have worked (as an employee, independent contractor, leased driver, or otherwise) in the past fifteen (15) years, provide the following information: name of entity or person, for whom you worked; address; dates you worked there; job position; supervisor's name; and the reason you left.

**INTERROGATORY NO. 5**

Identify each person you expect to call as an expert witness at trial including in your response a summary of each opinion the expert holds in regards to this case, the factual basis for each such opinion, a list of all documents and evidence of any kind provided to the expert for review and a list of all documents and evidence of any kind that support each opinion.

**INTERROGATORY NO. 6**

Identify all motor vehicle collisions that you have been involved in during the past fifteen

(15) years and for each collision, describe what happened; where the collision occurred; the names of the other individuals involved; who was at fault; and whether there were any injuries.

**INTERROGATORY NO. 7**

If you have been arrested, charged, warned, and/or cited for any violation of any ordinance, law and/or regulation in the past ten (10) years or if you have ever been convicted at any time of a felony, for each arrest/charge/warning/citation/conviction, identify the charge, jurisdiction, date, and disposition. This includes all traffic violations, licensing violations, vehicle and/or driver inspection violations, and all violations of any criminal code and law.

**INTERROGATORY NO. 8**

If you have ever been disqualified from driving a motor vehicle, please describe when and under what circumstances you were disqualified.

**INTERROGATORY NO. 9**

Have you had any medical condition in the past five (5) years that could affect your ability to operate a motor vehicle (including without limitation any condition affecting vision, hearing, high or low blood pressure, epilepsy, sleep issues, diabetes, nervous system issues, endocrine system issues, motor skill issues, issues with sensory abilities, sleep apnea, etc.)? If so, describe in detail each condition, who has treated you for the condition, and the nature and dates of these treatments.

**INTERROGATORY NO. 10**

Have you ever been involved in any lawsuit other than the present one (excluding domestic cases)? If so, explain whether you were a Plaintiff, Defendant, or witness and identify the style, jurisdiction, date, and nature of the lawsuit.

**INTERROGATORY NO. 11**

Identify all training you have received in connection with operating a commercial motor vehicle, including courses taken to obtain your driver's license and training received since obtaining your driver's license.

**PLAINTIFFS' FIRST INTERROGATORIES, FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, AND FIRST REQUEST FOR ADMISSIONS TO DEFENDANT ABDULKADIR SHEIKH – Page 5**

<u>**INSURANCE**</u>

**INTERROGATORY NO. 12**

For each liability insurance policy of any kind that does or may provide any coverage on behalf of any Defendant (whether it is your policy or anyone else's policy) for damages/injuries alleged in this case and/or that is providing you a defense, provide: name of insurer; policy number; limits of coverage; the name(s) of all insureds; and state whether any insurer has offered a defense under a reservation of rights or otherwise contested coverage for the subject case.

<u>**SUBJECT COLLISION**</u>

**INTERROGATORY NO. 13**

Have you communicated with any person (other than your attorneys) in any way regarding the Subject Collision at any time including but not limited to giving any prepared statement or account of the events? If so, provide the details of any such communications, statements, and accounts by explaining when, where, in what form, to whom the statement or account was given, and the substance of your communication, statement, or account.

**INTERROGATORY NO. 14**

Identify all person(s) who you to your knowledge have or may have any personal knowledge or information regarding: the Subject Collision; the facts leading up to the Subject Collision; the investigation of the Subject Collision; any party to this action; any vehicles involved in the Subject Collision; and/or any other incidents, claims, or defenses raised in this action. The purpose of this interrogatory is to identify all witnesses you believe may have relevant testimony of any kind in connection with this case.

**INTERROGATORY NO. 15**

If you maintain that either PLAINTIFF or anyone else not a party to this lawsuit has any responsibility of any kind for causing the Subject Collision, and/or for causing any of the damages alleged in Plaintiff's Complaint, describe in detail the basis for their responsibility and

identify all person(s) who have any knowledge regarding this issue.

**INTERROGATORY NO. 16**

If you consumed any alcoholic beverage, sedative, tranquilizer, stimulant, and/or other prescription and/or over-the-counter drug or medicine (whether legal or not) during the seventy-two (72) hour period underline immediately before the Subject Collision, identify the substance consumed, the amount consumed, the time and place of consumption and the purpose for the consumption.

<u>MISCELLANEOUS</u>

**INTERROGATORY NO. 17**

Provide your mobile phone carrier(s) and mobile phone number(s) existing at the time of the Subject Collision, and with respect to all of the phone calls you made on your cell phone on the date of the Subject Collision, please state: the time each call was placed; the time each call ended; the person or persons with whom you spoke on each call; the phone number of the person or persons with whom you spoke with on each call; the purpose for each call; and whether you were operating the tractor-trailer involved in the Subject Collision at any time during each call.

**INTERROGATORY NO. 18**

With respect to the deliveries/trips that you were scheduled to make on the day of the Subject Collision, please identify: the name and address of the delivery/trip location(s); what was to be delivered; and the time the load was to be delivered or the trip was to be completed.

**INTERROGATORY NO. 19**

Explain in detail where you were and what you were doing during the seventy-two (72) hours immediately prior to and the forty-eight (48) hours immediately following the Subject Collision. This response should include the time and location of each pick up, delivery and stop and the reason for each stop (e.g., load, unload, fuel, rest, meal, inspection, repair, other) as well as what you were doing when off duty. Identify all documents that evidence your response and all people who can substantiate your response.

**INTERROGATORY NO. 20**

For the seventy-two (72) hours leading up to the Subject Collision, provide the amount of your driving hours, on-duty non-driving hours, locations during your on-duty non-driving hours, all stops you made and the reasons therefor, when and where your meals were eaten, when and where you slept and when you ingested any medications (prescription or over the counter) and the dosages.

**INTERROGATORY NO. 21**

For each of Plaintiff's First Requests for Admissions addressed to you that you did not admit without qualification, explain in detail the reason for your refusal to admit and identify all persons and documents that support your response.

## DOCUMENT REQUESTS

### GENERAL

**REQUEST NO. 1:**     All documents utilized by you in any way in responding to Plaintiff's First Interrogatories to Defendant Driver Abdulkadir Sheikh.

**REQUEST NO. 2:**     Each liability insurance policy (and declarations page for each policy) that provides or may provide coverage for damages sustained in the Subject Collision and/or if coverage was in dispute that was in place at the time of the Subject Collision.

**REQUEST NO. 3:**     A copy of each automobile insurance policy that you had in place at the time of the Subject Collision, which provided liability coverage for the operation of the tractor-trailer that was involved in the Subject Collision.

**REQUEST NO. 4:**      All documents that you have exchanged with any insurance company evidencing the subject collision.

**REQUEST NO. 5:**     All documents that you have exchanged with any insurance company evidencing a lack of coverage for the Subject Collision.

**REQUEST NO. 6:**     All reservation of rights letters and/or agreements regarding insurance coverage for the claims asserted against you arising from the Subject Collision.

**REQUEST NO. 7:**     All documents directly or indirectly provided to and received from any insurance company regarding your driving history, criminal history, claims history, training, and qualification to drive and/or your insurability for motor vehicle operations.

**REQUEST NO. 8:**     All documents and driver training resources provided or made available to you directly or indirectly by any insurance company.

**REQUEST NO. 9:**     Produce all documents and records you obtain by requests for production on non-parties and/or subpoena in this case.

### DEFENDANT AL RAHIM, LLC

**REQUEST NO. 10:**      All documents setting forth the relationship between you and Defendant Al Rahim, LLC ("Al Rahim"). This includes, but is not limited to, all leases, employment

contracts, and independent contract agreements and other contracts, agreements, memorandum and the like.

**REQUEST NO. 11:**   All payroll records from any source during the sixty (60) days before and after the Subject Collision.

**REQUEST NO. 12:**   All documents in your possession that relate to your qualification to operate a commercial motor vehicle.

**REQUEST NO. 13:**   All documents that relate in any way to your training to operate a commercial motor vehicle.

**REQUEST NO. 14:**   A copy of the front and back of every driver's license issued to you (regardless of name used) in your possession, custody, and/or control.

**REQUEST NO. 15:**   Copies of all citations, warnings, and other documents alleging that you violated any law, ordinance, and/or regulation in the last five (5) years.

**REQUEST NO. 16:**   All documents of any kind that relate to any action (formal or informal) by any supervisor or manager or anyone working by or on behalf of Al Rahim directed to you for the purpose of teaching, counseling, disciplining, correcting, or otherwise managing you in any way relating to the safe operation of a commercial vehicle.

**REQUEST NO. 17:**   All documents relating in any way to any motor vehicle collision and/or accident of any kind in which you were involved in the past five (5) years.

**REQUEST NO. 18:**   All documents relating to any complaint, criticism, or concern raised by any person or entity regarding your driving performance and/or safety. This should include, but is not limited to, customer complaints and call-ins by motorists either to a company directly or to any service (i.e., How's My Driving?  Call 800…).

**REQUEST NO. 19:**   For each communication device (e.g., cell phones, PDAs, smartphones, texting and e-mailing devices, etc.) that was in the truck that you were operating at the time of the Subject Collision, produce all documents reflecting usage and billing for the time-period beginning twenty-four (24) hours before the Subject Collision and ending twenty-four (24) hours

**PLAINTIFFS' FIRST INTERROGATORIES, FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, AND FIRST REQUEST FOR ADMISSIONS TO DEFENDANT ABDULKADIR SHEIKH – Page 10**

after the Subject Collision. This includes all devices, whether owned by you or not, and whether it was in use at the time of the Subject Collision or not.

**REQUEST NO. 20:**   All of your personnel files and employment-related files in your possession.

**REQUEST NO. 21:**   All correspondence and other communication of any kind between you and any third party (other than your attorneys) evidencing to the Subject Collision.

<u>SUBJECT COLLISION</u>

**REQUEST NO. 22:**   All documents in your possession, custody, and/or control relating in any way to the Subject Collision.

**REQUEST NO. 23:**   All documents sent by you to any person or entity (other than your attorneys), regarding the Subject Collision and/or describing the Subject Collision.

**REQUEST NO. 24:**   All documents evidencing each investigation done by or on behalf of Defendants evidencing to the Subject Collision of the Subject Collision.

**REQUEST NO. 25:**   All documents that set forth any facts leading up to the Subject Collision.

**REQUEST NO. 26:**   All documents that explain what caused the Subject Collision.

**REQUEST NO. 27:**   All documents assessing preventability of and/or fault for the Subject Collision, as well as any documents created by any accident review board or other accident review process.

**REQUEST NO. 28:**   All photographs, video, computer simulations, and any other documents depicting:

a.    Any vehicle involved in the Subject Collision;

b.    Any person involved in the Subject Collision;

c.    The scene of the Subject Collision; and/or

d.    Any evidence (roadway markings or other) relevant to the Subject Collision.

**REQUEST NO. 29:**   All reports relating to the Subject Collision in your possession, custody, and/or control.

**PLAINTIFFS' FIRST INTERROGATORIES, FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, AND FIRST REQUEST FOR ADMISSIONS TO DEFENDANT ABDULKADIR SHEIKH – Page 11**

**REQUEST NO. 30:**   All correspondence and other communications (including e-mail) that you have had with any person other than your lawyers involving the Subject Collision.

**REQUEST NO. 31:**   All tapes and transcripts of conversations, interviews, statements, etc. of any witness, party, or any other entity whatsoever regarding any aspect of the Subject Collision, the injuries or damages resulting therefrom, or this lawsuit.

<u>GOVERNMENTAL CONTACT AND INTERVENTION</u>

**REQUEST NO. 32:**   Copies of all documents sent to or received from any governmental agency regarding the Subject Collision and/or your operation of a commercial motor vehicle within the past three (3) years.

<u>POLICIES AND PROCEDURES</u>

**REQUEST NO. 33:**   All handbooks and manuals provided to you by Al Rahim that were in effect at the time of the Subject Collision.

**REQUEST NO. 34:**   All policies, procedures, rules, guidelines, directives, and instructions ever given to you by Al Rahim.

<u>MISCELLANEOUS</u>

**REQUEST NO. 35:**   All documents and other materials which support any contention that the Subject Collision was the fault of anyone other than the Defendants.

**REQUEST NO. 36:**   All diagrams, graphs, illustrations, photographs, charts, pictures, models, blow-ups, or any other document or thing, including electronically created charts, animations, or data that you intend to utilize as an exhibit, demonstrative exhibit, or aid in the trial of this case not previously supplied.

**REQUEST NO. 37:**   All documents and things that you contend evidence, prove, and/or support your claims on any issue of negligence or causation as to the Subject Collision, including, but not limited to, admissions of fault, engineering analysis, scientific tests, and official or unofficial reports.

**REQUEST NO. 38:**   If any surveillance has been undertaken by or on behalf of you, produce a copy of all reports, photographs, video, and anything else generated through that investigation.

## REQUESTS FOR ADMISSIONS

**REQUEST NO. 1**     Sheikh is a proper party to this lawsuit.

**REQUEST NO. 2**     Sheikh was properly named in this case.

**REQUEST NO. 3**     Sheikh was properly and sufficiently served with process in this civil action.

**REQUEST NO. 4**     Venue is proper in this Court as to you.

**REQUEST NO. 5**     Jurisdiction is proper in this Court as to Sheikh.

**REQUEST NO. 6**     You are not asserting the defense of insufficiency of service of process.

**REQUEST NO. 7**     You are not asserting the defense of improper service of process.

**REQUEST NO. 8**     Sheikh was an employee of Al Rahim at the time of the Subject Collision.

**REQUEST NO. 9**     Sheikh was an agent of Al Rahim at the time of the Subject Collision.

**REQUEST NO. 10**     Sheikh was acting within the scope of his employment with Al Rahim at the time of the Subject Collision.

**REQUEST NO. 11**     Sheikh was acting within the scope of his agency with Al Rahim at the time of the Subject Collision.

**REQUEST NO. 12**     Admit that you were the driver of the truck that collided with the vehicle driven by Plaintiff Phoebe Lakes on or about December 10, 2020.

**REQUEST NO. 13**     Admit that you made an improper left-hand turn at the time of the Subject Collision.

**REQUEST NO. 14**     Admit that you failed to yield the right of way to Plaintiff.

**REQUEST NO. 15**     Sheikh failed to maintain proper control of his vehicle at the time of the Subject Collision.

**REQUEST NO. 16**     At the time of the Subject Collision, Sheikh failed to keep and maintain a proper look out for traffic.

**REQUEST NO. 17**     Sheikh was not paying attention to traffic like he should have been.

**REQUEST NO. 18**    At the time of the Subject Collision, Sheikh did not see the vehicle, driven by Plaintiff Phoebe Lakes next to him.

**REQUEST NO. 19**    Sheikh gave a recorded statement to one (1) or more insurance companies that provided liability coverage for the truck that Sheikh was driving at the time of the Subject Collision.

**REQUEST NO. 20**    Sheikh had a mobile cellular device present inside his vehicle at the time of the Subject Collision.

**REQUEST NO. 21**    Sheikh had more than one (1) mobile cellular device was present inside his truck at the time of the Subject Collision.

**REQUEST NO. 22**    Sheikh was using at least one (1) mobile cellular device in his truck at the time of the Subject Collision.

**REQUEST NO. 23**    Sheikh was using more than one (1) mobile cellular device inside his truck at the time of the Subject Collision.

**REQUEST NO. 24**    Sheikh was using a mobile cellular device at the moment of impact with Plaintiff's vehicle.

**REQUEST NO. 25**    While at the scene of the collision, Sheikh conversed with at least one (1) person about what happened before, during, and/or after the Subject Collision using a mobile cellular device.

**REQUEST NO. 26**    While at the scene of the collision, Sheikh texted at least one (1) person about what had happened before, during, and/or after the Subject Collision using a mobile cellular device.

**REQUEST NO. 27**    While at the scene of the collision, Sheikh had a cellular mobile device or a camera that he could have used to take pictures of the scene of the Subject Collision, the vehicles involved, and/or the persons involved.

**REQUEST NO. 28**      While at the scene of the collision, Sheikh took at least one (1) photograph of the scene of the Subject Collision, the vehicles involved, and/or the persons involved using a mobile cellular device.

**REQUEST NO. 29**      While at the scene of the collision, Sheikh took video recording(s) using a mobile cellular device of the scene of the Subject Collision, the vehicles involved, and/or the persons involved.

**REQUEST NO. 30**      While at the scene of the collision, Sheikh took audio recording(s) of the scene of the Subject Collision, the vehicles involved, and/or the persons involved using a mobile cellular device.

**REQUEST NO. 31**      No improper act of the Plaintiff caused or contributed to the cause of the Subject Collision.

**REQUEST NO. 32**      No failure to act by Plaintiff caused or contributed to the cause of Subject Collision.

**REQUEST NO. 33**      No improper act or failure to act on the part of any third party to this action caused or contributed to the cause of the Subject Collision.

**REQUEST NO. 34**      Sheikh's neglect acts and/or omissions were the sole cause of the Subject Collision.

**REQUEST NO. 35**      Sheikh's neglect acts and/or omissions were a contributing cause of the Subject Collision.

**REQUEST NO. 36**      No visual obstructions existed leading up to the Subject Collision that would have prevented Sheikh from seeing Plaintiff's vehicle in the five hundred (500) feet prior to the Subject Collision.

**REQUEST NO. 37**      No visual obstructions existed leading up to the Subject Collision that would have prevented Sheikh from seeing Plaintiff's vehicle in the seven hundred fifty (750) feet prior to the Subject Collision.

**REQUEST NO. 38**     No visual obstructions existed leading up to the Subject Collision that would have prevented Sheikh from seeing Plaintiff's vehicle in the one thousand (1000) feet prior to the Subject Collision.

        Dated this 18th day of August, 2022.

                      WLG Atlanta, LLC

                      */s/ Ashley Pitts*
                      Ashley Pitts
                      Georgia State Bar Number 481759
                      Martin Futrell
                      Georgia State Bar Number 450872
                      Attorneys For Plaintiff

Bank of America Plaza
600 Peachtree Street NE, Suite 4010
Atlanta, GA 30308
Telephone:     404-905-6020
Facsimile:     470-880-5095
E-Mail:          ashley.pitts@witheritelaw.com

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

MARK SEYMOUR;

     Plaintiff,

v.

AL RAHIM, LLC;
ABDULKADIR SHEIKH; and
OOIDA RISK RETENTION GROUP, INC.;

     Defendants.

CIVIL ACTION

FILE NO. 22EV004749

## PLAINTIFF'S ATTORNEY AFFIDAVIT OF COMPLIANCE FOR SERVICE OF PROCESS UPON A NON-RESIDENT MOTORIST

1.

I, Ashley Pitts, am the attorney who represents the Plaintiff in the above-styled case.

2.

I hereby certify that, in accordance with O.C.G.A. § 40-12-2, I have forwarded by statutory overnight delivery Notice of Service of the above-styled case along with a copy of the Summons; Complaint; and Plaintiff's First Interrogatories, First Request for Production of Documents, and First Request for Admissions to Defendant Abdulkadir Sheikh for the Office of the Secretary of State to Defendant Abdulkadir Sheikh at the following address:

Abdulkadir Sheikh
3769 Bent Willow Place, Apt. C
West Valley City, UT 84119

3.

I further certify that I SHALL FILE WITH THE APPROPRIATE COURT appended to the documents, regarding this case: (1) any return receipt received as evidence of service upon Defendant Abdulkadir Sheikh by the Plaintiff and (2) this Plaintiff's Affidavit of Compliance.

FURTHER AFFIANT SAYETH NOT.

This 8th day of September, 2022.

WLG Atlanta, LLC

Ashley Pitts
Georgia State Bar Number 481759
Martin Futrell
Georgia State Bar Number 450872
Attorneys For Plaintiff

Bank of America Plaza
600 Peachtree Street NE, Suite 4010
Atlanta, GA 30308
Telephone:    404-905-6020
Facsimile:    470-880-5095
E-Mail:        ashley.pitts@witheritelaw.com

Subscribed and sworn to before me
this 8TH day of SEPT, 2022.

Notary Public

My Commission Expires: 7.12.23

State Court of Fulton County
***EFILED***
File & ServeXpress
Transaction ID: 68392729
Case Number: 22EV004749
Date: Nov 16 2022 10:19AM
Donald Talley, Chief Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

MARK SEYMOUR;

    Plaintiff,

v.

AL RAHIM, LLC;
ABDULKADIR SHEIKH; and
OOIDA RISK RETENTION GROUP, INC.;

    Defendants.

CIVIL ACTION

FILE NO. 22EV004749

## ORDER TO SPECIALLY APPOINT PROCESS SERVER

Motion having been made to have Rustin Nadjmabadi specially appointed to serve Process upon Defendant OOIDA Risk Retention Group, Inc. in the above-styled action, and good cause having been shown,

**IT IS HEREBY ORDERED**:

That Rustin Nadjmabadi is appointed to serve a copy of the Summons and Complaint upon Defendant OOIDA Risk Retention Group, Inc. with Process, and file proof of service with this Court.

This _10th_ day of _November_, 2022.

_Myra H. Dixon_
Honorable Myra H. Dixon
Judge, State Court of Fulton County

Presented by:

_/s/ Ashley Pitts_
Ashley Pitts
Georgia State Bar Number 481759
Martin Futrell
Georgia State Bar Number 450872
Attorneys for Plaintiff

Bank of America Plaza
600 Peachtree Street NE, Suite 4010

Atlanta, GA 30308
Telephone:      404-905-6020
Facsimile:      470-880-5095
E-Mail:          ashley.pitts@witheritelaw.com

State Court of Fulton County
**E-FILED**
22EV004749
12/13/2022 3:23 PM
Donald Talley, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| MARK SEYMOUR; | |
| Plaintiff, | CIVIL ACTION |
| v. | FILE NO. 22EV004749 |
| AL RAHIM, LLC;<br>ABDULKADIR SHEIKH; and<br>OOIDA RISK RETENTION GROUP, INC.; | |
| Defendants. | **JURY TRIAL DEMANDED** |

## AMENDED COMPLAINT FOR DAMAGES

COMES NOW MARK SEYMOUR, ("Plaintiff"), by and through his counsel of record, and files this Complaint for Damages, showing this Honorable Court as follows:

### PARTIES AND JURISDICTION

1.

This is an action for personal injury damages arising out of a motor vehicle collision that occurred on December 10, 2020, in Fulton County, Georgia.

### PARTIES, JURISDICTION, AND VENUE

2.

Plaintiff sustained personal injuries and damages as a result of a motor vehicle collision that occurred at approximately 1:49 pm on December 10, 2020, in Fulton County, Georgia.

3.

Plaintiff is a citizen of Fulton County, Georgia.

4.

Defendant Abdulkadir Sheikh ("Sheikh") resides at 3769 Bent Willow Place, Apt. C, West Valley City, Salt Lake County, Utah 84119, and may be served with a copy of the Summons and Complaint at this address.

**AMENDED COMPLAINT FOR DAMAGES – Page 1**

5.

Sheikh may also be served with a copy of the Summons and Complaint through the Georgia Secretary of State pursuant to O.C.G.A. § 40-12-2 as Sheikh is a non-resident motorist and lives in a state other than Georgia.

6.

Sheikh is subject to the jurisdiction of this Court pursuant to O.C.G.A. § 40-12-1, known as Georgia's Non-resident Motorist Act. Sheikh is also subject to the jurisdiction of this Court pursuant to O.C.G.A. § 9-10-91, as Sheikh committed a tortious act and/or omission within the State of Georgia.

7.

Once served with process, Sheikh is subject to the jurisdiction and venue of this Court. Sheikh has been served in this matter.

8.

Sheikh was properly served with process in this civil action.

9.

Sheikh was sufficiently served with process in this civil action.

10.

Sheikh is subject to the jurisdiction of this Court.

11.

Defendant Al Rahim, LLC ("Al Rahim") is a foreign corporation with its principal place of business in a state other than Georgia and is a federal motor carrier authorized to transport goods for hire in interstate commerce by the Federal Motor Carrier Safety Administration. Al Rahim has a U.S. Department of Transportation Number 3098515.

**AMENDED COMPLAINT FOR DAMAGES – Page 2**

12.

Al Rahim is subject to the jurisdiction of this Court, pursuant to O.C.G.A. § 40-1-117(b), because this action may be brought in the county where the cause of action or some part thereof arose.

13.

Al Rahim may be served with process by delivering a copy of the Summons and Complaint upon its registered agent: Abdulkadir Sheikh at 5442 South 900 East, Suite 243, Salt Lake City, Salt Lake County, Utah 84117. Once served with process, Al Rahim is subject to the jurisdiction and venue of this Court

14.

Al Rahim may also be served with process by delivering a copy of the Summons and Complaint upon the Georgia Secretary of State pursuant to O.C.G.A. § 40-1-117 as Al Rahim is a non-resident motor carrier. Al Rahim has been served in this matter

15.

Al Rahim was properly served with process in this civil action.

16.

Al Rahim was sufficiently served with process in this civil action.

17.

Al Rahim is subject to the jurisdiction of this Court.

18.

Defendant OOIDA Risk Retention Group, Inc. ("OOIDA") is a foreign corporation with its principal place of business in a state other than Georgia and is authorized to transact business in the state of Georgia.

**AMENDED COMPLAINT FOR DAMAGES – Page 3**

19.

At the time of the Subject Complaint, Al Rahim had automobile liability coverage for any damages that were caused through the negligent operation of the commercial motor vehicle that Sheikh was operating at the time of the subject collision.

20.

The liability coverage for the collision described in this Complaint is being provided to Al Rahim through a policy of insurance issued by OOIDA and further identified as Policy Number PL199530920A, which provides coverage to Al Rahim for any damages, including bodily injury, that were caused through the negligent operation of the commercial motor vehicle that Sheikh was operating at the time of the subject collision.

21.

OOIDA is subject to the jurisdiction of this Court, pursuant to O.C.G.A. §§ 40-1-112 and/or 40–2–140, because OOIDA was the insurer providing liability coverage for the defendant motor carrier Al Rahim at the time of the collision described in this Complaint.

22.

OOIDA may be served with the Summons and Complaint upon its registered agent: Heather Ross at 2233 Wisconsin Avenue, Suite 310, Washington, District of Columbia County, DC 20007.

23.

OOIDA may also be served with the Summons and Complaint upon its registered agent: Risk Services-Vermont Inc at 58 East View Lane, # 2, Barre, Washington County, Vermont 05641.

24.

Once served with process as described in this paragraph, OOIDA is subject to the jurisdiction and venue of this Court.

25.

OOIDA may also be served pursuant to O.C.G.A §§ 14-2-1510 and/or 33-4-3.

**AMENDED COMPLAINT FOR DAMAGES – Page 4**

26.

Venue in the above-styled civil action is proper in this County and Court.

<u>FACTS</u>

27.

Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

28.

On or about December 10, 2020, at approximately 1:49 pm, Plaintiff was operating a white 2007 Acura MDX and was travelling north on Fulton Industrial Boulevard at its intersection with Westgate Parkway in Fulton County, Georgia.

29.

On or about December 10, 2020, at approximately 1:49 pm, Sheikh was operating a white 2013 Volvo tractor-trailer, during the course and scope of his employment with Al Rahim, heading east on Westgate Parkway at its intersection with Fulton Industrial Boulevard in Fulton County, Georgia.

30.

On or about December 10. 2020, at approximately 1:49 pm, Sheikh had to cross over four lanes of traffic in order to turn left onto Fulton Industrial Boulevard.

31.

On or about December 10, 2020 at approximately 1:49 pm,  Sheikh began to make a left-hand turn across four lanes of traffic.

32.

Suddenly and without warning, Sheikh slammed Al Rahim's tractor-trailer into the rear driver's side of Plaintiff's vehicle causing Plaintiff to suffer injuries.

33.

At all times related to the Subject Collision, Plaintiff was acting in a reasonable and prudent manner.

**AMENDED COMPLAINT FOR DAMAGES – Page 5**

34.

Defendants do not blame Plaintiff for causing or contributing to the cause of the Subject Collision.

35.

Defendants are 100% at fault for causing the Subject Collision.

36.

No act or failure to act on the part of the Plaintiff caused or contributed to the cause of the Subject Collision.

37.

No act or failure to act on the part of any third party caused or contributed to the cause of the Subject Collision.

38.

No act or failure to act on the part of the Plaintiff caused or contributed to the cause of Plaintiff's claimed injuries.

39.

No act or failure to act on the part of any third party caused or contributed to the cause of Plaintiff's claimed injuries.

40.

Defendants agree that they should fairly compensate Plaintiff for all injuries and damages that were caused by the Subject Collision.

41.

As a result of the collision, Plaintiff suffered serious and permanent injuries and damages.

## COUNT I: DIRECT ACTION AGAINST OOIDA RISK RETENTION GROUP, INC.

42.

Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

**AMENDED COMPLAINT FOR DAMAGES – Page 6**

43.

OOIDA provided liability insurance for the driver and/or truck that was involved in the subject motor vehicle collision.

44.

OOIDA agreed to provide insurance coverage to Al Rahim in consideration for the payment of insurance premiums.

45.

OOIDA was transacting business in the State of Georgia and in Fulton County, Georgia on the date of the subject incident, and at all material times hereto, and is subject to the venue of this Court pursuant to O.C.G.A. § 33-4-1.

46.

Plaintiff, as a member of the public injured due to a common carrier's negligence, is a third-party beneficiary to that agreement.

47.

Pursuant to O.C.G.A. §§ 40-1-112 and/or 40–2–140, OOIDA is subject to this Direct Action.

## COUNT II: NEGLIGENCE OF AL RAHIM, LLC

48.

Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

49.

At all times material hereto, Sheikh was an employee of Al Rahim.

50.

At all times material hereto, Sheikh was acting within the scope and course of his employment with Al Rahim.

51.

At all times material hereto, Sheikh was an agent of Al Rahim.

AMENDED COMPLAINT FOR DAMAGES – Page 7

52.

At all times material hereto, Sheikh was acting within the scope and course of his agency with Al Rahim.

53.

At all times material hereto, Sheikh was authorized by Al Rahim to operate the tractor-trailer that was involved in the collision described in this Complaint.

54.

Al Rahim is liable for the negligent actions and omissions of Sheikh pursuant to the doctrine of *respondeat superior*.

55.

Al Rahim was the owner of the vehicle operated by Sheikh and is therefore liable for damages caused in this case.

56.

Al Rahim was also itself negligent in the following ways:

a.      Negligently hiring or contracting with Defendant Abdulkadir Sheikh to drive the vehicle at issue;

b.      Negligently training Defendant Abdulkadir Sheikh;

c.      Negligently entrusting Defendant Abdulkadir Sheikh to drive the vehicle professionally;

d.      Negligently retaining Defendant Abdulkadir Sheikh to drive the vehicle at issue;

e.      Negligently qualifying Defendant Abdulkadir Sheikh;

f.      Failing to supervise Defendant Abdulkadir Sheikh; and

g.      Otherwise failing to act as a reasonably prudent company under the circumstances.

57.

As a direct and proximate result of the negligence of Defendants Abdulkadir Sheikh and Al Rahim, LLC in the ensuing collision, Plaintiff sustained severe and permanent injuries.

58.

Al Rahim is liable for all damages allowed by law for the injuries, damages, and losses sustained by Plaintiff.

### COUNT III: NEGLIGENCE OF DEFENDANT ABDULKADIR SHEIKH

59.

Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

60.

At all relevant times, Sheikh owed the following civil duties to Plaintiff but violated those duties in the following ways:

a.       Failing to yield while turning left;

b.       Failing to activate his turn signal;

c.       Failing to maintain proper control of his vehicle;

d.       Failing to keep a proper lookout for traffic;

e.       Failing to make reasonable and proper observations while driving;

f.       Failing to timely apply the brakes of his vehicle in order to avoid the collision in question;

g.       Failing to keep an assured safe distance from Plaintiff's vehicle;

h.       Failing to drive at a reasonable and prudent speed under the conditions;

i.       Failing to obey traffic laws;

j.       Operating a cellular mobile device while driving; and

k.       Otherwise failing to act reasonably and prudently as a driver should under the circumstances.

61.

Sheikh was also negligent *per se* in that he violated a number of laws and regulations governing his operation of a vehicle, including:

a.   Failure to Yield While Turning Left (O.C.G.A.§ 40-6-71);

b.   Failing to Drive with Due Care (O.C.G.A. § 40-6-241);

c.   Failure to Drive Vehicle at a Reasonable and Prudent Speed Under the Conditions (O.C.G.A. § 40-6-180);

d.   Failing to Obey Traffic Laws (O.C.G.A. § 40-6-1); and

e.   Reckless Driving (O.C.G.A. § 40-6-390).

62.

As a result of Sheikh's negligence, Plaintiff suffered severe and permanent injuries.

63.

As a direct and proximate result of the negligence and negligence per se of Sheikh, Plaintiff has incurred and are entitled to recover special damages, including, but not limited to, past and future medical expenses and past and future lost income, and other miscellaneous expenses, in an amount that will be proved at trial. Plaintiff is also entitled to recover for his general damages, including past and future pain and suffering and related damages.

### COUNT IV: COMBINED AND CONCURRING NEGLIGENCE

64.

Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

65.

Each of the Defendants acted in a manner which either alone, and/or combined and concurring with the actions of the other Defendants' acts of negligence described herein directly and proximately caused the collision and Plaintiff's injuries.

**AMENDED COMPLAINT FOR DAMAGES – Page 10**

66.

As a direct and proximate result of the negligence of the Defendants, Plaintiff has incurred medical expenses in excess of $17,247.00.

67.

As a direct and proximate result of the negligence of the Defendants, Plaintiff sustained injuries to his neck, head, left shoulder, and left wrist.

68.

As a direct and proximate result of the negligence of the Defendants, Plaintiff was physically injured, has suffered, and will continue to suffer pain, disability, loss of earning capacity, loss of enjoyment of life, anxiety, and related damages.

69.

As a direct and proximate result of the breaches of duty by Defendants, Plaintiff is entitled to recover fair and full compensation for all injuries and damages that have been suffered as a proximate result of the collision and that will be suffered in the future as a result of the collision, including, without limitation, all special damages and compensatory damages, medical expenses, lost wages, and other necessary expenses, as well as fair and full compensation for all pain and suffering, including physical pain, mental and emotional suffering, shock of impact, disability, worry, anxiety, loss of enjoyment of life, loss of capacity to work, and other categories of damages provided for under the law.

**WHEREFORE**, Plaintiff prays that the following relief be granted:

a.    A trial by jury;

b.    For Summons and Complaint to issue against each Defendant;

c.    For judgment against each Defendant to compensate Plaintiff for his past and future injuries and damages;

d.    For judgment against each Defendant for attorneys' fees and expenses of litigation;

**AMENDED COMPLAINT FOR DAMAGES – Page 11**

e.      For judgment against each Defendant for punitive damages as shown to be fair

and appropriate at the trial of this case;

f.      Court costs, discretionary costs, and prejudgment interest; and

g.      For all such further and general relief which this Court deems just and proper.

Dated this 13th day of December, 2022.


                                        WLG Atlanta, LLC


                                        */s/ Ashley Pitts*
                                        Ashley Pitts
                                        Georgia State Bar Number 481759
                                        Martin Futrell
                                        Georgia State Bar Number 450872
                                        Attorneys For Plaintiff

Bank of America Plaza
600 Peachtree Street NE, Suite 4010
Atlanta, GA 30308
Telephone:      404-905-6020
Facsimile:      470-880-5095
E-Mail:         ashley.pitts@witheritelaw.com


**AMENDED COMPLAINT FOR DAMAGES – Page 12**

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served a copy of **Amended Complaint for Damages** upon all parties of record electronically via Odyssey E-File GA and/or statutory overnight delivery addressed as follows:

Abdulkadir Sheikh
3769 Bent Willow Place, Apt. C
West Valley City, UT 84119

Al Rahim, LLC c/o Abdulkadir Sheikh
5442 South 900 East, Suite 243
Salt Lake City, UT 84117

This 13th day of December, 2022.

<u>/s/ Ashley Pitts</u>
Ashley Pitts
Georgia State Bar Number 481759
J. Martin Futrell
Georgia State Bar Number 450872
Attorneys for Plaintiff

Bank of America Plaza
600 Peachtree Street NE, Suite 4010
Atlanta, GA 30308
Telephone:     404-905-6020
Facsimile:     470-880-5095
E-Mail:     ashley.pitts@witheritelaw.com

**AMENDED COMPLAINT FOR DAMAGES – Page 13**

State Court of Fulton County
**E-FILED**
22EV004749
12/16/2022 11:49 AM
Donald Talley, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| MARK SEYMOUR; | |
| Plaintiff, | CIVIL ACTION |
| v. | FILE NO. 22EV004749 |
| AL RAHIM, LLC;<br>ABDULKADIR SHEIKH; and<br>OOIDA RISK RETENTION GROUP, INC.; | |
| Defendants. | |

## PLAINTIFF'S MOTION TO SPECIALLY APPOINT PROCESS SERVER

COMES NOW PLAINTIFF MARK SEYMOUR, in the above-styled action, and respectfully requests this Court to specially appoint Thomas Demers as Server to serve Process upon Defendant OOIDA RISK RETENTION GROUP, INC. In support of his motion, Plaintiff represents the following statements of law and facts:

1.

The above-named Defendant cannot be served at their addresses by normal means in that service must be perfected within a reasonable time after the filing of the case. Plaintiff will suffer irreparable harm should service not be perfected.

2.

In accordance with O.C.G.A. § 9-11-4(c), service by the independent process server is permissible and appropriate "... by any citizen of the United States specially appointed by the Court for that purpose".

3.

At the time of the filing of Plaintiff's Complaint, Plaintiff believed Defendant OOIDA Risk Retention Group, Inc.'s registered agent was Heather Ross and was located at 2233 Wisconsin Avenue, Suite 310, Washington, DC 20007, but later learned the correct registered agent is Risk Services-Vermont Inc, located at 58 East View Lane, # 2, Barre, VT 05641.

4.

Thomas Demers is a disinterested person within the meaning of the law and is a citizen of the United States.

WHEREFORE, Plaintiff Mark Seymour requests:

(a)     That Thomas Demers be specially appointed to serve process upon Defendant

OOIDA Risk Retention Group, Inc. in this action.


Respectfully submitted, this 16th day of December, 2022.


WLG Atlanta, LLC


*/s/ Ashley Pitts*
Ashley Pitts
Georgia State Bar Number 481759
Martin Futrell
Georgia State Bar Number 450872
Attorneys for Plaintiff

Bank of America Plaza
600 Peachtree Street NE, Suite 4010
Atlanta, GA 30308
Telephone:     404-905-6020
Facsimile:      470-880-5095
E-Mail:         ashley.pitts@witheritelaw.com

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

MARK SEYMOUR;

     Plaintiff,

v.

AL RAHIM, LLC;
ABDULKADIR SHEIKH; and
OOIDA RISK RETENTION GROUP, INC.;

     Defendants.

CIVIL ACTION

FILE NO. 22EV004749

## AFFIDAVIT OF SPECIAL PROCESS SERVER

Personally appeared before the undersigned officer duly authorized to administer oaths in Washington County, Vermont, who having been duly sworn, deposes, and states as follows:

I am Thomas Demers. I am over eighteen (18) years of age and a citizen of the United States. I am not a convicted felon.

I am a non-party to this action, and I am not related by employment or otherwise to Plaintiff, Plaintiff's attorneys, or Defendants in the above styled case.

AFFIANT FURTHER SAYETH NOT.

_____
Thomas Demers
AFFIANT

Sworn to and subscribed

Before me this _15_ day

of _December_, 2022.

_____

KRISTIN DEMERS
Notary Public, State of Vermont
Commission Number 157.000.3334
My Commission Expires Jan. 31, 23

State Court of Fulton County
**E-FILED**
22EV004749
12/16/2022 11:49 AM
Donald Talley, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

MARK SEYMOUR;

    Plaintiff,

v.

AL RAHIM, LLC;
ABDULKADIR SHEIKH; and
OOIDA RISK RETENTION GROUP, INC.;

    Defendants.

CIVIL ACTION

FILE NO. 22EV004749

## ORDER TO SPECIALLY APPOINT PROCESS SERVER

Motion having been made to have Thomas Demers specially appointed to serve Process upon Defendant OOIDA Risk Retention Group, Inc. in the above-styled action, and good cause having been shown,

**IT IS HEREBY ORDERED**:

That Thomas Demers is appointed to serve a copy of the Summons and Complaint upon Defendant OOIDA Risk Retention Group, Inc. with Process, and file proof of service with this Court.

This _____ day of _____, 202_.

_____
Honorable Myra H. Dixon
Judge, State Court of Fulton County

Presented by:

*/s/ Ashley Pitts*
Ashley Pitts
Georgia State Bar Number 481759
Martin Futrell
Georgia State Bar Number 450872
Attorneys for Plaintiff

Bank of America Plaza
600 Peachtree Street NE, Suite 4010

Atlanta, GA 30308
Telephone:     404-905-6020
Facsimile:     470-880-5095
E-Mail:        ashley.pitts@witheritelaw.com

State Court of Fulton County
**E-FILED**
22EV004749
1/12/2023 4:01 PM
Donald Talley, Clerk
Civil Division

IN THE SUPERIOR COURT OF FULTON
COUNTY, GEORGIA

| | | |
|---|---|---|
| Mark Seymour c/o: WLG Atlanta, LLC | ) | CASE NO.: 22EV004749 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| OOIDA Risk Retention Group, Inc. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant, | ) | |

### AFFIDAVIT OF SERVICE

Received by **WRIT LEGAL, LLC** on the 3rd of January 2023 to be served on Defendant **OOIDA Risk Retention Group, Inc.**

I, **Thomas Demers,** being duly sworn, depose and say that on the **10th day of January 2023,** at **12:45 p.m.**, I:

Served the above-named Defendant with a true copy of **Summons, Complaint, Order to Specially Appoint Process Server,** by leaving same with STEVE BEVINS, MANAGER, a person of suitable age and discretion at 58 E. View, Ste. 2 Barre, VT 05641-5324.

Description of person served:

GENDER: Female  RACE: White   AGE: 50  HEIGHT: 5'7"    WEIGHT: 180   HAIR: Gray

I certify that I am over the age of 18, have no interest in the above action, and am authorized to serve process in the circuit/county it was delivered to.

_____

Thomas Demers

Subscribed and sworn to before me, a notary public, on this ____ *22* ____ day of ____ *Jan* ____, 2023.

_____   My Commission Expires: *01-31-23*
Notary Public

```
    KRISTIN DEMERS
 Notary Public, State of Vermont
 Commission Number 157.000.3334
 My Commission Expires Jan. 31, 23
```

**WRIT LEGAL, LLC • P.O. Box 2249, Rockville, MD 20847 • (888) 667-2038**

WL20457

State Court of Fulton County
***EFILED***
File & ServeXpress
Transaction ID: 68777258
Case Number: 22EV004749
Date: Dec 30 2022 08:06PM
Donald Talley, Chief Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

MARK SEYMOUR;

    Plaintiff,

v.

AL RAHIM, LLC;
ABDULKADIR SHEIKH; and
OOIDA RISK RETENTION GROUP, INC.;

    Defendants.

CIVIL ACTION

FILE NO. 22EV004749

## ORDER TO SPECIALLY APPOINT PROCESS SERVER

Motion having been made to have Thomas Demers specially appointed to serve Process

upon Defendant OOIDA Risk Retention Group, Inc. in the above-styled action, and good cause

having been shown,

**IT IS HEREBY ORDERED**:

That Thomas Demers is appointed to serve a copy of the Summons and Complaint upon

Defendant OOIDA Risk Retention Group, Inc. with Process, and file proof of service with this Court.

This 30th day of December, 2022.

_____
Honorable Myra H. Dixon
Judge, State Court of Fulton County

Presented by:

/s/ Ashley Pitts
Ashley Pitts
Georgia State Bar Number 481759
Martin Futrell
Georgia State Bar Number 450872
Attorneys for Plaintiff

Bank of America Plaza
600 Peachtree Street NE, Suite 4010

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

MARK SEYMOUR;

      Plaintiff,

v.

AL RAHIM, LLC;
ABDULKADIR SHEIKH; and
OOIDA RISK RETENTION GROUP, INC.;

      Defendants.

CIVIL ACTION

FILE NO. 22EV004749

## AFFIDAVIT OF SPECIAL PROCESS SERVER

      Personally appeared before the undersigned officer duly authorized to administer oaths in Washington County, Vermont, who having been duly sworn, deposes, and states as follows:

      I am Thomas Demers. I am over eighteen (18) years of age and a citizen of the United States. I am not a convicted felon.

      I am a non-party to this action, and I am not related by employment or otherwise to Plaintiff, Plaintiff's attorneys, or Defendants in the above styled case.

AFFIANT FURTHER SAYETH NOT.

Thomas Demers
AFFIANT

Sworn to and subscribed

Before me this _95_ day

of _December_ , 2022.

KRISTIN DEMERS
Notary Public, State of Vermont
Commission Number 157.000.3334
My Commission Expires Jan. 31, _23_

State Court of Fulton County
**E-FILED**
22EV004749
1/17/2023 9:20 AM
Donald Talley, Clerk
Civil Division

IN THE SUPERIOR COURT OF FULTON
COUNTY, GEORGIA

| | |
|---|---|
| Mark Seymour c/o: WLG Atlanta, LLC | ) CASE NO.: 22EV004749 |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| OOIDA Risk Retention Group, Inc. | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| Defendant, | ) |

## AFFIDAVIT OF SERVICE

Received by **WRIT LEGAL, LLC** on the 3rd of January 2023 to be served on Defendant **OOIDA Risk Retention Group, Inc.**

I, **Thomas Demers**, being duly sworn, depose and say that on the **10th day of January 2023**, at **12:45 p.m.**, I:

Served the above-named Defendant with a true copy of **Summons, Complaint, Order to Specially Appoint Process Server** to Registered Agent Risk-Services-Vermont, Inc. by leaving same with STEVE BEVINS, MANAGER, a person of suitable age and discretion at 58 E. View, Ste. 2 Barre, VT 05641-5324.

Description of person served:

GENDER: Male     RACE: White     AGE: 50     HEIGHT: 5'7"     WEIGHT: 180     HAIR: Gray

I certify that I am over the age of 18, have no interest in the above action, and am authorized to serve process in the circuit/county it was delivered to.

Thomas Demers

Subscribed and sworn to before me, a notary public, on this ___26___ day of ___Jan___, 2023.
My Commission Expires:
Notary Public

KRISTIN DEMERS
Notary Public, State of Vermont
Commission Number 157.000.3334
My Commission Expires Jan.31, 23

**WRIT LEGAL, LLC • P.O. Box 2249, Rockville, MD 20847 • (888) 667-2038**

WL20457

**State Court of Fulton County**
**\*\*\*EFILED\*\*\***
**File & ServeXpress**
Transaction ID: 68777258
Case Number: 22EV004749
Date: Dec 30 2022 08:06PM
Donald Talley, Chief Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

MARK SEYMOUR;

    Plaintiff,

v.

AL RAHIM, LLC;
ABDULKADIR SHEIKH; and
OOIDA RISK RETENTION GROUP, INC.;

    Defendants.

CIVIL ACTION

FILE NO. 22EV004749

---

### ORDER TO SPECIALLY APPOINT PROCESS SERVER

Motion having been made to have Thomas Demers specially appointed to serve Process upon Defendant OOIDA Risk Retention Group, Inc. in the above-styled action, and good cause having been shown,

**IT IS HEREBY ORDERED**:

That Thomas Demers is appointed to serve a copy of the Summons and Complaint upon Defendant OOIDA Risk Retention Group, Inc. with Process, and file proof of service with this Court.

This 30th day of December, 2022.

Honorable Myra H. Dixon
Judge, State Court of Fulton County

Presented by:

*/s/ Ashley Pitts*
Ashley Pitts
Georgia State Bar Number 481759
Martin Futrell
Georgia State Bar Number 450872
Attorneys for Plaintiff

Bank of America Plaza
600 Peachtree Street NE, Suite 4010

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

MARK SEYMOUR;

      Plaintiff,

v.

AL RAHIM, LLC;
ABDULKADIR SHEIKH; and
OOIDA RISK RETENTION GROUP, INC.;

      Defendants.

CIVIL ACTION

FILE NO. 22EV004749

## AFFIDAVIT OF SPECIAL PROCESS SERVER

Personally appeared before the undersigned officer duly authorized to administer oaths in Washington County, Vermont, who having been duly sworn, deposes, and states as follows:

I am Thomas Demers. I am over eighteen (18) years of age and a citizen of the United States. I am not a convicted felon.

I am a non-party to this action, and I am not related by employment or otherwise to Plaintiff, Plaintiff's attorneys, or Defendants in the above styled case.

AFFIANT FURTHER SAYETH NOT.

_____
Thomas Demers
AFFIANT

Sworn to and subscribed

Before me this _25_ day

of _December_, 2022.

_____

KRISTIN DEMERS
Notary Public, State of Vermont
Commission Number 157.000.3334
My Commission Expires Jan. 31, 23

State Court of Fulton County
**E-FILED**
22EV004749
2/2/2023 6:37 PM
Donald Talley, Clerk
Civil Division

GEORGIA, FULTON COUNTY

DO NOT WRITE IN THIS SPACE

**STATE COURT OF FULTON COUNTY**
Civil Division

CIVIL ACTION FILE #: _____

Mark Seymour c/o WLG Atlanta, LLC

600 Peachtree Street NE, Suite 4010

Atlanta, GA 30308

Plaintiff's Name, Address, City, State, Zip Code

vs.

Travelers Property Casualty Insurance Company
c/o Registered Agent Corporation Service Company

2 Sun Court, Suite 400

Peachtree Corners, GA 30092

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [ ] TORT | |
| [✓] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $_____ |
| [ ] SPECIAL LIEN | |
| | ************ |
| [✓] NEW FILING | |
| [ ] RE-FILING:  PREVIOUS CASE NO. _____ | |

**SUMMONS**

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Ashley Pitts

Address: 600 Peachtree Street NE, Suite 4010

City, State, Zip Code: Atlanta, GA 30308       Phone No.: (404) 905-6020

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED,** via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center  at 185 Central Ave., S.W., Ground Floor, Room TG300,  Atlanta, GA 30303.

Donald Talley, Chief Clerk (electronic signature)

_____

*SERVICE INFORMATION:*
Served, this _____ day of _____, 20_____.       _____
                                                                                                 DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

_____

This _____ day of _____, 20_____.    _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

State Court of Fulton County
**E-FILED**
22EV004749
2/8/2023 3:36 PM
Donald Talley, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| MARK SEYMOUR; | |
|     Plaintiff, | CIVIL ACTION |
| v. | FILE NO. 22EV004749 |
| AL RAHIM, LLC;<br>ABDULKADIR SHEIKH; and<br>OOIDA RISK RETENTION GROUP, INC.; | |
|     Defendants. | |

**<u>MOTION FOR DEFAULT JUDGMENT</u>**

COMES NOW Plaintiff Mark Seymour ("Plaintiff") and moves this Court for entry of default judgment against Defendants for failure to file a timely answer pursuant to O.C.G.A. § 9-11-55 and shows the Court as follows:

1.  On August 18, 2022, Plaintiff filed suit against the Defendants in Fulton County State Court (see Complaint, Exhibit A).

2.  On September 14, 2022, Defendant Al Rahim, LLC was served with a copy of the Summons and Complaint (see Plaintiff's Attorney Affidavit of Compliance for Service of Process Upon a Non-Resident Motor Carrier, Exhibit B).

3.  On September 12, 2022, Defendant Abdulkadir Sheikh was served with a copy of the Summons and Complaint (see Plaintiff's Attorney Affidavit of Compliance for Service of Process Upon a Non-Resident Motorist, Exhibit C).

4.  Pursuant to Georgia law, Defendant Al Rahim, LLC's answer was due on October 14, 2022.

5.  Pursuant to Georgia law, Defendant Abdulkadir Sheikh's answer was due on October 12, 2022.

6.  The 15-day grace period for Defendant Al Rahim, LLC to open the default as a matter of right expired on October 31, 2022.

7. As of the present date, there has been no answer filed by Defendant Al Rahim, LLC.

8. The 15-day grace period for Defendant Abdulkadir Sheikh to open the default as a matter of right expired on October 27, 2022.

9. As of the present date, there has been no answer filed by Defendant Abdulkadir Sheikh.

10. Plaintiff's counsel certifies that she has spoken to the clerk of the court and reviewed the filed pleadings in the case and can find no evidence of Defendant Al Rahim, LLC and Defendant Abdulkadir Sheikh having filed an answer in this case (see Certificate of Compliance, Exhibit D).

WHEREFORE, Plaintiff moves this Court to enter judgment against Defendants Al Rahim, LLC and Abdulkadir Sheikh and to schedule this matter for the first available jury trial calendar for a hearing on damages.

Dated: February 8, 2023.

WLG Atlanta, LLC

_/s/ Ashley Pitts_
Ashley Pitts
Georgia State Bar Number 481759
Martin Futrell
Georgia State Bar Number 450872
Attorneys For Plaintiff

Bank of America Plaza
600 Peachtree Street NE, Suite 4010
Atlanta, GA 30308
Telephone:    404-905-6020
Facsimile:    470-880-5095
E-Mail:    ashley.pitts@witheritelaw.com

<u>**CERTIFICATE OF SERVICE**</u>

I further hereby certify that I have this day served a copy of the Foregoing **Motion for Default Judgment** upon parties of record electronically via Odyssey E-file GA and/or via certified mail-return receipt requested and/or via U.S. Mail addressed as follows:

Al Rahim, LLC
5442 South 900 East, Suite 243
Salt Lake City, UT 84117

Abdulkadir Sheikh
3769 Bent Willow Place, Apt. C
West Valley City, UT 84119

OOIDA Risk Retention Group, Inc.
c/o Registered Agent Risk-Services-Vermont, Inc.
E. View, Suite 2
Batte, VT 05641-5324

Travelers Property Casualty Insurance Company
c/o Registered Agent Corporation Service Company
2 Sun Court, Suite 400
Peachtree Corners, GA 30092

This 8th day of February, 2023.

WLG Atlanta, LLC

*/s/ Ashley Pitts*
Ashley Pitts
Georgia State Bar Number 481759
Martin Futrell
Georgia State Bar Number 450872
Attorneys for Plaintiff

Bank of America Plaza
600 Peachtree Street NE, Suite 4010
Atlanta, GA 30308
Telephone:     404-905-6020
Facsimile:     470-880-5095
E-Mail:          ashley.pitts@witheritelaw.com

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

MARK SEYMOUR;

    Plaintiff,

v.

AL RAHIM, LLC;
ABDULKADIR SHEIKH; and
OOIDA RISK RETENTION GROUP, INC.;

    Defendants.

CIVIL ACTION

FILE NO. 22EV004749

## CERTIFICATE OF COMPLIANCE

COMES NOW, Ashley Pitts, counsel for the Plaintiff in the above-referenced matter, and

pursuant to O.C.G.A. § 9-11-55 and Rule 15 of the Uniform Superior Court Rules, hereby

certifies that she has spoken with the clerk of court and reviewed the pleadings on file with the

court and that Defendants AL RAHIM, LLC and ABDULKADIR SHEIKH have failed to file an

answer within the time prescribed by law and that the time during which default can be opened

as a matter of right has expired.

Dated: February _____8TH_____, 2023.

WLG Atlanta, LLC

_____
Ashley Pitts
Georgia State Bar Number 481759
Martin Futrell
Georgia State Bar Number 450872
Attorneys For Plaintiff

Bank of America Plaza
600 Peachtree Street NE, Suite 4010
Atlanta, GA 30308
Telephone:    404-905-6020
Facsimile:    470-880-5095
E-Mail:    ashley.pitts@witheritelaw.com

State Court of Fulton County
**E-FILED**
22EV004749
2/8/2023 3:36 PM
Donald Talley, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

MARK SEYMOUR;

      Plaintiff,

v.

AL RAHIM, LLC;
ABDULKADIR SHEIKH; and
OOIDA RISK RETENTION GROUP, INC.;

      Defendants.

CIVIL ACTION

FILE NO. 22EV004749

## ENTRY OF DEFAULT JUDGMENT

Whereas it appears that Defendant Al Rahim, LLC was served with the Summons and Complaint on September 14, 2022, and the time has expired in which to file an answer; and

Whereas it appears that the 15-day grace period to open default has expired;

Whereas it appears that Defendant Abdulkadir Sheikh was served with the Summons and Complaint on September 12, 2022, and the time has expired in which to file an answer; and

Whereas it appears that the 15-day grace period to open default has expired;

Whereas it appears that the Plaintiff is entitled to a default judgment against Defendants.

It is hereby ordered and adjudged that judgment be entered against Defendants on the Plaintiff's claims and that a hearing on Plaintiff's damages be scheduled for the next available jury trial calendar.

SO ORDERED this _____ day of _____, 2023.

_____
Honorable Myra H. Dixon
Judge, Fulton County State Court