# EXHIBIT A

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

**Mildred Collins-Williams as administrator of the estate of Tijuana Frazier and as guardian and next friend of** ██████, **a minor, and Pebbles McClain as guardian and next friend of** ████ **and** ████, **minors,**

                    Plaintiffs,

v.

**Contour Eastwyck LLC,**

                    Defendant.

Case No. 20A80926

_____

**Complaint for Damages**

### Parties, Jurisdiction, And Venue

1.    Plaintiff Mildred Collins-Williams is a resident of Georgia.

2.    Plaintiff Mildred Collins-Williams is the administrator of the estate of Tijuana Frazier.

3.    Plaintiff Mildred Collins-Williams in the legal guardian of ██████, who is Tijuana Frazier's biological child.

4.    Plaintiff Pebbles McClain is a resident of North Carolina.

5.    Plaintiff Pebbles McClain is the legal guardian of ████ and ████ who are Tijuana Frazier's biological children.

6.    At all relevant times, including April 6, 2019, Defendant owned, occupied, controlled, and managed Eastwyck Village located at 2892 Eastwyck Circle, Decatur, Georgia 30032.

7.    Defendant is subject to the jurisdiction of this Court.

8.    Service of process can be perfected upon Defendant by serving its registered agent, CT Corporation System, at 289 South Culver Street, Lawrenceville, GA 30046.

9.    Venue is proper in this Court as to Defendant.

**Facts Applicable to All Counts**

10.   At all relevant times, Plaintiff was an invitee at Eastwyck Village.

11.   On April 6, 2019, Tijuana Frazier was sleeping in a bedroom in an apartment at Eastwyck Village.

12.   An unknown shooter fired an unknown number of shots outside the building in which Tijuana Frazier was sleeping.

13.   A bullet came through an exterior wall of the apartment in which Tijuana Frazier slept. The bullet penetrated Ms. Frazier's back and came out her chest. She died from her injuries.

14.   Tijuana Frazier was a totally innocent victim and exercised ordinary care and diligence at all times herein and under the circumstances then existing.

15.   Before April 6, 2019, there had been numerous reports of criminal and dangerous activity at Eastwyck Village and in its surrounding area, including murders, armed robberies, aggravated assaults, firearm discharges, and forced-entry burglaries.

**_Count 1_: Failure To Keep The Premises Safe (O.C.G.A. § 51-3-1)**

16.   At all relevant times, Defendant owed a duty of care to Tijuana Frazier to keep Eastwyck Village safe from dangerous and criminal acts by third parties on the premises.

17.   On April 6, 2019, Defendant knew or should have known that Eastwyck Village was in a high-crime area. Defendant knew of, or with the exercise of due care for the safety of its invitees should have known of, the dangerous and hazardous conditions existing at Eastwyck Village, and that said conditions were likely to result in injuries and/or death to their invitees, including Tijuana Frazier.

18.   Defendant negligently failed to maintain a policy, procedure, or system of investigating, reporting, and warning of the aforementioned criminal activity.

19.   Before April 6, 2019, Defendant was aware or should have been aware of the risk of crime by third parties against invitees in situations similar to the Shooting.

20.   Before and on April 6, 2019, Defendant negligently failed to maintain, inspect, secure, patrol, and manage Eastwyck Village, thereby creating an unreasonable risk of injury to its residents and invitees, including Tijuana Frazier. Defendant had knowledge, both actual

and constructive, of the need to properly maintain, secure, inspect, patrol, and manage Eastwyck Village, but failed to exercise ordinary care to do so.

21.     Defendant negligently represented to its invitees that Eastwyck Village was properly maintained and reasonably safe.

22.     Defendant negligently, recklessly, and wantonly failed to warn its invitees, residents, and guests, including Tijuana Frazier, of the existence of the aforementioned criminal activity and the likelihood of further criminal attacks.

23.     Defendant had actual and constructive knowledge of criminal activity existing on and around Eastwyck Village prior to the shooting of Tijuana Frazier, including prior violent crimes at Eastwyck Village and in the immediate area. Said prior criminal activity was negligently permitted to exist and remain at Eastwyck Village.

24.     Defendant negligently failed and refused to correct the circumstances giving rise to the criminal and dangerous activity by third parties.

25.     Defendant negligently failed to maintain adequate security devices or measures to control access to and permit proper use of Eastwyck Village, thereby causing an unreasonable risk of injury to its invitees, including Tijuana Frazier.

26.     Defendant negligently failed to keep Eastwyck Village safe and failed to adequately and properly protect Tijuana Frazier, in breach of its duty of care owed to Tijuana Frazier.

27.     Defendant negligently failed to provide adequate security protection or security personnel at Eastwyck Village. Defendant negligently failed to establish adequate security policies and/or procedures.

28.     Defendant breached the duty owed to Tijuana Frazier by failing to exercise ordinary care to keep Eastwyck Village safe.

### *Count 2*: Allowing and Maintaining a Nuisance (O.C.G.A. § 41-1-1)

29.     Defendant negligently failed to remedy the dangerous condition of criminal and dangerous incidents that persisted over a period of time as a continuous and repetitious condition.

30.     Defendant had express notice and knowledge of the dangerous condition of criminal and dangerous incidents that persisted over a period of time as a dangerous and repetitious

condition.

31. Defendant breached the duty owed to Tijuana Frazier by allowing and maintaining a nuisance.

32. Defendant was and is negligent *per se*.

### *Count 3*: Negligent Hiring, Training, Supervision, and Retention

33. Defendant was negligent in hiring, training, supervising, and retaining its employees working at and responsible for Eastwyck Village.

34. Defendant breached its duty of care owed to Tijuana Frazier through its negligence in hiring, training, supervising, and retaining its employees working at and responsible for Eastwyck Village.

35. Each of the foregoing acts and omissions constitute an independent act of negligence on the part of Defendant and one or more or all above stated acts or omissions were the direct and proximate cause of the injuries and damages to Tijuana Frazier.

### Damages

36. As a direct and proximate result of the negligent acts by Defendant, Tijuana Frazier suffered severe and mortal injuries that caused her death, endured pain and suffering, lost wages, suffered mental anguish, suffered loss of the enjoyment of life, and suffered other damages as will be proven at trial and permitted under Georgia law. Plaintiff is entitled to recover all elements of damages allowed under Georgia law.

37. Defendant is liable for Plaintiffs' injuries and damages sustained, pain and suffering, and all other elements of damages allowed under the laws of the State of Georgia.

38. Plaintiffs seek to and are entitled to recover for:

38.1. Personal injuries;

38.2. Pain and suffering;

38.3. Disability;

38.4. Disfigurement;

38.5.      Mental anguish;

38.6.      Funeral costs;

38.7.      Loss of capacity for the enjoyment of life;

38.8.      Economic losses;

38.9.      Incidental expenses;

38.10.     Lost earnings;

38.11.     Loss of earning capacity; and

38.12.     Consequential damages.

39.    Plaintiffs are entitled to an award of punitive damages without limitation or cap because the actions of Defendant and their agents were willful and wanton, and showed an entire want of care which would raise the presumption of conscious indifference to the consequences. Plaintiffs are accordingly entitled to recover punitive damages, without limitation or cap, from Defendant, in accordance with the enlightened conscience of an impartial jury.

40.    Defendant's actions evidence a species of bad faith, were, and are stubbornly litigious, and have caused Plaintiffs undue expense. Thus, Plaintiffs are entitled to recover their necessary expenses of litigation, including an award of reasonable attorney's fees and expenses required by this action, pursuant to O.C.G.A. § 13-6-11, as well as any other statutory or common law basis.


41.    Plaintiff respectfully requests:

41.1.      Process issue as provided by law;

41.2.      A trial by jury against Defendant;

41.3.      Judgment be awarded to Plaintiffs and against Defendant;

41.4.      Plaintiff be awarded damages in amounts to be shown at trial; and

41.5.      Plaintiff have such other relief as this Court deems just and appropriate.

Submitted on July 2, 2020 by:

**Rafi Law Firm LLC**
1776 West Peachtree Street NW
Suite 423-South
Atlanta, GA 30309
404-800-9933
470-344-3425 fax
mike@rafilawfirm.com
jackson@rafilawfirm.com

Michael T. Rafi
Georgia Bar No. 127670
H. Christopher Jackson Jr.
Georgia Bar No. 447282

**Attorneys for Plaintiff**

STATE COURT OF
DEKALB COUNTY, GA.
6/29/2020 3:16 PM
E-FILED
BY: Kelly Flack