# EXHIBIT A

## **CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE**

This Confidential Settlement Agreement and General Release (the "Settlement Agreement") is entered into effective as of the date of the latest signature herein ("Effective Date") by and between John Paul Rowan ("Claimant"), on the one hand and Geyer Morris Company, LLC and Geyer Capital Management, LLC, (collectively "Geyer Morris") on the other hand. The aforesaid shall be referred to hereinafter collectively as the "Parties."

**RECITALS:**

Whereas Claimant has asserted certain amounts were due and owing from Geyer Morris for work performed pursuant to compensation agreements entered into with Geyer Morris.

Whereas Claimant and Geyer Morris have agreed that in order to avoid any additional costs and expenses associated with the uncertainty of litigation, it is in the parties' best interests to enter into this Settlement Agreement to settle and resolve any and all outstanding claims by way of compromise and without any admission of liability by either party.

For good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties, intending to be legally bound, hereby agree as follows:

**SETTLEMENT TERMS:**

1. <u>Settlement Payment.</u> Geyer Morris shall pay the total sum of $226,000.00 as follows: No later than five (5) business days from execution of this Settlement Agreement by the Parties, Geyer Morris will have deposited into an account controlled by the Claimant the amount of $113,000.00. The remaining $113,000.00 shall be paid on or before January 6, 2023.

2. <u>Release by Claimant to Geyer.</u> Claimant individually and on behalf of Claimant's agents, subsidiaries, affiliates, divisions, partners, real or alleged alter egos, managers, shareholders, directors, officers, employees, agents, representatives, attorneys, accountants, predecessors, insurers, successors, heirs and assigns, hereby generally releases and forever discharges Geyer Morris, Mark Stewart Geyer, individually, SSG 2003 Trust, Stephens Partnership, and each of their respective past, present and future parent companies, subsidiaries, affiliates, divisions, partners, real or alleged alter egos, managers, shareholders, directors, officers, employees, agents, representatives, attorneys, accountants, predecessors, insurers, successors, heirs and assigns, of and from any and all claims, demands, actions, causes of action, suits at law or equity, debts, sums of money, accounts, controversies, rights, damages, costs, attorneys' fees, losses, expenses, contracts, torts, agreements, promises or liabilities whatsoever, known or unknown, which Claimant, has or may have in the future, arising

from or in connection with Claimant's employment and/or compensation agreements with Geyer Morris or the amounts claimed to be owed by Claimant from Geyer Morris.

3. <u>Time is of the Essence</u>. Both Parties agree and acknowledge that time is of the essence with regard to the Settlement of Payments.

4. <u>No Disparagement.</u> The Parties agree that they shall not make, or cause to be made, any false statement disparaging the reputation or business of any Party to this Settlement Agreement.

5. <u>No Admission of Liability or Wrongdoing</u>. This Settlement Agreement is made solely for the purpose of avoiding the burden and expense of litigation which would be imposed on the Parties if the disputes between them remained unsettled. Neither this Settlement Agreement nor the negotiations and discussions leading up to this Settlement Agreement, constitute an admission of liability or otherwise by either of the Parties.

6. <u>Confidentiality</u>. Claimant and Geyer Morris agree that the confidentiality of this Settlement Agreement is a material consideration for their entering into this Settlement Agreement. Accordingly, neither of the Parties, nor any of their respective directors, officers, agents, employees, affiliates, assigns, insurers, successors, attorneys, or other representatives, shall disclose any terms or contents of this Settlement Agreement or the negotiations which led to this Settlement Agreement to any person not a duly authorized representative of a Party hereto. In response to an inquiry, the Parties shall make no comment or disclosure about the underlying matter and/or the claims except to say that the matter has been "amicably resolved." This paragraph shall not preclude:

(A) the disclosure of the terms of this Settlement Agreement by either of the Parties in any court proceeding or arbitration brought by or against any Party for the enforcement of any right accruing in favor of or against such Party under this Settlement Agreement or in defense of any court proceeding or arbitration brought against any Party to enforce any claim that is the subject of this Settlement Agreement; or

(B) the disclosure of the terms of the Settlement Agreement by either Party hereto in response to a court order or process or as required by any applicable law or regulation; or

(C) the disclosure of the terms of the Settlement Agreement by either Party to a tax attorney, accountant or to tax authorities; or

(D) the disclosure of the terms of the Settlement Agreement as otherwise required by law, including but not limited to under regulations of the United States SEC, state money services regulators and other governmental agencies.

7. <u>Advice of Disclosure In Writing</u>. If a Party is requested to disclose the contents of this Settlement Agreement as contemplated by paragraph 5(B) hereof, such

Party shall promptly advise the other Party of the request, to allow the other Party reasonable opportunity to contest the requested disclosure.

8. <u>Entire Settlement Agreement</u>. This Settlement Agreement contains the entire agreement and understanding of the Parties concerning the matters set forth herein. No other representations, covenants, undertakings or other prior or contemporaneous agreements, oral or written, respecting such matters, which are not specifically incorporated or referred to herein, shall be deemed in any way to exist or bind either of the Parties hereto. The Parties hereto acknowledge that each Party has not executed this Settlement Agreement in reliance on any such other promise, representation or warranty.

9. <u>Construction</u>. This Settlement Agreement shall not be construed against the Party preparing it, but shall be construed as if the Parties jointly prepared it and any uncertainty or ambiguity shall not be interpreted against any Party.  In the event any provision of this Settlement Agreement is found to be invalid or otherwise unenforceable, the remainder of this Settlement Agreement shall remain fully valid and enforceable.

10. <u>No Oral Modifications</u>. This Settlement Agreement may not be modified orally.  No breach of any provision hereof may be waived unless in writing.  Waiver of any breach shall not be deemed to be a waiver of any other breach of the same or of any other provision hereof.  All modifications to this Settlement Agreement must be in writing and signed by the Parties to be charged.

11. <u>Attorneys' Fees</u>. If any action is brought for the enforcement of this Settlement Agreement, or in connection with any dispute arising out of it or the claims which are the subject of this Settlement Agreement, the prevailing party shall be entitled to recover reasonable attorneys' fees and any other costs incurred in such action in addition to any other relief to which the prevailing Party may be entitled.

12. <u>Effect of Settlement Agreement</u>.  This Settlement Agreement shall be binding on and shall inure to the benefit of the Parties, their respective heirs, representatives, successors and assigns, and all other persons, firms, corporations, associations, partnerships or other entities whenever the context so permits.

13. <u>Counterparts</u>. This Settlement Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which shall constitute one and the same instrument.  Scanned copies and copies made via facsimile shall be deemed valid originals.

14. <u>Advice of Counsel</u>.  Each party to this Settlement Agreement has had the opportunity to discuss the matter with legal counsel, and enters into this Settlement Agreement only after such consultation.

15. <u>Choice of Law</u>. This Settlement Agreement and any disputes arising under or in connection with this Settlement Agreement are to be governed by and interpreted

under the laws of the State of Georgia. The Parties irrevocably submit to the exclusive jurisdiction of the federal and state courts of Georgia.

16. <u>Breach of Settlement Agreement.</u> Should the full amount stated in section 1 not be received by the due date then this agreement shall be in breach and Claimant shall have the right to bring suit for breach of this Settlement Agreement to all associated parties. While pursuing suit for breach of this Settlement and until all payments are fully made Claimant shall have the right to seek the maximum allowable interest rate within the state of Georgia as well as any additional fees or penalties that might reasonably be applied or judgements granted.

17. <u>Right to Indemnification.</u> Subject to the limitations and conditions as provided in this Article, in the event Claimant , or any of Claimants family members, heirs, or assignees was or is made a party or is threatened to be made a party to or is involved in any proceeding, or any appeal in such a proceeding, or any inquiry or investigation that could lead to such a proceeding, by reason of the fact that he or she, or a person of whom he or she is the legal representative, or family, heir, or assignee thereof, is or was serving at the request of the Geyer Morris as a Manager, director, officer, partner, venturer, proprietor, trustee, employee, agent, or similar functionary; Claimant shall be indemnified by Geyer Morris to the fullest extent permitted by the law against judgements, penalties, (including excise and similar taxes and punitive damages), fines, settlements and reasonable expenses (including, without limitation attorney's fees) actually incurred by such person in connection with such Proceeding, and indemnification under this Article shall continue in perpetuity. The rights granted pursuant to this Article shall be deemed contract rights, and no amendments, modification or repeal of this Article shall have the effect of limiting or denying any such rights with respect to actions taken or Proceeding arising prior to any such amendment, modification or repeal. Geyer Morris' indemnity obligation under this Article does not include the obligation to defend, indemnify, or hold harmless Claimant or any other indemnitee under this Article for claims, potential claims, or proceedings arising out of Claimant's fraudulent acts, misrepresentations, intentional torts, and/or other malfeasance.

18. <u>Termination of Employment/Service Contracts</u>. The parties agree that any employment agreements, service contract, compensation agreements, or any other such agreement by and between Geyer Morris, Mark Stewart Geyer, individually, and/or SSG 2003 Trust, Stephens Partnership are hereby terminated.

19. <u>Notices</u>.  All notices and other communications hereunder shall be in writing to:

>John Paul Rowan
>126 East Oglethorpe Avenue
>Savannah, GA 31401
>
>Michael S. Nixon
>Nixon Jach Hubbard
>mnixon@njh-law.com

IN WITNESS WHEREOF, the Parties have agreed to and executed this Settlement Agreement as of the Effective Date set forth above.

By: *John Paul Rowan*  
John Paul Rowan

Dated: 12/6/22

By: *[signature]*  
Mark Stewart Geyer,  
as authorized agent on  
behalf of Geyer Morris

Dated: 12/12/2022