State Court of Fulton County
**E-FILED**
23EV000210
1/11/2023 12:44 PM
Donald Talley, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| LORRAINE DAILEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: |
| | ) |
| WALMART INC., and JOHN DOE, | ) |
| | ) |
| Defendants. | ) |

## PLAINTIFF'S FIRST REQUEST FOR ADMISSION
## TO DEFENDANT WALMART INC.

Plaintiff hereby requests that Defendant admit for the purpose of this action the truth of the following facts within forty-five (45) days after the date of service hereof and in conformity with O.C.G.A. § 9-11-36. If any request cannot be truthfully admitted or denied, please state in detail the reasons why you cannot truthfully admit or deny the matter. If you cannot admit or deny the request in its entirety, please specify that part which you cannot admit or deny and state in detail the reasons for any such qualifications. If you assert any claim of privilege in response to any or all of these requests, set forth, with respect to each such request(s) as to which a claim of privilege is asserted, the nature of the privileged claimed (e.g. attorney-client, work-product, etc.) and the basis for your claim.

## REQUEST FOR ADMISSION

## REQUESTS FOR ADMISSION

1. Please admit that this Court has personal jurisdiction over you for this lawsuit.

2. Please admit that venue for this action is proper as alleged in the Complaint.

3. Please admit that you were properly served with this Complaint.

4. Please admit that service of process on you was proper.

5.  Please admit that you are a proper party to this lawsuit.

6.  Please admit that all necessary parties are named in the Complaint for this action.

7.  Please admit Plaintiff did not contribute to or cause the injuries she suffered on the date of the incident.

8.  Please admit Plaintiff exercised ordinary care and diligence while on or about the Premises.

9.  Please admit you owed Plaintiff a duty to exercise ordinary care in keeping the Premises and its approaches safe.

10. Please admit you owed Plaintiff a duty to keep the Premises in repair.

11. Please admit that you failed to exercise ordinary care in keeping the Premises and its approaches safe, on the date of incident.

12. Please admit that you failed to keep the Premises in repair.

13. Please admit that you breached your duty of care owed to the Plaintiff.

14. Please admit that, on the date of incident, you had a written policy for inspecting the Premises.

15. Please admit that, on the date of incident, your policies and procedures for inspecting the Premises were inadequate.

16. Please admit that Plaintiff was injured as a direct and proximate result of your negligence.

17. Please admit that as a direct and proximate result of your acts and omissions, Plaintiff incurred medical expenses and other damages.

18. Please admit that Plaintiff is entitled to recover damages from you for injuries suffered as a result of your negligence.

19. Please admit that, on the date of incident, your policies and procedures required your employees, representatives, and/or agents to address known hazardous conditions as soon as possible.

20. Please admit that, on the date of incident, you had a written policy(ies) or guideline(s) for the placement of warning signs about hazardous conditions on the Premises.

21. Please admit that an employee of Defendant was in the area at the time Plaintiff was injured.

22. Please admit that Defendant has video cameras which capture events on the subject premises.

23. Please admit that one of the purposes of these video cameras is to capture an event where a patron is injured.

24. Please admit that you possess video and/or still camera footage of Plaintiff at, on, or near the Premises on the date of the incident.

25. Please admit that a shopping cart with faulty wheels is dangerous.

26. Please admit that a staircase banister that has nails sticking out of it is dangerous.

27. Please admit that Defendant was aware of the condition of the subject shopping cart prior to Plaintiff's fall.

28. Please admit that Defendant took no action to repair the subject shopping cart otherwise make it safe prior to Plaintiff's fall.

This 11 day of January, 2023.

Respectfully submitted,

Mitchell B. Ladson, Esq.
Georgia Bar Number 984512
*Attorney for Plaintiff*

MORGAN & MORGAN
408 12th Street STE 200
Columbus, Georgia 31901
Telephone: 762-240-9450
Facsimile: 762-240-9498
*mladson@forthepeople.com*

State Court of Fulton County
**E-FILED**
23EV000210
1/11/2023 12:44 PM
Donald Talley, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

LORRAINE DAILEY,                    )
                                    )
       Plaintiff,                  )
                                    )
v.                                  )  CIVIL ACTION NO.:
                                    )
WALMART INC., and JOHN DOE,         )
                                    )
       Defendants.                 )

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT WALMART INC.

COMES NOW, Plaintiff LORRAINE DAILEY (hereinafter "Plaintiff"), and hereby requests that Defendant WALMART INC. (hereinafter "Defendant") produce for inspection and copying the following documents in the possession, custody, or control of Defendant and its representative pursuant to O.C.G.A. § 9-11-34 within forty-five (45) days from the date of service hereof to Plaintiff's attorney of record, Mitchell B. Ladson, Morgan & Morgan, 408 12th Street, Suite 200, Columbus, GA 31901, or at such other time, date, and location agreed to by counsel for Defendant and the undersigned counsel, and to serve a written response hereto within forty-five (45) days from the date of service hereof.

### DEFINITIONS

If a privilege is claimed as to any documents covered by this Request for Production, Plaintiff asks that each document to which privilege is claimed be identified with such particularity and in such a manner that the Court, and not counsel unilaterally, may determine whether the document is indeed entitled to privileged status. As used herein, the terms listed below mean the following:

1.  "Document" means every writing, electronic data or file, printing, record, graphic, photographic or sound reproduction of every type and description that is in your possession, control, custody and knowledge, including but not limited to correspondence, memoranda, agreements, minutes, assignments, records, stenographic and handwritten notes, diaries, notebooks, account books, orders, invoices, notices, statements, bills, files, checks, check stubs, account ledgers, maps, charts, diagrams, analyses, books, pamphlets, work sheets, data sheets, statistical compilations, data cards, microfilms, computer records (including printouts, floppy discs or other magnetic storage media), e-mails, tapes, photographs, pictures, recordings (both voice and videotape) and all copies of such documents, writings or records when such copies contain any commentary or notation whatsoever that does not appear on the original.

2.  "Person" means any natural person, organization, corporation, partnership, proprietorship, association, group of persons, or any governmental body or subdivision thereof.

3.  If you contend that any documents are privileged or protected by the attorney work product doctrine, please produce a Privilege Log for those documents.

## DOCUMENT REQUESTS

1.

Each and every document, tangible object, or other item of real, demonstrative or documentary evidence which provides any and all factual support for each defense asserted by you in your Answer to Plaintiff's Complaint.

2.

Any and all CCTV footage, photographs, videos, drawings, maps or sketches of the scene of the incident.

3.

Any surveillance photographs, movies or videotapes made of Plaintiff.

4.

Each and every insurance agreement under which any person carrying on an insurance business may be liable to you to satisfy part or all of any judgment which may be entered in this action or to indemnify or reimburse you for any payments made to satisfy such judgment.

5.

Each and every document comprising a report made by any person, firm, association or other entity (including insurance adjusters and management at Walmart INC. that has conducted any investigation to determine any of the facts pertaining to any of the issues in this action.

6.

Each and every document comprising a report made by any person you expect to call as an expert witness on the trial of this case.

7.

Each and every document relating to any facts or information about the subject matter of this action furnished by you to any expert you expect to call as an expert witness on the trial of this case.

8.

Each and every document relating to any written or recorded statement inquired about in Interrogatory No. 5 of Plaintiff's First Interrogatories propounded to you.

9.

All statements previously made by Plaintiff concerning the subject matter of this action.

10.

All documents that discuss, review, explain, outline, and/or define Defendant's procedure(s) for reporting, taking and/or filing incident reports, <u>effective</u> June 15, 2021.

11.

All documents that discuss, review, explain, outline, and/or define Defendant's procedure(s) for reporting, taking and/or filing incident reports, <u>effective after</u> June 15, 2021.

12.

The safety policies, manuals, standards, guidelines, handbooks, memos and procedures effective June 15, 2021, for Walmart INC. including, but not limited to, any references to procedures for maintenance and/or inspection of the shopping carts.

13.

The safety policies, manuals, standards, guidelines, handbooks, memos and procedures effective after June 15, 2021, for Walmart INC., including, but not limited to, any references to procedures for maintenance and/or inspection of the shopping carts.

14.

A blank copy of the incident report used by Defendant for documenting and reporting Plaintiff's injuries at the subject Premises on June 15, 2021.

15.

A fully legible copy of the incident report completed by you regarding Plaintiff's fall at the subject Premises on June 15, 2021.

16.

Any and all documents that relate to any firings, reprimands, suspensions, punishments, complaints, grievances, allegations, denials of any and all of your employees, or agents, who

allegedly, or actually, failed to properly inspect the subject shopping cart at the subject Premises from January 1, 2019, through the present day.

17.

A copy of all witness and employee statements gathered in conjunction with the incident report completed by you and regarding Plaintiff's injury and fall at the subject premises on June 15, 2021.

18.

Any documents responsive to your answers to Plaintiff's First Interrogatories.

This Request for Production of Documents is served upon you together with Plaintiff's Complaint.

This 11 day of January, 2023.

Respectfully submitted,

_____
Mitchell B. Ladson, Esq.
Georgia Bar Number 984512
*Attorney for Plaintiff*

MORGAN & MORGAN
408 12th Street STE 200
Columbus, Georgia 31901
Telephone: 762-240-9450
Facsimile: 762-240-9498
*mladson@forthepeople.com*

State Court of Fulton County
**E-FILED**
23EV000210
1/11/2023 12:44 PM
Donald Talley, Clerk
Civil Division

**General Civil and Domestic Relations Case Filing Information Form**

☐ Superior or ☑ State Court of <u>FULTON</u> County

| For Clerk Use Only |
|---|
| Date Filed _____ Case Number _____ |
| **MM-DD-YYYY** |

**Plaintiff(s)**
DAILEY        LORRAINE

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |

**Defendant(s)**
WALMART      INC.

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |

**Plaintiff's Attorney** MITCHELL B. LADSON       **State Bar Number** 984512       **Self-Represented** ☐

**Check one case type and one sub-type in the same box (if a sub-type applies):**

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☑ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____          _____
**Case Number**                    **Case Number**

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

Version 1.1.20

State Court of Fulton County
**E-FILED**
23EV000210
1/11/2023 12:44 PM
Donald Talley, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

LORRAINE DAILEY,                    )
                                    )
        Plaintiff,                  )
                                    )
v.                                  )   CIVIL ACTION NO.:
                                    )
WALMART INC., and JOHN DOE,         )
                                    )
        Defendants.                 )

## PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT WALMART INC

COMES NOW, Plaintiff LORRAINE DAILEY (hereinafter "Plaintiff"), and serves upon Defendant WALMART INC. (hereinafter "Defendant") Plaintiff's First Interrogatories, to be answered under oath and within forty-five (45) days from service hereof in accordance with O.C.G.A. § 9-11-33.

These Interrogatories shall be deemed continuing so as to require supplemental answers if you or your attorneys obtain further information between the time the answers are served and the time of trial. Any such supplemental answers are to be filed and served upon counsel for Plaintiff within thirty (30) days from the receipt of such information, but not later than the time of trial.

## DEFINITIONS

When used in these Interrogatories, the term "Defendant," or any synonym thereof, is intended to and shall embrace servants, representatives, private investigators, and others who are in a position of or may have obtained information for or on behalf of Defendant.

As used in these Interrogatories, the following words and phrases have the meanings set forth below.

(1)   "You" and "your" means and refers to Wal-Mart Stores East, LP, the Defendant to whom these Interrogatories are directed, and includes your agents, employees, insurance company and their agents and employees, your attorneys, investigators and anyone else acting on your or their behalf.

(2)   The term "document" means and includes all correspondence, writings, records, memoranda, drawings, graphs, charts, photographs, motion pictures, videotapes, videodisks, audiotapes or other sound recordings, books, ledgers, financial records, checks, drafts, receipts, forms prescribed by government agencies, computer tapes, computer disks, computer printouts, photocopies, microfilm, microfiche, and any other data, sound, or image compilation or recording from which information regarding the described transactions can be obtained, translated if necessary by respondent through appropriate and necessary devices into reasonably useable and intelligible form.

(3) "Person" includes any individual, corporation, partnership, government, or business entity, and group of persons associated in fact although not a legal entity.

(4) "Identify" means the following:

(a) When used with respect to individuals, means to state the full name, address, telephone number, place of employment, job title and present whereabouts of such person;

(b) When used with respect to persons other than individuals, as the term "persons" is identified in (3) above, means to state the full name, address and telephone number of such "person" together with the name, address, telephone number and job title of the employee, agent, servant or representative of such

"person" who has knowledge of the particular facts or possession, custody or control of the particular documents of which discovery is sought;

(c) When used with respect to documents, tangible objects, or other items of real or demonstrative evidence, means to list the items of which discovery is sought, describe them in specific detail (give an exhibit number for each if one has been assigned) and state the name, address and telephone number of the person who presently has possession, custody or control over each item of real or documentary evidence listed; and

(d) When used with respect to facts, circumstances or information, means to give a concise summary of the nature and substance of the facts, circumstances or information of which discovery is sought.

## <u>INTERROGATORIES</u>

1.

Identify the person or persons responding to these Interrogatories and all individuals that have provided assistance to you in responding to Plaintiff's First Interrogatories and Requests for Production of Documents.

2.

If you contend that Plaintiff has brought action against the wrong entity due to a misnomer, please state the complete name of the correct Defendant in this action; and further state whether you will accept service of an amended Summons and Complaint reflecting the information furnished by you in response to this Interrogatory.

3.

With particularity sufficient to satisfy O.C.G.A. § 9-11-26 (b)(2), please identify any

policy or policies of liability insurance, including umbrella coverage, which would or might inure to the benefit of Plaintiff by providing for payment of a part of, or all of any judgment rendered in favor of Plaintiff against Defendants or against any other person, firm or corporation which is or may be liable to Plaintiff by reason of the incident described in the Complaint.

4.

Please identify all persons (including employees and other witnesses) who to you or your representatives' knowledge, information or belief:

    (a)    Were eyewitnesses to the incident that gives rise to this lawsuit;

    (b)    Have relevant knowledge concerning the incident that gives rise to this lawsuit, any issue of liability or the damages in connection with this lawsuit, who were not identified in sub-part (a);

    (c)    Arrived at the scene of the occurrence complained of in this action immediately or shortly after its occurrence; and

    (d)    Assisted Plaintiff after her fall at your premises located at 6149 Old National Hwy, College Park, Georgia 30349.

5.

Please identify all persons who have given written or recorded statements covering the facts and/or circumstances of the incident which is the subject matter of this litigation, and state the name of each person, the name and address of the person or entity taking each statement, the date each statement was taken, and the name and address of each person having possession, custody or control of each statement.

6.

Please identify any CCTV footage, video footage, photographs, diagrams or other

pictorial representations concerning the events and happenings alleged in Plaintiff's Complaint.

7.

Please identify each person (whether your employee or a claims adjuster, etc.) who has made an investigation or study of the subject incident or location at Defendant's Premises.

8.

With particularity sufficient to satisfy O.C.G.A. § 9-11-26 (b)(4), please identify all persons (whether your employees or not) whom you expect to call or may call as an expert witness upon the trial of this matter.

9.

Identify each person employed by Defendant who was working at the retail Wal-Mart Supercenter store located at 6149 Old National Hwy, College Park, Georgia 30349 (hereinafter "the Premises") on June 15, 2021 (hereinafter "the date of the incident").

10.

To your information or belief, has there been any surveillance, photographs or videos of *any* party? If so, identify what party was photographed or videoed, and identify all persons who now have or have had custody and/or control of any records, tapes, films or other recording of such surveillance.

11.

Please identify each individual who was responsible for the maintenance and/or inspections of the shopping carts on June 15, 2021, at the Premises. Were these person(s) employees or agents of Defendant? If not, please identify what entity employed them at the time of Plaintiff's fall.

12.

State each and every fact upon which you rely for each affirmative defense in your Answer to Plaintiff's Complaint.

13.

Identify any and all persons known to Defendant who have been injured at the Premises at any time from January 1, 2019 to the present day.

14.

In reference to the individual(s) identified in the previous Interrogatory, please state the following:

    (a)    The cause of the injury;

    (b)    Whether any incident report was prepared;

    (c)    The information contained in such incident report;

    (d)    The name, addresses, home telephone numbers, present place of employment, work telephone numbers, job titles, and present whereabouts of any and all persons having knowledge regarding said injury.

15.

Please identify any and all changes that have been made to your policies and/or procedures concerning inspection of the floors at the Premises since the date of the incident.

16.

Do you contend that the injuries complained of in this case were caused by the negligence of any party other than Defendant or Defendant's agents and servants?  If your answer is yes, please identify:

    (a)    The party whom you contend was guilty of such negligence;

(b)    Every act of negligence which you claim was committed by such party or his agents and servants and which you contend proximately caused or contributed to the injuries complained of in this case;

(c)    Each and every fact and reason upon which you base your contentions; and

(d)    Each and every person who has any knowledge or information concerning each such fact.

17.

Please state whether you, or anyone acting on your behalf, had any knowledge or information, of any nature whatsoever, that any condition existed at the subject Premises which could cause or contribute to the occurrence alleged in Plaintiff's Complaint.  If so:

(a)    State the date you acquired such knowledge and/or information;

(b)    State what knowledge and/or information you had;

(c)    Identify the person or persons who made such knowledge and/or information known to you;

(d)    State whether any remedial and/or corrective action was taken based upon such knowledge;

(e)    Identify the person who took any such remedial and/or corrective action, and state the date thereof; and

(f)    Identify any documents relating to such condition and/or corrective action.

18.

Please identify any inherent aspect of the subject Premises where Plaintiff was injured which you believe posed a risk of physical injury to persons.  As to each such fact or circumstance identified:

(a)     State when you were apprised of such inherent risk of danger; and

(b)     Identify all documents relating to such fact or circumstance.

19.

Please identify any and all other similar incidents or allegations for which any person has complained (either by letter, email, or verbally) of an injury at the Premises involving Defendant and/or its agents, occurring from January 1, 2019 through the present day.

20.

Please identify any and all other similar incidents or allegations for which you have prepared an incident report concerning any person who has complained of an injury involving Defendant and/or its agents, occurring from January 1, 2019   through the present day.

21.

Please identify any and all other similar incidents or allegations for which any person has filed an insurance claim against Defendant and related to falls at the Premises, occurring from January 1, 2019 through the present day.

22.

Please identify any and all other similar incidents or allegations for which a patron or employee has filed a lawsuit against Defendant related to falls at the Premises, from January 1, 2019 through the present day.

23.

Identify any and all incident reports and/or documentary writings made by you concerning the incident at issue.

24.

Identify all instructions and documents created by you since the date of the incident,

concerning maintenance and/or inspections of the shopping carts at the Premises.

25.

Identify any and all safety manuals and written procedures effective after the date of the incident concerning maintenance and/or inspection of the shopping carts the Premises.

26.

Please state whether, in compiling your answers to these Interrogatories, you have made a reasonable and diligent effort to identify and provide not only such facts as are within your personal knowledge, but such facts as are also reasonably available to you and/or any person acting on your behalf.

These Interrogatories are served upon you together with Plaintiff's Complaint.

This 11 day of January, 2023.

Respectfully submitted,

Mitchell B. Ladson, Esq.
Georgia Bar Number 984512
*Attorney for Plaintiff*

MORGAN & MORGAN
408 12th Street STE 200
Columbus, Georgia 31901
Telephone: 762-240-9450
Facsimile: 762-240-9498
*mladson@forthepeople.com*

State Court of Fulton County
**E-FILED**
23EV000210
1/11/2023 12:44 PM
Donald Talley, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

LORRAINE DAILEY,                    )
                                    )
        Plaintiff,                  )
                                    )
v.                                  )   CIVIL ACTION NO.:
                                    )
WALMART INC., and JOHN DOE,         )
                                    )   **DEMAND FOR JURY TRIAL**
        Defendants.                 )

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

COMES NOW, Plaintiff Lorraine Dailey, and states her Complaint for Damages against Defendant Walmart INC., and John Doe as follows:

## PARTIES AND JURISDICTION

1.

Plaintiff Lorraine Dailey is a citizen and resident of the State of Georgia.

2.

The incident that is the subject of this cause of action occurred at Defendant's retail Wal-Mart Supercenter store located at 6149 Old National Hwy, College Park, Georgia 30349 (hereinafter "the Premises").

3.

Defendant Walmart INC. (hereinafter "WALMART") is a foreign profit corporation authorized to do business in the State of Georgia, with its principal office located in Bentonville, Arkansas, and is subject to the jurisdiction of this Court. Defendant maintains offices and transacts business in Fulton County, Georgia, the county in which this cause of action originated. Venue as to this Defendant is proper in Fulton County, Georgia, pursuant to O.C.G.A. § 14-2-510 as the tortious conduct alleged herein occurred in Fulton County, Georgia. Defendant may

be served by issuing Summons and a second original of this Complaint to its registered agent for service, The Corporation Company (FL), 106 Colony Park Drive, Suite 800-B, Cumming, Forsyth County, Georgia 30040.

4.

Defendant JOHN DOES is an unknown person who operated, managed, inspected, and/or was responsible for safety at the Premises at all relevant times. This Defendant will be substituted for named Defendant once his/her identity is discovered. This Defendant is subject to the jurisdiction of this Court.

5.

Venue in the present case is proper in Fulton County, Georgia.

### FACTUAL ALLEGATIONS

6.

Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 5 above as if they were restated verbatim.

7.

At all times material hereto, Defendant WALMART owned and/or operated the Premises and as such possessed said property with the intent to occupy and control it and held it open to the public for business purposes.

7.

On June 15, 2021, Defendant WALMART was in legal possession of the Premises.

8.

On or about June 15, 2021, Defendant WALMART was operating a retail store at the aforementioned location.

9.

On or about June 15, 2021, Plaintiff entered the Premises for the purpose of shopping therein.

10.

On or about June 15, 2021, upon entering the Premises for the purpose of shopping therein, Plaintiff assumed the legal status of an invitee as the term is defined and codified under Georgia Law.

## COUNT I

### *Negligence/Premises Liability*

11.

Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 10 above as if they were restated verbatim.

12.

On or about June 15, 2021, Plaintiff was an invitee at the Premises.

13.

On that same date, Plaintiff placed laundry detergent into her shopping cart, and without warning a wheel separated from the cart. Plaintiff attempted to grab the cart, but the unsteadiness of the cart caused her to fall.

14.

As a result of the aforementioned incident, Plaintiff fell to the ground and suffered serious injuries and damages, including, but not limited to injury to her knee and left shoulder, which required surgical intervention.

15.

At all times relevant hereto, Defendants owned and/or operated the Premises and owed a legal duty of reasonable care to invitees to inspect and keep the premises in a safe condition and to warn Plaintiff of hidden dangers or defects that were not discoverable in the exercise of reasonable care.

16.

At all times relevant hereto, Defendant, by and through its employees and/or agents, knew or should have known of the faulty shopping cart.

17.

At all times relevant hereto, Plaintiff had no reason to know of or anticipate the faulty shopping cart and it was not discoverable by Plaintiff in the exercise of reasonable and ordinary care.

18.

At all times relevant hereto, Plaintiff exercised reasonable care for her own safety.

19.

At all times relevant hereto, Defendants breached their duty of reasonable care in one or more of the following manners:

a)     Defendants failed to inspect the subject shopping cart for dangerous conditions;

b)     Defendants failed to warn patrons of a dangerous condition they knew or should have known existed in the subject area; and

c)     Defendants failed to rectify the dangerous condition of the subject shopping cart when they knew or should have known said conditions existed.

20.

As a result of the foregoing, Defendants breached their legal duty to Plaintiff, in violation of O.C.G.A § 51-3-1.

21.

Defendants are responsible for the conduct of these individuals under the doctrine of *respondeat superior*, agency or apparent agency.

22.

As a direct and proximate result of the aforesaid breaches of duty and negligence by Defendants, Plaintiff fell to the floor and suffered personal injuries. Plaintiff has suffered past medical expenses in excess of $60,000, in addition to future medical expenses and past, present, future physical pain and suffering. Plaintiff seeks an award in excess of $75,000.00.

23.

By reason of the foregoing, Plaintiff is entitled to recover compensatory damages from Defendant in an amount to be proven at trial.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully prays and demands as follows:

1. That Process and Summons issue, as provided by law, requiring Defendant to appear and answer Plaintiff's Complaint;

2. That service be had upon Defendant as provided by law;

3. That the Court award and enter a judgment in favor of Plaintiff and against Defendant for compensatory damages in an amount to be proven at trial;

4. That Plaintiff have a trial by a jury as to all issues; and,

5. That Plaintiff have such other and further relief as the Court may deem

just and proper.

This 11 day of January, 2023.

Respectfully submitted,

Mitchell B. Ladson, Esq.
Georgia Bar Number 984512
*Attorney for Plaintiff*

MORGAN & MORGAN
408 12th Street STE 200
Columbus, Georgia 31901
Telephone: 762-240-9450
Facsimile: 762-240-9498
*mladson@forthepeople.com*

State Court of Fulton County
**E-FILED**
23EV000210
1/16/2023 9:36 AM
Donald Talley, Clerk
Civil Division

**GEORGIA, FULTON COUNTY**

DO NOT WRITE IN THIS SPACE

**STATE COURT OF FULTON COUNTY**
Civil Division

CIVIL ACTION FILE #: _____

LORRAINE DAILEY
_____
_____
_____

Plaintiff's Name, Address, City, State, Zip Code

vs.

WALMART INC.
_____
_____
_____

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [ ] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $ _____ |
| [ ] SPECIAL LIEN | |
| | ************ |
| [ ] NEW FILING | |
| [ ] RE-FILING:  PREVIOUS CASE NO. _____ | |

## SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

  You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: MITCHELL B. LADSON
_____

Address: 408 12TH STREET, SUITE 200
_____

City, State, Zip Code: COLUMBUS, GA 31901                    Phone No.: 762-240-9442

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center  at 185 Central Ave., S.W., Ground Floor, Room TG300,  Atlanta, GA 30303.

Donald Talley, Chief Clerk (electronic signature)

_____

*SERVICE INFORMATION:*

 Served, this _____ day of _____, 20_____.    _____
DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

_____

This _____ day of _____, 20_____.    _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

State Court of Fulton County
**E-FILED**
23EV000210
2/10/2023 12:21 PM
Donald Talley, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| LORRAINE DAILEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action File |
| vs. | ) | No. 23EV000210 |
| | ) | |
| WALMART INC., AND JOHN DOE | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER AND JURY DEMAND OF DEFENDANT WALMART, INC.

Defendant Walmart, Inc., by and through counsel, answers plaintiff's

Complaint as follows:

### FIRST DEFENSE

Service is insufficient upon defendant.

### SECOND DEFENSE

This Court lacks personal jurisdiction over defendant.

### THIRD DEFENSE

Plaintiff's failure to specifically state items of special damages as required

by Georgia law bars their recovery.

### FOURTH DEFENSE

Plaintiff has failed to state a claim for active negligence based on the facts

alleged in her Complaint.

## FIFTH DEFENSE

Plaintiff's claims are barred by her own contributory negligence.

## SIXTH DEFENSE

Plaintiff's claims are barred by her voluntary assumption of risk.

## SEVENTH DEFENSE

Responding to the specific allegations of the numbered paragraphs of plaintiff's Complaint, defendant Walmaint, Inc. answers:

### 1.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1.

### 2.

Defendant denies the allegations of paragraph 2 as pled.

### 3.

Defendant denies that it is currently subject to the jurisdiction of this Court. Defendant admits the remaining allegations of paragraph 3.

### 4.

Defendant denies the allegations of paragraph 4.

### 5.

Defendant denies the allegations of paragraph 5 as pled.

6.

Defendant incorporates and re-alleges its responses to paragraphs 1-5 inclusive.

7(1).

Defendant denies the allegations of paragraph 7(1) as pled.

7(2)

Defendant denies the allegations of paragraph 7(2) as pled.

8.

Defendant denies the allegations of paragraph 8 as pled.

9.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9.

10.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10.

11.

Defendant incorporates and re-alleges its responses to paragraphs 1-10 inclusive.

12.

Defendant is without knowledge or information sufficient to form a belief as

to the truth of the allegations of paragraph 12.

13.

Defendant denies the allegations of paragraph 13 as pled.

14.

Defendant denies the allegations of paragraph 14 as pled.

15.

Defendant denies the allegations of paragraph 15 as pled.

16.

Defendant denies the allegations of paragraph 16.

17.

Defendant denies the allegations of paragraph 17.

18.

Defendant denies the allegations of paragraph 18.

19.

Defendant denies the allegations of paragraph 19.

20.

Defendant denies the allegations of paragraph 20.

21.

Defendant denies the allegations of paragraph 21.

22.

Defendant denies the allegations of paragraph 22.

23.

Defendant denies the allegations of paragraph 23.

24.

Any allegation, language or paragraph of plaintiff's Complaint not heretofore

responded to is specifically denied by defendant Walmart, Inc.

WHEREFORE having answered, defendant Walmart, Inc. prays that it be

discharged, with its costs, that it receives a trial by a jury of twelve (12) persons,

and that it receive all further relief available under the law.

This 10th day of February, 2023.

                                        WALDON ADELMAN CASTILLA
                                        HIESTAND & PROUT


                                        /s/ Casey J. Brown_____
                                        Jonathan M. Adelman
                                        Georgia Bar No. 005128
                                        Casey J. Brown
                                        Georgia Bar No. 757384
                                        Attorneys for Walmart, Inc.

900 Circle 75 Parkway
Suite 1040
Atlanta, Georgia 30339
(770) 953-1710
jadelman@wachp.com
cbrown@wachp.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I electronically filed this PLEADING with the Clerk of the Court using an O.C.G.A. § 15-6-11 electronic filing service provider which will automatically send e-mail notification of such filing to the following attorney(s) of record:

Mitchell B. Ladson

408 12<u>th</u> Street

Suite 200

Columbus, Georgia 31901

This 10<u>th</u> day of February, 2023.

WALDON ADELMAN CASTILLA
HIESTAND & PROUT


/s/ Casey J. Brown_____
Jonathan M. Adelman
Georgia Bar No. 005128
Casey J. Brown
Georgia Bar No. 757384
Attorneys for Walmart, Inc.

900 Circle 75 Parkway
Suite 1040
Atlanta, Georgia 30339
(770) 953-1710
jadelman@wachp.com
cbrown@wachp.com