Case 1:23-mi-99999-UNA Document 440 Filed 02/10/23 Page 1 of 18

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
KAMMY G. SOWELL

**DEFENDANTS**
SOUTHWEST AIRLINES CO.
MIDLAND TESTING SERVICES INC

**(b)** County of Residence of First Listed Plaintiff: Clayton
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: DALLAS
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
ALAN PARKER LAW FIRM LLC
226 NORTH MCDONOUGH STREET

Attorneys *(If Known)*
2702 LOVE FIELD DR HDO 4 HR
DALLAS TX 75235

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [x] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane | 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | INTELLECTUAL PROPERTY RIGHTS | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | | | 820 Copyrights | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | 368 Asbestos Personal Injury Product Liability | | 830 Patent | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | | | 835 Patent - Abbreviated New Drug Application | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | PERSONAL PROPERTY | LABOR | 840 Trademark | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | 370 Other Fraud | 710 Fair Labor Standards Act | 880 Defend Trade Secrets Act of 2016 | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability | 371 Truth in Lending | [x] 720 Labor/Management Relations | | 480 Consumer Credit (15 USC 1681 or 1692) |
| 190 Other Contract | 360 Other Personal Injury | 380 Other Personal Property Damage | | SOCIAL SECURITY | 485 Telephone Consumer Protection Act |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice | 385 Property Damage Product Liability | 740 Railway Labor Act | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 196 Franchise | | | 751 Family and Medical Leave Act | 862 Black Lung (923) | 850 Securities/Commodities/ Exchange |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | 790 Other Labor Litigation | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| 210 Land Condemnation | 440 Other Civil Rights | Habeas Corpus: | 791 Employee Retirement Income Security Act | 864 SSID Title XVI | 891 Agricultural Acts |
| 220 Foreclosure | 441 Voting | 463 Alien Detainee | | 865 RSI (405(g)) | 893 Environmental Matters |
| 230 Rent Lease & Ejectment | 442 Employment | 510 Motions to Vacate Sentence | | FEDERAL TAX SUITS | 895 Freedom of Information Act |
| 240 Torts to Land | 443 Housing/ Accommodations | 530 General | | 870 Taxes (U.S. Plaintiff or Defendant) | 896 Arbitration |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment | 535 Death Penalty | IMMIGRATION | 871 IRS—Third Party 26 USC 7609 | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other | Other: | 462 Naturalization Application | | 950 Constitutionality of State Statutes |
| | 448 Education | 540 Mandamus & Other | 465 Other Immigration Actions | | |
| | | 550 Civil Rights | | | |
| | | 555 Prison Condition | | | |
| | | 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC 1332(a)(1)

Brief description of cause:
Defendants failed to comply with Federal Aviation Authority regulations and US Dept of Trans. regulations

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $** 300,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 2/10/2023
SIGNATURE OF ATTORNEY OF RECORD: /s/ Alan G. Parker

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II. Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III. Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV. Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V. Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI. Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII. Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII. Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| KAMMY SOWELL | ) | |
|     Plaintiff | ) | CIVIL ACTION FILE NO. |
| | ) | |
| | ) | |
| V. | ) | _____ |
| | ) | |
| SOUTHWEST AIRLINES CO., | ) | JURY TRIAL DEMANDED |
| and MIDLAND TESTING SERVICES | ) | |
| INC. | ) | |
|     Defendants | ) | |

## **PLAINTIFFS COMPLAINT FOR DAMAGES**

COMES NOW, Kammy Sowell and submits this complaint for Damages against Defendants herein and in support thereof respectfully shows the Court as follows:

## **NATURE OF CAUSE OF ACT**

This a civil action claiming monetary damages arising out of the violation of state and federal regulations in the administration and conduct of required drug testing of airline personnel resulting in violations of Georgia law and injury proximately caused by the manner in which such testing was conducted related to Plaintiff.

1

## JURISDICTION

1.

This court has jurisdiction over this action on the basis of diversity of citizenship, pursuant to 28 USC 1332(a)(1), in so far as Plaintiff does not reside within the same state as any Defendant herein and the amount of damages in controversy in this matter exceeds $75,000.00. Defendants Southwest Airlines and Midland Technologies. Each maintain registered agents for service in Georgia and within this district and are within the court's jurisdiction. Defendants also conduct substantial business and have sufficient contacts within Georgia to warrant the imposition of jurisdiction over them, pursuant to 15 USC 1681 and 1692k(d) and 28 USCF 1331, 1337, and 1367. The Courts jurisdiction over the Plaintiff's state law claims is proper pursuant to 28 USC 1367.

## VENUE

2.

Venue is proper in this court, pursuant to 28 U.S.C. 1391, as the actions giving rise to this lawsuit occurred within the Northern District of Georgia

## PARTIES

3.

Plaintiff, known at all times relevant to the factual circumstances herein by his name Kammy Sowell, is a natural person residing at 631Hynds Springs Dr,

Jonesboro, GA 30238-3103, He was employed as a Ramp Operator by Defendant Southwest Airlines Company. Defendant were required to comply with all employment regulations and procedures promulgated by Defendant Southwest Airlines Company. At all times relevant to this action, Plaintiff was present within this district and subject to the U.S. Department of Transportation (DOT) and Federal Aviation Authority (FAA) regulations, including procedures for employee drug testing, as a result of his employment.

4.

Defendant Southwest Airlines, (hereinafter referenced as "SWA") is a foreign corporation incorporated in Texas, with its principal place of business at 2702 Love Field Drive, Dallas, Texas, 75235. Defendant Southwest has substantial contacts with and regularly transacts business within Georgia and this District, including the actions directly related to the subject matter of this lawsuit. Defendant SWA maintains a registered agent for service in Georgia and maybe served with process through Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, 30092, USA. At all times relevant to this action, Defendant SWA was subject to the U.S. Department of Transportation (DOT) and Federal Aviation Authority (FAA) regulations, including procedures for employee drug testing.

5.

Defendant Midland Testing Services, Inc. (hereinafter referenced as "Midland") is a foreign corporation incorporated in Omaha, NE 68154, with its principal place of business at 711 N 108th Ct STE 101, Omaha, NE, 68154, Defendant Midland, Defendant Midland has substantial contacts and regularly transacts business in Georgia and this District, including the actions directly related to the subject matter of this lawsuit.  Defendant Midland Testing Services Inc maintains a registered agent for service in Georgia and maybe served with process to, Gerald Soucie, located 35 Rosemont Parkway, Covington, GA 30016.  As a drug testing vendor contractor for Defendants SWA, as well as other companies, Defendant was at all times relevant to this action, subject to the U.S. Department of Transportation (DOT) and Federal Aviation Authority (FAA) regulations, including procedures for drug Testing conducted by its employees.

**FACTS.**

6.

Plaintiff is a 61-year-old male, a twenty year veteran of AirTran Airways, which was subsequently merged with Southwest (SWA) was employed as a Ramp Operator with Defendants/SWA.  On April 11, 2021, Plaintiff reported to work for his designated shift and at some point was directed to report upstairs to one of the manager's offices.

4

7.

There the Plaintiff was informed by his supervisor he had been selected for a "Reasonable Suspicion Test" for certain airline employees. 49 40 et. Seq. <u>ordered</u> by his shift supervisor to submit to a (BAT) breath alcohol test, upon inquiring as to the basis for the test, the supervisor refused to provide a legal basis for the "for cause test".

8.

Plaintiff followed S. Robinson, who would conduct the test, to the Airport Drug and Alcohol office where he was instructed to complete a required DOT Drug Testing Custody and Control Form.

9.

Plaintiff informed Mr. Robinson, that he was a very health conscious person and his regiment consisted of vegan meal plan and various herbal supplements. He completed the breath Test, which per the tester revealed that he a positive breath sample for alcohol. The Plaintiff was then directed by Mr. Robinson to provide a urine sample @ 08:45 hours on April 11, 2021 for confirmation purposes, which the Plaintiff provided. The Plaintiff has not as of the filing of this complaint received a result of the confirmatory test.

10.

On December 7, 2021, December 9, 2021, December 10, 2021, February 2, 2022, Counsel for the Plaintiff, made numerous request for the medical records for the Plaintiff from the Defendant (SWA), by providing a signed HIPPA release, but the Defendants refused to comply with the HIPPA, stating they are not required to comply with the Georgia Statute O.C.G.A § 50-18-70, and refused to provide a written response citing the specific exemption relied upon, pursuant to O.C.G.A 50-18-71(d).

11.

## **CAUSES OF ACTION**

## **COUNT 1**

## **INVASION OF PRIVACY**

12.

Plaintiff re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

13.

Plaintiff possessed a reasonable expectation of privacy during the conduct of the drug test administered by s. Robinson, given the standards set forth for such procedures by the F.A.A. regulation.

14.

Defendants, their agents, contractors, and employee, subjected the Plaintiff to an unreasonable intrusion of his privacy by grossly exceeding and the abusing the scope of the federal regulation for the administration of the drug test. 49 C.F.R Part 40.67(i).

15.

As set forth, Defendants had no right to compel Plaintiff to submit to a drug test when no reasonable caused had been established, this unlawful order threatened the Plaintiff with adverse employment action if not complied with.

16.

Defendants and their agents, contractors, and/or employees act intentionally and/or with gross or reckless disregard for the indifference to the Plaintiffs rights, thereby showing conscious indifference to the consequences of their actions.

17.

The above referenced conduct of Defendants and their agents, contractors, and/or employees constituted an invasion of Plaintiffs privacy in violation of Georgia law and directly and proximately damages the plaintiff.

## COUNT 2.

## NEGLIGENCE

18.

Plaintiff re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

19.

At all times material to the subject matter of this action, Plaintiff had a reasonable expectation that the mandatory drug testing procedures to which he was subjected would be conducted in compliance with federal regulations. 49 C.F.R. Part 40 et seq.

20.

Defendants, their agents, contractors, and/or employees, failed to conduct Plaintiffs drug test in compliance with federal regulations and Defendants failed to properly train and supervise their agents and/or employees in the proper and required administration of such testing. 49 C.F.R. Part 40 et. Seq.

21.

Defendants, and their agents, contractors, and/or employees knew or should have known that federal regulations set forth the precise manner in which such drug testing is to be conducted and had the obligation to properly train and supervise agents and/or employees involved in the conducting of such procedures.

22.

Defendants, and their agents, contractors, and/or employees acted negligently and/or with gross or reckless disregard for the indifference to Plaintiffs rights, thereby demonstrated a conscious indifference to the consequences of their actions.

23.

The above referenced conduct of the Defendants and their agents, contractors, and/or employees constituted negligence in violation of Georgia Law and directly and proximately damaged Plaintiff.

## COUNT 3.

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

24.

Plaintiff re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

25.

Defendants and their agents, contractors, and/or employees failed to comply with procedures set forth within applicable federal regulations for the administration of drug testing when Plaintiff was compelled to submit to an improperly administered test, causing severe stress to Plaintiff. 49 C.F.R. Part 40.67(i).

26.

Defendants, and their agents, contractors and/or employees were on notice that they had no right, authority, or legal justification not to comply with federal regulations for the administration of the drug testing.

27.

Defendants acted with gross or reckless disregard for Plaintiffs rights and their actions as described herein constitute severe and outrageous conduct such as would shock the conscious of a reasonable person and cause severe emotional distress.

28.

Defendant's actions did, in fact, cause Plaintiff severe emotional distress, as well as pecuniary loss as a direct result of the excessive and outrageous conduct such as would shock the conscience of a reasonable person and cause severe emotional distress.

29.

The above referenced conduct by Defendants, their agents, contractors, and/or employees directly and proximately damaged Plaintiff.

## COUNT 4

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

30.

Plaintiff re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

30.

31.

Defendants and their agents, contractors and/or employees intentionally subjected Plaintiff to humiliation and emotional distress by demanding that he take a breath test for alcohol, when no prima facie facts or circumstances existed, that gave them a good faith belief that he was intoxicated or smelled of alcohol, which in-turn violated his rights in excess and abuse of the drug testing procedures set forth within applicable SWA Employee Handbook/Drug/Alcohol Policies or within applicable federal regulations. 49 C.F.R. Part 40.67(i).

32.

Defendants and their agents, contractors and/or employees were on notice that they had no right, authority or legal justification to exceed the scope of federal regulations or improperly perform the testing protocols as dictated by SWA.

33.

Defendants' actions were intentional and/taken with such gross or reckless disregard for and indifference to Plaintiffs right as to constitute severe and outrageous conduct such as would shock the conscience of a reasonable person and cause severe emotional distress.  Defendants' actions were willful, wanton, and

11

malicious, were directed toward Plaintiff, and demonstrated that Defendants had no regard for the consequences of such actions.

34.

The above referenced conduct of the Defendants and their agents, contractors, and/or employees, in fact, directly and proximately damaged Plaintiff causing him severe emotional distress and pecuniary losses.

## COUNT 5

35.

## PUNITIVE DAMAGES

Plaintiff re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

36.

Defendants and their agents, contractors, and/or employees, as set forth in counts 1-5, above acted intentionally and with malice, fraud, wantonness', oppression, or That entire want of care which would raise the presumption of conscious indifference to the consequences thereof, and/or with gross or reckless indifference to plaintiff's rights, thereby showing a conscious indifference to the consequences of their actions, giving rise to causes of action, to Defendant for punitive damages, Pursuant to O.C.G.A § 51-12-5.1, or in the alternative, damages for the injury to the peace, happiness, or feeling of Plaintiff, for which damages maybe awarded in

a measure prescribed by the enlightened conscience of impartial jurors, pursuant to O.C.G.A. § 51-12-6.

## JURY DEMAND

Plaintiff request trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, on the basis of the above and foregoing, plaintiff respectfully demands, a Jury Trial, prays for judgement against the Defendants. Herein, and prays that this court award the following relief:

(a) Award the Plaintiff actual and punitive damages for the Defendants'. Conduct as set forth in Counts One through Four herein.

(b) Awarding Plaintiff, a jury trial on all claims so triable by a jury: and

(c) Awarding Plaintiff such other and further relief as the court deems just and proper.

Respectfully submitted, this 10th day of February 2023

/s/ **Alan G. Parker**
Alan G. Parker
Georgia Bar # 286164

ALAN PARKER LAW FIRM LLC
226 North McDonogh Street
Jonesboro, GA 30236
404-8257899 Office/Cell
Parkerlaw1983@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**, upon the following by filing said document with the CM/ECF system which will automatically. send electronic notification to the following parties and service of process will be made to Midland Testing Services.

**Joel Bagby Esquire**
**C/O Southwest Airlines Co.**
**2702 Love Field Dr. HDO 4 HR**
**Dallas, TX 75235**

This 10TH day of January 2023.

**/s/Alan G. Parker**
Alan G. Parker.
Georgia Bar No. 286164
Attorney for Plaintiff

ALAN PARKER LAW FIRM LLC.
ALAN G. PARKER ESQ.
226 North McDonough Street SUITE A.
Jonesboro GA 30236
(404) 825-7899 (Office/Mobile)
(404) 393-4684 (E-Facsimile)

Parkerlaw1983@gmail.com

## **LOCAL RULE 5.1 CERTIFICATION**

I certify that this pleading was prepared in Times New Roman (14 point) Font, a font and point selection approved by L.R. 5.1.

This 10th day of February, 2023.

                                                **/s/ Alan G. Parker**

                                                Alan G. Parker

## **LOCAL RULE 5.1 CERTIFICATION**

I certify that this pleading was prepared in Times New Roman (14 point) Font, a font and point selection approved by L.R. 5.1.

This 10th day of February, 2023.

                                          **/s/ Alan G. Parker**

                                          Alan G. Parker