IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| Frenchell Nicole Jackson, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action File No.: |
| | ) | |
| vs. | ) | |
| | ) | |
| Freedom Mortgage Corp., | ) | **COMPLAINT WITH** |
| | ) | **JURY TRIAL DEMAND** |
| Defendant | ) | |
| | ) | |

**PRELIMINARY STATEMENT**

This action for damages is based upon the Defendant's overt and intentional, unlawful conduct in the furtherance of its efforts to collect a consumer debt. The Defendant's conduct is in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq. and the Georgia Fair Business Practices Act, (GFBPA) O.C.G.A. 10-1-390 et seq.

**PARTIES**

1. Plaintiff, Frenchell Nicole Jackson, is a natural person who resides in Douglas County, Georgia.

2. Defendant, Freedom Mortgage Corp., is a foreign corporation, registered to do business in Georgia. Defendant may be served with process via its

1

registered agent, CT Corporation System at 289 S. Culver St, Lawrenceville, Georgia, 30046.

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction over Plaintiff's Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. This Court has personal jurisdiction over Defendant because, inter alia, Defendants frequently and routinely conducts business in the State of Georgia, including the conduct complained of herein.

5. Pursuant to 28 U.S.C. § 1391, venue is proper in the Northern District of Georgia because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. Venue is proper in the Atlanta Division because the conduct complained of herein occurred in Douglas County, Georgia.

## FACTUAL ALLEGATIONS

7. On November 17, 2017, the Plaintiff filed a Petition of Bankruptcy under Chapter 7 of the United States Bankruptcy Code in the Northern District of Georgia. Her case was assigned number 17-70203.

8.     Included in the Plaintiff's bankruptcy schedules, was real estate located at 4070 San Marco Way, Douglasville, Georgia. Also scheduled as a secured creditor was AmeriHome Mortgage Company, LLC, (Amerihome) which held a mortgage on the real estate identified above.

9.     The Plaintiff also filed a Statement of Intention in conjunction with her bankruptcy case.  A Statement of Intention is a notice to all secured creditors advising as to whether an individual debtor intends to retain secured property or to surrender it to the creditor.  Plaintiff's Statement of Intention indicated that she was surrendering her property on San Marco Way to the mortgage holder, AmeriHome.

10.    On February 19, 2018, the court entered an order discharging the debtor pursuant to 11 U.S.C. § 727.  The bankruptcy court's order prohibits any attempt to collect a debt from the debtor that has been discharged.

11.    The Order of Discharge was served upon AmeriHome on February 22, 2018.

12.    On March 5th, 2018, AmeriHome reported the Plaintiff's account to the three major credit reporting bureaus, Equifax, Experian, and TransUnion. AmeriHome reported the account as closed, a current balance of $0, and noted the debt had been discharged in bankruptcy.

13. Since receiving her discharge, Plaintiff has been working diligently to rebuild her credit.

14. Upon information and belief, sometime after March 5, 2018, the servicing of the mortgage was transferred from Amerihome to the Defendant.

15. In the fall of 2022, the Plaintiff received an alert from a credit monitoring service to which she subscribed that there had been a significant drop in her credit score and a corresponding significant increase in her reported debt.

16. Plaintiff new she had not taken on any significant debt that would result in such a drop in her credit profile.

17. On November 2, 2022, the Plaintiff obtained copies of her credit report as published by the three major bureaus.

18. In reviewing these reports, Plaintiff discovered that Defendant had, as recently as September 30, 2022, reported an outstanding mortgage in the amount of $210,049.00 to all three bureaus.  Moreover, Defendant reported that,

   a) the last activity on the account was September 12, 2022;
   b) that the Plaintiff had a monthly payment of $1,824.00;
   c) that the Plaintiff was 30 days past due;
   d) and that the amount past due was $2,459.00.

19. Each and all of the data points described above were false and materially misleading.

20. Moreover, the Defendant failed to report to any of the bureaus that the Plaintiff's mortgage debt had in fact been included and discharged in her bankruptcy case over four years earlier.

21. Credit reporting is recognized as a powerful tool used to extract payment from consumer debtors. *Quale v. Unifund CCR Partners*, 682 F.Supp.2d 1274 (S.D. Ala. 2010).

22. The Defendant's reporting to the bureaus described above was in conjunction with, and indeed intended to facilitate, its collection of the mortgage debt from the Plaintiff.

23. The false and misleading communications by the Defendant to the various credit bureaus has been published to additional third parties.

**INJURIES-IN-FACT AND DAMAGES**

24. The FDCPA provides consumers with statutorily created rights to be free from 'being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.'" *McCamis v. Servis One, Inc.*, No. 8:16-CV-1130-T-30AEP, 2016 U.S. Dist. LEXIS 99492 (M.D. Fla. July 29, 2016); *Church v. Accretive Health, Inc.*,

654 Fed. Appx. 990, 2016 U.S. App. LEXIS 12414, 2016 WL 3611543 (11th Cir. 2016).

25. An injury-in-fact sufficient to satisfy Article III standing requirements "may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing." *Church*, at 993, quoting *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982).

26. Violation of statutory rights are not a "hypothetical or uncertain" injury, but one "that Congress has elevated to the status of a legally cognizable injury through the FDCPA." *McCamis*, at 4, citing *Church*, at 3.

27. As a result of the Defendant's actions and/or omissions, Plaintiff has suffered actual damages, including but not limited to the following:

a.) Being subjected to false, deceptive, and unfair debt collection practices;

b.) Defendant's false and misleading communications to leading credit reporting bureaus were akin to defamation of the Plaintiff resulting in subscribers to the credit reporting services receiving a false impression of Plaintiff's credit worthiness and debt-to-income ratio;

c.) Uncompensated time expended away from work and/or activities of daily living, to confer with counsel regarding the Defendant's collection efforts;

d.) Anxiety and worry caused by concern that Plaintiff was (A) being called upon to pay a discharged debt and worry caused by concern that Defendant was intending to engage in false credit reporting. The anxiety and worry experienced by the Plaintiff was sufficient to negatively affect her demeanor, her ability to engage in daily activities, resulted in sleeplessness, and adversely affected her relationships with others.

## CAUSES OF ACTION

## COUNT I

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692 et. seq.**

***Violations of 15 U.SC. § 1692e and its subparts***

28. 15 U.S.C. § 1692e specifically prohibits the use of any false, deceptive, or misleading representations or means in connection with the collection of any debt.

29. The use of "or" in § 1692e means a representation violates the FDCPA if it is false or deceptive or misleading. *Bourff v. Rubin Lublin*, LLC, 674 F.3d 1238, 1241 (11th Cir. 2012).

30. "The FDCPA protects consumers from abusive and deceptive practices by debt collectors, and protects non-abusive debt collectors from competitive disadvantage. 15 U.S.C. § 1692(e). Section 1692e forbids the use of 'any false,

7

deceptive, or misleading representation or means' in debt collection, and provides a non-exhaustive list of prohibited conduct." *United States v. National Financial Servs.*, 98 F.3d 131, 135 (4th Cir. 1996).

31. "Violations of Section 1692e are viewed from the perspective of the "least sophisticated consumer." *National Financial Servs.*, 98 F.3d at 135-36. "[E]valuating debt collection practices with an eye to the 'least sophisticated consumer' comports with basic consumer-protection principles." *Id.* at 136. The purpose of that standard "is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd." *Id.* at 136 *quoting Clomon v. Jackson*, 988 F.2d 1314, 1318 (2nd Cir. 1983). Indeed, its purpose is to protect "naive consumers" with a minimal understanding of personal finance and debt collection. *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1194 (11th Cir. 2010) (per curiam).

32. Moreover, the least sophisticated consumer is not to be held to the same standard as a reasonably prudent consumer. The least sophisticated consumer, though not unreasonable, is "ignorant" and "unthinking," "gullible," and of "below-average sophistication or intelligence," *Pinson v. JPMorgan Chase Bank, Nat'l Ass'n*, No. 16-17107, 2019 U.S. App. LEXIS 33662, at 12-13 (11th Cir. Nov. 12, 2019), quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)

33. A false representation in connection with the collection of a debt is sufficient to violate the FDCPA, even if it is not alleged or proven to be misleading or deceptive.

34. "One commentator has remarked that 'this provision recognizes that reporting a debt to a credit reporting agency is 'a powerful tool designed, in part, to wrench compliance with payment terms ....' ' Hobbs, § 5.5.10, p. 170–71 (citing *Rivera v. Bank One*, 145 F.R.D. 614, 623 (D.P.R.1993) & *Matter of Sommersdorf*, 139 B.R. 700, 701 (Bankr. S.D. Ohio 1991)). *See Ditty v. CheckRite, Ltd., Inc.*, 973 F. Supp. 1320, 1331 (D. Utah 1997)." *Sullivan v. Equifax, Inc.*, 2002 WL 799856, at *4 (E.D. Pa. Apr. 19, 2002).

35. The Defendant's reporting to the three bureaus described herein was a violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(8) and 1692e(10).

## COUNT II

**VIOLATIONS OF THE GEORGIA FAIR BUSINESS PRACTICES ACT O.C.G.A. § 10-1-390, et seq.**

36. Plaintiff incorporates by reference paragraphs 1 through 35 as though fully stated herein.

37. O.C.G.A. § 10-1-390 et seq is commonly known as the "Fair Business Practices Act of 1975" (the "GFBPA").

38. The purpose of the GFBPA, is to protect consumers from unfair and/or deceptive practices in the conduct of any trade or commerce in part or wholly in the state. O.C.G.A. § 10-1-391.

39. O.C.G.A. § 10-1-391 directs that the GFPBA is to be interpreted and applied liberally and in harmony with the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1), which implements the FDCPA.

40. O.C.G.A. § 10-1-393(a) of the GFBPA broadly prohibits unfair and/or deceptive business practices.

41. Defendant intentionally engaged in unfair and deceptive business practices, as set forth herein, in an effort to collect a consumer debt.

42. Defendant's conduct has implications for the consuming public in general.

43. Defendant's conduct negatively impacts the consumer marketplace.

44. Upon information and belief, Defendant does not maintain a place of business in Georgia and has no assets in Georgia, thus relieving Plaintiffs of the Notice and Demand requirements of O.C.G.A. § 10-1-399(b).

45. As a result of Defendant's violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover general damages pursuant to O.C.G.A. § 10-1-399(a).

46. As a result of Defendant's intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover exemplary damages pursuant to O.C.G.A. § 10-1-399(a).

47. As a result of Defendant's intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover treble damages pursuant to O.C.G.A. § 10-1-399(c).

48. Plaintiff is entitled to recover reasonable attorney's fees and expenses of litigation pursuant to O.C.G.A. § 10-1-399(d).

## TRIAL BY JURY

49. Plaintiff is entitled to and hereby requests a trial by jury.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:

a.) Plaintiff's actual damages;

b.) Statutory damages pursuant to 15 U.S.C. § 1692k;

c.) Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k

d.) General, exemplary, and treble damages pursuant to O.C.G.A. § 10-1-399(a) & (c);

e.) Reasonable attorney's fees and costs pursuant to O.C.G.A. § 10-1-399(d); and

f.) Such other and further relief as may be just and proper.

Respectfully submitted this 6th day of February, 2023.

**BERRY & ASSOCIATES**

*/s/ Matthew T. Berry*
Matthew T. Berry
Georgia Bar No.: 055663
matt@mattberry.com
2751 Buford Highway, Suite 600
Atlanta, GA 30324
Ph. (404) 235-3300
Fax (404) 235-3333

*Plaintiff's Attorney*