# Exhibit A

## General Civil and Domestic Relations Case Filing Information Form

☐ Superior or ☒ State Court of ____DEKALB____ County

| | |
|---|---|
| **For Clerk Use Only** | |
| Date Filed ___11/9/2022___ | Case Number ___22A04301___ |
| MM-DD-YYYY | |

| **Plaintiff(s)** | **Defendant(s)** |
|---|---|
| DAVIS, YVETTE | CLEM, CALEB |

| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|---|---|---|---|---|
| DAVIS, ISZREAL | | | | | UNITED RENTALS, INC. | | | | |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
| | | | | | | | | | |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
| | | | | | | | | | |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |

**Plaintiff's Attorney** ___Bryce C. Angell, Esq___   Bar Number ___685741___   Self-Represented ☐

### Check One Case Type in One Box

**General Civil Cases**
- ☒ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Dissolution/Divorce/Separate Maintenance
- ☐ Family Violence Petition
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

**Post-Judgment – Check One Case Type**
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Modification
- ☐ Other/Administrative

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____   _____
**Case Number**   **Case Number**

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
**Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____
_____

Version 1.1.18

22A04301

No. _____

**Date Summons Issued and E-Filed**

11/9/2022
_____

/s/ Monica Gay
_____

Deputy Clerk

Deposit Paid $ _____

# STATE COURT OF DEKALB COUNTY
## GEORGIA, DEKALB COUNTY

**SUMMONS**

YVETTE DAVIS INDIVIDUALLY and as PARENT and
NATURAL GUARDIAN OF ISZREAL DAVIS a MINOR
_____

Plaintiff's name and address

**vs.**

CALEB CLEM and
_____
UNITED RENTALS, INC.
_____

Defendant's name and address

**[  ] JURY**

**TO THE ABOVE-NAMED DEFENDANT:**   CALEB CLEM

You are hereby summoned and required to file with the Clerk of State Court, Suite 230, 2nd Floor, Administrative Tower, DeKalb County Courthouse, 556 N. McDonough Street, Decatur, Georgia 30030 and serve upon the plaintiff's attorney, to wit:

Bryce C. Angell, Esq
_____
Name
3391 Peachtree Rd NE, Suite 110
_____
Address   Atlanta, Georgia 30326                          685741
_____
Phone Number   (404) 418-6007                    Georgia Bar No.

an **ANSWER** to the complaint which is herewith served upon you, within thirty (30) days after service upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. The answer or other responsive pleading can be filed via electronic filing through eFileGA via www.eFileGA.com or, if desired, at the e-filing public access terminal in the Clerk's Office at 556 N. McDonough Street, Decatur, Georgia 30030

_____      _____
Defendant's Attorney                                              Third Party Attorney
_____      _____
Address                                                               Address
_____      _____
Phone No.                          Georgia Bar No.         Phone No.                      Georgia Bar No.

## TYPE OF SUIT

☐  Personal Injury ☐ Products Liability          Principal $  _____
☐ Contract ☐ Medical Malpractice
☐ Legal Malpractice ☐ Product Liability          Interest $   _____
☐Other
                                                                     Atty Fees $ _____
**Access to the e-filing site and the rules is available at www.dekalbstatecourt.net**
**To indicate consent to e-service check the box below.**
**☐(Plaintiff consents to e-service pursuant to OCGA 9-11-5 (f). The email address for service appears in the complaint.**

E-file summons1-2016

No. _____

**STATE COURT OF DEKALB COUNTY**
**GEORGIA, DEKALB COUNTY**

22A04301

**Date Summons Issued and E-Filed**

**SUMMONS**

11/9/2022
_____

/s/ Monica Gay
_____

Deputy Clerk

Deposit Paid $ _____

YVETTE DAVIS INDIVIDUALLY and as PARENT and
NATURAL GUARDIAN OF ISZREAL DAVIS a MINOR
_____

Plaintiff's name and address

**[  ] JURY**

**vs.**

 CALEB CLEM and _____
UNITED RENTALS, INC.
_____

Defendant's name and address

**TO THE ABOVE-NAMED DEFENDANT:**   UNITED RENTALS, INC.

You are hereby summoned and required to file with the Clerk of State Court, Suite 230, 2nd Floor, Administrative Tower, DeKalb County Courthouse, 556 N. McDonough Street, Decatur, Georgia 30030 and serve upon the plaintiff's attorney, to wit:
____Bryce C. Angell, Esq_____

Name

_____3391 Peachtree Rd NE, Suite 110_____

Address  Atlanta, Georgia 30326                          685741
_____

Phone Number   (404) 418-6007                    Georgia Bar No.

an **ANSWER** to the complaint which is herewith served upon you, within thirty (30) days after service upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. The answer or other responsive pleading can be filed via electronic filing through eFileGA via www.eFileGA.com or, if desired, at the e-filing public access terminal in the Clerk's Office at 556 N. McDonough Street, Decatur, Georgia 30030

_____    _____

Defendant's Attorney                          Third Party Attorney

_____    _____

Address                                       Address

_____    _____

Phone No.              Georgia Bar No.         Phone No.              Georgia Bar No.

**TYPE OF SUIT**

☐ Personal Injury ☐ Products Liability         Principal $ _____
☐ Contract ☐ Medical Malpractice
☐ Legal Malpractice ☐ Product Liability        Interest $  _____
☐Other
                                               Atty Fees $ _____

**Access to the e-filing site and the rules is available at www.dekalbstatecourt.net**
**To indicate consent to e-service check the box below.**
**☐(Plaintiff consents to e-service pursuant to OCGA 9-11-5 (f). The email address for**
**service appears in the complaint.**

E-file summons1-2016

STATE COURT OF
DEKALB COUNTY, GA.
11/9/2022 9:23 AM
E-FILED
BY: Monica Gay

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| YVETTE DAVIS | * | |
| INDIVIDUALLY and as PARENT | * | |
| and NATURAL GUARDIAN OF | * | |
| ISZREAL DAVIS a MINOR, | * | |
| | * | |
| Plaintiffs, | * | CIVIL ACTION |
| vs. | * | |
| | * | FILE NO. 22A04301 |
| CALEB CLEM and UNITED | * | |
| RENTALS, INC., | * | |
| | * | |
| | * | |
| Defendants. | * | |

---

## **COMPLAINT**

**COMES NOW** YVETTE DAVIS INDIVIDUALLY and as PARENT and NATURAL GUARDIAN OF ISZREAL DAVIS a MINOR, Plaintiff, and makes and files this complaint against Defendant CALEB CLEM, as follows:

### **JURISDICTION AND VENUE**

1.

Plaintiff YVETTE DAVIS INDIVIDUALLY and as PARENT and NATURAL GUARDIAN OF ISZREAL DAVIS a MINOR resides within Georgia and is subject to the jurisdiction of this Court.

2.

Defendant CALEB CLEM is a resident of the State of Tennessee and may be served with a copy of the Summons and Complaint pursuant to the Georgia Long-Arm Statute O.C.G.A § 9-10-91 and O.C.G.A § 9-10-94 at the following address: 551 Thompson Ct, Elkton, TN 38455, GILES COUNTY Tennessee.

3.

Defendant UNITED RENTALS, INC. (hereinafter "UNITED RENTALS") is a foreign corporation authorized to do business in the State of Georgia and is subject to jurisdiction and venue of this Court. Defendant UNITED RENTALS, INC.. (hereinafter "UNITED RENTALS") may be served with a copy of this Summons and Complaint through its registered agent, Corporation Service Company, located at 2 SUN COURT, SUITE 400, PEACHTREE CORNERS, GA, 30092, GWINNETT COUNTY.

4.

Jurisdiction and venue are proper in this Court.

## **BACKGROUND**

5.

On November 18, 2021, at approximately 19:00 hours, Plaintiff YVETTE DAVIS was a restrained driver and Plaintiff  ISZREAL DAVIS was a restrained passenger traveling on I-20 eastbound near Wesley Chapel Road, located in Unincorporated DEKALB COUNTY Georgia.

6.

At all times relevant hereto Defendant CALEB CLEM was traveling eastbound on I-20 near Wesley Chapel Road, directly behind Plaintiffs' vehicle when he failed to maintain reasonable control of his vehicle and collided with the rear-end of Plaintiffs' vehicle.

7.

Defendant CALEB CLEM was determined to be the at-fault driver of the accident and he was cited at the scene of the collision for O.C.G.A. § 40-6-49 - Following too closely.

8.

At all times herein mentioned, Plaintiffs' vehicle was operated in a reasonable and prudent manner, with due caution and regard for the motor vehicle laws of the State of Georgia.

## COUNT I: NEGLIGENCE OF DEFENDANT CALEB CLEM

9.

Plaintiffs re-alleges and incorporates herein the allegations contained in paragraphs 1 through 8 above as if fully restated.

10.

The Plaintiffs alleges that both Defendants were negligent, reckless and careless in the operation of their vehicles.

11.

The Defendants breached the duty of care owed to the Plaintiffs in some or all of the following ways:

(a) O.C.G.A. § 40-6-49 - Following too closely;

(b)  Failing to exercise ordinary diligence in violation of O.C.G.A. § 51-1-2;

(c)  Failure to maintain reasonable control of vehicle;

(d)  Failure to operate vehicle in a safe fashion under the circumstances then existing;

(e)  Failure to take evasive or other reasonable action in order to control vehicle or maintain lane;

(f)  Failure to exercise ordinary care;

(g)  Failure to exercise ordinary care: each violation is considered as negligence per se violations of the Uniform Rules of the Road and such other acts or omissions as may be provided by a preponderance of the evidence upon the trial of this matter.

12.

The Defendant CALEB CLEM, is directly liable in this action for her negligence. The aforesaid collision was proximately caused by Defendant CALEB CLEM negligent operation of a motor vehicle. Defendant CALEB CLEM actions were not what an ordinarily prudent driver would have done under like conditions, and constituted one or more violations of the Uniform Rules of the Road, thus constituting negligence as a matter of fact and negligence *per se*.

13.

Defendant CALEB CLEM owed a duty of care to exercise ordinary care with regard to Plaintiffs and other drivers/passengers users on the roadway.

## COUNT II: NEGLIGENCE OF DEFENDANT UNITED RENTALS, INC.

14.

Plaintiffs re-alleges and incorporates herein the allegations contained in paragraphs 1 through 13 above as if fully restated.

15.

The vehicle being operated by Defendant CALEB CLEM, at all times pertinent to this case was owned by Defendant UNITED RENTALS. Defendant CALEB CLEM was operating the vehicle owned by Defendant UNITED RENTALS with the full consent and authority of Defendant UNITED RENTALS or was otherwise subject to the direction or control of Defendant UNITED RENTALS.

16.

Defendant UNITED RENTALS was negligent and the proximate cause of aforesaid loss as Defendant UNITED RENTALS negligently entrusted the vehicle to Defendant CALEB CLEM and as a result is responsible for the conduct of Defendant CALEB CLEM.

## COUNT III:  GENERAL AND SPECIAL DAMAGES

17.

As a direct and proximate result of the aforesaid acts of negligence on the part of the Defendants, Plaintiffs suffered an injury which resulted in medical bills and severe physical and mental pain in an amount to be proven at trial.

18.

As a direct and proximate result of Defendants negligence and negligence per se, Plaintiffs will continue to suffer both general and special damages in the future, including expenses for future medical treatments, the exact amount to be proven at trial.

19.

As a direct and proximate result of the aforesaid acts of negligence on the part of the Defendants, Plaintiff sustained injuries to her cervical and lumbar spine. To-date Plaintiff YVETTE DAVIS has incurred $37,460.40 in special damages.

20.

As a direct and proximate result of the aforesaid acts of negligence on the part of the Defendants, Plaintiff sustained injuries to her cervical and lumbar spine. To-date Plaintiff ISZREAL DAVIS has incurred $17,531.30 in special damages.

## PRAYER FOR RELIEF

All of the injuries, losses, damages, past, present and prospective to the Plaintiffs were, are and will be due to the negligence and carelessness of Defendants CALEB CLEM and UNITED RENTALS, INC.'S negligence.

WHEREFORE, Plaintiffs prays and respectfully demands as follows:

a.  That process be served upon Defendants in accordance with the law;

b.  That a Jury trial be had on all issues; that Judgment be awarded for Plaintiffs against Defendants, for general damages in an amount to be determined by the enlightened conscience of a fair and impartial jury;

c.  That Judgment be awarded for Plaintiff against Defendants for those special damages proven at trial;

d.  That Judgment be awarded for Plaintiffs against Defendants for court costs; and

e.  That Plaintiffs have such other and further relief as this Court deems appropriate.

Respectfully submitted this 9th day of November, 2022.

The Angell Law Firm, LLC.

*/s/ Bryce C. Angell*

_____
Bryce C. Angell, Esq.
Georgia Bar No. 685741
***Attorney for Plaintiff***

3391 Peachtree Rd NE, Suite 110
Atlanta, Georgia 30326
Tel:  (404) 418-6007
ecf@atlantalawyer.com

STATE COURT OF
DEKALB COUNTY, GA.
11/9/2022 9:23 AM
E-FILED
BY: Monica Gay

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| YVETTE DAVIS | * | |
| INDIVIDUALLY and as PARENT | * | |
| and NATURAL GUARDIAN OF | * | |
| ISZREAL DAVIS a MINOR, | * | |
| | * | |
| Plaintiffs, | * | CIVIL ACTION |
| vs. | * | 22A04301 |
| | * | FILE NO. |
| CALEB CLEM and UNITED | * | |
| RENTALS, INC., | * | |
| | * | |
| | * | |
| Defendants. | * | |

---

**PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT CALEB CLEM**

COMES NOW YVETTE DAVIS INDIVIDUALLY and as PARENT and NATURAL GUARDIAN OF ISZREAL DAVIS a MINOR, Plaintiff in the above-styled civil action, and files these First Interrogatories to Defendant CALEB CLEM, pursuant to O.C.G.A. § 9-11-33. The Defendant is required to answer these interrogatories separately, fully and in writing, under oath, and to serve a copy of your answers upon the undersigned within forty-five (45) days from the time said interrogatories are served upon you.

If an interrogatory seeks information contained in a document, Defendant may attach a copy of the document in lieu of answering that interrogatory. If Defendant chooses to answer by reference to a document, the answer must identify the document upon which Defendant relies.

These Interrogatories are continuing in nature until the day of trial, and Defendant is required to serve supplemental answers as additional information becomes available.

I.     **DEFINITION OF TERMS**

The terms **"Defendant"** and **"you"** and any synonym or plural thereof and derivatives therefrom means the Defendant, and, in addition, counsel for Defendant and all agents, masters, servants, associates, employees, representatives, private investigators, insurers and others who are or have been in possession of, or who may have obtained, information for or on Defendant's behalf. See O.C.G.A. § 9-11-33(a).

The word "person" means an individual, firm, partnership, corporation, proprietorship, association, governmental body, or any organization or entity.

The word "date" means the exact day, month and year, if ascertainable, or if not, the best available approximation (including relation to other events).

The word "document" as used hereinafter includes, but is not limited to, all written, printed, recorded, or typed records, reports, proposals, drafts, papers, contracts, documents, books, letters, statements of witnesses, statements of persons who were not witnesses but who have information relating to the occurrence which is the subject matter of this lawsuit, notes, accounting records, logs, memoranda, minutes, statistical compilations, worksheets, insurance policies, films, photographs, videotapes, voice recordings, drawings, computer disks, computer tapes, computer stored information, lists and correspondence, whether or not in your possession or under your immediate control (insofar as these Interrogatories are concerned), relating to or pertaining in any way to the subject matter in connection with which it is used, and further includes, without limitation, file copies and other copies, no matter how or by whom prepared and all drafts prepared in connection with such "documents", whether used or not.

The words "identify" or "identity" used in conjunction with "documents" means to state the date of the document, its author and sender (if appropriate), its intended recipient (if

appropriate), and a general statement of the form and content of each such document reflecting the contents of the document and the identity of its custodian.

The words "identify", or "identity" when used in conjunction with a request for the identity of a "person" means to state the person's complete name, home address, home phone, business address, business phone, and job description.

Defendant is reminded of the duty to supplement Defendant's answers to these Interrogatories as required by O.C.G.A. § 9-11-26(e).

## II.   INTERROGATORIES

1.

Identify yourself including your name, age, address, social security number and, if you are answering for someone else, your official position.

2.

Identify all persons who have assisted in or were consulted in the process of gathering the information requested herein and as to each person state the interrogatory for which he or she provided information.

3.

Identify your employers for the four years prior to the date of your response to these interrogatories specifically including the identity of your supervisor, the dates of employment, and a description of your duties.

4.

State the level of your formal education including the names of your high school(s) and college(s), and any other formal education, if applicable. Please include all dates of attendance for any school or college you have attended.

5.

With respect to each person who witnessed, or claims to have witnessed, or has knowledge of any facts concerning, the collision of, which is the subject of this lawsuit please:

a.  identify them;

b.  state whether you have obtained a statement from them;

c.  state the date that the statement was obtained;

d.  and the identity of the person who took the statement;

e.  describe the information which they possess which is relevant to this action;

f.  identify all documents which record, reflect, or otherwise evidence statements they have given and your communications with them.

6.

With respect to any maps, pictures, photographs, videotapes, drawings, diagrams, measurements or other written or recorded descriptions of the incident, the vehicles, the scene of the incident, or the areas or persons involved (including Plaintiffs) that you, or any agent or employee of yours, have possession or control of, or know of the existence of, please state:

a.  its nature or type and specific subject matter;

b.  the date and time it was made or taken;

c.  the identity the person making or taking it;

d.  its present location; and

e.  the identity of the person at whose request it was made or taken.

7.

At the time of the incident that occurred on November 18, 2021, was the driver of the vehicle engaged in the business of any other person or entity? If so, please state the name and address of such other person or entity.

8.

At the time of the incident on November 18, 2021, if you were employed at the time, please state if you were working under the scope of your employment.

9.

If the answer to interrogatory No. 8 was in the affirmative, please state:

a.  where you were employed;

b.  your employment title;

c.  your supervisor name and contact information; and

d.  your duties.

10.

With respect to any physical infirmity (including problems with eyesight and hearing), disability or sickness you were suffering from at the time of the occurrence of the incident or 6 weeks prior to the incident described in the Complaint, please state as to each condition:

a.  a full and complete description of any such condition, including its nature, extent and severity;

b.  the duration of time, in months and days (or years if more applicable), that you had any such condition prior to this accident;

c.  any medical or hospital examination, treatment or care you received for any such condition (including prescription eyewear and hearing aids);

d.  the identity, including names and addresses, of all health care providers and doctors and hospitals involved in the examination, treatment or care for any such condition;

e.  the dates of each and every such examination, treatment or care for any such condition; and

f.  your entire medical history as it relates in any way to any such condition.

11.

Please state whether you or anyone else involved in the accident ingested or used any drugs or medications within 48 hours prior to the incident or drank any intoxicating beverages of any kind within the 12 hours prior to the accident or to the occurrence of the accident alleged in this Complaint. If so, state the times, places, amount, and type of drugs or alcoholic beverages.

12.

Have you been convicted of a felony? If so, for each felony state:

a.  The original charge made against you.

b.  The charge of which you were convicted.

c.  Did you plead guilty of hte charge or were you convicted after trial?

d.  The court and case number.

13.

Have you ever been party to a civil lawsuit? If so, for each lawsuit, state:

a.  Were you plaintiff or defendant?

b.  What was the nature of the plaintiff's claim?

   c.  When, where, and in what court was the action commenced?

   d.  State the names of all the parties other than yourself.

14.

State the class of license, the state of issue, and any limitations imposed thereon, of your driver's license on November 18, 2021.

15.

With respect to any charges of violations of law arising out of the collision in which you were involved on November 18, 2021, please state:

   a.  what was the nature of the charge?

   b.  what plea you entered to each charge?

   c.  in what court was the charge heard?

   d.  was the testimony at any trial on the charge recorded in any manner and, if so, what was the name and address of the person who recorded the testimony?

   e.  what was the final disposition of the charge?

16.

Describe in detail how the collision on November 18, 2021, happened, stating in your answer all events relating thereto in their sequential order, including all actions taken by you to prevent the collision.

17.

State the point of origin, destination, and reason for the trip being made by Defendant at the time of the incident referred to in the Complaint.

18.

Please state whether Defendant's vehicle that was in operation at the time of the incident, which is the subject of Plaintiff's claim, had operational seat belts. If so, was Defendant wearing the seatbelts available for use?

19.

Describe in detail each act or omission on the part of Plaintiff Yvette Davis that you contend constituted negligence that was a contributing factual cause of the collision that occurred on November 18, 2021.

20.

Identify each person or entity you contend contributed to the cause of the collision which occurred on November 18, 2021, and as to each describe the act or omission that you contend constituted a contributing factual cause of the collision.

21.

Please describe as fully as possible the date, time, weather and road conditions on November 18, 2021, at the time and location of the collision, being sure to include conditions of light, precipitation and temperature.

22.

Please identify each person you expect to call as an expert witness at the trial of this action and as to each:

a. describe his or her qualifications as an expert; the subject matter upon which he or she is expected to testify, the expert's opinions and include a summary of the grounds for each opinion;

b.  identify all documents which have been exchanged with each witness, including reports and billing statements and payments; describe the financial arrangements with the expert; identify all actions in which the expert has provided testimony in the five years preceding your response; and identify all documents prepared by each witness which relate to the subject matter of this lawsuit.

23.

Identify any and all of your relatives, through second cousins, who reside in this county or who have resided in in the last five years.

24.

If you or any member of your immediate family (including but not limited to, spouse, children, parents, in-laws and siblings) presently hold, or have held in the last five years, any appointed or elected positions in the state, county or local governments, or in any civic, social or church organizations in this county, please identify the person, the organization, the position held and the length of time the position has been (or was) held.

25.

Did you have a mobile telephone with you in the vehicle at the time of the incident subject to this Complaint? If you did, please identify:

a.  where the mobile phone was placed in the vehicle at the time of the incident;

b.  the name of the telephone company that provided the mobile service for that telephone;

c.  the telephone number of that telephone;

d.  the person who owned the telephone; and

e.  the person in whose name the cellular service account for that person is held.

26.

State the name, web address, and username for all blogs, online forums, and social networking websites that Defendant has belonged or had a membership in the prior twelve months.

27.

List all automotive accidents with full description(s) and date(s) that Defendant has been involved in and include any citations that were issued to Defendant.

Respectfully submitted this 9th day of November, 2022.

The Angell Law Firm, LLC.

*/s/ Bryce C. Angell*

_____

Bryce C. Angell, Esq.
Georgia Bar No. 685741
***Attorney for Plaintiff***

3391 Peachtree Rd NE, Suite 110
Atlanta, Georgia 30326
Tel:  (404) 418-6007
ecf@atlantalawyer.com

STATE COURT OF
DEKALB COUNTY, GA.
11/9/2022 9:23 AM
E-FILED
BY: Monica Gay

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

YVETTE DAVIS                          *
INDIVIDUALLY and as PARENT            *
and NATURAL GUARDIAN OF               *
ISZREAL DAVIS a MINOR,                *
                                      *
                          Plaintiffs, *        CIVIL ACTION
                                      *
vs.                                   *        FILE NO. 22A04301
                                      *
CALEB CLEM and UNITED                 *
RENTALS, INC.,                        *
                                      *
                                      *
                         Defendants.  *
                                      *

---

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT CALEB CLEM

COMES NOW Plaintiff YVETTE DAVIS INDIVIDUALLY and as PARENT and NATURAL GUARDIAN OF ISZREAL DAVIS a MINOR, and pursuant to the Georgia Civil Practice Act, O.C.G.A. § 9-11-34, requests Defendant to produce the following documents at the offices of The Angell Law Firm, LLC, 3391 Peachtree Rd NE, Suite 110, Atlanta, Georgia, 30326 within forty-five (45) days from service hereof. In compliance with O.C.G.A. § 9-11-34, the Defendant is required to produce and permit the Plaintiff to inspect and copy the designated documents. Defendant is reminded of the duty to supplement the responses to this Request for Production of Documents as required by O.C.G.A. § 9-11-26.

The definitions included in the Interrogatories served on this Defendant are incorporated by reference and apply to the requested documents.

## I.     IDENTIFICATION OF PRIVILEGED DOCUMENTS

If the production of any document is withheld pursuant to a claim of a privilege, the Defendant is required to provide, in lieu of production, the following identifying information on each such document; (a) title; (b) date; (c) author; (d) addressee; (e) all copy addresses; (f) a brief description of the document with sufficient specificity to reveal its subject matter; (g) the form of the document and any attachments; (h) the present location of the document; (i) the identity of the persons or persons who have custody, control, or possession of the document; and (j) a statement of the basis on which the privilege is claimed.

## REQUEST FOR DOCUMENTS

1.

Please provide any and all police report(s) or other report of investigation of any governmental agency or private organization relating to the occurrence in question.

2.

Provide copies of all documents which record, reflect, or otherwise evidence, in whole or in part, documents referred to, or in any way relied on, or identified, in your responses to the First Interrogatories to Defendants.

3.

Produce copies of all documents which record, reflect, or otherwise evidence, in whole or in part, any investigation conducted by you, or any agent of you, conducted in the usual and ordinary course of business relating to Plaintiff's injury. Produce copies of all documents which record, reflect, or otherwise evidence, in whole or in part, any statement from any person claiming to have been in the sight, hearing or in the approximate vicinity of the Plaintiff's injury.

4.

Copies of any photographs in Defendant's possession including photographs of the automobiles of both Plaintiff and Defendant, scene of the accident, or any other photographs relating to this claim.

5.

A copy of the automobile policy of the Defendant which relates to this claim.

6.

A copy of the so called declaration page of Defendant's insurance policy which was in effect on the date which is the subject of this claim, to wit November 18, 2021  with the indication of policy limits on such declaration page.

7.

Copies of statements obtained by any witness which are not privileged and which have been reduced to writing in some fashion.

8.

Copies of the driving record of the Defendant if obtained by any office or official agency of this state.

9.

Copies of any traffic violations, citations, civil charges, or ticket dispositions imposed upon the Defendant.

10.

Description of Defendant's vehicle which resulted from the claim which is the subject of this matter.

11.

Copies of any medical reports or records relating to the Plaintiff in the possession of the Defendant whether or not such records or reports are for injuries sustained in this incident or at any other time unless previously obtained by the Defendant from the undersigned counsel.

12.

Copies of any employment records relating to the Plaintiff which have been obtained by the Defendant unless such records were actually produced by the undersigned counsel.

13.

If the Defendant was employed during the time of the incident, copies of any and all employment records and documents.

14.

If the Defendant was not the owner of the subject vehicle, a copy of the registration form or certificate of title of such vehicle.

15.

Copies of any traffic citations or complaints relating to this incident which may have been issued to the Defendant or any other party.

16.

Copies of any drawings, maps, charts, diagrams, or other representation of the scene of the accident or of any other aspect of the accident which is the subject of this claim.

17.

Copies of any photographs of the Plaintiff taken subsequent to the incident which is the subject of this claim including any surveillance photos.

18.

Copies of any motion pictures, phone video recordings, or video tapes taken of the Plaintiff subsequent to the incident which is the subject of this claim.

19.

All online profiles, comments, postings, messages (including without limitation, tweets, replies, retweets, direct messages, status updates, wall comments, groups joined, activity streams and blog entries), photographs, videos, emails and online communications (including those posted by Defendant or anyone on Defendant's behalf on Facebook and Myspace), in the prior twelve months that:

a. refer or relate to the allegations set forth in the complaint;

b. refer or relate to any facts or defenses raised in the answer;

c. reveal, refer or relate to any emotion, feeling or mental state; or

d. reveal, refer or relate to events that could reasonably be expected to produce a significant emotion, feeling or mental state.

Respectfully submitted this 9th day of November, 2022.

The Angell Law Firm, LLC.

*/s/ Bryce C. Angell*
_____
Bryce C. Angell, Esq.
Georgia Bar No. 685741
***Attorney for Plaintiff***

3391 Peachtree Rd NE, Suite 110
Atlanta, Georgia 30326
Tel:  (404) 418-6007
ecf@atlantalawyer.com

STATE COURT OF
DEKALB COUNTY, GA.
11/9/2022 9:23 AM
E-FILED
BY: Monica Gay

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

YVETTE DAVIS                          *
INDIVIDUALLY and as PARENT            *
and NATURAL GUARDIAN OF               *
ISZREAL DAVIS a MINOR,                *
                                      *
                        Plaintiffs,   *        CIVIL ACTION
                                      *
vs.                                   *
                                      *        FILE NO. 22A04301
CALEB CLEM and UNITED                 *
RENTALS, INC.,                        *
                                      *
                                      *
                        Defendants.   *
                                      *

---

**PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT CALEB CLEM**

In compliance with O.C.G.A. § 9-11-36, the Defendant is required to admit the truth of the

separately listed matters of fact, and the genuineness of the attached documents, on the

forty-fifth (45) day after service of this request. As required by statute, the Defendant is required

to respond to this request in writing.

The Defendant is specifically reminded that the separately listed statements of facts are

deemed admitted unless, within forty-five (45 )days after service of this First Request For

Admissions to Defendant, the Defendant serves a written answer, or objection, addressed to each

fact.

1.

Admit that Defendant  has been properly served with a Summons and Complaint in the

above-styled action.

2.

Admit that Defendant has been properly served with process in this action.

3.

Admit that Defendant raises no defenses as to insufficiency of process or insufficiency of service in this action.

4.

Admit that venue for the above-styled case is proper in DEKALB COUNTY, GEORGIA.

5.

Admit the court has jurisdiction over Defendant.

6.

Admit that Defendant was a cause of the accident.

7.

Admit that on November 18, 2021 Defendant was traveling on I 20 East near the street/intersection of WESLEY CHAPEL RD on November 18, 2021.

8.

Admit that you caused a collision with the rear of Plaintiff's vehicle.

9.

Admit that Defendant is 100% liable with respect to causing the collision.

10.

Admit that Defendant's actions are the sole cause of the subject collision.

11.

Admit that at the time of the subject collision, Defendant was using your cell phone.

12.

Admit that within 15 minutes of the subject collision, Defendant was using Defendant's cell phone.

13.

Admit that at the time of the subject collision, Defendant was texting on Defendant's cell phone.

14.

Admit that within 15 minutes of the subject collision, Defendant was texting on Defendant's cell phone.

15.

Admit that Defendant was driving under the influence of alcohol at the time of the subject collision.

16.

Admit that Defendant was driving under the influence of drugs at the time of the subject collision.

17.

Admit that if Defendant had not improperly operated his vehicle the accident may not have occurred.

18.

Admit that Defendant could have avoided the collision with Plaintiff.

19.

Admit that Defendant should be liable to Plaintiff for all damages suffered by Plaintiff.

Respectfully submitted this 9th day of November, 2022.

The Angell Law Firm, LLC.

*/s/ Bryce C. Angell*

_____
Bryce C. Angell, Esq.
Georgia Bar No. 685741
***Attorney for Plaintiff***

3391 Peachtree Rd NE, Suite 110
Atlanta, Georgia 30326
Tel:  (404) 418-6007
ecf@atlantalawyer.com

STATE COURT OF
DEKALB COUNTY, GA.
11/9/2022 9:23 AM
E-FILED
BY: Monica Gay

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

YVETTE DAVIS                                   *
INDIVIDUALLY and as PARENT     *
and NATURAL GUARDIAN OF        *
ISZREAL DAVIS a MINOR,             *
                                                          *
                                  Plaintiffs,      *              CIVIL ACTION
vs.                                                       *
                                                          *              FILE NO. 22A04301
CALEB CLEM and UNITED           *
RENTALS, INC.,                             *
                                                          *
                                                          *
                                  Defendants.     *

---

## PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT
## UNITED RENTALS, INC.

COMES NOW YVETTE DAVIS INDIVIDUALLY and as PARENT and NATURAL GUARDIAN OF ISZREAL DAVIS a MINOR, Plaintiff in the above-styled civil action, and files these First Interrogatories to Defendant UNITED RENTALS, INC., pursuant to O.C.G.A. § 9-11-33. The Defendant is required to answer these interrogatories separately, fully and in writing, under oath, and to serve a copy of your answers upon the undersigned within forty-five (45) days from the time said interrogatories are served upon you.

If an interrogatory seeks information contained in a document, Defendant may attach a copy of the document in lieu of answering that interrogatory. If Defendant chooses to answer by reference to a document, the answer must identify the document upon which Defendant relies.

These Interrogatories are continuing in nature until the day of trial, and Defendant is required to serve supplemental answers as additional information becomes available.

### III.      DEFINITION OF TERMS

The terms **"Defendant"** and **"you"** and any synonym or plural thereof and derivatives therefrom means the Defendant, and, in addition, counsel for Defendant and all agents, masters, servants, associates, employees, representatives, private investigators, insurers and others who are or have been in possession of, or who may have obtained, information for or on Defendant's behalf. See O.C.G.A. § 9-11-33(a).

The word "person" means an individual, firm, partnership, corporation, proprietorship, association, governmental body, or any organization or entity.

The word "date" means the exact day, month and year, if ascertainable, or if not, the best available approximation (including relation to other events).

The word "document" as used hereinafter includes, but is not limited to, all written, printed, recorded, or typed records, reports, proposals, drafts, papers, contracts, documents, books, letters, statements of witnesses, statements of persons who were not witnesses but who have information relating to the occurrence which is the subject matter of this lawsuit, notes, accounting records, logs, memoranda, minutes, statistical compilations, worksheets, insurance policies, films, photographs, videotapes, voice recordings, drawings, computer disks, computer tapes, computer stored information, lists and correspondence, whether or not in your possession or under your immediate control (insofar as these Interrogatories are concerned), relating to or pertaining in any way to the subject matter in connection with which it is used, and further includes, without limitation, file copies and other copies, no matter how or by whom prepared and all drafts prepared in connection with such "documents", whether used or not.

The words "identify" or "identity" used in conjunction with "documents" means to state the date of the document, its author and sender (if appropriate), its intended recipient (if

appropriate), and a general statement of the form and content of each such document reflecting the contents of the document and the identity of its custodian.

The words "identify", or "identity" when used in conjunction with a request for the identity of a "person" means to state the person's complete name, home address, home phone, business address, business phone, and job description.

Defendant is reminded of the duty to supplement Defendant's answers to these Interrogatories as required by O.C.G.A. § 9-11-26(e).

## IV.   <u>INTERROGATORIES</u>

1.

Identify yourself including your name, age, address, social security number and, if you are answering for someone else, your official position.

2.

Identify all persons who have assisted in or were consulted in the process of gathering the information requested herein and as to each person state the interrogatory for which he or she provided information.

3.

Identify your employers for the four years prior to the date of your response to these interrogatories specifically including the identity of your supervisor, the dates of employment, and a description of your duties.

4.

State the level of your formal education including the names of your high school(s) and college(s), and any other formal education, if applicable. Please include all dates of attendance for any school or college you have attended.

5.

With respect to each person who witnessed, or claims to have witnessed, or has knowledge of any facts concerning, the collision of, which is the subject of this lawsuit please:

g.  identify them;

h.  state whether you have obtained a statement from them;

i.  state the date that the statement was obtained;

j.  and the identity of the person who took the statement;

k.  describe the information which they possess which is relevant to this action;

l.  identify all documents which record, reflect, or otherwise evidence statements they have given and your communications with them.

6.

With respect to any maps, pictures, photographs, videotapes, drawings, diagrams, measurements or other written or recorded descriptions of the incident, the vehicles, the scene of the incident, or the areas or persons involved (including Plaintiffs) that you, or any agent or employee of yours, have possession or control of, or know of the existence of, please state:

f.  its nature or type and specific subject matter;

g.  the date and time it was made or taken;

h.  the identity the person making or taking it;

i.  its present location; and

j.  the identity of the person at whose request it was made or taken.

7.

At the time of the incident that occurred on November 18, 2021, was the driver of the vehicle engaged in the business of any other person or entity? If so, please state the name and address of such other person or entity.

8.

At the time of the incident on November 18, 2021, if you were employed at the time, please state if you were working under the scope of your employment.

9.

If the answer to interrogatory No. 8 was in the affirmative, please state:

e.   where you were employed;

f.   your employment title;

g.   your supervisor name and contact information; and

h.   your duties.

10.

With respect to any physical infirmity (including problems with eyesight and hearing), disability or sickness you were suffering from at the time of the occurrence of the incident or 6 weeks prior to the incident described in the Complaint, please state as to each condition:

g.   a full and complete description of any such condition, including its nature, extent and severity;

h.   the duration of time, in months and days (or years if more applicable), that you had any such condition prior to this accident;

i.   any medical or hospital examination, treatment or care you received for any such condition (including prescription eyewear and hearing aids);

j.   the identity, including names and addresses, of all health care providers and doctors and hospitals involved in the examination, treatment or care for any such condition;

k.   the dates of each and every such examination, treatment or care for any such condition; and

l.   your entire medical history as it relates in any way to any such condition.

11.

Please state whether you or anyone else involved in the accident ingested or used any drugs or medications within 48 hours prior to the incident or drank any intoxicating beverages of any kind within the 12 hours prior to the accident or to the occurrence of the accident alleged in this Complaint. If so, state the times, places, amount, and type of drugs or alcoholic beverages.

12.

Have you been convicted of a felony? If so, for each felony state:

e.   The original charge made against you.

f.   The charge of which you were convicted.

g.   Did you plead guilty of hte charge or were you convicted after trial?

h.   The court and case number.

13.

Have you ever been party to a civil lawsuit? If so, for each lawsuit, state:

e.   Were you plaintiff or defendant?

f.   What was the nature of the plaintiff's claim?

g.   When, where, and in what court was the action commenced?

h.   State the names of all the parties other than yourself.

14.

State the class of license, the state of issue, and any limitations imposed thereon, of your driver's license on November 18, 2021.

15.

With respect to any charges of violations of law arising out of the collision in which you were involved on November 18, 2021, please state:

f.   what was the nature of the charge?

g.   what plea you entered to each charge?

h.   in what court was the charge heard?

i.   was the testimony at any trial on the charge recorded in any manner and, if so, what was the name and address of the person who recorded the testimony?

j.   what was the final disposition of the charge?

16.

Describe in detail how the collision on November 18, 2021, happened, stating in your answer all events relating thereto in their sequential order, including all actions taken by you to prevent the collision.

17.

State the point of origin, destination, and reason for the trip being made by Defendant at the time of the incident referred to in the Complaint.

18.

Please state whether Defendant's vehicle that was in operation at the time of the incident, which is the subject of Plaintiff's claim, had operational seat belts. If so, was Defendant wearing the seatbelts available for use?

19.

Describe in detail each act or omission on the part of Plaintiff Yvette Davis that you contend constituted negligence that was a contributing factual cause of the collision that occurred on November 18, 2021.

20.

Identify each person or entity you contend contributed to the cause of the collision which occurred on November 18, 2021, and as to each describe the act or omission that you contend constituted a contributing factual cause of the collision.

21.

Please describe as fully as possible the date, time, weather and road conditions on November 18, 2021, at the time and location of the collision, being sure to include conditions of light, precipitation and temperature.

22.

Please identify each person you expect to call as an expert witness at the trial of this action and as to each:

c.   describe his or her qualifications as an expert; the subject matter upon which he or she is expected to testify, the expert's opinions and include a summary of the grounds for each opinion;

d.  identify all documents which have been exchanged with each witness, including reports and billing statements and payments; describe the financial arrangements with the expert; identify all actions in which the expert has provided testimony in the five years preceding your response; and identify all documents prepared by each witness which relate to the subject matter of this lawsuit.

23.

Identify any and all of your relatives, through second cousins, who reside in this county or who have resided in in the last five years.

24.

If you or any member of your immediate family (including but not limited to, spouse, children, parents, in-laws and siblings) presently hold, or have held in the last five years, any appointed or elected positions in the state, county or local governments, or in any civic, social or church organizations in this county, please identify the person, the organization, the position held and the length of time the position has been (or was) held.

25.

Did you have a mobile telephone with you in the vehicle at the time of the incident subject to this Complaint? If you did, please identify:

f.  where the mobile phone was placed in the vehicle at the time of the incident;

g.  the name of the telephone company that provided the mobile service for that telephone;

h.  the telephone number of that telephone;

i.  the person who owned the telephone; and

j.  the person in whose name the cellular service account for that person is held.

26.

State the name, web address, and username for all blogs, online forums, and social networking websites that Defendant has belonged or had a membership in the prior twelve months.

27.

List all automotive accidents with full description(s) and date(s) that Defendant has been involved in and include any citations that were issued to Defendant.

Respectfully submitted this 9th day of November, 2022.

The Angell Law Firm, LLC.

*/s/ Bryce C. Angell*

_____
Bryce C. Angell, Esq.
Georgia Bar No. 685741
***Attorney for Plaintiff***

3391 Peachtree Rd NE, Suite 110
Atlanta, Georgia 30326
Tel:  (404) 418-6007
ecf@atlantalawyer.com

STATE COURT OF
DEKALB COUNTY, GA.
11/9/2022 9:23 AM
E-FILED
BY: Monica Gay

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| YVETTE DAVIS | * | |
| INDIVIDUALLY and as PARENT | * | |
| and NATURAL GUARDIAN OF | * | |
| ISZREAL DAVIS a MINOR, | * | |
| | * | |
| Plaintiffs, | * | CIVIL ACTION |
| vs. | * | |
| | * | FILE NO. 22A04301 |
| CALEB CLEM and UNITED | * | |
| RENTALS, INC., | * | |
| | * | |
| | * | |
| Defendants. | * | |

_____

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT UNITED RENTALS, INC.

COMES NOW Plaintiff YVETTE DAVIS INDIVIDUALLY and as PARENT and NATURAL GUARDIAN OF ISZREAL DAVIS a MINOR, and pursuant to the Georgia Civil Practice Act, O.C.G.A. § 9-11-34, requests Defendant to produce the following documents at the offices of The Angell Law Firm, LLC, 3391 Peachtree Rd NE, Suite 110, Atlanta, Georgia, 30326 within forty-five (45) days from service hereof. In compliance with O.C.G.A. § 9-11-34, the Defendant is required to produce and permit the Plaintiff to inspect and copy the designated documents. Defendant is reminded of the duty to supplement the responses to this Request for Production of Documents as required by O.C.G.A. § 9-11-26.

The definitions included in the Interrogatories served on this Defendant are incorporated by reference and apply to the requested documents.

## II.    IDENTIFICATION OF PRIVILEGED DOCUMENTS

If the production of any document is withheld pursuant to a claim of a privilege, the Defendant is required to provide, in lieu of production, the following identifying information on each such document; (a) title; (b) date; (c) author; (d) addressee; (e) all copy addresses; (f) a brief description of the document with sufficient specificity to reveal its subject matter; (g) the form of the document and any attachments; (h) the present location of the document; (i) the identity of the persons or persons who have custody, control, or possession of the document; and (j) a statement of the basis on which the privilege is claimed.

## **REQUEST FOR DOCUMENTS**

### 1.

Please provide any and all police report(s) or other report of investigation of any governmental agency or private organization relating to the occurrence in question.

### 2.

Provide copies of all documents which record, reflect, or otherwise evidence, in whole or in part, documents referred to, or in any way relied on, or identified, in your responses to the First Interrogatories to Defendants.

### 3.

Produce copies of all documents which record, reflect, or otherwise evidence, in whole or in part, any investigation conducted by you, or any agent of you, conducted in the usual and ordinary course of business relating to Plaintiff's injury. Produce copies of all documents which record, reflect, or otherwise evidence, in whole or in part, any statement from any person claiming to have been in the sight, hearing or in the approximate vicinity of the Plaintiff's injury.

### 4.

Copies of any photographs in Defendant's possession including photographs of the automobiles of both Plaintiff and Defendant, scene of the accident, or any other photographs relating to this claim.

5.

A copy of the automobile policy of the Defendant which relates to this claim.

6.

A copy of the so called declaration page of Defendant's insurance policy which was in effect on the date which is the subject of this claim, to wit November 18, 2021  with the indication of policy limits on such declaration page.

7.

Copies of statements obtained by any witness which are not privileged and which have been reduced to writing in some fashion.

8.

Copies of the driving record of the Defendant if obtained by any office or official agency of this state.

9.

Copies of any traffic violations, citations, civil charges, or ticket dispositions imposed upon the Defendant.

10.

Description of Defendant's vehicle which resulted from the claim which is the subject of this matter.

11.

Copies of any medical reports or records relating to the Plaintiff in the possession of the Defendant whether or not such records or reports are for injuries sustained in this incident or at any other time unless previously obtained by the Defendant from the undersigned counsel.

12.

Copies of any employment records relating to the Plaintiff which have been obtained by the Defendant unless such records were actually produced by the undersigned counsel.

13.

If the Defendant was employed during the time of the incident, copies of any and all employment records and documents.

14.

If the Defendant was not the owner of the subject vehicle, a copy of the registration form or certificate of title of such vehicle.

15.

Copies of any traffic citations or complaints relating to this incident which may have been issued to the Defendant or any other party.

16.

Copies of any drawings, maps, charts, diagrams, or other representation of the scene of the accident or of any other aspect of the accident which is the subject of this claim.

17.

Copies of any photographs of the Plaintiff taken subsequent to the incident which is the subject of this claim including any surveillance photos.

18.

Copies of any motion pictures, phone video recordings, or video tapes taken of the Plaintiff subsequent to the incident which is the subject of this claim.

19.

All online profiles, comments, postings, messages (including without limitation, tweets, replies, retweets, direct messages, status updates, wall comments, groups joined, activity streams and blog entries), photographs, videos, emails and online communications (including those posted by Defendant or anyone on Defendant's behalf on Facebook and Myspace), in the prior twelve months that:

e.   refer or relate to the allegations set forth in the complaint;

f.   refer or relate to any facts or defenses raised in the answer;

g.   reveal, refer or relate to any emotion, feeling or mental state; or

h.   reveal, refer or relate to events that could reasonably be expected to produce a significant emotion, feeling or mental state.

Respectfully submitted this 9th day of November, 2022.

The Angell Law Firm, LLC.

*/s/ Bryce C. Angell*

_____
Bryce C. Angell, Esq.
Georgia Bar No. 685741
***Attorney for Plaintiff***

3391 Peachtree Rd NE, Suite 110
Atlanta, Georgia 30326
Tel:  (404) 418-6007
ecf@atlantalawyer.com

STATE COURT OF
DEKALB COUNTY, GA.
11/9/2022 9:23 AM
E-FILED
BY: Monica Gay

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

YVETTE DAVIS                                  *
INDIVIDUALLY and as PARENT                    *
and NATURAL GUARDIAN OF                       *
ISZREAL DAVIS a MINOR,                        *
                                              *
                        Plaintiffs,           *          CIVIL ACTION
                                              *
vs.                                           *          FILE NO. 22A04301
                                              *
CALEB CLEM and UNITED                         *
RENTALS, INC.,                                *
                                              *
                                              *
                        Defendants.           *
                                              *

---

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT UNITED RENTALS, INC.

In compliance with O.C.G.A. § 9-11-36, the Defendant is required to admit the truth of the

separately listed matters of fact, and the genuineness of the attached documents, on the

forty-fifth (45) day after service of this request. As required by statute, the Defendant is required

to respond to this request in writing.

The Defendant is specifically reminded that the separately listed statements of facts are

deemed admitted unless, within forty-five (45 )days after service of this First Request For

Admissions to Defendant, the Defendant serves a written answer, or objection, addressed to each

fact.

1.

Admit that Defendant  has been properly served with a Summons and Complaint in the

above-styled action.

2.

Admit that Defendant has been properly served with process in this action.

3.

Admit that Defendant raises no defenses as to insufficiency of process or insufficiency of service in this action.

4.

Admit that venue for the above-styled case is proper in DEKALB COUNTY, GEORGIA.

5.

Admit the court has jurisdiction over Defendant.

6.

Admit that Defendant was a cause of the accident.

7.

Admit that on November 18, 2021 Defendant was traveling on I 20 East near the street/intersection of WESLEY CHAPEL RD on November 18, 2021.

8.

Admit that you caused a collision with the rear of Plaintiff's vehicle.

9.

Admit that Defendant is 100% liable with respect to causing the collision.

10.

Admit that Defendant's actions are the sole cause of the subject collision.

11.

Admit that at the time of the subject collision, Defendant was using your cell phone.

12.

Admit that within 15 minutes of the subject collision, Defendant was using Defendant's cell phone.

13.

Admit that at the time of the subject collision, Defendant was texting on Defendant's cell phone.

14.

Admit that within 15 minutes of the subject collision, Defendant was texting on Defendant's cell phone.

15.

Admit that Defendant was driving under the influence of alcohol at the time of the subject collision.

16.

Admit that Defendant was driving under the influence of drugs at the time of the subject collision.

17.

Admit that if Defendant had not improperly operated his vehicle the accident may not have occurred.

18.

Admit that Defendant could have avoided the collision with Plaintiff.

19.

Admit that Defendant should be liable to Plaintiff for all damages suffered by Plaintiff.

Respectfully submitted this 9th day of November, 2022.

The Angell Law Firm, LLC.

*/s/ Bryce C. Angell*

_____
Bryce C. Angell, Esq.
Georgia Bar No. 685741
***Attorney for Plaintiff***

3391 Peachtree Rd NE, Suite 110
Atlanta, Georgia 30326
Tel:  (404) 418-6007
ecf@atlantalawyer.com

STATE COURT OF
DEKALB COUNTY, GA.
11/9/2022 9:23 AM
E-FILED
BY: Monica Gay

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| YVETTE DAVIS | * | |
| INDIVIDUALLY and as PARENT | * | |
| and NATURAL GUARDIAN OF | * | |
| ISZREAL DAVIS a MINOR, | * | |
| | * | |
| Plaintiffs, | * | CIVIL ACTION |
| vs. | * | |
| | * | FILE NO. 22A04301 |
| CALEB CLEM and UNITED | * | |
| RENTALS, INC., | * | |
| | * | |
| | * | |
| Defendants. | * | |

---

**<u>CERTIFICATE OF SERVICE</u>**

This is to certify that I have this day delivered a copy of the Summons, Complaint and Request for Admissions, Request for Interrogatories and Request for Production of Documents in this action for service on the DefendantS, to be served at:

CALEB CLEM
551 Thompson Ct,
Elkton, TN 38455

UNITED RENTALS, INC.
Its registered agent: Corporation Service Company
2 SUN COURT, SUITE 400,
PEACHTREE CORNERS, GA, 30092

Respectfully submitted this 9th day of November, 2022.

The Angell Law Firm, LLC.

*/s/ Bryce C. Angell*

_____
Bryce C. Angell, Esq.
Georgia Bar No. 685741
***Attorney for Plaintiff***

3391 Peachtree Rd NE, Suite 110
Atlanta, Georgia 30326
Tel:  (404) 418-6007
ecf@atlantalawyer.com

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| YVETTE DAVIS | * | |
| INDIVIDUALLY and as PARENT | * | |
| and NATURAL GUARDIAN OF | * | |
| ISZREAL DAVIS a MINOR, | * | |
| | * | |
| Plaintiffs, | * | CIVIL ACTION |
| vs. | * | |
| | * | FILE NO. 22A04301 |
| CALEB CLEM and UNITED | * | |
| RENTALS, INC., | * | |
| | * | |
| | * | |
| Defendants. | * | |

---

## RULE 5.2 CERTIFICATE OF SERVING DISCOVERY

COMES NOW YVETTE DAVIS INDIVIDUALLY and as PARENT and NATURAL GUARDIAN OF ISZREAL DAVIS a MINOR, Plaintiffs in the above-styled case, and pursuant to Superior Court Uniform Rule 5.2, notifies the Court that Plaintiff served upon all counsel by depositing same in the United States Mail with adequate postage affixed thereto addressed as follows:

1. **Plaintiff First Request for Admissions, First Interrogatories and First Request for Production of Documents to Defendant CALEB CLEM.**
2. **Plaintiff First Request for Admissions, First Interrogatories and First Request for Production of Documents to Defendant UNITED RENTALS, INC..**

CALEB CLEM
551 Thompson Ct,
Elkton, TN 38455

UNITED RENTALS, INC.
Its registered agent: Corporation Service Company
2 SUN COURT, SUITE 400,
PEACHTREE CORNERS, GA, 30092

Respectfully submitted this 9th day of November, 2022.

The Angell Law Firm, LLC.

*/s/ Bryce C. Angell*

_____

Bryce C. Angell, Esq.
Georgia Bar No. 685741
***Attorney for Plaintiff***

3391 Peachtree Rd NE, Suite 110
Atlanta, Georgia 30326
Tel:  (404) 418-6007
ecf@atlantalawyer.com

## AFFIDAVIT OF SERVICE

**State of Georgia**                    **County of Dekalb**                    **State Court**

Case Number: 22A04301

Plaintiff: **Yvette Davis**
vs.
Defendant: **Caleb Clem, United Rentals Inc**

For:
Bryce Angell
The Angell Law Firm
3391 Peachtree rd NE
Suite 110
Atlanta, GA 30326

Received by Ancillary Legal Corporation on the 10th day of November, 2022 at 8:54 am to be served on **United Rentals Inc c/o Corporation Service Company, 2 Sun Ct, Ste 400, Peachtree Corners, GA 30092.**

I, Christopher Todd Horton, being duly sworn, depose and say that on the **10th day of November, 2022** at **1:15 pm, I:**

served **United Rentals Inc c/o Corporation Service Company** by delivering a true copy of the **Summons, Complaint, Plaintiff's First Interrogatories to Defendant Caleb Clem, Plaintiff's First Request for Production of Documents to Defendant Caleb Clem, Plaintiff's First Request for Admissions to Defendant Caleb Clem, Plaintiff's First Interrogatories to Defendant United Rentals Inc, Plaintiff's First Request for Production of Documents to Defendant United Rentals Inc, Plaintiff's First Request for Admissions to Defendant United Rentals Inc, Rule 5.2 Certificate of Serving Discovery** to: Corporation Service Company as **Registered Agent, BY LEAVING THE SAME WITH** Alisha Smith as **Authorized to Accept** at the address of: **2 Sun Ct, Ste 400, Peachtree Corners, GA 30092.**

**Additional Information pertaining to this Service:**
11/10/2022  1:15 pm  Perfected corporate service at 2 Sun Court Suite 400, Peachtree Corners, GA 30092, by serving Alisha Smith, CSC Coordinator.

Black female,
black hair,
40-45 years old ,
5'8", 150 lbs, no glasses.

## AFFIDAVIT OF SERVICE For 22A04301

I am an agent of Ancillary Legal Corporation and am competent in all respects to testify regarding the matters set forth herein. I have personal knowledge of the facts stated herein and know them to be true.I have no interest in the outcome of this action and am not related to any of the parties. I am 18 or more years of age and am authorized to serve process.

Subscribed and Sworn to before me on the ___11th___ day of ___November___, 20_22_by the affiant who is personally known to me.

Christopher Todd Horton
Process Server

_____
NOTARY PUBLIC

Ancillary Legal Corporation
2900 Chamblee Tucker Road
Building 13
Atlanta, GA 30341
(404) 459-8006

Our Job Serial Number: ANC-2022011069
Ref: Davis

BOYD KENNETH WARD
NOTARY
EXPIRES
GEORGIA
08/22/2026
PUBLIC
FULTON COUNTY

FILED 12/15/2021 1:10 PM CLERK OF SUPERIOR COURT DEKALB COUNTY GEORGIA

## IN THE SUPERIOR COURT OF DEKALB COUNTY
### STATE OF GEORGIA

IN RE:

MOTION FOR APPOINTMENT AS
PERMANENT PROCESS SERVER

:

:
:
:

CIVIL ACTION FILE NUMBER:

21MPR1432

PURSUANT TO O.C.G.A. §9-11-4(c)

### ORDER APPOINTING PERMANENT PROCESS SERVER
### FOR CALENDAR YEAR 2022

    The foregoing motion having been read and considered, it is HEREBY ORDERED that the following individual(s) is/are appointed as a permanent process server pursuant to O.C.G.A. §9-11-4(c):

| | | |
|---|---|---|
| DEDREA L FAZZIO | TRAVIS DAVON TURNER | LAVERN ARTHNELL WILLIAMS |
| ERICKA D MCMILLON | CATHERINA PILAR FOLDS | CHRISTOPHER TODD HORTON |
| MICHAEL THOMAS RIVERS | GEORGE LARRY FOLDS | |
| BABETTE DAWN COCHRANE | TRAVIS DANIEL CLINE | |
| MARGARET A RUDDOCK | JOYCE YVONNE CLEMMONS | |
| LATHAN OTTO NICHOLS | CLARK RICHARDSON | |
| JEAN GRINWIS NICHOLS | ANTHONY JACKSON II | |
| MARC PERLSON | JASON HAMPTON GARMON | |
| DOUGLAS ADAM TROY | EDMOND JOHN BYER | |

    This appointment shall be effective until midnight December 31, 2022.

    **IT IS SO ORDERED this 14TH of DECEMBER 2021.**

_____
Honorable Asha F. Jackson
Chief and Administrative Judge
Superior Court of DeKalb County
Stone Mountain Judicial Circuit

**IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA**



RE:    Permanent Process Servers

### STANDING ORDER

Pursuant to O.C.G.A. § 9-11-4 (c), this Court provides herein that any person who has completed the application process for appointment as a permanent process server in the Superior Court of DeKalb County for 2022, and has been appointed as a permanent process server in said Court for 2022, shall be deemed to be appointed as a permanent process sever in the State Court of DeKalb County.  Permanent process servers wishing to rely upon this order shall be required to attach a copy of their Superior Court order of appointment to any affidavit of service that is required to be filed with the Court.  All appointments arising pursuant to this order shall be effective until midnight, December 31, 2022.

SO ORDERED THIS _10_ day of December 2021.

_Wayne M Purdom_
Wayne M. Purdom, Chief Judge
State Court of DeKalb County

FILED IN THIS OFFICE
THIS _10th_ DAY OF _December_ 20 _21_
_Antoine M. Smit_
Clerk, State Court, DeKalb County

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| YVETTE DAVIS INDIVIDUALLY | ) | |
| And as PARENT and NATURAL | ) | |
| GUARDIAN OF ISZREAL DAVIS | ) | |
| a MINOR, | ) | |
| | ) | **CIVIL ACTION FILE NO.** |
| **Plaintiffs,** | ) | |
| | ) | **22A04301** |
| vs. | ) | |
| | ) | |
| CALEB CLEM and | ) | |
| UNITED RENTALS, INC., | ) | |
| | ) | |
| **Defendants.** | ) | |

### CONSENT MOTION TO SUBSTITUTE PARTIES, DISMISS LESS THAN ALL PARTIES WITHOUT PREJUDICE, AND ACKNOWLEDGE SERVICE

COME NOW the parties in the above-styled action, by and through their respective attorneys of record, and move the Court to substitute Defendant "UNITED RENTALS, INC." for "United Rentals (North America), Inc.", to dismiss Defendant UNITED RENTALS, INC. without prejudice pursuant to O.C.G.A. § 9-11-41, and to recognize the undersigned counsel for Defendants as having acknowledged service of process on behalf of United Rentals (North America), Inc. and Caleb Clem such that no further service of the Summons, Complaint, initial written discovery, and other initial pleadings shall be necessary upon United Rentals (North America), Inc. or Caleb Clem.  For grounds, counsel for the parties show as follows:

Plaintiffs filed their Complaint, Summons, Written Discovery, Rule 5.2 Certificate of Service, Certificate of Service, Case Initiation Form, and Sheriff's Entry of Service on November 9, 2022. Defendant United Rentals, Inc. was served on or about November 10, 2022. Upon discussion amongst counsel for the parties, it was determined that the proper corporate Defendant in the case should be United Rentals (North America), Inc., rather than UNITED

RENTALS, INC. In an effort to expeditiously proceed to the merits of the matters at issue in the

case, the Parties reached the agreement prayed for herein.

WHEREFORE, the parties respectfully request that the Court adopt the attached Order.

This 9th day of January, 2023.

**Consented By:**

**THE ANGELL LAW FIRM, LLC**

3391 Peachtree Rd NE
Atlanta, Georgia 30326         */s/ Robert L. Poston*
Suite 110                      Robert L. Poston, Esq.
Telephone (404) 418-6007       Georgia Bar No. 708690
ecf@atlantalawyer.com          *Attorney for Plaintiffs*


**NELSON MULLINS RILEY & SCARBOROUGH LLP**

201 17th Street NW STE 1700
Atlanta, Georgia 30363         */s/ Lauren S. Byrne* (with express permission)
Telephone (404) 322-6000       Lauren S. Byrne, Esq.
                               Georgia Bar No. 220271
                               *Attorney for Defendants*

STATE COURT OF
DEKALB COUNTY, GA.
1/9/2023 10:53 AM
E-FILED
BY: Mundy Jackson

**IN THE STATE COURT OF DEKALB COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| **YVETTE DAVIS INDIVIDUALLY** | ) | |
| **And as PARENT and NATURAL** | ) | |
| **GUARDIAN OF ISZREAL DAVIS** | ) | |
| **a MINOR,** | ) | |
| | ) | **CIVIL ACTION FILE NO.** |
| **Plaintiffs,** | ) | |
| | ) | **22A04301** |
| **vs.** | ) | |
| | ) | |
| **CALEB CLEM and** | ) | |
| **UNITED RENTALS, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**<u>ORDER</u>**

Having read and considered the Parties' Consent Motion to Substitute Parties, Dismiss Less Than All Parties Without Prejudice, and to Acknowledge Service, and good cause being shown, IT IS HEREBY ORDERED that:

1) Defendant "UNITED RENTALS, INC." is substituted by United Rentals (North America), Inc., and all allegations made against "UNITED RENTALS, INC." in Plaintiff's Complaint are to be treated as if made against United Rentals (North America), Inc.;

2) Defendant "UNITED RENTALS, INC." is hereby dismissed, <u>without prejudice</u>; and

3) Attorney Lauren S. Byrne, counsel for Defendants, is recognized as being authorized to and having acknowledged receipt of the Complaint, Summons, and initial written discovery and service of due and proper process for and on behalf

of Defendants United Rentals (North America), Inc. and Caleb Clem.  No further

or other service of process is required or necessary upon Defendants.

IT IS SO ORDERED, this _____ day of _____, 2023.

_____
The Honorable Judge
State Court of DeKalb County

**Order Prepared By:**
*/s/Robert L. Poston*
_____
Robert L. Poston, Esq.
Georgia Bar No. 708690
THE ANGELL LAW FIRM, LLC
3391 Peachtree Road NE
Suite 110 Atlanta, Georgia  30326
Phone:  (404)418-6007

STATE COURT OF
DEKALB COUNTY, GA.
1/9/2023 10:53 AM
E-FILED
BY: Mundy Jackson

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served a true and correct copy of the foregoing pleading by filing the same using the Court's designated electronic filing system which will generate Statutory Electronic Service.

This 9th day of January, 2023.

Respectfully Submitted:

*/s/Robert L. Poston*

_____
Robert L. Poston, Esq.
Georgia Bar No. 708690
THE ANGELL LAW FIRM, LLC
3391 Peachtree Road NE
Suite 110 Atlanta, Georgia  30326
Phone:  (404) 418-6007
Fax:  (404) 745-0607

Civil Action No. **22A04301**

Date Filed **11/9/2022**

State Court ☐
Magistrate Court ☐
Georgia, DeKalb County

YVETTE DAVIS INDIVIDUALLY and as PARENT
and NATURAL GUARDIAN OF ISZREAL DAVIS a
MINOR,                                                    Plaintiff

VS.

**Attorney's Address**

3391 Peachtree Rd NE, Suite 110
Atlanta, Georgia 30326

CALEB CLEM and

UNITED RENTALS, INC.

Defendant

**Name and Address of Party to be Served**

CALEB CLEM

551 Thompson Ct,
Elkton, TN 38455

Garnishee

## MARSHAL/SHERIFF'S ENTRY OF SERVICE

**PERSONAL**
☑ I have this day served the defendant *Caleb Clem* personally with a copy of the within action and summons.

**RESIDENCE**
☐ I have this day served the defendant _____ by leaving a copy of the action and summons at (his/her) dwelling house or usual place of abode with a person of suitable age and discretion residing therein; delivered same into the hands of _____ described as follows: age, about ____ years; weight, about ____ pounds; height, about ___ feet and ___ inches, domiciled at the residence of defendant.

**CORPORATION**
☐ Served the defendant _____ by leaving a copy of the within action and summons with _____ in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL**
☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**
☐ Diligent search made and defendant _____ not to be found in the jurisdiction of this Court.

This **16** day of **Dec** , 20 **22**

NOV 2 8 2022

GILES CO. SHERIFF DEPT.

RECEIVED

_____ Deputy

SHERIFF DOCKETT _____ PAGE _____

marshallservice@... (stamp)

STATE COURT OF
DEKALB COUNTY, GA.
12/28/2022 12:35 PM
E-FILED
BY: Mundy B Jackson

**IN THE STATE COURT OF DEKALB COUNTY**
**STATE OF GEORGIA**

YVETTE DAVIS INDIVIDUALLY and as )
PARENT and NATURAL GUARDIAN )
OF ISZREAL DAVIS a MINOR, )
)
Plaintiffs, )
)
v. )
)
CALEB CLEM and UNITED RENTALS, )
INC.,

Defendants.

CIVIL ACTION NO.: 22A04301

<u>**STIPULATION EXTENDING TIME**</u>
<u>**TO RESPOND TO PLAINTIFFS' COMPLAINT**</u>

COME NOW Plaintiffs, Yvette Davis Individually and as Parent and Natural Guardian of Iszreal Davis a Minor, and Defendants, Caleb Clem and United Rentals, Inc., and hereby stipulate that Defendant United Rentals, Inc. will have an extension of time to respond to Plaintiff's Complaint through and including January 11, 2023.

Respectfully submitted, this 12th day of December, 2022,


/s/ Lauren S. Byrne
Lauren Byrne
Georgia Bar No. 220271
NELSON MULLINS RILEY &
SCARBOROUGH LLP
201 17th Street NW, Suite 1700
Atlanta, GA 30363
(404) 322-6000
(404) 322-6050 (fax)
Lauren.byrne@nelsonmullins.com

*Attorney for Defendants*

/s/ Robert L. Poston*
Bryce C. Angell
Georgia Bar No. 685741
Robert L. Poston
Georgia Bar No. 708690
The Angell Law Firm, LLC
3391 Peachtree Rd NE, Suite 110
Atlanta, Georgia 30326
Email: ecf@atlantalawyer.com

*Attorneys for Plaintiffs*

*With express permission by Lauren S. Byrne*

## CERTIFICATE OF SERVICE

I hereby certify that I have this day filed the within and foregoing **STIPULATION EXTENDING TIME TO RESPOND TO PLAINTIFFS' COMPLAINT** with the Clerk of Court using the Odyssey electronic filing system, which will automatically provide notification to the following:

Bryce C. Angell
Robert L. Poston
The Angell Law Firm, LLC
3391 Peachtree Rd NE, Suite 110
Atlanta, Georgia 30326
ecf@atlantalawyer.com

*Attorneys for Plaintiffs*

This 12th day of December, 2022.

**NELSON MULLINS RILEY & SCARBOROUGH LLP**

/s/ Lauren S. Byrne
Lauren S. Byrne
Georgia Bar No. 220271
201 17th Street NW, Suite 1700
Atlanta, GA 30363
404-332-6000 (tel.)
404-322-6050 (fax)
lauren.byrne@nelsonmullins.com

*Attorney for Defendants*

4875-5984-1347 v.1 011664/01737, 4:42 PM, 12/12/2022

**IN THE STATE COURT OF DEKALB COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| YVETTE DAVIS INDIVIDUALLY | ) | |
| And as PARENT and NATURAL | ) | |
| GUARDIAN OF ISZREAL DAVIS | ) | |
| a MINOR, | ) | |
| | ) | **CIVIL ACTION FILE NO.** |
| Plaintiffs, | ) | |
| | ) | **22A04301** |
| vs. | ) | |
| | ) | |
| CALEB CLEM and | ) | |
| UNITED RENTALS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**<u>ORDER</u>**

Having read and considered the Parties' Consent Motion to Substitute Parties, Dismiss Less Than All Parties Without Prejudice, and to Acknowledge Service, and good cause being shown, IT IS HEREBY ORDERED that:

1) Defendant "UNITED RENTALS, INC." is substituted by United Rentals (North America), Inc., and all allegations made against "UNITED RENTALS, INC." in Plaintiff's Complaint are to be treated as if made against United Rentals (North America), Inc.;

2) Defendant "UNITED RENTALS, INC." is hereby dismissed, <u>without prejudice;</u> and

3) Attorney Lauren S. Byrne, counsel for Defendants, is recognized as being authorized to and having acknowledged receipt of the Complaint, Summons, and initial written discovery and service of due and proper process for and on behalf

of Defendants United Rentals (North America), Inc. and Caleb Clem.  No further

or other service of process is required or necessary upon Defendants.

IT IS SO ORDERED, this ____11th____ day of ____January____, 2023.

_Johnny Panos_
_____
The Honorable Judge
State Court of DeKalb County

**Order Prepared By:**
*/s/Robert L. Poston*
_____
Robert L. Poston, Esq.
Georgia Bar No. 708690
THE ANGELL LAW FIRM, LLC
3391 Peachtree Road NE
Suite 110 Atlanta, Georgia  30326
Phone:  (404)418-6007

STATE COURT OF
DEKALB COUNTY, GA.
1/11/2023 2:38 PM
E-FILED
BY: Mundy Jackson

STATE COURT OF
DEKALB COUNTY, GA.
1/9/2023 10:53 AM
E-FILED
BY: Mundy Jackson

**IN THE STATE COURT OF DEKALB COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| YVETTE DAVIS, INDIVIDUALLY and as PARENT and NATURAL GUARDIAN OF ISZREAL DAVIS, a MINOR, | ) ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION NO.: 22A04301 |
| v. | ) ) ) | |
| CALEB CLEM and UNITED RENTALS (NORTH AMERICA), INC., | ) ) ) | |
| Defendants. | ) | |

**DEFENDANTS CALEB CLEM AND UNITED RENTALS (NORTH AMERICA), INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT**

COME NOW **Caleb Clem and United Rentals (North America), Inc.** ("United") (collectively, "Defendants"), by and through the undersigned counsel, and hereby file their Answer and Affirmative Defenses to Plaintiffs' Complaint as follows:

**FIRST AFFIRMATIVE DEFENSE**

Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiffs' Complaint is or may be barred in whole or in part by the doctrines of waiver, unclean hands, estoppel, and/or laches.

**THIRD AFFIRMATIVE DEFENSE**

To the extent Plaintiffs suffered any damages, which Defendants specifically deny, Plaintiffs have failed to mitigate said damages as required by law.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' alleged injuries, damages, and/or losses were proximately caused solely by the acts or omissions of a person or persons over whom Defendants had no control and for whose actinons Defendants are in no way liable and, therefore, Plaintiffs cannot recover against Defendants.

## FIFTH AFFIRMATIVE DEFENSE

Defendants committed no act or omission which caused or contributed to the subject incident or to Plaintiffs' alleged injuries.

## SIXTH AFFIRMATIVE DEFENSE

Defendants breached no legal duty owed to Plaintiffs, and therefore Plaintiffs cannot recover from Defendants. At all times, Defendants exercised that degree of care required by law; therefore, Plaintiffs may not recover from Defendants in any matter.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' alleged injuries were a direct and proximate result of Plaintiffs' own negligence, recklessness, and/or gross negligence and such negligence, recklessness, and/or gross negligence exceeds fifty percent of the total fault for the alleged injuries, such alleged fault on the part of Defendants being expressly denied. Accordingly, Plaintiffs' claims are completely barred by the doctrine of comparative negligence. Defendants would further show that if Plaintiffs' comparative fault does not exceed fifty percent of the total fault attributable in this instance, the liability of Defendants, if any, should be reduced in proportion to Plaintiffs' fault.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs failed to use ordinary care for their safety and, therefore, Plaintiffs cannot recover against Defendants.

4874-6529-6720 v.1 011664/01737, 10:37 AM, 02/10/2023

## NINTH AFFIRMATIVE DEFENSE

While denying any liability or wrongdoing, Defendants state that any recovery by Plaintiffs from Defendants must be reduced or offset by the amount Plaintiffs have received or will receive from others for the same injuries and damages claimed in this action.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' alleged injuries and damages were or may have been caused by pre-existing conditions, or other contributory or concurrent conditions or factors, including events occurring prior or subsequent to the occurrence that is the basis of Plaintiffs' claims against Defendants.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from recovery for failing to specifically state their alleged special damages in accordance with O.C.G.A. § 9-11-9.

## TWELFTH AFFIRMATIVE DEFENSE

Defendants reserve the right to assert any additional affirmative defenses allowed under the Georgia Civil Practice Act based upon evidence discovered in their defense of Plaintiffs' Complaint.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendants respond to the individually-numbered paragraphs of Plaintiffs' Complaint as follows:

## JURISDICTION AND VENUE

1.

Defendants are without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 1 of Plaintiffs' Complaint.

3

2.

Defendants deny as pled the allegations contained in Paragraph 2 of Plaintiffs' Complaint to the extent they call for a legal conclusion. Defendants admit that Mr. Clem is a Tennessee resident. Defendants deny the remaining allegations contained in Paragraph 2 of Plaintiffs' Complaint.

3.

Defendants deny as pled the allegations contained in Paragraph 3 of Plaintiffs' Complaint to the extent they call for a legal conclusion. Defendants admit that United Rentals (North America), Inc. ("United") is a Connecticut-based corporation authorized to do business in Georgia. Defendants further admit that United's registered agent in Georgia is Corporation Service Company, which is located at 2 Sun Court, Suite 400, Peachtree Corners, Gwinnett County, GA 30092.

4.

Defendants deny as pled the allegations contained in Paragraph 4 of Plaintiffs' Complaint as they call for a legal conclusion.

## **BACKGROUND**

5.

Defendants repeat, reallege, and incorporate by reference their responses to Paragraphs 1-4 of Plaintiffs' Complaint as if fully set forth herein. Defendants admit the allegations contained in Paragraph 5 of Plaintiffs' Complaint.

6.

Defendants deny the allegations contained in Paragraph 6 of Plaintiffs' Complaint.

4

7.

Defendants deny as pled the allegations contained in Paragraph 7 of Plaintiffs' Complaint to the extent they call for a legal conclusion and/or attempt to imply that Mr. Clem caused the accident in question or is liable to Plaintiffs for any alleged damages resulting therefrom. Defendants admit that Mr. Clem received a citation for following too closely under O.C.G.A. § 40-6-49 and that the Georgia Motor Vehicle Crash Report for the accident in question states that Mr. Clem was *suspected* to be at fault.

8.

Defendants deny the allegations contained in Paragraph 8 of Plaintiffs' Complaint.

## COUNT I: NEGLIGENCE OF DEFENDANT CALEB CLEM

9.

Defendants repeat, reallege, and incorporate by reference their responses to Paragraphs 1-8 of Plaintiffs' Complaint as if fully set forth herein.

10.

Defendants deny the allegations contained in Paragraph 10 of Plaintiffs' Complaint.

11.

Defendants deny the allegations contained in Paragraph 11 of Plaintiffs' Complaint, including subparts.

12.

Defendants deny the allegations contained in Paragraph 12 of Plaintiffs' Complaint.

13.

Defendants admit the allegations contained in Paragraph 13 of Plaintiffs' Complaint.

## COUNT II: NEGLIGENCE OF DEFENDANT UNITED RENTALS (NORTH AMERICA), INC.

5

14.

Defendants repeat, reallege, and incorporate by reference their responses to Paragraphs 1-13 of Plaintiffs' Complaint as if fully set forth herein.

15.

Defendants deny as pled the allegations contained in Paragraph 15 of Plaintiffs' Complaint to the extent they call for a legal conclusion. Defendants admit that United owned the vehicle in question, that Mr. Clem was an employee of United, and that Mr. Clem was returning from a job site at the time of the accident in question.

16.

Defendants deny the allegations contained in Paragraph 16 of Plaintiffs' Complaint.

## COUNT III: GENERAL AND SPECIAL DAMAGES

17.

Defendants repeat, reallege, and incorporate by reference their responses to Paragraphs 1-16 of Plaintiffs' Complaint as if fully set forth herein. Defendants deny the allegations contained in Paragraph 17 of Plaintiffs' Complaint.

18.

Defendants deny the allegations contained in Paragraph 18 of Plaintiffs' Complaint.

19.

Defendants deny the allegations contained in Paragraph 19 of Plaintiffs' Complaint.

20.

Defendants deny the allegations contained in Paragraph 20 of Plaintiffs' Complaint.

4874-6529-6720 v.1 011664/01737, 10:37 AM, 02/10/2023

21.

Defendants specifically deny any and all allegations contained within Plaintiffs' prayer for relief or "WHEREFORE" paragraph and deny that Plaintiffs are entitled to any of the relief sought therein.

22.

Any allegations in Plaintiffs' Complaint, whether express or implied, not specifically admitted or denied herein are hereby denied.

WHEREFORE, having fully responded to Plaintiffs' Complaint, Defendants Standard Insurance Company respectfully requests:

a) Plaintiffs' Complaint be dismissed with prejudice;

b) Judgment be granted in favor of Defendants on all counts;

c) All costs be cast against Plaintiffs;

d) Defendants have a trial by jury; and

e) Any and all other and further relief that the Court deems just and proper.

Respectfully submitted this 10th day of February, 2023.

**NELSON MULLINS RILEY & SCARBOROUGH LLP**

*/s/ Lauren S. Byrne*
Lauren S. Byrne
Georgia Bar No. 220271
201 17th Street NW, Suite 1700
Atlanta, GA 30363
404-332-6000 (tel.)
404-322-6050 (fax)
lauren.byrne@nelsonmullins.com
***Attorney for Defendants Caleb Clem and United Rentals (North America), Inc.***

7

STATE COURT OF
DEKALB COUNTY, GA.
2/10/2023 3:21 PM
E-FILED
BY: Mundy Jackson

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day filed the within and foregoing ***DEFENDANTS CALEB CLEM AND UNITED RENTALS (NORTH AMERICA), INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT*** with the Clerk of Court using the Odyssey eFileGA electronic filing system, which will automatically provide notification to the following:

Robert L. Poston, Esq.
Bryce C. Angell, Esq.
THE ANGELL LAW FIRM, LLC
3391 Peachtree Road NE, Suite 110
Atlanta, GA 30326
ecf@atlantalawyer.com
***Attorneys for Plaintiffs***

This 10th day of February, 2023.

**NELSON MULLINS RILEY & SCARBOROUGH LLP**

*/s/ Lauren S. Byrne*
Lauren S. Byrne
Georgia Bar No. 220271
201 17th Street NW, Suite 1700
Atlanta, GA 30363
404-332-6000 (tel.)
404-322-6050 (fax)
lauren.byrne@nelsonmullins.com
***Attorney for Defendants Caleb Clem and United Rentals (North America), Inc.***

8

**IN THE STATE COURT OF DEKALB COUNTY**
**STATE OF GEORGIA**

YVETTE DAVIS, INDIVIDUALLY and ) 
as PARENT and NATURAL GUARDIAN )
OF ISZREAL DAVIS, a MINOR, )
                                   )     CIVIL ACTION NO.: 22A04301
     Plaintiffs, )
                                     )
v. )
                                       )
CALEB CLEM and UNITED RENTALS )
(NORTH AMERICA), INC., )
                                       )
     Defendants. )

## <u>NOTICE OF FILING OF NOTICE OF REMOVAL</u>

**PLEASE TAKE NOTICE** that on this date Defendants Caleb Clem and United Rentals (North America), Inc. filed a Notice of Removal of this case to the United States District Court for the Northern District of Georgia, Atlanta Division, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. A copy of this Notice of Removal is attached hereto as **Exhibit A**.

**PLEASE TAKE FURTHER NOTICE** that, under 28 U.S.C. § 1446(d), the filing of said Notice of Removal effects the removal of this action to the United States District Court, and the State Court of Dekalb County, Georgia may not proceed any further unless the case is remanded.

Respectfully submitted this 10th day of February, 2023.

**NELSON MULLINS RILEY &**
**SCARBOROUGH LLP**

<u>/s/ Lauren S. Byrne</u>
Lauren S. Byrne
Georgia Bar No. 220271
201 17th Street NW, Suite 1700
Atlanta, GA 30363
404-332-6000 (tel.)
404-322-6050 (fax)
lauren.byrne@nelsonmullins.com
***Attorney for Defendants Caleb Clem and***
***United Rentals (North America), Inc.***

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that I have this day filed the within and foregoing ***NOTICE OF FILING***

***NOTICE OF REMOVAL*** with the Clerk of Court using the Odyssey eFileGA electronic filing

system, which will automatically provide notification to the following:

Robert L. Poston, Esq.
Bryce C. Angell, Esq.
THE ANGELL LAW FIRM, LLC
3391 Peachtree Road NE, Suite 110
Atlanta, GA 30326
ecf@atlantalawyer.com
***Attorneys for Plaintiffs***

This 10th day of February, 2023.

**NELSON MULLINS RILEY &
SCARBOROUGH LLP**

*/s/ Lauren S. Byrne*
Lauren S. Byrne
Georgia Bar No. 220271
201 17th Street NW, Suite 1700
Atlanta, GA 30363
404-332-6000 (tel.)
404-322-6050 (fax)
lauren.byrne@nelsonmullins.com
***Attorney for Defendants Caleb Clem and
United Rentals (North America), Inc.***

2

Exhibit A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

YVETTE DAVIS, INDIVIDUALLY
and as PARENT and NATURAL
GUARDIAN OF ISZREAL DAVIS,
a MINOR,

|                 | Civil Action No. _____ |

Plaintiffs,

vs.

**NOTICE OF REMOVAL**

CALEB CLEM and UNITED
RENTALS (NORTH AMERICA),
INC.,

Defendants.

YOU ARE HEREBY NOTIFIED that, pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants Caleb Clem and United Rentals (North America), Inc. ("United") (collectively, "Defendants"), by and through their undersigned counsel, hereby file this Notice of Removal of the above-captioned action from the State Court of DeKalb County, State of Georgia, to the U.S. District Court for the Northern District of Georgia, Atlanta Division.

## I.    STATEMENT OF COMMENCEMENT OF ACTION

The above-captioned action was commenced by Plaintiffs on November 9, 2022, by the filing of a Complaint which incorrectly named United Rentals, Inc. as

a Defendant. On January 9, 2023, the parties submitted a Consent Motion to substitute Defendant United Rentals (North America), Inc. for the incorrectly-named party. The Court issued an Order granting this Consent Motion on January 11, 2023, at which time Caleb Clem and United Rentals (North America), Inc. were deemed to have been served with the Complaint.  This action is pending in the State Court of Dekalb County, State of Georgia, bearing civil action number 22A04301. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed.

## II.     PLEADINGS AND NOTICE TO STATE COURT

True and correct copies of all process, pleadings, and orders filed in this matter in DeKalb County State Court are attached as **Exhibit A** and are being filed along with this Notice of Removal.  Pursuant to 28 U.S.C. § 1446(d), written notice of this removal is being served on Plaintiffs and is being provided to the Clerk of Court for the State Court of DeKalb County.  (*See* Notice of Filing Notice of Removal, included in **Exhibit A**.)

## III.    STATEMENT OF STATUTORY BASIS FOR JURISDICTION

This action is within the original jurisdiction of this Court pursuant to 28 U.S.C. § 1332.  This statute provides, in pertinent part, that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . .

citizens of different States." 28 U.S.C. § 1332(a)(1).  As discussed below, this action satisfies both statutory requirements.

### A. Amount in Controversy

Although Defendants dispute Plaintiffs' entitlement to any relief, the amount in controversy requirement has been met based on the damages sought by Plaintiffs in the Complaint.  Plaintiffs seek to recover damages allegedly resulting from injuries sustained in the accident at issue.  The prayer for relief at the conclusion of the Complaint does not specify the amount of recovery sought, nor does it limit Plaintiffs' recovery.  However, in a letter dated August 23, 2022 (attached as **Exhibit B**), Plaintiffs made a combined settlement demand of $500,000.

"Eleventh Circuit precedent permits district courts to make reasonable deductions, reasonable inferences or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case is removable." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010).  "A defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.  Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014).

3

Accordingly, for the reasons stated above, the amount in controversy exceeds $75,000, exclusive of interest and costs, and the jurisdiction threshold is satisfied.

## B. Citizenship of the Parties

The Complaint alleges that Plaintiffs are residents of the State of Georgia. (Complaint, ¶ 1.)  Mr. Clem was, at the time of the filing of the Complaint, and still is a Tennessee resident.  United was, at the time of the filing of the Complaint, and still is a corporation organized and existing under the laws of Delaware with its principal place of business in Connecticut and, therefore, is not a citizen of the State of Georgia.  (*See, e.g.*, Georgia Secretary of State Records, attached as **Exhibit C**.) Accordingly, there is diversity of citizenship between Defendants and Plaintiffs.

## IV    CONCLUSION

WHEREFORE, Defendants, Caleb Clem and United Rentals (North America), Inc., hereby remove this matter from the State Court of DeKalb County to the U.S. District Court for the Northern District of Georgia, Atlanta Division.

4

Respectfully submitted this 10th day of February, 2023.

> **NELSON MULLINS RILEY &
> SCARBOROUGH LLP**
>
> */s/ Lauren S. Byrne*
> Lauren S. Byrne
> Georgia Bar No. 220271
> 201 17th Street NW, Suite 1700
> Atlanta, GA 30363
> 404-332-6000 (tel.)
> 404-322-6050 (fax)
> lauren.byrne@nelsonmullins.com
> ***Attorney for Defendants Caleb Clem
> and United Rentals (North America),
> Inc.***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day filed the within and foregoing ***NOTICE***

***OF REMOVAL*** with the Clerk of Court using the CM/ECF electronic filing system,

which will automatically provide notification to the following:

Robert L. Poston, Esq.
Bryce C. Angell, Esq.
THE ANGELL LAW FIRM, LLC
3391 Peachtree Road NE, Suite 110
Atlanta, GA 30326
ecf@atlantalawyer.com
***Attorneys for Plaintiffs***

This 10th day of February, 2023.

**NELSON MULLINS RILEY & SCARBOROUGH LLP**

*/s/ Lauren S. Byrne*
Lauren S. Byrne
Georgia Bar No. 220271
201 17th Street NW, Suite 1700
Atlanta, GA 30363
404-332-6000 (tel.)
404-322-6050 (fax)
lauren.byrne@nelsonmullins.com
***Attorney for Defendants Caleb Clem and United Rentals (North America), Inc.***

6
