**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| Karen Cunningham, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action File No.: |
| | ) | |
| vs. | ) | |
| | ) | |
| Convergent Outsourcing, Inc., | ) | **COMPLAINT WITH** |
| | ) | **JURY TRIAL DEMAND** |
| Defendant | ) | |
| _____ | ) | |

**PRELIMINARY STATEMENT**

This action for damages is based upon the Defendant's overt and intentional, unlawful conduct in the furtherance of its efforts to collect a consumer debt. The Defendant's conduct is in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq. and the Georgia Fair Business Practices Act, (GFBPA) O.C.G.A. 10-1-390 et seq.

**PARTIES**

1.    Plaintiff, Karen Cunningham, is a natural person who resides in Fulton County, Georgia.

2.    Defendant, Convergent Outsourcing, Inc., is a corporation headquartered in Texas doing business in Georgia.  Defendant may be served with

process via its registered agent, CT Corporation System at 1201 Peachtree Street NE, Suite #1240, Atlanta, Georgia 30361.

## JURISDICTION AND VENUE

3.     This Court has federal question jurisdiction over Plaintiff's Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.     This Court has personal jurisdiction over Defendant because, inter alia, Defendants frequently and routinely conducts business in the State of Georgia, including the conduct complained of herein.

5.     Pursuant to 28 U.S.C. § 1391, venue is proper in the Northern District of Georgia because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6.     Venue is proper in the Atlanta Division because the conduct complained of herein occurred in Fulton County.

## FACTUAL ALLEGATIONS

7.     Plaintiff is a 58-year-old woman with deteriorating health. She is disabled, unable to engage in competitive employment, and is in the process of obtaining disability insurance benefits through the Social Security Administration.

8.    Plaintiff is allegedly obligated to pay a consumer debt arising out of personal cellular phone service and is, therefore, a "consumer", as that term is defined by 15 U.S.C. § 1692a(3).

9.    Defendant is a collection agency specializing in the collection of consumer debt.

10.    Defendant uses interstate commerce and/or mail in its business in the collection of consumer debts.

11.    Defendant manages, and collects upon, thousands of consumer debt accounts annually.

12.    Defendant is, therefore, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

13.    As a result of her disability and inability to maintain employment, the Plaintiff defaulted on a cellular service account with Sprint Corporation (Sprint).

14.    Sprint Corporation merged with T-Mobile US on April 1, 2020, with T-Mobile becoming the surviving entity.

15.    T-Mobile engaged the services of the Defendant to collect the debt owed by the Plaintiff.

16.    On May 10th, 2022, the Plaintiff accessed her credit report as published by Equifax, a major credit reporting bureau.  In reviewing that report, she noted a

tradeline reported by the Defendant showing an amount of $769.00 in collection with Sprint as the original creditor.

17.     Defendant's reporting to Equifax and other credit reporting agencies was in connection with, and indeed intended to facilitate, its collection of the amount claimed from Plaintiff.

18.     The Defendant has been reporting $769.00 as the amount owed for over a year.

19.     The amount shown as owing is greater than the amount Plaintiff believes was owed when the account was closed by the creditor.

20.     Plaintiff believes and hereby avers that Sprint / T-Mobile has assessed fees, including fees related to the collection of the account, that are not authorized under any contractual agreement between the Plaintiff and Sprint / T-Mobile nor are they available to the Defendant under Georgia law.

21.     The relationship between the Plaintiff and the original creditor is governed by a terms and conditions agreement that controlled the Plaintiff's relationship with Sprint, its controlled subsidiaries, assignees, and agents.

22.     Included within the terms and conditions are provisions that relate to circumstances where the creditor retains a collection agency. The agreement provides, in pertinent part,

What about paying my bill?

- You must pay the full amount of your bill on the due date. If we do not receive payment in full by the due date, you may be assessed a late fee, which may be charged at the highest rate permissible by law and may be applied to the total unpaid balance. If we use a collection agency to collect unpaid balances from you, we may charge you for those costs.

A complete copy of the Service Agreement binding the parties is filed herewith as Exhibit 1.

23.     The Fair Debt Collection Practices Act specifically provides that the collection of any amount, including fees, charges, or any other expense incidental to the principal obligation, is prohibited unless such amount is expressly authorized by the agreement creating the debt or permitted by law.  15 U.S.C. § 1692f(1).

24.     The portion of the Service Agreement addressing the creditor's use of a collection agency specifically states it may charge the Plaintiff "costs".

25.     Defendant's agreement with the creditor as it relates to Defendant's renumeration provides for a contingent fee. The Defendant's fee is based upon a percentage of the amount collected. The creditor incurs no collection cost as at the time the account is placed with Defendant for collection.

26.     At the time Sprint / T-Mobile referred the account to Defendant it had not incurred any collection costs. Instead, it added to the principal amount owed an arbitrary figure that the Defendant subsequently communicated to third parties.

27.    A percentage-based collection fee assessed before the collector attempted to collect the balance due does not bear any correlation to the actual cost of the collector's collection effort and is thus a violation of the FDCPA.  See, *Bradley v. Franklin Collection Service, Inc*., 739 F.3d 606, 609 (11th Circuit, 2014).

28.    The Defendant has actual knowledge of the creditor's practice of added unincurred collection costs to accounts prior to placement with Defendant.

29.    Defendant knew or should have known that the figure it reported to the credit bureaus as owed had been inflated improperly.

30.    The Defendant's reporting of the total amount claimed, which included improperly assessed fees, to Equifax over the last year was objectively false and materially misleading.

31.    The false reporting by Defendant to Equifax was subsequently published to third party subscribers to its service.

## INJURIES-IN-FACT AND DAMAGES

32.    The FDCPA provides consumers with "statutorily created rights to be free from 'being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.'" *McCamis v. Servis One, Inc.*, No. 8:16-CV-1130-T-30AEP, 2016 U.S. Dist. LEXIS 99492 (M.D. Fla. July 29, 2016); *Church v. Accretive Health, Inc*.,

654 Fed. Appx. 990, 2016 U.S. App. LEXIS 12414, 2016 WL 3611543 (11th Cir. 2016).

33.     An injury-in-fact sufficient to satisfy Article III standing requirements "may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing." *Church*, at 993, quoting *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982).

34.     Violation of statutory rights are not a "hypothetical or uncertain" injury, but one "that Congress has elevated to the status of a legally cognizable injury through the FDCPA." *McCamis*, at 4, citing *Church*, at 3.

35.     Defendant is subjecting Plaintiff to false, deceptive, and unfair means to collect the debt.

36.     As a result of the Defendant's actions and/or omissions, Plaintiff has suffered actual damages, including but not limited to the following:

a.)     Being subjected to false, deceptive, and unfair debt collection practices;

b.)     False credit reporting that gave viewers of Plaintiff's credit report a false impression of her current status, creditworthiness,  and debt-to-income ratio;

c.)     Confusion related to the Defendant's credit reporting practice that adversely impacted the Plaintiff's ability to prioritize debt payments when they were possible;

d.)    Uncompensated time expended away from activities of daily living, to confer with counsel regarding the Defendant's collection efforts;

e.)    Anxiety and worry caused by concern that Plaintiff was being called upon to pay an improper claim and, moreover, that false information was being reported to both credit bureaus and their subscribers. The anxiety and worry experienced by the Plaintiff was sufficient to negatively affect her demeanor, her ability to engage in daily activities, resulted in sleeplessness, and adversely affected her relationships with others.

## CAUSES OF ACTION

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et. seq.

### *Violations of 15 U.SC. § 1692e and its subparts*

37.    15 U.S.C. § 1692e specifically prohibits the use of any false, deceptive, or misleading representations or means in connection with the collection of any debt.

38.    The use of "or" in § 1692e means a representation violates the FDCPA if it is false or deceptive or misleading.  *Bourff v. Rubin Lublin*, LLC, 674 F.3d 1238, 1241 (11th Cir. 2012).

39.     The standard in determining the nature of any such representation is that of the "least sophisticated consumer." Its purpose is to protect "naive consumers" with a minimal understanding of personal finance and debt collection. *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1194 (11th Cir. 2010) (per curiam).

40.     Moreover, the least sophisticated consumer is not to be held to the same standard as a reasonably prudent consumer. The least sophisticated consumer, though not unreasonable, is "ignorant" and "unthinking," "gullible," and of "below-average sophistication or intelligence," *Pinson v. JPMorgan Chase Bank, Nat'l Ass'n*, No. 16-17107, 2019 U.S. App. LEXIS 33662, at 12-13 (11th Cir. Nov. 12, 2019), quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)

41.     A false representation in connection with the collection of a debt is sufficient to violate the FDCPA, even if it is not alleged or proven to be misleading or deceptive.

42.     The Defendant's false representations to the Plaintiff regarding the totality of her legally enforceable debt obscured the true status and amount of the debt in collection, and impaired the Plaintiff's decision making with respect to which delinquent accounts she should address, and in what order.

43.     The Defendant's false reporting to Equifax was a violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(8) and 1692e(10).

***Violations of 15 U.SC. § 1692f and its subparts***

44.     The conduct of the Defendant as described herein was unfair and unconscionable. It preyed upon the perceived lack of sophistication of the Plaintiff.

45.     The Defendant's collection of fees that were not expressly authorized by the original creditor and the Plaintiff or otherwise provided for under Georgia law was a violation of 15 U.S.C. § 1692f(1).

## COUNT II

## VIOLATIONS OF THE GEORGIA FAIR BUSINESS PRACTICES ACT O.C.G.A. § 10-1-390, et seq.

46.     Plaintiff incorporates by reference paragraphs 1 through 46 as though fully stated herein.

47.     O.C.G.A. § 10-1-390 et seq is commonly known as the "Fair Business Practices Act of 1975" (the "GFBPA").

48.     The purpose of the GFBPA, is to protect consumers from unfair and/or deceptive practices in the conduct of any trade or commerce in part or wholly in the state.  O.C.G.A. § 10-1-391.

49.     O.C.G.A. § 10-1-391 directs that the GFPBA is to be interpreted and applied liberally and in harmony with the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1), which implements the FDCPA.

50.     O.C.G.A. § 10-1-393(a) of the GFBPA broadly prohibits unfair and/or deceptive business practices.

51.     Defendant intentionally engaged in unfair and deceptive business practices, as set forth herein, in an effort to collect a consumer debt.

52.     Defendant's conduct has implications for the consuming public in general.

53.     Defendant's conduct negatively impacts the consumer marketplace.

54.     Upon information and belief, Defendant does not maintain a place of business in Georgia and has no assets in Georgia, thus relieving Plaintiffs of the Notice and Demand requirements of O.C.G.A. § 10-1-399(b).

55.     As a result of Defendant's violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover general damages pursuant to O.C.G.A. § 10-1-399(a).

56.     As a result of Defendant's intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover exemplary damages pursuant to O.C.G.A. § 10-1-399(a).

57.   As a result of Defendant's intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover treble damages pursuant to O.C.G.A. § 10-1-399(c).

58.   Plaintiff is entitled to recover reasonable attorney's fees and expenses of litigation pursuant to O.C.G.A. § 10-1-399(d).

## TRIAL BY JURY

59.   Plaintiff is entitled to and hereby requests a trial by jury.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:

a.)   Plaintiff's actual damages;

b.)   Statutory damages pursuant to 15 U.S.C. § 1692k;

c.)   Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k

d.)   General, exemplary, and treble damages pursuant to O.C.G.A. § 10-1-399(a) & (c);

e.)   Reasonable attorney's fees and costs pursuant to O.C.G.A. § 10-1-399(d); and

f.)   Such other and further relief as may be just and proper.

Respectfully submitted this 7th day of February, 2023.

[Signatures follow]

**BERRY & ASSOCIATES**

*/s/ Matthew T. Berry*
Matthew T. Berry
Georgia Bar No.: 055663
matt@mattberry.com
2751 Buford Highway, Suite 600
Atlanta, GA 30324
Ph. (404) 235-3300
Fax (404) 235-3333

*Plaintiff's Attorney*