IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| HERI AUM, LLC, d/b/a | ) | |
| FAIRFIELD, INN AND SUITES, | ) | |
| | ) | |
| Plaintiffs, | ) | CIVIL FILE |
| | ) | ACTION NO. |
| v. | ) | |
| | ) | |
| HOME-OWNERS INSURANCE | ) | |
| COMPANY, | ) | |
| a foreign corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW, Defendant Home-Owners Insurance Company (hereinafter "Home-Owners" or "Defendant") and hereby files this, its Answer and Affirmative Defenses to Plaintiff's Complaint, and shows this Court as follows:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim against Defendant upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Defendant is not liable to Plaintiff for any cause of action, including for breach of contract, because Defendant at no time breached or otherwise violated any

of the terms or conditions of the insurance policy between Defendant and Plaintiff. At all times, Defendant acted in accordance with its rights and obligations as set forth in the Policy and applicable Georgia law.

### THIRD AFFIRMATIVE DEFENSE

To the extent Plaintiff's Complaint or prayer for relief seeks, or is construed as seeking, damages other than the contractual damages, such remedies are not available to the Plaintiff inasmuch as O.C.G.A. § 33-4-6 is the sole manner by which to recover extra-contractual damages, including attorney's fees, from an insurer in a first party dispute over payment of insurance benefits.

### FOURTH AFFIRMATIVE DEFENSE

To the extent Plaintiff's Complaint or prayer for relief seeks or is construed as seeking to recover bad faith penalties and attorney's fees under O.C.G.A. § 33-4-6 against Defendant, such remedies are not available to Plaintiff, as Plaintiff failed to satisfy the substantive and/or procedural requirements for making a claim for bad faith, as required under O.C.G.A. § 33-4-6.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff may not recover for any damage to real or business personal property under the subject insurance policy and applicable Georgia law to the extent that the damages are excluded by the Policy.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff may not recover from Defendant because the Policy specifically

excludes coverage for Plaintiff's claimed damages. Specifically, the Policy provides:

### B. EXCLUSIONS

. . .

2. We will not pay for loss or damage caused by or resulting from any
of the following:

. . .

    d. (1) Wear and tear;
       (2) Rust or other corrosion, decay, deterioration, hidden or
       latent defect or any quality in property that causes it to
       damage or destroy itself;

. . .

       (4) Settling, cracking, shrinking, or expansion;

. . .

    m. Neglect of an insured to use all reasonable means to save and
    preserve property from further damage at and after the time of
    loss.

. . .

3. We will not pay for loss or damage caused by or resulting from any
of the following, 3.a. through 3.c. However, if an excluded cause of loss
that is listed in 3.a. through 3.c. results in a Covered Cause of Loss, we
will pay for the loss or damage caused by that Covered Cause of Loss.

    a. Weather conditions. However, this exclusion only applies if
    weather conditions contribute in any way with a cause or event
    excluded in Paragraph 1. above to produce the loss or damage.

. . .

    c. Faulty, inadequate or defective:
       (1) Planning, zoning, development, surveying, siting;
       (2) Design, specifications, workmanship, repair,
    construction, renovation, remodeling, grading,
    compaction;

(3) Materials used in repair, construction, renovation or remodeling; or

(4) Maintenance

Of part or all of any property on or off the described premises.

. . .

**C. Limitations**

The following limitations apply to all policy forms and endorsements, unless otherwise stated.

1. We will not pay for loss of or damage to property, as described and limited in this section. In addition, we will not pay for any loss that is a consequence of loss or damage as described and limited in this section.

. . .

c. The interior of any building or structure, or to personal property in the building or structure, caused by or resulting from rain, snow, sleet, ice, sand, or dust, whether driven by wind or not, unless:

(1) The building or structure first sustains damage by a Covered Cause of Loss to its roof or walls through which the rain, snow, sleet, ice, sand, or dust enters[.]

## SEVENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff is entitled to any recovery under the Policy, which Defendant denies, Plaintiff's recovery is limited by the coverage limits and loss settlement provisions of the insurance Policy.

## SEVENTH AFFIRMATIVE DEFENSE

Even if Plaintiff was entitled to recover under its Complaint, which Defendant denies, Plaintiff is unable to recover the damages as set forth in its Complaint

- 4 -

because this amount does not reflect the reasonable and necessary costs to repair the damage to the Property.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff may not recover from Defendant on the basis that Plaintiff failed to mitigate its damages in accordance with Georgia law.

## NINETH AFFIRMATIVE DEFENSE

To the extent that Plaintiff seeks to recover pursuant to any alleged violation of Georgia's Unfair Claims Settlement Practices Act, Plaintiff is legally prohibited from doing so as the Act does not create or imply any private cause of action. *See* O.C.G.A. § 33-6-37.

## TENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff attempts to impose duties upon Defendant aside from those set forth in the insurance contract, Plaintiff fails in both fact and law. Georgia law does not impose extra-contractual duties on insurers when adjusting claims asserted by insureds. Moreover, at all times relevant hereto, Defendant acted in good faith and in accordance with the terms and conditions of the Policy.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery on the basis of waiver and/or estoppel.

## <u>TWELFTH AFFIRMATIVE DEFENSE</u>

To the extent Plaintiff seeks to recover replacement cost benefits, Plaintiff has not satisfied the contractual requirements to recover these benefits pursuant to the terms of the Policy and applicable law.

## <u>THIRTEENTH AFFIRMATIVE DEFENSE</u>

Plaintiff is unable to recover for any damages that did not result from accidental direct physical loss as required by the policy. Specifically, the Policy provides:

**A. COVERAGE**
We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.

**1. Covered Property**

Covered Property, as used in this Coverage Part, means the type of Property described in Section A.1., and limited A.2., Property Not Covered, if a Limit of Insurance is shown in the Declarations for that type of property.

a. Building, meaning the building or structure described in the Declarations. Including:
(1) Completed additions;
(2) Fixtures, including outdoor fixtures;
. . .
**3. Covered Cause of Loss**
See applicable Cause of Loss Forms shown in the Declarations.

. . .

**CAUSES OF LOSS – SPECIAL FORM**

**A. COVERED CAUSES OF LOSS**

When Special is shown in the Declarations, Covered Causes of Loss means Risks of Direct Physical Loss unless the loss is:

    1.  Excluded in Section B., Exclusions; or

    2.  Limited in Section C., Limitations that follow.

<u>**FOURTEENTH AFFIRMATIVE DEFENSE**</u>

Plaintiff may not maintain this action against Defendant because Plaintiff failed to satisfy the conditions precedent to bringing suit set forth in the insurance policy issued by Defendant to Plaintiff. Specifically, the policy provides:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**COMMERCIAL PROPERTY CONDITIONS**

This Coverage Part is subject to the following conditions, the Common Policy Conditions and applicable Loss Conditions and Additional Conditions in Commercial Property Coverage Forms.

**D. LEGAL ACTION AGAINST US**

    No one may bring a legal action against us under this Coverage Part unless:

        1.  There has been full compliance with all of the terms of this Coverage Part; and

        2.  The action is brought within 2 years after the date on which the direct physical loss or damage occurred.

## <u>FIFTEENTH AFFIRMATIVE DEFENSE</u>

Plaintiff may not maintain this action against Defendant because Plaintiff did not satisfy the duties after loss provisions in accordance with the policy requirements. Specifically, the Policy provides:

**E. LOSS CONDITIONS**
The following conditions apply in addition to the Common Policy Conditions and the commercial Property Conditions.
. . .
**3. Duties in the Event of Loss or Damage**
a. You must see that the following are done in the event of loss or damage to Covered Property:

. . .

(2) Give us prompt notice of the loss or damage. Include a description of the property involved.
(3) As soon as possible, give us a description of how, when, and where the loss or damage occurred.
(4) Take all reasonable steps to protect the Covered Property form further damage, and keep a record of your expenses necessary to protect the Covered Property, for consideration in the settlement of the claim. This will not increase the Limit of Insurance. However, we will not pay for any subsequent loss or damage resulting from a cause of loss that is not a Covered Cause of Loss. Also, if feasible, set the damaged property aside and in the best possible order for examination.
(5) At our request, give us complete inventories of the damaged and undamaged property. Include quantities, costs, values and amount of loss claimed.
(6) As often as may be reasonably required, permit us to inspect the property proving the loss or damage and examine your books and records. Also permit us to take samples of damaged and undamaged property for inspection, testing, and analysis, and permit us to make copies from your books and records.

(7) Send us a signed, sworn proof of loss containing the
information we request to investigate the claim. You
must do this within 60 days after our request. We will
supply your with the necessary forms.
(8) Cooperate with us in the investigation or settlement of
the claim.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff may not recover for the damages asserted in the Complaint because,
even if a covered cause of loss occurred to the Property, which Defendant denies,
this loss occurred outside of the policy period.

## SEVENTEENTH AFFIRMATIVE DEFNESE

Plaintiff may not recover for the damages asserted in the Complaint because,
even if a covered cause of loss occurred to the Property, which Defendant denies,
Plaintiff was not the real party in interest to receive benefits related to the property
at the time of the asserted date of loss.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff may not recover for the damages asserted in its Complaint, because,
even assuming Plaintiff's allegations are true (which Defendant denies), the cause
of the damages asserted in Plaintiff's Complaint arose from multiple storm events
over the course of months, weeks, and years, some of which occurred outside of the
policy period and all of which would be subject to separate claims with separate

deductibles.  Furthermore, Plaintiff cannot separate which damages arose from which storm event.

## NINETEENTH AFFIRMATIVE DEFENSE

Defendant responds to the specific allegations of Plaintiff's Complaint as follows:

## PARTIES

1.

In response to the allegations contained in Paragraph 1 of Plaintiff's Complaint, Defendant admits that upon information and belief, Plaintiff is a foreign corporation with its principal place of business in the State of South Carolina. Defendant further admits that it issued Policy number 204618-36336678-21 (hereinafter "the Policy") to Heri Aum, LLC, d/b/a/ Fairfield Inn and Suites for property located at 1255 Walker Avenue, East Point, Georgia 30344 (hereinafter "the Property") which provided insurance coverage to the Property subject to the Policy's terms and provisions and applicable Georgia law. Defendant admits further that the terms and provisions of the Policy and applicable Georgia law speak for themselves and deny all allegations contained in Paragraph 1 in direct contradiction thereto. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 1 of Plaintiff's Complaint are denied.

2.

In response to the allegations contained in Paragraph 2 of Plaintiff's Complaint, Defendant admits only that it is a foreign insurance company, authorized to transact business in the State of Georgia, and in the business of selling insurance policies, and that its registered agent for service of process is located at 289 South Culver Street, Lawrenceville, Georgia 30046. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 2 of Plaintiff's Complaint are denied, including, but not limited to, any allegations that the insurance policy issued by Defendant provides unfettered and/or unrestricted insurance coverage. All coverage provided is subject to the terms and provisions of the Policy and applicable Georgia law.

**JURISDICTION AND VENUE**

3.

In response to the allegations contained in Paragraph 3 of Plaintiff's Complaint, Defendant admits only that the Superior Court of Gwinnett County has jurisdiction over this matter but denies all remaining allegations contained in Paragraph 3 of Plaintiff's Complaint, including, but not limited to, any allegations that the Superior Court of Gwinnett County is the only court having jurisdiction over

this matter and any allegations that Defendant breached its contract with Plaintiff or otherwise acted in bad faith.

4.

In response to the allegations contained in Paragraph 4 of Plaintiff's Complaint, Defendant admits only that the Superior Court of Gwinnett County is a proper venue in which to bring this matter, but denies all remaining allegations contained in Paragraph 4 of Plaintiff's Complaint, including, but not limited to, any allegations that the Superior Court of Gwinnett County is the only venue in which this matter could be brought and any allegations that Defendant breached its contract with Plaintiff or otherwise acted in bad faith.

5.

In response to the allegations contained in Paragraph 5 of Plaintiff's Complaint, Defendant admits only that the terms and provisions of the Policy and applicable Georgia law speak for themselves and deny all allegations contained in Paragraph 5 in direct contradiction thereto. Defendant admits that jurisdiction and venue are proper in this Court.

**THE POLICY**

6.

In response to the allegations contained in Paragraph 6 of Plaintiff's Complaint, Defendant admits only that it issued the Policy to Plaintiff. Defendant responds further that the terms and provisions of the Policy and applicable Georgia law speak for themselves and denies all allegations contained in Paragraph 6 in direct contradiction thereto. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 6 of Plaintiff's Complaint are denied.

7.

In response to the allegations contained in Paragraph 7 of Plaintiff's Complaint, Defendant admits only that it issued the Policy to Plaintiff for the Property. Defendant responds further that the terms and provisions of the Policy and applicable Georgia law speak for themselves and denies all allegations contained in Paragraph 7 in direct contradiction thereto. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 7 of Plaintiff's Complaint are denied, including, but not limited to, any allegations that the Policy provided unrestricted and/or unfettered insurance coverage, as all coverage under the Policy is subject to the terms and conditions of the Policy and applicable Georgia law.

8.

In response to the allegations contained in Paragraph 8 of Plaintiff's Complaint, Defendant admits only that the terms and provisions of the Policy and applicable Georgia law speak for themselves and denies all allegations contained in Paragraph 8 in direct contradiction thereto. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 8 of Plaintiff's Complaint are denied, including, but not limited to, any allegations that the Policy provided unrestricted and/or unfettered insurance coverage, as all coverage provided under the Policy is subject to the terms and conditions of the Policy and applicable Georgia law.

9.

In response to the allegations contained in Paragraph 9 of Plaintiff's Complaint, Defendant admits only that the terms and provisions of the Policy and applicable Georgia law speak for themselves and denies all allegations contained in Paragraph 9 in contradiction thereto. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 9 of Plaintiff's Complaint are denied, including, but not limited to, any allegations that the Policy provided unrestricted and/or unfettered insurance coverage, as all coverage provided under the Policy is subject to the terms and provisions of the Policy and applicable Georgia law.

## **SUDDEN AND ACCIDENTAL DAMAGE TO THE INSURED PROPERTY**

### 10.

In response to the allegations contained in Paragraph 10 of Plaintiff's Complaint, Defendant admits only that the coverage terms of the Policy extended from 12:01 a.m. on April 1, 2021 to 12:01 a.m. on April 1, 2022, and that Plaintiff filed a claim for alleged storm damage to the Property on March 31, 2022. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 10 of Plaintiff's Complaint are denied including but not limited to any allegations that Plaintiff owned the Property on the asserted dates of loss.

### 11.

In response to the allegations contained in Paragraph 11 of Plaintiff's Complaint, Defendant admits only that the Plaintiff notified Defendant of the alleged storm damage to the Property. Defendant admits further that Plaintiff made a claim pursuant to the Policy for the alleged storm damage to the Property, and a Home-Owners Claim Representative was assigned to adjust the claim on behalf of Home-Owners. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 11 of Plaintiff's Complaint are denied.

12.

In response to the allegations contained in Paragraph 12 of Plaintiff's Complaint, Defendant admits only that Plaintiff permitted Defendant to inspect the Property and provided some of the documents requested by Defendant. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 12 of Plaintiff's Complaint are denied.

13.

In response to the allegations contained in Paragraph 13 of Plaintiff's Complaint, Defendant admits only that Defendant conducted an inspection of the Property. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 13 of Plaintiff's Complaint are denied.

14.

In response to Paragraph 14 of Plaintiff's Complaint, Defendant admits only that Defendant conducted an inspection of the Property. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 14 of Plaintiff's Complaint are denied, including, but not limited to, any allegations that Defendant owed Plaintiff any duties aside from those set forth by the terms and provisions of the insurance contract.

15.

In response to the allegations contained in Paragraph 15 of Plaintiff's Complaint, Defendant admits only that Defendant prepared an estimate which concluded that Plaintiff's total repair cost value for the cost to repair the covered damage sustained to the Property was $1,728.30. Defendant admits that the deductible under the Policy is $5,000.00 per occurrence. Defendant further admits that Exhibit B is a true and accurate copy of Defendant's estimate, which speaks for itself. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 15 of Plaintiff's Complaint are denied, including, but not limited to, any allegations that Defendant undervalued the claim.

16.

In response to the allegations contained in Paragraph 16 of Plaintiff's Complaint, Defendant admits only that Defendant and representatives of Plaintiff exchanged communications during the claim, but states that these communications speak for themselves and denies any allegations contained in Paragraph 16 in direct contravention thereto. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 16 of Plaintiff's Complaint are denied.

17.

In response to the allegations contained in Paragraph 17 of Plaintiff's Complaint, Defendant admits only that Plaintiff sent correspondence to Defendant dated November 1, 2022, which speaks for itself. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 17 of Plaintiff's Complaint are denied, including, but not limited to, any allegations that the November 1, 2022 correspondence constituted a timely or valid demand for payment.

18.

In response to the allegations contained in Paragraph 18 of Plaintiff's Complaint, Defendant admits only that Plaintiff sent correspondence to Defendant dated November 1, 2022, which speaks for itself. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 18 of Plaintiff's Complaint are denied, including, but not limited to, any allegations that the November 1, 2022 correspondence constituted a timely or valid demand for payment.

19.

All allegations contained in Paragraph 19 of Plaintiff's Complaint are denied, including, but not limited to, any allegations that Defendant failed to issue payment

for covered damages to the Property pursuant to the terms and provisions of the Policy and applicable Georgia law.

20.

In response to the allegations contained in Paragraph 20 of Plaintiff's Complaint, Defendant admits only that Plaintiff permitted Defendant to inspect the Property and provided some information and documentation requested by Defendant during the adjustment of Plaintiff's claim as required under the terms and conditions of the Policy. Except as otherwise herein admitted, Defendant denies all remaining allegations contained in Paragraph 20 of Plaintiff's Complaint.

21.

In response to the allegations contained in Paragraph 21 of Plaintiff's Complaint, Defendant admits only that there is a dispute between Plaintiff and Defendant regarding the alleged damage to the as a result of the Losses asserted. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 21 of Plaintiff's Complaint are denied.

22.

All allegations contained in Paragraph 22 of Plaintiff's Complaint are denied.

## COUNT I – BREACH OF CONTRACT

### 23.

To the extent a response is required to the allegations contained in Paragraph 23 of Plaintiff's Complaint, Defendant incorporates herein by reference its responses to Plaintiff's enumerated Paragraphs 1 through 22.

### 24.

In response to the allegations contained in Paragraph 24 of Plaintiff's Complaint, Defendant admits only that Plaintiff permitted Defendant to inspect the Property and provided some information and documentation requested by Defendant during the adjustment of Plaintiff's claim as required under the terms and conditions of the Policy. Except as otherwise herein admitted, Defendant denies all remaining allegations contained in Paragraph 24 of Plaintiff's Complaint.

### 25.

In response to the allegations contained in Paragraph 25 of Plaintiff's Complaint, Defendant admits that the Policy speaks for itself and all remaining allegations contained in Paragraph 25 of Plaintiff's Complaint are denied, including, but not limited to, any allegations that Defendant failed to issue payment for covered damages to the Property, pursuant to the terms and provisions of the Policy and applicable Georgia law.

26.

All allegations contained in Paragraph 26 of Plaintiff's Complaint are denied, including, but not limited to, any allegations that Defendant failed to issue payment for covered damages to the Property pursuant to the terms and provisions of the Policy and applicable Georgia law.

27.

All allegations contained in Paragraph 27 of Plaintiff's Complaint are denied, including, but not limited to, any allegations that Defendant failed to conduct a proper claim investigation or that it failed to issue payment for covered damages to the Property pursuant to the terms and provisions of the Policy and applicable Georgia law.

28.

All allegations contained in Paragraph 28 of Plaintiff's Complaint are denied, including, but not limited to, any allegations that Defendant failed to issue payment for covered damages to the Property pursuant to the terms and provisions of the Policy and applicable Georgia law.

29.

All allegations contained in Paragraph 29 of Plaintiff's Complaint are denied,

including, but not limited to, any allegations that Defendant failed to issue payment for covered damages to the Property pursuant to the terms and provisions of the Policy and applicable Georgia law.

30.

Defendant denies all the allegations in Paragraph 30 of Plaintiff's Complaint.

31.

To the extent a response is required to the allegations contained in Paragraph 31 of Plaintiff's Complaint, Defendant denies the allegations contained in Paragraph 31 of Plaintiff's Complaint.

## **COUNT II: BAD FAITH PURSUANT TO O.C.G.A. § 33-4-6**

32.

To the extent a response is required to the allegations contained in Paragraph 32 of Plaintiff's Complaint, Defendant incorporates herein by reference its responses to Plaintiff's enumerated Paragraphs 1 through 31.

33.

All allegations contained in Paragraph 33 of Plaintiff's Complaint are denied, including, but not limited to, any allegations that Defendant failed to conduct a proper claim investigation or that it failed to issue payment for covered damages to

the Property pursuant to the terms and provisions of the Policy and applicable Georgia law, or that Defendant owed any duty other than those set forth in the Policy.

34.

All allegations contained in Paragraph 34 of Plaintiff's Complaint are denied, including, but not limited to, any allegations that Defendant failed to conduct a proper claim investigation or that it failed to issue payment for covered damages to the Property pursuant to the terms and provisions of the Policy and applicable Georgia law, or that Defendant owed any duty other than those set forth in the Policy.

35.

Defendant denies all allegations contained in Paragraph 35 of Plaintiff's Complaint, including those allegations set forth in subsections (1) through (8) contained therein, including but not limited to any allegation that Defendant owed any duty other than those set forth in the Policy.

36.

Defendant denies all allegations contained in Paragraph 36 of Plaintiff's Complaint.

37.

Defendant denies all allegations contained in Paragraph 37 of Plaintiff's Complaint.

38.

Defendant denies all allegations contained in Paragraph 38 of Plaintiff's Complaint.

39.

Defendant denies all allegations contained in Paragraph 39 of Plaintiff's Complaint.

40.

To the extent a response is required to the allegations contained in Paragraph 40 of Plaintiff's Complaint, Defendant denies the allegations contained in Paragraph 40 of Plaintiff's Complaint.

**<u>DEMAND FOR JURY TRIAL</u>**

41.

To the extent a response is required to the allegations contained in Paragraph 41 of Plaintiff's Complaint, Defendant admits the allegations contained in Paragraph 41 of Plaintiff's Complaint.

## **PRAYER FOR RELIEF**

42.

Defendant denies all allegations contained in Plaintiff's Prayer for Relief and Paragraph 42 of Plaintiff's Complaint, including those allegations set forth in subsections (a) through (i) contained therein.

43.

Except as otherwise herein admitted, Defendant denies all remaining allegations contained in Plaintiff's Complaint.

WHEREFORE, having fully answered, Defendant respectfully requests that this Court:

(a) Deny Plaintiff's prayer for damages;

(b) Dismiss this action with prejudice and cast all costs upon Plaintiff; and

(c) Award Defendant any other relief that this Court deems just and equitable.

Respectfully submitted this 10th day of February, 2023.

**SWIFT, CURRIE, McGHEE & HIERS, LLP**

*/s/ Brittney A. Sizemore*
Jessica M. Phillips
Georgia Bar No. 922902
Brittney A. Sizemore
Georgia Bar No. 332873

*Attorneys for Defendant Home-Owners*
*Insurance Company*

1420 Peachtree Street, NE
Suite 800
Atlanta, GA   30309
Tel:   (404) 874-8800
Fax:   (404) 888-6199
jessica.phillips@swiftcurrie.com
brittney.sizemore@swiftcurrie.com

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that I have electronically filed and served the

foregoing ***Home-Owners Insurance Company's Answer and Affirmative Defenses***

with the Clerk of Court via the CM/ECF e-filing system which will automatically

send e-mail notification and service of such filing to counsel of record as follows:

J. Remington Huggins, Esq.
Michael D. Turner, Esq.
The Huggins Law Firm, LLC
110 Norcross Street
Roswell, Georgia 30075
Remington@lawhuggins.com
mdturner@lawhuggins.com
*Counsel for Plaintiffs*

Respectfully submitted this 10th day of February, 2023.

**SWIFT, CURRIE, McGHEE & HIERS, LLP**

*/s/ Brittney A. Sizemore*
Jessica M. Phillips
Georgia Bar No. 922902
Brittney A. Sizemore
Georgia Bar No. 332873
*Attorneys for Defendant Home-Owners*
*Insurance Company*

1420 Peachtree Street, NE
Suite 800
Atlanta, GA   30309
Tel:   (404) 874-8800
Fax:   (404) 888-6199
jessica.phillips@swiftcurrie.com
brittney.sizemore@swiftcurrie.com

4882-1984-9806, v. 1