IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| BEKIARES ELIEZER LLP d/b/a | ) | |
| FOUNDERS LEGAL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action File No.: |
| v. | ) | _____ |
| | ) | |
| LEGAL FOUNDERS | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Bekiares Eliezer, LLP d/b/a Founders Legal ("Founders" or "Plaintiff") brings this trademark infringement and false advertising Complaint against Defendant Legal Founders, showing the Court as follows:

## Introduction

1.

In seeking legal services, it is vital that clients not be confused as to the lawyers and representatives they hire.  The consequences of confusion are grave and include ineffective representation resulting in prejudice.

2.

For nearly a decade, Founders has provided legal services under the federally registered mark FOUNDERS LEGAL and has developed an extensive and highly respected reputation as a legal provider targeting business the growing organizations, including startups and nascent businesses, world-wide.

3.

Founders' clients and their competitors, the United States Patent and Trademark Office (USPTO) and its officials, and members of the general public have come to associate the mark FOUNDERS LEGAL strongly with Founders, and Founders has dedicated significant resources to promote and protect its rights in the FOUNDERS LEGAL mark and its other marks and branding.

4.

Founders recently discovered the existence of Defendant and Defendant's infringing conduct, offering services targeting new businesses that are quasi legal or legal in nature, under the mark LEGAL FOUNDERS (the "Infringing Mark").

5.

Founders has no relationship whatsoever with Defendant, and, therefore, no control as to the quality or purpose of the services purported to be offered under the infringing mark by Defendant.

6.

Defendant's infringing conduct has caused, and is likely to continue to cause, confusion among the trade and consuming public as to the source or origin of Defendant's services offered under the infringing mark, thereby causing irreparable harm to Founders.

7.

Founders understands that its industry exists because of the trust clients place in attorneys and representatives. If a client is confused as to the representative with which it is engaging, the consequences can be extremely dire for the client, and Founders' loss of its control of its own reputation and identity as FOUNDERS LEGAL would certainly be irreparable.

8.

On October 14, 2022, Founders sent a cease-and-desist letter to Defendants via email demanding it discontinue use of the Infringing Mark. On October 17, 2022, Founders received a response from Legal Founders via email claiming the services offered under the marks were different and offering to make minimal non-substantive changes, but not offering to change the Infringing Mark.

9.

Defendant, despite its awareness of Founders and its rights in its brand, refuses to cease use of a trademark that is confusingly similar to the Plaintiff's FOUNDERS LEGAL and FOUNDERS marks (each a "Founders Mark" and together, the "Founders Marks").

10.

Unless Defendant is enjoined from using the infringing mark and all confusingly similar variants thereof, the public is sure to continue to be confused, deceived, and mistaken as to the source or origin of the parties' respective services, which in the field of legal and professional services creates a strong likelihood of unacceptable legal risk and prejudice to clients caused by Defendant's infringement.

**Parties**

11.

Founders is a limited liability partnership organized under the law of the State of Georgia with an address of 2870 Peachtree Road #512, Atlanta GA 30305.

12.

On information and belief, Defendant is a limited liability company organized under the laws of the state of Illinois with an address at 2057-A Green Bay Road Unit #A100 Highland Park, IL 60035.

## Jurisdiction and Venue

13.

This action arises under the Lanham Act (15 U.S.C. §§ 1051 et seq.). This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338, and under its supplemental jurisdiction of 28 U.S.C. § 1367, the counts of which concern acts of trademark infringement, false designation of origin, and unfair competition under the Lanham Act, and trademark infringement and unfair competition under the laws of the State of Georgia.

14.

This Court has supplemental jurisdiction over Founders' state law claims based on 28 U.S.C. § 1367, because the state law claims are so related to the federal subject-matter claims that they form part of the same case or controversy and derive from a common nucleus of operative fact.

15.

This Court has personal jurisdiction over Defendant because Defendant has deliberately and intentionally offered its services to customers within the State of Georgia.

16.

Venue is proper here under 28 U.S.C. Section 1391 in that Defendant is subject to personal jurisdiction in this judicial district, and because all or a substantial part of the events giving rise to the claim occurred in this judicial district.

## Statement of Facts

### *Founders' Rights in the Founders Marks*

17.

Founders is a rapidly growing legal practice headquartered in Atlanta, Georgia, with a satellite office in Nashville, Tennessee as well as a remote team based in Washington D.C.

18.

Founders' beginnings date to at least as early as August 2014, when a small handful of attorneys turned their client focus to emerging companies, offering a suite of services ranging from entity formation and commercial contract drafting, to patent and trademark prosecution and enforcement services.

19.

In alignment with the clients Founders sought and won, it adopted the name FOUNDERS LEGAL in 2014, which immediately and perfectly suggested the type of firm it was and the type of clients it hoped to win.

20.

While Founders' practice has since grown to encompass serving the needs of more established clients as well (including clients that grew from new to established companies all under Founders' care), Founders remains committed to seeking and supporting both clients and attorneys with an entrepreneurial spirit and fresh ideas, thereby reflecting a characteristic of the clients Founders serves as well as the attorney service providers who seek to join the Founders team.

21.

As a result of its longstanding and continuous efforts to serve clients and new companies at the highest level, the public has come to associate Founders with this very same entrepreneurial, can-do spirit.

22.

This spirit is best summed up in Founders' trademarks, FOUNDERS LEGAL, FOUNDERS, and FOUNDHERS (together, the "Founders Marks").

23.

Today, Founders' core clients are businesses in need of assistance on a variety of legal matters, including, but not limited to, entity formation and corporate matters, patent and trademark matters, copyright matters, commercial matters, and litigation actions (together, "Founders Services"). In addition to Founders' legal services, Founders provides technology services to facilitate the provision of legal services to attorneys of the form and Founders' clients.

24.

As a result of Founders continuously and extensively marketing and providing the Founders Services in interstate commerce under the FOUNDERS LEGAL mark, Founders has built a substantial amount of goodwill in the Founders Mark in connection with its business.

25.

Clients and professional colleagues alike have come to associate the Founders Marks with Founders and the high-quality legal services it has provided to clients across the United States and in several other countries for nearly a decade.

26.

Additionally, Founders is the owner of U.S. Reg. No. 4,746,784 for FOUNDERS LEGAL for use in connection with "legal services." (the "Founders Registration").

27.

The United States Patent and Trademark Office ("USPTO") issued the Founders Registration on June 2, 2015.

28.

A true and correct copy of the Certificate of Registration for the Founders Registration is attached to this complaint as Exhibit 1.

29.

The Founders Registration is valid and subsisting, and further enjoys incontestable status as of November 18, 2021. A true and correct copy of the USPTO's notice accepting Founders' declaration of incontestability is attached to this complaint Exhibit 2.

30.

Founders is also the owner of U.S. App. Serial Nos. 97/632,374 and 97/632,404 for the marks FOUNDERS and FOUNDHERS, respectively (each a "Founders Application" and together the "Founders Applications").

31.

In addition to the Founders Registration and the Founders Applications, Founders has extensive and significant common law trademark rights in the Founders Marks based on its continuous and extensive use of the Founders Marks in connection with the Founders Services.

32.

The Founders Marks are inherently distinctive and thus entitled to the highest degree of protection under the law.

33.

Founders uses the Founders Marks to promote and market its services via its website, <www.founderslegal.com>, as shown below:



34.

Founders has also used the Founders Marks on its various client and public-facing social

media pages, as shown below:







*Defendant's Infringing Acts*

35.

Recently, Founders became aware that Defendant is marketing and offering legal and quasi-legal corporate services in the United States under the confusingly similar infringing mark LEGAL FOUNDERS.

36.

Apart from the mere reversal of the words "founders" and "legal", the Infringing Mark features no material difference from the FOUNDERS LEGAL mark, and the services offered under the Infringing Mark are the type of services one might seek when considering engaging an attorney, particularly one with on-point experience with new and emerging companies.

37.

On information and belief, Founders commenced use of the FOUNDERS LEGAL mark in commerce long before Defendant commenced use of the Infringing Mark in commerce in the United States.

38.

Defendant offers services under the infringing mark that are substantially similar and/or legally identical to the Founders Services, in that Defendant's services purport to be legal entity formation and related services for businesses (the "Infringing Services").

39.

Defendant's website prominently features the infringing mark in connection with the offer of entity formation and related services, as shown at on its website, <https://www.legalfounders.com/>, reproduced below:



40.

Defendant also prominently features the infringing mark on its various customer and public-facing social media pages, as shown below:





41.

Defendant is not, and has never been, affiliated with, sponsored, or licensed by Founders to use a mark confusingly similar to the Founders Marks in connection with entity formation or other corporate services.

42.

Defendant has never contacted Founders or otherwise sought permission or a license to use the Infringing Mark, or any other confusingly similar mark in connection with the infringing services.

43.

Founders has written to Defendant requesting that it promptly cease all use of the Infringing Mark.

44.

Defendant is aware of Founders' notifications of infringement, as it responded to Founders' communications.  Nonetheless, Defendant has failed and refused to cease its unlawful actions.

45.

On information and belief, Defendant directs and controls the use of the Infringing Mark and actively and knowingly caused the infringement which has continued unabated to date.

46.

By using the confusingly similar infringing mark LEGAL FOUNDERS in connection with its Infringing Services, Defendant seeks to confuse and deceive the trade and the consuming public into believing that Defendant's Infringing Services are in fact Founders' genuine services, or that the Infringing Services are licensed or otherwise approved by Founders, or that the Infringing Services are of the same quality as Founders' services, and thereby divert clients and customers seeking Founders' services to Defendant and its Infringing Services for Defendant's own commercial and financial benefit.

47.

On information and belief, Defendant therefore knowingly, willfully, intentionally, and maliciously adopted and used the confusingly similar LEGAL FOUNDERS name for marketing and selling the Infringing Services, knowing that such use would mislead and deceive clients and consumers into believing that the Infringing Services are genuine Founders Services.

***The Harm to Founders as a Result of Defendant's Unlawful Conduct***

48.

Both Founders and Defendant provide services targeted to new and emerging companies relating to entity formation and corporate matters.

49.

On information and belief, Defendant has intentionally and willfully directed its advertising, promotional and sales efforts at the same classes of clients and consumers as those to whom Founders caters in an effort to capitalize upon and benefit from Founders' substantial goodwill and reputation and to unlawfully trade upon the substantial commercial value of the Founders Marks.

50.

Defendant's infringing mark is LEGAL FOUNDERS, which slavishly copies the commercial impression of the Founders Marks while targeting an identical core customer base of Founders.  Thus, Defendant's use of the LEGAL FOUNDERS mark for its Infringing Services is likely to continue to be confusing to a substantial number of actual and potential clients, and is likely to continue to cause them to be deceived and to erroneously assume that Defendant's services are in some way connected to, sponsored or licensed by, or otherwise affiliated with Founders, all to Founders' detriment.

51.

Given the reputation of Founders under the Founders Marks, the high degree of similarity between the Infringing Mark and the Founders Marks, and Defendant's cavalier attitude toward intellectual property infringement, Founders is at high risk to be damaged further and to suffer damage to its reputation, goodwill, and ability to market and promote its services effectively.

52.

Defendant's unauthorized use of the confusingly similar infringing mark LEGAL FOUNDERS has injured Founders' interests and will continue to do so unless immediately enjoined.  Specifically, Defendant has (a) traded upon and threatens further to trade upon Founders' significant and valuable goodwill in the FOUNDERS LEGAL Founders Mark, with the

likely result of causing further public confusion as to the source, sponsorship, or affiliation of the Founders Services; (b) has damaged and threatens to damage Founders' significant and valuable goodwill in the FOUNDERS LEGAL mark; and (c) has injured and threatens to injure Founders' right to use the Founders Marks as the exclusive indicia of origin of the Founders Services.

53.

On information and belief all conditions precedent to the filing of this action have occurred or have been waived or excused.

54.

As a result of the wrongful conduct by Defendant alleged herein, Founders has been forced to bring this action to enforce its rights in connection with the trademarks at issue.  Defendant is obligated to pay Founders reasonable attorneys' fees and costs in connection with this action.

**COUNT I**
**Infringement under the Lanham Act (15 U.S.C. § 1114)**

55.

Founders repeats and realleges the allegations in the paragraphs above as if fully set forth herein.

56.

The Founders Registration for FOUNDERS LEGAL is valid and subsisting, and is *prima facie* evidence of the validity of the FOUNDERS LEGAL mark, of Founders' ownership of the FOUNDERS LEGAL mark, and of Founders' exclusive right to use the FOUNDERS LEGAL mark for the services enumerated in the Founders Registration, including but not limited to legal services.  By virtue of the Founders Registration, the FOUNDERS LEGAL mark is entitled to protection under the Lanham Act, 15 U.S.C. §§ 1051, et seq.

15

57.

Defendant's use of LEGAL FOUNDERS is certain to continue to cause confusion, deception, and mistake by creating the false and misleading impression that Defendant's services are provided by Founders, affiliated with Founders, are associated with Founders or otherwise connected to Founders, or have Founders' sponsorship, endorsement, or approval for use.

58.

Defendant's actions – most significantly, its refusal to stop use of the Infringing Mark (as described above) – demonstrate that its infringement is intentional, willful, and malicious, and was for the purpose of misleading the consuming public. These willful actions are in violation of the Lanham Act, 15 U.S.C. § 1114(1).

59.

As a result of Defendant's infringement, as described above, the consuming public is certain to continue to be confused and deceived as to the source, sponsorship, affiliation, or approval of Defendant's services marketed under the LEGAL FOUNDERS name.

60.

Founders has been damaged by the aforementioned acts in an amount to be determined at trial. Defendant's adoption and use of the LEGAL FOUNDERS name for competing corporate and entity formation services is confusingly similar to Founders' FOUNDERS LEGAL mark and was undertaken by Defendant intentionally, willfully, and in bad faith. Therefore, Founders is entitled to recover from Defendant treble damages and attorneys' fees.

61.

In addition, Defendant's conduct, if it continues, will result in irreparable harm to Founders and, specifically, to the goodwill associated with the Founders Marks, unless such conduct is enjoined.

### COUNT II
### Infringement of Trademark, False Designation of Origin and Unfair Competition under the Lanham Act (15 U.S.C. § 1125)

62.

Founders repeats and realleges the allegations in the paragraphs above as if fully set forth herein.

63.

Through Founders' long-standing, widespread, continuous, and exclusive use of the Founders Marks in commerce, the Founders Marks have become impressed upon the minds of the relevant trade and consuming public as identifying Founders and indicating the source of origin of the Founders Services as coming from Founders.

64.

Founders has built a valuable business in its use of the Founders Marks, and the goodwill associated with Founders, and Founders alone, is of great value to Founders. The Founders Marks have or have developed secondary meaning in the minds of the consuming public in the field of corporate and legal services, and have come to indicate to the consuming public that the particular services bearing the Founders Marks originate from Founders.

65.

Founders has used the FOUNDERS LEGAL mark continuously in commerce since at least 2014.

66.

17

Defendant's use of the Infringing Mark results in direct confusion as to the origin of Founders services.

67.

Defendant's use of LEGAL FOUNDERS constitutes false designation of origin and/or a false or misleading description or representation of fact on or in connection with its services which is certain to continue to cause confusion, mistake or deception as to the affiliation, connection, or association of Defendant with Founders, and/or as to the origin, sponsorship or approval of Defendant's services, in violation of the Lanham Act, 15 U.S.C. § 1125(a).

68.

Defendant's conduct as described herein also constitutes an attempt to trade on the substantial goodwill that Founders has developed in the Founders Marks, all to the damage of Founders.

69.

Defendant's use in commerce of designations which are confusingly similar to the Founders Marks, despite having actual and constructive notice of Founders' prior rights in and to the Founders Marks, constitutes intentional conduct by Defendant to make false designations of origin and false descriptions about its services and commercial activities.

70.

Defendant's actions have caused and, unless restrained and enjoined by this Court, will continue to cause irreparable harm, damage and injury to Founders.

## COUNT III
## Common Law Trademark Infringement under Georgia Law

71.

Founders repeats and realleges the allegations in the paragraphs above as if fully set forth herein.

72.

Through the long-standing, continuous, and exclusive use of the Founders Marks in commerce, the relevant trade and consuming public have come to understand the Founders Marks as identifying Founders and indicating the source of origin of the Founders services as coming from Founders.

73.

Founders has built a valuable business in its use of the Founders Marks, and the goodwill associated with Founders of great value to Founders. The Founders Marks have come to indicate to the trade and consuming public that the particular services bearing the Founders Marks originate from Founders.

74.

Defendant's unauthorized use of the infringing mark is likely to cause, and has caused, confusion in the marketplace between the parties' respective services.

75.

Defendant's infringement of Founders' Founders Marks is in willful and wanton disregard of Founders' rights in and to the same, and without the consent of Founders.

**COUNT V**
**Unfair Competition and Deceptive Trade Practices Based on Georgia Law**

76.

Founders repeats and realleges the allegations in the paragraphs above as if fully set forth herein.

77.

19

Defendant has engaged and continues to engage in fraudulent and deceptive acts and practices in violation of O.C.G.A. §§ 10-1-370 *et seq*. and 23-2-55.

78.

Defendant has used and is using the Infringing Mark which is confusingly similar to the FOUNDERS LEGAL mark in connection with similar services for which Founders uses its Founders Marks. Therefore, Defendant's uses of the Infringing Mark misrepresent the source, sponsorship, approval, or certification of its services.

79.

Defendant's uses of the Infringing Mark has caused consumers to conclude falsely that there exists some affiliation, connection or association between Defendant and Founders. The actual and probable tendency and impact of Defendant's uses is to enable Defendant to deceive the public, including citizens of the State of Georgia for whose protection these Code Sections were enacted.

80.

Defendant's wrongful conduct constitutes unfair competition as prohibited by O.C.G.A. § 23-2-55.

81.

Defendant's infringement of Founders' Founders Marks is in willful and wanton disregard of Founders' rights in and to the same, and without the consent of Founders.

**Prayer For Relief**

WHEREFORE, Founders requests the following relief against Defendant:

A.      That Defendant and its agents, servants, employees, attorneys, successors, and assigns, and any and all persons acting in concert or participating with it, or any of their successors

or assigns or any of them, be preliminarily and permanently enjoined and restrained from directly or indirectly:

(1)      using the marks "LEGAL FOUNDERS", "FOUNDERS", or any other reproduction, counterfeit, copy, confusingly similar variant, or colorable imitation of the Founders Marks, in commerce in any medium;

(2)      advertising, marketing, offering for sale, providing or selling the infringing services;

(3)      using the Infringing Mark, or any reproduction, counterfeit, copy, confusingly similar variant or colorable imitation of the same, in any manner likely to cause others to believe that Defendant's services are connected with Founders or are genuine Founders-licensed products or services;

(4)      committing any other acts that may cause the consuming public to believe that Defendant's services are genuinely licensed by Founders or otherwise provided for the benefit of Founders;

(5)      shipping, delivering, holding for sale, importing, distributing, returning, transferring, or otherwise moving or disposing of any materials falsely bearing the infringing mark, or any other reproduction, counterfeit, copy, confusingly similar variant or colorable imitation of the Founders Marks; and

(6)      assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above subparagraphs (1) through (5).

B.      That Defendant and any and all persons controlled by or acting in concert with it be required to deliver to Founders for destruction all goods, packages, and any other written or printed materials, in tangible or intangible form, that bear or depict the infringing mark, or any

other reproduction, counterfeit, copy, confusingly similar variant or colorable imitation of the Founders Marks.

C.      That Defendant and any and all persons controlled by or acting in concert with it be required to surrender to Founders the infringing website <legalfounders.com> and all means to access, control, modify, and/or delete the infringing website.

D.      That Defendant be required to account for and pay to Founders Defendant's profits from sales of the infringing services and any other product or service incorporating, copying, or imitating the Founders Marks or any other brand element of Founders, or sold under the infringing mark, and such sum in addition thereto as the Court shall find just.

E.      That this case be found exceptional and Founders be awarded its attorneys' fees pursuant to 15 U.S.C. § 1117(a) and/or other applicable law.

F.      That Founders recover the damages arising out of Defendant's wrongful acts in a sum equal to three times the actual damages suffered by Founders, as provided in 15 U.S.C. § 1117(b) and/or other applicable law.

G.      That Defendant be required to disgorge its profits and other ill-gotten gains pursuant to 15 U.S.C. § 1117(a) and other applicable law.

H.      That Founders have and recover the taxable costs of this civil action, including reasonable attorneys' fees, costs, and interest.

I.      That Founders be awarded punitive or exemplary damages in view of Defendant's reckless, willful, wanton acts committed with conscious disregard for the rights of Founders.

J.      That Founders have such other general and further relief as this Court deems just and proper.

## **Jury Demand**

Founders demands a trial by jury for all issues so triable.

Respectfully submitted this 13th day of February, 2023.

*/s/Kennington R. Groff*
Kennington R. Groff
Zachary C. Eyster
Bekiares Eliezer, LLP
2870 Peachtree Rd. #512
Atlanta GA 30305
Telephone: 404.537.3686