# UNITED STATES DISTRICT COURT
# FOR  NORTHERN THE DISTRICT OF GEORGIA

| | |
|---|---|
| Viral Nitin PATEL and Harsha Viral PATEL,<br><br>        Plaintiffs<br><br>v.<br><br>ANTONY J. BLINKEN, *in his official capacity as U.S. Secretary of State*,<br>The Executive Office<br>Office of the Legal Adviser<br>Suite 5.600<br>600 19th Street NW<br>Washington DC 20522<br><br>JULIE STUFFT, *in her official capacity as Deputy Assistant Secretary for Visa Services, U.S. Department of State,*<br>The Executive Office<br>Office of the Legal Adviser<br>Suite 5.600<br>600 19th Street NW<br>Washington DC 20522<br><br>        and<br><br><br><br>(continued on next page) | Civil No: _____<br><br><br><br><br><br><br><br><br><br><br><br>COMPLAINT TO COMPEL AGENCY ACTION UNDER 28 U.S.C. § 1361 AND 5 U.S.C. §§ 555(b), 706(1), AND FOR A WRIT OF MANDAMUS TO COMPEL DEFENDANTS' TO SCHEDULE AN IMMIGRANT VISA INTERVIEW<br><br>Agency No.    BMB2020712090 |

(continued from prior page)

PEGGY PETROVICH, *in her official capacity as Director of the National Visa Center, U.S. Department of State*,
The Executive Office
Office of the Legal Adviser
Suite 5.600
600 19th Street NW
Washington DC 20522

    Defendants

## COMPLAINT FOR WRIT OF MANDAMUS

**To the Honorable Judges of Said Court:**

Plaintiffs, Mr. Viral Nitin Patel, Mrs. Harsha Viral Patel, through undersigned counsel, allege as follows:

### I.    INTRODUCTION

1. This is a civil action brought pursuant to 8 U.S.C. § 1329 (jurisdiction of the district courts), 28 U.S.C. § 1331 (federal question jurisdiction), and § 1361 (action to compel an officer of the United States to perform his duty), to redress the deprivation of rights, privileges and immunities secured to Plaintiffs and to compel Defendants to perform a duty Defendants owed to

   Plaintiffs. Jurisdiction is also conferred by 5 U.S.C. § 555(b) and § 704, the Administrative Procedure Act ("APA").

2. This action is brought to compel Defendants and those acting under their direction to make a decision on Plaintiff Harsha Viral Patel's immigrant visa case under 8 U.S.C. § 203(b)(3).

## II. JURISDICTION

3. This Court has general federal question jurisdiction over this action under 5 U.S.C. §§ 555(b) and 706(a), 28 U.S.C. § 1361, and 28 U.S.C. § 1331(a). Jurisdiction is also conferred by 5 U.S.C. § 704.

4. This Court also has jurisdiction to grant declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202 and F.R.C.P. 57 and 65.

5. Under 28 U.S.C. § 1361, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." In this case, the Defendants have failed to take actions required of them under the Immigration and Nationality Act within a reasonable time. Plaintiffs are unable to detect which Defendants have failed to act but their

combined failures or singular failures to act, whichever the case may be, are the target of this suit.

6. Furthermore, the Plaintiffs are not challenging a decision within the discretion of a Consulate but instead the failure of the consulate to take an action required under law. Therefore, jurisdiction exists for this Court to consider whether an official with the Department of State has taken the action required of it or unreasonably delayed in taking a required action. *See e.g. Patel v. Reno*, 134 F.3d 929, 932 (9th Cir. 1997) ("A consular office is required by law to act on visa applications."); *Raduga USA Corp. v. United States Dep't of State*, 440 F. Supp. 2d 1140, 1149 (S.D. Cal. 2005) (finding mandamus jurisdiction where "Plaintiffs simply seek to compel the consul to render a final decision on Plaintiffs' [] visa applications which is mandated under [8 C.F.R.] § 42.81(a)").

7. The APA requires an agency to carry out its duties within a reasonable time. 5 U.S.C. § 555(b) provides that "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." (Emphasis added). The USCIS and the Department of State are subject to 5 U.S.C.

§ 555(b). *See e.g. Patel, 134 F.3d at 931-32* ("[W]hen the suit challenges the authority of the consul to take or fail to take an action as opposed to a decision taken within the consul's discretion, jurisdiction exists.") (internal citations omitted); *Raduga USA*, 440 F. Supp. 2d at 1146 ("[T]he Court finds that Plaintiffs have sufficiently demonstrated Article III standing to bring this APA mandamus action."). As set forth below, the delay by the Defendants in scheduling an immigrant visa interview is unreasonable.

### III.   VENUE

8. Venue in the Northern District of Georgia is proper pursuant to 28 U.S.C. § 1391(e). Defendants are Officers of the United States acting in their official capacity, and the U.S. Attorney General's Office, the Department of Homeland Security ("DHS"), and U.S. Citizenship and Immigration Services ("USCIS"), and the U.S. Department of State are agencies of the United States.

### IV.   EXHAUSTION

9. There are no administrative remedies available for Plaintiffs to exhaust.

## V.    PARTIES

10. Plaintiff VIRAL NITIN PATEL is a citizen of the United States. Viral went to India and married HARSHA VIRAL PATEL in 2020.

11. Defendant ANTONY J. BLINKEN is the United States Secretary of State. As such, Defendant Blinken carries out the President's foreign policies through the Department of State, which includes the Bureau of Consular Affairs. Through the Department of State, Defendant Blinken is ultimately responsible for all matters relating to visas and the administration of visa related laws. This action is brought against Secretary Blinken in his official capacity.

12. Defendant JULIE STUFFT is the Deputy Assistant Secretary for Visa Services, within the U.S. Department of State, the division of the U.S. Department of State responsible for all matters relating to visas and the administration of visa related laws. This action is brought against Acting Director Stufft in her official capacity.

13. Defendant PEGGY PETROVICH, is the Director of the National Visa Center, within the U.S. Department of State, the subdivision of the Department of State responsible for communicating and transmitting

approved visa petitions from USCIS to various consulates around the world, and also returning them to USCIS if there is need of further examination by USCIS. This action is brought against Director Petrovich in her official capacity.

## VI.    FACTUAL ALLEGATIONS

14. Plaintiff Viral Nitin Patel is a US citizen and he currently resides in Cartersville, Georgia. In 2020, he traveled to India and married Plaintiff Harsha. When Plaintiff Viral returned to the United States, he filed a visa petition for his wife with the USCIS on April 15, 2020.  *See* Exhibit A.

15. Subsequently, the USCIS approved the visa petition on July 2, 2020. *See* Exhibit B. This caused Plaintiff Viral's file to be forwarded to the National Visa Center to commence immigrant visa processing for his wife.

16. Upon completion of the National Visa Center's processing, the file was forwarded to the American Consulate in Mumbai resulting in an interview on February 2, 2022.  The result of this interview led to a deliverance of a letter from the American Consulate in Mumbai stating that the visa case is pending administrative processing. *See* Exhibit C.  Since this date, no action has been taken by the American Consulate in Mumbai.

17. On February 3, 2023, the Department of State canceled the Plaintiff's registration and petition under Section 203(g) of the Immigration & Nationality Act. The notice states that the cancellation was due to the Plaintiff's failure to apply for their immigrant visa within a year. *See* Ex. D.

18. The cancellation of Plaintiff's immigrant visa processing was clearly done in error. The Plaintiff's case has been under administrative processing since early 2022. The Plaintiff's have at all times met and continue to meet the requirements necessary to complete their immigrant visa processing.

19. The APA requires agencies to take actions and make decisions on pending applications within a reasonable amount of time. *See, e.g., Didban v. Pompeo*, 435 F. Supp. 3d 168, 175 (D.D.C. 2020).

20. To determine whether a delay is reasonable, courts often consider the factors laid out in *Telecommunications Research & Action Ctr. v. FCC* ("TRAC"), 750 F.2d 70 (D.C. Cir. 1984). Those factors comprise:

    > (1) "the time an agency takes to make a decision should be governed by a 'rule of reason' "; (2) "[t]he content of a rule of reason can sometimes be supplied by a congressional indication of the speed at which the agency should act"; (3) "the reasonableness of a delay will differ based on the nature of the regulation; that is, an unreasonable delay on a matter affecting human health and welfare might be reasonable in the sphere of economic regulation"; (4) "the effect of expediting delayed

> actions on agency activity of a higher or competing priority . . . [and] the extent of the interests prejudiced by the delay"; and (5) "a finding of unreasonableness does not require a finding of impropriety by the agency."

*Id.* at 80.

21. First, Congress has provided content to any "rule of reason" by declaring all immigrant benefits requests should be decided within 180 days. 8 U.S.C. § 1571(b).

22. Second, this delay impacts human health and welfare, not merely economic interests. As husband and wife, the Plaintiffs have been separated for many years while undergoing the process of obtaining permanent residence.

23. Third, compelling agency action here would have no effect on an activity of a higher or competing priority. While there is a backlog of visa interviews due to COVID, Defendants do not disclose where any given visa applicant is in relation to any queue. Accordingly, the delay is not due to a lack of agency resources.

24. Finally, this Court need not find impropriety to find this delay unreasonable.

25. Each TRAC factor weighs in favor of ordering the Defendants to follow their own policies and to schedule an immigrant visa interview to allow the family to be reunited after nearly decade of separation.

26. Under these unique circumstances, almost three years of inexplicable delay for adjudication is unreasonable.

27. Plaintiffs have no other adequate remedy at law.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request the Court:

1. Assume Jurisdiction over this action;

2. Issue a Writ of Mandamus compelling Defendants to immediately issue a decision on immigrant visa application for Plaintiff Harsha Viral Patel so that she can obtain permanent resident status in the United States;

3. Award Plaintiffs reasonable costs and attorney's fees under the Equal Access to Justice Act; and

4. Award such further relief as the Court deems just or appropriate.

RESPECTFULLY SUBMITTED this 13th day of February, 2023.


_____/s/_____
Zainab A. Alwan, Esq.
Georgia Bar # 385074
Attorney for the Plaintiffs
Socheat Chea, P.C.
3500 Duluth Park Lane, Bldg. 300
Duluth, Georgia 30096
(770) 623-8880
(770) 623-8852 (fax)
zainab@socheatchea.com

## **CERTIFICATE OF SERVICE**

This is to certify I electronically filed the foregoing **COMPLAINT FOR WRIT OF MANDAMUS** and its accompanying Exhibits with the Clerk of Court using the CM/ECF system. This system will automatically send email notification of such filing to all below Defendants who are registered with this system. In addition, in compliance with local rules, this initial Complaint and the accompanying Exhibits and summons have also been served by First Class Certified Mail, postage pre-paid, on:

| | |
|---|---|
| Antony J. Blinken, Secretary of State<br>c/o<br>The Executive Office<br>Office of the Legal Adviser<br>Suite 5.600<br>600 19th Street NW<br>Washington DC 20522 | Ryan K. Buchanan, U.S. Attorney,<br>Northern District of Georgia<br>75 Ted Turner Drive SW<br>Suite 600<br>Atlanta, Georgia 30303 |
| Julie Stufft, Acting Deputy Assistant<br>Secretary for Visa Services<br>c/o<br>The Executive Office<br>Office of the Legal Adviser<br>Suite 5.600<br>600 19th Street NW<br>Washington DC 20522 | Peggy Petrovich, Director of the<br>National Visa Center<br>c/o<br>The Executive Office<br>Office of the Legal Adviser<br>Suite 5.600<br>600 19th Street NW<br>Washington DC 20522 |

                                                                             _____/s/_____
                                                Zainab A. Alwan, Esq.
                                                Georgia Bar # 385074
                                                Attorney for the Plaintiffs
                                                Socheat Chea, P.C.
                                                3500 Duluth Park Lane, Bldg. 300
                                                Duluth, Georgia 30096
                                                (770) 623-8880
                                                (770) 623-8852 (fax)
                                                zainab@socheatchea.com

# UNITED STATES DISTRICT COURT
# FOR  NORTHERN THE DISTRICT OF GEORGIA

| | |
|---|---|
| Viral Nitin PATEL and Harsha Viral PATEL,<br><br>    Plaintiffs<br><br>v.<br><br>ANTONY J. BLINKEN, *in his official capacity as U.S. Secretary of State*,<br>The Executive Office<br>Office of the Legal Adviser<br>Suite 5.600<br>600 19th Street NW<br>Washington DC 20522<br><br>JULIE STUFFT, *in her official capacity as Deputy Assistant Secretary for Visa Services, U.S. Department of State,*<br>The Executive Office<br>Office of the Legal Adviser<br>Suite 5.600<br>600 19th Street NW<br>Washington DC 20522<br><br>    and<br><br>(continued on next page) | Civil No: _____<br><br><br><br><br>COMPLAINT TO COMPEL AGENCY ACTION UNDER 28 U.S.C. § 1361 AND 5 U.S.C. §§ 555(b), 706(1), AND FOR A WRIT OF MANDAMUS TO COMPEL DEFENDANTS' TO SCHEDULE AN IMMIGRANT VISA INTERVIEW<br><br>Agency No.    BMB2020712090 |

(continued from prior page)

PEGGY PETROVICH, *in her official capacity as Director of the National Visa Center, U.S. Department of State*,
The Executive Office
Office of the Legal Adviser
Suite 5.600
600 19th Street NW
Washington DC 20522

  Defendants

## **LIST OF EXHIBITS**

| | |
|---|---|
| Exhibit A | Form I-130 Receipt Notice; |
| Exhibit B | Form I-130 Approval Notice; |
| Exhibit C | Letter from US Consulate stating case is under administrative processing; and |
| Exhibit D | Letter from Department of State stating the case has been canceled. |

Respectfully submitted this 13th day of February, 2023:

_____/s/_____
Zainab A. Alwan, Esq.
Georgia Bar # 385074
Attorney for the Plaintiffs
Socheat Chea, P.C.
3500 Duluth Park Lane, Bldg. 300
Duluth, Georgia 30096
(770) 623-8880
(770) 623-8852 (fax)
zainab@socheatchea.com