Case 1:23-mi-99999-UNA   Document 459-1   Filed 02/13/23   Page 1 of 13

State Court of Fulton County
**E-FILED**
23EV000783
2/3/2023 5:31 PM
Donald Talley, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| LORENA WISE;<br><br>    Plaintiff,<br><br>v.<br><br>JOHN DOE,<br>ARKA EXPRESS, INC. &<br>BJT EXPRESS INC. d/b/a BULLPEN EXPRESS INC., and<br>AMERICAN HALLMARK INSURANCE COMPANY OF TEXAS,<br><br>    Defendants. | CIVIL ACTION<br><br>FILE NO. _____<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR DAMAGES**

COMES NOW Lorena Wise, ("Plaintiff"), by and through her counsel of record, and files his Complaint for Damages, showing the Honorable Court as follows:

1.

The is an action for personal injury damages arising out of a motor vehicle collision that occurred on Saturday, August 7, 2021 in Fulton County, Georgia.

**PARTIES, JURISDICTION, AND VENUE**

2.

Plaintiff sustained personal injuries as a result of a motor vehicle collision that occurred at approximately 7:32 AM on August 7, 2021, in Fulton County, Georgia.

3.

Plaintiff is a citizen of Fulton County, Georgia.

4.

Defendant Driver John Doe ("Doe") is a citizen and resident of Georgia.

5.

Defendant Arka Express Inc. is a foreign corporation with its principal place of business in a state other than Georgia and is a federal motor carrier authorized to transport goods for hire in interstate commerce by the Federal Motor Carrier Safety Administration. Arka Express Inc. has a U.S. Department of Transportation Number 1710817.

6.

Arka Express Inc. is a "non-resident" pursuant to O.C.G.A. § 9-10-91 and a "motor carrier" pursuant to the Federal Motor Carrier Safety Regulations. Arka Express Inc. may be served with process pursuant to O.C.G.A. § 9-11-4(e)(7) by delivering a copy of the Summons and Complaint to its process agent designated to accept service of process in the State of Georgia under the Federal Motor Carrier Safety Regulations: Process Agent Service Company, Inc; Cody B. Gillies; 5704 Veterans Pkwy, Columbus, GA 31904.

7.

Arka Express Inc. may also be served with process pursuant to O.C.G.A. § 9-10-94 by delivering a copy of the Summons and Complaint upon its registered agent: Alexander R. Domanskis at One North Franklin St. #1200, Chicago, IL 60606.

8.

Arka Express Inc. may also be served with process by delivering a copy of the Summons and Complaint under the laws of the State of Illinois upon its registered agent: Alexander R. Domanskis at One North Franklin St. #1200, Chicago, IL 60606.

9.

Once served with process, Arka Express Inc. is subject to the jurisdiction and venue of the Court.

10.

Arka Express Inc. was properly served with process in the civil action.

11.

Arka Express Inc. was sufficiently served with process in the civil action.

12.

Arka Express Inc. is subject to the jurisdiction of the Court.

13.

Defendant BJT Express, Inc. d/b/a Bullpen Express Inc. is a foreign corporation with its principal place of business in a state other than Georgia and is a federal motor carrier authorized to transport goods for hire in interstate commerce by the Federal Motor Carrier Safety Administration. BJT Express, Inc. d/b/a Bullpen Express Inc. has a U.S. Department of Transportation Number 1337564.

14.

BJT Express, Inc. d/b/a Bullpen Express Inc is a "non-resident" pursuant to O.C.G.A. § 9-10-91 and a "motor carrier" pursuant to the Federal Motor Carrier Safety Regulations. BJT Express, Inc. d/b/a Bullpen Express Inc may be served with process pursuant to O.C.G.A. § 9-11-4(e)(7) by delivering a copy of the Summons and Complaint to its process agent designated to accept service of process in the State of Georgia under the Federal Motor Carrier Safety Regulations: Interstate Commerce Authority Inc; Professional Process Service of Georgia Inc.; 4380 Portchester Way, Snellville, GA 30039.

15.

BJT Express, Inc. d/b/a Bullpen Express Inc. may also be served with process pursuant to O.C.G.A. § 9-10-94 by delivering a copy of the Summons and Complaint upon its registered agent: Alexander R. Domanskis at One North Franklin St. #1200, Chicago, IL 60606.

16.

BJT Express, Inc. d/b/a Bullpen Express Inc. may also be served with process by delivering a copy of the Summons and Complaint under the laws of the State of Illinois upon its registered agent: Alexander R. Domanskis at One North Franklin St. #1200, Chicago, IL 60606.

17.

Once served with process, BJT Express, Inc. d/b/a Bullpen Express Inc is subject to the jurisdiction and venue of the Court.

18.

BJT Express, Inc. d/b/a Bullpen Express Inc was properly served with process in the civil action.

19.

BJT Express, Inc. d/b/a Bullpen Express Inc was sufficiently served with process in the civil action.

20.

BJT Express, Inc. d/b/a Bullpen Express Inc is subject to the jurisdiction of the Court.

21.

Defendant American Hallmark Insurance Company of Texas is a foreign corporation with its principal place of business in a state other than Georgia and is authorized to transact business in the state of Georgia.

22.

At the time of the Subject Complaint, Arka Express Inc. and BJT Express Inc. d/b/a Bullpen Express Inc. had automobile liability coverage for any damages that were caused through the negligent operation of the commercial motor vehicle that John Doe was operating at the time of the subject collision.

23.

The liability coverage for the collision described in the Complaint is being provided to Arka Express Inc. and BJT Express Inc. d/b/a Bullpen Express Inc. through a policy of insurance issued by American Hallmark Insurance Company of Texas and further identified as Policy Number AHI-U2291-112081, which provides coverage to Arka Express Inc. and BJT Express Inc. d/b/a Bullpen Express Inc. for any damages, including bodily injury, that were caused through the negligent operation of the commercial motor vehicle that John Doe was operating at the time of the subject collision.

24.

American Hallmark Insurance Company of Texas is subject to the jurisdiction of the Court, pursuant to O.C.G.A. § 40-1-112 and/or § 40-2-140, because American Hallmark Insurance Company of Texas was the insurer providing liability coverage for the defendant motor carrier Arka Express Inc. and BJT Express Inc. d/b/a Bullpen Express Inc. at the time of the collision described in the Complaint.

25.

Defendant American Hallmark Insurance Company of Texas ("American Hallmark") is a foreign Insurance Company organized and existing under the laws of Texas with its principal place of business believed to be at 5420 Lyndon B. Johnson Fwy., Suite 1100, Dallas, TX 75240-2345. Defendant American Hallmark may be served with the Summons and Complaint upon its registered agent: Corporation Service Company; 2 Sun Court, Suite 400, Peachtree Corners, GA 30092.

26.

Once served with process as described in the paragraph, American Hallmark is subject to the jurisdiction and venue of the Court.

27.

American Hallmark was properly served with process in the civil action.

28.

American Hallmark was sufficiently served with process in the civil action.

29.

American Hallmark is subject to the jurisdiction of the Court.

30.

American Hallmark may also be served pursuant to O.C.G.A §§ 14-2-1510 and/or 33-4-3.

31.

Venue in the above-styled civil action is proper in the County and Court.

## FACTS

32.

Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

33.

On or about August 7, 2021, at approximately 7:32 AM, Plaintiff was operating a 2017 Nissan Murano S SL traveling Northbound on I-85 on the exit ramp near the Flat Shoals Rd. exit.

34.

On or about August 7, 2021, at approximately 7:32 AM, John Doe was operating a tractor trailor heading Northbound on I-85 directly in front of Plaintiff's vehicle.

35.

John Doe was operating the tractor-trailer in the course and scope of his employment with Arka Express Inc. and BJT Express Inc. d/b/a Bullpen Express Inc, and under Arka Express Inc. and BJT Express Inc. d/b/a Bullpen Express Inc's U.S. Department of Transportation and federal motor carrier authority.

36.

On or about August 7, 2021, at approximately 7:32 AM, John Doe lost control of the tractor-trailer.

37.

On or about August 7, 2021, at approximately 7:32 AM, the Arka Express Inc. and BJT Express Inc. d/b/a Bullpen Express Inc. tractor-trailer was being operated by John Doe .

38.

On or about August 7, 2021, at approximately 7:32 AM, John Doe was unable to control the Arka Express Inc. and BJT Express Inc. d/b/a Bullpen Express Inc tractor-trailer.

39.

On or about August 7, 2021, at approximately 7:32 AM, John Doe allowed his vehicle to roll back into Plaintiff's vehicle.

40.

Suddenly and without warning to Plaintiff, John Doe rolled backwards into Plaintiff's vehicle.

41.

John Doe slammed the tractor-trailer into the front of Plaintiff's vehicle, causing her to suffer injuries.

42.

At all times related to the subject collision, Plaintiff was acting in a reasonable and prudent manner.

43.

Defendants do not blame Plaintiff for causing or contributing to the cause of the subject collision.

44.

Defendants John Doe and Arka Express Inc. and BJT Express Inc. d/b/a Bullpen Express Inc. are 100% at fault for causing the subject collision.

45.

No act or failure to act on the part of the Plaintiff caused or contributed to the cause of the subject collision.

46.

No act or failure to act on the part of any third party caused or contributed to the cause of the subject collision.

47.

No act or failure to act on the part of the Plaintiff caused or contributed to the cause of Plaintiff's claimed injuries.

48.

No act or failure to act on the part of any third party caused or contributed to the cause of Plaintiff's claimed injuries.

49.

Defendants agree that they should fairly compensate Plaintiff for all injuries and damages that were caused by the subject collision.

50.

As a result of the collision, Plaintiff suffered serious and permanent injuries and damages.

**COUNT I: DIRECT ACTION AGAINST AMERICAN HALLMARK INSURANCE COMPANY OF TEXAS**

51.

Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

52.

American Hallmark Insurance Company of Texas provided liability insurance for the driver and/or truck that was involved in the subject motor vehicle collision.

53.

American Hallmark Insurance Company of Texas agreed to provide insurance coverage to Arka Express Inc. and BJT Express Inc. d/b/a Bullpen Express Inc. in consideration for the payment of insurance premiums.

54.

American Hallmark Insurance Company of Texas was transacting business in the State of Georgia and in Fulton County, Georgia on the date of the subject incident, and at all material times hereto, and is subject to the venue of the Court pursuant to O.C.G.A. § 33-4-1.

55.

Plaintiff, as a member of the public injured due to a common carrier's negligence, is a third-party beneficiary to that agreement.

56.

Pursuant to O.C.G.A. § 40-1-112 and/or §40–2–140, American Hallmark Insurance Company of Texas is subject to the Direct Action.

**C**OUNT **II: N**EGLIGENCE OF **A**RKA **E**XPRESS **I**NC. AND **BJT E**XPRESS **I**NC D/B/A **B**ULLPEN **E**XPRESS **I**NC

57.

Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

58.

At all times material hereto, John Doe was an employee of Arka Express Inc. and BJT Express Inc. d/b/a Bullpen Express Inc.

59.

At all times material hereto, John Doe was acting within the scope and course of his employment with Arka Express Inc. and BJT Express Inc. d/b/a Bullpen Express Inc..

60.

At all times material hereto, John Doe was driving under dispatch by Arka Express Inc. and BJT Express Inc. d/b/a Bullpen Express Inc. and driving under Arka Express Inc. and BJT Express Inc. d/b/a Bullpen Express Inc.'s authority as a federal motor carrier.

61.

At all times material hereto, John Doe was authorized by Arka Express Inc. and BJT Express Inc. d/b/a Bullpen Express Inc. to operate the tractor-trailer that was involved in the collision described in the Complaint.

62.

Arka Express Inc. and BJT Express Inc. d/b/a Bullpen Express Inc. is liable for the negligent actions and omissions of John Doe pursuant to the doctrine of respondeat superior.

63.

Arka Express Inc. and BJT Express Inc. d/b/a Bullpen Express Inc. was the owner of the vehicle operated by John Doe and is therefore liable for damages caused in the case.

64.

Arka Express Inc. and BJT Express Inc. d/b/a Bullpen Express Inc. was also itself negligent in the following ways:

(a) Negligently hiring or contracting with Defendant John Doe to drive the vehicle at issue;

(a) Negligently training Defendant John Doe;

(b) Negligently entrusting Defendant John Doe to drive the vehicle professionally;

(c) Negligently retaining Defendant John Doe to drive the vehicle at issue;

(d) Negligently qualifying Defendant John Doe;

(e) Failing to supervise Defendant John Doe; and

(f) Otherwise failing to act as a reasonably prudent company under the circumstances.

65.

As a direct and proximate result of the negligence of Defendants John Doe and Arka Express Inc. and BJT Express Inc. d/b/a Bullpen Express Inc. in the ensuing collision, Plaintiff sustained severe and permanent injuries.

66.

Arka Express Inc. and BJT Express Inc. d/b/a Bullpen Express Inc. is liable for all damages allowed by law for the injuries, damages, and losses sustained by Plaintiff.

### COUNT III: NEGLIGENCE OF DEFENDANT JOHN DOE

67.

Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

68.

At all relevant times, John Doe owed the following civil duties to Plaintiff but violated those duties in the following ways:

(a) Failing to maintain proper control of his vehicle;

(b) Failing to keep a proper lookout for traffic;

(c) Failing to make reasonable and proper observations while driving;

(d) Failing to timely apply the brakes of his vehicle in order to avoid the collision in question;

(e) Failing to keep an assured safe distance from Plaintiff's vehicle;

(f) Failing to obey traffic laws;

(g) Otherwise failing to act reasonably and prudently as a driver should under the circumstances.

69.

Defendant was also negligent per se in that he violated a number of laws and regulations governing his operation of a vehicle, including:

(a) A Driver Shall Not Back a Vehicle Unless Such Movement Can be Made with Safety and without Interfering With Other Traffic.  (O.C.G.A. §40-6-240 (a));

(b) Driving on Roadways Laned for Traffic (O.C.G.A. § 40-6-48);

(c) Failing to Drive with Due Care (O.C.G.A. § 40-6-241);

(d) Failing to Obey Traffic Laws (O.C.G.A. § 40-6-1); and

(e) Reckless Driving (O.C.G.A. § 40-6-390).

70.

As a result of John Doe 's negligence, Plaintiff suffered severe and permanent injuries.

71.

As a direct and proximate result of the negligence and negligence per se of John Doe, Plaintiff has incurred and is entitled to recover special damages, including, but not limited to, past medical expenses in the amount of $33,446.45, and future medical expenses and other miscellaneous expenses, in an amount that will be proved at trial. Plaintiff is also entitled to recover for general damages, including past and future pain and suffering and related damages.

### COUNT IV: COMBINED AND CONCURRING NEGLIGENCE

72.

Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

73.

Arka Express Inc. and BJT Express Inc. d/b/a Bullpen Express Inc. and John Doe acted in a manner which either alone, and/or combined and concurring with the actions of the acts of negligence described herein, directly and proximately caused the collision and Plaintiff's injuries.

74.

As a direct and proximate result of the negligence of the Arka Express Inc. and BJT Express Inc. d/b/a Bullpen Express Inc. and John Doe, Plaintiff was physically injured, has suffered, and will continue to suffer pain, disability, loss of enjoyment of life, anxiety, and related damages.

75.

As a direct and proximate result of the breaches of duty by Arka Express Inc. and BJT Express Inc. d/b/a Bullpen Express Inc. and John Doe, Plaintiff is entitled to recover fair and full compensation for all injuries and damages that have been suffered as a proximate result of the collision and that will be suffered in the future as a result of the collision, including, without limitation, all special damages and compensatory damages, medical expenses, and other necessary expenses, as well as fair and full compensation for all pain and suffering, including physical pain, mental and emotional suffering, shock of impact, disability, worry, anxiety, loss of enjoyment of life, loss of capacity to work, and other categories of damages provided for under the law.

**WHEREFORE**, Plaintiff prays that the following relief be granted:

a)   A trial by jury;

a)   For Summons and Complaint to issue against each Defendant;

b)   For judgment against each Defendant to compensate Plaintiff for past and future injuries and damages;

c)   For judgment against each Defendant for punitive damages as shown to be fair and appropriate at the trial of the case;

d)      Court costs, discretionary costs, and prejudgment interest; and

e)      For all such further and general relief which the Court deems just and proper.

Dated this 3rd day of February, 2023.

                    WLG Atlanta, LLC

                    */s/ Johnquel E. Neal*
                    Johnquel E. Neal
                    Georgia State Bar Number 214455
                    Attorney for Plaintiff

Bank of America Plaza
600 Peachtree Street, NE, Suite 4010
Atlanta, GA 30308
Telephone:    (470) 881-8804
Facsimile:    (470) 408-5662
E-Mail: JOHNQUEL.NEAL@WITHERITELAW.COM