# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ISAAC OPPONG,<br>  Plaintiff,<br><br>v.<br><br>ROBERT E. SEALS, PCF TRANSPORTATION, LLC, AND TRAVELERS INDEMNITY COMPANY,<br><br>  Defendants. | CIVIL ACTION FILE<br>NO. _____<br><br><br><br>*Jury Trial Demanded* |

## DEFENDANTS' BRIEF IN SUPPORT OF NOTICE OF REMOVAL

**COME NOW**, Defendants, and file this their Brief in Support of Defendants' Notice of Removal, showing this Honorable Court as follows:

## PROCEDURAL BACKGROUND

1. Plaintiff Isaac Oppong (hereinafter "Plaintiff"), a resident and citizen of Georgia, filed this action in the State Court of Clayton County, on January 10, 2023 against Robert E. Seals, PCF Transportation, LLC, and Travelers Indemnity Company. That action is designated there as Civil Action File No.: 2023CV00060. A true and correct copy of the Complaint is included in the State Court file, attached hereto as Ex. A.

2. Plaintiff's Complaint, *inter alia,* alleges that Defendants are liable to Plaintiff for negligently causing Plaintiff's injuries that were sustained from an accident which occurred on February 24, 2022. (*See* Ex. A, ¶¶ 17-19).

3. Plaintiff is a Georgia resident and, thus, a citizen of Georgia. *See Gilbert v. David*, 235 U.S. 561, 569 (1915)("If a person is domiciled in [a particular state], he is a citizen of that state within the meaning of the Judicial Code."). *See also* Ex. A, ¶ 1.

4. Defendant PCF Transportation, LLC is now and was at the commencement of Civil Action File No.: 2023CV00060, and at all times since, has been a foreign company organized and existing under the laws of the State of Alabama with its principal place of business in Alabama. (*See* Alabama Secretary of State Records, attached hereto as Ex. B). Defendant PCF Transportation, LLC is a citizen of Alabama.

5. Defendant Travelers Indemnity Company, is now and was at the commencement of Civil Action File No.: 2023CV00060, and at all times since, has been a foreign company organized and existing under the laws of the State of Connecticut with its principal place of business in Connecticut. (*See* Georgia Secretary of State Records, attached hereto as Ex. C). Defendant Travelers Indemnity Company, Inc. is a citizen of Connecticut.

6. Defendant Robert E. Seals was at the commencement of Civil Action File No.: 2023CV00060, and at all times since, has been a citizen of the State of Alabama. (*See* Ex. A, ¶ 2; Ex. D – Police report). *See also*, *Gilbert v. David*, 235 U.S. 561, 569 (1915).

7. The action described above is a civil action with a claim of which this Court has original jurisdiction, and it is one that may be removed to this Court by the Defendants pursuant to the provisions of 28 USC §§ 1332 and 1441 et seq. There is complete diversity among Plaintiff and the identified, named Defendants, the Parties were not residents of the same state at the time of filing of the Complaint, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs, as statutorily required. *See* 28 USC §§ 1332 and 1441 et seq.

8. Defendants represent to this Honorable Court that true and correct copies of all process, pleadings, orders served by or upon the Defendants in this case are attached in conformity with the requirements of 28 U.S.C. § 1446(a). (*See* Ex. A to Defendants' Notice, State Court Pleadings). The Defendant further represents to this Court that there are no other process, pleadings or orders properly served upon the Defendants to date in this case that have not been attached hereto.

9. The Defendants represent to this Honorable Court that written notice of

the filing of this Notice of Removal and a copy of this Notice of Removal have been served upon Plaintiff, by and through his counsel of record, contemporaneous with this filing. (*See* attached hereto as Ex. E to Notice of Removal with the Clerk of Court, State Court of Gwinnett County, Georgia).

10. The United States District Court for the Northern District of Georgia – Atlanta Division, is the court and division embracing the place where this action is pending in state court. No Defendants heretofore have sought similar relief in this action.

## LEGAL ARGUMENT AND CITATION TO AUTHORITY

**A. This Court has Original Jurisdiction of this Cause of Action Pursuant to 28 U.S.C. § 1332 and this Cause of Action is Removable According to 28 U.S.C. § 1441.**

This action is properly removable under 28 U.S.C. § 1441(a) and (b) because this United States District Court for the Northern District of Georgia – Atlanta Division has original jurisdiction of this case under 28 U.S.C. § 1332(a), as amended, which provides in pertinent part:

> The District Court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value or $75,000, exclusive of interest and costs, and is between – (1)Citizens of different states.

28 U.S.C. § 1332(a).

**1. THERE IS COMPLETE DIVERSITY.**

All parties to this action are completely diverse. Existence of diversity jurisdiction is determined by the citizenship of the parties at the time of the filing of the complaint, not at the time the cause of action arose or after the action is commenced. *Oh v. Ford Motor Co.*, 79 F. Supp. 2d 1375, 1377 (N.D. Ga. 1999) (citing *Mann v. City of Tucson, Dept. of Police*, 782 F.2d 790, 794 (9th Cir. 1986)).

Plaintiff was a citizen and resident of Georgia at the time of the incident and at the time of filing of the Complaint. (*See* Ex. A, ¶ 1). *See Gilbert v. David*, 235 U.S. 561, 569 (1915)("If a person is domiciled in [a particular state], he is a citizen of that state within the meaning of the Judicial Code."). Therefore, Plaintiff is a citizen of Georgia.

Defendant PCF Transportation, LLC is now and was at the commencement of Civil Action File No.: 2023CV00060, and at all times since, has been a foreign company organized and existing under the laws of the State of Alabama with its principal place of business in Alabama. (*See* Alabama Secretary of State Records, attached hereto as Ex. B). Defendant Travelers Indemnity Company is now, and was at the commencement of Civil Action File No.: 2023CV00060, and at all times since, has been a foreign company organized and existing under the laws of the State of Connecticut with its principle place of business in Connecticut. (*See* Georgia Secretary of State Records, attached hereto as Ex. C). Defendant Robert E. Seals

was at the commencement of Civil Action File No.: 2023CV00060, and at all times since has been a citizen of the State of Alabama. (*See* Ex. A, ¶ 3; *see also* Police Report for the subject accident, attached hereto as Ex. D).

Accordingly, complete diversity exists in this cause of action between Plaintiff and all Defendants, and therefore, this case is removable under 28 U.S.C. § 1332.

## 2. THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00.

There is evidence to establish that Plaintiff is seeking damages in excess of Seventy-Five Thousand Dollars ($75,000.00). (*See* Plaintiff's Complaint, Ex. A, ¶ 16). Where a plaintiff has made an unspecified demand for damages, as in this case, a removing defendant must prove only by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement. *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001). Evidence offered in support of removal can consist of factual allegations, "combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010) ("a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it."). Furthermore, courts may use their "judicial experience and common sense" in determining whether the case meets federal jurisdictional

requirements. *Roe v. Michelin North America, Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010).

When determining if the defendant has satisfied its burden, the presiding court will first consider whether it is facially apparent from the complaint that the jurisdictional amount is in controversy. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744 (11th Cir. 2010) (citing 16 James Wm. Moore, et al., *Moore's Federal Practice* § 107.14[2][g]. at 10-86.4 to 107-86.5 (3d ed. 2010)). "If not, the court may consider facts alleged in the notice of removal, judicial admissions made by plaintiffs, non-sworn letters submitted to the court, or other summary judgment type evidence that may reveal that the amount in controversy requirement is satisfied." *Id.* (quoting 16 James Wm. Moore, et al., *Moore's Federal Practice* § 107.14[2][g]. at 10-86.4 to 107-86.5 (3d ed. 2010).

According to Plaintiff's Complaint filed on January 10, 2023, Plaintiff seeks compensation for at least $146,908.90 in medical expenses. (*See* Plaintiff's Complaint, Ex. A, ¶ 14). Plaintiff also seeks compensation for approximately $43,271.17 in lost wages, and seeks a total of at least $190,180.07 in special damages. (*See* Plaintiff's Complaint, Ex. A, ¶¶ 14-16).

Therefore, there are facts to a legal certainty to support that the amount in controversy exceeds the jurisdictional requirement. Plaintiff's own factual

allegations, combined with reasonable deductions, inferences, and extrapolations, prove, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional requirement. Accordingly, because the parties are completely diverse and the amount in controversy exceeds the statutory requirement, this case may be removed to the United States District Court for the Northern District of Georgia – Atlanta Division.

## **CONCLUSION**

There is complete diversity of citizenship between the parties to this action. Plaintiff is a citizen of Georgia, Defendant PCF Transportation, LLC is a citizen of Alabama, Defendant Travelers Indemnity Company is a citizen of Connecticut, and Defendant Robert E. Seals is a citizen of Alabama. None of the Defendants are a citizen of the State of Georgia for purposes of diversity jurisdiction, pursuant to 28 U.S.C. § 1332. Further, complete diversity existed between the parties on the day Plaintiff filed his Complaint and on the day Defendants filed this Notice of Removal, which are the relevant time periods for determining citizenship. *See Pullman Co. v. Jenkins*, 305 U.S. 534, 537, 59 S. Ct. 347 (1939). Pursuant to 28 U.S.C. § 1446, the Defendants have sought removal within thirty (30) days from the moment the action became removable and, therefore, this Court has the authority to accept jurisdiction of this case pursuant to 28 U.S.C. §§ 1332 and 1446.

Respectfully submitted this 13th day of February 2023.

                                        **HALL BOOTH SMITH, P.C.**

                                        */s/ Sandro Stojanovic*
                                        SCOTT H. MOULTON
                                        Georgia State Bar No. 974237
                                        SANDRO STOJANOVIC
                                        Georgia State Bar No. 473114
                                        WHITNEY L. GIBBS
                                        Georgia State Bar No. 455827
                                        *Counsel for Defendants*

191 Peachtree Street NE, Suite 2900
Atlanta, GA  30303-1775
T:  404.954.5000
F:  404.954.5020
smoulton@hallboothsmith.com
sstojanovic@hallboothsmith.com

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| ISAAC OPPONG,<br>    Plaintiff,<br><br>v.<br><br>ROBERT E. SEALS, PCF TRANSPORTATION, LLC, AND TRAVELERS INDEMNITY COMPANY,<br><br>    Defendants. | CIVIL ACTION FILE NO. _____<br><br>*Jury Trial Demanded* |

## **CERTIFICATE OF COMPLIANCE**

The foregoing ***DEFENDANTS' BRIEF IN SUPPORT OF NOTICE OF REMOVAL*** is double spaced in 14-point Times New Roman font and complies with the type-volume limitation set forth in Local Rule 7.1.

Respectfully submitted this 13th day of February 2023.

**HALL BOOTH SMITH, P.C.**

*/s/ Sandro Stojanovic*
SCOTT H. MOULTON
Georgia State Bar No. 974237
SANDRO STOJANOVIC
Georgia State Bar No. 473114
WHITNEY L. GIBBS
Georgia State Bar No. 455827
*Counsel for Defendants*

191 Peachtree Street NE, Suite 2900
Atlanta, GA  30303-1775
T:  404.954.5000
F:  404.954.5020
smoulton@hallboothsmith.com
sstojanovic@hallboothsmith.com

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ISAAC OPPONG,<br>　　Plaintiff,<br><br>v.<br><br>ROBERT E. SEALS, PCF TRANSPORTATION, LLC, AND TRAVELERS INDEMNITY COMPANY,<br><br>　　Defendants. | CIVIL ACTION FILE<br>NO. _____<br><br><br><br>*Jury Trial Demanded* |

## CERTIFICATE OF SERVICE

I hereby certify that on this day I have served a copy of the within and foregoing **DEFENDANTS' BRIEF IN SUPPORT OF NOTICE OF REMOVAL** upon all parties to this matter by depositing same in the U.S. Mail and/or via e-file and serve as required by law:

> Enrique Ramos, Esq.
> The Dixon Firm
> 4751 Best Road, Suite 272
> Atlanta, Georgia 30337
> enrique@dixonfirm.com
> *Counsel for Plaintiff*

12

This 13th day of February 2023.

**HALL BOOTH SMITH, P.C.**

*/s/ Sandro Stojanovic*
SCOTT H. MOULTON
Georgia State Bar No. 974237
SANDRO STOJANOVIC
Georgia State Bar No. 473114
WHITNEY L. GIBBS
Georgia State Bar No. 455827
*Counsel for Defendants*

191 Peachtree Street NE, Suite 2900
Atlanta, GA  30303-1775
T:  404.954.5000
F:  404.954.5020
smoulton@hallboothsmith.com
sstojanovic@hallboothsmith.com