IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ISAAC OPPONG,<br>    Plaintiff,<br><br>v.<br><br>ROBERT E. SEALS, PCF TRANSPORTATION, LLC, AND TRAVELERS INDEMNITY COMPANY,<br><br>    Defendants. | CIVIL ACTION FILE NO. _____<br><br><br><br>*Jury Trial Demanded* |

**DEFENDANT ROBERT E. SEALS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

COMES NOW, **Robert E. Seals** ("Defendant"), and files the following Answer and Affirmative Defenses to Plaintiff's Complaint, showing the Court as follows:

**FIRST DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

**SECOND DEFENSE**

This Defendant denies that it was negligent in any manner, or that any negligent act or omission on its part caused or contributed to any injury or damage alleged to have been sustained by Plaintiff.

1

### THIRD DEFENSE

Plaintiff's alleged damages were directly and proximately caused by Plaintiff's own contributory/comparative negligence and failure to exercise ordinary care and, as such, Plaintiff is not entitled to recover from this Defendant.

### FOURTH DEFENSE

Plaintiff, by the exercise of ordinary care, could have avoided the incident referenced in Plaintiff's Complaint and, therefore, Plaintiff is not entitled to recover from this Defendant.

### FIFTH DEFENSE

The sole and proximate cause of the accident referenced in Plaintiff's Complaint was the negligence, including but not limited to negligence *per se*, of a party or parties other than this Defendant. Therefore, Plaintiff is barred from any recovery against this Defendant.

### SIXTH DEFENSE

Some or all of Plaintiff's claims may be barred by the doctrines of waiver, consent, release, failure of consideration, estoppel, fraud, illegality, injury by fellow servant, laches, license, Statute of Frauds, payment and/or accord and satisfaction.

## SEVENTH DEFENSE

To the extent any claim for attorney's fees and expenses of litigation, pursuant to O.C.G.A. § 13-6-11 or pursuant to any other theory, is or may be made by Plaintiff, no basis exists for such claims. Further, in this regard, this Defendant specifically shows that a *bona fide* dispute exists to the extent that this Defendant is not liable to Plaintiff.

## EIGHTH DEFENSE

The injuries, damages, and losses alleged in Plaintiff's Complaint, none being admitted, were caused, in whole or in part, by the actions or inactions of parties and/or non-parties over whom this Defendant exercised no control, had no opportunity to anticipate or right to control, and with whom this Defendant had no legal relationship by which liability could be attributed to it.

## NINTH DEFENSE

There is no causal relationship between any alleged acts and/or omissions on the part of this Defendant and any alleged injuries to Plaintiff.

## TENTH DEFENSE

Plaintiff's claims are barred or limited to the extent Plaintiff failed to mitigate his damages.

### ELEVENTH DEFENSE

Plaintiff's claims are barred to the extent that Plaintiff's damages are the result of a preexisting or otherwise unrelated medical condition.

### TWELFTH DEFENSE

Plaintiff's medical expenses must be reduced to the extent that they exceed the reasonable or customary amounts.

### THIRTEENTH DEFENSE

Plaintiff's claims for damages and injuries are barred to the extent they were caused by a prior, new, intervening and/or superseding cause or circumstance beyond the control of this Defendant.

### FOURTEENTH DEFENSE

Plaintiff's recovery may be barred by additional defenses that this Defendant reserves the right to assert in the future.

### FIFTEENTH DEFENSE

This Defendant reserves the right to seasonably amend these affirmative defenses as needed or as warranted by the discovery in this case.

### SIXTEENTH DEFENSE

Defendant raises the defenses of lack of personal jurisdiction, improper venue, insufficiency of process, and insufficiency of service of process.

## **SEVENTEENTH DEFENSE**

This Defendant responds to the individually numbered paragraphs of Plaintiff's Complaint as follows:

1.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiff's Complaint, and can neither admit nor deny same. Accordingly, by operation of law, said allegations are denied.

2.

Defendant admits the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3.

Defendant objects to the allegations contained in Paragraph 3 of Plaintiff's Complaint in that they call for legal conclusions that warrant no response. To the extent that a response is required, Defendant states that the Georgia Resident Non-Motorist Act and the Georgia Long Arm Statute speak for themselves. Moreover, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of Plaintiff's Complaint, and can neither admit nor deny same. Accordingly, by operation of law, said allegations are

denied.

4.

Defendant denies the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of Plaintiff's Complaint, and can neither admit nor deny same. Accordingly, by operation of law, said allegations are denied.

6.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of Plaintiff's Complaint, and can neither admit nor deny same. Accordingly, by operation of law, said allegations are denied.

7.

Defendant objects to Paragraph 7 of Plaintiff's Complaint in that it calls for legal conclusions that warrant no response. To the extent that a response is required, Defendant states that he is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 7 of Plaintiff's Complaint, and

can neither admit nor deny same. Accordingly, by operation of law, said allegations are denied.

8.

Defendant objects to Paragraph 8 of Plaintiff's Complaint in that it calls for legal conclusions that warrant no response. To the extent that a response is required, Defendant states that he is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 8 of Plaintiff's Complaint, and can neither admit nor deny same. Accordingly, by operation of law, said allegations are denied.

9.

Defendant denies the allegations contained in Paragraph 9 of Plaintiff's Complaint, as to this Defendant. Defendant is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained in Paragraph 9 of Plaintiff's Complaint, and can neither admit nor deny same. Accordingly, by operation of law, said allegations are denied.

10.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of Plaintiff's Complaint, and can neither admit nor deny same. Accordingly, by operation of law, said allegations

are denied.

11.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of Plaintiff's Complaint, and can neither admit nor deny same. Accordingly, by operation of law, said allegations are denied.

12.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of Plaintiff's Complaint, and can neither admit nor deny same. Accordingly, by operation of law, said allegations are denied.

13.

Defendant denies the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14.

Defendant denies the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15.

Defendant denies the allegations contained in Paragraph 15 of Plaintiff's

Complaint.

16.

Defendant denies the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17.

Defendant denies the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18.

Defendant denies the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19.

Defendant denies the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20.

Defendant denies the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of Plaintiff's Complaint, and

can neither admit nor deny same. Accordingly, by operation of law, said allegations are denied.

22.

Defendant denies the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23.

Defendant denies the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24.

Defendant denies the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25.

Defendant denies the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26.

Defendant denies the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27.

Defendant denies the allegations contained in Paragraph 27 of Plaintiff's

Complaint.

28.

Defendant denies the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29.

Defendant denies the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30.

Defendant denies any and all allegations and prayers for relief contained in the WHEREFORE clause/Prayer for Relief of Plaintiff's Complaint.

31.

All remaining allegations and inferences contained in Plaintiff's Complaint not heretofore specifically addressed, are denied in their entirety.

WHEREFORE, Defendant, having fully answered Plaintiff's Complaint for Damages, prays as follows:

    a)    that it be discharged without cost or liability;

    b)    that it have a trial by a jury of twelve persons as to all issues properly triable by a jury;

c) that a Pre-Trial Conference be held;

d) that all costs and attorneys' fees be assessed against Plaintiff; and

e) that it have such other relief as the Court deems just and proper.

Respectfully submitted on this 13th day of February 2023.

                                        **HALL BOOTH SMITH, P.C.**

                                        */s/ Sandro Stojanovic*
                                        SCOTT H. MOULTON
                                        Georgia State Bar No. 974237
                                        SANDRO STOJANOVIC
                                        Georgia State Bar No. 473114
                                        WHITNEY L. GIBBS
                                        Georgia State Bar No. 455827
                                        *Counsel for Defendants*

191 Peachtree Street NE, Suite 2900
Atlanta, GA  30303-1775
T:  404.954.5000
F:  404.954.5020
smoulton@hallboothsmith.com
sstojanovic@hallboothsmith.com

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ISAAC OPPONG,<br>    Plaintiff,<br><br>v.<br><br>ROBERT E. SEALS, PCF TRANSPORTATION, LLC, AND TRAVELERS INDEMNITY COMPANY,<br><br>    Defendants. | CIVIL ACTION FILE NO. _____<br><br><br><br><br><br>*Jury Trial Demanded* |

## CERTIFICATE OF SERVICE

I hereby certify that on this day I have served a copy of the within and foregoing **DEFENDANT ROBERT E. SEALS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** upon all parties to this matter by depositing same in the U.S. Mail and/or via e-file and serve as required by law:

Enrique Ramos, Esq.
The Dixon Firm
4751 Best Road, Suite 272
Atlanta, Georgia 30337
enrique@dixonfirm.com
*Counsel for Plaintiff*

This 13th day of February 2023.

                                                 **HALL BOOTH SMITH, P.C.**

                                                 */s/ Sandro Stojanovic*
                                                 SCOTT H. MOULTON
                                                 Georgia State Bar No. 974237
                                                 SANDRO STOJANOVIC
                                                 Georgia State Bar No. 473114
                                                 WHITNEY L. GIBBS
                                                 Georgia State Bar No. 455827
                                                 *Counsel for Defendants*

191 Peachtree Street NE, Suite 2900
Atlanta, GA  30303-1775
T:  404.954.5000
F:  404.954.5020
smoulton@hallboothsmith.com
sstojanovic@hallboothsmith.com