IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

| | |
|---|---|
| **BELINDA HOLMES,** | ) |
| | ) |
|    **Plaintiff,** | ) |
| | ) |
| v. | )   **CIVIL ACTION FILE NO.: 22A04180** |
| | ) |
| **SAFECO INSURANCE COMPANY** | ) |
| **OF INDIANA,** | ) |
| | ) |
|    **Defendant.** | ) |

## SAFECO INSURANCE COMPANY OF INDIANA'S SPECIAL APPEARANCE ANSWER TO PLAINTIFF'S COMPLAINT

COMES NOW, Safeco Insurance Company of Indiana ("Safeco"), and files this Special Appearance Answer and Affirmative Defenses to Plaintiff's Complaint, and shows this Honorable Court the following:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim against Safeco upon which relief can be granted, and therefore, must be dismissed.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to diligently and timely serve Safeco, and therefore, Plaintiff's Complaint is barred by the doctrine of laches and should be dismissed.

### THIRD AFFIRMATIVE DEFENSE

There is insufficient process and insufficient service of process as to Safeco.

### FOURTH AFFIRMATIVE DEFENSE

There is a lack of personal jurisdiction over Safeco.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred due to the suit limitations provision in the insurance policy upon which the claim for insurance proceeds was brought. Specifically, the insurance policy provides in pertinent part as follows:

### SPECIAL PROVISIONS – GEORGIA

******

### SECTION I – PROPERTY CONDITIONS

******

> **8.  Suit Against Us. No action shall be brought against us unless there has been compliance with the policy provisions and the action is started within two years after the inception of the loss or damage.**

HOM-7100/GAEP 9/19 (Page 4 of 6). A certified copy of the insurance policy at issue is attached hereto as Exhibit "1".

### SIXTH AFFIRMATIVE DEFENSE

Safeco shows that Plaintiff's Complaint should be dismissed because the insurance policy upon which the claim for insurance proceeds was brought does not provide coverage for the additional damages sought by Plaintiff in the Complaint. Specifically, the insurance policy at issue provides in pertinent part as follows:

> ***BUILDING PROPERTY LOSSES WE COVER***
>
> *We cover accidental direct physical loss to property described in Building Property We Cover except as limited or excluded.*
>
> ******
>
> ***BUILDING PROPERTY LOSSES WE DO NOT COVER***
>
> *We do not cover loss caused directly or indirectly by any of the following excluded perils. Such loss is excluded regardless of any*

*other cause or event contributing concurrently or in any sequence to the loss. These exclusions apply whether or not the loss event results in widespread damage or affects a substantial area;*

\*\*\*\*\*\*

6. a. *wear and tear, marring, scratching, deterioration;*

   b. *inherent defect, mechanical breakdown;*

   c. *smog, rust or other corrosion, or electrolysis;*

\*\*\*\*\*\*

   e. *settling, cracking, shrinking, bulging, or expansion of pavements, patios, foundations, walls, floors, roofs, ceilings, swimming pools, hot tubs, spas or chimneys;*

\*\*\*\*\*\*

*However, we do insure for any resulting loss from items 1. Through 6. unless the resulting loss is itself excluded under Building Property Losses We Do Not Cover in this Section. If loss to covered property is caused by water or steam not otherwise excluded, we will cover the cost of tearing out nd replacing any part of the building necessary to repair the system or appliance. We do not cover loss to the system or appliance form which water or steam escaped.*

\*\*\*\*\*\*

9. *Earth Movement meaning:*

   a. *the sinking, rising, shifting, expanding or contracting of earth, all whether combined with water or not. Earth movement includes but is not limited to earthquake, landslide, mudflow, mudslide, sinkhole, subsidence, movement resulting from improper compaction, site selection or any other external forces, erosion including collapse or subsidence of lang along a body of water as a result of erosion or undermining resulting from the action of water. This includes the channeling of a river or stream;*

>   b.  *erosion, shifting or displacement of materials support the foundation;*
>
>   ******
>
>   *This exclusion applies whether the earth movement is caused by or resulting from human or animal forces or any act of nature.*
>
>   ******
>
> 12. *Neglect, meaning your failure to use all reasonable means to save a preserve property at and after the time of a loss, or when property is endangered.*
>
>   ******
>
> 18. *Planning, Construction, or Maintenance, meaning faulty, inadequate or defective:*
>
>    a.  *planning, zoning, development, surveying, siting;*
>
>    b.  *design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;*
>
>    c.  *materials used in repair, construction, renovation or remodeling; or*
>
>    d.  *maintenance;*
>
>   *of property whether on or off the insured location by any person or organization. However, any ensuing loss not excluded is covered.*

HOM-7030/EP R2 1/09 (Pages 1-4). Plaintiff's claim for additional insurance proceeds, as asserted in the Complaint, is barred under these applicable provisions, and therefore, Plaintiff's Complaint must be dismissed.

**SEVENTH AFFFIRMATIVE DEFENSE**

Pending further investigation and discovery, Safeco reserves the right to bring any and all affirmative defenses available to it under the Georgia Civil Practice Act and any applicable defenses under the laws of the State of Georgia.

**EIGHTH AFFIRMATIVE DEFENSE**

In response to the specific allegations contained in the Plaintiff's Complaint, and while at all times reserving the defenses previously raised by Safeco, as well as those which may be added by amendment in the future after further discovery and investigation, Safeco states the following:

1.

Upon information and belief, Safeco admits the allegations contained in Paragraph 1 of the Complaint.

2.

Safeco admits the allegations contained in Paragraph 2 of the Complaint.

3.

Safeco denies the allegations contained in Paragraph 3 of the Complaint.

4.

Safeco admits the allegations contained in Paragraph 4 of the Complaint. However, to the extent that Plaintiff asserts or infers that the State Court of DeKalb County is the only court in which venue may be proper and/or that removal of this case to Federal court is improper, said allegations are hereby denied.

5.

Safeco admits that it issued a policy of insurance, number OF2026700 (the "Policy"), to Plaintiff providing certain coverage for certain real property located at 2049 Gunstock Drive, Stone Mountain, Georgia 30087 (the "Property"), and that Exhibit "A" is a true and accurate copy of the Policy's declarations page.  Notwithstanding the foregoing, Safeco shows that the provisions of the Policy speak for themselves and must be read in conjunction with the other provisions, limitations, conditions, and exclusions of the Policy when determining the extent of coverage to be afforded under the Policy. Further, to the extent that any part of Paragraph 5 of the Complaint may be interpreted as implying or inferring that there is coverage for the damages sought in the Complaint, said allegations are hereby denied. Safeco denies any and all remaining allegations contained in Paragraph 5 of the Complaint not specifically admitted herein.

6.

Safeco admits that, as of October 29, 2020, Plaintiff was current on her payment of premiums due under the Policy. Notwithstanding the foregoing, to the extent that any part of Paragraph 6 of the Complaint may be interpreted as implying or inferring that there is coverage for the damages sought in the Complaint, said allegations are hereby denied. Safeco denies any and all remaining allegations contained in Paragraph 6 of the Complaint not specifically admitted herein.

7.

Safeco admits the allegations contained in Paragraph 7 of the Complaint. Notwithstanding the foregoing, to the extent that any part of Paragraph 7 of the Complaint may be interpreted as implying or inferring that there is coverage for the damages sought in the

Complaint, said allegations are hereby denied. Safeco denies any and all remaining allegations contained in Paragraph 7 of the Complaint not specifically admitted herein.

8.

Safeco admits that the Policy was in effect on October 29, 2020. Notwithstanding the foregoing, to the extent that any part of Paragraph 8 of the Complaint may be interpreted as implying or inferring that there is coverage for the damages sought in the Complaint, said allegations are hereby denied. Safeco denies any and all remaining allegations contained in Paragraph 8 of the Complaint not specifically admitted herein.

9.

Safeco admits that the Loss caused certain covered damage to covered property pursuant to the terms and conditions of the Policy, but shows that there remains a dispute between the parties regarding the scope of covered damage stemming from the Loss. As such, to the extent that any part of Paragraph 9 of the Complaint may be interpreted as implying or inferring that there is coverage for the damages sought in the Complaint, said allegations are hereby denied.

10.

Safeco denies the allegations contained in Paragraph 10 of the Complaint.

11.

Safeco denies the allegations contained in Paragraph 11 of the Complaint.

12.

Safeco denies the allegations contained in Paragraph 12 of the Complaint as pled. Notwithstanding the foregoing, Safeco shows that it estimated the replacement cost value of covered dwelling damages to the Property caused by the wind felled tree on October 29, 2020 (the "Loss") at $44,068.06.

13.

Safeco denies the allegations contained in Paragraph 13 of the Complaint as pled. Notwithstanding the foregoing, Safeco shows that it issued payments to Plaintiff for $37,170.58 which represents the undisputed actual cash value of covered dwelling damages to the Property caused by the Loss, minus the applicable $1,000.00 deductible. Safeco further admits that it estimated the recoverable depreciation of covered dwelling damages to the Property caused by the Loss at $5,897.48.

14.

Safeco is without sufficient information to either admit or deny the allegations contained in Paragraph 14 of the Complaint regarding the nature of what Plaintiff may or may not "dispute", and therefore, places Plaintiff on strict proof of same. Notwithstanding the foregoing, to the extent that any part of Paragraph 14 of the Complaint may be interpreted as implying or inferring any wrongdoing by Safeco and/or that there is coverage for the damages sought in the Complaint, said allegations are hereby denied. Safeco denies any and all remaining allegations contained in Paragraph 14 of the Complaint not specifically admitted herein.

15.

Safeco is without sufficient information to either admit or deny the allegations contained in Paragraph 15 of the Complaint regarding the nature of what Plaintiff may or may not "contend", and therefore, places Plaintiff on strict proof of same. Notwithstanding the foregoing, to the extent that any part of Paragraph 15 of the Complaint may be interpreted as implying or inferring any wrongdoing by Safeco and/or that there is coverage for the damages sought in the Complaint, said allegations are hereby denied. Safeco denies any and all remaining allegations contained in Paragraph 15 of the Complaint not specifically admitted herein.

16.

Safeco is without sufficient information to either admit or deny the allegations contained in Paragraph 16 of the Complaint regarding the nature of what Plaintiff may or may not "contend", and therefore, places Plaintiff on strict proof of same. Notwithstanding the foregoing, to the extent that any part of Paragraph 16 of the Complaint may be interpreted as implying or inferring any wrongdoing by Safeco and/or that there is coverage for the damages sought in the Complaint, said allegations are hereby denied. Safeco denies any and all remaining allegations contained in Paragraph 16 of the Complaint not specifically admitted herein.

**COUNT I – BREACH OF CONTRACT**

17.

The allegations contained in Paragraph 17 of the Complaint do not require a response by Safeco, but to the extent it is alleged they do, the allegations are denied.

18.

Safeco admits the allegations contained in Paragraph 18 of the Complaint.

19.

Safeco admits the allegations contained in Paragraph 19 of the Complaint. Notwithstanding the foregoing, Safeco shows that the Loss resulted in only $44,068.06 in covered dwelling damage to the Property. As such, to the extent that any part of Paragraph 19 of the Complaint may be interpreted as implying or inferring any wrongdoing by Safeco and/or that there is coverage for the damages sought in the Complaint, said allegations are hereby denied.

20.

Safeco denies the allegations contained in Paragraph 20 of the Complaint as pled. Notwithstanding the foregoing, Safeco shows that, under the terms of the Policy, it was obligated

to make payment to Plaintiff for the undisputed actual cash value of the covered dwelling damage to the Property caused by the Loss (subject to the applicable deductible), which it did. Safeco shows, however, that, under the Policy, it is only obligated to issue payment to Plaintiff for the withheld recoverable depreciation if and when it has been incurred by Plaintiff. Likewise, Safeco shows that it is not obligated to issue payment to Plaintiff for any damage and/or repairs that are not covered under the Policy.

21.

Safeco denies the allegations contained in Paragraph 21 of the Complaint.

22.

Safeco denies the allegations contained in Paragraph 22 of the Complaint.

23.

Safeco denies the allegations contained in Paragraph 23 of the Complaint.

**COUNT II – RECOVERY OF INTEREST UPON DAMAGES (O.C.G.A. § 13-6-13)**

24.

The allegations contained in Paragraph 24 of the Complaint do not require a response from Safeco, but to the extent they do, said allegations are hereby denied.

25.

Safeco denies the allegations contained in Paragraph 25 of the Complaint.

26.

Safeco denies the allegations contained in the "WHEREFORE" paragraph immediately following Paragraph 25 of the Complaint.

27.

Safeco denies any and all allegations not explicitly responded to above.

WHEREFORE, having responded to the allegations of Plaintiff's Complaint, Safeco respectfully requests that:

1. Plaintiff's Complaint be dismissed against Safeco and for judgment on the Complaint in Safeco's favor and against Plaintiff;

2. All costs of this action be cast upon Plaintiff for attorney's fees and expenses of litigation; and

3. Safeco be awarded such other further relief as the Court may deem just and proper.

Served this 13th day of February, 2023.

CHARTWELL LAW, LLP

*/s/ Karen K. Karabinos*
Karen K. Karabinos
Georgia Bar No. 423906

*/s/ Katelyn E. Fischer*
Katelyn E. Fischer
Georgia Bar No.491302

3200 Cobb Galleria Pkwy.
Bldg. 200, Ste. 250
Atlanta, GA 30339
Phone: (470) 660-8737
kkarabinos@chartwelllaw.com
kfischer@chartwelllaw.com

*Counsel for Safeco*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day served a copy of the within and foregoing **SAFECO INSURANCE COMPANY OF INDIANA'S SPECIAL APPEARANCE ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** using the court's electronic filing system, Odyssey/eFileGA, which will send a copy to the counsel of record as follows:

William Max Compton
MORGAN & MORGAN, PLLC
25 Bull Street, Ste. 400
Savannah, GA 31401
mcompton@forthepeople.com

This 13th day of February, 2023.

            CHARTWELL LAW, LLP

            */s/ Karen K. Karabinos*
            Karen K. Karabinos
            Georgia Bar No. 423906

3200 Cobb Galleria Pkwy.
Bldg. 200, Ste. 250        *Counsel for Safeco*
Atlanta, GA 30339
Phone: (470) 660-8737
kkarabinos@chartwelllaw.com
kfischer@chartwelllaw.com