# EXHIBIT "A"

## General Civil and Domestic Relations Case Filing Information Form

*Tiki Brown*

**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Shalonda Green

☐ **Superior** or ☑ **State Court of** Clayton _____ **County**

| For Clerk Use Only | |
|---|---|
| Date Filed **11/23/2022** _____ **MM-DD-YYYY** | Case Number **2022CV02610** _____ |

**Plaintiff(s)**

Gully, Ralph

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Defendant(s)**

Tesfay Kahsay, Bahlbi

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

TLM Transport, LLC

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Plaintiff's Attorney** Blake Fluevog   **Bar Number** 838726   **Self-Represented** ☐

### Check One Case Type in One Box

**General Civil Cases**

- ☑ **Automobile Tort**
- ☐ **Civil Appeal**
- ☐ **Contract**
- ☐ **Garnishment**
- ☐ **General Tort**
- ☐ **Habeas Corpus**
- ☐ **Injunction/Mandamus/Other Writ**
- ☐ **Landlord/Tenant**
- ☐ **Medical Malpractice Tort**
- ☐ **Product Liability Tort**
- ☐ **Real Property**
- ☐ **Restraining Petition**
- ☐ **Other General Civil**

**Domestic Relations Cases**

- ☐ **Adoption**
- ☐ **Dissolution/Divorce/Separate Maintenance**
- ☐ **Family Violence Petition**
- ☐ **Paternity/Legitimation**
- ☐ **Support – IV-D**
- ☐ **Support – Private (non-IV-D)**
- ☐ **Other Domestic Relations**

**Post-Judgment – Check One Case Type**

- ☐ **Contempt**
  - ☐ **Non-payment of child support, medical support, or alimony**
- ☐ **Modification**
- ☐ **Other/Administrative**

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____   _____
**Case Number**   **Case Number**

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
**Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.
_____
_____

Version 1.1.18

2022CV02610

Filed 11/23/2022 1:01 PM

*Tiki Brown*

**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Shalonda Green

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

|  |  |
|---|---|
| **RALPH GULLY,** <br><br>         **Plaintiff,** <br><br> **v.** <br><br> **BAHLBI TESFAY KAHSAY and TLM TRANSPORT, LLC** <br><br>         **Defendants.** | **CIVIL ACTION FILE NO:** 2022CV02610 |

## PLAINTIFF'S COMPLAINT FOR DAMAGES

COMES NOW Ralph Gully, Plaintiff in the above-styled action, and states his complaint for damages against Defendants Bahlbi Tesfay Kahsay and TLM Transport, LLC as follows:

1.

The Plaintiff Ralph Gully is a resident of the State of Georgia.

2.

Defendant Bahlbi Tesfay Kahsay is a resident of the State of Texas. Defendant Bahlbi Tesfay Kahsay is subject to the jurisdiction of this Court pursuant to the Georgia Long Arm Statute, O.C.G.A. §9-10-91, and may be served by issuing Summons and a second original of this Complaint to his last known address of: 8620 Park Lane, Apt 1806, Dallas, Texas 75231-6898. Defendant may also be served via the Georgia Secretary of State pursuant to the Georgia non-resident motorist statute.

3.

Defendant TLM Transport, LLC is a Domestic Limited Liability Company authorized to do business in the State of Georgia. Defendant may be served by issuing Summons and a second original of this Complaint to it at its Registered Agent, Terrell McClendon's address of: 350

Country Lake Drive, McDonough, GA 30252. Defendant is subject to the jurisdiction of this Court and may be served at that address.

4.

Defendants are subject to the jurisdiction of this Court pursuant to Georgia law.

5.

As joint tortfeasors, venue is proper in the State Court of Clayton County, State of Georgia.

6.

Defendants have been properly served with file-stamped copies of Plaintiff's Complaint for Damages and Summons of this action.

7.

On October 22, 2022, Plaintiff Ralph Gully was an Uber driver in his vehicle traveling southbound on I-75 south in the #1 lane towards South Marietta Parkway in Cobb County, State of Georgia.

8.

At or about that same time, Defendant Bahlbi Tesfay Kahsay was operating a 2018 KW TT which was owned, controlled, or leased by Defendant TLM Transport, LLC, traveling southbound on I-75 south in the #2 lane towards south Marietta Parkway in Cobb County, State of Georgia, when he improperly changed lanes, crashed into another vehicle in #3 lane, and then crossed into Plaintiff's lane and crashed into the passenger side of the vehicle Plaintiff's vehicle, causing a significant collision.

2022CV27500

9.

At the time of the subject collision, Defendant Bahlbi Tesfay Kahsay was an employee and/or agent driver of TLM Transport, LLC and Defendant Bahlbi Tesfay Kahsay was operating the aforementioned commercial vehicle with the permission and/or at the direction of Defendant TLM Transport, LLC.

10.

While Defendant Bahlbi Tesfay Kahsay was operating Defendant TLM Transport, LLC's vehicle, he improperly and negligently changed lanes, failed to keep a proper lookout, failed to properly maintain his lane, and struck Plaintiff's vehicle, which caused a significant collision.

11.

Defendant Bahlbi Tesfay Kahsay was negligent in operating the vehicle owned by Defendant TLM Transport, LLC

12.

Defendant Bahlbi Tesfay Kahsay's negligence included, but is not limited to, one or more of the following:

a.  In failing to make reasonable and proper observations while operating the commercial vehicle or, if reasonable and proper observations were made, failing to act thereon;

b.  In operating the vehicle without due caution and circumspection and in a manner so as to endanger the person and/or property of others in the immediate vicinity in violation of O.C.G.A. § 40-6-241, namely the Plaintiff herein;

c.  In failing to maintain lane in violation of O.C.G.A. § 40-6-48;

d.  In failing to properly change lanes in violation of O.C.G.A. § 40-6-123;

e.  In improper use of lane by truck in violation of O.C.G.A. § 40-6-52;

f.  In failing to keep a proper lookout;

g.  In failing to make timely and proper application of brakes in violation of O.C.G.A. § 40-6-241;

h.  In operating the vehicle in reckless disregard for the safety of persons and/or property in violation of O.C.G.A. § 40-6-390; and,

i.  In committing other negligent and reckless acts and omissions as may be shown by the evidence and proven at trial.


13.

Defendant Bahlbi Tesfay Kahsay was and is negligent per se for his actions as described above.


14.

Defendant Bahlbi Tesfay Kahsay failed to operate the vehicle owned by Defendant TLM Transport, LLC with the due care exercised by individuals in like or similar circumstances and operated the vehicle in a manner showing a disregard for the safety of others, including especially the Plaintiff herein.


15.

Defendants' actions constituted negligence in operating the vehicle contrary to the reasonable and safe conditions and circumstances then existing.

16.

At all relevant times, Defendant Bahlbi Tesfay Kahsay was acting at the direction an under the control of Defendant TLM Transport, LLC. Further, Defendant Bahlbi Tesfay Kahsay was operating the 2018 KW TT in the course and scope of his employment with Defendant TLM Transport, LLC with its permission.

17.

Defendant TLM Transport, LLC is liable for the actions and omissions of Defendant Bahlbi Tesfay Kahsay through respondent superior because, at all relevant times, Defendant Bahlbi Tesfay Kahsay was acting within the scope of his employment and/or agency.

18.

Defendant TLM Transport, LLC negligently hired, supervised, trained, and retained Defendant Bahlbi Tesfay Kahsay and negligently entrusted motor vehicle operation responsibilities to Defendant Bahlbi Tesfay Kahsay. Defendant TLM Transport, LLC negligently failed to implement and utilize proper procedures to evaluate Defendant Bahlbi Tesfay Kahsay's skills and expertise for the operation of said motor vehicle.

19.

 Defendant TLM Transport, LLC had knowledge of, or in the exercise of reasonable care, should have had knowledge of the negligence discussed herein and the dangerous condition(s) created by its actions, Defendant TLM Transport, LLC is liable for the negligent supervision, hiring, training, and retention of their management, agents, and employees and the entrustment of said motor vehicle to said management, agents, and employees.

20.

Defendant TLM Transport, LLC was negligent in failing to promulgate and enforce company policies, procedures, and rules for the protection of the public, including but not limited to Plaintiff.

21.

Defendant TLM Transport, LLC was and is negligent per se.

22.

Defendant TLM Transport, LLC was negligent for all other acts of negligence as may be shown at trial.

23.

As a proximate and foreseeable result of the negligence of Defendants, Plaintiff sustained substantial injuries including a head injury and pain to his neck and back, and damages including medical and other reasonable and necessary expenses, mental and physical pain and suffering due to the injuries to his body, musculoskeletal and nervous system, which required both invasive and non-surgical procedures and therapies and which will likely require additional care into the future, personal inconvenience, plus an inability to lead a normal life.

24.

As a result of the subject collision, Plaintiff Ralph Gully incurred reasonable and necessary medical bills in an amount of $35,167.40 and his medical treatment is ongoing.

25.

The Plaintiff, Ralph Gully, will require additional and ongoing medical treatment for the injuries he sustained as a direct result of the Defendants' negligence.

WHEREFORE, Plaintiff respectfully prays and demands as follows:

(a) That Process and Summons issue, as provided by law, requiring Defendants to appear and answer Plaintiff's Complaint;

(b) That service be had upon Defendants as provided by law;

(c) That Plaintiff have and recover general damages from such Defendants, as the jury deems are liable to Plaintiff, and in such an amount as the jury deems just and appropriate to fully and completely compensate Plaintiff for all of his injuries and pain and suffering, mental, physical, and emotional, past, present, and future;

(d) That Plaintiff have and recover from Defendants, special damages for past and future medical expenses and loss of income in the past and future in such an amount as shall be proven at trial;

(e) That this matter be tried to a jury;

(f) That all costs be cast against the Defendants;

(g) For such other and further relief as this Court deems just and appropriate.

This 23rd day of November 2022.

Respectfully submitted,

__/s/ Blake Fluevog_____
Blake Fluevog
Georgia Bar No. 838726
Attorney for Plaintiff

178 S. Main Street, Unit 300
Alpharetta, GA  30009
Telephone: (770)576-7613
bfluevog@forthepeople.com

2022CV02610 ID: Filed 11/23/2022 1:01 PM

*Tiki Brown*
**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
**Shalonda Green**

# IN THE STATE COURT OF CLAYTON COUNTY, GEORGIA

9151 TARA BOULEVARD, ROOM 1CL181, JONESBORO, GEORGIA 30236
TELEPHONE: (770) 477-3388 * FACSIMILE: (770) 472-8159

---

| |
|---|
| Ralph Gully |
| |
| |

Plaintiff

Vs.

| |
|---|
| Bahlbi Tesfay Kahsay |
| TLM Transport, LLC |
| |

Defendant

2022CV02610

_____

Case Number

## SUMMONS

TO THE ABOVE NAMED DEFENDANT(S):

You are hereby summoned and required to file with the Clerk of said Court and serve upon Plaintiff's Attorney, whose name and address is:

| |
|---|
| Blake Fluevog |
| 178 S. Main St., Unit 300, |
| Alpharetta, GA 30009 |
| |

answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will be taken against you for the relief demanded in the complaint.

**TIKI BROWN**
**CLERK OF COURT**
**State Court of Clayton County**

Shalonda Green

By:_____

Deputy Clerk

# IN THE STATE COURT OF CLAYTON COUNTY, GEORGIA

9151 TARA BOULEVARD, ROOM 1CL181, JONESBORO, GEORGIA 30236
TELEPHONE: (770) 477-3388 * FACSIMILE: (770) 472-8159

---

| Ralph Gully |
| --- |
|  |
|  |

Plaintiff

Vs.

| Bahlbi Tesfay Kahsay |
| --- |
| TLM Transport, LLC |
|  |

Defendant

2022CV02610

_____
Case Number

## SUMMONS

TO Underinsured Motorist Farmers Insurance Exchange:
You are hereby summoned and required to file with the Clerk of said Court and serve upon
Plaintiff's Attorney, whose name and address is:

| Blake Fluevog
178 S. Main St., Unit 300,
Alpharetta, GA 30009 |
| --- |

answer to the complaint which is herewith served upon you, within 30 days after service of this
summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will
be taken against you for the relief demanded in the complaint.

**TIKI BROWN**
**CLERK OF COURT**
**State Court of Clayton County**

Shalonda Green
By:_____
Deputy Clerk

# IN THE STATE COURT OF CLAYTON COUNTY, GEORGIA

9151 TARA BOULEVARD, ROOM 1CL181, JONESBORO, GEORGIA 30236
TELEPHONE: (770) 477-3388 * FACSIMILE: (770) 472-8159

---

Ralph Gully

Plaintiff

Vs.

Bahlbi Tesfay Kahsay

TLM Transport, LLC

Defendant

2022CV02610

_____

Case Number

## SUMMONS

TO Underinsured Motorist United Services Automobile Association:

You are hereby summoned and required to file with the Clerk of said Court and serve upon Plaintiff's Attorney, whose name and address is:

Blake Fluevog
178 S. Main St., Unit 300,
Alpharetta, GA 30009

answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will be taken against you for the relief demanded in the complaint.

**TIKI BROWN**
**CLERK OF COURT**
**State Court of Clayton County**

Shalonda Green

By:_____

Deputy Clerk

2022CV02610   Filed 11/23/2022 1:01 PM

*Tiki Brown*
**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
**Shalonda Green**

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| RALPH GULLY,<br><br>        **Plaintiff,**<br>**v.**<br><br>**BAHLBI TESFAY KAHSAY and TLM TRANSPORT, LLC**<br><br>        **Defendants.** | **CIVIL ACTION FILE NO:** 2022CV02610 |

### RULE 5.2 CERTIFICATE OF SERVICE

This is to certify that pursuant to Uniform Court Rule 5.2, I have served upon all Defendants in the foregoing matter with a copy of the following:

1. PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT BAHLBI TESFAY KAHSAY;

2. PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT TLM TRANSPORT, LLC;

3. PLAINTIFF'S FIRST CONTINUING INTERROGATORIES TO DEFENDANT BAHLBI TESFAY KAHSAY;

4. PLAINTIFF'S FIRST CONTINUING INTERROGATORIES TO DEFENDANT TLM TRANSPORT, LLC;

5. PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND NOTICE TO PRODUCE TO DEFENDANT BAHLBI TESFAY KAHSAY;

6. PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND NOTICE TO PRODUCE TO TLM TRANSPORT, LLC.

This 23rd day of November 2022.

Respectfully submitted,

_/s/ Blake Fluevog_____
Blake Fluevog
Georgia Bar No. 838726
Attorney for Plaintiff

178 S. Main Street, Unit 300
Alpharetta, GA  30009
Telephone: (770)576-7613
bfluevog@forthepeople.com

2

**IN THE STATE COURT OF CLAYTON COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| RALPH GULLY, <br><br>       **Plaintiff,** <br> **v.** <br><br> **BAHLBI TESFAY KAHSAY and TLM TRANSPORT, LLC** <br><br>       **Defendants.** | **CIVIL ACTION FILE NO:** |

**CERTIFICATE OF SERVICE**

      This certifies that I have this day served a copy of the foregoing CERTIFICATE OF

SERVICE 5.2 upon all parties to this matter by depositing a true copy of same in the

United States Mail, proper postage prepaid, addressed to counsel of record as follows:

Bahlbi Tesfay Kahsay
8620 Park Lane, Apt 1806
Dallas, TX 75231-6898

TLM Transport, LLC
Terrell McClendon, Registered Agent
350 Country Lake Drive,
McDonough, GA 30252

      This 23rd day of November 2022.

                                 Respectfully submitted,

                                    /s/ Blake Fluevog
                                   Blake Fluevog
                                   Georgia Bar No. 838726
                                   Attorney for Plaintiff

178 S. Main Street, Unit 300
Alpharetta, GA  30009
Telephone: (770)576-7613
bfluevog@forthepeople.com

3

*Tiki Brown*
**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
**Shalonda Green**

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **RALPH GULLY,** | |
| **Plaintiff,** | **CIVIL ACTION FILE NO:** 2022CV02610 |
| **v.** | |
| **BAHLBI TESFAY KAHSAY and TLM TRANSPORT, LLC** | |
| **Defendants.** | |

## RULE 5.2 CERTIFICATE OF SERVICE

This is to certify that pursuant to Uniform Court Rule 5.2, I have served upon all Defendants in the foregoing matter with a copy of the following:

1. PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO FARMERS INSURANCE EXCHANGE;

2. PLAINTIFF'S FIRST CONTINUING INTERROGATORIES TO FARMERS INSURANCE EXCHANGE;

3. PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND NOTICE TO PRODUCE TO FARMERS INSURANCE EXCHANGE.

This 23rd day of November 2022.

Respectfully submitted,

__/s/ Blake Fluevog_____
Blake Fluevog
Georgia Bar No. 838726
Attorney for Plaintiff

178 S. Main Street, Unit 300
Alpharetta, GA  30009
Telephone: (770)576-7613
bfluevog@forthepeople.com

1

**IN THE STATE COURT OF CLAYTON COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| **RALPH GULLY,**<br><br>        **Plaintiff,**<br>**v.**<br><br>**BAHLBI TESFAY KAHSAY and TLM TRANSPORT, LLC**<br><br>       **Defendants.** | **CIVIL ACTION FILE NO:** |

## CERTIFICATE OF SERVICE

This certifies that I have this day served a copy of the foregoing CERTIFICATE OF

SERVICE 5.2 upon all parties to this matter by depositing a true copy of same in the

United States Mail, proper postage prepaid, addressed to counsel of record as follows:

| | | |
|---|---|---|
| Doren E. Hohl | Jeffrey J. Dailey | Thomas S. Noh |
| 6301 Owensmouth Ave. | 6301 Owensmouth Ave. | 6301 Owensmouth Ave. |
| Woodland Hills, CA 91367 | Woodland Hills, CA 91367 | Woodland Hills, CA 91367 |

Farmers Insurance Exchange
Corporation Service Company, Registered Agent
2 Sun Court, Suite 400
Peachtree Corners, GA 30092

This 23rd day of November 2022.

Respectfully submitted,

\_\_/s/ Blake Fluevog_____
Blake Fluevog
Georgia Bar No. 838726
Attorney for Plaintiff

178 S. Main Street, Unit 300
Alpharetta, GA  30009
Telephone: (770)576-7613
bfluevog@forthepeople.com

2

*Tiki Brown*
**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
**Shalonda Green**

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| RALPH GULLY, <br><br>          **Plaintiff,** <br> v. <br><br> **BAHLBI TESFAY KAHSAY and TLM TRANSPORT, LLC** <br><br>       **Defendants.** | **CIVIL ACTION FILE NO:** 2022CV02610 |

## RULE 5.2 CERTIFICATE OF SERVICE

This is to certify that pursuant to Uniform Court Rule 5.2, I have served upon all Defendants in the foregoing matter with a copy of the following:

1. PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO UNITED SERVICES AUTOMOBILE ASSOCIATION;

2. PLAINTIFF'S FIRST CONTINUING INTERROGATORIES TO UNITED SERVICES AUTOMOBILE ASSOCIATION;

3. PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND NOTICE TO PRODUCE TO UNITED SERVICES AUTOMOBILE ASSOCIATION.

This 23rd day of November 2022.

Respectfully submitted,

   /s/ Blake Fluevog
 Blake Fluevog
 Georgia Bar No. 838726
 Attorney for Plaintiff

178 S. Main Street, Unit 300
Alpharetta, GA  30009

1

Telephone: (770)576-7613
bfluevog@forthepeople.com

**IN THE STATE COURT OF CLAYTON COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| **RALPH GULLY,**<br><br>                    **Plaintiff,**<br>**v.**<br><br>**BAHLBI TESFAY KAHSAY and TLM TRANSPORT, LLC**<br><br>                **Defendants.** | **CIVIL ACTION FILE NO:** |

## CERTIFICATE OF SERVICE

This certifies that I have this day served a copy of the foregoing CERTIFICATE OF

SERVICE 5.2 upon all parties to this matter by depositing a true copy of same in the

United States Mail, proper postage prepaid, addressed to counsel of record as follows:

| Amy Cook | James Syring | Kirk R. Haggard |
|---|---|---|
| 9800 Fredericksburg Road | 9800 Fredericksburg Road | 9800 Fredericksburg Road |
| San Antonio, TX 78288 | San Antonio, TX 78288 | San Antonio, TX 78288 |

United Services Automobile Association
Corporation Service Company, Registered Agent
2 Sun Court, Suite 400
Peachtree Corners, GA 30092

This 23rd day of November 2022.

Respectfully submitted,

__/s/ Blake Fluevog_____
Blake Fluevog
Georgia Bar No. 838726
Attorney for Plaintiff

178 S. Main Street, Unit 300
Alpharetta, GA  30009
Telephone: (770)576-7613
bfluevog@forthepeople.com

3

Filed 11/23/2022 1:01 PM

*Tiki Brown*

Tiki Brown
Clerk of State Court
Clayton County, Georgia
Shalonda Green

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **RALPH GULLY,** <br><br> **Plaintiff,** <br><br> v. <br><br> **BAHLBI TESFAY KAHSAY and TLM TRANSPORT, LLC** <br><br> **Defendants.** | **CIVIL ACTION FILE NO:** 2022CV02610 |

### PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT TLM TRANSPORT, LLC

TO:    Defendant TLM Transport, LLC, and its Attorney of Record
Terrell McClendon, Registered Agent
350 Country Lake Drive,
McDonough, GA 30252

COMES NOW, Plaintiff Ralph Gully (hereinafter "Plaintiff"), by and through his counsel of record, and requires TLM Transport, LLC to answer under oath the following Requests for Admissions within 45 days from the date of service of these Requests, pursuant to O.C.G.A. § 9-11-36(a)(2).

Requests for admissions are not objectionable simply because they ask for opinions or conclusions of law as long as the legal conclusions relate to the facts of the case. <u>Bass & Co. v. Fulton County Bd. of Tax Assessors</u>, 268 Ga. 327, 486 S.E.2d 810 (1997).

**NOTE A:**    In reply to these Requests for Admission, your answer should specifically admit or deny the request, or set forth in detail the reasons why the request cannot be truthfully admitted or denied.  Any denial shall fail to meet the substance of the requested admission, and when good faith requires that you qualify your answer or deny only a part of the matter of which an admission is requested, you shall specify so much of it as is true and qualify or deny the remainder.  O.C.G.A. § 9-11-36(a)(2).

**NOTE B:**     As the answering party, you may not give lack of information or knowledge as a reason for failure to admit or deny unless reasonable effort has been made and the information known or readily obtainable and available to the Defendant is sufficient to enable the Defendant to admit or deny the matter.  O.C.G.A. § 9-11-36(a)(2).

**NOTE C:**     If the Defendant considers that a matter requested presents a genuine issue for trial, this alone does not constitute grounds for an objection.  Mixed questions of law and fact, opinions, and genuineness of documents are all legitimate subjects of Requests for Admission. O.C.G.A. § 9-11-36(a)(1)(2).

## DEFINITIONS

As used herein, the terms listed below are defined as follows:

1.  "**Person**" means any natural person, corporation, partnership, proprietorship, association, organization, group of persons, or any governmental body or subdivision thereof.

2.  "**subject incident**" means the collision between Bahlbi Tesfay Kahsay, driver for TLM Transport, LLC, and Ralph Gully which occurred on October 22, 2022, in Cobb County, Georgia.

## REQUEST FOR ADMISSIONS

1.

Please admit that Defendant TLM Transport, LLC was properly served with the Summons and Complaint in the above-styled action.

2.

Please admit that you raise no defenses as to insufficiency of process or insufficiency of service in this action.

3.

Please admit that venue for the above-styled case is proper in the State Court of Clayton

County, Georgia.

4.

Please admit that the State Court of Clayton County, Georgia has jurisdiction over Defendant TLM Transport, LLC for the purpose of this lawsuit.

5.

Please admit that Defendant Bahlbi Tesfay Kahsay was an employee of TLM Transport, LLC at the time of the subject collision with Plaintiff's vehicle.

6.

Please admit that Bahlbi Tesfay Kahsay was operating the 2018 KW TT at the time of the collision in the course and scope of his employment with TLM Transport, LLC.

7.

Please admit that Defendant Bahlbi Tesfay Kahsay was driving the subject 2018 KW TT within the course and scope of his agency relationship with TLM Transport, LLC at the time of the collision-in-suit.

8.

Please admit that Defendant TLM Transport, LLC is liable under the doctrine of respondent superior for the negligent acts and omissions of Bahlbi Tesfay Kahsay at the time of the subject collision.

9.

Please admit that Plaintiff's medical expenses, in the current amount of $35,167.40, for injuries received in the subject collision are reasonable and necessary.

This 23rd day of November 2022.

Respectfully submitted,

__/s/ Blake Fluevog_____
Blake Fluevog
Georgia Bar No. 838726
Attorney for Plaintiff

178 S. Main Street, Unit 300
Alpharetta, GA  30009
Telephone: (770)576-7613
bfluevog@forthepeople.com

**IN THE STATE COURT OF CLAYTON COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| RALPH GULLY,<br><br>       **Plaintiff,**<br>v.<br><br>**BAHLBI TESFAY KAHSAY and TLM TRANSPORT, LLC**<br><br>       **Defendants.** | CIVIL ACTION FILE NO: 2022CV02610 |

<u>**CERTIFICATE OF SERVICE**</u>

This certifies that I have this day served a copy of the foregoing PLAINTIFF'S FIRST

REQUEST FOR ADMISSIONS TO DEFENDANT TLM TRANSPORT, LLC upon all parties

to this matter by depositing a true copy of same in the United States Mail, proper postage

prepaid, addressed to counsel of record as follows:

Bahlbi Tesfay Kahsay
8620 Park Lane, Apt 1806
Dallas, TX 75231-6898

TLM Transport, LLC
Terrell McClendon, Registered Agent
350 Country Lake Drive,
McDonough, GA 30252

This 23rd day of November 2022.

Respectfully submitted,

\_\_/s/ Blake Fluevog_____
Blake Fluevog
Georgia Bar No. 838726
Attorney for Plaintiff

178 S. Main Street, Unit 300
Alpharetta, GA  30009
Telephone: (770)576-7613
bfluevog@forthepeople.com

2022CV02610   Filed 11/23/2022 1:01 PM

*Tiki Brown*
**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Shalonda Green

### IN THE STATE COURT OF CLAYTON COUNTY
### STATE OF GEORGIA

| | |
|---|---|
| **RALPH GULLY,** <br><br> **Plaintiff,** <br> **v.** <br><br> **BAHLBI TESFAY KAHSAY and TLM TRANSPORT, LLC** <br><br> **Defendants.** | **CIVIL ACTION FILE NO:** 2022CV02610 |

### PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO UNDERINSURED MOTORIST FARMERS INSURANCE EXCHANGE

Requests for admissions are not objectionable simply because they ask for opinions or conclusions of law as long as the legal conclusions relate to the facts of the case. *Bass & Co. v. Fulton County Bd. of Tax Assessors*, 268 Ga. 327, 486 S.E.2d 810 (1997).

Please admit each of the following:

1. Your company issued an uninsured-motorist policy to Uber, a company that Plaintiff was a driver for during the time of the crash. This policy was in full force and effect on the date of this incident.  Claim #: 7005221382-1

2. Your company has been validly served with process in this action.

3. The named defendant was negligent in the operation of a motor vehicle which resulted in the subject collision.

4. The named defendant has been validly served with process in this action.

1

This 23rd day of November 2022.

Respectfully submitted,

___/s/ Blake Fluevog_____
Blake Fluevog
Georgia Bar No. 838726
Attorney for Plaintiff

178 S. Main Street, Unit 300
Alpharetta, GA  30009
Telephone: (770)576-7613
bfluevog@forthepeople.com

2

**IN THE STATE COURT OF CLAYTON COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| **RALPH GULLY,**<br><br>                    **Plaintiff,**<br>**v.**<br><br>**BAHLBI TESFAY KAHSAY and TLM TRANSPORT, LLC**<br><br>                    **Defendants.** | **CIVIL ACTION FILE NO.:** 2022CV02610 |

## <u>CERTIFICATE OF SERVICE</u>

This certifies that I have this day served a copy of the foregoing PLAINTIFF'S FIRST

REQUEST FOR ADMISSIONS TO UNDERINSURED MOTORIST FARMERS INSURANCE

EXCHANGE upon all parties to this matter by depositing a true copy of same in the

United States Mail, proper postage prepaid, addressed to counsel of record as follows:

| | | |
|---|---|---|
| Doren E. Hohl | Jeffrey J. Dailey | Thomas S. Noh |
| 6301 Owensmouth Ave. | 6301 Owensmouth Ave. | 6301 Owensmouth Ave. |
| Woodland Hills, CA 91367 | Woodland Hills, CA 91367 | Woodland Hills, CA 91367 |

Farmers Insurance Exchange
Corporation Service Company, Registered Agent
2 Sun Court, Suite 400
Peachtree Corners, GA 30092

This 23rd day of November 2022.

Respectfully submitted,

    /s/ Blake Fluevog
Blake Fluevog
Georgia Bar No. 838726
Attorney for Plaintiff

178 S. Main Street, Unit 300
Alpharetta, GA  30009
Telephone: (770)576-7613

*Tiki Brown*

**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
**Shalonda Green**

### IN THE STATE COURT OF CLAYTON COUNTY
### STATE OF GEORGIA

| | |
|---|---|
| **RALPH GULLY,** <br><br> **Plaintiff,** <br> **v.** <br><br> **BAHLBI TESFAY KAHSAY and TLM TRANSPORT, LLC** <br><br> **Defendants.** | **CIVIL ACTION FILE NO:** 2022CV02610 |

### PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO UNDERINSURED MOTORIST UNITED SERVICES AUTOMOBILE ASSOCIATION

Requests for admissions are not objectionable simply because they ask for opinions or conclusions of law as long as the legal conclusions relate to the facts of the case. *Bass & Co. v. Fulton County Bd. of Tax Assessors*, 268 Ga. 327, 486 S.E.2d 810 (1997).

Please admit each of the following:

1. Your company issued an uninsured-motorist policy to this Plaintiff that was in full force and effect on the date of this incident.  Policy #: 02820 66 38U 7101 0

2. Your company has been validly served with process in this action.

3. The named defendant was negligent in the operation of a motor vehicle which resulted in the subject collision.

4. The named defendant has been validly served with process in this action.


This 23rd day of November 2022.

1

Respectfully submitted,


__/s/ Blake Fluevog_____
Blake Fluevog
Georgia Bar No. 838726
Attorney for Plaintiff

178 S. Main Street, Unit 300
Alpharetta, GA  30009
Telephone: (770)576-7613
bfluevog@forthepeople.com

2022CV02610

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| RALPH GULLY,<br><br>                 **Plaintiff,**<br>v.<br><br>**BAHLBI TESFAY KAHSAY and TLM<br>TRANSPORT, LLC**<br><br>              **Defendants.** | **CIVIL ACTION FILE NO:** 2022CV02610 |

## CERTIFICATE OF SERVICE

This certifies that I have this day served a copy of the foregoing PLAINTIFF'S FIRST

REQUEST FOR ADMISSIONS TO UNDERINSURED MOTORIST UNITED SERVICES

AUTOMOBILE ASSOCIATION upon all parties to this matter by depositing a true copy of

same in the United States Mail, proper postage prepaid, addressed to counsel of record as

follows:

| | | |
|---|---|---|
| Amy Cook | James Syring | Kirk R. Haggard |
| 9800 Fredericksburg Road | 9800 Fredericksburg Road | 9800 Fredericksburg Road |
| San Antonio, TX 78288 | San Antonio, TX 78288 | San Antonio, TX 78288 |

United Services Automobile Association
Corporation Service Company, Registered Agent
2 Sun Court, Suite 400
Peachtree Corners, GA 30092

This 23rd day of November 2022.

                                       Respectfully submitted,

                                   ___/s/ Blake Fluevog_____
                                   Blake Fluevog
                                   Georgia Bar No. 838726
                                   Attorney for Plaintiff

178 S. Main Street, Unit 300

Alpharetta, GA  30009
Telephone: (770)576-7613
bfluevog@forthepeople.com

*Tiki Brown*
**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
**Shalonda Green**

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **RALPH GULLY,** | |
| **Plaintiff,** | **CIVIL ACTION FILE NO:** 2022CV02610 |
| **v.** | |
| **BAHLBI TESFAY KAHSAY and TLM TRANSPORT, LLC** | |
| **Defendants.** | |

### PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS
### TO DEFENDANT BAHLBI TESFAY KAHSAY

TO:   Bahlbi Tesfay Kahsay, Defendant, and his Attorney of Record
      8620 Park Lane, Apt 1806
      Dallas, TX 75231-6898

COMES NOW, Plaintiff Ralph Gully (hereinafter "Plaintiff") by and through his counsel of record and requires Defendant Bahlbi Tesfay Kahsay to answer under oath the following Requests for Admissions within 45 days from the date of service of these Requests, pursuant to O.C.G.A. § 9-11-36(a)(2).

Requests for admissions are not objectionable simply because they ask for opinions or conclusions of law as long as the legal conclusions relate to the facts of the case. Bass & Co. v. Fulton County Bd. of Tax Assessors, 268 Ga. 327, 486 S.E.2d 810 (1997).

**NOTE A:**      In reply to these Requests for Admission, your answer should specifically admit or deny the request, or set forth in detail the reasons why the request cannot be truthfully admitted or denied.  Any denial shall fail to meet the substance of the requested admission, and when good faith requires that you qualify your answer or deny only a part of the matter of which an admission is requested, you shall specify so much of it as is true and qualify or deny the remainder. O.C.G.A. § 9-11-36(a)(2).

**NOTE B:**     As the answering party, you may not give lack of information or knowledge as a reason for failure to admit or deny unless reasonable effort has been made and the information known or readily obtainable and available to the Defendant is sufficient to enable the Defendant to admit or deny the matter.  O.C.G.A. § 9-11-36(a)(2).

**NOTE C:**     If the Defendant considers that a matter requested presents a genuine issue for trial, this alone does not constitute grounds for an objection.  Mixed questions of law and fact, opinions, and genuineness of documents are all legitimate subjects of Requests for Admission.  O.C.G.A. § 9-11-36(a)(1)(2).

### DEFINITIONS

As used herein, the terms listed below are defined as follows:

1. "**Person**" means any natural person, corporation, partnership, proprietorship, association, organization, group of persons, or any governmental body or subdivision thereof.

2. "**subject incident**" means the collision between Bahlbi Tesfay Kahsay, driver for TLM Transport, LLC and Ralph Gully which occurred on October 22, 2022 in Cobb County, Georgia.

### REQUESTS FOR ADMISSION

1.

Admit that Bahlbi Tesfay Kahsay is a proper party to this lawsuit.

2.

Admit that TLM Transport, LLC was properly named in this case.

3.

Admit that Bahlbi Tesfay Kahsay was a professional driver on the date and time of the subject incident.

4.

Admit that service was proper on Bahlbi Tesfay Kahsay.

5.

Admit that venue is proper in the State Court of Clayton County as to you.

6.

Admit that jurisdiction is proper in the State Court of Clayton County as to you.

7.

Admit that Bahlbi Tesfay Kahsay was an employee of TLM Transport, LLC on October 22, 2022.

8.

Admit that Bahlbi Tesfay Kahsay was acting within the scope of his employment at the time of the subject collision.

9.

Admit that on October 22, 2022, Bahlbi Tesfay Kahsay was operating the commercial vehicle owned by Defendant TLM Transport, LLC involved in the subject collision.

10.

Admit that on October 22, 2022, Bahlbi Tesfay Kahsay was driving the commercial vehicle as trained by TLM Transport, LLC.

11.

Admit that no act of Ralph Gully contributed to the subject collision.

12.

Admit that Ralph Gully's actions did not cause or contribute to the subject collision.

13.

Admit that other than those parties named in the Complaint in this case, there are no other persons or entities that caused and/or contributed to the subject incident in any way.

14.

Admit that you received a citation issued by the investigating law enforcement agency arising out of the subject collision.

15.

Admit that you pled guilty to said citation in connection with the subject collision.

16.

Admit that Ralph Gully was injured in the subject collision.

17.

Admit that Plaintiff incurred reasonable and necessary medical expenses, in the current amount of $35,167.40, for the treatment he underwent to the address the injuries he sustained in the subject crash.

This 23rd day of November 2022.

Respectfully submitted,

__/s/ Blake Fluevog_____
Blake Fluevog
Georgia Bar No. 838726
Attorney for Plaintiff

178 S. Main Street, Unit 300
Alpharetta, GA  30009
Telephone: (770)576-7613
bfluevog@forthepeople.com

**IN THE STATE COURT OF CLAYTON COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| RALPH GULLY,<br><br>             **Plaintiff,**<br>v.<br><br>**BAHLBI TESFAY KAHSAY and TLM TRANSPORT, LLC**<br><br>             **Defendants.** | **CIVIL ACTION FILE NO.** 2022CV02610 |

## CERTIFICATE OF SERVICE

This certifies that I have this day served a copy of the foregoing PLAINTIFF'S FIRST

REQUEST FOR ADMISSIONS TO DEFENDANT BAHLBI TESFAY KAHSAY upon all

parties to this matter by depositing a true copy of same in the United States Mail, proper postage

prepaid, addressed to counsel of record as follows:

Bahlbi Tesfay Kahsay
8620 Park Lane, Apt 1806
Dallas, TX 75231-6898

TLM Transport, LLC
Terrell McClendon, Registered Agent
350 Country Lake Drive,
McDonough, GA 30252

This 23rd day of November 2022.

Respectfully submitted,

    /s/ Blake Fluevog_____
Blake Fluevog
Georgia Bar No. 838726
Attorney for Plaintiff

178 S. Main Street, Unit 300
Alpharetta, GA  30009
Telephone: (770)576-7613
bfluevog@forthepeople.com

2022CV02610

State Filed 11/23/2022 1:01 PM
Tiki Brown
Clerk of State Court
Clayton County, Georgia
Shalonda Green

# IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **RALPH GULLY,**<br><br>    **Plaintiff,**<br>**v.**<br><br>**BAHLBI TESFAY KAHSAY and TLM TRANSPORT, LLC**<br><br>    **Defendants.** | **CIVIL ACTION FILE NO:** 2022CV02610 |

## PLAINTIFF'S FIRST CONTINUING INTERROGATORIES TO DEFENDANT BAHLBI TESFAY KAHSAY

TO: Bahlbi Tesfay Kahsay, Defendant, and his Attorney of Record
   8620 Park Lane, Apt 1806
   Dallas, TX 75231-6898

   Plaintiff, pursuant to O.C.G.A. §§ 9-11-33 and 9-11-34, submits herewith to the above-named Defendant (hereinafter referred to "you" or "your") for response within forty-five (45) days after service hereof, in the form provided by law, the following interrogatories and request for production of documents.

   You are required, when answering these interrogatories, to furnish all information that is available to you, your attorneys or agents, and anyone else acting on your behalf. If the complete answer to an interrogatory is not known to you, you shall so state and answer the interrogatory to the fullest extent possible.

   These interrogatories are deemed to be continuing and you are required to provide, by way of supplementary answers to these interrogatories, such additional information as may be obtained hereafter by you, your attorneys or agents, or anyone else acting on your behalf, which information will augment or modify any answer given to the attached interrogatories. All such supplemental

answers must be filed and served upon the counsel of record for the above-named Plaintiff within a reasonable time after discovery or receipt of such additional information, but in no event later than the time of the trial.

The documents requested to be produced for inspection and copying are to be produced at the offices of Blake Fluevog Esq., 178 S. Main Street, Unit 300, Alpharetta, Georgia 30009 within forty-five (45) days following receipt of this request unless the 45th day falls on a holiday or weekend, in which event the production will take place on the Monday following the 45th day; or in the event the time for response is shortened by court order, then the shorter time frame shall be applicable. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

You are also required, pursuant to the Civil Practice Act, to produce at trial the materials and documents requested herein.

The following definitions and instructions are applicable to each interrogatory unless negated by the context:

## I. __DEFINITIONS__

"Document" means any written, recorded, or graphic matter in whatever form, including copies, drafts, and reproductions thereof to which you have or have had access, including, but not limited to, correspondence, memoranda, tapes, stenographic or handwritten notes, studies, publications, books, contracts, agreements, checks, bills, invoices, pamphlets, pictures, films, voice recordings, maps, graphs, reports, surveys, minutes of statistical compilations; every copy of such writing or record where the original is not in your possession, custody or control, and every copy of such writing or record where such copy is not an identical copy of an original or where such copy contains any commentary or notation whatsoever that does not appear on the original. "Person" shall mean a natural person, proprietorship, partnership, corporation, cooperative,

association, firm, group, or any other organization or entity.

"Communication" means the transmittal of information from one or more persons to another person or persons, whether the medium for transmittal be oral, written or electronic.

"Date" shall mean the exact day, month and year, if ascertainable, or if not, the best available approximation (including relationship to other events).

"Identify" or "Identity", when used in reference to:

(a)     an <u>individual</u>, shall mean to state the full name, present or last known residence address (designating which), residence telephone number, present or last known employment address (designating which), employment telephone number, and employment title or capacity.

(b)     a <u>firm, partnership, corporation, proprietorship, association or other organization or entity</u>, shall mean to state its full name and present or last known address (designating which) and the legal form of such entity or organization.

(c)     <u>document</u> shall mean to state: the title (if any), the date, author, sender, recipient, the identity of person signing it, type of document (i.e., a letter, memorandum, notation, book, telegram, chart, etc.) or some other means of identifying it, and its present location or custodian. In the case of a document that was, but is no longer, in the possession, custody or control of Defendant, state what disposition was made of it, why, when and by whom.

Whenever the context so requires, the plural shall include the singular, the singular the plural, the masculine the feminine and neuter, and the neuter the masculine and feminine.

## <u>INTERROGATORIES</u>

### 1.

Please state your full name, current address, current employer, date of birth, social security number, and driver's license number.

2.

State the name and address of any person, including any party, who to your knowledge information or belief:

a. was an eyewitness to the incident underlying this litigation;

b. has some knowledge of any fact or circumstance upon which your defense isbased; or

c. has conducted any investigation relating to the incident underlying this litigationor the background, employment, medical history or activities of the Plaintiff.

3.

Please identify any and all statements or reports given by any person identified in your response to Interrogatory No. 2.

4.

Has any entity issued a policy of liability insurance to you or which is or arguably should be extending insurance coverage to you? If so, please state for each policy:

a. the name of the insurer providing liability insurance;

b. the limits of coverage;

c. the name of the insured on the policy; and

d. the policy number.

5.

Has any insurer referred to in your answer to Interrogatory No. 4 denied coverage or reserved its rights to later deny coverage under any such policy of liability insurance? If so, please explain.

6.

State each and every fact supporting your contention that the Plaintiff's actions contributed to the incident underlying this litigation and identify:

a. each eyewitness that will testify to those facts; and

b. each and every document or tangible piece of evidence that will evidence those facts.

7.

If you intend to call any expert or technician as a witness at the trial of this action, for each expert or technician please:

a. state the subject matter on which s/he is expected to testify;

b. state in detail the opinions held by each such expert or technician; and

c. give a complete summary of the grounds for each opinion held.

8.

Were you on the business of any individual or entity at the time of the subject incident? If so, please identify any such individual or entity, including name, address and telephone number.

9.

If you have ever been arrested or convicted of any crime (other than minor traffic offenses), even if that arrest or conviction has been removed from your record, please identify each crime or alleged violation, date of arrest, the arresting authority, the court in which any criminal proceeding against you was held, and the disposition of each charge. (See Lewis v. The State, 243 Ga. 443; Hightower v. G.M., 175 Ga. App. 112).

10.

Please state each and every prior collision or prior insurance claim which you are aware the Plaintiff has been involved in, or the Plaintiff has made, and state whether your agents have procured an ISO claims index report.

11.

State each and every fact supporting your contention that the Plaintiff's alleged injuries

pre-existed the incident underlying this litigation and identify:

    a.  each eyewitness that will testify to those facts; and

    b.  each and every document or tangible piece of evidence that will evidence thosefacts.

## 12.

State each and every fact supporting your contention that the Plaintiff has uttered inconsistent statements with regard to material facts at issue in this litigation and identify:

    a.  each eyewitness that will testify to those facts; and

    b.  each and every document or tangible piece of evidence that will evidence thosefacts.

## 13.

If you contend that the Plaintiff has been convicted of or pled guilty to a crime of moral turpitude and/or felony, please identify:

    a.    each eyewitness that will testify to those facts; and

    b.    each and every document or tangible piece of evidence that will evidence those facts.

## 14.

What do you contend caused the incident underlying this litigation?

## 15.

State each and every fact supporting your contention that you are not the sole proximate cause of the incident underlying this litigation and identify:

    a.  each eyewitness that will testify to those facts; and

    b.  each and every document or tangible piece of evidence that will evidence thosefacts.

## 16.

What was/were the disposition(s) of the traffic citation(s) issued to you in relation to the

incident underlying this litigation?

17.

Do you contend that any of the named Defendants have been improperly named as parties to this action and/or that improper or incorrect agents for service were used to effectuate service upon the Defendants? If your answer to either of these inquiries is "yes," please provide a detailed explanation as to why you contend that the named Defendants have been improperly named or the agents used for service were improper and provide the complete and correct name of the entities or individuals you contend should have been named and/or served.

18.

Do you contend that venue is improper in this court as to any of the named Defendants, jurisdiction is lacking over any of the named Defendants in this Court, or that service of process has been deficient on any of the named Defendants in this matter? If so, please describe and state with specificity all factual and legal basis supporting any such contention(s).

19.

With regard to the subject truck being operated at the time of the subject incident, please identify:

a. the owner and/or lessee of the vehicle;

b. the frequency with which you drove the vehicle;

c. who paid for the gas and maintenance on the vehicle; and

d. if you did not own the vehicle, state whether or not you had the permission of the owner/lessee to be driving the vehicle at the time of the subject incident.

20.

Do you have a driver's license? If so, please state when you first acquired any driver's

license, what type it is, and what are/were the restrictions on it.

21.

At any other time, either before or after the subject incident, have you ever been arrested

for driving under the influence or for any other drug or alcohol related charge?

22.

What is your citizenship and identify any documents supporting your contention.

23.

For each request to admit that you denied, please identify:

    a.  each eyewitness that will testify to those facts supporting your denial; and

    b.  each and every document or tangible piece of evidence that will evidence factssupporting
        your denial.

24.

Do you contend that Plaintiff's medical bills for the injuries sustained in the subject

collision were not reasonable and customary in their current form?  If not, please explain.


This 23rd day of November 2022.

Respectfully submitted,

    /s/ Blake Fluevog
Blake Fluevog
Georgia Bar No. 838726
Attorney for Plaintiff

178 S. Main Street, Unit 300
Alpharetta, GA  30009
Telephone: (770)576-7613
bfluevog@forthepeople.com

**IN THE STATE COURT OF CLAYTON COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| **RALPH GULLY,**<br><br>              **Plaintiff,**<br>**v.**<br><br>**BAHLBI TESFAY KAHSAY and TLM TRANSPORT, LLC**<br><br>              **Defendants.** | **CIVIL ACTION FILE NO:** |

**CERTIFICATE OF SERVICE**

This certifies that I have this day served a copy of the foregoing PLAINTIFF'S FIRST

CONTINUING INTERROGATORIES TO DEFENDANT BAHLBI TESFAY KAHSAY upon

all parties to this matter by depositing a true copy of same in the United States Mail, proper

postage prepaid, addressed to counsel of record as follows:

Bahlbi Tesfay Kahsay
8620 Park Lane, Apt 1806
Dallas, TX 75231-6898

TLM Transport, LLC
Terrell McClendon, Registered Agent
350 Country Lake Drive,
McDonough, GA 30252

This 23rd day of November 2022.

                              Respectfully submitted,

                              ___/s/ Blake Fluevog_____
                              Blake Fluevog
                              Georgia Bar No. 838726
                              Attorney for Plaintiff

178 S. Main Street, Unit 300
Alpharetta, GA  30009
Telephone: (770)576-7613
bfluevog@forthepeople.com

2022CV02610   E-Filed 11/23/2022 1:01 PM

*Tiki Brown*
**Tiki Brown**
Clerk of State Court
Clayton County, Georgia
Shalonda Green

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **RALPH GULLY,**<br><br>              **Plaintiff,**<br>**v.**<br><br>**BAHLBI TESFAY KAHSAY and TLM TRANSPORT, LLC**<br><br>              **Defendants.** | **CIVIL ACTION FILE NO.:** 2022CV02610 |

### PLAINTIFF'S FIRST CONTINUING INTERROGATORIES TO DEFENDANT TLM TRANSPORT, LLC

TO:    Defendant TLM Transport, LLC, and its Attorney of Record
       Terrell McClendon, Registered Agent
       350 Country Lake Drive,
       McDonough, GA 30252

Plaintiff, pursuant to O.C.G.A. §§ 9-11-33 and 9-11-34, submits herewith to the above-named Defendant (hereinafter referred to "you" or "your") for response within forty-five (45) days after service hereof, in the form provided by law, the following interrogatories and request for production of documents.

You are required, when answering these interrogatories, to furnish all information that is available to you, your attorneys or agents, and anyone else acting on your behalf. If the complete answer to an interrogatory is not known to you, you shall so state and answer the interrogatory to the fullest extent possible.

These interrogatories are deemed to be continuing and you are required to provide, by way of supplementary answers to these interrogatories, such additional information as may be obtained hereafter by you, your attorneys or agents, or anyone else acting on your behalf, which information

will augment or modify any answer given to the attached interrogatories. All such supplemental answers must be filed and served upon the counsel of record for the above-named Plaintiff within a reasonable time after discovery or receipt of such additional information, but in no event later than the time of the trial.

The documents requested to be produced for inspection and copying are to be produced at the offices of Blake Fluevog, Esq., 178 S. Main Street, Unit 300, Alpharetta, Georgia 30009, within forty-five (45) days following receipt of this request unless the 45th day falls on a holiday or weekend, in which event the production will take place on the Monday following the 45th day; or in the event the time for response is shortened by court order, then the shorter time frame shall be applicable. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

You are also required, pursuant to the Civil Practice Act, to produce at trial the materials and documents requested herein.

The following definitions and instructions are applicable to each interrogatory unless negated by the context:

## I. __DEFINITIONS__

"Document" means any written, recorded, or graphic matter in whatever form, including copies, drafts, and reproductions thereof to which you have or have had access, including, but not limited to, correspondence, memoranda, tapes, stenographic or handwritten notes, studies, publications, books, contracts, agreements, checks, bills, invoices, pamphlets, pictures, films, voice recordings, maps, graphs, reports, surveys, minutes of statistical compilations; every copy of such writing or record where the original is not in your possession, custody or control, and every

copy of such writing or record where such copy is not an identical copy of an original or where such copy contains any commentary or notation whatsoever that does not appear on the original.

"Person" shall mean a natural person, proprietorship, partnership, corporation, cooperative, association, firm, group, or any other organization or entity.

"Communication" means the transmittal of information from one or more persons to another person or persons, whether the medium for transmittal be oral, written or electronic.

"Date" shall mean the exact day, month and year, if ascertainable, or if not, the best available approximation (including relationship to other events).

"Identify" or "Identity", when used in reference to:

(a)     an individual, shall mean to state the full name, present or last known residence address (designating which), residence telephone number, present or last known employment address (designating which), employment telephone number, and employment title or capacity.

(b)     a firm, partnership, corporation, proprietorship, association or other organization or entity, shall mean to state its full name and present or last known address (designating which) and the legal form of such entity or organization.

(c)     document shall mean to state: the title (if any), the date, author, sender, recipient, the identity of person signing it, type of document (i.e., a letter, memorandum, notation, book, telegram, chart, etc.) or some other means of identifying it, and its present location or custodian. In the case of a document that was, but is no longer, in the possession, custody or control of Defendant, state what disposition was made of it, why, when and by whom.

Whenever the context so requires, the plural shall include the singular, the singular the plural, the masculine the feminine and neuter, and the neuter the masculine and feminine.

## **INTERROGATORIES**

1.

Please identify the persons or entities who in any way owned and/or leased the subject commercial vehicle referred to in the Complaint at the time of the incident involving the Plaintiff. If theownership changed at any time since said occurrence, please identify every subsequent person or entity.

2.

Please state the factual basis for your assertions, if any, that this Court lacks jurisdiction or venue over Defendants, that there has been an insufficiency of process of service of Plaintiff's Complaint, and/or that there has been an insufficiency of service of process upon the Defendants.

3.

Please state whether Bahlbi Tesfay Kahsay was acting within the course and scope of his employment with TLM Transport, LLC at the time of the incident at issue. If you claim he was not acting within the course and scope of his employment, please detail the basis of your denial.

4.

Please state the name and address of any potential party to this lawsuit, not already a party thereto, and state your claims and reasons for same.

5.

If the commercial vehicle involved in the subject incident belongs to someone other than TLM Transport, LLC please explain the circumstances under which the vehicle came into the possession of the operator,the purpose for which the vehicle was being used and its destination.

6.

If you have ever been a Defendant in a lawsuit involving personal injuries in Georgia, identify the person(s) involved, give the style and number of the case, the nature of the litigation and the court before which the suit was filed.

7.

State specifically and in detail when, where and how you claim the occurrence happened which is the basis of this lawsuit.

8.

Identify all United States statutes, state statutes, city ordinances, county ordinances, and all other governmental laws, rules or regulations which you contend the Plaintiff violated with respect to the incident giving rise to this lawsuit.

9.

Give the name, address, and telephone number of all persons that to you or your representative's knowledge, information or belief were eyewitnesses to the incident giving rise to this lawsuit or have knowledge of any fact or circumstance regarding the incident giving rise to this lawsuit.

10.

State the name, address, and employer of all persons who to your knowledge, information or belief have investigated any aspect of the occurrence, which is the subject of this litigation, and indicate whether or not each has made a written record of the investigation or any part thereof.

11.

Please state the name and address of all expert witnesses or professional consultants retained or consulted by you or on your behalf to make an evaluation or investigation of the cause

of the occurrence giving rise to this lawsuit or the damages sustained by Plaintiff. This request includes each expert expected to testify at trial and state the subject matter the expert is expected to testify about, the substance of the facts and opinions to which the expert is expected to testify and give a summary of the grounds for each opinion. See O.C.G.A. § 9-11-26(b)(4)(A)(i). Please note that this interrogatory applies to all expert witnesses including all practitioners of the healing arts.

### 12.

With regard to each statement (oral, written, recorded, court or deposition transcript, etc.) taken from any person with knowledge relevant to this lawsuit, please state the name of each person giving each statement, the name and address of the person or entity taking each statement, the date each statement was taken, and the name and address of each person having possession, custody or control of each statement.

### 13.

Please identify with specificity any accident or incident involving personal injuries in which Defendant Bahlbi Tesfay Kahsay has been involved, either before or after the incident that is the subject matter of this litigation, including the date, time and place of occurrence, the name, address and telephone number of all parties involved in said accident, the address of the investigating police department, personal injuries, if any, claimed in such accident and a short description of how the accident occurred.

### 14.

Describe with particularity all photographs, charts, diagrams, videotapes, documents, illustrations, and/or other tangible items, of any person, place or thing involved in this lawsuit, giving the date each was made and the name and address of the person(s) with possession, custody

or control of each item. (NOTE: You need not describe any document that was produced and specifically listed as having been produced in your responses to Plaintiff's first request for production of documents.)

15.

State the substance of each conversation you had with Plaintiff or any representative of Plaintiff at any time.

16.

For the date of the incident that is the subject of this lawsuit, state the times in which Defendant Bahlbi Tesfay Kahsay went to work and the times he quit work on that date, and on each of the previous seven (7) days.

17.

Please state the point of origin, the destination, the reason for the trip, and at whose request Defendant Bahlbi Tesfay Kahsay was driving the subject commercial vehicle at the time of the incident described in Plaintiff's Complaint.

18.

If Defendant Bahlbi Tesfay Kahsay has ever been given a citation for traffic offenses or a work reprimand preceding the incident which is the subject of this lawsuit, please state the date and place where the citation(s) or reprimands were issued and the disposition(s) of each.

19.

Please state the make, year, weight and model of the subject commercial vehicle involved in the incident, and please identify the last date preceding the incident on which the tires were replaced or repaired on the vehicle, and please identify all mechanical repairs or services to the trailer preceding the crash.

20.

Has Defendant Bahlbi Tesfay Kahsay ever had a driver's license suspended, canceled, revoked, or containingany restrictions of any sort in the past, at the time of the incident, or after the incident forming the basis of Plaintiff's Complaint?

21.

Please state the factual basis for each defense that you assert in this action.

22.

If you contend that the Plaintiff acted, or failed to act, in a manner as to cause or contribute to the occurrence made the basis of this suit, please set forth each and every fact or act upon which your contention is based.

23.

For each insurance agreement that may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse you for payments made to satisfy this judgment, please state the name and address of each insurer, the amount of coverage available to satisfy such a judgment, and any conditions upon which the insurer has purported to reserve its rights to decline coverage.

24.

Please identify any and all documentary or other tangible evidence, not previously identified or produced, which you believe demonstrates and/or supports facts relevant to the claims and/or defenses in this case.

25.

Please identify all policies and procedures in effect to supervise and regulate your drivers to determine their ability to safely operate and maintain commercial vehicles, such as the vehicle

driven by Defendant Bahlbi Tesfay Kahsay forming the basis of Plaintiff's Complaint.

26.

Did you make a determination as to whether this incident was preventable by or chargeableto Bahlbi Tesfay Kahsay? If so, please state your determination and the reasons, therefore.

27.

As to each statement or report, written, taped or otherwise, which has been made by any person concerning the occurrence complained of, please describe each such statement or report, giving as to each such statement or report the name of the person giving such statement or report, the date of same and the present location of such statement or report or any copy thereof.

28.

If you, your attorney, your insurance carrier or anyone acting on your or their behalf, have or know of any photographs, motion pictures, maps, drawings, diagrams, measurements, surveys or other descriptions concerning the events and happenings alleged in the Complaint, scene of the accident, the area, or persons, or vehicles involved made either before, after or at the time of the event in question, as to each such item, state:

    a)     what each such item purports to show, illustrate or represent;

    b)     the date it was made or taken; and

    c)     the names and address of the person having custody of such item.

29.

Do you know of any test(s), experiment(s) or accident reconstruction(s) which in any way illustrate or demonstrate either the manner of the occurrence or any contributing cause of the occurrence? If so, state the full name, address and telephone numbers of any person performing such test(s), experiment(s) or reconstruction(s), and provide a summary of any findings.

30.

Please state by whom Defendant Bahlbi Tesfay Kahsay was given permission to operate the subject truck or tractor trailer and on what date authorization was given.

31.

Detail each and every arrangement or agreement between Defendant Bahlbi Tesfay Kahsay and TLM Transport, LLC or any other individual or entity under which Bahlbi Tesfay Kahsay was performing services at the time of the subject incident.

32.

State the date and time of each and every inspection of the subject commercial vehicle prior to this incident. For each inspection, detail how the inspection was performed, identify who was present and the results of the inspection.

33.

Are you a motor common carrier for hire?

34.

Please state the names, addresses and job positions of all operations managers who wereeither working at the time of this incident or have knowledge of this incident.

35.

Please state whether you have attempted to surveil or observe Plaintiff at any time after the collision forming the basis of Plaintiff's Complaint, and state whether any video tapes, pictures or reports were taken or made regarding such surveillance, the date(s) the surveillance was conducted, and the person who conducted the surveillance or observation. (NOTE: This Interrogatory is broad and seeks to discover all post-collision surveillance even if such attempts were unsuccessful.)

36.

Please provide the present location of the tractor-trailer involved in this incident, state whether it has been altered or repaired following the incident, and identify the nature of the alteration or repairs, the person or entity who made such alterations or repairs, and any documentation regarding such alteration or repairs.

37.

Please state whether Defendant Bahlbi Tesfay Kahsay received any verbal or written disciplinary action as a result of the incident at issue, and if so, please state the nature of the discipline, identify all persons with knowledge of the disciplinary action, and the result of such action.

38.

Please identify whether the subject commercial vehicle driven by Bahlbi Tesfay Kahsay was equipped with any monitoring or recording devices (i.e., a "black box") at the time of the incidentat issue, and if so, please identify all documents generated therefrom.

39.

Do you contend that Plaintiff's damages for the injuries sustained in the subject collision were not reasonable and customary in their current form?  If not, please explain.

This 23rd day of November 2022.

Respectfully submitted,

___/s/ Blake Fluevog_____
Blake Fluevog
Georgia Bar No. 838726
Attorney for Plaintiff

178 S. Main Street, Unit 300
Alpharetta, GA  30009
Telephone: (770)576-7613
bfluevog@forthepeople.com

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **RALPH GULLY,**<br><br>                 **Plaintiff,**<br>**v.**<br><br>**BAHLBI TESFAY KAHSAY and TLM TRANSPORT, LLC**<br><br>                 **Defendants.** | **CIVIL ACTION FILE NO:** |

### CERTIFICATE OF SERVICE

This certifies that I have this day served a copy of the foregoing PLAINTIFF'S FIRST

CONTINUING INTERROGATORIES TO DEFENDANT TLM TRANSPORT, LLC upon all

parties to this matter by depositing a true copy of same in the United States Mail, proper postage

prepaid, addressed to counsel of record as follows:

Bahlbi Tesfay Kahsay
8620 Park Lane, Apt 1806
Dallas, TX 75231-6898

TLM Transport, LLC
Terrell McClendon, Registered Agent
350 Country Lake Drive,
McDonough, GA 30252

This 23rd day of November 2022.

Respectfully submitted,

    /s/ Blake Fluevog_____
Blake Fluevog
Georgia Bar No. 838726
Attorney for Plaintiff

178 S. Main Street, Unit 300
Alpharetta, GA  30009
Telephone: (770)576-7613
bfluevog@forthepeople.com

2022CV02610
Filed 11/23/2022 1:01 PM

*Tiki Brown*
Tiki Brown
Clerk of State Court
Clayton County, Georgia
Shalonda Green

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| RALPH GULLY,<br><br>    **Plaintiff,**<br>**v.**<br><br>**BAHLBI TESFAY KAHSAY and TLM TRANSPORT, LLC**<br><br>    **Defendants.** | **CIVIL ACTION FILE NO:** 2022CV02610 |

## PLAINTIFF'S FIRST CONTINUING INTERROGATORIES TO UNDERINSURED MOTORIST FARMERS INSURANCE EXCHANGE

You are required, when answering these interrogatories, to furnish all information that is available to you, your attorneys or agents, and anyone else acting on your behalf. If the complete answer to an interrogatory is not known to you, you shall so state and answer the interrogatory to the fullest extent possible.

These interrogatories are deemed to be continuing and you are required to provide, by way of supplementary answers to these interrogatories, such additional information as may be obtained hereafter by you, your attorneys or agents, or anyone else acting on your behalf, which information will augment or modify any answer given to the attached interrogatories. All such supplemental answers must be filed and served upon the counsel of record for the above-named Plaintiff(s) within a reasonable time after discovery or receipt of such additional information, but in no event later than the time of the trial.

The documents requested to be produced for inspection and copying are to be produced at the offices of Blake Fluevog Esq., 178 S. Main Street, Unit 300, Alpharetta, Georgia 30009 within

forty-five (45) days following receipt of this request unless the 45th day falls on a holiday or weekend, in which event the production will take place on the Monday following the 45th day; or in the event the time for response is shortened by court order, then the shorter time frame shall be applicable.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

You are also required, pursuant to the Civil Practice Act, to produce at trial the materials and documents requested herein.

The following definitions and instructions are applicable to each interrogatory unless negated by the context:

## I.      Definitions

"Document" means any written, recorded, or graphic matter in whatever form, including copies, drafts, and reproductions thereof to which you have or have had access, including, but not limited to, correspondence, memoranda, tapes, stenographic or handwritten notes, studies, publications, books, contracts, agreements, checks, bills, invoices, pamphlets, pictures, films, voice recordings, maps, graphs, reports, surveys, minutes of statistical compilations; every copy of such writing or record where the original is not in your possession, custody or control, and every copy of such writing or record where such copy is not an identical copy of an original or where such copy contains any commentary or notation whatsoever that does not appear on the original.

"Person" shall mean a natural person, proprietorship, partnership, corporation, cooperative, association, firm, group, or any other organization or entity.

"Communication" means the transmittal of information from one or more persons to another person or persons, whether the medium for transmittal be oral, written or electronic.

"Date" shall mean the exact day, month and year, if ascertainable, or if not, the best available approximation (including relationship to other events).

"Identify" or "Identity", when used in reference to:

(a)    an <u>individual</u>, shall mean to state the full name, present or last known residence address (designating which), residence telephone number, present or last known employment address (designating which), employment telephone number, and employment title or capacity.

(b)    a <u>firm, partnership, corporation, proprietorship, association or other organization or entity</u>, shall mean to state its full name and present or last known address (designating which) and the legal form of such entity or organization.

(c)    <u>document</u> shall mean to state: the title (if any), the date, author, sender, recipient, the identity of person signing it, type of document (i.e., a letter, memorandum, notation, book, telegram, chart, etc.) or some other means of identifying it, and its present location or custodian. In the case of a document that was, but is no longer, in the possession, custody or control of Defendant(s), state what disposition was made of it, why, when and by whom.

Whenever the context so requires, the plural shall include the singular, the singular the plural, the masculine the feminine and neuter, and the neuter the masculine and feminine.

2022CV35101

## **INTERROGATORIES**

1.

Identify yourself and each and every person answering, or providing information for the answering, of these interrogatories.  If more than one person has answered or provided information, please indicate who has answered which questions and provided what information.

2.

Identify each policy of insurance issued by you providing coverage to Plaintiff(s) for the collision that is the basis of this lawsuit.

3.

State the type and extent (policy limits) of coverage provided to the Plaintiff(s) in this lawsuit by each policy of insurance identified by you in answer to the preceding interrogatory.

4.

Identify all persons having knowledge of facts relevant to the subject matter of this lawsuit. For each such person, briefly describe the subject matter of his or her knowledge.

5.

Identify any potential party to this lawsuit, not already a party hereto, and state in detail your contention or opinion why any such party is identified by you as a potential party in this lawsuit.

6.

State whether or not you have a copy of any statement which the Plaintiff(s) has/have previously made concerning the action or its subject matter and which is in your possession, custody or control.

*For the purposes of the above Interrogatory, a statement previously made is (1) a written statement signed or otherwise adopted or approved by the person making it, or (2) a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded, or recorded within a reasonable time thereafter.*

7.

State in detail your contention as to how the collision occurred and state specifically and in detail what your claim, opinion or contention will be regarding any cause or contributing cause of the collision, including a statement in detail of the facts or information upon which your claim, opinion or contention is based.

8.

If you contend or allege that Plaintiff(s) is/are not entitled to uninsured and/or underinsured motorist coverage under any policy of insurance issued by you to Plaintiff(s) for the claims in this

lawsuit, specifically set forth the basis of your contention, and identify each document and witness relied upon by you to support that contention or allegation.

9.

If you contend that you are entitled to offset in this lawsuit for any money paid by you to Plaintiff(s) under the provisions of any policy of insurance providing coverage to Plaintiff(s), please set forth:

(a) Each and every specific provision of that policy on which you rely; and

(b) Each and every specific provision of law, on which you rely.

10.

Do you dispute that the Defendant(s) was/were an underinsured motorist at the time of the collision made the basis of this lawsuit?  If so, please set forth in detail the basis for your dispute, and identify each document and witness relied upon by you to support that contention or allegation.

11.

Describe in detail any relevant conversations you (or any of your representatives) have had with:

(a) Plaintiff(s) (or any of Plaintiff's(s) representatives;

(b) Any law enforcement official, following the collision but prior to the filing of this lawsuit; and

(c) Any other person, following the collision but prior to the filing of this lawsuit.

12.

Describe any information you have, or any reason you have, to believe that Plaintiff'(s) medical treatment, claimed to have been incurred as a result of the collision, was not reasonable and necessary, and identify the source(s) of your information supporting that indication or belief.

13.

Describe any information you have, or any reason you have, to believe that the Plaintiff'(s) medical expenses, claimed to have been incurred as a result of the collision, were not reasonable or customary, and identify the source(s) of your information supporting that indication or belief.

14.

Does your insurance company allege that the claims of Plaintiff(s) in this lawsuit are "minor impact" or "low damage" or "minor impact-soft tissue" claims?  If so, please state in detail the reasons for that consideration, and identify the source(s) of your information supporting your allegation.  If not, please state in detail the reasons for that consideration, and identify the source(s) of your information supporting your allegation.

15.

Please list all persons that your insurance company plans to call as an expert in this case (either at trial or any other hearing).  For each person listed, please state the following:

(a) Each person's name, residence address, office address, office telephone number, and area of expertise of specialty;

(b) The subject matter upon which said persons are expected to testify; and

(c) The substance of the facts and opinions to which such experts are expected to testify.

16.

Describe in detail any settlement, agreement, deal, or other understanding of any kind whatsoever, tentative or reached with any other person, firm, corporation, partnership, insurer, or legal entity whatsoever in respect to this lawsuit (oral, written, or otherwise).  This interrogatory seeks but is not limited to information concerning agreements or understandings of any kind whatsoever, including past, present, or future settlements, deals, agreements, understandings, and conduct by or between you and any other person or legal entity whatsoever.

17.

Please set forth in detail every contention and opinion you allege supports any affirmative defense raised in your Answer to Plaintiff'(s) Complaint.

This 23rd day of November 2022.

Respectfully submitted,

\_\_/s/ Blake Fluevog_____
Blake Fluevog
Georgia Bar No. 838726
Attorney for Plaintiff

178 S. Main Street, Unit 300
Alpharetta, GA  30009
Telephone: (770)576-7613
bfluevog@forthepeople.com

**IN THE STATE COURT OF CLAYTON COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| RALPH GULLY,<br><br>        **Plaintiff,**<br>**v.**<br><br>**BAHLBI TESFAY KAHSAY and TLM TRANSPORT, LLC**<br><br>        **Defendants.** | **CIVIL ACTION FILE NO:** |

## CERTIFICATE OF SERVICE

This certifies that I have this day served a copy of the foregoing PLAINTIFF'S FIRST

CONTINUING INTERROGATORIES TO UNDERINSURED MOTORIST FARMERS

INSURANCE EXCHANGE upon all parties to this matter by depositing a true copy of same in

the United States Mail, proper postage prepaid, addressed to counsel of record as follows:

| Doren E. Hohl | Jeffrey J. Dailey | Thomas S. Noh |
|---|---|---|
| 6301 Owensmouth Ave. | 6301 Owensmouth Ave. | 6301 Owensmouth Ave. |
| Woodland Hills, CA 91367 | Woodland Hills, CA 91367 | Woodland Hills, CA 91367 |

Farmers Insurance Exchange
Corporation Service Company, Registered Agent
2 Sun Court, Suite 400
Peachtree Corners, GA 30092

This 23rd day of November 2022.

Respectfully submitted,

   __/s/ Blake Fluevog_____
Blake Fluevog
Georgia Bar No. 838726
Attorney for Plaintiff

178 S. Main Street, Unit 300
Alpharetta, GA  30009
Telephone: (770)576-7613
bfluevog@forthepeople.com

2022CV02610   State Court of Fulton County   **E-Filed 11/23/2022 1:01 PM**

*Tiki Brown*
**Tiki Brown
Clerk of State Court
Clayton County, Georgia
Shalonda Green**

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| RALPH GULLY,<br><br>         **Plaintiff,**<br>v.<br><br>**BAHLBI TESFAY KAHSAY and TLM TRANSPORT, LLC**<br><br>         **Defendants.** | **CIVIL ACTION FILE NO:** 2022CV02610 |

## PLAINTIFF'S FIRST CONTINUING INTERROGATORIES TO UNDERINSURED MOTORIST UNITED SERVICES AUTOMOBILE ASSOCIATION

You are required, when answering these interrogatories, to furnish all information that is available to you, your attorneys or agents, and anyone else acting on your behalf. If the complete answer to an interrogatory is not known to you, you shall so state and answer the interrogatory to the fullest extent possible.

These interrogatories are deemed to be continuing and you are required to provide, by way of supplementary answers to these interrogatories, such additional information as may be obtained hereafter by you, your attorneys or agents, or anyone else acting on your behalf, which information will augment or modify any answer given to the attached interrogatories. All such supplemental answers must be filed and served upon the counsel of record for the above-named Plaintiff(s) within a reasonable time after discovery or receipt of such additional information, but in no event later than the time of the trial.

The documents requested to be produced for inspection and copying are to be produced at the offices of Blake Fluevog Esq., 178 S. Main Street, Unit 300, Alpharetta, Georgia 30009 within

forty-five (45) days following receipt of this request unless the 45th day falls on a holiday or weekend, in which event the production will take place on the Monday following the 45th day; or in the event the time for response is shortened by court order, then the shorter time frame shall be applicable.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

You are also required, pursuant to the Civil Practice Act, to produce at trial the materials and documents requested herein.

The following definitions and instructions are applicable to each interrogatory unless negated by the context:

## I.       Definitions

"Document" means any written, recorded, or graphic matter in whatever form, including copies, drafts, and reproductions thereof to which you have or have had access, including, but not limited to, correspondence, memoranda, tapes, stenographic or handwritten notes, studies, publications, books, contracts, agreements, checks, bills, invoices, pamphlets, pictures, films, voice recordings, maps, graphs, reports, surveys, minutes of statistical compilations; every copy of such writing or record where the original is not in your possession, custody or control, and every copy of such writing or record where such copy is not an identical copy of an original or where such copy contains any commentary or notation whatsoever that does not appear on the original.

"Person" shall mean a natural person, proprietorship, partnership, corporation, cooperative, association, firm, group, or any other organization or entity.

"Communication" means the transmittal of information from one or more persons to another person or persons, whether the medium for transmittal be oral, written or electronic.

"Date" shall mean the exact day, month and year, if ascertainable, or if not, the best available approximation (including relationship to other events).

"Identify" or "Identity", when used in reference to:

(a)     an <u>individual,</u> shall mean to state the full name, present or last known residence address (designating which), residence telephone number, present or last known employment address (designating which), employment telephone number, and employment title or capacity.

(b)     a <u>firm, partnership, corporation, proprietorship, association or other organization or entity,</u> shall mean to state its full name and present or last known address (designating which) and the legal form of such entity or organization.

(c)     <u>document</u> shall mean to state: the title (if any), the date, author, sender, recipient, the identity of person signing it, type of document (i.e., a letter, memorandum, notation, book, telegram, chart, etc.) or some other means of identifying it, and its present location or custodian. In the case of a document that was, but is no longer, in the possession, custody or control of Defendant(s), state what disposition was made of it, why, when and by whom.

Whenever the context so requires, the plural shall include the singular, the singular the plural, the masculine the feminine and neuter, and the neuter the masculine and feminine.

## INTERROGATORIES

1.

Identify yourself and each and every person answering, or providing information for the answering, of these interrogatories.  If more than one person has answered or provided information, please indicate who has answered which questions and provided what information.

2.

Identify each policy of insurance issued by you providing coverage to Plaintiff(s) for the collision that is the basis of this lawsuit.

3.

State the type and extent (policy limits) of coverage provided to the Plaintiff(s) in this lawsuit by each policy of insurance identified by you in answer to the preceding interrogatory.

4.

Identify all persons having knowledge of facts relevant to the subject matter of this lawsuit. For each such person, briefly describe the subject matter of his or her knowledge.

5.

Identify any potential party to this lawsuit, not already a party hereto, and state in detail your contention or opinion why any such party is identified by you as a potential party in this lawsuit.

6.

State whether or not you have a copy of any statement which the Plaintiff(s) has/have previously made concerning the action or its subject matter and which is in your possession, custody or control.

*For the purposes of the above Interrogatory, a statement previously made is (1) a written statement signed or otherwise adopted or approved by the person making it, or (2) a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded, or recorded within a reasonable time thereafter.*

7.

State in detail your contention as to how the collision occurred and state specifically and in detail what your claim, opinion or contention will be regarding any cause or contributing cause of the collision, including a statement in detail of the facts or information upon which your claim, opinion or contention is based.

8.

If you contend or allege that Plaintiff(s) is/are not entitled to uninsured and/or underinsured motorist coverage under any policy of insurance issued by you to Plaintiff(s) for the claims in this lawsuit, specifically set forth the basis of your contention, and identify each document and witness relied upon by you to support that contention or allegation.

9.

If you contend that you are entitled to offset in this lawsuit for any money paid by you to Plaintiff(s) under the provisions of any policy of insurance providing coverage to Plaintiff(s), please set forth:

(a)  Each and every specific provision of that policy on which you rely; and

(b)  Each and every specific provision of law, on which you rely.

## 10.

Do you dispute that the Defendant(s) was/were an underinsured motorist at the time of the collision made the basis of this lawsuit?  If so, please set forth in detail the basis for your dispute, and identify each document and witness relied upon by you to support that contention or allegation.

## 11.

Describe in detail any relevant conversations you (or any of your representatives) have had with:

(a)  Plaintiff(s) (or any of Plaintiff's(s) representatives;

(b)  Any law enforcement official, following the collision but prior to the filing of this lawsuit; and

(c)  Any other person, following the collision but prior to the filing of this lawsuit.

12.

Describe any information you have, or any reason you have, to believe that Plaintiff'(s) medical treatment, claimed to have been incurred as a result of the collision, was not reasonable and necessary, and identify the source(s) of your information supporting that indication or belief.

13.

Describe any information you have, or any reason you have, to believe that the Plaintiff'(s) medical expenses, claimed to have been incurred as a result of the collision, were not reasonable or customary, and identify the source(s) of your information supporting that indication or belief.

14.

Does your insurance company allege that the claims of Plaintiff(s) in this lawsuit are "minor impact" or "low damage" or "minor impact-soft tissue" claims?  If so, please state in detail the reasons for that consideration, and identify the source(s) of your information supporting your allegation.  If not, please state in detail the reasons for that consideration, and identify the source(s) of your information supporting your allegation.

15.

Please list all persons that your insurance company plans to call as an expert in this case (either at trial or any other hearing).  For each person listed, please state the following:

(a) Each person's name, residence address, office address, office telephone number, and area of expertise of specialty;

(b) The subject matter upon which said persons are expected to testify; and

(c) The substance of the facts and opinions to which such experts are expected to testify.

16.

Describe in detail any settlement, agreement, deal, or other understanding of any kind whatsoever, tentative or reached with any other person, firm, corporation, partnership, insurer, or legal entity whatsoever in respect to this lawsuit (oral, written, or otherwise). This interrogatory seeks but is not limited to information concerning agreements or understandings of any kind whatsoever, including past, present, or future settlements, deals, agreements, understandings, and conduct by or between you and any other person or legal entity whatsoever.

17.

Please set forth in detail every contention and opinion you allege supports any affirmative defense raised in your Answer to Plaintiff'(s) Complaint.

This 23rd day of November 2022.

Respectfully submitted,

___/s/ Blake Fluevog_____
Blake Fluevog
Georgia Bar No. 838726
Attorney for Plaintiff

178 S. Main Street, Unit 300
Alpharetta, GA  30009
Telephone: (770)576-7613
bfluevog@forthepeople.com

**IN THE STATE COURT OF CLAYTON COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| **RALPH GULLY,**<br><br>            **Plaintiff,**<br>**v.**<br><br>**BAHLBI TESFAY KAHSAY and TLM TRANSPORT, LLC**<br><br>            **Defendants.** | **CIVIL ACTION FILE NO:** |

## CERTIFICATE OF SERVICE

This certifies that I have this day served a copy of the foregoing PLAINTIFF'S FIRST

CONTINUING INTERROGATORIES TO UNDERINSURED MOTORIST UNITED

SERVICES AUTOMOBILE ASSOCIATION upon all parties to this matter by depositing a true

copy of same in the United States Mail, proper postage prepaid, addressed to counsel of record as

follows:

| | | |
|---|---|---|
| Amy Cook | James Syring | Kirk R. Haggard |
| 9800 Fredericksburg Road | 9800 Fredericksburg Road | 9800 Fredericksburg Road |
| San Antonio, TX 78288 | San Antonio, TX 78288 | San Antonio, TX 78288 |

United Services Automobile Association
Corporation Service Company, Registered Agent
2 Sun Court, Suite 400
Peachtree Corners, GA 30092

This 23rd day of November 2022.

Respectfully submitted,

 __/s/ Blake Fluevog_____
 Blake Fluevog
 Georgia Bar No. 838726
 Attorney for Plaintiff

178 S. Main Street, Unit 300
Alpharetta, GA  30009
Telephone: (770)576-7613

*Tiki Brown*

**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Shalonda Green

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **RALPH GULLY,**<br><br>        **Plaintiff,**<br>v.<br><br>**BAHLBI TESFAY KAHSAY and TLM TRANSPORT, LLC**<br><br>        **Defendants.** | **CIVIL ACTION FILE NO:** 2022CV02610 |

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND NOTICE TO PRODUCE TO DEFENDANT BAHLBI TESFAY KAHSAY

TO:   Defendant, Bahlbi Tesfay Kahsay, and his Attorney of Record
8620 Park Lane, Apt 1806
Dallas, TX 75231-6898

Plaintiff, pursuant to O.C.G.A. §§ 9-11-33 and 9-11-34, submits herewith to the above-named Defendant (hereinafter referred to "you" or "your") for response within forty-five (45) days after service hereof, in the form provided by law, the following Request for Production of Documents and Notice to Produce.

You are required, when responding to these requests, interrogatories, to furnish all information that is available to you, your attorneys or agents, and anyone else acting on your behalf.

You are requested to produce the following described documents for inspection and copying on behalf of the Defendant, this material to be produced to Blake Fluevog, Esq., 178 S. Main Street, Unit 300, Alpharetta, Georgia 30009, Attorney for Plaintiff.

### DOCUMENTS TO BE PRODUCED

1.

Any and all videotapes, photographs, plats or drawings of the vehicles, parties, scene

ofthe incident or any other matter material to the incident underlying this litigation.

2.

Any and all videotapes, photographs, reports, data, memoranda, handwritten notes, or other documents reviewed by or generated by any expert or technician identified in your response to Interrogatory No. 7.

3.

Any and all medical records, videotapes, photographs or other evidence concerning,referencing or depicting Plaintiff.

4.

A copy of any and all photographs and/or videotapes depicting the Plaintiff doing anything.

5.

Any and all documents obtained through a request for production of documents or subpoena.

6.

Any and all documents regarding the property damage estimate of repairs and/or repair bills which you claim were sustained as a result of the incident.

7.

Any and all documents which would in any way challenge, diminish or refute any of the Plaintiff's claimed injuries, medical and/or hospital bills, or lost earnings related to the subject incident.

8.

Any and all insurance policies, including declarations pages, which might provide benefitsrelated to the subject incident regardless of whether the insurer agrees there was

coverage.

### 9.

Any and all taped or written statements taken from Plaintiff, or any other potentialwitnesses to this lawsuit, by anyone acting on behalf of Defendant's or Defendants' insurer(s).

### 10.

Any and all documents, books, writings or other tangible things which support any defensesyou rely upon in your defense to this lawsuit.

### 11.

A copy of the title and tag registration on the vehicle you were driving at the time of thesubject incident.

### 12.

Any and all documents reflecting the disposition of any charges made against you in the subject incident, including the citations identified in your answer to Interrogatory No.16.

### 13.

A copy of your current driver's license and all drivers' licenses you have held in the pastfive (5) years.

### 14.

Any and all documents related to Plaintiff's medical treatment for injuries allegedly received in the subject incident.

### 15.

Any and all documents related to the medical treatment Plaintiff received prior to thesubject incident.

16.

Any and all documents which you contend in any way impeach or discredit the Plaintiff.

17.

For any document which has not been produced on grounds of privilege, please state

thefollowing:

(a)    the date each document was generated;

(b)    the person generating each document;

(c)    the present custodian of each document; and

(d)    a description of each document.

18.

Please produce any and all documents intended to be used to argue that Plaintiff's damages

noted in Plaintiff's Interrogatory Number 24 are not reasonable and customary.

This 23rd day of November 2022.

Respectfully submitted,

__/s/ Blake Fluevog_____
Blake Fluevog
Georgia Bar No. 838726
Attorney for Plaintiff

178 S. Main Street, Unit 300
Alpharetta, GA  30009
Telephone: (770)576-7613
bfluevog@forthepeople.com

**IN THE STATE COURT OF CLAYTON COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| RALPH GULLY,<br><br>           **Plaintiff,**<br>v.<br><br>**BAHLBI TESFAY KAHSAY and TLM TRANSPORT, LLC**<br><br>        **Defendants.** | **CIVIL ACTION FILE NO:** 2022CV02610 |

## CERTIFICATE OF SERVICE

This certifies that I have this day served a copy of the foregoing PLAINTIFF'S FIRST

REQUEST FOR PRODUCTION OF DOCUMENTS AND NOTICE TO PRODUCE TO

DEFENDANT BAHLBI TESFAY KAHSAY upon all parties to this matter by depositing a true

copy of same in the United States Mail, proper postage prepaid, addressed to counsel of record as

follows:

Bahlbi Tesfay Kahsay
8620 Park Lane, Apt 1806
Dallas, TX 75231-6898

TLM Transport, LLC
Terrell McClendon, Registered Agent
350 Country Lake Drive,
McDonough, GA 30252

This 23rd day of November 2022.

Respectfully submitted,

   /s/ Blake Fluevog
Blake Fluevog
Georgia Bar No. 838726
Attorney for Plaintiff

178 S. Main Street, Unit 300
Alpharetta, GA  30009
Telephone: (770)576-7613

2022CV02610

State Filed 11/23/2022 1:01 PM
Tiki Brown
Clerk of State Court
Clayton County, Georgia
Shalonda Green

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| RALPH GULLY,<br><br>        **Plaintiff,**<br>v.<br><br>**BAHLBI TESFAY KAHSAY and TLM TRANSPORT, LLC**<br><br>        **Defendants.** | **CIVIL ACTION FILE NO:** 2022CV02610 |

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND NOTICE TO PRODUCE TO DEFENDANT TLM TRANSPORT, LLC

TO:    Defendant TLM Transport, LLC, and its Attorney of Record
        Terrell McClendon, Registered Agent
        350 Country Lake Drive,
        McDonough, GA 30252

    Plaintiff, pursuant to O.C.G.A. §§ 9-11-33 and 9-11-34, submits herewith to the above-named Defendant (hereinafter referred to "you" or "your") for response within forty-five (45) days after service hereof, in the form provided by law, the following Request for Production of Documents and Notice to Produce.

    You are required, when responding to these requests, interrogatories, to furnish all information that is available to you, your attorneys or agents, and anyone else acting on your behalf.

    You are requested to produce the following described documents for inspection and copying on behalf of the Defendant, this material to be produced to Blake Fluevog, Esq., 178 S. Main Street, Unit 300, Alpharetta, Georgia 30009, Attorney for Plaintiff.

## **DOCUMENTS TO BE PRODUCED**

1.

All accident reports, documents, photographs, charts, diagrams, videotapes, and other illustrations of any person, place or thing involved in this lawsuit including but not limited to the scene of the incident where the incident is alleged to have occurred, any instrumentality alleged to have caused the alleged damages, damaged parts of any vehicle or equipment, or any other relevant event or thing which is the subject of this Complaint.

2.

Copies of any and all statements, whether recorded, oral or otherwise, in your control orobtained on your behalf.

3.

All documents evidencing, reflecting, relating to or constituting any communication between Defendants and Plaintiff or any third person or entity relating to the incident or matters involved in this lawsuit, including without limitation all correspondence, letters, notes, tapes, memoranda, and any other evidence of communications that in any way relates to this incident.

4.

The original or a certified true and accurate copy of the declaration sheet or coverage page and all applicable insurance policies that may provide coverage or benefits to the Defendants in connection with this occurrence, including any coverage available to Defendant TLM Transport, LLC (This request seeks each and every policy that may provide coverage in any amount.)

5.

Copies of any and all transcripts from any investigation, hearing or any judicial or quasi-judicial hearing or investigation relating to the incident giving rise to this Complaint.

6.

Copies of the entire file, bills, all reports, memoranda or notes from any expert who has investigated any aspect or element of the subject incident or who you intend to call as a witness.

7.

The complete personnel file of Bahlbi Tesfay Kahsay.

8.

Please produce Bahlbi Tesfay Kahsay's driver's qualification file.

9.

Please provide all maintenance and repair records on the commercial vehicle involved in this incident, including the vehicle maintenance file and all documents created as a result of the incident in question. (This request also includes all documents, purchase invoices, repair estimates, previous damage, repair or maintenance documents, appraisals, property damage reports, daily vehicle condition report or inspection report, or any tangible evidence pertaining to the upkeep of the commercial vehicle involved in the occurrence which is the subject matter of this civil action.)

10.

All documents evidencing, reflecting, and/or relating to any damage or expenses that you received, incurred or obtained as a result of this incident, including copies of any and all repair estimates or other statements reflecting any value and/or the extent of the damage to your commercial vehicle or equipment at issue.

11.

Each document submitted by you, or received from the police, the Interstate Commerce Commission,  Department of Transportation or any other  State, Federal or municipal entity investigating this incident.

12.

All policies or procedures regarding the inspection and maintenance of your van and/or tractor and trailer and any inspection records for the van and/or tractor and trailer involved in the subject incident.

13.

Any and all documents in any way pertaining to Bahlbi Tesfay Kahsay reflecting or regarding his driver log books, driver's qualification file, personnel file, drug or alcohol tests, driver trip reports,driver trip envelopes, incidents reports for this incident and any other collisions involving Bahlbi Tesfay Kahsay, his driving history, drug tests, hours of service, record of duty status, orders for the trip at issue in this case, hours of service for the preceding two weeks, or documents regarding the operation of Defendants' equipment.

14.

Any and all documents required to be maintained by DOT/CFR regulations, or Georgia's motor vehicle laws, as it relates to Bahlbi Tesfay Kahsay or the commercial vehicle at issue.

15.

Any and all documentary evidence or other tangible evidence which relates or is reasonably calculated to lead to the discovery of relevant or admissible evidence regarding any of the Plaintiff's claims in this action or Defendants' defenses.

16.

Copies of all company policies and procedures pertaining to the operation of commercial vehicles any policies and procedures that in anyway apply to, cover, or govern Bahlbi Tesfay Kahsay' employment.

17.

Copies of all work orders, daily loads and/or work reports for October 22, 2022, as it relates to the driver, commercial vehicle, or trip which is the subject of this incident.

18.

Copies of all documents or complaints for all personal injury claims or litigation involving injuries resulting from a collision involving a TLM Transport, LLC's vehicle prior October 22, 2022.

19.

All documents that you receive in response to your Requests for Production of Documents to nonparties.

20.

Any and all documents identified, referenced, or used to answer any of Plaintiff's discovery or supporting or relating to Plaintiff's or Defendants' contentions of negligence.

21.

Please produce all books, documents and/or other tangible things which prove, support, or constitute evidence of any facts or circumstances upon which you base the allegations in the Answer or issues of liability.

22.

Please produce the certificate of title, and/or other proof of ownership, and/or lease

agreement for the commercial vehicle involved in the wreck that is the subject matter of this civil action.

23.

Any and all documents that support your allegations, if any, that this Court lacks jurisdiction over any Defendants, that there has been an insufficiency of process of service of Plaintiff's Complaint, and/or that there has been an insufficiency of service of process upon any Defendants.

24.

Copies of any and all reports, interoffice memoranda or other documents relating to matters which are the subject of this Complaint.

25.

Copies of any and all logbooks for Bahlbi Tesfay Kahsay for the months of July 2022, August 2022, September 2022, and October 2022.

26.

Copies of any and all documentary evidence which is relevant to any issue in this action or which might lead to the discovery of other admissible evidence.

27.

Please produce any and all documents intended to be used to argue that Plaintiff's medical bills are noted in Plaintiff's Interrogatory Number 39 are not reasonable and customary.

This 23rd day of November 2022.

Respectfully submitted,

___/s/ Blake Fluevog_____
Blake Fluevog
Georgia Bar No. 838726
Attorney for Plaintiff

178 S. Main Street, Unit 300
Alpharetta, GA  30009
Telephone: (770)576-7613
bfluevog@forthepeople.com

**IN THE STATE COURT OF CLAYTON COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| **RALPH GULLY,**<br><br>    **Plaintiff,**<br>**v.**<br><br>**BAHLBI TESFAY KAHSAY and TLM TRANSPORT, LLC**<br><br>    **Defendants.** | **CIVIL ACTION FILE NO:** |

## CERTIFICATE OF SERVICE

This certifies that I have this day served a copy of the foregoing PLAINTIFF'S FIRST

REQUEST FOR PRODUCTION OF DOCUMENTS AND NOTICE TO PRODUCE TO TLM

TRANSPORT, LLC upon all parties to this matter by depositing a true copy of same in the

United States Mail, proper postage prepaid, addressed to counsel of record as follows:

Bahlbi Tesfay Kahsay
8620 Park Lane, Apt 1806
Dallas, TX 75231-6898

TLM Transport, LLC
Terrell McClendon, Registered Agent
350 Country Lake Drive,
McDonough, GA 30252

This 23rd day of November 2022.

Respectfully submitted,

    __/s/ Blake Fluevog_____
    Blake Fluevog
    Georgia Bar No. 838726
    Attorney for Plaintiff

178 S. Main Street, Unit 300
Alpharetta, GA  30009
Telephone: (770)576-7613
bfluevog@forthepeople.com

*Tiki Brown*

**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
**Shalonda Green**

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| RALPH GULLY,<br><br>                    **Plaintiff,**<br>v.<br><br>**BAHLBI TESFAY KAHSAY and TLM TRANSPORT, LLC**<br><br>                    **Defendants.** | **CIVIL ACTION FILE NO:** 2022CV02610 |

## <u>PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND NOTICE TO PRODUCE TO UNDERINSURED MOTORIST FARMERS INSURANCE EXCHANGE</u>

You are required to furnish all information that is available to you, your attorneys or agents, and anyone else acting on your behalf.

The documents requested to be produced for inspection and copying are to be produced at the offices of Blake Fluevog Esq., 178 S. Main Street, Unit 300, Alpharetta, Georgia  30009 within forty-five (45) days following receipt of this request unless the 45th day falls on a holiday or weekend, in which event the production will take place on the Monday following the 45th day; or in the event the time for response is shortened by court order, then the shorter time frame shall be applicable.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

You are also required, pursuant to the Civil Practice Act, to produce at trial the materials and documents requested herein.

The following definitions and instructions are applicable to each interrogatory unless negated by the context:

**I.**     **Definitions**

"Document" means any written, recorded, or graphic matter in whatever form, including copies, drafts, and reproductions thereof to which you have or have had access, including, but not limited to, correspondence, memoranda, tapes, stenographic or handwritten notes, studies, publications, books, contracts, agreements, checks, bills, invoices, pamphlets, pictures, films, voice recordings, maps, graphs, reports, surveys, minutes of statistical compilations; every copy of such writing or record where the original is not in your possession, custody or control, and every copy of such writing or record where such copy is not an identical copy of an original or where such copy contains any commentary or notation whatsoever that does not appear on the original.

"Person" shall mean a natural person, proprietorship, partnership, corporation, cooperative, association, firm, group, or any other organization or entity.

"Communication" means the transmittal of information from one or more persons to another person or persons, whether the medium for transmittal be oral, written or electronic.

"Date" shall mean the exact day, month and year, if ascertainable, or if not, the best available approximation (including relationship to other events).

"Identify" or "Identity", when used in reference to:

(a)     an individual, shall mean to state the full name, present or last known residence address (designating which), residence telephone number, present or last known employment address (designating which), employment telephone number, and employment title or capacity.

(b)      a firm, partnership, corporation, proprietorship, association or other organization or entity, shall mean to state its full name and present or last known address (designating which) and the legal form of such entity or organization.

(c)      document shall mean to state: the title (if any), the date, author, sender, recipient, the identity of person signing it, type of document (i.e., a letter, memorandum, notation, book, telegram, chart, etc.) or some other means of identifying it, and its present location or custodian. In the case of a document that was, but is no longer, in the possession, custody or control of Defendant(s), state what disposition was made of it, why, when and by whom.

Whenever the context so requires, the plural shall include the singular, the singular the plural, the masculine the feminine and neuter, and the neuter the masculine and feminine.

## DOCUMENTS TO BE PRODUCED

1.

Any and all documents, inclusive of written or recorded statements or writings or memoranda made or prepared (whether manually, mechanically or electronically) by you (or your representative) in support of any allegation that you are not liable to Plaintiff(s) for any collision made the basis of this lawsuit.

2.

Any and all documents and things, including pictures, videotapes, audio tapes, diagrams, graphs, surveys, measurements, or other written or pictorial descriptions in support of any allegation that Plaintiff(s) should not recover those damages claimed in this lawsuit.

3.

Any and all tape recordings or electrical or mechanical recordings or transcriptions of any type or nature evidencing communications and statements by or between any Plaintiff(s), his/her/their agents, representatives, servants or employees, and your insurance company, its agents, representatives, servants and employees, relating to the allegations of Plaintiff(s) in this lawsuit.

4.

Any document that reflects, refers to, evidences, relates or describes any claim upon which your insurance company may rely against Plaintiff(s).

5.

Any and all documents identified by you in response to interrogatories submitted to you by Plaintiff(s).

6.

Any documents consisting of, evidencing, referring or relating to any communications, written or oral, by or between your insurance company's agents, representatives, servants or employees, and Plaintiff(s) from the date of the collision made the basis of this lawsuit to the present time.

7.

Any documents consisting of, evidencing, referring or relating to any communications or reports, written or oral, in person or by telephone, by or between your insurance company's agents, representatives, servants or employees, and your insurance company's testifying experts.

8.

Any documents consisting of, evidencing, referring or relating to any communications or reports, written or oral, in person or by telephone, by or between Defendant'(s) agents, representatives, servants or employees, and Defendant'(s) consulting experts, whose opinion or report may be relied upon by any of your insurance company's testifying experts.

9.

Copies of checks paid by your insurance company for any reason to any person in payment of claims asserted as a result of the collision made the basis of this lawsuit.

10.

A complete copy of every insurance policy, including all attachments, riders and addenda, issued by your insurance company to or for the benefit of Plaintiff(s) at any time heretofore, including but not limited to any policy described in answer to Plaintiff'(s) interrogatory no. 2., propounded to you.

11.

A copy of the policy of auto insurance providing uninsured/underinsured motorist coverage to Plaintiff(s) for any collision made the basis of this lawsuit.

12.

All documents evidencing your company policy of taking an offset of benefits paid against uninsured/underinsured motorist claims made by an injured passenger in a vehicle insured by you in Georgia.

13.

A copy of any damage appraisal and/or repair invoice regarding Plaintiff's(s) vehicle, made subsequent to the collision, which is the subject of this litigation.

14.

Copies of any and all statements previously made by Plaintiff(s) concerning the subject matter of this lawsuit, including any written statement signed or otherwise adopted or approved by the Plaintiff(s) hereto and any stenographic, mechanical, electrical or other type of recording or any transcription thereof made by Plaintiff(s) hereto and contemporaneously recorded.

15.

Any and all drawings, maps or sketches of the location of the collision which is the subject of this litigation.

16.

Any and all settlement agreements, wherein you have arrived at a settlement or agreement between you and any other person, whether or not a party to this lawsuit, regarding or pertaining to the collision which is the subject of this litigation, or any damages resulting from this collision.

17.

A copy of any movies, photos, videotapes, or pictures made of any relevant matter in this lawsuit.

18.

A copy of any tape-recorded conversations wherein Plaintiff(s) is/are a participant in any such conversation.

19.

Any and all experts' reports, which have been prepared in connection with this lawsuit or the incident giving rise to this lawsuit, if the expert is expected to or may testify in this cause as an expert. If any such expert has not prepared a report, request is hereby made that one be prepared and furnished to Plaintiff'(s) attorney.

20.

Any and all expert reports that were or will be relied upon in whole or in part by any testifying expert in this case.

21.

Any and all work papers, notes and documents in the file of any expert witness who is expected to testify, or in the file of any expert witness who has written a report which is or will be relied upon in whole or in part by a testifying expert.

22.

A curriculum vita or resume for each individual whom you may call as an expert witness at the trial of this case.

23.

All documents or tangible things prepared by any expert whom you expect to call as a witness, including but not limited to those which would include his report, factual observations, opinions, conclusions, photographs, field notes, calculations, models and exhibits.

24.

With regard to any expert employed by you in this case, produce copies of the front and back of canceled checks evidencing payments made by you at any time for work performed by any such expert (whether testifying or consulting).

25.

All investigative and/or incident "reports" generated by or on your behalf prior to your being aware of an outward manifestation from the Plaintiff(s) of intent to bring the instant lawsuit relevant to the following:

(a)      The subject matter of the instant lawsuit;

(b)      The collision;

(c)      Your personnel (agents, representatives, officers and employees) that were on the premises in question at the time of the incident;

(d)      Potential witnesses and persons having knowledge of facts relevant to or regarding the collision and/or the circumstances that existed immediately prior to, during and/or after the collision.

26.

Any and all photographs, videotapes or other drawings, depictions, or sketches that you have of the location of the collision or any other matter relating to this case.

27.

Copies of any witness fact statements (including statements made by Plaintiff(s) or by the investigating officer) that are relevant to the collision.

28.

A copy of any movies, videotapes, survey or plat or other reproduction of the location of the collision which is the subject of this litigation.

29.

Any and all photographs, videotapes or other drawings, depictions, or sketches that you have of the vehicles involved in the collision.

30.

All documents and other tangible things, which constitute and contain matters relevant to the subject matter of this lawsuit, prepared by or relied upon by your testifying expert or by any lay person intended by you to testify in this case at time of trial.  (Your response to this Request for Production will of necessity contain all documents or tangible things, which you intend to introduce as evidence at time of trial.  We will object to the offering of any documents or tangible things at the time of trial that are not produced in your response to this Request for Production).

This 23rd day of November 2022.

Respectfully submitted,

___/s/ Blake Fluevog_____
Blake Fluevog
Georgia Bar No. 838726
Attorney for Plaintiff

178 S. Main Street, Unit 300
Alpharetta, GA  30009
Telephone: (770)576-7613
bfluevog@forthepeople.com

**IN THE STATE COURT OF CLAYTON COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| **RALPH GULLY,**<br><br>                    **Plaintiff,**<br>**v.**<br><br>**BAHLBI TESFAY KAHSAY and TLM TRANSPORT, LLC**<br><br>                    **Defendants.** | **CIVIL ACTION FILE NO:** |

## CERTIFICATE OF SERVICE

This certifies that I have this day served a copy of the foregoing PLAINTIFF'S FIRST

REQUEST FOR PRODUCTION OF DOCUMENTS AND NOTICE TO PRODUCE TO

UNDERINSURED MOTORIST FARMERS INSURANCE EXCHANGE upon all parties to this

matter by depositing a true copy of same in the United States Mail, proper postage prepaid,

addressed to counsel of record as follows:

| | | |
|---|---|---|
| Doren E. Hohl | Jeffrey J. Dailey | Thomas S. Noh |
| 6301 Owensmouth Ave. | 6301 Owensmouth Ave. | 6301 Owensmouth Ave. |
| Woodland Hills, CA 91367 | Woodland Hills, CA 91367 | Woodland Hills, CA 91367 |

Farmers Insurance Exchange
Corporation Service Company, Registered Agent
2 Sun Court, Suite 400
Peachtree Corners, GA 30092

This 23rd day of November 2022.

Respectfully submitted,

    /s/ Blake Fluevog
 Blake Fluevog
 Georgia Bar No. 838726
 Attorney for Plaintiff

178 S. Main Street, Unit 300
Alpharetta, GA  30009
Telephone: (770)576-7613

2022CV02610                                    Filed 11/23/2022 1:01 PM

*Tiki Brown*
Tiki Brown
Clerk of State Court
Clayton County, Georgia
Shalonda Green

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| RALPH GULLY,<br><br>                     **Plaintiff,**<br>v.<br><br>**BAHLBI TESFAY KAHSAY and TLM TRANSPORT, LLC**<br><br>                     **Defendants.** | CIVIL ACTION FILE NO:2022CV02610 |

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND NOTICE TO PRODUCE TO UNDERINSURED MOTORIST UNITED SERVICES AUTOMOBILE ASSOCIATION

You are required to furnish all information that is available to you, your attorneys or agents, and anyone else acting on your behalf.

The documents requested to be produced for inspection and copying are to be produced at the offices of Blake Fluevog Esq., 178 S. Main Street, Unit 300, Alpharetta, Georgia 30009 within forty-five (45) days following receipt of this request unless the 45th day falls on a holiday or weekend, in which event the production will take place on the Monday following the 45th day; or in the event the time for response is shortened by court order, then the shorter time frame shall be applicable. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

You are also required, pursuant to the Civil Practice Act, to produce at trial the materials and documents requested herein.

The following definitions and instructions are applicable to each interrogatory unless negated by the context:

**I.     Definitions**

"Document" means any written, recorded, or graphic matter in whatever form, including copies, drafts, and reproductions thereof to which you have or have had access, including, but not limited to, correspondence, memoranda, tapes, stenographic or handwritten notes, studies, publications, books, contracts, agreements, checks, bills, invoices, pamphlets, pictures, films, voice recordings, maps, graphs, reports, surveys, minutes of statistical compilations; every copy of such writing or record where the original is not in your possession, custody or control, and every copy of such writing or record where such copy is not an identical copy of an original or where such copy contains any commentary or notation whatsoever that does not appear on the original.

"Person" shall mean a natural person, proprietorship, partnership, corporation, cooperative, association, firm, group, or any other organization or entity.

"Communication" means the transmittal of information from one or more persons to another person or persons, whether the medium for transmittal be oral, written or electronic.

"Date" shall mean the exact day, month and year, if ascertainable, or if not, the best available approximation (including relationship to other events).

"Identify" or "Identity", when used in reference to:

(a)     an individual, shall mean to state the full name, present or last known residence address (designating which), residence telephone number, present or last known employment address (designating which), employment telephone number, and employment title or capacity.

(b)      a <u>firm, partnership, corporation, proprietorship, association or other organization or entity</u>, shall mean to state its full name and present or last known address (designating which) and the legal form of such entity or organization.

(c)      <u>document</u> shall mean to state: the title (if any), the date, author, sender, recipient, the identity of person signing it, type of document (i.e., a letter, memorandum, notation, book, telegram, chart, etc.) or some other means of identifying it, and its present location or custodian. In the case of a document that was, but is no longer, in the possession, custody or control of Defendant(s), state what disposition was made of it, why, when and by whom.

Whenever the context so requires, the plural shall include the singular, the singular the plural, the masculine the feminine and neuter, and the neuter the masculine and feminine.

## <u>DOCUMENTS TO BE PRODUCED</u>

1.

Any and all documents, inclusive of written or recorded statements or writings or memoranda made or prepared (whether manually, mechanically or electronically) by you (or your representative) in support of any allegation that you are not liable to Plaintiff(s) for any collision made the basis of this lawsuit.

2.

Any and all documents and things, including pictures, videotapes, audio tapes, diagrams, graphs, surveys, measurements, or other written or pictorial descriptions in support of any allegation that Plaintiff(s) should not recover those damages claimed in this lawsuit.

2022CV02510

3.

Any and all tape recordings or electrical or mechanical recordings or transcriptions of any type or nature evidencing communications and statements by or between any Plaintiff(s), his/her/their agents, representatives, servants or employees, and your insurance company, its agents, representatives, servants and employees, relating to the allegations of Plaintiff(s) in this lawsuit.

4.

Any document that reflects, refers to, evidences, relates or describes any claim upon which your insurance company may rely against Plaintiff(s).

5.

Any and all documents identified by you in response to interrogatories submitted to you by Plaintiff(s).

6.

Any documents consisting of, evidencing, referring or relating to any communications, written or oral, by or between your insurance company's agents, representatives, servants or employees, and Plaintiff(s) from the date of the collision made the basis of this lawsuit to the present time.

7.

Any documents consisting of, evidencing, referring or relating to any communications or reports, written or oral, in person or by telephone, by or between your insurance company's agents, representatives, servants or employees, and your insurance company's testifying experts.

8.

Any documents consisting of, evidencing, referring or relating to any communications or reports, written or oral, in person or by telephone, by or between Defendant'(s) agents, representatives, servants or employees, and Defendant'(s) consulting experts, whose opinion or report may be relied upon by any of your insurance company's testifying experts.

9.

Copies of checks paid by your insurance company for any reason to any person in payment of claims asserted as a result of the collision made the basis of this lawsuit.

10.

A complete copy of every insurance policy, including all attachments, riders and addenda, issued by your insurance company to or for the benefit of Plaintiff(s) at any time heretofore, including but not limited to any policy described in answer to Plaintiff'(s) interrogatory no. 2., propounded to you.

11.

A copy of the policy of auto insurance providing uninsured/underinsured motorist coverage to Plaintiff(s) for any collision made the basis of this lawsuit.

2022CV02510

12.

All documents evidencing your company policy of taking an offset of benefits paid against uninsured/underinsured motorist claims made by an injured passenger in a vehicle insured by you in Georgia.

13.

A copy of any damage appraisal and/or repair invoice regarding Plaintiff'(s) vehicle, made subsequent to the collision, which is the subject of this litigation.

14.

Copies of any and all statements previously made by Plaintiff(s) concerning the subject matter of this lawsuit, including any written statement signed or otherwise adopted or approved by the Plaintiff(s) hereto and any stenographic, mechanical, electrical or other type of recording or any transcription thereof made by Plaintiff(s) hereto and contemporaneously recorded.

15.

Any and all drawings, maps or sketches of the location of the collision which is the subject of this litigation.

16.

Any and all settlement agreements, wherein you have arrived at a settlement or agreement between you and any other person, whether or not a party to this lawsuit, regarding or pertaining to the collision which is the subject of this litigation, or any damages resulting from this collision.

17.

A copy of any movies, photos, videotapes, or pictures made of any relevant matter in this lawsuit.

18.

A copy of any tape-recorded conversations wherein Plaintiff(s) is/are a participant in any such conversation.

19.

Any and all experts' reports, which have been prepared in connection with this lawsuit or the incident giving rise to this lawsuit, if the expert is expected to or may testify in this cause as an expert. If any such expert has not prepared a report, request is hereby made that one be prepared and furnished to Plaintiff'(s) attorney.

20.

Any and all expert reports that were or will be relied upon in whole or in part by any testifying expert in this case.

21.

Any and all work papers, notes and documents in the file of any expert witness who is expected to testify, or in the file of any expert witness who has written a report which is or will be relied upon in whole or in part by a testifying expert.

22.

A curriculum vita or resume for each individual whom you may call as an expert witness at the trial of this case.

23.

All documents or tangible things prepared by any expert whom you expect to call as a witness, including but not limited to those which would include his report, factual observations, opinions, conclusions, photographs, field notes, calculations, models and exhibits.

24.

With regard to any expert employed by you in this case, produce copies of the front and back of canceled checks evidencing payments made by you at any time for work performed by any such expert (whether testifying or consulting).

25.

All investigative and/or incident "reports" generated by or on your behalf prior to your being aware of an outward manifestation from the Plaintiff(s) of intent to bring the instant lawsuit relevant to the following:

(a)     The subject matter of the instant lawsuit;

(b)     The collision;

(c)       Your personnel (agents, representatives, officers and employees) that were on the premises in question at the time of the incident;

(d)       Potential witnesses and persons having knowledge of facts relevant to or regarding the collision and/or the circumstances that existed immediately prior to, during and/or after the collision.

26.

Any and all photographs, videotapes or other drawings, depictions, or sketches that you have of the location of the collision or any other matter relating to this case.

27.

Copies of any witness fact statements (including statements made by Plaintiff(s) or by the investigating officer) that are relevant to the collision.

28.

A copy of any movies, videotapes, survey or plat or other reproduction of the location of the collision which is the subject of this litigation.

29.

Any and all photographs, videotapes or other drawings, depictions, or sketches that you have of the vehicles involved in the collision.

30.

All documents and other tangible things, which constitute and contain matters relevant to the subject matter of this lawsuit, prepared by or relied upon by your testifying expert or by any lay person intended by you to testify in this case at time of trial.  (Your response to this Request for Production will of necessity contain all documents or tangible things, which you intend to introduce as evidence at time of trial.  We will object to the offering of any documents or tangible things at the time of trial that are not produced in your response to this Request for Production).

This 23rd day of November 2022.

Respectfully submitted,

___/s/ Blake Fluevog_____
Blake Fluevog
Georgia Bar No. 838726
Attorney for Plaintiff

178 S. Main Street, Unit 300
Alpharetta, GA  30009
Telephone: (770)576-7613
bfluevog@forthepeople.com

# IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **RALPH GULLY,**<br><br>         **Plaintiff,**<br>**v.**<br><br>**BAHLBI TESFAY KAHSAY and TLM TRANSPORT, LLC**<br><br>         **Defendants.** | **CIVIL ACTION FILE NO:** |

## CERTIFICATE OF SERVICE

This certifies that I have this day served a copy of the foregoing PLAINTIFF'S FIRST

REQUEST FOR PRODUCTION OF DOCUMENTS AND NOTICE TO PRODUCE TO

UNDERINSURED MOTORIST UNITED SERVICES AUTOMOBILE ASSOCIATION upon

all parties to this matter by depositing a true copy of same in the United States Mail, proper

postage prepaid, addressed to counsel of record as follows:

| | | |
|---|---|---|
| Amy Cook | James Syring | Kirk R. Haggard |
| 9800 Fredericksburg Road | 9800 Fredericksburg Road | 9800 Fredericksburg Road |
| San Antonio, TX 78288 | San Antonio, TX 78288 | San Antonio, TX 78288 |

United Services Automobile Association
Corporation Service Company, Registered Agent
2 Sun Court, Suite 400
Peachtree Corners, GA 30092

This 23rd day of November 2022.

Respectfully submitted,

___/s/ Blake Fluevog_____
Blake Fluevog
Georgia Bar No. 838726
Attorney for Plaintiff

178 S. Main Street, Unit 300
Alpharetta, GA  30009
Telephone: (770)576-7613

2022CV02610

eFiled 12/5/2022 1:06 PM

*Tiki Brown*
**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
**Latasha Currie**

IN THE STATE COURT OF CLAYTON COUNTY
STATE OF GEORGIA

**RALPH GULLY**

Plaintiff/Petitioner

Case No.:    **2022CV02610**

vs.

**BAHLBI TESFAY KAHSAY AND TLM TRANSPORT LLC.**

Defendant/Respondent

**AFFIDAVIT OF SERVICE OF**
Summons; Complaint; Civil Cover sheet; Rule 5.2 Certificate of Service; Plaintiff's First Request for Admissions; Plaintiff's First Interrogatories; Plaintiff's First Request for Production of Documents

Received by Ernesqueshia Parker, on the **2nd day of December, 2022 at 12:36 AM** to be served upon **Uninsured Motorist Farmers Insurance Exchange c/o c/o Corporation Service Company, Registered Agent** at **2 Sun Court, Suite 400, Peachtree Corners, Gwinnett County, GA 30092**.
On the **2nd day of December, 2022 at 1:30 PM, I**, Ernesqueshia Parker, **SERVED Uninsured Motorist Farmers Insurance Exchange c/o c/o Corporation Service Company, Registered Agent** at **2 Sun Court, Suite 400, Peachtree Corners, Gwinnett County, GA 30092** in the manner indicated below:

**CORPORATE SERVICE**, by personally delivering **1** copy(ies) of the above listed documents to the named Corporation, by serving **c/o Corporation Service Company, Registered Agent**, on behalf of said Corporation.
THE DESCRIPTION OF THE PERSON WITH WHOM THE COPY OF THIS PROCESS WAS LEFT IS AS FOLLOWS: I delivered the documents to c/o Corporation Service Company, Registered Agent with identity confirmed by subject reaching for docs when named. The individual accepted service with direct delivery. The individual appeared to be a black-haired black female contact 35-45 years of age, 5'10"-6'0" tall and weighing 160-180 lbs. Alicia Smith

Service Fee Total: **$0.00**

Per U.S. Code § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

NAME:  *E. Parker*                          NA                          12/2/22
          Ernesqueshia Parker                Server ID #                Date

Notary Public: Subscribed and sworn before me on this  2  day of  Dec  in the year of 20 22
Personally known to me _____ or  ✓  identified by the following document: DL/GA 053914498

*[signature]*
Notary Public (Legal Signature)



REF: REF-11427784 3

Page 1 of 1
Tracking #: 0097359912

**IN THE STATE COURT OF CLAYTON COUNTY**
**STATE OF GEORGIA**

RECEIVED & FILED

JAN 05 2022

**ORDER FOR APPOINTMENT FOR PROCESS SERVICE**

CLERK, STATE COURT
CLAYTON COUNTY

Having read and considered the petitions and criminal records, and it appearing to the Court that sufficient grounds exist that each petitioner meets the requirements for appointment by the Court it is hereby

**ORDERED** and **ADJUDGED** that the following:

| | | | | |
|---|---|---|---|---|
| Abraham, Robyn | Cunningham, Sally | Hassan, Muhsin | Morgan, Todd | Saxon-Ford, Virginia |
| Adonni Huguley, CK | Dambach-Cirko, P. | Hassan, Muhsin S. | Mott, Cynthia | Seklecki, Christian |
| Anderson, Qaisar | Davidson, Danny | Highsmith, Amos | Murphy, Jr. Gregory | Singleton, Wesley |
| Andrews, II. Gene | Davidson, Mitchell | Hill, Hollis | Murrah, JuanQualo | Smith, Ronald |
| Armstrong, C. | Day, Duane | Hines, Jr. James | Nichols, Jean | Snellings, Sharon |
| Bailey, Anna | Earthrise, Rochelle | Horton, Christopher | Nichols, Lathan | Spears, Joye |
| Barnes, Kristopher | Echols, Eric | Horton, Malachi | Nolen, Milton | Starks, Marc |
| Barron, Shane | Echols, Patricia | Hudson, Kyle | Palmer, Alita | Stephens, Geri |
| Basham, James | Farkas, Bela | Jackson, II. Anthony | Parker, Ernesqueshia | Stinyard, Kelvin |
| Benito, Richard | Fazzio, Dedrea | James, Frank | Perlson, Marc | Stone, Alesia |
| Brazeman, Craig | Fisher, Dawn | Jenkins, Stephanie | Phelan, Christine | Swindle, Frank |
| Bridges, Kayla | Folds, Catherina | Johnson, Todd | Phelan, Ross | Swinger, Ina |
| Briley, Donnie | Folds, George | Kahssu, Haile | Rhodes, Kathryn | Tassaw, Berhane |
| Bryant, Shemika | Ford, Ronnie | Kotlar, Michael | Richardson, Clark | Thomas, Jeffrey |
| Bunch, Kim | Fuller, Thomas | Lawson, Zuri | Richardson, Leroy | Thompson, Vanessa |
| Butts, Kimberly | Garmon, Jason | Lewis, Kevin | Robbins, Karen | Thrash, Nancy |
| Byer, Edmond | Gayle, Earl | Lutwack, William | Ruddock, Leopold | Turner, Travis |
| Cabrera-Anderson, S. | Gibbs, III. Thomas | Mallas, Nicholas | Ruddock, Margaret | Walker Whisby, K. |
| Childress, Clifton | Giles, Herbert | McClellan, Rodney | Sadler, Jr. John | Weaver, Sebastian |
| Clemmons, Joyce | Greenway, Kimberly | McGahee, Larry | Saxon, Jasmine | Weeks, Frances |
| Cline, Travis | Grimshaw, Shane | McMillon, Ericka | Saxon, Rashad | West, Eric |
| Cochrane, Babette | Harris, Parks | Mitchell, Kevin | Saxon, Robin | Winkelman, Nan |

be appointed and authorized to serve as a Permanent Process Server in the Clayton County State Court for calendar year 2022, without the necessity of an order for appoint in each individual case.

SO ORDERED this _____3_____ day of _____January_____, 20 22.

Chief Judge Linda S. Cowen

2022CV02610   Filed 12/5/2022 1:02 PM

*Tiki Brown*
**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Cheryl Dixon

IN THE STATE COURT OF CLAYTON COUNTY
STATE OF GEORGIA

**RALPH GULLY**

                Plaintiff/Petitioner

vs.

**BAHLBI TESFAY KAHSAY AND TLM TRANSPORT LLC.**

                Defendant/Respondent

Case No.:    **2022CV02610**

AFFIDAVIT OF SERVICE OF
**Summons; Complaint; Civil Cover sheet; Rule 5.2 Certificate of Service; Plaintiff's First Request for Admissions; Plaintiff's First Interrogatories; Plaintiff's First Request for Production of Documents**

Received by Ernesqueshia Parker, on the **2nd day of December, 2022 at 12:36 AM** to be served upon **Uninsured Motorist United Services Automobile Association c/o c/o Corporation Service Company, Registered Agent** at **2 Sun Court, Suite 400, Peachtree Corners, Gwinnett County, GA 30092**.
On the **2nd day of December, 2022 at 1:26 PM**, I, Ernesqueshia Parker, SERVED Uninsured Motorist United Services Automobile Association c/o c/o Corporation Service Company, Registered Agent at **2 Sun Court, Suite 400, Peachtree Corners, Gwinnett County, GA 30092** in the manner indicated below:

**CORPORATE SERVICE**, by personally delivering 1 copy(ies) of the above listed documents to the named Corporation, by serving c/o **Corporation Service Company, Registered Agent**, on behalf of said Corporation.
THE DESCRIPTION OF THE PERSON WITH WHOM THE COPY OF THIS PROCESS WAS LEFT IS AS FOLLOWS:
**I delivered the documents to c/o Corporation Service Company, Registered Agent with identity confirmed by subject reaching for docs when named. The individual accepted service with direct delivery. The individual appeared to be a black-haired black female contact 35-45 years of age, 5'10"-6'0" tall and weighing 180-200 lbs. Documents accepted by Alicia Smith.**

Service Fee Total: **$0.00**

Per U.S. Code § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

NAME: _____    NA                12/2/2022
        Ernesqueshia Parker             Server ID #            Date

Notary Public: Subscribed and sworn before me on this ___2___ day of ___Dec___ in the year of 20_22_
Personally known to me _____ or ___✓___ identified by the following document: DL/GA05391498

_____
Notary Public (Legal Signature)

REF: **REF-11427784 4**

Page 1 of 1

Tracking #: 0097359892

IN THE STATE COURT OF CLAYTON COUNTY
STATE OF GEORGIA

RALPH GULLY

Plaintiff/Petitioner

vs.

BAHLBI TESFAY KAHSAY AND TLM TRANSPORT
LLC.

Defendant/Respondent

Case No.        2022CV02610

AFFIDAVIT OF SERVICE OF
Summons; Complaint; Civil Cover sheet; Rule 5.2
Certificate of Service; Plaintiff's First Request for
Admissions; Plaintiff's First Interrogatories; Plaintiff's
First Request for Production of Documents

Received by Ernesqueshia Parker, on the 2nd day of December, 2022 at 12:36 AM to be served upon Uninsured
Motorist United Services Automobile Association c/o c/o Corporation Service Company, Registered Agent at 2
Sun Court, Suite 400, Peachtree Corners, Gwinnett County, GA 30092.
On the 2nd day of December, 2022 at 1:26 PM, I, Ernesqueshia Parker, SERVED Uninsured Motorist United
Services Automobile Association c/o c/o Corporation Service Company, Registered Agent at 2 Sun Court, Suite
400, Peachtree Corners, Gwinnett County, GA 30092 in the manner indicated below:

CORPORATE SERVICE, by personally delivering 1 copy(ies) of the above listed documents to the named Corporation,
by serving c/o Corporation Service Company, Registered Agent, on behalf of said Corporation.
THE DESCRIPTION OF THE PERSON WITH WHOM THE COPY OF THIS PROCESS WAS LEFT IS AS FOLLOWS:
I delivered the documents to c/o Corporation Service Company, Registered Agent with identity confirmed by
subject reaching for docs when named. The individual accepted service with direct delivery. The individual
appeared to be a black-haired black female contact 35-45 years of age, 5'10"-6'0" tall and weighing 180-200 lbs.
Documents accepted by Alicia Smith.

Service Fee Total: $0.00

Per U.S. Code § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing
is true and correct.

NAME: _____   NA   _____   12/2/2022
Ernesqueshia Parker                Server ID #        Date

Notary Public:  Subscribed and sworn before me on this _2_ day of _Dec_____ in the year of 20_22_
Personally known to me _____ or __V__ identified by the following document: DL/GA0539114498

_____
Notary Public (Legal Signature)

REF: **REF-11427784 4**

IN THE STATE COURT OF CLAYTON COUNTY
STATE OF GEORGIA

**RALPH GULLY**

Plaintiff/Petitioner

Case No.:   **2022CV02610**

vs.

**BAHLBI TESFAY KAHSAY AND TLM TRANSPORT LLC.**

Defendant/Respondent

AFFIDAVIT OF SERVICE OF
**Summons; Complaint; Civil Cover sheet; Rule 5.2
Certificate of Service; Plaintiff's First Request for
Admissions; Plaintiff's First Interrogatories; Plaintiff's
First Request for Production of Documents**

Received by **Ernesqueshia Parker**, on the 2nd day of December, 2022 at 12:36 AM to be served upon **Uninsured Motorist United Services Automobile Association c/o c/o Corporation Service Company, Registered Agent** at 2 Sun Court, Suite 400, Peachtree Corners, Gwinnett County, GA 30092.
On the 2nd day of December, 2022 at 1:26 PM, I, Ernesqueshia Parker, **SERVED Uninsured Motorist United Services Automobile Association c/o c/o Corporation Service Company, Registered Agent** at 2 Sun Court, Suite 400, Peachtree Corners, Gwinnett County, GA 30092 in the manner indicated below:

**CORPORATE SERVICE**, by personally delivering **1** copy(ies) of the above listed documents to the named Corporation, by serving c/o **Corporation Service Company, Registered Agent**, on behalf of said Corporation.
THE DESCRIPTION OF THE PERSON WITH WHOM THE COPY OF THIS PROCESS WAS LEFT IS AS FOLLOWS:
I delivered the documents to c/o Corporation Service Company, Registered Agent with identity confirmed by subject reaching for docs when named. The individual accepted service with direct delivery. The individual appeared to be a black-haired black female contact 35-45 years of age, 5'10"-6'0" tall and weighing 180-200 lbs. Documents accepted by Alicia Smith.

Service Fee Total: **$0.00**

Per U.S. Code § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

NAME: _Ernesqueshia Parker_   NA   _12/2/2022_

Ernesqueshia Parker   Server ID #   Date

Notary Public: Subscribed and sworn before me on this _2_ day of _Dec_ in the year of 20 _22_
Personally known to me _____ or _✓_ identified by the following document: _DL/GA0539144498_

_____
Notary Public (Legal Signature)

REF: **REF-11427784 4**

Page 1 of 1

Tracking #: **0097359892**

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

RECEIVED & FILED

JAN 05 2022

CLERK, STATE COURT
CLAYTON COUNTY

### ORDER FOR APPOINTMENT FOR PROCESS SERVICE

Having read and considered the petitions and criminal records, and it appearing to the Court that sufficient grounds exist that each petitioner meets the requirements for appointment by the Court it is hereby

**ORDERED** and **ADJUDGED** that the following:

| | | | | |
|---|---|---|---|---|
| Abraham, Robyn | Cunningham, Sally | Hassan, Muhsin | Morgan, Todd | Saxon-Ford, Virginia |
| Adonni Huguley, CK | Dambach-Cirko, P. | Hassan, Muhsin S. | Mott, Cynthia | Seklecki, Christian |
| Anderson, Qaisar | Davidson, Danny | Highsmith, Amos | Murphy, Jr. Gregory | Singleton, Wesley |
| Andrews, II. Gene | Davidson, Mitchell | Hill, Hollis | Murrah, JuanQualo | Smith, Ronald |
| Armstrong, C. | Day, Duane | Hines, Jr. James | Nichols, Jean | Snellings, Sharon |
| Bailey, Anna | Earthrise, Rochelle | Horton, Christopher | Nichols, Lathan | Spears, Joye |
| Barnes, Kristopher | Echols, Eric | Horton, Malachi | Nolen, Milton | Starks, Marc |
| Barron, Shane | Echols, Patricia | Hudson, Kyle | Palmer, Alita | Stephens, Geri |
| Basham, James | Farkas, Bela | Jackson, II. Anthony | Parker, Ernesqueshia | Stinyard, Kelvin |
| Benito, Richard | Fazzio, Dedrea | James, Frank | Perlson, Marc | Stone, Alesia |
| Brazeman, Craig | Fisher, Dawn | Jenkins, Stephanie | Phelan, Christine | Swindle, Frank |
| Bridges, Kayla | Folds, Catherina | Johnson, Todd | Phelan, Ross | Swinger, Ina |
| Briley, Donnie | Folds, George | Kahssu, Haile | Rhodes, Kathryn | Tassaw, Berhane |
| Bryant, Shemika | Ford, Ronnie | Kotlar, Michael | Richardson, Clark | Thomas, Jeffrey |
| Bunch, Kim | Fuller, Thomas | Lawson, Zuri | Richardson, Leroy | Thompson, Vanessa |
| Butts, Kimberly | Garmon, Jason | Lewis, Kevin | Robbins, Karen | Thrash, Nancy |
| Byer, Edmond | Gayle, Earl | Lutwack, William | Ruddock, Leopold | Turner, Travis |
| Cabrera-Anderson, S. | Gibbs, III. Thomas | Mallas, Nicholas | Ruddock, Margaret | Walker Whisby, K. |
| Childress, Clifton | Giles, Herbert | McClellan, Rodney | Sadler, Jr. John | Weaver, Sebastian |
| Clemmons, Joyce | Greenway, Kimberly | McGahee, Larry | Saxon, Jasmine | Weeks, Frances |
| Cline, Travis | Grimshaw, Shane | McMillon, Ericka | Saxon, Rashad | West, Eric |
| Cochrane, Babette | Harris, Parks | Mitchell, Kevin | Saxon, Robin | Winkelman, Nan |

be appointed and authorized to serve as a Permanent Process Server in the Clayton County State Court for calendar year 2022, without the necessity of an order for appoint in each individual case.

SO ORDERED this ___3___ day of ___January___, 20_22_.

Chief Judge Linda S. Cowen

2022CV02610   eFiled 12/5/2022 10:26 AM

*Tiki Brown*

**Tiki Brown
Clerk of State Court
Clayton County, Georgia**
Hannah Lowery

IN THE STATE COURT OF CLAYTON COUNTY
STATE OF GEORGIA

**RALPH GULLY**

Plaintiff/Petitioner

vs.

**BAHLBI TESFAY KAHSAY AND TLM TRANSPORT
LLC.**

Defendant/Respondent

Case No.:   **2022CV02610**

AFFIDAVIT OF SERVICE OF
**Summons; Complaint; Civil Cover sheet; Rule 5.2
Certificate of Service; Plaintiff's First Request for
Admissions; Plaintiff's First Interrogatories; Plaintiff's
First Request for Production of Documents**

Received by **Ina Swinger**, on the **1st day of December, 2022 at 8:52 AM** to be served upon **TLM Transport, LLC c/o
Terrell McClendon, Registered Agent** at 350 Country Lake Drive, McDonough, Henry County, GA 30252.
On the **3rd day of December, 2022 at 12:57 PM**, I, **Ina Swinger**, SERVED TLM Transport, LLC c/o Terrell
**McClendon, Registered Agent** at 350 Country Lake Drive, McDonough, Henry County, GA 30252 in the manner
indicated below:

**CORPORATE SERVICE**, by personally delivering **1** copy(ies) of the above listed documents to the named Corporation,
by serving **Terrell McClendon, Registered Agent**, on behalf of said Corporation.
THE DESCRIPTION OF THE PERSON WITH WHOM THE COPY OF THIS PROCESS WAS LEFT IS AS FOLLOWS:
**I delivered the documents to Terrell McClendon, Registered Agent with identity confirmed by subject saying yes
when named. The individual accepted service with direct delivery. The individual appeared to be a gray-haired
white male contact 55-65 years of age, 6'0"-6'2" tall and weighing 240-300 lbs.**

Service Fee Total: **$340.00**

Per U.S. Code § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing
is true and correct.

NAME: _Ina Swinger_                   NA          12.4.22

Ina Swinger                   Server ID #                   Date

Notary Public: Subscribed and sworn before me on this __4__ day of ___Dec___ in the year of 20 __22__
Personally known to me __✓__ or _____ identified by the following document:

_____
Notary Public (Legal Signature)

*(Notary seal: RONALD L SMITH, MY COMMISSION EXPIRES SEPTEMBER 01, 2026, NOTARY PUBLIC, HENRY COUNTY, GEORGIA)*

Page 1 of 1

REF: **REF-11427784 1**

Tracking #: **0097394395**

**IN THE STATE COURT OF CLAYTON COUNTY
STATE OF GEORGIA**

RECEIVED & FILED

JAN 05 2022

**ORDER FOR APPOINTMENT FOR PROCESS SERVICE**

CLERK STATE COURT
CLAYTON COUNTY

Having read and considered the petitions and criminal records, and it appearing to the Court that sufficient grounds exist that each petitioner meets the requirements for appointment by the Court it is hereby

**ORDERED** and **ADJUDGED** that the following:

| | | | | |
|---|---|---|---|---|
| Abraham, Robyn | Cunningham, Sally | Hassan, Muhsin | Morgan, Todd | Saxon-Ford, Virginia |
| Adonni Huguley, CK | Dambach-Cirko, P. | Hassan, Muhsin S. | Mott, Cynthia | Seklecki, Christian |
| Anderson, Qaisar | Davidson, Danny | Highsmith, Amos | Murphy, Jr. Gregory | Singleton, Wesley |
| Andrews, II. Gene | Davidson, Mitchell | Hill, Hollis | Murrah, JuanQualo | Smith, Ronald |
| Armstrong, C. | Day, Duane | Hines, Jr. James | Nichols, Jean | Snellings, Sharon |
| Bailey, Anna | Earthrise, Rochelle | Horton, Christopher | Nichols, Lathan | Spears, Joye |
| Barnes, Kristopher | Echols, Eric | Horton, Malachi | Nolen, Milton | Starks, Marc |
| Barron, Shane | Echols, Patricia | Hudson, Kyle | Palmer, Alita | Stephens, Geri |
| Basham, James | Farkas, Bela | Jackson, II. Anthony | Parker, Ernesquieshia | Stinyard, Kelvin |
| Benito, Richard | Fazzio, Dedrea | James, Frank | Perlson, Marc | Stone, Alesia |
| Brazeman, Craig | Fisher, Dawn | Jenkins, Stephanie | Phelan, Christine | Swindle, Frank |
| Bridges, Kayla | Folds, Catherina | Johnson, Todd | Phelan, Ross | Swinger, Ina |
| Briley, Donnie | Folds, George | Kahssu, Haile | Rhodes, Kathryn | Tassaw, Berhane |
| Bryant, Shemika | Ford, Ronnie | Kotlar, Michael | Richardson, Clark | Thomas, Jeffrey |
| Bunch, Kim | Fuller, Thomas | Lawson, Zuri | Richardson, Leroy | Thompson, Vanessa |
| Butts, Kimberly | Garmon, Jason | Lewis, Kevin | Robbins, Karen | Thrash, Nancy |
| Byer, Edmond | Gayle, Earl | Lutwack, William | Ruddock, Leopold | Turner, Travis |
| Cabrera-Anderson, S. | Gibbs, III. Thomas | Mallas, Nicholas | Ruddock, Margaret | Walker Whisby, K. |
| Childress, Clifton | Giles, Herbert | McClellan, Rodney | Sadler, Jr. John | Weaver, Sebastian |
| Clemmons, Joyce | Greenway, Kimberly | McGahee, Larry | Saxon, Jasmine | Weeks, Frances |
| Cline, Travis | Grimshaw, Shane | McMillon, Ericka | Saxon, Rashad | West, Eric |
| Cochrane, Babette | Harris, Parks | Mitchell, Kevin | Saxon, Robin | Winkelman, Nan |

be appointed and authorized to serve as a Permanent Process Server in the Clayton County State Court for calendar year 2022, without the necessity of an order for appoint in each individual case.

SO ORDERED this ___3___ day of ___January___, 20_22_.

Chief Judge Linda S. Cowen

*Tiki Brown*
**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Hannah Lowery

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **RALPH GULLY,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION** |
| **vs.** | § | |
| | § | **FILE NO.: 2022CV02610** |
| **BAHLBI TESFAY KAHSAY and TLM** | § | |
| **TRANSPORT, LLC,** | § | **JURY TRIAL DEMANDED** |
| | § | |
| **Defendants.** | | |

### UNNAMED DEFENDANT FARMERS INSURANCE EXCHANGE'S
### ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES
### AND CROSS-CLAIM AGAINST DEFENDANTS

COMES NOW, FARMERS INSURANCE EXCHANGE ("Farmers") upon whom a copy

of Plaintiff's Complaint was served, presumably as a purported underinsured motorist carrier of

the Plaintiff pursuant to O.C.G.A. § 33-7-11, and, without submitting to the jurisdiction of the

Court and without waiving any of its rights and defenses, files this Answer and Defenses to

Plaintiff's Complaint and Cross-Claim against Defendants showing this Court as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against Farmers for which relief can be

granted.

### SECOND DEFENSE

Plaintiff can make no recovery from Farmers until lawful venue, jurisdiction and a valid

judgment have been established against an "uninsured motorist."

### THIRD DEFENSE

In light of the Second Defense, this Court lacks personal jurisdiction over Farmers.

2022CV02510

## FOURTH DEFENSE

Farmers specifically reserves the right to raise any additional claims or affirmative defenses which may be discovered. Farmers hereby incorporates by reference all affirmative defenses set forth in O.C.G.A. § 9-11-8(c) and § 9-11-12 to the extent applicable, including the statute of limitations and venue.  Defenses asserted herein are based upon the initial theories of defense counsel. Farmers further specifically reserves the right to withdraw or add any defenses to conform to the evidence presented at the time of trial.

## FIFTH DEFENSE

No damages can be recovered which were directly and proximately caused by Plaintiff's own contributory and comparative negligence and failure to exercise ordinary care.

## SIXTH DEFENSE

There may exist additional insurance coverage which would be primary to this party's coverage.

## SEVENTH DEFENSE

Farmers breached no duty owed to Plaintiff and, therefore, can have no liability to Plaintiff in this case.

## EIGHTH DEFENSE

No act or omission by Farmers was the proximate cause of Plaintiff's alleged damages, if any.

## NINTH DEFENSE

Any damages allegedly sustained by Plaintiff were due to a situation created by individuals or entities other than Farmers, or individuals or entities over which Farmers had no control.

{SECURE Firm/2016/00326/PLEADING/03835223.DOCX }

**TENTH DEFENSE**

To the extent applicable, Farmers asserts each affirmative defense set out in O.C.G.A. §

9-11-8 and O.C.G.A. § 9-11-12, including but not limited to statute of limitations, lack of

personal jurisdiction and improper venue.

**ELEVENTH DEFENSE**

To the extent applicable, Defendants may have liability coverage equal to or in excess of

Plaintiff's purported uninsured motorist coverage, if any.  Therefore, Defendants would not be

"uninsured" as defined by Georgia law and Plaintiff's purported uninsured motorist carrier, if

any, is entitled to be dismissed as a matter of law by the authority of Dewberry v. State Farm Ins.

Co., 197 Ga. App. 248, 398 S.E.2d 276 (1990).

**TWELFTH DEFENSE**

To the extent applicable, Plaintiff's claim fails to meet the requirements of O.C.G.A. §

33-7-11(b)(2), and thus, Plaintiff are not entitled to recover under Farmers' purported uninsured

or underinsured motorist policy.

**THIRTEENTH DEFENSE**

Farmers states that for lack of sufficient information upon which to form a belief, it can

neither admit nor deny that the Defendants are uninsured motorists within the purview of the

statute referred to above, or that Defendants are "uninsured" under the terms of any purported

Farmers' policy. Farmers does not admit the applicability of any of its coverage and does not

waive its rights to contest coverage.

**FOURTEENTH DEFENSE**

Farmers shows that to the extent any purported uninsured/underinsured motorist coverage

exists for Plaintiff, such coverage is excess over other recoverable insurance, including excess or

umbrella insurance issued or providing coverage to the Defendants.

## FIFTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the terms, limitations, conditions, definitions, and exclusions of the Farmers insurance policy. Including exclusions pertaining to punitive damages.

## SIXTEENTH DEFENSE

Farmers shows that to the extent any purported uninsured/underinsured motorist coverage exists for Plaintiff, it is reduced by the amount of available insurance coverage, including excess or umbrella insurance issued or providing coverage to the Defendants.

## SEVENTEENTH DEFENSE

Plaintiff has failed to plead a cause of action for attorney's fees against Farmers. Further, said fees are not recoverable against Farmers.

## EIGHTEENTH DEFENSE

As an Eighteenth Defense, Farmers answers the numbered paragraphs of Plaintiff's Complaint as follows:

### 1.

Farmers can neither admit nor deny the allegations contained within Paragraph 1 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

### 2.

Farmers can neither admit nor deny the allegations contained within Paragraph 2 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

- 4 -

2022CV02510

3.

Farmers can neither admit nor deny the allegations contained within Paragraph 3 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

4.

Farmers can neither admit nor deny the allegations contained within Paragraph 4 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

5.

Farmers can neither admit nor deny the allegations contained within Paragraph 5 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

6.

Farmers can neither admit nor deny the allegations contained within Paragraph 6 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

7.

Farmers can neither admit nor deny the allegations contained within Paragraph 7 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

8.

Farmers can neither admit nor deny the allegations contained within Paragraph 8 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the

2022CV02510

truth thereof and puts Plaintiff upon strict proof of the same.

9.

Farmers can neither admit nor deny the allegations contained within Paragraph 9 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

10.

Farmers can neither admit nor deny the allegations contained within Paragraph 10 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

11.

Farmers can neither admit nor deny the allegations contained within Paragraph 11 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

12.

Farmers can neither admit nor deny the allegations and all subparts contained within Paragraph 12 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

13.

Farmers can neither admit nor deny the allegations contained within Paragraph 13 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

14.

Farmers can neither admit nor deny the allegations contained within Paragraph 14 of

Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

15.

Farmers can neither admit nor deny the allegations contained within Paragraph 15 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

16.

Farmers can neither admit nor deny the allegations contained within Paragraph 16 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

17.

Farmers can neither admit nor deny the allegations contained within Paragraph 17 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

18.

Farmers can neither admit nor deny the allegations contained within Paragraph 18 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

19.

Farmers can neither admit nor deny the allegations contained within Paragraph 19 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

{SECURE Firm/2016/00326/PLEADING/03835223.DOCX }

20.

Farmers can neither admit nor deny the allegations contained within Paragraph 20 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

21.

Farmers can neither admit nor deny the allegations contained within Paragraph 21 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

22.

Farmers can neither admit nor deny the allegations contained within Paragraph 22 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

23.

Farmers can neither admit nor deny the allegations contained within Paragraph 23 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

24.

Farmers can neither admit nor deny the allegations contained within Paragraph 24 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

25.

Farmers can neither admit nor deny the allegations contained within Paragraph 25 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the

truth thereof and puts Plaintiff upon strict proof of the same.

26.

Farmers denies the allegations contained within the WHEREFORE Paragraph of Plaintiff's Complaint as it relates to Farmers only.

27.

Farmers denies all other allegations contained within Plaintiff's Complaint not otherwise responded to.

## CROSS-CLAIM AGAINST DEFENDANTS

Farmers hereby files this Cross-Claim and shows that to the extent Farmers becomes liable to pay any judgment or settlement, Defendants, BAHLBI TESFAY KAHSAY and TLM TRANSPORT, LLC, are liable to Farmers for all such amounts pursuant to O.C.G.A. § 33-7-11 *et seq*. and/or any applicable Georgia laws.

**WHEREFORE**, FARMERS INSURANCE EXCHANGE prays:

a) That it be discharged without any liability to make payment pursuant to the Georgia Uninsured Motorist Act and/or any applicable Georgia law;

b) That in the event of any judgment or settlement against Farmers and in favor of the Plaintiff, that judgment be entered against Defendants, BAHLBI TESFAY KAHSAY and TLM TRANSPORT, LLC, in favor of Farmers for all such amounts; and

c) That Farmers shall have such other relief as is permitted by law.

**A TRIAL BY TWELVE JURORS IS DEMANDED**

Respectfully submitted, this 20th day of December 2022.

**CRUSER, MITCHELL, NOVITZ,**
**SANCHEZ, GASTON & ZIMET, LLP**

_____
**KRISTIN L. YODER**
Georgia Bar No. 299210
*Attorneys for Farmers Insurance Exchange*

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA  30092
(404) 881-2622
(404) 881-2630 (Fax)
kyoder@cmlawfirm.com

- 10 -

**IN THE STATE COURT OF CLAYTON COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| RALPH GULLY, | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION** |
| vs. | § | |
| | § | **FILE NO.: 2022CV02610** |
| BAHLBI TESFAY KAHSAY and TLM | § | |
| TRANSPORT, LLC, | § | |
| | § | |
| **Defendants.** | § | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the undersigned has this day filed the within and foregoing **UNNAMED DEFENDANT FARMERS INSURANCE EXCHANGE'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT AND CROSSCLAIM AGAINST DEFENDANTS** with the Clerk of Court using the Odyssey eFileGA filing system which will automatically send e-mail notifications of such filing to the following attorneys of record:

Blake Fluevog, Esq.
MORGAN & MORGAN
178 South Main Street
Unit 300
Alpharetta, GA 30009
bfluevog@forthepeople.com
Attorney for Plaintiff

This 20th day of December 2022.

CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP

_____
**KRISTIN L. YODER**
Georgia Bar No. 299210
*Attorneys for Farmers Insurance Exchange*

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA  30092
(404) 881-2622
kyoder@cmlawfirm.com

- 11 -

2022CV02610   Filed 12/20/2022 3:00 PM

*Tiki Brown*
Tiki Brown
Clerk of State Court
Clayton County, Georgia
Hannah Lowery

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **RALPH GULLY,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION** |
| **vs.** | § | |
| | § | **FILE NO.: 2022CV02610** |
| **BAHLBI ZTESFAY KAHSAY and TLM** | § | |
| **TRANSPORT, LLC,** | § | |
| | § | |
| **Defendants.** | | |

## FARMERS INSURANCE EXCHANGE'S
## DEMAND FOR TRIAL BY A JURY OF TWELVE JURORS

COME NOW, FARMERS INSURANCE EXCHANGE (hereinafter "Farmers") upon

whom a copy of Plaintiff's Complaint was served, and without submitting to the jurisdiction of

the Court and without waiving any of its rights and expressly subject thereto, and files its

Demand for Trial by a Jury of 12 Jurors pursuant to O.C.G.A. § 15-12-122(a)(2), which states as

follows:

> In all civil actions in the state courts in which the claim for
> damages is greater than $25,000.00, either party may demand in
> writing prior to the commencement of the trial term that the case
> be tried by a jury of 12. If such a demand is made, the judge shall
> follow the procedures for superior courts of sub-section (b) of this
> Code section.

See also O.C.G.A. § 15-12-123(a)(2) which reads as follows:

> In all civil actions in the state courts in which a jury of 12 is
> demanded, the judge shall follow the procedures for superior
> courts of sub-section (b) of this Code section.

WHEREFORE, demand is made for trial of this case by a jury of 12 as by law provided.

{SIGNATURE ON FOLLOWING PAGE}

Respectfully submitted, this 20th day of December 2022.

**CRUSER, MITCHELL, NOVITZ, SANCHEZ, GASTON & ZIMET, LLP**

_____
**KRISTIN L. YODER**
Georgia Bar No. 299210
*Attorneys for Farmers Insurance Exchange*

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA  30092
(404) 881-2622
(404) 881-2630 (Fax)
kyoder@cmlawfirm.com

- 2 -

**IN THE STATE COURT OF CLAYTON COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| **RALPH GULLY,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION** |
| **vs.** | § | |
| | § | **FILE NO.: 2022CV02610** |
| **BAHLBI ZTESFAY KAHSAY and TLM** | § | |
| **TRANSPORT, LLC,** | § | |
| | § | |
| **Defendants.** | | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day electronically filed the within and foregoing **DEFENDANT FARMERS INSURANCE EXCHANGE'S DEMAND FOR TRIAL BY A JURY OF TWELVE JURORS** with the Clerk of Court using the Odyssey eFileGA filing system which will automatically send e-mail notifications of such filing to the following attorneys of record:

Blake Fluevog, Esq.
MORGAN & MORGAN
178 South Main Street
Unit 300
Alpharetta, GA 30009
bfluevog@forthepeople.com
Attorney for Plaintiff

This 20th day of December 2022.

CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP

_____
**KRISTIN L. YODER**
Georgia Bar No. 299210
*Attorneys for Farmers Insurance Exchange*

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA  30092
(404) 881-2622
(404) 881-2630 (Fax)
kyoder@cmlawfirm.com

- 3 -

*Tiki Brown*
**Tiki Brown
Clerk of State Court
Clayton County, Georgia**
Hannah Lowery

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **RALPH GULLY,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION** |
| **vs.** | § | |
| | § | **FILE NO.: 2022CV02610** |
| **BAHLBI ZTESFAY KAHSAY and TLM** | § | |
| **TRANSPORT, LLC,** | § | |
| | § | |
| **Defendants.** | | |

### CERTIFICATE OF SERVICE OF DISCOVERY

I HEREBY CERTIFY that the undersigned has this day served the foregoing

**UNNAMED DEFENDANT FARMERS INSURANCE EXCHANGE'S RESPONSES TO**

**PLAINITFF'S REQUEST FOR ADMISSIOSN; and UNNAED DEFENDANT FARMERS**

**INSURANCE EXCHANGE'S FIRST INTERROGATORIES AND REQUEST FOR**

**PRODUCTION OF DOCUMENTS UNDER O.C.G.A. § 9-11-34 AND NOTICE TO**

**PRODUCE AT TRIAL UNDER O.C.G.A. § 24-13-27 TO PLAINTIFF** upon all parties to

this matter by email addressed to the following attorneys of record:

Blake Fluevog, Esq.
MORGAN & MORGAN
178 South Main Street
Unit 300
Alpharetta, GA 30009
bfluevog@forthepeople.com
Attorney for Plaintiff

I FURTHER CERTIFY that in accordance with O.C.G.A. § 9-11-29.1(a), Filing of

Discovery Materials, the undersigned is responsible for service of the above document and

acknowledges that he is in possession of the original of the foregoing and the custodian thereof,

the same to be held in accordance with the foregoing Local Rule.

Respectfully submitted, this 20th day of December 2022.

**CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP**

_____

**KRISTIN L. YODER**
Georgia Bar No. 299210
*Attorneys for Farmers Insurance Exchange*

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA  30092
(404) 881-2622
(404) 881-2630 (Fax)
kyoder@cmlawfirm.com

12/15/22

Blake Fluevog
178 S Main St.
Unit 300
Alpharetta GA 30009

RE: Case Number 2022CV02610

Mr. Fluevog

As stated in the email correspondence with Jasmine Wiggins attached and dated December 1, 2022, you have incorrectly filed a lawsuit against my company TLM Transport, LLC.

1. We do not have any employees besides myself, Terrell McClendon. Therefore, Mr. Bahlbi Tesfay Kahsay is not a member of this TLM transport and cannot be sued as part of my company.
2. I also do not own a 2018 KWTT Truck which is listed in this lawsuit.

3. The only truck owned by TLM Transport and myself is a 2014 Freightliner and is driven by myself, Terrell McClendon. I have attached this information as well.

As a result, I cannot and will not respond to any of the interrogatories listed in case number 2022CV02610.

Enclosed please find a copy of the email to J Wiggins dated December 1, 2022 and her response.

Also a copy of my most recent State of Georgia Cab Card for my 2014 Freightliner.

Included as well will be a copy of my most recent Form 2290 showing that I report only one Vehicle . Please note that the VIN number on the form 2290 and corresponding Cab Card are the same, registered to a 2014 Freightliner.

Please promptly reply to this statement with resolution regarding this matter and our release from any legal action.

Thank you,
Terrell McClendon

CC: Clerk of Court- Tiki Brown

CC: Judge Tammy Hayward



**From:** **Jasmine Wiggins x32931** jwiggins@forthepeople.com
**Subject:** RE: *EXT* Civil Action No. 2022CV02610
**Date:** December 2, 2022 at 8:36 AM
**To:** TERRY L MCCLENDON t_mcclendon@bellsouth.net

Good morning,

Thank you for letting us know. We will look further into it and update you on the correction as soon as possible.

Kindly,


**Jasmine Wiggins**
Litigation Paralegal

**P:** (770) 799-2919
**F:** (770) 800-9872
**A:** 178 S Main St Unit 300, Alpharetta, GA 30009

# MORGAN & MORGAN
FOR THE **PEOPLE**.COM

PRACTICE AREAS | LOCATIONS | ATTORNEYS | VERDICT MAGAZINE

*A referral is the best compliment. If you know anyone that needs our help, please have them call our office 24/7.*


**From:** TERRY L MCCLENDON <t_mcclendon@bellsouth.net>
**Sent:** Thursday, December 1, 2022 4:00 PM
**To:** Jasmine Wiggins x32931 <jwiggins@forthepeople.com>
**Subject:** *EXT* Civil Action No. 2022CV02610

**CAUTION: Use caution when clicking on links or opening attachments in this external email.**

I am writing to inform you that there has been an error in this lawsuit. The TLM Transport that you are suing does not own a 2018 KW TT, nor do we have any employees including Bahlbi Tesfay Kahsay. I do own one truck but it is not the one listed and I am the driver and my truck is leased to a trucking company in Lithonia Georgia.

I googled TLM Transport in Texas, considering that is the address listed for Mr. Kahsay in your lawsuit, and two different ones came up. Perhaps he is an employee at one of those since he its a resident of that state.

When this error has been resolved I would like to receive a letter from Morgan & Morgan stating that it has been corrected.


Thank You

# State Of Georgia
# Apportioned Cab Card

Photocopies Void Information On This Card
https://dor.georgia.gov/georgia-trucking-portal



| ACCOUNT NO. | FLT. NO. | SUPV. NO. | TYPE | MAKE | UNIT NUMBER | AXLES/STS | UNLADEN WGT | FUEL | COMBINED GVW | YEAR |
|---|---|---|---|---|---|---|---|---|---|---|
| 64189 | 002 | 000 | TK | FRHT | 3247 | 3 | 18000 | D | 80000 | 2014 |

| VIN | BASE STATE | USDOT NO. | EXPIRATION DATE | REGISTERED DATE | ISSUE DATE | PLATE NUMBER |
|---|---|---|---|---|---|---|
| 3ALXA7006EDFT4095 | GA | 000186265 | 07/31/2023 | 06/25/2022 | 08/01/2022 | IC78CA |

**REGISTRANT INFORMATION**

Owner - TERRELL LEE MCCLENDON
Registrant - TERRELL LEE MCCLENDON
350 COUNTRY LAKE DR MCDONOUGH GA
30252-8420

Vehicle described has been proportionally registered between the state of GEORGIA and other jurisdictions shown below.

| , 80000 | AL 80000 | AR 80000 | AZ 80000 | CA 80000 | CO 80000 | CT 80000 | DC 80000 | DE 80000 | FL 80000 |
|---|---|---|---|---|---|---|---|---|---|
| 80000 | ID 80000 | IL 80000 | IN 80000 | KS 80000 | KY 80000 | LA 80000 | MA 80000 | MD 80000 | ME 80000 |
| 80000 | MN 80000 | MO 80000 | MS 80000 | MT 80000 | NC 80000 | ND 80000 | NE 80000 | NH 80000 | NJ 80000 |
| I 80000 | NV 80000 | NY 80000 | OH 80000 | OK 80000 | OR 80000 | PA 80000 | RI 80000 | SC 80000 | SD 80000 |
| 80000 | TX 80000 | UT 80000 | VA 80000 | VT 80000 | WA 80000 | WI 80000 | WV 80000 | WY 80000 | AB 36287 |
| 36287 | MB 36287 | NB 36287 | NL 36287 | NS 36287 | ON 36287 | PE 36287 | QC 6 axles | SK 36287 | ** ****** |



TERRELL LEE MCCLENDON
350 COUNTRY LAKE DR
MCDONOUGH GA  30252-8420

I.Ildl...ddd..ddd..dd.dddd.dd..dll...dd

: our website at https://dor.georgia.gov/georgia-trucking-portal for verification of registration details above.
s: If this vehicle is sold or otherwise deleted from the fleet, this cab card and corresponding
se plate must be surrendered to the Georgia Department of Revenue Motor Vehicle Division.

# JUL

IC78CA

## INSTRUCTIONS FOR APPLYING PLATE DECALS:

1) Verify plate number and decal match.
2) Do not moisten decal or attempt to apply if temperature is below - 10 degrees Fahrenheit.
3) Clean and dry plate before affixing new decal.
4) Remove decal by bending corner of card under decal along dotted line.
5) Next, lift up corner of decal where card is creased.
6) Decal is fragile, peel decal off slowly.
7) If plate has a previous decal attached place new decal to cover old decal. See diagram on back of registration form for decal placement.
8) Rub or press firmly around edges of decal after applying.

**SCHEDULE 1**
**(Form 2290)**
(Rev. July 2022)
Department of the Treasury
Internal Revenue Service

# Schedule of Heavy Highway Vehicles

For the period July 1, 2022, through June 30, 2023

► Complete and file both copies of Schedule 1. One copy will be stamped and returned to you for use as proof of payment when registering your vehicle(s) with a state.

OMB No. 1545-0143

**Type or Print**

| Name | Employer identification number (EIN) |
|---|---|
| TLM Transport LLC | 8 0 – 0 6 4 1 5 0 3 |

Address (number, street, and room or suite no.)
350 Country Lake Dr

City or town, state or province, country, and ZIP or foreign postal code
McDonough, GA  30252

Month of first use (see instructions)

| Y | Y | Y | Y | M | M |
|---|---|---|---|---|---|
| 2 | 0 | 2 | 2 | 0 | 7 |

| Part I | Vehicles You Are Reporting (enter VIN and category) | Category A through W (category W for suspended vehicles) |
|---|---|---|
| 1 | 3 A L X A 7 0 0 6 E D F T 4 0 9 5 | V |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | | |
| 7 | | |
| 8 | | |
| 9 | | |
| 10 | | |
| 11 | | |
| 12 | | |
| 13 | | |
| 14 | | |
| 15 | | |
| 16 | | |
| 17 | | |
| 18 | | |
| 19 | | |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |

| Part II | Summary of Reported Vehicles | | |
|---|---|---|---|
| a | Total number of reported vehicles . . . . . . . . . . . . | a | 1 |
| b | Enter the total number of taxable vehicles on which the tax is suspended (category W) . . . . . . . . | b | |
| c | Total number of taxable vehicles. Subtract line b from line a . . . . . . . . . . . | c | 1 |

For Privacy Act and Paperwork Reduction Act Notice, see the separate instructions.   Cat. No. 11250O   Schedule 1 (Form 2290) (Rev. 7-2022)

Filed 12/29/2022 8:22 AM

*Tiki Brown*
**Tiki Brown**
Clerk of State Court
Clayton County, Georgia
Hannah Lowery

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

**RALPH GULLY**

Plaintiff/Petitioner

vs.

**BAHLBI TESFAY KAHSAY; TLM TRANSPORT LLC.**

Defendant/Respondent

Case No.:   **2022CV02610**

**AFFIDAVIT OF NON-SERVICE OF**
**Summons; Complaint; Civil Cover sheet; Plaintiff's First Request for Production of Documents; Plaintiff's First Interrogatories; Plaintiff's First Request for Admissions**

Received by **Steven Julian**, on the **21st day of December, 2022 at 7:39 PM** to be served upon **TLM Transport LLC c/o Bahlbi T. Kahsay, Registered Agent** at **8620 Park Lane, Apt 1806, Dallas, Dallas County, TX 75231-6898.**

On the **23rd day of December, 2022 at 9:55 AM**, I, Steven Julian, NON-SERVED TLM Transport LLC c/o Bahlbi T. Kahsay, Registered Agent.

**NON-SERVICE** after due search, careful inquiry and diligent attempts at **8620 Park Lane, Apt 1806, Dallas, Dallas County, TX 75231-6898**, I have been unable to effect process upon the person/entity being served due to the following reason(s):
**12/22/2022 1:59 PM:** There was no answer at the address. I spoke with a neighbor who doesn't recognize name. I made contact with a Hispanic male in the leasing office, and he is not showing any records, current or former. **12/23/2022 9:55 AM:** There was no answer at the address. I spoke with a neighbor who says not resident. I spoke with a neighbor, who stated his name was Atiqullah Nayibee. He stated that a Hispanic family is the current residents at this unit. He stated that a African male who is now a former tenant moved out 3 to 4 months ago.

Service Fee Total: **$255.00**

Per U.S. Code § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

NAME:   *Steven Julian*                          PSC3905                     *12/28*
       Steven Julian                        Server ID #                    Date

Notary Public: Subscribed and sworn before me on this *28* day of *December* in the year of 20*22*
Personally known to me _____ or _____ identified by the following document:

*Alexis Jade Gray*
Notary Public (Legal Signature)

**Alexis Jade Gray**
My Commission Expires
12/02/2024
ID No 132807854

REF: **REF-11591187 1**

Page 1 of 1
Tracking #: **0098399086**



JUDICIAL BRANCH CERTIFICATION COMMISSION

This is to certify that

## STEVEN JULIAN

IS CERTIFIED AS A PROCESS SERVER UNDER THE PROVISIONS OF GOVERNMENT CODE, SECTION 156

CERTIFICATION TYPE:        PROCESS SERVER
CERTIFICATION NUMBER:  PSC-3905
EXPIRATION DATE:             June 30, 2024

_____
SIGNATURE

_____
ADMINISTRATIVE DIRECTOR
OFFICE OF COURT ADMINISTRATION

2022CV02610



*Tiki Brown*
**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Hannah Lowery

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **RALPH GULLY,** <br><br> **Plaintiff,** <br> **v.** <br><br> **BAHLBI TESFAY KAHSAY and TLM TRANSPORT, LLC,** <br><br> **Defendant.** | **CIVIL ACTION FILE NO:** <br> **2022CV02610** |

## <u>MOTION FOR SUBSTITUTION OF DEFENDANT</u>

COMES NOW, the Plaintiff, in the above-referenced matter, by and through counsel, and respectfully move this Court to substitute Defendant TLM Transport, LLC with TLM Transport LLC in Plaintiff's Complaint for Personal Injuries. The parties show the following:

1.

Plaintiff filed her Complaint with this Court naming TLM Transport, LLC as a Defendant.

2.

Plaintiff identified TLM Transport, LLC c/o Terrell McClendon, Registered Agent, 350 Country Lake Drive, McDonough, Georgia 30252, without knowledge of the correct TLM Transport, LLC c/o Bahlbi Kahsay, Registered Agent, 8620 Park Lane, Apt. 1806, Dallas, Texas 75231.

3.

Plaintiff was informed by Terrell McClendon that TLM Transport, LLC served was the incorrect entity.

4.

As such, Plaintiff requests that TLM Transport, LLC is substituted for the properly named party, TLM Transport, LLC.

This 13th day of January 2023.

**PREPARED BY:**

*/s/ Blake Fluevog*
Blake Fluevog, Esq.
Georgia Bar No.: 838726
*Attorney for Plaintiff*

178 S. Main Street, Unit 300
Alpharetta, GA 30009
Phone: 770-576-7613
Email: bfluevog@forthepeople.com

## CERTIFICATE OF SERVICE

This is to certify that I have this day served the following counsel of record with a true and correct copy of ***Motion for Substitution of Defendant*** by electronic filing or depositing said copy in the United States Mail, with sufficient postage affixed thereon, and properly addressed to the following:

TLM Transport, LLC
c/o Bahlbi T. Kahsay, Registered Agent
8620 Park Lane, Apt. 1806
Dallas, TX 75231

Kristin L. Yoder
Cruser, Mitchell, Novitz, Sanchez, Gaston & Zimet, LLP
Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA 30092
*Attorney for Farmers Insurance Exchange*

This 13th day of January 2023.

/s/ Blake Fluevog
Blake Fluevog, Esq.
Georgia Bar No.: 838726
*Attorney for Plaintiff*

178 S. Main Street, Unit 300
Alpharetta, GA 30009
Phone: 770-576-7613
Fax: 770-576-7663
Email: bfluevog@forthepeople.com

2022CV02610

**IN THE STATE COURT OF CLAYTON COUNTY**

**STATE OF GEORGIA**

| | |
|---|---|
| **RALPH GULLY,**<br><br>　　　　　**Plaintiff,**<br>**v.**<br><br>**BAHLBI TESFAY KAHSAY and TLM TRANSPORT, LLC,**<br><br>　　　　　**Defendant.** | **CIVIL ACTION FILE NO:**<br>**2022CV02610** |

**ORDER SUBSTITUTING PROPER PARTY**

The above Motion having been read and considered, and the same appears to the Court that sufficient grounds exist for the granting thereof, IT IS HEREBY ORDERED that TLM Transport, LLC is substituted for the properly named party, TLM Transport, LLC.

IT IS HEREBY ORDERED this _____ day of _____, 2023.

_____
Presiding Judge
State Court of Clayton County

**Order Prepared By:**
Blake Fluevog
Georgia Bar No.: 838726
Attorney for Plaintiff

2022CV02610    Filed 1/17/2023 10:13 AM

*Tiki Brown*
**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Latasha Currie

IN THE STATE COURT OF CLAYTON COUNTY
STATE OF GEORGIA

**RALPH GULLY**

> Plaintiff/Petitioner

vs.

**BAHLBI TESFAY KAHSAY; TLM TRANSPORT LLC.**

> Defendant/Respondent

Case No.:    **2022CV02610**

AFFIDAVIT OF SERVICE OF
**Summons; Complaint; Civil Cover sheet; Plaintiff's First Request for Production of Documents; Plaintiff's First Interrogatories; Plaintiff's First Request for Admissions**

Received by **Steven Julian**, on the **11th day of January, 2023 at 8:13 PM** to be served upon **TLM Transport LLC c/o Bahlbi T. Kahsay, Registered Agent at 8620 Park Lane, Apt 1806, Dallas, Dallas County, TX 75231-6898**.
On the **14th day of January, 2023 at 10:23 AM**, I, Steven Julian, SERVED TLM Transport LLC c/o Bahlbi T. Kahsay, Registered Agent at 12484 ABRAMS RD APT 1602, DALLAS, Dallas County, TX 75243 in the manner indicated below:

**CORPORATE SERVICE**, by personally delivering **1** copy(ies) of the above listed documents to the named Corporation, by serving **Bahlbi T. Kahsay, Registered Agent**, on behalf of said Corporation.
THE DESCRIPTION OF THE PERSON WITH WHOM THE COPY OF THIS PROCESS WAS LEFT IS AS FOLLOWS:
**I delivered the documents to Bahlbi T. Kahsay, Registered Agent with identity confirmed by subject saying yes when named. The individual accepted service with direct delivery. The individual appeared to be a black-haired Middle Eastern male contact 35-45 years of age, 5'4"-5'6" tall and weighing 140-160 lbs with an accent.**

Service Fee Total: **$0.00**

Per U.S. Code § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

NAME: _____     PSC3905     1/16/23
Steven Julian                    Server ID #     Date

Notary Public: Subscribed and sworn before me on this 16 day of January in the year of 20 23
Personally known to me _____ or _____ identified by the following document: _____

Notary Public (Legal Signature)

Alexis Jade Gray
My Commission Expires
12/02/2024
ID No. 132607854

REF: **REF-11591187 1**

Page 1 of 1
Tracking #: **0099377220**



JUDICIAL BRANCH CERTIFICATION COMMISSION

This is to certify that

## STEVEN JULIAN

IS CERTIFIED AS A PROCESS SERVER UNDER THE PROVISIONS OF GOVERNMENT CODE, SECTION 156

CERTIFICATION TYPE:        PROCESS SERVER
CERTIFICATION NUMBER:  PSC-3905
EXPIRATION DATE:           June 30, 2024

_____
SIGNATURE

_____
ADMINISTRATIVE DIRECTOR
OFFICE OF COURT ADMINISTRATION

2022CV02610