**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| KELLER NORTH AMERICA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. _____ |
| | ) | |
| LIBERTY MUTUAL INSURANCE COMPANY, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## <u>NOTICE OF REMOVAL</u>

**COMES NOW**, Liberty Mutual Insurance Company ("Liberty Mutual"), Defendant in the above-styled action, pursuant to 28 U.S.C. §§ 1441, *et seq.*, and files this Notice of Removal with respect to Civil Case No. 22-C-7303-S4, pending in the State Court for Gwinnett County, Georgia (the "Gwinnett County Action"). In support of this Notice of Removal, Liberty Mutual states as follows:

1.

On or about December 16, 2022, Plaintiff Keller North America, Inc. ("Keller") filed a Complaint in the State Court of Gwinnett County, Georgia, Civil Case No. 22-C-7303-S4, styled *Keller North America, Inc. v. Liberty Mutual Insurance Company* (the "Complaint").  True and accurate copies of all process,

1

pleadings, and orders on file with the Clerk of the State Court of Gwinnett County, Georgia, including a copy of the Complaint, are attached hereto as **Exhibit A** and incorporated by reference.

2.

An Acknowledgement of Service was subsequently signed by counsel for Liberty Mutual and filed by Plaintiff's counsel on January 17, 2023. (*See* Exhibit A).

3.

At the time the Complaint was filed and continuing through the present (including at the time of filing the instant Notice of Removal), Plaintiff Keller was a corporation organized under the laws of the State of Delaware, with its principal place of business located at 7550 Teague Road, Suite 300, Hanover, Maryland 21076. Keller is not organized under the laws of Massachusetts, and does not have a principal place of business in Massachusetts. Keller is therefore a citizen of either Delaware or Maryland, and not of Massachusetts.

4.

At the time the Complaint was filed and continuing through the present (including at the time of filing the instant Notice of Removal), Defendant Liberty Mutual was an insurance company organized under the laws of the Commonwealth

of Massachusetts, with its principal place of business located at 175 Berkeley St., Boston, Massachusetts 02116.  Liberty Mutual is not organized under the laws of Delaware or Maryland, and does not have a principal place of business in Delaware or Maryland. Liberty Mutual is therefore a citizen of Massachusetts, and not a citizen of Delaware or Maryland.

5.

Through the Complaint, Keller alleges that it is a proper claimant for an amount in excess of $75,000.00 against a payment bond issued by Liberty Mutual in accordance with a public works construction contract between the City of Brookhaven and BM&K Construction, Inc. ("BM&K") for the construction project commonly known as the ITB 19149 Brookhaven Public Safety Building, located at 1793 Briarwood Road, Brookhaven, Georgia 30319 (the "Project").

**GROUNDS FOR REMOVAL**

6.

The Gwinnett County Action is removable under 28 U.S.C. § 1441, *et seq.*, because this Court has original jurisdiction under 28 U.S.C. § 1332, as (i) the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and (ii) there is complete diversity between the parties to the lawsuit. Therefore, the action is removable based on complete diversity of citizenship.

**A.**      **The $75,000 amount in controversy requirement is satisfied.**

7.

Keller's Complaint in the Gwinnett County Action alleges that it entered into a subcontract with BM&K, prime contractor for the Project, to furnish all labor, materials, and equipment required to construct a retaining wall on the Project for an initial sum of $436,300.00 (the "Subcontract"). (*See* Ex. A, ¶¶ 3-5.).

8.

Keller further alleges that BM&K directed Keller to perform additional work on the Project, which resulted in certain change orders and deductions to its scope of work; and that, following the completion of its scope of work, it is owed a principal amount of $496,024.90 plus interest for which it has not been paid. (*See id.* ¶¶ 6-7.)

9.

The Complaint further alleges that, despite Keller providing notice and demand for payment, Liberty Mutual has failed to pay Keller in accordance with the terms of the Payment Bond. (*See id.* ¶¶ 8-10.)

10.

Accordingly, it is clear from the face of the Complaint that the amount in controversy exceeds $75,000.00, therefore the amount in controversy requirement under 28 U.S.C. § 1332(a) is met.

**B.     There is complete diversity of citizenship between the parties.**

11.

At the time that the Summons and Complaint was filed and continuing through the present (including the time of filing the instant Notice of Removal), Keller is and was a citizen of either Delware or Maryland, and Liberty Mutual is and was a citizen of Massachusetts. Thus, there is complete diversity of citizenship between the parties to this lawsuit.

**C.     The other requirements for removal are satisfied.**

13.

The time within which Liberty Mutual may remove the Gwinnett County Action under 28 U.S.C. § 1446(b) has not expired, as the instant Notice of Removal is being filed within thirty (30) days of January 17, 2023, the date on which Liberty Mutual's Acknowledgement of Service was filed.

14.

The instant Notice of Removal is filed less than one year after the commencement of the Gwinnett County Action. *See* 28 U.S.C. § 1446(c).

15.

A Notice of Filing of Removal, with a copy of this Notice of Removal attached (without exhibits), will be promptly filed with the clerk of the State Court of Gwinnett County, pursuant to 28 U.S.C. § 1446(d).  An unsigned copy of the Notice of Filing of Removal that Liberty Mutual intends to file is attached hereto as **Exhibit B**.

16.

The United States District Court for the Northern District of Georgia, Atlanta Division, is the federal judicial district encompassing Gwinnett County, Georgia, where Keller originally filed the instant suit. Therefore, venue is proper in this district under 28 U.S.C. § 1441(a).

17.

If any question arises as to the propriety of the straightforward and proper removal of this action, Liberty Mutual requests the opportunity to present a brief and oral argument and to conduct discovery in support of its position that subject matter jurisdiction exists in this Court and that removal is otherwise proper.

WHEREFORE, Liberty Mutual respectfully requests that the Gwinnett County Action currently pending in the State Court of Gwinnett County, Georgia be removed to this Honorable Court.

This the 14th day of February, 2023.

HUDSON LAMBERT
PARROTT WALKER, LLC

*/s/ Kevin H. Hudson*
Kevin H. Hudson
Georgia Bar No. 374630
Alexander J. Bell
Georgia Bar No. 282562
Cory L. Takeuchi
Georgia Bar No. 424678

Fifteen Piedmont Center, Suite 200
3575 Piedmont Road, NE
Atlanta, Georgia 30305
Telephone:  404-554-8181
Facsimile:  404-554-8171
Email:  khudson@hlpwlaw.com
Email:  abell@hlpwlaw.com
Email:  ctakeuchi@hlpwlaw.com
*Counsel for Liberty Mutual*
*Insurance Company*

## **LR 7.1 CERTIFICATE**

Pursuant to L.R. 7.1D, counsel certifies that the foregoing document complies with the font and point selections approved by the Court in L.R. 5.1C.   This document was prepared using Times New Roman 14-point font.

This the 14th day of February, 2023.

**HUDSON LAMBERT**
**PARROTT WALKER, LLC**

*/s/ Kevin H. Hudson*
Kevin H. Hudson
Georgia Bar No. 374630

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day electronically filed a copy of the within and foregoing using the Court's CM/ECF System which will automatically send email notification of such filing to all counsel of records as follows and via electronic mail with adequate postage:

Benjamin M. Rachelson
Samuel Richards
**Adams and Reese LLP**
3424 Peachtree Road, NE
Suite 1600
Atlanta, Georgia 30326
Benjamin.Rachelson@arlaw.com
Sam.Richards@arlaw.com

This 14th day of February, 2023.

**HUDSON LAMBERT
PARROTT WALKER, LLC**

*/s/ Kevin H. Hudson*
Kevin H. Hudson
Georgia Bar No. 374630
Alexander J. Bell
Georgia Bar No. 282562
Cory L. Takeuchi
Georgia Bar No. 424678

Fifteen Piedmont Center, Suite 200
3575 Piedmont Road, NE
Atlanta, Georgia 30305
Telephone:  404-554-8181
Facsimile:  404-554-8171
Email:  khudson@hlpwlaw.com
Email:  abell@hlpwlaw.com
Email:  ctakeuchi@hlpwlaw.com
*Counsel for Liberty Mutual
Insurance Company*

# EXHIBIT A

E-FILED IN OFFICE - JT
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

22-C-07303-S4

12/16/2022 11:03 AM
TIANA P. GARNER, CLERK

# IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **KELLER NORTH AMERICA, INC.** | * | 22-C-07303-S4 |
| **Plaintiff** | * | |
| | * | |
| **v.** | * | **CIVIL ACTION FILE NO.** |
| | * | _____ |
| **LIBERTY MUTUAL INSURANCE COMPANY** | * | |
| **Defendant** | * | |
| _____/ | | |

## COMPLAINT

### ACTION ON PAYMENT BOND ISSUED FOR PUBLIC WORKS PROJECT PURSUANT TO O.C.G.A. § 13-10-60

COMES NOW, Keller North America, Inc., Plaintiff in the above-styled action (either "Keller North" or "Plaintiff" as the context may require), and files its Complaint against Liberty Mutual Insurance Company ("Liberty Mutual"), and shows the Court as follows:

1.

Liberty Mutual is a Massachusetts insurance company that maintains its registered office at 2 Sun Court, Suite 400, Peachtree Corners, Gwinnett County, Georgia 30092, whereat it may be served with the Summons and Complaint by delivering a copy to its registered agent for service of process, Corporation Service Company. Liberty Mutual is subject to the jurisdiction of this Court and venue is proper.

2.

This action arises from the subcontract (the "Subcontract") dated on or about June 29, 2021 between BM&K Construction, Inc. ("BM&K") and Keller North America, Inc. to furnish all labor, materials, equipment, engineering, scaffolding, layout, hoisting, and all else required to complete Retaining Wall D (the "Labor and Materials").

1

3.

This is an action by Keller North against the payment bond (the "Payment Bond") issued by Liberty Mutual concerning a public works construction contract between BM&K Construction, Inc. and the City of Brookhaven for the ITB 19-149 Brookhaven Public Safety Building, 1793 Briarwood Road, Brookhaven, GA 30319 (the "Public Works Project").  A true and correct copy of the Payment Bond is attached hereto as Exhibit "A" and is incorporated herein by reference.

4.

In accordance with the provisions of O.C.G.A. § 13-10-60, Liberty Mutual issued the Payment Bond in the amount of $15,131,463.00, pursuant to the terms of which Liberty Mutual agreed to pay every claimant (as defined by the Payment Bond), who has not been paid in full within 90 days after the last day on which such claimant's work or labor was performed, or claimant's material was furnished for use in performance of the Public Works Contract.

5.

In accordance with the terms of the Subcontract, Keller North furnished Labor and Materials to BM&K for use in the performance of the Public Works Project for an initial sum of $436,300.00, and is a claimant as defined in the Payment Bond.

6.

In connection with the Labor and Materials provided by Keller North to the Public Works Project, BM&K directed additional work which led to certain change orders and deductions to the scope of Keller North's work under the Subcontract, which include:

    a.   $7,167.00 for material overages due to grout loss;

    b.   $44,608.00 for additional shotcrete;

    c.   $5,667.00 to drill collapsed holes;

d.  $10,464.00 to lengthen anchors;

e.  $283,589.00 from 10/11/21 to 11/17/21 in order to effectuate the requested change orders extending the project duration;

f.  $52,200.00 for additional micro piles;

g.  Deduction of $58,300.00 to not provide a rubbed finish to Retaining Wall D;

h.  Deduction of $48,303.00 to reduce the square footage of Retaining Wall D.

7.

Following the completion of its scope of work under the Subcontract, including the change orders and deduction thereto, Keller North is owed the principal amount of $496,024.90 plus interest at the rate of 1.5% per month pursuant to the terms of its Subcontract with BM&K.

8.

BM&K is in default under the terms of the Subcontract, and Keller North has not been paid the balance that is due for the Labor and Materials within 90 days after the last day that Keller North provided the Labor and Materials for use in the performance of the Public Works Project.

9.

On or about September 20, 2022, Keller North provided notice of Keller North's claim under the Payment Bond and has made demand for payment that is due for the Labor and Materials that Keller North provided for use in the performance of the Public Works Project (the "Keller North Claim").

10.

Notwithstanding Keller North's notice and demands, Liberty Mutual has failed and refused to pay the Keller North Claim that is due and payable in accordance with the terms of the Payment Bond.

11.

The failure of Liberty Mutual to respond to the notices and demands of the Keller North Claim for payment of the Keller North Claim is a breach of the agreement made by Liberty Mutual under the terms of the Payment Bond.

12.

Pursuant to the terms of the Payment Bond, Liberty Mutual is therefore indebted to Keller North for the sum of $496,024.90 principal, plus interest thereon from the date same became due at the rate of 1.5% per month until paid in full.

WHEREFORE, Keller North demands judgment against Liberty Mutual as follows:

(a) For the recovery of the sum of $496,024.90 principal, plus interest at the rate of 1.5% per month from the date same became due from Liberty Mutual under the Payment Bond; and

(b) For the recovery of all costs of this action.

This 16th day of December 2022.

Respectfully submitted:

ADAMS AND REESE LLP

/s/ Benjamin M. Rachelson
Benjamin M. Rachelson
GA Bar No. 558570
Benjamin.Rachelson@arlaw.com
Samuel Richards
GA Bar No. 947031
Sam.Richards@arlaw.com
*Attorneys for the Plaintiff*

3424 Peachtree Road, NE
Suite 1600
Atlanta, GA 30326
Telephone: (470) 427-3700

4

Bond no. 016076652

## PAYMENT BOND

KNOW ALL MEN BY THESE PRESENTS: THAT

 BM&K Construction, Inc.

(Name of Contractor)
 PO 878, Braselton, GA 30517

(Address of Contractor)

a   Corporation

(Corporation, Partnership or Individual)

Hereinafter called Principal, and
 Liberty Mutual Insurance Company

(Name of Surety)
 175 Berkeley Street, Boston, MA 02116

(Address of Surety)

a Corporation of the State of  Massachusetts  and a surety authorized by law to do business in the State of Georgia, hereinafter called Surety, are held and firmly bound unto

The City of Brookhaven Georgia
(Name of Obligee)
4362 Peachtree Road NE, Brookhaven, Georgia 30319
 (Address of Obligee)

hereinafter referred to as Obligee; for the use and protection of all subcontractors and all persons supplying labor, services, skill, tools, machinery, materials and/or equipment in the prosecution of the work provided for in the contract herein after referred to in the full and just sum of
 Fifteen Million One Hundred Thirty One Thousand
 Four Hundred Sixty Three and 00/100s                                         Dollars ($ 15,131,463.00        ) in lawful money
of the United States, for the payment of which sum well and truly to be made, the Principal and Surety bind themselves, their, and each of their heirs, executors, administrators, successors and assigns, jointly and severally, firmly by these presents.

The condition of this obligation is such, as whereas the Principal entered into a certain contract. hereto attached, with the Obligee, dated     8/27/2019        for  ITB 19-149 Brookhaven Public Safety Building
                                                       1793 Briarwood Rd, Brookhaven, GA 30319

NOW, THEREFORE, the conditions of this obligation are such that if the Principal shall well, truly, and faithfully perform said Contract in accordance to its terms, covenants, and conditions, and shall promptly pay all persons furnishing labor, materials, services, skill, tools, machinery and/or equipment for use in the performance of said Contract, then this obligation shall be void; otherwise, it shall remain in full force and effect.

All persons who have furnished labor, materials, services, skill, tools, machinery and/or equipment for use in the performance of said Contract shall have a direct right of action on this Bond, provided payment has not been made in full within ninety (90) days after the last day on which labor was performed, materials, services, skill, tools, machinery, and equipment furnished or the subcontract completed.

PROVIDED FURTHER, that said Surety to this Bond, for value received, hereby stipulates and agrees that no change, extension of time, alterations, or additions to the terms of the Contract or to the Work to be

18

performed there under shall in any way affect its obligation on this bond, and it does hereby waive notice of any such change, extension of time, alterations, or additions to the terms of the Contract or to the work to be performed there under.

PROVIDED HOWEVER, that no suit or action shall be commenced hereunder by any person furnishing labor, materials, services, skill, tools, machinery, and/or equipment having a direct contractual relationship with a subcontractor, but no contractual relationship express or implied with the Principal:

Unless such person shall have given notice to the Principal within 120 days after such person did, or performed the last of the work or labor, or furnished the last of the materials, services, skill, tools, machinery and/or equipment for which claim is made, stating with substantial accuracy the amount claimed and the name of the party to whom the materials, services, skill, tools, machinery and/or equipment were furnished, or for whom the work or labor was done or performed. Such a notice shall be served by mailing the same by registered mail, postage prepaid, in an envelope addressed to the Principal, at any place where an office is regularly maintained for the transaction of business, or served in any manner in which legal process may be served in the State in which the aforesaid project is located, save that such service need not be made by a public officer, and a copy of such notice shall be delivered to the Obligee, to the person and at the address provided for in the Contract, within five days of the mailing of the notice to the Principal.

PROVIDED FURTHER, that any suit under this bond must be instituted before the expiration of one year after the acceptance of the public works covered by the Contract by the proper authorities.

PROVIDED FURTHER, that Principal and Surety agree and represent that this bond is executed pursuant to and in accordance with the applicable provisions of the Official Code of Georgia Annotated, as Amended, including, but not limited to, O.C.G.A. SS 13-10-1, et. Eq. and SS 36-86-101, et. Seg., and is intended to be and shall be construed as a bond in compliance with the requirements thereof.

Signed, sealed, and dated this __26th__ day of ___September___, 2019

ATTEST:

_____
(Principal Secretary)
(Seal)

_____
(Witness to Principal)

PO Box 878, Braselton, GA  30517
(Address)


BM&K Construction, Inc.
(Principal)

BY: _____

PO Box 878, Braselton, GA  30517
(Address)

Liberty Mutual Insurance Company
(Surety)

ATTEST

BY: _____
(Attorney-in-Fact) and Resident Agent
Holli Orr

19

_____
(Attorney-in-Fact) Eric Matlaga

(Seal)

3330 Cumberland Blvd SE, Ste 230 Atlanta, GA 30339
(Address)

_____
(Witness as to Surety) Chrissy Williams

3330 Cumberland Blvd SE, Ste 230 Atlanta, GA 30339
(Address)

20

E-FILED IN OFFICE - JM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**22-C-07303-S4**

**1/17/2023 11:16 AM**

TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

**KELLER NORTH AMERICA, INC.**          *
     **Plaintiff**                              *
                                               *
**v.**                                       *          **CIVIL ACTION FILE NO.**
                                               *          **22-C-07303-S4**
**LIBERTY MUTUAL INSURANCE COMPANY** *
     **Defendant**                              *
_____/

## ACKNOWLEDGMENT OF SERVICE

The undersigned, without waiving any jurisdiction, venue, or other available defense

hereby acknowledges due and legal service of the Complaint in the above-styled on behalf of the

Defendant, Liberty Mutual Insurance Company, and waives any and all further service of same.

This 17th day of January 2023.


HUDSON LANBERT PARROTT WALKER

*/s/ Alexander Bell*
Alexander Bell
GA State Bar No. 282562
ABell@hlpwlaw.com

3575 Piedmont Road
Suite 200
Atlanta, GA 30305
Telephone: (404)554-8166

# EXHIBIT B

**IN THE STATE COURT OF GWINNETT COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| KELLER NORTH AMERICA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 22-C-07303-S4 |
| | ) | |
| LIBERTY MUTUAL INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT TO UNITED STATES DISTRICT COURT

**COMES NOW**, Defendant Liberty Mutual Insurance Company ("Liberty Mutual" or "Defendant"), by and through its undersigned counsel, and notifies Plaintiff Keller North America, Inc. ("Plaintiff") that Defendant has timely filed with the Clerk of the United States District Court for the Northern District of Georgia, Atlanta Division, its Notice of Removal in the above-styled case to the District Court. The temporary civil action file number assigned was _____ and the permanent civil action file number is ____. A file-stamped copy of the Notice of Removal is attached hereto as **Exhibit 1** and incorporated herein by reference.

By filing a copy of the above-referenced Notice of Removal with the clerk of the State Court of Gwinnett County, Georgia, and by providing written notice to counsel for Plaintiff, Defendant effects this removal pursuant to 28 U.S.C. § 1446(D). Accordingly, by operation of law, this case is now removed to the United States District Court for the Northern District of Georgia, Atlanta Division, and all proceedings in this Court are stayed unless and until the case is remanded.

*[Signature Page Follows]*

This _____ day of _____, 2023.


                                        **HUDSON LAMBERT**
                                        **PARROTT WALKER, LLC**

                                        */s/ Kevin H. Hudson* _____
Fifteen Piedmont Center, Suite 200      Kevin H. Hudson
3575 Piedmont Road, NE                  Georgia Bar No. 374630
Atlanta, Georgia 30305                  Alexander J. Bell
Telephone:  404-554-8181                Georgia Bar No. 282562
Facsimile:  404-554-8171                Cory L. Takeuchi
Email:  khudson@hlpwlaw.com             Georgia Bar No. 424678
Email:  abell@hlpwlaw.com
Email:  ctakeuchi@hlpwlaw.com
*Counsel for Liberty Mutual*
*Insurance Company*

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day served a copy of the foregoing pleading with Odyssey

e-file GA File which automatically files with the Clerk of Court and serves a copy upon counsel

below:

Benjamin M. Rachelson

Samuel Richards

**Adams and Reese LLP**

3424 Peachtree Road, NE

Suite 1600

Atlanta, Georgia 30326

Benjamin.Rachelson@arlaw.com

Sam.Richards@arlaw.com

This _____ day of ____, 2023.

**HUDSON LAMBERT**
**PARROTT WALKER, LLC**

_/s/ Kevin H. Hudson_ _____

Kevin H. Hudson

Georgia Bar No. 374630

Alexander J. Bell

Georgia Bar No. 282562

Cory L. Takeuchi

Georgia Bar No. 424678

Fifteen Piedmont Center, Suite 200

3575 Piedmont Road, NE

Atlanta, Georgia 30305

Telephone:  404-554-8181

Facsimile:  404-554-8171

Email:  khudson@hlpwlaw.com

Email:  abell@hlpwlaw.com

Email:  ctakeuchi@hlpwlaw.com

_Counsel for Liberty Mutual_
_Insurance Company_