IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

Case No. _____

AUGUST IMAGE, LLC,

      Plaintiff,

v.

SWISSWATCHEXPO, INC.,

      Defendant.

## COMPLAINT

Plaintiff August Image, LLC ("Plaintiff") sues defendant SwissWatchExpo, Inc. ("Defendant"), and alleges as follows:

## THE PARTIES

1.      Plaintiff is a limited liability company organized and existing under the laws of the State of New York with its principal place of business located in New York, NY.

2.      Defendant is a corporation organized and existing under the laws of the State of Georgia with its principal place of business located at 315 East Paces Ferry Rd NE, Atlanta, GA 30305. Defendant's agent for service of process is Yakov Rokhlin, 315 East Paces Ferry Rd NE, Atlanta, GA 30305.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4.      This Court has personal jurisdiction over Defendant because it has maintained sufficient minimum contacts with Georgia such that the exercise of personal jurisdiction over it

would not offend traditional notices of fair play and substantial justice.

5.     Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a) because Defendant or its agent(s) reside or may be found in this district.  "A defendant 'may be found' in a district in which he could be served with process; that is, in a district which may assert personal jurisdiction over the defendant." <u>Palmer v. Braun</u>, 376 F.3d 1254, 1259-60 (11th Cir. 2004).  "In other words, 'if a court has personal jurisdiction over the defendants in a copyright infringement action, venue in that court's district is proper.'" <u>McGregor v. In Tune Music Grp.</u>, No. 15-62044-CIV-ZLOCH, 2016 U.S. Dist. LEXIS 190302, at *11 (S.D. Fla. July 29, 2016) (quoting <u>Store Decor Div. of Jas Int'l, Inc. v. Stylex Worldwide Indus., Ltd.</u>, 767 F. Supp. 181, 185 (N.D. Ill. 1991).

## <u>FACTS</u>

### I.     **Plaintiff's Business**

6.     From its offices in New York City and London, Plaintiff represents (all around the world) over 100 of some of the most creative and innovative contemporary photographers working today.

7.     Plaintiff boasts a wide collection of portrait, lifestyle, beauty and fashion photography for editorial and commercial licensing. Some of Plaintiff's image collection and a list of the photographers it represents is available on its website (at https://www.augustimage.com/).

8.     Plaintiff sets itself apart from others because it is knowledgeable about its exclusive images and strives to provide a high level of customer satisfaction. In order to make its rights managed collection available to its clients, Plaintiff has spent years to secure the relationships, information and team to efficiently acquire the releases as necessary.

### II.     **The Work at Issue in this Lawsuit**

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

9.     Joe Pugliese, Sebastian Kim, Noe DeWitt, Miller Mobley, and Greg Williams are some of the many renowned photographers represented by Plaintiff.

10.    Joe Pugliese is a native of California who specializes in his favorite form of photography: photographing people. Mr. Pugliese's work can be viewed on his professional website (at http://www.joepug.com/current). He has learned over the years to use lighting, color, angles, shadows, and the background to capture the soul of his subjects which include scientists, authors, performers, creative geniuses, and everyday people. He travels extensively for his craft on behalf of his clients which include recognizable print magazines and studio networks such as Vanity Fair, GQ Magazine, Esquire, Men's Journal, Billboard, The New Yorker, NBC Universal, Fox Studios, Apple, Inc, Warner Brothers, Sony Television, Turner Broadcasting, and many more. His work speaks for itself as he has received many awards and honors such as the APA National 2018 Photo Contest "Best of Show", Communication Arts Photo Annual every year from 2013 through 2019, and the Photo District News Photo Annual for Editorial Portrait in 2018 and 2019. Over 2,900 images of Mr. Pugliese work can be viewed on Plaintiff's website (at https://www.augustimage.com/C.aspx?VP3=SearchResult&VBID=2UHW9E3O536I7).

11.    Sebastian Kim, a native of Vietnam, was raised in Iran and France.  He launched his career assisting renowned photographer, Richard Avedon, where his introduction to portraiture taught him how to connect with his subject in order to tell their distinctive story. Broadening his skills, Mr. Kim went on to support distinguished fashion photographer, Steven Meisel. This experience helped him foster and define his individual vision of style and beauty. Mr. Kim has worked with clients such as Vogue, Interview, Time Magazine, Gap, and Harper's Bazaar to name a few. His work can be viewed on his professional website (at http://www.sebastiankim.com/).

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

12.     Noe Dewitt is an American photographer and travel blogger. Mr. Dewitt was inspired by his uncle's fashion photography and his grandfather's industrial and World War II photographs. His editorial, catalog, and advertising clients include Architectural Digest, Travel + Leisure, Men's Journal, Sperry, Men's Vogue, Timberland Boot Co., and DKNY Kids to name a few. His work can be viewed on his professional website (at https://noedewitt.com/).

13.     Miller Mobley, born and reared in Alabama, is an American designer, photographer, and restauranteur.  Mr. Mobley is known for photographing some of the most notable personalities including the late Anthony Bourdain and former First Lady Michelle Obama for her memoir, "Becoming." He has been contracted for companies such as Netflix, Disney, Google, AMC, HBO, Time, Elle, Harper's Bazaar, Facebook, and National Geographic, to name a few. In 2020, Mr. Mobley opened his very first restaurant, Slim's, a community pizzeria in Alabama. His work can be viewed on his professional website (at https://millermobley.com/).

14.     Greg Williams is an English photographer, filmmaker, and educator. For over 20 years, Mr. Williams has been an official Bond photographer for the James Bond film franchise. Mr. Williams established his reportage style as a photojournalist in the 1990's covering war zones in Burma, Chechnya, and Sierra Leone. He has shot 'specials' on over 200 movies, had exclusive access to BAFTA, the Golden Globes, and the Oscars, and worked with Daniel Craig to conceptualize the design for the Leica Q2 camera. His education platform, Skill Faster, is home to successful photography courses. His work can be viewed on his professional website (at https://gregwilliams.com/) and Instagram – where he has over one million followers (at https://www.instagram.com/gregwilliamsphotography/).

**A.     The First Photograph**

15.     In 2014, Mr. Pugliese took a professional photograph of the singer Bono from U2 titled "AU1405649" (the "<u>First Photograph</u>").   A copy of the First Photograph is exhibited below:



**B.      The Second Photograph**

16.     In 2014, Mr. Pugliese took a professional photograph of Jeff Weiner, CEO of LinkedIn, titled "AU1593905" (the "<u>Second Photograph</u>").   A copy of the Second Photograph is exhibited below:

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228



17.     The First Photograph and Second Photograph were registered by Mr. Pugliese with the Register of Copyrights on August 14, 2014 and were assigned Registration No. VAu 1-177-344. A true and correct copy of the Certification of Registration pertaining to the First Photograph and Second Photograph, is attached hereto as **<u>Exhibit "A."</u>**

18.     Mr. Pugliese is the owner of the First Photograph and Second Photograph and has remained the owner at all times material hereto.

19.     For all times relevant to this action, Plaintiff has been appointed as the exclusive administrator and publisher of all copyright rights in and to the First Photograph and Second Photograph. As such, Plaintiff is entitled to institute and maintain this action for copyright infringement. <u>See</u> 17 U.S.C. § 501(b).

**C.      The Third Photograph**

20.     In 2020, Mr. Kim took a professional photograph of actor James Marsden titled

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

"AU11007836" (the "Third Photograph").  A copy of the Third Photograph is exhibited below:



21.    The Third Photograph was registered by Mr. Kim with the Register of Copyrights on February 05, 2020 and was assigned Registration No. VA 2-196-826. A true and correct copy of the Certification of Registration pertaining to the Third Photograph is attached hereto as **Exhibit "B."**

22.    Mr. Kim is the owner of the Third Photograph and has remained the owner at all times material hereto.

23.    For all times relevant to this action, Plaintiff has been appointed as the exclusive administrator and publisher of all copyright rights in and to the Third Photograph. As such, Plaintiff is entitled to institute and maintain this action for copyright infringement.  See 17 U.S.C. § 501(b).

D.     **The Fourth Photograph**

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

24.    In 2021, Mr. DeWitt took a professional photograph of actor Scott Eastwood titled "AU11324103" (the "Fourth Photograph").  A copy of the Fourth Photograph is exhibited below:



25.    The Fourth Photograph was registered by Mr. DeWitt with the Register of Copyrights on January 29, 2021 and was assigned Registration No. VA 2-234-975. A true and correct copy of the Certification of Registration pertaining to the Fourth Photograph is attached hereto as **Exhibit "C."**

26.    Mr. DeWitt is the owner of the Fourth Photograph and has remained the owner at all times material hereto.

27.    For all times relevant to this action, Plaintiff has been appointed as the exclusive administrator and publisher of all copyright rights in and to the Fourth Photograph. As such, Plaintiff is entitled to institute and maintain this action for copyright infringement.  See 17

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

U.S.C. § 501(b).

    **E.**    **The Fifth Photograph**

    28.    In 2021, Mr. Mobley took a professional photograph of comedian and actor Kevin Hart titled "AU1852897" (the "Fifth Photograph").  A copy of the Fifth Photograph is exhibited below:



    29.    The Fifth Photograph was registered by Mr. Mobley with the Register of Copyrights on March 03, 2021 and was assigned Registration No. VA 2-243-613. A true and correct copy of the Certification of Registration pertaining to the Fourth Photograph is attached hereto as **Exhibit "D."**

    30.    Mr. Mobley is the owner of the Fifth Photograph and has remained the owner at all times material hereto.

    31.    For all times relevant to this action, Plaintiff has been appointed as the exclusive

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

administrator and publisher of all copyright rights in and to the Third Photograph. As such, Plaintiff is entitled to institute and maintain this action for copyright infringement.  See 17 U.S.C. § 501(b).

**F.     The Sixth Photograph**

32.     In 2008, Mr. Williams took a professional photograph of actor Daniel Craig titled "AU AU1114202" (the "Sixth Photograph").  A copy of the Sixth Photograph is exhibited below:



33.     The Sixth Photograph was first published in the United Kingdom for a United Kingdom publication.

34.     Under the Berne Convention for the Protection of Literary and Artistic Works (the "Berne Convention"), to which both the United States and the United Kingdom are parties, Mr. Williams' exclusive rights in the Sixth Photograph are protected by U.S. copyright law.

35.     Pursuant to the terms of the Berne Convention and the implementing statutes in the signatory countries thereto, each signatory country is obligated to give the same protection under its copyright laws to a work originating in another of the signatory countries as it would to a work originating within that country.   Thus, each signatory country of the Berne

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

Convention is obligated to recognize and enforce Mr. Williams' copyrights as they would if the Sixth Photograph had originated in that country.

36.    The Sixth Photograph qualifies as a Berne Convention work (as it originated in the United Kingdom), and registration is therefore not required in the United States.

37.    Mr. Williams is the owner of the Sixth Photograph and has remained the owner at all times material hereto.

38.    For all times relevant to this action, Plaintiff has been appointed as the exclusive administrator and publisher of all copyright rights in and to the Sixth Photograph. As such, Plaintiff is entitled to institute and maintain this action for copyright infringement.  See 17 U.S.C. § 501(b).

39.    The First Photograph, Second Photograph, Third Photograph, Fourth Photograph, Fifth Photograph, and the Sixth Photograph are collectively referred to herein as the "Work."

### III.    Defendant's Unlawful Activities

40.    Defendant is a brick and mortar and online retailer for luxury watches. Per its website, Defendant has been in the business of buying and selling watches for over thirty years.

41.    Defendant advertises/markets its business primarily through its website (https://www.swisswatchexpo.com/),                social                media                (e.g., https://www.facebook.com/SwissWatchExpo,        https://www.instagram.com/swisswatchexpo/, https://www.youtube.com/@SwissWatchExpo),  and other forms of advertising.

42.    On January 4, 2021 (after Mr. Pugliese's above-referenced copyright registration of the First Photograph), Defendant published the First Photograph on its website in connection with       an       article       titled       'Rock       Legends       Watches'       (at https://www.swisswatchexpo.com/TheWatchClub/2021/01/04/rock-legends-watches/):



43.    On January 8, 2021 (after Mr. Pugliese's above-referenced copyright registration of the First Photograph), Defendant published the First Photograph on its website in connection with a YouTube video titled 'Rock Legends Watch Collection: Bono, Eric Clapton and More | SwissWatchExpo' (at https://www.youtube.com/watch?v=aqbsNhrpcPo):



44.    On March 9, 2020 (prior to Mr. Pugliese's above-referenced copyright registration of the Second Photograph), Defendant published the Second Photograph on its

website in connection with an article titled 'The Watches of the World's Top CEOs' (at

https://www.swisswatchexpo.com/TheWatchClub/2020/03/09/watches-worlds-top-ceos/):



45. On January 20, 2020 (within three (3) months from Mr. Kim's first publication

and his above-referenced copyright registration of the Third Photograph), Defendant published

the Third Photograph on its website in connection with an article titled 'James Marsden's

Watch Collection' (at https://www.swisswatchexpo.com/TheWatchClub/2020/01/20/james-

marsden-watches/):

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228



46.     On February 7, 2020 (after Mr. Kim's above-referenced copyright registration of the Third Photograph), Defendant published the Third Photograph on its website in connection with a YouTube video titled 'James Marsden Watch Collection | SwissWatchExpo [Celebrity Watch Collections]' (at https://www.youtube.com/watch?v=GQqUF7aEe_w):



47.     On July 26, 2021 (after Mr. DeWitt's above-referenced copyright registration of the Fourth Photograph), Defendant published the Fourth Photograph on its website in

14

connection with an article titled 'Blue Rolex Watches on Celebrities' (at

https://www.swisswatchexpo.com/TheWatchClub/2021/07/26/who-wears-blue-rolex-watches/):



48.    On March 5, 2018 (prior to Plaintiff's above-referenced copy registration of the

work), Defendant published the Fifth Photograph on its website in connection with an article

titled 'Kevin Hart's Watch Collection' (at

https://www.swisswatchexpo.com/TheWatchClub/2018/03/05/kevin-harts-insane-watch-

collection/):



49.    On October 5, 2018 (prior Mr. Mobley's above-referenced copyright registration of the Fifth Photograph), Defendant published the Fifth Photograph on its website in connection with a YouTube video titled 'Kevin Hart's Insane Watch Collection | SwissWatchExpo [Watch Collection]'    (at    https://www.youtube.com/watch?v=tgQy9vL7B9s):



50.    On May 11, 2018, Defendant published the Sixth Photograph on its website in connection with an article titled 'Daniel Craig's Watch Collection' (at

https://www.swisswatchexpo.com/TheWatchClub/2018/05/11/daniel-craigs-personal-watch-collection/):



51.    On December 7, 2019, Defendant published the Sixth Photograph on its website in connection with a YouTube video titled 'Daniel Craig Watch Collection - Celebrity Watch Collection | SwissWatchExpo [Watch Collection]' (at https://www.youtube.com/watch?v=oVXd4-_uZMk):



COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

52.    A true and correct copy of screenshots of Defendant's website, displaying the copyrighted Work, is attached hereto as **Exhibit "E."**

53.    Defendant is not and has never been licensed to use or display the Work. Defendant never contacted Plaintiff to seek permission to use the Work in connection with its website or for any other purpose.

54.    Defendant utilized the Work for commercial use – namely, in connection with the marketing of Defendant's business.

55.    Upon information and belief, Defendant located a copy of the Work on the internet and, rather than contact Plaintiff to secure a license, simply copied the Work for its own commercial use.

56.    Through its ongoing diligent efforts to identify unauthorized use of its photographs, Plaintiff first discovered Defendant's unauthorized use/display of the Work on March 3, 2020.  Following Plaintiff's discovery, Plaintiff notified Defendant in writing of such unauthorized use.  To date, Plaintiff has been unable to negotiate a reasonable license for the past infringement of its Work.

57.    All conditions precedent to this action have been performed or have been waived.

## COUNT I – COPYRIGHT INFRINGEMENT

58.    Plaintiff re-alleges and incorporates paragraphs 1 through 57 as set forth above.

59.    Each photograph comprising the Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

60.    Mr. Pugliese owns a valid copyright in the First Photograph and Second Photograph, having registered the First Photograph and Second Photograph with the Register of

Copyrights.

61.    Ms. Kim owns a valid copyright in the Third Photograph, having registered the Third Photograph with the Register of Copyrights.

62.    Mr. DeWitt owns a valid copyright in the Fourth Photograph, having registered the Fourth Photograph with the Register of Copyrights.

63.    Mr. Mobley owns a valid copyright in the Fifth Photograph, having registered the Fifth Photograph with the Register of Copyrights.

64.    Mr. Williams owns a valid copyright in the Sixth Photograph, as recognized by the Berne Convention.

65.    Plaintiff has standing to bring this lawsuit and assert the claim(s) herein as it has sufficient rights, title, and interest to such copyright (as Plaintiff serves as the exclusive licensing agent with respect to the Work).

66.    As a result of Plaintiff's reproduction, distribution, and public display of the Work, Defendant had access to each photograph comprising the Work prior to its own reproduction, distribution, and public display of the Work on its website.

67.    Defendant reproduced, distributed, and publicly displayed each photograph comprising the Work without authorization from Plaintiff.

68.    By its actions, Defendant infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501, by reproducing, distributing, and publicly displaying each photograph comprising the Work for its own commercial purposes.

69.    Defendant's infringement was willful as it acted with actual knowledge or reckless disregard for whether its conduct infringed upon Plaintiff's copyright. Defendant clearly understands that high-end photography is not generally available for free or that such

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

cannot simply be copied from the internet.

70. Plaintiff has been damaged as a direct and proximate result of Defendant's infringement.

71. Plaintiff is entitled to recover its actual damages resulting from Defendant's unauthorized use of the Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Work, which amounts shall be proven at trial.

72. Alternatively, to the extent infringement of any photograph comprising the Work occurred post-registration or within the three (3) month period between first publication and registration, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

73. To the extent infringement of any photograph comprising the Work occurred post-registration or within the three (3) month period between first publication and registration, then pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover its costs and attorneys' fees as a result of Defendant's conduct.

74. Defendant's conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a. A declaration that Defendant has infringed Plaintiff's copyrights in the Work;

b. A declaration that such infringement is willful (to the extent applicable);

c. An award of actual damages and disgorgement of profits as the Court deems proper or, at

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

Plaintiff's election (to the extent applicable), an award of statutory damages for willful infringement up to $150,000.00 for infringement of each photograph comprising the Work.

d. Awarding Plaintiff its costs and (if applicable) reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

e. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

f. Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity; and

g. For such other relief as the Court deems just and proper.

### Demand For Jury Trial

Plaintiff demands a trial by jury on all issued so triable.

Dated: February 14, 2023.


COPYCAT LEGAL PLLC
3111 N. University Drive
Suite 301
Coral Springs, FL 33065
Telephone: (877) 437-6228
james@copycatlegal.com

By: /s/ James D'Loughy_____
     James D'Loughy, Esq.