**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **JOYCE WEBB,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION FILE** |
| | ) | **NO. _____** |
| **v.** | ) | |
| | ) | |
| **CITY OF ATLANTA, GEORGIA;** | ) | |
| | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **Defendant.** | ) | |

## COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES

Plaintiff Joyce Webb ("Plaintiff" or "Webb") respectfully submits the following Complaint against Defendant City of Atlanta showing the Court as follows:

## INTRODUCTION

At all times relevant to this dispute, Defendant City of Atlanta employed Plaintiff and retaliated against her for asserting claims of employment discrimination. Plaintiff applied to a promotion for which she was the most qualified candidate but was passed over for a less qualified male candidate. Now, Plaintiff brings claims of gender-based discrimination and retaliation pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII").

Plaintiff seeks injunctive and equitable relief, back pay and compensatory damages for garden variety emotional distress, and liquidated damages to remedy these civil rights violations.

## PARTIES

1.      Plaintiff Joyce Webb is a resident of Fayette County, Georgia and submits herself to the jurisdiction of this Court.  Plaintiff is a former employee of the City of Atlanta.

2.      The City of Atlanta ("The City") is a municipal corporation doing business in the State of Georgia and is, therefore, subject to personal jurisdiction in Georgia. The City of Atlanta may be served with process by serving the Mayor at the Office of the Mayor, Executive Offices, 55 Trinity Avenue, Atlanta, Georgia 30303.

3.      Webb is a former employee of the City of Atlanta.

4.      Webb was an "employee" within the meaning of Title VII.

5.      The City of Atlanta is an "employer" as defined by Title VII.

## JURISDICTION AND VENUE

6.      The Court has subject matter jurisdiction under Title VII and 28 U.S.C. § 1331 & § 1343(a)(4).

7.      Venue is proper in this district and division under 28 U.S.C. § 1391 because the City of Atlanta conducts business in this district and division and the unlawful actions and practices were committed within the Northern District of Georgia.

## ADMINISTRATIVE PROCEEDINGS

8.      Webb filed a Charge of Discrimination, Charge No. 410-2021-06831, with the Equal Employment Opportunity Commission within 180 days of the occurrence of the acts of which she complains.

9.      Webb received a Notice of Right to Sue on November 17, 2022.

10.     This civil action is filed in the appropriate federal district court within ninety (90) days of the receipt of Webb's Notice of Right to Sue.

## STATEMENT OF FACTS

11.     Webb began working for the City of Atlanta on December 3, 2015 in the Department of Procurement as a Contracting Officer.

12.     On January 29, 2018, Webb met with James Merriweather of Employee Labor Relations about a pay disparity she believed was based on her gender.

13.     On January 30, 2018, Webb met with Deputy Commissioner Angela Addison.  Webb provided Deputy Human Resources Commissioner Addison with

the summary of events she gave to Merriweather, outlining that she believed she was the victim of a gender-based pay disparity.

14.    Webb filed a Charge of Discrimination against the City of Atlanta, Charge No. 410-2018-03629, on April 12, 2018 alleging sex and national origin discrimination and retaliation.

15.    Webb filed a lawsuit against the City of Atlanta on July 24, 2019 alleging sex discrimination and retaliation.

16.    Webb resolved her lawsuit with the City of Atlanta and continued to work as a Procurement Manager within the Department of Procurement.

17.    Since the resolution of her lawsuit, Webb's supervisor, Chief Procurement Officer Martin Clarke, has stated in multiple meetings that you have to "watch her" since she has sued the City before for employment discrimination.

18.    In 2021, Webb applied for a promotion to the Innovation Resources Director position within the Department of Procurement.

19.    Webb met the qualifications for the Innovation Resources Director position, including most of the preferred qualifications.

20.    In June 2021, Clarke passed over Webb and chose a man, Kevin Floyd, who did not meet the qualifications for the Innovation Resources Director position.

21.     Before Floyd's promotion was final, Webb emailed the Deputy COO, Jason Ingram, to inform him of the continued discrimination and/or retaliation.

22.     Webb also informed Ingram that Floyd did not meet the position requirements.

23.     Ingram directed Webb to Human Resources.

24.     Webb complained to Human Resources on June 23, 2021.

25.     Human Resources told Webb that Floyd did meet the position requirements, but that was not true.

26.     Shortly after Human Resources responded to Webb, the City finalized Floyd's promotion.

27.     After Webb complained to Ingram, Clarke retaliated against Webb by giving her an unfavorable evaluation.

28.     Again, Webb emailed Ingram to inform him of the continued retaliation committed by Clarke.

29.     The unlawful, discriminatory and retaliatory actions by the City of Atlanta and its agents and employees were done during and within the scope of their agency and employment with the City of Atlanta.

30.     Because of the City of Atlanta's unlawful, discriminatory and retaliatory actions and practices, Webb has suffered and continues to suffer emotional and resulting damages.

## COUNT I
## DISCRIMINATION IN VIOLATION OF TITLE VII

31.     In 2021, Webb applied for a promotion to the Innovation Resources Director position within the Department of Procurement.

32.     Webb met the qualifications for the Innovation Resources Director position, including most of the preferred qualifications.

33.     In June 2021, Clarke passed over Webb and chose a man, Kevin Floyd, who did not meet the qualifications for the Innovation Resources Director position.

34.     Defendant City of Atlanta's discrimination against Webb because of her gender in terms and conditions of employment and conduct violates the statutory provisions and protections of Title VII.

35.     As a direct and proximate result of the City of Atlanta's violations of Title VII, Webb has suffered damages, including but not limited to, lost wages, benefits of employment, garden variety emotional distress, mental anguish, humiliation, and pain and suffering.

36.     The City of Atlanta's acts and conduct constitute willful and intentional discrimination.

37.     The City of Atlanta engaged in its discriminatory practices intentionally and/or with malice and/or with reckless indifference to Webb's rights.

## COUNT II
## RETALIATION IN VIOLATION OF TITLE VII

38.     Webb engaged in a protected activity by challenging the unlawful practices of the City of Atlanta and its officers, employees, and agents through filing an EEOC Charge and a federal lawsuit.

39.     The City of Atlanta retaliated against Webb for challenging its unlawful actions in violation of Title VII by failing to promote her to a position for which she was the most qualified applicant.

40.     As a direct and proximate result of the City of Atlanta's violations of Title VII, Webb has suffered damages, including but not limited to, lost wages, benefits of employment, garden variety emotional distress, mental anguish, humiliation, pain and suffering.

41.     The City of Atlanta engaged in retaliatory practices intentionally and/or with malice and/or with reckless indifference to Webb's rights.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully invokes the powers of this Court and prays for the following:

a)     That the Court grant trial by jury;

b)    That the Court issue a declaratory judgment that Defendant's acts, policies, practices, and procedures complained of herein violated Plaintiff's rights to be free from discrimination as provided by Title VII; and that the Court permanently enjoin the City of Atlanta from such conduct in the future;

c)    That Plaintiff have and recover from the City of Atlanta all amounts available under Title VII, including but not limited to back pay, front pay, compensatory damages, liquidated damages, damages for mental anguish, benefits, and all other damages allowed by law;

d)    That the Court award pre-judgment and post-judgment interest to Plaintiff on any of the above amounts;

e)    That the City of Atlanta be ordered to pay to all of Plaintiff's costs and attorney's fees of this action; and

f)    That the Court grant such other and further equitable and monetary relief as it deems equitable, just and proper.

Respectfully submitted this 14th day of February, 2023.

LEGARE, ATTWOOD & WOLFE, LLC

s/ Eleanor Mixon Attwood
Eleanor Mixon Attwood
Georgia Bar No. 514014
emattwood@law-llc.com

8

Marissa R. Torgerson
Georgia Bar No. 848356
mrtorgerson@law-llc.com

125 Clairemont Ave, Ste. 380
Decatur, Georgia 30030
Telephone: (470) 823-4000
Facsimile: (470) 201-1212

Attorneys for Plaintiff