E-FILED IN OFFICE - CE
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA
23-A-00139-4
1/6/2023 11:22 AM
TIANA P. GARNER, CLERK

IN THE SUPERIOR COURT OF GWINNETT COUNTY

STATE OF GEORGIA

**William Michael Dowda**

23-A-00139-4

CIVIL ACTION NUMBER:_____

PLAINTIFF

VS.

**QuikTrip Corporation, a foreign corporation**

DEFENDANT

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Jim R. Green, Esq. (Bar No. 306955)
3930 East Jones Bridge Road, Suite 225
Peachtree Corners, Georgia 30092  (404) 683-3883

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____, 20____.       6th day of January, 2023

Tiana P. Garner
Clerk of Superior Court

By _____
Deputy Clerk

INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

E-FILED IN OFFICE - CE
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA
**23-A-00139-4**
1/6/2023 11:22 AM
TIANA P. GARNER, CLERK

IN THE SUPERIOR COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | |
|---|---|
| WILLIAM MICHAEL DOWDA, ) <br> ) <br>     Plaintiff, ) <br> vs. ) <br> ) <br> QUIKTRIP CORPORATION, a foreign ) <br>  profit corporation ) <br> ) <br>     Defendant. ) | 23-A-00139-4 <br><br> **CIVIL ACTION FILE NO.** <br> _____ <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT FOR DAMAGES

COMES NOW WILLIAM MICHAEL DOWDA, Plaintiff in the above-captioned case, by and through the undersigned counsel, and files this, his COMPLAINT FOR DAMAGES against Defendant QUIKTRIP CORPORATION, a foreign profit corporation, stating for his Complaint as follows:

### Parties, Jurisdiction, Venue

1.

Plaintiff is a resident of the County of Fulton, State of Georgia, and hereby submits himself to the jurisdiction and venue of this Honorable Court.

2.

Based upon information and belief, Defendant, QuikTrip Corporation, is a foreign, for-profit corporation doing business in the State of Georgia. Defendant QuikTrip Corporation may be served with a copy of the Summons and Complaint through its registered agent for service, CT Corporation Systems, 289 South Culver Street, Lawrenceville, Gwinnett County, Georgia 30046, and therefore Defendant QuikTrip Corporation is subject to the jurisdiction and venue of this Court.

1

3.

This suit arises from personal injuries Plaintiff William Michael Dowda (hereinafter "Plaintiff Dowda") sustained in a trip and fall incident in Georgia involving Plaintiff Dowda and Defendant QuikTrip Corporation (hereinafter "Defendant QuikTrip").

4.

This Court has jurisdiction over the parties and the subject matter of this case, and venue is proper in Gwinnett County, Georgia.

**Factual Allegations**

5.

On or about January 6, 2021, Plaintiff Dowda was an invitee at QuikTrip Corporation's service station located at 1080 McFarland Parkway, Alpharetta, Forsyth County, Georgia 30004 (hereinafter "the premises").

6.

While on the premises, Plaintiff Dowda slipped and fell on a substance next to the pump station which was not properly marked with any warning signs. Defendant's employees had negligently created the dangerous condition by not clearly warning patrons of the spillage near the pump station.

7.

As a direct and proximate result of Defendant's negligence, Plaintiff was injured in and about his body and extremities, suffered pain there from, incurred medical expenses in the treatment of his injuries, and suffered physical handicap, for which he is entitled to recover.

## COUNT ONE
## NEGLIGENCE
### *(Defendant QuikTrip Corporation)*

8.

Plaintiff realleges and incorporates paragraphs 1 through 7 above as if fully set forth herein.

9.

Defendant failed to exercise ordinary care by failing to inspect the premises to discover possible dangerous conditions and take reasonable precautions to protect invitees from dangers.

10.

Defendant owed a duty to the Plaintiff Dowda to keep the premises safe.

11.

The Defendant breached its duty to Plaintiff Dowda and was negligent when it failed to warn patrons of the spillage near the pump station.

12.

Plaintiff had no reason to know of the dangerous condition near the pump station, until he had slipped and fell.

13.

Defendant and defendant's employees knew or should have known about the dangerous condition on the concrete and therefore were aware of the hazard to their patrons.

14.

The Defendant breached their duty owed to Plaintiff Dowda by their failure to exercise ordinary care in keeping the premises and approaches safe in that the Defendant:

  a) failed to properly warn patrons of the dangerous instrumentality on the concrete;

  b) failed to place proper warning signs around the dangerous condition;

3

c) failed to inspect the area so as to discover the hazard; and

d) failed to otherwise maintain the floor in a safe condition.

15.

As a direct and proximate result of Defendant's negligence, Plaintiff Dowda was injured in and about his body and extremities, suffered pain there from, incurred medical expenses in the treatment of his injuries, and suffered physical handicaps, which he is entitled to recover.

## COUNT TWO
## DAMAGES

16.

Plaintiff realleges and incorporates paragraphs 1 through 15 above as if fully set forth herein.

17.

As a direct and proximate result of Defendant's negligence, Plaintiff Dowda was injured in and about his body and extremities, suffered pain therefrom, incurred medical expenses in the treatment of his injuries and suffered physical handicap.

18.

Plaintiff Dowda's injuries include but are not limited to: **Broken front tooth and a traumatic brain injury.** These injuries required medical care and are either permanent or continuing in nature and Plaintiff Dowda will suffer pain, losses, and impairment in the future.

19.

As a result of the injuries sustained by Plaintiff Dowda, he has incurred substantial medical expenses which include, but are not limited to:

| | |
|---|---|
| **Northside Hospital** | **$8,220.00** |
| **Northside Radiology Associates** | **will supplement** |
| **Dr. Bruce Bosse** | **will supplement** |

**Total medical bills:   $8,220.00**

Plaintiff Dowda will continue to incur medical expenses, in addition to lost wages and pain and suffering, for which he is entitled to recover.

WHEREFORE, Plaintiff prays as follows:

(a)   that service and process be issued as required by law;

(b)   that Plaintiff have a trial by jury;

(c)   that Plaintiff recover special damages, including but not limited to medical expenses and lost wages in an amount to be proven at trial;

(d)   that Plaintiff recover general damages in an amount to be determined by the enlightened conscience of the jury;

(e)   that Plaintiff recover such other relief as this Court may deem just and proper.

This 6th day of January, 2023.

Respectfully submitted,

/S/ Jim R. Green

---

Jim R. Green
Georgia State Bar No. 306955

Jim R. Green, P.C.
3930 East Jones Bridge Road, Suite 225
Peachtree Corners, Georgia 30096
(404) 683-3883
(Fax) (470) 268-8300
jgreen@gdlawfirm.net

Case 1:23-mi-99999-UNA   Document 474-1   Filed 02/14/23   Page 7 of 11

E-FILED IN OFFICE - IT
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA
**23-A-00139-4**
**2/13/2023 2:25 PM**
TIANA P. GARNER, CLERK

# IN THE SUPERIOR COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| WILLIAM MICHAEL DOWDA,<br><br>Plaintiff,<br><br>v.<br><br>QUIKTRIP CORPORATION, A FOREIGN PROFIT CORPORATION,<br>Defendant. | CIVIL ACTION<br><br>FILE NO. 23-A-00139-4 |

## DEFENSES AND ANSWER

COMES NOW, Defendant QUIKTRIP CORPORATION, A FOREIGN PROFIT CORPORATION (hereinafter referred to as "QuikTrip"), appearing specially and without submitting to the jurisdiction and venue of this Court, and files its Defenses and Answer to Plaintiff's Complaint for Damages, and shows the Court as follows:

### FIRST DEFENSE

The Plaintiff's Complaint fails to state a claim against QuikTrip upon which relief can be granted.

### SECOND DEFENSE

There has been insufficiency of process and an insufficiency of service of process in regard to the Plaintiff's Complaint and Summons upon QuikTrip.

### THIRD DEFENSE

Jurisdiction is improper as to QuikTrip.

### FOURTH DEFENSE

Venue is improper as to QuikTrip.

**FIFTH DEFENSE**

Plaintiff's claims against this Defendant are barred by the statute of limitations.

**SIXTH DEFENSE**

**ANSWER**

QuikTrip responds to the allegations of Plaintiff's Complaint as follows:

1.

QuikTrip is without knowledge and information sufficient to form a belief as to the truth of the averments contained in paragraph 1 of Plaintiff's Complaint.

2.

QuikTrip denies the averments contained in paragraph 2 of Plaintiff's Complaint.

3.

QuikTrip denies the averments contained in paragraph 3 of Plaintiff's Complaint.

4.

QuikTrip denies the averments contained in paragraph 4 of Plaintiff's Complaint.

5.

QuikTrip admits the averments contained in paragraph 5 of Plaintiff's Complaint.

6.

QuikTrip denies the averments contained in paragraph 6 of Plaintiff's Complaint.

7.

QuikTrip denies the averments contained in paragraph 7 of Plaintiff's Complaint.

8.

QuikTrip incorporates by reference its responses to paragraphs 1-7 of Plaintiff's Complaint as if fully set forth herein below.

9.

QuikTrip denies the averments contained in paragraph 9 of Plaintiff's Complaint.

10.

QuikTrip denies the averments contained in paragraph 10 of Plaintiff's Complaint.

11.

QuikTrip denies the averments contained in paragraph 11 of Plaintiff's Complaint.

12.

QuikTrip denies the averments contained in paragraph 12 of Plaintiff's Complaint.

13.

QuikTrip denies the averments contained in paragraph 13 of Plaintiff's Complaint.

14.

QuikTrip denies the averments contained in paragraph 14 of Plaintiff's Complaint.

15.

QuikTrip denies the averments contained in paragraph 15 of Plaintiff's Complaint.

16.

QuikTrip incorporates by reference its responses to paragraphs 1-15 of Plaintiff's Complaint as if fully set forth herein below.

17.

QuikTrip denies the averments contained in paragraph 17 of Plaintiff's Complaint.

18.

QuikTrip denies the averments contained in paragraph 18 of Plaintiff's Complaint.

19.

QuikTrip denies the averments contained in paragraph 19 of Plaintiff's Complaint.

**SEVENTH DEFENSE**

QuikTrip denies each and every averment contained in the paragraph beginning with the word "WHEREFORE" in the Plaintiff's Complaint. Any allegations or averments contained in Plaintiff's Complaint not specifically responded to above are hereby denied.

WHEREFORE, Defendant QUIKTRIP CORPORATION, A FOREIGN PROFIT CORPORATION, having fully answered, demands that it be discharged with all costs cast upon the Plaintiff.

Respectfully submitted,

**DOWNEY & CLEVELAND, LLP**

By: /s/ Sean L. Hynes
Sean L. Hynes
Georgia State Bar No. 381698
hynes@downeycleveland.com
Attorneys for QuikTrip

Downey & Cleveland, LLP
288 Washington Avenue
Marietta, GA 30060-1979
T: 770-422-3233
F: 770-423-4199

## **CERTIFICATE OF SERVICE**

This is to certify that I have this day served the following counsel of record with a true and correct copy of the foregoing pleading via electronic service and/or by depositing said copy in the United States Mail, with sufficient postage affixed thereon, and properly addressed to the following:

Jim R. Green, Esq.
Jim R. Green, P.C.
3930 East Jones Bridge Road, Suite 225
Peachtree Corners, Georgia 30096

This 13th day of February, 2023.

**DOWNEY & CLEVELAND, LLP**

By: /s/ Sean L. Hynes
 Sean L. Hynes
 Georgia State Bar No. 381698