IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **INSTANT ONE MEDIA, INC.**, <br> Plaintiff, <br><br> v. <br><br> **EZFAUXDECOR, LLC, JOSEPH SHANK, AMELIA SHANK, AND JACKSON SHANK,** <br><br> Defendants. | Case No.: |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1331, 1332, 1441, 1446 and 1447, Defendant Joseph Shank hereby removes this action from the Superior Court of Dekalb County, Georgia, to the United States District Court for the Northern District of Georgia. In support of this Notice of Removal, Defendant Joseph Shank states as follows:

### Procedural History

1. On May 27, 2022, Plaintiff Instant One Media, Inc. ("Plaintiff" or "IOM") filed its Complaint against Defendant Joseph Shank and Defendants EZFAUXDECOR, LLC ("EZF"), Amelia Shank and Jackson Shank in the Superior Court of DeKalb County, Georgia (the "State Court Action"). The State Court Action is styled *Instant One Media, Inc. v. EZFAUXDECOR, LLC, et al.*, Case No. 22CV5127. A copy of the Complaint is attached hereto as **Exhibit A**.

2. Plaintiff is a Georgia corporation with its principal place of business in DeKalb County, Georgia. Complaint, ¶ 5.

3. Defendant EZF is a Kansas limited liability company. Amber Shank is the sole owner and member of Defendant EZF. Amber Shank resides at 6417 W. 125th Street, Overland Park, Johnson County, Kansas 66209. *Id.* at ¶¶ 10-12.

1

2

4. Defendant Joseph Shank is one of Amber Shank's children. At all relevant times, Defendant Joseph Shank has resided in Johnson County, Kansas. *Id*. at ¶¶ 13-14.

5. Defendants Amelia Shank and Jackson Shank are also children of Amber Shank, and, at all relevant times, they have resided in Johnson County, Kansas. *Id*. at ¶¶ 15-18.

6. In filings in the State Court Action, Plaintiff contends that, in June 2022, it attempted to obtain personal service of process on Defendant EZF at the location of its registered agent and on Defendants Joseph Shank, Amelia Shank and Jackson Shank in Johnson County, Kansas, but these efforts were not successful. Ex. A at 41-44 and 46-48.

7. In filings in the State Court Action, Plaintiff also contends that it obtained service of process on Defendant EZF on December 15, 2022, through the Kansas Secretary of State. *Id*. at 85-89. Plaintiff did not file its Affidavit of Service, as required by O.C.G.A. § 9-11-4(h), until January 17, 2023. *Id*.

8. As of the date of this filing, Plaintiff has not obtained service of process on Defendant Joseph Shank.

9. As of the date of this filing, Plaintiff has also not obtained service of process on Defendants Amelia Shank or Jackson Shank.

10. The State Court Action is being removed to this Court by Defendant Joseph Shank.

11. Defendants EZF, Amelia Shank and Jackson Shank consent to this removal. *See* **Exhibits B**, **C** and **D**.

### Plaintiff's Claims

12. The State Court Action arises out of a judgment entered in favor of IOM and against Defendant EZF on June 4, 2021, by the United States District Court of the Northern District of

Georgia in the case styled *Instant One Media, Inc. v. EZFAUXDECOR, LLC*, et al., Case No. 1:19-cv-00540-WMR ("the First Federal Court Action").

13. In its Complaint filed in the State Court Action, Plaintiff asserts the following claims: breach of contract against Defendant EZF (Count I); trademark violation against Defendant EZF under 15 U.S.C. § 1125(d) (Count II); disgorgement of profits, statutory damages, attorneys' fees and injunctive relief against Defendant EZF under the Lanham Act (Counts III-VI); fraudulent transfer against Defendant EZF and Defendants Joseph Shank, Amelia Shank and Joseph Shank under O.C.G.A. § 18-2-70, *et seq.* (Count VII); disgorgement of transferred property against Defendants Joseph Shank, Amelia Shank and Joseph Shank (Count VIII); injunctive relief to prevent further fraudulent transfers against Defendant EZF and Defendants Joseph Shank, Amelia Shank and Joseph Shank (Count IX); civil RICO against Defendant Joseph Shank under O.C.G.A. §§ 16-14-4(b) and (c) (Count X); civil RICO against Defendant Joseph Shank under 18 U.S.C. §§ 1962(c) and (d) (Count XI); bad faith attorneys' fees against Defendant EZF and Defendants Joseph Shank, Amelia Shank and Joseph Shank under O.C.G.A. § 13-6-11 (Count XII); and punitive damages against Defendant EZF and Defendants Joseph Shank, Amelia Shank and Joseph Shank under O.C.G.A. § 51-12-5.1 (Count XIII).

14. Among other things, Plaintiff alleges that Defendants EZF, Joseph Shank, Amelia Shank and Jackson Shank have thwarted its efforts to collect on a judgment of $1,035,00 against Defendant EZF in the First Federal Court Action. Plaintiff alleges that EZF wrongfully transferred at least $244,172.85 to Defendants Joseph Shank, Amelia Shank and Jackson Shank.

15. In its Complaint filed in the State Court Action, Plaintiff seeks various remedies against all Defendants, including the following:

    a.    Actual damages;

    b.    Statutory damages of $100,000 under the Lanham Act;

  c. An award of Defendants' profits;

  d. Attorneys' fees under the Lanham Act;

  e. Attorneys' fees under O.C.G.A. § 13-6-11;

  f. Disgorgement and restitution of all property that was allegedly fraudulently transferred from EZF to Defendants Joseph Shank, Amelia Shank and Jackson Shank;

  g. An award of treble damages under the Georgia Civil RICO statute;

  h. An award of treble damages under the Federal Civil RICO statute;

  i. Prejudgment interest; and

  j. Punitive damages under O.C.G.A. § 51-12-5.1.

## **Grounds for Removal**

16. Under 28 U.S.C. § 1441(a), ". . . any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

17. Under 28 U.S.C. § 1331, "district courts shall have original jurisdiction of all actions arising under the Constitution, laws, or treaties of the United States."

18. Under 28 U.S.C. § 1332(a)(1), "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States …"

19. Under 28 U.S.C. § 1367(a), ". . . any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

20. Counts II through VI of Plaintiff's Complaint assert claims against Defendant EZF for trademark violation under 15 U.S.C. § 1125(d) and the Lanham Act, and therefore, this Court has original jurisdiction over such claims under 28 U.S.C. § 1331.  Complaint, ¶¶ 83, 91.

21. Count XI of Plaintiff's Complaint asserts a claim against Defendant Joseph Shank for civil RICO under 18 U.S.C. §§ 1962(c) and (d), and therefore, this Court has original jurisdiction over such claims under 28 U.S.C. § 1331.  Complaint, ¶¶ 83, 91.

22. Count I of Plaintiff's Complaint asserts a claim against Defendant EZF for breach of contract.  Although Plaintiff does not allege an amount under its breach of contract claim, its claims against Defendant EZF may be aggregated to satisfy the jurisdictional amount.  Plaintiff alleges statutory damages of $100,000 plus attorneys' fees under its Lanham Act claims (Counts II through VI) and damages of $244,172 under its fraudulent transfer claim (Count VII). Complaint, ¶¶ 103, 176.  Therefore, this Court has original jurisdiction over Plaintiff's breach of contract claim under 28 U.S.C. § 1332.  Moreover, even if the jurisdiction amount was not satisfied, this Court has supplemental jurisdiction over such claim under 28 U.S.C. § 1367(a).

23. Counts VII and IX of Plaintiff's Complaint allege fraudulent transfers under O.C.G.A. § 18-2-70, *et seq*., against Defendants EZF, Joseph Shank, Amelia Shank and Jackson Shank.  Count VIII asserts a claim of disgorgement of the alleged transferred property against Defendants Joseph Shank, Amelia Shank and Joseph Shank.  Count X of Plaintiff's Complaint asserts a claim against Defendant Joseph Shank for civil RICO under O.C.G.A. §§ 16-14-4(b) and (c).  In Counts XII and XIII, respectively, Plaintiff seeks attorneys' fees under O.C.G.A. § 13-6-11 and punitive damages under O.C.G.A. § 51-12-5.1 against Defendant EZF and Defendants Joseph Shank, Amelia Shank and Joseph Shank.  Plaintiff alleges fraudulent transfers to Defendants Joseph Shank, Amelia Shank and Jackson Shank collectively in excess of $244,172

and to Defendant Joseph Shank individually of $158,159.  Plaintiff's claims against Defendants Joseph Shank, Amelia Shank and Joseph Shank may be aggregated to satisfy the jurisdictional amount.  Therefore, this Court has original jurisdiction over such claims under 28 U.S.C. § 1332.  Complaint, ¶¶ 83, 91.  Moreover, even if the jurisdiction amount was not satisfied, this Court has supplemental jurisdiction over such claims under 28 U.S.C. § 1367(a).

## **The Procedural Requirements for Removal Have Been Satisfied**

24. Plaintiff filed the State Court Action in the Superior Court of DeKalb County, Georgia.

25. The Superior Court of DeKalb County, Georgia is within the United States District Court for the Northern District of Georgia.  Therefore, the United States District Court for the Northern District of Georgia is the appropriate court for removal.

26. In accordance with 28 U.S.C. § 1446, a copy of all process, pleadings and orders served or filed in the State Court Action to date are attached hereto as **Exhibit A**.

27. Attached as Exhibit B, C and D are "Consent to Remove" forms signed by Defendants EZF, Amelia Shank, and Jackson Shank.  By consenting to this removal, Defendants EZF, Amelia Shank, and Jackson Shank do not waive and expressly reserve all claims, defenses, objections, exceptions and motions under Federal Rule of Civil Procedure 12(b) or otherwise available at law or in equity, and do not admit any of the allegations in Plaintiff's Complaint.

28. This Notice of Removal is timely filed in compliance with 28 U.S.C. § 1446(b)(1).

29. Promptly after filing this Notice of Removal, Defendant Joseph Shank will serve written notice of this Notice of Removal on counsel for all parties and file the same with the Clerk of the Superior Court of DeKalb County, Georgia, in accordance with 28 U.S.C. § 1446(d).

30.    By removing this action from the Superior Court of DeKalb County, Georgia, Defendant Joseph Shank does not waive and expressly reserves all claims, defenses, objections, exceptions and motions under Federal Rule of Civil Procedure 12(b) or otherwise available at law or in equity, and does not admit any of the allegations in Plaintiff's Complaint.

WHEREFORE, Defendant Joseph Shank removes the above-captioned action from the Superior Court of DeKalb County, Georgia, to the United States District Court for the Northern District of Georgia.

Respectfully submitted,

*/s/ Michael P. Elkon*
Michael P. Elkon
Georgia Bar No. 243355
**FISHER & PHILLIPS LLP**
1075 Peachtree Street, NE
Suite 3500
Atlanta, GA 30309
Phone:  404.231.1400
Facsimile: 404.240.4249
Email:  melkon@fisherphillips.com

James C. Sullivan, MO Bar No. 38318
*(pro hac vice forthcoming)*
**FISHER & PHILLIPS LLP**
4622 Pennsylvania Ave., Suite 910
Kansas City, MO 64112
Phone:  816.842.8770
Facsimile:  816.842.8767
Email:  jsullivan@fisherphillips.com

ATTORNEYS FOR DEFENDANT JOSEPH SHANK