# EXHIBIT A

https://researchga.tylerhost.net/CourtRecordsSearch/ViewCasePrint/fdfb3501c39e549ba5f1e522109a23bf

## Case Information

## Instant One Media, Inc. VS EZFauxDecor, LLC Et Al

22CV5127

| Location | Case Category | Case Type | Case Filed Date |
|----------|---------------|-----------|-----------------|
| DeKalb - Superior Court | Civil | Fraud | 5/27/2022 |

| Judge | Case Status | | |
|-------|-------------|--|--|
| Morris, Shondeana C | Open (Open) | | |

## Parties 5

| Type | Name | Nickname/Alias | Attorneys |
|------|------|----------------|-----------|
| Plaintiff | Instant One Media, Inc. | | Alex R. Merritt, Daniel DeWoskin |
| Defendant | EZFauxDecor, LLC | | Pro Se |
| Defendant | Amelia Shank | | Pro Se |
| Defendant | Jackson Shank | | Pro Se |
| Defendant | Joseph Shank | | Pro Se |

## Events 19

| Date | Event | Type | Comments | Documents |
|------|-------|------|----------|-----------|
| 5/27/2022 | Filing | Complaint or Petition for Damages | Complaint with Exhibits | Complaint or Petition for Damages.pdf |
| 5/27/2022 | Filing | Summons | Summons for Jackson Shank | Summons.pdf |
| 5/27/2022 | Filing | Summons | Summons for Amelia Shank | Summons.pdf |
| 5/27/2022 | Filing | Summons | Summons for EZFauxDecor, LLC | Summons.pdf |
| 5/27/2022 | Filing | Summons | Summons for Joseph Shank | Summons.pdf |
| 5/27/2022 | Filing | Case Initiation Form | Civil Case Filing Information Form | Case Initiation Form.pdf |
| 8/1/2022 | Filing | Affidavit of Due Diligence | Affidavit of Non-Service for Joseph Shank | Affidavit of Due Diligence.pdf |
| 8/1/2022 | Filing | Affidavit of Due Diligence | Affidavit of Non-Service for Jackson Shank | Affidavit of Due Diligence.pdf |
| 8/1/2022 | Filing | Affidavit of Due Diligence | Affidavit of Non-Service for Amelia Shank | Affidavit of Due Diligence.pdf |
| 8/1/2022 | Filing | Affidavit of Due Diligence | Affidavit of Non-Service for EZFauxDecor LLC | Affidavit of Due Diligence.pdf |
| 8/8/2022 | Filing | Leave of Absence | LOA for Alex Merritt | Leave of Absence.pdf |
| 8/9/2022 | Filing | Amended Affidavit | Amended Affidavit of Non-Service for Amelia Shank | Amended Affidavit.pdf |
| 8/9/2022 | Filing | Amended Affidavit | Amended Affidavit of Non-Service for Jackson Shank | Amended Affidavit.pdf |
| 8/9/2022 | Filing | Amended Affidavit | Amended Affidavit of Non-Service for Joseph Shank | Amended Affidavit.pdf |
| 8/10/2022 | Filing | Motion to Allow | Plaintiff's Motion for Leave to Serve Defendants by Email | Motion to Allow.pdf |
| 8/10/2022 | Filing | Motion to Allow | Plaintiff's Motion for Leave to Serve Defendants by Email with Exhibits A B C | Motion to Allow.pdf |
| 1/5/2023 | Filing | Order Denying Motion | Order Denying Motion | Order Denying Motion.pdf |
| 1/17/2023 | Filing | Affidavit of Service | Affidavit of Service of EZFauxDecor LLC | Affidavit of Service.pdf |
| 1/31/2023 | Filing | Leave of Absence | LOA for Alex Merritt | Leave of Absence.pdf |



FILED 5/27/2022 10:11 AM CLERK OF SUPERIOR COURT DEKALB COUNTY GEORGIA

## IN THE SUPERIOR COURT OF DEKALB COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **INSTANT ONE MEDIA, INC.,**<br>　　　　Plaintiff,<br>　　　　　　v.<br>**EZFAUXDECOR, LLC, JOSEPH SHANK,**<br>**AMELIA SHANK, and JACKSON SHANK**<br>　　　　Defendants. | Civil Action Number:<br>　　　　　　22CV5127<br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

COMES NOW Plaintiff, Instant One Media, Inc. ("IOM"), by and through counsel, and herein avers for Plaintiff's Complaint as follows:

## I.　　INTRODUCTION

1.　　Creditor and Plaintiff Instant One Media, Inc. ("IOM") has a valid judgment and a permanent injunction against debtor and Defendant EZFauxDecor, LLC ("EZF") from the United States District Court for the Northern District of Georgia, Case Number 1:19-cv-540 ("Georgia Matter").

2.　　Amber Shank, Joseph Shank, Jackson Shank, and Amelia Shank are family members and insiders of debtor-Defendant ("EZF") who have purposefully directed their fraudulent activities at creditor-Plaintiff IOM with the intent to hinder, delay, or defraud IOM, thereby causing injuries to IOM.

3.　　IOM seeks to void past fraudulent transfers and enjoin future fraudulent transfers from EZF to its insiders.

4.　　Furthermore, because Defendants acted in bad faith and with specific intent to harm IOM by engaging in its pattern of fraudulent activities, IOM also seeks attorneys' fees and

1

punitive damages against all Defendants.

## II.    PARTIES

5.     Plaintiff Instant One Media, Inc. ("IOM") is a Georgia company whose principal office address and whose registered agent are both located in DeKalb County.

6.     IOM has a valid judgment against Defendant EZFauxDecor, LLC ("EZF") from the United States District Court for the Northern District of Georgia, Case Number 1:19-cv-540 ("Georgia Matter").

7.     The judgment is a "claim" as defined in OCGA § 18-2-71(3).

8.     As the entity holding the claim, IOM is a "creditor" as defined in OCGA § 18-2-71(4).

9.     EZF is liable on the claim and is therefore a "debtor" as defined in OCGA § 18-2-71(6).

10.     EZF can be served through its registered agent for service of process at:

**EZFAUXDECOR, LLC**
**REGISTERED AGENT: AMBER SHANK**
**6417 W. 125TH**
**OVERLAND PARK, KS 66209**

11.     Amber Shank ("Amber") is an individual, who is the sole owner who is in control of EZF, thereby making Amber an "insider" as defined in OCGA § 18-2-71(8).

12.     Amber can be served at:

**AMBER SHANK**
**6417 W. 125TH**
**LEAWOOD, KS 66209**

13.     Joseph Shank ("Joseph") is an individual, who is Amber's son, and therefore an

"insider" as defined in OCGA § 18-2-71(8).

14.     Joseph can be served at:

**JOSEPH SHANK**
**6417 W. 125TH**
**LEAWOOD, KS 66209**

15.     Jackson Shank ("Jackson") is an individual, who is Amber's son, and therefore an

"insider" as defined in OCGA § 18-2-71(8).

16.     Jackson can be served at:

**JACKSON SHANK**
**6417 W. 125TH**
**LEAWOOD, KS 66209**

17.     Amelia Shank ("Amelia") is an individual, who is Amber's daughter, and

therefore an "insider" as defined in OCGA § 18-2-71(8).

18.     Amelia can be served at:

**AMELIA SHANK**
**6417 W. 125TH**
**LEAWOOD, KS 66209**


### III.     JURISDICTION

#### A.     *Subject Matter Jurisdiction*

19.     This action arises, in part, out of a breach of contract by Defendant EZFauxDecor,

LLC ("EZF") under Title 13 of the Official Code of Georgia Annotated ("OCGA") and

fraudulent transfers by EZF to its insiders under OCGA § 18-2-70 et seq., with the actual intent

to hinder, delay, or defraud IOM from collecting the debt from EZF and thereby causing injuries

to IOM.

20.     As such, this Honorable Court has subject matter jurisdiction over this matter.

### B.       Personal Jurisdiction

21.     EZF is a limited liability company that transacts business in Georgia.

22.     Furthermore, the instrument that created the debt is the judgment against EZF in the Georgia Matter.

23.     Amber is the sole owner and member of EZF, who controls and directs the business of EZF.

24.     Because EZF and Amber have purposefully availed themselves of the benefits of transacting business in Georgia, EZF and Amber are subject to personal jurisdiction in Georgia.

25.     Amber, Joseph, Jackson, and Amelia are insiders of EZF that have purposefully directed their activities at IOM with the intent to hinder, delay, and defraud IOM, thereby causing injuries to IOM, which arise out of or relate to the insiders' activities.

26.     Consequently, Joseph, Jackson, and Amelia are subject to personal jurisdiction in Georgia.

### C.       Venue

27.     Because EZF, Amber, Joseph, Jackson, and Amelia are insiders of EZF that have purposefully directed their activities at IOM (a DeKalb County resident), thereby causing injuries in DeKalb County, venue is proper in this Honorable Court.

## IV.     THE 2015 LAWSUIT, SETTLEMENT AGREEMENT, AND BREACH

28.     Instant One Media incorporates the above-recited allegations as if expressly set forth here in their entireties.

### A.      First Suit Ends in Settlement Agreement

29.     In 2015, EZF and Amber sued IOM (among others) ("First Lawsuit").

30.     The First Lawsuit was mediated on or about 2017-Jun-22 ("Mediation").

31.     The Mediation resulted in a Settlement Agreement, which was signed by EZF, Amber, and IOM (among others).

### B.      Instant One Media Abides by Settlement Agreement

32.     Per the terms of the Settlement Agreement, IOM agreed to pay EZF and Amber $175,000.00 without admission of liability.

33.     In accordance with its obligations under the Settlement Agreement, EZF and Amber were paid the full $175,000.

### C.      EZF and Amber Violate Settlement Agreement

34.     Per the terms of the Settlement Agreement, EZF and Amber agreed not to use the phrases "instant granite" or "instant stainless" unless the two words were separated by at least two other words that do not describe a color.

35.     Per the terms of the Settlement Agreement, EZF and Amber acknowledged that Instant One Media owns trademarks in the terms "instant granite" and "instant stainless" (collectively, "IOM's Trademarks") for use in connection with instant One Media's business and agreed to not oppose the federal registration of those marks.

36.     After the Settlement Agreement was executed, EZF and Amber used the phrases "instant granite" and "instant stainless" in ways which were violative of the Settlement

5

Agreement.

### D.    The Federal Lawsuit in the Northern District of Georgia

37.    On 2019-Feb-1, IOM filed a federal lawsuit against EZF and Amber, in the United States District Court for the Northern District of Georgia, Case Number 1:19-cv-540 ("Georgia Matter"), specifically requesting injunctive relief, monetary damages, bad-faith attorneys' fees, and disgorgement of profits for willful trademark infringement.

38.    A jury trial in the Georgia Matter was scheduled to start on 2021-Jun-2.

39.    On 2021-May-28, only three (3) business days before the start of the jury trial, Amber filed for personal bankruptcy under Chapter 13 in the Bankruptcy Court for the District of Kansas, In re Amber Shank, Case Number 21-20605 ("Bankruptcy Case").

40.    Because of Amber's Bankruptcy Case, the Georgia Matter proceeded against EZF alone on 2021-Jun-2.

41.    Two (2) days later, on 2021-Jun-4, a unanimous jury entered a verdict in favor of IOM and against EZF for $1,035,000.

42.    The Jury Verdict Form expressly recited that:

- EZF's use of "instant granite" caused a likelihood of confusion

- EZF's use of "instant stainless" caused a likelihood of confusion

- IOM suffered monetary damages in the amount of $275,000

- EZF's conduct was willful and deliberate

- IOM was entitled to recover $500,000 for EZF's willful infringement

- IOM suffered actual damages of $275,000 due to EZF's breach of contract

- EZF's breach was in bad faith

6

> ▪ IOM was entitled to $260,000 in bad-faith attorneys' fees

43.     That same day, on 2021-Jun-4, the United States District Court for the Northern District of Georgia entered a judgment for $1,035,000 ("$1M-Judgment").

## V.     POST-JUDGMENT INFRINGEMENT AND BREACH BY EZF

44.     Instant One Media incorporates the above-recited allegations as if expressly set forth here in their entireties.

45.     Even after the $1M-Judgment, EZF continued to breach the Settlement Agreement and violate IOM's trademarks.

46.     Specifically, EZF is the registrant for the domain name **instant-granite.com**.

47.     A true and correct copy of the domain registration information is attached hereto as **Exhibit A**.

48.     IOM is the owner of a trademark for "instant granite."

49.     IOM's trademark for "instant granite" is distinctive.

50.     EZF's domain name of **instant-granite.com** is virtually identical to IOM's trademark for "instant granite."

51.     EZF's domain name of **instant-granite.com** is confusingly similar to IOM's trademark for "instant granite."

52.     EZF's **instant-granite.com** page shows an offer that states, expressly, "Get This Domain."

53.     EZF's **instant-granite.com** page also shows related searches for "Granite Kitchen Countertops," "Kitchen Countertops," and "Granite Countertops."

54.     A true and correct copy of a screen capture from **instant-granite.com** is attached

hereto as **Exhibit B**.

55.    Ultimately, EZF has registered, trafficked in, or used **instant-granite.com**.

56.    EZF registered, trafficked in, or used **instant-granite.com** with a bad-faith intent to profit from IOM's trademark.

57.    Because of the Settlement Agreement, EZF has no trademark or other intellectual property right in "instant granite."

58.    The **instant-granite.com** domain name does not consist of EZF's legal name or a name that is otherwise commonly used to identify EZF.

59.    EZF has never had prior-use rights to offer goods at **instant-granite.com**.

60.    EZF's use of **instant-granite.com** to advertise "Get This Domain" or show search results for "Granite Kitchen Countertops," "Kitchen Countertops," and "Granite Countertops" is neither fair use nor non-commercial use.

61.    EZF's use of **instant-granite.com** diverts customers away from IOM and creates a likelihood of confusion.

62.    "Get This Domain" on **instant-granite.com** is a clear offer to transfer, sell, or otherwise assign **instant-granite.com** to a third party for financial gain without using **instant-granite.com** in a bona fide offering of any goods.

63.    EZF's continued use of **instant-granite.com** in the face of the $1M-Judgment shows a pattern of bad-faith conduct.


## VI.    FRAUDULENT TRANSFER

64.    Plaintiff incorporates and re-alleges all of the allegations set forth in the preceding paragraphs.

65.     On 2019-Feb-1, IOM filed a federal lawsuit against EZFauxDecor, LLC ("EZF") and its sole owner, Amber Shank ("Amber"), in the United States District Court for the Northern District of Georgia, Case Number 1:19-cv-540 ("Georgia Matter"), specifically requesting injunctive relief, monetary damages, bad-faith attorneys' fees, and disgorgement of profits for willful trademark infringement.

66.     On 2019-Apr-10, during the Rule 26(f) conference in the Georgia Matter, counsel for Amber indicated that any potential judgment would be uncollectable because Amber would simply file for bankruptcy.

67.     A similar statement was made on 2020-Aug-19 in an email message from Amber's counsel, who wrote: "The settlement Amber is offering is far more than any judgment you think you can get.  Either before, or after judgment, it will all be wiped out by bankruptcy filings."

68.     In other words, as early as 2019-Apr and throughout the course of the Georgia Matter, Amber knew fully that she intended to file for bankruptcy.

69.     On 2019-Jun-26, IOM served its Notice of Deposition to Amber Shank ("Notice of Deposition") in the Georgia Matter.

70.     In reviewing the bank statements for a Bank of America account ending in 0570 ("0570-Account"), IOM discovered that, starting 2019-Jun-29 (only days after being served with the Notice of Deposition), checks had been issued regularly from the 0570-Account for large sums of money to Joseph Shank ("Joseph").

71.     The 0570-Account held co-mingled funds that belonged to both Amber and EZF and continues to hold co-mingled funds that belong to both Amber and EZF.

72.     Amber is the sole owner of EZF and the individual that controls EZF.

73.    As such, Amber is an insider of EZF under OCGA § 18-2-71(8).

74.    Joseph is the son of Amber.

75.    Thus, Joseph is also an insider of EZF under OCGA § 18-2-71(8).

76.    Examples of checks that were paid to Joseph from the 0570-Account include:

- 2019-Jun-29 for $1,302;

- 2019-Jul-12 for $1,571.85;

- 2019-Jul-18 for $1,266;

- 2019-Jul-27 for $1,400;

- 2019-Aug-5 for $1,453;

- 2019-Aug-9 for $1,452;

- 2019-Aug-16 for $1,406;

- 2019-Aug-23 for $1,532;

- 2019-Aug- 30 for $1,620;

- 2019-Sep-13 for $1,500;

- 2019-Sep-16 for $1,673;

- 2019-Sep-27 for $1,803;

- 2019-Oct-4 for $1,299.75;

- 2019-Oct-5 for $296;

- 2019-Oct-11 for $1,460;

- 2019-Oct-17 for $1,489;

- 2019-Oct-25 for $1,540;

- 2019-Nov- 1 for $1,544;

- 2019-Nov- 8 for $1,922;

10

- 2019-Nov- 14 for $1,547;

- 2019-Nov- 22 for $1,530;

- 2019-Dec-6 for $1,594;

- 2019-Dec-13 for $1,642;

- 2019-Dec-23 for $1,754;

- 2020-Jan-3 for $1,506;

- 2020-Jan-9 for $1,640;

- 2020-Jan-17 for $1,431;

- 2020-Jan-24 for $642;

- 2020-Feb-1 for $1,624;

- 2020-Feb-7 for $1,542;

- 2020-Feb-14 for $801;

- 2020-Feb-21 for $1,769;

- 2020-Mar-1 for $679;

- 2020-Mar-12 for $1,018;

- 2020-Mar-16 for $810;

- 2020-Apr-20 for $1,040;

- 2020-May-1 for $1,020;

- 2020-May-8 for $2,258;

- 2020-May-15 for $2,161;

- 2020-Jun-2 for $2,131;

- 2020-Jun-5 for $1,665;

- 2020-Jun-12 for $2,197;

- 2020-Jun-19 for $2,281;

- 2020-Jun-30 for $2,374;

- 2020-Jul-3 for $2,504;

- 2020-Jul-10 for $2,403;

- 2020-Jul-24 for $4,417;

- 2020-Aug- 14 for $4,768;

- 2020-Aug- 27 for $3,860;

- 2020-Sep-4 for $2,263;

- 2020-Sep-11 for $2,344;

- 2020-Sep-20 for $2,437;

- 2020-Sep-25 for $2,173;

- 2020-Oct-2 for $2,024;

- 2020-Oct-15 for $4,109;

- 2020-Nov- 6 for $4,051;

- 2020-Nov- 13 for $4,071;

- 2020-Dec-5 for $3,727;

- 2020-Dec-11 for $4,008;

- 2020-Dec-25 for $2,048;

- 2021-Jan-13 for $4,755;

- 2021-Feb-5 for $4,681;

- 2021-Feb-10 for $4,177;

- 2021-Mar-1 for $2,540;

- 2021-Mar-19 for $5,606;

- 2021-Mar-30 for $2,300;

- 2021-Apr-18 for $1,988;

- 2021-Apr-29 for $2,152;

- 2021-May-7 for $3,056; and

- 2021-May-21 for $4,402.

77.    By comparison, in the months prior to being served with the Notice of Deposition, between 2018-Aug-7 and 2019-Jun-25, the largest check that was written to Joseph from the 0570-Account was for $585, with the average being less than $215 during that period.

78.    A jury trial in the Georgia Matter was scheduled to start on 2021-Jun-2.

79.    On 2021-May-28, only three (3) business days before the start of the jury trial, Amber filed for personal bankruptcy under Chapter 13 in the Bankruptcy Court for the District of Kansas, In re Amber Shank, Case Number 21-20605 ("Bankruptcy Case").

80.    Because of Amber's Bankruptcy Case, the Georgia Matter proceeded against EZF alone on 2021-Jun-2.

81.    Two (2) days later, on 2021-Jun-4, a unanimous jury entered its verdict in favor of IOM and against EZF for $1,035,000.

82.    That same day, on 2021-Jun-4, the United States District Court for the Northern District of Georgia entered judgment for the full amount of $1,035,000 (the "$1M-Judgment").

83.    In the more-than-two-year period during which the Georgia Matter was pending, between 2019-Feb-1 and 2021-Jun-4, at least $158,159.85 had been transferred from the 0570-Account to Joseph.

84.    During that same period, between 2019-Feb-1 and 2021-Jun-4, at least $6,300 has also been transferred from the 0570-Account to Jackson Shank ("Jackson").

85.     Jackson is the son of Amber.

86.     Thus, Jackson is also an insider of EZF under OCGA § 18-2-71(8).

87.     Also, during that same period, between 2019-Feb-1 and 2021-Jun-4, at least $5,667 has been transferred from the 0570-Account to Amelia Shank ("Amelia").

88.     Amelia is the daughter of Amber.

89.     Thus, Amelia is also an insider of EZF under OCGA § 18-2-71(8).

90.     Since the $1M-Judgment on 2021-Jun-4, an additional sum of at least $74,046 has been transferred from the 0570-Account to Joseph.

91.     In total, at least $244,172.85 was transferred to Joseph, Jackson, and Amelia from the 0570-Account.

92.     Joseph was fully aware that the Georgia Matter was pending when Joseph received the transfer of at least $158,159.85 from the 0570-Account.

93.     Additionally, Joseph was fully aware of Amber's Bankruptcy Case when he received the transfer of at least $74,046 from the 0570-Account.

94.     Amber and EZF were insolvent when the $74,046 was transferred to Joseph, an insider.

95.     Joseph fully knew or had reasonable cause to believe that Amber and EZF were insolvent when he received the transfer of $74,046.

96.     Jackson was fully aware that the Georgia Matter was pending when Jackson received the transfer of funds from the 0570-Account.

97.     Amelia was fully aware that the Georgia Matter was pending when Amelia received the transfer of funds from the 0570-Account.

98.     During the entire pendency of the Georgia Matter, and even after entry of the

14

$1M-Judgment, Amber has been commingling her funds with EZF's funds in the 0570-Account.

99.     Furthermore, Amber has been using the funds in the 0570-Account for personal expenses without regard to whether or not the funds properly belong to EZF.

100.    Amber's unrestrained access and use of the funds in the 0570-Account interfere with the rights of IOM in collecting the $1M-Judgment from EZF.

101.    The conveyances to Amber, Joseph, Jackson, and Amelia from the 0570-Account were fraudulent and interfere with the rights of IOM in collecting the $1M-Judgment from EZF.

102.    The transfers to Amber, Joseph, Jackson, and Amelia were made with actual intent to hinder, delay, or defraud IOM.

103.    The sum of at least $244,172.85 was transferred from the 0570-Account to Amber, Joseph, Jackson, and Amelia, all of whom are insiders to EZF.

104.    EZF and Amber retained possession and control over the 0570-Account when the property was transferred and still maintain control over the 0570-Account.

105.    None of the transfers to Amber, Joseph, Amelia, or Jackson were disclosed to IOM until 2022-May-4, a full eleven (11) months after the $1M-Judgment.

106.    Indeed, the documents that showed these fraudulent transfers were concealed by EZF and only disclosed when compelled by the United States District Court for the Northern District of Georgia in the Georgia Matter.

107.    Before any of the transfers to Amber, Joseph, Jackson, and Amelia, the Georgia Matter against EZF had already been filed and was pending in federal court.

108.    These transfers to the insiders almost drained the 0570-Account.

109.    Even in the Bankruptcy Case, Amber concealed assets and made false statements.

110.    Specifically, Amber verified under oath that the 0570-Account had a balance of

15

$561 as of the filing date of the Bankruptcy Case on 2021-May-28.

111.    But the bank statement for the 0570-Account showed a balance of $3,326.56 (almost six (6) times the amount) on 2021-May-28.

112.    Amber also verified under oath in ¶ 4 of her Petition for Chapter 13 Bankruptcy that she had "not used any business name or EINs" in the past eight (8) years.

113.    But the 1099-K from Amazon, Etsy, and PayPal showed that, contrary to Amber's verification under oath, Amber had used an Employer Identification Number ("EIN") ending in 6661.

114.    Furthermore, in Amber's profit-and-loss statement in the Bankruptcy Case, Amber certified that her total income from 2021-Jan through 2021-May was $356,257.

115.    Yet, the total from the 1099-K from Amazon, Etsy, and PayPal showed over $404,000 in revenue.

116.    The value of the consideration received by EZF was not reasonably equivalent to the amount transferred to the insiders.

117.    EZF was insolvent or became insolvent shortly after the transfers were made to one or more of the insiders.

118.    The transfers to one or more of the insiders also occurred shortly before or shortly after a substantial debt (namely, the $1M-Judgment) was incurred by EZF.

119.    The overwhelming evidence from EZF's own records show that the transfers from the 0570-Account to Amber, Joseph, Jackson, and Amelia were made with actual intent to hinder, delay, or defraud IOM.

## VII.    CIVIL RICO

120.    Plaintiff incorporates and re-alleges all of the allegations set forth in the preceding paragraphs.

121.    EZF is an "enterprise" as defined O.C.G.A. § 16-14-3(6).

122.    EZF engages in interstate commerce.

123.    At all times relevant to this action, Amber was employed by or associated with EZF.

124.    At all times relevant to this action, Joseph was employed by or associated with EZF.

125.    At all times relevant to this action, Amber participated, either directly or indirectly, in the conduct of the affairs of EZF.

126.    At all times relevant to this action, Joseph participated, either directly or indirectly, in the conduct of the affairs of EZF.

127.    On multiple occasions, Amber knowingly and fraudulently concealed from creditor IOM property belonging to the bankruptcy estate by commingling assets with the enterprise EZF and continuing to commingle assets with EZF after the filing of the Bankruptcy Case.

128.    On 2021-Sep-1, the United States District Court for the Northern District of Georgia issued an Order that compelled EZF to produce documents and answer interrogatories, which included all of the financial transactions of EZF and, further, imposed sanctions on EZF for violating its discovery obligations.

129.    Significantly, the information that IOM requested included post-bankruptcy-petition financial information.

17

130.    Despite being compelled by a federal judge, EZF still failed to produce any information about the 0570-Account.

131.    In other words, EZF concealed from IOM the information in the 0570-Account.

132.    On 2022-Apr-4, the United States District Court for the Northern District of Georgia issued another Order, this time compelling both EZF and Amber to produce financial documents regardless of whether the money was paid directly to EZF or paid to an account in Amber's name.

133.    Only then, and only after it could no longer conceal the 0570-Account from IOM, did EZF and Amber disclose bank statements of the 0570-Account.

134.    The 0570-Account statements revealed that in the six-month period leading up to the filing of the Bankruptcy Case, tens-of-thousands-of-dollars had been transferred from the 0570-Account to pay for charges on a Capital One credit card ("Capital One Account").

135.    That Capital One Account was closed shortly after the filing of the Bankruptcy Case, thereby preventing EZF or Amber from accessing any of the statements from the Capital One Account and effectively concealing all of the transactions from the Capital One Account.

136.    Additionally, a review of the filings in the Bankruptcy Case showed clearly that Amber had made multiple false declarations, certifications, verifications, or statements, including reporting falsely that she had not used another federal employer identification number (EIN) and reporting falsely the actual amounts on EZF's profit-and-loss statement.

137.    Furthermore, a review of the transactions in the 0570-Account showed clearly that EZF's earnings from Amazon were continuing to be deposited into the 0570-Account.

138.    Those ongoing deposits from Amazon resulted in commingling of EZF's funds with Amber's personal funds, thereby making it impossible to distinguish between EZF's funds

and Amber's funds, thereby effectively concealing which property belonged to Amber and which property belonged to EZF.

139.    Furthermore, a review of the checks issued from the 0570-Account showed that Joseph had received material amounts of property from Amber, either directly from Amber or indirectly from EZF, after the filing of the Bankruptcy Case.

140.    Joseph continues to receive significant amounts of money from the 0570-Account.

141.    Both Joseph and Amber knew that Joseph was receiving (and continues to receive) substantial funds from Amber through EZF.

142.    In addition to paying Joseph, and without properly obtaining approval in the Bankruptcy Case, Amber transferred funds (post-bankruptcy-petition) from the 0570-Account to Fisher & Phillips, LLP ("Fisher"), to retain and pay her close friend and attorney James Sullivan ("Sullivan").

143.    The post-bankruptcy-petition transfer of funds to Fisher included:

- $5,000 on 2022-Apr-1;

- $1,035 on 2022-Mar-7;

- $1,890 on 2021-Nov-17; and

- $225 on 2021-Aug-6.

144.    These payments were made to Fisher after the filing of the Bankruptcy Case and during a time-period when EZF was already adequately represented by several attorneys (Paul Hentzen, Samuel Woodhouse, Stephen J. Moore) from multiple firms (Krigel & Krigel PC and Woodhouse LLC).

145.    In other words, significant funds were paid to family members and a friend from

the 0570-Account during the pendency of the Bankruptcy Case.

146.    These violations of the bankruptcy laws provide the bases for the predicate acts under the Racketeer Influenced and Corrupt Organizations ("RICO") Statutes.

147.    On 2021-Oct-11, when asked to identify EZF's employees, Amber certified under oath that Joseph was a full-time employee.

148.    Under the guise of employing Joseph as a full-time employee of EZF, Joseph was paid thousands of dollars regularly from the 0570-Account.

149.    However, EZF never withheld any Social Security taxes, income taxes, Medicare taxes, or Unemployment taxes from any of the checks that were issued to Joseph from the 0570-Account.

150.    In other words, EZF, Amber, and Joseph evaded the payment of Social Security taxes, Medicare taxes, and Unemployment taxes by misclassifying Joseph as an independent contractor, despite Amber's sworn testimony that Joseph was a full-time employee.

151.    Furthermore, although EZF is a Kansas business, EZF failed to pay sales taxes on personal property that EZF sold at retail within the state of Kansas.

152.    Specifically, in the four-year period between 2017-Jun-2 and 2021-Jul-15, EZF failed to pay any sales taxes on over $21,000 worth of property sold at retail in the Kansas, in violation of KSA 79-3603 and KSA 79-3604.

153.    EZF's scheme to evade employment taxes and sales taxes is further evidence in support of IOM's civil RICO claim.

## VIII.   CLAIMS

### *COUNT I: Breach of Contract*

### (Against EZF)

154.    Plaintiff incorporates and re-alleges all of the allegations set forth in the preceding paragraphs.

155.    A valid and binding contract (namely, the Settlement Agreement), which is supported by sufficient consideration and which has not been rescinded, exists between the Plaintiff IOM and Defendant EZF.

156.    The valid and binding contract (namely, the Settlement Agreement), which is supported by sufficient consideration and which has not been rescinded, also exists between the Plaintiff IOM and Amber.

157.    Plaintiff IOM has fulfilled its obligations under the Settlement Agreement.

158.    Defendant EZF materially breached the contract by continuing to use "instant granite" in its domain name **instant-granite.com** to expressly advertise "Get This Domain" and show related searches for "Granite Kitchen Countertops," "Kitchen Countertops," and "Granite Countertops."

159.    EZF continues to breach the Settlement Agreement, even in the face of the $1M-Judgment.

160.    EZF's breach is willful and in bad faith.

161.    EZF's material breach resulted in damages to Plaintiff.

162.    As a result of EZF's bad faith breach of the Settlement Agreement, Plaintiff is entitled to monetary damages, including interest, under breach of contract.

### *COUNT II: Trademark Violation Under 15 U.S.C. § 1125(d)*

**(Against EZF)**

163.   Plaintiff incorporates and re-alleges all of the allegations set forth in the preceding paragraphs.

164.   EZF has registered, trafficked in, or used **instant-granite.com**.

165.   IOM has a federally registered trademark for "instant granite."

166.   IOM's trademark is distinctive.

167.   EZF's **instant-granite.com** is confusingly similar to IOM's "instant granite."

168.   EZF registered, trafficked in, or used **instant-granite.com** with a bad-faith intent to profit from IOM's trademark.

169.   IOM has suffered actual damages and seeks an award of actual damages in an amount to be proven at trial.


### *COUNT III: Disgorgement of Profits Under the Lanham Act*

**(Against EZF)**

170.   Plaintiff incorporates and re-alleges all of the allegations set forth in the preceding paragraphs.

171.   EZF's conduct was willful and deliberate.

172.   EZF was unjustly enriched.

173.   An award of EZF's profits is necessary to deter EZF's future conduct.

174.   IOM seeks an award of EZF's profits in an amount to be proven at trial.

### _COUNT IV: Statutory Damages Under the Lanham Act_

**(Against EZF)**

175.    Plaintiff incorporates and re-alleges all of the allegations set forth in the preceding paragraphs.

176.    IOM also seeks statutory damages in the full amount of $100,000.

### _COUNT V: Attorney's Fees Under the Lanham Act_

**(Against EZF)**

177.    Plaintiff incorporates and re-alleges all of the allegations set forth in the preceding paragraphs.

178.    As a result of Defendants' willful trademark infringement of Plaintiff's federally-registered trademarks, Plaintiff is entitled to attorneys' fees in an amount to be determined at trial.

### _COUNT VI: Injunctive Relief Under the Lanham Act_

**(Against EZF)**

179.    Plaintiff incorporates and re-alleges all of the allegations set forth in the preceding paragraphs.

180.    Under 15 U.S.C. § 1116, this Honorable Court is vested with the power to grant injunctions.

181.    EZF's continued infringement of Plaintiff's trademarks causes irreparable harm for which monetary damages alone is insufficient.

182.    Based on EZF's continued infringement of Plaintiff's trademarks, injunctive relief

is proper to prevent continuing infringement and irreparable harm to Plaintiff.

### COUNT VII:  Fraudulent Transfer Under O.C.G.A. § 18-2-70, et. seq.

**(Against EZF, Joseph, Jackson, and Amelia)**

183.    IOM incorporates and re-alleges all of the allegations set forth in the preceding paragraphs.

184.    EZF transferred property (including money) to Joseph, Jackson, and Amelia.

185.    Joseph, Jackson, and Amelia are insiders of EZF under OCGA § 18-2-71(8).

186.    At the time of the transfer, EZF was insolvent.

187.    The transfers to the insiders (Joseph, Jackson, and Amelia) were fraudulent in law.

188.    The transfers to the insiders were made with the intention to delay, hinder, and defraud IOM.

189.    The insiders fully knew of EZF's intent to delay, hinder, and defraud IOM when the insiders accepted the transfers.

190.    The insiders had notice and grounds for reasonable suspicion because the insiders were fully aware of both the Georgia Matter and the Bankruptcy Case.

191.    At a minimum, the insiders could have known of the fraudulent nature of the transfers by the exercise of ordinary and reasonable care.

192.    IOM was harmed because EZF transferred money to Joseph, Jackson, and Amelia in order to avoid paying a debt to IOM.

193.    IOM had a right to payment from EZF for $1,035,000 as a result of the judgment in IOM's favor in the Georgia Matter.

194.    Being fully aware of the $1M-Judgment, EZF nevertheless transferred significant property (including monetary funds) to its insiders.

195.    EZF transferred property to its insiders with the intent to hinder, delay, or defraud IOM.

196.    As a result, IOM was harmed.

197.    EZF's conduct (along with the conduct of its insiders) was a substantial factor in causing harm to IOM.

198.    By transferring such significant property to its insiders, EZF intended to remove or conceal its assets to make it more difficult for IOM to collect on the $1M-Judgment.

199.    IOM seeks actual damages caused by EZF, Joseph, Jackson, and Amelia, in an amount to be determined at trial.


### *COUNT VIII: Disgorgement of Transferred Property from the Insiders*

**(Against Joseph, Jackson, and Amelia)**

200.    IOM incorporates and re-alleges all of the allegations set forth in the preceding paragraphs.

201.    IOM also seeks to void the transactions from EZF to its insiders (Joseph, Jackson, and Amelia) and seeks disgorgement of the transferred property.


### *COUNT IX:    Injunctive Relief to Prevent Further Fraudulent Transfers*

**(Against EZF, Joseph, Jackson, and Amelia)**

202.    IOM incorporates and re-alleges all of the allegations set forth in the preceding paragraphs.

203. Further fraudulent transfers will cause irreparable harm to IOM.

204. Consequently, IOM also seeks injunctive relief to prevent further fraudulent transfers by EZF to the insiders (Joseph, Jackson, and Amelia).

### COUNT X:    Civil RICO Under OCGA §§ 16-14-4(b) and 16-14-4(c)

**(Against Joseph)**

205. IOM incorporates and re-alleges all of the allegations set forth in the preceding paragraphs.

206. EZF is an "enterprise" as defined O.C.G.A. § 16-14-3(6).

207. EZF engages in interstate commerce.

208. Amber is a debtor in the Bankruptcy Case.

209. At all times relevant to this action, Joseph was employed by or associated with EZF.

210. At all times relevant to this action, Joseph participated, either directly or indirectly, in the conduct of the affairs of EZF.

211. Knowing and fraudulent receipt of material amounts of property from the estate of a debtor in bankruptcy with the intent to defeat the provisions of Title 11 is a violation of 18 U.S.C. § 152(5).

212. A violation of 18 U.S.C. § 152(5) is a "racketeering activity" under O.C.G.A. § 16-14-3(5)(C).

213. Multiple knowing and fraudulent receipt of material amounts of property from the estate of a debtor in bankruptcy with the intent to defeat the provisions of Title 11 are a "pattern of racketeering activity" under O.C.G.A. § 16-14-3(4).

26

214.    On multiple occasions, Joseph knowingly and fraudulently received material amounts of property from Amber, through the enterprise EZF, after the filing of the Bankruptcy Case with intent to defeat the provisions of Title 11.

215.    Joseph conspired with Amber to knowingly and fraudulently receive material amounts of property from Amber through EZF.


### COUNT XI:    Civil RICO Under 18 U.S.C. §§ 1962(c) and 1962(d).

**(Against Joseph)**

216.    IOM incorporates and re-alleges all of the allegations set forth in the preceding paragraphs.

217.    EZF is an "enterprise" as defined 18 U.S.C. § 1961(4).

218.    EZF engages in interstate commerce.

219.    Amber is a debtor in the Bankruptcy Case.

220.    At all times relevant to this action, Joseph was employed by or associated with EZF.

221.    At all times relevant to this action, Joseph participated, either directly or indirectly, in the conduct of the affairs of EZF.

222.    Knowing and fraudulent receipt of material amounts of property from the estate of a debtor in bankruptcy with the intent to defeat the provisions of Title 11 is a violation of 18 U.S.C. § 152(5).

223.    A violation of 18 U.S.C. § 152(5) is a "racketeering activity" under 18 U.S.C. § 1961(1).

224.    Multiple knowing and fraudulent receipt of material amounts of property from the

estate of a debtor in bankruptcy with the intent to defeat the provisions of Title 11 are a "pattern of racketeering activity" under 18 U.S.C. § 1961(5).

225.    On multiple occasions, Joseph knowingly and fraudulently received material amounts of property from Amber, through the enterprise EZF, after the filing of the Bankruptcy Case with intent to defeat the provisions of Title 11.

226.    Joseph conspired with Amber to knowingly and fraudulently receive material amounts of property from Amber through EZF.

### *COUNT XII: Bad Faith Attorneys' Fees Under O.C.G.A. § 13-6-11*

**(Against EZF, Joseph, Jackson, and Amelia)**

227.    Plaintiff incorporates and re-alleges all of the allegations set forth in the preceding paragraphs.

228.    Under OCGA § 13-6-11, where Plaintiff has specially pleaded and has made prayer for expenses of litigation (including attorneys' fees), and where Defendants have acted in bad faith, has been stubbornly litigious, or has caused Plaintiff unnecessary trouble and expense, a jury may allow expenses of litigation (including attorneys' fees).

229.    Defendants have acted in bad faith, been stubbornly litigious, or caused Plaintiff unnecessary trouble and expense.

230.    Thus, Plaintiff is entitled to expenses of litigation including attorneys' fees under OCGA § 13-6-11 and specifically prays for attorneys' fees.

### *COUNT XIII: Punitive Damages Under OCGA § 51-12-5.1*

**(Against EZF, Joseph, Jackson, and Amelia)**

231.    Plaintiff incorporates and re-alleges all of the allegations set forth in the preceding paragraphs.

232.    Defendants' actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences.

233.    Defendants acted with specific intent to harm and injure Plaintiff.

234.    Consequently, there should be no limitation regarding the amount which may be awarded as punitive damages against Defendants.

235.    Thus, Plaintiff is entitled to punitive damages, with no limitation regarding the amount, under OCGA § 51-12-5.1 and specifically prays for such punitive damages.


WHEREFORE, Plaintiff respectfully prays that this Honorable Court:

a.    Enter judgment in favor of Plaintiff on all of Plaintiff's claims;

b.    Award of actual damages sufficient to make Plaintiff whole, in an amount to be proven at trial;

c.    Award of statutory damages of $100,000 under the Lanham Act;

d.    Award to Plaintiff all of Defendants' profits for Defendants' willful infringement of Plaintiff's federally-registered trademarks;

e.    Award attorney's fees to Plaintiff for Defendants' willful infringement of Plaintiff's federally-registered trademarks;

f.    Award attorney's fees and expenses of litigation under OCGA § 13-6-11 to

29

Plaintiff for Defendants' bad faith, stubborn litigiousness, and unnecessary trouble and expense;

      g.      Grant injunctive relief to prevent future infringement of Plaintiff's federally-registered trademarks;

      h.      Grant injunctive relief to prevent future fraudulent transfer of property from EZF to the insiders;

      i.      Void all past fraudulent transfers from EZF to Joseph, Jackson, and Amelia;

      j.      Order disgorgement and restitution of all property that was fraudulently transferred from EZF to Joseph, Jackson, and Amelia;

      j.      Award treble damages to Plaintiff under the Georgia Civil RICO Statute;

      k.      Award treble damages to Plaintiff under the Federal Civil RICO Statute;

      l.      Award pre-judgment interest;

      m.      Assess punitive damages, without a limitation on the amount of punitive damages, under OCGA § 51-12-5.1 against Defendants for their willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences; and

      n.      Any other legal or equitable relief that this Honorable Court deems to be fair and just.

Respectfully submitted, 2022-May-26.

/s/ Daniel E. DeWoskin
Daniel E. DeWoskin
Georgia Bar No. 220327
Counsel for Plaintiff

/s/ Alex R. Merritt
Alex R. Merritt
Georgia Bar No. 143308
Counsel for Plaintiff

DeWoskin Law Firm, LLC
535 N. McDonough Street
Decatur, Georgia 30030
(404) 987-0026
dan@atlantatrial.com
alex@atlantatrial.com



### Search the WHOIS Database

instant-granite.com                                                 🔍 Search

## WHOIS search results

Domain Name: instant-granite.com
Registry Domain ID: 1697592448_DOMAIN_COM-VRSN
Registrar WHOIS Server: whois.godaddy.com
Registrar URL: https://www.godaddy.com
Updated Date: 2022-01-19T13:47:38Z
Creation Date: 2012-01-18T11:14:41Z
Registrar Registration Expiration Date: 2023-01-18T11:14:41Z
Registrar: GoDaddy.com, LLC
Registrar IANA ID: 146
Registrar Abuse Contact Email: abuse@godaddy.com
Registrar Abuse Contact Phone: +1.4806242505
Domain Status: clientTransferProhibited https://icann.org/epp#clientTransferProhibited
Domain Status: clientUpdateProhibited https://icann.org/epp#clientUpdateProhibited
Domain Status: clientRenewProhibited https://icann.org/epp#clientRenewProhibited
Domain Status: clientDeleteProhibited https://icann.org/epp#clientDeleteProhibited
Registrant Organization: ezfauxdecor
Registrant State/Province: Kansas
Registrant Country: US
Registrant Email: Select Contact Domain Holder link at https://www.godaddy.com/whois/results.aspx?domain=instant-granite.com
Admin Email: Select Contact Domain Holder link at https://www.godaddy.com/whois/results.aspx?domain=instant-granite.com
Tech Email: Select Contact Domain Holder link at https://www.godaddy.com/whois/results.aspx?domain=instant-granite.com
Name Server: NS27.DOMAINCONTROL.COM
Name Server: NS28.DOMAINCONTROL.COM
DNSSEC: unsigned
URL of the ICANN WHOIS Data Problem Reporting System: http://wdprs.internic.net/
>>> Last update of WHOIS database: 2022-05-22T00:10:15Z <<<
For more information on Whois status codes, please visit https://icann.org/epp
TERMS OF USE: The data contained in this registrar's Whois database, while believed by the
registrar to be reliable, is provided "as is" with no guarantee or warranties regarding its
accuracy. This information is provided for the sole purpose of assisting you in obtaining
information about domain name registration records. Any use of this data for any other purpose
is expressly forbidden without the prior written permission of this registrar. By submitting
an inquiry, you agree to these terms and limitations of warranty. In particular, you agree not
to use this data to allow, enable, or otherwise support the dissemination or collection of this
data, in part or in its entirety, for any purpose, such as transmission by e-mail, telephone,
postal mail, facsimile or other means of mass unsolicited, commercial advertising or solicitations
of any kind, including spam. You further agree not to use this data to enable high volume, automated
or robotic electronic processes designed to collect or compile this data for any purpose, including
mining this data for your own personal or commercial purposes. Failure to comply with these terms
may result in termination of access to the Whois database. These terms may be subject to modification
at any time without notice.

See Underlying Registry Data     Contact Domain Holder     Report Invalid Whois

Info displayed in public WHOIS is limited for privacy reasons. You can learn more about access to non-public domain contact information here.



EXHIBIT A



EXHIBIT B

FILED 5/27/2022 10:11 AM CLERK OF SUPERIOR COURT DEKALB COUNTY GEORGIA

## General Civil and Domestic Relations Case Filing Information Form

☒ Superior or ☐ State Court of _____DEKALB_____ County

| For Clerk Use Only | |
|---|---|
| 5/27/2022 | 22CV5127 |
| Date Filed _____<br>MM-DD-YYYY | Case Number _____ |

**Plaintiff(s)**

Instant One Media, Inc.

Last       First       Middle I.   Suffix   Prefix

**Defendant(s)**

EZFauxDecor, LLC

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Shank | Joseph | | | |
| Shank | Amelia | | | |
| Shank | Jackson | | | |

Plaintiff's Attorney  Alex Merritt          State Bar Number  143308    Self-Represented ☐
                     Dan DeWoskin                            220327

**Check one case type and one sub-type in the same box (if a sub-type applies):**

**General Civil Cases**

- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☒ Other General Civil  Fraud

**Domestic Relations Cases**

- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____            _____
    Case Number                    Case Number

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ Language(s) Required

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

Version 1.1.20

FILED 5/27/2022 10:11 AM CLERK OF SUPERIOR COURT DEKALB COUNTY GEORGIA

## IN THE SUPERIOR COURT OF DEKALB COUNTY
## STATE OF GEORGIA

22CV5127

Case No.: _____

_____

_____

_____

### Plaintiff

#### VS

_____

_____

_____

### Defendant

# SUMMONS

## TO THE ABOVE NAMED DEFENDANT(S):

You are hereby summoned and required to file electronically with the Clerk of said court at
https://efilega.tylerhost.net/ofsweb and serve upon the Plaintiff's attorney, whose name, address and email is:

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____27_____ day of _____May_____, 20__22____.

Honorable Debra DeBerry
Clerk of Superior Court
B Wayne Scott

By_____
Deputy Clerk

E-Filing and E-Service

Pursuant to the Superior Court of DeKalb County's E-File Order, dated December 27, 2016, and available at www.dksuperiorclerk.com/civil, the parties must file all documents electronically through eFileGA unless expressly exempted under the Rule.   All orders and notices from the Court will be electronically filed and served through eFileGA.  The parties must register for an eFileGA account, link their service contact information with the case and the party represent, and take whatever steps are necessary to ensure that correspondence from eFileGA reaches the parties' inboxes.  To access eFileGA, please go to http://www.odysseyefilega.com/

Instructions:  Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

FILED 5/27/2022 10:11 AM CLERK OF SUPERIOR COURT DEKALB COUNTY GEORGIA

## IN THE SUPERIOR COURT OF DEKALB COUNTY
## STATE OF GEORGIA

22CV5127

Case No.: _____

_____

_____

_____

### Plaintiff

#### VS

_____

_____

_____

### Defendant

# SUMMONS

## TO THE ABOVE NAMED DEFENDANT(S):

You are hereby summoned and required to file electronically with the Clerk of said court at
https://efilega.tylerhost.net/ofsweb and serve upon the Plaintiff's attorney, whose name, address and email is:

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This ____27____ day of ____May____, 20__22__.

Honorable Debra DeBerry
Clerk of Superior Court

B Wayne Scott
By_____
Deputy Clerk

E-Filing and E-Service

Pursuant to the Superior Court of DeKalb County's E-File Order, dated December 27, 2016, and available at www.dksuperiorclerk.com/civil, the parties must file all documents electronically through eFileGA unless expressly exempted under the Rule.   All orders and notices from the Court will be electronically filed and served through eFileGA.  The parties must register for an eFileGA account, link their service contact information with the case and the party represent, and take whatever steps are necessary to ensure that correspondence from eFileGA reaches the parties' inboxes.  To access eFileGA, please go to http://www.odysseyefilega.com/

Instructions:  Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

FILED 5/27/2022 10:11 AM CLERK OF SUPERIOR COURT DEKALB COUNTY GEORGIA

# IN THE SUPERIOR COURT OF DEKALB COUNTY
## STATE OF GEORGIA

22CV5127

Case No.: _____

_____

_____

_____

### Plaintiff

**VS**

_____

_____

_____

### Defendant

# SUMMONS

## TO THE ABOVE NAMED DEFENDANT(S):

You are hereby summoned and required to file electronically with the Clerk of said court at
https://efilega.tylerhost.net/ofsweb and serve upon the Plaintiff's attorney, whose name, address and email is:

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____27_____ day of _____May_____, 20__22____.

Honorable Debra DeBerry
Clerk of Superior Court
B Wayne Scott

By_____
         Deputy Clerk

<u>E-Filing and E-Service</u>

Pursuant to the Superior Court of DeKalb County's E-File Order, dated December 27, 2016, and available at www.dksuperiorclerk.com/civil, the parties must file all documents electronically through eFileGA unless expressly exempted under the Rule.   All orders and notices from the Court will be electronically filed and served through eFileGA.  The parties must register for an eFileGA account, link their service contact information with the case and the party represent, and take whatever steps are necessary to ensure that correspondence from eFileGA reaches the parties' inboxes.  To access eFileGA, please go to http://www.odysseyefilega.com/

Instructions:  Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

FILED 5/27/2022 10:11 AM CLERK OF SUPERIOR COURT DEKALB COUNTY GEORGIA

# IN THE SUPERIOR COURT OF DEKALB COUNTY
## STATE OF GEORGIA

22CV5127

_____          Case No.:          _____

_____

_____

Plaintiff

VS

_____

_____

_____

Defendant

# SUMMONS

## TO THE ABOVE NAMED DEFENDANT(S):

You are hereby summoned and required to file electronically with the Clerk of said court at
https://efilega.tylerhost.net/ofsweb and serve upon the Plaintiff's attorney, whose name, address and email is:

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This ____27____ day of ____May____, 20__22____.

Honorable Debra DeBerry
Clerk of Superior Court
B Wayne Scott

By_____
Deputy Clerk

E-Filing and E-Service

Pursuant to the Superior Court of DeKalb County's E-File Order, dated December 27, 2016, and available at www.dksuperiorclerk.com/civil, the parties must file all documents electronically through eFileGA unless expressly exempted under the Rule.   All orders and notices from the Court will be electronically filed and served through eFileGA.  The parties must register for an eFileGA account, link their service contact information with the case and the party represent, and take whatever steps are necessary to ensure that correspondence from eFileGA reaches the parties' inboxes.  To access eFileGA, please go to http://www.odysseyefilega.com/

Instructions:  Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

FILED 8/1/2022 2:10 PM CLERK OF SUPERIOR COURT DEKALB COUNTY GEORGIA

## AFFIDAVIT OF NON-SERVICE

**State of Georgia**        **County of DeKalb**        **Superior Court**

Case Number: 22CV5127

Plaintiff:
**Instant One Media, Inc**.

vs.

Defendant:
**EZFauxDecor, LLC**

For:
Daniel DeWoskin
DeWoskin Law Firm, LLC
535 N. McDonough Street
Decatur, GA 30030

Received by Action Legal Process to be served on **Amelia Shank, 6417 W. 125th, Overland Park, KS 66209**.

I, Ronald J. Rugen, being duly sworn, depose and say that on the **20th day of July, 2022** at **10:47 am, I:**

**NON-SERVED** the **Complaint; Summons**. After due search, careful inquiry and diligent attempts was unable to serve on **Amelia Shank** for the reasons detailed in the comments below.

**Additional Information pertaining to this Service:**
6/4/2022  10:01 am  No answer after knocking several times. No light on in house. Vehicle on far edge of driveway.
6/10/2022  5:31 pm  No light on in house. No answer. No movement observed.
6/20/2022  10:47 am  White Lexus in driveway. Knocked several times got no answer. There's a white landscaping type pick up with a trailer in front of the house and looks like they are putting up some iron railings somewhere out back.  Third diligent attempt.

I certify that I am over the age of 18, have no interest in the above action, and am a Process Server in good standing in the judicial circuit in which the process was served.

Subscribed and Sworn to before me on the 28th day of July, 2022 by the affiant who is personally known to me by presenting photo identification.

NOTARY PUBLIC

STATE OF _Missouri_

COUNTY OF _Clay_

Ronald J. Rugen
Process Server

**Action Legal Process**
**6812 N. Oak Trafficway**
**Suite 2**
**Kansas City, MO 64118**
**(888) 511-1919**

Our Job Serial Number: RTI-2022026444

STANCY ORR BOND
NOTARY PUBLIC, NOTARY SEAL
STATE OF MISSOURI
ANDREW COUNTY
COMMISSION #  22498954
MY COMMISSION EXPIRES:  JANUARY 12, 2026

Copyright © 1992-2022 Database Services, Inc. - Process Server's Toolbox V8.2i

FILED 8/1/2022 2:10 PM CLERK OF SUPERIOR COURT DEKALB COUNTY GEORGIA

## AFFIDAVIT OF NON-SERVICE

**State of Georgia**          **County of DeKalb**          **Superior Court**

Case Number: 22CV5127

Plaintiff:
**Instant One Media, Inc.**

vs.

Defendant:
**EZFauxDecor, LLC**

For:
Daniel DeWoskin
DeWoskin Law Firm, LLC
535 N. McDonough Street
Decatur, GA 30030

Received by Action Legal Process to be served on **Jackson Shank, 6417 W. 125th, Overland Park, KS 66209**.

I, Ronald J. Rugen, being duly sworn, depose and say that on the **20th day of July, 2022** at **10:47 am, I**:

**NON-SERVED** the **Complaint; Summons**.  After due search, careful inquiry and diligent attempts was unable to serve on **Jackson Shank** for the reasons detailed in the comments below.

**Additional Information pertaining to this Service:**
6/4/2022  10:01 am  No answer after knocking several times. No light on in house. Vehicle on far edge of driveway.
6/10/2022  5:31 pm  No light on in house. No answer. No movement observed.
6/20/2022  10:47 am  White Lexus in driveway. Knocked several times got no answer. There's a white landscaping type pick up with a trailer in front of the house and looks like they are putting up some iron railings somewhere out back.  Third diligent attempt.

I certify that I am over the age of 18, have no interest in the above action, and am a Process Server in good standing in the judicial circuit in which the process was served.

Subscribed and Sworn to before me on the 28th day
of July, 2022 by the affiant who is personally known
to me by presenting photo identification.

_____
NOTARY PUBLIC

STATE OF _____ Missouri

COUNTY OF _____ Clay

_____
**Ronald J. Rugen**
Process Server

**Action Legal Process**
**6812 N. Oak Trafficway**
**Suite 2**
**Kansas City, MO 64118**
**(888) 511-1919**

Our Job Serial Number: RTI-2022026444

STANCY ORR BOND
NOTARY PUBLIC, NOTARY SEAL
STATE OF MISSOURI
ANDREW COUNTY
COMMISSION #  22498954
MY COMMISSION EXPIRES:  JANUARY 18, 2026

Copyright © 1992-2022 Database Services, Inc. - Process Server's Toolbox V8.2i



FILED 8/1/2022 2:10 PM CLERK OF SUPERIOR COURT DEKALB COUNTY GEORGIA

## AFFIDAVIT OF NON-SERVICE

**State of Georgia**                **County of DeKalb**                **Superior Court**

Case Number: 22CV5127

Plaintiff:
**Instant One Media, Inc.**

vs.

Defendant:
**EZFauxDecor, LLC**

For:
Daniel DeWoskin
DeWoskin Law Firm, LLC
535 N. McDonough Street
Decatur, GA 30030

Received by Action Legal Process to be served on **Joseph Shank, 6417 W. 125th, Overland Park, KS 66209.**

I, Ronald J. Rugen, being duly sworn, depose and say that on the **20th day of July, 2022** at **10:47 am,** I:

**NON-SERVED** the **Complaint; Summons.**  After due search, careful inquiry and diligent attempts was unable to serve on **Joseph Shank** for the reasons detailed in the comments below.

**Additional Information pertaining to this Service:**
6/4/2022  10:01 am  No answer after knocking several times. No light on in house. Vehicle on far edge of driveway.
6/10/2022  5:31 pm  No light on in house. No answer. No movement observed.
6/20/2022  10:47 am  White Lexus in driveway. Knocked several times got no answer. There's a white landscaping type pick up with a trailer in front of the house and looks like they are putting up some iron railings somewhere out back.  Third diligent attempt.

I certify that I am over the age of 18, have no interest in the above action, and am a Process Server in good standing in the judicial circuit in which the process was served.

Subscribed and Sworn to before me on the 28th day
of July, 2022 by the affiant who is personally known
to me by presenting photo identification.

_____
NOTARY PUBLIC

STATE OF _____ Missouri

COUNTY OF _____ Clay

_____
**Ronald J. Rugen**
Process Server

**Action Legal Process**
**6812 N. Oak Trafficway**
**Suite 2**
**Kansas City, MO 64118**
**(888) 511-1919**

Our Job Serial Number: RTI-2022026444

STANCY ORR BOND
NOTARY PUBLIC, NOTARY SEAL
STATE OF MISSOURI
ANDREW COUNTY
COMMISSION #   22498954
MY COMMISSION EXPIRES:   JANUARY 12, 2026

Copyright © 1992-2022 Database Services, Inc. - Process Server's Toolbox V8.2i



FILED 8/1/2022 2:10 PM CLERK OF SUPERIOR COURT DEKALB COUNTY GEORGIA

## <u>AFFIDAVIT OF NON-SERVICE</u>

**State of Georgia**                    **County of DeKalb**                    **Superior Court**

Case Number: 22CV5127

Plaintiff:
**Instant One Media, Inc.**

vs.

Defendant:
**EZFauxDecor, LLC**

For:
Daniel DeWoskin
DeWoskin Law Firm, LLC
535 N. McDonough Street
Decatur, GA 30030

Received by Action Legal Process to be served on **EZFauxDecor, LLC, 6417 W. 125th, Amber Shank, Overland Park, KS 66209.**

I, Ronald J. Rugen, being duly sworn, depose and say that on the **20th day of July, 2022** at **10:47 am, I:**

**NON-SERVED** the **Complaint; Summons**.  After due search, careful inquiry and diligent attempts was unable to serve on **EZFauxDecor, LLC** for the reasons detailed in the comments below.

**Additional Information pertaining to this Service:**
6/4/2022  10:01 am  No answer after knocking several times. No light on in house. Vehicle on far edge of driveway.
6/10/2022  5:31 pm  No light on in house. No answer. No movement observed.
6/20/2022  10:47 am  White Lexus in driveway. Knocked several times got no answer. There's a white landscaping type pick up with a trailer in front of the house and looks like they are putting up some iron railings somewhere out back.  Third diligent attempt.

I certify that I am over the age of 18, have no interest in the above action, and am a Process Server in good standing in the judicial circuit in which the process was served.

Subscribed and Sworn to before me on the 28th
day of July 2022 by the affiant
who is personally known to me by presenting photo
identification.

_____
NOTARY PUBLIC

STATE OF _____ Missouri

COUNTY OF _____ Clay

_____
Ronald J. Rugen
Process Server

**Action Legal Process**
6812 N. Oak Trafficway
Suite 2
Kansas City, MO 64118
(888) 511-1919

Our Job Serial Number: RTI-2022026444

STANCY ORR BOND
NOTARY PUBLIC, NOTARY SEAL
STATE OF MISSOURI
ANDREW COUNTY
COMMISSION #  22498954
MY COMMISSION EXPIRES:  JANUARY 12, 2026

Copyright © 1992-2022 Database Services, Inc. - Process Server's Toolbox V8.2i



FILED 8/8/2022 4:25 PM CLERK OF SUPERIOR COURT DEKALB COUNTY GEORGIA

## NOTICE OF LEAVE OF ABSENCE

TO:         ALL JUDGES, CLERKS OF COURT and COUNSEL OF RECORD

FROM:    Alex Merritt                          RE:      **INSTANT ONE MEDIA, INC. V.**
              DeWoskin Law Firm, LLC                      **EZFAUXDECOR, LLC, ET AL.**
              535 N. McDonough Street,
              Decatur, GA 30030                           **Superior Court of DeKalb County**
              404-987-0026                                **Case No. 22CV5127**

Alex Merritt, pursuant to Georgia Uniform Superior Court Rule 16.1, hereby respectfully notifies all judges before whom he has cases pending, all affected clerks of court, and all opposing counsel that he will be on leave.

- Applicant will be away from practice of law on **September 8-9, 2022; October 28, 2022; November 11, 2022: and December 23, 2022** for family vacation and professional obligations.

- All affected judges and opposing counsel shall have ten (10) days from the date of this notice to object.  If no objections are filed, the leave shall be granted.

    This 8th day of August, 2022.

    /s/ Alex Merritt
    Alex Merritt
    DeWoskin Law Firm, LLC

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the within and foregoing Notice of Leave of Absence upon all Judges, Clerks and Counsel listed below by e-service or by placing same in the United States Mail with adequate postage affixed thereto.

    This 8th day of August, 2022.                  Judge Shondeana C. Morris
                                                    Superior Court of DeKalb County
                                                    Clerk's Office - Civil Division
                                                    556 N. McDonough St., Ground Floor
                                                    Decatur, GA 30030
    /s/ Alex Merritt

    Alex Merritt
    Georgia Bar 143308
    Attorney for Plaintiffs

FILED 8/9/2022 1:39 PM CLERK OF SUPERIOR COURT DEKALB COUNTY GEORGIA

## AFFIDAVIT OF NON-SERVICE

**State of Georgia**            **County of DeKalb**                    **Superior Court**

Case Number: 22CV5127

Plaintiff:
**Instant One Media, Inc.**

vs.

Defendant:
**EZFauxDecor, LLC**

For:
Daniel DeWoskin
DeWoskin Law Firm, LLC
535 N. McDonough Street
Decatur, GA 30030

Received by Action Legal Process to be served on **Amelia Shank, 6417 W. 125th, Leawood, KS 66209**.

I, Ronald J. Rugen, being duly sworn, depose and say that on the **20th day of July, 2022 at 10:47 am, I:**

**NON-SERVED** the **Complaint; Summons**. After due search, careful inquiry and diligent attempts was unable to serve on **Amelia Shank** for the reasons detailed in the comments below.

**Additional Information pertaining to this Service:**
6/4/2022  10:01 am  No answer after knocking several times. No light on in house. Vehicle on far edge of driveway.
6/10/2022  5:31 pm  No light on in house. No answer. No movement observed.
6/20/2022  10:47 am  White Lexus in driveway. Knocked several times got no answer. There's a white landscaping type pick up with a trailer in front of the house and looks like they are putting up some iron railings somewhere out back.  Third diligent attempt.

I certify that I am over the age of 18, have no interest in the above action, and am a Process Server in good standing in the judicial circuit in which the process was served.

Subscribed and Sworn to before me on the ___9<u>th</u>___
day of __AUGUST__, __2022__by the affiant
who is personally known to me by presenting photo
identification.

NOTARY PUBLIC

STATE OF ___Missouri___

COUNTY OF ___Clay___

Ronald J. Rugen
Process Server

**Action Legal Process**
**6812 N. Oak Trafficway**
**Suite 2**
**Kansas City, MO 64118**
**(888) 511-1919**

Our Job Serial Number: RTI-2022026444

STANCY ORR BOND
NOTARY PUBLIC, NOTARY SEAL
STATE OF MISSOURI
ANDREW COUNTY
COMMISSION # 22458954
MY COMMISSION EXPIRES:  JANUARY 12, 2026

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.2i



FILED 8/9/2022 1:39 PM CLERK OF SUPERIOR COURT DEKALB COUNTY GEORGIA

## AFFIDAVIT OF NON-SERVICE

**State of Georgia**              **County of DeKalb**              **Superior Court**

Case Number: 22CV5127

Plaintiff:
**Instant One Media, Inc.**

vs.

Defendant:
**EZFauxDecor, LLC**

For:
Daniel DeWoskin
DeWoskin Law Firm, LLC
535 N. McDonough Street
Decatur, GA 30030

Received by Action Legal Process to be served on **Jackson Shank, 6417 W. 125th, Leawood, KS 66209**.

I, Ronald J. Rugen, being duly sworn, depose and say that on the **20th day of July, 2022** at **10:47 am, I:**

**NON-SERVED** the **Complaint; Summons**. After due search, careful inquiry and diligent attempts was unable to serve on **Jackson Shank** for the reasons detailed in the comments below.

**Additional Information pertaining to this Service:**
6/4/2022  10:01 am  No answer after knocking several times. No light on in house. Vehicle on far edge of driveway.
6/10/2022  5:31 pm  No light on in house. No answer. No movement observed.
6/20/2022  10:47 am  White Lexus in driveway. Knocked several times got no answer. There's a white landscaping type pick up with a trailer in front of the house and looks like they are putting up some iron railings somewhere out back.  Third diligent attempt.

I certify that I am over the age of 18, have no interest in the above action, and am a Process Server in good standing in the judicial circuit in which the process was served.

Subscribed and Sworn to before me on the 9th
day of _August_, 2022 by the affiant
who is personally known to me by presenting photo
identification.

NOTARY PUBLIC

STATE OF _Missouri_

COUNTY OF _Clay_

**Ronald J. Rugen**
Process Server

**Action Legal Process**
**6812 N. Oak Trafficway**
**Suite 2**
**Kansas City, MO 64118**
**(888) 511-1919**

Our Job Serial Number: RTI-2022026444

STANCY ORR BOND
NOTARY PUBLIC, NOTARY SEAL
STATE OF MISSOURI
ANDREW COUNTY
COMMISSION #22468954
MY COMMISSION EXPIRES:  JANUARY 12, 2026

Copyright © 1992-2022 Database Services, Inc. - Process Server's Toolbox V8.2i



## AFFIDAVIT OF NON-SERVICE

**State of Georgia**                    **County of DeKalb**                              **Superior Court**

Case Number: 22CV5127

Plaintiff:
**Instant One Media, Inc.**

vs.

Defendant:
**EZFauxDecor, LLC**

For:
Daniel DeWoskin
DeWoskin Law Firm, LLC
535 N. McDonough Street
Decatur, GA 30030

Received by Action Legal Process to be served on **Joseph Shank, 6417 W. 125th, Leawood, KS 66209**.

I, Ronald J. Rugen, being duly sworn, depose and say that on the **20th day of July, 2022 at 10:47 am, I:**

**NON-SERVED** the **Complaint; Summons**. After due search, careful inquiry and diligent attempts was unable to serve on **Joseph Shank** for the reasons detailed in the comments below.

**Additional Information pertaining to this Service:**
6/4/2022  10:01 am  No answer after knocking several times. No light on in house. Vehicle on far edge of driveway.
6/10/2022  5:31 pm  No light on in house. No answer. No movement observed.
6/20/2022  10:47 am  White Lexus in driveway. Knocked several times got no answer. There's a white landscaping type pick up with a trailer in front of the house and looks like they are putting up some iron railings somewhere out back.  Third diligent attempt.

I certify that I am over the age of 18, have no interest in the above action, and am a Process Server in good standing in the judicial circuit in which the process was served.

Subscribed and Sworn to before me on the _9th_
day of _August, 2022_ by the affiant
who is personally known to me by presenting photo
identification.

NOTARY PUBLIC

STATE OF _Missouri_

COUNTY OF _Clay_

STANCY ORR BOND
NOTARY PUBLIC, NOTARY SEAL
STATE OF MISSOURI
ANDREW COUNTY
COMMISSION #   22498954
MY COMMISSION EXPIRES:  JANUARY 12, 2026

Ronald J. Rugen
Process Server

**Action Legal Process**
6812 N. Oak Trafficway
Suite 2
Kansas City, MO 64118
(888) 511-1919

Our Job Serial Number: RTI-2022026444

Copyright © 1992-2022 Database Services, Inc. - Process Server's Toolbox V8.2i



FILED 8/10/2022 11:00 AM CLERK OF SUPERIOR COURT DEKALB COUNTY GEORGIA

## IN THE SUPERIOR COURT OF DEKALB COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **INSTANT ONE MEDIA, INC.,**<br>Plaintiff,<br>v.<br>**EZFAUXDECOR, LLC, JOSEPH SHANK,**<br>**AMELIA SHANK, and JACKSON SHANK**<br>Defendants. | Civil Action Number 22CV5127 |

### PLAINTIFF'S MOTION FOR LEAVE TO SERVE DEFENDANTS
### EZFAUXDECOR, LLC, JOSEPH SHANK, AND AMELIA SHANK
### BY EMAIL AND MEMORANDUM IN SUPPORT THEREOF

COMES NOW, Plaintiff Instant One Media, Inc. ("Plaintiff"), by and through counsel, and files Plaintiff's Motion for Leave to Serve Defendants EzFauxDecor, LLC, Joseph Shank, and Amelia Shank by Email and Memorandum in Support Thereof ("Motion"), showing this Honorable Court as follows:

### I.      INTRODUCTION

Defendant EZFauxDecor, LLC ("Defendant EZFaux"), Defendant Joseph Shank, and Defendant Amelia Shank (collectively, "Defendants") have repeatedly evaded service in this case despite multiple efforts to serve them and a strong likelihood that all Defendants are aware that this lawsuit is pending.

Because Defendants each have an email address at which they can be served reliably, and because other reasonable efforts to serve Defendants have failed, Plaintiff respectfully moves this Honorable Court for leave to serve Defendants by email.

Page 1 of 7

## II.     CONTROLLING LEGAL AUTHORITY

The United States District Court for the Northern District of Georgia has allowed service by email,[1] holding that to comply with due process the service of notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."[2]

Consequently, here, if Plaintiff is able to show that service by email is reasonably calculated, under all the circumstances, to apprise Defendants of the pendency of this action and afford Defendants an opportunity to present their objection, then this Honorable Court should permit service by email.

## III.    FACTS

### A.     *Plaintiff's Efforts to Personally Serve Defendants via process server*

Defendant EZFaux's registered agent is Amber Shank.[3] Defendant Joseph Shank and Defendant Amelia Shank are Amber Shank's children who live with Amber Shank at 6417 W. 125th Street, Leawood, Kansas, 66209 (the "Shank Residence").[4] In other words, all the people who need to be served in this case - the registered agent for Defendant EZFaux, Defendant Joseph Shank, and Defendant Amelia Shank - live at the same address.

The Complaint in this case was filed on May 27, 2022. Plaintiff immediately hired process server Ronald J. Rugen ("Mr. Rugen") to serve Defendants at the Shank Residence. Mr. Rugen made three attempts to serve Defendants at the Shank Residence. He made attempts on

---

[1] *Global Impex, Inc. v. Specialty Fibres LLC*, 77 F.Supp.3d 1268 (N.D. Ga. 2015).
[2] *Global*, 77 F.Supp.3d at 1270, citing *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).
[3] Per the Kansas Secretary of State (https://www.kansas.gov/bess/flow/main?execution=e2s3)
[4] Exhibit B attached; Additional explanation regarding Exhibit B is contained below in this Motion

June 4, 2022, June 10, 2022, and June 20, 2022. All three attempts were unsuccessful. More details of Mr. Rugen's unsuccessful attempts at serving Defendants are included in Mr. Rugen's Affidavits of Non-service attached hereto as Exhibit A.

### B.   *Defendants' Likely Knowledge of this Pending Lawsuit*

Plaintiff, Defendant EZFaux, and Defendant EZFaux's registered agent, Amber Shank, are familiar parties that have a history of litigating against each other.

In 2015, Defendant EZFaux and Amber Shank sued Plaintiff. Said lawsuit resulted in a settlement.

In 2019, Plaintiff sued Defendant EZFaux and Amber Shank in the United States District Court for the Northern District of Georgia ("the Federal Case"). Three business days prior to the trial in the Federal Case, Amber Shank filed for personal bankruptcy. The trial resulted in a judgment in favor of Plaintiff and against Defendant EZFaux for $1,035,000.00.

At a post-judgment hearing in the Federal Case on June 7, 2022, attorney James Sullivan ("Mr. Sullivan"), who is counsel for Defendant EZFaux and Amber Shank (in her individual capacity) in the Federal Case, stated to the Court that he knew Amber Shank prior to becoming her attorney and that Amber Shank is "a family friend."[5]

At the same hearing, Mr. Sullivan also told the Court, "They've sued Ms. Shank's children in DeKalb County, among other things, for RICO violations, all coming out of this case. … [A]mong other things, of violating the trademark and violating the contract. … [T]hey filed a lawsuit for post judgment infringement against Ms. Shank, EzFauxDecor, and her children. They

---

[5] Exhibit C attached

seek money damages."[6]

Mr. Sullivan's comments above were specifically in reference to this pending lawsuit, and show that he was not only aware of this pending lawsuit as of June 7, 2022, he also knew specific details about the case, including that the defendants in this lawsuit included Defendant EZFaux, Defendant Joseph Shank, and Defendant Amelia Shank. The relevant portions of the transcript from the June 7, 2022, hearing in the Federal Case are attached hereto as Exhibit C and highlighted in yellow within Exhibit C.

## IV.   ARGUMENT

Mr. Rugen was unable to serve Defendants at their residence because they knew about this pending lawsuit and took the necessary steps to avoid service.

The Complaint in this case was filed on May 27, 2022. Mr. Sullivan's comments to the Court in the Federal Case on June 7, 2022, clearly indicate he was aware of this pending lawsuit and who the named defendants are in this lawsuit as of the date of that hearing.

Although Mr. Sullivan's clients were not present at the June 7, 2022, hearing, it is highly probable that Mr. Sullivan would have shared that information with his client, Amber Shank, since Amber Shank is "a family friend" of Mr. Sullivan's. It would be highly improbable for Mr. Sullivan to be aware of this lawsuit on June 7, 2022, but for Amber Shank to not be aware of this lawsuit.

Thus, it is highly probable that Amber Shank (the registered agent for Defendant EZFaux) has been aware of this pending lawsuit since June 7, 2022, if not sooner. It is also

---

[6] Exhibit C attached

highly probable that Amber Shank shared said information with Defendant Joseph Shank and Defendant Amelia Shank, who are Amber Shank's children and who live with Amber Shank at the Shank Residence.

One of Mr. Rugen's attempts to serve Defendants was only three days prior to Mr. Sullivan's comments to the Court. Mr. Rugen's two other attempts to serve Defendants came after Mr. Sullivan's comments to the Court. For these reasons, it is apparent that Mr. Rugen was unable to serve Defendants at their residence because they knew about this pending lawsuit and took the necessary steps to avoid service. Thus, an alternative means of service is appropriate here.

In this case, service by email is reasonably calculated under all the circumstances to apprise Defendants of the pendency of this action and afford them an opportunity to present their objections.

Generally speaking, electronic mail ("email") is a common form of communication in an increasingly technologically-savvy population. Specifically in relation to this case, Defendants are clearly familiar with electronic technology in general. Defendants participate in the operation of an online business that sells its products on various electronic platforms accessed through the Internet (e.g. Amazon, Facebook, Etsy, etc.).

Defendants are also specifically familiar with email. Defendant EZFaux's website (https://www.ezfauxdecor.com/) includes a link near the top of the home page titled "EMAIL US," which leads to an email address of info@ezfauxdecor.com.

Additionally, Defendant EZFaux listed email addresses for its registered agent (Amber Shank), Defendant Joseph Shank, and Defendant Amelia Shank in discovery responses in the

Federal Case. More specifically, Defendant's Answers to Plaintiff's First Continuing Post-Judgment Interrogatories to Defendant EzFauxDecor, LLC, submitted in the Federal Case list email addresses as follows: (1) Amber Shank (i.e. the registered agent for Defendant EzFauxDecor, LLC): ezfauxdecor@aol.com; (2) Joseph Shank: jshank8228@aol.com; and (3) Amelia Shank: miashank@gmail.com. Said discovery responses are attached hereto as Exhibit B. The relevant portions of said discovery responses are highlighted in yellow within Exhibit B.

It is noteworthy that the above email addresses were provided by Defendant EZFaux itself about its own registered agent (Amber Shank) and about its own employees, who also happen to be the children of Defendant EZFaux's registered agent. In other words, this Honorable Court can be certain that these are legitimate and correct email addresses used by Defendants because these email addresses were provided by Defendants themselves under penalty of perjury as appropriate contact information.

Because Defendants are familiar with electronic technology and use email addresses that Defendant EZFaux itself provided under penalty of perjury, service by email is reasonably calculated, under all the circumstances, to apprise Defendant EZFaux, Defendant Joseph Shank, and Defendant Amelia Shank of the pendency of this action and would afford them an opportunity to present their objections.

Consequently, Plaintiff moves this Honorable Court for leave to serve Defendant EZFaux, Defendant Joseph Shank, and Defendant Amelia Shank by email at the email addresses referenced above in this Motion.

## V.      CONCLUSION

Defendant EZFaux, Defendant Joseph Shank, and Defendant Amelia Shank have been intentionally evading personal service. Because Defendant EZFaux, Defendant Joseph Shank, and Defendant Amelia Shank are reliably reachable by email, Plaintiff kindly requests that this Honorable Court GRANT Plaintiff's Motion for Leave to Serve Defendants EzFauxDecor, LLC, Joseph Shank, and Amelia Shank by Email and Memorandum in Support Thereof.

Respectfully submitted, 2022-Aug-10.

                                                   /s/ Alex Merritt
                                                  Alex Merritt
                                                  Georgia Bar No. 143308
                                                  Counsel for Plaintiff

DeWoskin Law Firm, LLC
535 N. McDonough Street
Decatur, Georgia 30030
(404) 987-0026
alex@atlantatrial.com

FILED 8/10/2022 12:06 PM CLERK OF SUPERIOR COURT DEKALB COUNTY GEORGIA

## IN THE SUPERIOR COURT OF DEKALB COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **INSTANT ONE MEDIA, INC.,**<br>Plaintiff,<br>v.<br>**EZFAUXDECOR, LLC, JOSEPH SHANK,**<br>**AMELIA SHANK, and JACKSON SHANK**<br>Defendants. | Civil Action Number 22CV5127 |

### PLAINTIFF'S MOTION FOR LEAVE TO SERVE DEFENDANTS
### EZFAUXDECOR, LLC, JOSEPH SHANK, AND AMELIA SHANK
### BY EMAIL AND MEMORANDUM IN SUPPORT THEREOF

COMES NOW, Plaintiff Instant One Media, Inc. ("Plaintiff"), by and through counsel, and files Plaintiff's Motion for Leave to Serve Defendants EzFauxDecor, LLC, Joseph Shank, and Amelia Shank by Email and Memorandum in Support Thereof ("Motion"), showing this Honorable Court as follows:

### I.      INTRODUCTION

Defendant EZFauxDecor, LLC ("Defendant EZFaux"), Defendant Joseph Shank, and Defendant Amelia Shank (collectively, "Defendants") have repeatedly evaded service in this case despite multiple efforts to serve them and a strong likelihood that all Defendants are aware that this lawsuit is pending.

Because Defendants each have an email address at which they can be served reliably, and because other reasonable efforts to serve Defendants have failed, Plaintiff respectfully moves this Honorable Court for leave to serve Defendants by email.

DI

## II.      CONTROLLING LEGAL AUTHORITY

The United States District Court for the Northern District of Georgia has allowed service by email,[1] holding that to comply with due process the service of notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."[2]

Consequently, here, if Plaintiff is able to show that service by email is reasonably calculated, under all the circumstances, to apprise Defendants of the pendency of this action and afford Defendants an opportunity to present their objection, then this Honorable Court should permit service by email.

## III.     FACTS

### A.      *Plaintiff's Efforts to Personally Serve Defendants via process server*

Defendant EZFaux's registered agent is Amber Shank.[3] Defendant Joseph Shank and Defendant Amelia Shank are Amber Shank's children who live with Amber Shank at 6417 W. 125th Street, Leawood, Kansas, 66209 (the "Shank Residence").[4] In other words, all the people who need to be served in this case - the registered agent for Defendant EZFaux, Defendant Joseph Shank, and Defendant Amelia Shank - live at the same address.

The Complaint in this case was filed on May 27, 2022. Plaintiff immediately hired process server Ronald J. Rugen ("Mr. Rugen") to serve Defendants at the Shank Residence. Mr. Rugen made three attempts to serve Defendants at the Shank Residence. He made attempts on

---

[1] *Global Impex, Inc. v. Specialty Fibres LLC*, 77 F.Supp.3d 1268 (N.D. Ga. 2015).
[2] *Global*, 77 F.Supp.3d at 1270, citing *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).
[3] Per the Kansas Secretary of State (https://www.kansas.gov/bess/flow/main?execution=e2s3)
[4] Exhibit B attached; Additional explanation regarding Exhibit B is contained below in this Motion

June 4, 2022, June 10, 2022, and June 20, 2022. All three attempts were unsuccessful. More details of Mr. Rugen's unsuccessful attempts at serving Defendants are included in Mr. Rugen's Affidavits of Non-service attached hereto as Exhibit A.

### B.    *Defendants' Likely Knowledge of this Pending Lawsuit*

Plaintiff, Defendant EZFaux, and Defendant EZFaux's registered agent, Amber Shank, are familiar parties that have a history of litigating against each other.

In 2015, Defendant EZFaux and Amber Shank sued Plaintiff. Said lawsuit resulted in a settlement.

In 2019, Plaintiff sued Defendant EZFaux and Amber Shank in the United States District Court for the Northern District of Georgia ("the Federal Case"). Three business days prior to the trial in the Federal Case, Amber Shank filed for personal bankruptcy. The trial resulted in a judgment in favor of Plaintiff and against Defendant EZFaux for $1,035,000.00.

At a post-judgment hearing in the Federal Case on June 7, 2022, attorney James Sullivan ("Mr. Sullivan"), who is counsel for Defendant EZFaux and Amber Shank (in her individual capacity) in the Federal Case, stated to the Court that he knew Amber Shank prior to becoming her attorney and that Amber Shank is "a family friend."[5]

At the same hearing, Mr. Sullivan also told the Court, "They've sued Ms. Shank's children in DeKalb County, among other things, for RICO violations, all coming out of this case. … [A]mong other things, of violating the trademark and violating the contract. … [T]hey filed a lawsuit for post judgment infringement against Ms. Shank, EzFauxDecor, and her children. They

---

[5] Exhibit C attached

seek money damages."[6]

Mr. Sullivan's comments above were specifically in reference to this pending lawsuit, and show that he was not only aware of this pending lawsuit as of June 7, 2022, he also knew specific details about the case, including that the defendants in this lawsuit included Defendant EZFaux, Defendant Joseph Shank, and Defendant Amelia Shank. The relevant portions of the transcript from the June 7, 2022, hearing in the Federal Case are attached hereto as Exhibit C and highlighted in yellow within Exhibit C.

## IV.    ARGUMENT

Mr. Rugen was unable to serve Defendants at their residence because they knew about this pending lawsuit and took the necessary steps to avoid service.

The Complaint in this case was filed on May 27, 2022. Mr. Sullivan's comments to the Court in the Federal Case on June 7, 2022, clearly indicate he was aware of this pending lawsuit and who the named defendants are in this lawsuit as of the date of that hearing.

Although Mr. Sullivan's clients were not present at the June 7, 2022, hearing, it is highly probable that Mr. Sullivan would have shared that information with his client, Amber Shank, since Amber Shank is "a family friend" of Mr. Sullivan's. It would be highly improbable for Mr. Sullivan to be aware of this lawsuit on June 7, 2022, but for Amber Shank to not be aware of this lawsuit.

Thus, it is highly probable that Amber Shank (the registered agent for Defendant EZFaux) has been aware of this pending lawsuit since June 7, 2022, if not sooner. It is also

---

[6] Exhibit C attached

highly probable that Amber Shank shared said information with Defendant Joseph Shank and Defendant Amelia Shank, who are Amber Shank's children and who live with Amber Shank at the Shank Residence.

One of Mr. Rugen's attempts to serve Defendants was only three days prior to Mr. Sullivan's comments to the Court. Mr. Rugen's two other attempts to serve Defendants came after Mr. Sullivan's comments to the Court. For these reasons, it is apparent that Mr. Rugen was unable to serve Defendants at their residence because they knew about this pending lawsuit and took the necessary steps to avoid service. Thus, an alternative means of service is appropriate here.

In this case, service by email is reasonably calculated under all the circumstances to apprise Defendants of the pendency of this action and afford them an opportunity to present their objections.

Generally speaking, electronic mail ("email") is a common form of communication in an increasingly technologically-savvy population. Specifically in relation to this case, Defendants are clearly familiar with electronic technology in general. Defendants participate in the operation of an online business that sells its products on various electronic platforms accessed through the Internet (e.g. Amazon, Facebook, Etsy, etc.).

Defendants are also specifically familiar with email. Defendant EZFaux's website (https://www.ezfauxdecor.com/) includes a link near the top of the home page titled "EMAIL US," which leads to an email address of info@ezfauxdecor.com.

Additionally, Defendant EZFaux listed email addresses for its registered agent (Amber Shank), Defendant Joseph Shank, and Defendant Amelia Shank in discovery responses in the

Federal Case. More specifically, Defendant's Answers to Plaintiff's First Continuing Post-Judgment Interrogatories to Defendant EzFauxDecor, LLC, submitted in the Federal Case list email addresses as follows: (1) Amber Shank (i.e. the registered agent for Defendant EzFauxDecor, LLC): ezfauxdecor@aol.com; (2) Joseph Shank: jshank8228@aol.com; and (3) Amelia Shank: miashank@gmail.com. Said discovery responses are attached hereto as Exhibit B. The relevant portions of said discovery responses are highlighted in yellow within Exhibit B.

It is noteworthy that the above email addresses were provided by Defendant EZFaux itself about its own registered agent (Amber Shank) and about its own employees, who also happen to be the children of Defendant EZFaux's registered agent. In other words, this Honorable Court can be certain that these are legitimate and correct email addresses used by Defendants because these email addresses were provided by Defendants themselves under penalty of perjury as appropriate contact information.

Because Defendants are familiar with electronic technology and use email addresses that Defendant EZFaux itself provided under penalty of perjury, service by email is reasonably calculated, under all the circumstances, to apprise Defendant EZFaux, Defendant Joseph Shank, and Defendant Amelia Shank of the pendency of this action and would afford them an opportunity to present their objections.

Consequently, Plaintiff moves this Honorable Court for leave to serve Defendant EZFaux, Defendant Joseph Shank, and Defendant Amelia Shank by email at the email addresses referenced above in this Motion.

**V.  CONCLUSION**

Defendant EZFaux, Defendant Joseph Shank, and Defendant Amelia Shank have been intentionally evading personal service. Because Defendant EZFaux, Defendant Joseph Shank, and Defendant Amelia Shank are reliably reachable by email, Plaintiff kindly requests that this Honorable Court GRANT Plaintiff's Motion for Leave to Serve Defendants EzFauxDecor, LLC, Joseph Shank, and Amelia Shank by Email and Memorandum in Support Thereof.

Respectfully submitted, 2022-Aug-10.

　　　　　　　　　　　　　　　　　　　　 /s/ Alex Merritt
　　　　　　　　　　　　　　　　　　　　 Alex Merritt
　　　　　　　　　　　　　　　　　　　　 Georgia Bar No. 143308
　　　　　　　　　　　　　　　　　　　　 Counsel for Plaintiff

DeWoskin Law Firm, LLC
535 N. McDonough Street
Decatur, Georgia 30030
(404) 987-0026
alex@atlantatrial.com

FILED 8/1/2022 2:10 PM CLERK OF SUPERIOR COURT DEKALB COUNTY GEORGIA

## <u>AFFIDAVIT OF NON-SERVICE</u>

| State of Georgia | County of DeKalb | Superior Court |
|---|---|---|

Case Number: 22CV5127

Plaintiff:
**Instant One Media, Inc.**

vs.

Defendant:
**EZFauxDecor, LLC**

For:
Daniel DeWoskin
DeWoskin Law Firm, LLC
535 N. McDonough Street
Decatur, GA 30030

Received by Action Legal Process to be served on **EZFauxDecor, LLC, 6417 W. 125th, Amber Shank, Overland Park, KS 66209.**

I, Ronald J. Rugen, being duly sworn, depose and say that on the **20th day of July, 2022** at **10:47 am, I:**

**NON-SERVED** the **Complaint; Summons**. After due search, careful inquiry and diligent attempts was unable to serve on **EZFauxDecor, LLC** for the reasons detailed in the comments below.

**Additional Information pertaining to this Service:**
6/4/2022  10:01 am  No answer after knocking several times. No light on in house. Vehicle on far edge of driveway.
6/10/2022  5:31 pm  No light on in house. No answer. No movement observed.
6/20/2022  10:47 am  White Lexus in driveway. Knocked several times got no answer. There's a white landscaping type pick up with a trailer in front of the house and looks like they are putting up some iron railings somewhere out back.  Third diligent attempt.

I certify that I am over the age of 18, have no interest in the above action, and am a Process Server in good standing in the judicial circuit in which the process was served.

Subscribed and Sworn to before me on the 28ᵗʰ day of July 2022 by the affiant who is personally known to me by presenting photo identification.

_Stancy Orr B_
NOTARY PUBLIC

STATE OF _____ Missouri

COUNTY OF _____ Clay

_Ronald J. Rugen_
Process Server

**Action Legal Process**
6812 N. Oak Trafficway
Suite 2
Kansas City, MO 64118
(888) 511-1919

Our Job Serial Number: RTI-2022026444

STANCY ORR BOND
NOTARY PUBLIC, NOTARY SEAL
STATE OF MISSOURI
ANDREW COUNTY
COMMISSION #  22498954
MY COMMISSION EXPIRES:  JANUARY 12, 2026

Copyright © 1992-2022 Database Services, Inc. - Process Server's Toolbox V8.2i



FILED 8/9/2022 1:39 PM CLERK OF SUPERIOR COURT DEKALB COUNTY GEORGIA

## AFFIDAVIT OF NON-SERVICE

**State of Georgia**                    **County of DeKalb**                              **Superior Court**

Case Number: 22CV5127

Plaintiff:
**Instant One Media, Inc.**

vs.

Defendant:
**EZFauxDecor, LLC**

For:
Daniel DeWoskin
DeWoskin Law Firm, LLC
535 N. McDonough Street
Decatur, GA 30030

Received by Action Legal Process to be served on **Joseph Shank, 6417 W. 125th, Leawood, KS 66209**.

I, Ronald J. Rugen, being duly sworn, depose and say that on the **20th day of July, 2022 at 10:47 am, I:**

**NON-SERVED** the **Complaint; Summons**. After due search, careful inquiry and diligent attempts was unable to serve on **Joseph Shank** for the reasons detailed in the comments below.

**Additional Information pertaining to this Service:**
6/4/2022  10:01 am  No answer after knocking several times. No light on in house. Vehicle on far edge of driveway.
6/10/2022  5:31 pm  No light on in house. No answer. No movement observed.
6/20/2022  10:47 am  White Lexus in driveway. Knocked several times got no answer. There's a white landscaping type pick up with a trailer in front of the house and looks like they are putting up some iron railings somewhere out back.  Third diligent attempt.

I certify that I am over the age of 18, have no interest in the above action, and am a Process Server in good standing in the judicial circuit in which the process was served.

Subscribed and Sworn to before me on the 9th
day of ___August 2022___ by the affiant
who is personally known to me by presenting photo
identification.

_____
NOTARY PUBLIC

STATE OF ___Missouri___

COUNTY OF ___Clay___

_____
Ronald J. Rugen
Process Server

**Action Legal Process**
**6812 N. Oak Trafficway**
**Suite 2**
**Kansas City, MO 64118**
**(888) 511-1919**

Our Job Serial Number: RTI-2022026444

STANCY ORR BOND
NOTARY PUBLIC, NOTARY SEAL
STATE OF MISSOURI
ANDREW COUNTY
COMMISSION #  22498954
MY COMMISSION EXPIRES:  JANUARY 12, 2026

Copyright © 1992-2022 Database Services, Inc. - Process Server's Toolbox V8.2i



FILED 8/9/2022 1:39 PM CLERK OF SUPERIOR COURT DEKALB COUNTY GEORGIA

## AFFIDAVIT OF NON-SERVICE

**State of Georgia**                    **County of DeKalb**                    **Superior Court**

Case Number: 22CV5127

Plaintiff:
**Instant One Media, Inc.**

vs.

Defendant:
**EZFauxDecor, LLC**

For:
Daniel DeWoskin
DeWoskin Law Firm, LLC
535 N. McDonough Street
Decatur, GA 30030

Received by Action Legal Process to be served on **Amelia Shank, 6417 W. 125th, Leawood, KS 66209**.

I, Ronald J. Rugen, being duly sworn, depose and say that on the **20th day of July, 2022 at 10:47 am, I:**

**NON-SERVED** the **Complaint; Summons**. After due search, careful inquiry and diligent attempts was unable to serve on **Amelia Shank** for the reasons detailed in the comments below.

**Additional Information pertaining to this Service:**
6/4/2022  10:01 am  No answer after knocking several times. No light on in house. Vehicle on far edge of driveway.
6/10/2022  5:31 pm  No light on in house. No answer. No movement observed.
6/20/2022  10:47 am  White Lexus in driveway. Knocked several times got no answer. There's a white landscaping type pick up with a trailer in front of the house and looks like they are putting up some iron railings somewhere out back.  Third diligent attempt.

I certify that I am over the age of 18, have no interest in the above action, and am a Process Server in good standing in the judicial circuit in which the process was served.

Subscribed and Sworn to before me on the ___9ᵗʰ___
day of ___AUGUST___, ___2022___ by the affiant who is personally known to me by presenting photo identification.

_____
NOTARY PUBLIC

STATE OF ___Missouri___

COUNTY OF ___Clay___

_____
Ronald J. Rugen
Process Server

**Action Legal Process**
6812 N. Oak Trafficway
Suite 2
Kansas City, MO 64118
(888) 511-1919

Our Job Serial Number: RTI-2022026444

STANCY ORR BOND
NOTARY PUBLIC, NOTARY SEAL
STATE OF MISSOURI
ANDREW COUNTY
COMMISSION #  22498854
MY COMMISSION EXPIRES:  JANUARY 12, 2026

Copyright © 1992-2022 Database Services, Inc. - Process Server's Toolbox V8.2i



## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **INSTANT ONE MEDIA, INC.**, <br> Plaintiff, <br> v. <br><br> **EZFAUXDECOR, LLC** and <br> **AMBER SHANK**, <br> Defendants. | Civil Action Number <br> 1:19-cv-00540-WMR <br> **DEFENDANT'S ANSWERS TO PLAINTIFF'S FIRST CONTINUING POST-JUDGMENT INTERROGATORIES TO DEFENDANT EZFAUXDECOR, LLC** |

INTERROGATORIES

Please:

1.      Identify the custodian(s) of record for all of the documents that EZF produced in response to PLAINTIFF'S FIRST POST-JUDGMENT REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT EZFAUXDECOR, LLC ("Produced Documents"), providing with specificity the names, addresses, telephone numbers, email addresses, and any other contact information for the custodian(s) of record. **RFP # 1(a) and (g), Kansas Secretary of State; RFP ## 1.i, 8(a), 12(a), 22, Amber Shank, 6417 W. 125th St., Leawood, KS 66209, 913-451-0977, ezfauxdecor@aol.com; RFP # 2, Bank of America, online account, address, email, and telephone unknown; RFP # 13(a) Amazon, Etsy, and eBay, address, email, and telephone unknown.**

2.      Describe with particularity the location where each of the Produced Documents were stored and explain in detail how each document was retrieved for production. **The tax return information was retrieved from a file in Amber Shank's house. The Articles of Organization and Annual Report were printed from the website of the Kansas Secretary of state. The bank records were obtained from Bank of America. The Amazon, Etsy, and eBay records were printed from the respective websites. The 1099s were retrieved from a file in Amber Shank's house.**

3.      Identify with particularity each and every employee of EZF, including each of their names, addresses, telephone numbers, email addresses, and other contact information. **Amber Shank, 6417 W. 125th St., Leawood, KS 66209, 913-451-0977, ezfauxdecor@aol.com; Joseph Shank, full-time, 6417 W. 125th St., Leawood, KS 66209, 913-660-3515, jshank8228@gmail.com; Amelia Shank, part-time, 6417 W. 125th St., Leawood, KS 66209, 913-451-0977, miashank@gmail.com; Ross Walker, part-time, 11450 W. 187th St., Spring Hill, KS 66088; Jackson Shank, part-time, 6417 W. 125th St., Leawood, KS 66209, 913-451-0977.**

4.      Identify with particularity the current location of all of the products that EZF purchased from, ordered from, shipped from, or otherwise

obtained from Innopapy, Pan Contental Trading Corp, Kointech Inc., or any other company, including but not limited to:

(1)     approximately 2.12 tons of products received in 2021-March or thereabouts from Innopapy with a shipping address of 608, Building E, Songdo Miraero 30, Yeonsu Gu, Incheon, 21990, South Korea, shipped from the Port of Pusan South Korea to Los Angeles, California, by the vessel Hyundai Earth of Nauri Logistics Co. Ltd., in container number KOCU4563251, assigned a bill of lading of NLCVLAX21030267; **Approximately 80% of these goods are currently in the garage at Amber Shank's house. The balance is in one or more Amazon warehouses, locations unknown to Defendant.**

(2)     approximately 3.06 tons of products received in 2021-June or thereabouts from Innopapy; **See response to No. 4(1).**

(3)     approximately 3.15 tons of products received in 2021-January or thereabouts from Innopapy; **See response to No. 4(1).**

(4)     approximately 1.51 tons of products received in 2020-December or thereabouts from Innopapy; **Unknown. Defendant believes these products have all been sold.**

(5)     approximately 4.12 tons of products received in 2020-August or thereabouts from Innopapy; **Unknown. Defendant believes these products have all been sold.**

(6)    approximately 3.53 tons of product received in 2020-July or thereabouts from Innopapy; **Unknown. Defendant believes these products have all been sold.**

(7)    approximately 3.21 tons of product received in 2020-June or thereabouts from Innopapy; **Unknown. Defendant believes these products have all been sold.**

(8)    approximately 3.34 tons of product received in 2020-April or thereabouts from Innopapy; **Unknown. Defendant believes these products have all been sold.**

(9) approximately 3.07 tons of product received in 2020-January or thereabouts from Innopapy; **Unknown. Defendant believes these products have all been sold.**

(10) approximately 1.89 tons of product received in 2019-September or thereabouts from Innopapy; **Unknown. Defendant believes these products have all been sold.**

(11) approximately 2.10 tons of product received in 2019-June or thereabouts from Innopapy; **Unknown. Defendant believes these products have all been sold.**

(12) approximately 2.82 tons of product received in 2019-April or thereabouts from Innopapy; **Unknown. Defendant believes these products**

**have all been sold.**

(13) approximately 2.49 tons of product received in 2019-January or thereabouts from Innopapy; **Unknown. Defendant believes these products have all been sold.**

(14) approximately 2.48 tons of product received in 2019-September or thereabouts from Innopapy; **Unknown. Defendant believes these products have all been sold.**

(15) approximately 3.60 tons of product received in 2018-June or thereabouts from Innopapy; **Unknown. Defendant believes these products have all been sold.**

(16) approximately 3.21 tons of product received in 2018-April or thereabouts from Innopapy; **Unknown. Defendant believes these products have all been sold.**

(17) approximately 2.47 tons of product received in 2018-January or thereabouts from Innopapy; and **Unknown. Defendant believes these products have all been sold.**

(18) approximately 2.53 tons of product received in 2017-September or thereabouts from Innopapy. **Unknown. Defendant believes these products have all been sold.**

5.    Provide a detailed breakdown of all sales, profits, and any other type

of revenue that EZF or any of its officers derived from the products that EZF or any of its officers received from Innopapy, Pan Continental Trading Corp, Kointech Inc., or any other entity that supplied products to EZF or any of its officers, including the dates of each sale, the gross revenue for each sale, and the profit for each sale. **See Amazon, Etsy, and eBay sales records produced in response to RFP No. 13(a). Defendant has no officers.**

6.      Identify with particularity all accounts of EZF or any of its officers (by institution name, account number, routing number, and name of the person authorized to access the account), including but not limited to monthly bank statements, canceled checks, and deposit slips for all accounts, including checking and savings accounts, with any banks, savings and loans institutions, credit unions, money markets, brokerage firms, or other financial institutions, either individually or jointly with any other person or entity. **See bank records produced in response to RFP No. 2. Defendant has no officers.**

7.      Identify with particularity all property, and/or interest in property, of any kind and character whatsoever that is owned or accessible by EZF or any of its officers, including but not limited to reversionary interests, deeds, stock certificates, bonds, notes, mutual fund shares, corporate agreements, partnership agreements, profit sharing and pension plan statements, savings account passbooks, savings certificates, and money market accounts. **Defendant has no**

**officers. Defendant has no property or interest in property responsive to this interrogatory.**

8.      Identify with particularity any and all warranty deeds, quitclaim deeds, and deeds to secure debt, which name EZF, as grantor or grantee, individually or jointly with any other person or entity, in which EZF or any of its officers has any interest or equity. **Defendant has no officers. Defendant has no interest or equity in property responsive to this interrogatory.**

9.      Identify with particularity any all records, documents, memoranda, and correspondence, which evidence or relate to ownership of any vehicles by EZF or any of its officers, including but not limited to automobile tag registrations, certificates, automobile title certificates, and/or recreational vehicle tag registrations, titles, or certificates, either individually or jointly with any other person or entity. **Defendant has no officers. Defendant has no vehicles.**

10.     Identify with particularity any and all records, documents, memoranda, and correspondence, which evidence or relate to stocks, bonds, mutual funds, or other corporation, fund, or trust that is owned or accessible by EZF or any of its officers, either individually or jointly with any other person or entity. **Defendant has no officers. Defendant has no stocks, bonds, mutual funds, or trust interests.**

11.     Describe with particularity all contents of any and all safety deposit boxes maintained or accessible by EZF or any of its officers, either individually or jointly with any other person or individual, and the exact location of such safety deposit boxes. **Defendant has no officers. Defendant has no safety deposit boxes.**

12.     Identify with particularity any and all records, documents, memoranda, and correspondence relating to any financial statements or net worth statements about EZF or by EZF or any of its officers, to any bank, lending institution, general contractor, government agency, or any other entity. **Amber Shank shows the results of the business through Schedule C on her personal tax return. Defendant does not maintain separate accounting records. Defendant has no officers.**

13.     Identify with particularity any and all records, documents, memoranda, and correspondence received from any real estate agent, attorney, accountant, or other person notifying EZF or any of its officers of the value of any interest in any corporation, trust, reversionary interest, estate, or any property, whether real or personal. **Defendant has no officers. Defendant has no interest in any corporation, trust, reversionary interest, estate or other property real or personal.**

14.    Identify with particularity any and all life insurance policies, certificates on the life of any person, and all statements or other documents reflecting cash and surrender values, and the balance of any and all loans paid in connection therewith, where EZF or any of its officers is named as a beneficiary or loss payee. **Defendant has no officers. Defendant maintains no life insurance policies.**

15.    Identify with particularity any and all statements, documents, analyses, invoices, bills, and summaries give to EZF or any of its officers by any stockbroker or association of stockbrokers from whom EZF or any of its officers has bought stock or to whom EZF or any of its officers has sold stock, or for which EZF or any of its officers has an account, whether individually or jointly with another person or entity. **Defendant has no officers. Defendant has no stock and has not bought or sold any stock.**

16.    Identify with particularity any and all records, documents, memoranda, and correspondence relating to the financial affairs of EZF or any of its officers, including but not limited to profit and loss statements, financial statements, account ledgers, and balance sheets. **See response to No. 12 above.**

17.    Identify with particularity any and all bonds, coupons, notes,

certificates of deposits, or other securities, instruments, or choses in action owned by EZF or any of its officers, either individually or jointly with any other person or entity.  **Defendant has no officers. Defendant has no bonds, coupons, notes, CDs, or any other securities.**

18.    Identify with particularity any and all assets owned, controlled, or possessed by EZF or any of its officers. **See documents produced in response to RFPs 12 and 13.**

19.    Identify with particularity any and all credit cards used or maintained by EZF or any of its officers, including the name on the credit card, the name of the institution that issued the credit card, and the account number of each credit card.  **Defendant has no officers. Defendant has no credit cards.**

20.    Describe with specificity any and all compensation, reimbursement, or any monetary payment or transfer between EZF and any of its officers, regardless of whether it was by check, cash, electronic transfer, or any other form. **See Schedule Cs produced in response to RFP 1.i. Defendant has no officers.**

21.    Identify with particularity each and every potential claim that EZF or any of its officers may have against any third party, whether or not such a claim has been filed, a lawsuit has been filed, or a demand for payment for payment has been made and explain in detail the bases for such claims. **Defendant has no**

**officers. Defendant in not aware of any potential claims.**

22.    Identify with particularity any and payments received by EZF or any of its officers, including the dates of the payments, the account numbers (if any) to which such payments were deposited, or the location (e.g., address) where those payments were sent or deposited. **See Form 1099s produced in response to RFP# 22. Defendant has no officers.**

I certify under oath the answers given to the above
interrogatories are true and correct to best of my knowledge.

_____
Amber Shank

Subscribed and sworn to before me, a notary public, this ___
day of September, 2021.

_____
NOTARY PUBLIC

My commission expires: _____

**officers. Defendant in not aware of any potential claims.**

22.    Identify with particularity any and payments received by EZF or any

of its officers, including the dates of the payments, the account numbers (if any) to

which such payments were deposited, or the location (e.g., address) where those

payments were sent or deposited. See Form 1099s produced in response to

**RFP# 22. Defendant has no officers.**

I certify under oath the answers given to the above

interrogatories are true and correct to best of my knowledge.

~~Amber Shank~~

Subscribed and sworn to before me, a notary public, this 23th

day of September, 2021.

NOTARY PUBLIC

RADHIKA PATHAK
Notary Public - State of Kansas
My Appt. Exp. 10/07/2023

My commission expires: 10/07/2023

1   THE FOLLOWING IS THE P.D.F. OF AN OFFICIAL TRANSCRIPT.  OFFICIAL

2   TRANSCRIPTS MAY ONLY BE FILED IN CM/ECF BY THE OFFICIAL COURT

3   REPORTER AND WILL BE RESTRICTED IN CM/ECF FOR A PERIOD OF 90 DAYS.

4   YOU MAY CITE TO A PORTION OF THE ATTACHED TRANSCRIPT BY THE DOCKET

5   ENTRY NUMBER, REFERENCING PAGE AND LINE NUMBER, ONLY AFTER THE

6   COURT REPORTER HAS FILED THE OFFICIAL TRANSCRIPT.  HOWEVER, YOU

7   ARE PROHIBITED FROM ATTACHING A FULL OR PARTIAL TRANSCRIPT TO ANY

8   DOCUMENT FILED WITH THE COURT.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
1              IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF GEORGIA
2                      ATLANTA DIVISION

3
   INSTANT ONE MEDIA, INC.,    )
4                              )
                   PLAINTIFF,  )
5                              )          DOCKET NUMBER
         vs.                   )          1:19-cv-00540-WMR
6                              )
   EZFAUXDECOR, LLC, et al.,   )          ATLANTA, GEORGIA
7                              )          JUNE 7, 2022
                   Defendant.  )          2:00 p.m.
8   _____)

9                      EVIDENTIARY HEARING

10                  TRANSCRIPT OF PROCEEDINGS
            BEFORE THE HONORABLE WILLIAM M. RAY, II
11                UNITED STATES DISTRICT JUDGE

12

13

14  APPEARANCES:

15  FOR THE PLAINTIFF:         Daniel E. DeWoskin, Esq.
                               Sam S. Han, Esq.
16                             DeWoskin Law Firm, LLC
                               535 N. McDonough Street
17                             Decatur, GA 30030

18
    FOR THE DEFENDANTS:        James C. Sullivan, Esq.
19                             Fisher & Phillips, LLP
                               4900 Main Street
20                             Kansas City, MO 64112

21

22            MECHANICAL STENOGRAPHY OF PROCEEDINGS
            AND COMPUTER-AIDED TRANSCRIPT PRODUCED BY
23
    OFFICIAL COURT REPORTER:   DENISE M. STEWART, RPR
24                             2314 UNITED STATES COURTHOUSE
                               75 TED TURNER DRIVE, SOUTHWEST
25                             ATLANTA, GEORGIA 30303
                               (404)215-1516
```

come on up and --

MR. SULLIVAN: Your Honor, do you want --

THE COURT: Yeah.

MR. SULLIVAN: -- me to come up?

THE COURT: Yes, sir, I do.

I want you -- I want you to always speak in front of the microphone. It aids the court reporter. It help -- and helps me, too.

MR. SULLIVAN: May it please the Court.

Your Honor, I hope I bring a -- a different sense of how lawyers practice law coming here. I was approached by Ms. Shank. I knew her. I had actually talked to her some about this case while it was pending because she's a family friend. And four days after the Court denied the judgment as a matter of law and entered the permanent injunction, Mr. Anton suddenly retired. And so that -- there was nothing else I could do. That's the way I practice law. I was going to help her.

And so I just want the Court to be comfortable that I have scoured this record. I've read the transcript. I've read all the documents. I can't say that I've read every transcript of every hearing, but I'm not sure a lot of those hearings are really relevant to the -- the permanent injunction issue that we're here today on because the -- the -- the -- the spoliation issues and all that -- we're not here, Your Honor, challenging the jury's verdict, not at all. And we're only challenging Subsection 3 of

1  evidence.  Ms. Smith's interrogatory answers that she gave that
2  plaintiff referenced in that other document I showed you, those
3  were submitted in March 22nd because they're trying to intervene
4  in the bankruptcy case.  So she had to respond to interrogatories.
5       If you look at the bottom of the second page of Trial
6  Exhibit 32, it has a URL or that ASIN that I just showed you in
7  their opposition.  And it is entirely different, Your Honor.  This
8  is their document.  This is what they put into evidence.  And
9  nothing in that URL comes close to infringing on their trademark
10 or in breach of the contract.
11      I've been accused of a lot of things, Your Honor, but
12 when I found this.  I think you saw, perhaps, my briefing heated
13 up a little bit because I was tired of being accused of stuff.
14 And I just had questions.  I tried to talk to counsel about this.
15      And you know what they've done now, Your Honor?  They've
16 sued Ms. Shank's children in -- in DeKalb County, among other
17 things, for RICO violations, all coming out of this case.
18           THE COURT:  So her children are working the business?
19           MR. SULLIVAN:  Just one of them does.
20           THE COURT:  Okay.
21           MR. SULLIVAN:  One of them is 19 years old, Your Honor.
22      I bring that up, it is relevant because they've sued him
23 for a whole bunch of things.  But among other things, of violating
24 the trademark and violating the contract.  So to suggest they
25 don't have an adequate remedy at law now, they filed a lawsuit for

1  post judgment infringement against Ms. Shank, EzFauxDecor, and her
2  children.   They seek money damages.
3          So that was the evidence at trial, Your Honor, about
4  Amazon URLs.   I was perplexed as this -- at looking at this, so I
5  had an idea of what was going on, but that's why we contacted
6  Mr. Pope.   I -- I thought Mr. Pope was important for the Court to
7  hear from somebody else exactly how this works in -- in the Amazon
8  world.
9          THE COURT:   Hold on a second.
10          Mr. Pope's declaration, which I read yesterday, is
11  really more about -- if I'm characterizing it or interpreting it
12  right, it's more about whether post trial there continues to be --
13  there -- there has been evidence introduced that there continues
14  to be I infringing activity by the defendant, right?   I mean,
15  it -- are you --
16          MR. SULLIVAN:   That's correct.
17          THE COURT:   Okay.   All right.   So before we -- before we
18  get into any of that, it -- assuming that we do, let's -- let --
19  let me -- let me stop and I want to hear from Mr. Hans [sic], or
20  whoever, about -- and I'm -- about the issue of these 11 ASINs
21  that you want -- your client wants the injunction removed about
22  because I want to know what evidence existed at the time the order
23  was submitted.   And when I say "existed," I mean provided to the
24  Court in -- in -- in a way that it -- with notice to defendant
25  such that it was proper for me to include those ASINs in the

FILED 1/5/2023 1:17 PM CLERK OF SUPERIOR COURT DEKALB COUNTY GEORGIA

**IN THE SUPERIOR COURT OF DEKALB COUNTY
STATE OF GEORGIA**

| | | |
|---|---|---|
| INSTANT ONE MEDIA, INC., | : | |
| | : | CIVIL ACTION FILE NO: |
| Plaintiff, | : | 22CV5127-4 |
| | : | |
| v. | : | |
| | : | |
| EZ FAUX DÉCOR, LLC; JOSEPH SHANK; | : | |
| AMELIA SHANK ; and JACKSON SHANK, | : | |
| | : | |
| Defendants. | : | |

## ORDER DENYING MOTION FOR SERVICE OF COMPLAINT AND SUMMONS BY EMAIL

Plaintiff, in the above-listed *Damages* action, filed a *Motion for Leave to Serve Defendants EZ Faux Décor, LLC, Joseph Shank, and Amelia Shank by Email*, on August 10, 2022.  In its brief in support of service by email, Plaintiff cites *Global Impex, Inc. v. Specialty Fibres, LLC*, 77 F.Supp. 3d 1268 (2015), and *Mullane v. Central Hanover Bank & Trust*, 339 U.S. 306 (1950).  Plaintiff argues that the 11th Circuit U.S. District Court for the Northern District of Georgia, in *Global Impex*, held that service by email complies with due process where notice is "*reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action, and afford them an opportunity to present their objection*." *Id.* at 1270.  However, in *Global Impex*, the court looked at the narrow issue of whether service by email on a California LLC is applicable, pursuant to California's substituted service statute.  The Defendants In the present matter reside in Kansas, Plaintiff has not argued, anywhere in the pleadings, that service by email, is acceptable service pursuant to Kansas law.  Further, the Court has been unable to locate an exception to service of process, under Georgia law, as provided by O.C.G.A. 9-11-4, that would allow initial service of the Complaint and Summons by email.  The second case cited is U.S. Supreme Court case *Mullane v. Central Hanover Bank & Trust*, 339 U.S. 306 (1950).  That case involved the issue of service by publication.  Plaintiff, in the present matter, has not, to date, filed a motion for service by publication, and, therefore, that case would not apply in the present situation.  Until service is perfected or waived, there is no 'pending suit,' and the trial court has no jurisdiction or authority to

**Instant One Media, Inc. v. EZ Faux Décor, LLC et al. (22CV5127)
ORDER DENYING MOTION TO SERVE BY EMAIL**

enter any ruling in the case except for a ruling dismissing the case for lack of jurisdiction.  *Williams v. Resurgens & Affiliated Orthopaedists*, 267 Ga.App. 578, 580 (2), 600 S.E.2d 378 (2004).  Further, because Plaintiff seeks monetary damages, personal service of process must be perfected upon the Defendants.  The general rule in Georgia is that service by publication does not confer personal jurisdiction over a defendant in a tort action.   Ga. Code Ann. § 9-11-4(f)(1)(A), (C).  Without personal jurisdiction over a defendant, no money judgment may be recovered, *Durland v. Colotl*, 359 Ga.App. 170, 855 S.E.2d 83 (2021); therefore,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that Plaintiff's *Motion for Leave to Serve Defendants EZ Faux Décor, LLC, Joseph Shank, and Amelia Shank by Email* be **DENIED** as a matter of law.

**SO ORDERED** this  5th  day of January, 2022.

_____
JUDGE SHONDEANA C. MORRIS
SUPERIOR COURT OF DEKALB COUNTY
STONE MOUNTAIN JUDICIAL DISTRICT

cc: Alex Merritt, Counsel for Plaintiff

**Instant One Media, Inc. v. EZ Faux Décor, LLC et al. (22CV5127)**
**ORDER DENYING MOTION TO SERVE BY EMAIL**

# AFFIDAVIT OF SERVICE

**State of Georgia**                                                                 **County of DeKalb**

Case Number: 22CV5127

Plaintiff:
**Instant One Media, Inc.**

vs.

Defendant:
**EZFauxDecor, LLC, Joseph Shank,**
**Amelia Shank, and Jackson Shank**


For:
Alex Merritt
DeWoskin Law Firm, LLC
535 N. McDonough Street
Decatur, GA 30030

Legal documents to be served on **EZFauxDecor, LLC, 6417 W. 125th, Overland Park, KS, 66209, c/o Kansas Secretary of State, Topeka, KS 66612.**

I, Amanda Reynolds, being over the age of eighteen and duly sworn, depose and say that on the **12th day of December, 2022, at 3:34 PM EST**, I:

Submitted to the Kansas Secretary of State, as agent for EZFauxDecor, LLC, a Kansas limited liability corporation, the following documents via FedEx for service of process upon Amber Shank, Registered Agent for EZFauxDecor, LLC:

- An original and two copies of the Civil Summons for EZFauxDecor LLC;
- Two copies of the Complaint and Jury Demand (with Exhibits);
- Affidavit of No Service for EZFauxDecor LLC's Registered Agent.

Amanda Reynolds

DeWoskin Law Firm, LLC
535 N. McDonough Street
Decatur, GA 30030
404-987-0026

Sworn to and subscribed before me on
this 17th day of January, 2023

Michelle P. Phillips

Notary Public
My Commission Expires: _____

**SCOTT SCHWAB**
Secretary of State



**STATE OF KANSAS**

Memorial Hall, 1st Floor
120 S.W. 10th Avenue
Topeka, KS 66612-1594
(785) 296-4564

December 16, 2022

DANIEL E. DEWOSKIN
DEWOSKIN LAW FIRM, LLC
535 N MCDONOUGH STREET
DECATUR GA 30030

RE: Service of Process on EZFAUXDECOR, LLC
Case #22CV5127

The Secretary of State's Office received a Summons on 12/14/2022 and mailed on 12/14/2022 by return receipt to the following registered office:

AMBER SHANK
6417 W. 125TH
OVERLAND PARK KS 66209

The return receipt was returned to the Kansas Secretary of State's Office on 12/15/2022 indicating that the service of process was delivered. Enclosed is a copy of the Summons sent to the above address and the return receipt for the delivered service of process.

If you have any questions, please call the Business Services Division at (785) 296-4564.


Business Services Division
Kansas Secretary of State

Enclosures
MM

FILED 5/27/2022 10:11 AM CLERK OF SUPERIOR COURT DEKALB COUNTY GEORGIA

# IN THE SUPERIOR COURT OF DEKALB COUNTY
## STATE OF GEORGIA

22CV5127

Instant One Media, Inc.

535 N. McDonough St.

Decatur, GA 30030

Case No.: _____

Plaintiff

VS

EZFauxDecor, LLC

6417 W. 125th

Overland Park, KS 66209

Defendant

# SUMMONS

## TO THE ABOVE NAMED DEFENDANT(S):

You are hereby summoned and required to file electronically with the Clerk of said court at https://efilega.tylerhost.net/ofsweb and serve upon the Plaintiff's attorney, whose name, address and email is:

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____27_____ day of ____May____, 20__22__.

Honorable Debra DeBerry
Clerk of Superior Court
B Wayne Scott

By_____
Deputy Clerk

E-Filing and E-Service

Pursuant to the Superior Court of DeKalb County's E-File Order, dated December 27, 2016, and available at www.dksuperiorclerk.com/civil, the parties must file all documents electronically through eFileGA unless expressly exempted under the Rule. All orders and notices from the Court will be electronically filed and served through eFileGA. The parties must register for an eFileGA account, link their service contact information with the case and the party represent, and take whatever steps are necessary to ensure that correspondence from eFileGA reaches the parties' inboxes. To access eFileGA, please go to http://www.odysseyefilega.com/

Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.



**FedEx**

December 16, 2022

Dear Customer,

The following is the proof-of-delivery for tracking number: 770777035515

---

**Delivery Information:**

| | | | |
|---|---|---|---|
| **Status:** | Delivered | **Delivered To:** | Residence |
| **Signed for by:** | F.SHANL | **Delivery Location:** | 6417 W 125TH ST |
| **Service type:** | FedEx 2Day | | |
| **Special Handling:** | Deliver Weekday; | | OVERLAND PARK, KS, 66209 |
| | Residential Delivery; | | |
| | Adult Signature Required | **Delivery date:** | Dec 15, 2022 14:17 |

---

**Shipping Information:**

| | | | |
|---|---|---|---|
| **Tracking number:** | 770777035515 | **Ship Date:** | Dec 14, 2022 |
| | | **Weight:** | 0.5 LB/0.23 KG |

**Recipient:**
AMBER SHANK,
6417 W. 125TH
OVERLAND PARK, KS, US, 66209

**Shipper:**
KSSOS BusinessServices,
1ST FLOOR MEMORIAL HALL
120 SW 10TH AVE
TOPEKA, KS, US, 66612



Thank you for choosing FedEx

FILED 1/31/2023 4:15 PM CLERK OF SUPERIOR COURT DEKALB COUNTY GEORGIA

## NOTICE OF LEAVE OF ABSENCE

TO:        ALL JUDGES, CLERKS OF COURT and COUNSEL OF RECORD

FROM:    Alex Merritt                              RE:    **INSTANT ONE MEDIA, INC. V.**
               DeWoskin Law Firm, LLC                       **EZFAUXDECOR, LLC, ET AL.**
               535 N. McDonough Street,
               Decatur, GA 30030                               **Superior Court of DeKalb County**
               404-987-0026                                        **Case No. 22CV5127**

Alex Merritt, pursuant to Georgia Uniform Superior Court Rule 16.1, hereby respectfully notifies all judges before whom he has cases pending, all affected clerks of court, and all opposing counsel that he will be on leave.

- Applicant will be away from practice of law on **March 2-3, 2023; March 17, 2023; March 31, 2023; April 27-28, 2023; May 1-5, 2023; May 10-12, 2023; August 14-18, 2023; September 28-29, 2023; October 13, 2023; November 9-10, 2023; and November 22, 2023** for family vacation and professional obligations.

- All affected judges and opposing counsel shall have ten (10) days from the date of this notice to object.  If no objections are filed, the leave shall be granted.

This 31st day of January, 2023.


  /s/ Alex Merritt
  Alex Merritt
  DeWoskin Law Firm, LLC

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the within and foregoing Notice of Leave of Absence upon all Judges, Clerks and Counsel listed below by e-service or by placing same in the United States Mail with adequate postage affixed thereto.


    This 31st day of January, 2023.              Judge Shondeana C. Morris
                                                                  Superior Court of DeKalb County
                                                                  Clerk's Office - Civil Division
                                                                  556 N. McDonough St., Ground Floor
                                                                  Decatur, GA 30030

  /s/ Alex Merritt

  Alex Merritt
  Georgia Bar 143308
  Attorney for Plaintiffs