UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: ETHICON PHYSIOMESH FLEXIBLE COMPOSITE HERNIA MESH PRODUCTS LIABILITY LITIGATION | : : : : : | MDL DOCKET NO. 2782 CIVIL ACTION NO. 1:17-MD-02782-RWS |
| This document relates to: Dennis Torres | : : : : : | Civil Action No.: _____ |

## SHORT FORM COMPLAINT

Come now the Plaintiff(s) named below, and for their Complaint against the Defendants named below, incorporate the Master Complaint in MDL No. 2782 by reference. Plaintiff(s) further show the court as follows:

1. Plaintiff Implanted with Physiomesh

   Dennis Torres

2. Plaintiff's Spouse (if applicable)

   N/A

3. Other Plaintiff and capacity (i.e., administrator, executor, guardian, conservator)

   N/A

4. State of Residence and Citizenship of each Plaintiff (including any Plaintiff in a representative capacity) at time of filing of Initial Complaint

   Massachusetts

5. State of Residence and Citizenship at the Time of Implantation

   Massachusetts

6. District Court and Division in which personal jurisdiction and venue would be proper absent direct filing.

   United States District Court for the District of Massachusetts

7. Defendants (Check Defendants against whom Complaint is made):

   ☒ A. Ethicon, Inc.

   ☒ B. Johnson & Johnson

8. Basis of Jurisdiction

   ☒ Diversity of Citizenship (28 U.S.C. § 1332(a))

   ☐ Other: _____

   A. Paragraphs in Master Complaint upon which venue and jurisdiction lie:

   11-13

B. Other allegations of jurisdiction and venue:

_____

_____

_____

_____

9.

| Date(s) Plaintiff was Implanted with Physiomesh (list date of each implant surgery, where applicable, on separate line) | Hospital(s) where Plaintiff was implanted with Physiomesh (include City and State of Hospital) | Implanting Surgeon(s) |
|---|---|---|
| November 28, 2011 | Steward Healthcare Morton Hospital Taunton, MA | Thomas W. Roodhouse, MD |
|  |  |  |
|  |  |  |

10. Counts in the Master Complaint brought by Plaintiff(s):

- [x] Count I – Strict Product Liability – Defective Design
- [x] Count II – Strict Product Liability – Failure to Warn
- [x] Count III – Strict Product Liability – Manufacturing Defect
- [x] Count IV – Negligence
- [x] Count V – Consumer Protection Laws (Please identify applicable State Consumer Protection law(s) and state any additional facts and legal basis for application of State Consumer Protection law(s) in this case)

Mass. Gen. Laws Ann. ch. 93A, § 1 et seq.

N.J. Stat. Ann § 56:8-1 et seq.

- [x] Count VI – Gross Negligence
- [ ] Count VII – Loss of Consortium
- [x] Count VIII – Punitive Damages
- [x] Count IX – Discovery Rule, Equitable Tolling/Estoppel (Please state any additional facts and legal basis for Discovery Rule and Tolling below)

The nature of Plaintiff's injuries and damages and their relationship to the product was not discovered, and through reasonable care and diligence could not have been discovered, until a date within the applicable statute of limitations for filing Plaintiff's claims.

4

☐ Other Count(s) (Please state factual and legal basis for other claims not included in the Master Complaint below):

_____

_____

_____

☒ Jury Trial is Demanded as to All Counts

☐ Jury Trial is NOT Demanded as to Any Count

　　　　　　　　　　　　　　　　　　s/ Jason C. Chambers
　　　　　　　　　　　　　　　　　　Attorney(s) for Plaintiff

Address, phone number, email address and bar information:

Jason C. Chambers KS#24927
Hollis Law Firm
8101 College Blvd. Ste 260
Overland Park, KS 66210
913-385-5400
Jason@hollislawfirm.com

5