Case 1:23-mi-99999-UNA   Document 488-5   Filed 02/15/23   Page 1 of 7

E-FILED IN OFFICE - JT
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-00229-S5**
**1/12/2023 11:19 AM**
**TIANA P. GARNER, CLERK**

# IN THE STATE COURT OF GWINNETT COUNTY
# STATE OF GEORGIA

| | |
|---|---|
| CYNTHIA CISNEROS, as surviving parent and ADMINISTRATRIX OF THE ESTATE of JHONAE CISNEROS-HAPMTON, deceased, ) ) ) ) ) | CIVIL ACTION FILE NO.: 23-C-00229-S5 |
| Plaintiff, ) ) | |
| vs. ) ) | |
| GEORBIS CUTINO-LEGRA; BALAC TRANSPORT, INC.; MAYBACH INTERNATIONAL GROUP, INC.; ACE PROPERTY AND CASUALTY INSURANCE COMPANY; and XYZ CORPORATIONS 1-3 ) ) ) ) ) ) | |
| Defendants. | |

## COMPLAINT

**COMES NOW** Cynthia Cisneros, as the surviving parent and Administratrix of the Estate of Jhonae Cisneros-Hampton, (hereinafter "Plaintiff") and states her Complaint against Defendants Georbis Cutino-Legra, Balac Transport, Inc., Maybach International Group, Inc., Ace Property and Casualty Insurance Company, and XYZ Corporations 1-3 (hereinafter, collectively, "Defendants"), as follows:

## PARTIES AND JURISDICTION

1.

Plaintiff is a resident of the State of Georgia.

2.

Defendant Georbis Cutino-Legra (hereinafter, "Defendant Legra") is a resident of Kentucky, whose last known address is 9009 Cherryville Rd., Louisville, KY 40214. Defendant Legra is subject to the jurisdiction of this Court and may be served by delivering the Summons and an original of this Complaint at this address, or however legal service may be perfected.

3.

Defendant Balac Transport Inc. (hereinafter "Defendant Balac"), is a foreign profit corporation organized under the laws of the State of Illinois, conducting business within the State

of Georgia, with its principal office located at 4433 Prescott Ave, Apt. 2A, Lyons, IL 60534. Defendant Balac is subject to the jurisdiction of this Court and may be served with a copy of the Summons and Complaint through its registered agent, Halawa Illinois Registered Agent, 7000 W 111th Street, Suite #205, Worth, IL 60482, or however legal service may be perfected.

4.

Defendant Maybach International Group, Inc. (hereinafter "Defendant Maybach"), is a foreign profit corporation organized under the laws of the State of Illinois, conducting business within the State of Georgia, with its principal office located at 5125 W. 123rd Street, Alsip, IL 60803. Defendant Maybach is subject to the jurisdiction of this Court and may be served with a copy of the Summons and Complaint through its registered agent, Bojan Delibasic, 5125 W. 123rd Street, Alsip, IL 60803, or however legal service may be perfected.

5.

Defendant Ace Property and Casualty Insurance Company (hereinafter "Defendant Ace") is a foreign insurance company organized under the laws of the State of Pennsylvania, conducting business within the State of Georgia, with its principal office located at 436 Walnut Street, Philadelphia, PA 19106. Defendant Ace is subject to the jurisdiction of this Court and may be served with a copy of the Summons and Complaint through its registered agent, C T Corporation System, 289 S Culver Street, Lawrenceville, GA 30046, or however legal service may be perfected.

6.

Jurisdiction and venue are proper in this Court.

## **FACTS**

7.

On or about May 18, 2021, at approximately 12:33AM, Jhonae Cisneros-Hampton was a passenger in a vehicle traveling on Interstate 285 near its intersection with Interstate 20 in Fulton County, Georgia.

8.

The vehicle occupied by Jhonae Cisneros-Hampton became disabled on the roadway, and the driver of the vehicle exited the vehicle to attempt to alert other vehicles to the disabled vehicle in the roadway.

9.

Multiple vehicles were able to safely avoid the disabled vehicle, including several tractor trailers.

10.

At the same time, Defendant Legra, acting within the course and scope of his employment with Defendant Balac and/or Defendant Maybach, was operating a commercial tractor trailer on Interstate 285. The tractor trailer operated by Defendant Legra is/was owned by Defendant Balac and/or Defendant Maybach.

11.

Despite the open and obvious disabled vehicle in the roadway, Defendant Legra failed to slow, stop, or attempt to avoid the disabled vehicle and struck said disabled vehicle from the rear.

12.

Jhonae Cisneros-Hampton was inside the disabled vehicle at the time of the collision.

13.

As a result of the collision, Jhonae Cisneros-Hampton sustained substantial injuries which ultimately resulted in her death.

14.

At all times material to this action, Jhonae Cisneros-Hampton exercised reasonable care for her own safety.

15.

At all times material to this action, Jhonae Cisneros-Hampton did not cause or contribute to the subject collision.

16.

Plaintiff is both the surviving parent of Jhonae Cisneros-Hampton and the Administratix of her daughter's estate, and is the proper person to bring claims on the behalf of Jhonae Cisneros-Hampton, deceased.

## **COUNT I: NEGLIGENCE OF DEFENDANT LEGRA**

17.

Plaintiff repeats and realleges Paragraphs 1 through 16 of the Complaint as if fully set forth herein and further allege:

18.

Defendant Legra had a duty to exercise ordinary care and operate the commercial tractor trailer he drove in a reasonably safe manner under the circumstances.

19.

Defendant Legra failed to exercise that duty by failing to maintain a proper lookout, failing to maintain a proper speed, failing to stop or otherwise avoid a disabled vehicle, and failing to otherwise operate his commercial tractor trailer in a safe a prudent manner.

20.

As a direct and proximate result of Defendant Legra's negligent acts and omissions, Plaintiff's daughter, Jhonae Cisneros-Hampton, suffered grave bodily injuries, lost future wages, emotional injuries, pain, suffering and discomfort, diminished quality of life, medical expenses, and death.

21.

As a direct and proximate result of Defendant Legra's negligent acts and omissions, Plaintiff is entitled to recover all special damages, general damages, and damages for the full value of her daughter's life in an amount to be determined by a jury.

## COUNT II: VICARIOUS LIABILITY OF DEFENDANTS BALAC AND MAYBACH

22.

Plaintiff repeats and realleges Paragraphs 1 through 21 of the Complaint as if fully set forth herein and further alleges:

23.

At the time of the incident giving rise to Plaintiff's Complaint, Defendant Legra was acting within the scope of his agency or employment with Defendants Balac and/or Maybach.

24.

All of the injuries and damages sustained by Jhonae Cisneros-Hampton were the direct result of the acts and omissions of the agents, servants and/or employees of Defendants Balac and/or Maybach conducted within the course and scope of their agency or employment.

25.

Defendants Balac and/or Maybach are responsible for Defendant Legra's actions under the

doctrine of *respondeat superior*, agency or apparent agency.

## **COUNT III: NEGLIGENT HIRING, RETENTION, TRAINING, AND SUPERVISION AGAINST DEFENDANTS BALAC AND MAYBACH**

26.

Plaintiff repeats and realleges Paragraphs 1 through 25 of the Complaint as if fully set forth herein and further alleges:

27.

At all times relevant to Plaintiff's Complaint, Defendant Legra was an employee or agent of Defendants Balac and/or Maybach.

28.

At all times relevant to Plaintiff's Complaint, Defendant Legra was unfit or otherwise incapable of operating a commercial tractor trailer in a safe and prudent manner.

29.

Defendants Balac and/or Maybach knew or should have known that Defendant Legra was unfit or otherwise incapable of operating a commercial tractor trailer in a safe and prudent manner.

30.

Defendants Balac and/or Maybach negligently hired, retained, trained, and supervised Defendant Legra.

31.

Defendants Balac and/or Maybach entrusted Defendant Legra with a commercial tractor trailer when they knew or should have known that Defendant Legra was incompetent or unfit to perform his duties as assigned by Defendants Balac and/or Maybach.

32.

As a direct and proximate result of the aforesaid negligence and breaches of duties by Defendants Balac and/or Maybach, Plaintiff's daughter, Jhonae Cisneros-Hampton, suffered grave bodily injuries, lost future wages, emotional injuries, pain, suffering and discomfort, diminished quality of life, medical expenses, and death.

## COUNT IV: DIRECT ACTION AGAINST DEFENDANT ACE PROPERTY AND CASUALTY INSURANCE COMPANY

33.

Plaintiff repeats and realleges Paragraphs 1 through 32 of the Complaint as if fully set forth herein and further alleges:

34.

At the time of the motor vehicle collision giving rise to this Complaint, Defendant Ace had a policy of insurance affording liability coverage to Defendants Balac and/or Maybach.

35.

Defendants Balac and/or Maybach are motor carriers.

36.

Pursuant to O.C.G.A. § 41-1-112, Plaintiff brings a direct cause of action against Defendant Ace for injuries and damages proximately caused by the negligence of its insured(s).

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for a trial on all issues and judgment against Defendants as follows:

a. That Plaintiff recover all special damages, including medical expenses and the full value of the decedent's life, in an amount to be proven at trial;

b. That Process and Summons be issued, as provided by law, requiring Defendants to appear and answer Plaintiff's Complaint;

c. That service be had upon Defendants as provided by law;

d. That Plaintiff recover for pain and suffering, loss of life, loss of income, and emotional distress in an amount to be determined by the enlightened conscience of the jury;

e. That this matter be tried to a jury;

c. That Plaintiff recover reasonable attorney's fees, costs, and expenses of litigation as allowed by law, including as allowed by O.C.G.A. § 13-6-11; and

d. That Plaintiff recover such other relief as is just and proper.

This 12th day of January, 2023.

Respectfully submitted,

By: <u>/s/ Madeleine N. Simmons</u>
Madeleine Simmons
Georgia Bar No. 822807
Nathaniel K. Hofman
Georgia Bar No. 997966
*Attorneys for Plaintiff*

Stewart Miller Simmons Trial Attorneys
55 Ivan Allen Jr. Drive, Suite 700
Atlanta, Georgia 30308
(844) 874-2500 main