IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| AUTO-OWNERS INSURANCE COMPANY,<br><br>                Plaintiff,<br><br>v.<br><br>GEORGIA CONTRACTOR GROUP LLC; LESTER CUSTOM HOMES, L.L.C.; RONALD L. LESTER; ANN L. CAMPBELL a/k/a ANN L. CAMPBELL LESTER; and RENTAL ASSET MANAGEMENT LLC.<br><br>                Defendants | Case No. _____ |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Auto-Owners Insurance Company ("**Auto-Owners**"), files this Complaint for Declaratory Judgment and shows the Court as follows:

*Nature of Action*

1. This case is an action for declaratory judgment under Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201 to declare the rights and other legal relations surrounding questions of actual controversy that presently exist between Auto-Owners and the Defendants, *i.e.*, that Auto-

Owners owes no insurance coverage obligations, including without limitation the obligations to defend or indemnify, to Georgia Contractor Group LLC ("**GCG**"), Lester Custom Homes, L.L.C. ("**LCH**"), Ronald L. Lester, or Ann L. Campbell a/k/a Ann L. Campbell-Lester in connection with the claims asserted in the lawsuit styled *Rental Asset Management, LLC v. Ronald L. Lester, Ann L. Campbell a/k/a Ann L. Campbell-Lester, Georgia Contractor Group, LLC, Capital City Home Loans, LLC, and John Doe #1* in the Superior Court of Cobb County, State of Georgia, Civil Action No. 2022-0153214-CV (the "**Underlying Lawsuit**").

### Parties

2. Auto-Owners is a Michigan corporation with its principal place of business in Lansing, Michigan.

3. Defendant GCG is a Georgia limited liability company with a principal place of business located in Marietta, Cobb County, Georgia. LCH may be served through its registered agent, Ronald L. Lester, 2980 Fallwood Drive NW, Marietta, GA 30064.

4. The members of GCG are, on information and belief, Ronald L. Lester and Ann L. Campbell a/k/a Ann L. Campbell-Lester, both of whom are domiciled in Georgia.

5. Defendant LCH is a Georgia limited liability company with a principal place of business located in Marietta, Cobb County, Georgia. LCH may be served through its registered agent, Ann L. Campbell, 2980 Fallwood Drive NW, Marietta, GA 30064.

6. The members of LCH are, on information and belief, Ronald L. Lester and Ann L. Campbell a/k/a Ann L. Campbell-Lester, both of whom are domiciled in Georgia.

7. Defendant Ronald L. Lester is an individual domicile of the State of Georgia and may be served at his residence at 2980 Fallwood Drive NW, Marietta, GA 30064.

8. Defendant Ann L. Campbell a/k/a Ann L. Campbell-Lester is an individual domicile of the State of Georgia and may be served at her residence at 2980 Fallwood Drive NW, Marietta, GA 30064.

9. Defendant Rental Asset Management LLC ("**RAM**") is a Georgia limited liability company with a principal place of business located in Atlanta, Cobb County, Georgia. RAM may be served through its registered agent, Frederic Beloin, 2550 Heritage Court, Suite 200, Atlanta, GA 30339.

10. The member-manager of RAM is, on information and belief, Frederic Beloin, who is an individual domiciled in Georgia.

*Jurisdiction and Venue*

11. This declaratory judgment action involves Auto-Owners' rights and duties pursuant to an insurance policy issued to GCG and LCH made in Cobb County, Georgia.

12. This action involves Auto-Owners' rights and duties with respect to an insurance policy issued in this District, regarding parties domiciled in this district, and involving a lawsuit filed in a State of Georgia court located within this District.

13. Venue is proper in this District pursuant to 28 U.S.C. § 1391, because one of the parties is located in this District, the insurance policy was issued in this district, and a substantial part of the events giving rise to Auto-Owners' declaratory judgment claim took place and are currently taking place in this District.

14. All Defendants are subject to personal jurisdiction and venue in this Court.

15. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332.

16. Plaintiff is a citizen of a different state than all Defendants.

17. The amount in controversy, exclusive of interest and costs, exceeds $75,000.

18. This Court also has jurisdiction pursuant to 28 U.S.C. § 2201, in that Auto-Owners seeks a declaration from this Court regarding the parties' rights and obligations with respect potential coverage under an insurance policy issued by Auto-Owners.

*The Underlying Lawsuit*

19. RAM filed the Underlying Lawsuit in Cobb County, Georgia on November 30, 2022.

20. A true and accurate copy of the Complaint filed in Underlying Lawsuit (the "**Underlying Complaint**") is attached hereto as **Exhibit 1**.

21. RAM alleges that it owns residential real property located at 2132 Shillings Chase Drive, Kennesaw, Georgia (the "**RAM Property**"), which includes a two-story home rented to tenants. (*Complaint*, Ex. 1, ¶¶ 1 and 8).

22. RAM alleges that Ronald L. Lester and Ann L. Campbell a/k/a Ann L. Campbell-Lester (the "**Lesters**") own real property located at 2010 – 2030 Shillings Road NW, Kennesaw, Georgia (the "**Lester Property**") that adjoins the RAM Property by a common border on the north side of the RAM Property. (*Complaint*, Ex. 1, ¶ 10).

23. RAM contends that the Lesters, through GCG, "cleared much of their land and removed virtually all grass and growth area" from the Lester Property, and constructed a garage "at an enhanced elevation near the rear line." (*Complaint*, Ex. 1, ¶¶ 11 –12).

24. RAM contends that the Lesters and GCG failed to maintain silt fences as required during the construction process, and "[t]hese events concentrated the flow of water and mud and directed it toward" the RAM Property. (*Complaint*, Ex. 1, ¶¶ 13 – 14).

25. RAM contends that the Lesters and GCG also "added fill dirt and merged fill dirt so as to increase the slope" of the Lester Property along its rear border. (*Complaint*, Ex. 1, ¶ 19).

26. RAM contends further that the failure of the Lesters and GCG "to contain silt and dirt on [the Lester] Property during construction activity led to severe and concentrated sheet flow of mud onto and through" the RAM Property. (*Complaint*, Ex. 1, ¶ 25).

27. RAM contends that the mud flow and flooding conditions caused RAM's tenant to leave the RAM Property, causing RAM to lose monthly rental income from August through December of 2022. (*Complaint*, Ex. 1, ¶ 27).

28. RAM contends that the same conditions further caused damage to, and washed-out stones and pipes from, a French drain constructed on the RAM Property, as well as damage to the finished basement area "due to the pooling and flow of muddy water at the basement door." (*Complaint*, Ex. 1, ¶ 28).

29. RAM contends that these damages occurred because the Lesters and GCG "knowingly, willfully and intentionally collected and diverted excess storm water and mud onto" the RAM Property. (*Complaint*, Ex. 1, ¶ 29).

30. RAM asserts a claim against the Lesters and GCG for trespass based on the alleged collection and diversion of stormwater and mud from the Lester Property onto the RAM Property. (*Complaint*, Ex. 1, ¶ 30).

31. RAM asserts a claim against the Lesters and GCG for private nuisance based on the alleged collection and diversion of stormwater and mud from the Lester Property onto the RAM Property. (*Complaint*, Ex. 1, ¶¶ 37–38).

32. RAM asserts a claim against the Lesters and GCG for negligence based on the alleged collection and diversion of stormwater and mud from the Lester Property onto the RAM Property. (*Complaint*, Ex. 1, ¶ 44).

33. RAM asserts a claim against the Lesters and GCG for injunctive relief based on the alleged collection and diversion of stormwater and mud from the Lester Property onto the RAM Property. (*Complaint*, Ex. 1, ¶ 46).

34. The Underlying Complaint seeks actual damages, punitive damages, litigation expenses, and injunctive relief related to the concentration of excess stormwater and mud on the RAM Property, among other remedies. (*Complaint*, Ex. 1, Prayer for Relief, pp. 9 – 10.)

35. Auto-Owners fully reserved it rights under the Policy in writing via correspondence dated December 23, 2022 and January 25, 2023.

36. Copies of the December 23, 2022 and January 25, 2023 reservation of rights letters for the Policy are attached hereto as **Exhibit 2** and **Exhibit 3**, respectively.

37. In the December 23, 2022 and January 25, 2023 reservation of rights letters, Auto-Owners agreed to defend and is defending GCG, Ronald L. Lester, and Ann L. Campbell a/k/a Ann L. Campbell-Lester in the Underlying Lawsuit.

*The Auto-Owners' Policy*

38. Auto-Owners issued a Commercial General Liability Coverage policy, Policy No.: 102318-80378862-22, to GCG and LCH for the effective date period of 03/29/2022 to 03/29/2023 (the "**Policy**"). The Policy has policy limits of $1,000,000 per occurrence and $1,000,000 general aggregate.

39. A true and accurate copy of the Policy is attached hereto as **Exhibit 4**.

40. The insuring agreement of the Policy states, in relevant part:

> **SECTION I – COVERAGES**
>
> **COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
>
> 1. **Insuring Agreement**
>
>     a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:
>
>     (1) The amount we will pay for damages is limited as described in Section **III** – Limits of Insurance; and
>
>     (2) Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverage **A** or **B** or medical expenses under Coverage **C**.
>
>     No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B** .
>
>     b. This insurance applies to "bodily injury" and "property damage" only if:
>
>     (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
>
>     (2) The "bodily injury" or "property damage" occurs during the policy period; and
>
>     (3) Prior to the policy period, no insured listed under Paragraph **1.** of Section **II** – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage"

occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

* * *

41. The Policy includes the following Coverage A exclusions:

**2. Exclusions**

This insurance does not apply to:

a. **Expected Or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

* * *

f. **Pollution**

**(1)** "Bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":

**(a)** At or from any premises, site or location which is or was at any time owned or occupied by, or rented or loaned to, any insured. However, this subparagraph does not apply to:

**(i)** "Bodily injury" if sustained within a building and caused by smoke, fumes, vapor or soot produced by or originating from equipment that is used to heat, cool or dehumidify the building, or equipment that is used to heat water for personal use, by the building's occupants or their guests;

**(ii)** "Bodily injury" or "property damage" for which you may be held liable, if you are a contractor and the owner or lessee of such premises, site or location has been added to your policy as an additional insured with respect to your ongoing operations performed for that additional insured at that premises, site or location and such premises, site or location is not and never was owned or occupied by, or rented or loaned to, any insured, other than that additional insured; or

**(iii)** "Bodily injury" or "property damage" arising out of heat, smoke or fumes from a "hostile fire"[.]

10

**(b)** At or from any premises, site or location which is or was at any time used by or for any insured or others for the handling, storage, disposal, processing or treatment of waste;

**(c)** Which are or were at any time transported, handled, stored, treated, disposed of, or processed as waste by or for:

**(i)** Any insured; or

**(ii)** Any person or organization for whom you may be legally responsible; or

**(d)** At or from any premises, site or location on which any insured or any contractors or subcontractors working directly or indirectly on any insured's behalf are performing operations if the "pollutants" are brought on or to the premises, site or location in connection with such operations by such insured, contractor or subcontractor. However, this subparagraph does not apply to:

**(i)** "Bodily injury" or "property damage" arising out of the escape of fuels, lubricants or other operating fluids which are needed to perform the normal electrical, hydraulic or mechanical functions necessary for the operation of "mobile equipment" or its parts, if such fuels, lubricants or other operating fluids escape from a vehicle part designed to hold, store or receive them. This exception does not apply if the "bodily injury" or "property damage" arises out of the intentional discharge, dispersal or release of the fuels, lubricants or other operating fluids, or if such fuels, lubricants or other operating fluids are brought on or to the premises, site or location with the intent that they be discharged, dispersed or released as part of the operations being performed by such insured, contractor or subcontractor;

**(ii)** "Bodily injury" or "property damage" sustained within a building and caused by the release of gases, fumes or vapors from materials brought into that building in connection with operations being performed by you or on your behalf by a contractor or subcontractor; or

**(iii)** "Bodily injury" or "property damage" arising out of heat, smoke or fumes from a "hostile fire".

**(e)** At or from any premises, site or location on which any insured or any contractors or subcontractors working directly or indirectly on any insured's behalf are performing operations if the operations are to test for, monitor, clean up, remove, contain, treat, detoxify or neutralize,

11

or in any way respond to, or assess the effects of, "pollutants".

**(2)** Any loss, cost or expense arising out of any:

**(a)** Request, demand, order or statutory or regulatory requirement that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of, "pollutants"; or

**(b)** Claim or suit by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of, "pollutants".

However, this paragraph does not apply to liability for damages because of "property damage" that the insured would have in the absence of such request, demand, order or statutory or regulatory requirement, or such claim or "suit" by or on behalf of a governmental authority.

\* \* \*

42.  The Policy includes the following definitions:

**SECTION V – DEFINITIONS**

\* \* \*

**13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

\* \* \*

**15.** "Pollutants" mean any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.

\* \* \*

## DECLARATORY JUDGMENT
## AUTO-OWNERS HAS NO DUTY
## TO DEFEND OR INDEMNIFY

43.  The Policy does not cover any of the claims made or damages related to the events alleged in the Underlying Complaint, because the

12

allegations of the Underlying Complaint do not allege property damage caused by an "occurrence" under applicable Georgia law.

44. The Policy not cover any of the claims made or damages related to the events alleged in the Underlying Complaint because the liability arises out of the "discharge, dispersal, seepage, migration, release or escape of 'pollutants'" from the Lester Property, which is excluded by the Policy.

45. The Policy does not cover some or all of the claims made, or damages related to the events alleged in the Underlying Complaint to the extent the damages alleged arise from the intentional act(s) of GCG, Ronald L. Lester, and / or Ann L. Campbell a/k/a Ann L. Campbell-Lester, as excluded within the Policy.

46. Auto-Owners relies upon and reserves its rights to rely upon other provisions of the Policy or legal principles discovered during this action that also may limit or exclude coverage.

WHEREFORE, Plaintiff, Auto-Owners Insurance Company, prays:

(a) That each and every Defendant be required to respond to the allegations set forth in this *Complaint for Declaratory Judgment*;

(b) That this Court declare that Auto-Owners has no duty to cover, defend, or indemnify GCG, LCH, Ronald L. Lester, or Ann L.

Campbell a/k/a Ann L. Campbell-Lester in the Underlying

Lawsuit; and

(d) For such other relief as this Court deems just and proper.

Respectfully submitted this 16th day of February, 2023.

**Bovis, Kyle, Burch & Medlin, LLC**

200 Ashford Center North
Suite 500
Atlanta, Georgia  30338-2668
Tel:  (770) 391-9100
Fax: (770) 668-0878
kjackson@boviskyle.com

/s/ Kim M. Jackson
Ga. State Bar No. 387420

*Counsel for Plaintiff Auto-Owners Insurance Company*

## CERTIFICATE OF COMPLIANCE

This is to certify that the foregoing **Complaint for Declaratory Judgment** has been prepared in 14-point size Times New Roman font, in accordance with L.R. 5.1

                           Respectfully submitted,

                           **Bovis, Kyle, Burch & Medlin, LLC**

200 Ashford Center North      /s/ Kim M. Jackson  
Suite 500      Ga. State Bar No. 387420  
Atlanta, Georgia  30338-2668  
Tel:  (770) 391-9100      *Counsel for Plaintiff Auto-Owners Insurance*  
Fax: (770) 668-0878      *Company*  
kjackson@boviskyle.com