UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| POTTER FARMS, LLC, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | Civil Action No. _____ |
| | * | |
| REVOLUTION | * | |
| MICROELECTRONICS | * | |
| (AMERICA), INC. | * | JURY TRIAL DEMANDED |
| | * | |
| Defendant. | | |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. SS 1441 and 1446, Defendant, Revolution Microelectronics, LLP, ("Defendant") hereby gives notice of removal of the above captioned action, Case No. pending in the Superior Court of Fulton County, State of Georgia, to the United States District Court for the Northern District of Georgia, Atlanta Division. In support of removal, Defendant states as follows:

   I.   **PROCEDURAL BACKGROUND AND RELEVANT FACTS.**

   1. On or about January 11, 2023, Plaintiff ("Plaintiff") commenced this action in the Superior Court of Fulton County, State of Georgia, entitled Potter Farms, LLC v. Revolution Microelectronics (America), Inc.,

CAFN 2023CV374787 by filing a complaint (the "Complaint). Defendant acknowledged service on January 17, 2023.

2. This Notice of Removal is timely pursuant to 28 U.S.C. S 1446(b), in that it is being filed "within thirty (30) days after the receipt by Defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. "A" named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, "through service or otherwise," after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." *Murphy Bros v. Michetti Pipe Stringing, Inc*, 526 U.S. 344, 347-48, 119 S. Ct. 1322, 1325, 143 L. Ed. 2d 448 ( 1999) ( noting that " if the complaint is filed in court prior to any service, the removal period runs from the service of the summons" ). If "summons and complaint are served together, the 30-day period for removal runs at once. See id. At 344 (finding that 30 days removal period began to run when defendant was formally served by certified mail). Accordingly, this Notice of Removal is timely.

3. The Superior Court of Fulton County is located within the Northern

District of Georgia, Atlanta Division. See 28 U.S.C. ss 90(a)(2).

4. Pursuant to 28 U.S.C. ss 1446(a), the Notice of Removal provides "a short and plain statement of the grounds for removal" and attached hereto as Exhibit A is "a copy of all process, pleadings and orders served upon" Defendant in the above referenced state court action, including a true and correct copy of the Complaint and the Acknowledgement of Service.

5. Pursuant to 28 U.S.C. ss 1446(d), a copy of this Notice of Removal is being served on Plaintiff, and a copy is being filed with the Clerk of the Court for the Superior Court of Fulton County.

II. **THIS COURT HAS DIVERSITY JURISDICTION**.

6. This Court has original jurisdiction of this action under 28 U.S.C. ss 1332, because this is a civil action in which the amount in controversy exceeds $75,000 exclusive of the costs and interest, and the action is involves a citizen of the State and a citizen or subject of a foreign state. Therefore, this action is removable to this Court pursuant to 28 USC 1441.

    A. **Diversity of Citizenship Exists.**

        i. **Plaintiff.**

7. Plaintiff is a registered Limited Liability Company formed on March 10, 2021 with its offices in County Michigan. See Complaint paragraph 1. Accordingly, Plaintiff is deemed to be a citizen of the State of Michigan for purposed of diversity jurisdiction. See 28 U.S.C. ss 1332(c)(1).

    **ii.     Defendant.**

8. Defendant is a Georgia Corporation with its registered agent located in Fulton County, Georgia. Defendant is thus deemed to be citizen of Georgia for purpose of diversity jurisdiction.

9. Under the circumstances, diversity of citizenship exists since the only Plaintiff is a citizen of Michigan and the only Defendant is a citizen of Georgia.

    B. **The Amount -in- Controversy Exceeds $75,000.**

10. At the appropriate time, Defendant will demonstrate that Plaintiff is not entitled to any of the relief sought in the Complaint. For purposes of removal, however, the allegations in the Complaint, accepted as true, demonstrate that the amount in controversy exceeds $75,000.

11. The Complaint seeks to recover damages arising from alleged failure to provide lighting for indoor horticulture.

12. The Complaint alleges the Defendant is entitled to $200,000. principal,

plus interest, an open account" Id. Paragraph 5.

13. Because it is apparent from the face of the Complaint that Plaintiff seeks to recover more than $75,000 in damages, the amount in controversy requirement is satisfied. See 28 U.S. C. ss 1556(c)(2) (" If removal of a civil action is sough on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy….."); see also *Hudspeth v. Gov't Employees Ins. Co.*, No. 6:16-cv-1960-Orl-41KR, 2016 WL 8221940 (M.D. Pla. Dec.27,2016) ("The Eleventh Circuit has instructed that a case is properly removable if it is facially apparent from the complaint that the amount in controversy exceeds $75,000.") (citation omitted).

III. **DEFENDANT RESERVES ALL DEFENSES AND OBJECTIONS.**

14. By removing this action to this Court, Defendant does not waive any defense or objection available to it under state or federal law, and reserves all counterclaims it may have against the Plaintiff.

15. Defendant reserves the right to amend or supplement this Notice of Removal.

16. Defendant requests a trial by jury on all issues so triable.

WHEREFORE, Defendant prays that this action be removed from the Superior Court of Fulton County, State of Georgia, to the United States District Court for the Northern District of Georgia, Atlanta Division and for such other relief as may be just and proper.

Respectfully submitted this 16th day of February, 2023.

        HAYS & POTTER, LLP
        Attorneys for Defendant


        /s/ B. Emory Potter
        James W. Hays
3945 Holcomb Bridge Road, Suite 300    Georgia Bar # 340910
Peachtree Corners, Georgia 30092    B. Emory Potter
Phone: (770) 934-8858    Georgia Bar #      585621
Email: emory@hayspotter.com
13502

## **CERTIFICATE OF COUNSEL**

    This is to certify, pursuant to LR 7.1(D), NDGa., that the foregoing Notice of Removal was prepared using Times New Roman 14-pont font in accordance with Local Rule 5.1(C).

|  |  |
|---|---|
|  | HAYS & POTTER, LLP |
|  | Attorneys for Defendant |
|  |  |
|  | /s/ B. Emory Potter |
|  | James W. Hays |
| 3945 Holcomb Bridge Road, Suite 300 | Georgia Bar # 340910 |
| Peachtree Corners, Georgia 30092 | B. Emory Potter |
| Phone:  (770) 934-8858 | Georgia Bar #      585621 |
| Email: emory@hayspotter.com |  |
| 13502 |  |

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| POTTER FARMS, LLC, | * |
| | * |
| Plaintiff, | * |
| | * |
| vs. | *   Civil Action No. _____ |
| | * |
| REVOLUTION | * |
| MICROELECTRONICS | * |
| (AMERICA), INC. | *   JURY TRIAL DEMANDED |
| | * |
| Defendant. | |

**CERTIFICATE OF SERVICE**

I hereby certify that I served a true and correct copy of the foregoing NOTICE OF REMOVAL by first class United States mail with adequate postage thereon and electronic mail, as indicated below:

    David A Kleber
    Beddard Law Group, PC
    4855 River Green Parkway
    Suite 310
    Duluth, Georgia  30096

Respectfully submitted this 16th day of February, 2023.

<table>
<tr><td></td><td>HAYS & POTTER, LLP<br>Attorneys for Plaintiff</td></tr>
<tr><td></td><td></td></tr>
<tr><td>3945 Holcomb Bridge Road, Suite 300<br>Peachtree Corners, Georgia 30092<br>Phone:  (770) 934-8858<br>emory@hayspotter.com<br>13502</td><td> /s/ B. Emory Potter<br>B. Emory Potter<br>Georgia Bar # 585621</td></tr>
</table>