Fulton County Superior Court
***EFILED***LW
Date: 1/11/2023 2:02 PM
Cathelene Robinson, Clerk

# IN THE SUPERIOR COURT OF FULTON COUNTY, GEORGIA
### 136 PRYOR STREET, ROOM C-103, ATLANTA, GEORGIA 30303
## SUMMONS

| | |
|---|---|
| POTTER FARMS, LLC | ) Case No.: 2023CV374787 |
| Plaintiff, | ) |
| vs. | ) |
| REVOLUTION MICROELECTRONICS (AMERICA), INC. | ) |
| Defendant | ) |

TO THE ABOVE NAMED DEFENDANT(S):

You are hereby summoned and required to file electronically with the Clerk of said Court at https://efilega.tylerhost.net/ofsweb (unless you are exempt from filing electronically) and serve upon plaintiff's attorney, whose name and address is:

David A. Kleber
4855 River Green Parkway Suite 310
Duluth, GA 30096

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service; unless proof of service of this complaint is not filed within five (5) business days of such service. Then time to answer shall not commence until such proof of service has been filed. **IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

This 1/11/2023 day of _____, 20 ____

Honorable Cathelene "Tina" Robinson
Clerk of Superior Court
By /s/ _____
Deputy Clerk

To defendant upon whom this petition is served:
This copy of complaint and summons was served upon you _____, 20 ____

Deputy Sherriff

**Instructions:** Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum is used

Fulton County Superior Court
\*\*\*EFILED\*\*\*LW
Date: 1/11/2023 2:02 PM
Cathelene Robinson, Clerk

# IN THE SUPERIOR COURT OF FULTON COUNTY
# STATE OF GEORGIA

| | |
|---|---|
| POTTER FARMS, LLC<br><br>Plaintiffs,<br><br>v.<br><br>REVOLUTION MICROELECTRONICS (AMERICA), INC.<br><br>Defendant. | Case No. 2023CV374787 |

## COMPLAINT

Now comes Potter Farms, LLC, by and through its undersigned Counsel, and hereby files its Complaint against Revolution Microelectronics (America), Inc., and states as follows:

## PARTIES

1. Plaintiff Potter Farms, LLC, is a Michigan limited liability company ("Potter Farms") with its facility at 1233 River Road West, Bedford Township, Michigan (the "Potter Farms Facility").

2. Defendant Revolution Microelectronics (America), Inc. ("RevMicro") is a Georgia domestic profit corporation with a principal office address at 895 W. Paces Ferry Rd. NW, Atlanta, Georgia 30327.

## JURISDICTION & VENUE

3. RevMicro conducts business in both Georgia and Michigan and is, on information and belief, a Georgia domestic profit corporation with its principal operations located in Fulton County, Georgia.

4. This Court has subject matter jurisdiction over these proceedings pursuant to OCGA §15-7-4 because this matter is not an action for which exclusive jurisdiction is vested in the superior courts.

5. Venue is proper in this Court pursuant to OCGA §9-10-93 and OCGA §14-2-510(b)(2) because the Defendant's registered agent for service is located in Fulton County, its principal offices are in Fulton County, and the forum selection clause in the parties' Agreement designates Fulton County as the proper venue for disputes arising thereunder.

## GENERAL ALLEGATIONS

6. Plaintiff hereby incorporates each of the foregoing paragraphs of the Complaint as though set forth herein.

7. In early 2022, Potter Farms approached RevMicro about purchasing Avici LED Lighting systems.

8. The parties entered into a contract subject to RevMicro's Terms and Conditions of Sale ("the contract"). A true and correct copy of the within and foregoing contract is attached hereto and incorporated herein as **Exhibit A.**

9. On June 29, 2022, RevMicro issued Invoice No. 42899 to Potter Farms indicating that Potter Farms had placed an order for 330 Avici LED lights along with seven (7) controllers (the "Potter Farms Order"). A true and correct copy of the within and foregoing invoice is attached hereto and incorporated herein as *See* **Exhibit B**.

10. Invoice No. 42899 reflected a $200,000 advance payment that RevMicro received from Potter Farms leaving a Balance Due and owing of $149,894.87.

11. The $200,000 "Payment/Credit" reflected in Invoice No. 42899 correlates to a check issued to RevMicro in the amount of $200,000 on June 24, 2022. A redacted copy of the

within and foregoing check is attached hereto and incorporated herein as **Exhibit C**. This check was negotiated by RevMicro on June 29, 2022.

12. Payment of the $200,000 and negotiation of that payment by RevMicro created a binding contract pursuant to the terms of Invoice number 42899.

13. On August 25, 2022, Alan Bivins, RevMicro's Executive Vice President, advised Potter Farms in writing that RevMicro was terminating the business relationship between the parties.

14. Defendant's writing constituted a material breach of the agreement.

15. No portion of the Potter Farms Order has been delivered to the Potter Farms Facility.

16. On September 23, 2022, Potter Farms formally requested a return of the $200,000 paid to RevMicro in relation to Invoice No. 42899, and RevMicro has refused to return such funds.

## COUNT I
### Breach of Contract

17. Plaintiff hereby incorporates each of the foregoing paragraphs of the Complaint as though set forth herein.

18. There was a binding and enforceable contract between Potter Farms and RevMicro, whereby RevMicro was to deliver to Potter Farms 330 Avici LED lights along with seven (7) controllers.

19. Potter Farms provided adequate consideration for the contract.

20. RevMicro, by and through its Executive Vice President, unilaterally terminated the business relationship with Potter Farms, including the contract in issue hereunder.

21. RevMicro has failed and refused to deliver any of the Avici LED lights and controllers to Potter Farms as agreed.

22. RevMicro has failed and refused to return the $200,000 in funds that were conveyed to it by Potter Farms.

23. Potter Farms has been damaged as a result of RevMicro's refusal to perform under the parties' contract and deliver the bargained for Avici LED lighting units and controllers.

24. Potter Farms Entities has been further damaged by RevMicro's refusal to return the $200,000 in funds that were supplied by Potter Farms.

25. Defendant has acted in bad faith, been stubbornly litigious, and has caused Plaintiff unnecessary trouble, and expense in pursuing this matter, and Defendant is therefore liable for Plaintiff's costs and reasonable attorney's fees pursuant to OCGA 13-6-11.

## COUNT II
### Promissory Estoppel

26. Plaintiff hereby incorporates each of the foregoing paragraphs of the Complaint as though set forth herein.

27. RevMicro made a promise to Potter Farms that it would deliver certain quantities of Avici LED lighting units and controllers to the Potter Farms Facility.

28. Potter Farms relied on the promise of RevMicro and did so to its detriment.

29. Because RevMicro holds itself out to the public as a company that specializes in the sale of high output LED lighting fixtures and components, it was reasonable for RevMicro to comprehend that Potter Farms would rely on its promise to deliver certain quantities of Avici LED lighting units and controllers.

## COUNT III
**Unjust Enrichment**

30. Plaintiff hereby incorporates each of the foregoing paragraphs of the Complaint as though set forth herein.

31. In June to 2022, Potter Farms transferred $200,000 of their funds to RevMicro.

32. This transfer of funds conferred a benefit on RevMicro for which Potter Farms have received no corresponding performance.

33. The $200,000 in funds has unjustly enriched RevMicro.

34. Potter Farms is entitled to the return of the funds and compensation for the loss of use of said funds.

WHEREFORE, Plaintiff Potter Farms, LLC prays for the following:

a) That process issue against Defendant according to law;

b) That judgment be rendered in favor of Plaintiff against Defendant, for $200,000 representing the funds improperly retained by Defendant

c) That judgment be rendered in favor of Plaintiff against Defendant, for its tangible and intangible damages as identified by the enlightened minds of an impartial jury.

d) For attorney's fees in an amount to be proven at trial;

e) For all costs of Court; and

f) For any and all other and further relief as this Honorable Court may deem appropriate under the circumstances.

Respectfully submitted,

/s/ *David Kleber*

David A. Kleber
Ga. Bar No . 425501

John H. Bedard, Jr.
Ga. Bar No. 043473

Bedard Law Group, PC
4855 River Green Parkway
Suite 310
Duluth, Georgia 30096
678-253-1871

# EXHIBIT "A"

Revolution Microelectronics (America) Inc.

TERMS AND CONDITIONS OF SALE

Sale of Revolution Microelectronics (America) Inc. ["RevMicro"] goods shall be pursuant to these terms and conditions, which shall be controlling as to all transactions between the parties hereto and supersede any terms or conditions included in any purchase order submitted to RevMicro. These terms can only be amended by a written agreement between RevMicro and The Customer.

Customer, as identified on the reverse of this document, shall present a purchase order ["PO"] to RevMicro for all goods to be sold to Customer. Upon review of the PO, be it written or oral, Rev Micro shall, within seven (7) days of receipt of same, issue a Sales Order and confirm the price of the goods and the amount of deposit to be provided to RevMicro in order to produce the goods in question and make ready for delivery. In the event of a blanket PO covering more than one shipment, RevMicro will issue Sales Orders as requested by the customer to meet their release schedule. Changes requested to a Sales Order presented and accepted by Customer and will be re-priced by RevMicro which may lead to an increase in or loss of some of the original deposit.

Customer is responsible for all costs, taxes, fees of shipping and shall arrange for shipping Ex-Works unless noted otherwise on the Sales Order. Within 15 days of Customer approving the Sales Order, RevMicro shall supply a proposed delivery date for the goods. Once goods are ready for shipment, terms for payment are net seven (7) days from notification of same to Customer. If not paid within thirty (30) days, the Customer shall be in default and RevMicro may exercise any remedy allowable under the UCC, including but not limited to, resale to recover damages. RevMicro shall use best efforts to meet the delivery schedule but due to ongoing supply chain disruptions by COVID-19 can not guarantee it.

Limited Warranty: RevMicro warrants its products for repair or replacement of any defect in a unit for a period of 3 years after delivery. All warranty requests by Customer require delivery of the defective unit to RevMicro for inspection and determination of validity of the claim. All decisions by RevMicro relating to the warranty claim shall be final and binding upon customer. Any misuse, abuse, negligence or failure to abide by the instructions supplied with the unit shall void the warranty. THIS IS THE ONLY WARRANTY PROVIDED AND REVMICRO HEREBY DISCLAIMS ANY WARRANTY FOR MERCHANTIBILITY AND FITNESS FOR A PARTICULAR PURPOSE, REVMICRO WILL NOT BE LIABLE FOR ANY INCIDENTAL OR CONSEQUENTIAL DAMAGES ASSERTED AS A RESULT OF ANY WARRANTY CLAIM.

Customer represents that Customer is not a "consumer" as defined in the Federal Consumer Credit Protection Act or any other consumer protection laws, whether federal or state. All goods purchased by Customer are solely for business and commercial purposes.

These terms of sale are governed by the laws of the State of Georgia and the venue for any action brought under this agreement shall be exclusive to the state and federal courts of the State of Georgia located in Fulton County. Customer hereby consents to exclusive personal jurisdiction in the State of Georgia. Customer shall be responsible for all costs of collection under these terms and conditions, including interest at 18% per annum and attorney's fees of 15% of all amounts due hereunder.

Approved: 07/24/20

# EXHIBIT "B"



**895 W Paces Ferry Rd NW**
**Atlanta, GA 30327**
Tel. +1 404-334-9788

# Invoice

| Date | P.O. Number | Invoice Number |
|---|---|---|
| 6/29/2022 | | 42899 |

| Due Date | Terms | Ship Via |
|---|---|---|
| 6/29/2022 | | LCL / Sea |

**Bill To:**
Potter Farms
Corey Potter

**Ship To:**

| Item Code | Quantity | Description | Price Each | Amount |
|---|---|---|---|---|
| AVICI | 330 | Avici 1150W 120/240/277 Integrated LED Lighting System, USA, w/ NEMAL7 277v Power Cable Flower rooms 1-6) | 1,029.00 | 339,570.00 |
| RLC1-USA | 7 | Revolution digital ballast controller | 299.00 | 2,093.00 |
| SHIPPING | 1 | Shipping cost | 8,231.872 | 8,231.87 |

**Total USD**  $349,894.87

**Payments/Credits**  -$200,000.00

**Balance Due**  $149,894.87

**Bank Details**
- Beneficiary's Name  : Revolution Microelectronics (America)
- Beneficiary's Bank  : East-West Bank
                       : 2727 Paces Ferry Rd SE, Atlanta GA 30339
- ABA  : ▇▇▇▇▇
- Account No.  : ▇▇▇▇▇
- Branch Code  : ATL
- Currency  : USD
- Swift Code  : ▇▇▇▇▇

Questions or need help?  Accounting@RevolutionMicro.com

# EXHIBIT "C"



Close



Close

**EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
FULTON COUNTY, GEORGIA

**2023CV374787**

JAN 17, 2023 12:56 PM

Cathelene Robinson, Clerk
Fulton County Superior Court

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| POTTER FARMS, LLC<br><br>   Plaintiffs,<br><br>v.<br><br>REVOLUTION MICROELECTRONICS (AMERICA), INC.<br><br>   Defendant. | Case No. 2023CV374787 |

## ACKNOWLEDGMENT OF SERVICE

Due and legal service of the SUMMONS and COMPLAINT in the above-styled case is hereby acknowledged. Any and all other and further service of the Complaint, and any defenses to the manner or sufficiency of service is hereby waived.

This 17th day of January, 2023.

/s/ B. Emory Potter
B. Emory Potter
Georgia Bar No.
Attorney for Defendant

Hays & Potter, LLP
3945 Holcomb Bridge Rd.
Suite 300
Peachtree Corners, Georgia 30092
(770) 934-8858

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| POTTER FARMS, LLC<br><br>Plaintiffs,<br><br>v.<br><br>REVOLUTION MICROELECTRONICS (AMERICA), INC.<br><br>Defendant. | Case No. 2023CV374787 |

**CERTIFICATE OF SERVICE PURSUANT TO RULE 5.2**

Pursuant to Rule 5.2 of the Uniform Superior Court Rules, the undersigned counsel for Plaintiff hereby certifies that Plaintiff's Request for Admissions was served upon the Defendant, by and through its attorney, on February 1, 2023, by placing the same in the U.S. mail, properly addressed and with sufficient postage as follows:

B. Emory Potter
Hays & Potter, LLP
3945 Holcomb Bridge Rd.
Suite 300
Peachtree Corners, Georgia 30092

This February 1, 2023.

Respectfully submitted,

/s/ *David Kleber*

David A. Kleber
Ga. Bar No . 425501
Attorney for Plaintiff

Bedard Law Group, PC
4855 River Green Parkway Suite 310
Duluth, Georgia 30096
678-253-1871