IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    PLAINTIFF,<br><br>    v.<br><br>$45,350.00 IN UNITED STATES CURRENCY,<br>    DEFENDANT. | Civil Action No. |

**VERIFIED COMPLAINT FOR FORFEITURE**

NOW COMES plaintiff United States of America, by Ryan K. Buchanan, United States Attorney, and Radka T. Nations, Assistant United States Attorney, for the Northern District of Georgia, and shows the Court the following in support of its Verified Complaint for Forfeiture:

**NATURE OF THE ACTION**

1. This is a civil forfeiture action against $45,350.00 in United States currency ("Defendant Currency") that agents with the United States Drug Enforcement Administration ("DEA") seized from Deion Lamar Meadows on or about October 6, 2022, at the Hartsfield-Jackson Atlanta International Airport located at 6000 North Terminal Parkway, Atlanta, Georgia 30320, within the Northern District of Georgia.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1345 and 1355.

3. This Court has *in rem* jurisdiction over the Defendant Currency pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this district.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1)(A) because the acts or omissions giving rise to the forfeiture occurred in this district and pursuant to 28 U.S.C. § 1395 because the property is located in this district.

5. The Defendant Currency is presently being held in a government account maintained by the United States Marshals Service.

## BASIS FOR FORFEITURE
### Relevant Statutes

6. The Defendant Currency is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) on the grounds that it was furnished or intended to be furnished in exchange for a controlled substance, constitutes proceeds traceable to such an exchange, or was used or intended to be used to facilitate a violation of 21 U.S.C. § 841.

7. The Defendant Currency also is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) on the grounds that it constitutes or was derived from proceeds traceable to a violation of a "specified unlawful activity."

8. 18 U.S.C. § 1956(c)(7) defines, in relevant part, a "specified unlawful activity" as any act or activity constituting an offense listed in 18 U.S.C. § 1961(1).

9. 18 U.S.C. § 1961(1) includes, as part of the list of offenses, "dealing in a controlled substance or listed chemical."

## Factual Background
### *Seizure of Defendant Currency*

10. On or about October 6, 2022, DEA Task Force Officers Jarrod Browder and Christopher Cole were at the Atlanta Airport conducting random interdictions at Gate A12, Delta Flight 345 to Los Angeles, California ("Flight 345").

11. Officer Browder approached an individual, later identified as Meadows, who was standing in the departure gate area waiting to board Flight 345 and appeared to be very nervous.

12. Officer Browder identified himself as a DEA law enforcement officer and asked to speak with Meadows about his travel.

13. Meadows agreed to speak with Officer Browder.

14. Officer Browder asked Meadows for his identification.

15. Meadows provided Officer Browder with a driver's license issued by

the State of Alabama.

16. Officer Browder explained to Meadows that he works at the Atlanta Airport and conducts random interdiction stops.

17. Officer Browder further explained to Meadows that he was with DEA and his group specifically looks for illegal narcotics and drug proceeds at the Atlanta Airport.

18. Officer Browder asked Meadows if he was carrying any illegal narcotics.

19. Meadows replied that he was not carrying illegal narcotics.

20. Officer Browder asked Meadows if he was carrying a large amount of cash, or cash over $5,000.

21. Meadows hesitated and later replied that he was carrying approximately $6,000.

22. Officer Browder asked Meadows if he had checked any luggage with the airline.

23. Meadows replied that he had not checked any luggage, however, Officer Browder later learned that Meadows had self-checked a bag at the airline's ticketing counter.

24. Officer Browder asked Meadows if he could search his carry-on

suitcase and book bag.

25. Meadows consented to a search of his suitcase and bookbag.

26. During the search of Meadows' blue rolling suitcase, Officer Browder observed a large amount of United States currency located in the pants legs of two separate pair of paints inside the suitcase.

27. Officer Browder searched Meadows' book bag and observed another large amount of United States currency.

28. Officer Browder asked Meadows how much money he was carrying in total.

29. Meadows initially stated that it was about $6,000. Meadows later told Officer Browder that he was carrying around $12,000 to $14,000.

30. Officer Browder asked Meadows his reasons for traveling to California.

31. Meadows initially stated he was going to Los Angeles to hang out with family and maybe purchase a dog.

32. Later, Meadows changed his story and told Officer Browder that he was traveling to Los Angeles to shop because he liked nice things.

33. Officer Browder asked Meadows when he had purchased the ticket for Flight 345.

34. Meadows replied that he had purchased the plane ticket the previous day, on October 5, 2022.

35. Officer Browder asked Meadows when he was returning to Atlanta and Meadows stated he was returning in two days. However, Officer Browder noticed that according to Meadows' flight itinerary, Meadows had only purchased a one-way ticket.

36. Officer Browder asked Meadows where he would be staying when he arrived in Los Angeles.

37. Meadows stated that he did not have a hotel reservation.

38. Meadows told Officer Browder that he had a lawn care company called Dr. Cutz and an organic dog food company called Dr. Raw.

39. Officer Browder asked Meadows if the businesses were registered with the Alabama Secretary of State and Meadows stated they were.

40. Officer Browder asked Meadows for proof of the source of the cash.

41. Meadows showed Officer Browder a photograph on his cellphone of two bank receipts. According to Meadows, these bank receipts were sent by his girlfriend Racia Macon. The banks receipts showed that $3,000 had been withdrawn from the bank and that there was a balance in each account of a little over $400.

42. Meadows stated that $3,000 of the money that DEA found in his luggage belonged to his girlfriend.

43. Officer Browder observed that Meadows had well over $6,000 in cash inside his luggage.

44. Officer Browder advised Meadows that his story wasn't adding up with why he was carrying so much money and his travel plans.

45. Meadows stated that he understood.

46. Officer Browder told Meadows that his money was being seized pending further investigation and that he would need to prove where the money came from.

47. Meadows stated that he understood.

48. Officer Browder provided Meadows with a receipt for the (at the time) undetermined amount of United States currency and allowed him to resume his travel.

49. Officer Browder observed that Meadows did not board Flight 345. Officer Browder offered to help Meadows change his flight, but Meadows refused the help.

50. On that same date, "Bane," a Police Work Dog certified in the detection of narcotics, conducted an open-air sniff on the money seized from

Meadows.

51.     Bane gave a positive alert as to the odor of narcotics on the Defendant Currency.

52.     On October 12, 2022, Officer Browder transported the money seized from Meadows to Loomis for an official count. Loomis determined the United States currency seized from Meadows was $45,350.

### *Administrative Proceedings*

53.     On January 5, 2023, Meadows filed a claim with the DEA to the Defendant Currency, asserting that he is the owner of the Defendant Currency.

54.     Pursuant to 18 U.S.C. § 983(a)(3), DEA then referred the matter for judicial forfeiture proceedings to the United States Attorney's Office for the Northern District of Georgia.

### CONCLUSION

55.     Based on the foregoing, the Defendant Currency is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6) on the grounds that it was furnished or was intended to be furnished in exchange for a controlled substance, that it constitutes proceeds traceable to such an exchange, or that it was used or was intended to be used to facilitate the possession of a controlled substance in violation of 21 U.S.C. § 841.

56. The Defendant Currency is also subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C), because it constitutes or was derived from proceeds traceable to a specified unlawful activity, namely the illegal distribution of controlled substances.

WHEREFORE, the United States prays:

(1) that the Court forfeit the Defendant Currency to the United States of America;

(2) that the Court award Plaintiff the costs of this action; and

(3) that Plaintiff have such other and further relief as the Court deems just and proper under the facts and circumstances of this case.

This 15th day of February 2023.

                Respectfully submitted,

                RYAN K. BUCHANAN
                  *United States Attorney*
                  600 United States Courthouse
                  75 Ted Turner Drive, S.W.
                  Atlanta, GA 30303
                  (404) 581-6000

/s/RADKA T. NATIONS
        *Assistant United States Attorney*
        Georgia Bar No. 618248
        Radka.Nations2@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    PLAINTIFF,<br><br>    v.<br><br>$45,350.00 IN UNITED STATES CURRENCY,<br>    DEFENDANT. | Civil Action No. |

## **VERIFICATION OF COMPLAINT FOR FORFEITURE**

I, Jarrod Browder, have read the Complaint for Forfeiture in this action and state that its contents are true and correct to the best of my knowledge and belief based upon my personal knowledge of the case and upon information obtained from other law enforcement personnel.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

This 15th day of February, 2023.

_____
JARROD BROWDER
Task Force Officer
U.S. Drug Enforcement Administration