## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| Anh Tuan Vu Nguyen, | Civil No: |
| Plaintiff, | COMPLAINT TO COMPEL AGENCY ACTION UNDER 28 U.S.C. § 1361 AND 5 U.S.C. §§ 555(b), 706(1), AND FOR A WRIT OF MANDAMUS TO COMPEL DEFENDANTS' ADJUDICATION OF FORM I-290B, NOTICE OF APPEAL OR MOTION |
| v. | |
| Ur Mendoza Jaddou, Director of U.S. Citizenship and Immigration Services, | |
| Defendant. | |
| | USCIS Case: IOE-09-157-58912 |

## COMPLAINT FOR WRIT OF MANDAMUS

**To the Honorable Judges of Said Court:**

Plaintiff, Mr. Anh Tuan Vu Nguyen, through undersigned counsel, alleges as follows:

## I.    INTRODUCTION

1.    Plaintiff seeks temporary, preliminary and permanent mandatory injunctive relief and a writ of mandamus to compel Defendant to perform her clear legal duty to adjudicate his I-290B application, which has been pending for

1

nearly 12 months.

2.      Defendant's unreasonable delay has inflicted immediate and irreparable

harm upon Plaintiff. His prior application for adjustment of status was

wrongfully denied on January 21, 2022 resulting in the termination of his

employment authorization. As a result Plaintiff has been out of work since

that date. He has lost various job benefits, including his income, and has

accrued unlawful presence in the United States. Those losses are irreparable

because he cannot recover them in an action against the Defendant for

monetary damages. He has also suffered severe financial harm, including the

inability to support his family.

3.      This Court is authorized by the Administrative Procedure Act, 5 U.S.C.

§ 551 et seq. and the Mandamus Act, 28 U.S.C. § 1361, to issue an order

compelling Defendant to adjudicate Plaintiff's Form I-290B without further

delay.

4.      Accordingly, Plaintiff seeks emergency relief that requires Defendant to

adjudicate his Form I-290B immediately, and in no event later than 30

calendar days from the date of the Court's order granting relief.

## II.    JURISDICTION

5.    This Court has general federal question jurisdiction over this action under
5 U.S.C. §§ 555(b) and 706(a), 28 U.S.C. § 1361, and 28 U.S.C. § 1331(a).
Jurisdiction is also conferred by 5 U.S.C. § 704.

6.    This Court has subject-matter jurisdiction of this action under 5 U.S.C. § 702
and 28 U.S.C. §§ 1331, 1361, and 1651.

## III.    VENUE

7.    Venue in the Northern District of Georgia is proper pursuant to 28 U.S.C.
§ 1391(e).

## IV.    EXHAUSTION

8.    There are no administrative remedies available for Plaintiff to exhaust.

## V.    PARTIES

9.    Plaintiff Anh Tuan Vu Nguyen (Alien Registration Number A219-428-658)
is a resident of Gwinnett County, Georgia and is an applicant for adjustment
of status to that of a lawful permanent resident.

10.    Defendant Ur Mendoza Jaddou is the Director of USCIS, a fee-for-service
agency which is responsible for the administration and enforcement of the
immigration laws of the United States.

## VI.   FACTUAL ALLEGATIONS

11.   Plaintiff, a 40-year-old male who is a native and citizen of Vietnam, entered the United States on August 18, 2019, as a visitor and has resided continuously in the United States since then. *See* Exhibit A.

12.   Plaintiff filed an application for adjustment of status on January 7, 2020. *See* Exhibit B.

13.   Plaintiff is the beneficiary of an I-140 visa petition approved on February 12, 2020. *See* Exhibit C. Koch Foods of Gadsden, LLC, filed this petition on November 19, 2019, with USCIS carrying a priority date of April 16, 2018. *Id*.

14.   Visa numbers were available at the time the Plaintiff filed his adjustment of status application with USCIS.

15.   On January 21, 2022, the USCIS denied Plaintiff's application for adjustment of status citing section 212(a)(6)(c)(i) of the Immigration and Nationality Act. In its decision, USCIS alleged that the Plaintiff had committed fraud and willful misrepresentation by entering on a B-2 visa with the preconceived immigrant intent of seeking permanent residency in the United States. *See* Exhibit D.

16.   On March 30, 2022, Plaintiff submitted a Form I-290B, Notice of Appeal or Motion, with the USCIS Sacramento Field Office countering the allegations of willful misrepresentation and fraud referenced above and requesting USCIS to reopen and reconsider the erroneous denial of Plaintiff's adjustment of status application. *See* Exhibit E.  Plaintiff submitted extensive documentation refuting USCIS' claims that he engaged in fraud and willful misrepresentation at the time of his entry into the United States. At this time, the motion remains pending. *See* Exhibit F.

17.   On March 11, 2022, the Plaintiff submitted another adjustment of status application with USCIS (hereinafter "the 2022 application") in order to avoid accruing any unlawful presence while waiting for the Form I-290B to be adjudicated. Inexplicably, USCIS summarily denied the 2022 application on June 15, 2022. *See* Exhibit G.  The decision stated "You were informed that USCIS finds you inadmissible to the United States and you have not overcome the basis for denial prescribed in the NOID and USCIS denied your form I-485."

18.   The Plaintiff has at all times met and continues to meet the requirements necessary to adjust status in the United States.

19.   Nevertheless, nearly 12 months after Plaintiff submitted his Form I-290B, USCIS still has not adjudicated it.

20.   Defendant's unreasonable delay in adjudicating Plaintiff's Form I-290B has caused and will cause him to suffer significant financial, professional, and emotional hardship.

## COUNT ONE
### (Administrative Procedure Act, 5 U.S.C. § 706(1))

21.   Plaintiff incorporates the allegations in the foregoing paragraphs as if they were fully restated herein.

22.   Pursuant to the Administrative Procedure Act, 5 U.S.C. § 706(a), this Court shall compel agency action that has been unlawfully withheld or unreasonably delayed.

23.   Defendant is unreasonably delaying adjudication of Plaintiff's Form I-290B. *See Telecommunications Research & Action Ctr. v. FCC ("TRAC")*, 750 F.2d 70, 80 (D.C. Cir. 1984). *Id.* at 80. Each TRAC factor favors a finding that the Defendant's delay is unreasonable. *Id.*

## TRAC Factors 1 and 2: Statutory or Regulatory Deadline

24.    Defendant does not have a rule of reason for adjudicating Form I-290B. To

the extent it does, it has not applied such a rule in this case.

25.    Defendant does not list processing time for I-290B applications.

*See* Exhibit H. Thus, there is no guidance with respect to the appropriate

processing time for this application  The APA requires USCIS to make

decisions on pending applications within a reasonable amount of time. *See*

*e.g., Didban v. Pompeo*, 435 F. Supp. 3d 168, 175 (D.D.C. 2020). Plaintiff's

I-290B application has been pending for nearly 12 months. A delay this long

is entirely unreasonable, as are the unexplained increases in general

processing times by the USCIS. Plaintiff should not be required to wait

further when the announced unreasonable processing times may simply

grow longer and longer.

## TRAC Factors 3 and 5: Impact on Health and Human Welfare and nature and Extent of Harm Prejudiced by Delay

26.    Plaintiff has lost proof of lawful immigration status as a result of agency

delay.

27. Plaintiff has lost employment authorization as a result of agency delays in processing their applications.

28. Plaintiff has lost income needed to support his family as a result of agency delay in processing his Form I-290B.

29. Plaintiff has suffered mental anguish from uncertainty caused by losing status, employment authorization, and jobs.

30. Plaintiff's immigration status is left in limbo and any further delay will cause irreparable harm to Plaintiff's immigration status due to the continuous accrual of unlawful presence.

31. The Defendant's delay in processing has had a direct and profoundly harmful effect on Plaintiff's health and welfare.

## **TRAC 4: Existence of Higher Competing Priorities**

32. Compelling agency action here would have no effect on an activity of a higher or competing priority. Although it is true that the agency temporarily closed its field offices in March 2020 for a few months due to the Covid-19 pandemic, they have been reopened for over two years now. The delay is not due to a lack of agency resources.

**TRAC 6: Agency Delays Caused by Bad Faith or Impropriety**

33.    Finally, this Court need not find impropriety to find this delay unreasonable.

Nevertheless, there exists significant evidence in the public record

supporting impropriety. For example, Department of Homeland Security

Secretary Alejandro Mayorkas has publicly stated that USCIS is still

working to recover from being "gutted" by the previous administration,

which of course has resulted in harm to Plaintiffs and many others like them.

*See* Owen Quinn "DHS chief defends Biden admin on immigration, says

Trump 'gutted' system", ABC News, Mar. 1, 2021, *available at*

https://abcnews.go.com/Politics/dhs-chief-defends-biden-adminimmigration-

trump-gutted/story?id=76189428 (last accessed February 15, 2023).

34.    Each TRAC factor weighs in favor of ordering the Defendant to follow their

own policies and to adjudicate the I-290B application. Under these unique

circumstances, the delay for adjudication is unreasonable.

35.    Despite Plaintiff's diligent efforts, including filing a complete I-290B

application and paying the applicable filing fees, it does not appear that

Defendant is moving forward on adjudicating Plaintiff's Form I-290B,

Notice of Appeal or Motion.

36.     Plaintiff has no other adequate remedy in court to redress Defendant's

        unreasonable delay in adjudicating his Form I-290B.

37.     Defendant's failure to adjudicate Plaintiff's Form I-290B has caused and will

        imminently cause substantial and concrete harm to Plaintiff.

38.     Plaintiff seeks a mandatory temporary restraining order and preliminary and

        permanent injunction relief that requires Defendant to adjudicate his Form

        I-290B immediately, and in no event later than 30 days after the date of the

        Court's order.

39.     Plaintiff further seeks an award of reasonable attorneys' fees and costs.

## COUNT TWO
### (Writ of Mandamus, 28 U.S.C. § 1361)

40.     Plaintiff incorporates the allegations in the foregoing paragraphs as if they

        were fully restated herein.

41.     Pursuant to 28 U.S.C. § 1361, this Court has original jurisdiction of this

        action in the nature of mandamus to compel Defendant, who is an agency,

        officer, or employee of the United States, to perform a duty owed to

        Plaintiff.

42.   Plaintiff has a clear right to have his Form I-290B adjudicated within a reasonable time and "[w]ith due regard" for his convenience and necessity. 5 U.S.C. § 555(b).

43.   Defendant has a clear legal duty to conclude matter presented to it "within a reasonable time." 5 U.S.C. § 555(b).

44.   Plaintiff has no other adequate remedy to redress Defendant's unreasonable delay in adjudicating his Form I-290B.

45.   Defendant's failure to adjudicate  Plaintiff's Form I-290B has caused and will imminently cause substantial and concrete harm to Plaintiff.

46.   Plaintiff seeks a writ of mandamus that requires Defendant to adjudicate his Form I-290B immediately, and in no event later than 30 days after the date of the Court's order.

47.   Plaintiff further seeks an award of reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays as follows:

1.  The Court enter a mandatory temporary restraining order that requires Defendant to adjudicate Plaintiff's Form I-290B immediately, and in no event later than 30 calendar days after the date of the Court's order;

2.  The Court issue a writ of mandamus that compels Defendant to adjudicate Plaintiff's Form I-290B immediately, and in no event later than 30 calendar days after the date of the Court's order;

3.  The Court enter preliminary and permanent injunctions that require Defendant to adjudicate Plaintiff's Form I-290B immediately, and in no event later than 30 calendar days after the date of the Court's order;

4.  Plaintiff recover his reasonable attorneys' fees and costs under the Equal Access to Justice Act; and

5.  Plaintiff has such other and further relief that the Court deems just and equitable.

Respectfully Submitted this 16th of February, 2023.

_____/s/_____

Eli A. Echols, Esq.

Georgia Bar # 141839

Attorney for the Plaintiff

Socheat Chea, P.C.

3500 Duluth Park Lane, Bldg. 300

Duluth, Georgia 30096

(770) 623-8880

(770) 623-8852 (fax)

eli@socheatchea.com

## <u>CERTIFICATE OF SERVICE</u>

This is to certify I electronically filed the foregoing **COMPLAINT FOR WRIT OF MANDAMUS** and its accompanying Exhibits with the Clerk of Court using the CM/ECF system. This system will automatically send email notification of such filing to all below Defendants who are registered with this system. In addition, in compliance with local rules, this initial Complaint and the accompanying Exhibits and summons have also been served by First Class Certified Mail, postage pre-paid, on:

Ur M. Jaddou, Director USCIS
c/o
Office of the Chief Counsel
5900 Capital Gateway Drive
Mail Stop 2120
Camp Springs, MD 20588-0009

Ryan K. Buchanan, U.S. Attorney
Richard B. Russell Federal Building
75 Ted Turner Dr. SW
Atlanta, Georgia 30303

Certified this 16th day of February, 2023.

_____/s/_____
Eli A. Echols, Esq.
Georgia Bar # 141839
Attorney for the Plaintiff
Socheat Chea, P.C.
3500 Duluth Park Lane, Bldg. 300
Duluth, Georgia 30096
(770) 623-8880
(770) 623-8852 (fax)
eli@socheatchea.com

14

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| Anh Tuan Vu Nguyen, | Civil No: |
| Plaintiff, | COMPLAINT TO COMPEL AGENCY ACTION UNDER 28 U.S.C. § 1361 AND 5 U.S.C. §§ 555(b), 706(1), AND FOR A WRIT OF MANDAMUS TO COMPEL DEFENDANTS' ADJUDICATION OF FORM I-290B, NOTICE OF APPEAL OR MOTION |
| v. | |
| Ur Mendoza Jaddou, Director of U.S. Citizenship and Immigration Services, | |
| Defendant. | |
| | USCIS Case: IOE-09-157-58912 |

## LIST OF EXHIBITS

Exhibit A      Plaintiff's passport biographical page, visa, and admission stamp;

Exhibit B      Receipt for Form I-485, Application for Adjustment of Status for Plaintiff;

Exhibit C      Approval Notice for Form I-140, Immigrant Petition for Alien Worker, for Plaintiff;

Exhibit D      Decision, dated January 21, 2022 for Plaintiff's Form I-485 application filed on January 7, 2020;

Exhibit E      Copy of Plaintiff's I-290B application receipt notice, filing, and brief in support of motion to reopen and reconsider;

Exhibit F      Case Status Online printout from uscis.gov;

Exhibit G         Decision, dated June 15, 2022 for Plaintiff's subsequent Form
                  I-485 application filed on March 11, 2022; and

Exhibit H         Screenshot of case processing times menu from USCIS.gov
                  showing no option to display processing times for Form I-290B.

Respectfully Submitted this 16th of February, 2023.

_____/s/_____
Eli A. Echols, Esq.
Georgia Bar # 141839
Attorney for the Plaintiff
Socheat Chea, P.C.
3500 Duluth Park Lane, Bldg. 300
Duluth, Georgia 30096
(770) 623-8880
(770) 623-8852 (fax)
eli@socheatchea.com