June 15, 2022



U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
26 Federal Plaza
New York, NY 10278

**U.S. Citizenship and Immigration Services**

SOCHEAT CHEA
SOCHEAT CHEA P C
3500 DULUTH PARK LANE NW STE 300
DULUTH, GA 30096


MSC2290344560


A219-428-658

RE: ANH TUAN VU NGUYEN
I-485, Application to Register Permanent Residence or Adjust Status

## DECISION

Dear ANH NGUYEN:

On March 11, 2022, you filed a Form I-485, Application to Register Permanent Residence or Adjust Status, with U.S. Citizenship and Immigration Services (USCIS) under section 245 of the Immigration and Nationality Act (INA). You filed Form I-485 based on being the beneficiary of an employment-based immigrant petition.

After a thorough review of your application, your testimony during your interview, and the record of evidence, we must inform you that we are denying your application. To qualify for adjustment under INA 245, an applicant must:

- Be inspected and admitted or inspected and paroled into the United States;
- Be eligible to receive an immigrant visa;
- Be admissible to the United States for permanent residence; and
- Have an immigrant visa immediately available at the time the application is filed.

You must demonstrate that you are eligible to adjust status to a lawful permanent resident (LPR). See Title 8, Code of Federal Regulations (8 CFR), section 245.1.

**Statement of Facts and Analysis, Including Reason(s) for Denial**

On January 07, 2020 you filed the Form I-485 Application to Register Permanent Residence or Adjust Status, with U.S. Citizenship and Immigration Services (USCIS) under section 245 of the Immigration and Nationality Act (INA). You filed Form I-485 based on being the beneficiary of an employment-based immigrant petition. On April 13, 2021, you appeared for an interview to determine your eligibility for adjustment of status. During the interview and review of your application with an Immigration Services Officer, you testified that the information on your Form I-485, along with any amendments made during the adjustment interview, and supporting evidence were true and correct. At the interview, you provided testimony under oath. On May 27, 2021 you were issued an Notice of Intent to Deny (NOID) advising you that the evidence supporting the application was insufficient to establish your eligibility for adjustment at the time you filed the application. You responded to the NOID on August 27, 2021. On January 21, 2022 you were issued a decision on the Form I-485 that you filed on January 07, 2020. You were informed that USCIS finds you inadmissible to the United

States and you have not overcome the basis for denial prescribed in the NOID and USCIS denied your form I-485.

On March 11, 2022 you filed the Form I-485 Application to Register Permanent Residence or Adjust Status, with U.S. Citizenship and Immigration Services (USCIS) under section 245 of the Immigration and Nationality Act (INA). You filed Form I-485 based on being the beneficiary of an employment-based immigrant petition, the same employment-based immigrant petition that you filed your previous Form I-485. You have provided no evidence to indicate you are immediately entitled to an immigrant visa on any other basis. Therefore, you are not qualified to adjust status, and USCIS denies your Form I-485. See INA 245(a)(3).

You have not established that you are eligible for adjustment under INA 245. Therefore, USCIS must deny your Form I-485.

The evidence of record shows that, when you filed your application, you were lawfully present in the United States. Your period of authorized stay has expired. You are not authorized to remain in the United States. If you fail to depart the United States within 33 days of the date of this letter, USCIS may issue you a Notice to Appear and commence removal proceedings against you with the immigration court. This may result in your being removed from the United States and found ineligible for a future visa or other U.S. immigration benefit. See sections 237(a) and 212(a)(9) of the INA.

To review information regarding your period of authorized stay, check travel compliance, or find information on how to validate your departure from the United States with Customs and Border Protection (CBP), please see (https://i94.cbp.dhs.gov/I94/#/home).



You may not appeal this decision. However, if you believe that the denial of your Form I-485 is in error, you may file a motion to reopen or a motion to reconsider using Form I-290B, Notice of Appeal or Motion. The grounds for a Motion to Reopen and Motion to Reconsider are explained in 8 CFR 103.5(a). You must file Form I-290B within 30 days of the date of this decision if this decision was served in person, or within 33 days if the decision was served by mail. See 8 CFR 103.5(a) and 103.8(b). Note: You must follow the most current filing instructions for Form I-290B, which can be found at www.uscis.gov.

To access Form I-290B or if you need additional information, please visit the USCIS Web site at www.uscis.gov or call the USCIS Contact Center toll free at 1-800-375-5283. You may also contact the USCIS office having jurisdiction over your current place of residence.

**NOTE on Employment Authorization Document:** Any employment authorization based upon this Form I-485 is automatically terminated if the expiration date on the employment authorization document has been reached. See 8 CFR 274a.14(a)(1)(i). Since this Form I-485 is denied, the condition upon which your employment authorization was based no longer exists. Any unexpired employment authorization based upon this Form I-485 is revoked as of 18 days from the date of this notice, unless you submit, within 18 days, proof that your Form I-485 remains pending. See 8 CFR 274a.14(b)(2). The decision by the district director shall be final and no appeal shall lie from the decision to revoke the authorization. Your employment authorization document should be returned to the local USCIS office.

**NOTE on Advance Parole Document:** Any advance parole document based upon this Form I-485 is automatically terminated if the expiration date of the time for which parole was authorized has been reached. See 8 CFR 212.5(e)(1)(ii). Since this Form I-485 is denied, the purpose for which your advance parole document was issued has been accomplished. Any unexpired advance parole

document issued to you based upon this Form I-485 is terminated as of the date of this notice. See 8 CFR 212.5(e)(2)(i). Your advance parole document should be returned to the local USCIS office.

Sincerely,

*Gina Pastore*

Gina Pastore
Field Office Director

cc: SOCHEAT CHEA

MSC2290344560

A219-428-658