# Exhibit A

E-FILED IN OFFICE - JT
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-00085-S2**
1/6/2023 2:31 PM

**TIANA P. GARNER, CLERK**

## General Civil and Domestic Relations Case Filing Information Form

☐ **Superior or** ☒ **State Court of** Gwinnett State Court _____ **County**

| | |
|---|---|
| **For Clerk Use Only** | |
| **Date Filed** _____ | **Case Number** _____ |
| **MM-DD-YYYY** | **23-C-00085-S2** |

| **Plaintiff(s)** | **Defendant(s)** |
|---|---|
| Sorrow, Quentin | Anixter, Inc. |

| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | Doe, John | | | | |

| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | |

| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | |

| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|---|---|---|---|---|

**Plaintiff's Attorney** A. Joel Williams _____ **State Bar Number** 365853 _____ **Self-Represented** ☐

### Check one case type and one sub-type in the same box (if a sub-type applies):

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Contract
- ☐ Garnishment
- ☒ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____     _____
**Case Number**                              **Case Number**

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

CLERK OF STATE COURT
GWINNETT COUNTY, GEORGI
**23-C-00085-S**
**1/6/2023 2:31 PI**
**TIANA P. GARNER, CLER**

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

QUENTIN SORROW,                          )
                                         )
        Plaintiff,                       )
                                         )
                                         )   CIVIL ACTION FILE     23-C-00085-S2
v.                                       )   NO. _____
                                         )
ANIXTER, INC. AND JOHN DOE               )
                                         )
        Defendants.                      )

## COMPLAINT

COMES NOW Plaintiff QUENTIN SORROW, by and through his undersigned counsel, and files this Complaint for Damages, showing this Court as follows:

1.

Plaintiff is an adult and resides in Lexington, Oglethorpe County, Georgia.

2.

Defendant ANIXTER, INC. (hereinafter "ANIXTER" or collectively "Defendants"), is a corporation duly registered to conduct business in the State of Georgia and may be served through its registered agent, Corporation Service Company, at 2 Sun Court, Suite 400, Peachtree Corners, Gwinnett County, GA 30092.

3.

The cause of action at issue in this case occurred in Gwinnett County, Georgia and Defendant has an office and transacts business in Gwinnett County and its registered agent is located in Gwinnett County. Thus, venue is proper in Gwinnett County.

4.

Jurisdiction is proper as to Defendant ANIXTER.

5.

Service and service of process are proper and timely as it relates to Defendant ANIXTER.

6.

Defendant JOHN DOE (hereinafter "JOHN DOE" or collectively "Defendants") is believed to be a resident of the State of Georgia and is subject to the jurisdiction of this Court. Should Plaintiff discover the identity of JOHN DOE, Plaintiff will seek to have the proper party added as a Defendant to this action.

7.

On or about September 24, 2021, and at all times mentioned herein, Defendant ANIXTER owned, operated, controlled, and/or managed an audio/video supply store located at 3400 Lawrenceville Suwanee Road, Suwanee, Georgia 30024.

8.

On or about September 24, 2021, Plaintiff QUENTIN SORROW was lawfully on Defendant's premises at the aforementioned premises as an invitee.

9.

On or about September 24, 2021, Defendant JOHN DOE was an employee and agent acting within the course and scope of his employment at all times for Defendant ANIXTER at the aforementioned location. All Defendants are jointly and severally liable and Defendant ANIXTER is liable for the actions of Defendant JOHN DOE under theories of *Respondeat Superior*, vicarious liability, and agency principles.

10.

On or about September 24, 2021, Plaintiff QUENTIN SORROW was an invitee of ANIXTER at the aforementioned location. Plaintiff was delivering items to the AXITER location.

- 2 -

Plaintiff exited his vehicle and stood to the side to wait for his truck to be unloaded. While standing

in a safe location out of the way, Defendant JOHN DOE negligently and carelessly struck Plaintiff

QUENTIN SORROW with the forklift Defendant JOHN DOE was operating. As a result,

QUENTON SORROW suffered serious personal injuries.

11.

At all times mentioned herein, Plaintiff QUENIN SORROW acted with reasonable care

under the conditions and circumstances then existing.

12.

Defendants failed to operate the subject forklift with the due care exercised by individuals

in like or similar circumstances and operated the forklift in a manner showing a disregard for the

safety of others, including Plaintiff.

11.

Defendants' negligence includes, but is not limited to, one or more of the following:  failure

to exercise due care; negligently failing to keep a proper lookout; negligently operating a forklift;

and other acts of negligence to be proven at trial.

12.

Defendants' actions constituted negligence in operating the forklift contrary to the

conditions and circumstances then existing.

13.

Defendants' actions constituted negligence by engaging in a driving manner which was ill-

timed and improper, causing danger, injuries, damages, losses, physical pain, and emotional

distress to Plaintiff.

- 3 -

14.

But for the negligence of Defendants in operating the forklift, Plaintiff would not have suffered injury, physical pain, mental and psychological suffering, inconvenience, and other injuries as proven at the trial of this matter, all of which were directly and proximately caused by Defendants' negligence.

15.

Defendant ANIXTER had a duty to maintain the subject premises in a reasonably safe and proper condition for invitees, the public, and class of persons of which Plaintiff QUENTIN SORROW is a member.

16.

Defendants were negligent in failing to take appropriate precautionary measures and procedures to prevent injuries to others, including Plaintiff.

17.

DEFENDANT ANIXTER failed to warn Plaintiff QUENTIN SORROW of the aforementioned condition and the risks involved in as much as the presence of Plaintiff was known or reasonably foreseeable by Defendants.

18.

At the time of the subject incident, Defendant JOHN DOE was acting at the direction and under the control of Defendant ANIXTER, was an agent and employee of Defendant ANIXTER, operated the forklift in the course and scope of his employment with Defendant ANIXTER, and with Defendant ANIXTER's permission.

19.

Defendant ANIXTER negligently hired, supervised, trained, and retained Defendant JOHN DOE and negligently entrusted the forklift operation responsibilities to Defendant JOHN DOE. Defendant ANIXTER negligently failed to implement and utilize proper procedures to evaluate Defendant JOHN DOE's skills and expertise for the operation of said box truck.

20.

Because Defendants had knowledge of, or in the exercise of reasonable care, should have had knowledge of the negligence discussed herein and the dangerous condition(s) created by its actions, Defendant ANIXTER is liable for the negligent supervision, hiring, training, and retention of their management, agents, and employees and the entrustment of said forklift to said management, agents, and employees.

21.

Defendant ANIXTER failed to provide a mode of operation, policy or procedure to properly train and supervise its employees concerning safeguarding the premises from foreseeable and known hazards.

22.

Defendants were negligent in failing to promulgate and enforce company policies, procedures, and rules for the protection of the public, including but not limited to Plaintiff.

23.

At all times mentioned herein, Defendants occupied and had exclusive control and management of said property, and Defendants had the legal duty to keep its premises and approaches in a state of repair consistent with due regard of the safety of its invitees, including Plaintiff.

- 5 -

24.

Defendants were negligent in creating a dangerous condition, failing to correct, mark, remove, or remedy the hazardous condition existing in their premises and approaches, thereby creating an unreasonable risk of injury to their invitees, including Plaintiff.

25.

Defendants knew or by the exercise of reasonable care for the safety of its invitees, including Plaintiff, should have known of the hazardous condition(s) existing upon their premises and that the failure to correct, mark, remove, and/or remedy said condition(s) was likely to result in the precise injuries suffered by the Plaintiff.

26.

Defendants had actual knowledge of the hazardous condition(s) existing upon their premises through the direct knowledge of their employees and agents.

27.

Defendants had constructive knowledge of the defective and hazardous condition(s) existing in their premises due to the presence of their employees and agents within the immediate area of the hazardous condition, and due to the existence of the condition(s) for an unreasonable period of time.

28.

Defendants were negligent and said negligence proximately caused Plaintiff's injuries in the following ways, to-wit:

a.      Violation of O.C.G.A. 51-3-1 by failing to use ordinary care to keep the premises safe;

b.      Violation of National, State and Local safety codes for failure to properly operate the forklift at issue;

c.      In failing to properly inspect and maintain the premises;

d.      In knowingly allowing its invited guests to utilize an unsafe area of the premises;

e.      In failing to post warning signs or warning markings;

f.      In failing to properly train and supervise its employees in regard to the care of said premises; and

g.      In negligently retaining, entrusting, hiring, training, and supervising said employees.

29.

Although Defendants knew, or in the exercise of reasonable diligence, should have known, of the risks of injuries to their invitees from said hazardous condition(s) existing upon its premises, they negligently failed to take reasonable precautions to guard against the dangerous condition(s) and failed to protect their invitees, including Plaintiff, therefrom.

30.

Defendant ANIXTER knew or should have known that its invitees utilized the area where Plaintiff was located at the time of the incident.  Defendants negligently maintained said premises and at all times herein mentioned, failed and neglected to correct, mark, remove, or remedy the premises or to guard against injuries to their invitees, including Plaintiff, although said condition

- 7 -

had existed for such a length of time that Defendants, their agents, officers, servants, or employees knew or should have known thereof and the likelihood of injury to persons at said location.

31.

Defendants were and are negligent *per se.*

32.

Defendants were negligent for all other acts of negligence as may be shown at trial.

33.

Plaintiff QUENTIN SORROW sustained injuries and damages, which were directly and proximately caused by the negligence of the Defendants.

34.

But for the negligence of Defendants, Plaintiff QUENTIN SORROW would not have suffered serious injury, physical pain, mental and psychological suffering, inconvenience, and other injuries as proven at the trial of this matter.

35.

As a result of said injury, Plaintiff QUENTIN SORROW has incurred reasonable and necessary medical expenses, and will continue to incur medical expenses in the future, in an amount that is no less than $47,928.23.

36.

The injuries suffered by Plaintiff as described herein are continuing and permanent in nature.

37.

Plaintiff is entitled to recover for the injuries and pain and suffering sustained, and all other elements of damages allowed under Georgia law, including, but not limited to all compensatory,

general, special, incidental, consequential, punitive, and/or other damages permitted.  Plaintiff

states his intention to seek all compensatory, special, economic, consequential, general, punitive,

and all other damages permissible under Georgia Law, including, but not limited to:

a.   Personal injuries;

b.   Past, present, and future pain and suffering;

c.   Disability;

d.   Mental anguish;

e.   Loss of the capacity for the enjoyment of life;

f.   Lost Wages of no less than $18,172.00;

g.   Diminished capacity to labor;

h.   Incidental expenses;

i.   Loss of earning capacity;

j.   Past, present, and future medical expenses;

k.   Permanent injuries; and

l.   Consequential damages to be proven at trial.

38.

Plaintiff is entitled to an award of punitive damages because the actions of Defendants and

their agents and employees showed willful misconduct, malice, wantonness, oppression, or an

entire want of care, which would raise the presumption of conscious indifference to consequences.

39.

Plaintiff is entitled to request attorneys' fees and the expenses of litigation in that the actions

on the part of one or more of the Defendants as herein above-described show the Defendants have

acted in bad faith in the transactions and dealings surrounding the incident at issue, and the

- 9 -

Defendants' agents have been stubbornly litigious causing Plaintiff unnecessary expense so as to entitle Plaintiff to the expenses of litigation and attorneys' fees as defined by O.C.G.A. § 13-6-11.

40.

Each of the forgoing acts and omissions constitute an independent act of negligence on the part of the Defendants, and one or more or all of said herein above-stated acts were the proximate causes of the injuries and damages sustained by Plaintiff. All Defendants are jointly and severally liable to Plaintiff.

WHEREFORE, the Plaintiff prays for a judgment to be awarded to him and against the Defendants for the following:

a) For medical and doctor expenses in an amount to be proven through evidence at the time of trial for the past, present, and future;

b) For pain and suffering, both for the past, present, and future on behalf of Plaintiff;

c) For lost wages and loss of earning capacity in an amount for the past, present, and future which will be proven at the time of trial through evidence;

d) For attorneys' fees and cost of litigation in an amount which will be proven through evidence at the time of trial;

e) For all special, compensatory, general, incidental, economic, punitive, and consequential damages and expenses associated with the Plaintiff's injuries and damages in an amount which will be proven at the time of trial;

f) That a jury be impaneled to resolve all factual disputes; and

g) For all further losses and recovery as deemed proper by the Court.

**TRIAL BY JURY IS HEREBY DEMANDED.**

This 6th day of January, 2023.

WILLIAMS ELLEBY

/s/ Joel Williams
A. Joel Williams
Georgia Bar No. 365853
B. Chase Elleby
Georgia Bar No. 185666
M. Jared Easter
Georgia Bar no. 926899
Attorneys for Plaintiff

3450 Acworth Due West Road
Suite 610
Kennesaw, Georgia 30144
TEL    404/389-1035
FAX    770/693-4415
joel@gatrialattorney.com
chase@gatrialattorney.com
jared@gatrialattorney.com

THE LAW OFFICES OF
R. DOUGLAS LENHARDT, LLC

/s/ R. Douglas Lenhardt
R. Douglas Lenhardt
Georgia Bar No. 446503
Attorney for Plaintiff

1280 W. Broad Street
Athens, Georgia 30606
TEL    706/369-5433
FAX    706/369-6974
doug@lenhardtlaw.com

- 11 -

E-FILED IN OFFICE - S
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGI
**23-C-00085-S**
1/6/2023 2:31 PM
**TIANA P. GARNER, CLER**

## IN THE STATE COURT OF GWINNETT COUNTY

### STATE OF GEORGIA

**Quentin Sorrow**

_____

_____

PLAINTIFF

VS.

**Anixter, Inc.**

**John Doe**

_____

DEFENDANT

CIVIL ACTION
NUMBER:_____     23-C-00085-S2

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT: Anixter, Inc.**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Williams | Elleby
3450 Acowrth Due West Road, Suite 610
Kennesaw, GA 30144

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This **6th**_____ day of **January**_____, 20**23**.

Tiana P. Garner
Clerk of State Court

By_____
      Deputy Clerk

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

SC-1 Rev. 2011

Sheriff Number: 23001722    Court Case Number: 23-C-00085-S2
Date Received: 1/18/2023 Time: 11:17 AM
Special Service Inst:

State of Georgia
Gwinnett County

ATTORNEY'S ADDRESS

QUENTIN SORROW
PLAINTIFF
VS.
ANIXTER, INC JOHN DOE
DEFENDANT

NAME AND ADDRESS OF PARTY TO BE SERVED

ANIXTER INC
2 SUN COURT, SUITE 400
C/O CSC (RA)
PEACHTREE CORNERS, GA 30092

SHERIFF'S ENTRY OF SERVICE

**PERSONAL** ☐ Sex_____ Skin Color_____ Hair Color_____ Age_____ Hgt_____ Wgt_____
I have this day served the defendant_____ personally with a copy of the within action and summons.

**NOTORIOUS** ☐
I have this day served the defendant_____ by leaving a copy of the action and
summons at his most notorious place in this County.

Delivered same into the hands of _____ described as follows:

| SEX | SKIN COLOR | HAIR COLOR | AGE | HGT | WGT |
|-----|-----------|-----------|-----|-----|-----|

**CORPORATION** ☒
I have this day served the   Anixter Inc   a corporation by leaving a copy of
the within action and summons with   Alisha Smith   in charge of the office and place of
doing business of said Corporation in this County.

**TACK AND MAIL** ☐
I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises
designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an
envelope properly addressed to the defendant at the address shown in said summons, with adequate postage affixed thereon containing notice to the
defendant(s) to answer said summons at the place stated in the summons.

**NON EST** ☐
Diligent search made and defendant _____ not to be found
in the jurisdiction of this Court.

**SPECIAL PROCESS**

**COMMENTS**

Date: 19 Jan 23

Time:_____

J. Williams
Deputy Sheriff

SDI 39

GWINNETT COUNTY GEORGIA

E-FILED IN OFFICE - J
CLERK OF STATE COUR
GWINNETT COUNTY, GEORGI
**23-C-00085-S**
**1/6/2023 2:31 PI**
**TIANA P. GARNER, CLER**

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

QUENTIN SORROW,            )
                            )
      Plaintiff,          )
                            )     CIVIL ACTION FILE
v.                         )     NO. _____
                            )            23-C-00085-S2
ANIXTER, INC. AND JOHN DOE   )
                            )
      Defendants.     )

## PLAINTIFF'S FIRST CONTINUING INTERROGATORIES TO DEFENDANT ANIXTER, INC.

TO:   DEFENDANT ANIXTER, INC.

Pursuant to O.C.G.A. § 9-11-33, Plaintiff hereby requests that Defendant ANIXTER, INC. respond in writing and under oath, to the following interrogatories as provided by law, with a copy of the responses being served upon the undersigned counsel of record for the Plaintiff at Williams Elleby, 3450 Acworth Due West Rd, Suite 610, Kennesaw, GA 30144.

Please include the text of each question/request prior to each response. Plaintiff will do the same in response to Defendant's discovery requests. To facilitate this, Plaintiff will also provide an electronic copy of this discovery upon request if requested.

## DEFINITIONS AND INSTRUCTIONS

A.    These interrogatories shall be deemed continuing to the extent permitted by O.C.G.A. § 9-11-26, et seq., so as to require Defendant to serve upon all parties supplemental answers if Defendant or defense attorneys obtain further information between the time the answers are served and the time of trial.

B.     "Document," whether singular or plural, means documents and other tangible things defined in the broadest sense permitted by the Georgia Civil Practice Act and shall include without limitation originals or, if such are not available, true copies, including copies of documents, videotapes, computer data, electronic messages/mail, and sound material.

C.     "Person" means any natural person, corporation, partnership, association, governmental entity, agency, group, organization, etc.

D.     "Identify" with respect to any "person" or any reference to stating the "identity" of any "person" means to provide the name, home address, telephone number, business name, business address, and business telephone number of such person, and a description of each such person's connection with the events in question.

E.     "Identify" with respect to any "document" or any reference to stating the "identification" of any "document" means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation of the document or on whose behalf it was prepared, the name and address of the recipient or recipients of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

F.     These Interrogatories shall be deemed continuing and you are required to supplement or amend any prior answers if the persons or entity to whom these Interrogatories are addressed ascertains any change, different or added fact, condition or circumstances or there be any other witness(es) or evidence. Each Interrogatory is addressed to the personal knowledge of the Defendant, as well as to the knowledge and information of Defendant's attorneys, investigators, agents, insurers, employees, and other representatives. If Defendant is unable to

2

answer a question completely, the question should be answered as fully as possible. When a question is directed to Defendant or "you," the question is also directed to each of the aforementioned persons.

G.  You are requested not to respond to Interrogatories by referring to the responses to other Interrogatories or by adoption, since some of the Interrogatories may be introduced into evidence and should be, for this purpose, complete in themselves.

## <u>INTERROGATORIES</u>

1.

Identify the individual(s) who was/were operating the subject forklift at the time complained of in Plaintiff's Complaint. When identifying this individual, please provide the individuals last known contact information including last known phone numbers, address, and any other contact information for this individual that has been in your possession.

2.

If an incident or accident report was prepared, provide the name and contact information for the preparer, for supervisors or managers signing off on the report, and for persons or witnesses listed on the report.

3.

Identify the person(s) or entity which owned, managed, and controlled the premises referred to in the Complaint where the incident involving Plaintiff occurred, and for the date of injuries (September 24, 2021). If the ownership, control, or maintenance changed at any time since said occurrence, please identify every subsequent person or entity.

4.

State the factual basis for your assertions, if any, that this Court lacks jurisdiction or venue over Defendant(s), that there has been an insufficiency of process of service of Plaintiff's Complaint, and/or that there has been an insufficiency of service of process upon the Defendant(s).

5.

State whether the individual operating the forklift (John Doe) was acting within the course and scope of his employment with Defendant ANIXTER at the time of the incident at issue and whether he was operating the forklift with the permission and/or agency of Defendant ANIXTER. If you claim the individual was not acting within the course and scope of his employment and/or agency, please detail the basis of your denial and specifically identify the name of the person or entity who you claim was John Doe's employer.

6.

State the name and address of any potential party to this lawsuit, not already a party, and state your claims and reasons for same.

7.

If you have ever been a Defendant in a lawsuit involving personal injuries resulting from forklifts in Georgia, identify the person(s) involved, give the style and number of the case, the nature of the litigation and the court before which the suit was filed.

8.

State specifically and in detail when, where and how you claim the occurrence happened which is the basis of this lawsuit.

9.

Give the name, address, and telephone number of all persons that to you or your representative's knowledge, information, or belief were eyewitnesses to the incident giving rise to this lawsuit or have knowledge of any fact or circumstance regarding the incident giving rise to this lawsuit.

10.

State the name, address, and employer of all persons whom to your knowledge, information, or belief have conducted an investigation of any aspect of the occurrence which is the subject of this litigation, please indicate whether or not each has made a written record of the investigation or any part thereof and set forth which area was inspected, the dates of said inspection or investigation and the name and contact information of any person or entity contacted by Defendant regarding the subject incident, including but not limited to witnesses. Please further identify, with such particularity so that Plaintiff could describe in a subsequent request to produce, each and every writing or document related to Defendant's investigation, as well as the name, address, and telephone number of the present custodian of said materials.

11.

State the name and address of all expert witnesses or professional consultants retained or consulted by you or on your behalf to make an evaluation or investigation of the cause of the occurrence giving rise to this lawsuit or the damages sustained by Plaintiff. This request includes each expert expected to testify at trial and state the subject matter the expert is expected to testify about, the substance of the facts and opinions to which the expert is expected to testify, and give a summary of the grounds for each opinion. See O.C.G.A. § 9-11-26(b)(4)(A)(i). Please note that this interrogatory applies to all expert witnesses including all practitioners of the healing arts.

12.

With regard to each statement (oral, written, recorded, court or deposition transcript, etc.) taken from any person with knowledge relevant to this lawsuit, state the name of each person giving each statement, the name and address of the person or entity taking each statement, the date each statement was taken, and the name and address of each person having possession, custody, or control of each statement.

13.

Describe with particularity all photographs, charts, diagrams, videotapes, documents, illustrations, and/or other tangible items, of any person, place or thing involved in this lawsuit, giving the date each was made and the name and address of the person(s) with possession, custody or control of each item.  (NOTE:  You need not describe any document that was produced and specifically listed as having been produced in your responses to Plaintiff's first request for production of documents.)

14.

State the substance of each conversation you had with Plaintiff or any representative of Plaintiff at any time.

15.

For the date of the incident that is the subject of this lawsuit, state the times in which the individual who operated the subject forklift went to work and the times he quit work on that date, and on each of the previous seven (7) days.

16.

State the factual basis for each defense that you assert in this action.

6

17.

If you contend that Plaintiff acted, or failed to act, in a manner as to cause or contribute to the occurrence made the basis of this suit, please set forth each and every fact or act upon which your contention is based.

18.

For each insurance agreement that may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse you for payments made to satisfy this judgment, state the name and address of each insurer, the amount of coverage available to satisfy such a judgment, and any conditions upon which the insurer has purported to reserve its rights to decline coverage.

19.

Identify any and all documentary or other tangible evidence, not previously identified or produced, which you believe demonstrates and/or supports facts relevant to the claims and/or defenses in this case.

20.

Identify all policies and procedures in effect to supervise and regulate Defendant's forklift operators to determine their ability to safely operate forklifts such as the one forming the basis of Plaintiff's Complaint.

20.

As to each statement or report, written, taped or otherwise, which has been made by any person concerning the occurrence complained of, describe each such statement or report, the name of the person giving such statement or report, the date of same and the present location of such statement or report or any copy thereof.

21.

If you, your attorney, your insurance carrier or anyone acting on your or their behalf, have or know of any photographs, motion pictures, maps, drawings, diagrams, measurements, surveys or other descriptions concerning the events and happenings alleged in the Complaint, scene of the accident, the area, or persons, or vehicles involved made either before, after or at the time of the event in question, as to each such item, state:

a.     what each such item purports to show, illustrate, or represent;

b.     the date it was made or taken; and

c.     the names and address of the person having custody of such item.

22.

Do you have knowledge of any test(s), experiment(s) or accident reconstruction(s) which in any way illustrate or demonstrate either the manner of the occurrence or any contributing cause of the occurrence?  If so, state the full name, address, and telephone numbers of any person performing such test(s), experiment(s), or reconstruction(s), and provide a summary of any and all findings.

23.

Provide the name, title, and contact information of the individual providing the individual(s) operating the subject forklift permission to operate it, on what date authorization was given.

24.

State the names, addresses, and job positions of all managers who were either working at the time of this incident or have knowledge of this incident.

25.

State whether you have attempted to survey or observe Plaintiff at any time after the incident forming the basis of Plaintiff's Complaint, and state whether any videotapes, pictures, or reports were taken or made regarding such surveillance, the date(s) the surveillance was conducted, and the person who conducted the surveillance or observation. (NOTE: This Interrogatory is broad and seeks to discover all post-incident surveillance even if such attempts were unsuccessful.)

26.

Provide the present location of the forklift involved in this incident, state whether it has been altered or repaired following the incident, and identify the nature of the alteration or repairs, the person or entity whom made such alterations or repairs, and any documentation regarding such alteration or repairs.

27.

State whether the individual operating the forklift at the time of the incident in question received any verbal or written disciplinary action as a result of the incident at issue, and if so, state the nature of the discipline, identify all persons with knowledge of the disciplinary action, and the result of such action.

28.

Was the individual operating the forklift at the time of the incident in question administered a drug and/or alcohol test following the incident at issue?  If so, identify the facility that performed the testing, the results of such testing, and identify all documents generated therefrom.

29.

Identify all persons who cleaned, repaired, inspected, managed, or maintained the premises and area where Plaintiff was injured (as referenced in the Complaint), including a detailed

description of the action that was taken in regard to repairing, inspecting, cleaning, managing, or maintaining the area where Plaintiff was injured, within 90-days preceding the incident as described in the Complaint.

30.

Describe each and every warning that you claim was provided to Plaintiff regarding any danger associated with the area at issue.

31.

Identify any changes that were implemented or made as a result of the incident causing Plaintiff's injuries.

32.

State in detail how you contend the subject occurrence took place and the order in which the events took place.  Include in this response a listing of each person and circumstance you believe to have caused, or contributed to causing, the subject occurrence.

33.

Identify with specificity all injury claims or complaints made against you or your business regarding the premises and approaches at issue, either before or after the incident that is the subject matter of this litigation, including the date, time and place of occurrence; the name, address and telephone number of all parties involved in said accident; the address of all investigating people or departments, personal injuries, if any, claimed in such incident; a short description of how the incident occurred, and whether suit was filed.

34.

Please identify all maintenance employees, management persons, or other employee or person that in any way had responsibility for maintaining or inspecting the manner in which a

forklift is used.   To the extent any person is identified, please describe the actions, times and involvement with regard to said inspections, maintenance, cleaning or knowledge of same.

### 35.

If there was an investigation made of the incident that forms the basis of this suit, please state whether the defendant conducted such investigation in anticipation of litigation, and if so, state each fact of which Defendant was aware of at the time of the investigation that caused it to believe that it was conducting the investigation in anticipation of litigation.

### 36.

Identify by name, address, telephone number and title of all management employees that have worked at the premises at issue in the past five (5) years.

### 37.

Identify all employees and managers on duty at the subject premises at the time and date of incident complained of in this lawsuit. Please specifically include the name and last know contact information for John Doe's supervisor at the time of the incident complained of in this litigation.

### 38.

Identify all security or closed-circuit cameras located upon Defendant's premises, the location of such cameras, whether such cameras were operative the date of incident, and whether any camera videotaped the subject incident.

### 39.

Identify any incident in which a customer of Defendant claims to have been injured by a forklift.  For each such incident, please identify the person claiming injuries, the location where it

occurred, the merchandise involved, the injuries claimed by the customer, whether a claim was made, and the result of the claim.

40.

POLICY & PROCEDURE FOR INSPECTION AND DISCOVERY OF DANGEROUS CONDITIONS:  Please state whether there existed, at the time of Plaintiff's incident, **any policy or procedure** designed to discover potential hazards, such as those forming the basis of Plaintiff's Complaint, to customers/patrons inside the property.  Your response should include, but not be limited to: a general description of each such procedure, training or program; identification of each person/position charged with the responsibility of implementing and conducting the procedure; whether such procedure was reduced to writing; whether there existed, pursuant to each such procedure, a methodology by which the findings of each such inspection was documented.

41.

POLICY & PROCEDURE CONCERNING HOW DEFENDANT RESPONDS TO ACCIDENTS:  Describe Defendant's corporate policy and procedure concerning how employees or agents respond to accidents, incident, and/or injuries on Defendant's premises.  Include the procedure from the beginning when Defendant is made aware of an incident concerning a patron at the property which is the subject of the Complaint.  List which employees (maintenance, housekeeping, administrative, risk management, property management, etc.) respond to such accidents, incident, and/or injuries.  Further, please describe:  whether an incident report is prepared; whether photos are routinely taken of the scene; whether photos are attached to the incident report; under what circumstances Fire Rescue (or other medical attention) is called.  Additionally, as part of your answer, state with particularity, the names of all written, electronic and/or tangible documents, manuals, computer databases and/or policies utilized in this process

12

(use the titles and description used by Defendant so that Plaintiff may rely on such titles and/or description in order to propound a subsequent request for production).

42.

Please describe in detail the manner in which Defendant tracks information concerning accidents or complaints involving tenants or patrons at the property which is the subject of the Complaint and include the name of any database, software program, manual or other documents that are utilized in this process.

43.

If Defendant conducts regular safety meetings or training, please describe in detail the frequency of said meetings, the nature of issues discussed, the persons whom attend and if there are any records kept which relate to said meetings or trainings.

This 6th day of January, 2023.

WILLIAMS ELLEBY

/s/ Joel Williams
A. Joel Williams
Georgia Bar No. 365853
B. Chase Elleby
Georgia Bar No. 185666
M. Jared Easter
Georgia Bar no. 926899
Attorneys for Plaintiff

3450 Acworth Due West Road
Suite 610
Kennesaw, Georgia 30144
TEL    404/389-1035
FAX    770/693-4415
joel@gatrialattorney.com
chase@gatrialattorney.com
jared@gatrialattorney.com

**THE LAW OFFICES OF
R. DOUGLAS LENHARDT, LLC**

/s/ R. Douglas Lenhardt
R. Douglas Lenhardt
Georgia Bar No. 446503
Attorney for Plaintiff

1280 W. Broad Street
Athens, Georgia 30606
TEL    706/369-5433
FAX    706/369-6974
doug@lenhardtlaw.com

CLERK OF STATE COUR
GWINNETT COUNTY, GEORGI
**23-C-00085-S**
**1/6/2023 2:31 PI**
**TIANA P. GARNER, CLER**

## IN THE STATE COURT OF GWINNETT COUNTY
### STATE OF GEORGIA

QUENTIN SORROW,      )
                                )
      Plaintiff,           )
                                )     **CIVIL ACTION FILE**
v.                          )     **NO.** ____ ~~23-C-00085~~-S2
                                )
ANIXTER, INC. AND JOHN DOE  )
                                )
      Defendants.        )

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT ANIXTER, INC.

TO:    DEFENDANT ANIXTER, INC.

Pursuant to O.C.G.A. § 9-11-34, Plaintiff hereby requests that Defendant ANIXTER, INC. respond separately in writing as provided by law, with a copy of the responses being served upon the undersigned counsel of record for Plaintiff at Williams Elleby, 3450 Acworth Due West Rd., Suite 610, Kennesaw, GA 30144. Please include the text of each question/request prior to each response. Plaintiff will do the same in response to Defendant's discovery requests. To facilitate this, Plaintiff will also provide an electronic copy of this discovery upon request.

### DEFINITIONS AND INSTRUCTIONS

A.    This request for production of documents and notice to produce shall be deemed continuing to the extent permitted by O.C.G.A. § 9-11-26, *et seq*., and O.C.G.A. § 24-10-26, *et seq*., so as to require Defendant to serve or produce upon all parties, supplemental answers or documents if Defendant or its attorneys obtain further information between the time the answers are served and the time of trial. Plaintiff(s) also requests that Defendant produce the originals of each document at trial and any deposition of Defendant or its agents or employees.

B.      Each Request is addressed to the personal knowledge of the Defendant, as well as to the knowledge and information of Defendant's attorneys, investigators, agents, employees, and other representatives.  If Defendant is unable to comply with a Request completely, the Request should be produced as fully as possible.  When a Request is directed to Defendant, the Request is also directed to the aforementioned persons.  These Requests shall be deemed continuing, and you are under a duty to seasonably supplement or amend a prior response.

C.      "Person" means any natural person, corporation, partnership, association, governmental entity, agency, group, organization, etc.

D.      If a requested document is no longer in your possession, custody or control, please identify the document with specificity.  If no such information exists to comply with a particular Request, please state that fact.  Failure to state that fact will, when that fact is proven, result in an abusive litigation claim.

E.      If you object to part of a request, please identify any documents withheld.  If you object to the scope or time period of the request, please answer the request for the scope or time period you believe is appropriate.

F.      If work product or privilege is claimed as to any document or any information responsive to these requests, please identify the information or document(s) to which a privilege is claimed with such particularity and in such a manner that the Court, and not defense counsel unilaterally, may determine whether the document or information is indeed entitled to privileged status.  To support a claim of privilege, for each responsive document to which a privilege is claimed, provide a privilege log setting forth a general description of the document, the author of the document, the recipients of the document (including "cc's"), the date the document was prepared, and the privilege claimed.

2

## **REQUEST FOR PRODUCTION**

Defendant is requested to produce and identify each of the following:

### 1.

Any statement in your control from any person possessing relevant knowledge of the incident giving rise to this lawsuit, whether written or recorded.

### 2.

All photographs, charts, diagrams, video (including any electronically store video), and other illustrations of any person, place, incident, or thing involved in this lawsuit.

### 3.

All documents evidencing, reflecting, relating to or constituting any communication between Defendants and Plaintiff.

### 4.

All documents supporting or relating to contentions of negligence on the part of any party to this lawsuit.

### 5.

Any correspondence, statements, documents, or other tangible evidence involving any of the witnesses or other individuals involved or with knowledge of the incident forming the basis of Plaintiff's Complaint.

### 6.

All documents evidencing, reflecting, relating to, or constituting an accident or incident report regarding the occurrence forming the basis of this lawsuit.

7.

All documents received in response to your Requests for Production of Documents to non-parties.

8.

Any and all documents identified, referenced, or used to answer any of Plaintiff's discovery in this matter.

9.

Any and all documents that support any defenses raised in your Answer, or any relevant fact to this litigation.

10.

All documents, pleadings, and/or exhibits filed, served, or prepared in connection with any litigation involving personal injuries arising from the use of forklifts to which you have been a party for the past five (5) years.

11.

Any maintenance, repair, or service records reflecting repairs, service, or changes to the area of the premises and approaches, forming the basis of the Plaintiff's Complaint.

12.

Any and all documentary evidence or other tangible evidence which relate, or is reasonably calculated to lead to the discovery of relevant or admissible evidence, regarding any of the Plaintiff's claims in this action or Defendant's defenses.

13.

Please produce all policies of insurance, to include the declaration pages, which afford insurance coverage to Defendants with regard to Plaintiff's claims against Defendants.   This

request includes primary insurance coverage, excess insurance coverage, or any other type of liability insurance coverage, and medical-payments coverage. This request includes any and all documents affecting coverage, including reservation of rights documents.

14.

All reports received from any experts who have investigated any issue(s) relevant to the subject incident forming the basis of Plaintiff's Complaint and which is relevant to this lawsuit. Also, produce all materials relied upon by each expert in formulating their opinions and conclusions.

15.

All documents evidencing or reflecting any agreement regarding services rendered on behalf of the Defendant and any other business having responsibility for the area where Plaintiff was injured.

16.

A copy of any reservation of rights letter(s) or other documentation of any kind received from any insurer which purports to deny insurance coverage, or to reserve the right to contest the issue of coverage for the claims made in this lawsuit.

17.

All claims forms, incident reports, accident reports, or other documentation evidencing prior or subsequent complaints, problems or injuries resulting from forklifts occurring at the premises or approaches where Plaintiff was injured.

18.

All claims forms, incident reports, accident reports, or other documentation evidencing prior or subsequent complaints, problems, or injuries made against Defendants as a result of injuries resulting from forklifts.

19.

Any and all log books, sweep sheets or logs, maintenance or inspection reports, or any and all other documents of any kind or by any other name which relate in any way to the inspection, cleaning, or maintenance of the area in question for the 48 hours before <u>and</u> after the incident at issue.

20.

Any demonstrative evidence relevant to the issues of this case.

21.

Any and all documents, including employee handbooks, policy or procedure manuals, or videos, of Defendant's policies regarding safety, training, testing, inspecting, repairing, or supervising the use of forklifts upon the premises, its approaches and the area forming the basis of Plaintiff's Complaint.

22.

Any and all documents, including employee handbooks, policy or procedure manuals, or videos (including any electronically stored video(s)) of Defendant's policies regarding safety, training, and operation of forklifts.

23.

All Complaints initiating civil actions against you for the past five (5) years as a result of personal injuries involving forklifts. This includes but is not limited to worker's compensation claims.

24.

All safety inspection reports completed by any of your employees, agents, or independent contractors with regard to the premises and approaches at issue.

25.

All internal accident reports completed by your employees, agents, or independent contractors regarding substantially similar claims, complaints, or incidents for the past five (5) years.

26.

All contracts or agreements entered into between Defendants and any other individual or company and regarding maintaining, stocking, or inspecting the premises, approaches and area forming the basis of Plaintiff's Complaint.

27.

The curriculum vitae of all experts who are expected to testify on behalf of the defendant, and any documents they created, reviewed or relied on.

28.

Produce all notes, memoranda, minutes, and all other written evidence of safety meetings held by you for the preceding five years to the present.

29.

Produce all architectural plans, drawings, or designs of the store in question, including layout of the aisles and walkways in the subject store.

30.

For the date in question, and the two days before, please produce the work and payroll records of all employees (regarding the premises, forklift, and approaches in question) employed by ANIXTER, INC. at the store in question.

31.

All incident reports, accident reports, documents, photographs, charts, diagrams, videos (including any electronically stored video(s)), and other illustrations of any person, place or thing involved in this lawsuit including but not limited to the scene of the incident where the incident is alleged to have occurred, any instrumentality alleged to have caused the alleged damages, or any other relevant event or thing which is the subject of this Complaint.

32.

The complete personnel file of the individual operating the forklift at the time of the incident in question, as well as the complete personnel file of the individual supervising or monitoring this individual.

33.

All maintenance and repair records on the forklift involved in this incident, including the vehicle maintenance file and all documents created as a result of the incident in question. (This request also includes all documents, purchase invoices, repair estimates, previous damage, repair or maintenance documents, appraisals, property damage reports, daily vehicle condition report or inspection report, or any tangible evidence pertaining to the upkeep of the forklift involved in the occurrence which is the subject matter of this civil action.)

34.

All policies or procedures regarding the inspection and maintenance of the forklift and any inspection records for the forklift involved in the subject incident.

35.

Copies of all company policies and procedures pertaining to the operation of forklifts and any policies and procedures that in any way apply to, cover, or govern the subject forklift operator's employment.

36.

Copies of all documents or complaints for all personal injury claims or litigation involving injuries resulting from striking persons prior to September 24, 2021.

37.

Any documents, policies, procedures, training videos, videos, forms, or other evidence (in any medium) that discuss or relate to the use of "spotters" on Defendant ANIXTER's premises.

38.

Any documents, policies, procedures, training videos, videos, forms, or other evidence (in any medium) that discuss or relate to claims/accidents/incidents involving customers at Defendant ANIXTER's stores (including but not limited to claim forms, accident forms, claims procedures, evidence collection, evidence preservation, etc.).

39.

Any documents, policies, procedures, training videos, videos, forms, or other evidence (in any medium) that discuss or relate to claims/accidents/incidents/collisions involving "powered lift equipment" or forklifts (whether it involves property damage OR injuries).

9

40.

A privilege log setting forth any document withheld and the grounds therefore (excluding correspondence exchanged between counsel and client and excluding attorney memos and notes).

41.

Any documents, policies, procedures, training videos, videos, forms, or other evidence (in any medium) that discuss or relate to "powered lift equipment" or forklift operations, training, and/or safety.

42.

Produce any and all videos (including any and all electronically stored video(s)) showing the incident complained of in this lawsuit.

You are hereby requested to comply with said code section by producing and permitting the Plaintiff's attorneys to inspect and copy the documents requested. In lieu of appearance at a document production, you may instead mail true and accurate copies of all documents or evidence to Williams Elleby, 3450 Acworth Due West Rd., Suite 610, Kennesaw, Georgia 30144.

This 6th day of January, 2023.

**WILLIAMS ELLEBY**

/s/ Joel Williams
A. Joel Williams
Georgia Bar No. 365853
B. Chase Elleby
Georgia Bar No. 185666
M. Jared Easter
Georgia Bar no. 926899
Attorneys for Plaintiff

3450 Acworth Due West Road
Suite 610
Kennesaw, Georgia 30144
TEL   404/389-1035
FAX   770/693-4415
joel@gatrialattorney.com

10

chase@gatrialattorney.com
jared@gatrialattorney.com

**THE LAW OFFICES OF**
**R. DOUGLAS LENHARDT, LLC**

/s/ R. Douglas Lenhardt
R. Douglas Lenhardt
Georgia Bar No. 446503
Attorney for Plaintiff

1280 W. Broad Street
Athens, Georgia 30606
TEL    706/369-5433
FAX    706/369-6974
doug@lenhardtlaw.com

EFILED IN OFFICE
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-00085-S**
**1/6/2023 2:31 PM**
**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

QUENTIN SORROW,                          )
                                         )
        Plaintiff,                       )
                                         )       CIVIL ACTION FILE
v.                                       )       NO. _____
                                         )
ANIXTER, INC. AND JOHN DOE               )              23-C-00085-S2
                                         )
        Defendants.                      )

## PLAINTIFF'S FIRST REQUESTS FOR ADMISSIONS TO DEFENDANT ANIXTER, INC.

TO:    DEFENDANT ANIXTER, INC.

Pursuant to O.C.G.A. Section 9-11-36, Defendant ANIXTER, INC. (hereinafter "ANIXTER") is hereby required to Answer, in the form provided by law, the following Requests for Admission:

1.

Admit you have been correctly named in the present cause insofar as the legal designation of names is concerned.

2.

Admit you have been properly served as a party Defendant.

3.

Admit process is sufficient with regard to you in this lawsuit.

4.

Admit service of process is sufficient with regard to you in this lawsuit.

5.

Admit the State Court of Gwinnett County has jurisdiction over the subject matter of this case.

6.

Admit the State Court of Gwinnett County has personal jurisdiction over you as a party Defendant in this case.

7.

Admit venue is proper in State Court of Gwinnett County.

8.

Admit Plaintiff states a claim upon which relief can be granted.

9.

Admit Plaintiff has not failed to join a party under O.C.G.A. § 9-11-19.

10.

Admit that your employee was operating the forklift at issue with ANIXTER's permission on September 24, 2021, and at the time of the incident involved in this lawsuit.

11.

Admit that the individual operating the forklift was in the course and scope of his employment with ANIXTER at the time of the incident at issue in this case.

12.

Admit that at the time of filing the Complaint in the above-styled civil action, Defendant ANIXTER was the operator of the premises and approaches located at 3400 Lawrenceville Suwanee Road, Suwanee, Georgia 30024.

2

13.

Admit that on September 24, 2021, Defendant ANIXTER owned the premises and approaches located at 3400 Lawrenceville Suwanee Road, Suwanee, Georgia 30024.

14.

Admit that on September 24, 2021, Defendant ANIXTER was responsible for maintaining the premises and approaches located at 3400 Lawrenceville Suwanee Road, Suwanee, Georgia 30024.

15.

Admit that on September 24, 2021, Defendant ANIXTER was in control of the premises and approaches located at 3400 Lawrenceville Suwanee Road, Suwanee, Georgia 30024.

16.

Admit that on September 24, 2021, Defendant ANIXTER was responsible for inspecting the premises and approaches located at 3400 Lawrenceville Suwanee Road, Suwanee, Georgia 30024.

17.

Admit that Defendant ANIXTER hired no other company, entity, person, or business to assist with maintaining any machinery to include the subject forklift, supervising the use of any machinery to include the subject forklift, or repair any machinery to include the subject forklift, wherein Plaintiff QUENTIN SORROW was injured, and located at 3400 Lawrenceville Suwanee Road, Suwanee, Georgia 30024.

*[Signatures on Following Page]*

3

This 6th day of January, 2023.

WILLIAMS ELLEBY

/s/ Joel Williams
A. Joel Williams
Georgia Bar No. 365853
B. Chase Elleby
Georgia Bar No. 185666
M. Jared Easter
Georgia Bar no. 926899
Attorneys for Plaintiff

3450 Acworth Due West Road
Suite 610
Kennesaw, Georgia 30144
TEL    404/389-1035
FAX    770/693-4415
joel@gatrialattorney.com
chase@gatrialattorney.com
jared@gatrialattorney.com

THE LAW OFFICES OF
R. DOUGLAS LENHARDT, LLC

/s/ R. Douglas Lenhardt
R. Douglas Lenhardt
Georgia Bar No. 446503
Attorney for Plaintiff

1280 W. Broad Street
Athens, Georgia 30606
TEL    706/369-5433
FAX    706/369-6974
doug@lenhardtlaw.com