# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| Rhonda A. Jackson, as Adminstratrix of the Estate of James Jackson,<br>   Plaintiff,<br><br>vs.<br><br>Universal Property & Casualty Insurance Company,<br>   Defendant. | )<br>)<br>)<br>)<br>) CIVIL ACTION NO:<br>)<br>)<br>)<br>) On Removal from the State<br>) Court of DeKalb County, Georgia<br> 23A00192 |

## NOTICE OF REMOVAL

COMES NOW, Universal Property & Casualty Insurance Company, the Defendant in the above-styled action and petitions for removal of the action herein referred from the State Court of Dekalb County, Georgia to the United States District Court for the Northern District of Georgia and respectfully shows the Court the following:

1.

Petitioner is the Defendant in a civil action brought against it in the State Court of Dekalb County, Georgia and styled <u>Rhonda A. Jackson, as Adminstratrix of the Estate of James Jackson v. Universal Property & Casualty Insurance Company</u>, Civil Action File No.: 23A00192 now pending in said court. A copy of

1

the Summons and Complaint in that action are attached hereto, marked Exhibit "A", and made a part hereof. A copy of the Answer being filed by the Defendant in that action is attached hereto, marked Exhibit "B", and made a part hereof.

2.

Said action was commenced by service of process consisting of said Summons and Complaint upon C T Corporation System, Defendant's registered agent, on January 18, 2023. The Summons, Complaint, and Answer constitute all pleadings that have been filed in said State Court of Dekalb County, Georgia as of the date of this filing of this Notice of Removal, which is timely filed within thirty (30) days of such service.

3.

There is diversity of citizenship among the parties.  This is a controversy between Plaintiff, a citizen and resident of Georgia and Defendant who is a citizen of Florida. The Defendant is not a citizen of the State of Georgia wherein this action was brought. (See Complaint, ¶¶ 1 - 2).

4.

In the Complaint, Plaintiff not only seeks "full compensation of the covered losses under the Policy", but also "compensation for the foreseeable damages arising from the breach of the contract, including without limitation damages from

further structural deterioration and contamination of the dwelling and ongoing deterioration, contamination and damage to their personal property". Furthermore, the Complaint seeks "exemplary damages as well as reimbursement of all attorney's fees and litigation costs incurred in pursuing this matter" under O.C.G.A § 24-3-37. (See Complaint, ¶¶ 40 – 41, 46).

5.

According to Plaintiff's own contractor, Premium Plumbing & Septic, mitigation expenses *alone* will total at least $11,379.71, which suggests that, when combined with the other damages alleged in the Complaint, Plaintiff is seeking more than $75,000 in damages from Defendant in the above-referenced action. (See a true and correct copy of the estimate attached hereto and made a part hereof as Exhibit "C")

6.

However, Plaintiff has neither alleged a specific amount of damages in her Complaint, nor does the letter of Plaintiff's attorney dated November 10, 2022, citing O.C.G.A. § 33-4-6, identify any amount certain that, if accepted, would result in a compromise agreement between the parties. (See a true and correct copy of said letter attached hereto and made a part hereof as Exhibit "D")

7.

3

On February 10, 2023, following the filing of the above-styled civil action, Defense counsel sent a correspondence to Plaintiff's counsel pointing out these issues with the Complaint and letter, and asking Plaintiff's counsel to confirm whether the amount in controversy in the above-referenced action failed to exceed $75,000. (A true and correct copy of Defense counsel's correspondence with Plaintiff's counsel is attached hereto and made a part hereof as Exhibit "E"). In response, Plaintiff's counsel stated, in pertinent part, as follows: "I must respectfully decline your request to specify whether Ms. Jackson's losses exceed or are less than $75,000." (*Id.*)

8.

Because Plaintiff alleges she is entitled to (1) full compensation of the covered losses under the Policy, (2) compensation for the foreseeable damages arising from the breach of the contract, including without limitation damages from further structural deterioration and contamination of the dwelling and ongoing deterioration, contamination and damage to their personal property, and (3) exemplary damages as well as reimbursement of all attorney's fees and litigation costs incurred in pursuing this matter, and Plaintiff's counsel refused to stipulate that Plaintiff is seeking to recover less than $75,000 in damages in connection with the above-referenced action, this Court should consider Plaintiff's failure to so

stipulate in assessing the amount in controversy for jurisdictional purposes. *See Devore v. Howmedica Osteonics Corp.*, 658 F. Supp. 2d 1372, 1380 (M.D. Fla. 2009) ("A plaintiff's refusal to stipulate or admit that she is not seeking damages in excess of the requisite amount should be considered when assessing the amount in controversy.").

7.

Considering Plaintiff's refusal to stipulate she is seeking less than $75,000, and assuming Plaintiff will prevail on each of her claims set forth in the Complaint, which Defendant specifically denies, and further assuming Plaintiff receives complete compensation for the several different types of damages alleged in the Complaint and described in Paragraph 4 above, as well as attorney's fees, the matter in controversy therefore has a value, exclusive of interest and costs, in excess of $75,000.

8.

Accordingly, this case is a civil action brought in the State Court of Dekalb County, Georgia for which this United States District Court has original jurisdiction due to diversity of citizenship, as well as the amount in controversy, under Section 1332 of Title 28 of the United States Code.

9.

Defendant has given written Notice of the filing of the Notice of Removal to Plaintiff and to the Clerk of the State Court of Dekalb County, Georgia. A copy of the Notice of the filing of the Notice of Removal is attached hereto as Exhibit "F".

WHEREFORE, Defendant prays that this Petition be filed and that said action be removed to and proceed in this Court, and that no further proceedings be had in said case in the State Court of DeKalb County, Georgia.

Respectfully submitted this 16th day of February 2023.

DREW ECKL & FARNHAM, LLP

_____
H. MICHAEL BAGLEY
Georgia Bar No. 031425

_____
PAUL A. WILDES
Georgia Bar No. 449977

**Counsel for Universal Property &
Casualty Insurance Company**

303 Peachtree Street
Suite 3500
Atlanta, GA  30308
(404) 885-1400
(404) 876-0992 (Fax)
BagleyM@deflaw.com
WildesP@deflaw.com

## CERTIFICATE OF COMPLIANCE

I certify that the foregoing document complies with the font and point size limitations of LR. 5.1B, ND Ga., and is prepared in Times New Roman 14 point type.

DREW ECKL & FARNHAM, LLP

_____
H. MICHAEL BAGLEY
Georgia Bar No.  031425

_____
PAUL A. WILDES
Georgia Bar No.  449977

**Counsel for Universal Property & Casualty Insurance Company**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I have this day served a copy of the within and foregoing **UNIVERSAL PROPERTY & CASUALTY INSURANCE COMPANY'S NOTICE OF REMOVAL** upon all parties to this matter by depositing a true and correct copy of same in the U.S. Mail, proper postage prepaid, addressed as follows:

Carson Jeffries<br>
47 Perimeter Center East, Suite 530<br>
Atlanta, GA 30346

This 16th day of February 2023.

DREW ECKL & FARNHAM, LLP

_____
H. MICHAEL BAGLEY
Georgia Bar No.  031425

_____
PAUL A. WILDES
Georgia Bar No.  449977

**Counsel for Universal Property & Casualty Insurance Company**

303 Peachtree Street
Suite 3500
Atlanta, GA  30308
(404) 885-1400
(404) 876-0992 (Fax)
BagleyM@deflaw.com
WildesP@deflaw.com