IN THE STATE COURT OF DEKALB COUNTY

STATE OF GEORGIA

| | |
|---|---|
| Rhonda A. Jackson, as Adminstratrix of the Estate of James Jackson,<br>    Plaintiff,<br>vs.<br>Universal Property & Casualty Insurance Company,<br>    Defendant. | )<br>)<br>)<br>)<br>) CIVIL ACTION NO: 23A00192<br>)<br>)<br>)<br>)<br>) |

**UNIVERSAL PROPERTY & CASUALTY INSURANCE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

COMES NOW, Universal Property & Casualty Insurance Company ("Universal"), in the above-referenced action, and, in response to Plaintiff's Complaint, states as follows:

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state a claim against Universal upon which relief can be granted, and therefore, must be dismissed.

**SECOND AFFIRMATIVE DEFENSE**

Any claim, right, or ability of the Plaintiff to recover under the Policy of insurance issued by Universal to Plaintiff, Policy Number 1701-1700-9156 (hereinafter "the Policy"), is determined by and limited to the specific coverages as provided in the Policy, subject to all terms, conditions, exclusions, limitations, and endorsements of the Policy. Plaintiff's Complaint is barred and/or limited by the specific terms and provisions of the Policy, which are incorporated herein by reference.

**THIRD AFFIRMATIVE DEFENSE**

1

Universal shows that Plaintiff's Complaint should be dismissed because the Policy does not provide coverage for the damage as alleged in the Complaint. Universal shows that the Policy provides in pertinent part as follows:

### SECTION I – EXCLUSIONS

*A. We do not insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss. These exclusions apply whether or not the loss event results in widespread damage or affects a substantial area.*

*****

*3. Water Damage*
*Water Damage means:*
*a.   Flood, surface water, waves, tidal water, overflow of a body of water, or spray from any of these, whether or not driven by wind;*
*b.   Water or water-borne material which backs up through sewers or drains or which overflows or is discharged from a sump, sump pump or related equipment; or*
*c.   Water or water-borne material below the surface of the ground, including water which exerts pressure on or seeps or leaks through building, sidewalk, driveway, foundation, swimming pool or other structure;*

*caused by or resulting from human or animal forces or any act of nature.*

*Direct loss by fire, explosion or theft resulting from water damage is covered.*

Plaintiff's claim for insurance proceeds, as asserted in the Complaint, is excluded under these applicable provisions, and therefore, Plaintiff's Complaint must be dismissed.

### FOURTH AFFIRMATIVE DEFENSE

The penalties set forth in O.C.G.A. § 33-4-6 are Plaintiff's exclusive remedies for alleged bad faith, and therefore, to the extent Plaintiff's Complaint seeks extra-contractual damages not provided in O.C.G.A. § 33-4-6, Plaintiff's Complaint should be dismissed.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's allegation of bad faith is without any basis in fact or law and is barred because Plaintiff failed to comply with the procedural requirements of O.C.G.A. § 33-4-6, and Universal did not refuse to pay based upon an unreasonable interpretation of the policy provisions as applied to the circumstances known which represents a substantial legal basis for its denial of Plaintiff's claim for damages, and therefore, Universal's conduct was in good faith, and, furthermore, the Plaintiff has failed to satisfy the substantive and procedural requirements of Georgia law.

## SIXTH AFFIRMATIVE DEFENSE

Universal shows that the Complaint should be dismissed because the Plaintiff failed to comply with the Duties After Loss provision in the Policy, which provides in pertinent part:

### SECTION I – CONDITIONS (HO 00 03 10 00)

*****

B.      Duties After Loss
*In case of a loss to covered property, we have no duty to provide coverage under this policy if the failure to comply with the following duties is prejudicial to us. These duties must be performed either by you, an "insured" seeking coverage, or a representative of either:*

*****

*7. As often as we reasonably require:*
   *a. Show the damaged property;*
   *b. Provide us with records and documents we request and permit us to make copies; and*
   *c. Submit to examination under oath, while not in the presence of another "insured", and sign the same;*
*8. Send to us, within 60 days after our request, your signed, sworn proof of loss which sets forth, to the best of your knowledge and belief:*
   *a. The time and cause of loss;*
   *b. The interests of all "insureds" and all others in the property involved and all liens on the property;*
   *c. Other insurance which may cover the loss;*

*d. Changes in title or occupancy of the property during the term of the policy;*
*e. Specifications of damaged buildings and detailed repair estimates;*
*f. The inventory of damaged personal property described in 6. above;*
*g. Receipts for additional living expenses incurred and records that support the fair rental value loss;*

*****

Plaintiff's claim is barred as Plaintiff did not comply with Universal's requests under the terms and provisions of this portion of the Policy.

## SEVENTH AFFIRMATIVE DEFENSE

Universal shows that Plaintiff's Complaint should be dismissed because the Plaintiff has filed to comply with all terms of the Policy. Universal shows that the Policy provides in pertinent part as follows:

*G. Suit Against Us*
*No action can be brought against us unless there has been full compliance with all of the terms under Section **I** of this policy and the action is started within two years after the date of loss.*

Plaintiff's claim for insurance proceeds, as asserted in the Complaint, is barred under this applicable provision, and therefore, Plaintiff's Complaint must be dismissed.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims may otherwise be barred under the Policy, in whole or in part, due to Plaintiff's own actions or omissions.

## NINETH AFFIRMATIVE DEFENSE

Pending further investigation and discovery, Universal reserves the right to bring any and all affirmative defenses available to it and any applicable defenses under Policy and the laws of the State of Georgia.

## TENTH AFFIRMATIVE DEFENSE

4

In response to the specific allegations contained in the Plaintiff's Complaint, and while at all times reserving the defenses previously raised by Universal, as well as those which may be added by amendment in the future after further discovery and investigation, Universal states the following:

## JURISDICTION AND VENUE

1.

Universal is without sufficient information to either admit or deny the allegations and inferences contained in Paragraph 1 of the Complaint and therefore places Plaintiff on strict proof of the same as if it had been denied.

2.

Universal admits the allegations contained in Paragraph 2 of the Complaint.

3.

Universal admits the allegations contained in Paragraph 3 of the Complaint.

## STATEMENT OF FACTS

4.

Universal admits that it issued a policy of insurance bearing policy number 1701-1700-9156 to James Jackson ("the Policy") providing certain coverage as set forth in the Policy for the Insured Property during the policy period, and otherwise that Exhibit A to the Complaint speaks for itself.

5.

Universal admits that the Policy issued to James Jackson was intended to provide certain coverage for some losses to the "Subject Property" as defined in the Complaint subject to the terms, conditions, exclusions, limitations and provisions set forth in the

Policy, which speaks for itself; however, to the extent that Plaintiff implies or infers that the Policy provides coverage for the reported loss occurring on or about January 13, 2021, the claimed damages resulting from that loss, and the damages sought in the Complaint, said allegations are hereby denied.

6.

Universal admits that the Subject Property sustained some damage on or about January 13, 2021; however, to the extent that Plaintiff implies or infers that the Policy provides coverage for the claimed damages and the damages sought in the Complaint, said allegations are hereby denied.

7.

Universal is without sufficient information to either admit or deny the allegations and inferences contained in Paragraph 7 of the Complaint and therefore places Plaintiff on strict proof of the same as if it had been denied.

8.

Universal denies the allegations contained in Paragraph 8 of the Complaint. Universal determined that the sewage backup and water overflow was due to a cause of loss not covered and/or excluded by the Policy.

9.

Universal admits the allegations contained in Paragraph 9 of the Complaint.

10.

Universal admits the allegations contained in Paragraph 10 of the Complaint.

11.

Universal denies the allegations contained in Paragraph 11 of the Complaint.

12.

Universal denies the allegations contained in Paragraph 12 of the Complaint.

13.

Universal admits that on February 4, 2021, Alder Adjusting issued a correspondence to the Plaintiff, which speaks for itself, denying the Plaintiff's claim, but the remaining allegations and inferences in Paragraph 13 are denied.

14.

Universal is without sufficient information to either admit or deny the allegations and inferences contained in Paragraph 14 of the Complaint and therefore places Plaintiff on strict proof of the same as if it had been denied.

15.

Universal denies the allegations contained in Paragraph 15 of the Complaint.

16.

Universal admits that Premium Plumbing & Septic issued a letter, which speaks for itself, containing Premium Plumbing & Septic's opinions regarding the claimed loss; however, to the extent that Plaintiff implies or infers that Premium Plumbing & Septic opinions in that letter and the allegations in Paragraph 16 are true and/or otherwise establish coverage for the claimed loss and the damages sought in the Complaint, Universal denies Paragraph 16.

17.

Universal admits that Alder Adjusting issued a letter to the Plaintiff on or about May 7, 2021 denying the claimed loss; however, Universal denies the allegation in Paragraph 17 that the contents of that correspondence were in any way contractually

inaccurate, as well as any inference that the Policy provides coverage for the claimed damages and the damages sought in the Complaint.

18.

In response to Paragraph 18, Universal admits only that the Policy, which speaks for itself, along with Georgia law, controls the contractual obligations of both parties regarding insurance benefits, but the remaining allegations and inferences, including any inference that the Policy provides coverage for the claimed damages and the damages sought in the Complaint, in Paragraph 18 are denied.

19.

In response to Paragraph 19, Universal admits only that the Policy, which speaks for itself, along with Georgia law, controls the contractual obligations of both parties regarding insurance benefits, but the remaining allegations and inferences, including any inference that the Policy provides coverage for the claimed damages and the damages sought in the Complaint, in Paragraph 19 are denied.

20.

In response to Paragraph 20, Universal admits only that the Policy, which speaks for itself, along with Georgia law, controls the contractual obligations of both parties regarding insurance benefits, but the remaining allegations and inferences, including any inference that the Policy provides coverage for the claimed damages and the damages sought in the Complaint, in Paragraph 20 are denied.

21.

In response to Paragraph 21, Universal admits only that the Policy, which speaks for itself, along with Georgia law, controls the contractual obligations of both parties

regarding insurance benefits, but the remaining allegations and inferences, including any inference that the Policy provides coverage for the claimed damages and the damages sought in the Complaint, in Paragraph 21 are denied.

22.

Universal denies the allegations contained in Paragraph 22 of the Complaint.

23.

In response to Paragraph 23, Universal admits only that the Policy, which speaks for itself, along with Georgia law, controls the contractual obligations of both parties regarding insurance benefits, but the remaining allegations and inferences, including any inference that the Policy provides coverage for the claimed damages and the damages sought in the Complaint, in Paragraph 18 are denied.

24.

Universal denies the allegations contained in Paragraph 24 of the Complaint.

25.

Universal denies the allegations contained in Paragraph 25 of the Complaint.

26.

Universal denies the allegations contained in Paragraph 26 of the Complaint.

27.

Universal admits that Plaintiff, though their attorney, sent a letter citing O.C.G.A. §33-4-6 to Universal dated November 10, 2022, which speaks for itself, but the remaining allegations and inferences in Paragraph 27 are hereby denied.

28.

Universal denies the allegations contained in Paragraph 28 of the Complaint.

29.

Universal admits that the Subject Property sustained some damage on or about January 13, 2021; however, to the extent that Plaintiff implies or infers that the Policy provides coverage for the claimed damages and the damages sought in the Complaint, said allegations are hereby denied.

30.

Universal denies the allegations contained in Paragraph 30 of the Complaint.

31.

Universal denies the allegations contained in Paragraph 31 of the Complaint.

32.

Universal denies the allegations contained in Paragraph 32 of the Complaint.

33.

Universal denies the allegations contained in Paragraph 33 of the Complaint.

**COUNT ONE - BREACH OF CONTRACT**

34.

Universal repeats and re-alleges its answers to the allegations contained in the preceding paragraphs of the Complaint 1 through 33.

35.

Universal denies the allegations contained in Paragraph 35 of the Complaint.

36.

Universal admits only that the Policy, which speaks for itself, along with Georgia law, controls the contractual obligations of both parties regarding insurance benefits, but the remaining allegations and inferences, including any inference that the Policy provides

coverage for the claimed damages and the damages sought in the Complaint, in Paragraph 36 are denied.

37.

Universal denies the allegations contained in Paragraph 37 of the Complaint.

38.

Universal denies the allegations contained in Paragraph 38 of the Complaint.

39.

Universal denies the allegations contained in Paragraph 39 of the Complaint.

40.

Universal denies the allegations contained in Paragraph 40 of the Complaint.

41.

Universal denies the allegations contained in Paragraph 41 of the Complaint.

**COUNT ONE - O.C.G.A. § 33-4-6: BAD FAITH, ATTORNEY'S FEES AND LITIGATION COSTS**

42.

Universal repeats and re-alleges its answers to the allegations contained in the preceding paragraphs of the Complaint 1 through 41.

43.

Universal denies the allegations contained in Paragraph 43 of the Complaint.

44.

Universal denies the allegations contained in Paragraph 44 of the Complaint.

45.

Universal denies the allegations contained in Paragraph 45 of the Complaint.

46.

Universal denies the allegations contained in Paragraph 46 of the Complaint.

## ELEVENTH AFFIRMATIVE DEFENSE

With regard to any allegation of the Complaint for which there is no reply above, the allegation is hereby denied.

WHEREFORE, having responded to the allegations of Plaintiff's Complaint, Universal respectfully requests that:

1. Plaintiff's Complaint be dismissed against Universal with prejudice and discharged with all costs cast upon the Plaintiff for attorney's fees and expenses of litigation;

2. The Court enter judgment in favor of Defendant, Universal; and

3. Universal be awarded such other further relief as the Court may deem just and proper.

Respectfully submitted this 16th day of February 2023.

                                              DREW ECKL & FARNHAM, LLP

                                              H. MICHAEL BAGLEY
                                              Georgia Bar No. 031425

                                              PAUL A. WILDES
                                              Georgia Bar No. 449977

                                    **Counsel for Universal Property &**
                                    **Casualty Insurance Company**

303 Peachtree Street
Suite 3500
Atlanta, GA  30308
(404) 885-1400
(404) 876-0992 (Fax)
BagleyM@deflaw.com
WildesP@deflaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day served a copy of the within and foregoing **UNIVERSAL PROPERTY & CASUALTY INSURANCE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** upon all parties to this matter by depositing a true and correct copy of same in the U.S. Mail, proper postage prepaid, addressed as follows:

Carson Jeffries<br>
47 Perimeter Center East, Suite 530<br>
Atlanta, GA 30346<br>
ph: (404) 341-6653

This 16th day of February 2023.

DREW ECKL & FARNHAM, LLP

_____
H. MICHAEL BAGLEY
Georgia Bar No. 031425

_____
PAUL A. WILDES
Georgia Bar No. 449977

**Counsel for Universal Property & Casualty Insurance Company**

303 Peachtree Street
Suite 3500
Atlanta, GA 30308
(404) 885-1400
(404) 876-0992 (Fax)
BagleyM@deflaw.com

WildesP@deflaw.com