# EXHIBIT 2

E-FILED IN OFFICE - CE
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA
23-A-00168-3
1/9/2023 10:28 AM
TIANA P. GARNER, CLERK

IN THE SUPERIOR COURT OF GWINNETT COUNTY
STATE OF GEORGIA

MASON GRIFFIN, individually, and : 
AMY GRIFFIN, as legal guardian and :   CIVIL ACTION FILE NO. 23-A-00168-3 _____
trustee of CARSON GRIFFIN, a minor :
child, :
: 
        Plaintiffs, :
: 
vs. :
: 
WESCO DISTRIBUTION, INC, and :
KELLY GAGNON, Individually, :
: 
        Defendants. :

**PETITION FOR INTERPLEADER, INJUNCTION, AND DECLARATORY
JUDGMENT AND COMPLAINT FOR CONSTRUCTIVE TRUST**

Plaintiffs Mason Griffin ("Plaintiff Mason"), individually, and Amy Griffin ("Plaintiff

Amy"), in her capacity as sole legal guardian and trustee for minor child Carson Griffin

(collectively, "Plaintiffs") file this Petition for Interpleader, Injunction, and Declaratory

Judgment and Complaint for Constructive Trust (the/this "Complaint") against Wesco

Distribution, Inc. ("Defendant Wesco") and Kelly Gagnon ("Defendant Gagnon") (collectively

"Defendants") and show this Court the following:

**Parties, Venue and Jurisdiction**

1.

Plaintiffs are residents of the State of Florida.

2.

Defendant Wesco is a foreign profit corporation doing business in the State of Georgia.

Defendant Wesco may be served by service upon its registered agent, Corporation Service

Company, 2 Sun Court, Suite 400, Peachtree Corners, Gwinnett County, Georgia 30092.

3.

Defendant Gagnon is a resident of the State of South Carolina and may be served at her residence: 2242 Dewees Creek Drive, Mount Pleasant, South Carolina 29466.

4.

Jurisdiction and venue are proper in this Honorable Court.

**Facts Relevant to All Counts**

5.

This case involves entitlement to proceeds in an unknown amount distributed to an inherited beneficiary account in the name of Kelly Gagnon (the "Inherited Beneficiary Account") from the proceeds of a Wesco 401(k) in the name of Joshua Griffin (the "401(k)"). The Inherited Beneficiary Account is currently administered by Defendant Wesco and is now under complete control of Defendant Gagnon.

6.

On June 3, 2013, Plaintiff Amy and Joshua Griffin were divorced by entry of a Final Judgment and Decree of Divorce entered by the Superior Court of Coweta County, Georgia, which incorporated an April 26, 2013, Settlement Agreement executed by Plaintiff Amy and Joshua Griffin in the State of Georgia (collectively, hereafter the "Final Decree"). A true and accurate copy of the Final Decree is attached hereto and incorporated herein as **Exhibit "A"**.

7.

The Final Decree required Joshua Griffin to name Plaintiffs as beneficiaries of the 401(k).

8.

Joshua Griffin died on October 7, 2022.

Page 2

9.

Upon information and belief and prior to his death, Joshua Griffin violated the terms of the Final Decree by changing the beneficiary of the 401(k) to his then girlfriend, Defendant Gagnon.

10.

After Joshua Griffin's death, Defendant Gagnon made a claim on the 401(k) which has now been approved by Defendant Wesco and moved into the Inherited Beneficiary Account, which is subject to her full control and potential dissipation.

**COUNT I: DEMAND FOR INTERPLEADER AGAINST DEFENDANT WESCO**

11.

Plaintiffs re-allege, adopt and incorporate herein by reference all of the allegations in Paragraphs 1-10 above as is fully set forth herein

12.

Whenever a person is possessed of property or funds to which more than one person lays claim of such a character as to render it doubtful or dangerous for the holder to act, he may apply to equity to compel the claimants to interplead. O.C.G.A. § 23-3-90.

13.

Likewise, if in the progress of any proceeding in equity the Court perceives the necessity for parties to interplead, it may order such interpleader as collateral and ancillary to the main case.

Case 1:23-mi-99999-UNA   Document 513-2   Filed 02/17/23   Page 5 of 10

13.

Plaintiffs pray that the Court orders Defendant Wesco to pay the proceeds contained in the Inherited Beneficiary Account into the registry of the Court so that the Court may settle the disputed claims and rights to collect the same.

14.

Plaintiffs are entitled to the proceeds of the Inherited Beneficiary Account on the basis of having a vested interest in the same as a result of Joshua Griffin's entering into the Settlement Agreement with Defendant Amy and affirmatively forfeiting his right to change the beneficiary of the source of the Inherited Beneficiary Account, the 401(k). See, e.g., Reeves v. Reeves, 236 Ga. 209 (1976); Zobrist v. Bennison, 268 Ga. 245 (1997); Sparks v. Jackson, 289 Ga. App. 840 (2008); Whitehead v. Whitehead, 191. Ga. App. 330 (1989); Sullenger v. Sullenger, 169 Ga. App. 648 (1984).

15.

While Plaintiffs could not sue Wesco with respect to the 401(k) due to preemption provided by ERISA, once the proceeds of the 401(k) were transferred to the Inherited Beneficiary Account and placed in full control of Defendant Gagnon, those protections were lost, allowing this suit to protect Plaintiffs' interests in the benefits of the Inherited Beneficiary Account. See Metlife Life & Annuity Co. v. Akpele, 888 F.3d 998, 1007 (11th Cir. 2018); Alcorn v. Appleton, 308 Ga. App. 663, 665 (Ga. App. 2011).

Page 4

## COUNT II: PETITION FOR DECLARATORY JUDGMENT AGAINST ALL DEFENDANTS

16.

Plaintiffs re-allege, adopt and incorporate herein by reference all of the allegations in Paragraphs 1-15 above as is fully set forth herein.

17.

In relevant part, the Final Decree provides as follows:

> [Joshua Griffin] shall designate Mason Griffin and Carson Griffin as equal beneficiaries of Husband's 401(k) plan through his employer, and will name [Plaintiff Amy] as trustee for the benefit of Mason and Carson.

18.

Despite the clear language in Final Decree, Joshua Griffin named Defendant Gagnon as the beneficiary of the 401(k) and Defendant Wesco transferred the balance of the 401(k) to the Inherited Beneficiary Account solely in the control of Defendant Gagnon.

19.

Georgia law provides that Plaintiffs have a vested interest and entitlement to the proceeds of the 401(k) account now contained in the Inherited Beneficiary Account.

20.

On these grounds, Plaintiffs have contested Defendant Gagnon's right to maintain possession of the proceeds contained in the Inherited Beneficiary Account.

21.

The competing claims constitute an actual controversy as contemplated in O.C.G.A. § 9-4-2 and O.C.G.A. § 9-4-8.

22.

These competing claims require a declaration be made to declare the legal rights of the parties vis-à-vis one another with respect to the Inherited Beneficiary Account.

## COUNT III: INJUNCTION AGAINST ALL DEFENDANTS

23.

Plaintiffs re-allege, adopt and incorporate herein by reference all of the allegations in Paragraphs 1-22 above as is fully set forth herein.

24.

In any petition seeking declaratory judgment, further plenary relief, including injunction, may be sought and the Court may grant injunction in order to maintain the status quo. See O.C.G.A. § 9-4-3.

25.

Likewise, pursuant to O.C.G.A. § 9-11-65, the Court has authority following hearing to implement an interlocutory injunction.

26.

Should Defendant Wesco not pay the proceeds of the Inherited Investment Account into the registry of the Court and not enjoin Defendant Wesco from distributing or Defendant Gagnon from withdrawing and disposing and/or using the proceeds of that account, Plaintiffs would be substantially injured.

27.

Consequently, Plaintiffs request the Court enter an injunction pending final resolution in this case to prohibit Defendants from disposing or using the proceeds in the Inherited Beneficiary Account to the detriment of Plaintiffs.

## COUNT IV: CONSTRUCTIVE TRUST AGAINST DEFENDANT GAGNON

28.

Plaintiffs re-allege, adopt and incorporate herein by reference all of the allegations in Paragraphs 1-27 above as is fully set forth herein.

29.

A constructive trust is imposed "whenever the circumstances are such that the person holding legal title to property, either from fraud or otherwise, cannot enjoy the beneficial interest in the property without violating some established principle of equity." O.C.G.A. § 53-12-132; See also, Cordovano v. State, 61 Ga. App. 590, 593 (1940) (applying the same rule in common law).

30.

As indicated above, Georgia law holds that Joshua Griffin forfeited his rights to change the beneficiary of the 401(k) and, consequently, Plaintiffs have a vested interest in the proceeds derived from the 401(k) due to the Settlement Agreement. See, e.g., Reeves v. Reeves, 236 Ga. 209 (1976); Zobrist v. Bennison, 268 Ga. 245 (1997); Sparks v. Jackson, 289 Ga. App. 840 (2008); Whitehead v. Whitehead, 191. Ga. App. 330 (1989); Sullenger v. Sullenger, 169 Ga. App. 648 (1984).

31.

Accordingly, to the extent that Defendant Gagnon is the legal title holder to the proceeds now contained in the Inherited Beneficiary Account, she cannot enjoy the beneficial interest without violating principles of equity and, therefore, the Court should find a constructive trust imposed to protect Plaintiffs' vested interest.

Page 7

32.

Consequently, the Court should award the proceeds to Plaintiffs.

## COUNT V: ATTORNEY'S FEES AND EXPENSES AGAINST ALL DEFENDANTS

33.

Plaintiffs re-allege, adopt and incorporate herein by reference all of the allegations in Paragraphs 1-32 above as is fully set forth herein.

34.

Pursuant to O.C.G.A. § 13-6-11, § 23-3-90(b), and § 9-15-14, Defendants are liable to Plaintiffs for all attorney's fees and costs of this action as a result of being obligated to turn over the proceeds of the Inherited Beneficiary Account to Plaintiffs and/or not interpleading the proceeds to avoid unnecessary damage to Plaintiffs.

35.

Pursuant to the above referenced Code sections, in addition to the statutory allowance under equitable interpleader actions, Defendants are liable to Plaintiffs because they have acted in bad faith, been intentionally and stubbornly litigious, have caused Plaintiffs unnecessary trouble and expense, and have taken positions not justiciable in law or fact in forcing Plaintiffs to commence and prosecute this litigation.

WHEREFORE, Plaintiffs respectfully pray for the following:

a.      that process be issued requiring Defendants to answer this Complaint;

b.      that Defendant Wesco be required to interplead the entirety of the Inherited Beneficiary Account into the registry of the Court so that the Court may settle the disputed claims and rights to collect the same;

c.      that Defendants be enjoined from using or disposing of the Inherited Beneficiary Account pending resolution of this case;

d.      that the Court declare Plaintiffs entitled to the proceeds or impose a constructive trust on the proceeds now contained in the Inherited Beneficiary Account in favor of Plaintiffs;

e.      that Plaintiffs be awarded their attorney's fees and costs of litigation pursuant to O.C.G.A. § 13-6-11, § 23-3-90(b), and/or § 9-15-14; and

f.      that the Court grant them such other and further relief as this Court deems just and proper.

This _____9th_____ day of January, 2023.

GLOVER & DAVIS, P.A.
Attorneys for Plaintiffs

BY: _____

Taylor B. Drake
State Bar No. 679559
Michael H. Hill
State Bar No. 839835

10 Brown Street
P.O. Box 1038
Newnan, Georgia 30264
(770) 683-6000
TDrake@GloverDavis.com
MHill@GloverDavis.com

h:\Griffin.Amy\Pleadings\010423.Complaint