# EXHIBIT A

ID# E-Z4LH3YKV-ABC
⚖ EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**23-A-144**

JAN 13, 2023 01:58 PM

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

John V. Hobbs,

Plaintiff,

v.

The Kroger Co.,
John Doe, and
John Doe, Inc.

Defendants.

Civil Action File No.

## COMPLAINT

COMES NOW, John V. Hobbs ("Plaintiff") who, by and through the undersigned, files

this, his Complaint for damages against The Kroger Co. ("Defendant"), John Doe, and John Doe,

Inc. (collectively, ("Defendants"), showing the Court the following:

### PARTIES and JURISDICTION

1.  Plaintiff resides at 115 Victoria Drive, Fayetteville, GA 30214.

2.  Upon information and belief, Defendant is a foreign profit corporation that owns the

    premises at which Plaintiff's injuries occurred, and Defendant may be served through its

    registered agent, CSC of Cobb County, Inc. at 192 Anderson Street, SE, Suite 125,

    Marietta, GA 30060.

3.  Defendant is subject to the jurisdiction and venue of this court.

4.  Upon information and belief, John Doe is an unknown agent, employee of Defendant

    and/or manager of the premises where Plaintiff was injured and whose current address is

    unknown.

5.  John Doe is subject to the jurisdiction and venue of this court pursuant to O.C.G.A. § 9-

    10-31.

6.   Upon information and belief, John Doe, Inc. is a domestic or foreign corporation, limited liability company, limited partnership, general partnership, general proprietorship, joint venture or other entity or business that owns the premises at which Plaintiff's injuries occurred, and John Doe, Inc. may be served through the Secretary of State of Georgia.

7.   The acts and omissions giving rise to this litigation occurred at the Kroger store located at 134 Banks Crossing, Fayetteville, GA 30214 (the "Premises").

8.   This court is the proper jurisdiction and venue in this matter.

## FACTS COMMON TO ALL COUNTS

9.   Plaintiff re-alleges and incorporates by reference paragraphs one through the preceding as if each were set forth herein, *seriatim*.

10.  Between approximately 3:00 p.m. and 4:00 p.m. on May 29, 2021, Plaintiff was walking through the Premises pushing a shopping cart through an aisle containing cosmetics and walking towards the checkout area.

11.  As Plaintiff was pushing his cart through the aisle, he encountered a hazard in the form of a metal plate in the middle of the floor of the aisle.

12.  At all times material, the metal plate in the floor was not completely flush with the floor resulting in part of the plate protruding from the floor creating a trip hazard.

13.  Plaintiff did not notice the plate on the floor as he was pushing a shopping cart full of items.

14.  As Plaintiff stepped through the area, his shoe became caught on the exposed edge of the metal plate resulting in Plaintiff losing his balance.

15.  As a result of losing her balance, Plaintiff fell into the shelving partition of the aisle striking his head, right shoulder, and right arm.

16. As a result of falling after tripping on the exposed metal plate, Plaintiff suffered injuries and damages.

17. At all times material, Plaintiff was an invitee of Defendant on the Premises.

## COUNT I

### NEGLIGENT DESIGN

18. Plaintiff re-alleges and incorporates by reference paragraphs one through the preceding as if each were set forth herein, *seriatim*.

19. The design of the metal plate on the floor resulted in an inherent danger of tripping and falling due to the poor design of the metal plate that resulted in the plate not being flush with the floor of the Premises.

20. The flawed design presents an unreasonable risk of harm to invitees who do not expect to walk over the hazardous plate while shopping inside the Premises.

21. At all times material on May 29, 2021, Defendant was responsible for the design of the metal plate that was installed in the aisle where Plaintiff tripped and fell.

22. As a direct and proximate result of Defendant's negligent design of the metal plate and the unreasonable risk presented thereby, Plaintiff did in fact walk over the negligently designed plate resulting in him tripping and falling inside the Premises.

23. As a result of Defendant's negligent design of the plate, Plaintiff was injured and incurred damages.

## COUNT II

### NEGLIGENT INSTALLATION

24. Plaintiff re-alleges and incorporates by reference paragraphs one through the preceding as if each were set forth herein, *seriatim*.

25. The negligent installation of the metal plate on the floor resulted in an inherent danger of tripping and falling due to the poor installation of the metal plate that resulted in the plate not being flush with the floor of the Premises.

26. The poor installation presents an unreasonable risk of harm to invitees who do not expect to walk over the poorly installed plate while shopping inside the Premises.

27. At all times material on May 29, 2021, Defendant was responsible for the installation of the metal plate that was installed in the aisle where Plaintiff tripped and fell.

28. As a direct and proximate result of Defendant's negligent installation of the metal plate and the unreasonable risk presented thereby, Plaintiff did in fact walk over the negligently installed plate resulting in him tripping and falling inside the Premises.

29. As a result of Defendant's negligent installation of the plate, Plaintiff was injured and incurred damages.

## COUNT III

## NEGLIGENT MAINTENANCE

30. Plaintiff re-alleges and incorporates by reference paragraphs one through the preceding as if each were set forth herein, *seriatim*.

31. Defendants' negligent maintenance of the metal plate on the floor resulted in an inherent danger of tripping and falling due to the lack of maintenance or poor maintenance of the metal plate that resulted in the plate not being flush with the floor of the Premises.

32. The poor maintenance of the metal plate presented an unreasonable risk of harm to invitees who do not expect to walk over the poorly maintained plate while shopping inside the Premises.

33.   At all times material on May 29, 2021, Defendant and/or Defendant John Doe was responsible for the maintenance of the metal plate that was installed in the aisle where Plaintiff tripped and fell.

34.   As a direct and proximate result of Defendants' negligent maintenance of the metal plate and the unreasonable risk presented thereby, Plaintiff did in fact walk over the negligently installed plate resulting in him tripping and falling inside the Premises.

35.   As a result of Defendant's negligent maintenance of the plate, Plaintiff was injured and incurred damages.

## COUNT IV

## NEGLIGENT FAILURE TO WARN

36.   Plaintiff re-alleges and incorporates by reference paragraphs one through the preceding as if each were set forth herein, *seriatim*.

37.   At all times material on May 29, 2021, Defendants knew or should have known that many people, including customers and employees traverse the cosmetics aisle of the Premises.

38.   At all times material on May 29, 2021, Defendant and Defendant John Doe had a duty to warn invitees of the Premises of the unreasonable risk of tripping and falling on the exposed metal plate located in the cosmetics aisle

39.   At all times material, Defendants failed to erect any sign or other warning to patrons/invitees that they faced a risk of tripping and falling while walking through the area near the exposed metal plate.

40. Plaintiff did in fact trip and fall due to the presence of an exposed metal plate that was hidden or difficult to see as a direct and proximate result of Defendants' negligent failure to warn and the unreasonable risk presented thereby.

41. As a direct and proximate result of Defendants' negligent failure to warn, Plaintiff suffered injuries and damages.

**COUNT V**

**DAMAGES**

42. Plaintiff re-alleges and incorporates by reference paragraphs one through the preceding as if each were set forth herein, *seriatim*.

43. As a result of the Defendant and/or Defendants' negligence, Plaintiff incurred damages for medical care and treatment, which damages in the approximate amount of $207,811.66, to date, including the following:

| | | |
|---|---|---|
| a. | Piedmont County Fire & EMS | $665.43 |
| b. | Piedmont Fayetteville Hospital | $11,717.01 |
| c. | Atlantic COD Emergency Physicians | $1,485.00 |
| d. | Piedmont South Imaging | $1,016.00 |
| e. | Arrowhead Clinic | $6,490.00 |
| f. | Metro Medical | $836.00 |
| g. | Regional Medical Group | $36,205.85 |
| h. | Onyx Imaging | $4,202.00 |
| i. | Piedmont Hospital | $55,870.38 |
| j. | Pain Care, LLC | $9,541.37 |
| k. | Georgia Bone & Joint | $3,108.00 |

| l. | Clayton Eye Center | $505.00 |
|---|---|---|
| m. | Grady Memorial Hospital | $54,162.05 |
| n. | Emory Medical Care Foundation $ | $2,777.00 |
| o. | Resurgens Orthopaedics | $2,214.00 |
| p. | Piedmont Orthopedics | $3,621.53 |
| q. | Ankle & Foot Care of Georgia | $5,817.00 |
| r. | Atlanta Brain & Spine | $7,578.01. |

44.    As a direct and proximate result of Defendant's or Defendants' negligent actions, Plaintiff will incur future medical expenses for future medical care and treatment.

45.    As a direct and proximate result of Defendant's or Defendants' negligent actions, Plaintiff suffered and continues to suffer significant physical and mental pain and suffering.

46.    As a direct and proximate result of Defendant's or Defendants' negligent actions, Plaintiff is entitled to recover his past and future medical expenses from Defendant.

47.    As a direct and proximate result of Defendant's or Defendants' negligent actions, Plaintiff is entitled to recover damages for past and future pain and suffering in amount determined by the enlightened conscience of an impartial jury.

## COUNT VI

## PUNITIVE DAMAGES

48.    Plaintiff re-alleges and incorporates herein by reference paragraphs one through the preceding paragraph of this Complaint for Damages as if each paragraph were set forth herein, *seriatim*.

49. Upon information and belief, Defendants' failure to inspect the Premises and / or ameliorate the dangerous condition, which caused Plaintiff's injuries, warrants the imposition of punitive damages, pursuant to the provisions of O.C.G.A. § 51-12-5.1, in those same shows willful misconduct, malice, wantonness, oppression, or that entire want of care which would raise the presumption of a conscious indifference to the consequences.

## COUNT VII

### ATTORNEY'S FEES PURSUANT TO O.C.G.A. § 13-6-11

50. Plaintiff re-alleges and incorporates by reference paragraphs one through the preceding as if each were set forth herein, *seriatim*.

51. Defendants have caused Plaintiff unnecessary trouble and expense and / or been stubbornly litigious by forcing Plaintiff to file this lawsuit in an effort to obtain, at the very least, documents, testimony, videotapes and other information relevant to establishing whether Defendants acted negligently and caused Plaintiff's injuries and damages, entitling Plaintiff to attorney's fees and costs of litigation.

**WHEREFORE,** Plaintiff prays:

a) That summons of process be issued;

b) That the Plaintiff be awarded a judgment against Defendant(s) for all damages allowable under Georgia law, including, but not limited to past, present and future medical expenses, including past medical expenses in the amount of $207,811.66;

c) That the Plaintiff be awarded damages for all past, present and future pain and suffering an amount to be determined by the enlightened conscience of an impartial jury;

d) That the Defendant(s) be charged with all court costs attributable to this action and such other costs reasonably incurred in the prosecution and trial of this case;

e) That Plaintiff be awarded his reasonable attorney's fees and expenses of litigation pursuant to O.C.G.A. § 13-6-11;

f) That Plaintiff be awarded punitive damages pursuant to O.C.G.A. § 51-12-5.1 against Defendant, which damages are to be determined by the enlightened conscience of an impartial jury; and

g) That the Plaintiff be awarded such other relief as the Court may deem just and proper.

**BAUER LAW OFFICES**

*/s/ Edward J. Bauer*

Edward J. Bauer, Esq.
*Attorney for Plaintiff*
Georgia State Bar No. 581002

P.O. Box 19776
Atlanta, Georgia 30325-0776
Tel: 404-355-1992
Fax: 404-355-1946
ejb@eddiebauerlaw.com