# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| JOHN V. HOBBS,<br><br>  Plaintiff,<br><br>v.<br><br>THE KROGER CO., JOHN DOE, and JOHN DOE, INC.,<br><br>  Defendants. | Civil Action File No.<br><br>_____<br><br>Removed from Cobb County State Court, Civil Action No. 23-A-144<br><br>JURY TRIAL DEMANDED |

**DEFENDANT THE KROGER CO.'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT**

COMES NOW **THE KROGER CO.** (hereinafter referred to as "Kroger"), Defendant in the above-styled civil action, by and through undersigned counsel, and files this, its Answer and Defenses to Plaintiff's Complaint, showing the Court as follows:

### FIRST DEFENSE

No act or omission by Kroger either proximately caused or contributed to whatever injury or damage Plaintiff claims to have sustained.

### SECOND DEFENSE

Plaintiff, by the exercise of ordinary care, could have avoided the consequences of any act or failure to act of Kroger.

### THIRD DEFENSE

Plaintiff's alleged damages, if any, were directly and proximately caused by Plaintiff's own contributory and comparative negligence and failure to exercise ordinary care.

### FOURTH DEFENSE

Plaintiff's negligence equaled or exceeded that of Kroger.

### FIFTH DEFENSE

Kroger shows that Plaintiffs' alleged damages, if any, were the result of acts or omissions by persons or entities other than Kroger.

### SIXTH DEFENSE

Plaintiff's Complaint fails to state a claim for punitive damages. Alternatively, Kroger shows that such punitive damages, if any, are limited to a maximum of $250,000.00.  O.C.G.A. § 51-12-5.1(g).

### SEVENTH DEFENSE

As discovery has not yet begun, Kroger specifically reserves the right to raise any additional claims or affirmative defenses which may be discovered.

Kroger hereby incorporates by reference all affirmative defenses set forth in O.C.G.A. § 9-11-8(c) to the extent applicable.

## EIGHTH DEFENSE

Plaintiff's claims for interest, attorney's fees and expenses of litigation are unwarranted and unsupported by any construction of the law to the facts of this case. As such, Plaintiff's claims pursuant should be dismissed.

## NINTH DEFENSE

Kroger has not acted in bad faith, been stubbornly litigious or caused the Plaintiff unnecessary trouble and expense. Therefore, Plaintiff may not recover under O.C.G.A. § 13-6-11 from Kroger.

## TENTH DEFENSE

As a Tenth Defense, Kroger answers the number allegations of Plaintiff's Complaint as follows:

## PARTIES AND JURISDICTION

1.

Defendant is without knowledge or information sufficient to allow it to either admit or deny the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2.

In response to the allegations in Paragraph 2 of Plaintiff's Complaint, Kroger admits it may be served through its registered agent CSC of Cobb County, Inc., at 192 Anderson St. SE, Suite 125, Marietta, Georgia 30060.  By way of further response to said paragraph, Defendant states that those averments not expressly admitted or denied are hereby denied.

3.

Kroger admits the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.

Defendant is without knowledge or information sufficient to allow it to either admit or deny the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5.

Defendant is without knowledge or information sufficient to allow it to either admit or deny the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6.

Defendant is without knowledge or information sufficient to allow it to either admit or deny the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7.

Kroger admits that Plaintiff was present in the Kroger store located at 134 Banks Crossing, Fayetteville, GA 30214 on the date in question and that Plaintiff reported an incident to Kroger managers in connection with his presence in the store.  However, to the extent that the allegations contained in Paragraph 7 raise an inference that Kroger acted negligently or that Plaintiff is entitled to any relief requested, such inference is denied.

8.

Kroger admits the allegations contained in Paragraph 8 of Plaintiff's Complaint.

## FACTS COMMON TO ALL COUNTS

9.

Kroger hereby reasserts and incorporates by reference the responses made previously to Paragraphs 1 through 8 of Plaintiff's Complaint as if those responses were set forth herein by reference.

10.

Defendant is without knowledge or information sufficient to allow it to either admit or deny the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11.

Kroger denies as the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12.

Kroger denies the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13.

Defendant is without knowledge or information sufficient to allow it to either admit or deny the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14.

Kroger denies the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15.

Kroger denies the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16.

Kroger denies the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17.

Defendant is without knowledge or information sufficient to allow it to either admit or deny the allegations contained in Paragraph 17 of Plaintiff's Complaint.

## COUNT I

## NEGLIGENT DEISGN

18.

Kroger hereby reasserts and incorporates by reference the responses made previously to Paragraphs 1 through 17 of Plaintiff's Complaint as if those responses were set forth herein by reference.

19.

Kroger denies the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20.

Kroger denies the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21.

Kroger denies the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22.

Kroger denies the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23.

Kroger denies the allegations contained in Paragraph 23 of Plaintiff's Complaint.

## **COUNT II**

## **NEGLIGENT INSTALLATION**

24.

Kroger hereby reasserts and incorporates by reference the responses made previously to Paragraphs 1 through 23 of Plaintiff's Complaint as if those responses were set forth herein by reference.

25.

Kroger denies the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26.

Kroger denies the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27.

Kroger denies the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28.

Kroger denies the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29.

Kroger denies the allegations contained in Paragraph 29 of Plaintiff's Complaint.

## COUNT III

## NEGLIGENT MAINTENANCE

30.

Kroger hereby reasserts and incorporates by reference the responses made previously to Paragraphs 1 through 29 of Plaintiff's Complaint as if those responses were set forth herein by reference.

31.

Kroger denies the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32.

Kroger denies the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33.

Kroger denies the allegations contained in Paragraph 33 of Plaintiff's Complaint.

34.

Kroger denies the allegations contained in Paragraph 34 of Plaintiff's Complaint.

35.

Kroger denies the allegations contained in Paragraph 35 of Plaintiff's Complaint.

## COUNT IV

## NEGLIGENT FAILURE TO WARN

36.

Kroger hereby reasserts and incorporates by reference the responses made previously to Paragraphs 1 through 35 of Plaintiff's Complaint as if those responses were set forth herein by reference.

37.

Kroger denies the allegations contained in Paragraph 37 of Plaintiff's Complaint.

38.

Defendant admits it owed certain statutory duties under the law, but denies such duties are accurately stated in Paragraph 38 of the Complaint.

39.

Kroger denies the allegations contained in Paragraph 39 of Plaintiff's Complaint.

40.

Kroger denies the allegations contained in Paragraph 40 of Plaintiff's Complaint.

41.

Kroger denies the allegations contained in Paragraph 41 of Plaintiff's Complaint.

## COUNT V

## DAMAGES

42.

Kroger hereby reasserts and incorporates by reference the responses made previously to Paragraphs 1 through 41 of Plaintiff's Complaint as if those responses were set forth herein by reference.

43.

Kroger denies the allegations contained in Paragraph 43 of Plaintiff's Complaint.

44.

Kroger denies the allegations contained in Paragraph 44 of Plaintiff's Complaint.

45.

Kroger denies the allegations contained in Paragraph 45 of Plaintiff's Complaint.

46.

Kroger denies the allegations contained in Paragraph 46 of Plaintiff's Complaint.

47.

Kroger denies the allegations contained in Paragraph 47 of Plaintiff's Complaint.

## COUNT VI

## PUNITIVE DAMAGES

48.

Kroger hereby reasserts and incorporates by reference the responses made previously to Paragraphs 1 through 47 of Plaintiff's Complaint as if those responses were set forth herein by reference.

49.

Kroger denies the allegations contained in Paragraph 49 of Plaintiff's Complaint.

## COUNT VII

## ATTORNEY'S FEES PURUSANT TO O.C.G.A. § 13-6-11

50.

Kroger hereby reasserts and incorporates by reference the responses made previously to Paragraphs 1 through 49 of Plaintiff's Complaint as if those responses were set forth herein by reference.

51.

Kroger denies the allegations contained in Paragraph 51 of Plaintiff's Complaint.

WHEREFORE, having fully responded to the averments in Plaintiff's Complaint, Defendant The Kroger Co. respectfully prays:

(a)  That judgment is rendered in favor of Kroger and against Plaintiff;

(b)  That Kroger be discharged with all costs cast against Plaintiff;

(c)  That this matter be tried by a jury of twelve persons regarding any issues not subject to summary adjudication; and

(d)  For such other and further relief as is just and proper.

[Signature on following page.]

Respectfully submitted, this 17th day of February, 2023.

| | |
|---|---|
| **GRAY, RUST, ST. AMAND,** | |
| **MOFFETT & BRIESKE, L.L.P.** | */s/ Sarah Raquel L. Lisle* |
| 950 East Paces Ferry Road, N.E. | Matthew G. Moffett |
| Suite 1700 – Salesforce Tower Atlanta | Georgia Bar No. 515323 |
| Atlanta, Georgia 30326 | Sarah Raquel L. Lisle |
| Telephone:  (404) 870-7386 | Georgia Bar No. 412593 |
| Facsimile:  (404) 870-1033 | Jeremy A. Freiman |
| Email:        mmoffett@grsmb.com | Georgia Bar No. 786086 |
|                   slisle@grsmb.com | *Attorneys for Defendant The Kroger Co.* |
|                   jfreiman@grsmb.com | |

CERTIFICATE OF SERVICE AND OF COMPLIANCE WITH L.R. 5.1

This is to certify that on this date, the undersigned filed a true and correct copy of **DEFENDANT THE KROGER CO.'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT** with the Clerk of Court using the CM/ECF system and served all parties of record via electronic service through the CM/ECF system to:

Edward J. Bauer, Esq.
BAUER LAW OFFICES
P.O. Box 19776
Atlanta, GA 30325-0776

Further, this is to certify that the foregoing pleading complies with the font and point selections approved by the Court in Local Rule 5.1. It is prepared in Times New Roman 14-point font.

Respectfully submitted, this 17th day of February, 2023.

| | |
|---|---|
| **GRAY, RUST, ST. AMAND,** | |
| **MOFFETT & BRIESKE, L.L.P.** | */s/ Sarah Raquel L. Lisle* |
| 950 East Paces Ferry Road, N.E. | Matthew G. Moffett |
| Suite 1700 – Salesforce Tower Atlanta | Georgia Bar No. 515323 |
| Atlanta, Georgia 30326 | Sarah Raquel L. Lisle |
| Telephone:  (404) 870-7386 | Georgia Bar No. 412593 |
| Facsimile:  (404) 870-1033 | Jeremy A. Freiman |
| Email:    mmoffett@grsmb.com | Georgia Bar No. 786086 |
|           slisle@grsmb.com | *Attorneys for Defendant The Kroger* |
|           jfreiman@grsmb.com | *Co.* |