# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| HOPE VIGIL-SHUCK,<br><br>    Plaintiff,<br><br>v.<br><br>CRAIG SQUIRE,<br>CORNERSTONE CARGO, LLC,<br><br>    Defendants | CIVIL ACTION FILE<br>    NO. _____<br><br><br><br>*Jury Trial Demanded* |

## DEFENDANTS' BRIEF IN SUPPORT OF NOTICE OF REMOVAL

**COME NOW**, Defendants, and file this their Brief in Support of Defendants' Notice of Removal, showing this Honorable Court as follows:

### PROCEDURAL BACKGROUND

1. Plaintiff Hope Vigil-Shuck (hereinafter "Plaintiff"), a Georgia resident and citizen, filed this action in the State Court of Gwinnett County, on January 18, 2023, against Craig Squire, and Cornerstone Cargo LLC. That action is designated in that court as Civil Action File No.: 23-C-00366-S6. A true and correct copy of the Complaint is included in the State Court file, and attached hereto as Exhibit "A."

2. Plaintiff's Complaint, *inter alia*, alleges that Defendants are liable to Plaintiff for negligently causing Plaintiff's injuries that were sustained from an

1

accident which occurred on June 6, 2022. (*See* Plaintiff's Complaint, Ex. "A," ¶¶ 11, 23).

3.   Plaintiff is a Georgia resident and, thus, a citizen of Georgia. *See Gilbert v. David*, 235 U.S. 561, 569 (1915)("If a person is domiciled in [a particular state], [s]he is a citizen of that state within the meaning of the Judicial Code."). *See also* Plaintiff's Complaint, Ex. "A," ¶ 1.

4.   Defendant Cornerstone Cargo, LLC is now, and was at the commencement of Civil Action File No.: 23-C-00366-S6, and has, at all times since, been a foreign company organized and existing under the laws of the State of Illinois with its principal place of business in Illinois. (*See* Illinois Secretary of State Records, attached hereto as Ex. "B"). Defendant Cornerstone Cargo, LLC is a citizen of Illinois.

5.   Defendant Craig Squire was at the commencement of Civil Action File No.: 23-C-00366-S6, and at all times since, has been a citizen of the State of Florida. (*See* Plaintiff's Complaint, Ex. "A," ¶ 2; *see also* Police report, attached hereto as Exhibit "C"). *See also Gilbert v. David*, 235 U.S. 561, 569 (1915).

6.   The action described above is a civil action with a claim of which this Court has original jurisdiction, and it is one that may be removed to this Court by the Defendants pursuant to the provisions of 28 USC §§ 1332 and 1441 et seq. There is complete diversity among Plaintiff and the identified, named Defendants: the Parties

were not residents of the same state at the time of filing of the Complaint, and the amount in controversy exceeds $75,000, exclusive of interest and costs, as statutorily required. *See* 28 USC §§ 1332 and 1441 et seq.

7. Defendants represent to this Honorable Court that true and correct copies of all process, pleadings, orders served by or upon the Defendants in this case are attached in conformity with the requirements of 28 U.S.C. § 1446(a). (*See* Ex. "A" to Defendants' Notice, State Court Pleadings). Defendants further represent to this Court that there are no other process, pleadings or orders properly served upon Defendants to date in this case that have not been attached hereto.

8. Defendants represent to this Honorable Court that written notice of the filing of this Notice of Removal and a copy of this Notice of Removal have been served upon Plaintiff, by and through her counsel of record, contemporaneous with this filing. (*See* Notice of Removal with the Clerk of Court, State Court of Gwinnett County, Georgia, attached hereto as Ex. "D").

9. The United States District Court for the Northern District of Georgia – Atlanta Division, is the court and division embracing the place where this action is pending in state court. No Defendants heretofore have sought similar relief in this action.

## LEGAL ARGUMENT AND CITATION TO AUTHORITY

**A.     This Court has Original Jurisdiction of this Cause of Action Pursuant to 28 U.S.C. § 1332 and this Cause of Action is Removable According to 28 U.S.C. § 1441.**

This action is properly removable under 28 U.S.C. § 1441(a) and (b) because this United States District Court for the Northern District of Georgia – Atlanta Division has original jurisdiction of this case under 28 U.S.C. § 1332(a), as amended, which provides in pertinent part:

> The District Court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value or $75,000, exclusive of interest and costs, and is between – (1)Citizens of different states.

28 U.S.C. § 1332(a).

**1.     THERE IS COMPLETE DIVERSITY.**

All parties to this action are completely diverse. Existence of diversity jurisdiction is determined by the citizenship of the parties at the time of the filing of the complaint, not at the time the cause of action arose or after the action is commenced. *Oh v. Ford Motor Co.*, 79 F. Supp. 2d 1375, 1377 (N.D. Ga. 1999) (citing *Mann v. City of Tucson, Dept. of Police*, 782 F.2d 790, 794 (9th Cir. 1986)).

Plaintiff was a citizen and resident of Georgia at the time of the incident and at the time of filing of the Complaint. (*See* Plaintiff's Complaint, Ex. "A," ¶ 1). *See*

4

*Gilbert v. David*, 235 U.S. 561, 569 (1915)("If a person is domiciled in [a particular state], he is a citizen of that state within the meaning of the Judicial Code."). Therefore, Plaintiff is a citizen of Georgia.

Defendant Cornerstone Cargo, LLC is now and was at the commencement of Civil Action File No.: 23-C-00366-S6, and at all times since, has been a foreign company organized and existing under the laws of the State of Illinois with its principal place of business in Illinois. (*See* Illinois Secretary of State Records, attached hereto as Ex. "B"). Defendant Craig Squire was at the commencement of Civil Action File No.: 23-C-00366-S6, and at all times since has been a citizen of the State of Florida. (*See* Plaintiff's Complaint, Ex. "A," ¶ 3; *see also* Police Report for the subject accident, attached hereto as Ex. "C").

Accordingly, complete diversity exists in this cause of action between Plaintiff and all Defendants, and therefore, this case is removable under 28 U.S.C. § 1332.

    2.    **THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00.**

There is evidence to establish that Plaintiff is seeking damages in excess of Seventy-Five Thousand Dollars ($75,000.00). Where a plaintiff has made an unspecified demand for damages, as in this case, a removing defendant must prove only by a preponderance of the evidence that the amount in controversy exceeds the

5

jurisdictional requirement. *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001). Evidence offered in support of removal can consist of factual allegations, "combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010) ("a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it."). Furthermore, courts may use their "judicial experience and common sense" in determining whether the case meets federal jurisdictional requirements. *Roe v. Michelin North America, Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010).

When determining if the defendant has satisfied its burden, the presiding court will first consider whether it is facially apparent from the complaint that the jurisdictional amount is in controversy. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744 (11th Cir. 2010) (citing 16 James Wm. Moore, et al., *Moore's Federal Practice* § 107.14[2][g]. at 10-86.4 to 107-86.5 (3d ed. 2010)). "If not, the court may consider facts alleged in the notice of removal, judicial admissions made by plaintiffs, non-sworn letters submitted to the court, or other summary judgment type evidence that may reveal that the amount in controversy requirement is satisfied." *Id.* (quoting 16 James Wm. Moore, et al., *Moore's Federal Practice* § 107.14[2][g]. at 10-86.4 to 107-86.5 (3d ed. 2010).

According to Plaintiff's Complaint filed on January 18, 2023, Plaintiff seeks compensation for at least $19,088.50 in medical expenses. (*See* Plaintiff's Complaint, Ex. "A", ¶ 26). However, Plaintiff has demanded more than $395,000 and has alleged that she will undergo continuing treatment that has been estimated at $100,000. (*See* Plaintiff's Demand, attached hereto as Ex. "E"). Plaintiff, has alleged more than $75,000 in special damages, and has demanded $395,000. *Id*.

Therefore, there are facts to a legal certainty to support that the amount in controversy exceeds the jurisdictional requirement. Plaintiff's own factual allegations, combined with reasonable deductions, inferences, and extrapolations, prove, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional requirement. Accordingly, because the parties are completely diverse and the amount in controversy exceeds the statutory requirement, this case may be removed to the United States District Court for the Northern District of Georgia – Atlanta Division.

## **CONCLUSION**

There is complete diversity of citizenship between the parties to this action. Plaintiff is a citizen of Georgia, Defendant Cornerstone Cargo, LLC is a citizen of Illinois, and Defendant Craig Squire is a citizen of Florida. None of the Defendants are a citizen of the State of Georgia for purposes of diversity jurisdiction, pursuant

to 28 U.S.C. § 1332. Further, complete diversity existed between the parties on the day Plaintiff filed her Complaint and on the day Defendants filed this Notice of Removal, which are the relevant time periods for determining citizenship. *See Pullman Co. v. Jenkins*, 305 U.S. 534, 537, 59 S. Ct. 347 (1939). Pursuant to 28 U.S.C. § 1446, the Defendants have sought removal within thirty (30) days from the moment the action became removable and, therefore, this Court has the authority to accept jurisdiction of this case pursuant to 28 U.S.C. §§ 1332 and 1446.

Respectfully submitted this 17th day of February 2023.

                              **HALL BOOTH SMITH, P.C.**

                              */s/ Sandro Stojanovic*
                              SCOTT H. MOULTON
                              Georgia State Bar No. 974237
                              SANDRO STOJANOVIC
                              Georgia State Bar No. 473114
                              WHITNEY L. GIBBS
                              Georgia State Bar No. 455827
                              *Counsel for Defendants*

191 Peachtree Street NE, Suite 2900
Atlanta, GA  30303-1775
T:  404.954.5000
F:  404.954.5020
smoulton@hallboothsmith.com
sstojanovic@hallboothsmith.com

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| HOPE VIGIL-SHUCK, <br><br> Plaintiff, <br><br> v. <br><br> CRAIG SQUIRE, <br> CORNERSTONE CARGO, LLC, <br><br> Defendants | CIVIL ACTION FILE NO. _____ <br><br><br> *Jury Trial Demanded* |

## CERTIFICATE OF COMPLIANCE

The foregoing ***DEFENDANTS' BRIEF IN SUPPORT OF NOTICE OF REMOVAL*** is double spaced in 14-point Times New Roman font and complies with the type-volume limitation set forth in Local Rule 7.1.

Respectfully submitted this 17th day of February 2023.

                HALL BOOTH SMITH, P.C.

                */s/ Sandro Stojanovic*
                SCOTT H. MOULTON
                Georgia State Bar No. 974237
                SANDRO STOJANOVIC
                Georgia State Bar No. 473114
                WHITNEY L. GIBBS
                Georgia State Bar No. 455827

*Counsel for Defendants*

191 Peachtree Street NE, Suite 2900
Atlanta, GA  30303-1775
T:  404.954.5000
F:  404.954.5020
smoulton@hallboothsmith.com
sstojanovic@hallboothsmith.com

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| HOPE VIGIL-SHUCK, | |
| Plaintiff, | CIVIL ACTION FILE NO. _____ |
| v. | |
| CRAIG SQUIRE, CORNERSTONE CARGO, LLC, | |
| Defendants | *Jury Trial Demanded* |

## CERTIFICATE OF SERVICE

I hereby certify that on this day I have served a copy of the within and foregoing **DEFENDANTS' BRIEF IN SUPPORT OF NOTICE OF REMOVAL** upon all parties to this matter by depositing same in the U.S. Mail and/or via e-file and serve as required by law:

Andrew Cobb, Esq.
Jaraysi Law, LLC
2250 Satellite Blvd, Suite 120
Duluth, GA 30308
andrew@jaraysilawfirm.com
*Counsel for Plaintiff*

Peter F. Jaraysi, Esq.
Jaraysi Law, LLC
2250 Satellite Blvd, suite 120
Duluth, GA 30308
peter@jaraysilawfirm.com
*Counsel for Plaintiff*

This 17th day of February 2023.

                                            **HALL BOOTH SMITH, P.C.**

                                            */s/ Sandro Stojanovic*
                                            SCOTT H. MOULTON
                                            Georgia State Bar No. 974237
                                            SANDRO STOJANOVIC
                                            Georgia State Bar No. 473114
                                            WHITNEY L. GIBBS
                                            Georgia State Bar No. 455827
                                            *Counsel for Defendants*

191 Peachtree Street NE, Suite 2900
Atlanta, GA  30303-1775
T:  404.954.5000
F:  404.954.5020
smoulton@hallboothsmith.com
sstojanovic@hallboothsmith.com