

January 19, 2023

***SENT VIA CERTIFIED MAIL***
***RETURN RECEIPT REQUESTED***
***CERTIFIED MAIL LABEL# 9414811898765834554013***

**NORTH AMERICAN RISK SERVICES**
ATTN:  Gretchen Schandera
P.O. Box 166002
Altamonte Springs, FL 32716

|       |   |                                        |
|-------|---|----------------------------------------|
| **RE** | : | ***Hope Vigil-Shuck v. Craig Squire*** |
|       |   | Gwinnett County State Court            |
|       |   | Civil Action File #:23-C-00366-S6      |
|       |   | Client        :   Hope Vigil-Shuck     |
|       |   | Claim #       :   STIN22060058         |
|       |   | Insured       :   Craig Squire         |

Dear Gretchen,

Please see the enclosed lawsuit that we have filed against Craig Squire, your insured. If you are no longer assigned to this claim, please forward this to the claim representative currently assigned.

This letter is formal notice of a lawsuit against your insured under O.C.G.A. § 33–7–15(c).  Accordingly, liability coverage may not be denied if your insured fails to notify North American Risk Services of this lawsuit.

**[SIGNATURE PAGE FOLLOWS]**

January 19, 2023
Claim # STIN22060058
Page 2
_____

*Sincerely,*

_____
**PETER JARAYSI, ESQ.**
Georgia Bar #  297725
Direct Dial:  404-951-3513
E-Mail:  peter@jaraysilawfirm.com
**ANDREW COBB, ESQ.**
Georgia Bar #  453488
Direct Dial:  470-226-1774
E-Mail:  andrew@jaraysilawfirm.com

*Attorneys for the Plaintiff*

Attachments:

Summons
Complaint
Plaintiff's 1st Interrogatories to
Defendant
Plaintiff's 1st Requests for Admission to
Defendant
Plaintiff's 1st Requests for Production of
Documents to Defendant

E-FILED IN OFFICE - CL
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-00366-S6**
**1/18/2023 4:55 PM**
**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

**Hope Vigil-Shuck**

_____

_____

PLAINTIFF

CIVIL ACTION 23-C-00366-S6
NUMBER:_____

VS.

**Craig Squire**

**16302 W Course Dr.**

**Tampa, FL 33624**

DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Andrew Cobb, Esq.
Jaraysi Law, LLC
2250 Satellite Blvd., Ste. 120
Duluth, GA 30097

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____, 20_____.
19th day of January, 2023

**Tiana P. Garner**
**Clerk of State Court**

By _____
**Deputy Clerk**

**INSTRUCTIONS:** Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

E-FILED IN OFFICE - CL
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-00366-S6**
**1/18/2023 4:55 PM**
**TIANA P. GARNER, CLERK**

### IN THE STATE COURT OF GWINNETT COUNTY
### STATE OF GEORGIA

**HOPE VIGIL-SHUCK,**

    **Plaintiff,**

**vs.**

    23-C-00366-S6

**Civil Action File No.: _____**

**CRAIG SQUIRE,**
**CORNERSTONE CARGO, LLC,**

    **JURY TRIAL DEMANDED**

    **Defendants.**

---

### COMPLAINT FOR DAMAGES & JURY DEMAND

---

**COMES NOW,** Hope Vigil-Shuck (hereinafter referred to as, "Plaintiff"), by and through the undersigned counsel, complains of the acts and omissions of Craig Squire and Cornerstone Cargo (hereinafter referred to as, "Defendants") and files this Complaint for Damages & Jury Demand, as follows:

### JURISDICTION & VENUE

1. Plaintiff is an adult Georgia resident and voluntarily subjects themselves to the Jurisdiction and Venue of this Honorable Court by filing this action.

2. Defendant Craig Squire (hereinafter referred to as, "Defendant Squire") is, upon information and belief, subject to the Jurisdiction and Venue of this Honorable Court and may be served with a copy of the Summons and Complaint at their last known place of residence to wit 16302 W Course Dr., Tampa, FL 33624.

3. Cornerstone Cargo, LLC, (hereinafter "Defendant Cornerstone"), a limited liability corporation, has a principal office located at 765 IL-Route 83, Ste. 103, Bensenville, IL

60106, is subject to the jurisdiction of this Court, and may be served through its registered agent, Kate Gierula, at 765 IL-Route 83, Ste. 105, Bensenville, IL 60106.

4.  Jurisdiction and Venue in the State Court of Gwinnett County, Georgia is proper for the above and following reasons.

### FACTS

5.  On June 06, 2022, Defendant Squire drove a 2016 Freightliner Cascadia Evolution [VIN: 3AKJGLD5XGSHK9669] [Tag #: 2928384] eastbound on State Route 316 toward its intersection with Hi Hope Road in the far-left lane of travel.

6.  At all times relevant hereto, Defendant Squire drove within the course and scope of his employment with Defendant Cornerstone.

7.  At the same time and place, Plaintiff was traveling eastbound ahead of Defendant Squire on State Route 316 in the far-right lane of travel.

8.  Defendant Squire attempted to merge into the far-right lane of travel and subsequently collided into left side of Plaintiff's vehicle.

9.  The Gwinnett County Police Department responded to the scene.

10. Defendant Squire was charged with improperly changing lanes, in violation of O.C.G.A § 40–6–123(a) [citation #E22005226].

11. As a result of this wreck, Plaintiff suffered painful physical injuries and required subsequent medical treatment thereafter.

### COUNT 1: NEGLIGENCE & NEGLIGENCE PER SE AGAINST DEFENDANT SQUIRE AND DEFENDANT CORNERSTONE OR "ALL DEFENDANTS

12. Plaintiff incorporates all previous allegations contained in this Complaint as if set forth verbatim herein.

13.   At all times relevant to this incident, Defendant Squire owed a duty to Plaintiff to operate Defendant Cornerstone's vehicle in a lawful, careful and prudent manner, in accordance with the Georgia Uniform Rules of the Road and common laws of this State, pertaining to the operation of a motor vehicle upon the public street.

14.   However, Defendant Squire breached those aforesaid duties owed to Plaintiff, negligently violated Georgia law and negligently:

    **(a)**   Failed to operate a motor vehicle with ordinary diligence which is exercised by ordinarily prudent persons under the same or similar circumstances, in violation of O.C.G.A. § 51–1–2, which constitutes *negligence per se*;

    **(b)**   Improperly changed lanes, in violation of O.C.G.A. § 40-6-123(a), which constitutes *negligence per se*;

    **(c)**   Drove a motor vehicle at a greater speed than reasonable and prudent under the conditions and disregarding the actual and potential hazards then existing, in violation of O.C.G.A. § 40–6–180, which constitutes *negligence per se*;

    **(d)**   Failed to avoid distractions and maintain a proper lookout while driving a motor vehicle, in violation of O.C.G.A. § 40–6–241, which constitutes *negligence per se*;

    **(e)**   Failed to use the motor vehicle's horn to warn of the perilous situation when it was reasonably necessary to do so, in violation of O.C.G.A. § 40–8–70, which constitutes *negligence per se*;

    **(f)**   Failed to avoid or mitigate this collision;

    **(g)**   Failed to drive a motor vehicle in a safe and prudent manner.

15.   Defendant Squire further committed additional negligent acts and omissions to be proven by the facts and evidence at trial.

16.   Under *respondeat superior*, Defendant Cornerstone is responsible for the negligent acts and/or omissions of Defendant Squire.

**17.** Before this collision, Defendant Cornerstone knew or should have known that Defendant Squire was not fit to drive Defendant's vehicle such that Defendant CORNERSTONE negligently retained Defendant Squire.

**18.** Defendant Cornerstone negligently hired Defendant Squire after it had actual knowledge that Defendant Squire was not fit to drive Cornerstone's vehicle.

**19.** Defendant Cornerstone failed to appropriately train Defendant Squire to drive Defendant Cornerstone's vehicle such that Defendant Cornerstone negligently trained Defendant Squire.

**20.** Defendant Cornerstone failed to appropriately supervise Defendant Squire while he drove Defendant Cornerstone's vehicle such that Defendant Cornerstone negligently supervised Defendant Squire.

**21.** Plaintiff sustained painful physical injuries and damages as a direct and proximate result of the Defendants' breach of aforementioned legal duties owed to the Plaintiff.

<u>**GENERAL & SPECIAL DAMAGES UNDER O.C.G.A. § 51–12–2**</u>

**22.** Plaintiff incorporates all previous allegations contained in this Complaint as if set forth verbatim herein.

**23.** As a direct and proximate result of Defendants' negligence, as stated hereinabove, Plaintiff suffered painful injuries.

**24.** As a direct and proximate result of Defendants' negligence, as stated hereinabove, Plaintiff suffered conscious physical pain and suffering.

**25.** As a direct and proximate result of Defendants' negligence, as stated hereinabove, Plaintiff suffered conscious mental pain and suffering.

26. As a direct and proximate result of Defendants' negligence, as stated hereinabove, Plaintiff incurred reasonable and necessary medical expenses of no–less–than $19,088.50 due to the nature and extent of Plaintiff's injuries.

27. By reason of the foregoing, Plaintiff is entitled to recover compensatory damages from Defendants for past, present, and future emotional and physical pain and suffering, disability, and loss of quality of life in such an amount as shall be shown by the evidence and determined by the enlightened conscience of the jury.

28. By reason of the foregoing, Plaintiff is entitled to recover special damages from Defendants for past and future medical expenses, in such an amount as shall be shown by the evidence and proven at trial.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully requests this Honorable Court for the following:

[a] That Summons issue and service be perfected upon Defendants requiring them to appear in this Honorable Court within the time prescribed by Georgia law and answer this Complaint;

[b] Judgment for Plaintiff against Defendants for past, present and future pain and suffering;

[c] Judgment for Plaintiff against Defendants for past, present and future treatment expenses;

[d] Trial by jury of twelve (12) jurors under O.C.G.A. § 15–12–122(a)(2); and

[e] Any other relief this Court deems fair and just.

### **[SIGNATURE PAGE FOLLOWS]**

**THIS 18TH DAY OF JANUARY, 2023.**

*RESPECTFULLY SUBMITTED,*



_____

**PETER JARAYSI, ESQ.**
Georgia Bar #  297725
Direct Dial:  470-232-1393
E-Mail:  peter@jaraysilawfirm.com
**ANDREW COBB, ESQ.**
Georgia Bar #  453488
Direct Dial:  470-226-1774
E-Mail:  andrew@jaraysilawfirm.com

*Attorneys for the Plaintiff*

**JARAYSI LAW, LLC**
2250 Satellite Blvd., Ste. 120
Duluth, GA 30097
Fax:     888-576-7869

E-FILED IN OFFICE - CL
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-00366-S6**

**1/18/2023 4:55 PM**
**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| HOPE VIGIL-SHUCK, | |
| **Plaintiff,** | 23-C-00366-S6 |
| vs. | Civil Action File No.: _____ |
| CRAIG SQUIRE, | **JURY TRIAL DEMANDED** |
| CORNERSTONE CARGO, LLC | |
| **Defendants.** | |

### PLAINTIFF'S FIRST CONTINUING INTERROGATORIES TO DEFENDANT CRAIG SQUIRE

**COMES NOW**, Plaintiff, in the above–styled case, and propounds the following Interrogatories to Craig Squire, pursuant to O.C.G.A. § 9–11–33.

You are hereby commanded and directed to respond to each of the following Interrogatories separately and fully, in writing, under oath, and to serve a copy of your responses upon Plaintiff's counsel at Jaraysi Law, LLC, 2250 Satellite Blvd., Ste. 120, Duluth, Georgia 30097 within forty–five (45) days after service.

All the following Interrogatories shall be deemed continuing in nature until the date of trial and you are required to serve supplemental answers as additional information may become available to you.

You are further directed that any objection to any of these Interrogatories should be timely–filed as required by O.C.G.A. § 9–11–33 and the reasons for your objections shall be enumerated.

## **INSTRUCTIONS**

These Interrogatories shall be deemed continuing to the extent permitted by O.C.G.A. § 9–11–26(e) ("The Georgia Civil Practice Act"), so as to require Craig Squire to serve upon Plaintiff supplemental answers if Craig Squire or their attorneys obtain further information between the time the answers are served and the time of trial.

Answers to the discovery requests should be based upon facts, evidence, information, and written materials known or possessed by or available to Craig Squire.

Unless otherwise specified, the time period covered by these discovery requests is from January 1, 2012, to the date of production, and this embraces documents (including drafts) that were dated, prepared, or circulated within that period, or that refers or relates to, or was in effect, during any part of that period.

If any document requested is withheld because of a claim of privilege, furnish a list at the time that a response is made hereto that (a) identifies the privilege (including work–product) which is being claimed; and (b) provides the following information with respect to any such document withheld: author, recipient, sender, indicated and blind copies, date, and general subject matter.

If any requested document has been destroyed, lost, discarded or otherwise disposed of, such document is to be identified as completely as possible, including, without limitation, the following information: date of disposal, manner of disposal, reason for disposal, and, person authorizing the disposal and person disposing of the document.

You are instructed to produce documents as they are kept in the usual course of business, or organize and label the documents to correspond with the categories in this request.

Documents should be produced either (a) in the file folders or binders in which they are ordinarily maintained or (b) segregated as they were in such folders and binders, with copies of all labels, tabs and dividers in their original positions.

All documents that respond, in whole or in part, to any portion of any request shall be produced in their entirety, including all attachments and enclosures.

Only one copy of each document is to be produced, but any document that varies in any way so that it is not identical to one produced is to be considered a separate document and must be produced.

Your obligation to supplement your response to these discovery requests continues until the date of trial.

You are instructed not to respond to these discovery requests by referring to the responses of other discovery requests or by adoption.

Some discovery requests may be introduced into evidence and therefore should be complete, and in and of themselves, for this purpose.

## **DEFINITIONS**

The following definitions shall apply to this request.

**1.** "You" or "your," or "Defendant,"  unless otherwise indicated, means Craig Squire, or any synonym thereof is intended to and shall embrace and include, all agents, servants, representatives, employees, private investigators, attorneys, and others who are in a position of confidence or may have obtained information for or on your behalf, and all business entities with which it is or has been affiliated, together with any predecessor, successor, parent, or subsidiary entity as well as any officer, director, employee, attorney, agent, or representative of yours.

**2.**     "<u>Plaintiff</u>" means Hope Vigil-Shuck.

**3.**     "<u>Complaint</u>" means the Complaint filed by Plaintiff in the present case and any amendment thereto.

**4.**     "<u>Answer</u>" means the Answer filed by you in the present case and any amendment thereto.

**5.**     "<u>Crash</u>," "<u>incident</u>," "<u>wreck</u>" or "<u>collision</u>," means the occurrence described in the Complaint which is the subject of this lawsuit.

**6.**     "<u>Person</u>" means any individual, public, or private corporation, proprietorship, partnership, association, government agency, political subdivision, group or other business, public, private, or semi–private organization.

**7.**     "<u>Representative</u>" means any officer, director, agent, employee, servant or other person acting for or on behalf of the person referred to in the Interrogatory or definition or of the person's affiliate.

**8.**     "<u>Document</u>," whether singular or plural, means documents and other tangible things defined in the broadest sense permitted by the Georgia Civil Practice Act and shall include without limitation originals or, if such are not available, true copies of all electronic mail (e–mail), memoranda, reports, evaluations, correspondence, interoffice communications or memoranda, agreements, contracts, invoices, checks, journals, ledgers, telegraphs, telexes, handwritten notes, periodicals, pamphlets, computer or business machine printouts, accountant's work papers, accountant's statements and writing, notations or records of meetings, books, papers, diaries, promissory notes, evidences of indebtedness, security agreements, loan applications, leases, documents creating or reflecting security interests, loan agreements, financing statements, deposit slips, advertising, office manuals, employee

manuals, rules and regulations, reports of experts, drafts and copies of any of the foregoing, or such documents as are not an identical copy of an original or where such copy contains any commentary or notation whatsoever that does not appear on the original, tape recordings or other sound or visual production materials and any other written matter, tangible or physical objects, however produced or reproduced, upon which words or phrases are affixed and from which by appropriate transfixion such matter or tangible thing may be produced in the possession, custody or control of either Defendant or Defendant's agents, attorneys, or employees.

9.      "Communication" or "statement" means any transfer of information by oral statement, document, device or otherwise.

10.      "Relating to" includes, but without limitation, mentioning, discussing, commenting on, referring to, pertaining to, alluding to, relevant to, or in any way touching upon, or connecting with.

11.      To "identify a person" means to provide:

     i.      His, her or its name and last known complete address, including zip code and last known complete phone number, including area code;

     ii.      If other than a natural person, the name of a contact person and that person's position with the identified entity; and

     iii.      If a natural person, the current occupation and business address and telephone and the last known business address of his or her employer at the time referred to by you in your response.

12.      To "identify a statement" means to provide a copy of any written statement and, to the extent that the statement is verbal or the following information is not contained in the

written statement, to provide:

    i.    The name of each person who participated in the communication, and the name of each person who was present at the time it was made;

    ii.    By whom each person was employed;

    iii.    The nature and substance of the communication;

    iv.    The date upon which such communication occurred; and

    v.    Where the original statement was made.

**13.**    If a discovery request is phrased in the singular or plural and a plural or singular response respectively is required, make the appropriate change.

**14.**    All definitions provided apply in pertinent part to each Interrogatory propounded and are incorporated by reference as is fully set forth in each individual Interrogatory.

## **INTERROGATORIES**

**1.**    State **(a)** your full name; **(b)** your current and previous residence addresses for the previous five [5] years; **(c)** your date of birth; **(d)** the last four [4] digits of your social security number; **(e)** the name of your present employer and your job title; **(f)** the name of your employer on the date of this wreck; and, **(g)** all other names by which you have been known throughout your lifetime, including the dates that you were known by these names.

**2.**    State each and every previous or subsequent motor vehicle accident(s)/collision(s) you have been involved in, either as a passenger, driver or pedestrian, and provide the date, location and the names and addresses of the persons involved in each incident.

**3.**    State **(a)** all traffic citations for any and all violations of motor vehicle or traffic laws

or ordinances to which you have ever pleaded guilty or *nolo contendere* to, or to which you have been found guilty (i.e., "convicted"), and **(b)** the date of such offense, the court in which each case was heard and the nature of the violation charged.  <u>Note</u>: This includes any and all traffic citations received in the last seven [7] years and for what you were cited for.

4. State whether or not you have the original or copy of any incident reports for this wreck and identify the contents of each report.  If so, please identify and provide such.

5. Give the names, addresses and telephone numbers of all persons that to you or your representative's knowledge, information or belief **(a)** were eyewitnesses to the incident giving rise to this lawsuit, and/or **(b)** have relevant knowledge concerning any issues involved in this lawsuit who were not identified in subpart (a).

6. Identify **(a)** each expert consulted with or expected to testify at trial and state the subject matter the expert was consulted with or is expected to testify about; **(b)** the substance of the facts and opinions to which the expert is expected to testify, and, **(c)** give a summary of the grounds for each opinion.  See O.C.G.A. § 9–11–26(b)(4)(A)(i); Fed. R. Civ. P. 26(b)(4)(A)(i).

7. State the name, age, address, occupation, and place of employment of every person interviewed by you or a statement has been obtained by you, or on your behalf, in regard to this lawsuit, and the date and place of such interviews.

8. For each statement (oral, written, recorded, court or deposition transcript, etc.) taken from any person with knowledge relevant to this lawsuit, state **(a)** the name of each person giving each statement; **(b)** the name and address of the person or entity taking each statement; **(c)** the date each statement was taken; and, **(d)** the name and address

of each person having possession, custody or control of each statement.

9.     State the substance of each conversation, statement, declaration or utterance the Plaintiff, you, or anyone riding with you, had with one another at the time of, or at any time following, this wreck.  <u>Note</u>: This includes any and all communications with the responding law enforcement officer after this wreck.

10.    Provide **(a)** your **<u>current</u>** cellular telephone number(s); **(b)** the name(s) of your cellular telephone provider(s) (ex: AT&T, Verizon, Bellsouth, T–Mobile, Sprint, Boost Mobile, Metro PCS, etc.); **(c)** the account number(s) for your cellular telephone number(s); and, **(d)** the name(s) of the account holder(s) for your cellular telephone number(s).

11.    For any and all cellular telephone(s) used by yourself **<u>on the date of the collision</u>** that is the subject of this lawsuit, please provide **(a)** the name(s) of the account holder(s) (ex: AT&T, Verizon, Bellsouth, T–Mobile, Sprint, Boost Mobile, Metro PCS, etc.); **(b)** the name(s) of the cellular telephone carrier(s) which provided such telephone service; **(c)** the account number(s) for such cellular telephone(s); and, **(d)** the cellular telephone number(s).

12.    Identify and describe any photographs of the scene of this wreck; the date it was taken; and, the name and address of the person or persons who have custody of said photographs.

13.    Describe with particularity all photographs, charts, diagrams, videotapes, and other illustrations of any person, place or thing involved in this lawsuit, giving the date each was made and the name and address of the person(s) with possession, custody or control of each item.

14.  Identify with particularity all documents and other tangible things relevant to the issues in this lawsuit or that support your contentions, i.e., your defenses, which have not already been identified and give the name and address of the person(s) having possession, custody or control of each thing.

15.  State whether or not you consumed any alcoholic beverages of any type, any sedative, tranquilizer or other drug, medicine or pill (either prescribed or over–the–counter) during the forty–eight [48] hours immediately before this wreck.  <u>Note</u>:  For your response to this Interrogatory, provide **(a)** the time of day in which you consumed such substance; **(b)** the amount, quantity, or dosage you consumed; **(c)** the specific substance you consumed; and, **(d)** the container of such substance.

16.  State whether, you had any physical or mental disabilities whatsoever, at the time of this wreck, regardless of whether or not you have been formally diagnosed with any such condition, and, if so, please describe them.

17.  State whether, at the time of this wreck, you had a valid driver's license from any state. If so, provide **(a)** the issuing state; **(b)** whether there are any restrictions on that license; and, **(c)** nature of any such restrictions.

18.  State whether you have ever had a driver's license suspended, canceled, or revoked? If so, provide **(a)** the name of the state suspending, canceling, or revoking such license; **(b)** the date of such suspension, cancellation, or revocation; and, **(c)** the reasons therefore.

19.  Identify all persons assisting you in answering these Interrogatories.

20.  State whether you have ever been a party to any other lawsuits, either as a Plaintiff, or as a Defendant.  If so, specify **(a)** the type or nature of the case; **(b)** the style of the

case; and, **(c)** the county and state in which the case was filed, along with the disposition of the case.

21. State whether you have ever been arrested or convicted of a crime (other than a traffic offense).  If so, identify **(a)** each incident; **(b)** the date of arrest; **(c)** the court in which any criminal proceeding against you was held; and, **(d)** the disposition of each charge if applicable.  See *Lewis v. State*, 243 Ga. 443(1979); *Hightower v. General Motors Corp*., 175 Ga. App. 112 (1985)).

22. State your educational background, including every college or university, trade or professional schools attended, the dates of attendance of each, and the degrees, certificates or licenses obtained at each.

23. Identify every policy of insurance which you believe affords coverage for the Plaintiff's injuries resulting from this wreck.

24. As for your trip leading to this wreck, state **(a)** when and where the trip started; **(b)** your intended destination(s); **(c)** the route you traveled to reach your initial and subsequent destination(s); **(d)** which of your intended destination(s) you had reached before the collision and the approximate time of your arrival at each; **(e)** what stop(s) you had intended to make over the uncompleted part of your trip; **(f)** whether you were on, behind, or ahead of schedule at the time of this wreck.

25. Without revealing the mental impressions or conclusions of your attorney, or without stating legal conclusions, provide your version of how this wreck occurred

26. State whether or not you contested the traffic citations you received immediately after this wreck.  If so, state the plea you entered and whether or not you obtained a transcript of any court appearance or hearings regarding your plea and defense of the

citation issued to you.

27.     State the name, address and telephone number of each and every person you have had personal contact with after this wreck, regarding the wreck (i.e., telephone conversations, e–mail communications, or mailed letters, from your insurance company).

28.     State whether or not you observed the Plaintiff after this wreck.  If so, please describe Plaintiff, Plaintiff's demeanor, and any statements made either toward you, toward the responding officer, or toward any other driver or witness.

29.     State whether or not you contend that the Plaintiff or any other person or entity, no named as a party to this lawsuit, was wholly or partially responsible for this wreck. If so, describe the basis of your contention without revealing the mental impressions or conclusions of your attorney.

30.     State whether or not you provided a recorded statement to any insurance company at any time after this wreck.  If so, provide: **(a)** the name of the person who you gave the statement to; **(b)** the date in which you provided your statement; and, **(c)** a short summary of the substance of your statement.

31.     Please identify, including the website address, your Facebook page(s) (Facebook.com); LinkedIn page(s) (Linkedin.com); Myspace page(s) (Myspace.com); Twitter (Twitter.com); Yfrag (Yfrag.com); Instagram page(s) (Instagram.com); Foursquare page(s) (Foursquare.com); or any other social media website, blog or website concerning, used by, or created by you.

**[SIGNATURE PAGE FOLLOWS]**

**THIS 18TH DAY OF JANUARY, 2023.**                    *RESPECTFULLY SUBMITTED,*



_____

**PETER JARAYSI, ESQ.**
Georgia Bar #  297725
Direct Dial:  470-232-1393
E-Mail:  peter@jaraysilawfirm.com
**ANDREW COBB, ESQ.**
Georgia Bar #  453488
Direct Dial:  470-226-1774
E-Mail:  andrew@jaraysilawfirm.com

*Attorneys for the Plaintiff*

**JARAYSI LAW, LLC**
2250 Satellite Blvd., Ste. 120
Duluth, GA 30097
Fax:     888-576-7869

E-FILED IN OFFICE - CL
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-00366-S6**
**1/18/2023 4:55 PM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

|  |  |
|---|---|
| **HOPE VIGIL-SHUCK,** | |
| **Plaintiff,** | |
| **vs.** | Civil Action File No.: 23-C-00366-S6 _____ |
| **CRAIG SQUIRE,** **CORNERSTONE CARGO, LLC** | **JURY TRIAL DEMANDED** |
| **Defendants.** | |

### PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT CRAIG SQUIRE

**COMES NOW**, Plaintiff, in the above–styled case, by and through the undersigned counsel, and pursuant to O.C.G.A. § 9–11–36, hereby requests Craig Squire to admit, for the purposes of this case only, and subject to all pertinent objections as to admissibility, the truth of the following matters herein, fully and separately in writing and under oath.

### INSTRUCTIONS

**1.** When used in these Requests or Admissions, the term "<u>you</u>", "<u>your</u>", or "<u>Defendant</u>," or any synonym thereof, is intended to, and shall embrace and include, in addition to Craig Squire, all agents, servants, representatives, private investigators and others who are in possession of or may have obtained information for or on behalf of Craig Squire.

**2.** In reply to these Requests for Admissions, your answer should specifically admit or deny the request, or set forth in detail the reasons why the request cannot be truthfully admitted or denied. Any denial shall fail to meet the substance of the requested admission, and when good faith requires that you qualify your answer or deny only a part of the matter of which an admission is requested, you shall specify so much of it as is true and qualify or

deny the remainder.  O.C.G.A. § 9–11–36(a)(2).

**3.**     As the answering party, you may not give lack of information or knowledge as a reason for failure to admit or deny unless reasonable effort has been made and the information known or readily obtainable and available to Defendant is insufficient to enable Defendant to admit or deny the matter.  O.C.G.A. § 9–11–36(a)(2).

**4.**     If Defendant considers that a matter requested presents a genuine issue for trial, this alone does not constitute grounds for an objection.  Mixed questions of law and fact, opinions, and genuineness of documents are all legitimate subjects of Requests for Admissions.  O.C.G.A. § 9–11–36(a)(1)(2).

<u>**REQUEST FOR ADMISSIONS**</u>

**1.**     Plaintiff states a claim upon which relief can be granted.

**2.**     Plaintiff's lawsuit is not barred by the Statute of Limitations.

**3.**     Venue is proper in the State Court of Gwinnett County.

**4.**     The State Court of Gwinnett County has personal and subject matter jurisdiction.

**5.**     You currently reside at 16302 W Course Dr., Tampa, FL 33624**.**

**6.**     Plaintiff's lawsuit against you arises out of a motor vehicle collision that occurred on June 06, 2022 (hereinafter referred to as "this collision").

**7.**     At the time of this collision, you drove a 2016 Freightliner Cascadia Evolution [VIN: 3AKJGLD5XGSHK9669] [Tag #: 2928384] (hereinafter referred to as "your vehicle").

**8.**     At the time of this collision, your drove your vehicle eastbound on State Route 316 toward its intersection Hi Hope Road in the far-left lane of travel.

**9.**     At the time of this collision, you had a cellular telephone inside your vehicle.

**10.**    Before this collision, you saw Plaintiff's vehicle traveling eastbound ahead of you on

State Route 316 in the far-right lane of travel.

**11.**     You collided into Plaintiff's vehicle.

**12.**     Plaintiff's vehicle was lawfully in the roadway at the time of this collision.

**13.**     Plaintiff was involved in this collision.

**14.**     You did not press your brakes before colliding into the Plaintiff's vehicle.

**15.**     You were using your cellular phone at the time of this collision.

**16.**     The responding law enforcement issued you a traffic citation for "improper lane change."

**17.**     Your citation number was E22005226.

**18.**     You drove a motor vehicle when it was not safe to do so.

**19.**     You were not paying attention to the road ahead when this collision occurred.

**20.**     You caused this collision.

**21.**     Plaintiff did nothing wrong at the time of this collision.

**22.**     Plaintiff has not failed to join a party to this lawsuit.

**23.**     You have been served with other lawsuits arising out of this collision.

**24.**     Plaintiff was injured as a result of this collision.

**25.**     At the time of this collision, you failed to use ordinary diligence.

**26.**     You caused Plaintiff's injuries.

**27.**     Your ability to drive a motor vehicle was impaired at the time of this collision.

**28.**     You were distracted at the time of this collision.

**29.**     You insured your vehicle with North American Risk Services ["North American Risk Services"].

**30.**     Your North American Risk Services auto insurance policy [# AHIP2208112262] had

a $1,000,000.00 liability limit "per–person."

**31.**    Plaintiff gave North American Risk Services an opportunity to settle Plaintiff's bodily injury claim within your $1,000,000.00 policy limit.

**32.**    The cost of Plaintiff's post–collision treatment was not unreasonable or excessive.

**33.**    You have no experience in medical billing or coding.

**34.**    North American Risk Services refused to pay Plaintiff to settle Plaintiff's case against you.

**35.**    Plaintiff's post–collision treatment cost over $19,088.50.

**36.**    You have no experience in handling or adjusting auto insurance claims.

**37.**    You have no reason to believe that Plaintiff's injuries pre–existed this collision.

**38.**    You have no evidence showing that Plaintiff's injuries pre–existed this collision.

**39.**    There is no issue with service of the Summons and Complaint on you.

**40.**    This case is not being defended under a reservation of rights.

**41.**    You could have avoided this collision.

**42.**    You were speeding at the time of this collision.

**43.**    You changed lanes improperly.


**[SIGNATURE PAGE FOLLOWS]**

**THIS 18TH DAY OF JANUARY, 2023.**                    *RESPECTFULLY SUBMITTED,*



_____
**PETER JARAYSI, ESQ.**
Georgia Bar #  297725
Direct Dial:  470-232-1393
E-Mail:  peter@jaraysilawfirm.com
**ANDREW COBB, ESQ.**
Georgia Bar #  453488
Direct Dial:  470-226-1774
E-Mail:  andrew@jaraysilawfirm.com

*Attorneys for the Plaintiff*

**JARAYSI LAW, LLC**
2250 Satellite Blvd., Ste. 120
Duluth, GA 30097
Fax:     888-576-7869

E-FILED IN OFFICE - CL
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-00366-S6**
**1/18/2023 4:55 PM**
TIANA P. GARNER, CLERK

**IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA**

| | |
|---|---|
| HOPE VIGIL-SHUCK, | |
| **Plaintiff,** | |
| | 23-C-00366-S6 |
| vs. | Civil Action File No.: _____ |
| CRAIG SQUIRE, | **JURY TRIAL DEMANDED** |
| CORNERSTONE CARGO, LLC | |
| **Defendants.** | |

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS & NOTICE TO
PRODUCE TO DEFENDANT CRAIG SQUIRE**

     **COMES NOW**, Plaintiff, in the above–styled case, by and through the undersigned counsel, and requests, pursuant to O.C.G.A. § 9–11–34, that Craig Squire produce the following documents and things at Jaraysi Law, LLC., 2250 Satellite Blvd., Ste. 120, Duluth, Georgia 30097 within forty–five (45) days of service of this request upon you.

     Pursuant to O.C.G.A. § 24–10–26, Plaintiff hereby notifies Craig Squire to produce at any hearing upon Rule Nisi, any deposition, any trial and/or hearing in the above–styled action, until the conclusion of the above–styled case, the documents and records as set forth herein, that are in your possession, custody or control, such documents and records to be used as evidence by Plaintiff.

     If, because of the voluminous nature of the production requested, you prefer to make production at some other place, please contact Plaintiff's counsel and Plaintiff's counsel will arrange for copying at some other location.

## **INSTRUCTIONS**

In accordance with the Georgia Civil Practice Act, each of these requests should be answered separately and fully in writing and answers to these discovery requests should be signed under oath by an authorized representative of Craig Squire.

Answers to the discovery requests should be based upon facts, evidence, information, and written materials known or possessed by or available to Craig Squire.

Unless otherwise specified, the time period covered by these discovery requests is from January 1, 2012, to the date of production, and this embraces documents (including drafts) that were dated, prepared, or circulated within that period, or that refers or relates to, or was in effect during any part of that period.

If any document requested is withheld by reason of a claim of privilege, furnish a list at the time that a response is made hereto that (a) identifies the nature of the privilege (including work–product) which is being claimed; and (b) provides the following information with respect to any such document withheld: author, recipient, sender, indicated and blind copies, date, and general subject matter.

In the event that any document requested has been destroyed, lost, discarded or otherwise disposed of, any such document is to be identified as completely as possible, including, without limitation, the following information: date of disposal, manner of disposal, reason for disposal, person authorizing the disposal and person disposing of the document.

You are instructed to produce documents as they are kept in the usual course of business, or organize and label the documents to correspond with the categories in this request.

Documents should be produced either (a) in the file folders or binders in which they are ordinarily maintained or (b) segregated as they were in such folders and binders, with copies of all labels, tabs and dividers in their original positions.

All documents that respond, in whole or in part, to any portion of any request shall be produced in their entirety, including all attachments and enclosures.

Only one copy of each document is to be produced; however, any document which varies in any way so that it is not identical to one produced is to be considered a separate document and must be produced.

Your obligation to supplement your response to these discovery requests continues until the date of trial.

You are instructed not to respond to these discovery requests by referring to the responses of other discovery requests or by adoption.

Some discovery requests may be introduced into evidence and therefore should be complete, and in and of themselves, for this purpose.

## **DEFINITIONS**

As used in these discovery requests, the following terms are defined as follows and shall be adopted and responded thereto:

**1.** "You" or "your," or "Defendant," unless otherwise indicated, means Craig Squire, or any synonym thereof is intended to and shall embrace and include Craig Squire, all agents, servants, representatives, employees, private investigators, attorneys, and others who are in a position of confidence or may have obtained information for or on your behalf, and all business entities with which it is or has been affiliated, together with any predecessor, successor, parent, or subsidiary entity as well as any officer, director, employee, attorney,

agent, or representative of yours.

**2.**    "Plaintiff" means Hope Vigil-Shuck.

**3.**    "Complaint" means the Complaint filed by Plaintiff in this case and any amendment thereto.

**4.**    "Answer" means the Answer filed by you in this case and any amendment thereto.

**5.**    "Crash," "incident," "wreck" or "collision," means the occurrence described in the Complaint which is the subject of this lawsuit.

**6.**    "Person" means any individual, public, or private corporation, proprietorship, partnership, association, government agency, political subdivision, group or other business, public, private, or semi–private organization.

**7.**    "Representative" means any officer, director, agent, employee, servant or other person acting for or on behalf of the person referred to in the Request or definition or of the person's affiliate.

**8.**    "Document" means the original (or copy if the original if not available) and each non–identical copy (whether non identical because of alternations, attachments, blanks, comments, notes, underlining or otherwise) or any writing or record, however, described, whether account, agreement, amendment, article, authorization, bank advance or similar notice for transfer, bank statement, bill of lading, blueprint, book, chart, check, contract, correspondence, deposit slip, diary, drawing, entry, estimate or cost to complete estimate, film, tape, financial statement, graph, instruction, internal document, invoice, journal, ledger or subsidiary ledger, letter, memorandum, minutes, notes work papers, studies, notebook, plan, photocopy, photograph, projection, publication, purchase order, recording report, schedule scrapbook, sketch, specification, speech, tape, telegram, telex, transcript, voucher

or otherwise, and all retrievable data (whether in carded, taped or coded electronically, electromagnetically or otherwise) in the possession, custody or control of Defendant, or known to Defendant wherever the document is located, however produced or reproduced, whether draft or final version.

**9.**    "Communication" or "statement" means any transfer of information by oral statement, document, device or otherwise.

**10.**    "Relating to" includes, but without limitation, mentioning, discussing, commenting on, referring to, pertaining to, alluding to, relevant to, or in any way touching upon, or connecting with.

**11.**    To "identify a person" means to provide:

  i.    His, her or its name and last known complete address, including zip code and last known complete phone number, including area code;

  ii.    If other than a natural person, the name of a contact person and that person's position with the identified entity; and

  iii.    If a natural person, the current occupation and business address and telephone and the last known business address of his or her employer at the time referred to by you in your response.


**12.**    To "identify a statement" means to provide a copy of any written statement and, to the extent that the statement is verbal or the following information is not contained in the written statement, to provide:

  i.    The name of each person who participated in the communication, and the name of each person who was present at the time it was made;

    ii.       By whom each person was employed;

    iii.      The nature and substance of the communication;

    iv.      The date upon which such communication occurred; and

    v.       Where the original statement was made.

**13.**    If a discovery request is phrased in the singular or plural and a plural or singular response respectively is required, make the appropriate change.

**14.**    All definitions provided apply in pertinent part to each Request to Produce propounded and are incorporated by reference as is fully set forth in each individual Request to Produce.

**REQUESTS FOR PRODUCTION OF DOCUMENTS**

**1.**    Produce a copy of the front and backside of your driver's license.

**2.**    Produce a copy of any and all statements made by you regarding this collision.

**3.**    Produce all documents, photographs (in digital format) and/or video depiction of **(a)** the 2016 Freightliner Cascadia Evolution [VIN: 3AKJGLD5XGSHK9669] [Tag #: 2928384] (hereinafter referred to as "your vehicle"); **(b)** the scene of the collision (including any and all tangible objects); and, **(c)** any other vehicle involved in the collision, including the Plaintiff's, from whatever source relating to the collision.

**4.**    Produce all documents identified by you in response to any response to Plaintiff's Interrogatories herein.

**5.**    Produce a copy of any accident report, incident report or casualty report relating to the collision.

**6.**    Produce a certified copy of the automobile insurance policy in effect on your vehicle on the date of the wreck that is the subject of this lawsuit, including the declaration

page, and any other vehicle that you own or maintain automobile insurance on.

7.    Produce any and all documents generated by you, sent to your attention, or seen by you relating to the wreck that is the subject of this lawsuit.

8.    Produce all documents relating to any aspect of the wreck, whatsoever, obtained from any source, in your possession, your attorneys' possession, or your auto insurance carrier's possession.

9.    Produce all documents generated by, seen by, and/or considered by your expert(s).

10.   Produce all documents, records, reports, or court records concerning any previous or subsequent motor vehicle collisions you have ever been involved in, or identified by you in response to Plaintiff's Interrogatory No. 2.

11.   Produce a copy of any disposition or transcriptions that exist from any court proceedings surrounding your defense of the traffic citation issued to you immediately after the wreck.

12.   Produce a copy of any and all prescriptions issued to you by any health care provider in response to Plaintiff's Interrogatory No. 15.

13.   Produce a copy of the cellular telephone records from the cellular telephone in your possession on the date of the wreck.

14.   Produce a copy of your Georgia Department of Driver Services Motor Vehicle Report.

15.   For any and all hospital(s). healthcare provider(s), physician(s), practice(s), and/or specialist(s) you visited **before** this wreck, please produce records of any and all medical treatment, or treatment in general, rendered to you, or on your behalf including – without limitation – all emergency room notes/reports, orders, office notes, chart notes, narratives, nurse notes, SOAP notes, telephone calls, referrals,

prescriptions, laboratory or radiology test results, including blood tests, diagnostic imaging, ultrasound, patient questionnaire forms, health history forms, health insurance forms, or any other form containing information provided by you, and any and all other information contained within your file and/or chart.

16.  For any and all hospital(s). healthcare provider(s), physician(s), practice(s), and/or specialist(s) you visited **<u>after</u>** this wreck, please produce records of any and all medical treatment, or treatment in general, rendered to you, or on your behalf including – without limitation – all emergency room notes/reports, orders, office notes, chart notes, narratives, nurse notes, SOAP notes, telephone calls, referrals, prescriptions, laboratory or radiology test results, including blood tests, diagnostic imaging, ultrasound, patient questionnaire forms, health history forms, health insurance forms, or any other form containing information provided by you, and any and all other information contained within your file and/or chart.

**THIS 18TH DAY OF JANUARY, 2023.**

*RESPECTFULLY SUBMITTED,*

_____
**PETER JARAYSI, ESQ.**
Georgia Bar #  297725
Direct Dial:  470-232-1393
E-Mail:  peter@jaraysilawfirm.com
**ANDREW COBB, ESQ.**
Georgia Bar #  453488
Direct Dial:  470-226-1774
E-Mail:  andrew@jaraysilawfirm.com

**JARAYSI LAW, LLC**
2250 Satellite Blvd., Ste. 120
Duluth, GA 30097
Fax:    888-576-7869

*Attorneys for the Plaintiff*

**NARS**

JAN 2 4 2023

Claim Number: _STIN22060058_   Box: _79_

_____I_____ CD

_____ Tape

_____ Keys

_____ Flash Drive

_____ Other: _____

Enclosed: _Demand- Jecsysi law_____

_____

USPS CERTIFIED MAIL

30 JAN 2023 PM 1 1

Javayai Law, LLC
2250 SATELLITE BLVD STE 120
DULUTH GA 30097-4918

$6.57  US POSTAGE
FIRST-CLASS
Jan 19 2023
Mailed from ZIP 30097
1 OZ FIRST-CLASS MAIL LETTER
062kg
11623275

08250012913542

**USPS CERTIFIED MAIL**

9414 8118 9876 5834 5540 13

North American Risk Services
Gretchen Schandera
PO BOX 166002
ALTAMONTE SPRINGS FL 32716-6002