# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| HOPE VIGIL-SHUCK,<br><br>  Plaintiff,<br><br>v.<br><br>CRAIG SQUIRE,<br>CORNERSTONE CARGO, LLC,<br><br>  Defendants | CIVIL ACTION FILE<br>NO. _____<br><br><br>*Jury Trial Demanded* |

## DEFENDANT CORNERSTONE CARGO, LLC'S ANSWER BY SPECIAL APPEARANCE AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW, **CORNERSTONE CARGO, LLC** ("Defendant"), appearing specially without waiving service or otherwise voluntarily subjecting itself to the jurisdiction and venue of this Court, and files the following Answer and Affirmative Defenses to Plaintiff's Complaint, showing the Court as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

This Defendant denies that it was negligent in any manner, or that any negligent act or omission on its part caused or contributed to any injury or damage

1

alleged to have been sustained by Plaintiff.

### THIRD DEFENSE

Plaintiff's alleged damages were directly and proximately caused by Plaintiff's own contributory/comparative negligence and failure to exercise ordinary care and, as such, Plaintiff is not entitled to recover from this Defendant.

### FOURTH DEFENSE

Plaintiff, by the exercise of ordinary care, could have avoided the incident referenced in Plaintiff's Complaint and, therefore, Plaintiff is not entitled to recover from this Defendant.

### FIFTH DEFENSE

The sole and proximate cause of the accident referenced in Plaintiff's Complaint was the negligence, including but not limited to negligence *per se*, of a party or parties other than this Defendant. Therefore, Plaintiff is barred from any recovery against this Defendant.

### SIXTH DEFENSE

Some or all of Plaintiff's claims may be barred by the doctrines of waiver, consent, release, failure of consideration, estoppel, fraud, illegality, injury by fellow servant, laches, license, Statute of Frauds, payment and/or accord and satisfaction.

## SEVENTH DEFENSE

The injuries, damages, and losses alleged in Plaintiff's Complaint, none being admitted, were caused, in whole or in part, by the actions or inactions of parties and/or non-parties over whom this Defendant exercised no control, had no opportunity to anticipate or right to control, and with whom this Defendant had no legal relationship by which liability could be attributed to it.

## EIGHTH DEFENSE

There is no causal relationship between any alleged acts and/or omissions on the part of this Defendant and any alleged injuries to Plaintiff.

## NINTH DEFENSE

Plaintiff's claims are barred or limited to the extent Plaintiff failed to mitigate his damages.

## TENTH DEFENSE

Plaintiff's claims are barred to the extent that Plaintiff's damages are the result of a preexisting or otherwise unrelated medical condition.

## ELEVENTH DEFENSE

Plaintiff's medical expenses must be reduced to the extent that they exceed the reasonable or customary amounts.

## TWELFTH DEFENSE

Plaintiff's claims for damages and injuries are barred to the extent they were caused by a prior, new, intervening and/or superseding cause or circumstance beyond the control of this Defendant.

## THIRTEENTH DEFENSE

Plaintiff's recovery may be barred by additional defenses that this Defendant reserves the right to assert in the future.

## FOURTEENTH DEFENSE

This Defendant reserves the right to seasonably amend these affirmative defenses as needed or as warranted by the discovery in this case.

## FIFTEENTH DEFENSE

Defendant raises the defenses of lack of personal jurisdiction, improper venue, insufficiency of process, and insufficiency of service of process.

## SIXTEENTH DEFENSE

This Defendant responds to the individually numbered paragraphs of Plaintiff's Complaint as follows:

1.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiff's Complaint, and can neither admit nor deny same. Accordingly, by operation of law, said allegations are denied.

2.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of Plaintiff's Complaint, and can neither admit nor deny same. Accordingly, by operation of law, said allegations are denied.

3.

Defendant denies that it is subject to the jurisdiction of this court. Defendant admits the remaining allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.

Defendant denies the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of Plaintiff's Complaint, and can neither admit nor deny same. Accordingly, by operation of law, said allegations are denied.

6.

Defendant objects to Paragraph 6 of Plaintiff's Complaint in that it calls for legal conclusions that warrant no response. To the extent that a response is required, Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of Plaintiff's Complaint, and can neither admit nor deny same. Accordingly, by operation of law, said allegations are denied.

7.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of Plaintiff's Complaint, and can neither admit nor deny same. Accordingly, by operation of law, said allegations are denied.

8.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of Plaintiff's Complaint, and can neither admit nor deny same. Accordingly, by operation of law, said allegations are denied.

9.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of Plaintiff's Complaint, and can neither admit nor deny same. Accordingly, by operation of law, said allegations are denied.

10.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of Plaintiff's Complaint, and can neither admit nor deny same. Accordingly, by operation of law, said allegations are denied.

11.

Defendant denies the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12.

Defendant incorporates by reference its answers and defenses to Paragraphs 1 through 11 of Plaintiff's Complaint, as though fully set forth herein.

13.

Defendant objects to the allegations contained in Paragraph 13 of Plaintiff's Complaint in that they state legal conclusions to which no response is warranted. To the extent that a response is necessary, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of Plaintiff's Complaint, and can neither admit nor deny same. Accordingly, by operation of law, said allegations are denied.

14.

Defendant denies the allegations, including subparts (a) through (g), contained in Paragraph 14 of Plaintiff's Complaint.

15.

Defendant denies the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16.

Defendant objects to the allegations contained in Paragraph 16 of Plaintiff's Complaint in that they state legal conclusions to which no response is warranted. To

the extent that a response is necessary, Defendant denies the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17.

Defendant denies the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18.

Defendant denies the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19.

Defendant denies the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20.

Defendant denies the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21.

Defendant denies the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22.

Defendant incorporates by reference its answers and defenses to Paragraphs 1 through 21 of Plaintiff's Complaint, as though fully set forth herein.

23.

Defendant denies the allegations contained in paragraph 23 of Plaintiff's Complaint.

24.

Defendant denies the allegations contained in paragraph 24 of Plaintiff's Complaint.

25.

Defendant denies the allegations contained in paragraph 25 of Plaintiff's Complaint.

26.

Defendant denies the allegations contained in paragraph 26 of Plaintiff's Complaint.

27.

Defendant denies the allegations contained in paragraph 27 of Plaintiff's Complaint.

28.

Defendant denies the allegations contained in paragraph 28 of Plaintiff's Complaint.

29.

Defendant denies any and all allegations and prayers for relief contained in the WHEREFORE clause/Prayer for Relief of Plaintiff's Complaint.

30.

All remaining allegations and inferences contained in Plaintiff's Complaint not heretofore specifically addressed, are denied in their entirety.

WHEREFORE, Defendant, having fully answered Plaintiff's Complaint for Damages, prays as follows:

a) that it be discharged without cost or liability;

b) that it have a trial by a jury of twelve persons as to all issues properly triable by a jury;

c) that a Pre-Trial Conference be held;

d) that all costs and attorneys' fees be assessed against Plaintiff; and

e) that it have such other relief as the Court deems just and proper.

Respectfully submitted on this 17th day of February 2023.

                                           **HALL BOOTH SMITH, P.C.**

                                           */s/ Sandro Stojanovic*
                                           SCOTT H. MOULTON
                                           Georgia State Bar No. 974237
                                           SANDRO STOJANOVIC
                                           Georgia State Bar No. 473114
                                           WHITNEY L. GIBBS
                                           Georgia State Bar No. 455827
                                           *Counsel for Defendants*

191 Peachtree Street NE, Suite 2900
Atlanta, GA  30303-1775
T:  404.954.5000
F:  404.954.5020
smoulton@hallboothsmith.com
sstojanovic@hallboothsmith.com

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| HOPE VIGIL-SHUCK,<br><br>    Plaintiff,<br><br>v.<br><br>CRAIG SQUIRE,<br>CORNERSTONE CARGO, LLC,<br><br>    Defendants. | CIVIL ACTION FILE<br>NO. _____<br><br><br><br><br>*Jury Trial Demanded* |

**CERTIFICATE OF SERVICE**

I hereby certify that on this day I have served a copy of the within and foregoing **DEFENDANT CORNERSTONE CARGO, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** upon all parties to this matter by depositing same in the U.S. Mail and/or via e-file and serve as required by law:

Andrew Cobb, Esq.
Jaraysi Law, LLC
2250 Satellite Blvd, Suite 120
Duluth, GA 30308
andrew@jaraysilawfirm.com
*Counsel for Plaintiff*

13

Peter F. Jaraysi, Esq.
Jaraysi Law, LLC
2250 Satellite Blvd, Suite 120
Duluth, GA 30308
peter@jaraysilawfirm.com
*Counsel for Plaintiff*

This 16th day of February 2023.

                                                  **HALL BOOTH SMITH, P.C.**

                                                  */s/ Sandro Stojanovic*
                                                  SCOTT H. MOULTON
                                                  Georgia State Bar No. 974237
                                                  SANDRO STOJANOVIC
                                                  Georgia State Bar No. 473114
                                                  WHITNEY L. GIBBS
                                                  Georgia State Bar No. 455827
                                                  *Counsel for Defendants*

191 Peachtree Street NE, Suite 2900
Atlanta, GA  30303-1775
T:  404.954.5000
F:  404.954.5020
smoulton@hallboothsmith.com
sstojanovic@hallboothsmith.com