**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| DEXTRIONA GIBSON and CAMERON GIBBONS, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| KNIGHTBROOK INSURANCE COMPANY d/b/a KNIGHT SPECIALTY INSURANCE COMPANY, FREEDOM TRUCKS, LLC, COLE WORLD ENTERPRISES, LLC, JOHN DOES 1-5 and JOHN DOE CORPORATIONS 1-5, | ) ) ) ) ) ) ) ) ) |
| Defendants. | |

CIVIL ACTION
FILE NO. _____

## **COMPLAINT**

Plaintiffs Dextriona Gibson and Cameron Gibbons bring tort claims against nonresident defendants for injuries arising from a wreck involving a tractor truck and trailer. Defendant Freedom Trucks, LLC ("*Freedom Trucks*") owned the tractor truck and trailer which Defendant Tramos Cole ("Cole") was driving at the time of the wreck, under a DOT number belonging to Defendant Cole World Enterprises, LLC ("*Cole World*"). Plaintiffs assert independent tort claims against these three defendants, as well as claims of vicarious liability arising from these three defendants' relationships with each other. Defendant Knightbrook Insurance

Page 1

Company, d/b/a/ Knight Specialty Insurance Company ("*Knight*") insured Defendant *Cole World* at the time of the wreck. Plaintiffs bring claims against Defendant *Knight* under Georgia's direct-action statutes.

## PARTIES, JURISDICTION AND VENUE

### 1.

Plaintiffs are Georgia citizens.

### 2.

Defendant *Knight* is a foreign insurance company registered with the Georgia Office of Insurance and Safety Fire Commissioner. Defendant *Knight* is incorporated or otherwise organized as a business entity in Delaware and has its principal place of business in California.

### 3.

Defendant *Knight* has made filings with the Georgia Office of Insurance and Safety Fire Commissioner stating that its registered agent for service of process is in Fulton County, Registered Agent Solutions, Inc., 900 Old Roswell Lakes Parkway, Suite 310, Roswell, Georgia 30076.

### 4.

Defendant *Knight* is a citizen of Delaware and California.

5.

Defendant *Knight* transacts business throughout Georgia, including counties located within the Atlanta Division of the Northern District of Georgia.

6.

Defendant *Freedom Trucks* is incorporated or otherwise organized as a business entity in Mississippi and has its principal place of business in Mississippi.

7.

Defendant *Freedom Trucks* has made filings with the Mississippi Secretary of State's Office stating that its registered agent for service of process is Fredrick B. Feeney, II, 10071 Lorraine Road, Gulfport, Mississippi 39503.

8.

Defendant *Freedom Trucks* is a nonresident of Georgia who may be served under Georgia's Nonresident Motorist Act, O.C.G.A. § 40-12-1 and O.C.G.A. § 40-1-117.

9.

Defendant *Cole World* is incorporated or otherwise organized as a business entity in Mississippi and has its principal place of business in Mississippi.

10.

Defendant *Cole World* made filings with the Mississippi Secretary of State's

Office stating that its registered agent for service of process is Nicole Ducksworth, 711 Lake Harbour Drive, Ridgeland, Mississippi 39157.

11.

Defendant *Cole World* maintains a registered agent for service of process in Dekalb County, Georgia, Renee Lamback, 7980 Errol Drive, Lithonia, Georgia, 30058.

12.

Defendant *Cole World* is a citizen of Mississippi.

13.

Defendant *Cole World* is a nonresident of Georgia who may be served under Georgia's Nonresident Motorist Act, O.C.G.A. § 40-12-1 and O.C.G.A. § 40-1-117.

14.

The amount in controversy exceeds $75,000.

15.

This Court has diversity jurisdiction of this case under 28 U.S.C. § 1332.

16.

Venue is proper in this district and in this division.

## **GENERAL FACTS**

### 17.

The provisions of 49 CFR §§ 301–399, commonly referred to as the "Federal Motor Carrier Safety Regulations" or "FMCSR" are applicable to this case and to Defendants *Freedom Trucks* and *Cole World*.

### 18.

The FMCSR set forth the minimum industry standards and requirements for those with DOT authority.

### 19.

Defendants *Freedom Trucks* and *Cole World* were subject to the FMCSR on June 21, 2022, and at all relevant times prior to that date, either directly or as adopted by Georgia Department of Public Safety under GA ADC 515-16-4-.01.

### 20.

Defendant *Freedom Trucks* is a motor carrier as defined by the FMCSR § 390.5.

### 21.

Defendant *Freedom Trucks* is a lessor of commercial motor vehicles as defined by FMCSR § 376.2.

22.

On June 21, 2022, Defendant *Cole World* was a motor carrier as defined by FMCSR § 390.5, registered with the U.S. Department of Transportation under DOT number 3180047.

23.

Defendant *Freedom Trucks* is an interstate commercial motor carrier based out of Mississippi.

24.

Defendant *Cole World* is an interstate commercial motor carrier based out of Mississippi.

25.

Under the FMCSR, motor carriers have a duty to hire qualified drivers.

26.

Under the FMCSR, motor carriers have a duty to supervise their drivers.

27.

Under the FMCSR, motor carriers have a duty to train their drivers.

28.

Tractor trailer drivers regularly drive loads weighing as much as 80,000 pounds.

## Defendant *Freedom Trucks* as Employer of Tramos Cole

### 29.

On June 21, 2022, Defendant *Freedom Trucks* was the owner of the black 2016 Peterbilt tractor truck with the VIN number 1XP4DP9X6GD224180 ("*Freedom Trucks' Tractor Truck*"), a commercial motor vehicle.

### 30.

On June 21, 2022, Defendant *Freedom Trucks* was the owner of the trailer involved in the wreck ("*Freedom Trucks Trailer*"), a commercial motor vehicle.

### 31.

On June 21, 2022, Tramos Cole was an employee as defined by FMCSR § 390.5 of Defendant *Freedom Trucks* driving *Freedom Trucks Tractor Truck and Trailer*.

### 32.

On June 21, 2022, Tramos Cole was operating *Freedom Trucks Tractor Truck and Trailer* transporting property in interstate commerce based on a bill of lading.

## Defendant *Freedom Trucks* as Lessor to Defendant *Cole World*

### 33.

On or before June 21, 2022, as defined by FMCSR §§ 376 *et seq.,* Defendant *Freedom Trucks* leased *Freedom Trucks Tractor Truck and Trailer*, commercial motor vehicles, to Defendant *Cole World*.

### Defendant *Freedom Trucks* Entrusted to Tramos Cole

34.

On or before June 21, 2022, Defendant *Freedom Trucks* entrusted *Freedom Trucks Tractor Truck,* a commercial motor vehicle, to Tramos Cole.

35.

On or before June 21, 2022, Defendant *Freedom Trucks* entrusted *Freedom Trucks Trailer,* a commercial motor vehicle, to Tramos Cole.

### Defendant *Freedom Trucks* Entrusted to Defendant *Cole World*

36.

On or before June 21, 2022, Defendant *Freedom Trucks* entrusted *Freedom Trucks Tractor Truck,* a commercial motor vehicle, to Defendant *Cole World.*

37.

On or before June 21, 2022, Defendant *Freedom Trucks* entrusted *Freedom Trucks Trailer,* a commercial motor vehicle, to Defendant *Cole World.*

### CRASH FACTS

38.

On June 21, 2022, Plaintiff Dextronia Gibson, a member of the public, was driving her white 2011 Chevrolet Impala ("*Plaintiff's car*"), traveling east on Interstate 20 in Columbia County, Georgia.

39.

On June 21, 2022, Plaintiff Cameron Gibbons, a member of the public, was a passenger in *Plaintiff's car* as Plaintiff Gibson drove east on Interstate 20 in Columbia County, Georgia.

40.

On June 21, 2022, Plaintiffs were traveling in the outside lane of Interstate 20 east.

41.

On June 21, 2022, Tramos Cole was driving *Freedom Trucks Tractor Truck and Trailer* in interstate commerce as he traveled east on Interstate 20 in Columbia County, Georgia.

42.

On June 21, 2022, Tramos Cole was operating *Freedom Trucks Tractor and Trailer* in the outside lane as he traveled east on Interstate 20, traveling to the left of *Plaintiff's car*.

43.

On June 21, 2022, Tramos Cole merged to his right toward the inside lane.

44.

On June 21, 2022, as Tramos Cole merged to his right, he struck the left rear side of *Plaintiff's car*, causing *Plaintiff's car* to leave the roadway and flip onto its roof before coming to rest ("the *Wreck*").

45.

The *Wreck* proximately caused Plaintiffs to suffer injuries and experience pain and suffering.

46.

Plaintiff Gibson has incurred reasonable and necessary medical expenses. Plaintiff Gibson continues to incur additional reasonable and necessary medical expenses.

47.

Plaintiff Gibbons has incurred reasonable and necessary medical expenses. Plaintiff Gibbons continues to incur additional reasonable and necessary medical expenses.

48.

At all times leading up to and including the *Wreck*, Plaintiffs exercised that degree of care which is used by ordinarily careful people under the same or similar circumstances.

## COUNT I
### *FREEDOM TRUCKS* NEGLIGENT HIRING, TRAINING, ENTRUSTMENT, RETENTION AND MAINTENANCE

49.

All preceding statements of Plaintiffs' complaint are incorporated herein and re-alleged as if expressly set forth herein.

50.

Defendant *Freedom Trucks,* as the registered owner of the *Freedom Trucks Tractor Truck and Trailer*, a commercial motor vehicle, has a duty to ensure that any driver of *Freedom Trucks Tractor Truck and Trailer* is qualified to drive a commercial motor vehicle.

51.

Defendant *Freedom Trucks* failed to ensure that Tramos Cole was qualified to drive *Freedom Trucks Tractor Truck and Trailer*, a commercial motor vehicle.

52.

Defendant *Freedom Trucks* violated the following Federal Motor Carrier Safety Regulations, which constitutes negligence *per se*, including, but not limited to:

    a. § 390: General

    b. § 391: Qualifications of Drivers

    c. § 392: Driving of Commercial Motor Vehicles

d. § 393: Parts and Accessories Necessary for Safe Operation

e. § 395: Hours of Service of Drivers

f. § 396: Inspection, Repair, and Maintenance

53.

Defendant *Freedom Trucks* violated the Georgia Motor Carrier Safety Regulations, which constitutes negligence *per se*.

54.

Defendant *Freedom Trucks* had a duty to train Tramos Cole so that he was able to understand and obey the rules and regulations contained in the FMCSR.

55.

Defendant *Freedom Trucks* failed to train Tramos Cole so that he was able to understand and obey the rules and regulations contained in the FMCSR.

56.

Defendant *Freedom Trucks* was negligent in:

a. Hiring and/or contracting with Tramos Cole to drive the *Freedom Trucks Tractor Truck and Trailer*;

b. Hiring and/or contracting with Defendant *Cole World* to drive the *Freedom Trucks Tractor Truck and Trailer*;

c. Failing to conduct proper and required checks on the background of its employee, Tramos Cole;

d. Failing to conduct proper and required checks on the background of its employee, Defendant *Cole World*;

e. Failing to exercise ordinary care to determine Tramos Cole's fitness for driving a commercial motor vehicle in interstate commerce.

f. Failing to exercise ordinary care to determine Defendant *Cole World*'s fitness for driving a commercial motor vehicle in interstate commerce.

g. Failing to train Tramos Cole on the FMCSR and Commercial Driver's Manual;

h. Failing to train Defendant *Cole World* on the FMCSR and Commercial Driver's Manual;

i. Failing to train Tramos Cole to properly drive *Freedom Trucks Tractor Truck and Trailer*;

j. Failing to train Defendant *Cole World* to properly drive *Freedom Trucks Tractor Truck and Trailer*;

k. Retaining Tramos Cole to drive *Freedom Trucks Tractor Truck and Trailer*;

l. Retaining Defendant *Cole World* to drive *Freedom Trucks Tractor Truck and Trailer*;

m. Failing to supervise Tramos Cole while Tramos Cole was driving *Freedom Trucks Tractor Truck and Trailer*;

n. Failing to supervise Defendant *Cole World* while Defendant *Cole World* was driving *Freedom Trucks Tractor Truck and Trailer*;

o. Entrusting Tramos Cole with *Freedom Trucks Tractor Truck and Trailer*;

p. Entrusting Defendant *Cole World* with *Freedom Trucks Tractor Truck and Trailer*; and

q. Failing to safely maintain *Freedom Trucks Tractor Truck and Trailer*.

### 57.

Defendant *Freedom Trucks* had a duty to promulgate and enforce rules and regulations to ensure its drivers and commercial motor vehicles were reasonably safe.

### 58.

Defendant *Freedom Trucks* failed to promulgate and enforce rules and regulations to ensure its drivers and commercial motor vehicles were reasonably safe.

### 59.

Defendant *Freedom Trucks'* negligence proximately caused the *Wreck*.

60.

Defendant *Freedom Trucks* negligence proximately caused Plaintiff Dextronia Gibson to incur past, present, and future medical expenses for her injuries.

61.

Defendant *Freedom Trucks* negligence proximately caused Plaintiff Dextronia Gibson to endure past, present, and future pain and suffering.

62.

Defendant *Freedom Trucks* negligence proximately caused Plaintiff Dextronia Gibson to suffer economic and non-economic losses.

63.

Defendant *Freedom Trucks* negligence proximately caused Plaintiff Cameron Gibbons to incur past, present, and future medical expenses for his injuries.

64.

Defendant *Freedom Trucks* negligence proximately caused Plaintiff Cameron Gibbons to endure past, present, and future pain and suffering.

65.

Defendant *Freedom Trucks* negligence proximately caused Plaintiff Cameron Gibbons to suffer economic and non-economic losses.

## COUNT II
### *COLE WORLD'*S NEGLIGENT HIRING, TRAINING, ENTRUSTMENT, RETENTION AND MAINTENANCE

66.

All preceding statements of Plaintiffs' complaint are incorporated herein and re-alleged as if expressly set forth herein.

67.

Defendant *Cole World* was the registered owner of U.S. DOT number 3554253, displayed on *Freedom Trucks' Tractor*, which was involved in the *Wreck*, and has a duty to ensure any driver operating a commercial motor vehicle under its U.S. DOT number is qualified to drive a commercial motor vehicle.

68.

Defendant *Cole World* failed to ensure that Tramos Cole was qualified to operate *Freedom Trucks Tractor Truck and Trailer*, a commercial motor vehicle.

69.

Defendant *Cole World* violated the following FMCSR, which constitutes negligence *per se*, including, but not limited to:

a.  § 390: General

b. § 391: Qualifications of Drivers

c. § 392: Driving of Commercial Motor Vehicles

d. § 393: Parts and Accessories Necessary for Safe Operation

e. § 395: Hours of Service of Drivers

f. § 396: Inspection, Repair, and Maintenance

70.

Defendant *Cole World* violated the Georgia Motor Carrier Safety Regulations, which constitutes negligence *per se*.

71.

Defendant *Cole World* had a duty to train Tramos Cole so that he was able to understand and obey the rules and regulations contained in the FMCSR.

72.

Defendant *Cole World* failed to train Tramos Cole so that he was able to understand and obey the rules and regulations contained in the FMCSR.

73.

Defendant *Cole World* was negligent in:

a. Hiring and/or contracting with Tramos Cole to drive the *Freedom Trucks Tractor Truck and Trailer*;

b. Failing to conduct proper and required checks on the background of its employee, Tramos Cole;

c. Failing to exercise ordinary care to determine Tramos Cole's fitness for driving a commercial motor vehicle in interstate commerce.

d. Failing to train Tramos Cole on the FMCSR and Commercial Driver's Manual;

e. Failing to train Tramos Cole to properly drive *Freedom Trucks Tractor Truck and Trailer*;

f. Retaining Tramos Cole to drive *Freedom Trucks Tractor Truck and Trailer*;

g. Failing to supervise Tramos Cole while Tramos Cole was driving *Freedom Trucks Tractor Truck and Trailer*;

h. Entrusting Tramos Cole with the *Freedom Trucks Tractor Truck and Trailer*; and

i. Failing to safely maintain *Freedom Trucks Tractor Truck and Trailer*.

74.

Defendant *Cole World* had a duty to promulgate and enforce rules and regulations to ensure its drivers and commercial motor vehicles were reasonably safe.

75.

Defendant *Cole World* failed to promulgate and enforce rules and regulations to ensure its drivers and commercial motor vehicles were reasonably safe.

76.

Defendant *Cole World* 's negligence proximately caused the *Wreck*.

77.

Defendant *Cole World's* negligence proximately caused Plaintiff Dextronia Gibson to incur past, present, and future medical expenses for her injuries.

78.

Defendant *Cole World's* negligence proximately caused Plaintiff Dextronia Gibson to endure past, present, and future pain and suffering.

79.

Defendant *Cole World's* negligence proximately caused Plaintiff Dextronia Gibson to suffer economic and non-economic losses.

80.

Defendant *Cole World's* negligence proximately caused Plaintiff Cameron Gibbons to incur past, present, and future medical expenses for his injuries.

81.

Defendant *Cole World's* negligence proximately caused Plaintiff Cameron Gibbons to endure past, present, and future pain and suffering.

82.

Defendant *Cole World's* negligence proximately caused Plaintiff Cameron Gibbons to suffer economic and non-economic losses.

## <u>COUNT III</u>
## VICARIOUS LIABILITY

### 83.

All preceding statements of Plaintiffs' complaint are incorporated herein and re-alleged as if expressly set forth herein.

### 84.

On or before June 21, 2022, Defendant *Freedom Trucks* entered a leasing agreement with Defendant *Cole World* to lease *Freedom Trucks Tractor Truck*.

### 85.

On or before June 21, 2022, Defendant *Freedom Trucks* entered a leasing agreement with Defendant *Cole World* to lease *Freedom Trucks Trailer*.

### 86.

Under FMCSR § 376.12(c)(1), Defendant *Cole World* assumed complete responsibility for the operation of *Freedom Trucks Tractor Truck and Trailer* on June 21, 2022.

### 87.

On June 21, 2022, Tramos Cole was conducting business on behalf of and for the benefit of Defendant *Freedom Trucks*.

88.

On June 21, 2022, Tramos Cole was acting as an agent, servant, and employee of Defendant *Freedom Trucks*, and was operating *Freedom Trucks Tractor Truck and Trailer* within the scope and course of his employment with Defendant *Freedom Trucks* and in furtherance of the business of Defendant *Freedom Trucks*.

89.

Defendant *Freedom Trucks* is vicariously liable to Plaintiffs for the acts of Tramos Cole on June 21, 2022, under the legal doctrines of respondeat superior, imputed negligence, and agency.

90.

On June 21, 2022, Defendant *Cole World* was conducting business on behalf of and for the benefit of Defendant *Freedom Trucks*.

91.

On June 21, 2022, Defendant *Cole World* was acting as an agent, servant, and employee of Defendant *Freedom Trucks*, and was operating *Freedom Trucks Tractor Truck and Trailer* within the scope and course of his employment with Defendant *Freedom Trucks* and in furtherance of the business of Defendant *Freedom Trucks*.

92.

Defendant *Freedom Trucks* is vicariously liable to Plaintiffs for the acts of Defendant *Cole World* on June 21, 2022, under the legal doctrines of respondeat superior, imputed negligence, and agency.

93.

On June 21, 2022, Tramos Cole was conducting business on behalf of and for the benefit of Defendant *Cole World*.

94.

On June 21, 2022, Tramos Cole was acting as an agent, servant, and employee of Defendant *Cole World*, and was operating *Freedom Trucks Tractor Truck and Trailer* within the scope and course of his employment with Defendant *Cole World* and in furtherance of the business of Defendant *Cole World*.

95.

Defendant *Cole World* is vicariously liable to Plaintiffs for the acts of Tramos Cole on June 21, 2022, under the legal doctrines of respondeat superior, imputed negligence, and agency.

96.

At all times relevant to this action, Defendants *Freedom Trucks* and *Cole World* were acting in a joint enterprise.

97.

Defendants *Freedom Trucks* and *Cole World* are jointly and severally liable for the wrongful acts of Tramos Cole.

## COUNT IV
## PUNITIVE DAMAGES

98.

All preceding statements of Plaintiffs' complaint are incorporated herein and re-alleged as if expressly set forth herein.

99.

Under O.C.G.A. § 51-12-5.1, Defendant *Freedom Trucks* conduct showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences, and Plaintiffs are entitled to punitive damages against Defendant *Freedom Trucks* in an amount sufficient to deter, penalize, and punish Defendant *Freedom Trucks* for its conduct.

100.

Under O.C.G.A. § 51-12-5.1, Defendant *Cole World*'s conduct showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences, and Plaintiffs are entitled to punitive damages against Defendant *Cole World* in an

amount sufficient to deter, penalize, and punish Defendant *Cole World* for its conduct.

## COUNT V
### ATTORNEY'S FEES

101.

The foregoing paragraphs are incorporated by reference as if fully set forth herein.

102.

Under O.C.G.A. § 13-6-11, Defendant *Freedom Trucks* has acted in bad faith, been stubbornly litigious, and has caused Plaintiffs unnecessary trouble and expense, and Plaintiffs are entitled to receive from Defendant *Freedom Trucks* their attorney's fees and other reasonable expenses of litigation.

103.

Under O.C.G.A. § 13-6-11, Defendant *Cole World* has acted in bad faith, been stubbornly litigious, and has caused Plaintiffs unnecessary trouble and expense, and Plaintiffs are entitled to receive from Defendant *Cole World* their attorney's fees and other reasonable expenses of litigation.

## COUNT VI
## DIRECT ACTION - KNIGHTS

### 104.

All preceding statements of Plaintiffs' complaint are incorporated herein and re-alleged as if expressly set forth herein.

### 105.

On June 21, 2022, Defendant *Cole World* was a "motor carrier," as defined under O.C.G.A. § 40-1-100(12).

### 106.

On June 21, 2022, Defendant *Knight* insured Defendant *Cole World* under a policy of insurance issued by *Knight* (Policy #KSCW190445601).

### 107.

Defendant *Knight* is liable to Plaintiffs for the acts of Defendant *Cole World*, under the provisions of the *Knight* Policy ##KSCW190445601, and is subject to this "direct action" under O.C.G.A. § 40-1-112(c).

### 108.

On June 21, 2022, Defendant *Cole World* was a "motor carrier" under O.C.G.A. § 40-2-1.

109.

Defendant *Knight* is liable to Plaintiffs for the acts of Defendant *Cole World* under the provisions of the *Knight* Policy ##KSCW190445601 and is subject to this "direct action" under O.C.G.A. § 40-2-140(d)(4).

110.

Defendant *Knight* is responsible for any judgment rendered against Defendant *Cole World* and/or its employees in this action up to its policy limits of coverage.

**WHEREFORE,** Plaintiffs demand the following:

(a) Plaintiffs receive a judgment against Defendants for Plaintiffs' past and future medical and other necessary expenses, and for Plaintiffs' past and future pain and suffering;

(b) Plaintiffs receive a judgment against Defendants for punitive damages;

(c) Plaintiffs receive a judgment against Defendants for Plaintiffs' attorney's fees and reasonable expenses of litigation;

(d) Plaintiffs receive a judgment against Defendants for all other damages allowed by Georgia law;

(e) Plaintiffs receive a judgment against Defendant *Knight* for any judgement rendered against Defendant *Cole World* up to its policy limits of coverage;

(f) Plaintiffs receive a jury trial;

(g) Plaintiffs have such other relief as this Court deems just and proper.

This 17th day of February, 2023.

Respectfully submitted,

**PRINCENTHAL, MAY & WILSON**

*/s/Adam Princenthal*
Adam Princenthal
Georgia Bar No. 588219
Andrew Gould
Georgia Bar No. 826368

750 Hammond Drive
Building 12, Suite 200
Sandy Springs, GA 30328
Tel: (678) 534-1980
Fax: (404) 806-0624
adam@princemay.com
andrew@princemay.com                    *Attorneys for the Plaintiffs*