**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| Shelby Ratliff, | ) | FILE NO.: _____ |
| | ) | NOTICE OF REMOVAL OF |
| Plaintiff, | ) | CIVIL ACTION UNDER 28 |
| | ) | U.S.C. § 1441(a) |
| v. | ) | |
| | ) | ***(DIVERSITY JURISDICTION)*** |
| Target Corporation, ABC Corps #1-3 | ) | |
| and John Does #1-3, | ) | (Removed from the State Court |
| | ) | of the State of Georgia, County |
| Defendants. | ) | of Douglas, File No. |
| | ) | 23SV00012) |
| | ) | |
| | ) | JURY TRIAL DEMANDED |
| | ) | |

<u>NOTICE OF REMOVAL</u>

**PLEASE TAKE NOTICE** that Defendant Target Corporation (hereinafter

"Target") hereby removes the above-captioned action to this Court from the State

Court of the State of Georgia, County of Douglas (File No. 23SV00012) (hereinafter

"State Action").   As set forth herein, Target has complied with the statutory

requirements for removal under 28 U.S.C. §§ 1441 and 1446, and this Court has

diversity jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(1).

Removal is based on diversity jurisdiction pursuant to 28 U.S.C. § 1332

because Plaintiff Shelby Ratliff ("Plaintiff") and Target have complete diversity of

1

citizenship and the amount in controversy exceeds $75,000.00. In support of this Notice, Target as follows:

## I.  PROCEDURAL REQUIREMENTS

1.  The State Action was commenced by the Plaintiff filing a lawsuit in Georgia State Court, Douglas County, on January 3, 2023.  A copy of the Plaintiff's Complaint is attached at "Exhibit A." A copy of all other process, pleadings, and items served on Target from the State Action are attached at "Exhibit B," as required by 28 U.S.C. § 1446(a). This is a civil action for personal injury, inclusive of special and general damages sought by Plaintiff against Target.

2.  This Notice is timely, as it is filed within one year of the State Action's commencement on January 3, 2023, and within 30 days of receipt of the Plaintiff's Complaint, which was served on Target on January 20, 2023.  See 28 U.S.C. § 1446(b)(1).

3.  The State Action is properly removed to the United States District Court for the Northern District of Georgia, Atlanta Division, as that is the "district and division embracing the place where [the State Action] is pending."  See 28 U.S.C. § 1441(a); see also 28 U.S.C. § 90(a)(2) (listing Douglas County as within the Atlanta Division of the Northern District of Georgia).

4.  Target will promptly file a copy of this Notice of Removal with the clerk of the

Georgia State Court, Douglas County, and will serve a copy on the other parties

to the State Action, as required by 28 U.S.C. § 1446(d)

## II.   BACKGROUND

5.  Plaintiff alleges that on July 30, 2022, while visiting a Target Store in

Douglasville, Georgia, Plaintiff slipped and fell due to water on the floor.

(Complaint, ¶ 10).

6.  Plaintiff alleges that the slip and fall caused her to suffer significant injuries.

(Complaint, ¶ 14).

7.  The Plaintiff alleges three purported causes of action arising from these facts: 1)

negligence; 2) premises liability; and 3) negligent, reckless, and wanton

supervision and training.

## III.  GROUNDS FOR REMOVAL

8.  This Court has original jurisdiction over this matter pursuant to 28 U.S.C. §

1332 because there is complete diversity between the parties and the amount

in controversy exceeds $75,000.00, exclusive of interest and costs.

### A.    There is Complete Diversity Between the Parties

9.  Plaintiff states she is a citizen of the State of Georgia.  (See Complaint ¶2).

10. Target is a domestic for Profit (Business) Corporation incorporated and domiciled in the State of Minnesota.  See Minnesota Business Filing Details, attached hereto as "Exhibit C."  Target's Statutory Agent is CT Corporation System located at 1010 Dale Street N., St. Paul, Minnesota 55117-5603.  For purposes of determining diversity jurisdiction, Target is therefore, a citizen of Minnesota. 28 U.S.C. § 1332(c)(2).

### B.    The Amount In Controversy Exceeds $75,000.00

11. It is clear that the amount in controversy exceeds $75,000.00. See Complaint, *generally*. Plaintiff claims that, as a result of Target's negligence, she suffered serious and significant injuries and damages, including past and future medical expenses, past and future mental and physical pain and suffering, and disability. (Complaint, ¶ 29). Moreover, Plaintiff explicitly pleads in her Complaint that she seeks in excess of $75,000.00 in damages. Id. As such, Target has a good-faith belief that the amount in controversy exceeds $75,000.00.

12. Although Target denies that Plaintiff is entitled to recover any amount and specifically denies that Plaintiff is entitled to relief in the various forms sought, the Plaintiff's Complaint places in controversy more than $75,000.00, exclusive of interest and costs.

## IV.   RESERVATION OF RIGHTS

14.   By filing this Notice of Removal and the associated attachments, Target does not waive any objections they may have as to service, jurisdiction, or venue, or any other claims, defenses, or objections that are or may be available to them in this action. Furthermore, Target intends no admission of fact, law, or liability by this Notice, and they expressly reserve all defenses, motions, and/or pleas.

## V.   CONCLUSION

WHEREFORE, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Target hereby removes this action from the State Court of Douglas County, Georgia, to the United States District Court for the Northern District of Georgia, Atlanta Division.

This the 17th day of February, 2023.

HUFF, POWELL & BAILEY, LLC

*/s/ Sharonda B. Barnes*

_____
SHARONDA BOYCE BARNES
Ga. Bar No. 245438

*/s/ Francesca G. Townsend*

_____
FRANCESCA G. TOWNSEND
Ga. Bar No. 309045
  *Counsel for Defendant Target Corporation*

999 Peachtree Street
Suite 950
Atlanta, Georgia 30309
(404) 892-4022
(404) 892-4033 (Fax)
sbarnes@huffpowellbailey.com
ftownsend@huffpowellbailey.com

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rules 5.1(B) and 7.1(D), I hereby certify that the foregoing filing complies with the applicable font and size requirements and is formatted in Times New Roman, 14-point font.

This the 17th day of February, 2023.

HUFF, POWELL & BAILEY, LLC

*/s/ Sharonda B. Barnes*

_____
SHARONDA BOYCE BARNES
Ga. Bar No. 245438

*/s/ Francesca G. Townsend*

_____
FRANCESCA G. TOWNSEND
Ga. Bar No. 309045
  *Counsel for Defendant Target Corporation*

999 Peachtree Street
Suite 950
Atlanta, Georgia 30309
(404) 892-4022
(404) 892-4033 (Fax)
sbarnes@huffpowellbailey.com
ftownsend@huffpowellbailey.com

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing NOTICE OF REMOVAL with the Clerk of the Court via CM/ECF and by electronic and/or US mail to the following attorneys of record:

Mitchell B. Ladson
Morgan & Morgan
408 12th Street Suite 200
Columbus, Georgia 31901
mladson@forthepeople.com

This the 17th day of February, 2023.

HUFF, POWELL & BAILEY, LLC

*/s/ Sharonda B. Barnes*

_____
SHARONDA BOYCE BARNES
Ga. Bar No. 245438

*/s/ Francesca G. Townsend*

_____
FRANCESCA G. TOWNSEND
Ga. Bar No. 309045
 *Counsel for Defendant Target Corporation*

999 Peachtree Street
Suite 950
Atlanta, Georgia 30309
(404) 892-4022
(404) 892-4033 (Fax)
sbarnes@huffpowellbailey.com
ftownsend@huffpowellbailey.com

# EXHIBIT A

# STATE COURT OF DOUGLAS COUNTY
# STATE OF GEORGIA

CIVIL ACTION NUMBER  23SV00012

Ratliff, Shelby Ms.

**PLAINTIFF**

**VS.**

Target Corporation
ABC Corps #1-3
John Does #1-3

**DEFENDANTS**

**SUMMONS**

TO: TARGET CORPORATION

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Ladson Mitchell**
> **Morgan & Morgan**
> **191 Peachtree Street N. E.**
> **Suite 4200**
> **Atlanta, Georgia 30303**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 3rd day of January, 2023.**

Clerk of State Court

Annetta D. Stembridge, Clerk
Douglas County, Georgia

### General Civil and Domestic Relations Case Filing Information Form

☐ Superior or ☑ State Court of  Douglas _____ County

| | |
|---|---|
| **For Clerk Use Only** | |
| **Date Filed** 01-03-2023 _____ | **Case Number** 23SV00012 _____ |
| **MM-DD-YYYY** | |

**Plaintiff(s)**

| | | | | |
|---|---|---|---|---|
| Ratliff, Shelby Ms. | | | | |
| Last | First | Middle I. | Suffix | Prefix |
| | | | | |
| Last | First | Middle I. | Suffix | Prefix |
| | | | | |
| Last | First | Middle I. | Suffix | Prefix |
| | | | | |
| Last | First | Middle I. | Suffix | Prefix |

**Defendant(s)**

| | | | | |
|---|---|---|---|---|
| Target Corporation | | | | |
| Last | First | Middle I. | Suffix | Prefix |
| ABC Corps #1-3 | | | | |
| Last | First | Middle I. | Suffix | Prefix |
| John Does #1-3 | | | | |
| Last | First | Middle I. | Suffix | Prefix |
| | | | | |
| Last | First | Middle I. | Suffix | Prefix |

**Plaintiff's Attorney** Mitchell , Ladson _____    **Bar Number** 984512 _____    **Self-Represented** ☐

### Check one case type and, if applicable, one sub-type in one box.

**General Civil Cases**

- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☑ Other General Civil

**Domestic Relations Cases**

- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____  _____
Case Number          Case Number

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____
Language(s) Required

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____

_____

Version 1.1.20

⚡ EFILED IN OFFICE
CLERK OF STATE COURT
DOUGLAS COUNTY, GEORGIA

**23SV00012**

EDDIE BARKER
JAN 03, 2023 02:51 PM

Annette D. Stembridge, Clerk
Douglas County, Georgia

## IN THE STATE COURT OF DOUGLAS COUNTY
## STATE OF GEORGIA

SHELBY RATLIFF

                  Plaintiff,

v.

TARGET CORPORATION; ABC CORPS #1-3; AND JOHN
DOES #1-3

                  Defendants.

CIVIL ACTION
FILE NO.:

**JURY TRIAL**
**DEMANDED**

### COMPLAINT

COMES NOW Plaintiff SHELBY RATLIFF, and makes and files this Complaint against
Defendants TARGET CORPORATION; ABC CORPS #1-3; AND JOHN DOES #1-3, showing
this Honorable Court as follows:

### PARTIES AND JURISDICTION

1.

This suit arises from injuries sustained by Plaintiff Shelby Ratliff, which occurred at the
commercial premises located at 2950 Chapel Hill Road, Douglasville, Douglas County Georgia
30135 (the "Premises") on July 30, 2022 (the "date of incident").

2.

Plaintiff SHELBY RATLIFF ("RATLIFF") resides at 5100 STRATFORD WAY,
POWDER SPRINGS, COBB COUNTY GEORGIA 30127, and avails herself of the jurisdiction
of this court.

3.

TARGET CORPORATION ("TARGET") is a FOREIGN PROFIT CORPORATION,
existing under the laws of Georgia with its place of business in Douglasville, Douglas County,
Georgia and may be served through its registered agents at CT CORPORATION SYSTEM at 289
South Culver Street, Lawrenceville, Gwinnett County, Georgia 30046 and is subject to the
jurisdiction of this court.

4.

Defendants ABC CORPS. #1-3 are unknown entities who owned, operated, managed,
designed, constructed, inspected, and/or were responsible for safety and security at the Premises
at all relevant times. These Defendants will be substituted for named Defendants once their
identities are discovered. These Defendants are subject to the jurisdiction of this Court.

6.

Defendants JOHN DOES #1-3 are unknown persons who owned, operated, managed,
designed, constructed, inspected, and/or were responsible for safety and security at the Premises
at all relevant times. These Defendants will be substituted for named Defendants once their
identities are discovered. These Defendants are subject to the jurisdiction of this Court.

7.

Jurisdiction and venue are proper in this court.

8.

At all relevant times, the aforementioned Defendants owned, controlled, managed, inspected, or patrolled the subject TARGET, including but not limited to the common areas located on the Premises.

## **BACKGROUND**
9.

On or about, July 30, 2022, RATLIFF was an invitee at the Premises owned, operated, managed, and inspected by Defendants located at 2950 Chapel Hill Road, Douglasville, Douglas County Georgia 30135.

10.

On July 30, 2022, RATLIFF was injured when she slipped and fell due to water on the floor of the premises, that Defendants had actual or constructive knowledge of. The location of the hazard was near the registers and in the direct path of her exit.

11.

The path on which RATLIFF fell and was injured were the only means of egress from the Premises.

12.

Despite constructive, if not actual, knowledge of the dangerous condition Defendants took no action to clean and dry the pathway to make it safe for exit.

13.

At all relevant times, the aforementioned Defendants owned, controlled, managed, and had exclusive ownership, possession, and control over the floor on the Premises.

14.

As a result of Plaintiff Shelby Ratliff's fall, she suffered injuries that include torn ligaments in her knee requiring surgical repair.

## **COUNT 1**
## **NEGLIGENCE/PREMISES LIABILITY**

15.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 13 above as if fully restated.

16.

On the date of the incident, Plaintiff was an invitee on the premises pursuant to O.C.G.A. § 51-3-1 and Georgia law.

17.

Defendants owed a nondelegable duty of reasonable care in keeping the premises and approaches of its property safe for persons like Plaintiff.

18.

Defendants breached their statutory duties to keep their premises safe pursuant to O.C.G.A. § 51-3-1.

19.

The dangerous condition was Plaintiff's only exit from the Premises.

20.

Plaintiff fell despite the use of ordinary care in exiting the premises.

21.

At all times relevant to this action, the individuals responsible for inspecting and maintaining the area where Plaintiff fell were employed by Defendants and were acting within the scope of their employment.

22.

Defendants are responsible for the conduct of these individuals under the doctrine of *respondeat superior*, agency or apparent agency.

23.

Defendants, by and through their employees, agents, and representatives, breached the statutory duties identified above which were owed to Plaintiff on the date of incident in failing to protect against a foreseeable risk of harm to Plaintiff.

24.

Defendants breach of the statutory duties owed to Plaintiff directly and proximately led to the substantial injuries Plaintiff sustained.

## COUNT 3
## NEGLIGENT TRAINING & SUPERVISION

25.

Plaintiff Shelby Ratliff, realleges and incorporates herein the allegations contained in paragraphs 1 through 23 above as if fully restated.

26.

Defendants were negligent in failing to adopt appropriate policies and procedures to make sure that appropriate inspections for hazardous conditions were performed on the premises, and in failing to train its employees concerning safety procedures for inspecting and maintaining the premises.

27.

Defendants were negligent in training and supervising their staff.

28.

As a result of Defendant's negligence in training and supervising their employees, Plaintiff Shelby Ratliff was injured on the Premises.

## DAMAGES

29.

As a direct and proximate result of Defendants' negligence, Plaintiff sustained physical injuries and damages, including physical and mental pain and suffering; past, present, and future medical expenses, emotional distress, loss of enjoyment of life, personal inconvenience, and other damages to be determined at trial. Due to her injuries, she has undergone knee surgery resulting in permanent impairment. Plaintiff seeks in excess of $75,000.00.

WHEREFORE, Plaintiff Shelby Ratliff prays that she have a trial on all issues and judgment against defendant as follows:

(a) That Plaintiff recover the full value of past and future medical expenses and past and future lost wages in an amount to be proven at trial;

(b)     That Plaintiff recover for mental and physical pain and suffering and emotional distress in an amount to be determined by the enlightened conscience of the jury;

(c)     That Plaintiff recover such other and further relief as is just and proper;

(d)     That all issues be tried before a jury.

This 3rd day of January 2023.

Respectfully submitted,
/s/Mitchell B. Ladson
 Mitchell B. Ladson, Esq.
Georgia Bar Number 984512
*Attorney for Plaintiff*

MORGAN & MORGAN
408 12th Street STE 200
Columbus, Georgia 31901
Telephone: 762-240-9450
Facsimile: 762-240-9498
*mladson@forthepeople.com*

# EXHIBIT B

**IN THE STATE COURT DOUGLAS COUNTY**
**STATE OF GEORGIA**

SHELBY RATLIFF,                              )
                                             )
      Plaintiff,                         )          CIVIL ACTION FILE
                                             )          NO.: 23SV00012
v.                                           )
                                             )
TARGET CORPORATION; ABC CORPS #1-3           )
and JOHN DOES #1-3,                          )
                                             )
      Defendants.                        )

## ANSWER OF TARGET CORPORATION

COMES NOW, Target Corporation, Defendant, and for its Answer to the Plaintiff's

Complaint hereby responds as follows:

## FIRST DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted, and Defendant raises

the § O.C.G.A. 9-11-12(b)(6) defense of failure to state a claim accordingly.

## SECOND DEFENSE

Defendant denies any contention that it, or its agents and employees, were negligent and

further denies that any act or omission on the part of Defendant, or its agents and employees,

proximately caused the contended incident at issue or the alleged damages of the Plaintiff.

## THIRD DEFENSE

Defendant denies any contention that it, or its agents and employees, were reckless or

wanton in any manner and further denies that any act or omission on the part of Defendant, or its

agents and employees, proximately caused or contributed to the contended incident at issue or the

alleged damages of Plaintiff.

## **FOURTH DEFENSE**

Defendant did not breach any legal duty owed to Plaintiff, and at all times Defendant exercised that degree of care required by law.

## **FIFTH DEFENSE**

Defendant, and its agents and employees, did not have actual or constructive knowledge of any alleged potentially hazardous, or allegedly hazardous condition at any time relevant to the incident at issue, as alleged by Plaintiff, and at all times Defendant exercised that degree of care required by law.

## **SIXTH DEFENSE**

Defendant, and its agents and employees, did not have superior knowledge of any alleged potentially hazardous, or allegedly hazardous condition at any time relevant to the incident at issue, as alleged by Plaintiff, and at all times Defendant exercised that degree of care required by law.

## **SEVENTH DEFENSE**

Defendant asserts the O.C.G.A. § 9-11-8 defense of contributory negligence and assumption of the risk.

## **EIGHTH DEFENSE**

In the event it is determined that Plaintiff is entitled to recover against Defendant, which is denied, Plaintiff's recovery should be reduced in proportion to the degree or percentage of negligence or fault attributable to Plaintiff or any designated non-party pursuant to O.C.G.A. § 51-12-33.

## **NINTH DEFENSE**

Some or all of the injuries and damages alleged in Plaintiff's Complaint were or may have been enhanced or increased by Plaintiff's failure to mitigate.

**TENTH DEFENSE**

Plaintiff has failed to allege special damages with particularity.

**ELEVENTH DEFENSE**

Defendant demands a jury of twelve impartial persons.

**TWELFTH DEFENSE**

To the extent as may be shown by the evidence through discovery, Defendant avers the O.C.G.A. § 9-11-8(c) affirmative defenses of accord and satisfaction, arbitration and award, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, and waiver.

**THIRTEENTH DEFENSE**

In response to the individually numbered paragraphs contained in the Plaintiff's Complaint, Defendant responds as follows:

**PARTIES, JURISDICTION, AND VENUE**

1.

In responding to the allegations contained in Paragraph 1 of Plaintiff's Complaint, Defendant admits only that upon information and belief, Plaintiff Shelby Ratliff was present inside the Target Store located at 2950 Chapel Hill Road, Douglasville, Douglas County Georgia 30135 on July 30, 2022. The remaining allegations contained in Paragraph 1 of Plaintiff's Complaint are denied.

2.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of Plaintiff's Complaint, and on that basis, said allegations

are denied.  To the extent the allegations contained in Paragraph 2 of Plaintiff's Complaint express or infer any negligence on the part of this Defendant, said allegations are expressly denied.

3.

In responding to the allegations contained in Paragraph 3 of Plaintiff's Complaint, Defendant admits only that is a foreign profit corporation and that it may be served through its registered agent CT Corporation System.  The remaining allegations contained in Paragraph 3 of Plaintiff's Complaint are denied.

4.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of Plaintiff's Complaint, and on that basis, said allegations are denied. To the extent the allegations contained in Paragraph 4 of Plaintiff's Complaint express or infer any negligence on the part of this Defendant, said allegations are expressly denied.

5.

There is no Paragraph 5 and said allegations are therefore denied.

6. (sic)

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of Plaintiff's Complaint, and on that basis, said allegations are denied. To the extent the allegations contained in Paragraph 6 of Plaintiff's Complaint express or infer any negligence on the part of this Defendant, said allegations are expressly denied.

7. (sic)

The allegations contained in Paragraph 7 of Plaintiff's Complaint are denied.

8. (sic)

In responding to the allegations contained in Paragraph 8 of Plaintiff's Complaint, Defendant admits only that at all times relevant to Plaintiff's Complaint it operated the retail store where Plaintiff reported her incident occurring. The remaining allegations contained in Paragraph 8 of Plaintiff's Complaint are denied as stated.

## **BACKGROUND**

9. (sic)

In responding to the allegations contained in Paragraph 9 of Plaintiff's Complaint, Defendant admits only that upon information and belief in July 2022 Plaintiff was present inside the Target retail store operated by Defendant at 2950 Chapel Hill, Douglasville, GA 30135. The remaining allegations contained in Paragraph 9 of Plaintiff's Complaint are denied as stated.

10.(sic)

The allegations contained in Paragraph 10 of Plaintiff's Complaint are denied.

11. (sic)

The allegations contained in Paragraph 11 of Plaintiff's Complaint are denied.

12. (sic)

The allegations contained in Paragraph 12 of Plaintiff's Complaint are denied.

13. (sic)

In responding to the allegations contained in Paragraph 13 of Plaintiff's Complaint, Defendant admits only that at all times relevant to Plaintiff's Complaint it operated the retail store where Plaintiff reported her incident occurring. The remaining allegations contained in Paragraph 13 of Plaintiff's Complaint are denied.

14. (sic)

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of Plaintiff's Complaint, and on that basis, said allegations are denied. To the extent the allegations contained in Paragraph 14 of Plaintiff's Complaint express or infer any negligence on the part of this Defendant, said allegations are expressly denied.

### COUNT 1
### NEGLIGENCE/PREMISES LIABILITY

15. (sic)

In responding to the allegations contained in Paragraph 15 of Plaintiff's Complaint, Defendant incorporates by reference its affirmative defenses and responses to Paragraphs 1 to 14 as if fully set forth herein.

16. (sic)

In responding to the allegations contained in Paragraph 16 of Plaintiff's Complaint, Defendant admits only that upon information and belief on July 30, 2022 Plaintiff was present inside the Target retail store operated by Defendant at 2950 Chapel Hill, Douglasville, GA 30135. The remaining allegations contained in Paragraph 16 of Plaintiff's Complaint are denied.

17. (sic)

In responding to the allegations contained in Paragraph 17 of Plaintiff's Complaint, Defendant admits only that it has a legal duty and obligations under relevant law, including the statutory duty of care referenced in O.C.G.A. § 51-3-1, and further responds that at all relevant times it fulfilled the same. The remaining allegations contained in Paragraph 17 of Plaintiff's Complaint are denied.

18. (sic)

The allegations contained in Paragraph 18 of Plaintiff's Complaint are denied.

19. (sic)

The allegations contained in Paragraph 19 of Plaintiff's Complaint are denied.

20. (sic)

The allegations contained in Paragraph 20 of Plaintiff's Complaint are denied.

21. (sic)

The allegations contained in Paragraph 21 of Plaintiff's Complaint are denied as stated.

22. (sic)

The allegations contained in Paragraph 22 of Plaintiff's Complaint are denied.

23. (sic)

The allegations contained in Paragraph 23 of Plaintiff's Complaint are denied.

24. (sic)

The allegations contained in Paragraph 24 of Plaintiff's Complaint are denied.

## COUNT 3
## NEGLIGENT TRAINING & SUPERVISION

25. (sic)

In response to the allegations contained in Paragraph 25 of Plaintiff's Complaint, Defendant incorporates by reference its affirmative defenses and responses to Paragraphs 1 to 24 as if fully set forth herein.

26. (sic)

The allegations contained in Paragraph 26 of Plaintiff's Complaint are denied.

27. (sic)

The allegations contained in Paragraph 27 of Plaintiff's Complaint are denied.

28. (sic)

The allegations contained in Paragraph 28 of Plaintiff's Complaint are denied.

**DAMAGES**

29. (sic)

The allegations contained in Paragraph 29 of Plaintiff's Complaint are denied.

30.

To the extent the "Wherefore" paragraph beneath Paragraph 29 of Plaintiff's Complaint requires a response, it is hereby denied.

31.

Any allegation not specifically admitted herein is expressly denied.

WHEREFORE, having answered the Plaintiff's Complaint, Defendant requests that the Court dismiss the Plaintiff's Complaint or, in the alternative, enter judgment against the Plaintiff and in favor of Defendant with all costs of this action being cast against the Plaintiff and for such other and further relief as this Court deems just and proper.

This the 17th day of February, 2023.

HUFF, POWELL & BAILEY, LLC

*/s/ Sharonda Boyce Barnes*
_____

SHARONDA BOYCE BARNES
Ga. Bar No. 245438
FRANCESCA G. TOWNSEND
Ga. Bar No. 309045
*Counsel for Defendant Target Corporation*

8

999 Peachtree Street
Suite 950
Atlanta, Georgia 30309
(404) 892-4022
(404) 892-4033 (Fax)
sbarnes@huffpowellbailey.com
ftownsend@huffpowellbailey.com

**IN THE STATE COURT DOUGLAS COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| SHELBY RATLIFF, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE |
| | ) | NO.: 23SV00012 |
| v. | ) | |
| | ) | |
| TARGET CORPORATION; ABC CORPS #1-3 | ) | |
| and JOHN DOES #1-3, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served the following persons with copies of the within and foregoing ***ANSWER OF DEFENDANT TARGET CORPORATION*** via e-filing system, PeachCourt which will serve all counsel of record by Statutory Electronic Service as follows:

Mitchell B. Ladson
Morgan & Morgan
408 12th Street Suite 200
Columbus, Georgia 31901
mladson@forthepeople.com

This the 17th day of February, 2023.

HUFF, POWELL & BAILEY, LLC

*/s/ Sharonda Boyce Barnes*

_____
SHARONDA BOYCE BARNES
Ga. Bar No. 245438
FRANCESCA G. TOWNSEND
Ga. Bar No. 309045
*Counsel for Defendant Target Corporation*

999 Peachtree Street
Suite 950
Atlanta, Georgia 30309
(404) 892-4022
(404) 892-4033 (Fax)

10

**IN THE STATE COURT DOUGLAS COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| SHELBY RATLIFF, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE |
| | ) | NO.: 23SV00012 |
| v. | ) | |
| | ) | |
| TARGET CORPORATION; ABC CORPS #1-3 | ) | |
| and JOHN DOES #1-3, | ) | |
| | ) | |
| Defendants. | ) | |

<u>**TWELVE PERSON JURY DEMAND**</u>

COMES NOW, Target Corporation, Defendant, and hereby requests that a jury of twelve fair and impartial jurors determine all matters of disputed facts in this case.

This the 17th day of February, 2023.

HUFF, POWELL & BAILEY, LLC

*/s/ Sharonda B. Barnes*

_____
SHARONDA B. BARNES
Ga. Bar No. 245438
FRAN TOWNSEND
Ga. Bar No. 309045
*Counsel for Defendant Target Corporation*

999 Peachtree Street
Suite 950
Atlanta, Georgia 30309
(404) 892-4022
(404) 892-4033 (Fax)
sbarnes@huffpowellbailey.com
ftownsend@huffpowellbailey.com

**IN THE STATE COURT DOUGLAS COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| SHELBY RATLIFF, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE |
| | ) | NO.: 23SV00012 |
| v. | ) | |
| | ) | |
| TARGET CORPORATION; ABC CORPS #1-3 | ) | |
| and JOHN DOES #1-3, | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a true and correct copy of the within and foregoing ***TWELVE PERSON JURY DEMAND*** via the e-filing system, PeachCourt, which will serve all counsel of record by Statutory Electronic Service as follows:

Mitchell B. Ladson
Morgan & Morgan
408 12th Street Suite 200
Columbus, Georgia 31901
mladson@forthepeople.com

This the 17th day of February, 2023.

HUFF, POWELL & BAILEY, LLC

*/s/ Sharonda B. Barnes*

_____
SHARONDA B. BARNES
Ga. Bar No. 245438
FRAN TOWNSEND
Ga. Bar No. 309045
*Counsel for Defendant Target Corporation*

999 Peachtree Street
Suite 950
Atlanta, Georgia 30309
(404) 892-4022
(404) 892-4033 (Fax)

- 2 -

**IN THE STATE COURT DOUGLAS COUNTY
STATE OF GEORGIA**

SHELBY RATLIFF,                          )
                                         )
     Plaintiff,                         )          CIVIL ACTION FILE
                                         )          NO.: 23SV00012
v.                                       )
                                         )
TARGET CORPORATION; ABC CORPS #1-3       )
and JOHN DOES #1-3,                      )
                                         )
     Defendants.                        )

<u>**NOTICE OF FILING NOTICE OF REMOVAL**</u>

TO:    Clerk of Court
        State Court of Douglas County
        8700 Hospital Drive
        Douglasville, GA 30134


        Mitchell B. Ladson
        Morgan & Morgan
        408 12th Street Suite 200
        Columbus, Georgia 31901

Pursuant to 28 U.S.C. § 1446, you are hereby notified of the filing of a Notice of

Removal filed in the United States District Court for the Northern District of Georgia, a

copy of which is attached hereto as Exhibit "A."   By filing the Notice of Removal,

Defendant Target Corporation, in this case, has removed this action from this Court to

said Federal Court. This Defendant also has filed Defendant Target Corporation's

Answer and Defenses to Plaintiff's Complaint in the United States District Court for the

Northern District of Georgia, Atlanta Division, a copy of which is attached hereto and

incorporated herein as Exhibit "B." Accordingly, the jurisdiction of the State Court is

herewith suspended and any proceedings in this Court after the date of removal are null

and void unless or until this Court resumes jurisdiction.  See, e.g., Cotton v. Federal Land Bank of Columbia, 246 Ga. 188, 188 (1980).

This the 17th day of February, 2023.

HUFF, POWELL & BAILEY, LLC

*/s/ Sharonda Boyce Barnes*

_____

SHARONDA BOYCE BARNES
Ga. Bar No. 245438
FRANCESCA G. TOWNSEND
Ga. Bar No. 309045
*Counsel for Defendant Target Corporation*

999 Peachtree Street
Suite 950
Atlanta, Georgia 30309
(404) 892-4022
(404) 892-4033 (Fax)
sbarnes@huffpowellbailey.com
ftownsend@huffpowellbailey.com

**IN THE STATE COURT DOUGLAS COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| SHELBY RATLIFF, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE |
| | ) | NO.: 23SV00012 |
| v. | ) | |
| | ) | |
| TARGET CORPORATION; ABC CORPS #1-3 | ) | |
| and JOHN DOES #1-3, | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served the following persons with copies of the within and foregoing **NOTICE OF FILING NOTICE OF REMOVAL** via PeachCourt and Statutory Electronic Mail to assure delivery:

Mitchell B. Ladson
Morgan & Morgan
408 12th Street Suite 200
Columbus, Georgia 31901
mladson@forthepeople.com

This the 17th day of February, 2023.

HUFF, POWELL & BAILEY, LLC

*/s/ Sharonda Boyce Barnes*

_____

SHARONDA BOYCE BARNES
Ga. Bar No. 245438
FRANCESCA G. TOWNSEND
Ga. Bar No. 309045
*Counsel for Defendant Target Corporation*

999 Peachtree Street
Suite 950
Atlanta, Georgia 30309
(404) 892-4022
(404) 892-4033 (Fax)

-3-

EXHIBIT C

11-AA

## State of Minnesota

# SECRETARY OF STATE

### Certificate of Merger

I, Mary Kiffmeyer, Secretary of State of Minnesota, certify that: the documents required to effectuate a merger between the entities listed below and designating the surviving entity have been filed in this office on the date noted on this certificate; and the qualification of any non-surviving entity to do business in Minnesota is terminated on the effective date of this merger.

Merger Filed Pursuant to Minnesota Statutes, Chapter: 302A

State of Formation and Names of Merging Entities:

**MN: DAYTON HUDSON CORPORATION**

**MN: TARGET CORPORATION**

State of Formation and Name of Surviving Entity:

**MN: DAYTON HUDSON CORPORATION**

Effective Date of Merger: 1/30/2000---12:01 A.M.

Name of Surviving Entity After Effective Date of Merger:

**TARGET CORPORATION**

This certificate has been issued on: 1/13/2000



*Mary Kiffmeyer*
Secretary of State.

Exhibit C