IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| Shelby Ratliff,<br><br>    Plaintiff,<br><br>v.<br><br>Target Corporation, ABC Corps #1-3 and John Does #1-3,<br><br>    Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | FILE NO.: _____<br>NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1441(a)<br><br>**(DIVERSITY JURISDICTION)**<br><br>(Removed from the State Court of the State of Georgia, County of Douglas, File No. 23SV00012)<br><br>JURY TRIAL DEMANDED |

## DEFENDANT TARGET CORPORATION'S
## ANSWER TO PLAINTIFF'S COMPLAINT

COMES NOW, Target Corporation, by and through its undersigned counsel, and files this Answer to Plaintiff's Complaint ("Plaintiff's Complaint"), as follows:

### FIRST DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted, and Defendant raises the O.C.G.A. § 9-11-12(b)(6) and F.R.C.P. 12(b)(6) defense of failure to state a claim accordingly.

## SECOND DEFENSE

Defendant denies any contention that it, or its agents and employees, were negligent and further denies that any act or omission on the part of Defendant, or its agents and employees, proximately caused the contended incident at issue or the alleged damages of the Plaintiff.

## THIRD DEFENSE

Defendant denies any contention that it, or its agents and employees, were reckless or wanton in any manner and further denies that any act or omission on the part of Defendant, or its agents and employees, proximately caused or contributed to the contended incident at issue or the alleged damages of Plaintiff.

## FOURTH DEFENSE

Defendant did not breach any legal duty owed to Plaintiff, and at all times Defendant exercised that degree of care required by law.

## FIFTH DEFENSE

Defendant, and its agents and employees, did not have actual or constructive knowledge of any alleged potentially hazardous, or allegedly hazardous condition at any time relevant to the incident at issue, as alleged by Plaintiff, and at all times Defendant exercised that degree of care required by law.

### SIXTH DEFENSE

Defendant, and its agents and employees, did not have superior knowledge of any alleged potentially hazardous, or allegedly hazardous condition at any time relevant to the incident at issue, as alleged by Plaintiff, and at all times Defendant exercised that degree of care required by law.

### SEVENTH DEFENSE

Defendant asserts the O.C.G.A. § 9-11-8 defense of contributory negligence and assumption of the risk.

### EIGHTH DEFENSE

In the event it is determined that Plaintiff is entitled to recover against Defendant, which is denied, Plaintiff's recovery should be reduced in proportion to the degree or percentage of negligence or fault attributable to Plaintiff or any designated non-party pursuant to O.C.G.A. § 51-12-33.

### NINTH DEFENSE

Some or all of the injuries and damages alleged in Plaintiff's Complaint were or may have been enhanced or increased by Plaintiff's failure to mitigate.

### TENTH DEFENSE

Plaintiff has failed to allege special damages with particularity.

### ELEVENTH DEFENSE

Defendant demands a jury of twelve impartial persons.

### TWELFTH DEFENSE

To the extent as may be shown by the evidence through discovery, Defendant avers the O.C.G.A. § 9-11-8(c) affirmative defenses of accord and satisfaction, arbitration and award, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, and waiver.

### THIRTEENTH DEFENSE

In response to the individually numbered paragraphs contained in the Plaintiff's Complaint, Defendant responds as follows:

### PARTIES, JURISDICTION, AND VENUE

1.

In responding to the allegations contained in Paragraph 1 of Plaintiff's Complaint, Defendant admits only that upon information and belief, Plaintiff Shelby Ratliff was present inside the Target Store located at 2950 Chapel Hill Road, Douglasville, Douglas County Georgia 30135 on July 30, 2022. The remaining allegations contained in Paragraph 1 of Plaintiff's Complaint are denied.

2.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of Plaintiff's Complaint, and on that basis, said allegations are denied. To the extent the allegations contained in Paragraph 2 of Plaintiff's Complaint express or infer any negligence on the part of this Defendant, said allegations are expressly denied.

3.

In responding to the allegations contained in Paragraph 3 of Plaintiff's Complaint, Defendant admits only that is a foreign profit corporation and that it may be served through its registered agent CT Corporation System. The remaining allegations contained in Paragraph 3 of Plaintiff's Complaint are denied.

4.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of Plaintiff's Complaint, and on that basis, said allegations are denied. To the extent the allegations contained in Paragraph 4 of Plaintiff's Complaint express or infer any negligence on the part of this Defendant, said allegations are expressly denied.

5.

There is no Paragraph 5 and said allegations are therefore denied.

6. (sic)

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of Plaintiff's Complaint, and on that basis, said allegations are denied. To the extent the allegations contained in Paragraph 6 of Plaintiff's Complaint express or infer any negligence on the part of this Defendant, said allegations are expressly denied.

7. (sic)

The allegations contained in Paragraph 7 of Plaintiff's Complaint are denied.

8. (sic)

In responding to the allegations contained in Paragraph 8 of Plaintiff's Complaint, Defendant admits only that at all times relevant to Plaintiff's Complaint it operated the retail store where Plaintiff reported her incident occurring. The remaining allegations contained in Paragraph 8 of Plaintiff's Complaint are denied as stated.

**BACKGROUND**

9. (sic)

In responding to the allegations contained in Paragraph 9 of Plaintiff's Complaint, Defendant admits only that upon information and belief in July 2022 Plaintiff was present inside the Target retail store operated by Defendant at 2950

Chapel Hill, Douglasville, GA 30135. The remaining allegations contained in Paragraph 9 of Plaintiff's Complaint are denied as stated.

10.(sic)

The allegations contained in Paragraph 10 of Plaintiff's Complaint are denied.

11. (sic)

The allegations contained in Paragraph 11 of Plaintiff's Complaint are denied.

12. (sic)

The allegations contained in Paragraph 12 of Plaintiff's Complaint are denied.

13. (sic)

In responding to the allegations contained in Paragraph 13 of Plaintiff's Complaint, Defendant admits only that at all times relevant to Plaintiff's Complaint it operated the retail store where Plaintiff reported her incident occurring. The remaining allegations contained in Paragraph 13 of Plaintiff's Complaint are denied.

14. (sic)

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of Plaintiff's Complaint, and on that basis, said allegations are denied. To the extent the allegations contained in Paragraph 14 of Plaintiff's Complaint express or infer any negligence on the part of this Defendant, said allegations are expressly denied.

## COUNT 1
## NEGLIGENCE/PREMISES LIABILITY

15. (sic)

In responding to the allegations contained in Paragraph 15 of Plaintiff's Complaint, Defendant incorporates by reference its affirmative defenses and responses to Paragraphs 1 to 14 as if fully set forth herein.

16. (sic)

In responding to the allegations contained in Paragraph 16 of Plaintiff's Complaint, Defendant admits only that upon information and belief on July 30, 2022 Plaintiff was present inside the Target retail store operated by Defendant at 2950 Chapel Hill, Douglasville, GA 30135. The remaining allegations contained in Paragraph 16 of Plaintiff's Complaint are denied.

17. (sic)

In responding to the allegations contained in Paragraph 17 of Plaintiff's Complaint, Defendant admits only that it has a legal duty and obligations under relevant law, including the statutory duty of care referenced in O.C.G.A. § 51-3-1, and further responds that at all relevant times it fulfilled the same. The remaining allegations contained in Paragraph 17 of Plaintiff's Complaint are denied.

18. (sic)

The allegations contained in Paragraph 18 of Plaintiff's Complaint are denied.

19. (sic)

The allegations contained in Paragraph 19 of Plaintiff's Complaint are denied.

20. (sic)

The allegations contained in Paragraph 20 of Plaintiff's Complaint are denied.

21. (sic)

The allegations contained in Paragraph 21 of Plaintiff's Complaint are denied as stated.

22. (sic)

The allegations contained in Paragraph 22 of Plaintiff's Complaint are denied.

23. (sic)

The allegations contained in Paragraph 23 of Plaintiff's Complaint are denied.

24. (sic)

The allegations contained in Paragraph 24 of Plaintiff's Complaint are denied.

## COUNT 3
## NEGLIGENT TRAINING & SUPERVISION

25. (sic)

In response to the allegations contained in Paragraph 25 of Plaintiff's Complaint, Defendant incorporates by reference its affirmative defenses and responses to Paragraphs 1 to 24 as if fully set forth herein.

26. (sic)

The allegations contained in Paragraph 26 of Plaintiff's Complaint are denied.

27. (sic)

The allegations contained in Paragraph 27 of Plaintiff's Complaint are denied.

28. (sic)

The allegations contained in Paragraph 28 of Plaintiff's Complaint are denied.

## DAMAGES

29. (sic)

The allegations contained in Paragraph 29 of Plaintiff's Complaint are denied.

30.

To the extent the "Wherefore" paragraph beneath Paragraph 29 of Plaintiff's Complaint requires a response, it is hereby denied.

31.

Any allegation not specifically admitted herein is expressly denied.

WHEREFORE, having answered the Plaintiff's Complaint, Defendant requests that the Court dismiss the Plaintiff's Complaint or, in the alternative, enter judgment against the Plaintiff and in favor of Defendant with all costs of this action being cast against the Plaintiff, a jury of 12 and for such other and further relief as this Court deems just and proper.

This 17th day of February, 2023.

Respectfully submitted,

HUFF, POWELL & BAILEY, LLC

*/s/ Sharonda B. Barnes*

_____
SHARONDA BOYCE BARNES
Ga. Bar No. 245438

*/s/ Francesca G. Townsend*

_____
FRANCESCA G. TOWNSEND
Ga. Bar No. 309045
*Counsel for Defendant Target Corporation*

999 Peachtree Street
Suite 950
Atlanta, Georgia 30309
(404) 892-4022
(404) 892-4033 (Fax)
sbarnes@huffpowellbailey.com
ftownsend@huffpowellbailey.com

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rules 5.1(B) and 7.1(D), I hereby certify that the foregoing filing complies with the applicable font and size requirements and is formatted in Times New Roman, 14-point font.

                HUFF, POWELL & BAILEY, LLC

                */s/ Sharonda B. Barnes*
                _____
                SHARONDA BOYCE BARNES
                Ga. Bar No. 245438

                */s/ Francesca G. Townsend*
                _____
                FRANCESCA G. TOWNSEND
                Ga. Bar No. 309045

999 Peachtree Street          *Counsel for Defendant Target Corporation*
Suite 950
Atlanta, Georgia 30309
(404) 892-4022
(404) 892-4033 (Fax)
sbarnes@huffpowellbailey.com
ftownsend@huffpowellbailey.com

## **CERTIFICATE OF SERVICE**

I hereby certify that I have on this day served a true and correct copy of the within and foregoing **DEFENDANT TARGET CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT** upon all parties or their counsel of record via E-file and by Statutory Electronic Service to assure delivery as follows:

Mitchell B. Ladson
Morgan & Morgan
408 12th Street Suite 200
Columbus, Georgia 31901
mladson@forthepeople.com

This the 17th day of February, 2023.

                                      HUFF, POWELL & BAILEY, LLC

                                      */s/ Sharonda B. Barnes*

                                      _____
                                      SHARONDA BOYCE BARNES
                                      Ga. Bar No. 245438

                                      */s/ Francesca G. Townsend*

                                      _____
                                      FRANCESCA G. TOWNSEND
                                      Ga. Bar No. 309045

999 Peachtree Street                *Counsel for Defendant Target*
Suite 950                                   *Corporation*
Atlanta, Georgia 30309
(404) 892-4022
(404) 892-4033 (Fax)
sbarnes@huffpowellbailey.com
ftownsend@huffpowellbailey.com

- 14 -