# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA ATLANTA DIVISION

| | |
|---|---|
| Terry Radford, )<br>)<br>      Plaintiff, )<br>v. )<br>)<br>Canal Insurance Company )<br>JB Express Transport, Inc. )<br>United Specialty Insurance Company )<br>Idalme Iglesias )<br>John Does 1-5 and ABC Corps 1-5 )<br>      Defendants. )<br>) | No. |

## NOTICE OF REMOVAL

Defendant Canal Insurance Company, with the consent of all other served Defendants[1], file this Notice of Removal, respectfully showing the Court the following facts:

1.

Plaintiff Terry Radford filed suit against the Defendants in the State Court of Fulton County, Georgia. This suit is styled, as above, and was given Civil Action File No. 23EV00258. [A copy of the state-court complaint is attached with exhibit A to this Notice of Removal. Exhibit A also contains all pleadings filed in the underlying state-court action.]

---

[1] The online docket in the lawsuit Plaintiff filed in the State Court of Fulton County, Georgia does not show that any other Defendant has been served.

2.

Suit was initiated by Plaintiff on January 13, 2023 and Defendant Canal Insurance Company was served on January 25, 2023. Consequently, Defendants show that this Notice of Removal is filed within thirty (30) days from the date of service of said suit on Defendant Canal Insurance Company. 28 U.S.C. 1446 (b)(2)(B) ("each defendant" has 30 days from service upon her to seek removal) & 28 U.S.C. 1446 (b)(2) (C) (later served defendant has 30 days to seek removal—regardless of whether 30-day time period has run on separate defendant). Therefore, Canal's removal is timely. *See also Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 353-354 (1999) (holding removal deadline runs from formal service of process and not from the informal sending of a copy of the complaint).

3.

Plaintiff Terry Radford is an individual who is a citizen of Alabama and is domiciled in Alabama.

4.

Defendant Canal Insurance Company is a corporation organized under the laws of the State of Tennessee, with its principal place of business in the State of Tennessee. It was not a citizen of the State of Georgia on the date Plaintiff filed the state-court lawsuit.

5.

Defendant JB Express Transport, Inc. is an administratively dissolved corporation organized under the laws of the State of Tennessee, with its principal place of business in the State of Tennessee. It was not a citizen of the State of Georgia on the date Plaintiff filed the state-court lawsuit.

6.

As noted in Plaintiff's state-court complaint, Defendant Idalme Iglesias is an individual who is a resident of Tennessee and is domiciled in the State of Tennessee.

7.

Defendant United Specialty Insurance Company is a corporation organized under the laws of Delaware, with its principal place of business in the State of Texas. It was not a citizen of the State of Georgia on the date Plaintiff filed the state-court lawsuit.

8.

Taken together, paragraphs three through seven of this Notice of Removal establish that complete diversity, as set forth by 28 U.S.C. § 1332, exists between the Plaintiff and the Defendants.

9.

Next, the jurisdictional monetary requirements of 28 U.S.C. § 1332

are also met. While the Plaintiff's state-court complaint seeks monetary relief without stating a specific dollar amount being sought, the complaint specifically seeks to recover pain and suffering damages, which is a category of damages without a monetary cap. [Ex. A. Compl. ¶ 72]. Consequently, under 28 U.S.C. § 1446(c)(2), Defendant Canal is entitled to allege (and it does allege) in this Notice that the amount in controversy exceeds $75,000. In sum, diversity jurisdiction is also proper under 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds $75,000.

10.

Defendant Canal Insurance Company has attached hereto copies of all process, pleadings, and orders served upon it in this case prior to the date of this Notice of Removal. Such copies are attached as Exhibit A.

11.

Defendant has given written notice of the filing of this Notice of Removal to Plaintiff by filing a written notice with the State Court of Fulton County, a copy of said notice being attached hereto, which automatically provides notice of the removal to Plaintiff's attorney of record, Joseph A. Fleishman, Esq. of Monge & Associates, LLC.

WHEREFORE, Defendant prays that this case be removed to the United States District Court for the Northern District of Georgia, Atlanta Division.

Respectfully submitted this 17th day of February, 2023.

        /s/ Zachary S. Lewis
        Kim M. Jackson
        Georgia Bar No. 387420
        Zachary S. Lewis
        Georgia Bar No. 689146
        *Attorneys for Defendant*

Bovis, Kyle, Burch & Medlin, LLC
200 Ashford Center North, Suite 500
Atlanta, GA 30338-2668
Telephone: 770-391-9100
kjackson@boviskyle.com
zlewis@bovisklyle.com

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that I have this day served all parties with a copy of Defendant's Notice of Removal via the Court's e-filing system.

Respectfully submitted this 17th day of February, 2023.

/s/ Zachary S. Lewis
Kim M. Jackson
Georgia Bar No. 387420
Zachary S. Lewis
Georgia Bar No. 689146
*Attorneys for Defendant*

Bovis, Kyle, Burch & Medlin, LLC
200 Ashford Center North, Suite 500
Atlanta, GA 30338-2668
Telephone: 770-391-9100
kjackson@boviskyle.com
zlewis@bovisklyle.com