State Court of Fulton County
**E-FILED**
23EV000258
1/13/2023 9:48 AM
Donald Talley, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **TERRY RADFORD** | * | |
| | * | |
| | * | **Civil Action Number:** |
| **Plaintiff,** | * | |
| | * | |
| **v.** | * | |
| | * | |
| **JB EXPRESS TRANSPORT, INC.,** | * | |
| **UNITED SPECIALTY INSURANCE** | * | |
| **COMPANY,** | * | |
| **IDALME IGLESIAS,** | * | |
| **JOHN DOE(S) 1-5, AND** | * | |
| **ABC CORPORATION(S) 1-5,** | * | **DEMAND FOR JURY TRIAL** |
| | * | |
| **Defendants.** | * | |

---

### PLAINTIFF'S COMPLAINT FOR PERSONAL INJURIES

COMES NOW Terry Radford (hereinafter referred to as "Plaintiff") by and through his Counsel of Record, and makes and files this Complaint for personal injuries against JB Express Transport, Inc., United Specialty Insurance Company, Idalme Iglesias, ABC Corporation(s) 1-5, and John Doe(s) 1-5 (hereinafter collectively "Defendants"), as follows:

### PARTIES, JURISDICTION, AND VENUE

1.

Plaintiff resides in the State of Georgia and submits himself to the jurisdiction and venue of this honorable court.

2.

Upon information and belief, Defendant JB Express Transport, Inc. (hereinafter "Defendant JB") is an unincorporated business headquartered at 4961 Shihmen Drive, Antioch, Davidson County, Tennessee 37013.

3.

Defendant JB transacts business in the state of Georgia and has regular business contacts in the state of Georgia.

4.

Upon information and belief, Defendant JB has its principal place of business at 4961 Shihmen Drive, Antioch, Davidson County, Tennessee 37013. Defendant JB may be served with a Summons, Complaint, Plaintiff's First Interrogatories to Defendant, Plaintiff's First Request for Production of Documents to Defendant and Notice to Produce, and Plaintiff's First Request for Admissions to Defendant by any lawful method.

5.

Defendant JB is a commercial motor carrier and owns and operates a tractor trailer that was involved in the crash forming the basis for this lawsuit.

6.

Defendant JB's United States Department of Transportation Number is 2844743.

7.

Defendant JB is subject to the jurisdiction of this Court.

8.

Venue is proper in this Court as to Defendant JB.

9.

Upon information and belief, Defendant Idalme Iglesias (hereinafter referred to as "Defendant Iglesias") resides at 4961 Shihmen Drive, Antioch, Davidson County, Tennessee 37013 and can be served with Summons, Complaint, Plaintiff's First Interrogatories to Defendant, Plaintiff's First Request for Production of Documents to Defendant and Notice to Produce, Plaintiff's First Request for Admissions to Defendant, and Plaintiff's First Notice of Deposition to Defendant by any lawful method.

10.

Defendant Iglesias is subject to the jurisdiction of this court.

11.

Defendant Iglesias is subject to the venue of this court.

12.

Defendant United Specialty Insurance Company (hereinafter referred to as "Defendant United") is a duly authorized Delaware corporation, with its principal place of business in the state of Texas, but transacts business in the state of Georgia and has regular business contacts in the state of Georgia.

13.

Defendant United provided a liability insurance policy on behalf of Defendant JB and Defendant Iglesias. Upon information and belief said policy was in effect on January 14, 2021.

14.

Service may be made upon Defendant United by serving its registered agent, C T Corporation System, located at 289 S Culver Street, Lawrenceville, Gwinnett County, Georgia 30046, or by any lawful method.

15.

Defendant United is subject to the jurisdiction of this Court pursuant to O.C.G.A. § 40-1-112 and O.C.G.A. § 40-2-140.

16.

Venue is proper in this Court as to Defendant United pursuant to O.C.G.A. § 40-1-112, O.C.G.A. § 14-5-510(b)(4), and O.C.G.A. § 33-4-1.

17.

Defendant Canal Insurance Company (hereinafter referred to as "Defendant Canal") is a duly authorized South Carolina corporation, with its principal place of business located in the state

of South Carolina, but transacts business in the state of Georgia and has regular business contacts in the state of Georgia.

18.

Defendant Canal provided a liability insurance policy on behalf of Defendant JB and Defendant Iglesias. Upon information and belief said policy was in effect on January 14, 2021.

19.

Service may be made upon Defendant Canal by serving its registered agent, Corporation Service Company, located at 2 Sun Court, Suite 400, Peachtree Corners, Gwinnett County, Georgia 30092, or by any lawful method.

20.

Defendant Canal is subject to the jurisdiction of this Court pursuant to O.C.G.A. § 40-1-112 and O.C.G.A. § 40-2-140.

21.

Venue is proper in this Court as to Defendant Canal pursuant to O.C.G.A. § 40-1-112, O.C.G.A. § 14-5-510(b)(4), and O.C.G.A. § 33-4-1.

22.

United Specialty Insurance Company (hereinafter referred to as "United UM") as Uninsured Underinsured Motorist Carrier is subject to the jurisdiction of this Court and may be served with a Summons and Complaint, Plaintiff's First Request for Production of Documents to United UM and Notice to Produce, Plaintiff's First Interrogatories to United UM, Plaintiff's First Request for Admissions to United UM, and Plaintiff's First Notice of Deposition to Defendant through their registered agent, C T Corporation System, located at 289 S Culver Street, Lawrenceville, Gwinnett County, Georgia 30046, or by any lawful method.

23.

Defendant ABC Corporation(s) 1-5 are unknown at this time.

4

24.

Defendants John Do(s) 1-5 are unknown at this time.

25.

Defendants are joint tortfeasors.

## **BACKGROUND**

26.

On or about January 14, 2021, around 4:25 PM, Plaintiff Terry Radford was operating a red 2020 Volvo 860 tractor trailer.

27.

Plaintiff's vehicle was traveling on Interstate-285 W approaching the on ramp with Interstate 85 in College Park, Fulton County, Georgia.

28.

At the same time and date, Defendant John Doe 1 was operating a white tractor trailer, owned by Defendant JB, driving on Interstate-285 directly beside the vehicle containing Plaintiff.

29.

Suddenly and without warning, the vehicle operated by Defendant John Doe 1 violently struck the driver-side of Plaintiff's vehicle on Interstate-285 (hereinafter "the Crash").

30.

Immediately after the aforesaid collision, Defendant John Doe 1 drove away from the scene of the collision.

31.

Immediately after the aforesaid collision, Defendant John Doe 1 failed to render aid to Plaintiff.

32.

Immediately after the aforesaid collision, Defendant John Doe 1 failed to provide his name, address, and registration number of his motor vehicle.

33.

Defendant John Doe 1 was driving under the influence of alcohol and/or illegal drugs at the time of the aforesaid collision.

34.

At all times relevant herein, Defendant John Doe 1 was an employee and/or agent of Defendant JB and operated the white tractor trailer in the course and scope of his agency with Defendant JB.

35.

Plaintiff suffered personal injuries and damages as a result of the Crash.

36.

At all relevant times, Plaintiff exercised due care for his safety.

## COUNT I: NEGLIGENCE

37.

Defendant John Doe 1 owed a duty of care to the motoring public in general, and to Plaintiff in particular, to operate in a reasonable and prudent manner and to adhere to the pertinent Rules of the Road for the State of Georgia.

38.

The Crash was directly and proximately caused by the negligence of Defendant John Doe 1.

39.

The Crash was directly and proximately caused by Defendant John Doe 1's negligence in

failing to maintain his lane and striking Plaintiff's vehicle.

40.

The Crash was directly and proximately caused by Defendant John Doe 1's negligence in failing to keep a proper lookout.

41.

The Crash was directly and proximately caused by Defendant John Doe 1's negligence in being distracted while driving.

42.

The Crash was directly and proximately caused by Defendant John Doe 1's negligence in driving too fast for conditions.

43.

Defendant John Doe 1's actions constituted negligence *per se* regarding applicable laws and standards including, but not limited to:

a) In failure to maintain his lane, in violation of O.C.G.A. § 40-6-48;

b) Failing to exercise due care by engaging in distracted driving in violation of O.C.G.A. 40-6-241;

c) Driving too fast for conditions in violation of O.C.G.A. 40-6-180;

d) Hit and Run in violation of O.C.G.A. § 40-6-270;

e) Failure to operate his motor vehicle in a safe and lawful manner;

f) Immediately prior to the aforesaid collision, Defendant John Doe 1 failed to take evasive action;

g) Immediately prior to the aforesaid collision, Defendant John Doe 1 failed to warn of the imminent collision;

h) Immediately prior to the aforesaid collision, Defendant John Doe 1 failed to keep a proper lookout; and

i)   And any and all acts of negligence which may be shown at trial.

44.

Plaintiff's personal injuries were directly and proximately caused by Defendant John Doe 1's negligence.

## COUNT II: RESPONDEAT SUPERIOR LIABILITY

45.

At the time of the Crash and all times relevant herein, Defendant John Doe 1 was under dispatch for Defendant JB.

46.

At the time of the Crash and all times relevant herein, Defendant John Doe 1 was operating his vehicle on behalf of Defendant JB.

47.

At the time of the Crash and all times relevant herein, Defendant John Doe 1 was operating within the course and scope of his employment with Defendant JB.

48.

Defendant JB is an interstate motor carrier, and pursuant to federal and state laws, is responsible for the actions of Defendant John Doe 1 with regard to the Crash under the doctrines of lease liability, agency, vicarious, and/or apparent liability agency.

## COUNT III: NEGLIGENT SUPERVISION AND TRAINING

49.

Prior to and including the date of the collision at issue, Defendant John Doe 1 customarily and upon Defendant JB direction and control operated a vehicle for the benefit of Defendant JB.

50.

It is foreseeable to Defendant JB that its drivers who follow too closely without exercising due care could cause automobile accidents and proximately cause injury to persons such as

Plaintiffs.

51.

Despite the foreseeability of injury to persons such as Plaintiff, Defendant JB failed to adequately train its drivers in safety.

52.

Defendant JB failed to properly investigate the incident as alleged herein.

53.

Defendant JB failed to properly train and supervise its employees in a breach of its duty owed to persons such as Plaintiff.

54.

Defendant JB's breach of duty constituted negligent supervision, and Plaintiff suffered injuries as a direct and proximate consequence of said negligence.

**COUNT IV: NEGLIGENT HIRING AND RETENTION**

55.

Defendant JB had a duty to use reasonable care to select an employee who was competent to perform the duties required as an employee or agent.

56.

Defendant JB knew, or should have known, that Defendant John Doe 1 was likely to operate a motor vehicle in a negligent manner and therefore fail to perform the duties required of his employment.

57.

As a direct result of Defendant JB's negligent hiring and retention of Defendant John Doe 1, Defendant John Doe 1 operated a vehicle owned by Defendant JB in a negligent manner, causing

Plaintiff to suffer injuries as a direct and proximate consequence of his negligence.

## COUNT V: NEGLIGENT ENTRUSTMENT

58.

The injuries suffered by Plaintiff is a result of Defendant John Doe 1's use of Defendant JB's vehicle in a reckless and negligent manner, which because of Defendant John Doe 1's inexperience and/or prior driving history, Defendant JB knew, or had reason to know, constituted an unreasonable risk of harm to others while operating a motor vehicle.

59.

Defendant JB as the employer of Defendant John Doe 1 and the owner of the vehicle driven by Defendant John Doe 1, had the right to permit or prohibit the use of the vehicle driven by Defendant John Doe 1.

60.

Defendant JB knew, or had reason to know that Defendant John Doe 1 was likely to drive this vehicle in a negligent manner.

61.

As a direct result of Defendant JB negligently entrusting Defendant John Doe 1, who operated said vehicle owned by Defendant JB in a negligent manner, the Plaintiff suffered injuries as a direct and proximate consequence of said negligence.

## COUNT VI: DIRECT ACTION

62.

Defendant United is subject to a direct action as the insurer for Defendant JB pursuant to O.C.G.A. § 40-1-112 and O.C.G.A. § 40-2-140.

63.

Defendant United was the insurer of Defendant JB at the time of the Crash and issued a

10

liability policy that affords coverage in this case.

64.

Defendant United and Defendant JB are subject to the filing requirements of O.C.G.A. § 40-1-112 and O.C.G.A. § 40-2-140.

65.

Defendant United is responsible for any judgment rendered against Defendant JB or Defendant John Doe 1.

## COUNT VII: GENERAL AND SPECIAL DAMAGES

66.

Each of the foregoing acts and omissions constitute an independent act of negligence on the part of Defendants and one or more or all above stated acts were the proximate causes of the injuries to Plaintiff.

67.

Defendants are jointly and severally liable for Plaintiff's injuries sustained, pain and suffering, cost of treatment and all other elements of damages allowed under the laws of the State of Georgia.

68.

But for the negligence of Defendants, Plaintiff would not have suffered injuries and damages that will be proven at trial.

69.

Defendants' actions evidence a species of bad faith, were and are stubbornly litigious, and have caused Plaintiff undue expense. Thus, Plaintiff is entitled to recover their necessary expense of litigation, including an award of reasonable attorney's fees and expenses required by this action, pursuant to O.C.G.A. § 13-6-11, as well as any other statutory or common law basis.

## COUNT VIII: PUNITIVE DAMAGES AGAINST DEFENDANTS
## JOHN DOE 1 AND JB

70.

Plaintiff is entitled to an award of punitive damages, without limitation or cap, because the Defendant John Doe 1, recklessly caused the Crash, caused a hit and run collision, failed to stop and render aid, and failed to provide his identifying information at the scene of the collision. His actions were willful, wanton, and showed an entire want of care which would raise the presumption of conscious indifference to consequences. Plaintiff is accordingly entitled to recover punitive damages, without limitation or cap, from Defendant John Doe 1 in accordance with the enlightened conscience of an impartial jury.

71.

Plaintiff is entitled to an award of punitive damages, without limitation or cap, because the Defendant John Doe 1 recklessly caused the Crash, caused a hit and run collision, failed to stop and render aid, and failed to provide his identifying information at the scene of the collision.  His actions were willful, wanton, and showed an entire want of care which would raise the presumption of conscious indifference to consequences. At all times relevant herein, Defendant John Doe 1 was acting within the course and scope of his employment with Defendant JB. Plaintiff is accordingly entitled to recover punitive damages, without limitation or cap, from Defendant JB in accordance with the enlightened conscience of an impartial jury.

72.

Plaintiff seeks to and is entitled to recover for:

    a)  Personal injuries;

    b)  Past, present, and future pain and suffering;

    c)  Mental anguish;

    d)  Loss of capacity for the enjoyment of life;

e) Past medical expenses in excess of **$8,116.05** to date;

f) Future medical expenses;

g) Economic losses;

h) Incidental expenses;

i) Lost earnings;

j) Loss of earning capacity;

k) Consequential damages to be proven at trial;

l) And punitive damages to be proven at trial.

## PRAYER FOR RELIEF

73.

WHEREFORE, Plaintiffs having set forth the facts and circumstances in support of this cause of action, respectfully requests to be GRANTED:

a) A trial by jury;

b) Compensatory damages in an amount to be determined at trial;

c) Punitive damages in an amount to be determined at trial;

d) Expenses of litigation including reasonable attorney fees; and

e) Such other relief as this Court may deem fair and reasonable.

This the 12th day of January, 2023.

Respectfully submitted,

MONGE & ASSOCIATES, LLC

/s/ Joseph A. Fleishman
Joseph A. Fleishman
Georgia State Bar No. 206803
Attorney for Plaintiff

13

8205 Dunwoody Place
Building 19
Atlanta, GA 30350
P: 678-579-0203
F: 678-579-0204
E: Joseph@monge.lawyer

State Court of Fulton County
**E-FILED**
23EV000258
1/19/2023 10:36 AM
Donald Talley, Clerk
Civil Division

GEORGIA, FULTON COUNTY

DO NOT WRITE IN THIS SPACE

**STATE COURT OF FULTON COUNTY**
Civil Division

CIVIL ACTION FILE #: 23EV000258

Terry Radford

_____

_____

Plaintiff's Name, Address, City, State, Zip Code

vs.

United Specialty Insurance Co.

289 S Culver Street

Lawrenceville   GA       30046

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [ ] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $ _____ |
| [ ] SPECIAL LIEN | |
| | ************ |
| [ ] NEW FILING | |
| [ ] RE-FILING:  PREVIOUS CASE NO. _____ | |

**SUMMONS**

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Joseph A. Fleishman, Esq.

Address: 8205 Dunwoody Place Building 19

City, State, Zip Code: Atlanta, Georgia 30350             Phone No.: 678-579-0203

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center  at 185 Central Ave., S.W., Ground Floor, Room TG300,  Atlanta, GA 30303.

Donald Talley, Chief Clerk (electronic signature)

_____

*SERVICE INFORMATION:*

Served, this _____ day of _____, 20_____.        _____
                                                                 DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:

We, the jury, find for _____

_____

This _____ day of _____, 20_____.     _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

State Court of Fulton County
**E-FILED**
23EV000258
1/19/2023 10:36 AM
Donald Talley, Clerk
Civil Division

GEORGIA, FULTON COUNTY

DO NOT WRITE IN THIS SPACE

**STATE COURT OF FULTON COUNTY**
Civil Division

CIVIL ACTION FILE #: 23EV000258

Terry Radford
_____

_____

_____

Plaintiff's Name, Address, City, State, Zip Code

vs.

United Specialty Insurance Co.
_____

289 S Culver Street
_____

Lawrenceville   GA      30046
_____

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [ ] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $ _____ |
| [ ] SPECIAL LIEN | |
| | ************ |
| [ ] NEW FILING | |
| [ ] RE-FILING:  PREVIOUS CASE NO. _____ | |

**SUMMONS**

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Joseph A. Fleishman, Esq.
_____

Address: 8205 Dunwoody Place Building 19
_____

City, State, Zip Code: Atlanta, Georgia 30350       Phone No.: 678-579-0203
_____

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center  at 185 Central Ave., S.W., Ground Floor, Room TG300,  Atlanta, GA 30303.

Donald Talley, Chief Clerk (electronic signature)

_____

***SERVICE INFORMATION:***

Served, this _____ day of _____, 20_____.

_____
DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

_____

This _____ day of _____, 20_____.    _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

State Court of Fulton County
**E-FILED**
23EV000258
1/19/2023 10:36 AM
Donald Talley, Clerk
Civil Division

GEORGIA, FULTON COUNTY

DO NOT WRITE IN THIS SPACE

**STATE COURT OF FULTON COUNTY**
Civil Division

CIVIL ACTION FILE #: 23EV000258

Terry Radford

_____

_____

Plaintiff's Name, Address, City, State, Zip Code

vs.

JB Express Transport, Inc.

4961 Shihmen Drive

Antioch        TN        37013

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [ ] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $_____ |
| [ ] SPECIAL LIEN | |
| | ************ |
| [ ] NEW FILING | |
| [ ] RE-FILING:  PREVIOUS CASE NO. _____ | |

### SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

  You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Joseph A. Fleishman, Esq.

Address: 8205 Dunwoody Place Building 19

City, State, Zip Code: Atlanta, Georgia 30350          Phone No.: 678-579-0203

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center  at 185 Central Ave., S.W., Ground Floor, Room TG300,  Atlanta, GA 30303.

Donald Talley, Chief Clerk (electronic signature)

_____

**SERVICE INFORMATION:**

Served, this _____ day of _____, 20_____.

_____

DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:

We, the jury, find for _____

_____

This _____ day of _____, 20_____.     _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

State Court of Fulton County
**E-FILED**
23EV000258
1/19/2023 10:36 AM
Donald Talley, Clerk
Civil Division

GEORGIA, FULTON COUNTY

DO NOT WRITE IN THIS SPACE

**STATE COURT OF FULTON COUNTY**
Civil Division

CIVIL ACTION FILE #: 23EV000258

Terry Radford

_____

_____

Plaintiff's Name, Address, City, State, Zip Code

vs.

Canal Insurance Company

2 Sun Court, Suite 400

Peachtree  Corners          GA          30092

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [ ] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $ _____ |
| [ ] SPECIAL LIEN | |
| | ************ |
| [ ] NEW FILING | |
| [ ] RE-FILING:  PREVIOUS CASE NO. _____ | |

### SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Joseph A. Fleishman, Esq.

Address: 8205 Dunwoody Place Building 19

City, State, Zip Code: Atlanta, GA 30350          Phone No.: 678-579-0203

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center  at 185 Central Ave., S.W., Ground Floor, Room TG300,  Atlanta, GA 30303.

Donald Talley, Chief Clerk (electronic signature)

*SERVICE INFORMATION:*

Served, this _____ day of _____, 20_____.

_____
DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:

We, the jury, find for _____

_____

This _____ day of _____, 20_____.    _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

State Court of Fulton County
**E-FILED**
23EV000258
1/19/2023 10:36 AM
Donald Talley, Clerk
Civil Division

GEORGIA, FULTON COUNTY

DO NOT WRITE IN THIS SPACE

**STATE COURT OF FULTON COUNTY**
Civil Division

CIVIL ACTION FILE #: _____

Terry Radford
_____
_____
_____
Plaintiff's Name, Address, City, State, Zip Code

vs.

Idalme Iglesias
4961 Shihmen Drive
Antioch          TN          37013
Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [ ] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $_____ |
| [ ] SPECIAL LIEN | |
| ************ | |
| [ ] NEW FILING | |
| [ ] RE-FILING:  PREVIOUS CASE NO. _____ | |

**SUMMONS**

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Joseph A. Fleishman, Esq.
Address: 8205 Dunwoody Place Building 19
City, State, Zip Code: Atlanta, Georgia 30350          Phone No.: 678-579-0203

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center  at 185 Central Ave., S.W., Ground Floor, Room TG300,  Atlanta, GA 30303.

Donald Talley, Chief Clerk (electronic signature)

_____

*SERVICE INFORMATION:*
Served, this _____ day of _____, 20_____.          _____
                                                                                                      DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____
_____

This _____ day of _____, 20_____.          _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

State Court of Fulton County
**E-FILED**
23EV000258
2/16/2023 5:05 PM
Donald Talley, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| Terry Radford, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | )   No. 23EV000258 |
| Canal Insurance Company | ) |
| JB Express Transport, Inc. | ) |
| United Specialty Insurance Company | ) |
| Idalme Iglesias | ) |
| John Does 1-5 and ABC Corps 1-5 | ) |
| Defendants. | ) |
| | ) |

## ANSWER OF CANAL INSURANCE COMPANY

Canal Insurance Company ("Canal") hereby answers the Complaint and shows the Court, the following:

## FIRST AFFIRMATIVE DEFENSE

Canal's obligations and potential liability, if any, in this case are limited by the case law interpreting the Georgia Direct Action Statutes. Thus, Canal asserts all available affirmative defenses based upon the doctrines of contractual liability to third parties, the impropriety of a double recovery, and lack of coverage under the insurance policy issued by Canal.

## SECOND AFFIRMATIVE DEFENSE

No act or omission of any defendant either proximately caused or contributed to whatever damage the Plaintiff may have sustained, if any, on account thereof, and Plaintiff is not entitled to recover any sum against Canal.

## THIRD AFFIRMATIVE DEFENSE

To the extent shown by discovery, Canal asserts the affirmative defenses set forth in O.C.G.A. § 9-11-8(c).

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint should be dismissed as it fails to properly plead facts upon which the Court's venue depends pursuant to O.C.G.A. 9-11-8(2).

## FIFTH AFFIRMATIVE DEFENSE

Canal denies that its policy provides coverage for the subject incident, and therefore it is an improper defendant for direct action and is not obligated for the liability asserted in the Complaint.

Canal, responding further, hereby answers the specific paragraphs of Plaintiff's Complaint, as follows:

## PARTIES JURISDICTION AND VENUE

### 1.

Canal lacks sufficient knowledge to admit or deny paragraph 1 of Plaintiff's Complaint. Therefore, the allegations contained in the paragraph are denied.

### 2.

Canal lacks sufficient knowledge to admit or deny paragraph 1 of Plaintiff's Complaint. Therefore, the allegations contained in the paragraph are denied.

### 3.

Canal lacks sufficient knowledge to admit or deny paragraph 3 of Plaintiff's Complaint. Therefore, the allegations contained in the paragraph are denied.

### 4.

Canal lacks sufficient knowledge to admit or deny paragraph 4 of Plaintiff's Complaint. Therefore, the allegations contained in the paragraph are denied.

### 5

Canal lacks sufficient knowledge to admit or deny paragraph 5 of Plaintiff's Complaint.

Therefore, the allegations contained in the paragraph are denied.

**6.**

Canal lacks sufficient knowledge to admit or deny paragraph 6 of Plaintiff's Complaint.

Therefore, the allegations contained in the paragraph are denied.

**7.**

Canal lacks sufficient knowledge to admit or deny paragraph 7 of Plaintiff's Complaint.

Therefore, the allegations contained in the paragraph are denied.

**8.**

Canal lacks sufficient knowledge to admit or deny paragraph 8 of Plaintiff's Complaint.

Therefore, the allegations contained in the paragraph are denied.

**9.**

Canal lacks sufficient knowledge to admit or deny paragraph 9 of Plaintiff's Complaint.

Therefore, the allegations contained in the paragraph are denied.

**10.**

Canal lacks sufficient knowledge to admit or deny paragraph 10 of Plaintiff's Complaint.

Therefore, the allegations contained in the paragraph are denied.

**11.**

Canal lacks sufficient knowledge to admit or deny paragraph 11 of Plaintiff's Complaint.

Therefore, the allegations contained in the paragraph are denied.

**12.**

Canal lacks sufficient knowledge to admit or deny paragraph 12 of Plaintiff's Complaint.

Therefore, the allegations contained in the paragraph are denied.

**13.**

Canal lacks sufficient knowledge to admit or deny paragraph 13 of Plaintiff's Complaint. Therefore, the allegations contained in the paragraph are denied.

**14.**

Canal lacks sufficient knowledge to admit or deny paragraph 14 of Plaintiff's Complaint. Therefore, the allegations contained in the paragraph are denied.

**15.**

Canal lacks sufficient knowledge to admit or deny paragraph 15 of Plaintiff's Complaint. Therefore, the allegations contained in the paragraph are denied.

**16.**

Canal lacks sufficient knowledge to admit or deny paragraph 16 of Plaintiff's Complaint. Therefore, the allegations contained in the paragraph are denied.

**17.**

Canal admits this paragraph of Plaintiff's Complaint.

**18.**

Canal admits only that: it provided a liability insurance policy to Defendant JB, that policy no. I-350723001-1 had not been cancelled on January 14, 2021, and that drivers of certain trucks owned by JB could—subject to the terms, conditions and exclusions of policy no. I-350723001-1—be entitled to coverage. The balance of the allegations contained in this paragraph of the Complaint are denied.

19.

Canal admits this paragraph of Plaintiff's Complaint.

20.

Canal lacks sufficient knowledge to admit or deny paragraph 20 of Plaintiff's Complaint.

Therefore, the allegations contained in the paragraph are denied.

21.

Canal lacks sufficient knowledge to admit or deny paragraph 21 of Plaintiff's Complaint.

Therefore, the allegations contained in the paragraph are denied.

22.

Canal lacks sufficient knowledge to admit or deny paragraph 22 of Plaintiff's Complaint.

Therefore, the allegations contained in the paragraph are denied.

23.

Canal lacks sufficient knowledge to admit or deny paragraph 23 of Plaintiff's Complaint.

Therefore, the allegations contained in the paragraph are denied.

24.

Canal lacks sufficient knowledge to admit or deny paragraph 24 of Plaintiff's Complaint.

Therefore, the allegations contained in the paragraph are denied.

25.

Denied.

## BACKGROUND

26.

Admitted.

27.

Canal lacks sufficient knowledge to admit or deny paragraph 27 of Plaintiff's Complaint.

Therefore, the allegations contained in the paragraph are denied.

28.

Canal lacks sufficient knowledge to admit or deny paragraph 28 of Plaintiff's Complaint.

Therefore, the allegations contained in the paragraph are denied.

29.

Canal lacks sufficient knowledge to admit or deny paragraph 29 of Plaintiff's Complaint.

Therefore, the allegations contained in the paragraph are denied.

30.

Canal lacks sufficient knowledge to admit or deny paragraph 30 of Plaintiff's Complaint.

31.

Canal lacks sufficient knowledge to admit or deny paragraph 31 of Plaintiff's Complaint.

32.

Canal lacks sufficient knowledge to admit or deny paragraph 32 of Plaintiff's Complaint.

33.

Canal lacks sufficient knowledge to admit or deny paragraph 33 of Plaintiff's Complaint.

34.

Canal lacks sufficient knowledge to admit or deny paragraph 34 of Plaintiff's Complaint.

35.

Canal lacks sufficient knowledge to admit or deny paragraph 35 of Plaintiff's Complaint.

Therefore, the allegations contained in the paragraph are denied.

36.

Canal lacks sufficient knowledge to admit or deny paragraph 36 of Plaintiff's Complaint.

## **COUNT I: NEGLIGENCE**

37.

The allegations of this Paragraph pertain to a separate party and not to Canal, so no

response is required. To the extent that a response is required, Canal lacks sufficient knowledge

to admit or deny paragraph 37 of Plaintiffs' Complaint. Therefore, the allegations contained in the paragraph are denied.

38.

The allegations of this Paragraph pertain to a separate party and not to Canal, so no response is required. To the extent that a response is required, Canal lacks sufficient knowledge to admit or deny paragraph 38 of Plaintiffs' Complaint. Therefore, the allegations contained in the paragraph are denied.

39.

The allegations of this Paragraph pertain to a separate party and not to Canal, so no response is required. To the extent that a response is required, Canal lacks sufficient knowledge to admit or deny paragraph 39 of Plaintiffs' Complaint. Therefore, the allegations contained in the paragraph are denied.

40.

The allegations of this Paragraph pertain to a separate party and not to Canal, so no response is required. To the extent that a response is required, Canal lacks sufficient knowledge to admit or deny paragraph 40 of Plaintiffs' Complaint. Therefore, the allegations contained in the paragraph are denied.

41.

The allegations of this Paragraph pertain to a separate party and not to Canal, so no response is required. To the extent that a response is required, Canal lacks sufficient knowledge to admit or deny paragraph 41 of Plaintiffs' Complaint. Therefore, the allegations contained in the paragraph are denied.

42.

The allegations of this Paragraph pertain to a separate party and not to Canal, so no response is required. To the extent that a response is required, Canal lacks sufficient knowledge to admit or deny paragraph 42 of Plaintiffs' Complaint. Therefore, the allegations contained in the paragraph are denied.

43.

The allegations of this Paragraph pertain to a separate party and not to Canal, so no response is required. To the extent that a response is required, Canal lacks sufficient knowledge to admit or deny paragraph 43 of Plaintiffs' Complaint. Therefore, the allegations contained in the paragraph are denied.

44.

The allegations of this Paragraph pertain to a separate party and not to Canal, so no response is required. To the extent that a response is required, Canal lacks sufficient knowledge to admit or deny paragraph 44 of Plaintiffs' Complaint. Therefore, the allegations contained in the paragraph are denied.

## COUNT II: RESPONDEAT SUPERIOR LIABILITY

45.

The allegations of this Paragraph pertain to a separate party and not to Canal, so no response is required. To the extent that a response is required, Canal lacks sufficient knowledge to admit or deny paragraph 45 of Plaintiffs' Complaint. Therefore, the allegations contained in the paragraph are denied.

46.

The allegations of this Paragraph pertain to a separate party and not to Canal, so no response is required. To the extent that a response is required, Canal lacks sufficient knowledge

to admit or deny paragraph 46 of Plaintiffs' Complaint. Therefore, the allegations contained in the paragraph are denied.

47.

The allegations of this Paragraph pertain to a separate party and not to Canal, so no response is required. To the extent that a response is required, Canal lacks sufficient knowledge to admit or deny paragraph 47 of Plaintiffs' Complaint. Therefore, the allegations contained in the paragraph are denied.

48.

The allegations of this Paragraph pertain to a separate party and not to Canal, so no response is required. To the extent that a response is required, Canal lacks sufficient knowledge to admit or deny paragraph 48 of Plaintiffs' Complaint. Therefore, the allegations contained in the paragraph are denied.

## COUNT III: NEGLIGENT SUPERVISION AND TRAINING

49.

The allegations of this Paragraph pertain to a separate party and not to Canal, so no response is required. To the extent that a response is required, Canal lacks sufficient knowledge to admit or deny paragraph 49 of Plaintiffs' Complaint. Therefore, the allegations contained in the paragraph are denied.

50.

The allegations of this Paragraph pertain to a separate party and not to Canal, so no response is required.

51.

The allegations of this Paragraph pertain to a separate party and not to Canal, so no

response is required. To the extent that a response is required, Canal lacks sufficient knowledge to admit or deny paragraph 51 of Plaintiffs' Complaint. Therefore, the allegations contained in the paragraph are denied.

51.

52.

The allegations of this Paragraph pertain to a separate party and not to Canal, so no response is required. To the extent that a response is required, Canal lacks sufficient knowledge to admit or deny paragraph 52 of Plaintiffs' Complaint. Therefore, the allegations contained in the paragraph are denied.

53.

The allegations of this Paragraph pertain to a separate party and not to Canal, so no response is required. To the extent that a response is required, Canal lacks sufficient knowledge to admit or deny paragraph 53 of Plaintiffs' Complaint. Therefore, the allegations contained in the paragraph are denied.

54.

The allegations of this Paragraph pertain to a separate party and not to Canal, so no response is required. To the extent that a response is required, Canal lacks sufficient knowledge to admit or deny paragraph 54 of Plaintiffs' Complaint. Therefore, the allegations contained in the paragraph are denied.

## COUNT IV: NEGLIGENT HIRING AND RETENTION

55.

The allegations of this Paragraph pertain to a separate party and not to Canal, so no response is required.

56.

The allegations of this Paragraph pertain to a separate party and not to Canal, so no response is required. To the extent that a response is required, Canal lacks sufficient knowledge to admit or deny paragraph 56 of Plaintiffs' Complaint. Therefore, the allegations contained in the paragraph are denied.

57.

The allegations of this Paragraph pertain to a separate party and not to Canal, so no response is required. To the extent that a response is required, Canal lacks sufficient knowledge to admit or deny paragraph 57 of Plaintiffs' Complaint. Therefore, the allegations contained in the paragraph are denied.

## COUNT V: NEGLIGENT ENTRUSTMENT

58.

The allegations of this Paragraph pertain to a separate party and not to Canal, so no response is required. To the extent that a response is required, Canal lacks sufficient knowledge to admit or deny paragraph 58 of Plaintiffs' Complaint. Therefore, the allegations contained in the paragraph are denied.

59.

The allegations of this Paragraph pertain to a separate party and not to Canal, so no response is required. To the extent that a response is required, Canal lacks sufficient knowledge to admit or deny paragraph 59 of Plaintiffs' Complaint. Therefore, the allegations contained in the paragraph are denied.

60.

The allegations of this Paragraph pertain to a separate party and not to Canal, so no response is required. To the extent that a response is required, Canal lacks sufficient knowledge

to admit or deny paragraph 60 of Plaintiffs' Complaint. Therefore, the allegations contained in the paragraph are denied.

61.

The allegations of this Paragraph pertain to a separate party and not to Canal, so no response is required. To the extent that a response is required, Canal lacks sufficient knowledge to admit or deny paragraph 61 of Plaintiffs' Complaint. Therefore, the allegations contained in the paragraph are denied.

## COUNT VI: DIRECT ACTION

62.

The allegations of this Paragraph pertain to a separate party and not to Canal, so no response is required. To the extent that a response is required, Canal lacks sufficient knowledge to admit or deny paragraph 62 of Plaintiffs' Complaint. Therefore, the allegations contained in the paragraph are denied.

63.

The allegations of this Paragraph pertain to a separate party and not to Canal, so no response is required. To the extent that a response is required, Canal lacks sufficient knowledge to admit or deny paragraph 63 of Plaintiffs' Complaint. Therefore, the allegations contained in the paragraph are denied.

64.

The allegations of this Paragraph pertain to a separate party and not to Canal, so no response is required. To the extent that a response is required, Canal lacks sufficient knowledge to admit or deny paragraph 64 of Plaintiffs' Complaint. Therefore, the allegations contained in the paragraph are denied.

65.

The allegations of this Paragraph pertain to a separate party and not to Canal, so no response is required. To the extent that a response is required, Canal lacks sufficient knowledge to admit or deny paragraph 65 of Plaintiffs' Complaint. Therefore, the allegations contained in the paragraph are denied.

## COUNT VII: GENERAL AND SPECIAL DAMAGES

66.

The allegations of this Paragraph principally pertain to separate parties and not to Canal, so no response is required. Regarding the allegations against Canal, denied.

67.

The allegations of this Paragraph principally pertain to separate parties and not to Canal, so no response is required. Regarding the allegations against Canal, denied.

68.

The allegations of this Paragraph principally pertain to separate parties and not to Canal, so no response is required. Regarding the allegations against Canal, denied.

69.

The allegations of this Paragraph principally pertain to separate parties and not to Canal, so no response is required. Regarding the allegations against Canal, denied.

## COUNT VIII: PUNITIVE DAMAGES AGAINST DEFENDANTS JOHN DOE 1 AND JB

70.

The allegations of this Paragraph pertain to a separate party and not to Canal, so no response is required. To the extent that a response is required, Canal lacks sufficient knowledge to admit or deny paragraph 70 of Plaintiffs' Complaint. Therefore, the allegations contained in

the paragraph are denied.

71.

The allegations of this Paragraph pertain to a separate party and not to Canal, so no response is required. To the extent that a response is required, Canal lacks sufficient knowledge to admit or deny paragraph 71 of Plaintiffs' Complaint. Therefore, the allegations contained in the paragraph are denied.

72.

The allegations of this Paragraph pertain to a separate party and not to Canal, so no response is required. To the extent that a response is required, Canal lacks sufficient knowledge to admit or deny paragraph 72 of Plaintiffs' Complaint. Therefore, the allegations contained in the paragraph are denied.

73.

Denied as to Canal.

## CANAL'S REQUESTS TRIAL BY A JURY OF TWELVE JURORS ON ALL ISSUES NOT SUBJECT TO SUMMARY ADJUDICATION

Having fully answered, Canal prays that it be discharged from all liability, and also requests a trial by a jury of twelve for all issues not subject to summary adjudication.

Respectfully submitted this 16th day of February, 2023.

/s/ Zachary S. Lewis

_____

Kim M. Jackson
Georgia Bar No. 387420
Zachary S. Lewis
Georgia Bar No. 689146
*Attorneys for Defendant*

Bovis, Kyle, Burch & Medlin, LLC
200 Ashford Center North, Suite 500
Atlanta,  GA  30338-2668
Telephone:  770-391-9100
kjackson@boviskyle.com
zlewis@bovisklyle.com

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| Terry Radford, | ) |
| | ) |
|         Plaintiff, | ) |
| v. | ) |
| | )    No. 23EV000012 |
| Canal Insurance Company | ) |
| JB Express Transport, Inc. | ) |
| United Specialty Insurance Company | ) |
| Idalme Iglesias | ) |
| John Does 1-5 and ABC Corps 1-5 | ) |
|         Defendants. | ) |
| | ) |

**CERTIFICATE OF SERVICE**

    I hereby certify that I have served all counsel of record via the Court's electronic filing system with the foregoing pleading.

    Respectfully submitted this 16th day of February, 2023.

                         /s/ Zachary S. Lewis
                         Kim M. Jackson
                         Georgia Bar No. 387420
                         Zachary S. Lewis
                         Georgia Bar No. 689146
                         *Attorney for Defendant*

Bovis, Kyle, Burch & Medlin, LLC
200 Ashford Center North, Suite 500
Atlanta,  GA  30338-2668
Telephone:  770-391-9100
kjackson@boviskyle.com
zlewis@bovisklyle.com

**State Court of Fulton County**
**\*\*E-FILED\*\***
23EV000258
1/19/2023 10:36 AM
Donald Talley, Clerk
Civil Division

GEORGIA, FULTON COUNTY

DO NOT WRITE IN THIS SPACE

STATE COURT OF FULTON COUNTY
Civil Division

CIVIL ACTION FILE #: ___23EV000258_____

Terry Radford
_____
_____
_____

Plaintiff's Name, Address, City, State, Zip Code

vs.

United Specialty Insurance Co.
_____
289 S Culver Street
_____
        Lawrenceville   GA        30046
_____

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [ ] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $_____ |
| [ ] SPECIAL LIEN | |
| | ************ |
| [ ] NEW FILING | |
| [ ] RE-FILING: PREVIOUS CASE NO. _____ | |

## SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

  You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: _Joseph A. Fleishman, Esq._____

Address: _8205 Dunwoody Place Building 19_____

City, State, Zip Code: _Atlanta, Georgia 30350_____        Phone No.:_678-579-0203_____

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center  at 185 Central Ave., S.W., Ground Floor, Room TG300,  Atlanta, GA 30303.

**Donald Talley**, Chief Clerk (electronic signature)

_____

*SERVICE INFORMATION:*

Served, this _____ day of _____, 20_____.        _____

                                                                                                DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:

We, the jury, find for _____

_____

This _____ day of _____, 20_____.        _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

**State Court of Fulton County**
**\*\*E-FILED\*\***
23EV000258
1/19/2023 10:36 AM
Donald Talley, Clerk
Civil Division

GEORGIA, FULTON COUNTY

DO NOT WRITE IN THIS SPACE

STATE COURT OF FULTON COUNTY
Civil Division

CIVIL ACTION FILE #: ___23EV000258_____

Terry Radford
_____
_____
_____
Plaintiff's Name, Address, City, State, Zip Code

vs.

United Specialty Insurance Co. _____
289 S Culver Street _____
        Lawrenceville   GA        30046
Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [ ] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $ _____ |
| [ ] SPECIAL LIEN | |
| | ************ |
| [ ] NEW FILING | |
| [ ] RE-FILING:  PREVIOUS CASE NO. _____ | |

## SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

 You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: __Joseph A. Fleishman, Esq._____

Address: __8205 Dunwoody Place Building 19_____

City, State, Zip Code: __Atlanta, Georgia 30350_____     Phone No.:__678-579-0203_____

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center  at 185 Central Ave., S.W., Ground Floor, Room TG300,  Atlanta, GA 30303.

**Donald Talley**, Chief Clerk (electronic signature)

_____

*SERVICE INFORMATION:*
 Served, this _____ day of _____, 20_____.     _____
                                                                                                    DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____
_____
This _____ day of _____, 20_____.     _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

State Court of Fulton County
**E-FILED**
23EV000258
1/19/2023 10:36 AM
Donald Talley, Clerk
Civil Division

GEORGIA, FULTON COUNTY

DO NOT WRITE IN THIS SPACE

STATE COURT OF FULTON COUNTY
Civil Division

CIVIL ACTION FILE #: 23EV000258

Terry Radford
_____

_____

_____

Plaintiff's Name, Address, City, State, Zip Code

vs.

United Specialty Insurance Co.
_____

289 S Culver Street
_____

Lawrenceville   GA      30046
_____

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [ ] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $ _____ |
| [ ] SPECIAL LIEN | |
| | ************ |
| [ ] NEW FILING | |
| [ ] RE-FILING: PREVIOUS CASE NO. _____ | |

## SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Joseph A. Fleishman, Esq.

Address: 8205 Dunwoody Place Building 19

City, State, Zip Code: Atlanta, Georgia 30350       Phone No.: 678-579-0203

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center at 185 Central Ave., S.W., Ground Floor, Room TG300, Atlanta, GA 30303.

**Donald Talley**, Chief Clerk (electronic signature)

_____

*SERVICE INFORMATION:*

Served, this _____ day of _____, 20_____.     _____

DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:

We, the jury, find for _____

_____

This _____ day of _____, 20_____.     _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

State Court of Fulton County
**E-FILED**
23EV000258
1/19/2023 10:36 AM
Donald Talley, Clerk
Civil Division

GEORGIA, FULTON COUNTY

DO NOT WRITE IN THIS SPACE

STATE COURT OF FULTON COUNTY
Civil Division

CIVIL ACTION FILE #: 23EV000258

Terry Radford

_____

_____

Plaintiff's Name, Address, City, State, Zip Code

vs.

United Specialty Insurance Co.

289 S Culver Street

Lawrenceville   GA      30046

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [ ] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $_____ |
| [ ] SPECIAL LIEN | |
| | ************ |
| [ ] NEW FILING | |
| [ ] RE-FILING: PREVIOUS CASE NO. _____ | |

## SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Joseph A. Fleishman, Esq.

Address: 8205 Dunwoody Place Building 19

City, State, Zip Code: Atlanta, Georgia 30350      Phone No.: 678-579-0203

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center at 185 Central Ave., S.W., Ground Floor, Room TG300, Atlanta, GA 30303.

Donald Talley, Chief Clerk (electronic signature)

_____

*SERVICE INFORMATION:*

Served, this _____ day of _____, 20_____.      _____

DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

_____

This _____ day of _____, 20_____.      _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

State Court of Fulton County
**E-FILED**
23EV000258
2/17/2023 3:48 PM
Donald Talley, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| Terry Radford, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| Canal Insurance Company | ) |
| JB Express Transport, Inc. | ) |
| United Specialty Insurance Company | ) |
| Idalme Iglesias | ) |
| John Does 1-5 and ABC Corps 1-5 | ) |
| Defendants. | ) |
| | ) |

No. 23EV000258

### NOTICE OF REMOVAL OF CANAL INSURANCE COMPANY

Canal Insurance Company ("Canal") hereby files this notice of its intention to remove this state-court proceeding to the United States District Court for the Northern District of Georgia.

Respectfully submitted this 17th day of February, 2023.

/s/ Zachary S. Lewis
_____

Kim M. Jackson
Georgia Bar No. 387420
Zachary S. Lewis
Georgia Bar No. 689146
*Attorneys for Defendant*

Bovis, Kyle, Burch & Medlin, LLC
200 Ashford Center North, Suite 500
Atlanta, GA 30338-2668
Telephone: 770-391-9100
kjackson@boviskyle.com
zlewis@bovisklyle.com

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| Terry Radford, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | No. 23EV000012 |
| Canal Insurance Company | ) | |
| JB Express Transport, Inc. | ) | |
| United Specialty Insurance Company | ) | |
| Idalme Iglesias | ) | |
| John Does 1-5 and ABC Corps 1-5 | ) | |
| Defendants. | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I have served all counsel of record via the Court's electronic filing system with the foregoing pleading.

Respectfully submitted this 17th day of February, 2023.

/s/ Zachary S. Lewis
Kim M. Jackson
Georgia Bar No. 387420
Zachary S. Lewis
Georgia Bar No. 689146
*Attorney for Defendant*

Bovis, Kyle, Burch & Medlin, LLC
200 Ashford Center North, Suite 500
Atlanta, GA 30338-2668
Telephone: 770-391-9100
kjackson@boviskyle.com
zlewis@bovisklyle.com