# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **VERNON KING,** | : |
| **Plaintiff,** | : Case No.: |
| vs. | : |
| | : **Demand for Jury Trial** |
| **AUTO MAX CORPORATION** | : |
| **I & A AUTO SALES** | : |
| **Defendants.** | : |

## COMPLAINT FOR DAMAGES

COMES NOW, VERNON KING, Plaintiff in the above-style case and files this Complaint for Damages against AUTO MAX CORPORATION and I& A AUTO SALES, INC. in support thereof states as follows in support of this lawsuit:

1.

This is an action for personal injury damages arising out of an incident that occurred on September 21, 2021.

## PARTIES AND JURISDICTION

2.

The Plaintiff, Vernon King, is a citizen of the State of Georgia and is a resident at 3661 Casual Ridge Way, Loganville, Georgia.

3.

1

Defendant, Auto Max Corporation is a Domestic corporation and is incorporated in Charlotte, NC, and may be served through the Non-Resident Motorist Act pursuant to O.C.G.A. § 40-12-2 by delivering via statutory overnight delivery with Complaint and Summons to Registered Agent, Nikola Stassenko at 3220 E. Independence Blvd, Charlotte, NC 28205. Once served with process as described in this paragraph, Defendant, Auto Max Corporation will be subject to the jurisdiction and venue of this Court.

4.

The Defendant, I & A Auto Sales, Inc. is a Domestic corporation incorporated in Philadelphia, PA and may be served through the Non-Resident Motorist Act pursuant to O.C.G.A. § 40-12-2 by delivering via statutory overnight delivery with Complaint and Summons to Registered Agent and Owner is Irina Khodzhayev at 4926 Arendell Ave., Philadelphia, PA 19114.  Once served with process as described in this paragraph, Defendant, I & A Auto Sales, Inc. will be subject to the jurisdiction and venue of this Court.

5.

Upon information and belief, The Defendants are subject to this Court's personal jurisdiction pursuant to 28 US Code 1391 (e)(1).

6.

At all times mentioned herein, Defendants either independently or jointly owned, operated, controlled, and/or managed the 2012 Ford F250 truck in question. The vin number2012 Ford F250 involved in the incident was 1FTBF2A69BEC80903.

7.

The amount in controversy in this action exceeds the sum of $75,000.00 exclusive of interest and costs.

**STATEMENT OF THE FACTS**

8.

On September 10, 2021, Plaintiff, Mr. Vernon King was delivering a 2012 Ford F-250 at the YMCA he was the owner of Freeman Logistics, Inc. After he unsecured the truck from his carrier, he was seating in the truck and released the emergency brakes. Once the emergency brakes were released the truck began to roll down the ramp. Mr. King was thrown from the truck which rolled over the lower half of his body. The police and EMT arrived at the scene, and Mr. King was transported to Jefferson hospital via ambulance. Mr. King was advised by Auto Max Corporation that the condition of Ford F-250 was operable and therefore Mr. King had no reason to suspect that the vehicle was inoperable.

The Ford F-250 was owned by Irina Khodzhayev, the president and registered agent of I & A Auto Sales, Inc. who purchased the vehicle from an auction, Atlanta South, 1930 Rex Road, Lake City, Georgia-30260 on September

3

1, 2021, and was aware of the Ford F-250 condition. She then contracted with Auto Max Corporation to find a carrier to transport the vehicle, which was Freeman Logistic, Inc. owned by Mr. King. In the dispatch sheet received from Auto Max, it stated that the Ford F-250 was operable. **(See Exhibit "A", Dispatch Report).**

9.

Mr. King was in unbearable pain at the scene of the incident and was transported immediately to Jefferson Hospital Emergency Department. His chief complaint was pain in both legs, right foot, left ankle, neck and lower back. Mr. King was diagnosed with**.** He had to have surgery immediately on his left ankle, **Open reduction internal fixation ankle**. He had to have a steel plate implanted in his left ankle. He received 20 screws in his ankle called a **Kit Arthroscopic fixation Fibulink Stainless steel Syndesmosis Repair.** Upon being discharged a few days later, Mr. King was told to follow up with his primary care physician and a physical therapist for treatment to his injuries. Mr. King had to get around by scoter after the surgery for six months.

After returning home, Mr. King was still in pain and recovering from ankle surgery and was seen at Spine Center & Affiliates on October 10, 202. His chief complaint was lower back, right foot, left leg pain, and neck pain. He was diagnosed with **Neck pain, Low back pain, Right foot pain, Left leg pain, Right leg pain.** He was advised to have MRIs done as ordered and was prescribed

**Xanax 1 mg, acetaminophen 300mg-codeine 30 mg tablets, methocarbamol 500 mg.**

On March 29, 2022, Mr. King had an MRI done at American Health Imaging on his lumbar spine and his right ankle. Imaging on the lumbar spine revealed **Mild disc degeneration is present at T11-12, L2-3, and L3-4 with mild to moderate changes at L4-5. The Conus medullaris ends at L1-2 and is unremarkable. A disc bulge causes partial effacement of the inferior foraminal fat bilaterally at L2-3. Early bilateral facet is present. L3-4 A disc bulge and mild spondylosis causes partial effacement of the inferior foraminal fat on the right. Mild spondylosis and a wide disc herniation cause mild lateral recess and foraminal stenosis in the left. The L3 nerve root may be irritated. A wide posterior, left sided disc herniation at L4-5 has an appearance consistent with recent development and may irritate or partially impinge upon the proximal L5 nerve root within the spinal canal.**

The imaging of his right ankle revealed, **early degenerative changes involve multiple joints within the midfoot. Subarticular marrow edema is present involving the medial weight bearing aspect of the distal tibia and the adjacent medial malleolus, suggesting reactive changes developing degenerative joint disease. A small of joint fluid was present. Diffuse enlargement and heterogenous signal of the Achilles tendon is present.**

On May 9, 2022, Mr. king went back to the spine center & affiliates for pain associated with his left ankle. The X-ray showed that Mr. King fracture has healed, and the hardware was well in placed. He was advised that if he has symptoms consistent with the hardware irritation, he may need the hardware removed. If the pain become more frequent Mr. King was advised that he would be a good candidate for therapy, injection, or surgical intervention and to follow up with orthopedics as needed.

10.

As a result of this incident, Mr. King has suffered and continues to suffer needless pain and suffering.

Solely as a result of the injuries stated herein, the Plaintiff has incurred damages including:

| | | |
|---|---|---|
| **Abington Memorial Hospital** | 09-10-12-2021 | $61,799.00 |
| **Spine Center Affiliates** | 10-11-21&05-09-22 | $1,786.00 |
| **American Health Imaging** | 03-29-22 | $2, 700.00 |
| **Second Alarmer's Rescue** | 09/10/2021 | $1,973.00 |

**Totals.......................................................................................$68,258.00**

**Loss Wages for 17 months, which continues.........................$344,982.00**

**Grand Total without pain and suffering and future meds...$433,533.00**

# COUNT I
## CLAIMS-NEGLIGENCE OF AUTO MAX CORPORATION

Plaintiff incorporates herein by reference the allegations of the previous paragraphs of this Complaint as if each were fully set forth herein in their entirety.

11.

At all times material hereto, Defendant Auto Max was also subject to corporate safety standards and trucking industry standards, the violation of which is evidence of negligence.

12.

Defendant was negligent in providing misinformation on the Dispatch report that stated the truck being transported was operable when in fact it was inoperable, which resulted in the Plaintiff not using a winch to unload the truck from the carrier.

13.

In Georgia, a tort is the unlawful violation of a private legal right other than a mere breach of contract, express or implied. A tort may also be the violation of a public duty if, as a result of the violation, some special damage accrues to the individual.

14.

There are certain classes of contracts which create a relation from which the law implies duties, a breach of which will constitute a tort, and in such cases an injured party may sue either for breach of the contract or in tort for breach of the implied duty. This rule applies in certain contractual relations between principal

and agent, bailor and bailee, attorney and client, physician and patient, carrier and passenger or shipper, master and servant, and similar well-recognized relations; but it is not every contractual relation which involves a public duty, the breach of which will support an action in tort. **American Oil Co. v. Roper, 64 Ga. App. 743, 14 S.E.2d 145 (1941).**

There is no bar to bringing a tort action for the violation of a duty flowing from relations between the parties which were created by contract. **City of Douglas v. Johnson, 157 Ga. App. 618, 278 S.E.2d 160 (1981).**

15.

The Defendant, Auto Max had a duty to inform the Plaintiff that he was delivering an inoperable truck, which he violated and is negligent of his duty.

16.

The Defendant Auto Max has other failures as set out in the Federal Motor Carrier Safety Regulations, as adopted by the Georgia Department of Transportation Safety Rules & Regulations, and pursuant to O.C.G.A. §§ 47-7-1 et se.

17.

Based upon information and belief, the Defendant was involved in double brokering which is illegal and a violation of 49 U.S. Code § 14916.

## **COUNT II**

## **CLAIMS-NEGLIGENCE OF I & A AUTO SALES**

Plaintiff incorporates herein by reference the allegations of the previous paragraphs of this Complaint as if each were fully set forth herein in their entirety.

18.

At all times material hereto, Defendant I & A Auto Sales, Inc. was also subject to corporate safety standards and trucking industry standards, the violation of which is evidence of negligence.

19.

Defendant was negligent in providing misinformation on the Dispatch report that stated the truck being transported was operable when in fact it was inoperable, which resulted in the Plaintiff not using a winch to unload the truck from the carrier.

20.

In Georgia, a tort is the unlawful violation of a private legal right other than a mere breach of contract, express or implied. A tort may also be the violation of a public duty if, as a result of the violation, some special damage accrues to the individual.

21.

There are certain classes of contracts which create a relation from which the law implies duties, a breach of which will constitute a tort, and in such cases an

injured party may sue either for breach of the contract or in tort for breach of the implied duty. This rule applies in certain contractual relations between principal and agent, bailor and bailee, attorney and client, physician and patient, carrier and passenger or shipper, master and servant, and similar well-recognized relations; but it is not every contractual relation which involves a public duty, the breach of which will support an action in tort. **American Oil Co. v. Roper, 64 Ga. App. 743, 14 S.E.2d 145 (1941).**

There is no bar to bringing a tort action for the violation of a duty flowing from relations between the parties which were created by contract. **City of Douglas v. Johnson, 157 Ga. App. 618, 278 S.E.2d 160 (1981).**

22.

The Defendant, I & A Auto Sales had a duty to inform the Plaintiff that he was delivering an inoperable truck, which he violated and is negligent of his duty.

23.

The Defendant I & A Auto Sales has other failures as set out in the Federal Motor Carrier Safety Regulations, as adopted by the Georgia Department of Transportation Safety Rules & Regulations, and pursuant to O.C.G.A. §§ 47-7-1 et se.

24.

Based upon information and belief, the Defendant was involved in double brokering which is illegal and a violation of 49 U.S. Code § 14916.

25.

The Defendant is vicariously negligence for the actions of Defendant Auto Max.

26.

The Defendant as owner and purchaser of the truck in question, should have known that the truck was inoperable and is negligent for the misinformation on the Dispatch Report.

27.

As a direct and proximate cause of the negligence of Defendants, Auto Max and I & A Auto Sales, Inc. Plaintiff is entitled to recover for the injuries sustained including loss wages, pain and suffering and future medicals as permitted under Georgia law.

**WHEREFORE,** Plaintiff prays that the following relief be granted:

(a)   A trial by jury;

(b)   For Summons and Complaint to issue against the Defendants;

(c)   For judgment against the Defendants, jointly and severally, to compensate Plaintiff for his pain and suffering, past, present, and future;

(d) For judgment against the Defendants, jointly and severally, in an amount to fully compensate the Plaintiff and for pain and suffering;

(e) For all such other economic and non-economic loses as may be shown at the trial of this matter to the full extent allowed under law;

(f) That Plaintiff obtains judgment against the Defendants in an amount determined to be fair and reasonable in the minds of a fair and impartial jury;

(h) Court costs, discretionary costs, and prejudgment interest; and

(i) For all such further and general relief which this Court deems just and proper.

Respectfully submitted, this 17th February 2023.

GREASON & ASSOCIATES, PC
/s/ James O. Greason
James O. Greason
Georgia State Bar No.: 306660
*Attorney for Plaintiff*

5300 Memorial Dr., Suite 140
Stone Mountain, GA 30083
(404) 297-9878
(404) 297-9879 *Fax*
jamesgreasonlaw@att.net