**EXHIBIT A**

Control Number : SOP-23024507

# STATE OF GEORGIA
## Secretary of State
### Corporations Division
**313 West Tower**
**2 Martin Luther King, Jr. Dr.**
**Atlanta, Georgia 30334-1530**

## CERTIFICATE OF ACKNOWLEDGEMENT

I, Brad Raffensperger, Secretary of State of the State of Georgia, do hereby certify under the seal of my office that copies of legal documents regarding service of process upon:

### Paul Zacherie Lamoreaux

have been filed with the Secretary of State on 01/31/2023 pursuant to O.C.G.A. § 40-12-2 relating to the following matter:

Case: Tiffany Gore v. Paul Zacherie Lamoreaux
Court: Dekalb State County Court
Civil Action No.: 22A03975

Witness my hand and official seal in the City of Atlanta and the State of Georgia on 02/02/2023.



Brad Raffensperger
Secretary of State

**SERVICE OF PROCESS**

*Electronically Filed*
Secretary of State
Filing Date: 1/31/2023 5:49:20 PM

| FILING INFORMATION | |
|---|---|
| Filing Type | : Service of Process |
| Control Number | : SOP-23024507 |

| DEFENDANT INFORMATION | |
|---|---|

The name of the business entity or individual (the "defendant") for which the Secretary of State is being served as statutory agent is as follows:

| | |
|---|---|
| Defendant Type | : Individual |
| Defendant's Name | : Paul Zacherie Lamoreaux |
| Defendant's Address Where Service Attempted and/or Forwarded | : 1960 Aspen Lane, Glendale Heights, IL, 90139, USA |

| STATUTORY AUTHORITY | |
|---|---|

Service is being made on the Secretary of State pursuant to the following O.C.G.A. section:

O.C.G.A. § 40-12-2

| CASE INFORMATION | |
|---|---|

The service of process filing relates to the following proceeding:

| | |
|---|---|
| Name of Plaintiff | : Tiffany Gore |
| Style of Proceeding | : Tiffany Gore v. Paul Zacharies Lamoreaux |
| Civil Action Number | : 22A03975 |
| Court | : Dekalb State County Court |

| SERVICE OF PROCESS DOCUMENTS | |
|---|---|

See attached document(s).

| FILER's INFORMATION | |
|---|---|
| Filer Type | : Individual |
| Name | : Kermani LLP |
| Address | : 1718 Peachtree Streety Northwest, Suite 489, Atlanta, GA, 30309, USA |

| AUTHORIZER INFORMATION | |
|---|---|
| Authorizer Name | : Kermani LLP |

## IN THE STATE COURT OF DEKALB COUNTY

## GEORGIA STATE COURT

|  |  |
|---|---|
| TIFFANY GORE, an Individual, | ) ) ) ) **CIVIL CASE NO.: 22A03975** ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| PAUL ZACHARIE LAMOREAUX an Individual, WHEATON VAN LINES, INC., an Indiana Corporation, DBA, WHEATON WORLD WIDE MOVING, and BREDA MOVING COMPANY, INC., | ) ) ) ) ) **JURY TRIAL DEMANDED** |
| Defendants |  |

## <u>PLAINTIFF'S AFFIDAVIT OF COMPLIANCE FOR SERVICE OF PROCESS UPON NON-RESIDENT MOTORISTS</u>

I, RAMIN KERMANINEJAD, the undersigned, am the attorney who represents TIFFANY

GORE (**Plaintiff**) in the case:

### TIFFANY GORE, an Individual

### Plaintiff,

### v.

**PAUL ZACHARIE LAMOREAUX an Individual,  WHEATON VAN LINES, INC., an Indiana Corporation, DBA, WHEATON WORLD WIDE MOVING, and BREDA MOVING COMPANY, INC.,**

### Defendants,

### CIVIL ACTION NUMBER 22A03975.

I do hereby certify that, in accordance with OCGA §40-12-02, I have forwarded by registered or

certified mail notice of the service of the above case along with the copy of the complaint, first amended

complaint, summons, and notice of process to the Defendant, PAUL ZACHARIE LAMOREAUX , his

attorneys, and his insurance adjuster, at the following addresses:

PAUL ZACHARIES LAMOREAUX (certified mail)
1960 Aspen Lane
Glendale Heights, IL 60139

Toan T. Nguyen (via email and certified mail)
Senior Claims Generalist - Contract Claims
Office: (317) 429-2566 | Toll Free: (800) 644-5501 ext. 2566 | Fax: (317) 715-9616
Address: 111 CONGRESSIONAL BLVD, SUITE 500, CARMEL, IN 46032
tnguyen@baldwinandlyons.com

I further certify that I SHALL FILE WITH THE APPROPRIATE COURT appended to the

documents, regarding this case: (1) any return receipt received as evidence of service upon the defendant

by the Plaintiff, and (2) this Plaintiff's affidavit of compliance.

I declare under penalty of perjury of the laws of the State of Georgia and laws of the United States that
the foregoing is true and correct.

Dated: January 23, 2023.

Ramin Kermani-Nejad, Esq.
KERMANI FIRM LLC
Georgia Bar No. 669698
*Attorney for Plaintiff*

KERMANI FIRM LLC
1718 Peachtree Street NW, Suite 489
Atlanta, Georgia 30309
Tel: 678-202-0494
Fax: 678-202-0209

Subscribed and sworn before me on _____ , 2022.

_____
Notary Public

SEE ATTACHED
NOTARIZED CERTIFICATE
INITIAL

**CALIFORNIA JURAT**                                    **GOVERNMENT CODE § 8202**

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California

County of __Los Angeles__

Subscribed and sworn to (or affirmed) before me on

·this __23rd__ day of __January__, 20__23__, by
     *Date*         *Month*       *Year*

(1) __Ramin Kermani-Nejad__

(and 2) _____ ),

            *Name(s) of Signer(s)*

proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

Signature __Monica Gomez__

           *Signature of Notary Public*

**MONICA GOMEZ**
Notary Public · California
Los Angeles County
Commission # 2375487
My Comm. Expires Sep 18, 2025

*Place Notary Seal and/or Stamp Above*

───────────────────────── **OPTIONAL** ─────────────────────────

> *Completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.*

**Description of Attached Document**

Title or Type of Document: __Plaintiffs Affidavit__

Document Date: _____  Number of Pages: _____

Signer(s) Other Than Named Above: _____

©2019 National Notary Association

22A03975

No. _____

**Date Summons Issued and E-Filed**

10/13/2022

/s/ Monica Gay
_____

Deputy Clerk

Deposit Paid $ _____

**STATE COURT OF DEKALB COUNTY**
**GEORGIA, DEKALB COUNTY**

**SUMMONS**

TIFFANY GORE
1718 PEACHTREE STREET, SUITE 489
ATLANTA, GA 30309
_____

Plaintiff's name and address

**[ ] JURY**

PAUL ZACHARIE LAMOREAUX
1960 ASPEN LANE
GLENDALE HEIGHT, IL 90139
_____

**TO THE ABOVE-NAMED DEFENDANT:**

Defendant's name and address

You are hereby summoned and required to file with the Clerk of State Court, Suite 230, 2nd Floor, Administrative Tower, DeKalb County Courthouse, 556 N. McDonough Street, Decatur, Georgia 30030 and serve upon the plaintiff's attorney, to wit:

Name  Mohamad Ahmad

Address  1718 Peachtree St., NW Suite 489, Atlanta, GA 30309

Phone Number  678 202 0494          Georgia Bar No. 471032

an **ANSWER** to the complaint which is herewith served upon you, within thirty (30) days after service upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. The answer or other responsive pleading can be filed via electronic filing through eFileGA via www.eFileGA.com or, if desired, at the e-filing public access terminal in the Clerk's Office at 556 N. McDonough Street, Decatur, Georgia 30030

| | | |
|---|---|---|
| Defendant's Attorney | | Third Party Attorney |
| Address | | Address |
| Phone No. | Georgia Bar No. | Phone No.          Georgia Bar No. |

**TYPE OF SUIT**

⑤x  Personal Injury ⑤ Products Liability
⑤    Contract ⑤ Medical Malpractice
⑤    Legal Malpractice ⑤ Product Liability
⑤Other

Principal $ _____

Interest $  _____

Atty Fees $ _____

**Access to the e-filing site and the rules is available at www.dekalbstatecourt.net  To indicate consent to e-service check the box below.**
**⑤(Plaintiff consents to e-service pursuant to OCGA 9-11-5 (f). The email address for service appears in the complaint.**

E-file summons1-2016

## IN THE STATE COURT OF DEKALB COUNTY

## GEORGIA STATE COURT

TIFFANY GORE, an Individual,

                Plaintiff,

v.

PAUL ZACHARIE LAMOREAUX an Individual,
WHEATON VAN LINES, INC., an Indiana
Corporation, DBA, WHEATON WORLD WIDE
MOVING, and BREDA MOVING COMPANY,
INC.,

                Defendants

)
)
)
) **CIVIL CASE NO.: 22A03975**
)
)
)
)
)
)
)
)
) **JURY TRIAL DEMANDED**

## FIRST AMENDED COMPLAINT FOR DAMAGES

Plaintiff TIFFANY GORE (Plaintiff), by and through her undersigned attorneys, brings suit against Defendant PAUL ZACHARIE LAMOREAUX (Defendant), and WHEATON VAN LINES, INC., DBA WHEATON WORLD WIDE MOVING COMPANY (**WHEATON**), and BREDA MOVING COMPANY, INC (**BREDA**) (all defendants shall be collectively referred to as **Defendants**) and alleges as follows:

### PARTIES

1. Plaintiff is an individual who resides in Decatur, Dekalb County, Georgia, and is within said jurisdiction to be served through her attorneys.

2. Defendant PAUL ZACHARIE LAMOREAUX resides at 1960 Aspen Ln, Glendale Height, IL 90139 and may be served with the Summons and Complaint at this address.

3.    Defendant WHEATON VAN LINES, INC., DBA WHEATON WORLD WIDE MOVING, is an Indiana Corporation which systematically and regularly does business throughout interstate highways and is regulated by the US Department of Transportation. Its agent for service of process is Mark J. Kirschner at 8010 Castleton Road, Indianapolis, IN 46250.

4.    BREDA MOVING COMPANY, INC. is an Illinois Corporation which systematically and regularly does business throughout interstate highways and is regulated by the US Department of Transportation.  Its agent for service of process is Ryan Farrell located at 50 N. Virginia St, Crystal Lake, Illinois 60014.

5.    WHEATON and BREDA are the principles, brokers, agents and/or employers of LAMOREAUX.  Thus, there are jointly and severally liable for the damages alleged herein.

6.    Defendants are subject to the jurisdiction of this Court.

7.    Venue is proper as to Defendants because the automobile collision occurred in Dekalb County and Plaintiff resides in Dekalb County.

8.    Subject matter jurisdiction is proper in the Court as to Defendants.

9.    Defendants have been properly served with the Summons and First Amended Complaint in this matter upon filing of this pleading.

## FACTS

10.  On or about January 29, 2021, LAMOREAUX was driving a semitruck (**Vehicle 1**) and pulled in front of Plaintiff (**Vehicle 2**), causing extensive front end damage to Vehicle 2 at Clairmont Road at Century Boulevard  (**Incident**).

11.   At all times herein mentioned, Plaintiff drove Vehicle 2 in a reasonable and prudent manner, with due caution and regard for the motor vehicle laws of the State of Georgia.

12.   Defendant LAMOREAUX failed to maintain control of his vehicle and improperly swerved in front of Vehicle 2, causing the Incident.

13.   LAMOREAUX was driving a tractor trailer across interstate lines for commercial purposes.  As such, LAMOREAUX, and his agents/brokers/principals (WHEATON and BREDA) are jointly and severally liable for all negligence committed by LAMOREAUX, including but not limited to violation of the Federal Motor Carrier Safety Administration Regulations.

## COUNT I – NEGLIGENCE
## (AGAINST ALL DEFENDANTS)

14.   Plaintiff realleges and incorporates herein the allegations contained above as if fully restated herein.

15.   The collision was directly and proximately caused by the negligence of the Defendants.

16.   The collision was directly and proximately caused by Defendants' negligence in failing to operate the vehicle with ordinary care for the safety of others.

17.   The collision was directly and proximately caused by Defendants' negligence in operating the vehicle in reckless disregard for the safety of persons or property.

18.   LAMOREAUX was negligent in failing to maintain proper lookout for Plaintiff and yield to Plaintiff before crashing into Vehicle 2.

19. As the direct and proximate cause of Defendants' negligence, Plaintiff suffered physical and mental injuries.

## COUNT 2 – NEGLIGENCE PER SE

### (AGAINST ALL DEFENDANTS)

20. Plaintiff realleges and incorporates herein the allegations contained above as if fully restated herein.

21. LAMOREAUX operated his vehicle in violation of O.C.G.A § 40-6-71 (Failure to Yield the right of way) and O.C.G.A § 40-6-120 (Failure to turn a vehicle to enter a private road or driveway…until such movement can be made with reasonable safety), therefore his actions were negligent per se in causing injuries to Plaintiff, thus entitling Plaintiff to damages. Defendants are all liable for negligence per se.

## COUNT 3 - NEGLIGENT TRAINING, HIRING, RETENTION, SUPERVISION

### (AGAINST WHEATON AND BREDA)

22. Plaintiff realleges and incorporates herein the allegations contained above as if fully restated herein.

23. Defendants WHEATON and BREDA failed to take reasonable steps to train, hire, retain and supervise employees at their trucking company, including LAMOREAUX. This includes inadequate background checks and screening in the hiring process. This also includes a failure to ensure proper training for how to safely drive tractor trailers across interstate highways. This also includes a failure to ensure proper rest breaks and rest stops are taken by truck drivers. While LAMOREAUX was employed by the companies, they also failed to retain and supervise his work as a driver for the companies. The companies were also negligent in entrusting the

tractor trailer at issue to LAMOREAUX given his driving background and experience. Defendants did not have proper training procedures in place.

24.   Under *Quynn v. Hulsey*, 310 Ga. 473, WHEATON and BREDA are independently liable for to Plaintiff for negligence in training, hiring, retaining and supervising LAMOREAUX.

25.   As a direct and proximate cause of this negligent training, hiring, retention and supervision, drivers such as LAMOREAUX were retained, and Plaintiff was injured.

26.   Plaintiff suffered damages from the companies' negligent training, hiring, retention and supervision.

## COUNT 4 – VIOLATION OF FEDERAL MOTOR SAFETY REGULATIONS

### (AGAINST ALL DEFENDANTS)

27.   Plaintiff realleges and incorporates herein the allegations contained above as if fully restated herein.

28.   Defendants violated various provisions of the Federal Motor Carrier Safety Administration Regulations (CFR Parts 300 – 399; Parts 40; Parts 100-180; Parts 571), which include but are not limited to proper retention/record keeping requirements and compliance of the following areas set forth by the Federal Motor Safety Administration Regulation as follows: driver logs, physical examinations, retention period information, driver investigation file, driver history, black box data, bill of ladings, drug testing, automated onboard recording devices, driver training, vehicle inspection reports, periodic inspection and record keeping, ill or fatigued operator rules, maximum driving time, outdated automated onboard recording devices, motor carrier responsibilities, outdated safety devices, including but not limited to braking devices, cameras, traction assistance, lane assistance, driver training and orientation programs and so

forth.  Additional violations will be disclosed during the course of discovery as information becomes available.

29.  As a direct and proximate cause of Defendants failure to comply with Federal Motor Carrier Safety Administration Regulations and Plaintiff was injured.

30.  Plaintiff suffered damages as a result of these violations.

## COUNT 5 – RESPONDENT SUPERIOR

### (AGAINST WHEATON AND BREDA)

31.  Plaintiff realleges and incorporates herein the allegations contained above as if fully restated herein.

32.  WHEATON and BREDA are liable for any negligence committed by LAMOREAUX under the theory respondent superior.

## COUNT 6 – PUNITIVE DAMAGES

### (AGAINST ALL DEFENDANTS)

33.  Plaintiff realleges and incorporates herein the allegations contained above as if fully restated herein.

34.  BREDA and WHEATON'S failure to properly train, hire, supervise and retain LAMOREAUX was willful, malicious and reckless. LAMOREAUX'S failure to properly follow standards set forth for driving interstate tractor trailers was knowingly, reckless, willful and malicious.

35.  Plaintiff requests punitive damages against Defendants.

## COUNT 7 – DAMAGES

**(AGAINST ALL DEFENDANTS)**

36.   Plaintiff's injuries and damages resulting from the collision were directly and proximately caused by the negligence of Defendant.

37.   Plaintiff was injured and has experienced physical and emotional pain and suffering as a direct and proximate result of the collision.

38.   In the future, it is likely Plaintiff will continue to have physical injuries and experience physical and emotional pain and suffering as a direct and proximate result of the collision.

39.   Plaintiff experienced and will continue to experience pain and suffering as a direct and proximate result of the collision.

40.   As a result of Defendant's negligence, Plaintiff has incurred reasonable, necessary, and continuing medical expenses, suffered past and future lost wages, and will continue to incur expenses in the future, in an amount to be proven at trial.

**WHEREFORE**, Plaintiff prays that:

1. Process issue as provided by law.

2. Plaintiff has a trial by jury on all triable issues against Defendant.

3. Judgment be awarded to Plaintiff and against Defendant.

4. Plaintiff recovers from Defendant the full value of past and future medical expenses, and past and future lost wages in an amount to be proven at trial.  Past medical expenses to date are approximately $58,000.

5.  Plaintiff recovers the full value from Defendant for physical and mental pain and suffering in an amount to be determined by the enlightened conscience of a jury.

6.  Punitive damages.

7.  Plaintiff recovers such other and further relief as is just and proper, including all costs and fees incurred in this lawsuit.

**KERMANI LLP**

Dated: January 4, 2023.

/s/ Mohamad Ahmad
Mohamad Ahmad
Bar No. 471032
1718 Peachtree St. NW, Suite 489
Atlanta, GA 30309

STATE COURT OF
DEKALB COUNTY, GA.
1/4/2023 5:05 PM
E-FILED
BY: Patricia Nesbitt

# IN THE STATE COURT OF DEKALB COUNTY

# GEORGIA STATE COURT

|  |  |  |
|---|---|---|
| TIFFANY GORE | ) ) ) ) | CIVIL CASE NO. 22A03975 |
| Plaintiff | ) ) ) | |
| v. | ) ) | |
| PAUL ZACHARIE LAMOREAUX, | ) ) | |
| Defendant | ) | |

## COMPLAINT FOR DAMAGES

Plaintiff TIFFANY GORE (Plaintiff), by and through her undersigned attorneys, brings suit against Defendant PAUL ZACHARIE LAMOREAUX (Defendant), and alleges as follows:

### PARTIES

1.    Plaintiff is an individual who resides in Decatur, Dekalb County, Georgia, and is within said jurisdiction to be served through her attorneys.

2.    Defendant Paul Zacharie Lamoreaux resides at 1960 Aspen Ln, Glendale Height, IL 90139 and may be served with the Summons and Complaint at this address.

3.    Defendant is subject to the jurisdiction of this court.

4.    Venue is proper as to Defendant because the automobile collision occurred in Dekalb County and Defendant resides in Dekalb County.

5.    Subject matter jurisdiction is proper in the Court as to Defendant.

6.    Defendant has been properly served with the Summons and Complaint in this matter.

## FACTS

7.   On or about January 29, 2021, Defendant was driving a semitruck (**Vehicle 1**) and pulled in front of Plaintiff (**Vehicle 2**), causing extensive front end damage to Vehicle 2 at Clairmont Road at Century Boulevard (**Incident**).

8.   At all times herein mentioned, Plaintiff drove Vehicle 2 in a reasonable and prudent manner, with due caution and regard for the motor vehicle laws of the State of Georgia.

9.   Defendant Lamoreaux failed to maintain control of his vehicle and improperly swerved in front of Vehicle 2, causing the Incident.

## COUNT I – NEGLIGENCE

10.  Plaintiff realleges and incorporates herein the allegations contained above as if fully restated herein.

11.  The collision was directly and proximately caused by the negligence of the Defendant.

12.  The collision was directly and proximately caused by Defendant's negligence in failing to operate the vehicle with ordinary care for the safety of others.

13.  The collision was directly and proximately caused by Defendant's negligence in operating the vehicle in reckless disregard for the safety of persons or property.

14.  Defendant was negligent in failing to maintain proper lookout for Plaintiff and yield to Plaintiff before crashing into Vehicle 2.

15.  As the direct and proximate cause of Defendant's negligence, Plaintiff suffered physical and mental injuries.

## COUNT 2 – NEGLIGENCE PER SE

16.   Plaintiff realleges and incorporates herein the allegations contained above as if fully restated herein.

17.   Defendant operated his vehicle in violation of O.C.G.A § 40-6-71 (Failure to Yield the right of way) and O.C.G.A § 40-6-120 (Failure to turn a vehicle to enter a private road or driveway…until such movement can be made with reasonable safety), therefore his actions were negligent per se in causing injuries to Plaintiff, thus entitling Plaintiff to damages.

## COUNT 3 - DAMAGES

18.   Plaintiff realleges and incorporates herein the allegations contained above as if fully restated herein.

19.   Plaintiff's injuries and damages resulting from the collision were directly and proximately caused by the negligence of Defendant.

20.   Plaintiff was injured and has experienced physical and emotional pain and suffering as a direct and proximate result of the collision.

21.   In the future, it is likely Plaintiff will continue to have physical injuries and experience physical and emotional pain and suffering as a direct and proximate result of the collision.

22.   Plaintiff experienced and will continue to experience pain and suffering as a direct and proximate result of the collision.

23.   As a result of Defendant's negligence, Plaintiff has incurred reasonable, necessary, and continuing medical expenses, suffered past and future lost wages, and will continue to incur expenses in the future, in an amount to be proven at trial.

**WHEREFORE**, Plaintiff prays that:

1. Process issue as provided by law.

2. Plaintiff has a trial by jury on all triable issues against Defendant.

3. Judgment be awarded to Plaintiff and against Defendant.

4. Plaintiff recovers from Defendant the full value of past and future medical expenses, and past and future lost wages in an amount to be proven at trial.

5. Plaintiff recovers the full value from Defendant for physical and mental pain and suffering in an amount to be determined by the enlightened conscience of a jury.

6. Plaintiff recovers such other and further relief as is just and proper, including all costs and fees incurred in this lawsuit.

                                                    **KERMANI LLP**

Dated: October 13, 2022.                    /s/ Mohamad Ahmad
                                                    Mohamad Ahmad
                                                    Bar No. 471032
                                                    1718 Peachtree St. NW, Suite 489
                                                    Atlanta, GA 30309


                                                    STATE COURT OF
                                                    DEKALB COUNTY, GA.
                                                    10/13/2022 3:13 PM
                                                    E-FILED
                                                    BY: Monica Gay

Atty Fees $ _____

**Access to the e-filing site and the rules is available at www.dekalbstatecourt.net  To indicate consent to e-service check the box below.**
**ⓢ(Plaintiff consents to e-service pursuant to OCGA 9-11-5 (f). The email address for service appears in the complaint.**

E-file summons1-2016

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Paul Zacharie Lamoreaux
1960 Aspen Lane
Glendale Heights, FL 90139

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
9590 9402 6568 1028 9052 22

2. Article Number (Transfer from service label)

7022 0410 0002 3527 2641

PS Form 3811, July 2020 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____   ☐ Agent
                     ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
   (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt