# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| MAQUAE N. ROBINSON | ) |
| Plaintiff, | ) ) ) |
| | ) CIVIL ACTION NO. |
| v. | ) _____ |
| | ) |
| ANTHONY Q. NORMAN, CRST EXPEDITED, INC., and XYZ CORPORATION | ) [On Removal from ) State Court of Clayton County, ) Civil Action No. 2022CV02714] |
| Defendants. _____ | ) ) **JURY TRIAL DEMANDED** ) ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441, 1446, and 1332, Defendant Anthony Q. Norman hereby removes the above-captioned action, filed by Plaintiff Maquae N. Robinson in the State Court of Clayton County, in the State of Georgia, to the United States District Court for the Northern District of Georgia, Atlanta Division, respectfully showing the Court as follows:

## GROUNDS FOR REMOVAL

1. Plaintiff commenced the action styled *Maquae N. Robinson v. Anthony Q. Norman, CRST Expedited, Inc., and XYZ Corporation*, Civil Action File No. 2022CV02714, by filing a complaint in the State Court of Clayton County, in the State of Georgia, (the "State Court Action") on December 9, 2022.

*See* Ex. A (Complaint for Damages).

2. Plaintiff's lawsuit arises from a motor vehicle accident that occurred on Georgia Highway I-285 East in Clayton County, Georgia, on October 20, 2021. Ex. A ¶¶ 7-14. In her Complaint, Plaintiff seeks damages from Defendant Anthony Q. Norman for his alleged negligence in operating a vehicle on behalf of CRST. *Id.* ¶¶ 15-19; 41-44. Plaintiff alleges that CRST is vicariously liable for Mr. Norman's alleged negligence. *Id.* ¶¶ 20-25.

3. As detailed below, the State Court Action must be removed to this Court because all procedural requirements for removal are satisfied; there is complete diversity of citizenship between Plaintiff and Defendants; and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. §§ 1441, 1446, and 1332.

4. The United States District Court for the Northern District of Georgia, Atlanta Division, is the appropriate court for filing this Notice of Removal under 28 U.S.C. § 1446(a), as it is the district court for the district and division within which the State Court Action is pending.

5. When the Complaint was filed, Plaintiff was domiciled in the State of Georgia, so that she is a citizen of Georgia. Ex. A ¶ 1. *See, e.g., Ennis v. Smith*, 55 U.S. 400, 423 (1852) ("Where a person lives, is taken prima facie to be his domicile, until other facts establish the contrary."); *McCormick v. Aderholt*, 293

F.3d 1254, 1257 (11th Cir. 2002) ("Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction.").

6. When the Complaint was filed, Mr. Norman was domiciled in, and was a citizen of, Mississippi. Ex. A ¶ 2. *See, e.g., Ennis*, 55 U.S. at 423; *McCormick*, 293 F.3d at 1257. Plaintiff served Mr. Norman on January 14, 2023. However, she did not file the Affidavit of Service until January 20, 2023. *See* Ex. B (Aff. of Serv. on Norman). Pursuant to O.C.G.A. § 9-11-4(h), Mr. Norman's Answer is due on February 17, 2023.

7. CRST is a foreign corporation with its principal place of business in Cedar Rapids, Iowa. Ex. C (Georgia Corporations Division – 2022 Annual Registration for CRST). *See also* Ex. A ¶ 3. CRST is a citizen of Iowa for purposes of 28 U.S.C. §§ 1441 and 1332. *See* 28 U.S.C. § 1332(c). Upon information and belief, CRST was served with the Complaint on January 10, 2023. However, Plaintiff has not filed an Affidavit of Service reflecting same. Pursuant to O.C.G.A. § 9-11-4(h), the time for CRST to Answer has not begun to run. Nevertheless, undersigned counsel represents CRST, and CRST consents to removal.

8. Based on the above, under 28 U.S.C. § 1332, there is complete diversity of citizenship between Plaintiff and Defendants.

9. As of submitting this filing, no Defendant has filed an answer or responsive pleading to the Complaint in the State Court Action.

10. Plaintiff's Complaint makes clear the amount in controversy requirement for diversity jurisdiction is satisfied. Plaintiff alleges that the collision caused her to suffer "severe injuries" (Ex. A ¶¶11-12) and resulted in "substantial injuries and damages." Plaintiff also alleges that she has endured "mental and physical pain and suffering, loss of earnings and earning capacity, personal inconvenience, and an inability to lead a normal life." *Id.* ¶ 42. Plaintiff also claims that her damages "will continue into the future, to the extent said injuries are permanent." *Id.*

11. The Eleventh Circuit has held that "when the complaint seeks damages exceeding $75,000.00, removing defendants may rely on the plaintiff's valuation of the case to establish the amount in controversy unless it appears to a legal certainty that the plaintiff cannot recover the amount claimed." *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1315 (11th Cir. 2002). Given Plaintiff's allegations about the subject collision, and their prayers for relief, the jurisdictional requirement for removal to this Court is satisfied. 28 U.S.C. § 1332(a).

12. Under 28 U.S.C. § 1446(a), copies of all process and pleadings served on Defendants are attached. *See* Ex. D (All Process and Pleadings Served on

4

Defendants).  No orders have been served on any Defendant as of this filing.

13.     Under 28 U.S.C. § 1446(d), Defendant will provide Plaintiff with written notice of the filing of this Notice of Removal and file with the Clerk of the State Court of Clayton County, in the State of Georgia, a copy of this Notice of Removal.  *See* <u>Ex. E</u> (Notice of Filing Notice of Removal).

14.     Based on the above, and under 28 U.S.C. §§ 1441, 1446, and 1332, the State Court Action must be removed to this Court because all procedural requirements for removal are satisfied, there is complete diversity of citizenship between Plaintiff and Defendants, and the matters in controversy exceed the sum or value of $75,000.00, exclusive of interest and costs.

15.     Defendants demand a jury trial on all the issues so triable.

16.     The filing fee of $400.00 has been paid electronically into the registry of the United States District Court contemporaneously with the filing of this Notice.

WHEREFORE, Defendant respectfully request that the above captioned action, filed by Plaintiff in the State Court of Clayton County, in the State of Georgia, be REMOVED to the United States District Court for the Northern District of Georgia, Atlanta Division, under 28 U.S.C. §§ 1441, 1446, and 1332.

Respectfully submitted and signed, under Fed. R. Civ. P. 11, on this 17th day of February, 2023, by:

                                WEINBERG, WHEELER,
                                HUDGINS, GUNN & DIAL, LLC

*/s/ Marriah N. Paige*
Brannon J. Arnold
Georgia Bar No. 218034
Marriah N. Paige
Georgia Bar No. 852228
3344 Peachtree Rd, N.E., Suite 2400
Atlanta, Georgia 30326
404-876-2700
barnold@wwhgd.com
mpaige@wwhgd.com

*Counsel for Defendants*

6

## **RULE 7.1D CERTIFICATE OF TYPE, FORMAT AND FONT SIZE**

Under Local Rule 7.1D of the United States District Court for the Northern District of Georgia, the undersigned certifies that this submission to the Court was computer-processed, double-spaced between lines, and prepared with 14-point Times New Roman font.

>                                 */s/ Marriah N. Paige*
>                                 Marriah N. Paige

## **CERTIFICATE OF SERVICE**

This is to certify that I have served a copy of the foregoing upon all counsel of record by the Court's electronic filing system and by U.S. and/or electronic mail as follows:

Chloe B. Thompson
Morgan & Morgan Atlanta, PLLC
178 S. Main Street, Unit 300
Alpharetta, GA 30009

This 17th day of February, 2023.

WEINBERG, WHEELER, HUDGINS,
GUNN & DIAL, LLC

*/S/ Marriah N. Paige*
Marriah N. Paige
Georgia State Bar No. 852228
*Counsel for Defendants*
