## General Civil and Domestic Relations Case Filing Information Form

*Tiki Brown*
**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
**Shalonda Green**

☐ **Superior or** ☐ **State Court of** _____ **County**

| For Clerk Use Only | 12/12/2022 | | |
|---|---|---|---|
| **Date Filed** _____ | | **Case Number** | 2022CV02714 |
| **MM-DD-YYYY** | | | |

### Plaintiff(s)

| | | | | |
|---|---|---|---|---|
| Last | First | Middle L | Suffix | Prefix |
| Last | First | Middle L | Suffix | Prefix |
| Last | First | Middle L | Suffix | Prefix |
| Last | First | Middle L | Suffix | Prefix |

### Defendant(s)

| | | | | |
|---|---|---|---|---|
| Last | First | Middle L | Suffix | Prefix |
| Last | First | Middle L | Suffix | Prefix |
| Last | First | Middle L | Suffix | Prefix |
| Last | First | Middle L | Suffix | Prefix |

**Plaintiff's Attorney** _____ **Bar Number** _____ **Self-Represented** ☐

### Check one case type and one sub-type in the same box (if a sub-type applies):

**General Civil Cases**
☐ Automobile Tort
☐ Civil Appeal
☐ Contempt/Modification/Other
  Post-Judgment
☐ Contract
☐ Garnishment
☐ General Tort
☐ Habeas Corpus
☐ Injunction/Mandamus/Other Writ
☐ Landlord/Tenant
☐ Medical Malpractice Tort
☐ Product Liability Tort
☐ Real Property
☐ Restraining Petition
☐ Other General Civil

**Domestic Relations Cases**
☐ Adoption
☐ Contempt
  ☐ Non-payment of child support,
    medical support, or alimony
☐ Dissolution/Divorce/Separate
  Maintenance/Alimony
☐ Family Violence Petition
☐ Modification
  ☐ Custody/Parenting Time/Visitation
☐ Paternity/Legitimation
☐ Support - IV-D
☐ Support-Private (non-IV-D)
☐ Other Domestic Relations

Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____        _____
Case Number                              Case Number

I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A.§ 9-11-7.1.

Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ Language(s) Required

Do you or your client need any disability accommodations? If so, please describe the accommodation request.

2022CV02714
e-Filed 12/9/2022 3:59 PM

*Tiki Brown*

**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
**Shalonda Green**

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

|  |  |
|---|---|
| **MAQUAE N. ROBINSON,** | |
| **Plaintiff,** | **CIVIL ACTION FILE NO:** |
| **v.** | 2022CV02714 |
| **ANTHONY Q. NORMAN, CRST EXPEDITED, INC.,** and **XYZ CORPORATION,** | |
|  | **JURY TRIAL DEMANDED** |
| **Defendants.** | |

## COMPLAINT FOR DAMAGES

COMES NOW MAQUAE N. ROBINSON, Plaintiff in the above-styled action ('Plaintiff'), by and through her undersigned counsel, and hereby files this Complaint for Damages against the Defendant ANTHONY Q. NORMAN ("hereinafter referred to as Defendant Norman"), Defendant CRST EXPEDITED, INC. (hereinafter referred to as "Defendant CRST"), and Defendant XYZ Corporation, showing this Court as follows:

### PARTIES, JURISDICTION AND VENUE

1.

Plaintiff MAQUAE N. ROBINSON is a resident of the State of Georgia and is subject to the jurisdiction and venue of this Court.

2.

Defendant ANTHONY Q. NORMAN is a citizen and resident of Harrison County, Mississippi, whose last known residence is 16480 Omar Boulevard, Biloxi, Mississippi 39532. ANTHONY Q. NORMAN is subject to the jurisdiction of this Court pursuant to Georgia's long

arm statute and may be served with a copy of the Summons and Complaint at the above-stated address.

3.

Defendant CRST is foreign profit corporation existing under the laws of Iowa with its principal place of business in Iowa and may be served through its registered agent, COGENCY GLOBAL Incorporated, at 3930 16th Avenue, SW, Cedar Rapids, Iowa, 52404, USA, and is subject to the jurisdiction of this Court.

4.

The State Court of Clayton County has jurisdiction over the subject matter of the above-styled action.

5.

Jurisdiction and venue are proper in this court.

## **FACTUAL BACKGROUND**

6.

Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 5 above as if they were fully restated verbatim.

7.

On or about October 20, 2021, Plaintiff was traveling eastbound on I-285 East in the center lane in a 2013 Ford Escape.

8.

At or about the same time and place, Defendant Norman was operating a 2018 Freightliner Cascade on behalf of Defendant CRST in Clayton County, Georgia.

9.

At or about the same time and place, Defendant Norman was traveling east on I-285 East in the far-left lane.

10.

Suddenly and without warning, Defendant Norman improperly and unlawfully attempted to change lanes into Plaintiff's lane of travel.

11.

As a result of Defendant Norman's illegal and improper lane change, Defendant Norman struck the driver's side of the Plaintiff's vehicle, causing a collision.

12.

As a result, Plaintiff suffered severe injuries.

13.

Defendant Norman was solely at fault for causing the collision.

14.

At all relevant times, Plaintiff was properly and legally maintaining her lane of travel.

**COUNT I:**
**NEGLIGENCE OF DEFENDANT ANTHONY Q. NORMAN**

15.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 14 above as if fully restated.

16.

Defendant Norman was negligent moving his vehicle from the far-left lane that his vehicle was occupying to the center lane that Plaintiff's vehicle was occupying without first ascertaining that such movement could be done with safety.

17.

Defendant Norman was further negligent in failing to maintain a proper lookout for the vehicle that Plaintiff was occupying.

18.

At all relevant times, Defendant Norman owed certain civil duties to Plaintiff, and, notwithstanding those duties, Defendant Norman did violate them in the following particulars:

a.    In driving too fast for conditions in violation O.C.G.A. § 40-6-180;

b.    In improperly changing lanes in violation of O.C.G.A. § 40-6-48;

c.    In failing to make reasonable and proper observations while operating his motor vehicle or, if reasonable and proper observations were made, failing to act thereon;

d.    In failing to make timely and proper application of his vehicle's brakes in violation of O.C.G.A. § 40-6-241;

e.    In failing to observe or undertake the necessary precautions to keep his motor vehicle from colliding with the vehicle that Plaintiff was occupying, in violation of O.C.G.A. § 40-6-390;

f.    In driving the 2018 Freightliner Cascade without due caution and circumspection and in a manner to endanger the person and/or property of others in the immediate vicinity in violation of O.C.G.A. § 40-6-241;

g.    In operating his vehicle in reckless disregard for the safety of persons and/or property in violation of O.C.G.A. § 40-6-390; and

h.      In committing other negligent and reckless acts and omissions as may

be shown by the evidence and proven at trial.

19.

Defendant Norman's violations of the aforementioned statutory duties of care constitute

negligence and negligence *per se.*

## COUNT II:
## NEGLIGENCE OF DEFENDANT CRST EXPEDITED, INC.

20.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through

19 above as if fully restated.

21.

At all relevant times, Defendant Norman was an employee or agent of Defendant CRST

and was acting within the scope and curse of his employment at the time of the accident.

22.

Defendant CRST had knowledge that Defendant Norman was incompetent to drive or

habitually reckless and allowed him access to its motor vehicle.

23.

Defendant CRST failed to conduct a proper background check before hiring Defendant

Norman and allowed him access to its motor vehicle.

24.

Defendant CRST is liable for the acts and omissions of Defendant Norman as Defendant

CRST's agent and employee at the time of the collision-in-suit under the theory of *respondent*

*superior* and the rules of agency.

25.

Defendant CRST's negligence in allowing Defendant Norman to operate the 2018 Freightliner Cascade was the proximate cause of the subject collision.

## COUNT III: NEGLIGENCE OF DEFENDANT XYZ CORPORATION

26.

Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 25 above as if the same were restated herein verbatim.

27.

At all relevant times, Defendant Norman was an employee or agent of Defendant XYZ Corporation and was acting within the scope and curse of his employment at the time of the accident.

28.

Defendant XYZ Corporation had knowledge that Defendant Norman was incompetent to drive or habitually reckless and allowed him access to its motor vehicle.

29.

Defendant XYZ Corporation failed to conduct a proper background check before hiring Defendant Norman and allowed him access to its motor vehicle.

30.

Defendant XYZ Corporation is liable for the acts and omissions of Defendant Norman as Defendant XYZ Corporation's agent and employee at the time of the collision-in-suit under the theory of *respondent superior* and the rules of agency.

31.

Defendant XYZ Corporation's negligence in allowing Defendant Norman to operate the

2018 Freightliner Cascade was the proximate cause of the subject collision.

### COUNT IV:
### IMPUTED LIABILITY OF DEFENDANTS NORMAN, CRST AND XYZ CORPORATION

32.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 31 above as if fully restated.

33.

At the time of the subject collision, Defendant Norman was under dispatch for Defendant CRST and/or Defendant XYZ Corporation.

34.

At the time of the subject collision, Defendant Norman was operating his vehicle on behalf of Defendant CRST and/or Defendant XYZ Corporation.

35.

Defendant CRST and/or Defendant XYZ Corporation is an intrastate or interstate motor carrier, and pursuant to federal and state laws, is responsible for the actions of Defendant Norman in regard to the collision described in this complaint under the doctrine of lease liability, agency or apparent agency.

### COUNT V:
### NEGLIGENT HIRING, TRAINING & SUPERVISION OF DEFENDANT CRST EXPEDITED, INC. AND DEFENDANT XYZ CORPORATION

36.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 35 above as if fully restated.

37.

Defendant CRST and/or Defendant XYZ Corporation was negligent in hiring Defendant Norman and entrusting him to drive the 2018 Freightliner Cascade.

38.

Defendant CRST and/or Defendant XYZ Corporation was negligent in failing to properly train Defendant Norman.

39.

Defendant CRST and/or Defendant XYZ Corporation was negligent in failing to properly supervise Defendant Norman.

40.

Defendant CRST and/or Defendant XYZ Corporation's negligence in hiring Defendant Norman and entrusting him with driving a commercial vehicle and failing to train and supervise him properly was the sole and proximate cause of the subject collision, and Plaintiff's resulting injuries.

**COUNT VI:**
**DAMAGES**

41.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 40 above as if fully restated.

42.

As a direct and proximate result of the aforesaid negligence and breaches of duty by Defendants, Plaintiff suffered and will continue to suffer substantial injuries and damages, in an amount to be proven at trial, including reasonable and necessary medical expenses, mental and physical pain and suffering, loss of earnings and earning capacity, personal inconvenience, and an

inability to lead a normal life. All of Plaintiff's damages will continue into the future, to the extent said injuries are permanent.

43.

To date, Plaintiff has incurred the medical expenses in an amount that is not yet determinable.

44.

As a direct and proximate result of Defendants' negligence, Plaintiff will continue to incur future damages, including future medical expenses, in an amount to be proven at trial, for the treatment of injuries sustained in the subject collision.

### **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays and demands as follows:

(a) That Process and Summons issue, as provided by law, requiring Defendants to appear and answer Plaintiff's Complaint;

(b) That service be had upon Defendants as provided by law;

(c) That Plaintiff have and recover general damages from Defendants, as the jury deems are liable to Plaintiff, and in such an amount as the jury deems just and appropriate to fully and completely compensate Plaintiff for all of her injuries and pain and suffering, mental, physical, and emotional, past, present, and future;

(d) That Plaintiff have and recover from Defendants, special damages for past and future medical expenses and loss of income in the past and future in such an amount as shall be proven at trial;

(e) That this matter be tried to a jury of twelve;

(f) That all costs be cast against the Defendants;

(g) For such other and further relief as this Court deems just and appropriate.

Respectfully submitted this 9th day of December, 2022.


/s/ Chloe B. Thompson
_____
Chloe B. Thompson
Georgia Bar No. 729103
*Attorney for Plaintiff*

MORGAN & MORGAN ATLANTA PLLC
178 S. Main Street, Unit 300
Alpharetta, GA 30009
T: (770) 799-2767
F: (770) 800-9848
cthompson@forthepeople.com

2022CV02714

e-Filed 12/9/2022 3:59 PM

*Tiki Brown*

**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
**Shalonda Green**

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

MAQUAE N. ROBINSON,

          **Plaintiff,**

v.

ANTHONY Q. NORMAN, CRST
EXPEDITED, INC., and XYZ
CORPORATION,

          **Defendants.**

CIVIL ACTION FILE NO:

2022CV02714

### PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT ANTHONY Q. NORMAN

**COMES NOW** Plaintiff, pursuant to O.C.G.A. §§ 9-11-33 and 9-11-34, submits herewith to ANTHONY Q. NORMAN the above named Defendant (hereinafter referred to "you" or "your") for response within forty-five (45) days after service hereof, in the form provided by law, the following interrogatories and request for production of documents.

You are required, when answering these interrogatories, to furnish all information that is available to you, your attorneys or agents, and anyone else acting on your behalf. If the complete answer to an interrogatory is not known to you, you shall so state and answer the interrogatory to the fullest extent possible.

These interrogatories are deemed to be continuing and you are required to provide, by way of supplementary answers to these interrogatories, such additional information as may be obtained hereafter by you, your attorneys or agents, or anyone else acting on your behalf, which information will augment or modify any answer given to the attached interrogatories. All such supplemental answers must be filed and served upon the counsel of record for the above-named Plaintiff within

a reasonable time after discovery or receipt of such additional information, but in no event later than the time of the trial.

The documents requested to be produced for inspection and copying are to be produced at the offices of Morgan & Morgan, Atlanta PLLC, 178 S. Main St., Unit 300, Alpharetta, GA 30009 within forty-five (45) days following receipt of this request unless the 45th day falls on a holiday or weekend, in which event the production will take place on the Monday following the 45th day; or in the event the time for response is shortened by court order, then the shorter time frame shall be applicable.   In lieu of this, you may attach copies thereof to your answers to these interrogatories.

You are also required, pursuant to the Civil Practice Act, to produce at trial the materials and documents requested herein.

The following definitions and instructions are applicable to each interrogatory unless negated by the context:

## I.  DEFINITIONS

"Document" means any written, recorded, or graphic matter in whatever form, including copies, drafts, and reproductions thereof to which you have or have had access, including, but not limited to, correspondence, memoranda, tapes, stenographic or handwritten notes, studies, publications, books, contracts, agreements, checks, bills, invoices, pamphlets, pictures, films, voice recordings, maps, graphs, reports, surveys, minutes of statistical compilations; every copy of such writing or record where the original is not in your possession, custody or control, and every copy of such writing or record where such copy is not an identical copy of an original or where such copy contains any commentary or notation whatsoever that does not appear on the original.

"Person" shall mean a natural person, proprietorship, partnership, corporation, cooperative, association, firm, group, or any other organization or entity.

"Communication" means the transmittal of information from one or more persons to another person or persons, whether the medium for transmittal be oral, written or electronic.

"Date" shall mean the exact day, month and year, if ascertainable, or if not, the best available approximation (including relationship to other events).

"Identify" or "Identity", when used in reference to:

(a)     an individual, shall mean to state the full name, present or last known residence address (designating which), residence telephone number, present or last known employment address (designating which), employment telephone number, and employment title or capacity.

(b)     a firm, partnership, corporation, proprietorship, association or other organization or entity, shall mean to state its full name and present or last known address (designating which) and the legal form of such entity or organization.

(c)     document shall mean to state: the title (if any), the date, author, sender, recipient, the identity of person signing it, type of document (i.e., a letter, memorandum, notation, book, telegram, chart, etc.) or some other means of identifying it, and its present location or custodian. In the case of a document that was, but is no longer, in the possession, custody or control of Defendant, state what disposition was made of it, why, when and by whom.

Whenever the context so requires, the plural shall include the singular, the singular the plural, the masculine the feminine and neuter, and the neuter the masculine and feminine.

## II.  INTERROGATORIES

### 1.

Please state your full name, current address, current employer, date of birth, social security number, and driver's license number.

### 2.

State the name and address of any person, including any party, who to your knowledge information or belief:

(a)      was an eyewitness to the incident underlying this litigation;

(b)      has some knowledge of any fact or circumstance upon which your defense is based; or

(c)      has conducted any investigation relating to the incident underlying this litigation or the background, employment, medical history or activities of the Plaintiff.

### 3.

Please identify any and all statements or reports given by any person identified in your response to Interrogatory. No. 2.

### 4.

Has any entity issued a policy of liability insurance to you, to any resident relatives you lived with on the date of the incident or on the vehicle you were driving or owned at the time of the accident (including but not limited to auto, motorcycle, vehicular and umbrella policies) which is or arguably should be extending insurance coverage to you?  If so, please state for each policy the name of the liability insurer, the limits of coverage, the name of the insured on the policy and the policy number.

5.

Has any insurer referred to in your answer to Interrogatory No. 4 denied coverage or reserved its rights to later deny coverage under any such policy of liability insurance?  If so, please explain.

6.

State each and every fact supporting your contention that the Plaintiff's actions contributed to the incident underlying this litigation and identify:

(a)     each eyewitness that will testify to those facts; and

(b)     each and every document or tangible piece of evidence that will evidence those facts.

7.

If you intend to call any expert or technician as a witness at the trial of this action, for each expert or technician please:

(a)     state the subject matter on which s/he is expected to testify;

(b)     state in detail the opinions held by each such expert or technician; and

(c)     give a complete summary of the grounds for each opinion held.

8.

Were you on the business of any individual or entity at the time of the subject incident?  If so, please identify any such individual or entity, including name, address and telephone number.

9.

If you have ever been arrested or convicted of any crime (other than minor traffic offenses), even if that arrest or conviction has been removed from your record, please identify each crime or alleged violation, date of arrest, the arresting authority, the court in which any criminal proceeding

against you was held, and the disposition of each charge. (See <u>Lewis v. The State</u>, 243 Ga. 443; <u>Hightower v. G.M.</u>, 175 Ga. App. 112).

10.

Please state each and every prior collision or prior insurance claim which you are aware the Plaintiff has been involved in, or the Plaintiff has made, and state whether your agents have procured an ISO claims index report.

11.

If you contend that Plaintiff's alleged injuries pre-existed the incident underlying this litigation, state each and every fact supporting your contention and identify:

(a) each eyewitness that will testify to those facts; and

(b) each and every document or tangible piece of evidence that will evidence those facts.

12.

If you contend that Plaintiff has uttered inconsistent statements with regard to material facts at issue in this litigation, state each and every fact supporting your contention and identify:

(a) each eyewitness that will testify to those facts; and

(b) each and every document or tangible piece of evidence that will evidence those facts.

13.

If you contend that the Plaintiff has been convicted of or pled guilty to a crime of moral turpitude and/or felony, please identify:

(a) each eyewitness that will testify to those facts; and

(b)     each and every document or tangible piece of evidence that will evidence those facts.

14.

What do you contend caused the incident underlying this litigation?

15.

State each and every fact supporting your contention that you are not the sole proximate cause of the incident underlying this litigation and identify:

(a)     each eyewitness that will testify to those facts;

(b)     each and every document or tangible piece of evidence that will evidence those facts; and

(c)     who you contend is liable.

16.

What was/were the disposition(s) of the traffic citation(s) issued to you in relation to the incident underlying this litigation?

17.

Do you contend that the named Defendants have been improperly named as parties to this action and/or that improper or incorrect agents for service were utilized to effectuate service upon the Defendants?  If your answer to either of these inquiries is "yes", please provide a detailed explanation as to why you contend that the named Defendants have been improperly named or the agents used for service were improper and provide the complete and correct name of the entities or individuals you contend should have been named and/or served.

18.

Do you contend that venue is improper in this court as to the named Defendants, jurisdiction is lacking over the named Defendants in this Court, or that service of process has been deficient on any of the named Defendant in this matter?  If so, please describe and state with specificity all factual and legal basis supporting any such contention(s).

19.

With regard to the vehicle being operated at the time of the subject incident, please identify:

(a)      the owner of the vehicle;

(b)      the frequency with which you drove the vehicle;

(c)      who paid for the gas and maintenance on the vehicle; and

(d)      if you did not own the vehicle, state whether or not you had the permission of the owner to be driving the vehicle at the time of the subject incident.

20.

Do you have a driver's license? If so, please state when you first acquired any driver's license, what type it is, and what are/were the restrictions on it.

21.

At any other time, either before or after the subject incident, have you ever been arrested for driving under the influence or for any other drug or alcohol related charge?

22.

What is your citizenship and identify any documents supporting your contention.

23.

For each request to admit that you denied, please identify:

(a)      each eyewitness that will testify to those facts supporting your denial; and

(b)    each and every document or tangible piece of evidence that will evidence facts supporting your denial.

24.

Please state whether you had a cell phone at the time of this incident and, if so please provide the cell phone provider, telephone number and the name under which the phone was listed.

### III.  REQUEST FOR PRODUCTION OF DOCUMENTS

1.

Any and all videotapes, photographs, plats or drawings of the vehicles, parties, scene of the incident or any other matter material to the incident underlying this litigation.

2.

Any and all videotapes, photographs, reports, data, memoranda, handwritten notes, or other documents reviewed by or generated by any expert or technician identified in your response to Interrogatory No. 7.

3.

Any and all medical records, videotapes, photographs or other evidence concerning, referencing or depicting Plaintiff.

4.

A copy of any and all photographs and/or videotapes depicting the Plaintiff doing anything.

5.

Any and all documents obtained through a request for production of documents or subpoena.

6.

Any and all documents regarding the property damage estimate of repairs and/or repair bills which you claim were sustained as a result of the incident.

7.

Any and all documents which would in any way challenge, diminish or refute any of the Plaintiff's claimed injuries, medical and/or hospital bills, or lost earnings related to the subject incident.

8.

Any and all insurance policies, including declarations pages, which might provide benefits related to the subject incident regardless of whether the insurer agrees there was coverage.

9.

Any and all taped or written statements taken from Plaintiff, or any other potential witnesses to this lawsuit, by anyone acting of on behalf of Defendant or Defendant's insurer(s).

10.

Any and all documents, books, writings or other tangible things which support any defenses you rely upon in your defense to this lawsuit.

11.

A copy of the title and tag registration on the 2018 Freightliner Cascade that was involved in the subject collision.

12.

Any and all documents reflecting the disposition of any charges made against you in the subject incident, including the citations identified in your answer to Interrogatory No.16.

13.

A copy of your current driver's license and all drivers' licenses you have held in the past five (5) years.

14.

Any and all documents related to Plaintiff's medical treatment for injuries allegedly received in the subject incident.

15.

Any and all documents related to the medical treatment Plaintiff received prior to the subject incident.

16.

Any and all documents which you contend in any way impeach or discredit the Plaintiff.

17.

For any document which has not been produced on grounds of privilege, please state the following:

(a)      the date each document was generated;

(b)      the person generating each document;

(c)      the present custodian of each document; and

(d)      a description of each document.

***These Interrogatories and Request for Production of Documents are served upon you together with Plaintiff's Complaint.***

This 9th day of December, 2022.

By:      /s/ Chloe B. Thompson
_____

CHLOE B. THOMPSON
Georgia Bar No. 729103
*Attorney for Plaintiff*

MORGAN & MORGAN ATLANTA PLLC
178 S. Main Street, Unit 300
Alpharetta, GA 30009
T: (770) 799-2767
F: (770) 800-9848
cthompson@forthepeople.com

e-Filed 12/9/2022 3:59 PM

*Tiki Brown*

**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
**Shalonda Green**

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

MAQUAE N. ROBINSON,

                 **Plaintiff,**

v.

ANTHONY Q. NORMAN, CRST
EXPEDITED, INC. and XYZ
CORPORATION,

                 **Defendants.**

CIVIL ACTION FILE NO:

  2022CV02714

### PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO
### DEFENDANT ANTHONY Q. NORMAN

Plaintiff submits herewith to ANTHONY Q. NORMAN, the above-named Defendant, (hereinafter referred to as "Defendant Norman") pursuant to O.C.G.A. § 9-11-36 for response within forty-five (45) days after service hereof, the following request for admissions, for purposes of the pending action only, subject to all objections that may be interposed at the trial of the case:

1.

Please admit that this action brought against Defendant Norman properly and correctly name the parties to be sued in this case.

2.

Please admit that jurisdiction for the Complaint filed by Plaintiff is properly brought before this Court in Clayton County, Georgia.

3.

Please admit that the service of process against the Defendant Norman was proper.

4.

Please admit that the date of the incident was October 20, 2021.

5.

Please admit that Defendant Norman was an employee of CRST Expedited, Inc on the date and time of the subject collision.

6.

Please admit that Defendant Norman was a professional driver on the date and time of the subject collision.

7.

Please admit that Defendant Norman was acting withing the scope of his employment at the time of the subject collision.

8.

Please admit that the 2018 Freightliner Cascade involved in the subject collision was owned by Defendant CRST Expedited, Inc. at the time of the collision.

9.

Please admit that the 2018 Freightliner Cascade involved in the subject collision was owned by Defendant Norman at the time of the collision.

10.

Please admit that the 2018 Freightliner Cascade involved in the subject collision was being operated by Defendant Norman at the time of the collision.

11.

Please admit that the 2018 Freightliner Cascade involved in the subject collision was being operated with the knowledge, permission, and consent of Defendant CRST Expedited, Inc.

2022CV02704

12.

Please admit that Defendant Norman was negligent in the operation of a motor vehicle which resulted in the subject collision with Plaintiff's vehicle.

13.

Please admit that Defendant Norman's negligence proximately caused damages to Plaintiff and her resulting injuries.

14.

Please admit that Defendant Norman was exceeding a safe speed immediately prior to the subject incident.

15.

Please admit that a citation(s) was/were issued to Defendant Norman by the investigating law enforcement agency arising out of the collision

16.

Please admit that Defendant Norman pled guilty to said citation(s) in connection with the subject collision.

17.

Please admit that Defendant Norman was distracted at the time of the collision.

18.

Please admit that Plaintiff was injured in the subject collision.

19.

Please admit that the Plaintiff's actions did not cause or contribute to the subject collision.

20.

Please admit that Plaintiff incurred medical expenses for treatment of injuries resulting from the subject collision.

21.

Please admit that Plaintiff's medical expenses were reasonable and necessary for the care and treatment of the injuries sustained in the subject collision.

22.

Please admit that there are no other individuals besides the Defendant(s) who caused or contributed to the subject collision.

23.

Please admit that Defendant Norman has not seen Plaintiff since the day of the accident.

24.

Please admit that Defendant Norman had not seen Plaintiff at any point in time prior to the day of the accident.

25.

Please admit that Defendant Norman and Defendant CRST Expedited, Inc. are legally liable for the injuries sustained by the Plaintiff.

***This Request for Admissions is served upon you together with Plaintiff's Complaint.***

This 9th day of December, 2022.

**(SIGNATURE ON THE FOLLOWING PAGE)**

By:     /s/ Chloe B. Thompson
_____
CHLOE B. THOMPSON
Georgia Bar No. 729103
*Attorney for Plaintiff*

MORGAN & MORGAN ATLANTA PLLC
178 S. Main Street, Unit 300
Alpharetta, GA 30009
T: (770) 799-2767
F: (770) 800-9848
cthompson@forthepeople.com