e-Filed 12/9/2022 4:09 PM

2022CV02716

Tiki Brown
Clerk of State Court
Clayton County, Georgia
Waukecia Lawrence

IN THE STATE COURT OF CLAYTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| **OLYMPIA CROSS,** | |
| Plaintiff, | CIVIL ACTION FILE NO: 2022CV02716 |
| v. | |
| **ANTHONY Q. NORMAN, CRST EXPEDITED, INC.,** and **XYZ CORPORATION,** | **JURY TRIAL DEMANDED** |
| Defendants. | |

## COMPLAINT FOR DAMAGES

COMES NOW OLYMPIA CROSS, Plaintiff in the above-styled action ('Plaintiff'), by and through her undersigned counsel, and hereby files this Complaint for Damages against the Defendant ANTHONY Q. NORMAN ("hereinafter referred to as Defendant Norman"), Defendant CRST EXPEDITED, INC. (hereinafter referred to as "Defendant CRST"), and Defendant XYZ Corporation, showing this Court as follows:

### PARTIES, JURISDICTION AND VENUE

1.

Plaintiff OLYMPIA CROSS is a resident of the State of Georgia and is subject to the jurisdiction and venue of this Court.

2.

Defendant ANTHONY Q. NORMAN is a citizen and resident of Harrison County, Mississippi, whose last known residence is 16480 Omar Boulevard, Biloxi, Mississippi 39532. ANTHONY Q. NORMAN is subject to the jurisdiction of this Court pursuant to Georgia's long

arm statute and may be served with a copy of the Summons and Complaint at the above-stated address.

3.

Defendant CRST is foreign profit corporation existing under the laws of Iowa with its principal place of business in Iowa and may be served through its registered agent, COGENCY GLOBAL Incorporated, at 3930 16th Avenue, SW, Cedar Rapids, Iowa, 52404, USA, and is subject to the jurisdiction of this Court.

4.

The State Court of Clayton County has jurisdiction over the subject matter of the above-styled action.

5.

Jurisdiction and venue are proper in this court.

**FACTUAL BACKGROUND**

6.

Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 5 above as if they were fully restated verbatim.

7.

On or about October 20, 2021, Plaintiff was the front seat passenger in a 2013 Ford Escape traveling eastbound on I-285 East in the center lane.

8.

At or about the same time and place, Defendant Norman was operating a 2018 Freightliner Cascade on behalf of Defendant CRST in Clayton County, Georgia.

9.

At or about the same time and place, Defendant Norman was traveling east on I-285 East in the far-left lane.

10.

Suddenly and without warning, Defendant Norman improperly and unlawfully attempted to change lanes into Plaintiff's lane of travel that she was occupying.

11.

As a result of Defendant Norman's illegal and improper lane change, Defendant Norman struck the driver's side of the vehicle that Plaintiff was occupying, causing a collision.

12.

As a result, Plaintiff suffered severe injuries.

13.

Defendant Norman was solely at fault for causing the collision.

14.

At all relevant times, the driver of the vehicle that Plaintiff was occupying was properly and legally maintaining her lane of travel.

## COUNT I:
## NEGLIGENCE OF DEFENDANT ANTHONY Q. NORMAN

15.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 14 above as if fully restated.

16.

Defendant Norman was negligent moving his vehicle from the far-left lane that his vehicle was occupying to the center lane that Plaintiff's vehicle was occupying without first ascertaining

that such movement could be done with safety.

17.

Defendant Norman was further negligent in failing to maintain a proper lookout for the vehicle that Plaintiff was occupying.

18.

At all relevant times, Defendant Norman owed certain civil duties to Plaintiff, and, notwithstanding those duties, Defendant Norman did violate them in the following particulars:

a. In driving too fast for conditions in violation O.C.G.A. § 40-6-180;

b. In improperly changing lanes in violation of O.C.G.A. § 40-6-48;

c. In failing to make reasonable and proper observations while operating his motor vehicle or, if reasonable and proper observations were made, failing to act thereon;

d. In failing to make timely and proper application of his vehicle's brakes in violation of O.C.G.A. § 40-6-241;

e. In failing to observe or undertake the necessary precautions to keep his motor vehicle from colliding with the vehicle that Plaintiff was occupying, in violation of O.C.G.A. § 40-6-390;

f. In driving the 2018 Freightliner Cascade without due caution and circumspection and in a manner to endanger the person and/or property of others in the immediate vicinity in violation of O.C.G.A. § 40-6-241;

g. In operating his vehicle in reckless disregard for the safety of persons and/or property in violation of O.C.G.A. § 40-6-390; and

    h.      In committing other negligent and reckless acts and omissions as may be shown by the evidence and proven at trial.

19.

Defendant Norman's violations of the aforementioned statutory duties of care constitute negligence and negligence *per se.*

## COUNT II:
## NEGLIGENCE OF DEFENDANT CRST EXPEDITED, INC.

20.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 19 above as if fully restated.

21.

At all relevant times, Defendant Norman was an employee or agent of Defendant CRST and was acting within the scope and curse of his employment at the time of the accident.

22.

Defendant CRST had knowledge that Defendant Norman was incompetent to drive or habitually reckless and allowed him access to its motor vehicle.

23.

Defendant CRST failed to conduct a proper background check before hiring Defendant Norman and allowed him access to its motor vehicle.

24.

Defendant CRST is liable for the acts and omissions of Defendant Norman as Defendant CRST's agent and employee at the time of the collision-in-suit under the theory of *respondent superior* and the rules of agency.

25.

Defendant CRST's negligence in allowing Defendant Norman to operate the 2018 Freightliner Cascade was the proximate cause of the subject collision.

## **COUNT III: NEGLIGENCE OF DEFENDANT XYZ CORPORATION**

26.

Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 25 above as if the same were restated herein verbatim.

27.

At all relevant times, Defendant Norman was an employee or agent of Defendant XYZ Corporation and was acting within the scope and curse of his employment at the time of the accident.

28.

Defendant XYZ Corporation had knowledge that Defendant Norman was incompetent to drive or habitually reckless and allowed him access to its motor vehicle.

29.

Defendant XYZ Corporation failed to conduct a proper background check before hiring Defendant Norman and allowed him access to its motor vehicle.

30.

Defendant XYZ Corporation is liable for the acts and omissions of Defendant Norman as Defendant XYZ Corporation's agent and employee at the time of the collision-in-suit under the theory of *respondent superior* and the rules of agency.

31.

Defendant XYZ Corporation's negligence in allowing Defendant Norman to operate the

2018 Freightliner Cascade was the proximate cause of the subject collision.

## COUNT IV:
## IMPUTED LIABILITY OF DEFENDANTS NORMAN, CRST AND XYZ CORPORATION

32.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 31 above as if fully restated.

33.

At the time of the subject collision, Defendant Norman was under dispatch for Defendant CRST and/or Defendant XYZ Corporation.

34.

At the time of the subject collision, Defendant Norman was operating his vehicle on behalf of Defendant CRST and/or Defendant XYZ Corporation.

35.

Defendant CRST and/or Defendant XYZ Corporation is an intrastate or interstate motor carrier, and pursuant to federal and state laws, is responsible for the actions of Defendant Norman in regard to the collision described in this complaint under the doctrine of lease liability, agency or apparent agency.

## COUNT V:
## NEGLIGENT HIRING, TRAINING & SUPERVISION OF DEFENDANT CRST EXPEDITED, INC. AND DEFENDANT XYZ CORPORATION

36.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 35 above as if fully restated.

37.

Defendant CRST and/or Defendant XYZ Corporation was negligent in hiring Defendant Norman and entrusting him to drive the 2018 Freightliner Cascade.

38.

Defendant CRST and/or Defendant XYZ Corporation was negligent in failing to properly train Defendant Norman.

39.

Defendant CRST and/or Defendant XYZ Corporation was negligent in failing to properly supervise Defendant Norman.

40.

Defendant CRST and/or Defendant XYZ Corporation's negligence in hiring Defendant Norman and entrusting him with driving a commercial vehicle and failing to train and supervise him properly was the sole and proximate cause of the subject collision, and Plaintiff's resulting injuries.

## COUNT VI: DAMAGES

41.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 40 above as if fully restated.

42.

As a direct and proximate result of the aforesaid negligence and breaches of duty by Defendants, Plaintiff suffered and will continue to suffer substantial injuries and damages, in an amount to be proven at trial, including reasonable and necessary medical expenses, mental and physical pain and suffering, loss of earnings and earning capacity, personal inconvenience, and an

inability to lead a normal life. All of Plaintiff's damages will continue into the future, to the extent said injuries are permanent.

43.

To date, Plaintiff has incurred the medical expenses in an amount that is not yet determinable.

44.

As a direct and proximate result of Defendants' negligence, Plaintiff will continue to incur future damages, including future medical expenses, in an amount to be proven at trial, for the treatment of injuries sustained in the subject collision.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays and demands as follows:

(a) That Process and Summons issue, as provided by law, requiring Defendants to appear and answer Plaintiff's Complaint;

(b) That service be had upon Defendants as provided by law;

(c) That Plaintiff have and recover general damages from Defendants, as the jury deems are liable to Plaintiff, and in such an amount as the jury deems just and appropriate to fully and completely compensate Plaintiff for all of her injuries and pain and suffering, mental, physical, and emotional, past, present, and future;

(d) That Plaintiff have and recover from Defendants, special damages for past and future medical expenses and loss of income in the past and future in such an amount as shall be proven at trial;

(e) That this matter be tried to a jury of twelve;

(f) That all costs be cast against the Defendants;

(g) For such other and further relief as this Court deems just and appropriate.

Respectfully submitted this 9th day of December, 2022.

/s/ Chloe B. Thompson
_____

Chloe B. Thompson
Georgia Bar No. 729103
*Attorney for Plaintiff*

MORGAN & MORGAN ATLANTA PLLC
178 S. Main Street, Unit 300
Alpharetta, GA 30009
T: (770) 799-2767
F: (770) 800-9848
cthompson@forthepeople.com