IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DAMEON JOHNSON,

Plaintiff(s),

v.

ENTERPRISE LEASING
COMPANY OF GEORGIA, LLC,
ENTERPRISE HOLDINGS, INC, and
ENTERPRISE RENT-A-CAR
COMPANY,

Defendant(s).

Case No.

COMPLAINT

Judge

**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

PLAINTIFF, DAMEON JOHNSON, by and through counsel hereby files this complaint for injunctive relief and damages against the following said parties: ENTERPRISE LEASING COMPANY OF GEORGIA, LLC, ENTERPRISE HOLDINGS, INC., and ENTERPRISE RENT-A-CAR COMPANY, alleging as follows:

NATURE OF ACTION

1. This is an action for breach of contract regarding a purchased damage waiver provision within a rental car agreement between Plaintiff and Defendants,

1

ENTERPRISE HOLDINGS, INC and ENTERPRISE RENT-A-CAR COMPANY, violations of the Debt Collection Practices Act, and negligence regarding Defendants actions towards the Plaintiff in an attempt to resolve this matter outside of the court system as required in the rental car agreement written by the Defendants.

2. Plaintiff is seeking a permanent injunction preventing Defendants from listing erroneous collection activity on Plaintiff's credit reports for all three bureaus, specific performance requiring Defendants to honor the damage waiver purchased by the Plaintiff upon renting the vehicle, civil liability damages as provided for in 15 USCS §1692k, damages for harm to the Plaintiff's peace, happiness, and feelings, attorney's fees, and court costs that have been necessitated by the actions of Defendants, and any and all other relief this Court deems appropriate and just considering the actions of the Defendants.

## THE PARTIES

3. Plaintiff is a resident of the state of Georgia residing in the city of Decatur within Dekalb County.

4. Defendant, ENTERPRISE LEASING COMPANY OF GEORGIA, LLC, is a foreign limited liability company authorized to conduct business within the state of Georgia with a principal place of business in Atlanta, GA. Defendant, ENTERPRISE LEASING COMPANY OF GEORGIA, LLC, hereinafter referred to as ELCG, owns the car rented by the Plaintiff and entered into the car rental agreement, that included a damage waiver provision, with the Plaintiff.

5.   Defendant, ENTERPRISE HOLDINGS, INC., is a corporation organized and existing under the laws of the state of Missouri, with a principal place of business in Saint Louis, MO. Defendant, ENTERPRISE HOLDINGS, INC., hereinafter referred to as EHI, is the parent company of ELCG and has been in communication with the Plaintiff regarding the damage claim on the rented vehicle and is the named company that initiated collection activity unjustly.

6.   Defendant, ENTERPRISE RENT-A-CAR COMPANY, is a corporation organized and existing under the laws of the state of Delaware with a principal place of business in Wilmington, DE. Defendant, ENTERPRISE RENT-A-CAR COMPANY, hereinafter referred to as ERACC, is an affiliate company of ELCG and has been in communication with the Plaintiff regarding the subject damage waiver provision.

## JURISDICTION AND VENUE

7.   This Court has jurisdiction over the debt collection actions under the Debt Collection Practices statutes, 15 USCS § 1692k(d).

8.   The breach of contract action and the negligence action is under this Court's jurisdiction due to complete preemption of the federal causes of action under 15 USCS § 1692k(d).

9.   This Court has personal jurisdiction over ELCG due to the limited liability company's domiciliation within this district.

10. This Court has personal jurisdiction over EHI under Georgia's Long Arm Statute, O.C.G.A. § 9-10-91 by conducting business within this state with sufficient minimum contacts that would avail the Defendant of Georgia personal jurisdiction.

11. This Court has personal jurisdiction over ELCG under Georgia's Long Arm Statute, O.C.G.A. § 9-10-91 by conducting business within this state with sufficient minimum contacts that would avail the Defendant of Georgia personal jurisdiction.

12. Venue is appropriate within this district as one of the Defendants, ELCG, has a principal place of business within this district and a substantial part of the acts and omissions giving rise to this lawsuit occurred in this district.

## FACTS

13. On April 15, 2022, Plaintiff arranged for the rental of a black 2020 Acura TLX SPC2 sedan that would be returned on April 18, 2022 to the Defendant, ELCG. The rental arrangement was memorialized in an agreement by the parties that has been attached as Exhibit A.

14. Included in the rental agreement was an optional protection product entitled, "Damage Waiver, (which may also be known as a loss damage waiver)". Plaintiff paid an additional $21.99USD per day, totaling $87.96USD, in additional charges for the optional protection product.

15. Plaintiff also included in the attached rental agreement an additional driver, Stephen Jackson. Stephen Jackson's authority to drive the above stated vehicle is indicated under the Additional Drivers section of the attached rental agreement.

16.     On the appointed day and time, Stephen Jackson, the authorized driver on the rental agreement, did drive and use the car under the contracted days.

17.     During the term of lease for the vehicle, due to circumstances outside of the control of the Plaintiff or Stephen Jackson, Stephen Jackson was involved in a criminal matter in Jackson, MS on April 17, 2022 which resulted in a police report being filed with the Jackson Police Department. Proof of the filing of the police report is attached as Exhibit B.

18.     On the day in question, Stephen Jackson, an authorized driver on the rental agreement was carjacked by another unknown individual.

19.     Plaintiff became aware of the car theft through communication with the Defendant, ELCG, as the driver of the vehicle at the time of the theft lost access to his cellular device in the car theft.

20.     An invoice from the car tow company indicated that Plaintiff submitted a claim regarding the damage to the vehicle per the additional optional protection purchased with the rental agreement on April 19, 2022. Proof of the loss report date is attached as Exhibit C.

21.     On June 28, 2022, Plaintiff received a letter from Defendant, ERACC, stating that the damage claim was denied. A copy of said correspondence is attached as Exhibit D.

22.     On August 26, 2022, Defendant, ERACC, mailed an invoice to Plaintiff requesting payment for the damage to the vehicle in the amount of $12,358.20.

Payment was either to be remitted from the Plaintiff's personal car insurance or Plaintiff's personal funds. A copy of that correspondence is attached as Exhibit E.

23. Plaintiff was mailed another invoice for the same amount on September 12, 2022. A copy of said correspondence is attached as Exhibit F.

24. Plaintiff has communicated with Defendant, EHI, since May 4, 2022 concerning the car theft damage. Proof of said communication is attached as Composite Exhibit G.

25. Through counsel of record, Plaintiff attempted to resolve the damage waiver claim through pre-dispute correspondence. Proof of the mailed attempts to resolve the matter is attached as Exhibit H.

26. After correspondence with the Defendants failed, counsel of record for the Plaintiff filed a demand for arbitration on October 20, 2022.

27. All three Defendants were properly served with said Demand for Arbitration. A copy of the proof of service of Demand for Arbitration is attached as Composite Exhibit I.

28. All three Defendants ignored the properly served Demand for Arbitration.

29. Three Requests for Missing Items were mailed to all parties, on November 30, 2022, January 6, 2023, and January 30, 2023, with no response from the Defendants. Proof of the mailed Request for Missing Items is attached as Composite Exhibit J.

30. On or around January 26, 2023, counsel for the Plaintiff received a debt collection letter from the Defendant, EHI, stating that Plaintiff's debt was past due

and that the debt had been referred to a law office for collection. Proof of that mailing is attached as Exhibit K.

31. Counsel for Plaintiff called the collection law firm on February 1, 2023 to speak with the case attorney regarding the collection letter to no avail as the case attorney did not come to the phone. The phone call was directed to a voicemail.

32. Counsel for Plaintiff faxed a letter to the collection law firm on February 1, 2023 requesting conference with the case attorney. The letter included the firm's phone number, email address, and postage address. Counsel for the Plaintiff has yet to receive communication regarding the matter. Proof of said communication is attached as Exhibit L.

33. Until the date of the filing of this complaint, Counsel for Plaintiff has not received any communication from the Defendants.

34. Due to Defendants willful silence and obvious disregard for the dispute resolution process as delineated in their contract, Plaintiff has incurred attorney's fees and costs to obtain relief.

35. The actions of Defendant have also caused undue financial burden and mental anguish upon the Plaintiff over the anxiety of a poor credit rating due to the Defendants' failure to approve the submitted damage claim.

36. Plaintiff has been further damaged by the Defendants mailing of the collection letter regarding an amount that is disputed between the parties and has not yet been settled as a debt owed.

## FIRST CAUSE OF ACTION – BREACH OF CONTRACT

37. The Plaintiff realleges and incorporates by reference its allegations in Paragraphs 1 through 36.

38. Plaintiff and Defendant, ELCG, did conduct mutual assent to contract for the leasing of the 2020 Acura TLX SPC2 with a car rental agreement on April 15, 2022.

39. Plaintiff did pay the rental fee for said vehicle and Defendant, ELCG, did provide access to said vehicle in due consideration for the contract.

40. Plaintiff did pay an additional fee for a damage waiver in an abundance of caution should damage occur to the vehicle while in the possession of one of the authorized drivers on the rental agreement.

41. Due to no fault of the Plaintiff or the other authorized driver, damage did occur to the vehicle.

42. Defendants have failed to complete their obligation on the contract by approving the damage claim timely submitted by the Plaintiff.

43. As the Defendants have failed to perform their obligations under the contract, a breach of contract by the Defendants has occurred.

44. Due to the Defendants failure to meet their obligation under the contract, Plaintiff has been damaged in an amount no less than $12,358.20USD, with further damages to be determined by this Court.

## SECOND CAUSE OF ACTION – 15 USCS § 1692e(2)

8

45. Plaintiff realleges and incorporates by reference its allegations in Paragraphs 1 through 36.

46. Defendant did mail to Plaintiff's Counsel a demand for debt to be paid on or around January 26, 2023.

47. In the debt collection letter, Defendant, EHI, asserts that the debt is due and collectable.

48. At the time of the submission of the letter, a Demand for Arbitration was pending.

49. Defendants were all aware of the dispute through valid and proper service of the Demand for Arbitration.

50. The debt that the collection letter claims was due and collectable was still in controversy due to the pending arbitration matter.

51. Therefore, Defendants communicated to Plaintiff a false representation of the legal status of the aforementioned debt.

52. Due to the Defendants' false representation of the debt, civil liability in the amount of $1,000.00USD in damages should be determined to be owed by the Defendants by this Court.

THIRD CAUSE OF ACTION – 15 § USCS 1692e(10)

53. Plaintiff realleges and incorporates by reference its allegations in Paragraphs 1 through 36.

54. Defendant, EHI, did mail to Plaintiff's Counsel a demand for debt to be paid on or around January 26, 2023.

55. At the time of the mailing of the debt collection letter, Defendants were all aware of a pending arbitration matter between the parties regarding the contract in which the Defendants allege that a debt is due and collectable.

56. The submission of the debt to the collections law firm was a false representation and deceptive means to collect a debt that is still in contention between the parties.

57. Therefore, Defendants have used a false representation and deceptive means to collect on a disputed amount categorized by the Defendants as a debt.

58. Due to the Defendants' actions, civil liability in the amount of $1,000.00USD in damages should be determined to be owed by the Defendants by this Court.

FOURTH CAUSE OF ACTION – 15 USCS § 1692f(1)

59. Plaintiff realleges and incorporates by reference its allegations in Paragraphs 1 through 36.

60. Defendant, EHI, did mail to Plaintiff's Counsel a demand for debt to be paid on or around January 26, 2023.

61. At the time of the mailing of the debt collection letter, Defendants were aware of a pending arbitration matter between the parties regarding the contract in which the Defendants allege that a debt is due and collectable.

62. The submission of the letter from the collections law firm to Plaintiff's Counsel does indicate that Defendants are aware of a pending arbitration matter regarding the subject contract between the parties.

63. Defendants have ignored the arbitration provision in their own contract and the communication from the arbitration case manager and determined that a debt was due.

64. The amount in the debt collection letter is the amount in controversy for the arbitrated matter and stems from the contract in which the arbitration proceedings were initiated.

65. At the time of the mailing of the debt collection letter, the debt claimed to be due was not expressly authorized due to the pending dispute.

66. Defendants' actions are unfair and unconscionable to the Plaintiff who has steadily made attempts to resolve this matter according to the subject rental agreement.

67. Therefore, Defendants have used unfair and unconscionable means to collect an amount that is not settled as a debt to be collected.

68. Due to the Defendants' actions, civil liability in the amount of $1,000.00USD in damages should be determined to be owed by the Defendants by this Court.

FIFTH CAUSE OF ACTION – 15 USCS § 1692e(11)

69. Plaintiff realleges and incorporates by reference its allegations in Paragraphs 1 through 36.

70. Defendant, EHI, did mail to Plaintiff's Counsel a debt collection letter on or around January 26, 2023.

71. In said letter, there is no mention that the letter was an attempt to collect a debt and that any information obtained would be used for that purpose. The language of the letter is shown in Exhibit K.

72. 15 USCS § 1692e(11) requires that this language be communicated in every attempt to collect a debt.

73. Though Plaintiff disputes that a debt is owed at all, the mere delivery of a debt letter without the statutorily required language is a violation of the subject statute.

74. Therefore, Defendants have failed to comply with provisions of the Debt Collection Practices Act regarding an amount that is in controversy between the parties.

75. Due to the Defendants' actions, civil liability in the amount of $1,000.00USD in damages should be determined to be owed by the Defendants by this Court.

SIXTH CAUSE OF ACTION – NEGLIGENCE

76. Plaintiff realleges and incorporates by reference its allegations in Paragraphs 1 through 36.

77. The Defendants are corporations created for the benefit and good of the public.

78. The Defendants had a duty to deal with the Plaintiff in a manner that seeks to agree with the terms and spirit of the rental agreement, including the fully paid

damage waiver provision and the mandatory arbitration provision written into the contract by the Defendants.

79. The Defendants failed to deal fairly with the Plaintiff prior to obtaining legal counsel.

80. The Defendants ignored Plaintiff's counsel and any requests to settle the matter prior to the filing of the Demand for Arbitration.

81. The Defendants ignored the properly served demand and the multiple mailings from the arbitration service requesting missing information.

82. The Defendants did send the disputed debt to a collection law firm with the full knowledge that the amount was disputed.

83. The Defendants breached their duty to the public, and most especially to the Plaintiff regarding their performance in the contract.

84. The actual cause of the damage to the Plaintiff's peace, happiness, and feelings were the willful actions of the Defendants.

85. The injury to the Plaintiff was foreseeable under the circumstances as the Defendants sent the mailing to Plaintiff's Counsel and not directly to Plaintiff indicating that they are aware that the Plaintiff is represented regarding this matter.

86. Due to the actions of the Defendants, Plaintiff has suffered emotional distress, depression, and injury to his personal peace, happiness, and feelings to include peace of mind.

87. Therefore, the Defendants should be held liable for negligence regarding their actions toward the Plaintiff concerning the subject rental agreement.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment against the Defendants granting Plaintiff the following relief:

1. A judgment from this Court determining that the Defendants have breached the rental agreement between the parties,
2. A permanent injunction preventing the Defendants from indicating to any of the three credit bureaus that there is an outstanding debt regarding the subject rental agreement,
3. An order of specific performance requiring the Defendants approve the damage waiver provision and absolve the Plaintiff of any liability regarding the damage to the subject vehicle,
4. Damages in the amount of $4,000.00USD for four violations of the Debt Collection Practices Act,
5. Damages to compensate the Plaintiff for the damage to Plaintiff's peace, happiness, and feelings caused by Defendants,
6. An award of costs of suit to include attorney's fees that have resulted from Defendants' behavior, and
7. Any and all other relief this Court deems appropriate and just to properly remedy the harm inflicted on the Plaintiff.

This 18th day of February 2023.

_____
Dominique Young, Esq.
Bar Number: 890409
Dominique Young Law, P.C.
260 Peachtree Street NW
Suite 2200
Atlanta, GA 30303
(p) 866-823-9572
(f) 470-735-4323
(e) attorney@dominiqueyounglaw.com

Counsel for Plaintiff, Dameon Johnson