October 31, 2022



Bekiares Eliezer LLP
2870 Peachtree Rd #512
Atlanta, GA 30305

TEL/FAX: (404) 835-4015
EMAIL: kgroff@founderslegal.com

Ten Sushi Lounge
Attn: George Chen, Hendry Kartasurya, Chef Kiyotaka Kimura, Chef Santo, and Chef Nikki
380 Chambers St.
Woodstock, GA 30188
*info@tensushilounge.com*

<u>*Via Email Only*</u>

      Re:     Trademark Infringement – TEN SUSHI LOUNGE

Dear George Chen, Hendry Kartasurya, Chef Kiyotaka Kimura, Chef Santo, and Chef Nikki:

      This firm represents Wild Apple, Inc d/b/a Eight Sushi Lounge and E Ramen +, a Georgia Corporation ("Eight Sushi Lounge") in connection with its various matters of general and special representation, including trademark and trade dress infringement matters and non-solicitation. Eight Sushi Lounge owns a number of trademarks, including its federally registered word mark EIGHT SUSHI LOUNGE in connection with restaurant services (the "Eight Sushi Lounge Mark") (*see, Exhibit A*).

      Our Client began using the Eight Sushi Lounge Mark as early as May 7, 2015. Through its over seven years of providing exceptional restaurant services and customer services, Eight Sushi Lounge has developed significant goodwill in its trademarks including over 1,494 google reviews with a 4.7 star rating and 975 reviews on OpenTable with a 4.7 star rating (*see, Exhibit B*).

      Our Client has learned that your company is using the trademark TEN SUSHI LOUNGE (the "Infringing Mark"). This trademark is nearly identical to the Eight Sushi Lounge Mark in sound, connotation and appearance (*see, Exhibit C*). Specifically, both the Infringing Mark and Eight Sushi Lounge Mark utilize the words SUSHI LOUNGE and begin with a one syllable, low number. Furthermore, the Infringing Marks uses all capital letters, and the font is nearly identical bearing a sans serif font for all letters not in graphic format. The numbers above the words SUSHI LOUNGE are in a larger font with the words SUSHI LOUNGE in a smaller font directly below.

|  |  |
|---|---|

October 31, 2022

Additionally, you utilize the Infringing Mark to offer restaurant services, specifically sushi restaurant services, which are identical to those offered by our Client to the same consumers as our Client at similar price points. What's more, several of the specific food items offered under our Client's Mark are nearly identical to those offered under the infringing mark, including but not limited to the "White Snow" escolar with garlic butter, +Ten Bennedict, Langoustine, and Wagyu Beef Aburi nigiri (*see, Exhibit D*). Further, not only is Ten Sushi Lounge infringing on Eight Sushi Lounge's trademarks, but it is also infringing on its trade dress, specifically, the identical lay out of the bar back, wood paneling throughout the walls, stained black floor, industrial look and feel, and curved back, natural wood-colored chairs to name a few (*see, Exhibit E*).

Along with our Client's federal trademark rights, given the geographic scope of the two restaurants, i.e. Atlanta and the greater Atlanta area, your use of TEN SUSHI LOUNGE constitutes trademark infringement, unfair competition, and false advertising under the Lanham Act and analogous Georgia laws. Consumers are likely to see your TEN SUSHI LOUNGE infringing trademark and mistakenly believe it is associated with our Client, as they have already done (*see, Exhibit F*).

As another example of confusion, when searching the term "Ten Sushi Lounge," Google returns the below result. As you can see, Google returns our Client's website on the third link down below your Facebook page and website.



In view of Eight Sushi Lounge's trademark registration and senior trademark rights in the area of restaurant services, we require that Ten Sushi Lounge cease and desist use of the Infringing Mark and change its name and trademark to use neither a number nor anything that would create a likelihood of confusion with any Eight Sushi Lounge marks including but not limited to, in all advertising, marketing or other materials, such as the Ten Sushi Lounge website located at: tensushilounge.com, its Facebook page located at:

October 31, 2022

facebook.com/profile.php?id=100076439311598 and Instagram page located at: instagram.com/tensushilounge.

    We are sure you agree that any confusion is bad for both your business and our Client's business. Our understanding is that you have recently begun using the Infringing Mark as of July 2, 2022. Therefore, it will be easier and less disruptive to your business if you rebrand now. If you do not do so voluntarily, my Client will ensure that a court compels you to do so. Moreover, if you continue to infringe a trademark after notification of infringement, the courts consider such infringement "willful" which entitles our Client to receive treble damages in the event of a favorable outcome at trial.

    Lastly, our Client is aware of solicitation of its employees and managers by chefs and managers of Ten Sushi Lounge. Our Client demands that you immediately cease attempts to solicit its staff.

    Please confirm for us today that you have received this letter. Please also confirm that you will have a plan to stop using the Infringing Mark, and similar variations thereof, and soliciting our Client's employees within ten (10) days of the date of this letter so that additional confusion can be avoided. If I do not receive a timely response, our Client will work with the Court to force you to stop using the Infringing Mark.

    Please let me know if you have any questions.

Sincerely,

*Kennington Groff*

Kennington R. Groff, Esq.
Attorney | Bekiares Eliezer, LLP

Main: (404) 537-3686 Ext. 834
Direct: (404) 835-4015
E-mail: kgroff@founderslegal.com

# **Exhibit A**

# United States of America
## United States Patent and Trademark Office

# EIGHT SUSHI LOUNGE

**Reg. No. 5,048,941**  
**Registered Sep. 27, 2016**  
**Int. Cl.: 43**  
**Service Mark**  
**Principal Register**

Wild Apple, Inc. (GEORGIA CORPORATION), DBA Eight Sushi Lounge,
6630 Hampton Rock Lane
Cumming, GA 30041

CLASS 43: Restaurant services featuring sushi

FIRST USE 8-1-2015; IN COMMERCE 8-1-2015

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

No claim is made to the exclusive right to use the following apart from the mark as shown: "SUSHI LOUNGE"

SER. NO. 86-907,727, FILED 02-15-2016
ALICE MEDINA BENMAMAN, EXAMINING ATTORNEY



Director of the United States
Patent and Trademark Office

**Exhibit B**







**Exhibit C**





**EXHIBIT D**

**MENU ITEM COMPARISON**

| Eight Sushi Lounge | Ten Sushi Lounge |
|---|---|
| **GARLIC BUTTERED ESCOLAR** — $17.00<br>Butter garlic sauce walu with, red tobiko, serrano pepper, japanese rice crackers<br> | *White Snow — $16.00<br>Escolar, butter garlic, caviar, pepper & rice crackers.<br> |
| **EGGS BENEDICT** — $15.00<br>Bed of rice, spicy tuna, shiso leaf, sunny side up quail egg<br> | *+TEN Bennedict — $16.00<br>Tempura crunch, spicy tuna, sunny side up quail egg, shiso leaf.<br> |
| **LANGOUSTINE** — $22.00<br>Crispy spicy tuna, crunchy baked scampi<br> | *+Langoustine — $17.00<br>Fried spicy tuna, chopped baby lobster, spicy miso aioli, saffron.<br> |

**WALU (ESCOLAR)** $11.00
Miso, garlic chip



**\*Walu Aburi** $10.00
Seared Escolar with miso glazed, crunchy garlic, scallions.

**WAGYU BEEF (A5 JAPANESE WAGYU, MIYAZAKI, JAPAN)**
Seared $24.00



**\*A5 Wagyu Beef Aburi** $22.00
Seared Wagyu topped with truffle soy, crunchy garlic, caviar.



**Exhibit E**

| Eight Sushi Lounge | Ten Sushi Lounge |
|---|---|
|  |  |






## Exhibit F



