IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| QUIDA GLOVER, | Civil Action No. |
| Plaintiff, | |
| v. | JURY TRIAL DEMANDED |
| PIEDMONT URGENT CARE BY WELLSTREET, LLC, | |
| Defendant. | |

**COMPLAINT FOR DAMAGES**

COMES NOW, Quida Glover ("Plaintiff" or "Ms. Glover"), by and through her undersigned counsel, and files her Complaint for Damages against Defendant Piedmont Urgent Care by Wellstreet, LLC ("Defendant"), and shows the Court as follows:

**NATURE OF COMPLAINT**

1.

Plaintiff brings this action for damages, and reasonable attorney fees against Defendant Piedmont Urgent Care by Wellstreet, LLC ("Defendant") for violations of her rights under the Civil Rights Act of 1991, 42 U.S.C. § 1981, et. seq. ("Section 1981"), and Title VII of the Civil Rights Act of 1964, as amended ("Title VII").

1

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331, 28 U.S.C. §§ 1343, and 42 U.S.C. § 1981.

3.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391, and 42 U.S.C. §1981, venue is appropriate in this Court.

## ADMINISTRATIVE PROCEDURES

4.

Plaintiff has fulfilled all conditions necessary to proceed with this cause of action under Title VII. Plaintiff filed her Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on August 23, 2022; the EEOC issued its Notice of Right to Sue on December 15, 2022.

5.

Plaintiff timely files this action within ninety (90) days of receipt of the Notice of Right to Sue from the EEOC.

## PARTIES

6.

Plaintiff is a dark skinned African American female citizen of the United States of America and is subject to the jurisdiction of this Court.

7.

At all times relevant, Defendant was qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District. During all times relevant hereto, Defendant has employed fifteen (15) or more employees for the requisite duration under the Title VII. Defendant is therefore covered under Title VII in accordance with 42 U.S.C. § 2000e(b).

8.

Defendant may be served with process by delivering a copy of the summons and complaint to its Registered Agent, Corporation Service Company, located at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

## FACTUAL ALLEGATIONS

9.

Ms. Glover began working for Defendant on or about October 13, 2020, as a Temporary Patient Liaison/Screener at Defendant's Ponce De Leon location in Atlanta, Georgia.

10.

On or about May 29, 2022, Defendant made Ms. Glover the Interim Practice Manager for Defendant's Chamblee location.

11.

When Ms. Glover assumed the Interim Practice Manager position, Defendant told Ms. Glover that the position could become permanent if she performed well in the role.

12.

Ms. Glover successfully completed the Practice Manager training after assuming the position.

13.

On or about June 13, 2022, Ms. Glover received an email from Kimberly Dula ("Ms. Dula"), Defendant's Senior Director of Operations, stating that Ms. Glover had "been doing a good job in the few weeks you [Ms. Glover] had been in the role".

14.

On or about June 13, 2022, Ms. Glover had a conversation with Ms. Dula about why Defendant was not making her the permanent Practice Manager.

15.

During the conversation, Ms. Dula told Ms. Glover that "corporate America isn't ready for your big eyelashes and ethnic hair. You would not be accepted in corporate. Maybe you should try wearing mascara. You have to be well polished to fit this role."

16.

Defendant hired a light skinned African American male to permanently fill the Practice Manager position.

17.

On or about July 5, 2022, Ms. Glover submitted her two (2) weeks' notice to Defendant and informed Defendant that her last day of work would be July 18, 2022.

18.

On or about July 5, 2022, Defendant terminated Ms. Glover without allowing her to finish working her two (2) weeks' notice.

19.

Defendant allowed other employees who resigned to finish working out her notice.

20.

On or about June 5, 2022, Ms. Glover reported her termination and Ms. Dula's statements to Ty Houston, Defendant's Chief Compliance Office and Senior Director of Strategy.

21.

On or about June 6, 2022, Ms. Glover reported her termination and Ms. Dula's statements to Defendant's Human Resource Department.

22.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text.

23.

Ms. Glover was treated less favorably in the terms or conditions of employment than others outside of her protected class, i.e., darker skinned African American female.

## **CLAIMS FOR RELIEF**

## **COUNT I:  RACE DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**

24.

Plaintiff re-alleges paragraphs 9-23 as if set forth fully herein.

25.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of her race in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq.

26.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and its discrimination against Plaintiff was undertaken in bad faith.

27.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected her status as an employee because of her race.

28.

As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has been made the victim of acts that have adversely affected her economic, psychological, and physical well-being.

29.

Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful discrimination.

## COUNT II:  COLOR DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

30.

Plaintiff re-alleges paragraphs 9-23 as if set forth fully herein.

31.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of her color in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq.

32.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and its discrimination against Plaintiff was undertaken in bad faith.

33.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected her status as an employee because of her color.

34.

As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has been made the victim of acts that have adversely affected her economic, psychological, and physical well-being.

35.

Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful discrimination.

## COUNT III:  GENDER DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

36.

Plaintiff re-alleges paragraphs 9-23 as if set forth fully herein.

37.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of her gender in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq.

38.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and its discrimination against Plaintiff was undertaken in bad faith.

39.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected her status as an employee because of her gender.

40.

As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has been made the victim of acts that have adversely affected her economic, psychological, and physical well-being.

41.

Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful discrimination.

## COUNT IV:  RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

42.

Plaintiff re-alleges paragraphs 9-23 as if set forth fully herein.

43.

Defendant's actions, as detailed above, in terminating Plaintiff because of her protected activity constitutes unlawful intentional retaliation in violation of Title VII.

44.

Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's retaliation against Plaintiff was undertaken in bad faith.

45.

Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful retaliation.

### COUNT V:  VIOLATION OF 42 U.S.C. § 1981

46.

Plaintiff re-alleges paragraphs 9-23 as if set forth fully herein.

47.

Defendant subjected Plaintiff to discrimination and harassment on the basis of her race, African American.

48.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of race in violation of 42 U.S.C. section 1981.

49.

The effect of the conduct was to deprive Plaintiff of economic opportunites, and otherwise adversely effect Plaintiff's status as an employee, because of her race.

50.

As a direct and proximate result of these actions, Plaintiff has been made a victim of acts that adversely affected her psychological and physical well being.

51.

As a direct and proximate result of Defendant's unlawful employment practices, Plaintiff has been embarrassed, humiliated and has suffered damage to her emotional health, and has lost back pay and front pay.

52.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

53.

Defendant chose not to take appropriate remedial steps to prevent or correct the harassment.

## COUNT VI:  VIOLATION OF 42 U.S.C. § 1981 RETALIATION

54.

Plaintiff re-alleges paragraphs 9-23 as if set forth fully herein.

55.

Plaintiff engaged in protected conduct when they complained about race-based discrimination.

56.

Defendant subjected Plaintiff to adverse employment actions after Plaintiff engaged in protected conduct.

57.

There was a causal connection between the protected conduct and the adverse action.

58.

As a direct and proximate result of these actions, Plaintiff has suffered damages.

59.

Defendant, therefore, is liable for the damages caused proximately resulting from its retaliation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment as follows:

(a) General damages for mental and emotional suffering caused by Defendant's misconduct;

(b) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c) Reasonable attorney's fees and expenses of litigation;

(d) Trial by jury as to all issues;

(e) Prejudgment interest at the rate allowed by law;

(f) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(g) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(h) All other relief to which Plaintiff may be entitled.

Respectfully submitted this 20th day of February 2023.

**BARRETT & FARAHANY**

*/s/ Ianna Richardson*

Ianna O. Richardson
Georgia Bar No. 655153
Benjamin J. Rollins
Georgia Bar No. 613751

*Attorneys for Plaintiff*

P.O. Box 530092
Atlanta, Georgia 30353
T: (404) 214-0120
ianna@justiceatwork.com
benjamin@justiceatwork.com