IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| LAKENYA K. MONFORT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE NO. |
| | ) | _____ |
| TRANS UNION RENTAL | ) | |
| SCREENING SOLUTIONS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Pursuant to Federal Rule of Civil Procedure 8, Plaintiff LaKenya K. Monfort respectfully shows the Court the following:

Parties, Jurisdiction and Venue

1. Ms. Monfort is an individual and a resident of the State of Georgia.

2. Defendant Trans Union Rental Screening Solutions, Inc. ("Trans Union") is a Delaware corporation. Trans Union is authorized to transact business in the State of Georgia, is subject to the jurisdiction of this Court and may be served with process by serving its registered agent, Prentice-Hall Corporation Systems, at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

3. The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 because the claims asserted in this civil action arise

under the laws of the United States, specifically the Fair Credit Reporting Act (the "FCRA"), 15 U.S.C. § 1681 *et seq.*

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) and this Division pursuant to Local Rule 3.1B(1).

## Factual Background

5. Ms. Monfort is a "consumer" under 15 U.S.C. § 1681a(c).

6. Trans Union is a "consumer reporting agency" under 15 U.S.C. § 1681a(f).

7. Trans Union provides background screening services including consumer reports to landlords and property managers in the rental housing industry.

8. As a consumer reporting agency and pursuant to 15 U.S.C. § 1681g, Trans Union is required "upon request" to:

> clearly and accurately disclose to the consumer: (1) All information in the consumer's file at the time of the request … (2) The sources of the information … [and] (3) Identification of each person … that procured a consumer report [about the consumer] … during the 1-year period preceding the date on which the request is made.

Disclosures made by consumer reporting agencies pursuant to 15 U.S.C. § 1681g are commonly referred to as "file disclosures."

9. Trans Union has actual knowledge of its obligations under 15 U.S.C. § 1681g.

10. On or about October 25, 2022, Ms. Monfort exercised her rights under 15 U.S.C. § 1681g and requested that Trans Union provide her with a file disclosure.

11. Ms. Monfort made her request for a file disclosure *via* an email sent to the email address provided to her by Trans Union for purposes of making file disclosure requests.

12. Trans Union did not respond to Ms. Monfort's file disclosure request and did not provide her with a file disclosure as required by 15 U.S.C. § 1681g, thereby violating that statute.

13. As a proximate result of Trans Union's violation of 15 U.S.C. § 1681g, Ms. Monfort has suffered actual damages, including (i) an informational injury because she was denied a file disclosure as guaranteed by law and (ii) emotional distress and anxiety because she was and is concerned that her Trans Union file contains inaccurate and/or information older than seven years, which could preclude her from obtaining housing.

## Count 1 – Violation of 15 U.S.C. § 1681g

14. Trans Union violated 15 U.S.C. § 1681g by failing to provide Ms. Monfort with a file disclosure in response to her request.

15. Trans Union's violation of 15 U.S.C. § 1681g was negligent, or in the alternative, willful.

16. As a proximate result thereof, Ms. Monfort has suffered and is entitled to recover actual damages, as alleged in Paragraph 13 above, in an amount to be proven at trial and as allowed by 15 U.S.C. § 1681n(a)(1)(A) or 15 U.S.C. § 1681o(a)(1).

17. In the alternative and as a result of Trans Union's reckless and willful violation of 15 U.S.C. § 1681g, Ms. Monfort is entitled to recover statutory damages in the amount of $1,000 as allowed by 15 U.S.C. § 1681n(a)(1)(A).

18. As a result of Trans Union's reckless and willful violations of 15 U.S.C. § 1681g, Ms. Monfort is entitled to recover punitive damages as allowed by 15 U.S.C. § 1681n(a)(2).

19. Ms. Monfort is also entitled to recover the costs of this action and her reasonable attorneys fees as allowed by 15 U.S.C. § 1681n(a)(3) or 15 U.S.C. § 1681o(a)(2).

WHEREFORE, Ms. Monfort respectfully prays that the Court:

1. Issue process to the Defendant;

2. Conduct a trial by jury of all claims asserted herein;

3. Enter judgment in favor of Ms. Monfort as consistent with the jury's verdict; and

4. Grant Ms. Monfort such other and further relief as it deems just and necessary.

This 20th day of February, 2023.

| | |
|---|---|
| **McRAE BERTSCHI & COLE LLC**<br>1872 Independence Square, Suite D<br>Dunwoody, Georgia 30338<br><br>*Counsel for Plaintiff* | */s/ Craig E. Bertschi*<br>Craig E. Bertschi<br>Georgia Bar No. 055739<br>ceb@mcraebertschi.com<br>678.999.1102<br><br>Charles J. Cole<br>Georgia Bar No. 176704<br>cjc@mcraebertschi.com<br>678.999.1105 |