# EXHIBIT A
# to Kinsale's Notice of Removal (Pleadings - Summons/ Complaint)

E-FILED IN OFFICE - CE
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA
22-A-10815-7
12/21/2022 11:59 AM
TIANA P. GARNER, CLERK

IN THE SUPERIOR COURT OF GWINNETT COUNTY

STATE OF GEORGIA

NETHERWORLD HAUNTED ATTRACTIONS, LLC,

PLAINTIFF

CIVIL ACTION NUMBER: 22-A-10815-7

VS.

DONAT INSURANCE SERVICES, LLC,

KINSALE INSURANCE COMPANY and

LEIGH ADAMCZAK,

DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

STEVEN J. STRELZIK
LAW OFFICES OF STEVEN J. STRELZIK, P.C.
SUITE 3000
5 CONCOURSE PARKWAY
ATLANTA, GEORGIA  30328

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____DECEMBER_____, 20 _22_ .

21st day of December, 2022

Tiana P. Garner

~~Richard T. Alexander, Jr.,~~
**Clerk of Superior Court**

By_____Calah Everett_____
**Deputy Clerk**

INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

E-FILED IN OFFICE - CE
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA
22-A-10815-7
12/21/2022 11:59 AM
TIANA P. GARNER, CLERK

## General Civil and Domestic Relations Case Filing Information Form

☒ Superior or ☐ State Court of ____Gwinnett Superior Court____ County

| For Clerk Use Only | 22-A-10815-7 |
|---|---|
| Date Filed _____ MM-DD-YYYY | Case Number _____ |

**Plaintiff(s)**
NETHERWORLD HAUNTED ATTRACTIONS, LLC

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |

**Defendant(s)**
DONAT INSURANCE SERVICES, LLC

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| KINSALE INSURANCE COMPANY | | | | |
| Last | First | Middle I. | Suffix | Prefix |
| ADAMCZAK, LEIGH | | | | |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |

**Plaintiff's Attorney** ___Steven J Strelzik___ **State Bar Number** ___687025___ **Self-Represented** ☐

**Check one case type and one sub-type in the same box (if a sub-type applies):**

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☒ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☒ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

___22-A-08830-7___  _____
Case Number         Case Number

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ Language(s) Required

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

Version 1.1.20

E-FILED IN OFFICE - CE
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA

**22-A-10815-7**
**12/21/2022 11:59 AM**
TIANA P. GARNER, CLERK

THE SUPERIOR COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | |
|---|---|
| NETHERWORLD HAUNTED ATTRACTIONS, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>DONAT INSURANCE SERVICES, LLC, KINSALE INSURANCE COMPANY and LEIGH ADAMCZAK,<br><br>    Defendants. | CIVIL ACTION FILE<br><br>    22-A-10815-7<br>NO. _____ |

**COMPLAINT FOR DAMAGES,
DECLARATORY JUDGMENT AND
EQUITABLE RELIEF**

COMES NOW Netherworld Haunted Attractions, LLC ("Netherworld") states its Complaint for Damages, Declaratory Judgment and Equitable Relief against Donat Insurance Services, LLC ("Donat"), Kinsale Insurance Company ("Kinsale") and Leigh Adamczak ("Ms. Adamczak") (Donat, Kinsale and Ms. Adamczak being collectively referred to as "Defendants"), as follows:

*Jurisdiction and Venue*

1.

Netherworld is a Georgia limited liability company having its principal place of business at 1313 Netherworld Way, Stone Mountain, Gwinnett County, Georgia 30087 (formerly known as 2076 West Park Place Boulevard, Stone Mountain, Gwinnett County, Georgia 30087) (the "Netherworld Location").

2.

Donat is a Wisconsin limited liability company transacting business within the State of Georgia but having never registered with the Georgia Secretary of State. Donat is subject to the jurisdiction of this Court by virtue of Donat's having transacted business in Gwinnett County, Georgia, and this action having arisen from those business transactions.

3.

Upon information and belief, Kinsale is an Arkansas domestic surplus lines insurer operating on a non-admitted basis in forty-nine (49) states, the District of Columbia, Puerto Rico and the U.S. Virgin Islands. Kinsale has its principal place of business in Richmond, Virginia and is subject to the jurisdiction of this Court by Kinsale's having transacted business in Gwinnett County, Georgia, and this action having arisen from those business transactions.

4.

Ms. Adamczak is an individual believed to reside at 7185 East Main Street, Unit 1697, Reynoldsburg, Franklin County, Ohio 43068. Ms. Adamczak is subject to the jurisdiction of this Court as a result of having transacted business in Gwinnett County, Georgia, and as a result of having committed tortious acts resulting in damages within Gwinnett County, Georgia.

5.

Venue of this action is properly vested in the Superior Court located in Gwinnett County, Georgia.

***Statement of Facts***

6.

Netherworld has operated seasonal, self-guided, walk-through attractions since 1997. The attractions operated by Netherworld during 2020 and 2021 include, without limitation, two (2)

indoor haunted house attractions, four (4) escape room games, an outdoor laser tag game and supporting attractions such as a gift shop at the Netherworld Location. Additionally, Netherworld operates at least one (1) event off-site annually (the indoor haunted house attractions, escape room games, laser tag game and off-site events are collectively referred to herein as the "Netherworld Attractions").

7.

Donat is an independent insurance agency offering insurance coverage of many types to individuals around the country. Upon information and belief, Donat specializes in providing insurance coverage for unique needs including, without limitation, haunted house attractions, escape room attractions and music festivals.

8.

Ms. Adamczak is, and has been, employed by Donat at all times relevant to the actions set forth in this Complaint. Upon information and belief, Ms. Adamczak holds or, until recently has held, an ownership interest in Donat. The actions that Ms. Adamczak took, or failed to take, as set forth in this Complaint were at all times taken in her capacity as an employee or representative of Donat.

9.

Kinsale, at the request of Ms. Adamczak, was to provide commercial excess liability insurance coverage for Netherworld during the period beginning August 28, 2020 through August 28, 2021 and October 14, 2021 through August 28, 2022 (collectively, the "Policies").

10.

Donat had provided Netherworld insurance coverage for its on-site and off-site activities for at least eight (8) years prior to the Policies underlying the claims set forth in this Complaint.

During the years prior to the Policies being issued the Netherworld account with Donat was handled by Kenneth Donat ("Mr. Donat"). Mr. Donat passed away May 2, 2020.

11.

Following Mr. Donat's passing Ms. Adamczak contacted Netherworld stating that she owned an interest in Donat, was familiar with the account and insurance needs of Netherworld and that she would continue to provide Netherworld with the service to which they had become accustomed while dealing with Mr. Donat. In reliance upon these representations Netherworld went forward with Ms. Adamczak and Donat to secure insurance coverage for the Netherworld Attractions to be operated between August 28, 2020 and August 28, 2021, including, without limitation, commercial excess liability insurance.

12.

Ms. Adamczak reported to Netherworld that her search for commercial excess liability coverage resulted in limited availability of such coverage and Ms. Adamczak advised Netherworld to purchase the excess liability coverage from Kinsale. Ms. Adamczak advised Netherworld to purchase minimum coverage in light of the potential effects of the covid pandemic on attendance at the Netherworld Attractions.

13.

Relying upon Ms. Adamczak's representations of the cost of the excess commercial liability insurance policy for August 28, 2020 through August 28, 2021, Netherworld purchased that excess commercial liability insurance policy from Kinsale ("Policy #1") through Donat and Ms. Adamczak. Policy #1 was designated Policy Number 0900095300-1 by Kinsale.

14.

On or about October 8, 2020, Netherworld informed Ms. Adamczak that projected

attendance at the Netherworld Attractions was expected to be as high as Twenty-Five Thousand (25,000). Then, on or about October 21, 2020, Netherworld informed Ms. Adamczak that projected attendance at the Netherworld Attractions was expected to be as high as Thirty-Five Thousand (35,000) rather than the previously anticipated high of Twenty-Five Thousand (25,000). Ms. Adamczak reported the expected increase in attendance to Western World Insurance, the insurer that had issued Netherworld's general liability coverage.

15.

Ms. Adamczak should have reported the change in the number of anticipated attendees, and therefor sales volume, to Kinsale as well, but did not. Had she reported the expected increase in sales to Kinsale a revised premium would have been generated and Netherworld would have had the opportunity to cancel Policy #1 with little or no amounts owed to Kinsale.

16.

Upon the expiration of Policy #1 Netherworld again requested Ms. Adamczak obtain insurance coverage for the Netherworld Attractions. Ms. Adamczak, acting on her own behalf and on behalf of Donat, reported to Netherworld explaining that her research showed that Kinsale was again the only viable option for the umbrella coverage Netherworld wanted to obtain.

17.

Ms. Adamczak did not advise Netherworld that the premium for the requested coverage would be substantially different than the premium for Policy #1. Based upon the advice provided by Ms. Adamczak Netherworld renewed the excess commercial liability insurance policy with Kinsale for the period October 14, 2021 through and until August 28, 2022 ("Policy #2"). Policy #2 was designated Policy Number 0100166459-0 by Kinsale.

18.

The Policies were audited remotely by EXLService Holdings, Inc. or an affiliate of EXLService Holdings, Inc. ("EXL") based solely upon information requested and provided by Netherworld. EXL performed these audits on behalf of Kinsale.

19.

Donat first reported the results of the audit of Policy #2 to Netherworld. This report found that Netherworld owed Kinsale an additional premium payment and sales tax totaling Twelve Thousand Two Hundred Thirty-Six and 64/100 Dollars ($12,236.64).

20.

Donat next reported the results of the audit of Policy #1 to Netherworld. This report found that Netherworld owed Kinsale an additional premium payment and sales tax totaling Eighty-Seven Thousand Eight Hundred Three and 04/100 Dollars ($87,803.04).

21.

Had Netherworld been correctly advised of the cost of the Kinsale insurance coverage provided by Netherworld would not have purchased nor would Netherworld have continued that coverage.

*Count One – Breach of Contract*

22.

Netherworld incorporates by reference herein the allegations set forth in paragraphs 1 through 21, inclusive, as though fully set forth herein, verbatim.

23.

Netherworld contracted with Donat to procure general liability and excess commercial liability insurance coverage upon terms and conditions acceptable to Netherworld.

24.

Upon learning that Donat could not procure the excess commercial liability insurance coverage requested by Netherworld at a reasonable price Ms. Adamczak, acting on behalf of Donat, caused Donat to breach its contract with Netherworld by misrepresenting the cost of that insurance coverage.

25.

Donat further breached its contractual responsibility to Netherworld by Ms. Adamczak having failed to properly determine the cost of the excess commercial liability insurance coverage and failing to properly inform Netherworld of the same.

26.

Donat further breached its contractual responsibility to Netherworld by Ms. Adamczak having failed to inform Kinsale of the expected increase in attendance at the Netherworld Attractions when she informed Western World Insurance of the same.

27.

Donat's breach of its contractual obligations to Netherworld have caused Netherworld to suffer damages in an amount believed to be not less than Ninety-Nine Thousand and no/100 Dollars ($99,000.00), which amount will be more particularly proven upon trial of this matter.

*Count Two – Negligence*

28.

Netherworld incorporates by reference herein the allegations set forth in paragraphs 1 through 27, inclusive, as though fully set forth herein, verbatim.

29.

Donat and Ms. Adamczak owed a duty to Netherworld that included, amongst other things,

the duty to obtain the excess commercial liability insurance in amounts reasonably expected to cover any losses Netherworld might suffer as a result of injuries suffered by third parties at the Netherworld Attractions.

30.

Donat and Ms. Adamczak owed a duty to Netherworld that included, amongst other things, the duty to obtain the Policies at prices properly disclosed to Netherworld and competitive in amount with similar policies.

31.

Donat and Ms. Adamczak owed a duty to Netherworld that included, amongst other things, the duty to inform Netherworld of conditions precedent to coverage being effective under the Policies.

32.

Netherworld's trust or confidence in Ms. Adamczak and Donat was relaxed in consideration of the payment each of those defendants earned by procuring the Policies for Netherworld.

33.

The Policies provide on the Nineteenth (19th) page of each of them:

This insurance does not apply to any claim or suit for bodily injury, property damage, personal and advertising injury or damage arising directly or indirectly out of, related to, or in any way involving your operations, unless a release, assumption of the risk or waiver of liability form signed by every person participating in the activity has been obtained by you. Should any minors be participating in any activities, the minors' parent or legal guardian must sign such release or form.

34.

Neither Ms. Adamczak nor anyone else acting on behalf of Donat or Kinsale informed Netherworld or its representatives of the existence of the provision set forth in paragraph 33, above. Being unaware of that provision Netherworld continued conducting its business without obtaining the releases, assumption of risk or waiver of liability forms from its customers, employees and other persons "participating in the activity."

35.

Netherworld's failure to obtain the required documents from its customers and others vitiated any coverage Netherworld thought it had obtained from Kinsale through the purchase of the Policies.

36.

The Policies afforded Netherworld no coverage with the required documents referred to in paragraph 33, above. As a result, the Policies had little to no value to Netherworld and placed little to no risk on Kinsale.

37.

The negligence of Donat and Ms. Adamczak in procuring the Policies for Netherworld has caused Netherworld to suffer damages in an amount believed to be not less than Ninety-Nine Thousand and no/100 Dollars ($99,000.00), which amount will be more particularly proven upon trial of this matter.

*Count Three – Failure of Consideration*

38.

Netherworld incorporates by reference herein the allegations set forth in paragraphs 1 through 37, inclusive, as though fully set forth herein, verbatim.

39.

The coverage Netherworld sought in purchasing the Policies from Kinsale, and for which Netherworld agreed to pay certain premiums, was not obtained by Netherworld due to the language set forth in paragraph 33, above.

40.

The Policies issued by Kinsale did "not apply to any claim or suit for bodily injury, property damage, personal and advertising injury or damage arising directly or indirectly out of, related to, or in any way involving [Netherworld's] operations, unless a release, assumption of the risk or waiver of liability form signed by every person participating in the activity has been obtained by [Netherworld]." And, if a release, assumption of the risk or waiver of liability form had been signed by every person participating in Netherworld's Attractions had been obtained by Netherworld the coverage afforded by the Policies would have been meaningless.

41.

The failure of the Policies to insure against losses resulting from the language of the Policies set out in paragraph 33, above, result from conditions precedent to that coverage taking affect. The lack of such coverage constitutes either a failure of consideration or a partial failure of consideration requiring Kinsale to forego the premium amounts sought from Netherworld as a result of the audits conducted by EXL and a return of any premiums paid by Netherworld in connection with the Policies.

### Count Four – Declaratory Judgment

42.

Netherworld incorporates by reference herein the allegations set forth in paragraphs 1 through 41, inclusive, as though fully set forth herein, verbatim.

43.

Kinsale has made demand for payment of more than One Hundred Thousand and no/100 Dollars ($100,000.00) in additional premiums based upon increased risks Kinsale claimed EXL uncovered in its audits.

44.

Upon information and belief, during the audits conducted by EXL the issue of coverage was not considered. Had EXL based its additional premium calculations on actual coverage afforded Netherworld by the Policies no additional premiums would have been demanded.

45.

This case involves an actual controversy of a judicable nature between the parties concerning their respective rights and legal relations under the Policies. A declaratory judgment should be issued by the Court, pursuant to O.C.G.A. §§ 9-4-1 et seq., that the Policies are void in whole or part which would terminate the uncertainty or controversy giving rise to this civil action.

46.

Netherworld is in need of intervention by the Court to settle and afford relief from uncertainty and insecurity with respect to their obligations and legal relationship with Kinsale with regard to the Policies and the ends of justice require that the declaration be made.

### *Count Five – Attorney's Fees and Costs*

47.

Netherworld incorporates by reference herein the allegations set forth in paragraphs 1 through 46, inclusive, as though fully set forth herein, verbatim.

48.

As described herein, Donat, Ms. Adamczak and Kinsale have each acted in bad faith, have

each been stubbornly litigious, and have each caused Netherworld unnecessary trouble and expense by, among other things, causing Netherworld to purchase and become a party to the Policies while failing to provide the coverage Netherworld needed and for which it paid.

49.

Therefore, pursuant to O.C.G.A. § 13-6-11, Netherworld is entitled to recover their expenses of litigation, including, without limitation, its reasonable attorney's fees, from Donat, Ms. Adamczak and Kinsale, jointly and severally.

### *Count Six – Punitive Damages*

50.

Netherworld incorporates by reference herein the allegations set forth in paragraphs 1 through 49, inclusive, as though fully set forth herein, verbatim.

51.

The acts complained of in Count Two, above, demonstrate by clear and convincing evidence, that the actions of Donat and Ms. Adamczak showed willful misconduct, malice, fraud, wantonness, oppression or that entire want of care which would raise the presumption of conscious indifference to consequences.

52.

Further, the acts complained of in Count Two, above, demonstrate that such acts permit Netherworld to recover punitive damages from Donat and Ms. Adamczak, jointly and severally, in an amount to be determined by an impartial jury, in its discretion, calculated to deter Donat and/or Ms. Adamczak from acting in the same manner in the future.

For the reasons set forth in this Complaint, Netherworld respectfully prays for the Court:

(a)   To enter judgment in favor of Netherworld as to the claims asserted in Count One of

the Complaint in an amount to be proven with particularity upon trial of this matter;

(b) To enter judgment in favor of Netherworld as to the claims asserted in Count Two of the Complaint in an amount to be proven with particularity upon trial of this matter;

(c) To enter judgment in favor of Netherworld as to the claims asserted in Count Three of the Complaint, finding that Netherworld is entitled to return of premiums paid and relief from premiums claimed due by Kinsale in amounts to be proven with particularity upon trial of this matter;

(d) To expeditiously make and enter a Declaratory Judgment settling their obligations and legal relationship with Kinsale with regard to the premiums for the Policies, as set forth in Count Four of the Complaint;

(e) To award Plaintiffs their expenses of litigation, including costs and reasonable attorney's fees pursuant to Count Five of the Complaint;

(f) To award Plaintiffs a judgment for punitive damages against Donat and Ms. Adamczak, jointly and severally, as set forth in Count Six of the Complaint;

(g) To grant such other and further relief to Netherworld as the Court considers just and appropriate under the circumstances; and

(h) That this matter be tried before a jury of twelve (12).

Respectfully submitted,

/s/ Steven J. Strelzik
Steven J. Strelzik, Esq.
State Bar of Georgia No. 687025
sstrelzik@sjslawga.com
*Attorney for Plaintiff*

Law Offices of Steven J. Strelzik, P.C.
Suite 3000
5 Concourse Parkway
Atlanta, Georgia  30328
(770) 730-2515