EXHIBIT C
to Kinsale's Notice of Removal
(Kinsale served pleadings -
Kinsale's Answer to Plaintiff's
Complaint and Kinsale's
Counterclaim

## IN THE SUPERIOR COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| NETHERWORLD HAUNTED ATTRACTIONS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> DONAT INSURANCE SERVICES, LLC, KINSALE INSURANCE COMPANY, and LEIGH ADAMCZAK, <br><br> Defendants. | CIVIL ACTION FILE NO.: 22-A-10815-7 |

### KINSALE INSURANCE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES, DECLARATORY JUDGMENT AND EQUITABLE RELIEF AND COUNTERCLAIM

COMES NOW, KINSALE INSURANCE COMPANY ("Kinsale"), by and through its undersigned counsel, and files its Answer and Affirmative Defenses to Plaintiff NETHERWORLD HAUNTED ATTRACTIONS, LLC's ("Netherworld") Complaint for Damages, Declaratory Judgment, and Equitable Relief and Counterclaim, showing the Court as follows:

### FIRST DEFENSE

As a First Defense, Kinsale responds to the allegations of Plaintiff's Complaint for Damages as follows:

### PRELIMINARY STATEMENT

In answering Plaintiff's Complaint and responding to the allegations in the individually numbered paragraphs, Kinsale states that it is responding to the allegations on behalf of itself only, even where the allegations pertain to alleged conduct by other defendants.

## JURISDICTION AND VENUE

1. Kinsale lacks sufficient information to admit or deny the allegations in Paragraph 1 of the Complaint, and, therefore, those allegations stand denied.

2. Kinsale lacks sufficient information to admit or deny the allegations in Paragraph 2 of the Complaint, and, therefore, those allegations stand denied.

3. Kinsale admits that it is Arkansas corporation that has a principal place of business in Richmond, Virginia and is eligible to issue policies in the United States, the District of Columbia, Puerto Rico, and the U.S. Virgin Islands. The remaining allegations contained in Paragraph 3 call for a legal conclusion regarding jurisdiction and venue to which no response is required.

4. Kinsale lacks sufficient information to admit or deny the allegations in Paragraph 4 of the Complaint, and, therefore, those allegations stand denied.

5. Paragraph 5 calls for a legal conclusion to which no response is required. To the extent a further response is required, the allegations in Paragraph 5 stand denied.

## STATEMENT OF FACTS

6. Kinsale lacks sufficient information to admit or deny the allegations in Paragraph 6 of the Complaint, and, therefore, those allegations stand denied.

7. Kinsale lacks sufficient information to admit or deny the allegations in Paragraph 7 of the Complaint, and, therefore, those allegations stand denied.

8. Kinsale lacks sufficient information to admit or deny the allegations in Paragraph 8 of the Complaint, and, therefore, those allegations stand denied.

9. Kinsale admits that it was contacted by Leigh Adamczak of Donat Insurance Services, LLC to procure commercial excess liability insurance policies for Netherworld, which policies were issued for the policy period of August 28, 2020 through August 28, 2021 ("Policy #1") and October 14, 2021 to August 28, 2022 ("Policy #2) (collectively the "Kinsale Policies"). Kinsale further admits that Policy #2 was cancelled by endorsement on December 18, 2021.

10. Kinsale lacks sufficient information to admit or deny the allegations in Paragraph 10 of the Complaint, and, therefore, those allegations stand denied.

11. Kinsale admits that Netherworld procured Policy #1 with Kinsale. Kinsale lacks sufficient information to admit or deny the remaining allegations in Paragraph 11 of the Complaint, and, therefore, those allegations stand denied.

12. Kinsale lacks sufficient information to admit or deny the allegations in Paragraph 12 of the Complaint, and, therefore, those allegations stand denied.

13. Kinsale admits that Netherworld procured Policy #1 with Kinsale. Kinsale lacks sufficient information to admit or deny the remaining allegations in Paragraph 13 of the Complaint, and, therefore, those allegations stand denied.

14. Kinsale lacks sufficient information to admit or deny the allegations in Paragraph 14 of the Complaint, and, therefore, those allegations stand denied.

15. Kinsale admits that it was not advised by Ms. Adamczak regarding a change in the number of anticipated attendees at Netherworld. Kinsale lacks sufficient information to admit or deny the remaining allegations in Paragraph 15 of the Complaint, and, therefore, those allegations stand denied.

16. Kinsale lacks sufficient information to admit or deny the allegations in Paragraph 16 of the Complaint, and, therefore, those allegations stand denied.

17. Kinsale admits Netherworld purchased Policy #2 with Kinsale, for the period of October 14, 2021 through and until August 28, 2022, designated as Policy Number 0100166459-0, however this policy was cancelled by endorsement on December 18, 2021. Kinsale lacks sufficient information to admit or deny the remaining allegations in Paragraph 17 of the Complaint, and, therefore, those allegations stand denied.

18. Kinsale admits the Policies were audited by EXLService Holdings, Inc. ("EXL") and/or EXL's affiliate, on Kinsale's behalf. Kinsale lacks sufficient information to admit or deny the remaining allegations in Paragraph 18 of the Complaint, and, therefore, those allegations stand denied.

19. Kinsale admits EXL's audit of Policy #2 determined that Netherworld owed Kinsale an additional premium payment. Kinsale lacks sufficient information to admit or deny the remaining allegations in Paragraph 19 of the Complaint, and, therefore, those allegations stand denied.

20. Kinsale admits EXL's audit of Policy #1 determined that Netherworld owed Kinsale an additional premium payment in the amount of $84,426.00 Kinsale lacks sufficient information to admit or deny the remaining allegations in Paragraph 20 of the Complaint, and, therefore, those allegations stand denied.

21. Kinsale lacks sufficient information to admit or deny the allegations in Paragraph 21 of the Complaint, and, therefore, those allegations stand denied.

## COUNT ONE – BREACH OF CONTRACT

22. Kinsale incorporates and reasserts its objections and responses to Paragraphs 1-21 as if fully set forth herein.

23. The allegations in Paragraph 23 of the Complaint do not pertain to Kinsale, therefore no response is required. To the extent a response may be required, Kinsale lacks sufficient information to admit or deny the allegations in Paragraph 23 of the Complaint, and, therefore, those allegations stand denied.

24. The allegations in Paragraph 24 of the Complaint do not pertain to Kinsale, therefore no response is required. To the extent a response may be required, Kinsale lacks sufficient information to admit or deny the allegations in Paragraph 24 of the Complaint, and, therefore, those allegations stand denied.

25. The allegations in Paragraph 25 of the Complaint do not pertain to Kinsale, therefore no response is required. To the extent a response may be required, Kinsale lacks sufficient information to admit or deny the allegations in Paragraph 25 of the Complaint, and, therefore, those allegations stand denied.

26. The allegations in Paragraph 26 of the Complaint do not pertain to Kinsale, therefore no response is required. To the extent a response may be required, Kinsale lacks sufficient information to admit or deny the allegations in Paragraph 26 of the Complaint, and, therefore, those allegations stand denied.

27. The allegations in Paragraph 27 of the Complaint do not pertain to Kinsale, therefore no response is required. To the extent a response may be required, Kinsale lacks sufficient information to admit or deny the allegations in Paragraph 27 of the Complaint, and, therefore, those allegations stand denied.

## **COUNT TWO – NEGLIGENCE**

28. Kinsale incorporates and reasserts its objections and responses to Paragraphs 1-27 as if fully set forth herein.

29. The allegations in Paragraph 29 of the Complaint do not pertain to Kinsale, therefore no response is required. To the extent a response may be required, Kinsale lacks sufficient information to admit or deny the allegations in Paragraph 29 of the Complaint, and, therefore, those allegations stand denied.

30. The allegations in Paragraph 30 of the Complaint do not pertain to Kinsale, therefore no response is required. To the extent a response may be required, Kinsale lacks sufficient information to admit or deny the allegations in Paragraph 30 of the Complaint, and, therefore, those allegations stand denied.

31. The allegations in Paragraph 31 of the Complaint do not pertain to Kinsale, therefore no response is required. To the extent a response may be required, Kinsale lacks sufficient information to admit or deny the allegations in Paragraph 31 of the Complaint, and, therefore, those allegations stand denied.

32. The allegations in Paragraph 32 of the Complaint do not pertain to Kinsale, therefore no response is required. To the extent a response may be required, Kinsale lacks sufficient information to admit or deny the allegations in Paragraph 32 of the Complaint, and, therefore, those allegations stand denied.

33. Admitted that the Kinsale Policy speaks for itself. To the extent the allegations of Paragraph 33 are inconsistent with the terms of the Kinsale Policy, those allegations stand denied.

34. Kinsale lacks sufficient information to admit or deny the allegations in Paragraph 34 of the Complaint, and, therefore, those allegations stand denied.

35. Paragraph 35 calls for a legal conclusion to which no response is required. To the extent a response is required, admitted that the Kinsale Policies speak for themselves. To the extent the allegations of Paragraph 35 are inconsistent with the terms of the Kinsale Policies, those allegations stand denied.

36. Paragraph 36 calls for a legal conclusion to which no response is required. To the extent a response is required, admitted that the Kinsale Policies speak for themselves. To the extent the allegations of Paragraph 36 are inconsistent with the terms of the Kinsale Policies, those allegations stand denied. Kinsale denies any and all remaining allegations contained in Paragraph 36 of the Complaint.

37. The allegations in Paragraph 37 of the Complaint do not pertain to Kinsale, therefore no response is required. To the extent a response may be required, Kinsale lacks sufficient information to admit or deny the allegations in Paragraph 37 of the Complaint, and, therefore, those allegations stand denied.

### **COUNT THREE – FAILURE OF CONSIDERATION**

38. Kinsale incorporates and reasserts its objections and responses to Paragraphs 1-37 as if fully set forth herein.

39. Kinsale denies the allegations contained in Paragraph 39 of the Complaint.

40. Paragraph 40 calls for a legal conclusion to which no response is required. To the extent a response is required, admitted that the Kinsale Policies speak for themselves. To the extent the allegations of Paragraph 40 are inconsistent with the terms of the Kinsale Policies, those allegations stand denied. Kinsale denies any remaining allegations in Paragraph 40 of the Complaint.

41. Paragraph 41 calls for a legal conclusion to which no response is required. To the extent a response is required, the allegations of Paragraph 41 stand denied.

## COUNT FOUR – DECLARATORY JUDGMENT

42. Kinsale incorporates and reasserts its objections and responses to Paragraphs 1-41 as if fully set forth herein.

43. Kinsale admits the allegations contained in Paragraph 43 of the Complaint.

44. Kinsale denies the allegations contained in Paragraph 44 of the Complaint.

45. Paragraph 45 calls for a legal conclusion to which no response is required. To the extent a response is required, the allegations of Paragraph 45 stand denied.

46. Paragraph 46 calls for a legal conclusion to which no response is required. To the extent a response is required, the allegations of paragraph 46 stand denied.

## COUNT FIVE – ATTORNEY'S FEES AND COSTS

47. Kinsale incorporates and reasserts its objections and responses to Paragraphs 1-46 as if fully set forth herein.

48. Kinsale denies the allegations asserted against it in Paragraph 48 of the Complaint. Pertaining to the allegations asserted against the other named defendants in Paragraph 48 of the Complaint, Kinsale lacks sufficient information to admit or deny those allegations, and, therefore, those allegations stand denied.

49. Kinsale denies the allegations asserted against it in Paragraph 49 of the Complaint. Pertaining to the allegations asserted against the other named defendants in Paragraph 49 of the Complaint, Kinsale lacks sufficient information to admit or deny those allegations, and, therefore, those allegations stand denied.

## COUNT SIX – PUNITIVE DAMAGES

50. Kinsale incorporates and reasserts its objections and responses to Paragraphs 1-49 as if fully set forth herein.

51. Paragraph 51 of Plaintiff's Complaint contains no allegations against Kinsale to which a response is required. Pertaining to the allegations asserted against the other named defendants in Paragraph 51 of the Complaint, Kinsale lacks sufficient information to admit or deny those allegations, and, therefore, those allegations stand denied.

52. Paragraph 52 of Plaintiff's Complaint contains no allegations against Kinsale to which a response is required. Pertaining to the allegations asserted against the other named defendant in Paragraph 52 of the Complaint, Kinsale lacks sufficient information to admit or deny those allegations, and, therefore, those allegations stand denied.

## SECOND DEFENSE

Kinsale denies all allegations and/or prayers for relief set forth in the unnumbered, untitled paragraph following Paragraph 52 beginning "For the reasons set forth in this Complaint" and all subparagraphs listed therein. All allegations of the Complaint not specifically admitted herein stand denied.

## THIRD DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted against Kinsale. Therefore, the Complaint should be dismissed as to Kinsale.

## FOURTH DEFENSE

Plaintiff lacks standing to bring the instant action against Kinsale for declaratory relief. Additionally, and/or in the alternative, this Court lacks subject matter jurisdiction over the claim against Kinsale.

**FIFTH DEFENSE**

Kinsale's liability in this matter, if any, is dependent upon the Kinsale Policies of insurance, which, as written documents, are the best evidence of their terms, conditions, provisions, exclusions, and endorsements, and Kinsale pleads such terms, conditions, provisions, exclusions, and endorsements as if copied herein *in extenso*. A true and correct copy of the Kinsale Policies are attached hereto as Exhibits A & B and are hereby incorporated by reference.

**SIXTH DEFENSE**

To the extent that Kinsale owed a duty of care to Plaintiff, Kinsale did not breach that duty.

**SEVENTH DEFENSE**

At all times, Kinsale has acted in good faith and with fair dealing to Plaintiff.

**EIGHTH DEFENSE**

Kinsale has not breached any duties owed to Plaintiff, whether under contract, by common law, or from a statute. Therefore, all of Plaintiff's claims against Kinsale fail.

**NINTH DEFENSE**

Plaintiff's declaratory judgment claim fails because it is not entitled to judgment in its favor.

**TENTH DEFENSE**

Plaintiff's claims are barred, in whole or in party, to the extent Plaintiff has waived or is estopped to assert its rights under Kinsale Policies.

**ELEVENTH DEFENSE**

The Kinsale Polices contain the following Minimum Earned Premium Endorsement:

The minimum premium for this policy is 100% of the total policy premium shown on the Declarations page of the policy plus any premium adjustments by endorsements and any additional premium developed by audit.

>If the policy is cancelled, the policy is subject to minimum earned premium amount as shown in the Schedule above, regardless of the length of time the policy is in force.

Plaintiff's claims are barred by the express language of the Minimum Earned Premium Endorsement.

### TWELFTH DEFENSE

Plaintiff's claim against Kinsale pursuant to O.C.G.A. § 13-6-11 is barred as O.C.G.A. § 33-4-6 is the exclusive statue under which fees can be pursued.

### THIRTEENTH DEFENSE

Kinsale reserves the right to compel arbitration pursuant to Paragraph 15 of the Kinsale Policies.

### FOURTEENTH DEFENSE

Kinsale reserves the right to amend its Answer and Affirmative Defenses to Plaintiff's Complaint for Damages, to assert such additional defenses as may become known during the course of this litigation.

WHEREFORE, Defendant Kinsale, prays that this, its Answer and Affirmative Defenses be deemed good and sufficient and, after due proceedings had, there be judgment in its favor and against the Plaintiff, dismissing Plaintiff's claims at its costs, and for any and all equitable and just relief.

WHEREFORE, Kinsale, having fully answered Plaintiff's Complaint, prays as follows:

(a) That Plaintiff's claims against Kinsale be dismissed with prejudice and that Kinsale be discharged without cost or liability;

(b) That costs and attorneys' fees be assessed against Plaintiff; and

(c) That Kinsale have such other relief as the Court deems just and proper.

## KINSALE INSURANCE COMPANY'S COUNTERCLAIM AGAINST PLAINTIFF NETHERWORLD HAUNTED ATTRACTIONS, LLC

COMES NOW Kinsale Insurance Company, subject to and without waiving its defenses above, and pursuant to O.C.G.A. § 9-11-13, hereby files the following Counterclaim against Plaintiff Netherworld Haunted Attractions, LLC, showing the Court as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Defendant/Counterclaim Plaintiff Kinsale is an Arkansas corporation with its principal place of business in Virginia. Kinsale is a surplus lines insurer in Georgia.

2. Plaintiff/Counterclaim Defendant Netherworld is a Georgia limited liability company. Netherworld may be served via its registered agent, Steven J. Strelzik, located at 3355 Lenox Road, Suite 1100, Atlanta, Georgia 30326.

3. Kinsale and Plaintiff entered into two binding contracts, Policy #1 and Policy #2. Each Policy contains a Signature Endorsement, which establishes the Kinsale Policies as valid written contracts between Kinsale and Plaintiff.

4. The subject matter of Counterclaim Plaintiff Kinsale's Counterclaim concerns premium amounts owed under the Policies. The Court has subject matter jurisdiction as well as jurisdiction over Plaintiff/Counterclaim Defendant Netherworld, and venue is proper herein.

### FACTUAL ALLEGATIONS

5. The Kinsale Policies were valid, binding contracts between Kinsale and Netherworld. *See Policy #1, and Policy #2.*

6. Policy #1 carried a policy period of August 28, 2020 through August 28, 2021.

7. Policy #2 carried a policy period of October 14, 2021 through August 28, 2022 and was cancelled by endorsement on December 18, 2021.

8. Under the terms of the Kinsale Policies, Kinsale agreed to provide commercial excess liability insurance coverage in exchange for: 1) a **minimum** policy premium; and 2) any premium adjustments developed by audit following the expiration of the policy period.

9. The requirement for this premium adjustment payment for policy period August 28, 2020 through August 28, 2021 is memorialized in Policy #1 as the Minimum Earned Premium Endorsement.

10. The requirement for this premium adjustment payment for policy period October 14, 2021 to August 28, 2022 is memorialized in Policy #2 as the Minimum Earned Premium Endorsement and Premium Audit and Minimum Premium Endorsement.

11. Both the Minimum Earned Premium Endorsements and the Premium Audit and Minimum Premium Endorsement in the Kinsale Policies unambiguously subjects Plaintiff to an audit following the relevant policy periods and requires Netherworld to tender any premium adjustments calculated at that time.

12. Kinsale retained EXL to perform audits of the Kinsale Policies following the expiration of the policy periods.

13. Following the EXL audits, it was apparent that Netherworld's attendance and gross sales volume vastly exceeded the amount of $100,000 initially self-reported by Netherworld. The audit revealed in excess of 2.5 million in gross sales volume for both policy periods.

14. Accordingly, EXL's audit of Policy #1 determined an additional premium payment in the amount of Eighty Four Thousand Four Hundred and Twenty Six Dollars ($84,426.00) was owed to Kinsale by Plaintiff.

15. EXL's audit of Policy #2 also determined an additional premium payment was owed to Kinsale by Plaintiff.

16. Netherworld has failed and refused to pay the outstanding premium adjustment payments for Policy #1 and Policy #2.

## COUNT I – BREACH OF CONTRACT

17. Kinsale incorporates the allegations in the preceding paragraphs 1-16 as if fully stated herein.

18. The Kinsale Policies constitute value and enforceable contracts supported by adequate consideration.

19. Kinsale performed its obligations pursuant to the Kinsale Policies and provided excess liability coverage for the policy periods of August 28, 2020 through August 28, 2021 and October 14, 2021 to August 28, 2022.

20. Netherworld breached the Kinsale Policies by refusing to pay Kinsale all amounts due and owing under these contracts.

21. Netherworld has failed to pay the outstanding premium adjustment payments for Policy #1 and Policy #2 that represents the past-due amounts owed pursuant to the Kinsale Policies.

22. As a result of Netherworld's breach, Kinsale has been damaged in an amount not less than the outstanding premium adjustment payments for Policy #1 and Policy #2, plus all applicable interest and fees.

## COUNT II – QUANTUM MERUIT

23. Kinsale incorporates the allegations in the preceding paragraphs 1-22 as if fully stated herein.

24. At the request of Netherworld, Kinsale provided excess liability coverage for Netherworld.

25. Netherworld agreed to the Kinsale Policies with the knowledge that Kinsale expected to be paid the reasonable value for such insurance coverage.

26. Netherworld accepted the benefit of the Policies, excess liability coverage for the policy periods of August 28, 2020 through August 28, 2021 and October 14, 2021 to August 28, 2022, and Netherworld's subsequent failure to compensate Kinsale for said agreement is unjust.

27. Kinsale is entitled to recover for the reasonable value of insurance coverage rendered to Netherworld in an amount of no less than the outstanding premium adjustment payments for Policy #1 and Policy #2, plus all applicable interest and fees.

### **COUNT III – UNJUST ENRICHMENT**

28. Kinsale incorporates the allegations in the preceding paragraphs 1-27 as if fully stated herein.

29. At the request of Netherworld, Kinsale provided excess liability coverage for Netherworld.

30. Netherworld has benefited from Kinsale's satisfaction and performance of its obligations under the Kinsale Policies.

31. Netherworld has refused to pay for the insurance coverage provided by Kinsale, and, therefore, Netherworld has been unjustly enriched. Equity requires that Netherworld compensate Kinsale for the benefits Netherworld received.

32. Kinsale is entitled to recover a reasonable value for insurance coverage rendered to Netherworld in an amount of no less than the outstanding premium adjustment payments for Policy #1 and Policy #2, plus all applicable interest and fees.

## COUNT IV – ATTORNEYS' FEES PURSUANT TO O.C.G.A. § 13-6-11

33. Kinsale incorporates the allegations in the preceding paragraphs 1-32 as if fully stated herein.

34. Netherworld has been notified of the outstanding amounts it owes Kinsale, but, to date, Netherworld has failed to pay the amounts due.

35. Netherworld has acted in bad faith, has been stubbornly litigious, and has caused Kinsale unnecessary trouble and expense in its refusal to pay the remaining amounts owed.

36. Kinsale is, therefore, entitled to recover its attorneys' fees in prosecution this action under O.C.G.A. § 13-6-11.

WHEREFORE, Kinsale prays and demands as follows:

a) that this Court enter a general verdict and judgment against Netherworld and in favor of Kinsale for liquidated damages owed in an amount not less than the outstanding premium adjustment payments for Policy #1 and Policy #2;

b) that this Court award Kinsale interest on the amount owed to it by Netherworld for liquidated damages;

c) that this Court award Kinsale its attorneys' fees pursuant to O.C.G.A. § 13-6-11; and

d) all further relief as this Court deems just and proper.

Respectfully submitted this 20th day of February, 2023.

**FIELDS HOWELL, LLP**
665 8th Street, N.W.
Atlanta, Georgia 30318
404.214.1250 (Telephone)
404.214.1251 (Facsimile)
pfields@fieldshowell.com
clee@fieldshowell.com

*/s/ Christopher S. Lee*
Paul L. Fields, Jr.
Georgia Bar No.: 003420
Christopher S. Lee
Georgia Bar No.: 621342
*Counsel for Kinsale Insurance Company*

16

IN THE SUPERIOR COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | |
|---|---|
| NETHERWORLD HAUNTED ATTRACTIONS, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>DONAT INSURANCE SERVICES, LLC, KINSALE INSURANCE COMPANY, and LEIGH ADAMCZAK,<br><br>    Defendants. | CIVIL ACTION FILE NO.: 22-A-10815-7 |

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day caused to be served a copy of the foregoing **DEFENDANT KINSALE INSURANCE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES AND COUNTERCLAIM** via the Odyssey e-filing system, which will automatically send notification of such filing to all counsel of record who are Odyssey e-file participants, and via electronic mail as follows:

    Steven Strelzik
    **LAW OFFICES OF STEVEN J. STRELZIK, P.C.**
    5 Concourse Parkway, Suite 3000
    Atlanta, Georgia  30328
    sstrelzik@sjslawga.com

This 20th day of February, 2023.

| | |
|---|---|
| **FIELDS HOWELL, LLP**<br>665 8th Street, N.W.<br>Atlanta, Georgia  30318<br>404.214.1250 (Telephone)<br>404.214.1251 (Facsimile)<br>pfields@fieldshowell.com<br>clee@fieldshowell.com | _/s/ Christopher S. Lee_<br>Paul L. Fields, Jr.<br>Georgia Bar No.:  003420<br>Christopher S. Lee<br>Georgia Bar No.:  621342<br>*Counsel for Kinsale Insurance Company* |