United States Bankruptcy Court
Northern District of Georgia
Atlanta Division

In RE:                              :        Case No. 15-71397-jwc
   Sheila Weir, Debtor         :        Chapter 7
_____ :
Sheila Weir,                        :
   Plaintiff                    :        Adversary Proceeding No. 22-05093-jwc
   vs.                          :
United States                       :
   Internal Revenue Service   :
   and Commissioner ,         :
    Defendants               :

*Filed in U.S. Bankruptcy Court*
*Atlanta. Georgia*
**FEB 1 6 2023**
By: _____
M. Regina Thomas, Clerk
Deputy Clerk

## NOTICE OF APPEAL AND

## MOTION FOR LEAVE TO APPEAL DENIAL ORDER OF DKT 36 MOTION TO COMPEL

Pursuant to 28 U.S.C. § 158(a)(3) and Federal Rule of Bankruptcy Procedure 8004, Sheila Weir, Plaintiff / Movant hereby respectfully moves this Court for leave in the above styled  Adversary Proceeding to appeal the January 30, 2023  "ORDER" denying Plaintiff's Motion to Compel Defendants' Initial Disclosures Under FRCP 26(a)(1)(A)(i)(ii) (Dkt 36) in the United States Bankruptcy Court for the Northern District of Georgia, Atlanta Division,  The "ORDER" is an interlocutory order; a copy of which is attached hereto as Exhibit A.  Plaintiff elects to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

## FACTUAL BACKGROUND

1. The events leading up to this Appeal can be found in the Plaintiff's Objections to the Scheduling Order Motion for Leave to Amend (Dkt 17)  where Defendants' unilaterally omitted Initial Disclosures in the Scheduling Order.

2. Plaintiff respectfully refers the Court to the factual background set forth in

Plaintiff's <u>Objections to the Scheduling Order Motion for Leave to Amend</u> (DKT 17) , Plaintiff's <u>Motion to Strike Defendants' Motion For Order Directing Plaintiff To Provide An Updated Electronic Designated Address (DKT 23),</u> and Plaintiff's <u>Motion to Compel Defendants' Initial Disclosures Under FRCP 26(a)(1)(A)(i)(ii)</u> (DKT 36) with  the supporting documents; the Declaration, and the Memorandum of Points and Authorities which are hereby incorporated fully by reference.

      3. Even when Initial Disclosures were included in the Amended Scheduling Order, Defendants' continued to omit the required disclosures in both Defendants' Initial Disclosures and Defendants' Amended Initial Disclosures.

      4. Where as on December 27, 2022, Plaintiff's <u>Motion to Compel Defendants' Initial Disclosures under FRCP 26 (a)(1)(A)(i)(ii);</u> hereinafter Motion to Compel (DKT 36), was entered in the Bankruptcy Court seeking to Compel Defendants' compliance with naming of the Designated IRS Revenue Officer  and the identification  of documents Defendants claim support their defense of a Substitute for Return (SFR) was used to file returns with more tangible information than an " IRS administrative file.

      5. Opposition in response to Plaintiff's Motion to Compel (DKT 36) was not made or entered by Defendants' until January 25, 2023.  The day before a scheduled, January 26, 2023 status conference.  More than fourteen (14) to seventeen (17) days after the required time to respond.

      6. Plaintiff became aware of the Defendants' Opposition reply during the January 26, 2023, Status Conference; where the Court stated the Motion (DKT 36) would be denied

      7. The ORDER to DKT 36 was dated January 30, 2023.

      8. Pursuant to BLR 7007-1 and  BLR 7037-1(c)  any motion in opposition to Plaintiff's Motion to Compel should have been responded to, "not later than fourteen days after the service of of the motion".

9.  BLR 7007-1 qualifies that "Failure to file a response indicates no opposition to the motion."

**AT ISSUES**

10.  While noted as an issue at the Status Conference on January 26, 2023, Rules BLR 7007-1 and BLR 7037-1(c) did not the change the denial of the Motion (DKT 36). Nor did Rule 37(a)(4)[1], which "Evasive or Incomplete Disclosure…For purposes of this subdivision (a), an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond" as Plaintiff is still without Defendants' Initial disclosures as described further.

11.  In so far as Defendants' Objections were not filed timely or reviewed by Plaintiff prior to the Status Conference where heard, Plaintiff was foreclosed in then responding to Defendants' Opposition in Reply.

12.  At the Status Conference, the Bankruptcy Court wanted Defendants' Motion For Order Directing Plaintiff To Provide An Updated Electronic Designated Address; DKT 27 and Plaintiff's Motion to Compel Defendants' Initial Disclosures Under FRCP 26(a)(1)(A)(i)(ii); DKT 36 respectively heard at the Status Conference.

13.  At which point with respect to Defendants' Motion (DKT 27), Plaintiff's email address was read by the Court and declared Plaintiff's email of record.

14.  Next, the Court gave its opinion on Plaintiff's Motion to Compel as lacking in Plaintiff's attempts to confer.

15.  As to the the two points Plaintiff raised as deficient in Defendants' Initial Disclosures and the amended Initial Disclosures, relevant comments found in Rule 26; 1993 amendments and additional Rule 26 amendments as noted were used as Plaintiff's guidance[2]

---

1   Rule 34 Failure to Make Disclosures or to Cooperate in Discovery; Sanctions
2 From Notes of Advisory Committee on 1993 amendments.
 **Subdivision (a)**. Through the addition of paragraphs (1)–(4), this subdivision imposes on parties a duty to disclose, without awaiting formal discovery requests, certain basic information that is needed in most cases to prepare for trial or make an informed decision about settlement. The rule requires all parties (1) early in the case to exchange information regarding potential witnesses, documentary evidence, damages, and insurance, (2) at an appropriate time during the discovery period to

16. As to Rule 26 (a)(1)(A)(i) Defendants' maintain in their email of December 1, 2022 (DKT 36) Declaration; Exhibit E, that no revenue officer has been assigned to this case so Defendants cannot give a name and address for the Designated IRS Revenue Officer, the individual Defendants listed as having discoverable information on the "assessment and collection of Plaintiff's 2008 and 2009 federal income tax liabilities" and listed in c/o Vivieon K Jones, AUSA , U.S. Attorney's Office for the Northern District of Georgia.

17. This is the IRS-Defendants' reply withstanding, as argued by Plaintiff, a Revenue Officer, IRS official, or employee was designated (or should have been) at the time the IRS-Defendants took on the creation of the "SFR" of said "debt" at issue.

18. That Revenue Officer, IRS official, or employee had to give signature authorization to a "SFR".

19. The tax years at issue 2008-2009 are events, actions that transpired more than 10 years ago the individual with discoverable information already exists and that information is not only required process for a "SFR", its maintained within the

---

*identify expert witnesses and provide a detailed written statement of the testimony that may be offered at trial through specially retained experts, and (3), as the trial date approaches, to identify the particular evidence that may be offered at trial." Also, "A major purpose of the revision is to accelerate the exchange of basic information about the case and to eliminate the paper work involved in requesting such information, and the rule should be applied in a manner to achieve those objectives. The concepts of imposing a duty of disclosure were set forth in Brazil, The Adversary Character of Civil Discovery: A Critique and Proposals for Change, 31 Vand. L. Rev. 1348 (1978), and Schwarzer, The Federal Rules, the Adversary Process, and Discovery Reform, 50 U. Pitt. L. Rev. 703, 721–23 (1989)."*

"**Paragraph (1).** As the functional equivalent of court-ordered interrogatories, **this paragraph requires early disclosure, without need for any request, of four types of information** that have been customarily secured early in litigation through formal discovery."

 **Subparagraph (A)** requires identification of all persons who, based on the investigation conducted thus far, are likely to have discoverable information relevant to the factual disputes between the parties. All persons with such information should be disclosed, whether or not their testimony will be supportive of the position of the disclosing party. As officers of the court, counsel are expected to disclose the identity of those persons who may be used by them as witnesses or who, if their potential *testimony were known, might reasonably be expected to be deposed or called as a witness by any of the other parties.* Indicating briefly the general topics on which such persons have information should not be burdensome, and will assist other parties in deciding which depositions will actually be needed.

**Subparagraph (B)** is included as a substitute for the inquiries routinely made about the existence and location of documents and other tangible things in the possession, custody, or control of the disclosing party. Although, unlike subdivision (a)(3)(C), an itemized listing of each exhibit is not required, the disclosure should describe and categorize, to the extent identified during the initial investigation, the nature and location of potentially relevant documents and records, including computerized data and *other electronically-recorded information,* **sufficiently to enable opposing parties (1) to make an informed decision concerning which documents might need to be examined, at least initially, and (2) to frame their document requests in a manner likely to avoid squabbles resulting from the wording of the requests.** As with potential witnesses, the requirement for disclosure of documents applies to all potentially relevant items then known to the party, whether or not supportive of its contentions in the case.

custody and control of IRS-Defendants.

20.  Defendants have staked their defenses on the process of a "SFR" but have not w disclosed Revenue Officer, IRS official, or employee who would have to have had first hand knowledge of handling the case and the decisions then made and administered during the 2008 and 2009 tax years.

21.  But Defendants claim that a "Designated IRS Revenue Officer" has not been assigned.

22.  As to Rule 26 (a)(1)(A)(ii) Defendants position on disclosing here is that the "IRS cannot presently describe documents that have yet to be identified"; (DKT 36, Declaration  for Motion to Compel, Ex, E; par 2.)

23.  These documents are already known to IRS-Defendants or should be known in to support a "SFR".  However, Defendants discuss these documents as vague probabilities without even referencing so mach as a Document Location Number (DLN) that would concisely assist in narrowing a RFP request[3].

24.  As with the **Revenue Officer, IRS official, or employee** that authorized the "SFR" process, there also exist signatures and documentation required in the, "SFR" process[4].

25.  As a "SFR" is Defendants' defense, these documents should be available as they should be in Defendants' possession, and should certainly be under IRS-Defendants' custody and control.

26.  However, while Defendants claim the use of such documents to support its defenses, but maintain, "documents have not yet been identified" as the basis for non disclosure.

27.  This position is contrary to FRCP Rule 26(a)(1)(A) intentions and triggers for

---

3  A very recent example is Plaintiff's 1st RFP to Defendants was replied  to with Document Request 8 (request for directories and such with info on individual...) was overly broad (no info on how) but directly  relevant to individuals likely to have discoverable information.

4  The litany of documents that are generated from a"SFR" at a glance are: Form 5604;Section 6020 (b) ICS history basis for form 5604...

that Rule[5] Defendants claim, without proof, a "debt" against Plaintiff exist within a "SFR" process, than there should be supporting documents (such as a 6020(b) Certification Form.) Yet, Defendants have not even disclosed a proof of claim. Documents (Form 4340) disclosures customarily exchanged between attorneys in similar cases have not been forthcoming to this Pro Se Plaintiff from Defendants. The specificity and detail with which the Internal Revenue Service categorizes and documents their tasks is not as ambiguous as the disclosure Defendants assert.

ISSUES SPECIFIC TO CONFERRING[6]

28. The parties agreed email followed up by written correspondence would the method of communication.

29. As previously described and referenced above, Plaintiff initiated discussion on Defendants' omissions, lack of the Initial Required Disclosures as to providing names of individuals and the documents as per FRCP 26(a)(1)(A)(i)(ii) by emailing a letter of deficiency, (DKT 36; Declaration, Ex B).

30. Defendants' reply to the emailed letter, did not acknowledge or respond to any deficiencies raised in the Plaintiff's deficiency letter.

31. Plaintiff responded that since the deficiencies in the letter were not acknowledged or replied to, the Court would need to address the issue. Where upon Defendants replied the Court generally requires parties to confer prior Court intervention, that email also makes no mention of or responsed to Plaintiff's

---

5  Notes from Advisory Committee on the 2000 Rule 26 relevant amendments :
"The initial disclosure obligation of subdivisions (a)(1)(A) and (B) has been narrowed to identification of witnesses and documents that the disclosing party may use to support its claims or defenses. "Use" includes any use at a pretrial conference, to support a motion, or at trial. The disclosure obligation is also triggered by intended use in discovery, apart from use to respond to a discovery request; use of a document to question a witness during a deposition is a common example. The disclosure obligation attaches both to witnesses and documents a party intends to use and also to witnesses and to documents the party intends to use if—in the language of Rule 26(a)(3)—"the need arises." And,
"The disclosure obligation applies to "claims and defenses," and therefore requires a party to disclose information it may use to support its denial or rebuttal of the allegations, claim, or defense of another party. It thereby bolsters the requirements of Rule 11(b)(4), which authorizes denials "warranted on the evidence," and disclosure should include the identity of any witness or document that the disclosing party may use to support such denials."

6  DKT 36; Motion to Compel Declaration (Exhibits A through E)

deficiency letter.

32. Defendants' first response to Plaintiff's Letter of the Required Initial Disclosure Deficiency was an email with Amended Initial Disclosures attached with the addition of one of the two names omitted from subsection (i)requirements.

33. The Amended Initial Disclosure was followed by another email from Defendants asserting a denial by Plaintiff to meet and confer while initially not acknowledging Plaintiff's Letter of Required Initial Disclosure Deficiency.

34. That email goes on to assert a lack of clarity in the letter however, Defendants are able to respond to Plaintiff's disclosure deficiencies raised in the letter and defend that the document requirement of initial disclosure with, "IRS cannot presently describe documents that have yet to be identified."

35. Defendants seem to understand what Plaintiff' finds deficient in their required initial disclosures but maintain an excuse to disclosure.

36. Defendants are also able to understand and defend the deficiencies Plaintiff' raises in subsection (i) as to persons with disclosable information with, "no revenue officer has been assigned to this case."

37. As Plaintiff has provided Defendants with Initial Disclosures with a reciprocal exchange, Plaintiff suffers the disadvantage of not benefiting from the like economy of time and preparation.

38. On February 16, 2023, the Plaintiff filed a notice of appeal from the "ORDER" to DKT 36_ denying Plaintiff's Motion to Compel Defendants' Initial Disclosures Under FRCP 26(a)(1)(A)(i)(ii), a copy of which is attached hereto as Exhibit A.


**QUESTION PRESENTED ON APPEAL**

a. Did the Bankruptcy Court erroneously excluded consideration of BLR 7007-1and BLR 7037-1(c)in Defendants' untimley Opposition Response to Plaintiff's Motion to Compel and the effects of Notice.

b.1  Understanding that Initial Disclosures are specifically and definitively enumerated, detailed in comments and to be provided without an ask, did the Court hold IRS-Defendants to the standard outlined Rule 26(a)(1)(A)(i)(ii)?

b. 2  And within the structure of  Required Initial Disclosure how is meet and confer measured?

An appeal should be granted in the interest of due process and the interest of justice.

**RELIEF REQUESTED**

By this Motion, Plaintiff respectfully requests that the Court grant leave to appeal the denial ORDER" to DKT 36; Motion to Compel Defendants' Initial Disclosures Under FRCP 26(a)(1)(A)(i)(ii), for review, reversal, or modification to allow Plaintiff equitable access to litigation.  Plaintiff seeks entry of an order pursuant to Bankruptcy Rule 8004 and 28 U.S.C. § 158(a)(3) granting leave to appeal the ORDER" denying  DKT 36; Motion to Compel Defendants' Initial Disclosures Under FRCP 26(a)(1)(A)(i)(ii) for the relief sought thereof.

**Wherefore**, movant prays for leave to appeal pursuant to title 28 U.S.C. § 158(a), from the order of the bankruptcy court dated, January 30, 2023 and for such other and further relief as is just.

Dated:  February 15, 2023

Respectfully submitted,

By: _____
    Sheila Weir, Plaintiff
    2 Jeanne Jugan Lane
    Latham NY 12110
     518.805.4907
     shelacomunic8@hotmail.com

United States Bankruptcy Court
Northern District of Georgia
Atlanta Division

In RE:                                    :              Case No. 15-71397-jwc
    Sheila Weir, Debtor               :              Chapter 7
_____           :
Sheila Weir,                              :
**Plaintiff**                             :
    vs.                               :              Adversary Proceeding No. 22-05093-jwc
United States                             :
    Internal Revenue Service          :
    and Commissioner ,                :
**Defendants**                           :

### CERTIFICATE OF SERVICE

    I, the undersigned, hereby certify under penality of perjury that I am, and at all times hereinafter mentioned, was more than 18 years of age, and that on the 15th of Febrary, 2023 served Plaintiff's **Notice Of Appeal And Motion For Leave To Appeal Denial Order of Dkt 36 Motion To Compel with Exhibit A** on the Defendant's attorney of record,  U. S. Assistant Attorney, Vivieon K. Jones at U.S. Attorney's Office 75 Ted Turner Dr. SW Ste 600, Atlanta, GA 30303. By placing a true and correct copy thereof in a sealed envelope USPS certified mail # 7022 1670 0002 1114 5034 postage prepaid thereon, and deposited said envelope wth the with United States Postal Service.   And by email on February 16, 2023 to defendant's attorney of record,  U. S. Assistant  Attorney, Vivieon K. Jones at vivieon.jones@usdoj.gov

**I CERTIFY UNDER THE PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT**

Dated:  Febrary 15, 2023          Signiture: _____

                                        Sheila Weir
                                        2 Jeanne Jugan Lane
                                        Latham, NY 12110
                                        Tel. 518.805.4907

**IT IS ORDERED as set forth below:**

**Date: January 30, 2023**

Jeffery W. Cavender
U.S. Bankruptcy Court Judge

---

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 15-71397-JWC |
| SHEILA WEIR, | CHAPTER 7 |
| Debtor. | |
| SHEILA WEIR, | ADVERSARY PROCEEDING |
| Plaintiff, | NO. 22-05093-JWC |
| v. | |
| UNITED STATES INTERNAL REVENUE SERVICE, | |
| Defendants. | |

### ORDER

**THIS MATTER** is before the Court on the Motion to Compel (Doc. No. 36) (the "Motion") filed by Debtor. The Court held a hearing on the Motion on January 26, 2023, at which Debtor appeared *pro se*. For the reasons stated on the record,

EXHIBIT A

027197



**IT IS ORDERED** that the Motion is hereby **DENIED**.

The Clerk's Office is directed to serve a copy of this Order upon Debtor, Debtor's counsel of record (if any), the Chapter 7 Trustee, and all parties on the mailing matrix.

**END OF DOCUMENT**