E-FILED IN OFFICE
CLERK OF STATE COU
GWINNETT COUNTY, GEOR
22-C-06949-
12/2/2022 11:55 A
TIANA P. GARNER, CLE

## IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

**Daphne Rollins**
_____

_____

_____

PLAINTIFF

VS.

**Richard Moore**

**8147 Robins Nest Lane**

**Knoxville, TN 37919**

DEFENDANT

CIVIL ACTION
NUMBER:_____ 22-C-06949-S4

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

   You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Kaylan Colbert, The Colbert Law Firm, LLC
1100 Peachtree St NE, 9th Floor
Atlanta, GA 30309

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____, 20_____.
2nd day of December, 2022

Tiana P. Garner
Clerk of State Court

By_____
Deputy Clerk

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

SC-1 Rev. 2011

EXHIBIT
D-1

E FILED IN OFFICE
CLERK OF STATE COU
GWINNETT COUNTY, GEOR
**22-C-06949-**
**12/2/2022 11:55 A**
TIANA P. GARNER, CLE

## IN THE STATE COURT OF GWINNETT COUNTY

### STATE OF GEORGIA

**Daphne Rollins**

_____

_____

_____

PLAINTIFF

VS.

**Foothills Brokerage c/o David Cawood**

**P.O. Box 51445**

**Knoxville, TN 37950**

DEFENDANT

22-C-06949-S4

CIVIL ACTION
NUMBER:_____

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Kaylan Colbert, The Colbert Law Firm, LLC
1100 Peachtree St NE, 9th Floor
Atlanta, GA 30309

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

2nd day of December, 2022

This _____ day of _____, 20_____.

Tiana P. Garner
Clerk of State Court

By_____
Deputy Clerk

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

SC-1 Rev. 2011

E-FILED IN OFFICE - JT
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**22-C-06949-S4**
**12/2/2022 11:55 AM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **DAPHNE ROLLINS** | ) | **Civil Action File No.** ___22-C-06949-S4___ |
| | ) | |
| **Plaintiff,** | ) | **DEMAND FOR JURY TRIAL** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **RICHARD MOORE AND** | ) | |
| **FOOTHILLS BROKERAGE, INC.** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>COMPLAINT FOR PERSONAL INJURIES</u>

**COMES NOW**, Plaintiff, Daphne Rollins, (hereinafter collectively "Plaintiff"), by and through their Counsel of Record, and shows the following facts and circumstances in support of this Complaint for Personal Injuries.

1.

Plaintiff is a resident of the State of Georgia.

2.

Defendant Richard Moore (hereinafter "Defendant Moore"), upon information and belief is an out of state motorist, traveling within the State of Georgia whose address is 8147 Robins Nest Lane in Knoxville, Tennessee 37919.

3.

Defendant Foothills Brokerage Inc. (hereinafter "Defendant Foothills"), is a corporation organized under the laws of the State of Tennessee, who is subject to the jurisdiction and venue of this Honorable Court due to their out of state motorist employee, Defendant Moore, who at the time of the incident in question forming the basis of this Complaint was the employee of Defendant Foothills acting on his master business and it is liable for his actions under the doctrine of respondent superior.

Defendant Foothills may be served through its registered agent, David Cawood at P.O. Box 51445 in Knoxville, TN 37950.

4.

On or about April 9, 2021, Plaintiff was traveling southbound along Interstate 85.

5.

On or about said date, Defendant Moore was operating an 18-wheeler owned by Defendant Foothills as he similarly traveled southbound along Interstate 85. Defendant Moore caused a collision when he attempted to merge into the lane Plaintiff was occupying slamming into the rear of her vehicle.

6.

Defendant Foothills had knowledge that Defendant Moore was incompetent to drive and allowed him to have access to the motor vehicle anyway.  Accordingly, Defendant Foothills is liable for the negligence of Defendant Moore.

7.

Plaintiff shows that the aforesaid collision was proximately caused by the negligence of Defendant Moore, and said acts of negligence of Defendant Moore include, but are not limited to the following:

    (a)    Immediately prior to the aforesaid collision, Defendant Moore failed to maintain lane, in violation of O.C.G.A. § 40-6-48;

    (b)    Immediately prior to the aforesaid collision, Defendant Moore failed to keep a safe distance, in violation of O.C.G.A. § 40-6-49;

    (c)    Immediately prior to the aforesaid collision, Defendant Moore was inattentive to traffic conditions, failing to notice Plaintiff was traveling straight;

(d)     Immediately prior to the aforesaid collision, Defendant Moore failed to take

        evasive action;

(e)     Immediately prior to the aforesaid collision, Defendant Moore failed to warn;

(f)     Immediately prior to the aforesaid collision, Defendant Moore failed to keep a

        proper lookout; and

(g)     Any and all acts of negligence which may be shown at trial.

8.

Due to the force of impact of the collision caused by Defendant Moore, Plaintiff suffered

numerous and painful injuries which required medical treatment.

9.

As a result of the Defendant Moore's negligence, Plaintiff suffered injuries that include but

are not limited to:  cervical disc disorder, cervical radiculopathy, lumbar radiculopathy,

cervicalgia, sprain of left shoulder, sprain to left knee, anxiety disorder, dizziness and giddiness,

other insomnia and post-traumatic headache.  The treatment and lost wages of said injuries resulted

in special damages in excess of $337,264.95.

10.

Defendants are both liable for the injuries to the Plaintiff due to their acts of negligence which

are the proximate cause of the injuries sustained by these Plaintiff.

11.

Defendant Moore and Defendant Foothill are indebted to Plaintiff for past, present and

future treatment expenses; past, present and future pain and suffering; past, present and future loss

of ability to enjoy life; expenses of litigation, and all other damages allowed by Georgia law.

**WHEREFORE**, Plaintiff respectfully demands as follows:

(a)     A trial by jury;

(b)     Compensatory damages in an amount to be determined at trial; and

(c)     Such other relief as this Court may deem fair and reasonable.

This 18th day of November, 2021.

Respectfully submitted,

THE COLBERT LAW FIRM, LLC


_____/s/ Kaylan Colbert_____
Kaylan Colbert, Esq.
Georgia Bar No. 729414
Attorney for Plaintiff

The Colbert Law Firm, LLC
1100 Peachtree St NE, 9th Floor
Atlanta, GA 30309
Phone: (404) 719-1139
Email: kcolbert@crashatl.com

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| DAPHNE ROLLINS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION |
| vs. | § | |
| | § | FILE NO.: 22-C-06949-S4 |
| RICHARD MOORE and FOOTHILLS | § | |
| BROKERAGE, INC., | § | |
| | § | |
| Defendants. | § | |
| | § | |

## DEFENDANT RICHARD MOORE'S ANSWER AND
## AFFIRMATIVE DEFENSES BY SPECIAL APPEARANCE
## TO PLAINTIFF'S COMPLAINT FOR PERSONAL INJURIES

COMES NOW **RICHARD MOORE**, a purported Defendant ("Defendant") in the above-styled civil action, appearing specially and without waiving, but specifically reserving all defenses arising from jurisdiction, service and process, and files this Answer and Affirmative Defenses by Special Appearance to Plaintiff's Complaint for Personal Injuries ("Complaint"), showing the Court as follows:

### FIRST DEFENSE

Plaintiff's claims are, or may be barred, in whole or in part, for failure to state a claim upon which relief can be granted pursuant to O.C.G.A. § 9-11-12(b)(6) and applicable Georgia law.

### SECOND DEFENSE

Plaintiff's Complaint is barred due to lack of personal jurisdiction pursuant to O.C.G.A. § 9-11-12(b)(2) and applicable Georgia law.

### THIRD DEFENSE

Plaintiff's Complaint is barred due to insufficiency of process pursuant to O.C.G.A. § 9-11-12(b)(4) and applicable Georgia law.

### FOURTH DEFENSE

Plaintiff's Complaint is barred due to insufficiency of service of process pursuant to O.C.G.A. § 9-11-12(b)(5) and applicable Georgia law.

### FIFTH DEFENSE

This Defendant asserts the venue is improper in this Court pursuant to Ga. Const. Art. 6, § 2, ¶ VI, O.C.G.A. § 9-11-12(b)(3) and applicable Georgia law.

### SIXTH DEFENSE

Plaintiff's Complaint should be dismissed because there has been no lawful service of the Summons and Complaint upon this Defendant.  Absent personal service within the application statute of limitations, Plaintiff's claims are time barred.

### SEVENTH DEFENSE

Plaintiff's Complaint is barred due to laches.

### EIGHTH DEFENSE

This Defendant breached no duty to Plaintiff; therefore, Plaintiff may not recover from this Defendant in any sum or manner whatsoever.

### NINTH DEFENSE

No act or omission of Defendant caused or contributed to cause any damage alleged to have been sustained by Plaintiff; therefore, Plaintiff may not recover from Defendant in any sum or manner whatsoever.

## TENTH DEFENSE

The sole proximate cause of Plaintiff's alleged damages, if any were sustained, was Plaintiff's own negligence, with the result that Plaintiff is not entitled to recover in this case.

## ELEVENTH DEFENSE

The negligence of Plaintiff equaled or exceeded that of this Defendant in causing the occurrence complained of, with the result that Plaintiff is not entitled to recover in this case.

## TWELFTH DEFENSE

This Defendant asserts the affirmative defense of avoidance of consequences pursuant to O.C.G.A. § 51-11-7 and applicable Georgia Law.

## THIRTEENTH DEFENSE

Plaintiff has a duty to mitigate damages. Should discovery evidence a failure on Plaintiff's part to do so, this Defendant reserves the right to assert failure to mitigate damages as an affirmative defense.

## FOURTEENTH DEFENSE

Plaintiff has failed to plead special damages pursuant to O.C.G.A. § 9-11-9(g).

## FIFTEENTH DEFENSE

As a Fifteenth Defense, this Defendant answers the numbered paragraphs of Plaintiff's Complaint as follows:

1.

This Defendant can neither admit nor deny the allegations contained within Paragraph 1 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

2.

This Defendant admits that he resides at 8147 Robins Nest Ln., Knoxville, TN 37919, and that the subject accident occurred within the State of Georgia.

3.

This Defendant admits that Defendant Foothills Brokerage, Inc. is a corporation organized under the laws of the State of Tennessee and that it may be served via its registered agent, David Cawood, P.O. Box 51445, Knoxville, TN 37950. This Defendant denies the remaining allegations contained within Paragraph 3 of Plaintiff's Complaint.

4.

This Defendant can neither admit nor deny the allegations contained within Paragraph 4 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

5.

This Defendant denies the allegations contained within Paragraph 5 of Plaintiff's Complaint.

6.

This Defendant denies the allegations contained within Paragraph 6 of Plaintiff's Complaint.

7.

This Defendant denies the allegations contained within Paragraph 7 of Plaintiff's Complaint, and all of its subparts.

8.

This Defendant denies the allegations contained within Paragraph 8 of Plaintiff's Complaint.

9.

This Defendant denies the allegations contained within Paragraph 9 of Plaintiff's Complaint.

10.

This Defendant denies the allegations contained within Paragraph 10 of Plaintiff's Complaint

11.

This Defendant denies the allegations contained within Paragraph 11 of Plaintiff's Complaint.

12.

Defendant denies that Plaintiff is entitled to the relief requested in the "Wherefore" paragraph contained below Paragraph 11 of Plaintiff's Complaint.

**SIXTEENTH DEFENSE**

This Defendant denies any remaining allegations contained within Plaintiff's Complaint not previously responded to.

WHEREFORE, having fully answered, purported Defendant **RICHARD MOORE**, prays that he be discharged without costs.

**A TRIAL BY JURY OF TWELVE IS DEMANDED.**

This 21st day of February, 2023.

**CRUSER, MITCHELL, NOVITZ,**
**SANCHEZ, GASTON & ZIMET, LLP**

**JASON G. WYRICK**
Georgia Bar No. 143112
**GREGORY C. MADDALENI**
Georgia Bar No. 913114
*Attorneys for Purported Defendants*

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA  30092
(404) 881-2622
(404) 881-2630 (Fax)
jwyrick@cmlawfirm.com
gmaddaleni@cmlawfirm.com

**IN THE STATE COURT OF GWINNETT COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| DAPHNE ROLLINS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION |
| vs. | § | |
| | § | FILE NO.: 22-C-06949-S4 |
| RICHARD MOORE and FOOTHILLS | § | |
| BROKERAGE, INC., | § | |
| | § | |
| Defendants. | § | |
| | § | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day electronically filed the within and foregoing **DEFENDANT RICHARD MOORE'S ANSWER AND AFFIRMATIVE DEFENSES BY SPECIAL APPEARANCE TO PLAINTIFF'S COMPLAINT FOR PERSONAL INJURIES** with the Clerk of Court using the Odyssey eFileGA system which will send e-mail notification of such filing to the following counsel of record or served a copy of the within and foregoing by STATUTORY ELECTRONIC SERVICE to the e-mail addresses below:

Kaylan Colbert, Esq.
The Colbert Law Firm, LLC
1100 Peachtree Street NE, 9th Floor
Atlanta, GA  30309
kcolbert@crashatl.com
*Counsel for Plaintiff*

This 21st day of February, 2023.

CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP

**JASON G. WYRICK**
Georgia Bar No. 143112
**GREGORY C. MADDALENI**
Georgia Bar No. 913114
*Attorneys for Purported Defendants*

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA  30092
(404) 881-2622
(404) 881-2630 (Fax)

{SECURE Firm/297/00116/DRAFTS/03914058.DOCX }

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

DAPHNE ROLLINS,      §
                    §
    Plaintiff,      §
                    §    CIVIL ACTION
vs.             §
                    §    FILE NO.: 22-C-06949-S4
RICHARD MOORE and FOOTHILLS    §
BROKERAGE, INC.,      §
                    §
    Defendants.      §
                    §

## DEFENDANT FOOTHILLS BROKERAGE, INC.'S ANSWER
## AND AFFIRMATIVE DEFENSES BY SPECIAL APPEARANCE
## TO PLAINTIFF'S COMPLAINT FOR PERSONAL INJURIES

COMES NOW **FOOTHILLS BROKERAGE, INC.**, a purported Defendant
("Defendant") in the above-styled civil action, appearing specially and without waiving, but
specifically reserving all defenses arising from jurisdiction, service and process, and files this
Answer and Affirmative Defenses by Special Appearance to Plaintiff's Complaint for Personal
Injuries ("Complaint"), showing the Court as follows:

### FIRST DEFENSE

Plaintiff's claims are, or may be barred, in whole or in part, for failure to state a claim
upon which relief can be granted pursuant to O.C.G.A. § 9-11-12(b)(6) and applicable Georgia
law.

### SECOND DEFENSE

Plaintiff's Complaint is barred due to lack of personal jurisdiction pursuant to O.C.G.A. §
9-11-12(b)(2) and applicable Georgia law.

### THIRD DEFENSE

Plaintiff's Complaint is barred due to insufficiency of process pursuant to O.C.G.A. § 9-11-12(b)(4) and applicable Georgia law.

### FOURTH DEFENSE

Plaintiff's Complaint is barred due to insufficiency of service of process pursuant to O.C.G.A. § 9-11-12(b)(5) and applicable Georgia law.

### FIFTH DEFENSE

This Defendant asserts the venue is improper in this Court pursuant to Ga. Const. Art. 6, § 2, ¶ VI, O.C.G.A. § 9-11-12(b)(3) and applicable Georgia law.

### SIXTH DEFENSE

Plaintiff's Complaint should be dismissed because there has been no lawful service of the Summons and Complaint upon this Defendant.  Absent personal service within the application statute of limitations, Plaintiff's claims are time barred.

### SEVENTH DEFENSE

Plaintiff's Complaint is barred due to laches.

### EIGHTH DEFENSE

This Defendant breached no duty to Plaintiff; therefore, Plaintiff may not recover from this Defendant in any sum or manner whatsoever.

### NINTH DEFENSE

No act or omission of Defendant caused or contributed to cause any damage alleged to have been sustained by Plaintiff; therefore, Plaintiff may not recover from Defendant in any sum or manner whatsoever.

## TENTH DEFENSE

The sole proximate cause of Plaintiff's alleged damages, if any were sustained, was Plaintiff's own negligence, with the result that Plaintiff is not entitled to recover in this case.

## ELEVENTH DEFENSE

The negligence of Plaintiff equaled or exceeded that of this Defendant in causing the occurrence complained of, with the result that Plaintiff is not entitled to recover in this case.

## TWELFTH DEFENSE

This Defendant asserts the affirmative defense of avoidance of consequences pursuant to O.C.G.A. § 51-11-7 and applicable Georgia Law.

## THIRTEENTH DEFENSE

Plaintiff has a duty to mitigate damages.  Should discovery evidence a failure on Plaintiff's part to do so, this Defendant reserves the right to assert failure to mitigate damages as an affirmative defense.

## FOURTEENTH DEFENSE

Plaintiff has failed to plead special damages pursuant to O.C.G.A. § 9-11-9(g).

## FIFTEENTH DEFENSE

As a Fifteenth Defense, this Defendant answers the numbered paragraphs of Plaintiff's Complaint as follows:

1.

This Defendant can neither admit nor deny the allegations contained within Paragraph 1 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

2.

This Defendant admits upon information and belief that Defendant Richard Moore resides at 8147 Robins Nest Ln., Knoxville, TN 37919, and that the subject accident occurred within the State of Georgia.

3.

This Defendant admits that it is a corporation organized under the laws of the State of Tennessee and that it may be served via its registered agent, David Cawood, P.O. Box 51445, Knoxville, TN 37950.  This Defendant denies the remaining allegations contained within Paragraph 3 of Plaintiff's Complaint.

4.

This Defendant can neither admit nor deny the allegations contained within Paragraph 4 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

5.

This Defendant denies the allegations contained within Paragraph 5 of Plaintiff's Complaint.

6.

This Defendant denies the allegations contained within Paragraph 6 of Plaintiff's Complaint.

7.

This Defendant denies the allegations contained within Paragraph 7 of Plaintiff's Complaint, and all of its subparts.

8.

This Defendant denies the allegations contained within Paragraph 8 of Plaintiff's Complaint.

9.

This Defendant denies the allegations contained within Paragraph 9 of Plaintiff's Complaint.

10.

This Defendant denies the allegations contained within Paragraph 10 of Plaintiff's Complaint

11.

This Defendant denies the allegations contained within Paragraph 11 of Plaintiff's Complaint.

12.

Defendant denies that Plaintiff is entitled to the relief requested in the "Wherefore" paragraph contained below Paragraph 11 of Plaintiff's Complaint.

**SIXTEENTH DEFENSE**

This Defendant denies any remaining allegations contained within Plaintiff's Complaint not previously responded to.

WHEREFORE, having fully answered, purported Defendant **FOOTHILLS BROKERAGE, INC.**, prays that it be discharged without costs.

**A TRIAL BY JURY OF TWELVE IS DEMANDED.**

This 21st day of February, 2023.

CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP

**JASON G. WYRICK**
Georgia Bar No. 143112
**GREGORY C. MADDALENI**
Georgia Bar No. 913114
*Attorneys for Purported Defendants*

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA  30092
(404) 881-2622
(404) 881-2630 (Fax)
jwyrick@cmlawfirm.com
gmaddaleni@cmlawfirm.com

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **DAPHNE ROLLINS,** | § § | |
| **Plaintiff,** | § § | |
| | § | **CIVIL ACTION** |
| **vs.** | § § | **FILE NO.: 22-C-06949-S4** |
| **RICHARD MOORE and FOOTHILLS** | § § | |
| **BROKERAGE, INC.,** | § § | |
| **Defendants.** | § § | |
| | § | |

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that I have this day electronically filed the within and foregoing **DEFENDANT FOOTHILLS BROKERAGE, INC.'S ANSWER AND AFFIRMATIVE DEFENSES BY SPECIAL APPEARANCE TO PLAINTIFF'S COMPLAINT FOR PERSONAL INJURIES** with the Clerk of Court using the Odyssey eFileGA system which will send e-mail notification of such filing to the following counsel of record or served a copy of the within and foregoing by STATUTORY ELECTRONIC SERVICE to the e-mail addresses below:

Kaylan Colbert, Esq.
The Colbert Law Firm, LLC
1100 Peachtree Street NE, 9th Floor
Atlanta, GA  30309
kcolbert@crashatl.com
*Counsel for Plaintiff*

This 21st day of February, 2023.

CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP

**JASON G. WYRICK**
Georgia Bar No. 143112
**GREGORY C. MADDALENI**
Georgia Bar No. 913114
*Attorneys for Purported Defendants*

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA  30092
(404) 881-2622
(404) 881-2630 (Fax)

{SECURE Firm/297/00116/DRAFTS/03914059.DOCX }

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | |
|---|---|
| DAPHNE ROLLINS, §<br>§<br>Plaintiff, §<br>§<br>vs. §<br>§<br>RICHARD MOORE and FOOTHILLS §<br>BROKERAGE, INC., §<br>§<br>Defendants. §<br>§ | CIVIL ACTION<br><br>FILE NO.: 22-C-06949-S4 |

## PURPORTED DEFENDANTS' DEMAND FOR
## TRIAL BY A JURY OF TWELVE PERSONS

COME NOW **RICHARD MOORE** and **FOOTHILLS BROKERAGE, INC.,**

purported Defendants in the above-styled civil action, appearing specially and without waiving,

but specifically reserving all defenses arising from jurisdiction, service and process, and file this

Demand for Trial by a Jury of Twelve Persons pursuant to O.C.G.A. § 15-12-122(a)(2), which

states as follows:

> In all civil actions in the state courts in which the claim for damages is greater
> than $25,000.00, either party may demand in writing prior to the commencement
> of the trial term that the case be tried by a jury of 12. If such a demand is made,
> the judge shall follow the procedures for superior courts of sub-section (b) of this
> Code section.

*See also* O.C.G.A. § 15-12-123(a)(2) which reads as follows:

> In all civil actions in the state courts in which a jury of 12 is demanded, the judge
> shall follow the procedures for superior courts of sub-section (b) of this Code
> section.

> WHEREFORE, demand is made for trial of this case by a jury of 12 as provided by law.

*[Signature contained on next page.]*

{SECURE Firm/297/00116/DRAFTS/03915910.DOCX }

This 21st day of February, 2023.

CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP

**JASON G. WYRICK**
Georgia Bar No. 143112
**GREGORY C. MADDALENI**
Georgia Bar No. 913114
*Attorneys for Purported Defendants*

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA  30092
(404) 881-2622
(404) 881-2630 (Fax)
jwyrick@cmlawfirm.com
gmaddaleni@cmlawfirm.com

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| DAPHNE ROLLINS, §<br>§<br>Plaintiff, §<br>§<br>vs. §<br>§<br>RICHARD MOORE and FOOTHILLS §<br>BROKERAGE, INC., §<br>§<br>Defendants. §<br>§ | CIVIL ACTION<br><br>FILE NO.: 22-C-06949-S4 |

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day electronically filed the within and foregoing **PURPORTED DEFENDANTS' DEMAND FOR TRIAL BY A JURY OF TWELVE PERSONS** with the Clerk of Court using the Odyssey eFileGA system which will send e-mail notification of such filing to the following counsel of record or served a copy of the within and foregoing by STATUTORY ELECTRONIC SERVICE to the e-mail addresses below:

Kaylan Colbert, Esq.
The Colbert Law Firm, LLC
1100 Peachtree Street NE, 9th Floor
Atlanta, GA  30309
kcolbert@crashatl.com
*Counsel for Plaintiff*

This 21st day of February, 2023.

CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP

**JASON G. WYRICK**
Georgia Bar No. 143112
**GREGORY C. MADDALENI**
Georgia Bar No. 913114
*Attorneys for Purported Defendants*

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA  30092
(404) 881-2622
(404) 881-2630 (Fax)

{SECURE Firm/297/00116/DRAFTS/03915910.DOCX }