# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DAPHNE ROLLINS, | § |
| | § |
| Plaintiff, | § |
| | §  CIVIL ACTION FILE |
| vs. | § |
| | §  NO.: _____ |
| RICHARD MOORE and | § |
| FOOTHILLS BROKERAGE, INC., | § |
| | § |
| Defendants. | § |

## DEFENDANT FOOTHILLS BROKERAGE, INC.'S ANSWER AND AFFIRMATIVE DEFENSES BY SPECIAL APPEARANCE TO PLAINTIFF'S COMPLAINT FOR PERSONAL INJURIES

COMES NOW **FOOTHILLS BROKERAGE, INC.**, a purported Defendant ("Defendant") in the above-styled civil action, appearing specially and without waiving, but specifically reserving all defenses arising from jurisdiction, service and process, and files this Answer and Affirmative Defenses by Special Appearance to Plaintiff's Complaint for Personal Injuries ("Complaint"), showing the Court as follows:

## FIRST DEFENSE

Plaintiff's claims are, or may be barred, in whole or in part, for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6) and applicable law.

## SECOND DEFENSE

Plaintiff's Complaint is barred due to lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) and applicable law.

## THIRD DEFENSE

Plaintiff's Complaint is barred due to insufficiency of process pursuant to Fed. R. Civ. P. 12(b)(4) and applicable law.

## FOURTH DEFENSE

Plaintiff's Complaint is barred due to insufficiency of service of process pursuant to Fed. R. Civ. P. 12(b)(5) and applicable law.

## FIFTH DEFENSE

Plaintiff's Complaint should be dismissed because there has been no lawful service of the Summons and Complaint upon this Defendant.  Absent personal service within the application statute of limitations, Plaintiff's claims are time barred.

## SIXTH DEFENSE

Plaintiff's Complaint is barred due to laches.

## SEVENTH DEFENSE

This Defendant breached no duty to Plaintiff; therefore, Plaintiff may not recover from this Defendant in any sum or manner whatsoever.

## EIGHTH DEFENSE

No act or omission of Defendant caused or contributed to cause any damage alleged to have been sustained by Plaintiff; therefore, Plaintiff may not recover from Defendant in any sum or manner whatsoever.

## NINTH DEFENSE

The sole proximate cause of Plaintiff's alleged damages, if any were sustained, was Plaintiff's own negligence, with the result that Plaintiff is not entitled to recover in this case.

## TENTH DEFENSE

The negligence of Plaintiff equaled or exceeded that of this Defendant in causing the occurrence complained of, with the result that Plaintiff is not entitled to recover in this case.

## ELEVENTH DEFENSE

This Defendant asserts the affirmative defense of avoidance of consequences pursuant to O.C.G.A. § 51-11-7 and applicable Georgia Law.

## TWELFTH DEFENSE

Plaintiff has a duty to mitigate damages. Should discovery evidence a failure on Plaintiff's part to do so, this Defendant reserves the right to assert failure to mitigate damages as an affirmative defense.

## THIRTEENTH DEFENSE

Plaintiff has failed to plead special damages pursuant to O.C.G.A. § 9-11-9(g).

## FOURTEENTH DEFENSE

As a Fourteenth Defense, this Defendant answers the numbered paragraphs of Plaintiff's Complaint as follows:

1.

This Defendant can neither admit nor deny the allegations contained within Paragraph 1 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

2.

This Defendant admits upon information and belief that Defendant Richard Moore resides at 8147 Robins Nest Ln., Knoxville, TN 37919, and that the subject accident occurred within the State of Georgia.

3.

This Defendant admits that it is a corporation organized under the laws of the State of Tennessee and that it may be served via its registered agent, David Cawood, P.O. Box 51445, Knoxville, TN 37950.  This Defendant denies the remaining allegations contained within Paragraph 3 of Plaintiff's Complaint.

4.

This Defendant can neither admit nor deny the allegations contained within Paragraph 4 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

5.

This Defendant denies the allegations contained within Paragraph 5 of Plaintiff's Complaint.

6.

This Defendant denies the allegations contained within Paragraph 6 of Plaintiff's Complaint.

7.

This Defendant denies the allegations contained within Paragraph 7 of Plaintiff's Complaint, and all of its subparts.

8.

This Defendant denies the allegations contained within Paragraph 8 of Plaintiff's Complaint.

9.

This Defendant denies the allegations contained within Paragraph 9 of Plaintiff's Complaint.

10.

This Defendant denies the allegations contained within Paragraph 10 of Plaintiff's Complaint

11.

This Defendant denies the allegations contained within Paragraph 11 of Plaintiff's Complaint.

12.

Defendant denies that Plaintiff is entitled to the relief requested in the "Wherefore" paragraph contained below Paragraph 11 of Plaintiff's Complaint.

### FIFTEENTH DEFENSE

This Defendant denies any remaining allegations contained within Plaintiff's Complaint not previously responded to.

WHEREFORE, having fully answered, purported Defendant **FOOTHILLS BROKERAGE, INC.** prays that it be discharged without costs.

**A TRIAL BY JURY OF TWELVE IS DEMANDED.**

This 21st day of February, 2023.

**CRUSER, MITCHELL, NOVITZ, SANCHEZ, GASTON & ZIMET, LLP**

/s/ Jason G. Wyrick
**JASON G. WYRICK**
Georgia Bar No. 143112
**GREGORY C. MADDALENI**
Georgia Bar No. 913114
*Attorneys for Purported Defendants*

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA  30092
(404) 881-2622
(404) 881-2630 (Fax)
jwyrick@cmlawfirm.com
gmaddaleni@cmlawfirm.com

## **CERTIFICATE OF COMPLIANCE**

Undersigned counsel certify the foregoing document has been prepared with one of the font and point selections (Times New Roman, 14 point) approved by the Court in Local Rule 5.1(C).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the undersigned has this day electronically filed the within and foregoing **DEFENDANT FOOTHILLS BROKERAGE, INC.'S ANSWER AND AFFIRMATIVE DEFENSES BY SPECIAL APPEARANCE TO PLAINTIFF'S COMPLAINT FOR PERSONAL INJURIES** with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following:

Kaylan Colbert, Esq.
The Colbert Law Firm, LLC
1100 Peachtree Street NE, 9th Floor
Atlanta, GA  30309
kcolbert@crashatl.com
*Counsel for Plaintiff*

This 21st day of February, 2023.

**CRUSER, MITCHELL, NOVITZ, SANCHEZ, GASTON & ZIMET, LLP**

/s/ Jason G. Wyrick
**JASON G. WYRICK**
Georgia Bar No. 143112
**GREGORY C. MADDALENI**
Georgia Bar No. 913114
*Attorneys for Purported Defendants*

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA  30092
(404) 881-2622
(404) 881-2630 (Fax)
jwyrick@cmlawfirm.com
gmaddaleni@cmlawfirm.com