# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| Jennifer Thompson, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action File No.: |
| | ) | |
| vs. | ) | |
| | ) | |
| Sunrise Credit Services, Inc., | ) | **COMPLAINT WITH** |
| | ) | **JURY TRIAL DEMAND** |
| Defendant | ) | |
| | ) | |

## PRELIMINARY STATEMENT

This action for damages is based upon the Defendant's overt and intentional, unlawful conduct in the furtherance of its efforts to collect a consumer debt. The Defendant's conduct is in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq. and the Georgia Fair Business Practices Act, (GFBPA) O.C.G.A. 10-1-390 et seq.

## PARTIES

1. Plaintiff, Jennifer Thompson, is a natural person who resides in Gwinnett County, Georgia.

2. Defendant, Sunrise Credit Services, Inc., is a foreign corporation that business, but is not registered, in Georgia. Defendant may be served with process

1

via its president, Richard G. Doane at 260 Airport Plaza Blvd., Farmingdale, New York, 11735.

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction over Plaintiff's Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. This Court has personal jurisdiction over Defendant because, inter alia, Defendants frequently and routinely conducts business in the State of Georgia, including the conduct complained of herein.

5. Pursuant to 28 U.S.C. § 1391, venue is proper in the Northern District of Georgia because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. Venue is proper in the Atlanta Division because the conduct complained of herein occurred in Gwinnett County, Georgia.

## FACTUAL ALLEGATIONS

7. Plaintiff is allegedly obligated to pay a consumer debt arising out of a cellular phone service and is, therefore, a "consumer", as that term is defined by 15 U.S.C. § 1692a(3).

8. Defendant is a collection agency specializing in the collection of consumer debt.

9. Defendant uses interstate commerce and/or mail in its business in the collection of consumer debts.

10. Defendant manages, and collects upon, thousands of consumer debt accounts annually.

11. Defendant is, therefore, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

12. In August, 2022, the Plaintiff received a telephone call from the Defendant.  The Defendant advised that it was seeking to collect an account originating with AT&T, a national telecommunications provider, in the amount of $1,577.66.

13. The Plaintiff responded by advising Defendant that the account in collection was not hers and disputed it in its entirety.  Plaintiff did not hear from the Defendant regarding this account thereafter.

14. On November 10th, 2022, the Plaintiff obtained a copy of her credit report as published by Equifax, a major credit reporting bureau.

15. In reviewing that report, the Plaintiff noted a tradeline reported by the Defendant indicating that it was collecting $1,577.00 on behalf of AT&T Mobility,

that the status of the account was a charge off in collection. Further, the tradeline indicated it was last reported on November 6th, 2022. A reproduction of this tradeline appears below:

16. Missing from the Defendant's reporting of November 6th, 2022 is the critical fact that the Plaintiff had disputed the debt.

17. It was incumbent upon Defendant to mark the account as disputed, both internally and in any reporting made to third parties.

18. Credit reporting is recognized as a powerful tool used to extract payment from consumer debtors. *Quale v. Unifund CCR Partners*, 682 F.Supp.2d 1274 (S.D. Ala. 2010).

19. Defendant's reporting to the credit bureau was in connection with, and in furtherance of, its efforts to collect a consumer debt from the Plaintiff.

20. The right to dispute a debt is the most fundamental of those set forth in under the FDCPA, and can be exercised verbally.

21. If a debt collector elects to communicate 'credit information' about a consumer, it must not omit a piece of information that is always material, namely, that the consumer has disputed a particular debt. *O'Fay v. Sessoms & Rogers, P.A.*, 2010 WL 9478988, at *7 (E.D.N.C. Feb. 9, 2010).

## INJURIES-IN-FACT AND DAMAGES

22. The FDCPA provides consumers with statutorily created rights to be free from 'being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.'" *McCamis v. Servis One, Inc.*, No. 8:16-CV-1130-T-30AEP, 2016 U.S. Dist. LEXIS 99492 (M.D. Fla. July 29, 2016); *Church v. Accretive Health, Inc.*, 654 Fed. Appx. 990, 2016 U.S. App. LEXIS 12414, 2016 WL 3611543 (11th Cir. 2016).

23. An injury-in-fact sufficient to satisfy Article III standing requirements "may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing." *Church*, at 993, quoting *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982).

24. Violation of statutory rights are not a "hypothetical or uncertain" injury, but one "that Congress has elevated to the status of a legally cognizable injury through the FDCPA." *McCamis*, at 4, citing *Church*, at 3.

25. As a result of the Defendant's actions and/or omissions, Plaintiff has suffered actual damages, including but not limited to the following:

   a.) Being subjected to false, deceptive, and unfair debt collection practices;

   b.) Confusion related to the Defendant's credit reporting practice that adversely impacted the Plaintiff's ability to prioritize debt payments when they were possible;

    c.) Defendant's false and misleading communications to leading credit reporting bureaus were akin to defamation of the Plaintiff resulting in subscribers to the credit reporting services receiving a false impression of Plaintiff's credit worthiness and debt-to-income ratio;

    d.) Uncompensated time expended away from and/or activities of daily living, to confer with counsel regarding the Defendant's collection efforts; and

    e.) Anxiety and worry caused by concern that Plaintiff was being called upon to pay an improper claim and that Defendant was intending to engage in false credit reporting. The anxiety and worry experienced by the Plaintiff was sufficient to negatively affect her demeanor, her ability to engage in daily activities, resulted in sleeplessness, and adversely affected her relationships with others.

## CAUSES OF ACTION

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et. seq.

*Violations of 15 U.SC. § 1692e and its subparts*

    26. 15 U.S.C. § 1692e specifically prohibits the use of any false, deceptive, or misleading representations or means in connection with the collection of any debt.

27. The use of "or" in § 1692e means a representation violates the FDCPA if it is false or deceptive or misleading. *Bourff v. Rubin Lublin*, LLC, 674 F.3d 1238, 1241 (11th Cir. 2012).

28. "The FDCPA protects consumers from abusive and deceptive practices by debt collectors, and protects non-abusive debt collectors from competitive disadvantage. 15 U.S.C. § 1692(e). Section 1692e forbids the use of 'any false, deceptive, or misleading representation or means' in debt collection, and provides a non-exhaustive list of prohibited conduct." *United States v. National Financial Servs.*, 98 F.3d 131, 135 (4th Cir. 1996).

29. "Violations of Section 1692e are viewed from the perspective of the "least sophisticated consumer." *National Financial Servs.*, 98 F.3d at 135-36. "[E]valuating debt collection practices with an eye to the 'least sophisticated consumer' comports with basic consumer-protection principles." *Id.* at 136. The purpose of that standard "is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd." *Id.* at 136 *quoting Clomon v. Jackson*, 988 F.2d 1314, 1318 (2nd Cir. 1983). Indeed, its purpose is to protect "naive consumers" with a minimal understanding of personal finance and debt collection. *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1194 (11th Cir. 2010) (per curiam).

30. Moreover, the least sophisticated consumer is not to be held to the same standard as a reasonably prudent consumer. The least sophisticated consumer, though not unreasonable, is "ignorant" and "unthinking," "gullible," and of "below-average sophistication or intelligence," *Pinson v. JPMorgan Chase Bank, Nat'l Ass'n*, No. 16-17107, 2019 U.S. App. LEXIS 33662, at 12-13 (11th Cir. Nov. 12, 2019), quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)

31. A false representation in connection with the collection of a debt is sufficient to violate the FDCPA, even if it is not alleged or proven to be misleading or deceptive.

32. Section 1692e also prohibits: (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." *United States v. National Financial Servs*., 98 F.3d 131, 135 (4th Cir. 1996).

33. "Because reporting a debt to a credit reporting agency can be seen as a communication in connection with the collection of a debt, the reporting of such a debt in violation of the provisions of § 1692e(8) can subject a debt collector to liability under the FDCPA." *Sullivan v. Equifax, Inc.*, 2002 WL 799856, at *4 (E.D. Pa. Apr. 19, 2002).

34. "One commentator has remarked that 'this provision recognizes that reporting a debt to a credit reporting agency is 'a powerful tool designed, in part, to wrench compliance with payment terms ....' " Hobbs, § 5.5.10, p. 170–71 (citing *Rivera v. Bank One*, 145 F.R.D. 614, 623 (D.P.R.1993) & *Matter of Sommersdorf*, 139 B.R. 700, 701 (Bankr. S.D. Ohio 1991)). *See Ditty v. CheckRite, Ltd., Inc.*, 973 F. Supp. 1320, 1331 (D. Utah 1997)." *Sullivan v. Equifax, Inc.*, 2002 WL 799856, at *4 (E.D. Pa. Apr. 19, 2002).

35. The Defendant's failure to report the debt in collection as disputed is a violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(8) and 1692e(10).

***Violations of 15 U.SC. § 1692f and its subparts***

36. The conduct of the Defendant as described herein was unfair and unconscionable. It preyed upon perceived weaknesses/fear/lack of sophistication of the Plaintiff.

37. It violated other provisions of the Act to facilitate collection and, when it became clear payment by the Plaintiff was impossible, it sought to harass and embarrass the Plaintiff.

38. Defendant's conduct violated 15 U.S.C. § 1692f.

## COUNT II

## VIOLATIONS OF THE GEORGIA FAIR BUSINESS PRACTICES ACT
## O.C.G.A. § 10-1-390, et seq.

39. Plaintiff incorporates by reference paragraphs 1 through 39 as though fully stated herein.

40. O.C.G.A. § 10-1-390 et seq is commonly known as the "Fair Business Practices Act of 1975" (the "GFBPA").

41. The purpose of the GFBPA, is to protect consumers from unfair and/or deceptive practices in the conduct of any trade or commerce in part or wholly in the state. O.C.G.A. § 10-1-391.

42. O.C.G.A. § 10-1-391 directs that the GFPBA is to be interpreted and applied liberally and in harmony with the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1), which implements the FDCPA.

43. O.C.G.A. § 10-1-393(a) of the GFBPA broadly prohibits unfair and/or deceptive business practices.

44. Defendant intentionally engaged in unfair and deceptive business practices, as set forth herein, in an effort to collect a consumer debt.

45. Defendant's conduct has implications for the consuming public in general.

46. Defendant's conduct negatively impacts the consumer marketplace.

47. Upon information and belief, Defendant does not maintain a place of business in Georgia and has no assets in Georgia, thus relieving Plaintiffs of the Notice and Demand requirements of O.C.G.A. § 10-1-399(b).

48. As a result of Defendant's violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover general damages pursuant to O.C.G.A. § 10-1-399(a).

49. As a result of Defendant's intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover exemplary damages pursuant to O.C.G.A. § 10-1-399(a).

50. As a result of Defendant's intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover treble damages pursuant to O.C.G.A. § 10-1-399(c).

51. Plaintiff is entitled to recover reasonable attorney's fees and expenses of litigation pursuant to O.C.G.A. § 10-1-399(d).

## TRIAL BY JURY

52. Plaintiff is entitled to and hereby requests a trial by jury.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:

a.) Plaintiff's actual damages;

b.) Statutory damages pursuant to 15 U.S.C. § 1692k;

    c.)    Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k

    d.)    General, exemplary, and treble damages pursuant to O.C.G.A. § 10-1-399(a) & (c);

    e.)    Reasonable attorney's fees and costs pursuant to O.C.G.A. § 10-1-399(d); and

    f.)    Such other and further relief as may be just and proper.

Respectfully submitted this 17th day of February, 2023.

**BERRY & ASSOCIATES**

*/s/ Matthew T. Berry*
Matthew T. Berry
Georgia Bar No.: 055663
matt@mattberry.com
2751 Buford Highway, Suite 600
Atlanta, GA 30324
Ph. (404) 235-3300
Fax (404) 235-3333

*Plaintiff's Attorney*