IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| AQUA EZ, INC.. | JURY TRIAL DEMANDED |
| Plaintiff, | |
| | Civil Action No._____ |
| v. | |
| RESH, INC. | |
| Defendant. | |

## COMPLAINT FOR DECLARATORY JUDGMENT OF INVALIDITY AND NON-INFRINGEMENT OF U.S. PATENT NO. 11,141,842

Plaintiff Aqua EZ, Inc. ("Plaintiff" or "Aqua EZ") hereby seeks a declaration that Aqua EZ does not infringe any valid claims of United States Patent No. 11,141,852 ("the '852 patent") and that the '852 patent is invalid, alleging as follows:

### NATURE OF THE ACTION

1. This is an action for a declaratory judgment of non-infringement and invalidity arising under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. § 2201.

2. Aqua EZ has not infringed, and is not infringing, any valid claim of the '852 Patent. Moreover, all claims of the '852 patent are invalid. Aqua EZ thus

seeks a declaratory judgement to that effect, so that it may remove the cloud of uncertainty arising from Defendant's repeated allegations of infringement.

## THE PARTIES

3. Plaintiff Aqua EZ is a corporation organized and existing under the laws of the State of Georgia with a principal place of business at 6100 Wheaton Dr. SW, Atlanta, GA 30336.

4. Defendant Resh, Inc. ("Resh") is California corporation having a principal place of business at 41725 Elm Street, Suite 103, Murrieta, California 92562. Resh asserts that it is the assignee of the '852 patent.

## JURISDICTION AND VENUE

5. This action arises under the Declaratory Judgment Act, 28 U.S.C. § 2201 and under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*

6. This Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. §§ 1331, 1338, 2201 and 2202 in that this action arises under the patent laws of the United States and an actual and justiciable controversy exists between the parties.

7. This Court has personal jurisdiction over Defendant Resh because Resh purposefully availed itself of the privilege of conducting activities, that is, Resh purposefully established contacts, in Georgia.

8. One of Defendant Resh's officers or principals, Mr. Eric Resh, first approached Aqua EZ regarding his alleged telepole invention and pending patent applications in November 2016 at a trade show in New Orleans. Resh's pending applications included application no. 15/708,038 (the application which ultimately issued as the '852 patent) (the '038 application). At the trade show, Resh threatened Aqua EZ with a lawsuit based on its pending patent applications. Aqua EZ believes Resh's goal was for Aqua EZ to stop selling its own accused pool pole and to start selling Resh's competing poles. Following the 2016 trade show, Resh, directly and through its attorney, began directing communications toward Aqua EZ in Georgia regarding the '038 application. These communications continued until about December 2016. The purpose of these communications was to threaten Aqua EZ with patent infringement of Resh's pending patent applications (including the '038 application) and to persuade Aqua EZ to negotiate a patent license agreement and/or for Aqua EZ to stop selling its own accused pole.

9. On about July 2, 2021, Resh (through its attorney) resumed its threatening communications directed toward Aqua EZ in Georgia with respect to application no. 15/708,038. Resh advised that the U.S. Patent Office had issued a notice of allowance for patent application no. 15/708,038. Resh accused Aqua EZ, two of its officers, and one of Aqua EZ's customers of willfully infringing the patent claims that would issue under patent application no. 15/708,038. Resh

further asserted that it would be entitled to recover pre-issuance damages.  Resh also contacted Aqua EZ's customer directly with its threats of infringement.

10. On October 12, 2021, application no. 15/708,038 (the '038 application) issued as U.S. Patent number 11,141,852 (the " '852 patent") (attached as Exhibit A).

11. From July 2, 2021 up to issuance of the '852 patent, and from the issuance of the '852 patent up to about November 2021, Resh continued to direct numerous communications toward Aqua EZ in Georgia, including numerous emails, letters, telephone calls, voice messages, and at least one text message. These communications included license negotiations and exchanges of confidential and other information.  During these communications, Resh repeatedly threatened to file a patent infringement action against Aqua EZ based on alleged infringement of the '852 patent.  These communications were unsuccessful and did not result in a license agreement.

12. Resh recently resumed sending threatening communications to Aqua EZ in Georgia, based on alleged infringement of the '852 patent.  However, the tone of Resh's recent threats of patent infringement had greatly increased.  Resh advised that it was in the process of preparing a patent infringement action against Aqua EZ and Aqua EZ's customer unless Aqua EZ paid Resh damages, including for alleged willful infringement and alleged pre-issuance damages.

13. From July 2, 2021 to February 21, 2023, Resh sent at least 23 emails, left at least 4 voice messages, sent at least one text message, and sent at least 1 overnight delivery to Aqua EZ and its counsel in the Northern District of Georgia. Resh further engaged in at least one phone conversation with Aqua EZ's counsel in Georgia. As noted above, Resh also directed numerous communications toward Aqua EZ in Georgia prior to 2021.

14. A sufficient nexus between Resh's contacts directed toward Georgia and the claims asserted herein to subject Resh to the personal jurisdiction of this Court. Resh has established sufficient minimum contacts with this District such that it should reasonably and fairly anticipate being called into court in this District, and has purposefully directed its accusations of infringement and its efforts to negotiate a patent license at residents of Georgia and this District.

15. Resh is subject to the Georgia Long Arm Statute because it has transacted business within Georgia, for example, by virtue of its communications with Aqua EZ, including but not limited to license negotiations for the '842 patent and threatening to file a patent infringement suit against Aqua EZ and its customer.

16. Furthermore, on information and belief, Resh has offered its products for sale in Georgia and has sold and shipped its products to Georgia customers, including products that Resh contends are covered by the '852 patent.

17. On information and belief, Resh's contacts with Georgia have been continuous and systematic, and therefore, Resh is also subject to general jurisdiction in Georgia.

18. Venue is proper pursuant to 28 U.S.C. § 1391.

## FACTS

19. A copy of the '852 patent is attached as Exhibit A, which was downloaded from the United States Patent Office's website. Exhibit A reflects that the '852 patent issued on October 12, 2021, is entitled "Telepole Apparatus and Related Methods." Resh has asserted that it is the assignee of all rights in the '852 patent.

20. The Abstract of the '852 patent describes an "improved telepole having attachment means for attaching swimming pool cleaning , and other tools" and includes a telescoping hollow pole with an inner tube and an outer tube, and a "detent mechanism for 'locking' the inner tube in place with the outer tube."

21. Resh has accused Aqua EZ of infringing the '852 patent by selling a certain telescopic pool pole, Aqua EZ Model PO315 (the "Accused Pole").

22. However, Aqua EZ cannot infringe any valid claim of the '852 patent, at least because all claims of the '852 patent are invalid, and further because the Accused Pole is missing certain claim limitations.

23. The claims of the '852 patent recite a "detent" mechanism to lock the telescoping tubes of the telepole into the desired position.

24. Continuously for many years prior to the priority date of the '852 patent, Aqua EZ sold a telescoping aluminum pool pole (Aqua EZ's prior art pole). The material difference between Aqua EZ's prior art pole is the locking mechanism. Aqua EZ's prior art pole employed a twist-lock mechanism, whereas Aqua EZ's accused pole employed a mechanism which Resh asserts satisfies the "detent" mechanism recited in the claims of the '852 patent.

25. But Resh cannot claim to have invented the detent mechanism, as it was known to those of skill in the art long before the priority date of the '852 patent. For example, U.S. patent no. 5,220,707, naming Newman as the inventor (the "Newman Patent"), issued in 1993. Newman explained the drawback in the twistlock mechanism (such as that used by Aqua EZ's prior art pole) and disclosed a detent mechanism to replace the twistlock mechanism. Newman explained that the detent mechanism was an improvement over the twistlock mechanism. The combination of Aqua EZ's prior art pole and the detent mechanism taught by the Newman Patent invalidates all claims of the '852 patent under 35 U.S.C. § 103.

26. Resh has accused another competitor, Skimlite, of infringing the '852 patent. That competitor has identified to Resh a pole that was sold and used before the priority date of the '852 patent, namely, the "A.G. Pro Pole." On information

and belief, the prior use and sale of the A.G. Pro Pole invalidates all claims of the '852 patent under 35 U.S.C. § 102 and/or § 103.

27.     In addition, during prosecution of the '852 patent, the patent examiner rejected all claims under 35 U.S.C. § 103 based on certain prior art references identified by the examiner.  Resh provided purported evidence of non-obviousness, largely consisting of exceedingly lengthy, self-serving declarations of interested witnesses, which the Examiner found to be non-persuasive, still rejecting all claims.  Resh appealed to the Patents Trial and Appeal Board (PTAB).  The PTAB ruled that the Examiner had not used the proper analysis to evaluate the merits of non-obviousness evidence; however, the PTAB did not conduct the proper analysis itself.  When the appeal was concluded and the application returned to the jurisdiction of the Examiner, the Examiner did not perform any further analysis, but simply allowed the '852 patent to issue.  A proper analysis of Resh's purported non-obviousness evidence was therefore never conducted.  Under a proper non-obviousness analysis of Resh's purported evidence, all claims of the '852 patent are invalid under the art cited by the Examiner during prosecution.

28.     In addition to the Aqua EZ prior art pole, the Newman patent, and the A.G. Pro Pole, the claims of the '852 patent are also invalid under 35 U.S.C. § 102 and/or 103 under other prior art references, including without limitation, U.S. Patent No. 8,061,751; U.S. Patent No. 4,247,216; U.S. Patent No. 5,173,181; U.S.

Patent No. 4,577,837; Canadian Patent No. 2209147; U.S. Patent No. 3,407,424; and/or U.S Patent No. 5,595,410.

29.In additional, one or more of the claims of the '852 patent are invalid for indefiniteness.

30.Aqua EZ does not infringe any valid claim of the 852 patent.

## COUNT I
## DECLARATORY JUDGMENT OF INVALIDITY
## OF THE '852 PATENT

31.Aqua EZ realleges and incorporates the allegations of paragraphs 1 through 30 as if fully set forth herein.

32.There is an actual and justiciable controversy between the parties concerning the validity of the '852 patent arising under the Patent Act, 35 U.S.C. § 1, *et seq*.

33.Each claim of the '852 patent is invalid pursuant to, *inter alia*, 35 U.S.C. §§ 102, 103, and/or 112.

34.FDW is entitled to a declaration, order, and judgment that the claims of the '852 patent are invalid.

## COUNT II
## DECLARATORY JUDMENT OF NON-INFRINGEMENT
## OF THE '852 PATENT

35.FDW realleges and incorporates the allegations of paragraphs 1 through 29 as if fully set forth herein.

9

36. There is an actual and justiciable controversy between the parties concerning infringement of the '852 patent arising under the Patent Act, 35 U.S.C. § 1, *et seq*.

37. FDW is entitled to a declaration, order, and judgment that it has not in the past infringed, and does not currently infringe, any valid claim of the '852 patent.

## JURY DEMAND

Aqua EZ hereby demands a trial by jury on all issues so triable.

WHEREFORE, Plaintiff Aqua EZ, Inc. respectfully requests that this Court enter judgment in its favor and against Defendant Resh, Inc. as follows:

1. That the Court declare that Aqua EZ, Inc. has not in the past infringed and does not currently directly infringe, induce infringement or contribute to the infringement of any valid claim of the '852 patent;

2. That the Court declare the claims of the '852 Patent invalid;

3. That the Court find this case to be an exceptional case pursuant to Section 285 of the Patent Act and award Aqua EZ, Inc. its reasonable attorney fees;

4. That all costs be taxed against Defendant Resh, Inc.; and

5. For such other and further relief as the Court deems just and equitable.

This 22nd day of February, 2023.

Respectfully submitted,

                    SMITH, GAMBRELL & RUSSELL, LLP

                    By:/s/William F. Long_____
                    SMITH, GAMBRELL & RUSSELL LLP
                    William F. Long
                    Ga. Bar. No. 457490
                    1105 W. Peachtree Street N.E., Suite 1000
                    Atlanta, Georgia 30309
                    Tel.: (404) 815-3500
                    blong@sgrlaw.com