Case 1:23-mi-99999-UNA   Document 560-5   Filed 02/22/23   Page 1 of 5

E-FILED IN OFFICE - NV
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA
**22-A-09280-4**
**1/23/2023 6:00 PM**
TIANA P. GARNER, CLERK

IN THE SUPERIOR COURT OF GWINNETT COUNTY
STATE OF GEORGIA

Herbert Lynn, Jr. and Angie Lynn,

    Plaintiffs,

v.

The Travelers Home and Marine
Insurance Company,
Integrity Insurance and Financial Services.
ProNet Group, Inc.,

    Defendants.

Civil Action Number 22-A-09280-4



## AMENDED COMPLAINT

Plaintiffs sue the Defendants as follows:

1.    Plaintiffs have standing to bring the claims at issue against the Defendants.

2.    At all relevant times, Defendant Travelers issued an insurance policy to Plaintiffs, which policy of insurance insured that property located at 2090 Melodie Ln. 1, Cumming, GA 30041-6860 on an all-risk basis of which Defendant Integrity was the agent and servicer. ProNet is a engineering company, whose sole customer is Travelers. They were sent by Travelers, to "investigate cause of damage", and then to "say that the cause of damage, was anything in the world, that would not be Travelers responsibility." It was nothing but a "pawn", for Travelers,

## FACTS

3.    On October 29, 2020, the insured property suffered damage from a covered cause of loss, the remnant of Tropical Storm Zeta.

4.    Plaintiffs promptly made a claim for the damage to Defendant Travelers and have complied with all terms and conditions of the policy relevant to the making of such a claim.

5. Defendant Travelers accepted the claim and agreed that there was coverage under the policy for the loss. Defendant began adjusting the loss but discontinued doing so.

6. Plaintiffs noted that Defendant Travelers agreed there was coverage but did not resolve the claim. Plaintiffs sought to resolve the claim amicably, subject to the statute of limitations to which the parties had agreed under the policy, Plaintiffs reached out to Defendant to enter a tolling agreement. Defendant Travelers denied knowing what a tolling agreement is.

7. Plaintiffs' agent, Defendant Integrity Insurance provided advice, and expertise to Plaintiffs in the above process, who stated they are responsible for "shopping and comparing ", the pricing, business practices, customer satisfaction and other information, to recommend that Plaintiffs purchase the policy from Defendant Travelers, the carrier they should bind the policy with, which will uphold the policy when Plaintiffs need the policy.

8. Integrity recommended Travelers to Plaintiffs who purchased the Policy under their advice, with the belief, that if Plaintiffs ever had damage to our homes, vehicles, customers, employees that these companies would promptly honor their responsibilities, to the holders.

9. Instead, both Defendants shirked their responsibilities to Plaintiffs.

10. Plaintiffs' first call was to Integrity to inform them of our damages who contacted Travelers, but nothing happened and the process wore on endlessly.

11. Plaintiffs depended on Integrity's advice, expertise, and influence, with Defendant Travelers, the policy sold to Plaintiffs, to get issues, which remain unresolved after over two years. This issue cost Plaintiffs time anguish, and money, who did not receive a policy, a contract of indemnity, to protect them in their hour of need.

12. In order to preserve their rights and compel Defendants to finish adjusting and paying all amounts due under the policy, Plaintiffs have been forced to file this suit.

13. All conditions precedent to suit occurred, were fulfilled, waived and/or their occurrence and/or fulfillment was unnecessary and/or futile.

## COUNT I: BREACH OF CONTRACT

14. ¶ 1-13 are incorporated by reference

15. The insurance policy issued by Defendant Travelers to Plaintiffs constitutes a legally binding contract between the Parties.

16. Defendant Travelers's failure to pay all amounts due under the policy of insurance is a breach of contract. That breach has directly and proximately harmed Plaintiffs and interfered with their enjoyment of their property as further evidenced by the misconduct of ProNet.

17. Plaintiffs are entitled to recover all amounts due and owing under the policy of insurance for the loss described herein.

18. Plaintiffs are also entitled to recover their attorneys' fees and costs of court pursuant to O.C.G.A. § 13-6-11 for Defendant Travelers's stubborn litigiousness.

19. Plaintiffs may recover interest on payments not made at the statutory rate.

## COUNT II: BAD FAITH

20. ¶ 1-13 are incorporated by reference.

21. By refusing to continue adjusting the claim during the contractual limitations period and refusing to toll the statute of limitations on a claim on which it has admitted coverage, Defendant Travelers has acted in bad faith as defined by O.C.G.A. § 33-4-6 as further evidenced by the misconduct of ProNet.

22. Plaintiffs have not yet delivered a copy of the demand and complaint to the Commissioner of Insurance but will do so within the statutory time.

23. Plaintiffs are entitled to recover an additional fifty percent of the value of this claim and their attorneys' fees and costs for Defendant Travelers's bad faith.

## COUNT III: BREACH OF FIDUCIARY DUTY

24. ¶ 1-13 are incorporated by reference

25. An independent insurance agent or broker is considered the agent of the insured. **_Byrne v. Reardon_**, 196 Ga. App. 735, 736. (1990).

26. Defendant Integrity serviced the Policy, which had a confidential, fiduciary, agency relationship with and owed a duty of good faith to Plaintiffs, such as providing accurate information on the Policy, coverage options and only cancelling the Policy if requested.

27. Defendant Integrity breached its fiduciary duty and duty of good faith to Plaintiffs by inducing them to purchase the Policy, which Travelers never honored and Integrity failed to service as required, meaning Plaintiffs are entitled to damages this misconduct.

23. Travelers is vicariously liable for Integrity's misconduct, conducted within the scope of its agency, which Travelers accepted/ and ratified by wrongfully cancelling the Policy.

24. Plaintiffs demands judgment against all Defendants for Integrity's breach of fiduciary duty and against Travelers, vicariously liable for Integrity's misconduct, for general, special, punitive and nominal damages and post-judgment interest plus attorney's fees for this bad faith and stubborn litigiousness under O.C.G.A. 13-6-11.

## COUNT IV: BREACH OF THIRD-PARTY CONTRACT

25. ¶ 1-13 are incorporated by reference

26. Plaintiff is also an intended third-party beneficiary of the servicing contract between Defendants, which Integrity breached by its misconduct. **_Northern v. Tobin_**, 585 S.E.2d 681 (2003)

27.     Plaintiff demands judgment against Integrity for its breach of its servicing agreement for general, special and nominal damages and post-judgment interest and attorney's fees for this bad faith and stubborn litigiousness under O.C.G.A. 13-6-11.

WHEREFORE, Plaintiffs pray for trial by a jury of twelve; for judgment in their favor; for the recovery of the value of the damage to their property from Defendants; for bad faith damages against Defendants; for their fees and costs of litigation; and for such other and further relief as this Court deems equitable and just including the above claims at issue.

Respectfully submitted this 23rd day of January 2023.

By:     */s/Paul G. Wersant*
        Paul G. Wersant
        Georgia Bar No. 748341
        3245 Peachtree Parkway, Suite D-245,
        Suwanee, Georgia 30024
        Telephone: (678) 894-5876
        Email: pwersant@gmail.com
        Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I certify filing and or serving this document by U.S. First Class Mail upon the Defendants in this case on the above date and/or by electronic mail in the e-filing system of the Court.

By:     */s/Paul G. Wersant*
        Paul G. Wersant
        Georgia Bar No. 748341
        3245 Peachtree Parkway
        Suite D-245, Suwanee, Georgia 30024
        Telephone: (678) 894-5876
        Email: pwersant@gmail.com
        Attorney for Plaintiffs