IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| HERBERT LYNN, JR. and | ) | |
| ANGIE LYNN, | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **CIVIL ACTION FILE NO.:** |
| v. | ) | _____ |
| | ) | |
| THE TRAVELERS HOME AND | ) | |
| MARINE INSURANCE | ) | |
| COMPANY, INTEGRITY | ) | |
| INSURANCE AND FINANCIAL | ) | |
| FINANCIAL SERVICES, | ) | |
| PRONET GROUP, INC., | ) | |
| **Defendants.** | ) | |

## DEFENDANT TRAVELERS HOME AND MARINE INSURANCE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' AMENDED COMPLAINT

COMES NOW the Defendant, Travelers Home and Marine Insurance Company ("Travelers"), and files this Answer and Affirmative Defenses to Plaintiffs' Amended Complaint, and shows this Honorable Court the following:

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Amended Complaint fails to state a claim against Travelers upon which relief can be granted, and therefore, must be dismissed.

**SECOND AFFIRMATIVE DEFENSE**

Travelers shows that Plaintiffs' Amended Complaint should be dismissed because the insurance agreement upon which the claim for insurance proceeds was brought does not provide coverage for the additional damage to Plaintiffs' dwelling as alleged in the Amended Complaint. The insurance agreement provides in pertinent part as follows:

**SECTION I – PERILS INSURED AGAINST (HO-3 (10-06))**

*COVERAGE A – DWELLING AND COVERAGE B – OTHER*

*STRUCTURES*

1.  *We insure against risk of direct physical loss to property described in Coverages A and B.*

2.  *We do not insure, however, for loss:*

    a.  *Excluded under Section I – Exclusions;*

    *\*\*\*\*\**

    c.  *Caused by:*

    *\*\*\*\*\**

        6.  *Any of the following:*

            (a)  *Wear and tear, marring, deterioration;*

2

*(b)  Mechanical breakdown, latent defect, inherent vice, or any quality in property that causes it to damage or destroy itself;*

*(c)  Smog, rust or other corrosion;*

*\*\*\*\*\**

*(f)  Settling, shrinking, bulging or expansion, including resultant cracking, of bulkheads, pavements, patios, footings, foundations, walls, floors, roofs or ceilings;*

*\*\*\*\*\**

*Exception to c.(6)*

*Unless the loss is otherwise excluded, we cover loss to property covered under Coverage A or B resulting from an accidental discharge or overflow of water or steam from within a plumbing, heating, air conditioning or automatic fire protective sprinkler system or household appliance on the "residence premises." This includes the cost to tear out and replace any part of a building, or*

> *other structure, on the "residence premises", but only*
> *when necessary to repair the system or appliance.*
> *However, such tear out and replacement coverage only*
> *applies to other structures if the water or steam causes*
> *actual damage to a building on the "residence*
> *premises."*
>
> *We do not cover loss to the system or appliance from*
> *which this water or steam escaped.*
>
> *****
>
> *Under 2.b. and c. above, any ensuing loss to property*
> *described in Coverages A and B not excluded by any*
> *other provision in this policy is covered.*

Plaintiffs' claim for insurance proceeds, as asserted in the Amended Complaint, is barred under these applicable exclusions, and therefore, Plaintiffs' Amended Complaint must be dismissed.

**THIRD AFFIRMATIVE DEFENSE**

Travelers shows that Plaintiffs' Amended Complaint should be dismissed because the insurance agreement upon which the claim for insurance proceeds was

brought does not provide coverage for the additional damage to Plaintiffs' dwelling as alleged in the Amended Complaint. The insurance agreement provides in pertinent part as follows:

**SECTION I – PERILS INSURED AGAINST (HO-3 (10-06))**

*COVERAGE A – DWELLING AND COVERAGE B – OTHER*

*STRUCTURES*

1.    *We insure against risk of direct physical loss to property described in Coverages A and B.*

2.    *We do not insure, however, for loss:*

    a.    *Excluded under Section I – Exclusions;*

*\*\*\*\*\**

    c.    *Caused by:*

*\*\*\*\*\**

        6.    *Constant or repeated seepage or leakage of water or steam, or the presence or condensation of humidity, moisture or vapor, that occurs over a period of 14 days or more;*

Plaintiffs' claim for insurance proceeds, as asserted in the Amended Complaint, is barred under these applicable exclusions, and therefore, Plaintiffs' Amended Complaint must be dismissed.

## FOURTH AFFIRMATIVE DEFENSE

Travelers shows that Plaintiffs' Amended Complaint should be dismissed because the insurance agreement upon which the claim for insurance proceeds was brought does not provide coverage for the additional damage to Plaintiffs' dwelling as alleged in the Amended Complaint. The insurance agreement provides in pertinent part as follows:

## SECTION I – EXCLUSIONS (HO-3 (10-06))

A.   *We do not insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss. These exclusions apply whether or not the loss event results in widespread damage or affects a substantial area.*

*\*\*\*\*\**

3.   *Water Damage, meaning:*

    *a.*    *Flood, surface water, waves, tidal water, overflow of a body of water, or spray from any of these, whether or not driven by wind;*

    *b.*    *Water or water-borne material which back up through sewers or drains or which overflows or is discharged from a sump, sump pump or related equipment; or*

    *c.*    *Water or water-borne material below the surface of the ground, including water which exerts pressure on or seep or leaks through a building, sidewalk, driveway, foundation, swimming pool or other structure;*

*caused by or resulting from human or animal forces or any act of nature.*

Plaintiffs' claim for insurance proceeds, as asserted in the Amended Complaint, is barred under these applicable exclusions, and therefore, Plaintiffs' Amended Complaint must be dismissed.

## FIFTH AFFIRMATIVE DEFENSE

Travelers shows that Plaintiffs' Amended Complaint should be dismissed because the insurance agreement upon which the claim for insurance proceeds was brought does not provide coverage for the additional damage to Plaintiffs' dwelling as alleged in the Amended Complaint. The insurance agreement provides in pertinent part as follows:

### SECTION I – EXCLUSIONS (HO-3 (10-06))

*****

B. *We do not insure for loss to property described in Coverages A and B caused by any of the following. However, any ensuing loss to property described in Coverages A and B not excluded by any other provision in this policy is covered.*

*****

3. *Faulty, inadequate or defective:*

  a. *Planning, zoning, development, surveying siting;*

  b. *Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;*

c.    *Materials used in repair, construction, renovation or remodeling; or*

d.    *Maintenance;*

*of part or all of any property whether on or off the "residence premises."*

Plaintiffs' claim for insurance proceeds, as asserted in the Amended Complaint, is barred under these applicable exclusions, and therefore, Plaintiffs' Amended Complaint must be dismissed.

## SIXTH AFFIRMTIVE DEFENSE

Plaintiffs' claims may be barred under the Policy, in whole or in part, due to Plaintiffs' own actions or omissions in their failure to protect the property from future damage and/or by their failure to make reasonable and necessary repairs to protect the property.

Specifically, the Policy provides:

## SECTION I – CONDITIONS

*****

2.    **Duties After Loss.** *In case of a loss to covered property, we have no duty to provide coverage under the policy if the failure*

*to comply with the following duties is prejudicial to us. These duties must be performed either by you, an "insured" seeking coverage, or a representative of either.*

*\*\*\*\*\**

**d.**     *Protect the property from further damage. If repairs to the property are required, you must:*

*(1)     Make reasonable and necessary repairs to protect the property; and*

*(2)     Keep an accurate record of repair expenses;*

*\*\*\*\*\**

**e.**     *Cooperate with us in the investigation of a claim;*

Plaintiffs failed to comply with all aspects of these specific conditions imposed upon the insured as a duty immediately after any loss.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred under the Policy, in whole or in part, due to Plaintiffs' own actions or omissions in their failure to cooperate with the investigation of the claim and/or failure provide records and documents Travelers requested.

Specifically, the Policy provides:

## SECTION I – CONDITIONS

*****

2.    ***Duties After Loss.*** *In case of a loss to covered property, we have no duty to provide coverage under the policy if the failure to comply with the following duties is prejudicial to us. These duties must be performed either by you, an "insured" seeking coverage, or a representative of either.*

*****

*e.*    *Cooperate with us in the investigation of a claim;*

*****

*g.*    *As often as we reasonably require:*

    *(1)*    *Show the damaged property;*

    *(2)*    *Provide us with records and documents we request and permit us to make copies;*

Plaintiffs failed to comply with all aspects of these specific conditions imposed upon the insured as a duty immediately after any loss.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claim may be barred under the Policy as the Policy applies to losses which occur during the policy period. Therefore, any losses that caused damage that occurred prior to the inception of the Policy are barred.

## NINTH AFFIRMATIVE DEFENSE

The penalties set forth in O.C.G.A. § 33-4-6 are Plaintiffs' exclusive remedies for alleged bad faith against its insurer, and therefore, to the extent Plaintiffs' Amended Complaint seeks extra-contractual not provided in O.C.G.A. § 33-4-6, Plaintiffs' Amended Complaint fails to state a cause of action and must be dismissed.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' allegations of bad faith failure to pay are without any basis in fact or law and are barred since Travelers did not refuse to make additional payments based upon an unreasonable interpretation of the Policy provisions as applied to the circumstances known, which represents a substantial legal basis for its denial of Plaintiffs' claim.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs failed to comply with the procedural requirements of O.C.G.A. § 33-4-6. Specifically, Plaintiffs failed to provide a proper demand to Travelers and allow the 60-day period to expire without payment prior to filing suit, therefore Plaintiffs' claim for bad faith must be dismissed.

## TWELFTH AFFIRMATIVE DEFENSE

Pending further investigation and discovery, Travelers reserves the right to bring any and all affirmative defenses available to it under the Federal Rules of Civil Procedure and any applicable defenses under the laws of the State of Georgia.

## THIRTEENTH AFFIRMATIVE DEFENSE

In response to the specific allegations contained in the Plaintiffs' Amended Complaint, and while at all times reserving the defenses previously raised by Travelers, as well as those which may be added by amendment in the future after further discovery and investigation, Travelers states the following:

1.

Travelers admits that Plaintiffs have standing to bring their claims against it. However, to the extent that Plaintiffs imply or infer that the allegations contained

in the Plaintiff have any merits, said allegations are hereby denied. Travelers is without sufficient information to either admit or deny the remaining allegations contained in Paragraph 1 of the Amended Complaint, and therefore, places Plaintiffs on strict proof of same.

2.

In response to Paragraph 2 of Plaintiffs' Amended Complaint, Travelers admits that the Policy provided certain coverage for Plaintiffs' property located at 2090 Melodie Lane 1, Cumming, Georgia 30041 (the "Property"). However, Travelers shows that the provisions of the Policy speak for themselves and must be read as a whole and in conjunction with the other provisions, limitations, conditions, and exclusions of the Policy when determining the extent of coverage to be afforded. Travelers further admits that Integrity Insurance and Financial Services ("Integrity") obtained the Policy for Plaintiffs. Travelers admits that it retained ProNet, an engineering company, to investigate the case of the damage. Travelers denies the remaining allegations contained in Paragraph 2.

3.

In response to Paragraph 3 of Plaintiffs' Amended Complaint, Travelers admits that on October 29, 2020, the Property sustained certain damage. However,

Travelers shows that the provisions of the Policy speak for themselves and must be read as a whole and in conjunction with the other provisions, limitations, conditions, and exclusions of the Policy when determining the extent of coverage to be afforded. Furter, to the extent that Plaintiffs seek to imply or infer by the allegations in Paragraph 3 that the Policy provides coverage for any additional damages sought in the Amended Complaint, said allegations are hereby denied. The remaining allegations contained in Paragraph 3 of the Amended Complaint are hereby denied.

4.

In response to Paragraph 4 of Plaintiffs' Amended Complaint, Travelers admits that Plaintiffs notified Travelers that the Property sustained certain damage on October 30, 2020, that the claim was assigned claim number ILS2508, and it assigned an adjuster to investigate the claim who was its authorized representative and agent. Travelers denies that Plaintiffs have complied with all other terms and conditions of the Policy. Further, to the extent that Plaintiffs seek to imply or infer by the allegations in Paragraph 6 that said Policy provides coverage for the additional damages alleged in the Amended Complaint, said allegations are hereby denied. The remaining allegations contained in Paragraph 4 are hereby denied.

5.

In response to Paragraph 5 of Plaintiffs' Amended Complaint, Travelers shows that pursuant to the Policy, Travelers investigated, adjusted and then issued proper coverage for repairs to the dwelling of the Property in the amount of $11,813.58, less recoverable depreciation in the amount of $5.948.87, and less code upgrade cost of $840.42 as per the Policy that is paid when incurred, totaling $5,024.29. Additionally, Travelers issued proper coverage for repairs to other structures on the Property in the amount of $8,622.74, less recoverable depreciation in the amount of $2,733.28 and less code upgrade cost of $382.85 as per the Policy that is paid when incurred, totaling $5,506.61. Further, Travelers issued proper coverage for tree debris removal on the Property in the amount of $2,624.40, less Plaintiffs' $1,000.00 deductible, and less the $624.40 over the Policy imposed limit, totaling $1,000. Finally, Travelers denies that it discontinued adjusting the loss. The remaining allegations contained in Paragraph 5 of the Amended Complaint are hereby denied.

6.

In response to Paragraph 6 of Plaintiffs' Amended Complaint, Travelers is without sufficient information to either admit or deny the allegations regarding

Plaintiffs' knowledge or intent. Further, Travelers admits that nineteen (19) months after last communicating with Travelers about the claim and seventeen (17) days before the two-year suit limitation expired, Plaintiffs contacted Travelers to request that an agreement be entered tolling the period within which to file suit. Travelers shows that pursuant to the Policy, Travelers investigated, adjusted and then issued proper coverage for repairs to the dwelling as outlined in its response to Paragraph 5. However, to the extent that Plaintiffs seek to imply or infer by the allegations in Paragraph 6 that the Policy provides coverage for the additional damages sought in the Amended Complaint, said allegations are hereby denied. The remaining allegations contained in Paragraph 6 of the Amended Complaint are hereby denied.

7.

Travelers is without sufficient information to either admit or deny the allegations contained in Paragraph 7 of the Amended Complaint, and therefore, places Plaintiffs on strict proof of same.

8.

Travelers is without sufficient information to either admit or deny the allegations contained in Paragraph 8 of the Amended Complaint, and therefore, places Plaintiffs on strict proof of same.

9.

Travelers is without sufficient information to either admit or deny the allegations in Paragraph 9 of the Amended Complaint regarding Integrity's actions related to this claim, and therefore, places Plaintiffs on strict proof of same. The remaining allegations contained in Paragraph 9 of the Amended Complaint are hereby denied.

10.

Travelers is without sufficient information to either admit or deny the allegations in Paragraph 10 of the Amended Complaint regarding Integrity's actions related to this claim, and therefore, places Plaintiffs on strict proof of same.

11.

Travelers is without sufficient information to either admit or deny the allegations in Paragraph 11 of the Amended Complaint regarding Integrity's actions related to this claim, and therefore, places Plaintiffs on strict proof of same.

12.

Travelers is without sufficient information to either admit or deny the allegations in Paragraph 12 of the Amended Complaint as they relate to

Defendants Integrity and ProNet, and therefore, places Plaintiffs on strict proof of same. The remaining allegations are hereby denied.

13.

Travelers denies the allegations contained in Paragraph 13 of Plaintiffs' Amended Complaint.

## COUNT I – BREACH OF CONTRACT

14.

The allegations contained in Paragraph 14 of the Amended Complaint do not require a response of Travelers, but to the extent they do, said allegations are hereby denied.

15.

Travelers admits that the Policy provides certain coverage however, the terms of the Policy speak for themselves and must be read as a whole. To the extent that Plaintiffs seek to imply or infer by the allegations in Paragraph 15 that said Policy provides coverage for the additional damages alleged in the Amended Complaint, said allegations are hereby denied. Travelers denies the remaining allegations contained in Paragraph 15 of the Amended Complaint.

16.

Travelers denies the allegations contained in Paragraph 16 of the Amended Complaint.

17.

Travelers shows that it has paid all of the coverage damage, currently due under the terms of the Policy, and denies the remaining allegations contained in Paragraph 17 of the Amended Complaint.

18.

Travelers denies the allegations contained in Paragraph 18 of the Amended Complaint.

19.

Travelers denies the allegations contained in Paragraph 19 of the Amended Complaint.

## **COUNT II – BAD FAITH**

20.

The allegations contained in Paragraph 20 of the Amended Complaint do not require a response of Travelers, but to the extent they do, said allegations are hereby denied.

21.

Travelers denies the allegations contained in Paragraph 21 of the Amended Complaint.

22.

Travelers is without sufficient information to either admit or deny the allegations contained in Paragraph 22 of the Amended Complaint, and therefore, places Plaintiffs on strict proof of same.

23.

Travelers denies the allegations contained in Paragraph 23 of the Amended Complaint.

## **COUNT III – BREACH OF FIDUCIARY DUTY**

24.

The allegations contained in Paragraph 24 of the Amended Complaint do not require a response of Travelers, but to the extent they do, said allegations are hereby denied.

25.

The allegations contained in Paragraph 25 of the Amended Complaint do not require a response of Travelers, but to the extent they do, said allegations are hereby denied.

26.

Travelers is without sufficient information to either admit or deny the allegations contained in Paragraph 26 of the Amended Complaint, and therefore, places Plaintiffs on strict proof of same.

27.

Travelers is without sufficient information to either admit or deny the allegations in Paragraph 27 of the Amended Complaint regarding Integrity's actions related to this claim, and therefore, places Plaintiffs on strict proof of same. The remaining allegations as they are asserted against Travelers in Paragraph 27 of the Amended Complaint are hereby denied.

23. [sic]

Travelers denies the allegations contained in Paragraph 23 [sic] of Plaintiffs' Amended Complaint.

24. [sic]

Travelers denies the allegations contained in Paragraph 24 [sic] of Plaintiffs'
Amended Complaint.

## **COUNT IV – BREACH OF THIRD-PARTY CONTRACT**

25. [sic]

The allegations contained in Paragraph 25 [30] of the Amended Complaint
do not require a response of Travelers, but to the extent they do, said allegations
are hereby denied.

26. [sic]

Travelers denies the allegations contained in Paragraph 26 [sic] of Plaintiffs'
Amended Complaint.

27. [sic]

The allegations contained in Paragraph 27 [sic] of the Amended Complaint
do not require a response of Travelers, but to the extent they do, said allegations
are hereby denied.

WHEREFORE, having responded to the allegations of Plaintiffs' Amended
Complaint, Travelers respectfully requests that:

1.  Plaintiffs' Amended Complaint be dismissed against Travelers and discharged with all costs cast upon Plaintiffs for attorney's fees and expenses of litigation; and

2.  Travelers be awarded such other further relief as the Court may deem just and proper.

Respectfully submitted on this 22nd day of February, 2023.

CHARTWELL LAW, LLP

*/ s/ Karen K. Karabinos*
Karen K. Karabinos
Georgia Bar No. 423906

*/s/ Kevin P. Kelly*
Kevin P. Kelly
Georgia Bar No. 475246

3200 Cobb Galleria Pkwy.
Bldg. 200, Ste. 250
Atlanta, GA 30339
T: (470) 660-8737
F: (404) 738-1632
kkarabinos@chartwelllaw.com
kkelly@chartwelllaw.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day served a copy of the within and foregoing **TRAVELERS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' AMENDED COMPLAINT** using the court's electronic filing system, Odyssey/eFileGA, which will send a copy to the counsel of record as follows:

**Paul G. Wersant**
**3245 Peachtree Parkway**
**Suite D-245**
**Suwanee, GA 30024**
**pwersant@gmail.com**

This 22nd day of February, 2023.

CHARTWELL LAW, LLP

_/ s/ Karen K. Karabinos_
Karen K. Karabinos
Georgia Bar No. 423906

3200 Cobb Galleria Pkwy.
Bldg. 200, Ste. 250        _Counsel for Defendant_
Atlanta, GA 30339
T: (470) 660-8737
F: (404) 738-1632
kkarabinos@chartwelllaw.com