**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU, <br><br> *Petitioner*, <br><br> v. <br><br> NATIONAL CREDIT SYSTEMS, INC., <br><br> *Respondent*. | Case No. _____ <br><br> **PETITION TO ENFORCE CIVIL INVESTIGATIVE DEMAND** |

1. On October 18, 2022, the Consumer Financial Protection Bureau (Bureau) issued a civil investigative demand (CID) to National Credit Systems, Inc. (NCS).

2. The CID includes a Notification of Purpose stating that it is issued as part of an ongoing investigation to determine whether:

> debt collectors, or associated persons, in connection with collecting debt and furnishing information to consumer reporting agencies (CRAs) have: (1) made false or misleading representations to consumers, made prohibited communications to consumers or third parties, collected or attempted to collect amounts from consumers that could not lawfully be collected, in

a manner that is unfair, deceptive or abusive, in violation of the Consumer Financial Protection Act (CFPA), 12 U.S.C. §§ 5531, 5536, and/or in a manner that violates the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq., principally §§ 1692d-g; (2) furnished inaccurate information to CRAs while knowing or having reasonable cause to believe the information was inaccurate or after having been notified by consumers that furnished information was inaccurate, failed to correct furnished information that it determined was inaccurate, failed to follow required procedures upon receiving notices of dispute, and failed to establish and implement appropriate policies and procedures, and/or failed to perform other duties of a furnisher, in a manner that violates the FCRA, 15 U.S.C. § 1681 et seq., principally § 1681s-2(a), (b), and Regulation V, 12 C.F.R. Part 1022, principally Subpart E; (3) failed to follow required procedures for notice and validation of debts in a manner that violates the FDCPA, 15 U.S.C. §1692 et seq., principally § 1692g; and (4) engaged in any other conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt from consumers in a manner that is unfair or unconscionable, in violation of the FDCPA, 15 U.S.C. § 1692 et seq., principally 15 U.S.C. §§ 1692d and 1692*l*, and/or in a manner that is unfair or abusive in violation of the CFPA, 12 U.S.C. §§ 5531, 5536. The purpose of this investigation is also to determine whether Bureau action to obtain legal or equitable relief would be in the public interest.

3. The CID was served by certified mail and received by NCS on

October 21, 2022.

4. The CID required the full production of answers to interrogatories,

written reports, and documents by November 21, 2022.

5. On November 9, 2022, NCS filed a petition requesting that the

Director of the Bureau set aside the CID. The filing of the petition stayed the

2

deadline for NCS to respond to the CID until the Bureau resolved the petition. *See* 12 U.S.C. § 5562(f)(2).

6. On December 20, 2022, the Director denied NCS's petition to set aside the CID and directed NCS to comply in full with the CID within 21 days from the date the order denying the petition was served by email on counsel for NCS.

7. The Bureau served the Director's order on counsel for NCS on December 22, 2022, so that NCS's response to the CID was due on January 12, 2023.

8. NCS has refused to comply with any of the demands in the CID. On January 11, 2023, NCS informed the Bureau that it would not respond to the CID until the United States Supreme Court has resolved the constitutional questions concerning the Bureau's funding mechanism presented in *Community Financial Services Association of America, Ltd. v. Consumer Financial Protection Bureau*, 51 F.4th 616, 624 (5th Cir. 2022), Pet. for Cert. filed, Nov. 14, 2022 (No. 22-448).[1]

9. Thus, the Bureau petitions this Court for an order requiring NCS to comply with the CID.

---

[1] The letter from NCS's counsel is Exhibit 5 to the Declaration of Sarah Baldwin that accompanies this Petition.

10. In support thereof, the Bureau submits the accompanying Memorandum of Law and Declaration of Sarah Baldwin. In further support, the Bureau alleges:

## JURISDICTION AND VENUE

11. This Court has subject-matter jurisdiction under § 1052(e)(1) of the CFPA. 12 U.S.C. § 5562(e)(1).

12. Venue is proper because NCS resides, is found, and transacts business in Atlanta, Georgia, which is in this district. 12 U.S.C. § 5562(e)(1).

## INTRADISTRICT ASSIGNMENT

13. NCS is in Cobb County, and this action arises in Cobb County because a substantial part of the events or omissions giving rise to the claims occurred there. Accordingly, under the Local Rules of Practice in Civil Proceedings before the United States District Court for the Northern District of Georgia, this action should be assigned to the Atlanta Division of this Court. *See* LR 3.1(B)(1)(a), (3), NDGa.

## PARTIES

14. The Bureau is an administrative agency of the United States. 12 U.S.C. § 5491(a).

15. NCS is an Atlanta, Georgia debt collector that collects on consumer debt and furnishes information to consumer reporting agencies (CRAs).

## THE CID

16. Section 1052(c) of the CFPA empowers the Bureau to issue a CID seeking "any information[] relevant to a violation" of "Federal consumer financial law." 12 U.S.C. § 5562(c)(1). A CID issued by the Bureau may, among other things, require the recipient to respond to interrogatories, provide written reports, and produce documents. *Id.*

17. A Bureau CID is an administrative subpoena. *CFPB v. Harbour Portfolio Advisors, LLC*, No. 16-14183, 2017 WL 631914, *1 (E.D. Mich. Feb. 16, 2017) (noting that Bureau CIDs are "a form of administrative subpoena); *cf. United States v. Kamal Kabakibou, MD, PC*, 522 F. Supp. 3d 1307, 1313 (N.D. Ga. 2020) (explaining that a CID issued pursuant to the False Claims Act "is an administrative subpoena").

18. In the Eleventh Circuit, "[a] district court's role in a proceeding to enforce an administrative subpoena is limited." *EEOC v. Tire Kingdom, Inc.*, 80 F.3d 449, 450 (11th Cir. 1996). To obtain a court order enforcing an administrative subpoena, an agency "must establish four things: '[1] that the investigation will be conducted pursuant to a legitimate purpose, [2] that the inquiry may be relevant to

the purpose, [3] that the information sought is not already within the agency's possession, and [4] that the administrative steps required have been followed.'" *SEC v. Marin*, 982 F.3d 1341, 1352 (11th Cir. 2020) (alterations omitted) (quoting *United States v. Powell*, 379 U.S. 48, 57-58 (1964)).

19. The CID is issued pursuant to a legitimate purpose. The CFPA broadly authorizes the Bureau to investigate violations of federal consumer financial laws and to issue a CID to "any person" the Bureau "has reason to believe … may have any information[] relevant to a violation." 12 U.S.C. § 5562(c). The Notification of Purpose in the CID to NCS sets forth the basis of the Bureau's investigation, which seeks to learn if debt collectors, or associated persons, in connection with collecting debt and furnishing information to consumer reporting agencies (CRAs), violated the CFPA, the FDCPA, the FCRA, or its implementing regulation, Regulation V.

20. The Bureau has authority to enforce the CFPA, the FDCPA, the FCRA, and Regulation V. 12 U.S.C. §§ 5564 (authorizing the Bureau to bring an enforcement action against someone who violates "federal consumer financial law"), 5481(12), (14) (designating the CFPA, FDCPA, FCRA, and rules issued under those statutes as "federal consumer financial laws").

21. As demonstrated by the accompanying Declaration of Sarah Baldwin, the CID demands responses to interrogatories, written reports, and documents relevant to the Bureau's investigation.

22. As also demonstrated by the Declaration of Sarah Baldwin, the information sought to be compelled here is not already in the possession of the Bureau. Baldwin Decl. ¶¶ 16-18. On August 21, 2020, in connection with an earlier, now-closed investigation, NCS produced certain documents, but the Bureau does not seek reproduction of those documents produced by NCS in 2020.

23. The Bureau also followed the required administrative steps to issue the CID. *See* 12 U.S.C. § 5562(c), 12 C.F.R. pt. 1080. On October 18, 2022, a Deputy Assistant Director of the Office of Enforcement issued the CID. It was served on NCS by certified mail. As required by the CFPA, 12 U.S.C. § 5562(c)(2), the CID contained a Notification of Purpose apprising NCS of the nature of the conduct under investigation and applicable provisions of law.

24. On October 31, 2022, counsel for the Bureau and NCS met and conferred about the CID in accordance with 12 C.F.R. § 1080.6(c).

25. At the meet and confer, counsel for the Bureau asked NCS to provide the Bureau a letter setting out its concerns and objections. NCS has never

7

submitted any such written objection to the specific demands in the CID. NCS has not made any production in response to the October 2022 CID.

26. This Petition to Enforce and the accompanying Declaration of Sarah Baldwin establish the Bureau issued the CID pursuant to a legitimate purpose, the CID seeks information that is relevant to the investigation, the information sought is not already in the Bureau's possession, and the Bureau followed the administrative requirements. The Bureau has established a prima facie case that enforcement is appropriate. Accordingly, this Court should order NCS promptly to show cause why the Court should not enter an order compelling compliance with the CID.

27. This Court should thereafter enforce the CID.

WHEREFORE, the Bureau requests:

1. An order directing NCS to show cause why it should not be required to completely comply with the CID;

2. An order directing NCS to comply with the CID; and

3. Such other relief as this Court deems just and proper.

Dated: February 21, 2023

Respectfully submitted,

| LOCAL COUNSEL | FOR PETITIONER: |
|---|---|
| RYAN K. BUCHANAN<br>United States Attorney | CONSUMER FINANCIAL PROTECTION BUREAU |

LOCAL COUNSEL

RYAN K. BUCHANAN
United States Attorney

*/s/ Akash R. Desai*
AKASH R. DESAI
Assistant U.S. Attorney
Georgia Bar No. 338124

600 U.S. Courthouse
75 Ted Turner Drive SW
Atlanta, Georgia 30303
Phone: (404) 581-6364
Facsimile: (404) 581-6181
Email: Akash.Desai@usdoj.gov

FOR PETITIONER:

CONSUMER FINANCIAL PROTECTION BUREAU

ERIC HALPERIN
Enforcement Director

DAVID RUBENSTEIN
Deputy Enforcement Director

MAUREEN MCOWEN
Assistant Deputy Enforcement Director

*/s/ Sarah Baldwin*
SARAH BALDWIN
Enforcement Attorney
N.Y. Reg No. 5414248
Phone: (202) 480-6912
Email: sarah.baldwin@cfpb.gov

TRACEE J. PLOWELL
Senior Litigation Counsel
N.Y. Reg. No. 2994457
Email: tracee.plowell@cfpb.gov
Tel.: (202) 676-6924

Consumer Financial Protection Bureau
1700 G Street, NW
Washington, D.C. 20552