# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU,<br><br>*Petitioner*,<br><br>v.<br><br>NATIONAL CREDIT SYSTEMS, INC.,<br><br>*Respondent*. | Case No. _____<br><br>**MEMORANDUM IN SUPPORT OF PETITION TO ENFORCE CIVIL INVESTIGATIVE DEMAND** |

The Consumer Financial Protection Bureau (Bureau) petitions this Court for an order requiring National Credit Systems, Inc. (NCS) to respond fully to the civil investigative demand (CID) issued to NCS on October 18, 2022. *See* Declaration of Sarah Baldwin (Baldwin Decl.), ¶ 6 & Ex. 1.

The Consumer Financial Protection Act of 2010 (CFPA) gives the Bureau authority to issue CIDs and to enforce them in federal district court. 12 U.S.C. §§ 5562(c)(1), (e)(1). CIDs are a type of investigative, administrative subpoena. *See, e.g.*, *United States v. Kamal Kabakibou, MD, PC*, 522 F. Supp. 3d 1307, 1313 (N.D. Ga. 2020); *CFPB v. Harbour Portfolio Advisors, LLC*, No. 16-14183, 2017 WL 631914, *1 (E.D. Mich. Feb. 16, 2017). The Bureau may initiate a proceeding to enforce a CID by filing a petition in the federal district court where the CID recipient "resides, is found, or transacts business." 12 U.S.C. § 5562(e)(1); 12 C.F.R. § 1080.10(b)(1). Because the Bureau has authority to issue the CID to NCS, and this Court has authority to enforce it, the Bureau respectfully requests that this Court order NCS promptly to show cause as to why it should not be required to comply with the CID and, thereafter, enter an order requiring NCS to fully comply with the CID.

## I.   Statement of Facts

NCS is an Atlanta, Georgia debt collector that collects on consumer debt and furnishes information to consumer reporting agencies (CRAs). Baldwin Decl. ¶ 5. The Bureau is investigating NCS's debt collection, credit reporting, and potential debt buying conduct, focusing on potential violations of the CFPA's prohibition on unfair, deceptive, or abusive acts and practices, the Fair Debt Collection Practices Act (FDCPA), the Fair Credit Reporting Act (FCRA), and the FCRA's implementing rule, Regulation V. *Id.* ¶¶ 4-5. As part of that investigation, the Bureau issued a CID to NCS that demands interrogatory answers, written reports, and documents. *Id.* ¶ 6. The CID was duly served on NCS on October 21, 2022. *Id.* ¶ 7.

The CID contained the following Notification of Purpose:

> The purpose of this investigation is to determine whether debt collectors, or associated persons, in connection with collecting debt and furnishing information to consumer reporting agencies (CRAs) have: (1) made false or misleading representations to consumers, made prohibited communications to consumers or third parties, collected or attempted to collect amounts from consumers that could not lawfully be collected, in a manner that is unfair, deceptive or abusive, in violation of the Consumer Financial Protection Act (CFPA), 12 U.S.C. §§ 5531, 5536, and/or in a manner that violates the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq., principally §§ 1692d-g; (2) furnished inaccurate information to CRAs while knowing or having reasonable

3

>cause to believe the information was inaccurate or after having been notified by consumers that furnished information was inaccurate, failed to correct furnished information that it determined was inaccurate, failed to follow required procedures upon receiving notices of dispute, and failed to establish and implement appropriate policies and procedures, and/or failed to perform other duties of a furnisher, in a manner that violates the FCRA, 15 U.S.C. § 1681 et seq., principally § 1681s-2(a), (b), and Regulation V, 12 C.F.R. Part 1022, principally Subpart E; (3) failed to follow required procedures for notice and validation of debts in a manner that violates the FDCPA, 15 U.S.C. §1692 et seq., principally § 1692g; and (4) engaged in any other conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt from consumers in a manner that is unfair or unconscionable, in violation of the FDCPA, 15 U.S.C. § 1692 et seq., principally 15 U.S.C. §§ 1692d and 16921, and/or in a manner that is unfair or abusive in violation of the CFPA, 12 U.S.C. §§ 5531, 5536. The purpose of this investigation is also to determine whether Bureau action to obtain legal or equitable relief would be in the public interest.

*Id.* ¶ 6 & Ex. 1 at 1.

On October 31, 2022, counsel for the Bureau and NCS met and conferred about the CID in accordance with 12 C.F.R. § 1080.6(c). Baldwin Decl. ¶ 8. At the meet and confer, the Bureau asked NCS to provide the Bureau a letter setting out its concerns and objections to the CID. *Id*. NCS has never submitted any such written objection to the specific demands in the CID. *Id*.

4

On November 9, 2022, NCS filed a petition pursuant to 12 U.S.C. § 5562(f) and 12 C.F.R. § 1080.6(e) seeking a Bureau order setting aside the CID. Baldwin Decl. ¶ 9 & Ex. 2. The Director of the Bureau denied that petition on December 20, 2022. *Id.* ¶ 10 & Ex. 3. The Bureau served the order denying the petition on counsel for NCS by email on December 22, 2022. *Id.* ¶ 11 & Exs. 3 & 4.

In its petition, NCS asked that, if its petition was denied, it be given 21 days to comply. *Id.* ¶ 12. The Bureau Director granted that request and gave NCS 21 days after the email service of the Order, *i.e.*, until January 12, 2023, to comply in full with the CID. Baldwin Decl. ¶ 12 & Exs. 3 & 4. On January 11, 2023, NCS informed the Bureau that it would not respond to the CID until the United States Supreme Court has resolved the constitutional questions concerning the Bureau's funding mechanism presented in *Community Financial Services Association of America, Ltd. v. Consumer Financial Protection Bureau*, 51 F.4th 616, 624 (5th Cir. 2022), Pet. for Cert. filed, Nov. 14, 2022 (No. 22-448). Baldwin Decl. ¶ 13 & Ex. 5. NCS has not made any production in response to the October 2022 CID. Baldwin Decl. ¶ 14.

## II. The Court Should Enforce the CID

A Bureau CID is an administrative subpoena. *Harbour Portfolio Advisors, LLC*, 2017 WL 631914 at *1 (noting that Bureau CIDs are "a form of

5

administrative subpoena"); *cf. Kabakibou,* 522 F. Supp. 3d at 1313 (N.D. Ga. 2020) (explaining that a CID issued pursuant to the False Claims Act "is an administrative subpoena").

In the Eleventh Circuit, "[a] district court's role in a proceeding to enforce an administrative subpoena is limited." *EEOC v. Tire Kingdom, Inc.*, 80 F.3d 449, 450 (11th Cir. 1996). To obtain a court order enforcing an administrative subpoena, an agency "must establish four things: '[1] that the investigation will be conducted pursuant to a legitimate purpose, [2] that the inquiry may be relevant to the purpose, [3] that the information sought is not already within the agency's possession, and [4] that the administrative steps required have been followed." *SEC v. Marin*, 982 F.3d 1341, 1352 (11th Cir. 2020) (alterations omitted) (quoting *United States v. Powell*, 379 U.S. 48, 57-58 (1964)). As demonstrated by the accompanying declaration of lead counsel Sarah Baldwin, these four criteria are met here.[1]

First, the Bureau is conducting this investigation pursuant to a legitimate purpose. The Bureau, like the SEC and other administrative agencies with law enforcement authorities, has "broad investigatory power." *Marin*, 982 F.3d at 1352

---

[1] "[A]n agency can establish compliance with *Powell* by submitting an affidavit; once it has done so, the burden shifts to the party challenging the subpoena to disprove compliance with one of the *Powell* criteria." *Marin*, 982 F.3d at 1352.

6

(quoting *United States v. Florida Azalea Specialists*, 19 F.3d 620, 624 (11th Cir. 1994)). The Bureau may use its broad authority to investigate violations of federal consumer financial laws and to issue a CID to "any person" the Bureau "has reason to believe … may have any information[] relevant to a violation." 12 U.S.C. § 5562(c). A "violation" is defined as "any act or omission that, if proved, would constitute a violation of any provision of Federal consumer financial law." *Id.* § 5561(5). And "Federal consumer financial law," in turn, is defined to include (among other things) the CFPA, FDCPA, FCRA, and regulations issued under those laws. *Id.* § 5481(12), (14). As set forth in the CID's Notification of Purpose, the Bureau issued the CID to determine whether debt collectors or associated persons had engaged in various conduct that violated the CFPA, FDCPA, FCRA, or FCRA's implementing regulation, in connection with collecting debt and furnishing information to CRAs. Baldwin Decl. ¶ 6 & Ex. 1 at 1 (CID Notification of Purpose). That inquiry fits squarely within the scope of the Bureau's statutory authority, and the CID was therefore issued for a legitimate purpose.

Second, the information sought is relevant to the investigation. "The measure of relevance used in administrative subpoena enforcement actions is quite broad." *Marin*, 982 F.3d at 1355 (alteration omitted; quoting *Fla. Azalea Specialists*, 19 F.3d at 624). The Supreme Court has held that an agency request is

relevant so long as it is "not plainly incompetent or irrelevant to any lawful purpose" of the agency. *Endicott Johnson Corp. v. Perkins*, 317 U.S. 501, 509 (1943); *accord Kabakibou*, 522 F. Supp. 3d at 1310. Thus, a request is relevant if it "touches a matter under investigation." *Marin*, 982 F.3d at 1355 (quoting *Sandsend Fin. Consultants, Ltd. v. Fed. Home Loan Bank Bd.*, 878 F.2d 875, 882 (5th Cir. 1989)). Moreover, an agency's own appraisal of relevancy must be accepted so long as it is not "obviously wrong," and so long as the request is designed to assist the agency in ascertaining whether "the law is being violated in some way and . . . to determine whether or not to file a complaint." *FTC v. Invention Submission Corp.*, 965 F.2d 1086, 1089, 1090 (D.C. Cir. 1992).

Here, as demonstrated in the accompanying sworn statement of lead counsel Sarah Baldwin, the demands in the CID seek information relevant to the Bureau's investigation. Each of the CID's interrogatories, requests for written reports, and document requests seek information relating to NCS's debt collection activities and furnishing of information to CRAs, in possible violation of the identified Federal consumer financial laws, and are therefore relevant to the Bureau's legitimate inquiry into whether a debt collector or associated persons have engaged in unlawful conduct relating to debt collection or furnishing. Baldwin Decl. ¶ 14 & Ex. 1.

Third, the CID seeks information that is not in the Bureau's possession. Baldwin Decl. ¶¶ 16-18. Some of the requested documents and information was previously obtained from NCS in connection with an earlier, now-closed investigation. Baldwin Decl. ¶ 16. The Bureau is not asking the Court to order the production of any responsive documents or information that have already been provided in response to any prior CID. Baldwin Decl. ¶¶ 15-17. Thus, the materials the Bureau seeks in this action do not overlap with the prior production and are not in the Bureau's possession.

Finally, the Bureau followed all applicable procedural requirements under the CFPA and its implementing regulation related to the issuance of a CID. 12 U.S.C. § 5562(c); 12 C.F.R. § 1080. The CID was issued by a Deputy Assistant Director of the Office of Enforcement and included a detailed Notification of Purpose advising NCS of the nature of the conduct under investigation. Baldwin Decl. ¶¶ 6, 19-20 & Ex. 1 at 1; *see* 12 U.S.C. § 5562(c)(2); 12 C.F.R. §§ 1080.5, 1080.6(a). The CID was duly served on NCS by certified mail. Baldwin Decl. at ¶ 7; *see* 12 U.S.C. § 5562(b)(8)(C).

Because the Bureau has shown that it issued the CID for a legitimate purpose, that the information sought is relevant to the investigation and not already in the possession of the Bureau, and that the administrative requirements have been

9

followed, the Bureau has made a prima facie showing that enforcement is appropriate. "Once the government makes this preliminary showing, the burden shifts to the [subpoena recipient] to disprove one of the four *Powell* criteria, or to demonstrate that judicial enforcement should be denied on the ground that it would be an abuse of the court's process." *Marin*, 982 F.3d at 1352 (quoting *United States v. Centennial Builders, Inc.*, 747 F.2d 678, 680 (11th Cir. 1984)). Because the Bureau has established its prima facie case that enforcement is appropriate, it respectfully requests that the Court enter the accompanying proposed Order to Show Cause ordering NCS to show cause why the Court should not enter an order compelling compliance with the CID.

This Court should thereafter enter an order enforcing the CID by requiring NCS to produce all documents and information it has not already produced to the Bureau.

### III. Conclusion

For the reasons discussed above, the Bureau respectfully requests that the Court order NCS promptly to show cause as to why it should not be compelled to comply fully with the CID. The Bureau further requests that the Court thereafter order NCS to comply fully with the CID by producing all materials not already

produced to the Bureau, and grant such other relief as the Court deems just and proper.

Dated: February 21, 2023

Respectfully submitted,

| LOCAL COUNSEL | FOR PETITIONER: |
|---|---|
| RYAN K. BUCHANAN<br>United States Attorney | CONSUMER FINANCIAL PROTECTION BUREAU |
| /s/ *Akash R. Desai*<br>AKASH R. DESAI<br>Assistant U.S. Attorney<br>Georgia Bar No. 338124 | ERIC HALPERIN<br>Enforcement Director<br><br>DAVID RUBENSTEIN<br>Deputy Enforcement Director |
| 600 U.S. Courthouse<br>75 Ted Turner Drive SW<br>Atlanta, Georgia 30303<br>Phone: (404) 581-6364<br>Facsimile: (404) 581-6181<br>Email: Akash.Desai@usdoj.gov | MAUREEN MCOWEN<br>Assistant Deputy Enforcement Director<br><br>/s/ *Sarah Baldwin*<br>SARAH BALDWIN<br>Enforcement Attorney<br>N.Y. Reg No. 5414248<br>Phone: (202) 480-6912<br>Email: sarah.baldwin@cfpb.gov<br><br>TRACEE J. PLOWELL<br>Senior Litigation Counsel<br>N.Y. Reg. No. 2994457<br>Email: tracee.plowell@cfpb.gov<br>Tel.: (202) 676-6924<br><br>Consumer Financial Protection Bureau<br>1700 G Street, NW<br>Washington, D.C. 20552 |