e-Filed 1/17/2023 2:20 PM

**General Civil and Domestic Relations Case Filing Information Form**

2023CV00119

*Tiki Brown*

Tiki Brown
Clerk of State Court

| For Clerk Use Only | |
|---|---|
| 1/17/2023 | |
| **Date Filed**: _____ | **Case Number** 2023CV00119 |
| MM-DD-YYYY | Clayton County, Georgia |

Hannah Lowery

**Plaintiff(s)**
COLLIER, JOHNNYE,

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Defendants(s)**
WAL-MART,

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Reporting Party**: Elisabeth Maheri          **Bar Number**:675919          **Self-Represented: NO**

## Check One Case Type in One Box

**General Civil Cases**
- ☒ **Automobile Tort**
- ☐ **Civil Appeal**
- ☐ **Contract**
- ☐ **Garnishment**
- ☐ **General Tort**
- ☐ **Habeas Corpus**
- ☐ **Injunction/Mandamus/Other Writ**
- ☐ **Landlord/Tenant**
- ☐ **Medical Malpractice Tort**
- ☐ **Product Liability Tort**
- ☐ **Real Property**
- ☐ **Restraining Petition**
- ☐ **Other General Civil**

**Domestic Relations Cases**
- ☐ **Adoption**
- ☐ **Dissolution/Divorce/Separate Maintenance**
- ☐ **Family Violence Petition**
- ☐ **Paternity/Legitimation**
- ☐ **Support – IV-D**
- ☐ **Support – Private (non-IV-D)**
- ☐ **Other Domestic Relations**

**Post Judgment – Check One Case Type**
- ☐ **Contempt**
- ☐ **Non-payment of child support, medical support, or alimony**
- ☐ **Modification**
- ☐ **Other/Administrative**

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each

_____          _____
**Case Number**                **Case Number**

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
**Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____

Version 1.1.18

2023CV00119
e-Filed 1/17/2023 2:20 PM

*Tiki Brown*
**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
**Hannah Lowery**

IN THE STATE COURT OF CLAYTON COUNTY

STATE OF GEORGIA

| | |
|---|---|
| JOHNNYE COLLIER,<br><br>       Plaintiff,<br><br>vs.<br><br>WALMART, INC.<br><br><br>       Defendant. | **CIVIL ACTION FILE NUMBER:** 2023CV00119<br><br><br><br>**SUMMONS** |

**TO THE ABOVE-NAMED DEFENDANT:**

**c/o THE CORPORATION COMPANY (FL)**
**106 COLONY PARK DRIVE, SUITE 800-B**
**CUMMING, GA 30040-2794**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Elisabeth Maheri

Georgia Trial Attorneys at Kirchen & Grant, LLC

6825 Jimmy Carter Boulevard Ste 1400

Norcross, GA30071-1266

**Electronic Service Email: GAEfile@8334thewin.com**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____17th_____day of _____January_____, 2023.

Hannah Lowery

_____
Clerk of Court

## IN THE STATE COURT OF CLAYTON COUNTY

## STATE OF GEORGIA

JOHNNYE COLLIER,

                    PLAINTIFF,

vs.

WALMART, INC,

          DEFENDANT.

**CIVIL ACTION**

**FILE NUMBER:** 2023CV00119

## COMPLAINT FOR INJURIES

**COMES NOW,** Johnnye Collier, Plaintiff, by Elisabeth Maheri and Georgia Trial Attorneys at Kirchen & Grant, LLC, their attorneys, sues the Defendant, Walmart, Inc., and in support, states as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Johnnye Collier, the Plaintiff, is a resident of Georgia.

2. Defendant Walmart, Inc., is a foreign profit corporation existing under the laws of Delaware with its principal place of business in Arkansas and may be served through its registered agent, The Corporation Company (FL) located at 106 Colony Park Drive, Suite 800-B, Cumming, Georgia 30040-2794.

3. Jurisdiction and venue are proper in this court as Plaintiff's injury occurred here.

4. Pursuant to OCGA §9-3-33, actions for injuries to the personal shall be brought within two years after the right of action accrues. This action is brought before the two-year limitation.

### STATEMENT OF FACTS

5.  On or about April 14, 2022, Plaintiff was an invitee at Walmart, Inc., located at 7050 Highway 85, Riverdale, GA 30274.

6.  Plaintiff was walking near the register and slipped on a slippery substance that caused her to fall on her back causing her serious injury.

7.  There were no cones or other warning in the area of the line by the time of the fall.

8.  Defendant had exclusive ownership, possession and control over the area surrounding the area at all times relevant to this litigation.

9.  As a result of Plaintiff's fall, Plaintiff suffered personal bodily injuries.

10. At all relevant times, Plaintiff exercised due care and prudence for her own safety.

11. The above-described incident was proximately caused by the Defendant's negligence.

12. As a direct and proximate result of the Defendant's negligence, Plaintiff suffered personal injuries and required medical treatment.  Because of these injuries, Plaintiff incurred medical expenses and other expenses to be proven at trial.

13. As a direct and proximate result of the Defendant's negligence, Plaintiff sustained physical pain and suffering as well as emotional distress and continues to suffer physical pain and suffering.

## COUNT ONE – PREMISES LIABILTY - DEFENDANT WALMART, INC.

14. Plaintiff realleges and incorporates herein the allegations contained in paragraphs above as if full restated.

15. Plaintiff was an invitee on the premises at the time of the fall.

16. Defendant Walmart, Inc., owed a nondelegable duty of reasonable care in keeping the premises safe for invitees such as Plaintiff.

17. Defendant Walmart, Inc., was negligent in failing to properly inspect the area where the fall occurred, in failing to remove the hazard from the floor, in failing to take adequate measures

to protect invitees from substances on the floor and in failing to keep the premises safe for invitees.

18. Defendant Walmart, Inc's., negligence was the proximate cause of Plaintiff's injuries.

## **COUNT TWO – VICARIOUS LIABILITY – WALMART, INC.**

20.  Plaintiff realleges and incorporates herein the allegations contained in the paragraphs above as if fully restated.

21. At all times relevant to this action, the individuals responsible for inspecting, cleaning and maintaining the area where Plaintiff fell were employed by Defendant Walmart, Inc. and were acting within the scope of their employment.

22. Defendant Walmart, Inc., is responsible for the conduct of these individuals under the doctrine and respondeat superior, agency or apparent agency.

## **COUNT THREE – NEGLIGENT TRAINING & SUPERVISION DEFENDANT WALMART, INC.**

23. Plaintiff realleges and incorporates herein the allegations contained in paragraphs above as if fully restated.

24.   Defendant Walmart, Inc., was negligent in failing to adopt appropriate policies and procedures to make sure that appropriate inspections, cleaning and maintenance were performed on the premises and in failing to train its employees concerning safety procedures for inspecting, cleaning and maintaining the premises.

25. Defendant Walmart, Inc., was negligent in training and supervising its staff.

26.   As a result of Defendant Walmart, Inc., negligence in training and supervising its employees, Plaintiff was injured on the premises.

27. Plaintiff did not cause or contribute to the fall and was not negligent in any manner.

## **DAMAGES**

28. Defendant is liable for Plaintiff's injuries and damages sustained, pain and suffering, and all other elements of damages allowed under the laws of the State of Georgia.

29. As a direct and proximate result of Defendant's negligence, Plaintiff suffered personal injuries and required medical treatment.

30. As a direct and proximate result of Defendant's negligence, Plaintiff incurred medical expenses in excess of $466,657.79 to date.

31. As a direct and proximate result of Defendant's negligence, Plaintiff sustained physical pain and suffering as well as emotional distress and continues to suffer physical pain and suffering.

32. As a direct and proximate result of Defendant's negligence, Plaintiff suffered lost wages to be proven at trial.

33. Plaintiff seeks to and is entitled to recover for:

    a.      Personal injuries;

    b.      Past, present, and future pain and suffering;

    c.      Disability;

    d.      Mental anguish;

    e.      Loss of capacity for the enjoyment of life;

    f.      Incidental expenses;

g.      Past, present, and future medical expenses;

h.      Lost earnings;

i.      Loss of earning capacity;

j.      Permanent injuries and

k.      Consequential damages to be proven at trial.

**WHEREFORE,** Plaintiff prays respectfully requests:

1. Process issue as provided by law;

2. Trial by jury against Defendant;

3.  Judgment be awarded to Plaintiff and against Defendant;

4.  Plaintiff be awarded for all past medical bills as plead;

5.  Plaintiff be awarded additional damages in amounts to be shown at trial and

6. Plaintiff have such other relief as this Court deems just and appropriate.

Respectfully Submitted: Tuesday, January 17, 2023.

GEORGIA TRIAL ATTORNEYS
AT KIRCHEN & GRANT, LLC

/s/Elisabeth Maheri
Cody Randall
Georgia Bar No. 675919
Attorney for Plaintiff

6825 Jimmy Carter Boulevard Ste 1400
Norcross, GA 30071-1266
Firm Phone: (678) 667-8965
Attorney Email: CRandall@8334thewin.com
**Electronic Service Email: GAEfile@8334thewin.com**

2023CV09619

The Law Offices of Kanner & Pintaluga

/s/Kevin Sobel
Kevin Sobel
Attorney for Plaintiff
*Signed with express permission*

201 Peachtree Street NE, Suite200
Atlanta, GA 30303
Firm Phone: (404) 952-2995
Attorney Email: ksobel@kpattorney.com

IN THE STATE COURT OF CLAYTON COUNTY

STATE OF GEORGIA

*Tiki Brown*
**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Hannah Lowery

JOHNNYE COLLIER,

        PLAINTIFF,                  **CIVIL ACTION**

vs.

WALMART, INC.,                   **FILE NUMBER:** 2023CV00119

        DEFENDANT.

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS, INTERROGATORIES, AND REQUEST FOR PRODUCTION OF DOCUMENTS TO WALMART, INC.

### REQUEST FOR ADMISSIONS

In accordance with O.C.G.A. §§ 9-11-26 and 9-11-36, please answer separately each of the following requests for admissions within 30 days after service of this request, or the matter will be deemed admitted.

If objection is made, the reason therefor shall be stated. The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter.

The term "incident" refers to the fall the Plaintiff suffered which is the subject of this lawsuit and which occurred on or about Thursday, April 14, 2022.

### *DEFENSES*

1. Admit this Defendant has been properly served with the summons and complaint.

2. Admit this court has personal jurisdiction over this Defendant.

3. Admit this court has subject-matter jurisdiction in this case.

4. Admit venue is proper in this court.

5. Admit Plaintiff's complaint alleges a specific amount of medical bills incurred because of the incident.

6. Admit this Defendant does not have any defense based on insufficiency of process or insufficiency of service of process.

7. Admit Plaintiff's complaint was filed before the expiration of the statute of limitations.

8. Admit this Defendant was served with a copy of the complaint prior to the expiration of the statute of limitations.

9. Admit this Defendant was properly named in the complaint.

10. Admit Plaintiff's complaint states a claim of negligence against this Defendant.

- 1 -

## *INCIDENT INFORMATION*

11.     Admit this Defendant had exclusive ownership over the premises located at 7050 Highway 85, Riverdale, GA 30274 at the time of the of the incident.

12.     Admit this Defendant had exclusive possession over the premises located at 7050 Highway 85, Riverdale, GA 30274 at the time of the of the incident.

13.     Admit this Defendant had exclusive control over the premises located at 7050 Highway 85, Riverdale, GA 30274 at the time of the of the incident.

14.     Admit this Defendant was exclusively responsible for janitorial cleaning involved in Plaintiff's slip and fall.

15.     Admit Plaintiff was an invitee on the premises at the time of the incident.

16.     Admit, at the time of the incident, there were no cones or other warning signs in the area where the fall occurred.

17.     Admit, at the time of the incident, there was a puddle of water on the floor that involves in Plaintiff's fall at 7050 Highway 85, Riverdale, GA 30274.

## *LIABILITY*

18.     Admit this Defendant's employees did not properly inspect the area where the incident occurred in the 15-minute period prior to the Plaintiff's fall.

19.     Admit this Defendant's employees mopped the floor where the incident occurred in the 15-minute period prior to the Plaintiff's fall.

20.     Admit this Defendant's employees did not properly inspect the area where the incident occurred in the 10-minute period prior to the Plaintiff's fall.

21.     Admit this Defendant's employees did not properly inspect the area where the incident occurred in the 5-minute period prior to the Plaintiff's fall.

22.     Admit this Defendant's employees did not properly inspect the area where the incident occurred in the 20-minute period prior to the Plaintiff's fall.

23.     Admit this Defendant's employees did not remove the slippery substance from the floor prior to the Plaintiff's fall.

24.     Admit this Defendant's employees failed to take adequate measures to protect invitees from substances on the floor at the time of Plaintiff's fall.

25.     Admit this Defendant's employees failed to place any warning cones or signs in the area at the time of Plaintiff's fall.

26.     Admit Plaintiff did not cause the slippery substance to be placed on the floor at the time of the incident.

27.     Admit this Defendant is liable for the actions of its employees at the time of the incident.

28.     Admit neither this Defendant, or anyone acting on this Defendant's behalf, has had the Plaintiff's medical records reviewed by an expert.

29.     Admit this Defendant does not contend anyone not a Defendant in this action caused or contributed to the Plaintiff's injuries.

## REQUEST FOR INTERROGATORIES

Plaintiff, pursuant to O.C.G.A. §§ 9-11-33 and 9-11-34, submits herewith to the defendant above named for response within 30 days after service hereof, in the form provided by law, the following interrogatories and request for production of documents.

The within interrogatories and request for production of documents are continuing and require supplemental response upon the discovery of other or further information or documents pertinent thereto.

In answering the following interrogatories, the defendant is required to give full and complete information based upon the knowledge, information and belief of all agents, employees, investigators, adjusters, attorneys and insurers of said defendant.

### INTERROGATORIES

1.     State the name and address of any person, including any party, who, to your knowledge, information or belief:
    (a)   Was an eyewitness to the incident complained of in this action;
    (b)   Has some knowledge of any fact or circumstance upon which your defense is based;
    (c)   Has conducted any investigation relating to the incident complained of or the background, employment, medical history or activities of the plaintiff.

2.     If, to your knowledge, information or belief, any person identified in answering the preceding interrogatory given any statement or report in connection with this action, describe such statement or report and give the name and address of the person having custody and control thereof.

3.     Please identify any entity or person with any financial interest, lease or ownership interest in the premises where the incident occurred on the date of the incident.

4.     Please identify any entity or person with any financial interest, lease or ownership interest in Master Active Cleaning, LLC on the date of the incident.

5.     If, to your knowledge, information or belief, there are any videotapes, photographs, plats or drawings of the scene of the incident referred to in the complaint, please describe such videotapes, photographs, plats or drawings and give the name and address of the person having custody and control thereof.

6.     If there have been any incidents involving falls at the store or approaches to the store for the five-year period preceding this incident and the one-year period subsequent to this incident, please state:
    (a)   Date of incident;
    (b)   Name, address and telephone number of injured person;
    (c)   Description of incident.

7.      Please state the identity of each person working for this Defendant on the premises with any duties for the area where this incident occurred on the date of this incident.

8.      If any entity has issued a policy of liability insurance to the defendant, state the names of all insurers providing liability insurance and give the limits of coverage of each such policy.

9.      If any insurer referred to above denied coverage or reserved its right to later deny coverage under any such policy of liability insurance, please explain.

10.      If this Defendant contends that the plaintiff caused or contributed to the incident in question, state with particularity each and every contention made in this regard and list the documents or witnesses this Defendant relies upon to make such contention.

11.      If this Defendant intends to call any expert or technician as a witness at the trial of this action, state the subject matter on which he/she is expected to testify and state in detail the opinions held by each such expert or technician and give a complete summary of the grounds for each opinion held.

12.      Please state in detail any policies and procedures concerning the inspection, cleaning or maintenance of the area where this incident occurred.

13.      Please identify each and every person working for the defendant on the premises where this incident occurred on the day of the incident described in the complaint, including the person's name, current address, current employer and telephone number.

14.      If there have ever been any complaints made about the area where this incident occurred, please state:
    (a)      The date(s) of each complaint;
    (b)      The person(s) making each complaint;
    (c)      The nature of each complaint;
    (d)      Any action taken as a result of each complaint.

15.      If there were any contracts or agreements with other individuals or entities regarding the maintenance, inspection, or security of the property where the plaintiff fell as described in the complaint, state:
    (a)      The identity of the contracting parties;
    (b)      The address and telephone number of the contracting parties;
    (c)      The duties of the contracting parties.

16.      Please identify each and every witness or employee in the vicinity of the area where the plaintiff fell at the time of the incident. In regard to each employee, please state:
    (a)      The name of each person;
    (b)      The address of each person;
    (c)      The telephone number of each person;
    (d)      The shift worked by each person if an employee;
    (e)      The job duties and responsibilities of each person if an employee.

- 4 -

17.   Please describe any inspection procedures utilized in regard to the area where this incident occurred.

18.   Please describe any cleaning procedures utilized in regard to the area where this incident occurred.

19.   Have there been any audits, inspections or evaluations of the area where the plaintiff fell for the past five years?

20.   If this Defendant contends a person or entity not a defendant in this action caused or contributed to cause the injuries to Plaintiff, please state the name, present or last known residence or business address, and business and home telephone numbers of said person or entity you contend contributed to or caused the injuries to Plaintiff, specify what acts or omissions of each such person you contend caused or contributed to cause the injuries to Plaintiff, and state the factual and legal basis of each such contention.

## REQUEST FOR PRODUCTION OF DOCUMENTS

The term "document" or "documents" is meant to coincide with the use of that term in O.C.G.A. § 9-11-34 and is intended to include all written or graphic material, however produced or reproduced, of every kind and description, including, but not limited to, the original and any copy, regardless of origin or location, of any books, pamphlets, periodicals, letters, memoranda, telegrams, reports, records, studies, handwritten notes, maps, drawings, working papers, charts, papers, graphs, indexes, tapes, data sheets, data-processing cards, computer print-outs, email, electronic record, computer maintained data, computer generated data, photographs, video, movies or any other written, recorded, transcribed, punched, taped, filmed, photographic or graphic matter, however produced or reproduced, to which this Defendant have or have had any access.

This definition includes all documents in this Defendant actual or constructive possession, custody or control, or in the possession, custody or control of this Defendant employer, attorneys or agents. If any document was, but is no longer, in this Defendant possession or subject to this Defendant control or was known to this Defendant, but is no longer in existence, state whether it:
  1.  Is missing or lost;
  2.  Has been destroyed;
  3.  Has been transferred, voluntarily or involuntarily, to others; or
  4.  Has been otherwise disposed of and, in such instance, explain in detail the circumstances surrounding the authorization for such disposition and state the date or approximate date thereof.

Any documents that are withheld as work product or privileged shall be identified as such, and the reason for their classification explained in each case. If this Defendant object to answering any part of a request for production, please specify the part to which this Defendant object, and answer the remainder.

## DOCUMENTS TO BE PRODUCED

1.      All documents, statements, photos, or things identified by this Defendant's answers to the Plaintiff's interrogatories above. This interrogatory specifically requests laser color copies or provide a CD with color copies. Plaintiff will gladly provide a CD for this Defendant's use.

2.      All such statements or reports referenced in Interrogatory 1 and 2.

3.      All such videotapes, photographs, plats or drawings referenced in Interrogatory 4.

4.      Any incident report, memoranda, handwritten note or other documents or materials concerning, referencing or describing any incident referenced in referenced in Interrogatory 5.

5.      Any videotape, photograph, report, data, memoranda, handwritten notes or other document reviewed by or generated by an individual identified in response to Interrogatory 10.

6.      Any documents obtained through a request for production of documents or subpoena.

7.      Any and all guidelines, manuals, memoranda or other documents evidencing any policy or procedure identified in response to interrogatory 11.

8.      Any and all policy and procedure manuals given to the defendant's employees.

9.      Any videotapes, photographs, correspondence, memoranda, records, files, or other documents or tangible evidence concerning, referencing or depicting the plaintiff or the incident in question.

10.     The payroll records for the defendant's employees on the premises for the day of the incident and the one-week period prior to and subsequent to the incident.

11.     Any correspondence, memoranda, report, record or other documents concerning, referencing or depicting any complaints identified in response to interrogatory 13.

12.     Any incident report or other report concerning the incident described in the complaint.

13.     Any maps, schematics, diagrams, drawings or other similar documents showing the layout of the area where this incident occurred.

14.     Any and all leases or contracts with outside contractors or agencies for performance of maintenance services in the area where the plaintiff was injured.

15.     Any and all leases or contracts with outside contractors or agencies for performance of stacking ice with the store for the 6 months period prior to the subject incident and 3 month period following the subject incident.

16.     Any e-mail, interoffice correspondence, memoranda, report, telephone log, message or other documents concerning the plaintiff.

17.     Any invoices, records, proposals, work orders, maintenance records or other documents for work performed in the area where this incident occurred in the last five years.

18.     Any changes made to policies, procedures, protocols, rules, regulations and guidelines since this incident.

19.     Any surveillance videos taken on the day of the incident.

20.     Any maintenance records, work orders or other documents concerning the area where this incident occurred for the past five years.

21.     Any daily, weekly, monthly or annual inspection reports or audits or any other inspection reports for the area where this incident occurred for the past five years.

22.     Any invoices, receipts, change orders, work orders, spreadsheets, computer documents or other records concerning any audits, evaluations, maintenance, cleaning or inspections of the area where the plaintiff fell for the past five years.


Respectfully Submitted: Tuesday, January 17, 2023.

GEORGIA TRIAL ATTORNEYS
AT KIRCHEN & GRANT, LLC

/s/ Elisabeth Maheri
Elisabeth Maheri
Georgia Bar No. 675919
Attorney for Plaintiff

6825 Jimmy Carter Boulevard Ste 1400
Norcross, GA 30071-1266
Firm Phone: (678) 667-8965
Attorney Email: CRandall@8334thewin.com
**Electronic Service Email: GAEfile@8334thewin.com**

The Law Offices of Kanner & Pintaluga

/s/Kevin Sobel
Kevin Sobel
Attorney for Plaintiff
Signed with express permission

201 PeachTree Street NE, Suite200
Atlanta, GA 30303
Firm Phone: (404) 952-2995
Attorney Email: ksobel@kpattorney.com

*Tiki Brown*

**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Hannah Lowery

In The State Court of Clayton County
STATE OF GEORGIA

Johnnye Collier,
     Plaintiff

v.

Walmart, Inc,
     Defendant

CIVIL ACTION
FILE NO. 2023CV00119

## **RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY MATERIAL**

This is to certify that pursuant to Uniform State/Superior Court Rule 5.2, the undersigned hereby certifies that on the below listed date, I served the below-listed with service of the complaint and summons and the above-listed defendants:

1. Plaintiff's First Request for Admissions, Interrogatories, and Request for Production of Documents, and Notice to Produce to Defendant(s);
2. A copy of this Rule 5.2 Certificate of Service of Discovery Materials.

This Tuesday, January 17, 2023.

**GEORGIA TRIAL ATTORNEYS**
**AT KIRCHEN & GRANT, LLC**

 */s/ Elsabeth Maheri*
Elsabeth Maheri
Georgia Bar No. 675919
Attorney for Plaintiff

6825 Jimmy Carter Boulevard Ste 1400
Norcross, GA 30071-1266
Phone: (678) 667-8965
Email: CRandall@8334thewin.com

- 1 -

2023CV00129                                     e-Filed 1/17/2023 2:20 PM

*Tiki Brown*

**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Hannah Lowery

**To**:       All Judges, Clerks of Court, and Counsel of Record
**From**:     Elisabeth Maheri
**Re**:       **Notice of Leave of Absence**
             Johnnye Collier V. Walmart, Inc.

Comes now Elisabeth Maheri, and respectfully notifies all judges before whom they have cases pending, all affected clerks of court, and all opposing counsel, that he will be on leave pursuant to Georgia Uniform Court Rule 16.1.

1. The period of leave which time Applicant will be away from the practice of law and purpose of leave are:
   a. April 19-26, 2023;
   b. September 29 – October 16, 2023;
   c. November 20-24, 2023;
   d. December 22 – 29, 2023;
   e. Applicant states they will be out of state or on personal business during the indicated periods of time and will be unable to participate in trials, hearings, depositions, and other legal proceedings during these periods.

2. All affected judges and opposing counsel shall have ten (10) days from the date of this notice to object to it. If no objections are filed, the leave shall be granted.

This Tuesday, January 17, 2023.

                              **GEORGIA TRIAL ATTORNEYS**
                              **AT KIRCHEN & GRANT, LLC**

                              */s/ Elisabeth Maheri*
                              Elisabeth Maheri
                              Georgia Bar No. 675919
                              Attorney for Plaintiff

6825 Jimmy Carter Boulevard Ste 1400
Norcross, 30071-1266, GA
Phone: (678) 667-8965
Fax: (833) 931-6633
Electronic Service Email: PeachFiling@8334thewin.com
Email: emaheri@8334thewin.com

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the foregoing **Plaintiff's Counsel's Notice Of Leave Of Absence** upon all judges, clerks and opposing counsel listed by filing with the electronic system which will deliver a statutory electronic copy to all listed parties.


Submitted Tuesday, January 17, 2023.

GEORGIA TRIAL ATTORNEYS
AT KIRCHEN & GRANT, LLC

*/s/ Elisabeth Maheri*
Elisabeth Maheri
Georgia Bar No. 675919

2023CV00119

# AFFIDAVIT OF SERVICE

e-Filed 2/1/2023 10:13 AM

**State of Georgia**      **County of Clayton**      **State Court**

*Tiki Brown*
**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
**Shalonda Green**

Case Number 2023CV00119

Plaintiff
Johnnie Collier

vs

Defendant
Walmart Inc

For:
GA Trial Attorneys

Received by Perma Investigations on the 19ᵗʰ day of January 2023 to be served on **Walmart Inc c/o The Corporation Company (FL) 106 Colony Park Drive Suite 800-B Cumming, GA 30040.**

**I, Marc Perlson, being duly sworn, depose and say, that on the 23ʳᵈ day of January 2023 at 12:45 PM, I**

Served **Walmart Inc c/o The Corporation Company (FL), RA** by delivering a true copy of the **SUMMONS, GENERAL CIVIL AND DOMESTIC RELATIONS CASE FILING INFORMATION FORM, COMPAINT FOR INJURIES, RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY MATERIAL, NOTICE OF LEAVE OF ABSENCE, PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS, INTERROGATORIES, AND REQUEST FOR PRODUCTION OF DOCUMENTS TO WALMART INC,** to: The Corporation Company (FL) as **Registered Agent BY LEAVING THE SAME WITH** Dayvon Jackson.. as **Process Specialist** at the address of **106 Colony Park Drive Suite 800-B Cumming, GA 30040.**

I am an agent of Perma Investigations and am competent in all respects to testify regarding the matters set forth herein. I have personal knowledge of the facts stated herein and know them to be true. I have no interest in the outcome of this action and am not related to any of the parties. I am 18 or more years of age and have been appointed by this Court to serve process.

Subscribed and Sworn to before me on the  **25ᵗʰ**  day of
January 2023 by the affiant who is personally known to me.

*Marc Perlson*
Marc Perlson
Process Server

Perma Investigations
PO Box 1742
Roswell, GA 30077

NOTARY PUBLIC

JULIE PERLSON
NOTARY
EXPIRES
**GEORGIA**
01-10-2027
PUBLIC
FULTON COUNTY

2023CV00119   e-Filed 2/22/2023 1:44 PM

*Tiki Brown*
**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Latasha Currie

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

JOHNNYE COLLIER,                              )
                                             )
    Plaintiff,                                )
                                             )   Civil Action File
vs.                                          )   No. 2023CV00119
WALMART, INC.,                               )
                                             )
    Defendant.                                )
                                             )

## ANSWER AND JURY DEMAND OF DEFENDANT WALMART, INC.

Defendant Walmart, Inc., by and through counsel, answers plaintiff's

Complaint as follows:

### FIRST DEFENSE

Plaintiff has failed to state a claim for active negligence, vicarious liability,

and negligent training/supervision based on the facts alleged in her Complaint.

### SECOND DEFENSE

Plaintiff's claims are barred by her own contributory negligence.

### THIRD DEFENSE

Plaintiff's claims are barred by her voluntary assumption of risk.

### FOURTH DEFENSE

Responding to the specific allegations of the numbered paragraphs of

plaintiff's Complaint, defendant Walmart, Inc. answers:

1.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1.

2.

Defendant admits the allegations of paragraph 2.

3.

Defendant denies the allegations of paragraph 3 as pled.

4.

Defendant states the text of O.C.G.A § 9-3-33 speaks for itself. Defendant admits that this lawsuit was filed within two (2) years of April 14, 2022.

5.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5.

6.

Defendant denies the allegations of paragraph 6 as pled.

7.

Defendant admits there were no cones or other warnings present in the area of plaintiff's fall. Defendant denies the allegations of paragraph 7 as pled.

8.

Defendant admits that it had exclusive possession and control of the

premises at all relevant times. Defendant denies the remaining allegations of paragraph 8.

9.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9.

10.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10.

11.

Defendant denies the allegations of paragraph 11.

12.

Defendant denies the allegations of paragraph 12.

13.

Defendant denies the allegations of paragraph 13.

14.

Defendant incorporates and re-alleges its responses to paragraphs 1-13 inclusive.

15.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15.

16.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16.

17.

Defendant denies the allegations of paragraph 17.

18.

Defendant denies the allegations of paragraph 18.

19.

The Complaint does not contain paragraph 19. To the extent an additional response is required, denied.

20.

Defendant incorporates and re-alleges its responses to paragraphs 1-19 inclusive.

21.

Defendant denies the allegations of paragraph 21 as pled.

22.

Defendant denies the allegations of paragraph 22.

23.

Defendant incorporates and re-alleges its responses to paragraphs 1-22 inclusive.

24.

Defendant denies the allegations of paragraph 24.

25.

Defendant denies the allegations of paragraph 25.

26.

Defendant denies the allegations of paragraph 26.

27.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27.

28.

Defendant denies the allegations of paragraph 28.

29.

Defendant denies the allegations of paragraph 29.

30.

Defendant denies the allegations of paragraph 30.

31.

Defendant denies the allegations of paragraph 31.

32.

Defendant denies the allegations of paragraph 32.

33.

Defendant denies the allegations of paragraph 33.

34.

Any allegation, language or paragraph of plaintiff's Complaint not heretofore responded to is specifically denied by defendant Walmart, Inc.

WHEREFORE having answered, defendant Walmart, Inc. prays that it be discharged, with its costs, that it receives a trial by a jury of twelve (12) persons, and that it receive all further relief available under the law.

This 22nd day of February, 2023.

WALDON ADELMAN CASTILLA
HIESTAND & PROUT


/s/ Casey J. Brown_____
Jonathan M. Adelman
Georgia Bar No. 005128
Casey J. Brown
Georgia Bar No. 757384
Attorneys for Walmart, Inc.

900 Circle 75 Parkway
Suite 1040
Atlanta, Georgia 30339
(770) 953-1710
jadelman@wachp.com
cbrown@wachp.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I electronically filed this PLEADING with the Clerk of the Court using an O.C.G.A. § 15-6-11 electronic filing service provider which will automatically send e-mail notification of such filing to the following attorney(s) of record:

Elizabeth Maheri
Cody Randall
Georgia Trial Attorneys
At Kirchen & Grant, LLC
6825 Jimmy Carter Blvd.
Suite 1400
Norcross, Georgia 30071

Kevin Sobel
The Law Office of Kanter & Pintaluga
201 Peachtree Street NE
Suite 200
Atlanta, Georgia 30303

This 22nd day of February, 2023.

WALDON ADELMAN CASTILLA
HIESTAND & PROUT

/s/ Casey J. Brown_____
Jonathan M. Adelman
Georgia Bar No. 005128
Casey J. Brown
Georgia Bar No. 757384
Attorneys for Walmart, Inc.

900 Circle 75 Parkway
Suite 1040
Atlanta, Georgia 30339
(770) 953-1710
jadelman@wachp.com
cbrown@wachp.com