# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA

JAMES RIBLEY,

      *Plaintiff,*

-v-

PORTFOLIO RECOVERY ASSOCIATES, LLC,

      *Defendant.*

Civil Action No.:

## DEFENDANT PORTFOLIO RECOVERY ASSOCIATES, LLC'S NOTICE OF REMOVAL

TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA:

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant Portfolio Recovery Associates, LLC ("Defendant" or "PRA"), by counsel, hereby removes this civil action, pending in the Superior Court of Cherokee County, Georgia, Civil Case Number 23CVE0072 (the "State Court Action"), to the United States District Court for the Northern District of Georgia. Removal is proper because this Court has subject matter jurisdiction over the action under federal question jurisdiction. *See* 28 U.S.C. § 1331. Accordingly, PRA removes this action to this Court, and in support thereof, states the following:

145893523

## I. BACKGROUND

1. Plaintiff James Ribley ("Plaintiff") commenced the State Court Action against PRA by filing a Complaint in the Superior Court of Cherokee County, Georgia, on January 13, 2023 (the "Complaint"). Pursuant to 28 U.S.C. § 1446(a), a copy of all process pleadings, and orders served on PRA in the State Court Action are attached hereto as **Exhibit A**.

2. On January 24, 2023, PRA's registered agent was personally served with the Complaint.

3. This Notice of Removal is being filed within thirty days of service of the Complaint. This Notice of Removal is therefore timely under 28 U.S.C. § 1446(b).

4. The above-captioned action is a suit for alleged violations of Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") and the Georgia Fair Business Practices Act, O.C.G.A. § 10-1-391, *et seq* ("FPBA").

## II. FEDERAL QUESTION JURISDICTION

5. This Court has original jurisdiction over Plaintiff's FDCPA claims pursuant to 28 U.S.C. § 1331, which states that federal question jurisdiction is appropriately exercised over "all civil actions arising under the Constitution, laws, or treaties of the United States."

145893523

6. Removal of this action is proper under 28 U.S.C. § 1441(a), which provides, in pertinent part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

7. In his Complaint, Plaintiff alleges PRA violated various provisions of the FDCPA by bringing a debt collection action against Plaintiff for an amount of debt that was not permitted by law or contract, by attempting to collect "interest on interest" in violation of Georgia law, by "failing to bring suit on the account within Georgia's four-year statute of limitations," and by making certain allegedly false and misleading representations. *See* **Ex. A** at ¶¶ 23-25, 28.

8. Federal question jurisdiction exists over this action because the allegations asserted by Plaintiff in the Complaint involve questions that will require resolution of significant, disputed issues arising under federal law. This case qualifies for federal question jurisdiction and is removable because Plaintiff's Complaint alleges claims under, and requires a ruling on, the FDCPA.

9. Plaintiff's claims purporting to arise under Georgia state law are so related to Plaintiff's federal claims, which are within the original jurisdiction of this Court, that they form part of the same case or controversy. Specifically, Plaintiff's claim under the FPBA arises out of PRA's alleged violations of the FDCPA. *See*

145893523

**Ex. A** at ¶ 38. Accordingly, the Court has supplemental jurisdiction over this claim pursuant to 28 U.S.C. § 1441(c) and 28 U.S.C. § 1367(a).

10. Pursuant to 28 U.S.C. § 1441(b), removal is proper irrespective of the citizenship or residence of the parties.

### III. VENUE

11. Venue is proper in this Court because this district and division encompass the Superior Court of Cherokee County, Georgia, the forum from which the case has been removed. *See* 28 U.S.C. § 1441.

### IV. NOTICE

12. Concurrent with the filing of this Notice, PRA will file a Notice of Filing of Notice of Removal with the Superior Court of Cherokee County, Georgia, a copy of which is attached hereto as **Exhibit B**.

13. Upon information and belief, the contents of **Exhibit A** and **Exhibit B** constitute the entire file of the action pending in the state court as required pursuant to 28 U.S.C. §1446(a).

WHEREFORE, PRA hereby removes this action to this Court.

Dated: February 22, 2023     By: */s/ Mark J. Windham*
                             Mark J. Windham
                             Georgia Bar No. 113194

                             **TROUTMAN PEPPER**
                             **HAMILTON SANDERS LLP**

145893523

                600 Peachtree Street NE, Suite 3000
                Atlanta, GA 30308
                Telephone: 404.885.3000
                Email: mark.windham@troutman.com

*Counsel for Defendant Portfolio Recovery Associates, LLC*

145893523

# **CERTIFICATE OF SERVICE**

I hereby certify that on the 22nd day of February 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system and sent a copy of the same, via FedEx Overnight Mail, to the following counsel of record:

>Richard F. Evins, Esq.
>Schoenthaler Law Group
>406 Ridley Ave.
>LaGrange, GA 30240
>*Counsel for Plaintiff*

I further certify that the foregoing pleading filed with the Clerk of Court has been prepared in 14-point Times New Roman font in accordance with Local Rule 5.1(C).

This 22nd day of February 2023.

>*/s/Mark J. Windham*
>Mark J. Windham
>Georgia Bar No. 113194

145893523