# Exhibit A



# Notice of Service of Process

**KP / ALL**
**Transmittal Number: 26266250**
**Date Processed: 01/25/2023**

| | |
|---|---|
| **Primary Contact:** | Sonia Gomez<br>Portfolio Recovery Associates, Inc.<br>130 Corporate Blvd<br>Norfolk, VA 23502-4952 |

| | |
|---|---|
| **Entity:** | Portfolio Recovery Associates, L.L.C.<br>Entity ID Number  1653471 |
| **Entity Served:** | Portfolio Recovery Associates, LLC |
| **Title of Action:** | James Ribley vs. Portfolio Recovery Associates, LLC |
| **Matter Name/ID:** | James Ribley vs. Portfolio Recovery Associates, LLC (13521260) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Violation of State/Federal Act |
| **Court/Agency:** | Cherokee County Superior Court, GA |
| **Case/Reference No:** | 23CVE0072 |
| **Jurisdiction Served:** | Virginia |
| **Date Served on CSC:** | 01/24/2023 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Schoenthaler Law Group<br>770-592-2780 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

**IN THE SUPERIOR/STATE COURT OF** _____Cherokee_____ **COUNTY**

**STATE OF GEORGIA**

JAMES RIBLEY

CIVIL ACTION
NUMBER __23CVE0072_____

_____

_____

_____

                                                  PLAINTIFF

          Vs.

PORTFOLIO RECOVERY ASSOCIATES, LLC

_____

_____

                                             DEFENDANT

**SUMMONS**

TO THE ABOVE NAMED DEFENDANT:

      You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

                        Richard F. Evins
                        Schoenthaler Law Group
                        406 Ridley Avenue
                        Lagrange, GA 30240

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

                     1/13/2023
This _____ day of _____, _____.

                                 Clerk of Superior Court/State Court

                                 By:_____

                                            Deputy Clerk

SC-1 Rev. 85

Superior Court of Cherokee County
**E-Filed**
23CVE0072
1/13/2023 2:03 PM  RR
Patty Baker, Clerk
Civil Division

## IN THE SUPERIOR COURT OF CHEROKEE COUNTY

## STATE OF GEORGIA

JAMES RIBLEY )
)
    Plaintiff, )
)
v. )    CIVIL ACTION FILE
)    NO. 23CVE0072
PORTFOLIO RECOVERY ASSOCIATES, LLC )
)
    Defendant. )
)

## COMPLAINT FOR DAMAGES

Plaintiff James Ribley (hereinafter "Plaintiff" or "Ribley"), sues Defendant, Portfolio

Recovery Associates, LLC, (hereinafter "Defendant" or "PRA") and for her Complaint alleges:

## SUMMARY OF CASE

1.

This is a complaint for money damages arising out of Defendant's violations of the federal

Fair Debt Collection Practices Act and the Georgia Fair Business Practices Act. Plaintiff contends

that Defendant has violated said laws in connection with Plaintiff's abusive and deceptive debt

collection practices and procedures.

## PARTIES

2.

Plaintiff is a resident of Cherokee County, Georgia.

3.

Defendant is a foreign limited liability company, doing business in Cherokee County,

Georgia. Defendant's Principal Office is located at 120 Corporate Blvd., Norfolk, VA 23502.

Defendant may be served by and through its registered agent for service of process in Virginia, to wit: Corporation Service Company, 100 Shockoe Slip FL 2, Richmond, VA 23219-4100.

## JURISDICTION

4.

Defendant transacts business within the State of Georgia. The Defendant caused injury to the Plaintiff within the State of Georgia and in the county of Coweta, by way of its debt collection activities.

5.

Jurisdiction is proper under O.C.G.A. §9-10-91 because a substantial part of the events or omissions on which the claim is based occurred in Georgia.

## VENUE

6.

Venue is proper in Cherokee County, Georgia pursuant to O.C.G.A. §14-11-1108.

## GENERAL ALLEGATIONS

7.

On April 7, 2021, PRA filed suit against Ribley in the Magistrate Court of Cherokee County, case number 21MCE1308 (the "Magistrate Court Action").

8.

Following service, Conine filed her responsive pleading which included a counterclaim for damages "arising out of all violations of … law by Plaintiff, including violations of the provisions of the Fair Debt Collection Practices Act … in connection with Plaintiff's attempts to collect the alleged debt."

9.

The case was scheduled for trial on July 27, 2022. PRA did not appear for trial and the Court entered an Order which dismissed PRA's claims, on the merits, "with prejudice based on [the] 4-year limitations period for 'suit on account'".

10.

Defendant voluntarily dismissed her counterclaim on July 27, 2022 without prejudice.

11.

PRA wrongfully sought to collect the sum of $4,352.36 from Ribley in violation of Georgia law and federal law.

12.

PRA falsely represented that such amounts were legally recoverable from Ribley and that PRA intended to prove its claims if the claims were contested. PRA sought to recover sums that were not recoverable by law or by contract. As a result of PRA's unfair and deceptive acts and practices, upon which Ribley reasonably relied, Ribley has suffered actual damages and concrete injuries.

13.

On December 9, 2022, Plaintiff sent a "Georgia Fair Business Practices Act/Fair Debt Collection Practices Act/Demand for Relief". Defendant ignored the demand and failed to respond in any manner or even acknowledge receipt of the demand.

14.

Defendant knowingly and willfully engaged in the harassment and abuse of Plaintiff by filing suit against him beyond the applicable statute of limitations.. As a result, Plaintiff is entitled

to statutory damages as well as actual damages for his emotional distress, frustration, worry, anger

and other relevant injuries.

## COUNT I

## FAIR DEBT COLLECTION PRACTICES ACT

15.

Plaintiff re-alleges and incorporates by reference hereto the preceding paragraphs of

Plaintiff's Complaint for Damages as if fully set forth herein.

16.

Plaintiff brings this claim pursuant to the Fair Debt Collection Practices Act, 15 U.S.C.

§1692 et seq., (hereinafter the "Act") seeking statutory damages, actual damages and attorney's

fees against the Plaintiff.

17.

Plaintiff is a "consumer" as contemplated by §1692a(3) of the Act.

18.

Defendant is transacting business in Cherokee County, Georgia.

19.

Defendant is a "debt collector" within the meaning of §1692a(6) of the Act, and at all times

material to this proceeding was engaged in the collection of consumer debt as regulated by the

Act.

20.

Defendant filed the Magistrate Court Action on April 7, 2021, in which it wrongfully sought to collect the sum of $4,352.36 from Plaintiff.

21.

Defendant represented that Plaintiff is indebted to Defendant in the sum of $4,352.36 and represented, directly or indirectly, expressly or by implication, that such amounts are legally recoverable of Plaintiff.

22.

Defendant did not appear for trial in the Magistrate Court action despite notice of same.

23.

The Magistrate Court Judge dismissed the Defendant's claim *with prejudice*. The dismissal was predicated on Plaintiff having failed to bring its suit on account within Georgia's four-year statute of limitations.

24.

Collection of the sum of $4,352.36 on account was not permitted by law or contract. By seeking to collect the sum of $4,352.36 in the Magistrate Court Action, Plaintiff has violated § 1692f(1) of the Act.

25.

By representing that Plaintiff was indebted to Defendant on an account in the sum of $4,352.36, and that such amount was legally recoverable from Plaintiff, which sum includes interest on interest in violation of Georgia law, and in violation of the statute of limitations, Defendant violated §§1692e, 1692e(2)(A), 1692e(8), 1692e(10) and 1692f of the Act.

26.

Additionally, Defendant represented, directly or indirectly, expressly or by implication, that it intended to prove its claims against Plaintiff if contested. In fact, Defendant did not intend to prove its claims as evidenced by its willful non-attendance at the court hearing in the Magistrate Court Action.

27.

By representing that Defendant intended to prove its claims if contested, Defendant violated §§1692e, 1692e(2)(A), 1692e(8), 1692e(10) and 1692f of the Act.

28.

Defendant's misrepresentations were material and had the capacity and tendency to confuse the least-sophisticated consumer and lead them to mistakenly believe that Defendant intended to prove its claims if contested and that Defendant was asserting *bona fide* claims of indebtedness to PRA. These misrepresentations also have the capacity to affect the decision-making of the least-sophisticated consumer regarding how to respond to a collection claim of this nature, including whether to answer the claim, whether to contest the amounts alleged to be owed, or whether to settle or sign a consent judgment.

29.

As a result of Defendant's violations of the Act, Plaintiff has suffered concrete harm and actual damages.

30.

Therefore, for the above and any other violations of the Act as may be proven at trial, Defendant is liable to Plaintiff for statutory damages as prescribed by §1692k(a)(2)(A), actual damages pursuant to §1692k(a)(1) in an amount to be determined at trial, and reasonable attorneys' fees and costs pursuant to §1692k(a)(3).

## COUNT II

### GEORGIA FAIR BUSINESS PRACTICES ACT

31.

Plaintiff incorporates by reference hereto the preceding paragraphs of Plaintiff's Complaint for Damages as if fully set forth herein.

32.

The purpose of the Fair Business Practices Act (hereinafter "FBPA") "shall be to protect consumers and legitimate business enterprises from unfair or deceptive practices in the conduct of any trade or commerce in part or wholly in the state. It is the intent of the General Assembly that such practices be swiftly stopped, and this part shall be liberally construed and applied to promote its underlying purposes and policies." O.C.G.A. § 10-1-391(a).

33.

Further, O.C.G.A. § 10-1-391(b), states as follows: "It is the intent of the General Assembly that this part be interpreted and construed consistently with interpretations given by the Federal Trade Commission in the federal courts pursuant to Section 5(a)(1) of the Federal Trade Commission Act (15 U.S.C. Section 45 (a)(1), as from time to time amended."

34.

The court must interpret and construe the FBPA consistently with interpretations of the Federal Trade Commission Act (hereinafter "FTC Act").

35.

The FTC Act prohibits "unfair and deceptive acts or practices in or affecting commerce". 15 U.S.C. § 45(a)(1).

36.

In Georgia, a violation of the Federal Trade Commission Act, 15 U.S.C. §45, may form the basis for a violation of the FBPA. See *1st Nationwide Collection Agency, Inc. v. Eileen Werner,* 288 Ga. App. 457, 459 (2007).

37.

Georgia appellate court decisions have held that the FBPA governs debt collection conduct and practices in the State of Georgia.

38.

The conduct outlined and set forth in Count I above, including Defendant's violations of the FDCPA as set forth, also constitute violations of the FBPA and are unfair or deceptive acts or practices in trade or commerce as set forth in O.C.G.A. §10-1-393(a).

39.

Plaintiff reasonably relied on Defendant's misrepresentations as set forth herein and has suffered harm as a result of Defendant's violations of the FBPA. Defendant is therefore liable to Plaintiff for actual damages in an amount to be determined at trial, reasonable attorneys' fees in an amount to be determined at trial, as well as tremble and exemplary damages for Defendant's intentional conduct.

**COUNT III**

**ATTORNEYS' FEES AND LEGAL EXPENSES**

40.

Plaintiff re-alleges and incorporates herein by reference thereto the preceding paragraphs of the within and foregoing Complaint for Damages.

41.

Defendant has acted in bad faith and caused Plaintiff unnecessary trouble and expense so as to entitle plaintiff to recover her litigation expenses, including reasonable attorneys' fees, pursuant to O.C.G.A. §13-6-11.

**WHEREFORE** Plaintiff prays as follows:

(a)     That Plaintiff be awarded statutory damages, actual damages, treble damages, cost

and expenses of litigation including reasonable attorneys' fees in an amount to be determined by

the enlightened conscience of the trier of fact;

(b)     That Plaintiff have a trial by a jury of 12; and

(c)     That Plaintiff be awarded court costs and all other relief as this Court may deem

just and proper.


This 13th day of January, 2023.

                                        RESPECTFULLY SUBMITTED,
                                        SCHOENTHALER LAW GROUP

                                        */s/ Richard F Evins*

                                        _____
                                        Richard F. Evins
                                        GA Bar No. 253360
                                        N.K. Harris
                                        GA Bar No. 828860


*Counsel for Plaintiff*
406 Ridley Ave.
LaGrange, GA 30240
Telephone: (770) 592-2780
Email: revins@evinslegal.com

**Superior Court of Cherokee County**
**\*\*E-Filed\*\***
**23CVE0072**
**1/13/2023 2:03 PM  RR**
**Patty Baker, Clerk**
~~**Civil Division**~~

## General Civil and Domestic Relations Case Filing Information Form

☒ **Superior** or ☐ **State Court of** _____Cherokee_____ **County**

| For Clerk Use Only | |
|---|---|
| **Date Filed** _____1/13/2023_____ | **Case Number** _____23CVE0072_____ |
| **MM-DD-YYYY** | |

**Plaintiff(s)**

Ribley        James

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Defendant(s)**

Portfolio Recovery Association

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Plaintiff's Attorney** ___Richard F Evins___   **State Bar Number** ___253360___  **Self-Represented** ☐

### Check one case type and one sub-type in the same box (if a sub-type applies):

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☒ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____        _____
Case Number                                    Case Number

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____
Language(s) Required

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

Version 1.1.20