IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ASCOT SPECIALTY INSURANCE COMPANY, | : : : |
| Plaintiff, | : : |
| v. | :   Case No. : |
| MICHAEL G. WEBB, FOY & ASSOCIATES, P.C., TAMMY OUDERKIRK, AND WINFRED MATHIS, | : : : : : |
| Defendants. | : |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Ascot Specialty Insurance Company ("Ascot") files this action seeking a declaration of its rights and obligations under a policy of insurance issued to Defendants Foy & Associates, P.C. ("Foy") and Michael G. Webb, Esq. ("Webb") (collectively, the "Insureds"), with respect to a legal malpractice claim (the "Malpractice Claim") asserted by Defendants Tammy Ouderkirk ("Ouderkirk") and Winfred Mathis ("Mathis") (collectively, the "Claimants").

## PARTIES

1. Ascot is a corporation organized under the laws of Rhode Island and maintains its principal place of business in New York, New York. Therefore, Ascot is a citizen of Rhode Island and New York.

2. Foy is a domestic for-profit professional corporation organized under the laws of Georgia, and Foy maintains its principal place of business in Atlanta, Georgia. Therefore, Foy is a citizen of Georgia and is subject to the personal jurisdiction of this Court.

3. Webb is a Georgia licensed attorney who, upon information and belief, resides in Georgia. Therefore, Webb is a citizen of Georgia and is subject to the personal jurisdiction of this Court.

4. Webb was an employee of Foy at all times relevant to the Malpractice Claim.

5. Ouderkirk resides in Georgia. Therefore, Ouderkirk is a citizen of Georgia and is subject to the personal jurisdiction of this Court.

6. Mathis resides in Georgia. Therefore, Mathis is a citizen of Georgia and is subject to the personal jurisdiction of this Court.

## SUBJECT MATTER JURISDICTION AND VENUE

7. This is an action between citizens of different States. There is complete diversity of citizenship in that no defendant is a citizen of the same state as the plaintiff.

8. The amount in controversy exceeds $75,000, exclusive of interest and costs. Ascot seeks a declaration regarding the availability of coverage under a Lawyers Professional Liability Insurance policy providing up to $5 million in liability coverage and claimants seek in excess of $2,000,000.00 in the Malpractice Claim.

9. Accordingly, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332(a)(1).

10. Venue appropriately lies in this District and Division because: (1) Foy maintains its principal place of business in Atlanta, Georgia; (2) the legal services at issue in the underlying Malpractice Claim were performed in this Court; and (3) the subject Ascot Lawyers Professional Liability Insurance policy was issued to an address in Atlanta, Georgia.

## FACTUAL BACKGROUND

**A.    The Personal Injury Suit**

11. On September 7, 2016, Claimants were involved in a motor vehicle accident wherein they allegedly sustained bodily injuries.

12. Claimants retained the Insureds to pursue claims arising out of the motor vehicle accident.

13. On or about May 24, 2018, the Insureds filed suit on behalf of Ouderkirk in the State Court of Cobb County, Georgia seeking compensation for Ouderkirk's personal injuries allegedly caused by the motor vehicle accident (the "Personal Injury Suit"). Defendants in the Personal Injury Suit (the "Personal Injury Defendants") removed the action to the Northern District of Georgia, Atlanta Division, Civil Action File No.: 1:18-cv-03185-WMR. On or about July 20, 2018, the Court later granted the Insureds' motion to join Mathis as a plaintiff.

### *Motion to Compel*

14. On December 4, 2018, the Personal Injury Defendants filed a motion to compel and for sanctions based on the Insureds' failure to produce Ouderkirk's cell phone. The Insureds ultimately produced the cell phone following the filing of the motion, but filed no response to the motion.

15. On February 13, 2019, the Court held that the motion to compel was moot, but granted the Personal Injury Defendants' motion for sanctions, noting that the defendants made "numerous requests via email and in person to plaintiffs' counsel" for the phone. The Court awarded the Personal Injury Defendants attorneys' fees and ordered the parties to confer in an attempt to resolve the issue of amount of such fees.

16. Counsel for the Personal Injury Defendants attempted to confer regarding the attorneys' fees, but the Insureds never responded.

17. On April 8, 2019, the Court found no substantial justification for the failure to produce the cell phone and awarded the Personal Injury Defendants $5,000 in attorneys' fees, payable within 30 days.

18. The Insureds did not notify Claimants of this order.

19. The Insureds failed to pay the attorneys' fees as ordered.

### *Motion to Exclude Experts*

20. On March 1, 2019, the Personal Injury Defendants filed a motion to exclude the plaintiffs' experts based on the Insureds' failure to disclose those experts prior to the deadline set out in the applicable scheduling order.

21. The Insureds never filed a response to the motion to exclude.

22. Following a March 28, 2019 hearing, the Court deferred ruling on the motion to exclude until the pretrial conference.

### *Pretrial Order*

23. On April 8, 2019, the Court set a pretrial conference for June 18, 2019, and a deadline of April 29, 2019 for the joint proposed pretrial order.

24. The Insureds failed to communicate with the defendants' counsel regarding their portion of the pretrial order.

25. The Insureds failed to file their portion of the proposed pretrial order by the deadline.

### *Motion for Contempt*

26. On May 17, 2019, the Personal Injury Defendants filed a motion for contempt, seeking a dismissal of the Personal Injury Suit, with prejudice, based on the Insureds' "wholesale failure to prosecute."

27. The Insureds did not file a response to the motion for contempt.

28. On June 18, 2019, the Court held a hearing on the motion for contempt. Webb attended this hearing.

29. At the hearing, the Court granted, from the bench, the motion for contempt and dismissed the Personal Injury Suit with prejudice, finding "a history of Plaintiffs not complying with the obligations to cooperate under the federal and local rules of civil procedure."

30. On June 24, 2019, the Court issued a written order dismissing the Personal Injury suit and a final judgment of dismissal was entered.

31. The Insureds did not appeal the dismissal.

32. The Insureds failed to disclose the dismissal of the Personal Injury Suit to Claimants despite at least four telephone conversations with them following the dismissal.

**B.     The Policy and Notice of Potential Claim**

33. Ascot issued Lawyers Professional Liability policy number LPPL2110000070-03, on a claims-made-and-reported basis, to Foy as the Named Insured for the policy period of September 15, 2021 to September 15, 2022 (the "Policy"). The Policy includes within the definition of "Insured" any past or present employee of Foy with respect to legal services performed on behalf of Foy. The Policy provides a $5 million per claim and aggregate limit of liability, subject to a $100,000 retention. A true and correct copy of the Policy is attached as Exhibit "A".

34. On February 25, 2022, the Insureds notified Ascot of a potential claim arising out of their representation of the Claimants in the Personal Injury Suit.

35. On May 25, 2022, Ascot reserved their rights and agreed to defend the Insureds subject to that reservation. The reservation of rights letter expressly reserved the right to raise the prior knowledge provision. A true and correct copy of the reservation of rights letter is attached as Exhibit "B".

**C.     The Malpractice Claim**

36. On October 4, 2022, Claimants filed suit against the Insureds in the State Court of Fulton County, Georgia, Civil Action File No. 22-EV-005483, alleging that the Insureds committed malpractice by allowing the Personal Injury Suit to be dismissed. A true and correct copy of the complaint is attached as Exhibit "C."

37. Ascot appointed counsel to represent the Insureds in the malpractice suit subject to its previous reservation of rights. Ascot continues to defend the Malpractice Claim subject to that reservation.

38. Ascot contends that it has no obligation to defend or indemnify Insureds against the Malpractice Claim. Upon information and belief, the Insureds presently dispute this contention. Accordingly, there is an actual controversy between the parties.

39. Claimants are joined in this action so that the Court's declaration can provide complete relief to all interested parties.

## **DECLARATORY JUDGMENT — PRIOR KNOWLEDGE**

40. Ascot incorporates by reference the allegations of paragraphs 1 through 39.

41. In relevant part, the insuring Agreement of the Policy states:

The Company shall pay Damages and Claims Expenses in excess of the Retention and subject to the Limits of Liability set forth in the Declarations, that an Insured becomes legally obligated to pay as a result of a Claim made against an Insured arising out of a Wrongful Act that is first made during the Policy Period or Extended Reporting Period.

It is a condition precedent to coverage under this Policy that the Wrongful Act that is the basis of any Claim must have occurred:

1. during the Policy Period; or

2. on or after the Retroactive Date set forth in the Declarations [9/3/2003] and prior to the Policy Period, provided that all of the following conditions are met:

…
    b. prior to the inception of the first Policy issued by the Company, if continuously renewed, no Insured has any basis (1) to believe that any Insured breached a professional duty; or (2) to foresee that any such Wrongful Act or Related Circumstances might reasonably be expected to be the basis of a Claim against any Insured…

(*See*, Exhibit A, Policy, I.A.2.b.)

42. The Policy defines a Wrongful Act as "any actual or alleged negligent act, error or omission committed by any Insured solely in the performance of or failure to perform Legal Services on behalf of the Named Insured, including, but not limited to, Personal Injury." (*See*, Exhibit A, Policy, XII.T.)

43. All Wrongful Acts occurred prior to the Policy Period because the Personal Injury Suit was dismissed on June 24, 2019—over two years prior to the September 15, 2021 inception of the Policy Period.

44. The first policy issued by Ascot to Foy incepted on September 15, 2019.

45. Webb was an Insured as defined by the Policy for purposes of the Malpractice Claim.

46. Prior to September 15, 2019, Webb was aware that the Personal Injury Suit had been dismissed for, among other reasons, failure to prosecute and failure to comply with court orders.

47. Prior to September 15, 2019, Webb was aware that the dismissal of the Personal Injury Suit was based, at least in part, on his acts or omissions.

48. Any reasonable lawyer having the knowledge that Webb actually had as of September 15, 2019, would believe that he breached a professional duty.

49. Any reasonable lawyer having the knowledge that Webb actually had as of September 15, 2019, would foresee that the dismissal of the Personal Injury Suit might reasonably be expected to be the basis of a claim.

50. Pursuant to the above-quoted provision, the Policy does not provide any coverage, either for a defense or indemnity, for the Malpractice Claim.

51. Therefore, Ascot is entitled to a declaration that it has no obligation to defend or indemnify the Insureds with respect to the Malpractice Suit.

52. Additionally, Ascot is entitled to recoupment, from the Insureds jointly and severally, of the claim expenses that Ascot has incurred in providing the Insureds with a defense against the Malpractice Suit.

WHEREFORE, Ascot prays as follows:

1. For a declaration that Ascot has no obligation to defend or indemnify Foy or Webb in the Malpractice Suit;

3. For recoupment of the fees and costs Ascot has incurred in providing Foy and Webb a defense against the Malpractice Suit;

4. For an award of fees and costs incurred by Ascot necessitated by this action; and

5. For such other and further relief as this Court deems just and proper.

Respectfully submitted this 22nd day of February, 2023.

**CLYDE & CO US LLP**

/s/ Scott F. Bertschi
Scott F. Bertschi (GA Bar 055716)
scott.bertschi@clydeco.us
Da-Shon A. Dixon (GA Bar 312868)
dashon.dixon@clydeco.us
271 17th Street NW, Suite 1720
Atlanta, Georgia 30363
Tel: (404) 410-3150

Fax: (404) 410-3151

**ATTORNEYS FOR ASCOT SPECIALTY INSURANCE COMPANY**