# EXHIBIT C

Case 1:23-mi-99999-UNA   Document 564-3   Filed 02/22/23   Page 2 of 12

State Court of Fulton County
**E-FILED**
22EV005483
10/4/2022 1:26 PM
Donald Talley, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| TAMMY OUDERKIRK AND WINFRED MATHIS,<br><br>*Plaintiffs*,<br><br>v.<br><br>FOY & ASSOCIATES, P.C., AND MICHAEL G. WEBB,<br><br>*Defendants*. | Civil Action No.: 22EV005483 |

# COMPLAINT

Plaintiffs in the above-styled action respectfully file this Complaint, showing the Court the following:

## PARTIES, JURISDICTION, AND VENUE

1.

Plaintiffs Tammy Ouderkirk and Winfred Mathis ("Plaintiffs") reside in Georgia.

2.

Defendant John Foy & Associates, P.C. ("Defendant Foy") is a domestic for-profit professional corporation organized under the laws of Georgia. Defendant Foy's principal place of business is located at 3343 Peachtree Road, Suite 350, Atlanta, Georgia 30326.

3.

Defendant Foy may be served with legal process by serving its registered agent for service, John M. Foy, at 3343 Peachtree Road., Suite 350, Atlanta, Georgia 30326 or through Defendant Foy's counsel if Defendant Foy's counsel acknowledges service.

4.

As a domestic professional corporation formed under the laws of Georgia, Defendant Foy is subject to the jurisdiction of this Court.

5.

Venue is proper in this Court as to Defendant Foy.

6.

Defendant Michael G. Webb ("Defendant Webb") is a lawyer in the State of Georgia who, at all times relevant to this action, was employed by Defendant Foy as a lawyer.

7.

Upon information and belief, Defendant Webb resides in Fulton County. Defendant Webb can be served personally at 215 North Ave, Apt 4316, Atlanta, GA 30308 or through Defendant Webb's counsel if Defendant Webb's counsel acknowledges service.

8.

Defendant Webb is subject to the jurisdiction of this Court because Defendant Webb resides in Georgia.

9.

Venue is proper in this Court as to Defendant Webb.

**FACTS**

10.

On September 7, 2016, Plaintiffs were injured in a motor vehicle collision involving their vehicle and a tractor-trailer on Interstate 285 in Cobb County.

11.

The September 7, 2016 collision was caused by the negligence of a hit-and-run truck

driver, who at the time of the collision, was employed by Alabama Motor Express, Inc.

12.

The vehicle that was driven by the Alabama Motor Express, Inc. truck driver at the time of the collision carried a One Million Dollar ($1,000,000.00) liability-insurance policy.

13.

Plaintiff Tammy Ouderkirk suffered extensive injuries requiring surgical intervention and has past medical bills exceeding $221,000.00.[1]

14.

Plaintiff Winfred Mathis suffered extensive injuries requiring surgical intervention and has past medical bills exceeding $295,000.00.[2]

15.

Soon after the collision, Plaintiffs retained Defendant Foy to represent them for their injuries sustained in the September 7, 2016 collision.

16.

During the course of their representation, Plaintiffs were represented by at least one lawyer at Defendant Foy other than Defendant Webb.

17.

During the course of their representation by Defendant Foy, Plaintiffs were told that Defendant Webb would represent them as their litigation counsel.

---

[1] At the time of Plaintiff Tammy Ouderkirk's filing this lawsuit, Plaintiff's counsel was still gathering all of Plaintiff Ouderkirk's medical records and bills, and therefore the total bills exceed $300,000.00.
[2] At the time of Plaintiff Winfred Mathis's filing this lawsuit, Plaintiff's counsel was still gathering all of Plaintiff Mathis's medical records and bills, and therefore the total bills exceed $400,000.00.

18.

Defendant Foy filed a lawsuit on Plaintiffs' behalf in the State Court of Cobb County, and the action was removed to a United States district federal court in the Northern Division, ultimately bearing the style: *Tammy Ouderirk and Winfred Mathis v. Alabama Motor Express, Inc., et al.*, Civil Action no. 1:18-cv-03185-WMR (the "Underlying Action").

19.

At the direction of Defendants Foy and Webb, Plaintiffs went to specific medical providers as facilitated by Defendants Foy and Webb.

20.

Plaintiffs were told by Defendants Foy and Webb which medical providers to go to for medical treatment.

21.

The law firm of Baker, Donelson, Bearman, Caldwell & Berkowitz P.C. defended the Alabama Motor Express, Inc. defendants in the lawsuit that was filed by Defendant Foy.

22.

On December 4, 2018, defense counsel at Baker, Donelson, Bearman, Caldwell & Berkowitz P.C. ("the defense") filed a motion to compel in the Underlying Action, seeking production of Plaintiff Ouderkirk's cell phone. The motion was rendered moot by the eventual production of the phone.

23.

Even though the motion was rendered moot, the judge who was assigned to the Underlying Action, Judge William Ray, II, found that the defense had been forced to file the motion to compel because Defendant Foy had failed for months to produce the cell phone

"[d]espite numerous requests via email and in person …," and therefore Judge Ray directed defense counsel to submit requests for fees and expenses.

24.

Consistent with Judge Ray's order, defense counsel filed the motion to recover attorney's fees on February 27, 2019.

25.

Defendant Foy did not respond to the motion.

26.

Defendant Webb did not respond to the motion.

27.

No one employed at Defendant Foy responded to the motion.

28.

Defendant Foy did not inform its clients, Plaintiffs, about the motion.

29.

Defendant Webb did not inform his clients, Plaintiffs, about the motion.

30.

No one employed by Defendant Foy ever informed its clients, Plaintiffs, about the motion.

31.

On April 8, 2019, Judge Ray ordered Plaintiffs to pay Five Thousand Dollars ($5,000.00) to defense counsel within thirty (30) days. No one employed by Defendant Foy, including Defendant Webb, informed its clients, Plaintiffs, about the requirement to pay the $5,000.

32.

Notwithstanding Judge Ray's order to make payment, neither Defendant Foy nor Defendant Webb advanced payment of the $5,000.

33.

The failure to pay fees prompted defense counsel to file a motion for contempt on May 17, 2019.

34.

Defendant Foy failed to respond to the contempt motion.

35.

Defendant Webb failed to respond to the contempt motion.

36.

No one employed at Defendant Foy responded to the motion.

37.

Defendant Foy did not inform its clients, Plaintiffs, about the motion.

38.

Defendant Webb did not inform his clients, Plaintiffs, about the motion.

39.

No one employed at Defendant Foy ever told Plaintiffs about the motion.

40.

Furthermore, Defendants Foy and Webb missed the April 29, 2019 deadline for submission of the Court's Pre-Trial Order.

41.

Neither Defendant Foy nor Defendant Webb ever informed its clients, Plaintiffs, about

6

the April 29, 2019 deadline.

42.

On June 18, 2019, Judge Ray convened a hearing on the motion for contempt.

43.

Neither Defendant Foy nor Defendant Webb ever informed its clients, Plaintiffs, about the hearing.

44.

Noting "Plaintiffs' continued non-compliance with the Court's orders and want of prosecution," Judge Ray dismissed the Underlying Action with prejudice on June 24, 2019.

45.

For nearly three years after this dismissal, Defendant Foy never reached out to its clients, Plaintiffs, to advise them that the Underlying Action had been dismissed.

46.

For nearly three years after this dismissal, Defendant Webb never reached out to his clients, Plaintiffs, to advise them that the Underlying Action had been dismissed.

47.

For nearly three years after this dismissal, no one from Defendant Foy's office ever reached out to its clients, Plaintiffs, to advise them that the Underlying Action had been dismissed.

## **COUNT I: LEGAL MALPRACTICE**

48.

Plaintiffs incorporate by reference and re-allege every allegation set forth above in paragraphs 1-47 as if set forth herein.

49.

Plaintiffs signed engagement letters memorializing their attorney-client relationship with Defendant Foy.

50.

Plaintiffs specifically had an attorney-client relationship with Defendant Webb, who signed pleadings and appeared in Court on their behalf in connection with the Underlying Action, from its inception through its dismissal.

51.

Upon information and belief, Defendant Webb remained an employee of Defendant Foy for approximately one year after the Underlying Action was dismissed.

52.

Defendants Foy and Webb owed Plaintiffs a duty to competently represent Plaintiffs' interests in pursuing the Underlying Action.

53.

Defendants Foy and Webb breached the standard of care when they individually and collectively failed to perform with such ability, care, and skill as lawyers of ordinary skill and capacity commonly possess and use in the performance of the tasks that they undertake and thus committed legal malpractice by:

a) failing to appropriately respond to discovery requests seeking Plaintiff's Ouderkirk's cell phone in the Underlying Action, thereby requiring the defense counsel to file a motion to compel;

b) failing to respond to the defense counsel's motion to recover fees;

c) failing to ensure timely payment of the $5,000 sum ordered by Judge Ray;

     d)     failing to respond to the defense counsel's motion for contempt; and

     e)     missing the deadline for submission of the Pre-Trial Order.

As required by O.C.G.A. § 9-11-9.1, an expert affidavit is attached hereto as Exhibit A.

54.

As the direct and proximate result of Defendants Foy and Webb's legal malpractice, the Underlying Action was dismissed with prejudice.

55.

Plaintiffs have suffered harm because the claims they hired Defendant Foy to pursue related to the Underlying Action are time-barred. Plaintiffs' damages include the sums that would have been recovered from the underlying defendants had the Underlying Action been properly prosecuted.

## **COUNT II: ATTORNEY'S FEES**

56.

Plaintiffs incorporate by reference and re-allege every allegation set forth above in paragraphs 1-55 as if set forth herein.

57.

Defendants Foy and Webb have acted in bad faith by concealing the dismissal of the Underlying Action for nearly three years and by concealing the fact that their errors and omissions caused the dismissal. As a result, Plaintiffs may recover their costs of litigation and reasonable attorney's fees.

## COUNT III: PUNITIVE DAMAGES

58.

Plaintiffs incorporate by reference and re-allege every allegation set forth above in paragraphs 1-57 as if set forth herein.

59.

Defendants Foy and Webb's acts, omissions, and conduct in concealing the dismissal of the Underlying Action for nearly three years was done with specific intent to harm Plaintiffs or, at a minimum, with that entire want of care that raises a presumption of conscious indifference to the consequences of their acts, omissions, and conduct, which warrants the imposition of punitive damages.

60.

Defendants Foy and Webb's acts, omissions, and conduct in concealing the fact that their errors and omissions caused the dismissal was done with specific intent to harm Plaintiffs or, at a minimum, with that entire want of care that raises a presumption of conscious indifference to the consequences of their acts, omissions, and conduct, which warrants the imposition of punitive damages.

## CONCLUSION

61.

Plaintiffs respectfully request that this Court:

a) enter judgment in their favor and against Defendants in amounts to be proven at trial and determined by a jury;

b) award Plaintiffs reasonable attorney's fees and litigation expenses under O.C.G.A. § 13-6-11;

    c) award punitive damages as authorized by law under O.C.G.A. § 51-12-5.1;

    d) award such other relief as this Court finds just and proper; and

    e) grant a trial by jury against Defendants.

Respectfully submitted this the 4th day of October, 2022.

                                    TOBIN INJURY LAW

                                    BY:   */s/ Darren M. Tobin*
                                          DARREN M. TOBIN
                                            Georgia Bar No. 200383
                                        CAROLINE H. MONSEWICZ
                                            Georgia Bar No. 160963
                                        CAMPBELL M. WALKER
                                            Georgia Bar No. 797559

49B Lenox Pointe
Atlanta, Georgia 30324
darren@tobininjurylaw.com
caroline@tobininjurylaw.com
campbell@tobininjurylaw.com
(t) 404 587 8423
(f) 404 581 5877

                                  WERDESHEIM LAW FIRM, LLC

                                  BY:   */s/ Pete Werdesheim*
                                          PETER WERDESHEIM
                                            Georgia Bar No. 748330

4200 Northside Pkwy
Building One, Suite 200
Atlanta, GA 30327
pete@werdlaw.com
(t) 404 348 8325

                                  **ATTORNEYS FOR PLAINTIFF**