IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JERMAINE WENDELL BRADLEY ET AL, | § § § | |
| *Plaintiff,* | § | CIVIL ACTION NO. |
| | § | Removed from the Superior Court of Clayton County, Georgia Case |
| v. | § § | |
| | § | |
| THE MONEY SOURCE INC ET AL, | § § | |
| *Defendant.* | § § | |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant The Money Source ("Removing Defendant"), by and through counsel, hereby files this Notice of Removal (the "Notice") seeking to remove this action from the Superior Court of Clayton County, Georgia to the United States District Court for the Northern District of Georgia, Atlanta Division. Removal is based on diversity jurisdiction because Plaintiff, Jermaine Wendell Bradley (the "Plaintiff") and all Defendants have complete diversity of citizenship, and the amount in controversy exceeds $75,000.00. In support of this Notice, Removing Defendant states as follows:

1

### I. Background.

1. This case was originally filed by Plaintiff in the Superior Court of Clayton County, Georgia on December 21, 2022, (the "Complaint" or "Compl."). Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Removing Defendant are attached as **Exhibit A**.

2. Upon information and belief, The Money Source Inc. has not been properly served with a copy of the Summons and Complaint, yet for purposes of this Notice, The Money Source Inc. shall be considered the Removing Defendant. Defendant received copies of Summons and Complaint to its registered agent in Georgia via courier, mail, process server or drop service on January 23, 2023. Defendant reserves the right to raise any defenses related to improper service and/or improper service of process, see 28 U.S.C. § 1448 (defective or failed service prior to removal must be completed pursuant to Federal Rules of Civil Procedure after removal), and this Notice of Removal should not be construed as acceptance of service.

3. Thus, in filing this Notice, Removing Defendant does not waive, and specifically reserves, any and all objections as to service, personal jurisdiction, defenses, exceptions, rights, and motions.

4. The real property subject to the Complaint is known as 635 Pristine Place, Jonesboro, GA 30238 (the "Property"). (Compl. ¶ 2). Plaintiff brings a cause of action for quiet title. (See gen. Compl.). Among other things, Plaintiff seeks an order quieting title to the property, that any lien interests or rights of Removing Defendant "be forever declared invalid, unenforceable and an unjust cloud on the title, and declared null and void," that "the scheduled foreclosure conducted prior to the adjudication of this case…be vacated," and an order for a Forensic Audit of Securitization of the original promissory note.

II. **This Notice of Removal is Timely Filed in the Proper Venue.**

5. This lawsuit is a civil action within the meaning of the Acts of Congress relating to removal of causes.

6. The removal of this action to this Court is timely under 28 U.S.C § 1446(b) because, upon information and belief, there has not been proper service of process on any Defendant. Defendant received copies of Summons and Complaint to its registered agent in Georgia via courier, mail, process server or drop service on January 23, 2023. Accordingly, even under the most conservative approach, the time period for responding to the Complaint and for filing for removal has not run. See 28 U.S.C § 1446(b)(2)(B).

7. The United States District Court for the Northern District of Georgia, Atlanta Division, is the proper place to file this Notice of Removal under 28 U.S.C. § 1441(a) because it is the federal district court that embraces the place where the original action was filed and is pending.

### III.     This Court has Diversity Jurisdiction.

8. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because Plaintiff and Defendant have complete diversity of citizenship and the amount in controversy exceeds $75,000.00, exclusive of interests and costs. See 28 U.S.C. § 1332(a). Plaintiff is a citizen of the State of Georgia. (See gen. Compl.).

9. Defendant is a New York corporation with its principal place of business in Arizona. Accordingly, Defendant is a citizen of both New York and Arizona. 28 U.S.C. § 1332(c).

10. Therefore, complete diversity of citizenship exists between Plaintiff and Defendant.

11. The amount in controversy prong is also satisfied. Plaintiff does not pray for a sum certain in his Complaint, but it is clear that the amount in controversy exceeds $75,000.00. (See gen. Compl.). Although a removing defendant has the burden of proving the existence of federal jurisdiction,

"where a party seeks to bar the right to foreclose, the value of the property determines the amount in controversy for purposes of diversity jurisdiction." Rivas v. Green Tree Servicing, LLC, 2013 U.S. Dist. LEXIS 41060, 2013 WL 1213291 (N.D. Ga. Mar. 25, 2013) (citing Roper v. Saxon Mort. Servs., Inc., 2009 U.S, Dist. LEXIS 37794, 2009 WL 1259193 (N.D. Ga. May 5, 2009)). "Moreover, courts often look to the value of the loan as evidenced by the security deed to determine the amount in controversy in a foreclosure case." (Id.) (citing, as example, Reynolds v. JPMorgan Chase Bank N.A., 2011 U.S, Dist. LEXIS 133874, 2011 WL 5835925 (M.D. Ga. Nov. 21, 2011)).

12. The official deed records for Clayton County, Georgia, show that the security deed held by Defendant which was the basis of the foreclosure sought to be vacated by Plaintiff, is dated July 2, 2020, recorded in Deed Book 12033, Page 486, Clayton County, Georgia records, and has an original principal balance of $240,000.00.

13. The official deed records for Clayton County, Georgia, also show that the deed for sale of the property held January 3, 2023, resulted in a purchase price of $286,000.00. This deed is recorded in Deed Book 13331, Page 417, Clayton County, Georgia records.

14. In sum, this Court has diversity jurisdiction in this action because (i) there is complete diversity of citizenship between the properly joined parties, and (ii) an amount in excess of the $75,000.00 jurisdictional threshold is at issue. Accordingly, as the state court lawsuit is pending in the Superior Court of Clayton County, Georgia, Removing Defendant is entitled, pursuant to 28 U.S.C. § 1441(a), to remove this action to the United States District Court for the Northern District of Georgia, Atlanta Division.

**IV. Consent of Defendants.**

15. Removing Defendant, as the only defendant to this action, consents to removal by the filing of this Notice.

**V. Notice of Removal to the Superior Court of Clayton County, Georgia.**

16. Concurrently with this Notice, Removing Defendant will file a copy of this Notice with the Superior Court of Clayton County, Georgia.

WHEREFORE, Removing Defendant files this Notice of Removal and removes the civil action to the United States District Court for the Northern District of Georgia, Atlanta Division.

This 23rd day of February, 2023.        */s/ Thomas Sears*
                                        Thomas Sears

        Georgia Bar No. 633810
        Janica Drayton
        Georgia Bar No. 612147
        Padgett Law Group
        3490 Piedmont Road, NE
        Suite 1060
        Atlanta, GA 30305
        (850) 422-2520 (Telephone)
        (850) 422-2567 (Facsimile)
        Tom.Sears@padgettlawgroup.com
        attorney@padgettlawgroup.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JERMAINE WENDELL BRADLEY ET AL,  *Plaintiff,*  v.  THE MONEY SOURCE INC ET AL,  *Defendant.* | § § § § § § § § § § | CIVIL ACTION NO.  Removed from the Superior Court of Clayton County, Georgia Case |

**CERTIFICATE OF SERVICE, FONT AND MARGINS**

I hereby certify that on February 23, 2023, I electronically filed the foregoing Notice of Removal with the Clerk of Court using the CM/ECF System and served a true and correct copy of same on *Pro Se* Plaintiff via First-Class Mail, postage prepaid, addressed to:

Jermaine Wendell Bradley
635 Pristine Place
Jonesboro, GA 30238

I further certify that I prepared this document in 14 point Times New Roman font and complied with the margin and type requirements of this Court.

This 23rd day of February, 2023.

                                                                        */s/ Thomas Sears*
Thomas Sears
Georgia Bar No. 633810
Janica Drayton
Georgia Bar No. 612147
Padgett Law Group
3490 Piedmont Road, NE
Suite 1060
Atlanta, GA 30305
(850) 422-2520 (Telephone)
(850) 422-2567 (Facsimile)
Tom.Sears@padgettlawgroup.com
attorney@padgettlawgroup.com
*Attorney for Defendant*