IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| 3629 MONTREAL CREEK CIR OWNER, LLC,<br>A Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>CC CLARKSTON, LLC,<br>A Utah limited liability company,<br>SERVE:<br>Eric L. Weiss, Registered Agent,<br>260 Peachtree Road, Suite 2700,<br>Atlanta, GA 30303,<br><br>Defendant. | Civil Action No.<br><br><br><br>**JURY TRIAL DEMANDED** |

## **COMPLAINT**

COMES NOW 3629 MONTREAL CREEK CIR OWNER, LLC ("Purchaser"), Plaintiff in the above-captioned action, and, pursuant to Fed. R. Civ. Pro. 8 and Local Rule 3 of the Local Rules for the United States District Court for the Northern District of Georgia, herewith brings this Complaint against CC CLARKSTON, LLC ("Seller"). In support of its Complaint, Purchaser shows this Court as follows:

### I.     Preliminary Statement

This is an action for fraud, negligent misrepresentation, unjust enrichment, and breach of contract arising out of Purchaser's acquisition from Seller of a 356-unit apartment complex in Dekalb County, Georgia, in July, 2022. As part of the transaction, Seller made, and Purchaser relied on, certain specific "Seller's Representations and Warranties" that were inaccurate. Among other things, Seller provided a "rent roll" report of individual apartment units, residents, lease charges and other financial information that was not accurate. As a result of Purchaser's reliance on the information and documents that Seller provided, Purchaser has sustained significant damages. For these reasons, and for other breaches by Seller of its obligations under the relevant purchase and sale documents (collectively, the "Seller Obligations"), each of which survived Closing, and for other misconduct by Seller, Purchaser brings this lawsuit to recover damages and for other relief.

### II.     Jurisdiction and Venue

1.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1), because complete diversity of citizenship exists between Purchaser and Seller, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

2. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b) and Local Rule 3.1 because a substantial part of the events or omissions giving rise to this claim occurred in this judicial district and this division, and because the parties have agreed by contract that venue is appropriate in this Court.

### III.   The Parties

3. Purchaser is a Delaware limited liability company, the sole member of which is LDP TGA II MCF PJV, LLC. For jurisdictional purposes, Purchaser is a resident of the District of Columbia. Purchaser is not a resident of Florida, Seller's state of residency.

4. Seller is a Utah limited liability company maintaining its principal place of business at 914 West 2nd Avenue, Windermere, Florida 34786. Seller's membership interests are held by Code Capital Partners, LLC, a Utah limited liability company maintaining its principal place of business in Utah (the membership interests of which are held by an individual adult resident of Florida). For jurisdictional purposes, Seller is therefore a resident of Florida. Seller may be served with process in accordance with law by service upon its above-listed Registered Agent.

## IV. Factual Background

**A.** *Purchaser's Acquisition of the Clarkston Station Apartment Complex*

5. On July 29, 2022, Purchaser and Seller consummated the purchase and sale of certain real property and improvements located in Dekalb County, Georgia, consisting of a 356-unit apartment complex located at 3629 Montreal Creek Circle, Clarkston, Georgia 30021 (the "Property").

6. The respective obligations of Purchaser and Seller regarding the transaction are set forth in a written Purchase and Sale Agreement with an Effective Date of April 25, 2022 (the "Agreement"), as amended by:

    i) a May 2022 "First Amendment to Purchase and Sale Agreement";

    ii) a June 1, 2022 "Second Amendment to Purchase and Sale Agreement";

    iii) a June 7, 2022 "Third Amendment to Purchase and Sale Agreement";

    iv) a June 14, 2022 "Fourth Amendment to Purchase and Sale Agreement";

    v) a June 29, 2022 "Fifth Amendment to Purchase and Sale Agreement"; and

   vi) a July 7, 2022 "Sixth Amendment to Purchase and Sale Agreement.

7. By a July 29, 2022 Assignment and Assumption of Purchase and Sale Agreement, Purchaser assumed, and was assigned, the right, title, and interest of LDP Acquisitions, LLC (the original named purchaser party) under the Agreement.

8. Under the Agreement, Seller accepted the various Seller Obligations, including, but not limited to, certain specific "Seller's Representations and Covenants" (collectively, the "Seller's Representations"), which Seller represented would be "true and correct in all material respects as of the date of Closing."

9. The Closing took place on July 29, 2022 (the "Closing").

10. At Closing, Seller signed a "Reaffirmation of Seller's Representations and Warranties," by which Seller represented that all of Seller's Representations set forth in the Agreement were "true, complete and correct in all material respects" as of Closing.

11. The Seller's Representations set forth in the Agreement, otherwise communicated to Purchaser, and reaffirmed as of Closing, included, but were not limited to, the following representations and warranties by Seller:

   i) that a rent roll attached as Exhibit "B" to the Agreement, which reflected gross rents, was complete and accurate;

5

    ii)    that the Property's operating statements Seller provided to Purchaser were the operating statements used by Seller in the ordinary course of business and were true and correct in all material respects; and

    iii)    that other information provided by Seller to Purchaser, including disclosures of pending litigation with respect to the Property, were true and accurate.

12. Purchaser acquired the Property in reliance on the Seller's Representations, which were not true and accurate.

**B.** *Post-Closing Revelations Giving Rise to the Claims in this Case*

13. After Closing, Purchaser determined that the Seller's Representations were not accurate as of Closing, in that, among other things,

    i)    the gross rents from the Property were not as indicated in the information and documents provided by Seller to Purchaser;

    ii)    the Property's vacancy rate was not as indicated in the information and documents provided by Seller to Purchaser; and

    iii)    the financial information and operating statements of Seller were not true and correct as required under the Agreement and Closing Documents.

14. Additionally, Seller materially failed to comply with other Seller's Obligations under the Agreement, including, but not limited to, requirements:

   i) that rents paid to Seller on or after the date of Closing would be paid to Purchaser; and

   ii) that vacant units that had been vacated more than five (5) days prior to Closing be delivered to Purchaser in rent ready and broom clean condition.

15. As a direct and proximate result of Seller's breach of contract and the Seller's Representations, all as set forth herein, Purchaser has been injured and damaged.

16. Purchaser has complied in all material respects with its contractual and notice obligations and any prerequisites to the filing of this lawsuit.

### V.   Count I - Breach of Contract

17. Purchaser specifically incorporates and references the allegations asserted in each of the preceding paragraphs as if fully set forth herein.

18. Purchaser and Seller entered into the Agreement, as set forth herein, under which Purchaser and Seller agreed to various contractual obligations in connection with Purchaser's acquisition of the Property from Seller.

19. Purchaser materially breached the Agreement by, among other things, making various Seller's Representations that were not accurate as of Closing, including, but not limited to, the following:

> i) the gross rents from the Property were not as indicated in the information and documents provided by Seller to Purchaser;
>
> ii) the Property's vacancy rate was not as indicated in the information and documents provided by Seller to Purchaser; and
>
> iii) the financial information and operating statements of Seller were not true and correct as required under the Agreement and Closing Documents.

20. Purchaser further materially breached the Agreement by, among other things, failing to comply with other obligations of Seller to Purchaser under the Agreement, including, but not limited to, requirements:

> i) that rents paid to Seller on or after the date of Closing be paid to Purchaser; and
>
> ii) that vacant units that had been vacated more than five (5) days prior to Closing be delivered to Purchaser in rent ready and broom clean condition.

21.     As a direct and proximate result of Seller's material breach of contract, Purchaser has been damaged in an amount to be proven at trial, but in no case less than $300,000.00.

### VI.    Count II - Fraud and Fraudulent Representations

22.     Purchaser specifically incorporates and references the allegations asserted in each of the preceding paragraphs as if fully set forth herein.

23.     Purchaser engaged in substantial negotiations with Seller, and conducted significant due diligence, before entering into the Agreement.

24.     In order to induce Purchaser to enter into the Agreement, Seller made various intentional representations regarding the Property, including providing documents and information that Seller represented were accurate and complete.

25.     Seller's representations to Purchaser, including those set forth in the Agreement and documents and information that Seller provided to Purchaser, were intended by Seller to induce Purchaser's reliance on the representations. Seller intended that Purchaser would rely on Seller's representations, and that Seller would induce Purchaser to execute the Agreement based on the representations.

26.     At the time that Seller made the representations, Seller knew that the representations were false or made the representations recklessly.

27. Purchaser reasonably relied on Seller's representations to its detriment when it executed the Agreement, funded the acquisition of the Property, incurred additional expenses in connection with the transaction, and acquired the Property.

28. As a direct and proximate result of Seller's fraudulent misrepresentations, which were intended to, and did, induce Purchaser to execute the Agreement and take the other referenced actions, Purchaser has been damaged in an amount to be proven at trial, but in no case less than $300,000.00.

## VII.   Count III - Negligent Misrepresentation

29. Purchaser specifically incorporates and references the allegations asserted in each of the preceding paragraphs as if fully set forth herein.

30. Purchaser engaged in substantial negotiations with Seller, and conducted significant due diligence, before entering into the Agreement regarding the Property.

31. In order to induce Purchaser to enter into the Agreement, Seller made various intentional representations regarding the Property, including providing documents and information that Seller represented were accurate and complete.

32. Seller's representations to Purchaser, including those set forth in documents and information that Seller provided to Purchaser, were intended by Seller to induce Purchaser's reliance on the representations.  Seller intended that Purchaser

would rely on Seller's representations, and that Seller would induce Purchaser to execute the Agreement based on the representations.

33. At the time Seller made the above representations, Seller knew or should have known that the representations were false. To the extent that Seller's misrepresentations were not intentional, Seller is subject to liability to Purchaser for negligent misrepresentation.

34. Purchaser relied reasonably on Seller's representations to its detriment when it executed the Agreement, funded the acquisition of the Property, incurred additional expenses in connection with the transaction, and acquired the Property.

35. As a direct and proximate result of Seller's negligent misrepresentations, which were intended to, and did, induce Purchaser to execute the Agreement and take the other referenced actions, Purchaser has been damaged in an amount to be proven at trial, but in no case less than $300,000.00.

### VIII. Count IV - Unjust Enrichment

36. Purchaser specifically incorporates and references the allegations asserted in each of the proceeding paragraphs as if fully set forth herein.

37. Based upon the various representations by Seller as set forth herein, Purchaser made payments to Seller or for the benefit of Seller regarding the Property.

38. Seller benefited from the payments made, and benefits given, by Purchaser to Seller, and the circumstances under which Seller obtained those benefits make it inequitable for Seller to retain the benefits.

39. In the alternative to the other claims for relief presented in this lawsuit, Purchaser is entitled to recover from Seller damages in an amount to be proven at trial, but in no case less than $300,000.00, on the basis of unjust enrichment.

**WHEREFORE**, Plaintiff 3629 MONTREAL CREEK CIR OWNER, LLC respectfully requests that this Court enter an Order as follows:

i. Awarding monetary judgment in Purchaser's favor, and against Seller, for compensatory and other damages in an amount to be proven at trial, but at least $300,000.00;

ii. Awarding monetary judgment in Purchaser's favor, and against Seller, for punitive damages in an amount to be proven at trial, but at least $50,000.00;

iii. Awarding monetary judgment in Purchaser's favor, and against Seller, for all of Purchaser's attorneys' fees, costs, and expenses incurred;

iv. Awarding Purchaser pre-judgment and post-judgment interest on all amounts awarded to Purchaser from the date of Closing;

v. Directing the Clerk of Court to enter an Execution in favor of Purchaser; and

vi. Awarding Purchaser such other and further relief as this Court deems just, proper, and equitable.

## JURY DEMAND

Purchaser demands a trial by jury on all issues so triable.

Dated: February 23, 2023

Respectfully submitted,

/s/ John A. Thomson, Jr.
John A. Thomson, Jr.
John.Thomson@arlaw.com
**ADAMS AND REESE LLP**
3424 Peachtree Road, N.E., Suite 1600
Atlanta, GA 30326
Tel:   (470) 427-3706
Fax:   (470) 427-3686

Louis E. Dolan, Jr.
ldolan@nixonpeabody.com
**NIXON PEABODY LLP**
799 9th Street NW, Suite 500
Washington, DC 20001-5327
Tel:   (202) 585-8000
Fax:   (866) 741-1857
(*Motion for Admission Pro Hac Vice to be submitted*)

Vernon W. Johnson, III
vjohnson@nixonpeabody.com
**NIXON PEABODY LLP**
799 9th Street NW, Suite 500
Washington, DC 20001-5327
Tel:   (202) 585-8000
Fax:   (202) 585-8080
(*Motion for Admission Pro Hac Vice to be submitted*)

*Attorneys for Plaintiff 3629*
***MONTREAL CREEK CIR OWNER, LLC***