E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**22-C-04935-S2**
**8/31/2022 3:33 PM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY

PAMELA OLIVER,

    Plaintiff,

v.

CONQUEROR TRANS, LLC;
CURTIS BRIGGS; and
STATE NATIONAL INSURANCE COMPANY,

    Defendants.

CIVIL ACTION FILE

NO.   22-C-04935-S2
_____

**JURY TRIAL DEMANDED**

---

### COMPLAINT FOR DAMAGES

---

COMES NOW PAMELA OLIVER, ("Plaintiff"), by and through counsel, and files this Complaint for Damages, showing this Honorable Court as follows:

1.

This is an action for personal injury damages arising out of a motor vehicle collision that occurred on February 25, 2021, in Gwinnett County, Georgia.

### PARTIES, JURISDICTION, AND VENUE

2.

Plaintiff sustained personal injuries as a result of a motor vehicle collision that occurred at approximately 10:00 am on February 25, 2021, in Gwinnett County, Georgia.

3.

Plaintiff is a citizen of Gwinnett County, Georgia.

4.

Defendant Curtis Briggs ("Briggs") resides at 412 Hummingbird Drive, Little Elm, Denton County, Texas 75068, and may be served with a copy of the summons and complaint at this address.

5.

Briggs is subject to the jurisdiction of this Court pursuant to O.C.G.A. § 40-12-1, known as Georgia's Non-resident Motorist Act. Briggs is also subject to the jurisdiction of this Court pursuant to O.C.G.A. § 9-10-91, as Briggs committed a tortious act and/or omission within the State of Georgia.

6.

Once served with process, Briggs is subject to the jurisdiction and venue of this Court.

7.

Briggs was properly served with process in this civil action.

8.

Briggs was sufficiently served with process in this civil action.

9.

Briggs is subject to the jurisdiction of this Court.

10.

Defendant Conqueror Trans, LLC ("Conqueror Trans") is a foreign corporation with its principal place of business in a state other than Georgia and at the time of the wreck was a federal motor carrier authorized to transport goods for hire in interstate commerce by the Federal Motor Carrier Safety Administration. At the time of the wreck, Conqueror Trans had a U.S. Department of Transportation Number 3055204.

11.

Conqueror Trans may be served with process by delivering a copy of the Summons and Complaint to its process agent designated to accept service of process in the State of Georgia under the Federal Motor Carrier Safety Regulations: John P. Hendrickson, 41 Dogwood Court, Gillsville, Georgia 30543.

12.

Conqueror Trans may also be served with process by delivering a copy of the Summons and Complaint under the laws of the State of Illinois upon its registered agent: Sylwia Szot, 3100 Boyle Terrace, Apartment 2F, River Grove, Illinois, 60171.

13.

Once served with process, Conqueror Trans is subject to the jurisdiction and venue of this Court.

14.

Conqueror Trans was properly served with process in this civil action.

15.

Conqueror Trans was sufficiently served with process in this civil action.

16.

Conqueror Trans is subject to the jurisdiction of this Court.

17.

Defendant State National Insurance Company ("State National") is a foreign corporation with its principal place of business in a state other than Georgia and is authorized to transact business in the state of Georgia.

18.

At the time of the Subject Complaint, Conqueror Trans had automobile liability coverage for any damages that were caused through the negligent operation of the commercial motor vehicle that Briggs was operating at the time of the subject collision.

19.

COMPLAINT FOR DAMAGES – Page 3

The liability coverage for the collision described in this Complaint is being provided to Conqueror Trans through a policy of insurance issued by State National and further identified as Policy Number GWP65062, which provides coverage to Conqueror Trans for any damages, including bodily injury, that were caused through the negligent operation of the commercial motor vehicle that Briggs was operating at the time of the subject collision.

20.

State National is subject to the jurisdiction of this Court, pursuant to O.C.G.A. §§ 40-1-112 and/or 40-2-140, because State National was the insurer providing liability coverage for the defendant motor carrier Conqueror Trans at the time of the collision described in this Complaint.

21.

State National may be served with the Summons and Complaint upon its registered agent: CT Corporation System, 289 S. Culver Street, Lawrenceville, Gwinnett County, Georgia 30046.

22.

Once served with process as described in this paragraph, State National is subject to the jurisdiction and venue of this Court.

23.

State National may also be served pursuant to O.C.G.A §§ 14-2-1510 and/or 33-4-3.

24.

Venue in the above-styled civil action is proper in this County and Court.

## FACTS

25.

Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

26.

On or about February 25, 2021, at approximately 10:00 am, Plaintiff was operating a blue 2000 Mazda Protege heading west on Hog Mountain Road in Gwinnett County, Georgia.

COMPLAINT FOR DAMAGES – Page 4

27.

On or about February 25, 2021, at approximately 10:00 am, Briggs was operating a white 2016 Freightliner Cascadia tractor-trailer heading south on Hog Mountain Church Road at its intersection with Hog Mountain Road in Gwinnett County, Georgia.

28.

Briggs was operating the tractor-trailer in the course and scope of this employment with Conqueror Trans, and under Conqueror Trans' U.S. Department of Transportation and federal motor carrier authority.

29.

On or about February 25, 2021, at approximately 10:00 am, Briggs attempted to make a left turn onto Hog Mountain Road across Plaintiff's lane of travel.

30.

On or about February 25, 2021, at approximately 10:00 am, Plaintiff saw the tractor-trailer coming into her lane and attempted to back up to avoid the collision.

31.

On or about February 25, 2021, at approximately 10:00 am, the Conqueror Trans tractor-trailer was being operated by Briggs.

32.

On or about February 25, 2021, at approximately 10:00 am, Briggs failed to maintain his lane of travel.

33.

Briggs slammed the Conqueror Trans tractor-trailer into the front driver's side of Plaintiff's vehicle, causing her to suffer injuries.

34.

At all times related to the subject collision, Plaintiff was acting in a reasonable and prudent manner.

35.

Defendants do not blame Plaintiff for causing or contributing to the cause of the subject collision.

36.

Defendants Briggs and Conqueror Trans are 100% at fault for causing the subject collision.

37.

No act or failure to act on the part of the Plaintiff caused or contributed to the cause of the subject collision.

38.

No act or failure to act on the part of any third party caused or contributed to the cause of the subject collision.

39.

No act or failure to act on the part of the Plaintiff caused or contributed to the cause of Plaintiff's claimed injuries.

40.

No act or failure to act on the part of any third party caused or contributed to the cause of Plaintiff's claimed injuries.

41.

Defendants agree that they should fairly compensate Plaintiff for all injuries and damages that were caused by the subject collision.

42.

As a result of the collision, Plaintiff suffered serious and permanent injuries and damages.

## COUNT I: DIRECT ACTION AGAINST STATE NATIONAL INSURANCE COMPANY

43.

Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

44.

State National provided liability insurance for the driver and/or truck that was involved in the subject motor vehicle collision.

45.

State National agreed to provide insurance coverage to Conqueror Trans in consideration for the payment of insurance premiums.

46.

State National was transacting business in the State of Georgia and in Gwinnett County, Georgia on the date of the subject incident, and at all material times hereto, and is subject to the venue of this Court pursuant to O.C.G.A. § 33-4-1.

47.

Plaintiff, as a member of the public injured due to a common carrier's negligence, is a third-party beneficiary to that agreement.

48.

Pursuant to O.C.G.A. §§ 40-1-112 and/or 40–2–140, State National is subject to this Direct Action.

## COUNT II: NEGLIGENCE OF CONQUEROR TRANS, LLC

49.

Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

COMPLAINT FOR DAMAGES – Page 7

50.

At all times material hereto, Briggs was an employee of Conqueror Trans.

51.

At all times material hereto, Briggs was acting within the scope and course of his employment with Conqueror Trans.

52.

At all times material hereto, Briggs was driving under dispatch by Conqueror Trans and driving under Conqueror Trans's authority as a federal motor carrier.

53.

At all times material hereto, Briggs was authorized by Conqueror Trans to operate the tractor-trailer that was involved in the collision described in this Complaint.

54.

Conqueror Trans is liable for the negligent actions and omissions of Briggs pursuant to the doctrine of *respondeat superior*.

55.

Conqueror Trans was the owner of the vehicle operated by Briggs and is therefore liable for damages caused in this case.

56.

Conqueror Trans was also itself negligent in the following ways:

a.  Negligently hiring or contracting with Defendant Curtis Briggs to drive the vehicle at issue;

b.  Negligently training Defendant Curtis Briggs;

c.  Negligently entrusting Defendant Curtis Briggs to drive the vehicle professionally;

d.  Negligently retaining Defendant Curtis Briggs to drive the vehicle at issue;

e.  Negligently qualifying Defendant Curtis Briggs;

COMPLAINT FOR DAMAGES – Page 8

f.   Failing to supervise Defendant Curtis Briggs; and

g.   Otherwise failing to act as a reasonably prudent company under the circumstances.

60.

As a direct and proximate result of the negligence of Defendants Curtis Briggs and Conqueror Trans, LLC in the ensuing collision, Plaintiff sustained severe and permanent injuries.

61.

Conqueror Trans is liable for all damages allowed by law for the injuries, damages, and losses sustained by Plaintiff.

## COUNT III: NEGLIGENCE OF DEFENDANT CURTIS BRIGGS

62.

Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

63.

At all relevant times, Briggs owed the following civil duties to Plaintiff but violated those duties in the following ways:

a.   Failing to maintain his lane of travel;

b.   Failing to maintain proper control of his vehicle;

c.   Failing to keep a proper lookout for traffic;

d.   Failing to make reasonable and proper observations while driving;

e.   Failing to timely apply the brakes of his vehicle in order to avoid the collision in question;

f.   Failing to keep an assured safe distance from Plaintiff's vehicle;

g.   Failing to drive at a reasonable and prudent speed under the conditions;

h.   Failing to obey traffic laws;

i.   Operating a cellular mobile device while driving; and

j.  Otherwise failing to act reasonably and prudently as a driver should under the circumstances.

64.

Defendant was also negligent *per se* in that he violated a number of laws and regulations governing his operation of a vehicle, including:

a.  Entering or Crossing Roadway (O.C.G.A. § 40-6-73);

b.  Turning Movements; Signals Required on Turning, Changing Lanes, Slowing, or Stopping (O.C.G.A. §40-6-123);

c.  Driving on Roadways Laned for Traffic (O.C.G.A. § 40-6-48);

d.  Failing to Drive with Due Care (O.C.G.A. § 40-6-241);

e.  Failure to Drive Vehicle at a Reasonable and Prudent Speed Under the Conditions (O.C.G.A. § 40-6-180);

f.  Failing to Obey Traffic Laws (O.C.G.A. § 40-6-1); and

g.  Reckless Driving (O.C.G.A. § 40-6-390).

65.

As a result of Briggs's negligence, Plaintiff suffered severe and permanent injuries.

66.

As a direct and proximate result of the negligence and negligence per se of Briggs, Plaintiff has incurred and is entitled to recover special damages, including, but not limited to, past medical expenses in the amount of $197,911.96, and future medical expenses and past and future lost income and loss of earning capacity, and other miscellaneous expenses, in an amount that will be proved at trial. Plaintiff is also entitled to recover for her general damages, including past and future pain and suffering and related damages.

## COUNT IV: COMBINED AND CONCURRING NEGLIGENCE

67.

Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

68.

Conqueror Trans and Briggs acted in a manner which either alone, and/or combined and concurring with the actions of the acts of negligence described herein, directly and proximately caused the collision and Plaintiff's injuries.

69.

As a direct and proximate result of the negligence of the Conqueror Trans and Briggs, Plaintiff was physically injured, has suffered, and will continue to suffer pain, disability, loss of earning capacity, loss of enjoyment of life, anxiety, and related damages.

70.

As a direct and proximate result of the breaches of duty by Conqueror Trans and Briggs, Plaintiff is entitled to recover fair and full compensation for all injuries and damages that have been suffered as a proximate result of the collision and that will be suffered in the future as a result of the collision, including, without limitation, all special damages and compensatory damages, medical expenses, lost wages, and other necessary expenses, as well as fair and full compensation for all pain and suffering, including physical pain, mental and emotional suffering, shock of impact, disability, worry, anxiety, loss of enjoyment of life, loss of capacity to work, and other categories of damages provided for under the law.

## COUNT V: PUNITIVE DAMAGES

71.

Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

72.

The acts of Conqueror Trans and Briggs were willful, wanton, and/or demonstrated that entire want of care, which raises the presumption of a conscious indifference to consequences.

73.

Accordingly, Defendants are liable to the Plaintiff for punitive damages to punish, penalize, and deter Defendants from similar conduct in the future.

**WHEREFORE**, Plaintiff prays that the following relief be granted:

a.     A trial by jury;

b.     For Summons and Complaint to issue against each Defendant;

c.     For judgment against each Defendant to compensate Plaintiff for her past and future injuries and damages;

d.     For judgment against each Defendant for punitive damages as shown to be fair and appropriate at the trial of this case;

e.     Court costs, discretionary costs, and prejudgment interest; and

f.     For all such further and general relief which this Court deems just and proper.


Dated this 31st day of August, 2022.

WLG ATLANTA, LLC

*/s/ J. Martin Futrell*
J. MARTIN FUTRELL
GEORGIA STATE BAR NUMBER 450872
ATTORNEY FOR PLAINTIFF

BANK OF AMERICA PLAZA
600 PEACHTREE STREET, NE, SUITE 4010
ATLANTA, GA 30308
TELEPHONE:    470-881-8806
FACSIMILE:    470-881-8820
E-MAIL:       MARTIN.FUTRELL@WITHERITELAW.COM

COMPLAINT FOR DAMAGES – Page 12

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**22-C-04935-S2**

**8/31/2022 3:33 PM**

**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY

PAMELA OLIVER,

      Plaintiff,

v.

CONQUEROR TRANS, LLC;
CURTIS BRIGGS; and
STATE NATIONAL INSURANCE COMPANY,

      Defendants.

CIVIL ACTION FILE

22-C-04935-S2
NO. _____

---

### PLAINTIFF'S FIRST INTERROGATORIES, FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS, AND FIRST REQUESTS FOR ADMISSION TO DEFENDANT CONQUEROR TRANS, LLC

COMES NOW, (CLIENT) ("Plaintiff"), by and through his counsel of record and pursuant to O.C.G.A. §§ 9-11-33, 9-11-34, and 9-11-36, hereby propounds the following Interrogatories, Request for Production of Documents, and Requests for Admission to Defendant Trucking Company Conqueror Trans, LLC ("Conqueror Trans") for response under oath pursuant to Rule 33, Rule 34, and Rule 36 of the Georgia Civil Practice Act and as required by law.

### DEFINITIONS

As used herein, the terms listed below are defined as follows:

1. The term "**Document**" as used herein shall be given a very broad definition to include every type of paper, writing, data, record, graphic, drawing, photograph, audio recording and video recording. The term includes material in all forms, including printed, written, recorded, or other. The term includes all files, records and data contained in any computer system, computer component and/or computer storage (e.g., hard drive, disc, magnetic tape, backup system, etc.). This term includes, but is not limited to, correspondence, reports, meeting minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders, invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules,

circulars, bulletins, notices, instructions, manuals, journals, e-mails, e-mail attachments, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, disks or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, hard drive recordings, pictures, and voice recordings. Plaintiff expressly intends for the term "Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference.

2.  "**Person**" means any natural person, corporation, partnership, proprietorship, association, organization, group of persons, or any governmental body or subdivision thereof.

3.  (a)  "**Identify**" with respect to any "**person**" or any reference to stating the "**identity**" of any "**person**" means to provide the name, home address, telephone number, business name, business address, and business telephone number of such person, and a description of each such person's connection with the events in question.

(b)  "**Identify**" with respect to any "**document**" or any reference to stating the "**identification**" of any "**document**" means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation of the document or on whose behalf it was prepared, the name and address of the recipient or recipients of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

4.  "**Similar**" shall have the meaning given in the American Heritage Dictionary, which is "showing some resemblance; related in appearance or nature; alike but not identical."  As used here, the word "similar" shall not be limited as if modified by the word "substantially" and shall not mean "the same".  If you limit the information provided because you use another interpretation of the word "similar," please state the interpretation you are using and reveal the nature of the

information withheld.

5.      The terms "**and**" as well as "**or**" shall be each construed conjunctively and disjunctively as necessary to bring within the scope of each interrogatory and request for documents all information and documents that might otherwise be construed to be outside its scope.  The term "**and/or**" shall be construed likewise.

6.      Whenever necessary to bring within the scope of an interrogatory or request for production of documents any information or document that might otherwise be construed to be outside its scope:  (i) the use of a verb in any tense shall be construed as the use of the verb in all other tenses; (ii) the use of the singular shall be construed as the use of the plural and vice versa; and (iii) "**any**" includes "all," and "**all**" includes "any."

7.      With regard to any term used herein that is deemed by the responding party as being ambiguous or vague, a term shall be construed in its broadest sense to encompass all reasonable definitions of that term.

8.      "**Subject Collision**" means the collision described in the Complaint.

9.      "**You**", "**Your**", or "**Conqueror Trans**" means Defendant Conqueror Trans, LLC.

10.     "**Briggs**" means Defendant Driver Curtis Briggs.

## INTERROGATORIES

**INTERROGATORY NO. 1.**   If you contend that Plaintiff has sued the wrong party or that your name is incorrectly stated in this lawsuit, please explain the basis for your contention and identify the correct legal entity for the correct party in interest to this suit.

**INTERROGATORY NO. 2.**   Identify each person Conqueror Trans expects to call as an expert witness at trial including in your response a summary of each opinion the expert holds with regard to this case, the factual basis for each such opinion, a list of all documents and evidence of any kind provided to the expert for review and a list of all documents and evidence of any kind that support each opinion.

### INSURANCE

**INTERROGATORY NO. 3.**   For each liability insurance policy that you had in place at the time of the Subject Collision, state the name of insurer; the policy number; the limits of coverage; the name(s) of all insureds; and whether any insurer has offered a defense under a reservation of rights or otherwise contested coverage for the subject case. Please note that this interrogatory is requesting information relating to ALL insurance coverage including excess coverage.

### VEHICLE INFO/DATA

**INTERROGATORY NO. 4.**   Please provide the weight of the tractor at the time of the Subject Collision.

**INTERROGATORY NO. 5.**   Identify all systems and devices in or on the tractor that have the capability of monitoring, capturing, recording and/or transmitting any video, data and/or communications of any kind (this includes, without limitation, any engine control module (ECM), event data recorder (EDR/CDR), airbag control module (ACM), Sensing Diagnostic Module (SDM), drive train or transmission control unit, brake control module, power steering unit, electronic onboard recorder (EOBR) Electronic Logging Device (ELD), Collision Avoidance System (CAS), Telematics system, Critical Event Reporting System, Lane

Departure System, Dash Cam (or other video devices), GPS system, truck or trailer tracking system, system that allows communication between drivers and dispatchers, etc.);

a.   With respect to each system identified, explain what video, data and/or communications the system is capable of monitoring, capturing, recording and/or transmitting;

b.   With respect to each system identified, explain what video, data and/or communications have been downloaded and/or preserved in connection with the Subject Collision and if so when and by whom; and

c.   With respect to each system identified, explain what video, data and/or communications have NOT been downloaded and/or preserved in connection with the Subject Collision and explain why not and whether it is still possible to obtain this material.

## DRIVER INFORMATION

**INTERROGATORY NO. 6.**   Explain the relationship between Conqueror Trans and Defendant Driver Curtis Briggs ("Briggs") at the time of the Subject Collision including his employment status (e.g., leased driver, company driver, etc.), how he was compensated for driving (e.g., by the hour, by the load, by the mile, salary, or other) and when the relationship began and ended.

**INTERROGATORY NO. 7.**   If you maintain that Briggs was not acting within the course and scope of his employment or agency at the time of the Subject Collision, explain the basis for your contention and identify documents and witnesses that support your contention.

**INTERROGATORY NO. 8.**   Identify and explain all communications of any kind between Briggs and anyone acting for or on behalf of Conqueror Trans during the twenty-four (24) hours before and after the Subject Collision. For each communication, identify the method of communication (cell phone, QualComm, other), time of communication, persons involved, and the general subject.

## REGULATIONS AND POLICIES

**INTERROGATORY NO. 9.**   Identify all Conqueror Trans policies, procedures, rules, guidelines,

directives, manuals, handbooks and instructions that were in effect for Briggs at the time of the Subject Collision.

**INTERROGATORY NO. 10.**  Identify all Conqueror Trans policies, procedures, rules, guidelines, directives, manuals, handbooks and instructions and training applicable to Briggs regarding driving, defensive driving, turning, intersections, driver distraction and use of cell phones.

## INVESTIGATION OF SUBJECT COLLISION

**INTERROGATORY NO. 11.**  Describe in detail when and how you first became aware that Briggs was involved in the Subject Collision including in your answer the identity of all persons involved in the investigation of the Subject Collision, their role and position and what information was conveyed.

**INTERROGATORY NO. 12.**  State whether you maintain that either Plaintiff or any non-party has any responsibility of any kind for causing the injuries and/or damages alleged in the Complaint and provide a detailed description of the basis for your position, including the identity of all person(s) who have any knowledge regarding this issue and/or all documents evidencing your position.

**INTERROGATORY NO. 13.**  Identify all persons who to your knowledge were present at the scene of the Subject Collision at any time in the forty-eight (48) hours after the Subject Collision and explain their role, why they were at the scene and what actions they took.

**INTERROGATORY NO. 14.**  Identify all person(s) who you to your knowledge have or may have any relevant information regarding: the Subject Collision; the facts leading up to the Subject Collision; the investigation of the Subject Collision; any party to this action; any vehicles involved in the Subject Collision; and/or any claims or defenses raised in this action. The purpose of this Interrogatory is to identify all witnesses whom Conqueror Trans believes may have relevant testimony of any kind in connection with this case.

**INTERROGATORY NO. 15.**  Identify all photographs, motion pictures, maps, plats, drawings, diagrams, videotapes, or other tangible or documentary evidence depicting the scene of the

Subject Collision and/or any person or vehicle involved in the Subject Collision.

**INTERROGATORY NO. 16.** Did Conqueror Trans make any effort to perform any accident review, any avoidable/non-avoidable accident determination, any root cause analysis, any DOT reportability determination, or any type of investigation or analysis to discover the cause(s) or contributing cause(s) of the Subject Collision and/or to evaluate whether your driver should be disciplined for any action or inactions related to the Subject Collision? If so, please identify all person(s) involved, all documents and information reviewed, and all determinations.

**MISCELLANEOUS**

**INTERROGATORY NO. 17.** Identify each person who was involved in responding to each of the Requests for Admission served upon you in this civil action.

**INTERROGATORY NO. 18.** For each of Plaintiff's First Requests for Admission to Defendant Conqueror Trans, LLC that you did not admit without qualification, explain in detail the reason for your refusal to admit and identify all persons and documents that support your response.

## DOCUMENT REQUESTS

### GENERAL

**REQUEST NO. 1:**    A copy of each document utilized by you in any way in responding to Plaintiff's First Interrogatories to Defendant Conqueror Trans, LLC.

**REQUEST NO. 2:**    A copy of each document retention policy in effect for Conqueror Trans at any time between the time of the Subject Incident and present.

**REQUEST NO. 3:**    A copy of each insurance policy (and declarations page for each policy) that provides or may provide coverage for damages sustained in the Subject Incident.

**REQUEST NO. 4:**    Copies of all reservation of rights letters and/or agreements regarding insurance coverage for the Subject Incident.

### DRIVER

**REQUEST NO. 5:**    All documents setting forth the relationship between Briggs and Conqueror Trans. This includes, but is not limited to, all leases, employment contracts, and independent contractor agreements and other contracts, agreements, memorandum, and the like.

**REQUEST NO. 6:**    The contents of Briggs' driver qualification file, driver investigation file, driver history file, and all documents that demonstrate compliance with federal and state driver qualification laws and regulations. The requested documents include, but are not limited to, all documents required by FMCSR, 49 CFR Part 391, and the state equivalent thereto. If any responsive documents have been removed from the driver qualification file, these should be produced nonetheless.

**REQUEST NO. 7:**    All documents of any kind that relate to any pre-employment background investigation of Briggs, including without limitation any investigation of Briggs' qualifications, character, driving history, training, criminal history, drug use, financial responsibility, medical conditions, health conditions, and/or any other matter relevant to employment with Conqueror Trans. This specifically includes all data and information obtained through FMCSA's Pre-Employment Screening Program.

**REQUEST NO. 8:**   All documents that relate in any way to your recruiting of Briggs.

**REQUEST NO. 9:**   All documents that relate in any way to you hiring Briggs.

**REQUEST NO. 10:**   All documents that relate in any way to any orientation provided by Conqueror Trans to Briggs.

**REQUEST NO. 11:**   All documents that relate in any way to training of Briggs. This includes, but is not limited to, all documents that show all training received by Briggs, when, where, and who provided the training, and all materials used for training.

**REQUEST NO. 12:**   All quizzes, tests, and/or other assessments (questions and answers) ever given by or on behalf of Conqueror Trans to Briggs at any time. An answer key should also be provided.

**REQUEST NO. 13:**   Copies of all documents (a) explaining how Briggs was compensated for the one (1) month leading up to and including the date of the Subject Incident and extending one (1) week after the date of the Subject Incident; and (b) showing any detention of wages over the same time-period.

**REQUEST NO. 14:**   A copy of the front and back of every driver's license issued to Briggs (regardless of name used) in your possession, custody, and/or control.

**REQUEST NO. 15:**   All documents placing you on notice of any violation by Briggs of any law, ordinance, or regulation. This includes, but is not limited to, reports of violations pursuant to Section 391.27(a) of the Federal Motor Carrier Safety Regulations, as well as copies of citations, warnings, and inspection reports.

**REQUEST NO. 16:**   All documents relating to any and all blood, urine, hair, or other type of drug or alcohol testing of Briggs in your possession, custody, and/or control.

**REQUEST NO. 17:**   A copy of all documents relating to any violation of any safety rule or principle by Briggs at any time.

**REQUEST NO. 18:**   All documents of any kind that relate to any action (formal or informal) by any supervisor or manager or anyone working by or on behalf of Conqueror Trans directed to

Briggs for the purpose of teaching, counseling, disciplining, correcting, or otherwise managing Briggs in any way relating to the safe operation of a commercial vehicle. This includes, but is not limited to, all disciplinary actions and the contents of all disciplinary folders or files of any kind by whatever name called.

**REQUEST NO. 19:**   A copy of all documents in your possession relating in any way to any motor vehicle collision and/or accident of any kind in which Briggs has been involved.

**REQUEST NO. 20:**   Copies of all documents relating to any complaint, criticism, or concern raised by any person or entity regarding the driving performance and/or safety of Briggs. This should include, but is not limited to, customer complaints and call-ins by motorists either to company directly or to any service (i.e., How's My Driving?  Call 800…).

**REQUEST NO. 21:**   For each communication device (e.g., cell phones, PDAs, smartphones, texting, and e-mailing devices, etc.) that was in the tractor that Briggs was operating at the time of the Subject Incident, produce all documents reflecting usage and billing for the time-period beginning forty-eight (48) hours before the Subject Incident and ending forty-eight (48) hours after the Subject Incident. This includes all devices, whether owned by Briggs or not, and whether it was in use at the time of the Subject Incident or not.

**REQUEST NO. 22:**   Copies of all documents prepared by Briggs that describes the Subject Incident or the circumstances leading up to the Subject Incident.

**REQUEST NO. 23:**   All documents evidencing any evaluation of the driving abilities, safety, and/or performance of Briggs that have not been produced in response to the preceding requests.

**REQUEST NO. 24:**   A complete copy of the contents of each and every file (whether maintained physically or electronically), regardless of what the file is called, regarding or addressing Briggs in any way, that has not been produced in response to other requests above.

**H<small>OURS OF</small> S<small>ERVICE</small>-R<small>ELATED</small> D<small>OCUMENTS</small>**

**REQUEST NO. 25:**    A copy of all Briggs' hours of service logs and any other driving logs and/or time sheets for the period beginning one hundred eighty (180) days before the Subject Incident

and ending seven (7) days following the Subject Incident.

**REQUEST NO. 26:**    In addition to the documents responsive to the preceding request, produce all documents in your possession, custody, or control that demonstrate what Briggs was doing for the time-period beginning fourteen (14) days before the Subject Incident and ending two (2) days following the Subject Incident. The requested documents include all documents that a motor carrier division officer might use to audit the logs of this driver, including, but are not limited to:

a. All documents evidencing hours of service not produced above (e.g., daily logs and time sheets as well as log audits and letters regarding hours of service);

b. All documents that could be used to check the accuracy of Hours of Service logs and/or time sheets;

c. All documents related to trips (including driver's trip envelopes, trip reports, work reports, bills of lading, manifests, cargo documents of any kind, load documents of any kind, loading and unloading records of any kind, load detention records of any kind, freight bills, pick-up and delivery records of any kind, directions (e.g., routes to take), instructions (delivery notes, times, special handling), driver's trip check and settlement sheets, dispatch records, mileage reports, weight and scale records, and receipts for fuel, food, tolls, lodging, permits, repairs, and/or other purchases and expenses of any kind whether reimbursable or not, final trip accounting documents and printouts, as well as any and all reports and/or summaries of any kind referencing the above information);

d. All documents evidencing any and all stops; and

e. All driver call in reports and any other documentation of any communications between you and Briggs.

**PLEASE NOTE – NOTHING IN THIS REQUEST SHOULD BE READ TO MEAN THAT PLAINTIFF IS NOT INTERESTED IN DEFENDANT MANTAINING ALL INFORMATION REGARDING ALL COMMERCIAL DRIVING ACTIVITIES FOR SIX MONTHS PRECEDING THE INCIDENT AT ISSUE AND SINCE THE INCIDENT AT ISSUE.**

**THESE MATERIALS SHOULD BE RETAINED IN THE EVENT THEY ARE REQUESTED.**

**REQUEST NO. 27:**   A copy of all audits and summaries of Briggs' hours of service covering the period beginning one (1) year prior to the Subject Incident and ending fourteen (14) days following the Subject Incident.

<u>VEHICLE INFORMATION</u>

**REQUEST NO. 28:**   For the tractor involved in the Subject Incident, produce the following documents:

a.   Title;

b.   Registration;

c.   Operators manual;

d.   Maintenance Schedules;

e.   All documents evidencing maintenance performed on the tractor at any time within 6 months before the Subject Incident;

f.   All documents evidencing any inspections of the tractor during the six (6) months before the Subject Incident;

g.   All documents evidencing any repairs and/or modifications to the tractor at any time within six (6) months before the Subject Incident;

h.   All documents evidencing any repairs made to the tractor as a result of the Subject Collision (including insurance submissions);

i.   All leases involving the vehicle;

j.   Documents evidencing the purchase of the vehicle;

k.   Documents evidencing the sale of the vehicle if it has been sold;

l.   Documents evidencing mileage and weight at time of the Subject Incident; and

m.   Copies of each and every logbook, ledger, file, or the like maintained for any reason regarding the vehicle.

**REQUEST NO. 29:**   For the trailer involved in the Subject Incident, produce the following documents:

a.   Title;

b.   Registration;

c.   Operators manual;

d.   Maintenance Schedules;

e.   All documents evidencing maintenance performed on the tractor at any time within 6 months before the Subject Incident;

f.   All documents evidencing any inspections of the tractor during the six (6) months before the Subject Incident;

g.   All documents evidencing any repairs and/or modifications to the tractor at any time within six (6) months before the Subject Incident;

h.   All documents evidencing any repairs made to the tractor as a result of the Subject Collision (including insurance submissions);

i.   All leases involving the vehicle;

j.   Documents evidencing the purchase of the vehicle;

k.   Documents evidencing the sale of the vehicle if it has been sold;

l.   Documents evidencing mileage and weight at time of the Subject Incident; and

m.   Copies of each and every logbook, ledger, file, or the like maintained for any reason regarding the vehicle.

**REQUEST NO. 30:**   If any data is available (whether or not downloaded or retrieved) from the tractor or any part or system from the tractor (e.g., engine control module (ECM), event data recorder (EDR), Sensing Diagnostic Module (SDM), drive-train or transmission control unit, power steering unit, airbag module, ABS or other brake system, or any EOBR), please produce both the printout of the data and the data file in its original format. This request is intended to cover data for as long as it was recorded before during and after the Subject Incident.

**REQUEST NO. 31:**   If the tractor at issue was equipped with a lane departure warning system or collision warning system (e.g., VORAD), please produce the printout of the downloaded data and to the degree possible produce the data file in its original format.

**REQUEST NO. 32:**   Produce copies of all e-mails between Briggs and Conqueror Trans for the time-period beginning ninety (90) days prior to the Subject Incident and present.

**REQUEST NO. 33:**   Produce copies of all communications and transmissions between Briggs and Conqueror Trans that were transmitted through any system on-board of the tractor involved in the Subject Incident for the period beginning thirty (30) days before the Subject Incident and ending seven (7) days after the Subject Incident. This includes any and all satellite or cellular systems, regardless of manufacturer, and includes, without limitation, all electronic on-board recorders (EOBRs) and  system such as those made available by Qualcomm, TransCore, SkyBitz, Fluensee, Fleetilla, Teletrac, Lat-Lon, Telogis, GeoLogic, Cheetah, Xata, PeopleNet, and other transportation service and product providers.

**REQUEST NO. 34:**   If the tractor was equipped with any on-board audio or video recording or monitoring devices and/or any other driver or driver safety monitoring system, please produce everything that was retrieved or could be retrieved from such devices and systems.

**REQUEST NO. 35:**   To the degree that it has not been produced in response to other requests above, produce all data of any kind that was recovered from the tractor and/or anything inside or connected to any part or system of the tractor that were involved in the Subject Incident.

**REQUEST NO. 36:**   A copy of each out of service report or violation concerning the <u>tractor</u> involved in the Subject Incident from the period beginning one (1) year prior to the Subject Incident through present. This request includes any supplements, responses, amendments, and dispositions regarding any violation.

**REQUEST NO. 37:**   Produce all documents evidencing damage to any vehicle or other property as a result of the Subject Incident, including, but not limited to, repair estimates, appraisals, purchase invoices, repair bills, and checks or drafts reflecting payment for repair or replacement,

and any other documents concerning or establishing the value of any item of property before or after the Subject Incident.

**REQUEST NO. 38:**   Produce all documents given to any person or entity, including any insurance company in return for payment in whole or in part for property damage, e.g., loan receipt(s), release(s), assignment(s), etc.

**REQUEST NO. 39:**   For the tractor involved in the Subject Incident, produce all the Driver Vehicle Inspection Reports (DVIR) from the period beginning six (6) months before the Subject Incident and ending one (1) week after the Subject Incident.

**REQUEST NO. 40:**   Produce all pre-trip inspection reports for the trip in question and three (3) months prior to the date of the Subject Incident for the tractor.

## LOAD

**REQUEST NO. 41:**   All documents that relate to the load being hauled by Briggs at the time of the Subject Incident, including, by way of example and without limitation, all manifests, bills of lading, weight receipts, dispatch documents, content summaries, and documents that address the contents, ownership, pick-up, detainment, and delivery of the load.

## SUBJECT INCIDENT

**REQUEST NO. 42:**   A copy of every document related to any investigation done by or on behalf of Conqueror Trans of the scene of the Subject Incident.

**REQUEST NO. 43:**   All documents authored by anyone working for or on behalf of Conqueror Trans that set forth any facts relating to the Subject Incident.

**REQUEST NO. 44:**   All documents that explain what caused the Subject Incident.

**REQUEST NO. 45:**   All documents assessing preventability of and/or fault for the Subject Incident.

**REQUEST NO. 46:**   If the scene of the Subject Incident was mapped (with a total station or other survey equipment) within fourteen (14) days of the Subject Incident, please produce a copy of the survey data files and all diagrams produced therefrom.

**REQUEST NO. 47:**    Copies of all photographs, video, computer simulations, and any other documents depicting:

      a.      Any vehicle involved in the Subject Incident;

      b.      Any person involved in the Subject Incident;

      c.      The scene of the Subject Incident; and/or

      d.      Any evidence (roadway markings or other) relevant to the Subject Incident.

**REQUEST NO. 48:**    Copies of all reports (you know what this means and it is not vague) relating to the Subject Incident including those prepared by Briggs and those prepared by anyone working for or on behalf of Conqueror Trans (except lawyers).

**REQUEST NO. 49:**    A copy of all correspondence and other communications (including e-mail) that you have had with any person other than your lawyer involving the Subject Incident.

**REQUEST NO. 50:**    All tapes and transcripts of conversations, interviews, and/or statements of any person who purports to know any facts or circumstances relevant to the issues of liability, comparative fault, causation, and/or damages in this case.

**REQUEST NO. 51:**    If an Accident Review Board or similar entity reviewed the Subject Incident, produce the following:

      a.      A copy of all documents (as defined) and other materials of any kind reviewed by said board or entity;

      b.      A copy of all reports and documents (as defined) of any kind generated by said board or entity;

      c.      Documents evidencing who was on the board;

      d.      Documents evidencing all criteria for review; and

      e.      Determination of preventability and all other conclusions reached by said board or entity.

### GOVERNMENTAL CONTACT AND INTERVENTION

**REQUEST NO. 52:**    Copies of all documents sent to or received from any governmental agency

regarding the Subject Incident, the driver involved in the Subject Incident, or any subject that is part of the basis of this lawsuit.

**REQUEST NO. 53:**   Copy of all documents and communications of any kind related to any CSA Intervention against your company in the past two (2) years.

<u>**POLICY AND PROCEDURES**</u>

**REQUEST NO. 54:**   Copies of all Conqueror Trans policies, procedures, rules, guidelines, directives, manuals, handbooks, and instructions that were in effect at the time of the Subject Incident, relating to:

   a.   Working for or with trucking company generally (e.g., employee manual or handbook);

   b.   Operation of any motor vehicle (e.g., driving manuals or handbooks, and the like);

   c.   Operation of a commercial vehicle;

   d.   Driving safety;

   e.   Defensive driving;

   f.   Compliance with federal and state laws and regulations;

   g.   Accident investigation;

   h.   Accident review boards;

   i.   Determination of preventability of accidents;

   j.   Hiring, training and supervising drivers; and

   k.   Disciplinary actions.

**REQUEST NO. 55:**   Copies of each document that Briggs signed to prove that Briggs received and/or agreed to be bound by any policies, procedures, rules, guidelines, and/or standards of Conqueror Trans.

**REQUEST NO. 56:**   To the degree that Conqueror Trans has any rules, policies, procedures, guidelines, driving manuals, employee handbooks, or manuals, or other similar documents that were not provided to Briggs before the Subject Incident, please produce them now.

**REQUEST NO. 57:**   A complete copy of, or in the alternative, access to, each driver safety

training film, video, videotape, videocassette, audio cassette, computer program, simulator, and driver diagnostic record or test maintained by your company, or used by Conqueror Trans, its personnel, agents, or employees during the year of the Subject Incident and three (3) years prior.

**REQUEST NO. 58:**    Copies of all industry and/or other guidelines and/or practices that you rely upon to support your contentions in this case.

### TRUCKING COMPANY

**REQUEST NO. 59:**    Copy of documents showing the hierarchy of managerial positions at Conqueror Trans and who occupied such positions as of the time of the Subject Incident and presently.

**REQUEST NO. 60:**    A copy of each document (including articles and presentations) prepared and/or presented by any Conqueror Trans representative relating to the safe operation of a commercial motor vehicle and/or the safe operation of a trucking company in the past five (5) years.

**REQUEST NO. 61:**    All company newsletters distributed during the time-period beginning two (2) years before the Subject Incident and present.

**REQUEST NO. 62:**    A copy of all lease and trip lease contracts applicable to Briggs and/or any vehicle involved in the Subject Incident.

**REQUEST NO. 63:**    Copies of any contract under which your company was operating the truck in question at the time of the Subject Incident.

**REQUEST NO. 64:**    A copy of Conqueror Trans's accident register maintained as required by 49 CFR § 390.35.

**REQUEST NO. 65:**    Transcripts or recordings of all depositions of corporate designees for Conqueror Trans given in the past five (5) years in cases where it was alleged that a driver working for Conqueror Trans caused injury or death to another person.

**REQUEST NO. 66:**    Copies of all documents putting any third party on notice of a claim arising from the Subject Incident

**REQUEST NO. 67:**   All correspondence and other communication of any kind between you and any other Defendant to this Action.

### MISCELLANEOUS

**REQUEST NO. 68:**   With respect to each expert witness who may provide testimony at the trial of this case, provide:

    a.   A copy of all documents (as that term is defined above) and items of any kind produced **to** said expert;

    b.   A copy of all documents (as that term is defined above) and items of any kind generated or produced **by** said expert;

    c.   A copy of the entire file of said expert;

    d.   A current résumé or curriculum vitae for said expert; and

    e.   All billing records and work logs for said expert.

**REQUEST NO. 69:**   A copy of any and all documents and other materials which support any contention that the Subject Incident was the fault of anyone other than the Defendants.

**REQUEST NO. 70:**   Copies of all diagrams, graphs, illustrations, photographs, charts, pictures, models, blow-ups, or any other document or thing, including electronically created charts, animations, or data that you intend to utilize as an exhibit, demonstrative exhibit, or aid in the trial of this case not previously supplied.

**REQUEST NO. 71:**   Produce each document or thing that you contend is evidence, proof, or support of your claims on any issue of negligence or causation as to the Subject Incident, including, but not limited to, admissions of fault, engineering analysis, scientific tests, and official or unofficial reports.

**REQUEST NO. 72:**   Produce each document or thing that you contend evidences or supports your denial of any of Plaintiff's Requests for Admission.

**REQUEST NO. 73:**   If any surveillance has been undertaken by or on behalf of Conqueror Trans, produce a copy of all reports, photographs, video, and anything else generated

through that investigation.

**REQUEST NO. 74:**   Produce all documents and materials you have obtained through subpoena or non-party requests for production.

**REQUESTS FOR ADMISSION**

**REQUEST NO. 1**      At the time of the Subject Collision, Conqueror Trans was the owner of a tractor involved in the Subject Collision.

**REQUEST NO. 2**      The DOT number for the tractor that was involved in the Subject Collision was 3055204.

**REQUEST NO. 3**      The MC-ICC number for the tractor that was involved in the Subject Collision was MC-51979.

**REQUEST NO. 4**      The VIN for the tractor that was involved in the Subject Collision was 3AKJGLDR7GSGP6531.

**REQUEST NO. 5**      At the time of the Subject Collision, Briggs was an agent of Conqueror Trans.

**REQUEST NO. 6**      At the time of the Subject Collision, Briggs was an employee of Conqueror Trans.

**REQUEST NO. 7**      At the time of the Subject Collision, Briggs was acting within the course and scope of his employment with Conqueror Trans.

**REQUEST NO. 8**      At the time of the Subject Collision, Briggs was acting within the course and scope of his agency with Conqueror Trans.

**REQUEST NO. 9**      At the time of the Subject Collision, Briggs was operating the tractor owned by Conqueror Trans.

**REQUEST NO. 10**      At the time of the Subject Collision, Briggs was operating the tractor with the permission of Conqueror Trans.

**REQUEST NO. 11**      At the time of the Subject Collision, Briggs was operating the tractor with the knowledge of Conqueror Trans.

**REQUEST NO. 12**      At the time of the Subject Collision, Briggs was operating the tractor as trained by Conqueror Trans.

**REQUEST NO. 13**      Conqueror Trans is properly named in the Complaint.

**REQUEST NO. 14**    Venue is proper in this Court.

**REQUEST NO. 15**    Jurisdiction is proper in this Court.

**REQUEST NO. 16**    Service of process upon Conqueror Trans in this civil action was proper.

**REQUEST NO. 17**    Service of process upon Conqueror Trans in this civil action was legally sufficient.

**REQUEST NO. 18**    You are not asserting the defense of insufficiency of service of process.

**REQUEST NO. 19**    You are not asserting the defense of improper service of process.

**REQUEST NO. 20**    Briggs was the driver of Conqueror Trans's tractor that collided with Plaintiff's vehicle.

**REQUEST NO. 21**    Briggs did not see Plaintiff's vehicle next to him.

**REQUEST NO. 22**    Briggs failed to maintain proper control of his truck at the time of the Subject Collision.

**REQUEST NO. 23**    At the time of the Subject Collision, Briggs failed to keep and maintain a proper lookout for traffic.

**REQUEST NO. 24**    Briggs was not paying attention to traffic like he should have been.

**REQUEST NO. 25**    Briggs gave a recorded statement to one (1) or more insurance companies that provided liability coverage for the truck that Briggs was driving at the time of the Subject Collision.

**REQUEST NO. 26**    Briggs had a mobile cellular device present inside his vehicle at the time of the Subject Collision.

**REQUEST NO. 27**    Briggs had more than one (1) mobile cellular device was present inside his truck at the time of the Subject Collision.

**REQUEST NO. 28**    Briggs was using at least one (1) mobile cellular device in his truck at the time of the Subject Collision.

**REQUEST NO. 29**    Briggs was using more than one (1) mobile cellular device inside his truck at the time of the Subject Collision.

**REQUEST NO. 30**     Briggs was using a mobile cellular device at the moment of impact with Plaintiff's vehicle.

**REQUEST NO. 31**     While at the scene of the collision, Briggs conversed with at least one (1) person about what had happened before, during, and/or after the Subject Collision using a mobile cellular device.

**REQUEST NO. 32**     While at the scene of the collision, Briggs texted at least one (1) person about what had happened before, during, and/or after the Subject Collision using a mobile cellular device.

**REQUEST NO. 33**     While at the scene of the collision, Briggs had a cellular mobile device or a camera that he could have used to take pictures of the scene of the Subject Collision, the vehicles involved, and/or the persons involved.

**REQUEST NO. 34**     While at the scene of the collision, Briggs took at least one (1) photograph of the scene of the Subject Collision, the vehicles involved, and/or the persons involved using a mobile cellular device.

**REQUEST NO. 35**     While at the scene of the collision, Briggs took video recording(s) using a mobile cellular device of the scene of the Subject Collision, the vehicles involved, and/or the persons involved.

**REQUEST NO. 36**     While at the scene of the collision, Briggs took audio recording(s) of the scene of the Subject Collision, the vehicles involved, and/or the persons involved using a mobile cellular device.

**REQUEST NO. 37**     No improper act of the Plaintiff caused or contributed to the cause of the Subject Collision.

**REQUEST NO. 38**     No failure to act by Plaintiff caused or contributed to the cause of Subject Collision.

**REQUEST NO. 39**     No improper act or failure to act on the part of any third party to this action caused or contributed to the cause of the Subject Collision.

**REQUEST NO. 40**     Briggs's negligent acts and/or omissions were the sole cause of the Subject Collision.

**REQUEST NO. 41**     Briggs's negligent acts and/or omissions were a contributing cause of the Subject Collision.

**REQUEST NO. 42**     No visual obstructions existed leading up to the Subject Collision that would have prevented Briggs from seeing Plaintiff's vehicle in the one hundred (100) feet prior to the Subject Collision.

**REQUEST NO. 43**     No visual obstructions existed leading up to the Subject Collision that would have prevented Briggs from seeing Plaintiff's vehicle in the two hundred fifty (250) feet prior to the Subject Collision.

**REQUEST NO. 44**     No visual obstructions existed leading up to the Subject Collision that would have prevented Briggs from seeing Plaintiff's vehicle in the five hundred (500) feet prior to the Subject Collision.

**REQUEST NO. 45**     No visual obstructions existed leading up to the Subject Collision that would have prevented Briggs from seeing Plaintiff's vehicle in the seven hundred fifty (750) feet prior to the Subject Collision.

**REQUEST NO. 46**     No visual obstructions existed leading up to the Subject Collision that would have prevented Briggs from seeing Plaintiff's vehicle in the one thousand (1000) feet prior to the Subject Collision.

**REQUEST NO. 47**     The person answering these questions has authority from Conqueror Trans to do so.

**REQUEST NO. 48**     At this time of the Subject Collision, Briggs was operating under the DOT authority of Conqueror Trans.

**REQUEST NO. 49**     At the time of the Subject Collision, Briggs was under dispatch by Conqueror Trans.

**REQUEST NO. 50**     At the time of the Subject Collision, Briggs was under the federal motor

carrier authority of Conqueror Trans.

Dated this 31st day of August, 2022.

WLG ATLANTA, LLC

*/s/ J. Martin Futrell*
J. MARTIN FUTRELL
GEORGIA STATE BAR NUMBER 450872
ATTORNEY FOR PLAINTIFF

BANK OF AMERICA PLAZA
600 PEACHTREE STREET, NE, SUITE 4010
ATLANTA, GA 30308
TELEPHONE:    470-881-8806
FACSIMILE:    470-881-8820
E-MAIL:    MARTIN.FUTRELL@WITHERITELAW.COM

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**22-C-04935-S2**
**8/31/2022 3:33 PM**
**TIANA P. GARNER, CLERK**

IN THE STATE COURT OF GWINNETT COUNTY

PAMELA OLIVER,

      Plaintiff,

v.

CONQUEROR TRANS, LLC;
CURTIS BRIGGS; and
STATE NATIONAL INSURANCE COMPANY,

      Defendants.

CIVIL ACTION FILE

NO. 22-C-04935-S2 _____

## PLAINTIFF'S FIRST INTERROGATORIES, FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS, AND FIRST REQUESTS FOR ADMISSION TO DEFENDANT CURTIS BRIGGS

COMES NOW Plaintiff Pamela Oliver ("Plaintiff"), by and through counsel, and pursuant to O.C.G.A. §§ 9-11-33, 9-11-34, and 9-11-36, hereby propounds the following Interrogatories, Requests for Production of Documents, and Requests for Admission to Defendant Driver Curtis Briggs ("Briggs") for response under oath pursuant to Rule 33, Rule 34, and Rule 36 of the Georgia Civil Practice Act and as required by law.

## DEFINITIONS

As used herein, the terms listed below are defined as follows:

1.      The term "**Document**" as used herein shall be given a very broad definition to include every type of paper, writing, data, record, graphic, drawing, photograph, audio recording and video recording. The term includes material in all forms, including printed, written, recorded, or other. The term includes all files, records and data contained in any computer system, computer component and/or computer storage (e.g., hard drive, disc, magnetic tape, backup system, etc.). This term includes, but is not limited to, correspondence, reports, meeting minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders, invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules,

circulars, bulletins, notices, instructions, manuals, journals, e-mails, e-mail attachments, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, disks or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, hard drive recordings, pictures, and voice recordings.  Plaintiff expressly intends for the term "Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference.

2.      "**Person**" means any natural person, corporation, partnership, proprietorship, association, organization, group of persons, or any governmental body or subdivision thereof.

3.      (a)      "**Identify**" with respect to any "**person**" or any reference to stating the "**Identity**" of any "**person**" means to provide the name, home address, telephone number, business name, business address, and business telephone number of such person, and a description of each such person's connection with the events in question.

(b)      "**Identify**" with respect to any "**document**" or any reference to stating the "**Identification**" of any "**document**" means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation of the document or on whose behalf it was prepared, the name and address of the recipient or recipients of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

4.      "**Subject Collision**" means the collision described in the Complaint.

5.      "**You**", "**Your**", or "**Briggs**" means Defendant Driver Curtis Briggs.

6.      "**Conqueror Trans**" means Defendant Conqueror Trans, LLC

7.      "**Similar**" shall have the meaning given in the American Heritage Dictionary, which is "showing some resemblance; related in appearance or nature; alike but not identical." As used

here, the word "similar" shall not be limited as if modified by the word "substantially" and shall not mean "the same". If you limit the information provided because you use another interpretation of the word "similar," please state the interpretation you are using and reveal the nature of the information withheld.

8.      The terms "**and**" as well as "**or**" shall be each construed conjunctively and disjunctively as necessary to bring within the scope of each interrogatory and request for documents all information and documents that might otherwise be construed to be outside its scope. The term "**and/or**" shall be construed likewise.

9.      Whenever necessary to bring within the scope of an interrogatory or request for production of documents any information or document that might otherwise be construed to be outside its scope:  (i) the use of a verb in any tense shall be construed as the use of the verb in all other tenses; (ii) the use of the singular shall be construed as the use of the plural and vice versa; and (iii) "**any**" includes "all," and "**all**" includes "any."

10.      With regard to any term used herein that is deemed by the responding party as being ambiguous or vague, a term shall be construed in its broadest sense to encompass all reasonable definitions of that term.

## INTERROGATORIES

### YOUR BACKGROUND INFORMATION

INTERROGATORY NO. 1.    State your full name, address, date and place of birth, and social security number. If you have ever been known by any name(s) other than the one you identify, please state each such name and for each such name explain when you were known by that name, whether you had a separate social security number and/or drivers' license in that name, and explain why you changed names or went by more than one name.

INTERROGATORY NO. 2.    For each driver's license you have had in the past seven (7) years, identify the state of issue, the date of issue, the number and whether or not it was a commercial drivers' license.

INTERROGATORY NO. 3.    Identify each address where you have lived in the past ten (10) years and provide the dates when you lived at each address.

INTERROGATORY NO. 4.    For each place you have worked (as an employee, independent contractor, leased driver, or otherwise) in the past fifteen (15) years, provide the following information: name of entity or person, for whom you worked; address; dates you worked there; job position; supervisor's name; and the reason you left.

INTERROGATORY NO. 5.    Identify each person you expect to call as an expert witness at trial including in your response a summary of each opinion the expert holds in regards to this case, the factual basis for each such opinion, a list of all documents and evidence of any kind provided to the expert for review and a list of all documents and evidence of any kind that support each opinion.

INTERROGATORY NO. 6.    Identify all motor vehicle collisions that you have been involved in during the past fifteen (15) years and for each collision, describe what happened; where the collision occurred; the names of the other individuals involved; who was at fault; and whether there were any injuries.

INTERROGATORY NO. 7.    If you have been arrested, charged, warned and/or cited for any violation of any ordinance, law and/or regulation in the past ten (10) years or if you have ever been convicted at any time of a felony, for each arrest/charge/warning/citation/conviction, identify the charge, jurisdiction, date, and disposition. This includes all traffic violations, licensing violations, vehicle and/or driver inspection violations, and all violations of any criminal code and law.

INTERROGATORY NO. 8.    If you have ever been disqualified from driving a motor vehicle, please describe when and under what circumstances you were disqualified.

INTERROGATORY NO. 9.    Have you had any medical condition in the past five (5) years that could affect your ability to operate a motor vehicle (including without limitation any condition affecting vision, hearing, high or low blood pressure, epilepsy, sleep issues, diabetes, nervous system issues, endocrine system issues, motor skill issues, issues with sensory abilities, sleep apnea, etc.)? If so, describe in detail each condition, who has treated you for the condition, and the nature and dates of these treatments.

INTERROGATORY NO. 10.  Have you ever been involved in any lawsuit other than the present one (excluding domestic cases)? If so, explain whether you were a Plaintiff, Defendant, or witness and identify the style, jurisdiction, date, and nature of the lawsuit.

INTERROGATORY NO. 11.  Identify all training you have received in connection with operating

a commercial motor vehicle, including courses taken to obtain your driver's license and training received since obtaining your driver's license.

### INSURANCE

INTERROGATORY NO. 12.  For each liability insurance policy of any kind that does or may provide any coverage on behalf of any Defendant (whether it is your policy or anyone else's policy) for damages/injuries alleged in this case and/or that is providing you a defense, provide: name of insurer; policy number; limits of coverage; the name(s) of all insureds; and state whether any insurer has offered a defense under a reservation of rights or otherwise contested coverage for the subject case.

### SUBJECT COLLISION

INTERROGATORY NO. 13.  Have you communicated with any person (other than your attorneys) in any way regarding the Subject Collision at any time including but not limited to giving any prepared statement or account of the events? If so, provide the details of any such communications, statements and accounts by explaining when, where, in what form, to whom the statement or account was given and the substance of your communication, statement, or account.

INTERROGATORY NO. 14.  Identify all person(s) who you to your knowledge have or may have any personal knowledge or information regarding: the Subject Collision; the facts leading up to the Subject Collision; the investigation of the Subject Collision; any party to this action; any vehicles involved in the Subject Collision or; and/or any other incidents, claims, or defenses raised in this action. The purpose of this interrogatory is to identify all witnesses you believe may have relevant testimony of any kind in connection with this case.

INTERROGATORY NO. 15.  If you maintain that either PLAINTIFF or anyone else not a party to this lawsuit has any responsibility of any kind for causing the Subject Collision, and/or for causing

any of the damages alleged in Plaintiff's Complaint, describe in detail the basis for their responsibility and identify all person(s) who have any knowledge regarding this issue.

INTERROGATORY NO. 16.  If you consumed any alcoholic beverage, sedative, tranquilizer, stimulant, and/or other prescription and/or over-the-counter drug or medicine (whether legal or not) during the seventy-two (72) hour period <u>immediately before</u> the Subject Collision, identify the substance consumed, the amount consumed, the time and place of consumption and the purpose for the consumption.

<u>**MISCELLANEOUS**</u>

INTERROGATORY NO. 17.  Provide your mobile phone carrier(s) and mobile phone number(s) existing at the time of the Subject Collision, and with respect to all of the phone calls you made on your cell phone on the date of the Subject Collision, please state: the time each call was placed; the time each call ended; the person or persons with whom you spoke on each call; the phone number of the person or persons with whom you spoke with on each call; the purpose for each call; and whether you were operating the tractor-trailer involved in the Subject Collision at any time during each call.

INTERROGATORY NO. 18.  With respect to the deliveries/trips that you were scheduled to make on the day of the Subject Collision, please identify: the name and address of the delivery/trip location(s); what was to be delivered; and the time the load was to be delivered or the trip was to be completed.

INTERROGATORY NO. 19.   Explain in detail where you were and what you were doing during the seventy-two (72) hours <u>immediately prior to</u> and the forty-eight (48) hours <u>immediately following</u> the Subject Collision. This response should include the time and location of each pick up, delivery and

stop and the reason for each stop (e.g., load, unload, fuel, rest, meal, inspection, repair, other) as well as what you were doing when off duty. Identify all documents that evidence your response and all people who can substantiate your response.

INTERROGATORY NO. 20.  For the seventy-two (72) hours leading up to the Subject Collision, provide the amount of your driving hours, on-duty non-driving hours, locations during your on-duty non-driving hours, all stops you made and the reasons therefor, when and where your meals were eaten, when and where you slept and when you ingested any medications (prescription or over the counter) and the dosages.

INTERROGATORY NO. 21.  For each of Plaintiff's First Requests for Admission addressed to you that you did not admit without qualification, explain in detail the reason for your refusal to admit and identify all persons and documents that support your response.

## DOCUMENT REQUESTS

### GENERAL

**REQUEST NO. 1:**      All documents utilized by you in any way in responding to Plaintiff's First Interrogatories to Defendant Curtis Briggs.

**REQUEST NO. 2:**      Each liability insurance policy (and declarations page for each policy) that provides or may provide coverage for damages sustained in the Subject Collision and/or if coverage was in dispute that was in place at the time of the Subject Collision.

**REQUEST NO. 3:**      A copy of each automobile insurance policy that you had in place at the time of the Subject Collision, which provided liability coverage for the operation of the tractor-trailer that was involved in the Subject Collision.

**REQUEST NO. 4:**       All documents that you have exchanged with any insurance company evidencing the subject collision.

**REQUEST NO. 5:**      All documents that you have exchanged with any insurance company evidencing a lack of coverage for the Subject Collision.

**REQUEST NO. 6:**      All reservation of rights letters and/or agreements regarding insurance coverage for the claims asserted against you arising from the Subject Collision.

**REQUEST NO. 7:**      All documents directly or indirectly provided to and received from any insurance company regarding your driving history, criminal history, claims history, training, and qualification to drive and/or your insurability for motor vehicle operations.

**REQUEST NO. 8:**    All documents and driver training resources provided or made available to you directly or indirectly by any insurance company.

### DEFENDANT CONQUEROR TRANS, LLC

**REQUEST NO. 9:**    All documents setting forth the relationship between you and Defendant Conqueror Trans, LLC ("Conqueror Trans"). This includes, but is not limited to, all leases, employment contracts, and independent contract agreements and other contracts, agreements, memorandum and the like.

**REQUEST NO. 10:**    All payroll records from any source during the sixty (60) days before and after the Subject Collision.

**REQUEST NO. 11:**    All documents in your possession that relate to your qualification to operate a commercial motor vehicle.

**REQUEST NO. 12:**    All documents that relate in any way to your training to operate a commercial motor vehicle.

**REQUEST NO. 13:**    A copy of the front and back of every driver's license issued to you (regardless of name used) in your possession, custody, and/or control.

**REQUEST NO. 14:**    Copies of all citations, warnings, and other documents alleging that you violated any law, ordinance, and/or regulation in the last five (5) years.

**REQUEST NO. 15:**    All documents of any kind that relate to any action (formal or informal) by any supervisor or manager or anyone working by or on behalf of Conqueror Trans directed to you

for the purpose of teaching, counseling, disciplining, correcting, or otherwise managing you in any way relating to the safe operation of a commercial vehicle.

**REQUEST NO. 16:**   All documents relating in any way to any motor vehicle collision and/or accident of any kind in which you were involved in the past five (5) years.

**REQUEST NO. 17:**   All documents relating to any complaint, criticism, or concern raised by any person or entity regarding your driving performance and/or safety. This should include, but is not limited to, customer complaints and call-ins by motorists either to a company directly or to any service (i.e., How's My Driving?  Call 800…).

**REQUEST NO. 18:**   For each communication device (e.g., cell phones, PDAs, smartphones, texting and e-mailing devices, etc.) that was in the truck that you were operating at the time of the Subject Collision, produce all documents reflecting usage and billing for the time-period time period beginning twenty-four (24) hours before the Subject Collision and ending twenty-four (24) hours after the Subject Collision. This includes all devices, whether owned by you or not, and whether it was in use at the time of the Subject Collision or not.

**REQUEST NO. 19:**   All of your personnel files and employment-related files in your possession.

**REQUEST NO. 20:**   All correspondence and other communication of any kind between you and any third party (other than your attorneys) evidencing to the Subject Collision.

**S<small>UBJECT</small> C<small>OLLISION</small>**

**REQUEST NO. 21:**    All documents in your possession, custody, and/or control relating in any way to the Subject Collision.

**REQUEST NO. 22:**    All documents sent by you to any person or entity (other than your attorneys), regarding the Subject Collision and/or describing the Subject Collision.

**REQUEST NO. 23:**    All documents evidencing each investigation done by or on behalf of Defendants evidencing to the Subject Collision of the Subject Collision.

**REQUEST NO. 24:**    All documents that set forth any facts leading up to the Subject Collision.

**REQUEST NO. 25:**    All documents that explain what caused the Subject Collision.

**REQUEST NO. 26:**    All documents assessing preventability of and/or fault for the Subject Collision, as well as any documents created by any accident review board or other accident review process.

**REQUEST NO. 27:**    All photographs, video, computer simulations, and any other documents depicting:

        a.    Any vehicle involved in the Subject Collision;

        b.    Any person involved in the Subject Collision;

        c.    The scene of the Subject Collision; and/or

        d.    Any evidence (roadway markings or other) relevant to the Subject Collision.

**REQUEST NO. 28:**    All reports relating to the Subject Collision in your possession, custody,

and/or control.

**REQUEST NO. 29:**    All correspondence and other communications (including e-mail) that you have had with any person other than your lawyers involving the Subject Collision.

**REQUEST NO. 30:**    All tapes and transcripts of conversations, interviews, statements, etc. of any witness, party, or any other entity whatsoever regarding any aspect of the Subject Collision, the injuries or damages resulting therefrom, or this lawsuit.

<u>GOVERNMENTAL CONTACT AND INTERVENTION</u>

**REQUEST NO. 31:**    Copies of all documents sent to or received from any governmental agency regarding the Subject Collision and/or your operation of a commercial motor vehicle within the past three (3) years.

<u>POLICIES AND PROCEDURES</u>

**REQUEST NO. 32:**    All handbooks and manuals provided to you by Conqueror Trans that were in effect at the time of the Subject Collision.

**REQUEST NO. 33:**    All policies, procedures, rules, guidelines, directives, and instructions ever given to you by Conqueror Trans.

<u>MISCELLANEOUS</u>

**REQUEST NO. 34:**    All documents and other materials which support any contention that the Subject Collision was the fault of anyone other than the Defendants.

**REQUEST NO. 35:**    All diagrams, graphs, illustrations, photographs, charts, pictures, models, blow-ups, or any other document or thing, including electronically created charts, animations, or

data that you intend to utilize as an exhibit, demonstrative exhibit, or aid in the trial of this case not previously supplied.

**REQUEST NO. 36:**   All documents and things that you contend evidence, prove, and/or support your claims on any issue of negligence or causation as to the Subject Collision, including, but not limited to, admissions of fault, engineering analysis, scientific tests, and official or unofficial reports.

**REQUEST NO. 37:**   If any surveillance has been undertaken by or on behalf of you, produce a copy of all reports, photographs, video, and anything else generated through that investigation.

**REQUEST NO. 38:**   Produce all documents that you have obtained in this case through nonparty requests for production and/or subpoena, including, without limitation, copies of Plaintiff's medical records and employment records.

## REQUESTS FOR ADMISSION

**REQUEST NO. 1**        Briggs is a proper party to this lawsuit.

**REQUEST NO. 2**        Briggs was properly named in this case.

**REQUEST NO. 3**        Briggs was properly and sufficiently served with process in this civil action.

**REQUEST NO. 4**        Venue is proper in this Court as to you.

**REQUEST NO. 5**        Jurisdiction is proper in this Court as to Briggs.

**REQUEST NO. 6**        You are not asserting the defense of insufficiency of service of process.

**REQUEST NO. 7**        You are not asserting the defense of improper service of process.

**REQUEST NO. 8**        Briggs was an employee of Conqueror Trans at the time of the Subject Collision.

**REQUEST NO. 9**        Briggs was an agent of Conqueror Trans at the time of the Subject Collision.

**REQUEST NO. 10**        Briggs was acting within the scope of his employment with Conqueror Trans at the time of the Subject Collision.

**REQUEST NO. 11**        Briggs was acting within the scope of his agency with Conqueror Trans at the time of the Subject Collision.

**REQUEST NO. 12**        Admit that you were the driver of the truck that collided with Plaintiff's vehicle on or about February 25, 2021.

**REQUEST NO. 13**        Admit that you failed to maintain your lane of travel at the time of the Subject Collision.

**REQUEST NO. 14**        Briggs failed to maintain proper control of his truck at the time of the Subject Collision.

**REQUEST NO. 15**        At the time of the Subject Collision, Briggs failed to keep and maintain a proper look out for traffic.

**REQUEST NO. 16**        Briggs was not paying attention to traffic like he should have been.

**REQUEST NO. 17**        At the time of the Subject Collision, Briggs did not see Plaintiff's vehicle next to him.

**REQUEST NO. 18**    Briggs gave a recorded statement to one (1) or more insurance companies that provided liability coverage for the truck that Briggs was driving at the time of the Subject Collision.

**REQUEST NO. 19**    Briggs had a mobile cellular device present inside his vehicle at the time of the Subject Collision.

**REQUEST NO. 20**    Briggs had more than one (1) mobile cellular device was present inside his truck at the time of the Subject Collision.

**REQUEST NO. 21**    Briggs was using at least one (1) mobile cellular device in his truck at the time of the Subject Collision.

**REQUEST NO. 22**    Briggs was using more than one (1) mobile cellular device inside his truck at the time of the Subject Collision.

**REQUEST NO. 23**    Briggs was using a mobile cellular device at the moment of impact with Plaintiff's vehicle.

**REQUEST NO. 24**    While at the scene of the collision, Briggs conversed with at least one (1) person about what happened before, during, and/or after the Subject Collision using a mobile cellular device.

**REQUEST NO. 25**    While at the scene of the collision, Briggs texted at least one (1) person about what had happened before, during, and/or after the Subject Collision using a mobile cellular device.

**REQUEST NO. 26**    While at the scene of the collision, Briggs had a cellular mobile device or a camera that he could have used to take pictures of the scene of the Subject Collision, the vehicles involved, and/or the persons involved.

**REQUEST NO. 27**    While at the scene of the collision, Briggs took at least one (1) photograph of the scene of the Subject Collision, the vehicles involved, and/or the persons involved using a mobile cellular device.

**REQUEST NO. 28**     While at the scene of the collision, Briggs took video recording(s) using a mobile cellular device of the scene of the Subject Collision, the vehicles involved, and/or the persons involved.

**REQUEST NO. 29**     While at the scene of the collision, Briggs took audio recording(s) of the scene of the Subject Collision, the vehicles involved, and/or the persons involved using a mobile cellular device.

**REQUEST NO. 30**     No improper act of the Plaintiff caused or contributed to the cause of the Subject Collision.

**REQUEST NO. 31**     No failure to act by Plaintiff caused or contributed to the cause of Subject Collision.

**REQUEST NO. 32**     No improper act or failure to act on the part of any third party to this action caused or contributed to the cause of the Subject Collision.

**REQUEST NO. 33**     Briggs's negligent acts and/or omissions were the sole cause of the Subject Collision.

**REQUEST NO. 34**     Briggs's negligent acts and/or omissions were a contributing cause of the Subject Collision.

**REQUEST NO. 35**     No visual obstructions existed leading up to the Subject Collision that would have prevented Briggs from seeing Plaintiff's vehicle in the five hundred (500) feet prior to the Subject Collision.

**REQUEST NO. 36**     No visual obstructions existed leading up to the Subject Collision that would have prevented Briggs from seeing Plaintiff's vehicle in the seven hundred fifty (750) feet prior to the Subject Collision.

**REQUEST NO. 37**     No visual obstructions existed leading up to the Subject Collision that would have prevented Briggs from seeing Plaintiff's vehicle in the one thousand (1000) feet prior to the Subject Collision.

Dated this 31st day of August, 2022.

      WLG ATLANTA, LLC

      */s/ J. Martin Futrell*
      J. MARTIN FUTRELL
      GEORGIA STATE BAR NUMBER 450872
      ATTORNEY FOR PLAINTIFF

BANK OF AMERICA PLAZA
600 PEACHTREE STREET, NE, SUITE 4010
ATLANTA, GA 30308
TELEPHONE: 470-881-8806
FACSIMILE: 470-881-8820
E-MAIL:  MARTIN.FUTRELL@WITHERITELAW.COM

E-FILED IN OFFICE - GH
Case 1:23-mi-99999-UNA   Document 581-2   Filed 02/23/23   Page 56 of 250 CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**22-C-04935-S2**
**9/7/2022 3:14 PM**
TIANA P. GARNER, CLERK

**AFFIDAVIT OF SERVICE**

| Case:<br>22-C-04935-S2 | Court:<br>Gwinnett County State Court, State of Georgia | County:<br>Gwinnett, GA | Job:<br>7604775 |
|---|---|---|---|
| **Plaintiff / Petitioner:**<br>Pamela Oliver | | **Defendant / Respondent:**<br>Conqueror Trans LLC, Curtis Briggs, and State National Insurance<br>Company | |
| **Received by:**<br>CGA Solutions | | **For:**<br>Witherite Law Group, LLC | |
| **To be served upon:**<br>State National Insurance Company c/o CT Corporation System, Registered Agent | | | |

I, Thomas David Gibbs III, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:**   Linda Banks, CT Corporation System: 289 S. Culver St, Lawrenceville, GA 30046

**Manner of Service:**   Registered Agent, Sep 6, 2022, 2:51 pm EDT

**Documents:**   Summons, Complaint for Damages (Received Sep 2, 2022 at 10:55am EDT)

**Additional Comments:**
1) Successful Attempt: Sep 6, 2022, 2:51 pm EDT at CT Corporation System: 289 S. Culver St, Lawrenceville, GA 30046 received by Linda Banks.
Agent designated by CT Corporation to accept service

Thomas David Gibbs III          Date   9-7-22

Subscribed and sworn to before me by the affiant who is personally known to me

Notary Public

Date   9-7-22          Commission Expires   12-27-24

CGA Solutions
723 Main Street
Stone Mountain, GA 30083
866-217-8581

FILED IN OFFICE
CLERK STATE COURT
GWINNETT COUNTY, GA

IN THE STATE COURT OF GWINNETT COUNTY DEC -3  AN 10: 15

STATE OF GEORGIA          TIANA P. GARNER, CLERK

IN RE: Permanent Process Servers

Case Number:  **21 C 08487-2**

## ORDER OF APPOINTMENT

The application of the undersigned permanent process server having been read and considered, said applicant is hereby appointed permanent process server of this court pursuant to O.C.G.A. § 9-11-4(c), from the date of this order **up to and including January 4, 2023.**

This order allows the applicant to serve as a process server in Gwinnett County State Court matters only, on an annual renewable basis.

SO ORDERED this _____30_____ day of ___NOV_____, 20 _21_.

_____
Presiding Judge
Gwinnett County State Court

Applicant:

Name   Thomas David GIBBS III

Address   723 Main Street
          Stone Mountain, GA 30083
          404-484-2147

E-FILED IN OFFICE - GH
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**22-C-04935-S2**
**9/29/2022 10:59 AM**
**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

|  |  |  |
|---|---|---|
| PAMELA OLIVER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION |
| | ) | FILE NO.: 22-C-04935-S2 |
| CONQUEROR TRANS, LLC; CURTIS | ) | |
| BRIGGS; AND STATE NATIONAL | ) | |
| INSURANCE COMPANY | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## STIPULATED MOTION TO EXTEND TIME FOR
## ANSWER TO PLAINTIFF'S COMPLAINT

It is hereby stipulated and agreed between counsel for Plaintiff and counsel for Defendant State National Insurance Company that Defendant State National Insurance Company shall have an extension of time up through, and including, October 21, 2022 to file a response to Plaintiff's Complaint.

Respectfully submitted this 29th day of September, 2022.

**WLG ATLANTA, LLC**                         **FIELDS HOWELL LLP**


/s/ J. Martin Futrell                           /s/ Jennifer W. Wolak
J. Martin Futrell                                Jennifer W. Wolak
Georgia Bar No.: 450872                          Georgia Bar No.: 758575
Martin.Futrell@witheritelaw.com                  jwokal@fieldshowell.com
                                                 Robert R. Wheeler, Jr.
*Counsel for Plaintiff*                          Georgia Bar No.: 160696
                                                 rwheeler@fieldshowell.com

                                                 *Counsel for State National*
                                                 *Insurance Company, Inc.*

**IN THE STATE COURT OF GWINNETT COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| PAMELA OLIVER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL ACTION |
| | ) FILE NO.: 22-C-04935-S2 |
| CONQUEROR TRANS, LLC; CURTIS | ) |
| BRIGGS; AND STATE NATIONAL | ) |
| INSURANCE COMPANY | ) |
| | ) |
| Defendants. | ) |
| | ) |

## CERTIFICATE OF SERVICE

This is to certify that I have served a copy of **STIPULATED MOTION TO EXTEND**

**TIME FOR ANSWER TO PLAINTIFF'S COMPLAINT** on all counsel of record via the

Odyssey's e-filing system, which will automatically send notification of such filing to all counsel

of record, as follows:

J. Martin Futrell
WLG Atlanta, LLC
Bank of America Plaza
600 Peachtree Street, NE,
Suite 4010
Atlanta, Georgia 30308

This 29th day of September, 2022.

FIELDS HOWELL LLP

Jennifer W. Wolak

Jennifer W. Wolak
665 8th Street NW                         Georgia Bar No.: 758575
Atlanta, Georgia 30318                     jwokal@fieldshowell.com
404.214.1250 – Telephone                   Robert R. Wheeler, Jr.
404.214.1251 – Facsimile                   Georgia Bar No.: 160696
                                           rwheeler@fieldshowell.com

*Counsel for State National*

2

*Insurance Company, Inc.*

E-FILED IN OFFICE - MB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**22-C-04935-S2**

**9/29/2022 10:55 AM**

TIANA P. GARNER, CLERK

# IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

PAMELA OLIVER,        )
                          )
      Plaintiff,      )
                          )
vs.                    )     CIVIL ACTION
                          )     FILE NO.: 22-C-04935-S2
CONQUEROR TRANS, LLC; CURTIS  )
BRIGGS; AND STATE NATIONAL  )
INSURANCE COMPANY      )
                          )
      Defendants.    )
                          )
                          )

## NOTICE OF ENTRY OF APPEARANCE OF COUNSEL

COMES NOW Jennifer W. Wolak and Robert R. Wheeler, Jr. of the law firm of Fields

Howell LLP, and hereby files this Notice of Entry of Appearance as counsel for Defendant State

National Insurance Company in the above-styled case. Please include all future communications,

filings, and service to the following:

Jennifer W. Wolak
Georgia Bar No.: 758575
Robert R. Wheeler, Jr.
Georgia Bar No.: 160696
Fields Howell LLP
665 8th Street NW
Atlanta, Georgia  30318
404.214.1250 – Telephone
404.214.1251 – Facsimile
jwolak@fieldshowell.com
rwheeler@fieldshowell.com

Respectfully submitted this 29th day of September, 2022.

(CONTINUED ON NEXT PAGE)

**FIELDS HOWELL LLP**

665 8th Street NW
Atlanta, Georgia 30318
404.214.1250 – Telephone
404.214.1251 – Facsimile

Jennifer W. Wolak
Georgia Bar No.: 758575
jwokal@fieldshowell.com
Robert R. Wheeler, Jr.
Georgia Bar No.: 160696
rwheeler@fieldshowell.com

*Counsel for State National*
*Insurance Company, Inc..*

2

**IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA**

PAMELA OLIVER,                         )
                                       )
      Plaintiff,                  )
                                       )
vs.                                    )        CIVIL ACTION
                                       )        FILE NO.: 22-C-04935-S2
CONQUEROR TRANS, LLC; CURTIS           )
BRIGGS; AND STATE NATIONAL             )
INSURANCE COMPANY                      )
                                       )
      Defendants.                 )
                                       )
                                       )

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the foregoing **NOTICE OF ENTRY OF APPERANCE OF COUNSEL** upon the following via statutory electronic service by using Odyssey's electronic service system pursuant to O.C.G.A. § 9-11-5(f):

J. Martin Futrell
WLG Atlanta, LLC
Bank of America Plaza
600 Peachtree Street, NE,
Suite 4010
Atlanta, Georgia 30308
Martin Futrell
Martin.Futrell@witheritelaw.com

This 29th day of September, 2022.

(CONTINUED ON NEXT PAGE)

3

**FIELDS HOWELL LLP**

Jennifer W. Wolak
Georgia Bar No.: 758575
jwokal@fieldshowell.com
Robert R. Wheeler, Jr.
Georgia Bar No.: 160696
rwheeler@fieldshowell.com

665 8th Street NW
Atlanta, Georgia 30318
404.214.1250 – Telephone
404.214.1251 – Facsimile

*Counsel for State National
Insurance Company, Inc..*

4

E-FILED IN OFFICE - GH
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**22-C-04935-S2**
**10/12/2022 5:53 PM**
**TIANA P. GARNER, CLERK**

## AFFIDAVIT OF SERVICE

| Case: 22-C-04935-S2 | Court: Gwinnett County State Court, State of Georgia | County: Gwinnett, GA | Job: 7604775 |
|---|---|---|---|
| Plaintiff / Petitioner: Pamela Oliver | | Defendant / Respondent: Conqueror Trans LLC, Curtis Briggs, and State National Insurance Company | |
| Received by: CGA Solutions | | For: Witherite Law Group, LLC | |
| To be served upon: Curtis Briggs | | | |

I, Stephen C Buskirk, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:**   Curtis Briggs, 412 Hummingbird Dr., Little Elm, TX 75068

**Manner of Service:**   Personal/Individual, Sep 24, 2022, 10:30 am EDT

**Documents:**   Summons, Complaint for Damages, Plaintiff's First Interrogatories, First Requests for Production of Documents and First Requests for Admission to Defendant Curtis Briggs  (Received Sep 2, 2022 at 10:55am EDT)

**Additional Comments:**
1) Successful Attempt: Sep 24, 2022, 10:30 am EDT at 412 Hummingbird Dr., Little Elm, TX 75068 received by Curtis Briggs. Age: 25-30; Ethnicity: Caucasian; Gender: Male; Weight: 200; Height: 6'; Hair: Black;
Defendant positively identified self at time of service.

Stephen C Buskirk, PSC1987          Date 10-11-2022

CGA Solutions
723 Main Street
Stone Mountain, GA 30083
866-217-8581

Subscribed and sworn to before me by the affiant who is personally known to me.

Notary Public

Date 10/11/2022          Commission Expires 3/24/2024

SUNNY S. BUSKIRK
Notary Public, State of Texas
Comm. Expires 03-24-2024
Notary ID 126457653

E-FILED IN OFFICE - GH
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**22-C-04935-S2**

**10/19/2022 4:50 PM**

**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| PAMELA OLIVER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION |
| | ) | FILE NO.: 22-C-04935-S2 |
| CONQUEROR TRANS, LLC; CURTIS | ) | |
| BRIGGS; AND STATE NATIONAL | ) | |
| INSURANCE COMPANY | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## <u>DEFENDANT STATE NATIONAL INSURANCE COMPANY, INC.'S</u>
## <u>ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT</u>

Defendant State National Insurance Company Inc. ("State National"), through its counsel,

files its Answer and Affirmative Defenses to Plaintiff Pamela Oliver ("Plaintiff" or "Oliver")

Complaint as follows:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint, in whole or in part, may fail to state a claim upon which relief may

be granted.

### SECOND AFFIRMATIVE DEFENSE

State National has bona fide defenses to the claims asserted against him by the Plaintiff;

therefore, Plaintiff cannot recover attorney's fees and litigation expenses pursuant to § O.C.G.A.

13-6-11.

### THIRD AFFIRMATIVE DEFENSE

State National's acts or omissions are not the cause or proximate cause of Plaintiff's

injuries.

## FOURTH AFFIRMATIVE DEFENSE

If Plaintiff sustained any injuries or incurred any damages, the same were caused, in whole or in part, by the acts or omissions of persons other than State National or by the superseding intervention of causes outside State National's control.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's injuries were proximately caused by Plaintiff's contributory negligence, which bars her recovery from State National.

## SIXTH AFFIRMATIVE DEFENSE

State National reserves the right to assert any additional defenses and matters of avoidance as may be disclosed during the course of additional investigation and discovery.

## SEVENTH AFFIRMATIVE DEFENSE

State National alleges that Plaintiff is not entitled to recover on claims, damages or losses paid as a result of coverage under any applicable policy of insurance.

## EIGHTH AFFIRMATIVE DEFENSE

State National alleges that Plaintiff's claims are barred by certain terms, limitations, and rights under the State National policy.

## NINTH AFFIRMATIVE DEFENSE

Subject to and without waiving the foregoing affirmative defenses, State National responsively answers the enumerated paragraphs of Plaintiff's complain and the various allegations therein contained as follows:

1.

State National is without sufficient information to either admit or deny the allegations contained in Paragraph 1.

2

## PARTIES, JURISDICTION AND VENUE

2.

State National is without sufficient information to either admit or deny the allegations contained in Paragraph 2.

3.

State National is without sufficient information to either admit or deny the allegations contained in Paragraph 3.

4.

State National is without sufficient information to either admit or deny the allegations contained in Paragraph 4.

5.

State National is without sufficient information to either admit or deny the allegations contained in Paragraph 5.

6.

State National is without sufficient information to either admit or deny the allegations contained in Paragraph 6.

7.

State National is without sufficient information to either admit or deny the allegations contained in Paragraph 7.

8.

State National is without sufficient information to either admit or deny the allegations contained in Paragraph 8.

9.

State National is without sufficient information to either admit or deny the allegations contained in Paragraph 9.

10.

State National is without sufficient information to either admit or deny the allegations contained in Paragraph 10.

11.

State National is without sufficient information to either admit or deny the allegations contained in Paragraph 11.

12.

State National is without sufficient information to either admit or deny the allegations contained in Paragraph 12.

13.

State National is without sufficient information to either admit or deny the allegations contained in Paragraph 13.

14.

State National is without sufficient information to either admit or deny the allegations contained in Paragraph 14.

15.

State National is without sufficient information to either admit or deny the allegations contained in Paragraph 15.

16.

State National is without sufficient information to either admit or deny the allegations contained in Paragraph 16.

17.

State National admits the allegations contained in Paragraph 17.

18.

State National is without sufficient information to either admit or deny the allegations contained in Paragraph 18.

19.

State National admits that it issued Policy Number GWP65052 to Conqueror Trans, LLC. State National is without sufficient information to either admit or deny the remaining allegations contained in Paragraph 19.

20.

State National admits that it issued Policy Number GWP65052 to Conqueror Trans, LLC. State National is without sufficient information to either admit or deny the remaining allegations contained in Paragraph 20.

21.

State National admits the allegations contained in Paragraph 21.

22.

State National is without sufficient information to either admit or deny the allegations contained in Paragraph 22.

23.

State National is without sufficient information to either admit or deny the allegations contained in Paragraph 23.

24.

State National is without sufficient information to either admit or deny the allegations contained in Paragraph 24.

## **FACTS**

25.

State National incorporates its responses to the allegations in Paragraphs 1 through 24 above as if fully set forth herein.

26.

State National is without sufficient information to either admit or deny the allegations contained in Paragraph 26.

27.

State National is without sufficient information to either admit or deny the allegations contained in Paragraph 27.

28.

State National is without sufficient information to either admit or deny the allegations contained in Paragraph 28.

29.

State National is without sufficient information to either admit or deny the allegations contained in Paragraph 29.

30.

State National is without sufficient information to either admit or deny the allegations contained in Paragraph 30.

31.

State National is without sufficient information to either admit or deny the allegations contained in Paragraph 31.

32.

State National is without sufficient information to either admit or deny the allegations contained in Paragraph 32.

33.

State National is without sufficient information to either admit or deny the allegations contained in Paragraph 33.

34.

State National is without sufficient information to either admit or deny the allegations contained in Paragraph 34.

35.

State National denies the allegations in Paragraph 35 to the extent they are directed at State National. State National is without sufficient information to either admit or deny the remaining allegations contained in Paragraph 35.

36.

Paragraph 36 is not directed at State National.  To the extent that a response is required, State National is without sufficient information to either admit or deny the allegations contained in Paragraph 36.

37.

State National is without sufficient information to either admit or deny the remaining allegations contained in Paragraph 37.

38.

State National is without sufficient information to either admit or deny the remaining allegations contained in Paragraph 38.

39.

State National is without sufficient information to either admit or deny the remaining allegations contained in Paragraph 39.

40.

State National is without sufficient information to either admit or deny the remaining allegations contained in Paragraph 40.

41.

State National denies the allegations in Paragraph 41 to the extent they are directed at State National. State National is without sufficient information to either admit or deny the remaining allegations contained in Paragraph 41.

42.

State National is without sufficient information to either admit or deny the remaining allegations contained in Paragraph 42.

## COUNT I: DIRECT ACTION AGAINST STATE NATIONAL INSURANCE COMPANY

43.

State National incorporates its responses to the allegations in Paragraphs 1 through 43 above as if fully set forth herein.

44.

State National admits that it issued Policy Number GWP65052 to Conqueror Trans, LLC. State National denies the remaining allegations in Paragraph 44.

45.

State National admits that it issued Policy Number GWP65052 to Conqueror Trans, LLC. State National denies the remaining allegations in Paragraph 45.

46.

State National admits that it issued Policy Number GWP65052 to Conqueror Trans, LLC and was transacting business in the State of Georgia on the date of the subject incident. State National is without sufficient information to either admit or deny the remaining allegations contained in Paragraph 46.

47.

State National is without sufficient information to either admit or deny the remaining allegations contained in Paragraph 47.

48.

State National is without sufficient information to either admit or deny the remaining allegations contained in Paragraph 48.

## COUNT II: NEGLIGENCE OF CONQUEROR TRANS, LLC

49.

State National incorporates its responses to the allegations in Paragraphs 1 through 48 above as if fully set forth herein.

50.

Paragraph 50 is not directed at State National.  To the extent that a response is required, State National is without sufficient information to either admit or deny the allegations contained in Paragraph 50.

51.

Paragraph 51 is not directed at State National.  To the extent that a response is required, State National is without sufficient information to either admit or deny the allegations contained in Paragraph 51.

52.

Paragraph 52 is not directed at State National.  To the extent that a response is required, State National is without sufficient information to either admit or deny the allegations contained in Paragraph 52.

53.

Paragraph 53 is not directed at State National.  To the extent that a response is required, State National is without sufficient information to either admit or deny the allegations contained in Paragraph 53.

54.

Paragraph 54 is not directed at State National.  To the extent that a response is required, State National is without sufficient information to either admit or deny the allegations contained in Paragraph 54.

55.

Paragraph 55 is not directed at State National.  To the extent that a response is required, State National is without sufficient information to either admit or deny the allegations contained in Paragraph 55.

56.

Paragraph 56 is not directed at State National.  To the extent that a response is required, State National is without sufficient information to either admit or deny the allegations contained in Paragraph 56.

57.

Plaintiff did not list any allegations in Paragraph 57.

58.

Plaintiff did not list any allegations in Paragraph 58.

59.

Plaintiff did not list any allegations in Paragraph 59.

60.

Paragraph 60 is not directed at State National.  To the extent that a response is required, State National is without sufficient information to either admit or deny the allegations contained in Paragraph 60.

61.

Paragraph 61 is not directed at State National.  To the extent that a response is required, State National is without sufficient information to either admit or deny the allegations contained in Paragraph 61.

**COUNT III: NEGLIGENCE OF DEFENDANT CURTIS BRIGGS**

62.

State National incorporates its responses to the allegations in Paragraphs 1 through 61 above as if fully set forth herein.

63.

Paragraph 63 is not directed at State National.  To the extent that a response is required, State National is without sufficient information to either admit or deny the allegations contained in Paragraph 63.

64.

Paragraph 64 is not directed at State National.  To the extent that a response is required, State National is without sufficient information to either admit or deny the allegations contained in Paragraph 64.

65.

Paragraph 65 is not directed at State National.  To the extent that a response is required, State National is without sufficient information to either admit or deny the allegations contained in Paragraph 65.

66.

Paragraph 66 is not directed at State National.  To the extent that a response is required, State National is without sufficient information to either admit or deny the allegations contained in Paragraph 66.

## COUNT IV: COMBINED AND CONCURRING NEGLIGENCE

67.

State National incorporates its responses to the allegations in Paragraphs 1 through 66 above as if fully set forth herein.

68.

Paragraph 68 is not directed at State National.  To the extent that a response is required, State National is without sufficient information to either admit or deny the allegations contained in Paragraph 68.

69.

Paragraph 69 is not directed at State National.  To the extent that a response is required, State National is without sufficient information to either admit or deny the allegations contained in Paragraph 69.

70.

Paragraph 70 is not directed at State National.  To the extent that a response is required, State National is without sufficient information to either admit or deny the allegations contained in Paragraph 70.

## COUNT V: PUNITIVE DAMAGES

71.

State National incorporates its responses to the allegations in Paragraphs 1 through 70 above as if fully set forth herein.

72.

Paragraph 72 is not directed at State National.  To the extent that a response is required, State National is without sufficient information to either admit or deny the allegations contained in Paragraph 72.

73.

State National denies the allegations in Paragraph 73 to the extent they are directed at State National. State National is without sufficient information to either admit or deny the remaining allegations contained in Paragraph 73.

## PRAYER FOR RELIEF

State National hereby denies any allegations set forth in Plaintiff's Complaint not specifically responded to above.

WHEREFORE, having fully answered Plaintiff's Complaint, State National prays that Plaintiff's Complaint be dismissed with prejudice, that judgment be rendered in favor of State National and against Plaintiff; that Plaintiff recover nothing against State National in this action; that Plaintiff be assessed with all costs of this action; that State National be given a trial by jury of twelve (12) on all issues; and that State National have such other and further relief as the Court deems just and proper.

*(Signature on the following page)*

This 19th day of October, 2022.

**FIELDS HOWELL LLP**

/s/ *Jennifer W. Wolak*

Jennifer W. Wolak

665 8th Street NW
Atlanta, Georgia 30318
404.214.1250 – Telephone
404.214.1251 – Facsimile

Georgia Bar No.: 758575
jwokal@fieldshowell.com
Robert R. Wheeler, Jr.
Georgia Bar No.: 160696
rwheeler@fieldshowell.com

*Counsel for State National*
*Insurance Company, Inc..*

**IN THE STATE COURT OF GWINNETT COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| PAMELA OLIVER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION |
| | ) | FILE NO.: 22-C-04935-S2 |
| CONQUEROR TRANS, LLC; CURTIS | ) | |
| BRIGGS; AND STATE NATIONAL | ) | |
| INSURANCE COMPANY | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the foregoing **DEFENDANT STATE NATIONAL INSRUANCE COPMANY, INC.'S ANSWER AND AFFIRMATIVE DEFENSES** upon the following via statutory electronic service by using Odyssey's electronic service system pursuant to O.C.G.A. § 9-11-5(f):

J. Martin Futrell
WLG Atlanta, LLC
Bank of America Plaza
600 Peachtree Street, NE,
Suite 4010
Atlanta, Georgia 30308

This 19th day of October, 2022.

FIELDS HOWELL LLP

/s/ *Jennifer W. Wolak*
Jennifer W. Wolak
Georgia Bar No.: 758575
jwokal@fieldshowell.com
Robert R. Wheeler, Jr.
Georgia Bar No.: 160696
rwheeler@fieldshowell.com

665 8th Street NW
Atlanta, Georgia 30318
404.214.1250 – Telephone
404.214.1251 – Facsimile

*Counsel for State National*
*Insurance Company, Inc.*

E-FILED IN OFFICE - GH
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**22-C-04935-S2**

**11/10/2022 3:49 PM**

**TIANA P. GARNER, CLERK**

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| PAMELA OLIVER, | ) | |
| | ) | |
|     Plaintiff, | ) | CIVIL ACTION FILE |
| | ) | NO. 22-C-04935-S2 |
| v. | ) | |
| | ) | |
| CONQUEROR TRANS, LLC; CURTIS | ) | |
| BRIGGS; and STATE NATIONAL | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
|     Defendants. | ) | |

## <u>NOTICE OF FILING NOTICE OF REMOVAL</u>

COMES NOW defendant Curtis Briggs and file this notice of filing notice of removal pursuant to 28 U.S.C. §§ 1441 and 1446, showing the Court as follows:

1.

In compliance with 28 U.S.C. § 1446(d), you are hereby notified of the filing of a notice of removal in this action with the United States District Court for the Northern District of Georgia, Atlanta Division.

2.

Attached hereto is a copy of the notice of removal that has been filed in the United States District Court for the Northern District of Georgia, Atlanta Division. (See Exhibit A.)

STONE KALFUS LLP

*/s/ Matthew P. Stone*
Matthew P. Stone
Georgia Bar No. 684513
Shawn N. Kalfus
Georgia Bar No. 406227
Aleksandra Mitchell
Georgia Bar No. 136019
Attorneys for Defendant
Curtis Briggs

One Midtown Plaza
1360 Peachtree Street NE
Suite 1250
Atlanta, GA 30309
(404) 736-2600 (telephone)
(877) 736-2601 (facsimile)

# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

PAMELA OLIVER,                        )
                                      )
        Plaintiff,                    )       CIVIL ACTION FILE
                                      )       NO. _____
v.                                    )
                                      )
CONQUEROR TRANS, LLC;                 )
CURTIS BRIGGS; and STATE              )
NATIONAL INSURANCE                    )
COMPANY,                              )
                                      )
        Defendants.                   )

## <u>NOTICE OF REMOVAL</u>

COMES NOW defendant Curtis Briggs and, pursuant to 28 U.S.C. §§ 1441 and 1446, files this notice of removal within the time prescribed by law, showing the Court as follows:

1.

On August 31, 2022, plaintiff filed a complaint in the State Court of Gwinnett, Georgia Civil Action No. 22-C-04935-S2, which county is within the Atlanta Division of the Northern District of Georgia.

2.

A true and correct copy of all process, pleadings, and orders filed in connection with this action is attached hereto as Exhibit A.  These defendants have

no knowledge of any other process, pleadings, or orders served in connection with this action, other than those attached hereto.

3.

This Court has original jurisdiction over the above-referenced case under 28 U.S.C. § 1332.

4.

There is complete diversity among the parties.

5.

Plaintiff is a citizen of the State of Georgia.  (Compl., ¶ 3.)

6.

Defendant Curtis Briggs is a citizen of the State of Texas.  (Compl., ¶ 13.)

7.

Defendant Conqueror Trans, LLC is a limited liability company formed and existing under the laws of the State of Illinois with its principal place of business in the a "state other than Georgia." (Compl., ¶ 10.)  Defendant Conqueror Trans, LLC was involuntarily dissolved on July 8, 2022. *See* Illinois Secretary of State, *Business Search results* attached hereto as Exhibit C.

8.

Defendant State National Insurance Company is incorporated in the State of Texas with its principal place of business in the State of Texas. (Compl., ¶ 17; *see also* Georgia Secretary of State, *Business Search results* attached hereto as Exhibit B.)

9.

The amount in controversy meets the jurisdictional requirements. Plaintiff seeks in excess of $75,000, exclusive of interest and costs; specifically, plaintiff seeks over $197,911 for past medical expenses, plus future medical expenses, past and future lost income, past and future pain and suffering, and punitive damages. (Compl., ¶¶ 66, 70, 73.)

10.

The undersigned counsel communicated with counsel for defendant State National Insurance Company and confirmed that defendant State National Insurance Company consents to the removal of this action pursuant to 28 U.S.C. § 1446(b)(2)(C).

11.

Defendant Conqueror Trans, LLC has not been served with process; therefore its consent is not required. *Johnson v. Wellborn*, 418 Fed. Appx. 809, 815 (11th Cir.

2011) ("The requirement that there be unanimity of consent in removal cases with multiple defendants does not require consent of defendants who have not been properly served.").

12.

The undersigned has read this notice of removal, and to the best of the undersigned's knowledge, information, and belief, formed after reasonable inquiry, it is well-grounded in fact; is warranted by existing law; and is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

WHEREFORE, this notice of removal having been filed, said action shall proceed in the United States District Court for the Northern District of Georgia, Atlanta Division, and no further proceedings shall be held in said case in the State Court of Gwinnett County.

STONE KALFUS LLP

*/s/ Matthew P. Stone*
Matthew P. Stone
Georgia Bar No. 684513
Shawn N. Kalfus
Georgia Bar No. 406227
Aleksandra Mitchell
Georgia Bar No. 136019
Attorneys for Defendant
Curtis Briggs

One Midtown Plaza
1360 Peachtree Street NE
Suite 1250
Atlanta, GA 30309
(404) 736-2600 (telephone)
(877) 736-2601 (facsimile)

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this date served the foregoing *Notice of Removal* to the Clerk of Court using the CM/ECF system which will automatically send electronic mail notification of such filing to counsel of record who are CM/ECF participants and mailed by United States Postal Service, first-class, postage prepaid, a paper copy of the same document to counsel of record who are non-CM/ECF participants.  Counsel of record is:

> J. Martin Futrell, Esq.
> WLG Atlanta, LLC
> Bank of America Plaza
> 600 Peachtree Street, NE
> Suite 4010
> Atlanta, GA 30308

This 10th day of November, 2022.

> */s/ Matthew P. Stone*
> Matthew P. Stone
> Georgia Bar No. 684513

STONE KALFUS LLP
One Midtown Plaza
1360 Peachtree Street NE
Suite 1250
Atlanta, GA 30309
(404) 736-2600 (telephone)
(877) 736-2601 (facsimile)

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**22-C-04935-S2**

8/31/2022 3:33 PM
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY

PAMELA OLIVER,

     Plaintiff,

v.

CONQUEROR TRANS, LLC;
CURTIS BRIGGS; and
STATE NATIONAL INSURANCE COMPANY,

     Defendants.

CIVIL ACTION FILE

   22-C-04935-S2
NO. _____

**JURY TRIAL DEMANDED**

---

## COMPLAINT FOR DAMAGES

---

COMES NOW PAMELA OLIVER, ("Plaintiff"), by and through counsel, and files this Complaint for Damages, showing this Honorable Court as follows:

1.

This is an action for personal injury damages arising out of a motor vehicle collision that occurred on February 25, 2021, in Gwinnett County, Georgia.

### PARTIES, JURISDICTION, AND VENUE

2.

Plaintiff sustained personal injuries as a result of a motor vehicle collision that occurred at approximately 10:00 am on February 25, 2021, in Gwinnett County, Georgia.

3.

Plaintiff is a citizen of Gwinnett County, Georgia.

4.

Defendant Curtis Briggs ("Briggs") resides at 412 Hummingbird Drive, Little Elm, Denton County, Texas 75068, and may be served with a copy of the summons and complaint at this address.

COMPLAINT FOR DAMAGES – Page 1

5.

Briggs is subject to the jurisdiction of this Court pursuant to O.C.G.A. § 40-12-1, known as Georgia's Non-resident Motorist Act. Briggs is also subject to the jurisdiction of this Court pursuant to O.C.G.A. § 9-10-91, as Briggs committed a tortious act and/or omission within the State of Georgia.

6.

Once served with process, Briggs is subject to the jurisdiction and venue of this Court.

7.

Briggs was properly served with process in this civil action.

8.

Briggs was sufficiently served with process in this civil action.

9.

Briggs is subject to the jurisdiction of this Court.

10.

Defendant Conqueror Trans, LLC ("Conqueror Trans") is a foreign corporation with its principal place of business in a state other than Georgia and at the time of the wreck was a federal motor carrier authorized to transport goods for hire in interstate commerce by the Federal Motor Carrier Safety Administration. At the time of the wreck, Conqueror Trans had a U.S. Department of Transportation Number 3055204.

11.

Conqueror Trans may be served with process by delivering a copy of the Summons and Complaint to its process agent designated to accept service of process in the State of Georgia under the Federal Motor Carrier Safety Regulations: John P. Hendrickson, 41 Dogwood Court, Gillsville, Georgia 30543.

COMPLAINT FOR DAMAGES – Page 2

12.

Conqueror Trans may also be served with process by delivering a copy of the Summons and Complaint under the laws of the State of Illinois upon its registered agent: Sylwia Szot, 3100 Boyle Terrace, Apartment 2F, River Grove, Illinois, 60171.

13.

Once served with process, Conqueror Trans is subject to the jurisdiction and venue of this Court.

14.

Conqueror Trans was properly served with process in this civil action.

15.

Conqueror Trans was sufficiently served with process in this civil action.

16.

Conqueror Trans is subject to the jurisdiction of this Court.

17.

Defendant State National Insurance Company ("State National") is a foreign corporation with its principal place of business in a state other than Georgia and is authorized to transact business in the state of Georgia.

18.

At the time of the Subject Complaint, Conqueror Trans had automobile liability coverage for any damages that were caused through the negligent operation of the commercial motor vehicle that Briggs was operating at the time of the subject collision.

19.

COMPLAINT FOR DAMAGES – Page 3

The liability coverage for the collision described in this Complaint is being provided to Conqueror Trans through a policy of insurance issued by State National and further identified as Policy Number GWP65062, which provides coverage to Conqueror Trans for any damages, including bodily injury, that were caused through the negligent operation of the commercial motor vehicle that Briggs was operating at the time of the subject collision.

20.

State National is subject to the jurisdiction of this Court, pursuant to O.C.G.A. §§ 40-1-112 and/or 40-2-140, because State National was the insurer providing liability coverage for the defendant motor carrier Conqueror Trans at the time of the collision described in this Complaint.

21.

State National may be served with the Summons and Complaint upon its registered agent: CT Corporation System, 289 S. Culver Street, Lawrenceville, Gwinnett County, Georgia 30046.

22.

Once served with process as described in this paragraph, State National is subject to the jurisdiction and venue of this Court.

23.

State National may also be served pursuant to O.C.G.A §§ 14-2-1510 and/or 33-4-3.

24.

Venue in the above-styled civil action is proper in this County and Court.

### FACTS

25.

Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

26.

On or about February 25, 2021, at approximately 10:00 am, Plaintiff was operating a blue 2000 Mazda Protege heading west on Hog Mountain Road in Gwinnett County, Georgia.

COMPLAINT FOR DAMAGES – Page 4

27.

On or about February 25, 2021, at approximately 10:00 am, Briggs was operating a white 2016 Freightliner Cascadia tractor-trailer heading south on Hog Mountain Church Road at its intersection with Hog Mountain Road in Gwinnett County, Georgia.

28.

Briggs was operating the tractor-trailer in the course and scope of this employment with Conqueror Trans, and under Conqueror Trans' U.S. Department of Transportation and federal motor carrier authority.

29.

On or about February 25, 2021, at approximately 10:00 am, Briggs attempted to make a left turn onto Hog Mountain Road across Plaintiff's lane of travel.

30.

On or about February 25, 2021, at approximately 10:00 am, Plaintiff saw the tractor-trailer coming into her lane and attempted to back up to avoid the collision.

31.

On or about February 25, 2021, at approximately 10:00 am, the Conqueror Trans tractor-trailer was being operated by Briggs.

32.

On or about February 25, 2021, at approximately 10:00 am, Briggs failed to maintain his lane of travel.

33.

Briggs slammed the Conqueror Trans tractor-trailer into the front driver's side of Plaintiff's vehicle, causing her to suffer injuries.

34.

At all times related to the subject collision, Plaintiff was acting in a reasonable and prudent manner.

35.

Defendants do not blame Plaintiff for causing or contributing to the cause of the subject collision.

36.

Defendants Briggs and Conqueror Trans are 100% at fault for causing the subject collision.

37.

No act or failure to act on the part of the Plaintiff caused or contributed to the cause of the subject collision.

38.

No act or failure to act on the part of any third party caused or contributed to the cause of the subject collision.

39.

No act or failure to act on the part of the Plaintiff caused or contributed to the cause of Plaintiff's claimed injuries.

40.

No act or failure to act on the part of any third party caused or contributed to the cause of Plaintiff's claimed injuries.

41.

Defendants agree that they should fairly compensate Plaintiff for all injuries and damages that were caused by the subject collision.

COMPLAINT FOR DAMAGES – Page 6

42.

As a result of the collision, Plaintiff suffered serious and permanent injuries and damages.

## COUNT I: DIRECT ACTION AGAINST STATE NATIONAL INSURANCE COMPANY

43.

Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

44.

State National provided liability insurance for the driver and/or truck that was involved in the subject motor vehicle collision.

45.

State National agreed to provide insurance coverage to Conqueror Trans in consideration for the payment of insurance premiums.

46.

State National was transacting business in the State of Georgia and in Gwinnett County, Georgia on the date of the subject incident, and at all material times hereto, and is subject to the venue of this Court pursuant to O.C.G.A. § 33-4-1.

47.

Plaintiff, as a member of the public injured due to a common carrier's negligence, is a third-party beneficiary to that agreement.

48.

Pursuant to O.C.G.A. §§ 40-1-112 and/or 40–2–140, State National is subject to this Direct Action.

## COUNT II: NEGLIGENCE OF CONQUEROR TRANS, LLC

49.

Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

50.

At all times material hereto, Briggs was an employee of Conqueror Trans.

51.

At all times material hereto, Briggs was acting within the scope and course of his employment with Conqueror Trans.

52.

At all times material hereto, Briggs was driving under dispatch by Conqueror Trans and driving under Conqueror Trans's authority as a federal motor carrier.

53.

At all times material hereto, Briggs was authorized by Conqueror Trans to operate the tractor-trailer that was involved in the collision described in this Complaint.

54.

Conqueror Trans is liable for the negligent actions and omissions of Briggs pursuant to the doctrine of *respondeat superior*.

55.

Conqueror Trans was the owner of the vehicle operated by Briggs and is therefore liable for damages caused in this case.

56.

Conqueror Trans was also itself negligent in the following ways:

a.  Negligently hiring or contracting with Defendant Curtis Briggs to drive the vehicle at issue;

b.  Negligently training Defendant Curtis Briggs;

c.  Negligently entrusting Defendant Curtis Briggs to drive the vehicle professionally;

d.  Negligently retaining Defendant Curtis Briggs to drive the vehicle at issue;

e.  Negligently qualifying Defendant Curtis Briggs;

COMPLAINT FOR DAMAGES – Page 8

f.   Failing to supervise Defendant Curtis Briggs; and

g.   Otherwise failing to act as a reasonably prudent company under the circumstances.

60.

As a direct and proximate result of the negligence of Defendants Curtis Briggs and Conqueror Trans, LLC in the ensuing collision, Plaintiff sustained severe and permanent injuries.

61.

Conqueror Trans is liable for all damages allowed by law for the injuries, damages, and losses sustained by Plaintiff.

### COUNT III: NEGLIGENCE OF DEFENDANT CURTIS BRIGGS

62.

Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

63.

At all relevant times, Briggs owed the following civil duties to Plaintiff but violated those duties in the following ways:

a.   Failing to maintain his lane of travel;

b.   Failing to maintain proper control of his vehicle;

c.   Failing to keep a proper lookout for traffic;

d.   Failing to make reasonable and proper observations while driving;

e.   Failing to timely apply the brakes of his vehicle in order to avoid the collision in question;

f.   Failing to keep an assured safe distance from Plaintiff's vehicle;

g.   Failing to drive at a reasonable and prudent speed under the conditions;

h.   Failing to obey traffic laws;

i.   Operating a cellular mobile device while driving; and

COMPLAINT FOR DAMAGES – Page 9

j.   Otherwise failing to act reasonably and prudently as a driver should under the circumstances.

64.

Defendant was also negligent *per se* in that he violated a number of laws and regulations governing his operation of a vehicle, including:

a.   Entering or Crossing Roadway (O.C.G.A. § 40-6-73);

b.   Turning Movements; Signals Required on Turning, Changing Lanes, Slowing, or Stopping (O.C.G.A. §40-6-123);

c.   Driving on Roadways Laned for Traffic (O.C.G.A. § 40-6-48);

d.   Failing to Drive with Due Care (O.C.G.A. § 40-6-241);

e.   Failure to Drive Vehicle at a Reasonable and Prudent Speed Under the Conditions (O.C.G.A. § 40-6-180);

f.   Failing to Obey Traffic Laws (O.C.G.A. § 40-6-1); and

g.   Reckless Driving (O.C.G.A. § 40-6-390).

65.

As a result of Briggs's negligence, Plaintiff suffered severe and permanent injuries.

66.

As a direct and proximate result of the negligence and negligence per se of Briggs, Plaintiff has incurred and is entitled to recover special damages, including, but not limited to, past medical expenses in the amount of $197,911.96, and future medical expenses and past and future lost income and loss of earning capacity, and other miscellaneous expenses, in an amount that will be proved at trial. Plaintiff is also entitled to recover for her general damages, including past and future pain and suffering and related damages.

## COUNT IV: COMBINED AND CONCURRING NEGLIGENCE

67.

Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

68.

Conqueror Trans and Briggs acted in a manner which either alone, and/or combined and concurring with the actions of the acts of negligence described herein, directly and proximately caused the collision and Plaintiff's injuries.

69.

As a direct and proximate result of the negligence of the Conqueror Trans and Briggs, Plaintiff was physically injured, has suffered, and will continue to suffer pain, disability, loss of earning capacity, loss of enjoyment of life, anxiety, and related damages.

70.

As a direct and proximate result of the breaches of duty by Conqueror Trans and Briggs, Plaintiff is entitled to recover fair and full compensation for all injuries and damages that have been suffered as a proximate result of the collision and that will be suffered in the future as a result of the collision, including, without limitation, all special damages and compensatory damages, medical expenses, lost wages, and other necessary expenses, as well as fair and full compensation for all pain and suffering, including physical pain, mental and emotional suffering, shock of impact, disability, worry, anxiety, loss of enjoyment of life, loss of capacity to work, and other categories of damages provided for under the law.

## COUNT V: PUNITIVE DAMAGES

71.

Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

COMPLAINT FOR DAMAGES – Page 11

72.

The acts of Conqueror Trans and Briggs were willful, wanton, and/or demonstrated that entire want of care, which raises the presumption of a conscious indifference to consequences.

73.

Accordingly, Defendants are liable to the Plaintiff for punitive damages to punish, penalize, and deter Defendants from similar conduct in the future.

**WHEREFORE**, Plaintiff prays that the following relief be granted:

a.     A trial by jury;

b.     For Summons and Complaint to issue against each Defendant;

c.     For judgment against each Defendant to compensate Plaintiff for her past and future injuries and damages;

d.     For judgment against each Defendant for punitive damages as shown to be fair and appropriate at the trial of this case;

e.     Court costs, discretionary costs, and prejudgment interest; and

f.     For all such further and general relief which this Court deems just and proper.

Dated this 31st day of August, 2022.

WLG ATLANTA, LLC

/s/ J. Martin Futrell
J. MARTIN FUTRELL
GEORGIA STATE BAR NUMBER 450872
ATTORNEY FOR PLAINTIFF

BANK OF AMERICA PLAZA
600 PEACHTREE STREET, NE, SUITE 4010
ATLANTA, GA 30308
TELEPHONE:     470-881-8806
FACSIMILE:     470-881-8820
E-MAIL:     MARTIN.FUTRELL@WITHERITELAW.COM

COMPLAINT FOR DAMAGES – Page 12

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**22-C-04935-S2**
**8/31/2022 3:33 PM**
**TIANA P. GARNER, CLERK**

# IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

PAMELA OLIVER

CIVIL ACTION 22-C-04935-S2
NUMBER: _____

PLAINTIFF

VS.

STATE NATIONAL INSURANCE COMPANY

c/o Registered Agent: CT Corporation System

289 S. Culver St., Lawrenceville, GA 30046

DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

   **You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:**

   J. Martin Futrell
   WLG Atlanta, LLC
   600 Peachtree St. NE, Suite 4010
   Atlanta, GA 30308

**an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.**

**This** _____ **day of** _____, **20_____.**

1st day of September, 2022

TIANA P. GARNER

~~Richard T. Alexander, Jr.,~~
**Clerk of State Court**

**By** _____
   **Deputy Clerk**

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

**SC-1 Rev. 2011**

E-FILED IN OFFICE - RJ
Case 1:22-mi-99999-UNA   Document 5847-1   Filed 12/28/22   Page 103 of 250   CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

22-C-04935-S2
8/31/2022 3:33 PM
TIANA P. GARNER, CLERK

# IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

PAMELA OLIVER

_____

_____

**PLAINTIFF**

CIVIL ACTION 22-C-04935-S2
NUMBER:_____

VS.

CURTIS BRIGGS

412 Hummingbird Drive

Little Elm, Texas 75068

**DEFENDANT**

# SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

J. Martin Futrell
WLG Atlanta, LLC
600 Peachtree St. NE, Suite 4010
Atlanta, GA 30308

**an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.**

This _____ day of _____, 20_____.

1st day of September, 2022

TIANA P. GARNER

~~Richard T. Alexander, Jr.,~~
**Clerk of State Court**

By _____
**Deputy Clerk**

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

**SC-1 Rev. 2011**

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**22-C-04935-S2**
**8/31/2022 3:33 PM**
**TIANA P. GARNER, CLERK**

# IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

PAMELA OLIVER

CIVIL ACTION  22-C-04935-S2
NUMBER:

PLAINTIFF

VS.

CONQUEROR TRANS, LLC

c/o Agent for Service: John P. Hendrickson

41 Dogwood Court, Gillsville, GA 30543

DEFENDANT

# SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

J. Martin Futrell
WLG Atlanta, LLC
600 Peachtree St. NE, Suite 4010
Atlanta, GA 30308

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____, 20_____.

TIANA P. GARNER

1st day of September, 2022       ~~Richard T. Alexander, Jr.,~~
**Clerk of State Court**

By _____
**Deputy Clerk**

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

**SC-1 Rev. 2011**

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**22-C-04935-S2**

**8/31/2022 3:33 PM**

**TIANA P. GARNER, CLERK**

IN THE STATE COURT OF GWINNETT COUNTY

PAMELA OLIVER,

    Plaintiff,

v.

CONQUEROR TRANS, LLC;
CURTIS BRIGGS; and
STATE NATIONAL INSURANCE COMPANY,

    Defendants.

CIVIL ACTION FILE

NO. _____
22-C-04935-S2

---

### PLAINTIFF'S FIRST INTERROGATORIES, FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS, AND FIRST REQUESTS FOR ADMISSION TO DEFENDANT CONQUEROR TRANS, LLC

COMES NOW, (CLIENT) ("Plaintiff"), by and through his counsel of record and pursuant to O.C.G.A. §§ 9-11-33, 9-11-34, and 9-11-36, hereby propounds the following Interrogatories, Request for Production of Documents, and Requests for Admission to Defendant Trucking Company Conqueror Trans, LLC ("Conqueror Trans") for response under oath pursuant to Rule 33, Rule 34, and Rule 36 of the Georgia Civil Practice Act and as required by law.

### DEFINITIONS

As used herein, the terms listed below are defined as follows:

1.    The term "**Document**" as used herein shall be given a very broad definition to include every type of paper, writing, data, record, graphic, drawing, photograph, audio recording and video recording. The term includes material in all forms, including printed, written, recorded, or other.  The term includes all files, records and data contained in any computer system, computer component and/or computer storage (e.g., hard drive, disc, magnetic tape, backup system, etc.). This term includes, but is not limited to, correspondence, reports, meeting minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders, invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules,

circulars, bulletins, notices, instructions, manuals, journals, e-mails, e-mail attachments, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, disks or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, hard drive recordings, pictures, and voice recordings. Plaintiff expressly intends for the term "Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference.

2.    "**Person**" means any natural person, corporation, partnership, proprietorship, association, organization, group of persons, or any governmental body or subdivision thereof.

3.    (a)    "**Identify**" with respect to any "**person**" or any reference to stating the "**identity**" of any "**person**" means to provide the name, home address, telephone number, business name, business address, and business telephone number of such person, and a description of each such person's connection with the events in question.

(b)    "**Identify**" with respect to any "**document**" or any reference to stating the "**identification**" of any "**document**" means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation of the document or on whose behalf it was prepared, the name and address of the recipient or recipients of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

4.    "**Similar**" shall have the meaning given in the American Heritage Dictionary, which is "showing some resemblance; related in appearance or nature; alike but not identical."  As used here, the word "similar" shall not be limited as if modified by the word "substantially" and shall not mean "the same".  If you limit the information provided because you use another interpretation of the word "similar," please state the interpretation you are using and reveal the nature of the

information withheld.

5.      The terms "**and**" as well as "**or**" shall be each construed conjunctively and disjunctively as necessary to bring within the scope of each interrogatory and request for documents all information and documents that might otherwise be construed to be outside its scope.  The term "**and/or**" shall be construed likewise.

6.      Whenever necessary to bring within the scope of an interrogatory or request for production of documents any information or document that might otherwise be construed to be outside its scope:  (i) the use of a verb in any tense shall be construed as the use of the verb in all other tenses; (ii) the use of the singular shall be construed as the use of the plural and vice versa; and (iii) "**any**" includes "all," and "**all**" includes "any."

7.      With regard to any term used herein that is deemed by the responding party as being ambiguous or vague, a term shall be construed in its broadest sense to encompass all reasonable definitions of that term.

8.      "**Subject Collision**" means the collision described in the Complaint.

9.      "**You**", "**Your**", or "**Conqueror Trans**" means Defendant Conqueror Trans, LLC.

10.     "**Briggs**" means Defendant Driver Curtis Briggs.

## INTERROGATORIES

**INTERROGATORY NO. 1.**   If you contend that Plaintiff has sued the wrong party or that your name is incorrectly stated in this lawsuit, please explain the basis for your contention and identify the correct legal entity for the correct party in interest to this suit.

**INTERROGATORY NO. 2.**   Identify each person Conqueror Trans expects to call as an expert witness at trial including in your response a summary of each opinion the expert holds with regard to this case, the factual basis for each such opinion, a list of all documents and evidence of any kind provided to the expert for review and a list of all documents and evidence of any kind that support each opinion.

### INSURANCE

**INTERROGATORY NO. 3.**   For each liability insurance policy that you had in place at the time of the Subject Collision, state the name of insurer; the policy number; the limits of coverage; the name(s) of all insureds; and whether any insurer has offered a defense under a reservation of rights or otherwise contested coverage for the subject case. Please note that this interrogatory is requesting information relating to ALL insurance coverage including excess coverage.

### VEHICLE INFO/DATA

**INTERROGATORY NO. 4.**   Please provide the weight of the tractor at the time of the Subject Collision.

**INTERROGATORY NO. 5.**   Identify all systems and devices in or on the tractor that have the capability of monitoring, capturing, recording and/or transmitting any video, data and/or communications of any kind (this includes, without limitation, any engine control module (ECM), event data recorder (EDR/CDR), airbag control module (ACM), Sensing Diagnostic Module (SDM), drive train or transmission control unit, brake control module, power steering unit, electronic onboard recorder (EOBR) Electronic Logging Device (ELD), Collision Avoidance System (CAS), Telematics system, Critical Event Reporting System, Lane

Departure System, Dash Cam (or other video devices), GPS system, truck or trailer tracking system, system that allows communication between drivers and dispatchers, etc.);

a. With respect to each system identified, explain what video, data and/or communications the system is capable of monitoring, capturing, recording and/or transmitting;

b. With respect to each system identified, explain what video, data and/or communications have been downloaded and/or preserved in connection with the Subject Collision and if so when and by whom; and

c. With respect to each system identified, explain what video, data and/or communications have NOT been downloaded and/or preserved in connection with the Subject Collision and explain why not and whether it is still possible to obtain this material.

## DRIVER INFORMATION

**INTERROGATORY NO. 6.**  Explain the relationship between Conqueror Trans and Defendant Driver Curtis Briggs ("Briggs") at the time of the Subject Collision including his employment status (e.g., leased driver, company driver, etc.), how he was compensated for driving (e.g., by the hour, by the load, by the mile, salary, or other) and when the relationship began and ended.

**INTERROGATORY NO. 7.**  If you maintain that Briggs was not acting within the course and scope of his employment or agency at the time of the Subject Collision, explain the basis for your contention and identify documents and witnesses that support your contention.

**INTERROGATORY NO. 8.**  Identify and explain all communications of any kind between Briggs and anyone acting for or on behalf of Conqueror Trans during the twenty-four (24) hours <u>before</u> and <u>after</u> the Subject Collision. For each communication, identify the method of communication (cell phone, QualComm, other), time of communication, persons involved, and the general subject.

## REGULATIONS AND POLICIES

**INTERROGATORY NO. 9.**  Identify all Conqueror Trans policies, procedures, rules, guidelines,

directives, manuals, handbooks and instructions that were in effect for Briggs at the time of the Subject Collision.

**INTERROGATORY NO. 10.** Identify all Conqueror Trans policies, procedures, rules, guidelines, directives, manuals, handbooks and instructions and training applicable to Briggs regarding driving, defensive driving, turning, intersections, driver distraction and use of cell phones.

### INVESTIGATION OF SUBJECT COLLISION

**INTERROGATORY NO. 11.** Describe in detail when and how you first became aware that Briggs was involved in the Subject Collision including in your answer the identity of all persons involved in the investigation of the Subject Collision, their role and position and what information was conveyed.

**INTERROGATORY NO. 12.** State whether you maintain that either Plaintiff or any non-party has any responsibility of any kind for causing the injuries and/or damages alleged in the Complaint and provide a detailed description of the basis for your position, including the identity of all person(s) who have any knowledge regarding this issue and/or all documents evidencing your position.

**INTERROGATORY NO. 13.** Identify all persons who to your knowledge were present at the scene of the Subject Collision at any time in the forty-eight (48) hours after the Subject Collision and explain their role, why they were at the scene and what actions they took.

**INTERROGATORY NO. 14.** Identify all person(s) who you to your knowledge have or may have any relevant information regarding: the Subject Collision; the facts leading up to the Subject Collision; the investigation of the Subject Collision; any party to this action; any vehicles involved in the Subject Collision; and/or any claims or defenses raised in this action. The purpose of this Interrogatory is to identify all witnesses whom Conqueror Trans believes may have relevant testimony of any kind in connection with this case.

**INTERROGATORY NO. 15.** Identify all photographs, motion pictures, maps, plats, drawings, diagrams, videotapes, or other tangible or documentary evidence depicting the scene of the

Subject Collision and/or any person or vehicle involved in the Subject Collision.

**INTERROGATORY NO. 16.** Did Conqueror Trans make any effort to perform any accident review, any avoidable/non-avoidable accident determination, any root cause analysis, any DOT reportability determination, or any type of investigation or analysis to discover the cause(s) or contributing cause(s) of the Subject Collision and/or to evaluate whether your driver should be disciplined for any action or inactions related to the Subject Collision? If so, please identify all person(s) involved, all documents and information reviewed, and all determinations.

## MISCELLANEOUS

**INTERROGATORY NO. 17.** Identify each person who was involved in responding to each of the Requests for Admission served upon you in this civil action.

**INTERROGATORY NO. 18.** For each of Plaintiff's First Requests for Admission to Defendant Conqueror Trans, LLC that you did not admit without qualification, explain in detail the reason for your refusal to admit and identify all persons and documents that support your response.

## DOCUMENT REQUESTS

### GENERAL

**REQUEST NO. 1:**     A copy of each document utilized by you in any way in responding to Plaintiff's First Interrogatories to Defendant Conqueror Trans, LLC.

**REQUEST NO. 2:**     A copy of each document retention policy in effect for Conqueror Trans at any time between the time of the Subject Incident and present.

**REQUEST NO. 3:**     A copy of each insurance policy (and declarations page for each policy) that provides or may provide coverage for damages sustained in the Subject Incident.

**REQUEST NO. 4:**     Copies of all reservation of rights letters and/or agreements regarding insurance coverage for the Subject Incident.

### DRIVER

**REQUEST NO. 5:**     All documents setting forth the relationship between Briggs and Conqueror Trans. This includes, but is not limited to, all leases, employment contracts, and independent contractor agreements and other contracts, agreements, memorandum, and the like.

**REQUEST NO. 6:**     The contents of Briggs' driver qualification file, driver investigation file, driver history file, and all documents that demonstrate compliance with federal and state driver qualification laws and regulations. The requested documents include, but are not limited to, all documents required by FMCSR, 49 CFR Part 391, and the state equivalent thereto. If any responsive documents have been removed from the driver qualification file, these should be produced nonetheless.

**REQUEST NO. 7:**     All documents of any kind that relate to any pre-employment background investigation of Briggs, including without limitation any investigation of Briggs' qualifications, character, driving history, training, criminal history, drug use, financial responsibility, medical conditions, health conditions, and/or any other matter relevant to employment with Conqueror Trans. This specifically includes all data and information obtained through FMCSA's Pre-Employment Screening Program.

**REQUEST NO. 8:**   All documents that relate in any way to your recruiting of Briggs.

**REQUEST NO. 9:**   All documents that relate in any way to you hiring Briggs.

**REQUEST NO. 10:**   All documents that relate in any way to any orientation provided by Conqueror Trans to Briggs.

**REQUEST NO. 11:**   All documents that relate in any way to training of Briggs. This includes, but is not limited to, all documents that show all training received by Briggs, when, where, and who provided the training, and all materials used for training.

**REQUEST NO. 12:**   All quizzes, tests, and/or other assessments (questions and answers) ever given by or on behalf of Conqueror Trans to Briggs at any time. An answer key should also be provided.

**REQUEST NO. 13:**   Copies of all documents (a) explaining how Briggs was compensated for the one (1) month leading up to and including the date of the Subject Incident and extending one (1) week after the date of the Subject Incident; and (b) showing any detention of wages over the same time-period.

**REQUEST NO. 14:**   A copy of the front and back of every driver's license issued to Briggs (regardless of name used) in your possession, custody, and/or control.

**REQUEST NO. 15:**   All documents placing you on notice of any violation by Briggs of any law, ordinance, or regulation. This includes, but is not limited to, reports of violations pursuant to Section 391.27(a) of the Federal Motor Carrier Safety Regulations, as well as copies of citations, warnings, and inspection reports.

**REQUEST NO. 16:**   All documents relating to any and all blood, urine, hair, or other type of drug or alcohol testing of Briggs in your possession, custody, and/or control.

**REQUEST NO. 17:**   A copy of all documents relating to any violation of any safety rule or principle by Briggs at any time.

**REQUEST NO. 18:**   All documents of any kind that relate to any action (formal or informal) by any supervisor or manager or anyone working by or on behalf of Conqueror Trans directed to

Briggs for the purpose of teaching, counseling, disciplining, correcting, or otherwise managing Briggs in any way relating to the safe operation of a commercial vehicle. This includes, but is not limited to, all disciplinary actions and the contents of all disciplinary folders or files of any kind by whatever name called.

**REQUEST NO. 19:**   A copy of all documents in your possession relating in any way to any motor vehicle collision and/or accident of any kind in which Briggs has been involved.

**REQUEST NO. 20:**   Copies of all documents relating to any complaint, criticism, or concern raised by any person or entity regarding the driving performance and/or safety of Briggs. This should include, but is not limited to, customer complaints and call-ins by motorists either to company directly or to any service (i.e., How's My Driving?  Call 800…).

**REQUEST NO. 21:**   For each communication device (e.g., cell phones, PDAs, smartphones, texting, and e-mailing devices, etc.) that was in the tractor that Briggs was operating at the time of the Subject Incident, produce all documents reflecting usage and billing for the time-period beginning forty-eight (48) hours before the Subject Incident and ending forty-eight (48) hours after the Subject Incident. This includes all devices, whether owned by Briggs or not, and whether it was in use at the time of the Subject Incident or not.

**REQUEST NO. 22:**   Copies of all documents prepared by Briggs that describes the Subject Incident or the circumstances leading up to the Subject Incident.

**REQUEST NO. 23:**   All documents evidencing any evaluation of the driving abilities, safety, and/or performance of Briggs that have not been produced in response to the preceding requests.

**REQUEST NO. 24:**   A complete copy of the contents of each and every file (whether maintained physically or electronically), regardless of what the file is called, regarding or addressing Briggs in any way, that has not been produced in response to other requests above.

H<small>OURS OF</small> S<small>ERVICE</small>-R<small>ELATED</small> D<small>OCUMENTS</small>

**REQUEST NO. 25:**    A copy of all Briggs' hours of service logs and any other driving logs and/or time sheets for the period beginning one hundred eighty (180) days before the Subject Incident

and ending seven (7) days following the Subject Incident.

**REQUEST NO. 26:** In addition to the documents responsive to the preceding request, produce all documents in your possession, custody, or control that demonstrate what Briggs was doing for the time-period beginning fourteen (14) days before the Subject Incident and ending two (2) days following the Subject Incident. The requested documents include all documents that a motor carrier division officer might use to audit the logs of this driver, including, but are not limited to:

a.  All documents evidencing hours of service not produced above (e.g., daily logs and time sheets as well as log audits and letters regarding hours of service);

b.  All documents that could be used to check the accuracy of Hours of Service logs and/or time sheets;

c.  All documents related to trips (including driver's trip envelopes, trip reports, work reports, bills of lading, manifests, cargo documents of any kind, load documents of any kind, loading and unloading records of any kind, load detention records of any kind, freight bills, pick-up and delivery records of any kind, directions (e.g., routes to take), instructions (delivery notes, times, special handling), driver's trip check and settlement sheets, dispatch records, mileage reports, weight and scale records, and receipts for fuel, food, tolls, lodging, permits, repairs, and/or other purchases and expenses of any kind whether reimbursable or not, final trip accounting documents and printouts, as well as any and all reports and/or summaries of any kind referencing the above information);

d.  All documents evidencing any and all stops; and

e.  All driver call in reports and any other documentation of any communications between you and Briggs.

**PLEASE NOTE – NOTHING IN THIS REQUEST SHOULD BE READ TO MEAN THAT PLAINTIFF IS NOT INTERESTED IN DEFENDANT MANTAINING ALL INFORMATION REGARDING ALL COMMERCIAL DRIVING ACTIVITIES FOR SIX MONTHS PRECEDING THE INCIDENT AT ISSUE AND SINCE THE INCIDENT AT ISSUE.**

**THESE MATERIALS SHOULD BE RETAINED IN THE EVENT THEY ARE REQUESTED.**

**REQUEST NO. 27:**    A copy of all audits and summaries of Briggs' hours of service covering the period beginning one (1) year prior to the Subject Incident and ending fourteen (14) days following the Subject Incident.

<u>**VEHICLE INFORMATION**</u>

**REQUEST NO. 28:**    For the tractor involved in the Subject Incident, produce the following documents:

    a.   Title;

    b.   Registration;

    c.   Operators manual;

    d.   Maintenance Schedules;

    e.   All documents evidencing maintenance performed on the tractor at any time within 6 months before the Subject Incident;

    f.   All documents evidencing any inspections of the tractor during the six (6) months before the Subject Incident;

    g.   All documents evidencing any repairs and/or modifications to the tractor at any time within six (6) months before the Subject Incident;

    h.   All documents evidencing any repairs made to the tractor as a result of the Subject Collision (including insurance submissions);

    i.   All leases involving the vehicle;

    j.   Documents evidencing the purchase of the vehicle;

    k.   Documents evidencing the sale of the vehicle if it has been sold;

    l.   Documents evidencing mileage and weight at time of the Subject Incident; and

    m.   Copies of each and every logbook, ledger, file, or the like maintained for any reason regarding the vehicle.

**REQUEST NO. 29:** For the trailer involved in the Subject Incident, produce the following documents:

    a.   Title;

    b.   Registration;

    c.   Operators manual;

    d.   Maintenance Schedules;

    e.   All documents evidencing maintenance performed on the tractor at any time within 6 months before the Subject Incident;

    f.   All documents evidencing any inspections of the tractor during the six (6) months before the Subject Incident;

    g.   All documents evidencing any repairs and/or modifications to the tractor at any time within six (6) months before the Subject Incident;

    h.   All documents evidencing any repairs made to the tractor as a result of the Subject Collision (including insurance submissions);

    i.   All leases involving the vehicle;

    j.   Documents evidencing the purchase of the vehicle;

    k.   Documents evidencing the sale of the vehicle if it has been sold;

    l.   Documents evidencing mileage and weight at time of the Subject Incident; and

    m.   Copies of each and every logbook, ledger, file, or the like maintained for any reason regarding the vehicle.

**REQUEST NO. 30:** If any data is available (whether or not downloaded or retrieved) from the tractor or any part or system from the tractor (e.g., engine control module (ECM), event data recorder (EDR), Sensing Diagnostic Module (SDM), drive-train or transmission control unit, power steering unit, airbag module, ABS or other brake system, or any EOBR), please produce both the printout of the data and the data file in its original format. This request is intended to cover data for as long as it was recorded before during and after the Subject Incident.

**REQUEST NO. 31:** If the tractor at issue was equipped with a lane departure warning system or collision warning system (e.g., VORAD), please produce the printout of the downloaded data and to the degree possible produce the data file in its original format.

**REQUEST NO. 32:** Produce copies of all e-mails between Briggs and Conqueror Trans for the time-period beginning ninety (90) days prior to the Subject Incident and present.

**REQUEST NO. 33:** Produce copies of all communications and transmissions between Briggs and Conqueror Trans that were transmitted through any system on-board of the tractor involved in the Subject Incident for the period beginning thirty (30) days before the Subject Incident and ending seven (7) days after the Subject Incident. This includes any and all satellite or cellular systems, regardless of manufacturer, and includes, without limitation, all electronic on-board recorders (EOBRs) and  system such as those made available by Qualcomm, TransCore, SkyBitz, Fluensee, Fleetilla, Teletrac, Lat-Lon, Telogis, GeoLogic, Cheetah, Xata, PeopleNet, and other transportation service and product providers.

**REQUEST NO. 34:** If the tractor was equipped with any on-board audio or video recording or monitoring devices and/or any other driver or driver safety monitoring system, please produce everything that was retrieved or could be retrieved from such devices and systems.

**REQUEST NO. 35:** To the degree that it has not been produced in response to other requests above, produce all data of any kind that was recovered from the tractor and/or anything inside or connected to any part or system of the tractor that were involved in the Subject Incident.

**REQUEST NO. 36:** A copy of each out of service report or violation concerning the tractor involved in the Subject Incident from the period beginning one (1) year prior to the Subject Incident through present. This request includes any supplements, responses, amendments, and dispositions regarding any violation.

**REQUEST NO. 37:** Produce all documents evidencing damage to any vehicle or other property as a result of the Subject Incident, including, but not limited to, repair estimates, appraisals, purchase invoices, repair bills, and checks or drafts reflecting payment for repair or replacement,

and any other documents concerning or establishing the value of any item of property before or after the Subject Incident.

**REQUEST NO. 38:**   Produce all documents given to any person or entity, including any insurance company in return for payment in whole or in part for property damage, e.g., loan receipt(s), release(s), assignment(s), etc.

**REQUEST NO. 39:**   For the tractor involved in the Subject Incident, produce all the Driver Vehicle Inspection Reports (DVIR) from the period beginning six (6) months before the Subject Incident and ending one (1) week after the Subject Incident.

**REQUEST NO. 40:**   Produce all pre-trip inspection reports for the trip in question and three (3) months prior to the date of the Subject Incident for the tractor.

**LOAD**

**REQUEST NO. 41:**   All documents that relate to the load being hauled by Briggs at the time of the Subject Incident, including, by way of example and without limitation, all manifests, bills of lading, weight receipts, dispatch documents, content summaries, and documents that address the contents, ownership, pick-up, detainment, and delivery of the load.

**SUBJECT INCIDENT**

**REQUEST NO. 42:**   A copy of every document related to any investigation done by or on behalf of Conqueror Trans of the scene of the Subject Incident.

**REQUEST NO. 43:**   All documents authored by anyone working for or on behalf of Conqueror Trans that set forth any facts relating to the Subject Incident.

**REQUEST NO. 44:**   All documents that explain what caused the Subject Incident.

**REQUEST NO. 45:**   All documents assessing preventability of and/or fault for the Subject Incident.

**REQUEST NO. 46:**   If the scene of the Subject Incident was mapped (with a total station or other survey equipment) within fourteen (14) days of the Subject Incident, please produce a copy of the survey data files and all diagrams produced therefrom.

**REQUEST NO. 47:**   Copies of all photographs, video, computer simulations, and any other documents depicting:

      a.      Any vehicle involved in the Subject Incident;

      b.      Any person involved in the Subject Incident;

      c.      The scene of the Subject Incident; and/or

      d.      Any evidence (roadway markings or other) relevant to the Subject Incident.

**REQUEST NO. 48:**   Copies of all reports (you know what this means and it is not vague) relating to the Subject Incident including those prepared by Briggs and those prepared by anyone working for or on behalf of Conqueror Trans (except lawyers).

**REQUEST NO. 49:**   A copy of all correspondence and other communications (including e-mail) that you have had with any person other than your lawyer involving the Subject Incident.

**REQUEST NO. 50:**   All tapes and transcripts of conversations, interviews, and/or statements of any person who purports to know any facts or circumstances relevant to the issues of liability, comparative fault, causation, and/or damages in this case.

**REQUEST NO. 51:**   If an Accident Review Board or similar entity reviewed the Subject Incident, produce the following:

      a.      A copy of all documents (as defined) and other materials of any kind reviewed by said board or entity;

      b.      A copy of all reports and documents (as defined) of any kind generated by said board or entity;

      c.      Documents evidencing who was on the board;

      d.      Documents evidencing all criteria for review; and

      e.      Determination of preventability and all other conclusions reached by said board or entity.

<u>GOVERNMENTAL CONTACT AND INTERVENTION</u>

**REQUEST NO. 52:**   Copies of all documents sent to or received from any governmental agency

regarding the Subject Incident, the driver involved in the Subject Incident, or any subject that is part of the basis of this lawsuit.

**REQUEST NO. 53:**   Copy of all documents and communications of any kind related to any CSA Intervention against your company in the past two (2) years.

**POLICY AND PROCEDURES**

**REQUEST NO. 54:**   Copies of all Conqueror Trans policies, procedures, rules, guidelines, directives, manuals, handbooks, and instructions that were in effect at the time of the Subject Incident, relating to:

     a.   Working for or with trucking company generally (e.g., employee manual or handbook);

     b.   Operation of any motor vehicle (e.g., driving manuals or handbooks, and the like);

     c.   Operation of a commercial vehicle;

     d.   Driving safety;

     e.   Defensive driving;

     f.   Compliance with federal and state laws and regulations;

     g.   Accident investigation;

     h.   Accident review boards;

     i.   Determination of preventability of accidents;

     j.   Hiring, training and supervising drivers; and

     k.   Disciplinary actions.

**REQUEST NO. 55:**   Copies of each document that Briggs signed to prove that Briggs received and/or agreed to be bound by any policies, procedures, rules, guidelines, and/or standards of Conqueror Trans.

**REQUEST NO. 56:**   To the degree that Conqueror Trans has any rules, policies, procedures, guidelines, driving manuals, employee handbooks, or manuals, or other similar documents that were not provided to Briggs before the Subject Incident, please produce them now.

**REQUEST NO. 57:**   A complete copy of, or in the alternative, access to, each driver safety

training film, video, videotape, videocassette, audio cassette, computer program, simulator, and driver diagnostic record or test maintained by your company, or used by Conqueror Trans, its personnel, agents, or employees during the year of the Subject Incident and three (3) years prior.

**REQUEST NO. 58:**    Copies of all industry and/or other guidelines and/or practices that you rely upon to support your contentions in this case.

**TRUCKING COMPANY**

**REQUEST NO. 59:**    Copy of documents showing the hierarchy of managerial positions at Conqueror Trans and who occupied such positions as of the time of the Subject Incident and presently.

**REQUEST NO. 60:**    A copy of each document (including articles and presentations) prepared and/or presented by any Conqueror Trans representative relating to the safe operation of a commercial motor vehicle and/or the safe operation of a trucking company in the past five (5) years.

**REQUEST NO. 61:**    All company newsletters distributed during the time-period beginning two (2) years before the Subject Incident and present.

**REQUEST NO. 62:**    A copy of all lease and trip lease contracts applicable to Briggs and/or any vehicle involved in the Subject Incident.

**REQUEST NO. 63:**    Copies of any contract under which your company was operating the truck in question at the time of the Subject Incident.

**REQUEST NO. 64:**    A copy of Conqueror Trans's accident register maintained as required by 49 CFR § 390.35.

**REQUEST NO. 65:**    Transcripts or recordings of all depositions of corporate designees for Conqueror Trans given in the past five (5) years in cases where it was alleged that a driver working for Conqueror Trans caused injury or death to another person.

**REQUEST NO. 66:**    Copies of all documents putting any third party on notice of a claim arising from the Subject Incident

**REQUEST NO. 67:**   All correspondence and other communication of any kind between you and any other Defendant to this Action.

<u>**MISCELLANEOUS**</u>

**REQUEST NO. 68:**   With respect to each expert witness who may provide testimony at the trial of this case, provide:

a.   A copy of all documents (as that term is defined above) and items of any kind produced **<u>to</u>** said expert;

b.   A copy of all documents (as that term is defined above) and items of any kind generated or produced **<u>by</u>** said expert;

c.   A copy of the entire file of said expert;

d.   A current résumé or curriculum vitae for said expert; and

e.   All billing records and work logs for said expert.

**REQUEST NO. 69:**   A copy of any and all documents and other materials which support any contention that the Subject Incident was the fault of anyone other than the Defendants.

**REQUEST NO. 70:**   Copies of all diagrams, graphs, illustrations, photographs, charts, pictures, models, blow-ups, or any other document or thing, including electronically created charts, animations, or data that you intend to utilize as an exhibit, demonstrative exhibit, or aid in the trial of this case not previously supplied.

**REQUEST NO. 71:**   Produce each document or thing that you contend is evidence, proof, or support of your claims on any issue of negligence or causation as to the Subject Incident, including, but not limited to, admissions of fault, engineering analysis, scientific tests, and official or unofficial reports.

**REQUEST NO. 72:**   Produce each document or thing that you contend evidences or supports your denial of any of Plaintiff's Requests for Admission.

**REQUEST NO. 73:**   If any surveillance has been undertaken by or on behalf of Conqueror Trans, produce a copy of all reports, photographs, video, and anything else generated

through that investigation.

**REQUEST NO. 74:** Produce all documents and materials you have obtained through subpoena or non-party requests for production.

## REQUESTS FOR ADMISSION

**REQUEST NO. 1**      At the time of the Subject Collision, Conqueror Trans was the owner of a tractor involved in the Subject Collision.

**REQUEST NO. 2**      The DOT number for the tractor that was involved in the Subject Collision was 3055204.

**REQUEST NO. 3**      The MC-ICC number for the tractor that was involved in the Subject Collision was MC-51979.

**REQUEST NO. 4**      The VIN for the tractor that was involved in the Subject Collision was 3AKJGLDR7GSGP6531.

**REQUEST NO. 5**      At the time of the Subject Collision, Briggs was an agent of Conqueror Trans.

**REQUEST NO. 6**      At the time of the Subject Collision, Briggs was an employee of Conqueror Trans.

**REQUEST NO. 7**      At the time of the Subject Collision, Briggs was acting within the course and scope of his employment with Conqueror Trans.

**REQUEST NO. 8**      At the time of the Subject Collision, Briggs was acting within the course and scope of his agency with Conqueror Trans.

**REQUEST NO. 9**      At the time of the Subject Collision, Briggs was operating the tractor owned by Conqueror Trans.

**REQUEST NO. 10**      At the time of the Subject Collision, Briggs was operating the tractor with the permission of Conqueror Trans.

**REQUEST NO. 11**      At the time of the Subject Collision, Briggs was operating the tractor with the knowledge of Conqueror Trans.

**REQUEST NO. 12**      At the time of the Subject Collision, Briggs was operating the tractor as trained by Conqueror Trans.

**REQUEST NO. 13**      Conqueror Trans is properly named in the Complaint.

**REQUEST NO. 14**     Venue is proper in this Court.

**REQUEST NO. 15**     Jurisdiction is proper in this Court.

**REQUEST NO. 16**     Service of process upon Conqueror Trans in this civil action was proper.

**REQUEST NO. 17**     Service of process upon Conqueror Trans in this civil action was legally sufficient.

**REQUEST NO. 18**     You are not asserting the defense of insufficiency of service of process.

**REQUEST NO. 19**     You are not asserting the defense of improper service of process.

**REQUEST NO. 20**     Briggs was the driver of Conqueror Trans's tractor that collided with Plaintiff's vehicle.

**REQUEST NO. 21**     Briggs did not see Plaintiff's vehicle next to him.

**REQUEST NO. 22**     Briggs failed to maintain proper control of his truck at the time of the Subject Collision.

**REQUEST NO. 23**     At the time of the Subject Collision, Briggs failed to keep and maintain a proper lookout for traffic.

**REQUEST NO. 24**     Briggs was not paying attention to traffic like he should have been.

**REQUEST NO. 25**     Briggs gave a recorded statement to one (1) or more insurance companies that provided liability coverage for the truck that Briggs was driving at the time of the Subject Collision.

**REQUEST NO. 26**     Briggs had a mobile cellular device present inside his vehicle at the time of the Subject Collision.

**REQUEST NO. 27**     Briggs had more than one (1) mobile cellular device was present inside his truck at the time of the Subject Collision.

**REQUEST NO. 28**     Briggs was using at least one (1) mobile cellular device in his truck at the time of the Subject Collision.

**REQUEST NO. 29**     Briggs was using more than one (1) mobile cellular device inside his truck at the time of the Subject Collision.

**REQUEST NO. 30**     Briggs was using a mobile cellular device at the moment of impact with Plaintiff's vehicle.

**REQUEST NO. 31**     While at the scene of the collision, Briggs conversed with at least one (1) person about what had happened before, during, and/or after the Subject Collision using a mobile cellular device.

**REQUEST NO. 32**     While at the scene of the collision, Briggs texted at least one (1) person about what had happened before, during, and/or after the Subject Collision using a mobile cellular device.

**REQUEST NO. 33**     While at the scene of the collision, Briggs had a cellular mobile device or a camera that he could have used to take pictures of the scene of the Subject Collision, the vehicles involved, and/or the persons involved.

**REQUEST NO. 34**     While at the scene of the collision, Briggs took at least one (1) photograph of the scene of the Subject Collision, the vehicles involved, and/or the persons involved using a mobile cellular device.

**REQUEST NO. 35**     While at the scene of the collision, Briggs took video recording(s) using a mobile cellular device of the scene of the Subject Collision, the vehicles involved, and/or the persons involved.

**REQUEST NO. 36**     While at the scene of the collision, Briggs took audio recording(s) of the scene of the Subject Collision, the vehicles involved, and/or the persons involved using a mobile cellular device.

**REQUEST NO. 37**     No improper act of the Plaintiff caused or contributed to the cause of the Subject Collision.

**REQUEST NO. 38**     No failure to act by Plaintiff caused or contributed to the cause of Subject Collision.

**REQUEST NO. 39**     No improper act or failure to act on the part of any third party to this action caused or contributed to the cause of the Subject Collision.

**REQUEST NO. 40**     Briggs's negligent acts and/or omissions were the sole cause of the Subject Collision.

**REQUEST NO. 41**     Briggs's negligent acts and/or omissions were a contributing cause of the Subject Collision.

**REQUEST NO. 42**     No visual obstructions existed leading up to the Subject Collision that would have prevented Briggs from seeing Plaintiff's vehicle in the one hundred (100) feet prior to the Subject Collision.

**REQUEST NO. 43**     No visual obstructions existed leading up to the Subject Collision that would have prevented Briggs from seeing Plaintiff's vehicle in the two hundred fifty (250) feet prior to the Subject Collision.

**REQUEST NO. 44**     No visual obstructions existed leading up to the Subject Collision that would have prevented Briggs from seeing Plaintiff's vehicle in the five hundred (500) feet prior to the Subject Collision.

**REQUEST NO. 45**     No visual obstructions existed leading up to the Subject Collision that would have prevented Briggs from seeing Plaintiff's vehicle in the seven hundred fifty (750) feet prior to the Subject Collision.

**REQUEST NO. 46**     No visual obstructions existed leading up to the Subject Collision that would have prevented Briggs from seeing Plaintiff's vehicle in the one thousand (1000) feet prior to the Subject Collision.

**REQUEST NO. 47**     The person answering these questions has authority from Conqueror Trans to do so.

**REQUEST NO. 48**     At this time of the Subject Collision, Briggs was operating under the DOT authority of Conqueror Trans.

**REQUEST NO. 49**     At the time of the Subject Collision, Briggs was under dispatch by Conqueror Trans.

**REQUEST NO. 50**     At the time of the Subject Collision, Briggs was under the federal motor

carrier authority of Conqueror Trans.

Dated this 31st day of August, 2022.

WLG ATLANTA, LLC

*/s/ J. Martin Futrell*
J. MARTIN FUTRELL
GEORGIA STATE BAR NUMBER 450872
ATTORNEY FOR PLAINTIFF

BANK OF AMERICA PLAZA
600 PEACHTREE STREET, NE, SUITE 4010
ATLANTA, GA 30308
TELEPHONE: 470-881-8806
FACSIMILE: 470-881-8820
E-MAIL: MARTIN.FUTRELL@WITHERITELAW.COM

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**22-C-04935-S2**

**8/31/2022 3:33 PM**

**TIANA P. GARNER, CLERK**

IN THE STATE COURT OF GWINNETT COUNTY

| |
|---|---|
| PAMELA OLIVER, | |
| Plaintiff, | CIVIL ACTION FILE |
| v. | NO. _____ |
| CONQUEROR TRANS, LLC; | |
| CURTIS BRIGGS; and | |
| STATE NATIONAL INSURANCE COMPANY, | |
| Defendants. | |

CIVIL ACTION FILE

22-C-04935-S2

NO. _____

### PLAINTIFF'S FIRST INTERROGATORIES, FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS, AND FIRST REQUESTS FOR ADMISSION TO DEFENDANT CURTIS BRIGGS

COMES NOW Plaintiff Pamela Oliver ("Plaintiff"), by and through counsel, and pursuant to O.C.G.A. §§ 9-11-33, 9-11-34, and 9-11-36, hereby propounds the following Interrogatories, Requests for Production of Documents, and Requests for Admission to Defendant Driver Curtis Briggs ("Briggs") for response under oath pursuant to Rule 33, Rule 34, and Rule 36 of the Georgia Civil Practice Act and as required by law.

### DEFINITIONS

As used herein, the terms listed below are defined as follows:

1.      The term "**Document**" as used herein shall be given a very broad definition to include every type of paper, writing, data, record, graphic, drawing, photograph, audio recording and video recording.  The term includes material in all forms, including printed, written, recorded, or other.  The term includes all files, records and data contained in any computer system, computer component and/or computer storage (e.g., hard drive, disc, magnetic tape, backup system, etc.).  This term includes, but is not limited to, correspondence, reports, meeting minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders, invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules,

circulars, bulletins, notices, instructions, manuals, journals, e-mails, e-mail attachments, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, disks or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, hard drive recordings, pictures, and voice recordings. Plaintiff expressly intends for the term "Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference.

2.      "**Person**" means any natural person, corporation, partnership, proprietorship, association, organization, group of persons, or any governmental body or subdivision thereof.

3.      (a)      "**Identify**" with respect to any "**person**" or any reference to stating the "**Identity**" of any "**person**" means to provide the name, home address, telephone number, business name, business address, and business telephone number of such person, and a description of each such person's connection with the events in question.

(b)      "**Identify**" with respect to any "**document**" or any reference to stating the "**Identification**" of any "**document**" means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation of the document or on whose behalf it was prepared, the name and address of the recipient or recipients of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

4.      "**Subject Collision**" means the collision described in the Complaint.

5.      "**You**", "**Your**", or "**Briggs**" means Defendant Driver Curtis Briggs.

6.      "**Conqueror Trans**" means Defendant Conqueror Trans, LLC

7.      "**Similar**" shall have the meaning given in the American Heritage Dictionary, which is "showing some resemblance; related in appearance or nature; alike but not identical." As used

here, the word "similar" shall not be limited as if modified by the word "substantially" and shall not mean "the same". If you limit the information provided because you use another interpretation of the word "similar," please state the interpretation you are using and reveal the nature of the information withheld.

8.       The terms "**and**" as well as "**or**" shall be each construed conjunctively and disjunctively as necessary to bring within the scope of each interrogatory and request for documents all information and documents that might otherwise be construed to be outside its scope. The term "**and/or**" shall be construed likewise.

9.       Whenever necessary to bring within the scope of an interrogatory or request for production of documents any information or document that might otherwise be construed to be outside its scope:  (i) the use of a verb in any tense shall be construed as the use of the verb in all other tenses; (ii) the use of the singular shall be construed as the use of the plural and vice versa; and (iii) "**any**" includes "all," and "**all**" includes "any."

10.     With regard to any term used herein that is deemed by the responding party as being ambiguous or vague, a term shall be construed in its broadest sense to encompass all reasonable definitions of that term.

## INTERROGATORIES

### YOUR BACKGROUND INFORMATION

INTERROGATORY NO. 1.    State your full name, address, date and place of birth, and social security number. If you have ever been known by any name(s) other than the one you identify, please state each such name and for each such name explain when you were known by that name, whether you had a separate social security number and/or drivers' license in that name, and explain why you changed names or went by more than one name.

INTERROGATORY NO. 2.    For each driver's license you have had in the past seven (7) years, identify the state of issue, the date of issue, the number and whether or not it was a commercial drivers' license.

INTERROGATORY NO. 3.    Identify each address where you have lived in the past ten (10) years and provide the dates when you lived at each address.

INTERROGATORY NO. 4.    For each place you have worked (as an employee, independent contractor, leased driver, or otherwise) in the past fifteen (15) years, provide the following information: name of entity or person, for whom you worked; address; dates you worked there; job position; supervisor's name; and the reason you left.

INTERROGATORY NO. 5.    Identify each person you expect to call as an expert witness at trial including in your response a summary of each opinion the expert holds in regards to this case, the factual basis for each such opinion, a list of all documents and evidence of any kind provided to the expert for review and a list of all documents and evidence of any kind that support each opinion.

INTERROGATORY NO. 6.   Identify all motor vehicle collisions that you have been involved in during the past fifteen (15) years and for each collision, describe what happened; where the collision occurred; the names of the other individuals involved; who was at fault; and whether there were any injuries.

INTERROGATORY NO. 7.   If you have been arrested, charged, warned and/or cited for any violation of any ordinance, law and/or regulation in the past ten (10) years or if you have ever been convicted at any time of a felony, for each arrest/charge/warning/citation/conviction, identify the charge, jurisdiction, date, and disposition. This includes all traffic violations, licensing violations, vehicle and/or driver inspection violations, and all violations of any criminal code and law.

INTERROGATORY NO. 8.   If you have ever been disqualified from driving a motor vehicle, please describe when and under what circumstances you were disqualified.

INTERROGATORY NO. 9.   Have you had any medical condition in the past five (5) years that could affect your ability to operate a motor vehicle (including without limitation any condition affecting vision, hearing, high or low blood pressure, epilepsy, sleep issues, diabetes, nervous system issues, endocrine system issues, motor skill issues, issues with sensory abilities, sleep apnea, etc.)? If so, describe in detail each condition, who has treated you for the condition, and the nature and dates of these treatments.

INTERROGATORY NO. 10.  Have you ever been involved in any lawsuit other than the present one (excluding domestic cases)? If so, explain whether you were a Plaintiff, Defendant, or witness and identify the style, jurisdiction, date, and nature of the lawsuit.

INTERROGATORY NO. 11.  Identify all training you have received in connection with operating

a commercial motor vehicle, including courses taken to obtain your driver's license and training received since obtaining your driver's license.

### INSURANCE

INTERROGATORY NO. 12.  For each liability insurance policy of any kind that does or may provide any coverage on behalf of any Defendant (whether it is your policy or anyone else's policy) for damages/injuries alleged in this case and/or that is providing you a defense, provide: name of insurer; policy number; limits of coverage; the name(s) of all insureds; and state whether any insurer has offered a defense under a reservation of rights or otherwise contested coverage for the subject case.

### SUBJECT COLLISION

INTERROGATORY NO. 13.  Have you communicated with any person (other than your attorneys) in any way regarding the Subject Collision at any time including but not limited to giving any prepared statement or account of the events? If so, provide the details of any such communications, statements and accounts by explaining when, where, in what form, to whom the statement or account was given and the substance of your communication, statement, or account.

INTERROGATORY NO. 14.  Identify all person(s) who you to your knowledge have or may have any personal knowledge or information regarding: the Subject Collision; the facts leading up to the Subject Collision; the investigation of the Subject Collision; any party to this action; any vehicles involved in the Subject Collision or; and/or any other incidents, claims, or defenses raised in this action. The purpose of this interrogatory is to identify all witnesses you believe may have relevant testimony of any kind in connection with this case.

INTERROGATORY NO. 15.  If you maintain that either PLAINTIFF or anyone else not a party to this lawsuit has any responsibility of any kind for causing the Subject Collision, and/or for causing

any of the damages alleged in Plaintiff's Complaint, describe in detail the basis for their responsibility and identify all person(s) who have any knowledge regarding this issue.

INTERROGATORY NO. 16.  If you consumed any alcoholic beverage, sedative, tranquilizer, stimulant, and/or other prescription and/or over-the-counter drug or medicine (whether legal or not) during the seventy-two (72) hour period <u>immediately before</u> the Subject Collision, identify the substance consumed, the amount consumed, the time and place of consumption and the purpose for the consumption.

### <u>MISCELLANEOUS</u>

INTERROGATORY NO. 17.  Provide your mobile phone carrier(s) and mobile phone number(s) existing at the time of the Subject Collision, and with respect to all of the phone calls you made on your cell phone on the date of the Subject Collision, please state: the time each call was placed; the time each call ended; the person or persons with whom you spoke on each call; the phone number of the person or persons with whom you spoke with on each call; the purpose for each call; and whether you were operating the tractor-trailer involved in the Subject Collision at any time during each call.

INTERROGATORY NO. 18.  With respect to the deliveries/trips that you were scheduled to make on the day of the Subject Collision, please identify: the name and address of the delivery/trip location(s); what was to be delivered; and the time the load was to be delivered or the trip was to be completed.

INTERROGATORY NO. 19.   Explain in detail where you were and what you were doing during the seventy-two (72) hours <u>immediately prior to</u> and the forty-eight (48) hours <u>immediately following</u> the Subject Collision. This response should include the time and location of each pick up, delivery and

stop and the reason for each stop (e.g., load, unload, fuel, rest, meal, inspection, repair, other) as well as what you were doing when off duty. Identify all documents that evidence your response and all people who can substantiate your response.

INTERROGATORY NO. 20.  For the seventy-two (72) hours leading up to the Subject Collision, provide the amount of your driving hours, on-duty non-driving hours, locations during your on-duty non-driving hours, all stops you made and the reasons therefor, when and where your meals were eaten, when and where you slept and when you ingested any medications (prescription or over the counter) and the dosages.

INTERROGATORY NO. 21.  For each of Plaintiff's First Requests for Admission addressed to you that you did not admit without qualification, explain in detail the reason for your refusal to admit and identify all persons and documents that support your response.

# DOCUMENT REQUESTS

## GENERAL

**REQUEST NO. 1:**     All documents utilized by you in any way in responding to Plaintiff's First Interrogatories to Defendant Curtis Briggs.

**REQUEST NO. 2:**     Each liability insurance policy (and declarations page for each policy) that provides or may provide coverage for damages sustained in the Subject Collision and/or if coverage was in dispute that was in place at the time of the Subject Collision.

**REQUEST NO. 3:**     A copy of each automobile insurance policy that you had in place at the time of the Subject Collision, which provided liability coverage for the operation of the tractor-trailer that was involved in the Subject Collision.

**REQUEST NO. 4:**      All documents that you have exchanged with any insurance company evidencing the subject collision.

**REQUEST NO. 5:**     All documents that you have exchanged with any insurance company evidencing a lack of coverage for the Subject Collision.

**REQUEST NO. 6:**     All reservation of rights letters and/or agreements regarding insurance coverage for the claims asserted against you arising from the Subject Collision.

**REQUEST NO. 7:**     All documents directly or indirectly provided to and received from any insurance company regarding your driving history, criminal history, claims history, training, and qualification to drive and/or your insurability for motor vehicle operations.

**REQUEST NO. 8:** All documents and driver training resources provided or made available to you directly or indirectly by any insurance company.

### DEFENDANT CONQUEROR TRANS, LLC

**REQUEST NO. 9:** All documents setting forth the relationship between you and Defendant Conqueror Trans, LLC ("Conqueror Trans"). This includes, but is not limited to, all leases, employment contracts, and independent contract agreements and other contracts, agreements, memorandum and the like.

**REQUEST NO. 10:** All payroll records from any source during the sixty (60) days before and after the Subject Collision.

**REQUEST NO. 11:** All documents in your possession that relate to your qualification to operate a commercial motor vehicle.

**REQUEST NO. 12:** All documents that relate in any way to your training to operate a commercial motor vehicle.

**REQUEST NO. 13:** A copy of the front and back of every driver's license issued to you (regardless of name used) in your possession, custody, and/or control.

**REQUEST NO. 14:** Copies of all citations, warnings, and other documents alleging that you violated any law, ordinance, and/or regulation in the last five (5) years.

**REQUEST NO. 15:** All documents of any kind that relate to any action (formal or informal) by any supervisor or manager or anyone working by or on behalf of Conqueror Trans directed to you

for the purpose of teaching, counseling, disciplining, correcting, or otherwise managing you in any way relating to the safe operation of a commercial vehicle.

**REQUEST NO. 16:**   All documents relating in any way to any motor vehicle collision and/or accident of any kind in which you were involved in the past five (5) years.

**REQUEST NO. 17:**   All documents relating to any complaint, criticism, or concern raised by any person or entity regarding your driving performance and/or safety. This should include, but is not limited to, customer complaints and call-ins by motorists either to a company directly or to any service (i.e., How's My Driving?  Call 800…).

**REQUEST NO. 18:**   For each communication device (e.g., cell phones, PDAs, smartphones, texting and e-mailing devices, etc.) that was in the truck that you were operating at the time of the Subject Collision, produce all documents reflecting usage and billing for the time-period time period beginning twenty-four (24) hours before the Subject Collision and ending twenty-four (24) hours after the Subject Collision. This includes all devices, whether owned by you or not, and whether it was in use at the time of the Subject Collision or not.

**REQUEST NO. 19:**   All of your personnel files and employment-related files in your possession.

**REQUEST NO. 20:**   All correspondence and other communication of any kind between you and any third party (other than your attorneys) evidencing to the Subject Collision.

<u>**SUBJECT COLLISION**</u>

**REQUEST NO. 21:**    All documents in your possession, custody, and/or control relating in any way to the Subject Collision.

**REQUEST NO. 22:**    All documents sent by you to any person or entity (other than your attorneys), regarding the Subject Collision and/or describing the Subject Collision.

**REQUEST NO. 23:**    All documents evidencing each investigation done by or on behalf of Defendants evidencing to the Subject Collision of the Subject Collision.

**REQUEST NO. 24:**    All documents that set forth any facts leading up to the Subject Collision.

**REQUEST NO. 25:**    All documents that explain what caused the Subject Collision.

**REQUEST NO. 26:**    All documents assessing preventability of and/or fault for the Subject Collision, as well as any documents created by any accident review board or other accident review process.

**REQUEST NO. 27:**    All photographs, video, computer simulations, and any other documents depicting:

        a.    Any vehicle involved in the Subject Collision;

        b.    Any person involved in the Subject Collision;

        c.    The scene of the Subject Collision; and/or

        d.    Any evidence (roadway markings or other) relevant to the Subject Collision.

**REQUEST NO. 28:**    All reports relating to the Subject Collision in your possession, custody,

and/or control.

**REQUEST NO. 29:**   All correspondence and other communications (including e-mail) that you have had with any person other than your lawyers involving the Subject Collision.

**REQUEST NO. 30:**   All tapes and transcripts of conversations, interviews, statements, etc. of any witness, party, or any other entity whatsoever regarding any aspect of the Subject Collision, the injuries or damages resulting therefrom, or this lawsuit.

<u>GOVERNMENTAL CONTACT AND INTERVENTION</u>

**REQUEST NO. 31:**   Copies of all documents sent to or received from any governmental agency regarding the Subject Collision and/or your operation of a commercial motor vehicle within the past three (3) years.

<u>POLICIES AND PROCEDURES</u>

**REQUEST NO. 32:**   All handbooks and manuals provided to you by Conqueror Trans that were in effect at the time of the Subject Collision.

**REQUEST NO. 33:**   All policies, procedures, rules, guidelines, directives, and instructions ever given to you by Conqueror Trans.

<u>MISCELLANEOUS</u>

**REQUEST NO. 34:**   All documents and other materials which support any contention that the Subject Collision was the fault of anyone other than the Defendants.

**REQUEST NO. 35:**   All diagrams, graphs, illustrations, photographs, charts, pictures, models, blow-ups, or any other document or thing, including electronically created charts, animations, or

data that you intend to utilize as an exhibit, demonstrative exhibit, or aid in the trial of this case not previously supplied.

**REQUEST NO. 36:**   All documents and things that you contend evidence, prove, and/or support your claims on any issue of negligence or causation as to the Subject Collision, including, but not limited to, admissions of fault, engineering analysis, scientific tests, and official or unofficial reports.

**REQUEST NO. 37:**   If any surveillance has been undertaken by or on behalf of you, produce a copy of all reports, photographs, video, and anything else generated through that investigation.

**REQUEST NO. 38:**   Produce all documents that you have obtained in this case through nonparty requests for production and/or subpoena, including, without limitation, copies of Plaintiff's medical records and employment records.

## REQUESTS FOR ADMISSION

**REQUEST NO. 1**      Briggs is a proper party to this lawsuit.

**REQUEST NO. 2**      Briggs was properly named in this case.

**REQUEST NO. 3**      Briggs was properly and sufficiently served with process in this civil action.

**REQUEST NO. 4**      Venue is proper in this Court as to you.

**REQUEST NO. 5**      Jurisdiction is proper in this Court as to Briggs.

**REQUEST NO. 6**      You are not asserting the defense of insufficiency of service of process.

**REQUEST NO. 7**      You are not asserting the defense of improper service of process.

**REQUEST NO. 8**      Briggs was an employee of Conqueror Trans at the time of the Subject Collision.

**REQUEST NO. 9**      Briggs was an agent of Conqueror Trans at the time of the Subject Collision.

**REQUEST NO. 10**      Briggs was acting within the scope of his employment with Conqueror Trans at the time of the Subject Collision.

**REQUEST NO. 11**      Briggs was acting within the scope of his agency with Conqueror Trans at the time of the Subject Collision.

**REQUEST NO. 12**      Admit that you were the driver of the truck that collided with Plaintiff's vehicle on or about February 25, 2021.

**REQUEST NO. 13**      Admit that you failed to maintain your lane of travel at the time of the Subject Collision.

**REQUEST NO. 14**      Briggs failed to maintain proper control of his truck at the time of the Subject Collision.

**REQUEST NO. 15**      At the time of the Subject Collision, Briggs failed to keep and maintain a proper look out for traffic.

**REQUEST NO. 16**      Briggs was not paying attention to traffic like he should have been.

**REQUEST NO. 17**      At the time of the Subject Collision, Briggs did not see Plaintiff's vehicle next to him.

**REQUEST NO. 18**    Briggs gave a recorded statement to one (1) or more insurance companies that provided liability coverage for the truck that Briggs was driving at the time of the Subject Collision.

**REQUEST NO. 19**    Briggs had a mobile cellular device present inside his vehicle at the time of the Subject Collision.

**REQUEST NO. 20**    Briggs had more than one (1) mobile cellular device was present inside his truck at the time of the Subject Collision.

**REQUEST NO. 21**    Briggs was using at least one (1) mobile cellular device in his truck at the time of the Subject Collision.

**REQUEST NO. 22**    Briggs was using more than one (1) mobile cellular device inside his truck at the time of the Subject Collision.

**REQUEST NO. 23**    Briggs was using a mobile cellular device at the moment of impact with Plaintiff's vehicle.

**REQUEST NO. 24**    While at the scene of the collision, Briggs conversed with at least one (1) person about what happened before, during, and/or after the Subject Collision using a mobile cellular device.

**REQUEST NO. 25**    While at the scene of the collision, Briggs texted at least one (1) person about what had happened before, during, and/or after the Subject Collision using a mobile cellular device.

**REQUEST NO. 26**    While at the scene of the collision, Briggs had a cellular mobile device or a camera that he could have used to take pictures of the scene of the Subject Collision, the vehicles involved, and/or the persons involved.

**REQUEST NO. 27**    While at the scene of the collision, Briggs took at least one (1) photograph of the scene of the Subject Collision, the vehicles involved, and/or the persons involved using a mobile cellular device.

**REQUEST NO. 28**   While at the scene of the collision, Briggs took video recording(s) using a mobile cellular device of the scene of the Subject Collision, the vehicles involved, and/or the persons involved.

**REQUEST NO. 29**   While at the scene of the collision, Briggs took audio recording(s) of the scene of the Subject Collision, the vehicles involved, and/or the persons involved using a mobile cellular device.

**REQUEST NO. 30**   No improper act of the Plaintiff caused or contributed to the cause of the Subject Collision.

**REQUEST NO. 31**   No failure to act by Plaintiff caused or contributed to the cause of Subject Collision.

**REQUEST NO. 32**   No improper act or failure to act on the part of any third party to this action caused or contributed to the cause of the Subject Collision.

**REQUEST NO. 33**   Briggs's negligent acts and/or omissions were the sole cause of the Subject Collision.

**REQUEST NO. 34**   Briggs's negligent acts and/or omissions were a contributing cause of the Subject Collision.

**REQUEST NO. 35**   No visual obstructions existed leading up to the Subject Collision that would have prevented Briggs from seeing Plaintiff's vehicle in the five hundred (500) feet prior to the Subject Collision.

**REQUEST NO. 36**   No visual obstructions existed leading up to the Subject Collision that would have prevented Briggs from seeing Plaintiff's vehicle in the seven hundred fifty (750) feet prior to the Subject Collision.

**REQUEST NO. 37**   No visual obstructions existed leading up to the Subject Collision that would have prevented Briggs from seeing Plaintiff's vehicle in the one thousand (1000) feet prior to the Subject Collision.

Dated this 31st day of August, 2022.

WLG ATLANTA, LLC

/s/ J. Martin Futrell
J. MARTIN FUTRELL
GEORGIA STATE BAR NUMBER 450872
ATTORNEY FOR PLAINTIFF

BANK OF AMERICA PLAZA
600 PEACHTREE STREET, NE, SUITE 4010
ATLANTA, GA 30308
TELEPHONE:     470-881-8806
FACSIMILE:      470-881-8820
E-MAIL:        MARTIN.FUTRELL@WITHERITELAW.COM

E-FILED IN OFFICE - GH
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**22-C-04935-S2**
**9/7/2022 3:14 PM**
**TIANA P. GARNER, CLERK**

**AFFIDAVIT OF SERVICE**

| Case: 22-C-04935-S2 | Court: Gwinnett County State Court, State of Georgia | County: Gwinnett, GA | Job: 7604775 |
|---|---|---|---|
| **Plaintiff / Petitioner:** Pamela Oliver | | **Defendant / Respondent:** Conqueror Trans LLC, Curtis Briggs, and State National Insurance Company | |
| **Received by:** CGA Solutions | | **For:** Witherite Law Group, LLC | |
| **To be served upon:** State National Insurance Company c/o CT Corporation System, Registered Agent | | | |

I, Thomas David Gibbs III, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:** Linda Banks, CT Corporation System: 289 S. Culver St, Lawrenceville, GA 30046

**Manner of Service:** Registered Agent, Sep 6, 2022, 2:51 pm EDT

**Documents:** Summons, Complaint for Damages (Received Sep 2, 2022 at 10:55am EDT)

**Additional Comments:**
1) Successful Attempt: Sep 6, 2022, 2:51 pm EDT at CT Corporation System: 289 S. Culver St, Lawrenceville, GA 30046 received by Linda Banks.
Agent designated by CT Corporation to accept service

Subscribed and sworn to before me by the affiant who is personally known to me

Thomas David Gibbs III                Date  9-7-22

CGA Solutions
723 Main Street
Stone Mountain, GA 30083
866-217-8581

Notary Public

Date  9-7-22                Commission Expires  12-27-24

FILED IN OFFICE
CLERK STATE COURT
GWINNETT COUNTY, GA

IN THE STATE COURT OF GWINNETT COUNTY DEC -3 AM 10: 15

STATE OF GEORGIA

TIANA P. GARNER, CLERK

IN RE: Permanent Process Servers

Case Number: **21 C 08487-2**

## ORDER OF APPOINTMENT

The application of the undersigned permanent process server having been read and considered, said applicant is hereby appointed permanent process server of this court pursuant to O.C.G.A. § 9-11-4(c), from the date of this order **up to and including January 4, 2023.**

This order allows the applicant to serve as a process server in Gwinnett County State Court matters only, on an annual renewable basis.

SO ORDERED this ___30___ day of ___NOV___, 20_21_.

_____

Presiding Judge
Gwinnett County State Court

Applicant:

Name ___Thomas David GIBBS III___

Address ___723 Main Street___
___Stone Mountain, GA 30083___
___404-484-2147___

E-FILED IN OFFICE - MB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**22-C-04935-S2**
**9/29/2022 10:55 AM**
**TIANA P. GARNER, CLERK**

# IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

|  |  |  |
|---|---|---|
| PAMELA OLIVER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION |
| | ) | FILE NO.: 22-C-04935-S2 |
| CONQUEROR TRANS, LLC; CURTIS | ) | |
| BRIGGS; AND STATE NATIONAL | ) | |
| INSURANCE COMPANY | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

## NOTICE OF ENTRY OF APPEARANCE OF COUNSEL

COMES NOW Jennifer W. Wolak and Robert R. Wheeler, Jr. of the law firm of Fields

Howell LLP, and hereby files this Notice of Entry of Appearance as counsel for Defendant State

National Insurance Company in the above-styled case. Please include all future communications,

filings, and service to the following:

Jennifer W. Wolak
Georgia Bar No.: 758575
Robert R. Wheeler, Jr.
Georgia Bar No.: 160696
Fields Howell LLP
665 8th Street NW
Atlanta, Georgia  30318
404.214.1250 – Telephone
404.214.1251 – Facsimile
jwolak@fieldshowell.com
rwheeler@fieldshowell.com

Respectfully submitted this 29th day of September, 2022.

(CONTINUED ON NEXT PAGE)

**FIELDS HOWELL LLP**

665 8th Street NW
Atlanta, Georgia 30318
404.214.1250 – Telephone
404.214.1251 – Facsimile

Jennifer W. Wolak
Georgia Bar No.: 758575
jwokal@fieldshowell.com
Robert R. Wheeler, Jr.
Georgia Bar No.: 160696
rwheeler@fieldshowell.com

*Counsel for State National
Insurance Company, Inc..*

**IN THE STATE COURT OF GWINNETT COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| PAMELA OLIVER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION |
| | ) | FILE NO.: 22-C-04935-S2 |
| CONQUEROR TRANS, LLC; CURTIS | ) | |
| BRIGGS; AND STATE NATIONAL | ) | |
| INSURANCE COMPANY | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day served a copy of the foregoing **NOTICE OF ENTRY OF APPERANCE OF COUNSEL** upon the following via statutory electronic service by using Odyssey's electronic service system pursuant to O.C.G.A. § 9-11-5(f):

J. Martin Futrell
WLG Atlanta, LLC
Bank of America Plaza
600 Peachtree Street, NE,
Suite 4010
Atlanta, Georgia 30308
Martin Futrell
Martin.Futrell@witheritelaw.com

This 29th day of September, 2022.

(CONTINUED ON NEXT PAGE)

**FIELDS HOWELL LLP**

Jennifer W. Wolak
Georgia Bar No.: 758575
jwokal@fieldshowell.com
Robert R. Wheeler, Jr.
Georgia Bar No.: 160696
rwheeler@fieldshowell.com

665 8th Street NW
Atlanta, Georgia 30318
404.214.1250 – Telephone
404.214.1251 – Facsimile

*Counsel for State National
Insurance Company, Inc..*

4

E-FILED IN OFFICE - GH
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**22-C-04935-S2**

**9/29/2022 10:59 AM**

TIANA P. GARNER, CLERK

**IN THE STATE COURT OF GWINNETT COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| PAMELA OLIVER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION |
| | ) | FILE NO.: 22-C-04935-S2 |
| CONQUEROR TRANS, LLC; CURTIS | ) | |
| BRIGGS; AND STATE NATIONAL | ) | |
| INSURANCE COMPANY | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**STIPULATED MOTION TO EXTEND TIME FOR**
**ANSWER TO PLAINTIFF'S COMPLAINT**

It is hereby stipulated and agreed between counsel for Plaintiff and counsel for Defendant

State National Insurance Company that Defendant State National Insurance Company shall have

an extension of time up through, and including, October 21, 2022 to file a response to Plaintiff's

Complaint.

Respectfully submitted this 29th day of September, 2022.

**WLG ATLANTA, LLC**                           **FIELDS HOWELL LLP**

/s/ J. Martin Futrell                              /s/ Jennifer W. Wolak

J. Martin Futrell                                   Jennifer W. Wolak
Georgia Bar No.: 450872                    Georgia Bar No.: 758575
Martin.Futrell@witheritelaw.com       jwokal@fieldshowell.com
                                                          Robert R. Wheeler, Jr.
*Counsel for Plaintiff*                           Georgia Bar No.: 160696
                                                          rwheeler@fieldshowell.com

                                                          *Counsel for State National*
                                                          *Insurance Company, Inc.*

**IN THE STATE COURT OF GWINNETT COUNTY**
**STATE OF GEORGIA**

PAMELA OLIVER,         )
                              )
      Plaintiff,        )
                              )
vs.                       )    CIVIL ACTION
                              )    FILE NO.: 22-C-04935-S2
CONQUEROR TRANS, LLC; CURTIS )
BRIGGS; AND STATE NATIONAL   )
INSURANCE COMPANY         )
                              )
      Defendants.    )
                              )

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have served a copy of **STIPULATED MOTION TO EXTEND**

**TIME FOR ANSWER TO PLAINTIFF'S COMPLAINT** on all counsel of record via the

Odyssey's e-filing system, which will automatically send notification of such filing to all counsel

of record, as follows:

J. Martin Futrell
WLG Atlanta, LLC
Bank of America Plaza
600 Peachtree Street, NE,
Suite 4010
Atlanta, Georgia 30308

This 29th day of September, 2022.

                                        **FIELDS HOWELL LLP**

                                        *Jennifer W Wolak*

                                        Jennifer W. Wolak
665 8th Street NW                    Georgia Bar No.: 758575
Atlanta, Georgia 30318           jwokal@fieldshowell.com
404.214.1250 – Telephone         Robert R. Wheeler, Jr.
404.214.1251 – Facsimile           Georgia Bar No.: 160696
                                        rwheeler@fieldshowell.com

                                        *Counsel for State National*

*Insurance Company, Inc.*

E-FILED IN OFFICE - GH
Case 1:22-mi-99999-UNA Document 5847-2-1 Filed 02/28/2022 Page 456 of 558 CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**22-C-04935-S2**
**10/12/2022 5:53 PM**
**TIANA P. GARNER, CLERK**

## AFFIDAVIT OF SERVICE

| Case: 22-C-04935-S2 | Court: Gwinnett County State Court, State of Georgia | County: Gwinnett, GA | Job: 7604775 |
|---|---|---|---|
| Plaintiff / Petitioner: Pamela Oliver | | Defendant / Respondent: Conqueror Trans LLC, Curtis Briggs, and State National Insurance Company | |
| Received by: CGA Solutions | | For: Witherite Law Group, LLC | |
| To be served upon: Curtis Briggs | | | |

I, Stephen C Buskirk, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:** Curtis Briggs, 412 Hummingbird Dr., Little Elm, TX 75068

**Manner of Service:** Personal/Individual, Sep 24, 2022, 10:30 am EDT

**Documents:** Summons, Complaint for Damages, Plaintiff's First Interrogatories, First Requests for Production of Documents and First Requests for Admission to Defendant Curtis Briggs (Received Sep 2, 2022 at 10:55am EDT)

### Additional Comments:

1) Successful Attempt: Sep 24, 2022, 10:30 am EDT at 412 Hummingbird Dr., Little Elm, TX 75068 received by Curtis Briggs. Age: 25-30; Ethnicity: Caucasian; Gender: Male; Weight: 200; Height: 6'; Hair: Black; Defendant positively identified self at time of service.

Stephen C Buskirk, PSC1987    Date 10-11-2022

CGA Solutions
723 Main Street
Stone Mountain, GA 30083
866-217-8581

Subscribed and sworn to before me by the affiant who is personally known to me.

Notary Public

Date 10/11/2022    Commission Expires 3/24/2024

SUNNY S. BUSKIRK
Notary Public, State of Texas
Comm. Expires 03-24-2024
Notary ID 126457653

E-FILED IN OFFICE - GH
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**22-C-04935-S2**

**10/19/2022 4:50 PM**

**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| PAMELA OLIVER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL ACTION |
| | ) FILE NO.: 22-C-04935-S2 |
| CONQUEROR TRANS, LLC; CURTIS | ) |
| BRIGGS; AND STATE NATIONAL | ) |
| INSURANCE COMPANY | ) |
| | ) |
| Defendants. | ) |
| | ) |

### DEFENDANT STATE NATIONAL INSURANCE COMPANY, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendant State National Insurance Company Inc. ("State National"), through its counsel, files its Answer and Affirmative Defenses to Plaintiff Pamela Oliver ("Plaintiff" or "Oliver") Complaint as follows:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint, in whole or in part, may fail to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

State National has bona fide defenses to the claims asserted against him by the Plaintiff; therefore, Plaintiff cannot recover attorney's fees and litigation expenses pursuant to § O.C.G.A. 13-6-11.

### THIRD AFFIRMATIVE DEFENSE

State National's acts or omissions are not the cause or proximate cause of Plaintiff's injuries.

## FOURTH AFFIRMATIVE DEFENSE

If Plaintiff sustained any injuries or incurred any damages, the same were caused, in whole or in part, by the acts or omissions of persons other than State National or by the superseding intervention of causes outside State National's control.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's injuries were proximately caused by Plaintiff's contributory negligence, which bars her recovery from State National.

## SIXTH AFFIRMATIVE DEFENSE

State National reserves the right to assert any additional defenses and matters of avoidance as may be disclosed during the course of additional investigation and discovery.

## SEVENTH AFFIRMATIVE DEFENSE

State National alleges that Plaintiff is not entitled to recover on claims, damages or losses paid as a result of coverage under any applicable policy of insurance.

## EIGHTH AFFIRMATIVE DEFENSE

State National alleges that Plaintiff's claims are barred by certain terms, limitations, and rights under the State National policy.

## NINTH AFFIRMATIVE DEFENSE

Subject to and without waiving the foregoing affirmative defenses, State National responsively answers the enumerated paragraphs of Plaintiff's complain and the various allegations therein contained as follows:

1.

State National is without sufficient information to either admit or deny the allegations contained in Paragraph 1.

## PARTIES, JURISDICTION AND VENUE

2.

State National is without sufficient information to either admit or deny the allegations contained in Paragraph 2.

3.

State National is without sufficient information to either admit or deny the allegations contained in Paragraph 3.

4.

State National is without sufficient information to either admit or deny the allegations contained in Paragraph 4.

5.

State National is without sufficient information to either admit or deny the allegations contained in Paragraph 5.

6.

State National is without sufficient information to either admit or deny the allegations contained in Paragraph 6.

7.

State National is without sufficient information to either admit or deny the allegations contained in Paragraph 7.

8.

State National is without sufficient information to either admit or deny the allegations contained in Paragraph 8.

9.

State National is without sufficient information to either admit or deny the allegations contained in Paragraph 9.

10.

State National is without sufficient information to either admit or deny the allegations contained in Paragraph 10.

11.

State National is without sufficient information to either admit or deny the allegations contained in Paragraph 11.

12.

State National is without sufficient information to either admit or deny the allegations contained in Paragraph 12.

13.

State National is without sufficient information to either admit or deny the allegations contained in Paragraph 13.

14.

State National is without sufficient information to either admit or deny the allegations contained in Paragraph 14.

15.

State National is without sufficient information to either admit or deny the allegations contained in Paragraph 15.

16.

State National is without sufficient information to either admit or deny the allegations contained in Paragraph 16.

17.

State National admits the allegations contained in Paragraph 17.

18.

State National is without sufficient information to either admit or deny the allegations contained in Paragraph 18.

19.

State National admits that it issued Policy Number GWP65052 to Conqueror Trans, LLC. State National is without sufficient information to either admit or deny the remaining allegations contained in Paragraph 19.

20.

State National admits that it issued Policy Number GWP65052 to Conqueror Trans, LLC. State National is without sufficient information to either admit or deny the remaining allegations contained in Paragraph 20.

21.

State National admits the allegations contained in Paragraph 21.

22.

State National is without sufficient information to either admit or deny the allegations contained in Paragraph 22.

23.

State National is without sufficient information to either admit or deny the allegations contained in Paragraph 23.

24.

State National is without sufficient information to either admit or deny the allegations contained in Paragraph 24.

# **FACTS**

25.

State National incorporates its responses to the allegations in Paragraphs 1 through 24 above as if fully set forth herein.

26.

State National is without sufficient information to either admit or deny the allegations contained in Paragraph 26.

27.

State National is without sufficient information to either admit or deny the allegations contained in Paragraph 27.

28.

State National is without sufficient information to either admit or deny the allegations contained in Paragraph 28.

29.

State National is without sufficient information to either admit or deny the allegations contained in Paragraph 29.

30.

State National is without sufficient information to either admit or deny the allegations contained in Paragraph 30.

31.

State National is without sufficient information to either admit or deny the allegations contained in Paragraph 31.

32.

State National is without sufficient information to either admit or deny the allegations contained in Paragraph 32.

33.

State National is without sufficient information to either admit or deny the allegations contained in Paragraph 33.

34.

State National is without sufficient information to either admit or deny the allegations contained in Paragraph 34.

35.

State National denies the allegations in Paragraph 35 to the extent they are directed at State National. State National is without sufficient information to either admit or deny the remaining allegations contained in Paragraph 35.

36.

Paragraph 36 is not directed at State National. To the extent that a response is required, State National is without sufficient information to either admit or deny the allegations contained in Paragraph 36.

37.

State National is without sufficient information to either admit or deny the remaining allegations contained in Paragraph 37.

38.

State National is without sufficient information to either admit or deny the remaining allegations contained in Paragraph 38.

39.

State National is without sufficient information to either admit or deny the remaining allegations contained in Paragraph 39.

40.

State National is without sufficient information to either admit or deny the remaining allegations contained in Paragraph 40.

41.

State National denies the allegations in Paragraph 41 to the extent they are directed at State National. State National is without sufficient information to either admit or deny the remaining allegations contained in Paragraph 41.

42.

State National is without sufficient information to either admit or deny the remaining allegations contained in Paragraph 42.

## COUNT I: DIRECT ACTION AGAINST STATE NATIONAL INSURANCE COMPANY

43.

State National incorporates its responses to the allegations in Paragraphs 1 through 43 above as if fully set forth herein.

44.

State National admits that it issued Policy Number GWP65052 to Conqueror Trans, LLC. State National denies the remaining allegations in Paragraph 44.

45.

State National admits that it issued Policy Number GWP65052 to Conqueror Trans, LLC. State National denies the remaining allegations in Paragraph 45.

46.

State National admits that it issued Policy Number GWP65052 to Conqueror Trans, LLC and was transacting business in the State of Georgia on the date of the subject incident. State National is without sufficient information to either admit or deny the remaining allegations contained in Paragraph 46.

47.

State National is without sufficient information to either admit or deny the remaining allegations contained in Paragraph 47.

48.

State National is without sufficient information to either admit or deny the remaining allegations contained in Paragraph 48.

## COUNT II: NEGLIGENCE OF CONQUEROR TRANS, LLC

49.

State National incorporates its responses to the allegations in Paragraphs 1 through 48 above as if fully set forth herein.

50.

Paragraph 50 is not directed at State National.  To the extent that a response is required, State National is without sufficient information to either admit or deny the allegations contained in Paragraph 50.

51.

Paragraph 51 is not directed at State National.  To the extent that a response is required, State National is without sufficient information to either admit or deny the allegations contained in Paragraph 51.

52.

Paragraph 52 is not directed at State National.  To the extent that a response is required, State National is without sufficient information to either admit or deny the allegations contained in Paragraph 52.

53.

Paragraph 53 is not directed at State National.  To the extent that a response is required, State National is without sufficient information to either admit or deny the allegations contained in Paragraph 53.

54.

Paragraph 54 is not directed at State National.  To the extent that a response is required, State National is without sufficient information to either admit or deny the allegations contained in Paragraph 54.

55.

Paragraph 55 is not directed at State National.  To the extent that a response is required, State National is without sufficient information to either admit or deny the allegations contained in Paragraph 55.

56.

Paragraph 56 is not directed at State National.  To the extent that a response is required, State National is without sufficient information to either admit or deny the allegations contained in Paragraph 56.

57.

Plaintiff did not list any allegations in Paragraph 57.

58.

Plaintiff did not list any allegations in Paragraph 58.

59.

Plaintiff did not list any allegations in Paragraph 59.

60.

Paragraph 60 is not directed at State National.  To the extent that a response is required, State National is without sufficient information to either admit or deny the allegations contained in Paragraph 60.

61.

Paragraph 61 is not directed at State National.  To the extent that a response is required, State National is without sufficient information to either admit or deny the allegations contained in Paragraph 61.

## **COUNT III: NEGLIGENCE OF DEFENDANT CURTIS BRIGGS**

62.

State National incorporates its responses to the allegations in Paragraphs 1 through 61 above as if fully set forth herein.

63.

Paragraph 63 is not directed at State National.  To the extent that a response is required, State National is without sufficient information to either admit or deny the allegations contained in Paragraph 63.

64.

Paragraph 64 is not directed at State National.  To the extent that a response is required, State National is without sufficient information to either admit or deny the allegations contained in Paragraph 64.

65.

Paragraph 65 is not directed at State National.  To the extent that a response is required, State National is without sufficient information to either admit or deny the allegations contained in Paragraph 65.

66.

Paragraph 66 is not directed at State National.  To the extent that a response is required, State National is without sufficient information to either admit or deny the allegations contained in Paragraph 66.

## COUNT IV: COMBINED AND CONCURRING NEGLIGENCE

67.

State National incorporates its responses to the allegations in Paragraphs 1 through 66 above as if fully set forth herein.

68.

Paragraph 68 is not directed at State National.  To the extent that a response is required, State National is without sufficient information to either admit or deny the allegations contained in Paragraph 68.

69.

Paragraph 69 is not directed at State National.  To the extent that a response is required, State National is without sufficient information to either admit or deny the allegations contained in Paragraph 69.

70.

Paragraph 70 is not directed at State National.  To the extent that a response is required, State National is without sufficient information to either admit or deny the allegations contained in Paragraph 70.

## COUNT V: PUNITIVE DAMAGES

### 71.

State National incorporates its responses to the allegations in Paragraphs 1 through 70 above as if fully set forth herein.

### 72.

Paragraph 72 is not directed at State National. To the extent that a response is required, State National is without sufficient information to either admit or deny the allegations contained in Paragraph 72.

### 73.

State National denies the allegations in Paragraph 73 to the extent they are directed at State National. State National is without sufficient information to either admit or deny the remaining allegations contained in Paragraph 73.

## PRAYER FOR RELIEF

State National hereby denies any allegations set forth in Plaintiff's Complaint not specifically responded to above.

WHEREFORE, having fully answered Plaintiff's Complaint, State National prays that Plaintiff's Complaint be dismissed with prejudice, that judgment be rendered in favor of State National and against Plaintiff; that Plaintiff recover nothing against State National in this action; that Plaintiff be assessed with all costs of this action; that State National be given a trial by jury of twelve (12) on all issues; and that State National have such other and further relief as the Court deems just and proper.

(*Signature on the following page*)

This 19th day of October, 2022.

**FIELDS HOWELL LLP**

/s/ *Jennifer W. Wolak*_____
Jennifer W. Wolak
Georgia Bar No.: 758575
jwokal@fieldshowell.com
Robert R. Wheeler, Jr.
Georgia Bar No.: 160696
rwheeler@fieldshowell.com

665 8th Street NW
Atlanta, Georgia 30318
404.214.1250 – Telephone
404.214.1251 – Facsimile

*Counsel for State National*
*Insurance Company, Inc..*

**IN THE STATE COURT OF GWINNETT COUNTY**
**STATE OF GEORGIA**

PAMELA OLIVER,                          )
                                        )
     Plaintiff,                       )
                                        )
vs.                                     )     CIVIL ACTION
                                        )     FILE NO.: 22-C-04935-S2
CONQUEROR TRANS, LLC; CURTIS            )
BRIGGS; AND STATE NATIONAL              )
INSURANCE COMPANY                       )
                                        )
     Defendants.                      )
                                        )

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the foregoing **DEFENDANT STATE NATIONAL INSRUANCE COPMANY, INC.'S ANSWER AND AFFIRMATIVE DEFENSES** upon the following via statutory electronic service by using Odyssey's electronic service system pursuant to O.C.G.A. § 9-11-5(f):

J. Martin Futrell
WLG Atlanta, LLC
Bank of America Plaza
600 Peachtree Street, NE,
Suite 4010
Atlanta, Georgia 30308

This 19th day of October, 2022.

**FIELDS HOWELL LLP**

/s/ *Jennifer W. Wolak*
Jennifer W. Wolak
665 8th Street NW                       Georgia Bar No.: 758575
Atlanta, Georgia 30318                  jwokal@fieldshowell.com
404.214.1250 – Telephone                Robert R. Wheeler, Jr.
404.214.1251 – Facsimile                Georgia Bar No.: 160696
                                        rwheeler@fieldshowell.com

*Counsel for State National*
*Insurance Company, Inc.*

15



# GEORGIA CORPORATIONS DIVISION

### GEORGIA SECRETARY OF STATE
## BRAD RAFFENSPERGER

**HOME (/)**

## BUSINESS SEARCH

### BUSINESS INFORMATION

Business Name: **STATE NATIONAL INSURANCE COMPANY, INC.**

Control Number: **K218809**

Business Type: **Foreign Insurance Company**

Business Status: **Active/Compliance**

Business Purpose: **NONE**

Principal Office Address: **1900 L. DON DODSON DR, BEDFORD, TX, 76021, USA**

Date of Formation / Registration Date: **9/22/1992**

Jurisdiction: **Texas**

Last Annual Registration Year: **2022**

### REGISTERED AGENT INFORMATION

Registered Agent Name: **C T Corporation System**

Physical Address: **289 S. Culver St., Lawrenceville, GA, 30046-4805, USA**

County: **Gwinnett**

### OFFICER INFORMATION

| Name | Title | Business Address |
|---|---|---|
| DAVID M. CLEFF | Secretary | 1900 L. Don Dodson Drive, Bedford, TX, 76021, USA |
| Matthew A. Freeman | CEO | 1900 L. Don Dodson Dr, Bedford, TX, 76021, USA |

Back

Filing History      Name History

Return to Business Search

Office of the Georgia Secretary of State Attn: 2 MLK, Jr. Dr. Suite 313, Floyd West Tower Atlanta, GA 30334-1530, Phone: (404) 656-2817 Toll-free: (844) 753-7825, WEBSITE: https://sos.ga.gov/
© 2015 PCC Technology Group. All Rights Reserved. Version 6.2.19      **Report a Problem?**

cyberdriveillinois.com is now ilsos.gov



Office of the Secretary of State Jesse White

ilsos.gov

# Corporation/LLC Search/Certificate of Good Standing

## LLC File Detail Report

| | |
|---|---|
| File Number | 06695019 |
| Entity Name | CONQUEROR TRANS LLC |
| Status | INVOLUNTARY DISSOLUTION on Friday, 8 July 2022 |

## Entity Information

**Principal Office**
3100 BOYLE TERRACE, 2F
RIVER, IL 601710000

**Entity Type**
LLC

**Type of LLC**
Domestic

**Organization/Admission Date**
Friday, 12 January 2018

**Jurisdiction**
IL

**Duration**
PERPETUAL

## Agent Information

Name
SYLWIA SZOT

Address
3100 BOYLE TER APT 2F
RIVER GROVE , IL 60171

Change Date
Tuesday, 31 August 2021

## Annual Report

For Year
2022

Filing Date
00/00/0000

## Managers

Name
Address
ALEJANDRO CASTILLO
1420 RENAISSANCE DR
PARK RIDGE, IL 60068

## Series Name

NOT AUTHORIZED TO ESTABLISH SERIES

Return to Search

This information was printed from www.ilsos.gov, the official website of the Illinois Secretary of State's Office.     Thu Nov 10 2022

JS44 (Rev. 10/2020 NDGA)                    **CIVIL COVER SHEET**

The JS44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form is required for the use of the Clerk of Court for the purpose of initiating the civil docket record. (SEE INSTRUCTIONS ATTACHED)

## I. (a) PLAINTIFF(S)

## DEFENDANT(S)

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED
PLAINTIFF_____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED
DEFENDANT_____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

## (c) ATTORNEYS (FIRM NAME, ADDRESS, TELEPHONE NUMBER, AND E-MAIL ADDRESS)

## ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION
(PLACE AN "X" IN ONE BOX ONLY)

1 U.S. GOVERNMENT
PLAINTIFF

3 FEDERAL QUESTION
(U.S. GOVERNMENT NOT A PARTY)

2 U.S. GOVERNMENT
DEFENDANT

4 DIVERSITY
(INDICATE CITIZENSHIP OF PARTIES
IN ITEM III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES
(PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(FOR DIVERSITY CASES ONLY)

| | PLF | DEF | | PLF | DEF | |
|---|---|---|---|---|---|---|
| | 1 | 1 | CITIZEN OF THIS STATE | 4 | 4 | INCORPORATED OR PRINCIPAL PLACE OF BUSINESS IN THIS STATE |
| | 2 | 2 | CITIZEN OF ANOTHER STATE | 5 | 5 | INCORPORATED AND PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE |
| | 3 | 3 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | 6 | 6 | FOREIGN NATION |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

1 ORIGINAL
PROCEEDING

2 REMOVED FROM
STATE COURT

3 REMANDED FROM
APPELLATE COURT

4 REINSTATED OR
REOPENED

TRANSFERRED FROM
5 ANOTHER DISTRICT
(Specify District)

MULTIDISTRICT
6 LITIGATION -
TRANSFER

APPEAL TO DISTRICT JUDGE
7 FROM MAGISTRATE JUDGE
JUDGMENT

MULTIDISTRICT
8 LITIGATION -
DIRECT FILE

## V. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE - DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

**(IF COMPLEX, CHECK REASON BELOW)**

1. Unusually large number of parties.

2. Unusually large number of claims or defenses.

3. Factual issues are exceptionally complex

4. Greater than normal volume of evidence.

5. Extended discovery period is needed.

6. Problems locating or preserving evidence

7. Pending parallel investigations or actions by government.

8. Multiple use of experts.

9. Need for discovery outside United States boundaries.

10. Existence of highly technical issues and proof.

## CONTINUED ON REVERSE

FOR OFFICE USE ONLY

RECEIPT #_____    AMOUNT $_____    APPLYING IFP_____    MAG. JUDGE (IFP)_____

JUDGE_____    MAG. JUDGE_____    NATURE OF SUIT_____    CAUSE OF ACTION_____
                       (Referral)

# VI. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

**CONTRACT - "0" MONTHS DISCOVERY TRACK**
150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT
152 RECOVERY OF DEFAULTED STUDENT LOANS (Excl. Veterans)
153 RECOVERY OF OVERPAYMENT OF VETERAN'S BENEFITS

**CONTRACT - "4" MONTHS DISCOVERY TRACK**
110 INSURANCE
120 MARINE
130 MILLER ACT
140 NEGOTIABLE INSTRUMENT
151 MEDICARE ACT
160 STOCKHOLDERS' SUITS
190 OTHER CONTRACT
195 CONTRACT PRODUCT LIABILITY
196 FRANCHISE

**REAL PROPERTY - "4" MONTHS DISCOVERY TRACK**
210 LAND CONDEMNATION
220 FORECLOSURE
230 RENT LEASE & EJECTMENT
240 TORTS TO LAND
245 TORT PRODUCT LIABILITY
290 ALL OTHER REAL PROPERTY

**TORTS - PERSONAL INJURY - "4" MONTHS DISCOVERY TRACK**
310 AIRPLANE
315 AIRPLANE PRODUCT LIABILITY
320 ASSAULT, LIBEL & SLANDER
330 FEDERAL EMPLOYERS' LIABILITY
340 MARINE
345 MARINE PRODUCT LIABILITY
350 MOTOR VEHICLE
355 MOTOR VEHICLE PRODUCT LIABILITY
360 OTHER PERSONAL INJURY
362 PERSONAL INJURY - MEDICAL MALPRACTICE
365 PERSONAL INJURY - PRODUCT LIABILITY
367 PERSONAL INJURY - HEALTH CARE/ PHARMACEUTICAL PRODUCT LIABILITY
368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY

**TORTS - PERSONAL PROPERTY - "4" MONTHS DISCOVERY TRACK**
370 OTHER FRAUD
371 TRUTH IN LENDING
380 OTHER PERSONAL PROPERTY DAMAGE
385 PROPERTY DAMAGE PRODUCT LIABILITY

**BANKRUPTCY - "0" MONTHS DISCOVERY TRACK**
422 APPEAL 28 USC 158
423 WITHDRAWAL 28 USC 157

**CIVIL RIGHTS - "4" MONTHS DISCOVERY TRACK**
440 OTHER CIVIL RIGHTS
441 VOTING
442 EMPLOYMENT
443 HOUSING/ ACCOMMODATIONS
445 AMERICANS with DISABILITIES - Employment
446 AMERICANS with DISABILITIES - Other
448 EDUCATION

**IMMIGRATION - "0" MONTHS DISCOVERY TRACK**
462 NATURALIZATION APPLICATION
465 OTHER IMMIGRATION ACTIONS

**PRISONER PETITIONS - "0" MONTHS DISCOVERY TRACK**
463 HABEAS CORPUS- Alien Detainee
510 MOTIONS TO VACATE SENTENCE
530 HABEAS CORPUS
535 HABEAS CORPUS DEATH PENALTY
540 MANDAMUS & OTHER
550 CIVIL RIGHTS - Filed Pro se
555 PRISON CONDITION(S) - Filed Pro se
560 CIVIL DETAINEE: CONDITIONS OF CONFINEMENT

**PRISONER PETITIONS - "4" MONTHS DISCOVERY TRACK**
550 CIVIL RIGHTS - Filed by Counsel
555 PRISON CONDITION(S) - Filed by Counsel

**FORFEITURE/PENALTY - "4" MONTHS DISCOVERY TRACK**
625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881
690 OTHER

**LABOR - "4" MONTHS DISCOVERY TRACK**
710 FAIR LABOR STANDARDS ACT
720 LABOR/MGMT. RELATIONS
740 RAILWAY LABOR ACT
751 FAMILY and MEDICAL LEAVE ACT
790 OTHER LABOR LITIGATION
791 EMPL. RET. INC. SECURITY ACT

**PROPERTY RIGHTS - "4" MONTHS DISCOVERY TRACK**
820 COPYRIGHTS
840 TRADEMARK
880 DEFEND TRADE SECRETS ACT OF 2016 (DTSA)

**PROPERTY RIGHTS - "8" MONTHS DISCOVERY TRACK**
830 PATENT
835 PATENT-ABBREVIATED NEW DRUG APPLICATIONS (ANDA) - a/k/a Hatch-Waxman cases

**SOCIAL SECURITY - "0" MONTHS DISCOVERY TRACK**
861 HIA (1395ff)
862 BLACK LUNG (923)
863 DIWC (405(g))
863 DIWW (405(g))
864 SSID TITLE XVI
865 RSI (405(g))

**FEDERAL TAX SUITS - "4" MONTHS DISCOVERY TRACK**
870 TAXES (U.S. Plaintiff or Defendant)
871 IRS - THIRD PARTY 26 USC 7609

**OTHER STATUTES - "4" MONTHS DISCOVERY TRACK**
375 FALSE CLAIMS ACT
376 Qui Tam 31 USC 3729(a)
400 STATE REAPPORTIONMENT
430 BANKS AND BANKING
450 COMMERCE/ICC RATES/ETC.
460 DEPORTATION
470 RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS
480 CONSUMER CREDIT
485 TELEPHONE CONSUMER PROTECTION ACT
490 CABLE/SATELLITE TV
890 OTHER STATUTORY ACTIONS
891 AGRICULTURAL ACTS
893 ENVIRONMENTAL MATTERS
895 FREEDOM OF INFORMATION ACT 899
899 ADMINISTRATIVE PROCEDURES ACT / REVIEW OR APPEAL OF AGENCY DECISION
950 CONSTITUTIONALITY OF STATE STATUTES

**OTHER STATUTES - "8" MONTHS DISCOVERY TRACK**
410 ANTITRUST
850 SECURITIES / COMMODITIES / EXCHANGE

**OTHER STATUTES - "0" MONTHS DISCOVERY TRACK**
896  ARBITRATION
(Confirm / Vacate / Order / Modify)

**\* PLEASE NOTE DISCOVERY TRACK FOR EACH CASE TYPE. SEE LOCAL RULE 26.3**

# VII. REQUESTED IN COMPLAINT:

CHECK IF CLASS ACTION UNDER F.R.Civ.P. 23    DEMAND $_____

JURY DEMAND    YES    NO  (CHECK YES ONLY IF DEMANDED IN COMPLAINT)

# VIII. RELATED/REFILED CASE(S) IF ANY

JUDGE_____    DOCKET NO._____

CIVIL CASES ARE DEEMED RELATED IF THE PENDING CASE INVOLVES:  (CHECK APPROPRIATE BOX)

1. **PROPERTY INCLUDED IN AN EARLIER NUMBERED PENDING SUIT.**
2. **SAME ISSUE OF FACT OR ARISES OUT OF THE SAME EVENT OR TRANSACTION INCLUDED IN AN EARLIER NUMBERED PENDING SUIT.**
3. **VALIDITY OR INFRINGEMENT OF THE SAME PATENT, COPYRIGHT OR TRADEMARK INCLUDED IN AN EARLIER NUMBERED PENDING SUIT.**
4. **APPEALS ARISING OUT OF THE SAME BANKRUPTCY CASE AND ANY CASE RELATED THERETO WHICH HAVE BEEN DECIDED BY THE SAME BANKRUPTCY JUDGE.**
5. **REPETITIVE CASES FILED BY PRO SE LITIGANTS.**
6. **COMPANION OR RELATED CASE TO CASE(S) BEING SIMULTANEOUSLY FILED (INCLUDE ABBREVIATED STYLE OF OTHER CASE(S)):**


7. **EITHER SAME OR ALL OF THE PARTIES AND ISSUES IN THIS CASE WERE PREVIOUSLY INVOLVED IN CASE NO.                  , WHICH WAS DISMISSED. This case    IS         IS NOT (check one box) SUBSTANTIALLY THE SAME CASE.**


*/s/ Matthew P. Stone*                              November 10, 2022

SIGNATURE OF ATTORNEY OF RECORD                    DATE

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this date served the foregoing *Notice of Filing Notice of Removal* upon all judges, clerks, and opposing counsel to the Clerk of Court electronically using the Odyssey eFileGA filing system which will automatically send e-mail notification of such filing to counsel of record and others who are Odyssey eFileGA participants.  Counsel of record is as follows:

> J. Martin Futrell, Esq.
> WLG Atlanta, LLC
> Bank of America Plaza
> 600 Peachtree Street, NE, Suite 4010
> Atlanta, GA 30308

This 10th day of November, 2022.

*/s/ Matthew P. Stone*  
Matthew P. Stone
Georgia Bar No. 684513

STONE KALFUS LLP
One Midtown Plaza
1360 Peachtree Street NE
Suite 1250
Atlanta, GA 30309
(404) 736-2600 (telephone)
(877) 736-2601 (facsimile)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

PAMELA OLIVER,

     Plaintiff,

v.

CONQUEROR TRANS, LLC; CURTIS
BRIGGS; and STATE NATIONAL
INSURANCE COMPANY,

     Defendants.

Civil Action No.
1:22-cv-04487-VMC

## ORDER

This matter is before the Court on Plaintiff Pamela Oliver's Motion to Remand. ("Motion," Doc. 11). No response was filed to the Motion, which indicates that there is no opposition. LR 7.1(B), NDGa.

For the reasons given in the Motion, and based on the lack of opposition, it is hereby **GRANTED**. This case is remanded back to the State Court of Gwinnett County, Georgia. The Clerk is directed to close this case.

**SO ORDERED** this 5th day of January, 2023.

Victoria Marie Calvert
United States District Judge

E-FILED IN OFFICE - JM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**22-C-04935-S2**

**1/26/2023 10:48 AM**
**TIANA P. GARNER, CLERK**

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

PAMELA OLIVER,           |

      Plaintiff,         |      CIVIL ACTION FILE
                     |
v.                       |      NO. 22-C-04935-S2
                     |
CONQUEROR TRANS, LLC;   |
CURTIS BRIGGS; and       |
STATE NATIONAL INSURANCE COMPANY,  |      **JURY TRIAL DEMANDED**
                     |
      Defendants.      |

---

### AMENDED COMPLAINT FOR DAMAGES

---

COMES NOW PAMELA OLIVER, ("Plaintiff"), by and through counsel, and files this Complaint for Damages, showing this Honorable Court as follows:

1.

This is an action for personal injury damages arising out of a motor vehicle collision that occurred on February 25, 2021, in Gwinnett County, Georgia.

### Parties, Jurisdiction, and Venue

2.

Plaintiff sustained personal injuries as a result of a motor vehicle collision that occurred at approximately 10:00 am on February 25, 2021, in Gwinnett County, Georgia.

3.

Plaintiff is a citizen of Gwinnett County, Georgia.

4.

Defendant Curtis Briggs ("Briggs") resides at 412 Hummingbird Drive, Little Elm, Denton County, Texas 75068, and may be served with a copy of the summons and complaint at this address.

5.

Briggs is subject to the jurisdiction of this Court pursuant to O.C.G.A. § 40-12-1, known as Georgia's Non-resident Motorist Act. Briggs is also subject to the jurisdiction of this Court pursuant to O.C.G.A. § 9-10-91, as Briggs committed a tortious act and/or omission within the State of Georgia.

6.

Once served with process, Briggs is subject to the jurisdiction and venue of this Court.

7.

Briggs was properly served with process in this civil action.

8.

Briggs was sufficiently served with process in this civil action.

9.

Briggs is subject to the jurisdiction of this Court.

10.

At all times relevant hereto, Defendant Conqueror Trans, LLC ("Conqueror Trans") was a foreign limited liability company with its principal place of business in a state other than Georgia and that is not authorized to transact business in Georgia, and at the time of the wreck was a federal motor carrier authorized to transport goods for hire in interstate commerce by the Federal Motor Carrier Safety Administration. At the time of the wreck, Conqueror Trans had a U.S. Department of Transportation Number 3055204.  Upon information and belief, following the wreck that is the subject of this action, Conqueror Trans was involuntarily dissolved on or about 7/8/22.

11.

Conqueror Trans may be served with process by delivering a copy of the Summons and Complaint to its process agent designated to accept service of process in the State of Georgia

under the Federal Motor Carrier Safety Regulations: #1 Ace Licensing & Permits Services LLC, c/o John P. Hendrickson, 41 Dogwood Court, Gillsville, Georgia 30543.

12.

Conqueror Trans is subject to jurisdiction under Georgia's long-arm statute, O.C.G.A. § 90-10-91, may be served with process pursuant to O.C.G.A. § 90-10-94 by delivering a copy of the Summons and Complaint under the laws of the State of Illinois upon its registered agent: Sylwia Szot, 3100 Boyle Terrace, Apartment 2F, River Grove, Illinois, 60171, or to the extent that a registered agent cannot be located at the registered office with reasonable diligence or if Conqueror Trans is involuntarily dissolved, by service upon the Illinois Secretary of State, who is deemed under Illinois law as having been irrevocably appointed the registered agent for Conqueror Trans if the registered agent cannot be located at the registered officer with reasonable diligence.

13.

Once served with process, Conqueror Trans is subject to the jurisdiction and venue of this Court.

14.

Conqueror Trans was properly served with process in this civil action.

15.

Conqueror Trans was sufficiently served with process in this civil action.

16.

Conqueror Trans is subject to the jurisdiction of this Court.

17.

Defendant State National Insurance Company ("State National") is a foreign corporation with its principal place of business in a state other than Georgia and is authorized to transact business in the state of Georgia.

AMENDED COMPLAINT FOR DAMAGES – Page 3

18.

At the time of the Subject Complaint, Conqueror Trans had automobile liability coverage for any damages that were caused through the negligent operation of the commercial motor vehicle that Briggs was operating at the time of the subject collision.

19.

The liability coverage for the collision described in this Complaint is being provided to Conqueror Trans through a policy of insurance issued by State National and further identified as Policy Number GWP65062, which provides coverage to Conqueror Trans for any damages, including bodily injury, that were caused through the negligent operation of the commercial motor vehicle that Briggs was operating at the time of the subject collision.

20.

State National is subject to the jurisdiction of this Court, pursuant to O.C.G.A. §§ 40-1-112 and/or 40-2-140, because State National was the insurer providing liability coverage for the defendant motor carrier Conqueror Trans at the time of the collision described in this Complaint.

21.

State National may be served with the Summons and Complaint upon its registered agent: CT Corporation System, 289 S. Culver Street, Lawrenceville, Gwinnett County, Georgia 30046.

22.

Once served with process as described in this paragraph, State National is subject to the jurisdiction and venue of this Court.

23.

State National may also be served pursuant to O.C.G.A §§ 14-2-1510 and/or 33-4-3.

24.

Venue in the above-styled civil action is proper in this County and Court.

AMENDED COMPLAINT FOR DAMAGES – Page 4

## FACTS

25.

Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

26.

On or about February 25, 2021, at approximately 10:00 am, Plaintiff was operating a blue 2000 Mazda Protege heading west on Hog Mountain Road in Gwinnett County, Georgia.

27.

On or about February 25, 2021, at approximately 10:00 am, Briggs was operating a white 2016 Freightliner Cascadia tractor-trailer heading south on Hog Mountain Church Road at its intersection with Hog Mountain Road in Gwinnett County, Georgia.

28.

Briggs was operating the tractor-trailer in the course and scope of this employment with Conqueror Trans, and under Conqueror Trans' U.S. Department of Transportation and federal motor carrier authority.

29.

On or about February 25, 2021, at approximately 10:00 am, Briggs attempted to make a left turn onto Hog Mountain Road across Plaintiff's lane of travel.

30.

On or about February 25, 2021, at approximately 10:00 am, Plaintiff saw the tractor-trailer coming into her lane and attempted to back up to avoid the collision.

31.

On or about February 25, 2021, at approximately 10:00 am, the Conqueror Trans tractor-trailer was being operated by Briggs.

32.

On or about February 25, 2021, at approximately 10:00 am, Briggs failed to maintain his

AMENDED COMPLAINT FOR DAMAGES – Page 5

lane of travel.

33.

Briggs slammed the Conqueror Trans tractor-trailer into the front driver's side of Plaintiff's vehicle, causing her to suffer injuries.

34.

At all times related to the subject collision, Plaintiff was acting in a reasonable and prudent manner.

35.

Defendants do not blame Plaintiff for causing or contributing to the cause of the subject collision.

36.

Defendants Briggs and Conqueror Trans are 100% at fault for causing the subject collision.

37.

No act or failure to act on the part of the Plaintiff caused or contributed to the cause of the subject collision.

38.

No act or failure to act on the part of any third party caused or contributed to the cause of the subject collision.

39.

No act or failure to act on the part of the Plaintiff caused or contributed to the cause of Plaintiff's claimed injuries.

40.

No act or failure to act on the part of any third party caused or contributed to the cause of Plaintiff's claimed injuries.

AMENDED COMPLAINT FOR DAMAGES – Page 6

41.

Defendants agree that they should fairly compensate Plaintiff for all injuries and damages that were caused by the subject collision.

42.

As a result of the collision, Plaintiff suffered serious and permanent injuries and damages.

**COUNT I: DIRECT ACTION AGAINST STATE NATIONAL INSURANCE COMPANY**

43.

Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

44.

State National provided liability insurance for the driver and/or truck that was involved in the subject motor vehicle collision.

45.

State National agreed to provide insurance coverage to Conqueror Trans in consideration for the payment of insurance premiums.

46.

State National was transacting business in the State of Georgia and in Gwinnett County, Georgia on the date of the subject incident, and at all material times hereto, and is subject to the venue of this Court pursuant to O.C.G.A. § 33-4-1.

47.

Plaintiff, as a member of the public injured due to a common carrier's negligence, is a third-party beneficiary to that agreement.

48.

Pursuant to O.C.G.A. §§ 40-1-112 and/or 40–2–140, State National is subject to this Direct Action.

AMENDED COMPLAINT FOR DAMAGES – Page 7

## COUNT II: NEGLIGENCE OF CONQUEROR TRANS, LLC

49.

Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

50.

At all times material hereto, Briggs was an employee of Conqueror Trans.

51.

At all times material hereto, Briggs was acting within the scope and course of his employment with Conqueror Trans.

52.

At all times material hereto, Briggs was driving under dispatch by Conqueror Trans and driving under Conqueror Trans's authority as a federal motor carrier.

53.

At all times material hereto, Briggs was authorized by Conqueror Trans to operate the tractor-trailer that was involved in the collision described in this Complaint.

54.

Conqueror Trans is liable for the negligent actions and omissions of Briggs pursuant to the doctrine of *respondeat superior*.

55.

Conqueror Trans was the owner of the vehicle operated by Briggs and is therefore liable for damages caused in this case.

56.

Conqueror Trans was also itself negligent in the following ways:

a. Negligently hiring or contracting with Defendant Curtis Briggs to drive the vehicle at issue;

b. Negligently training Defendant Curtis Briggs;

AMENDED COMPLAINT FOR DAMAGES – Page 8

c. Negligently entrusting Defendant Curtis Briggs to drive the vehicle professionally;

d. Negligently retaining Defendant Curtis Briggs to drive the vehicle at issue;

e. Negligently qualifying Defendant Curtis Briggs;

f. Failing to supervise Defendant Curtis Briggs; and

g. Otherwise failing to act as a reasonably prudent company under the circumstances.

60.

As a direct and proximate result of the negligence of Defendants Curtis Briggs and Conqueror Trans, LLC in the ensuing collision, Plaintiff sustained severe and permanent injuries.

61.

Conqueror Trans is liable for all damages allowed by law for the injuries, damages, and losses sustained by Plaintiff.

## COUNT III: NEGLIGENCE OF DEFENDANT CURTIS BRIGGS

62.

Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

63.

At all relevant times, Briggs owed the following civil duties to Plaintiff but violated those duties in the following ways:

a. Failing to maintain his lane of travel;

b. Failing to maintain proper control of his vehicle;

c. Failing to keep a proper lookout for traffic;

d. Failing to make reasonable and proper observations while driving;

e. Failing to timely apply the brakes of his vehicle in order to avoid the collision in question;

f. Failing to keep an assured safe distance from Plaintiff's vehicle;

g. Failing to drive at a reasonable and prudent speed under the conditions;

h.  Failing to obey traffic laws;

i.  Operating a cellular mobile device while driving; and

j.  Otherwise failing to act reasonably and prudently as a driver should under the circumstances.

64.

Defendant was also negligent *per se* in that he violated a number of laws and regulations governing his operation of a vehicle, including:

a.  Entering or Crossing Roadway (O.C.G.A. § 40-6-73);

b.  Turning Movements; Signals Required on Turning, Changing Lanes, Slowing, or Stopping (O.C.G.A. §40-6-123);

c.  Driving on Roadways Laned for Traffic (O.C.G.A. § 40-6-48);

d.  Failing to Drive with Due Care (O.C.G.A. § 40-6-241);

e.  Failure to Drive Vehicle at a Reasonable and Prudent Speed Under the Conditions (O.C.G.A. § 40-6-180);

f.  Failing to Obey Traffic Laws (O.C.G.A. § 40-6-1); and

g.  Reckless Driving (O.C.G.A. § 40-6-390).

65.

As a result of Briggs's negligence, Plaintiff suffered severe and permanent injuries.

66.

As a direct and proximate result of the negligence and negligence per se of Briggs, Plaintiff has incurred and is entitled to recover special damages, including, but not limited to, past medical expenses in the amount of $338,373.26, and future medical expenses and past and future lost income and loss of earning capacity, and other miscellaneous expenses, in an amount that will be proved at trial. Plaintiff is also entitled to recover for her general damages, including past and future pain and suffering and related damages.

## COUNT IV: COMBINED AND CONCURRING NEGLIGENCE

67.

Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

68.

Conqueror Trans and Briggs acted in a manner which either alone, and/or combined and concurring with the actions of the acts of negligence described herein, directly and proximately caused the collision and Plaintiff's injuries.

69.

As a direct and proximate result of the negligence of the Conqueror Trans and Briggs, Plaintiff was physically injured, has suffered, and will continue to suffer pain, disability, loss of earning capacity, loss of enjoyment of life, anxiety, and related damages.

70.

As a direct and proximate result of the breaches of duty by Conqueror Trans and Briggs, Plaintiff is entitled to recover fair and full compensation for all injuries and damages that have been suffered as a proximate result of the collision and that will be suffered in the future as a result of the collision, including, without limitation, all special damages and compensatory damages, medical expenses, lost wages, and other necessary expenses, as well as fair and full compensation for all pain and suffering, including physical pain, mental and emotional suffering, shock of impact, disability, worry, anxiety, loss of enjoyment of life, loss of capacity to work, and other categories of damages provided for under the law.

## COUNT V: PUNITIVE DAMAGES

71.

Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

72.

The acts of Conqueror Trans and Briggs were willful, wanton, and/or demonstrated that

AMENDED COMPLAINT FOR DAMAGES – Page 11

entire want of care, which raises the presumption of a conscious indifference to consequences.

73.

Accordingly, Defendants are liable to the Plaintiff for punitive damages to punish, penalize, and deter Defendants from similar conduct in the future.

**WHEREFORE**, Plaintiff prays that the following relief be granted:

a.       A trial by jury;

b.       For Summons and Complaint to issue against each Defendant;

c.       For judgment against each Defendant to compensate Plaintiff for her past and future injuries and damages;

d.       For judgment against each Defendant for punitive damages as shown to be fair and appropriate at the trial of this case;

e.       Court costs, discretionary costs, and prejudgment interest; and

f.       For all such further and general relief which this Court deems just and proper.

Dated this 26th day of January, 2023.

WLG ATLANTA, LLC

*/s/ J. Martin Futrell*
J. MARTIN FUTRELL
GEORGIA STATE BAR NUMBER 450872
ATTORNEY FOR PLAINTIFF

BANK OF AMERICA PLAZA
600 PEACHTREE STREET, NE, SUITE 4010
ATLANTA, GA 30308
TELEPHONE:    470-881-8806
FACSIMILE:    470-881-8820
E-MAIL:         MARTIN.FUTRELL@WITHERITELAW.COM

AMENDED COMPLAINT FOR DAMAGES – Page 12

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the within and foregoing **Amended Complaint for Damages** electronically via the Court's electronic filing system, which will automatically send notice of this filing to the following attorneys of record:

Matthew P. Stone
Shawn N. Kalfus
Aleksandra Mitchell
Stone Kalfus LLP
One Midtown Plaza
1360 Peachtree St. NE, Suite 1250
Atlanta, GA 30309
matt.stone@stonekalfus.com
shawn.kalfus@stonekalfus.com
alex.mitchell@stonekalfus.com

Jennifer W. Wolak
Robert R. Wheeler, Jr.
Fields Howell LLP
655 8th St. NW
Atlanta, GA 30318
jwolak@fieldshowell.com
rwheeler@fieldshowell.com

This 26th day of January, 2023.

WLG ATLANTA, LLC

*/s/ J. Martin Futrell*
J. MARTIN FUTRELL
GEORGIA STATE BAR NUMBER 450872
ATTORNEY FOR PLAINTIFF

BANK OF AMERICA PLAZA
600 PEACHTREE STREET, NE, SUITE 4010
ATLANTA, GA 30308
TELEPHONE:     470-881-8806
FACSIMILE:     470-881-8820
E-MAIL:     MARTIN.FUTRELL@WITHERITELAW.COM

AMENDED COMPLAINT FOR DAMAGES – Page 13

E-FILED IN OFFICE - EP
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**22-C-04935-S2**

**2/9/2023 10:12 AM**

**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

PAMELA OLIVER,                          )
                                    )
        Plaintiff,                    )
                                    )
vs.                                     )     CIVIL ACTION
                                    )     FILE NO.: 22-C-04935-S2
CONQUEROR TRANS, LLC; CURTIS            )
BRIGGS; AND STATE NATIONAL              )
INSURANCE COMPANY                       )
                                    )
        Defendants.                   )
                                    )

## <u>DEFENDANT STATE NATIONAL INSURANCE COMPANY, INC.'S</u>
## <u>AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT</u>

Defendant State National Insurance Company Inc. ("State National"), through its counsel, files its Answer and Affirmative Defenses to Plaintiff Pamela Oliver ("Plaintiff" or "Oliver") Complaint as follows:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint, in whole or in part, may fail to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

State National has bona fide defenses to the claims asserted against him by the Plaintiff; therefore, Plaintiff cannot recover attorney's fees and litigation expenses pursuant to § O.C.G.A. 13-6-11.

### THIRD AFFIRMATIVE DEFENSE

State National's acts or omissions are not the cause or proximate cause of Plaintiff's injuries.

## FOURTH AFFIRMATIVE DEFENSE

If Plaintiff sustained any injuries or incurred any damages, the same were caused, in whole or in part, by the acts or omissions of persons other than State National or by the superseding intervention of causes outside State National's control.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's injuries were proximately caused by Plaintiff's contributory negligence, which bars her recovery from State National.

## SIXTH AFFIRMATIVE DEFENSE

State National reserves the right to assert any additional defenses and matters of avoidance as may be disclosed during the course of additional investigation and discovery.

## SEVENTH AFFIRMATIVE DEFENSE

State National alleges that Plaintiff is not entitled to recover on claims, damages or losses paid as a result of coverage under any applicable policy of insurance.

## EIGHTH AFFIRMATIVE DEFENSE

State National alleges that Plaintiff's claims are barred by certain terms, limitations, and rights under the State National policy.

## NINTH AFFIRMATIVE DEFENSE

State National alleges that Plaintiff does not have the necessary elements to pursue a direct action against State National.

## TENTH AFFIRMATIVE DEFENSE

Subject to and without waiving the foregoing affirmative defenses, State National responsively answers the enumerated paragraphs of Plaintiff's Complaint and the various allegations therein contained as follows:

1.

State National admits the allegations contained in Paragraph 1.

## **PARTIES, JURISDICTION AND VENUE**

2.

State National is without sufficient information to either admit or deny the allegations contained in Paragraph 2.

3.

State National is without sufficient information to either admit or deny the allegations contained in Paragraph 3.

4.

State National admits the allegations contained in Paragraph 4.

5.

State National is without sufficient information to either admit or deny the allegations contained in Paragraph 5.

6.

State National is without sufficient information to either admit or deny the allegations contained in Paragraph 6.

7.

State National admits the allegations contained in Paragraph 7.

8.

State National admits the allegations contained in Paragraph 8.

3

9.

State National is without sufficient information to either admit or deny the allegations contained in Paragraph 9.

10.

State National is without sufficient information to either admit or deny the allegations contained in Paragraph 10.

11.

State National denies the allegations contained in Paragraph 11.

12.

State National denies the allegations contained in Paragraph 12.

13.

State National is without sufficient information to either admit or deny the allegations contained in Paragraph 13.

14.

State National denies the allegations contained in Paragraph 14.

15.

State National denies the allegations contained in Paragraph 15.

16.

State National denies the allegations contained in Paragraph 16.

17.

State National admits the allegations contained in Paragraph 17.

18.

State National admits that it issued Policy Number GWP65062 to Conqueror Trans, LLC. State National is without sufficient information to either admit or deny the remaining allegations contained in Paragraph 18.

19.

State National admits that it issued Policy Number GWP65062 to Conqueror Trans, LLC. State National is without sufficient information to either admit or deny the remaining allegations contained in Paragraph 19.

20.

State National denies the allegations contained in Paragraph 20.

21.

State National admits the allegations contained in Paragraph 21.

22.

State National is without sufficient information to either admit or deny the allegations contained in Paragraph 22.

23.

State National is without sufficient information to either admit or deny the allegations contained in Paragraph 23.

24.

State National is without sufficient information to either admit or deny the allegations contained in Paragraph 24.

## **FACTS**

25.

State National incorporates its responses to the allegations in Paragraphs 1 through 24 above as if fully set forth herein.

26.

State National admits the allegations contained in Paragraph 26.

27.

State National admits the allegations contained in Paragraph 27.

28.

State National is without sufficient information to either admit or deny the allegations contained in Paragraph 28.

29.

State National is without sufficient information to either admit or deny the allegations contained in Paragraph 29.

30.

State National is without sufficient information to either admit or deny the allegations contained in Paragraph 30.

31.

State National is without sufficient information to either admit or deny the allegations contained in Paragraph 31.

32.

State National is without sufficient information to either admit or deny the allegations contained in Paragraph 32.

33.

State National is without sufficient information to either admit or deny the allegations contained in Paragraph 33.

34.

State National is without sufficient information to either admit or deny the allegations contained in Paragraph 34.

35.

State National denies the allegations in Paragraph 35 to the extent they are directed at State National.

36.

Paragraph 36 is not directed at State National.  To the extent that a response is required, State National denies the allegations contained in Paragraph 36.

37.

State National is without sufficient information to either admit or deny the allegations contained in Paragraph 37.

38.

State National is without sufficient information to either admit or deny the allegations contained in Paragraph 38.

39.

State National is without sufficient information to either admit or deny the allegations contained in Paragraph 39.

40.

State National is without sufficient information to either admit or deny the allegations contained in Paragraph 40.

41.

State National denies the allegations in Paragraph 41 to the extent they are directed at State National.

42.

State National is without sufficient information to either admit or deny the allegations contained in Paragraph 42.

## COUNT I: DIRECT ACTION AGAINST STATE NATIONAL INSURANCE COMPANY

43.

State National incorporates its responses to the allegations in Paragraphs 1 through 42 above as if fully set forth herein.

44.

State National admits that it issued Policy Number GWP65062 to Conqueror Trans, LLC, which provides insurance coverage subject to the terms and conditions of the Policy. State National denies the remaining allegations in Paragraph 44.

45.

State National admits that it issued Policy Number GWP65062 to Conqueror Trans, LLC, subject to the terms and conditions of the Policy. State National denies the remaining allegations in Paragraph 45.

46.

State National admits that it issued Policy Number GWP65062 to Conqueror Trans, LLC subject to the terms and conditions of the Policy. State National is without sufficient information to either admit or deny the remaining allegations contained in Paragraph 46.

47.

State National is without sufficient information to either admit or deny the remaining allegations contained in Paragraph 47.

48.

State National denies the allegations contained in Paragraph 48.

## COUNT II: NEGLIGENCE OF CONQUEROR TRANS, LLC

49.

State National incorporates its responses to the allegations in Paragraphs 1 through 48 above as if fully set forth herein.

50.

Paragraph 50 is not directed at State National. To the extent that a response is required, State National admits the allegations contained in Paragraph 50.

51.

Paragraph 51 is not directed at State National.  To the extent that a response is required, State National is without sufficient information to either admit or deny the allegations contained in Paragraph 51.

52.

Paragraph 52 is not directed at State National.  To the extent that a response is required, State National is without sufficient information to either admit or deny the allegations contained in Paragraph 52.

53.

Paragraph 53 is not directed at State National.  To the extent that a response is required, State National is without sufficient information to either admit or deny the allegations contained in Paragraph 53.

54.

Paragraph 54 is not directed at State National.  To the extent that a response is required, State National is without sufficient information to either admit or deny the allegations contained in Paragraph 54.

55.

Paragraph 55 is not directed at State National.  To the extent that a response is required, State National is without sufficient information to either admit or deny the allegations contained in Paragraph 55.

56.

Paragraph 56 is not directed at State National. To the extent that a response is required, State National is without sufficient information to either admit or deny the allegations contained in Paragraph 56.

57.

Plaintiff did not list any allegations in Paragraph 57. To the extent that a response is required, State National is without sufficient information to either admit or deny the allegations contained in Paragraph 57.

58.

Plaintiff did not list any allegations in Paragraph 58. To the extent that a response is required, State National is without sufficient information to either admit or deny the allegations contained in Paragraph 58.

59.

Plaintiff did not list any allegations in Paragraph 59. To the extent that a response is required, State National is without sufficient information to either admit or deny the allegations contained in Paragraph 59.

60.

Paragraph 60 is not directed at State National. To the extent that a response is required, State National denies the allegations contained in Paragraph 60.

61.

Paragraph 61 is not directed at State National. To the extent that a response is required, State National is without sufficient information to either admit or deny the allegations contained in Paragraph 61.

## COUNT III: NEGLIGENCE OF DEFENDANT CURTIS BRIGGS

62.

State National incorporates its responses to the allegations in Paragraphs 1 through 61 above as if fully set forth herein.

63.

Paragraph 63 is not directed at State National.  To the extent that a response is required, State National denies the allegations contained in Paragraph 63.

64.

Paragraph 64 is not directed at State National.  To the extent that a response is required, State National denies the allegations contained in Paragraph 64.

65.

Paragraph 65 is not directed at State National.  To the extent that a response is required, State National denies the allegations contained in Paragraph 65.

66.

Paragraph 66 is not directed at State National.  To the extent that a response is required, State National denies the allegations contained in Paragraph 66.

## COUNT IV: COMBINED AND CONCURRING NEGLIGENCE

67.

State National incorporates its responses to the allegations in Paragraphs 1 through 66 above as if fully set forth herein.

68.

Paragraph 68 is not directed at State National.  To the extent that a response is required, State National denies the allegations contained in Paragraph 68.

69.

Paragraph 69 is not directed at State National.  To the extent that a response is required, State National denies the allegations contained in Paragraph 69.

70.

Paragraph 70 is not directed at State National.  To the extent that a response is required, State National denies the allegations contained in Paragraph 70.

## **COUNT V: PUNITIVE DAMAGES**

71.

State National incorporates its responses to the allegations in Paragraphs 1 through 70 above as if fully set forth herein.

72.

Paragraph 72 is not directed at State National.  To the extent that a response is required, State National denies the allegations contained in Paragraph 72.

73.

State National denies the allegations in Paragraph 73 to the extent they are directed at State National.

## **PRAYER FOR RELIEF**

State National hereby denies any allegations set forth in Plaintiff's Amended Complaint not specifically responded to above.

WHEREFORE, having fully answered Plaintiff's Amended Complaint, State National prays that Plaintiff's Complaint be dismissed with prejudice, that judgment be rendered in favor of State National and against Plaintiff; that Plaintiff recover nothing against State National in this action; that Plaintiff be assessed with all costs of this action; that State National be given a trial by jury of twelve (12) on all issues; and that State National have such other and further relief as the Court deems just and proper.

This 9th day of February, 2023.

**FIELDS HOWELL LLP**

/s/ *Rob R. Wheeler, Jr.*

Jennifer W. Wolak

Georgia Bar No.: 758575

jwolak@fieldshowell.com

Robert R. Wheeler, Jr.

Georgia Bar No.: 160696

rwheeler@fieldshowell.com

665 8th Street NW

Atlanta, Georgia 30318

404.214.1250 – Telephone

404.214.1251 – Facsimile

*Counsel for State National*
*Insurance Company, Inc..*

**IN THE STATE COURT OF GWINNETT COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| PAMELA OLIVER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION |
| | ) | FILE NO.: 22-C-04935-S2 |
| CONQUEROR TRANS, LLC; CURTIS | ) | |
| BRIGGS; AND STATE NATIONAL | ) | |
| INSURANCE COMPANY | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the foregoing **DEFENDANT STATE NATIONAL INSRUANCE COPMANY, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT** upon the following via statutory electronic service by using Odyssey's electronic service system pursuant to O.C.G.A. § 9-11-5(f):

| | |
|---|---|
| J. Martin Futrell | Matthew P. Stone, Esq. |
| WLG Atlanta, LLC | Aleksandra Mitchell, Esq. |
| Bank of America Plaza | Stone Kalfus, LLP |
| 600 Peachtree Street, NE, | One Midtown Plaza |
| Suite 4010 | 1360 Peachtree Street NE |
| Atlanta, Georgia 30308 | Suite 1250 |
| | Atlanta, GA 30309 |

This 9th day of February, 2023.

**FIELDS HOWELL LLP**

/s/ *Rob R. Wheeler, Jr.*

665 8th Street NW
Atlanta, Georgia 30318
404.214.1250 – Telephone
404.214.1251 – Facsimile

Jennifer W. Wolak
Georgia Bar No.: 758575
jwolak@fieldshowell.com
Robert R. Wheeler, Jr.
Georgia Bar No.: 160696
rwheeler@fieldshowell.com

*Counsel for State National*
*Insurance Company, Inc.*

15

E-FILED IN OFFICE - JM
GWINNETT COUNTY, GEORGIA
22-C-04935-S2
2/16/2023 11:54 AM
TIANA P. GARNER, CLERK

**AFFIDAVIT OF SERVICE**

| Case:<br>22-C-04935-S2 | Court:<br>Gwinnett County State Court, State of Georgia | County:<br>Gwinnett, GA | Job:<br>7604775 |
|---|---|---|---|
| **Plaintiff / Petitioner:**<br>Pamela Oliver | | **Defendant / Respondent:**<br>Conqueror Trans LLC, Curtis Briggs, and State National Insurance<br>Company | |
| **Received by:**<br>CGA Solutions | | **For:**<br>Witherite Law Group, LLC | |
| **To be served upon:**<br>Conqueror Trans LLC c/o John P. Hendrickson, Registered Agent | | | |

I, Kayla Bridges, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:**   Cynthia Hendrickson, 41 Dogwood Court, Gillsville, GA 30543

**Manner of Service:**   Substitute Service - Personal, Feb 7, 2023, 11:08 am EST

**Documents:**   Summons, Amended Complaint for Damages, Plaintiff's First Interrogatories, First Requests for Production of Documents and First Requests for Admission to Defendant Conqueror Trans LLC. (Received Sep 2, 2022 at 10:55am EDT)

**Additional Comments:**
1) Unsuccessful Attempt: Jan 27, 2023, 3:45 pm EST at 41 Dogwood Court, Gillsville, GA 30543
No answer at door. no lights. no cars in driveway

2) Unsuccessful Attempt: Jan 31, 2023, 10:14 am EST at 41 Dogwood Court, Gillsville, GA 30543
No answer at door. no lights. no cars

3) Unsuccessful Attempt: Feb 2, 2023, 8:15 am EST at 41 Dogwood Court, Gillsville, GA 30543
No answer at door. no lights. no cars

4) Successful Attempt: Feb 7, 2023, 11:08 am EST at 41 Dogwood Court, Gillsville, GA 30543 received by Cynthia Hendrickson. Age: 60-654; Ethnicity: Caucasian; Gender: Female; Weight: 121; Height: 5'3"; Hair: Blond; Eyes: Blue; Relationship: Authorized Agent; Cynthia Hendrickson stated that she is authorized to accept. John was at work

Kayla Bridges

Date   2/15/23

CGA Solutions
723 Main Street
Stone Mountain, GA 30083
866-217-8581

Subscribed and sworn to before me by the affiant who is personally known to me.

Notary Public   15-23

Date

Commission Expires   9-27-24

E-FILED IN OFFICE - AK
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**22-C-04935-S2**

**2/22/2023 9:10 AM**
**TIANA P. GARNER, CLERK**

## AMENDED AFFIDAVIT OF SERVICE

| Case: 22-C-04935-S2 | Court: Gwinnett County State Court, State of Georgia | County: Gwinnett, GA | Job: 7604775 |
|---|---|---|---|
| Plaintiff / Petitioner: Pamela Oliver | | Defendant / Respondent: Conqueror Trans LLC, Curtis Briggs, and State National Insurance Company | |
| Received by: CGA Solutions | | For: Witherite Law Group, LLC | |
| To be served upon: Curtis Briggs | | | |

I, Stephen C. Buskirk, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

Recipient Name / Address:   Curtis Briggs, 412 Hummingbird Dr., Little Elm, TX 75068

Manner of Service:   Substitute Service - Personal, Feb 7, 2023, 11:08 am EST

Documents:   Summons, Complaint for Damages, Plaintiff's First Interrogatories, First Requests for Production of Documents and First Requests for Admission to Defendant Curtis Briggs (Received Sep 2, 2022 at 10:55am EDT)

### Additional Comments:

1) Successful Attempt: Sep 24, 2022, 10:30 am EDT at 412 Hummingbird Dr., Little Elm, TX 75068 received by Curtis Briggs. Age: 25-30; Ethnicity: African American; Gender: Male; Weight: 200; Height: 6'; Hair: Black;

Defendant positively identified self at time of service.

***AFFIDAVIT AMENDED TO CORRECTLY REFLECT PROPER ETHNICITY OF SERVED DEFENDANT. CAUCASIAN WAS SELECTED BY MISTAKE IN THE AUTO GENERATED PROGRAM. THE DEFENDANT IS IN FACT AN AFRICAN AMERICAN MALE***

Stephen C. Buskirk, PSC1987                Date  2-17-2023

CGA Solutions
723 Main Street
Stone Mountain, GA 30083
866-217-8581

Subscribed and sworn to before me by the affiant who is personally known to me.

Notary Public

Date  2/17/2023            Commission Expires  3/24/2024

SUNNY S. BUSKIRK
Notary Public, State of Texas
Comm. Expires 03-24-2024
Notary ID 126457653

E-FILED IN OFFICE - AK
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**22-C-04935-S2**
**2/22/2023 9:10 AM**
TIANA P. GARNER, CLERK

## AFFIDAVIT OF SERVICE

IN THE STATE COURT OF GWINNETT COUNTY                     Case #: 22-C-04935-S2
STATE OF GEORGIA

**Pamela Oliver**

Plaintiff

**vs.**

**Conqueror Trans, LLC, et al**

Defendant

The undersigned, being first duly sworn, on oath deposes and says: That s(he) is now and at all the times herein mentioned was a citizen of the United States, over the age of 18, not a party to nor interested in the above entitled action, is competent to be witness therein, and that I served copies of the:

**Summons & Amended Complaint for Damages; Affidavit of Compliance; Plaintiff's Interrogatories, First Requests for Production of Documents, and First Requests for Admission; Notice of Service Upon Illinois Secretary of State**

| | |
|---|---|
| PARTY SERVED: | **CONQUEROR TRANS, LLC C/O ILLINOIS SECRETARY OF STATE, DEPT OF BUSINESS SERVICES, LIMITED LIABILITY DIVISION** |
| PERSON SERVED: | **MARIA RIVERA, SECRETARY** |
| METHOD OF SERVICE: | **Corporate** - By leaving copies with the person identified above who stated they were authorized to accept service. |
| DATE & TIME OF DELIVERY: | **02/16/2023 at 1:25 PM** |
| ADDRESS, CITY AND STATE: | **501 S. SECOND ST., ROOM 351, SPRINGFIELD, IL 62756** |
| DESCRIPTION: | Race: **White**   Sex: **Female**   Age: **47** Height: **5'4"**   Weight: **140**   Hair: **Red**   Glasses: **No** |

SUBSCRIBED AND SWORN to before me on the 17th day of February, 2023.

_____
NOTARY PUBLIC

I declare under penalties of perjury that the information contained herein is true and correct.

Signature: _____
Barbara A West

Registration No: 117-001119

MICHAEL D WEST
OFFICIAL SEAL
Notary Public, State of Illinois
My Commission Expires
March 05, 2023

 **Judicial Attorney Services, Inc.** PO Box 583  Geneva, IL 60134, (630) 221-9007

CLIENT: **Witherite Law Group**
FILE #:

Job #: **517024**

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

IN RE: Permanent Process Servers
Case Number:

## 22 C 06911-4

### ORDER OF APPOINTMENT

The application of the undersigned permanent process server having been read and considered, said applicant is hereby appointed permanent process server of this court pursuant to O.C.G.A. § 9-11-4(c), from the date of this order up to and including January 4, 2024.

This order allows the applicant to serve as a process server in Gwinnett County State Court matters only, on an annual renewable basis.

SO ORDERED this ___8th___ day of ___December___, 20 22 .

Ronda Colvin Leary (Dec 6, 2022 14:04 EST)
Presiding Judge
Gwinnett County State Court

Applicant:
Name ___Kayla Denise Bridges___
Address ___2506 Sandalwood Dr___
___Atlanta, Ga 30350___

## **AFFIDAVIT OF NON-SERVICE**

**State of Georgia**                    **County of Gwinnett**                    **State Court**

Case Number: 22-C--04935-52

Plaintiff:
**Pamela Oliver**

vs.

Defendant:
**Conqueror Trans LLC, Curtis Briggs. and State National Insurance Company**

Received by Chilton Gibbs and Associates LLC on the 13th day of October, 2022 at 9:58 am to be served on **Conqueror Trans LLC, 41 Dogwood Court, Gillsville, GA 30543**.

I, Kimberly Greenway, being duly sworn, depose and say that on the **26th day of October, 2022** at **8:45 am, I:**

**NON-SERVED** the Summons, Complaint for Dam<1ges, Plaintiff's First Interrogatories, First Requests for Production of Documents and First Requests for Admission to Defendant Curtis Briggs. Plaintiffs  first Interrogatories, First Requests for Production ofOocumMts and First Requests for Admission of Defendant Conqueror Trans UC for the reasons detailed in the comments below.

**Additional Information pertaining to this Service:**
10/23/2022  3:52 pm  Attempted service at 41 Dogwood Court, Gillsville, GA 30543, car in driveway, No answer, left card.people in house and refuse answer door
10/24/2022  6:42 pm  Attempted service at 41 Dogwood Court, Gillsville, GA 30543 No answer
10/26/2022  8:45 am  Attempted service at 41 Dogwood Court, Gillsville, GA 30543 No answer

I certify that I am over the age of 18, have no interest in the above action.

Subscribed and Sworn to before me on the 27th day of
October, 2022 by the affiant who is personally known to
me.

MOTARY PUBLIC

RICHARD BENI
GEORGIA
09-14-2025
PUBLIC
DAWSON COUNTY

**Kimberly Greenway**
GCPS #206

**Chilton Gibbs and Associates LLC**
**723 Main Street**
**Stone Mountain, GA 30083**
**(404) 368-3049**

Our Job Serial Number: KGS-2022004624
Ref: 7604775

Copyright © 1992-2022 DreamBuilt Software, Inc. - Process Server's Toolbox V8.2k

## AFFIDAVIT OF NON SERVICE

| Case: 22-C-04935-S2 | Court: Gwinnett County State Court, State of Georgia | | County: Gwinnett, GA | Job: 7604775 |
|---|---|---|---|---|
| **Plaintiff / Petitioner:** Pamela Oliver | | | **Defendant / Respondent:** Conqueror Trans LLC, Curtis Briggs, and State National Insurance Company | |
| **Received by:** CGA Solutions | | | **For:** Witherite Law Group, LLC | |
| **To be served upon:** Conqueror Trans LLC c/o John P. Hendrickson, Registered Agent | | | | |

I, Thomas David Gibbs III, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:**   Cynthia Hendrickson, 41 Dogwood Court, Gillsville, GA 30543

**Manner of Service:**   Substitute Service - Personal, Feb 7, 2023, 11:08 am EST

**Documents:**   Summons, Complaint for Damages, Plaintiff's First Interrogatories, First Requests for Production of Documents and First Requests for Admission to Defendant Conqueror Trans LLC. (Received Sep 2, 2022 at 10:55am EDT)

**Additional Comments:**
1) Unsuccessful Attempt: Sep 21, 2022, 3:58 pm EDT at 41 Dogwood Court, Gillsville, GA 30543
No answer at door and no lights. CPG6988, TBC5765, and RKLD6169-Vehicles

2) Unsuccessful Attempt: Sep 24, 2022, 3:09 pm EDT at 41 Dogwood Court, Gillsville, GA 30543
No answer at door and no lights. Same vehicles: CPG6988, TBC5765, and RKLD6169

Thomas David Gibbs III                Date    2-15

CGA Solutions
723 Main Street
Stone Mountain, GA 30083
866-217-8581

*Subscribed and sworn to before me by the affiant who is personally known to me.*

Notary Public
2-15-23

Date                Commission Expires    12-27-29

FILED IN OFFICE
CLERK STATE COURT
GWINNETT COUNTY, GA

IN THE STATE COURT OF GWINNETT COUNTY DEC -3  AM 10: 15

STATE OF GEORGIA          TIANA P. GARNER, CLERK

IN RE: Permanent Process Servers

Case Number:      **21 C 08487-2**

## ORDER OF APPOINTMENT

The application of the undersigned permanent process server having been read and considered,
said applicant is hereby appointed permanent process server of this court pursuant to O.C.G.A. §
9-11-4(c), from the date of this order **up to and including January 4, 2023.**

This order allows the applicant to serve as a process server in Gwinnett County State Court
matters only, on an annual renewable basis.

SO ORDERED this ____30____ day of ___NOV_____, 20 21.

_____
Presiding Judge
Gwinnett County State Court

Applicant:

Name      Thomas David GIBBS III

Address   723 Main Street
          Stone Mountain, GA 30083
          404-484-2147

E-FILED IN OFFICE - AK
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**22-C-04935-S2**

**2/22/2023 9:10 AM**
**TIANA P. GARNER, CLERK**

## AMENDED AFFIDAVIT OF SERVICE

| Case:<br>22-C-04935-S2 | Court:<br>Gwinnett County State Court, State of Georgia | County:<br>Gwinnett, GA | Job:<br>7604775 |
|---|---|---|---|
| **Plaintiff / Petitioner:**<br>Pamela Oliver | | **Defendant / Respondent:**<br>Conqueror Trans LLC, Curtis Briggs, and State National Insurance<br>Company | |
| **Received by:**<br>CGA Solutions | | **For:**<br>Witherite Law Group, LLC | |
| **To be served upon:**<br>Curtis Briggs | | | |

I, Stephen C. Buskirk, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

Recipient Name / Address:    Curtis Briggs, 412 Hummingbird Dr., Little Elm, TX 75068

Manner of Service:    Substitute Service - Personal, Feb 7, 2023, 11:08 am EST

Documents:    Summons, Complaint for Damages, Plaintiff's First Interrogatories, First Requests for Production of Documents and First Requests for Admission to Defendant Curtis Briggs (Received Sep 2, 2022 at 10:55am EDT)

**Additional Comments:**
1) Successful Attempt: Sep 24, 2022, 10:30 am EDT at 412 Hummingbird Dr., Little Elm, TX 75068 received by Curtis Briggs. Age: 25-30; Ethnicity: African American; Gender: Male; Weight: 200; Height: 6'; Hair: Black;
Defendant positively identified self at time of service.
***AFFIDAVIT AMENDED TO CORRECTLY REFLECT PROPER ETHNICITY OF SERVED DEFENDANT. CAUCASIAN WAS SELECTED BY MISTAKE IN THE AUTO GENERATED PROGRAM. THE DEFENDANT IS IN FACT AN AFRICAN AMERICAN MALE***

Stephen C. Buskirk, PSC1987          Date    2-17-2023

CGA Solutions
723 Main Street
Stone Mountain, GA 30083
866-217-8581

Subscribed and sworn to before me by the affiant who is
personally known to me.

Notary Public

Date    2/17/2023          Commission Expires    3/24/2024

SUNNY S. BUSKIRK
Notary Public, State of Texas
Comm. Expires 03-24-2024
Notary ID 126457653

E-FILED IN OFFICE - JM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**22-C-04935-S2**

**2/23/2023 10:24 AM**

**TIANA P. GARNER, CLERK**

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

|                                         |     |                    |
|-----------------------------------------|-----|--------------------|
| PAMELA OLIVER,                          | )   |                    |
|                                         | )   |                    |
| Plaintiff,                              | )   | CIVIL ACTION FILE  |
|                                         | )   | NO. 22-C-04935-S2  |
| v.                                      | )   |                    |
|                                         | )   |                    |
| CONQUEROR TRANS, LLC; CURTIS            | )   |                    |
| BRIGGS; and STATE NATIONAL              | )   |                    |
| INSURANCE COMPANY,                      | )   |                    |
|                                         | )   |                    |
| Defendants.                             | )   |                    |

## ANSWER AND DEFENSES OF DEFENDANT CURTIS BRIGGS TO AMENDED COMPLAINT FOR DAMAGES

COMES NOW defendant Curtis Briggs and answers plaintiff's amended complaint as follows:

### FIRST DEFENSE

Plaintiff's amended complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Responding to the specifically numbered paragraphs of plaintiff's amended complaint, defendant answers as follows:

1.

Responding to the allegations in this paragraph of the amended complaint, defendant admits the subject accident occurred in Gwinnet County, Georgia.  Except as expressly admitted, defendant denies the allegations in this paragraph of the amended complaint.

## PARTIES, JURISDICTION, AND VENUE

2.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the amended complaint.

3.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the amended complaint.

4.

Responding to the allegations in this paragraph of the amended complaint, defendant admits that he resides at the listed address and may be served according to law.  Except as expressly admitted, defendant denies the allegations in this paragraph of the amended complaint.

5.

Responding to the allegations in this paragraph of the complaint, defendant admits this Court has jurisdiction over him.   Otherwise, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the amended complaint.

6.

Defendant admits the allegations in this paragraph of the amended complaint.

7.

Defendant admits the allegations in this paragraph of the amended complaint.

8.

Defendant admits the allegations in this paragraph of the amended complaint.

9.

Defendant admits the allegations in this paragraph of the amended complaint.

10.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the amended complaint.

11.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the amended complaint.

12.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the amended complaint.

13.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the amended complaint.

14.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the amended complaint.

15.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the amended complaint.

16.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the amended complaint.

17.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the amended complaint.

18.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the amended complaint.

19.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the amended complaint.

20.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the amended complaint.

21.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the amended complaint.

22.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the amended complaint.

23.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the amended complaint.

24.

Responding to the allegations in this paragraph of the amended complaint, defendant admits venue is proper as to him.  Except as expressly admitted, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the amended complaint.

## **FACTS**

25.

Defendant restates his defenses and responses to preceding paragraphs of the amended complaint as if fully set forth herein.

26.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the amended complaint.

27.

Responding to the allegations in this paragraph of the amended complaint, defendant admits he was operating a 2016 Freightliner Cascadia in Gwinnet County, Georgia on the day of the subject accident.  Except as expressly admitted, defendant denies the allegations in this paragraph of the amended complaint.

28.

Defendant admits the allegations in this paragraph of the amended complaint.

29.

Defendant denies the allegations in this paragraph of the amended complaint.

30.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the amended complaint.

31.

Defendant denies the allegations in this paragraph of the amended complaint.

32.

Defendant denies the allegations in this paragraph of the amended complaint.

33.

Defendant denies the allegations in this paragraph of the amended complaint.

34.

Defendant denies the allegations in this paragraph of the amended complaint.

35.

Defendant denies the allegations in this paragraph of the amended complaint.

36.

Defendant denies the allegations in this paragraph of the amended complaint.

37.

Defendant denies the allegations in this paragraph of the amended complaint.

38.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the amended complaint.

39.

Defendant denies the allegations in this paragraph of the amended complaint.

40.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the amended complaint.

41.

Defendant denies the allegations in this paragraph of the amended complaint.

42.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the amended complaint.

## COUNT I:  DIRECT ACTION AGAINST
## STATE NATIONAL INSURANCE COMPANY

43.

Defendant restates his defenses and responses to preceding paragraphs of the amended complaint as if fully set forth herein.

44.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the amended complaint.

45.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the amended complaint.

46.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the amended complaint.

47.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the amended complaint.

48.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the amended complaint.

## <u>COUNT II:  NEGLIGENCE OF CONQUEROR TRANS, LLC</u>

49.

Defendant restates his defenses and responses to preceding paragraphs of the amended complaint as if fully set forth herein.

50.

Responding to the allegations in this paragraph of the amended complaint, defendant admits he was employed with Conqueror at the time of the subject accident.   Except as expressly admitted, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the amended complaint.

51.

Responding to the allegations in this paragraph of the amended complaint, defendant admits he was acting within the course and the scope of his employment with Conqueror at the time of the subject accident.  Except as expressly admitted, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the amended complaint.

52.

Defendant admits the allegations in this paragraph of the amended complaint.

53.

Defendant admits the allegations in this paragraph of the amended complaint.

54.

Responding to the allegations in this paragraph of the amended complaint, defendant admits the *respondeat superior* doctrine applies to plaintiff's claim of

negligence against him.   Except as expressly admitted, defendant denies the allegations in this paragraph of the amended complaint.

55.

Defendant denies the allegations in this paragraph of the amended complaint.

56.

Defendant denies the allegations in this paragraph of the amended complaint, including the allegations set forth in subparagraphs (a) through (g).

60. [*sic*]

Defendant denies the allegations in this paragraph of the amended complaint.

61.

Defendant denies the allegations in this paragraph of the amended complaint.

## COUNT III:  NEGLIGENCE OF DEFENDANT CURTIS BRIGGS

62.

Defendant restates his defenses and responses to preceding paragraphs of the amended complaint as if fully set forth herein.

63.

Defendant denies the allegations in this paragraph of the amended complaint, including the allegations set forth in subparagraphs (a) through (j).

-11-

64.

Defendant denies the allegations in this paragraph of the amended complaint, including the allegations set forth in subparagraphs (a) through (g).

65.

Defendant denies the allegations in this paragraph of the amended complaint.

66.

Defendant denies the allegations in this paragraph of the amended complaint.

## COUNT IV:  COMBINED AND CONCURRING NEGLIGENCE

67.

Defendant restates his defenses and responses to preceding paragraphs of the amended complaint as if fully set forth herein.

68.

Defendant denies the allegations in this paragraph of the amended complaint.

69.

Defendant denies the allegations in this paragraph of the amended complaint.

70.

Defendant denies the allegations in this paragraph of the amended complaint.

## <u>COUNT V:  PUNITIVE DAMAGES</u>

### 71.

Defendant restates his defenses and responses to preceding paragraphs of the amended complaint as if fully set forth herein.

### 72.

Defendant denies the allegations in this paragraph of the amended complaint.

### 73.

Defendant denies the allegations in this paragraph of the amended complaint.

### 74.

Responding to the allegations in the unnumbered paragraph of the amended complaint which begins "WHEREFORE" and constitutes plaintiff's prayer for relief, including subparagraphs (a) through (f), defendant denies plaintiff is entitled to any relief from him under any theory, at law or in equity.

### 75.

Except as expressly admitted or otherwise responded to, defendant denies all allegations in the amended complaint.

### <u>THIRD DEFENSE</u>

Defendants did not breach any duty owed to plaintiff.

-13-

## FOURTH DEFENSE

No act or omission of defendants proximately caused or contributed to any injuries or damages allegedly incurred by plaintiff; therefore, plaintiff has no right of recovery against defendants.

## FIFTH DEFENSE

Any injuries or damages sustained by plaintiff were the sole, direct, and proximate result of the conduct of others, including but not limited to plaintiff, and no alleged act by defendants caused or contributed to the incident described in the amended complaint.

## SIXTH DEFENSE

The imposition of punitive damages against defendants would violate his rights under the Due Process Clauses of the Fourteenth Amendment to the United States Constitution and the Georgia Constitution.

## SEVENTH DEFENSE

The statutes of the State of Georgia that authorize the imposition of punitive damages are contrary, by their express terms and as applied to defendants in this action, to the United States and Georgia Constitutions, and the imposition of punitive damages against defendants in this action is therefore barred inasmuch as the statutes allow for deprivations of property without due process of law, violate the equal

protection of the laws by providing fewer protections for civil litigants than the criminal statutes that provide for the imposition of monetary fines, and impose an excessive fine.

## EIGHTH DEFENSE

To the extent as may be shown applicable by the evidence through discovery, defendant asserts the affirmative defenses of accord and satisfaction, arbitration and award, assumption of the risk, contributory/comparative negligence, duress, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, failure of plaintiff to avoid consequences, failure of plaintiff to mitigate damages, discharge in bankruptcy, estoppel, last clear chance, and waiver.

## NINTH DEFENSE

Defendant reserves the right to plead additional defenses as become known to him through investigation and discovery.

WHEREFORE, having fully listed his defenses and having fully answered the amended complaint, defendant prays as follows:

(a)     That judgment be entered in favor of defendants and against plaintiff on the amended complaint;

(b)    That the costs of this action, including attorney's fees be cast against

plaintiff; and

(c)    That the Court grant such other and further relief as it may deem just

and proper.

STONE KALFUS LLP

*/s/ Aleksandra Mitchell*
Matthew P. Stone
Georgia Bar No. 684513
Shawn N. Kalfus
Georgia Bar No. 406227
Aleksandra Mitchell
Georgia Bar No. 136019
Attorneys for Defendants
Conqueror Trans, LLC and
Curtis Briggs

One Midtown Plaza
1360 Peachtree Street NE
Suite 1250
Atlanta, GA 30309
(404) 736-2600 (telephone)
(877) 736-2601 (facsimile)
matt.stone@stonekalfus.com
shawn.kalfus@stonekalfus.com
alex.mitchell@stonekalfus.com

**DEFENDANT DEMANDS A TRIAL BY JURY OF TWELVE**

-16-

## CERTIFICATE OF SERVICE

This is to certify that I have this date served the foregoing ANSWER AND DEFENSES OF DEFENDANT CURTIS BRIGGS TO AMENDED COMPLAINT FOR DAMAGES upon all judges, clerks, and opposing counsel to the Clerk of Court electronically using the Odyssey eFileGA filing system which will automatically send e-mail notification of such filing to counsel of record and others who are Odyssey eFileGA eFile participants.  Counsel of record is as follows:

J. Martin Futrell, Esq.
WLG Atlanta, LLC
Bank of America Plaza
600 Peachtree Street, NE, Suite 4010
Atlanta, GA 30308

Jennifer W. Wolak, Esq.
Fields Howell LLP
655 8th St. NW
Atlanta, GA 30318

This 23rd day of February, 2023.

/s/ Aleksandra Mitchell
Aleksandra Mitchell
Georgia Bar No. 136019

STONE KALFUS LLP
One Midtown Plaza
1360 Peachtree Street NE
Suite 1250
Atlanta, GA 30309

(404) 736-2600 (telephone)
(877) 736-2601 (facsimile)

E-FILED IN OFFICE - JM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**22-C-04935-S2**

**2/23/2023 10:24 AM**

TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

PAMELA OLIVER,                     )
                                   )
    Plaintiff,                     )          CIVIL ACTION FILE
                                   )          NO. 22-C-04935-S2
v.                                 )
                                   )
CONQUEROR TRANS, LLC; CURTIS       )
BRIGGS; and STATE NATIONAL         )
INSURANCE COMPANY,                 )
                                   )
    Defendants.                   )

### DEFENDANT CONQUEROR TRANS, LLC'S ANSWER AND <u>DEFENSES TO AMENDED COMPLAINT FOR DAMAGES</u>

COMES NOW defendant Conqueror Trans, LLC (hereinafter "Conqueror")

and answers plaintiff's complaint as follows:

<u>FIRST DEFENSE</u>

Plaintiff's complaint fails to state a claim against Conqueror upon which relief

can be granted.

<u>SECOND DEFENSE</u>

Responding to the specifically numbered paragraphs of plaintiff's complaint,

Conqueror answers as follows:

1.

Responding to the allegations in this paragraph of the amended complaint, Conqueror admits the subject accident occurred in Gwinnet County, Georgia. Except as expressly admitted, Conqueror denies the allegations in this paragraph of the amended complaint.

## **PARTIES, JURISDICTION, AND VENUE**

2.

Conqueror is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the amended complaint.

3.

Conqueror is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the amended complaint.

4.

Conqueror is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the amended complaint.

5.

Conqueror is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the amended complaint.

6.

Conqueror is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the amended complaint.

7.

Conqueror is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the amended complaint.

8.

Conqueror is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the amended complaint.

9.

Conqueror is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the amended complaint.

10.

Responding to the allegations in this paragraph of the amended complaint, Conqueror admits it was a motor carrier at the time of the subject accident.  Except as expressly admitted, Conqueror is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the amended complaint.

11.

Responding to the allegations in this paragraph of the amended complaint, Conqueror admits it may be served according to law. Except as expressly admitted, Conqueror is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the amended complaint.

12.

Responding to the allegations in this paragraph of the amended complaint, Conqueror admits it may be served according to law. Except as expressly admitted, Conqueror is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the amended complaint.

13.

Defendant admits the allegations in this paragraph of the amended complaint.

14.

Defendant admits the allegations in this paragraph of the amended complaint.

15.

Defendant admits the allegations in this paragraph of the amended complaint.

16.

Defendant admits the allegations in this paragraph of the amended complaint.

17.

Conqueror is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the amended complaint.

18.

Conqueror is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the amended complaint.

19.

Conqueror is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the amended complaint.

20.

Conqueror is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the amended complaint.

21.

Conqueror is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the amended complaint.

22.

Conqueror is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the amended complaint.

23.

Conqueror is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the amended complaint.

24.

Responding to the allegations in this paragraph of the complaint, Conqueror admits the venue is proper as to it and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph of the amended complaint.

## FACTS

25.

Conqueror restates its defenses and responses to preceding paragraphs of the complaint as if fully set forth herein.

26.

Conqueror is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the amended complaint.

27.

Conqueror is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the amended complaint.

28.

Conqueror admits the allegations in this paragraph of the amended complaint.

29.

Conqueror is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the amended complaint.

30.

Conqueror is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the amended complaint.

31.

Conqueror denies the allegations in this paragraph of the amended complaint.

32.

Conqueror denies the allegations in this paragraph of the amended complaint.

33.

Conqueror denies the allegations in this paragraph of the amended complaint.

34.

Conqueror denies the allegations in this paragraph of the amended complaint.

35.

Conqueror denies the allegations in this paragraph of the amended complaint.

36.

Conqueror denies the allegations in this paragraph of the amended complaint.

37.

Conqueror denies the allegations in this paragraph of the amended complaint..

38.

Conqueror is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the amended complaint.

39.

Conqueror denies the allegations in this paragraph of the amended complaint.

40.

Conqueror is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the amended complaint.

41.

Conqueror denies the allegations in this paragraph of the amended complaint.

42.

Conqueror is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the amended complaint.

## <u>COUNT I: DIRECT ACTION AGAINST STATE NATIONAL INSURANCE COMPANY</u>

### 43.

Conqueror restates its defenses and responses to preceding paragraphs of the complaint as if fully set forth herein.

### 44.

Conqueror is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the amended complaint.

### 45.

Conqueror is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the amended complaint.

### 46.

Conqueror is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the amended complaint.

### 47.

Conqueror is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the amended complaint.

### 48.

Conqueror is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the amended complaint.

## COUNT II: NEGLIGENCE OF CONQUEROR TRANS, LLC

49.

Conqueror restates its defenses and responses to preceding paragraphs of the complaint as if fully set forth herein.

50.

Responding to the allegations in this paragraph of the amended complaint, Conqueror admits Mr. Briggs was employed with Conqueror at the time of the subject accident.  Except as expressly admitted, Conqueror denies the allegations in this paragraph of the amended complaint.

51.

Responding to the allegations in this paragraph of the amended complaint, Conqueror admits Mr. Briggs was acting within the course and the scope of his employment with Conqueror at the time of the subject accident.  Except as expressly admitted, Conqueror is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the amended complaint.

52.

Conqueror admits the allegations in this paragraph of the amended complaint.

53.

Conqueror admits the allegations in this paragraph of the amended complaint.

54.

Responding to the allegations in this paragraph of the amended complaint, Conqueror admits the *respondeat superior* doctrine applies to plaintiff's claim of negligence against it.   Except as expressly admitted, Conqueror denies the allegations in this paragraph of the amended complaint.

55.

Conqueror denies the allegations in this paragraph of the amended complaint.

56.

Conqueror denies the allegations in this paragraph of the amended complaint including those allegations set forth in subparagraphs (a) through (g).

60. [*sic*]

Conqueror denies the allegations in this paragraph of the amended complaint.

61.

Conqueror denies the allegations in this paragraph of the amended complaint.

**COUNT III: NEGLIGENCE OF DEFENDANT CURTIS BRIGGS**

62.

Conqueror restates its defenses and responses to preceding paragraphs of the amended complaint as if fully set forth herein.

63.

Conqueror denies the allegations in this paragraph of the amended complaint including those allegations set forth in subparagraphs (a) through (j).

64.

Conqueror denies the allegations in this paragraph of the amended complaint including those allegations set forth in subparagraphs (a) through (g).

65.

Conqueror denies the allegations in this paragraph of the amended complaint.

66.

Conqueror denies the allegations in this paragraph of the amended complaint.

## COUNT IV: COMBINED AND CONCURRING NEGLIGENCE

67.

Conqueror restates its defenses and responses to preceding paragraphs of the amended complaint as if fully set forth herein.

68.

Conqueror denies the allegations in this paragraph of the amended complaint.

69.

Conqueror denies the allegations in this paragraph of the amended complaint.

70.

Conqueror denies the allegations in this paragraph of the amended complaint.

## COUNT V: PUNITIVE DAMAGES

71.

Conqueror restates its defenses and responses to preceding paragraphs of the amended complaint as if fully set forth herein.

72.

Conqueror denies the allegations in this paragraph of the amended complaint.

73.

Conqueror denies the allegations in this paragraph of the amended complaint.

74.

Responding to the allegations in the unnumbered paragraph of the amended complaint which begins "WHEREFORE" and constitutes plaintiff's prayer for relief, including subparagraphs (a) through (f), Conqueror denies plaintiff is entitled to any relief from it under any theory, at law or in equity.

75.

Except as expressly admitted or otherwise responded to, Conqueror denies all allegations in the amended complaint.

## THIRD DEFENSE

Defendants did not breach any duty owed to plaintiff.

## FOURTH DEFENSE

No act or omission of defendants proximately caused or contributed to any injuries or damages allegedly incurred by plaintiff; therefore, plaintiff has no right of recovery against defendants.

## FIFTH DEFENSE

Any injuries or damages sustained by plaintiff were the sole, direct, and proximate result of the conduct of others, including but not limited to plaintiff, and no alleged act by defendants caused or contributed to the incident described in the amended complaint.

## SIXTH DEFENSE

The imposition of punitive damages against defendants would violate his rights under the Due Process Clauses of the Fourteenth Amendment to the United States Constitution and the Georgia Constitution.

## SEVENTH DEFENSE

The statutes of the State of Georgia that authorize the imposition of punitive damages are contrary, by their express terms and as applied to defendants in this action, to the United States and Georgia Constitutions, and the imposition of punitive

damages against defendants in this action is therefore barred inasmuch as the statutes allow for deprivations of property without due process of law, violate the equal protection of the laws by providing fewer protections for civil litigants than the criminal statutes that provide for the imposition of monetary fines, and impose an excessive fine.

<u>EIGHTH DEFENSE</u>

To the extent as may be shown applicable by the evidence through discovery, defendant asserts the affirmative defenses of accord and satisfaction, arbitration and award, assumption of the risk, contributory/comparative negligence, duress, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, failure of plaintiff to avoid consequences, failure of plaintiff to mitigate damages, discharge in bankruptcy, estoppel, last clear chance, and waiver.

<u>NINTH DEFENSE</u>

Conqueror reserves the right to plead additional defenses as become known to it through investigation and discovery.

WHEREFORE, having fully listed its defenses and having fully answered the complaint, Conqueror prays as follows:

(a)    That judgment be entered in favor of defendants and against plaintiff

on the complaint;

(b)    That the costs of this action, including attorney's fees be cast against

plaintiff; and

(c)    That the Court grant such other and further relief as it may deem just

and proper.

STONE KALFUS LLP

*/s/ Aleksandra Mitchell*
Matthew P. Stone
Georgia Bar No. 684513
Shawn N. Kalfus
Georgia Bar No. 406227
Aleksandra Mitchell
Georgia Bar No. 136019
Attorneys for Defendants
Conqueror Trans, LLC and
Curtis Briggs

One Midtown Plaza
1360 Peachtree Street NE
Suite 1250
Atlanta, GA 30309
(404) 736-2600 (telephone)
(877) 736-2601 (facsimile)

**CONQUEROR DEMANDS A TRIAL BY JURY OF TWELVE**

-16-

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this date served the foregoing DEFENDANT CONQUEROR TRANS, LLC'S ANSWER AND DEFENSES TO AMENDED COMPLAINT FOR DAMAGES upon all judges, clerks, and opposing counsel to the Clerk of Court electronically using the Odyssey eFileGA filing system which will automatically send e-mail notification of such filing to counsel of record and others who are Odyssey eFileGA eFile participants.  Counsel of record is as follows:

> J. Martin Futrell, Esq.
> WLG Atlanta, LLC
> Bank of America Plaza
> 600 Peachtree Street, NE, Suite 4010
> Atlanta, GA 30308
>
> Jennifer W. Wolak, Esq.
> Fields Howell LLP
> 655 8th St. NW
> Atlanta, GA 30318

This 23rd day of February, 2023.

*/s/ Aleksandra Mitchell*
Aleksandra Mitchell
Georgia Bar No. 136019

STONE KALFUS LLP
One Midtown Plaza
1360 Peachtree Street NE
Suite 1250
Atlanta, GA 30309
(404) 736-2600 (telephone)
(877) 736-2601 (facsimile)