Date: 12/29/2022 11:00 PI
Cathelene Robinson, Cler

RECEIVED
JAN 2 4 2023
CITY OF ATLANTA
DEPARTMENT OF LAW

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

GIRLS GALORE, INC. d/b/a    *
Allure Gentlemen's Club,    *
                                   *  CIVIL ACTION FILE
     Plaintiff,    *  No. 2023CV374401
                                   *
-vs-    *
                                   *
CITY OF ATLANTA, GEORGIA,    *
LIEUTENANT MARK COTTER, and    *
JOHN DOE,    *
                                   *
     Defendants,    *

## COMPLAINT FOR DAMAGES

### Nature of the Case

1.

Using its alcoholic beverage ordinances as a pretext, the City of Atlanta, through the defendants, searched and closed Allure without meaningful notice or an opportunity to be meaningfully heard. The City's feat was possible in part because the ordinances lack procedural safeguards to prevent indefinite closures. This systemic shortcoming is especially troublesome here, where the ordinances were applied because of a distaste for erotic messages offered by a nude dance establishment located near an influential neighborhood. Allure seeks damages for claims arising under the First, Fourth and Fourteenth Amendments to the federal Constitution.

## Parties

2.

Plaintiff Girls Galore, Inc. ("Allure") is a Georgia corporation which possesses a City of Atlanta license to sell liquor, beer and wine for consumption on premises at 2284 Cheshire Bridge Road, Atlanta, Fulton County, Georgia 30324.

3.

Defendant City of Atlanta ("the City") is a political subdivision of the State of Georgia which has the capacity to sue and be sued.

4.

Defendant Lieutenant Mark Cotter is a police officer with the City of Atlanta police department. Lieutenant Cotter is sued in his individual capacity only. Cotter is subject to the jurisdiction of this Court.

5.

Defendant John Doe was a City of Atlanta official or employee at all times relevant to the allegations of this complaint. John Doe acted at all times with delegated final policy-making authority for the City. John Doe is sued in his official and individual capacities, and he is subject to the jurisdiction of this Court.

## VENUE

6.

All acts or omissions alleged by Allure have occurred (or will occur) in Fulton County, Georgia, and therefore venue is proper.

## JURISDICTION

7.

This Court has jurisdiction to hear this controversy.

8.

Attorney's fees are authorized by 42 U.S.C. § 1988.

## REGULATORY FRAMEWORK & POLICY

9.

The City regulates persons who sell or serve alcoholic beverages under City of Atlanta Code §§ 10-1 through 10-228 ("the Code").

10.

Any person who desires to operate a nightclub serving alcoholic beverages on premises must obtain an alcoholic beverage license under the Code. See Code §§ 10-46, 10-48.

11.

Once issued, an alcoholic beverage license cannot be denied or suspended by the City except for "due cause" after a hearing and upon written notice to the license holder stating the time, place and purpose of the hearing, as well

as a statement of the charge or charges upon which the hearing shall be held. See Code § 10-109(a).

12.

It is the City of Atlanta Police Department ("APD") which investigates and then determines whether "due cause" exists to initiate a show-cause hearing regarding an alcoholic beverage license, which includes (a) an initial license applicant, (b) an existing licensee, (c) a renewal license applicant.

13.

If APD believes "due cause" exists, and APD elects to initiate a due-cause hearing, APD typically serves a letter specifying those grounds to the licensee (or applicant) which invites him or her to appear before the City's License Review Board ("LRB") for a "show cause" hearing.

14.

APD's License and Permit Unit is responsible for "making the final agendas for all [LRB] hearings regarding annual licenses to sell alcohol available for public notice by the close of business on the day that is one week prior to the date of each hearing." Code § 10-66(c).

15.

Based on the APD's final agenda, the LRB conducts the hearing and reports its conclusions and recommendations to

the Mayor. Code § 10-109(d).

16.

The LRB allows citizens, including those from neighborhood organizations as well as city council members, to participate in LRB hearings concerning alcoholic beverage licenses.

17.

The LRB does not provide notice to the licensee or applicant which citizens will appear at the hearing, nor does it provide notice of what they are expected to say at the hearing.

18.

After the Mayor's decision, the applicant is not afforded a hearing with an opportunity to present evidence and cross-examine opposing witnesses, nor does he or she have that right under the Code.

19.

Occasionally APD does not place violations of § 10-109(a)(12)&(14) or 10-206 on the LRB agenda. But the City has no guidelines, policies or procedures for determining how or when APD may waive placement of these violations on the LRB agenda.

FACTS

20.

For over 25 years, Allure has been licensed by the City to operate an adult entertainment nightclub serving alcoholic beverage of liquor, beer and wine. It features nude-dance performances, which are neither lewd nor obscene, and which convey an erotic message.

21.

In the City of Atlanta, nude dancing is traditionally offered in a nightclub setting (where alcoholic beverages are offered for consumption on premises).

22.

On September 23, 2019, APD cited one of Allure's employees for allegedly operating Allure in violation of § 10-209 (hours of operation) of the Code.

23.

Based on this charge, Allure was invited to appear before the LRB and answer why its alcohol license should not be fined or suspended. At the conclusion of that hearing, the LRB voted to recommend to the Mayor that she (1) suspend Allure's 2020 alcoholic beverage license for five days, and (2) impose a fine of $2,500 against Allure's license.

24.

By letter dated December 16, 2020, the Mayor wrote to Allure announcing her decision to follow the LRB's recommendation to suspend Allure's 2021 alcoholic beverage

license.

25.

On the evening of December 31, 2020, Lt. Cotter, acting at the direction and approval of John Doe, went to Allure and ordered the business to close based on the Mayor's December 16 letter. See City of Atlanta Code, § 10-32(a) ("Sworn officers of the department of police shall have the authority to inspect establishments licensed under this chapter during the hours in which the premises are open for business. These inspections shall be made for the purpose of verifying compliance with this chapter.").

26.

The defendants ordered and ensured that Allure remained closed for the next five days.

27.

On January 21, 2021, Allure timely filed a petition for writ of certiorari in the Fulton County Superior Court, appealing form the Mayor's December 16 decision. [Case No. 2021-CV-34490.] The superior court entered an order reversing the Mayor's decision and ordering further proceedings on Allure's license to "be conducted in a manner that provides sufficient minimum due process, including notice and a meaningful opportunity to be heard on the issues." The Georgia Court of Appeals affirmed the order.

See <u>City of Atlanta v. Girls Galore, Inc.</u>, No. A22A1608, 2022 Ga. App. LEXIS 533 (Ct. App. Nov. 14, 2022).

## COUNT 1

### 42 U.S.C. § 1983: Fourth Amendment violation

(All defendants)

28.

Allure realleges each fact set forth in paragraphs 1 through 27 of this complaint and incorporates them here by reference.

29.

The defendants violated the Fourth Amendment when they entered, remained and searched the premises of Allure without a search warrant, consent, or exigent circumstances justifying their unlawful intrusion upon the premises.

30.

The defendants continued the unlawful seizure of Allure through January 5, 2021.

31.

Allure is entitled to an award of economic damages, including lost profits and loss of commercial opportunities, for the defendants' unlawful intrusion upon the premises.

## COUNT 2

### 42 U.S.C. § 1983: Free Speech Clause violation

32.

Allure realleges each fact set forth in paragraphs 1 through 27 of this complaint and incorporates them here by reference.

33.

The actions of the defendants have deprived Allure of property rights, liberty interests, and freedom of expression, protected by the Free Speech Clause of the First and Fourteenth Amendments to the federal Constitution, in that, <u>inter alia</u>:

(a) The City's ordinances are unconstitutional as applied to Allure because they allowed the defendants to impose a prior restraint on speech using unfettered discretion under a scheme which: (i) does not require the City to hold an immediate post-deprivation hearing; and (ii) the defednants' discretion here was intentionally abused with the purpose and effect of depriving Allure of its First Amendment rights;

(b) The timing and conduct of the "closure order" was purposely calculated to scare away Allure's performers and patrons so that Allure was unable, or severely crippled in trying, to reopen its business after the five-day suspension;

(c) The defendants do not use closures orders against

>
> other commercial establishments for the same type of alleged violations. Instead, they employ the "normal" code enforcement process, which provides for notice and a due process hearing before any final administrative action takes place; and
>
> (d) The closure of Allure imposed an unlawful prior restraint on protected expression.

COUNT 3

EQUAL PROTECTION

(Class of One) VIOLATIONS

(Defendant City of Atlanta)

34.

Allure realleges each fact set forth in paragraphs 1 through 27 of this complaint and incorporates them here by reference.

35.

The City's actions, through the defendants, have deprived Allure of rights and interests protected by the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, and corresponding provisions of the Georgia Constitution (Art. I, § 1, ¶ II), in that, <u>inter alia</u>:

> (a) the City has discriminated against Allure by allowing similarly situated venues to obtain or

retain their alcoholic beverage licenses, even though these venues have violated similar or identical sections of the Code, based on an animosity toward Allure and nude dance entertainment; and

(b) upon information and belief, the City has discriminated against Allure by declining to order similarly situated venues which have violated the City's alcohol ordinances to appear before the LRB.

36.

The City has purposefully discriminated against Allure's right and liberty interest to operate a nightclub serving alcoholic beverages in a manner afforded to similarly situated venues.

WHEREFORE, Allure prays:

(a) That as to Counts 1, 2, and 3 of this Complaint, the Court award damages for the defendants' unlawfully interfering with Allure's lawful operation;

(b) That the Court grant a trial by jury on all issues so triable;

(c) That Allure be granted such other and further relief as this Court deems just and proper.

Respectfully submitted,

BY: /s/ Cary S. Wiggins
Cary S. Wiggins
Ga. Bar No. 757657

WIGGINS LAW GROUP, LLC
Suite 401
260 Peachtree Street, NW
Atlanta, Georgia 30303
Telephone: (404) 659-2880
cary@wigginslawgroup.com

Date: 12/29/2022 11:00 PI
Cathelene Robinson, Cler

# IN THE SUPERIOR COURT OF FULTON COUNTY, GEORGIA
136 PRYOR STREET, ROOM C-103, ATLANTA, GEORGIA 30303

## SUMMONS

| | |
|---|---|
| Girls Galore, Inc. d/b/a Allure Gentlemen's Club <br> **Plaintiff,** <br> vs. <br> City of Atlanta, Georgia, Lieutenant Mark Cotter, and John Doe <br> **Defendant** | ) Case No.: 2023CV374401 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

TO THE ABOVE NAMED DEFENDANT(S):

You are hereby summoned and required to file electronically with the Clerk of said Court at https://efilega.tylerhost.net/ofsweb (unless you are exempt from filing electronically) and serve upon plaintiff's attorney, whose name and address is:

Cary S. Wiggins, Wiggins Law Group, LLC
260 Peachtree St NW, Suite 401, Atlanta, GA 30303
cary@wigginslawgroup.com; (404) 659-2880

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service; unless proof of service of this complaint is not filed within five (5) business days of such service. Then time to answer shall not commence until such proof of service has been filed. **IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

This _12/29/2022_ day of _____, 20 ___

Honorable Cathelene "Tina" Robinson
Clerk of Superior Court
By _____ (signature) _____
Deputy Clerk

To defendant upon whom this petition is served:
This copy of complaint and summons was served upon you _____, 20 ___

Deputy Sherriff

Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum is used