IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| STEVE L. STEPHENSON<br><br>    Plaintiff,<br><br>v.<br><br>DELTA AIR LINES, INC.<br><br>    Defendants. | CIVIL ACTION FILE NO.: |

**RENEWAL COMPLAINT FOR DAMAGES**
**Action for Bodily Injury under the Montreal Convention**

COMES NOW Plaintiff, Steve L. Stephenson, by and through the undersigned counsel pursuant to O.C.G.A. § 9-2-61 and § 9-11-41. This action was previously litigated under Docket No.: 1:21-cv-00941. Following a dismissal without prejudice, filed with the consent of all parties to the prior action, Plaintiff files this renewal complaint setting forth his claims as follows:

1.

At all material times, Plaintiff, Steve L. Stephenson ("Plaintiff" or "Plaintiff Stephenson"), resided in Florida, and is natural person, *sui juris*.

2.

Defendant, Delta Air Lines, Inc. ("Delta" or "Defendant Delta") is a Delaware Corporation, with its principal place of business located at Hartsfield-Jackson

Atlanta International Airport in Clayton County, Georgia. Delta's Georgia Registered Agent for service of process is Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, Georgia 30092.

3.

The material, operative facts giving rise to this lawsuit occurred within the Northern District of Georgia of the United States District Court.

4.

Personal Jurisdiction and Venue are proper in the Northern District because Defendant Delta has its principal place of business within the District and the events underlying this case occurred within the Northern District of Georgia. *28 U.S.C. §1391*.

5.

This Court has subject-matter jurisdiction over this action because it arises pursuant to *28 U.S.C. § 1331,* under a treaty of the United States of America known as the "Convention for Unification of Certain Rules for International Carriage by Air", signed in Montreal, Canada on May 28, 1999, more commonly known as the "Montreal Convention".  Japan is also a signatory to the "Montreal Convention".

6.

The "Montreal Convention" governs an air carrier's liability and damages for an "accident" that proximately causes a passenger's bodily injury during "international carriage" while on board an aircraft.

7.

This action arises from the collision of two Delta jets (the "Accident") owned by Defendant Delta and operated on the taxiways of Hartsfield-Jackson Atlanta International Airport (the "Airport") on or about March 10, 2019. A true copy of the National Transportation Safety Board Identification number for the Accident is attached as Exhibit A.

8.

The Accident at the Airport occurred between the Delta aircraft Mr. Stephenson occupied as a fully paid, international passenger, flying on Delta Air Lines from Tokyo, Japan to Tampa, Florida, U.S.A., with intermediate stops in Seattle, Washington and Atlanta, Georgia.

9.

Plaintiff travelled to and from Tokyo, Japan on business for Mr. Stephenson's employer.

10.

At the time of the Accident, Mr. Stephenson was on board the aircraft for Defendant Delta Flight DL 2777, aircraft N591NW. A true copy of the Federal Aviation Administration Registration for this N-Number is attached as Exhibit B. The Accident occurred March 10, 2019 between the aircraft for Defendant Delta Flight DL 2777 which Mr. Stephenson occupied, and another Delta jet owned and operated by Defendant Delta.

11.

At the time of the Accident, Defendant Delta assigned Mr. Stephenson, and he occupied seat 48D on Flight DL 2777.  A true copy of Plaintiff's boarding credential is attached as Exhibit C.

12.

Delta Flight DL 2777 on March 10, 2019 was part of Mr. Stephenson's international travel from Tokyo, Japan to Tampa, Florida, thus the Accident arose during Defendant Delta's international carriage of Mr. Stephenson.

13.

The Accident caused Defendant Delta's aircraft in which Plaintiff, Mr. Stephenson was a passenger to jolt, and proximately caused Mr. Stephenson to suffer bodily injuries.

14.

Mr. Stephenson suffered bodily injuries, permanent injury; pain and suffering; expenses of medical care, diagnosis, and treatment; aggravation of a pre-existing condition; lost capacity for the enjoyment of life, and other economic damages including, without limitation, lost wages. Plaintiff Stephenson's economic and non-economic damages are continuing in nature and Plaintiff will continue to incur such damages in the future.

15.

As the direct and proximate result of the Accident, Plaintiff Stephenson suffered bodily injury and he is entitled to recover damages as specified under the Montreal Convention.

16.

Under Article 17 of the Montreal Convention, Defendant Delta is liable for Plaintiff Stephenson's bodily injuries proximately caused by the Accident, and specified damages while on board the Delta aircraft in international carriage.

WHEREFORE, Plaintiff Stephenson demands judgment against Defendant Delta and further prays that:

   a.   summons issue requiring Defendant Delta to appear and answer Plaintiff Stephenson's allegations;

b.  Plaintiff recovers all damages allowable and recoverable for bodily injury under the Montreal Convention;

c.  Plaintiff shall have a Trial by Jury for all issues so triable;

d.  Plaintiff recovers general and special damages as determined by an enlightened jury of Plaintiff's peers;

e.  Plaintiff recovers his costs of this action; and

f.  This Honorable Court order such other, further, and additional relief as the Court deems just and proper.

Respectfully submitted this 24th day of February, 2023.

MORGAN & MORGAN ATLANTA, PLLC

_____

408 12th Street, Suite 200
Columbus, Georgia 31901
T: (762) 240-9459
callen@forthepeople.com

Cody M. Allen
Georgia Bar No.: 998818

*Attorney for Plaintiff*

## **CERTIFICATE OF COMPLIANCE**

Pursuant to N.D. Ga. Local Rules 5.1(C) and 7.1(D), the above-signed counsel certifies that this document is submitted in Times New Roman 14-point font.