# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| NURIA WING, Individually and as Executrix of the Estate of JOHN WING ) ) ) | |
| Plaintiff, ) | CIVIL ACTION FILE NO. _____ |
| ) | [On removal from the State |
| v. ) | Court of Gwinnett County, |
| ) | Georgia, Civil Action |
| STATE FARM FIRE AND CASUALTY COMPANY, ) ) | File No. 22-C-04218-S7] |
| ) | |
| Defendant. ) | |
| ) | |

## NOTICE OF REMOVAL

State Farm Fire and Casualty Company ("State Farm"), Defendant in the above-styled civil action, hereby files this Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446 within the time prescribed by law, respectfully showing this Court as follows:

1.

On July 28, 2022, Plaintiff Nuria Wing, Individually and as Executrix of the Estate of John Wing ("Plaintiff"), by and through counsel, filed a Complaint against State Farm in the State Court of Gwinnett County, Georgia, styled as *Nuria Wing, Individually and as Executrix of the Estate of John Wing v. State Farm Fire and Casualty Company*, and assigned Civil Action File No. 22-C-04218-S6 (the

"State Court Action"). True and accurate copies of all filings to date in the State Court Action are collectively attached hereto as **Exhibit "A."**

2.

The Complaint and Summons in the State Court Action were served upon State Farm on August 12, 2022.

3.

The case stated against State Farm in Plaintiff's initial pleading was not removable, as the Complaint did not allege an amount in controversy and the amount in controversy could not be determined from the documents in the underlying claim. See 28 U.S.C. § 1446(b)(3).

4.

On January 25, 2023, Plaintiff served State Farm with her written responses to State Farm's duly propounded Interrogatories in the State Court Action. Therein, Plaintiff asserts damages against State Farm in the total amount of $162,218.63 "plus other damages presented at trial." A true and accurate copy of Plaintiff's verified responses to State Farm's Interrogatories is attached hereto as **Exhibit "B."**

5.

This Notice of Removal is filed within thirty days of January 25, 2023, the date upon which State Farm first ascertained that the State Court Action is one

which is or has become removable. See 28 U.S.C. §§ 1446(b)(3) and 1446(c)(3)(A) ("If the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in section 1332(a), information relating to the amount in controversy in the record of the State proceeding, *or in responses to discovery*, shall be treated as 'other paper' under subsection (b)(3).") (emphasis added).

6.

This Notice of Removal is also filed within one year of the commencement of the State Court Action. Thus, removal is timely under 28 U.S.C. § 1446(c)(1).

7.

The United States District Court for the Northern District of Georgia, Atlanta Division, embraces Gwinnett County, Georgia. Thus, removal to this Court is proper under 28 U.S.C. § 1441(a).

8.

Pursuant to 28 U.S.C. § 1446(d), promptly upon the filing of this Notice of Removal, State Farm will contemporaneously herewith give written notice to Plaintiff by notifying her attorney of record, Andrew Holliday, Esq. of Andrew W. Holliday, P.C., and will file a copy of this Notice of Removal with the Clerk of State Court of Gwinnett County, which shall effectuate the removal.

**DIVERSITY JURISDICTION**

9.

The United States District Court for the Northern District of Georgia, Atlanta Division, possesses diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

10.

Plaintiff was a resident of Georgia on the date that the Complaint was filed. Thus, Plaintiff is a citizen of the State of Georgia.

11.

State Farm is a corporation organized under the laws of the State of Illinois, with its principal place of business in the State of Illinois. Thus, State Farm is not a citizen of Georgia and was not a citizen of the State of Georgia at the time of commencement of the State Court Action.

12.

Because Plaintiff and State Farm are citizens of different States, complete diversity exists between Plaintiff and State Farm in accordance with 28 U.S.C. § 1332(a)(1).

13.

In her Complaint, Plaintiff seeks recovery of insurance proceeds allegedly owed under a policy of insurance for damage to real property located at 9200

Tuckerbrook Lane, Johns Creek, Georgia 30022. <u>See generally</u>, Dkt. 1-1, <u>Complaint</u>. Plaintiff asserts claims against State Farm for breach of contract and bad faith pursuant to O.C.G.A. § 33-4-6. Plaintiff alleges her compensatory damages for the loss total at least $162,218.63. <u>See</u> **Exhibit "B."** Plaintiff also contends that State Farm is liable for bad faith damages pursuant to O.C.G.A. § 33-4-6 in an amount of "not more than of fifty percent 50%, plus all reasonable attorney's fees." Dkt. 1-1, Complaint, ¶ 26. Accordingly, the amount in controversy exceeds $75,000.00, exclusive of interest and costs, as required by 28 U.S.C. § 1332(a).

14.

In light of the foregoing, this Court has subject matter jurisdiction over this matter in accordance with 28 U.S.C. § 1332(a).

15.

Venue is proper in this Court for purposes of removal under 28 U.S.C. § 1441(a). By filing this Notice of Removal, State Farm does not waive any of its jurisdictional objections or affirmative defenses.

WHEREFORE, State Farm prays that this action proceed in this Court as an action properly removed pursuant to 28 U.S.C. § 1446, and that no further proceedings be had in said case in the State Court of Gwinnett County, Georgia.

Respectfully submitted this 24th day of February, 2023.

        **SWIFT, CURRIE, McGHEE & HIERS, LLP**

        /s/ *Jessica M. Phillips*
        Jessica M. Phillips, Esq.
        Georgia Bar No. 922902
        Kyle A. Ference, Esq.
        Georgia Bar No. 683043
        ***Attorneys for Defendant***

1420 Peachtree Street, NE
Suite 800
Atlanta, GA 30309
OFF:  (404) 874-8800
FAX: (404) 888-6199
Jessica.Phillips@swiftcurrie.com
Kyle.Ference@swiftcurrie.com

- 7 -

## LOCAL RULE 5.1C CERTIFICATION

By signature below, counsel certifies that the foregoing pleading was prepared in Times New Roman, 14-point font in compliance with Local Rule 5.1C.

Respectfully submitted this 24th day of February, 2023.

             **SWIFT, CURRIE, McGHEE & HIERS, LLP**

             /s/ *Jessica M. Phillips*
             Jessica M. Phillips, Esq.
             Georgia Bar No. 922902
             Kyle A. Ference, Esq.
             Georgia Bar No. 683043
             ***Attorneys for Defendant***

1420 Peachtree Street, NE
Suite 800
Atlanta, GA 30309
OFF: (404) 874-8800
FAX: (404) 888-6199
Jessica.Phillips@swiftcurrie.com
Kyle.Ference@swiftcurrie.com

## **CERTIFICATE OF SERVICE**

This is to certify that this day I have electronically filed ***Defendant State Farm Fire and Casualty Company's Notice of Removal*** with the Clerk of Court by e-filing same using the CM/ECF System, which will automatically send e-mail notification of said filing to the following attorneys of record:

Andrew Holliday, Esq.
Andrew W. Holliday, P.C.
11175 Cicero Drive, Ste. 100
Alpharetta, GA 30022
andrew@hollidayfirm.com
*Counsel for Plaintiff*

This <u>24th</u> day of February, 2023.

                                                  /s/ *Jessica M. Phillips*
                                                Jessica M. Phillips, Esq.
                                                Georgia Bar No. 922902
                                                Kyle A. Ference, Esq.
                                                Georgia Bar No. 683043
                                                ***Attorneys for Defendant***

1420 Peachtree Street, NE
Suite 800
Atlanta, GA 30309
OFF:  (404) 874-8800
FAX: (404) 888-6199
Jessica.Phillips@swiftcurrie.com
Kyle.Ference@swiftcurrie.com