# EXHIBIT A

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**22-C-04218-S6**

**7/28/2022 7:48 PM**

TIANA P. GARNER, CLERK

## General Civil and Domestic Relations Case Filing Information Form

☐ **Superior** or ☒ **State Court of** Gwinnett _____ **County**

| **For Clerk Use Only** | |
|---|---|
| **Date Filed** _____ | **Case Number** 22-C-04218-S6 |
| **MM-DD-YYYY** | **Case Number** _____ |

**Plaintiff(s)**

Wing          Nuria

| Last | First | Middle I. | Suffix | Prefix |
|------|-------|-----------|--------|--------|
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |

**Defendant(s)**

State Farm Fire and Casualty Company

| Last | First | Middle I. | Suffix | Prefix |
|------|-------|-----------|--------|--------|
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |

**Plaintiff's Attorney** Andrew Holliday     **Bar Number** 362472     **Self-Represented** ☐

### Check One Case Type in One Box

**General Civil Cases**

- ☐ Automobile Tort
- ☐ Civil Appeal
- ☒ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**

- ☐ Adoption
- ☐ Dissolution/Divorce/Separate Maintenance
- ☐ Family Violence Petition
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

**Post-Judgment – Check One Case Type**

- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Modification
- ☐ Other/Administrative

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____          _____
**Case Number**                              **Case Number**

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
**Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____
_____

Version 1.1.18

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**22-C-04218-S6**

**7/28/2022 7:48 PM**

**TIANA P. GARNER, CLERK**

## General Civil and Domestic Relations Case Filing Information Form

☐ **Superior** or ☒ **State Court of** <u>Gwinnett State Court</u> **County**

| For Clerk Use Only | | |
|---|---|---|
| | | **22-C-04218-S6** |
| **Date Filed** _____ | | **Case Number** _____ |
| **MM-DD-YYYY** | | |

**Plaintiff(s)**
Wing, Nuria

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |

**Defendant(s)**
State Farm Fire and Casualty Company

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |

**Plaintiff's Attorney** <u>Andrew W Holliday</u>  **State Bar Number** <u>362472</u>  **Self-Represented** ☐

### Check one case type and one sub-type in the same box (if a sub-type applies):

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☒ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____        _____
**Case Number**                        **Case Number**

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**22-C-04218-S6**
**7/28/2022 7:48 PM**
**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| NURIA WING, Individually and as Executrix of the Estate of JOHN WING,<br><br>   Plaintiff,<br><br>v.<br><br>STATE FARM FIRE AND CASUALTY COMPANY,<br><br>   Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

22-C-04218-S6

Case No.: _____

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiff Nuria Wing, Individually and as Executrix of the Estate of John Wing, ("Plaintiff" or "Ms. Wing") hereby files this Complaint against Defendant State Farm Fire and Casualty Company ("Defendant" or "State Farm"), as follows:

## PARTIES, JURISDICTION, AND VENUE

### 1.

Plaintiff owns a home located at 9200 Tuckerbrook Lane, Johns Creek, Georgia 30022 ("the home").

### 2.

Defendant is an insurance company that issued a homeowner's insurance policy covering the home and personal property located within the home.

### 3.

Defendant is a foreign corporation licensed to do business in Georgia. It's principal office address is One State Farm Plaza, Bloomington, IL 61710.

### 4.

Defendant's registered agent for service of process is Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, GA 30092 in Gwinnett County.

5.

Defendant is subject to the jurisdiction of this Court, and venue is proper.

## **FACTS**

6.

State Farm issued a homeowner's insurance policy (Policy No. 81-GG-H447-7), ("the Policy") effective March 1, 2021 to March 1, 2022 that provided coverage for the home for both structural and personal property damage as well as alternative living expenses, among other benefits.

7.

On or about June 30, 2021, a storm caused damage to the home and to the personal property located within the home.

8.

Pursuant to the terms of the Policy, Plaintiff made a claim for coverage caused by the storm.

9.

Plaintiff has fulfilled all of her obligations necessary to make a claim for these damages pursuant to the terms of the Policy.

10.

To date, State Farm has not paid for the damages owed to Plaintiff pursuant to the terms of the Policy.

11.

State Farm authorized some repair work to be done to repair Plaintiff's home.  However, once some of those repairs were made, State Farm did not pay for the repairs it authorized.

12.

State Farm authorized Plaintiff to avail herself of the alternative living expenses provision of the Policy.  However, State Farm has failed to reimburse Plaintiff for these expenses.

13.

State Farm authorized Plaintiff's personal property to be removed from the residence and stored while repairs could be made.  However, State Farm has failed to pay and/or reimburse Plaintiff for the pack out and storage fees incurred by Plaintiff.

14.

State Farm's failure to pay for repairs to the home, for the pack out and storage of personal property, for damaged personal property, for the alternative living expenses incurred by Plaintiff, and other obligations it has pursuant to the Policy has caused Plaintiff significant damages in an amount to be proven at trial.

## **COUNT 1: BREACH OF CONTRACT**

15.

Plaintiff incorporates by reference its allegations above as if fully set forth herein.

16.

Plaintiff's damages as described above are covered by the Policy.

17.

State Farm has a contractual duty to accurately and timely resolve Plaintiff's claim.

18.

State Farm has a contractual duty to conduct proper and complete inspection and evaluation of Plaintiff's damages.

19.

State Farm's failure to timely process and fairly investigate Plaintiff's claim were material breaches of the Policy/contract.

20.

State Farm's failure to pay in accordance with the Policy terms was a material breach of the Policy/contract.

21.

State Farm's failure to timely pay in full Plaintiff's claim was a material breach of the Policy/contract.

22.

State Farm's breach of the Policy/contract has caused damages to Plaintiff including, but not limited to, out of pocket and other consequential damages.

## **COUNT 2: BAD FAITH**

23.

Plaintiff incorporates by reference its allegations above as if fully set forth herein.

24.

Plaintiff has made demand for payment for the sum of her losses sustained which are covered under the Policy.  State Farm has refused to make payment, and more than sixty days have passed since demand was made.

25.

State Farm's conduct in refusing to issue payment for Plaintiff's claim and make the repairs to the home constitutes bad faith to warrant the imposition of a penalty and all reasonable attorney's fees incurred by Plaintiff in prosecuting this action pursuant to O.C.G.A. §33-4-6.

26.

Upon a finding of bad faith by the jury, Plaintiff is entitled to recover, in addition to the loss, a penalty of not more than 50%, plus all reasonable attorney's fees in accordance with O.C.G.A. § 33-4-6.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

(a) For an award of compensatory, general, special, property, direct, consequential, and incidental damages in an amount to be proven at trial;

(b) For an award of 150% of her damages and attorney's fees;

(c) For an award of pre-judgment interest;

(d) For an award of post-judgment interest;

(e) For a trial by jury of twelve;

(f) For an award of costs incurred herein;

(g) For such other and further relief as the Court may deem just, equitable, and proper.


This 28th day of July 2022.


Andrew W. Holliday, P.C.

/s/ Andrew Holliday
Andrew Holliday
Georgia Bar No. 362472
Attorney for Plaintiff

11175 Cicero Drive
Suite 100

Alpharetta, GA 30022
Phone: (678) 646-6771
Fax: (678) 802-2129
andrew@hollidayfirm.com

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**22-C-04218-S6**

**7/28/2022 7:48 PM**

**TIANA P. GARNER, CLERK**

# IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

_____

_____

_____

**PLAINTIFF**

VS.

_____

_____

_____

**DEFENDANT**

22-C-04218-S6

CIVIL ACTION
NUMBER:_____

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

   You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____,   20_____.

29th day of July, 2022

Tiana P. Garner
**Clerk of State Court**

**By**_____

Deputy Clerk

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

**SC-1 Rev. 2011**

E-FILED IN OFFICE - MB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**22-C-04218-S6**

**8/13/2022 1:50 PM**

TIANA P. GARNER, CLERK

# LEAVE OF ABSENCE

**DATE:**          **August 13, 2022**

**TO:**             **ALL JUDGES, CLERK OF COURT**
                        **AND COUNSEL OF RECORD**

**FROM:**        **Andrew W. Holliday**

**RE:**             **NOTICE OF LEAVE OF ABSENCE**

        COMES NOW, Andrew W. Holliday and respectfully notifies all judges before whom he/she has

cases pending, affected clerks of court and all opposing counsel, that he will be on leave pursuant to

Georgia Uniform Court Rule 16.

1.   The period of leave which Applicant will be away from practice of law are:

     **September 15-30, 2022**

     During this period of time, I will be **out-of-state on vacation**.

2.   All affected judges and opposing counsel shall have 10 days from the date of this notice to

     object. If no objections are filed, the leave shall be granted.

This 13th day of August, 2022.

                                                                    /s/ Andrew W. Holliday
                                                                    Andrew W. Holliday
                                                                    Georgia Bar No. 362472
                                                                    Attorney for Plaintiff

Andrew W. Holliday
11175 Cicero Drive
Suite 100
Alpharetta, Ga. 30022
Phone- (678)-646-6771

**<u>CERTIFICATE OF SERVICE</u>**

This is to certify that I have this day served a copy of the foregoing **NOTICE OF LEAVE OF ABSENCE** upon all judges, clerks, and opposing counsel listed on the attached Exhibit A by electronic service.


This 13th day of August, 2022.




<u>/s/Andrew W. Holliday</u>
Andrew W. Holliday
State Bar No. 362472




Andrew W. Holliday, P.C.
1175 Cicero Drive
Suite 100
Alpharetta, GA 30022
Phone-(678)-646-6771

## EXHIBIT A

| Case Number/<br>Case Name | Name/Judge<br>Court/County | Opposing Counsel<br>Name/Address | Clerk's Address |
|---|---|---|---|
| Reena Alexander v. The VOO 2 Sports Bar and Lounge, LLC<br>**CAFN: 20EV007530** | Honorable Judge Eric Richardson<br>Fulton County | Charles Brant, Esq.<br>Colom & Brant<br>191 Peachtree Street NE<br>Suite 3270<br>Atlanta, GA 30303 | Fulton County State Court<br>185 Central Ave. SW<br>Atlanta, GA 30303 |
| Elizabeth Harper v. Atlanta Motorsports Sales LLC and Nicolas Franzen<br>**CAFN: 19EV004765** | Honorable Judge John R. Mather<br>Fulton County | Nicolas Bohoroquez, Esq.<br>Freeman Mathis & Gary LLP<br>100 Galleria Parkway<br>Suite 1600<br>Atlanta, GA 30339-5948 | Fulton County State Court<br>185 Central Ave. SW<br>Atlanta, GA 30303 |
| Sheena Bains v. Delta Air Lines Inc. c/o Registered Agent Corporation Service Company<br>**CAFN: 21-C-06213-S6** | Honorable Judge Veronica Cope<br>Gwinnett County | Brian Dossena, Esq.<br>Bader Scott<br>3384 Peachtree Road NE<br>Stuie 500<br>Atlanta, GA 30326 | Gwinnett County State Court<br>75 Langley Drive<br>Lawrence, GA 30046 |
| Seunta, LLC and Sheryl Carr v. Christine Flint<br>**CAFN: 20CV00958-P** | Honorable Judge Nicolas Primm<br>Bartow Superior | Jacqueline M. Piland, Esq.<br>Beau Kaye & Associates, LLC<br>258 North Broad Street<br>Winder, GA 30680 | Bartow Clerk of Superior Court<br>135 W. Cherokee Ave. #233<br>Cartersville, GA 30120 |
| Gregorio Chavez v. C & M Renovations, LLC and Carl McAdam<br>**CAFN: 18-A-21-5** | Honorable Judge Eric A. Brewton<br>Cobb County | Matthew P. Collins, Esq.<br>Thrift and McLemore<br>1000 Parkwood Circle SE<br>Suite 900<br>Atlanta, GA 30339 | Cobb County State Court<br>12 E. Park Square<br>Marietta, GA 30090 |
| Megan Estes v. Robert E. Going, Jr. DDS, and Oral Surgery Associates & Dental Implants Centers, P.C.<br>**CAFN: 20EV006464** | Honorable Judge Patsy Y. Porter<br>Fulton County | Matthew S. Coles, Esq.<br>Coles Barton, LLP<br>150 South Perry Street<br>Suite 100<br>Lawrenceville, GA 30046 | Fulton County State Court<br>185 Central Ave. SW<br>Atlanta, GA 30303 |
| Saeed Faraj v. Dr. David M. Faircloth, P.C. d/b/a Aiken Augusta Oral & Facial Surgery, LLP<br>**CAFN: 2019RCS01193** | Honorable Judge Patricia W. Booker<br>Richmond County | Matthew Coles, Esq.<br>Jacqueline Smith, Esq.<br>Coles Barton, LLP<br>150 South Perry Street, Suite 100<br>Lawrenceville, GA 30046 | Richmond County State Court<br>735 James Brown Blvd. #1400<br>Augusta, GA 30901 |

| Case Number/<br>Case Name | Name/Judge<br>Court/County | Opposing Counsel<br>Name/Address | Clerk's Address |
|---|---|---|---|
| Jazmine Florence v.<br>Dr. Matt Walton<br>**CAFN: 21-SC-1020-A** | Honorable Judge<br>Leslie Abernathy-Maddox<br>Forsyth County | H. Michael Dever, Esq.<br>Friedman, Dever & Melin, LLC<br>5555 Glenridge Connector<br>Suite 925<br>Atlanta, GA 30342 | Forsyth County State<br>Court<br>100 East Courthouse Sq.<br>First Floor – Suite 1007<br>Cumming, GA 30040 |
| David Gathu and<br>Aberdales, LLC Company<br>v. Transmission Depot of<br>Georgia, LLC d/b/a Mr.<br>Transmission of Marietta<br>d/b/a Milex Complex Auto<br>Care<br>**CAFN: 18-A-2937** | Honorable Judge<br>Eric A. Brewton<br>Cobb County | Chase C. Graham, Esq.<br>Busch, Reed, Jones & Leeper, P.C.<br>639 Whitlock Avenue<br>Marietta, GA 30064 | Cobb County State Court<br>12 E. Park Square<br>Marietta, GA 30090 |
| Ed Giles v. Fussell Sheet<br>Metal Works Inc.<br>**CAFN: 2022CV01193** | Honorable Judge<br>Linda Cowen<br>Clayton County | Jack R. Hancock, Esq.<br>Freeman Mathis & Gray, LLP<br>661 Forest Parkway<br>Suite E<br>Forest Park, GA 30297 | Clayton County State<br>Court<br>9151 Tara Blvd.<br>Jonesboro, GA 30236 |
| Crystal Godsey v.<br>Bryan Ortiz Torres<br>**CAFN: 22-0267** | Honorable Judge<br>Martin Valbuena<br>Paulding County | Drew G. Bishop, Esq.<br>1190 Buckhead Crossing<br>Suite D<br>Woodstock, GA 30189 | Magistrate Court of<br>Paulding County<br>200 Constitution Blvd.<br>Room 1109<br>Dallas, GA 30132 |
| Tori Granger v.<br>Haley Nicole<br>Ledford, Teresa Gibson,<br>Jane Doe and Jane Doe<br>**CAFN: 18CVE0616** | Honorable Judge<br>Ellen McElyea<br>Cherokee County | Pro Se | Cherokee County<br>Superior Court<br>90 North Street, G170<br>Canton, GA 30114 |
| Christopher Jones and<br>Melissa Jones v.<br>Southeastern Construction<br>and Rehab Specialists,<br>LLC and U.S. Claims<br>Adjusters, LLC<br>**CAFN: 22-A-273** | Honorable Judge<br>Jane P. Manning<br>Cobb County | H. Dean Phillips, Esq.<br>The Phillips Law Firm, LLC<br>341 Lawrence Street NE<br>Marietta, GA 30060<br><br>Matthew Wilkins, Esq.<br>Collin D. Hatcher, Esq.<br>King, Yaklin & Wilkins, LLP<br>192 Andersen Street<br>Suite 125<br>Marietta, GA 30060<br><br>Richard N. Blevins, Jr., Esq.<br>Blevins & Hong PC<br>191 Roswell Street<br>Marietta, GA 30060 | Cobb County State Court<br>12 E. Park Square<br>Marietta, GA 30090 |

| Case Number/<br>Case Name | Name/Judge<br>Court/County | Opposing Counsel<br>Name/Address | Clerk's Address |
|---|---|---|---|
| Erica L. King v.<br>Gilian C. Jones, DDS<br>**CAFN: 20A80711** | Honorable Judge<br>Mike Jacobs<br>DeKalb County | Rolfe M. Martin, Esq.<br>Copeland, Stair, Kigma<br>& Lovell, LLP<br>191 Peachtree Street, NE<br>Suite 3600<br>Atlanta, GA 30303 | DeKalb County State<br>Court<br>556 N. McDonough St.<br>Decatur, GA 30030 |
| Anita Law and<br>Jason Law v. Frederico<br>Albert Dixon, III, DDS,<br>and Government Dental<br>LLC d/b/a Elite Dental<br>Group<br>**CAFN: 20EV7266** | Honorable Judge<br>Jay M. Roth<br>Fulton County | Eric L. Register, Esq.<br>Register Lett, LLP<br>1800 Peachtree Street NW<br>Suite 809<br>Atlanta, GA 30309 | Fulton County State<br>Court<br>185 Central Avenue SW<br>Atlanta, GA 30303 |
| Health Club, LLC v.<br>Shateria Q. Lewis and<br>Allen Joseph Lewis d/b/a<br>Big Homie Platinum Cutz,<br>LLC<br>**CAFN: 2022000896** | Honorable Judge<br>John M. Ott<br>Newton County | John L Strauss, Esq.<br>John L. Strauss P.C.<br>1132 Conyers Street SE<br>Covington, GA 30014 | Newton County Superior<br>Court<br>1132 Usher St NW<br>Suite 338<br>Covington, GA 30014 |
| Robert Linn v.<br>Shirish Avancha<br>**CAFN: 22SC-1101-A** | Honorable Judge<br>Leslie Abernathy-Maddox<br>Forsyth County | Pro Se | Forsyth County Clerk of<br>Courts<br>101 East Courthouse<br>Square #1700<br>Cumming, GA 30040 |
| Cedricka London v.<br>Americold Logistics, LLC<br>**CAFN: 2022CV00103** | Honorable Judge<br>Michael Garrett<br>Clayton County | Neil A. Brunetz, Esq.<br>Matthew A. Nanninga, Esq.<br>Drew Eckl & Farnham LLP<br>303 Peachtree St. NE<br>Suite 3500<br>Atlanta, GA 30308 | Clayton County State<br>Court<br>9151 Tara Blvd.<br>Jonesboro, GA 30236 |
| Southern Insurance Co. of<br>Virginia a/s/o John and<br>Silvina Barros v.<br>Laura E. Lyons<br>**CAFN: 21SCE0986** | Honorable Judge<br>Michelle Helhoski<br>Cherokee County | Brandon J. Davis, Esq.<br>Parnell & Parnelll, P.A.<br>PO Box 1641<br>Jonesboro, GA 30237-1641 | Cherokee County<br>Superior Court<br>90 North St.<br>Suite G-170<br>Canton, GA 30114 |
| Devon Nicholson v.<br>Lawrence Robert Shreve<br>(aka "Abdullah the<br>Butcher"), Uncha Yi<br>Shreve, Jocelyn Marshall,<br>Smart Moves, Inc. and<br>Nosned Properties, LLC<br>**CAFN: 2020CV340370** | Honorable Judge<br>Eric Richardson<br>Fulton County | Kenneth A. Shapiro, Esq.<br>Mitchell & Shapiro LLP<br>3490 Piedmont Rd.<br>Suite 650<br>Atlanta, GA 30305<br><br>Tony C. Richa, Esq.<br>One Bethesda Center<br>4800 Hampden Lane<br>Suite 200<br>Bethesda, MD 20814 | Fulton County Superior<br>Court<br>185 Central Avenue SW<br>Atlanta, GA 30303 |

| Case Number/<br>Case Name | Name/Judge<br>Court/County | Opposing Counsel<br>Name/Address | Clerk's Address |
|---|---|---|---|
| | | Lindsay M. Haigh, Esq.<br>4124 Chattahoochee Trace<br>Suite 105<br>Duluth, GA 30097<br><br>Chung H. Lee, Esq.<br>The Law Office of Lee<br>  & Associates<br>3412 Duluth Highway, 120<br>Duluth, GA 30096<br><br>Leron E. Rofer, Esq.<br>John T. Rose, Esq.<br>Fox Rothschild<br>999 Peachtree Street NE<br>Suite 1500<br>Atlanta, GA 30309 | |
| The Regency<br>Neighborhood Owners v.<br>Denia Martin and<br>Cameron Pitts<br>**CAFN: 21EV001636** | Honorable Judge<br>Emily Jay M. Roth<br>Fulton County | Dana M. Tucker Davis, Esq.<br>Tucker Davis Law, LLC<br>1526 E. Forest Ave.<br>Suite 200<br>East Point, GA 30344 | Fulton County State<br>Court<br>185 Central Ave. SW<br>Atlanta, GA 30303 |
| Barron McClendon v.<br>City of Atlanta<br>**CAFN: 22EV001304** | Honorable Judge<br>Eric Richardson<br>Fulton Country | Robert Steinberg, Esq.<br>City of Atlanta Department of Law<br>55 Trinity Avenue SW<br>Suite 5000<br>Atlanta, GA 30303 | Fulton County State<br>Court<br>185 Central Ave. SW<br>Atlanta, GA 30303 |
| Emmalucia McIntyre v.<br>April Denis Kingsbury<br>**CAFN: 21SC-0116-A** | Honorable Judge<br>Leslie Abernathy-Maddox<br>Forsyth County | Jason F. Carter, Esq.<br>Lynn Leonard & Associates<br>2400 Century Parkway<br>Suite 200<br>Atlanta, GA 30345 | Forsyth County Clerk of<br>Court<br>101 East Courthouse<br>Square #1700<br>Cumming, GA 30040 |
| Timothy Dwight Rider v.<br>Danny Lee Nichols, Amy<br>Nichols, CLT Trucking,<br>Inc. and Sentry Select<br>Insurance Company<br>**CAFN: 20CV70095** | Honorable Presiding Judge<br>Gordon County | Robyn M. Roth, Esq.<br>James W. Hardee, Esq.<br>Fain, Major & Brennan, PC<br>One Premier Plaza<br>5605 Glenridge Dr., NE<br>Suite 900<br>Atlanta, GA 30342 | Gordon County Clerk of<br>Superior Court<br>100 S. Wall Street, #102<br>Calhoun, GA 30701 |
| Silver Rooks, individually<br>and as the parent and legal<br>guardian of Piper Rooks, a<br>minor, Noah Rooks, Zoe<br>Rooks, and Nicholas<br>Rooks v. Rachel M. Lorts<br>**CAFN: 20-A-3775** | Honorable Judge<br>Maria B. Golick<br>Cobb County | James V. Wyosocki, Esq.<br>Law Office of Kenneth Sisco<br>P.O. Box 258829<br>Oklahoma City, OK 73125 | Cobb County State Court<br>12 E. Park Square<br>Marietta, GA 30090 |

| Case Number/ Case Name | Name/Judge Court/County | Opposing Counsel Name/Address | Clerk's Address |
|---|---|---|---|
| Margaret Antoine and Gladys Rei Clark v. Patrick Sallarulo **CAFN: 22-A-01156-10** | Honorable Judge Warren P. Davis Gwinnett County | Todd J. Poole, Esq. Lucas W. Andrews, Esq. Poole Hoffman, LLC 3562 Habersham at Northlake Building J, Suite 200 Tucker, GA 30084 | Gwinnett County Superior Court 75 Langley Drive Lawrenceville, GA 30046 |
| David Samuels v. Abigail Barnes and Justin James Barnes **CAFN: STCV2021000057** | Honorable Judge | George H. Rountree, Esq. Brown Rountree PC 26 North Main Street Statesborr, GA 30458 | Bulloch County State Court 20 Siebald St. Statesboro, GA 30458 |
| Freddie L. Scott v. David K. Christie, David Christie Insurance Agency, Inc., Laura Townsend and State Farm Fire and Casualty Company **CAFN: 21-CV-0471** | Honorable Judge John Simpson Troup County | Mark T. Dietrichs, Esq. Rebecca E. Strickland, Esq. Swift Currie McGhee & Hiers, LLP The Peachtree, Suite 300 1355 Peachtree Street, NE Atlanta, GA 30309 | Troup County Superior Court 100 Ridley Ave. LaGrange, GA 30240 |
| Sharon Lee Simon v. Kathryn Frances Gaskins **CAFN: 2022-ECV-0438** | Honorable Judge James G. Blanchard, Jr. Columbia County | Pro Se | Columbia County Superior Court 630 Ronald Reagan Dr. Evans, GA 30809 |
| Monique Sonds v. Marc Wright, DDS, Dr. Hector M. Bush, Dr. Hector M. Bush, P.C. and Orthodontic Care of Georgia **CAFN: 20EV004043** | Honorable Judge Susan E. Edlein Fulton County | Matthew S. Coles, Esq. Coles Barton LLP 150 South Perry Street Suite 100 Lawrenceville, GA 30046 | Fulton County State Court 185 Central Ave. SW Atlanta, GA 30303 |
| Kyung Song v. Shafa Banvani Sudarsan Srinivasan Et AL Homeowners **CAFN: 21EV007388** | Judge Susan E. Edlein Fulton County | Pro Se | Fulton County State Court 185 Central Ave. SW Atlanta, GA 30303 |
| Linda Torres v. City of Brookhaven **CAFN: 22A00833** | Honorable Judge Ana Maria Martinez DeKalb County | Harvey S. Gray, Esq. Alex Joseph, Esq. Gray, Rust, St. Amand   Moffett & Brieske, LLP 950 East Paces Ferry Rd. NE Suite 1700 Salesforce Tower Atlanta Atlanta, GA 30326 | DeKalb County State Court 556 N. McDonough St. Decatur, GA 30030 |
| JMREP 28, LLC v. EJ Hawkins, Alchemy Real Estate Investments Group, LLC Jamelle Dolphin | Honorable Judge Karen E. Beyers Gwinnett County | Alan I. Begner, Esq. Begner & Begner, P.C. SynerG Law Complex 6075 Barfield Road Sandy Springs, GA 30328 | Gwinnett County Superior Court 75 Langley Drive Lawrenceville, GA 30046 |

| Case Number/<br>Case Name | Name/Judge<br>Court/County | Opposing Counsel<br>Name/Address | Clerk's Address |
|---|---|---|---|
| **CAFN: 22-A-02717-5** | | | |
| Nuria Wing, Individually and as Executrix of the Estate of John Wing<br>v.<br>State Farm Fire and Casualty Company<br>**CAFN: 22-C-04218-S6** | Honorable Judge Veronica Cope | | Gwinnett County State Court<br>75 Langley Drive<br>Lawrenceville, GA 30046 |

E-FILED IN OFFICE - EP
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**22-C-04218-S6**
**9/2/2022 9:38 AM**
**TIANA P. GARNER, CLERK**

**AFFIDAVIT OF SERVICE**

| Case: 22-C-04218-S6 | Court: IN THE STATE COURT OF GWINNETT COUNTY | County: GWINNETT | Job: 7500999 (2022-) |
|---|---|---|---|
| **Plaintiff / Petitioner:** NURIA WING, Individually and as ) Executrix of the Estate of JOHN WING, | | **Defendant / Respondent:** STATE FARM FIRE AND CASUALTY COMPANY, | |
| **Received by:** BT Process Services | | **For:** Law Office of Andrew Holliday | |
| **To be served upon:** STATE FARM FIRE AND CASUALTY COMPANY, c/o RA CORPORATION SERVICE COMPANY | | | |

I, Berhane Tassaw, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

| | |
|---|---|
| **Recipient Name / Address:** | STATE FARM FIRE AND CASUALTY COMPANY , c/o RA CORPORATION SERVICE COMPANY, BARRY SMITH/PROCESS SPECIALIST , Company: 2 Sun Ct NW Suite 400, Norcross, GA 30092 |
| **Manner of Service:** | Registered Agent, Aug 12, 2022, 3:51 pm EDT |
| **Documents:** | Summons, Complaint, Civil Information Form. (Received Aug 11, 2022 at 11:00am EDT) |

**Additional Comments:**
1) Successful Attempt: Aug 12, 2022, 3:51 pm EDT at Company: 2 Sun Ct NW Suite 400, Norcross, GA 30092 received by STATE FARM FIRE AND CASUALTY COMPANY , c/o RA CORPORATION SERVICE COMPANY, BARRY SMITH/PROCESS SPECIALIST . Age: 30; Ethnicity: African American; Gender: Male; Weight: 180; Height: 5'7"; Hair: Brown;

_____   08/12/2022
Berhane Tassaw                              Date

BT Process Services
4514 Chamblee Dunwoody Rd 231
Atlanta, GA 30338
404-455-1603

*Subscribed and sworn to before me by the affiant who is*
*personally known to me.*

_____
Notary Public

08/12/2022
Date                    Commission Expires

Halle Kahssu
NOTARY PUBLIC
DeKalb County, GEORGIA
My Commission Expires 01/30/2023

E-FILED IN OFFICE - EP
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**22-C-04218-S6**
**9/12/2022 3:58 PM**
**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| NURIA WING, Individually and as Executrix of the Estate of JOHN WING, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION FILE NO.: |
| v. | ) ) | 22-C-04218-S6 |
| STATE FARM FIRE AND CASUALTY COMPANY, | ) ) ) | |
| Defendant. | ) ) | |

## STATE FARM FIRE AND CASUALTY COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW, State Farm Fire and Casualty Company ("State Farm"), Defendant in the above-styled action, and hereby files its Affirmative Defenses and Answer to Nuria Wing's Complaint and responds as follows:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim against State Farm upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

To the extent that Plaintiff seeks to assert a claim for breach of contract against State Farm for purported damage (the "Loss") to property located at 9200 Tuckerbrook Lane, Johns Creek, Georgia 30022 (the "Property"), which is the subject of Plaintiff's Complaint, Plaintiff's action should be dismissed because State Farm did not breach its contract with Plaintiff and, at all times relevant to this action, has acted in accordance with the terms and conditions of State Farm homeowners policy number 81-GG-H447-7 (the "Policy") and all applicable Georgia law.

## THIRD AFFIRMATIVE DEFENSE

State Farm has not breached any duty owed under its insurance contract with Plaintiff and, therefore, Plaintiff may not recover from State Farm in any sum or manner whatsoever.

## FOURTH AFFIRMATIVE DEFENSE

To the extent that the Complaint seeks, or is construed as seeking, to recover bad faith penalties or attorneys' fees under O.C.G.A. § 33-4-6 against State Farm, such remedies are not available to Plaintiff, as Plaintiff failed to satisfy the substantive and/or procedural requirements for making a bad faith claim as required under O.C.G.A. § 33-4-6.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff may not recover from State Farm under the Policy because Plaintiff breached the terms and conditions of the Policy.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim against State Farm for attorneys' fees pursuant to O.C.G.A. § 13-6-11 upon which relief can be granted.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim against State Farm for attorneys' fees pursuant to O.C.G.A. § 9-15-14 upon which relief can be granted.

## EIGHTH AFFIRMATIVE DEFENSE

State Farm is not indebted to Plaintiff for the sum sought or in any amount whatsoever.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovering the amount asserted in her Complaint because these alleged damages are speculative and Plaintiff did not actually incur and/or is not likely to incur these damages.

## <u>TENTH AFFIRMATIVE DEFENSE</u>

Plaintiff's alleged damages, if any, are limited by the coverage limits set forth in the Policy.

## <u>ELEVENTH AFFIRMATIVE DEFENSE</u>

Plaintiff may not recover for any damages that occurred outside the subject policy period.

## <u>TWELFTH AFFIRMATIVE DEFENSE</u>

Plaintiff may not recover any additional benefits under the Policy because Plaintiff failed to satisfy her duties as required under the Policy. Specifically, the Policy provides in **SECTION I – CONDITIONS:**

> 2. **Your Duties After Loss**. After a loss to which this insurance may apply, *you* must cooperate with *us* in the investigation of the claim and also see that the following duties are performed:
>
> a. give immediate notice to *us* or *our* agent . . .
>
> b. protect the property from further damage or loss and also:
>
>> (1) make reasonable and necessary temporary repairs required to protect the property; and
>>
>> (2) keep an accurate record of repair expenses;
>
> c. prepare an inventory of damaged or stolen personal property:
>
>> (1) showing in detail the quantity, description, age, replacement cost, and amount of loss; and
>>
>> (2) attaching all bills, receipts, and related documents that substantiate the figures in the inventory;
>
> d. as often as *we* reasonably require:
>
>> (1) exhibit the damaged property;

(2)  provide **us** with records and documents we request and allow **us** to make copies;

. . .

e.  submit to **us**, within 60 days after the loss, **your** signed, sworn proof of loss which sets forth, to the best of **your** knowledge and belief:

(1)  the time and cause of loss;

(2)  interest of the **insured** and all others in the property involved and all encumbrances on the property;

(3)  other insurance which may cover the loss;

(4)  changes in title or occupancy of the property during the term of this policy;

(5)  specifications of any damaged building and detailed estimates for repair of the damage;

(6)  an inventory of damaged or stolen personal property described in 2.c.;

(7)  receipts for additional living expenses incurred and records supporting the fair rental value loss; and

. . .

8.  **Loss Payment**.  **We** will adjust all losses with **you**.  **We** will pay **you** unless some other person is named in the policy or is legally entitled to receive payment.  Loss will be payable 60 days after **we** receive **your** proof of loss and:

a.  reach agreement with **you**;

b.  there is an entry of a final judgment; or

c.  there is a filing of an appraisal award with **us**.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover from State Farm because the Claim is not payable in accordance with the terms and provisions of the Policy. Specifically, the Policy provides in **SECTION I – CONDITIONS**:

8.  **Loss Payment**.  *We* will adjust all losses with *you*.  *We* will pay *you* unless some other person is named in the policy or is legally entitled to receive payment.  Loss will be payable 60 days after *we* receive *your* proof of loss and:

    a.      reach agreement with *you*;

    b.      there is an entry of a final judgment; or

    c.      there is a filing of an appraisal award with *us*.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff cannot maintain a claim for replacement cost benefits against State Farm because the Policy provides that State Farm will pay no more than the actual cash value of the damaged dwelling unless actual repair or replacement is complete and the insureds have submitted documentation to State Farm establishing that the expense has been incurred. *See Marchman v. Grange Mut. Ins. Co.*, 232 Ga. App. 481, 483 (1998).

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff is unable to recover the damages set forth in her Complaint because this amount does not reflect the reasonable cost to replace or repair the alleged damages resulting from a covered cause of loss to the Property with equivalent construction for equivalent use and to return Plaintiff to her pre-loss condition.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff may not recover from State Farm under the Policy because Plaintiff failed to satisfy the conditions precedent to recovery. Specifically, the Policy provides in **SECTION I –**

**CONDITIONS**:

> **6.**   **Suit Against Us**.  No action will be brought against **us** unless there has been full compliance with all of the policy provisions . . . .

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff is unable to recover for any alleged damages under **COVERAGE A – DWELLING** to the extent those damages did not result from a fortuitous loss and/or "accidental direct physical loss to property" as required by the Policy. The Policy provides in **SECTION I – LOSSES INSURED**:

> **COVERAGE A – DWELLING**
>
> **We** will pay for accidental direct physical loss to the property described in Coverage A, unless the loss is excluded or limited in **SECTION I – LOSSES NOT INSURED** or otherwise excluded or limited in this policy.  However, loss does not include and **we** will not pay for, any **diminution in value**.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff may not recover damages relating to the dwelling from State Farm under the Policy and applicable Georgia law because any alleged loss in excess of the deductible is excluded and not an insured loss under the terms and conditions of the Policy, including, but not limited to **SECTION I – LOSSES NOT INSURED**, which provides:

> 1.   **We** will not pay for any loss to the property described in Coverage A that consists of, or is directly and immediately caused by, one or more of the perils listed in items a. through m. below, regardless of whether the loss occurs abruptly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:
>
> . . .
>
> **We** also will not pay for losses arising from condensation or the presence of humidity, moisture, or vapor that occurs or develops over a period of time.

g.     wear, tear, decay, marring, scratching, deterioration, inherent vice, latent defect or mechanical breakdown;

. . .

k.     settling, cracking, shrinking, bulging, or expansion of pavements, patios, foundations (including slabs, basement walls, crawl space walls, and footings), walls, floors, roofs or ceilings;

. . .

However, *we* will pay for any resulting loss from items a. through l. unless the resulting loss is itself a Loss Not Insured as described in this Section.

2.     *We* will not pay for, under any part of this policy, any loss that would not have occurred in the absence of one or more of the following excluded events. *We* will not pay for such loss regardless of: (a) the cause of the excluded event; or (b) other causes of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss; or (d) whether the event occurs abruptly or gradually, involves isolated or widespread damage, occurs on or off the ***residence premises***, arises from any natural or external forces, or occurs as a result of any combination of these:

. . .

d.     **Neglect**, meaning neglect of the ***insured*** to use all reasonable means to save and preserve property at and after the time of a loss, or when property is endangered.

. . .

3.     *We* will not pay for, under any part of this policy, any loss consisting of one or more of the items below. Further, *we* will not pay for any loss described in paragraphs 1. and 2. immediately above regardless of whether one or more of the following: (a) directly or indirectly cause, contribute to, or aggravate the loss; or (b) occur before, at the same time, or after the loss or any other cause of the loss:

. . .

    b.        defect, weakness, inadequacy, fault, or unsoundness in:

        (1)     planning, zoning, development, surveying, or siting;

        (2)     design, specifications, workmanship, construction, grading, compaction:

        (3)     materials used in construction or repair; or

        (4)     maintenance;

Of any property (including land, structures, or improvements of any kind) whether on or off the ***residence premises***; or

    c.        weather conditions.

However, ***we*** will pay for any resulting loss from items 3.a., 3.b., and 3.c. unless the resulting loss is itself a Loss Not Insured as described in this Section.

## NINETEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff seeks additional amounts in excess of the "actual cash value" of damage to the Property, Plaintiff may not recover because Plaintiff failed to comply with the policy terms and conditions relating to loss settlement. The Policy provides in **SECTION I – LOSS SETTLEMENT**:

Only the **Loss Settlement Provisions** shown in the ***Declarations*** apply. ***We*** will settle covered property losses according to the following. However, the valuation of any covered property losses does not include, and ***we*** will not pay, any amount for ***diminution in value***.

**COVERAGE A – DWELLING**

1.    **A1 – Replacement Cost Loss Settlement – Similar Construction**.

    a.    ***We*** will pay the cost to repair or replace with similar construction and for the same use on the premises shown in the ***Declarations***, the damaged part of the property covered under **SECTION I –**

**PROPERTY COVERAGES**, **COVERAGE A – DWELLING**, except for wood fences, subject to the following:

(1)   until actual repair or replacement is completed, *we* will pay only the ***actual cash value*** of the damaged part of the property, up to the applicable limit of liability shown in the ***Declarations***, not to exceed the cost to repair or replace the damaged part of the property;

(2)   when the repair or replacement is actually completed, *we* will pay the covered additional amount *you* actually and necessarily spend to repair or replace the damaged part of the property, or an amount up to the applicable limit of liability shown in the ***Declarations***, whichever is less;

(3)   to receive any additional payments on a replacement cost basis, *you* must complete the actual repair or replacement of the damaged part of the property within two years after the date of loss, and notify *us* within 30 days after the work has been completed; and

(4)   *we* will not pay for increased costs resulting from enforcement of any ordinance or law regulating the construction, repair or demolition of a ***building structure*** or other structure, except as provided under **OPTIONAL POLICY PROVISIONS, Option OL – Building Ordinance or Law**.

b.   Wood Fences: ***We*** will pay the ***actual cash value*** for loss or damage to wood fences, not to exceed the limit of liability shown in the ***Declarations*** for **COVERAGE A – Other Structures**.

## TWENTIETH AFFIRMATIVE DEFENSE

State Farm is not liable to Plaintiff because Plaintiff failed to properly mitigate her damages.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff is estopped from recovering from State Farm benefits related to any exaggerated or exacerbated damages to the Property and personal property due to Plaintiff's failure to mitigate her damages or protect the Property and personal property as required by the Policy, among other reasons.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

The facts and circumstances forming the basis of Plaintiff's Complaint were brought about by, and as a result of, Plaintiff's conduct for which there is no coverage under the Policy, and Plaintiff is therefore estopped or precluded from recovery herein.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

No act or omission on the part of State Farm caused or contributed to any of the alleged injuries or damages claimed by Plaintiff and, therefore, Plaintiff is not entitled to recover from State Farm.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff attempts to impose duties upon State Farm aside from those set forth in the Policy, Plaintiff's claims fail in both fact and law. Georgia law does not impose extra-contractual duties on insurers or their adjusters when adjusting claims asserted by insureds. Moreover, at all times relevant hereto, State Farm has acted in good faith and in accordance with the terms and conditions of the Policy.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver and estoppel.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

State Farm denies that the damages alleged in the Complaint were proximately caused by any conduct on the part of State Farm.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff seeks to establish a cause of action against State Farm based on the provisions of Georgia's Unfair Claims Settlement Practices Act contained in O.C.G.A. § 33-6-34, Plaintiff fails to state a claim upon which relief could be granted. By its express terms, the Unfair Claims Settlement Practices Act does not create a private cause of action. O.C.G.A. § 33-6-37.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

To the extent Plaintiff seeks recovery of damages for claims which occurred prior to the alleged June 30, 2021 Loss, recovery of such damages is time-barred in accordance with the terms and provisions of the Policy and applicable Georgia law.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

State Farm expressly reserves the right to assert any and all affirmative defense(s) and matter(s) in avoidance as may be disclosed during the course of additional investigation and discovery. Subject to and without waiving any of their other respective rights, jurisdictional or legal defenses, or objections, State Farm responds to the specific allegations contained in the individual and enumerated paragraphs of the Complaint as follows:

## PARTIES, JURISDICTION, AND VENUE

1.

Upon information and belief, State Farm admits that Plaintiff owns a home located at 9200 Tuckerbrook Lane, Johns Creek, Georgia 30022.

2.

In response to the allegations contained in Paragraph 2 of the Complaint, State Farm responds that the Policy speaks for itself, and it denies all allegations contained in Paragraph 2 of the Complaint that are in direct contravention of the express language of the Policy.  State Farm admits that the Property is insured under the Policy, subject to all terms, conditions, and exclusions contained within the Policy and applicable Georgia law.

3.

State Farm admits that it is licensed to do business in the State of Georgia. State Farm responds further that it is incorporated in, and its principal place of business is in, Bloomington, Illinois and that it is a citizen of the State of Illinois.

4.

State Farm admits that it maintains a registered agent in Gwinnett County, Georgia.

5.

State Farm does not dispute jurisdiction or venue in this Court.

## FACTS

6.

In response to the allegations contained in Paragraph 6 of the Complaint, State Farm responds that the Policy speaks for itself, and it denies all allegations contained in Paragraph 6 of the Complaint that are in direct contravention of the express language of the Policy.  State Farm

admits that the Property is insured under the Policy, subject to all terms, conditions, and exclusions contained within the Policy and applicable Georgia law.

7.

In response to Paragraph 7 of the Complaint, State Farm admits that the Property suffered water damage for which payment was made. State Farm cannot admit or deny when the loss occurred or the remaining allegations in Paragraph 7 and, thus, it denies the same.

8.

In response to Paragraph 8 of the Complaint, State Farm admits that Plaintiff made a claim under the Policy. To the extent Paragraph 8 contains or implies any further allegations, the same are denied.

9.

State Farm denies the allegations contained in Paragraph 9 of the Complaint.

10.

State Farm denies the allegations contained in Paragraph 10 of the Complaint.

11.

State Farm denies the allegations contained in Paragraph 11 of the Complaint, as stated.

12.

In response to Paragraph 12 of the Complaint, State Farm admits that it issued payment to Plaintiff for alternate living expenses. State Farm denies the remaining allegations contained in Paragraph 12, as stated.

13.

State Farm denies the allegations contained in Paragraph 13 of the Complaint, as stated.

14.

State Farm denies the allegations contained in Paragraph 14 of the Complaint.

## COUNT 1: BREACH OF CONTRACT

15.

To the extent a response is required to the allegations contained in Paragraph 15 of the Complaint, State Farm hereby incorporates by reference its responses to Paragraphs 1 through 14 as if each were fully set forth herein.

16.

State Farm denies the allegations contained in Paragraph 16 of the Complaint, as stated.

17.

In response to the allegations contained in Paragraph 17 of the Complaint, State Farm responds that the Policy speaks for itself, and it denies all allegations contained in Paragraph 17 that are in direct contravention of the express language of the Policy.

18.

In response to the allegations contained in Paragraph 18 of the Complaint, State Farm responds that the Policy speaks for itself, and it denies all allegations contained in Paragraph 18 that are in direct contravention of the express language of the Policy.

19.

State Farm denies the allegations contained in Paragraph 19 of the Complaint.

20.

State Farm denies the allegations contained in Paragraph 20 of the Complaint.

21.

State Farm denies the allegations contained in Paragraph 21 of the Complaint, as stated.

22.

State Farm denies the allegations contained in Paragraph 22 of the Complaint.

## **COUNT 2: BAD FAITH**

23.

To the extent a response is required to the allegations contained in Paragraph 23 of the Complaint, State Farm hereby incorporates by reference its responses to Paragraphs 1 through 22 as if each were fully set forth herein.

24.

State Farm denies the allegations contained in Paragraph 24 of the Complaint, as stated.

25.

State Farm denies the allegations contained in Paragraph 25 of the Complaint.

26.

State Farm denies the allegations contained in Paragraph 26 of the Complaint, as stated.

27.

State Farm denies each and every remaining allegation contained in the Complaint not specifically admitted herein, including all of Plaintiff's requests for relief.

WHEREFORE, State Farm requests that the following relief be granted:

a)      That Plaintiff's Complaint be dismissed with prejudice;

b)      That State Farm be awarded assessments, interest, and late charges, in amounts to be proven at trial;

c)      That State Farm be awarded its reasonable attorneys' fees and costs incurred in asserting its rights through this action;

d)      That State Farm be awarded such other and further relief as this Court deems just

and proper.

This 12th day of September, 2022.

Respectfully submitted,

**SWIFT, CURRIE, McGHEE & HIERS**

*/s/ Jessica M. Phillips*
Jessica M. Phillips, Esq.
Georgia Bar No. 922902
Kyle A. Ference, Esq.
Georgia Bar No. 683043
***Attorneys for State Farm State Farm***
***Fire and Casualty Company***

1420 Peachtree Street, NE
Suite 800
Atlanta, GA  30309
OFF: (404) 874-8800
FAX: (404) 888-6199
jessica.phillips@swiftcurrie.com
kyle.ference@swiftcurrie.com

-16-

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify I have this day electronically filed the foregoing **STATE FARM FIRE AND CASUALTY COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** with the Clerk of Court via the Odyssey eFile GA e-filing system, which will send automatic notification to the following:

Andrew Holliday, Esq.
Andrew W. Holliday, P.C.
11175 Cicero Drive, Ste. 100
Alpharetta, Georgia 30022
andrew@hollidayfirm.com
*Attorney for Plaintiff*

This 12th day of September, 2022.

Respectfully submitted,

**SWIFT, CURRIE, McGHEE & HIERS**

*/s/ Jessica M. Phillips*
Jessica M. Phillips, Esq.
Georgia Bar No. 922902
Kyle A. Ference, Esq.
Georgia Bar No. 683043
*Attorneys for State Farm State Farm*
*Fire and Casualty Company*

1420 Peachtree Street, NE
Suite 800
Atlanta, GA  30309
OFF: (404) 874-8800
FAX: (404) 888-6199
jessica.phillips@swiftcurrie.com
kyle.ference@swiftcurrie.com

E-FILED IN OFFICE - EP
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**22-C-04218-S6**
**11/4/2022 10:57 AM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| NURIA WING, Individually and as<br>Executrix of the Estate of JOHN WING, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION FILE NO.: |
| v. | ) ) | 22-C-04218-S6 |
| STATE FARM FIRE AND CASUALTY<br>COMPANY, | ) ) ) | |
| Defendant. | ) ) ) | |

## <u>5.2 CERTIFICATE OF SERVICE OF DISCOVERY</u>

Pursuant to Rule 5.2 of the Uniform State Court Rules, this is to certify that I have this date served a true and correct copy of:

**(1)    DEFENDANT STATE FARM FIRE AND CASUALTY COMPANY'S FIRST SET OF INTERROGATORIES TO PLAINTIFF; and**

**(2)    DEFENDANT STATE FARM FIRE AND CASUALTY COMPANY'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF**

upon all parties to this matter via Statutory Electronic Service by e-mail addressed to the following:

Andrew Holliday, Esq.
Andrew W. Holliday, P.C.
11175 Cicero Drive, Ste. 100
Alpharetta, Georgia 30022
andrew@hollidayfirm.com
*Attorney for Plaintiff*

This 4th day of November, 2022.

[Signatures on next page]

Respectfully submitted,

**SWIFT, CURRIE, McGHEE & HIERS**

*/s/ Jessica M. Phillips*
Jessica M. Phillips, Esq.
Georgia Bar No. 922902
Kyle A. Ference, Esq.
Georgia Bar No. 683043
***Attorneys for State Farm State Farm***
***Fire and Casualty Company***

1420 Peachtree Street, NE
Suite 800
Atlanta, GA  30309
OFF: (404) 874-8800
FAX: (404) 888-6199
jessica.phillips@swiftcurrie.com
kyle.ference@swiftcurrie.com

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed this *5.2 CERTIFICATE OF SERVICE OF DISCOVERY* upon all parties to this matter by e-filing same using the Odyssey File & Serve System which will automatically send e-mail notification of said filing to the following attorney of record:

Andrew Holliday, Esq.
Andrew W. Holliday, P.C.
11175 Cicero Drive, Ste. 100
Alpharetta, Georgia 30022
andrew@hollidayfirm.com
*Attorney for Plaintiff*

This 4th day of November, 2022.

Respectfully submitted,

**SWIFT, CURRIE, McGHEE & HIERS**

*/s/ Jessica M. Phillips*
Jessica M. Phillips, Esq.
Georgia Bar No. 922902
Kyle A. Ference, Esq.
Georgia Bar No. 683043
***Attorneys for State Farm State Farm
Fire and Casualty Company***

1420 Peachtree Street, NE
Suite 800
Atlanta, GA  30309
OFF: (404) 874-8800
FAX: (404) 888-6199
jessica.phillips@swiftcurrie.com
kyle.ference@swiftcurrie.com

E-FILED IN OFFICE - NN
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**22-C-04218-S7**

**1/25/2023 11:11 AM**

**TIANA P. GARNER, CLERK**

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| NURIA WING, Individually and as | ) | |
| Executrix of the Estate of JOHN WING, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | FILE NO.: 22-C-04218-S6 |
| v. | ) | |
| | ) | |
| STATE FARM FIRE AND CASUALTY | ) | |
| COMPANY | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S 5.2 CERTIFICATE OF SERVICE OF DISCOVERY

Pursuant to Rule 5.2 of the Uniform Rules of State Court, I do hereby certify this day I served a copy of:

1. **Plaintiff's Responses to Defendant's First Interrogatories**

2. **Plaintiff's Responses to Defendant's First Request for Production of Documents**

upon counsel of record via electronic service pursuant to O.C.G.A. § 9-11-5.

This 25th day of January, 2023.

/s/ Andrew W. Holliday
Andrew W. Holliday
Georgia Bar No.: 362472
Attorney for Plaintiff

Andrew W. Holliday, P.C.
11175 Cicero Drive
Suite 100
Alpharetta, GA 30022

Phone: (678) 646-6771
Fax: (678) 802-2129
Email: andrew@hollidayfirm.com

## <u>CERTIFICATE OF SERVICE</u>

       This is to certify that I have this day served counsel of record to this action with a copy of the foregoing **Plaintiff's 5.2 Certificate of Service of Discovery** in the above-styled case via the Court's electronic filing system upon the following:

Jessica M. Phillips, Esq.
Kyle A. Ference, Esq.
1420 Peachtree Street, NE
Suite 800
Atlanta, GA 30309
jessica.phillips@swiftcurrie.com
kyle.ference@swiftcurrie.com

       This 25th day of January, 2023.

 

                                       /s/ Andrew W. Holliday
                                       Andrew W. Holliday
                                       Georgia Bar No. 362472
Andrew W. Holliday, P.C.                 Attorney for Plaintiff
11175 Cicero Drive
Suite 100
Alpharetta, GA 30022
Phone: (678) 646-6771
Fax: (678) 802-2129
Email: andrew@hollidayfirm.com

E-FILED IN OFFICE - NN
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**22-C-04218-S7**
**1/27/2023 9:07 AM**
TIANA P. GARNER, CLERK

### IN THE STATE COURT OF GWINNETT COUNTY
### STATE OF GEORGIA

| | | |
|---|---|---|
| NURIA WING, Individually and as Executrix of the Estate of JOHN WING, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION FILE NO.: |
| v. | ) ) | 22-C-04218-S7 |
| STATE FARM FIRE AND CASUALTY COMPANY, | ) ) ) | |
| Defendant. | ) ) ) | |

### CERTIFICATE OF SERVICE PURSUANT TO RULE 5.2

Pursuant to Rule 5.2 of the Uniform State Court Rules, this is to certify that I have this day served a true and correct copy of the foregoing:

1. Defendant State Farm Fire and Casualty Company's First Request for Production of Documents to Non-Party C.G Mastercraft Builders, Incorporated;

2. Defendant State Farm Fire and Casualty Company's First Request for Production of Documents to Non-Party U.S. Claim Adjusters; and

3. Defendant State Farm Fire and Casualty Company's First Request for Production of Documents to Non-Party M.B. Services Rom, LLP

on all parties to this matter by electronic email and certified U.S. mail, proper postage prepaid, addressed to counsel of record as follows:

Andrew W. Holliday, Esq.
Andrew W. Holliday, P.C.
11175 Cicero Drive
Suite 100
Alpharetta, GA 30022
**andrew@hollidayfirm.com**
*Attorneys for Plaintiff*

*[Signature on following page]*

This 27th day of January, 2023.

Respectfully submitted,

**SWIFT, CURRIE, McGHEE & HIERS**

*/s/ Jessica M. Phillips*
Jessica M. Phillips, Esq.
Georgia Bar No. 922902
Kyle A. Ference, Esq.
Georgia Bar No. 683043
***Attorneys for State Farm State Farm***
***Fire and Casualty Company***

1420 Peachtree Street, NE
Suite 800
Atlanta, GA  30309
OFF: (404) 874-8800
FAX: (404) 888-6199
jessica.phillips@swiftcurrie.com
kyle.ference@swiftcurrie.com

4854-9573-4092, v. 1

E-FILED IN OFFICE - NN
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**22-C-04218-S7**

**2/2/2023 5:23 PM**

**TIANA P. GARNER, CLERK**

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| NURIA WING, Individually and as | ) | |
| Executrix of the Estate of JOHN WING, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | FILE NO.: 22-C-04218-S6 |
| v. | ) | |
| | ) | |
| STATE FARM FIRE AND CASUALTY | ) | |
| COMPANY | ) | |
| | ) | |
| Defendant. | ) | |

## **5.2 CERTIFICATE OF SERVING DISCOVERY**

This is to certify that on February 2, 2023, I served all counsel of record to this action with a copy of:

1. **Plaintiff Nuria Wing First Interrogatories to State Farm Fire and Casualty Company**

2. **Plaintiff Nuria Wing First Request for Production of Documents to State Farm Fire and Casualty Company**

In the above styled case by electronic service addressed as follows:

Jessica M. Phillips, Esq.
Kyle A. Ference, Esq.
1420 Peachtree Street, NE
Suite 800
Atlanta, GA 30309
jessica.phillips@swiftcurrie.com
kyle.ference@swiftcurrie.com

This 2nd day of February 2023.

Andrew W. Holliday

<u>/s/ Andrew W. Holliday</u>
Andrew W. Holliday
Georgia Bar No.: 362472
Attorney for Plaintiff

Andrew W. Holliday
11175 Cicero Drive
Suite 100
Alpharetta, GA. 30022
Phone: (678) 646-6771
Fax: (678) 802-2129
Email: andrew@hollidayfirm.com

## **CERTIFICATE OF SERVICE**

Plaintiff certifies the foregoing was served upon the following defense counsel via the Courts electronic filing system :

Jessica M. Phillips, Esq.
Kyle A. Ference, Esq.
1420 Peachtree Street, NE
Suite 800
Atlanta, GA 30309
jessica.phillips@swiftcurrie.com
kyle.ference@swiftcurrie.com

This 2nd February 2023.

/s/ Andrew W. Holliday
Andrew W. Holliday

E-FILED IN OFFICE - NN
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**22-C-04218-S7**

**2/10/2023 2:53 PM**

TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

|  |  |  |  |
|---|---|---|---|
| NURIA WING, Individually and as Executrix of the Estate of JOHN WING, | ) ) ) | | |
| Plaintiff, | ) ) | CIVIL ACTION | 22-C-04218-S7 |
| v. | ) ) | FILE NO.: ~~22-C-04218-S6~~ | |
| STATE FARM FIRE AND CASUALTY COMPANY | ) ) ) | | |
| Defendant. | ) | | |

## 5.2 CERTIFICATE OF SERVING DISCOVERY

This is to certify that on February 10, 2023, I served all counsel of record to this action with a copy of:

1. **Plaintiff Nuria Wing Non-Party Request for Production of Documents to U.S. Claims Adjusters**

2. **Plaintiff Nuria Wing Non-Party Request for Production of Documents to M.B. Services Rome, LLLP**

3. **Plaintiff Nuria Wing Non-Party Request for Production of Documents to C.G. Mastercraft Builders Incorporated**

In the above styled case by electronic service addressed as follows:

Jessica M. Phillips

Kyle A. Ference

Swift, Currie, McGhee & Hiers

1420 Peachtree Street NE

Suite 800

Atlanta, GA 30300

jessica.phillips@swiftcurrie.com

kyle.ference@swiftcurrie.com

This 10th day of February 2023.


                                        Andrew W. Holliday

                                        /s/ Andrew W. Holliday
                                        Andrew W. Holliday
                                        Georgia Bar No.: 362472
                                        Attorney for Plaintiff



Andrew W. Holliday, P.C.
11175 Cicero Drive
Suite 100
Alpharetta, GA 30022
Phone: (678) 646-6771
Fax: (678) 802-2129
Email: andrew@hollidayfirm.com

**CERTIFICATE OF SERVICE**

Plaintiff certifies the foregoing was served upon the following defense counsel via the Courts electronic filing system :

Jessica M. Phillips, Esq.
Kyle A. Ference, Esq.
1420 Peachtree Street, NE
Suite 800
Atlanta, GA 30309
jessica.phillips@swiftcurrie.com
kyle.ference@swiftcurrie.com

This 10th February 2023.

/s/ Andrew W. Holliday
Andrew W. Holliday