# EXHIBIT B

IN THE SUPERIOR COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| NURIA WING, Individually and as Executrix of the Estate of JOHN WING, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION FILE NO.: 22-C-04218-S6 |
| v. | ) ) | |
| STATE FARM FIRE AND CASUALTY COMPANY | ) ) ) | |
| Defendant. | ) ) | |

## PLAINTIFF NURIA WING'S RESPONSES TO DEFENDANT STATE FARM FIRE AND CASUALTY COMPANY'S FIRST INTERROGATORIES

**COMES NOW,** Nuria Wing, Plaintiff, and responds to Defendant State Farm Fire and Casualty Company's ("State Farm") First Interrogatories as follows:

1.

Please identify each and every individual Plaintiff contends may have relevant knowledge of the circumstances giving rise to this lawsuit, including the allegations contained in the Complaint or the defenses raised in State Farm's Answer and Affirmative Defenses. For each individual listed, please provide his or her full name, his or her current or last known address, his or her current or last known telephone number, and a summary of each individual's knowledge.

**RESPONSE: Plaintiff identifies the following individuals:**

1. **Plaintiff, Nuria Wing  8520 Shade Springs Court Cumming, GA 30028.  404-492-2514**
    a. **Ms. Wing has knowledge of the original incident, the additional water damage sustained by the home after the Defendant failed to mitigate its damages, the claims process, and other information related to the late Mr. Wing's dealings with the Defendant;**

2. **Jane Nunnelley 9200 Tuckerbrook in Johns Creek , GA 30028.  404-845-6080**

    a. Ms. Nunnelley has knowledge of the work performed by the roofer and other information related to the claim. She was living at the subject property at the time of the occurrence and has first-hand, eyewitness knowledge about the damage and repairs.

3. Charles Banister of MB Services 15 Oak View Drive Rome, GA
   a. Mr. Banister completed the pack-out;

4. Penny George of Mastercraft 28 Crane Road, Dawsonville, GA 30534
   a. Ms. George is the President of Mastercraft and sent a demand letter for payments allegedly owed to the roofer and Mastercraft;

5. Chuck George of Mastercraft 28 Crane Road, Dawsonville, GA 30534. Mr. George likely has information regarding the work performed and amounts owed to Mastercraft.

6. Loyal Hoover, Adjuster for State Farm Insurance, One Ste Farm Plaza, Bloomington IL 61710-0001 (844-458-4300 x. 3099940837)

   a. Mr. Hoover was the original adjuster on the claim. He engaged in bad faith practices by refusing to return Mr. Wing's calls, refusing to process payments submitted by Mr. Wing, continually promised payments, made repeated and unreasonable excuses for not processing the claim, and he refused to return Plaintiff's counsel's calls and by failing to investigate fully this claim;

7. Representative of Elite Response, Inc.;
   a. Elite Response made initial water damage measurements and has information regarding the extent of damage and the true value of this claim; additionally, Elite Response cut up the carpet and left water-damaged carpet on the floor, causing further damage of the property;

8. Sylvester Garcia
   a. Mr. Garcia provided roofing services to the project.

9. Lori Bradshaw is a public adjuster working for U.S. Claims Adjusters, 6300 Powers Ferry Road NW, Ste. 600 PMB 287, Atlanta, GA 30339-2919 (833-593-6975)

   a. U.S. Claims Adjusters was hired as the public adjuster on this claim; its representatives have information about the value of the claim and the extent of the damage to the property.

2.

Please identify each and every individual who assisted Plaintiff in responding to these interrogatories. Please provide the full name, current or last-known address, current or last known telephone number, and describe each individual's relationship with Plaintiff.

**RESPONSE: Plaintiff received assistance from Jane Nunnelly and her legal counsel.**

3.

Please identify each expert expected to testify at trial and state the subject matter the expert is expected to testify about, the substance of the facts and opinions to which the expert is expected to testify and give summary of the grounds for each opinion. See O.C.G.A. § 9-11-26(b)(4)(A)(i).

**RESPONSE:  Plaintiff has not specifically hired anyone to provide expert testimony during the trial of this case but reserves the right to do so and supplement her response to this interrogatory at the appropriate time.**

**Plaintiff identifies the following individuals/entities from whom she may elicit expert testimony at trial:**

1. **Representative(s) of C.G. Mastercraft Builders, Inc.**

   a. **Mastercraft performed work at the property.  Representatives of Mastercraft may be asked to give their opinion on the extent of damage, the remediation and repair work necessary to restore the property to its pre-occurrence condition, and the value of the labor and materials required to accomplish same.  See attached invoice for a detailed list of the work performed by Mastercraft and the extent of their expertise.**

2. **Representative(s) of Camco Services.**
   a. **Camco Services was a contractor that provided an estimate for water damage, and restoration of the plaintiff's home.  Representatives of Camco Services may be asked to give their opinion regarding the extent of water damage, the value of such repair in the water mitigation industry, and other mitigation effort claim valuation issues.  See attached estimate for a summary of the services and labor cost related to Camco Services' work;**

3. **Representative(s) of Elite Response, Inc.**

   a. **Elite Response, Inc. was a contractor hired by State Farm to provide an estimate for wind damage and who took initial measurements of water damage and began "remediation" work, including only partially removing wet carpet from the subject property.  Representatives of Elite Response may be asked to give their opinion on the extent of damage and the value of the claim.  See**

**attached estimate for a summary of the services and labor cost related to Elite Response Inc.'s work;**

4. **Sylvester Garcia Roofing**
    a. **Mr. Garcia was a roofing contractor approved by State Farm and Loyal Hoover. He and his representatives provided temporary repairs to the roof in the first weeks after the occurrence. He may be asked to give his opinion on the extent of roof damage and the value of the materials and labor required to repair the roof.**

5. **Lori Bradshaw of U.S. Claims Adjusters**

    a. **Ms. Bradshaw was hired as the public adjuster on this claim. She may be asked to give her opinion on the extent of damage, the standards in the repair and mitigation industry, standards in the insurance claims industry, and the valuation of this specific claim.**

4.

Please identify each and every insurance claim, whether with State Farm or any other insurer, initiated by Plaintiff, or anyone acting on Plaintiff's behalf, related to the Property within the last ten years, regardless of the type of claim. For each claim identified, please state the claim number, the insurer with which Plaintiff initiated the claim, the type of loss, the damage to the Property, the value of the claim, the amount of benefits received by Plaintiff, and the status of the claim.

**RESPONSE: To the best of Plaintiff's knowledge, Mr. Wing made one insurance claim related to this occurrence.**

1. **Claim # 1121P868K;**
2. **State Farm Insurance**
3. **Homeowners Claim as follows:**
    a. **Coverage A – Dwelling**
    b. **Coverage B – Personal Property**
    c. **Coverage C – Loss of Use**
    d. **Additional Coverages – Tree Debris Removal; Water Mitigation Services; Structural Damage**
4. **Damage including but not limited to the following:**
    a. **Roof;**
    b. **Master Bedroom;**
    c. **Formal Dining Room;**
    d. **Foyer/Entry;**
    e. **Room 4;**
    f. **Living Room;**
    g. **Kitchen;**

  h. **Upstairs catwalk;**
  i. **Stairs, including sub-room and landing.**
    i. **For a detailed list of damages, see enclosed State Farm claim documents and repair estimate of Camco Services, LLC.**
5. **The claim value is that determined by a jury at trial;**
6. **The amount of benefits received will be supplemented prior to trial;**
7. **The claim is not resolved.**

5.

Specifically state the amount of special damages Plaintiff claims in this litigation and identify each and every document which supports the value of these special damages. These special damages should include, but are not limited to, damages related to the property's roofing system; interior damage; personal property loss or damage; alternative living expenses; and storage costs.

**RESPONSE:**
**The following items and estimates comprise the Plaintiff's special damages in this litigation:**

| Company/Contractor | Repair/Mitigation Item | Estimate/Invoice Amount |
|---|---|---|
| C.G. Mastercraft Builders, Inc. | Roof repair | $4,500.00 |
| Camco Services, LLC | Water damage repairs and mitigation | $36,728.88 |
| Elite Response, Inc. | Wind damage | $1,371.28 |
| RestorePro | Repair services | $7,739.60 |
| MB Services | Pack-out services | $108,541.34 |
| Caballero Brothers Construction, LLC | Drywall installation and painting services | $2,500.00 |
| Home Depot | Miscellaneous materials | $837.53 |
| Estate of John Wing | Furniture that was auctioned off; miscellaneous sentimental items that are irreplaceable | Amount to be set by jury |
| | **TOTAL:** | $162,218.63 plus other damages presented at trial |

**See attached invoices and estimates in support of the foregoing special damages.**

6.

Please identify each and every public adjuster, contractor, subcontractor, repairman, worker, and the like that you retained, or that was retained on your behalf, to evaluate which repairs were necessary to fix any purported damage to the Property in conjunction with the Claim. In your response, please include the full name of the individual or entity, its current or last know address, its current or last know telephone number, and please identify any and all documents submitted to you by each entity or individual identified (including, but not limited to estimates, bids, invoices, receipts, etc.) in conjunction with these evaluations of necessary repairs.

**RESPONSE:**
1. **Lori Bradshaw- U.S. Claims Adjusters 2900 Delk Road Suite 700 Pmb 15 Marietta, GA 30067 (404) 445-5671;**
2. **Chuck George- C.G. Mastercraft Builders, Inc. 28 Crane Road Dawsonville, GA 30534 (706) 344-8010 (see attached estimates from July 29, 2021, March 16, 2022, and July 14, 2022);**
3. **Camco Services- LLC P.O. Box 389 Rome, GA 30162 (706) 232-4847 (date entered October 18, 2021); and**
4. **Elite Response Inc. 125 Brunes Way Ball Ground, GA 30107 (770) 479-0435 (date inspected July 1, 2021).**

**Documents responsive to this request have already been produced to State Farm but are also being produced in response to Defendant's requests for production of documents.**

7.

Please specifically state the month, day, and year of the Loss which purportedly caused the damage for which Plaintiff initiated the Claim and please describe in reasonable detail how Plaintiff discovered the Loss and/or damage. Please also identify any and all documents reviewed to make this determination and any and all evidence which led Plaintiff to determine the date that the Loss giving rise to this litigation occurred and that the damage to the Property was related to the Loss.

**RESPONSE: The date of loss occurred on June 30, 2021. See Complaint for detailed information regarding the loss.**

8.

Please provide Plaintiff's date of birth, social security number, and place of employments.

**RESPONSE: Nuria Wing DOB: April 29, 1971. Plaintiff is employed with Wing Auto Sales, Inc. Plaintiff will provide her social security number in a more confidential manner.**

9.

Please identify and describe any and all damage to personal property which Plaintiff contends are related to the Loss. In your response, please provide the estimated cost to repair and/or replace this personal property and identify any documents which support these estimated costs.

**RESPONSE: See response to Interrogatory No. 5 above. Plaintiff experienced water damage in the ceiling of the home, and carpet was removed due to the water damage. Plaintiff has provided estimates from C.G. Mastercraft Builders, Inc., Camco Services, and Elite Response, Inc/State Farm. Plaintiff lost personal property, (furniture, photographs, and other sentimental items) after the pack-out due to the storage units being auctioned off after State Farm failed to make payment on this claim. Plaintiff has provided a spreadsheet with items and cost (see attached).**

10.

Please identify any and all photographs taken by Plaintiff or at Plaintiff's request, documenting the damage to the Property and/or the damage to Plaintiff's personal property which Plaintiff contends are related to the Loss. In your response, please indicate the date each photograph was taken and the individual who took the photograph (s).

**RESPONSE: Plaintiff has provided photos that were taken the day after the storm, and after the pack-out (see attached).**

11.

Please identify each and every individual, including, but not limited to, public adjusters, contractors, or subcontractors, who inspected the Property at Plaintiff's request, or at the request of those acting on behalf of Plaintiff, within the last ten years. In your response, please provide the contact information of the individual or entity, the individual or entity's place of employment, the date of inspection, any conclusions reached by the individual or entity, and all reports or estimates prepared by the individual or entity.

**RESPONSE:  To the best of Plaintiff's knowledge, these individuals are identified in response to Interrogatory No. 6.**

12.

Please identify each and every repair to the Property's roofing system, HVAC system, or interior at any point prior to the Loss and/or the Claim. Please include in your response the name and current contact information (including address and telephone number) for each contractor or subcontractor that completed the repairs and identify any estimates/invoices prepared by each contractor or subcontractor, the day/month/year of the date each of the repairs were completed,

whether any photographs were taken of the Property before and/or after the repairs, and the amount of any payments to the company for the work completed.

**RESPONSE: Plaintiff had a new roof, HVAC work, and maintenance repairs completed by American Home Shield. Plaintiff is unable to provide the time frame of when the repairs were completed at this time. Should Plaintiff be able to identify any further or specific information responsive to this interrogatory, she will provide that information.**

13.

Has any of the purported damage to the Property related to the Claim been repaired? If so, please identify the estimate for the repairs, the name of the contractor or subcontractor who completed the repairs, and the total value of the costs of the repairs.

**RESPONSE: Plaintiff has had sheet rock installed and painting in the master bedroom and closet by Caballero Brothers Construction, LLC. The roof was repaired in a temporary manner, but it requires further work. State Farm has inspected the property damage at issue in this case and the condition of the property.**

14.

To the extent that you contend State Farm breached its insurance contract with Plaintiff, please indicate which specific provision(s) of the insurance contract State Farm purportedly breached. Please identify the provision(s) by page number, title, and/or quote the language of the provision(s).

**RESPONSE: State Farm issued policy No.: 81-GG-H447-7 effective March 1, 2021 to March 1, 2022. This policy provided coverage for the home for both structural and personal property damage as well as alternative living expenses. Plaintiff is unable to provide specific provisions, i.e., page number, title and/quote at this time. Such provisions are well-known to State Farm as it drafted its policy. See Response to Interrogatory No. 4 above.**

15.

Please identify each and every communication between you and State Farm, or any agent acting on behalf of State Farm, related to the Claim. In your response, please indicate the parties to the communication, the date of the communication, whether communication was written or oral, and provide a brief summary of the communication.

**RESPONSE: Plaintiff, John Wing was the main communicator to Loyal Hoover from State Farm. After Mr. Wing's death, Plaintiff Nuria Wing reached out to Loyal Hoover but was unsuccessful in speaking to him. Plaintiff left many messages and did not receive a return call. Plaintiff spoke to different managers/supervisors regarding Loyal Hoover not responding to her calls but was told to contact Lori Bradshaw although the Plaintiff fired**

**Lori Bradshaw on November 10, 2021 (see attached). Loyal Hoover also failed to return calls to Plaintiffs' counsel regarding this claim.**

16.

Please identify any Homeowners' Association, Neighborhood Association, or the like which enforces or otherwise regulates the condition and/or appearance of the Property. Please provide the complete name of the association, it's current address and telephone number, and identify the covenants, rules, or regulations enforced by the association.

**RESPONSE: Wynnbrook Subdivision HOA. Registered Agent is Clifton Wong 3120 Birchton Street Alpharetta, GA 30022. At this time, Plaintiff is unable to provide the covenants, rules, or regulations but will supplement prior to trial should such information be determined.**

17.

Please indicate the current owner of the Property and state whether there is a mortgage on the Property and, if so, provide the name of the mortgagee and the amount outstanding on the mortgage.

**RESPONSE: Plaintiff is the current owner, Chase Mortgage is the current lienholder. Plaintiff indicates the outstanding balance owed is $15,624.04.**

18.

To the extent Plaintiff is the owner of the Property, please indicate the date Plaintiff purchased the Property and identify all documents prepared in conjunction with the purchase of the Property including, but not limited to, any appraisals and inspection reports for the Property.

**RESPONSE: Plaintiff purchased the property July, 1994. Plaintiff is no longer in possession of any appraisals/inspection reports for this time frame; this documentation was removed from the subject property during the pack-out and not returned.**

19.

Please identify each and every communication between Plaintiff and any public adjusters, insurers, contractors, and subcontractors who evaluated the damages to the Property related to the Loss. In your response, please provide the date of the communication, the individuals who were parties to the communication, the substance of the communication, and state whether the communication was memorialized in writing.

**RESPONSE:**
1. **See attached text messages with Charles Banister, pack-out contractor;**

2. See attached emails with Lori Bradshaw, public adjuster;
3. See attached emails with Liz Heath, State Farm agent;
4. See DropBox link produced with these responses for additional correspondence related to this occurrence and claim.

20.

With regard to your contention that State Farm is liable to you for compensatory damages resulting from the event of June 30, 2021, please state in detail:

(a) Each and every fact upon which such contention is based.
(b) The name, current home address, telephone number, and place of employment of each and every person known to you who has any relevant knowledge of any facts related to this contention, or who may have witnessed any actions which provide the bases for such contention.
(c) Each and every writing, photograph, or other document in any way relevant to this contention, including a description of each document, the date upon which it was created, and the full name, address, and current telephone number of the person currently having possession of each writing or document identified.
(d) The specific amount of compensatory damages which Plaintiff contends she are entitled to recover

**RESPONSE: Plaintiff is entitled to recover damages because of her homeowner's insurance policy. The sole purpose of having/paying the homeowners policy is; in an event of a loss/ damages (such as this one) the effective policy can provide coverage to rebuild the loss. Plaintiff's policy was effective during the time of this loss/damage. Liz Heath 1445 Haw Creek Circle Suite 502 Cumming, GA 30041 (770) 406-8194 is the Plaintiff's State Farm Agent, and she will attest to an active policy. Plaintiff seeks the policy limit for damages for structural damage, personal property, and alternative living expenses. Plaintiff has attached photographs of the damages.**

21.

To the extent Plaintiff contends that she has incurred additional expenses related to State Farm's purported underpayment of the Claim, please describe with specificity the expenses incurred, including, but not limited to, the amount expenses incurred, the purpose (s) of such expenses, the date(s) the expenses were incurred, identify any witnesses who have knowledge regarding the expenses, and identify any documents confirming the amount of the expenses incurred.

**RESPONSES: Plaintiffs living expenses, i.e., food and hotel. Plaintiff provided all of this information to State Farms claim adjuster Loyal Hoover. Jane Nunnelley can attest to this information.**

This 25th day of January, 2023.

          Respectfully,

          Andrew W. Holliday

          /s/ Andrew W. Holliday
          Andrew W. Holliday
          Georgia Bar No.: 362472
          Attorney for Plaintiff

Andrew W. Holliday, P.C.
11175 Cicero Drive
Suite 100
Alpharetta, GA 30022
Phone: (678) 646-6771
Fax: (678) 802-2129
Email: andrew@hollidayfirm.com

## CERTIFICATE OF SERVICE

This is to certify that I have this day served counsel of record to this action with a copy of the foregoing **Plaintiff's Responses to State Farm's First Interrogatories** in the above-styled case by electronic mail as follows:

Jessica M. Phillips, Esq.
Kyle A. Ference, Esq.
1420 Peachtree Street, NE
Suite 800
Atlanta, GA 30309
jessica.phillips@swiftcurrie.com
kyle.ference@swiftcurrie.com

This 25th day of January, 2023.

                                              Andrew W. Holliday

                                              /s/ Andrew W. Holliday

Andrew W. Holliday, P.C.                    Andrew W. Holliday
11175 Cicero Drive                           Georgia Bar No. 362472
Suite 100                                              Attorney for Plaintiff
Alpharetta, GA 30022
Phone: (678) 646-6771
Fax: (678) 802-2129
Email: andrew@hollidayfirm.com

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| NURIA WING, Individually and as | ) | |
| Executrix of the Estate of | ) | |
| JOHN WING | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | FILE NO.: 22-C-04218-S6 |
| v. | ) | |
| | ) | |
| STATE FARM FIRE AND | ) | |
| CASUALTY COMPANY | ) | |
| | ) | |
| Defendant. | ) | |

**VERIFICATION**

PERSONALLY APPEARED before me, the undersigned officer duly authorized by law to administer oaths, Nuria Wing, who, after first being duly sworn, states and deposes that the facts contained in Plaintiff's Responses to Defendant's Interrogatories are true and correct to the best of her knowledge and belief.

_____
Nuria Wing

SWORN TO AND SUBSCRIBED
Before me this 26 day of January 2023.

_____
Notary Public
My Commission expires: 4/10/2025