# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DAVID MITCHELL,<br><br>   Plaintiff,<br><br>v.<br><br>MARRIOTT HOTEL SERVICES, INC., dba ATLANTA MARRIOTT SUITES MIDTOWN, MARRIOTT INTERNATIONAL, INC. and JOHN DOES 1 to 50,<br><br>   Defendants. | CIVIL ACTION FILE<br>   NO. _____<br><br><br><br>*Jury Trial Demanded* |

## DEFENDANTS' BRIEF IN SUPPORT OF NOTICE OF REMOVAL

COMES NOW, Defendants **MARRIOTT HOTEL SERVICES, INC. and MARRIOTT INTERNATIONAL, INC.**, and file their Brief in Support of Defendants' Notice of Removal, showing this Honorable Court as follows:

### PROCEDURAL BACKGROUND

1. Plaintiff David Mitchell (hereinafter "Plaintiff"), believed to be a resident and citizen of the State of Ohio, filed this action in the State Court of Gwinnett County, on January 20, 2023 against Defendants. That action is designated there as Civil Action

File No.: 23-C-00420-S2. Both Defendants were served on January 25, 2023. A true and correct copy of the Complaint is included in the State Court file attached as Ex. A.

2.      Plaintiff's Complaint, *inter alia,* alleges that Defendants are liable to the Plaintiff for negligently causing Plaintiff's injuries that were sustained from an accident which occurred on September 24, 2020. (*See* Ex. A, ¶¶ 1-13).

3.      Plaintiff is believed to be an Ohio resident and, thus, a citizen of Ohio. (*See* Ex. B, WellStar Medical Bill).

4.      Defendant Marriott Hotel Services, Inc. is improperly named. The correct name is Defendant Marriott Hotel Services, LLC, which is now and was at the commencement of Civil Action File No.: 23-C-00420-S2, and at all times since has been a foreign company organized and existing under the laws of the State of Delaware with its principal place of business in Maryland. (*See* Ex. C, Georgia Secretary of State Records). The sole member of Defendant Marriott Hotel Services, LLC is Marriott International, Inc. Defendant Marriott Hotel Services, Inc. is deemed a citizen of Delaware and Maryland.

5.      Defendant Marriott International, Inc. was at the commencement of Civil Action File No.: 23-C-00420-S2, and at all times since has been a foreign company organized and existing under the laws of the State of Delaware with its principal place of business in Maryland. (*See* Ex. D, Georgia Secretary of State Records). Defendant

Marriott International, Inc. is deemed a citizen of Delaware and Maryland. Defendants assert that Marriott International, Inc. is not a proper party to this action as it was neither the owner nor operator of the subject property.

6. The action described above is a civil action with a claim of which this Court has original jurisdiction, and it is one that may be removed to this Court by the Defendants pursuant to the provisions of 28 USC §§ 1332 and 1441 et seq., in that there is complete diversity among Plaintiff and the identified, named Defendants, the Parties were not residents of the same State at the time of filing of the Complaint, and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

7. Defendants represents to this Honorable Court that true and correct copies of all process, pleadings, orders served by or upon the Defendants in this case are attached in conformity with the requirements of 28 U.S.C. § 1446(a). (*See* Ex. A to Defendants' Notice, State Court Pleadings). The Defendant further represents to this Court that there are no other process, pleadings or orders properly served upon the Defendants to date in this case that have not been attached hereto.

8. The Defendants represents to this Honorable Court that written notice of the filing of this Notice of Removal and a copy of this Notice of Removal have been served upon the Plaintiff, by and through his counsel of record contemporaneous with this filing. (*See* attached hereto as Ex. E to Defendants'

Notice, Notice of Filing Notice of Removal with the Clerk of Court, State Court of Gwinnett County, Georgia).

9.  United States District Court for the Northern District of Georgia – Atlanta Division, is the court and division embracing the place where this action is pending in state court. No Defendants heretofore have sought similar relief in this action.

## LEGAL ARGUMENT AND CITATION TO AUTHORITY

**A.  This Court has Original Jurisdiction of this Cause of Action Pursuant to 28 U.S.C. § 1332 and this Cause of Action is Removable According to 28 U.S.C. § 1441.**

This action is properly removable under 28 U.S.C. § 1441(a) and (b) because this United States District Court for the Northern District of Georgia – Atlanta Division has original jurisdiction of this case under 28 U.S.C. § 1332(a), as amended, which provides in pertinent part:

> The District Court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value or $75,000, exclusive of interest and costs, and is between - Citizens of different states.

*See* 28 U.S.C. § 1332.

**1.  THERE IS COMPLETE DIVERSITY.**

All parties to this action are completely diverse. Existence of diversity

jurisdiction is determined by the citizenship of the parties at the time of the filing of the complaint, not at the time the cause of action arose or after the action is commenced. *Oh v. Ford Motor Co.*, 79 F. Supp. 2d 1375, 1377 (N.D. Ga. 1999) (citing *Mann v. City of Tucson, Dept. of Police*, 782 F.2d 790, 794 (9th Cir. 1986)). "A limited liability company is a citizen of any state of which a member of the company is a citizen." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). "To sufficiently allege the citizenships of . . . unincorporated business entities, a party must list the citizenship of all the members of the limited liability compan[ies]." *Id.*

Although Plaintiff's Complaint does not specify where he resided at the time he filed this action, Plaintiff's medical bills are addressed to Plaintiff at a Cleveland, Ohio address. Therefore, it is believed that Plaintiff has resided, and continues to reside, in the State of Ohio, including at the time this action was filed. (*See* Ex. B). Thus, Plaintiff is a resident and citizen of Ohio.

Defendant Marriott Hotel Services, Inc. is improperly identified in Plaintiff's Complaint, and the proper name is Marriott Hotel Services, LLC. At the time of the commencement of Civil Action File No.: 23-C-00420-S2, and at all times since, Marriott Hotel Services, LLC has been and is a foreign company organized and existing under the laws of the State of Delaware with their principal place of business

in Maryland. The sole member of Marriott Hotel Services, LLC is Marriott International Inc. Marriott International, Inc. is now and was at the commencement of Civil Action File No.: 23-C-00420-S2, and at all times since has been a foreign company organized and existing under the laws of the State of Delaware with their principal place of business in Maryland. (*See* Exs. C and D). Therefore, both Marriott Hotel Services, LLC and Marriott International, Inc. are deemed citizens of Maryland and Delaware.

Accordingly, complete diversity exists in this cause of action between the Plaintiff and all Defendants, and therefore, this case is removable under 28 U.S.C. § 1332.

2. **THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00.**

There is evidence to establish that Plaintiff is seeking damages in excess of Seventy-Five Thousand Dollars ($75,000.00). Where a plaintiff has made an unspecified demand for damages, as in this case, a removing defendant must prove only by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement. *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001). Evidence offered in support of removal can consist of factual allegations, "combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir.

2010) ("a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it."). Furthermore, courts may use their "judicial experience and common sense" in determining whether the case meets federal jurisdictional requirements. *Roe v. Michelin North America, Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010).

When determining if the defendant has satisfied its burden, the presiding court will first consider whether it is facially apparent from the complaint that the jurisdictional amount is in controversy. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744 (11th Cir. 2010). "If not, the court may consider facts alleged in the notice of removal, judicial admissions made by plaintiffs, non-sworn letters submitted to the court, or other summary judgment type evidence that may reveal that the amount in controversy requirement is satisfied." *Id*.

Plaintiff's Complaint does not allege economic damages with specificity. However, in Plaintiff's June 9, 2022 settlement demand, Plaintiff itemized $107,251.83 in past medical expenses as a form of damages. (Ex. F, Settlement Demand). Moreover, Plaintiff's Complaint alleges damages including "medical expenses, loss of earnings, pain and suffering" and "future medical bills". Ex A, ¶¶ 12-13.

Overall, there are facts to a legal certainty to support that the amount in

controversy exceeds the jurisdictional requirement. Plaintiff's settlement demand and factual allegations, combined with reasonable deductions, inferences, and extrapolations, prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement. Accordingly, because the parties are completely diverse and the amount in controversy exceeds the statutory requirement this case may be removed to the United States District Court for the Northern District of Georgia – Atlanta Division.

## **CONCLUSION**

There is complete diversity of citizenship between the parties to this action. Plaintiff is a citizen of Ohio, and Defendants are deemed citizens of Delaware and Maryland. Complete diversity existed between the parties on the day the Plaintiff filed his Complaint and on the day the Defendants filed this Notice of Removal, which are the relevant time periods for determining citizenship. *See Pullman Co. v. Jenkins*, 305 U.S. 534, 537, 59 S. Ct. 347 (1939). Pursuant to 28 U.S.C. § 1446, the Defendants have sought removal within thirty (30) days from the moment the action became removable (i.e. January 25, 2023, when Defendants were served with the Summons and Complaint) and, therefore, this Court has the authority to accept jurisdiction of this case pursuant to 28 U.S.C. §§ 1332 and 1446.

Respectfully submitted this 24th day of February, 2023.

|  |  |
|---|---|
|  | **HALL BOOTH SMITH, P.C.** |
|  | */s/ Paul B. Trainor* |
|  | Paul B. Trainor |
|  | Georgia Bar No. 641312 |
|  | Billy Fawcett |
|  | Georgia Bar No. 528289 |
| 191 Peachtree Street NE, Suite 2900 | *Attorneys for Defendants Marriott* |
| Atlanta, GA  30303-1775 | *Hotel Services, Inc. and Marriott* |
| T:  404.954.5000 | *International, Inc.* |
| F:  404.954.5020 |  |
| ptrainor@hallboothsmith.com |  |
| bfawcett@hallboothsmith.com |  |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DAVID MITCHELL,<br><br>　Plaintiff,<br><br>v.<br><br>MARRIOTT HOTEL SERVICES, INC., dba ATLANTA MARRIOTT SUITES MIDTOWN, MARRIOTT INTERNATIONAL, INC. and JOHN DOES 1 to 50,<br><br>　Defendants. | CIVIL ACTION FILE<br>　NO. _____<br><br><br><br>*Jury Trial Demanded* |

## **CERTIFICATE OF COMPLIANCE**

The foregoing ***DEFENDANTS' BRIEF IN SUPPORT OF NOTICE OF REMOVAL*** is double spaced in 14-point Times New Roman font and complies with the type-volume limitation set forth in Local Rule 7.1.

Respectfully submitted this 24th day of February, 2023.

　　　　　　　　　　　　　　　　　　**HALL BOOTH SMITH, P.C.**

　　　　　　　　　　　　　　　　　　*/s/ Paul B. Trainor*
　　　　　　　　　　　　　　　　　　Paul B. Trainor
　　　　　　　　　　　　　　　　　　Georgia Bar No. 641312
　　　　　　　　　　　　　　　　　　Billy Fawcett
　　　　　　　　　　　　　　　　　　Georgia Bar No. 528289

191 Peachtree Street NE, Suite 2900

Atlanta, GA  30303-1775  
T:  404.954.5000  
F:  404.954.5020  
ptrainor@hallboothsmith.com  
bfawcett@hallboothsmith.com  

*Attorneys for Defendants Marriott Hotel Services, Inc. and Marriott International, Inc.*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DAVID MITCHELL,<br><br>　Plaintiff,<br><br>v.<br><br>MARRIOTT HOTEL SERVICES, INC., dba ATLANTA MARRIOTT SUITES MIDTOWN, MARRIOTT INTERNATIONAL, INC. and JOHN DOES 1 to 50,<br><br>　Defendants. | CIVIL ACTION FILE<br>　NO. _____<br><br><br><br>*Jury Trial Demanded* |

## CERTIFICATE OF SERVICE

I hereby certify that on this day I have served a copy of the within and foregoing **DEFENDANT' BRIEF IN SUPPORT OF NOTICE OF REMOVAL** upon all parties to this matter by depositing same in the U.S. Mail and/or via e-file and serve as required by law:

> Roger W. Orlando
> The Orlando Firm, P.C.
> Decatur Court
> Suite 400
> 315 W. Ponce de Leon Avenue
> Decatur, Georgia 30030
> roger@orlandofirm.com
> *Counsel for Plaintiff*

Respectfully submitted this <u>24th</u> day of February, 2023.

          **HALL BOOTH SMITH, P.C.**

          <u>*/s/ Paul B. Trainor*</u>
          Paul B. Trainor
          Georgia Bar No. 641312
          Billy Fawcett
          Georgia Bar No. 528289

191 Peachtree Street NE, Suite 2900   *Attorneys for Defendants Marriott*
Atlanta, GA  30303-1775   *Hotel Services, Inc. and Marriott*
T:  404.954.5000   *International, Inc.*
F:  404.954.5020
ptrainor@hallboothsmith.com
bfawcett@hallboothsmith.com