IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GORDON COMPANY, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | |
| BRIGGS BROTHERS ) | |
| ENTERPRISES INC., ) | |
| ) | |
| Defendant. ) | |

# COMPLAINT

## NATURE OF THE CASE

This case concerns Defendant Briggs Brothers Enterprises Inc's ("Briggs Brothers") persistent refusal to pay Gordon Company, Inc. ("Gordon Co") for materials and services Briggs Brothers requested from Gordon Co and used and accepted to fulfill its contractual obligations to the GDOT. Gordon Co finished the work Briggs Brothers requested on August 14, 2022 and, pursuant to the parties' contract, was obligated to pay Gordon Co in full by September 13, 2022. It failed and refused to do so. Since that time Briggs Brothers has repeatedly acknowledged its debt to Gordon Co and on multiple occasions has falsely promised Gordon Co payment was forthcoming. Briggs Brothers has been stubbornly litigious, acted in

1

bad faith, and caused Gordon Co unnecessary trouble and expense. Gordon Co is entitled to recover the agreed upon contractual sum of $266,929.50 for the materials and services it provided Briggs Brothers, together with attorney's fees, prejudgment interest and expenses of litigation.

## THE PARTIES

1. Plaintiff Gordon Co is incorporated under the laws of North Carolina with its principal place of business in Thomasville, North Carolina. It is registered to do business in Georgia as a foreign for-profit corporation. Gordon Co is a citizen of North Carolina.

2. Defendant Briggs Brothers is incorporated under the laws of Georgia and has its principal place of business at 12 Doranne Ct. SE, Smyrna, Georgia 30080. Briggs Brothers is a citizen of Georgia. It may be served through its registered agent, Terry Briggs, 413 Odell Industrial Way, Griffin, Georgia 30224.

## JURISDICTION AND VENUE

3. The Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332 in that it is between citizens of different States and the matter in controversy exceeds $75,000.00 exclusive of interest and costs.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b)(1) and (2) as defendant Briggs Brothers resides in this district and a substantial part of the events or omissions giving rise to the claim occurred in this district.

5. The Court has personal jurisdiction over defendant Briggs Brothers.

## STATEMENT OF FACTS

6. In 2021 the Georgia Department of Transportation ("GDOT") issued invitation to bid 48400-DOT0002424 seeking proposals to perform concrete pavement repairs on specified interstates and roadways in Cobb, Dekalb and Fulton Counties. Briggs Brothers bid $606,500.00 and was awarded the project on or about November 23, 2021 (the "Project").

7. Briggs Brothers lacked the expertise and/or ability to complete portions of the work on the Project.

8. Briggs Brothers contacted Gordon Co to supply the necessary equipment, supplies and personnel for the Fibercrete spall repair of PCC and Gray hot seal portions of the Project.

9. Gordon Co submitted a proposal to Briggs Brothers for this portion of the work on the Project on or about July 11, 2022, a true and correct copy of which is attached as Exhibit A and incorporated by reference (the "Proposal").

10. In its Proposal, Gordon Co. specified among other things the work it would perform on the Project; the price for the work, specifically $3.05 price per pound for the Fibercrete repair and $3.30 per pound for the Gray hot pour; and payment terms (net 30 days).

11. Briggs Brothers accepted Gordon Co's Proposal, establishing a contract between the parties.

12. On July 14, 2022, Briggs Brothers project manager, Amy Eavey, sent Gordon Co a Georgia Security and Immigration Compliance Act Affidavit which asked Gordon Co to confirm, among other things, it was engaged in the "physical performance of services under a contract with Briggs Brothers Enterprises Corp" in connection with Solicitation/Contract 48400DOT0002424 (the "Subcontractor Affidavit"). Ms. Eavey asked Gordon Co to return the completed Subcontractor Affidavit to her.

13. Gordon Co. completed the Subcontractor Affidavit and returned it to Ms. Eavey on July 14, 2022. A true and correct copy of the Subcontractor Affidavit is attached as Exhibit B and incorporated by reference.

14. Upon information and belief Briggs Brothers forwarded the Subcontractor Affidavit to GDOT.

15. Gordon Co completed the work specified in the parties' contract on or about August 14, 2022.

16. Briggs Brothers accepted Gordon Co's work on the Project.

17. GDOT accepted Gordon Co's work on the Project.

18. Pursuant to the parties' contract, payment in full from Briggs Brothers to Gordon Co was due by September 13, 2022.

19. On or about August 22, 2022, Gordon Co sent Briggs Brothers detailed invoice 82222 in the amount of $266,929.50 for the work it performed under the parties' contract. A true and correct copy of Gordon Co's invoice 82222 to Briggs Brothers is attached as Exhibit C ("invoice 82222").

20. The quantities of materials Gordon Co supplied on the Project were shown on invoice 82222 and were reviewed and acknowledged by GDOT.

21. Briggs Brothers did not dispute invoice 82222 or its responsibility to pay it.

22. Briggs Brothers is indebted to Gordon Co in the amount of $266,929.50.

23. Briggs Brothers has failed and refused to pay Gordon Co amounts owed under the contract.

24. On multiple occasions after August 22, 2022, Briggs Brothers has acknowledged its debt to Gordon Co and promised to pay it.

25. On October 3, 2022, Everette Gordon, president of Gordon Co, e-mailed Ms. Eavey, and asked when Gordon Co could expect payment for its work on the Project. Ms. Eavey responded to Mr. Gordon the same day saying she would provide an update "tomorrow" (October 4).

26. Ms. Eavey did not provide the promised update to Mr. Gordon on October 4.

27. On October 7, 2022, Mr. Gordon e-mailed Ms. Eavey again asking her to "Please update us about payments." Ms Eavey responded she was working on invoicing "today," but Briggs Brothers failed to make payment to Gordon Co.

28. On October 18, 2022, Mr. Gordon again e-mailed Ms. Eavey, inquiring "It's been another 11 days, is there a reason you haven't paid us?" Ms. Eavey responded "I have been out sick. I know we are doing a check run Friday. *I will make sure it's on it."* (emphasis supplied).

29. Despite Ms. Eavey's promise, payment to Gordon Co was not forthcoming that Friday.

30. Between October 18 and November 14, 2022, Gordon Co made additional inquires to Briggs Brothers concerning the status of its overdue payment.

31. On November 14, 2022, Ms. Eavey e-mailed Mr. Gordon: "I called [Terry] Briggs and the check will be going out today. You can track UPS tracking this evening."

32. Ms. Eavey's report that Terry Briggs was sending a check to Gordon Co on November 14, 2022, via UPS was false. Briggs Brothers did not send a check to Gordon Co on November 14, 2022.

33. On November 29, 2022, Terry Briggs, president of Briggs Brothers phoned Everette Gordon and assured him he had every intention to pay Gordon Co what it was owed and Gordon Co could expect payment December 9 or December 15.

34. Mr. Gordon summarized this call in a December 1, 2022 e-mail to Ms. Eavey.

35. Briggs Brothers did not mail payment to Gordon Co on December 9 or December 15.

36. Terry Briggs called Everette Gordon at approximately 2:15 p.m. on December 15, this time promising to make payment to Gordon Co on December 24, 2022.

37. Accordingly, Mr. Gordon e-mailed Ms. Eavey on December 24, 2022, to confirm payment was being made that day as Mr. Briggs had promised.

38. Mr. Briggs' December 15, 2022, promise to Mr. Gordon was false. Briggs Brothers did not make payment to Gordon Co on December 24, 2022.

39. On or about January 11, 2023 Briggs Enterprises sent Gordon Co a check in the amount of $75,000.00 with a reference "GDOT I&B 2424." Gordon Co asked Briggs Brothers to acknowledge a revised invoice in the amount of $191,929.50. Briggs Brothers refused to do so. Accordingly, Gordon Co did not negotiate the check.

40. On January 27, 2023, Ms. Eavey sent Mr. Gordon a UPS ground tracking number suggesting payment was being made. No payment was forthcoming, and the package was never sent.

41. Briggs Brothers' repeated assurances and promises to Gordon Co payment was forthcoming for work on the Project were false and were made with the intent to deceive Gordon Co.

42. Any conditions precedent to the bringing of this action have been satisfied or waived.

## COUNT I
## BREACH OF CONTRACT

43. Gordon Co incorporates by reference the allegations in paragraphs 6 to 41 above by reference.

44. Gordon Co and Briggs Brothers agreed to a contract under which Gordon Co would perform specified work on the Project in consideration of payment specified in the Proposal.

45. Gordon Co performed its work under the contract, including as set forth in invoice 82222, and Briggs Brothers accepted it.

46. Briggs Brothers is indebted to Gordon Co in the amount of $266,929.50 under the parties' contract.

47. Briggs Brothers has materially breached the contract by failing to make payment in full to Gordon Co.

## COUNT II
## UNJUST ENRICHMENT (IN THE ALTERNATIVE)

48. Gordon Co incorporates by reference the allegations in paragraphs 6 to 41 above by reference.

49. Briggs Brothers induced and encouraged Gordon Co to provide valuable materials and services in connection with the Project.

50. Briggs Brothers promised to pay Gordon Co for those materials and services, and Gordon Co relied on this promise.

51. Gordon Co provided valuable materials and services to Briggs Brothers in connection with the Project and expected Briggs Brothers to pay it for those materials and services.

52. The materials and services Gordon Co provided to Briggs Brothers are set out in invoice 82222.

53. Briggs Brothers knew Gordon Co was providing valuable materials and services on the Project and accepted the materials and services Gordon Co provided, which have a value of $266,929.50.

54. Inequity can be avoided only if Briggs Brothers pays Gordon Co for the value of the material and services it provided under the doctrine of unjust enrichment.

## COUNT III
## QUANTUM MERUIT (IN THE ALTERNATIVE)

55. Gordon Co incorporates by reference the allegations in paragraphs 6 to 41 above by reference.

56. Gordon Co rendered valuable services and provided valuable materials to Briggs Brothers on the Project as requested by Briggs Brothers and/or Briggs Brothers was aware Gordon Co. was providing the materials and services and did not object.

57. The services and materials Gordon Co provided Briggs Brothers are set forth in invoice 82222.

58. Briggs Brothers knowingly accepted and received the benefit of Gordon Co's material and services, which have a value of $266,929.50.

59. Gordon Co. expected Briggs Brothers to pay it for the goods and materials when they were provided to Briggs Brothers on the Project.

60. Equity requires that Briggs Brothers compensate Gordon Co for the value of the services Briggs Brothers received.

61. Briggs Brothers is indebted to Gordon Co under the doctrine of quantum meruit in the amount of $266,929.50.

## COUNT IV
## ATTORNEY'S FEES

62. Gordon Co incorporates by reference the allegations in paragraphs 6 to 41 above by reference.

63. Briggs Brothers has acted in bad faith, has been stubbornly litigious, and has caused Gordon Co unnecessary trouble and expense entitling Gordon Co.

to an award of attorney's fees and expenses of litigation pursuant to O.C.G.A. § 13-6-11.

**WHEREFORE**, Gordon Co prays for:

A. Judgment for Gordon Co and against Briggs Brothers on Count One (breach of contract) in the amount of $266,929.50, plus interest and costs;

B. Judgment for Gordon Co and against Briggs Brothers on Count Two (unjust enrichment) in the amount of $266,929.50, plus interest and costs;

C. Judgment for Gordon Co and against Briggs Brothers on Count Three (quantum meruit) in the amount of $266,929.50, plus interest and costs;

D. An award of attorney's fees, expenses of litigation and costs pursuant to O.C.G.A. § 13-6-11;

E. Prejudgment interest as authorized under O.C.G.A. §§ 7-4-15, 7-4-16, 13-6-13 and/or otherwise; and

F. Such other and further relief as the Court deems just and proper.

Respectfully submitted, this 24th day of February, 2023.

/s/ *Charles K. McKnight Jr.*
Charles K. McKnight Jr.
Georgia Bar No. 495810
cmcknight@taylorenglish.com
Natalie N. Mark
Georgia Bar No. 578525
nmark@taylorenglish.com

12

TAYLOR ENGLISH DUMA LLP
1600 Parkwood Circle, Suite 200
Atlanta, Georgia 30339
(770) 434-6868 (telephone)
(770) 434-7376 (facsimile)

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), counsel certifies that the foregoing was prepared in Times New Roman, 14-point font, in compliance with Local Rule 5.1(C).

*/s/ Charles K. McKnight Jr.*
Charles K. McKnight Jr.