EXHIBIT 3

CLERK OF STATE COURT
GWINNETT COUNTY, GEORG
**23-C-00584-S**
1/26/2023 12:11 PI
TIANA P. GARNER, CLER

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | |
|---|---|
| ARSHANTI WILLIAMS | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION |
| | ) FILE NO:   23-C-00584-S6 |
| CHIPOTLE MEXICAN GRILL, INC. | ) |
| | ) |
| Defendant. | ) |
| | ) |

**COMPLAINT AND JURY DEMAND**

COMES NOW, ARSHANTI WILLIAMS (hereinafter referred to as "Plaintiff"), by and through the undersigned counsel and hereby files this Complaint against CHIPOTLE MEXICAN GRILL, INC. (hereinafter referred to as Defendant), and shows this Honorable Court as following:

**INTRODUCTION**

1.

Served with this Complaint are the following:  Notice of Deposition, Plaintiff's Interrogatories to Defendant, Plaintiff's Request of Production to Defendant, and Plaintiff's Request for Admission to Defendant.

**PARTIES, JURISDICTION AND VENUE**

Plaintiff re-alleges and incorporates the above stated paragraphs as fully set forth herein.

2.

Plaintiff is an individual and resident of Georgia and submits to the jurisdiction and venue of this Court.

3.

Defendant is a foreign corporation which transacts business in Georgia. Its registered agent Corporation Service Company may be served with service of process at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

4.

Venue is proper because Defendant has sufficient business contacts in Gwinnett county, the subject incident, and injury occurred in Gwinnett County, Georgia pursuant to O.C.G.A. §14-2-510.

### FACTS APPLICABLE TO ALL CLAIMS

Plaintiff re-alleges and incorporates the above stated paragraphs as fully set forth herein.

5.

On or about June 18, 2021, the date of her injuries, Arshanti Williams was walking in the Defendant's store, "Chipotle", located at 5485 Jimmy Carter Blvd, Suite 300, Norcross, GA 30093.

6.

At all times relevant, Plaintiff was a customer of Defendant's store during business hours and therefore is classified as an invitee.

7.

Plaintiff slipped and fell on a foreign liquid found in Defendant store's aisle. At no point prior to her fall did Plaintiff see the liquid on the ground of Defendant's store.

8.

There were no signs, cones or other warnings in the area of the foreign liquid at the time of the fall.

9.

Defendant had exclusive ownership, possession and control over Defendant's store located at 5485 Jimmy Carter Blvd, Suite 300, Norcross, GA 30093 at all times relevant to this litigation.

10.

As a result of plaintiff's fall, she suffered numerous painful injuries, including but not limited to: neck pain, shoulder pain, hand and rib pain, and lower back pain.

11.

As a result of Defendant's failure to properly inspect the area where Plaintiff fell, failure to remove the hazardous condition, and/or failure to take adequate measures to protect invitees, Plaintiff was injured and has incurred prior medical expenses of at least **$164,287.00** the exact amount of which shall be determined prior to trial.

12.

As a result of Defendant's failure to properly inspect the area where Plaintiff fell, failure to remove the hazardous condition, and/or failure to take adequate measures to protect invitees, Plaintiff was injured and will incur future medical expenses, the exact amount, of which shall be determined prior to trial.

| | |
|---|---|
| Spine Center Atlanta | $148,264.37 |
| Piedmont Urgent Care By WellStreet- Norcross/ Peachtree Corners | $806.63 |
| Georgia Accident Injury Centers | $8,541.00 |
| Advanced Imaging Centers | $6,675.00 |
| **Total** | **$164,287.00** |

## COUNT 1
## NEGLIGENCE

Plaintiff re-alleges and incorporates the above stated paragraphs as fully set forth herein.

13.

Plaintiff was an invitee on the Defendant's premises at the time of the fall.

14.

Defendant owed a non-delegable duty of reasonable care in keeping the premises safe for invitees such as Plaintiff pursuant to O.C.G.A. § 51-3-1.

15.

Defendant was negligent in failing to properly inspect the area where the fall occurred, in failing to remove the hazard from the floor, in failing to take adequate measures to protect invitees from substances on the floor and in failing to keep the premises safe for invitees.

16.

At all times pertinent Defendant had superior knowledge of the subject hazard and took insufficient steps to protect their invitees within their premises.

17.

At all times pertinent Defendant knew or should have known of the subject hazard and took insufficient steps to protect their invitees within their premises.

18.

Defendant's negligence was the proximate cause of Plaintiff's injuries.

19.

Plaintiff was at all times assured her safety and was without fault in causing the aforementioned injury.

## COUNT 2
## VICARIOUS LIABILITY

Plaintiff re-alleges and incorporates the above stated paragraphs as fully set forth herein.

20.

At all times relevant to this action, the individuals responsible for inspecting, cleaning and maintaining the area where Plaintiff fell were employed by Defendant and were acting within the scope of their employment.

21.

Defendant is responsible for the conduct of these individuals under the doctrine of *respondeat superior*, agency or apparent agency.

## COUNT 3
## NEGLIGENT TRAINING & SUPERVISION

22.

Plaintiff re-alleges and incorporates the above stated paragraphs as fully set forth herein.

23.

Defendant was negligent in failing to adopt and follow appropriate policies and procedures to make sure that appropriate inspections, cleaning and maintenance were performed on the premises and in failing to train its employees concerning safety procedures for inspecting, cleaning and maintaining the premises.

24.

Defendant was negligent in training and supervising its staff.

25.

As a direct result of Defendant's negligence in training and supervising its employees, plaintiff was injured on the premises.

**WHEREFORE**, Plaintiff prays that she have a trial on all issues and judgment against Defendant as follows:

(a) That Plaintiff recover the full value of past and future medical expenses and past and future lost wages in an amount to be proven at trial;

(b) That Plaintiff recover for mental and physical pain and suffering and emotional distress in an amount to be determined by the enlightened conscience of the jury;

(c) That Plaintiff recover such other and further relief as is just and proper;

(d) That attorney's fees be awarded for any assertion of frivolous claims or defenses pursuant to O.C.G.A. § 13-6-11 & O.C.G.A. § 9-15-14; and

(e) That all issues be tried before a jury of twelve.

This 19th day of January, 2023.

                                                    **NICK SCHNYDER LAW FIRM, LLC**

                                                    By: /s/ Drew Gilliland
                                                    Drew Gilliland, Esq.
                                                    Georgia Bar No. 116570
                                                    Attorney for Plaintiff

351 Atlanta Street SE
Marietta GA 30060
Phone: 404-902-3553
Fax: 404-341-9969
nick@schnyderlawfirm.com