# EXHIBIT 4

FILED IN OFFICE
CLERK OF STATE COURT
GWINNETT COUNTY, GEORG
23-C-00584-S
1/26/2023 12:11 PI
TIANA P. GARNER, CLER

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| ARSHANTI WILLIAMS | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    CIVIL ACTION |
| | )    FILE NO:    23-C-00584-S6 |
| CHIPOTLE MEXICAN GRILL, INC. | ) |
| | ) |
|     Defendant. | ) |
| | ) |

### PLAINTIFF'S FIRST CONTINUING INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT

**COMES NOW**, COMES NOW, ARSHANTI WILLIAMS (hereinafter referred to as "Plaintiff"), by and through the undersigned counsel pursuant to the Georgia Civil Practice Act. Defendant is required to answer these interrogatories separately and fully in writing under oath and to serve a copy of its answers upon counsel for Plaintiff within thirty-three (33) days after service of these interrogatories by mail or forty-five (45) days after personal service.

### INSTRUCTIONS

These interrogatories shall be deemed continuing and shall require supplemental answers. If you produce business records, pursuant to or in lieu of answering any interrogatory, you must specify the business records from which the answer to the interrogatory may be derived or ascertained and afford Plaintiff reasonable opportunity to examine, audit, or inspect such records and to make copies, compilations, abstracts, or summaries.

In answering the following interrogatories, you are requested to give full and complete answers based upon your personal knowledge as well as that of any agent, employee, investigator, or attorney who has obtained information on your behalf.

(A) Each interrogatory shall be answered separately and under oath. If any answer is based upon information and belief rather than personal knowledge, it should state that it is made on that basis.

(B) If the complete answer to an interrogatory is not known, state and answer as fully as possible each part of the interrogatory to which an answer is known.

(C) If any information is withheld under any claim of privilege:

> (i) State the basis upon which privilege is claimed;
>
> (ii) Identify, as defined below, the source of the information;
>
> (iii) Identify, as defined below, each person from whom the information was obtained;
>
> (iv) Identify, as defined below, every document which evidences or relates to such information; and
>
> (v) State the subject matter of the information sufficient for purposes of identification.

## DEFINITIONS

(A) As used herein, "Defendant," "you," and "your" refers to Defendant, CHIPOTLE MEXICAN GRILL INC., separately and individually, and any attorneys, agents, or representatives of any kind acting on his behalf.

(B) As used herein, the word "document" shall mean every writing or record, however produced, reproduced, or preserved, including, but not limited to, books, pamphlets, periodicals, letters, memoranda, telegrams, reports, records, studies, interoffice or intra-office communications, memoranda reflecting oral communications, handwritten or other notes, work papers, drafts, applications, permits, charts, drawing papers, graphs, surveys, indices, tapes, discs, data sheets, data processing cards, computer printouts, software and other

computer related materials, and every other written, typed, recorded, transcribed, filed, or graphic matter of any type or nature.

(C) As used herein, the word "person" shall mean any and all individuals, firms, partnerships, corporations, proprietorships, joint ventures, associations, governmental units, trusts, estates, and every other type of organization or entity.

(D) As used herein, the word "date" shall mean the exact day, month, and year, if ascertainable; otherwise, the word "date" shall mean the best available approximation (including the relationship to other events).

(E) As used herein, the word "identify," when used in reference to:

(1) An individual, shall mean to state his or her full name, present or last known residence address (designating which), and present or last known business affiliation (designating which), job title and employment address, and present or last known telephone numbers for such residence and employers.

(2) A firm, partnership, corporation, proprietorship, association, or other organization or entity, shall mean to state its full name and present or last known (designating which) address(es) and telephone number(s).

(3) A document, shall mean to state the title (if any) and date; to identify, as defined above, the author(s), sender(s), recipient(s), person(s) signing it; to state the type of document (i.e., a letter, memorandum, book, telegraph, chart, etc.) or some better means of identifying it; and to provide a summary of its contents (except that if a privilege is claimed, provide a description of the subject matter sufficient for identification). If any document so identified was, but is no longer, in your possession, custody, or control, state what disposition was made of it, when, why, by

whom, and if applicable, identify to whom it was transmitted and identify the last

known person having possession of it and state its last known location. In the case of

a document within your (as defined above) possession, custody, or control, state

whether you will make it available to the undersigned attorneys for inspection and/or

copying.

(F) As used herein, "Occurrence" refers to the incident(s), collision(s), or event(s) that give

rise to this lawsuit; specifically, the collision alleged in Plaintiff's Complaint.

(G) In these requests, the singular includes the plural; the plural includes the singular; the

masculine includes the feminine; and the feminine includes the masculine.

## **INTERROGATORIES**

1.

State the name and address of any person, including any party, who, to your knowledge, information or belief:

    (a)      Was an eyewitness to the incident complained of in this action;

    (b)      Has some knowledge of any fact or circumstance upon which your defense is based;

    (c)      Has conducted any investigation relating to the incident complained of or the background, employment, medical history or activities of Plaintiff.

2.

To your knowledge, information or belief, has any person identified in answering the preceding interrogatory given any statement or report in connection with this action? If so, describe such statement or report and give the name and address of the person having custody and control thereof.

3.

Thirty days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of Nick Schnyder Law Firm 13 C West Park Square Marietta GA 30060 all such statements or reports. In lieu thereof, you may attach copies to your answers to these interrogatories.

4.

Please identify any entity or person with any financial interest, lease or ownership interest in the premises where the incident occurred on the date of the incident.

5.

To your knowledge, information or belief, are there any videotapes, photographs, plats or drawings of the scene of the incident referred to in the complaint? If so, please describe such videotapes, photographs, plats or drawings and give the name and address of the person having custody and control thereof.

6.

Thirty days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of Nick Schnyder Law Firm 13 C West Park Square Marietta GA 30060 all such videotapes, photographs, plats or drawings. In lieu thereof, you may attach copies to your answers to these interrogatories.

7.

Have there been any incidents involving falls at the store or approaches to the store for the five-year period preceding this incident and the one-year period subsequent to this incident? If so, please state:

    (a)     Date of incident (June 18,2021 );

    (b)     Name, address and telephone number of injured person;

    (c)     Description of incident.

8.

Thirty days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of Nick Schnyder Law Firm 13 C West Park Square Marietta GA 30060 any incident report, memoranda, handwritten note or other documents or materials concerning, referencing or describing any incident referenced in the response to the preceding paragraph. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

9.

Please state the identity of each person working on the premises (hereinafter 650 Rockbridge Road Lilburn Georgia 30047) with any duties for the area where this incident occurred on the date of this incident.

10.

Has any entity issued a policy of liability insurance to Defendant? If so, state the names of all insurers providing liability insurance and give the limits of coverage of each such policy.

11.

Has any insurer referred to above denied coverage or reserved its right to later deny coverage under any such policy of liability insurance? If so, please explain.

12.

Do you contend that Plaintiff caused or contributed to the incident in question? If so, state with particularity each and every contention made in this regard.

13.

If you intend to call any expert or technician as a witness at the trial of this action, state the subject matter on which he/she is expected to testify and state in detail the opinions held by each such expert or technician and give a complete summary of the grounds for each opinion held.

14.

Thirty days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of Nick Schnyder Law Firm 13 C West Park Square Marietta GA 30060 any videotape, photograph, report, data, memoranda, handwritten notes or other document reviewed by or generated by an individual identified in response to the preceding interrogatory. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

15.

Thirty days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of Nick Schnyder Law Firm 13 C West Park Square Marietta GA 30060 any documents obtained through a request for production of documents or subpoena. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

16.

Please state in detail any policies and procedures concerning the inspection, cleaning or maintenance of the area (including creating logs or reports) where this incident occurred.

17.

Thirty days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of Nick Schnyder Law Firm 13 C West Park Square Marietta GA 30060 any and all guidelines, manuals, memoranda or other documents evidencing any policy or procedure identified in response to the preceding interrogatory. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

18.

Thirty days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of Nick Schnyder Law Firm 13 C West Park Square Marietta GA 30060 any and all policy and procedure manuals given to Defendant's employees. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

19.

In regard to any document that has not been produced on grounds of privilege, please state the following:

(a) The date each document was generated;

(b) The person generating each document;

(c) The present custodian of each document;

(d) A description of each document.

20.

Thirty days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of Nick Schnyder Law Firm 13 C West Park Square Marietta GA 30060 any videotapes, photographs, correspondence, memoranda, records, files, or other documents or tangible evidence concerning, referencing or depicting Plaintiff or the incident in question. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

21.

Please identify each and every person working for Defendant on the premises where this incident occurred on the day of the incident described in the complaint, including the person's name, current address, current employer and telephone number.

22.

Thirty days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of Nick Schnyder Law Firm 13 C West Park Square Marietta GA 30060 the payroll records for Defendant's employees on the premises for the day of the incident and the one-week period prior to and subsequent to the incident.

23.

Have their ever been any complaints made about the area where this incident occurred? If so, please state:

(a)     The date(s) of each complaint;

(b)     The person(s) making each complaint;

(c)     The nature of each complaint;

(d)     Any action taken as a result of each complaint.

24.

Thirty days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of Nick Schnyder Law Firm 13 C West Park Square Marietta GA 30060 any correspondence, memoranda, report, record or other documents concerning, referencing or depicting any complaints identified in response to the preceding interrogatory.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

25.

Thirty days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of Nick Schnyder Law Firm 13 C West Park Square Marietta GA 30060 any incident report or other report concerning the incident described in the complaint.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

26.

Thirty days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of Nick Schnyder Law Firm 13 C West Park Square Marietta GA 30060 any maps, schematics, diagrams, drawings or other similar documents showing the layout of the area

where this incident occurred.  In lieu thereof, you may attach copies to your answers to these interrogatories.

27.

Were there any contracts or agreements with other individuals or entities regarding the maintenance, inspection or security of the property where Plaintiff fell as described in the complaint?  If so, state:

(a)     The identity of the contracting parties;

(b)     The address and telephone number of the contracting parties;

(c)     The duties of the contracting parties.

28.

Thirty days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of Nick Schnyder Law Firm 13 C West Park Square Marietta GA 30060 any and all leases or contracts with outside contractors or agencies for performance of maintenance services in the area where Plaintiff fell.  In lieu thereof, you may attach copies to your answers to these interrogatories.

29.

Please identify each and every witness or employee in the vicinity of the area where Plaintiff fell at the time of the incident.  In regard to each employee, please state:

(a)     The name of each person;

(b)     The address of each person;

(c)     The telephone number of each person;

(d)     The shift worked by each person if an employee;

(e)     The job duties and responsibilities of each person if an employee.

30.

Thirty days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of Nick Schnyder Law Firm 13 C West Park Square Marietta GA 30060 any e-mail, interoffice correspondence, memoranda, report, telephone log, message or other documents concerning Plaintiff.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

31.

Thirty days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of Nick Schnyder Law Firm 13 C West Park Square Marietta GA 30060 any invoices, records, proposals, work orders, maintenance records or other documents for work performed in the area where this incident occurred in the last five years. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

32.

Thirty days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of Nick Schnyder Law Firm 13 C West Park Square Marietta GA 30060 any changes made to policies, procedures, protocols, rules, regulations and guidelines since this incident. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

33.

Thirty days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of Nick Schnyder Law Firm 13 C West Park Square Marietta GA 30060 any surveillance videos taken on the day of the incident. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

34.

Thirty days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of Nick Schnyder Law Firm 13 C West Park Square Marietta GA 30060 any maintenance records, work orders or other documents concerning the area where this incident occurred for the past five years. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

35.

Please describe any inspection procedures utilized in regard to the area where this incident occurred.

36.

Thirty days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of Nick Schnyder Law Firm 13 C West Park Square Marietta GA 30060 any daily, weekly, monthly or annual inspection reports or audits or any other inspection reports for the area where this incident occurred for the past five years. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

37.

Have there been any audits, inspections or evaluations of the area where Plaintiff fell for the past five years?

38.

Thirty days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of Nick Schnyder Law Firm 13 C West Park Square Marietta GA 30060 any invoices, receipts, change orders, work orders, spreadsheets, computer documents or other records concerning any audits, evaluations, maintenance, cleaning or inspections of the area where Plaintiff fell for the past five years.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

## REQUEST FOR PRODUCTION OF DOCUMENTS

COMES NOW, COMES NOW, ARSHANTI WILLIAMS (hereinafter referred to as "Plaintiff"), by and through the undersigned counsel pursuant to O.C.G.A. § 9-11-26, § 9-11-34, and F.R.C.P. 34, serves this First Request for Production of Documents and Notice To Produce Originals at Trial pursuant to O.C.G.A. § 24-10-26 to the above stated Defendant. Defendant is required to comply with said Code sections as follows:

## I.   **INSTRUCTIONS**

If any document is withheld under any claim of privilege, each and every document for which a privilege is claimed shall be identified by providing the following information:

(a)   date of creation,

(b)   every person known to have seen such document or to have been told of the contents of such document,

(c)   the subject matter of such document sufficient for identification, and

(d)   the basis upon which such privilege is claimed.

If any document so identified was, but is no longer, in you possession, custody or control, state what disposition was made of it, when, why, by whom, and if applicable, identify to whom it was transmitted and identify the last known person having possession of it and its last known location.

This request for production of documents shall be continuing as required by O.C.G.A. § 9-11-26(e).

All documents produced pursuant to this request shall be produced in separate groups of documents responsive to each separate request.

All definitions set forth below shall be carefully followed:

## II.   **DEFINITIONS**

(1)     "Person" shall mean natural person, corporation, partnership, proprietorship, association, organization, or group of persons.

(2)     "Document" shall mean every writing or record, however produced, reproduced, or preserved, including, but not limited to, books, pamphlets, periodicals, letters, memoranda, telegrams, reports, records, studies, intra-office or interoffice communications, memoranda reflecting oral communications, handwritten or other notes, work papers, drafts, applications, permits, charts, drawing papers, graphs, surveys, indices, tapes, microfilm, microfiche, discs, data sheets, data processing cards, computer printouts, software and other computer-related materials, photographs, negatives, film, and every other written, typed, recorded, transcribed, filed, or graphic matter.

(3)     As used herein, "Defendant", "you" and "your" refers to Defendant, individually, and any attorneys, agents, employees, contractors, or representatives of any kind that have acted or that are acting on his or her behalf.

(4)     As used herein, the term "Occurrences" refers to the incidents or events that give rise to this lawsuit; specifically, the assault and battery alleged in Plaintiff Complaint.

(5)     In these requests, the singular includes the plural; the plural includes the singular; the masculine includes the feminine; the feminine includes the masculine.

## REQUEST FOR PRODUCTION OF DOCUMENTS

1.

Please produce any and all documents used in the preparation and response to Plaintiff'

Interrogatories to Defendant.

2.

Please produce any reports or documents created by you relating to the incident, which

forms the subject of this lawsuit.

3.

Please produce any documents relating to your ownership of real and/or personal

property including bank statements, deeds, bills of sale, investment accounts, etc.

4.

Please produce a copy of any insurance documents (including the full policy) that may

provide indemnification for the claim asserted against you regardless of whether you believe it

affords coverage or not; including all home owner or renter's insurance or umbrella policies.

5.

Please produce all photographs, videos, charts, or drawings referenced in Plaintiff's

interrogatories.

6.

Please produce all receipts of purchases made while at the subject store.

7.

Please produce a copy of any and all statements previously made by any employee, agent,

or representative of Defendant concerning the fall in question, including any written statement

signed, and any stenographic, mechanical, electrical, or other such recording, or any transcription thereof.

8.

Please produce a copy of any reports including incident reports, accident reports or other documents compiled as a result of any investigation conducted by Defendant or on Defendant's behalf in connection with the fall complained of in Plaintiff's complaint.

9.

All documents and transcripts concerning judicial, quasi judicial, or administrative charges and hearings concerning the occurrences alleged in the Complaint or similar occurrences to those alleged in the Complaint within the last five (5) years.

10.

The declaration pages and a full copy of all insurance policies including umbrella policies which affords Defendant insurance on the date of incident, whether or not it is your opinion it offers coverage for this incident.

11.

All government statutes, ordinances, standards, regulations and other laws that you contend support your defenses in this matter.

12.

All reports, correspondence, memos, notes, photos, exhibits and other documents embodying observations, calculations, illustrations and opinions from experts who may testify at trial concerning these occurrences or other subject matter involved in this lawsuit.

13.

All documents (including text messages or apologies) that relate to any attempts made by Defendant to resolve the matters that form the basis for this lawsuit.

14.

Any document prepared as a result of the incident complained of in Plaintiff's Complaint including memorandums, emails, investigations, text message, social media, facebook posts etc.

15.

Any documents relating to any communication between you, or anyone acting on your behalf, with any of Plaintiff's doctors, hospitals, or other healthcare providers concerning Plaintiff's condition <u>after</u> the happening of the subject injury.

16.

Any and all policies and procedures in place at the subject store pertaining to the maintenance, inspection, and cleaning of the subject store including any and all changes made to the policies after the subject injury.

17.

List of all employees who were present on June 18, 2021, the times they clocked in, what roles

and titles they possessed, and if they have any knowledge regarding the subject hazard or fall.

NICK SCHNYDER LAW FIRM, LLC

By: _____

Nicholas Schnyder, Esq.
Georgia Bar No. 576115
Attorney for Plaintiff

351 Atlanta Street Se
Marietta GA 30060
Phone: 404-902-3553
Fax:  404-341-9969
nick@schnyderlawfirm.com

FILED IN OFFICE
CLERK OF STATE COURT
GWINNETT COUNTY, GEORG
**23-C-00584-S**
**1/26/2023 12:11 PI**
TIANA P. GARNER, CLER

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

ARSHANTI WILLIAMS                    )
                                     )
     Plaintiff,                      )
                                     )
v.                                   )          CIVIL ACTION
                                     )          FILE NO:
CHIPOTLE MEXICAN GRILL, INC.         )
                                     )              23-C-00584-S6
     Defendant.                      )
                                     )

### PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT

**COMES NOW**, Arshanti Williams (hereinafter referred to as "Plaintiff"), in the above-styled action, by and through her undersigned attorney, pursuant to O.C.G.A. 9-11-36, and serves upon Defendant this Plaintiff's First Request for Admissions to Defendant.

Answers should specifically admit or deny the matter, or set forth in detail the reasons why Defendant cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that Defendant qualify an answer or deny only a part of the matter of which an admission is requested, Defendant shall specify so much of it as is true and qualify or deny the remainder. Defendant may not give lack of information or knowledge as a reason for failure to admit or deny unless Plaintiff state that he/she has made reasonable inquiry and that the information known or readily obtainable is insufficient to enable the party to admit or deny.

Defendant is advised that if they fail to admit the truth of any matter as requested, and if Plaintiff thereafter proves the truth of the matter, Plaintiff will apply to the Court for an order requiring Defendant to pay the reasonable expenses incurred in making that proof, including reasonable attorney's fees.

### Admissions

1.

Admit that Defendant knew on or about October 12, 2021, that the foreign liquid that
Plaintiff fell was in Defendant's store near the register prior to Plaintiff's fall.

2.

Admit that on or about October 12, 2021, Plaintiff was an invitee while on the property
located at 650 Rockbridge Road Lilburn Georgia 30047.

3.

Admit that on or about October 12, 2021, Plaintiff was not trespassing while on the property
located at 650 Rockbridge Road Lilburn Georgia 30047.

4.

Admit that at all times relevant the subject area where the Plaintiff fell was not inspected for
hazards on October 12, 2021 within 30 minutes prior to the subject injury.

5.

Admit that at all times relevant the subject area where the Plaintiff fell was not inspected for
hazards within one hour of the subject fall.

6.

Admit that on or about October 12, 2021, Defendant had superior knowledge of the subject
liquid than Plaintiff.

7.

Admit that Defendant should have known that the subject liquid in Defendant's store was
present prior to Plaintiff's fall.

8.

Admit that Defendant's registered agent was served with Plaintiff' Request for Admissions, Request for Production of Documents, Request for Interrogatories, and Notice of Deposition in the above styled case.

9.

Admit that on or about October 12, 2021, Defendant maintained and/or was covered by insurance for the alleged liability.

10.

Admit that it was the responsibility of Defendant to assure the subject area was free of hazards.

11.

Admit that the subject area contained a hazard that resulted in the Plaintiff's injuries.

12.

Admit that Defendant had no policies or procedures in place to assure the routine inspection of the subject area located at 650 Rockbridge Road Lilburn Georgia 30047.

13.

Admit that all employees in the subject store on October 12, 2021 Defendant were working for the benefit and in furtherance of Defendant.

14.

Admit that venue is proper in this case.

3

15.

Admit that Defendant's registered agent was personally served with the Complaint and
Summons.

16.

Admit that at all times relevant, Defendants' employees were acting within the scope of their
employment.

17.

Admit that Defendant is liable for the negligence of its employees or agents in the scope of
their employment pursuant to the doctrine of respondeat superior.

18.

Admit that Plaintiff has not traversed the subject hazard prior to the subject injury.

19.

Admit that Defendant has video recording footage of the subject injury occurring.

20.

Admit that Defendant's agents approached Plaintiff after the fall and stated they meant to
clean the hazard substance up prior to Plaintiff's fall.

21.

Admit that Defedant knew of the foreign substance prior to Plaintiff's fall but failed to warn
Plaintiff of its presence.

22.

Admit that Defendant's agents approached Plaintiff immediately after the fall and acknowledged they knew the foreign substance was there prior to her fall.

Respectfully submitted this 8 day of September, 2019.

NICK SCHNYDER LAW FIRM, LLC

By: _____

Nicholas Schnyder, Esq.
Georgia Bar No. 576115
Attorney for Plaintiff

351Atlanta Street Se
Marietta GA 30060
Phone: 404-902-3553
Fax:  404-341-9969
nick@schnyderlawfirm.com

FILED IN OFFICE
CLERK OF STATE COURT
GWINNETT COUNTY, GEORG
**23-C-00584-S**
**1/26/2023 12:11 PI**
TIANA P. GARNER, CLER

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

ARSHANTI WILLIAMS )
           )
       Plaintiff, )
           )
v. )      CIVIL ACTION
           )      FILE NO:      23-C-00584-S6
CHIPOTLE MEXICAN GRILL, INC. )
           )
       Defendant. )
           )

### PLAINTIFF'S FIRST CONTINUING INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT

**COMES NOW**, COMES NOW, ARSHANTI WILLIAMS (hereinafter referred to as "Plaintiff"), by and through the undersigned counsel pursuant to the Georgia Civil Practice Act. Defendant is required to answer these interrogatories separately and fully in writing under oath and to serve a copy of its answers upon counsel for Plaintiff within thirty-three (33) days after service of these interrogatories by mail or forty-five (45) days after personal service.

### INSTRUCTIONS

These interrogatories shall be deemed continuing and shall require supplemental answers. If you produce business records, pursuant to or in lieu of answering any interrogatory, you must specify the business records from which the answer to the interrogatory may be derived or ascertained and afford Plaintiff reasonable opportunity to examine, audit, or inspect such records and to make copies, compilations, abstracts, or summaries.

In answering the following interrogatories, you are requested to give full and complete answers based upon your personal knowledge as well as that of any agent, employee, investigator, or attorney who has obtained information on your behalf.

(A) Each interrogatory shall be answered separately and under oath. If any answer is based upon information and belief rather than personal knowledge, it should state that it is made on that basis.

(B) If the complete answer to an interrogatory is not known, state and answer as fully as possible each part of the interrogatory to which an answer is known.

(C) If any information is withheld under any claim of privilege:

>    (i) State the basis upon which privilege is claimed;

>    (ii) Identify, as defined below, the source of the information;

>    (iii) Identify, as defined below, each person from whom the information was obtained;

>    (iv) Identify, as defined below, every document which evidences or relates to such information; and

>    (v) State the subject matter of the information sufficient for purposes of identification.

## DEFINITIONS

(A) As used herein, "Defendant," "you," and "your" refers to Defendant, CHIPOTLE MEXICAN GRILL INC., separately and individually, and any attorneys, agents, or representatives of any kind acting on his behalf.

(B) As used herein, the word "document" shall mean every writing or record, however produced, reproduced, or preserved, including, but not limited to, books, pamphlets, periodicals, letters, memoranda, telegrams, reports, records, studies, interoffice or intra-office communications, memoranda reflecting oral communications, handwritten or other notes, work papers, drafts, applications, permits, charts, drawing papers, graphs, surveys, indices, tapes, discs, data sheets, data processing cards, computer printouts, software and other

-2-

computer related materials, and every other written, typed, recorded, transcribed, filed, or graphic matter of any type or nature.

(C) As used herein, the word "person" shall mean any and all individuals, firms, partnerships, corporations, proprietorships, joint ventures, associations, governmental units, trusts, estates, and every other type of organization or entity.

(D) As used herein, the word "date" shall mean the exact day, month, and year, if ascertainable; otherwise, the word "date" shall mean the best available approximation (including the relationship to other events).

(E) As used herein, the word "identify," when used in reference to:

> (1) An individual, shall mean to state his or her full name, present or last known residence address (designating which), and present or last known business affiliation (designating which), job title and employment address, and present or last known telephone numbers for such residence and employers.

> (2) A firm, partnership, corporation, proprietorship, association, or other organization or entity, shall mean to state its full name and present or last known (designating which) address(es) and telephone number(s).

> (3) A document, shall mean to state the title (if any) and date; to identify, as defined above, the author(s), sender(s), recipient(s), person(s) signing it; to state  the type of document (i.e., a letter, memorandum, book, telegraph, chart, etc.) or some better means of identifying it; and to provide a summary of its contents (except that if a privilege is claimed, provide a description of the subject matter sufficient for identification). If any document so identified was, but is no longer, in your possession, custody, or control, state what disposition was made of it, when, why, by

-3-

whom, and if applicable, identify to whom it was transmitted and identify the last known person having possession of it and state its last known location. In the case of a document within your (as defined above) possession, custody, or control, state whether you will make it available to the undersigned attorneys for inspection and/or copying.

(F) As used herein, "Occurrence" refers to the incident(s), collision(s), or event(s) that give rise to this lawsuit; specifically, the collision alleged in Plaintiff's Complaint.

(G) In these requests, the singular includes the plural; the plural includes the singular; the masculine includes the feminine; and the feminine includes the masculine.

## **INTERROGATORIES**

### 1.

State the name and address of any person, including any party, who, to your knowledge, information or belief:

   (a)   Was an eyewitness to the incident complained of in this action;

   (b)   Has some knowledge of any fact or circumstance upon which your defense is based;

   (c)   Has conducted any investigation relating to the incident complained of or the background, employment, medical history or activities of Plaintiff.

### 2.

To your knowledge, information or belief, has any person identified in answering the preceding interrogatory given any statement or report in connection with this action? If so, describe such statement or report and give the name and address of the person having custody and control thereof.

### 3.

Thirty days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of Nick Schnyder Law Firm 13 C West Park Square Marietta GA 30060 all such statements or reports. In lieu thereof, you may attach copies to your answers to these interrogatories.

4.

Please identify any entity or person with any financial interest, lease or ownership interest in the premises where the incident occurred on the date of the incident.

5.

To your knowledge, information or belief, are there any videotapes, photographs, plats or drawings of the scene of the incident referred to in the complaint? If so, please describe such videotapes, photographs, plats or drawings and give the name and address of the person having custody and control thereof.

6.

Thirty days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of Nick Schnyder Law Firm 13 C West Park Square Marietta GA 30060 all such videotapes, photographs, plats or drawings. In lieu thereof, you may attach copies to your answers to these interrogatories.

7.

Have there been any incidents involving falls at the store or approaches to the store for the five-year period preceding this incident and the one-year period subsequent to this incident? If so, please state:

    (a)     Date of incident (October 12, 2021);

    (b)     Name, address and telephone number of injured person;

    (c)     Description of incident.

8.

Thirty days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of Nick Schnyder Law Firm 13 C West Park Square Marietta GA 30060 any incident report, memoranda, handwritten note or other documents or materials concerning, referencing or describing any incident referenced in the response to the preceding paragraph. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

9.

Please state the identity of each person working on the premises (hereinafter 650 Rockbridge Road Lilburn Georgia 30047) with any duties for the area where this incident occurred on the date of this incident.

10.

Has any entity issued a policy of liability insurance to Defendant?  If so, state the names of all insurers providing liability insurance and give the limits of coverage of each such policy.

11.

Has any insurer referred to above denied coverage or reserved its right to later deny coverage under any such policy of liability insurance?  If so, please explain.

12.

Do you contend that Plaintiff caused or contributed to the incident in question?  If so, state with particularity each and every contention made in this regard.

13.

If you intend to call any expert or technician as a witness at the trial of this action, state the subject matter on which he/she is expected to testify and state in detail the opinions held by each such expert or technician and give a complete summary of the grounds for each opinion held.

14.

Thirty days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of Nick Schnyder Law Firm 13 C West Park Square Marietta GA 30060 any videotape, photograph, report, data, memoranda, handwritten notes or other document reviewed by or generated by an individual identified in response to the preceding interrogatory.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

15.

Thirty days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of Nick Schnyder Law Firm 13 C West Park Square Marietta GA 30060 any documents obtained through a request for production of documents or subpoena.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

16.

Please state in detail any policies and procedures concerning the inspection, cleaning or maintenance of the area (including creating logs or reports) where this incident occurred.

17.

Thirty days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of Nick Schnyder Law Firm 13 C West Park Square Marietta GA 30060 any and all guidelines, manuals, memoranda or other documents evidencing any policy or procedure identified in response to the preceding interrogatory. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

18.

Thirty days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of Nick Schnyder Law Firm 13 C West Park Square Marietta GA 30060 any and all policy and procedure manuals given to Defendant's employees. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

19.

In regard to any document that has not been produced on grounds of privilege, please state the following:

(a) The date each document was generated;

(b) The person generating each document;

(c) The present custodian of each document;

(d) A description of each document.

20.

Thirty days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of Nick Schnyder Law Firm 13 C West Park Square Marietta GA 30060 any videotapes, photographs, correspondence, memoranda, records, files, or other documents or tangible evidence concerning, referencing or depicting Plaintiff or the incident in question. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

21.

Please identify each and every person working for Defendant on the premises where this incident occurred on the day of the incident described in the complaint, including the person's name, current address, current employer and telephone number.

22.

Thirty days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of Nick Schnyder Law Firm 13 C West Park Square Marietta GA 30060 the payroll records for Defendant's employees on the premises for the day of the incident and the one-week period prior to and subsequent to the incident.

23.

Have their ever been any complaints made about the area where this incident occurred? If so, please state:

(a)     The date(s) of each complaint;

(b)     The person(s) making each complaint;

(c)     The nature of each complaint;

(d)     Any action taken as a result of each complaint.

24.

Thirty days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of Nick Schnyder Law Firm 13 C West Park Square Marietta GA 30060 any correspondence, memoranda, report, record or other documents concerning, referencing or depicting any complaints identified in response to the preceding interrogatory.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

25.

Thirty days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of Nick Schnyder Law Firm 13 C West Park Square Marietta GA 30060 any incident report or other report concerning the incident described in the complaint.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

26.

Thirty days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of Nick Schnyder Law Firm 13 C West Park Square Marietta GA 30060 any maps, schematics, diagrams, drawings or other similar documents showing the layout of the area

where this incident occurred.  In lieu thereof, you may attach copies to your answers to these interrogatories.

27.

Were there any contracts or agreements with other individuals or entities regarding the maintenance, inspection or security of the property where Plaintiff fell as described in the complaint? If so, state:

    (a)    The identity of the contracting parties;

    (b)    The address and telephone number of the contracting parties;

    (c)    The duties of the contracting parties.

28.

Thirty days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of Nick Schnyder Law Firm 13 C West Park Square Marietta GA 30060 any and all leases or contracts with outside contractors or agencies for performance of maintenance services in the area where Plaintiff fell.  In lieu thereof, you may attach copies to your answers to these interrogatories.

29.

Please identify each and every witness or employee in the vicinity of the area where Plaintiff fell at the time of the incident.  In regard to each employee, please state:

    (a)    The name of each person;

    (b)    The address of each person;

    (c)    The telephone number of each person;

    (d)    The shift worked by each person if an employee;

    (e)    The job duties and responsibilities of each person if an employee.

30.

Thirty days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of Nick Schnyder Law Firm 13 C West Park Square Marietta GA 30060 any e-mail, interoffice correspondence, memoranda, report, telephone log, message or other documents concerning Plaintiff.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

31.

Thirty days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of Nick Schnyder Law Firm 13 C West Park Square Marietta GA 30060 any invoices, records, proposals, work orders, maintenance records or other documents for work performed in the area where this incident occurred in the last five years. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

32.

Thirty days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of Nick Schnyder Law Firm 13 C West Park Square Marietta GA 30060 any changes made to policies, procedures, protocols, rules, regulations and guidelines since this incident. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

33.

Thirty days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of Nick Schnyder Law Firm 13 C West Park Square Marietta GA 30060 any surveillance videos taken on the day of the incident. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

34.

Thirty days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of Nick Schnyder Law Firm 13 C West Park Square Marietta GA 30060 any maintenance records, work orders or other documents concerning the area where this incident occurred for the past five years. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

35.

Please describe any inspection procedures utilized in regard to the area where this incident occurred.

36.

Thirty days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of Nick Schnyder Law Firm 13 C West Park Square Marietta GA 30060 any daily, weekly, monthly or annual inspection reports or audits or any other inspection reports for the area where this incident occurred for the past five years. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

37.

Have there been any audits, inspections or evaluations of the area where Plaintiff fell for the past five years?

38.

Thirty days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of Nick Schnyder Law Firm 13 C West Park Square Marietta GA 30060 any invoices, receipts, change orders, work orders, spreadsheets, computer documents or other records concerning any audits, evaluations, maintenance, cleaning or inspections of the area where Plaintiff fell for the past five years.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

## REQUEST FOR PRODUCTION OF DOCUMENTS

COMES NOW, COMES NOW, ARSHANTI WILLIÁMS (hereinafter referred to as

"Plaintiff"), by and through the undersigned counsel pursuant to O.C.G.A. § 9-11-26, § 9-11-34,

and F.R.C.P. 34, serves this First Request for Production of Documents and Notice To Produce

Originals at Trial pursuant to O.C.G.A. § 24-10-26 to the above stated Defendant. Defendant is

required to comply with said Code sections as follows:

## I.    INSTRUCTIONS

If any document is withheld under any claim of privilege, each and every document for which a

privilege is claimed shall be identified by providing the following information:

(a)    date of creation,

(b)    every person known to have seen such document or to have
been told of the contents of such document,

(c)    the subject matter of such document sufficient for
identification, and

(d)    the basis upon which such privilege is claimed.

If any document so identified was, but is no longer, in you possession, custody or control, state

what disposition was made of it, when, why, by whom, and if applicable, identify to whom it was

transmitted and identify the last known person having possession of it and its last known

location.

This request for production of documents shall be continuing as required by O.C.G.A. § 9-11-

26(e).

All documents produced pursuant to this request shall be produced in separate groups of

documents responsive to each separate request.

All definitions set forth below shall be carefully followed:

## II.    DEFINITIONS

(1)      "Person" shall mean natural person, corporation, partnership, proprietorship, association, organization, or group of persons.

(2)      "Document" shall mean every writing or record, however produced, reproduced, or preserved, including, but not limited to, books, pamphlets, periodicals, letters, memoranda, telegrams, reports, records, studies, intra-office or interoffice communications, memoranda reflecting oral communications, handwritten or other notes, work papers, drafts, applications, permits, charts, drawing papers, graphs, surveys, indices, tapes, microfilm, microfiche, discs, data sheets, data processing cards, computer printouts, software and other computer-related materials, photographs, negatives, film, and every other written, typed, recorded, transcribed, filed, or graphic matter.

(3)      As used herein, "Defendant", "you" and "your" refers to Defendant, individually, and any attorneys, agents, employees, contractors, or representatives of any kind that have acted or that are acting on his or her behalf.

 (4)      As used herein, the term "Occurrences" refers to the incidents or events that give rise to this lawsuit; specifically, the assault and battery alleged in Plaintiff' Complaint.

(5)      In these requests, the singular includes the plural; the plural includes the singular; the masculine includes the feminine; the feminine includes the masculine.

## REQUEST FOR PRODUCTION OF DOCUMENTS

1.

Please produce any and all documents used in the preparation and response to Plaintiff'
Interrogatories to Defendant.

2.

Please produce any reports or documents created by you relating to the incident, which
forms the subject of this lawsuit.

3.

Please produce any documents relating to your ownership of real and/or personal
property including bank statements, deeds, bills of sale, investment accounts, etc.

4.

Please produce a copy of any insurance documents (including the full policy) that may
provide indemnification for the claim asserted against you regardless of whether you believe it
affords coverage or not; including all home owner or renter's insurance or umbrella policies.

5.

Please produce all photographs, videos, charts, or drawings referenced in Plaintiff's
interrogatories.

6.

Please produce all receipts of purchases made while at the subject store.

7.

Please produce a copy of any and all statements previously made by any employee, agent,
or representative of Defendant concerning the fall in question, including any written statement

-14-

signed, and any stenographic, mechanical, electrical, or other such recording, or any transcription thereof.

8.

Please produce a copy of any reports including incident reports, accident reports or other documents compiled as a result of any investigation conducted by Defendant or on Defendant's behalf in connection with the fall complained of in Plaintiff's complaint.

9.

All documents and transcripts concerning judicial, quasi judicial, or administrative charges and hearings concerning the occurrences alleged in the Complaint or similar occurrences to those alleged in the Complaint within the last five (5) years.

10.

The declaration pages and a full copy of all insurance policies including umbrella policies which affords Defendant insurance on the date of incident, whether or not it is your opinion it offers coverage for this incident.

11.

All government statutes, ordinances, standards, regulations and other laws that you contend support your defenses in this matter.

12.

All reports, correspondence, memos, notes, photos, exhibits and other documents embodying observations, calculations, illustrations and opinions from experts who may testify at trial concerning these occurrences or other subject matter involved in this lawsuit.

13.

All documents (including text messages or apologies) that relate to any attempts made by Defendant to resolve the matters that form the basis for this lawsuit.

14.

Any document prepared as a result of the incident complained of in Plaintiff's Complaint including memorandums, emails, investigations, text message, social media, facebook posts etc.

15.

Any documents relating to any communication between you, or anyone acting on your behalf, with any of Plaintiff's doctors, hospitals, or other healthcare providers concerning Plaintiff's condition <u>after</u> the happening of the subject injury.

16.

Any and all policies and procedures in place at the subject store pertaining to the maintenance, inspection, and cleaning of the subject store including any and all changes made to the policies after the subject injury.

.

.

17.

List of all employees who were present on October 12, 2021, the times they clocked in, what roles and titles they possessed, and if they have any knowledge regarding the subject hazard or fall.

NICK SCHNYDER LAW FIRM, LLC

By: _____

Nicholas Schnyder, Esq.
Georgia Bar No. 576115
Attorney for Plaintiff

351Atlanta Street Se
Marietta GA 30060
Phone: 404-902-3553
Fax:  404-341-9969
nick@schnyderlawfirm.com