EXHIBIT 7

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

ARSHANTI WILLIAMS,

        Plaintiff,

    vs.

CHIPOTLE MEXICAN GRILL, INC.,

        Defendant.

CIVIL ACTION FILE
NO.: 23-C-00584-S6

## DEFENDANT CHIPOTLE MEXICAN GRILL, INC.'S NOTICE TO THE STATE COURT OF GWINNETT COUNTY, GEORGIA OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA, ATLANTA DIVISION

Defendant Chipotle Mexican Grill, Inc. has filed in the United States District Court for the Northern District of Georgia, Atlanta Division, its Notice of Removal of the above-styled action to the United States District Court in accordance with the provisions of 28 U.S.C. §§ 1441 and 1446. Attached hereto as Exhibit A and made a part hereof is a true and correct copy of the Notice of Removal and all papers and exhibits attached thereto.

This 24th day of February, 2023.

        */s/ Bridgette E. Eckerson*
        John L. McKinley, Jr.
        Georgia Bar No. 495513
        Bridgette E. Eckerson
        Georgia Bar No. 591733

        Attorneys for defendant
        Chipotle Mexican Grill, Inc.

MOZLEY, FINLAYSON & LOGGINS LLP
1050 Crown Pointe Parkway, Suite 1500
Atlanta, GA  30338-7704
(404) 256-0700 (telephone)
(404) 250-9355 (facsimile)
jmckinley@mfllaw.com
beckerson@mfllaw.com
#546958

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ARSHANTI WILLIAMS,

        Plaintiff,

    vs.

CHIPOTLE MEXICAN GRILL, INC.,

        Defendant.

CIVIL ACTION FILE
NO.:

## CHIPOTLE MEXICAN GRILL, INC.'S NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA, ATLANTA DIVISION

COMES NOW defendant CHIPOTLE MEXICAN GRILL, INC. and hereby gives notice pursuant to 28 U.S.C. §§ 1441 and 1446, and Local Rule 3.1 of the removal of this action from the State Court of Gwinnett County, Georgia, case number 23-C-00584-S6, to the United States District Court for the Northern District of Georgia, Atlanta Division. In support thereof, defendant respectfully states as follows:

1.

Plaintiff commenced the above-styled action in the State Court of Gwinnett County, Georgia on January 26, 2023, as Civil Action File No. 23-C-00584-S6.

2.

Defendant Chipotle Mexican Grill, Inc. was served with the following documents on February 2, 2023, at the office of its registered agent in Georgia: Summons, Complaint, Case Initiation Form, Plaintiff's First Continuing Interrogatories and Request for Production of Documents, Plaintiff's First Requests for Admission to Defendant, and Notice to Take 30(b)(6) Video Deposition of Witness.

3.

This notice of removal of the case to this United States District Court is filed by defendant within thirty (30) days of service of the complaint, from which it was first ascertained that the case is one which is removable, in accordance with the provisions of 28 U.S.C. §§ 1441 and 1446.

4.

The parties to this action are plaintiff ARSHANTI WILLIAMS, a citizen of the State of Georgia, and defendant CHIPOTLE MEXICAN GRILL, INC., a foreign corporation organized and existing under the laws of the State of Delaware and maintaining its principal office and place of business in Newport Beach, California.  Defendant is diverse from plaintiff.

5.

In this action, plaintiff seeks to recover general and special damages for personal injuries allegedly sustained by plaintiff in a slip and fall that occurred on or about June 18, 2021, in Norcross, Gwinnett County, Georgia.  Plaintiff claims that she sustained injuries requiring medical treatment, and seeks to recover general damages, medical expenses, and special damages.  Plaintiff specifically claims that she "suffered numerous painful injuries, including but not limited to: neck pain, shoulder pain, hand and rib pain, and lower back pain."  (Compl. ¶ 10). Plaintiff is claiming medical expenses of "at least $164,287.00 …."  (Compl. ¶ 11).

6.

Therefore, this action is one over which this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 in that (a) plaintiff and defendant are citizens of different states, and (b) the matter in controversy has a value, exclusive of interest and costs, in excess of $75,000.00.

7.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) and Local Rule 3.1(B)(3) N.D.Ga. on the grounds that the events giving rise to this action arose in Gwinnett County, Georgia, and pursuant to 28 U.S.C. § 1391(b)(1) and Local Rule 3.1(B)(1)(a) N.D.Ga. on the grounds that defendant has a registered agent in Gwinnett County, Georgia.

8.

Attached hereto as Exhibits 1 through 7, and made a part hereof by reference, are true and correct copies of the following documents that were filed in the State Court of Gwinnett County, Georgia:

(1)     Summons;

(2)     Case Initiation Form;

(3)     Complaint;

(4)     First Interrogatories, Requests for Production of Documents and Requests for Admission to Defendant Chipotle Mexican Grill, Inc.;

(5)     Notice to Take 30(b)(6) Video Deposition of Witness;

(6)     Sheriff's Entry of Service; and

(7)     Defendant's Notice to the State Court of Gwinnett County, Georgia of Removal of Action to the United States District Court.

9.

Written notice of the filing of this Notice of Removal will be given to all adverse parties as required by law.

10.

In compliance with 28 U.S.C. § 1446(a), defendant Chipotle Mexican Grill,

-4-

Inc. will file written notice of removal with the Clerk of Court for the State Court of Gwinnett County, a copy of which is attached to this notice of removal as Exhibit 7.

11.

WHEREFORE, defendant Chipotle Mexican Grill, inc. prays that the State Court of Gwinnett County, Georgia proceed no further with Civil Action File No. 23-C-00584-S6, and that said action be and hereby is removed from the State Court of Gwinnett County, Georgia, to the United States District Court for the Northern District of Georgia, Atlanta Division.

This 24th day of February, 2023.

*/s/ Bridgette E. Eckerson*

John L. McKinley, Jr.
Georgia Bar No. 495513
Bridgette E. Eckerson
Georgia Bar No. 591733

Attorneys for defendant
Chipotle Mexican Grill, Inc.

MOZLEY, FINLAYSON & LOGGINS LLP
1050 Crown Pointe Parkway, Suite 1500
Atlanta, GA  30338-7704
(404) 256-0700 (telephone)
(404) 250-9355 (facsimile)
jmckinley@mfllaw.com
beckerson@mfllaw.com
#546956

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ARASHANTI WILLIAMS,

        Plaintiff,

  vs.

CHIPOTLE MEXICAN GRILL, INC.,

        Defendant.

CIVIL ACTION FILE
NO.:

## **CERTIFICATE OF SERVICE AND TYPE SIZE COMPLIANCE**

This is to certify that I electronically filed the foregoing *Chipotle Mexican Grill, Inc.' Notice of Removal to the United States District Court for the Northern District of Georgia, Atlanta Division* with the Clerk using the CM/ECF system, which will automatically send e-mail notification of such filing to the following counsel of record:

Drew Gilliland, Esq.
NICK SCHNYDER LAW FIRM, LLC
351 Atlanta Street SE
Marietta, GA  30060
nick@schnyderlawfirm.com

Pursuant to Local Rule 5.1, N.D.Ga, the foregoing pleading is prepared in Times New Roman, 14 point.

This 24th day of February, 2023.

/s/ Bridgette E. Eckerson
Bridgette E. Eckerson

EXHIBIT 1

FILED IN OFFICE
CLERK OF STATE COURT
GWINNETT COUNTY, GEORG
**23-C-00584-S**
**1/26/2023 12:11 PI**
TIANA P. GARNER, CLER

## IN THE STATE COURT OF GWINNETT COUNTY

### STATE OF GEORGIA

# Arshanti Williams

_____

_____

_____

PLAINTIFF

VS.

**CHIPOTLE MEXICAN GRILL, INC.**

# 2 Sun Court Suite 400

**Peachtree Corners, Georgia 30092**

DEFENDANT

| | |
|---|---|
| CIVIL ACTION NUMBER: | 23-C-00584-S6 |

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

The Nick Schnyder Law Firm
351 Atlanta Street SE
Marietta GA 30060
Phone: 404-999-1111

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of 26th day of January, 2023 _____, 20____.

**Tiana P. Garner**
**Clerk of State Court**


By _____
Deputy Clerk

**INSTRUCTIONS:** Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

EXHIBIT 2

FILED IN OFFICE
CLERK OF STATE COURT
GWINNETT COUNTY, GEORG
**23-C-00584-S**
1/26/2023 12:11 PI
TIANA P. GARNER, CLER

**General Civil and Domestic Relations Case Filing Information Form**

☐ Superior or ☒ State Court of ___Gwinnett___ County

| For Clerk Use Only | |
|---|---|
| Date Filed ___▯___ | Case Number ___23-C-00584-S6___ |
| **MM-DD-YYYY** | |

**Plaintiff(s)**                                         **Defendant(s)**
CHIPOTLE MEXICAN GRILL, INC.

| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|---|---|---|---|---|
| Williams | Arshanti | | | | | | | | |

| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | |

| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | |

| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | |

**Plaintiff's Attorney** ___Nick Schnyder___   **State Bar Number** ___576115___   **Self-Represented** ☐

### Check one case type and one sub-type in the same box (if a sub-type applies):

**General Civil Cases**

- ☐ **Automobile Tort**
- ☐ **Civil Appeal**
- ☐ **Contempt/Modification/Other Post-Judgment**
- ☐ **Contract**
- ☐ **Garnishment**
- ☒ **General Tort**
- ☐ **Habeas Corpus**
- ☐ **Injunction/Mandamus/Other Writ**
- ☐ **Landlord/Tenant**
- ☐ **Medical Malpractice Tort**
- ☐ **Product Liability Tort**
- ☐ **Real Property**
- ☐ **Restraining Petition**
- ☐ **Other General Civil**

**Domestic Relations Cases**

- ☐ **Adoption**
- ☐ **Contempt**
  - ☐ **Non-payment of child support, medical support, or alimony**
- ☐ **Dissolution/Divorce/Separate Maintenance/Alimony**
- ☐ **Family Violence Petition**
- ☐ **Modification**
  - ☐ **Custody/Parenting Time/Visitation**
- ☐ **Paternity/Legitimation**
- ☐ **Support – IV-D**
- ☐ **Support – Private (non-IV-D)**
- ☐ **Other Domestic Relations**

☐  Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____        _____
   **Case Number**              **Case Number**

☒  I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐  Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____  **Language(s) Required**

☐  Do you or your client need any disability accommodations? If so, please describe the accommodation request.

Version 1.1.20

EXHIBIT 3

FILED IN OFFICE
CLERK OF STATE COURT
GWINNETT COUNTY, GEORG
**23-C-00584-S**
**1/26/2023 12:11 PI**
TIANA P. GARNER, CLER

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

ARSHANTI WILLIAMS    )
            )
  Plaintiff,      )
            )
v.          )  CIVIL ACTION
            )  FILE NO: 23-C-00584-S6
CHIPOTLE MEXICAN GRILL, INC. )
            )
  Defendant.     )
            )

## COMPLAINT AND JURY DEMAND

COMES NOW, ARSHANTI WILLIAMS (hereinafter referred to as "Plaintiff"), by and through the undersigned counsel and hereby files this Complaint against CHIPOTLE MEXICAN GRILL, INC. (hereinafter referred to as Defendant), and shows this Honorable Court as following:

### INTRODUCTION

1.

Served with this Complaint are the following:   Notice of Deposition, Plaintiff's Interrogatories to Defendant, Plaintiff's Request of Production to Defendant, and Plaintiff's Request for Admission to Defendant.

### PARTIES, JURISDICTION AND VENUE

Plaintiff re-alleges and incorporates the above stated paragraphs as fully set forth herein.

2.

Plaintiff is an individual and resident of Georgia and submits to the jurisdiction and venue of this Court.

3.

Defendant is a foreign corporation which transacts business in Georgia. Its registered

agent Corporation Service Company may be served with service of process at 2 Sun Court, Suite

400, Peachtree Corners, Georgia 30092.

4.

Venue is proper because Defendant has sufficient business contacts in Gwinnett county,

the subject incident, and injury occurred in Gwinnett County, Georgia pursuant to O.C.G.A. §14-

2-510.

### FACTS APPLICABLE TO ALL CLAIMS

Plaintiff re-alleges and incorporates the above stated paragraphs as fully set forth herein.

5.

On or about June 18, 2021, the date of her injuries, Arshanti Williams was walking in the

Defendant's store, "Chipotle", located at 5485 Jimmy Carter Blvd, Suite 300, Norcross, GA 30093.

6.

At all times relevant, Plaintiff was a customer of Defendant's store during business hours

and therefore is classified as an invitee.

7.

Plaintiff slipped and fell on a foreign liquid found in Defendant store's aisle. At no point prior

to her fall did Plaintiff see the liquid on the ground of Defendant's store.

8.

There were no signs, cones or other warnings in the area of the foreign liquid at the time of

the fall.

9.

Defendant had exclusive ownership, possession and control over Defendant's store located at 5485 Jimmy Carter Blvd, Suite 300, Norcross, GA 30093 at all times relevant to this litigation.

10.

As a result of plaintiff's fall, she suffered numerous painful injuries, including but not limited to: neck pain, shoulder pain, hand and rib pain, and lower back pain.

11.

As a result of Defendant's failure to properly inspect the area where Plaintiff fell, failure to remove the hazardous condition, and/or failure to take adequate measures to protect invitees, Plaintiff was injured and has incurred prior medical expenses of at least **$164,287.00** the exact amount of which shall be determined prior to trial.

12.

As a result of Defendant's failure to properly inspect the area where Plaintiff fell, failure to remove the hazardous condition, and/or failure to take adequate measures to protect invitees, Plaintiff was injured and will incur future medical expenses, the exact amount, of which shall be determined prior to trial.

| | |
|---|---|
| Spine Center Atlanta | $148,264.37 |
| Piedmont Urgent Care By WellStreet- Norcross/ Peachtree Corners | $806.63 |
| Georgia Accident Injury Centers | $8,541.00 |
| Advanced Imaging Centers | $6,675.00 |
| **Total** | **$164,287.00** |

## COUNT 1
## NEGLIGENCE

Plaintiff re-alleges and incorporates the above stated paragraphs as fully set forth herein.

13.

Plaintiff was an invitee on the Defendant's premises at the time of the fall.

14.

Defendant owed a non-delegable duty of reasonable care in keeping the premises safe for invitees such as Plaintiff pursuant to O.C.G.A. § 51-3-1.

15.

Defendant was negligent in failing to properly inspect the area where the fall occurred, in failing to remove the hazard from the floor, in failing to take adequate measures to protect invitees from substances on the floor and in failing to keep the premises safe for invitees.

16.

At all times pertinent Defendant had superior knowledge of the subject hazard and took insufficient steps to protect their invitees within their premises.

17.

At all times pertinent Defendant knew or should have known of the subject hazard and took insufficient steps to protect their invitees within their premises.

18.

Defendant's negligence was the proximate cause of Plaintiff's injuries.

19.

Plaintiff was at all times assured her safety and was without fault in causing the aforementioned injury.

## COUNT 2
## VICARIOUS LIABILITY

Plaintiff re-alleges and incorporates the above stated paragraphs as fully set forth herein.

20.

At all times relevant to this action, the individuals responsible for inspecting, cleaning and maintaining the area where Plaintiff fell were employed by Defendant and were acting within the scope of their employment.

21.

Defendant is responsible for the conduct of these individuals under the doctrine of *respondeat superior*, agency or apparent agency.

**COUNT 3**
**NEGLIGENT TRAINING & SUPERVISION**

22.

Plaintiff re-alleges and incorporates the above stated paragraphs as fully set forth herein.

23.

Defendant was negligent in failing to adopt and follow appropriate policies and procedures to make sure that appropriate inspections, cleaning and maintenance were performed on the premises and in failing to train its employees concerning safety procedures for inspecting, cleaning and maintaining the premises.

24.

Defendant was negligent in training and supervising its staff.

25.

As a direct result of Defendant's negligence in training and supervising its employees, plaintiff was injured on the premises.

**WHEREFORE**, Plaintiff prays that she have a trial on all issues and judgment against Defendant as follows:

(a)     That Plaintiff recover the full value of past and future medical expenses and past and future lost wages in an amount to be proven at trial;

(b)     That Plaintiff recover for mental and physical pain and suffering and emotional distress in an amount to be determined by the enlightened conscience of the jury;

(c)     That Plaintiff recover such other and further relief as is just and proper;

(d)     That attorney's fees be awarded for any assertion of frivolous claims or defenses pursuant to O.C.G.A. § 13-6-11 & O.C.G.A. § 9-15-14; and

(e)     That all issues be tried before a jury of twelve.

This 19th day of January, 2023.

NICK SCHNYDER LAW FIRM, LLC

By: /s/ Drew Gilliland

Drew Gilliland, Esq.
Georgia Bar No. 116570
Attorney for Plaintiff

351 Atlanta Street SE
Marietta GA 30060
Phone: 404-902-3553
Fax:  404-341-9969
nick@schnyderlawfirm.com

EXHIBIT 4

E-FILED IN OFFICE - N
CLERK OF STATE COUR
GWINNETT COUNTY, GEORG
**23-C-00584-S**
**1/26/2023 12:11 PI**
TIANA P. GARNER, CLER

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| ARSHANTI WILLIAMS | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CHIPOTLE MEXICAN GRILL, INC. | ) |
| | ) |
| Defendant. | ) |
| | ) |

CIVIL ACTION
FILE NO:      23-C-00584-S6

### PLAINTIFF'S FIRST CONTINUING INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT

**COMES NOW**, COMES NOW, ARSHANTI WILLIAMS (hereinafter referred to as "Plaintiff"), by and through the undersigned counsel pursuant to the Georgia Civil Practice Act.  Defendant is required to answer these interrogatories separately and fully in writing under oath and to serve a copy of its answers upon counsel for Plaintiff within thirty-three (33) days after service of these interrogatories by mail or forty-five (45) days after personal service.

### INSTRUCTIONS

These interrogatories shall be deemed continuing and shall require supplemental answers. If you produce business records, pursuant to or in lieu of answering any interrogatory, you must specify the business records from which the answer to the interrogatory may be derived or ascertained and afford Plaintiff reasonable opportunity to examine, audit, or inspect such records and to make copies, compilations, abstracts, or summaries.

In answering the following interrogatories, you are requested to give full and complete answers based upon your personal knowledge as well as that of any agent, employee, investigator, or attorney who has obtained information on your behalf.

(A) Each interrogatory shall be answered separately and under oath. If any answer is based upon information and belief rather than personal knowledge, it should state that it is made on that basis.

(B) If the complete answer to an interrogatory is not known, state and answer as fully as possible each part of the interrogatory to which an answer is known.

(C) If any information is withheld under any claim of privilege:

      (i) State the basis upon which privilege is claimed;

      (ii) Identify, as defined below, the source of the information;

      (iii) Identify, as defined below, each person from whom the information was obtained;

      (iv) Identify, as defined below, every document which evidences or relates to such information; and

      (v) State the subject matter of the information sufficient for purposes of identification.

## DEFINITIONS

(A) As used herein, "Defendant," "you," and "your" refers to Defendant, CHIPOTLE MEXICAN GRILL INC., separately and individually, and any attorneys, agents, or representatives of any kind acting on his behalf.

(B) As used herein, the word "document" shall mean every writing or record, however produced, reproduced, or preserved, including, but not limited to, books, pamphlets, periodicals, letters, memoranda, telegrams, reports, records, studies, interoffice or intra-office communications, memoranda reflecting oral communications, handwritten or other notes, work papers, drafts, applications, permits, charts, drawing papers, graphs, surveys, indices, tapes, discs, data sheets, data processing cards, computer printouts, software and other

computer related materials, and every other written, typed, recorded, transcribed, filed, or graphic matter of any type or nature.

(C) As used herein, the word "person" shall mean any and all individuals, firms, partnerships, corporations, proprietorships, joint ventures, associations, governmental units, trusts, estates, and every other type of organization or entity.

(D) As used herein, the word "date" shall mean the exact day, month, and year, if ascertainable; otherwise, the word "date" shall mean the best available approximation (including the relationship to other events).

(E) As used herein, the word "identify," when used in reference to:

> (1) An individual, shall mean to state his or her full name, present or last known residence address (designating which), and present or last known business affiliation (designating which), job title and employment address, and present or last known telephone numbers for such residence and employers.

> (2) A firm, partnership, corporation, proprietorship, association, or other organization or entity, shall mean to state its full name and present or last known (designating which) address(es) and telephone number(s).

> (3) A document, shall mean to state the title (if any) and date; to identify, as defined above, the author(s), sender(s), recipient(s), person(s) signing it; to state  the type of document (i.e., a letter, memorandum, book, telegraph, chart, etc.) or some better means of identifying it; and to provide a summary of its contents (except that if a privilege is claimed, provide a description of the subject matter sufficient for identification). If any document so identified was, but is no longer, in your possession, custody, or control, state what disposition was made of it, when, why, by

whom, and if applicable, identify to whom it was transmitted and identify the last

known person having possession of it and state its last known location. In the case of

a document within your (as defined above) possession, custody, or control, state

whether you will make it available to the undersigned attorneys for inspection and/or

copying.

(F) As used herein, "Occurrence" refers to the incident(s), collision(s), or event(s) that give

rise to this lawsuit; specifically, the collision alleged in Plaintiff's Complaint.

(G) In these requests, the singular includes the plural; the plural includes the singular; the

masculine includes the feminine; and the feminine includes the masculine.

## **INTERROGATORIES**

1.

State the name and address of any person, including any party, who, to your knowledge, information or belief:

    (a)    Was an eyewitness to the incident complained of in this action;

    (b)    Has some knowledge of any fact or circumstance upon which your defense is based;

    (c)    Has conducted any investigation relating to the incident complained of or the background, employment, medical history or activities of Plaintiff.

2.

To your knowledge, information or belief, has any person identified in answering the preceding interrogatory given any statement or report in connection with this action?  If so, describe such statement or report and give the name and address of the person having custody and control thereof.

3.

Thirty days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of Nick Schnyder Law Firm 13 C West Park Square Marietta GA 30060 all such statements or reports.   In lieu thereof, you may attach copies to your answers to these interrogatories.

4.

Please identify any entity or person with any financial interest, lease or ownership interest in the premises where the incident occurred on the date of the incident.

5.

To your knowledge, information or belief, are there any videotapes, photographs, plats or drawings of the scene of the incident referred to in the complaint?  If so, please describe such videotapes, photographs, plats or drawings and give the name and address of the person having custody and control thereof.

6.

Thirty days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of Nick Schnyder Law Firm 13 C West Park Square Marietta GA 30060 all such videotapes, photographs, plats or drawings.  In lieu thereof, you may attach copies to your answers to these interrogatories.

7.

Have there been any incidents involving falls at the store or approaches to the store for the five-year period preceding this incident and the one-year period subsequent to this incident?  If so, please state:

(a)     Date of incident (June 18,2021 );

(b)     Name, address and telephone number of injured person;

(c)     Description of incident.

8.

Thirty days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of Nick Schnyder Law Firm 13 C West Park Square Marietta GA 30060 any incident report, memoranda, handwritten note or other documents or materials concerning, referencing or describing any incident referenced in the response to the preceding paragraph. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

9.

Please state the identity of each person working on the premises (hereinafter 650 Rockbridge Road Lilburn Georgia 30047) with any duties for the area where this incident occurred on the date of this incident.

10.

Has any entity issued a policy of liability insurance to Defendant?  If so, state the names of all insurers providing liability insurance and give the limits of coverage of each such policy.

11.

Has any insurer referred to above denied coverage or reserved its right to later deny coverage under any such policy of liability insurance?  If so, please explain.

12.

Do you contend that Plaintiff caused or contributed to the incident in question?  If so, state with particularity each and every contention made in this regard.

13.

If you intend to call any expert or technician as a witness at the trial of this action, state the subject matter on which he/she is expected to testify and state in detail the opinions held by each such expert or technician and give a complete summary of the grounds for each opinion held.

14.

Thirty days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of Nick Schnyder Law Firm 13 C West Park Square Marietta GA 30060 any videotape, photograph, report, data, memoranda, handwritten notes or other document reviewed by or generated by an individual identified in response to the preceding interrogatory.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

15.

Thirty days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of Nick Schnyder Law Firm 13 C West Park Square Marietta GA 30060 any documents obtained through a request for production of documents or subpoena.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

16.

Please state in detail any policies and procedures concerning the inspection, cleaning or maintenance of the area (including creating logs or reports) where this incident occurred.

17.

Thirty days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of Nick Schnyder Law Firm 13 C West Park Square Marietta GA 30060 any and all guidelines, manuals, memoranda or other documents evidencing any policy or procedure identified in response to the preceding interrogatory.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

18.

Thirty days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of Nick Schnyder Law Firm 13 C West Park Square Marietta GA 30060 any and all policy and procedure manuals given to Defendant's employees.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

19.

In regard to any document that has not been produced on grounds of privilege, please state the following:

(a) The date each document was generated;

(b) The person generating each document;

(c) The present custodian of each document;

(d) A description of each document.

20.

Thirty days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of Nick Schnyder Law Firm 13 C West Park Square Marietta GA 30060 any videotapes, photographs, correspondence, memoranda, records, files, or other documents or tangible evidence concerning, referencing or depicting Plaintiff or the incident in question.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

21.

Please identify each and every person working for Defendant on the premises where this incident occurred on the day of the incident described in the complaint, including the person's name, current address, current employer and telephone number.

22.

Thirty days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of Nick Schnyder Law Firm 13 C West Park Square Marietta GA 30060 the payroll records for Defendant's employees on the premises for the day of the incident and the one-week period prior to and subsequent to the incident.

23.

Have their ever been any complaints made about the area where this incident occurred? If so, please state:

(a)     The date(s) of each complaint;

(b)     The person(s) making each complaint;

(c)     The nature of each complaint;

(d)     Any action taken as a result of each complaint.

24.

Thirty days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of Nick Schnyder Law Firm 13 C West Park Square Marietta GA 30060 any correspondence, memoranda, report, record or other documents concerning, referencing or depicting any complaints identified in response to the preceding interrogatory.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

25.

Thirty days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of Nick Schnyder Law Firm 13 C West Park Square Marietta GA 30060 any incident report or other report concerning the incident described in the complaint.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

26.

Thirty days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of Nick Schnyder Law Firm 13 C West Park Square Marietta GA 30060 any maps, schematics, diagrams, drawings or other similar documents showing the layout of the area

where this incident occurred.   In lieu thereof, you may attach copies to your answers to these interrogatories.

27.

Were there any contracts or agreements with other individuals or entities regarding the maintenance, inspection or security of the property where Plaintiff fell as described in the complaint?  If so, state:

(a)     The identity of the contracting parties;

(b)     The address and telephone number of the contracting parties;

(c)     The duties of the contracting parties.

28.

Thirty days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of Nick Schnyder Law Firm 13 C West Park Square Marietta GA 30060 any and all leases or contracts with outside contractors or agencies for performance of maintenance services in the area where Plaintiff fell.  In lieu thereof, you may attach copies to your answers to these interrogatories.

29.

Please identify each and every witness or employee in the vicinity of the area where Plaintiff fell at the time of the incident.  In regard to each employee, please state:

(a)     The name of each person;

(b)     The address of each person;

(c)     The telephone number of each person;

(d)     The shift worked by each person if an employee;

(e)     The job duties and responsibilities of each person if an employee.

30.

Thirty days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of Nick Schnyder Law Firm 13 C West Park Square Marietta GA 30060 any e-mail, interoffice correspondence, memoranda, report, telephone log, message or other documents concerning Plaintiff.   In lieu of this, you may attach copies thereof to your answers to these interrogatories.

31.

Thirty days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of Nick Schnyder Law Firm 13 C West Park Square Marietta GA 30060 any invoices, records, proposals, work orders, maintenance records or other documents for work performed in the area where this incident occurred in the last five years.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

32.

Thirty days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of Nick Schnyder Law Firm 13 C West Park Square Marietta GA 30060 any changes made to policies, procedures, protocols, rules, regulations and guidelines since this incident.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

33.

Thirty days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of Nick Schnyder Law Firm 13 C West Park Square Marietta GA 30060 any surveillance videos taken on the day of the incident.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

34.

Thirty days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of Nick Schnyder Law Firm 13 C West Park Square Marietta GA 30060 any maintenance records, work orders or other documents concerning the area where this incident occurred for the past five years.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

35.

Please describe any inspection procedures utilized in regard to the area where this incident occurred.

36.

Thirty days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of Nick Schnyder Law Firm 13 C West Park Square Marietta GA 30060 any daily, weekly, monthly or annual inspection reports or audits or any other inspection reports for the area where this incident occurred for the past five years.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

37.

Have there been any audits, inspections or evaluations of the area where Plaintiff fell for the past five years?

38.

Thirty days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of Nick Schnyder Law Firm 13 C West Park Square Marietta GA 30060 any invoices, receipts, change orders, work orders, spreadsheets, computer documents or other records concerning any audits, evaluations, maintenance, cleaning or inspections of the area where Plaintiff fell for the past five years.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

## REQUEST FOR PRODUCTION OF DOCUMENTS

COMES NOW, COMES NOW, ARSHANTI WILLIAMS (hereinafter referred to as "Plaintiff"), by and through the undersigned counsel pursuant to O.C.G.A. § 9-11-26, § 9-11-34, and F.R.C.P. 34, serves this First Request for Production of Documents and Notice To Produce Originals at Trial pursuant to O.C.G.A. § 24-10-26 to the above stated Defendant. Defendant is required to comply with said Code sections as follows:

## I.  **INSTRUCTIONS**

If any document is withheld under any claim of privilege, each and every document for which a

privilege is claimed shall be identified by providing the following information:

(a)    date of creation,

(b)    every person known to have seen such document or to have
been told of the contents of such document,

(c)    the subject matter of such document sufficient for
identification, and

(d)    the basis upon which such privilege is claimed.

If any document so identified was, but is no longer, in you possession, custody or control, state

what disposition was made of it, when, why, by whom, and if applicable, identify to whom it was

transmitted and identify the last known person having possession of it and its last known

location.

This request for production of documents shall be continuing as required by O.C.G.A. § 9-11-

26(e).

All documents produced pursuant to this request shall be produced in separate groups of

documents responsive to each separate request.

All definitions set forth below shall be carefully followed:

## II.  **DEFINITIONS**

(1)     "Person" shall mean natural person, corporation, partnership, proprietorship, association, organization, or group of persons.

(2)     "Document" shall mean every writing or record, however produced, reproduced, or preserved, including, but not limited to, books, pamphlets, periodicals, letters, memoranda, telegrams, reports, records, studies, intra-office or interoffice communications, memoranda reflecting oral communications, handwritten or other notes, work papers, drafts, applications, permits, charts, drawing papers, graphs, surveys, indices, tapes, microfilm, microfiche, discs, data sheets, data processing cards, computer printouts, software and other computer-related materials, photographs, negatives, film, and every other written, typed, recorded, transcribed, filed, or graphic matter.

(3)     As used herein, "Defendant", "you" and "your" refers to Defendant, individually, and any attorneys, agents, employees, contractors, or representatives of any kind that have acted or that are acting on his or her behalf.

(4)     As used herein, the term "Occurrences" refers to the incidents or events that give rise to this lawsuit; specifically, the assault and battery alleged in Plaintiff' Complaint.

(5)     In these requests, the singular includes the plural; the plural includes the singular; the masculine includes the feminine; the feminine includes the masculine.

## REQUEST FOR PRODUCTION OF DOCUMENTS

1.

Please produce any and all documents used in the preparation and response to Plaintiff'
Interrogatories to Defendant.

2.

Please produce any reports or documents created by you relating to the incident, which
forms the subject of this lawsuit.

3.

Please produce any documents relating to your ownership of real and/or personal
property including bank statements, deeds, bills of sale, investment accounts, etc.

4.

Please produce a copy of any insurance documents (including the full policy) that may
provide indemnification for the claim asserted against you regardless of whether you believe it
affords coverage or not; including all home owner or renter's insurance or umbrella policies.

5.

Please produce all photographs, videos, charts, or drawings referenced in Plaintiff's
interrogatories.

6.

Please produce all receipts of purchases made while at the subject store.

7.

Please produce a copy of any and all statements previously made by any employee, agent,
or representative of Defendant concerning the fall in question, including any written statement

signed, and any stenographic, mechanical, electrical, or other such recording, or any transcription thereof.

8.

Please produce a copy of any reports including incident reports, accident reports or other documents compiled as a result of any investigation conducted by Defendant or on Defendant's behalf in connection with the fall complained of in Plaintiff's complaint.

9.

All documents and transcripts concerning judicial, quasi judicial, or administrative charges and hearings concerning the occurrences alleged in the Complaint or similar occurrences to those alleged in the Complaint within the last five (5) years.

10.

The declaration pages and a full copy of <u>all insurance policies</u> including umbrella policies which affords Defendant insurance on the date of incident, whether or not it is your opinion it offers coverage for this incident.

11.

All government statutes, ordinances, standards, regulations and other laws that you contend support your defenses in this matter.

12.

All reports, correspondence, memos, notes, photos, exhibits and other documents embodying observations, calculations, illustrations and opinions from experts who may testify at trial concerning these occurrences or other subject matter involved in this lawsuit.

13.

All documents (including text messages or apologies) that relate to any attempts made by Defendant to resolve the matters that form the basis for this lawsuit.

14.

Any document prepared as a result of the incident complained of in Plaintiff's Complaint including memorandums, emails, investigations, text message, social media, facebook posts etc.

15.

Any documents relating to any communication between you, or anyone acting on your behalf, with any of Plaintiff's doctors, hospitals, or other healthcare providers concerning Plaintiff's condition _after_ the happening of the subject injury.

16.

Any and all policies and procedures in place at the subject store pertaining to the maintenance, inspection, and cleaning of the subject store including any and all changes made to the policies after the subject injury.

17.

List of all employees who were present on June 18, 2021, the times they clocked in, what roles

and titles they possessed, and if they have any knowledge regarding the subject hazard or fall.

NICK SCHNYDER LAW FIRM, LLC

By: _____

Nicholas Schnyder, Esq.
Georgia Bar No. 576115
Attorney for Plaintiff

351 Atlanta Street Se
Marietta GA 30060
Phone: 404-902-3553
Fax:  404-341-9969
nick@schnyderlawfirm.com

FILED IN OFFICE
CLERK OF STATE COURT
GWINNETT COUNTY, GEORG
**23-C-00584-S**
**1/26/2023 12:11 PI**
TIANA P. GARNER, CLER

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

ARSHANTI WILLIAMS                          )
                                           )
    Plaintiff,                         )
                                           )
v.                                         )     CIVIL ACTION
                                           )     FILE NO:
CHIPOTLE MEXICAN GRILL, INC.               )
                                           )          23-C-00584-S6
    Defendant.                         )
                                           )

### PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT

**COMES NOW**, Arshanti Williams (hereinafter referred to as "Plaintiff"), in the above-styled action, by and through her undersigned attorney, pursuant to O.C.G.A. 9-11-36, and serves upon Defendant this Plaintiff's First Request for Admissions to Defendant.

Answers should specifically admit or deny the matter, or set forth in detail the reasons why Defendant cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that Defendant qualify an answer or deny only a part of the matter of which an admission is requested, Defendant shall specify so much of it as is true and qualify or deny the remainder. Defendant may not give lack of information or knowledge as a reason for failure to admit or deny unless Plaintiff state that he/she has made reasonable inquiry and that the information known or readily obtainable is insufficient to enable the party to admit or deny.

Defendant is advised that if they fail to admit the truth of any matter as requested, and if Plaintiff thereafter proves the truth of the matter, Plaintiff will apply to the Court for an order requiring Defendant to pay the reasonable expenses incurred in making that proof, including reasonable attorney's fees.

### Admissions

1.

Admit that Defendant knew on or about October 12, 2021, that the foreign liquid that Plaintiff fell was in Defendant's store near the register prior to Plaintiff's fall.

2.

Admit that on or about October 12, 2021, Plaintiff was an invitee while on the property located at 650 Rockbridge Road Lilburn Georgia 30047.

3.

Admit that on or about October 12, 2021, Plaintiff was not trespassing while on the property located at 650 Rockbridge Road Lilburn Georgia 30047.

4.

Admit that at all times relevant the subject area where the Plaintiff fell was not inspected for hazards on October 12, 2021 within 30 minutes prior to the subject injury.

5.

Admit that at all times relevant the subject area where the Plaintiff fell was not inspected for hazards within one hour of the subject fall.

6.

Admit that on or about October 12, 2021, Defendant had superior knowledge of the subject liquid than Plaintiff.

7.

Admit that Defendant should have known that the subject liquid in Defendant's store was present prior to Plaintiff's fall.

8.

Admit that Defendant's registered agent was served with Plaintiff' Request for Admissions, Request for Production of Documents, Request for Interrogatories, and Notice of Deposition in the above styled case.

9.

Admit that on or about October 12, 2021, Defendant maintained and/or was covered by insurance for the alleged liability.

10.

Admit that it was the responsibility of Defendant to assure the subject area was free of hazards.

11.

Admit that the subject area contained a hazard that resulted in the Plaintiff's injuries.

12.

Admit that Defendant had no policies or procedures in place to assure the routine inspection of the subject area located at 650 Rockbridge Road Lilburn Georgia 30047.

13.

Admit that all employees in the subject store on October 12, 2021 Defendant were working for the benefit and in furtherance of Defendant.

14.

Admit that venue is proper in this case.

3

15.

Admit that Defendant's registered agent was personally served with the Complaint and Summons.

16.

Admit that at all times relevant, Defendants' employees were acting within the scope of their employment.

17.

Admit that Defendant is liable for the negligence of its employees or agents in the scope of their employment pursuant to the doctrine of respondeat superior.

18.

Admit that Plaintiff has not traversed the subject hazard prior to the subject injury.

19.

Admit that Defendant has video recording footage of the subject injury occurring.

20.

Admit that Defendant's agents approached Plaintiff after the fall and stated they meant to clean the hazard substance up prior to Plaintiff's fall.

21.

Admit that Defedant knew of the foreign substance prior to Plaintiff's fall but failed to warn Plaintiff of its presence.

22.

Admit that Defendant's agents approached Plaintiff immediately after the fall and acknowledged they knew the foreign substance was there prior to her fall.

Respectfully submitted this 8 day of September, 2019.

NICK SCHNYDER LAW FIRM, LLC

By: _____

Nicholas Schnyder, Esq.
Georgia Bar No. 576115
Attorney for Plaintiff

351Atlanta Street Se
Marietta GA 30060
Phone: 404-902-3553
Fax:  404-341-9969
nick@schnyderlawfirm.com

E-FILED IN OFFICE
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-00584-S**
**1/26/2023 12:11 PM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| ARSHANTI WILLIAMS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION |
| | ) | FILE NO:   23-C-00584-S6 |
| CHIPOTLE MEXICAN GRILL, INC. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### PLAINTIFF'S FIRST CONTINUING INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT

**COMES NOW**, COMES NOW, ARSHANTI WILLIAMS (hereinafter referred to as "Plaintiff"), by and through the undersigned counsel pursuant to the Georgia Civil Practice Act.  Defendant is required to answer these interrogatories separately and fully in writing under oath and to serve a copy of its answers upon counsel for Plaintiff within thirty-three (33) days after service of these interrogatories by mail or forty-five (45) days after personal service.

### INSTRUCTIONS

These interrogatories shall be deemed continuing and shall require supplemental answers.

If you produce business records, pursuant to or in lieu of answering any interrogatory, you must specify the business records from which the answer to the interrogatory may be derived or ascertained and afford Plaintiff reasonable opportunity to examine, audit, or inspect such records and to make copies, compilations, abstracts, or summaries.

In answering the following interrogatories, you are requested to give full and complete answers based upon your personal knowledge as well as that of any agent, employee, investigator, or attorney who has obtained information on your behalf.

(A) Each interrogatory shall be answered separately and under oath. If any answer is based upon information and belief rather than personal knowledge, it should state that it is made on that basis.

(B) If the complete answer to an interrogatory is not known, state and answer as fully as possible each part of the interrogatory to which an answer is known.

(C) If any information is withheld under any claim of privilege:

> (i) State the basis upon which privilege is claimed;
>
> (ii) Identify, as defined below, the source of the information;
>
> (iii) Identify, as defined below, each person from whom the information was obtained;
>
> (iv) Identify, as defined below, every document which evidences or relates to such information; and
>
> (v) State the subject matter of the information sufficient for purposes of identification.

## **DEFINITIONS**

(A) As used herein, "Defendant," "you," and "your" refers to Defendant, CHIPOTLE MEXICAN GRILL INC., separately and individually, and any attorneys, agents, or representatives of any kind acting on his behalf.

(B) As used herein, the word "document" shall mean every writing or record, however produced, reproduced, or preserved, including, but not limited to, books, pamphlets, periodicals, letters, memoranda, telegrams, reports, records, studies, interoffice or intra-office communications, memoranda reflecting oral communications, handwritten or other notes, work papers, drafts, applications, permits, charts, drawing papers, graphs, surveys, indices, tapes, discs, data sheets, data processing cards, computer printouts, software and other

computer related materials, and every other written, typed, recorded, transcribed, filed, or graphic matter of any type or nature.

(C) As used herein, the word "person" shall mean any and all individuals, firms, partnerships, corporations, proprietorships, joint ventures, associations, governmental units, trusts, estates, and every other type of organization or entity.

(D) As used herein, the word "date" shall mean the exact day, month, and year, if ascertainable; otherwise, the word "date" shall mean the best available approximation (including the relationship to other events).

(E) As used herein, the word "identify," when used in reference to:

> (1) An individual, shall mean to state his or her full name, present or last known residence address (designating which), and present or last known business affiliation (designating which), job title and employment address, and present or last known telephone numbers for such residence and employers.

> (2) A firm, partnership, corporation, proprietorship, association, or other organization or entity, shall mean to state its full name and present or last known (designating which) address(es) and telephone number(s).

> (3) A document, shall mean to state the title (if any) and date; to identify, as defined above, the author(s), sender(s), recipient(s), person(s) signing it; to state  the type of document (i.e., a letter, memorandum, book, telegraph, chart, etc.) or some better means of identifying it; and to provide a summary of its contents (except that if a privilege is claimed, provide a description of the subject matter sufficient for identification). If any document so identified was, but is no longer, in your possession, custody, or control, state what disposition was made of it, when, why, by

whom, and if applicable, identify to whom it was transmitted and identify the last known person having possession of it and state its last known location. In the case of a document within your (as defined above) possession, custody, or control, state whether you will make it available to the undersigned attorneys for inspection and/or copying.

(F) As used herein, "Occurrence" refers to the incident(s), collision(s), or event(s) that give rise to this lawsuit; specifically, the collision alleged in Plaintiff's Complaint.

(G) In these requests, the singular includes the plural; the plural includes the singular; the masculine includes the feminine; and the feminine includes the masculine.

## **INTERROGATORIES**

1.

State the name and address of any person, including any party, who, to your knowledge, information or belief:

- (a) Was an eyewitness to the incident complained of in this action;
- (b) Has some knowledge of any fact or circumstance upon which your defense is based;
- (c) Has conducted any investigation relating to the incident complained of or the background, employment, medical history or activities of Plaintiff.

2.

To your knowledge, information or belief, has any person identified in answering the preceding interrogatory given any statement or report in connection with this action? If so, describe such statement or report and give the name and address of the person having custody and control thereof.

3.

Thirty days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of Nick Schnyder Law Firm 13 C West Park Square Marietta GA 30060 all such statements or reports. In lieu thereof, you may attach copies to your answers to these interrogatories.

4.

Please identify any entity or person with any financial interest, lease or ownership interest in the premises where the incident occurred on the date of the incident.

5.

To your knowledge, information or belief, are there any videotapes, photographs, plats or drawings of the scene of the incident referred to in the complaint?  If so, please describe such videotapes, photographs, plats or drawings and give the name and address of the person having custody and control thereof.

6.

Thirty days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of Nick Schnyder Law Firm 13 C West Park Square Marietta GA 30060 all such videotapes, photographs, plats or drawings.  In lieu thereof, you may attach copies to your answers to these interrogatories.

7.

Have there been any incidents involving falls at the store or approaches to the store for the five-year period preceding this incident and the one-year period subsequent to this incident?  If so, please state:

    (a)     Date of incident (October 12, 2021);

    (b)     Name, address and telephone number of injured person;

    (c)     Description of incident.

8.

Thirty days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of Nick Schnyder Law Firm 13 C West Park Square Marietta GA 30060 any incident report, memoranda, handwritten note or other documents or materials concerning, referencing or describing any incident referenced in the response to the preceding paragraph.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

9.

Please state the identity of each person working on the premises (hereinafter 650 Rockbridge Road Lilburn Georgia 30047) with any duties for the area where this incident occurred on the date of this incident.

10.

Has any entity issued a policy of liability insurance to Defendant? If so, state the names of all insurers providing liability insurance and give the limits of coverage of each such policy.

11.

Has any insurer referred to above denied coverage or reserved its right to later deny coverage under any such policy of liability insurance? If so, please explain.

12.

Do you contend that Plaintiff caused or contributed to the incident in question? If so, state with particularity each and every contention made in this regard.

13.

If you intend to call any expert or technician as a witness at the trial of this action, state the subject matter on which he/she is expected to testify and state in detail the opinions held by each such expert or technician and give a complete summary of the grounds for each opinion held.

14.

Thirty days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of Nick Schnyder Law Firm 13 C West Park Square Marietta GA 30060 any videotape, photograph, report, data, memoranda, handwritten notes or other document reviewed by or generated by an individual identified in response to the preceding interrogatory. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

15.

Thirty days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of Nick Schnyder Law Firm 13 C West Park Square Marietta GA 30060 any documents obtained through a request for production of documents or subpoena. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

16.

Please state in detail any policies and procedures concerning the inspection, cleaning or maintenance of the area (including creating logs or reports) where this incident occurred.

17.

Thirty days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of Nick Schnyder Law Firm 13 C West Park Square Marietta GA 30060 any and all guidelines, manuals, memoranda or other documents evidencing any policy or procedure identified in response to the preceding interrogatory.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

18.

Thirty days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of Nick Schnyder Law Firm 13 C West Park Square Marietta GA 30060 any and all policy and procedure manuals given to Defendant's employees.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

19.

In regard to any document that has not been produced on grounds of privilege, please state the following:

(a) The date each document was generated;

(b) The person generating each document;

(c) The present custodian of each document;

(d) A description of each document.

20.

Thirty days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of Nick Schnyder Law Firm 13 C West Park Square Marietta GA 30060 any videotapes, photographs, correspondence, memoranda, records, files, or other documents or tangible evidence concerning, referencing or depicting Plaintiff or the incident in question.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

21.

Please identify each and every person working for Defendant on the premises where this incident occurred on the day of the incident described in the complaint, including the person's name, current address, current employer and telephone number.

22.

Thirty days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of Nick Schnyder Law Firm 13 C West Park Square Marietta GA 30060 the payroll records for Defendant's employees on the premises for the day of the incident and the one-week period prior to and subsequent to the incident.

23.

Have their ever been any complaints made about the area where this incident occurred? If so, please state:

    (a)      The date(s) of each complaint;

    (b)      The person(s) making each complaint;

    (c)      The nature of each complaint;

    (d)      Any action taken as a result of each complaint.

24.

Thirty days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of Nick Schnyder Law Firm 13 C West Park Square Marietta GA 30060 any correspondence, memoranda, report, record or other documents concerning, referencing or depicting any complaints identified in response to the preceding interrogatory.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

25.

Thirty days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of Nick Schnyder Law Firm 13 C West Park Square Marietta GA 30060 any incident report or other report concerning the incident described in the complaint.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

26.

Thirty days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of Nick Schnyder Law Firm 13 C West Park Square Marietta GA 30060 any maps, schematics, diagrams, drawings or other similar documents showing the layout of the area

where this incident occurred.   In lieu thereof, you may attach copies to your answers to these interrogatories.

27.

Were there any contracts or agreements with other individuals or entities regarding the maintenance, inspection or security of the property where Plaintiff fell as described in the complaint?  If so, state:

(a)     The identity of the contracting parties;

(b)     The address and telephone number of the contracting parties;

(c)     The duties of the contracting parties.

28.

Thirty days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of Nick Schnyder Law Firm 13 C West Park Square Marietta GA 30060 any and all leases or contracts with outside contractors or agencies for performance of maintenance services in the area where Plaintiff fell.  In lieu thereof, you may attach copies to your answers to these interrogatories.

29.

Please identify each and every witness or employee in the vicinity of the area where Plaintiff fell at the time of the incident.  In regard to each employee, please state:

(a)     The name of each person;

(b)     The address of each person;

(c)     The telephone number of each person;

(d)     The shift worked by each person if an employee;

(e)     The job duties and responsibilities of each person if an employee.

30.

Thirty days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of Nick Schnyder Law Firm 13 C West Park Square Marietta GA 30060 any e-mail, interoffice correspondence, memoranda, report, telephone log, message or other documents concerning Plaintiff.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

31.

Thirty days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of Nick Schnyder Law Firm 13 C West Park Square Marietta GA 30060 any invoices, records, proposals, work orders, maintenance records or other documents for work performed in the area where this incident occurred in the last five years. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

32.

Thirty days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of Nick Schnyder Law Firm 13 C West Park Square Marietta GA 30060 any changes made to policies, procedures, protocols, rules, regulations and guidelines since this incident. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

33.

Thirty days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of Nick Schnyder Law Firm 13 C West Park Square Marietta GA 30060 any surveillance videos taken on the day of the incident. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

34.

Thirty days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of Nick Schnyder Law Firm 13 C West Park Square Marietta GA 30060 any maintenance records, work orders or other documents concerning the area where this incident occurred for the past five years. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

35.

Please describe any inspection procedures utilized in regard to the area where this incident occurred.

36.

Thirty days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of Nick Schnyder Law Firm 13 C West Park Square Marietta GA 30060 any daily, weekly, monthly or annual inspection reports or audits or any other inspection reports for the area where this incident occurred for the past five years. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

37.

Have there been any audits, inspections or evaluations of the area where Plaintiff fell for the past five years?

38.

Thirty days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of Nick Schnyder Law Firm 13 C West Park Square Marietta GA 30060 any invoices, receipts, change orders, work orders, spreadsheets, computer documents or other records concerning any audits, evaluations, maintenance, cleaning or inspections of the area where Plaintiff fell for the past five years.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

## REQUEST FOR PRODUCTION OF DOCUMENTS

COMES NOW, COMES NOW, ARSHANTI WILLIÁMS (hereinafter referred to as

"Plaintiff"), by and through the undersigned counsel pursuant to O.C.G.A. § 9-11-26, § 9-11-34,

and F.R.C.P. 34, serves this First Request for Production of Documents and Notice To Produce

Originals at Trial pursuant to O.C.G.A. § 24-10-26 to the above stated Defendant. Defendant is

required to comply with said Code sections as follows:

## I.    INSTRUCTIONS

If any document is withheld under any claim of privilege, each and every document for which a

     privilege is claimed shall be identified by providing the following information:

   (a)    date of creation,

   (b)    every person known to have seen such document or to have
          been told of the contents of such document,

   (c)    the subject matter of such document sufficient for
          identification, and

   (d)    the basis upon which such privilege is claimed.
If any document so identified was, but is no longer, in you possession, custody or control, state

what disposition was made of it, when, why, by whom, and if applicable, identify to whom it was

     transmitted and identify the last known person having possession of it and its last known

                                        location.

This request for production of documents shall be continuing as required by O.C.G.A. § 9-11-

                                         26(e).

All documents produced pursuant to this request shall be produced in separate groups of

                  documents responsive to each separate request.

All definitions set forth below shall be carefully followed:

## II.    DEFINITIONS

-12-

(1)     "Person" shall mean natural person, corporation, partnership, proprietorship, association, organization, or group of persons.

(2)     "Document" shall mean every writing or record, however produced, reproduced, or preserved, including, but not limited to, books, pamphlets, periodicals, letters, memoranda, telegrams, reports, records, studies, intra-office or interoffice communications, memoranda reflecting oral communications, handwritten or other notes, work papers, drafts, applications, permits, charts, drawing papers, graphs, surveys, indices, tapes, microfilm, microfiche, discs, data sheets, data processing cards, computer printouts, software and other computer-related materials, photographs, negatives, film, and every other written, typed, recorded, transcribed, filed, or graphic matter.

(3)     As used herein, "Defendant", "you" and "your" refers to Defendant, individually, and any attorneys, agents, employees, contractors, or representatives of any kind that have acted or that are acting on his or her behalf.

(4)     As used herein, the term "Occurrences" refers to the incidents or events that give rise to this lawsuit; specifically, the assault and battery alleged in Plaintiff' Complaint.

(5)     In these requests, the singular includes the plural; the plural includes the singular; the masculine includes the feminine; the feminine includes the masculine.

## REQUEST FOR PRODUCTION OF DOCUMENTS

1.

Please produce any and all documents used in the preparation and response to Plaintiff'
Interrogatories to Defendant.

2.

Please produce any reports or documents created by you relating to the incident, which
forms the subject of this lawsuit.

3.

Please produce any documents relating to your ownership of real and/or personal
property including bank statements, deeds, bills of sale, investment accounts, etc.

4.

Please produce a copy of any insurance documents (including the full policy) that may
provide indemnification for the claim asserted against you regardless of whether you believe it
affords coverage or not; including all home owner or renter's insurance or umbrella policies.

5.

Please produce all photographs, videos, charts, or drawings referenced in Plaintiff's
interrogatories.

6.

Please produce all receipts of purchases made while at the subject store.

7.

Please produce a copy of any and all statements previously made by any employee, agent,
or representative of Defendant concerning the fall in question, including any written statement

-14-

signed, and any stenographic, mechanical, electrical, or other such recording, or any transcription thereof.

8.

Please produce a copy of any reports including incident reports, accident reports or other documents compiled as a result of any investigation conducted by Defendant or on Defendant's behalf in connection with the fall complained of in Plaintiff's complaint.

9.

All documents and transcripts concerning judicial, quasi judicial, or administrative charges and hearings concerning the occurrences alleged in the Complaint or similar occurrences to those alleged in the Complaint within the last five (5) years.

10.

The declaration pages and a full copy of <u>all insurance policies</u> including umbrella policies which affords Defendant insurance on the date of incident, whether or not it is your opinion it offers coverage for this incident.

11.

All government statutes, ordinances, standards, regulations and other laws that you contend support your defenses in this matter.

12.

All reports, correspondence, memos, notes, photos, exhibits and other documents embodying observations, calculations, illustrations and opinions from experts who may testify at trial concerning these occurrences or other subject matter involved in this lawsuit.

13.

All documents (including text messages or apologies) that relate to any attempts made by Defendant to resolve the matters that form the basis for this lawsuit.

14.

Any document prepared as a result of the incident complained of in Plaintiff's Complaint including memorandums, emails, investigations, text message, social media, facebook posts etc.

15.

Any documents relating to any communication between you, or anyone acting on your behalf, with any of Plaintiff's doctors, hospitals, or other healthcare providers concerning Plaintiff's condition <u>after</u> the happening of the subject injury.

16.

Any and all policies and procedures in place at the subject store pertaining to the maintenance, inspection, and cleaning of the subject store including any and all changes made to the policies after the subject injury.

17.

List of all employees who were present on October 12, 2021, the times they clocked in, what

roles and titles they possessed, and if they have any knowledge regarding the subject hazard or

fall.

NICK SCHNYDER LAW FIRM, LLC

By: _____

Nicholas Schnyder, Esq.
Georgia Bar No. 576115
Attorney for Plaintiff

351Atlanta Street Se
Marietta GA 30060
Phone: 404-902-3553
Fax:  404-341-9969
nick@schnyderlawfirm.com

EXHIBIT 5

CLERK OF STATE COUR
GWINNETT COUNTY, GEORG
**23-C-00584-S**
**1/26/2023 12:11 PI**
TIANA P. GARNER, CLER

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| ARSHANTI WILLIAMS | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    CIVIL ACTION |
| | )    FILE NO: |
| CHIPOTLE MEXICAN GRILL, INC. | ) |
| | ) |
| Defendant. | )      23-C-00584-S6 |
| | ) |

## NOTICE TO TAKE 30(b)(6) VIDEO DEPOSITION OF WITNESS

TO:    30(b)(6) Witness
       Through Counsel

PLEASE TAKE NOTICE that, pursuant to O.C.G.A. § 9-11-29 and § 9-11-30(b)(6), the deposition of 30(b)(6) of Defendant CHIPOTLE MEXICAN GRILL, INC. witness with the most knowledge of the areas of inquiry stated in Appendix A attached hereto to be taken on September 20, 2022 at 2 p.m. at the offices of Nick Schnyder Law Firm, 351 Atlanta Street SE Marietta GA 30060. The deposition will be recorded by video and stenographic transcription before an officer duly authorized or designated by law to administer oaths. Said deposition shall be taken for use in evidence, discovery, preservation of evidence, and for all purposes authorized by the Georgia Civil Practice Act. Said deposition shall continue from day to day until its completion.

This 19th day of December, 2023.

**NICK SCHNYDER LAW FIRM, LLC**

By: ___Drew Gilliland_____

Drew Gilliland, Esq.
Georgia Bar No. 116570
Attorney for Plaintiff

351 Atlanta Street SE
Marietta GA 30060
Phone: 404-902-3553
Fax: 404-341-9969
nick@schnyderlawfirm.com

# APPENDIX A:

1. All policies and procedures followed by Defendant for investigating and inspecting the subject store, dining area, and parking lot for safety hazards;
2. All policies and procedures followed by Defendant pertaining to the creation, storage, and destruction of all video recordings at the subject store;
3. All policies and procedures followed by Defendant for the cleaning and maintaining of the subject store and parking lot including the subject area where the Plaintiff's injury occurred;
4. Knowledge of all management, employees, associates, or other agents of Defendant who were present when Plaintiff's injury occurred in the subject store;
5. All policies and procedures followed by Defendant for incident report creation and the preservation of evidence after an injury occurs in Defendant subject store;
6. All policies and procedures followed by Defendant for the hiring, training, and retention of employees and managers for the subject store;
7. Any and all information about the purchase, cleaning, and maintenance of the subject parking lot that caused Plaintiff's injuries; and/or
8. Defendant's agent's specific actions taken on the date of Plaintiff's injury and thereafter relating to the cause of actions for this claim.

EXHIBIT 6

CIVIL ACTION NO. 23-GOO584-S6

**[ ] MAGISTRATE [X] STATE [ ] SUPERIOR - COURT GWINNETT COUNTY, GEORGIA**

**DATE FILED** _____

**ATTORNEY OR PLAINTIFF(s), ADDRESS & TELEPHONE NUMBER**

Arshanti Williams

_____

_____

_____

Arshanti Williams

**PLAINTIFF(S)**

VS.

CHIPOTLE MEXICAN GRILL, INC.)

**DEFENDANT(S)**

**NAME, ADDRESS & TELEPHONE # OF PARTY TO BE SERVED**

CHIPOTLE MEXICAN GRILL, INC.)

2 Sun Court

Suite 400

Peachtree Corners, Georgia 30092

**GARNISHEE**

Other attached documents to be served: _____

**SHERIFF'S ENTRY OF SERVICE**

I HAVE THIS DAY SERVED THE WITHIN ACTION AND SUMMONS AS FOLLOWS:

**[ ] PERSONAL** Upon the following named defendant:

_____

**[ ] NOTORIOUS** Upon defendant _____
By leaving a copy of the action and summons at the most notorious place of abode in the county.

Delivered the same to_____ described as follows: approximate age

yrs; approximate weight_____ pounds; approximate height_____ feet and _____ inches, domiciled at residence of the defendant.

**[X] CORPORATION** Upon corporation Chipotle Mexican Grill, Inc.

By serving _____, in charge of the office and
place of business of the corporation in this county.

By serving Alisha Smith _____, its registered agent.

**[ ] TACK & MAIL** By posting a copy of the same to the door of the premises designated in the affidavit and/or summons, and on the same day of such posting, by depositing a true copy of the same in the United States mail First Class mail, in an envelope properly addressed to the defendant(s) at the address shown in the summons, containing adequate notice to the defendant(s) to answer said summons at the place stated in the summons.

**[ ] NON EST** Did not serve because after a diligent search the defendant could not be found in the jurisdiction of the court.

_____

_____

_____

This _8 3_ day of February _____, 20 23

J. Williams S0189

SHERIFF DOCKET_____ PAGE_____

**DEPUTY**

TIME: _____ ___. M.

# Gwinnett County Sheriff's Office

## Cover Sheet



**Sheriff #:**  23003855

**Person Served:**  CHIPOTLE MEXICAN GRILL INC
2 SUN COURT, SUITE 400
PEACHTREE CORNERS GA 30092
PHONE:

**Process Information:**

Date Received:      02/02/2023

Assigned Zone:      2 Sun Court                     Court Case #:    23-C-00584-S6

Expiration Date:                                    Hearing Date:

Paper Types:        COMPLAINT AND JURY DEMAND

Notes/Alerts:

**Notes:**

_____

_____

_____

_____

_____

_____

_____

_____

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

ARSHANTI WILLIAMS,

        Plaintiff,

    vs.

CHIPOTLE MEXICAN GRILL, INC.,

        Defendant.

CIVIL ACTION FILE
NO.: 23-C-00584-S6

## CERTIFICATE OF SERVICE

Pursuant to O.C.G.A. § 9-11-5 and Uniform State Court Rule 36.16, I certify that I have this date electronically served the foregoing *Defendant Chipotle Mexican Grill, Inc.'s Notice to the State Court of Gwinnett County, Georgia of Removal of Action to the United States District Court for the Northern District of Georgia, Atlanta Division* on all parties of record by filing the same with the Clerk of State Court of Gwinnett County via the Court e-file system and via statutory electronic service, as follows:

Drew Gilliland, Esq.
NICK SCHNYDER LAW FIRM, LLC
351 Atlanta Street SE
Marietta, GA  30060
nick@schnyderlawfirm.com

This 24th day of February, 2023.

                        */s/ Bridgette E. Eckerson*
                        Bridgette E. Eckerson