IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| KENYON DUNCAN, | ) | |
| | ) | CIVIL ACTION FILE NO.: |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | [Removed from |
| | ) | The State Court of |
| WALMART STORES EAST LP, | ) | Dekalb County; |
| KEYUR PATEL, JAMES PROVOST, | ) | Civil Action File No. |
| ANTHONY ROSS, DOE 2, DOE 3 | ) | 22A03589] |
| and DOE 4 | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**NOTICE OF REMOVAL**

Defendants Wal-Mart Stores East, LP ("Walmart"), Keyur Patel, James Provost, and Anthony Ross, named Defendants in the above-captioned matter, through the undersigned counsel and within the time prescribed by law, without waiving any defenses, files this Notice of Removal, respectfully showing this Honorable Court, as follows:

1.

On September 21, 2022 plaintiff Kenyon Duncan filed a negligence suit against Defendants Wal-Mart Stores East, LP, Keyur Patel, and James Provost in

1

the State Court of Dekalb County, Georgia styled as above and numbered as Civil Action File No. 22A03589. Dekalb County is in the Atlanta Division of this Court. 28 U.S.C. § 90 (a)(2).

2.

Mr. Duncan alleges that he slipped and fell within the Walmart store located at 4725 Ashford Dunwoody Road in Dunwoody, Georgia resulting in alleged injuries. (*See* copy of underlying filings, attached hereto as Exhibit "A", p. 5, ¶ 12-15.).

3.

Plaintiff is a Georgia citizen. (Ex. A, p. 3, ¶ 1).

4.

Defendant Wal-Mart Stores East, LP was served with Plaintiff's Complaint on October 25, 2022. (Ex. A, p. 44). Defendant Keyur Patel was served with Plaintiff's Complaint on October 23, 2022. (Ex. A, p. 42). Defendant James Provost was served with Plaintiff's Complaint on October 20, 2022. (Ex. A, p. 43).

5.

Defendant Wal-Mart Stores East, LP is a Delaware limited partnership, of which WSE Management, LLC is the sole general partner and WSE Investment, LLC is the sole limited partner. Both WSE Management, LLC and WSE

Investment, LLC are Delaware limited liability companies with principal places of business in Arkansas.  The sole member of both WSE Management, LLC and WSE Investment, LLC is Wal-Mart Stores East, LLC.  Wal-Mart Stores East, LLC is an Arkansas limited liability company with its principal place of business in Arkansas. The sole member of Wal-Mart Stores East, LLC is Walmart Inc.  Walmart Inc. is a Delaware corporation with its principal place of business in Bentonville, Arkansas.  As such, Wal-Mart Stores East, LP and none of its partners are or were citizens of the State of Georgia at the time of, or immediately prior to, the filing and service of this lawsuit, or at any time thereafter.  (Ex. A, Complaint p. 3, ¶ 2; *see also* Georgia Secretary of State and Delaware Secretary of State documents, attached hereto as Exhibit "F").

6.

On February 13, 2022, plaintiff filed an Amended Complaint adding Anthony Ross as a Defendant in substitution of Defendant Doe 1. (Ex. A, p. 73, ¶ 11).

7.

Anthony Ross no longer has a place of business at 4725 Ashford Dunwoody Road, Dunwoody, Georgia 30338 and cannot be properly served at this address. (See Declaration of Anthony Ross, attached hereto as Exhibit "B", ¶ 17).

3

8.

Anthony Ross has never authorized Wal-Mart Stores East, LP or anyone else to accept service on his behalf. (Ex. B, ¶ 18).

9.

To date, Anthony Ross has not been personally served with process. (Ex. B, ¶ 16).

10.

To date, Anthony Ross has not been properly served with process under either O.C.G.A. § 9-11-4 or Fed. R. Civ. P. 4.

11.

The State Court of Dekalb County docket does not reflect any attempt at service on Anthony Ross as of the time of filing this Notice of Removal.

12.

Plaintiff's complaint also names Defendants Keyur Patel and James Patel, who are alleged to be residents of Georgia, and further alleged to have been employed by Wal-Mart Stores East, LP at its store located at 4725 Ashford Dunwoody Road in Dunwoody, Georgia on the date of the subject accident.

13.

Plaintiff's Amended Complaint alleges that Keyur Patel and James Provost are liable for failing to implement and enforce store policies, procedures, and

practices for identifying and removing hazards at the store and that they exercised control over the Store at the time of the accident. *See Amended Complaint*, generally.

14.

Defendants show that Defendants Keyur Patel and James Provost were not owners or occupiers of the subject premises within the meaning of O.C.G.A. § 51-3-1, and did not undertake sole and complete control and management of the subject premises or create the policies, procedures, and training materials used by Walmart as part of its efforts to inspect and maintain the Store. Plaintiff was not an invitee, licensee or trespasser of Defendants Keyur Patel or James Provost. Defendants Keyur Patel and James Provost did not owe or breach any independent duty to Plaintiff. (*See Declaration of Defendants Keyur Patel*, attached as Exhibit "C" and *Declaration of Defendant James Provost*, attached as Exhibit "D").

15.

A party is fraudulently joined if: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court." *Jackson v. Bank of America, NA*, 578 Fed. App'x 856 (11th Cir. 2014) citing *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329 (11th Cir. 2011). Fraudulent

joinder also exists if a plaintiff has "no real intention to get a joint judgment, and…there [is] no colorable ground for so claiming." *AIDS Counseling and Testing Centers v. Group W. Television*, 903 F.2d 1000, 1003 (4th Cir. 1990).

16.

The citizenship of Keyur Patel and James Provost should be disregarded for purposes of determining jurisdiction under 28 U.S.C. § 1441 because Plaintiff has no possibility of recovery against them and, therefore, they have been fraudulently joined solely for the purpose of defeating federal diversity jurisdiction. See, e.g., Illinois Cent R.R. v. Sheegog, 215 U.S. 308 (1909); Tapscott v. MS Dealer Services Corp., 77 F.3d 1353 (11th Cir. 1996).

17.

Removal is appropriate because Plaintiffs have "no real intention to get a joint judgment, and . . .there [is] no colorable ground for so claiming." AIDS Counseling and Testing Centers v. Group W. Television, 903 F.2d 1000, 1003 (4th Cir. 1990). It is evident that no viable claim for relief can be stated against the properly served non-diverse Defendants, and their joinder should be disregarded.

18.

Fictitious defendants such as "John Does" are disregarded when determining diversity jurisdiction. 28 U.S.C. § 1441(b)(1).

19.

28 U.S.C. § 1441 provides that "a civil action otherwise removeable solely on the basis of the jurisdiction under [28 U.S.C. § 1332] may not be removed if any of the parties in interest ***properly joined and served as defendants*** is a citizen of the State in which such action is brought." (emphasis added).

20.

Wal-Mart Stores East, LP is the sole proper defendant that has been joined and served with process.

21.

Defendants show that Defendant Anthony Ross was not an owner or occupier of the subject premises within the meaning of O.C.G.A. § 51-3-1, and did not undertake sole and complete control and management of the subject premises or create the policies, procedures, and training materials used by Walmart as part of its efforts to inspect and maintain the Store. Plaintiff was not an invitee, licensee or trespasser of Defendant Anthony Ross. Defendant Anthony Ross did not owe or breach any independent duty to Plaintiff. (Ex. B).

22.

Because co-defendant Anthony Ross has not been properly served at the time of removal, he cannot defeat diversity jurisdiction. 28 U.S.C. § 1441(b); *Logan v. McKinney Drilling, Inc.*, 2021 WL 354462 (S.D. Ala. Feb 2, 2021)

(holding that a defendant is only barred from removing a case if any of the defending parties "properly joined and served" are citizens of the state in which the lawsuit was filed); *See also Seong Ho Hwang v. Gladden*, 2016 WL 9334726 at *7 (M.D. Ala. Dec. 21, 2016) (agreeing with 'the majority of the courts within the Eleventh Circuit" and holding that "the plain language of the Resident Defendant Rule does not prohibit a non-forum defendant from removing a case to federal court, even when there is an unserved forum defendant).

23.

Plaintiff claims personal injury in a slip-and-fall incident and seeks special damages for past medical expenses and general damages for past and future pain and suffering. During discovery in the Dekalb County State Court suit, Plaintiff disclosed on February 13, 2023 that he is claiming at least $140,704.14 in past medical expenses. (Exhibit "E", Plaintiff's Response and Objections to Defendant Walmart Stores East, LP's First Request for Admissions, Interrogatories, Request for Production of Documents, and Notice to Produce to Plaintiff, p. 9-10, ¶ 5).

24.

Based on the foregoing, the amount in controversy exceeds $75,000.00. *See* Dart Cherokee Basin Operating Co. v. Owens, 574 U.S. 81, 81-82, 135 S. Ct. 547, 553, 554 (2014) (pursuant to 28 U.S.C. §1446(a), a defendant's Notice of Removal "need include only a plausible allegation that the amount in controversy exceeds the

jurisdictional threshold.")

25.

Defendant has timely removed this case pursuant to 28 U.S.C. §1446(b)(3) which provides that "a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." This Notice of Removal is filed within thirty days of the service of Plaintiff's Responses and Objections to Defendant Walmart Stores East, LP's First Request for Admissions, Interrogatories, Request for Production of Documents, and Notice to Produce to Plaintiff in which he indicates the amount in controversy, exclusive of interest and costs, exceeds $75,000. (Ex. E p. 9-10, ¶ 5).

26.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§1332(a) and 1441 because, as demonstrated in the foregoing, complete diversity exists between the only proper parties to this suit that have been joined and served and Defendant has shown by a preponderance of the evidence that it is plausible that the amount in controversy exceeds $75,000.00.

27.

Pursuant to the provisions of 28 U.S.C. §1446, Defendant has attached

copies of all process, pleadings and Orders that were served on and/or provided to Defendant, including copies of all pleadings that have been filed to date in Civil Action File Number 22A03589 in the State Court of Dekalb County, Georgia for the above-styled case.

28.

Pursuant to 28 U.S.C. §1446, Defendant is not required to file a removal bond.

29.

A true and correct copy of this Notice of Removal shall be filed with the Clerk of the State Court of Dekalb County, as required by 28 U.S.C. §1446.

30.

Written notice of the filing of this Notice of Removal shall be given to all Parties, through their counsel of records, as required by 28 U.S.C. §1446, per the attached Certificate of Service.

This 24th day of February, 2023.

> WALDON ADELMAN CASTILLA
> HIESTAND & PROUT
>
> /s/ Jack Parker
> TRAVIS J. MEYER
> Georgia Bar No. 309781
> JACK A. PARKER
> Georgia Bar No. 507276

*Attorneys for Defendant Wal-Mart Store East, LP, Keyur Patel, James Provost, and Anthony Ross*

900 Circle 75 Parkway
Suite 1040
Atlanta, Georgia  30339
(770) 953-1710
tmeyer@wachp.com
jparker@wachp.com

**11**

## **CERTIFICATE OF COMPLIANCE**

On this date, the undersigned hereby certifies that the foregoing pleading complies with the font and point selections approved by the Court pursuant to Local Rule 5.1B.  The foregoing pleading has been prepared in 14-point Times New Roman font.

This 24th day of February, 2023.

WALDON ADELMAN CASTILLA
HIESTAND & PROUT


*/s/ Jack Parker*
_____
TRAVIS J. MEYER
Georgia Bar No. 309781
JACK A. PARKER
Georgia Bar No. 507276
*Attorneys for Defendant Wal-Mart
Store East, LP, Keyur Patel, James
Provost, and Anthony Ross*

900 Circle 75 Parkway
Suite 1040
Atlanta, Georgia  30339
(770) 953-1710
tmeyer@wachp.com
jparker@wachp.com

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| KENYON DUNCAN, | ) | |
| | ) | CIVIL ACTION FILE NO.: |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | [Removed from |
| | ) | The State Court of |
| WALMART STORES EAST LP, | ) | Dekalb County; |
| KEYUR PATEL, JAMES PROVOST, | ) | Civil Action File No. |
| ANTHONY ROSS, DOE 1, DOE 2, DOE 3 | ) | 22A03589] |
| and DOE 4 | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that, on this the 24th day of February, 2023, I electronically filed the foregoing *Notice of Filing of Notice of Removal to Federal Court* with the Clerk of this Court using the CM/ECF system which will automatically provide notice of such filing via electronic mail to the following attorney(s) of record:

Michael P. Walker, Esq.
Piasta Newbern Walker, LLC
3301 Windy Ridge Parkway
Suite 110
Atlanta, GA  30339
mike@pnwlaw.com

**13**

This 24th day of February, 2023.

                                  WALDON ADELMAN CASTILLA
                                  HIESTAND & PROUT

                                  /s/ Jack Parker
                                  _____
                                  TRAVIS J. MEYER
                                  Georgia Bar No. 309781
                                  JACK A. PARKER
                                  Georgia Bar No. 507276
                                  *Attorneys for Defendant Wal-Mart Store East, LP, Keyur Patel, James Provost, and Anthony Ross*

900 Circle 75 Parkway
Suite 1040
Atlanta, Georgia  30339
(770) 953-1710
tmeyer@wachp.com
jparker@wachp.com

**14**