UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UZOMA OGENE,<br><br>Plaintiff,<br><br>v.<br><br>EDWARD D. JONES & CO., L.P. and AEROTEK, INC.,<br><br>Defendants. | **Civil Action File No.**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

COMES NOW, Plaintiff Uzoma Ogene ("Mr. Ogene" or "Plaintiff") and files this Complaint against Defendants Edward D. Jones & Co., L.P. and Aerotek, Inc. for (1) retaliation in violation of Title VII of the Civil Rights Acts of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII") and Section 1981 of the Civil Rights Act of 1866, as amended in 1991, 42 U.S.C. § 1981 ("Section 1981"); (2) failure to pay minimum wage and overtime in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"); and (3) breach of contract under Georgia law.

### JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1367.

2. Venue is proper in this Court because the violations of Plaintiff's rights alleged herein were committed in this division of this judicial district.

## PARTIES

3. Mr. Ogene is a former employee of Defendants. Mr. Ogene is a citizen of the State of Georgia and submits himself to the jurisdiction of this Court.

4. At all times relevant to this Complaint, Mr. Ogene was an "employee" as defined by Title VII and the FLSA.

5. Defendants Edward D. Jones & Co., L.P. and Aerotek, Inc. (referred to herein collectively as "Defendants") jointly employed Mr. Ogene and were each an "employer" as defined by Title VII and the FLSA.

6. Defendants can be served with the summons and complaint by personal service of their respective Georgia registered agents.

7. This Court has personal jurisdiction over Defendants.

## ADMINISTRATIVE PROCEDURES

8. Mr. Ogene timely filed a charge of discrimination against each of the Defendants with the United States Equal Employment Opportunity Commission ("EEOC") within 180 days of the discriminatory acts alleged herein.

9. The EEOC issued a "Notice of Right to Sue" for each of Mr. Ogene's EEOC charges on January 31, 2023.

10. This action has been commenced within 90 days of Mr. Ogene's receipt of the EEOC's right to sue notices.

11. Mr. Ogene has exhausted his administrative remedies with respect to the claims asserted herein.

## FACTUAL ALLEGATIONS

### Factual Allegations Regarding Plaintiff's Title VII and Section 1981 Claims

12. Beginning on or about December 14, 2020, Defendants jointly employed Mr. Ogene as a Digital Product Manager.

13. Mr. Ogene worked for Defendants remotely from his home located in Suwanee, Georgia.

14. On February 25, 2021, Mr. Ogene complained by email to Defendants' human resources representatives about being subjected to race discrimination in the workplace.

15. Defendants placed Mr. Ogene on paid leave the following day, February 26, 2021.

16. Defendants terminated Mr. Ogene's employment on March 18, 2021.

17. Defendants provided false reasons for Mr. Ogene's termination.

### Factual Allegations Regarding Plaintiff's FLSA Claim

18. Defendants employed Mr. Ogene within the meaning of the FLSA.

19. Defendants hired Mr. Ogene.

20. Defendants maintained Mr. Ogene's employment records.

21. Defendants set Mr. Ogene's schedule.

22. Defendants paid Mr. Ogene's wages.

23. Defendants paid Mr. Ogene a set hourly rate during his employment.

24. Mr. Ogene regularly worked more than 40 hours per week during his employment with Defendants.

25. Defendants were aware that Mr. Ogene regularly worked in excess of 40 hours per week. For example, his managers and supervisors frequently communicated with Mr. Ogene and requested work product outside of normal working hours. Moreover, Mr. Ogene's managers and supervisors specifically instructed him to record only 40 working hours on his weekly timesheets, regardless of the number of hours he actually worked.

26. Because of Defendants' instructions about recording time, Mr. Ogene received no compensation, either minimum wage or overtime, for his working hours over 40 per week.

27. Defendants therefore failed to pay Mr. Ogene minimum wage for his working hours over 40 per week.

28. Defendants therefore failed to pay Mr. Ogene 1.5 times his regular hourly rate for his working hours over 40 per week.

**Factual Allegations Regarding Plaintiff's Breach of Contract Claim**

29. Defendants employed Mr. Ogene to perform work as a Digital Product Manager.

30. Defendants had a contract with Mr. Ogene to pay him at an agreed-upon rate for all hours worked on their behalf.

31. Mr. Ogene did in fact perform work on behalf of Defendants.

32. As described above, Defendants failed to properly record Mr. Ogene's working hours. Therefore, despite Defendants' contractual obligations, Defendants failed to pay Mr. Ogene the agreed-upon hourly rate for all hours he performed work on behalf of Defendants.

## SUBSTANTIVE CLAIMS

### Count 1 - Retaliation in Violation of Title VII and Section 1981

33. By this reference, Plaintiff incorporates his factual allegations above as if fully set forth herein.

34. Title VII and Section 1981 prohibit the taking of adverse employment action against an employee in response to the employee's complaints of race discrimination.

35. Defendants violated Title VII and Section 1981 by terminating Mr. Ogene's employment in retaliation for his complaints of race discrimination.

36. Defendants' violations of Title VII and Section 1981 were willful, knowing, malicious, or carried out in reckless disregard for their lawfulness.

37. Defendants are liable for all damages resulting from their violations of Title VII and Section 1981, including economic, compensatory, and punitive damages, plus attorneys' fees and costs.

**Count 2 - Failure to Pay Minimum Wage and Overtime in Violation of the FLSA**

38. Mr. Ogene incorporates the above paragraphs as if fully set forth herein.

39. The FLSA requires covered employers, such as Defendants, to pay employees at least minimum wage for all working hours.

40. The FLSA requires covered employers, such as Defendants, to pay all non-exempt employees 1.5 times their regular hourly rate for all working hours over 40 per week.

41. Mr. Ogene was not subject to any exemption from overtime pay under the FLSA and applicable regulations.

42. As set forth above, because Defendants failed to properly record Mr. Ogene's working hours in excess of 40 per week, and because he regularly worked more than 40 hours per week, Defendants failed to pay Mr. Ogene minimum wage for each of his working hours as required by the FLSA. Defendants also failed to pay Mr. Ogene 1.5 times his regular hourly rate for

all working hours over 40 per week as required by the FLSA.

43. Defendants knew or should have known that Mr. Ogene regularly worked more than 40 hours per week and that Defendants failed to pay Mr. Ogene minimum wage and overtime for these working hours. Therefore, Defendants willfully violated the FLSA in failing to pay Mr. Ogene proper minimum wage and overtime.

44. Mr. Ogene is entitled to recover all damages permitted under the FLSA, including unpaid wages and overtime, liquidated damages, and attorneys' fees and costs.

### Count 3 - Breach of Contract Under Georgia Law

45. Mr. Ogene incorporates the above paragraphs as if fully set forth herein.

46. Defendants had a contractual obligation to pay Mr. Ogene at a specified rate for all hours worked.

47. Defendants failed to pay Mr. Ogene the agreed-upon wage for all hours worked, and in doing so, Defendants breached their contractual agreement with Mr. Ogene.

48. As a result of Defendants' breach of contract, Defendants are liable to Mr. Ogene for the amount of unpaid straight-time wages he earned that remain unpaid at the contractually-specified rate.

Based on the above, Mr. Ogene demands a jury trial on all triable issues and asks the Court for the following relief:

(1) Issue a declaratory judgment that Defendants' acts, policies, practices, and procedures complained of herein violated Mr. Ogene's rights under the Title VII, Section 1981, the FLSA, and Georgia law;

(2) Grant to Mr. Ogene judgment in his favor and against Defendants under all counts of this Complaint;

(3) Order Defendants to make Mr. Ogene whole by providing for his out-of-pocket losses as well as back pay in an amount equal to the sum of any wages, salary, employment benefits, or other compensation denied or lost because of Defendants' unlawful and discriminatory acts, together with interest thereon, all in an amount to be proven at trial;

(4) Order Defendants to compensate Mr. Ogene for mental and emotional damages suffered because of Defendants' unlawful and discriminatory acts;

(5) Order Defendant to make Mr. Ogene whole by paying him all damages due under the FLSA and Georgia law, including all unpaid wages, overtime, and liquidated damages under the FLSA;

- 9 -

(6) Order that Mr. Ogene be reinstated or, in the alternative, be awarded front pay;

(7) Grant Mr. Ogene punitive damages against Defendants for their violation of Section 1981;

(8) Grant to Mr. Ogene his reasonable attorneys' fees and any and all other costs associated with this action; and

(9) Grant such additional monetary and equitable relief as the Court deems appropriate.

Respectfully submitted on February 24, 2023.

**Regan Keebaugh**
Georgia Bar No. 535500
Radford & Keebaugh, LLC
315 W. Ponce de Leon Ave., Suite 1080
Decatur, Georgia 30030
T: (678) 271-0300
F: (678) 271-0311
regan@decaturlegal.com