JS44 (Rev. 10/2020 NDGA)

# CIVIL COVER SHEET

The JS44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form is required for the use of the Clerk of Court for the purpose of initiating the civil docket record. (SEE INSTRUCTIONS ATTACHED)

## I. (a) PLAINTIFF(S)

## DEFENDANT(S)

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED
PLAINTIFF_____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED
DEFENDANT_____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

## (c) ATTORNEYS (FIRM NAME, ADDRESS, TELEPHONE NUMBER, AND E-MAIL ADDRESS)

## ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION
(PLACE AN "X" IN ONE BOX ONLY)

1 U.S. GOVERNMENT
PLAINTIFF

2 U.S. GOVERNMENT
DEFENDANT

3 FEDERAL QUESTION
(U.S. GOVERNMENT NOT A PARTY)

4 DIVERSITY
(INDICATE CITIZENSHIP OF PARTIES
IN ITEM III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES
(PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(FOR DIVERSITY CASES ONLY)

| PLF | DEF | | PLF | DEF | |
|-----|-----|---|-----|-----|---|
| 1 | 1 | CITIZEN OF THIS STATE | 4 | 4 | INCORPORATED OR PRINCIPAL PLACE OF BUSINESS IN THIS STATE |
| 2 | 2 | CITIZEN OF ANOTHER STATE | 5 | 5 | INCORPORATED AND PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE |
| 3 | 3 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | 6 | 6 | FOREIGN NATION |

## IV. ORIGIN (PLACE AN "X "IN ONE BOX ONLY)

1 ORIGINAL
PROCEEDING

2 REMOVED FROM
STATE COURT

3 REMANDED FROM
APPELLATE COURT

4 REINSTATED OR
REOPENED

5 TRANSFERRED FROM
ANOTHER DISTRICT
(Specify District)

6 MULTIDISTRICT
LITIGATION -
TRANSFER

7 APPEAL TO DISTRICT JUDGE
FROM MAGISTRATE JUDGE
JUDGMENT

8 MULTIDISTRICT
LITIGATION -
DIRECT FILE

## V. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE - DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

**(IF COMPLEX, CHECK REASON BELOW)**

1. Unusually large number of parties.

2. Unusually large number of claims or defenses.

3. Factual issues are exceptionally complex

4. Greater than normal volume of evidence.

5. Extended discovery period is needed.

6. Problems locating or preserving evidence

7. Pending parallel investigations or actions by government.

8. Multiple use of experts.

9. Need for discovery outside United States boundaries.

10. Existence of highly technical issues and proof.

## CONTINUED ON REVERSE

FOR OFFICE USE ONLY

RECEIPT #_____   AMOUNT $_____   APPLYING IFP_____   MAG. JUDGE (IFP)_____

JUDGE_____   MAG. JUDGE_____   NATURE OF SUIT_____   CAUSE OF ACTION_____
_(Referral)_

## VI. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

**CONTRACT - "0" MONTHS DISCOVERY TRACK**
150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT
152 RECOVERY OF DEFAULTED STUDENT LOANS (Excl. Veterans)
153 RECOVERY OF OVERPAYMENT OF VETERAN'S BENEFITS

**CONTRACT - "4" MONTHS DISCOVERY TRACK**
110 INSURANCE
120 MARINE
130 MILLER ACT
140 NEGOTIABLE INSTRUMENT
151 MEDICARE ACT
160 STOCKHOLDERS' SUITS
190 OTHER CONTRACT
195 CONTRACT PRODUCT LIABILITY
196 FRANCHISE

**REAL PROPERTY - "4" MONTHS DISCOVERY TRACK**
210 LAND CONDEMNATION
220 FORECLOSURE
230 RENT LEASE & EJECTMENT
240 TORTS TO LAND
245 TORT PRODUCT LIABILITY
290 ALL OTHER REAL PROPERTY

**TORTS - PERSONAL INJURY - "4" MONTHS DISCOVERY TRACK**
310 AIRPLANE
315 AIRPLANE PRODUCT LIABILITY
320 ASSAULT, LIBEL & SLANDER
330 FEDERAL EMPLOYERS' LIABILITY
340 MARINE
345 MARINE PRODUCT LIABILITY
350 MOTOR VEHICLE
355 MOTOR VEHICLE PRODUCT LIABILITY
360 OTHER PERSONAL INJURY
362 PERSONAL INJURY - MEDICAL MALPRACTICE
365 PERSONAL INJURY - PRODUCT LIABILITY
367 PERSONAL INJURY - HEALTH CARE/ PHARMACEUTICAL PRODUCT LIABILITY
368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY

**TORTS - PERSONAL PROPERTY - "4" MONTHS DISCOVERY TRACK**
370 OTHER FRAUD
371 TRUTH IN LENDING
380 OTHER PERSONAL PROPERTY DAMAGE
385 PROPERTY DAMAGE PRODUCT LIABILITY

**BANKRUPTCY - "0" MONTHS DISCOVERY TRACK**
422 APPEAL 28 USC 158
423 WITHDRAWAL 28 USC 157

**CIVIL RIGHTS - "4" MONTHS DISCOVERY TRACK**
440 OTHER CIVIL RIGHTS
441 VOTING
442 EMPLOYMENT
443 HOUSING/ ACCOMMODATIONS
445 AMERICANS with DISABILITIES - Employment
446 AMERICANS with DISABILITIES - Other
448 EDUCATION

**IMMIGRATION - "0" MONTHS DISCOVERY TRACK**
462 NATURALIZATION APPLICATION
465 OTHER IMMIGRATION ACTIONS

**PRISONER PETITIONS - "0" MONTHS DISCOVERY TRACK**
463 HABEAS CORPUS- Alien Detainee
510 MOTIONS TO VACATE SENTENCE
530 HABEAS CORPUS
535 HABEAS CORPUS DEATH PENALTY
540 MANDAMUS & OTHER
550 CIVIL RIGHTS - Filed Pro se
555 PRISON CONDITION(S) - Filed Pro se
560 CIVIL DETAINEE: CONDITIONS OF CONFINEMENT

**PRISONER PETITIONS - "4" MONTHS DISCOVERY TRACK**
550 CIVIL RIGHTS - Filed by Counsel
555 PRISON CONDITION(S) - Filed by Counsel

**FORFEITURE/PENALTY - "4" MONTHS DISCOVERY TRACK**
625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881
690 OTHER

**LABOR - "4" MONTHS DISCOVERY TRACK**
710 FAIR LABOR STANDARDS ACT
720 LABOR/MGMT. RELATIONS
740 RAILWAY LABOR ACT
751 FAMILY and MEDICAL LEAVE ACT
790 OTHER LABOR LITIGATION
791 EMPL. RET. INC. SECURITY ACT

**PROPERTY RIGHTS - "4" MONTHS DISCOVERY TRACK**
820 COPYRIGHTS
840 TRADEMARK
880 DEFEND TRADE SECRETS ACT OF 2016 (DTSA)

**PROPERTY RIGHTS - "8" MONTHS DISCOVERY TRACK**
830 PATENT
835 PATENT-ABBREVIATED NEW DRUG APPLICATIONS (ANDA) - a/k/a Hatch-Waxman cases

**SOCIAL SECURITY - "0" MONTHS DISCOVERY TRACK**
861 HIA (1395ff)
862 BLACK LUNG (923)
863 DIWC (405(g))
863 DIWW (405(g))
864 SSID TITLE XVI
865 RSI (405(g))

**FEDERAL TAX SUITS - "4" MONTHS DISCOVERY TRACK**
870 TAXES (U.S. Plaintiff or Defendant)
871 IRS - THIRD PARTY 26 USC 7609

**OTHER STATUTES - "4" MONTHS DISCOVERY TRACK**
375 FALSE CLAIMS ACT
376 Qui Tam 31 USC 3729(a)
400 STATE REAPPORTIONMENT
430 BANKS AND BANKING
450 COMMERCE/ICC RATES/ETC.
460 DEPORTATION
470 RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS
480 CONSUMER CREDIT
485 TELEPHONE CONSUMER PROTECTION ACT
490 CABLE/SATELLITE TV
890 OTHER STATUTORY ACTIONS
891 AGRICULTURAL ACTS
893 ENVIRONMENTAL MATTERS
895 FREEDOM OF INFORMATION ACT 899
899 ADMINISTRATIVE PROCEDURES ACT / REVIEW OR APPEAL OF AGENCY DECISION
950 CONSTITUTIONALITY OF STATE STATUTES

**OTHER STATUTES - "8" MONTHS DISCOVERY TRACK**
410 ANTITRUST
850 SECURITIES / COMMODITIES / EXCHANGE

**OTHER STATUTES - "0" MONTHS DISCOVERY TRACK**
896 ARBITRATION (Confirm / Vacate / Order / Modify)

**\* PLEASE NOTE DISCOVERY TRACK FOR EACH CASE TYPE. SEE LOCAL RULE 26.3**

---

## VII. REQUESTED IN COMPLAINT:

CHECK IF CLASS ACTION UNDER F.R.Civ.P. 23       DEMAND $_____

**JURY DEMAND       YES       NO  (CHECK YES ONLY IF DEMANDED IN COMPLAINT)**

---

## VIII. RELATED/REFILED CASE(S) IF ANY

JUDGE_____       DOCKET NO._____

**CIVIL CASES ARE DEEMED RELATED IF THE PENDING CASE INVOLVES:**  (CHECK APPROPRIATE BOX)

1. **PROPERTY INCLUDED IN AN EARLIER NUMBERED PENDING SUIT.**
2. **SAME ISSUE OF FACT OR ARISES OUT OF THE SAME EVENT OR TRANSACTION INCLUDED IN AN EARLIER NUMBERED PENDING SUIT.**
3. **VALIDITY OR INFRINGEMENT OF THE SAME PATENT, COPYRIGHT OR TRADEMARK INCLUDED IN AN EARLIER NUMBERED PENDING SUIT.**
4. **APPEALS ARISING OUT OF THE SAME BANKRUPTCY CASE AND ANY CASE RELATED THERETO WHICH HAVE BEEN DECIDED BY THE SAME BANKRUPTCY JUDGE.**
5. **REPETITIVE CASES FILED BY PRO SE LITIGANTS.**
6. **COMPANION OR RELATED CASE TO CASE(S) BEING SIMULTANEOUSLY FILED (INCLUDE ABBREVIATED STYLE OF OTHER CASE(S)):**

7. **EITHER SAME OR ALL OF THE PARTIES AND ISSUES IN THIS CASE WERE PREVIOUSLY INVOLVED IN CASE NO.                    , WHICH WAS DISMISSED. This case       IS       IS NOT (check one box) SUBSTANTIALLY THE SAME CASE.**

---

2/24/23

SIGNATURE OF ATTORNEY OF RECORD                                        DATE

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| KENYON DUNCAN, | ) | |
| | ) | CIVIL ACTION FILE NO.: |
|    Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | [Removed from |
| | ) | The State Court of |
| WALMART STORES EAST LP, | ) | Dekalb County; |
| KEYUR PATEL, JAMES PROVOST, | ) | Civil Action File No. |
| ANTHONY ROSS, DOE 2, DOE 3 | ) | 22A03589] |
| and DOE 4 | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
|    Defendants. | ) | |

## NOTICE OF REMOVAL

Defendants Wal-Mart Stores East, LP ("Walmart"), Keyur Patel, James Provost, and Anthony Ross, named Defendants in the above-captioned matter, through the undersigned counsel and within the time prescribed by law, without waiving any defenses, files this Notice of Removal, respectfully showing this Honorable Court, as follows:

1.

On September 21, 2022 plaintiff Kenyon Duncan filed a negligence suit against Defendants Wal-Mart Stores East, LP, Keyur Patel, and James Provost in

**1**

the State Court of Dekalb County, Georgia styled as above and numbered as Civil Action File No. 22A03589. Dekalb County is in the Atlanta Division of this Court. 28 U.S.C. § 90 (a)(2).

2.

Mr. Duncan alleges that he slipped and fell within the Walmart store located at 4725 Ashford Dunwoody Road in Dunwoody, Georgia resulting in alleged injuries. (*See* copy of underlying filings, attached hereto as Exhibit "A", p. 5, ¶ 12-15.).

3.

Plaintiff is a Georgia citizen. (Ex. A, p. 3, ¶ 1).

4.

Defendant Wal-Mart Stores East, LP was served with Plaintiff's Complaint on October 25, 2022. (Ex. A, p. 44). Defendant Keyur Patel was served with Plaintiff's Complaint on October 23, 2022. (Ex. A, p. 42). Defendant James Provost was served with Plaintiff's Complaint on October 20, 2022. (Ex. A, p. 43).

5.

Defendant Wal-Mart Stores East, LP is a Delaware limited partnership, of which WSE Management, LLC is the sole general partner and WSE Investment, LLC is the sole limited partner. Both WSE Management, LLC and WSE

2

Investment, LLC are Delaware limited liability companies with principal places of business in Arkansas. The sole member of both WSE Management, LLC and WSE Investment, LLC is Wal-Mart Stores East, LLC. Wal-Mart Stores East, LLC is an Arkansas limited liability company with its principal place of business in Arkansas. The sole member of Wal-Mart Stores East, LLC is Walmart Inc. Walmart Inc. is a Delaware corporation with its principal place of business in Bentonville, Arkansas. As such, Wal-Mart Stores East, LP and none of its partners are or were citizens of the State of Georgia at the time of, or immediately prior to, the filing and service of this lawsuit, or at any time thereafter. (Ex. A, Complaint p. 3, ¶ 2; *see also* Georgia Secretary of State and Delaware Secretary of State documents, attached hereto as Exhibit "F").

6.

On February 13, 2022, plaintiff filed an Amended Complaint adding Anthony Ross as a Defendant in substitution of Defendant Doe 1. (Ex. A, p. 73, ¶ 11).

7.

Anthony Ross no longer has a place of business at 4725 Ashford Dunwoody Road, Dunwoody, Georgia 30338 and cannot be properly served at this address. (See Declaration of Anthony Ross, attached hereto as Exhibit "B", ¶ 17).

8.

Anthony Ross has never authorized Wal-Mart Stores East, LP or anyone else to accept service on his behalf. (Ex. B, ¶ 18).

9.

To date, Anthony Ross has not been personally served with process. (Ex. B, ¶ 16).

10.

To date, Anthony Ross has not been properly served with process under either O.C.G.A. § 9-11-4 or Fed. R. Civ. P. 4.

11.

The State Court of Dekalb County docket does not reflect any attempt at service on Anthony Ross as of the time of filing this Notice of Removal.

12.

Plaintiff's complaint also names Defendants Keyur Patel and James Patel, who are alleged to be residents of Georgia, and further alleged to have been employed by Wal-Mart Stores East, LP at its store located at 4725 Ashford Dunwoody Road in Dunwoody, Georgia on the date of the subject accident.

13.

Plaintiff's Amended Complaint alleges that Keyur Patel and James Provost are liable for failing to implement and enforce store policies, procedures, and

**4**

practices for identifying and removing hazards at the store and that they exercised control over the Store at the time of the accident. *See Amended Complaint*, generally.

14.

Defendants show that Defendants Keyur Patel and James Provost were not owners or occupiers of the subject premises within the meaning of O.C.G.A. § 51-3-1, and did not undertake sole and complete control and management of the subject premises or create the policies, procedures, and training materials used by Walmart as part of its efforts to inspect and maintain the Store. Plaintiff was not an invitee, licensee or trespasser of Defendants Keyur Patel or James Provost. Defendants Keyur Patel and James Provost did not owe or breach any independent duty to Plaintiff. (*See Declaration of Defendants Keyur Patel*, attached as Exhibit "C" and *Declaration of Defendant James Provost*, attached as Exhibit "D").

15.

A party is fraudulently joined if: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court." *Jackson v. Bank of America, NA*, 578 Fed. App'x 856 (11th Cir. 2014) *citing Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329 (11th Cir. 2011). Fraudulent

5

joinder also exists if a plaintiff has "no real intention to get a joint judgment, and…there [is] no colorable ground for so claiming." *AIDS Counseling and Testing Centers v. Group W. Television*, 903 F.2d 1000, 1003 (4ᵗʰ Cir. 1990).

16.

The citizenship of Keyur Patel and James Provost should be disregarded for purposes of determining jurisdiction under 28 U.S.C. § 1441 because Plaintiff has no possibility of recovery against them and, therefore, they have been fraudulently joined solely for the purpose of defeating federal diversity jurisdiction. See, e.g., Illinois Cent R.R. v. Sheegog, 215 U.S. 308 (1909); Tapscott v. MS Dealer Services Corp., 77 F.3d 1353 (11th Cir. 1996).

17.

Removal is appropriate because Plaintiffs have "no real intention to get a joint judgment, and . . .there [is] no colorable ground for so claiming." AIDS Counseling and Testing Centers v. Group W. Television, 903 F.2d 1000, 1003 (4th Cir. 1990). It is evident that no viable claim for relief can be stated against the properly served non-diverse Defendants, and their joinder should be disregarded.

18.

Fictitious defendants such as "John Does" are disregarded when determining diversity jurisdiction. 28 U.S.C. § 1441(b)(1).

19.

28 U.S.C. § 1441 provides that "a civil action otherwise removeable solely on the basis of the jurisdiction under [28 U.S.C. § 1332] may not be removed if any of the parties in interest ***properly joined and served as defendants*** is a citizen of the State in which such action is brought." (emphasis added).

20.

Wal-Mart Stores East, LP is the sole proper defendant that has been joined and served with process.

21.

Defendants show that Defendant Anthony Ross was not an owner or occupier of the subject premises within the meaning of O.C.G.A. § 51-3-1, and did not undertake sole and complete control and management of the subject premises or create the policies, procedures, and training materials used by Walmart as part of its efforts to inspect and maintain the Store. Plaintiff was not an invitee, licensee or trespasser of Defendant Anthony Ross. Defendant Anthony Ross did not owe or breach any independent duty to Plaintiff. (Ex. B).

22.

Because co-defendant Anthony Ross has not been properly served at the time of removal, he cannot defeat diversity jurisdiction. 28 U.S.C. § 1441(b); *Logan v. McKinney Drilling, Inc.*, 2021 WL 354462 (S.D. Ala. Feb 2, 2021)

**7**

(holding that a defendant is only barred from removing a case if any of the

defending parties "properly joined and served" are citizens of the state in which the

lawsuit was filed); *See also Seong Ho Hwang v. Gladden*, 2016 WL 9334726 at *7

(M.D. Ala. Dec. 21, 2016) (agreeing with 'the majority of the courts within the

Eleventh Circuit" and holding that "the plain language of the Resident Defendant

Rule does not prohibit a non-forum defendant from removing a case to federal

court, even when there is an unserved forum defendant).

23.

Plaintiff claims personal injury in a slip-and-fall incident and seeks special

damages for past medical expenses and general damages for past and future pain

and suffering. During discovery in the Dekalb County State Court suit, Plaintiff

disclosed on February 13, 2023 that he is claiming at least $140,704.14 in past

medical expenses. (Exhibit "E", Plaintiff's Response and Objections to Defendant

Walmart Stores East, LP's First Request for Admissions, Interrogatories, Request

for Production of Documents, and Notice to Produce to Plaintiff, p. 9-10, ¶ 5).

24.

Based on the foregoing, the amount in controversy exceeds $75,000.00. *See*

Dart Cherokee Basin Operating Co. v. Owens, 574 U.S. 81, 81-82, 135 S. Ct. 547,

553, 554 (2014) (pursuant to 28 U.S.C. §1446(a), a defendant's Notice of Removal

"need include only a plausible allegation that the amount in controversy exceeds the

**8**

jurisdictional threshold.")

25.

Defendant has timely removed this case pursuant to 28 U.S.C. §1446(b)(3) which provides that "a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." This Notice of Removal is filed within thirty days of the service of Plaintiff's Responses and Objections to Defendant Walmart Stores East, LP's First Request for Admissions, Interrogatories, Request for Production of Documents, and Notice to Produce to Plaintiff in which he indicates the amount in controversy, exclusive of interest and costs, exceeds $75,000. (Ex. E p. 9-10, ¶ 5).

26.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§1332(a) and 1441 because, as demonstrated in the foregoing, complete diversity exists between the only proper parties to this suit that have been joined and served and Defendant has shown by a preponderance of the evidence that it is plausible that the amount in controversy exceeds $75,000.00.

27.

Pursuant to the provisions of 28 U.S.C. §1446, Defendant has attached

9

copies of all process, pleadings and Orders that were served on and/or provided to Defendant, including copies of all pleadings that have been filed to date in Civil Action File Number 22A03589 in the State Court of Dekalb County, Georgia for the above-styled case.

28.

Pursuant to 28 U.S.C. §1446, Defendant is not required to file a removal bond.

29.

A true and correct copy of this Notice of Removal shall be filed with the Clerk of the State Court of Dekalb County, as required by 28 U.S.C. §1446.

30.

Written notice of the filing of this Notice of Removal shall be given to all Parties, through their counsel of records, as required by 28 U.S.C. §1446, per the attached Certificate of Service.

This 24th day of February, 2023.

WALDON ADELMAN CASTILLA
HIESTAND & PROUT

TRAVIS J. MEYER
Georgia Bar No. 309781
JACK A. PARKER
Georgia Bar No. 507276

10

*Attorneys for Defendant Wal-Mart*
*Store East, LP, Keyur Patel, James*
*Provost, and Anthony Ross*

900 Circle 75 Parkway
Suite 1040
Atlanta, Georgia  30339
(770) 953-1710
tmeyer@wachp.com
jparker@wachp.com

**11**

## **CERTIFICATE OF COMPLIANCE**

On this date, the undersigned hereby certifies that the foregoing pleading complies with the font and point selections approved by the Court pursuant to Local Rule 5.1B. The foregoing pleading has been prepared in 14-point Times New Roman font.

This 24th day of February, 2023.

WALDON ADELMAN CASTILLA
HIESTAND & PROUT


_Jack Parker_
TRAVIS J. MEYER
Georgia Bar No. 309781
JACK A. PARKER
Georgia Bar No. 507276
*Attorneys for Defendant Wal-Mart*
*Store East, LP, Keyur Patel, James*
*Provost, and Anthony Ross*

900 Circle 75 Parkway
Suite 1040
Atlanta, Georgia  30339
(770) 953-1710
tmeyer@wachp.com
jparker@wachp.com

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

KENYON DUNCAN,  )
  )   CIVIL ACTION FILE NO.:
  Plaintiff,  )
  )
v.  )
  )   [Removed from
  )   The State Court of
WALMART STORES EAST LP,  )   Dekalb County;
KEYUR PATEL, JAMES PROVOST,  )   Civil Action File No.
ANTHONY ROSS, DOE 1, DOE 2, DOE 3  )   22A03589]
and DOE 4  )
  )
  )
  )
  )
  Defendants.  )

## **CERTIFICATE OF SERVICE**

I hereby certify that, on this the 24th day of February, 2023, I electronically

filed the foregoing *Notice of Filing of Notice of Removal to Federal Court* with the

Clerk of this Court using the CM/ECF system which will automatically provide

notice of such filing via electronic mail to the following attorney(s) of record:

Michael P. Walker, Esq.
Piasta Newbern Walker, LLC
3301 Windy Ridge Parkway
Suite 110
Atlanta, GA  30339
mike@pnwlaw.com

13

This 24th day of February, 2023.

WALDON ADELMAN CASTILLA
HIESTAND & PROUT


_Jack Parker_

TRAVIS J. MEYER
Georgia Bar No. 309781
JACK A. PARKER
Georgia Bar No. 507276
*Attorneys for Defendant Wal-Mart*
*Store East, LP, Keyur Patel, James*
*Provost, and Anthony Ross*

900 Circle 75 Parkway
Suite 1040
Atlanta, Georgia  30339
(770) 953-1710
tmeyer@wachp.com
jparker@wachp.com

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| KENYON DUNCAN, | ) | |
| | ) | CIVIL ACTION FILE NO.: |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | [Removed from |
| | ) | The State Court of |
| WALMART STORES EAST LP, | ) | Dekalb County; |
| KEYUR PATEL, JAMES PROVOST, | ) | Civil Action File No. |
| ANTHONY ROSS, DOE 2, DOE 3 | ) | 22A03589] |
| and DOE 4 | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Defendants, by and through counsel, and pursuant to Fed. R. Civ. P. 7.1 and

Local Rule 3.3 hereby disclose the following:

**(1) The undersigned counsel of record for a party or proposed**

**intervenor to this action certifies that the following is a full and complete list**

**of all parties, including proposed intervenors, in this action, including any**

**parent-corporation and any publicly held corporation that owns 10% or more**

**of the stock of a party or proposed intervenor:**

1

Defendant Wal-Mart Stores East, LP is a Delaware limited partnership, of which WSE Management, LLC is the sole general partner and WSE Investment, LLC is the sole limited partner. Both WSE Management, LLC and WSE Investment, LLC are Delaware limited liability companies with principal places of business in Arkansas.  The sole member of both WSE Management, LLC and WSE Investment, LLC is Wal-Mart Stores East, LLC.  Wal-Mart Stores East, LLC is an Arkansas limited liability company with its principal place of business in Arkansas. The sole member of Wal-Mart Stores East, LLC is Walmart Inc.  Walmart Inc. is a Delaware corporation with its principal place of business in Bentonville, Arkansas. Neither Wal-Mart Stores East, LP nor any of its partners were citizens of the State of Georgia at the time of, or immediately prior to, the filing and service of this lawsuit, or at any time thereafter.  Walmart, Inc. was not a citizen of the State of Georgia at the time of, or immediately prior to, the filing and service of this lawsuit, or at any time thereafter.

Keyur Patel is a resident of Georgia (who has been fraudulently joined). James Provost is a resident of Georgia (who has been fraudulently joined). Anthony Ross is a resident of Georgia (who has not been served).

**(2) The undersigned further certifies that the following is a full and complete list of all other person, associations, firms, partnership, or**

corporations having either a financial interest which could be substantially affected by the outcome of this case:

Michael P. Walker of The Law Office of Piasta Newbern Walker, LLC, National Union Fire Insurance Company of Pittsburgh, PA.

(3)  The undersigned further certifies that the following is a full and complete list of all persons serving as attorneys for the parties, including proposed intervenors, in this case:

Michael P. Walker of The Law Office of Piasta Newbern Walker, LLC

Travis J. Meyer and Jack A. Parker of the law firm Waldon Adelman Castilla Hiestand & Prout, LLP.

(4)  [For every action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a).] The undersigned further certifies that the following is a full and complete list citizenship* of every individual or entity whose citizenship is attributed to a party or proposed intervenor or whose behalf this certificate is filed:

Defendant Wal-Mart Stores East, LP is a Delaware limited partnership, of which WSE Management, LLC is the sole general partner and WSE Investment, LLC is the sole limited partner. Both WSE Management, LLC and WSE Investment, LLC are Delaware limited liability companies with principal places of business in Arkansas.  The sole member of both WSE Management, LLC and

WSE Investment, LLC is Wal-Mart Stores East, LLC.  Wal-Mart Stores East, LLC is an Arkansas limited liability company with its principal place of business in Arkansas. The sole member of Wal-Mart Stores East, LLC is Walmart Inc.  Walmart Inc. is a Delaware corporation with its principal place of business in Bentonville, Arkansas. Neither Wal-Mart Stores East, LP nor any of its partners were citizens of the State of Georgia at the time of, or immediately prior to, the filing and service of this lawsuit, or at any time thereafter.  Walmart, Inc. was not a citizen of the State of Georgia at the time of, or immediately prior to, the filing and service of this lawsuit, or at any time thereafter.

Keyur Patel is a resident of Georgia (who has been fraudulently joined).

James Provost is a resident of Georgia (who has been fraudulently joined).

Anthony Ross is a resident of Georgia (who has not been served).

*Allegations of an individual's residence do not enable the Court to determine an individual's citizenship. *Travaglio v. Am. Express Co.* 735 F.3d 1266, 1269 (11th Cir. 2013). For purpose of diversity jurisdiction, citizenship is equivalent to domicile, which is a party's "true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." *McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (quoting *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974).
"[A] limited partnership is a citizen of each state in which ant of its partners, limited, or general, are citizens." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1021 (11th Cir. 2004) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-196 (1990)).

A limited liability company, like other unincorporated entities, "is a citizen of any state of which a member of the company is a citizen." *Rolling Greens MHP*, 374 F.3d at 1022.

**4**

A traditional trust is a citizen of the state of which is trustee is a citizen, not it beneficiaries. *Alliant Tax Credit 31, Inc. v. Murphy*, 924 F.3d 1134, 1143 (11th Cir. 2019)

This 24th day of February, 2023.

WALDON ADELMAN CASTILLA HIESTAND & PROUT

TRAVIS J. MEYER
Georgia Bar No. 309781
JACK A. PARKER
Georgia Bar No. 507276
*Attorneys for Defendant Wal-Mart Store East, LP, Keyur Patel, James Provost, and Anthony Ross*

900 Circle 75 Parkway
Suite 1040
Atlanta, Georgia  30339
(770) 953-1710
tmeyer@wachp.com
jparker@wachp.com

## **CERTIFICATE OF COMPLIANCE**

The undersigned hereby certify that the foregoing pleading complies with the font and point selections approved by the Court and Local Rule 5.1B.  The foregoing pleading has been prepared in 14 point Times New Roman font.

This 24th day of February, 2023.

WALDON ADELMAN CASTILLA
HIESTAND & PROUT

TRAVIS J. MEYER
Georgia Bar No. 309781
JACK A. PARKER
Georgia Bar No. 507276
*Attorneys for Defendant Wal-Mart*
*Store East, LP, Keyur Patel, James*
*Provost, and Anthony Ross*

900 Circle 75 Parkway
Suite 1040
Atlanta, Georgia  30339
(770) 953-1710
tmeyer@wachp.com
jparker@wachp.com

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

KENYON DUNCAN,                        )
                                      )        CIVIL ACTION FILE NO.:
   Plaintiff,                         )
                                      )
v.                                    )
                                      )        [Removed from
                                      )        The State Court of
WALMART STORES EAST LP,               )        Dekalb County;
KEYUR PATEL, JAMES PROVOST,           )        Civil Action File No.
ANTHONY ROSS, DOE 2, DOE 3            )        22A03589]
and DOE 4                             )
                                      )
                                      )
                                      )
                                      )
   Defendants.                        )

## CERTIFICATE OF SERVICE

I hereby certify that, on this the 24th day of February, 2023, I electronically filed the foregoing *Certificate Of Interested Persons And Corporate Disclosure Statement* with the Clerk of this Court using the CM/ECF system which will automatically provide notice of such filing via electronic mail to the following attorney(s) of record:

Michael P. Walker, Esq.
Piasta Newbern Walker, LLC
3301 Windy Ridge Parkway
Suite 110
Atlanta, GA  30339
mike@pnwlaw.com

7

This 24th day of February, 2023.

WALDON ADELMAN CASTILLA
HIESTAND & PROUT

_____
TRAVIS J. MEYER
Georgia Bar No. 309781
JACK A. PARKER
Georgia Bar No. 507276
*Attorneys for Defendant Wal-Mart
Store East, LP, Keyur Patel, James
Provost, and Anthony Ross*

900 Circle 75 Parkway
Suite 1040
Atlanta, Georgia  30339
(770) 953-1710
tmeyer@wachp.com
jparker@wachp.com