22A03589

No. _____

Date Summons Issued and E-Filed

9/21/2022
_____

/s/ Monica Gay
_____

Deputy Clerk

Deposit Paid $ _____

**STATE COURT OF DEKALB COUNTY**
GEORGIA, DEKALB COUNTY

SUMMONS

Kenyon D. Duncan
_____

_____

Plaintiff's name and address

vs.

Wal-Mart Stores East LP; Keyur Patol; James Provost; Doe 1;
_____

Doe 2; Doe 3; and Doe 4
_____

Defendant's name and address

☑ JURY

TO THE ABOVE-NAMED DEFENDANT:   Wal-Mart Stores East LP

You are hereby summoned and required to file with the Clerk of State Court, Suite 230, 2nd Floor, Administrative Tower, DeKalb County Courthouse, 556 N. McDonough Street, Decatur, Georgia 30030 and serve upon the plaintiff's attorney, to wit:

Michael P. Walker; Piasta Newbern Walker, LLC

Name
3301 Windy Ridge Pkwy, Suite 110, Atlanta GA 30339

Address
404-996-1296                                          954678

Phone Number                                          Georgia Bar No.

an **ANSWER** to the complaint which is herewith served upon you, within thirty (30) days after service upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. The answer or other responsive pleading can be filed via electronic filing through eFileGA via www.eFileGA.com or, if desired, at the e-filing public access terminal in the Clerk's Office at 556 N. McDonough Street, Decatur, Georgia 30030

Defendant's Attorney                          Third Party Attorney

Address                                        Address

Phone No.               Georgia Bar No.       Phone No.               Georgia Bar No.

**TYPE OF SUIT**

☑ Personal Injury ☐ Products Liability          Principal $ _____
☐ Contract ☐ Medical Malpractice
☐ Legal Malpractice ☐ Product Liability         Interest $ _____
☐Other

                                                Atty Fees $ _____

**Access to the e-filing site and the rules is available at www.dekalbstatecourt.net**
**To indicate consent to e-service check the box below.**
☑**(Plaintiff consents to e-service pursuant to OCGA 9-11-5 (f). The email address for service appears in the complaint.**

**Exhibit**

**A**

STATE COURT OF
DEKALB COUNTY, GA.
9/21/2022 9:32 AM
E-FILED
BY: Monica Gay

**General Civil and Domestic Relations Case Filing Information Form**

☐ Superior or ☐ State Court of ___Dekalb_____ County

| For Clerk Use Only | |
|---|---|
| Date Filed ___9/21/2022_____ | Case Number ___22A03589_____ |
| **MM-DD-YYYY** | |

**Plaintiff(s)**
Duncan, Kenyon D.

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Defendant(s)**
Wal-Mart Stores East LP

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Patel, Keyur | | | | |
| Last | First | Middle I. | Suffix | Prefix |
| Provost, James | | | | |
| Last | First | Middle I. | Suffix | Prefix |
| Doe 1-4 | | | | |
| Last | First | Middle I. | Suffix | Prefix |

Plaintiff's Attorney ___Michael P. Walker_____   State Bar Number ___954678___   Self-Represented ☐

**Check one case type and one sub-type in the same box (if a sub-type applies):**

**General Civil Cases**
☐ Automobile Tort
☐ Civil Appeal
☐ Contempt/Modification/Other Post-Judgment
☐ Contract
☐ Garnishment
☑ General Tort
☐ Habeas Corpus
☐ Injunction/Mandamus/Other Writ
☐ Landlord/Tenant
☐ Medical Malpractice Tort
☐ Product Liability Tort
☐ Real Property
☐ Restraining Petition
☐ Other General Civil

**Domestic Relations Cases**
☐ Adoption
☐ Contempt
  ☐ Non-payment of child support, medical support, or alimony
☐ Dissolution/Divorce/Separate Maintenance/Alimony
☐ Family Violence Petition
☐ Modification
  ☐ Custody/Parenting Time/Visitation
☐ Paternity/Legitimation
☐ Support – IV-D
☐ Support – Private (non-IV-D)
☐ Other Domestic Relations

☐ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____   _____
**Case Number**           **Case Number**

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

STATE COURT OF
DEKALB COUNTY, GA.
9/21/2022 9:32 AM
E-FILED
BY: Monica Gay

002

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| KENYON D. DUNCAN,<br><br>    Plaintiff,<br><br>v.<br><br>WAL-MART STORES EAST LP;<br>KEYUR PATEL; JAMES PROVOST;<br>DOE 1; DOE 2; DOE 3; and DOE 4;<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No. 22A03589 _____<br>)<br>)   **JURY TRIAL DEMANDED**<br>) |

## COMPLAINT

COMES NOW Plaintiff and files this Complaint for Damages, as follows:

## PARTIES, JURISDICTION, AND VENUE

1.

Plaintiff Kenyon Duncan is a Georgia resident and citizen and submits himself to the jurisdiction and venue of this Court.

2.

Defendant Wal-Mart Stores East, LP ("Wal-Mart" or "Defendant(s)") is a limited partnership authorized to do business in the state of Georgia.  Wal-Mart may be served through its registered agent, The Corporation Company, 106 Colony Park Drive, Suite 800-B, Cumming, Georgia 30040.

STATE COURT OF<br>DEKALB COUNTY, GA.<br>9/21/2022 9:32 AM<br>E-FILED<br>BY: Monica Gay

3.

Jurisdiction and venue are proper as to Wal-Mart.

4.

Wal-Mart has been properly served with process in this action.

5.

Defendant James Provost ("Provost" or "Defendant(s)") is a natural person and Georgia resident and citizen. He may be served at his usual place of abode, 899 Powers Ferry Road SE, Apt. B07, Marietta, Georgia 30067.

6.

Jurisdiction and venue are proper as to Provost.

7.

Provost has been properly served with process in this action.

8.

Defendant Keyur Patel ("Patel") is a natural person and Georgia resident and citizen. He may be served at his place of business, 4725 Ashford Dunwoody Road, Dunwoody, Georgia 30338.

9.

Jurisdiction and venue are proper as to Patel.

10.

Patel has been properly served with process in this matter.

2

11.

Out of abundance of caution, Plaintiff identifies Doe 1, Doe 2, Doe 3, and Doe 4 as party Defendants. The true names of Does 1 through 4 are unknown to Plaintiff. These John Does are legally responsible in some manner for Plaintiff's injuries under theories of premises liability, vicarious liability, and direct liability for the dangerous condition that caused Plaintiff's injury. This Defendant has received such notice of the institution of the action that it will not be prejudiced in maintaining a defense on the merits. Does 1 through 4 are on notice, or should have been on notice, that but for a mistake as to the real party, the action would have been brought against them.

## OPERATIVE FACTS

12.

On or about March 13, 2021 (the "date of incident"), Plaintiff Kenyon Duncan was shopping at the Wal-Mart store located at 4725 Ashford Dunwoody Road, Dunwoody, Georgia 30338 ("Premises"). At all times relevant to this case, the Wal-Mart store was owned, occupied, controlled, managed, and operated by Defendants.

13.

Defendants Provost and/or Patel were the managers of the Wal-Mart store located on the premises and were responsible for operating, managing, and maintaining the Wal-Mart store on the date of incident.

3

14.

Defendant Defendants Provost and/or Patel responsible for identifying, removing, and warning Wal-Mart patrons of hazardous conditions on the Premises. On the date and time of the incident, Defendants Provost and/or Patel were also responsible for implementing and enforcing store policies, procedures, and practices for identifying and removing hazards at the store, such that he exercised control over the subject premises at the time of the incident.

15.

On the date of incident, Plaintiff Duncan was walking in the Wal-Mart store on the Premises when he slipped due to a foreign substance on the floor of the store.

16.

The foreign substance created a hazardous condition on the floor of the Premises on the date of incident.

17.

As a result of slipping on the foreign substance, Duncan fell and suffered bodily injuries.

18.

At the time of his fall, Duncan was an invitee of Defendants.

4

19.

Duncan required medical treatment to address bodily injuries caused by the fall on the date of incident.

20.

Duncan incurred medical bills for medical treatment for the fall.

21.

Before Duncan's fall, Defendants had actual and/ or constructive knowledge of the hazardous condition presented by the foreign substance on the Premises that caused Duncan's fall and injuries.

22.

Defendants should have known of the hazard created by the foreign substance due to the presence of employees in the immediate vicinity of the fall, the length of time the foreign substance remained on the floor of the Premises, and because Defendants failed to follow reasonable policies and procedures for inspecting the area of the floor in the Wal-Mart store on the date of incident.

23.

Before Duncan's fall, Defendants did not place any warning signs in the area where Duncan fell to alert customers of the hazard, and in fact, provided no warning whatsoever to Duncan regarding the hazardous condition created by the foreign substance on Defendants' Premises.

5

24.

Duncan exercised ordinary care at the time of the incident.

25.

Duncan did not have knowledge of the hazardous condition presented by the foreign substance prior to his slipping and falling on the date of incident.

## LEGAL CLAIMS

26.

Duncan was an invitee of Defendants as defined by O.C.G.A. § 51-3-1, *et seq.*

27.

As the owner and/ or occupier of the Premises, Defendants owed an invitee such as Duncan a duty to exercise ordinary care to keep the Premises safe.

28.

Defendants knew or should have known that the hazardous condition on the Premises posed a risk to Wal-Mart's patrons, including Plaintiff, and that the failure to clean, mark, remove, and/or warn of said conditions was likely to result in injuries to their invitees.

29.

Defendants had actual and constructive knowledge of the hazardous condition(s) existing on the Premises due to the presence of their employees and agents within the immediate area of the hazardous condition, and due to the existence of the condition(s) for an unreasonable period of time.

6

30.

Defendants had actual knowledge of the hazardous condition(s) existing on their Premises through the direct knowledge of their employees and agents.

31.

Although Defendants knew or should have known of the risks of injuries to their invitees from the hazardous conditions, they negligently failed to take reasonable precautions to guard against the dangerous conditions and failed to protect their invitees from the conditions, including Plaintiff.

32.

Defendants negligently failed to ensure that the Premises were safe for their patrons, including Plaintiff, and failed to inspect, clean, maintain, warn, or mark the dangerous condition, thereby causing Plaintiff's injuries.

33.

Defendants were negligent and said negligence proximately caused Plaintiff's injuries in the following ways:

a) Violation of O.C.G.A. § 51-3-1 by failing to use ordinary care to keep the Premises safe;

b) Failing to reasonably inspect and clean the floor of the Premises;

c) In failing to properly inspect and maintain the Premises;

d) In knowingly allowing their invited guests to use an unsafe area of the Premises;

7

e) In failing to post warning signs or warning markings;

f) In failing to properly train and supervise their employees to the care of said Premises; and

g) In negligently retaining, entrusting, hiring, training and supervising said employees.

34.

Defendants were, and are, negligent *per se*.

35.

Each of the forgoing acts and omissions constitute an independent act of negligence by Defendants and one or more or all of said herein above stated acts was the proximate cause of the injuries and damages sustained by Plaintiff.

36.

The injuries sustained by Plaintiff are the direct and proximate result of Defendants' negligence. But for said negligence, Plaintiff would not have suffered the injuries and losses discussed herein.

37.

Because of said injuries, Plaintiff has incurred reasonable and necessary medical and doctor expenses, and will continue to incur expenses in the future.

38.

Plaintiff is entitled to recover for the injuries and pain and suffering sustained, and all other elements of damages allowed under Georgia law,

8

including but not limited to all compensatory, general, special, incidental, consequential, and other damages permitted. Plaintiff states her intention to seek all compensatory, general, special, incidental, consequential, and other damages permissible under Georgia law, including, but not limited to:

a) Personal injuries;

b) Past, present and future pain and suffering;

c) Past, present and future medical expenses;

d) Disability;

e) Mental anguish;

f) Loss of the capacity for the enjoyment of life;

g) Incidental expenses;

h) Permanent injuries; and

i) Consequential damages to be proven at trial.

39.

Plaintiff is entitled to attorneys' fees and the expenses of litigation because Defendants' actions evidence a species of bad faith, were and are stubbornly litigious, and have caused Plaintiff unnecessary trouble and expense under O.C.G.A. § 13-6-11.

WHEREFORE, the Plaintiff prays for a judgment to be awarded to her and against the Defendants for the following:

9

a)    Plaintiff be awarded actual damages in amounts to be shown at trial from the Defendants;

b)    Plaintiff be awarded all general, special, compensatory, economic, attorney's fees and expenses, and other allowable damages in accordance with the enlightened conscience of an impartial jury from the Defendants and as permitted under Georgia law;

c)    Plaintiff be awarded a trial by jury; and

d)    Plaintiff has such other relief as this Court deems just and appropriate under the circumstances.

TRIAL BY JURY IS HEREBY DEMANDED.

Dated: September 21, 2022

Respectfully submitted,

**PIASTA NEWBERN WALKER, LLC**

3301 Windy Ridge Parkway
Suite 110
Atlanta, GA 30339
(404) 996-1296
Fax: (404) 996-1316
mike@pnwlaw.com
andrew@pnwlaw.com

*/s/ Michael P. Walker*
MICHAEL P. WALKER
Georgia Bar No. 954678
ANDREW L. HAGENBUSH
Georgia Bar No. 127945

STATE COURT OF
DEKALB COUNTY, GA.
9/21/2022 9:32 AM
E-FILED
BY: Monica Gay

10

**IN THE STATE COURT OF DEKALB COUNTY**
**STATE OF GEORGIA**

KENYON D. DUNCAN,        )
                                )
     Plaintiff,          )
                                )
v.                        )
                                )    Civil Action No. 22A03589
WAL-MART STORES EAST LP;  )
KEYUR PATEL; JAMES PROVOST;  )
DOE 1; DOE 2; DOE 3; and DOE 4;  )
                                )    **JURY TRIAL DEMANDED**
     Defendants.       )

**PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION**
**AND NOTICE TO PRODUCE DOCUMENTS TO DEFENDANTS**

TO:   EACH DEFENDANT

     Pursuant to O.C.G.A. § 9-11-26, *et seq.*, Plaintiff hereby requests that the Defendant(s) respond as provided by law, with a copy of the responses being served upon the undersigned counsel of record for the Plaintiff at Piasta Newbern Walker, LLC, 3301 Windy Ridge Parkway, Suite 110, Atlanta, Georgia 30339.

DEFINITIONS AND INSTRUCTIONS

A. These Requests for Production of Documents and notice to produce shall be deemed continuing to the extent permitted by O.C.G.A. § 9-11-26 *et. seq.,* so as to require Defendant to serve upon all parties supplemental answers or documents if Defendant or its attorneys obtain further information between the time the answers are served and the time of the trial. Plaintiff also requests that Defendant produce the originals of each document at trial and

STATE COURT OF
DEKALB COUNTY, GA.
9/21/2022 9:32 AM
E-FILED
BY: Monica Gay

013

any deposition of Defendant or their agents or employees.

B. "Document," whether singular or plural, means documents and other tangible things defined in the broadest sense permitted by the Georgia Civil Practice Act and shall include without limitation originals or, if such are not available, true copies, including copies of documents, videotapes, computer data, and sound material, **whether in physical or electronic form**.

C. You are to produce all documents that are in the possession, control or custody of you or in the possession, control or custody of any attorney for you. Without limiting the term "control," a document is deemed to be within your control if you have ownership, possession or custody of the document, or the right to secure the document or copy thereof from any person or public or private entity having physical possession thereof.

D. All duplicates or copies of documents are to be provided to the extent they have handwriting, additions, or deletions of any kind different from the original document being produced.

E. Unless otherwise indicated, documents requested by this Document Request are documents referring to, relating to, or prepared during the period March 13, 2016 through and including the date of your response.

F. This Document Request requires you amend or supplement your production of documents called for by this Document Request.

G. In the event that any document requested has been lost or destroyed, you

2

shall identify such document and, in addition, specify (a) the date of its loss or destruction; (b) the reason for its destruction; (c) the person authorizing its destruction; and (d) the custodian of the document immediately preceding its loss or destruction.

H. Plaintiff requests that, with respect to each document not produced because of a claim of privilege, you specify in writing with respect to each purportedly privileged document, its author(s), recipient(s), nature (e.g. memorandum, letter), date, subject matter, the nature of the claimed privilege and all facts you rely on to support the claim of privilege.  Plaintiff requests that you provide such descriptions within fifteen days after service of your response, or responses, to these documents requests.

I. If you object to any part of a document request, you shall produce all documents, or any portions thereof, covered by the request to which you do not object.

J. "You," "your," or "yours" shall mean, unless otherwise specified in a particular request, Defendant and/or any agent or representative of Defendant during all times relevant to this action.

K. The terms "and/or," "or," and "and" are used inclusively, not exclusively.

L. The term "identify," or "identity," when used herein in reference to a natural person, means to state (1) his/her full name and the present or last known address of his/her residence, and last known telephone number (with area

3

code prefix); (2) his/her present or last known business affiliation and positions with respect thereto during the relevant time period as herein defined, including a description of his/her duties and responsibilities. If any of the above information is not available, state any other available means of identification.

M. "The terms "concerning" or "relating to" as used herein shall mean referring to, reflecting or related in any manner, logically, factually, indirectly or directly to the matter discussed.

N. The terms "evidencing" as used herein shall mean constituting, reflecting, memorializing, referring to and/or supporting - logically, factually, indirectly or directly - the matter discussed.

O. The term "Damages" shall mean all claims for relief alleged by Plaintiff in his Complaint.

P. As used herein, the term "communication" includes, without limitation, every manner or means of statement, utterance, notation, disclaimer, transfer, or exchange of information of any nature whatsoever, by or to whomever, whether oral, written, or face-to-face, by telephone, U.S. mail, personal delivery, electronic mail, computer, or otherwise, specifically including, without limitation, correspondence, conversations, dialogue, discussions, interviews, consultations, agreements, and other understandings.

Q. All documents responsive to this request shall be produced in their original

4

form.  Documents originally in hard copy form shall be produced in that form. Documents or items requested in electronic, optical, or magnetic media form shall be produced in the form requested as kept by you.  In the event Plaintiff experiences difficulty in retrieving or translating said electronic, computer or magnetic data, Defendant shall produce all such documentary information contained within said data in hard copy form that does not require translation within five (5) days of receiving objection from Plaintiff without the necessity of court order.

R. The singular includes the plural number, and vice versa.  The masculine includes the feminine and neuter gender.   The past tense includes the present tense where the clear meaning is not distorted by change of tense.

S. "Equipment" shall refer to any of the equipment that was being used during the incident that formed the basis of this suit.

T. "Entity" or "Entities" shall mean any corporation, corporate form (such as a limited partnership, limited liability partnership, or limited liability company), parent company, affiliate, subsidiary, partner, member, venture, partnership, or any other structure (or a chain of successive entities) that conducts business, has conducted business, or anticipates conducting business.

U. If you assert the attorney-client privilege or work-product doctrine as to any document requested by any of the following specific requests, please identify

5

the document in sufficient detail to permit the Court to reach a determination in the event of Motion to Compel.

V. **If you have any objections such as vague, overbroad, etc., please do not object. Instead, call me and I will try to take into account your objections and specific concerns in hopes of working such disputes out amicably.**

## REQUESTS FOR PRODUCTION

Defendant is requested to produce each of the following:

1.

Any statement in your control from any person possessing relevant knowledge of the incident giving rise to this lawsuit, whether written or recorded.

2.

All photographs, charts, diagrams, videotapes, and other illustrations of any person, place or thing involved in this lawsuit.

3.

All documents evidencing, reflecting, relating to or constituting any communication between you and another party in this action.

4.

All documents supporting or relating to Plaintiff's or any Defendant's contentions of negligence, including any allegation of non-party fault.

6

5.

Any correspondence, statements, documents, or other tangible evidence involving any of the witnesses or other individuals involved or with knowledge of the incident forming the basis of Plaintiff's Complaint.

6.

All documents evidencing, reflecting, relating to or constituting an accident or incident report regarding the occurrence forming the basis of this lawsuit.

7.

All documents that you receive in response to your Requests for Production of Documents to nonparties.

8.

All documents identified, referenced, or used to answer Plaintiff's discovery in this matter.

9.

Any and all documents that support any defenses or contentions raised in your Answer and pleadings, or any relevant fact to this litigation.

10.

All documents, pleadings and/or exhibits filed, served or prepared with any litigation involving personal injuries to which you have been a party and involving the premises and approaches in question for the past (5) years.

7

11.

Any maintenance, landscaping, permit, repair, inspection, or service records reflecting repairs, service, additions, modifications, or changes to the area where Plaintiff fell, and the premises and approaches at issue in Plaintiff's Complaint.

12.

All documentary evidence or other tangible evidence which relates, or is reasonably calculated to lead to the discovery of relevant or admissible evidence, regarding any of the Plaintiff's claims in this action or Defendant's defenses.

13.

Please produce all policies of insurance, to include the declaration pages, which do or may afford insurance coverage Defendant for Plaintiff's claims against Defendant.  This Request includes primary insurance coverage, excess insurance coverage, or any other type of liability insurance coverage, and medical-payments coverage.  This request includes all documents affecting coverage, including reservation of rights documents.

14.

Please produce all reports and documents received from any persons who have investigated any issue(s) relevant to the subject fall and relevant to this lawsuit.

8

15.

Please produce all documents evidencing or reflecting any agreement regarding maintenance, cleaning, or inspecting the approaches and area where Plaintiff fell.

16.

Please produce all claims forms, accident reports, or other documentation evidencing prior or subsequent complaints, problems, injuries, or falls occurring on the premises or approaches where Plaintiff was injured.

17.

Please produce all log books, maintenance or inspection reports, permits, applications, work orders, or all other documents of any kind or by any other name which relate in any way to modifications to the inspection, walkthrough, cleaning, or maintenance of the area in question before and after Plaintiff fell.

18.

Please produce any demonstrative evidence relevant to the issues of this case.

19.

Please produce all documents, including employee handbooks, policy or procedure manuals, or video tapes, Defendant's policies regarding safety, training, testing, inspecting, repairing, or maintaining the premises, means of egress and ingress, approaches and the area forming the basis of Plaintiff's Complaint.

9

20.

Produce all safety inspection and maintenance reports / documents completed by any of your employees, agents or independent contractors with regard to the premises and approaches at issue from March 8, 2021 through and including March 14, 2021.

21.

Please produce safety inspection procedures with regard to the premises and approaches at issue.

22.

Produce all civil Complaints, or internal incident reports, warnings, e-mails, and documents completed by your employees, agents or independent contractors regarding substantially similar claims, complaints, or incidents for the past seven (7) years at the Wal-Mart store No. 2360.

23.

Please produce all contracts or agreements entered into between Defendant and/or any other individual or company and regarding maintaining or inspecting the premises, approaches and area forming the basis of Plaintiff's Complaint.

24.

The entire file of all experts you intend to call at trial, including any document the expert reviewed, considered, or relied upon in forming his/her opinions; the expert's testimony/case lists; and the expert's curriculum vitae.

10

25.

Produce all notes, memoranda, minutes, and all other written evidence of safety meetings held by you from 2018 to the present at the subject Wal-Mart store.

26.

Produce all architectural plans, drawings or designs of the premises in question, including layout of the area where Plaintiff fell.

27.

Please produce any complaints, notices, memoranda, emails, security logs, or any other documents concerning the area where Plaintiff fell from March 13, 2020 through March 14, 2021.

28.

All disciplinary actions, adverse actions, counseling statements, cancelled contracts, reprimands, termination letters, or other documents related in any way to the incident at issue.

29.

All documents which relate in any way to the inspection, maintenance, condition and repairs which in any way concern or affect the area where Plaintiff fell in 2014 through present.

You are requested to comply with said requests by producing and permitting the Plaintiff's attorney to inspect and copy the documents requested. In lieu of appearance at a document production, you may instead mail true and accurate

11

copies of all documents or evidence to Piasta Newbern Walker, LLC, 3301 Windy

Ridge Parkway, Suite 110, Atlanta, Georgia 30339

      Dated: September 21, 2022.


                            Respectfully submitted,

                            **PIASTA NEWBERN WALKER, LLC**

3301 Windy Ridge Parkway
Suite 110                             */s/ Michael P. Walker*
Atlanta, GA 30339                   MICHAEL P. WALKER
(404) 996-1296                     Georgia Bar No. 954678
Fax: (404) 996-1316               ANDREW L. HAGENBUSH
mike@pnwlaw.com                 Georgia Bar No. 127945
andrew@pnwlaw.com

                            STATE COURT OF
                            DEKALB COUNTY, GA.
                            9/21/2022 9:32 AM
                            E-FILED
                            BY: Monica Gay

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

KENYON D. DUNCAN,                    )
                                     )
        Plaintiff,                   )
                                     )
v.                                   )                22A03589
                                     )       Civil Action No. _____
WAL-MART STORES EAST LP;             )
KEYUR PATEL; JAMES PROVOST;          )
DOE 1; DOE 2; DOE 3; and DOE 4;      )
                                     )       **JURY TRIAL DEMANDED**
        Defendants.                  )

## PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANTS

TO:   EACH DEFENDANT

Plaintiff hereby requests pursuant to O.C.G.A. § 9-11-26 and § 9-11-33 that Defendant(s) respond to the following written interrogatories under oath within the time permitted by law.  Each of the following interrogatories shall be deemed continuing and must be supplemented by Defendant(s) to the extent required by O.C.G.A. § 9-11-26(e).

## DEFINITIONS AND INSTRUCTIONS

A.   These interrogatories shall be deemed continuing to the extent permitted by O.C.G.A. § 9-11-26, et seq., so as to require Defendant(s) to serve upon all parties supplemental answers if Defendant(s) or its attorneys obtain further information between the time the answers are served and the time of trial.

B.   "Document," whether singular or plural, means documents and other

STATE COURT OF
DEKALB COUNTY, GA.
9/21/2022 9:32 AM
E-FILED
BY: Monica Gay

tangible things defined in the broadest sense permitted by the Georgia Civil Practice Act and shall include without limitation originals or, if such are not available, true copies, including copies of documents, videotapes, computer data, and sound material, **whether in physical or electronic form**.

C. "Person" means any natural person, corporation, partnership, association, governmental entity, agency, group, organization, etc.

## INTERROGATORIES

### 1.

Please identify the person(s) or entity who owned, managed and controlled the premises referred to in the Complaint where the incident involving Plaintiff occurred and for the date of her injuries, including the general manager over the store and assistant managers on duty at the time of the subject incident. If the ownership, control, or maintenance changed at any time since said occurrence, please identify every subsequent person or entity.

### 2.

Please identify all persons who repaired, altered, renovated, inspected, managed, cleaned, or maintained the area where Plaintiff fell on March 13, 2021, including a detailed description of the action that was taken in regard to cleaning, stocking, renovating, inspecting, managing or maintaining the area at issue in Plaintiff's Complaint and where Plaintiff fell.

2

3.

If you are aware of any claim or complaint occurring in the eight hours before Plaintiff's injuries regarding any claimed problem or defect in or near the area where Plaintiff fell, please identify the details of said report or complaint, including what happened, dates, times, persons involved, and whether suit was filed.

4.

Please identify and describe in detail any program, policy or action implemented by you (before and at the time of Plaintiff's injuries) to inspect, repair, alter, manage, clean, or maintain the premises at issue in Plaintiff's Complaint and where Plaintiff fell. This request also includes training procedures of your employees, agents, or business invitees that had any responsibility for the premises and approaches in question.

5.

Please describe each and every warning that you claim was provided to Plaintiff or other person regarding any danger associated with the premises at issue.

6.

Give the name, address, and telephone number of all witnesses that have knowledge regarding the incident giving rise to this lawsuit or have knowledge of any fact or circumstance regarding the incident giving rise to this lawsuit. For each witness, please state the following:

3

(a) Whether the witness investigated any aspect of the occurrence which is the subject of this litigation, and whether each made a written record of the investigation;

(b) Whether the witness was an eyewitness to the incident;

(c) Whether the witness is or was an employee of Defendant(s). If the witness is an employee of Defendant(s), state their job title, whether they were a manager or supervisor, and whether they were working at the time of the incident;

(d) If you obtained a statement (oral, written, recorded, court or deposition transcript, etc.) from any witness identified by you. If you did obtain a statement, please state the name of each person giving the statement, the name and address of the person or entity taking each statement, the date each statement was taken, and the name and address of each person having possession, custody, or control of each statement.

7.

Please identify any and all insurance, including excess or umbrella coverage or coverage by any other description (med-pay, etc.), which does or may afford insurance coverage to you for the claims made in this lawsuit, including the name of each insurance company, the applicable coverage, the insured(s) under each policy, and whether you have received any type of reservation of rights letter regarding coverage.

4

8.

Please identify all persons who have in any way investigated the claims made in this lawsuit, and whether each has made a written record of the investigation.

9.

Please list each act of negligence, contributory negligence, or comparative negligence you contend Plaintiff or any other person or entity, did or failed to do, which in any way contributed to the subject occurrence and Plaintiff's injuries.

10.

Please state in detail how you contend the subject occurrence took place and the order in which the events took place. Please include in this response a listing of each person and circumstance you believe to have caused, or contributed to causing, the subject occurrence.

11.

Please state the basis (factual and legal) for each defense that you assert in this action, to include any service defenses.

12.

Please state the name and address of all expert witnesses or professional consultants retained or consulted by you or on your behalf to make an evaluation or investigation of the cause of the occurrence giving rise to this lawsuit or the damages sustained by Plaintiff. With respect to each person, please state:

(a)     the specific subject matter on which you expect such expert to testify;

5

(b)     the substance of the facts, opinions, and conclusions which you expect such expert to testify;

(c)     the grounds for each such opinion or conclusion;

(d)     whether any of such persons have prepared or provided you with a written or recorded statement, or report concerning their investigation or study, or the facts found by them, or the conclusions or opinions arrived at by them or the grounds of their opinions or conclusions. If so, state the date of each such report or statement, and the names and addresses of all persons who have a copy of such report or statement.

(e)     the name, business telephone number, and business address, of each person you retained or specially employed in the anticipation of litigation or preparation for trial whom you do not expect to call as a witness at the trial of the case.

(f)     whether the expert has ever been limited in the expert's ability to testify or ever been denied qualifications under a <u>Daubert</u> standard.

13.

Please identify with specificity all injury claims or complaints made against you for injuries at the subject Wal-Mart, either before or after the incident that is the subject matter of this litigation, including the date, time and place of occurrence; the name, address and telephone number of all parties involved in said accident; the address of all investigating people or departments, personal injuries, if

6

any, claimed in such incident; a short description of how the incident occurred, and whether suit was filed.

14.

Describe with particularity all photographs, charts, diagrams, videotapes, documents, illustrations, and/or other tangible items, of any person, place or thing involved in this lawsuit, giving the date each was made and the name and address of the person(s) with possession, custody or control of each item. (NOTE: You need not describe any document that was produced <u>and</u> specifically listed as having been produced in your responses to Plaintiff's First Request for Production of Documents.)

15.

State the substance of each conversation you or your agents or employees had with Plaintiff or his family or agents at the time of or at any time before the occurrence giving rise to this lawsuit, or any statement made by Plaintiff or his family or agents.

16.

Please identify any and all documentary or other tangible evidence, not previously identified, which you believe demonstrates and/or supports facts relevant to the claims and/or defenses in this case.

7

17.

Please identify all potential parties, individuals, entities or other person that you contend are indispensable parties or that would be liable for any judgment obtained by Plaintiff in this action. This interrogatory includes any entity or person who may be nonparties at fault (such as under O.C.G.A. § 51-12-33 or other statute), including any non-party who may have caused or contributed to the hazardous condition at issue and/or caused or contributed to Plaintiff's injuries.

18.

If there was an investigation made of the incident that forms the basis of this suit, please state whether the defendant conducted such investigation in anticipation of litigation, and if so, state each fact of which defendant was aware of at the time of the investigation that caused it to believe that it was conducting the investigation in anticipation of litigation.

19.

Please identify what efforts were made by the Defendant to modify, clean, stock, or alter the premises at issue, the area where Plaintiff fell, and inspection procedures before and/or after the incident at issue.

20.

All personnel actions, canceled contracts, or other action related to the subject incident, including any reprimands, termination letters, contract

8

terminations, or counseling statements to Defendant's employees, agents, contractors or other person for acts or omissions related to the subject incident.

21.

Please identify and describe what substance was on the floor causing Plaintiff to slip, when such problem was known by Defendant, and what was/has been done to repair it at any point.

22.

Please state when you first anticipated the litigation that is the subject matter of Plaintiff's Complaint, and identify all people, evidence, and documents supporting your response on when you first anticipated this litigation.

23.

Please describe in detail your evidence and document retention policies, practices, and procedures concerning incidents at the subject store.

24.

Please identify each and every document, electronically stored information, or other tangible piece of evidence that was responsive to Plaintiff's First Request for Production of Documents that has been lost, destroyed, or cannot be found. For each such document, ESI, or tangible piece of evidence, please state (1) when it was lost or destroyed, (2) who lost or destroyed it, and (3) the reasons it was lost or destroyed.

9

25.

Please describe in detail your efforts to locate documents, information, and evidence (including e-mail and electronically stored information) in response to Plaintiff's First Requests for Production of Documents and First Interrogatories. In your response, please state where you searched for documents (i.e, which records custodians); the search terms you used, if any; and the identity of every person who participated in locating responsive documents.

Dated: September 21, 2022

Respectfully submitted,

**PIASTA NEWBERN WALKER, LLC**

3301 Windy Ridge Parkway
Suite 110
Atlanta, GA 30339
(404) 996-1296
Fax: (404) 996-1316
mike@pnwlaw.com
andrew@pnwlaw.com

*/s/ Michael P. Walker*
MICHAEL P. WALKER
Georgia Bar No. 954678
ANDREW L. HAGENBUSH
Georgia Bar No. 127945

STATE COURT OF
DEKALB COUNTY, GA.
9/21/2022 9:32 AM
E-FILED
BY: Monica Gay

10

**IN THE STATE COURT OF DEKALB COUNTY**
**STATE OF GEORGIA**

KENYON D. DUNCAN,      )
                          )
      Plaintiff,      )
                          )
v.                        )
                          )    Civil Action No. 22A03589
WAL-MART STORES EAST LP;  )
KEYUR PATEL; JAMES PROVOST;  )
DOE 1; DOE 2; DOE 3; and DOE 4;  )
                          )    **JURY TRIAL DEMANDED**
      Defendants.      )

**PLAINTIFF'S NOTICE OF TAKING VIDEOTAPED**
**DEPOSITION OF STORE MANAGER**

TO:   WAL-MART STORES EAST LP

PLEASE TAKE NOTICE, pursuant to Section 26 and 30(b)(6) of the Georgia

Civil Action Act, O.C.G.A. § 9-11-26 and § 9-11-30, that beginning at **10:00**

**A.M. on Friday, November 4, 2022, at Piasta Newbern Walker, LLC;**

**3301 Windy Ridge Parkway, Suite 110, Atlanta, Georgia 30339** and

continuing from hour to hour and day to day until adjourned, counsel for

Plaintiff shall proceed to take the deposition of the Wal-Mart Stores East LP

store manager on duty at the time of Plaintiff's fall who investigated the

subject incident; upon oral examination before an officer authorized by law

to administer oaths and to take depositions. The deposition may be

videotaped. The deposition will be taken for the purposes of discovery and

STATE COURT OF
DEKALB COUNTY, GA.
9/21/2022 9:32 AM
E-FILED
BY: Monica Gay

any other purpose allowable under Georgia Civil Practice Act and Georgia law.

Dated: September 21, 2022

PIASTA NEWBERN WALKER, LLC

*/s/ Michael P. Walker*
MICHAEL P. WALKER
Georgia Bar No. 954678
ANDREW L. HAGENBUSH
Georgia Bar No. 127945

3301 Windy Ridge Parkway
Suite 110
Atlanta, GA 30339
(404) 996-1296
Fax: (404) 996-1316
mike@pnwlaw.com
andrew@pnwlaw.com

STATE COURT OF
DEKALB COUNTY, GA.
9/21/2022 9:32 AM
E-FILED
BY: Monica Gay

2

22A03589

No. _____

**Date Summons Issued and E-Filed**

9/21/2022

_____

/s/ Monica Gay

_____

Deputy Clerk

Deposit Paid $ _____

**STATE COURT OF DEKALB COUNTY**
**GEORGIA, DEKALB COUNTY**

**SUMMONS**

Kenyon D. Duncan

_____

Plaintiff's name and address

**vs.**

Wal-Mart Stores East LP; Keyur Patel; James Provost; Doe 1;

_____

Doe 2; Doe 3; and Doe 4

Defendant's name and address

[/] **JURY**

**TO THE ABOVE-NAMED DEFENDANT:** Doe 1-4

You are hereby summoned and required to file with the Clerk of State Court, Suite 230, 2nd Floor, Administrative Tower, DeKalb County Courthouse, 556 N. McDonough Street, Decatur, Georgia 30030 and serve upon the plaintiff's attorney, to wit:

Michael P. Walker; Piasta Newbern Walker, LLC
_____

Name

3301 Windy Ridge Pkwy, Suite 110, Atlanta GA 30339
_____

Address

404-996-1296                                           954678
_____

Phone Number                                  Georgia Bar No.

an **ANSWER** to the complaint which is herewith served upon you, within thirty (30) days after service upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. The answer or other responsive pleading can be filed via electronic filing through eFileGA via www.eFileGA.com or, if desired, at the e-filing public access terminal in the Clerk's Office at 556 N. McDonough Street, Decatur, Georgia 30030

_____        _____

Defendant's Attorney                                    Third Party Attorney

_____        _____

Address                                                       Address

_____        _____

Phone No.                        Georgia Bar No.       Phone No.                        Georgia Bar No.

**TYPE OF SUIT**

☑ Personal Injury ☐ Products Liability        Principal $ _____
☐ Contract ☐ Medical Malpractice
☐ Legal Malpractice ☐ Product Liability        Interest $  _____
☐Other

Atty Fees $ _____

**Access to the e-filing site and the rules is available at www.dekalbstatecourt.net**
**To indicate consent to e-service check the box below.**
**☑(Plaintiff consents to e-service pursuant to OCGA 9-11-5 (f). The email address for service appears in the complaint.**

E-file summons1-2016

**STATE COURT OF**
**DEKALB COUNTY, GA.**
**9/21/2022 9:32 AM**
**E-FILED**
**BY: Monica Gay**

22A03589

No. _____

**STATE COURT OF DEKALB COUNTY**
**GEORGIA, DEKALB COUNTY**

**Date Summons Issued and E-Filed**

9/21/2022

**SUMMONS**

/s/ Monica Gay

_____

Deputy Clerk

Deposit Paid $ _____

Kenyon D. Duncan

_____

_____

Plaintiff's name and address

[✓] **JURY**

**vs.**

Wal-Mart Stores East LP; Keyur Patel; James Provost; Doe 1;

Doe 2; Doe 3; and Doe 4

Defendant's name and address

**TO THE ABOVE-NAMED DEFENDANT:**   Keyur Patel

You are hereby summoned and required to file with the Clerk of State Court, Suite 230, 2nd Floor, Administrative Tower, DeKalb County Courthouse, 556 N. McDonough Street, Decatur, Georgia 30030 and serve upon the plaintiff's attorney, to wit:

Michael P. Walker; Piasta Newbern Walker, LLC

Name

3301 Windy Ridge Pkwy, Suite 110, Atlanta GA 30339

Address

404-996-1296                                                                 954678

Phone Number                                                    Georgia Bar No.

an **ANSWER** to the complaint which is herewith served upon you, within thirty (30) days after service upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. The answer or other responsive pleading can be filed via electronic filing through eFileGA via www.eFileGA.com or, if desired, at the e-filing public access terminal in the Clerk's Office at 556 N. McDonough Street, Decatur, Georgia 30030

_____          _____

Defendant's Attorney                                           Third Party Attorney

_____          _____

Address                                                              Address

_____          _____

Phone No.                     Georgia Bar No.              Phone No.                     Georgia Bar No.

**TYPE OF SUIT**

☑ Personal Injury ☐ Products Liability          Principal $ _____
☐ Contract ☐ Medical Malpractice
☐ Legal Malpractice ☐ Product Liability          Interest $  _____
☐Other

Atty Fees $ _____

**Access to the e-filing site and the rules is available at www.dekalbstatecourt.net**
**To indicate consent to e-service check the box below.**
**☑(Plaintiff consents to e-service pursuant to OCGA 9-11-5 (f). The email address for service appears in the complaint.**

E-file summons1-2016

**STATE COURT OF**
**DEKALB COUNTY, GA.**
**9/21/2022 9:32 AM**
**E-FILED**
**BY: Monica Gay**

No. __22A03589_____

**Date Summons Issued and E-Filed**

__9/21/2022_____
__/s/ Monica Gay_____

Deputy Clerk

Deposit Paid $ _____

**STATE COURT OF DEKALB COUNTY**
**GEORGIA, DEKALB COUNTY**

**SUMMONS**

Kenyon D. Duncan
_____

Plaintiff's name and address

**vs.**

Wal-Mart Stores East LP; Keyur Patel; James Provost; Doe 1;

Doe 2; Doe 3; and Doe 4
Defendant's name and address

☑ **JURY**

**TO THE ABOVE-NAMED DEFENDANT:**  James Provost

You are hereby summoned and required to file with the Clerk of State Court, Suite 230, 2nd Floor, Administrative Tower, DeKalb County Courthouse, 556 N. McDonough Street, Decatur, Georgia 30030 and serve upon the plaintiff's attorney, to wit:

Michael P. Walker; Piasta Newbern Walker, LLC
_____
Name

3301 Windy Ridge Pkwy, Suite 110, Atlanta GA 30339
_____
Address

404-996-1296                                           954678
_____
Phone Number                            Georgia Bar No.

an **ANSWER** to the complaint which is herewith served upon you, within thirty (30) days after service upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. The answer or other responsive pleading can be filed via electronic filing through eFileGA via www.eFileGA.com or, if desired, at the e-filing public access terminal in the Clerk's Office at 556 N. McDonough Street, Decatur, Georgia 30030

_____          _____
Defendant's Attorney                                              Third Party Attorney

_____          _____
Address                                                                   Address

_____          _____
Phone No.                          Georgia Bar No.          Phone No.                          Georgia Bar No.

**TYPE OF SUIT**

☑ Personal Injury ☐ Products Liability          Principal $ _____
☐ Contract ☐ Medical Malpractice
☐ Legal Malpractice ☐ Product Liability          Interest $  _____
☐ Other
                                                                         Atty Fees $ _____
**Access to the e-filing site and the rules is available at www.dekalbstatecourt.net**
**To indicate consent to e-service check the box below.**
☑ **(Plaintiff consents to e-service pursuant to OCGA 9-11-5 (f). The email address for service appears in the complaint.**

E-file summons1-2016

**STATE COURT OF
DEKALB COUNTY, GA.
9/21/2022 9:32 AM
E-FILED
BY: Monica Gay**

22A03589

No. _____

**Date Summons Issued and E-Filed**

9/21/2022
_____

/s/ Monica Gay
_____

Deputy Clerk

Deposit Paid $ _____

**STATE COURT OF DEKALB COUNTY**
**GEORGIA, DEKALB COUNTY**

**SUMMONS**

Kenyon D. Duncan
_____

_____

Plaintiff's name and address

**vs.**

Wal-Mart Stores East LP; Keyur Patel; James Provost; Doe 1;
_____

Doe 2; Doe 3; and Doe 4
_____

Defendant's name and address

[✓] **JURY**

**TO THE ABOVE-NAMED DEFENDANT:**   Wal-Mart Stores East LP

You are hereby summoned and required to file with the Clerk of State Court, Suite 230, 2nd Floor, Administrative Tower, DeKalb County Courthouse, 556 N. McDonough Street, Decatur, Georgia 30030 and serve upon the plaintiff's attorney, to wit:

Michael P. Walker; Piasta Newbern Walker, LLC
_____

Name

3301 Windy Ridge Pkwy, Suite 110, Atlanta GA 30339
_____

Address

404-996-1296                                            954678
_____

Phone Number                                      Georgia Bar No.

an **ANSWER** to the complaint which is herewith served upon you, within thirty (30) days after service upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. The answer or other responsive pleading can be filed via electronic filing through eFileGA via www.eFileGA.com or, if desired, at the e-filing public access terminal in the Clerk's Office at 556 N. McDonough Street, Decatur, Georgia 30030

_____          _____

Defendant's Attorney                                        Third Party Attorney

_____          _____

Address                                                            Address

_____          _____

Phone No.                      Georgia Bar No.          Phone No.                      Georgia Bar No.

**TYPE OF SUIT**

☑ Personal Injury ☐ Products Liability
☐ Contract ☐ Medical Malpractice
☐ Legal Malpractice ☐ Product Liability
☐Other

Principal $ _____

Interest $ _____

Atty Fees $ _____

**Access to the e-filing site and the rules is available at www.dekalbstatecourt.net**
**To indicate consent to e-service check the box below.**
**☑(Plaintiff consents to e-service pursuant to OCGA 9-11-5 (f). The email address for service appears in the complaint.**

E-file summons1-2016

040

STATE COURT OF
DEKALB COUNTY, GA.
9/21/2022 9:32 AM
E-FILED
BY: Monica Gay

**General Civil and Domestic Relations Case Filing Information Form**

☐ **Superior or** ☐ **State Court of** _____Dekalb_____ **County**

| For Clerk Use Only | |
|---|---|
| **Date Filed** ___9/21/2022_____ | **Case Number** ___22A03589_____ |
| **MM-DD-YYYY** | |

**Plaintiff(s)**
Duncan, Kenyon D.

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Defendant(s)**
Wal-Mart Stores East LP

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Patel, Keyur | | | | |

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Provost, James | | | | |

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Doe 1-4 | | | | |

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Plaintiff's Attorney**  Michael P. Walker    **State Bar Number**  954678    **Self-Represented** ☐

**Check one case type and one sub-type in the same box (if a sub-type applies):**

**General Civil Cases**
- ☐ **Automobile Tort**
- ☐ **Civil Appeal**
- ☐ **Contempt/Modification/Other Post-Judgment**
- ☐ **Contract**
- ☐ **Garnishment**
- ☑ **General Tort**
- ☐ **Habeas Corpus**
- ☐ **Injunction/Mandamus/Other Writ**
- ☐ **Landlord/Tenant**
- ☐ **Medical Malpractice Tort**
- ☐ **Product Liability Tort**
- ☐ **Real Property**
- ☐ **Restraining Petition**
- ☐ **Other General Civil**

**Domestic Relations Cases**
- ☐ **Adoption**
- ☐ **Contempt**
  - ☐ **Non-payment of child support, medical support, or alimony**
- ☐ **Dissolution/Divorce/Separate Maintenance/Alimony**
- ☐ **Family Violence Petition**
- ☐ **Modification**
  - ☐ **Custody/Parenting Time/Visitation**
- ☐ **Paternity/Legitimation**
- ☐ **Support – IV-D**
- ☐ **Support – Private (non-IV-D)**
- ☐ **Other Domestic Relations**

☐   Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____        _____
        **Case Number**                              **Case Number**

☑   I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐   Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____  **Language(s) Required**

☐   Do you or your client need any disability accommodations? If so, please describe the accommodation request.

Version 1.1.20
**STATE COURT OF**
**DEKALB COUNTY, GA.**
**9/21/2022 9:32 AM**
**E-FILED**
**BY: Monica Gay**

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

KENYON D. DUNCAN,                          )
                                           )
          Plaintiff,                       )
                                           )
                                           )          Civil Action File
v.                                         )          Number: 22A03589
                                           )
WAL-MART STORES EAST LP;                   )
KEYUR PATEL; JAMES PROVOST;                )
DOE 1; DOE 2; DOE 3; and DOE 4;            )
                                           )
          Defendants.                      )

### AFFIDAVIT OF SERVICE

COMES NOW CLYDE LOUIS before the undersigned officer duly authorized to administer oaths, and, after being sworn on oath deposes and says:

1.

Affiant is more than eighteen years of age, is suffering under no legal disabilities, is otherwise competent to testify in the above case, is not a party hereto and if called to testify, would testify to the facts contained in this affidavit.

2.

I did personally serve Keyur Patel at his residence located at 6155 Brevard Drive, Mableton, Georgia 30126 on the 23rd day of October 2022 at approximately 7:35 P.M. with a Summons, Complaint, Civil Filing Form, Plaintiff's First Requests for Production and Notice to Produce Documents to Defendants and Any Insurer, Plaintiff's First Interrogatories to Defendants, and Plaintiff's Notice of Taking Videotaped Deposition of Store Manager in the above-captioned matter. Mr. Patel questioned whether I was "licensed" to serve him papers. I told him I was appointed by the Court. I attempted to hand him the papers, but he refused to accept them. I dropped the papers inside his garage. He picked the papers up, walked to the sidewalk, and threw the papers into the street. Mr. Patel can be described as a medium-brown-skinned male, 200 lbs., 6'1, 30-35 years old, with short black hair and slight facial stubble.

_____
Clyde Louis

Sworn to and subscribed before me,
this 31st day of October, 20 22.

_____
Notary Public

DEANNA GRAMLING
NOTARY
EXPIRES
GEORGIA
01-08-2024
PUBLIC
BARTOW COUNTY

042

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

KENYON D. DUNCAN,            )
                               )
     Plaintiff,               )
                               )
v.                          )     Civil Action File
                               )     Number: 22A03589
                               )
WAL-MART STORES EAST LP;   )
KEYUR PATEL; JAMES PROVOST;  )
DOE 1; DOE 2; DOE 3; and DOE 4;  )
                               )
     Defendants.          )

### AFFIDAVIT OF SERVICE

COMES NOW CLYDE LOUIS before the undersigned officer duly authorized to administer oaths, and, after being sworn on oath deposes and says:

1.

Affiant is more than eighteen years of age, is suffering under no legal disabilities, is otherwise competent to testify in the above case, is not a party hereto and if called to testify, would testify to the facts contained in this affidavit.

2.

I did personally serve James Provost at his residence located at 899 Powers Ferry Road SE, Apt B-7, Marietta, Georgia 30067 on the 20th day of October 2022 at approximately 12:34 P.M. with a Summons, Complaint, Civil Filing Form, Plaintiff's First Requests for Production and Notice to Produce Documents to Defendants and Any Insurer, Plaintiff's First Interrogatories to Defendants, and Plaintiff's Notice of Taking Videotaped Deposition of Store Manager in the above-captioned matter. Mr. Provost can be described as a white male, 230 lbs., 6'2, 30-35 years old, with average length brown hair and a short goatee.

_Clyde A. Louis (signature)_
Clyde Louis

Sworn to and subscribed before me,
this 31st day of October, 2022.

_Deanna Gramling (signature)_
Notary Public

_(Notary Seal: DEANNA GRAMLING — NOTARY — EXPIRES — GEORGIA — 01-08-2024 — PUBLIC — BARTOW COUNTY)_

043

STATE COURT OF
DEKALB COUNTY, GA.
11/8/2022 10:55 AM
E-FILED
BY: Camille Boknight

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

KENYON D. DUNCAN,                                )
                                                 )
        Plaintiff,                               )            CIVIL ACTION
                                                 )            FILE NO. : 22A03589
v.                                               )
                                                 )
WAL-MART STORES EAST LP;                         )
KEYUR PATEL; JAMES PROVOST;                      )
DOE 1; DOE 2; DOE 3; and DOE 4;                  )
                                                 )
        Defendants.                              )

### AFFIDAVIT OF SERVICE

COMES NOW CLYDE LOUIS before the undersigned officer duly authorized to administer oaths, and, after being sworn on oath deposes and says:

1.

Affiant is more than eighteen years of age, is suffering under no legal disabilities, is otherwise competent to testify in the above case, is not a party hereto and if called to testify, would testify to the facts contained in this affidavit.

2.

I did serve Walmart Stores East LP via its duly appointed Registered Agent, The Corporation Company, whose address is 106 Colony Park Drive, Suite 800-B. Cumming, Georgia 30040, on the 25th day of October 2022 at approximately 1:56 P.M. with a Summons, Complaint, Civil Filing Form, Plaintiff's First Requests for Production and Notice to Produce Documents to Defendants and Any Insurer, Plaintiff's First Interrogatories to Defendants, and Plaintiff's Notice of Taking Videotaped Deposition of Store Manager in the above-captioned matter. Said documents were delivered into the hands of Dayvon Jackson, a representative of The Corporation Company.

                                                 Clyde Louis

Sworn to and subscribed before me,
this 31st day of October , 20 22.

Notary Public

*[Notary seal: DEANNA GRAMLING, NOTARY PUBLIC, GEORGIA, EXPIRES 01-08-2024, BARTOW COUNTY]*

044

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

KENYON D. DUNCAN,               )
                                )
        Plaintiff,              )
                                )        Civil Action File
vs.                             )        No. 22A03589
                                )
WALMART STORES EAST, LP,        )
KEYUR PATEL; JAMES PROVOST;     )
DOE 1; DOE 2; DOE 3; AND DOE 4  )
                                )
        Defendant.              )

## ANSWER AND JURY DEMAND OF DEFENDANT WAL-MART STORE EAST, LP

WAL-MART STORES EAST, L.P., defendant in above-styled action, by and through its counsel of record, and files this Answer to plaintiff's Complaint as follows:

### FIRST DEFENSE

Plaintiff's failure to specifically state items of special damages as required by Georgia law bars their recovery.

### SECOND DEFENSE

Plaintiff's complaint fails to state a theory of recovery upon which relief can be granted.

### THIRD DEFENSE

The plaintiffs' Complaint fails to state a claim upon which relief may be granted for attorney's fees.

### FOURTH DEFENSE

Responding to the separately numbered paragraphs of plaintiff's Complaint, defendant Wal-Mart Stores East, LP, answers as follows:

STATE COURT OF
DEKALB COUNTY, GA.
11/23/2022 2:16 PM
E-FILED
BY: Camille Boknight

1.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of Plaintiff's Complaint.

2.

Defendant admits the allegations of paragraph 2 of plaintiff's Complaint.

3.

Defendant admits the allegations of paragraph 3 of Plaintiff's Complaint.

4.

Defendant admits the allegations of paragraph 4 of Plaintiff's Complaint.

5.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of Plaintiff's Complaint.

6.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of Plaintiff's Complaint.

7.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of Plaintiff's Complaint.

8.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of Plaintiff's Complaint.

9.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of Plaintiff's Complaint.

10.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of Plaintiff's Complaint.

11.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of Plaintiff's Complaint.

12.

Defendant denies the allegations contained in the first sentence of paragraph 12 of plaintiff's Complaint. Defendant Wal-Mart admits that it operated the subject store at the time of the subject incident.

13.

Defendant admits the allegations contained in paragraph 13 of Plaintiff's Complaint.

14.

Defendant denies the allegations contained in paragraph 14 of plaintiff's Complaint as pled.

15.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of Plaintiff's Complaint.

16.

Defendant denies the allegations contained in 16 of Plaintiff's Complaint.

17.

Defendant denies the allegations contained in paragraph 17 of Plaintiff's Complaint.

18.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of Plaintiff's Complaint.

19.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of Plaintiff's Complaint.

20.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of Plaintiff's Complaint.

21.

Defendant denies the allegations contained in paragraph 21 of plaintiff's Complaint.

22.

Defendant denies the allegations contained in paragraph 22 of Plaintiff's Complaint.

23.

Defendant denies the allegations contained in paragraph 23 of plaintiff's Complaint as pled.

24.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of Plaintiff's Complaint.

25.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of Plaintiff's Complaint.

26.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of Plaintiff's Complaint.

27.

Defendant admits that it owed invitees a duty to exercise ordinary care to keep the Premises safe. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 27 of Plaintiff's Complaint.

28.

Defendant denies the allegations contained in paragraph 28 of plaintiff's Complaint as pled.

29.

Defendant denies the allegations contained in paragraph 29 of plaintiff's Complaint.

30.

Defendant denies the allegations contained in paragraph 30 of plaintiff's Complaint.

31.

Defendant denies the allegations contained in paragraph 31 of plaintiff's Complaint.

32.

Defendant denies the allegations contained in paragraph 32 of plaintiff's Complaint.

33.

Defendant denies the allegations contained in paragraph 33 of plaintiff's Complaint.

34.

Defendant denies the allegations contained in paragraph 34 of plaintiff's Complaint.

35.

Defendant denies the allegations contained in paragraph 35 of plaintiff's Complaint.

36.

Defendant denies the allegations contained in paragraph 36 of plaintiff's Complaint.

37.

Defendant denies the allegations contained in paragraph 37 of plaintiff's Complaint.

38.

Defendant denies the allegations contained in paragraph 38 of plaintiff's Complaint.

39.

Defendant denies the allegations contained in paragraph 39 of plaintiff's Complaint.

40.

Any allegation, language, or paragraph of plaintiff's Complaint not hereinbefore responded to are specifically denied by defendant.

WHEREFORE, having fully answered plaintiff's Complaint, defendants pray:

a)      that plaintiff's Complaint be dismissed;

b)      that defendants have judgment in their favor;

c)      that defendants have a trial by jury of twelve persons; and

d)      that defendants have all other proper relief.

This ___23___ day of November, 2022.

WALDON ADELMAN CASTILLA
HIESTAND & PROUT


_Jack Parker_
TRAVIS J. MEYER
Georgia Bar No. 309781
JACK A. PARKER
Georgia Bar No. 507276
*Attorneys for Defendant Wal-Mart Store*
*East, LP*

900 Circle 75 Parkway
Suite 1040
Atlanta, Georgia  30339
(770) 953-1710
tmeyer@wachp.com
jparker@wachp.com

STATE COURT OF
DEKALB COUNTY, GA.
11/23/2022 2:16 PM
E-FILED
BY: Camille Boknight

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date, I electronically filed the foregoing **ANSWER AND JURY DEMAND OF DEFENDANT WAL-MART STORE EAST, LP** with the Clerk of the Court using an O.C.G.A. § 15-6-11 electronic filing service provider which will automatically send e-mail notification of such filing to the following attorney(s) of record:

Michael P. Walker, Esq.
Piasta Newbern Walker, LLC
3301 Windy Ridge Parkway
Suite 110
Atlanta, GA  30339
mike@pnwlaw.com

This   23   day of November, 2022.

WALDON ADELMAN CASTILLA
HIESTAND & PROUT

TRAVIS J. MEYER
Georgia Bar No. 309781
JACK A. PARKER
Georgia Bar No. 507276
*Attorneys for Defendant Wal-Mart Store East, LP*

900 Circle 75 Parkway
Suite 1040
Atlanta, Georgia  30339
(770) 953-1710
tmeyer@wachp.com
jparker@wachp.com

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

KENYON D. DUNCAN,                )
                                 )
        Plaintiff,               )
                                 )          Civil Action File
vs.                              )          No. 22A03589
                                 )
WALMART STORES EAST, LP,         )
KEYUR PATEL; JAMES PROVOST;      )
DOE 1; DOE 2; DOE 3; AND DOE 4   )
                                 )
        Defendant.               )


## ANSWER AND JURY DEMAND OF DEFENDANT JAMES PROVOST

JAMES PROVOST, defendant in above-styled action, by and through its counsel of record,

files this Answer to plaintiff's Complaint as follows:

### FIRST DEFENSE

Plaintiff's claims may be barred in part or in whole by the expiration of the applicable

statutes of limitation.


### SECOND DEFENSE

Venue is improper.


### THIRD DEFENSE

Service of process is insufficient.


### FOURTH DEFENSE

Process is insufficient as to this defendant.

STATE COURT OF
DEKALB COUNTY, GA.
12/8/2022 4:16 PM
E-FILED
BY: Camille Boknight

FIFTH DEFENSE

This Court lacks personal jurisdiction over defendant.

SIXTH DEFENSE

Plaintiff's failure to specifically state items of special damages as required by Georgia law bars their recovery.

SEVENTH DEFENSE

Plaintiff's complaint fails to state a theory of recovery upon which relief can be granted.

EIGHTH DEFENSE

The plaintiff's Complaint fails to state a claim upon which relief may be granted for attorney's fees.

NINTH DEFENSE

Responding to the separately numbered paragraphs of plaintiff's Complaint, defendant James Provost, answers as follows:

1.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of Plaintiff's Complaint.

2.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of plaintiff's Complaint.

3.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of plaintiff's Complaint.

4.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of plaintiff's Complaint.

5.

Defendant denies the allegations contained in paragraph 5 of Plaintiff's Complaint.

6.

Defendant denies the allegations contained in paragraph 6 of Plaintiff's Complaint.

7.

Defendant denies the allegations contained in paragraph 7 of Plaintiff's Complaint.

8.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of Plaintiff's Complaint.

9.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of Plaintiff's Complaint.

10.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of Plaintiff's Complaint.

11.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of Plaintiff's Complaint.

12.

Defendant denies the allegations contained in the first sentence of paragraph 12 of plaintiff's Complaint. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 12 of Plaintiff's Complaint.

13.

Defendant denies the allegations contained in paragraph 13 of Plaintiff's Complaint.

14.

Defendant denies the allegations contained in paragraph 14 of plaintiff's Complaint.

15.

Defendant denies the allegations contained in paragraph 15 of plaintiff's Complaint.

16.

Defendant denies the allegations contained in paragraph 16 of Plaintiff's Complaint.

17.

Defendant denies the allegations contained in paragraph 17 of Plaintiff's Complaint.

18.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of Plaintiff's Complaint.

19.

Defendant denies the allegations contained in paragraph 19 of Plaintiff's Complaint.

20.

Defendant denies the allegations contained in paragraph 20 of Plaintiff's Complaint.

21.

Defendant denies the allegations contained in paragraph 21 of plaintiff's Complaint.

22.

Defendant denies the allegations contained in paragraph 22 of Plaintiff's Complaint.

23.

Defendant denies the allegations contained in paragraph 23 of plaintiff's Complaint.

24.

Defendant denies the allegations contained in paragraph 24 of Plaintiff's Complaint.

25.

Defendant denies the allegations contained in paragraph 25 of Plaintiff's Complaint.

26.

Defendant denies the allegations contained in paragraph 26 of Plaintiff's Complaint.

27.

Defendant denies the allegations contained in paragraph 27 of Plaintiff's Complaint as pled.

28.

Defendant denies the allegations contained in paragraph 28 of plaintiff's Complaint.

29.

Defendant denies the allegations contained in paragraph 29 of plaintiff's Complaint.

30.

Defendant denies the allegations contained in paragraph 30 of plaintiff's Complaint.

31.

Defendant denies the allegations contained in paragraph 31 of plaintiff's Complaint.

32.

Defendant denies the allegations contained in paragraph 32 of plaintiff's Complaint.

33.

Defendant denies the allegations contained in paragraph 33 of plaintiff's Complaint.

34.

Defendant denies the allegations contained in paragraph 34 of plaintiff's Complaint.

35.

Defendant denies the allegations contained in paragraph 35 of plaintiff's Complaint.

36.

Defendant denies the allegations contained in paragraph 36 of plaintiff's Complaint.

37.

Defendant denies the allegations contained in paragraph 37 of plaintiff's Complaint.

38.

Defendant denies the allegations contained in paragraph 38 of plaintiff's Complaint.

39.

Defendant denies the allegations contained in paragraph 39 of plaintiff's Complaint.

40.

Any allegation, language, or paragraph of plaintiff's Complaint not hereinbefore responded to are specifically denied by defendant.

WHEREFORE, having fully answered plaintiff's Complaint, defendants pray:

a)      that plaintiff's Complaint be dismissed;

b)      that defendants have judgment in their favor;

c)      that defendants have a trial by jury of twelve persons; and

d)      that defendants have all other proper relief.

This _8th___ day of December, 2022.

                              WALDON ADELMAN CASTILLA
                              HIESTAND & PROUT


                              _____
                              TRAVIS J. MEYER
                              Georgia Bar No. 309781
                              JACK A. PARKER
                              Georgia Bar No. 507276
                              *Attorneys for Defendant James Provost*

900 Circle 75 Parkway
Suite 1040
Atlanta, Georgia  30339
(770) 953-1710
tmeyer@wachp.com
jparker@wachp.com

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the foregoing **ANSWER AND JURY DEMAND OF DEFENDANT JAMES PROVOST** with the Clerk of the Court using an O.C.G.A. § 15-6-11 electronic filing service provider which will automatically send e-mail notification of such filing to the following attorney(s) of record:

Michael P. Walker, Esq.
Piasta Newbern Walker, LLC
3301 Windy Ridge Parkway
Suite 110
Atlanta, GA  30339
mike@pnwlaw.com

This __8th__ day of December, 2022.

WALDON ADELMAN CASTILLA
HIESTAND & PROUT

TRAVIS J. MEYER
Georgia Bar No. 309781
JACK A. PARKER
Georgia Bar No. 507276
*Attorneys for Defendant James Provost*

900 Circle 75 Parkway
Suite 1040
Atlanta, Georgia  30339
(770) 953-1710
tmeyer@wachp.com
jparker@wachp.com

060

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

KENYON D. DUNCAN,         )
         )
    Plaintiff,        )
         )    Civil Action File
vs.         )    No. 22A03589
         )
WALMART STORES EAST, LP,         )
KEYUR PATEL; JAMES PROVOST;         )
DOE 1; DOE 2; DOE 3; AND DOE 4         )
         )
    Defendant.        )

## ANSWER AND JURY DEMAND OF DEFENDANT KEYUR PATEL

KEYUR PATEL, defendant in above-styled action, by and through its counsel of record,

files this Answer to plaintiff's Complaint as follows:

### FIRST DEFENSE

Plaintiff's claims may be barred in part or in whole by the expiration of the applicable

statutes of limitation.

### SECOND DEFENSE

Venue is improper.

### THIRD DEFENSE

Service of process is insufficient.

### FOURTH DEFENSE

Process is insufficient as to this defendant.

STATE COURT OF
DEKALB COUNTY, GA.
12/8/2022 4:16 PM
E-FILED
BY: Camille Boknight

FIFTH DEFENSE

This Court lacks personal jurisdiction over defendant.

SIXTH DEFENSE

Plaintiff's failure to specifically state items of special damages as required by Georgia law bars their recovery.

SEVENTH DEFENSE

Plaintiff's complaint fails to state a theory of recovery upon which relief can be granted.

EIGHTH DEFENSE

The plaintiff's Complaint fails to state a claim upon which relief may be granted for attorney's fees.

NINTH DEFENSE

Responding to the separately numbered paragraphs of plaintiff's Complaint, defendant Keyur Patel, answers as follows:

1.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of Plaintiff's Complaint.

2.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of plaintiff's Complaint.

3.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of plaintiff's Complaint.

4.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of plaintiff's Complaint.

5.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of Plaintiff's Complaint.

6.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of Plaintiff's Complaint.

7.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of Plaintiff's Complaint.

8.

Defendant denies the allegations contained in paragraph 8 of Plaintiff's Complaint.

9.

Defendant denies the allegations contained in paragraph 9 of Plaintiff's Complaint.

10.

Defendant denies the allegations contained in paragraph 10 of Plaintiff's Complaint.

11.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of Plaintiff's Complaint.

12.

Defendant denies the allegations contained in the first sentence of paragraph 12 of plaintiff's Complaint. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 12 of Plaintiff's Complaint.

13.

Defendant denies the allegations contained in paragraph 13 of Plaintiff's Complaint.

14.

Defendant denies the allegations contained in paragraph 14 of plaintiff's Complaint.

15.

Defendant denies the allegations contained in paragraph 15 of plaintiff's Complaint.

16.

Defendant denies the allegations contained in paragraph 16 of Plaintiff's Complaint.

17.

Defendant denies the allegations contained in paragraph 17 of Plaintiff's Complaint.

18.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of Plaintiff's Complaint.

19.

Defendant denies the allegations contained in paragraph 19 of Plaintiff's Complaint.

20.

Defendant denies the allegations contained in paragraph 20 of Plaintiff's Complaint.

21.

Defendant denies the allegations contained in paragraph 21 of plaintiff's Complaint.

22.

Defendant denies the allegations contained in paragraph 22 of Plaintiff's Complaint.

23.

Defendant denies the allegations contained in paragraph 23 of plaintiff's Complaint.

24.

Defendant denies the allegations contained in paragraph 24 of Plaintiff's Complaint.

25.

Defendant denies the allegations contained in paragraph 25 of Plaintiff's Complaint.

26.

Defendant denies the allegations contained in paragraph 26 of Plaintiff's Complaint.

27.

Defendant denies the allegations contained in paragraph 27 of Plaintiff's Complaint as pled.

28.

Defendant denies the allegations contained in paragraph 28 of plaintiff's Complaint.

29.

Defendant denies the allegations contained in paragraph 29 of plaintiff's Complaint.

30.

Defendant denies the allegations contained in paragraph 30 of plaintiff's Complaint.

31.

Defendant denies the allegations contained in paragraph 31 of plaintiff's Complaint.

32.

Defendant denies the allegations contained in paragraph 32 of plaintiff's Complaint.

33.

Defendant denies the allegations contained in paragraph 33 of plaintiff's Complaint.

34.

Defendant denies the allegations contained in paragraph 34 of plaintiff's Complaint.

35.

Defendant denies the allegations contained in paragraph 35 of plaintiff's Complaint.

36.

Defendant denies the allegations contained in paragraph 36 of plaintiff's Complaint.

37.

Defendant denies the allegations contained in paragraph 37 of plaintiff's Complaint.

38.

Defendant denies the allegations contained in paragraph 38 of plaintiff's Complaint.

39.

Defendant denies the allegations contained in paragraph 39 of plaintiff's Complaint.

40.

Any allegation, language, or paragraph of plaintiff's Complaint not hereinbefore responded to are specifically denied by defendant.

WHEREFORE, having fully answered plaintiff's Complaint, defendants pray:

a)      that plaintiff's Complaint be dismissed;

b)      that defendants have judgment in their favor;

c)      that defendants have a trial by jury of twelve persons; and

d)      that defendants have all other proper relief.

This __8th___ day of December, 2022.

WALDON ADELMAN CASTILLA
HIESTAND & PROUT

TRAVIS J. MEYER
Georgia Bar No. 309781
JACK A. PARKER
Georgia Bar No. 507276
*Attorneys for Defendant Keyur Patel*

900 Circle 75 Parkway
Suite 1040
Atlanta, Georgia  30339
(770) 953-1710
tmeyer@wachp.com
jparker@wachp.com

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the foregoing **ANSWER AND JURY DEMAND OF DEFENDANT KEYUR PATEL** with the Clerk of the Court using an O.C.G.A. § 15-6-11 electronic filing service provider which will automatically send e-mail notification of such filing to the following attorney(s) of record:

Michael P. Walker, Esq.
Piasta Newbern Walker, LLC
3301 Windy Ridge Parkway
Suite 110
Atlanta, GA  30339
mike@pnwlaw.com

This ___8th___ day of December, 2022.

WALDON ADELMAN CASTILLA
HIESTAND & PROUT

TRAVIS J. MEYER
Georgia Bar No. 309781
JACK A. PARKER
Georgia Bar No. 507276
*Attorneys for Defendant Keyur Patel*

900 Circle 75 Parkway
Suite 1040
Atlanta, Georgia  30339
(770) 953-1710
tmeyer@wachp.com
jparker@wachp.com

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| KENYON D. DUNCAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action File |
| vs. | ) | No. 22A03589 |
| | ) | |
| WALMART STORES EAST, LP, | ) | |
| KEYUR PATEL; JAMES PROVOST; | ) | |
| DOE 1; DOE 2; DOW 3; AND DOE 4 | ) | |
| | ) | |
| Defendant. | ) | |

## RULE 5.2 CERTIFICATE OF SERVICE

Pursuant to Uniform State Court Rule 5.2, the undersigned hereby certifies that a copy of Defendant Walmart Stores East, LP's First Request for Admissions, Interrogatories, Request for Production of Documents, and Notice to Produce to Plaintiff Kenyon D. Duncan was served upon counsel of record in the foregoing matter by depositing copies of same in the United States Mail in an envelope with sufficient postage thereon addressed as follows:

Michael P. Walker, Esq.
Andrew L. Hagenbush, Esq.
PIASTA NEWBERN WALKER, LLC
3301 Windy Ridge Pkwy
Suite 110
Atlanta, GA 30339

This ___14___ day of December, 2022.

WALDON ADELMAN CASTILLA
HIESTAND & PROUT

Travis J. Meyer
Georgia Bar No. 309781
Jack A. Parker
Georgia Bar No. 507276
*Attorneys for Walmart Stores East, LP*

900 Circle 75 Parkway
Suite 1040
Atlanta, Georgia 30339
(770) 953-1710
tmeyer@wachp.com
jparker@wachp.com

STATE COURT OF
DEKALB COUNTY, GA.
12/14/2022 11:22 AM
E-FILED
BY: Camille Boknight

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

KENYON D. DUNCAN, )
 )
    Plaintiff, )
 )    Civil Action File
vs. )    No. 22A03589
 )
WALMART STORES EAST, LP, )
KEYUR PATEL; JAMES PROVOST; )
DOE 1; DOE 2; DOW 3; AND DOE 4 )
 )
    Defendant. )

## RULE 5.2 CERTIFICATE OF SERVICE

Pursuant to Uniform State Court Rule 5.2, the undersigned hereby certifies that a copy of **DEFENDANT WALMART STORES EAST, LP'S SECOND REQUESTS FOR ADMISSIONS TO PLAINTIFF KENYON D. DUNCAN** was served upon counsel of record in the foregoing matter by depositing copies of same in the United States Mail in an envelope with sufficient postage thereon addressed as follows:

Michael P. Walker, Esq.
Andrew L. Hagenbush, Esq.
PIASTA NEWBERN WALKER, LLC
3301 Windy Ridge Pkwy
Suite 110
Atlanta, GA 30339

    This  25th  day of January, 2023.

WALDON ADELMAN CASTILLA
HIESTAND & PROUT

Travis J. Meyer
Georgia Bar No. 309781
Jack A. Parker
Georgia Bar No. 507276
*Attorneys for Walmart Stores East, LP*

900 Circle 75 Parkway
Suite 1040
Atlanta, Georgia 30339
(770) 953-1710
tmeyer@wachp.com
jparker@wachp.com

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| KENYON D. DUNCAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 22A03589 |
| WAL-MART STORES EAST LP; | ) | |
| KEYUR PATEL; JAMES PROVOST; | ) | |
| ANTHONY ROSS; DOE 2; DOE 3; | ) | |
| and DOE 4; | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendants. | | |

## AMENDED COMPLAINT

COMES NOW Plaintiff and files this Amended Complaint for Damages, as follows:

### PARTIES, JURISDICTION, AND VENUE

1.

Plaintiff Kenyon Duncan is a Georgia resident and citizen and submits himself to the jurisdiction and venue of this Court.

2.

Defendant Wal-Mart Stores East, LP ("Wal-Mart" or "Defendant(s)") is a limited partnership authorized to do business in the state of Georgia.  Wal-Mart may be served through its registered agent, The Corporation Company, 106 Colony Park Drive, Suite 800-B, Cumming, Georgia 30040.

STATE COURT OF
DEKALB COUNTY, GA.
2/13/2023 3:03 PM
E-FILED
BY: Camille Boknight

3.

Jurisdiction and venue are proper as to Wal-Mart.

4.

Wal-Mart has been properly served with process in this action.

5.

Defendant James Provost ("Provost" or "Defendant(s)") is a natural person and Georgia resident and citizen. He may be served at his usual place of abode, 899 Powers Ferry Road SE, Apt. B07, Marietta, Georgia 30067.

6.

Jurisdiction and venue are proper as to Provost.

7.

Provost has been properly served with process in this action.

8.

Defendant Keyur Patel ("Patel") is a natural person and Georgia resident and citizen. He may be served at his place of business, 4725 Ashford Dunwoody Road, Dunwoody, Georgia 30338.

9.

Jurisdiction and venue are proper as to Patel.

10.

Patel has been properly served with process in this matter.

2

11.

Pursuant to O.C.G.A. § 9-11-15 and *Bishop v. Farhat*, 227 Ga. App. 201 (1997), Plaintiff amends the original Complaint so as to substitute Defendant Anthony Ross as a party Defendant in place of Defendant Doe 1, Defendant Ross was a general manager at the subject Wal-Mart stores at all times relevant to this Complaint.

12.

Defendant Anthony Ross ("Ross") is a natural person. He may be served at his place of business, 4725 Ashford Dunwoody Road, Dunwoody, Georgia 30338.

13.

Jurisdiction and venue are proper as to Ross.

14.

Ross has been properly served with process in this matter.

15.

Out of abundance of caution, Plaintiff identifies Doe 2, Doe 3, and Doe 4 as party Defendants. The true names of Does 2 through 4 are unknown to Plaintiff. These John Does are legally responsible in some manner for Plaintiff's injuries under theories of premises liability, vicarious liability, and direct liability for the dangerous condition that caused Plaintiff's injury. This Defendant has received such notice of the institution of the action that it will not be prejudiced in maintaining a defense on the merits. Does 2 through 4 are on notice, or should

3

have been on notice, that but for a mistake as to the real party, the action would have been brought against them.

## OPERATIVE FACTS

16.

On or about March 13, 2021 (the "date of incident"), Plaintiff Kenyon Duncan was shopping at the Wal-Mart store located at 4725 Ashford Dunwoody Road, Dunwoody, Georgia 30338 ("Premises"). At all times relevant to this case, the Wal-Mart store was owned, occupied, controlled, managed, and operated by Defendants.

17.

Defendants Ross, Provost, and/or Patel were the managers of the Wal-Mart store located on the premises and were responsible for operating, managing, and maintaining the Wal-Mart store on the date of incident.

18.

Defendants Ross, Provost and/or Patel responsible for identifying, removing, and warning Wal-Mart patrons of hazardous conditions on the Premises. On the date and time of the incident, Defendants Provost and/or Patel were also responsible for implementing and enforcing store policies, procedures, and practices for identifying and removing hazards at the store, such that he exercised control over the subject premises at the time of the incident.

4

19.

On the date of incident, Plaintiff Duncan was walking in the Wal-Mart store on the Premises when he slipped due to a foreign substance on the floor of the store.

20.

The foreign substance created a hazardous condition on the floor of the Premises on the date of incident.

21.

As a result of slipping on the foreign substance, Duncan fell and suffered bodily injuries.

22.

At the time of his fall, Duncan was an invitee of Defendants.

23.

Duncan required medical treatment to address bodily injuries caused by the fall on the date of incident.

24.

Duncan incurred medical bills for medical treatment for the fall.

5

25.

Before Duncan's fall, Defendants had actual and/ or constructive knowledge of the hazardous condition presented by the foreign substance on the Premises that caused Duncan's fall and injuries.

26.

Defendants should have known of the hazard created by the foreign substance due to the presence of employees in the immediate vicinity of the fall, the length of time the foreign substance remained on the floor of the Premises, and because Defendants failed to follow reasonable policies and procedures for inspecting the area of the floor in the Wal-Mart store on the date of incident.

27.

Before Duncan's fall, Defendants did not place any warning signs in the area where Duncan fell to alert customers of the hazard, and in fact, provided no warning whatsoever to Duncan regarding the hazardous condition created by the foreign substance on Defendants' Premises.

28.

Duncan exercised ordinary care at the time of the incident.

29.

Duncan did not have knowledge of the hazardous condition presented by the foreign substance prior to his slipping and falling on the date of incident.

6

## LEGAL CLAIMS

### 30.

Duncan was an invitee of Defendants as defined by O.C.G.A. § 51-3-1, *et seq.*

### 31.

As the owner and/ or occupier of the Premises, Defendants owed an invitee such as Duncan a duty to exercise ordinary care to keep the Premises safe.

### 32.

Defendants knew or should have known that the hazardous condition on the Premises posed a risk to Wal-Mart's patrons, including Plaintiff, and that the failure to clean, mark, remove, and/or warn of said conditions was likely to result in injuries to their invitees.

### 33.

Defendants had actual and constructive knowledge of the hazardous condition(s) existing on the Premises due to the presence of their employees and agents within the immediate area of the hazardous condition, and due to the existence of the condition(s) for an unreasonable period of time.

### 34.

Defendants had actual knowledge of the hazardous condition(s) existing on their Premises through the direct knowledge of their employees and agents.

7

35.

Although Defendants knew or should have known of the risks of injuries to their invitees from the hazardous conditions, they negligently failed to take reasonable precautions to guard against the dangerous conditions and failed to protect their invitees from the conditions, including Plaintiff.

36.

Defendants negligently failed to ensure that the Premises were safe for their patrons, including Plaintiff, and failed to inspect, clean, maintain, warn, or mark the dangerous condition, thereby causing Plaintiff's injuries.

37.

Defendants were negligent and said negligence proximately caused Plaintiff's injuries in the following ways:

a) Violation of O.C.G.A. § 51-3-1 by failing to use ordinary care to keep the Premises safe;

b) Failing to reasonably inspect and clean the floor of the Premises;

c) In failing to properly inspect and maintain the Premises;

d) In knowingly allowing their invited guests to use an unsafe area of the Premises;

e) In failing to post warning signs or warning markings;

f) In failing to properly train and supervise their employees to the care of said Premises; and

8

g) In negligently retaining, entrusting, hiring, training and supervising said employees.

38.

Defendants were, and are, negligent *per se*.

39.

Each of the forgoing acts and omissions constitute an independent act of negligence by Defendants and one or more or all of said herein above stated acts was the proximate cause of the injuries and damages sustained by Plaintiff.

40.

The injuries sustained by Plaintiff are the direct and proximate result of Defendants' negligence. But for said negligence, Plaintiff would not have suffered the injuries and losses discussed herein.

41.

Because of said injuries, Plaintiff has incurred reasonable and necessary medical and doctor expenses, and will continue to incur expenses in the future.

42.

Plaintiff is entitled to recover for the injuries and pain and suffering sustained, and all other elements of damages allowed under Georgia law, including but not limited to all compensatory, general, special, incidental, consequential, and other damages permitted. Plaintiff states her intention to seek

9

all compensatory, general, special, incidental, consequential, and other damages permissible under Georgia law, including, but not limited to:

a)  Personal injuries;

b)  Past, present and future pain and suffering;

c)  Past, present and future medical expenses;

d)  Disability;

e)  Mental anguish;

f)  Loss of the capacity for the enjoyment of life;

g)  Incidental expenses;

h)  Permanent injuries; and

i)  Consequential damages to be proven at trial.

43.

Plaintiff is entitled to attorneys' fees and the expenses of litigation because Defendants' actions evidence a species of bad faith, were and are stubbornly litigious, and have caused Plaintiff unnecessary trouble and expense under O.C.G.A. § 13-6-11.

WHEREFORE, the Plaintiff prays for a judgment to be awarded to her and against the Defendants for the following:

a)      Plaintiff be awarded actual damages in amounts to be shown at trial from the Defendants;

10

b)    Plaintiff be awarded all general, special, compensatory, economic, attorney's fees and expenses, and other allowable damages in accordance with the enlightened conscience of an impartial jury from the Defendants and as permitted under Georgia law;

c)    Plaintiff be awarded a trial by jury; and

d)    Plaintiff has such other relief as this Court deems just and appropriate under the circumstances.

TRIAL BY JURY IS HEREBY DEMANDED.

Dated:  <u>February 13, 2023</u>

Respectfully submitted,

**PIASTA NEWBERN WALKER, LLC**

3301 Windy Ridge Parkway
Suite 110
Atlanta, GA 30339
(404) 996-1296
Fax: (404) 996-1316
mike@pnwlaw.com
andrew@pnwlaw.com

<u>*/s/ Michael P. Walker*</u>
MICHAEL P. WALKER
Georgia Bar No. 954678
ANDREW L. HAGENBUSH
Georgia Bar No. 127945

11

No. 22A03589 _____

**STATE COURT OF DEKALB COUNTY**
**GEORGIA, DEKALB COUNTY**

**Date Summons Issued and E-Filed**

2/13/2023

**SUMMONS**

_____

/s/ Camille Boknight

_____

Deputy Clerk

Deposit Paid $ _____

Kenyon D. Duncan
_____

_____

Plaintiff's name and address

**vs.**

☑ **JURY**

Wal-Mart Stores East LP; Keyur Patel; James Provost; Anthony Ross;
_____

Doe 2; Doe 3; and Doe 4
_____
Defendant's name and address

**TO THE ABOVE-NAMED DEFENDANT:** Anthony Ross

/s/ Camille Boknight
/s/ Camille Boknight

You are hereby summoned and required to file with the Clerk of State Court, Suite 230, 2nd Floor, Administrative Tower, DeKalb County Courthouse, 556 N. McDonough Street, Decatur, Georgia 30030 and serve upon the plaintiff's attorney, to wit:

Michael P. Walker; Piasta Newbern Walker, LLC
_____

**Name**

3301 Windy Ridge Pkwy, Suite 110, Atlanta GA 30339
_____

**Address**

404-996-1296                                         954678
_____

**Phone Number                            Georgia Bar No.**

an **ANSWER** to the complaint which is herewith served upon you, within thirty (30) days after service upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. The answer or other responsive pleading can be filed via electronic filing through eFileGA via www.eFileGA.com or, if desired, at the e-filing public access terminal in the Clerk's Office at 556 N. McDonough Street, Decatur, Georgia 30030

Travis J. Meyer; Waldon Adelman Castilla Hiestand & Prout
_____

**Defendant's Attorney**

900 Circle 75 Parkway, Suite 1040, Atlanta, GA 30339
_____

**Address**

770-953-1710                                         309781
_____

**Phone No.                            Georgia Bar No.**

_____

**Third Party Attorney**

_____

**Address**

_____

**Phone No.                            Georgia Bar No.**

**TYPE OF SUIT**

☑ Personal Injury ☐ Products Liability
☐ Contract ☐ Medical Malpractice
☐ Legal Malpractice ☐ Product Liability
☐ Other

Principal $ _____

Interest $ _____

Atty Fees $ _____

**Access to the e-filing site and the rules is available at www.dekalbstatecourt.net**
**To indicate consent to e-service check the box below.**
☑**(Plaintiff consents to e-service pursuant to OCGA 9-11-5 (f). The email address for service appears in the complaint.**

E-file summons1-2016

**STATE COURT OF**
**DEKALB COUNTY, GA.**
**2/13/2023 3:03 PM**
**E-FILED**
**BY: Camille Boknight**

# IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| KENYON D. DUNCAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| WAL-MART STORES EAST LP; | ) |
| KEYUR PATEL; JAMES PROVOST; | ) |
| DOE 1; DOE 2; DOE 3; and DOE 4; | ) |
| | ) |
| Defendants. | ) |

Civil Action No. 22A03589

## PLAINTIFF'S RULE 5.2 CERTIFICATE OF SERVICE

Pursuant to Rule 5.2 of the Georgia Uniform Superior Court Rules, this is to certify that on February 13, 2023, I served a true and correct copy of the following:

> *Plaintiff's Responses and Objections to Defendant Walmart Stores East, LP's First Request for Admissions, Interrogatories, Request for Production of Documents*

By email and the Court's electronic filing system which will automatically send an email notification of the filing of the Rule 5.2 Certificate to:

Travis J. Meyer
Jack A. Parker
Waldon Adelman Castilla Hiestand & Prout
900 Circle 75 Parkway, Suite 1040

STATE COURT OF
DEKALB COUNTY, GA.
2/13/2023 3:57 PM
E-FILED
BY: Camille Boknight

Atlanta, GA 30339
tmeyer@wachp.com
jparker@wachp.com
*Attorneys for Walmart*


Dated:  February 13, 2023.

**PIASTA NEWBERN WALKER, LLC**

*/s/ Michael P. Walker*
MICHEAL P. WALKER
Georgia Bar No. 954678
ANDREW L. HAGENBUSH
Georgia Bar No. 127945
*Attorneys for Plaintiffs*

3301 Windy Ridge Parkway
Suite 110
Atlanta, GA 30339
T: (404) 996-1296
E: mike@pnwlaw.com

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| KENYON D. DUNCAN, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | )     Civil Action No. 22A03589 |
| WAL-MART STORES EAST LP; | ) |
| KEYUR PATEL; JAMES PROVOST; | ) |
| DOE 1; DOE 2; DOE 3; and DOE 4; | ) |
| | ) |
|     Defendants. | ) |

### PLAINTIFF'S RULE 5.2 CERTIFICATE OF SERVICE

Pursuant to Rule 5.2 of the Georgia Uniform Superior Court Rules, this is to certify that on February 20, 2023, I served a true and correct copy of the following:

### *Plaintiff's Responses and Objections to Defendant Walmart Stores East, LP's Second Request for Admissions to Plaintiff*

By email and the Court's electronic filing system which will automatically send an email notification of the filing of the Rule 5.2 Certificate to:

Travis J. Meyer
Jack A. Parker
Waldon Adelman Castilla Hiestand & Prout
900 Circle 75 Parkway, Suite 1040
Atlanta, GA 30339
tmeyer@wachp.com
jparker@wachp.com
*Attorneys for Walmart*

STATE COURT OF
DEKALB COUNTY, GA.
2/22/2023 9:37 AM
E-FILED
BY: Camille Boknight

Dated:  February 22, 2023.

                    **PIASTA NEWBERN WALKER, LLC**

                    */s/ Michael P. Walker*
                    MICHEAL P. WALKER
                    Georgia Bar No. 954678
                    ANDREW L. HAGENBUSH
                    Georgia Bar No. 127945
                    *Attorneys for Plaintiffs*

3301 Windy Ridge Parkway
Suite 110
Atlanta, GA 30339
T: (404) 996-1296
E: mike@pnwlaw.com