**IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA**

| | | |
|---|---|---|
| KENYON D. DUNCAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 22A03589 |
| WAL-MART STORES EAST LP; | ) | |
| KEYUR PATEL; JAMES PROVOST; | ) | |
| DOE 1; DOE 2; DOE 3; and DOE 4; | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S REPSONSE AND OBJECTIONS TO
DEFENDANT WALMART STORES EAST, LP'S FIRST REQUEST FOR
ADMISSIONS, INTERROGATORIES, REQUEST FOR PRODUCTION OF
DOCUMENTS, AND NOTICE TO PRODUCE TO PLAINTIFF**

COMES NOW, Kenyon D. Duncan, Plaintiff in the above-captioned matter

and pursuant to the provisions of O.C.G.A. §§ 9-11-26, 9-11-33 and § 9-11-34,

hereby serve his responses and objections as follows:

**PRELIMINARY STATEMENT**

Plaintiff objects to the extent any of the instructions contained in

Defendant's discovery requests exceed the Georgia Civil Practice Act or to the

extent the requested information is protected by the attorney/client privilege

and/or the attorney work product doctrine, and are overly burdensome, vague and

overbroad. This objection is incorporated into each response to First Request for

Admissions, Interrogatories, and Request for Production as if fully restated.

Plaintiff also objects to these requests to the extent they seek materials that have

1

Exhibit

E

exhibitstickers.com #501

not yet been obtained or that Plaintiff may not have in his possession. Furthermore, Plaintiff states that some documents, letters and other materials may not be in Plaintiff's possession, but will be produced as obtained by counsel.

Plaintiff states said answers were prepared with the assistance of counsel; that the answers set forth herein, subject to inadvertent or undiscovered errors, are based on and necessarily limited by the records and information in existence, presently recollected, and/or thus far discovered in the course of the preparation of these answers; that consequently, Plaintiff reserves the right to make any changes in the answers if it appears at any time that omissions or errors have been made therein or that more accurate information is available; that the word usage and sentence structure may be that of the person assisting in the preparation of the answers and does not necessarily purport to be the precise language of the executing party; and that subject to the limitations set forth herein the answers are true and correct to the best of Plaintiff's knowledge, information and belief.

Plaintiff is withholding and not producing the following:

- Correspondence or documents in which Plaintiff's counsel sought documents from a third party, on the basis of work product;

- Documents from Oasis Financial (not reasonably calculated to lead to the discovery of admissible evidence; work product);

2

- Settlement documents from Plaintiff's prior insurance claim on the basis that the settlement statement itself with attorneys is privileged as work product and as an attorney-client communication, and the release and settlement information is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence;
- Documents previously produced by Defendants;
- Plaintiff's fee contract and correspondence with his attorneys.

## REQUEST FOR ADMISSIONS

1.

You have experienced pain or discomfort in the past which is the same or similar to any pain or discomfort which you allege resulted from the incident referenced in the Complaint.

**RESPONSE**: Admitted in part and denied in part. Plaintiff had prior pain in his back, which resulted in a microdiscectomy. This fall aggravated those pre-existing issues.

2.

Prior to the date of the incident referenced in the Complaint, you had received treatment from one or more healthcare professionals for conditions or injuries like or similar to the problems which you allege resulted from this incident.

**RESPONSE**: Admitted.

3

4.[SIC]

You were not employed at the time of the incident referenced in the Complaint.

**RESPONSE**: Denied.

5.

You did not miss any time from work as a result of the incident referenced in the Complaint.

**RESPONSE**: Denied.

6.

You do not currently have any restrictions in your employment, personal, or recreational activities attributable to the incident.

**RESPONSE**: Denied.

7.

No doctor has ever limited or restricted your activities as a result of the incident.

**RESPONSE**: Denied.

8.

You have completely recovered from the injury or injuries which you allegedly sustained as a result of the incident referenced in the Complaint.

**RESPONSE**: Denied.

4

9.

As to the special damages for which you are seeking compensation in this action, you qualified for insurance benefits payable for healthcare services or products secured as a result of the incident referenced in the Complaint.

**RESPONSE**: Denied.

10.

You have personally paid none of the bills received for services or products provided by healthcare professionals for problems or injuries which you relate to the incident.

**RESPONSE**: Denied.

11.

You have no outstanding and/or unpaid medical expenses arising out of the incident referenced in the Complaint.

**RESPONSE**: Denied.

12.

You have been reimbursed for any purported loss of income.

**RESPONSE**: Denied.

## **INTERROGATORIES**

1.

Identify (by stating name, address, date of birth, telephone number, and Social Security Number).

5

(a)     yourself and

(b)     any person assisting you in responding to this discovery.

**RESPONSE:**  Kenyon Darnell Duncan, 2245 Interstate N. Parkway SE, Atlanta, Georgia 30339; 302-373-6841; 770-912-1452.  Plaintiff will provide his date of birth and social security number privately outside of a public document.

2.

Identify (by stating name, address, and telephone number) of each person who:

(a)     was an eyewitness to the incident;

(b)     has knowledge of facts or circumstances concerning the incident, your alleged injuries, and/or your alleged damages;

(c)     you expect to call as an expert witness at trial; and for each such expert witness state: the subject matter to which he or she is expected to testify; the substance of the facts and opinions to which he or she is expected to testify; and a summary of the grounds for each such opinion;

(d)     you have retained or specially employed in anticipation of litigation or preparation for trial and who you do not expect to call as a witness at trial; and

(e)     has investigated any aspect of the incident or your claims.

6

**RESPONSE:**    Discovery is in the early stages, and Plaintiff is still evaluating who may be a witness. Additionally, this request calls for work product Subject to and without waiving that objection, Plaintiff; Plaintiff's family members; Plaintiff's counsel; individuals identified in Walmart's incident report; and Plaintiff's medical providers.

3.

As to each person who has given a statement concerning the incident referenced in the Complaint or your alleged injuries and/or damages, provide his/her name, the date his/her statement was taken, by whom his/her statement was taken, and the current custodian of said statement.

**RESPONSE**:   Plaintiff objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. This request also infringes on the attorney-client privilege and work-product doctrine, as it involves conversations with attorneys. Subject to and without waiving those objections, Plaintiff recalls speaking to someone named Shaun from Walmart before he retained an attorney. He does not know whether or not that conversation was recorded.

4.

State what medical, surgical, psychiatric, or other therapeutic care, treatment, procedure, or examination you had received before the incident, indicating:

7

(a)     the date(s) of each such care, treatment, procedure, or examination;

(b)     the identity of the physician(s), surgeon(s) or other practitioner(s) of any healing art from whom you received such care, treatment, procedure or examination, including his/her name and the name and address of his/her practice and/or office; and

(c)     the reason(s) for each such care, treatment, procedure, or examination.

**RESPONSE:** Plaintiff objects to this interrogatory to the extent that it is vague and overbroad, and is calculated, or would operate to, harass, annoy, or otherwise unduly burden Plaintiff.  As written, in order to fully respond to this interrogatory, Plaintiff would be required to disclose every runny nose, cold, bump and/or bruise, for which he had been ever been seen at any point in his life prior to June 29, 2021.  As such, this interrogatory is clearly burdensome and overbroad. Subject to said objection and without waiving same, and to the best of Plaintiff's current recollection, Plaintiff recalls previously treating with Center for Interventional Pain & Spine in Delaware and First State Spine Orthopedics in Newark, Delaware. Plaintiff has no objection to Defendants obtaining his lifetime, non-privileged medical records.

5.

State what medical, surgical, psychiatric or other treatment or care you have received for any reason (including any physical examination whether in

8

connection with employment, application for insurance or otherwise) after the incident, indicating:

(a)     the date(s) of each such care, treatment, procedure, or examination;

(b)     the identity of the physician(s), surgeon(s) or other practitioner(s) of any healing art from whom you received such care, treatment, procedure or examination, including his/her name and the name and address of his/her practice or office;

(c)     the reason(s) for each such care, treatment, procedure, or examination;

(d)     the charges for each such service; and date of your last visit.

**RESPONSE:**   Plaintiff objects to this request as unduly burdensome. In lieu of a narrative response, Plaintiff produces herewith his medical records and billing records, which contain detailed descriptions of his providers, injuries, diagnoses, treatment, and charges, and further refers Defendant to the below table:

| RECORD OF MEDICAL EXPENSES | | |
|---|---|---|
| **DATE OF TREATMENT** | **NAME OF MEDICAL PROVIDER** | **AMOUNT** |
| 06/29/21 – 10/04/22 | Grady Memorial Hospital | $3,633.00 (to be supplemented) |
| 06/29/21 – 06/30/21 | Emory Medical Care Foundation | $173.00 |
| 07/09/2021 | Outpatient Imaging | $2,011.00 |
| 07/27/2021 | Preferred Prescriptions Pharmacy | $1,474.71 |

9

| RECORD OF MEDICAL EXPENSES | | |
|---|---|---|
| **DATE OF TREATMENT** | **NAME OF MEDICAL PROVIDER** | **AMOUNT** |
| 06/30/21 – 09/24/21 | Georgetown Clinics | $8,350.00 |
| 08/02/2021 | North Atlanta Spine & Pain Care | $1,250.00 |
| 03/18/2022 | American Health Imaging | $2,515.00 |
| 02/11/22 – 05/09/22 | Comprehensive Spine & Pain | $11,406.10 |
| 05/17/22 – 09/19/22 | Ortho Sport & Spine Physicians | $109,891.33 |
| | **TOTAL** | **$140,704.14 (to be supplemented)** |

6.

If you have ever suffered a personal injury to any part of your body (other than the injury alleged from this incident), please:

    (a)    describe the injury, including the date of the injury, and the cause of the injury;

    (b)    identify the provider of any medical services or treatment in connection therewith, including his/her name, address, and telephone number;

    (c)    identify the responsible party, including his/her insurance carrier;

    (d)    if you made a claim for bodily injury as a result of the incident(s), please identify the incident, the outcome of the claim, and the identity, including the address of the person, firm, or corporation

10

against whom the claim was made; and

(e)     if any civil litigation resulted from the incident, state the style

of the case, the court in which it was filed, and the civil action

file number.

**RESPONSE:**  Plaintiff objects to this request as vague, ambiguous, and overly broad in that it encompasses his entire life and does not attempt to limit this request, which could encompass every minor issue from childhood. Subject to and without waiving those objections, to the best of Plaintiff's recollection, he was involved in an auto accident in 2017 in Delaware, he sustained injury to his lower back; suit was brought in Newcastle County Superior Court of Delaware, Case No. N17C-11-061ALR.

7.

Please itemize all expenses and special damages which you are seeking recovery for in this litigation. **(REFERENCE TO ANY ATTACHED DOCUMENTS WILL NOT SATISFY THE REQUIREMENTS OF O.C.G.A. § 9-11-9(g)).**

**RESPONSE**:  Plaintiff is in the process of compiling all special damages and will supplement as necessary and appropriate and further refers Defendant to the information already provided in response to Interrogatory number 5.

8.

Please describe all physical and mental injuries you allege to have been

11

received in the incident referenced in the Complaint.

**RESPONSE:**  Plaintiff objects to this request as unduly burdensome and is better addressed during a deposition, as the extent of her injuries necessarily depends on context. Subject to and without waiving those objections, please refer to Plaintiff's medical records provided herewith, which have detailed descriptions of her injuries.

9.

As to any insurer, employer, person, or other entity which paid any of the bills arising from the incident referenced in the Complaint or any incident subject to identification in response to interrogatory number 6, please:

(a) identify the health insurance carrier, HMO, PPO, and/or governmental or private organization or source; and

(b) state your policy number, participation number, member number, certificate number or any other identifying number by which each entity described in (a) above identified you.

**RESPONSE**:  Plaintiff objects to this request as not reasonably calculated to lead to the discovery of admissible evidence on the basis that it seeks collateral source information. Subject to and without waiving that objection, please see medical bills produced herewith, which may contain responsive information.

10.

If you are claiming lost earnings, please state:

12

(a)     the total amount of the lost earnings which you seek to recover
        in this litigation;

(b)     the specific dates you missed from work due to your alleged
        injuries;

(c)     on the date of the incident referenced in the Complaint, your
        employer, your

(d)     if there has been any change in your occupation(s),
        employer(s), duties, or earnings since the incident,
        please describe each such change;

(e)     state the number of hours you typically worked at the time of
        the collision;

(f)     state how the injuries which you allege resulted from the
        incident prevented you from performing your job duties; and

(g)     describe the method which you have used to calculate
        your lost earnings or wages.

**RESPONSE:** Plaintiff did miss work and lost job opportunities as a result
of the incident, which impacted his employment and income. However, Plaintiff is
in the process of compiling lost wage information and may supplement as
necessary and appropriate.

11.

State with specificity and in reasonable detail how the alleged incident

13

which is the basis of your lawsuit in this matter happened, including, but not limited to:

(a)   The date, time, and location of the alleged incident;

(b)   Your purpose for being on the premises;

(c)   How many times you had previously been on the premises;

(d)   A complete and detailed description of the area where the alleged incident occurred;

(e)   What you believe caused the alleged incident;

(f)   every act or omission of the defendant(s) that you contend caused or contributed to your alleged injuries and/or damages; and

(g)   to whom and the date and time you reported the alleged incident.

**RESPONSE**:  Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, and calls for work product. Additionally, Plaintiff objects on the basis that this is a contention interrogatory served at the early stages of discovery. Subject to and without waiving those objections, please see Plaintiff's Complaint, which concisely sets forth Plaintiff's allegations.  By way of further response, on or about March 13, 2021, while Plaintiff was shopping at Wal-Mart, he slipped on a foreign substance, causing him to sustain serious injuries.

14

12.

Identify each and every drawing, photograph, videotape, and computer animation of the incident scene or the persons involved in the incident, indicating the date made, its subject, its photographer or drawer, and its current custodian.

**RESPONSE:** Please see photographs being produced herewith.

13.

If you have ever been convicted of or pled guilty to any felony or misdemeanor, (other than routine traffic violations), please state the nature of the offense, the date, and jurisdiction of the conviction.

**RESPONSE:** Plaintiff objects to this request as not reasonably calculated to lead to the discovery of admissible evidence, as it encompasses crimes no matter how minor for his entire life, is overly broad, and is designed to harass and embarrass. Subject to and without waiving those objections, Plaintiff recalls a 1998 possession charge in Pennsylvania, and a 2008 misdemeanor charge, also in Pennsylvania.

14.

If you have ever filed for bankruptcy, please provide:

(a)     the name and address of the court where you filed for each bankruptcy;

(b)     the year of filing; and

(c)     the status or disposition of each bankruptcy filing.

15

**RESPONSE:** Not applicable.

15.

If you have ever been involved (whether as a driver, passenger, or pedestrian) in a motor vehicle incident, either prior or subsequent to the injury alleged which is the subject of this lawsuit, please:

    (a)    Describe the incident, including the date of the incident and the injuries suffered;

    (b)    If you were injured in the incident, identify the provider of any services or treatments in connection therewith, including his/her name, address, and telephone number;

    (c)    Identify the responsible party including his/her insurance carrier;

    (d)    Identify any police department, sheriff's office, or patrol unit that investigated the incident;

    (e)    If you made a claim for bodily injury as a result of the incident(s), please indicate the incident, the outcome of the claim, and the identity, including the address of the person, firm, or corporation against whom the claim was made; and

    (f)    If any civil litigation resulted from the incident, state the style, court in which it was filed, and the civil action file number.

16

**RESPONSE:**  Please see Plaintiff's response to Interrogatory number 6 above.  Plaintiff was also involved in a minor auto accident while operating a rental car in Delaware in 2018, he did not sustain any injury in this incident and there were no damages to the vehicle.

16.

If you have ever been involved in any other lawsuit, whether as a plaintiff or defendant, please state:

      (a)     the basis of the lawsuit;

      (b)     the style and court in which the lawsuit was filed;

      (c)     the civil action file number of the lawsuit; and

      (d)     the final disposition of the lawsuit.

**RESPONSE:**  Please see Plaintiff's response to Interrogatory number 6 above.

17.

If you continue to have any activity restrictions as a result of incident referenced in the complaint, please describe the nature of each and every such restriction.

**RESPONSE:**  Plaintiff objects to this request as overly broad and unduly burdensome in that it would require him to identify every conceivable activity and how the injury impacts such activity, and this question would be better for a

17

deposition. Plaintiff's injuries limit many activities based on lifting, pain, and endurance.

18.

State whether you, prior to this incident, had any physical and/or mental restriction or impairment. If so, please describe each such restriction or impairment in detail.

**RESPONSE:** Not applicable. To the extent responsive, Plaintiff previously had a microdiscectomy and may have had restrictions from that.

19.

Please identify the e-mail address, profile name, and/or network to which you belong for any social networking or photo sharing websites, such as Facebook, LinkedIn, Instagram, Vine, Flickr, Picasa, Tumblr, MySpace and Twitter.

**RESPONSE:** Plaintiff objects to this request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence and is designed to cause oppression, embarrassment, and harassment. Defendant's request is a proverbial fishing expedition for which it has not made a threshold showing of discoverability. Subject to and without waiving that objection, not applicable.

20.

If you have, or anyone on your behalf has, entered into any type of agreement, insurance policy, or indemnification agreement which will pay

18

benefits to you or on your behalf in the event that any recovery in the above-styled litigation does not meet a certain threshold, please indicate the following: (a) the parties to the agreement; (b) the triggering event for benefits to be paid under the agreement; (c) the maximum amount of benefits which can be paid under the agreement; and (d) the premium paid for the agreement.

**RESPONSE**:  Plaintiff objects to this request as not reasonably calculated to lead to the discovery of admissible evidence on the basis that it seeks collateral source information. Subject to and without waiving those objections, Plaintiffs' counsel has a contingency fee agreement with Plaintiff. Plaintiff has received a loan from Oasis Financial to help with finances, but the details of that are not discoverable and are private financial documents and constitute work product.

21.

Please identify each and every individual, company, corporation, or other entity who/which has a financial interest in the outcome of this case.

**RESPONSE**:  Please see Plaintiff's response to Interrogatory number 20 above.

22.

If you had a cell phone in your possession at the time of the incident, please provide the cell phone number, name of the service provider, and accountholder for the service plan.

19

**RESPONSE:**   Yes, Plaintiff's cell phone number at the time of the incident was 302-373-6841, his service provider was T-Mobile, and his account was in his name.

## REQUESTS FOR PRODUCTION

1.

 Please produce all statements and/or reports made or given by any person subject to identification in response to interrogatories 1, 2, and 3.

**RESPONSE**:   Plaintiff produces herewith medical records in his possession.

2.

Please produce all reports of expert witnesses who you expect to testify at trial, along with all documents relied upon by such experts in formulating their opinions and/or conclusions.

**RESPONSE:**  Plaintiff has not retained an expert witness to testify at trial. Plaintiff may supplement as necessary and appropriate. However, Plaintiff may call at trial treating medical providers, and he produces herewith his medical records.

3.

Please produce all documents and/or other tangible things which prove, support, or constitute evidence of any facts or circumstances upon which you base the allegations in the Complaint.

20

**RESPONSE:** Plaintiff produces herewith non-privileged responsive documents.

4.

Please produce all photographs, video, computer animations, models, diagrams, and/or drawings of (a) the scene of the incident; (b) any object involved in the incident and/or (c) any person involved in the incident. This request includes any photographs and/or videos that have been posted (by you or others) to any social media or photo sharing website/application (including, but not limited to, Facebook, LinkedIn, Instagram, Vine, MySpace, Flickr, Picasa, Tumblr, and Twitter) since the incident.

**RESPONSE:** Plaintiff produces herewith non-privileged responsive documents.

5.

Please produce any incident reports, and/or transcripts of any judicial hearing for this incident.

**RESPONSE:** Plaintiff refers Defendants to Defendant's document production and the incident report already in Defendant's possession.

6.

Please produce all charts, reports, statements, bills or other documents concerning any health care examination or treatment received by you, including,

21

without limitation, documents subject to identification in response to interrogatories 4, 5, 6, and 7.

**RESPONSE:** Plaintiff produces herewith non-privileged responsive documents.

7.

Please produce all bills, statements of accounts, cancelled checks, receipts or other documents which substantiate any special damages which you seek in this litigation.

**RESPONSE:** Plaintiff produces herewith non-privileged responsive documents.

8.

Please produce all documents reflecting payment to you by any person or insurance company, or other entity for expenses, lost wages, or damages arising from the incident.

**RESPONSE:** Plaintiff objects to this request on the grounds that it seeks collateral source information and is therefore irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

9.

If you are claiming a loss of income or a reduction in your ability to labor in the future, please:

       (a)   produce all documents and/or other tangible things which

22

prove, support or constitute evidence of any fact or circumstance on which you base your claim of lost earnings;

(b)    please produce your Federal and State Income Tax returns, W-2, and 1099 forms for three years before the date of the incident and for each year since the incident; and

(c)    please produce all check stubs, receipts, record of deposits, drafts and any other documents reflecting earnings or salary for the period one year prior to the incident.

**RESPONSE**:  Plaintiff objects to this request as overly broad and on the basis that it seeks private financial documents. Plaintiff further objects to providing her tax returns as they are not required to be produced to prove a lost wage claim in Georgia. Plaintiff is evaluating a lost wage claim and may supplement.

10.

Please produce all notes, investigations, reports, or other documents which describe any aspect of the incident.

**RESPONSE**: Plaintiff objects to this request on the grounds that it calls for work product and counsel's mental impressions. Subject to and without waiving those objections, Plaintiff may supplement. Plaintiff refers Defendants to the Parties' document productions.

23

11.

Please produce all estimates of repair costs, drafts reflecting payments and/or documents relating to property damage or the cost of repairs incurred as a result of the incident.

**RESPONSE:** Plaintiff does not currently have responsive documents.

12.

Please produce all diaries, memoranda, notes or other documents which were kept or prepared by you concerning your physical and/or mental condition for a period beginning two years prior to the incident.

**RESPONSE:** Plaintiff does not currently have responsive documents.

13.

Please produce all documents concerning any automobile incidents you have been involved in or personal injuries you have sustained other than those alleged to have arisen from the incident.

**RESPONSE**: Plaintiff produces herewith non-privileged documents currently in his possession, custody, and control.

14.

Please produce all documents, pleadings, and/or exhibits filed, served or prepared in connection with any other litigation in which you have been a party.

**RESPONSE**: Plaintiff objects to this request as overly broad and unduly burdensome. Subject to and without waiving those objections, Plaintiff produces

24

herewith non-privileged documents currently in his possession, custody, and control.

15.

Please produce all documents concerning or relating to any claim ever made by you for Workers' Compensation, Personal Injury Protection, or benefits from any State or Federal governmental agency.

**RESPONSE:** Plaintiff does not currently have responsive documents.

16.

Please produce any documents given to any person or entity, including any insurance company in return for payment in whole or in part for property damage [i.e., loan receipt(s), release(s), covenants not to sue] or other damage from this incident.

**RESPONSE:**  Plaintiff objects to this request on the grounds that it seeks collateral source information and is therefore irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

17.

Please produce a copy of all transcript(s) of any traffic court hearing, workers' compensation hearing, EEOC hearing, social security hearing, trial, or any other judicial or quasi-judicial hearing related to any occurrence in which you claimed bodily injuries.

**RESPONSE:** Plaintiff does not currently have responsive documents.

25

18.

Please produce a copy of any deposition or sworn statement ever given by you.

**RESPONSE:** Plaintiff does not currently have responsive documents.

19.

Please produce the application for benefits signed by you with regard to any claim for medical payment or healthcare benefits.

**RESPONSE:** Plaintiff does not currently have responsive documents.

20.

Please produce all documents which support your denial of any request for admission, above.

**RESPONSE**: Plaintiff produces herewith non-privileged documents currently in his possession, custody, and control.

21.

Please produce any documents signed by you to resolve any claims against any other person or entity as a result of this incident.

**RESPONSE:** Plaintiff objects to this request on the grounds that it seeks collateral source information and is therefore irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

22.

Please produce all applications for insurance signed by you at any time.

26

**RESPONSE:** Plaintiff does not currently have responsive documents.

23.

Please produce any application for employment submitted by you to any person or entity since the date of the incident.

**RESPONSE**: Plaintiff produces herewith non-privileged documents currently in his possession, custody, and control.

24.

Please provide a copy of all content posted after the incident to any profile identified in Interrogatory No. 19, including, but not limited to photographs, links, documents, posts, conversations, and messages.

**RESPONSE**: Not applicable.

Dated: February 13, 2023

**PIASTA NEWBERN WALKER, LLC**

*/s/ Michael P. Walker*
MICHAEL P. WALKER
Georgia Bar No. 954678
ANDREW L. HAGENBUSH
Georgia Bar No. 127945

3301 Windy Ridge Parkway
Suite 110
Atlanta, GA 30339
(404) 996-1296
Fax: (404) 996-1316
mike@pnwlaw.com
andrew@pnwlaw.com

27

## CERTIFICATE OF SERVICE

This is to certify that I have this day served the foregoing Plaintiff's Responses and Objections to Defendant Walmart Stores East, LP's First Request for Admissions, Interrogatories, and Request for Production of Documents and Notice to Produce to Plaintiff via Statutory Electronic Service to the following attorney of record:

Travis J. Meyer
Jack A. Parker
Waldon Adelman Castilla Hiestand & Prout
900 Circle 75 Parkway, Suite 1040
Atlanta, GA 30339
tmeyer@wachp.com
jparker@wachp.com
*Attorneys for Walmart*

Dated: February 13, 2023.


**PIASTA NEWBERN WALKER, LLC**

/s/ Michael P. Walker
Michael P. Walker
Georgia Bar No. 954678

3301 Windy Ridge Parkway,
Suite 110
Atlanta, GA 30339
T: (404) 996-1296
F: (404) 996-1316
E: mike@pnwlaw.com

28