# EXHIBIT A

E-FILED IN OFFICE - JT
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
23-C-00653-S4
1/29/2023 3:59 PM
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

BRITTANY SIMON

PLAINTIFF

CIVIL ACTION NUMBER: 23-C-00653-S4

VS.

SPIVEY JUNCTION STATION LLC

DEFENDANT

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Morgan L. Medders
2870 Peachtree Rd.
# 104
Atlanta, GA 30305

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This 30th day of January, 2023 day of _____, 20____.

Tiana P. Garner
Clerk of State Court

By _____
Deputy Clerk

INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

E-FILED IN OFFICE - JT
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
23-C-00653-S4
1/29/2023 3:59 PM
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| BRITTANY SIMON, | : |
| Plaintiff, | : 23-C-00653-S4 |
| v. | : Civil Action File No.:_____ |
| PHILLIPS EDISON & COMPANY LTD.; SPIVEY JUNCTION STATION LLC; THE KROGER CO.; JOHN DOE # 1; and JOHN DOES # 2 – 4, | : |
| Defendants. | : |

## **COMPLAINT FOR DAMAGES**

COMES NOW, Brittany Simon, Plaintiff in the above-styled action, by and through her undersigned counsel, and files this Complaint against Defendants Phillips Edison & Company Ltd., Spivey Junction Station LLC, The Kroger Co., John Doe #1, and John Does # 2 – 4, and respectfully shows this Honorable Court as follows:

### **PARTIES**

1.

Plaintiff is a resident of the State of Georgia harmed by the negligent acts and omissions of the Defendants and subjects herself to the jurisdiction of this Court.

2.

Phillips Edison & Company Ltd. ("Phillips Edison" or "Defendants") is a foreign for-profit company that maintains its principal office at 11501 Northlake Drive, Cincinnati, Ohio, 45249.

3.

Phillips Edison may be served with process through its registered agent as follows: CT Corporation System, 289 S. Culver Street, Lawrenceville, Gwinnett County, Georgia 30046-4805.

4.

Jurisdiction and Venue are proper as to Defendant Phillips Edison.

5.

Defendant Phillips Edison has been properly served with process in this action.

6.

Spivey Junction Station LLC. ("Spivey Junction" or "Defendants") is a foreign for-profit company that maintains its principal office at 11501 Northlake Drive, Cincinnati, Ohio, 45249.

7.

Spivey Junction may be served with process through its registered agent as follows: CT Corporation System, 289 S. Culver Street, Lawrenceville, Gwinnett County, Georgia 30046-4805.

8.

Jurisdiction and Venue are proper as to Defendant Spivey Junction.

9.

Defendant Spivey Junction has been properly served with process in this action.

10.

The Kroger Co. ("Kroger" or "Defendants") is a foreign for-profit corporation that maintains its principal office at 1014 Vine Street, Cincinnati, Ohio 45202.

11.

Kroger may be served with process through its registered agent as follows: CSC of Cobb County, Inc., 192 Anderson Street SE, Suite 125, Marietta, Georgia 30060.

12.

Jurisdiction and Venue are proper as to Defendant Kroger.

13.

Defendant Kroger has been properly served with process in this action.

14.

John Doe #1 was the store manager of Kroger's retail location situated at 1750 Hudson Bridge Road, Stockbridge, Henry County, Georgia 30281 on April 24, 2021 engaged in the management, control, and supervision of the subject location. The identity of John Doe # 1 is unknown to Plaintiff at this time but is readily ascertainable by Defendant. Once the identity of John Doe # 1 is discovered, this Complaint will be amended to substitute any Party that is or may be liable to Plaintiff.

15.

Upon information and belief, John Doe # 1 is a resident of the state of Georgia and may be served accordingly once Plaintiff has discovered the identity of John Doe # 1.

16.

Jurisdiction and Venue are proper as to Defendant John Doe # 1.

## **JURISDICTION AND VENUE**

17.

Jurisdiction and venue are proper against Defendants because Defendants Phillips Edison and Spivey Junction maintain their registered offices in Gwinnett County. *See* Ga. Const., art. VI § 2, ¶¶ IV & VI; O.C.G.A. § 9-10-31(a)-(b); O.C.G.A. § 14-2-510(b)(1); RC Cola Bottling Co. v. Vann, 220 Ga. App. 479, 480 (1996).

## ADDITIONAL PROCEDURAL MATTERS

18.

Defendant John Doe(s) # 2 – 4 ("Defendant(s)" or "John Doe(s)") are commercial business(es) and/or individual(s) engaged in ownership, operation, control, management, or in providing contracting services at the subject premises – Kroger Spivey Junction, 1748 Hudson Bridge Rd., Stockbridge, Georgia 30281. The identities of John Doe(s) are unknown to Plaintiff at this time but are readily ascertainable by one or more of the Defendants. Once the identities of John Doe(s) are discovered, this Complaint will be amended to substitute any Party that is or may be liable to Plaintiff.

19.

Defendants consent to electronic service of the pleadings as allowed by O.C.G.A. § 9-11-5(f), and therefore, have placed an e-mail address below the signature block of their answers.

20.

Pursuant to O.C.G.A. § 9-11-45(a)(1)(B), Plaintiff and Defendants agree that their attorneys who are listed in the pleadings may issue and sign subpoenas for persons sought to be deposed in this action so long as the attorneys follow State Disciplinary Board Advisory Opinion No. 40 by providing deposition notices for each person on whom a subpoena is served.

## OPERATIVE FACTS, DAMAGES, AND LEGAL RELIEF

21.

At all relevant times, Defendant Phillips Edison owned, operated, controlled, and/or managed the premises located at 1748 Hudson Bridge Road, Stockbridge, Henry County, Georgia 30311, including the subject Kroger retail location and parking lot situated on the premises.

22.

At all relevant times, Defendant Spivey Junction owned, operated, controlled, and/or managed the premises located at 1748 Hudson Bridge Road, Stockbridge, Henry County, Georgia 30311, including the subject Kroger retail location and parking lot situated on the premises.

23.

At all relevant times, Defendant Kroger owned, operated, controlled, and/or managed the premises located at 1748 Hudson Bridge Road, Stockbridge, Henry County, Georgia 30311, including the subject Kroger retail location and parking lot situated on the premises.

24.

At all relevant times, Defendant John Doe # 1 managed, supervised, and facilitated the operation of the subject Kroger retail location, including the parking lot. Defendant John Doe # 1 further trained, managed, and directed Defendant Kroger's employees at the subject location situated at 1748 Hudson Bridge Road, Stockbridge, Henry County, Georgia 30311.

25.

At all relevant times, Plaintiff Simon was a customer and invitee at the Kroger Spivey Junction retail location and a beneficiary of the services provided by Defendants.

26.

On or about April 24, 2021, Plaintiff Edwards visited the subject shopping center.

27.

Plaintiff Simon traversed the parking lot to enter the Kroger retail location.

28.

As Plaintiff Simon neared the entrance to the Kroger retail location, she slipped and fell when she stepped on the painted yellow pavement markings positioned immediately in front of the entrance.

29.

As a result, Plaintiff Simon sustained severe and permanent injuries including, but not limited to, a dislocated leg and torn knee ligaments requiring surgical intervention.

30.

At all times, Plaintiff Simon exercised ordinary care and diligence under the circumstances then existing.

31.

Defendant Phillips Edison breached its legal duty to keep the premises in a state consistent with the due regard for the safety of its invitees, including Plaintiff Simon, by failing to exercise ordinary care to keep its premises safe and by failing to act as similarly situated businesses in like circumstances.

32.

Defendant Spivey Junction breached its legal duty to keep the premises in a state consistent with the due regard for the safety of its invitees, including Plaintiff Simon, by failing to exercise ordinary care to keep its premises safe and by failing to act as similarly situated businesses in like circumstances.

33.

Defendant Kroger breached its legal duty to keep the premises in a state consistent with the due regard for the safety of its invitees, including Plaintiff Simon, by failing to exercise

ordinary care to keep its premises safe and by failing to act as similarly situated businesses in like circumstances.

34.

Defendant John Doe # 1 breached their legal duty to keep the premises in a state consistent with the due regard for the safety of members of the public, including Plaintiff Simon, by failing to prevent reasonably foreseeable injuries, by creating a foreseeable risk of harm to customers, by failing to remedy or fix the dangerous condition, and by failing to properly train and supervise employees under their management.

35.

Prior to and on April 24, 2021, Defendants negligently maintained, inspected, and managed the property.

36.

Defendants had both actual knowledge and constructive knowledge of the need to properly maintain, inspect, and manage said property.

37.

Defendants failed to exercise ordinary care in maintaining, inspecting, and managing said property.

38.

Defendants failed to correct, mark, or remove the defective and hazardous condition existing on its premises, thereby creating an unreasonable risk of injury to their invitees, including Plaintiff Simon.

39.

Defendants knew of, or by the exercise of due care for the safety of their invitees, including Plaintiff Simon, should have known of the defective and hazardous condition(s) existing on their premises.

40.

Defendants knew, or by the exercise of due care for the safety of their invitees, including Plaintiff Simon, should have known that the failure to correct, mark, remove, and/or repair said condition(s) was likely to result in the precise injuries suffered by Plaintiff Simon.

41.

Defendants had actual and constructive knowledge of the dangerous condition of the painted yellow pavement markings existing on its property prior to the fall incident involving Plaintiff Simon.

42.

Defendants permitted the dangerous condition of the floor to exist and remain on their premises.

43.

Defendants negligently failed to warn its invitees, including Plaintiff Simon, of the existence of the dangerous condition of the painted yellow pavement markings and the likelihood that someone would be badly hurt.

44.

Defendants knew of, or with the exercise of due care for the safety of its invitees should have known of, the dangerous and hazardous conditions existing on the premises and that failure to maintain, inspect, and manage the premises would likely result in the injuries suffered by

Plaintiff Simon, but Defendants failed to act to correct, prevent, or warn of the dangerous condition and dangerous environment of said property.

45.

Defendants were negligent *per se*.

46.

Defendant Phillips Edison was negligent and said negligence proximately caused Plaintiff Simon's injuries in the following ways:

    a. Violation of O.C.G.A. § 51-3-1 by failing to use ordinary care to keep the premises and approaches safe;

    b. Violation of state and local building and safety codes for failure to properly provide a safe means of ingress and egress within Defendants' premises, failure to provide a proper slip-resistant surface, failure to use a proper slip-resistant paint and/or alternative method of producing the pavement markings, failure to appropriately mark the area, failure to provide adequate warnings regarding the potential for slippery surfaces or other hazards, and other such violations to be proven at trial;

    c. Violation of industry customs, standards, and/or best practices for failure to properly provide a safe means of ingress and egress within Defendants' premises, failure to provide a proper slip-resistant surface, failure to use a proper slip-resistant paint and/or alternative method of producing the pavement markings, failure to appropriately mark the area, failure to provide adequate warnings regarding the potential for slippery surfaces or other hazards, and other such violations to be proven at trial;

    d. In failing to make reasonable effort to determine the safest and most prudent manner of effecting the yellow painted pavement markings;

    e. In failing to properly inspect and maintain the premises and approaches;

    f. In knowingly allowing their invited guests to utilize an unsafe area of the premises and approaches;

    g. In failing to warn of the latent dangers on the premises;

    h. In failing to properly train and supervise their agents in regard to the maintenance and safety of the premises and approaches;

    i. In negligently retaining, entrusting, hiring, training, selecting, and supervising said agents; and

j. In violating industry standards of the retail store management industry with such violation leading to the dangers.

47.

Defendant Spivey Junction was negligent and said negligence proximately caused Plaintiff Simon's injuries in the following ways:

a. Violation of O.C.G.A. § 51-3-1 by failing to use ordinary care to keep the premises and approaches safe;

b. Violation of state and local building and safety codes for failure to properly provide a safe means of ingress and egress within Defendants' premises, failure to provide a proper slip-resistant surface, failure to use a proper slip-resistant paint and/or alternative method of producing the pavement markings, failure to appropriately mark the area, failure to provide adequate warnings regarding the potential for slippery surfaces or other hazards, and other such violations to be proven at trial;

c. Violation of industry customs, standards, and/or best practices for failure to properly provide a safe means of ingress and egress within Defendants' premises, failure to provide a proper slip-resistant surface, failure to use a proper slip-resistant paint and/or alternative method of producing the pavement markings, failure to appropriately mark the area, failure to provide adequate warnings regarding the potential for slippery surfaces or other hazards, and other such violations to be proven at trial;

d. In failing to make reasonable effort to determine the safest and most prudent manner of effecting the yellow painted pavement markings;

e. In failing to properly inspect and maintain the premises and approaches;

f. In knowingly allowing their invited guests to utilize an unsafe area of the premises and approaches;

g. In failing to warn of the latent dangers on the premises;

h. In failing to properly train and supervise their agents in regard to the maintenance and safety of the premises and approaches;

i. In negligently retaining, entrusting, hiring, training, selecting, and supervising said agents; and

j. In violating industry standards of the retail store management industry with such violation leading to the dangers.

48.

Defendant Kroger was negligent and said negligence proximately caused Plaintiff Simon's injuries in the following ways:

a. Violation of O.C.G.A. § 51-3-1 by failing to use ordinary care to keep the premises and approaches safe;

b. Violation of state and local building and safety codes for failure to properly provide a safe means of ingress and egress within Defendants' premises, failure to provide a proper slip-resistant surface, failure to use a proper slip-resistant paint and/or alternative method of producing the pavement markings, failure to appropriately mark the area, failure to provide adequate warnings regarding the potential for slippery surfaces or other hazards, and other such violations to be proven at trial;

c. Violation of industry customs, standards, and/or best practices for failure to properly provide a safe means of ingress and egress within Defendants' premises, failure to provide a proper slip-resistant surface, failure to use a proper slip-resistant paint and/or alternative method of producing the pavement markings, failure to appropriately mark the area, failure to provide adequate warnings regarding the potential for slippery surfaces or other hazards, and other such violations to be proven at trial;

d. In failing to make reasonable effort to determine the safest and most prudent manner of effecting the yellow painted pavement markings;

e. In failing to properly inspect and maintain the premises and approaches;

f. In knowingly allowing their invited guests to utilize an unsafe area of the premises and approaches;

g. In failing to warn of the latent dangers on the premises;

h. In failing to properly train and supervise their agents in regard to the maintenance and safety of the premises and approaches;

i. In negligently retaining, entrusting, hiring, training, selecting, and supervising said agents; and

j. In violating industry standards of the retail store management industry with such violation leading to the dangers.

49.

Defendant John Doe # 1 was negligent and said negligence proximately caused Plaintiff Edwards's injuries in the following ways:

a. Violation of O.C.G.A. § 51-3-1 by failing to use ordinary care to keep the premises and approaches safe;

b. In failing to prevent reasonably foreseeable injuries and creating a foreseeable risk of harm to customers by failing to maintain, mark, and/or provide adequate warning of entryway into the Kroger retail location;

c. In failing to adequately warn Plaintiff Simon of the potential hazardous or dangerous condition that existed by virtue of the yellow painted pavement markings at the entryway into the Kroger retail location that he or she knew or should have known of, or that existed for a sufficient length of time so that Defendant John Doe # 1 should have discovered and corrected the hazard;

d. In failing to adequately remedy the dangerous condition or otherwise fix it;

e. In failing to properly train and supervise employees on the duty to inspect or adequately inspect the paved area at the entry-way into the Kroger retail location;

f. In failing to properly train and supervise employees on the duty to warn customers of unsafe conditions that they knew or should have known of;

g. In failing to properly inspect and maintain the premises and approaches;

h. In knowingly allowing their invited guests to utilize an unsafe area of the premises and approaches;

i. In negligently retaining, entrusting, hiring, training, selecting, and supervising employees and/or independent contractors under Defendant John Doe # 1's direction; and

j. In violating industry standards of the retail store management industry with such violation leading to the dangers.

50.

Defendants had actual knowledge of the dangerous and hazardous conditions existing at the premises due to the direct knowledge of their employees and agents.

51.

Defendants had constructive knowledge of the dangerous and hazardous conditions existing on the premises through the knowledge of their employees and agents.

52.

Defendants had constructive knowledge of the dangerous and hazardous conditions existing on the premises due to the prior similar issues occurring at the subject premises.

53.

Defendants negligently failed to maintain a policy, procedure, or system of investigating, reporting, and warning of the aforementioned floor dangers and negligently maintained property.

54.

Defendants are liable for the injuries to Plaintiff Simon which occurred without necessity, privilege, or consent.

55.

Defendants negligently represented to their invitees that the property at issue was properly maintained and secured.

56.

Defendants negligently failed to provide adequate protection and inspection related to the paved entryway to the subject Kroger retail location at the property.

57.

Defendants failed to take appropriate action to remedy or reduce the danger to its invitees, including Plaintiff Simon, and allowed the dangerous environment on the subject property to continue to exist unabated.

58.

Each of the forgoing acts and omissions constitute an independent act of negligence on the part of one or more Defendants and one or more of the above stated acts were the proximate cause of the injuries to Plaintiff Simon. But for said tortious acts, Plaintiff Simon would not have suffered injuries.

59.

All Defendants are jointly and severally liable for the injuries and all damages recoverable under Georgia law.

60.

All Defendants are vicariously liable for any negligent conduct of any other Defendant and/or its agents and employees that caused injuries and damages to Plaintiff Simon recoverable under Georgia law.

61.

Plaintiff Simon sustained injuries and damages, which were directly and proximately caused by the negligence of Defendants. But for the negligence of Defendants, Plaintiff Simon would not have suffered serious injury, physical pain, and mental and psychological suffering.

62.

Upon information and belief, Plaintiff Simon incurred reasonable and necessary medical expenses exceeding $100,000.00 as a result of Defendants' negligence, and Plaintiff will continue to incur medical expenses in the future.

63.

Plaintiff is entitled to recover all elements of her damages allowed under Georgia law, including but not limited to:

a. Personal injuries;

b. Past, present and future pain and suffering;

c. Disability;

d. Disfigurement;

e. Mental anguish;

f. Loss of the capacity for the enjoyment of life;

g. Incidental expenses;

h. Past, present and future medical expenses;

i. Permanent injuries;

j. Lost wages;

k. A diminished capacity to labor; and

l. Consequential damages to be proven at trial.

64.

Plaintiff is entitled to recover all expenses and attorney's fees pursuant to O.C.G.A. § 13-6-11 because Defendants have acted in bad faith, been stubbornly litigious, and caused Plaintiff unnecessary trouble and expense.

65.

The jury is entitled to impose punitive damages because the actions of Defendants showed an entire want of care, which would raise the presumption of conscious indifference to consequences.

66.

Each of the forgoing acts and omissions constitute an independent act of negligence on the part of the Defendants, and one or more of the above stated acts were the proximate cause(s) of the injuries and damages sustained by the Plaintiff.

WHEREFORE, Plaintiff prays for a judgment against Defendants for the following:

1) Plaintiff be awarded actual damages in amounts to be shown at trial;

2) Plaintiff be awarded all general, special, compensatory, economic, and other allowable damages in accordance with the enlightened conscience of an impartial jury from the Defendants;

3) Punitive damages be imposed on Defendants in an amount to be determined by the enlightened conscience of the jury;

4) Plaintiff be awarded a trial by jury; and

5) Plaintiff have such other relief as this Court deems just and appropriate under the circumstances.

TRIAL BY JURY IS HEREBY DEMANDED.

This 29th day of January, 2023.

Respectfully submitted,

THE MEDDERS LAW FIRM, LLC

BY: /s/ *Morgan L. Medders*
Morgan L. Medders
Georgia Bar No. 569286
*Attorney for Plaintiff*

2870 Peachtree Rd.
# 104
Atlanta, GA 30305
P: 404-832-0640
F: 404-891-1444
morgan@medderslawfirm.com