UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ALEXANDER MUZRAEV,         )<br>OLGA KEKTYSHEVA,             )<br>                                               )<br>         **Plaintiffs,**              )<br>                                               )<br>v.                                          )<br>                                               )<br>MERRICK B. GARLAND, Attorney )<br>General of the United States;    )<br>ALEJANDRO MAYORKAS,        )<br>Secretary Department of Homeland )<br>Security; UR MENDOZA JADDOU, )<br>Director, U.S. Citizenship and    )<br>Immigration Services,              )<br>                                               )<br>                                               )<br>         **Defendants.**              )<br>_____) | **Complaint for Writ of Mandamus and Declaratory and Injunctive Relief**<br><br>**Civil Action No.** |

**COMPLAINT FOR WRIT OF MANDAMUS AND DECLARATORY AND INJUNCTIVE RELIEF**

**To the Honorable Judges of Said Court:**

**INTRODUCTION**

1. This action arises under the Immigration and Nationality Act of 1952 ("INA"), 8 U.S.C. § 1157.  This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question), the INA, the Administrative Procedure Act, 5 U.S.C. § 701 et seq., as well as the Mandamus Act, 28

U.S.C. § 1361 to redress the deprivation of rights, privileges and immunities secured to Plaintiffs to compel Defendants to perform a duty Defendants owe to Plaintiffs.  Jurisdiction is also conferred by 5 U.S.C. § 704.

2. Finally, this action is also brought pursuant to the Due Process Clause of the United States Constitution, as a violation of Plaintiff's right to "[f]reedom of personal choice in matters of marriage and family life…one of the liberties protected by the Due Process Clause".  *Bustamante v. Mukasey*, 531 F.3d 1059, 1062 (9th Cir. 2008), *citing Cleveland Bd. of Educ.* at 639-640.

3. This action is brought to compel Defendants and those acting under them to take action on a petition for immigration benefits, specifically the long pending Form I-730, Refugee Asylee Relative Petition, filed with United States Citizenship and Immigration Services ("USCIS") by Plaintiff Muzraev, on behalf of his spouse, Plaintiff Kektysheva.

4. Plaintiffs are eligible for adjudication of the Form I-730 Petition that was last transferred to the Texas Service Center.

5. Defendants, the Attorney General, the Secretary of the Department of Homeland Security, and the Director of U.S. Citizenship and Immigration

Services, are charged by law with the statutory obligation to continue processing of the Relative Petition and have failed to do so.

6. Venue is proper under 28 U.S.C. §1391(e)(3) because Plaintiffs reside in this judicial district.

## EXHAUSTION

7. There are no administrative remedies available for Plaintiffs to exhaust.

## DEFENDANTS

8. Defendant, Merrick B. Garland, is sued in his official capacity as the United States Attorney General.  As Attorney General, Mr. Garland is responsible for the administration and enforcement of the immigration laws of the United States.

9. Defendant, Alejandro Mayorkas, is sued in his official capacity as Secretary of the Department of Homeland Security ("DHS").  As Secretary, Mr. Mayorkas is responsible for the overall administration of the Department of Homeland Security.

10. Defendant, Ur Mendoza Jaddou, is sued in her official capacity as Director of the U.S. Citizenship and Immigration Services ("USCIS").  As Director of USCIS, Ms. Jaddou is responsible for the overall administration of the

USCIS.

## STATUTORY AND REGULATORY BACKGROUND

13. This action is also brought to compel Defendants and those acting under them to take action to adjudicate the pending I-730 Petition Mr. Muzraev filed on behalf of his wife, so that she may reside lawfully with her asylee spouse in the United States.

14. As a result of Defendants' delayed processing, Defendants have stripped Plaintiffs of their ultimate eligibility for Plaintiffs to reside together as a family permanently in the United States and so that Ms. Kektysheva can receive her long-awaited work authorization. These actions have exacted grief, hardship, loss of work, loss of travel authorization, separation of family members, and other injuries flowing from a deprivation of lawful asylee status, and loss of accrued lawful residence time that is a prerequisite for eventual United States citizenship.

15. Defendants, DHS and USCIS are charged by law with the statutory obligation to adjudicate the pending I-730 Petition.

## FACTS

16. Plaintiffs are natives of Kalmykia and citizens of Russia – Mr. Muzraev received asylee status already, and he immediately filed an I-730 on behalf of his spouse. See Exhibit A, Copy of I-730 Receipt Notice.

17. Ms. Kektysheva was then notified that her previously completed biometrics remained and active and she did not need to provide them again. See Exhibit B, Copy of Biometrics Notice.

18. On November 24, 2021, Plaintiffs were notified that the Petition was being transferred to the Texas Service Center. See Exhibit C, Copy of Transfer Notice.

19. To date, Plaintiffs have heard nothing further in connection with the adjudication of the pending Petition.

## CLAIMS

20. Defendants have willfully and unreasonably delayed, and have refused to properly adjudicate Plaintiff's Petition, thereby causing extreme harm to Plaintiffs.

21. Defendants owe Plaintiffs a duty to process the Petition so that she may proceed with the next steps in her case.

22. Plaintiffs have exhausted any administrative remedies that may exist.

**WHEREFORE, Plaintiffs pray that the Court:**

23. Compel Defendants and those acting under them to perform their duty to review and adjudicate the pending I-730 Petition;

24. Grant such other and further relief as this Court deems proper under the circumstances; and

25. Grant Attorney's fees and costs of Court to Plaintiff under the Equal Access to Justice Act.

RESPECTFULLY SUBMITTED this 28th day of February, 2023.

KUCK BAXTER IMMIGRATION LLC,

/s/ Danielle M. Claffey
Danielle M. Claffey
GA Bar Number: 222292
365 Northridge Road, Suite 300
Atlanta, GA 30350
Phone: 404-816-8611
Fax: 404-816-8615

## **CERTIFICATE OF SERVICE**

This is to certify that the foregoing **COMPLAINT FOR WRIT OF MANDAMUS AND DECLARATORY AND INJUNCTIVE RELIEF** was served via USPS Priority Mail, on:

Merrick B. Garland
Attorney General of the United States
950 Pennsylvania Ave, NW
Washington, D.C. 20530

Alejandro Mayorkas, Secretary
Office of the General Counsel
U.S. Department of Homeland Security
245 Murray Lane, SW
Mail Stop 0485
Washington, DC 20528-0485

Ur Mendoza Jaddou, Director
U.S. Citizenship and Immigration Services
c/o Office of the Chief Counsel
5900 Capital Gateway Drive
Mail Stop 2120
Camp Springs, MD 20588-0009

Ryan K. Buchanan, U.S. Attorney
Federal District Court, Northern District of Georgia
The United States Attorney's Office, Richard B. Russell Federal Building
75 Ted Turner Drive, S.W., Suite 600
Atlanta, Georgia 30303-3309

KUCK BAXTER IMMIGRATION LLC,

/s/ Danielle M. Claffey
Danielle M. Claffey
GA Bar Number: 222292
365 Northridge Road, Suite 300
Atlanta, GA 30350
Phone: 404-816-8611
Fax: 404-816-8615

Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| ALEXANDER MUZRAEV,<br>OLGA KEKTYSHEVA,<br><br>       Plaintiffs,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General of the United States; ALEJANDRO MAYORKAS, Secretary Department of Homeland Security; UR MENDOZA JADDOU, Director, U.S. Citizenship and Immigration Services,<br><br>       Defendants. | Complaint for Writ of Mandamus and Declaratory and Injunctive Relief<br><br>Civil Action No. |

## LIST OF EXHIBITS

**Exhibit A**  Copy of I-730 Receipt Notice

**Exhibit B**  Copy of I-730 Biometrics Notice

**Exhibit C**  Copy of I-730 Transfer Notice