IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| TONY WEHUNT, | ) | |
| | ) | Civil Action |
| Plaintiff, | ) | No. |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| EMPIRE CARE CENTERS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff, Tony Wehunt, by and through undersigned counsel, and files this Complaint for Damages against Defendant Empire Care Centers, LLC ("Defendant"), and states as follows:

### JURISDICTION AND VENUE

1.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f).

2.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391 and 42 U.S.C. §2000(e)-5(f), venue is appropriate in this Court.

1

## PARTIES

3.

Plaintiff is a citizen of the United States of America and is subject to the jurisdiction of this Court.

4.

Defendant is qualified and licensed to do business in Georgia, and at all times material hereto, has conducted business within this District.

5.

Defendant may be served with process by delivering a copy of the summons and complaint to its registered agent, Registered Agent Solutions, Inc., 900 Old Roswell Lakes Pkwy., Suite 310, Roswell, Georgia 30076.

## FACTUAL ALLEGATIONS

6.

Defendant has now, and at all times relevant hereto, has been an employer subject to the Family Medical Leave Act ("FMLA").

7.

At all times relevant to this action, Plaintiff suffered from serious health conditions, as that term has been defined by the FMLA, of which the employer had knowledge. In particular, Plaintiff suffered from anxiety and clinical depression.

8.

On or about November 9, 2021, Plaintiff began his employment with Defendant as the Director of Operations.

9.

On or about August 16, 2022, Plaintiff was diagnosed with anxiety and clinical depression.

10.

On or about December 2, 2022, Plaintiff notified Renee Ellis, Vice President of Operations, that she had a doctor's appointment at 10 a.m., and would return to work after her appointment, to which Ms. Ellis replied "Ok."

11.

On or about December 4, 2022, Plaintiff sent Ms. Ellis a WhatsApp message stating that she was sick all weekend and would be in to work the following day, if she was feeling better. Ms. Ellis again replied "Ok."

12.

On or about December 5, 2022, Plaintiff sent Ms. Ellis a WhatsApp message that she was not feeling any better and would not be in to work. Ms. Ellis replied, "Ok thanks for letting me know." Later that day, Plaintiff sent Ms. Ellis another message that she was not feeling any better and would be out the remainder of the

week at the direction of her doctor. Ms. Ellis replied, "Please send over a doctor's excuse when you get a chance."

13.

On or about December 12, 2022, Plaintiff submitted to Ms. Ellis completed FMLA paperwork from her physician detailing Plaintiff's clinical diagnosis for anxiety and depression. With the FMLA documentation, Plaintiff's physician further noted that Plaintiff would need occasional days off due to flare ups with her disabilities.

14.

On or about December 13, 2022, Ms. Ellis arrived at the nursing home location where Plaintiff was working that day and terminated Plaintiff's employment. Ms. Ellis stated it was not working out.

15.

Any reason given for Plaintiff termination is pretext for unlawful FMLA interference based on Plaintiff taking or seeking to take FMLA leave, and/or retaliation for Plaintiff engaging in protected activity under the FMLA.

16.

Defendant availed herself of FMLA protected rights by seeking time off to which she was entitled. Defendant interfered with Plaintiff's exercise of rights

protected by the FMLA. Defendant retaliated against Plaintiff for her protected activity by terminating her employment.

17.

Defendant terminated Plaintiff in retaliation for her exercise of rights protected by the FMLA. In doing so, Defendant violated the FMLA

18.

Defendant is a private sector employer, with 50 or more employees in 20 or more workweeks in the 2020 and 2021 calendar years, within 75 miles of the location where Plaintiff worked for Defendant.

19.

Plaintiff was an eligible emploee under the FMLA, at the time she missed work in December 2022.

## CLAIMS FOR RELIEF

## COUNTS I & II

## (FMLA INTERFERENCE AND RETALIATION)

20.

Plaintiff repeats and re-alleges paragraphs 7-19 as if set forth fully herein.

21.

Defendant is and, at all times relevant, has been an 'employer' as defined by the FMLA.

22.

Plaintiff was an eligible employee under the FMLA.

23.

Plaintiff engaged in protected conduct under the Family Medical Leave Act, 29 U.S.C. § 2601, et seq., entitling her to all appropriate relief under the statute.

24.

Defendant interfered with Plaintiff's rights protected under the Family Medical Leave Act, 29 U.S.C. § 2601, et seq., entitling Plaintiff to all appropriate relief under the statute.

25.

Defendant retaliated against Plaintiff for the exercise of protected conduct under the Family Medical Leave Act, 29 U.S.C. 2601, et seq., entitling Plaintiff to all appropriate relief under the statute.

26.

As a result of the termiantion, Plaintiff has suffered damages, including lost wages for which she is entitled to recover. Defendant's violations of the FMLA were reckless and willful. Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff requests judgment as follows:

(a) Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(b) Reasonable attorney's fees and expenses of litigation;

(c) Trial by jury as to all issues;

(d) Prejudgment interest at the rate allowed by law;

(e) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(f) All equitable relief available under the FMLA, including injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(g) All other relief to which he may be entitled.

This 28th day of February, 2023.

                                                  **BARRETT & FARAHANY**
                                                  *s/ V. Severin Roberts*
                                                  V. Severin Roberts
                                                  Georgia Bar No. 940504

PO BOX 530092
Atlanta, GA 30353
(404) 214-0120
(404) 214-0125 Facsimile
severin@justiceatwork.com