## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| JOSEPH A. PATTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION FILE |
| v. ) | NO. _____ |
| ) | |
| SIFI NETWORKS AMERICA, LLC, ) | |
| ) | |
| Defendant. ) | |

### DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, SiFi Networks America, LLC, (hereinafter "Defendant" or "SiFi") files this notice to remove the above-entitled action from the Superior Court of Fulton County, State of Georgia, to the United States District Court for the Northern District of Georgia, Atlanta Division. Defendant shows the Court as follows:

### I.   BACKGROUND

1. On January 27, 2023, Plaintiff Joseph A. Patton initiated this action in the Superior Court of Fulton County, State of Georgia, by filing a Complaint captioned *Joseph A. Patton v. SiFi Networks America, LLC*. The Superior Court designated Plaintiff's action as Case No. 2023CV375496 ("Superior Court Action").

2. Plaintiff's Complaint contains claims for breach of contract, fraud in

the inducement, and attorney's fees against Defendant. Pursuant to 28 U.S.C. § 1446(a), a full and complete copy of all process, pleadings, and orders served upon Defendant in the Superior Court Action are attached hereto. *See* **Exhibit A**.

3. On February 2, 2023, Counsel for Defendant agreed and accepted service of the Complaint. A true and correct copy of the Acknowledgement of Service is attached as **Exhibit B**. Thus, this Notice of Removal is timely filed, pursuant to 28 U.S.C. § 1446(b), within thirty (30) days from the date on which Defendant was served with the Complaint.

## II.   DIVERSITY JURISDICTION

4. This Court has subject matter jurisdiction in this case based upon diversity jurisdiction. 28 U.S.C. § 1332. Diversity jurisdiction exists in a civil matter where the amount in controversy exceeds $75,000, exclusive of interest and costs, and the dispute is between citizens of different states. *Id*. at § 1332(a)(1). Both requirements for diversity jurisdiction are met in this case.

**A.   The Amount in Controversy Exceeds $75,000.**

5. Plaintiff's Complaint seeks damages for breach of contract, fraud in the inducement, and attorney's fees. (*See* Plaintiff's Prayer for Relief.) Where, as here, the pleading does not demand a specific sum, the notice of removal may assert the amount in controversy. 28 U.S.C. § 1446(c)(2)(A). A removing defendant "need

include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014).  This is a "relatively low burden." *Fuller v. Exxon Corp.*, 78 F. Supp. 2d 1289, 1297 (S.D. Ala. 1999); *Locklear v. State Farm Mut. Auto. Ins. Co.*, 742 F. Supp. 679, 680 (S.D. Ga. 1989) ("When a plaintiff challenges removal, the defendant bears the burden, albeit the light burden, of showing that the required amount is in controversy.").

6.  "Eleventh Circuit precedent permits district courts to make reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case is removable." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061-62 (11th Cir. 2010) (internal quotation marks omitted). Thus, courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements. *Id*. at 1062.

7.  Here, it is facially apparent from Plaintiff's Complaint that the amount in controversy exceeds $75,000 and that this case is removable.  Plaintiff alleges Defendant fraudulently induced him to sign an employment agreement, falsely representing to Plaintiff that he "would be designated as a member of the 'key man' group, which SiFi estimated at a value of about $1,000,000." (Compl. ¶ 9.) Plaintiff

also alleges that Defendant breached the employment agreement and is liable for "any earned but unpaid Commission and Base Compensation for a period of up to but not exceeding twenty-four (24) months from the Start Date." (Compl. ¶¶ 29, 33.)

8. As shown by the terms of the employment agreement, Plaintiff received an annual base compensation of $250,000. (**Exhibit C**, Employment Agreement). Plaintiff began his employment with Defendant on November 1, 2021, and was terminated on or around July 22, 2022. (Compl. ¶¶ 17, 24.) Should Plaintiff be able to prove his breach of contract claim, which Defendant denies, Plaintiff claims that he could recover unpaid base compensation from approximately August 2022 through November 2023, or approximately $312,500 in base compensation alone. (*See id.*; Compl. ¶¶ 29, 33.) Accordingly, it is facially apparent from the pleadings that the $75,000 amount in controversy is met.

9. The amount in controversy is also met from Plaintiff's pre-suit demand letter. In assessing the amount in controversy, Courts "may consider a pre-suit demand letter in determining whether the amount in controversy requirement is satisfied." *Gillinov v. Hillstone Rest. Grp., Inc.*, 92 F. Supp. 3d 1251, 1255 (S.D. Fla. 2015) (finding amount in controversy met where demand letter detailed $124,217.15 in damages); *Roach v. Hosp. Ventures Mgmt.*, No. 22-CV-62188-RAR,

at *4 (S.D. Fla. Jan. 31, 2023) (relying on pre-suit demand letter allegations to find amount in controversy at time of removal exceeded $75,000); *Love v. Northern Tool & Equipment Co., Inc.,* No. 08-20453-CIV, 2008 WL 2955124, at *2 (S.D. Fla. Aug. 1, 2008) (citing *Martin v. Mentor Corp.,* 142 F. Supp. 2d 1346 (M.D. Fla. 2001) (allowing settlement offer of $175,000 to satisfy amount in controversy)); *see also Lowery v. Ala. Power Co.,* 483 F.3d 1184, 1212 (11th Cir. 2007) (noting that settlement offer qualifies as "other paper" under § 1446(b)). Furthermore, Courts across the United States similarly have found pre-suit demand letters sufficient evidence to find the amount in controversy met. *See, e.g.*, *Creppel v. Fred's Stores of Tennessee, Inc.*, No. CIV.A. 13-734, 2013 WL 3490927, at *5 (E.D. La. July 10, 2013) (finding Plaintiff's pre-petition demand of $80,000 established amount in controversy); *Carver v. Wal-Mart Stores, Inc.*, No. CIV.A. 08-42-M2, 2008 WL 2050987, at *3 (M.D. La. May 13, 2008) ("Accordingly the Court finds that [the plaintiff's] offer to settle her case for $150,000 is sufficient to prove that the requisite amount in controversy is met in this case."); *Fairchild v. State Farm Mut. Auto. Ins. Co.*, 907 F. Supp. 969, 970 (M.D. La. 1995) (finding amount in controversy was met where defendant introduced pre-petition settlement demand for $110,000).

10. Prior to the filing of Plaintiff's Complaint, counsel for Plaintiff sent a demand letter to Defendant seeking $1,312,500.00 to settle Plaintiff's claims.

(Declaration of Ben Bawtree-Jobson, attached hereto as **Exhibit D**; Plaintiff's demand letter, attached hereto as Exhibit 2)  The demand letter contains detailed allegations of fact and numerous causes of action, all of which Plaintiff has now raised in his Complaint.  Like the Complaint, Plaintiff's demand letter alleges:  (1) Defendant breached the employment contract; (2) Defendant fraudulently induced Plaintiff to sign the employment contract; and (3) Plaintiff is entitled to attorney's fees and costs.  (*See generally* Exhibit 2.)  Plaintiff's $1,312,500 demand leaves no doubt that Plaintiff seeks more than $75,000 in damages and that the amount in controversy is plainly met.

11. Additionally, Plaintiff seeks to recover attorneys' fees. (*See* Compl., Plaintiff's Prayer for Relief).  It is well settled in the Eleventh Circuit that "[w]hen a statute authorizes the recovery of attorneys' fees, a reasonable amount of those fees is included in the amount in controversy." *Morrison v. Allstate Indem. Co.* 228 F.3d 1255, 1265 (11th Cir. 2000).  It is reasonable to conclude that Plaintiff's attorneys' fees alone in this matter, from inception through trial, in connection with his other damages, would well exceed the minimum jurisdictional amount in controversy.  Indeed, Plaintiff's counsel could be expected to expend at least 200 hours prosecuting this case, which would include multiple witness depositions, drafting and answering discovery, time spent briefing opposition to Defendant's

Motion for Summary Judgment and potentially preparing for and attending a multiple day trial. Even at a conservative hourly rate of $250[1], Plaintiff would incur at least $50,000 in attorneys' fees.

12.     Considering the cumulative value of Plaintiff's claims and attorneys' fees, the amount in controversy unequivocally exceeds $75,000, exclusive of interests and costs.

**B.      There is Complete Diversity of Citizenship.**

13.     Plaintiff admits he is a citizen of the state of Georgia in his Complaint. (*See* Compl., ¶ 1 ("Plaintiff is an individual resident of Georgia")). Accordingly, Plaintiff is a citizen of Georgia for removal purposes. 28 U.S.C. § 1332(a)(1).

14.     At the time of filing of Plaintiff's Complaint, Defendant was and is a citizen of a state other than Georgia. For the purpose of federal jurisdiction, a limited liability company's citizenship is determined by the citizenship of all of its members. *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004).

15.     Specifically, Defendant SiFi Networks America, LLC is a limited liability company organized under the laws of the State of Delaware, with principal

---

[1] *See St. Fleur v. City of Fort Lauderdale*, 149 F. App'x 849, 853 (11th Cir. 2005) (finding hourly rate of $250 for plaintiff's trial attorneys reasonable).

place of business in Delaware.  (Exhibit D, Declaration ¶ 3.)

16. Furthermore, Defendant's members are also not citizens of Georgia for diversity purposes.  Defendant's sole member is SiFi Networks America Limited, a corporation with a principal place of business in London, England and incorporated and organized under the laws of the United Kingdom.  (Exhibit D, Declaration ¶ 4.)

17. Thus, Defendant is a citizen of both Delaware and the United Kingdom for diversity purposes.

18. As such, Defendant is not a citizen of Georgia and there is complete diversity of citizenship between Plaintiff and Defendant.

### III.     PROCEDURAL PREREQUISITES

18. Venue is proper, as this is the Court assigned to the district and division in which the action is pending in state court.  *See* 28 U.S.C. § 89(b).

19. This Notice of Removal is being filed within 30 days after Defendant received a copy of Plaintiff's Complaint.  Therefore, removal to this Court is both proper and timely under 28 U.S.C. § 1446(b).

20. As required by 28 U.S.C. § 1446(d), a Notice to the State Court of Filing of Notice of Removal, together with a copy of this Notice of Removal, is being promptly filed in the Superior Court of Fulton County, State of Georgia and served on Plaintiff.  A true and correct copy of the Notice to State Court of Filing

Notice of Removal (without Exhibits), Superior Court of Fulton County, State of Georgia, is attached hereto as **Exhibit E**.

WHEREFORE, Defendant effects removal of this action from the Superior Court of Fulton County, State of Georgia, to the United States District Court for the Northern District of Georgia, Atlanta Division.

This 28th day of February, 2023       Respectfully submitted,

>                                     /s/ Kathryn McConnell
>                                     Kathryn McConnell
>                                     Georgia Bar No. 265509
>                                     Email:  kmcconnell@littler.com
>                                     Philip L. Lu
>                                     Georgia Bar No. 890037
>                                     Email:  plu@littler.com
>
>                                     LITTLER MENDELSON, P.C.
>                                     3424 Peachtree Road, N.E.
>                                     Suite 1200
>                                     Atlanta, GA 30326
>                                     Telephone:  (404) 233-0330
>                                     Facsimile:  (404) 233-2361
>
>                                     ATTORNEYS FOR DEFENDANT
>                                     SIFI NETWORKS AMERICA, LLC

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| JOSEPH A. PATTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION FILE |
| v. ) | NO. _____ |
| ) | |
| SIFI NETWORKS AMERICA, LLC, ) | |
| ) | |
| Defendant. ) | |

## **CERTIFICATE OF SERVICE**

I hereby certify that, on February 28, 2023, I electronically filed the foregoing **DEFENDANT'S NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system.  I also certify that a copy of **DEFENDANT'S NOTICE OF REMOVAL** was served (as an attachment to the notice filed with the Superior Court of Fulton County, State of Georgia, pursuant to 28 U.S.C. § 1446(d)), on Plaintiff's counsel as follows:

Todd J. Poole
Bret S. Moore
Poole Huffman, LLC
3562 Habersham at Northlake
Building J, Suite 200
Tucker, Georgia 30084
todd@poolehuffman.com
bret@poolehuffman.com

*/s/ Kathryn McConnell*
Kathryn McConnell
Georgia Bar No. 265509
Counsel for Defendant

LITTLER MENDELSON, P.C.
3424 Peachtree Road, N.E.
Suite 1200
Atlanta, Georgia 30326
Telephone: (404) 233-0330
Facsimile:  (404) 233-2361