IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ANNIAH DUCRE, | Civil Action No. |
| Plaintiff, | |
| v. | JURY TRIAL DEMANDED |
| AUTO NATION, INC. D/B/A AUTONATION NISSAN MARIETTA, | |
| Defendant. | |

## **COMPLAINT FOR DAMAGES**

COMES NOW, Anniah Ducre ("Plaintiff" or "Ms. Ducre"), by and through her undersigned counsel, and files this, her Complaint for Damages, and shows the Court as follows:

## **NATURE OF COMPLAINT**

1.

Plaintiff brings this action for damages, and reasonable attorney fees against Defendant Auto Nation Inc. d/b/a AutoNation Nissan Marietta ("Defendant") for violations of her rights under the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12111 et seq. ("ADA"), and Title VII of the Civil Rights Act of 1964, as amended ("Title VII").

1

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331, 42 U.S.C. § 2000e-5(f), and 28 U.S.C. §§ 1343.

3.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391, and 42 U.S.C. §2000(e)-5(f), venue is appropriate in this Court.

## ADMINISTRATIVE PROCEDURES

4.

Plaintiff has fulfilled all conditions necessary to proceed with this cause of action under Title VII, and the ADA. Plaintiff filed her Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on October 18, 2022; the EEOC issued its Notice of Right to Sue on February 21, 2023.

5.

Plaintiff timely files this action within ninety (90) days of receipt of the Notice of Right to Sue from the EEOC.

## PARTIES

6.

Plaintiff is a Female citizen of the United States of America and is subject to the jurisdiction of this Court.

7.

At all times relevant, Defendant was qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

8.

At all such times, Plaintiff was an "employee" of Defendant as defined under the ADA at 42 U.S.C. § 12111(4). During all times relevant hereto, Defendant had employed fifteen (15) or more employees for the requisite duration under the ADA. Defendant is therefore covered under the ADA in accordance with 42 U.S.C. § 12111(5). During all times relevant hereto, Defendant has employed fifteen (15) or more employees for the requisite duration under the Title VII. Defendant is therefore covered under Title VII in accordance with 42 U.S.C. § 2000e(b).

9.

Defendant may be served with process by delivering a copy of the summons and complaint to its Registered Agent, Muffadal Badshah located at 2759 Delk Road, Marietta, GA, 30047, USA.

## FACTUAL ALLEGATIONS

10.

On or about January 15, 2022, Ms. Ducre began working for Defendant at the Marietta, GA location. Her last position was Sales Consultant.

11.

Between March and April 2022, Ms. Ducre reported sexual harassment against Jason Peacock to her General Manager, Sam Nickens, and to Defendant's Human Resources department.

12.

After making the reports, Sales Manager, Tarrah Philpott, began bullying Ms. Ducre at work by calling her names and saying she was lying about Mr. Peacock sexually harassing her.

13.

On or around June 4, 2022, Ms. Ducre had a car accident which resulted in her car being totaled and injuries sustained.

14.

Ms. Ducre informed Ms. Philpott that she was at the ER.

15.

On or around June 7, 2022, Ms. Ducre informed Ms. Philpott that she would need to attend doctor's appointments every week for pain treatment.

4

16.

On or around June 8, 2022, Ms. Ducre requested a reasonable accommodation for a leave of absence.

17.

On or around June 9, 2022, Ms. Ducre submitted a completed disability certificate to Defendant indicating that she would need continuous off work status pending her doctor's re-evaluation of her work capacity.

18.

Ms. Philpott continued to bully Ms. Ducre, telling her that she was going to lose her job and that she hoped Ms. Ducre's doctor was going to pay her bills.

19.

Ms. Ducre's doctor told her not to go into work if she was in pain, so she would go in when she was feeling well and would still be berated by Ms. Philpott for not being able to work as well as she did before her injuries.

20.

Ms. Philpott also informed Ms. Ducre that she would be fired if she kept attending her appointments.

21.

On or around June 18, 2022, Ms. Philpott, Mr. Peacock, and Michelle LNU held a meeting with Ms. Ducre and informed her that Mr. Peacock did not feel comfortable helping her with her car deal.

22.

They also called Ms. Ducre a liar for reporting Mr. Peacock to Human Resources for sexually harassing her.

23.

The conversation turned into an argument and Ms. Philpott shoved Ms. Ducre.

24.

On or around June 19, 2022, Defendant's HR personnel asked Ms. Ducre to email a statement of the incident.

25.

Ms. Ducre informed Defendant that she did not want to return to work until the situation was investigated for fear of her safety.

26.

Ms. Ducre asked Sales Manager, Cedrick Mosley, if she could switch to his team so she would not have to work with Ms. Philpott, but he said Ms. Ducre would need to talk to Sam.

27.

On or around June 20, 2022, Ms. Philpott texted Ms. Ducre asking about her schedule but did not address the assault or apologize to Ms. Ducre.

28.

Instead, on or around June 28, 2022, Defendant terminated Ms. Ducre stating that she abandoned her job and that her last day worked was on June 16, 2022.

29.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text. Plaintiff was treated less favorably in the terms or conditions of employment than others outside of her protected classes, i.e., female with protected activity.  Plaintiff was an individual with a disability, as defined by the Americans with Disabilities Act, as amended.

30.

Plaintiff requested a reasonable accommodation of her disabilities.

31.

Specifically, Plaintiff requested leave for her doctor's appointments.

32.

Defendant failed to engage in the interactive process with Plaintiff, even though doing so would not have been an undue hardship.

33.

Defendant terminated Plaintiff because she had a record of a disability and/or because it regarded her  as disabled and/or because she engaged in protective activity.

34.

But for Plaintiff's disability status and/or request for a reasonable accommodation of the same, she would not have suffered the adverse employment action.

35.

Plaintiff was treated less favorably in the terms or conditions of employment than others outside of her protected class, i.e. non-disabled employees and/or employees who did not request a reasonable accommodation for her disability.

## CLAIMS FOR RELIEF

## COUNT I:  DISABILITY DISCRIMINATION IN VIOLATION OF ADA

36.

Plaintiff re-alleges paragraphs 10-35 as if set forth fully herein.

37.

Plaintiff had a physical impairment which substantially limits one or more major life activities including but not limited to moving, lifting, bending, twisting, pushing, pulling, working, and standing.

38.

Plaintiff's physical impairment is a "disability" within the meaning of the ADA, as amended.

39.

Defendant was aware of Plaintiff's disability.

40.

Defendant regarded Plaintiff as having a disability such that she is a person with a disability and/or perceived disability within the meaning of the ADA, as amended.

41.

Plaintiff has a record of having a disability and/or perceived disability such that she is a person with a disability within the meaning of the ADA, as amended.

42.

At all times relevant to this action, Plaintiff was a qualified individual with a known or perceived disability as defined in the ADA.

43.

Defendant terminated Plaintiff's employment because of her disability, perceived disability, or record of having a disability.

44.

Defendant terminated Plaintiff's employment because of her accommodation requests.

45.

By terminating Plaintiff's employment because of her disability, perceived disability, or record of having a disability, Defendant violated the ADA, as amended.

46.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text for disability discrimination.

47.

Defendant treated other employees outside Plaintiff's protected class differently.

48.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of this violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12111 *et seq.*, 42 U.S.C. 2000e et seq. and 42 U.S.C. section 1981A.

49.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

50.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected her status as an employee because of her disability.

51.

As a direct and proximate result Defendant's violation of the ADA, Plaintiff has been made the victim of acts that have adversely affected her psychological and physical well-being.

52.

As a result of Defendant's discriminatory actions against Plaintiff, she has suffered lost compensation and benefits, emotional distress, inconvenience, humiliation, and other indignities.

53.

Pursuant to the ADA, as amended, Plaintiff is entitled to damages including but not limited to back pay and lost benefits, reinstatement, compensatory damages, equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under the ADA, as amended.

54.

Defendant discriminated against Plaintiff, and, in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices, has

not only deprived Plaintiff of equal employment opportunities, but exhibited malice or reckless indifference to the federally protected rights of Plaintiff.

55.

Plaintiff thus seeks compensatory and punitive damages pursuant to §102(a)(1) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(b).

## COUNT II:  FAILURE TO ACCOMMODATE IN VIOLATION OF ADA

56.

Plaintiff re-alleges paragraphs 10-35 as if set forth fully herein.

57.

Plaintiff has a physical impairment which substantially limits one or more major life activities including but not limited to moving, lifting, bending, twisting, pushing, pulling, and standing.

58.

Plaintiff's physical impairment is a "disability" within the meaning of the ADA, as amended.

59.

Defendant was aware of Plaintiff's disability.

60.

At all times relevant to this action, Plaintiff was a qualified individual with a known or perceived disability as defined in the ADA.

61.

Plaintiff was able to perform the essential functions of her job with a reasonable accommodation.

62.

Plaintiff requested that Defendant accommodate her disability by leave.

63.

Upon receiving Plaintiff's request for an accommodation, Defendant failed to meaningfully engage in the interactive process with Plaintiff regarding her request for a reasonable accommodation of her disability.

64.

Defendant refused to provide Plaintiff with reasonable accommodations, even though to do so would not impose an undue hardship.

65.

By refusing to accommodate Plaintiff, Defendant violated the ADA, as amended.

66.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's failure to accommodate Plaintiff's disability was undertaken in bad faith.

67.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected her status as an employee because of her disability.

68.

As a direct and proximate result Defendant's violation of the ADA, Plaintiff has been made the victim of acts that have adversely affected her psychological and physical well-being.

69.

As a result of Defendant's discriminatory actions against Plaintiff, she has suffered lost compensation and benefits, emotional distress, inconvenience, humiliation, and other indignities.

70.

Pursuant to the ADA, as amended, Plaintiff is entitled to damages including but not limited to back pay and lost benefits, reinstatement, compensatory damages, equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under the ADA, as amended.

71.

Defendant discriminated against Plaintiff, and, in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices, has

not only deprived Plaintiff of equal employment opportunities, but exhibited malice or reckless indifference to the federally protected rights of Plaintiff.

72.

Plaintiff thus seeks compensatory and punitive damages pursuant to §102(a)(1) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(b).

**<u>COUNT III:  RETALIATION IN VIOLATION OF THE ADA, AS AMENDED</u>**

73.

Plaintiff re-alleges paragraphs 10-35 as if set forth fully herein.

74.

Plaintiff has a physical impairment which substantially limits one or more major life activities including but not limited to moving, lifting, bending, twisting, pushing, pulling, and standing.

75.

Plaintiff's physical impairment is a "disability" within the meaning of the ADA, as amended.

76.

Defendant was aware of Plaintiff's disability.

77.

At all times relevant to this action, Plaintiff was a qualified individual with a known or perceived disability as defined in the ADA.

15

78.

Defendant terminated Plaintiff for requesting an accommodation for her disability and/or perceived disability.

79.

Plaintiff's request for an accommodation of her disability and/or perceived disability constitutes protected conduct under the ADA, as amended.

80.

Defendant retaliated against Plaintiff by terminating her employment on the basis of her request for an accommodation.

81.

Defendant terminated Plaintiff's employment within a close temporal proximity to Plaintiff's accommodation requests.

82.

Defendant's proffered reasons for terminating Plaintiff's employment are a pretext designed to hide Defendant's retaliatory motive.

83.

Defendant's retaliatory actions against Plaintiff were in violation of the ADA, as amended.

84.

Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's retaliation against Plaintiff was undertaken in bad faith.

85.

As a result of Defendant's retaliatory actions against Plaintiff, she has suffered lost compensation and benefits, emotional distress, inconvenience, humiliation, and other indignities.

86.

Pursuant to the ADA, as amended, Plaintiff is entitled to damages including but not limited to back pay and lost benefits, reinstatement, compensatory damages, equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under the ADA, as amended.

87.

Defendant discriminated against Plaintiff, and, in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices, has not only deprived Plaintiff of equal employment opportunities, but exhibited malice or reckless indifference to the federally protected rights of Plaintiff.

88.

Plaintiff thus seeks compensatory and punitive damages pursuant to §102(a)(1) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(b).

## <u>COUNT IV:  GENDER DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964</u>

89.

Plaintiff re-alleges paragraphs 10-35 as if set forth fully herein.

90.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of her gender in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq.

91.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and its discrimination against Plaintiff was undertaken in bad faith.

92.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected her status as an employee because of her gender.

93.

As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has been made the victim of acts that have adversely affected her economic, psychological, and physical well-being.

Case 1:23-mi-99999-UNA   Document 630   Filed 02/28/23   Page 19 of 22


94.

Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful discrimination.

## COUNT V:  HARASSMENT IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

95.

Plaintiff re-alleges paragraphs 10-35 as if set forth fully herein.

96.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of her gender in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq.

97.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and its discrimination against Plaintiff was undertaken in bad faith.

98.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected her status as an employee because of her gender.

99.

As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has been made the victim of acts that have adversely affected her economic, psychological, and physical well-being.

100.

Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful discrimination.

## COUNT VI:  RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

101.

Plaintiff re-alleges paragraphs 10-35 as if set forth fully herein.

102.

Defendant's actions, as detailed above, in terminating Plaintiff because of her protected activity constitutes unlawful intentional retaliation in violation of Title VII.

103.

Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's retaliation against Plaintiff was undertaken in bad faith.

104.

Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful retaliation.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment as follows:

(a) General damages for mental and emotional suffering caused by Defendant's misconduct;

(b) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c) Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(d) Reasonable attorney's fees and expenses of litigation;

(e) Trial by jury as to all issues;

(f) Prejudgment interest at the rate allowed by law;

(g) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(i) All other relief to which she may be entitled.

Respectfully submitted this 28th day of February 2023.

**BARRETT & FARAHANY**

Ianna O. Richardson
Georgia Bar No. 655153

*Counsel for Plaintiff*

P.O. Box 530092
Atlanta, Georgia 30353
(404) 214-0120
ianna@justiceatwork.com