### IN THE STATE COURT OF GWINNETT COUNTY
### STATE OF GEORGIA

| | |
|---|---|
| ROSAMUNDE EPSTEIN, )<br>)<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>SAFECO INSURANCE COMPANY )<br>OF INDIANA, )<br>)<br>    Defendant. ) | CIVIL ACTION FILE NO.:<br>23-C-00397-S5 |

### **DEFENDANT SAFECO INSURANCE COMPANY OF INDIANA'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

COMES NOW the Defendant, Safeco Insurance Company of Indiana ("Safeco"), and files this Answer and Affirmative Defenses to Plaintiff's Complaint, and shows this Honorable Court the following:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim against Safeco upon which relief can be granted, and therefore, must be dismissed.

### SECOND AFFIRMATIVE DEFENSE

Safeco shows that Plaintiff's Complaint should be dismissed because the insurance policy upon which the claim for insurance proceeds was brought does not provide coverage for the damages sought by Plaintiff in the Complaint. Specifically, the insurance policy at issue provides in pertinent part as follows:

*SECTION I – PROPERTY COVERAGES*

\*\*\*\*\*\*

*BUILDING PROPERTY LOSSES WE DO NOT COVER*

*We do not cover loss caused directly or indirectly by any of the following excluded perils. Such loss is excluded regardless of any*

Page 1 of 9



*other cause or event contributing concurrently or in any sequence to the loss. These exclusions apply whether or not the loss event results in widespread damage or affects a substantial area;*

*\*\*\*\*\*\**

10. *Water Damage, meaning:*

    *\*\*\*\*\*\**

    c. *water which escapes or overflows from sewers or drains located off the residence premises;*

    d. *water which escapes or overflows from drains or related plumbing appliances on the residence premises. However, this exclusion does not apply to overflow and escape caused by malfunction on the residence premises, or obstruction on the residence premises, of a drain or plumbing appliance on the residence premises; or*

    e. *water which escapes or overflows or discharges, for any reason, from within a sump pump, sump pump well or any other system designed to remove water which is drained from the foundation area.*

    *Water includes any water borne materials.*

    *This exclusion applies whether the water damage is caused by or resulting from human or animal forces or any act of nature.*

    *\*\*\*\*\*\**

    *PERSONAL PROPERTY LOSSES WE COVER*

*We cover accidental direct physical loss to property described by Coverage C — Personal Property caused by a peril listed below except as limited or excluded.*

*\*\*\*\*\*\**

12. *Accidental discharge or overflow of water or steam from within a plumbing, heating, air conditioning or automatic fire protective sprinkler system, or from within a household appliance.*

> *This peril does not include loss:*
>
> a. *to the appliance or system from which the water or steam escaped;*
>
> b. *caused by or resulting from freezing except as provided in the peril of freezing below; or*
>
> c. *on the residence premises caused by accidental discharge or overflow which occurs off the residence premises.*
>
> *For purposes of coverage under this peril, a plumbing system or household appliance does not include a sump, sump pump or related equipment or a roof drain, gutter, downspout or similar fixtures or equipment.*
>
> *\*\*\*\*\*\**
>
> *PERSONAL PROPERTY LOSSES WE DO NOT COVER*
>
> *We do not cover loss caused directly or indirectly by any of the Building Property Losses We Do Not Cover. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss. These exclusions apply whether or not the loss event results in widespread damage or affects a substantial area.*

(HOM-7030/EP R2 1/09, Pages 3 and 7 of 26). A certified copy of the insurance policy at issue is attached hereto as Exhibit "1". Plaintiff's claim for insurance proceeds, as asserted in the Complaint, is barred under these applicable exclusions, and therefore, Plaintiff's Complaint must be dismissed.

### THIRD AFFIRMATIVE DEFENSE

Safeco shows that Plaintiff's Complaint should be dismissed because Safeco adjusted Plaintiff's claim at issue properly and in accordance with all of the terms, conditions, limitations, and exclusions of the insurance policy at issue.

**FOURTH AFFIRMATIVE DEFENSE**

Pending further investigation and discovery, Safeco reserves the right to raise any all additional affirmative defenses available to it under the Georgia Civil Practice Act, the laws of the State of Georgia, and the terms, conditions, limitations, and exclusions of the insurance policy at issue.

**FIFTH AFFIRMATIVE DEFENSE**

In response to the specific allegations contained in the Plaintiff's Complaint, and while at all times reserving the defenses previously raised by Safeco, as well as those which may be added by amendment in the future after further discovery and investigation, Safeco states the following:

1.

Safeco admits the allegations contained in Paragraph 1 of the Complaint.

2.

Safeco admits the allegations contained in Paragraph 2 of the Complaint. However, to the extent that Plaintiff asserts or infers that the State Court of Gwinnett County is the only court in which jurisdiction may be proper and/or that removal of this case to Federal court is improper, said allegations are hereby denied.

3.

Safeco admits the allegations contained in Paragraph 3 of the Complaint. However, to the extent that Plaintiff asserts or infers that the State Court of Gwinnett County is the only court in which venue may be proper and/or that removal of this case to Federal court is improper, said allegations are hereby denied.

4.

Safeco admits that, on or about January 21, 2022, certain real and personal property damage located at 8645 Lake Glen Court, Alpharetta, Georgia 30022 (the "Property") occurred as a result of water which escaped and/or overflowed from sewers and/or drains located off the Property. However, Safeco denies that the real and personal property damage to the Property that occurred on or about January 21, 2022 was caused by a covered cause of loss under the terms of the Policy. As such, to the extent that any part of Paragraph 4 of the Complaint may be interpreted as implying or inferring that there is coverage for the damages sought in the Complaint, said allegations are hereby denied. Safeco denies any and all remaining allegations contained in Paragraph 4 of the Complaint not specifically admitted herein.

5.

Safeco admits that, in exchange for premium payments from Plaintiff, it issued policy of insurance number OF2759695 ("the Policy") to Plaintiff providing certain coverage for the Property. Safeco further admits that the Policy was in effect on January 21, 2022. Notwithstanding the foregoing, Safeco shows that the provisions of the Policy speak for themselves and must be read in conjunction with the other provisions, limitations, conditions, and exclusions of the Policy when determining the extent of coverage to be afforded under the Policy. Further, to the extent that any part of Paragraph 5 of the Complaint may be interpreted as implying or inferring that there is coverage for the damages sought in the Complaint, said allegations are hereby denied. Safeco denies any and all remaining allegations contained in Paragraph 5 of the Complaint not specifically admitted herein.

6.

Safeco admits that the Policy provided certain coverage for the Property. However, Safeco shows that the provisions of the Policy speak for themselves and must be read in conjunction with the other provisions, limitations, conditions, and exclusions of the Policy when determining the extent of coverage to be afforded under the Policy. Furter, to the extent that any part of Paragraph 6 of the Complaint may be interpreted as implying or inferring that there is coverage for the damages sought in the Complaint, said allegations are hereby denied. Safeco denies any and all remaining allegations contained in Paragraph 6 of the Complaint not specifically admitted herein.

7.

Safeco denies the allegations contained in Paragraph 7 of the Complaint.

8.

Safeco admits that, on January 21, 2022, Plaintiff notified Safeco that the Property had sustained certain damage (the "Loss") and claim number 048246313 (the "Claim") was opened by Safeco in order to investigate the Loss. However, to the extent that any part of Paragraph 8 of the Complaint may be interpreted as implying or inferring that there is coverage for the damages sought in the Complaint, said allegations are hereby denied. Safeco denies any and all remaining allegations contained in Paragraph 8 of the Complaint not specifically admitted herein.

9.

Safeco admits that, on January 25, 2022, it properly denied coverage for the Claim under the Policy due to the fact that the Policy does not cover damages caused by water which escapes or overflows from sewers or drains located off the Property. As such, Safeco denies Plaintiff's

allegation that its coverage denial of the Claim was improper and, to the extent that any part of Paragraph 9 of the Complaint may be interpreted as implying or inferring that there is coverage for the damages sought in the Complaint, said allegations are hereby also denied. Safeco denies any and all remaining allegations contained in Paragraph 9 of the Complaint not specifically admitted herein.

10.

Safeco denies the allegations contained in Paragraph 10 of the Complaint.

## **COUNT I – BREACH OF CONTRACT**

11.

The allegations contained in Paragraph 11 of the Complaint do not require a response of Safeco, but to the extent they do, said allegations are hereby denied.

12.

Safeco admits that the Policy constitutes a valid, binding contract between Plaintiff and Safeco subject to all conditions, limitations, exclusions and provisions, but denies all remaining allegations contained in Paragraph 12 of the Complaint.

13.

Safeco denies the allegations contained in Paragraph 13 of the Complaint.

14.

Safeco denies the allegations contained in the "WHEREFORE" paragraph immediately following Paragraph 13 of the Complaint.

15.

Safeco denies any and all allegations not explicitly responded to above.

WHEREFORE, having responded to the allegations of Plaintiff's Complaint, Safeco respectfully requests that:

1. Plaintiff's Complaint be dismissed against Safeco and for judgment on the Complaint in Safeco's favor and against Plaintiff;

2. All costs of this action be cast upon Plaintiff for attorney's fees and expenses of litigation; and

2. Safeco be awarded such other further relief as the Court may deem just and proper.

Served this 28th day of February, 2023.

CHARTWELL LAW, LLP

*/s/ Karen K. Karabinos*
Karen K. Karabinos
Georgia Bar No. 423906

*/s/ Katelyn E. Fischer*
Katelyn E. Fischer
Georgia Bar No.491302

*Counsel for Safeco*

3200 Cobb Galleria Pkwy.
Bldg. 200, Ste. 250
Atlanta, GA 30339
Tel: (404) 410-1151
Fax: (404) 738-1632
kkarabinos@chartwelllaw.com
kfischer@chartwelllaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I have this day served a copy of the within and foregoing ***Defendant Safeco Insurance Company of Indiana's Answer and Affirmative Defenses to Plaintiff's Complaint*** using the court's electronic filing system, Odyssey/eFileGA, which will send a copy to the counsel of record as follows:

Michael B. Weinstein<br>
WEINSTEIN & BLACK, LLC<br>
3050 Amwiler Road, Ste. 200-C<br>
Atlanta, GA 30360<br>
mike@wblegal.net

This 28th day of February, 2023.

CHARTWELL LAW, LLP<br><br>
<em>/s/ Karen K. Karabinos</em><br>
Karen K. Karabinos<br>
Georgia Bar No. 423906<br><br>
<em>Counsel for Safeco</em>

3200 Cobb Galleria Pkwy.
Bldg. 200, Ste. 250
Atlanta, GA 30339
Tel: (404) 410-1151
Fax: (404) 738-1632
kkarabinos@chartwelllaw.com