IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DANIELLE WILLIAMS,<br><br>   Plaintiff,<br><br>v.<br><br>EMPIRE CARE CENTERS, LLC<br>D/B/A WESTBURY HEALTH &<br>REHAB OF CONYERS,<br><br>   Defendant. | Civil Action No.<br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES

COMES NOW, Danielle Williams ("Plaintiff" or "Ms. Williams"), by and through her undersigned counsel, and files this, her Complaint for Damages, and shows the Court as follows:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action for damages, and reasonable attorney fees against Defendant Empire Care Centers d/b/a Westbury Health and Rehab of Conyers ("Defendant") for violations of her rights under the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12111 et seq. ("ADA").

1

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331, and 42 U.S.C. § 2000e-5(f).

3.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391, and 42 U.S.C. §2000(e)-5(f), venue is appropriate in this Court.

## ADMINISTRATIVE PROCEDURES

4.

Plaintiff has fulfilled all conditions necessary to proceed with this cause of action under the ADA. Plaintiff filed her Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on December 27, 2022; the EEOC issued its Notice of Right to Sue on February 17, 2023.

5.

Plaintiff timely files this action within ninety (90) days of receipt of the Notice of Right to Sue from the EEOC.

## PARTIES

6.

Plaintiff is a Female citizen of the United States of America and is subject to the jurisdiction of this Court.

7.

At all times relevant, Defendant was qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

8.

At all such times, Plaintiff was an "employee" of Defendant as defined under the ADA at 42 U.S.C. § 12111(4). During all times relevant hereto, Defendant had employed fifteen (15) or more employees for the requisite duration under the ADA. Defendant is therefore covered under the ADA in accordance with 42 U.S.C. § 12111(5).

9.

Defendant may be served with process by delivering a copy of the summons and complaint to its Registered Agent, located at Registered Agent Solutions, Inc. located at 900 Old Roswell Lakes Pkwy, Suite 310, Roswell, GA, 30076, USA.

## FACTUAL ALLEGATIONS

10.

On or about April 15, 2022, Ms. Williams began working for Defendant as an Assistant Director of Nursing at the Fayetteville, Georgia location. Her last position was Director of Nursing at the Conyers, Georgia location.

11.

Ms. Williams has a physical disability, which Defendant was aware of when she began employment.

12.

Ms. Williams listed her disabling conditions on her health assessment forms.

13.

As a result of her disabilities, Ms. Williams was out on approved leave from Monday, November 28, 2022, through Sunday, December 11, 2022.

14.

On December 12, 2022, when Ms. Williams returned to work from leave, Defendant called her into a meeting and informed her that she was terminated because Defendant felt the building location was "not for her" but that other buildings could be.

15.

Ms. Williams was never given any warnings, reprimands, performance improvement plans, or otherwise subject to any disciplinary measures.

16.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text. Plaintiff was an individual with a disability, as defined by the Americans with Disabilities Act, as amended.

17.

Plaintiff requested a reasonable accommodation of her disabilities.

18.

Specifically, Plaintiff requested a leave of absence.

19.

Defendant terminated Plaintiff because she had a record of a disability and/or because it regarded her as disabled and/or because she engaged in protective activity.

20.

But for Plaintiff's disability status and/or request for a reasonable accommodation of the same, she would not have suffered the adverse employment action.

21.

Plaintiff was treated less favorably in the terms or conditions of employment than others outside of her protected class, i.e. non-disabled employees and/or employees who did not request a reasonable accommodation for her disability.

## CLAIMS FOR RELIEF

## COUNT I: DISABILITY DISCRIMINATION IN VIOLATION OF ADA

22.

Plaintiff re-alleges paragraphs 10-21 as if set forth fully herein.

23.

Plaintiff had a physical impairment which substantially limits one or more major life activities including but not limited to moving, lifting, bending, twisting, pushing, pulling, working, and standing.

24.

Plaintiff's physical impairment is a "disability" within the meaning of the ADA, as amended.

25.

Defendant was aware of Plaintiff's disability.

26.

Defendant regarded Plaintiff as having a disability such that she is a person with a disability and/or perceived disability within the meaning of the ADA, as amended.

27.

Plaintiff has a record of having a disability and/or perceived disability such that she is a person with a disability within the meaning of the ADA, as amended.

28.

At all times relevant to this action, Plaintiff was a qualified individual with a known or perceived disability as defined in the ADA.

29.

Defendant terminated Plaintiff's employment because of her disability, perceived disability, or record of having a disability.

30.

Defendant terminated Plaintiff's employment because of her accommodation requests.

31.

By terminating Plaintiff's employment because of her disability, perceived disability, or record of having a disability, Defendant violated the ADA, as amended.

32.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text for disability discrimination.

33.

Defendant treated other employees outside Plaintiff's protected class differently.

34.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of this violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12111 *et seq.*, 42 U.S.C. 2000e et seq. and 42 U.S.C. section 1981A.

35.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

36.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected her status as an employee because of her disability.

37.

As a direct and proximate result of Defendant's violation of the ADA, Plaintiff

has been made the victim of acts that have adversely affected her psychological and physical well-being.

38.

As a result of Defendant's discriminatory actions against Plaintiff, she has suffered lost compensation and benefits, emotional distress, inconvenience, humiliation, and other indignities.

39.

Pursuant to the ADA, as amended, Plaintiff is entitled to damages including but not limited to back pay and lost benefits, reinstatement, compensatory damages, equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under the ADA, as amended.

40.

Defendant discriminated against Plaintiff, and, in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices, has not only deprived Plaintiff of equal employment opportunities, but exhibited malice or reckless indifference to the federally protected rights of Plaintiff.

41.

Plaintiff thus seeks compensatory and punitive damages pursuant to §102(a)(1) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(b).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment as follows:

(a) General damages for mental and emotional suffering caused by Defendant's misconduct;

(b) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c) Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(d) Reasonable attorney's fees and expenses of litigation;

(e) Trial by jury as to all issues;

(f) Prejudgment interest at the rate allowed by law;

(g) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(i) All other relief to which she may be entitled.

**[SIGNATURE BLOCK ON FOLLOWING PAGE]**

Respectfully submitted this 28th day of February 2023.

                                                 **BARRETT & FARAHANY**

                                                 /s/ Ianna Richardson

                                               Ianna O. Richardson
                                               Georgia Bar No. 655153

                                               *Attorney for Plaintiff*

P.O. Box 530092
Atlanta, Georgia 30353
(404) 214-0120
ianna@justiceatwork.com