IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MONIQUE COX,<br><br>   Plaintiff,<br><br>v.<br><br>BLUE MAGMA RESIDENTIAL, LLC,<br><br>   Defendant. | Civil Action No.<br><br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR DAMAGES**

COMES NOW, Monique Cox ("Plaintiff" or "Ms. Cox"), by and through her undersigned counsel, and files this, her Complaint for Damages, and shows the Court as follows:

**NATURE OF COMPLAINT**

1.

Plaintiff brings this action for damages, and reasonable attorney fees against Defendant Blue Magma Residential, LLC ("Defendant") for violations of her rights under the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12111 et seq. ("ADA").

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331, and 42 U.S.C. § 2000e-5(f).

3.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391, and 42 U.S.C. §2000(e)-5(f), venue is appropriate in this Court.

## ADMINISTRATIVE PROCEDURES

4.

Plaintiff has fulfilled all conditions necessary to proceed with this cause of action under the ADA. Plaintiff filed their Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about January 5, 2022; the EEOC issued its Notice of Right to Sue on November 30, 2022.

5.

Plaintiff timely files this action within ninety (90) days of receipt of the Notice of Right to Sue from the EEOC.

## **PARTIES**

6.

Plaintiff is a Female citizen of the United States of America and is subject to the jurisdiction of this Court.

7.

At all times relevant, Defendant was qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

8.

At all such times, Plaintiff was an "employee" of Defendant as defined under the ADA at 42 U.S.C. § 12111(4). During all times relevant hereto, Defendant had employed fifteen (15) or more employees for the requisite duration under the ADA. Defendant is therefore covered under the ADA in accordance with 42 U.S.C. § 12111(5).

9.

Defendant may be served with process by delivering a copy of the summons and complaint to its Registered Agent, located at 2 Sun Court, Suite 400, Peachtree Corners, Ga, 30092.

## **FACTUAL ALLEGATIONS**

10.

Plaintiff began working for Defendant on or about October 1, 2021. Her last position was Assistant Property Manager.

11.

Defendant was aware of Plaintiff's disability during her job interview, while she was employed, and knew she would need certain accommodations, including additional time for completing tasks, flexible work times, and a handicap parking place. Plaintiff suffered from a disability of Chronic Abdominal Pain.

12.

Plaintiff provided Defendant with a Doctor's Note, which included a request for accommodation for her disability on or about October 6, 2021. This request was for additional time to complete her tasks.

13.

On or about October 27, 2021, Plaintiff experienced a severe flare-up of her disability, and reported this to the Property Manager, Ms. Jatanzela Harris.

14.

Plaintiff did not forgo work on October 27, 2021, but rather elected to inform Ms. Harris of the incident. Plaintiff continued to work that day.

15.

On or about October 28, 2021, Mr. Tyler Russel, from Human Resources, gave Plaintiff a verbal warning.

16.

Mr. Russel informed Plaintiff he "heard from Ms. Harris" that Plaintiff did not complete her tasks for the day. This was not true.

17.

Sometime in late October 2021, subsequent to receiving the accommodation request from Plaintiff, Mr. Russel again wrote Plaintiff up for the same untrue reason – for not completing tasks.

18.

On two separate occasions, Plaintiff requested for a meeting with Mr. Russel, Ms. Harris, and Janae Black, the Regional Manager, to discuss Mr. Russel's adverse actions and the need for her accommodations. Defendant failed to respond to this request.

19.

While also receiving these write ups, Plaintiff had experienced members of upper/senior management making statements prefacing her disability throughout her employment which embarrassed Plaintiff and made her feel separate from the others.

20.

For example, the Compliance Manager, Taledo Hill, said to Plaintilff, "I know you're disabled, but this needs to be taken care of…".

21.

Further, the Regional Manager, Ms. Black, would preface her sentences with "I know you're disabled, but…"

22.

Plaintiff reported these comments to Mr. Russel after they occurred, however no remedial action was ever taken.

23.

On or about Defendant also discriminated and retaliated against Plaintiff by having both Ms. Harris and Ms. Black text Plaintiff and order her to stop using the handicap parking spot. Their stated reasoning was that this spot was reserved for "customers," despite Plaintiff having a legal permit to use the disabled parking spot.

24.

Plaintiff continued to complain about this issue to Ms. Harris, but no remedial action was taken to correct this behavior.

25.

Defendant failed to provide a suitable alternative parking spot for Plaintiff to park in. Defendant further discriminated and retaliated against Plaintiff by allowing non-disabled employees to use the above-referenced disabled parking spot.

26.

Plaintiff reported this to Mr. Harris, and no remedial action was taken.

27.

Defendant terminated Plaintiff on or about January 4, 2022, with the reason that it "was not working out."

28.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text. Plaintiff was an individual with a disability, as defined by the Americans with Disabilities Act, as amended.

29.

Plaintiff requested a reasonable accommodation of her disabilities.

30.

Specifically, Plaintiff requested additional time for completing tasks, flexible work time and being allowed to park in a Handicap parking spot.

31.

Defendant failed to engage in the interactive process with Plaintiff, even though doing so would not have been an undue hardship.

32.

Defendant terminated Plaintiff because she had a record of a disability and/or because it regarded her as disabled and/or because she engaged in a protective activity.

33.

But for Plaintiff's disability status and/or request for a reasonable accommodation of the same, she would not have suffered the adverse employment action by Defendant.

34.

Plaintiff was treated less favorably in the terms or conditions of employment than others outside of her protected class, i.e. non-disabled employees and/or employees who did not request a reasonable accommodation for their disability.

## CLAIMS FOR RELIEF

### COUNT I:  DISABILITY DISCRIMINATION IN VIOLATION OF ADA

35.

Plaintiff re-alleges paragraphs 10-34 as if set forth fully herein.

36.

Plaintiff had a physical impairment which substantially limits one or more major life activities including but not limited to moving, lifting, bending, twisting, pushing, pulling, working, and standing.

37.

Plaintiff's physical impairment is a "disability" within the meaning of the ADA, as amended.

38.

Defendant was aware of Plaintiff's disability.

39.

Defendant regarded Plaintiff as having a disability such that they is a person with a disability and/or perceived disability within the meaning of the ADA, as amended.

40.

Plaintiff has a record of having a disability and/or perceived disability such that she is a person with a disability within the meaning of the ADA, as amended.

41.

At all times relevant to this action, Plaintiff was a qualified individual with a known or perceived disability as defined in the ADA.

42.

Defendant terminated Plaintiff's employment because of her disability, perceived disability, or record of having a disability.

43.

Defendant terminated Plaintiff's employment because of her accommodation requests.

44.

By terminating Plaintiff's employment because of her disability, perceived disability, or record of having a disability, Defendant violated the ADA, as amended.

45.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text for disability discrimination.

46.

Defendant treated other employees outside Plaintiff's protected class differently.

47.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of this violation of the

Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12111 *et seq.*, 42 U.S.C. 2000e et seq. and 42 U.S.C. section 1981A.

48.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

49.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected her status as an employee because of her disability.

50.

As a direct and proximate result Defendant's violation of the ADA, Plaintiff has been made the victim of acts that have adversely affected her psychological and physical well-being.

51.

As a result of Defendant's discriminatory actions against Plaintiff, she has suffered lost compensation and benefits, emotional distress, inconvenience, humiliation, and other indignities.

52.

Pursuant to the ADA, as amended, Plaintiff is entitled to damages including but not limited to back pay and lost benefits, reinstatement, compensatory damages, equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under the ADA, as amended.

53.

Defendant discriminated against Plaintiff, and, in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices, has not only deprived Plaintiff of equal employment opportunities, but exhibited malice or reckless indifference to the federally protected rights of Plaintiff.

54.

Plaintiff thus seeks compensatory and punitive damages pursuant to §102(a)(1) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(b).

## COUNT II:  FAILURE TO ACCOMMODATE IN VIOLATION OF ADA

55.

Plaintiff re-alleges paragraphs 10-34 as if set forth fully herein.

56.

Plaintiff has a physical impairment which substantially limits one or more major life activities including but not limited to moving, lifting, bending, twisting, pushing, pulling, and standing.

57.

Plaintiff's physical impairment is a "disability" within the meaning of the ADA, as amended.

58.

Defendant was aware of Plaintiff's disability.

59.

At all times relevant to this action, Plaintiff was a qualified individual with a known or perceived disability as defined in the ADA.

60.

Plaintiff was able to perform the essential functions of their job with a reasonable accommodation.

61.

Plaintiff requested that Defendant accommodate her disability by Flexible Working Hours and Handicap parking.

62.

Upon receiving Plaintiff's requests for accommodation, Defendant failed to meaningfully engage in the interactive process with Plaintiff regarding her requests for a reasonable accommodation of her disability.

63.

Defendant refused to provide Plaintiff with reasonable accommodations, even though to do so would not impose an undue hardship.

64.

By refusing to accommodate Plaintiff, Defendant violated the ADA, as amended.

65.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's failure to accommodate Plaintiff's disability was undertaken in bad faith.

66.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected her status as an employee because of her disability.

67.

As a direct and proximate result of Defendant's violation of the ADA, Plaintiff has been made the victim of acts that have adversely affected her psychological and physical well-being.

68.

As a result of Defendant's discriminatory actions against Plaintiff, she has suffered lost compensation and benefits, emotional distress, inconvenience, humiliation, and other indignities.

69.

Pursuant to the ADA, as amended, Plaintiff is entitled to damages including but not limited to back pay and lost benefits, reinstatement, compensatory damages, equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under the ADA, as amended.

70.

Defendant discriminated against Plaintiff, and, in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices, has not only deprived Plaintiff of equal employment opportunities, but exhibited malice or reckless indifference to the federally protected rights of Plaintiff.

71.

Plaintiff thus seeks compensatory and punitive damages pursuant to §102(a)(1) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(b).

## COUNT III:  RETALIATION IN VIOLATION OF THE ADA, AS AMENDED

72.

Plaintiff re-alleges paragraphs 10-34 as if set forth fully herein.

73.

Plaintiff has a physical impairment which substantially limits one or more major life activities including but not limited to moving, lifting, bending, twisting, pushing, pulling, and standing.

74.

Plaintiff's physical impairment is a "disability" within the meaning of the ADA, as amended.

75.

Defendant was aware of Plaintiff's disability.

76.

At all times relevant to this action, Plaintiff was a qualified individual with a known or perceived disability as defined in the ADA.

77.

Defendant terminated Plaintiff for requesting an accommodation for her disability and/or perceived disability.

78.

Plaintiff's request for an accommodation of her disability and/or perceived disability constitutes protected conduct under the ADA, as amended.

79.

Defendant retaliated against Plaintiff by terminating her employment on the basis of her request for an accommodation.

80.

Defendant terminated Plaintiff's employment within a close temporal proximity to Plaintiff's accommodation requests.

81.

Defendant's proffered reasons for terminating Plaintiff's employment are a pretext designed to hide Defendant's retaliatory motive.

82.

Defendant's retaliatory actions against Plaintiff were in violation of the ADA, as amended.

83.

Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's retaliation against Plaintiff was undertaken in bad faith.

84.

As a result of Defendant's retaliatory actions against Plaintiff, she has suffered lost compensation and benefits, emotional distress, inconvenience, humiliation, and other indignities.

85.

Pursuant to the ADA, as amended, Plaintiff is entitled to damages including but not limited to back pay and lost benefits, reinstatement, compensatory damages, equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under the ADA, as amended.

86.

Defendant discriminated against Plaintiff, and, in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices, has not only deprived Plaintiff of equal employment opportunities, but exhibited malice or reckless indifference to the federally protected rights of Plaintiff.

87.

Plaintiff thus seeks compensatory and punitive damages pursuant to §102(a)(1) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(b).

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment as follows:

(a) General damages for mental and emotional suffering caused by Defendant's misconduct;

(b) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c) Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(d) Reasonable attorney's fees and expenses of litigation;

(e) Trial by jury as to all issues;

(f) Prejudgment interest at the rate allowed by law;

(g) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(i) All other relief to which may be entitled.

**BARRETT & FARAHANY**

s/ *John E. Tomlinson*
Kira Y. Fonteneau
Georgia Bar No. 103355
John E. Tomlinson
*Pro Hac Application Forthcoming*

*Counsel for Plaintiff Monique Cox*

P.O. Box 530092
Atlanta, Georgia 30353
(404) 214-0120
kira@justiceatwork.com
john@justiceatwork.com