IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| TONI MILLERDEN, | ) | |
| | ) | CIVIL ACTION FILE NO.: |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | [Removed from |
| | ) | The State Court of |
| WALMART STORES EAST, LP and | ) | Henry County; |
| STEVE BRISCUSO | ) | Civil Action File No. |
| | ) | STSV2022002019] |
| | ) | |
| Defendant. | ) | |

## NOTICE OF REMOVAL

Defendants WAL-MART STORES EAST, LP and STEVE BRISCUSO by and through counsel, within the time prescribed by law, and without waiving any defenses, file this Notice of Removal, respectfully showing this Honorable Court, as follows:

1.

Plaintiff Toni Millerden filed a negligence suit against the Defendants in the State Court of Henry County, Georgia styled as above and numbered as Civil Action File No. STSV2022002019. Henry County is in the Atlanta Division of this Court. 28 U.S.C. § 90 (a)(2).

2.

Ms. Millerden alleges that she fell at the Walmart Supercenter located at

1

4949 Bill Gardner Parkway, Locust Grove, Henry County, Georgia 30248 on (hereinafter "The Store") on November 30, 2020. *(Ex. A, Compl.*, p. 3, ¶ 8).

3.

Plaintiff is a Georgia citizen.

4.

Defendant Wal-Mart Stores East, LP is a Delaware limited partnership, of which WSE Management, LLC is the sole general partner and WSE Investment, LLC is the sole limited partner. Both WSE Management, LLC and WSE Investment, LLC are Delaware limited liability companies with principal places of business in Arkansas.  The sole member of both WSE Management, LLC and WSE Investment, LLC is Wal-Mart Stores East, LLC.  Wal-Mart Stores East, LLC is an Arkansas limited liability company with its principal place of business in Arkansas. The sole member of Wal-Mart Stores East, LLC is Walmart Inc.  Walmart Inc. is a Delaware corporation with its principal place of business in Bentonville, Arkansas.  As such, Walmart Stores East, LP and none of its partners are or were citizens of the State of Georgia at the time of, or immediately prior to, the filing and service of this lawsuit, or at any time thereafter.

5.

Plaintiff alleges that Steve Briscuso and Wal-Mart Stores East, LP were actively negligent in their management of The Store and/or that Wal-Mart Stores

2

East, LP is vicariously liable for Mr. Briscuso's active negligence. (*Ex. A*, *Compl.*, pp. 4-6).

6.

Mr. Briscuso did not work at the Store in November of 2020. (*See Declaration of Steve Briscuso*, attached hereto as Exhibit B, ¶ 5).

7.

Mr. Briscuso has never personally owned or leased the Store. (*Ex. B.*, ¶ 6).

8.

Mr. Briscuso has never personally employed anyone who worked at The Store. He has never been personally responsible for the payment of any wages or salary to anyone at The Store. (*Ex. B*, ¶ 10).

9.

Mr. Briscuso did not create the policies, procedures, and training materials used by Walmart as part of its efforts to inspect and maintain The Store in November of 2020. *(Ex. B*, ¶ 11).

10.

A party is fraudulently joined if: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court." *Jackson v. Bank of America, NA*, 578 Fed. App'x 856 (11th Cir. 2014)

3

*citing Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329 (11th Cir. 2011). Fraudulent joinder also exists if a plaintiff has "no real intention to get a joint judgment, and…there [is] no colorable ground for so claiming." *AIDS Counseling and Testing Centers v. Group W. Television*, 903 F.2d 1000, 1003 (4th Cir. 1990).

11.

Plaintiff cannot recover against Steve Briscuso and has therefore fraudulently joined Mr. Briscuso in an attempt to defeat diversity jurisdiction. Accordingly, the Court should not consider Steve Briscuso in determining the existence of diversity jurisdiction.

12.

Complete diversity of citizenship exists between Plaintiff and Wal-Mart Stores East, LP.

13.

Wal-Mart Stores East, LP was served with a summons and copy of the Complaint on November 29, 2022. Steve Briscuso was served with a summons and a copy of the Complaint on November 30, 2022.

14.

Plaintiff's Complaint does not contain a specific prayer for relief or plead a specific amount of damages. *See Compl.*, generally.

15.

Plaintiff responded to Wal-Mart Stores East, LP's Request for Admission on January 30, 2023 (a true and correct copy of plaintiff's responses to defendant's requests for admission are attached hereto as Exhibit C).

16.

Plaintiff refused to admit that the amount in controversy in this case was less than $75,000.00. (*Ex. C*, Requests 13 through 15).

17.

Plaintiff responded to Wal-Mart Stores East, LP's Interrogatories on February 13, 2023. (a true and correct copy of plaintiff's responses to defendant's interrogatories is attached hereto as Exhibit C).

18.

Plaintiff claims past medical expenses of $47,635.70. (Ex. C, Resp. to Interrog. 7).

19.

In her Complaint, plaintiff alleges that she "continues to suffer, and may recover, general and special damages as allowed by applicable law." *Ex. A., Compl.*, p. 4, ¶ 14.

20.

Based on: (1) plaintiff's claimed medical expenses of $47,635.70 and a past

general damages claim; (2) her allegation that she continues to generate both general and special damages; and (3) her refusal to admit that the amount in controversy exceeds $75,000.00, a preponderance of the evidence demonstrates that the amount in controversy exceeds $75,000.00.

21.

Plaintiff responded to discovery on January 30, 2023 and February 13, 2023. 28 U.S.C. §1446(b)(1) provides that the "notice of removal of a civil action or proceeding shall be filed within thirty (30) days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based …." Accordingly, this Notice of Removal is timely filed within thirty days of Wal-Mart Stores East, LP's receipt of plaintiff's discovery responses.

22.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332(a) and 1441 because complete diversity exists between the parties and the amount in controversy exceeds $75,000.00.

23.

Pursuant to 28 U.S.C. § 1446, Defendants have attached as Exhibit "A" copies of all process, pleadings and Orders that were served on and/or provided to Defendant, including copies of all pleadings that have been filed to date in the

State Court of Fulton County, Georgia for the above-styled case.

24.

Pursuant to 28 U.S.C. §1446, Defendants are not required to file a removal bond.

25.

A true and correct copy of this Notice of Removal shall be filed with the Clerk of the State Court of Henry County, as required by 28 U.S.C. §1446.

26.

Written notice of the filing of this Notice of Removal shall be given to all Parties, through their counsel of records, as required by 28 U.S.C. §1446.

WHEREFORE, Defendants pray that the above-captioned lawsuit would be removed to and proceed in the United States District Court for the Northern District of Georgia, Atlanta Division.

This 28th day of February, 2023.

WALDON ADELMA CASTILLA
HIESTAND & PROUT

/s/ Casey J. Brown_____
Jonathan M. Adelman
Georgia Bar No. 005128
Casey J. Brown
Georgia Bar No. 757384
Attorneys for Defendants Wal-Mart
Stores East, LP and Steve Briscuso

900 Circle 75 Parkway
Suite 1040
Atlanta, Georgia 30339
(770) 953-1710
[jadelman@wachp.com](jadelman@wachp.com)
cbrown@wachp.com

## **CERTIFICATE OF COMPLIANCE**

On this date, the undersigned hereby certifies that the foregoing pleading complies with the font and point selections approved by the Court pursuant to Local Rule 5.1B.  The foregoing pleading has been prepared in 14-point Times New Roman font.

This 28th day of February, 2023.

                                                  WALDON ADELMAN CASTILLA
                                                  HIESTAND & PROUT

                                                  /s/ Casey J. Brown_____
                                                  Jonathan M. Adelman
                                                  Georgia Bar No. 005128
                                                  Casey J. Brown
                                                  Georgia Bar No. 757384
                                                  Attorneys for Defendants Wal-Mart
                                                  Stores East, LP and Steve Briscuso

900 Circle 75 Parkway
Suite 1040
Atlanta, Georgia 30339
(770) 953-1710
jadelman@wachp.com
cbrown@wachp.com

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| TONI MILLERDEN, | ) | |
| | ) | CIVIL ACTION FILE NO.: |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | [Removed from |
| | ) | The State Court of |
| WALMART STORES EAST, LP and | ) | Henry County; |
| STEVE BRISCUSO | ) | Civil Action File No. |
| | ) |   STSV2022002019] |
| | ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that, on this the 28th day of February, 2023, I electronically filed the foregoing *Notice of Filing of Notice of Removal to Federal Court* with the Clerk of this Court using the CM/ECF system which will automatically provide notice of such filing via electronic mail to the following attorney(s) of record:

Benjamin J. Welch
Morgan & Morgan Atlanta, PLLC
P.O. Box 57007
Atlanta, GA 30343
(404) 965-8811
bwelch@forthepeople.com

**10**

This 28th day of February, 2023.

                WALDON ADELMAN CASTILLA
                HIESTAND & PROUT

                /s/ Casey J. Brown_____
                Jonathan M. Adelman
                Georgia Bar No. 005128
                Casey J. Brown
                Georgia Bar No. 757384
                Attorneys for Defendants Wal-Mart
                Stores East, LP and Steve Briscuso

900 Circle 75 Parkway
Suite 1040
Atlanta, Georgia 30339
(770) 953-1710
jadelman@wachp.com
cbrown@wachp.com