EFILED IN OFFICE
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

**STSV2022002019**
SNK
**NOV 22, 2022 04:55 PM**

*Lynne M. Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

## IN THE STATE COURT OF HENRY COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| TONI MILLERDEN, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE NO.: |
| | ) | |
| vs. | ) | |
| | ) | |
| WAL-MART STORES EAST, LP | ) | **JURY TRIAL DEMANDED** |
| (DELAWARE); STEVE BRISCUSO; | ) | |
| ABC CORPS. 1-2; and JOHN DOES 1-3, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT FOR DAMAGES

Plaintiff Toni Millerden files this Complaint for Damages and brings the following causes of action against Defendants Wal-Mart Stores East, LP (Delaware); Steve Briscuso; ABC Corps. 1-2; and John Does 1-3, showing this Honorable Court as follows:

<u>Parties, Jurisdiction, & Venue</u>

1.

Plaintiff is a Georgia resident.

2.

Defendant Wal-Mart Stores East, LP (Delaware) (hereinafter "Wal-Mart") is a Foreign Limited Partnership with a registered agent for service of process, The Corporation Company (FL), located at 106 Colony Park Drive, Suite 800-B, Cumming, Georgia 30040 in Forsyth County. Service of process can be perfected upon Defendant at that address.

3.

Defendant Steve Briscuso is a Georgia resident residing at 104 Amandas Way, McDonough, Georgia 30252. He was an employee of Wal-Mart and/or ABC Corps. 1-2 and was

1

Exhibit A

working within the scope of his employment at all material times. Service of process can be perfected upon Defendant at his residential address or as otherwise provided by law.

4.

Pursuant to Article VI, § II, ¶ VI of the Georgia Constitution and O.C.G.A. § 14-2-510, venue is proper because Plaintiff's cause of action originated in Henry County and Defendant Wal-Mart has an office and transacts business in Henry County. Additionally, venue is proper as Defendant Steve Briscuso resides in Henry County.

5.

Defendants, ABC CORPS. 1-2, are unidentified business entities which are potential, third-party, joint tortfeasors. Defendants ABC CORPS. 1-2 are business entities which owned, managed, operated, maintained, serviced, cleaned, secured, or repaired some aspect of Defendant Wal-Mart's business establishment and may have contributed to the negligence that injured Plaintiff. If and when entity Defendants ABC CORPS. 1-2 are identified, Plaintiff will timely amend her pleading and cause a Summons and Complaint to be properly served.

6.

Defendant JOHN DOES 1-3 are residents of Georgia and are currently unidentified individuals who are potential, third-party, joint tortfeasors. Defendants JOHN DOES 1-3 either owned, managed, operated, maintained, serviced, cleaned, secured, or repaired some aspect of Defendant Wal-Mart's business establishment and may have contributed to the negligence that injured Plaintiff. If and when Defendants JOHN DOES 1-3 are identified, Plaintiff will timely amend her pleading and cause a Summons and Complaint to be properly served.

7.

All parties are subject to the jurisdiction of this Court.

2

Exhibit A

<u>Background Facts</u>

8.

At all material times, Defendants Wal-Mart and ABC Corps. 1-2 (hereinafter "Corporate Defendants") owned, managed, operated, or otherwise provided services for Wal-Mart Supercenter No. 5709, which is located at 4949 Bill Gardner Parkway, Locust Grove, Henry County, Georgia 30248 (the "Premises").

9.

At all material times, Defendants Steve Briscuso and John Does 1-3 (hereinafter "Employee Defendants") were employed by and were working within the scope of their employment with one or more of the Corporate Defendants.

10.

On or about November 30, 2020, Plaintiff was lawfully in the Premises, shopping, when Plaintiff slipped and fell in some substance, which caused Plaintiff to be injured (the "Incident").

11.

Defendants negligently caused Plaintiff's injuries.

12.

At all relevant times, Plaintiff exercised reasonable care for her own safety.

13.

As the direct and proximate result of Defendants' negligence, Plaintiff fell and suffered bodily injuries; pain and suffering; expenses of medical care, diagnosis, and treatment; aggravation of a pre-existing condition; lost capacity for the enjoyment of life; loss of consortium; lost ability to work; and other economic damages including, without limitation, lost wages. Plaintiff's

3

economic and non-economic damages are continuing in nature and Plaintiff will continue to incur general and special damages in the future.

14.

As the direct and proximate result of Defendants' negligence, Plaintiff suffered, continues to suffer, and may recover, general and special damages as allowed by applicable law. Plaintiff will continue to incur such losses in the future.

Count I – Active Negligence

15.

Plaintiff repeats and realleges paragraphs 1 through 14 above, verbatim.

16.

At all material times, Defendants controlled the mode, manner, and means by which they operated Wal-Mart Supercenter No. 5709. Under Defendants' mode, manner, and means of operating its business, fall risks were reasonably foreseeable.

17.

Defendants' chosen mode and manner of operation of Wal-Mart Supercenter No. 5709 required that Defendants implement safety procedures to mitigate or eliminate foreseeable risks of falls and resulting injuries.

18.

Defendants owed their customers a duty to use ordinary care to guard against foreseeable risks of harm caused by Defendants' mode, manner, and means of operating Wal-Mart Supercenter No. 5709.

19.

Defendants have a duty to develop, implement, maintain, comply with, and enforce a safety

Exhibit A

program or appropriate safety measures, including adequate inspection procedures, to protect customers from the foreseeable risks of harm, including fall risks arising from the operation of Wal-Mart Supercenter No. 5709.

20.

Defendants breached their duty to Plaintiff by negligently failing to exercise reasonable care to protect her from foreseeable risks of harm.

21.

While operating Wal-Mart Supercenter No. 5709, Defendants negligently failed to exercise reasonable care to protect Plaintiff from foreseeable risks of harm in one or more of the following ways:

(i)     Defendants failed to maintain a safety protocol to protect customers from the foreseeable risk of injuries caused by a slip and fall;

(ii)    Defendants' safety program was inadequate to protect customers from the foreseeable risk of injuries caused by a slip and fall;

(iii)   Defendants negligently failed to comply with, carry out, and enforce their inspection protocols or procedures;

(iv)    Defendants negligently failed to train their employees, contractors, agents, and/or representatives to properly implement their safety program;

(v)     Defendants failed to supervise their employees, contractors, agents, and/or representatives to ensure compliance with their safety program; and/or

(vi)    Defendants failed to warn Plaintiff of the inherent and foreseeable risk of falls and injuries arising from Defendants' chosen mode, manner, and means of operating its business.

Exhibit A

22.

Defendants' failure to exercise reasonable care in their operations of Wal-Mart Supercenter No. 5709 caused a puddle of water to be on the floor, which foreseeably created a fall risk and caused Plaintiff's fall and resulting injuries.

23.

Defendants' negligent operation of Wal-Mart Supercenter No. 5709 directly and proximately caused Plaintiff's injuries.

24.

Corporate Defendants are vicariously liable for the negligent acts and omissions of their employees, contractors, agents, and representatives committed during the course and scope of their employment and in furtherance of Corporate Defendants' business. Corporate Defendants' employees, contractors, agents, and representatives include, but are not limited to, Employee Defendants.

<u>Count II – Premise Liability</u>

25.

Plaintiff repeats and realleges paragraphs 1 through 14 above, verbatim.

26.

At all material times, Corporate Defendants owned, occupied, and were otherwise in possession and control of the Premises.

27.

At all material times, Corporate Defendants owed a duty to exercise ordinary care to maintain the Premises and its approaches in reasonably safe condition.

6

Exhibit A

28.

Further, Corporate Defendants owed a duty to inspect the Premises to discover possible dangerous conditions and take reasonable precautions to protect invitees from dangers foreseeable from the arrangement or use of the premises. Robinson v. Kroger Co., 268 Ga. 735, 740 (1997).

29.

Defendants' duty of care included:

a.  Inspecting the Premises for hazardous conditions including static conditions and passive defects that posed a slip hazard or risk;

b. Detecting, removing or otherwise remedying hazardous conditions on the Premises floor that posed a slip hazard or risk; and

c. Adequately warning invitees about specific hazards on the Premises, including slip hazards on the floor, to enable invitees to avoid harm.

30.

At all material times, Plaintiff was Corporate Defendants' invitee.

31.

On the date of incident, Plaintiff slipped and fell in a substance on the floor of the Premises.

32.

The substance that caused Plaintiff's fall was on the floor of the Premises for a sufficient length of time that Defendants knew, or should have known, about the substance on the floor. The significant amount of time the substance was on the floor afforded Defendants the opportunity to remove the hazard and/or warn invitees of the dangerous condition the substance created.

7

Exhibit A

33.

Even if the substance had not been on the floor for a sufficient length of time, the substance that caused Plaintiff's fall was caused by a condition and/or defect that caused it to be on the floor of the Premises. This condition and/or defect had existed for a sufficient length or time that Defendants knew, or should have known, about it. The sufficient amount of time the condition and/or defect causing the substance to be on the floor afforded Defendants the opportunity to remove the hazardous condition and/or warn invitees of the dangerous condition it continuously created.

34.

Corporate Defendants had notice or should have had notice of the substance on the floor and they controlled the condition of the Premises. Thus, Defendants and their employees, contractors, agents, and representatives had a duty to remove the substance from the Premises' floor or to warn customers/invitees, including Plaintiff, of the hazard because it posed an unreasonable risk of harm to the safety to store patrons.

35.

Defendants breached their duty to Plaintiff when they negligently failed to remove the substance or repair the condition and/or defect or to warn Plaintiff of the specific hazard.

36.

As a direct and proximate result of Defendants' negligent failure to remove, remedy, or otherwise address the known hazard, Plaintiff slipped in a substance and was injured.

37.

As a direct and proximate result of Defendants' negligent failure to keep the Premises safe, Plaintiff slipped in a substance and was injured.

Exhibit A

38.

As a direct and proximate result of Defendants' negligent failure to warn invitees about the hazardous condition created by the substance, Plaintiff slipped on it and was injured.

<u>Count III – Nuisance</u>

39.

Plaintiff repeats and realleges paragraphs 1 through 14 above, verbatim.

40.

At all material times, Corporate Defendants owned, occupied, and were otherwise in possession and control of the Premises.

41.

The substance on the floor and the condition and/or defect that caused the substance to be there created a nuisance on the Premises on the date of incident.

42.

As a direct and proximate cause of the nuisance existing in the Premises on the date of incident, Plaintiff suffered bodily injuries.

43.

As a direct and proximate result of Defendants' allowance of the nuisance to exist within their controlled Premises, Plaintiff slipped in a substance and was injured.

44.

As a direct and proximate cause of Defendants' failure to remove, remedy or otherwise remediate the nuisance, Plaintiff suffered bodily injuries when she fell on the Premises on the date of incident.

Exhibit A

**WHEREFORE**, Plaintiff demands judgment against Defendants and further, Plaintiff prays:

a.    That process issue requiring Defendants to appear and answer Plaintiff's allegations;

b.    That Defendants be served with a copy of Plaintiff's Complaint for Damages and Demand for Trial by Jury;

c.    That Plaintiff be granted a **trial by jury** of twelve persons for all issues so triable;

d.    That Plaintiff recover all damages allowable and recoverable under applicable law in amounts to be determined by a jury;

e.    That Plaintiff recover general and special damages in amounts to be proved at trial; and

f.    That this Honorable Court order such other and further relief as the Court deems just and proper.


This 22ⁿᵈ day of November, 2022.


MORGAN & MORGAN ATLANTA, PLLC

*/s/ Benjamin J. Welch*

_____

BENJAMIN J. WELCH
BWelch@ForThePeople.com
Georgia State Bar No.: 459886
Post Office Box 57007
Atlanta, GA 30343-1007
404-965-8811 (Telephone)
404-965-8812 (Fax)
*Attorney for Plaintiff*

Exhibit A

⚜ **EFILED IN OFFICE**
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

**STSV2022002019**
**SNK**
**NOV 22, 2022 04:55 PM**

*Lynne M. Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

**IN THE STATE COURT OF HENRY COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| TONI MILLERDEN, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE |
| | ) | NO.: |
| vs. | ) | |
| | ) | |
| WAL-MART STORES EAST, LP | ) | |
| (DELAWARE); STEVE BRISCUSO; | ) | |
| ABC CORPS. 1-2; and JOHN DOES 1-3; | ) | |
| | ) | |
| Defendants. | ) | |

**RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY MATERIALS**

Plaintiff hereby certifies that a true and correct copy of the following was delivered for service with the Summons and Complaint:

1. Plaintiff's First Request for Admissions to Defendant WAL-MART STORES EAST, LP (DELAWARE);

2. Plaintiff's First Interrogatories to Defendant WAL-MART STORES EAST, LP (DELAWARE); and

3. Plaintiff's First Request for Production of Documents to Defendant WAL-MART STORES EAST, LP (DELAWARE).

This 22nd day of November, 2022.

                            **MORGAN & MORGAN ATLANTA, PLLC**

                            */s/ Benjamin J. Welch*

                            _____

                            BENJAMIN J. WELCH
                            BWelch@ForThePeople.com
                            Georgia State Bar No.: 459886
                            Post Office Box 57007
                            Atlanta, GA 30343-1007
                            404-965-8811 (Telephone)
                            404-965-8812 (Fax)
                            *Attorney for Plaintiff*

Exhibit A

⚖ **EFILED IN OFFICE**
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

**STSV2022002019**
SNK
**NOV 22, 2022 04:55 PM**

*Lynne M. Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

**IN THE STATE COURT OF HENRY COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| TONI MILLERDEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE |
| vs. | ) | NO.: |
| | ) | |
| WAL-MART STORES EAST, LP | ) | |
| (DELAWARE); STEVE BRISCUSO; | ) | |
| ABC CORPS. 1-2; and JOHN DOES 1-3, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS**
**TO DEFENDANT WAL-MART STORES EAST, LP (DELAWARE)**

Plaintiff hereby requests that Defendant Wal-Mart Stores East, LP (Delaware) admit for the purpose of this action the truth of the following facts within forty-five (45) days after the date of service hereof and in conformity with O.C.G.A. § 9-11-36. If any request cannot be truthfully admitted or denied, please state in detail the reasons why you cannot truthfully admit or deny the matter. If you cannot admit or deny the request in its entirety, please specify that part which you cannot admit or deny and state in detail the reasons for any such qualifications. If you assert any claim of privilege in response to any or all of these requests, set forth, with respect to each such request(s) as to which a claim of privilege is asserted, the nature of the privileged claimed (e.g. attorney-client, work-product, etc.) and the basis for your claim.

**REQUESTS FOR ADMISSION**

1.

Please admit that this Court has personal jurisdiction over you for this lawsuit.

2.

Please admit that venue for this action is proper as alleged in the Complaint.

1

Exhibit A

3.

Please admit that you were properly served with this Complaint.

4.

Please admit that service of process on you was proper.

5.

Please admit that you are a proper party to this lawsuit.

6.

Please admit that you have been properly named in this lawsuit.

7.

Please admit that all necessary parties are named in the Complaint for this action.

8.

Please admit Plaintiff did not contribute to or cause the injuries she suffered on the date of the incident.

9.

Please admit Plaintiff exercised ordinary care and diligence while on or about the Premises.

10.

Please admit you owed Plaintiff a duty to exercise ordinary care in keeping the Premises and its approaches safe.

11.

Please admit that you failed to exercise ordinary care in keeping the Premises and its approaches safe on the date of incident.

12.

Please admit that you breached your duty of care owed to the Plaintiff.

2

Exhibit A

13.

Please admit that, on the date of incident, you had a written policy for inspecting the Premises.

14.

Please admit that, on the date of incident, your policies and procedures for inspecting the Premises were inadequate.

15.

Please admit that Plaintiff was injured as a direct and proximate result of your negligence.

16.

Please admit that as a direct and proximate result of your acts and omissions, Plaintiff incurred medical expenses and other damages.

17.

Please admit that Plaintiff is entitled to recover damages from you for injuries suffered as a result of your negligence.

18.

Please admit that, on the date of incident, your policies and procedures required your employees, representatives, and/or agents to address known hazardous conditions as soon as possible.

19.

Please admit that, on the date of incident, you had a written policy(ies) or guideline(s) for the placement of warning signs about hazardous conditions on the Premises.

3

Exhibit A

20.

Please admit that you possess video and/or still camera footage of Plaintiff at, on, or near the Premises on the date of the incident.

21.

Please admit that Steve Briscuso was your employee on the date of incident.

22.

Please admit that Steve Briscuso was working within the scope of his employment when Plaintiff's injuries occurred.


*Plaintiff's First Request for Admissions to Defendant Wal-Mart Stores East, LP (Delaware) is served upon you together with Plaintiff's Complaint.*


This <u>22nd</u> day of November, 2022.


**MORGAN & MORGAN ATLANTA, PLLC**

*/s/ Benjamin J. Welch*
_____
BENJAMIN J. WELCH
BWelch@ForThePeople.com
Georgia State Bar No.: 459886
Post Office Box 57007
Atlanta, GA 30343-1007
404-965-8811 (Telephone)
404-965-8812 (Fax)
*Attorney for Plaintiff*

4

Exhibit A

⚜ **EFILED IN OFFICE**
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

**STSV2022002019**
**SNK**
**NOV 22, 2022 04:55 PM**

*Lynne M. Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

**IN THE STATE COURT OF HENRY COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| TONI MILLERDEN, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE |
| | ) | NO.: |
| vs. | ) | |
| | ) | |
| WAL-MART STORES EAST, LP | ) | |
| (DELAWARE); STEVE BRISCUSO; | ) | |
| ABC CORPS. 1-2; and JOHN DOES 1-3, | ) | |
| | ) | |
| Defendants. | ) | |

### PLAINTIFF'S FIRST INTERROGATORIES TO
### DEFENDANT WAL-MART STORES EAST, LP (DELAWARE)

Plaintiff, pursuant to O.C.G.A. § 9-11-33, serves upon Defendants Plaintiff's First Interrogatories to Defendant Wal-Mart Stores East, LP (Delaware) to be answered under oath, within forty-five (45) days from service hereof, and in the form provided by law.

You are required, when answering these interrogatories, to furnish all information that is available to you, your attorneys or agents, and anyone else acting on your behalf.  If the complete answer to an interrogatory is not known to you, you shall so state and answer the interrogatory to the fullest extent possible.

These interrogatories are deemed to be continuing and you are required to provide, by way of supplementary answers to these interrogatories, such additional information as may be obtained hereafter by you, your attorneys or agents, or anyone else acting on your behalf, between the time the answers are served and the time of trial. All such supplemental answers must be filed and served upon the counsel of record for the above-named Plaintiffs within thirty (30) days from receipt of such additional information.

1

Exhibit A

The following definitions and instructions are applicable to each interrogatory unless negated by the context:

## **DEFINITIONS**

When used in these Interrogatories, the term "Defendant," or any synonym thereof, is intended to and shall embrace servants, representatives, private investigators, and others who are in a position of or may have obtained information for or on behalf of Defendant.

As used in these Interrogatories, the following words and phrases have the meanings set forth below.

(1) "You" and "your" means and refers to the Defendant to whom these interrogatories are directed, and includes your agents, employees, insurance company and their agents and employees, your attorneys, investigators and anyone else acting on your or their behalf.

(2) "Document" means and includes any written, recorded, or graphic matter in whatever form, including copies, drafts, and reproductions thereof to which you have or have had access, including, but not limited to, correspondence, writings, records, memoranda, drawings, photographs, tapes, stenographic or handwritten notes, studies, publications, books, ledgers, contracts, agreements, financial records, checks, drafts, receipts, bills, invoices, pamphlets, pictures, films, motion pictures, videotapes, videodisks, audiotapes, voice recordings or other sound recordings, maps, graphs, charts, reports, surveys, minutes of statistical compilations, forms prescribed by government agencies, computer tapes, computer disks, computer printouts, photocopies, microfilm, microfiche, and any other data, sound, or image compilation or recording from which information regarding the described transactions can be obtained, translated if necessary by respondent through appropriate and necessary devices into reasonably useable and intelligible form; every copy of such writing or record where the original is not in your possession,

2

Exhibit A

custody or control, and every copy of such writing or record where such copy is not an identical copy of an original or where such copy contains any commentary or notation whatsoever that does not appear on the original.

(3) "Person" shall mean any individual, natural person, proprietorship, partnership, corporation, cooperative, association, firm, group, government, business entity, any other organization or entity, and any group of persons associated in fact although not a legal entity.

(4) "Identify" means the following:

(a) When used with respect to individuals, means to state the full name, present or last known residence address (designating which), telephone number, present or last known employment address (designating which), job title and present whereabouts of such person;

(b) When used with respect to persons other than individuals, as the term "persons" is identified in (3) above, means to state the full name, present or last known address and telephone number, the legal form of such entity or organization, together with the name, address, telephone number and job title of the employee, agent, servant or representative of such entity who has knowledge of the particular facts or possession, custody or control of the particular documents of which discovery is sought;

(c) When used with respect to documents, tangible objects, or other items of real or demonstrative evidence, means to list the items of which discovery is sought, describe them in specific detail (give an exhibit number for each if one has been assigned, the title (if any), the date, author, sender, recipient, the identity of person signing it, type of document (i.e., a letter, memorandum, notation, book, telegram, chart, etc.) or some other means of identifying it,) and state the name, address and telephone number of the person who

3

Exhibit A

presently has possession, custody or control over each item of real or documentary evidence listed; and

(d) When used with respect to facts, circumstances, or information, means to give a concise summary of the nature and substance of the facts, circumstances, or information of which discovery is sought.

(5) "Communication" means the transmittal of information from one or more persons to another person or persons, whether the medium for transmittal be oral, written, or electronic.

(6) "Date" shall mean the exact day, month, and year, if ascertainable, or if not, the best available approximation (including relationship to other events).

Whenever the context so requires, the plural shall include the singular, the singular the plural, the masculine the feminine and neuter, and the neuter the masculine and feminine.

## **INTERROGATORIES**

1.

Please identify the full and correct legal names of the owner(s), manager(s), and operator(s) of Wal-Mart Supercenter No. 5709, which is located at 4949 Bill Gardner Parkway, Locust Grove, Henry County, Georgia 30248 (the "Premises") and any business located on the Premises on November 30, 2020 (the "date of incident"). **If these are different persons or entities, please identify which party owned and which party managed or operated the identified property and business(es).**

2.

Please identify the person(s) responding to these Interrogatories and all individuals providing assistance to you in responding to Plaintiff's First Interrogatories.

4

Exhibit A

3.

If you contend that Plaintiff has brought action against the wrong entity, please state the complete name of the correct defendant(s) in this action and further state whether you will accept service of an amended Summons and Complaint reflecting the information furnished by you in response to this Interrogatory.

4.

With particularity sufficient to satisfy O.C.G.A. § 9-11-26(b)(2), please identify all policy or policies of liability insurance, including excess coverage, which would or might inure to the benefit of Plaintiff by providing for payment of a part of, or all of any judgment rendered in favor of Plaintiffs against Defendants or against any other person, firm, or corporation which is or may be liable to Plaintiff by reason of the incident described in the Complaint.

5.

Please identify all persons (including employees and other witnesses) who to you or your representatives' knowledge, information, or belief:

(a)     Were eyewitnesses to the incident that gives rise to this lawsuit;

(b)     Have relevant knowledge concerning the incident that gives rise to this lawsuit, any issue of liability or the damages in connection with this lawsuit, which were not identified in sub-part (a);

(c)     Arrived at the scene of the occurrence complained of in this action immediately or shortly after its occurrence;

(d)     Assisted Plaintiff on the Premises after the incident; and

(e)     At any time, repaired, inspected, or otherwise provided maintenance to the Premises.

5

Exhibit A

6.

Please identify all persons who have given written or recorded statements concerning the facts and/or circumstances of the incident which is the subject matter of this litigation, and identify each person or entity taking each statement, and the date each statement was taken.

7.

Please identify any photographs, diagrams, or other pictorial representations, including security camera footage, concerning the events and happenings alleged in Plaintiff's Complaint.

8.

Please identify each person (whether your employee or a claims adjuster, etc.) who has made an investigation or study of the subject incident described in Plaintiff's Complaint.

9.

With particularity sufficient to satisfy O.C.G.A. § 9-11-26(b)(4), please identify all persons (whether your employees or not) whom you expect to call or may call as an expert witness upon the trial of this matter.

10.

Please identify each person, employed by any Defendant, who was present and/or working at any time on the Premises on the date of the incident or within the twenty-four (24) hours prior to the incident. Specify which Defendant(s) employed each person identified and note which individuals are no longer employed by said Defendant(s). For each individual no longer employed by said Defendant(s), please provide last-known contact information.

11.

To your information or belief, has there been any surveillance, photographs, or videos of *any* party?  If so, please identify what party was photographed or videoed and identify all persons

6

Exhibit A

who now have or have had custody and/or control of any records, tapes, films, or other recording

of such surveillance.

12.

Please state each and every fact upon which you rely for each affirmative defense in your

Answer to Plaintiff's Complaint.

13.

Please state whether, prior to the incident which is the subject of Plaintiff's Complaint, any

procedure, policy, or program existed for the regular inspection of the Premises by Defendants or

someone acting on their behalf, which was designed to identify and/or discover potential hazards

to the users of the Premises thereof.  If so:

(a) Provide a general description of each such procedure, policy, or program, including the identity of each person charged with the responsibility for implementing and conducting each such procedure, policy, or program;

(b) State the regularity with which each such procedure, policy, or program was to be implemented or conducted, if applicable;

(c) State whether the procedure, policy, or program had been carried out prior to the date of the incident;

(d) If the procedure, policy, or program had been carried out prior to the date of the incident, state the date on which this occurred;

(e) State whether the procedure, policy, or program was carried out on the date of incident; and

(f)  Identify all documents relating to each such procedure, policy, or program and their findings.

7

Exhibit A

14.

Please identify any and all procedures, policies, or programs existing on the date of incident for: (1) regular inspection of the Premises and (2) warnings about hazards discovered on the Premises and its approaches by Defendants or someone acting on their behalf including the following:

(a) A general description of each procedure, policy, or program, including all timing requirements for performing the inspection(s);

(b) The regularity with which each procedure, policy, or program was to be implemented or conducted;

(c) The identity of each person charged with implementing and conducting each procedure, policy, or program;

(d) The identity of all documents relating to each procedure, policy, or program;

(e) Any potential findings and the required response to any findings;

(f) Whether each procedure, policy, or program was carried out on the date of incident and when the last time they were carried out prior to the incident at issue in this case; and

(g) Whether each procedure, policy, or program was carried out on the date of incident on the Premises and its approaches in response to the incident at issue in this case.

15.

Do you contend that the injuries complained of in this case were caused by the negligence of any party other than Defendants or Defendants' agents and servants? If your answer is yes, please identify:

(a) The party whom you contend was guilty of such negligence;

8

Exhibit A

(b)   Every act of negligence which you claim was committed by such party or his agents and servants and which you contend proximately caused or contributed to the injuries complained of in this case;

(c)   Each and every fact and reason upon which you base your contentions; and

(d)   Every person who has any knowledge or information concerning each such fact.

16.

Please state your understanding of the cause or source of the substance that Plaintiff slipped and fell in, which was located in one of the aisles of the garden center of Wal-Mart Supercenter No. 5709. Further, please provide details of any and all prior incidents and injuries arising from slip and falls in the garden center of Wal-Mart Supercenter No. 5709 prior to the date of incident. This includes any incidents or claims made by your own employees whether or not such claims gave rise to a claim for workers' compensation.

17.

Please identify any and all incident reports and/or documentary writings made by you which concern the incident at issue in this case. With your response, describe when incident reports should be created and the process and procedure for creating incident reports in response to events involving injuries occurring on the Premises and its approaches.

18.

Please identify any and all safety manuals, employee handbooks, and written procedures in effect on and prior to the date of incident.

19.

Please state whether, in compiling your answers to these Interrogatories, you have made a reasonable and diligent effort to identify and provide not only such facts as are within your personal

9

Exhibit A

knowledge, but such facts as are also reasonably available to you and/or any person acting on your behalf.

**_Plaintiff's First Interrogatories to Defendant Wal-Mart Stores East, LP (Delaware) are served upon you together with Plaintiff's Complaint._**

This 22<u>nd</u> day of November, 2022.

                         **MORGAN & MORGAN ATLANTA, PLLC**

                         */s/ Benjamin J. Welch*

                         BENJAMIN J. WELCH
                         BWelch@ForThePeople.com
                         Georgia State Bar No.: 459886
                         Post Office Box 57007
                         Atlanta, GA 30343-1007
                         404-965-8811 (Telephone)
                         404-965-8812 (Fax)
                         *Attorney for Plaintiff*

10

Exhibit A

**EFILED IN OFFICE**
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

**STSV2022002019**
SNK

**NOV 22, 2022 04:55 PM**

*Lynne M. Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

**IN THE STATE COURT OF HENRY COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| TONI MILLERDEN, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE |
| | ) | NO.: |
| vs. | ) | |
| | ) | |
| WAL-MART STORES EAST, LP | ) | |
| (DELAWARE); STEVE BRISCUSO; | ) | |
| ABC CORPS. 1-2; and JOHN DOES 1-3, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT WAL-MART STORES EAST, LP (DELAWARE)

Plaintiff, pursuant to O.C.G.A. § 9-11-34, serves upon Defendants Plaintiff's First Request for Production of Documents to Defendant Wal-Mart Stores East, LP (Delaware) to be answered under oath, within forty-five (45) days from service hereof, and in the form provided by law.

Written responses to Plaintiff's Request for Production of Documents are to be served within forty-five (45) days from the date of service hereof. The documents requested to be produced for inspection and copying are to be produced at the offices of Morgan and Morgan Atlanta, PLLC., 191 Peachtree St. NE, #4200, Atlanta, GA 30303 on the forty-fifth (45th) day from the date of service hereof unless the forty-fifth (45th) day falls on a holiday or weekend, in which event the production will take place on the Monday following the 45th day; or at such other time, date, and location agreed to by counsel for Defendant and the undersigned counsel. In lieu of this, you may attach copies thereof to your written responses to said request for production.

You are also required, pursuant to the Civil Practice Act, to produce at trial the materials and documents requested herein.

1

Exhibit A

The following definitions and instructions are applicable to each interrogatory unless negated by the context:

## DEFINITIONS

When used in these Requests, the term "Defendant," or any synonym thereof, is intended to and shall embrace servants, representatives, private investigators, and others who are in a position of or may have obtained information for or on behalf of Defendant.

As used in these Requests, the following words and phrases have the meanings set forth below.

(1) "You" and "your" means and refers to the Defendant to whom these requests are directed, and includes your agents, employees, insurance company and their agents and employees, your attorneys, investigators, and anyone else acting on your or their behalf.

(2) "Document" means and includes any written, recorded, or graphic matter in whatever form, including copies, drafts, and reproductions thereof to which you have or have had access, including, but not limited to, correspondence, writings, records, memoranda, drawings, photographs, tapes, stenographic or handwritten notes, studies, publications, books, ledgers, contracts, agreements, financial records, checks, drafts, receipts, bills, invoices, pamphlets, pictures, films, motion pictures, videotapes, videodisks, audiotapes, voice recordings or other sound recordings, maps, graphs, charts, reports, surveys, minutes of statistical compilations, forms prescribed by government agencies, computer tapes, computer disks, computer printouts, photocopies, microfilm, microfiche, and any other data, sound, or image compilation or recording from which information regarding the described transactions can be obtained, translated if necessary by respondent through appropriate and necessary devices into reasonably useable and intelligible form; every copy of such writing or record where the original is not in your possession,

2

Exhibit A

custody or control, and every copy of such writing or record where such copy is not an identical copy of an original or where such copy contains any commentary or notation whatsoever that does not appear on the original.

(3) "Person" shall mean any individual, natural person, proprietorship, partnership, corporation, cooperative, association, firm, group, government, business entity, any other organization or entity, and any group of persons associated in fact although not a legal entity.

(4) "Identify" means the following:

(a) When used with respect to individuals, means to state the full name, present or last known residence address (designating which), telephone number, present or last known employment address (designating which), job title and present whereabouts of such person;

(b) When used with respect to persons other than individuals, as the term "persons" is identified in (3) above, means to state the full name, present or last known address and telephone number, the legal form of such entity or organization, together with the name, address, telephone number and job title of the employee, agent, servant or representative of such entity who has knowledge of the particular facts or possession, custody or control of the particular documents of which discovery is sought;

(c) When used with respect to documents, tangible objects, or other items of real or demonstrative evidence, means to list the items of which discovery is sought, describe them in specific detail (give an exhibit number for each if one has been assigned, the title (if any), the date, author, sender, recipient, the identity of person signing it, type of document (i.e., a letter, memorandum, notation, book, telegram, chart, etc.) or some other means of identifying it,) and state the name, address and telephone number of the person who

3

Exhibit A

presently has possession, custody or control over each item of real or documentary evidence listed; and

(d) When used with respect to facts, circumstances or information, means to give a concise summary of the nature and substance of the facts, circumstances or information of which discovery is sought.

(5) "Communication" means the transmittal of information from one or more persons to another person or persons, whether the medium for transmittal be oral, written or electronic.

(6) "Date" shall mean the exact day, month and year, if ascertainable, or if not, the best available approximation (including relationship to other events).

Whenever the context so requires, the plural shall include the singular, the singular the plural, the masculine the feminine and neuter, and the neuter the masculine and feminine.

## DOCUMENTS TO BE PRODUCED

1.

Please produce each and every document, tangible object, or other item of real, demonstrative or documentary evidence which provides any and all factual support for each defense asserted in your Answer to Plaintiff's Complaint.

2.

Please produce any and all photographs, videos, drawings, maps, or sketches of the scene of the incident described in Plaintiff's Complaint.

3.

Please produce any surveillance photographs, movies or videotapes made of Plaintiff at or

4

Exhibit A

on the real property located at 4949 Bill Gardner Parkway, Locust Grove, Henry County, Georgia 30248 (the "Premises") on November 30, 2020 (the "date of incident").

4.

Please produce every insurance agreement under which an insurance business may be liable to you to satisfy part or all of any judgment which may be entered in this action or to indemnify or reimburse you for any payments made to satisfy such judgment.

5.

Please produce all documents relating to any controversy as to whether or not coverage is afforded to you under any insurance agreements, including but not limited to any non-waiver agreements and letters of reservation of rights.

6.

Please produce each and every document comprising a report made by any person, firm, association, or other entity (including insurance adjusters and management) that has conducted any investigation to determine any of the facts pertaining to any of the issues in this action.

7.

Please produce each and every document comprising a report made by any person you expect to call as an expert witness at the trial of this case.

8.

Please produce every document provided to you by any expert you expect to call as an expert witness at the trial of this case that relate to any facts about the subject matter of this action.

9.

Please produce every document provided by you to any expert you expect to call as an expert witness at the trial of this case that relate to any facts about the subject matter of this action.

5

Exhibit A

10.

Please produce each and every document relating to any written or recorded statement inquired about in Interrogatory No. 6 of Plaintiff's First Interrogatories.

11.

Please produce all statements in your possession, made or provided by Plaintiff, which concern the subject matter of this action.

12.

Please produce all documents that discuss, review, explain, outline, and/or define your procedure(s) for reporting, taking, and/or filing incident reports, <u>effective on the date of this incident</u>.

13.

Please produce all documents that discuss, review, explain, outline, and/or define your procedure(s) for reporting, taking, and/or filing incident reports, effective <u>after</u> the date of incident.

14.

Please produce the safety policies, manuals, standards, guidelines, handbooks, memos, and procedures, <u>effective on the date of incident</u>, including but not limited to: any references to procedures for inspecting, maintaining, and/or repairing the Premises and its approaches; and any references to procedures for identifying and removing hazards and/or hazardous conditions on the Premises and its approaches.

15.

Please produce the safety policies, manuals, standards, guidelines, handbooks, memos, and procedures effective <u>after</u> the date of incident.

6

Exhibit A

16.

Please produce copies of all of your employee personnel files, timesheets, and reports for all employees present on the Premises on the date of incident.

17.

Please produce a copy of all witness and employee statements gathered in conjunction with any incident report you prepared regarding the incident at issue in this case.

18.

A copy of all documents you receive in response to a subpoena, document production request, or request to produce which were provided by any party other than Plaintiff in this matter.

19.

Produce copies of every single written correspondence you received from Plaintiff or Plaintiff's representatives, including Plaintiff's attorney, since the date of incident.

20.

Please provide a complete copy of the employee file for Steve Briscuso.

*Plaintiff's First Request for Production of Documents to Defendant Wal-Mart Stores East, LP (Delaware) is served upon you together with Plaintiff's Complaint.*

(*Signature on Following Page*)

7

Exhibit A

This 22ⁿᵈ day of November, 2022.

**MORGAN & MORGAN ATLANTA, PLLC**

*/s/ Benjamin J. Welch*

_____

BENJAMIN J. WELCH
BWelch@ForThePeople.com
Georgia State Bar No.: 459886
Post Office Box 57007
Atlanta, GA 30343-1007
404-965-8811 (Telephone)
404-965-8812 (Fax)
*Attorney for Plaintiff*

8

Exhibit A

# STATE COURT OF HENRY COUNTY
# STATE OF GEORGIA

⊕ **EFILED IN OFFICE**
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

**STSV2022002019**
**SNK**
**NOV 22, 2022 04:55 PM**

*Lynne M. Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

CIVIL ACTION NUMBER  STSV2022002019

Millerden, Toni

_____

**PLAINTIFF**

                                          **VS.**

Wal-Mart Stores East, LP (Delaware), DBA
Wal-Mart
Briscuso, Steve

_____

**DEFENDANTS**

**SUMMONS**

TO: WAL-MART STORES EAST, LP (DELAWARE)

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Benjamin Welch**
> **Morgan & Morgan, P.A.**
> **P.O. Box 57007**
> **Atlanta, Georgia 30343-1007**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 22nd day of November, 2022.**

                    Clerk of State Court


*Lynne M. Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

Exhibit A

# STATE COURT OF HENRY COUNTY
# STATE OF GEORGIA

🌐 **EFILED IN OFFICE**
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

**STSV2022002019**
**SNK**
**NOV 22, 2022 04:55 PM**

*Lynne M. Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

CIVIL ACTION NUMBER  STSV2022002019

Millerden, Toni

_____

**PLAINTIFF**

**VS.**

Wal-Mart Stores East, LP (Delaware), DBA
Wal-Mart
Briscuso, Steve

_____

**DEFENDANTS**

## SUMMONS

TO: BRISCUSO, STEVE

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Benjamin Welch**
> **Morgan & Morgan, P.A.**
> **P.O. Box 57007**
> **Atlanta, Georgia 30343-1007**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 22nd day of November, 2022.**

Clerk of State Court

*Lynne M. Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

Exhibit A

⚡ EFILED IN OFFICE
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

**STSV2022002019**
SNK
**NOV 28, 2022 01:48 PM**

*Lynne M. Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

**IN THE STATE COURT OF HENRY COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| TONI MILLERDEN, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE |
| | ) | NO.: STSV2022002019 |
| vs. | ) | |
| | ) | |
| WAL-MART STORES EAST, LP | ) | |
| (DELAWARE); STEVE BRISCUSO; | ) | |
| ABC CORPS. 1-2; and JOHN DOES 1-3; | ) | |
| | ) | |
| Defendants. | ) | |

## RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY MATERIALS

Plaintiff hereby certifies that a true and correct copy of the following was delivered for service with the Summons and Complaint:

1. Plaintiff's First Request for Admissions to Defendant STEVE BRISCUSO.

This <u>28th</u> day of November, 2022.

**MORGAN & MORGAN ATLANTA, PLLC**

*/s/ Benjamin J. Welch*

_____

BENJAMIN J. WELCH
BWelch@ForThePeople.com
Georgia State Bar No.: 459886
Post Office Box 57007
Atlanta, GA 30343-1007
404-965-8811 (Telephone)
404-965-8812 (Fax)
*Attorney for Plaintiff*

1

Exhibit A

⊕ **EFILED IN OFFICE**
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

**STSV2022002019**
**SNK**
**NOV 28, 2022 01:48 PM**

*Lynne M. Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

**IN THE STATE COURT OF HENRY COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| TONI MILLERDEN, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE |
| | ) | NO.: STSV2022002019 |
| vs. | ) | |
| | ) | |
| WAL-MART STORES EAST, LP | ) | |
| (DELAWARE); STEVE BRISCUSO; | ) | |
| ABC CORPS. 1-2; and JOHN DOES 1-3; | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS**
**TO DEFENDANT STEVE BRISCUSO**

Plaintiff hereby requests that Defendant Steve Briscuso admit for the purpose of this action the truth of the following facts within forty-five (45) days after the date of service hereof and in conformity with O.C.G.A. § 9-11-36. If any request cannot be truthfully admitted or denied, please state in detail the reasons why you cannot truthfully admit or deny the matter. If you cannot admit or deny the request in its entirety, please specify that part which you cannot admit or deny and state in detail the reasons for any such qualifications. If you assert any claim of privilege in response to any or all of these requests, set forth, with respect to each such request(s) as to which a claim of privilege is asserted, the nature of the privileged claimed (e.g. attorney-client, work-product, etc.) and the basis for your claim.

**REQUESTS FOR ADMISSION**

1.

Please admit that this Court has personal jurisdiction over you for this lawsuit.

2.

Please admit that venue for this action is proper as alleged in the Complaint.

1

Exhibit A

3.

Please admit that you were properly served with this Complaint.

4.

Please admit that service of process on you was proper.

5.

Please admit that you are a proper party to this lawsuit.

6.

Please admit that you have been properly named in this lawsuit.

7.

Please admit that all necessary parties are named in the Complaint for this action.

8.

Please admit Plaintiff did not contribute to or cause the injuries she suffered on the date of the incident.

9.

Please admit Plaintiff exercised ordinary care and diligence while on or about the Premises.

10.

Please admit you owed Plaintiff a duty to reasonably inspect the Premises and discover potentially hazardous conditions.

11.

Please admit that you failed to inspect the Premises on the date of incident.

12.

Please admit that you breached your duty of care owed to the Plaintiff.

2

Exhibit A

13.

Please admit that, on the date of incident, your employer had a written policy for inspecting the Premises.

14.

Please admit that, on the date of incident, your employer's policies and procedures for inspecting the Premises were inadequate.

15.

Please admit that Plaintiff was injured as a direct and proximate result of your negligence.

16.

Please admit that as a direct and proximate result of your acts and omissions, Plaintiff incurred medical expenses and other damages.

17.

Please admit that Plaintiff is entitled to recover damages from you for injuries suffered as a result of your negligence.

18.

Please admit that, on the date of incident, your employer's policies and procedures required you and your co-workers to address known hazardous conditions as soon as possible.

19.

Please admit that, on the date of incident, your employer had a written policy(ies) or guideline(s) for the placement of warning signs about hazardous conditions on the Premises.

20.

Please admit that you were employed by Defendant Wal-Mart Stores East, LP (Delaware), on the date of incident.

3

Exhibit A

21.

Please admit that you were acting as a manager on duty on the date of incident.

22.

Please admit that it was your responsibility to ensure that your employer's policies and procedures were being carried out.

23.

Please admit that you were acting within the course and scope of your employment when Plaintiff was injured.

24.

Please admit that you and/or your co-workers had notice of the substance on the floor of the garden center prior to Plaintiff's slip and fall.

25.

Please admit that you and/or your co-workers should have had notice of the substance on the floor of the garden center prior to Plaintiff's slip and fall.


***Plaintiff's First Request for Admissions to Defendant Steve Briscuso is served upon you together with Plaintiff's Complaint.***


This <u>28th</u> day of November, 2022.

**MORGAN & MORGAN ATLANTA, PLLC**

*/s/ Benjamin J. Welch*

_____

BENJAMIN J. WELCH
BWelch@ForThePeople.com
Georgia State Bar No.: 459886
Post Office Box 57007

4

Exhibit A

Atlanta, GA 30343-1007
404-965-8811 (Telephone)
404-965-8812 (Fax)
*Attorney for Plaintiff*

5

Exhibit A

**EFILED IN OFFICE**
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

**STSV2022002019**
SNK
NOV 30, 2022 01:22 PM

*Lynne Court Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

## AFFIDAVIT OF SERVICE

**State of Georgia**                           **County of HENRY**

Case Number: STSV2022002019

Plaintiff:
**TONI MILLERDEN,**

vs.

Defendant:
**WAL-MART STORES EAST, LP (DELAWARE); STEVE BRISCUSO; ABC CORPS. 1-2; and JOHN DOES 1-3,**

For:
BENJAMIN WELCH
MORGAN & MORGAN

Received by Discrete Professional Services L. L. C. on the 28th day of November, 2022 at 2:10 pm to be served on **WAL-MART STORES EAST, LP (DELAWARE) c/o REGISTERED AGENT: THE CORPORATION COMPANY (FL), 106 COLONY PARK DRIVE, STE. 800-B, CUMMING, GA 30040.**

I, MUHSIN S. HASSAN, being duly sworn, depose and say that on the **29th day of November, 2022 at 10:56 am, I:**

served a REGISTERED AGENT by delivering a true copy of the **SUMMONS and COMPLAINT FOR DAMAGES and PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT WAL-MART STORES EAST, LP (DELAWARE) and PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT WAL-MART STORES EAST, LP (DELAWARE) and PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT WAL-MART STORES EAST, LP (DELAWARE) and RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY MATERIALS and GENERAL CIVIL and DOMESTIC RELATIONS CASE FILING INFORMATION FORM** to: **DAYVON JACKSON** for **The REGISTERED AGENT**, at the address of: **106 COLONY PARK DRIVE, STE 800-B, CUMMING, GA 30040** on behalf of **WAL-MART STORES EAST, LP (DELAWARE)**, and informed said person of the contents therein, in compliance with state statutes.

I am over the age of 18, of sound mind and neither a party to nor interested in the above suit. I have personal knowledge of the facts stated above. I have never been convicted of a felony or misdemeanor involving moral turpitude in any state or federal jurisdiction.

*Muhsin S. Hassan*

**MUHSIN S. HASSAN**

Subscribed and Sworn to before me on this
_29_ day of _November_ , 20_22_ , by the affiant who is personally known to me or has show acceptable identification.

*Ernestine Bell*
NOTARY PUBLIC

**Discrete Professional Services L. L. C.**
P.O. Box 451081
Atlanta, GA 31145
(470) 454-3107

Our Job Serial Number: DIS-2022000979
Ref: MILLERDEN v. WAL-MART, et.al.

ERNESTINE BELL
NOTARY
EXPIRES
GEORGIA
01/03/2026
PUBLIC
DEKALB COUNTY

Copyright © 1992-2022 DreamBuilt Software, Inc. - Process Server's Toolbox V8.2m

Exhibit A

**EFILED IN OFFICE**
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

**STSV2022002019**
**SNK**
**DEC 01, 2022 08:27 AM**

*Lynne M. Policaro*
State Court
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

## AFFIDAVIT OF SERVICE

State of Georgia                    County of HENRY

Case Number: STSV2022002019

Plaintiff:
**TONI MILLERDEN,**

vs.

Defendant:
**WAL-MART STORES EAST, LP (DELAWARE); STEVE BRISCUSO; ABC CORPS. 1-2; and JOHN DOES 1-3,**

For:
BENJAMIN WELCH
MORGAN & MORGAN

Received by Discrete Professional Services L. L. C. on the 28th day of November, 2022 at 2:10 pm to be served on **STEVE BRISCUSO, 104 AMANDAS WAY, MCDONOUGH, GA 30252.**

I, **MUHSIN S. HASSAN**, being duly sworn, depose and say that on the **30th day of November, 2022 at 5:50 pm, I:**

**INDIVIDUALLY/PERSONALLY** served by delivering a true copy of the **SUMMONS and COMPLAINT FOR DAMAGES and PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT STEVE BRISCUSO and RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY MATERIALS and GENERAL CIVIL and DOMESTIC RELATIONS CASE FILING INFORMATION FORM** to: STEVE BRISCUSO at the address of: **104 AMANDAS WAY, MCDONOUGH, GA 30252,** and informed said person of the contents therein, in compliance with state statutes.

The recipient description below is approximate to the best of the Process Server's knowledge and abilities.

I am over the age of 18, of sound mind and neither a party to nor interested in the above suit. I have personal knowledge of the facts stated above. I have never been convicted of a felony or misdemeanor involving moral turpitude in any state or federal jurisdiction.

*Muhsin S. Hassan*

**MUHSIN S. HASSAN**

Subscribed and Sworn to before me on this
____30____ day of _November_ , 20_22_ , by the
affiant who is personally known to me or has show
acceptable identification.

*Ernestine Bell*

NOTARY PUBLIC

**Discrete Professional Services L. L. C.**
P.O. Box 451081
Atlanta, GA 31145
**(470) 454-3107**

Our Job Serial Number: DIS-2022000978
Ref: MILLERDEN v. WAL-MART, et.al.

*(Notary seal: ERNESTINE BELL, NOTARY PUBLIC, EXPIRES GEORGIA 01/03/2026, DEKALB COUNTY)*

Copyright © 1992-2022 DreamBuilt Software, Inc. - Process Server's Toolbox V8.2m

Exhibit A

**EFILED IN OFFICE**
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

**STSV2022002019**
SNK
**DEC 29, 2022 11:02 AM**

*Lynne M. Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

IN THE STATE COURT OF HENRY COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| TONI MILLERDEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action File |
| vs. | ) | No. STSV2022002019 |
| | ) | |
| WALMART STORES EAST, LP | ) | |
| (DELAWARE); STEVE BRISCUSO; | ) | |
| ABC CORPS. 1-2; AND JOHN DOES 1-3, | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER AND JURY DEMAND OF DEFENDANT WAL-MART STORES EAST, LP

Defendant Wal-Mart Stores East, LP, by and through counsel, answers plaintiff's

Complaint as follows:

### FIRST DEFENSE

Plaintiff's failure to specifically state items of special damages as required by Georgia

law bars their recovery.

### SECOND DEFENSE

Plaintiff has failed to state a claim for active negligence based on the facts alleged in her

Complaint.

### THIRD DEFENSE

Plaintiff has failed to state a claim for nuisance upon which relief can be granted.

### FOURTH DEFENSE

Plaintiff's claims are barred by her own contributory negligence.

### FIFTH DEFENSE

Plaintiff's claims are barred by her voluntary assumption of risk.

Exhibit A

<u>SIXTH DEFENSE</u>

Responding to the specific allegations of the numbered paragraphs of plaintiff's Complaint, defendant Wal-Mart Stores East, LP answers:

1.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1.

2.

Defendant admits the allegations of paragraph 2.

3.

Defendant admits that Steve Briscuso is a Georgia resident residing at 104 Amandas Way in McDonough, Georgia 30252 and that service of process can by perfected upon Mr. Briscuso at his residential address or as otherwise provided by law. Defendant denies the remaining allegations of paragraph 3 as pled.

4.

Defendant admits the allegations of paragraph 4.

5.

Defendant denies the allegations of paragraph 5.

6.

Defendant denies the allegations of paragraph 6.

7.

Defendant admits the allegations of paragraph 7 as to itself and Steve Briscuso. Defendant denies the remaining allegations of paragraph 7.

Exhibit A

8.

Defendant admits that it managed, operated, or otherwise provided services for Wal-Mart Supercenter No. 5709, which is located at 4949 Bill Gardner Parkway, Locust Grove, Henry County, Georgia 30248. Defendant denies the remaining allegations of paragraph 8.

9.

Defendant denies the allegations of paragraph 9.

10.

Defendant denies the allegations of paragraph 10.

11.

Defendant denies the allegations of paragraph 11.

12.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12.

13.

Defendant denies the allegations of paragraph 13.

14.

Defendant denies the allegations of paragraph 14.

15.

Defendant incorporates and re-alleges its responses to paragraphs 1-14 inclusive.

16.

Defendant admits that it controlled the mode, manner, and means by which it operated Wal-Mart Supercenter No. 5709. It denies the remaining allegations of paragraph 16 as pled.

Exhibit A

17.

Defendant admits that it had a duty to inspect the premises as more fully outlined in O.C.G.A. § 51-3-1 and applicable case law. It denies the remaining allegations of paragraph 17 as pled.

18.

Defendant admits that it had a duty to inspect the premises as more fully outlined in O.C.G.A. § 51-3-1 and applicable case law. It denies the remaining allegations of paragraph 18 as pled.

19.

Defendant admits that it had a duty to inspect the premises as more fully outlined in O.C.G.A. § 51-3-1 and applicable case law. It denies the remaining allegations of paragraph 19 as pled.

20.

Defendant denies the allegations of paragraph 20.

21.

Defendant denies the allegations of paragraph 21.

22.

Defendant denies the allegations of paragraph 22.

23.

Defendant denies the allegations of paragraph 23.

24.

Defendant denies the allegations of paragraph 24.

Exhibit A

25.

Defendant incorporates and re-alleges its responses to paragraphs 1-24 inclusive.

26.

Defendant admits that it occupied or was otherwise in possession or control of the premises. It denies the remaining allegations of paragraph 26.

27.

Defendant admits that it owed a duty of ordinary care to invitees to maintain the premises and its approaches in a reasonably safe condition. Defendant denies the remaining allegations of paragraph 27.

28.

Defendant admits that it owes a general duty to its invitees reasonably inspect its premises to discover possible conditions and take reasonable precautions to protect invitees from dangers foreseeable from the arrangement or use of its premises. Defendant denies the allegations of paragraph 28.

29.

Defendant admits that it owes various duties to invitees as more fully outlined in O.C.G.A. § 51-3-1 and its applicable case law. It denies the remaining allegations of paragraph 29 to the extent that the enumerated duties are inconsistent with same.

30.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30.

31.

Defendant is without knowledge or information sufficient to form a belief as to the truth

Exhibit A

of the allegations of paragraph 31.

32.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32.

33.

Defendant denies the allegations of paragraph 33.

34.

Defendant denies the allegations of paragraph 34.

35.

Defendant denies the allegations of paragraph 35.

36.

Defendant denies the allegations of paragraph 36.

37.

Defendant denies the allegations of paragraph 37.

38.

Defendant denies the allegations of paragraph 38.

39.

Defendant incorporates and re-alleges its responses to paragraphs 1-38 inclusive.

40.

Defendant admits that it occupied and was otherwise in possession and control of the premises. Defendant denies the remaining allegations of paragraph 40.

41.

Defendant denies the allegations of paragraph 41.

Exhibit A

42.

Defendant denies the allegations of paragraph 42.

43.

Defendant denies the allegations of paragraph 43.

44.

Defendant denies the allegations of paragraph 44.

45.

Any allegation, language or paragraph of plaintiff's Complaint not heretofore responded to is specifically denied by defendant Wal-Mart Stores East, LP.

WHEREFORE having answered, defendant Wal-Mart Stores East, LP prays that it be discharged, with its costs, that it receives a trial by a jury of twelve (12) persons, and that it receive all further relief available under the law.

This 29th day of December, 2022.

WALDON ADELMAN CASTILLA
HIESTAND & PROUT


/s/ Casey J. Brown
Jonathan M. Adelman
Georgia Bar No. 005128
Casey J. Brown
Georgia Bar No. 757384
Attorneys for Wal-Mart Stores East, LP

900 Circle 75 Parkway
Suite 1040
Atlanta, Georgia 30339
(770) 953-1710
jadelman@wachp.com
cbrown@wachp.com

Exhibit A

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed this PLEADING with the Clerk of the Court using an O.C.G.A. § 15-6-11 electronic filing service provider which will automatically send e-mail notification of such filing to the following attorney(s) of record:

Benjamin J. Welch
Morgan & Morgan, PLLC
P.O. Box 57007
Atlanta, GA  30343-1007
bwelch@forthepeople.com

This 29th day of December, 2022.

WALDON ADELMAN CASTILLA
HIESTAND & PROUT

/s/ Casey J. Brown_____
Jonathan M. Adelman
Georgia Bar No. 005128
Casey J. Brown
Georgia Bar No. 757384
Attorneys for Wal-Mart Stores East, LP

900 Circle 75 Parkway
Suite 1040
Atlanta, Georgia 30339
(770) 953-1710
jadelman@wachp.com
cbrown@wachp.com

Exhibit A

⚖ EFILED IN OFFICE
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

**STSV2022002019**
SNK
**DEC 29, 2022 11:02 AM**

*Lynne M. Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

IN THE STATE COURT OF HENRY COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| TONI MILLERDEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action File |
| vs. | ) | No. STSV2022002019 |
| | ) | |
| WALMART STORES EAST, LP | ) | |
| (DELAWARE); STEVE BRISCUSO; | ) | |
| ABC CORPS. 1-2; AND JOHN DOES 1-3, | ) | |
| | ) | |
| Defendants. | ) | |

### ANSWER AND JURY DEMAND OF DEFENDANT STEVE BRISCUSO

Defendant Steve Briscuso, by and through counsel, answers plaintiff's Complaint as follows:

### FIRST DEFENSE

Defendant fails to state a claim against defendant upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's failure to specifically state items of special damages as required by Georgia law bars their recovery.

### THIRD DEFENSE

Plaintiff has failed to state a claim for active negligence based on the facts alleged in her Complaint.

### FOURTH DEFENSE

Plaintiff has failed to state a claim for nuisance upon which relief can be granted.

### FIFTH DEFENSE

Plaintiff's claims are barred by her own contributory negligence.

Exhibit A

SIXTH DEFENSE

Plaintiff's claims are barred by her voluntary assumption of risk.

SEVENTH DEFENSE

Responding to the specific allegations of the numbered paragraphs of plaintiff's

Complaint, defendant Steve Briscuso answers:

1.

Defendant is without knowledge or information sufficient to form a belief as to the truth

of the allegations of paragraph 1.

2.

Defendant admits the allegations of paragraph 2.

3.

Defendant admits that he is a Georgia resident residing at 104 Amandas Way in

McDonough, Georgia 30252 and that service of process can by perfected upon him at his

residential address or as otherwise provided by law. Defendant denies the remaining allegations

of paragraph 3 as pled.

4.

Defendant admits the allegations of paragraph 4.

5.

Defendant denies the allegations of paragraph 5.

6.

Defendant denies the allegations of paragraph 6.

7.

Defendant admits the allegations of paragraph 7 as to himself and Wal-Mart Stores East,

Exhibit A

LP. Defendant denies the remaining allegations of paragraph 7.

8.

Defendant admits that Wal-Mart Stores East, LP managed, operated, or otherwise provided services for Wal-Mart Supercenter No. 5709, which is located at 4949 Bill Gardner Parkway, Locust Grove, Henry County, Georgia 30248. Defendant denies the remaining allegations of paragraph 8.

9.

Defendant denies the allegations of paragraph 9.

10.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10.

11.

Defendant denies the allegations of paragraph 11.

12.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12.

13.

Defendant denies the allegations of paragraph 13.

14.

Defendant denies the allegations of paragraph 14.

15.

Defendant incorporates and re-alleges his responses to paragraphs 1-14 inclusive.

Exhibit A

16.

Defendant denies the allegations of paragraph 16.

17.

Defendant denies the allegations of paragraph 17.

18.

Defendant denies the allegations of paragraph 18.

19.

Defendant denies the allegations of paragraph 19.

20.

Defendant denies the allegations of paragraph 20.

21.

Defendant denies the allegations of paragraph 21.

22.

Defendant denies the allegations of paragraph 22.

23.

Defendant denies the allegations of paragraph 23.

24.

Defendant denies the allegations of paragraph 24.

25.

Defendant incorporates and re-alleges his responses to paragraphs 1-24 inclusive.

26.

Defendant denies the allegations of paragraph 26.

Exhibit A

27.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27.

28.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28.

29.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29.

30.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30.

31.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31.

32.

Defendant denies the allegations of paragraph 32.

33.

Defendant denies the allegations of paragraph 33.

34.

Defendant denies the allegations of paragraph 34.

35.

Defendant denies the allegations of paragraph 35.

Exhibit A

36.

Defendant denies the allegations of paragraph 36.

37.

Defendant denies the allegations of paragraph 37.

38.

Defendant denies the allegations of paragraph 38.

39.

Defendant incorporates and re-alleges his responses to paragraphs 1-38 inclusive.

40.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40.

41.

Defendant denies the allegations of paragraph 41.

42.

Defendant denies the allegations of paragraph 42.

43.

Defendant denies the allegations of paragraph 43.

44.

Defendant denies the allegations of paragraph 44.

45.

Any allegation, language or paragraph of plaintiff's Complaint not heretofore responded to is specifically denied by defendant Steve Briscuso.

WHEREFORE having answered, defendant Steve Briscuso prays that he be discharged,

Exhibit A

with its costs, that his receives a trial by a jury of twelve (12) persons, and that he receive all

further relief available under the law.

       This 29<u>th</u> day of December, 2022.

                                WALDON ADELMAN CASTILLA
                                HIESTAND & PROUT

                                /s/ Casey J. Brown_____
                                Jonathan M. Adelman
                                Georgia Bar No. 005128
                                Casey J. Brown
                                Georgia Bar No. 757384
                                Attorneys for Steve Briscuso

900 Circle 75 Parkway
Suite 1040
Atlanta, Georgia 30339
(770) 953-1710
jadelman@wachp.com
cbrown@wachp.com

Exhibit A

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I electronically filed this PLEADING with the Clerk of the Court using an O.C.G.A. § 15-6-11 electronic filing service provider which will automatically send e-mail notification of such filing to the following attorney(s) of record:

Benjamin J. Welch
Morgan & Morgan, PLLC
P.O. Box 57007
Atlanta, GA  30343-1007
bwelch@forthepeople.com

This 29<u>th</u> day of December, 2022.

WALDON ADELMAN CASTILLA
HIESTAND & PROUT

/s/ Casey J. Brown
Jonathan M. Adelman
Georgia Bar No. 005128
Casey J. Brown
Georgia Bar No. 757384
Attorneys for Steve Briscuso

900 Circle 75 Parkway
Suite 1040
Atlanta, Georgia 30339
(770) 953-1710
jadelman@wachp.com
cbrown@wachp.com

Exhibit A

EFILED IN OFFICE
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

STSV2022002019
SNK
JAN 12, 2023 12:12 PM

*Lynn M. Policaro*
Lynn M. Policaro, Clerk of State Court
Henry County, Georgia

**WALDON ADELMAN CASTILLA**
**HIESTAND & PROUT**
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
900 CIRCLE 75 PARKWAY
SUITE 1040
ATLANTA, GEORGIA 30339

TELEPHONE (770) 953-1710

FACSIMILE (770) 933-9182

DIRECT DIAL (770) 933-7026
E-MAIL DCPROUT@WACHP.COM

January 12, 2023

TO:            All Clerks of Court, All Judges, and Counsel of Record

RE:            Leave of Absence

### <u>NOTICE OF REQUEST FOR LEAVE OF ABSENCE</u>

COMES NOW **Casey Brown** and respectfully notifies all Judges before whom he has cases pending, all affected clerks of court, and all opposing counsel that he will be on leave pursuant to Georgia Uniform Court Rule 16.

1. The periods of leave during which Applicant will be away from the practice of law are as follows:

   - March 1 through March 14, 2023 - Personal vacation.

2. All affected judges and opposing counsel shall have ten (10) days from the date of this Notice to object to it.  If no objections are filed, the leave shall be granted.

   This  12th  day of January, 2023.

WALDON ADELMAN CASTILLA
HIESTAND & PROUT

*Casey Brown*

_____
Casey Brown
Georgia Bar No. 757384

900 Circle 75 Parkway
Suite 1040
Atlanta, Georgia 30339
(770) 953-1710
cbriwb@wachp.com

Exhibit A

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day filed and served the foregoing Notice of Leave of Absence upon all judges, clerks, and opposing counsel listed on the attached Exhibit "A," by using an O.C.G.A. § 15-6-11 electronic filing service provider which will automatically send e-mail notification of such filing.

This  12th  day of January, 2023.

WALDON ADELMAN CASTILLA
HIESTAND & PROUT

*Casey Brown*

_____
Casey Brown
Georgia Bar No. 757384

900 Circle 75 Parkway
Suite 1040
Atlanta, Georgia 30339
(770) 953-1710
cbrown@wachp.com

Exhibit A

| CASE NAME/NUMBER | JUDGE/COURT | OPPOSING COUNSEL |
|---|---|---|
| <u>Toni Millerden vs. Walmart Stores East, LP (Delaware); Steve Briscuso; ABC Corps. 1-2; and John Does 1-3</u><br><br>Civil Action File Number: STSV2022002019 | Judge Stephen N. Knights, Jr., State Court of Henry County | Benjamin Welch, Esq.<br>Georgia Bar No. 459886<br>MORGAN & MORGAN ATLANTA PLLC<br>191 Peachtree St NE #4200<br>Atlanta, GA 30303<br>404-965-8811<br>Fax 404-965-8812<br>BWelch@ForThePeople.com |

Exhibit A

Exhibit A

⊕ EFILED IN OFFICE
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

STSV2022002019
SNK
JAN 13, 2023 03:04 PM

*Lynne M. Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

IN THE STATE COURT OF HENRY COUNTY
STATE OF GEORGIA

TONI MILLERDEN,                    )
                                   )
        Plaintiff,                 )
                                   )        Civil Action File
vs.                                )        No. STSV2022002019
                                   )
WALMART STORES EAST, LP            )
(DELAWARE); STEVE BRISCUSO;        )
ABC CORPS. 1-2; AND JOHN DOES 1-3, )
                                   )
        Defendants.                )

## RULE 5.2 CERTIFICATE OF SERVICE

Pursuant to Uniform State Court Rule 5.2, the undersigned hereby certifies that a copy of Defendant Steve Briscuso's Responses and Objections to Plaintiff's First Requests for Admission was served upon counsel of record in the foregoing matter by depositing copies of same in the United States Mail in an envelope with sufficient postage thereon addressed as follows:

Benjamin J. Welch
Morgan & Morgan, PLLC
P.O. Box 57007
Atlanta, GA  30343-1007
bwelch@forthepeople.com

This 13th day of January, 2023.

WALDON ADELMAN CASTILLA
HIESTAND & PROUT

/s/ Casey J. Brown_____
Jonathan M. Adelman
Georgia Bar No. 005128
Casey J. Brown
Georgia Bar No. 757384
Attorneys for Steve Briscuso

900 Circle 75 Parkway
Suite 1040
Atlanta, Georgia 30339
(770) 953-1710
jadelman@wachp.com
cbrown@wachp.com

Exhibit A

EFILED IN OFFICE
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

**STSV2022002019**
SNK
**JAN 13, 2023 03:04 PM**

*Lynne M. Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

IN THE STATE COURT OF HENRY COUNTY
STATE OF GEORGIA

TONI MILLERDEN,                          )
                                         )
        Plaintiff,                       )
                                         )        Civil Action File
vs.                                      )        No. STSV2022002019
                                         )
WALMART STORES EAST, LP                  )
(DELAWARE); STEVE BRISCUSO;              )
ABC CORPS. 1-2; AND JOHN DOES 1-3,       )
                                         )
        Defendants.                      )

## RULE 5.2 CERTIFICATE OF SERVICE

Pursuant to Uniform State Court Rule 5.2, the undersigned hereby certifies that a copy of Defendant Wal-Mart Stores East, LP's Responses and Objections to Plaintiff's First Discovery Requests was served upon counsel of record in the foregoing matter by depositing copies of same in the United States Mail in an envelope with sufficient postage thereon addressed as follows:

Benjamin J. Welch
Morgan & Morgan, PLLC
P.O. Box 57007
Atlanta, GA  30343-1007
bwelch@forthepeople.com

This 13th day of January, 2023.

                                WALDON ADELMAN CASTILLA
                                HIESTAND & PROUT


                                /s/ Casey J. Brown
                                Jonathan M. Adelman
                                Georgia Bar No. 005128
                                Casey J. Brown
                                Georgia Bar No. 757384
                                Attorneys for Steve Briscuso

900 Circle 75 Parkway
Suite 1040
Atlanta, Georgia 30339
(770) 953-1710
jadelman@wachp.com
cbrown@wachp.com

Exhibit A

EFILED IN OFFICE
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA
**STSV2022002019**
SNK
**DEC 29, 2022 11:02 AM**

*Lynne M. Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

IN THE STATE COURT OF HENRY COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| TONI MILLERDEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action File |
| vs. | ) | No. STSV2022002019 |
| | ) | |
| WALMART STORES EAST, LP | ) | |
| (DELAWARE); STEVE BRISCUSO; | ) | |
| ABC CORPS. 1-2; AND JOHN DOES 1-3, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT WALMART STORES EAST, LP'S
## FIRST REQUEST FOR ADMISSIONS, INTERROGATORIES, REQUEST FOR PRODUCTION OF DOCUMENTS, AND NOTICE TO PRODUCE TO PLAINTIFF TONI MILLERDEN

## I. INSTRUCTIONS

You are hereby required to (1) respond, within thirty-three (33) days of service, to all of the following requests for admission, (2) answer all of the following interrogatories, separately and fully in writing under oath, and (3) produce by mail or in person all of the "documents" requested herein at the offices of the undersigned.  Pursuant to O.C.G.A. § 24-13-27, you are directed to produce at trial the documents and materials referenced in Section V hereof.

To the extent that you contend that these discovery requests exceed any numerical restrictions imposed by applicable law, you are to answer the discovery requests in order up to the point that you contend the limitation has been reached.  You are under a duty to (1) reasonably supplement or amend a response in compliance with O.C.G.A. § 9-11-26 and (2) except where specifically limited to a different time period, provide responses through the date of final disposition of this litigation.

## II. DEFINITION OF TERMS

When used in these discovery requests, the following terms shall have the following meaning:

Exhibit A

"You," "your," and/or "yourself" shall refer to Toni Millerden.

"Defendant" shall refer to Walmart Stores East, LP.

"The incident" shall mean the incident referenced in the Complaint.

"Date" shall mean the exact day, month, and year, if ascertainable, or, if not, the best approximation thereof (including relationship to other events).

"Documents" are, without being limited to the generality of its meaning, all written materials, drawings, graphs, charts, photographs, sound recordings, videotapes, computer animations, computer discs, computer tapes, correspondence, invoices, letters, memoranda, telegrams, handwritten notes, periodicals, pamphlets, reports, financial records, canceled checks, deposit slips, bank statements, accounts, journals, ledger cards, profit and loss statements, financial statements, audited and unaudited, reports, audits, studies, working papers, corporate minutes, minute books, diaries, deeds, contracts, agreements, understandings, papers, drafts, indexes, data sheets, data processing cards, tapes, any data compilation from which information can be obtained, and any other physical object.  These terms should be construed to mean the originals; however, if the originals are not available, true and correct copies of the originals.

## III.  <u>REQUEST FOR ADMISSIONS</u>

Pursuant to O.C.G.A. § 9-11-36, you are requested to admit for the purposes of the pending action the following statements or opinions of fact or the application of law to fact:

1.      You have experienced pain or discomfort in the past which is the same or similar to any pain or discomfort which you allege resulted from the incident referenced in the Complaint.

2.      Prior to the date of the incident referenced in the Complaint, you had received treatment from one or more healthcare professionals for conditions or injuries like or similar to the problems which you allege resulted from this incident.

4.      You were not employed at the time of the incident referenced in the Complaint.

5.      You did not miss any time from work as a result of the incident referenced in the Complaint.

Exhibit A

6.       You do not currently have any restrictions in your employment, personal, or recreational activities attributable to the incident.

7.       No doctor has ever limited or restricted your activities as a result of the incident.

8.       You have completely recovered from the injury or injuries which you allegedly sustained as a result of the incident referenced in the Complaint.

9.       As to the special damages for which you are seeking compensation in this action, you qualified for insurance benefits payable for healthcare services or products secured as a result of the incident referenced in the Complaint.

10.      You have personally paid none of the bills received for services or products provided by healthcare professionals for problems or injuries which you relate to the incident.

11.      You have no outstanding and/or unpaid medical expenses arising out of the incident referenced in the Complaint.

12.      You have been reimbursed for any purported loss of income.

13.      Plaintiff will not seek, recover, or collect from Wal-Mart Stores East, LP, Steve Briscuso, ABC Corporation, John Doe, and/or any Wal-Mart entity a sum in excess of $75,000.00.

14.      Any portion of a verdict against defendants that exceeds $75,000 will be written down by the Court so that the Judgment shall not exceed the sum of $75,000.

15.      Neither Wal-Mart Stores East, LP, Steve Briscuso, ABC Corporation, John Doe, nor any Wal-Mart entity in this action shall be ordered, adjudged, or called upon to pay Plaintiff a sum in excess of $75,000.

## IV.  <u>INTERROGATORIES</u>

Pursuant to O.C.G.A. § 9-11-33, you are requested to respond to the following interrogatories:

1.       Identify (by stating name, address, date of birth, telephone number, and Social Security Number).

(a)      yourself and

(b)      any person assisting you in responding to this discovery.

Exhibit A

2.      Identify (by stating name, address, and telephone number) of each person who:

      (a)      was an eyewitness to the incident;

      (b)      has knowledge of facts or circumstances concerning the incident, your alleged injuries, and/or your alleged damages;

      (c)      you expect to call as an expert witness at trial; and for each such expert witness state:  the subject matter to which he or she is expected to testify; the substance of the facts and opinions to which he or she is expected to testify; and a summary of the grounds for each such opinion;

      (d)      you have retained or specially employed in anticipation of litigation or preparation for trial and who you do not expect to call as a witness at trial; and

      (e)      has investigated any aspect of the incident or your claims.

3.      As to each person who has given a statement concerning the incident referenced in the Complaint or your alleged injuries and/or damages, provide his/her name, the date his/her statement was taken, by whom his/her statement was taken, and the current custodian of said statement.

4.      State what medical, surgical, psychiatric, or other therapeutic care, treatment, procedure, or examination you had received before the incident, indicating:

      (a)      the date(s) of each such care, treatment, procedure, or examination;

      (b)      the identity of the physician(s), surgeon(s) or other practitioner(s) of any healing art from whom you received such care, treatment, procedure or examination, including his/her name and the name and address of his/her practice and/or office; and

      (c)      the reason(s) for each such care, treatment, procedure, or examination.

5.      State what medical, surgical, psychiatric or other treatment or care you have received for any reason (including any physical examination whether in connection with employment, application for insurance or otherwise) after the incident, indicating:

      (a)      the date(s) of each such care, treatment, procedure, or examination;

Exhibit A

(b)     the identity of the physician(s), surgeon(s) or other practitioner(s) of any healing art from whom you received such care, treatment, procedure or examination, including his/her name and the name and address of his/her practice or office;

(c)     the reason(s) for each such care, treatment, procedure, or examination;

(d)     the charges for each such service; and date of your last visit.

6.     If you have ever suffered a personal injury to any part of your body (other than the injury alleged from this incident), please:

(a)     describe the injury, including the date of the injury, and the cause of the injury;

(b)     identify the provider of any medical services or treatment in connection therewith, including his/her name, address, and telephone number;

(c)     identify the responsible party, including his/her insurance carrier;

(d)     if you made a claim for bodily injury as a result of the incident(s), please identify the incident, the outcome of the claim, and the identity, including the address of the person, firm, or corporation against whom the claim was made; and

(e)     if any civil litigation resulted from the incident, state the style of the case, the court in which it was filed, and the civil action file number.

7.     Please itemize all expenses and special damages which you are seeking recovery for in this litigation.  **(REFERENCE TO ANY ATTACHED DOCUMENTS WILL NOT SATISFY THE REQUIREMENTS OF O.C.G.A. § 9-11-9(g)).**

8.     Please describe all physical and mental injuries you allege to have been received in the incident referenced in the Complaint.

9.     As to any insurer, employer, person, or other entity which paid any of the bills arising from the incident referenced in the Complaint or any incident subject to identification in response to interrogatory number 6, please:

(a)     identify the health insurance carrier, HMO, PPO, and/or governmental or private organization or source; and

(b)     state your policy number, participation number, member number, certificate

Exhibit A

number or any other identifying number by which each entity described in (a) above identified you.

10. If you are claiming lost earnings, please state:

   (a)    the total amount of the lost earnings which you seek to recover in this litigation;

   (b)    the specific dates you missed from work due to your alleged injuries;

   (c)    on the date of the incident referenced in the Complaint, your employer, your employer's address, your occupation, your duties, your earnings and how long you had held such occupation;

   (d)     if there has been any change in your occupation(s), employer(s), duties, or earnings since the incident, please describe each such change;

   (e)    state the number of hours you typically worked at the time of the collision;

   (f)    state how the injuries which you allege resulted from the incident prevented you from performing your job duties; and

   (g)    describe the method which you have used to calculate your lost earnings or wages.

11. State with specificity and in reasonable detail how the alleged incident which is the basis of your lawsuit in this matter happened, including, but not limited to:

   (a) The date, time, and location of the alleged incident;

   (b) Your purpose for being on the premises;

   (c) How many times you had previously been on the premises;

   (d) A complete and detailed description of the area where the alleged incident occurred;

   (e) What you believe caused the alleged incident;

   (f) every act or omission of the defendant(s) that you contend caused or contributed to your alleged injuries and/or damages; and

   (g)  to whom and the date and time you reported the alleged incident.

12. Identify each and every drawing, photograph, videotape, and computer animation of the

Exhibit A

incident scene or the persons involved in the incident, indicating the date made, its subject, its photographer or drawer, and its current custodian.

13.    If you have ever been convicted of or pled guilty to any felony or misdemeanor, (other than routine traffic violations), please state the nature of the offense, the date, and jurisdiction of the conviction.

14.    If you have ever filed for bankruptcy, please provide:

    (a)    the name and address of the court where you filed for each bankruptcy;

    (b)    the year of filing; and

    (c)    the status or disposition of each bankruptcy filing.

15.    If you have ever been involved (whether as a driver, passenger, or pedestrian) in a motor vehicle incident, either prior or subsequent to the injury alleged which is the subject of this lawsuit, please:

    (a)    Describe the incident, including the date of the incident and the injuries suffered;

    (b)    If you were injured in the incident, identify the provider of any services or treatments in connection therewith, including his/her name, address, and telephone number;

    (c)    Identify the responsible party including his/her insurance carrier;

    (d)    Identify any police department, sheriff's office, or patrol unit that investigated the incident;

    (e)    If you made a claim for bodily injury as a result of the incident(s), please indicate the incident, the outcome of the claim, and the identity, including the address of the person, firm, or corporation against whom the claim was made; and

    (f)    If any civil litigation resulted from the incident, state the style, court in which it was filed, and the civil action file number.

16.    If you have ever been involved in any other lawsuit, whether as a plaintiff or defendant, please state:

    (a)    the basis of the lawsuit;

Exhibit A

(b)      the style and court in which the lawsuit was filed;

(c)      the civil action file number of the lawsuit; and

(d)      the final disposition of the lawsuit.

17.    If you continue to have any activity restrictions as a result of incident referenced in the complaint, please describe the nature of each and every such restriction.

18.    State whether you, prior to this incident, had any physical and/or mental restriction or impairment.  If so, please describe each such restriction or impairment in detail.

19.    Please identify the e-mail address, profile name, and/or network to which you belong for any social networking or photo sharing websites, such as Facebook, LinkedIn, Instagram, Vine, Flickr, Picasa, Tumblr, MySpace and Twitter.

20.    If you have, or anyone on your behalf has, entered into any type of agreement, insurance policy, or indemnification agreement which will pay benefits to you or on your behalf in the event that any recovery in the above-styled litigation does not meet a certain threshold, please indicate the following:  (a) the parties to the agreement; (b) the triggering event for benefits to be paid under the agreement; (c) the maximum amount of benefits which can be paid under the agreement; and (d) the premium paid for the agreement.

21.    Please identify each and every individual, company, corporation, or other entity who/which has a financial interest in the outcome of this case.

22.    If you had a cell phone in your possession at the time of the incident, please provide the cell phone number, name of the service provider, and accountholder for the service plan.

## V.  REQUEST FOR PRODUCTION OF DOCUMENTS AND NOTICE TO PRODUCE

Pursuant to O.C.G.A. § 9-11-34 and O.C.G.A. § 24-13-27, you are requested to produce the following items:

1.    Please produce all statements and/or reports made or given by any person subject to identification in response to interrogatories 1, 2, and 3.

2.    Please produce all reports of expert witnesses who you expect to testify at trial, along

Exhibit A

with all documents relied upon by such experts in formulating their opinions and/or conclusions.

3.      Please produce all documents and/or other tangible things which prove, support, or constitute evidence of any facts or circumstances upon which you base the allegations in the Complaint.

4.      Please produce all photographs, video, computer animations, models, diagrams, and/or drawings of (a) the scene of the incident; (b) any object involved in the incident and/or (c) any person involved in the incident.  This request includes any photographs and/or videos that have been posted (by you or others) to any social media or photo sharing website/application (including, but not limited to, Facebook, LinkedIn, Instagram, Vine, MySpace, Flickr, Picasa, Tumblr, and Twitter) since the incident.

5.      Please produce any incident reports, and/or transcripts of any judicial hearing for this incident.

6.      Please produce all charts, reports, statements, bills or other documents concerning any health care examination or treatment received by you, including, without limitation, documents subject to identification in response to interrogatories 4, 5, 6, and 7.

7.      Please produce all bills, statements of accounts, cancelled checks, receipts or other documents which substantiate any special damages which you seek in this litigation.

8.      Please produce all documents reflecting payment to you by any person or insurance company, or other entity for expenses, lost wages, or damages arising from the incident.

9.      If you are claiming a loss of income or a reduction in your ability to labor in the future, please:

(a)      produce all documents and/or other tangible things which prove, support or constitute evidence of any fact or circumstance on which you base your claim of lost earnings;

(b)      please produce your Federal and State Income Tax returns, W-2, and 1099 forms for three years before the date of the incident and for each year since the incident;

Exhibit A

and

(c)    please produce all check stubs, receipts, record of deposits, drafts and any other documents reflecting earnings or salary for the period one year prior to the incident.

10.    Please produce all notes, investigations, reports, or other documents which describe any aspect of the incident.

11.    Please produce all estimates of repair costs, drafts reflecting payments and/or documents relating to property damage or the cost of repairs incurred as a result of the incident.

12.    Please produce all diaries, memoranda, notes or other documents which were kept or prepared by you concerning your physical and/or mental condition for a period beginning two years prior to the incident.

13.    Please produce all documents concerning any automobile incidents you have been involved in or personal injuries you have sustained other than those alleged to have arisen from the incident.

14.    Please produce all documents, pleadings, and/or exhibits filed, served or prepared in connection with any other litigation in which you have been a party.

15.    Please produce all documents concerning or relating to any claim ever made by you for Workers' Compensation, Personal Injury Protection, or benefits from any State or Federal governmental agency.

16.    Please produce any documents given to any person or entity, including any insurance company in return for payment in whole or in part for property damage [i.e., loan receipt(s), release(s), covenants not to sue] or other damage from this incident.

17.    Please produce a copy of all transcript(s) of any traffic court hearing, workers' compensation hearing, EEOC hearing, social security hearing, trial, or any other judicial or quasi-judicial hearing related to any occurrence in which you claimed bodily injuries.

18.    Please produce a copy of any deposition or sworn statement ever given by you.

19.    Please produce the application for benefits signed by you with regard to any claim for

Exhibit A

medical payment or healthcare benefits.

20.     Please produce all documents which support your denial of any request for admission, above.

21.     Please produce any documents signed by you to resolve any claims against any other person or entity as a result of this incident.

22.     Please produce all applications for insurance signed by you at any time.

23.     Please produce any application for employment submitted by you to any person or entity since the date of the incident.

24.     Please provide a copy of all content posted after the incident to any profile identified in Interrogatory No. 19, including, but not limited to photographs, links, documents, posts, conversations, and messages.

This 29th day of December, 2022.

WALDON ADELMAN CASTILLA
HIESTAND & PROUT

/s/ Casey J. Brown
Jonathan M. Adelman
Georgia Bar No. 005128
Casey J. Brown
Georgia Bar No. 757384
Attorneys for Defendants Wal-Mart Stores
East, LP and Steve Briscuso

900 Circle 75 Parkway
Suite 1040
Atlanta, Georgia 30339
(770) 953-1710
jadelman@wachp.com
cbrown@wachp.com

Exhibit A

IN THE STATE COURT OF HENRY COUNTY
STATE OF GEORGIA

TONI MILLERDEN,                          )
                                         )
        Plaintiff,                       )
                                         )        Civil Action File
vs.                                      )        No. STSV2022002019
                                         )
WALMART STORES EAST, LP                  )
(DELAWARE); STEVE BRISCUSO;              )
ABC CORPS. 1-2; AND JOHN DOES 1-3,       )
                                         )
        Defendants.                      )

## RULE 5.2 CERTIFICATE OF SERVICE

Pursuant to Uniform State Court Rule 5.2, the undersigned hereby certifies that a copy of Defendant Walmart Stores East, LP's First Request for Admissions, Interrogatories, Request for Production of Documents, and Notice to Produce to Plaintiff Toni Millerden was served upon counsel of record in the foregoing matter by depositing copies of same in the United States Mail in an envelope with sufficient postage thereon addressed as follows:

Benjamin J. Welch
Morgan & Morgan, PLLC
P.O. Box 57007
Atlanta, GA  30343-1007
bwelch@forthepeople.com

This 29th day of December, 2022.

WALDON ADELMAN CASTILLA
HIESTAND & PROUT


/s/ Casey J. Brown
Jonathan M. Adelman
Georgia Bar No. 005128
Casey J. Brown
Georgia Bar No. 757384
Attorneys for Defendants Wal-Mart Stores
East, LP and Steve Briscuso

900 Circle 75 Parkway
Suite 1040
Atlanta, Georgia 30339

Exhibit A

(770) 953-1710
jadelman@wachp.com
cbrown@wachp.com

Exhibit A

Exhibit A

**EFILED IN OFFICE**
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

**STSV2022002019**
SNK
**JAN 30, 2023 06:16 PM**

*Lynne M. Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

**IN THE STATE COURT OF HENRY COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| TONI MILLERDEN, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE |
| | ) | NO.: STSV2022002019 |
| vs. | ) | |
| | ) | |
| WAL-MART STORES EAST, LP | ) | |
| (DELAWARE); STEVE BRISCUSO; | ) | |
| ABC CORPS. 1-2; and JOHN DOES 1-3, | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

Plaintiff hereby certifies that a true and correct copy of ***Plaintiff's Responses to Defendant***

***Wal-Mart Stores East, LP's First Request for Admissions*** was delivered for service via electronic

mail to the following counsel of record:

Jonathan M. Adelman
Casey J. Brown
WALDON ADELMAN CASTILLA HIESTAND & PROUT
900 Circle 75 Parkway
Suite 1040
Atlanta, Georgia 30339
*Attorneys for Defendants*

This <u>30th</u> day of January, 2023.

**MORGAN & MORGAN ATLANTA, PLLC**

*/s/ Benjamin J. Welch*
_____

BENJAMIN J. WELCH
BWelch@ForThePeople.com
Georgia State Bar No.: 459886
Post Office Box 57007
Atlanta, GA 30343-1007
404-965-8811 (Telephone)
404-965-8812 (Fax)
*Attorney for Plaintiff*

Exhibit A

EFILED IN OFFICE
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

**STSV2022002019**
SNK

FEB 13, 2023 04:22 PM

*Lynne M. Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

**IN THE STATE COURT OF HENRY COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| TONI MILLERDEN, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE |
| | ) | NO.: STSV2022002019 |
| vs. | ) | |
| | ) | |
| WAL-MART STORES EAST, LP | ) | |
| (DELAWARE); STEVE BRISCUSO; | ) | |
| ABC CORPS. 1-2; and JOHN DOES 1-3, | ) | |
| | ) | |
| Defendants. | ) | |

<u>**CERTIFICATE OF SERVICE**</u>

Plaintiff hereby certifies that a true and correct copy of:

1. ***Plaintiff's Responses to Defendant Wal-Mart Store East, LP's First Interrogatories and***
2. ***Plaintiff's Responses to Defendant Wal-Mart Stores East, LP's First Request for Production of Documents***

was delivered for service via electronic mail to the following counsel of record:

Jonathan M. Adelman
Casey J. Brown
WALDON ADELMAN CASTILLA HIESTAND & PROUT
900 Circle 75 Parkway
Suite 1040
Atlanta, Georgia 30339
*Attorneys for Defendants*

This <u>13th</u> day of February, 2023.

**MORGAN & MORGAN ATLANTA, PLLC**

*/s/ Benjamin J. Welch*

_____
BENJAMIN J. WELCH
BWelch@ForThePeople.com
Georgia State Bar No.: 459886
Post Office Box 57007
Atlanta, GA 30343-1007
404-965-8811 (Telephone)
404-965-8812 (Fax)
*Attorney for Plaintiff*

Exhibit A

⊕ EFILED IN OFFICE
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

**STSV2022002019**
SNK
FEB 27, 2023 02:00 PM

*Lynne M. Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

**IN THE STATE COURT OF HENRY COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| TONI MILLERDEN, | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE NO.: |
| vs. | ) | |
| | ) | 22-SV-2019-SNK |
| WAL-MART STORES EAST, LP, et al., | ) | |
| Defendants. | ) | |

## SCHEDULING ORDER AND INSTRUCTIONS

The Court finds that the interests of the parties and the orderly management of the Court's business would be served by setting a schedule for the remainder of this litigation,

**THE FOLLOWING DEADLINES, INSTRUCTIONS, AND PROCEDURES ARE HEREBY ORDERED:**

1. **GENERAL INFORMATION**

   a. The parties must immediately notify this Court via e-mail any problem or   dispute (disagreements about discovery, scheduling difficulties, unavailability of witnesses, illness, late addition of parties or claims, etc.) that could delay the deadlines or hearing dates set forth herein. Questions may be directed to Robert A. Hawk, Staff Attorney at rhawk@co.henry.ga.us Should Plaintiff or Defendant desire a court reporter at any proceeding during the course of this action, then said request should be made to Kim Hopkins at khopkins@co.henry.ga.us.

   b. Modification of any deadline or hearing date contained within this scheduling order requires approval of the Court—even if all parties consent to the change. Requests that the Court extend a deadline or hearing date should be made as soon as the need to do so becomes apparent. Parties must file a continuance request. A list of proposed, specific deadline dates (including month, date, and year) shall be included in the motion. Parties are reminded to review all deadline dates to ensure the continuance motion addresses all deadlines or hearing dates affected by the extension of another deadline. For example, the continuance of a pretrial conference will affect the date of trial, and both matters must be addressed in the proposed motion.

2. **MOTION FORMAT, COURTESY COPIES, HEARING REQUESTS, AND PROPOSED ORDERS**

   a. Except where prohibited by law, the Court shall rule on unopposed* motions based upon the pleadings without a hearing. Every unopposed motion shall be accompanied by a proposed order. The parties shall e-file proposed orders through Peach Court, and any courtesy copies of proposed orders (if requested) shall be emailed to the Court's Staff Attorney in Word format. The parties may contact the Court's Staff Attorney regarding any consent/joint filings or other filings necessitating prompt action by the Court.

---

* "Unopposed" for the purposes of this order means consent motions as well as any motion to which no response has been filed within thirty days after the motion's filing date.

Exhibit A

b. Opposed motions are typically scheduled for a hearing unless the Court finds oral argument to be unnecessary based upon the facts of the case, briefs, and case law. Absent prior permission of the Court, no party shall file any reply brief, which are generally disfavored. Hearing requests may be submitted to the Court in the form of an email to Mr. Hawk with all parties "cc'd." Boiler plate requests and statements that the party stands ready for oral argument "if the Court so desires" are discouraged. Furthermore, all inquiries regarding the status of motion rulings and scheduling motion hearings shall be directed to Mr. Hawk.

c. After the motion's hearing and unless the Court directs otherwise, all orders, including findings of fact and conclusions of law orally announced in court shall be prepared in writing by the attorney for the prevailing party and thereafter submitted to the Court within ten (10) days after sending a courtesy copy to the opposing party to obtain possible consent to the form.

d. For smaller motion filings (under one hundred pages including exhibits), the Court does not require courtesy copies to be sent to the Judge's chambers. For larger motion filings (more than one hundred pages including exhibits), parties shall send courtesy copies in .pdf form to Mr. Hawk via one email with each separate document (including exhibits) attached as separate .pdfs. **Parties shall not submit letter briefs (including substantive emails addressing the merits) or "carbon copy" the Court on correspondence between the parties addressing the merits.**

3. **DISCOVERY**

   a. Discovery (including but not limited to, written discovery and depositions except any expert discovery as outlined below) shall close on:                **July 24, 2023**

   b. Except for good-cause shown, no extension of time for discovery shall be granted, unless a motion for an extension of time is filed prior to the expiration of such discovery period. In the event an extension of time is requested, the moving party shall submit a proposed, revised Scheduling Order, which shall include the requested time extension. For any future discovery extension, parties must also account for the extension's effect on other deadlines. The Court will not automatically extend those deadlines as well. Finally, the Court reminds the parties that, under the Civil Practice Act, they have a duty to fully cooperate in discovery and that the failure to fulfill this obligation may result in sanctions.

   c. The amendment of any pleading to add, create, or expand additional counts, claims, or means of liability, or to expand the means of recovery or of damages, must be made no later than ten (10) days after the close of discovery. Following this time period, no further amendments shall be permitted, and any pleading which is amended after this deadline, without prior leave of Court, shall be immediately stricken.

4. **PLAINTIFF'S EXPERT WITNESS DISCLOSURE**

   a. Plaintiff must identify all experts by:                **August 14, 2023**

Exhibit A

    b.   Defendant to depose plaintiff's experts by:        **September 18, 2023[†]**

**5.  DEFENDANT'S EXPERT WITNESS DISCLOSURE**

    a.   Defendant must identify all experts by:        **August 21, 2023**

    b.   Plaintiff to depose defense experts by:        **September 25, 2023**

**6.  REBUTTAL EXPERT WITNESSES DISCLOSURE**

    a.   Rebuttal expert witnesses must be identified by:        **October 2, 2023**

    b.   Rebuttal expert witnesses must be deposed by:        **October 23, 2023**

**7.  DISPOSITIVE MOTIONS AND DAUBERT MOTIONS**

    a.   Any pre-trial motions, including summary judgment, dispositive motions, and Daubert motions, shall be filed by the date as set forth below. Any extension of time to file a motion must be made by Order of this Court. If any motion is filed after these deadlines and without this Court's prior written approval by Order, then the motion will be untimely and may not be considered.

    b.   All such motions must be filed by:        **October 30, 2023**

    c.   Responses to such motions due by:  **Within thirty days of the motion's filing or two weeks before the scheduled motion hearing whichever shall occur first.**

    d.   Hearing on such motions will be set by individual rule nisi if/when such a motion is filed.

**8.  MEDIATION**

    a.   All parties are required to participate in mediation in good faith and with an effort to resolve the issues involved in this case. All mediations shall be scheduled through the Office of Dispute Resolution for the 6th Judicial District (http://adr6th.org/). It is the responsibility of the parties/attorneys to complete the entire General Civil Initiation Form, which can be found at http://adr6th.org/ and submit it to the 6th Judicial District ADR Program. In the event the parties/attorneys choose to privately mediate this case, the mediator must be registered with the Georgia Office of Dispute Resolution. **Parties/attorneys must submit to the ADR Office a completed General Civil Initiation Form along with a copy of the Mediator's Certification with the mediation results and all parties' signatures no later than five (5) business days after the mediation date as set forth below.** For ADR mediations, the program director shall set attendance format. All parties must have a representative present at the mediation with

---

[†] The Court recognizes the current difficulty in scheduling depositions of experts, treating physicians, etc. Therefore, with all expert deposition deadlines outlined below, the Court strongly encourages parties to work together in good faith to schedule timely expert depositions. In case a deposition date falls outside the deadline, the Court will liberally grant deadline extensions if the delay was due to the expert's (and/or treating physician's) schedule rather than an unnecessary delay by a party.

Exhibit A

full negotiation and settlement authority.  There shall be no extensions of these deadlines by agreement of the parties.

    b.   All parties are required to mediate by:                  **January 2, 2024**

## 9. CONSOLIDATED PRE-TRIAL ORDER

    a.   Those documents and witnesses that a party intends to rely upon affirmatively to meet the burden of proving his or her case must be disclosed in the pretrial order. Failure to disclose documents or witnesses in the pre-trial order, or listing in the pretrial order witnesses or documents not previously disclosed during discovery shall result in the Court imposing sanctions, including striking pleadings, assessment of attorney's fees, exclusion of evidence or witnesses at trial, or other sanctions this Court deems warranted under the facts and circumstances. Witnesses unnamed by either party in the pre-trial order, and listed only by description, shall only be used to authenticate documents or exhibits.

    b.   The parties are required to exchange all documents and exhibits they wish listed in the proposed consolidated pre-trial order no later than **two weeks before the pre-trial conference.** All documents and exhibits exchanged shall be redacted, marked, numbered and scanned.  At least one week prior to the pre-trial conference, parties shall confer with each other in good faith to resolve any objections to any motions in limine, records, documents, depositions, or exhibits to be presented at trial.

    c.   The proposed Consolidated Pre-trial order and all known motions in limine and objections to said motions, exhibits, and/or depositions shall be filed **at least two business days before the pretrial conference.**  Failure to file these documents timely could result in the trial being continued.

## 10. PRETRIAL CONFERENCE

    a.   Pre-trial conference to be held on:   **TBD (on or after January 15, 2024) at 9:00 a.m.** (Counsel's in person attendance at pretrial conference shall be mandatory.)

         Any opposed motions in limine and objections to exhibits shall be heard at the pretrial conference.

## 11. TRIAL:

    a.   \_\_\_X\_\_\_ This case shall be placed on the Court's **TBD (on or after February 5, 2024) at 9:00 a.m.** civil jury trial calendar.  If it is not reached, it will automatically roll over to the next civil jury trial week.

    b.   If this case reaches settlement prior to the trial date, then the parties must file the appropriate dispositive paperwork by the last day of the civil jury trial week, or else the action shall be dismissed for want of prosecution. As these dates were set with agreement of counsel, counsel shall not seek leave of court conflicting herein except in case of emergency or special permission of the Court.

Exhibit A

12. **JURY CHARGES**

   a.  All requests to charge shall be submitted in Word format to the Court via e-mail to Mr. Hawk **AT LEAST ONE BUSINES DAY PRIOR TO TRIAL WEEK.** The original request to charge shall be filed with the Clerk of Court. The Court may consider the failure to submit charges timely as a waiver of the right to request charges.

   b.  Pattern charges may be requested by pattern number and shall be individually numbered in the charge packet. All non-pattern charges shall be numbered consecutively on separate pages as provided by Uniform State Court Rule 10.3. Non-pattern charges that cover the same issues as pattern charges are strongly discouraged. Non-pattern charges must contain pinpoint citations of authority supporting the requested charge.

   c.  The parties are directed to file any proposed request to charge at the pretrial conference.

13. **OTHER INSTRUCTIONS:**

   IT IS FURTHER ORDERED that the following PRACTICES and PROCEDURES govern this litigation:

   - DISCOVERY DISPUTES – in addition to the obligations set forth by USCR 6.4(B), the parties shall meet and confer *in person or by telephone* in a good faith effort to resolve any discovery disputes.

   - WITNESSES – the parties shall supplement the identification of witnesses (except for purposes of impeachment), in response to any applicable discovery request, no later than fifteen (15) days after the close of discovery. Failure to do so, absent extraordinary circumstances, will result in the exclusion of the unidentified or late-identified witness.

   - COMMUNICATION WITH THE COURT – regarding miscellaneous matters, the parties may contact Mr. Hawk, via email.

   - ORIGINAL DEPOSITION TRANSCRIPTS – the parties shall e-file scanned copies in lieu of original deposition transcripts and retain original deposition transcripts until specifically requested by the Court or trial.

   - Parties are instructed to contact Mr. Hawk regarding any scheduling issues, or to advise the Court of any settlement, and to request a telephone conference with the Court for any discovery disputes or for other matters.

Exhibit A

**14. <u>FAILURE TO COMPLY WITH INSTRUCTIONS:</u>**

Failure to comply with any portion of this Scheduling Order and Instructions may result in sanctions, including striking of pleadings, imposition of attorneys' fees, denial of motions, and exclusion of witnesses and evidence.  Except for good cause shown and by Order of this Court, the deadlines set forth herein shall not be amended.

**SO ORDERED** this _27_ day of February, 2023.

**Hon. Stephen N. Knights, Jr.,**
Judge, State Court of Henry County

Exhibit A