**IN THE STATE COURT OF HENRY COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| TONI MILLERDEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION FILE |
| vs. ) | NO.: STSV2022002019 |
| ) | |
| WAL-MART STORES EAST, LP ) | |
| (DELAWARE); STEVE BRISCUSO; ) | |
| ABC CORPS. 1-2; and JOHN DOES 1-3, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S RESPONSES TO DEFENDANT**
**WALMART STORES EAST, LP (DELAWARE'S) FIRST INTERROGATORIES**

COMES NOW, Plaintiff TONI MILLERDEN, and pursuant to O.C.G.A. § 9-11-36, responds to Defendant WAL-MART STORES EAST, LP's First Interrogatories to Plaintiff Toni Millerden as follows:

**INTERROGATORIES**

1.

Identify (by stating name, address, date of birth, telephone number, and Social Security Number)

(a) yourself and

(b) any person assisting you in responding to this discovery.

**RESPONSE:** Plaintiff objects to Interrogatory No. 1 on the grounds that it is irrelevant, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to Interrogatory No. 1 to the extent it seeks Plaintiff's Social Security Number as the Privacy Act of 1974, Public Law 93-579 § 7 enacted by the U.S. Congress and the federal legislative scheme regarding the use of Social Security Numbers, establishes a legitimate expectation of privacy for a person in their Social Security Number,

prohibits the disclosure of a Social Security Number, and prohibits a state from penalizing an individual solely because of a failure to reveal his or his Social Security Number upon request. In addition, the E-Government Act, Public Law 107-347 (2002) prohibits the use of a Social Security Number as well as a full date of birth in a court proceeding. Therefore, subject to this objection, Plaintiff will provide his social security number off the record at the time of his deposition.

Subject to and without waiving said objections, please see below:

- Plaintiff is Toni Marie Millerden.
- She currently resides at 500 Tussahaw Way, McDonough, Georgia, 30252.
- Her date of birth is ▇▇▇▇▇▇▇▇.
- Plaintiff will provide her phone number and social security number off the record at her deposition.
- Plaintiff's counsel assisted Plaintiff in responding to these discovery requests.

2.

Identify (by stating name, address, and telephone number) of each person who:

(a)  was an eyewitness to the incident;

(b)  has knowledge of facts or circumstances concerning the incident, your alleged injuries, and/or your alleged damages;

(c)  you expect to call as an expert witness at trial; and for each such expert witness state: the subject matter to which he or she is expected to testify; the substance of the facts and opinions to which he or she is expected to testify; and a summary of the grounds for each such opinion;

(d)  you have retained or specially employed in anticipation of litigation or preparation for trial and who you do not expect to call as a witness at trial; and

(e)  has investigated any aspect of the incident or your claims.

**RESPONSE:** Plaintiff objects to Interrogatory No. 2 to the extent that it calls for materials prepared in anticipation of litigation and/or materials protected by the attorney-client privilege

and/or work product doctrine. Additionally, Plaintiff objects to Interrogatory No. 2 to the extent it seeks to limit Plaintiff's response to the information known and available to her at this time. Discovery has only just begun.

Subject to and without waiving said objections, as for expert witnesses, Plaintiff has not yet determined if she will utilize expert witness testimony at the trial of this matter. Plaintiff states she may call any of her treating physicians as experts at trial, to elicit the nature, scope, and extent of her treatment as well as experts' professional opinions on her care, treatment, and/or evaluation of Plaintiff; the care of her injuries and required medical care; her prognosis; her impairments; her limitations; and any need for future care. As for lay witnesses, Plaintiff believes the following list of people *may* have relevant knowledge of the facts or circumstances concerning the incident and/or Plaintiff's injuries and damages:

- Plaintiff;
- Plaintiff's medical providers;
- Plaintiff's counsel;
- Plaintiff's employment Manager;
- Defendants;
- Defendant's employees;
- All individuals identified in Defendant's written discovery responses; and
- Defense counsel.

3.

As to each person who has given a statement concerning the incident referenced in the Complaint or your alleged injuries and/or damages, provide his/her name, the date his/her statement was taken, by whom his/her statement was taken, and the current custodian of said statement.

**RESPONSE:** Plaintiff objects to Interrogatory No. 3 to the extent that it calls for materials prepared in anticipation of litigation and/or materials protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving said objections, to the best of Plaintiff's knowledge, Defendants are in possession of all written or recorded statements regarding this incident.

4.

State what medical, surgical, psychiatric, or other therapeutic care, treatment, procedure, or examination you had received before the incident, indicating:

(a) the date(s) of each such care, treatment, procedure, or examination;

(b) the identity of the physician(s), surgeon(s) or other practitioner(s) of any healing art from whom you received such care, treatment, procedure or examination, including his/her name and the name and address of his/her practice and/or office; and

(c) the reason(s) for each such care, treatment, procedure, or examination.

**RESPONSE:** Plaintiff objects to Interrogatory No. 4 to the extent it seeks a medical analysis, diagnosis, or opinion which Plaintiff is unqualified to provide. Additionally, Plaintiff objects to Interrogatory No. 4 because it is irrelevant, overly broad, not reasonably limited in time and scope, unduly burdensome, and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff cannot be reasonably expected to recall each and every doctor, specialist, or medical professional with whom she has treated with prior to the incident giving rise to his lawsuit.

Subject to and without waiving said objections, Plaintiff is still gathering this information and will supplement if any responsive information is discovered.

5.

State what medical, surgical, psychiatric or other treatment or care you have received for any reason (including any physical examination whether in connection with employment, application for insurance or otherwise) after the incident, indicating:

(a) the date(s) of each such care, treatment, procedure, or examination;

(b) the identity of the physician(s), surgeon(s) or other practitioner(s) of any healing art from whom you received such care, treatment, procedure or examination, including his/her name and the name and address of his/her practice or office;

(c) the reason(s) for each such care, treatment, procedure, or examination;

(d) the charges for each such service; and date of your last visit.

**RESPONSE:** Plaintiff objects to Interrogatory No. 5 to the extent it seeks a medical analysis, diagnosis, or opinion which Plaintiff is unqualified to provide.

Subject to and without waiving said objections, Plaintiff identifies the following providers as ones she has seen after the incident:

AICA Orthopedics Stockbridge
260 Corporate Center Dr., Ste. E.
Stockbridge, GA 30281
Date of Service: 3/25/21

Summit Surgery Center of Buckhead
80 Jesse Hill Jr. Dr. SE
Atlanta, GA 30303

Wellstar Spalding Regional Hospital
WS Sylvan Grove Hospital
601 South 8th St.
Griffin, GA 30224

S&S Imaging Associates
P.O. Box 29056
Belfast, ME 04915-2042

6.

If you have ever suffered a personal injury to any part of your body (other than the injury alleged from this incident), please:

(a) describe the injury, including the date of the injury, and the cause of the injury;

(b) identify the provider of any medical services or treatment in connection therewith, including his/her name, address, and telephone number;

(c) identify the responsible party, including his/her insurance carrier;

(d) if you made a claim for bodily injury as a result of the incident(s), please identify the incident, the outcome of the claim, and the identity, including the address of the person, firm, or corporation against whom the claim was made; and

(e) if any civil litigation resulted from the incident, state the style of the case, the court in which it was filed, and the civil action file number.

**RESPONSE:** Plaintiff objects to Interrogatory No. 6 because it is irrelevant, overly broad, not limited in time and scope, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving said objections, to the best of Plaintiff's current recollection, she has not suffered any injuries other than the ones at issue in this matter.

7.

Please itemize all expenses and special damages which you are seeking recovery for in this litigation.

**RESPONSE:** Plaintiff objects to Interrogatory No. 7 to the extent it seeks a medical analysis, diagnosis, or opinion which Plaintiff is unqualified to provide. Additionally, Plaintiff objects on the grounds that this Interrogatory seeks disclosure of the mental impressions, conclusions, opinions and legal theories of Plaintiff or Plaintiff's representatives.

Subject to and without waiving said objections, Plaintiff currently itemizes her special damages as follows:

| Provider | Amount |
|---|---:|
| S&S Imaging | $86.00 |
| Georgia Emergency Group, LLC | $4,805.00 |
| AICA Orthopedics | $19,257.50 |
| Wellstar Spalding Regional Hospital | $12,578.80 |
| Summit Surgery Center of Buckhead | $10,908.40 |
| **TOTAL:** | **$47,635.70** |

In addition to the special damages itemized above, Plaintiff also has a valid claim for pain and suffering. The value of this claim will largely be left to the conscience of an impartial jury.

8.

Please describe all physical and mental injuries you allege to have been received in the incident referenced in the Complaint.

**RESPONSE:** Plaintiff objects to Interrogatory No. 8 to the extent it seeks a medical analysis, diagnosis, or opinion which Plaintiff is unqualified to provide. Subject to and without waiving said objections, please see attached medical records.

Subject to and without waiving said objections, Plaintiff states her back and knee were hurt in this incident.

9.

As to any insurer, employer, person, or other entity which paid any of the bills arising from the incident referenced in the Complaint or any incident subject to identification in response to interrogatory number 6, please:

(a)　describe the injury, including the date of the injury, and the cause of the injury;

(b)　identify the provider of any medical services or treatment in connection therewith, including his/her name, address, and telephone number;

(c)　identify the responsible party, including his/her insurance carrier;

(d)　if you made a claim for bodily injury as a result of the incident(s), please identify

        the incident, the outcome of the claim, and the identity, including the address of the person, firm, or corporation against whom the claim was made; and

(e)     if any civil litigation resulted from the incident, state the style of the case, the court in which it was filed, and the civil action file number.

**RESPONSE:** Not applicable.

10.

If you are claiming lost earnings, please state:

(a)     the total amount of the lost earnings which you seek to recover in this litigation;

(b)     the specific dates you missed from work due to your alleged injuries;

(c)     on the date of the incident referenced in the Complaint, your employer, your employer's address, your occupation, your duties, your earnings and how long you had held such occupation;

(d)     if there has been any change in your occupation(s), employer(s), duties, or earnings since the incident, please describe each such change;

(e)     state the number of hours you typically worked at the time of the collision;

(f)     state how the injuries which you allege resulted from the incident prevented you from performing your job duties; and

(g)     describe the method which you have used to calculate your lost earnings or wages.

**RESPONSE:** Plaintiff is not currently making a claim for lost wages.

11.

State with specificity and in reasonable detail how the alleged incident which is the basis of your lawsuit in this matter happened, including, but not limited to:

(a) The date, time, and location of the alleged incident;

(b) Your purpose for being on the premises;

(c) How many times you had previously been on the premises;

(d) A complete and detailed description of the area where the alleged incident occurred;

(e) What you believe caused the alleged incident;

(f) every act or omission of the defendant(s) that you contend caused or contributed to your alleged injuries and/or damages; and

(g) to whom and the date and time you reported the alleged incident.

**RESPONSE:** Plaintiff objects to Interrogatory No. 11 to the extent that it seeks information protected by the work product doctrine, attorney-client privilege, and/or prepared in anticipation of litigation. Further, Plaintiff objects to Interrogatory No. 11 to the extent it seeks legal reasoning, analysis, opinions, conclusions and/or theories of Plaintiff's contentions that Plaintiff is not qualified to provide. Additionally, Plaintiff objects to this Interrogatory to the extent it seeks to limit Plaintiff's response to the information currently available to her. Discovery is ongoing and Plaintiff has a right to amend and/or supplement his response at a later date.

Subject to and without waiving said objections, Plaintiff refers Defendants to her Complaint. Responding further, Plaintiff states that she went shopping at Walmart for poinsettias. Plaintiff states that, as she was walking through the Garden Center, she slipped and fell on an oily substance, injuring herself. Plaintiff believes that Defendants fail to maintain a clean floor and/or warn customers like Plaintiff of the oily substance prior to her fall.

12.

Identify each and every drawing, photograph, videotape, and computer animation of the incident scene or the persons involved in the incident, indicating the date made, its subject, its photographer or drawer, and its current custodian.

**RESPONSE:** Plaintiff objects to Interrogatory No. 12 to the extent that it seeks information protected by the work product doctrine, attorney-client privilege, and/or prepared in anticipation of litigation.

Subject to and without waiving said objection, Plaintiff is producing a photograph which shows the location in Walmart where Plaintiff fell. Plaintiff believes security camera footage of the incident exists, but he is not currently in possession of it.

13.

If you have ever been convicted of or pled guilty to any felony or misdemeanor, (other than routine traffic violations), please state the nature of the offense, the date, and jurisdiction of the conviction.

**RESPONSE:** Plaintiff objects to Interrogatory No. 13 on the grounds that it is overly broad, not limited in time and scope, unduly burdensome, seeks information that is not reasonably calculated to lead to the discovery of admissible evidence, and seeks information that is not relevant to the issues in this case.

Subject to and without waiving said objections, Plaintiff states that, to the best of her knowledge and recollection, she has never been arrested or convicted of any crimes.

14.

If you have ever filed for bankruptcy, please provide:

(a) the name and address of the court where you filed for each bankruptcy;

(b) the year of filing; and

(c) the status or disposition of each bankruptcy filing.

**RESPONSE:**   Plaintiff objects to Interrogatory No. 14 because it is irrelevant, overly broad, not limited in time and scope, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving said objections, Plaintiff states that she has not filed any bankruptcies.

15.

If you have ever been involved (whether as a driver, passenger, or pedestrian) in a motor vehicle incident, either prior or subsequent to the injury alleged which is the subject of this lawsuit, please:

(a) Describe the incident, including the date of the incident and the injuries suffered;

(b) If you were injured in the incident, identify the provider of any services or treatments in connection therewith, including his/her name, address, and telephone number;

(c) Identify the responsible party including his/her insurance carrier;

(d) Identify any police department, sheriff's office, or patrol unit that investigated the incident;

(e) If you made a claim for bodily injury as a result of the incident(s), please indicate the incident, the outcome of the claim, and the identity, including the address of the person, firm, or corporation against whom the claim was made; and

(f) If any civil litigation resulted from the incident, state the style, court in which it was filed, and the civil action file number.

**RESPONSE:** Plaintiff objects to Interrogatory No. 15 because it is irrelevant, overly broad, not limited in time and scope, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving said objections, Plaintiff states that she was involved in an automobile accident in Henry County, Georgia, in or around 2019. Plaintiff further states that she was not injured nor was she involved in any litigation related to that accident.

16.

If you have ever been involved in any other lawsuit, whether as a plaintiff or defendant, please state:

(a)   the basis of the lawsuit;

(b)   the style and court in which the lawsuit was filed;

(c)   the civil action file number of the lawsuit; and

(d)   the final disposition of the lawsuit.

**RESPONSE:** Plaintiff objects to Interrogatory No. 16 because it is irrelevant, overly broad, not limited in time and scope, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving said objections, Plaintiff does not currently recall ever being a party to any other civil action besides this current one.

17.

If you continue to have any activity restrictions as a result of incident referenced in the complaint, please describe the nature of each and every such restriction.

**RESPONSE:** Plaintiff objects to Interrogatory No. 17 to the extent it seeks a medical analysis, diagnosis, or opinion which Plaintiff is unqualified to provide.

Subject to and without waiving said objections, Plaintiff has mostly returned to her normal activity level.

18.

State whether you, prior to this incident, had any physical and/or mental restriction or impairment. If so, please describe each such restriction or impairment in detail.

**RESPONSE:** Plaintiff objects to Interrogatory No. 18 to the extent it seeks a medical analysis, diagnosis, or opinion which Plaintiff is unqualified to provide.

Subject to and without waiving said objections, to the best of Plaintiff's current understanding, no.

19.

Please identify the e-mail address, profile name, and/or network to which you belong for any social networking or photo sharing websites, such as Facebook, LinkedIn, Instagram, Vine, Flickr, Picasa, Tumblr, MySpace and Twitter.

**RESPONSE:** Plaintiff objects to Interrogatory No. 19 on the grounds that it is vague, overly broad, unduly burdensome, harassing, and seeks privileged, confidential, and irrelevant information which is not reasonably calculated to lead to the discovery of admissible evidence. *See e.g.*, *Jewell v. Aaron's, Inc.*, 1:12-CV-0563-AT, 2013 WL 3770837, at *5 (N.D. Ga. 2013) (holding that although downloading Facebook data was technologically feasible, the overly broad request was "far outweighed by the remote relevance of the information."). Courts routinely deny similar requests that amount to no more than prohibited fishing expeditions for the discovery of private social media information where a Defendant fails to make the necessary threshold showing of relevancy of the information contained in an individual's private social networking sites (SNS). *Gibson v. Ford Motor Co.*, 510 F.Supp 2d 1116, 1121 (N.D. Ga. 2007); *Jewell v. Aaron's, Inc.*,

No. 1:12-CV-0563, 2013 WL 3770837, 2013 U.S. Dist. LEXIS 102182, at *13 (N.D. Ga. July 19, 2013). *See also Palma v. Metro PCS Wireless, Inc.*, 18 F. Supp. 3d 1346, 1347 (M.D. Fla. 2014); *Tompkins v. Detroit Metro. Airport*, 278 F.R.D. 387, 388 (E.D. Mich. 2012).

To the extent further response is required, Plaintiff currently does not recall posting about this Incident on any social media account.

20.

If you have, or anyone on your behalf has, entered into any type of agreement, insurance policy, or indemnification agreement which will pay benefits to you or on your behalf in the event that any recovery in the above-styled litigation does not meet a certain threshold, please indicate the following: (a) the parties to the agreement; (b) the triggering event for benefits to be paid under the agreement; (c) the maximum amount of benefits which can be paid under the agreement; and (d) the premium paid for the agreement.

**RESPONSE:** Plaintiff objects to Interrogatory No. 20 because it is irrelevant, overly broad, not limited in time and scope, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this interrogatory on the grounds that it seeks information about nondiscoverable collateral source benefits.

21.

Please identify each and every individual, company, corporation, or other entity who/which has a financial interest in the outcome of this case.

**RESPONSE:** Plaintiff objects to Interrogatory No. 21 because it is irrelevant, overly broad, not limited in time and scope, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this interrogatory on the grounds that it seeks information about nondiscoverable collateral source benefits.

22.

If you had a cell phone in your possession at the time of the incident, please provide the cell phone number, name of the service provider, and accountholder for the service plan.

**RESPONSE:** Plaintiff objects to Interrogatory No. 22 on the grounds that it is irrelevant, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving said objections, Plaintiff states that she had a cell phone through T-Mobile at the time of the incident. Plaintiff will provide that phone number at her deposition.

This 13th day of February, 2023.

**MORGAN & MORGAN ATLANTA, PLLC**

*/s/ Benjamin J. Welch*

BENJAMIN J. WELCH
BWelch@ForThePeople.com
Georgia State Bar No.: 459886
Post Office Box 57007
Atlanta, GA 30343-1007
404-965-8811 (Telephone)
404-965-8812 (Fax)
*Attorney for Plaintiff*

**IN THE STATE COURT OF HENRY COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| TONI MILLERDEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION FILE |
| vs. ) | NO.: STSV2022002019 |
| ) | |
| WAL-MART STORES EAST, LP ) | |
| (DELAWARE); STEVE BRISCUSO; ) | |
| ABC CORPS. 1-2; and JOHN DOES 1-3, ) | |
| ) | |
| Defendants. ) | |

## CERTIFICATE OF SERVICE

This is to certify that, by serving electronically, a true and correct copy of the foregoing

**PLAINTIFF'S RESPONSES TO DEFENDANT WALMART STORES EAST, LP'S FIRST INTERROGATORIES** was served upon all parties, which are identified as follows:

Jonathan M. Adelman
Casey J. Brown
WALDON ADELMAN CASTILLA HIESTAND & PROUT
900 Circle 75 Parkway
Suite 1040
Atlanta, Georgia 30339
*Attorneys for Defendants*

This 13th day of February, 2023.

**MORGAN & MORGAN ATLANTA, PLLC**

*/s/ Benjamin J. Welch*

BENJAMIN J. WELCH
BWelch@ForThePeople.com
Georgia State Bar No.: 459886
Post Office Box 57007
Atlanta, GA 30343-1007
404-965-8811 (Telephone)
404-965-8812 (Fax)
*Attorney for Plaintiff*