IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RYAN AUSTIN, Individually and on Behalf of All Those Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>UNITED POOL MAINTENANCE, LLC,<br><br>Defendant. | Case No. |

## COMPLAINT

Plaintiff Ryan Austin (hereinafter "Austin"), individually and on behalf of all others similarly situated, brings this Complaint against Defendant United Pool Maintenance (hereinafter "United") and alleges as follows:

## NATURE OF THE ACTION

1.

This is a collective action arising under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.*, ("FLSA") to address United's failure to pay Austin and all similarly situated employees an FLSA overtime premium for all work

1

in excess of forty hours a week.

2.

United operates a pool maintenance and repair business in Roswell, Georgia and the surrounding area and at other locations throughout the United States.

3.

United employed Austin as a pool technician at the Roswell, Georgia location from on or about July 19, 2022 through November 18, 2022 (hereinafter the "Relevant Time Period").

4.

United failed to pay Austin at one- and one-half times his regular rate for time he worked in excess of 40 hours in any work week.

5.

Austin brings this action on behalf of himself, and all other similarly situated employees of United, to recover unpaid overtime premium pay, owed to them pursuant to the FLSA and supporting regulations.

## JURISDICTION AND VENUE

6.

This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337, 1343. In addition, the Court has jurisdiction over Austin's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

7.

Venue is proper in this district pursuant to 28 U.S.C. § 1391 a substantial part of the events or omissions giving rise to Austin's claims occurred in this judicial district.

8.

This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

**Plaintiff:**

9.

Austin is a natural person individual currently residing in Blount County, Tennessee.

**United:**

10.

United is a domestic limited liability company formed and operating in the State of Georgia.

11.

United is subject to the jurisdiction of this Court.

12.

United may be served with process through its registered agent, Andrew Becker, Esq. at 5755 North Point Parkway, Suite 284, Alpharetta, Georgia 30022.

13.

At all times material hereto, United was an "employer" of Austin within the meaning of FLSA § 3(d), 29 U.S.C. §203(d).

## ENTERPRISE COVERAGE

14.

During 2022, United had gross revenues in excess of $500,000, within the meaning of 29 U.S.C. § 203(s)(1)(A)(ii).

15.

Throughout the Relevant Time Period, United has employed persons as pool technicians, including Plaintiff, who handled, sold, or otherwise worked on goods or materials that were moved in or produced for commerce, in the furtherance of the commercial purpose of United, including, but not limited to, pool machinery; pool supplies; computers; telephones; and office supplies.

16.

Throughout the Relevant Time Period, United has been an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A)(i) and (ii) and (s)(1)(B).

17.

Throughout 2019, United employed two or more persons who were "engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1)(A).

18.

During 2019, United had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." within the meaning of 29 U.S.C. § 203(s)(1)(A).

19.

Throughout 2020, United employed two or more persons who were "engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1)(A).

20.

During 2020, United had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." within the meaning of 29 U.S.C. § 203(s)(1)(A).

21.

Throughout 2021, United employed two or more persons who were "engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1)(A).

22.

During 2021, United had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." within the meaning of 29 U.S.C. § 203(s)(1)(A).

23.

Throughout 2022, United employed two or more persons who were "engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1)(A).

24.

During 2022, United had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." within the meaning of 29 U.S.C. § 203(s)(1)(A).

25.

At all times material hereto, United has been an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

## STATEMENT OF FACTS

26.

United employed Austin as a pool technician from on or about July 19, 2022 through November 18, 2022.

27.

As a pool technician, Austin's job duties included: performing maintenance and repairs on Defendant's customers' pools.

28.

Throughout the Relevant Time Period, United compensated Austin at a regular

7

hourly rate of $22.00 per hour.

29.

Throughout the Relevant Time Period, Austin often worked more than forty hours in a work week.

30.

Throughout the Relevant Time Period, United maintained and followed a policy and practice of paying its hourly employees an overtime premium if and only if such employee worked more than 88 hours in a semi-monthly pay period.

31.

FLSA § 7, 29 U.S.C. § 207, requires that United compensate its employees at a rate of one and one–half times their regular rate for all time worked in excess of forty (40) hours in a seven-day work week.

32.

Throughout the Relevant Time Period, United failed to pay Austin at one and half times of his regular rate for time worked in excess of forty hours in a work week.

33.

Throughout the Relevant Time Period, United willfully failed to pay Austin at

one and half times of his regular rate for time worked in excess of forty hours in a week.

34.

United knew or should have known that the FLSA § 7 requires that United pay Austin at a rate of one–and–one–half times his regular rate for all time worked in excess of forty (40) hours in a work week.

35.

Upon information and believe United failed to rely on any letter ruling from the Department of Labor indicating that it was permissible to pay its hourly employees an overtime premium only after they work more than 88 hours in a semi-monthly work period.

## FLSA COLLECTIVE ACTION ALLEGATIONS

36.

Pursuant to 29 U.S.C. §§ 207 & 216(b), Austin brings this action as a collective action under the FLSA, on behalf of himself and the following collective:

> All persons who United employed as pool technicians in any state or territory of the United States, who were paid on an hourly basis and worked more than forty hours in any work week during the three (3)

years preceding the initiation of this action (the "Collective Action Period"), (the "Collective Action Members").

37.

United failed to pay the Collective Action Members at one and half times their regular hourly rates for all hours worked in excess of forty hours in a week.

38.

United willfully failed to pay the Collective Action Members at one and half times their regular hourly rates for all hours worked in excess of forty hours in a week.

39.

Throughout the Relevant Time Period, United maintained and operated under a policy of failing to pay an overtime premium for all work performed in excess of 40 hours per week.

40.

Throughout the Relevant Time Period, United maintained and operated under a policy of failing to pay an overtime premium until after pool technicians worked more than 88 hours in a semi-monthly pay period.

41.

Throughout the Relevant Time Period, United's policy of failing to pay an overtime premium for all work performed in excess of 40 hours per week is unlawful.

42.

Austin and the Collective Action Members were all subjected to United's policy of failing to pay an overtime premium for all work performed in excess of 40 hours per week.

43.

Austin and the Collective Action Members are similarly situated.

44.

The exact number of employees who have suffered the same unpaid overtime wage injury as Austin is unknown at this time.

**CAUSE OF ACTION**
**UNPAID OVERTIME**

45.

The allegations in paragraphs 1-44 above are incorporated by reference as if stated verbatim herein.

46.

Austin and the Collective Action Members are entitled to payment of due but unpaid overtime from United, in an amount to be determined at trial in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

47.

As a result of the underpayment of overtime compensation as alleged above, Austin and the Collective Action Members are entitled to liquidated damages from United in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

48.

As a result of the underpayment of overtime compensation as alleged above, Austin and the Collective Action Members are entitled to litigation costs, including reasonable attorneys' fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

**PRAYER FOR RELIEF**

WHEREFORE, Austin respectfully requests that this Court grant the following relief:

(a) An order tolling the relevant statutes of limitations;

(b) An order certifying this action as an FLSA Collective Action;

(c) A trial by jury as to all matters properly triable to a jury;

(d) An award of due but unpaid overtime wages to Austin and the Collective Action Members from United;

(e) An award of liquidated damages to Austin and the Collective Action Members from United;

(f) An award of prejudgment and post-judgment interest;

(g) An award of costs and expenses of this action together with Plaintiff's reasonable attorneys' fees;

(h) An award of nominal damages; and

(i) Such other and further relief and this Court deems just and proper.

Respectfully submitted,

**D**ELONG **C**ALDWELL **B**RIDGERS
**F**ITZPATRICK **& B**ENJAMIN**, LLC**

*/s/ K*EVIN *D. F*ITZPATRICK*, J*R*.*
KEVIN D. FITZPATRICK. JR.
GA. BAR NO. 262375

101 MARIETTA STREET, NW
SUITE 2650
ATLANTA, GEORGIA 30303
(404) 979-3150
(404) 979-3170 (f)
kevin.fitzpatrick@dcbflegal.com
charlesbridgers@dcbflegal.com

*/s/C*HARLES *R. B*RIDGERS
CHARLES R. BRIDGERS
GA. BAR NO. 080791

COUNSEL FOR PLAINTIFF

13