IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| STATE OF FLORIDA; and<br>FLORIDA AGENCY FOR HEALTH CARE ADMINISTRATION,<br><br>    *Plaintiffs,*<br><br>UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES,<br><br>    *Defendant.* | CIVIL ACTION<br><br>FILE NO._____ |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

NOW COMES Plaintiff Florida Agency for Health Care Administration ("AHCA"), an arm of Plaintiff State of Florida ("Florida" or "the State") and states as follows:

**NATURE OF THE CASE**

1. Plaintiffs bring this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended, challenging the failure of Defendant the United States Department of Health and Human Services ("HHS") to respond to and fulfill AHCA's FOIA request for records.

2. AHCA submitted a January 30, 2023 Freedom of Information Act ("FOIA") request to HHS seeking documents related to, *inter alia*, HHS's

1

March 2, 2022 Notice and Guidance on Gender Affirming Care, Civil Rights and Patient Privacy (the "March 2022 HHS Guidance") and AHCA's adoption of Rule 59G-1.050(7) excluding treatment of gender dysphoria from Medicaid reimbursement in Florida. Ex. 1 at 1–3.

3. To date, HHS has not responded within FOIA's statutory deadline. Plaintiffs accordingly bring this suit to compel HHS to immediately respond to AHCA's FOIA request and promptly disclose all responsive, non-exempt records.

## PARTIES

4. Plaintiff State of Florida is a sovereign state and has the authority and responsibility to protect its sovereign interests and the health, safety, and welfare of its citizens.

5. Plaintiff Florida Agency for Health Care and Administration ("AHCA") is an agency and arm of the State of Florida. AHCA's mission is to facilitate better health care for all Floridians. As part of that mission, AHCA is responsible for the administration of the Florida Medicaid program, licensure and regulation of Florida's health facilities, and for providing information to Floridians about the quality of care they receive.

6. Defendant HHS is a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1), and has possession, custody, and control of records to

which Plaintiff seeks access pursuant to FOIA. AHCA's FOIA request at issue in this suit was addressed and directed to the HHS Office of the Secretary (HHS-OS) and the HHS Office for Civil Rights (HHS-OCR).[1]

## LEGAL STANDARD

7. FOIA requires a federal administrative agency to promptly make available requested, non-exempt agency records in response to a request that (a) reasonably describes such records, and (b) "is made in accordance with published rules stating the time, place, fees, ... and procedures to be followed[.]" 5 U.S.C. § 552(a)(3)(A).

8. FOIA requires federal agencies to respond to a valid request within 20 working days (i.e., exempting Saturdays, Sundays, and legal public holidays) after receipt of such request, including notifying the requestor immediately of its determination, the reasons therefor, and the right to appeal any adverse determination. 5 U.S.C. § 552(a)(6)(A)(i); 45 C.F.R. § 5.24(b).

---

[1] HHS-OCR's stated mission is to ensure compliance with our nation's civil rights, conscience and religious freedom, and health information privacy and security laws. According to HHS's online webpage, HHS-OCR enforces civil rights and conscience and religious freedom laws, and protects the privacy, security, and availability of individuals' health information with the stated purpose of, *inter alia*, ensuring equal access to health and human services, protecting the exercise of religious beliefs and moral convictions by individuals and institutions participating in HHS programs, and protecting individuals' health information. *See* HHS, "OCR Mission & Vision," *available at* https://www.hhs.gov/ocr/about-us/mission-vision/index.html.

9. FOIA requires federal agencies to process any request for records to which the agency has granted expedited processing "as soon as practicable." 5 U.S.C. § 552(a)(6)(E)(iii). When an agency fails to meet the 20-working day requirement for responding to FOIA requests with a determination, it "presumptively also fails to" meet the expedited processing requirement. *Elec. Privacy Info. Ctr. v. DOJ*, 416 F. Supp. 2d 30, 39 (D.D.C. 2006).

10. In certain circumstances, a federal agency may provide notice to the requester that "unusual circumstances" merit additional time—up to an additional 10 working days—to respond to the request. 5 U.S.C. § 552(a)(4)(A)(viii)(II)(aa); 45 C.F.R. § 5.24(f).

11. If the federal agency does not respond to a FOIA request by the statutory deadline, the requester is deemed to have exhausted administrative remedies and may immediately pursue judicial review. 5 U.S.C. § 552(a)(6)(C)(i).

## JURISDICTION AND VENUE

12. This Court has jurisdiction under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201.

13. Venue lies with this district under 28 U.S.C. § 1391(e)(1) because an agency of the United States is a Defendant, and because this is a district "in which the [requested] agency records are situated," 5 U.S.C. § 552(a)(4)(B).

Specifically, the Regional Office for the Southeast Region of HHS-OCR (to which AHCA directed its January 30, 2023 FOIA request for records) is located at 61 Forsyth Street, S.W. Atlanta, Georgia.[2]

## FACTUAL BACKGROUND

14. On January 30, 2023, AHCA submitted a FOIA request, along with an application for expedited processing and a public interest fee waiver, to HHS, and directed the request via HHS's online FOIA portal to HHS-OS and HHS-OCR. Ex. 1. The FOIA request sought, *inter alia*:

   a. Records relating to the March 2022 HHS Guidance;

   b. Records relating to the Florida Department of Health's April 20, 2022 Guidance titled "Treatment of Gender Dysphoria for Children and Adolescents" ("April 2022 DOH Guidance");

   c. Records relating to AHCA's June 2022 Generally Accepted Professional Medical Standards Determination on the Treatment of Gender Dysphoria ("June 2022 AHCA GAPMS") report;

---

[2] *See* HHS, "Contact Us," *available at* https://www.hhs.gov/ocr/about-us/contact-us/index.html. *see also id.* (noting that the Southeast Regional Office in Atlanta, Georgia operates on behalf of Florida and seven other states); *see also* HHS, "HHS Region 4," *available at* https://www.hhs.gov/about/agencies/iea/regional-offices/region-4/index.html (illustrating that HHS-OCR operates under "HHS Region 4" encompassing the same eight states that fall within HHS-OCR's Southeast Region).

  d. Records relating to AHCA's adoption of Rule 59G-1.050(7) of the Florida Administrative Code, titled "Gender Dysphoria";

  e. Records relating to pending litigation challenging AHCA's adoption of Florida Administrative Code 59G-1.050(7), or any other pending litigation involving HHS (or its components) regarding gender dysphoria; and

  f. Records containing communications with identified nonprofit organizations and associations pertaining to the above-mentioned issues.

15. AHCA's FOIA request was addressed and directed to HHS-OS and HHS-OCR offices located in Washington, D.C., as well as to Barbara Stampul, Regional Manager for HHS-OCR, whose office is located at 61 Forsyth Street, S.W. Atlanta, Georgia. AHCA requested records in the possession of each of these offices. *See* Ex. 1 at 2.

16. HHS acknowledged receiving the request on January 30, 2023, and noted that the request had been assigned Case Number 2023-00397-FOIA-OS. Ex. 2.[3]

---

[3] Although HHS in a subsequent February 10, 2023 email stated that AHCA's FOIA Request had been "submitted" to HHS "on January 31, 2023," Ex. 3, the record demonstrates that this was likely a typographical error. AHCA submitted the request through the online portal to both HHS-OS and HHS-

17. When it submitted its FOIA request, AHCA requested expedited processing pursuant to 45 C.F.R. § 5.27 and 5 U.S.C. § 552(a)(6)(E) based on, *inter alia*, the urgency of informing the public concerning issuance of the March 2022 HHS Guidance and because AHCA will publicly disseminate any information obtained to inform the public regarding issues of significant interest. *See* Ex. 1 at 4–5.

18. On February 10, 2023, HHS sent a letter to AHCA "on behalf of the Department as a whole" informing AHCA that HHS granted AHCA's request for expedited processing because AHCA had demonstrated a "compelling need" for the requested records and that there is an "urgency to inform the public concerning actual or alleged Federal activity." Ex. 5.

19. As of February 28, 2023, at the close of business hours, 20 working days (i.e., exempting Saturdays, Sundays, and legal public holidays) had passed since HHS received AHCA's request. *See* 5 U.S.C. § 552(a)(6)(A)(i); 45 C.F.R. § 5.24(b).

20. Despite granting AHCA's request for expedited processing, to date HHS has not made or communicated its determination in response to the FOIA

---

OCR online portal on January 30, 2023, Ex. 4, and HHS confirmed via email and letter that the request was actually "[r]eceived" on January 30, 2023. *See* Exs. 2, 5.

7

request, nor provided any responsive materials, nor explained that responsive materials have been or will be withheld.

## CLAIMS FOR RELIEF

## COUNT ONE

**(Failure to Comply with Statutory Deadlines in Violation of FOIA)**

21. The allegations in paragraphs 1–20 are expressly incorporated herein as if restated in full.

22. To date, HHS has failed to respond to the FOIA request identified above.

23. More than 20 working days have passed since that FOIA request was received and logged by HHS on January 30, 2023.

24. FOIA requires HHS to have provided a final determination within 20 working days of AHCA's FOIA request. HHS may extend this 20-day period in the event of "unusual circumstances," as defined by 5 U.S.C. § 552(a)(6)(B)(iii), for a maximum of 10 working days, but must provide AHCA with notice of doing so. *See id.* § 552(a)(4)(A)(viii)(II)(aa), (6)(B)(ii).

25. HHS did not provide a final determination within 20 working days of receiving and logging the FOIA request, nor has HHS stated that unusual circumstances exist warranting a 10-day extension.

26. Additionally, by failing to meet the standard 20-working-day requirement for responding to AHCA's FOIA request with a determination, HHS also presumptively failed to meet FOIA's expedited processing requirement to process the request "as soon as practicable." *See* 5 U.S.C. § 552(a)(6)(E)(iii). By granting AHCA's request for expedited processing, HHS has already conceded that AHCA's FOIA request meets the requirements for expedited treatment because AHCA has demonstrated a "compelling need" for the requested records. *See* Ex. 5.

27. HHS has thus failed to timely make a determination, in violation of FOIA. *See* 5 U.S.C. § 552(a)(6).

28. All administrative remedies required by FOIA have been constructively exhausted. *See* 5 U.S.C. § 552(a)(6)(C)(i).

## COUNT TWO
### (Unlawful Withholding of Agency Records in Violation of FOIA)

29. The allegations in paragraphs 1–20 are expressly incorporated herein as if restated in full.

30. FOIA requires HHS to process records requests and promptly provide the requested records or the reasonably segregable portion of records not subject to a FOIA exemption. 5 U.S.C. § 552(a)(3)(B).

31. HHS has neither provided AHCA any responsive documents in response to its request, nor has HHS claimed that any responsive records are exempt from disclosure.

32. Therefore, HHS's failure to produce requested records or claim applicable exemptions violates FOIA. 5 U.S.C. § 552(a)(3)(B).

## COUNT THREE
### (Declaratory Judgment)

33. The allegations in paragraphs 1–20 are expressly incorporated herein as if restated in full.

34. For the same reasons described in each of the previous counts, Plaintiffs are entitled to a declaratory judgment that HHS has been and is violating the law.

## PRAYER FOR RELIEF

Plaintiffs respectfully request that the Court:

A. Declare that HHS failed to make a timely determination on AHCA's request, in violation of FOIA, 5 U.S.C. §§ 552(a)(6)(A)(i), (a)(6)(E)(iii);

B. Declare that HHS failed to promptly provide records responsive to AHCA's request, in violation of FOIA, 5 U.S.C. § 552(a)(3);

C.     Order HHS to immediately conduct a reasonable search for all responsive records and demonstrate that it employed search methods reasonably calculated to uncover all records responsive to the requests as required by FOIA, 5 U.S.C. § 552(a)(3)(C);

D.     Order HHS to immediately provide a determination on AHCA's request as required by FOIA, 5 U.S.C. § 552(a)(6)(A)(i), and produce a *Vaughn* index of any responsive records withheld under claim of exemption, *see Judicial Watch, Inc. v. FDA*, 449 F.3d 141, 145–146 (D.C. Cir. 2006);

E.     Order HHS to promptly make available to AHCA all responsive, non-exempt records, as required by FOIA, 5 U.S.C. § 552(a)(3);

F.     Maintain jurisdiction over this action to ensure that HHS produces all non-exempt responsive records to AHCA and that any non-exempt portions of responsive records are not improperly withheld;

G.     Award reasonable attorneys' fees and allowable costs, including under 5 U.S.C. § 552(a)(4)(E); and

H.     Grant Plaintiffs such other and further relief to which they are justly entitled at law and in equity.

Dated: March 1, 2023

Respectfully submitted,

ASHLEY MOODY
ATTORNEY GENERAL

| | |
|---|---|
| */s/Joseph Hart* | */s/Gary Hunter* |
| Joseph E. Hart* (GBN 554067) | Gary Hunter* (GBN 378878) |
| ASSISTANT ATTORNEY GENERAL OF LEGAL POLICY | ghunter@holtzmanvogel.com |
| | Mohammad O. Jazil** |
| | mjazil@holtzmanvogel.com |
| Office of the Attorney General | HOLTZMAN VOGEL BARAN TORCHINSKY & JOSEFIAK PLLC |
| The Capitol, Pl-01 | 119 South Monroe Street, Suite 500 |
| Tallahassee, Florida 32399-1050 | Tallahassee, FL 32301 |
| (850) 414-3300 | |
| (850) 410-2672 (fax) | |
| joseph.hart@myfloridalegal.com | Andrew T. Sheeran** |
| | General Counsel |
| * *Lead Counsel* | Andrew.Sheeran@ahca.myflorida.com |
| | Agency for Health Care Administration |
| *Counsel for the State of Florida* | 2727 Mahan Drive, Mail Stop #3 |
| | Tallahassee, Florida 32308 |
| | (850) 412-3670 |
| | |
| | * *Lead Counsel* |
| | **Pro Hac Vice Pending |
| | |
| | *Counsel for Agency for Health Care Administration* |