IN THE SUPERIOR COURT OF NEWTON COUNTY
STATE OF GEORGIA

🏛 EFILED IN OFFICE
CLERK OF SUPERIOR COURT
NEWTON COUNTY, GEORGIA

**SUCV2022000709**

W. KENDALL WYNNE, JR
APR 08, 2022 03:09 PM

*Linda D. Hays*
Linda D. Hays, Clerk
Newton County, Georgia

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY a/s/o CENIE TRAMMELL, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) CIVIL ACTION FILE NO.: |
| DELL TECHNOLOGIES INC. AND NEWTON COUNTY SCHOOL SYSTEM, | ) ) ) |
| Defendants. | ) ) ) |

## COMPLAINT FOR DAMAGES

COMES NOW, STATE FARM FIRE AND CASUALTY COMPANY a/s/o CENIE TRAMMELL, Plaintiff herein, and files this Complaint for Damages, respectfully showing the Court as follows:

1.

Plaintiff State Farm Fire and Casualty Company ("State Farm") avails itself of the jurisdiction and venue of this Court.

2.

Defendant Dell Technologies Inc. ("Dell") is a foreign corporation which, at all times relevant to this action, was doing business in the State of Georgia. Defendant Dell Technologies Inc. may be served with process through its registered agent, to wit: Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808. Defendant Dell Technologies Inc. is subject to the venue and jurisdiction of this Court.

3.

Defendant Newton County School District ("Newton County") is the public school system of Newton County, Georgia, under the control and management of the Newton County

Board of Education, pursuant to O.C.G.A. § 20-2-50. Newton County School District may be served with process through Newton County Risk Management: 1124 Clark Street, Covington, GA 30014. Defendant Newton County is subject to the venue and jurisdiction of this Court.

4.

At all times relevant hereto, Defendant Dell Technologies Inc. (hereinafter, "Defendant Dell") was in the business of developing and manufacturing laptop computers, among other things.

5.

At all times relevant hereto, Defendant Newton County School System (hereinafter, "Defendant Newton County") was responsible for issuing and distributing Dell laptop computers to the students in their school district.

6.

At all times relevant to this action, Plaintiff State Farm had in force a policy of insurance written in favor of its insured, Cenie Trammell ("Plaintiff's insured"), which provided coverage for the property that Plaintiff's insured was renting located at 55 Dogwood Lane, Covington, GA 30014 (sometimes hereinafter referred to as "insured's rental").

7.

On or about March 3, 2021, the subject laptop computer, as a result of a design and/or manufacturing defect contained therein, failed, subsequently caught fire, and proximately caused substantial damage to Plaintiff's insured's personal property.

8.

In accordance with the terms and conditions of the policy issued to its insured, State Farm paid its insured for the damage to her property. The total amount of damages attributable to the

property loss sustained by Cenie Trammell as a result of the March 3, 2021 incident is in excess of $40,801.87.

9.

Upon making payments to its insured, State Farm became legally and equitably subrogated to its insured's right of recovery against Defendant. Accordingly, as subrogee of its insured, State Farm is entitled to recovery against Defendant.

## COUNT I – CLAIMS OF NEGLIGENCE AGAINST DEFENDANT DELL TECHNOLOGIES INC.

10.

Paragraphs 1 through 9 are incorporated by reference as if set forth verbatim herein.

11.

The fire was due to a failure within the subject laptop and Defendant Dell was negligent in designing, manufacturing, selling, supplying, and otherwise distributing the defective laptop.

12.

Defendant Dell's negligence was the direct and proximate cause of the damage to Plaintiff's insured's property.

13.

As a direct and proximate result of Defendant Dell's acts and/or omissions, Plaintiff is entitled to recovery of its losses from Defendant Dell.

## COUNT II – CLAIMS OF NEGLIGENCE AGAINST DEFENDANT NEWTON COUNTY SCHOOL SYSTEM

14.

Paragraphs 1 through 13 are incorporated by reference as if set forth verbatim herein.

3

15.

The fire was due to a failure within the subject laptop computer and Defendant Newton County was negligent in supplying and otherwise distributing the defective laptop computer.

16.

Defendant Newton County's negligence was the direct and proximate cause of the damage to Plaintiff's insured's property.

17.

As a direct and proximate result of Defendant Newton County's acts and/or omissions, Plaintiff is entitled to recovery of its losses from Defendant Newton County.

## COUNT III – CLAIMS OF BREACH OF WARRANTY AGAINST DEFENDANT DELL TECHNOLOGIES INC.

18.

Paragraphs 1 through 17 are incorporated by reference as if set forth verbatim herein.

19.

In selling, supplying and/or otherwise distributing the subject laptop, Defendant Dell impliedly and/or expressly warranted that it was safe and fit for the ordinary purpose for which it was intended, when in fact it was not fit for ordinary and normal use and, as such, did not conform to said promises and warranties.

20.

As a direct and proximate result of such breaches of warranty, Plaintiff sustained losses as described above.

21.

As a result of Defendant Dell's breaches of warranty, Plaintiff is entitled to recovery of its losses from Defendant Dell.

## COUNT IV – CLAIMS OF BREACH OF WARRANTY AGAINST DEFENDANT

## NEWTON COUNTY SCHOOL SYSTEM

22.

Paragraphs 1 through 21 are incorporated by reference as if set forth verbatim herein.

23.

In supplying and/or otherwise distributing the subject laptop, Defendant Newton County impliedly and/or expressly warranted that it was safe and fit for the ordinary purpose for which it was intended, when in fact it was not fit for ordinary and normal use and, as such, did not conform to said promises and warranties.

24.

As a direct and proximate result of such breaches of warranty, Plaintiff sustained losses as described above.

25.

As a result of Defendant Newton County's breaches of warranty, Plaintiff is entitled to recovery of its losses from Defendant Newton County.

## COUNT V – CLAIMS OF STRICT LIABILITY AGAINST DEFENDANT

## DELL TECHNOLOGIES INC.

26.

Paragraphs 1 through 25 are incorporated by reference as if set forth verbatim herein.

27.

Defendant Dell's product was not merchantable and reasonably suited to the use intended, and its condition when sold is the proximate cause of the damages sustained by Plaintiff. As a result, Defendant Dell is strictly liable in tort pursuant to O.C.G.A. § 51-1-11 (b)(1).

## COUNT VI – CLAIMS FOR ATTORNEY'S FEES AND EXPENSES OF LITIGATION

28.

Paragraphs 1 through 27 are incorporated by reference as if set forth verbatim herein.

29.

In this case of clear liability, Plaintiff made a reasonable demand for settlement upon the Defendant within the time allowed by law.

30.

No reasonable response to said demand was ever made by Defendant, thereby requiring Plaintiff to avail himself of the court system in an effort to seek redress for his damages.

31.

Defendant has acted in bad faith, has been stubbornly litigious, and has caused Plaintiff unnecessary trouble and expense.

32.

Accordingly, pursuant to O.C.G.A. §13-6-11, and U-Haul Co. of Western Georgia v. Ford, 171 Ga. App. 744 (1984), Plaintiff is entitled to recover his attorney's fees and expenses of litigation.

WHEREFORE, Plaintiff prays as follows:

a.   That they recover of Defendant in an amount to be proven at trial;

b.   That they recover of Defendant interest as provided by law;

c.   That they recover of Defendant its costs and attorney's fees in bringing this action;

d.   That they have a trial by Jury; and

e.   That they have such other and further relief as this Court may deem just and proper.

This the ____8____ day of _April_ 2022.

MILLER INSURANCE LAW ENTERPRISE

Eric D. Miller, Esq.
Georgia Bar No. 506574
Stephen G. Carlson, Esq.
Georgia Bar No. 670714
*Attorneys for Plaintiff*

115 Perimeter Center Place
South Terraces, Suite 430
Atlanta, GA 30346
Telephone: 404-923-7599
Facsimile: 404-855-4091
emiller@mileatlanta.com
scarlson@mileatlanta.com

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
NEWTON COUNTY, GEORGIA

**SUCV2022000709**

W. KENDALL WYNNE, JR
MAY 20, 2022 12:31 PM

Linda D. Hays, Clerk
Newton County, Georgia

**SUPERIOR COURT OF NEWTON COUNTY**
**STATE OF GEORGIA**

**STATE FARM FIRE AND CASUALTY COMPANY, a/s/o CENIE TRAMMELL,**

  **Plaintiff,**
**v.**

  **Civil Action File No. SUCV2022000709**

**DELL TECHNOLOGIES, INC., and NEWTON COUNTY SCHOOL SYSTEM,**

  **Defendants.**

## ANSWER OF DELL TECHNOLOGIES INC.

**COMES NOW** DELL TECHNOLOGIES INC., and answers Plaintiff's Complaint for Damages.

## NOTE

Dell Technologies Inc. did not sell the subject computer to Newton County School System and is not a proper defendant.

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

Plaintiff's warranty claims in Count III are barred for lack of privity (both as to State Farm and to its insured) and due to limitation and exclusion of remedies.

## THIRD DEFENSE

O.C.G.A. § 51–1–11(b)(1) restricts strict liability actions to natural persons and must be strictly construed. Therefore, the corporate plaintiff's Count V for strict liability is barred as a matter of law. *Mike Bajalia, Inc. v. Amos Constr. Co.*, 142 Ga.App. 225 (1977).

## FOURTH DEFENSE

Plaintiff suffered no damages as a result of any act or omission by the Defendant.

## FIFTH DEFENSE

Plaintiff's claim for attorneys' fees is barred by the existence of bona fide controversies.

## SIXTH DEFENSE

Plaintiff cannot prove that there was any defect in the product when it was sold by any Dell entity. Further, there no defect in the product caused any damages to Plaintiff.

## SEVENTH DEFENSE

Defendant breached no legal duty owed to Plaintiff.

## EIGHTH DEFENSE

Venue is not proper as to Defendant Dell, and in the absence of a judgment against a resident defendant, must be transferred to the proper court.

## NINTH DEFENSE

Pending discovery, Plaintiff's claims may be barred by comparative negligence, failure to mitigate, and laches.

## TENTH DEFENSE

DELL TECHNOLOGIES INC. responds to the individually numbered paragraphs as follows:

1. Defendant denies the allegations of this paragraph for want of sufficient knowledge.

2. Defendant admits the allegations of this paragraph for purposes of this matter only; however Dell Technologies Inc. did not sell the subject computer to Newton County School System and is not a proper defendant.

3. Defendant denies the allegations of this paragraph for want of sufficient knowledge.

4. Defendant admits the allegations of this paragraph.

5. Defendant denies the allegations of this paragraph for want of sufficient knowledge.

6. Defendant denies the allegations of this paragraph for want of sufficient knowledge.

7. Defendant denies that its product contained a design or manufacturing defect, or that any defect was the proximate cause of any damage to Plaintiff; otherwise, the allegations of this paragraph are denied for want of sufficient knowledge.

8. Defendant denies the allegations of this paragraph for want of sufficient knowledge.

9. Defendant denies the allegations of this paragraph for want of sufficient knowledge.

10. Defendant incorporates the preceding paragraphs by reference as if restated here verbatim.

11. Defendant denies the allegations of this paragraph.

112. Defendant denies the allegations of this paragraph.

13. Defendant denies the allegations of this paragraph.

14. Defendant incorporates the preceding paragraphs by reference as if restated here verbatim.

15. Defendant denies the allegations of this paragraph.

16. Defendant denies the allegations of this paragraph.

17. Defendant denies the allegations of this paragraph.

18. Defendant incorporates the preceding paragraphs by reference as if restated here verbatim.

19. Defendant denies the allegations of this paragraph.

20. Defendant denies the allegations of this paragraph.

21. Defendant denies the allegations of this paragraph.

22. Defendant incorporates the preceding paragraphs by reference as if restated here verbatim.

23. Defendant denies the allegations of this paragraph.

24. Defendant denies the allegations of this paragraph.

25. Defendant denies the allegations of this paragraph.

26. Defendant incorporates the preceding paragraphs by reference as if restated here verbatim.

27. Defendant denies the allegations of this paragraph.

28. Defendant incorporates the preceding paragraphs by reference as if restated here verbatim.

29. Defendant denies the allegations of this paragraph.

30. Defendant denies the allegations of this paragraph.

31. Defendant denies the allegations of this paragraph.

32. Defendant denies the allegations of this paragraph.

33. Defendant denies any allegation not specifically responded to.

**WHEREFORE**, having fully answered Plaintiff's Complaint, DELL TECHNOLOGIES INC. requests that it be discharged from this action, that all costs be taxed against the Plaintiff and that it be provided any other relief this Court deems just and proper.

This 20th day of May 2022.

**MCLAUGHLIN LAW FIRM**

**/s/Charles R. Beans**

11575 Great Oaks Way, Suite 100
Alpharetta, Georgia 30022
(470) 415-5500
(470) 415-5510 (fax)
Charles.Beans@mgmesq.com

_____
Charles R. Beans
Georgia Bar No. 006720
*Attorneys for Defendant*

**Defendant demands trial by Jury of Twelve for any triable claims**

## <u>CERTIFICATE OF SERVICE</u>

I certify that I have served the following with a copy of the **ANSWER OF DELL**

**TECHNOLOGIES INC.** by EFILING:

> **Eric D. Miller, Esq.**
> **Miller Insurance Law Enterprise**
> **115 Perimeter Center Place**
> **South Terraces, Suite 430**
> **Atlanta, Georgia 30346**

This 20th day of May 2022.

**MCLAUGHLIN LAW FIRM**

**/s/Charles R. Beans**

_____

Charles R. Beans
Georgia Bar No. 006720
*Attorneys for Defendant*

11575 Great Oaks Way, Suite 100
Alpharetta, Georgia 30022
(470) 415-5500
(470) 415-5510 (fax)
Charles.Beans@mgmesq.com

IN THE SUPERIOR COURT OF NEWTON COUNTY
STATE OF GEORGIA

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
NEWTON COUNTY, GEORGIA

**SUCV2022000734**

W. KENDALL WYNNE, JR
APR 11, 2022 02:46 PM

*Linda D. Hays*
Linda D. Hays, Clerk
Newton County, Georgia

STATE FARM FIRE AND CASUALTY )
COMPANY a/s/o DOUGLAS SHARP, )
                             )
        Plaintiff,           )
                             )        CIVIL ACTION FILE NO.:
v.                           )
                             )
DELL TECHNOLOGIES INC. AND   )
NEWTON COUNTY SCHOOL SYSTEM, )
                             )
        Defendants.          )
_____)

## COMPLAINT FOR DAMAGES

COMES NOW, STATE FARM FIRE AND CASUALTY COMPANY a/s/o DOUGLAS SHARP, Plaintiff herein, and files this Complaint for Damages, respectfully showing the Court as follows:

1.

Plaintiff State Farm Fire and Casualty Company ("State Farm") avails itself of the jurisdiction and venue of this Court.

2.

Defendant Dell Technologies Inc. ("Dell") is a foreign corporation which, at all times relevant to this action, was doing business in the State of Georgia. Defendant Dell Technologies Inc. may be served with process through its registered agent, to wit: Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808. Defendant Dell Technologies Inc. is subject to the venue and jurisdiction of this Court.

3.

Defendant Newton County School District ("Newton County") is the public school system of Newton County, Georgia, under the control and management of the Newton County

Board of Education, pursuant to O.C.G.A. § 20-2-50. Newton County School District may be served with process through Newton County Risk Management: 1124 Clark Street, Covington, GA 30014. Defendant Newton County is subject to the venue and jurisdiction of this Court.

4.

At all times relevant hereto, Defendant Dell Technologies Inc. (hereinafter, "Defendant Dell") was in the business of developing and manufacturing laptop computers, among other things.

5.

At all times relevant hereto, Defendant Newton County School System (hereinafter, "Defendant Newton County") was responsible for issuing and distributing Dell laptop computers to the students in their school district.

6.

At all times relevant to this action, Plaintiff State Farm had in force a policy of insurance written in favor of its insured, Douglas Sharp ("Plaintiff's insured"), which provided coverage for the property that Plaintiff's insured owns located at 55 Dogwood Lane, Covington, GA 30014 (sometimes hereinafter referred to as "insured's home").

7.

On or about March 3, 2021, the subject laptop computer, as a result of a design and/or manufacturing defect contained therein, failed, subsequently caught fire, and proximately caused substantial damage to Plaintiff's insured's property.

8.

In accordance with the terms and conditions of the policy issued to its insured, State Farm paid its insured for the damage to his property. The total amount of damages attributable to the

2

property loss sustained by Douglas Sharp as a result of the March 3, 2021 incident is in excess of $167,089.00.

9.

Upon making payments to its insured, State Farm became legally and equitably subrogated to its insured's right of recovery against Defendant. Accordingly, as subrogee of its insured, State Farm is entitled to recovery against Defendant.

## COUNT I – CLAIMS OF NEGLIGENCE AGAINST DEFENDANT DELL TECHNOLOGIES INC.

10.

Paragraphs 1 through 9 are incorporated by reference as if set forth verbatim herein.

11.

The fire was due to a failure within the subject laptop and Defendant Dell was negligent in designing, manufacturing, selling, supplying, and otherwise distributing the defective laptop.

12.

Defendant Dell's negligence was the direct and proximate cause of the damage to Plaintiff's insured's property.

13.

As a direct and proximate result of Defendant Dell's acts and/or omissions, Plaintiff is entitled to recovery of its losses from Defendant Dell.

## COUNT II – CLAIMS OF NEGLIGENCE AGAINST DEFENDANT NEWTON COUNTY SCHOOL SYSTEM

14.

Paragraphs 1 through 13 are incorporated by reference as if set forth verbatim herein.

15.

The fire was due to a failure within the subject laptop computer and Defendant Newton County was negligent in supplying and otherwise distributing the defective laptop computer.

16.

Defendant Newton County's negligence was the direct and proximate cause of the damage to Plaintiff's insured's property.

17.

As a direct and proximate result of Defendant Newton County's acts and/or omissions, Plaintiff is entitled to recovery of its losses from Defendant Newton County.

## COUNT III – CLAIMS OF BREACH OF WARRANTY AGAINST DEFENDANT DELL TECHNOLOGIES INC.

18.

Paragraphs 1 through 17 are incorporated by reference as if set forth verbatim herein.

19.

In selling, supplying and/or otherwise distributing the subject laptop, Defendant Dell impliedly and/or expressly warranted that it was safe and fit for the ordinary purpose for which it was intended, when in fact it was not fit for ordinary and normal use and, as such, did not conform to said promises and warranties.

20.

As a direct and proximate result of such breaches of warranty, Plaintiff sustained losses as described above.

21.

As a result of Defendant Dell's breaches of warranty, Plaintiff is entitled to recovery of its losses from Defendant Dell.

## COUNT IV – CLAIMS OF BREACH OF WARRANTY AGAINST DEFENDANT NEWTON COUNTY SCHOOL SYSTEM

22.

Paragraphs 1 through 21 are incorporated by reference as if set forth verbatim herein.

23.

In supplying and/or otherwise distributing the subject laptop, Defendant Newton County impliedly and/or expressly warranted that it was safe and fit for the ordinary purpose for which it was intended, when in fact it was not fit for ordinary and normal use and, as such, did not conform to said promises and warranties.

24.

As a direct and proximate result of such breaches of warranty, Plaintiff sustained losses as described above.

25.

As a result of Defendant Newton County's breaches of warranty, Plaintiff is entitled to recovery of its losses from Defendant Newton County.

## COUNT V – CLAIMS OF STRICT LIABILITY AGAINST DEFENDANT DELL TECHNOLOGIES INC.

26.

Paragraphs 1 through 25 are incorporated by reference as if set forth verbatim herein.

27.

Defendant Dell's product was not merchantable and reasonably suited to the use intended, and its condition when sold is the proximate cause of the damages sustained by Plaintiff.  As a result, Defendant Dell is strictly liable in tort pursuant to O.C.G.A. § 51-1-11 (b) (1).

## COUNT VI – CLAIMS FOR ATTORNEY'S FEES AND EXPENSES OF LITIGATION

28.

Paragraphs 1 through 27 are incorporated by reference as if set forth verbatim herein.

29.

In this case of clear liability, Plaintiff made a reasonable demand for settlement upon the Defendant within the time allowed by law.

30.

No reasonable response to said demand was ever made by Defendant, thereby requiring Plaintiff to avail itself of the court system in an effort to seek redress for its damages.

31.

Defendant has acted in bad faith, has been stubbornly litigious, and has caused Plaintiff unnecessary trouble and expense.

32.

Accordingly, pursuant to O.C.G.A. §13-6-11, and U-Haul Co. of Western Georgia v. Ford, 171 Ga. App. 744 (1984), Plaintiff is entitled to recover its attorney's fees and expenses of litigation.

WHEREFORE, Plaintiff prays as follows:

a.  That they recover of Defendant in an amount to be proven at trial;

b.  That they recover of Defendant interest as provided by law;

6

c.  That they recover of Defendant its costs and attorney's fees in bringing this action;

d.  That they have a trial by Jury; and

e.  That they have such other and further relief as this Court may deem just and proper.

This the _____ 11 _____ day of _April_ 2022.

MILLER INSURANCE LAW ENTERPRISE

Eric D. Miller, Esq.
Georgia Bar No. 506574
Stephen G. Carlson, Esq.
Georgia Bar No. 670714
*Attorneys for Plaintiff*

115 Perimeter Center Place
South Terraces, Suite 430
Atlanta, GA 30346
Telephone: 404-923-7599
Facsimile: 404-855-4091
emiller@mileatlanta.com
scarlson@mileatlanta.com

⊕ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
NEWTON COUNTY, GEORGIA

**SUCV2022000734**

**W. KENDALL WYNNE, JR**
**MAY 20, 2022 12:28 PM**

*Linda D. Hays*
Linda D. Hays, Clerk
Newton County, Georgia

**SUPERIOR COURT OF NEWTON COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| **STATE FARM FIRE AND CASUALTY COMPANY, a/s/o DOUGLAS SHARP,** | |
| **Plaintiff,** | **Civil Action File No. SUCV2022000734** |
| **v.** | |
| **DELL TECHNOLOGIES, INC., and NEWTON COUNTY SCHOOL SYSTEM,** | |
| **Defendants.** | |

## ANSWER OF DELL TECHNOLOGIES INC.

**COMES NOW** DELL TECHNOLOGIES INC., and answers Plaintiff's Complaint for Damages.

## NOTE

Dell Technologies Inc. did not sell the subject computer to Newton County School System and is not a proper defendant.

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

Plaintiff's warranty claims in Count III are barred for lack of privity (both as to State Farm and to its insured) and due to limitation and exclusion of remedies.

## THIRD DEFENSE

O.C.G.A. § 51–1–11(b)(1) restricts strict liability actions to natural persons and must be strictly construed. Therefore, the corporate plaintiff's Count V for strict liability is barred as a matter of law. *Mike Bajalia, Inc. v. Amos Constr. Co.*, 142 Ga.App. 225 (1977).

## FOURTH DEFENSE

Plaintiff suffered no damages as a result of any act or omission by the Defendant.

## FIFTH DEFENSE

Plaintiff's claim for attorneys' fees is barred by the existence of bona fide controversies.

## SIXTH DEFENSE

Plaintiff cannot prove that there was any defect in the product when it was sold by any Dell entity. Further, there no defect in the product caused any damages to Plaintiff.

## SEVENTH DEFENSE

Defendant breached no legal duty owed to Plaintiff.

## EIGHTH DEFENSE

Venue is not proper as to Defendant Dell, and in the absence of a judgment against a resident defendant, must be transferred to the proper court.

## NINTH DEFENSE

Pending discovery, Plaintiff's claims may be barred by comparative negligence, failure to mitigate, and laches.

## TENTH DEFENSE

DELL TECHNOLOGIES INC. responds to the individually numbered paragraphs as follows:

1. Defendant denies the allegations of this paragraph for want of sufficient knowledge.

2. Defendant admits the allegations of this paragraph for purposes of this matter only; however Dell Technologies Inc. did not sell the subject computer to Newton County School System and is not a proper defendant.

3. Defendant denies the allegations of this paragraph for want of sufficient knowledge.

4. Defendant admits the allegations of this paragraph.

5. Defendant denies the allegations of this paragraph for want of sufficient knowledge.

6. Defendant denies the allegations of this paragraph for want of sufficient knowledge.

7. Defendant denies that its product contained a design or manufacturing defect, or that any defect was the proximate cause of any damage to Plaintiff; otherwise, the allegations of this paragraph are denied for want of sufficient knowledge.

8. Defendant denies the allegations of this paragraph for want of sufficient knowledge.

9. Defendant denies the allegations of this paragraph for want of sufficient knowledge.

10. Defendant incorporates the preceding paragraphs by reference as if restated here verbatim.

11. Defendant denies the allegations of this paragraph.

112. Defendant denies the allegations of this paragraph.

13. Defendant denies the allegations of this paragraph.

14. Defendant incorporates the preceding paragraphs by reference as if restated here verbatim.

15. Defendant denies the allegations of this paragraph.

16. Defendant denies the allegations of this paragraph.

17. Defendant denies the allegations of this paragraph.

18. Defendant incorporates the preceding paragraphs by reference as if restated here verbatim.

19. Defendant denies the allegations of this paragraph.

20. Defendant denies the allegations of this paragraph.

21. Defendant denies the allegations of this paragraph.

22. Defendant incorporates the preceding paragraphs by reference as if restated here verbatim.

23. Defendant denies the allegations of this paragraph.

24. Defendant denies the allegations of this paragraph.

25. Defendant denies the allegations of this paragraph.

26. Defendant incorporates the preceding paragraphs by reference as if restated here verbatim.

27. Defendant denies the allegations of this paragraph.

28. Defendant incorporates the preceding paragraphs by reference as if restated here verbatim.

29. Defendant denies the allegations of this paragraph.

30. Defendant denies the allegations of this paragraph.

31. Defendant denies the allegations of this paragraph.

32. Defendant denies the allegations of this paragraph.

33. Defendant denies any allegation not specifically responded to.

**WHEREFORE**, having fully answered Plaintiff's Complaint, DELL TECHNOLOGIES INC. requests that it be discharged from this action, that all costs be taxed against the Plaintiff and that it be provided any other relief this Court deems just and proper.

This 20th day of May 2022.

**MCLAUGHLIN LAW FIRM**

**/s/Charles R. Beans**

11575 Great Oaks Way, Suite 100
Alpharetta, Georgia 30022
(470) 415-5500
(470) 415-5510 (fax)
Charles.Beans@mgmesq.com

_____
Charles R. Beans
Georgia Bar No. 006720
*Attorneys for Defendant*

**Defendant demands trial by Jury of Twelve for any triable claims**

<u>**CERTIFICATE OF SERVICE**</u>

I certify that I have served the following with a copy of the **ANSWER OF DELL**

**TECHNOLOGIES INC.** by EFILING:

> **Eric D. Miller, Esq.**
> **Miller Insurance Law Enterprise**
> **115 Perimeter Center Place**
> **South Terraces, Suite 430**
> **Atlanta, Georgia 30346**

This 20th day of May 2022.

**MCLAUGHLIN LAW FIRM**

**/s/Charles R. Beans**

_____

Charles R. Beans
Georgia Bar No. 006720
*Attorneys for Defendant*

11575 Great Oaks Way, Suite 100
Alpharetta, Georgia 30022
(470) 415-5500
(470) 415-5510 (fax)
Charles.Beans@mgmesq.com