2023CV00237

*Tiki Brown*
**Tiki Brow**
Clerk of State Cou
Clayton County, Georg
Shalonda Gree

# IN THE STATE COURT OF CLAYTON COUNTY, GEORGIA
9151 TARA BOULEVARD, ROOM 1CL181, JONESBORO, GEORGIA 30236
TELEPHONE: (770) 477-3388 * FACSIMILE: (770) 472-8159

MJ Modern Trucking, Inc

Plaintiff

Vs.

Love's Travel Stops & Country Stores, Inc., Speedco, Inc.

Defendant

2023CV00237
_____
Case Number

## SUMMONS

TO THE ABOVE NAMED DEFENDANT(S):
You are hereby summoned and required to file with the Clerk of said Court and serve upon Plaintiff's Attorney, whose name and address is:

A. Zakiya Watson-Caffe
Watson Law LLC
800 Kennesaw Avenue NW, Suite 220
Marietta, Georgia 30060

answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will be taken against you for the relief demanded in the complaint.

**TIKI BROWN**
**CLERK OF COURT**
**State Court of Clayton County**

Shalonda Green
By:_____
Deputy Clerk

**EXHIBIT A**

*Jiki Braw*
**Tiki Brow**
**Clerk of State Cou**
**Clayton County, Georg**
Shalonda Gret

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| MJ Modern Trucking, Inc. | ) |
| | ) |
| **Plaintiff** | ) Case No.: 2023CV00237 |
| | ) |
| v. | ) |
| | ) |
| Love's Travel Stops & Country Stores, Inc., | ) |
| Speedco, Inc. | ) **JURY TRIAL DEMANDED** |
| | ) |
| Defendants. | ) |

### COMPLAINT

**COMES NOW** MJ Modern Trucking, Inc. in the above-captioned case, and files this its

complaint against Love's Travel Stops & Country Stores, Inc. and Speedco, Inc., (collectively

"Defendants"), respectfully showing the Court as follows:

### PARTIES

1.

Plaintiff MJ Modern Trucking, Inc. ("Plaintiff" or "MJMT") is a Georgia Corporation.

Plaintiff MJMT principal place of business is 3670 Davidson Farm Drive NW, Kennesaw,

Georgia, 30152.

2.

Defendant Love's Travel Stops & Country Stores, Inc. ("Love's Travel") is an

Oklahoma corporation, which conducts business throughout the state of Georgia and is subject to

the jurisdiction of this Court. Service of process may be executed upon Love Travel at CT

Corporation System, 289 S Culver St, Lawrenceville, GA, 30046-4805.

3.

EXHIBIT A

Defendant Speedco, Inc. ("Speedco") is an Oklahoma corporation, which conducts business throughout the state of Georgia and is subject to the jurisdiction of this Court. Service of process may be executed upon Speedco at CT Corporation System 289 S Culver St, Lawrenceville, GA, 30046-4805.

## JURISDICTION AND VENUE

### 4.

Jurisdiction of this matter is proper pursuant to O.C.G.A. § 9-10-91 as Defendants Love's Travel and Speedco are both qualified and licensed to do business in Georgia, and at all times material hereto have conducted business within Georgia.

### 5.

Defendants Love's Travel and Speedco maintain and operate businesses in Clayton County, and a substantial portion of the unlawful conduct complained of herein occurred in Clayton County.

### 6.

Plaintiff MJMT voluntarily submits itself to the jurisdiction of this Court.

## FACTUAL BACKGROUND

### 7.

Plaintiff MJMT is a for-profit corporation that provides trucking and delivery services to clients and has a principal place of business in Kennesaw, Georgia.

### 8.

Defendant Love's Travel provides truck repair and mechanical services on commercial trucks at its shops located throughout Georgia. Upon information and belief, Defendant Speedco

EXHIBIT A

is a subsidiary of Love's Travel that also provides truck repair and mechanical services on commercial trucks at its shops located throughout Georgia.

9.

Both Defendants represent and warrant to customers that their truck technicians, who perform maintenance services on trucks, are highly qualified and complete hours of training before servicing customers' commercial trucks.

10.

Both Defendants further represent and warrant that they use the industry's best oil and filters, when preforming oil changes on commercial trucks.

11.

Plaintiff relied on these representations and warranties when it decided to have its company's trucks serviced at the Defendants' shops.

12.

These representations and warranties were material to Plaintiff's decision to have its trucks serviced at Defendants' shops.

Speedco Conley

13.

In or about July 2021, MJ Modern Trucking brought its 2020 Freightliner Cascadia to be serviced at the Speedco located at 4136 Old McDonough Road, Conley, Georgia 30288 ("Speedco Conley") for an oil change.

14.

On or about July 7, 2021, after completing an oil change on the 2020 Freightliner Cascadia, Speedo Conley generated invoice number 9090060251 for $463.72.

EXHIBIT A

15.

The invoice was promptly paid on even date by Plaintiff on or about July 7, 2021.

16.

Shortly after the 2020 Freightliner Cascadia was returned to Plaintiff, the vehicle began displaying serious mechanical issues that were not present before it was serviced at Speedco Conley.

17.

Fortunately, the driver, working for Plaintiff, discovered that there was an oil leak and was able to bring the 2020 Cascadia into a Freightliner service facility to address it before the damage to the engine was irreversible.

18.

The Freightliner service facility informed Plaintiff that the leak was due to the fact that the oil pan had not been properly secured after the oil change was completed by Speedco Conley.

19.

Plaintiff incurred $842.10 in service fees from the Freightliner service facility to fix the oil leakage caused by Speedco Conley.

Speedco Jackson

20.

Similarly, in July 2021, Plaintiff brought its 2021 Freightliner Cascadia to be serviced at the Speedco located at 1111 Bucksnort Road, Jackson, Georgia 30233 ("Speedco Jackson") for an oil change.

21.

EXHIBIT A

On or about July 12, 2021, after completing an oil change on the 2021 Freightliner Cascadia, Speedo Jackson generated invoice number 9280047913 for $431.97.

22.

Just as before, the invoice was promptly paid on even date.  Shortly after the 2021 Freightliner Cascadia was returned to Plaintiff, this truck also began displaying serious mechanical issues that were not present before the 2021 Freightliner Cascadia was serviced at Speedco Jackson.

23.

Unfortunately, the driver of this truck was not able to discover the problem before significant damage had been incurred by the engine.

24.

These new mechanical issues required Plaintiff to ultimately have the 2021 Freightliner Cascadia towed to a Freightliner dealer in Virginia, the closest facility at the time the 2021 Freightliner Cascadia stopped functioning.

25.

Upon inspection of the 2021 Freightliner Cascadia, the mechanical technician at Freightliner informed Manish Karamshi – the owner of MJMT, that when the truck was serviced at Speedco Jackson the mechanic negligently failed to secure the oil pan, which caused the 2021 Freightliner Cascadia to lose a significant amount of oil, which rendered the engine inoperable.

26.

Due to the significant damage caused by Speedco Jackson's negligence, the truck was required to remain at the Freightliner facility for approximately a month.

27.

EXHIBIT A

The cost to repair the engine at Freightliner was $40,000.

28.

While the 2021 Freightliner Cascadia was in the shop, Plaintiff lost revenues in excess of $40,000.

29.

As a direct and proximate result of Defendants' actions, as described above, Plaintiff has suffered damages in an amount of no less than $81,000 and are entitled to compensatory damages, costs, prejudgment interest, expenses and attorney's fees from Defendants.

## COUNT ONE: BREACH OF CONTRACT

30.

Plaintiff hereby incorporates Paragraphs 1 through 29 as fully restated herein.

31.

Plaintiff brought its 2020 Freightliner Cascadia to be serviced at Speedco Conley in July 2021 for an oil change.  Plaintiff paid $463.72 for the oil change service at Speedco Conley.

32.

Plaintiff brought its 2021 Freightliner Cascadia to be serviced at Speedco Jackson for an oil change. Plaintiff paid $431.97 for the oil change service at Speedco Jackson.

33.

Both Defendants represent and warrant to customers that their truck technicians, who perform maintenance services on commercial trucks, are highly qualified and complete hours of training before servicing customers' commercial trucks.

34.

EXHIBIT A

When Speedco Conley and Speedco Jackson performed oil change services on Plaintiff's trucks, both facilities failed to properly attach the oil pan.  Defendants' failure to properly secure the oil pans during the oil change services, a basic and fundamental task of oil change services, falls well below the industry standards.

35.

Defendants failed to provide the oil change services for which Plaintiff contracted.

36.

Defendants failed to provide the oil change services that they represented and warranted to Plaintiff prior to Plaintiff agreeing to bring its truck to Defendants' locations for the oil change services.

37.

Defendants' actions caused significant damage to Plaintiff's trucks and forced Plaintiff to lose significant revenue while the damage was repaired by other mechanics.

38.

The expenses incurred by Plaintiff to repair the engine and the loss revenues experienced by Plaintiff were both foreseeable harm based on Defendants' breach of contract.

39.

As a direct and proximate result of Defendants' actions, as described above, Plaintiff has suffered damages in an amount of no less than $81,000 and are entitled to compensatory damages, costs, prejudgment interest, expenses and attorney's fees from Defendants.

## COUNT TWO: UNJUST ENRICHMENT

40.

Plaintiff incorporates Paragraphs 1 through 39 as if fully restated herein.

EXHIBIT A

2023CV00237

41.

Defendants, jointly and severally, have been unjustly enriched by their acts and conduct described in this Complaint and at the expense of the Plaintiff.

42.

Plaintiff brought its 2020 Freightliner Cascadia to be serviced at Speedco Conley in July 2021 for an oil change.  Plaintiff paid $463.72 for the oil change service at Speedco Conley.

43.

Plaintiff brought its 2021 Freightliner Cascadia to be serviced at Speedco Jackson for an oil change. Plaintiff paid $431.97 for the oil change service at Speedco Jackson.

44.

When Speedco Conley and Speedco Jackson performed oil change services on Plaintiff's trucks, both facilities failed to properly attach the oil pan.  Defendants' failure to properly secure the oil pans during the oil change services, a basic and fundamental task of oil change services, falls well below the industry standards for an oil change service.

45.

Defendants failed to provide the oil change services that they represented and warranted to Plaintiff prior to Plaintiff agreeing to bring its truck to Defendants' location for the oil change services.

46.

As a direct and proximate result of Defendants' actions, as described above, Plaintiff has suffered damages in an amount of no less than $81,000 and are entitled to compensatory damages, costs, prejudgment interest, expenses and attorney's fees from Defendants.

## COUNT THREE: CONVERSION

EXHIBIT A

47.

Plaintiff incorporates Paragraphs 1 through 46 as if fully restated herein.

48.

Plaintiff brought its 2020 Freightliner Cascadia to be serviced at Speedco Conley in July 2021 for an oil change.  Plaintiff paid $463.72 for the oil change service at Speedco Conley.

49.

Plaintiff brought its 2021 Freightliner Cascadia to be serviced at Speedco Jackson for an oil change. Plaintiff paid $431.97 for the oil change service at Speedco Jackson.

50.

Defendants failed to provide the oil change services that they represented and warranted to Plaintiff, prior to Plaintiff agreeing to bring its trucks to Defendants' location for the oil change services.

51.

Plaintiff demanded the return of its funds for the substandard oil change services, along with the costs it incurred from third parties to repair the damage caused by Defendants.

52.

Defendants refused to refund Plaintiff for the funds tendered, despite multiple demands.

53.

As a direct and proximate result of Defendants' actions, as described above, Plaintiff has suffered damages in an amount of no less than $81,000 and are entitled to compensatory damages, costs, prejudgment interest, expenses and attorney's fees from Defendants.

**COUNT FOUR: FRAUDULENT MISREPRESENTATION**

54.

EXHIBIT A

Plaintiff incorporates Paragraphs 1 through 53 as if fully restated herein.

55.

Defendants owed a duty to Plaintiff to make representations that were truthful and complete.

56.

As set forth herein, Defendants represent and warrant to customers that their truck technicians, who perform maintenance services on commercial trucks, are highly qualified and complete hours of training before servicing customers' commercial trucks.

57.

Plaintiff reasonably relied on these representations and warranties made by Defendants in deciding to have its trucks serviced at their shops.

58.

These representations and warranties were material to Plaintiff's decision to have its trucks serviced at Defendants' shops.

59.

Defendants falsely represented to Plaintiff that their technicians were highly qualified with hours of training.

60.

Defendants further falsely represented that they use the industry's best oils and filters.

61.

Defendants knew that these representations were false at the time they were made to Plaintiff and that the false representations were a material factor in Plaintiff's decision to have its trucks serviced at Defendants' shops.

EXHIBIT A

62.

Defendants made the false representations intending to deceive Plaintiff and induce it to bring its trucks to Defendants' shops to be serviced.

63.

Plaintiff reasonably relied on Defendants' false representations to its detriment.

64.

As a direct and proximate result of Defendants' actions, as described above, Plaintiff has suffered damages in an amount of no less than $81,000 and is entitled to compensatory damages, costs, prejudgment interest, expenses, and attorney's fees from Defendants.

## COUNT FIVE: NEGLIGENT MISREPRESENTATION

65.

Plaintiff incorporates Paragraphs 1 through 64 as if fully restated herein.

66.

Defendants owed a duty to Plaintiff to make representations with due care and to see that it communicated truthfully and completely with its customers.

67.

Defendants breached their duty owed when it represented that its technicians were highly qualified with hours of training prior to servicing customers' commercial trucks.

68.

Plaintiff reasonably relied, to its detriment, on the representations made by Defendants in deciding to have its trucks serviced by Defendants.

69.

EXHIBIT A

Defendants knew or should have known that these representations were false and that they were a deciding factor in Plaintiff's decision to have its trucks serviced at Defendants' shops.

70.

The services provided fell well below industry standards at two separate locations, and thus it is evident that Defendants' technicians were not qualified to perform oil change services on commercial trucks.

71.

The representations by Defendants were false.

72.

As a direct and proximate result of Defendants' actions, as described above, Plaintiff has suffered damages in an amount of no less than $81,000 and is entitled to compensatory damages, costs, prejudgment interest, expenses, and attorney's fees from Defendants.

## COUNT SIX: QUANTUM MERUIT

73.

Plaintiff incorporates Paragraphs 1 through 72 as if fully restated herein.

73.

Plaintiff brought a 2020 Freightliner Cascadia to be serviced at the Speedco Conley location in July 2021 for an oil change.  Plaintiff paid $463.72 for the oil change service at Speedco Conley.

74.

Plaintiff brought a 2021 Freightliner Cascadia to be serviced at the Speedco Jackson location for an oil change. Plaintiff paid $431.97 for the oil change service at Speedco Jackson.

EXHIBIT A

2023CV00237

75.

Both Defendants represent and warrant to customers that their truck technicians, who perform maintenance services on trucks, are highly qualified and complete hours of training before servicing customers' trucks.

76.

When Speedco Conley and Speedco Jackson performed oil change services on Plaintiff's trucks, both facilities failed to properly attach the oil pan. Defendants' failure to properly secure the oil pans during the oil change services, a basic and fundamental task of oil change services, falls well below the industry standards for an oil change service.

77.

Defendants failed to provide the oil change services for which Plaintiff paid.

78.

Defendants failed to provide the oil change services that they represented and warranted to Plaintiff prior to Plaintiff's decision to bring its truck to Defendants' locations for the oil change services.

79.

Defendants' actions caused significant damage to Plaintiff's trucks and forced Plaintiff to lose a significant amount of revenue while the damage, caused by Defendants, was repaired by other mechanics.

80.

Plaintiff's damages and losses were foreseeable.

81.

EXHIBIT A

Allowing Defendants to keep the payments made by Plaintiff for services that were not rendered would be unjust.

81.

Based on the representations and warranties made by Defendants, Plaintiff reasonably expected that the oil change services rendered by Defendant would be, at minimum, consistent with industry standards.

83.

As a direct and proximate result of Defendants' actions, as described above, Plaintiff has suffered damages in an amount of no less than $81,000 and are entitled to compensatory damages, costs, prejudgment interest, expenses and attorney's fees from Defendants.

**COUNT SEVEN: ATTORNEY FEES**

84.

Plaintiff incorporates Paragraphs 1 through 81 as if fully restated herein.

85.

Plaintiff is entitled to an award of attorney's fees and expenses of litigation on each and every cause of action alleged herein, as provided by statute and because Defendants have acted in bad faith, been stubbornly litigious, and caused Plaintiff unnecessary trouble and expense.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays for judgment against Defendants, as follows:

1)      For breach of contract for a sum of no less than $81,000, plus pre-judgment interest;

2)      For unjust enrichment for a sum of no less than $895.69, plus pre-judgment interest;

EXHIBIT A

3)     For conversion for a sum of no less than $895.69, plus pre-judgment interest;

4)     For fraudulent misrepresentation for a sum of no less than $81,000, plus pre-judgment interest;

5)     For negligent misrepresentation for a sum of no less than $81,000, plus pre-judgment interest;

6)     For quantum merit for a sum of no less than $81,000 plus pre-judgment interest;

7)     General damages based upon Defendants conduct as alleged herein in an amount no less than $81,000;

8)     Punitive damages based upon Defendants willful, malicious, intentional, and deliberate acts in an amount to be determined at trial;

9)     Reasonable attorney's fees and expenses of litigation;

10)    Trial by jury as to all issues;

11)    Declaratory relief to the effect that Defendants have violated Plaintiff's statutory rights; and

12)    All other relief to which Plaintiffs may be entitled.

Submitted 30th day of January 2023.

Respectfully submitted,

**WATSON LAW LLC**

s/A. Zakiya Watson-Caffe
A. Zakiya Watson-Caffe, Esq.
Bar Number:  441773
Attorney for Plaintiff:
MJ Modern Trucking, Inc.
800 Kennesaw Ave NW, Ste 220
Marietta, Georgia 30060
Tel: (404) 600-1771
Email:  Zak@ZWatsonLaw.com

**EXHIBIT A**