*Jesse Ireland v. The Kroger Co. et al*
*State Court of Fulton County, State of Georgia*
*Civil Action File Number: 23EV000665*

*Jesse Ireland v. The Kroger Co. et al*
*USDC, Northern District, Atlanta Division*
*Civil Action File Number: TBA (Removal # 1:23-mi-99999)*

# EXHIBIT C: PETITION FOR REMOVAL

## ALL PLEADINGS FILED IN THE STATE COURT OF FULTON COUNTY

**State Court of Fulton County**
***EFILED***
**File & ServeXpress**
Transaction ID: 69032367
Date: Jan 30 2023 12:00AM
Donald Talley, Chief Clerk
Civil Division

**General Civil and Domestic Relations Case Filing Information Form**

☐ Superior or ☒ State Court of __Fulton_____ County

**For Clerk Use Only**

Date Filed _____    Case Number _____
MM-DD-YYYY

| **Plaintiff(s)** | | | | | **Defendant(s)** | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Ireland, Jesse | | | | | The Kroger Co. | | | | |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
| | | | | | Doe, John | | | | |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |

**Plaintiff's Attorney** __Stephen R. Fowler, Esq.__   **Bar Number** __464407__   Self-Represented ☐

**Check One Case Type in One Box**

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☒ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Dissolution/Divorce/Separate Maintenance
- ☐ Family Violence Petition
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

**Post-Judgment – Check One Case Type**
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Modification
- ☐ Other/Administrative

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____        _____
Case Number                  Case Number

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
**Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.
_____
_____

Version 1.1.18

**GEORGIA, FULTON COUNTY**  DO NOT WRITE IN THIS SPACE

**State Court of Fulton County**
***EFILED***
**File & ServeXpress**
Transaction ID: 69032367
Date: Jan 30 2023 12:00AM
Donald Talley, Chief Clerk
Civil Division

**STATE COURT OF FULTON COUNTY**  CIVIL ACTION FILE #: _____
Civil Division

Jesse Ireland
_____
1720 Peachtree Street, Suite 118
_____
Atlanta, GA 30309
_____
Plaintiff's Name, Address, City, State, Zip Code

vs.

The Kroger Company
_____
192 Anderson Street SE, Suite 125
_____
Marietta, GA 30060
_____
Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [ ] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $_____ |
| [ ] SPECIAL LIEN | |
| ************ | |
| [ ] NEW FILING | |
| [ ] RE-FILING: PREVIOUS CASE NO. _____ | |

**SUMMONS**

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Stephen R. Fowler, Esq.
Address: 1720 Peachtree Street, Suite 118
City, State, Zip Code: Atlanta, GA 30309       Phone No.: 404-574-2205

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center at 185 Central Ave., S.W., Ground Floor, Room TG300, Atlanta, GA 30303.

Donald Talley, Chief Clerk (electronic signature)

_____

**SERVICE INFORMATION:**
Served, this _____ day of _____, 20_____.    _____
                                                                 DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

**WRITE VERDICT HERE:**
We, the jury, find for _____

_____

This _____ day of _____, 20_____.   _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

State Court of Fulton County
***EFILED***
File & ServeXpress
Transaction ID: 69032367
Date: Jan 30 2023 12:00AM
Donald Talley, Chief Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| JESSE IRELAND, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| v. | ) CIVIL ACTION FILE NO. _____ |
| THE KROGER CO. AND JOHN DOE, | ) |
| | ) |
| DEFENDANTS. | ) |

## COMPLAINT FOR DAMAGES

COMES NOW, Jesse Ireland ("Plaintiff") by and through counsel, and file this Complaint against The Kroger Co. ("Defendant Kroger") and John Doe (collectively "Defendants"), in the above-styled action and states as follows:

## PRELIMINARY STATEMENT

1.

This is a civil action brought by Plaintiff for the recovery of damages arising from the injuries suffered by Plaintiff when shopping at Defendant Kroger's Fresh Fare located at 3330 Piedmont Road, NE, Atlanta, Georgia 30305. On or about September 5, 2021, Plaintiff was shopping in a safe and prudent manner when, suddenly and unexpectedly, Defendant John Doe Kroger employee came rushing around the corner with a cart and negligently struck Plaintiff in the back with the cart. The force of the impact pushed Plaintiff into a grocery display in front him, causing multiple items to then fall on him. As a result, Plaintiff suffered significant injuries.

## PARTIES, JURISDICTION, AND VENUE

2.

Plaintiff realleges and incorporates Paragraph 1 as fully set forth herein.

3.

Plaintiff resides in the state of Georgia and is subject to the jurisdiction of this Court.

4.

Defendant The Kroger Co. is a Foreign Profit Corporation authorized to do business in the State of Georgia and may be served with process through its registered agent, CSC of Cobb County, 192 Anderson Street, SE, Suite 125, Marietta, Georgia 30060 (Cobb County).

5.

Defendant John Doe is a person and entity, that owns, operates, and/or works at the Kroger store and and was acting in the course and scope of his employment with Defendant Kroger at the time of the incident. He is therefore subject to the jurisdiction of this Court.

6.

Jurisdiction and venue are proper before this Court by virtue of the fact Defendant Kroger's tortious conduct which led to Plaintiff's damages occurred in Fulton County, where Defendant Kroger transacts business and operates a store located at 3330 Piedmont Road, NE, Atlanta, Georgia 30305.

7.

At all relevant times, Defendants had a duty to exercise reasonable care to keep the premises safe for customers and to ensure that customers would not suffer harms at the hands of the employees of Kroger Fresh Fare located at 3330 Piedmont Road NE, Atlanta, Georgia 30305.

## **FACTS**

8.

Plaintiff realleges and incorporates Paragraphs 1 through 7 as fully set forth herein.

9.

On September 5, 2021, Plaintiff was a customer at Defendant Kroger's Fresh Fare, and as such would be classified as an Invitee under Georgia law.

10.

As Plaintiff was shopping in a safe and prudent manner, a Kroger employee suddenly and unexpectedly came rushing around the corner with a cart and negligently struck Plaintiff in the back with the cart. The force of the impact pushed Plaintiff into a grocery display in front of him, causing multiple items to then fall on him.

11.

Although Defendants knew or should have known of the hazardous circumstances created through their combined negligent acts, that such conditions within the store endangered customers such as Plaintiff and failed to take correction action or adequately warn Plaintiff Jesse Ireland of the hazard.

12.

Although Plaintiff exercised due care for his own safety, he suffered extensive injuries as a result of the incident.

13.

Defendants are solely at fault for Plaintiff's injuries suffered on September 5, 2021, at 3330 Piedmont Road, NE, Atlanta, Georgia 30305.

## **COUNT I - NEGLIGENCE PER SE**

14.

Plaintiff realleges and incorporates Paragraphs 1 through 13 as fully set forth herein.

15.

At all times material to the averments of this action, Defendants owed certain duties to Plaintiff and notwithstanding, Defendants did breach those duties in the following regards:

(a) Defendant Kroger was negligent in hiring, training, supervision and retention of its employee John Doe.

(b) Defendant John Doe was negligent in failing to exercise due care to avoid causing injuries to Plaintiff.

16.

Defendants were and are negligent *per se*.

17.

Defendants' negligent actions were the proximate and actual cause of Plaintiff's injuries.

## **COUNT II – NEGLIGENCE**

18.

Plaintiff realleges and incorporates Paragraphs 1 through 17 as fully set forth herein.

19.

At all times relevant, Defendants owed Plaintiff a duty to exercise that degree of care ordinarily possessed and exercised by owners, operators, managers, and maintainers of premises open to invitees. This duty included, but was not limited to Defendants' obligation to keep the

premises and approaches safe so that invitees, such as Plaintiff, do not suffer harm.

20.

Defendants breached their duty of care and displayed an absence of ordinary diligence.

21.

At all times mentioned herein, Plaintiff acted with reasonable care under the conditions and circumstances then existing.

22.

Defendant John Doe's actions constituted negligence by running with the cart and striking Plaintiff with it, and engaging in a manner that caused danger, injuries, damages, losses, physical pain and emotional distress to Plaintiff.

23.

Defendant Kroger negligently hired, supervised, trained and retained Defendant John Doe.

24.

Defendant Kroger negligently failed to implement and utilize proper procedures to evaluate Defendant John Doe's skills and expertise for maintenance and care of customers and invitees.

25.

Because Defendant Kroger had knowledge of, or in the exercise of reasonable care, should have had knowledge of the negligence discussed herein and the dangerous condition(s) created by their actions, Defendant Kroger is liable for the negligent supervision, hiring, training, and retention of its agents and employees.

26.

Defendant Kroger was negligent in failing to promulgate and enforce company policies, procedures, and rules for the protection of the public, including but not limited to Plaintiff.

27.

As the direct and proximate result of Defendants' negligence, Plaintiff suffered personal injuries and will continue to suffer personal injuries in the future, including bodily injury, financial hardships, and emotional suffering.

28.

As the direct and proximate result of Defendants' negligence, Plaintiff incurred medical expenses in an amount to be proven at trial, for the treatment of the injuries caused solely and proximately by Defendants.

29.

As the direct and proximate result of Defendants' negligence, Plaintiff will incur future medical expenses in an amount to be proven at trial for the treatment of the injuries caused solely and proximately by the Defendants.

30.

As the direct and proximate result of Defendants' negligence, Plaintiff incurred lost wages and other damages in an amount to be proven at trial.

## COUNT III – RESPONDEAT SUPERIOR

31.

Plaintiff realleges and incorporates Paragraphs 1 through 30 as fully set forth herein.

32.

At the time of the subject incident, Defendant John Doe was acting at the direction and under the control of Defendant Kroger, was an agent and employee of Defendant Kroger, operating and treating customers of Defendant Kroger in the course and scope of his employment with Defendant Kroger, and with Defendant Kroger's permission.

33.

As such, Defendant John Doe's actions and conduct is imputed to Defendant Kroger for the benefit of Plaintiff.

34.

As a direct and proximate result, Plaintiff suffered and continues to suffer from enormous pain and continues to undergo treatment.

## LIABILITY

35.

Plaintiff realleges and incorporates Paragraphs 1 through 34 as fully set forth herein.

36.

Each of the forgoing acts and omissions constitute an independent act of negligence on the part of Defendants and one or more or all of the above stated acts were the proximate causes of the injuries and damages to Plaintiff. Defendants are jointly and severally liable for Plaintiff's injuries and all damages recoverable under Georgia law.

## **DAMAGES**

37.

Plaintiffs realleges and incorporate Paragraphs 1 through 36 as fully set forth herein.

38.

Plaintiff claims general damages against Defendants for all elements of pain and suffering, physical and mental injury including, shock, fright, terror endured by Plaintiff in an amount to be determined by the enlightened conscience of a jury after hearing the evidence at trial.

39.

Plaintiff seeks damages for the expenses of medical treatment received (including out of pocket expenses) as a result of the incident caused by Defendants.

40.

Plaintiff has suffered pain and mental suffering since the time of his injuries to date, as a direct and proximate result of Defendants' negligence described herein and seeks compensation for same.

41.

Plaintiff is currently having pain and mental suffering from his injuries as a direct and proximate result of Defendants' negligence described herein and seeks compensation.

42.

Plaintiff is entitled to recover for the injuries and pain and suffering sustained, and all other elements of damages allowed under Georgia law, including but not limited to all compensatory, general, special, incidental, consequential, and/or other damages permitted. Plaintiff states his intention to seek all compensatory, special, economic, punitive, consequential, general, and all other damages permissible under Georgia Law, including, but not limited to:

a) Personal injuries;
b) Past, present, and future pain and suffering;

c) Disability;
d) Disfigurement;
e) Mental anguish;
f) Loss of the capacity for the enjoyment of life;
g) Incidental expenses;
h) Lost wages;
i) Loss of earning capacity;
j) Past, present, and future medical expenses;
k) Punitive damages;
l) Permanent injuries; and
m) Consequential damages to be proven at trial.

43.

Defendants' actions evidence a species of bad faith, were and are stubbornly litigious, and have caused Plaintiff undue expense. Thus, Plaintiff is entitled to recover his necessary expenses of litigation, including an award of reasonable attorney's fees and expenses required by this action, pursuant to O.C.G.A. § 13-6-11, as well as any other statutory or common law basis.

## **PUNITIVE DAMAGES**

44.

Plaintiff realleges and incorporates Paragraphs 1 through 43 as fully set forth herein.

45.

The purpose of punitive damages is to punish and deter the Defendants from engaging in harmful conduct to others both now and in the future.

46.

The Defendants acted with willful misconduct, wantonness, and without an entire want of care raising the presumption of conscience indifference to the consequences. Defendants, by and through their conduct, have acted willfully with malice, such that Plaintiff is entitled to an award of punitive damages in accordance with the enlightened conscience of an impartial jury.

47.

The conduct of Defendants amounts to a specific intent to cause harm as that term is defined by O.C.G.A. § 15-12-5.1 et seq.

**WHEREFORE**, Plaintiff requests the following relief:

1. That summons issue and be served upon the Defendants in accordance with the law;

2. That Plaintiff obtains judgment against Defendants for special and general damages as determined by trial as well as cost of litigation and expenses;
3. An amount including all damages from the Defendants based on the enlightened consciousness of the jury;
4. Reasonable attorney fees and costs incurred by Plaintiff in an amount to be determined by the court;
5. All consequential damages sustained as a result of Defendants' actions;
6. Any further and different relief this Court deems appropriate under the circumstances;
7. For such other and further relief as this Court deems just and equitable under all circumstances;
8. Plaintiff demands a **trial by jury** upon all triable issues in this case; and
9. For such other and further relief as this Court deems just and equitable under all circumstances alleged and contained herein.

Respectfully submitted this 30th day of January, 2023.

/s/ Stephen R. Fowler
Stephen R. Fowler
Georgia Bar No.: 464407
Ronald D. Legette, Jr.
Georgia Bar No.: 672763
Attorneys for Plaintiff

The Fowler Firm, LLC
Peachtree 25th Building
1720 Peachtree Street NW
Suite 118
Atlanta, GA 30309
(404) 574-2205-Phone
(404) 574-1518-Facsimile
stephen@fowlerfirmlaw.com
ronald@fowlerfirmlaw.com

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| JESSE IRELAND, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| v. | )   CIVIL ACTION FILE NO. _____ |
| THE KROGER CO. AND JOHN DOE, | ) |
| | ) |
| DEFENDANTS. | ) |

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that I have this day served a copy of this foregoing Complaint upon all opposing parties by means of Private Process Server, addressed as follows:

**THE KROGER CO.**
**Registered Agent: CSC of Cobb County, Inc.**
**192 Anderson Street SE, Suite 125**
**Marietta, GA, 30060**

Respectfully submitted this 30th day of January, 2023.

<u>/s/ Stephen R. Fowler</u>
Stephen R. Fowler
Georgia Bar No.: 464407
Ronald D. Legette, Jr.
Georgia Bar No.: 672763
Attorneys for Plaintiff

The Fowler Firm, LLC
Peachtree 25th Building
1720 Peachtree Street NW
Suite 118
Atlanta, GA 30309
(404) 574-2205-Phone
(404) 574-1518-Facsimile
stephen@fowlerfirmlaw.com
ronald@fowlerfirmlaw.com

**State Court of Fulton County**
**\*\*\*EFILED\*\*\***
**File & ServeXpress**
Transaction ID: 69032367
Date: Jan 30 2023 12:00AM
Donald Talley, Chief Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| JESSE IRELAND, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| v. ) | CIVIL ACTION FILE NO. _____ |
| THE KROGER CO. AND JOHN DOE, ) | |
| ) | |
| DEFENDANTS. ) | |

## **RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY**

COMES NOW JESSE IRELAND, Plaintiff in the above-styled civil action, and pursuant to Georgia Uniform State/Superior Court Rule 5.2, the undersigned does hereby certify that they have served all opposing parties in the above styled case with a copy of the following documents:

1. Plaintiff's First Interrogatories to Defendant The Kroger Co.
2. Plaintiff's First Request for Production of Documents to Defendant The Kroger Co.
   Plaintiff's First Request for Admissions to Defendant The Kroger Co.

Said copies were delivered via Private Process Server, properly addressed as follows:

**THE KROGER CO.**
**Registered Agent: CSC of Cobb County, Inc.**
**192 Anderson Street SE, Suite 125**
**Marietta, GA, 30060**

Respectfully submitted this 30th day of January, 2023.

/s/ Stephen R. Fowler
Stephen R. Fowler
Georgia Bar No.: 464407
Ronald D. Legette, Jr.
Georgia Bar No.: 672763
Attorneys for Plaintiff

The Fowler Firm, LLC
Peachtree 25th Building
1720 Peachtree Street NW
Suite 118
Atlanta, GA 30309
(404) 574-2205-Phone
(404) 574-1518-Facsimile