IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DANIEL T. MELIA,<br><br>      Plaintiff,<br><br>v.<br><br>LEXISNEXIS RISK SOLUTIONS, INC.,<br><br>      Defendant. | :<br>:<br>:<br>:  Civil Action No.<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## COMPLAINT FOR DAMAGES

### Preliminary Statement

1. This is an action for damages brought by an individual consumer against LexisNexis Risk Solutions, Inc., ("LexisNexis") for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (the "FCRA").

### Jurisdiction and Venue

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681p, and 28 U.S.C. §1331, 1337 and 1391.

3. Venue lies properly in this district pursuant to 28 U.S.C. §1391(b).

### Parties

4. Plaintiff Daniel T. Melia is an adult individual who resides in New Orleans, LA.

5. Defendant LexisNexis is a business entity that regularly conducts business in the Northern District of Georgia, with a place of business located at 10000 Alderman Dr., Alpharetta, Georgia 30005.

## Facts

6. Defendant has repeatedly reported derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's criminal history to third parties (hereafter the "inaccurate information"). The inaccurate information relates to criminal records history for Plaintiff reported by Defendant and made part of Plaintiff's LexisNexis consumer reports.

7. On or about November 23, 2021, Plaintiff's criminal records from Louisiana were expunged. Despite the expungement, Defendant LexisNexis prepared consumer reports with the expunged criminal record information and provided it to third parties.

8. On or about November 27, 2022, Plaintiff received an alert from Experian Information Solutions, Inc., ("Experian") stating that the expunged criminal record was reported. Plaintiff contacted Experian about the alert and was notified by Experian that the information was provided to it by LexisNexis.

9. In December 2022 Plaintiff disputed the inaccuracy with LexisNexis over the phone and provided the expungement documents to Defendant online. Despite disputing the expunged criminal record, and providing expungement

documents, LexisNexis claimed that the expunged record was accurate as reported. Accordingly, Defendant continued to report the expunged information and failed to even update Plaintiff's information to mention the expungement.

10. Upon information and belief, Defendant does not obtain updated records regarding expungements in Louisiana. In fact, it appears as if Defendant only consults its internal records to verify the accuracy of information rather than attempting to review and gather updated records.

11. The dispute result from Defendant states in relevant part that "We have reviewed the information on your file…and determined the data is accurate. Research was conducted with the following source: LexisNexis Consumer Center P.O. Box 105108 Alpharetta, GA 30348-5108."

12. Moreover, it is unclear as to why Defendant was releasing the inaccurate information to Experian, and what other persons LexisNexis may be providing the expunged criminal information.

13. The inaccurate information has repeatedly appeared on Plaintiff's consumer report provided by LexisNexis. Defendant failed to institute or adhere to policies and procedures that could have prevented the reporting of the inaccurate information.

14. Defendant knew or should have known that its actions violated the FCRA.

Additionally, Defendant could have taken the steps necessary to bring their agents' actions within compliance of the statutes but neglected to do so and failed to adequately review those actions to ensure compliance with said laws.

15. Plaintiff's consumer report and file has been obtained from LexisNexis and have been reviewed by prospective and potential insurers, and potential employers. The inaccurate information has been a substantial factor in precluding Plaintiff from obtaining potential employment opportunities. Plaintiff's consumer reports have been obtained from LexisNexis by such third parties.

16. Because of Defendant's conduct, Plaintiff has suffered actual damages in the form of informational harm, privacy harm, defamation and emotional distress, including, but not limited to, anxiety, frustration, embarrassment, and humiliation relating to Plaintiff's concern over the expunged record appearing in an employment background report.

17. At all times pertinent hereto, Defendant was acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

18. At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and

in grossly negligent disregard for federal laws and the rights of Plaintiff.

### Count One – Violations of the FCRA
### Plaintiff v. LexisNexis

19. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

20. At all times pertinent hereto, LexisNexis is a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

21. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

22. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

23. The Defendants have violated numerous provisions of the FCRA for their improper actions, including but not limited to Sections 1681e(b), 1681i(a) and 1681b of the FCRA. Defendants willfully and negligently violated the FCRA and are liable for damages to Plaintiff pursuant to Section 1681n and 1681o of the FCRA.

24. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the actual damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendant is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further

relief, as may be permitted by law.

## JURY TRIAL DEMAND

25. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant, based on the following requested relief:

a. Actual damages;

b. Statutory damages;

c. Punitive damages;

d. Costs and reasonable attorneys' fees; and

e. Such other relief as may be necessary, just and proper.

**THE KIM LAW FIRM, LLC**

*/s/ Richard H. Kim*
Richard Kim, Esquire
*(Pro hac vice* to be filed*)*
PA Attorney I.D. No.: 2202618
1635 Market St., Suite 1600
Philadelphia, PA 19103
Ph. 855-996-6342/Fax 855-235-5855
rkim@thekimlawfirmllc.com

/s/ Clifford Carlson
*Clifford Carlson, Esquire*
GA Bar No.: 227503
Cliff Carlson Law, P.C.
1114-C1 Highway 96 #347
Kathleen, Georgia 31047
730 Peachtree St NE #570
Atlanta, Georgia 30308
Tel. 478-254-1018
cc@cliffcarlsonlaw.com

*Attorneys for Plaintiff Daniel T. Melia*

Dated:  March 1, 2023