## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| Marshauna Thomas, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action File No.: |
| | ) | |
| vs. | ) | |
| | ) | |
| Io, Inc. d/b/a Receivables | ) | **COMPLAINT WITH** |
| Management Systems, | ) | **JURY TRIAL DEMAND** |
| | ) | |
| Defendant | ) | |

## PRELIMINARY STATEMENT

This action for damages is based upon the Defendant's overt and intentional, unlawful conduct in the furtherance of its efforts to collect a consumer debt. The Defendant's conduct is in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq.

## PARTIES

1.     Plaintiff, Marshauna Thomas, is a natural person who resides in Fulton County, Georgia.

2.     Defendant, Io, Inc., is a foreign corporation that does business, but is not registered, in Georgia.  Defendant may be served with process via its chief

executive officer, Josef Noe at 1807 Huguenot Rd, Suite 118, Midlothian, Virginia 23113.

## JURISDICTION AND VENUE

3.     This Court has federal question jurisdiction over Plaintiff's Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.     This Court has personal jurisdiction over Defendant because, inter alia, Defendants frequently and routinely conducts business in the State of Georgia, including the conduct complained of herein.

5.     Pursuant to 28 U.S.C. § 1391, venue is proper in the Northern District of Georgia because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6.     Venue is proper in the Atlanta Division because the conduct complained of herein occurred in Fulton County, Georgia.

## FACTUAL ALLEGATIONS

7.     Plaintiff is allegedly obligated to pay a consumer debt arising out of the delivery of medical services and is, therefore, a "consumer", as that term is defined by 15 U.S.C. § 1692a(3).

8.     Defendant is a collection agency specializing in the collection of consumer debt.

9.     Defendant uses interstate commerce and/or mail in its business in the collection of consumer debts.

10.    Defendant markets itself as a third-party collections provider specializing in medical and consumer collections with over 25 years experience. See, rmscollect.com/services.

11.    Defendant manages, and collects upon, thousands of consumer debt accounts annually.

12.    Defendant is, therefore, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

13.    The Defendant is collecting a debt against the Plaintiff on behalf of Patient First, a medical service provider headquartered in Virginia.

14.    Plaintiff received treatment at Patient First in its Virginia location no later than May, 2015.

15.    The statute of limitations governing the collection of medical debt under Virginia law is 5 years.  Nevertheless, the Defendant has continued its collection efforts against the Plaintiff.

16.    On July 13, 2022, the Defendant caused to be mailed to the Plaintiff a letter seeking collection of the Patient First account.

17.    Defendant advised that although legal action would not be pursued against the Plaintiff for collection, Defendant would continue to report this account albeit as disputed.  Defendant's letter goes on to advise that the original debt was $225.02, but that interest had accrued through the date of the letter in the amount of $240.14 and a collection fee of $94.31 had been added bringing the total being collected against the Plaintiff to $559.47.  A reproduction of the pertinent portions of this letter appears below:



RECEIVABLES
MANAGEMENT
SYSTEMS

07/13/22

Receivables Management Systems
Post Office Box 73810
North Chesterfield, Virginia 23235
800.241.1611
www.rmscollect.com

To:     MARSHAUN R THOMAS
        ██████████████
        MARIETTA GA 30006

Account #:  0█████8799
Creditor: PATIENT FIRST
Balance: $559.47

---

**Receivables Management Systems is a debt collector.** This is an attempt to collect a debt. Any information obtained will be used for that purpose.

Legal action will not be pursued against you for payment of this debt. We will continue to request payment. We will be happy to assist you if you wish to pay this debt.

Dear MARSHAUN R THOMAS:

Our office is in receipt of your recent notice of dispute. Please be advised we have reviewed your recent notice of dispute and our records indicate we have already responded to a previous notice of dispute that is substantially the same as your notice of dispute received on 07/13/22. Because your notice of dispute alleges no new facts and includes no new information to investigate, we will not reopen our investigation of the dispute. Should you have new or additional information or documentation to substantiate your claim of dispute, please send us that information and we will investigate this matter further.

We will continue to report this account as disputed unless you indicate otherwise. Listed below is a summary of the charges on the account including any applicable fees or interest. Should you have any questions regarding this account or if you wish to discuss payment arrangements, please feel free to contact us at (804)353-9300 or (800)241-1611.

We look forward to helping you resolve this matter.

Sincerely,
Disputes Department

Creditor:        PATIENT FIRST
Principal Due:   $225.02
Account #:       0009328799
Interest:        $240.14
Collection Fee:  $94.31
Total Due:       $559.47

18.    The Defendant is seeking to collect a collection fee of $94.31 --roughly equivalent to 41% of the original underlying obligation.

19.    This fee is not unauthorized under any contractual agreement between the Plaintiff and the original service provider, nor is it available to the Defendant under Virginia Law.

20.    Moreover, Defendant is seeking to collect interest in the amount of $240.14.

21.    The interest sought is likewise not provided for in any contractual agreement between Plaintiff and the provider. The Plaintiff believes and hereby avers that Defendant is assessing prejudgment interest of its own accord.

22.    Prejudgment interest under Virginia law is an element of and in the nature of damages and may be awarded by courts or juries in accordance with the principles of equity at any rate not in excess of a maximum effective rate of six percent per annum.

23.    Virginia law is clear that the award of prejudgment interest is not automatic, or even mandatory. It is, rather, left to the discretion of the court. *Dairyland Ins. Co. v. Douthat, 449 S.E.2d 799 (Va. 1994).*

24.    The assessment of prejudgment interest must be made, if at all, by a court of law.

25.     The Defendant's claim is not subject to enforcement through legal action.  Thus, the collection of interest by the Defendant on behalf of its principal is not possible under the law.

26.     Plaintiff understood the natural language in Defendant's letter that it "…will continue to report this account as disputed unless you indicate otherwise" as meaning the account would be reported to her credit file indefinitely.

27.     Upon information and belief, the date of first delinquency for the account in collection by the Defendant was June, 2015.

28.     Credit reporting is governed by the 15 U.S.C. § 1681 et. seq., The Fair Credit Reporting Act (FCRA).

29.     The FCRA mandates that consumer credit information may be reported for only seven (7) years from the date of first delinquency. 15 U.S.C. § 1681c(a)(4).

30.     The eligibility of this account for credit reporting had expired as of the date of Defendant's letter or shortly thereafter.

## INJURIES-IN-FACT AND DAMAGES

31.     The FDCPA provides consumers with statutorily created rights to be free from 'being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.'" *McCamis v. Servis One, Inc.*, No. 8:16-CV-1130-T-30AEP, 2016 U.S. Dist. LEXIS 99492 (M.D. Fla. July 29, 2016); *Church v. Accretive Health, Inc.*,

654 Fed. Appx. 990, 2016 U.S. App. LEXIS 12414, 2016 WL 3611543 (11th Cir. 2016).

32.     An injury-in-fact sufficient to satisfy Article III standing requirements "may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing." *Church*, at 993, quoting *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982).

33.     Violation of statutory rights are not a "hypothetical or uncertain" injury, but one "that Congress has elevated to the status of a legally cognizable injury through the FDCPA." *McCamis*, at 4, citing *Church*, at 3.

34.     As a result of the Defendant's actions and/or omissions, Plaintiff has suffered actual damages, including but not limited to the following:

a.)     Being subjected to false, deceptive, and unfair debt collection practices;

b.)     Uncompensated time expended away from and/or activities of daily living, to investigate the debt in collection and, specifically, the assessed fees and interest;

c.)     Anxiety and worry caused by concern that Plaintiff was being called upon to pay an improper claim, that the debt owed was continuing to increase, and that, per its representation, Defendant was determined to report this inflated amount to Plaintiff's credit file indefinitely.  The anxiety and worry experienced by the

Plaintiff was sufficient to negatively affect her demeanor, her ability to engage in daily activities, resulted in sleeplessness, and adversely affected her relationships with others.

## CAUSES OF ACTION

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692 et. seq.

*Violations of 15 U.SC. § 1692e and its subparts*

35.     15 U.S.C. § 1692e specifically prohibits the use of any false, deceptive, or misleading representations or means in connection with the collection of any debt.

36.     The use of "or" in § 1692e means a representation violates the FDCPA if it is false or deceptive or misleading. *Bourff v. Rubin Lublin*, LLC, 674 F.3d 1238, 1241 (11th Cir. 2012).

37.     "The FDCPA protects consumers from abusive and deceptive practices by debt collectors, and protects non-abusive debt collectors from competitive disadvantage. 15 U.S.C. § 1692(e). Section 1692e forbids the use of 'any false, deceptive, or misleading representation or means' in debt collection, and provides a non-exhaustive list of prohibited conduct." *United States v. National Financial Servs.*, 98 F.3d 131, 135 (4th Cir. 1996).

38.     "Violations of Section 1692e are viewed from the perspective of the "least sophisticated consumer." *National Financial Servs.*, 98 F.3d at 135-36. "[E]valuating debt collection practices with an eye to the 'least sophisticated consumer' comports with basic consumer-protection principles." *Id.* at 136. The purpose of that standard "is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd." *Id.* at 136 *quoting Clomon v. Jackson*, 988 F.2d 1314, 1318 (2nd Cir. 1983). Indeed, its purpose is to protect "naive consumers" with a minimal understanding of personal finance and debt collection. *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1194 (11th Cir. 2010) (per curiam).

39.     Moreover, the least sophisticated consumer is not to be held to the same standard as a reasonably prudent consumer. The least sophisticated consumer, though not unreasonable, is "ignorant" and "unthinking,"  "gullible," and of "below-average sophistication or intelligence," *Pinson v. JPMorgan Chase Bank, Nat'l Ass'n*, No. 16-17107, 2019 U.S. App. LEXIS 33662, at 12-13 (11th Cir. Nov. 12, 2019), quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)

40.     A false representation in connection with the collection of a debt is sufficient to violate the FDCPA, even if it is not alleged or proven to be misleading or deceptive.

41.    Defendant's representation to Plaintiff and to credit bureaus that she owed the inflated amount referenced in Defendant's letter was objectively false and materially misleading and violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(8).

42.    Defendant's representation and intimation that its negative credit reporting would continue indefinitely was objectively false and materially misleading and violated 15 U.S.C. §§ 1692e, and 1692e(5).

43.    The Defendant's representation that it is adding interest to the amount in collection on a "daily basis" was objectively false and materially misleading as demonstrated by the tradelines reported by the Defendant to third-parties 30 days apart.

44.    The Defendant's false representations regarding accumulation of interest obscure the status and amount of the debt in collection and impairs the Plaintiff's decision-making with respect to which delinquent accounts she should address, and in what order.

45.    Defendant's representations regarding the accumulation and addition of interest were a violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), and 1692e(10).

***Violations of 15 U.SC. § 1692f and its subparts***

46.    The conduct of the Defendant as described herein was unfair and unconscionable. It preyed upon perceived lack of sophistication of the Plaintiff.

11

47.     Defendant's conduct violated 15 U.S.C. § 1692f(1).

## TRIAL BY JURY

48.     Plaintiff is entitled to and hereby requests a trial by jury.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:

a.)     Plaintiff's actual damages pursuant to 15 U.S.C. § 1692k(a)(1) and;

b.)     Statutory damages pursuant to 15 U.S.C. § 1692k;

c.)     General, exemplary, and treble damages pursuant to O.C.G.A. § 10-1-399(a) & (c);

d.)     Civil penalties, pursuant to N.C. Gen. Stat. § 58-70-130(b);

Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k and O.C.G.A. § 10-1-399(d);

d)     Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) and N.C. Gen. Stat. § 75-16.1; Tex. Fin. Code § 392.403(b); and

e)     Such other and further relief as may be just and proper.

Respectfully submitted this 28th day of February, 2023.

[Signatures follow]

**BERRY & ASSOCIATES**

*/s/ Matthew T. Berry*
Matthew T. Berry
Georgia Bar No.: 055663
matt@mattberry.com
2751 Buford Highway, Suite 600
Atlanta, GA 30324
Ph. (404) 235-3300
Fax (404) 235-3333

*Plaintiff's Attorney*