**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| Scott McComb, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action File No.: |
| | ) | |
| vs. | ) | |
| | ) | |
| Grant & Weber, Inc., | ) | **COMPLAINT WITH** |
| | ) | **JURY TRIAL DEMAND** |
| Defendant | ) | |
| | ) | |

**PRELIMINARY STATEMENT**

This action for damages is based upon the Defendant's overt and intentional, unlawful conduct in the furtherance of its efforts to collect a consumer debt. The Defendant's conduct is in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq. and the Georgia Fair Business Practices Act, (GFBPA) O.C.G.A. 10-1-390 et seq.

**PARTIES**

1. Plaintiff, Scott McComb, is a natural person who resides in Hall County, Georgia.

2. Defendant, Grant & Weber, Inc., is a foreign corporation registered to do business in Georgia. Defendant may be served with process via its registered agent, CT Corporation System at 289 S. Culver St, Lawrenceville, GA, 30046.

1

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction over Plaintiff's Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. This Court has personal jurisdiction over Defendant because, inter alia, Defendants frequently and routinely conducts business in the State of Georgia, including the conduct complained of herein.

5. Pursuant to 28 U.S.C. § 1391, venue is proper in the Northern District of Georgia because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. Venue is proper in the Atlanta Division because the Defendant maintains a Registered Agent in Gwinnett County, Georgia.

## FACTUAL ALLEGATIONS

7. Plaintiff is allegedly obligated to pay a consumer debt arising out of medical services and is, therefore, a "consumer", as that term is defined by 15 U.S.C. § 1692a(3).

8. Defendant is a collection agency specializing in the collection of consumer debt.

9. Defendant uses interstate commerce and/or mail in its business in the collection of consumer debts.

10. Defendant manages, and collects upon, thousands of consumer debt accounts annually.

11. Defendant is, therefore, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

12. In February, 2023, the Plaintiff obtained a copy of his credit report as published by both TransUnion and Experian, two major credit reporting agencies.

13. In reviewing these reports, the Plaintiff noted a tradeline reported to both TransUnion and Experian by the Defendant.

14. This tradeline indicated that Defendant was collecting a debt on behalf of a local healthcare provider for treatment that was rendered to the Plaintiff in the fall of 2016.  Per the Defendant, the original balance owed by Plaintiff is $677.00.  However, it reported that the current balance is $907.00.

15. Upon information and belief, the Defendant is attempting to collect the sum of $230.00, approximately 33% as a collection fee.  This fee is not authorized under any contractual agreement between the Plaintiff and the medical provider, nor is it available to the Defendant under Georgia Law.

16. The Fair Debt Collection Practices Act specifically provides that the collection of any amount, including fees, charges, or any other expense incidental to the principal obligation, is prohibited unless such amount is expressly authorized by the agreement creating the debt or permitted by law.  15 U.S.C. § 1692f(1).

17. A percentage-based collection fee assessed before the collector attempted to collect the balance due does not bear any correlation to the actual cost of the collector's collection effort and is thus a violation of the FDCPA.  *See, Bradley v. Franklin Collection Service, Inc.*, 739 F.3d 606, 609 (11th Circuit, 2014).

18. Alternatively, the increased sum being demanded of the Plaintiff represents prejudgment interest assessed by the Defendant.

19. Prejudgment interest under Georgia law is an element of and in the nature of damages and may be awarded by courts or juries in accordance with the principles of equity at any rate not in excess of a maximum effective rate of seven percent per annum.

20. Georgia law is clear that the award of prejudgment interest is not automatic, or even mandatory. It is, rather, left to the discretion of the court. *American Family Life Assurance Co. v. United States Fire Co.*, 885 F.2d 826, 1989 U.S. App. LEXIS 15341 (11th Cir. 1989).

21. The assessment of prejudgment interest must be made by a court of law following the establishment of its legitimacy through the introduction of evidence.

22. The account in collection with the Defendant is based upon medical services provided. It is subject to a statute of limitations of no more than six years per O.C.G.A § 9-3-25, assuming a written contract exists.

23. Upon information and belief, the statute of limitations applicable to the Defendant's claim expired no later than October 30, 2022.

24. The Defendant's claim is not subject to enforcement through legal action.  Thus, the collection of interest by the Defendant on behalf of its principal is not possible under the law.

## INJURIES-IN-FACT AND DAMAGES

25. The FDCPA provides consumers with statutorily created rights to be free from 'being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.'" *McCamis v. Servis One, Inc.*, No. 8:16-CV-1130-T-30AEP, 2016 U.S. Dist. LEXIS 99492 (M.D. Fla. July 29, 2016); *Church v. Accretive Health, Inc.*, 654 Fed. Appx. 990, 2016 U.S. App. LEXIS 12414, 2016 WL 3611543 (11th Cir. 2016).

26. An injury-in-fact sufficient to satisfy Article III standing requirements "may exist solely by virtue of statutes creating legal rights, the invasion of which

creates standing." *Church*, at 993, quoting *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982).

27. Violation of statutory rights are not a "hypothetical or uncertain" injury, but one "that Congress has elevated to the status of a legally cognizable injury through the FDCPA." *McCamis*, at 4, citing *Church*, at 3.

28. As a result of the Defendant's actions and/or omissions, Plaintiff has suffered actual damages, including but not limited to the following:

a.) Being subjected to false, deceptive, and unfair debt collection practices;

b.) Confusion related to the Defendant's credit reporting practice that adversely impacted the Plaintiff's ability to prioritize debt payments when they were possible;

c.) Defendant's false and misleading communications to leading credit reporting bureaus were akin to defamation of the Plaintiff resulting in subscribers to the credit reporting services receiving a false impression of Plaintiff's credit worthiness and debt-to-income ratio;

d.) Uncompensated time expended away from work and/or activities of daily living, to confer with counsel regarding the Defendant's collection efforts;

## CAUSES OF ACTION

### COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et. seq.

### *Violations of 15 U.SC. § 1692e and its subparts*

29. 15 U.S.C. § 1692e specifically prohibits the use of any false, deceptive, or misleading representations or means in connection with the collection of any debt.

30. The use of "or" in § 1692e means a representation violates the FDCPA if it is false or deceptive or misleading. *Bourff v. Rubin Lublin*, LLC, 674 F.3d 1238, 1241 (11th Cir. 2012).

31. "The FDCPA protects consumers from abusive and deceptive practices by debt collectors, and protects non-abusive debt collectors from competitive disadvantage. 15 U.S.C. § 1692(e). Section 1692e forbids the use of 'any false, deceptive, or misleading representation or means' in debt collection, and provides a non-exhaustive list of prohibited conduct." *United States v. National Financial Servs.*, 98 F.3d 131, 135 (4th Cir. 1996).

32. "Violations of Section 1692e are viewed from the perspective of the "least sophisticated consumer." *National Financial Servs.*, 98 F.3d at 135-36. "[E]valuating debt collection practices with an eye to the 'least sophisticated consumer' comports with basic consumer-protection principles." *Id.* at 136. The purpose of that standard "is to ensure that the FDCPA protects all consumers, the

gullible as well as the shrewd." *Id.* at 136 *quoting Clomon v. Jackson*, 988 F.2d 1314, 1318 (2nd Cir. 1983). Indeed, its purpose is to protect "naive consumers" with a minimal understanding of personal finance and debt collection. *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1194 (11th Cir. 2010) (per curiam).

33. Moreover, the least sophisticated consumer is not to be held to the same standard as a reasonably prudent consumer. The least sophisticated consumer, though not unreasonable, is "ignorant" and "unthinking," "gullible," and of "below-average sophistication or intelligence," *Pinson v. JPMorgan Chase Bank, Nat'l Ass'n*, No. 16-17107, 2019 U.S. App. LEXIS 33662, at 12-13 (11th Cir. Nov. 12, 2019), quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)

34. A false representation in connection with the collection of a debt is sufficient to violate the FDCPA, even if it is not alleged or proven to be misleading or deceptive.

35. Defendant's reporting to TransUnion and Experian as to the total of the debt currently owed was objectively false and materially misleading, and a violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(8), and 1692e(10).

***Violations of 15 U.SC. § 1692f and its subparts***

36. The conduct of the Defendant as described herein was unfair and unconscionable. It preyed upon perceived lack of sophistication of the Plaintiff.

37. Defendant's conduct violated 15 U.S.C. § 1692f(1).

## COUNT II

### VIOLATIONS OF THE GEORGIA FAIR BUSINESS PRACTICES ACT
### O.C.G.A. § 10-1-390, et seq.

38. Plaintiff incorporates by reference paragraphs 1 through 37 as though fully stated herein.

39. O.C.G.A. § 10-1-390 et seq is commonly known as the "Fair Business Practices Act of 1975" (the "GFBPA").

40. The purpose of the GFBPA, is to protect consumers from unfair and/or deceptive practices in the conduct of any trade or commerce in part or wholly in the state. O.C.G.A. § 10-1-391.

41. O.C.G.A. § 10-1-391 directs that the GFPBA is to be interpreted and applied liberally and in harmony with the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1), which implements the FDCPA.

42. O.C.G.A. § 10-1-393(a) of the GFBPA broadly prohibits unfair and/or deceptive business practices.

43. Defendant intentionally engaged in unfair and deceptive business practices, as set forth herein, in an effort to collect a consumer debt.

44. Defendant's conduct has implications for the consuming public in general.

45. Defendant's conduct negatively impacts the consumer marketplace.

46. Upon information and belief, Defendant does not maintain a place of business in Georgia and has no assets in Georgia, thus relieving Plaintiffs of the Notice and Demand requirements of O.C.G.A. § 10-1-399(b).

47. As a result of Defendant's violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover general damages pursuant to O.C.G.A. § 10-1-399(a).

48. As a result of Defendant's intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover exemplary damages pursuant to O.C.G.A. § 10-1-399(a).

49. As a result of Defendant's intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover treble damages pursuant to O.C.G.A. § 10-1-399(c).

50. Plaintiff is entitled to recover reasonable attorney's fees and expenses of litigation pursuant to O.C.G.A. § 10-1-399(d).

**TRIAL BY JURY**

51. Plaintiff is entitled to and hereby requests a trial by jury.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:

a.) Plaintiff's actual damages;

b.) Statutory damages pursuant to 15 U.S.C. § 1692k;

c.) Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k

d.) General, exemplary, and treble damages pursuant to O.C.G.A. § 10-1-399(a) & (c);

e.) Reasonable attorney's fees and costs pursuant to O.C.G.A. § 10-1-399(d); and

f.) Such other and further relief as may be just and proper.

Respectfully submitted this 28th day of February, 2023.

**BERRY & ASSOCIATES**

*/s/ Matthew T. Berry*
Matthew T. Berry
Georgia Bar No.: 055663
matt@mattberry.com
2751 Buford Highway, Suite 600
Atlanta, GA 30324
Ph. (404) 235-3300
Fax (404) 235-3333

*Plaintiff's Attorney*