IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| Ernetta Pace, | ) | |
| | ) | C/A: |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Ur M. Jaddou, Director, U.S. Citizenship and Immigration Services, | ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## **COMPLAINT**

Plaintiff, Ms. Ernetta Pace ("Ms. Pace"), has waited 37 months for an adjudication of an immigrant visa petition she filed for her husband, Mr. Rachid Hmidi ("Rachid" or "Mr. Hmidi"). *See* Exhibit A (Form I-130 receipt). The family separation has resulted in significant emotional and financial harm as Ms. Pace has struggled to live without Rachid's care and comfort. To alleviate the trauma, Ms. Pace has taken multiple leaves of absence to visit her spouse in Tunisia and other countries, but Rachid has remained unable to join Ms. Pace in the United States.

In this action, Ms. Pace seeks to hold Defendant, Ms. Ur M. Jaddou, Director of United States Citizenship and Immigration Services ("USCIS"), accountable to the agency's commitment to lessen the rampant processing delays

1

for immigration benefits, including those for family-based immigrant visa petitions. Director Jaddou has conceded that "processing times are too long." *See* https://rollcall.com/2022/02/02/uscis-director-federal-immigration-funds-critical-to-agency/ ("Let me be very clear. Our processing times are too long. There are no ifs, ands or buts about it.") (Feb. 2, 2022). Ms. Pace's spousal petition represents an unfortunate example of unnecessary and unreasonable bureaucratic nonfeasance. Under the circumstances here, Defendant has unreasonably failed to act on Ms. Pace's immigrant visa petition in violation of the Administrative Procedure Act ("APA"). 5 U.S.C. § 555(b); 706(1).

## PARTIES

1. Plaintiff Ernetta Pace is a United States citizen who resides in Atlanta, Georgia.

2. Defendant Ur M. Jaddou is the USCIS Director. In her official capacity, she oversees the adjudication of all immigration benefits. Specifically, USCIS is a Bureau within Department of Homeland Security, 6 U.S.C. § 274, which has the authority to adjudicate immigrant visa petitions, including the I-130 petition to classify a noncitizen as a qualifying relative. 6 U.S.C. § 271(b)(1). Ms. Jaddou is sued in her official capacity.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this case under 28

U.S.C. § 1331. *Califano v. Sanders*, 430 U.S. 99, 106 (1977).

4. Under its federal question jurisdiction, this Court can hear claims under the APA, 5 U.S.C. § 501, *et seq*.

5. Under the APA, this Court can compel agency action that is unreasonably delayed or unlawfully withheld. 5 U.S.C. §§ 555(b), 706.

6. Under its federal question jurisdiction, this Court can also provide declaratory relief under 28 U.S.C. § 2201.

7. Venue is proper in this Court under 28 U.S.C. § 1391(e)(1)(C) because Ms. Pace resides in Atlanta, Georgia and there is no real property at issue in this case.

8. Plaintiff has exhausted all administrative remedies or constructively exhausted all administrative remedies. *Darby v. Cisneros*, 509 U.S. 137 (1993).

## LEGAL BACKGROUND

9. The Immigration and Nationality Act ("INA") reflects Congress' intent to permit "worldwide level of immigration," 8 U.S.C. § 1151(a), based on, among other things, an allocation of family-based immigrant visas "made available to individuals who have family members in the United States." H.R. Rep. No. 101-723, pt. I (1990) *as reprinted in* 1990 U.S.C.C.A.N. 6710, 6715, 6728.

10. Recognizing that it is "antifamily to allow . . . long separations" of family members, 136 Cong. Rec. H-8629-02 (1990), "family reunification" is a

"cornerstone of U.S. immigration policy" and serves the "national interest." William A. Kandel, *Congressional Research Service, Permanent Legal Immigration to the United States: Policy Overview* 1 (2018).

11.  The INA, 8 U.S.C. §§ 1151-1154, provides visas that are unlimited and immediately available for immediate relatives of United States citizens and, by statute, allocates thousands of visas for issuance per annum for other categories of noncitizens seeking to immigrate to the United States. *Id*.

12.  The "term 'immediate relatives' means the children, spouses, and parents of a citizen of the United States, except that, in the case of parents, such citizens shall be at least 21 years of age." 8 U.S.C. § 1151(b)(2)(A)(i).

13.  Under 8 U.S.C. § 1154(b), if the alien on whose behalf the I-130 petition is filed is determined to be an "immediate relative," USCIS "shall . . . approve the petition and forward one copy thereof to the Department of State." *Id*.

14.  Once USCIS approves the petition, the beneficiary abroad applies for issuance of the visa by submitting the required documents to the Department of State and appearing at a United States Embassy or Consulate for an interview before a consular officer. *See* 8 U.S.C. §§ 1201(a)(1), 1202.

15.  "The term 'immigrant visa' means an immigrant visa required by the chapter and properly issued by a consular officer at her office outside of the United

States to an eligible immigrant under the provisions of the chapter." 8 U.S.C. § 1101(a)(16).

16. Immigrants who receive an immigrant visa and make a lawful admission are "lawfully admitted for permanent residence," which "means the status of having been lawfully accorded the privilege of residing permanently in the United States as an immigrant in accordance with the immigration laws, such status not having changed." 8 U.S.C. § 1101(a)(20).

## PLAINTIFF'S FACTUAL ALLEGATIONS

17. On August 7, 2019, Ms. Pace married Mr. Hmidi in his native country, Tunisia.

18. On January 21, 2020, Ms. Pace filed a Form I-130 on behalf of her husband seeking to classify Mr. Hmidi as her immediate relative. Exhibit A.

19. USCIS's Potomac Service Center issued Ms. Pace the following receipt number **IOE0908306278**. *Id.*

20. At the time Ms. Pace filed her petition, USCIS announced that it processed immediate-relative immigrant visa petitions within 8.3 months. https://egov.uscis.gov/processing-times/historic-pt (last visited Feb. 26, 2023).

21. The agency's public processing times reflect that 80% of Form I-130s filed by immediate relatives are currently completed within 12 months. *See* Current Processing Times, https://egov.uscis.gov/processing-times/home

5

(last visited Feb. 26, 2023).

22. These "processing times" are calculated based on how long it takes USCIS "to complete 80% of adjudicated cases over the past six months." *Id*.

23. Ms. Pace has now waited 36 months for an adjudication of her Form I-130 petition. This is more than four times longer than the posted times when she filed the petition and three times as long as the current processing times.

24. Because of the pain and anguish from living apart, Ms. Pace and Mr. Hmidi searched for alternative options that would allow them to spend time together.

25. Ms. Pace has a well-established career in Atlanta, and she has fought to balance her long-distance relationship with the demands of her employment.

26. Tunisia is unstable politically, and English is not a dominant language.

27. Ms. Pace and Mr. Hmidi decided to open a business in the Sultanate of Oman, which allowed the couple to obtain residency and seek a modest income to ameliorate the financial burden from traveling to spend time together.

28. USCIS has not specifically responded to repeated and diligent inquiries from Ms. Pace, Senator Jon Ossoff and Congressmen Nikema Williams.

29. USCIS has offered vague and non-substantive reasons for the delay, including a response in December 2021 to Senator Ossoff that the case was "on

hold" and USCIS was resolving "pre adjudicating checks," but the agency was "striving to resolve these issues as soon as possible."

30. An August 18, 2022 response to Representative Williams, USCIS stated that it had not "overlooked" the petition and it continued to resolve the "checks."

31. The stress and emotional toll from living apart has caused incalculable hardship on Ms. Pace and Mr. Hmidi.

32. The delay has prevented Ms. Pace and Mr. Hmidi from starting a family and put their lives in a holding pattern.

33. Ms. Pace will continue to suffer irreparable harm due to the family separation in the United States because of the bureaucratic nonfeasance on her Form I-130 petition.

34. Under the circumstances, Defendant has unreasonably delayed and unlawfully withheld action on Ms. Pace's Form I-130.

35. The agency delay remains unjustified.

## CAUSE OF ACTION
### [APA – 5 U.S.C. § 706(2)(A) Unreasonable Delay]

36. Plaintiff re-alleges all allegations above as though restated here.

37. Congress requires federal agencies to act "[w]ith due regard for the *convenience and necessity* of the parties or their representatives and within *a*

*reasonable time*, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b) (*emphasis added*).

38. The APA defines agency action, in part, as a "failure to act." 5 U.S.C. § 551(13).

39. The APA authorizes courts to compel agency action for two distinct types of "failures to act"— (1) unlawful withholding of agency action or (2) unreasonable delay of agency action. 5 U.S.C. § 706(1).

*A Decision on a Form I-130 is Required and Discrete*

40. This Court has jurisdiction to review unreasonable delay claims for agency actions that are required and discrete. *Norton*, 542 U.S. at 64.

41. In *Norton*, the Court explained:

> a claim under § 706(1) can proceed only where a plaintiff asserts that an agency failed to take a *discrete* agency action that it is *required to take*. These limitations rule out several kinds of challenges. The limitation to discrete agency action precludes the kind of broad programmatic attack we rejected in *Lujan v. National Wildlife Federation*, 497 U.S. 871 (1990) . . . The limitation to *required* agency action rules out judicial discretion of even discrete agency action that is not demanded by law (which includes, of course, agency regulations that have the force of law).

*Id.* at 64.

42. First, USCIS is required to decide on a properly filed Form I-130.

43. Under 8 U.S.C. § 1154(b), if the alien on whose behalf the I-130

petition is filed is determined to be a qualifying relative, USCIS "shall . . . approve the petition and forward one copy thereof to the Department of State." *Id*.

44. USCIS has promulgated more general adjudication provisions that require decisions. *See* 8 C.F.R. § 103.2(b)(19) (defining procedures for notification of approvals); *Id.* at § 103.3 (defining notification procedures for denials).

45. A decision on a Form I-130 is an "order" under 5 U.S.C. § 551(6).

46. USCIS has a non-discretionary duty to decide Ms. Pace's Form I-130 and this Court has jurisdiction to redress the agency's unreasonable delay.

*Plaintiff's Allegations State a Plausible Claim for Unreasonable Delay*

47. Ms. Pace alleges specific, nonconclusory facts that USCIS has unreasonably delayed an adjudication on the immigrant visa petition she filed for her spouse 36 months ago. *Ashcroft v. Iqbal*, 556 U.S. 662, 679-80 (2008).

48. A processing time of 36 months is multiples beyond the historical and current processing times. Historic Processing Times (uscis.gov); Processing Times (uscis.gov).

49. Acting "[w]ith due regard for the convenience and necessity of the parties" in this case warrants adjudication of Ms. Pace's Form I-130 without further delay due to the family separation and financial and emotional hardships that she and her spouse have needlessly been forced to endure.  5 U.S.C. § 551(13).

50. An analysis of the factors set out in *Telecommunications Research & Action Ctr. v. FCC ("TRAC")*, 750 F.2d 70, 80 (D.C. Cir. 1984), demonstrates the Agency's unreasonable delay in deciding visa petition Ms. Pace filed for her spouse.

51. As a threshold matter, this fact-specific and nuanced inquiry should only proceed once the parties have engaged in discovery regarding the reasons for delay in this case.

52. The *TRAC* factors require consideration of:

> (1) "the time an agency takes to make a decision should be governed by a 'rule of reason' "; (2) "[t]he content of a rule of reason can sometimes be supplied by a congressional indication of the speed at which the agency should act"; (3) "the reasonableness of a delay will differ based on the nature of the regulation; that is, an unreasonable delay on a matter affecting human health and welfare might be reasonable in the sphere of economic regulation"; (4) "the effect of expediting delayed actions on agency activity of a higher or competing priority . . . [5] the extent of the interests prejudiced by the delay"; and [6] "a finding of unreasonableness does not require a finding of impropriety by the agency."

*TRAC*, 750 F.2d at 80.

53. First, USCIS has no rule of reason for adjudicating Forms I-130 for the spouse of immediate relatives, the agency has not announced a rule for this case, and discovery is required to evaluate any allegations USCIS makes to the contrary.

54. There is no rule of reason that can justify the 36-month wait for the adjudication of Ms. Pace's immediate-relative visa petition.

55. The first *TRAC* factor favors Ms. Pace.

56. As does the second. It remains Congress intends immigrant applications to be pending no longer than 180 days. 8 U.S.C. § 1571(b). USCIS attempts to comport with this legislative aspiration and has engaged in rulemaking with the 180-day timetable as the outer limit for adjudications. *See* 72 Fed. Reg. 4888 (Feb. 1, 2007); 72 Fed. Reg. 29851 (May 30, 2007); 80 Fed. Reg. 81900, 81931 (Dec. 31, 2015); 81 Fed. Reg. 82398 (Nov. 18, 2016).

57. Nothing suggests Congress intended USCIS to delay action on a Form I-130 for 3 years or more.

58. Third, the Agency's delay impacts human health and welfare, not merely economic interests. USCIS's delay prevents Ms. Pace from residing with her husband in the United States. *Leiva-Perez v. Holder*, 640 F.3d 962, 969-70 (9th Cir. 2011) (family separation constitutes irreparable harm).

59. Family separation is antithetical to the design of our country's immigration system and a three-year delay in having noncitizens join their United States citizen spouses in the United States is indefensible.

60. The third and fifth *TRAC* factors favor Ms. Pace.

61. Turning to the fourth *TRAC* factor, compelling agency action here

would have no effect on a USCIS activity of a higher or competing priority. There is no higher immigration-related priority than reuniting the immediate family members of United States citizens.

62. Even at the pleading stage, the circumstances demonstrate USCIS has not acted "[w]ith due regard for the *convenience and necessity*" of Ms. Pace. 5 U.S.C. § 555(b).

63. Each *TRAC* factor weighs in favor of ordering USCIS to issue a decision on Ms. Pace's Form I-130.

## **PRAYER FOR RELIEF**

Plaintiff prays that this Court will:

A.  Take jurisdiction over this case;

B.  Declare that Defendant's delay in adjudicating Ms. Pace's Form I-130 is arbitrary, capricious, contrary to law and unreasonable under the APA;

C.  Enter an order compelling USCIS to decide Ms. Pace's Form I-130 within 30 days and if the Agency issues a request for additional evidence, order the Agency to make a final decision within 30 days of its receipt of the Plaintiff's response to the request for evidence;

D.  Order Defendant to pay reasonable attorney's fees and costs under the Equal Access to Justice Act or another provision of law; and

E.  Enter and issue other relief that this Court deems just and proper.

March 2, 2023               Respectfully Submitted,

*s/Charles H. Kuck*
CHARLES H. KUCK
GA Bar No. 429940
Kuck Baxter Immigration, LLC
365 Northridge Rd, Suite 300
Atlanta, GA 30350
(404) 816-8611
ckuck@immigration.net

*s/Jesse M. Bless*
JESSE M. BLESS
MA Bar No. 660713
Bless Litigation
6 Vineyard Lane
Georgetown MA 01833
781.704.3897
jesse@blesslitigation.com
*\* Motion to Appear Pro Hac Vice Forthcoming*