# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| Daphne Wiley, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action File No.: |
| | ) | |
| v. | ) | |
| | ) | |
| Commonwealth Financial Systems, Inc. and Pendrick Capital Partners, LLC, | ) ) ) ) | **COMPLAINT WITH** <br> **JURY TRIAL DEMAND** |
| Defendant. | | |

## PRELIMINARY STATEMENT

This action for damages is based upon the Defendants' overt and intentional unlawful conduct in the furtherance of its efforts to collect a consumer debt. The Defendants' conduct is in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. 1692 *et seq.* and the Georgia Fair Business Practices Act, (GFBPA) O.C.G.A. 10-1-390 *et seq.*

## PARTIES

1. Plaintiff, Daphne Wiley, is a natural person who resides in Fannin County, Georgia.

1

2. Defendant, Commonwealth Financial Systems, Inc. ("Commonwealth"), is a corporation formed under the laws of the State of Pennsylvania and not registered to do business in Georgia. Defendant may be served with process via its registered agent, C T Corporation System, 600 North 2nd Street, Suite 401, Harrisburg, PA 17101.

3. Defendant, Pendrick Capital Partners, LLC ("Pendrick"), is a limited liability company formed under the laws of the State of Delaware and registered to do business in Georgia. Defendant may be served with process via its registered agent, CT Corporation System at 1201 Peachtree Street, NE, Atlanta, GA 30361.

## JURISDICTION AND VENUE

4. This Court has federal question jurisdiction over Plaintiff's FDCPA claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

5. This Court has personal jurisdiction over Defendants because, *inter alia*, Defendants frequently and routinely conducts business in the State of Georgia, including the conduct complained of herein.

6. Pursuant to 28 U.S.C. § 1391, venue is proper in the Northern District of Georgia because a substantial part of the events or omissions giving rise to the claims occurred in this district.

7. Pursuant to LR 3.1B(3), venue is proper in the Atlanta Division because the Defendant Pendrick maintains a registered agent in Fulton County which is in the Atlanta Division.

## FACTUAL ALLEGATIONS

8. Plaintiff is allegedly obligated to pay a consumer debt arising out of a medical visit and is therefore, a "consumer", as that term is defined by 15 U.S.C. § 1692a(3).

9. At all times during the described events, Defendant Commonwealth was acting as an agent of Defendant Pendrick.

10. Defendant Commonwealth is a collection agency specializing in the collection of consumer debt.

11. Defendant Commonwealth uses interstate commerce and/or mail in its business in the collection of consumer debts.

12. Defendant Commonwealth manages, and collects upon, thousands of consumer debt accounts annually.

13. Defendant Commonwealth is, therefore, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

14. Defendant Pendrick's principal business is the purchase of consumer debt and the collection of those accounts for its commercial benefit.

15. Defendant Pendrick by itself and through its agents uses interstate commerce and/or mail in its business in the collection of consumer debts.

16. Defendant Pendrick markets itself as a "market leader in medical debt purchasing" and states Defendant has "purchased more than 75 million accounts with a face value in excess of $25 billion from numerous physician groups, hospitals and ambulance companies."
www.pendrickcp.com (Last visited 01/18/23.)

17. Defendant by itself and through its agents manages, and collects upon, thousands of consumer debt accounts annually.

18. Defendant Pendrick is, therefore, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

19. Defendants had attempted to collect an alleged debt from Plaintiff by placing phone calls to Plaintiff.

20. Plaintiff called Defendants in March of 2022 because Plaintiff did not recognize the debt.

21. Defendants informed Plaintiff that the account was for an unpaid balance on a medical visit from July of 2015.

22. The alleged balance of the account was over $1,500.00.

23. During the course of the call, Defendant offered to settle Plaintiff's outstanding account for a one-time payment or a monthly payment plan.

24. Defendant never informed Plaintiff during the phone call that the account from 2015 was past the statute of limitations and no legal action could be taken against Plaintiff.

25. Defendant also solicited a monthly payment plan for the debts without informing Plaintiff that the 2015 account was beyond the statute of limitations.

26. Defendant never informed the Plaintiff that making a payment on the debts for which the statute of limitations had run could renew the statute of limitations for those debts.

27. The accounts reported by the Defendant and in collection are consumer accounts thus an open account subject to a statute of limitations of four years per O.C.G.A. § 9-3-25.

28. Defendant solicited monthly payments from Plaintiff on a debt that was past the applicable statute of limitations without informing Plaintiff that making payments on the debt would restart the statute of limitations.

29. Making a payment on the debt would renew the statute of limitations in Georgia. *SKC, Inc. v. eMag Sols., LLC*, 326 Ga. App. 798, 755 S.E.2d 298 (2014); *Malak v. Unifund CCR, LLC*, 343 Ga. App. 314, 318, 807 S.E.2d 80, 83 (2017).

30. Plaintiff was misled by Defendant's deceptive statements about making payments.

31. Defendant's conduct contained communications which were false, misleading, and deceptive in connection with the collection of a debt.

32. Plaintiff took time to seek legal counsel about the statements made by Defendant in connection with the collection of a debt.

33. Plaintiff was seeking to create a financial plan to get her bills paid and her credit score raised. Defendant's misrepresentations caused stress and anxiety to Plaintiff and interfered with her ability to make informed decisions to handle his finances.

34. Defendants' actions interfered with Plaintiff's ability to organize her financial affairs.

35. Plaintiff suffered anxiety and worry including loss of sleep as a result of Defendants' false and misleading statements.

36. Plaintiff took time out of her normal daily activities to seek the advice of counsel as a result of Defendants' false and misleading statements.

## **INJURIES-IN-FACT**

37. The FDCPA provides consumers with "statutorily-created rights to be free from 'being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.'" *McCamis v. Servis One, Inc.*, No. 8:16-CV-1130-T-30AEP, 2016 U.S. Dist. LEXIS 99492 (M.D. Fla. July 29, 2016); *Church v. Accretive Health, Inc.*, 654 Fed. Appx. 990, 2016 U.S. App. LEXIS 12414, 2016 WL 3611543 (11th Cir. 2016).

38. An injury-in-fact sufficient to satisfy Article III standing requirements "may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing." *Church*, at 993, quoting *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982).

39. Violation of statutory rights are not a "hypothetical or uncertain" injury, but one "that Congress has elevated to the status of a legally cognizable injury through the FDCPA." *McCamis*, at 4, citing *Church*, at 3.

40. Defendants are subjecting Plaintiff to false, deceptive, unfair, and unconscionable means to collect the debt.

41. Defendants' acts and omissions caused particularized harm to the Plaintiff in that she has suffered anxiety and worry about her debts and took time to discuss her debt with counsel in response to the false statements.

42. Accordingly, through the suffering of actual damages and a violation of Plaintiffs' statutorily created rights under the FDCPA, Plaintiffs have suffered an injury-in-fact sufficient to establish Article III standing.

## DAMAGES

43. As a result of the Defendants' actions and/or omissions, Plaintiff has suffered actual damages, including but not limited to the following:

a.) Being subjected to false, deceptive, unfair, and unconscionable debt collection practices;

b.) Uncompensated time expended away from work and/or activities of daily living, to confer with counsel regarding the Defendants' collection efforts; and,

c.) Anxiety and worry caused by the Defendants' misrepresentations.

## CAUSES OF ACTION

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 *et seq.*

44. Plaintiff incorporates by reference paragraphs 1 through 43 as though fully stated herein.

***Violations of 15 U.SC. § 1692e and its subparts***

45. 15 U.S.C. §•1692e specifically prohibits the use of any false, deceptive, or misleading representations or means in connection with the collection of any debt.

46. The use of "or" in § 1692e means a representation violates the FDCPA if it is false or deceptive or misleading. *Bourff v. Rubin Lublin*, LLC, 674 F.3d 1238, 1241 (11th Cir. 2012).

47. The standard in determining the nature of any such representation is that of the "least sophisticated consumer." Its purpose is to protect "naive consumers" with a minimal understanding of personal finance and debt collection. *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1194 (11th Cir. 2010) (per curiam).

48. Moreover, the least sophisticated consumer is not to be held to the same standard as a reasonably prudent consumer. The least sophisticated consumer, though not unreasonable, is "ignorant" and "unthinking," "gullible," and of "below-average sophistication or intelligence," *Pinson v. JPMorgan Chase Bank, Nat'l Ass'n*, No. 16-17107, 2019 U.S. App. LEXIS 33662, at 12-13 (11th Cir. Nov. 12, 2019), quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2nd Cir. 1993).

49. A false representation in connection with the collection of a debt is sufficient to violate the FDCPA, even if it is not alleged or proven to be misleading or deceptive.

50. Defendant's attempts to solicit payments on a debt outside the statute of limitations without informing Plaintiff that his payment would renew the statute of limitations was deceptive and misleading.

51. Defendant's communications were in violation of 15 U.S.C. §§ 1692e, e(2)(A), and e(10) among others.

52. As a result of Defendant's violations of the FDCPA, Defendant is liable to Plaintiffs for actual damages as described herein, statutory damages in the amount of $1,000.00, costs of this action and reasonable attorney's fees as determined by the Court as mandated by 15 U.S.C. § 1692k.

## COUNT II

## VIOLATIONS OF THE GEORGIA FAIR BUSINESS PRACTICES ACT

### O.C.G.A. § 10-1-390 *et seq.*

53. Plaintiff incorporates by reference paragraphs 1 through 52 as though fully stated herein.

54. O.C.G.A. § 10-1-390 *et seq.* is commonly known as the "Fair Business Practices Act of 1975" (the "GFBPA").

55. The purpose of the GFBPA, is to protect consumers from unfair and/or deceptive practices in the conduct of any trade or commerce in part or wholly in the state. O.C.G.A. § 10-1-391.

56. O.C.G.A. § 10-1-391 directs that the GFPBA is to be interpreted and applied liberally and in harmony with the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1), which implements the FDCPA.

57. O.C.G.A. § 10-1-393(a) of the GFBPA broadly prohibits unfair and/or deceptive business practices.

58. Defendants intentionally engaged in unfair and deceptive business practices, as set forth herein, in an effort to collect a consumer debt.

59. Defendants' conduct has implications for the consuming public in general.

60. Defendants' conduct negatively impacts the consumer marketplace.

61. Collecting a debt incurred during a consumer transaction could harm the general consuming public if conducted via deceptive acts or practices and clearly falls within the parameters of the GFBPA. Thus, a violation of the FDCPA constitutes a violation of the GFBPA. *See 1st Nationwide Collection Agency, Inc. v. Werner*, 288 Ga. App. 457, 459 (2007).

62. Upon information and belief, Defendant does not maintain a place of business in Georgia and has no assets in Georgia, thus relieving Plaintiffs of the Notice and Demand requirements of O.C.G.A. § 10-1-399(b).

63. As a result of Defendants' violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover general damages pursuant to O.C.G.A. § 10-1-399(a).

64. As a result of Defendants' intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover exemplary damages pursuant to O.C.G.A. § 10-1-399(a).

65. As a result of Defendants' intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover treble damages pursuant to O.C.G.A. § 10-1-399(c).

66. Plaintiff is entitled to recover reasonable attorney's fees and expenses of litigation pursuant to O.C.G.A. § 10-1-399(d).

## **TRIAL BY JURY**

67. Plaintiff is entitled to and hereby requests a trial by jury.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:

a.) Plaintiff's actual damages;

b.) Statutory damages pursuant to 15 U.S.C. § 1692k;

c.) Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k;

d.) General and exemplary damages pursuant to O.C.G.A. § 10-1-399(a);

e.) Treble damages pursuant to O.C.G.A. § 10-1-399(c); and

f.) Such other and further relief as may be just and proper.

Respectfully submitted this 2nd day of March, 2023.

*/s/ Chris Armor*
Matthew T. Berry
Georgia Bar No.: 055663
*matt@mattberry.com*
2751 Buford Highway, Suite 600
Atlanta, GA 30324


Christopher N. Armor
Georgia Bar No.: 614061
P.O. Box 451328
Atlanta, GA 31145
470-990-2568
chris.armor@armorlaw.com

*Plaintiff's Attorneys*