# EXHIBIT B

**CARLTON FIELDS**

ATTORNEYS AT LAW

**One Atlantic Center**
1201 West Peachtree Street | Suite 3000
Atlanta, Georgia 30309-3455
404.815.3400 | fax 404.815.3415
www.carltonfields.com

**Atlanta**
Florham Park
Hartford
Los Angeles
Miami
New York
Orlando
Tallahassee
Tampa
Washington, DC
West Palm Beach

Jason A. Morris
Attorney at Law
404-815-2724  Direct Dial
jmorris@carltonfields.com

September 1, 2022

D. Austin Bersinger
Barnes & Thornburg LLP
Prominence in Buckhead
3475 Piedmont Road, N.E., Suite 1700
Atlanta, GA 30305-3327
(404) 846-1693

*Via E-mail Only*
austin.bersinger@btlaw.com

Re:  Insured:   Rhodium International Trading USA, Inc. ("Rhodium Trading")
Policy No.:  GLMB-123147 ("Policy")
Invoice Nos.:  SIRITUSA1033, SIRITUSA1034, SIRITUSA1035, SIRITUSA1037, SIRITUSA1038, SIRITUSA1039 SIRITUSA1041, SIRITUSA1042
Buyers  Lemarc Agromond Limited, Longview Resources (Labuan) Ltd., Longview Resources (SG) Pte Ltd., Fuzhou Xindian Fuel Co., Ltd.; Quan Jun Da Industrial Co., Ltd.
Claim Nos:  22969, 22970, 22973, 22974, 22975 (the "Claims")

Dear Mr. Bersinger,

As you know, we represent FCIA Management Company, Inc., now known as the FCIA Trade Credit & Political Risk Division of Great American Insurance Company ("FCIA"), with respect to the above-referenced Claims made by Rhodium Trading under the Policy. We understand that Barnes & Thornburg represent Yit Chee Wah, also known as Steven Yit, in his capacity as the Liquidator of Rhodium Trading. However, as we do not know whether Barnes & Thornburg's representation extends to Mr. Yit's firm, FTI Consulting, we are copying the representatives from FTI Consulting with whom we previously communicated regarding the Policy. We have also copied Rhodium Trading's broker as well as the prior Rhodium Trading representatives to whom we were previously instructed to send communications regarding the Claims referenced in this letter.

Barnes & Thornburg LLP
September 1, 2022
Page 2

The purpose of this letter is to memorialize a tolling agreement, requested by the Liquidator, between FCIA and the Liquidator in connection with the Claims. If you agree to the terms set forth herein, kindly execute the letter on behalf of your client as Liquidator of Rhodium Trading and transmit the signed copy back to the undersigned via email.

The intent of this tolling agreement is to minimize the parties' expense during the tolling period set forth herein, to defer all matters raised by the Liquidator's July 7, 2022 and July 19, 2022 O.C.G.A. § 33-4-6 demands for the duration of the tolling period, and to extend unexpired time periods under the Policy for the duration of the tolling period, as set forth herein. Accordingly, upon entering this agreement as evidenced by your signature to this letter, and only upon FCIA's receipt of a fully executed PDF copy of this letter by email to the undersigned, the Liquidator and FCIA agree to the terms set forth in the following paragraphs.

The Liquidator agrees that his written demands under O.C.G.A. § 33-4-6 set forth in your letters of July 7, 2022 and July 19, 2022, are withdrawn without prejudice. The Liquidator reserves his right to reassert such demands, and if such demands are reasserted, then FCIA agrees not to raise or cite the Liquidator's withdrawal of the July 7 and July 19 O.C.G.A. § 33-4-6 demands as a defense to the Liquidator's reasserted demands.

In addition, beginning on the date that FCIA receives a fully-executed copy of this letter by email to the undersigned, all time periods discussed in the Policy that have not already expired at the time this letter is received by FCIA will be tolled for a period of six calendar months. For example, if FCIA receives a fully-executed copy of this letter via email to the undersigned on September 3, 2022, then the tolling period will begin on that date, the tolling period will expire on March 2, 2023, and the time periods in the Policy will continue to run as of March 3, 2023.

The impetus of this letter agreement is the pendency of a separate but potentially related matter between the Liquidator and another trade credit insurer. The Liquidator agrees to keep FCIA informed of the progress of the other matter so that the Liquidator and FCIA can consider whether to extend this agreement. The Liquidator agrees to provide such an update, via telephone or otherwise, three months after FCIA receives a fully-executed version of this letter via email.

FCIA and the Liquidator each reserve all other rights under the Policy, at law, and in equity, including those set forth in their previous correspondence.

[Signatures on Next Page]

Barnes & Thornburg LLP
September 1, 2022
Page 3

      As referenced above, if the Liquidator agrees to the terms set forth herein, then kindly sign below at the identified location and return a PDF copy of the fully-executed letter to the undersigned via email.

      Best regards,

      CARLTON FIELDS, P.A.

      Jason A. Morris

*On behalf of Yit Chee Wah, also known as Steven Yit, in his capacity as the Liquidator of Rhodium Trading, I certify that the Liquidator understands and agrees to the conditions set forth in this letter. By signing, dating, and printing my name and title below, I represent and warrant that I am authorized to bind the Liquidator as set forth in this letter.*

_____         __September 1, 2022__
**Signature**        **Date**

__D. Austin Bersinger_____
**Printed Name**


**cc: (email only)**

Andrew Baldauf, *andrew.baldauf@marsh.com*

Daniel Carrier, *daniel.m.carrier@marsh.com*

Matthew Conigliaro, *mconigliaro@carltonfields.com*

Roberto Crispino, *roberto.crispino@fticonsulting.com*

Dennis Dalati, *dennis.dalati@marsh.com*

Nicholas Garofalo, *nicholas.garofalo@marsh.com*

Jin Rui Ho, *jinrui.ho@fticonsulting.com*

Cheam Hing Lee, *cheam@rhodiumresources.com*

Shuna Rao, *shuna.rao@fticonsulting.com*

Michael Wyer, *michael.wyer@rhodiumresources.com*