# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| Cuong Nhat NGUYEN,<br><br>  Plaintiff<br><br>v.<br><br>Ur Mendoza JADDOU, Director of U.S. Citizenship and Immigration Services,<br><br>  Defendant | Civil No:<br><br>COMPLAINT TO COMPEL AGENCY ACTION UNDER 28 U.S.C. § 1361 AND 5 U.S.C. §§ 555(b), 706(1), AND FOR A WRIT OF MANDAMUS TO COMPEL DEFENDANT'S ADJUDICATION OF FORM I-485 ADJUSTMENT OF STATUS APPLICATION<br><br>USCIS Case No.<br>SRC-21-030-50659 |

## I. Introduction

1. Plaintiff Cuong Nhat Nguyen is an applicant for adjustment of status whose case has been inexplicably and unreasonably delayed. Plaintiff is immediately eligible to have his application adjudicated. Because Defendant owes a non-discretionary duty to adjudicate applications for adjustment of status, Plaintiff seeks the aid of the Court in mandating that the Defendant make a decision on his application.

## II. Parties

2. Plaintiff Cuong Nhat Nguyen (A218-099-957) is a citizen of Vietnam and an applicant for adjustment of status. Plaintiff resides in Suwanee, Georgia, which is in this judicial district.

3. Defendant Ur Mendoza Jaddou is the Director of the U.S. Citizenship and Immigration Services, an agency of the United States. Ms. Jaddou is named in her official capacity.

## III. Jurisdiction and Venue

4. This Court has jurisdiction pursuant to 8 U.S.C. § 1331 (federal question jurisdiction). Jurisdiction is also conferred by 5 U.S.C. §§ 555(b), 704, and 706(a), as well as 28 U.S.C. § 1361.

5. Venue in the Northern District of Georgia is appropriate under 28 U.S.C. § 1391(e)(1) because Plaintiff resides in this judicial district.

6. Venue is proper in the Atlanta Division of the Northern District of Georgia because Plaintiff resides in Suwanee, Georgia.

## IV. Factual Allegations

7. Plaintiff entered the United States on September 28, 2017 on a F-1 visa and has resided continuously in the United States since then. *See* Exhibit A.

1

8. Plaintiff filed an application for adjustment of status on October 30, 2020. *See* Exhibit B.

9. Plaintiff is the beneficiary of an I-140 visa petition approved on November 13, 2020. *See* Exhibit C. Mar Jac Poultry, Inc. filed this petition on October 30, 2020, with a priority date on or before August 27, 2019. *Id.*[1]

10. Visa numbers were available at the time Plaintiff filed his adjustment application. USCIS accepted the application and later approved work authorizations which allowed Plaintiff to engage in lawful employment. Plaintiff is in possession of employment authorization documents issued by USCIS from November 2020 to the present. *See* Exhibit D.

11. Plaintiff has at all times met and continues to meet the requirements necessary to adjust status in the United States.

12. Historically, cases like Plaintiff's have been adjudicated between 7 and 10.8 months. *See* Exhibit E. According to USCIS, 80 percent of I-485 applications in the employment based category are being processed in 31.5 months. *See* Exhibit F. Plaintiff's adjustment application has now been pending 28 months, which is well outside what normal processing times

---

[1] Please note that the I-140 approval notice has the incorrect priority date of October 30, 2020. The correct priority date is August 27, 2019, which is correctly listed on form I-485 labeled as Exhibit B.

historically have been. This delay is entirely unreasonable, as are the unexplained increases in processing times. Plaintiffs should not be required to wait further when the announced unreasonable processing times may simply grow longer and longer.

13. Plaintiff fits into preference category "EB-3" other workers from Vietnam with a priority date on or before January 1, 2020. Accordingly, visa numbers are available for Plaintiff's adjustment application because the March Visa Bulletin shows the EB-3 category from Vietnam for other workers is currently available to anyone with a priority date before January 1, 2020. *See* Exhibit G.

14. Despite Plaintiff's diligent efforts to resolve the delay in adjudication, the Defendant has failed to fulfill its mandatory duty to adjudicate the pending application within a reasonable time as required by the APA.

15. As a result of Defendant's failure to act, Plaintiff has suffered and will continue to suffer severe, concrete, and particularized injury.

# FIRST CLAIM FOR RELIEF
## 28 U.S.C. § 1361 - Writ of Mandamus to compel officers and agencies of the United States to perform a duty owed to Plaintiff

16. The allegations in the preceding paragraphs are repeated and incorporated as though fully set forth herein.

17. Plaintiff is eligible for immediate adjudication of his pending I-485 application.

18. Plaintiff is admissible to the United States as a lawful permanent resident.

19. Plaintiff has suffered and will continue to suffer significant and irreparable harm because of the Defendant's policies, procedures, acts and failure to act as described herein.

20. Defendant has violated Plaintiff's statutory right to apply for benefits that Congress has provided under the Immigration and Nationality Act ("INA"), depriving Plaintiff of the opportunity to pursue adjustment of status to lawful permanent residence and live lawfully in the United States under 8 U.S.C. § 1255.

21. District courts have mandamus jurisdiction to "compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361.

22. Both the INA and its implementing regulations provide numerous examples of mandatory duties owed by USCIS in the adjustment of status process. 8 U.S.C. § 1103 provides that "[t]he Secretary of Homeland Security **shall** be charged with the administration and enforcement of this Act and all other laws relating to the immigration and naturalization of aliens[.]" (Emphasis added). The Code of Federal Regulations provides that "[e]ach applicant for adjustment of status . . . **shall** be interviewed by an immigration officer." 8 C.F.R. § 245.6 (emphasis added). The regulations further provide that "the applicant **shall** be notified of the decision of the director and, if the application is denied, the reasons for the denial." 8 C.F.R. § 245.2(a)(5)(i) (emphasis added).

23. The language of the statute and the above cited regulations is mandatory, not discretionary, and the Defendant has a clear duty to adjudicate the application for adjustment of status pending before them. *See Matter of Sealed Case*, 151 F.3d 1059, 1063 (D.C. Cir. 1998); see also *First Federal Savings and Loan Association of Durham v. Baker*, 860 F.2d 135, 138 (4th Cir. 1988).

24. It is the sense of Congress that the processing of an immigration benefit application should be completed not later than **180** days after the initial filing of the application. *See* 8 U.S.C. § 1571 and (Pub. L. 106-313, title II, §202, Oct. 17, 2000, 114 Stat. 1262).

25. Mandamus action is appropriate because the Defendant has failed to act within a reasonable period of time. *See, e.g., Liu v. Novak*, 509 F. Supp. 2d 1, 9 (D.D.C. 2007) (holding that the APA requires the government to act within a reasonable period of time); *see also Sierra Club v. Thomas*, 828 F.2d 783, 794 (D.C. Cir. 1987) (stating that "regardless of what course it chooses, the agency is under a duty not to delay unreasonably in making that choice").

26. Defendant has a clear, non-discretionary, and mandatory duty to adjudicate Plaintiff's I-485 application. There is no legal bar to doing so. Accordingly, Plaintiff has a clear and indisputable right to have his I-485 application adjudicated. No alternative remedy exists to compel action by Defendant.

## SECOND CLAIM FOR RELIEF
## Administrative Procedure Act, 5 U.S.C. § 555(b), § 706(1) et seq.

27. Plaintiff re-alleges each of the allegations contained herein.

28. Plaintiff has suffered a legal wrong or has been "adversely affected or aggrieved" by agency action. 5 U.S.C. § 702. Plaintiff is a person aggrieved by agency action, for which there is no other adequate remedy in a court. 5 U.S.C. § 704.

29. Pursuant to the APA, 5 U.S.C. § 555(b), Defendant has a nondiscretionary duty to act "within a reasonable time" upon a matter presented to it.

30. Pursuant to the APA, 5 U.S.C. § 706(1), a court may compel agency action unlawfully withheld or unreasonably delayed.

31. Plaintiff is eligible for and has fulfilled all statutory requirements for adjustment of status. He has submitted all necessary information and evidence supporting his application and paid all applicable fees.

32. Defendant's delay in acting on Plaintiff's I-485 application is unreasonable and constitutes agency action wrongfully withheld or unreasonably delayed because the application has been pending for 28 months and counting without a final decision. Plaintiff faces irreparable harm if the failure to act persists, a fact which is well known to Defendant.

## V.     **Prayer for Relief**

Plaintiff respectfully requests that the Court grant the following relief:

1. Assume Jurisdiction over this action;

2. Declare that Defendant's delay in adjudication of Plaintiffs' pending I-485 applications constitutes agency action unlawfully withheld or unreasonably delayed;

3. Issue a Writ of Mandamus compelling Defendant to immediately adjudicate the pending Adjustment Application and, if approved, to deliver Plaintiffs' I-551 permanent residence card to him at his address of record;

4. Retain jurisdiction over this action and any attendant proceedings until Defendant has finally adjudicated Plaintiffs' applications and communicated that fact to the Court;

5. Award Plaintiffs reasonable attorneys' fees under the Equal Access to Justice Act; and

6. Award such further relief as the Court deems just or appropriate.

Respectfully submitted this 3rd day of March, 2023.

_____/s/_____
Zainab A. Alwan, Esq.
Georgia Bar # 385074
Attorney for the Plaintiffs
Socheat Chea, P.C.
3500 Duluth Park Lane, Bldg. 300
Duluth, Georgia 30096
(770) 623-8880
(770) 623-8852 (fax)
zainab@socheatchea.com

## **CERTIFICATE OF SERVICE**

This is to certify I electronically filed the foregoing **COMPLAINT FOR WRIT OF MANDAMUS** and its accompanying Exhibits with the Clerk of Court using the CM/ECF system. This system will automatically send email notification of such filing to all below Defendants who are registered with this system. In addition, in compliance with local rules, this initial Complaint and the accompanying Exhibits and summons have also been served by First Class Certified Mail, postage pre-paid, on:

| | |
|---|---|
| Ur Mendoza Jaddou, Director USCIS c/o Office of the Chief Counsel 5900 Capital Gateway Drive Mail Stop 2120 Camp Springs, MD 20588-0009 | Ryan K. Buchanan, USA Northern District of Georgia 75 Ted Turner Drive SW Suite 600 Atlanta, Georgia 30303 |

This the 3rd day of March, 2023.

_____/s/_____
Zainab A. Alwan, Esq.
Georgia Bar # 385074
Attorney for the Plaintiffs
Socheat Chea, P.C.
3500 Duluth Park Lane, Bldg. 300
Duluth, Georgia 30096
(770) 623-8880
(770) 623-8852 (fax)
zainab@socheatchea.com

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| Cuong Nhat NGUYEN,<br><br>    Plaintiff<br><br>v.<br><br>Ur Mendoza JADDOU, Director of U.S. Citizenship and Immigration Services,<br><br>    Defendant | Civil No:<br><br>COMPLAINT TO COMPEL AGENCY ACTION UNDER 28 U.S.C. § 1361 AND 5 U.S.C. §§ 555(b), 706(1), AND FOR A WRIT OF MANDAMUS TO COMPEL DEFENDANT'S ADJUDICATION OF FORM I-485 ADJUSTMENT OF STATUS APPLICATION<br><br>USCIS Case No. SRC-21-030-50659 |

## **LIST OF EXHIBITS**

| | |
|---|---|
| Exhibit A | Plaintiff's passport biographical page, visa, and admission stamp; |
| Exhibit B | Receipt for Form I-485, Application for Adjustment of Status for Plaintiff; |
| Exhibit C | Approval Notice of Form I-140 Immigrant Petition for Immigrant Worker; |
| Exhibit D | Copies of Plaintiff's current and previous employment authorization cards; |
| Exhibit E | USCIS Historic Case Processing time report; |
| Exhibit F | Current USCIS Case Processing Time for the Texas Service Center; and |
| Exhibit G | March 2023 Visa Bulletin. |

Respectfully submitted this the 3rd day of March, 2023.


_____/s/_____
Zainab A. Alwan, Esq.
Georgia Bar # 385074
Attorney for the Plaintiffs
Socheat Chea, P.C.
3500 Duluth Park Lane, Bldg. 300
Duluth, Georgia 30096
(770) 623-8880
(770) 623-8852 (fax)
zainab@socheatchea.com