IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CHERYL SCHRENK,

     Plaintiff,

v.

PUBLIX SUPER MARKETS, INC.,

     Defendant.

_____/

CASE NO.

## NOTICE OF REMOVAL

COMES NOW Defendant Publix Super Markets, Inc. (hereinafter "Publix"), by and through undersigned counsel, and files this Notice of Removal of Case Number 23-A-439 from the State Court of Cobb County, Georgia to the United States District Court for the Northern District of Georgia, Atlanta Division pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Publix shows this Court as follows:

## INTRODUCTION

1.    Plaintiff commenced this action on February 1, 2023 by filing a Complaint in the State Court of Cobb County, Georgia, styled "Cheryl Schrenk v. Publix Super Markets, Inc.," Case No. 23-A-439. Plaintiff alleges injuries resulting from a slip-and-fall incident at a Publix store in Duluth, Georgia.

2.    The Summons and Complaint for Damages in that action were first received by Publix through its registered agent on February 7, 2023. Pursuant to 28

CASE NO. 23-A-439

U.S.C. § 1446(a), attached hereto are copies of the following pleadings and other filings within the action initially filed in the State Court of Cobb County, Georgia:

Exhibit A.   Summons and Complaint;

Exhibit B.   Affidavit of Service of Defendant Publix Supermarkets, Inc.;

Exhibit C.   Answer of Defendant Publix Super Markets, Inc.;

Exhibit D.   Plaintiff's Offer of Settlement – Demand Letter.

3.   This action could originally have been brought in this Court under 28 U.S.C. § 1332 because it is a case where there is diversity of citizenship between the parties and where the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## REMOVAL UNDER 28 U.S.C. 1332(a): COMPLETE DIVERSITY OF CITIZENSHIP

4.   Plaintiff Cheryl Schrenk is and was at the time of filing an adult individual as well as a resident and citizen of the State of Georgia.

5.   Publix is and was at the time of filing a business corporation organized under the laws of the State of Florida, having its principal place of business at 3300 Publix Corporate Parkway, Lakeland, FL 33801.

6.   Complete diversity of citizenship exists between the parties, and removal is proper pursuant to 28 U.S.C. §§ 1332(a)(1) and 1441.

CASE NO. 23-A-439

**REMOVAL UNDER 28 U.S.C. 1332(a): AMOUNT IN CONTROVERSY**

7.      The amount in controversy is measured "on the date on which the court's diversity jurisdiction is first invoked, in this case on the date of removal." *The Burt Co. v. Clarendon Nat. Ins. Co.*, 385 F. App'x 892, 894 (11th Cir. 2010). Although Publix is not required "to prove the amount in controversy beyond all doubt or to banish all uncertainty about it," *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010), Publix must show by a preponderance of the evidence that Plaintiff's claim meets the threshold jurisdictional amount in excess of $75,000.00. *See Wineberger v. RaceTrac Petroleum, Inc.*, 672 F. App'x 914, 916–17 (11th Cir. 2016). A district court may consider settlement offers in determining whether the amount in controversy exceeds $75,000.00. *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 12 n.62 (11th Cir. 2007).

8.      Although Plaintiff's Complaint facially does not seek damages in excess of $75,000.00, through a pre-Complaint settlement demand of December 7, 2022, Plaintiff has asserted special damages of at least $106,681.00 in connection with medical care she received as a result of Publix's alleged negligence. Exhibit D.

9.      This pre-Complaint settlement demand is not one which "reflect[s] puffing and posturing" as to accord "little weight in measuring the preponderance of the evidence." *Ware v. Checkers Drive-In Restaurants, Inc.*, No. 1:17-CV-2109-AT,

2017 WL 10378127, at *2 (N.D. Ga. June 30, 2017) (citation omitted). Nor is it one where the itemized damages are broad and unspecific (*see Seac v. Allstate Ins. Co.*, No. 1:21-CV-01747-SCJ, 2021 WL 9649908, at *4 (N.D. Ga. Oct. 7, 2021)) or where *future* medical treatment is contemplated (*see Maisonneuve v. Quiktrip Corp.*, No. 1:15-CV-02603-ELR, 2015 WL 12645741, at *2 (N.D. Ga. Oct. 20, 2015)). Here, Plaintiff contends in her demand letter that, as a result of her alleged injuries, she has undergone medical treatment with at least 12 different providers in the amount of <u>at least</u> $106,681.00. *See* Exhibit D at 5. To that end, the settlement demand provides a comprehensive narrative of the various treatments that she has already received. *Id.* at 2-3. Through Plaintiff's pre-Complaint settlement demand, Publix has shown by a preponderance of the evidence that the amount in controversy is met. *See Seac*, No. 1:21-CV-01747-SCJ, 2021 WL 9649908, at *4 ("[A] court may find that a demand letter gives a reasonable assessment of the value of a claim if it provides specific information to support the claim for damages.").

10.    The amount in controversy exceeds $75,000.00, and removal is proper pursuant to 28 U.S.C. § 1332(a).

CASE NO. 23-A-439

## ALL OTHER REQUIREMENTS FOR REMOVAL HAVE BEEN MET

11.    This Notice of Removal is being timely filed pursuant to 28 U.S.C. § 1446(b)(1). This Notice of Removal is being filed within 30 days of Publix's receipt of the Summons and Complaint. Exhibit A.

12.    Pursuant to 28 U.S.C. § 1441(a) and LR App. A, I, NDGa., the United States District Court for the Northern District of Georgia, Atlanta Division is the appropriate court for filing this Notice of Removal from the State Court of Cobb County, Georgia where the state court action was filed.

13.    This Notice of Removal will be served promptly on Plaintiff and filed promptly with the State Court of Cobb County pursuant to 28 U.S.C. § 1446(d).

WHEREFORE Publix respectfully requests that this case be removed from the State Court of Cobb County, Georgia, and that this case proceed in the United States District Court for the Northern District of Georgia, Atlanta Division.


Respectfully submitted this **3ʳᵈ** day of March, 2023.

*/s/ Joseph Menello*
Joseph P. Menello, Esquire
Georgia Bar No. 752378
Asher W. Lipsett, Esquire
Georgia Bar No. 951994
*Attorneys for Defendant Publix Super Markets, Inc.*

CASE NO. 23-A-439

**WICKER SMITH O'HARA MCCOY & FORD, P.A.**
3414 Peachtree Road NE, Suite 960
Atlanta, Georgia 30326
(tel) (407) 843-3939
(fax) (404) 467-1771
jmenello@wickersmith.com
alipsett@wickersmith.com
AtlCrtPleadings@wickersmith.com

CASE NO. 23-A-439

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Local Rule 7.1(D), we hereby certify that the foregoing has been prepared in compliance with Local Rule 5.1(B) in 14-point Times New Roman typeface.

Dated this **3rd** day of March, 2023.

*/s/ Joseph Menello*
Joseph P. Menello, Esquire
Georgia Bar No. 752378
Asher W. Lipsett, Esquire
Georgia Bar No. 951994
*Attorneys for Defendant Publix Super Markets, Inc.*

**WICKER SMITH O'HARA MCCOY & FORD, P.A.**
3414 Peachtree Road NE, Suite 960
Atlanta, Georgia 30326
(tel) (407) 843-3939
(fax) (404) 467-1771
jmenello@wickersmith.com
alipsett@wickersmith.com
AtlCrtPleadings@wickersmith.com

CASE NO. 23-A-439

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that we have this day served counsel for the opposing parties

with a copy of the Notice of Removal by electronic mail as well as United States

Certified Mail, postage prepaid, as follows:

John L. Johnson
Foy & Associates P.C.
3343 Peachtree Road NE, Suite 350
Atlanta, GA 30326
JLJohnson@johnfoy.com

Dated this **3rd** day of March, 2023.

*/s/ Joseph Menello*
Joseph P. Menello, Esquire
Georgia Bar No. 752378
Asher W. Lipsett, Esquire
Georgia Bar No. 951994
*Attorneys for Defendant Publix Super Markets, Inc.*

**WICKER SMITH O'HARA MCCOY & FORD, P.A.**
3414 Peachtree Road NE, Suite 960
Atlanta, Georgia 30326
(tel) (407) 843-3939
(fax) (404) 467-1771
jmenello@wickersmith.com
alipsett@wickersmith.com
AtlCrtPleadings@wickersmith.com

# EXHIBIT A



**Corporate Creations Network Inc.**
801 US Highway 1 North Palm Beach, FL 33408

Publix Super Markets, Inc.                                                    02/08/2023
Merriann  Metz  General Counsel & Secretary
Publix Super Markets Inc.
3300 Publix Corporate Parkway
Lakeland FL 33811

# SERVICE OF PROCESS NOTICE

The following is a courtesy summary of the enclosed document(s).  **ALL information should be verified by you.**

| | | Item: 2023-1136 |
|---|---|---|

Note: Any questions regarding the substance of the matter described below, including the status or how to respond, should be directed to the contact set forth in line 12 below or to the court or government agency where the matter is being heard. IMPORTANT: All changes or updates to the SOP contact individuals or their contact information must be submitted in writing to SOPcontact@corpcreations.com. Any changes will become effective upon written confirmation of Corporate Creations.

| 1. | **Entity Served:** | Publix Super Markets, Inc. |
|---|---|---|
| 2. | **Title of Action:** | Schrenk, Cheryl vs. Publix Super Markets, Inc., DBA c/o Corporate Creations Network, Inc. |
| 3. | **Document(s) Served:** | Summons<br>Complaint for Damages<br>General Civil and Domestic Relations Case Filing Information Form |
| 4. | **Court/Agency:** | Cobb County State Court |
| 5. | **State Served:** | Georgia |
| 6. | **Case Number:** | 23-A-439 |
| 7. | **Case Type:** | Negligence/Personal Injury/ Damages |
| 8. | **Method of Service:** | Hand Delivered |
| 9. | **Date Received:** | Tuesday 02/07/2023 |
| 10. | **Date to Client:** | Wednesday 02/08/2023 |
| 11. | **# Days When Answer Due:**<br>**Answer Due Date:** | 30<br>Thursday 03/09/2023 | CAUTION: Client is solely responsible for verifying the accuracy of the estimated Answer Due Date. To avoid missing a crucial deadline, we recommend immediately confirming in writing with opposing counsel that the date of the service in their records matches the Date Received. |
| 12. | **Sop Sender:**<br>(Name, City, State, and Phone Number) | John L Johnson<br>Atlanta, GA<br>404-400-4000 |
| 13. | **Shipped To Client By:** | Regular Mail and Email with PDF Link |
| 14. | **Tracking Number:** | |
| 15. | **Handled By:** | 111 |
| 16. | **Notes:** | None |

NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information.  At Corporate Creations, we take pride in developing systems that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default judgment. As registered agent, our role is to receive and forward service of process.  To decrease risk for our clients, it is not our role to determine the merits of whether service of process is valid and effective.  It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by Corporate Creations Network Inc.

# STATE COURT OF COBB COUNTY
# STATE OF GEORGIA

ID# E-CKJBM2JX-L5G
⚡ EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**23-A-439**

FEB 01, 2023 02:20 PM

Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

CIVIL ACTION NUMBER  23-A-439

$198.00 COST PAID

Schrenk, Cheryl

**PLAINTIFF**

**VS.**

Publix Super Markets, Inc, DBA c/o Corporate
Creations Network, Inc.

**DEFENDANT**

## SUMMONS

TO: PUBLIX SUPER MARKETS, INC 2985 Gordy Parkway, 1st Floor, Marietta, GA 30066

You are hereby summoned and required to file with the Clerk of said court and serve upon the
Plaintiff's attorney, whose name and address is:

> **John L Johnson**
> **Foy & Associates**
> **3343 Peachtree Road NE**
> **Suite 350**
> **Atlanta, Georgia 30326**

an answer to the complaint which is herewith served upon you, within 30 days after service of
this summons upon you, exclusive of the day of service. If you fail to do so, judgment by
default will be taken against you for the relief demanded in the complaint.

**This 3rd day of February, 2023.**

Clerk of State Court



Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

12 East Park Square, Marietta, Georgia 30090-9630
(770) 528-1220 Building B, First Floor-Civil Division

Page 1 of 1



ID# E-CKJBM2JX-5MX
⚜ EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**23-A-439**

FEB 01, 2023 02:20 PM

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

**Cheryl Schrenk,**

                Plaintiff,

vs.

**Publix Super Markets, Inc.,**

                Defendant.

Civil Action Number: _____

JURY TRIAL DEMANDED

### COMPLAINT FOR DAMAGES

      **COMES NOW** Plaintiff, Cheryl Schrenk, by and through the undersigned counsel, and files her complaint against the above-named Defendant, Publix Super Markets, Inc. (hereinafter "Defendant"):

1.     Defendant is authorized to conduct business in the State of Georgia. Defendant can be served by delivering the Summons and a copy of the Complaint to its registered agent Corporate Creations Network Inc. at 2985 Gordy Parkway, 1st Floor Marietta, Cobb County, Georgia 30066.

2.     Defendant is subject to the jurisdiction and venue of this Court.

3.     On April 5, 2021, Defendant was the owner or operator of the premises located at 3870 Peachtree Industrial Boulevard, Duluth, Gwinnett County Georgia (hereinafter "the premises").

4.     On April 5, 2021, Plaintiff was an invitee on the premises.

5.     On April 5, 2021, Plaintiff was injured while shopping for grocery items on the premises when she slipped on a clear liquid substance that was negligently left on the floor.

6.     Under Georgia law, "[w]here an owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe." O.C.G.A. § 51-3-1.

*Page 1*



7. At all relevant times, Defendant was responsible for securing and maintaining the premises.

8. At all relevant times, Defendant had a duty to exercise reasonable care to ensure that its property and premises were in a safe condition, including warning of and/or eliminating known dangers, inspecting the premises for hidden dangers, and taking all other reasonable steps to ensure the safety of those coming onto the premises, including Plaintiff, from unknown hazards.

9. Defendant breached that duty.

10. At all relevant times, Defendant, by and through its employees, had actual or constructive knowledge of the hazardous condition prior to Plaintiff's injury.

11. At all relevant times, Plaintiff had no knowledge of the unsafe and dangerous condition, and it was not discoverable in the exercise of reasonable care.

12. At all relevant times, Plaintiff exercised reasonable care for her own safety.

13. As a direct, sole and proximate result of the negligence of Defendant, Plaintiff has sustained severe and excruciating physical pain, lost earnings, and will continue to experience such physical and mental pain and suffering in the future and will continue to incur related medical expenses for the treatment of said injuries which will be itemized by appropriate proof hereafter.

14. Defendant breached their duties to the Plaintiff in one or more of the following ways:

    a. Negligently failing to inspect the premises for latent or readily apparently hazards; leaving said premises to contain a hazardous and dangerous conditions;

    b. Negligently failing to mark premises with adequate warning signs and failing to take other reasonable steps to ensure the safety and visibility of hazards in or around the premises;

    c. Negligently failing to provide adequate warnings about the potential existence of the hazardous condition;

    d. Negligently failing to inspect the premises for hidden or concealed hazards;

    e. Negligently failing to discover the existence of the foreign substance and the risks posed thereby to patrons, including the Plaintiff;

 f. Negligently failing to eliminate the hazard;

 g. Negligently failing to exercise ordinary care in inspecting and keeping the premises safe; and

 h. Defendants were otherwise negligent.

**WHEREFORE**, Plaintiff prays for the following relief:

1. That summons issue requiring the premises to appear as provided by law to answer this Complaint;

2. That Defendant be timely served with process;

3. That Plaintiff have a trial by jury on all issues and claims;

4. That Plaintiff recover damages and all other expenses as permitted under Georgia law;

5. That all cost be cast against Defendants; and

6. For such other and further relief as the Court shall deem just and appropriate.

Dated: January 30, 2023

        Respectfully submitted,

        **FOY & ASSOCIATES P.C.**

        /s/ John L. Johnson
        John L. Johnson, Esq.
        Georgia Bar Number: 748545
        **Attorney for Plaintiff**

3343 Peachtree Road, N.E. Suite 350
Atlanta, Georgia 30326
(404) 400-4000 Telephone
(404) 602-4207 Facsimile
Email: JLJohnson@johnfoy.com

ID# E-CKJBM2JX-XGX
※ EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

23-A-439

FEB 01, 2023 02:20 PM

Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

**General Civil and Domestic Relations Case Filing Information Form**

☐ Superior or ☑ State Court of _Cobb_____ County

| For Clerk Use Only | |
|---|---|
| Date Filed _02-01-2023_____ <br> **MM-DD-YYYY** | Case Number _23-A-439_____ |

**Plaintiff(s)**

Schrenk, Cheryl

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |

**Defendant(s)**

Publix Super Markets, Inc

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |

**Plaintiff's Attorney** Johnson, John L        **Bar Number** _748545_        **Self-Represented** ☐

**Check one case type and, if applicable, one sub-type in one box.**

**General Civil Cases**

- ☐ **Automobile Tort**
- ☐ **Civil Appeal**
- ☐ **Contract**
- ☐ **Contempt/Modification/Other Post-Judgment**
- ☐ **Garnishment**
- ☑ **General Tort**
- ☐ **Habeas Corpus**
- ☐ **Injunction/Mandamus/Other Writ**
- ☐ **Landlord/Tenant**
- ☐ **Medical Malpractice Tort**
- ☐ **Product Liability Tort**
- ☐ **Real Property**
- ☐ **Restraining Petition**
- ☐ **Other General Civil**

**Domestic Relations Cases**

- ☐ **Adoption**
- ☐ **Contempt**
  - ☐ **Non-payment of child support, medical support, or alimony**
- ☐ **Dissolution/Divorce/Separate Maintenance/Alimony**
- ☐ **Family Violence Petition**
- ☐ **Modification**
  - ☐ **Custody/Parenting Time/Visitation**
- ☐ **Paternity/Legitimation**
- ☐ **Support – IV-D**
- ☐ **Support – Private (non-IV-D)**
- ☐ **Other Domestic Relations**

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____        _____
**Case Number**                **Case Number**

☐ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____
_____

Version 1.1.20



FEB 0 7 2023

# EXHIBIT B

ID# E-MZUVQVLE-VYF
🖋 EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**23-A-439**

FEB 10, 2023 10:02 AM

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

Cheryl Schrenk,

           Plaintiff,

vs.

Publix Super Markets, Inc.,

           Defendant.

Civil Action Number: 23-A-439

### AFFIDAVIT OF SERVICE

PERSONALLY appeared before me, an officer duly qualified to administer oaths, ERIC D. ECHOLS, who, after being duly sworn, states the following:

1.

Affiant states that he is over 18 years of age, a citizen of the United States, and not related to the parties herein. The statements made in the affidavit are true and correct and are based upon my personal knowledge. Affiant states that service was conducted as a permanent process server with the STATE COURT OF FULTON COUNTY, and a copy of the Order authorizing me to service process is attached hereto (see Exhibit "A").

2.

I personally served ANNA MOORE, the designated person to accept service on behalf of registered agent CORPORATE CREATIONS NETWORK, INC. on behalf of Defendant PUBLIX SUPER MARKETS, INC. on Tuesday, February 7, 2023, at 10:44 a.m., located at 2985 Gordy Parkway, 1st Floor, Marietta, Cobb County, Georgia 30066 and served a copy of the following document(s) as provided by the court:

*Continue to the next page*



1. SUMMONS;

2. COMPLAINT FOR DAMAGES; and

3. GENERAL CIVIL AND DOMESTIC RELATIONS CASE FILING INFORMATION FORM.

I declare under penalty of perjury that the foregoing is true and correct.

This the _____ 9th _____ day of February 2023.

Eric D. Echols, CFI
Permanent Process Server
TFP Company, LLC
P. O. Box 6096
Marietta, GA 30065
770.579.0188

Sworn to and subscribed before

me this _____ 9th _____ day of _____ Feb _____ 2023.

Notary Public Signature

My Commission Expires:

STEPHANIE CASTILLO
NOTARY PUBLIC
Cobb County
State of Georgia
My Comm. Expires Oct. 13, 2026

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

ERIC D. ECHOLS                    )
                                  )
        Petitioner,               )

### ORDER

The Petition for Appointment of ERIC D. ECHOLS for Process Server having been read

and considered, and the Applicant's background having been reviewed by the Superior Court of

Cobb County and the applicant having been appointed pursuant to O.C.G.A. 9-11-4.C,

IT IS HEREBY ORDERED: That ERIC D. ECHOLS shall be, and hereby is appointed

process server for matters pertaining to this Court, through ~~January 15, 2023,~~ subject to revocation

for good cause shown.                    December 31, 2023
                                            CeeB

A copy of this Order must be attached to any Return of Service to be filed.

This  12th  day of January 2023.

_____
Judge, Cobb State Court

Applicant:
Eric D. Echols
P. O. Box 6096
Marietta, GA 30065

## EXHIBIT A

# EXHIBIT C

ID# E-MTUF2CBK-XMG
⏚ EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**23-A-439**

FEB 28, 2023 03:55 PM

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

CHERYL SCHRENK,

      Plaintiff,

v.

PUBLIX SUPER MARKETS, INC.,

      Defendant.

_____/

CASE NO. 23-A-439

### DEFENDANT PUBLIX SUPER MARKETS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Defendant Publix Super Markets, Inc. (hereinafter "Publix"), by and through undersigned counsel, and files its Answer and Affirmative Defenses to Plaintiff's Complaint, and Demand for Jury Trial, and states as follows:

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Publix states that the Plaintiff was guilty of negligence and the Plaintiff's negligence was the sole, proximate cause or contributing cause of the damages complained of and the recovery, if any, should be barred or reduced proportionately pursuant to the doctrine of comparative negligence.

### THIRD AFFIRMATIVE DEFENSE

Publix had not actual or constructive knowledge of the subject condition, and therefore, Plaintiff cannot recover against Publix.



## FOURTH AFFIRMATIVE DEFENSE

If there was any negligence that caused or contributed to the Plaintiff's alleged injuries, it was solely the result of negligence on the part of third-parties who were not under the care, custody, control or supervision of Publix, and therefore, the Plaintiff cannot recover against Publix.

## FIFTH AFFIRMATIVE DEFENSE

Publix specifically claims any credit or set-off to which Publix may be entitled for any and all payments paid or payable to the Plaintiff for any damages alleged in the Complaint from any collateral source whatsoever.

## SIXTH AFFIRMATIVE DEFENSE

Publix submits that the Plaintiff has failed to mitigate damages as required under Georgia law and any such recovery should be proportionally reduced because of this failure.

## SEVENTH AFFIRMATIVE DEFENSE

The negligence on the part of the Plaintiff exceeded any negligence on the part of Publix, and, therefore, Plaintiff is barred from recovery.

## EIGHTH AFFIRMATIVE DEFENSE

The diligence of the Plaintiff must reduce any award to the Plaintiff as contributory/comparative negligence.

## NINTH AFFIRMATIVE DEFENSE

To the extent they may be shown through discovery, Publix raises all affirmative defenses in O.C.G.A. § 9-11-8(c), and none of those defenses is waived.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries were the result of Plaintiff's failure to appreciate an open and obvious condition.

## <u>ELEVENTH AFFIRMATIVE DEFENSE</u>

Publix raises all affirmative defenses in O.C.G.A. § 9-11-12(b), and none of those defenses is waived.

Subject to the forgoing defenses, Publix hereby responds to the Plaintiff's Complaint as follows:

1. Admitted.

2. Denied.

3. It is admitted that Publix operated and controlled the inside of the Publix Super Market located at the address alleged.

4. Without sufficient knowledge; therefore, denied.

5. Denied.

6. Admitted that Publix owed a duty consistent with Georgia law. Otherwise, denied.

7. Denied as phrased.

8. Admitted that Publix owed a duty consistent with Georgia law. Otherwise, denied.

9. Denied.

10. Denied.

11. Without sufficient knowledge; therefore, denied.

12. Without sufficient knowledge; therefore, denied.

13. Without sufficient knowledge; therefore, denied.

14. a. – h.  Denied.

## <u>PRAYER FOR RELIEF</u>

Publix denies that Plaintiff is entitled to the relief prayed for in subparts 1 – 6 and demands strict proof thereof.

## RESERVATION OF RIGHTS

Publix reserves the right to respond to any and all amendments to the Complaint not here

and after asserted by the Plaintiff.

## DEMAND FOR JURY TRIAL

Publix requests a trial by a twelve (12) person jury.

Dated this **28th** day of February, 2023.

*/s/ Joseph P. Menello*
Joseph P. Menello, Esquire
Georgia Bar No. 752378
Asher W. Lipsett, Esquire
Georgia Bar No. 951994
*Attorneys for Publix Super Markets, Inc.*

**WICKER SMITH O'HARA MCCOY & FORD, PA**
3414 Peachtree Road NE, Suite 960
Atlanta, Georgia 30326
Phone: (407) 843-3939
Fax: (404) 467-1771
jmenello@wickersmith.com
alipsett@wickersmith.com
AtlCrtPleadings@wickersmith.com

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

CHERYL SCHRENK,

                                CASE NO. 23-A-439

     Plaintiff,

v.

PUBLIX SUPER MARKETS, INC.,

     Defendant.

_____/

**CERTIFICATE OF SERVICE**

     This is to certify I have served a copy of *Defendant Publix Super Markets, Inc.'s Answer and Affirmative Defenses to Plaintiff's Complaint* upon all counsel of record through the Court's electronic filing system and by Statutory Electronic Service addressed as follows:

John L. Johnson
Foy & Associates P.C.
3343 Peachtree Road NE, Suite 350
Atlanta, GA 30326
JLJohnson@johnfoy.com

Dated this **28th** day of February, 2023.

                                     */s/ Joseph P. Menello*
                                     Joseph P. Menello, Esquire
                                     Georgia Bar No. 752378
                                     Asher W. Lipsett, Esquire
                                     Georgia Bar No. 951994
                                     *Attorneys for Publix Super Markets, Inc.*

**WICKER SMITH O'HARA MCCOY & FORD, PA**
3414 Peachtree Road NE, Suite 960
Atlanta, Georgia 30326
Phone: (407) 843-3939
Fax: (404) 467-1771
jmenello@wickersmith.com
alipsett@wickersmith.com
AtlCrtPleadings@wickersmith.com

# EXHIBIT D



# JOHN FOY & ASSOCIATES

A PROFESSIONAL CORPORATION
ATTORNEYS & COUNSELORS AT LAW
3343 PEACHTREE ROAD, N.E.
SUITE 350
ATLANTA, GEORGIA 30326

TELEPHONE (404) 400-4000   TOLL FREE (877) 873-4488
FACSIMILE (404) 873-4490
WWW.JOHNFOY.COM

December 7, 2022

**VIA PRIORITY MAIL 9405 5091 0515 5512 8681 22**
**RETURN RECEIPT REQUESTED**
Attn: Carissa Smith
Risk Management, Publix Super Market, Inc
P.O. Box 32023
Lakeland, Florida 33802

|  |  |  |
|---|---|---|
| Re: | Your Insured: | Publix Market |
|  | Claim No.: | GCC12021563289 |
|  | Our Client: | Cheryl Schrenk |
|  | Date of Loss: | April 5, 2021 |

## PRE-SUIT SETTLEMENT DEMAND

Dear Ms. Smith,

Please accept this correspondence as our client's demand pursuant to O.C.G.A. § 51-12-14 for settlement and compromise of this claim for damages arising from the referenced incident. While the following information should assist you in evaluating this claim and includes medical records, medical bills, and documentation showing the losses sustained by our client, this letter and the enclosed materials are submitted for the purposes of negotiation only. For this reason, nothing contained herein shall constitute an admission by our client, nor be admissible against our client at any hearing or trial

## LIABILITY

On April 5, 2021, our client, Cheryl Schrenk, was injured as she slipped and fell while in Publix Market located at 3870 Peachtree Industrial Boulevard, Duluth, GA 30096. At this time, our office does not have a written report taken by any of your insured's employees at the scene – however, the facts surrounding the fall are not in dispute.

Publix Risk Management

DEC 1 2 2022

Rec'd Mail Center

Your insured's agents and employees created a dangerous situation by leaving a substance on the floor, without warning, that caused our client to fall.  Under Georgia law, one who has created a dangerous situation has a duty to act to prevent injury to others if it reasonably appears or should appear to her that others in the exercise of their lawful rights and in the exercise of ordinary care for their own safety may be injured thereby. See, Soto v. Roswell Townhomes, Inc., 183 Ga. App. 286, 358 S.E.2d 670 (1987); Murphy v. Wometco Cable TV of Fayette County, Inc., 223 Ga. App. 640, 478 S.E.2d 398 (1996). There is no question that your insured's agents and employees created a dangerous situation by leaving the floor wet and consequently had a duty to act to prevent injury to others. Your insured's agents and employees' failure to act to prevent such injury by either drying the floor, or placing signage grossly breached this duty. As a result, our client was seriously injured after slipping on the wet floor.

## INJURIES AND TREATMENT

Not surprisingly, due to hazardous condition, our client fell and sustained serious injuries. Cheryl Schrenk sought medical treatment from Gwinnett Medical Back and Neck. There she complained of left knee pain, low back pain and glute pain. A physical examination was performed, and she was diagnosed with:

- **M54.5**       **Low back pain,**
- **M54.15**      **Radiculopathy, thoracolumbar region**
- **M62.830**     **Muscle spasm of back,**
- **M25.562**     **Pain in left knee,**

**Not surprisingly, due to hazardous condition, our client fell and sustained serious injuries. Cheryl Schrenk referred to have an MRI of the lumbar spine and left knee. The MRI revealed: L5-S1 posterior herniation with bilateral neural foraminal stenosis, L4-L5 posterior bulge, L3-L4 posterior bulge, L2-L3 posterior herniation with tear of annulus and left foraminal stenosis, T12-L1 posterior bulge, Complex, degenerative tearing within posterior horn of the medial meniscus with extrusion of the meniscal body. Horizontal-oblique tear at the free edge of the lateral meniscal body, which extends into the anterior horn of the lateral meniscus. Extensive abnormal thickening of the ACL, which demonstrates intermediate intrasubstance signal, with fluid signal interdigitating between the intact fibers, as well as ganglion cyst formation compatible with advanced ACL mucoid degeneration. Diffuse thinning of the articular cartilage overlying the lateral patellar facet with partial- and full-thickness fissures resulting in subchondral cystic change. Patellofemoral osteophytes. Heterogenous signal/softening with surface irregularity and fibrillation without focal full-thickness defect or reactive subchondral bone marrow edema. Small medial tibiofemoral compartment osteophytes. Diffuse thinning of the articular cartilage with surface irregularity and fibrillation, as well as prominent osteophyte formation. Joint effusion with synovitis decompressing into a popliteal cyst, measuring 3.8x3.8cm. Tricompartmental chondrosis with diffuse thinning of the lateral tibiofemoral compartment articular cartilage, as well as patellofemoral chondromalacia, exhibiting both grade 3 and grade 4 chondral defects.**

Public Risk Management

DEC 1 2 2022

Rec'd Mail Center

As a result of the trauma induced injuries sustained by our client, Cheryl Schrenk was recommended follow-up care. Cheryl Schrenk sought medical treatment from Advanced Neurosurgery Associates. There she complained of low back pain. Following an assessment with our client was diagnosed with:

- **M54.5**      **Low back pain,**
- **M54.16**     **Radiculopathy, lumbar region**

Cheryl Schrenk was recommended follow-up care. Cheryl Schrenk sought medical treatment form Regional Medical Group. There she complained of low back pain. Following an assessment with our client was diagnosed with:

- **M54.5**      **Low back pain,**
- **M51.86**     **Acute exacerbation lumbosacral disc disease due to trauma,**

Cheryl Schrenk sought medical treatment from Northside Hospital Gwinnet. There she complained of knee pain, glute pain, back pain, and pelvic pain. A physical examination was performed, and she was diagnosed with **lumbar radiculopathy and lumbar herniated disc. Ms. Schrenk was recommend left L3 selective nerve root block.**

**<u>Cheryl Schrenk underwent surgery at Northside Hospital Duluth. There she had her left knee arthroscopic anterior cruciate ligament repair with partial lateral meniscus allograft. Ms. Schrenk had femoral fixation achieved with tightrope devide; tibial fixation with biocomposite interface screw 10x30; allograft excision achieved with presutured soft graft 9mm in diameter implanted.</u>**

After surgery, Ms. Schrenk followed up with at Northside Hospital Orthopedic Institute. There Ms. Schrenk was recommended physical therapy at BenchMark Physical Therapy. During physical therapy was diagnosed with:

- **M25.562**    **Pain in left knee,**
- **R53.1**      **Weakness,**
- **R26.89**     **Gait and mobility abnormality,**
- **M25.662**    **Stiffness of left knee,**
- **Z48.810**    **Post surgery aftercare,**

Cheryl Schrenk sought medical treatment from Gwinnett Medical Back and Neck. There she complained of left knee pain, low back pain and glute pain. A physical examination was performed, and she was diagnosed with:

Publix Plan Management

DEC 1 2 2022

Rec'd Mail Center

## EGGSHELL PLAINTIFF

There is little question that Ms. Schrenk is considered an eggshell plaintiff. Mr. Schrenk has had prior back fusion, prior neck procedure and foot repair. As it may be, the prior existence of injuries or degenerative conditions contributed to the pain and suffering she endured as a result of your insured's negligence.

As such, your insured remains liable for the resulting damages in accordance with Georgia's longstanding eggshell plaintiff rule. Specifically, you should be aware that "it has long been the rule that a tortfeasor takes a plaintiff in whatever condition he finds her. A negligent actor must bear the risk that his liability will be increased by reason of the actual physical condition of the other toward whom his action is negligent. See Coleman et. al. v. Atlanta Obstetrics & Gynecology Group, P.A., et. al. 190 Ga. App. 508 (1990) (citing Restatement (2d) of Torts, 461, Comment a (1965)).

Ms. Schrenk's injuries are a direct and proximate result of your insured's negligence. Your insured's actions, while may not be the cause of the prior existing conditions, certainly created an unprecedented aggravation of a condition that lead to a bone fracture.

Georgia law requires that Mr. Schrenk also be compensated for pain and suffering. Pain and suffering is defined as follows: Damages for physical and emotional pain, discomfort, anxiety, hardship, distress, suffering, inconvenience, physical impairment, mental anguish, disfigurement, loss of enjoyment of life, loss of society and companionship, loss of consortium, injury to reputation, and all other nonpecuniary losses of any kind.

Georgia law presumes that pain and suffering accompanies a physical injury. (See <u>White v. Hammond</u>, 129 Ga.App. 408 (1973), <u>Cochran v. Lynch</u>, 126 Ga.App. 866 (1972). Pain and suffering includes mental suffering, anxiety, shock, and worry as examples of what might be included under mental pain and suffering. (<u>Williams v. Vinson</u>, 106 Ga.App. 886, 893 (1961).

Georgia law is also very clear that in weighing the future damages, which a Plaintiff has sustained as a result of the injuries, the trier of fact is not limited to the consideration of future earning capacity or future physical pain and suffering. Impaired capacity "to pursue ordinary applications of life" or "to perform normal physical function" is compensated as part of pain and suffering, irrespective of whether there is evidence of a loss of diminishment of future earning capacity. (See <u>Jones v. Hutchins</u>, 101 Ga.App. 141 (1960); Cobb and Eldridge, <u>Georgia Law of Damages</u> (Second Edition) Section 38-4, Page 685.)

The hazardous condition created by your insured has had a severe and dramatic impact upon our client's life, and its effects will remain for quite some time. Our client experienced significant pain and suffering, both initially and throughout the course of treatment. These sorts of injuries, while not life threatening, are painful, persistent, and extremely inconvenient. Our client's care required regular travel back and forth to the doctor for physical and other therapies, resulting in an extended disruption of normal life. Although the doctor has authorized this current release from care, our client has been advised to expect residual pain in the future.

Public Risk Management

DEC 1 2 2022

Rec'd Mail Center

## DAMAGES

The special damages which our client incurred as a result of this clear liability slip and fall would include, but are not limited to the following:

| Medical Provider | Amount Charged |
|---|---|
| Gwinnett Medical Back and Neck | $4,351.00 |
| Advanced Neurosurgery Associates | $1,123.00 |
| Onyx Imaging | $4,169.00 |
| Regional Medical Group | $9,485.00 |
| Northside Hospital Gwinnet | $246.00 |
| Northside Hospital Pain Clinic | $2,484.00 |
| Northside Hospital | $80,760.50 |
| Benchmark PT | $4,062.50 |
| Northside Pain Management Clinic | $1,875.55 |
| ATL Sports Medicine | $TBS |
| Lawrenceville Family Practice | $TBS |
| American Health Imaging | $TBS |
| **TOTAL SPECIALS** | **$106,681+** |

## SETTLEMENT PROPOSAL

In light of the pain and suffering which our client, Cheryl Schrenk was forced to endure due to the negligence of your insured, our client has given our firm the authority to resolve this claim for **SIX HUNDRED THOUSAND DOLLARS AND ZERO CENT (600,000.00).** We would appreciate your response to this letter within thirty (30) days. We look forward to hearing from you in the near future so that we can discuss the resolution of this matter. I can be reached directly at (404) 602-4188 or via email at jautry@johnfoy.com.

Very truly yours)
FOY & ASSOCIATES, P.C.

Jessica Autry
Attorney at Law

Publix Risk Management

DEC 1 2 2022

Rec'd Mail Center