**EXHIBIT A**

State Court of Fulton County
***EFILED***
File & ServeXpress
Transaction ID: 69027388
Date: Jan 30 2023 12:00AM
Donald Talley, Chief Clerk
Civil Division

# IN THE STATE COURT OF FULTON COUNTY
# STATE OF GEORGIA

| | |
|---|---|
| FRANK TANNER, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION FILE NO.: |
| ) | |
| vs. ) | |
| ) | JURY TRIAL DEMANDED |
| KEITH CAREW, KLLM TRANSPORT ) | |
| SERVICES, LLC & TRANSPORT RISK ) | |
| SOLUTIONS RISK RETENTION GROUP, ) | |
| INC., ABC CORPORATIONS 1-99 ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

COMES NOW Frank Tanner, the Plaintiff and files this Complaint and Demand for Trial by Jury against Defendants Keith Carew, KLLM Transport Services, LLC, Transport Risk Solutions Risk Retention Group, Inc., and ABC Corporations 1-99.

## PARTIES AND JURISDICTION

1. Frank Tanner, (hereinafter "Plaintiff" or "Plaintiff Tanner") is a resident of the State of Georgia who sustained personal injuries as a result of a motor vehicle crash that occurred on or about March 1, 2021, in Fulton County, Georgia. By bringing this action, Plaintiff subjects himself to the jurisdiction of this Court.

2. Defendant Keith Carew (hereinafter "Defendant Carew" or collectively as "Defendants") is a driver of a vehicle that caused the subject crash. Defendant Carew is subject to the jurisdiction and venue of this Court and pursuant to the Georgia Non-Resident Motorist Statute and/or Georgia Long-Arm Statute and may be served at 908 Lee Drive # 908,

Livingston, Tennessee 38570 and/or through the Secretary of State of Georgia with the Summons and Complaint; Plaintiff's First Requests for Admission to Defendant Keith Carew; and Plaintiff's First Set of Interrogatories and Request for the Production of Documents to Defendant Keith Carew at that address.

3. Defendant KLLM Transport Services, LLC (hereinafter "Defendant KLLM Transport Services" or collectively as "Defendants") is a for-profit foreign corporation organized and existing under the laws of the State of Mississippi. Defendant KLLM Transport Services, LLC is subject to the jurisdiction of this Court and may be served through its Registered Agent, Corporate Creations Network Inc., at 2985 Gordy Parkway, 1st Floor, Marietta, Georgia 30006 with the Summons and Complaint; Plaintiff's First Requests for Admission to Defendant KLLM Transport Services, LLC; and Plaintiff's First Set of Interrogatories and Request for the Production of Documents to Defendant KLLM Transport Services, LLC at that address.

4. The true names or capacities of the Defendants named herein as ABC Corporations 1-99 are unknown to the Plaintiff.  Therefore, Plaintiff sues these Defendants by their fictitious names. Plaintiff will amend the Complaint to show the true names of these Defendants when their names have been ascertained.

5. Defendant Transport Risk Solutions Risk Retention Group, Inc. (hereinafter "Defendant Transport Risk Solutions RRG" or collectively as "Defendants"), is a for-profit foreign corporation organized and existing under the laws of the State of South Carolina.

    Defendant Transport Risk Solutions RRG may be served pursuant to the Georgia Non-Resident Motorist Statute and/or Georgia Long-Arm Statute through its registered agent, located at One Poston Road, Suite 155, Charleston, South Carolina with the Summons and Complaint, and Plaintiff's First Requests for Admission, Interrogatories and Request for the Production of Documents to Defendant Transport Risk Solutions RRG at that address.

6. Plaintiff has named Transport Risk Solutions RRG as a defendant under Georgia's Direct-Action Statute, pursuant to O.C.G.A. § 40-2-140 and/or O.C.G.A. § 40-1-112. This court has personal jurisdiction and venue over defendant Transport Risk Solutions RRG because it regularly transacts business and derives profits from business activities in Georgia, and because venue is proper as to one or more of the other Defendants in this action.

7. Defendants are joint tortfeasors, and as such, jurisdiction and venue as to all defendants are proper in Fulton County, Georgia.

8. Removal of this case to federal court is not appropriate, as complete diversity does not exist.

**OPERATIVE FACTS**

9. On or about March 1, 2021, Plaintiff Tanner was driving a 2011 Ford F-150 westbound on Georgia State Route 138 near an intersection with I-85 in Fulton County, Georgia, with Plaintiff's car stopped near the intersection.

10. At or about the same time and location, Defendant Carew was driving a 2021 Freightliner Truck exiting I-85 attempting to make a left hand turn onto Georgia State Route 138, when Defendant Carew failed to maintain his lane of travel, crossing over and into the lane occupied by Plaintiff, causing a collision between the two vehicles.

11. At all material times, Defendant Carew was operating a commercial motor-vehicle on behalf of Defendant KLLM Transport Services.

12. Defendant Carew failed to pay proper attention to the vehicles around him, failed to maintain his lane of travel while driving the 2021 Freightliner Truck, and failed to keep the commercial vehicle from striking the Plaintiff's vehicle.

13. As a result of the crash, Plaintiff Tanner sustained serious and permanent injuries.

**COUNT I**
**NEGLIGENCE & NEGLIGENCE *PER SE***
**OF DEFENDANT KEITH CAREW**

14. Plaintiff realleges and incorporates herein by reference paragraphs 1 through 13 above as if fully stated herein.

15. On March 1, 2021, Plaintiff Frank Tanner was driving a 2011 Ford F-150 westbound on Georgia State Route 138 near an intersection with I-85 in Fulton County, Georgia.

16. At or about the same time and location, Defendant Carew was driving a 2021 Freightliner Truck exiting I-85 attempting to make a left hand turn onto Georgia State

Route 138, when Defendant Carew failed to maintain his lane of travel, crossing over and into the lane occupied by Plaintiff, causing a collision between the two vehicles.

17. At all material times, Defendant Carew was operating a commercial motor vehicle on behalf of Defendant KLLM Transport Services.

18. At all relevant times, Defendant Carew owed certain civil duties to the public at large, including Plaintiff Tanner, and notwithstanding those duties, Defendant Carew violated those duties in the following ways, including but not limited to:

    a.  In failing to make reasonable and proper observations while driving the 2021 Freightliner Truck or, if reasonable and proper observations were made, failing to act thereon;

    b.  In failure to maintain lane in violation of O.C.G.A. § 40-6-48;

    c.  In failing to make timely and proper application of his brakes, in violation of O.C.G.A. § 40-6-241;

    d.  In failing to observe or undertake the necessary precautions to keep the 2021 Freightliner Truck from colliding with the vehicle occupied by the Plaintiff, in violation of O.C.G.A § 40-6-390;

    e.  In driving the 2021 Freightliner Truck without due caution and circumspection and in a manner so as to endanger the person and/or property of others in the immediate vicinity, in violation of O.C.G.A. § 40-6-241;

 f. In failing to adhere to and comply with the rules and regulations set forth in the Federal Motor Carrier Safety Regulations & other applicable state and federal regulations, and guidelines;

 g. In failing to properly inspect and maintain the 2021 Freightliner Truck prior to operating on public roadways as required by Federal Motor Carrier Safety Regulations;

 h. In violating various regulations and requirements set forth in the Federal Motor Carrier Safety Regulations;

 i. In violating and failing to abide by and comply with various requirements and guidelines set forth in the CDL Driver's Manual;

 j. In driving the 2021 Freightliner Truck in reckless disregard for the safety of persons and/or property, in violation of O.C.G.A. § 40-6-390; and,

 k. In committing other negligent and reckless acts and omissions as may be shown by the evidence and proven at trial.

19. Defendant Carew was negligent in failing to maintain a proper lookout for surrounding vehicles.

20. By these negligent acts and/or omissions, Defendant Carew violated state laws, including, but not limited to, O.C.G.A. § 40-6-48, which constitutes negligence *per se* under Georgia law.

21. As a direct and proximate result of Defendant Carew's negligence, Plaintiff Tanner suffered substantial injuries and damages including medical and other necessary

expenses, mental and physical pain and suffering due to the injuries to their body and nervous system, personal inconvenience, plus an inability to lead a normal life, for which Defendant Carew is liable.

22. As a direct and proximate result of the injuries caused by Defendant Carew's negligence, Plaintiff Frank Tanner has incurred significant medical expenses which are continuing in nature that currently exceed $38,007.70, for which Defendant Carew is liable.

23. As a direct and proximate result of Defendant Carew's negligence, Plaintiff Tanner has suffered past general damages and will incur future general damages for which Defendant Carew is liable.

## COUNT II
## IMPUTED/VICARIOUS LIABILITY

24. Plaintiff realleges and incorporates herein by reference paragraphs 1 through 23 above as if fully stated herein.

25. At the time of the subject collision on March 1, 2021, Defendant Carew was an employee and/or agent of Defendant KLLM Transport Services, and at all times material hereto, Defendant Carew was working within the course and scope of that employment and/or agency with Defendant KLLM Transport Services.

26. At the time of the subject collision on March 1, 2021, Defendant Carew was employed by and under dispatch for Defendant KLLM Transport Services.

27. At the time of the subject collision, Defendant Carew was operating the commercial vehicle on behalf of Defendant KLLM Transport Services.

28. Defendant KLLM Transport Services is an interstate motor carrier, and pursuant to federal and state laws, is responsible for the actions of Defendant Carew in regard to the collision described in this complaint under the doctrine of vicarious liability, lease liability, agency, or apparent agency.

29. Defendant KLLM Transport Services is responsible and liable to Plaintiff for the negligent acts and/or omissions of Defendant Carew, which proximately caused the injuries of the Plaintiff, under principles of *respondeat superior* and agency.

30. As a direct and proximate result of the aforesaid negligence and breaches of duty by Defendant Carew, and said negligence being attributable by law to Defendant KLLM Transport Services, Plaintiff Frank Tanner has incurred significant medical expenses which are continuing in nature that currently exceed $38,007.70, for which Defendant KLLM Transport Services is vicariously liable.

31. As a direct and proximate result of the negligence and breaches of duty by Defendant Carew, and said negligence being attributable by law to Defendants KLLM Transport Services, Plaintiff Frank Tanner has sustained past general damages and will sustain future general damages for which Defendant KLLM Transport Services is vicariously liable.

## COUNT III
## NEGLIGENT HIRING, TRAINING, & SUPERVISION

32. Plaintiff realleges and incorporates herein by reference paragraphs 1 through 31 above as though restated herein.

33. Defendant KLLM Transport Services owed certain duties to the public at large and Plaintiff, including the duty to exercise reasonable care in their hiring and retention of Defendant Carew.

34. Defendant KLLM Transport Services knew, or through the exercise of reasonable care should have known, that Defendant Carew was not qualified, competent and/or safe to operate the subject commercial vehicle, and yet these Defendants hired and retained Defendant Carew for this purpose.

35. Defendant KLLM Transport Services failed to exercise reasonable care and were negligent in their hiring and retention of Defendant Carew.

36. Defendant KLLM Transport Services owed certain duties to Plaintiff, including the duty to exercise reasonable care in their entrustment of the subject commercial vehicle to only those individuals qualified and competent to operate a commercial motor-vehicle.

37. Defendant KLLM Transport Services knew, or through the exercise of reasonable care should have known, that Defendant Carew was not qualified, competent and/or properly

trained to operate and/or inspect the subject commercial vehicle, and yet the Defendant entrusted him with the subject commercial vehicle on the date of this wreck.

38. Defendant KLLM Transport Services failed to exercise reasonable care and were negligent in its entrustment of the subject truck to Defendant Carew.

39. Defendant KLLM Transport Services owed certain duties to Plaintiff, including the duty to exercise reasonable care in their training and supervision of Defendant Carew.

40. Defendant KLLM Transport Services failed to exercise reasonable care and were negligent in their training and supervision of Defendant Carew.

41. Defendant KLLM Transport Services was negligent in failing to adhere to all laws and regulations governing their conduct and that of their employees and agents, and in failing to ensure that Defendant Carew adhered to all such laws and regulations.

42. As a direct and proximate result of the aforesaid negligence and breaches of duty by Defendants, Plaintiff Frank Tanner has also suffered substantial injuries and damages including medical and other necessary expenses that currently exceed $38,007.70, which are continuing in nature, mental and physical pain and suffering due to the injuries to his body and nervous system, personal inconvenience, and an inability to lead a normal life, for which Defendants are liable.

43. As a direct and proximate result of the negligence of Defendants, Plaintiff Tanner sustained past general damages and will sustain future general damages for which Defendant KLLM Transport Services is liable.

## COUNT IV
## DIRECT ACTION AGAINST TRANSPORT RISK SOLUTIONS RISK RETENTION GROUP, INC.

44. Plaintiff realleges and incorporates herein by reference paragraphs 1 through 43 as though restated herein.

45. Defendant Defendant Transport Risk Solutions RRG was the insurer of Defendant KLLM Transport Services at the time of the subject crash and issued a liability policy to comply with the filing requirements under federal law for interstate transportation.

46. Plaintiff Tanner sustained actionable injuries, and Plaintiff has an actionable claim, as a result of the collision on March 1, 2021. This collision involved a commercial motor-vehicle that was covered by an insurance policy (Policy No. RRG138308) issued to Defendant KLLM Transport Services by Defendant Transport Risk Solutions RRG. The aforementioned insurance policy was in effect and covered Defendants at the time of this wreck.

47. Defendant Defendant Transport Risk Solutions RRG is subject to suit by direct action pursuant to the provisions of O.C.G.A. § 40-2-140 and/or O.C.G.A. § 40-1-112 or the analogous statute in place at the time of this collision if this statute is not retroactively applied.

48. Pursuant to the terms and conditions of its policy of insurance and applicable Georgia law, Defendant Transport Risk Solutions RRG is liable to Plaintiff Tanner, and responsible for payment of damages incurred by and inflicted upon the Plaintiff because of the negligent acts and omissions of Defendants.

49. Defendants KLLM Transport Services and Defendant Transport Risk Solutions RRGare subject to the filing requirements outlined in O.C.G.A. § 40-2-140.

50. Defendant Transport Risk Solutions RRG is responsible for any judgment rendered against Defendants.

## COUNT V
## DAMAGES FOR FRANK TANNER

51. Plaintiff Frank Tanner realleges and incorporates herein by reference paragraphs 1 through 50 as though restated herein.

52. As a result of Defendants' negligence, Plaintiff Frank Tanner has a claim for past and future medical expenses and past and future lost wages.

53. As a result of Defendants' negligence, Plaintiff Frank Tanner has suffered severe and permanent injuries and has a claim for past and future pain and suffering.

54. Each of the foregoing acts and omissions constitutes an independent act of negligence. The injuries sustained by Plaintiff Frank Tanner were directly and proximately caused by one or more of the negligent acts and omissions stated above, for which Defendants are

directly and/or vicariously liable.

55. As a proximate result of this collision and Defendants' negligence, Plaintiff Frank Tanner has suffered, and continues to suffer from injuries to his body and mind. Plaintiff Tanner claims general and compensatory damages for all components of mental and physical pain and suffering as allowed by Georgia law.

56. Plaintiff Frank Tanner claims special damages for the reasonable value of his past and future medical and rehabilitative treatment, which currently exceeds $38,007.70 and are continuing in nature, including expenses for hospital services, doctors, surgery, and other healthcare services incurred or necessary in the future as a result of his injuries.

57. Plaintiff Frank Tanner is entitled to recover all elements of damages allowed under applicable law and supported by the evidence, including but not limited to: Personal injuries; All elements of past, present and future pain and suffering, both mental and physical; Permanent Injury; Past and future medical and incidental expenses; and Lost earning capacity.

## COUNT VI
## ATTORNEY'S FEES AND EXPENSES OF LITIGATION
## AGAINST DEFENDANTS

58. Plaintiff realleges and incorporates herein by reference paragraphs 1 through 57 above as if restated herein.

59. Defendants' actions constitute bad faith in the underlying tractions, have been stubbornly litigious, and has caused Plaintiff undue expense. Thus, Plaintiff is entitled to recover his necessary expenses of litigation, including an award of reasonable attorney's fees and expenses required by this action, pursuant to O.C.G.A. § 13-6-11, as well as any other statutory or common law basis.

60. Pursuant to O.C.G.A. § 13-6-11, Plaintiff request that the court award expenses of litigation including attorney fees against Defendants due to their violation of mandatory safety rules under the Federal Motor Carrier Safety Regulations, or any other analogous statute in place at the time of this collision, which also amounts to bad faith in the underlying transaction.

## COUNT VIII
## PUNITIVE DAMAGES

61. Plaintiff realleges and incorporates herein by reference paragraphs 1 through 60 above as if restated herein.

62. Defendants' conduct was reckless, willful and wanton, and demonstrates a conscious indifference to the consequences of their actions and entitles Plaintiff to an award of Punitive Damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that he have a jury trial on all issues and judgment against Defendants as follows:

    a.    That Plaintiff recover special damages as alleged above and as proven at trial;

    b.    That Plaintiff recover general damages, including for all his injuries and pain and suffering, past, present, and future in an amount to be determined by the enlightened conscience of the jury;

    c.    That Plaintiff has and recover a judgment in punitive damages to punish and deter such future conduct of the Defendants;

    d.    That Plaintiff be awarded reasonable attorney's fees and expenses pursuant to O.C.G.A. § 13-6-11;

    e.    That Plaintiff recover costs;

    f.    That Plaintiff recover such other relief as is just and proper; and

    g.    That all issues be tried before a jury of twelve persons.

Respectfully Submitted this 30th day of January, 2023.

                              **JACKSON HAGOOD INJURY LAWYERS**

                              **/s/ William L. Hagood, IV**
                              William L. Hagood, IV
                              Georgia Bar No. 308560
                              Jacob M. Jackson
                              Georgia Bar No. 290880
                              *Attorneys for Plaintiff*

900 Ashwood Pkwy Ste 170
Atlanta, GA 30338
Tel: (678) 904-6500
Fax: (678) 904-6700
whagood@jhinjurylawyers.com
jjackson@jhinjurylawyers.com