**EXHIBIT B**

State Court of Fulton County
**E-FILED**
23EV000660
2/7/2023 8:48 PM
Donald Talley, Clerk
Civil Division



**Andrews Investigative Services LLC**

312 E. 1st Street · Cookeville, TN

**931-261-7518**

David K. Andrews, Owner

# Affidavit of Service

On _2·2_ ,20_23_ I served a (–)Summons,
( ) Petition, (–) Complaint and (–) _Interrogatories Request_
naming _Keith Crew_ as Defendant.

(–) Service was accomplished by personally
Serving the named Defendant.
( ) Service was accomplished by substitute
Service.
Substitute served_____
Date of Service _2·2·23_   Time _1:40 p._
Served by _David K. Andrews_

Sworn to and Subscribed in my presence on
this _2nd_ day of _February_ 20_23_.
Notary Public in and for the
State of Tennessee.

_Rosemary Andrews_
Signature of Notary

**State Court of Fulton County**
**\*\*E-FILED\*\***
**23EV000660**
**2/3/2023 12:20 PM**
**Donald Talley, Clerk**
**Civil Division**

## AFFIDAVIT OF SERVICE

State of Georgia                    County of Fulton                    State Court

Case Number: 23EV000660

Plaintiff: **Frank Tanner**
vs.
Defendant: **Keith Carew, et al**

For: William Hagood IV
    JACKSON HAGOOD TRIAL LAWYERS, LLC

Received by Ancillary Legal Corporation on the 1st day of February, 2023 at 5:01 pm to be served on **Transport Risk Solutions Risk Retention Group c/o CT Corporation System - Reg Agent, 2 Office Park Ct, Ste 103, Columbia, SC 29223.** I, ___Lester Franzen___ , being duly sworn, depose and say that on the __2nd__ day of __February__ , 2023 at __1__ : 00 p .m., executed service by delivering a true copy of the **Summons, Complaint and Demand for Trial by Jury, Rule 5.2 Certificate, Plaintiff's First Request for Admissions to Defendant Transport Risk Solutions Risk Retention Group, Inc., Plaintiff's First Interrogatories and Request for Production of Documents to Defendant Transport Risk Solutions Risk Retention Group, Inc., General Civil and Domestic Relations Case Filing Information Form** in accordance with state statutes in the manner marked below:

( ) PUBLIC AGENCY: By serving _____ as
_____ of the within-named agency.

(x) CORPORATE SERVICE: By serving Lisa Culler _____ as
    Authorized Agent _____ .

( ) OTHER SERVICE: As described in the Comments below by serving
_____ as _____ .

( ) NON SERVICE: For the reason detailed in the Comments below.

Age 55___ SEX M⊡ Race White___ Height 5'8"___ Weight 225___ Hair Gray___ Glasses Y◉N

**COMMENTS:** _____
_____
_____
_____

Age ____ Sex M F Race _____ Height _____ Weight _____ Hair _____ Glasses
Y N

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.

Subscribed and Sworn to before me on the ____
day of February _____ , 2023 by the affiant who
is personally known to me.

_____
NOTARY PUBLIC      6/6/2032

PROCESS SERVER # _____N/A_____
Appointed in accordance with State Statutes

**Ancillary Legal Corporation**
**2900 Chamblee Tucker Road**
**Building 13**
**Atlanta, GA 30341**
**(404) 459-8006**

Our Job Serial Number: 2023001173
Ref: Tanner

ANITA R. KNOX
NOTARY
PUBLIC
Exp. June 6, 2032
SOUTH CAROLINA

State Court of Fulton County
**E-FILED**
23EV000660
2/3/2023 12:20 PM
Donald Talley, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

FRANK TANNER,

    *Plaintiff,*

    v.

KEITH CAREW, KLLM TRANSPORT
SERVICES, LLC & TRANSPORT RISK
SOLUTIONS RISK RETENTION GROUP,
INC., and ABC CORPORATIONS 1-99

    *Defendants.*

Civil Action No. 23EV000660

---

## AFFIDAVIT OF SERVICE UPON KLLM TRANSPORT SERVICES, LLC

Personally, appeared before the undersigned officer duly authorized by law to administer oaths, Christian Seklecki, who, after being duly sworn, deposes and states the following:

1.

Affiant states that he is over 18 years of age, a citizen of the United States, and not related to the parties herein. The statements are true and correct and based upon my personal knowledge. I am appointed to serve in the State Court of Fulton County.

2.

On February 2, 2023, at 1:56 p.m., I served KLLM TRANSPORT SERVICES, LLC by leaving a copy of a SUMMONS, COMPLAINT AND DEMAND FOR TRIAL BY JURY, RULE 5.2 CERTIFICATE, CERTIFICATE OF SERVICE, PLAINTIFF'S FIRST REQUESTS FOR ADMISSION TO DEFENDANT KLLM TRANSPORT SERVICES, LLC, PLAINTIFF'S FIRST INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO

DEFENDANT KLLM TRANSPORT SERVICES, LLC, and GENERAL CIVIL AND DOMESTIC CASE FILING INFORMATION FORM, in the above-styled action, with ANNA MOORE, who is expressly authorized to accept service on behalf of CORPORATE CREATIONS NETWORK, the Registered Agent of KLLM TRANSPORT SERVICES, LLC, located and served at 2985 Gordy Parkway, First Floor, Marietta, Georgia 30066.

3.

ANNA MOORE is a Caucasian female, approximately 30-years-old, 5'7" and 160 lbs.

4.

I have served Anna Moore multiple times in the past. She accepted service from me as she usually does. I then handed all the documents referenced in Paragraph 2, above, Anna Moore.

_____
Affiant – Christian Seklecki
404-771-3204

Sworn to and subscribed to before me
This __3__ day of _February_ 2023

_____
Notary Public

SOL SWENSON
Notary Public, Columbia Co., Georgia
My Commission Expires 7-14-2026

State Court of Fulton County
**E-FILED**
23EV000660
2/3/2023 12:20 PM
Donald Talley, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

FRANK TANNER,

  *Plaintiff,*

  v.

KEITH CAREW, KLLM TRANSPORT
SERVICES, LLC & TRANSPORT RISK
SOLUTIONS RISK RETENTION GROUP,
INC., and ABC CORPORATIONS 1-99

  *Defendants.*

Civil Action No. 23EV000660

---

## AFFIDAVIT OF SERVICE UPON
## ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY

---

Personally, appeared before the undersigned officer duly authorized by law to administer oaths, Christian Seklecki, who, after being duly sworn, deposes and states the following:

1.

Affiant states that he is over 18 years of age, a citizen of the United States, and not related to the parties herein. The statements are true and correct and based upon my personal knowledge. I am appointed to serve in the State Court of Fulton County.

2.

On February 2, 2023, at 11:43 a.m., I served ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY by leaving a copy of a SUMMONS, COMPLAINT AND DEMAND FOR TRIAL BY JURY, RULE 5.2 CERTIFICATE, CERTIFICATE OF SERVICE, PLAINTIFF'S FIRST REQUESTS FOR ADMISSION TO ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY, PLAINTIFF'S FIRST CONTINUING

INTERROGATORIES TO ALLSTATE PROPERTY & CASUALTY INSURANCE

COMPANY, PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO

ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY, and GENERAL CIVIL

AND DOMESTIC CASE FILING INFORMATION FORM  in the above-styled action, with

JANE RICHARDSON, who is expressly authorized to accept service on behalf of CT

CORPORATION SYSTEM, the Registered Agent of ALLSTATE PROPERTY & CASUALTY

INSURANCE COMPANY, located and served at 289 S. Culver Street, Lawrenceville, GA

30046.

3.

JANE RICHARDSON is a Caucasian female, approximately 60-years-old, 5'10" and 175

lbs.

4.

I noted the party to be served and the date and time of service. I then handed all the

documents referenced in Paragraph 2, above, to JANE RICHARDSON.

_____

Affiant – Christian Seklecki
404-771-3204

Sworn to and subscribed to before me
This ___3___ day of _February_ 2023

_____
Notary Public

SOL SWENSON
Notary Public, Columbia Co., Georgia
My Commission Expires 7-14-2026

State Court of Fulton County
**E-FILED**
23EV000660
2/28/2023 9:31 AM
Donald Talley, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

**FRANK TANNER,**

      **Plaintiff,**

**vs.**

**KEITH CAREW, KLLM
TRANSPORT SERVICES, LLC &
TRANSPORT RISK SOLUTIONS
RISK RETENTION GROUP, INC.,
ABC CORPORATIONS 1-99,**

      **Defendants.**

**CIVIL ACTION FILE NO.**

**23EV000660**

## ANSWER AND CROSS-CLAIM OF ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY

COMES NOW, ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY, upon whom service of the Summons and Complaint has been made, and without waiving any of it rights or defenses, but expressly subject thereto, files this its Answer and Cross-Claim pursuant to the authority granted by O.C.G.A. § 33-7-11, and shows the Court as follows:

### FIRST DEFENSE

ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY has been served with a copy of the Summons and Complaint in this case, apparently on the theory of the Plaintiff that the Defendant is an uninsured motorist and that the uninsured motorist coverage provided to Frank Tanner**,** by ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY will be relied upon in this case.  In this connection, ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY states that for lack of sufficient information upon which to form a belief, it can neither admit or deny that the Defendant is an uninsured motorist within the purview of the statute referred to above, or that Plaintiffs are "insured" under the terms of said policy, nor does ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY admit the applicability of any of its coverage.  ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY does not waive its rights to contest coverage, but files this response because of service upon it of the Summons and Complaint.

## SECOND DEFENSE

ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY shows that the Plaintiff has no cause of action and has no right to proceed against it in this case in that Plaintiff has fully failed to perform the conditions precedent to maintaining this action in that Plaintiff has not obtained judgment against any person shown to be uninsured.

## THIRD DEFENSE

The Plaintiff's Complaint fails to state a claim against ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY for which relief can be granted.

## FOURTH DEFENSE

The Plaintiff has failed to perform certain conditions precedent to the bringing of this action, with the result that Plaintiff is not entitled to recover of ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY.

## FIFTH DEFENSE

The Plaintiff is not entitled to recover punitive damages from ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY.

## SIXTH DEFENSE

ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY denies it is subject to any damages whatsoever under O.C.G.A. §13-6-11 for stubborn litigiousness.

## SEVENTH DEFENSE

ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY answers the paragraphs of Plaintiff's Complaint as follows:

ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY, having been served in its capacity as Plaintiff's purported uninsured motorist carrier, is without knowledge sufficient to form a belief as to the truth of the allegations contained in Plaintiff's Complaint, as pled, and demands strict proof thereof.

## CROSSCLAIM

### 1.

Defendants are subject to the jurisdiction of this Court.

### 2.

Defendants are liable to ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY for any and all sums ALLSTATE PROPERTY AND CASUALTY INSURANCE

COMPANY may be required to pay to Plaintiff, by judgment, settlement or otherwise, pursuant to O.C.G.A. §33-7-11.

WHEREFORE, ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY prays that Plaintiff's Complaint be dismissed, with all costs cast against the Plaintiff, and for all further relief this Court deems just and proper.

LAW OFFICE OF NANCY W. PHILLIPS

By:   /s/ Roberta L. Dural
      Roberta L. Dural
      Georgia Bar No.  940307
      Email:  Roberta.Dural@allstate.com
      Attorney for Unnamed Uninsured Motorist
      Carrier

3200 Windy Hill Road SE, Suite 1525E
Atlanta, GA  30339-8554
(678) 296-6904

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

FRANK TANNER,

      **Plaintiff,**

**vs.**

KEITH CAREW, KLLM
TRANSPORT SERVICES, LLC &
TRANSPORT RISK SOLUTIONS
RISK RETENTION GROUP, INC.,
ABC CORPORATIONS 1-99,

      **Defendants.**

**CIVIL ACTION FILE NO.**

**23EV000660**

## CERTIFICATE OF SERVICE

This is to certify that I have on this date served a copy of the within and foregoing ANSWER AND CROSSCLAIM OF ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY upon:

William L. Hagood, IV, Esquire (308560)
Jacob M. Jackson, Esquire (290880)
JACKSON HAGOOD INJURY LAWYERS
900 Ashwood Pkwy Ste 170
Atlanta, GA 30338
Attorneys for Plaintiff

Keith Carew
908 Lee Dr #908
Livingston, TN 38570
Co-Defendant Pro se

KLLM Transport Services, LLC
R/A: Corporate Creations Network Inc.
2985 Gordy Pkwy 1st Fl
Marietta, GA 30006
Co-Defendant Pro se

Transport Risk Solutions Risk Retention Group, Inc.
One Poston Rd Ste 155
Charleston, SC 29407
Co-Defendant Pro se

by placing a copy of same in the United States Mail in a properly addressed envelope with sufficient postage thereon to ensure delivery.

This  28th  day of February, 2023.

LAW OFFICE OF NANCY W. PHILLIPS

By:    /s/ Roberta L. Dural
       Roberta L. Dural
       Georgia Bar No.  940307
       Email:  Roberta.Dural@allstate.com
       Attorney for Unnamed Uninsured Motorist
       Carrier

3200 Windy Hill Road SE, Suite 1525E
Atlanta, GA  30339-8554
(678) 296-6904

State Court of Fulton County
**E-FILED**
23EV000660
3/3/2023 3:30 PM
Donald Talley, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

FRANK TANNER,                                  )
                                               )
              Plaintiff,                    )
                                               )
v.                                             )
                                               )          Civil Action File No.:
KEITH CAREW, KLLM TRANSPORT                    )              23EV000660
SERVICES, LLC & TRANSPORT RISK                 )
SOLUTIONS RISK RETENTION GROUP,                )
INC., ABC CORPORATIONS 1-99,                   )
                                               )
              Defendants.

## ANSWER AND DEFENSES OF DEFENDANT KEITH CAREW TO PLAINTIFF'S COMPLAINT AND DEMAND FOR TRIAL BY JURY

COMES NOW, Defendant Keith Carew ("Defendant"), and hereby files his Answer and Defenses to Plaintiff's Complaint and Demand for Trial by Jury (the "Complaint"), showing the Court as follows:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Defendant is not liable to Plaintiff because he owed no duty, or, in the alternative, breached no duty owed to Plaintiff, regarding the occurrence giving rise to the Complaint.

### THIRD DEFENSE

To the extent as may be shown by evidence, Defendant asserts the defense of contributory/comparative negligence, failure to avoid consequences, failure to exercise ordinary care, and failure to mitigate damages.

## FOURTH DEFENSE

Plaintiff's claims for punitive damages are unsupported, unfounded, and should be dismissed.

## FIFTH DEFENSE

Plaintiff's claims for attorney's fees and expenses pursuant to O.C.G.A. §§ 13-6-11 is factually and legally without merit and should be dismissed. Defendant has at all times acted with good faith with respect to Plaintiff's claims and has in no way been stubbornly litigious or caused Plaintiff unnecessary trouble and expense. Therefore, Plaintiff is not entitled to attorney's fees or expenses of litigation.

## SIXTH DEFENSE

Defendant answers the numbered paragraphs of the Complaint as follows:

## PARTIES AND JURISDICTION

1.

Defendant denies as pled the allegations contained in this paragraph of the Complaint.

2.

Defendant may be served at 908 Lee Drive $ 908, Livingston, TN 38570 and is subject to the jurisdiction and venue of this Court. Defendant denies as pled the remaining allegations contained in this paragraph of the Complaint.

3.

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph of the Complaint and, therefore, can neither admit nor deny the same.

4.

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph of the Complaint and, therefore, can neither admit nor deny the same.

5.

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph of the Complaint and, therefore, can neither admit nor deny the same.

6.

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph of the Complaint and, therefore, can neither admit nor deny the same.

7.

Defendant admits that jurisdiction is proper in Fulton County, Georgia as to him. Defendant denies the remaining allegations contained this paragraph of the Complaint.

8.

Defendant denies the allegations contained in this paragraph of the Complaint.

## **OPERATIVE FACTS**

9.

Based upon information and belief, Defendant admits the allegations contained in this paragraph of the Complaint.

10.

Defendant admits that he was operating a commercial motor vehicle at the time of the subject accident. Defendant denies the remaining allegations contained this paragraph of the Complaint.

11.

Defendant admits that he was operating a commercial motor vehicle on behalf of Defendant KLLM at the time of the subject accident. Defendant denies the remaining allegations contained this paragraph of the Complaint.

12.

Defendant denies the allegations contained in this paragraph of the Complaint.

13.

Defendant denies the allegations contained in this paragraph of the Complaint.

**COUNT I**
**NEGLIGENCE & NEGLIGENCE *PER SE***
**OF DEFENDANT KEITH CAREW**

14.

Defendant reasserts the responses to the allegations in the previous paragraphs of the Complaint as if fully set forth herein.

15.

Based upon information and belief, Defendant admits the allegations contained in this paragraph of the Complaint.

16.

Defendant admits that he was operating a commercial motor vehicle at the time of the subject accident. Defendant denies the remaining allegations contained this paragraph of the Complaint.

17.

Defendant admits that he was operating a commercial motor vehicle on behalf of Defendant KLLM at the time of the subject accident. Defendant denies the remaining allegations contained this paragraph of the Complaint.

18.

Defendant admits that he had a duty to abide by Georgia law. Defendant denies the remaining allegations contained this paragraph of the Complaint.

19.

Defendant denies allegations contained in this paragraph of the Complaint.

20.

Defendant denies allegations contained in this paragraph of the Complaint.

21.

Defendant denies allegations contained in this paragraph of the Complaint.

22.

Defendant denies allegations contained in this paragraph of the Complaint.

23.

Defendant denies allegations contained in this paragraph of the Complaint.

## COUNT II
## IMPUTED/VICARIOUS LIABILITY

24.

Defendant reasserts the responses to the allegations in the previous paragraphs of the Complaint as if fully set forth herein.

25.

Defendant admits that he was an independent contractor operating the vehicle within the course and scope of his employment with Defendant KLLM at the time of the subject collision. Defendant denies the remaining allegations contained this paragraph of the Complaint.

26.

Defendant admits that he was an independent contractor operating the vehicle within the course and scope of his employment with Defendant KLLM at the time of the subject collision. Defendant denies the remaining allegations contained this paragraph of the Complaint.

27.

Defendant admits that he was an independent contractor operating the vehicle within the course and scope of his employment with Defendant KLLM at the time of the subject collision. Defendant denies the remaining allegations contained this paragraph of the Complaint.

28.

Defendant admits that he was an independent contractor operating the vehicle within the course and scope of his employment with Defendant KLLM at the time of the subject collision. Defendant denies the remaining allegations contained this paragraph of the Complaint.

29.

Defendant admits that Defendant KLLM is an interstate carrier and that it may be vicariously liable for negligent acts or omissions committed by him in the scope of his employment

with it.   Defendant denies as pled the remaining allegations contained this paragraph of the Complaint.

### 30.

Defendant denies the allegations contained in this paragraph of the Complaint.

### 31.

Defendant denies the allegations contained in this paragraph of the Complaint.

**COUNT III**
**NEGLIGENT HIRING, TRAINING, & SUPERVISION**

### 32.

Defendant reasserts the responses to the allegations in the previous paragraphs of the Complaint as if fully set forth herein.

### 33.

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph of the Complaint and, therefore, can neither admit nor deny the same.

### 34.

Defendant denies the allegations contained in this paragraph of the Complaint.

### 35.

Defendant denies the allegations contained in this paragraph of the Complaint.

### 36.

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph of the Complaint and, therefore, can neither admit nor deny the same.

37.

Defendant denies the allegations contained in this paragraph of the Complaint.

38.

Defendant denies the allegations contained in this paragraph of the Complaint.

39.

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph of the Complaint and, therefore, can neither admit nor deny the same.

40.

Defendant denies the allegations contained in this paragraph of the Complaint.

41.

Defendant denies the allegations contained in this paragraph of the Complaint.

42.

Defendant denies the allegations contained in this paragraph of the Complaint.

43.

Defendant denies the allegations contained in this paragraph of the Complaint.

## COUNT IV
## DIRECT ACTION AGAINST TRANSPORT RISK SOLUTIONS RISK RETENTION GROUP, INC.

44.

Defendant reasserts the responses to the allegations in the previous paragraphs of the Complaint as if fully set forth herein.

45.

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph of the Complaint and, therefore, can neither admit nor deny the same.

46.

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph of the Complaint and, therefore, can neither admit nor deny the same.

47.

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph of the Complaint and, therefore, can neither admit nor deny the same.

48.

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph of the Complaint and, therefore, can neither admit nor deny the same.

49.

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph of the Complaint and, therefore, can neither admit nor deny the same.

50.

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph of the Complaint and, therefore, can neither admit nor deny the same.

## COUNT V
## DAMAGES FOR FRANK TANNER

### 51.

Defendant reasserts the responses to the allegations in the previous paragraphs of the Complaint as if fully set forth herein.

### 52.

Defendant denies the allegations contained in this paragraph of the Complaint.

### 53.

Defendant denies the allegations contained in this paragraph of the Complaint.

### 54.

Defendant denies the allegations contained in this paragraph of the Complaint.

### 55.

Defendant denies the allegations contained in this paragraph of the Complaint.

### 56.

Defendant denies the allegations contained in this paragraph of the Complaint.

### 57.

Defendant denies the allegations contained in this paragraph of the Complaint.

## COUNT VI
## ATTORNEY'S FEES AND EXPENSES OF LITIGATION
## AGAINST DEFENDANTS

58.

Defendant reasserts the responses to the allegations in the previous paragraphs of the Complaint as if fully set forth herein.

59.

Defendant denies the allegations contained in this paragraph of the Complaint.

60.

Defendant denies the allegations contained in this paragraph of the Complaint.

## COUNT VIII
## PUNITIVE DAMAGES

61.

Defendant reasserts the responses to the allegations in the previous paragraphs of the Complaint as if fully set forth herein.

62.

Defendant denies the allegations contained in this paragraph of the Complaint.

63.

Any allegations contained in the Complaint not herein responded to by number, including Plaintiff's ad damnun/prayer for relief clause, and its subparts, are hereby denied.

WHEREFORE, having fully answered, Defendant prays that the Complaint be dismissed with costs of this action cast against Plaintiff.

This 3rd day of March, 2023.

Respectfully submitted,

By:  /s/ Jessica F. Hubbartt
     JESSICA F. HUBBARTT
     Georgia State Bar No. 932295
Copeland, Stair, Valz & Lovell, LLP
191 Peachtree Street, N.E., Suite 3600     MICHAEL J. YATES, JR.
P. O. Box 56887 (30343-0887)               Georgia State Bar No. 708897
Atlanta, Georgia 30303-1740                *Attorneys for Defendants Keith Carew,*
Telephone (404) 221-2211                    *KLLM Transport Services, LLC and*
Facsimile (404) 523-2345                    *Transport Risk Solutions Risk Retention*
jhubbartt@csvl.law                          *Group, Inc.*
mjyates@csvl.law

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day served a copy of the within and foregoing pleading upon all parties to this matter via the Court's electronic filing system, which will automatically e-mail a copy to counsel of record addressed as follows:

William L. Hagood, IV
Jacob M. Jackson
JACKSON HAGOOD INJURY LAWYERS
900 Ashwood Pkwy., Ste. 170
Atlanta, GA  30338
whagood@jkhinjurylawyers.com
jjackson@jhinjurylawyers.com
*Attorney for Plaintiff*

Roberta L. Dural
LAW OFFICE OF NANCY W. PHILLIPS
3200 Windy Hill Road SE., Ste. 1525E
Atlanta, GA 30339
Roberta.dural@allstate.com

This 3rd day of March, 2023.

Respectfully submitted,

By:     */s/ Jessica F. Hubbartt*
        JESSICA F. HUBBARTT
        Georgia State Bar No. 932295
        MICHAEL J. YATES, JR.
        Georgia State Bar No. 708897
        *Attorneys for Defendants Keith Carew,*
        *KLLM Transport Services, LLC and*
        *Transport Risk Solutions Risk Retention*
        *Group, Inc.*

Copeland, Stair, Valz & Lovell, LLP
191 Peachtree Street, N.E., Suite 3600
P. O. Box 56887 (30343-0887)
Atlanta, Georgia 30303-1740
Telephone (404) 221-2211
Facsimile (404) 523-2345
jhubbartt@csvl.law
mjyates@csvl.law

**State Court of Fulton County**
**\*\*E-FILED\*\***
**23EV000660**
**3/3/2023 3:30 PM**
**Donald Talley, Clerk**
**Civil Division**

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

FRANK TANNER,               )
                                    )
          Plaintiff,         )
                                    )
v.                                 )
                                    )     Civil Action File No.:
KEITH CAREW, KLLM TRANSPORT  )       23EV000660
SERVICES, LLC & TRANSPORT RISK  )
SOLUTIONS RISK RETENTION GROUP,  )
INC., ABC CORPORATIONS 1-99,     )
                                    )
          Defendants.      )

## ANSWER AND DEFENSES OF DEFENDANT TRANSPORT RISK SOLUTIONS RISK RETENTION GROUP TO PLAINTIFF'S COMPLAINT AND DEMAND FOR TRIAL BY JURY

COMES NOW, Defendant Transport Risk Solutions Risk Retention Group, Inc. ("Defendant"), and hereby files its Answer and Defenses to Plaintiff's Complaint and Demand for Trial by Jury (the "Complaint"), showing the Court as follows:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Defendant is not liable to Plaintiff because it owed no duty, or, in the alternative, breached no duty owed to Plaintiff, regarding the occurrence giving rise to the Complaint.

### THIRD DEFENSE

To the extent as may be shown by evidence, Defendant asserts the defense of contributory/comparative negligence, failure to avoid consequences, failure to exercise ordinary care, and failure to mitigate damages.

## FOURTH DEFENSE

Plaintiff's claims for punitive damages are unsupported, unfounded, and should be dismissed.

## FIFTH DEFENSE

Plaintiff's claims for attorney's fees and expenses pursuant to O.C.G.A. §§ 13-6-11 is factually and legally without merit and should be dismissed.  Defendant has at all times acted with good faith with respect to Plaintiff's claims and has in no way been stubbornly litigious or caused Plaintiff unnecessary trouble and expense. Therefore, Plaintiff is not entitled to attorney's fees or expenses of litigation.

## SIXTH DEFENSE

Defendant Transport Risk Solutions Risk Retention Group, Inc. should be dismissed from this case as there is no proper basis for its inclusion as a party.

## SEVENTH DEFENSE

Defendant answers the numbered paragraphs of the Complaint as follows:

## PARTIES AND JURISDICTION

### 1.

Defendant denies as pled the allegations contained in this paragraph of the Complaint.

### 2.

Defendant denies as pled the allegations contained in this paragraph of the Complaint.

### 3.

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph of the Complaint and, therefore, can neither admit nor deny the same.

4.

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph of the Complaint and, therefore, can neither admit nor deny the same.

5.

Defendant is an improper party to this case. Defendant admits that it is a risk retention group. Defendant further admits that it is a foreign corporation and that it may be served as alleged in this paragraph of the Complaint. Defendant denies the remaining allegations contained in this paragraph of the Complaint.

6.

Defendant is an improper party to this case. Defendant admits that it is a risk retention group. Defendant further admits that it is a foreign corporation and that jurisdiction and venue are proper. Defendant denies the remaining allegations contained in this paragraph of the Complaint.

7.

Defendant admits that jurisdiction is proper in Fulton County, Georgia. Defendant denies the remaining allegations contained this paragraph of the Complaint.

8.

Defendant denies the allegations contained in this paragraph of the Complaint.

## **OPERATIVE FACTS**

9.

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph of the Complaint and, therefore, can neither admit nor deny the same.

10.

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph of the Complaint and, therefore, can neither admit nor deny the same.

11.

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph of the Complaint and, therefore, can neither admit nor deny the same.

12.

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph of the Complaint and, therefore, can neither admit nor deny the same.

13.

Defendant denies the allegations contained in this paragraph of the Complaint.

## COUNT I
## NEGLIGENCE & NEGLIGENCE *PER SE*
## OF DEFENDANT KEITH CAREW

14.

Defendant reasserts the responses to the allegations in the previous paragraphs of the Complaint as if fully set forth herein.

15.

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph of the Complaint and, therefore, can neither admit nor deny the same.

16.

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph of the Complaint and, therefore, can neither admit nor deny the same.

17.

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph of the Complaint and, therefore, can neither admit nor deny the same.

18.

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph of the Complaint and, therefore, can neither admit nor deny the same.

19.

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph of the Complaint and, therefore, can neither admit nor deny the same.

20.

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph of the Complaint and, therefore, can neither admit nor deny the same.

21.

Defendant denies allegations contained in this paragraph of the Complaint.

22.

Defendant denies allegations contained in this paragraph of the Complaint.

23.

Defendant denies allegations contained in this paragraph of the Complaint.

## COUNT II
## IMPUTED/VICARIOUS LIABILITY

24.

Defendant reasserts the responses to the allegations in the previous paragraphs of the Complaint as if fully set forth herein.

25.

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph of the Complaint and, therefore, can neither admit nor deny the same.

26.

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph of the Complaint and, therefore, can neither admit nor deny the same.

27.

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph of the Complaint and, therefore, can neither admit nor deny the same.

28.

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph of the Complaint and, therefore, can neither admit nor deny the same.

29.

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph of the Complaint and, therefore, can neither admit nor deny the same.

30.

Defendant denies the allegations contained in this paragraph of the Complaint.

31.

Defendant denies the allegations contained in this paragraph of the Complaint.

## COUNT III
## NEGLIGENT HIRING, TRAINING, & SUPERVISION

32.

Defendant reasserts the responses to the allegations in the previous paragraphs of the Complaint as if fully set forth herein.

33.

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph of the Complaint and, therefore, can neither admit nor deny the same.

34.

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph of the Complaint and, therefore, can neither admit nor deny the same.

35.

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph of the Complaint and, therefore, can neither admit nor deny the same.

36.

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph of the Complaint and, therefore, can neither admit nor deny the same.

37.

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph of the Complaint and, therefore, can neither admit nor deny the same.

38.

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph of the Complaint and, therefore, can neither admit nor deny the same.

39.

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph of the Complaint and, therefore, can neither admit nor deny the same.

40.

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph of the Complaint and, therefore, can neither admit nor deny the same.

41.

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph of the Complaint and, therefore, can neither admit nor deny the same.

42.

Defendant denies the allegations contained in this paragraph of the Complaint.

43.

Defendant denies the allegations contained in this paragraph of the Complaint.

## COUNT IV
## DIRECT ACTION AGAINST TRANSPORT RISK SOLUTIONS RISK RETENTION GROUP, INC.

44.

Defendant reasserts the responses to the allegations in the previous paragraphs of the Complaint as if fully set forth herein.

45.

Defendant admits that it is a risk retention group that provided liability coverage to Defendant KLLM that was in effect at the time of the subject accident. Defendant denies the remaining allegations contained in this paragraph of the Complaint.

46.

Defendant admits that it is a risk retention group that provided liability coverage to Defendant KLLM that was in effect at the time of the subject accident. Defendant denies the remaining allegations contained in this paragraph of the Complaint.

47.

Defendant denies the allegations contained in this paragraph of the Complaint.

48.

Defendant denies the allegations contained in this paragraph of the Complaint.

49.

Defendant denies the remaining allegations contained in this paragraph of the Complaint.

50.

Defendant denies the allegations contained in this paragraph of the Complaint.

**COUNT V**
**DAMAGES FOR FRANK TANNER**

51.

Defendant reasserts the responses to the allegations in the previous paragraphs of the Complaint as if fully set forth herein.

52.

Defendant denies the allegations contained in this paragraph of the Complaint.

10

53.

Defendant denies the allegations contained in this paragraph of the Complaint.

54.

Defendant denies the allegations contained in this paragraph of the Complaint.

55.

Defendant denies the allegations contained in this paragraph of the Complaint.

56.

Defendant denies the allegations contained in this paragraph of the Complaint.

57.

Defendant denies the allegations contained in this paragraph of the Complaint.

**COUNT VI**
**ATTORNEY'S FEES AND EXPENSES OF LITIGATION**
**AGAINST DEFENDANTS**

58.

Defendant reasserts the responses to the allegations in the previous paragraphs of the Complaint as if fully set forth herein.

59.

Defendant denies the allegations contained in this paragraph of the Complaint.

60.

Defendant denies the allegations contained in this paragraph of the Complaint.

**COUNT VIII**
**PUNITIVE DAMAGES**

61.

Defendant reasserts the responses to the allegations in the previous paragraphs of the Complaint as if fully set forth herein.

62.

Defendant denies the allegations contained in this paragraph of the Complaint.

63.

Any allegations contained in the Complaint not herein responded to by number, including Plaintiff's ad damnun/prayer for relief clause, and its subparts, are hereby denied.

WHEREFORE, having fully answered, Defendant prays that the Complaint be dismissed with costs of this action cast against Plaintiff.

This 3rd day of March, 2023.

Copeland, Stair, Valz & Lovell, LLP
191 Peachtree Street, N.E., Suite 3600
P. O. Box 56887 (30343-0887)
Atlanta, Georgia 30303-1740
Telephone (404) 221-2211
Facsimile (404) 523-2345
jhubbartt@csvl.law
mjyates@csvl.law

Respectfully submitted,

By:    */s/ Jessica F. Hubbartt*
       JESSICA F. HUBBARTT
       Georgia State Bar No. 932295
       MICHAEL J. YATES, JR.
       Georgia State Bar No. 708897
       *Attorneys for Defendants Keith Carew,*
       *KLLM Transport Services, LLC and*
       *Transport Risk Solutions Risk Retention*
       *Group, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day served a copy of the within and foregoing pleading upon all parties to this matter via the Court's electronic filing system, which will automatically e-mail a copy to counsel of record addressed as follows:

William L. Hagood, IV
Jacob M. Jackson
JACKSON HAGOOD INJURY LAWYERS
900 Ashwood Pkwy., Ste. 170
Atlanta, GA  30338
whagood@jkhinjurylawyers.com
jjackson@jhinjurylawyers.com
*Attorney for Plaintiff*

Roberta L. Dural
LAW OFFICE OF NANCY W. PHILLIPS
3200 Windy Hill Road SE., Ste. 1525E
Atlanta, GA 30339
Roberta.dural@allstate.com

This 3rd day of March, 2023.

Copeland, Stair, Valz & Lovell, LLP
191 Peachtree Street, N.E., Suite 3600
P. O. Box 56887 (30343-0887)
Atlanta, Georgia 30303-1740
Telephone (404) 221-2211
Facsimile (404) 523-2345
jhubbartt@csvl.law
mjyates@csvl.law

Respectfully submitted,

By:   */s/ Jessica F. Hubbartt*
JESSICA F. HUBBARTT
Georgia State Bar No. 932295
MICHAEL J. YATES, JR.
Georgia State Bar No. 708897
*Attorneys for Defendants Keith Carew,*
*KLLM Transport Services, LLC and*
*Transport Risk Solutions Risk Retention*
*Group, Inc.*

State Court of Fulton County
**E-FILED**
23EV000660
3/3/2023 3:30 PM
Donald Talley, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

FRANK TANNER,                                      )
                                                   )
        Plaintiff,                        )
                                                   )
v.                                                 )
                                                   )      Civil Action File No.:
KEITH CAREW, KLLM TRANSPORT                        )         23EV000660
SERVICES, LLC & TRANSPORT RISK                     )
SOLUTIONS RISK RETENTION GROUP,                    )
INC., ABC CORPORATIONS 1-99,                       )
                                                   )
        Defendants.                       )

### ANSWER AND DEFENSES OF DEFENDANT KLLM TRANSPORT SERVICES, LLC TO PLAINTIFF'S COMPLAINT AND DEMAND FOR TRIAL BY JURY

COMES NOW, Defendant KLLM Transport Services, LLC ("Defendant"), and hereby files its Answer and Defenses to Plaintiff's Complaint and Demand for Trial by Jury (the "Complaint"), showing the Court as follows:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Defendant is not liable to Plaintiff because it owed no duty, or, in the alternative, breached no duty owed to Plaintiff, regarding the occurrence giving rise to the Complaint.

### THIRD DEFENSE

To the extent as may be shown by evidence, Defendant asserts the defense of contributory/comparative negligence, failure to avoid consequences, failure to exercise ordinary care, and failure to mitigate damages.

1

## **FOURTH DEFENSE**

Plaintiff's claims for punitive damages are unsupported, unfounded, and should be dismissed.

## **FIFTH DEFENSE**

Plaintiff's claims for attorney's fees and expenses pursuant to O.C.G.A. §§ 13-6-11 is factually and legally without merit and should be dismissed.  Defendant has at all times acted with good faith with respect to Plaintiff's claims and has in no way been stubbornly litigious or caused Plaintiff unnecessary trouble and expense. Therefore, Plaintiff is not entitled to attorney's fees or expenses of litigation.

## **SIXTH DEFENSE**

Defendant Transport Risk Solutions Risk Retention Group, Inc. should be dismissed from this case as there is no proper basis for its inclusion as a party.

## **SEVENTH DEFENSE**

Defendant answers the numbered paragraphs of the Complaint as follows:

## **PARTIES AND JURISDICTION**

### 1.

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph of the Complaint and, therefore, can neither admit nor deny the same.

### 2.

Defendant denies as pled the allegations contained in this paragraph of the Complaint.

3.

Defendant is a foreign limited liability company with its principal office located in Mississippi. Defendant is subject to the jurisdiction of this Court and may be served via its registered agent, Corporate Creations Network Inc., at 2985 Gordy Parkway, 1st Floor, Marietta, GA 30006. Defendant denies as pled the remaining allegations contained in this paragraph of the Complaint.

4.

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph of the Complaint and, therefore, can neither admit nor deny the same.

5.

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph of the Complaint and, therefore, can neither admit nor deny the same.

6.

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph of the Complaint and, therefore, can neither admit nor deny the same.

7.

Defendant admits that jurisdiction is proper in Fulton County, Georgia as to it. Defendant denies the remaining allegations contained this paragraph of the Complaint.

8.

Defendant denies the allegations contained in this paragraph of the Complaint.

## OPERATIVE FACTS

### 9.

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph of the Complaint and, therefore, can neither admit nor deny the same.

### 10.

Defendant admits that Defendant Carew was operating a commercial motor vehicle at the time of the subject accident. Defendant denies the remaining allegations contained this paragraph of the Complaint.

### 11.

Defendant admits that Defendant Carew was operating a commercial motor vehicle on behalf of Defendant at the time of the subject accident. Defendant denies the remaining allegations contained this paragraph of the Complaint.

### 12.

Defendant denies the allegations contained in this paragraph of the Complaint.

### 13.

Defendant denies the allegations contained in this paragraph of the Complaint.

### COUNT I
### NEGLIGENCE & NEGLIGENCE *PER SE*
### OF DEFENDANT KEITH CAREW

### 14.

Defendant reasserts the responses to the allegations in the previous paragraphs of the Complaint as if fully set forth herein.

4

15.

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph of the Complaint and, therefore, can neither admit nor deny the same.

16.

Defendant admits that Defendant Carew was operating a commercial motor vehicle at the time of the subject accident. Defendant denies the remaining allegations contained this paragraph of the Complaint.

17.

Defendant admits that Defendant Carew was operating a commercial motor vehicle on behalf of Defendant at the time of the subject accident. Defendant denies the remaining allegations contained this paragraph of the Complaint.

18.

Defendant admits that Defendant Carew had a duty to abide by Georgia law. Defendant denies the remaining allegations contained this paragraph of the Complaint.

19.

Defendant denies allegations contained in this paragraph of the Complaint.

20.

Defendant denies allegations contained in this paragraph of the Complaint.

21.

Defendant denies allegations contained in this paragraph of the Complaint.

22.

Defendant denies allegations contained in this paragraph of the Complaint.

23.

Defendant denies allegations contained in this paragraph of the Complaint.

## COUNT II
## IMPUTED/VICARIOUS LIABILITY

24.

Defendant reasserts the responses to the allegations in the previous paragraphs of the Complaint as if fully set forth herein.

25.

Defendant admits that Defendant Carew was an independent contractor operating the vehicle within the course and scope of his employment with Defendant at the time of the subject collision. Defendant denies the remaining allegations contained this paragraph of the Complaint.

26.

Defendant admits that Defendant Carew was an independent contractor operating the vehicle within the course and scope of his employment with Defendant at the time of the subject collision. Defendant denies the remaining allegations contained this paragraph of the Complaint.

27.

Defendant admits that Defendant Carew was an independent contractor operating the vehicle within the course and scope of his employment with Defendant at the time of the subject collision. Defendant denies the remaining allegations contained this paragraph of the Complaint.

28.

Defendant is an interstate carrier and may be vicariously liable for negligent acts or omissions committed by Defendant Carew in the scope of his employment with Defendant. Defendant denies as pled the remaining allegations contained this paragraph of the Complaint.

29.

Defendant admits that it may be vicariously liable for negligent acts or omissions committed by Defendant Carew in the scope of his employment with Defendant. Defendant denies the remaining allegations contained in this paragraph of the Complaint.

30.

Defendant denies the allegations contained in this paragraph of the Complaint.

31.

Defendant denies the allegations contained in this paragraph of the Complaint.

**COUNT III**
**NEGLIGENT HIRING, TRAINING, & SUPERVISION**

32.

Defendant reasserts the responses to the allegations in the previous paragraphs of the Complaint as if fully set forth herein.

33.

Defendant denies as pled the allegations contained in this paragraph of the Complaint.

34.

Defendant denies the allegations contained in this paragraph of the Complaint.

35.

Defendant denies the allegations contained in this paragraph of the Complaint.

36.

Defendant denies as pled the allegations contained in this paragraph of the Complaint.

37.

Defendant denies the allegations contained in this paragraph of the Complaint.

38.

Defendant denies the allegations contained in this paragraph of the Complaint.

39.

Defendant denies as pled the allegations contained in this paragraph of the Complaint.

40.

Defendant denies the allegations contained in this paragraph of the Complaint.

41.

Defendant denies the allegations contained in this paragraph of the Complaint.

42.

Defendant denies the allegations contained in this paragraph of the Complaint.

43.

Defendant denies the allegations contained in this paragraph of the Complaint.

**COUNT IV**
**DIRECT ACTION AGAINST TRANSPORT RISK SOLUTIONS RISK RETENTION**
**GROUP, INC.**

44.

Defendant reasserts the responses to the allegations in the previous paragraphs of the Complaint as if fully set forth herein.

45.

Defendant admits that Defendant Transport Risk Solutions Risk Retention Group, Inc. is a risk retention group that provided liability coverage to Defendant that was in effect at the time of the subject accident. Defendant denies the remaining allegations contained in this paragraph of the Complaint.

46.

Defendant admits that Defendant Transport Risk Solutions Risk Retention Group, Inc. is a risk retention group that provided liability coverage to Defendant that was in effect at the time of the subject accident. Defendant denies the remaining allegations contained in this paragraph of the Complaint.

47.

Defendant denies the allegations contained in this paragraph of the Complaint.

48.

Defendant denies the allegations contained in this paragraph of the Complaint.

49.

Defendant admits that it is subject to direct action. Defendant denies the remaining allegations contained in this paragraph of the Complaint.

50.

Defendant denies the allegations contained in this paragraph of the Complaint.

## COUNT V
## DAMAGES FOR FRANK TANNER

51.

Defendant reasserts the responses to the allegations in the previous paragraphs of the Complaint as if fully set forth herein.

52.

Defendant denies the allegations contained in this paragraph of the Complaint.

53.

Defendant denies the allegations contained in this paragraph of the Complaint.

54.

Defendant denies the allegations contained in this paragraph of the Complaint.

55.

Defendant denies the allegations contained in this paragraph of the Complaint.

56.

Defendant denies as pled the allegations contained in this paragraph of the Complaint.

57.

Defendant denies the allegations contained in this paragraph of the Complaint.

**COUNT VI**
**ATTORNEY'S FEES AND EXPENSES OF LITIGATION**
**AGAINST DEFENDANTS**

58.

Defendant reasserts the responses to the allegations in the previous paragraphs of the Complaint as if fully set forth herein.

59.

Defendant denies the allegations contained in this paragraph of the Complaint.

60.

Defendant denies the allegations contained in this paragraph of the Complaint.

**COUNT VIII**
**PUNITIVE DAMAGES**

61.

Defendant reasserts the responses to the allegations in the previous paragraphs of the Complaint as if fully set forth herein.

62.

Defendant denies the allegations contained in this paragraph of the Complaint.

10

63.

Any allegations contained in the Complaint not herein responded to by number, including

Plaintiff's ad damnun/prayer for relief clause, and its subparts, are hereby denied.

WHEREFORE, having fully answered, Defendant prays that the Complaint be dismissed

with costs of this action cast against Plaintiff.

This 3rd day of March, 2023.                    Respectfully submitted,

                                                By:    */s/ Jessica F. Hubbartt*
                                                       JESSICA F. HUBBARTT
Copeland, Stair, Valz & Lovell, LLP                    Georgia State Bar No. 932295
191 Peachtree Street, N.E., Suite 3600                 MICHAEL J. YATES, JR.
P. O. Box 56887 (30343-0887)                           Georgia State Bar No. 708897
Atlanta, Georgia 30303-1740                            *Attorneys for Defendants Keith Carew,*
Telephone (404) 221-2211                               *KLLM Transport Services, LLC and*
Facsimile (404) 523-2345                               *Transport Risk Solutions Risk Retention*
jhubbartt@csvl.law                                     *Group, Inc.*
mjyates@csvl.law

11

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day served a copy of the within and foregoing pleading upon all parties to this matter via the Court's electronic filing system, which will automatically e-mail a copy to counsel of record addressed as follows:

William L. Hagood, IV
Jacob M. Jackson
JACKSON HAGOOD INJURY LAWYERS
900 Ashwood Pkwy., Ste. 170
Atlanta, GA  30338
whagood@jkhinjurylawyers.com
jjackson@jhinjurylawyers.com
*Attorney for Plaintiff*

Roberta L. Dural
LAW OFFICE OF NANCY W. PHILLIPS
3200 Windy Hill Road SE., Ste. 1525E
Atlanta, GA 30339
Roberta.dural@allstate.com

This 3rd day of March, 2023.

Respectfully submitted,

By:    */s/ Jessica F. Hubbartt*
        JESSICA F. HUBBARTT
        Georgia State Bar No. 932295
Copeland, Stair, Valz & Lovell, LLP      MICHAEL J. YATES, JR.
191 Peachtree Street, N.E., Suite 3600   Georgia State Bar No. 708897
P. O. Box 56887 (30343-0887)             *Attorneys for Defendants Keith Carew,*
Atlanta, Georgia 30303-1740              *KLLM Transport Services, LLC and*
Telephone (404) 221-2211                 *Transport Risk Solutions Risk Retention*
Facsimile (404) 523-2345                 *Group, Inc.*
jhubbartt@csvl.law
mjyates@csvl.law

**State Court of Fulton County**
**\*\*E-FILED\*\***
**23EV000660**
**3/3/2023 3:30 PM**
**Donald Talley, Clerk**
**Civil Division**

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

FRANK TANNER,             )
                            )
        Plaintiff,        )
                            )
v.                           )
                            )        Civil Action File No.:
KEITH CAREW, KLLM TRANSPORT   )             23EV000660
SERVICES, LLC & TRANSPORT RISK   )
SOLUTIONS RISK RETENTION GROUP,   )
INC., ABC CORPORATIONS 1-99,      )
                            )
        Defendants.

## DEFENDANTS KEITH CAREW AND KLLM TRANSPORT SERVICES, LLC'S DEMAND FOR JURY PANEL OF TWELVE

COME NOW, Defendants Keith Carew and KLLM Transport Services, LLC, by and through their attorneys, and demands in writing prior to the commencement of the trial term that the above-styled case be tried by a jury of twelve, pursuant to O.C.G.A. § 15-12-122.

This 3rd day of March, 2023.        Respectfully submitted,

                                       By:   */s/ Jessica F. Hubbartt*
                                            JESSICA F. HUBBARTT
Copeland, Stair, Valz & Lovell, LLP       Georgia State Bar No. 932295
191 Peachtree Street, N.E., Suite 3600   MICHAEL J. YATES, JR.
P. O. Box 56887 (30343-0887)        Georgia State Bar No. 708897
Atlanta, Georgia 30303-1740         *Attorneys for Defendants Keith Carew,*
Telephone (404) 221-2211            *KLLM Transport Services, LLC and*
Facsimile (404) 523-2345             *Transport Risk Solutions Risk Retention*
jhubbartt@csvl.law                     *Group, Inc.*
mjyates@csvl.law

8560617v.1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day served a copy of the within and foregoing pleading upon all parties to this matter via the Court's electronic filing system, which will automatically e-mail a copy to counsel of record addressed as follows:

William L. Hagood, IV
Jacob M. Jackson
JACKSON HAGOOD INJURY LAWYERS
900 Ashwood Pkwy., Ste. 170
Atlanta, GA  30338
whagood@jkhinjurylawyers.com
jjackson@jhinjurylawyers.com
*Attorney for Plaintiff*

Roberta L. Dural
LAW OFFICE OF NANCY W. PHILLIPS
3200 Windy Hill Road SE., Ste. 1525E
Atlanta, GA 30339
Roberta.dural@allstate.com

This 3rd day of March, 2023.

Copeland, Stair, Valz & Lovell, LLP
191 Peachtree Street, N.E., Suite 3600
P. O. Box 56887 (30343-0887)
Atlanta, Georgia 30303-1740
Telephone (404) 221-2211
Facsimile (404) 523-2345
jhubbartt@csvl.law
mjyates@csvl.law

Respectfully submitted,

By:     */s/ Jessica F. Hubbartt*
JESSICA F. HUBBARTT
Georgia State Bar No. 932295
MICHAEL J. YATES, JR.
Georgia State Bar No. 708897
*Attorneys for Defendants Keith Carew,*
*KLLM Transport Services, LLC and*
*Transport Risk Solutions Risk Retention*
*Group, Inc.*