IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **OUMAR SAIDOU,** | ) |
| Plaintiff, | ) |
| v. | ) Civil Action |
| **UR MENDOZA JADDOU**, Director of U. S. Citizenship and Immigration Services and **SHINEKA MILLER,** Director of Atlanta Field Office of U.S. Citizenship and Immigration Services, | ) Case No.:_____ |
| Defendants. | ) |

**ORIGINAL COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER THE ADMINISTRATIVE PROCEDURE ACT**

COMES NOW Oumar Saidou, Plaintiff in the above-styled and -numbered cause, by and through the undersigned attorney of record, and for cause of action would show unto the Court to following:

1. This action is brought against the Defendants to compel action on Plaintiff's Application to Register Permanent Residence or Adjust Status. The application was filed with and remain within the jurisdiction of the Defendants, who have improperly denied said application to Plaintiff's detriment.

## PARTIES

2. Plaintiff Oumar Saidou is a fifty-nine-year-old native and citizen of Mauritania. He currently holds asylee status in the United States. He first applied for Lawful Permanent Resident status on December 2, 2005. A second application was submitted on April 24, 2019.

3. Defendant Ur Mendoza Jaddou is the Director of the United States Citizenship and Immigration Services (hereinafter "USCIS"), a branch of the Department of Homeland Security and is sued in her official capacity. USCIS is charged with all adjudication duties pertaining to immigration applications. Defendant Jaddou is the official of the USCIS generally charged with supervisory authority over all operations of the USCIS.  8 CFR §103.1(g)(2)(ii)(B).

4. Shineka Miller is the USCIS Atlanta Field Office Director. Defendant Miller is sued in her official capacity and is the official of USCIS generally charged with supervisory authority over all operations of USCIS within her District with certain specific exceptions not relevant here. 8 C.F.R. § 103.1(g)(2)(ii)(B) Specifically, Defendant is responsible for the adjudication of adjudication of adjustment of status applications in her service area. As will be shown, Defendant is the official with whom Plaintiff's application was properly filed.

## JURISDICTION

5. Jurisdiction in this case is proper under 28 U.S.C. §§ 1331 and 1361, 5 U.S.C. § 701 *et seq.*, and 28 U.S.C. § 2201 *et seq.* Relief is requested pursuant to said statutes.

## VENUE

6. Venue is proper in this court, pursuant to 28 U.S.C. § 1391(e), in that this is an action against officers and agencies of the United States in their official capacities, brought in the District where the Plaintiff resides, as no real property is involved in the action.

## EXHAUSTION OF REMEDIES

7. Plaintiff in the instant case has exhausted his administrative remedies. No other remedy is adequate in this case because Defendants' decision constituted final agency action leaving no opportunity for appeal. Immediate action, such as that offered the Administrative Procedure Act, is the only adequate relief.

## CLAIM FOR RELIEF

8. Plaintiff Oumar Saidou is a native and citizen of Mauritania. He is currently in the United States with asylee status. See **Exhibit 1**, Decision Notice.

9. On December 2, 2005, Plaintiff submitted his initial Form I-485, Application to Register Permanent Residence or Adjust Status. See **Exhibit 2**, Interview

Notice.

10. On April 24, 2019, Plaintiff submitted a second Form I-485, Application to Register Permanent Residence or Adjust Status. See **Exhibit 3**, 2019 Receipt Notice.

11. No action appears to have been taken on either application until the issuance of an interview notice on November 10, 2022, directing Plaintiff to appear at the Atlanta Field Office of USCIS on December 15, 2022. See **Exhibit 2**, Interview Notice.

12. The interview notice was sent to Plaintiff's prior counsel, Ms. Susan H. Colussa, Esq. The notice itself is addressed to 680 W. Peachtree St, Atlanta GA 30308. One delivery attempt seems to have been made to 650 W. Peachtree St. It was marked as undeliverable on December 18, 2022, and returned to the National Benefits Center, which received it on December 23, 2022. See **Exhibit 4**, Envelopes for Notices.

13. A second envelope, also directed to Ms. Colussa, was sent to 835 Oglethorpe Avenue, Atlanta GA 30310. It was mailed on December 30, 2022, after the scheduled interview. This was marked undeliverable, and returned to the Service on January 25, 2023. **Id.**

14. Another envelope was addressed to Plaintiff at 2929 Landrum Drive Apt 157,

Atlanta GA 30311. This appears to have been in error, as the Plaintiff lives in apartment I-57. The envelope is also marked as being sent on or about February 1, 2023. **Id.**

15. The interview notice is reflects the receipt number and received date of the 2005 application. See **Exhibit 2**, Interview Notice.

16. On February 13, 2023, the Service issued a decision on the 2019 I-485 application, stating that Plaintiff had failed to appear for his December 15, 2022 interview, and that the Service had deemed the application abandoned. This was addressed to Plaintiff directly, and reflects his correct mailing address. The decision notice bears the receipt number and received date of the 2019 application.

17. Neither Plaintiff, nor counsel of record timely received the notice of interview, which was directed to Plaintiff's prior counsel for an application submitted seventeen years earlier. See **Exhibit 5**, Declarations of Plaintiff and Counsel.

18. No interview appears to have been scheduled regarding the 2019 application.

19. Plaintiff has actively sought adjustment of status for over seventeen years. By denying Plaintiff the opportunity to present his case in any meaningful fashion, an agency or an officer or employee has failed to act in his or her official capacity. Immediate action, such as that offered by the Administrative

Procedure Act, is the only relief that can resolve the instant case.

## LEGAL BACKGROUND

20. The APA, 5 U.S.C. §701 *et seq.* at § 704 states that acts by government agencies that are, "final agency action for which there is no other adequate remedy in a court are subject to judicial review." There is no other adequate remedy in this situation because the Defendants have acted contrary to the law and regulations and wrongfully denied the Plaintiff's Application to Register Permanent Residence or Adjust Status. Absent any other adequate remedy in this situation, the only option for Plaintiff is this instant action in this court.

21. Moreover, 5 U.S.C. § 706 states:

    The reviewing court shall—

    **(1)** compel agency action unlawfully withheld or unreasonably delayed; and
    **(2)** hold unlawful and set aside agency action, findings, and conclusions found to be—

    **(A)** arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
    **(B)** contrary to constitutional right, power, privilege, or immunity;
    **(C)** in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;
    **(D)** without observance of procedure required by law;
    **(E)** unsupported by substantial evidence in a case subject to sections 556 and 557 of this title or otherwise reviewed on the record

> of an agency hearing provided by statute; or
>
> **(F)** unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court.

22. In this case, this Court has jurisdiction to set aside agency actions that are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." Thus, this Court has jurisdiction to compel agency action unlawfully withheld or unreasonably delayed because Defendants have failed to properly adjudicate Plaintiff's application, and denied Plaintiff the "full panoply of procedural due process protections" to which he is entitled. *Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206, 212 (1953).

23. "To determine whether an agency decision [is] arbitrary or capricious, the reviewing court must consider whether the decision [is] based on a consideration of the relevant factors and whether there ha[s] been a clear error of judgment." See *N. Buckhead Civic Ass'n v. Skinner*, 903 F.2d 1533, 1538 (11th Cir. 1990).

24. Examples of arbitrary or capricious agency decisions include those where an agency considers material which:

> Congress has not intended it to consider, entirely fail[s] to consider an important aspect of the problem, offer[s] an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise.

*Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43, 103 S. Ct. 2856, 77 L. Ed. 2d 443 (1983).

25. In the instant case, there is no doubt that the Defendants made a clear error of judgment, misapplied the law, and deprived the Plaintiff of due process under the law. Defendants' conclusion that Plaintiff had willfully abandoned his application for the requested immigration benefit sought under the INA is clearly erroneous.

26. Defendants did not provide any information regarding the case status of the Form I-485, or notice of any derogatory information, formal or otherwise.

27. It is impossible to rebut any derogatory evidence or resolve any unanswered questions solely because Defendants have provided no notice of the existence of such. The outcome of proceedings would have naturally been affected if Plaintiff were afforded an opportunity to present a case at all.

28. Defendants' arbitrary and capricious action, abuse of discretion, and blatant violation of due process has caused and continues to cause harm to Plaintiff, by unlawfully denying a privilege to which he is entitled. Accordingly, Plaintiff is suffering continued damage.

## PRAYER FOR RELIEF

WHEREFORE, in view of the arguments and authority noted herein,

Plaintiff respectfully prays this Honorable Court enter an order:

A. Finding Defendants' Decision denying Plaintiff's Application to Register Permanent Residence or Adjust Status was contrary to the law, as well as a clear violation of due process, and vacating said decision;

B. Compelling Defendants to immediately perform their ministerial duty owed to the Plaintiff and 1) reopen the aforementioned application; 2) provide proper notice and opportunity to respond in any scheduled interview regarding Plaintiff's case and; 3) adjudicate Plaintiff's application on its merits and according to the law and regulations by which they are bound;

C. Grant such other and further relief as this Court deems proper under the circumstances; and,

D. Grant Attorney's fees and costs of Court to Plaintiff under the Equal Access to Justice Act.

    Respectfully submitted,

    This the 3rd day of March 2023.

    **THE FOGLE LAW FIRM, LLC**
/s/H. Glenn Fogle, Jr.
by: H. Glenn Fogle, Jr.
Georgia Bar No. 266963
Attorney for the Plaintiff

55 Allen Plaza, Suite 830
55 Ivan Allen Jr. Boulevard
Atlanta, Ga 30308
Tel.: (404) 522-1852
Fax.: (470) 592-6989
Email: glenn@foglelaw.com