

U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
Atlanta Field Office
2150 Parklake Drive NE
Atlanta, Georgia 30345

U.S. Citizenship
and Immigration
Services

Date: FEB 1 3 2023

Oumar Saidou
2929 Landrum Drive Apt I57
Atlanta, Georgia 30311

A 075 309 889
SRC1990346003

## DECISION

Oumar Saidou:

On April 24, 2019, you submitted Form I-485, Application to Register Permanent Residence or Adjust Status, with U.S. Citizenship and Immigration Services (USCIS) under section 209(b) of the Immigration and Nationality Act (INA).

After a thorough review of your application and supporting documents, we must inform you that we are denying your application for the following reason(s).

Generally, to qualify for adjustment under INA 209(b), an applicant must:

- Have been granted asylum;
- Have been physically present in the United States for at least 1 year after being granted asylum;
- Continue to be a refugee within the meaning of section 101(a)(42)(A) or a spouse or child of such a refugee
- Not be firmly resettled in any foreign country, and
- Be admissible as an immigrant.

### Statement of Facts and Analysis, Including Ground(s) for Denial

You filed Form I-485 based on being granted asylum.

On December 15, 2022, you were scheduled to appear for an interview. You failed to appear for the interview in connection with your filed Form I-485. Also, USCIS has not received any correspondence explaining why you failed to appear for your interview. The appointment notice was mailed to your address on file. Additionally, the appointment notice was not returned by the U.S. Postal Service. USCIS has not received a request to reschedule your interview, and USCIS has not received a request to withdraw Form I-485. Therefore, the Form I-485 is considered abandoned and must be denied. See Title 8, Code of Federal Regulations (8 CFR), sections 103.2(b)(9) and 103.2(b)(13).

The evidence of record shows that, when you filed your application, you were present in the United States contrary to law. You are not authorized to remain in the United States. If you fail

1

to depart the United States within 33 days of the date of this letter, USCIS may issue you a Notice to Appear and commence removal proceedings against you with the immigration court. This may result in your being removed from the United States and found ineligible for a future visa or other U.S. immigration benefit. See sections 237(a) and 212(a)(9)(B) of the INA.

To review information regarding your period of authorized stay, check travel compliance, or find information on how to validate your departure from the United States with Customs and Border Protection (CBP), please see (https://i94.cbp.dhs.gov/I94/#/home).

Sincerely,

Shineka C. Miller
Field Office Director

cc: Brian C. Malone, Esq.

Prepared by: AC 1621


FEB 2 0 REC'D

2

## Attachment
### (Applicable Law/Regulations)

INA 209

ADJUSTMENT OF STATUS OF REFUGEES (b) The Secretary of Homeland Security or the Attorney General, in the Secretary's or the Attorney General's discretion and under such regulations as the Secretary or the Attorney General may prescribe, may adjust to the status of an alien lawfully admitted for permanent residence the status of any alien granted asylum who—
(1) applies for such adjustment,
(2) has been physically present in the United States for at least one year after being granted asylum,
(3) continues to be a refugee within the meaning of section 101(a)(42)(A) or a spouse or child of such a refugee,
(4) is not firmly resettled in any foreign country, and
(5) is admissible (except as otherwise provided under subsection (c)) as an immigrant under this Act at the time of examination for adjustment of such alien. Upon approval of an application under this subsection, the Secretary of Homeland Security or the Attorney General shall establish a record of the alien's admission for lawful permanent residence as of the date one year before the date of the approval of the application.
(c) The provisions of paragraphs (4), (5), and (7)(A) of section 212(a) shall not be applicable to any alien seeking adjustment of status under this section, and the Secretary of Homeland Security or the Attorney General may waive any other provision of such section (other than paragraph (2)(C) or subparagraph (A), (B), (C), or (E) of paragraph (3)) with respect to such an alien for humanitarian purposes, to assure family unity, or when it is otherwise in the public interest.

8 CFR 209.2

Adjustment of status of alien granted asylum
The provisions of this section shall be the sole and exclusive procedure for adjustment of status by an asylee admitted under section 208 of the Act whose application is based on his or her asylee status.
(a) Eligibility.
(1) Except as provided in paragraph (a)(2) or (a)(3) of this section, the status of any alien who has been granted asylum in the United States may be adjusted by USCIS to that of an alien lawfully admitted for permanent residence, provided the alien:
(i) Applies for such adjustment;
(ii) Has been physically present in the United States for at least one year after having been granted asylum;
(iii) Continues to be a refugee within the meaning of section 101(a)(42) of the Act, or is the spouse or child of a refugee;
(iv) Has not been firmly resettled in any foreign country; and
(v) Is admissible to the United States as an immigrant under the Act at the time of examination for adjustment without regard to paragraphs (4), (5)(A), (5)(B), and (7)(A)(i) of section 212(a) of the Act, and (vi) has a refugee number available under section 201(a) of the Act.
(2) An alien, who was granted asylum in the United States prior to November 29, 1990 (regardless of whether or not such asylum has been terminated under section 208(b) of the Act), and is no longer a refugee due to a change in circumstances in the foreign state where he or she feared persecution, may also have his or her status adjusted by USCIS to that of an alien lawfully

3

admitted for permanent residence even if he or she is no longer able to demonstrate that he or she continues to be a refugee within the meaning of section 101(a)(42) of the Act, or to be a spouse or child of such a refugee or to have been physically present in the United States for at least one year after being granted asylum, so long as he or she is able to meet the requirements noted in paragraphs (a)(1)(i), (iv), and (v) of this section. Such persons are exempt from the numerical limitations of section 209(b) of the Act. However, the number of aliens who are natives of any foreign state who may adjust status pursuant to this paragraph in any fiscal year shall not exceed the difference between the per country limitation established under section 202(a) of the Act and the number of aliens who are chargeable to that foreign state in the fiscal year under section 202 of the Act. Aliens who applied for adjustment of status under section 209(b) of the Act, or to be a spouse or child of such a refugee or to have been physically present in the United States for at least one year after being granted asylum, so long as he or she is able to meet the requirements noted in paragraphs (a)(1)(i), (iv), and (v) of this section.

(3) No alien arriving in or physically present in the Commonwealth of the Northern Mariana Islands may apply to adjust status under section 209(b) of the Act in the Commonwealth of the Northern Mariana Islands prior to January 1, 2015.

(b) Inadmissible Alien  An applicant who is not admissible to the United States as described in 8 CFR 209.2(a)(1)(v) may, under section 209(c) of the Act, have the grounds of inadmissibility waived by USCIS except for those grounds under sections 212(a)(2)(C) and 212(a)(3)(A) , (B) , (C) , or (E) of the Act for humanitarian purposes, to ensure family unity, or when it is otherwise in the public interest. An application for the waiver may be requested with the application for adjustment, in accordance with the form instructions. An applicant for adjustment under this part who has had the status of an exchange alien nonimmigrant under section 101(a)(15)(J) of the Act, and who is subject to the foreign resident requirement of section 212(e) of the Act, shall be eligible for adjustment without regard to the foreign residence requirement if otherwise eligible for adjustment.

(c) Application An application for the benefits of section 209(b) of the Act may be filed in accordance with the form instructions. If an alien has been placed in removal, deportation, or exclusion proceedings, the application can be filed and considered only in proceedings under section 240 of the Act. of the Act. (Revised effective 11/28/11, 76 FR 53764

(d) Medical Examination. For an alien seeking adjustment of status under section 209(b) of the Act, the alien shall submit a medical examination to determine whether any grounds of inadmissibility described under section 212(a)(1)(A) of the Act apply. The asylee is also required to establish compliance with the vaccination requirements described under section 212(a)(1)(A)(ii) of the Act.

(e) Interview USCIS will determine, on a case-by-case basis, whether an interview by an immigration officer is necessary to determine the applicant's admissibility for permanent resident status under this part.

(f) Decision. USCIS will notify the applicant in writing of the decision on his or her application. There is no appeal of a denial, but USCIS will notify an applicant of the right to renew the request in removal proceedings under section part 240 of the Act. If the application is approved, USCIS will record the alien's admission for lawful permanent residence as of the date one year before the date of the approval of the application, but not earlier than the date of the approval for asylum in the case of an applicant approved under paragraph (a)(2) of this section.

8 CFR 103.2(b)

(9) Request for appearance. An applicant, a petitioner, a sponsor, a beneficiary, or other individual residing in the United States at the time of filing an application or petition may be required to appear for fingerprinting or for an interview. A petitioner shall also be notified when a

4

fingerprinting notice or an interview notice is mailed or issued to a beneficiary, sponsor, or other individual. The applicant, petitioner, sponsor, beneficiary, or other individual may appear as requested by USCIS, or prior to the dates and times for fingerprinting or of the date and time of interview:

(i) The individual to be fingerprinted or interviewed may, for good cause, request that the fingerprinting or interview be rescheduled; or

(ii) The applicant or petitioner may withdraw the benefit request.

(10) Effect of a request for initial or additional evidence for fingerprinting or interview rescheduling –

(i) Effect on processing. The priority date of a properly filed petition shall not be affected by a request for missing initial evidence or request for other evidence. If an benefit request is missing required initial evidence, or an applicant, petitioner, sponsor, beneficiary, or other individual who requires fingerprinting requests that the fingerprinting appointment or interview be rescheduled, any time period imposed on USCIS processing will start over from the date of receipt of the required initial evidence or request for fingerprint or interview rescheduling. If USCIS requests that the applicant or petitioner submit additional evidence or respond to other than a request for initial evidence, any time limitation imposed on USCIS for processing will be suspended as of the date of request. It will resume at the same point where it stopped when USCIS receives the requested evidence or response, or a request for a decision based on the evidence.

(ii) Effect on interim benefits. Interim benefits will not be granted based on an benefit request held in suspense for the submission of requested initial evidence, except that the applicant or beneficiary will normally be allowed to remain while an benefit request to extend or obtain status while in the United States is pending. USCIS may choose to pursue other actions to seek removal of a person notwithstanding the pending application. Employment authorization previously accorded based on the same status and employment as that requested in the current benefit request may continue uninterrupted as provided in 8 CFR 274a.12(b)(20) during the suspense period.

(11) Responding to a request for evidence or notice of intent to deny In response to a request for evidence or a notice of intent to deny, and within the period afforded for a response, the applicant or petitioner may: submit a complete response containing all requested information at any time within the period afforded; submit a partial response and ask for a decision based on the record; or withdraw the benefit request. All requested materials must be submitted together at one time, along with the original USCIS request for evidence or notice of intent to deny. Submission of only some of the requested evidence will be considered a request for a decision on the record.

(12) Effect where evidence submitted in response to a request does not establish eligibility at the time of filing. A benefit request shall be denied where evidence submitted in response to a request for evidence does not establish filing eligibility at the time the benefit request was filed. An benefit request shall be denied where any benefit request upon which it was based was filed subsequently.

(13) Effect of failure to respond to a request for evidence or a notice of intent to deny or to appear for interview or biometrics capture –

(i) Failure to submit evidence or respond to a notice of intent to deny . If the petitioner or applicant fails to respond to a request for evidence or to a notice of intent to deny by the required

date, the benefit request may be summarily denied as abandoned, denied based on the record, or denied for both reasons. If other requested material necessary to the processing and approval of a case, such as photographs, are not submitted by the required date, the application may be summarily denied as abandoned.

(ii) Failure to appear for biometrics capture, interview or other required in-person process . Except as provided in 8 CFR 335.6 , if USCIS requires an individual to appear for biometrics capture, an interview, or other required in-person process but the person does not appear, the benefit request shall be considered abandoned and denied unless by the appointment time USCIS has received a change of address or rescheduling request that the agency concludes warrants excusing the failure to appear.

(14) Effect of request for decision. Where an applicant or petitioner does not submit all requested additional evidence and requests a decision based on the evidence already submitted, a decision shall be issued based on the record. Failure to submit requested evidence which precludes a material line of inquiry shall be grounds for denying the benefit request. Failure to appear for required fingerprinting or for a required interview, or to give required testimony, shall result in the denial of the related benefit request.

(15) Effect of withdrawal or denial due to abandonment . USCIS' acknowledgement of a withdrawal may not be appealed. A denial due to abandonment may not be appealed, but an applicant or petitioner may file a motion to reopen under 103.5 . Withdrawal or denial due to abandonment does not preclude the filing of a new benefit request with a new fee. However, the priority or processing date of a withdrawn or abandoned benefit request may not be applied to a later benefit request. Withdrawal or denial due to abandonment shall not itself affect the new proceeding; but the facts and circumstances surrounding the prior benefit request shall otherwise be material to the new benefit request.

8 CFR 103.5

(a) Motions to reopen or reconsider in other than special agricultural worker and legalization cases—
(1) When filed by affected party—
(i) General. Except where the Board has jurisdiction and as otherwise provided in 8 CFR parts 3, 210, 242 and 245a, when the affected party files a motion, the official having jurisdiction may, for proper cause shown, reopen the proceeding or reconsider the prior decision. Motions to reopen or reconsider are not applicable to proceedings described in § 274a.9 of this chapter. Any motion to reconsider an action by the Service filed by an applicant or petitioner must be filed within 30 days of the decision that the motion seeks to reconsider. Any motion to reopen a proceeding before the Service filed by an applicant or petitioner, must be filed within 30 days of the decision that the motion seeks to reopen, except that failure to file before this period expires, may be excused in the discretion of the Service where it is demonstrated that the delay was reasonable and was beyond the control of the applicant or petitioner.
(ii) Jurisdiction. The official having jurisdiction is the official who made the latest decision in the proceeding unless the affected party moves to a new jurisdiction. In that instance, the new official having jurisdiction is the official over such a proceeding in the new geographical locations.
(iii) Filing Requirements—A motion shall be submitted on Form I-290B and may be accompanied by a brief. It must be:
(A) In writing and signed by the affected party or the attorney or representative of record, if any;
(B) Accompanied by a nonrefundable fee as set forth in § 103.7;

(C) Accompanied by a statement about whether or not the validity of the unfavorable decision has been or is the subject of any judicial proceeding and, if so, the court, nature, date, and status or result of the proceeding;
(D) Addressed to the official having jurisdiction; and
(E) Submitted to the office maintaining the record upon which the unfavorable decision was made for forwarding to the official having jurisdiction.
(iv) Effect of motion or subsequent application or petition. Unless the Service directs otherwise, the filing of a motion to reopen or reconsider or of a subsequent application or petition does not stay the execution of any decision in a case or extend a previously set departure date.
(2) Requirements for motion to reopen. A motion to reopen must state the new facts to be proved in the reopened proceeding and be supported by affidavits or other documentary evidence. A motion to reopen an application or petition denied due to abandonment must be filed with evidence that the decision was in error because:
(i) The requested evidence was not material to the issue of eligibility;
(ii) The required initial evidence was submitted with the application or petition, or the request for initial evidence or additional information or appearance was complied with during the allotted period; or
(iii) The request for additional information or appearance was sent to an address other than that on the application, petition, or notice of representation, or that the applicant or petitioner advised the Service, in writing, of a change of address or change of representation subsequent to filing and before the Service's request was sent, and the request did not go to the new address.
(3) Requirements for motion to reconsider. A motion to reconsider must state the reasons for reconsideration and be supported by any pertinent precedent decisions to establish that the decision was based on an incorrect application of law or Service policy. A motion to reconsider a decision on an application or petition must, when filed, also establish that the decision was incorrect based on the evidence of record at the time of the initial decision.
(4) Processing motions in proceedings before the Service. A motion that does not meet applicable requirements shall be dismissed. Where a motion to reopen is granted, the proceeding shall be reopened. The notice and any favorable decision may be combined.

8 CFR 103.8

(b) Effect of service by mail. Whenever a person has the right or is required to do some act within a prescribed period after the service of a notice upon him and the notice is served by mail, 3 days shall be added to the prescribed period. Service by mail is complete upon mailing.

8 CFR 274a.12

Classes of aliens authorized to accept employment.
(a) Aliens authorized employment incident to status. Pursuant to the statutory or regulatory reference cited, the following classes of aliens are authorized to be employed in the United States without restrictions as to location or type of employment as a condition of their admission or subsequent change to one of the indicated classes. Any alien who is within a class of aliens described in paragraphs (a)(3), (a)(4), (a)(6)-(a)(8), (a)(10)-(a)(15), or (a)(20) of this section, and who seeks to be employed in the United States, must apply to U.S. Citizenship and Immigration Services (USCIS) for a document evidencing such employment authorization. USCIS may, in its discretion, determine the validity period assigned to any document issued evidencing an alien's authorization to work in the United States.
(5) An alien granted asylum under section 208 of the Act for the period of time in that status, as evidenced by an employment authorization document, issued by BCIS to the alien. An expiration

date on the employment authorization document issued by BCIS reflects only that the document must be renewed, and not that the bearer's work authorization has expired. Evidence of employment authorization shall be granted in increments not exceeding 5 years for the period of time the alien remains in that status.