UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KIRKLEY HENNESSY, | |
| Plaintiff, | **Civil Action File No.** |
| v. | |
| COWABUNGA, INC., | **JURY TRIAL DEMANDED** |
| Defendant. | |

## COMPLAINT

Plaintiff Kirkley Hennessy ("Mr. Hennessy") states his Complaint against the above-named Defendant as follows.

## INTRODUCTION

1.     This is a complaint for disability discrimination in violation of Title I of the Americans with Disabilities Act, 42 U.S.C. § 12111, *et seq.*, as amended (the "ADA"). This complaint states three violations of the ADA – failure to accommodate, wrongful termination, and retaliation.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over Mr. Hennessy's claims pursuant to 28 U.S.C. § 1331.

3.     Venue is proper in this Court because the acts or omissions described herein

occurred within the Atlanta Division of the Northern District of Georgia.

## PARTIES

4.      Mr. Hennessy is a resident and citizen of the State of Georgia.  He submits to the jurisdiction of this Court.

5.      At all times relevant to this lawsuit, Mr. Hennessy was an individual with a disability as that term is defined under 42 U.S.C. § 12102(1), as he was able to perform the essential functions of his position with or without accommodation.

6.      Defendant Cowabunga, Inc. ("Cowabunga") is a Georgia corporation. Cowabunga is one of the largest Domino's franchises in the United States and owns and operates numerous Domino's restaurants in Georgia, South Carolina, and Alabama.

7.      At all times relevant to this lawsuit, Cowabunga was an employer engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C. § 12111, and Section 101(7) of the ADA, 42 U.S.C. § 12111 (7), which incorporate by reference Sections 701 (g) and (h) of Title VII, 42 U.S.C. § 2000e (g) and (h).

## ADMINISTRATIVE PROCEDURES

8.      Mr. Hennessy has exhausted his administrative remedies with respect to the

claims asserted herein.

9.    Mr. Hennessy filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") on November 4, 2021.

10.    The EEOC issued a "Notice of Right to Sue" on December 7, 2022 entitling an action to be commenced within 90 days of receipt of such notice.

## FACTUAL ALLEGATIONS

11.    Mr. Hennessy began employment with Cowabunga as a Regional Manager on November 2, 2020.  He worked in the metro Atlanta area.

12.    Mr. Hennessy injured his left foot in January 2021.

13.    Due to his foot injury and based on the advice of his doctor, on or about February 8, 2021, Mr. Hennessy requested a workplace accommodation of performing sedentary work only, i.e., to be allowed to stay off his feet while working.

14.    The following day, February 9, 2021, Mr. Hennessy informed his supervisor, Jason Rice ("Rice"), and Debra Sieghart ("Sieghart") in Cowabunga's human resources department, that he would need to undergo surgery in March 2021 to address and resolve his foot injury.

15.    Due to his foot injury and based on the advice of his doctor, on or about February 15, 2021, Mr. Hennessy requested a workplace accommodation of

being allowed to wear an orthopedic boot while working.

16.     On March 8, 2021, Mr. Hennessy began medical leave to undergo surgery.

17.     Following surgery, on or about May 17, 2021, Mr. Hennessy's physician cleared him to return to work with the restriction of not standing or walking more than thirty minutes every two hours.

18.     Cowabunga agreed to this accommodation and allowed Mr. Hennessy to return to work on or about May 18, 2021.

19.     When he returned to work in May 2021, Mr. Hennessy was able to perform all the essential functions of his position with the approved accommodation.

20.     In June 2021, Rice began requiring Mr. Hennessy to complete store evaluations known as "Zenputs."

21.     Performing Zenputs required Mr. Hennessy to exceed the agreed-upon restriction of no more than thirty minutes of standing or walking every two hours.

22.     Mr. Hennessy's foot became irritated due to the amount of standing and walking he was required to perform completing Zenputs, which prevented his foot from healing properly.

23.     On June 22, 2021, Mr. Hennessy informed Rice that he was visiting his physician the next day, June 23, 2021, to seek further treatment regarding his

foot injury.

24.    As a result of his examination on June 23, 2021, Mr. Hennessy's physician instructed Mr. Hennessy to stay off his feet completely for ten days to allow time for his foot to heal properly.

25.    Also on June 23, 2021, following the instruction of his physician, Mr. Hennessy asked Rice and Sieghart for a workplace accommodation of leave for ten days.

26.    Cowabunga terminated Mr. Hennessy's employment on June 25, 2021, two days after he began leave.

27.    Cowabunga alleged it terminated Mr. Hennessy due to poor performance, but this explanation is false.

## COUNT ONE

### Failure to Accommodate in Violation of Title I of the ADA

28.    Mr. Hennessy incorporates the above paragraphs as if fully set forth herein.

29.    Title I of the ADA requires employers to reasonably accommodate an employee's disability.

30.    Defendant violated the ADA by failing to reasonably accommodate Mr. Hennessy's disability.  More specifically, despite Mr. Hennessy's request for a workplace restriction of no more than thirty minutes of standing or walking

every two hours, Rice required Mr. Hennessy to perform work duties that exceeded this limitation.

31.   Mr. Hennessy is entitled to recover all damages caused by Defendant's above-described ADA violation, including lost wages, compensatory damages, attorneys' fees, and litigation costs.

## COUNT TWO

### Wrongful Termination in Violation of Title I of the ADA

32.   Mr. Hennessy incorporates the above paragraphs as if fully set forth herein.

33.   Title I of the ADA prohibits employers from terminating an employee due to the employee's disability or perceived disability.

34.   Defendant violated the ADA by terminating Mr. Hennessy's employment because of his disability.   More specifically, Defendant terminated Mr. Hennessy based on false allegations of poor performance, when the actual reason for Mr. Hennessy's termination was his disability.

35.   Mr. Hennessy is entitled to recover all damages caused by Defendant's above-described ADA violation, including lost wages, compensatory damages, attorneys' fees, and litigation costs.

## COUNT THREE

### Retaliation in Violation of Title I of the ADA

36.   Mr. Hennessy incorporates the above paragraphs as if fully set forth herein.

37.   Title I of the ADA prohibits employers from retaliating against an employee who exercises his or her rights under the ADA, including the right to request a workplace accommodation and/or receive such accommodation.  As such, an employee like Mr. Hennessy, who requested and received workplace accommodations for his disability, cannot be subjected to retaliatory discharge due to his need for, request for, or receipt of such accommodations.

38.   As shown above, Defendant terminated Mr. Hennessy based on false allegations of poor work performance.  Moreover, Defendant terminated Mr. Hennessy just two days following his final request for workplace accommodation.

39.   The actual reason for Mr. Hennessy's termination was his need for, request for, or receipt of workplace accommodations under the ADA.  As such, Defendant violated the ADA by terminating Mr. Hennessy's employment in retaliation for his need for, request for, or receipt of such workplace accommodations.

40.   Mr. Hennessy is entitled to recover all damages caused by Defendant's above-

- 8 -

described ADA violation, including lost wages, compensatory damages, attorneys' fees, and litigation costs.

Based on the above, Mr. Hennessy demands a jury trial on all triable issues and asks the Court for the following relief:

(1)     Issue a declaratory judgment that Defendant's acts, policies, practices, and procedures complained of herein violated Mr. Hennessy's rights under the ADA;

(2)     Grant Mr. Hennessy a permanent injunction enjoining Defendant and its officers, agents, successors, employees, attorneys, and those acting in concert with them, from engaging in any employment practice or policy that discriminates against Mr. Hennessy and others similarly-situated;

(3)     Grant to Mr. Hennessy judgment in his favor and against Defendant under all counts of this Complaint;

(4)     Order Defendant to make Mr. Hennessy whole by providing for his out-of-pocket losses as well as back pay in an amount equal to the sum of any wages, salary, employment benefits, or other compensation denied or lost because of Defendant's unlawful and discriminatory acts, together with interest thereon, all in an amount to be proven at trial;

(5)     Order Defendant to compensate Mr. Hennessy for mental and

emotional damages suffered because of Defendant's unlawful and

discriminatory acts;

(6)     Order that Mr. Hennessy be reinstated or, in the alternative, be awarded

front pay;

(7)     Grant to Mr. Hennessy his reasonable attorneys' fee and any and all

other costs associated with this action; and

(8)     Grant such additional monetary and equitable relief as the Court deems

appropriate.

Respectfully submitted on March 4, 2023.

**Regan Keebaugh**
Georgia Bar No. 535500
Radford & Keebaugh, LLC
315 W. Ponce de Leon Ave., Suite 1080
Decatur, Georgia 30030
T: (678) 271-0300
F: (678) 271-0311
regan@decaturlegal.com