## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| PERDIEMCO LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. _____ |
| | ) | |
| CALAMP CORP., | ) | (Underlying Action: |
| | ) | D. Delaware, No. 1:20-cv-01397- |
| Defendant. | ) | GBW-SRF) |
| | ) | |

## PLAINTIFF PERDIEMCO LLC'S COMBINED MOTION
## AND SUPPORTING MEMORANDUM TO COMPEL DISCOVERY
## FROM UNITED PARCEL SERVICE, INC.

Pursuant to Federal Rules 37 and 45, Plaintiff PerDiemCo LLC ("PerDiem") moves this Court for an Order compelling non-party United Parcel Service, Inc. ("UPS") to produce the documents and witness requested by PerDiem in connection with the underlying patent infringement suit now pending in the U.S. District Court for the District of Delaware (Civil Action No. 1:20-cv-01397-GBW-SRF) ("the Delaware Action").

In the Delaware Action, PerDiem sued CalAmp Corp. ("CalAmp") alleging infringement of eight PerDiem patents.  The technology at issue relates to the methods used to track mobile objects such as trucks, valuable equipment and cargo,

and the computer systems to perform those methods.  CalAmp is a provider of certain tracking services to UPS.  Given the non-infringement arguments CalAmp has presented to the Delaware court, the roles played by CalAmp versus those played by UPS in the tracking of UPS mobile devices has become an issue, with CalAmp asserting that it merely supports the tracking done by UPS.

It is PerDiem's understanding that UPS developed its own interface application through which it can communicate with CalAmp's back-end servers. PerDiem served a subpoena to obtain limited discovery from UPS to confirm which of the operations recited by PerDiem's claims are in fact performed by UPS versus CalAmp, and to more specifically understand how the UPS application interfaces with the CalAmp system.

PerDiem's Rule 45 subpoena to UPS included a document request and a notice of deposition of UPS under Rule 30(6)(6).  That subpoena was served on UPS on February 7, 2023.  A copy of that subpoena is attached as Exhibit 1 and a copy of the Affidavit of Service for the subpoena is attached as Exhibit 2.  The document requests and the subject matter categories specified were narrowly tailored to elicit documents and information available only from UPS or to confirm or disprove representations being made by CalAmp in the underlying patent infringement

action.[1]  Because fact discovery is set to close in the Delaware action on March 17, 2023, PerDiem set February 24, 2023 as the return date for both the document production and the deposition.  Both events were set to occur in Atlanta, Georgia, the location of the UPS headquarters.

UPS served no objections to either the document requests or the deposition, either as to the content, the location or the date.  In fact, counsel for PerDiem received no communication from UPS at all.  Accordingly, having not heard from UPS, PerDiem's counsel was obligated to travel from the Washington D.C. area to Atlanta in the evening of February 23, 2023, in order to appear at the deposition of UPS scheduled for the next day.  On February 24, 2023, PerDiem's counsel and the court reporter PerDiem engaged to cover this deposition sat in the conference room in Atlanta waiting for UPS.  UPS failed to show.  UPS produced no documents and no witness was presented.  PerDiem's counsel went on the record approximately twenty minutes after the scheduled start time to document UPS's failure to appear. Deposition transcript attached as Exhibit 3.

PerDiem moves for an Order compelling UPS to produce the documents and witness demanded by its Rule 45 Subpoena to UPS and to hold UPS in contempt.

---

[1]  The document requests and testimonial subject matter topics are hereby incorporated by reference from Exhibit 1.

This Court has the authority under Rule 45(g) and Rule 37(a) to compel this discovery and issue a contempt order. *P.H. Glatfelter Co. v. Windward Prospects Ltd.,* 301 F.R.D. 593, 645 (D. N.M. 2014); *Hill v. Todd A. Ruck, Inc*., 2021 WL 9032375, *2 (N.D. Ga. Oct. 13, 2021).

A proposed Order is attached in Exhibit 4.

Dated:  March 6, 2023                     Respectfully submitted,

                                          /s/ Meredith Martin Addy
                                          Meredith M. Addy (GA Bar. No. 473555)
                                          (312) 320-4200
                                          meredith@addyhart.com

                                          AddyHart P.C.
                                          10 Glenlake Parkway, Suite 130
                                          Atlanta, GA 30328

                                          *Of counsel:*

                                          James D. Berquist (VA Bar 42150)
                                          Donald L. Jackson (VA Bar 42882)
                                          DAVIDSON BERQUIST JACKSON &
                                          GOWDEY, LLP
                                          8300 Greensboro Dr., Suite 500
                                          McLean, Virginia 22102
                                          (p) 571-765-7700
                                          (f) 571-765-7200
                                          jay.berquist@davidsonberquist.com
                                          djackson@davidsonberquist.com

                                          *Attorneys for PerDiemCo, LLC*

## DECLARATION / CERTIFICATION

I, James D. Berquist, am counsel for Plaintiff PerDiemCo LLC in the underlying Delaware action.  I make the following statements based on my personal knowledge.  I had no contact information for United Parcel Service or its counsel for purposes of discussing compliance with PerDiem's Rule 45 subpoena to UPS at any time prior to the filing of the present motion.  No one representing UPS contacted me regarding the subpoena either before the date for compliance with the subpoena or since then.  I declare under penalty of perjury that the foregoing is true and correct.

/s/ James D. Berquist
James D. Berquist

## CERTIFICATE OF SERVICE

I hereby certify that on March 6, 2023, I filed this Combined Motion and Supporting Memorandum to Compel ("Motion") using the CM-ECF System and served this Motion by service on the registered agent for United Parcel Service, Inc., namely, Corporation Services Company, 251 Little Falls Dr., Wilmington, Delaware 19808.  I also certify that a copy of this Motion has been served on counsel of record in the underlying Delaware action.

*/s/* Sue Tucker
Sue Tucker

# EXHIBIT 1

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
District of Delaware

| | |
|---|---|
| PerDiemCo LLC | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.    1:20-cv-01397-GBW-SRF |
| | ) |
| CalAmp Corp. | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                  UNITED PARCEL SERVICE, INC.
       c/o CORPORATION SERVICE COMPANY, 251 LITTLE FALLS DRIVE, Wilmington, DE 19808
*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

         See attached Rule 30(b)(6) Notice of Deposition and attached Schedule A.

| Place:   1st Floor<br>        3200 Windy Hill Road, Atlanta Georgia 30339<br>        (or any mutually agreeable time and place) | Date and Time:<br>       02/24/2023 10:00 am |
|---|---|

      The deposition will be recorded by this method:    Stenographer and/or videotape

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

         See attached Schedule B

      The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     02/06/2023

| CLERK OF COURT | |
|---|---|
| | OR |
| _____ | /s/ James D. Berquist |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
       PerDiemCo LLC                      , who issues or requests this subpoena, are:

James D. Berquist, DBJG LLP, 8300 Greensboro Drive, #500, McLean, VA 22102; jberquist@dbjg.com; 571-765-7700

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   1:20-cv-01397-GBW-SRF

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| PerDiemCo LLC, | |
| Plaintiff, | C.A. No.: 1:20-cv-01397-GBW-SRF |
| v. | **JURY TRIAL DEMANDED** |
| CalAmp Corp., | |
| Defendant. | |

Pursuant to Rules 30(b)(6) and 45 of the Federal Rules of Civil Procedure, PerDiemCo, LLC ("PerDiem") hereby requests that United Parcel Service, Inc., as defined below ("UPS"), designate and produce a witness to testify as to the subject matter topics listed in Schedule A and produce the following documents and things listed in Schedule B, in accordance with the following definitions and instructions.

## DEFINITIONS

The following terms shall have the meanings set forth below unless otherwise indicated:

A.       "UPS," "you," and "your" means United Parcel Service, Inc., and its predecessors, successors, assigns, parents, subsidiaries and divisions, affiliates, partners, and all past and present directors, officers, employees, agents, and representatives (including consultants and attorneys) of any of the foregoing, and all persons acting or purporting to act on their behalf.

B.       "UPS Application" refers to the application operated by UPS to interface with the CalAmp Telematics Cloud.

C.       "All Documents" or "all documents" means any and all documents that might reasonably be located through a search of all locations reasonably likely to contain documents called for by these discovery requests.

1

D.      "Any" means "any and all."

E.      The term "communication" means any transmission of information, ideas, facts, data, proposals, or any other matter by one or more persons and/or between two or more persons by any means, including telephone conversations, letters, telegrams, teletypes, telexes, telecopies, electronic mail, other computer linkups, written memoranda, and face-to-face conversations.

F.      The term "date" requires you to state the exact day, month, and year, if ascertainable, or, if not, the best approximation thereof.

G.      The term "document" or "documents" is to be given meaning in the broadest sense, as contemplated by Fed. R. Civ. P. 34(a)(1)(A), and shall include any kind of written, recorded, printed, or graphic matter, whether produced, reproduced or stored on paper, cards, film, audio or video tapes, electronic facsimile, computer storage device, or any other media, or any kind or description, whether sent or received or neither, including without limitation: originals, copies (with or without notes or changes therein) and drafts including without limitation: papers, books, letters, electronic mail messages, electronic files or data, photographs, objects, tangible things, correspondence, telegrams, cables, telex messages, memoranda, notes, notations, work papers, transcripts, minutes, reports and recordings of telephone or other conversations, or of interviews, conferences, or other meetings, affidavits, statements, summaries, opinions, reports, studies, analyses, evaluations, contracts, agreements, journals, newspaper accounts, statistical records, desk calendars, appointment books, diaries, lists, tabulations, summaries, sound recordings, computer printouts, data processing input and output, microfilms, all other records kept by electronic, photographic or mechanical means, and things similar to the foregoing however denominated by you, in the possession, custody or control of

you, of any officer, agent, employee, representative, counsel, or other person acting or purporting to act for or on behalf of you or in concert with you.  For purposes of the foregoing, "drafts" means any earlier, preliminary, preparatory, or tentative version of all or part of a document, whether or not such draft was superseded by a later draft and whether or not the terms of the draft are the same as or different from the terms of the final document; and the term "copies" means all copies of any documents that are not identical in every respect to the documents being produced.

H.      The words "identify," "identification" and "identity" when used in reference to:

(1)      a natural person means to provide his or her full name, last known address, and last known position or business affiliation and its address;

(2)      a document means to provide the following information with respect to each such document (or to attach copies of each document to the response to these discovery requests):

(a)      the date appearing on such document; and if no date appears thereon, give the date or approximate date such document was prepared;

(b)      the general nature, a description, or type of document (i.e., whether it is a letter, memorandum, sound recording, drawing, etc., noting the number of pages of which it consists);

(c)      the author(s) or the name(s) of the person(s) who signed such document and, if it was not signed, give the name(s) of the person(s) who prepared it;

(d)      the name(s) of the person(s) to whom such document was addressed and the name of each person other than such addressee(s) to whom such document or copies thereof was given or sent;

(e)      the general subject matter of such document;

3

       (f)     the name of the person having custody, possession or control of such document and its present location;

       (g)     if any such document is claimed to be privileged, state the basis on which the claim of privilege is asserted and describe the subject matter covered in the document; With respect to legal opinion or legal advice, "identify" also means to specify:

       (h)     the date on which the opinion or legal advice was sought; and

       (i)     the identity of each person who requested the opinion or legal advice;

    (3)     an oral communication means to provide the following information with respect to each such oral communication:

       (a)     the date and place where it occurred;

       (b)     the identity of each person to whom such communication was made, each person by whom such communication was made, and each person who was present when such communication was made; and

       (c)     the subject matter of such communication.

I.     The term "including" means "including but not limited to."

J.     The terms "person" means the plural as well as the singular and shall include any natural person (alive or deceased), any firm, corporation, proprietorship, joint venture, trust or estate, business, association, partnership, or other form of legal entity, unless the context indicates otherwise.

K.     The term "possession" means all information or documents actually within your knowledge, possession, custody or control, including any employee, consultant, aide or other representative (including without limitation attorneys and accountants) and any other person

acting or purporting to act on your behalf or in concert with you, and includes any temporary

placing of possession, custody or control in any third party by any of the foregoing persons.

L.      The terms "related to" and "relating to" means constitute, contain, embody,

comprise, concerning, reflect, identify, state, refer to, deal with, comment on, respond to,

describe, analyze, or in any way pertain to.

M.      The terms "and" and "or" are to be construed either disjunctively or

conjunctively, whichever is appropriate in each instance so as to bring within the scope of each

of these discovery requests any information that might otherwise be considered beyond that

scope.

N.      The singular form of a word is to be interpreted as plural and the plural form of a

word shall be interpreted as singular, whichever is appropriate, so as to bring within the scope of

these discovery requests any information or documents that might otherwise be considered

beyond their scope.

O.      Wherever possible or necessary to render a given discovery request more

inclusive than it otherwise might be, any verb tense should be construed to include other tenses;

and any reference to one gender should be construed to include the other.

P.      Any pronoun shall be construed to refer to the masculine, feminine, or neuter

gender as in each case is most appropriate and inclusive.

## **INSTRUCTIONS**

1.      Each discovery request is to be read, construed and responded to separately and

independently without reference to or being limited by any other discovery request.

2.      In responding to these discovery requests, furnish all documents available to you,

including documents in the possession of your attorneys, agents, accountants, bankers, advisors,

and all persons acting on your behalf, and not merely such documents known to you of your direct or personal knowledge.  If you cannot respond to any of these discovery requests in full after exercising due diligence to secure the information, you are required to so state and answer to the extent possible, specifying your inability to respond to the remainder, stating what documents you have concerning the portions to which no response is given, why you are unable to respond thereto.

3.      In the event that any document called for by these discovery requests has been destroyed or discarded, that document is to be identified as follows:

(a)     Each addressor and addressee;

(b)     Each indicated or blind copy;

(c)     The document's date, subject matter, number of pages and attachments or appendices;

(d)     All persons to whom the document was distributed, shown or explained;

(e)     Its date of destruction or discard, manner of destruction or discard, and reason for discard or destruction; and

(f)     The person who authorized such destruction or discard.

4.      If any documents responsive to these discovery requests are withheld from production, furnish a list of all such documents withheld, which list should contain a complete identification of each such document (as defined above) and a statement of the ground(s) upon which it is being withheld, stated in sufficient detail to permit a ruling on the validity of the withholding.

5.      For any documents withheld from production in-whole or in-part on a claim of attorney-client privilege, attorney work product, common interest doctrine, or any other claim of

privilege, provide a written privilege log setting forth sufficient information to permit a full

determination of whether the claim of privilege is valid, including at a minimum:

> (a)     An identification of each communication or document embodying the
> allegedly protected information by author, date, and title;

> (b)     The identity of all person(s) from and to whom the information has been
> communicated;

> (c)     A brief description of the subject matter of the information; and

> (d)     The legal and factual ground(s) upon which you rely in withholding the
> information in sufficient detail so that the Court may make a determination on your claim of
> privilege.

6.     If no documents are responsive to a particular request, state that no responsive

documents exist.

7.     All documents requested shall be produced in the same file or other organizational

environment in which they are maintained.  For example, a document that is part of a file,

docket, or other grouping, should be physically produced together with all other documents from

said file, document or grouping, in the same order or manner of arrangement as the original.  For

example, documents stored in electronic format shall be produced in a medium that preserves the

original file structure where the document resided and shall be produced with sufficient metadata

to indicate the original file structure.  Documents stored in electronic format shall be produced in

their native format unless otherwise agreed by the parties.

8.     In accordance with Fed. R. Civ. P. 26(e), these discovery requests shall be

deemed continuing.  Accordingly, promptly produce any additional documents that become

available to any of your employees, officers, principals, attorneys, agents, or other representatives after the date of your initial production.

## SCHEDULE A - SUBJECT MATTER CATEGORIES

1.      Identify any UPS system, including any server, database and/or software application or solution used by UPS ("the UPS Application")  that interfaces with or otherwise exchanges data with a system of Defendant CalAmp including any server, database and/or software application or solution ("the CalAmp Application") for tracking locations of UPS assets, such as UPS vehicles, using GPS enabled mobile devices (the mobile devices) including the description of the functions performed by the UPS Application, the information stored within the UPS Application, and the data exchanged between the UPS Application and CalAmp Application.

2.      The tracking of mobile devices by UPS utilizing the CalAmp Telematics Cloud ("CTC") of Defendant CalAmp Corp. ("CalAmp"), specifically:

(a) Confirm that UPS utilizes a tracking service supplied by CalAmp to track assets or mobile devices;

(b) Confirm that UPS Application receives location of the tracked UPS assets/mobile devices from the CTC and does not receive such location information directly from the mobile devices;

(c) Confirm that UPS can receive histories of locations of the assets or mobile devices from the CalAmp CTC;

(d) Confirm UPS uses geofences, zones, landmarks ("geo-fences") in the UPS Application;

(e)  Confirm that UPS or one of its employees or agents uses the UPS Application to create (otherwise specify or define) geo-fences;

(f)  Confirm that the geo-fences created by UPS or one of its agents are sent to the CTC;

(g)  Confirm that alerts and/or notifications (the alerts) are generated based on the location of tracked assets and a geo-fence ("geo-fence events");

(h)  Confirm that the CTC determines whether a geo-fence event has occurred;

(i)  Confirm that the UPS Application relies on the CTC to generate alerts when geo-fence events occur;

(j)  Confirm that each alert is sent to at least one identified recipient after a geo-fence event occurs;

(k)  Confirm that UPS or one of its employees or agents creates, specifies, or otherwise defines the alerts;

(l)  Confirm that each alert identifies at least one recipient;

(m) Confirm that each alerts is sent by the CTC after it is determined that each geo-fence event has occurred; and

(n) Confirm that UPS can receive histories of geo-fence events or alerts from the CTC; and

(o) Confirm that unless disabled or not operating, alerts are generated every time each geo-fence event occurs.

3.   The contract(s) and/or terms under which UPS subscribes to the use of the CalAmp CTC.

4.   The daily usage reports UPS provides to CalAmp relating to UPS's usage of the CalAmp CTC.

5. CalAmp's monthly invoices to UPS in connection with the support of UPS's tracking of mobile devices.

6. UPS's purchase of CalAmp hardware devices in connection with UPS's tracking of mobile devices per year for the years 2017 – 2022.

7. Communications between UPS and CalAmp regarding the present lawsuit, this Notice of Deposition, the PerDiem patents, and/or any indemnification for patent infringement between CalAmp and UPS.

## <u>SCHUDULE B – DOCUMENT REQUESTS</u>

1.      Daily usage reports provided by UPS to CalAmp regarding the tracking of mobile devices.

2.      The monthly invoices tendered by CalAmp to UPS regarding the use of the CalAmp CTC to support the tracking of mobile devices by UPS for the period of January 1, 2017 through the present.

3.      The contract and/or documentation of the terms of service under which UPS is granted access and use of CalAmp's CTC.

4.      Communications between UPS and CalAmp regarding the present lawsuit, this Notice of Deposition, the PerDiem patents, and/or any indemnification for patent infringement between CalAmp and UPS.

5.      User guides/manuals relating to the UPS Application, including those describing the interface between the UPS Application and the CalAmp CTC and those describing how a geo-fence or geo-location is created or defined.

**EXHIBIT 2**

PerDiemCo, LLC, et. al., Plaintiff(s)
vs.
CalAmp Corp., et. al., Defendant(s)

Service of Process by
**APS International, Ltd.**
**1-800-328-7171**



APS International Plaza
7800 Glenroy Road
Minneapolis, MN 55439-3122

APS File #: 164012-0001

## AFFIDAVIT OF SERVICE -- Corporate

Service of Process on:
—United Parcel Service, Inc., c/o Corporation Service
Company

Court Case No. 1:20-cv-01397-GBW-SRF

**DAVIDSON, BERQUIST, ET AL**
**Ethan Song**
**8300 Greenboro Dr., Ste. 500**
**McLean, VA 22102**

State of: DELAWARE ) ss.
County of: NEW CASTLE )

Name of Server: ADAM GOLDEN , undersigned, being duly sworn, deposes and says
that at the time of service, s/he was of legal age and was not a party to this action;

Date/Time of Service: that on the 7 day of FEB , 20 23 , at 12:36 o'clock P M

Place of Service: at 251 Little Falls Drive , in Wilmington, DE 19808

Documents Served: the undersigned served the documents described as:
**Subpoena to Testify at a Deposition in a Civil Action w/ Rule 30(b)(6) Notice of**
**Deposition and Attached Schedule A and B**

Service of Process on: A true and correct copy of the aforesaid document(s) was served on:
**United Parcel Service, Inc., c/o Corporation Service Company**

Person Served, and
Method of Service: By delivering them into the hands of an officer or managing agent whose name and
title is: LEGAL REP.

Description of
Person Receiving
Documents: The person receiving documents is described as follows:
Sex F ; Skin Color W ; Hair Color BRN ; Facial Hair
Approx. Age 25 ; Approx. Height 5'4" ; Approx. Weight 115

☐ To the best of my knowledge and belief, said person was not engaged in the US
Military at the time of service.

Signature of Server: Undersigned declares under penalty of
perjury that the foregoing is true and correct.

Subscribed and sworn to before me this
8 day of February , 2023

Signature of Server

Notary Public

(Commission Expires)

**APS International, Ltd.**

THOMAS M. MARSHALL
MY COMMISSION
EXPIRES
SEPT. 28, 2024
NOTARY PUBLIC
STATE OF DELAWARE

# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

PerDiemCo LLC,                    )
                                 )
          Plaintiff,             )
                                 )
vs.                              )
                                 )  Civil Action File No.
CalAmp Corp.,                    )  1:20-cv-01397-GBW-SRF
                                 )
          Defendant.             )
                                 )
                                 )
                                 )
                                 )
                                 )
                                 )

- - -

Scheduled Deposition of 30(b)(6)
CORPORATE REPRESENTATIVE FOR UNITED
PARCEL SERVICE

(Taken by Plaintiff)

Atlanta, Georgia

February 24, 2023

Certified Court Reporter

Reported by:

Lynne C. Fulwood

Job No: 6687

Page 2

```
1          STATE OF GEORGIA

2          COUNTY OF COBB

3          SCHEDULED DEPOSITION OF 30(b)(6) CORPORATE

4          REPRESENTATIVE OF UNITED PARCEL SERVICE

5

6                    Pursuant to Article 8.B of the RULES AND

7          REGULATIONS OF THE BOARD OF COURT REPORTING OF THE

8          JUDICIAL COUNCIL OF GEORGIA, I make the following

9          disclosure:

10                   I am a Georgia Certified Court Reporter.

11         I am here as a representative of Huseby Global

12         Litigation.

13                   Huseby Global Litigation was contacted by

14         the offices of DAVIDSON BERQUIST JACKSON & GOWDEY,

15         LLP, to provide court reporting services for this

16         deposition.  Huseby Global Litigation will not be

17         taking this deposition by O.C.G.A. 15-14-37 (a) and

18         (b).

19

20

21

22

23

24

25
```

Page 3

```
 1          ON BEHALF OF THE PLAINTIFF:

 2                      DON JACKSON
                        Attorney at Law
 3                      Davidson Berquist Jackson &
                         Gowdey, LLP
 4                      8300 Greensboro Drive
                        Suite 500
 5                      McLean, Virginia 22012
                        571-765-7703
 6                      Djackson@dbjg.com

 7          ON BEHALF OF THE DEFENDANT:

 8                      (No Appearance)
                        Attorney at Law
 9

10

11

12

13                          -  -  -

14                      Deposition of 30(b)(6) CORPORATE

15              REPRESENTATIVE OF UNITED PARCEL SERVICE,

16              taken by the Plaintiff, at 3200 Windy Hill

17              Road, Suite 100, Atlanta, Georgia 30339, on

18              the 24th day of February 2023, at 10:00

19              a.m., before Lynne C. Fulwood, Certified

20              Court Reporter.

21

22

23

24

25
```

```
1                        INDEX TO EXHIBITS

2            Exhibit 1        Subpoena to UPS

3            Exhibit 2        Affidavit of Service of
                              Subpoena to UPS Registered
4                             Agent for Service

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

Page 5

1                P R O C E E D I N G S,

2                        - - -

3                MR. JACKSON:  This is Don Jackson,

4        counsel, for PerDiemCo between PerDiemCo

5        and CalAmp Corporation pending in the U.S.

6        District Court for the District of

7        Delaware.  Just for the record, I'll go

8        ahead and state the case number:

9        1:20-CV-01397-GBW-SRF.

10                This is supposed to be the 30(b)(6)

11       deposition of United Parcel Service here in

12       Atlanta, Georgia.  It's now 10:20 a.m.  The

13       deposition was scheduled to start at 10:00

14       a.m.  No one for UPS has shown up at the

15       deposition location and there's no

16       indication that they will be showing up at

17       this point.

18                We've received no communications from

19       UPS leading up to this deposition and we

20       expected that they would show up here at

21       the deposition with the requested documents

22       and a witness pursuant to the subpoena but

23       that has not occurred.

24                For the record, I'm going to mark as

25       UPS Exhibit 1 the subpoena for today's

Page 6

 1              deposition and I'm going to mark as UPS

 2              Exhibit 2 the affidavit of service showing

 3              that UPS was served through their

 4              registered agent, which was Corporation

 5              Service Company located in Delaware and

 6              they were served according to this

 7              affidavit of service on February 7, 2023.

 8                   Because UPS has not appeared, we're

 9              going to end today's record and follow up

10              if necessary with UPS to reschedule the

11              deposition or to take other action as may

12              be necessary to secure the information that

13              we are seeking from UPS.  Thank you.

14                             - - -

15              (Deposition adjourned at 10:22 a.m.)

16

17

18

19

20

21

22

23

24

25

Page 7

1                    C E R T I F I C A T E

2         STATE OF GEORGIA:

3         COUNTY OF COBB:

4

5              I hereby certify that the foregoing

6         transcript was taken down as stated in the

7         caption and the questions and answers thereto

8         were reduced to typewriting under my direction,

9         that the foregoing pages 1 through 6 represent a

10        true, complete and correct transcript of the

11        evidence given upon said hearing, and I further

12        certify that I'm not of kin or counsel to the

13        parties in the case; am not in the regular employ

14        of counsel of any of said parties; nor am I in

15        anywise interested in the result of said case.

16              This          day of          2023.

17

18

19

20                            LYNNE C. FULWOOD,
                              Certified Court Reporter
21                            State of Georgia
                              License No. B-1075
22

23

24

25

## A

**a.m** 3:19 5:12,14 6:15
**action** 1:5 6:11
**adjourned** 6:15
**affidavit** 4:3 6:2 6:7
**agent** 4:4 6:4
**ahead** 5:8
**answers** 7:7
**anywise** 7:15
**Appearance** 3:8
**appeared** 6:8
**Article** 2:6
**Atlanta** 1:15 3:17 5:12
**Attorney** 3:2,8

## B

**b** 2:18
**B-1075** 7:21
**BEHALF** 3:1,7
**Berquist** 2:14 3:3
**BOARD** 2:7

## C

**C** 1:23 3:19 5:1 7:1,1,20
**CalAmp** 1:5 5:5
**caption** 7:7
**case** 5:8 7:13,15
**Certified** 1:19 2:10 3:19 7:20
**certify** 7:5,12
**Civil** 1:5
**COBB** 2:2 7:3
**communicatio...** 5:18
**Company** 6:5
**complete** 7:10
**contacted** 2:13
**Corp** 1:5
**CORPORATE** 1:13 2:3 3:14
**Corporation** 5:5 6:4

**correct** 7:10
**COUNCIL** 2:8
**counsel** 5:4 7:12 7:14
**COUNTY** 2:2 7:3
**court** 1:1,19 2:7 2:10,15 3:20 5:6 7:20

## D

**D** 5:1
**Davidson** 2:14 3:3
**day** 3:18 7:16
**Defendant** 1:6 3:7
**Delaware** 1:1 5:7 6:5
**deposition** 1:12 2:3,16,17 3:14 5:11,13,15,19 5:21 6:1,11,15
**direction** 7:8
**disclosure** 2:9
**District** 1:1,1 5:6,6
**Djackson@db...** 3:6
**documents** 5:21
**Don** 3:2 5:3
**Drive** 3:4

## E

**E** 5:1,1 7:1,1
**employ** 7:13
**evidence** 7:11
**Exhibit** 4:2,3 5:25 6:2
**EXHIBITS** 4:1
**expected** 5:20

## F

**F** 7:1
**February** 1:16 3:18 6:7
**File** 1:5

**follow** 6:9
**following** 2:8
**foregoing** 7:5,9
**Fulwood** 1:23 3:19 7:20
**further** 7:11

## G

**G** 5:1
**Georgia** 1:15 2:1,8,10 3:17 5:12 7:2,21
**given** 7:11
**Global** 2:11,13 2:16
**go** 5:7
**going** 5:24 6:1,9
**Gowdey** 2:14 3:3
**Greensboro** 3:4

## H

**hearing** 7:11
**Hill** 3:16
**Huseby** 2:11,13 2:16

## I

**INDEX** 4:1
**indication** 5:16
**information** 6:12
**interested** 7:15

## J

**Jackson** 2:14 3:2,3 5:3,3
**Job** 1:24
**JUDICIAL** 2:8

## K

**kin** 7:12

## L

**Law** 3:2,8
**leading** 5:19
**License** 7:21
**Litigation** 2:12

2:13,16
**LLC** 1:2
**LLP** 2:15 3:3
**located** 6:5
**location** 5:15
**Lynne** 1:23 3:19 7:20

## M

**mark** 5:24 6:1
**McLean** 3:5

## N

**N** 5:1
**necessary** 6:10 6:12
**number** 5:8

## O

**O** 5:1
**O.C.G.A** 2:17
**occurred** 5:23
**offices** 2:14

## P

**P** 5:1
**pages** 7:9
**Parcel** 1:13 2:4 3:15 5:11
**parties** 7:13,14
**pending** 5:5
**PerDiemCo** 1:2 5:4,4
**Plaintiff** 1:3,14 3:1,16
**point** 5:17
**provide** 2:15
**pursuant** 2:6 5:22

## Q

**questions** 7:7

## R

**R** 5:1 7:1
**received** 5:18
**record** 5:7,24 6:9

**reduced** 7:8
**registered** 4:3 6:4
**regular** 7:13
**REGULATIO...** 2:7
**Reported** 1:22
**Reporter** 1:19 2:10 3:20 7:20
**reporting** 2:7,15
**represent** 7:9
**representative** 1:13 2:4,11 3:15
**requested** 5:21
**reschedule** 6:10
**result** 7:15
**Road** 3:17
**RULES** 2:6

## S

**S** 5:1
**scheduled** 1:12 2:3 5:13
**secure** 6:12
**seeking** 6:13
**served** 6:3,6
**service** 1:13 2:4 3:15 4:3,4 5:11 6:2,5,7
**services** 2:15
**show** 5:20
**showing** 5:16 6:2
**shown** 5:14
**start** 5:13
**state** 2:1 5:8 7:2 7:21
**stated** 7:6
**STATES** 1:1
**subpoena** 4:2,3 5:22,25
**Suite** 3:4,17
**supposed** 5:10

## T

**T** 7:1,1

take 6:11
taken 1:14 3:16
  7:6
Thank 6:13
thereto 7:7
today's 5:25 6:9
transcript 7:6
  7:10
true 7:10
typewriting 7:8

_____
**U**
U.S 5:5
United 1:1,13
  2:4 3:15 5:11
UPS 4:2,3 5:14
  5:19,25 6:1,3,8
  6:10,13

_____
**V**
Virginia 3:5
vs 1:4

_____
**W**
we're 6:8
We've 5:18
Windy 3:16
witness 5:22

_____
**X**

_____
**Y**

_____
**Z**

_____
**0**

_____
**1**
1 4:2 5:25 7:9
1:20-cv-01397...
  1:5 5:9
10:00 3:18 5:13
10:20 5:12
10:22 6:15
100 3:17
15-14-37 2:17

_____
**2**

2 4:3 6:2
2023 1:16 3:18
  6:7 7:16
22012 3:5
24 1:16
24th 3:18

_____
**3**
30(b)(6) 1:12 2:3
  3:14 5:10
30339 3:17
3200 3:16

_____
**4**

_____
**5**
500 3:4
571-765-7703
  3:5

_____
**6**
6 7:9
6687 1:24

_____
**7**
7 6:7

_____
**8**
8.B 2:6
8300 3:4

# EXHIBIT 4

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA

PERDIEMCO LLC,            )
                          )
        Plaintiff,        )
                          )
    v.                    )   No. _____
                          )
CALAMP CORP.,             )   (Underlying Action:
                          )   D. Delaware, No. 1:20-cv-01397-
        Defendant.        )   GBW-SRF)
                          )

**[PROPOSED] ORDER GRANTING PERDIEMCO MOTION TO COMPEL**

Before this Court is PerDiemCo, LLC's ("PerDiemCo") Motion to Compel

[Dkt. _____] the Rule 30(b)(6) deposition of United Parcel Service, Inc.

It hereby is ADJUDGED, DECREED and ORDERD that third-party United

Parcel Service, Inc. be compelled for a Rule 30(b)(6) deposition on

_____, 2023 at: 1st Floor, 3200 Windy Hill Road, Atlanta, GA 30339,

or any mutually agreeable time and place on or before March 17, 2023.

This ____ day of March, 2023

                            _____
                            United States District Judge