UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| AARON CORLEY,<br><br>   Plaintiff,<br><br>v.<br><br>OLD DOMINION FREIGHT LINE, INC.,<br><br>   Defendant. | CIVIL ACTION FILE NO.<br><br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

COMES NOW Plaintiff, Aaron Corley ("Plaintiff"), by and through his undersigned counsel, The Kirby G. Smith Law Firm, LLC, and hereby files this Complaint against Old Dominion Freight Line, Inc. (hereinafter "Defendant" or "ODFL"), showing the following:

### I. NATURE OF COMPLAINT

1. Plaintiff brings this action for damages, reasonable attorney's fees, court costs, and expenses based on Defendant's violation of his rights pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA") and the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, et seq. ("FMLA").

## II. PARTIES

2.  Plaintiff is a resident of the State of Georgia, a citizen of the United States of America, and is subject to the jurisdiction of this Court.

3.  Defendant is an Foreign Profit Corporation with a principal office located at 500 Old Dominion Way, Thomasville, North Carolina 27360.

4.  Defendant may be served by delivering a copy of the Complaint and Summons to its Registered Agent, CT Corporation System, 289 S. Culver Street, Lawrenceville, Georgia 30046-4805.

5.  Defendant is subject to the requirements of the laws enumerated in the Jurisdiction and Venue section of this Complaint.

## III. JURISDICTION AND VENUE

6.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 over Counts I and II of this Complaint, which arise out of the ADA.

7.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 over Count II of this Complaint, which arises out of the FMLA.

8.  The majority of the events plead herein occurred at the work site of 4271 Bowman Industrial Court, Conley, Georgia 30288.

9.  This Court has jurisdiction over the parties of this action because a substantial portion of the employment practices described herein took place within

the Atlanta Division of the Northern District of Georgia.

10. Plaintiff exhausted all administrative remedies in this matter. *Dismissal and Notice of Rights*, Ex. 1.

11. This action has been timely commenced.

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## IV. FACTUAL ALLEGATIONS

13. Defendant is now, and at all times relevant hereto has been, an employer subject to the ADA.

14. Defendant is now, and at all times relevant hereto has been, an employer subject to the FMLA.

15. Plaintiff was employed by Defendant from May 29, 2018, until his termination on March 16, 2022.

16. During all times relevant to this Complaint, Plaintiff was employed by ODFL as a Dockworker in its Atlanta Service Center ("ASC") at 4271 Bowman Industrial Court, Conley, Georgia 30288.

17. During all times relevant to this Complaint, Plaintiff reported directly to Mr. Jerrell Brown, Dock Supervisor.

18. Prior to the events in question, Plaintiff had a positive history with the company.

3.

19. Prior to the events in question, Plaintiff received only one warning after reporting to work late due to a knee injury - an injury the company was aware of and approved late arrival for, yet still disciplined Plaintiff.

20. On February 7, 2022, Plaintiff was unloading a truck when he realized that the freight was damaged, including the skids that the freight was on.

21. Per ODFL policy, Plaintiff reported the damaged freight to Mr. Brown and documented it in the company system.

22. Mr. Brown instructed Plaintiff to find new skids to place the damaged freight on.

23. Plaintiff was unable to locate available skids and notified Mr. Brown.

24. Mr. Brown instructed Plaintiff to place the damaged freight on plywood instead.

25. Plaintiff placed the damaged freight on plywood and loaded it onto the truck.

26. The next day, Plaintiff was brought into the office of Mr. Christopher Dudley, Operations Manager, and asked about the damaged freight.

27. Plaintiff explained that the freight arrived damaged and Mr. Brown instructed him on how to handle the situation.

28. Mr. Dudley concluded there was no issue with how Plaintiff handled this situation.

29. Plaintiff did not receive any disciplinary action thereafter.

30. On February 11, 2022, Plaintiff suffered a head injury at work.

31. Plaintiff was thereafter diagnosed with a concussion.

32. Plaintiff then applied and was approved for leave pursuant to the FMLA beginning February 11, 2022.

33. On March 4, 2022, Plaintiff returned to work with ODFL on light duty restrictions as recommended by his doctor.

34. Those restrictions limited Plaintiff to sweeping and rolling straps in the loading/unloading dock area.

35. On or about March 9, 2022, Plaintiff's doctor cleared him to return to work the week of March 15, 2022, without restrictions.

36. Plaintiff informed Mr. Brown, but Mr. Brown requested that Plaintiff return earlier than March 15, 2022, without restrictions.

37. Plaintiff then contacted Defendant's corporate office to discuss returning to work without restrictions.

38. Plaintiff was told that his doctor needed to provide additional paperwork describing his job duties in order to remove the light duty limitations.

39. On or about March 14, 2022, Plaintiff faxed the completed paperwork to the company.

40. On March 16, 2022, Plaintiff reported to work and was brought into the office with Mr. Homer LNU[1], Supervisor, and Mr. Rod LNU, Assistant Terminal Manager.

41. During their meeting, Mr. Rod LNU accused Plaintiff of damaging freight on February 7, 2022.

42. Plaintiff again explained that the damaged freight was reported to Mr. Brown, and Plaintiff was told by Mr. Dudley that there was no issue with how the situation was handled.

43. Nonetheless, Mr. Rod LNU terminated Plaintiff's employment, for allegedly not properly documenting the damaged freight.

44. There are non-disabled employees who have reported damaged freight to their supervisors in the same manner as Plaintiff and have not been terminated.

45. Those employees were similarly situated to Plaintiff, including job position, duties, and supervisory chain.

46. Those employees had not similarly just returned to work following FMLA leave.

47. Plaintiff filed a claim with the Equal Employment Opportunity Commission ("EEOC") on June 27, 2022, Charge Number 410-2022-03964.

---

[1] Last Name Unknown.

48. Plaintiff received his Dismissal and Notice Rights from the EEOC, dated December 6, 2022.

## V. CLAIMS FOR RELIEF

## COUNT I: ADA DISCRIMINATION

49. Plaintiff incorporates by reference all Paragraphs and allegations set forth in this Complaint as though fully and completely set forth herein.

50. Plaintiff was qualified for his position.

51. Plaintiff was perceived as disabled by Defendant.

52. Alternatively, Plaintiff was a disabled individual, of which ODFL was aware.

53. Plaintiff requested light-duty accommodations, yet the company pressured Plaintiff to return to his full job duties despite not being cleared by his doctor.

54. Following his return to work from medical leave while seeking clearance without restrictions, Plaintiff suffered the adverse action of termination due to an incident for which he was previously cleared of any wrongdoing.

55. Plaintiff is aware of similarly-situated employees outside Plaintiff's protected class who were treated more favorably than Plaintiff, as other non-disabled employees have reported damaged freight to their supervisors in the same manner as Plaintiff and have not been terminated.

56. Defendant has no legitimate business reasons for the adverse action against Plaintiff.

57. Plaintiff suffered damages as a result of Defendant's discrimination, for which he is entitled to recovery.

## COUNT II: ADA RETALIATION

58. Plaintiff incorporates by reference all Paragraphs and allegations set forth in this Complaint as though fully and completely set forth herein.

59. Plaintiff was a disabled individual, of which ODFL was aware.

60. Plaintiff requested light-duty accommodations, yet the company pressured Plaintiff to return to his full job duties despite not being cleared by his doctor.

61. Plaintiff engaged in protected activity under the ADA when requesting light duty medical accommodation.

62. Plaintiff engaged in protected activity under the ADA when utilizing a brief medical leave.

63. Following his return to work from medical leave while seeking clearance without restrictions, Plaintiff suffered the adverse action of termination due to an incident for which he was previously cleared of any wrongdoing.

64. The circumstances and temporal proximity of the adverse action to the protected activity(/ies) raise an inference of retaliation.

65. Plaintiff is aware of similarly-situated employees outside Plaintiff's protected class who were treated more favorably than Plaintiff.

66. Defendant has no legitimate business reasons for the adverse actions against Plaintiff.

67. Plaintiff has suffered damages as a result of Defendant's actions, for which he is entitled to recovery.

### COUNT III: FMLA RETALIATION

68. Plaintiff incorporates by reference all Paragraphs and allegations set forth in this Complaint as though fully and completely set forth herein.

69. Plaintiff engaged in protected activity under the FMLA when he took medical leave related to his medical condition.

70. After Plaintiff's return from leave, Plaintiff suffered the adverse action of termination.

71. The circumstances of these adverse actions raise an inference of retaliation.

72. Defendant has no legitimate business reasons for the adverse actions against Plaintiff.

73. Defendant's actions against Plaintiff were willful.

74. Plaintiff has suffered damages as a result of Defendant's actions, for which he is entitled to recovery.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Honorable Court grant the following relief:

    a.    Trial by jury;

    b.    That judgment be entered against Defendant on all claims;

    c.    Actual and compensatory damages in an amount to be determined by the enlightened conscience of a jury;

    d.    Punitive damages;

    e.    Attorney's fees, costs of litigation and any other relief the Court deems just and proper;

    f.    Declaratory relief to the effect that Defendant violated Plaintiff's statutory rights;

    g.    Injunctive relief prohibiting Defendant from further unlawful conduct of the type described herein; and

    h.    Any other relief this Court deems proper and just.

Respectfully submitted this 6th day of March, 2023.

        THE KIRBY G. SMITH LAW FIRM, LLC

        s/Amanda M. Brookhuis
        Amanda Brookhuis
        Georgia Bar No. 601396
        Kirby G. Smith
        Georgia Bar No. 250119
        *Attorney for Plaintiff*

4488 North Shallowford Road
Suite 105
Atlanta, Georgia 30338
T: (844) 454-7529
F: (877) 352-6253
amb@kirbygsmith.com

11.

## JURY DEMAND

Plaintiff requests a jury trial on all questions of fact raised by this Complaint.

Respectfully submitted this 6th day of March, 2023.

        THE KIRBY G. SMITH LAW FIRM, LLC

        s/Amanda M. Brookhuis
        Amanda Brookhuis
        Georgia Bar No. 601396
        *Attorney for Plaintiff*