IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GRADY MEMORIAL HOSPITAL CORP., D/B/A GRADY HEALTH SYSTEM, | ) ) ) ) |
| Plaintiff, | ) ) CIVIL ACTION NO. |
| v. | ) ) ) |
| GRADYBABY APPAREL LLC, | ) ) **Jury Trial Demanded** |
| PERLANDER WILLIAMS, | ) ) |
| MARCIA WILLIAMS, | ) ) |
| GRADY BABY COMPANY AND APPAREL LLC, | ) ) ) |
| and | ) ) |
| TERRENCE ALBRITTON, | ) ) |
| Defendants. | ) |

**COMPLAINT**

Plaintiff Grady Memorial Hospital Corporation, d/b/a Grady Health System ("Plaintiff" or "Grady Memorial Hospital"), by and through its undersigned counsel, brings this action against Defendants Gradybaby Apparel LLC ("Gradybaby Apparel"), its principals Marcia Williams and Perlander Williams, Grady Baby Company and Apparel LLC ("Grady Baby Company"), and its principal Terrence Albritton, and alleges as follows:

1

## I. PARTIES

1. Plaintiff Grady Memorial Hospital Corporation d/b/a Grady Health System is a not-for-profit corporation incorporated in Georgia with its principal place of business in Atlanta, Georgia.

2. Defendant Gradybaby Apparel LLC is a Georgia limited liability company with its principal place of business in Riverdale, Georgia.

3. Defendants Perlander Williams and Marcia Williams are the principals of Gradybaby Apparel.

4. Defendant Grady Baby Company and Apparel LLC is a Georgia limited liability company with its principal place of business in East Point, Georgia.

5. Defendant Terrence Albritton is the principal of Grady Baby Company.

## II. JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331; the Lanham Act, 15 U.S.C. §§ 1121 and 1125.

7. This Court has supplemental and ancillary jurisdiction over the Georgia state law claims raised within pursuant to 28 U.S.C. § 1367, because Grady Memorial Hospital's lawsuit raises a federal question, and the state law claims Grady Memorial Hospital brings are so related to the federal question

claim within this Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

8. This Court has personal jurisdiction over Gradybaby Apparel because its principal place of business is in this District and because it has sold the consumer goods that are the subject of this action in this District.

9. This Court has personal jurisdiction over Perlander Williams and Marcia Williams because they are residents of the State of Georgia and have done business in this District.

10. This Court has personal jurisdiction over Grady Baby Company because its principal place of business is in this District and because it has sold the consumer goods that are the subject of this action in this District.

11. This Court has personal jurisdiction over Terrence Albritton because he is a resident of the State of Georgia and has done business in this District.

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because all Defendants reside in this District and a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

### III.  BACKGROUND

13. Since its opening in 1892, Grady Memorial Hospital has provided public health services to the city of Atlanta. Grady Memorial Hospital is Atlanta's public hospital, the only level one trauma center in the metro Atlanta

area, and it comprises the flagship of the Grady Health System, which includes Grady Memorial Hospital and six neighborhood health centers.

14. The public health services Grady Memorial Hospital offers include birthing services. Thousands of babies have been born at Grady Memorial Hospital.

15. Grady Memorial Hospital is the exclusive owner of the registered GRADY HEALTH SYSTEM trademark, Reg. No. 1,837,187, for healthcare services. The GRADY HEALTH SYSTEM trademark is incontestable and constitutes conclusive evidence of the validity of the mark.

16. Grady Memorial Hospital also owns common law trademark rights in the GRADY mark which has come to signify and identify goods and services provided by, or with the authorization of, Grady Memorial Hospital.

17. As a result of its widespread and continuous use of the GRADY marks to identify its goods and services and Grady Memorial Hospital as their source, Grady Memorial Hospital owns valid and subsisting federal statutory and common law rights to the GRADY marks.

18. Grady Memorial Hospital has invested significant time and financial resources in building and promoting its brand and services and in providing quality healthcare services in Atlanta. As a result of its efforts, Grady Memorial Hospital enjoys substantial public recognition and consumer goodwill in the GRADY marks. Grady Memorial Hospital and its services are

particularly renowned in Atlanta, where the "Grady Curve" marks an integral part of the Atlanta skyline.

19. Grady Memorial Hospital and people in the Greater Atlanta area have used the phrase "Grady Baby" for many years to refer to children born at Grady Memorial Hospital, such that the phrase "Grady Baby" is associated throughout the community with Grady Memorial Hospital and its birthing services.

20. For many years, well prior to any use by any Defendant, Grady Memorial Hospital has used the term "Grady Baby" as a trademark on apparel such as onesies and T-shirts as well as other items provided to patients in reference to children born at Grady Memorial Hospital:



5





## IV. DEFENDANTS' UNLAWFUL AND INFRINGING CONDUCT

21. Each Defendant has alleged in a separate action pending before this Court that it is in the business of manufacturing, marketing, and selling apparel items that use the phrase "Grady Baby" as a trademark to identify those products (the "Infringing Products"). Each Defendant uses "Grady Baby" or "Gradybaby" as part of its corporate name.

6

22. Defendants advertise the Infringing Products at their stores, on the Internet, and through other means.

23. Gradybaby Apparel, Perlander Williams, and Marcia Williams have alleged that Gradybaby Apparel has used GRADY BABY as a mark to market and sell consumer goods, including, *inter alia*, articles of clothing, office accessories, awards, banners, signs, computer accessories, mouse pads, t-shirts, bibs, caps headwear, bandanas. hats, jackets, sweatshirts, puzzles, car flags with poles, and towels.

24. Grady Baby Company and Terrence Albritton have alleged that Grady Baby Company has used GRADY BABY as a mark to market and sell consumer goods, including, *inter alia*, shirts, hats, jackets, jogging pants, socks, sweatshirts, t-shirts, tank tops, underwear, baseball caps and hats, graphic t-shirts, hooded sweatshirts, sports caps and hats, and thermal underwear.

25. Terrence Albritton registered the mark GRADY BABY with the United States Patent and Trademark Office in International Class 25 for "Hats; Jackets; Jogging pants; Socks; Sweatshirts; T-shirts; Tank tops; Underwear; Baseball caps and hats; Graphic T-shirts; Hooded sweatshirts; Sports caps and hats; Thermal underwear; all goods in this class excluding goods featuring boats, boating, bodies of water, beaches, and water sports, and excluding goods used in connection with boats, boating, bodies of water, beaches, or water sports." Mr. Albritton was issued U.S. Registration No. 6,679,866 for GRADY BABY on March 22, 2022.

26. Defendants have alleged and represented, before this Court and before the U.S. Patent and Trademark Office, that their corporate entities have the sole and exclusive right to use GRADY BABY as a trademark. Mr. Albritton was issued U.S. Registration No. 6,679,866 in part on the basis of this representation.

27. Defendants knew when they made these representations that none of the Defendants were the owner of the GRADY BABY trademark, that Grady Memorial Hospital had long used the term GRADY BABY as a trademark, and that GRADY BABY and GRADY were well-known in the community and elsewhere as associated with Grady Memorial Hospital.

28. Defendants use the term "Grady Baby" on their goods as a specific reference to persons born at Grady Memorial Hospital.

29. By using GRADY BABY as a trademark on their products, Defendants seek to take advantage of the association between the phrase "Grady Baby" and Grady Memorial Hospital.

30. In fact, Grady Baby Company's website explicitly acknowledges that its use of GRADY BABY is a reference to Grady Memorial Hospital:

> If ever Georgia's on your mind, surely Atlanta is too. Not only is it the largest city in the state, but it's the biggest star on the map. Atlanta is the birthplace of southern hip hop and the hometown of urban swagger. Those born here find it hard to leave. Some migrate here for college and stay for life. Others move here to fulfill their dreams and end up dreaming bigger. However you got to this city you should be able to proudly rep the 'A' whenever you want, wherever you go.

8

> **At the center of the city, where I-75/85 and I-20 cross, sits a beacon of hope dear to Atlanta – Grady Memorial Hospital. Many lives have been saved there, but more lives have been made there. If Atlanta is the birthplace of greatness, Grady is the bassinet. It's a badge of honor in this city to be called a Grady Baby. Grady Babies have changed the world, secured civil rights for all, and achieved educational success. Music moguls, super stars, and world class athletes all started as Grady Babies. If she's a Georgia Peach, chances are she's a Grady Baby.**
>
> The Grady Baby Brand represents the soul of a city, the heartbeat of a culture, and you don't have to be **born at Grady** to wear it. If you want to be fresh for a summertime cookout or warm for a wintertime hang out, we got you. The Grady Baby Brand – buy it, wear it, rep it!

GRADY BABY COMPANY, https://www.gradybabyco.com/about (last accessed March 3, 2023) (emphases added).

31. On December 7, 2022, Grady Memorial Hospital sent separate notices to Defendants demanding that they cease and desist from all use of the GRADY mark. Defendants refused.

32. Despite constructive and actual knowledge of Grady Memorial Hospital's trademark rights and Grady Memorial Hospital's demand to cease and desist use of the GRADY mark, Defendants have used and continue to use the GRADY BABY mark to advertise and sell the Infringing Products.

33. Defendants' unauthorized usage of the GRADY BABY mark is likely to cause confusion and to mislead and deceive the public into believing that their offerings are provided or authorized by Grady Memorial Hospital, that Grady Memorial Hospital endorses or sponsors their products or services, and/or that Defendants are affiliated with Grady Memorial Hospital.

9

## COUNT I
## Violation of Georgia's Antidilution Statute
## O.C.G.A. § 10-1-450 *et seq.* (All Defendants)

34. Grady Memorial Hospital re-alleges the allegations set forth in Paragraphs 1 through 33 as if fully set forth herein.

35. Georgia's state trademark dilution statute requires that the mark be at least distinctive and have acquired secondary meaning.

36. The term "Grady Baby" is associated throughout the Greater Atlanta community with Grady Memorial Hospital and is widely recognized as referring to Grady Memorial Hospital.

37. Grady Memorial Hospital's GRADY BABY mark is suggestive and therefore distinctive.

38. Alternatively, Grady Memorial Hospital's GRADY BABY mark has become distinctive as a result of its long usage and association with Grady Memorial Hospital.

39. Defendants' GRADY BABY trademarks are similar or identical to Grady Memorial Hospital's GRADY BABY and GRADY marks.

40. Defendants' use of GRADY BABY as a trademark blurs the distinctiveness of Grady Memorial Hospital's marks by making it less likely that the public will recognize Grady Memorial Hospital as the source of the GRADY BABY mark and by diluting and undermining the distinctiveness of Grady Memorial Hospital's GRADY mark.

10

41. Defendants' use of GRADY BABY as a trademark on their goods is likely to injure Grady Memorial Hospital's commercial reputation and dilutes the distinctive quality of its marks and therefore constitutes unlawful trademark dilution in violation of O.C.G.A. § 10-1-451(b) and of Grady Memorial Hospital's rights under the common law of Georgia.

42. Defendants' acts cause severe and irreparable harm to Grady Memorial Hospital and will continue to do so unless restrained by this Court, and Grady Memorial Hospital is without an adequate remedy at law. Grady Memorial Hospital is entitled to a preliminary and permanent injunction against Defendants, as well as all other remedies available under the Georgia antidilution statue.

## COUNT II
### Violations of Section 43(a) of the Lanham Act
### 15 U.S.C. § 1125(a) (All Defendants)

43. Grady Memorial Hospital re-alleges the allegations set forth in Paragraphs 1 through 42 as if fully set forth herein.

44. Defendant's use of GRADY and GRADY BABY as trademarks and in their corporate names is a false and misleading representation of a connection with, or approval of, Grady Memorial Hospital, in commerce in violation of Section 43(a) of the Lanham Act.

45. Defendants had constructive knowledge as well as direct and full knowledge of Grady Memorial Hospital's prior rights in the GRADY and GRADY BABY marks before their misleading and infringing uses.

46. Defendants' unauthorized uses of the GRADY and GRADY BABY marks on apparel items and in their corporate names creates a false association with Grady Memorial Hospital and are likely to cause confusion and mistake among consumers or deceive consumers, who are likely to believe that Defendants are affiliated with or approved or sponsored by Grady Memorial Hospital.

47. Defendants' unauthorized and misleading actions violate Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

48. Defendants' acts cause severe and irreparable harm to Grady Memorial Hospital and will continue to do so unless restrained by this Court, and Grady Memorial Hospital is without an adequate remedy at law. Grady Memorial Hospital is entitled to a preliminary and permanent injunction against Defendants, as well as all other remedies available under the Lanham Act, including, but not limited to, compensatory damages, disgorgement of profits, treble damages, and costs and attorney's fees.

## COUNT III
**Trademark Infringement in Violation of Section 32 of the Lanham Act
15 U.S.C. § 1114 (All Defendants)**

49. Grady Memorial Hospital re-alleges the allegations set forth in Paragraphs 1 through 48 as if fully set forth herein.

50. Defendants' uses of GRADY BABY as a trademark and in their corporate names infringe Grady Memorial Hospital's registered GRADY HEALTH SYSTEM trademark, U.S. Reg. No. 1,837,187. Such unauthorized acts have caused or are likely to cause confusion, mistake, or deception as to the source or origin, sponsorship, or approval of the Infringing Products, in that consumers are likely to believe Grady Memorial Hospital authorizes and controls the sale of the Infringing Products or that Defendants are associated with or related to Grady Memorial Hospital or are authorized by Grady Memorial Hospital to sell products using or incorporating the GRADY BABY and GRADY marks.

51. Defendants' advertisement and sale of the Infringing Products constitutes trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

52. Defendants' acts cause severe and irreparable harm to Grady Memorial Hospital and will continue to do so unless restrained by this Court, and Grady Memorial Hospital is without an adequate remedy at law. Grady Memorial Hospital is entitled to a preliminary and permanent injunction against Defendants, as well as all other remedies available under the Lanham Act, including, but not limited to, compensatory damages, disgorgement of profits, treble damages, and costs and attorney's fees.

13

## COUNT IV
## Violation of Georgia's Uniform Deceptive Trade Practices Act
## O.C.G.A. § 10-1-370 *et seq.* (All Defendants)

53. Grady Memorial Hospital re-alleges the allegations set forth in Paragraphs 1 through 52 as if fully set forth herein.

54. Defendants, through their unauthorized use of the GRADY BABY mark, have caused a likelihood of confusion or misunderstanding as to Defendants' affiliation, connection, or association with or certification by Grady Memorial Hospital, in violation of O.C.G.A. § 10-1-372.

55. Defendants' acts cause severe and irreparable harm to Grady Memorial Hospital and will continue to do so unless restrained by this Court, and Grady Memorial Hospital is without an adequate remedy at law. As a result of Defendants' wrongful acts, Grady Memorial Hospital is entitled to recover (i) actual and compensatory damages suffered and (ii) a disgorgement of Defendants' profits gained as a result of violating Grady Memorial Hospital's rights.

## Count V
## Common Law Trademark Infringement (All Defendants)

56. Grady Memorial Hospital re-alleges the allegations set forth in Paragraphs 1 through 55 as if fully set forth herein.

57. Defendants had constructive knowledge as well as direct and full knowledge of Grady Memorial Hospital's prior rights in the GRADY BABY and GRADY marks before Defendants began their infringing uses.

58. Defendants' unauthorized use of the GRADY BABY mark on apparel items is confusingly similar to Grady Memorial Hospital's GRADY mark and is likely to cause confusion and mistake among consumers, who are likely to believe that Defendants are affiliated with or endorsed or sponsored by Grady Memorial Hospital.

59. Defendants' unauthorized use of the GRADY BABY mark infringes upon Grady Memorial Hospital's common law rights in its registered GRADY HEALTH SYSTEM trademark, its GRADY mark, its GRADY BABY mark, and its other intellectual property, and deprives Grady Memorial Hospital of goodwill of its business symbolized by its valuable intellectual property.

60. Defendants' acts cause severe and irreparable harm to Grady Memorial Hospital and will continue to do so unless restrained by this Court, and Grady Memorial Hospital is without an adequate remedy at law. Grady Memorial Hospital is entitled to all remedies available to it under law, including, but not limited to, compensatory damages, disgorgement of profits, treble damages, and costs and attorney's fees.

## COUNT VI
### Cancellation of Federal Trademark Registration
### 15 U.S.C. § 1119 (Defendant Terrence Albritton)

61. Grady Memorial Hospital re-alleges the allegations set forth in Paragraphs 1 through 60 as if fully set forth herein.

62. Defendant Terence Albritton was awarded U.S. Trademark Registration for GRADY BABY on March 22, 2022, US Registration No. 6,679,866. In the application for registration, Defendant Albritton represented under perjury that he owned the trademark GRADY BABY, and that no other person, firm, corporation or association had the right to use said mark in commerce. Mr. Albritton further alleged first use of commerce in November 29, 2018.

63. Grady Memorial Hospital and people in the Greater Atlanta area have used the phrase "Grady Baby" for many years to refer to children born at Grady Memorial Hospital, such that the phrase "Grady Baby" is associated throughout the community with Grady Memorial Hospital.

64. For many years, well prior to any use by any Defendant, Grady Memorial Hospital has used the term "Grady Baby" as a trademark on apparel such as onesies and T-shirts as well as other items provided to patients in reference to children born at Grady Memorial Hospital.

65. Mr. Albritton knew, when he submitted his trademark application to the US Patent and Trademark Office on August 9, 2018, that he was not the owner of the GRADY BABY trademark and that Grady Memorial Hospital had long used the term GRADY BABY as a trademark and that GRADY BABY and GRADY were well known in the community and elsewhere as associated with Grady Memorial Hospital.

66. Grady Memorial Hospital's GRADY BABY mark and Mr. Albritton's GRADY BABY mark, the subject of US Registration No. 6,679,866, are identical. A likelihood of confusion exists between Mr. Albritton's GRADY BABY mark and GRADY and GRADY BABY, the famous and well-known marks owned by Grady Memorial Hospital.

67. Because Grady Memorial Hospital owns prior rights in the GRADY mark and GRADY BABY mark, GRADY BABY, Registration No. 6,679,866, violates Grady Memorial Hospital's trademark rights under 15 U.S.C. § 1052(d).

68. Grady Memorial Hospital will be damaged by the continued existence of U.S. Registration No. 6,679,866 on the Principal Register.

69. Accordingly, U.S. Registration No. 6,679,866 should be canceled in accordance with the provisions of 15 U.S.C. §§ 1119, 1052(d), and 1064.

## VI. Demand for Jury Trial

Pursuant to Fed. R. Civ. P. 38, Grady Memorial Hospital demands a trial by jury for all matters so triable.

**PRAYER FOR RELIEF**

Wherefore, Grady Memorial Hospital Corporation respectfully demands as follows:

   a) Preliminary and permanent injunctive relief enjoining each Defendant and all in concert with any of them, during the pendency of this action and permanently thereafter, from using

      the GRADY BABY mark, GRADY mark, or any other marks that are likely to cause confusion with Grady Memorial Hospital or dilute Grady Memorial Hospital's intellectual property;

b) An award of any and all damages and profits arising from the foregoing acts in accordance with 15 U.S.C. § 1117 and other applicable laws;

c) Any such further relief as this Court deems just and proper.

Respectfully submitted this 6th day of March, 2023.

                                */s/ Petrina A. McDaniel*
                                Petrina A. McDaniel
                                (Bar No. 141301)
                                SQUIRE PATTON BOGGS (US) LLP
                                1201 W. Peachtree Street, NW
                                Suite 3150
                                Atlanta, GA 30309
                                (678) 272-3207
                                petrina.mcdaniel@squirepb.com

                                Joseph A. Meckes (*pro hac vice* forthcoming)
                                SQUIRE PATTON BOGGS (US) LLP
                                475 Sansome Street
                                16th Floor
                                San Francisco, CA 94111
                                joseph.meckes@squirepb.com

                                *Counsel for Plaintiff Grady Memorial Hospital Corporation*