State Court of Fulton County
**E-FILED**
22EV006607
11/30/2022 2:10 PM
Donald Talley, Clerk
Civil Division

EXHIBIT A

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **CECILIA LYNCH HAMMOND,** | * |
| *Plaintiff,* | * |
| vs. | * CIVIL ACTION |
| | * FILE NO.: |
| **DE JESUS HERNANDEZ HIRAM, AVILES-ROBBINS TRUCK LEASING LLC, MANUEL MENDOZA SANTIAGO, USI INSURANCE SERVICES LLC, and STATE NATIONAL SPECIALTY INSURANCE COMPANY,** | * |
| *Defendants.* | |

### COMPLAINT

Plaintiff in the above-styled action hereby shows the Court the following:

1. Plaintiff is a resident of Fulton County, Georgia.

2. Defendant De Jesus Hernandez Hiram ("Hiram") is a nonresident motorist. He is, upon information and belief, a resident of Florida with a last known residence of 1640 Tamarind Road, Davenport, Florida, 33896, where he may be served with legal process or wherever he may be found.

3. This Court has personal jurisdiction over Defendant Hiram, *inter alia*, pursuant to the Nonresident Motorist Act, the Long-Arm Statute, and other applicable law.

4. Service may be perfected on Defendant Hiram, *inter alia*, pursuant to the Long-Arm Statute, the Nonresident Motorist Act, and all other applicable law.

5. Defendant Hiram is a resident of Florida, and said Defendant is subject to the jurisdiction of this Court under, *inter alia*, the authority of O.C.G.A. §§ 40-12-1 et seq., and may be served by serving the Secretary of State, State of Georgia, Brad Raffensperger, as agent, as

provided by said laws. Brad Raffensperger, or his duly appointed agent for service of process, may be served at 2 Martin Luther King Jr. Drive, Suite 313 West Tower, Atlanta, GA 30334-1530.

6. Venue is proper in this Court with respect to nonresident motorist Defendant Hiram pursuant to O.C.G.A. § 40-12-3 because Plaintiff resides in Fulton County.

7. At all times relevant to this Complaint, Defendant Hiram resided outside the state of Georgia.

8. Defendant Manuel Mendoza Santiago ("Mendoza")is a nonresident motorist. He is, upon information and belief, a resident of Florida, with a last know residence of 2360 NE 18th Avenue, Ocala, Florida, 34470-4437, where he may be served with legal process or wherever he may be found.

9. This Court has personal jurisdiction over Defendant Mendoza, *inter alia*, pursuant to the Nonresident Motorist Act, the Long-Arm Statute, and other applicable law.

10. Service may be perfected on Defendant Mendoza, *inter alia*, pursuant to the Long-Arm Statute, the Nonresident Motorist Act, and all other applicable law.

11. Defendant Mendoza is a resident of Florida, and said Defendant is subject to the jurisdiction of this Court under, *inter alia*, the authority of O.C.G.A. §§ 40-12-1 et seq., and may be served by serving the Secretary of State, State of Georgia, Brad Raffensperger, as agent, as provided by said laws. Brad Raffensperger, or his duly appointed agent for service of process, may be served at 2 Martin Luther King Jr. Drive, Suite 313 West Tower, Atlanta, GA 30334-1530.

12. Defendant Mendoza is subject to the jurisdiction of this Court under, *inter alia*, the authority of O.C.G.A. §§ 40-12-1 et seq., because of his involvement in the subject incident

by virtue of the operation of a vehicle for him or under his control or direction, within the territorial limits of the State of Georgia – as he was the registered owner of the vehicle operated by Defendant Hiram at the time of the subject incident.

13. Venue is proper in this Court with respect to nonresident motorist Defendant Mendoza pursuant to O.C.G.A. § 40-12-3 because Plaintiff resides in Fulton County.

14. At all times relevant to this Complaint, Defendant Mendoza resided outside the state of Georgia.

15. Defendant Aviles Robbins Truck Leasing, LLC, ("Aviles Leasing") is a foreign corporation incorporated under the laws of Florida with its principal office address located at 11950 Camden Road, Jacksonville, Florida. Defendant Aviles Leasing may be served with legal process by serving its registered agent for service of process, Jon Robbins, 11950 Camden Road, Jacksonville, Florida 32218,

16. Defendant Aviles Leasing is a nonresident motor carrier without an agent for service of process in Georgia. Pursuant to O.C.G.A. §§ 40-1-117, Defendant Aviles Leasing may be served by serving the Secretary of State, State of Georgia, Brad Raffensperger, as agent. Brad Raffensperger, or his duly appointed agent for service of process, may be served at 2 Martin Luther King Jr. Drive, Suite 313 West Tower, Atlanta, GA 30334-1530.

17. Defendant Aviles Leasing may also be served through the Georgia registered agent for its blanket corporation, Interstate Authority, LLC, to wit:  Atlanta Legal Services, LLC, 3301 Buckeye Road, Suite 303, Atlanta, Georgia 30341.

18. This Court has personal jurisdiction over Defendant Aviles Leasing because it committed a tortious act in Georgia, by and through its agent(s).

19. Venue is proper in this Court with respect to Defendant Aviles Leasing because venue is

proper as to Defendant Hiram.

20. Defendant USI Insurance Services ("USI") is a foreign corporation incorporated under the laws of Delaware with its principal office address located at 100 Summit Lake Drive, Suite 400, Defendant USI may be served with legal process by serving its registered agent for service of process C T Corporation System at 289 South Culver Street, Lawrenceville, Gwinnett County, Georgia 30046-4805.

21. Personal jurisdiction exists as to Defendant USI because it is duly authorized to transact business in Georgia, transacts business in Georgia, and maintains a registered agent in Georgia.

22. Venue is proper in this Court because Defendant USI pursuant to O.C.G.A. § 33-4-1(4) because Plaintiff resides in Fulton County.

23. Defendant State National Insurance Company ("State National") is a foreign corporation incorporated under the laws of Texas with its principal office address located at 1900 L. Dodson Drive, Bedford, Texas, 76021. Defendant State National may be served with legal process by serving its registered agent for service of process in Georgia, to wit: C T Corporation System at 289 South Culver Street, Lawrenceville, Gwinnett County, Georgia 30046-4805.

24. Personal jurisdiction exists as to Defendant State National because it is duly authorized to transact business in Georgia, transacts business in Georgia, and maintains a registered agent in Georgia.

25. Venue is proper in this Court because Defendant State National pursuant to O.C.G.A. § 33-4-1(4) because Plaintiff resides in Fulton County.

26. On December 1, 2020, Defendant Hiram was driving a commercial truck owned by

*Hammond v. Hiram, et al.*
Complaint
State Court of Fulton County – CAFN: TBD

Page 4 of 9

Defendant Mendoza and/or Aviles-Robbins Truck Leasing, LLC.

27. At the time of the subject wreck, Defendant Hiram was operating and controlling the commercial truck as an employee and/or agent of Defendant Mendoza and/or Defendant Aviles-Robbins Truck Leasing, LLC.

28. On December 1, 2020, Defendant Hiram was operating the commercial truck in furtherance of Defendant Mendoza and/or Defendant Aviles-Robbins business.

29. At the time of the subject wreck, Defendant Hiram was in the course and scope of his employment with Defendant Mendoza and/or Defendant Aviles Leasing.

30. On December 1, 2020, at approximately 1:00 p.m., Plaintiff was travelling northbound on Georgia 401, Monroe County, Georgia.

31. On or around that same time, Defendant Hiram was driving the commercial truck northbound on Georgia 401 directly beside Plaintiff's vehicle.

32. On or around that same time, Defendant Hiram was not keeping a proper lookout and changed lanes without yielding to Plaintiff's vehicle or failed to maintain his lane causing a collision with the passenger side of Plaintiff's vehicle which caused it to collide with the guardrail.

33. Defendant Hiram blamed Plaintiff for causing the collision, stating she struck the driver's side of his trailer.

34. However, three independent witnesses corroborated this Plaintiff's version of how the wreck occurred. They are identified by name, address, and telephone number in the crash report.

35. As a result of the subject collision, Plaintiff sustained injuries that caused and continue to cause her mental and physical pain and suffering.

36. As a result of the subject collision, Plaintiff incurred past medical expenses and will incur future medical expenses. Plaintiff's physical health and quality of life have been impaired.

37. Plaintiff incorporates herein all the factual allegations in the preceding paragraphs of this Complaint.

38. Defendant Mendoza and/or Defendant Aviles Leasing are liable under the doctrine of *respondeat superior* for the tortious acts and omissions of their agents and employees, including Defendant Hiram.

39. Plaintiff incorporates herein all the factual allegations in the preceding paragraphs of this Complaint.

40. Defendant Mendoza and/or Defendant Aviles Leasing are liable for the negligent hiring, retention, and/or supervision of Defendant Hiram.

41. Plaintiff incorporates herein all the factual allegations in the preceding paragraphs of this Complaint.

42. Defendant Hiram and/or Defendant Aviles Leasing are liable for negligently entrusting a vehicle for use by Defendant Hiram.

43. Plaintiff incorporates herein all the factual allegations in the preceding paragraphs of this Complaint.

44. Defendant Hiram is liable for the following tortious acts and omissions, including but not limited to the following violations of the rules of the road, which violations amount to negligence per se:

    (a)   Changing lanes improperly in violation of O.C.G.A. **§ 40-6-49**;

    (b)   Failure to maintain lane in violation of O.C.G.A. § **40-6-123**; and,

    (c)   Failing to maintain a proper lookout for other traffic.

45. Defendant Mendoza and/or Defendant Aviles Leasing are liable for the acts and omissions of its employees and agents, including Defendant Hiram, pursuant to O.C.G.A. § 51-2-2.

46. The conduct of Defendants Mendoza, Hiram and Aviles Leasing, individually and in concert with each other, proximately caused the collision and resulting damages.

47. Defendants USI Insurance Services LLC and/or Defendant State National Insurance Company entered into a policy and contract of insurance with Defendant Mendoza and/or Defendant Aviles Leasing to provide liability coverage in the event of a motor vehicle collision involving Defendants Mendoza, Aviles Leasing, Hiram, and/or their employees and/or agents.

48. Plaintiff is a third-party beneficiary under said contract(s) or policy(-ies) of insurance and is entitled to receive payments from Defendant USI Insurance Services LLC and/or Defendant State National Insurance Company for the negligence of Defendants Hiram, Mendoza and Aviles Leasing.

49. The damages claimed by Plaintiff were proximately caused by the tortious acts and omissions of Defendants Hiram, Mendoza and Aviles Leasing, for which they are liable jointly and severally.

50. Plaintiff claims the following damages, for which she is entitled to recover:

    (a) all components of the mental and physical pain and suffering, past, present, and future, endured by Plaintiff as defined by Georgia law and to be determined by the enlightened conscience of a fair and impartial jury;

    (b) medical expenses incurred and to be incurred as a result of the subject collision, in such amounts as the jury deems to be the reasonable value of those services; and

    (c) past and future lost wages resulting from the subject collision.

43. Plaintiffs seeks punitive damages against Defendant Hiram in an amount sufficient to punish, penalize, and deter him pursuant to O.C.G.A. § 51-12-5.1 in an amount to be determined by the enlightened conscience of a fair and impartial jury.

44. Plaintiff seeks punitive damages against Defendant Mendoza in an amount sufficient to punish, penalize, and deter it pursuant to O.C.G.A. § 51-12-5.1 in an amount to be determined by the enlightened conscience of a fair and impartial jury.

45. Plaintiff seeks punitive damages against Defendant Aviles Leasing in an amount sufficient to punish, penalize, and deter it pursuant to O.C.G.A. § 51-12-5.1 in an amount to be determined by the enlightened conscience of a fair and impartial jury.

46. WHEREFORE Plaintiff prays for the following relief:

    (a)   That summons issue requiring Defendants to appear as provided by law to answer this Complaint;

    (b)   That Plaintiff have a trial by jury;

    (c)   That Plaintiff have and recover all damages for all losses compensable under Georgia law as set forth above in an amount to be determined by the fair and impartial conscience of an enlightened jury but in no event less than $75,000; and,

    (d)   That all costs be cast against Defendants; and

    (e)   For such other and further relief as the Court shall deem just and appropriate.

Dated this 30th day of November, 2022.

                                    MITCHELL E MCGOUGH LAW, LLC
/s/ Mitchell E. McGough
Mitchell E. McGough, Esq.
Georgia Bar No.: 460942
945 E Paces Ferry Rd NE Ste 2250
Atlanta, GA 30326
T 404-994-4357

Hammond v. Hiram, et al.
Complaint
State Court of Fulton County – CAFN: TBD

Page 8 of 9

F: 404-600-1287
mitchell@mitchellmcgoughlaw.com

***Attorney for Plaintiff***