**EXHIBIT C**

State Court of Fulton County
**E-FILED**
22EV006607
1/19/2023 3:43 PM
Donald Talley, Clerk
Civil Division

**AFFIDAVIT OF SERVICE**

| Case: 22EV006607 | Court: In The State Court of Fulton County | County: Fulton County, GA | Job: 8028021 |
|---|---|---|---|

| Plaintiff / Petitioner: Cecilia Lynch Hammond | Defendant / Respondent: De Jesus Hernandez Hiram, Aviles Robbins Truck Leasing, LLC, Manuel Mendoza Santiago, USI Insurance Services, LLC, and State National Specialty Insurance Company |
|---|---|

| Received by: Sly Fox Process Service, LLC | For: Mitchell E. McGough Law, LLC |
|---|---|

| To be served upon: Aviles Robbins Truck Leasing Co., C/O Atlanta Legal Services, LLC |
|---|

PERSONALLY, APPEARED before me, the undersigned officer of the State of Georgia authorized to administer oaths, Gene Andrews, who upon being duly sworn and under oath, stated the following upon personal knowledge: I am over the age of eighteen (18) years, a native-born citizen of the United States of America, not a convicted felon, not related to any of the above stated party, have no interest in the above styled case, and that within the boundaries of the State of Georgia where service was attempted or effected, I was authorized by law to make service of the documents.

**Recipient Name / Address:** Aviles Robbins Truck Leasing Co., C/O Atlanta Legal Services, LLC, 3301 Buckeye Road Suite 303, Atlanta, Georgia 30341

**Manner of Service:** Registered Agent, Jan 17, 2023, 10:24 am EST

**Documents:** Summons, Case Information Filing Form, Complaint, Plaintiff's 1st Requests for Admission of Facts to Defendant Hiram, Plaintiff's 1st Requests for Admission of Facts to Defendant Aviles-Robbins Leasing, LLC, Plaintiff's 1st Requests for Admission of Facts to Defendant State National Insurance Co., Plaintiff's 1st Requests for Admission of Facts to Defendant Santiago, Plaintiff's 1st Requests for Admission of Facts to Defendant USI, Plaintiff's 1st Interrogatories to Defendant Hiram, Plaintiff's 1st Continuing Interrogatoreis to Defendant Aviles-Robbins Truck Leasing, LLC, Plaintiff's 1st Interrogatories to Defendant State National Insurance Company, Plaintiff's 1st Interrogatories to Defendant Santiago, Plaintiff's 1st Interrogatories to Defendant USI Insurance Services, LLC, Plaintiff's 1st Requests for Production of Documents to Defendant Hiram, Plaintiff's 1st Requests for Production of Documents to Defendant Aviles-Robbins Truck Leasing, LLC, Plaintiff's 1st Requests for Production of Documents to Defendant Santiago, Amended Summons.

**Additional Comments:**
1) Successful Attempt: Jan 17, 2023, 10:24 am EST at 3301 Buckeye Road Suite 303, Atlanta, Georgia 30341 received by Aviles Robbins Truck Leasing Co., C/O Atlanta Legal Services, LLC.
Marc Allard accepted the service documents at the Registered Agent's office.

Gene Andrews     Date     1-18-23

*Subscribed and sworn to before me by the affiant who is personally known to me.*

Notary Public

Date 01.18.23     Commission Expires 12.20.24



# IN THE STATE COURT OF FULTON COUNTY

## STATE OF GEORGIA

**Administrative Order No. 23EX000001**

## IN RE: ORDER FOR APPOINTMENT FOR SERVICE OF PROCESS

It appearing that the State Court of Fulton County has read and considered petitions and criminal records for the persons listed below, and the same having met certification requirements, this Court hereby allows the same to serve process for State Court proceedings,

**IT IS HEREBY ORDERED** that the following persons:

ABRAHAM, ROBYN L.
ADAMS JR., JOHN G.
ADCOCK, KYLE
ALLEN, LAKEITA T.
ANDERSON, QAISAR C.
ANDERSON, WILLIAM J.
ANDREWS II, GENE E.
ARMSTRONG, CHRISTOPHER
ARMSTRONG, CYNARA J.
ARMSTRONG, MIATEUE DENISE
BACKO, MUSTAFA
BAILEY, ANNA MARIE
BARNES, KRISTOPHER KEVIN
BARNES, STACY
BARNEY JR., STEVEN MICHAEL
BARRON, SHANE WILLIS
BASHAM, JAMES STEVEN
BENITO, RICHARD
BETHEL-MAXIE, VAQUISHA R.
BEYENE, EUAEL B.
BLAKENEY, KRISTIAN JOHN
BLALOCK, JAMES S.P.
BLESSMAN, SHARON CAMPBELL
BOLLING, KATHERINE DEVORE
BRAZEMAN, CRAIG PHILIP
BRIDGES, KAYLA DENISE
BRILEY, DONNIE CHAPPELLE
BROWN, IRISH J.
BRYANT, SHEMIKA
BUNCH, KIM
BUTTS, KIMBERLY L.
BYER, EDMOND JOHN
CABRERA-ANDERSON, SANDY
CHASTAIN, MICHAEL ALAN
CHESTER, ROSETTA L.
CHILDRESS, CLIFTON
CLEMMONS, JOYCE YVONNE
CLINE, TRAVIS DANIEL
COCHRANE, BABETTE DAWN
CRUMP, THOMAS RAYNARD
CUNNINGHAM, SALLY K.
DALMAN, JONATHAN B.
DAMBACH-CIRKO, PATRICIA J.
DANIELS, SONIA LYNN
DAVIDSON, DANNY DOUGLAS
DAVIDSON, MITCHELL T.

DAY, DUANE DAVIDSON
DEVAUGHN, CARL L.
DOLBIER, JEFFREY ALAN
EARTHRISE, ROCHELLE
ECHOLS, ERIC DWIGHT
ECHOLS, PATRICIA IZETTA
ELLIOTT, MAURICE
FARKAS, BELA
FAULKNER, DANA V.
FAZZIO, DEDREA L.
FERRERO, AMY L.
FISHER, DAWN W.
FITZGERALD, FLORETTA
FOLDS, CATHERINA P.
FOLDS, GEORGE LARRY
FORD, RONNIE
FOX, JUHANI ALLEN
FREESE, JESSICA RENEE
FULLER, THOMAS W.
GALVIN, ELIZABETH M.
GARMON, JASON H.
GAYLE, EARL WINSTON
GEORGE, RANDAL LEE
GIBBS III, THOMAS D.
GILES, HERBERT F.
GREEN ANJENAI G.
GREENWAY, KIMBERLY B.
HANDLEY, WILEY D.
HARBUCK, MICHAEL A.
HARRIS, PARKS WAYNE
HASSAN, MUHSIN SHAHID
HERNENDEZ, BRYAN C.
HIGHTOWER, ANTHONIO
HILL, HOLLIS JEROME
HILL, LISA WILSON
HINES, JAMES W.
HORTON, CHRISTOPHER T.
HUDSON, HAKIMAH
HUDSON, KYLE
HUGULEY, CK ADONNI
HUMPHREY JR., RONALD
HUNTER, JERMARCUS D.
IRVINE, XAVIER A.
JACKSON II, ANTHONY
JACKSON, CHIQUITA W.
JAMES, FRANK HUGH

JENKINS, STEPHANIE
JOHNSON, EARL C.
KAHSSU, HAILE T.
KENERSON, LORENZO
KING, AMOS
KIRKLAND, SHIRLEY P.
KOTLAR, MICHAEL J.
LAUSMAN, MARSHA C.
LAWSON, ZURI M.
LEWIS, KEVIN J.
LOUIS, CLYDE A.
LUSTER, JERALD DEON
MAGGARD JR., ANDREW
MALLAS, NICHOLAS A.
MANCE, KAY
MATHES, GABRIELLE
MCCLELLAN, RODNEY
MCGAHEE, LARRY L.
MCMILLON, ERICKA D.
MITCHELL, KEVIN J.
MORGAN, TODD V.
MUHAMMAD, AZIZAH
MURPHY JR., GREGORY
MURRAH, JANQUALO D.
NICHOLS, JEAN GRINWIS
NICHOLS, LATHAN OTTO
NOLEN, MILTON LEE
O'BRIEN, CHRISTOPHER
O'LEARY, CHRISTINE L.
PALMER, ALITA
PANNELL, NICOLE D.
PARKER, ATARI L.
PARKER, ERNESQUESHIA
PERLSON, MARC DAMON
RANSOME, MAURICE
RASHID, HASSAN M.
RECKERSDREES, THOMAS
REDDICK, DEREK LAMAR
REYES, REAGAN J.
RHODES, KATHRYN D.
RICHARDSON, LEROY
RIVERS, MICHAEL T.
ROWE, LYNN
RUDDOCK, MARGARET
SAXON, JASMINE N.
SAXON, ROBIN L.

SAXON-FORD, VIRGINIA
SEKLECKI, CHRISTIAN
SIBBALD, JOHN W.
SINGLETON, WANDA
SINGLETON, WESLEY G.
SMITH JR., BRUCE R.
SMITH, RONALD L.
SMITH, VIRGINIA E.C.
SNELLINGS, SHARON
SPEARS, JOYE L.
SPELLEN, ELIZABETH B.
SPELLEN, GEOFFREY B.
STARKS, MARC ANTONY
STEPHENS, GERI S.
STEWART, RONNIE N.
STIGGERS, JAMES
STONE, RODNEY D.
STOVER, CIERRA B.
SWINDLE, FRANK L.
SWINGER, INA L.
TASSAW, BERHANE
THOMAS, JEFFREY A.
THOMPSON, CHRISSANA
THOMPSON, VANESSA
TORT, HENRY
VELASQUEZ, JULIUS
WASHINGTON, SABRINA
WATTS II, ROOSEVELT
WEBBER, MELINA MARY
WEST, ERIC NOEL
WILLIAMS, LAVERN A.
WINKELMAN, NAN L.
WOLFE, LISA LYNN
WRIGHT, CHRISTOPHER K.

be appointed and authorized to serve as Permanent Process Servers for the calendar year of 2023, without the necessity of an order for appointment in each individual case.

**SO ORDERED**, this 1st day of January, 2023.



FILED IN OFFICE

JAN   1 2023

DEPUTY CLERK STATE COURT
FULTON COUNTY, GA

_____
Chief Judge Wesley B. Tailor
State Court of Fulton County

Case 1:23-mi-99999-UNA   Document 692-3   Filed 03/06/23   Page 3 of 29

**State Court of Fulton County**
**\*\*E-FILED\*\***
**22EV006607**
**1/12/2023 3:15 PM**
**Donald Talley, Clerk**
**Civil Division**

**AFFIDAVIT OF SERVICE**

| Case: 22EV006607 | Court: In The State Court of Fulton County | County: Fulton County, GA | Job: 8028008 |
|---|---|---|---|

| Plaintiff / Petitioner: Cecilia Lynch Hammond | Defendant / Respondent: De Jesus Hernandez Hiram, Aviles Robbins Truck Leasing, LLC, Manuel Mendoza Santiago, USI Insurance Services, LLC, and State National Specialty Insurance Company |
|---|---|

| Received by: Sly Fox Process Service, LLC | For: Mitchell E. McGough Law, LLC |
|---|---|

| To be served upon: State National Specialty Insurance Company, c/o C T Corporation System |
|---|

PERSONALLY, APPEARED before me, the undersigned officer of the State of Georgia authorized to administer oaths, Gene Andrews, who upon being duly sworn and under oath, stated the following upon personal knowledge: I am over the age of eighteen (18) years, a native-born citizen of the United States of America, not a convicted felon, not related to any of the above stated party, have no interest in the above styled case, and that within the boundaries of the State of Georgia where service was attempted or effected, I was authorized by law to make service of the documents.

**Recipient Name / Address:** State National Specialty Insurance Company, c/o C T Corporation System, 289 South Culver Street, Lawrenceville, Georgia 30046

**Manner of Service:** Registered Agent, Dec 2, 2022, 2:14 pm EST

**Documents:** Summons, Case Information Filing Form, Complaint, Plaintiff's 1st Requests for Admission of Facts to Defendant Hiram, Plaintiff's 1st Requests for Admission of Facts to Defendant Aviles-Robbins Leasing, LLC, Plaintiff's 1st Requests for Admission of Facts to Defendant State National Insurance Co., Plaintiff's 1st Requests for Admission of Facts to Defendant Santiago, Plaintiff's 1st Requests for Admission of Facts to Defendant USI, Plaintiff's 1st Interrogatories to Defendant Hiram, Plaintiff's 1st Continuing Interrogatoreis to Defendant Aviles-Robbins Truck Leasing, LLC, Plaintiff's 1st Interrogatories to Defendant State National Insurance Company, Plaintiff's 1st Interrogatories to Defendant Santiago, Plaintiff's 1st Interrogatories to Defendant USI Insurance Services, LLC, Plaintiff's 1st Requests for Production of Documents to Defendant Hiram, Plaintiff's 1st Requests for Production of Documents to Defendant Aviles-Robbins Truck Leasing, LLC, Plaintiff's 1st Requests for Production of Documents to Defendant Santiago,

**Additional Comments:**
1) Successful Attempt: Dec 2, 2022, 2:14 pm EST at 289 South Culver Street, Lawrenceville, Georgia 30046 received by State National Specialty Insurance Company, c/o C T Corporation System.
Jane Richardson, Intake Specialist, accepted the service documents at the Registered Agent's office.

Gene Andrews    Date 12-5-22

Subscribed and sworn to before me by the affiant who is personally known to me.

Notary Public
Date 12.05.22

Commission Expires

State Court of Fulton County
**E-FILED**
22EV006607
2/13/2023 12:57 PM
Donald Talley, Clerk
Civil Division

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| CECILIA LYNCH HAMMOND, | |
| Plaintiff, | |
| v. | Civil Action File No. 22EV006607 |
| DE JESUS HERNANDEZ HIRAM, AVILES-ROBBINS TRUCK LEASING LLC, MANUEL MENDOZA SANTIAGO, USI INSURANCE SERVICES LLC, and STATE NATIONAL SPECIALTY INSURANCE COMPANY, | |
| Defendants. | |

<u>**DEFENDANT STATE NATIONAL SPECIALTY INSURANCE COMPANY'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT**</u>

COME NOW, Defendant State National Specialty Insurance Company (hereinafter, "Defendant" or "this Defendant") in the above-styled action, and file the following Answer and Defenses to Plaintiff's Complaint and show the Court as follows:

<u>**FIRST DEFENSE**</u>

The Complaint fails to set forth a claim against Defendant upon which relief can be granted.

<u>**SECOND DEFENSE**</u>

Defendant is not liable to Plaintiff because Defendant breached no duty in regard to the occurrence giving rise to this Complaint.

<u>**THIRD DEFENSE**</u>

To the extent as may be shown by evidence, Defendant assert the defenses of contributory/comparative negligence, assumption of the risk, failure to avoid consequences, failure to exercise ordinary care and failure to mitigate damages.

8527866v.1

## FOURTH DEFENSE

Plaintiff's injuries, if any, were caused by an unforeseeable intervening third-party tortfeasor and/or the acts and failures to act of persons or entities other than this Defendant.

## FIFTH DEFENSE

Plaintiff's claims for punitive damages are unsupported, unfounded, and should be dismissed.

## SIXTH DEFENSE

Plaintiff's claims for attorney's fees and expenses pursuant to O.C.G.A. §13-6-11 and O.C.G.A. §9-15-14 are factually and legally without merit and should be dismissed. This Defendant has at all times acted in good faith with respect to Plaintiff's claim and has in no way been stubbornly litigious or caused Plaintiff unnecessary trouble and expense. Therefore, Plaintiff is not entitled to attorney's fees or expenses of litigation.

## SEVENTH DEFENSE

Defendant State National Specialty Insurance Company is an improper party to this action as there is no proper basis for its inclusion in this action as a party, whether under Georgia's Direct-Action Statute or otherwise.

## EIGHTH DEFENSE

Defendant hereby reserves the right to plead additional affirmative defenses as they may become known during discovery.

## NINTH DEFENSE

Defendant answers the numbered paragraphs of Plaintiffs' Complaint as follows:

1.

Defendant admits the allegations contained in Paragraph No. 1 of Plaintiff's Complaint.

2.

In response to the allegations contained in Paragraph No. 2 of Plaintiff's Complaint, this Defendant admits that Defendant Hiram is not a resident of Georgia.  This Defendant can neither admit nor deny the remaining allegations contained in Paragraph No. 2 of Plaintiff's allegations.

3.

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 3 of Plaintiff's Complaint and, therefore, cannot admit or deny same.

4.

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 4 of Plaintiff's Complaint and, therefore, cannot admit or deny same.

5.

In response to the allegations contained in Paragraph No. 5 of Plaintiff's Complaint, this Defendant admits that Defendant Hiram is a resident of Florida.  This Defendant can neither admit nor deny the remaining allegations contained in Paragraph No. 5 of Plaintiff's Complaint.

6.

This Defendant denies the allegations contained in Paragraph No. 6 of Plaintiff's Complaint..

7.

This Defendant admits the allegations contained in Paragraph No. 7 of Plaintiff's Complaint.

8.

In response to the allegations contained in Paragraph No. 8 of Plaintiff's Complaint, this Defendant admits that Defendant Santiago is a nonresident motorist.  This Defendant can neither admit nor deny the remaining allegations contained in Paragraph No. 8 of Plaintiff's Complaint.

9.

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 9 of Plaintiff's Complaint and, therefore, cannot admit or deny same.

10.

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 10 of Plaintiff's Complaint and, therefore, cannot admit or deny same.

11.

In response to the allegations contained in. Paragraph No. 11 of Plaintiff's Complaint, this Defendant admits that Defendant Mendoza is not a resident of Georgia, this Defendant can neither admit nor deny the remaining allegations contained in Paragraph No. 11 of Plaintiff's Complaint.

12.

This Defendant denies the allegations contained in Paragraph No. 12 of Plaintiff's Complaint.

13.

This Defendant denies the allegations contained in Paragraph No. 13 of Plaintiff's Complaint.

14.

This Defendant admits the allegations contained in Paragraph No. 14 of Plaintiff's Complaint.

15.

This Defendant admits the allegations contained in Paragraph No. 15 of Plaintiff's Complaint.

16.

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 16 of Plaintiff's Complaint and, therefore, cannot admit or deny same.

17.

This Defendant denies the allegations contained in Paragraph No. 17 of Plaintiff's Complaint.

18.

This Defendant denies the allegations contained in Paragraph No. 18 of Plaintiff's Complaint.

19.

This Defendant denies the allegations contained in Paragraph No. 19 of Plaintiff's Complaint.

20.

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 20 of Plaintiff's Complaint and, therefore, cannot admit or deny same.

21.

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 21 of Plaintiff's Complaint and, therefore, cannot admit or deny same.

22.

This Defendant denies the allegations contained in Paragraph No. 22 of Plaintiff's Complaint.

23.

Defendant admits that it is a foreign corporation authorized to do business in the State of Georgia and may be served by its registered agent, CT Corporation System, 289 S. Culver Street, Lawrenceville, GA, 30046.

24.

Defendant denies the allegations contained in Paragraph No. 24 of Plaintiff's Complaint.

25.

Defendant denies the allegations contained in Paragraph No. 25 of Plaintiff's Complaint.

26.

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 26 of Plaintiff's Complaint and, therefore, cannot admit or deny same.

27.

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 27 of Plaintiff's Complaint and, therefore, cannot admit or deny same.

28.

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 28 of Plaintiff's Complaint and, therefore, cannot admit or deny same.

29.

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 29 of Plaintiff's Complaint and, therefore, cannot admit or deny same.

30.

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 30 of Plaintiff's Complaint and, therefore, cannot admit or deny same.

31.

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 31 of Plaintiff's Complaint and, therefore, cannot admit or deny same.

32.

Defendant denies the allegations contained in Paragraph No. 32 of Plaintiff's Complaint.

33.

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 33 of Plaintiff's Complaint and, therefore, cannot admit or deny same.

34.

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 34 of Plaintiff's Complaint and, therefore, cannot admit or deny same.

35.

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 35 of Plaintiff's Complaint and, therefore, cannot admit or deny same.

36.

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 36 of Plaintiff's Complaint and, therefore, cannot admit or deny same.

37.

Defendant re allege and incorporate herein by reference their responses to paragraphs 1 through 36 of Plaintiff's Complaint as if fully stated herein.

38.

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 38 of Plaintiff's Complaint and, therefore, cannot admit or deny same.

39.

Defendant re allege and incorporate herein by reference their responses to paragraphs 1 through 38 of Plaintiff's Complaint as if fully stated herein.

40.

Defendant denies the allegations contained in Paragraph No. 40 of Plaintiff's Complaint.

41.

Defendant re allege and incorporate herein by reference their responses to paragraphs 1 through 41 of Plaintiff's Complaint as if fully stated herein.

42.

Defendant denies the allegations contained in Paragraph No. 42 of Plaintiff's Complaint.

43.

Defendant re allege and incorporate herein by reference their responses to paragraphs 1 through 42 of Plaintiff's Complaint as if fully stated herein.

44.

Defendant denies the allegations contained in Paragraph No. 44 of Plaintiff's Complaint.

45.

Defendant denies the allegations contained in Paragraph No. 45 of Plaintiff's Complaint.

46.

Defendant denies the allegations contained in Paragraph No. 45 of Plaintiff's Complaint.

47.

In response to the allegations contained in Paragraph No. 47 of Plaintiff's Complaint, this Defendant admits that it provided a policy of liability insurance to Aviles Robbins that was in effect at the time of the incident referenced in Plaintiff's Complaint.

48.

Defendant denies the allegations contained in Paragraph No. 48 of Plaintiff's Complaint.

49.

Defendant denies the allegations contained in Paragraph No. 49 of Plaintiff's Complaint.

50.

Defendant denies the allegations contained in Paragraph No. 50 of Plaintiff's Complaint.

51. (Second Paragraph 43)

Defendant denies the allegations contained in Paragraph No. 51 of Plaintiff's Complaint, marked in Plaintiff's Complaint as the second Paragraph 43.

52. (Second Paragraph 44)

Defendant denies the allegations contained in Paragraph No. 52 of Plaintiff's Complaint, marked in Plaintiff's Complaint as the second Paragraph 44.

53. (Second Paragraph 45)

Defendant denies the allegations contained in Paragraph No. 53 of Plaintiff's Complaint, marked in Plaintiff's Complaint as the second Paragraph 45.

54. (Second Paragraph 46)

Defendant denies the allegations contained in Paragraph No. 54 of Plaintiff's Complaint, marked in Plaintiff's Complaint as the second Paragraph 46.

55.

Any allegations contained in Plaintiff's Complaint not herein responded to by number, including Plaintiff's ad damnum/prayer for relief clause and its subparts, are hereby denied.

WHEREFORE, having fully answered, Defendant pray that the Complaint be dismissed with costs of this action cast against Plaintiff.

Defendants further demand a trial by a twelve (12) person jury.

This 13th day of February 2023.

COPELAND, STAIR, VALZ & LOVELL, LLP

191 Peachtree Street NE, Suite 3600
P.O. Box 56887 (30343-0887)
Atlanta, Georgia 30303-1740
Phone: 404-522-8220
Fax: 404-523-2345
abeaton@csvl.law
mjyates@csvl.law

By:   */s/ Michael J. Yates*
      ANNA K. BEATON
      State Bar No.: 421320
      MICHAEL J. YATES, JR.
      State Bar No.: 708897

      *Attorneys for Defendant State*
      *National Specialty Insurance*
      *Company*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day served a copy of the within and foregoing upon all parties to this matter via electronic filing with the Clerk of the Court, addressed to counsel of record as follows:

Mitchell E. McCough
MITCHELLE E MCGOUGH LAW, LLC
945 E. Paces Ferry Rd. NE
Suite 2250
Atlanta, GA 30326
*Attorney for Plaintiff*

This 13th day of February 2023.

COPELAND, STAIR, VALZ & LOVELL, LLP

191 Peachtree Street NE, Suite 3600
P.O. Box 56887 (30343-0887)
Atlanta, Georgia 30303-1740
Phone: 404-522-8220
Fax: 404-523-2345
abeaton@csvl.law
mjyates@csvl.law

By:   */s/ Michael J. Yates*
ANNA K. BEATON
State Bar No.: 421320
MICHAEL J. YATES, JR.
State Bar No.: 708897

*Attorneys for Defendant State National Specialty Insurance Company*

.

State Court of Fulton County
**E-FILED**
22EV006607
2/16/2023 3:44 PM
Donald Talley, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

CECILIA LYNCH HAMMOND,

     Plaintiff,

v.

DE JESUS HERNANDEZ HIRAM,
AVILES-ROBBINS TRUCK LEASING
LLC, MANUEL MENDOZA
SANTIAGO, USI INSURANCE
SERVICES LLC, and STATE
NATIONAL SPECIALTY INSURANCE
COMPANY,

     Defendants.

Civil Action File No. 22EV006607

## DEFENDANT AVILES-ROBBINS TRUCK LEASING LLC'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

COME NOW, Defendant Aviles-Robbins Truck Leasing, LLC (hereinafter, "Defendant" or "this Defendant") in the above-styled action, and file the following Answer and Defenses to Plaintiff's Complaint and show the Court as follows:

### FIRST DEFENSE

The Complaint fails to set forth a claim against Defendant upon which relief can be granted.

### SECOND DEFENSE

Defendant is not liable to Plaintiff because Defendant breached no duty in regard to the occurrence giving rise to this Complaint.

### THIRD DEFENSE

8535883v.1

To the extent as may be shown by evidence, Defendant assert the defenses of contributory/comparative negligence, assumption of the risk, failure to avoid consequences, failure to exercise ordinary care and failure to mitigate damages.

## FOURTH DEFENSE

Plaintiff's injuries, if any, were caused by an unforeseeable intervening third-party tortfeasor and/or the acts and failures to act of persons or entities other than this Defendant.

## FIFTH DEFENSE

Plaintiff's claims for punitive damages are unsupported, unfounded, and should be dismissed.

## SIXTH DEFENSE

Plaintiff's claims for attorney's fees and expenses pursuant to O.C.G.A. §13-6-11 and O.C.G.A. §9-15-14 are factually and legally without merit and should be dismissed. This Defendant has at all times acted in good faith with respect to Plaintiff's claim and has in no way been stubbornly litigious or caused Plaintiff unnecessary trouble and expense. Therefore, Plaintiff is not entitled to attorney's fees or expenses of litigation.

## SEVENTH DEFENSE

Defendant hereby reserves the right to plead additional affirmative defenses as they may become known during discovery.

## EIGHTH DEFENSE

No act or omission of this Defendant was a factor, whether substantial or otherwise, in causing the incident or injury alleged in the Complaint, if any. Additionally, no act and/or omission of this Defendant contributed, in any matter, to the incident or injury alleged in the Complaint, if any.

## **NINTH DEFENSE**

Defendant answers the numbered paragraphs of Plaintiffs' Complaint as follows:

1.

Defendant admits the allegations contained in Paragraph No. 1 of Plaintiff's Complaint.

2.

In response to the allegations contained in Paragraph No. 2 of Plaintiff's Complaint, this Defendant admits that Defendant Hiram is not a resident of Georgia.  This Defendant can neither admit nor deny the remaining allegations contained in Paragraph No. 2 of Plaintiff's allegations.

3.

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 3 of Plaintiff's Complaint and, therefore, cannot admit or deny same.

4.

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 4 of Plaintiff's Complaint and, therefore, cannot admit or deny same.

5.

In response to the allegations contained in Paragraph No. 5 of Plaintiff's Complaint, this Defendant admits that Defendant Hiram is a resident of Florida.  This Defendant can neither admit nor deny the remaining allegations contained in Paragraph No. 5 of Plaintiff's Complaint.

6.

This Defendant denies the allegations contained in Paragraph No. 6 of Plaintiff's Complaint.

7.

This Defendant admits the allegations contained in Paragraph No. 7 of Plaintiff's Complaint.

8.

In response to the allegations contained in Paragraph No. 8 of Plaintiff's Complaint, this Defendant admits that Defendant Santiago is a nonresident motorist.  This Defendant can neither admit nor deny the remaining allegations contained in Paragraph No. 8 of Plaintiff's Complaint.

9.

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 9 of Plaintiff's Complaint and, therefore, cannot admit or deny same.

10.

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 10 of Plaintiff's Complaint and, therefore, cannot admit or deny same.

11.

In response to the allegations contained in. Paragraph No. 11 of Plaintiff's Complaint, this Defendant admits that Defendant Mendoza is not a resident of Georgia, this Defendant can neither admit nor deny the remaining allegations contained in Paragraph No. 11 of Plaintiff's Complaint.

12.

This Defendant denies the allegations contained in Paragraph No. 12 of Plaintiff's Complaint.

13.

This Defendant denies the allegations contained in Paragraph No. 13 of Plaintiff's Complaint.

14.

This Defendant admits the allegations contained in Paragraph No. 14 of Plaintiff's Complaint.

15.

This Defendant admits that it is a foreign corporation incorporated under the laws of Florida and was served with process in this case by serving its registered agent for service of process.

16.

This Defendant denies the allegations contained in Paragraph No. 16 of Plaintiff's Complaint.

17.

This Defendant denies the allegations contained in Paragraph No. 17 of Plaintiff's Complaint.

18.

This Defendant denies the allegations contained in Paragraph No. 18 of Plaintiff's Complaint.

19.

This Defendant denies the allegations contained in Paragraph No. 19 of Plaintiff's Complaint.

20.

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 20 of Plaintiff's Complaint and, therefore, cannot admit or deny same.

21.

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 21 of Plaintiff's Complaint and, therefore, cannot admit or deny same.

22.

This Defendant denies the allegations contained in Paragraph No. 22 of Plaintiff's Complaint.

23.

Defendant admits that it is a foreign corporation authorized to do business in the State of Georgia and may be served by its registered agent, CT Corporation System, 289 S. Culver Street, Lawrenceville, GA, 30046.

24.

Defendant denies the allegations contained in Paragraph No. 24 of Plaintiff's Complaint.

25.

Defendant denies the allegations contained in Paragraph No. 25 of Plaintiff's Complaint.

26.

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 26 of Plaintiff's Complaint and, therefore, cannot admit or deny same.

27.

In response to the allegations contained in Paragraph No. 27 of Plaintiff's Complaint, this Defendant admits that Defendant Hiram was driving within his scope of employment with this Defendant at the time of the incident referenced in Plaintiff's

Complaint. This Defendant denies the remaining allegations contained in Paragraph No. 27 of Plaintiff's Complaint.

28.

In response to the allegations contained in Paragraph No. 28 of Plaintiff's Complaint, this Defendant admits that Defendant Hiram was driving within his scope of employment with this Defendant at the time of the incident referenced in Plaintiff's Complaint. This Defendant denies the remaining allegations contained in Paragraph No. 28 of Plaintiff's Complaint.

29.

In response to the allegations contained in Paragraph No. 29 of Plaintiff's Complaint, this Defendant admits that Defendant Hiram was driving within his scope of employment with this Defendant at the time of the incident referenced in Plaintiff's Complaint. This Defendant denies the remaining allegations contained in Paragraph No. 29 of Plaintiff's Complaint.

30.

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 30 of Plaintiff's Complaint and, therefore, cannot admit or deny same.

31.

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 31 of Plaintiff's Complaint and, therefore, cannot admit or deny same.

32.

Defendant denies the allegations contained in Paragraph No. 32 of Plaintiff's Complaint. 33.

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 33 of Plaintiff's Complaint and, therefore, cannot admit or deny same.

34.

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 34 of Plaintiff's Complaint and, therefore, cannot admit or deny same.

35.

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 35 of Plaintiff's Complaint and, therefore, cannot admit or deny same.

36.

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 36 of Plaintiff's Complaint and, therefore, cannot admit or deny same.

37.

Defendant re allege and incorporate herein by reference their responses to paragraphs 1 through 36 of Plaintiff's Complaint as if fully stated herein.

38.

In response to the allegations contained in Paragraph No. 38 of Plaintiff's Complaint, this Defendant admits that it may be vicariously liable for the negligent acts or omissions committed by its employee while driving within his scope of employment for this Defendant.  This Defendant denies the remaining allegations contained in Paragraph No. 38 of Plaintiff's Complaint.

39.

Defendant re allege and incorporate herein by reference their responses to paragraphs 1 through 38 of Plaintiff's Complaint as if fully stated herein.

40.

Defendant denies the allegations contained in Paragraph No. 40 of Plaintiff's Complaint.

41.

Defendant re allege and incorporate herein by reference their responses to paragraphs 1 through 41 of Plaintiff's Complaint as if fully stated herein.

42.

Defendant denies the allegations contained in Paragraph No. 42 of Plaintiff's Complaint.

43.

10

Defendant re allege and incorporate herein by reference their responses to paragraphs 1 through 42 of Plaintiff's Complaint as if fully stated herein.

44.

This Defendant denies the allegations contained in Paragraph No. 44 of Plaintiff's Complaint.

45.

In response to the allegations contained in Paragraph No. 45 of Plaintiff's Complaint, this Defendant admits that it may be held vicariously liable for the negligent acts and omissions committed by its employee while in his scope of employment with the Defendant.  This Defendant denies the remaining allegations contained in Paragraph No. 45 of Plaintiff's Complaint.

46.

Defendant denies the allegations contained in Paragraph No. 45 of Plaintiff's Complaint.

47.

In response to the allegations contained in Paragraph No. 47 of Plaintiff's Complaint, this Defendant admits that it had policy of liability insurance provided by Defendant State National Insurance Company that was in effect at the time of the incident referenced in Plaintiff's Complaint.

48.

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 48 of Plaintiff's Complaint and, therefore, cannot admit or deny same.

49.

Defendant denies the allegations contained in Paragraph No. 49 of Plaintiff's Complaint.

50.

Defendant denies the allegations contained in Paragraph No. 50 of Plaintiff's Complaint.

51. (Second Paragraph 43)

Defendant denies the allegations contained in Paragraph No. 51 of Plaintiff's Complaint, marked in Plaintiff's Complaint as the second Paragraph 43.

52. (Second Paragraph 44)

Defendant denies the allegations contained in Paragraph No. 52 of Plaintiff's Complaint, marked in Plaintiff's Complaint as the second Paragraph 44.

53. (Second Paragraph 45)

Defendant denies the allegations contained in Paragraph No. 53 of Plaintiff's Complaint, marked in Plaintiff's Complaint as the second Paragraph 45.

54. (Second Paragraph 46)

Defendant denies the allegations contained in Paragraph No. 54 of Plaintiff's Complaint, marked in Plaintiff's Complaint as the second Paragraph 46.

55.

Any allegations contained in Plaintiff's Complaint not herein responded to by number, including Plaintiff's ad damnum/prayer for relief clause and its subparts, are hereby denied.

WHEREFORE, having fully answered, Defendant pray that the Complaint be dismissed with costs of this action cast against Plaintiff.

Defendants further demand a trial by a twelve (12) person jury.

This 16th day of February 2023.

COPELAND, STAIR, VALZ & LOVELL, LLP

191 Peachtree Street NE, Suite 3600
P.O. Box 56887 (30343-0887)
Atlanta, Georgia 30303-1740
Phone: 404-522-8220
Fax: 404-523-2345
abeaton@csvl.law
mjyates@csvl.law

By:   */s/ Michael J. Yates*
ANNA K. BEATON
State Bar No.: 421320
MICHAEL J. YATES, JR.
State Bar No.: 708897

*Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day served a copy of the within and foregoing upon all parties to this matter via electronic filing with the Clerk of the Court, addressed to counsel of record as follows:

Mitchell E. McCough
MITCHELLE E MCGOUGH LAW, LLC
945 E. Paces Ferry Rd. NE
Suite 2250
Atlanta, GA 30326
*Attorney for Plaintiff*

This 16th day of February 2023.

COPELAND, STAIR, VALZ & LOVELL, LLP

191 Peachtree Street NE, Suite 3600
P.O. Box 56887 (30343-0887)
Atlanta, Georgia 30303-1740
Phone: 404-522-8220
Fax: 404-523-2345
abeaton@csvl.law
mjyates@csvl.law

By: /s/ Michael J. Yates
ANNA K. BEATON
State Bar No.: 421320
MICHAEL J. YATES, JR.
State Bar No.: 708897

*Attorneys for Defendants*

.

8535883v.1