**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| JERMAINE SHAW, individually and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br>v.<br><br><br>TELECON LLC and TANIA THOMPSON,<br><br>     Defendants. | CIVIL ACTION NO: |

## COLLECTIVE ACTION COMPLAINT

### INTRODUCTION

1.     This is an action brought on behalf of individuals who have worked as field technicians for Telecon LLC ("Telecon") challenging Telecon's failure to pay them overtime, and failing on many weeks to pay them the minimum wage for all hours worked and challenging their unlawful misclassification as independent contractors instead of employees. Telecon contracts with internet and cable providers such as Charter Communications and Verizon to infrastructure services such as mapping and cabling across the United States.  Telecon controls, supervises, and directs the manner in which its technicians perform these services. The

technicians' services are integral and central to Telecon's business.  Moreover, the technicians are economically dependent on Telecon to assign their work, and the technicians do not operate independently established businesses.

2.      Plaintiff Jermaine Shaw asserts claims under the federal Fair Labor Standards Act ("FLSA") on behalf of himself and all others similarly situated who performed such infrastructure services for Telecon, and who were misclassified as independent contractors instead of employees, seeking remedies for minimum wage and overtime violations resulting from this misclassification.

**PARTIES**

3.      Plaintiff Jermaine Shaw is an adult resident of Fort Myers, Florida. From approximately August 9, 2022 to October 3, 2022, Plaintiff worked as a technician, performing mapping work for Telecon and at Telecon's direction in Ohio and Kentucky. During the relevant time, Shaw was an employee of Telecon as that term is defined in the FLSA. Plaintiff Shaw's Notice of Consent is attached as **Exhibit A.**

4.      Plaintiff brings this action on his own behalf and on behalf of all similarly situated individuals in the states in which Telecon operates.

5.      Defendant Telecon LLC ("Telecon") is a corporate entity, organized in Georgia, with its headquarters (principal place of business) in Atlanta, Georgia.

Upon information and belief, Telecon conducts its business throughout the Midwestern and Southern United States.

6.     Defendant Tania Thompson is a resident of Georgia, and is the owner and registered agent of Telecon, LLC. Upon information and belief, Thompson is responsible for the decision to classify technicians as independent contractors, and for putting in place the compensation structure for technicians which resulted in the FLSA violations detailed below. Thompson acted as Plaintiff's supervisor during his time working at Telecon, gave him his work assignments, and communicated with him about his compensation.

7.     Telecon is engaged in interstate commerce and employs individuals engaged in interstate commerce and is therefore covered by the FLSA, and Telecon is an "employer" as that term is defined in the FLSA.

8.     Defendant Thompson is an "employer" as that term is defined in the FLSA and bears individual liability for the FLSA violations set out below

## JURISDICTION AND VENUE

9.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

10.     The Court also has jurisdiction over the FLSA claims asserted in this matter pursuant to 29 U.S.C. § 216(b).

11.    Venue in this forum is proper pursuant to 28 U.S.C. §§ 1391(a) and (b), because Defendants reside in this District, a substantial part of the events giving rise to this action occurred in this District, and the Defendants are subject to personal jurisdiction in this District.

## FACTS

12.    Telecon performs mapping and installation services for companies such as Charter Communications and Verizon and Comcast in the Midwestern and Southern United States.

13.    In order to provide its services, Telecon employs technicians like Plaintiff. Upon information and belief, there were approximately 40 technicians working for Telecon at the same time as Plaintiff.

14.    Although Telecon classified its technicians as independent contractors, these technicians are employees as a matter of law under the federal Fair Labor Standards Act.

15.    The work of Plaintiff and other technicians falls squarely within Telecon's usual course of business.  Indeed, Plaintiff and other technicians are central to Telecon's core business as a telecom and cable service company.

16.    Plaintiff and other technicians are not engaged in independently established trades, occupations, professions, or businesses.  Rather, technicians rely

4

upon Telecon to negotiate with customers, such as Charter Communications and Verizon, and to assign work to the technicians.

17.     Telecon controls the work performed by Plaintiff and other technicians by assigning their work to them, setting a work schedule, setting rules and requirements for the technicians' work and maintaining detailed records of the work performed by technicians, determining the technicians' rate of pay, and retaining the authority to withhold payment from, or to terminate any technicians whose work is unsatisfactory.

18.     Plaintiff was assigned by Telecon to survey utilities for Telecon's client Charter Communications.

19.     Telecon assigned work to Plaintiff. Telecon provided Plaintiff, on a daily basis, with maps which he was supposed to follow, edit and update as part of his work.

20.     Telecon paid Plaintiff a set rate of approximately 3 cents per foot surveyed.  Telecon unilaterally set Plaintiff's pay rate. Upon information and belief, other technicians working for Telecon were also paid a per-foot rate for surveying work or a piece rate for installations, and were not paid minimum wage or overtime, even though they regularly worked overtime.

21.     Plaintiff worked for Telecon up to 14 hours a day, 7 days a week. Plaintiff had to "walk" the entire map assigned to him by Telecon for that day, which

took approximately 12 hours to complete. After completing the map, Plaintiff had to complete paperwork required by Telecon.

22.    Plaintiff was also required to purchase equipment, including an iPad and binoculars, at his own expense in order to perform the work assigned to him by Telecon. Plaintiff estimates that he spent approximately $3000 on equipment required to perform his work for Telecon.

23.    Plaintiff did not receive minimum wage for all hours worked for Telecon. In addition, although Plaintiff routinely worked more up to 80 hours a week, he was not paid time-and-a-half for hours worked in excess of 40 a week. Plaintiff's substantial out-of-pocket, work-related expenses brought his compensation further below the statutory minimum wage.

24.    Telecon's misclassification of its technicians as independent contractors and the additional violations described above were willful and undertaken in bad faith.

## COLLECTIVE ACTION ALLEGATIONS

25.    Plaintiff's FLSA claims should proceed as a collective action on behalf of all similarly situated technicians in the United States.

26.    All potential opt-in Plaintiffs worked pursuant to the common misclassification scheme described above under which Telecon did not pay

technicians at least the minimum wage for all hours worked, did not provide any overtime premium when technicians worked more than forty hours per week, and forced technicians to incur work related expenses which brough their work further below minimum wage, and therefore they are "similarly situated" as that term is defined in 29 U.S.C. § 216(b).

## COUNT I

## FAIR LABOR STANDARDS ACT–FAILURE TO PAY MINIMUM WAGES INDIVIDUAL AND COLLECTIVE ACTION

27.    All previous paragraphs are incorporated as though fully set forth herein.

28.    Telecon's willful conduct in failing to ensure that its technicians across the country, whom it has relied upon to perform a critical and integral component of its business services, receive the federal minimum wage, after accounting for the expenses they paid that were necessary to perform their job, violates the FLSA, 29 U.S.C. § 201, *et seq*.  This claim is brought on behalf of a group of similarly situated individuals who may choose to "opt in" to this case, pursuant to 29 U.S.C. §216(b).

## COUNT II

## FAIR LABOR STANDARDS ACT–FAILURE TO PAY OVERTIME WAGES INDIVIDUAL AND COLLECTIVE ACTION

29.     All previous paragraphs are incorporated as though fully set forth herein.

30.     Telecon failed to pay Plaintiff and the members of the putative FLSA collective at the rate of one-and-a-half times their regular rate of pay for all hours worked in excess of forty hours weekly as required by section 7(a) of the FLSA, 29 U.S.C. § 207(a).

31.     The failure of Telecon to compensate Plaintiff and the members of the putative collective for overtime work as required by the FLSA was knowing, willful, intentional, and done in bad faith.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks this honorable Court to enter the following relief:

    a.    An order granting certification of this case as an FLSA collective action, and permitting notice to be sent to potential Opt-in Plaintiffs;

    b.    An award of damages for all unpaid wages, resulting from Defendant's misclassification, as described above;

c.      Statutory liquidated damages;

d.      Attorneys' fees and costs; and

e.      Such other legal and equitable relief as the Court deems just and
proper.

JERMAINE SHAW,

on behalf of himself and all
others similarly situated,

Plaintiff,

By his Attorneys,


/s/     *John L. Mays*
John. L Mays
Georgia Bar No. 986574
PARKS, CHESIN & WALBERT, P.C.
75 Fourteenth Street, 26th Floor
Atlanta, GA 30309
(404) 873-8000
jmays@pcwlawfirm.com

Harold L. Lichten (*pro hac vice anticipated*)
Olena Savytska (*pro hac vice anticipated*)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston St., Suite 2000
Boston, MA  02116
(617) 994-5800
hlichten@llrlaw.com
osavytska@llrlaw.com