IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BRANT ROBINSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION |
| ) | FILE NO.: _____ |
| 84 LUMBER COMPANY, ) | |
| LIMITED PARTNERSHIP; ABC ) | |
| CORPS. 1-2; and JOHN DOE ) | |
| EMPLOYEES ) | |
| ) | |
| Defendants. | |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant 84 Lumber Company, Limited Partnership ("Defendant" or "84 Lumber"), files this Notice of Removal showing the Court as follows:

1.

Plaintiff Brant Robinson ("Plaintiff") filed a civil action in the State Court of Cobb County, Georgia, with Civil Action File No. 23-A-384, asserting negligence claims arising out of an incident that took place on or about February 19, 2021 at a facility located at 84 Ampacet Drive, Cartersville, Georgia. A copy of all process, pleadings, and orders served upon the Cobb State court case is attached hereto as Exhibit "A".

2.

At the time the Complaint was filed, Plaintiff was a citizen of the State of Tennessee. (Compl. ¶ 1.)

3.

"[F]or purposes of diversity of citizenship, a limited partnership is a citizen of each state in which any of its partners, limited or general, are citizens." Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1021 (11th Cir. 2004) (referencing Carden v. Arkoma Assocs., 494 U.S. 185, 195–96 (1990)).

4.

At the time the Complaint was filed, Defendant was a foreign limited partnership formed under the laws of the Commonwealth of Pennsylvania with its principal place of business located in Pennsylvania.

5.

At the time the Complaint was filed, Defendant had one general partner, Hardy Holdings, Inc., and two limited partners, Margaret Hardy Knox 2001 Irrevocable Trust and 84 Associates, Inc.

6.

Hardy Holdings, Inc., Defendant's general partner, is a foreign corporation

formed under the laws of the Commonwealth of Pennsylvania with its principal place of business in the State of Pennsylvania.

7.

Margaret Hardy Knox 2001 Irrevocable Trust, Defendant's limited partner, is a trust formed under the laws of the Commonwealth of Pennsylvania. Trustee Margaret Hardy Knox resides and is domiciled in Pennsylvania and is the sole trustee and sole beneficiary of the Margaret Hardy Knox 2001 Irrevocable Trust.

8.

84 Associates, Inc., Defendant's limited partner, is a corporation formed under the laws of the Commonwealth of Pennsylvania with its principal place of business in Pennsylvania.

9.

Consequently, based on the citizenship of its partners, Defendant is a citizen of Pennsylvania for diversity jurisdiction purposes. See Rolling Greens, 374 F.3d at 1021.

10.

In the Complaint, Plaintiff alleges that due to the subject incident he has suffered "injuries." (Compl. ¶ 12, 13.) Plaintiff alleges that he has suffered "bodily

injuries; pain and suffering; expenses of medical care, diagnosis, and treatment; loss of consortium; lost capacity for the enjoyment of life; lost ability to work; and other economic damages including, without limitation lost wages." (Compl. ¶ 14.) Plaintiff further alleges that his "economic and non-economic damages are continuing in nature, and he will continue to incur general and special damages in the future." Id. Although Plaintiff's complaint generally alleges "expenses of medical care" and does not specify an amount, in support of Plaintiff's claim his counsel has sent Defendant medical billing records in excess of $130,000.00 that Plaintiff claims stem from the subject incident.

11.

Plaintiff is also seeking to recover an unknown amount of general damages, including pain and suffering and loss of the capacity for enjoyment of life. Id. The amount of lost wages and future lost earnings Plaintiff seeks to recover is also unknown. Id.

12.

Based on Plaintiff's allegations in the Complaint, Plaintiff's alleged injuries and damages in the subject incident, and the allegations that Plaintiff's damages are ongoing and will continue in the future, the total of the special and general damages

4887-5754-7604v1

2830002-000158 03/06/2023

at issue in this matter exceeds $75,000, which is the amount in controversy requirement for removal to this Court, and the jurisdictional prerequisite is therefore satisfied. There is diversity of the parties at the time of this removal, which satisfies the remaining requisite elements of jurisdiction and entitles Defendant to remove this action to the United States District Court for the Northern District of Georgia, Atlanta Division, pursuant to 28 U.S.C §§ 1332 and 1446.

13.

The foregoing action is properly removable to this Court pursuant to 28 U.S.C. § 1441(a), 28 U.S.C §§ 1446(a) and (b) and, in accordance with U.S.C. § 1332(a), there being a complete diversity of citizenship between Plaintiff and Defendant, and the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.

14.

Now, within thirty days after the receipt by Defendant of the document indicating that the amount in controversy has been met and thus making the case removable to this Court, notice is hereby given, in accordance with 28 U.S.C. § 1446 and pursuant to Rule 11 of the Federal Rules of Civil Procedure, of the removal of said action to this Court.

15.

Written notice of the filing of this Notice of Removal will be given to all parties as required by 28 U.S.C § 1446.

16.

Defendant consents to the removal of this matter to the United States Court for the Northern District of Georgia, Atlanta Division.

17.

A true and correct copy of this Notice of Removal will be filed with the Clerk of the State Court of Cobb County, Georgia, as required by 28 U.S.C § 1446.

WHEREFORE, Defendant prays that the above-captioned lawsuit be removed to the United States Court for the Northern District of Georgia, Atlanta Division.

Respectfully submitted, this 6th day of March, 2023.

| | |
|---|---|
| Monarch Plaza, Suite 1500<br>3414 Peachtree Road NE<br>Atlanta, Georgia 30326<br>Telephone:  (404) 577-6000<br>Facsimile:  (404) 221-6501<br>Email:  mbarber@bakerdonelson.com<br>        ekillorin@bakerdonelson.com | **BAKER, DONELSON, BEARMAN**<br>**CALDWELL & BERKOWITZ, PC**<br><br> */s/ Mark A. Barber*<br>MARK A. BARBER<br>Georgia State Bar No. 036875<br>E. WYLLY KILLORIN, III<br>Georgia State Bar No. 819291<br><br>*Attorneys for Defendant 84 Lumber* |

- 6 -

## CERTIFICATION PURSUANT TO LOCAL RULE 5.1B

This is to certify that this Pleading was created in Times New Roman 14-point font with a 1.5" top margin in accordance with Local Rule 5.1B.

This 6th day of March, 2023.

                                             BAKER, DONELSON, BEARMAN
                                             CALDWELL & BERKOWITZ, PC

                                             */s/ Mark A. Barber*
                                             MARK A. BARBER
                                             Georgia State Bar No. 036875

                                             *Attorney for Defendant 84 Lumber*

## CERTIFICATE OF SERVICE

This is to certify that I served a copy of the foregoing **NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF filing system, which will automatically send email notification of such filing to the following attorney of record, as well as by U.S. Mail, to:

Benjamin J. Welch
MORGAN & MORGAN ATLANTA, PLLC
Post Office Box 57007
Atlanta, Georgia 30343-1007

*Attorney for Plaintiff*

This 6th day of March, 2023.

| | |
|---|---|
| Monarch Plaza, Suite 1500<br>3414 Peachtree Road NE<br>Atlanta, Georgia 30326<br>Telephone: (404) 577-6000<br>Facsimile: (404) 221-6501<br>Email: mbarber@bakerdonelson.com<br>ekillorin@bakerdonelson.com | **BAKER, DONELSON, BEARMAN CALDWELL & BERKOWITZ, PC**<br><br>/s/ *Mark A. Barber*<br>MARK A. BARBER<br>Georgia State Bar No. 036875<br>E. WYLLY KILLORIN, III<br>Georgia State Bar No. 819291<br><br>*Attorneys for Defendant 84 Lumber* |