ID# NCJVRRFP-YJS
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

23-A-384

JAN 27, 2023 04:56 PM

Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| BRANT ROBINSON, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE NO.: |
| | ) | |
| vs. | ) | |
| | ) | |
| 84 LUMBER COMPANY, LIMITED | ) | **JURY TRIAL DEMANDED** |
| PARTNERSHIP; ABC CORPS. 1-2; | ) | |
| and JOHN DOE EMPLOYEES, | ) | |
| | ) | |
| Defendants. | ) | |

### PLAINTIFF'S COMPLAINT FOR DAMAGES

Plaintiff Brant Robinson files this Complaint for Damages and brings the following causes

of action against Defendants 84 Lumber Company, Limited Partnership; ABC Corps. 1-2; and

John Doe Employees, showing this Honorable Court as follows:

### PARTIES, JURISDICTION, & VENUE

1.

Plaintiff is a resident of the State of Tennessee.

2.

Defendant 84 LUMBER COMPANY, LIMITED PARTNERSHIP (hereinafter "84

Lumber"), is a foreign limited partnership that is authorized to transact business in Georgia and

may be served with process in this action upon its registered agent for service of process, Corporate

Creations Network Inc., 2985 Gordy Parkway, 1st Floor, Marietta, Georgia 30066, in Cobb

County.  Defendant may be served at this address.

3.

ABC Corps. 1-2 are unidentified business entities that are potential, third-party, joint

tortfeasors.  ABC Corps. 1-2 are business entities that owned, operated, controlled, or managed

**EXHIBIT "A"**

1



some aspect of 84 Lumber Store #1616 and may have contributed to the negligence that injured Plaintiff.  If and when ABC Corps. 1-2 are identified, Plaintiff will timely amend his pleading and cause a Summons and Complaint to be properly served.

4.

John Doe Employees are one or more unidentified individuals who are potential, third-party, joint tortfeasors.  John Doe Employees played some role in ownership, operations, or management of 84 Lumber Store #1616 and may have contributed to the negligence that injured Plaintiff.  If and when John Doe Employees are identified, Plaintiff will timely amend his pleading and cause a Summons and Complaint to be properly served.

5.

All parties are subject to the jurisdiction of this Court.

6.

Pursuant to Article VI, § II, ¶ VI of the Georgia Constitution and O.C.G.A. § 14-2-510, venue is proper because Defendant 84 Lumber maintains its registered office in Cobb County.

BACKGROUND FACTS

7.

Defendants 84 Lumber and/or ABC Corps. 1-2 (hereinafter "Defendants") owned, operated, controlled, and/or managed the 84 Lumber Store #1616, which is located at 84 Ampacet Drive, Cartersville, Georgia 30120 (hereinafter "Store #1616"), on or around February 19, 2021 (hereinafter "the date of incident").

8.

At all material times, John Doe Employees were working for Defendants and acting within the course and scope of their duty.

9.

On the date of incident, Plaintiff delivered drywall to Store #1616.

10.

Defendants tasked John Doe Employees to unload the drywall from Plaintiff's truck.

11.

While John Doe Employees were unloading the drywall from Plaintiff's truck, some of the drywall fell off of the forklift they were using and struck Plaintiff (hereinafter the "Incident").

12.

As a result of the Incident, Plaintiff was injured.

13.

Defendants negligently caused Plaintiff's injuries.

14.

As the direct and proximate result of Defendants' negligence, Plaintiff suffered bodily injuries; pain and suffering; expenses of medical care, diagnosis, and treatment; loss of consortium; lost capacity for the enjoyment of life; lost ability to work; and other economic damages including, without limitation lost wages.  Plaintiff's economic and non-economic damages are continuing in nature, and he will continue to incur general and special damages in the future.

15.

As the direct and proximate result of Defendants' negligence, Plaintiff suffered, continues to suffer, and may recover, general and special damages as allowed by applicable law.  Plaintiff will continue to incur such losses in the future.

NEGLIGENCE

16.

Plaintiff repeats and realleges paragraphs 1 through 15 above, verbatim.

17.

At all material times, Defendants 84 Lumber and ABC Corps. 1-2 controlled the mode, manner, and means by which they operated Store #1616.  Under Defendants' mode, manner, and means of operating Store #1616, injuries were reasonably foreseeable.

18.

Defendants' chosen mode and manner of operating Store #1616 required Defendants to implement safety procedures to mitigate or eliminate foreseeable risks of injury.

19.

Defendants owed visitors to Store #1616 a duty to use ordinary care to guard against foreseeable risks of harm caused by Defendants' mode, manner, and means of operating Store #1616.

20.

Defendants had a duty to develop, implement, maintain, comply with, and enforce appropriate safety measures in order to protect visitors to Store #1616 from the foreseeable risks of harm.

21.

Defendants breached their duty to Plaintiff by negligently failing to exercise reasonable care to protect him from foreseeable risks of harm.

22.

Defendants negligently failed to exercise reasonable care to protect Plaintiff from

4

foreseeable risks of harm in one or more of the following ways:

(i)      Defendants failed to maintain a safety protocol to protect visitors to Store #1616 from the foreseeable risk of injuries;

(ii)     Defendants' safety measures were inadequate to protect visitors to Store #1616 from the foreseeable risk of injuries;

(iii)    Defendants' employees negligently failed to comply with, carry out, and enforce Defendants' safety protocols and measures;

(iv)    Defendants negligently failed to adequately train their employees, contractors, agents, and/or representatives;

(v)     Defendants failed to adequately supervise their employees, contractors, agents, and/or representatives;

(vi)    Defendants failed to hire sufficiently adequate staff to work at Store #1616; and/or

(vii)   Defendants failed to warn Plaintiff of the inherent risks related to their operations of Store #1616.

23.

Defendants' failure to exercise reasonable care in their operations and procedures caused drywall to fall off of a forklift and strike Plaintiff, which caused Plaintiff to be injured.

24.

Defendants' negligence directly and proximately caused Plaintiff's injuries.

25.

Defendants 84 Lumber and ABC Corps. 1-2 are vicariously liable for the negligent acts and omissions of their employees, contractors, agents, and representatives, committed during the

course and scope of their employment and in furtherance of Defendants' business.  Defendants' employees, contractors, agents, and representatives include, but are not limited to, John Doe Employees.

WHEREFORE, Plaintiff demands judgment against Defendants and further, Plaintiff prays:

a.  That process issue requiring Defendants to appear and answer Plaintiff's allegations;

b.  That Defendants be served with a copy of Plaintiff's Complaint for Damages;

c.  That Plaintiff be granted a **trial by jury** of twelve persons for all issues so triable;

d.  That Plaintiff recover all damages allowable and recoverable under applicable law in an amount to be determined by a jury;

e.  That Plaintiff recover general and special damages; and

f.  That this Honorable Court order such other and further relief as the Court deems just and proper.

This <u>27th</u> day of January, 2023.

MORGAN & MORGAN ATLANTA, PLLC

*/s/ Benjamin J. Welch*

BENJAMIN J. WELCH
BWelch@ForThePeople.com
Georgia State Bar No.: 459886
Post Office Box 57007
Atlanta, GA 30343-1007
404-965-8811 (Telephone)
404-965-8812 (Fax)
*Attorney for Plaintiff*

ID# 1-NCJVRRFP-DXQ
**EFILED IN OFFICE**
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**23-A-384**

## General Civil and Domestic Relations Case Filing Information Form

☐ **Superior** or ☑ **State Court of** _Cobb_ _____ **County**

**JAN 27, 2023 04:56 PM**

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

| **For Clerk Use Only** | |
|---|---|
| **Date Filed** 01-27-2023 | **Case Number** 23-A-384 |
| **MM-DD-YYYY** | |

**Plaintiff(s)**

Robinson, Brant

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Defendant(s)**

84 Lumber Company, Limited Partnership

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

ABC CORPS 1-2

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

DOE Employees, JOHN

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Plaintiff's Attorney** Welch, Benjamin       **Bar Number** 459886       **Self-Represented** ☐

### Check one case type and, if applicable, one sub-type in one box.

**General Civil Cases**

- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Garnishment
- ☑ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**

- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____   _____
**Case Number**               **Case Number**

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____
**Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____

_____

ID# E-NCJVRRFP-MDA
⚖ EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**23-A-384**

**JAN 27, 2023 04:56 PM**

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

# STATE COURT OF COBB COUNTY
# STATE OF GEORGIA

CIVIL ACTION NUMBER  <u>23-A-384</u>

$198.00 COST PAID

Robinson, Brant

_____
**PLAINTIFF**

**VS.**

84 Lumber Company, Limited Partnership
ABC CORPS 1-2
DOE Employees, JOHN

_____
**DEFENDANTS**

### SUMMONS

TO: 84 LUMBER COMPANY, LIMITED PARTNERSHIP

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Benjamin Welch**
> **Morgan & Morgan, P.A.**
> **P.O. Box 57007**
> **Atlanta, Georgia 30343-1007**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 30th day of January, 2023.**

Clerk of State Court



*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

12 East Park Square, Marietta, Georgia 30090-9630
(770) 528-1220 Building B, First Floor-Civil Division



ID# E4NCJVRRFP-YKX
⚖ EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**23-A-384**

**JAN 27, 2023 04:56 PM**

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

# STATE COURT OF COBB COUNTY
# STATE OF GEORGIA

CIVIL ACTION NUMBER   <u>23-A-384</u>

$198.00 COST PAID

Robinson, Brant

_____
**PLAINTIFF**

**VS.**

84 Lumber Company, Limited Partnership
ABC CORPS 1-2
DOE Employees, JOHN

_____
**DEFENDANTS**

### SUMMONS

TO: ABC CORPS 1-2

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Benjamin Welch**
> **Morgan & Morgan, P.A.**
> **P.O. Box 57007**
> **Atlanta, Georgia 30343-1007**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 30th day of January, 2023.**

Clerk of State Court



*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

12 East Park Square, Marietta, Georgia 30090-9630
(770) 528-1220 Building B, First Floor-Civil Division



ID# E-NCJVRRFP-MML
🌐 EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**23-A-384**

**JAN 27, 2023 04:56 PM**

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

# STATE COURT OF COBB COUNTY
# STATE OF GEORGIA

CIVIL ACTION NUMBER  <u>23-A-384</u>

$198.00 COST PAID

Robinson, Brant

---

**PLAINTIFF**

**VS.**

84 Lumber Company, Limited Partnership
ABC CORPS 1-2
DOE Employees, JOHN

---

**DEFENDANTS**

**SUMMONS**

TO: DOE EMPLOYEES, JOHN

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Benjamin Welch**
> **Morgan & Morgan, P.A.**
> **P.O. Box 57007**
> **Atlanta, Georgia 30343-1007**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 30th day of January, 2023.**

Clerk of State Court



*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

12 East Park Square, Marietta, Georgia 30090-9630
(770) 528-1220 Building B, First Floor-Civil Division

Page 1 of 1



ID# ENCJVRRFP-KXT
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

23-A-384

JAN 27, 2023 04:56 PM

Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

BRANT ROBINSON,                          )
                                         )
      Plaintiff,                     )     CIVIL ACTION FILE
                                         )     NO.:
    vs.                               )
                                         )
84 LUMBER COMPANY, LIMITED               )
PARTNERSHIP; ABC CORPS. 1-2;             )
and JOHN DOE EMPLOYEES,                  )
                                         )
      Defendants.                    )

### RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY MATERIALS

Plaintiff hereby certifies that a true and correct copy of the following was delivered for service with the Summons and Complaint:

1. Plaintiff's First Request for Admissions to Defendant 84 Lumber Company;

2. Plaintiff's First Interrogatories to Defendant 84 Lumber Company; and

3. Plaintiff's First Request for Production of Documents to Defendant 84 Lumber Company.

This 27th day of January, 2023.

**MORGAN & MORGAN ATLANTA, PLLC**

*/s/ Benjamin J. Welch*

_____
BENJAMIN J. WELCH
BWelch@ForThePeople.com
Georgia State Bar No.: 459886
Post Office Box 57007
Atlanta, GA 30343-1007
404-965-8811 (Telephone)
404-965-8812 (Fax)
*Attorney for Plaintiff*



ID# E-NCJVRRFP-DLM
⚖ EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**23-A-384**

**JAN 27, 2023 04:56 PM**

Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

BRANT ROBINSON,                        )
                                       )
         Plaintiff,              )          CIVIL ACTION FILE
                                       )          NO.:
    vs.                              )
                                       )
84 LUMBER COMPANY, LIMITED             )
PARTNERSHIP; ABC CORPS. 1-2;           )
and JOHN DOE EMPLOYEES,                )
                                       )
        Defendants.             )

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT 84 LUMBER COMPANY

Plaintiff, pursuant to O.C.G.A. § 9-11-34, serves upon Defendant 84 Lumber Company, Limited Partnership, Plaintiff's First Request for Production of Documents to be answered within forty-five (45) days from service hereof, and in the form provided by law.

Written responses to Plaintiff's Request for Production of Documents are to be served within forty-five (45) days from the date of service hereof. The documents requested to be produced for inspection and copying are to be produced at the offices of Morgan and Morgan Atlanta, PLLC., 191 Peachtree St. NE, #4200, Atlanta, GA 30303, on the forty-fifth (45th) day from the date of service hereof unless the forty-fifth (45th) day falls on a holiday or weekend, in which event the production will take place on the Monday following the 45th day; or at such other time, date, and location agreed to by counsel for Defendant and the undersigned counsel. In lieu of this, you may attach copies thereof to your written responses to said request for production.

You are also required, pursuant to the Civil Practice Act, to produce at trial the materials and documents requested herein.

1



The following definitions and instructions are applicable to each request unless negated by the context:

## **DEFINITIONS**

When used in these Requests, the term "Defendant," or any synonym thereof, is intended to and shall embrace servants, representatives, private investigators, and others who are in a position of or may have obtained information for or on behalf of Defendant.

As used in these Requests, the following words and phrases have the meanings set forth below.

(1) "You" and "your" means and refers to the Defendant that is responding to these requests, and includes its agents, employees, insurance company and their agents and employees, its attorneys, investigators and anyone else acting on its or their behalf.

(2) "Document" means and includes any written, recorded, or graphic matter in whatever form, including copies, drafts, and reproductions thereof to which you have or have had access, including, but not limited to, correspondence, writings, records, memoranda, drawings, photographs, tapes, stenographic or handwritten notes, studies, publications, books, ledgers, contracts, agreements, financial records, checks, drafts, receipts, bills, invoices, pamphlets, pictures, films, motion pictures, videotapes, videodisks, audiotapes, voice recordings or other sound recordings, maps, graphs, charts, reports, surveys, minutes of statistical compilations, forms prescribed by government agencies, computer tapes, computer disks, computer printouts, photocopies, microfilm, microfiche, and any other data, sound, or image compilation or recording from which information regarding the described transactions can be obtained, translated if necessary by respondent through appropriate and necessary devices into reasonably useable and intelligible form; every copy of such writing or record where the original is not in your possession,

2

custody or control, and every copy of such writing or record where such copy is not an identical copy of an original or where such copy contains any commentary or notation whatsoever that does not appear on the original.

(3) "Person" shall mean any individual, natural person, proprietorship, partnership, corporation, cooperative, association, firm, group, government, business entity, any other organization or entity, and any group of persons associated in fact although not a legal entity.

(4) "Identify" means the following:

(a) When used with respect to individuals, means to state the full name, present or last known residence address (designating which), telephone number, present or last known employment address (designating which), job title and present whereabouts of such person;

(b) When used with respect to persons other than individuals, as the term "persons" is identified in (3) above, means to state the full name, present or last known address and telephone number, the legal form of such entity or organization, together with the name, address, telephone number and job title of the employee, agent, servant or representative of such entity who has knowledge of the particular facts or possession, custody or control of the particular documents of which discovery is sought;

(c) When used with respect to documents, tangible objects, or other items of real or demonstrative evidence, means to list the items of which discovery is sought, describe them in specific detail (give an exhibit number for each if one has been assigned, the title (if any), the date, author, sender, recipient, the identity of person signing it, type of document (i.e., a letter, memorandum, notation, book, telegram, chart, etc.) or some other means of identifying it,) and state the name, address and telephone number of the person who

presently has possession, custody or control over each item of real or documentary evidence listed; and

(d) When used with respect to facts, circumstances or information, means to give a concise summary of the nature and substance of the facts, circumstances or information of which discovery is sought.

(5) "Communication" means the transmittal of information from one or more persons to another person or persons, whether the medium for transmittal be oral, written or electronic.

(6) "Date" shall mean the exact day, month and year, if ascertainable, or if not, the best available approximation (including relationship to other events).

Whenever the context so requires, the plural shall include the singular, the singular the plural, the masculine the feminine and neuter, and the neuter the masculine and feminine.

## DOCUMENTS TO BE PRODUCED

1.

Please produce each and every document, tangible object, or other item of real, demonstrative, or documentary evidence which provides any and all factual support for each defense asserted in your Answer to Plaintiff's Complaint for Damages.

2.

Please produce any and all photographs, videos, drawings, maps, or sketches of anything related to the incident described in Plaintiff's Complaint.

3.

Please produce any surveillance photographs, movies, or videotapes made of Plaintiff or

his family members taken on or since February 19, 2021 (the "date of incident").

4.

Please produce every insurance agreement under which an insurance business may be liable to you to satisfy part or all of any judgment which may be entered in this action or to indemnify or reimburse you for any payments made to satisfy such judgment.

5.

Please produce all documents relating to any controversy as to whether or not coverage is afforded to you under any insurance agreements, including but not limited to any non-waiver agreements and letters of reservation of rights.

6.

Please produce each and every document comprising a report made by any person, firm, association, or other entity (including insurance adjusters, management, and government bodies) that has conducted any investigation to determine any of the facts pertaining to any of the issues in this action.

7.

Please produce each and every document comprising a report made by any person you expect to call as an expert witness at the trial of this case.

8.

Please produce every document provided to you by any expert you expect to call as an expert witness at the trial of this case that relate to any facts about the subject matter of this action.

9.

Please produce every document provided <u>by</u> you to any expert you expect to call as an expert witness at the trial of this case that relate to any facts about the subject matter of this action.

10.

Please produce each and every document relating to any written or recorded statement inquired about in Interrogatory No. 6 of Plaintiff's First Interrogatories.

11.

Please produce all statements in your possession, made or provided by Plaintiff or anyone on Plaintiff's behalf, which concern the subject matter of this action.

12.

Please produce any and all policies, manuals, standards, guidelines, handbooks, memos, and procedures, <u>effective on the date of incident</u>, for the unloading of goods, materials, and/or other deliveries.

13.

Please produce any and all policies, manuals, standards, guidelines, handbooks, memos, and procedures, <u>effective on the date of incident</u>, for the operation of forklifts.

14.

Please produce all training materials provided to employees and/or managers <u>on or prior to the date of incident</u>.

15.

Please produce copies of all your employee personnel files, timesheets, and reports for the employee(s) that were unloading Plaintiff's truck at 84 Lumber Store #1616, which is located at 84 Ampacet Drive, Cartersville, Georgia 30120 (hereinafter "Store #1616") on or around the date of incident.

6

16.

Please produce a copy of all witness and employee statements gathered in conjunction with any incident report you prepared regarding the incident at issue in this case.

17.

Please produce a copy of all documents you receive in response to a subpoena, document production request, or request to produce which were provided by any party other than Plaintiff in this matter.

18.

Produce copies of every single written correspondence you received from Plaintiff or Plaintiff's representatives, including Plaintiff's attorney, since the date of incident.

19.

Please produce all materials you intend to rely on during the trial of this matter.

20.

Produce copies of every single written correspondence you have had with any non-party or representative for any non-party regarding Plaintiff and/or the incident giving rise to Plaintiff's Complaint since the date of incident.

*Plaintiff's First Request for Production of Documents to Defendants is served upon each of them together with Plaintiff's Complaint for Damages.*

*(Signature on Following Page)*

7

This <u>27th</u> day of January, 2023.

**MORGAN & MORGAN ATLANTA, PLLC**

*/s/ Benjamin J. Welch*
_____

Benjamin J. Welch
BWelch@ForThePeople.com
Georgia State Bar No.: 459886
Post Office Box 57007
Atlanta, GA 30343-1007
404-965-8811 (Telephone)
404-965-8812 (Fax)
*Attorney for Plaintiff*

8

ID# NCJVRRFP-XY2
⏚ EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

23-A-384

JAN 27, 2023 04:56 PM

Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

BRANT ROBINSON,  )
  )
        Plaintiff,  )    CIVIL ACTION FILE
  )    NO.:
    vs.  )
  )
84 LUMBER COMPANY, LIMITED  )
PARTNERSHIP; ABC CORPS. 1-2;  )
and JOHN DOE EMPLOYEES,  )
  )
        Defendants.  )

### PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS
### TO DEFENDANT 84 LUMBER COMPANY

Plaintiff hereby requests that Defendant 84 Lumber Company, Limited Partnership, admit for the purpose of this action the truth of the following facts within forty-five (45) days after the date of service hereof and in conformity with O.C.G.A. § 9-11-36.  If any request cannot be truthfully admitted or denied, please state in detail the reasons why you cannot truthfully admit or deny the matter.  If you cannot admit or deny the request in its entirety, please specify that part which you cannot admit or deny and state in detail the reasons for any such qualifications.  If you assert any claim of privilege in response to any or all of these requests, set forth, with respect to each such request(s) as to which a claim of privilege is asserted, the nature of the privileged claimed (e.g. attorney-client, work-product, etc.) and the basis for your claim.

### REQUESTS FOR ADMISSION

1.

Please admit that this Court has personal jurisdiction over you for this lawsuit.

2.

Please admit that venue for this action is proper as alleged in the Complaint.

1



3.

Please admit that you were properly served with this Complaint.

4.

Please admit that service of process on you was proper.

5.

Please admit that you are a proper party to this lawsuit.

6.

Please admit that you owned and operated 84 Lumber Store #1616 on February 19, 2021.

7.

Please admit that your employees exclusively handled the unloading of the drywall from Plaintiff's truck.

8.

Please admit that Plaintiff did not contribute to or cause the injuries he suffered on the date of the incident.

9.

Please admit Plaintiff exercised ordinary care and diligence at all material times.

10.

Please admit your employees owed Plaintiff a duty to exercise ordinary care while unloading the drywall from Plaintiff's truck.

11.

Please admit that your employees failed to exercise ordinary care while unloading the drywall from Plaintiff's truck.

12.

Please admit that your employees were working within the course and scope of their employment at all material times.

13.

Please admit that you breached the duty of care you owed to Plaintiff.

14.

Please admit that, on the date of incident, you had a written policy for unloading deliveries.

15.

Please admit that, on the date of incident, your policies and procedures for unloading deliveries were inadequate.

16.

Please admit that Plaintiff was injured as a direct and proximate result of your negligence.

17.

Please admit that Plaintiff is entitled to recover damages from you for the injuries he suffered as a result of your negligence.

*Plaintiff's First Request for Admissions to Defendants is served upon each of them together with Plaintiff's Complaint for Damages.*

*(Signature on Following Page)*

3

This <u>27th</u> day of January, 2023.

**MORGAN & MORGAN ATLANTA, PLLC**

*/s/ Benjamin J. Welch*

_____

BENJAMIN J. WELCH
BWelch@ForThePeople.com
Georgia State Bar No.: 459886
Post Office Box 57007
Atlanta, GA 30343-1007
404-965-8811 (Telephone)
404-965-8812 (Fax)
*Attorney for Plaintiff*

ID# E-NCJVRRFP-HCM
🌐 **EFILED IN OFFICE**
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**23-A-384**

**JAN 27, 2023 04:56 PM**

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

**IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA**

| | | |
|---|---|---|
| BRANT ROBINSON, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE |
| | ) | NO.: |
| vs. | ) | |
| | ) | |
| 84 LUMBER COMPANY, LIMITED | ) | |
| PARTNERSHIP; ABC CORPS. 1-2; | ) | |
| and JOHN DOE EMPLOYEES, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT 84 LUMBER COMPANY

Plaintiff, pursuant to O.C.G.A. § 9-11-33, serves upon Defendant 84 Lumber Company, Limited Partnership, Plaintiff's First Interrogatories to be answered under oath, within forty-five (45) days from service hereof, and in the form provided by law.

You are required, when answering these interrogatories, to furnish all information that is available to you, your attorneys or agents, and anyone else acting on your behalf. If the complete answer to an interrogatory is not known to you, you shall so state and answer the interrogatory to the fullest extent possible.

These interrogatories are deemed to be continuing and you are required to provide, by way of supplementary answers to these interrogatories, such additional information as may be obtained hereafter by you, your attorneys or agents, or anyone else acting on your behalf, between the time the answers are served and the time of trial. All such supplemental answers must be filed and served upon the counsel of record for the above-named Plaintiffs within forty-five (45) days from receipt of such additional information.

1



The following definitions and instructions are applicable to each interrogatory unless negated by the context:

## **DEFINITIONS**

When used in these Interrogatories, the term "Defendant," or any synonym thereof, is intended to and shall embrace servants, representatives, private investigators, and others who are in a position of or may have obtained information for or on behalf of Defendant.

As used in these Interrogatories, the following words and phrases have the meanings set forth below.

(1) "You" and "your" means and refers to the Defendant that is responding to these interrogatories, and includes its agents, employees, insurance company, and their agents and employees, its attorneys, investigators and anyone else acting on its or their behalf.

(2) "Document" means and includes any written, recorded, or graphic matter in whatever form, including copies, drafts, and reproductions thereof to which you have or have had access, including, but not limited to, correspondence, writings, records, memoranda, drawings, photographs, tapes, stenographic or handwritten notes, studies, publications, books, ledgers, contracts, agreements, financial records, checks, drafts, receipts, bills, invoices, pamphlets, pictures, films, motion pictures, videotapes, videodisks, audiotapes, voice recordings or other sound recordings, maps, graphs, charts, reports, surveys, minutes of statistical compilations, forms prescribed by government agencies, computer tapes, computer disks, computer printouts, photocopies, microfilm, microfiche, and any other data, sound, or image compilation or recording from which information regarding the described transactions can be obtained, translated if necessary by respondent through appropriate and necessary devices into reasonably useable and intelligible form; every copy of such writing or record where the original is not in your possession,

2

custody or control, and every copy of such writing or record where such copy is not an identical

copy of an original or where such copy contains any commentary or notation

whatsoever that does not appear on the original.

(3) "Person" shall mean any individual, natural person, proprietorship, partnership,

corporation, cooperative, association, firm, group, government, business entity, any other

organization or entity, and any group of persons associated in fact although not a legal entity.

(4) "Identify" means the following:

(a) When used with respect to individuals, means to state the full name, present or

last known residence address (designating which), telephone number, present or last known

employment address (designating which), job title and present whereabouts of such person;

(b) When used with respect to persons other than individuals, as the term "persons"

is identified in (3) above, means to state the full name, present or last known address and

telephone number, the legal form of such entity or organization, together with the name,

address, telephone number and job title of the employee, agent, servant or representative

of such entity who has knowledge of the particular facts or possession, custody or control

of the particular documents of which discovery is sought;

(c) When used with respect to documents, tangible objects, or other items of real or

demonstrative evidence, means to list the items of which discovery is sought, describe them

in specific detail (give an exhibit number for each if one has been assigned, the title (if

any), the date, author, sender, recipient, the identity of person signing it, type of document

(i.e., a letter, memorandum, notation, book, telegram, chart, etc.) or some other means of

identifying it,) and state the name, address and telephone number of the person who

presently has possession, custody or control over each item of real or documentary evidence listed; and

(d) When used with respect to facts, circumstances or information, means to give a concise summary of the nature and substance of the facts, circumstances or information of which discovery is sought.

(5) "Communication" means the transmittal of information from one or more persons to another person or persons, whether the medium for transmittal be oral, written or electronic.

(6) "Date" shall mean the exact day, month and year, if ascertainable, or if not, the best available approximation (including relationship to other events).

Whenever the context so requires, the plural shall include the singular, the singular the plural, the masculine the feminine and neuter, and the neuter the masculine and feminine.

## **INTERROGATORIES**

1.

Please identify the full and correct legal names of the owner(s), manager(s), and operator(s) of 84 Lumber Store #1616, which is located at 84 Ampacet Drive, Cartersville, Georgia 30120 (hereinafter "Store #1616"), on or around February 19, 2021 (hereinafter "the date of incident"). **If these are different persons or entities, please identify which party owned and which party managed or operated the identified property and business(es).**

2.

Please identify the person(s) responding to these Interrogatories and all individuals providing assistance to you in responding to Plaintiff's First Interrogatories.

3.

If you contend that Plaintiff has brought action against the wrong entity, please state the

complete name of the correct defendant(s) to this action and all factual allegations supporting your contention.  Additionally, if the correct party is not a named defendant, please put that entity on notice of Plaintiff's suit.

4.

With particularity sufficient to satisfy O.C.G.A. § 9-11-26(b)(2), please identify all policy or policies of liability insurance, including excess coverage, which would or might inure to the benefit of Plaintiff by providing for payment of a part of, or all of any judgment rendered in favor of Plaintiff against Defendants or against any other person, firm, or corporation which is or may be liable to Plaintiff by reason of the incident described in the Complaint.

5.

Please identify all persons (including employees and other witnesses) who to you or your representatives' knowledge, information, or belief:

(a)     Were eyewitnesses to the incident that gives rise to this lawsuit;

(b)     Have relevant knowledge concerning the incident that gives rise to this lawsuit, any issue of liability, or the damages in connection with this lawsuit, which were not identified in sub-part (a);

(c)     Arrived at the scene of the occurrence complained of in this action immediately or shortly after its occurrence;

(d)     Assisted Plaintiff after the incident; and

(e)     Has spoken to Plaintiff since the date of incident on your behalf.

For all individuals identified above, please provide their last known contact information or affirmatively state if undersigned counsel will be representing said individuals and will accept service on their behalf.

6.

Please identify all persons who have given written or recorded statements concerning the facts and/or circumstances of the incident which is the subject matter of this litigation, and identify each person or entity taking each statement, and the date each statement was taken.

7.

Please identify any photographs, diagrams, or other pictorial representations, including security camera footage, concerning the events and happenings alleged in Plaintiff's Complaint.

8.

Please identify each person (whether your employee, a claims adjuster, OSHA, etc.) who has made an investigation or study of the subject incident described in Plaintiff's Complaint.

9.

With particularity sufficient to satisfy O.C.G.A. § 9-11-26(b)(4), please identify all persons (whether your employees or not) whom you expect to call or may call as an expert witness upon the trial of this matter.

10.

To your information or belief, has there been any surveillance, photographs, or videos of Plaintiff or his family?  If so, please identify what party was photographed or videoed and identify all persons who now have or have had custody and/or control of any records, tapes, films, or other recording of such surveillance.

11.

Please state each and every fact upon which you rely for each affirmative defense in your Answer to Plaintiff's Complaint for Damages.

12.

Please state whether, prior to the incident which is the subject of Plaintiff's Complaint for Damages, any procedure, policy, or program existed for the unloading of goods and/or materials that were delivered to Store #1616.  If so:

(a)   Provide a general description of each such procedure, policy, or program, including the identity of each person charged with the responsibility for implementing and conducting each such procedure, policy, or program;

(b)   State whether the procedure, policy, or program was carried out on the date of incident; and

(c)   Identify all documents relating to each such procedure, policy, or program and their findings.

13.

Do you contend that the injuries complained of in this case were caused by the negligence of any party other than you or your agents and servants? If your answer is yes, please identify:

(a)   The party whom you contend was guilty of such negligence;

(b)   Every act of negligence which you claim was committed by such party or his agents and servants and which you contend proximately caused or contributed to the injuries complained of in this case;

(c)   Each and every fact and reason upon which you base your contentions; and

(d)   Every person who has any knowledge or information concerning each such fact.

14.

Please provide details of any and all prior incidents and injuries involving the unloading of

trucks and/or trailers.  This includes any incidents or claims made by your own employees whether or not such claims gave rise to a claim for workers' compensation.

15.

Please identify any and all incident reports and/or documentary writings made by you which concern the incident at issue in this case.  With your response, describe when incident reports should be created and the process and procedure for creating incident reports in response to events involving injuries occurring at your stores.

16.

Please identify any and all safety manuals, employee handbooks, and written procedures in effect on and prior to the date of incident.

17.

Please state whether your employees did anything wrong or could have done anything better while unloading the drywall from Plaintiff's truck.  If you answer is in the affirmative, please describe in detail what exactly your employees did wrong or could have done better on the date of incident.

*Plaintiff's First Interrogatories to Defendants is served upon each of them together with Plaintiff's Complaint for Damages.*

*(Signature on Following Page)*

8

This 27th day of January, 2023.

**MORGAN & MORGAN ATLANTA, PLLC**

*/s/ Benjamin J. Welch*

BENJAMIN J. WELCH
BWelch@ForThePeople.com
Georgia State Bar No.: 459886
Post Office Box 57007
Atlanta, GA 30343-1007
404-965-8811 (Telephone)
404-965-8812 (Fax)
*Attorney for Plaintiff*

9

ID# E-SBTRGWQ3-553
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

23-A-384

FEB 03, 2023 04:33 PM

Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

## AFFIDAVIT OF SERVICE

**State of Georgia**                                   **County of COBB**

Case Number: 23-A-384

Plaintiff:
**BRANT ROBINSON,**

vs.

Defendant:
**84 LUMBER COMPANY, LIMITED PARTNERSHIP; ABC CORPS. 1-2; and JOHN DOE EMPLOYEES,**

For:
BENJAMIN WELCH
MORGAN & MORGAN

Received by Discrete Professional Services L. L. C. on the 1st day of February, 2023 at 4:53 pm to be served on **84 LUMBER COMPANY c/o REGISTERED AGENT: CORPORATE CREATIONS NETWORK, INC, 2985 GORDY PARKWAY, 1ST FLOOR, MARIETTA, GA 30066.**

I, MUHSIN S. HASSAN, being duly sworn, depose and say that on the **2nd day of February, 2023** at **2:32 pm, I:**

served a **REGISTERED AGENT** by delivering a true copy of the **SUMMONS and PLAINTIFF'S COMPLAINT FOR DAMAGES and PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT 84 LUMBER COMPANY and PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT 84 LUMBER COMPANY and PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT 84 LUMBER COMPANY and RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY MATERIALS and GENERAL CIVIL and DOMESTIC RELATIONS CASE FILING INFORMATION FORM** to: **ANNA MOORE** for The REGISTERED AGENT, at the address of: **2985 GORDY PARKWAY, 1ST FLOOR, MARIETTA, GA 30066** on behalf of **84 LUMBER COMPANY,** and informed said person of the contents therein, in compliance with state statutes.

I am over the age of 18, of sound mind and neither a party to nor interested in the above suit. I have personal knowledge of the facts stated above. I have never been convicted of a felony or misdemeanor involving moral turpitude in any state or federal jurisdiction.

**MUHSIN S. HASSAN**

Subscribed and Sworn to before me on this
____ day of _____ , 20 ___ , by the
affiant who is personally known to me or has show
acceptable identification.

NOTARY PUBLIC

Discrete Professional Services L. L. C.
P.O. Box 451081
Atlanta, GA 31145
(470) 454-3107

Our Job Serial Number: DIS-2023000129
Ref: ROBINSON v. 84 LUMBER, et.al.

ERNESTINE BELL
NOTARY
EXPIRES
GEORGIA
01/03/2026
PUBLIC
DEKALB COUNTY

Copyright © 1992-2023 DreamBuilt Software, Inc. - Process Server's Toolbox V8.2n

**IN THE STATE COURT OF COBB COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| BRANT ROBINSON, | ) |
| | ) |
|      Plaintiff, | ) |
| | ) |
| vs. | )    CIVIL ACTION |
| | )    FILE NO.:  23-A-384 |
| 84 LUMBER COMPANY, LIMITED | ) |
| PARTNERSHIP; ABC CORPS. 1-2; and | )    DEMAND FOR JURY TRIAL |
| JOHN DOE EMPLOYEES | ) |
| | ) |
|      Defendants. | ) |

### DEFENDANT'S ANSWER & AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES

Defendant 84 Lumber Company, Limited Partnership ("Defendant" or "84 Lumber"), by and through its undersigned counsel, rases defenses and answers Plaintiff's Complaint for Damages ("Complaint") as follows:

### FIRST DEFENSE

Plaintiff's Complaint, in whole or in part, fails to state a claim for which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims are barred by the provisions of T.C.A. §§ 50-6-108 & 50-6-113.

### THIRD DEFENSE

Under the doctrine of comparative or contributory negligence, Plaintiff's claims are barred in whole or in part by Plaintiff's own negligent failure to exercise reasonable care for his own safety. Accordingly, any recovery to which Plaintiff might otherwise be entitled—which Defendant denies—must be diminished to the extent Plaintiff's own negligence proximately caused or contributed to the accident and injuries alleged.

## FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff's alleged damages, if any, were caused, in whole or in part, by the acts or omissions of third persons and/or entities for whose conduct Defendant is not liable.

## FIFTH DEFENSE

Defendant is neither the cause in fact nor the proximate cause of Plaintiff's alleged damages.

## SIXTH DEFENSE

Plaintiff's damages, if any, were the proximate result of one or more preceding, subsequent, superseding, or intervening events over which Defendant had no control.

## SEVENTH DEFENSE

Defendant did not breach any duty owed to Plaintiff in tort; therefore, Plaintiff is barred from any recovery against Defendant.

## EIGHTH DEFENSE

Some or all of Plaintiff's claims are barred or reduced by Plaintiff's failure to exercise reasonable diligence to mitigate Plaintiff's alleged damages.

## NINTH DEFENSE

Defendant reserves the right to assert the defense of spoliation of evidence, if appropriate.

## TENTH DEFENSE

Plaintiff's claims are barred by the assumption of the risk doctrine.

## ELEVENTH DEFENSE

Defendant hereby gives notice that it intends to rely upon any other defenses or affirmative defenses that may become available or appear during the course of this case, and hereby

2

reserve the right to amend its Answer to assert any such additional defenses or affirmative defenses.

## ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

Having raised affirmative defenses, and without waiving those defenses, Defendant responds to the specific allegations contained in Plaintiff's Renewal Complaint as follows:

## PARTIES AND JURISDICTION

1.

Upon information and belief, admitted.

2.

Defendant admits only it is a foreign limited partnership authorized to do business in Georgia and that Defendant's registered agent is Corporate Creations Network Inc., located at 2985 Gordy Parkway, 1st Floor, Marietta, Georgia 30066. Except as admitted herein, any remaining allegations in Paragraph 2 of Plaintiff's Complaint are hereby denied.

3.

Defendant is without knowledge sufficient to permit an admission or denial to the allegations contained in Paragraph 3. To the extent the allegations of Paragraph 3 are intended to impute liability to Defendant, those allegations are denied.

4.

Defendant is without knowledge sufficient to permit an admission or denial to the allegations contained in Paragraph 4. To the extent the allegations of Paragraph 4 are intended to impute liability to Defendant, those allegations are denied.

3

5.

In response to the allegations of Paragraph 5 of Plaintiff's Complaint, Defendant admits that it and the Plaintiff are subject to the court's jurisdiction.  Except as admitted herein, the remaining allegations of said paragraph are denied.

6.

Defendant admits the allegations of Paragraph 6 of Plaintiff's Complaint.

<u>BACKGROUND FACTS</u>

7.

Defendant admits that on the date of the incident, February 19, 2021, Defendant was the owner of the 84 Lumber Store #1616, located at 84 Ampacet Drive, Cartersville, Georgia 30120.

8.

Defendant is without knowledge sufficient to permit an admission or denial to the allegations contained in Paragraph 8. To the extent the allegations of Paragraph 8 are intended to impute liability to Defendant, those allegations are denied.

9.

Because the investigation of this matter is ongoing, Defendant is currently without sufficient knowledge to admit or deny these allegations, thus, the allegations contained within Paragraph 9 are denied.

10.

Because the investigation of this matter is ongoing, Defendant is currently without sufficient knowledge to admit or deny these allegations, thus, the allegations contained within Paragraph 10 are denied.

4

11.

Because the investigation of this matter is ongoing, Defendant is currently without sufficient knowledge to admit or deny these allegations, thus, the allegations contained in Paragraph 11 are denied.

12.

Because the investigation of this matter is ongoing, Defendant is currently without sufficient knowledge to admit or deny these allegations, thus, the allegations contained in Paragraph 12 are denied.

13.

The allegations of Paragraph 13 of the Plaintiff's Complaint are denied.

14.

The allegations of Paragraph 14 of the Plaintiff's Complaint are denied.

15.

The allegations of Paragraph 15 of the Plaintiff's Complaint are denied.

<u>NEGLIGENCE</u>

16.

Defendant incorporates its prior responses to Paragraphs 1-15 as if fully set forth herein.

17.

The allegations of Paragraph 17 of the Plaintiff's Complaint are denied.

18.

The allegations of Paragraph 18 of the Plaintiff's Complaint are denied.

4891-8897-2116v1
2830002-000158 03/06/2023

19.

Defendant denies as pled the allegations of Paragraph 19 of Plaintiff's Complaint.  To the extent the statements in Paragraph 19 are intended to impute liability against Defendant, those allegations are denied.

20.

Defendant denies as pled the allegations of Paragraph 20 of Plaintiff's Complaint.  To the extent the statements in Paragraph 19 are intended to impute liability against Defendant, those allegations are denied.

21.

The allegations of Paragraph 21 of the Plaintiff's Complaint are denied.

22.

The allegations of Paragraph 22 of the Plaintiff's Complaint are denied, including subparts (i)–(vii).

23.

The allegations of Paragraph 23 of the Plaintiff's Complaint are denied.

24.

The allegations of Paragraph 24 of the Plaintiff's Complaint are denied.

25.

The allegations of Paragraph 18 of the Plaintiff's Complaint are denied.

26.

Except as admitted, denied, or otherwise responded to above, any allegation of the Complaint not previously addressed is hereby denied.

6

27.

Defendant denies the allegations contained in Plaintiff's Prayers for Relief and further denies that Plaintiff is entitled to any relief against Defendant whatsoever.  Defendant hereby demands a trial by jury.

This the 6th day of March, 2023.


Monarch Plaza, Suite 1500
3414 Peachtree Road NE
Atlanta, Georgia 30326
Telephone:  (404) 577-6000
Facsimile:  (404) 221-6501
Email:    mbarber@bakerdonelson.com
               ekillorin@bakerdonelson.com

**BAKER, DONELSON, BEARMAN CALDWELL & BERKOWITZ, PC**

 /s/  Mark A. Barber
MARK A. BARBER
Georgia State Bar No. 036875
E. WYLLY KILLORIN, III
Georgia State Bar No. 819291

*Attorneys for Defendant 84 Lumber*

7

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I served a copy of the foregoing **DEFENDANT'S ANSWER &**

**AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES** with the

Clerk of Court using the PeachCourt e-filing system which will automatically send email

notification of such filing to the following counsel of record:

Benjamin J. Welch
MORGAN & MORGAN ATLANTA, PLLC
Post Office Box 57007
Atlanta, Georgia 30343-1007

*Attorney for Plaintiff*


This 6th day of March, 2023.


Monarch Plaza, Suite 1500
3414 Peachtree Road NE
Atlanta, Georgia 30326
Telephone: (404) 577-6000
Facsimile: (404) 221-6501
Email:   mbarber@bakerdonelson.com
            ekillorin@bakerdonelson.com

**BAKER, DONELSON, BEARMAN
CALDWELL & BERKOWITZ, PC**

 */s/  Mark A. Barber*
MARK A. BARBER
Georgia State Bar No. 036875
E. WYLLY KILLORIN, III
Georgia State Bar No. 819291

*Attorneys for Defendant 84 Lumber*