🏛 EFILED IN OFFICE
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

**STSV2023000287**
VAL

FEB 10, 2023 11:43 AM

*Lynne M. Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

## IN THE STATE COURT OF HENRY COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **GENA HOVERS, Individually, and as Parent, Guardian, and Next Friend of FISHER HOVERS, a Minor Child,** | ) ) ) ) | |
| **Plaintiffs,** | ) ) | **Civil Action No.:** _____ |
| **v.** | ) ) ) | |
| **THE TJX COMPANIES, INC.; T.J. MAXX, INC.; ABC CORPORATION(S) 1-5; and JOHN DOE(S) 1-5,** | ) ) ) ) | **JURY TRIAL DEMANDED** |
| **Defendants.** | ) ) | |

### COMPLAINT FOR DAMAGES

COME NOW Plaintiffs, Gena Hovers, Individually, and as Parent, Guardian, and Next Friend of Fisher Hovers, a Minor Child (hereinafter "Plaintiff Hovers", "Plaintiff F.H.", or collectively "Plaintiffs"), in the above-styled matter and show unto this Court the following facts and circumstances in support of this Complaint:

### PARTIES AND JURISDICTION

1.

Plaintiffs reside in McDonough, Henry County, Georgia and are subject to the jurisdiction of this Court.

2.

Defendant The TJX Companies, Inc. (hereinafter "TJX") is a Foreign Profit Corporation authorized to do business for profit in the state of Georgia and can be served with a Summons and Complaint, Plaintiff's Interrogatories to Defendant, Plaintiff's Requests for Production of Documents to Defendant and Notice to Produce, and Plaintiff's Request for Admissions to

Defendant, through its Registered Agent, C T Corporation System, at 289 South Culver Street, Lawrenceville, GA 30046.

3.

T.J. Maxx, Inc. (hereinafter "T.J. Maxx") is a Foreign Profit Corporation authorized to do business for profit in the state of Georgia and can be served with a Summons and Complaint, Plaintiff's Interrogatories to Defendant, Plaintiff's Requests for Production of Documents to Defendant and Notice to Produce, and Plaintiff's Request for Admissions to Defendant, through its Registered Agent, C T Corporation System, at 1201 Peachtree Street NE, Atlanta, Georgia 30361.

4.

TJX is the owner/operator of multinational off-price department stores, including T.J. Maxx, and is subject to the jurisdiction of this Court.

5.

T.J. Maxx is a department store chain, owned and operated by TJX, with a department store operating and transacting business in McDonough, Henry County, Georgia and is subject to the jurisdiction of this Court.

6.

Defendant ABC Corporation(s) 1-5 are unidentified and unknown at this time.

7.

Defendant John Doe(s) 1-5 are unidentified and unknown at this time.

8.

Unless otherwise specified, the term "Defendants" as used hereafter shall collectively refer to TJX, T.J. Maxx, Defendant ABC Corporation(s) 1-5, and Defendant John Doe(s) 1-5.

9.

Venue and jurisdiction are proper in Henry County, Georgia. O.C.G.A. § 14-2-510(b)(3); O.C.G.A. § 9-10-31.

## FACTUAL BACKGROUND

10.

On or about March 29, 2021, Plaintiffs were business invitees of TJX and T.J. Maxx, located at 213 South Point Boulevard, McDonough, Henry County, Georgia 30253 (hereinafter "subject premises").

11.

At said time and place, Plaintiffs lawfully entered the subject premises for the purpose of shopping for clothing and utilized a shopping cart owned and provided by Defendants.

12.

As Plaintiffs were shopping, the shopping cart flipped over onto Plaintiff P.H. causing injuries and damages as described herein.

13.

Plaintiffs had no knowledge of the unsafe and dangerous condition of Defendants' shopping carts.

14.

Under Georgia law, "[w]here an owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe." O.C.G.A. § 51-3-1.

15.

Defendants breached their non-delegable duty owed to Plaintiffs to maintain a safe premises.

## COUNT I – NEGLIGENCE

16.

Plaintiffs reallege and incorporate herein the allegations contained in paragraphs 1 through 15 above as if fully restated and further avers as follows:

17.

Defendants had actual and/or constructive knowledge of the hazardous conditions of the shopping carts provided to business invitee customers, including Plaintiffs.

18.

Defendants had actual and/or constructive knowledge of the dangerous conditions the subject shopping carts imposed on children, including Plaintiff F.H.

19.

Defendants breached their duty to warn the Plaintiffs of the potential dangers and hazards associated with Defendants' shopping carts and their propensity to easily flip over and cause injury.

20.

Defendants have an obligation to ensure that shopping carts in use at the subject premises are maintained and repaired properly and are free from defective conditions that could create potential dangers and hazards to customers.

21.

Defendants had actual and/or constructive knowledge that the shopping cart which caused the injuries to Plaintiff F.H. was defective, and/or negligently failed to inspect and/or properly repair the defect.

22.

Defendants breached their duty to warn the Plaintiffs of the potential dangers and hazards associated with the shopping cart which injured Plaintiff F.H.

23.

As a direct result of the individual and combined negligent acts of the Defendants, Plaintiff F.H. suffered a broken figure, emergency room treatment, surgery, follow-up therapy, and immobility of his finger for the remainder of his life; suffered extensive physical pain and suffering and mental anguish; incurred damages of past and future medical expenses in excess of $11,129.65; and expenses of litigation.

24.

The Defendants and/or their agents have acted in bad faith, have been stubbornly litigious, or have otherwise caused the Plaintiffs unnecessary trouble and expense which authorizes an award of the expenses of litigation pursuant to O.C.G.A. § 13-6-11; *See also, U-Haul Company of Western Georgia v. Ford*, 171 Ga. App. 744, 320 S.E.2d 868 (1984).

25.

Defendants are indebted to Plaintiffs for past, present, and future treatment expenses; past, present, and future pain and suffering; past, present, and future loss of ability to enjoy life; lost wages, expenses of litigation, and all other damages allowed by Georgia law.

WHEREFORE, Plaintiffs having set forth the facts and circumstances in support of this cause of action, respectfully request to be GRANTED:

(a)     A trial by jury;

(b)     Compensatory damages in an amount to be determined at trial;

(c)     Expenses of litigation, including reasonable attorney fees pursuant to O.C.G.A. §
        9-15-14 and O.C.G.A. § 13-6-11; and

(d)     Such other relief as this Court may deem fair and reasonable.


This  10th  day of February 2023.

                                        Respectfully submitted,

                                        MONGE & ASSOCIATES

                                        /s/ F. Brady Rigdon
                                        _____
                                        F. Brady Rigdon
                                        Georgia State Bar No. 808367
                                        Attorney for Plaintiffs

8205 Dunwoody Place
Building 19
Atlanta, GA 30350
Direct: (205) 635-2290
Main: (800) 899-5750
Fax: (678) 579-0204
brady@monge.lawyer