IN THE STATE COURT OF HENRY COUNTY
STATE OF GEORGIA

| | |
|---|---|
| GENA HOVERS, Individually, and as Parent, Guardian, and Next Friend of FISHER HOVERS, a Minor Child,<br><br>  Plaintiffs,<br>v.<br><br>THE TJX COMPANIES, INC, TJ MAXX, INC., ABC CORPORATION(S) 1-5, and JOHN DOE(S) 1-5, and<br><br>  Defendants. | Civil Action<br>File No.:   STSV2023000287 |

## DEFENDANTS THE TJX COMPANIES, INC. AND TJ MAXX, INC.'S ANSWER AND DEFENSES

COMES NOW, The TJX Companies, Inc. and TJ Maxx, Inc., named Defendants in the above styled action, and after removal but out of an abundance of caution file the following Defenses and Answer to Plaintiff's Complaint and shows the Court as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Defendants respond to the individual paragraphs of Plaintiff's Complaint as follows:

**Parties and Jurisdiction**

1.

TJX and TJ Maxx are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 1 of Plaintiff's Complaint and, therefore, cannot admit or deny same.

2.

TJX and TJ Maxx admit the allegations contained in paragraph 2 of Plaintiff's Complaint.

3.

TJX and TJ Maxx admit the allegations contained in paragraph 3 of Plaintiff's Complaint.

4.

TJX and TJ Maxx admit the allegations contained in paragraph 4 of Plaintiff's Complaint.

5.

TJX and TJ Maxx admit the allegations contained in paragraph 5 of Plaintiff's Complaint.

6.

TJX and TJ Maxx are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 6 of Plaintiff's Complaint and, therefore, cannot admit or deny same.

7.

TJX and TJ Maxx are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 7 of Plaintiff's Complaint and, therefore, cannot admit or deny same.

8.

TJX and TJ Maxx are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 8 of Plaintiff's Complaint and, therefore, cannot admit or deny same.

9.

TJX and TJ Maxx admit the allegations contained in paragraph 9 of Plaintiff's Complaint.

**Factual Background**

10.

TJX and TJ Maxx are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 10 of Plaintiff's Complaint and, therefore, cannot admit or deny same.

11.

TJX and TJ Maxx are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 11 of Plaintiff's Complaint and, therefore, cannot admit or deny same.

12.

TJX and TJ Maxx are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 12 of Plaintiff's Complaint and, therefore, cannot admit or deny same.

13.

TJX and TJ Maxx are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 13 of Plaintiff's Complaint and, therefore, cannot admit or deny same.

14.

Plaintiff does not allege any facts in which Defendant can either admit or deny within this paragraph. Plaintiff simply states or reiterates a Georgia statute.

15.

TJX and TJ Maxx deny the allegations contained in paragraph 15 of Plaintiff's Complaint.

**Count 1—Negligence**

16.

TJX and TJ Maxx reallege and reincorporate herein its responses to the allegations contained in paragraphs 1 through 16 as if fully stated.

17.

TJX and TJ Maxx deny the allegations contained in paragraph 17 of Plaintiff's Complaint.

18.

TJX and TJ Maxx deny the allegations contained in paragraph 18 of Plaintiff's Complaint.

19.

TJX and TJ Maxx deny the allegations contained in paragraph 19 of Plaintiff's Complaint.

20.

TJX and TJ Maxx admit it has a duty to keep its customers safe on its premises. Responding further, TJX and TJ Maxx deny as pled the allegations contained in paragraph 20 of Plaintiff's Complaint.

21.

TJX and TJ Maxx deny the allegations contained in paragraph 21 of Plaintiff's Complaint.

22.

TJX and TJ Maxx deny the allegations contained in paragraph 22 of Plaintiff's Complaint.

23.

TJX and TJ Maxx deny the allegations contained in paragraph 3 of Plaintiff's Complaint.

24.

TJX and TJ Maxx deny the allegations contained in paragraph 24 of Plaintiff's Complaint.

25.

TJX and TJ Maxx deny the allegations contained in paragraph 25 of Plaintiff's Complaint.

26.

Any allegation in Plaintiff's Complaint not answered or otherwise responded to is hereby denied.

### THIRD DEFENSE

TJX and TJ Maxx are not liable to Plaintiff because TJX and TJ Maxx breached no duty owed to Plaintiff in regard to the occurrence giving rise to this Complaint.

### FOURTH DEFENSE

TJX and TJ Maxx show that the alleged damages of Plaintiff, if any, were caused by the contributory and comparative negligence of Plaintiff.

### FIFTH DEFENSE

Plaintiff, by the exercise of ordinary care, could have avoided the consequences of any act or failure to act of Defendant.

SIXTH DEFENSE

The Plaintiff's failure to properly plead items of special damages sought in this action prohibits and/or bars Plaintiff's rights to recover and/or recoup any items of special damages in this action, as a matter of law. O.C.G.A. § 9-11-9(g).

SEVENTH DEFENSE

The claims of Plaintiff are barred by the Georgia doctrine of assumption of risk.

EIGHTH DEFENSE

Plaintiffs are barred from Recovery on the basis of Fraud, Laches, and Unclean Hands.

WHEREFORE, having fully answered, Defendant prays that the Complaint be dismissed with costs of this action cast against the Plaintiff.

This 7th day of March, 2023.

                                Chartwell Law
                                Attorneys for The TJX Companies, Inc.

By:    */s/ Robert A. Luskin*
        ROBERT A. LUSKIN
        GA State Bar No. 004383
        rluskin@chartwelllaw.com
        DANIELLE N. GLOVER
        GA State Bar No. 650569
        dglover@chartwelllaw.com
        3200 Cobb Galleria Pkwy Suite 250
        Atlanta, GA 30339
        (404) 410-1151 Phone
        (404) 738-1632 Fax

IN THE STATE COURT OF HENRY COUNTY
STATE OF GEORGIA

| | |
|---|---|
| GENA HOVERS, Individually, and as Parent, Guardian, and Next Friend of FISHER HOVERS, a Minor Child,<br><br>    Plaintiffs,<br><br>v.<br><br>THE TJX COMPANIES, INC, TJ MAXX, INC., ABC CORPORATION(S) 1-5, and JOHN DOE(S) 1-5, and<br><br>    Defendants. | Civil Action<br>File No.:   STSV2023000287 |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served all counsel and parties of record with a copy of **_DEFENDANTS THE TJX COMPANIES, INC. AND TJ MAXX, INC.'S ANSWER AND DEFENSES_** by statutory electronic service pursuant to O.C.G.A. § 9-11-5(b) or by depositing a copy of same in the United States Mail, postage prepaid, as follows:

F. Brady Rigdon, Esq.
Monge & Associates
8205 Dunwoody Place
Building 19
Atlanta, Georgia 30350
brady@monge.lawyer.com

This 7th day of March, 2023.

By: _/s/  Danielle N. Glover_
DANIELLE N. GLOVER
GA State Bar No.  650569
dglover@chartwelllaw.com
3200 Cobb Galleria Pkwy Suite 250
Atlanta, GA 30339
(404) 410-1151 Phone
(404) 738-1632 Fax