IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DOUGLAS JACKSON, on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> SENTINEL ELECTRIC, INC., and WILLIAM P. HANNON, <br><br> Defendants. | Civil Action File No. _____ <br><br> COLLECTIVE ACTION COMPLAINT |

## COLLECTIVE ACTION COMPLAINT

Plaintiff Douglas Jackson, by and through counsel, files this Collective Action Complaint against Defendants Sentinel Electric, Inc. ("Sentinel") and William P. Hannon ("Hannon") (collectively "Defendants") for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.,* by failing to pay Plaintiff and similarly situated employees proper overtime wages. Plaintiff files this Complaint against Defendants to recover unpaid wages, liquidated damages, prejudgment interest, costs, and attorneys' fees.

In support of his claim, Plaintiff asserts as follows:

## INTRODUCTION

1. This lawsuit arises from the failure of Defendants to properly calculate

and pay Plaintiff and similarly situated employees overtime wages during the period three years prior to the filing of this complaint.

## JURISDICTION AND VENUE

1. This court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2. Venue is proper in this Northern District of Georgia pursuant to 28 U.S.C. § 1391.  Defendants transact business in this judicial district and the events giving rise to the claims herein occurred in this judicial district and division.

## THE PARTIES

**A. Plaintiff Jackson.**

3. Plaintiff Douglas Jackson is a resident of Montgomery County, Tennessee.

4. Plaintiff consents to be a party and opt-in Plaintiff in this lawsuit and to represent the collective class adequately. See, Exhibit 1, Plaintiff's Declaration and Consent.

5. Defendants hired Plaintiff in approximately August 2022.

6. Plaintiff's employment with Defendants ended in approximately March 2023.

2

**B. Defendant Sentinel Electric, Inc.**

7. Defendant Sentinel is a Delaware corporation with its principal office address on file with the Georgia Secretary of State as PO Box 746, Rockland, MA, 02370.

8. Defendant Sentinel's registered agent for service of process is Incorp Services, Inc., 9040 Roswell Road, Suite 500, Atlanta, GA 30350.

9. Defendant Sentinel had annual gross revenue and volume of sales in excess of $500,000.00 for each year in the relevant period.

10. At all relevant times, Defendant Sentinel has continuously been an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 207(a).

**C. Defendant William P. Hannon.**

11. At all relevant times, Defendant Hannon was the owner, general manager, and/or primary decision maker for Sentinel.

12. Defendant Hannon can be served at 11505 Hutchesons Ferry Rd, Palmetto, GA 30268.

13. Defendants employed Plaintiff throughout the relevant period.

## FACTUAL BASIS OF PLAINTIFF'S CLAIMS

**A. Defendant Hannon is Individually Liability for the FLSA Violations.**

14. At all relevant times, Defendant Hannon was the owner, general manager, and/or primary decision maker for Sentinel; had control and direction over workplace conditions, operations, personnel, and compensation including making hiring and firing decisions relating to Plaintiff; determined Plaintiff's wages; and approved Plaintiff's hours and days off.

15. At all relevant times, Defendant Hannon as an owner, general manager, and/or primary decision maker for Sentinel, made the decision of what to pay Plaintiff and to withhold overtime wage compensation in violation of the FLSA.

16. At all relevant times, Defendant Hannon exercised sufficient control over Plaintiff to cause Defendant Hannon to be individually liable for the FLSA violations.

**B. Plaintiff and other Wiremen's Employment with Defendants.**

17. Plaintiff was employed by Defendants as a wireman.

18. At all relevant times, Plaintiff and other Wiremen were "employees" of Defendants as that term is used in 29 U.S.C. § 203(e)(1).

19. At all relevant times, Defendants employed, and/or continues to employ, Plaintiff and other Wiremen within the meaning of the FLSA.

20. Plaintiff and other Wiremen employed by Defendants were similarly situated, with similar job duties and responsibilities, and with similar pay structures.

21. At all relevant times, Plaintiff and other Wiremen were non-exempt employees for Defendants.

22. Plaintiff's and other Wiremen's job duties included, but were not limited to, splicing and terminating wires at junction points, wiring breakers, CCVTs, and transformers, troubleshooting equipment electrical systems and control circuits, building control panels from drawings, and preparing sketches and schematic diagrams showing the location of wiring and electrical systems.

23. In performing their job duties for Defendants, Plaintiff and other Wiremen did not perform executive functions or have any duties with regard to managing any aspect of Defendants' operations.

24. In performing their job duties for Defendants, Plaintiff and other Wiremen did not direct or supervise the work of any employees.

25. In performing their job duties for Defendants, Plaintiff and other Wiremen did not have the authority to hire or fire any employee or make suggestions or recommendations as to the hiring, firing or changing the status of any employee.

26. In performing their job duties for Defendants, Plaintiff and other

Wiremen did not exercise any discretion or independent judgment with regard to matters of significance.

27. Plaintiff's and other Wiremen's job duties did not include primary work that requires knowledge of any advanced type in a field customarily acquired by prolonged, specialized, intellectual instruction or study.

28. Defendants incorrectly classified Plaintiff and all other Wiremen as exempt from overtime.

29. Defendants exerted significant control over Plaintiff and other Wiremen's work, including, but not limited to, the following:

   a. Defendants determined Plaintiff's and other Wiremen's hours and schedule for each workday;

   b. Defendants required Plaintiff and other Wiremen to comply with its policies and procedures relating to performing their duties for Defendants;

   c. Plaintiff and other Wiremen were managed by and required to answer to Defendants' management staff;

   d. Plaintiff and other Wiremen could not negotiate the amount they were paid by Defendants and were never paid directly by Defendants' customers;

   e. Plaintiff and other Wiremen could not negotiate the agreement they were

required to sign to work for Defendants; and

    f.    Defendants did not permit Plaintiff and other Wiremen to hire other workers to assist with their work.

30.    All of the work that Plaintiff and other Wiremen performed for Defendants was through Defendants agreements with the clients, and under for Defendants' terms and conditions.

31.    Defendants received the majority of its revenue from the work performed by Plaintiff and other Wiremen.

32.    Defendants exercised significant control over Plaintiff and other Wiremen's work.

33.    Plaintiff and other Wiremen had no opportunity for profit or loss depending on their managerial skill.

34.    Plaintiff and other Wiremen had little to no investment in equipment or materials needed to perform their duties, and Plaintiff and other Wiremen were expressly forbidden from hiring other workers to assist in them in their duties.

35.    Plaintiff and other Wiremen services requires no specialized skill or education.

36.    Plaintiff and other Wiremen maintained on ongoing, permanent working relationship with Defendants.

37. Plaintiff and other Wiremen services rendered was an integral part of Defendants' business.

### C. Plaintiff and other Wiremen's Unpaid Overtime.

38. Defendants paid Plaintiff and other Wiremen a flat hourly rate regardless of the amount of hours worked.

39. Defendants denied Plaintiff and other Wiremen payment of overtime wage compensation required by the FLSA for any hours working in excess of 40 hours per workweek.

40. While Plaintiff and other Wiremen's schedule varied, they regularly worked in excess of 40 hours per workweek.

41. Defendants willfully and/or deliberately failed to pay Plaintiff and other Wiremen earned overtime wages for hours worked in excess of 40 hours per workweek in violation of the FLSA.

42. Defendants maintained records of hours that Plaintiff and other Wiremen worked.

## COLLECTIVE ACTION ALLEGATIONS

43. Plaintiff brings this case on his own behalf and as an "opt-in" collective action on behalf of the following class of employees (the "Collective Class") pursuant to 29 U.S.C. § 216(b):

> All persons who, during the period beginning three years prior to the filing date of this Complaint, were employed by Sentinel Electric, Inc. as a Wiremen and were denied overtime wage compensation for hours worked over 40 hours in a given work week.

44. Plaintiff, on behalf of himself and Collective Class members, seeks relief on a collective basis challenging Defendants' failure to properly pay overtime wage for all hours worked over 40 in a given work week in violation of the FLSA.

45. The Collective Class is so numerous that joinder of all members is impracticable. It is believed that the Collective Class includes over forty persons.

46. Plaintiff's claims and experiences are typical of that of the Collective Class members.

47. Plaintiff will fairly and adequately protect the interests of the Collective Class and has retained counsel that are experienced and competent in the fields of employment law and collective action litigation. Plaintiff has no interest that is contrary to or in conflict with those of the Collective Class members.

48. This Collective Action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is not practical. The cost of litigation compared to the anticipated damages make it more efficient to adjudicate this matter as a Collective Action.

49. Common questions of law and fact predominate in this action,

including but not limited to:

    a. Identification of all persons in the Collective Class; and

    b. Whether Defendants paid Plaintiff and Collective Class members proper overtime wages for all hours worked over 40 hours in a given work week.

50. Plaintiff has given his written consent to become a party Plaintiff in this collective action under the FLSA. Plaintiff's written consent is attached hereto as "Exhibit 1."

## COUNT I
## FAIR LABOR STANDARDS ACT VIOLATIONS
## UNPAID WAGES

51. Plaintiff realleges and incorporates by reference the preceding paragraphs of the Complaint as if they were set forth fully herein.

52. At all relevant times, Defendants has been and was engaged in interstate commerce and/or the production of services for commerce, within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

53. At all relevant times, Defendants employed Plaintiff and Collective Class members within the meaning of the FLSA, 29 U.S.C. §§ 201 et seq.

54. At all relevant times, Defendants was an enterprise (as that term is defined in 29 U.S.C. § 203(r) and (s)(1)) with multiple employees (including

Plaintiff and Collective Class members) who were engaged in commerce or in handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

55. Defendant Sentinel had annual gross revenue and volume of revenue in excess of $500,000.00 for each year in the relevant period.

56. At all relevant times, Defendants had a policy and practice of failing to pay Plaintiff and Collective Class members overtime wages in violation of the FLSA.

57. Defendants maintained records of hours that Plaintiff and Collective Class members worked.

58. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of the statute, 29 U.S.C. § 255(a).

59. Plaintiff and Collective Class members suffered damages due to Defendants' willful misconduct.

60. Due to Defendants' FLSA violations, Plaintiff and Collective Class members were damaged and are entitled to recover from Defendants compensation for unpaid wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees, costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff respectfully requests a trial by jury and that this Court grant the following relief:

A. Designation of this action as a collective action on behalf of the Plaintiff and Collective Class members;

B. Prompt issuance of notice to all Collective Class members, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Opt-In, and appointing Plaintiff and his counsel to represent the Collective Class members;

C. Award of all unpaid wages, including but not limited to, all unpaid overtime wage compensation, due under the FLSA to Plaintiff and the Collective Class members;

D. Award of liquidated damages to the Plaintiff and Collective Class members;

E. Award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

F. Such other relief as this Court deems just and proper.

## **JURY TRIAL DEMANDED**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

Respectfully submitted this March 7, 2023.

              HALL & LAMPROS, LLP

              /s/ *Gordon Van Remmen*
              Christopher B. Hall
              Ga. Bar # 318380
              Gordon Van Remmen
              Ga. Bar # 215512

300 Galleria Parkway
Suite 300
Atlanta, GA 30339
(404) 876-8100 telephone
(404) 876-3477 facsimile
chall@hallandlampros.com
gordon@hallandlampros.com

*Attorneys for Plaintiff*

Plaintiff's counsel certifies that this Complaint is in 14-point Times New Roman font.