IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Shaquandria Spurlin,<br>        Plaintiff,<br><br>vs.<br><br>Receivables Performance Management, LLC,<br><br>        Defendant. | Case No.:<br><br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMAND** |

NOW COMES THE PLAINTIFF, SHAQUANDRIA SPURLIN, through her undersigned counsel, LAWRENCE A. SILVERMAN, and for her Complaint against the Defendant, pleads as follows:

## **JURISDICTION**

1. This is an action arising under the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. This Court has jurisdiction under 28 U.S.C. §1331.

1

## VENUE

2. The transactions and occurrences which give rise to this action occurred in Fulton County, Georgia. Venue is proper in the Atlanta Division.

## PARTIES

3. Plaintiff is a natural person residing in Fulton County, Georgia.

4. Defendant, Receivables Performance Management, LLC, is a foreign limited liability company that conducts business in the State of Georgia.

## GENERAL ALLEGATIONS

5. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3)

6. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7. At all times material hereto, Defendant was attempting to collect an obligation allegedly owed by Plaintiff to 'T Mobile USA." The obligation is a "debt," as that term is defined by 15 U.S.C. § 1692a(5).

8. On or about November 28, 2022, Plaintiff obtained her Experian and Trans Union credit disclosures and discovered Defendant reporting the debt as a past due collection account.

9. On or about January 5, 2023, Plaintiff, through her attorneys, notified Defendant, in writing, that Plaintiff disputes the debt and demanded

verification of the debt. Counsel's letter was received by the Defendants on January 9, 2023.

10. On or about February 27, 2023, Plaintiff obtained her Experian and Trans Union consumer credit reports and discovered that Defendant failed to report the derogatory item as disputed to either credit reporting agency.

11. Defendant's failure to flag the item on Plaintiff's credit report as disputed was willful.

12. Plaintiff suffered pecuniary and emotional damages as a result of Defendant's actions. Plaintiff also suffered stress, shock, anxiety due along with loss of sleep, inability to concentrate, diminished work capacity, pain, headaches, weight loss, and nausea resulting from Defendant's conduct.

**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**

13. Plaintiff reincorporates the preceding allegations by reference.

14. Defendant violated 15 U.S.C. §1692e(8) by reporting credit information which is known to be false, including failure to communicate that a disputed debt is disputed.

15. Defendant's refusal to report the debt as disputed Plaintiff's consumer credit file is humiliating and embarrassing to the Plaintiff as it creates a false impression to users of her credit report that she has simply ignored this debt

when, in fact, she disputes its validity. Moreover, the Defendant's failure or refusal to flag the debt as disputed artificially depresses the Plaintiff's credit score.

16. Plaintiff has suffered economic, emotional, general, and statutory damages as a result of these violations of the FDCPA.

**WHEREFORE, PLAINTIFF** prays that this court grant her a judgment against Defendant for actual damages, costs, interest, and attorneys' fees.

### JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED:  March 7, 2023

By: */s/ Lawrence A. Silverman*
Lawrence A. Silverman
Georgia Bar No. 646120
Credit Repair Lawyers of America
39111 Six Mile Road, Suite 142
Livonia, MI 48152
Tel. 248-480-8836
*Attorneys for Plaintiff,*
*Shaquandria Spurlin*