IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MICA BULLOCK,<br><br>  Plaintiff,<br><br>v.<br><br>BRADFORD RIDGE OWNER, LLC,<br>BRADFORD RIDGE HOLDINGS, LLC,<br>RADCO RESIDENTIAL, LLC,<br>JOHN DOE OWNER 1, JOHN DOE<br>PROPERTY MANAGER 2 and<br>JOHN DOE SECURITY PROVIDER 3.<br><br>  Defendants. | CIVIL ACTION FILE NO.: |

_____

**NOTICE OF REMOVAL BY DEFENDANT BRADFORD RIDGE HOLDINGS, LLC**
_____

Pursuant to 28 U.S.C. §§ 1441, et seq., Defendant BRADFORD RIDGE HOLDINGS, LLC (hereinafter "Defendant") by and through undersigned counsel, hereby gives Notice of Removal of the above-styled action from the State Court of Clayton County, State of Georgia to the United States District Court for the Northern District of Georgia, Atlanta Division. Defendant submits that original subject matter jurisdiction exists in the United States District Court for the Northern District of

1

Georgia, Atlanta Division, and avers the following in support of this Notice of Removal:

1. On or about January 23, 2023, the Plaintiff, Mica Bullock, filed this action in the State Court of Clayton County, State of Georgia. The Complaint identified Bradford Ridge Owner, LLC, Bradford Ridge Holdings, LLC, and Radco Residential, LLC as defendants and sought to recover damages relating to injuries sustained which Plaintiff claims to have occurred as a result of an assault on premises owned by Bradford Ridge Holdings, LLC and allegedly managed by Radco Residential, LLC.

2. The Complaint asserts claims for negligence and punitive damages against all defendants. *See* Plaintiff's Complaint, attached hereto as Exhibit A.

## I.     Jurisdictional Basis for Removal

3. There is jurisdiction over this removed action pursuant to 28 U.S.C. § 1441 because this action originally could have been filed in the United States District Court pursuant to 28 U.S.C. § 1332(a).

4. Specifically, the United States District Court has subject matter jurisdiction over this action because there is the requisite diversity of citizenship between the Plaintiff and Defendants Bradford Ridge Owner, LLC and Bradford

Ridge Holdings, LLC and the amount in controversy exceeds seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

5. The non-diverse defendant, Radco Residential, LLC is fraudulently joined as it did not manage or otherwise have any connection to the subject property at any time relevant to Plaintiff's Complaint. *See* Affidavit of Matthew Hinrichs, attached hereto as Exhibit B. Defendant Radco Residential, LLC did not begin managing the subject property until about February 2022. *See* Answer of Radco Residential, LLC, attached hereto as Exhibit C.

6. The Eleventh Circuit has recognized three situations which give rise to a finding of fraudulent joinder:

> The first is when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant. The second is when there is outright fraud in the plaintiff's pleading of jurisdictional facts… [A] third situation [is] where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant.

Triggs v. John Crump Toyota, 154 F.3d 1284, 1287, 12 Fla. L. Weekly Fed. C 83 (11th Cir. 1998). The instant case fits the first situation. As Radco Residential, LLC had no connection with the subject property as of June 9, 2020 nor any other time relevant to Plaintiff's Complaint, there is no possibility that Plaintiff "can prove a cause of action against" Radco Residential, LLC. Id. "Fraudulent joinder is a term

3

of art. If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). "The defendant seeking removal to the federal court is entitled to present the facts showing the joinder to be fraudulent." Id. Removal of this action is sufficiently supported by the attached Affidavit of Matthew Hinrichs, which includes as an attachment a Property Management Agreement showing the actual property management company as of June 9, 2020.

7. Plaintiff indicates that she attempted and was unable to perfect service upon the registered agent for Bradford Ridge Holdings, LLC. Plaintiff then served the Georgia Secretary of State pursuant to O.C.G.A. § 14-11-703(h) which was acknowledged by the Secretary of State on February 13, 2023.

8. Pursuant to 28 U.S.C. §1446(b), the Notice of Removal is to be filed "within thirty (30) days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty (30) days after service of the summons upon the defendant . . . ." 28 U.S.C. §1446(b).

9. The thirty (30) day period for removal did not accrue until no earlier than February 13, 2023 when Defendant was served. Thus, pursuant to Rule 6(a)(1)

of the Federal Rules of Civil Procedure and 28 U.S.C. §1446(b), this notice of removal filed on or before March 15, 2023 is timely.

10. In determining whether diversity is satisfied, the citizenship of the named plaintiff is determined at the time the complaint is filed and at the time of removal.  See generally Freeport-McMoRan, Inc. v. K N Energy, Inc., 498 U.S. 426, 428 (1991) (*per curiam*).

11. Paragraph 1 of the Complaint indicates that Plaintiff "at all times material to this action has been, a citizen of the State of Georgia." *See* Plaintiff's Complaint, ¶ 1.

12. Defendant Bradford Ridge Owner, LLC is a Delaware corporation with its principal place of business in Maryland.  (Complaint, ¶ 2).

13. Defendant Bradford Ridge Holdings, LLC is a Delaware corporation with its principal place of business in Washington.  (Complaint, ¶ 5).

14. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. §1332 because the requisite diversity of citizenship exists, as the plaintiff is a citizen of the State of Georgia and the non-fraudulently joined Defendants are residents of Delaware.

**II.   The Amount in Controversy Has Been Satisfied**

15. Plaintiff's Complaint does not specify the amount of damages she seeks, but the damages sought clearly exceed the $75,000.00 jurisdictional limit. See Pretka v. Kolter City Plaza II, Inc., 608 F. 3d 744, 754 (11th Cir. 2010) ("when the Complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional amount") (internal quotations and citations omitted).

16. Defendant meets this burden by showing either that it is facially apparent from the Complaint, or by putting forth "additional evidence demonstrating that removal is proper." Roe v. Michelin N. Am., Inc. 613 F. 3d 1058, 1061 (11th Cir. 2010).

17. Plaintiff seeks damages in the Complaint for all compensatory and special damages including "[s]evere mental and physical pain and suffering; [a] loss of enjoyment of life; [a] reduction in her earning capacity; … [past] incurred medical expenses[;] … [future] medical expenses due to the severe, permanent, and painful nature of her injuries[;]" and punitive damages. *See*, Plaintiff's Complaint, ¶¶ 38-41, 44. Such claimed damages would certainly exceed the $75,000 requisite amount in controversy. Further, "[A]s specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence

establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89 (2014).

18. Accordingly, the amount in controversy is satisfied. *See* 28 U.S.C. § 1332.

### III. The Procedural Requirements for Removal Have Been Established

19. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship among the properly joined parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

20. Defendant has attached as Exhibit D to this Notice of Removal the remainder of the entirety of the filings in the State Court of Clayton County, as required under 28 U.S.C. §§ 1441, 1446. Plaintiff's Complaint is attached as Exhibit A.

21. This Notice of Removal is being served upon counsel for Plaintiff and contemporaneously filed with the Clerk of State Court of Clayton County, Georgia. Copies of the Notice of Filing Notice of Removal, together with the Notice of Removal, are being served upon Plaintiff's counsel pursuant to 28 U.S.C. § 1446(b).

22. The filing fee of $402.00 has been paid electronically into the registry of the United States District Court at the time of filing the Notice of Removal.

23. All procedural requirements for removal have been satisfied.

WHEREFORE, Bradford Ridge Holdings, LLC respectfully removes this action to the United States District Court for the Northern District of Georgia, Atlanta Division based on the fact that original subject matter jurisdiction exists pursuant to 28 U.S.C. § 1332.

Respectfully submitted, this 7th day of March, 2023.

                                          BENDIN SUMRALL & LADNER, LLP

                                          */s/ DAVID V. HAYES*
                                          David V. Hayes
                                          Georgia Bar No. 240156
                                          Tyler D. Jones
                                          Georgia Bar No. 457929
                                          One Midtown Plaza
                                          1360 Peachtree Street, NE
                                          Suite 800
                                          Atlanta, Georgia 30309
                                          Phone:  404-671-3100
                                          Fax:  404-671-3080
                                          Email:  DHayes@bsllaw.net
                                          Email: TJones@bsllaw.net

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MICA BULLOCK, <br><br> Plaintiff, <br><br> v. <br><br> BRADFORD RIDGE OWNER, LLC, BRADFORD RIDGE HOLDINGS, LLC, RADCO RESIDENTIAL, LLC, JOHN DOE OWNER 1, JOHN DOE PROPERTY MANAGER 2 and JOHN DOE SECURITY PROVIDER 3. <br><br> Defendants. | CIVIL ACTION FILE NO.: |

_____

## RULE 7.1 CERTIFICATION
_____

By his signature below, and as required by LR 7.1, N.D. Ga, counsel for Defendant Bradford Ridge Holdings, LLC, certifies that the foregoing pleading has been prepared with 1.5 inch top margin and Times New Roman font, size 14.

/s/ David V. Hayes
DAVID V. HAYES

9

## CERTIFICATE OF SERVICE

**THIS IS TO CERTIFY** that I have this date served the within and foregoing **NOTICE OF REMOVAL BY DEFENDANT BRADFORD RIDGE HOLDINGS, LLC to all parties** by statutory electronic service through the Court's CM/ECF electronic filing and service system as follows:

| | |
|---|---|
| Daniel Adamson, Esq.<br>S.K. Rod Dixon, Esq.<br>THE DIXON FIRM, P.C.<br>4751 Best Road, Suite 272<br>Atlanta, GA 30337<br>daniel@dixonfirm.com<br>rod@dixonfirm.com<br><br>*Attorneys for Plaintiffs* | Kevin Quirk, Esq.<br>QUIRK & QUIRK, LLC<br>6000 Lake Forrest Drive, NW<br>Suite 300, Century Springs West<br>Atlanta, GA 30328<br>kq@quirklaw.com<br><br>*Attorney for Defendant Radco Residential, LLC* |

This 7th day of March, 2023.

                                       **BENDIN SUMRALL & LADNER, LLC**

                                       */s/David V. Hayes*
                                       **DAVID V. HAYES**
                                       Georgia State Bar No. 240156
                                       **TYLER D. JONES**
                                       Georgia State Bar No. 457929
                                     *Attorneys for Defendant*
                                     *Bradford Ridge Holdings, LLC*

One Midtown Plaza
1360 Peachtree Street, NE
Suite 800
Atlanta, Georgia 30309
Phone: 404-671-3100

Fax:  404-671-3080
dhayes@bsllaw.net
tjones@bsllaw.net