# EXHIBIT A

Case 1:23-mi-99999-UNA Document 711-1 Filed 03/07/23 Page 2 of 12     e-Filed 1/23/2023 4:21 PM

*Tiki Brown*
**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Waukecia Lawrence

IN THE STATE COURT OF CLAYTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| MICA BULLOCK, ) | |
| ) | |
| ) | CIVIL ACTION |
| ) | FILE NO: 2023CV00170 |
| Plaintiff, ) | |
| ) | |
| vs. ) | **Jury Trial Demanded** |
| ) | |
| ) | |
| BRADFORD RIDGE OWNER, LLC, ) | |
| BRADFORD RIDGE HOLDINGS, LLC, ) | |
| RADCO RESIDENTIAL, LLC, ) | |
| JOHN DOE OWNER 1, JOHN DOE ) | |
| PROPERTY MANAGER 2, ) | |
| and JOHN DOE SECURITY PROVIDER 3,) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

COMES NOW Mica Bullock, plaintiff in the above-styled civil action, and hereby files this her complaint for personal and bodily injuries, permanent impairment, pain and suffering, medical expenses, punitive damages, and all other damages authorized by law, by showing this Court as follows:

**PARTIES**

1.

Plaintiff Mica Bullock, and at all times material to this action has been, a citizen of the State of Georgia.

2.

Defendant Bradford Ridge Owner, LLC ("Bradford Owner") is a foreign corporation organized under the laws of the State of Delaware and authorized to transact

1

business in the State of Georgia. Defendant's principal office is located at 4445 Willard Ave, Suite 900, Chevy Chase, MD 20815.

3.

Defendant Bradford Owner may be served the summons and complaint through its registered agent, Corporation Service Company, located at 40 Technology Parkway South, Suite 300, Norcross, Georgia 30092.

4.

Defendant Bradford Owner is subject to the jurisdiction and venue of this Court.

5.

Defendant Bradford Ridge Holdings, LLC ("Bradford Holdings") is a foreign corporation organized under the laws of the State of Delaware and authorized to transact business in the State of Georgia. Defendant's principal office is located at 1218 Third Avenue, Suite 2200, Seattle, WA, 98101.

6.

Defendant Bradford Holdings may be served the summons and complaint through its registered agent, Gregory B. Jones, located at 3475 Piedmont Road NE, Suite 1525, Atlanta, GA, 30305.

7.

Defendant Bradford Holdings is subject to the jurisdiction and venue of this Court.

8.

Defendant Radco Residential, LLC ("Radco") is a domestic corporation organized under the laws of the State of Georgia and authorized to transact business in the State of

Georgia. Defendant's principal office is located at 3560 Lenox Road, Suite 2625, Atlanta, GA, 30326.

9.

Defendant Radco may be served the summons and complaint through its registered agent, Alan Keene, located at 3560 Lenox Road, Suite 2625, Atlanta, GA, 30326.

10.

Defendants John Doe Owner 1, John Doe Property Manager 2, and John Doe Security Provider 3 ("John Does") are corporations and/or other entities transacting business in the State of Georgia.

11.

Defendants John Does reside at unknown addresses and are subject to the jurisdiction and venue of this Court.

## FACTUAL ALLEGATIONS

12.

At all times material hereto, Defendants Bradford Owner, Bradford Holdings, and Radco Residential were engaged in the business of owning, managing, and/or operating The Bradford Ridge Apartments located at 415 Sylvia Drive, Forest Park, Clayton County, Georgia 30297.

13.

At all times material hereto, Defendants John Doe Owner 1 and John Doe Property Manager 2 were also engaged in the business of owning and/or operating The Bradford Ridge Apartments.

14.

At all times material hereto, Defendant John Doe Security Provider 1 was engaged in the business of providing security services to The Bradford Ridge Apartments.

15.

At all times mentioned herein, Defendants Bradford Owner, Bradford Holdings, and Radco had exclusive control and management of their properties, and Defendants had the legal duty to keep their premises and approaches safe.

16.

At all times material hereto, Plaintiff Mica Bullock was a business invitee and resident at The Bradford Ridge Apartments. Plaintiff became a resident of the apartments a few months before the underlying incident.

17.

On or about June 9, 2020, Plaintiff Bullock was asleep in her apartment (apartment S6) at The Bradford Ridge Apartments, located at 515 Sylvia Drive, Forest Park, GA 30297.

18.

In the middle of the night, Plaintiff was awoken by a shadowy figure standing over her with a gun barrel pressed against the side of her head.

19.

The unidentified male then forced Plaintiff into the living room and kitchen area of the apartment, continuously threatening to kill Plaintiff if she looked at him or didn't do what he asked.

20.

The unidentified male then assaulted and raped Plaintiff in the kitchen area of the apartment.

21.

After he raped her, the unidentified male forced Plaintiff to take a shower, and afterwards tied her hands behind her back and made her get into the hallway closet.

22.

The perpetrator then cleaned the crime scene, stole Plaintiff's handbag and fled the scene. The perpetrator entered and exited the apartment through a rear sliding door with a defective lock.

23.

Plaintiff then called the police who arrived at the scene around 3:30am.

24.

Plaintiff exercised ordinary care and diligence at all times herein and under the circumstances then existing.

**COUNT I**
**NEGLIGENCE**
**(ALL DEFENDANTS)**

25.

The allegations of paragraphs 1 through 24 of Plaintiff's complaint are hereby incorporated by reference and made a part hereof, as if each allegation was fully set forth herein.

26.

Defendants owed a duty to its customers and residents, generally and to Plaintiff Bullock specifically, of using reasonable means to keep the premises of The Bradford Ridge Apartments safe from crime.

27.

At the time of the subject June 9, 2020 incident involving the Plaintiff, Defendants knew or should have known of prior dangerous criminal activity occurring on the premises of The Bradford Ridge Apartments, located in Forest Park, Georgia.

28.

At the time of the subject June 9, 2020 incident involving the Plaintiff, Defendants knew or should have known of prior dangerous criminal activity occurring in the immediate vicinity of The Bradford Ridge Apartments, located in Forest Park, Georgia.

29.

At the time of the subject incident involving Plaintiff, Defendants failed to exercise ordinary care in keeping The Bradford Ridge Apartments' premises safe and in guarding its residents and/or invitees, specifically Mica Bullock and others, against the foreseeable risks and dangers posed by criminal activity.

30.

At the time of the subject incident involving Plaintiff, Defendants failed to provide adequate security measures and devices at The Bradford Ridge Apartments, notwithstanding Defendants' prior knowledge of extensive criminal activity occurring on or near the premises of The Bradford Ridge Apartments in Forest Park, GA.

31.

Based upon the extensive prior criminal activity occurring on and/or in the immediate vicinity of the premises of The Bradford Ridge Apartments, and based upon the inadequate security measures provided by Defendants to its residents and/or potential customers, Defendants reasonably could foresee harm to Plaintiff as a result of Defendants' failure to take reasonable security measures.

32.

The prior criminal activity on or near The Bradford Ridge Apartments of which Defendants had actual and constructive notice was so pervasive that it rose to the level of constituting a legal nuisance.

33.

Defendants were and are negligent *per se*.

34.

At the time of the underlying incident, Plaintiff's apartment was an "unsafe building" pursuant to Clayton County Code of Ordinances- Chapter 18, Article III, Section 18-35, and violated other Clayton County Ordinances.

35.

Defendants failed to properly inspect apartment S6 and remedy the defective lock on the rear sliding door prior to Plaintiff moving in.

36.

Defendants failed and refused to warn Plaintiff about the defective lock or the extensive prior criminal activity occurring on or near the premises of The Bradford Ridge Apartments.

37.

As a direct and proximate result of the aforesaid negligent acts and omissions by Defendants, Plaintiff was violently and brutally raped and assaulted, causing her to sustain catastrophic pain, as well as physical, psychological and emotional injuries.

38.

As a direct and proximate cause of the injuries sustained in the subject assault and rape incident caused by Defendants' negligence, Plaintiff has suffered and will continue to suffer the following:

  (1) Severe mental and physical pain and suffering;

  (2) A loss of enjoyment of life;

  (3) A reduction in her earning capacity; and

  (4) Other damages.

39.

As a direct and proximate result of the injuries sustained in the subject incident caused by Defendants' negligence, Plaintiff has incurred medical expenses and she will continue to require and incur reasonable and necessary medical expenses due to the severe, permanent, and painful nature of her injuries.

40.

By reason of the foregoing, Plaintiff is entitled to recover compensatory damages from Defendants in such an amount as may be shown by the evidence and determined by the enlightened conscience of an impartial jury.

41.

By reason of the foregoing, Plaintiff is entitled to recover special damages from Defendants in such an amount as may be shown by the evidence and proven at trial.

## COUNT II
## PUNITIVE DAMAGES
## (ALL DEFENDANTS)

42.

The allegations of paragraphs 1 through 41 of Plaintiff's complaint are hereby incorporated by reference and made a part hereof, as if each such allegation was fully set forth herein.

43.

The actions, inactions, omissions and conduct of Defendants as alleged hereinabove, were willful and wanton, evincing an entire want of care which would raise the presumption of a conscious indifference to the consequences to the members of the general public and to Plaintiff in particular, who would reasonably be expected to be affected by the actions, inactions, omissions and conduct of Defendants.

44.

By reason of the foregoing, Plaintiff is entitled to recover punitive damages from Defendants in such an amount as may be shown by the evidence and determined in the enlightened conscience of the jury in order to punish Defendants for its past misconduct and to deter Defendants from engaging in similar conduct in the future.

## COUNT III
## EXPENSES OF LITIGATION
## (ALL DEFENDANTS)

45.

The allegations of paragraphs 1 through 42 of Plaintiff's complaint are hereby incorporated by reference and made a part hereof, as if each such allegation was fully set forth herein.

46.

Defendants have acted in bad faith and have caused Plaintiff to suffer unnecessary trouble and expense. Plaintiff is, therefore, entitled to recover from Defendants all expenses of litigation, including attorney's fees, costs, and expenses pursuant to O.C.G.A. § 13-6-11.

47.

Plaintiff states her intention and desire to bring each and every permissible, proper and authorized claim for damages under Georgia law against Defendants.

**WHEREFORE**, Plaintiff Mica Bullock prays and respectfully demands verdict and judgment as follows:

(a) That summons and process issue as to the Defendants and that said Defendants be served with a copy of this complaint and that said Defendants be required to appear and answer as required by law;

(b) That Plaintiff be awarded compensatory damages from the Defendants for her past, present and future physical and emotional pain and suffering, in such an amount as may be shown by the evidence and determined by the enlightened conscience of the jury;

(c) That Plaintiff be awarded special damages from the Defendants for her past, present and future medical expenses, in such an amount as may be shown by evidence and proven at trial;

(d) That Plaintiff be awarded special damages from the Defendants for her diminution in earning capacity, in such an amount as may be shown by the evidence and proven at trial;

(e) That Plaintiff be awarded punitive damages against the Defendants in such an amount as shall be shown by the evidence and determined by the jury in their enlightened conscience;

(f) That Defendants be charged with all court costs attributable to this action and such other costs reasonably incurred in the trial of this case;

(g) That Plaintiff be granted a trial by a jury of twelve; and

(h) The Plaintiff be awarded such other and further relief as may be shown by the evidence and authorized under Georgia law.

**TRIAL BY JURY IS HEREBY DEMANDED.**

Respectfully submitted, this 23rd day of January, 2023.

**THE DIXON FIRM, P.C.**

*/s/ Daniel Adamson*
Daniel Adamson
Georgia Bar No. 563949
S.K. Rod Dixon
Georgia Bar No. 223395
*Attorneys for Plaintiff*

The Waterstone
4751 Best Road, Suite 272
Atlanta, Georgia 30337
Phone: 770-869-2584
Fax: 404-478-7240
Daniel@dixonfirm.com
Rod@dixonfirm.com

11