IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISON

| | | |
|---|---|---|
| KITTY LEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE NO. |
| | ) | _____ |
| COLUMBIA DEBT RECOVERY, | ) | |
| LLC d/b/a GENSIS CREDIT | ) | |
| MANAGEMENT, | ) | |
| | ) | |
| Defendant. | ) | |

## **COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 8, Plaintiff Kitty Lee respectfully shows the Court the following:

Parties, Jurisdiction and Venue

1.　Ms. Lee is an individual and a "consumer" under 15 U.S.C. § 1681a(c).

2.　Defendant Columbia Debt Recovery, LLC ("Columbia") is a Washington limited liability company having its principal place of business at 906 SE Everett Mall Way, Suite 301, Everett, Washington 98208-3744.  Columbia is a collections agency and furnisher of data to consumer reporting agencies, including Experian, Trans Union and Equifax (collectively, the "CRAs").  Upon information and belief, Columbia also does business under the name Genesis Credit Management.  Columbia is subject to the jurisdiction of this Court because it is

authorized to transact business in Georgia and may be served with process by serving its registered agent, Corporation Service Company, at 2 Sun Court, Suite 400, Peachtree Corners, Georgia, 30092.

3. The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 because the claims asserted in this civil action (1) arise under the laws of the United States, specifically 15 U.S.C. § 1681 *et seq.*, which is also known as the Fair Credit Reporting Act ("FCRA") and (2) are so related to claims in the action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution and fall within the Court's supplemental jurisdiction under 28 U.S.C. § 1367.

4. Venue is proper in this District and this Division pursuant to 28 U.S.C. § 1391(b)(1) and (2) and Local Rule 3.1B(1) and (3).

## Factual Background

5. In late 2020 or early 2021, Columbia furnished information to the CRAs that Ms. Lee owed $5,540 (the "Alleged Debt") to Arrive Perimeter Apartment Homes. That information was inaccurate and derogatory or could not be verified.

6. In the Fall of 2021, Ms. Lee exercised her rights under 15 U.S.C. §§ 1681i(a) and 1681s-2(b) by disputing the information furnished by Columbia with the CRAs (the "2021 Disputes").

7. Columbia failed to conduct reasonable reinvestigations of the 2021 Disputes and verified the accuracy of the information it had furnished to the CRAs. As a result, inaccurate and derogatory information remained on Ms. Lee's credit reports.

8. On February 2, 2022, Ms. Lee filed Civil Action No. 1:22-cv-00780-TWT-CCB in the United States District Court for the Northern District of Georgia, Atlanta Division (the "Original Civil Action") asserting a single claim for violation of 15 U.S.C. § 1681s-2(b) against Columbia. Therein, Ms. Lee alleged that Columbia had failed to conduct reasonable reinvestigations of the 2021 Disputes she had made regarding the Alleged Debt.

9. On April 5, 2022, the Original Civil Action was settled (the "Settlement"). The Parties filed a Notice of Settlement with the Court on April 8, 2022, and the Original Civil Action was dismissed, with prejudice, on May 26, 2022.

10. Under the terms of the Settlement, Columbia was required, *inter alia*, to ███████████████████████████████████████████████████████ ███████████.

11. Unfortunately, when Ms. Lee checked her credit reports in July 2022, she noticed that the Alleged Debt was still appearing on her credit reports for all

three of the CRAs and was appearing twice on her Equifax credit report, *i.e.* duplicate reporting of the Alleged Debt.

12. The fact that Columbia ███████████████████████ ████████████████████████████████████████ ██████████ and caused inaccurate and derogatory information to improperly remain on Ms. Lee's credit reports.

13. In an effort to address this situation, Ms. Lee again exercised her rights under 15 U.S.C. §§ 1681i(a) and 1681s-2(b) by disputing the inaccurate, derogatory and duplicative information that Columbia had furnished to the CRAs regarding the Alleged Debt.

14. Specifically, in July and August 2022 (the "2022 Disputes"), Ms. Lee sent dispute letters to the CRAs in which she stated that the information Columbia was furnishing regarding the Alleged Debt was inaccurate, ███████████ ████████████████████ ████████████████████ ██████.

15. In one of her 2022 Dispute letters, Ms. Lee expressly stated:

> The inaccurate information was provided to you by Genesis Credit Management LLC, who says that I owe $5,540 to Arrive Perimeter Apartments. That information is incorrect. That alleged debt was the subject of a lawsuit in federal court in the Northern District of Georgia, *Lee v. Columbia Debt Recovery, LLC d/b/a Genesis Credit Management*, Civil Action No. 1:22-cv-00780-TWT-CCB. The case was settled and ████████████████████████████████████ ██████████. I suggest you contact the lawyers for Genesis, Mr. Todd

Hennings at Macey, Wilensky & Hennings, LLP and Mr. David J. Kaminski at Carlson & Messer LLP, who can be reached at (404) 584-1222 and (310) 242-2204 respectively.  They can verify what I am telling you.

16. In another of the 2022 Dispute letters, which Ms. Lee sent to Equifax, she also pointed out that the Alleged Debt was being reported twice, *i.e.* duplicative reporting of the Alleged Debt, to wit:

> You need to call the lawyers who represented Genesis, Todd Hennings and David J. Kaminski.  Their telephone numbers are (404) 584-1222 and (310) 242-2204.  They can verify what I am telling you.  I am also enclosing a document from the case and a letter from my lawyer, so you can see that I'm telling the truth.  ***You've even got it on my report twice, which is also wrong***.

(Emphasis and red typeface added.)

17. As required by 15 U.S.C. § 1681i(a), the CRAs forwarded Ms. Lee's 2022 Disputes to Columbia, and under 15 U.S.C. § 1681s-2(b), Columbia was required to make reasonable reinvestigations of Ms. Lee's 2022 Disputes.

18. Columbia failed to conduct reasonable reinvestigations of Ms. Lee's 2022 Disputes and ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇, incorrectly confirmed that its reporting of the Alleged Debt was accurate.

19. As a result of Columbia's unreasonable reinvestigations, the Alleged Debt remained on Ms. Lee's credit reports and continued to appear twice on Ms. Lee's Equifax credit report.

20. In the Summer of 2022, Ms. Lee, through counsel, also made efforts to have her credit reports corrected. Specifically, on August 22, 2022, Ms. Lee's counsel wrote a letter to Columbia's counsel notifying Columbia that ▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ That letter stated, in material part:

> I represented Ms. Lee in the referenced lawsuit, which was settled. Pursuant to Paragraphs 15-16 of the settlement agreement, you are hereby notified that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮ Columbia ▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

21. On August 30, 2022, Columbia, through its counsel, responded to the letter described in the preceding paragraph via an email. Therein, Columbia's counsel stated: "We are in receipt of your August 22, 2022 correspondence with respect to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. The issue has been resolved ▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮ We appreciate your patience."

22. Unfortunately, that was not the case. Despite the assurances of Columbia's counsel, the "issue" was not resolved. ▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

23. As a proximate result thereof, Ms. Lee has suffered actual damages, including but not limited to a credit denial by CitiBank, loss of credit opportunities and emotional distress, including anxiety that she would not be able to obtain

credit in the future and financing for a new vehicle. Furthermore, Ms. Lee was also forced to spend her time and money disputing the inaccurate and derogatory information Columbia had placed on her consumer reports, including without limitation postage costs associated with mailing her 2022 Disputes to the CRAs.

<u>Count 1 – Violation of 15 U.S.C. § 1681s-2(b) by Columbia</u>

24.     Columbia negligently, or in the alternative recklessly and/or willfully, violated 15 U.S.C. § 1681s-2(b) by failing to conduct reasonable reinvestigations of the 2022 Disputes.

25.     As a proximate result thereof, Ms. Lee has suffered and is entitled to recover actual damages as alleged in Paragraph 23 above in an amount to be proven at trial as allowed by 15 U.S.C. § 1681n(a)(1)(A) or 15 U.S.C. § 1681o(a)(1).

26.     In the alternative and as a result of Columbia's reckless and willful violations of 15 U.S.C. § 1681s-2(b), Ms. Lee is entitled to recover statutory damages in the amount of $1,000 as allowed by 15 U.S.C. § 1681n(a)(1)(A).

27.     As a result of Columbia's reckless and willful violations of 15 U.S.C. § 1681s-2(b), Ms. Lee is also entitled to recover punitive damages as allowed by 15 U.S.C. § 1681n(a)(2).

28.     Ms. Lee is also entitled to recover her costs of this action and reasonable attorneys fees as allowed by 15 U.S.C. § 1681n(a)(3) or 15 U.S.C. § 1681o(a)(2).

## Count 2 – Breach of Contract by Columbia

29. Columbia breached the Settlement Agreement as alleged in Paragraphs 9-12 above and by failing to cure its breach in a timely manner as alleged in Paragraphs 20-22 above.

30. As a proximate result thereof, Ms. Lee has suffered and is entitled to recover actual damages as alleged in Paragraph 23 above in an amount to be proven at trial.

WHEREFORE, Ms. Lee respectfully prays that the Court:

1. Issue process to Defendant;

2. Conduct a trial by jury of all claims asserted herein;

3. Enter judgment in favor of Ms. Lee as consistent with the jury's verdict; and,

4. Grant Ms. Lee such other and further relief as it deems just and necessary.

This 7th day of March, 2023.

| | |
|---|---|
| **MCRAE BERTSCHI & COLE LLC** <br> 1872 Independence Square, Suite D <br> Dunwoody, Georgia 30338 | */s/ Craig E. Bertschi* <br> Craig E. Bertschi <br> Georgia Bar No. 055739 <br> ceb@mcraebertschi.com <br> 678.999.1102 <br><br> Charles J. Cole <br> Georgia Bar No. 176704 <br> cjc@mcraebertschi.com <br> 678.999.1105 <br><br> *Counsel for Plaintiff* |