Case 1:23-mi-99999-UNA   Document 714-2   Filed 03/08/23   Page 1 of 4

E-FILED IN OFFICE - CL
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-00094-S2**
**1/6/2023 3:59 PM**
**TIANA P. GARNER, CLERK**

# IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| CATHY WILLIAMS<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION,<br><br>　　　　　　　　　Defendant. | CIVIL ACTION<br><br>FILE NO.: __23-C-00094-S2__ |

**JURY TRIAL DEMANDED**

**COMPLAINT**

COMES NOW CATHY WILLIAMS, Plaintiff, and makes and files this complaint against Defendant COSTCO WHOLESLE CORPORATION (hereinafter "Costco") as follows:

**PARTIES AND JURISDICTION**

1.

Plaintiff Cathy Williams resides at 4510 Havenwood Place, Gainesville, Georgia 30504, and is subject to the jurisdiction of this court.

2.

Costco is a is a Foreign corporation existing under the laws of Washington with its principal place of business in P.O. Box 35005, Seattle, Washington 98124 and may be served through its registered agent The Corporation Company at 106 Colony Park Drive, Suite 800-B, Cumming, Georgia 30040, and is subject to the jurisdiction of this court.

3.

Jurisdiction and venue are proper in this court.

**EXHIBIT A**

## BACKGROUND

4.

On February 4, 2021 Plaintiff was an invitee at Costco at 1550 Mall of Georgia Boulevard, Buford, Georgia 30519.

5.

Plaintiff slipped and fell on a fluid on the floor of the women's restroom within the facility.

6.

There were no cones or other warnings in the area of the water at the time of the fall.

7.

Defendant had exclusive ownership, possession and control over the restroom facilities at all times relevant to this litigation.

8.

As a result of plaintiff's fall, she suffered spinal injuries.

## COUNT 1
## PREMISES LIABILITY

9.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 8 above as if fully restated.

10.

Plaintiff was an invitee on the premises at the time of the fall.

11.

Defendant owed a nondelegable duty of reasonable care in keeping the premises safe for invitees such as plaintiff.

12.

Defendant was negligent in failing to properly inspect the area where the fall occurred, in failing to remove the hazard from the floor, in failing to take adequate measures to protect invitees from substances on the floor and in failing to keep the premises safe for invitees.

13.

Defendant's negligence was the proximate cause of plaintiff's injuries.

## COUNT 2
## VICARIOUS LIABILITY

14.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 13 above as if fully restated.

15.

At all times relevant to this action, the individuals responsible for inspecting, cleaning and maintaining the area where plaintiff fell were employed by defendant and were acting within the scope of their employment.

16.

Defendant is responsible for the conduct of these individuals under the doctrine of respondeat superior, agency or apparent agency.

## COUNT 3
## NEGLIGENT TRAINING & SUPERVISION

17.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 16 above as if fully restated.

18.

Defendant was negligent in failing to adopt appropriate policies and procedures to make sure that appropriate inspections, cleaning and maintenance were performed on the premises and in failing to train its employees concerning safety procedures for inspecting, cleaning and maintaining the premises.

19.

Defendant was negligent in training and supervising its staff.

20.

As a result of defendant's negligence in training and supervising its employees, plaintiff was injured on the premises.

WHEREFORE, plaintiff prays that he/she have a trial on all issues and judgment against defendant as follows:

(a) That plaintiff recover the full value of past and future medical expenses and past and future lost wages in an amount to be proven at trial;

(b) That plaintiff recover for mental and physical pain and suffering and emotional distress in an amount to be determined by the enlightened conscience of the jury;

(c) That plaintiff recover such other and further relief as is just and proper;

(d) That all issues be tried before a jury.

This 6th day of January, 2023.

A. K. Jackson Law, LLC

/s/Alec K. Jackson
**Alec K. Jackson**
Georgia Bar No. 166976
Attorneys for Plaintiff

4751 Best Road
Suite 173
Atlanta, Georgia 30337
Telephone: 470.304.0703
Facsimile: 678.528.1338
Email: Alec@akjacksonlaw.com