Case 1:23-mi-99999-UNA   Document 714-3   Filed 03/08/23   Page 1 of 6

E-FILED IN OFFICE - AK
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-00094-S2**
**3/8/2023 2:10 PM**
**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| CATHY WILLIAMS,<br><br>   Plaintiff,<br><br>vs.<br><br>COSTCO WHOLESALE CORPORATION,<br><br>   Defendant. | )<br>)<br>)<br>) CIVIL ACTION<br>) FILE NO.: 23-C-00094-S2<br>)<br>)<br>)<br>)<br>) |

### DEFENDANT COSTCO WHOLESALE CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT

COMES NOW, Defendant Costco Wholesale Corporation (hereinafter "this Defendant" or "Costco"), in the above-styled civil action, and for its Answer to Plaintiff's Complaint, shows the Court as follows:

### FIRST DEFENSE

The Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

No act or omission on the part of this Defendant proximately caused Plaintiff's alleged damages.

### THIRD DEFENSE

At all times material hereto, this Defendant acted reasonably and prudently. As such, there can be no recovery against this Defendant whatsoever.

### FOURTH DEFENSE

Venue is improper as to this Defendant and, therefore, this case must be dismissed or transferred.

**EXHIBIT B**

**FIFTH DEFENSE**

The damages complained of by the Plaintiff were caused by other persons, entities and/or circumstances beyond the control of this Defendant. Specifically, Plaintiff's own negligence was the cause of the alleged incident. As such, there can be no recovery against this Defendant whatsoever.

**SIXTH DEFENSE**

Defendant responds to the individually numbered allegations of the Plaintiff's Complaint as follows:

**PARTIES, JURISDICTION, AND VENUE**

1.

This Defendant lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiff's Complaint and, therefore, this paragraph can neither be admitted nor denied.

2.

The allegations contained in Paragraph 2 of Plaintiff's Complaint are generally admitted.

3.

The allegations contained in Paragraph 3 of Plaintiff's Complaint are denied.

**BACKGROUND**

4.

This Defendant lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of Plaintiff's Complaint and, therefore, this paragraph can neither be admitted nor denied.

5.

This Defendant lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of Plaintiff's Complaint and, therefore, this paragraph can neither be admitted nor denied.

6.

This Defendant lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of Plaintiff's Complaint and, therefore, this paragraph can neither be admitted nor denied.

7.

The allegations contained in Paragraph 7 of Plaintiff's Complaint are generally admitted.

8.

This Defendant lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of Plaintiff's Complaint and, therefore, this paragraph can neither be admitted nor denied.

## COUNT 1

## PREMISES LIABILITY

9.

This Defendant incorporates herein by reference its responses to Paragraphs 1 – 8 above as if fully set forth herein.

10.

This Defendant lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of Plaintiff's Complaint and, therefore, this paragraph can neither be admitted nor denied.

11.

It is admitted that Defendant had a nondelegable duty to keep its premises safe for invitees.  This Defendant lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 11 of Plaintiff's Complaint and, therefore, the remaining allegations can neither be admitted nor denied.

12.

The allegations contained in Paragraph 12 of Plaintiff's Complaint are denied.

13.

The allegations contained in Paragraph 13 of Plaintiff's Complaint are denied.

## COUNT 2

## VICARIOUS LIABILITY

14.

This Defendant incorporates herein by reference its response to Paragraphs 1 – 13 above as if fully set forth herein.

15.

The allegations contained in Paragraph 15 of Plaintiff's Complaint are admitted.

16.

The allegations contained in Paragraph 16 of Plaintiff's Complaint are admitted.

## COUNT 3

## NEGLIGENT TRAINING AND SUPERVISION

17.

This Defendant incorporates herein by reference its responses to Paragraphs 1 – 16 above as if fully set forth herein.

18.

The allegations contained in Paragraph 18 of Plaintiff's Complaint are denied.

19.

The allegations contained in Paragraph 19 of Plaintiff's Complaint are denied.

20.

The allegations contained in Paragraph 20 of Plaintiff's Complaint are denied. It is further denied that Plaintiff is entitled to the relief sought following Paragraph 20 of Plaintiff's Complaint.

21.

Any and all allegations not specifically admitted herein are denied.

WHEREFORE, having fully Answered, Defendant demands judgment in its favor with costs cast against the Plaintiff. Defendant further demands a Twelve Person jury at the trial of this case.

Respectfully submitted this 8th day of March, 2023.

                            MCGREW MILLER BOMAR & BAGLEY, LLC

                            */s/ Colleen E. Callaghan*

                            HEATHER H. MILLER
                            Georgia Bar No. 506756
                            COLLEEN E. CALLAGHAN
                            Georgia Bar No. 176380
                            *Counsel for Defendant Costco Wholesale Corporation*

50 Hurt Plaza, SE, Suite 1200
Atlanta, GA  30303
404-410-8410 (Phone)
hmiller@mmbblaw.com
ccallaghan@mmbblaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day served a copy of the within and foregoing pleading upon all parties to this matter electronically via Odyssey eFileGA and addressed as follows:

Alec K. Jackson
A. K. Jackson Law, LLC
4751 Best Road, Suite 173
Atlanta, GA  30337
alec@akjacksonlaw.com

This 8th day of March, 2023.

    MCGREW MILLER BOMAR & BAGLEY, LLC

    */s/ Colleen E. Callaghan*

    HEATHER H. MILLER
    Georgia Bar No. 506756
    COLLEEN E. CALLAGHAN
    Georgia Bar No. 176380
    *Counsel for Defendant Costco Wholesale Corporation*

50 Hurt Plaza, SE, Suite 1200
Atlanta, GA  30303
404-410-8410 (Phone)
hmiller@mmbblaw.com
ccallaghan@mmbblaw.com