# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| WELLNESS AROUND THE WORLD CHIROPRACTIC, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and STATE FARM FIRE AND CASUALTY COMPANY <br><br> Defendants. | CASE NO. _____ <br><br> CASE BELOW: <br> Superior Court of Clayton County, Georgia, Case No. 2023CV00437-11 <br><br> JURY DEMAND |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT Defendants State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company (collectively, "State Farm") hereby remove the above-captioned lawsuit from the Superior Court of Clayton County, Georgia, to this Court pursuant to 28 U.S.C. §§ 1332(a) and 1441(a). In support of this Notice of Removal, State Farm states as follows:

## Grounds for Removal

1.  This Court has original subject-matter jurisdiction over this action under 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between Plaintiff and Defendants and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. Accordingly, removal to this Court is proper under

28 U.S.C. § 1441(a).

## Plaintiff's Complaint

2.   Plaintiff Wellness Around the World Chiropractic, LLC ("Wellness") filed its Complaint against State Farm on January 20, 2023, in the Superior Court of Clayton County, Georgia. State Farm was served with the Complaint on February 7, 2023, through its registered agent. *See* Complete State Court Record including Complaint and service papers, attached as Exhibit 1.

3.   The Complaint alleges State Farm improperly raised "issues of concern" with Plaintiff concerning potential billing fraud. *See* Complaint ¶ 65. Plaintiff claims State Farm wrongfully accused it of applying "predetermined treatment protocols" to patients, based on an analysis of patterns in Plaintiff's past treatment records. *Id.* ¶¶ 65, 69.[1]

4.   Plaintiff seeks declaratory relief that puts at issue far more than the jurisdictional threshold for diversity jurisdiction. Specifically, the Complaint seeks a declaratory judgment that:

> "(a)   Regardless of what patterns of treatment might be reflected in past records of a medical provider, past patterns alone cannot justify a finding that treatment provided to any one patient was unreasonable or unnecessary;

---

[1] The Complaint lards this claim with dozens of irrelevant and inaccurate allegations, including about supposed practices from over twenty years ago, and unfounded inflammatory accusations cribbed from a disgruntled former employee's lawsuit against State Farm Fire and Casualty Company. *Id.* ¶¶ 26-53.

 (b) Regardless of what patterns might be reflected in medical provider's past treatment records, such patterns cannot be used by an insurer to avoid its obligation under O.C.G.A. § 33-4-6 to adjust claims on their individual merits promptly and fairly;

 (c) State Farm may not deny any pending or future bills from Plaintiff based solely on alleged patterns in Plaintiff's past records; and

 (d) State Farm is not entitled to claw back any monies paid for past treatment provided by Plaintiff based solely on alleged patterns in Plaintiff's past treatment records."

*Id.* ¶ 86.

## **Procedural Requirements**

5. State Farm has complied with all procedural requirements for removal.

6. This Notice of Removal has been filed within 30 days of service of the Complaint on State Farm, and it accordingly is timely. *See* 28 U.S.C. § 1446(b)(1).

7. Venue is proper in this Court because the Superior Court of Clayton County is located in the Northern District of Georgia. *See* 28 U.S.C. § 1441(a) (a state-filed action subject to federal jurisdiction may be removed "to the district court . . . for the district and division embracing the place where such action is pending").

8. As required under 28 U.S.C. § 1446(a), State Farm has attached copies of all process, pleadings, and orders served upon State Farm with respect to this action. *See* Exhibit 1; *see also* Superior Court of Clayton County docket sheet, attached as Exhibit 2.

9. As required under 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon Plaintiff's counsel, and a copy is being filed with the Clerk of the Superior Court of Clayton County, Georgia.

## Diversity of Citizenship

10. The diversity requirement of 28 U.S.C. § 1332(a) is satisfied because Plaintiff and Defendants are citizens of different states.

11. Plaintiff is a Georgia citizen. Plaintiff is a Georgia limited liability company with places of business solely in Georgia. Complaint ¶ 1. According to the Complaint, Plaintiff has a single owner/member, Dr. Roger Holloway. *See* Complaint p. 1 ("Wellness is owned by Dr. Roger Holloway …"). Dr. Holloway is a resident and citizen of the State of Georgia, which means Plaintiff is a Georgia citizen. *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) ("[A] limited liability company is a citizen of any state of which a member of the company is a citizen."). Plaintiff confirmed prior to the filing of this Notice that it has no other members outside of Georgia. *See* Exhibit 3.

12. The Complaint specifically alleges State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company are "foreign corporations." *See* Complaint ¶ 2. Both companies are citizens of the State of Illinois. *See Ljuljdjuraj v. State Farm Mut. Auto. Ins. Co.,* 774 F.3d 908, 910 (6th Cir. 2014) ("State Farm [Mutual Automobile Insurance Company], which is incorporated in

Illinois and has its principal place of business there, is a citizen of Illinois."); *McIntyre v. State Farm Fire & Casualty Co.,* No. 4:16CV-0065-HLM, 2016 WL 8902593, at *3 (N.D. Ga. May 19, 2016) ("Defendant [State Farm Fire and Casualty Company] is an Illinois citizen."); *see also* 28 U.S.C. § 1332(c)(1).

13. State Farm Mutual Automobile Insurance Company is a mutual insurance company, organized under the laws of the State of Illinois that maintains its principal place of business in that state. State Farm Fire and Casualty Company is a stock insurance company which also is organized under the laws of the State of Illinois that maintains its principal place of business in that state. *See* Declaration of Weslie Sawyer, attached hereto as Exhibit 4, ¶¶ 4-11.

## Amount in Controversy

14. Plaintiff's claim plainly places more than $75,000 in controversy pursuant to 28 U.S.C. § 1332(a). In taking this position, State Farm does not concede that Plaintiff plausibly states a claim it is entitled to recover any amount, but only that the amount placed in controversy by its declaratory judgment claim plausibly exceeds the jurisdictional threshold. *See Creswell v. Transport Risk Solutions Risk Retention Grp.,* No. 1:19-cv-04632-SDG, 2020 WL 13526729, at *2 (N.D. Ga. July 16, 2020) (a notice of removal "need only provide 'a plausible allegation that the amount in controversy exceeds the jurisdictional threshold'") (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014)).

15. In actions seeking declaratory relief, the amount in controversy is measured by the "value of the object of the litigation" from the plaintiff's perspective. *See Ericsson GE Mobile Communications, Inc. v. Motorola Communications & Elecs., Inc.,* 120 F.3d 216, 218–20 (11th Cir. 1997). Stated another way, the value of declaratory relief is the amount a plaintiff would recover or avoid losing if the relief was granted. *See Cohen v. Office Depot,* 204 F.3d 1069, 1077 (11th Cir. 2000); *Braniff Intern., Inc. v. Florida Public Service Commission,* 576 F.2d 1100, 1106 n.8 (5th Cir. 1978) (for declaratory judgment actions, the amount in controversy is "the value of the right to be protected or the extent of the injury to be prevented"). The monetary value of the declaratory relief sought by Plaintiff far exceeds $75,000.

16. The Complaint alleges State Farm raised issues with Plaintiff's treatment of "hundreds of past patients" (Ex. 1, Compl. ¶ 69), totaling hundreds of thousands of dollars in billings that Plaintiff seeks to protect by means of a declaratory judgment. *See id.* ¶ 65 (alleging a federal lawsuit by State Farm could seek "millions of dollars in damages"). This easily satisfies the $75,000 amount-in-controversy requirement.

17. This is also apparent from the components of declaratory relief sought by Plaintiff. Among other things, Plaintiff seeks a declaration preventing State Farm from recovering "any monies paid for past treatment provided by Plaintiff" since

2017. *See id.* ¶¶ 70, 86(d). Since 2017, State Farm has paid over $150,000 for treatment allegedly provided by Plaintiff to State Farm insureds on first-party claims, far surpassing the $75,000 jurisdictional threshold. Over that same period, Plaintiff has billed another $1,000,000 for treatment of other individuals under State Farm insureds' bodily injury, uninsured and underinsured motorist coverages; State Farm's payments under these coverages are part of the amount in controversy (*id.* ¶ 70) and increase it even more.

18. Plaintiff additionally seeks to prevent State Farm from denying any "pending or future bills." *Id.* ¶ 86(c). Over the past five years, Plaintiff has billed well over $100,000 each year for treatment under State Farm policy coverages. Using just one year of projected future bills, this component of Plaintiff's requested relief alone satisfies the amount-in-controversy requirement.

19. Lastly, Plaintiff alleges an object of this declaratory judgment litigation is to avoid having to pay "hundreds of thousands of dollars in legal fees" if State Farm were to file a lawsuit on the billing issues raised with Plaintiff. *Id.* ¶ 83. The "financial benefit of not having to pay" these costs likewise may be considered and included in the amount in controversy. *Fastcase, Inc. v. Lawriter, LLC*, 907 F.3d 1335, 1344 (11th Cir. 2018) (quoting *Ericsson*, 120 F.3d at 220); *see also id.* at n. 9 (amount in controversy includes "the costs associated with defending" lawsuit

avoided by declaratory judgment) (quoting *Stonewall Ins. Co. v. Lopez*, 544 F.2d 198, 199 (5th Cir. 1976)).

20. Accordingly, State Farm has shown the value of the object of this litigation clearly exceeds the $75,000 threshold for diversity jurisdiction.

21. For all the foregoing reasons, State Farm has demonstrated all prerequisites for federal diversity jurisdiction have been met.

**WHEREFORE**, Defendants State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company hereby remove this action from the Superior Court of Clayton County, Georgia, to this Court.

Dated: March 8, 2023

        WALDON ADELMAN CASTILLA
        HIESTAND & PROUT

        /s/ *Jonathan M. Adelman*
        Jonathan M. Adelman
        (State Bar No. 005128)
        900 Circle 75 Parkway
        Suite 1040
        Atlanta, Georgia 30339
        (770) 953-1710
        jadelman@wachp.com
        *Attorney for Defendant*

## **CERTIFICATE OF COMPLIANCE**

This certifies that the foregoing pleading is typed in 14-Point, Times New Roman font and is otherwise formatted in compliance with LR 5.1.

This 8th day of March, 2023.

                                                     WALDON ADELMAN CASTILLA
HIESTAND & PROUT

/s/ *Jonathan M. Adelman*
Jonathan M. Adelman
(State Bar No. 005128)
900 Circle 75 Parkway
Suite 1040
Atlanta, Georgia 30339
(770) 953-1710
jadelman@wachp.com
*Attorney for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that, on this the 8th day of March, 2023, I electronically filed the foregoing *Notice of Removal* with the Clerk of this Court using the CM/ECF system which will automatically provide notice of such filing via electronic mail to the following attorney(s) of record:

Douglas Dean
LAWSON, REID & DEAN, LLC
601 East 14th Avenue (31015)
P.O. Box 5005
Cordele, Georgia 31010
Douglas.Dean@lawsonreidlaw.com
*Attorney for Plaintiff*

.

         WALDON ADELMAN CASTILLA
         HIESTAND & PROUT

         /s/ *Jonathan M. Adelman*
         Jonathan M. Adelman
         (State Bar No. 005128)
         900 Circle 75 Parkway
         Suite 1040
         Atlanta, Georgia 30339
         (770) 953-1710
         jadelman@wachp.com
         *Attorney for Defendants*