## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| ATLANTA HEART ASSOCIATES, P.C. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. _____ |
| ) | |
| INPHYNET CONTRACTING ) | |
| SERVICES, LLC ) | |
| ) | |
| Defendant. ) | |

## <u>NOTICE OF REMOVAL</u>

Defendant INPHYNET Contracting Services, LLC ("InPhyNet" or "Defendant") hereby gives notice under 28 U.S.C. §§ 1332, 1441, and 1446 of the removal of this action from the Superior Court of Gwinnett County, Georgia, to the United States District Court for the Northern District of Georgia. Defendant denies generally the allegations contained in the Complaint and files this Notice without waiving any defenses, exceptions, or obligations that may exist in its favor in State or federal court. In support of this Notice, Defendant states as follows:

1.     This same lawsuit was previously filed on August 12, 2021 in the Superior Court of Henry County, Georgia. The difference between the 2021 suit and this action is that the named defendant in the 2021 lawsuit was Team Health Holdings, Inc. That lawsuit was removed to United States District Court for the

Northern District of Georgia, Atlanta Division on September 16, 2021, and was assigned Case No. 1:21-cv-03831-SCJ. This Court dismissed that action for lack of personal jurisdiction on October 19, 2021.

2.     This action was filed in the Superior Court of Gwinnett County, Georgia, on January 31, 2023 (Case No. 23-A-00860-2).  Unlike the 2021 lawsuit, this lawsuit names InPhyNet as the defendant. The Complaint alleges tortious interference with contractual relations and tortious interference with business relations and seeks actual damages, punitive damages, and attorney's fees and court costs.

3.     On February 7, 2023, Plaintiff served Defendant by personal service on Defendant's registered agent and personal service at Defendant's place of business in Gwinnett County.

4.     This Notice of Removal is filed within thirty (30) days after receipt by Defendant, through service or otherwise, of the Complaint, and is therefore timely filed under 28 U.S.C. § 1446(b).

5.     According to the Complaint, Plaintiff is a Georgia professional corporation with a principal office at 350 Country Club Drive, Suite A, Stockbridge, Georgia 30281.  *See* Complaint, ¶ 1.

6.     Defendant is a Florida Limited Liability Company with its principal place of business in Sunrise, Florida.

7. For the purpose of determining diversity jurisdiction, "a limited liability company is a citizen of any state of which a member of the company is a citizen." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir.2004).

8. The Sole member of InPhyNet is Southwest Florida Emergency Management, Inc., a Florida Corporation.

9. Consequently, this is an action in which the parties are citizens of different states, and the requisite diversity of citizenship exists. 28 U.S.C. §1332(a)(1).

10. In addition, the amount in controversy exceeds the jurisdictional minimum of $75,000.00. *See* 28 U.S.C. § 1332(a).

11. In the Complaint, Plaintiff seeks unspecified damages in the form of actual damages, punitive damages, and attorney's fees and court costs. *See* Complaint, ¶ Prayer for Relief.

12. "If a plaintiff makes an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the jurisdictional requirement." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (internal quotations and citations omitted).

13.     The defendant may satisfy its burden by showing either that it is "facially apparent from the pleading itself that the amount in controversy exceeds the jurisdictional minimum," or that there is "additional evidence demonstrating that removal is proper." *Id.* at 1061; *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319-20 (11th Cir. 2001) ("When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement. If the jurisdictional amount is not facially apparent . . . , the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed.").

14.     The substantive jurisdictional requirements of removal do not limit the types of evidence that may be used to satisfy the preponderance of the evidence standard.  Defendants may introduce their own affidavits, declarations, or other documentation, provided that removal is procedurally proper.  *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 755 (11th Cir. 2010) (internal citations omitted); *Fowler v. Safeco Ins. Co. of Am.*, 915 F.2d 616, 617 (11th Cir.1990) ("Defendants have the opportunity to submit affidavits, depositions, or other evidence to support removal."); *see also Dep't of Recreation & Sports of Puerto Rico v. World Boxing Ass'n*, 942 F.2d 84, 88 (1st Cir. 1991) ("[T]he party seeking to invoke jurisdiction . . . may meet [its] burden by . . . submitting affidavits."); *Allen v. R & H Oil & Gas*

*Co.*, 63 F.3d 1326, 1335 (5th Cir.1995) ("If not [facially apparent], a removing attorney may support federal jurisdiction by setting forth the facts in controversy— preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount."); *Northup Props., Inc. v. Chesapeake Appalachia, L.L.C.*, 567 F.3d 767, 770–71 (6th Cir. 2009) (concluding that the defendant's affidavits had established the requisite jurisdictional amount); *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541–42 (7th Cir.2006) (noting that a removing defendant may establish the amount in controversy "by introducing evidence, in the form of affidavits from the defendant's employees or experts, about how much it would cost to satisfy the plaintiff's demands")

15.     District courts "may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Roe*, 613 F.3d at 1061-62.

16.     They are permitted to make "reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings." *Roe*, 613 F.3d at 1061-62; *see Pretka*, 608 F.3d at 752-54.

17.     In its Complaint, Plaintiff alleges that "Plaintiff contracted with Piedmont Henry Hospital to read the hospital's electrocardiograms" and that "[s]ince 2019, Defendant has been billing the insurance providers of the patients who received electrocardiograms at Piedmont Henry Hospital, falsely claiming that

Defendant's physicians read the electrocardiograms." Complaint, ¶¶ 8, 13.

18.     Plaintiff further alleges that it has "incurred financial injury as a result of Defendant's actions, having provided over $50,000 in services to Piedmont Henry Hospital and its patients for which it has not been paid." *Id.*, ¶¶ 26, 34.

19.     Defendant's accounting records reflect that from January 1, 2019 to the present, Defendant has collected more than $175,000 for electrocardiogram ("EKG") billings from the Piedmont Henry County Emergency Department. *See* the Declaration of Paula Dearolf at ¶ 3, attached hereto as **Exhibit A**.

20.     Based on that evidence and the allegations in the Complaint, it is clear that the amount in controversy exceeds the $75,000 jurisdictional minimum needed for removal. *See Pretka*, 608 F.3d at 756 (noting that the defendant's declarations alone established the amount in controversy by a preponderance of the evidence); *see also Maiz v. Virani,* 253 F.3d 641, 664 (11th Cir. 2001) ("Suffice it to say that while damages may not be determined by mere speculation or guess, it will be enough if the evidence shows the extent of the damages as a matter of just and reasonable inference.") (internal quotations and citations omitted).

21.     In its Complaint, Plaintiff also alleges that it is entitled to punitive damages pursuant to O.C.G.A. § 51-12-5.1 and attorney's fees and court costs.[1] *Id.*

---

[1] The language Plaintiff uses in its request for attorney's fees and court costs comes directly from O.C.G.A. § 13-6-11, which reads as follows: "The expenses of litigation generally shall not be allowed as a part of the damages; but where the plaintiff has specially pleaded and has made prayer therefor and where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, the jury may allow them."

at ¶¶ 36-43.

22.     "When  determining  the  jurisdictional  amount  in  controversy  in
diversity cases, punitive damages must be considered, unless it is apparent to a legal
certainty that such cannot be recovered." *Holley Equip. Co. v. Credit All. Corp.*, 821
F.2d 1531, 1535 (11th Cir. 1987) (internal citations omitted); *see Swafford v. Transit
Cas. Co.*, 486 F. Supp. 175, 177 (N.D. Ga. 1980) ("It is clear that in determining the
jurisdictional amount in controversy, punitive damages are to be counted."); *see also
Killoran v. Century Debt Consolidation*, No. CV 112-128, 2013 WL 150715, at *3
(S.D. Ga. 2013) ("It is undoubtedly true that punitive damages are included in the
calculation of the amount in controversy.").

23.     Under  Georgia  law,  punitive  damages  are  available  for  tortious
interference claims.  *See* O.C.G.A. § 51-12-5.1; *McClure v. Gower*, 385 S.E.2d 271,
276  (Ga.  1989)  (holding  that  punitive  damages  for  a  tortious  interference  with
contractual rights claim were recoverable pursuant to O.C.G.A. § 51-12-5.1).

24.     Therefore,  this  Court  must  consider  Plaintiff's  claim  for  punitive
damages in determining whether the amount in controversy exceeds $75,000.

25.     Moreover, "[w]hen a statute authorizes the recovery of attorney's fees,
a     reasonable     amount     of     those     fees     is     included     in

---

In order to recover attorney's fees and court costs under this statute, a plaintiff need only establish the existence of
one of the aforementioned conditions.  *See Vacca v. Meetze*, 499 F. Supp. 1089, 1091 (S.D. Ga. 1980).

the amount in controversy." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000); *see Hall v. Travelers Ins. Co.*, 691 F. Supp. 1406, 1409–10 (N.D. Ga. 1988) ("Where, as here, attorney's fees are allowable by applicable law, they may be included in assessing the jurisdictional amount in controversy.") (internal citations omitted).

26.     Georgia law authorizes the recovery of attorney's fees and court costs in this case. *See* O.C.G.A. § 13-6-11; *Fertility Tech. Res., Inc. v. Lifetek Med., Inc.*, 637 S.E.2d 844, 848 (Ga. 2006) ("Because tortious interference is an intentional tort, which indicates bad faith, the award on that claim authorized an award under OCGA § 13-6-11.").

27.     Therefore, the Court may also consider Plaintiff's claim for attorney's fees and court costs in determining whether the amount in controversy exceeds $75,000.

28.     As discussed above, Plaintiff's Complaint already exceeds the jurisdictional minimum needed for removal, even without considering punitive damages and attorney's fees and court costs.

29.     When punitive damages and attorney's fees and court costs are considered, however, it becomes even more certain that the amount in controversy requirement has been met.

30.    In similar cases involving tortious interference claims, courts in the Eleventh Circuit have awarded punitive damages in excess of $75,000 or in an amount that would clearly exceed the jurisdictional minimum needed for removal when combined with other damages. *See, e.g., Hayes v. Irwin,* 541 F. Supp. 397 (N.D. Ga. 1982), *aff'd,* 729 F.2d 1466 (11th Cir. 1984), and *aff'd sub nom. Hayes v. Irwin Trading*, 729 F.2d 1466 (11th Cir. 1984) (awarding $15,000 in actual damages and $185,000 in punitive damages on plaintiff's tortious interference with business relations claim); *Mgmt. Health Sys., Inc. v. Access Therapies, Inc.*, No. 10-61792-CIV, 2010 WL 5572832 at *5 (S.D. Fla. Dec. 8, 2010), *report and recommendation adopted*, No. 10-61792-CIV, 2011 WL 98320 (S.D. Fla. Jan. 12, 2011) (holding that in an action for tortious interference with contractual relations and tortious interference with business relations, plaintiff's $50,000 lost profit claim, "when *combined with potential punitive damages*, clearly exceed[ed] the jurisdictional amount").

31.    *Mgmt. Health Sys., Inc.* is particularly instructive.  In that case, like the case at bar, the plaintiff filed a complaint for tortious interference with contractual relations and tortious interference with business relations, seeking unspecified damages and reserving its right to seek punitive damages. *Id.* at *1. The defendant removed the case, alleging diversity jurisdiction.  Thereafter, the plaintiff moved to remand the case, arguing that the complaint did not meet the amount in controversy

requirement because the amount in controversy was only $50,000. In response, the defendant argued that based on an interrogatory response it had received from the plaintiff prior to removal, the defendant determined that the plaintiff was seeking $250,000 in lost revenue and that even if the plaintiff were only seeking $50,000 in compensatory damages, the plaintiff's admission in its motion to remand that it was seeking approximately $50,000 plus punitive damages would satisfy the jurisdictional amount. *Id.* The court agreed with the defendant and held that the plaintiff's response to the interrogatory established by a preponderance of the evidence that the amount in controversy had been met and that, alternatively, the plaintiff's "$50,000 lost profit claim, when *combined with potential punitive damages*, clearly exceeds the jurisdictional amount." *Id.* at *5.

32.   In the case at bar, Defendant's records, which demonstrate that Defendant has collected more than $175,000 for EKG billings from the Piedmont Henry County Emergency Department from January 1, 2019 to the present, establish by a preponderance of the evidence that the amount in controversy has been met. Alternatively, if this court were to consider Plaintiff's claim that it has provided "over $50,000 in services . . . for which it has not been paid" without considering Defendant's records, it would still exceed the jurisdictional minimum, when combined with potential punitive damages.

33.     And when reasonable attorney's fees in similar cases are considered, this becomes even more apparent.  *See, e.g., Fertility Technology Resources, Inc. v. Lifetek Medical, Inc.*, No. 2002-1557-1, 2007 WL 7276077 (Ga. Super. Mar. 12, 2007) (awarding $12,720 in compensatory damages and $105,000 for reasonable litigation expenses, including attorney's fees, on plaintiff's tortious interference with business relations claim).

34.     Accordingly, removal is appropriate in this case.

35.     Pursuant to 28 U.S.C. § 1446(a), a copy of the aforementioned Complaint, along with a copy of process and all other pleadings filed to date with the Superior Court of Gwinnett County, Georgia, is attached hereto as **Exhibit B** and made a part of this Notice by reference.  By removing this action, Defendant is not waiving any defenses available under Rule 12, Fed. R. Civ. P., including, but not limited to, improper venue, insufficiency of process, and insufficiency of service of process and expressly reserves the right to assert all such defenses in its responsive pleading.

36.     Pursuant to 28 U.S.C. § 1446(d), Defendant will promptly give written notice of the filing of this Notice of Removal to all adverse parties and will file a copy of this Notice with the clerk of the Superior Court of Gwinnett County, Georgia.  Specifically, Defendant is contemporaneously filing a Notice of Filing of Notice of Removal with the Clerk for the Gwinnett County Superior Court, which is

attached hereto as **<u>Exhibit C</u>**.

Respectfully submitted this 8th day of March, 2023.

**BAKER, DONELSON,
BEARMAN, CALDWELL &
BERKOWITZ, P.C.**

*<u>/s/ Ivy Cadle</u>*
Ivy Cadle
Georgia Bar No. 353227
Monarch Plaza, Suite 1600
3414 Peachtree Road
Atlanta, GA 30326
(404) 577-6000
(404) 221-6501 (facsimile)
icadle@bakerdonelson.com

## <u>Certificate of Service</u>

I hereby certify under Rule 5 of the Federal Rules of Civil Procedure that a true and exact copy of the foregoing Notice of Removal was served on the following counsel of record via operation of the Court's electronic filing system:

> J. Mark Brittain
> Mark Brittain, P.C.
> 245 Country Club Drive, Suite 200H
> Stockbridge, GA  30281

This <u>8th</u> day of March, 2023.

> **BAKER, DONELSON,
> BEARMAN, CALDWELL &
> BERKOWITZ, P.C.**
>
>
> **_/s/ Ivy Cadle_**
> Ivy Cadle (Georgia Bar No. 353227)
> Monarch Plaza, Suite 1600
> 3414 Peachtree Road
> Atlanta, GA 30326
> (404) 577-6000
> (404) 221-6501 (facsimile)
> icadle@bakerdonelson.com