

# Notice of Service of Process

**null / ALL**
**Transmittal Number: 26351829**
**Date Processed: 02/08/2023**

| | |
|---|---|
| **Primary Contact:** | Tiffany Goins<br>Team Health, Inc.<br>265 Brookview Centre Way<br>Ste 400<br>Knoxville, TN 37919-4052 |
| **Electronic copy provided to:** | Linda Thacker Esq.<br>Kelly Greaney<br>Amanda Nolan |
| **Entity:** | InphyNet Contracting Services, LLC<br>Entity ID Number  1718711 |
| **Entity Served:** | Inphynet Contracting Services, LLC |
| **Title of Action:** | Atlanta Heart Associates, P.C. vs. Inphynet Contracting Services, LLC |
| **Matter Name/ID:** | Atlanta Heart Associates, P.C. vs. Inphynet Contracting Services, LLC (13605068) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Gwinnett County Superior Court, GA |
| **Case/Reference No:** | 23-A-00860-2 |
| **Jurisdiction Served:** | Georgia |
| **Date Served on CSC:** | 02/07/2023 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | Mark Brittain, P.C.<br>770-389-3356 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

**Exhibit B**

SHERIFF'S ENTRY OF SERVICE SC-85-2

| | |
|---|---|
| Civil Action No. 23-A-60516-2 | Superior Court [X] Magistrate Court [ ]<br>State Court [ ] Probate Court [ ]<br>Juvenile Court [ ] |
| Date Filed 1/1/23 | Georgia, Gwinnett COUNTY |

Attorney's Address

J. Mark B. Hain
Mark B. Hain, P.C.
215 Country Club Dr., Suite 200H
Stockbridge, GA 30281

Atlanta Head Associates, P.C.
_____
Plaintiff

VS.

Inphynet Contracting Services, LLC
_____

Name and Address of Party to be Served:

Inphynet Contracting Services, LLC
Corporation Service Company, Reg. Agent
2 Sun Ct., Suite 400
Peachtree Corners, GA 30092

Defendant

Garnishee

**SHERIFF'S ENTRY OF SERVICE**

**PERSONAL** [ ] I have this day served the defendant _____ personally with a copy of the within action and summons.

**NOTORIOUS** [ ] I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place of abode in this County.
Delivered same into hands of _____ described as follows:
age, about _____ years; weight _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of defendant.

**CORPORATION** [X] Served the defendant Inphynet Contracting Services, LLC a corporation
by leaving a copy of the within action and summons with Alista Smith
in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL** [ ] I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST** [ ] Diligent search made and defendant not to be found in the jurisdiction of this Court.

This 7 day of February, 20 23

J. Williams 50139
DEPUTY

SHERIFF DOCKET _____ PAGE _____

E-FILED IN OFFICE - CE
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA
**23-A-00860-2**
1/30/2023 5:17 PM
TIANA P. GARNER, CLERK

## General Civil and Domestic Relations Case Filing Information Form

☒ **Superior or** ☐ **State Court of** Gwinnett Superior Court **County**

| For Clerk Use Only | 23-A-00860-2 |
|---|---|
| Date Filed _____ MM-DD-YYYY | Case Number _____ |

**Plaintiff(s)**
Atlanta Heart Associates, P.C.

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |

**Defendant(s)**
Inphynet Contracting Services, LLC

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |

**Plaintiff's Attorney** J. MARK BRITTAIN   **State Bar Number** 083260   **Self-Represented** ☐

**Check one case type and one sub-type in the same box (if a sub-type applies):**

**General Civil Cases**
☐ Automobile Tort
☐ Civil Appeal
☐ Contempt/Modification/Other Post-Judgment
☐ Contract
☐ Garnishment
☒ General Tort
☐ Habeas Corpus
☐ Injunction/Mandamus/Other Writ
☐ Landlord/Tenant
☐ Medical Malpractice Tort
☐ Product Liability Tort
☐ Real Property
☐ Restraining Petition
☐ Other General Civil

**Domestic Relations Cases**
☐ Adoption
☐ Contempt
  ☐ Non-payment of child support, medical support, or alimony
☐ Dissolution/Divorce/Separate Maintenance/Alimony
☐ Family Violence Petition
☐ Modification
  ☐ Custody/Parenting Time/Visitation
☐ Paternity/Legitimation
☐ Support – IV-D
☐ Support – Private (non-IV-D)
☐ Other Domestic Relations

☐ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____  _____
Case Number      Case Number

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____
Language(s) Required

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

Version 1.1.20

E-FILED IN OFFICE - CE
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA
23-A-00860-2
1/30/2023 5:17 PM
TIANA P. GARNER, CLERK

IN THE SUPERIOR COURT OF GWINNETT COUNTY

STATE OF GEORGIA

**Atlanta Heart Associates, P.C.**

23-A-00860-2

CIVIL ACTION NUMBER:_____

PLAINTIFF

VS.

**Inphynet Contracting Services, LLC**

DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**J. Mark Brittain
Mark Brittain, P.C.
245 Country Club Drive, Suite 200H
Stockbridge, GA 30281**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This ~~30th~~ day of ~~January~~, 20 23.

31st day of January, 2023

Tiana P. Garner
Clerk of Superior Court

By _Calah G. Verett_ (signature)
Deputy Clerk

**INSTRUCTIONS:** Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

E-FILED IN OFFICE - CE
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA

**23-A-00860-2**
1/30/2023 5:17 PM
TIANA P. GARNER, CLERK

## IN THE SUPERIOR COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

| | | |
|---|---|---|
| ATLANTA HEART ASSOCIATES, P.C., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION FILE NO.: |
| | ) | |
| INPHYNET CONTRACTING SERVICES, LLC, | ) | 23-A-00860-2 |
| | ) | |
| Defendant. | ) | |

### COMPLAINT FOR TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS, TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS, PUNITIVE DAMAGES, ATTORNEY'S FEES, AND COURT COSTS

COMES NOW ATLANTA HEART ASSOCIATES, P.C., Plaintiff in the above-styled case, by and through its undersigned counsel, and hereby files this Complaint for Tortious Interference with Contractual Relations, Tortious Interference with Business Relations, Punitive Damages, Attorney's Fees, and Court Costs against Defendant Inphynet Contracting Services, LLC, respectfully showing the Court the following:

### PARTIES, JURISDICTION, AND VENUE

1.

Plaintiff is a Georgia professional corporation with a principal office at 350 Country Club Drive, Suite A, Stockbridge, Georgia 30281.

2.

Defendant is a Florida limited liability company with a principal office at 1643 NW 136th Avenue, Building H, Suite 100, Sunrise, Florida 33323.

3.

Defendant may be served through its registered agent, Corporation Service Company, at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

4.

Venue is proper in Gwinnett County under O.C.G.A. § 14-2-510, as Defendant maintains its registered office in said county.

5.

The Court has personal jurisdiction over Defendant pursuant to O.C.G.A. § 9-10-91, as it conducts business and committed a tortious act in the state.

6.

The Court has subject matter jurisdiction over cases seeking monetary relief.

## STATEMENT OF FACTS

7.

Plaintiff is a professional corporation comprised of cardiologists.

8.

Plaintiff contracted with Piedmont Henry Hospital to read the hospital's electrocardiograms.

9.

The contract is exclusive to Plaintiff; no other cardiologists or physicians in Henry County provide such services for the hospital.

10.

Defendant provides emergency room staffing and billing for Piedmont Henry Hospital.

11.

The physicians provided by Defendant are not cardiologists or qualified to read electrocardiograms.

12.

Plaintiff's cardiologists are not employed by or otherwise affiliated with Defendant.

13.

Since 2019, Defendant has been billing the insurance providers of the patients who received electrocardiograms at Piedmont Henry Hospital, falsely claiming that Defendant's physicians read the electrocardiograms.

14.

Defendant's physicians did not read the electrocardiograms; Plaintiff's cardiologists did.

15.

Due to Defendant's actions, the patients' insurance providers have rejected Plaintiff's claims for payment, having already paid Defendant for the same services.

16.

Plaintiff has contacted Defendant repeatedly regarding the issue.

17.

While Defendant claimed it would stop billing the patients' insurance providers for the electrocardiograms, it refused to pay Plaintiff for all claims that the providers had rejected due to Defendant's fraudulent billing practices.

18.

As of the date of this Complaint, Plaintiff has had over $50,000.00 in claims rejected due to Defendant's actions.

## COUNT ONE: TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS

19.

Plaintiff realleges and incorporates by reference Paragraphs 1 through 18 of the Complaint as if they were fully restated verbatim herein.

20.

Plaintiff has a contract with Piedmont Henry Hospital whereby it agrees to read the hospital's electrocardiograms.

21.

Plaintiff also has contracts with its patients' insurance providers.

22.

As part of said contracts, the insurance providers agree to pay Plaintiff for services rendered to their insureds, including the reading of electrocardiograms.

23.

Defendant is a stranger to the contracts between Plaintiff and Piedmont Henry Hospital and between Plaintiff and its patients' insurance providers.

24.

Defendant has intentionally, without privilege or legal justification, billed the insurance providers for services Plaintiff rendered to Piedmont Henry Hospital and its patients over the last two years, falsely claiming that its physicians, rather than Plaintiff's cardiologists, provided said services.

25.

Defendant's actions have interfered with Plaintiff's contracts with Piedmont Henry Hospital and its patients' insurance providers, causing the latter to reject Plaintiff's claims for payment under their contracts since they had already paid Defendant for those services.

26.

Plaintiff has incurred financial injury as a result of Defendant's actions, having provided over $50,000.00 in services to Piedmont Henry Hospital and its patients for which it has not been paid.

27.

Defendant having directly and proximately caused said injury, it is now liable to Plaintiff for same, in an amount to be determined at trial.

## COUNT TWO: TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS

28.

Plaintiff realleges and incorporates by reference Paragraphs 1 through 27 of the Complaint as if they were fully restated verbatim herein.

29.

Plaintiff has a business relationship with Piedmont Henry Hospital whereby it reads all of the hospital's electrocardiograms.

30.

Plaintiff also has a business relationship with its patients' insurance providers.

31.

Defendant is a stranger to the business relationships between Plaintiff and Piedmont Henry Hospital and between Plaintiff and its patients' insurance providers.

32.

Defendant has intentionally, without privilege or legal justification, billed the insurance providers for services Plaintiff rendered to Piedmont Henry Hospital and its patients over the last two years, falsely claiming that its physicians, rather than Plaintiff's cardiologists, provided said services.

33.

Defendant's actions have interfered with Plaintiff's business relationships with Piedmont Henry Hospital and its patients' insurance providers, causing the latter to discontinue payments to Plaintiff for services related to reading the hospital's electrocardiograms.

34.

Plaintiff has incurred financial injury as a result of Defendant's actions, having provided over $50,000.00 in services to Piedmont Henry Hospital and its patients for which it has not been paid.

35.

Defendant having directly and proximately caused said injury, it is now liable to Plaintiff for same, in an amount to be determined at trial.

### COUNT THREE: PUNITIVE DAMAGES

36.

Plaintiff realleges and incorporates by reference Paragraphs 1 through 35 of the Complaint as if they were fully restated verbatim herein.

37.

Defendant willfully, fraudulently, and with that entire want of care which would raise the presumption of conscious indifference to the consequences billed insurance companies for services that it knew it did not perform.

38.

Defendant then accepted and retained payment for said services, knowing that it was not legally entitled to same and that the party who did perform the services would not be paid due its fraudulent actions.

39.

Punitive damages are warranted in this case to penalize Defendant for its egregious behavior and to deter it from billing patients and insurance companies for services it did not perform in the future.

40.

Plaintiff is therefore entitled to punitive damages from Defendant pursuant to O.C.G.A. § 51-12-5.1, in an amount to be determined at trial.

## COUNT FOUR: ATTORNEY'S FEES AND COURT COSTS

41.

Plaintiff realleges and incorporates by reference Paragraphs 1 through 40 of the Complaint as if they were fully restated verbatim herein.

42.

Defendant has acted in bad faith, been stubbornly litigious, and caused Plaintiff unnecessary trouble and expense.

43.

As such, Plaintiff is entitled to attorney's fees and costs of court from Defendant, in an amount to be determined at trial.

WHEREFORE, Plaintiff prays:

a) That Defendant be served with the Summons and Complaint as provided by law;

b) That Plaintiff be awarded actual and such other damages authorized by law;

c) That Plaintiff be awarded punitive damages;

d) That Plaintiff be awarded attorney's fees and court costs; and

e) For such other and further relief as this Court deems just and equitable under all circumstances alleged and contained herein.

Respectfully submitted this 30th day of January, 2023.

/s/ J. Mark Brittain
J. MARK BRITTAIN
Counsel for Plaintiff
Georgia Bar No. 083260

MARK BRITTAIN, P.C.
245 Country Club Drive, Suite 200H
Stockbridge, Georgia 30281
770-389-3356 (phone)
770-389-3540 (fax)
mark@markbrittain.com