IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DWAYNE DeVALLE PAGE, | : | |
| | : | Civil Action File No. |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| SIRKO INTERNATIONAL, | : | |
| LLC and JONATHAN SIRKO, | : | |
| | : | |
| Defendants. | : | |

## COMPLAINT

Plaintiff Dwayne DeValle Page ("Page") brings this Complaint against Defendants Sirko International, LLC ("Sirko, LLC") and Jonathan Sirko ("Jonathan Sirko") (collectively "Defendants") and show the Court as follows:

## INTRODUCTION

1.

This is a wage and hour case.

2.

Defendants employed Page as a security guard from on or about August 29, 2022 through February 18, 2023 (hereinafter the "Relevant Time Period"). Defendants misclassified Page as an independent contractor and failed to compensate him statutory overtime wages throughout his employment as required by the Fair Labor Standards Act.

1

3.

In addition to his federal causes of action, Page asserts a pendent state law claim for breach of contract which arises out of the same set of operating facts as his federal claims.

### (a) Jurisdiction and Venue

4.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b) and 28 U. S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

5.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because Sirko International is located within this judicial district and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

### (b) The Parties

6.

Page resides in DeKalb County, Georgia.

7.

Sirko, LLC employed Page as a security officer from approximately August 29, 2022 through February 18, 2023.

8.

At all times during the Relevant Time Period, Page was an "employee" of Sirko, LLC International with the meaning of FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

9.

Sirko, LLC is a Foreign Limited Liability Company organized under the laws of the State of Wyoming.

10.

At all times relevant, Sirko, LLC has been registered to do business in the State of Georgia.

11.

At all times material hereto, Sirko, LLC was an "employer" of Page within the meaning of FLSA § 3(d), 29 U.S.C. §203(d).

12.

Sirko, LLC is subject to the personal jurisdiction of this Court.

13.

Sirko, LLC may be served with process through its registered agent Jonathan Sirko at 1716 Terrell Mill Road, A23, Marietta, Georgia 30067.

14.

At all times material hereto, Jonathan Sirko was an "employer" of Page within the meaning of FLSA § 3(d), 29 U.S.C. §203(d).

15.

Jonathan Sirko is subject to the personal jurisdiction of this Court.

16.

Jonathan Sirko may be served with process at 1716 Terrell Mill Road, A23, Marietta, Georgia 30067 or wherever he may be located.

**(c) Individual Coverage**

17.

At all times during the Relevant Time Period, Page was "engaged in commerce" as an employee of Sirko, LLC within the meaning of the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

**(d) Enterprise Coverage:**

18.

At all times during the Relevant Time Period, Sirko, LLC was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

19.

Throughout 2022, Sirko, LLC had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

20.

Throughout 2023, Sirko, LLC had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

21.

Throughout the Relevant Time Period, Page and other employees of Sirko, LLC handled goods which moved in interstate commerce in the furtherance of the

commercial purpose of Sirko, LLC including, but not limited to, office furniture, phones, computers, walkie talkies, and office supplies.

22.

Throughout 2022, Sirko, LLC had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" within the meaning of 29 U.S.C. § 203(s)(1)(A).

23.

Throughout 2023, Sirko, LLC had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" within the meaning of 29 U.S.C. § 203(s)(1)(A).

24.

Throughout 2022, Sir Sirko, LLC ko had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

25.

Throughout 2023, Sirko, LLC had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

26.

Throughout the Relevant Time Period, Sirko, LLC has been an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

**(e) Statutory Employer**

27.

Throughout the Relevant Time Period, Jonathan Sirko was an owner and/or operator of Sirko, LLC.

28.

Throughout the Relevant Time Period, Jonathan Sirko was a member of Sirko, LLC.

29.

Throughout the Relevant Time Period, Jonathan Sirko was a managing member of Sirko, LLC.

30.

Throughout the Relevant Time Period, Sirko, LLC vested Jonathan Sirko with operational control over Page's work activities.

31.

Throughout the Relevant Time Period, Jonathan Sirko exercised operational control over Page's work activities.

32.

Throughout the Relevant Time Period, Jonathan Sirko was involved in the day-to-day operation of the Sirko, LLC.

33.

Throughout the Relevant Time Period, Sirko, LLC vested Jonathan Sirko with supervisory authority over Page.

34.

Throughout the Relevant Time Period, Jonathan Sirko exercised supervisory authority over Page.

35.

Throughout the Relevant Time Period, Jonathan Sirko scheduled Page's working hours or supervised the scheduling of Page's working hours.

36.

Throughout the Relevant Time Period, Jonathan Sirko exercised authority and supervision over Page's compensation.

37.

Jonathan Sirko hired Page to perform services on behalf of Sirko, LLC.

**(f) Misclassification as an Independent Contractor**

38.

Throughout the Relevant Time Period, Sirko, LLC classified Page as an independent contractor.

39.

Throughout the Relevant Time Period, Page was economically dependent on Sirko, LLC for his livelihood.

40.

Throughout the Relevant Time Period, Sirko, LLC exercised control over the time that Page worked.

41.

Throughout the Relevant Time Period, Sirko, LLC exercised control over the manner in which Page worked.

42.

Throughout the Relevant Time Period, Page did not solicit customers on his own behalf.

43.

Throughout the Relevant Time Period, all of Page's efforts were directed at serving the customers, employees and agents of Sirko, LLC.

44.

Throughout the Relevant Time Period, Sirko, LLC provided Page with all equipment necessary to perform his job duties as a security guard.

45.

Throughout the Relevant Time Period, Page did not advertise on his own behalf in connection with the type of services he performed for Sirko, LLC.

46.

Throughout the Relevant Time Period, Defendants provided Page with a shirt and a vest that he wore while performing security services for Sirko, LLC's customers.

47.

Throughout the Relevant Time Period, Page did not make any significant investments into his work for Sirko, LLC such that he shared any significant risk of loss.

48.

Throughout the Relevant Time Period, Sirko bore all costs associated with advertising, marketing, and promoting the business of Sirko, LLC.

49.

Throughout the Relevant Time Period, Page did not exercise independent business judgment in connection with his work for Sirko, LLC.

50.

Throughout the Relevant Time Period, Sirko, LLC did not permit Page to subcontract out his work or hire employees to perform his job duties.

51.

Throughout the Relevant Time Period, Sirko, LLC negotiated contracts to provide security services with businesses and other entities that Page served as a security officer without input or direction from Page.

52.

Throughout the Relevant Time Period Page's opportunity for profit or loss did not depend on Page's managerial skill.

53.

Throughout the Relevant Time Period, the work that Page performed for Sirko, LLC did not require a special skill.

54.

Throughout the Relevant Time Period, Page worked for Sirko, LLC on a consistent and full-time basis.

55.

Throughout the Relevant Time Period, Sirko, LLC provided Page with job assignments and locations.

56.

Throughout the Relevant Time Period, Sirko, LLC's sole business was providing security services to its customers.

57.

Throughout the Relevant Time Period, the work performed by Page was an integral part of Sirko, LLC 's business.

58.

Throughout the Relevant Time Period, Sirko, LLC classified Page as an independent contractor.

59.

Throughout the Relevant Time Period, Sirko, LLC misclassified Page as an independent contractor.

60.

Throughout the Relevant Time Period, Page was an "employee" of Sirko, LLC within the meaning of FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

61.

Throughout the Relevant Time Period, Sirko, LLC was an "employer" of Page within the meaning of FLSA § 3(d), 29 U.S.C. §203(d).

### (g) Lack of Exemption

62.

Throughout the Relevant Time Period, Page was not exempt from the maximum hour requirements of the FLSA by reason of any FLSA exemption.

63.

Throughout the Relevant Time Period, Sirko, LLC did not employ Page in a bona fide professional capacity within the meaning of 29 USC § 213 (a)(1).

64.

Throughout the Relevant Time Period, Sirko, LLC did not employ Page in a bona fide administrative capacity within the meaning of 29 USC § 213 (a)(1).

65.

Throughout the Relevant Time Period, Sirko, LLC did not employ Page in a bona fide executive capacity within the meaning of 29 USC § 213 (a)(1).

66.

Throughout the Relevant Time Period, Page did not supervise two or more employees.

67.

Throughout the Relevant Time Period, Sirko, LLC compensated Page solely on an hourly basis.

68.

Throughout the Relevant Time Period, Sirko, LLC did not employ Page in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a)(1).

**(h) Additional Factual Allegations**

69.

Throughout the Relevant Time Period, Defendants compensated Page at a rate of $15.00 per hour.

70.

Throughout the Relevant Time Period, Defendants scheduled Page to work 12 hours during each work shift.

71.

Throughout the Relevant Time Period, Page frequently worked in excess of 12 hours during each work shift.

72.

Throughout the Relevant Time Period, Page frequently began working approximately one (1) hour earlier than his scheduled work shifts.

73.

Throughout the Relevant Time Period, Page clocked in and out for each work shift using Defendants' Quicktime books app.

74.

Throughout the Relevant Time Period, Page was assigned to work at the EUE Screen Gems Studio located at 175 Lakewood Way SW, Atlanta, GA 30315.

75.

During the period from approximately August 29, 2022 through October 2022, Defendants scheduled Page to work five days per week.

76.

During the period from approximately November 2022 through February 18, 2022, Defendants scheduled Page to work four days per week.

77.

During the period from approximately December 26, 2022 through February 18, 2023, Defendants reduced Page's scheduled working hours to 40 hours per week.

78.

Throughout the Relevant Time Period, Defendants failed to afford Page a scheduled break of 30 minutes or more during any workday.

79.

Throughout the Relevant Time Period, Page did not take a break of 30 minutes or more during any workday.

80.

Throughout the Relevant Time Period, Page typically worked 12-14 hours per shift.

81.

Throughout the Relevant Time Period, Defendants were aware of the actual number of hours Page worked.

82.

Throughout the Relevant Time Period, Defendants knew or should have known that the FLSA applied to Page.

83.

Throughout the Relevant Time Period, Defendants knew or should have known that Page was entitled to FLSA overtime protections.

84.

Throughout the Relevant Time Period, Defendants knew or should have known that Section 7 of the FLSA, 29 U.S.C. § 207, requires that Defendants compensate Page at a rate of one–and–one–half times his regular rate for all time worked in excess of forty (40) hours in a work week.

85.

Throughout the Relevant Time Period, Defendants knew or should have known that Section 7 of the FLSA requires that Defendants pay Page a premium for all hours worked above forty (40) hours in a given workweek.

86.

Throughout the Relevant Time Period, Defendants failed to compensate Page at one and one-half of his regular rate for each hour he worked in excess of forty hours in each week.

87.

Throughout the Relevant Time Period, Defendants knew or should have known that the Section 7 of the FLSA requires that Defendants compensate Page a premium for all time worked in excess of forty hours in a given workweek.

88.

Throughout the Relevant Time Period, Page regularly worked more than forty (40) hours during a given workweek.

89.

Throughout the Relevant Time Period, Defendants willfully failed to pay Page at one-and-one-half times his regular hourly rate for all time he worked in excess of forty (40) hours in any and all workweeks.

90.

Upon information and belief, Defendants have not relied on any letter ruling from the Department of Labor indicating that Page was not entitled to overtime pay.

91.

Upon information and belief, in failing or refusing to pay Page overtime wages as required by the FLSA, Defendants have not relied on any legal advice indicating that Page was not entitled to overtime pay.

92.

During approximately the last two (2) weeks that Page worked for Defendants, Defendants failed compensate him for 32 hours of work.

## COUNT I - FAILURE TO PAY OVERTIME

93.

The allegations in paragraphs 1-92 above are incorporated by reference.

94.

Throughout the Relevant Time Period, Page was an employee covered by the FLSA and entitled to the overtime protections within the meaning of FLSA § 7(a), 29 U.S.C. § 207(a).

95.

Throughout the Relevant Time Period, Page regularly worked in Defendants' employ in excess of forty (40) hours during each work week.

96.

Throughout the Relevant Time Period, Defendants failed to pay Page at one-and-one-half times his regular rate for time worked in excess of forty (40) hours during each work week.

97.

Throughout the Relevant Time Period, Defendants willfully failed to pay Page at one–and–one–half times his regular rate for work in excess of forty (40) hours in any week.

98.

Page is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

99.

As a result of the underpayment of overtime compensation as alleged above, Page is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

100.

As a result of the underpayment of overtime compensation as alleged above, Page is entitled to his litigation costs, including his reasonable attorneys' fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

### COUNT II – BREACH OF CONTRACT

101.

The allegations set forth in paragraphs 1-92 above are incorporated herein by reference as if stated verbatim.

102.

Page and Sirko, LLC were parties to a contract of employment (hereafter "the Contract") from on or about August 29, 2022 through February 18, 2023.

103.

The Contract provided that Sirko, LLC would pay Page for work that was performed by Page on behalf of and for the benefit of Defendant.

104.

The Contract provided that Sirko, LLC would pay Page an hourly wage for work that was performed by Page on behalf of and for the benefit of Defendant.

105.

Sirko, LLC's failure to pay Page agreed upon wages for approximately 32 hours of work he performed during his last two weeks of employment constitutes a material breach of the Contract.

106.

As the direct and foreseeable result of this breach, Page has sustained and continues to sustain damages in an amount to be proved at trial.

WHEREFORE, Page respectfully prays:
(a) That his claims be tried before a jury;

(b) That this Court issues a judgment declaring that Plaintiff was covered by the provisions of the FLSA and that Defendants have failed to comply with the Maximum Hours requirements of the FLSA;

(c) That he be awarded all due but unpaid overtime compensation in an amount to be determined at trial against Defendants, jointly and severally;

(d) That he be awarded an additional like amount in liquidated damages; against Defendants, jointly and severally;

(e) That he be awarded damages in an amount to be proved at trial against Defendant Sirko International for the state law claim herein asserted in an amount to be proven at trial;

(f) That he be awarded prejudgment and post judgment interest on all amounts owed;

(g) That he be awarded his costs of litigation, including his reasonable attorneys' fees from Defendants, jointly and severally;

(h) That he be awarded nominal damages; and

(i) For such other and further relief as the Court deems just and proper.

Respectfully submitted,

DELONG CALDWELL BRIDGERS
FITZPATRICK & BENJAMIN, LLC

101 MARIETTA STREET
SUITE 2650
ATLANTA, GEORGIA 30303
(404) 979-3150
(404) 979-3170 (f)
kevin.fitzpatrick@dcbflegal.com
charlesbridgers@dcbflegal.com

/s/ KEVIN D. FITZPATRICK, JR.
KEVIN D. FITZPATRICK. JR.
GA. BAR NO. 262375
/s/CHARLES R. BRIDGERS
CHARLES R. BRIDGERS
GA. BAR NO. 080791

COUNSEL FOR PLAINTIFF