# Exhibit "G"



1230 Peachtree Street NE • Suite 925 • Atlanta, GA • 30309
tel (470) 552-1150 • fax (470) 552-1151 • wshblaw.com

Richard E. Zelonka, Jr.
direct dial (470) 552-1152
email rzelonka@wshblaw.com

December 13, 2019

**VIA FEDEX OVERNIGHT**

Varahi Hotel, LLC
c/o Jaymen Chavda
2200 Corporate Plaza
Smyrna, Georgia 30080

> RE: INSURED:       GLOBAL MANAGEMENT AND INVESTMENT
> POLICY NO.:    CIP250491
> POLICY PERIOD: April 1, 2015 to December 6, 2015
> CLAIM NO.:     33540
> WSHB FILE NO.: 10739.0105

## RESERVATION OF RIGHTS

Dear Mr. Chavda:

We represent Atain Specialty Insurance Company ("Atain"), which issued Policy No. CIP250491 to Global Management and Investment ("Global Management") for the policy period April 1, 2015 to December 6, 2015 (the "Policy"). We understand that Varahi Hotel, LLC owns a Red Roof Inn hotel located at 2200 Corporate Plaza in Smyrna, Georgia (the "Property").

Atain is in receipt of four lawsuits filed against Varahi by Jane Doe 1 through Jane Doe 4 alleging sex trafficking and forced labor occurring at various hotels in the Atlanta area, including the subject Property from 2009 to 2016. Only Jane Doe 1's Complaint asserts allegations occurring during Atain's policy period (the "Incident"). Jane Doe 1's Complaint specifically alleges a violation of the Trafficking Victims Protection Reauthorization Act ("TVPRA"), a violation of Georgia' Racketeer Influenced and Corrupt Practices Act ("RICO"), and joint and several liability against several Defendants, including Varahi (the "Lawsuit").[1] We have confirmed with Dan Cheek of Insurance Office of America, your insurance claims advocate, that Varahi is not seeking coverage from Atain for the lawsuits filed by Jane Doe 2 and 4. If this is incorrect, you must advise us immediately.

---

[1] The Lawsuit is styled as *Jane Doe 1 v. Red Roof Inns, Inc.; Varahi Hotel, LLC; FMW RRI NC, LLC; Westmont Hospitality Group, Inc.; WHG SU Atlanta LP; Sub-SU Hotel GP, LLC; Choice Hotels International, Inc.; LQ Properties, LLC, CPLG Properties, LLC; BRE/LQ Properties, LLC; La Quinta Worldwide, LLC; Extended Stay America, Inc.; ESA Management, LLC; ESA P Portfolio, LLC; ESA P Portfolio Operating Lessee, LLC; John Does 1-10*, Case 1:19-cv-03840-WMR, in the United States District Court for the Northern District of Georgia, Atlanta Division.

WOOD SMITH
HENNING & BERMAN LLP

Varahi Hotel, LLC
December 13, 2019
Page 2

The purpose of this letter is to inform you that Atain is currently investigating the Lawsuit and/or the Incident and reserving its rights to limit or deny coverage for the claim, in whole or in part, under the law and the terms, conditions, exclusions, and endorsements of the Policy. This reservation of rights includes, but is not limited to, the Policy provisions specified below. Atain is reserving rights, but is not suggesting that any allegations regarding this dispute have any factual basis or legal merit.

To be clear, Atain is not denying coverage at this time, but, instead, is advising you that Varahi does not appear to be an insured under the Policy and that there may be Policy provisions which limit or bar coverage for the Lawsuit. Atain is therefore reserving all rights under the Policy to deny coverage for any and all potential claims against you as Atain continues its investigation and as additional relevant facts become known. Neither Atain's reservation of rights nor continued investigation is, or should be considered to be, a waiver or estoppel of any of Atain's rights under the Policy or applicable law, especially considering the limited facts available to Atain at this time.

We understand that Great American Insurance Group and Western World Insurance Group have retained C. Shane Keith at Hawkins Parnell & Young, LLP to represent you in the Jane Doe 1 Lawsuit.[2] Still, Atain writes to remind you of Varahi's duties and obligations under the Policy. Atain is willing to participate in that defense at this time and will liaise with the other carriers to discuss Atain's participation. Atain, however, expressly reserves the right to recoup any defense costs incurred from you should it be determined that there is no coverage for the Jane Doe 1 Lawsuit.

**Notwithstanding Atain's reservation of rights, it is imperative that you provide a copy of any future demand or lawsuit so that Atain can properly evaluate its obligations under the Policy.**

### I.     FACTUAL BACKGROUND

We understand that Global Management offers property management services to hotels and motels. Global Management appears to run the Property on Varahi's behalf. We further understand that there was no formal management or operating agreement between Global Management and Varahi in place at the time of the subject Incident. We ask that you please provide a copy of any contract between Global Management and Varahi that was in place from 2011 to 2016. Otherwise, Atain will presume no contract exists.

On August 26, 2019, Jane Doe 1 filed the Lawsuit alleging that Varahi participated in her sex trafficking and knowingly benefitted by receiving money from her trafficker. The Lawsuit seeks compensatory and punitive damages, treble damages, and attorneys fees. Of note, the Complaint implicates Bharatkumar R. Patel (referred to as "Bob P") in his personal capacity as Varahi's manager. Complaint, ¶¶ 106-127. Specifically, the Complaint identifies "Bob P, [as] General Manager at Red Roof Inn

---

[2] We also understand that you retained Michael B. Weinstein at MBW Law, LLC as personal counsel in the Jane Doe 2 and Jane Doe 4 lawsuits and that you are not seeking a defense from Atain for the Jane Doe 2 or Jane Doe 4 lawsuits.

WOOD SMITH
HENNING & BERMAN LLP

Varahi Hotel, LLC
December 13, 2019
Page 3

Atlanta – Smyrna/Ballpark." *Id.* at ¶ 107.  Bob P is alleged to have read and responded to numerous online reviews of the Red Roof Inn concerning prostitution at the hotel. *Id.*, ¶¶ 106-127.  Thus, Jane Doe 1 claims that "Red Roof Defendants knew or should have known about the online reviews and police incidents regarding rampant prostitution and related crime at the hotel." *Id.* at ¶ 129.

On November 21, 2019, Jane Doe 1 filed an Amended Complaint which names new party Defendants and includes new negligence claims against the Defendants (the "Amended Complaint").  The Amended Complaint asserts numerous claims against Red Roof Inn and Varahi, which Jane Doe 1 refers to collectively as the "Red Roof Smyrna Defendants".

Again, we understand that Mr. Keith has appeared on Varahi's behalf and will be responding to the Amended Complaint.

## II.   POLICY DETAILS

Atain issued Commercial General Liability Policy No. CIP250491 to Global Management for the policy period April 1, 2015 to December 6, 2015 (the "Policy"). Subject to its terms, conditions, and exclusions, the Policy's limits are: $1,000,000 (each occurrence) and $2,000,000 (general aggregate limit).  The Policy describes the Insured as "Hotel / Motel."

## III.  COVERAGE ANALYSIS

As discussed above, Atain's investigation into the Incident is ongoing, and has hired defense counsel to assist in the investigation and to represent your interests out of the abundance of caution.  Thus, Atain may not have information concerning each and every issue that may impact coverage for potential claims.  Based on the available information, the following provisions of the Policy may limit or bar coverage for Varahi in connection with the Incident and/or allegations in the Complaint.  Atain reserves the right, however, to rely upon all terms, conditions, and exclusions of the Policy.

### A.   Varahi Is Not a Named Insured or Additional Insured on the Policy

The Policy lists "Global Management and Investment" as the only Named Insured on the Policy.  Common Policy Declarations, UNLPF-D-1 (11-04).  The Policy defines "you" as "the Named Insured shown in the Declarations" page.  Policy, CG 00 01 04 13, p. 1 of 16.  The Policy further states that if the "insured" is:

**d.**   An organization other than a partnership, joint venture or limited liability company, you are an insured.  Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors.

*Id.* at p. 9 of 16.  The Policy repeatedly refers to "you" and "your" throughout, which is identified to mean the Named Insured shown in the Declarations.  Here, Global Management is the Named Insured on the Policy and coverage is therefore limited to Global Management, along with its directors and employees for acts in the scope of

WOOD SMITH
HENNING & BERMAN LLP

Varahi Hotel, LLC
December 13, 2019
Page 4

their employment. *Id.* at pp. 9-10 of 16. Varahi is not a Named Insured nor was it explicitly added or endorsed onto the Policy as a Named Insured. Atain must therefore reserve its rights to deny coverage to the extent Varahi is not an insured under the Policy.

Atain recognizes that the Policy includes a blanket additional insured endorsement that provides additional insured coverage under certain circumstances, none of which apply here. The Policy provides additional insured coverage:

> ALL PERSONS OR ORGANIZATIONS AS REQUIRED BY WRITTEN CONTRACT WITH THE INSURED.

Policy, AF 000 859 (07/2012). As discussed above, we understand there is no contract between Global Management and Varahi, much less one that would require Global Management to obtain insurance and name Varahi as an additional insured. Atain must therefore reserve its rights to deny coverage as Varahi does not appear to be a Named Insured or Additional Insured under the Policy.

### B.   The Policy Covers Bodily Injury Caused by An Occurrence

As an initial matter, the Policy covers "those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies." Policy, CG 00 01 04 13, p. 1 of 16. To trigger the Policy's insuring agreements, the "bodily injury" or "property damage" must be caused by an "occurrence" during the Policy period. *Id.* "Bodily injury" is defined as an "injury, sickness or disease sustained by a person, including death resulting from any of these at any time." *Id.* at p. 13 of 16.

The Policy defines "occurrence" to mean "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." *Id.* at p. 15 of 16. While the Policy does not define "accident," Georgia courts have found it to mean "an event happening without any agency, or, if happening through such agency, an event which, under circumstances, is unusual and not expected by the person to whom it happens." *Am. Empire Surplus Lines Ins. Co. v. Hathaway*, 288 Ga. 749, 751 (2011) (citing Black's Law Dictionary, 15 (6th Ed. 1990)). In an insurance policy, Georgia courts define an "accident" as "an unexpected happening rather than one occurring through intention or design." *City of Atlanta v. St. Paul Fire & Marine Ins. Co.*, 231 Ga. App 206, 208 (1998).

Based on the known facts of this matter, the incurrence at issue here appears to fall within the Policy's definition of an "occurrence." Questions remain, however, as to whether the Incident occurred during the Policy period. Atain, therefore, reserves its rights as its investigation is ongoing.

### C.   The Policy Only Provides Coverage For Unknown Bodily Injury Caused By An Occurrence During the Policy Period

Next, Atain writes to advise you that coverage is limited to "bodily injury" caused by an "occurrence" during the Policy Period. The Policy expressly does not cover

WOOD SMITH
HENNING & BERMAN LLP

Varahi Hotel, LLC
December 13, 2019
Page 5

known "occurrences" or "bodily injury" Varahi or Global Management knew about prior to the Policy incepting.  The Policy provides:

> **b.**   This insurance applies to "bodily injury" and "property damage" only if:
>
> **(1)**   The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
>
> **(2)**   The "bodily injury" or "property damage" occurs during the policy period; and
>
> **(3)**   Prior to the policy period, no insured listed under Paragraph **1.** of Section II – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part.  If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or presumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

Policy, CG 00 01 04 13, p. 1 of 16.  As discussed above, only Jane Doe 1's Lawsuit asserts allegations occurring during Atain's policy period as the allegations contained in Jane Doe 2 and Jane Doe 4 predate Atain's policy period.  However, Jane Doe 1 contends that Varahi and its management were involved in the sex trafficking beginning in 2011.  Moreover, Jane Doe 1 claims that "Bob P." knew that she was being trafficked on the Property and that he responded to online complaints prior to Atain's Policy.  To the extent these allegations are taken as true, Atain reserves its rights under this Policy provision accordingly.

### D.   Physical-Sexual Abuse Exclusion

Jane Doe 1's allegations in the Complaint also trigger the Policy's Physical-Sexual Abuse Exclusion.  This exclusion provides:

> This insurance does not apply to any "occurrence," suit, liability, claim, demand or causes of action arising out of or resulting from the physical abuse, sexual abuse or licentious, immoral or sexual behavior, whether or not intended to lead to, or culminating in any sexual act, whether caused by, or at the instigation of, or at the direction of, or omission by:
>
> a.   The insured or the insured's employees;
>
> b.   Patrons of the insured's business;
>
> c.   Agents of the Insured;
>
> d.   "Volunteer workers";

WOOD SMITH
HENNING & BERMAN LLP

Varahi Hotel, LLC
December 13, 2019
Page 6

  e. Subcontract or employee of any subcontractor;

  f. "Independent contractor" or employee of any "independent contractor"; or

  g. "Leased worker."

For the purposes of this endorsement:

  1. "Independent contractor" means one that contracts to do work or perform a service for another and that retains control over the means or methods used in doing the work or preforming the service. "Independent contractor" includes, but is not limited to, subcontractors and any employees of a subcontractor, any employee of an independent contractor, any employees of the insured, agents, representatives, volunteers, spouses, family members or the insured or **any Additional Insureds added to this policy**.

Policy, AF 001 007 (11-13) (emphasis supplied). As discussed above, we understand that no written contract between Global Management and Varahi exists, much less one that would require Global Management to obtain insurance and name Varahi as an additional insured. Moreover, the entire thrust of the Jane Doe 1 Lawsuit is that she was a victim of sex trafficking, and that Varahi (and/or Global Management) was complicit in her trafficking and/or benefited from her abuse. As such, these allegations fall squarely within the Policy's Physical-Sexual Abuse Exclusion, and Atain reserves its rights accordingly.

  **E.** **Injury on Normally Occupied Premises Exclusion**

The Policy provides an exclusion stating that Atain will not pay expenses for "bodily injury" to "a person injured on that part of premises you own or rent that the person normally occupies." Policy, CG 00 01 04 13, p. 8 of 16. To the extent Ms. Doe's Complaint alleges injuries on any premises owned by Varahi that Ms. Doe normally occupies, Atain reserves its right to limit or deny coverage accordingly.

  **F.** **The Policy's Expected or Intended Injury Exclusion May Bar Jane Doe 1's RICO Claims**

Jane Doe 1's Amended Complaint alleges that the Defendants violated Georgia's RICO statute by conspiring to "acquire money through a pattern of racketeering activity" and seeks punitive damages as a result. The Lawsuit also seeks damages for Varahi's criminal conduct in violation of numerous federal statues. Moreover, Jane Doe 1 claims that Varahi, its management, or employees participated in her alleged trafficking. These claims necessarily require intentional conduct of Varahi or its management and appear to implicate the Policy's Expected or Intended Injury

WOOD SMITH
HENNING & BERMAN LLP

Varahi Hotel, LLC
December 13, 2019
Page 7

Exclusion:[3]

> This insurance does not apply to:
>
> ### a. Expected Or Intended Injury
>
> > "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

Policy, CG 00 01 04 13 p. 2 of 16. To the extent Jane Doe 1 seeks damages for Varahi's (or its management's) intentional conduct, Atain reserves its rights under this exclusions.

### G. The Policy's Coverage for Personal and Advertising Injury and Potential Exclusions

Next, the Policy has a separate coverage grant for "personal and advertising injury." Policy, CG 00 01 04 13 p. 6 of 16. The Policy's "personal and advertising injury" section contains the following exclusions:

> ### 2. Exclusions
>
> This insurance does not apply to:
>
> ### a. Knowing Violation of Rights Of Another
>
> > "Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violated the rights of another and would inflict "personal and advertising injury".
>
> \* \* \*
>
> ### d. Criminal Acts
>
> > "Personal and advertising injury" arising out of a criminal act committed by or at the direction of the insured."

*Id.* at 6 of 16. Finally, the Policy contains a **Known Injury Or Damage Exclusion Personal And Advertising Injury** endorsement which states:

> This insurance does not apply to "personal and advertising injury" arising from an offense :
>
> a. That occurs during the policy period and, prior to the policy period, an insured listed under Paragraph **1.** of **SECTION II – WHO IS AN INSURED** or an "employee" authorized by you to give or receive notice of an offense or claim, knew that the "personal and

---

[3] Conspiracy, however, requires intent to agree and intent to realize a criminal objective. *Jenkins v. State*, 159 Ga. App. 183 (1981).

WOOD SMITH
HENNING & BERMAN LLP

Varahi Hotel, LLC
December 13, 2019
Page 8

>   advertising injury" had occurred prior to the policy period, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "personal and advertising injury" occurred, then any continuation, change or resumption of such offense during or after the policy period will be deemed to have been known prior to the policy period; or
>
>   **b.**   That occurs during the policy period and was, prior to the policy period, known to have occurred by any insured listed under Paragraph **1.** of **SECTION II – WHO IS AN INSURED** or an "employee" authorized by you to give or receive notice of an offense or claim, includes continuation, change or resumption of that "personal and advertising injury" after the end of the policy period.
>
> A personal and advertising injury arising from an offense will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph **1.** of **SECTION II – WHO IS AN INSURED** or an "employee" authorized by you to give or receive notice of an offense or claim:
>
>   **(1)**   Reports all, or any part, of the "personal and advertising injury" to us or any other insurer;
>
>   **(2)**   Receives a written of verbal demand or claim for damages because of the "personal and advertising injury"; or
>
>   **(3)**   Becomes aware by an other means that "personal and advertising injury" has occurred or has begun to occur.

Policy, AF 000 873 (07/2012). As discussed above, Jane Doe 1's Complaint and Amended Complaint contain numerous allegations of criminal acts including sex trafficking, forced labor, violations of the TVPRA (a criminal statute), and a violation of Georgia's RICO Act. Moreover, the Jane Doe 1 Lawsuit alleges that Varahi's employees and management participated in the trafficking and/or knew it was going on at the hotel prior to Atain's Policy incepting. Thus, Atain must reserve its rights under the Policy's "personal and advertising injury" exclusions accordingly.

### H.   Atain's Policy Limits and Potential Excess Judgment

Notwithstanding any of the coverage issues cited above, the Policy has a $1,000,000 per occurrence limit for general liability, subject to the Policy's relevant terms, conditions, exclusions, and endorsements. Due to the nature of the potential claims at issue, it is possible that further claims may be made against Varahi seeking damages in excess of your Limits of Insurance. Consequently, Atain must advise you that the most Atain will pay with respect to the claim and/or any other future claim or lawsuit arising out of and/or related to the Incident is $1,000,000. This provision provides:

WOOD SMITH
HENNING & BERMAN LLP

Varahi Hotel, LLC
December 13, 2019
Page 9

### SECTION III – LIMITS OF INSURANCE

1. The Limits of Insurance shown in the Declarations and the rules below fix the most we will pay regardless of the number of:

    a. Insureds;

    b. Claims made or "suits" brought; or

    c. Persons or organizations making claims or bringing "suits".

Policy, CG 00 01 04 13, p. 10 of 16. The Declarations provide a $1,000,000 per occurrence limit for Commercial General Liability claims. *See* Supplemental Declarations, UNLPF-SD-1L (09-11). Thus, Atain's obligations will be limited to the Policy's $1,000,000 limits, regardless of the number of claims. Atain must therefore reserve its rights under the Policy's Liability Coverages limits.

### I. Atain's Obligations May Be Limited By Other Insurance

If other insurance is available to Varahi, Atain's obligations may be limited by the Policy's Other Insurance provision. The Policy provides:

4. **Other Insurance**

    If other valid and collectible insurance is available to the insured for a loss we cover under Coverages **A** or **B** of this Coverage Part, our obligations are limited as follows:

    a. **Primary Insurance**

        This insurance is primary except when Paragraph **b.** below applies. If this insurance is primary, our obligations are not affected unless any of the other insurance is also primary. Then, we will share with all that other insurance by the method described in Paragraph **c.** below.

    b. **Excess Insurance**

        (1) This insurance is excess over:

            (a) Any of the other insurance, whether primary, excess, contingent or on any other basis.

            * * *

            (b) Any other primary insurance available to you covering liability for damages arising out of the premises or operations, or the products and complete operations, for which you have been added as an additional insured.

        (2) When this insurance is excess, we will have no duty to defend under Coverages **A** or **B** to defend the insured against any "suit" if any other insurer has a

**WOOD • SMITH • HENNING • BERMAN**

WOOD SMITH
HENNING & BERMAN LLP

Varahi Hotel, LLC
December 13, 2019
Page 10

>  duty to defend the insured against that "suit". If no other insurer defends, we will undertake to do so, but we will be entitled to the insured's rights against all those other insurers.
>
> **(3)** When this insurance is excess over other insurance, we will pay only our share of the amount of the loss, if any, that exceeds the sum of:
>
> **(a)** The total amount that all such other insurance would pay for the loss in the absence of this insurance; and
>
> **(b)** The total of all deductible and self-insured amounts under all that other insurance.
>
> **(4)** We will share the remaining loss, if any, with any other insurance that is not described in this Excess Insurance provision and was not bought specifically to apply in excess of the Limits of Insurance shown in the Declarations of this Coverage Part.

Policy, CG 00 01 04 13, p. 12 of 16. As discussed above, Atain understands that Varahi has other insurance available for the Jane Doe 1 Lawsuit and is currently being defended by other carriers. So that Atain may complete its coverage analysis, Atain asks that you provide us with any and all insurance that you believe may provide coverage for the Incident and/or the Lawsuit. In the interim, Atain must reserve its rights under the Policy's Other Insurance provision.

### J. The Policy's Punitive Damage Exclusion

The Policy contains a Punitive Damage Exclusion. The Policy explicitly states that "[t]his insurance does not apply to punitive or exemplary damages, fines or penalties." Policy, AF98001 (07/2012). Therefore, any punitive damages potentially alleged as to Varahi are excluded under the Policy, and Atain reserves its rights accordingly.

### IV. COMPLETE RESERVATION OF RIGHTS

Atain is continuing its investigation of the loss, as well as its analysis of the coverage issues under the Policy regarding the loss. Based on the Policy's provisions, including but not limited to those discussed above, Atain reserves its rights available to it under the Policy and applicable law, including but not limited to the right to investigate, deny coverage in part or whole, seek a judicial determination in a declaratory judgment action, and seek reimbursement of any non-covered attorneys' fees and costs. In addition, Atain reserves the right to supplement or amend this reservation of rights letter upon the discovery of additional facts, subject to the Policy's terms, conditions, exclusions, and endorsements, including those not discussed in this letter.

WOOD SMITH
HENNING & BERMAN LLP

Varahi Hotel, LLC
December 13, 2019
Page 11

      This letter is based on the facts and information supplied to Atain to date, along with the Policy's and applicable law. Nothing in this letter, or Atain's continuing investigation, or actual or possible payment(s) of any portion of the loss or expenses, shall constitute a waiver or estoppel of Atain's rights to rely upon any of the terms, conditions, exclusions, and endorsements of the Policy.

      Should you believe there is additional information Atain should consider in connection with coverage under the Policy, please provide that information at your earliest convenience. Further, it is imperative that you forward us copies of any future demands or suit papers, so that Atain may evaluate its obligations under the Policy. Should you have any questions about the issues raised in this letter, please do not hesitate to contact us.

      Sincerely yours,

      WOOD, SMITH, HENNING & BERMAN, LLP

      Richard E. Zelonka, Jr.

REZ/PJR

cc:    Michael B. Weinstein (*mike.weinstein@mbwlaw.net*)
       Dan Cheek (*dan.cheek@ioausa.com*)
       Bob Patel (*bobp@globalhotelgroup.net*)