# Exhibit "K"



Richard E. Zelonka, Jr.

**direct dial** (470) 552-1152
**email** rzelonka@wshblaw.com

1230 Peachtree Street NE • Suite 925 • Atlanta, GA • 30309
**tel** (470) 552-1150 • **fax** (470) 552-1151 • wshblaw.com

November 2, 2022

**Via FedEx Overnight**

Shiv Global Hotel, LLC
c/o Registered Agent Joel Haber
285 Country Club Drive
Stockbridge, GA 30281

> RE:   INSURED:            GLOBAL MANAGEMENT AND INVESTMENT
>          POLICY NO.:         CIP250491
>          POLICY PERIOD:   April 1, 2015 to December 6, 2015
>          CLAIM NO.:          00039258
>          WSHB FILE NO.:    10739.0189

## RESERVATION OF RIGHTS

Dear Shiv Global Hotel, LLC:

We represent Atain Specialty Insurance Company ("Atain"), which issued Policy No. CIP250491 to Global Management and Investment ("Global Management") for the policy period April 1, 2015 to December 6, 2015 (the "Policy"). We are writing following receipt of a lawsuit filed by K.M. against Shiv Global Hotel, LLC ("Shiv Global") in the Northern District of Georgia (the "Lawsuit").[1] In the Lawsuit, K.M. seeks damages for her alleged trafficking at the Knights Inn hotel located at 2859 Panola Road, Lithonia, Georgia 30058 (the "Property") (the "Claims").

The purpose of this letter is to inform you that Atain is currently investigating the Lawsuit and/or the Claims asserted by K.M. and reserving its rights to limit or deny coverage for the Lawsuit and/or the Claims, in whole or in part, under the law and the terms, conditions, exclusions, and endorsements of the Policy. This reservation of rights includes, but is not limited to, the Policy provisions specified below. Atain is reserving rights, but is not suggesting that any allegations regarding this dispute have any factual basis or legal merit.

To be clear, Atain is not denying coverage at this time, but, instead, is advising you that Shiv Global does not appear to be an insured under the Policy. Additionally, that there may be Policy provisions which limit or bar coverage for the Lawsuit and/or the Claims. Atain is therefore reserving all rights under the Policy to deny coverage for the Lawsuit and any and all potential Claims against Shiv Global as Atain continues its investigation and as additional relevant facts become known. Neither Atain's

---

[1] The Lawsuit is styled as *K.M. v. Shiv Global Hotel, LLC*, Case No. 1:22-cv-03968-JPB, in the Northern District of Georgia.

WOOD SMITH
HENNING & BERMAN LLP

Shiv Global Hotel, LLC
November 2, 2022
Page 2

reservation of rights nor continued investigation is, or should be considered to be, a waiver or estoppel of any of Atain's rights under the Policy or applicable law, especially considering the limited facts available to Atain at this time.

We understand that other insurers have retained C. Shane Keith at Hawkins Parnell & Young, LLP to represent Shiv Global in the Lawsuit.  At this time, Atain is willing to participate in Shiv Global's defense with the other insurers under this reservation of rights.  Should Shiv Global not agree to this defense under this reservation of rights, we ask that Shiv Global notify us within fourteen (14) days of receipt of this letter.  If no response is received, Atain will assume this offered defense under reservation is agreeable.  Still, despite Atain's agreement to participate in Shiv Global's defense at this time, Atain advises that it doubts that coverage is available to Shiv Global under the Policy.  Further, Atain expressly reserves the right to file a declaratory judgment action and seek a ruling that Atain has no duty to defend Shiv Global in the Lawsuit as Shiv Global is not an insured under the Policy and/or because the Policy otherwise bars coverage for the Claims.  Atain, also reserves the right to recoup any defense costs incurred from Shiv Global should it be determined that there is no coverage for the Lawsuit.

**Notwithstanding Atain's reservation of rights, it is imperative that you provide a copy of any future demand or lawsuit so that Atain can properly evaluate its obligations under the Policy.**

I.   <u>FACTUAL BACKGROUND</u>

Atain's insured is Global Management & Investment (the "Insured" or "Global Management").  At this time, we have no information regarding the relationship, if any, between Shiv Global and Global Management.  Accordingly to publicly available property records, we understand that Shiv Global Hotel, LLC ("Shiv Global") owns the Knights Inn hotel located at 2859 Panola Road, Lithonia, Georgia 30058 (the "Property").

We understand that K.M. filed suit against Shiv Global on October 3, 2022 (the "Lawsuit").  Global Management is not a named defendant in the Lawsuit.  In the Lawsuit, K.M. alleges that she was repeated trafficked by Corey Andrew Hollie a/k/a Bogotti at the Property between November 2013 and 2016.  During this time, K.M. alleges she was at the Property at least three months of every year between November 2013 and 2016, at times being taken to other places and then returned to the Property.

While at the Property, K.M. alleges she was sexually assaulted hundreds of times and frequently beaten by Hollie.  The Lawsuit alleges that Shiv Global's employees would at times warn Hollie or the trafficked individuals that the room was getting "too hot" and allow them to change rooms.  At other times, the Lawsuit alleges Shiv Global would kick Hollie and his operations off the Property for a few days.  The Lawsuit further alleges a manager named Yogi had sex with at least one of Hollie's trafficked girls.  In 2016, K.M. escaped from Hollie and the Property.

WOOD SMITH
HENNING & BERMAN LLP

Shiv Global Hotel, LLC
November 2, 2022
Page 3

In the Lawsuit, K.M. asserts causes of action against Shiv Global for Violation of the Trafficking Victims Protection Act, in which K.M. alleges Shiv Global was aware of the trafficking and knowingly benefited from it.   K.M. seeks special damages, compensatory damages, punitive damages, and attorney's fees,

## II.   POLICY DETAILS

Atain issued Commercial General Liability Policy No. CIP250491 to Global Management for the policy period April 1, 2015 to December 6, 2015 (the "Policy"). Subject to its terms, conditions, and exclusions, the Policy's limits are: $1,000,000 (each occurrence) and $2,000,000 (general aggregate limit).

## III.   COVERAGE ANALYSIS

As discussed above, Atain's investigation into the Incident is ongoing.  Based on the available information, the following provisions of the Policy may limit or bar coverage for Shiv Global in connection with the Claims and/or allegations in the Lawsuit.  Atain reserves the right, however, to rely upon all terms, conditions, and exclusions of the Policy.

### A.   Shiv Global Is Not a Named Insured or Additional Insured on the Policy

The Policy lists "Global Management and Investment" as the only Named Insured on the Policy.  UNLPF-SD-1L (09-11).  The Policy defines "you" as "the Named Insured shown in the Declarations" page.  Policy, CG 00 01 04 13, p. 1 of 16.  The Policy further states that if the "insured" is:

> **d.**   An organization other than a partnership, joint venture or limited liability company, you are an insured.  Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors.

*Id*. at p. 9 of 16.  The Policy repeatedly refers to "you" and "your" throughout, which is identified to mean the Named Insured shown in the Declarations.   Here, Global Management is the only Named Insured on the Policy and coverage is therefore limited to Global Management, along with its directors and employees for acts in the scope of their employment.  *Id*. at pp. 9-10 of 16.  Shiv Global is not a Named Insured nor was it explicitly added or endorsed onto the Policy as a Named Insured.  Atain must therefore reserve its rights to deny coverage to the extent Shiv Global is not an insured under the Policy.

The Policy does include a blanket additional insured endorsement that provides additional insured coverage under certain circumstances, none of which apply here. The Policy provides additional insured coverage as follows:

**ADDITIONAL INSURED – OWNERS, LESSEES OR CONTRACTORS – SCHEDULED PERSON OR ORGANIZATION**

\* \* \*

WOOD SMITH
HENNING & BERMAN LLP

Shiv Global Hotel, LLC
November 2, 2022
Page 4

**SCHEDULE**

| Name of Additional Insured Person(s) Or Organization(s): | Location(s) of Covered Operations |
|---|---|
| ALL PERSONS OR ORGANIZATIONS AS REQUIRED BY WRITTEN CONTRACT WITH THE INSURED. | |

A.    **SECTION II – WHO IS AN INSURED** is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule for whom you are performing operations when you and such person or organization have agreed in writing in a contract or agreement that such a person or organization be added as an additional insured on your policy.  Such person or organization is an additional insured only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by:

1.    Your acts or omissions; or

2.    The acts or omissions of those acting on your behalf;

in the performance of your ongoing operations for the additional insured(s) at the location(s) designated above.

A person's or organizations status as an additional insured under this endorsement ends when your operations for that additional insured are completed.

B.    With respect to the insurance afforded to these additional insureds, the following additional exclusions apply:

This insurance does not apply to:

**Additional Insured Contractual Liability**

"Bodily injury" or "property damage" for which the "additional insured(s)" are obligated to pay damages by reason of the assumption of liability in a contract or agreement.

* * *

**Negligence of Additional Insured**

"Bodily injury" or "property damage" directly caused by or resulting from the negligence of the "additional insured(s)".

Policy, AF 000 859 (07/2012).  As discussed above, at this time we are not aware of any contract between Global Management and Shiv Global, much less one that would require Global Management to obtain insurance and name Shiv Global as an additional

**WOOD • SMITH • HENNING • BERMAN**

WOOD SMITH
HENNING & BERMAN LLP

Shiv Global Hotel, LLC
November 2, 2022
Page 5

insured on its Policy. Atain must therefore reserve its rights to deny coverage to Shiv Global as Shiv Global does not appear to be a Named Insured or Additional Insured under the Policy.

Moreover, even if Shiv Global is able to show that it qualifies as an additional insured on the Policy, the Policy's additional insured coverage only extends to Shiv Global's liability for the acts or omissions of Global Management. The additional insured coverage does not extend to "bodily injury" directly caused by or resulting from Shiv Global's negligence. At this time, the Lawsuit only asserts allegations against Shiv Global for Shiv Global's acts or omissions. As such, even if Shiv Global can produce the requisite contract showing that it qualifies for additional insured coverage, the Policy's additional insured coverage may not extend to the Claims or the Lawsuit. Atain reserve its rights to limit or deny coverage accordingly.

## B.    The Policy Covers Bodily Injury Caused by An Occurrence

Additionally, the Policy covers "those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies." Policy, CG 00 01 04 13, p. 1 of 16. To trigger the Policy's insuring agreements, the "bodily injury" or "property damage" must be caused by an "occurrence" during the Policy period. *Id.* "Bodily injury" is defined as an "injury, sickness or disease sustained by a person, including death resulting from any of these at any time." *Id*. at p. 13 of 16.

The Policy defines "occurrence" to mean "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." *Id*. at p. 15 of 16. While the Policy does not define "accident," Georgia courts have found it to mean "an event happening without any agency, or, if happening through such agency, an event which, under circumstances, is unusual and not expected by the person to whom it happens." *Am. Empire Surplus Lines Ins. Co. v. Hathaway*, 288 Ga. 749, 751 (2011) (citing Black's Law Dictionary, 15 (6th Ed. 1990)). In an insurance policy, Georgia courts define an "accident" as "an unexpected happening rather than one occurring through intention or design." *City of Atlanta v. St. Paul Fire & Marine Ins. Co*., 231 Ga. App 206, 208 (1998).

At this time, it likely that the Lawsuit alleges an "occurrence." However, the Lawsuit does make allegations regarding Shiv Global's knowledge of sex trafficking and potential participation and profiting from sex trafficking. Atain reserves its rights to limit or deny coverage to the extent the Lawsuit does not allege an "occurrence" as defined by the Policy and Georgia law. Moreover, as outlined above, the additional insured coverage does not extend to "bodily injury" directly caused by or resulting from the negligence of the additional insured. Accordingly, even if the Lawsuit does allege an "occurrence" that "occurrence" may not be covered. Further, if the Lawsuit does not allege an "occurrence" but intentional conduct, the Claims may otherwise be barred by the Policy's exclusion for expected or intended injuries, as outlined below. Atain reserves its rights accordingly.

WOOD SMITH
HENNING & BERMAN LLP

Shiv Global Hotel, LLC
November 2, 2022
Page 6

C.    **The Policy Only Provides Coverage For Unknown Bodily Injury Caused By An Occurrence During the Policy Period**

Next, Atain writes to advise you that coverage is limited to "bodily injury" caused by an "occurrence" during the policy period.  The Policy expressly does not cover known "occurrences" or "bodily injury" Shiv Global or Global Management knew about prior to the Policy incepting.  The Policy provides:

**b.**    This insurance applies to "bodily injury" and "property damage" only if:

**(1)**    The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

**(2)**    The "bodily injury" or "property damage" occurs during the policy period; and

**(3)**    Prior to the policy period, no insured listed under Paragraph **1.** of Section **II** – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part.  If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or presumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

Policy, CG 00 01 04 13, p. 1 of 16.  At this time, K.M. appears to allege that she was trafficked at the Property during the policy period.  However, K.M. also contends that her trafficking began in November 2013, prior to the inception of Atain's Policy.  To the extent these allegations are taken as true, Atain reserves its rights under this Policy to deny coverage to the extent Shiv Global had knowledge of the trafficking and that "bodily injury" had occurred, prior to the inception of Atain's Policy.

D.    **The Policy Excludes Coverage for Expected or Intended Injuries**

As mentioned above, the Policy does not provide coverage for "bodily injury" expected or intended from the standpoint of the insured.  CG 00 01 04 13.  Again, in the Lawsuit, K.M. makes allegations regarding Shiv Global's knowledge of trafficking occurring at its hotel.  K.M. also alleges that Shiv Global facilitated and benefited from the trafficking.  The Policy does not provide coverage for any "bodily injury" that Shiv Global intended or expected.  Atain reserves its rights to limit or deny coverage for the Claims and/or Lawsuit to the extent K.M. contends that Shiv Global expected or intended her injuries.

WOOD SMITH
HENNING & BERMAN LLP

Shiv Global Hotel, LLC
November 2, 2022
Page 7

### E.    Physical-Sexual Abuse Exclusion

Additionally, the Policy contains a physical-sexual abuse exclusion.  As such, even if Shiv Global qualifies as an additional insured, the Policy likely does not provide coverage for the Claims and/or Lawsuit because K.M. seeks damages resulting from her physical or sexual abuse.  This exclusion provides:

This insurance does not apply to any "occurrence," suit, liability, claim, demand or causes of action arising out of or resulting from the physical abuse, sexual abuse or licentious, immoral or sexual behavior, whether or not intended to lead to, or culminating in any sexual act, whether caused by, or at the instigation of, or at the direction of, or omission by:

a.    The insured or the insured's employees;

b.    Patrons of the insured's business;

c.    Agents of the Insured;

d.    "Volunteer workers";

e.    Subcontract or employee of any subcontractor;

f.    "Independent contractor" or employee of any "independent contractor"; or

g.    "Leased worker."

For the purposes of this endorsement:

1.    "Independent contractor" means one that contracts to do work or perform a service for another and that retains control over the means or methods used in doing the work or preforming the service.  "Independent contractor" includes, but is not limited to, subcontractors and any employees of a subcontractor, any employee of an independent contractor, any employees of the insured, agents, representatives, volunteers, spouses, family members or the insured or ***any Additional Insureds added to this policy***.

Policy, AF 001 007 11 13, p. 5 of 9 (emphasis supplied).

As discussed above, K.M.'s Lawsuit alleges that she was a victim of sex trafficking, and that Shiv Global was complicit in her trafficking and/or benefited from her abuse.  The Policy does not provide coverage for "bodily injury" arising out of or resulting from physical abuse or sexual abuse.  Atain, therefore, reserves its rights to limit or deny coverage for the Claims and/or Lawsuit under this exclusion.

### F.    Injury on Normally Occupied Premises Exclusion

The Policy provides an exclusion stating that Atain will not pay expenses for "bodily injury" to "a person injured on that part of premises you own or rent that the person normally occupies."  Policy, CG 00 01 04 13, p. 8 of 16.  To the extent K.M.'s

WOOD SMITH
HENNING & BERMAN LLP

Shiv Global Hotel, LLC
November 2, 2022
Page 8

Complaint alleges injuries on any premises owned by Shiv Global that K.M. normally occupied, Atain reserves its right to limit or deny coverage accordingly.

### G.   The Policy's Coverage for Personal and Advertising Injury and Potential Exclusions

Next, the Policy has a separate coverage grant for "personal and advertising injury." Policy, CG 00 01 04 13 p. 6 of 16. The Policy's "personal and advertising injury" section contains the following exclusions:

**2.   Exclusions**

This insurance does not apply to:

**a.   Knowing Violation of Rights Of Another**

"Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act  would violated the rights of another and would inflict "personal and advertising injury".

* * *

**d.   Criminal Acts**

"Personal and advertising injury" arising out of a criminal act committed by or at the direction of the insured."

*Id*. at 6 of 16. Finally, the Policy contains a **Known Injury Or Damage Exclusion Personal And Advertising Injury** endorsement which states:

This insurance does not apply to "personal and advertising injury" arising from an offense :

**a.**   That occurs during the policy period and, prior to the policy period, an insured listed under Paragraph **1.** of **SECTION II – WHO IS AN INSURED** or an "employee" authorized by you to give or receive notice of an offense or claim, knew that the "personal and advertising injury" had occurred prior to the policy period, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "personal and advertising injury" occurred, then any continuation, change or resumption of such offense during or after the policy period will be deemed to have been known prior to the policy period; or

**b.**   That occurs during the policy period and was, prior to the policy period, known to have occurred by any insured listed under Paragraph **1.** of **SECTION II – WHO IS AN INSURED** or an "employee" authorized by you to give or receive notice of an offense or claim, includes continuation, change or resumption of that "personal and advertising injury" after the end of the policy period.

**WOOD SMITH**
**HENNING & BERMAN LLP**

Shiv Global Hotel, LLC
November 2, 2022
Page 9

A personal and advertising injury arising from an offense will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph **1.** of **SECTION II – WHO IS AN INSURED** or an "employee" authorized by you to give or receive notice of an offense or claim:

> **(1)**   Reports all, or any part, of the "personal and advertising injury" to us or any other insurer;

> **(2)**   Receives a written of verbal demand or claim for damages because of the "personal and advertising injury"; or

> **(3)**   Becomes aware by another means that "personal and advertising injury" has occurred or has begun to occur.

Policy, AF 000 873 07/2012.  As discussed above, K.M.'s Lawsuit contains numerous allegations of criminal acts including sex trafficking, physical abuse, and violations of the TVPRA (a criminal statute)..   Moreover, K.M.'s Lawsuit alleges that Shiv Global's employees and management participated in the trafficking and/or knew it was going on at the hotel prior to Atain's Policy incepting.  Thus, Atain must reserve its rights under the Policy's "personal and advertising injury" exclusions accordingly.

> **H.**   **Atain's Policy Limits and Potential Excess Judgment**

Notwithstanding any of the coverage issues cited above, the Policy has a $1,000,000 per occurrence limit for general liability, subject to the Policy's relevant terms, conditions, exclusions, and endorsements.  Due to the nature of the potential claims at issue, it is possible that K.M. may seek damages in excess of Atain's Limits of Insurance.  It is also possible that further claims may be made against Shiv Global seeking damages in excess of the Limits of Insurance.  Consequently, Atain must advise you that the most Atain will pay with respect to the Lawsuit and/or any other future claim or lawsuit arising out of and/or related to the Claims is $1,000,000.  This provision provides:

**SECTION III – LIMITS OF INSURANCE**

> **1.**   The Limits of Insurance shown in the Declarations and the rules below fix the most we will pay regardless of the number of:

>> **a.**   Insureds;

>> **b.**   Claims made or "suits" brought; or

>> **c.**   Persons or organizations making claims or bringing "suits".

Policy, CG 00 01 04 13, p. 10 of 16.  The Declarations provide a $1,000,000 per occurrence limit and $2,000,000 general aggregate limit.  *See* Supplemental Declarations, UNLPF-SD-1L (09-11).  Thus, Atain's obligations will be limited to the Policy's $1,000,000 limits, regardless of the number of claims.  Atain must therefore reserve its rights under the Policy's Liability Coverage limits.

WOOD SMITH
HENNING & BERMAN LLP

Shiv Global Hotel, LLC
November 2, 2022
Page 10

**I.      Atain's Obligations May Be Limited By Other Insurance**

Atain understands that other insurance may be available to Shiv Global.  In light of other available insurance, Atain's obligations may be limited by the Policy's Other Insurance provision.  The Policy provides:

**4.      Other Insurance**

If other valid and collectible insurance is available to the insured for a loss we cover under Coverages **A** or **B** of this Coverage Part, our obligations are limited as follows:

**a.      Primary Insurance**

This insurance is primary except when Paragraph **b.** below applies.  If this insurance is primary, our obligations are not affected unless any of the other insurance is also primary.  Then, we will share with all that other insurance by the method described in Paragraph **c.** below.

**b.      Excess Insurance**

**(1)**      This insurance is excess over:

**(a)**      Any of the other insurance, whether primary, excess, contingent or on any other basis.

* * *

**(b)**      Any other primary insurance available to you covering liability for damages arising out of the premises or operations, or the products and complete operations, for which you have been added as an additional insured.

**(2)**      When this insurance is excess, we will have no duty to defend under Coverages **A** or **B** to defend the insured against any "suit" if any other insurer has a duty to defend the insured against that "suit".  If no other insurer defends, we will undertake to do so, but we will be entitled to the insured's rights against all those other insurers.

**(3)**      When this insurance is excess over other insurance, we will pay only our share of the amount of the loss, if any, that exceeds the sum of:

**(a)**      The total amount that all such other insurance would pay for the loss in the absence of this insurance; and

WOOD SMITH
HENNING & BERMAN LLP

Shiv Global Hotel, LLC
November 2, 2022
Page 11

> **(b)** The total of all deductible and self-insured amounts under all that other insurance.
>
> **(4)** We will share the remaining loss, if any, with any other insurance that is not described in this Excess Insurance provision and was not bought specifically to apply in excess of the Limits of Insurance shown in the Declarations of this Coverage Part.

Policy, CG 00 01 04 13, p. 12 of 16.  As discussed above, Atain understands that Shiv Global has other insurance available for the K.M. Lawsuit and is currently being defended by other carriers.  Atain, therefore, reserves its rights under the Policy's Other Insurance provision.

### J.     The Policy's Punitive Damage Exclusion

The Policy contains a Punitive Damage Exclusion.  The Policy explicitly states that "[t]his insurance does not apply to punitive or exemplary damages, fines or penalties."  Policy, AF98001 (07/2012).  Therefore, any punitive or exemplary damages potentially alleged or awarded as to Shiv Global are excluded under the Policy, and Atain reserves its rights accordingly.

### K.     Duties in the Event of An Occurrence

Last, as a condition precedent to coverage, the Policy requires Shiv Global, to the extent it contends it is an additional insured, to comply with certain duties and obligations in the event of an "occurrence" or if a claim is made, including the obligation to provide Atain with notice of any claim.  CG 00 01 04 13, p. 11 of 16.  The Policy provides:

> **2.     Duties in the Event of Occurrence, Offense, Claim or Suit**
>
> a.     You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim.  To the extent possible, notice should include:
>
>> (1)     How, when and where the "occurrence" or offense took place;
>>
>> (2)     The names and addresses of any injured persons and witnesses; and
>>
>> (3)     The nature and location of any injury or damage arising out of the "occurrence" or offense.
>
> b.     If a claim is made or "suit" is brought against any insured, you must:
>
>> (1)     Immediately record the specifics of the claim or "suit" and the date received; and
>>
>> (2)     Notify us as soon as practicable.

WOOD SMITH
HENNING & BERMAN LLP

Shiv Global Hotel, LLC
November 2, 2022
Page 12

> You must see to it that we receive written notice of the claim or "suit" as soon as practicable.
>
> c.   You and any other involved insured must:
>
> (1)   Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";
>
> (2)   Authorize us to obtain records and other information;
>
> (3)   Cooperate with us in the investigation or settlement of the claim or defense against the "suit";
>
> (4)   Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.
>
> d.   No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

*Id.* At this time, Atain is not aware of when Shiv Global or Global Management were first made aware of K.M.'s claims. However, Atain reserves its rights to limit or deny coverage to the extent Global Management or Shiv Global failed to comply with their duties as outlined above.

## IV.   COMPLETE RESERVATION OF RIGHTS

Atain is continuing its investigation of the loss, as well as its analysis of the coverage issues under the Policy regarding the loss. Based on the Policy's provisions, including but not limited to those discussed above, Atain reserves its rights available to it under the Policy and applicable law, including but not limited to the right to investigate, deny coverage in part or whole, seek a judicial determination in a declaratory judgment action, and seek reimbursement of any non-covered attorneys' fees and costs. In addition, Atain reserves the right to supplement or amend this reservation of rights letter upon the discovery of additional facts, subject to the Policy's terms, conditions, exclusions, and endorsements, including those not discussed in this letter.

This letter is based on the facts and information supplied to Atain to date, along with the Policy and applicable law. Nothing in this letter, or Atain's continuing investigation, or actual or possible payment(s) of any portion of the loss or expenses, shall constitute a waiver or estoppel of Atain's rights to rely upon any of the terms, conditions, exclusions, and endorsements of the Policy.

Should you believe there is additional information Atain should consider in connection with coverage under the Policy, please provide that information at your earliest convenience. Further, it is imperative that you forward us copies of any future

WOOD SMITH
HENNING & BERMAN LLP

Shiv Global Hotel, LLC
November 2, 2022
Page 13

demands or suit papers, so that Atain may evaluate its obligations under the Policy. Should you have any questions about the issues raised in this letter, please do not hesitate to contact us.

Sincerely yours,

WOOD, SMITH, HENNING & BERMAN, LLP

Richard E. Zelonka, Jr.

REZ/MLM