**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

_____
|                                                                      |   |                    |
|----------------------------------------------------------------------|---|--------------------|
| **URIEL DIAZ,** Individually and on Behalf of All Others Similarly Situated, | ) | |
| | ) | |
| | ) | **Case No. _____** |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **G11 SECURITY, INC., and LISA TRIPPLET,** Jointly and Severally, | ) | |
| | ) | |
| **Defendants.** | ) | |
_____

**COLLECTIVE ACTION COMPLAINT**
**(Jury Trial Demanded)**

**COMES NOW,** Plaintiff, based on personal information, and alleges as follows:

**NATURE OF THE ACTION**

1. Defendants operate a security company, that provides security for various commercial businesses.

2. Plaintiff was employed as a security guard for Defendants.

3. Defendants have failed to pay overtime wages to Plaintiff for all hours worked

1

in excess of 40 hours per week, at the correct regular rate.

4. Plaintiff brings this action on behalf of himself and all other similarly situated employees of Defendants, to recover unpaid overtime premium pay, owed to them pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201 et seq, and supporting regulations.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337, 1343. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions leading to this claim occurred while Plaintiff performed work Defendants serving the metro Atlanta area and other parts of the Northern District of Georgia.

7. Additionally, venue is proper in this district because Defendants are registered with the Secretary of State with a principal office address of: 110 Mansell Circle, Suite 204, Roswell, Georgia, 30075.

8. This Court is empowered to issue a declaratory judgment pursuant to 28

U.S.C. §§ 2201 and 2202.

## **THE PARTIES**

**Plaintiff:**

9.     Plaintiff, was at all relevant times, an adult individual residing at 5885 Oakbrook Parkway, Norcross, Georgia, which is in Gwinnett County.

**Defendants:**

10.    Defendant G11 Security, Inc. is a domestic corporation in Georgia. The company lists its principal place of business with the Georgia Secretary of State as: 110 Mansell Circle, Suite 204, Roswell, Georgia, 30075, which is in Fulton County.

11.    Defendant Lisa Tripplet is an owner, officer, director and/or managing agent of G11 Security, Inc. Ms. Tripplet's address is known at this time.

12.    Lisa Tripplet (the "Individual Defendant") participated in the day-to-day operations of G11 Security, Inc., and acted intentionally and maliciously. The Individual Defendant is considered an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d), and the regulations promulgated under 29 C.F.R. § 791.2, and is jointly and severally liable with G11 Security, Inc. (the "Corporate Defendant").

13.    Upon information and belief, the Individual Defendant jointly set the unlawful

payroll policies complained of in this complaint for the Corporate Defendant.

14. At all relevant times, Defendants have been employers of Plaintiff, and/or joint employers within the meaning of the FLSA.

15. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000, within the meaning of 29 U.S.C. § 203(s)(1)(A)(ii).

16. Additionally, upon information and belief, at all relevant times, Defendants have had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, in that they operate a security company that provides security services for nationwide business chains such as hotels, that operate all of the United States, affecting interstate commerce within the meaning of 29 U.S.C. § 203(s)(1)(A)(i). Furthermore, Plaintiff is covered under the FLSA under individual coverage, in that he was required to utilize a Google Play security application during his employment on a daily basis, which was manufactured outside the state of Georgia, which affects interstate commerce within the meaning of 29 U.S.C. § 203(s)(1)(A)(i).

## STATEMENT OF FACTS

17. At all relevant times, Defendants have been in the security industry,

performing security services for commercial businesses.

18. Upon information and belief, the Individual Defendant handles payroll and record keeping for the Corporate Defendant, and is actively involved with the Corporate Defendant's day-to-day operations.

19. Plaintiff's job duties consisted of: Performing security services for hotels, maintaining logs of security activity, and logging into the Google Play Security Application to keep track of his work.

20. Plaintiff was employed with Defendants from approximately January 1, 2021 to November 23, 2022.

21. Plaintiff typically worked 60 hours a week each week, but has worked as much as 70 hours a week at times.

22. Plaintiff typically worked six days each week, and had sporadic off days that were not on a certain day.

23. Plaintiff's work hours were generally from 7 p.m. to 7 a.m. (12 hours) from Monday to Sunday, with one off day per week, but the day that he was off would vary each week. Plaintiff received a 30-minute break each workday.

24. Plaintiff worked for Defendants for $12.00 per hour.

25. Plaintiff was paid straight-time for all hours worked for Defendants.

26. This failure to pay overtime premium wages to Plaintiff overtime premium pay, at a rate of time-and-a-half his regular rate, can only be considered a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

## **FLSA COLLECTIVE ACTION ALLEGATIONS**

27. Pursuant to 29 U.S.C. §§ 207 & 216(b), Plaintiff brings him First Cause of Action as a collective action under the FLSA, on behalf of himself and the following collective:

> All persons employed by Defendants, at any time from January 7, 2021 to November 23, 2022, through the entry of judgment in this case (the "Collective Action Period"), who worked as security guards, who were not paid overtime wages at a rate of time-and-a-half their regular rate of pay (the "Collective Action Members").

28. A collective action is appropriate in this circumstance because Plaintiff and the Collective Action Members are similarly situated, in that they were all subjected to Defendants' illegal policy of failing to pay an overtime premium for work performed in excess of 40 hours per week at the correct regular rate. As a result of this policy, Plaintiff and the Collective Action Members did not receive the legally-required overtime premium payments for all hours worked in excess of 40 hours per

week at the correct regular rate.

29. The exact number of employees who have suffered the same unpaid overtime wage injury as Plaintiff is unknown at this time.

## FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT – UNPAID OVERTIME

30. Plaintiff, on behalf of himself, and the Collective Action Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

31. As a result of Defendants' failure to compensate its employees, including Plaintiff and the Collective Action Members, at a rate of not less than one and one-half times their regular rate of pay for work performed in excess of 40 hours per week, Defendants have violated the FLSA, 29 U.S.C. § 201 *et seq.*, including 29 U.S.C. § 207(a)(1) and 215(a), for which Plaintiff and the Collective Action Members are entitled to relief pursuant to 29 U.S.C. § 216(b).

32. Defendants' failure to pay overtime wages to these hourly employees constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

33. The failure to pay overtime has caused Plaintiff to suffer lost wages and

interest thereon. Plaintiff and Collective Action Members are entitled to recover from Defendants their unpaid overtime compensation, liquidated damages, attorney's fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

Therefore, Plaintiff respectfully requests that this Court grant the following relief:

a. An order tolling the relevant statutes of limitations;

b. An order declaring that Defendants violated the FLSA;

c. An award of unpaid overtime wages due under the FLSA;

d. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime wages

e. An award of prejudgment and post-judgment interest;

f. An award of costs and expenses of this action together with attorney's fees;

g. Such other and further relief and this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff

demands a trial by jury on all questions of fact raised by the complaint.

Dated: March 8, 2023

                                           Respectfully submitted,

                                           **<u>s/ Brandon A. Thomas</u>**
                                            **BRANDON A. THOMAS**
                                          **GA BAR NO.: 742344**
                                         The Law Offices of Brandon A. Thomas, PC
                                         1 Glenlake Parkway, Suite 650
                                         Atlanta, GA 30328
                                         Tel: (678) 330-2909
                                         Fax: (678) 638-6201
                                         brandon@overtimeclaimslawyer.com