# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| Alex Sitnikov, Jawaun Wright, Rodney McGilberry, | ) ) ) |
| Plaintiff, | ) Civil Action No. ) ) |
| v. | ) Jury Trial Demanded ) |
| Onyx, a Georgia corporation | ) ) ) |
| Defendant. | ) ) |

## FLSA COMPLAINT

COMES NOW Plaintiffs Alex Sitnikov, Jawaun Wright, and Rodney McGilberry ("Plaintiffs"), by and through undersigned counsel, and files this FLSA Complaint against Defendant Onyx ("Defendant" or "the club").

## INTRODUCTION

1. The instant action arises from Defendant's violations of Plaintiff's rights under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq., as amended (hereinafter "FLSA"), and specifically the provisions of the FLSA to remedy violations of overtime and minimum wage by Defendant which have deprived Plaintiff of their lawful overtime and minimum wages.

2. Plaintiffs worked for Defendant as "sweeperss" to collect and distribute tips that were left for dancers by customers.

3. Defendant failed to pay Plaintiffs any wages for the work.

4. During the term of work of Plaintiffs, Defendant committed widespread violations of the FLSA by failing to compensate workers, including sweepers, at the legally appropriate overtime and minimum wages.

5. Plaintiffs seek unpaid minimum wages, unpaid overtime, reimbursement of all fees or kickbacks paid to Defendant by Plaintiffs, an equal amount of liquidated damages, attorneys' fees, costs, and other appropriate relief pursuant to 29 U.S.C. § 216(b).

6. Plaintiffs previously filed a complaint against Defendant which he voluntarily dismissed without prejudice because he was unable to serve Defendant within the time period of the Federal Rules of Civil Procedure.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 29 U.S.C. § 216(b) (FLSA).

8. Venue for this case lies with this Court pursuant to 29 U.S.C. § 1391 (b) (1) and (2) because a substantial part of events or omissions giving rise to the claims occurred within the jurisdiction of this Court and because Defendant is located in this District and subject to personal jurisdiction in this District.

## PARTIES

9. Plaintiffs live within this District.

10. At all times material to this action, Plaintiffs were "employees" of Defendant defined by § 203(e)(1) of the FLSA, and worked for Defendant within the territory of the United States.

11. At all times material to this action, Defendant was an "employer" of Plaintiffs as defined by § 203(d) of the FLSA.

12. Defendant is a "gentlemen's club" called "Onyx" located in Atlanta, Georgia at 1888 Cheshire Bridge Road NE, Atlanta, Georgia, 30324.  Defendant was closed for a period of time during the pandemic and reopened in 2021.  In approximately March, 2021, Plaintiffs began working there.

13. Defendant is not in compliance with the Georgia Secretary of State's annual corporate filing requirements.

14. Defendant conduct business within this State and District.

15. Defendant maintained either actual or constructive control, oversight and direction of Defendant's business, including the employment and pay practices related to Plaintiffs.

16. At all times material to this action, pursuant to 29 U.S.C. § 207, Plaintiffs were employees who in any workweek was engaged in commerce or the production of goods for commerce and Defendant was an enterprise engaged in commerce or in the production of goods

for commerce as defined by § 203 of the FLSA, and had an annual gross volume of sales which exceeded $500,000.

17. During 2021, Defendant had two or more "employees engaged in commerce" as defined as by 29 U.S.C. § 203.

18. At all times material to this action, Defendant was an enterprise engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206 & 207.

19. At all times material to this action, Defendant had two or more employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person within the meaning of 29 U.S.C. §§ 206 & 207.

20. At all times material to this action, Defendant employed two or more individuals who handled and sold alcohol that was manufactured outside the state of Georgia.

21. At all times material to this action, Defendant employed two or more individuals who worked on electronic equipment that was manufactured outside the state of Georgia.

22. At all times material to this action, Defendant employed two or more employees who used or handled items that moved in interstate commerce including computers, office furniture and office technology.

23. Defendant routinely had out of state customers who patronized its business.

24. During 2021, Defendant had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203.

25. The minimum wage provision set forth in § 206 of the FLSA applies to Defendant.

26. The overtime provision set forth § 207 of the FLSA applies to Defendant.

**FACTUAL ALLEGATIONS**

27. At all material times, Defendant has employed sweepers.

28. At all material times, Defendant categorized sweepers as "independent contractors."

29. At all material times, Defendant did not require sweepers to have any specialized training or background. Defendant did not require applicants for sweeper positions to have any experience or training prior to hire.

30. At all material times, Defendant and other managers supervised sweepers on a day-to-day basis.

31. At all material times, Defendant instructed sweepers on how to perform their job.

32. At all material times, Defendant required sweepers to wear a uniform.

33. At all material times, Defendant had rules by which sweepers were to perform their job.

34. At all material times, Defendant bore all financial costs associated with advertising and marketing of the club.

35. At all material times, Defendant made capital investments in the facilities, maintenance, sound system, lights, beverage and inventory; and made all hiring decisions regarding waitstaff, security, dancers, managerial and other employees at the club.

36. At all material times, Defendant failed to pay Plaintiffs any wages or compensation whatsoever and Plaintiffs sole form of remuneration was the receipt of tips from the Defendant's dancers.

37. At all material times, for each shift worked, Defendant required sweepers, as a condition of their employment, to pay kickbacks or fees including, a shift fee in the amount of $50.

38. Some weeks, Plaintiffs worked more than forty hours in a given workweek.

39. Upon information and belief, Defendant knew that under the law, sweepers at gentlemen clubs were legally, under the FLSA, "employees" not "independent contractors."

40. Defendant knew or showed reckless disregard for the fact that it misclassified the sweepers as independent contractors, and accordingly, failed to pay these individuals minimum wage at the required rate under the FLSA.

41. Plaintiffs demand a trial by jury.

## MINIMUM WAGE & OVERTIME
## FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201, *ET. SEQ.*

42. The above paragraphs are incorporated by reference as if fully set forth herein.

43. This claim arises from Defendant's willful violation of the FLSA for failure to pay overtime and minimum wage to Plaintiff.

44. The overtime and minimum wage provisions of the FLSA apply to Defendant.

45. Pursuant to the FLSA, 29 U.S.C. § 206, Plaintiffs were entitled to be compensated at a rate of at least $7.25 per hour and pursuant to the FLSA, 29 U.S.C. § 207, Plaintiffs were entitled to be compensated at a rate of one and one-half times that for overtime hours.

46. Defendant was not allowed to avail itself of the federal tipped minimum wage rate under the FLSA, 29 U.S.C. § 201, *et. seq.*, because Defendant provided no notice to employees of its intention to take a tip credit; because Plaintiffs were not allowed to keep all of their tip money; and because Defendant did not compensate Plaintiffs at the federal tipped minimum wage rate.

47. Defendant, pursuant to their policies and practices, refused and failed to pay overtime and minimum wage to Plaintiffs.

48. By failing to compensate Plaintiffs overtime and minimum wage, Defendant violated Plaintiffs' statutory rights under the FLSA.

49. The forgoing conduct, as alleged, constitutes a willful violation of the FLSA.

50. Plaintiffs seek damages in the amount of unpaid minimum wage, unpaid overtime, the amount Plaintiffs paid in kickbacks or fees, liquidated damages as provided under the FLSA, 29 U.S.C. § 216(b), interest, and such other legal and equitable relief as the Court deems proper.

51. Plaintiffs seek recovery of attorneys' fees and costs to be paid by Defendant as provided by the FLSA, 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

a. Judgment against Defendant for an amount equal to Plaintiffs' unpaid back wages;

b. An equal amount to Plaintiffs' damages as liquidated damages;

c. Judgment against Defendant for an amount equal to all kickbacks and fees paid by Plaintiffs;

d. Judgment against Defendant that its violations of the FLSA were willful;

e. Declaratory relief;

f. An award of prejudgment interest; and

g. All costs and attorneys' fees incurred in prosecuting these claims.

Respectfully submitted this 9th day of March, 2023.

                MARTIN & MARTIN, LLP

By:   /s/Kimberly N. Martin
       Kimberly N. Martin
       kimberlymartinlaw@gmail.com
       Georgia Bar No. 473410
       Thomas F. Martin
       tfmartinlaw@msn.com
       Georgia Bar No. 482595

       Martin & Martin, LLP
       Post Office Box 1070
       Tucker, Georgia 30085-10170
       Telephone 404.313.5538