UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| BRIGGS BROTHERS ENTERPRISES CORP., | § § § § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO.: |
| | § § | |
| RLI INSURANCE COMPANY, | § § | |
| Defendant. | § § | |

### NOTICE OF REMOVAL

Defendant RLI Insurance Company hereby removes this action from the Superior Court of Fulton County, Georgia and would respectfully show the Court as follows:

### I. PARTIES

1. RLI Insurance Company ("RLI") is an Illinois corporation with its principal place of business in Illinois. For purposes of diversity jurisdiction, RLI is a citizen of the State of Illinois; it is not a citizen of the State of Georgia.

2. Plaintiff Briggs Brothers Enterprises Corporation ("Briggs") is a Georgia corporation with its principal place of business in in Smyrna, Georgia. For purposes of diversity jurisdiction, Briggs is a citizen of the State of Georgia; it is not a citizen of the State of Illinois.

## II. PROCEDURAL BACKGROUND

3.     On or about February 2, 2023, Briggs filed its Complaint for Damages (the "Complaint"), in which it asserted claims for relief of Defamation, Tortious Interference with a Business Relationship, Deceptive Trade Practices, Breach of Fiduciary Duty, Negligence, Punitive Damages, and Expenses of Litigation and Attorneys against RLI. True and correct copies of the Complaint, Summons, and Affidavit of Service are attached as **Exhibit 1**.

4.     On February 8, 2023, RLI was formally served with the Complaint and Summons, causing this Notice to be due within 30 days of the same. Accordingly, the filing of this Notice of Removal is timely pursuant to 28 U.S.C.S. § 1446.

## III. NATURE OF ACTION

5.     On or about December 1, 2019, Briggs, along with other indemnitors, executed an Agreement of Indemnity (the "Indemnity Agreement") in favor of RLI as consideration for and as a condition precedent to the issuance of certain surety bonds on behalf of Briggs on multiple construction projects. A true and correct copy of the Indemnity Agreement is attached as **Exhibit 2**. In reliance on the Indemnity Agreement, RLI issued certain performance, payment, and other bonds on behalf of Briggs as its principal in relation to multiple projects, including Bond No. RCB0041897 (the "Bond") in the penal amount of $1,371,191.06 with respect to the

project known as GDOT Contract No. W912P821C0016 – Bridge Rehab on I-85/SR 403 (the "GDOT Project"). A true and correct copy of the bonded Contract (the "Contract") between Briggs and Georgia Department of Transportation – Office of Bridge Design and Maintenance ("GDOT") for the GDOT Project is attached as **Exhibit 3**.

6. Beginning in March 2022 and continuing to date, RLI has received multiple claims against the bonds issued on behalf of Briggs for various projects. After many attempts to work with Briggs to no avail, in the face of the rising claim volume, and pursuant to its rights and as specifically provided for and agreed to in the Indemnity Agreement, RLI issued correspondence to the obligees on various bonded projects, including GDOT with respect to the GDOT Project, advising no further bonded contract funds should be released to Briggs without prior written consent and direction from RLI. Simultaneously, RLI issued correspondence to Briggs requesting a meeting to discuss potential paths forward in light of the multiple alleged defaults on the bonded projects and multiple claims against the bonds and to determine if, and under what conditions, further contract funds should be released to Briggs. Rather than comply with its clear obligations under the Indemnity Agreement, Briggs filed its Complaint asserting claims against RLI.

## IV. BASIS FOR REMOVAL

### A. Diversity of the Parties.

7. Removal of this action is done pursuant to 28 U.S.C. §§ 1441(a) and 1332(a)(1). This is a civil dispute between citizens of different states. For purposes of diversity jurisdiction, Briggs is a citizen of the State of Georgia and RLI is a citizen of the State of Illinois. There is, and was at all relevant times (including the time of filing of the Complaint and the filing of this Notice), complete diversity of citizenship between the parties.

### B. Amount in Controversy.

8. Where, as here, the complaint does not specify the amount claimed by the plaintiff, it is the burden of the party removing the case to federal court to establish the appropriateness of federal jurisdiction, but it must only "prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement."[1] In determining whether the amount in controversy more likely than not exceeds $75,000.00, the district court is to "utilize its judicial experience and common sense."[2] While Briggs' Complaint does not specify the

---

[1] *Pretka v. Kolter City Plaza II, Inc.,* 608 F.3d 744, 752 (11th Cir. 2010); *see also Heath v. ILG Technologies, LLC*, 2020 WL 6889164, at *6 (N.D. Ga. November 24, 2020).

[2] *Heath*, 2020 WL 6889164, at *6 ("Put simply, a district court need not suspend reality or shelve common sense in determining whether the face of a complaint . . .

amount claimed, it is facially apparent that the amount in controversy exceeds $75,000.00 exclusive of interests and costs as Briggs alleges that, as a result of RLI's actions, Briggs has "incurred costs and expenses and has suffered and will continue to suffer direct, indirect, consequential, general and special damages."[3] Further, Briggs' alleges it is entitled to punitive damages "without limitation or cap," attorneys' fees, and expenses of litigation.[4] Briggs' assertion of entitlement to punitive damages "without limitation or cap" alone should establish that it is more likely than not that more than $75,000.00 is at issue. Nevertheless, combined with the various other categories of damages Briggs alleges it is entitled to, it is apparent that the amount in controversy exceeds the jurisdictional limit.

9. To the extent the Court may not deem the amount in controversy facially apparent from the Complaint, the Court may consider evidence introduced by RLI to meet its burden of proof that removal is proper.[5] Accordingly, it is proper for the Court to consider the Contract, and the values set forth therein, in addition to the verified facts asserted in this Notice in its determination. Specifically, the

---

establishes the jurisdictional amount.") quoting *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010); *see also Shannon v. Albertelli Firm, P.C.*, 2014 WL 11310151 (N.D. Ga. January 21, 2014).
[3] *See* Exhibit 1, Complaint, ¶¶ 20, 28, 32, 39, & 44.
[4] *See* Exhibit 1, Complaint, ¶¶ 46 & 48.
[5] *Pretka*, 608 F.3d at 754-55 ("defendants may submit a wide range of evidence in order to satisfy the jurisdictional requirements of removal").

Contract is in the value of $1,371,191.06, and the Bond's penal limit is the same. In its Complaint, Briggs asserts RLI's actions compromised "Briggs's ability to perform the GDOT Project."[6] While RLI is not 100% certain what damages Briggs may claim it is entitled to for its inability to perform the $1,371,191.06 Contract, it is more likely than not that amount exceeds $75,000.00.

10. Additionally, this lawsuit is only one of five lawsuits presently pending by and between RLI and Briggs or the other indemnitors under the Indemnity Agreement, not to mention multiple lawsuits involving payment bond claimants.[7] In the Texas Lawsuit, Briggs has expressly asserted it is entitled to damages in excess of $1,000,000.00. In the Indemnity Lawsuit, due to multiple performance bond and bid bond claims, and the face amount of payment bond claims received to date exceeding $7,000,000.00, RLI asserted claims against Briggs for reimbursement of all costs and damages related to claims asserted against it due to alleged failures of Briggs and requested a deposit of collateral in the amount of $2,000,000.00. This

---

[6] *See* Exhibit 1, Complaint, ¶ 36.
[7] RLI requests the Court take judicial notice pursuant to Fed. R. Evid. 201 of the pleadings in the following cases: Case No. 1:23-cv-01079 pending in the United States Court for the Central District of Illinois (the "Indemnity Lawsuit"); Case No. 3:23-cv-00132-SDD-RLB pending in the United States District Court for the Middle District of Louisiana (the "Louisiana Lawsuit"); Case No. 1:23-cv-00364-JEB pending in the United States District Court for the District of Columbia (the "DC Lawsuit"); and Case No. 4:23-cv-00724 pending in the United States District Court for the Southern District of Texas (the "Texas Lawsuit").

lawsuit, the Texas Lawsuit, the Louisiana Lawsuit, the DC Lawsuit, and the Indemnity Lawsuit – including the damages claimed in each matter – all relate to the same alleged acts and omissions by and between RLI and Briggs, and the other individual indemnitors. If the instant matter is not dismissed subsequent to its removal, RLI will seek to transfer and consolidate this lawsuit with all other pending litigation between RLI and Briggs in the Central District of Illinois, the proper venue under the venue selection clause of the Indemnity Agreement.

## V. VENUE

11. Venue is proper for purposes of removal to this judicial district under 28 U.S.C. §§ 1441 and 1391(a)(2).

## VI. REMOVAL REQUIREMENTS

13. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b). This Notice of Removal is filed within thirty (30) days of RLI's first receipt of a copy of the Complaint – the pleading from which it could first be ascertained that the case had become removable. *See* Exhibit 1, Complaint and Affidavit of Service. This Notice of Removal is also filed within one year of the filing of Briggs' action against RLI.

14. The sole pleading asserting causes of action is Briggs' Complaint, which is attached hereto as Exhibit 1. To date, there has been no other executed

process in this case or orders signed by the state judge. Additionally, pursuant to 28 U.S.C. § 1446(a), true and correct copies of the legible copies of all records and proceedings from the state Court are attached hereto.

15. A copy of this Notice of Removal is being filed simultaneously with the clerk of the Superior Court of Fulton County, Georgia from which the action was removed and will also be served on Briggs through its counsel of record.

16. By filing this Notice of Removal, RLI does not intend to waive any defenses or objections to venue and/or jurisdiction it may have.

WHEREFORE, Defendant RLI Insurance Company requests that the Court accept jurisdiction over this case for the reasons set forth above and grant such other and further relief as the Court deems just and proper.

        Respectfully submitted,

        */s/ Anne Juntunen*
        ANNE JUNTUNEN
        Georgia Bar No. 104106
        CLARK HILL PLC
        One American Plaza
        600 West Broadway, Ste 500
        San Diego, California 92101
        Telephone: (619) 819-2409
        Facsimile: (619) 557-0460
        Email: ajuntunen@clarkhill.com

        and

        GREGORY R. VEAL
        Georgia Bar No. 726615
        BOVIS, KYLE, BURCH & MEDLIN, LLC
        200 Ashford Center North, Suite 500
        Atlanta, Georgia 30338-2680
        Telephone:  (770) 391-9100
        Facsimile:   (770) 668-0878
        Email:          grv@boviskyle.com

*Attorneys for RLI Insurance Company*

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing Notice of Removal has been served on all counsel listed below on this 9th day of March, 2023, via certified mail, return receipt requested, facsimile, and/or email.

Jeffrey S. Leeper
jleeper@buschreed.com
Busch, Reed, Jones & Leeper, PC
639 Whitlock Ave.
Marietta, Georgia 30064
770-424-1934
***Attorneys for Briggs Brothers Enterprises Corporation***

    */s/ Anne Juntunen*
Anne Juntunen
Georgia Bar No. 104106
CLARK HILL PLC
One American Plaza
600 West Broadway, Ste 500
San Diego, California 92101
Telephone:  (619) 819-2409
Facsimile:   (619) 557-0460
Email: ajuntunen@clarkhill.com
***Attorney for RLI Insurance Company***

## DECLARATION OF DAVID J. GRYCZ

I, David J. Grycz, declare as follows pursuant to 28 U.S.C. § 1746:

1. I am over the age of 18 and competent to testify to the matters contained herein.

2. I am the Assistant Vice President, Claims at RLI Insurance Company ("RLI"), Plaintiff in the above-captioned matter.

3. I verify under penalty of perjury that the facts in the foregoing Notice of Removal are true and correct.

4. I verify under penalty of perjury that a true and correct copy of the Indemnity Agreement with redactions is attached as Exhibit 2 and a true and correct copy of the Contract as held in RLI's files is attached as Exhibit 3.

Executed on March 9, 2023.

RLI INSURANCE COMPANY

By: _____
David J. Grycz
Assistant Vice President, Claims