⚜ **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
FULTON COUNTY, GEORGIA

## 2023CV375886

**FEB 02, 2023 11:49 AM**

*Cathelene Robinson*
Cathelene Robinson, Clerk
Fulton County Superior Court

## IN THE SUPERIOR COURT OF FULTON COUNTY, GEORGIA
### 136 PRYOR STREET, ROOM C-103, ATLANTA, GEORGIA 30303
### SUMMONS

| | |
|---|---|
| Briggs Brothers Enterprises Corp. | Case No.: 2023CV375886 |
| **Plaintiff,** | |
| **vs.** | |
| RLI Insurance Company | |
| **Defendant** | |

TO THE ABOVE NAMED DEFENDANT(S):

You are hereby summoned and required to file electronically with the Clerk of said Court at https://peachcourt.com/ (unless you are exempt from filing electronically) and serve upon plaintiff's attorney, whose name and address is:

**Jeffrey Leeper**
**Busch, Reed, Jones & Leeper, P.C.**
**639 Whitlock Avenue**
**Marietta, Georgia 30064**

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service; unless proof of service of this complaint is not filed within five (5) business days of such service. Then time to answer shall not commence until such proof of service has been filed. **IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

This_____**2nd** day of____ **February**, 20 **23**

Honorable Cathelene "Tina" Robinson
Clerk of Superior Court

*Cathelene Robinson*
Cathelene Robinson, Clerk
Fulton County Superior Court

To defendant upon whom this petition is served:
This copy of complaint and summons was served upon you _____, 20_____

Deputy Sheriff

**Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum is used**

# EXHIBIT 1

**EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
FULTON COUNTY, GEORGIA

**2023CV375886**

FEB 02, 2023 11:49 AM

Catherine Robinson, Clerk
Fulton County Superior Court

## IN THE SUPERIOR COURT OF FULTON COUNTY

## STATE OF GEORGIA

BRIGGS BROTHERS ENTERPRISES CORP.,

    *Plaintiff,*

vs.

RLI INSURANCE COMPANY,

    *Defendant.*

Civil Action File

No. _____

## COMPLAINT FOR DAMAGES

COMES NOW, through undersigned counsel, Plaintiff Briggs Brothers Enterprises Corp. ("Briggs"), who files this Complaint for Damages against Defendants RLI Insurance Company ("RLI") and who respectfully represents as follows:

### PARTIES

1.

Plaintiff Briggs Brothers Enterprises Corp. is a Georgia corporation with its principal office located at 12 Doranne Ct SE, Smyrna, GA, 30080, USA.

2.

Defendant RLI Insurance Company is a surety company registered with the Georgia Secretary of State and currently conducting business in the State of Georgia. RLI may be served through its registered agent, Corporation Service Company, at 2 SUN COURT, SUITE 400, PEACHTREE CORNERS, GA, 30092, USA.

# EXHIBIT 1

**JURISDICTION AND VENUE**

3.

The Court has personal jurisdiction over RLI because it is registered to conduct business in this State and because they committed tortious acts or omissions in this State causing harm in this State.

4.

Venue is proper in this Court pursuant to O.C.G.A. § 14-2-510, because the injury originated in Fulton County, Georgia.

**FACTUAL BACKGROUND**

5.

Briggs is a successful and trusted contractor with experience in the construction industry, including experience performing earthwork and paving work. Briggs regularly performs work on public works projects, which generally require Briggs to obtain payment and other bonds from a surety.

6.

RLI is a surety authorized to perform business in Georgia, issued payment bonds for Briggs projects in Georgia. RLI understood that (1) Brigs was required to obtain these bonds to perform work on its projects, (2) that to the extent claims were made against these bonds, Briggs expected and relied upon RLI's judicious and expeditious handling of claims, and (3) RLI would timely reject invalid, improper, frivolous or fraudulent claims..

7.

Specifically, Briggs contracted with the Georgia Department of Transportation – Office of Bridge Design and Maintenance ("GDOT") to perform construction services on GDOT Contract

2

**EXHIBIT 1**

No. W912P821C0016 – Bridge Rehab on I-85/SR 403 at various locations in Fulton County (the "GDOT Project").

8.

As part of the GDOT Project, RLI issued Bond No. RCB0041897 as the payment and performance bond on behalf of Briggs in connection with the GDOT Project (the "GDOT Bond").

9.

To date, Briggs has not and did not ever default on the GDOT Project.

10.

To date, no person or entity made any claim on the GDOT Bond or any other bond issued by RLI in Georgia.

11.

In fact, as of the date of this filing, Briggs is even not scheduled to begin performance of the GDOT Project with same beginning in April of 2023.

12.

Despite encountering no issues on the GDOT Project, on or about December 29, 2022, Ryan Issel, acting in the course and scope of his employment and on behalf of RLI, sent a letter to the GDOT stating that RLI had received claims on bonds issued on behalf of Briggs and demanding that GDOT release no further funds to Briggs on the GDOT Project without RLI's prior written consent and direction. A true and correct copy of this correspondence is hereafter referred to as the "GDOT Letter" and is attached hereto as **Exhibit "A"**.

13.

The GDOT Letter incorrectly and improperly alleges that Briggs has defaulted on any of its Projects. As such, RLI knowingly and intentionally published false representations to GDOT.

3

# EXHIBIT 1

14.

As a result of the GDOT Letter, the flawless business reputation of Briggs has been tarnished and its relationship with GDOT has been compromised. Accordingly, Briggs has been forced to engage legal counsel and accountants to assist in ensuring Briggs would be timely paid for its work completed on the GDOT Project, and other projects with GDOT.

## COUNT I

### DEFAMATION

15.

Briggs hereby re-alleges the allegations set forth in paragraphs 1 through 14 set forth above and incorporates the same herein by reference.

16.

The GDOT Letter contained false and defamatory statements concerning Briggs, which were published via the letter to GDOT by Ryan Issel on behalf of RLI.

17.

The GDOT letter was an unprivileged communication to third party GDOT.

18.

The actions by RLI by and through its agent, Ryan Issel, were at least negligent.

19.

RLI acted with actual malice in publishing the GDOT Letter.

20.

As a direct and proximate result of RLI's conduct, Briggs has incurred costs and expenses and has suffered and will continue to suffer direct, indirect, consequential, general and special damages in an amount to be proven at trial.

# EXHIBIT 1

## COUNT II

**TORTIOUS INTEREFERENCE WITH A BUSINESS RELATIONSHIP**

21.

Briggs hereby re-alleges the allegations set forth in paragraphs 1 through 20 set forth above and incorporates the same herein by reference.

22.

Briggs maintained a contract with GDOT on the GDOT Project and other projects with GDOT.

23.

Briggs maintained a contracted with GDOT Project.

24.

RLI had knowledge of the contract with GDOT and that Briggs is a regular contractor utilized by GDOT. Accordingly, revenue from GDOT contracts represent a significant portion of Briggs's annual revenue.

25.

Defendant acted improperly and without privilege in sending the GDOT Letter to GDOT.

26.

Defendants purposely and with malice induced and attempted to cause GDOT to breach its contract and/or to cause Briggs's performance of the contract more burdensome by issuing the GDOT Letter.

27.

Defendant had no justification for sending the GDOT Letter.

5

# EXHIBIT 1

28.

As a direct and proximate result of RLI's conduct, Briggs has incurred costs and expenses and has suffered and will continue to suffer direct, indirect, consequential, general and special damages in an amount to be proven at trial.

## COUNT III

### DECEPTIVE TRADE PRACTICES

29.

Briggs hereby re-alleges the allegations set forth in paragraphs 1 through 28 set forth above and incorporates the same herein by reference.

30.

The Georgia Unfair and Deceptive Trade Practices Act (O.C.G.A. § 10-1-372(a)) declares as unlawful unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce.

31.

Defendants' conduct by causing or attempting to cause other persons to breach known contractual obligations and duties of good faith owed to Briggs constitutes unfair and deceptive trade practices, entitling Briggs to recover all actual and consequential damages, attorney fees, costs, and under certain circumstances, treble damages in the Court's discretion.

32.

As a direct and proximate result of RLI's conduct, Briggs has incurred costs and expenses and has suffered and will continue to suffer direct, indirect, consequential, general and special damages in an amount to be proven at trial.

# EXHIBIT 1

## COUNT IV

**BREACH OF FIDUCIARY DUTY**

33.

Briggs hereby re-alleges the allegations set forth in paragraphs 1 through 32 set forth above and incorporates the same herein by reference.

34.

O.C.G.A. § 51-1-19 specifies that "When trust or confidence is reposed in a person in consideration of the payment or promise of a reward to him, negligence in the person trusted which results in injury to the other person shall give the injured party a right of action"

35.

For significant sums of monetary consideration in the form of the premiums paid to RLI for its services as a surety, RLI accepted the trust and confidence reposed in it by Briggs to work in concert with Briggs in order to complete the GDOT Project without interference or delay.

36.

The Defendants breached their legal duties to perform their agency properly by knowingly and intentionally proving false statements to GDOT thereby compromising Briggs's ability to perform the GDOT Project and by harming Briggs's ongoing business relationship with GDOT.

37.

RLI's wrongful acts in making false representations to GDOT constitutes gross negligence as RLI failed to exercise even a slight degree of care.

38.

As a direct and proximate result of the RLI's failure to discharge its responsibilities as Briggs's compensated agent in a non-negligent manner, Briggs has sustained financial injury in an

# EXHIBIT 1

amount to be ascertained in discovery and proven at trial.

39.

Briggs is entitled to recover all legally recoverable damages incurred as a result of the RLI's failure to perform its responsibilities in accordance with the applicable standard of care.

## COUNT V

### NEGLIGENCE

40.

Briggs hereby re-alleges the allegations set forth in paragraphs 1 through 39 set forth above and incorporates the same herein by reference.

41.

RLI's actions were negligent.

42.

RLI owed a duty to Briggs arising from the relationship of parties. RLI had duties including but not limited to: (a) to avoid interfering in Briggs's performance of the GDOT Project, (b) avoiding interfering with the business relations of Briggs and GDOT, (c) to avoid sending defamatory statements regarding Briggs to third parties; (d) and to generally act in the best interests of Briggs as a surety.

43.

RLI breached their duties by sending the GDOT Letter to GDOT.

44.

RLI breach of its duties owed to Briggs proximately and actually and caused harm to Briggs and Briggs thereby sustained damages in an amount to be proven at trial.

# EXHIBIT 1

## COUNT VI

### PUNITIVE DAMAGES

45.

Briggs hereby re-alleges the allegations set forth in paragraphs 1 through 44 set forth above and incorporates the same herein by reference.

46.

RLI acted with reckless disregard for the established business operations of Briggs. RLI's misconduct was wanton, as defined under O.C.G.A. § 51-12-5.1 and showed an entire want of care, as fully detailed herein, which would raise the presumption of conscious indifference to consequences. Such conduct warrants the imposition of punitive damages against RLIs without limitation or cap.

### COUNT VII

### EXPENSES OF LITIGATION AND ATTORNEYS

47.

Briggs hereby re-alleges the allegations set forth in paragraphs 1 through 46 set forth above and incorporates the same herein by reference.

48.

RLI has acted in bad faith in refusing to withdraw the GDOT Letter or to otherwise remedy the conduct complained of herein. In addition, RLI has refused Briggs's reasonable efforts to work through these problems prior to filing suit. Thus, RLI has been stubbornly litigious and has caused Briggs unnecessary trouble and expense. Accordingly, Briggs is entitled to recover its expenses of litigation, including its reasonable attorneys' fees incurred in bringing this action, pursuant to O.C.G.A. §§ 13-6-11 and 9-15-14.

9

# EXHIBIT 1

WHEREFORE, Briggs respectfully prays for a judgment against RLI for the following:

a.     Briggs be awarded actual damages in amounts to be shown at trial;

b.     Briggs be awarded all general, special, compensatory, economic, and other allowable damages in accordance with the enlightened conscience of an impartial jury against RLI;

c.     Briggs be awarded punitive damages in an amount to be determined by the enlightened conscience of an impartial jury;

d.     Briggs be awarded a trial by jury;

e.     Briggs have such other relief as this Court deems just and appropriate under the circumstances.

Respectfully submitted,

BUSCH, REED, JONES & LEEPER P.C.

Jeffrey S. Leeper
Georgia State Bar No. 216106
*Attorney for Plaintiff*

639 Whitlock Avenue
Marietta, Georgia 30064
T: (770) 424-1934
F: (770) 424-5205
jleeper@buschreed.com

10

**EXHIBIT 1**



CLAIM DEPARTMENT: P.O. BOX 3961 • PEORIA, IL 61612-3961
UPS/FEDEX: 9025 N. LINDBERGH DR • PEORIA, IL 61615-1431
P  800-444-0406
F  866-692-6796
RLICORP.COM

December 29, 2022

**_VIA FEDEX_**
**Tracking #7709 0817 5149**
Georgia Department of Transportation
Office of Bridge Design and Maintenance
One Georgia Center
600 West Peachtree NW, Suite 1113
Atlanta, GA  30308

Re:    Bond No.:      RCB0041897
       Obligee:       Georgia Department of Transportation - Office of Bridge Design and
                      Maintenance (the "Obligee")
       Principal:     Briggs Brothers Enterprises Corporation
       Surety:        RLI Insurance Company
       Contract:      Bridge Rehab. on I-85/SR 403 @ Various Locations in Fulton County

Dear Obligee:

RLI Insurance Company ("RLI") is the payment and performance bond surety for Briggs Brothers
Enterprises Corp. ("Briggs") in connection with the above-referenced Project.  RLI has received
claims on bonds issued on behalf of Briggs.  Accordingly, RLI has legal and equitable rights in and
to any contract balances and retention held by the Obligee in connection with the Project.

RLI hereby demands that the Obligee release no further funds under the above-referenced
contracts to Briggs, its agents, or assigns without the prior written consent and direction of RLI.
This demand is made on the basis of and to protect RLI's legal and equitable interests in and to
such remaining contract funds. Please be advised that the Obligee's failure or refusal to observe
the foregoing demand could be prejudicial to RLI and may result in serious legal consequences.

If you have any questions with respect to the above, please do not hesitate to contact me.

Nothing herein shall be deemed to be an estoppel, waiver, or modification of ay of RLI's rights,
and RLI hereby reserves all of its rights at law and in equity.



**EXHIBIT 1**

RE:  Bridge Rehab. on I-85/SR 403
December 29, 2022
Page Two



Thank you for your cooperation.

Very truly yours,

Ryan Issel, PE | Surety Engineer
Direct Phone: 312.360.1566  x1261
Email:  ryan.issel@rlicorp.com

cc:    Terry Briggs - briggsbrotherscg@gmail.com
       Christopher R. Ward - CWard@ClarkHill.com
       Emory G. Allen - EAllen@ClarkHill.com
       David Grycz - david.grycz@rlicorp.com
       Sarah Wilson - sarah.wilson@rlicorp.com

**EXHIBIT 1**

**General Civil and Domestic Relations Case Filing Information Form**

☑ Superior or ☐ State Court of _Fulton_____ **County**

🔔 **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
FULTON COUNTY, GEORGIA

**2023CV375886**

FEB 02, 2023 11:49 AM

Catherine Robinson, Clerk
Fulton County Superior Court

| **For Clerk Use Only** | |
|---|---|
| Date Filed _02-02-2023_____ <br> **MM-DD-YYYY** | Case Number _2023CV375886_____ |

**Plaintiff(s)**

Briggs Brothers Enterprises Corp.

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| | | | | |
| Last | First | Middle I. | Suffix | Prefix |
| | | | | |
| Last | First | Middle I. | Suffix | Prefix |
| | | | | |
| Last | First | Middle I. | Suffix | Prefix |

**Defendant(s)**

RLI Insurance Company

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| | | | | |
| Last | First | Middle I. | Suffix | Prefix |
| | | | | |
| Last | First | Middle I. | Suffix | Prefix |
| | | | | |
| Last | First | Middle I. | Suffix | Prefix |

**Plaintiff's Attorney** _Leeper, Jeffrey_____     **Bar Number** _216106_____     **Self-Represented** ☐

**Check one case type and, if applicable, one sub-type in one box.**

| General Civil Cases | Domestic Relations Cases |
|---|---|
| ☐ **Automobile Tort** | ☐ **Adoption** |
| ☐ **Civil Appeal** | ☐ **Contempt** |
| ☑ **Contract** | ☐ **Non-payment of child support, medical support, or alimony** |
| ☐ **Contempt/Modification/Other Post-Judgment** | ☐ **Dissolution/Divorce/Separate Maintenance/Alimony** |
| ☐ **Garnishment** | ☐ **Family Violence Petition** |
| ☐ **General Tort** | ☐ **Modification** |
| ☐ **Habeas Corpus** | ☐ **Custody/Parenting Time/Visitation** |
| ☐ **Injunction/Mandamus/Other Writ** | ☐ **Paternity/Legitimation** |
| ☐ **Landlord/Tenant** | ☐ **Support – IV-D** |
| ☐ **Medical Malpractice Tort** | ☐ **Support – Private (non-IV-D)** |
| ☐ **Product Liability Tort** | ☐ **Other Domestic Relations** |
| ☐ **Real Property** | |
| ☐ **Restraining Petition** | |
| ☐ **Other General Civil** | |

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____          _____
**Case Number**                              **Case Number**

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____
**Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____

_____

Version 1.1.20

# EXHIBIT 1

Fulton County Superior Court
***EFILED***if
Date: 2/14/2023 10:33 AM
Cathelene Robinson, Clerk

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

**BRIGGS BROTHERS ENTERPRISES CORP**

Plaintiff/Petitioner

vs.
**RLI INSURANCE COMPANY**

Defendant/Respondent

Case No.:     **2023CV375886**

AFFIDAVIT OF SERVICE OF
**SUMMONS; COMPLAINT FOR DAMAGES; EXHIBITS;
GENERAL CIVIL AND DOMESTIC RELATIONS CASE
FILING INFORMATION FORM**

Received by **Euael Beyene**, on the **7th day of February, 2023 at 7:47 PM** to be served upon **RLI Insurance Company c/o Corporation Service Company** at **2 Sun Court Northwest Suite 400, Norcross, Gwinnett County, GA 30092**. On the **8th day of February, 2023 at 3:44 PM**, I, **Euael Beyene**, SERVED **RLI Insurance Company c/o Corporation Service Company** at **2 Sun Court Northwest Suite 400, Norcross, Gwinnett County, GA 30092** in the manner indicated below:

**CORPORATE SERVICE**, by personally delivering **1** copy(ies) of the above listed documents to the named Corporation, by serving **Corporation Service Company**, on behalf of said Corporation.
THE DESCRIPTION OF THE PERSON WITH WHOM THE COPY OF THIS PROCESS WAS LEFT IS AS FOLLOWS:
**I delivered the documents to Corporation Service Company with identity confirmed by subject stating their name. The individual accepted service with direct delivery. The individual appeared to be a black-haired black female contact 25-35 years of age, 5'6"-5'8" tall and weighing 140-160 lbs. Alisha Smith**

Per U.S. Code § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

NAME: _____     NA _____     2/9/23 _____
       Euael Beyene                Server ID #            Date

Notary Public: Subscribed and sworn before me on this ____9th____ day of ____February____ in the year of 20_23_
Personally known to me __✓__ or _____ identified by the following document:

_____
Notary Public (Legal Signature)





REF: **JL10178.0031**

Tracking #: **0100847781**

**EXHIBIT 1**