# EXHIBIT A

https://researchga.tylerhost.net/CourtRecordsSearch/ViewCasePrint/4b074d33329a55048f7a10a0a25fcb99

# Case Information

## 50Floor, LLC VS Lynton, LLC d/b/a LyntonWeb
23CV1641

| Location | Case Category | Case Type | Case Filed Date |
|---|---|---|---|
| DeKalb - Superior Court | Civil | Contract | 1/26/2023 |

| Judge | Case Status | | |
|---|---|---|---|
| LaTisha Dear Jackson | Open (Open) | | |

## Parties [2]

| Type | Name | Nickname/Alias | Attorneys |
|---|---|---|---|
| Plaintiff | 50Floor, LLC | | BARR, J TUCKER, Mitchell, Richard A |
| Defendant | Lynton, LLC d/b/a LyntonWeb | | |

## Events [4]

| Date | Event | Type | Comments | Documents |
|---|---|---|---|---|
| 1/26/2023 | Filing | Complaint or Petition for Damages | Complaint for Damages | Complaint or Petition for Damages.pdf |
| 1/26/2023 | Filing | Summons | Summons | Summons.pdf |
| 1/26/2023 | Filing | Case Initiation Form | Case Initiation Form | Case Initiation Form.pdf |
| 2/20/2023 | Filing | Service - Return of Service | Sheriff's Return of Personal Service | Service - Return of Service.pdf |

© 2023 Tyler Technologies, Inc. | All Rights Reserved
Version: 2023.2.0.3434



## General Civil and Domestic Relations Case Filing Information Form

☒ **Superior or** ☐ **State Court of** _DeKalb_ **County**

| For Clerk Use Only | |
|---|---|
| Date Filed _1/26/2023_ | Case Number _23CV1641_ |
| MM-DD-YYYY | |

**Plaintiff(s)**
50FLOOR, LLC
_____
Last    First    Middle I.    Suffix    Prefix

**Defendant(s)**
LYNTON, LLC d/b/a LYNTONWEB
_____
Last    First    Middle I.    Suffix    Prefix

**Plaintiff's Attorney** _Richard A. Mitchell_    **State Bar Number** _513419_    **Self-Represented** ☐

**Check one case type and one sub-type in the same box (if a sub-type applies):**

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contempt/Modification/Other Post-Judgment
- ☒ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____    _____
Case Number                 Case Number

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

Version 1.1.20

FILED 1/26/2023 4:24 PM CLERK OF SUPERIOR COURT DEKALB COUNTY GEORGIA

IN THE SUPERIOR COURT OF DEKALB COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| 50FLOOR, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 23CV1641 |
| v. | ) | Civil Action No. _____ |
| | ) | |
| LYNTON, LLC d/b/a LYNTONWEB, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT FOR DAMAGES

COMES NOW 50Floor, LLC ("50Floor" or "Plaintiff") and files this Complaint for Damages, showing the Court as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff 50Floor is a Georgia limited liability company registered to transact business in the State of Georgia. 50Floor's principal office address is 4701 Granite Drive, Tucker, GA 30084, which is located in Dekalb County.

2. Defendant Lynton, LLC d/b/a LyntonWeb ("Lynton" or "Defendant") is a South Dakota limited liability company with a principal office address of 101 S Reid Street, Suite 307, Sioux Falls, SD 57103. Lynton may be served with process through its registered agent, Business Filings Incorporated, 319 S. Coteau Street, Pierre, SD 57501.

3. Venue and jurisdiction are proper in this Court because Lynton transacts business in Dekalb County and/or because the actions of Lynton giving rise to 50Floor's claim for breach of contract occurred in Dekalb County.

## FACTS COMMON TO ALL COUNTS

4. 50Floor sells and installs a variety of flooring products, serving both residential and commercial customers. 50Floor has experienced rapid growth over the past several years and now operates in more than 10 states across the country.

5. Seeking to better serve its customers and to provide its services more efficiently, 50Floor desired to integrate its existing Enterprise Resource Planning system with a new Customer Relationship Management (CRM) solution called HubSpot and to upgrade its scheduling solution (collectively, the "Development Work").

6. 50Floor contracted with Lynton to perform and complete the Development Work. Pursuant to the contract documents signed by the parties on or about April 6, 2021 (the "Development Work Contract"), Lynton agreed to complete the Development Work within four months.

7. Based on the reasonable expectation that the Development Work would be completed on schedule, 50Floor purchased an annual subscription license from HubSpot.

8. During the ensuing months, Lynton failed to make any meaningful progress on the Development Work. In periodic status updates, Lynton made various excuses, all the while representing to 50Floor that the Development Work would be completed soon.

9. Throughout the duration of the project, Lynton, among other things, repeatedly missed deadlines, unilaterally pushed-out the project schedule, failed to properly staff adequate development resources, concealed facts concerning its lack of resource capacity and capabilities, and made false representations about the project's status.

10. After more than a year after the original completion deadline, Lynton still had failed to deliver a working solution.

11. On or about July 20, 2022, 50Floor requested a virtual meeting with Lynton. Lynton had prior to that date falsely stated that the project was near completion. However, during the meeting, Lynton revealed that the Development Work was nowhere near completion. In fact, Lynton's representative stated that upon examining the work of its own developer resource (which it apparently did not do until immediately before the meeting), Lynton discovered that there was something "wrong" with the developer's work. She also admitted that Lynton "made a mistake" with the integration with HubSpot. These admissions and many others appear in a recorded video of the meeting.

12. Having finally admitted that it had failed to complete the Development Work, Lynton proposed two options during the July 20, 2022 meeting. The first option was to move forward by attempting to correct the admittedly defective work that existed at that time. Lynton expressed "low confidence" in the viability of this option.

13. As an alternative, Lynton proposed a complete rebuild, which Lynton estimated would take a minimum of 10-14 weeks. Thus, Lynton proposed completely starting over, using none of the defective work that Lynton claimed it had been working on for more than a year, since the beginning of the engagement in April 2021.

14. Given the clear disinterest that Lynton displayed over the course of the engagement, 50Floor simply had no confidence that any solution that Lynton might someday produce would function according to 50Floor's needs or that Lynton would be capable of providing adequate support going forward. Therefore, 50Floor terminated the relationship with Lynton.

15. The unavailability of a working software solution has caused significant economic injury to 50Floor, including the loss of customer opportunities (as 50Floor had no working CRM

solution) and the wasted payment of subscription license fees for the HubSpot product, which 50Floor was unable to utilize.

## COUNT I: BREACH OF CONTRACT

16.  50Floor hereby repeats and re-alleges all preceding allegations of its Complaint, as though fully set forth herein.

17.  50Floor and Lynton entered into a valid and binding written contract, pursuant to which Lynton was to complete the Development Work on the timetable stated therein.

18.  50Floor has performed all legal and contractual obligations it undertook in connection with the Development Work Contract, and all conditions precedent to the Development Work Contract's enforcement, if any, have been satisfied by 50Floor.

19.  Lynton breached the Development Work Contract by failing to deliver a complete and working solution on a timely basis.

20.  50Floor paid Lynton for the Development Work as agreed in the Development Work Contract.

21.  As a result of Lynton's breach, 50Floor has incurred economic injury and seeks to recover (a) the fees it paid to Lynton, (b) the fees it paid for the HubSpot product, (c) the value of lost customer business attributable to the unavailability of the working solution that Lynton promised to deliver, and (d) such other damages that 50Floor may prove at trial.

## COUNT II: BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

22.  50Floor hereby repeats and re-alleges all preceding allegations of its Complaint, as though fully set forth herein.

23.  The Development Work Contract is a valid and binding contract between 50Floor and Lynton.

24. Throughout the duration of the project, Lynton repeatedly missed deadlines, unilaterally pushed-out the project schedule, failed to properly staff adequate development resources, concealed facts concerning its lack of resource capacity and capabilities, and made false representations about the project's status.

25. Through this conduct, Lynton has breached its duty of good faith and fair dealing under the Development Work Contract and damaged 50Floor in an amount to be proven at trial.

## COUNT III: UNJUST ENRICHMENT

26. 50Floor hereby repeats and re-alleges all preceding allegations of its Complaint, as though fully set forth herein.

27. In the alternative to Count I and II, if the Court does not find the existence of a valid contract, Lynton has been unjustly enriched at 50Floor's expense by receiving the benefit of the fees that 50Floor paid to Lynton, which Lynton is not entitled to retain.

28. Without limitation, Lynton has provided no consideration or value in return for the benefit conferred on it by virtue of 50Floor's payments.

29. The principles of justice, equity, and good conscience require Lynton to compensate 50Floor for the benefits conferred upon Lynton, in an amount of no less than the fees paid to Lynton.

## COUNT IV: ATTORNEYS' FEES AND EXPENSES OF LITIGATION

30. 50Floor hereby repeats and re-alleges all preceding allegations of its Complaint, as though fully set forth herein.

31. In breaching its contract with 50Floor, Lynton has acted in bad faith, has been stubbornly litigious, and has caused 50Floor unnecessary trouble and expense.

32. Accordingly, pursuant to O.C.G.A. § 13-6-11, 50Floor is entitled to recover its attorneys' fees and expenses of litigation in connection with this Complaint.

### PRAYER FOR RELIEF

WHEREFORE, 50Floor respectfully asks the Court to grant the following relief:

a. To enter judgment in 50Floor's favor and against Lynton with respect to Counts I, II, and IV of the Complaint;

b. In the alternative to a judgment on Counts I, II, and IV, to enter judgment in 50Floor's favor and against Lynton with respect to Count III of the Complaint;

c. To award 50Floor any and all damages that it has incurred as a result of Lynton's breach of contract, including, without limitation, actual damages, pre-judgment interest, and post-judgment interest;

d. To award 50Floor its reasonable attorneys' fees and expenses of litigation in connection with this Complaint;

e. To award 50Floor all costs of this action; and

f. To grant such other and further relief to 50Floor as the Court considers just and appropriate under the circumstances.

Respectfully submitted, this the 26th day of January 2023.

ARNALL GOLDEN GREGORY LLP

*/s/ Richard A. Mitchell*
Richard A. Mitchell
Georgia Bar No. 513419
richard.mitchell@agg.com
J. Tucker Barr
Georgia Bar No. 140868
tucker.barr@agg.com

171 17th Street, N.W., Suite 2100
Atlanta, Georgia 30363

Telephone: 404-873-8500
Facsimile: 404-873-8501

*Counsel for Plaintiff*

# IN THE SUPERIOR COURT OF DEKALB COUNTY
## STATE OF GEORGIA

50FLOOR, LLC

Case No.: 23CV1641

**Plaintiff**

VS

LYNTON, LLC d/b/a LYNTONWEB

**Defendant**

# SUMMONS

TO THE ABOVE NAMED DEFENDANT(S):

You are hereby summoned and required to file electronically with the Clerk of said court at https://efilega.tylerhost.net/ofsweb and serve upon the Plaintiff's attorney, whose name, address and email is:

Richard A. Mitchell, Esq.
Arnall Golden Gregory LLP
171 17th Street NW, Suite 2100
Atlanta, GA 30363
richard.mitchell@agg.com

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This **26th** day of **January**, 20**23**.

Honorable Debra DeBerry
Clerk of Superior Court
By /s/ Denise Ingram
Deputy Clerk

E-Filing and E-Service

Pursuant to the Superior Court of DeKalb County's E-File Order, dated December 27, 2016, and available at www.dksuperiorclerk.com/civil, the parties must file all documents electronically through eFileGA unless expressly exempted under the Rule. All orders and notices from the Court will be electronically filed and served through eFileGA. The parties must register for an eFileGA account, link their service contact information with the case and the party represent, and take whatever steps are necessary to ensure that correspondence from eFileGA reaches the parties' inboxes. To access eFileGA, please go to http://www.odysseyefilega.com/

Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.



# Hughes County Sheriff's Office

3200 E. Highway 34 Ste 9
Pierre, SD 57501
Administration: 605-773-7470  Dispatch: 605-773-7410

JAB

**SUPERIOR COURT**

Return # 29041
Process # C23-00257
Docket # 23CV1641
Reference #

<u>50FLOOR, LLC</u>
  Plaintiff,
  - vs -
<u>LYNTON, LLC d/b/a LYNTONWEB</u>
  Defendant

SHERIFF'S RETURN OF PERSONAL SERVICE

I, Patrick Callahan, Sheriff of Hughes County, South Dakota, hereby certify that on the **6th day of February, 2023**, **a Summons & Complaint**, in the above entitled action, came into my hand for service. That on the **7th day of February, 2023** at **11:08 AM**, in said county, **I did serve the documents on BUSINESS FILINGS INCORPORATED.**
By then and there delivering to and leaving with: **BUSINESS FILINGS INCORPORATED** at **319 S COTEAU ST, PIERRE, SD 57501**

| Item | Disburse To | Amount Owed | Amount Paid |
|---|---|---|---|
| Civil Process Fee | HUGHES COUNTY TREASURER | $50.00 | $0.00 |
| Mileage Fee (CURRENT) | HUGHES COUNTY TREASURER | $5.90 | $0.00 |
| | Total Owed | $55.90 | |
| | Total Paid | $0.00 | |
| | Uncollectible | $0.00 | |
| | Remaining | $55.90 | |

**Invoice #**  23-02758
ARNALL GOLDEN GREGORY LLP
171 17TH ST. NW, SUITE 2100, ATLANTA, GA 30363

**Comments**
Left with employee Felesha Hoffman

**Date Returned** 2/7/23

**Signed**

Deputy Gary Nickerson
Hughes County Sheriff's Office
3200 E Hwy 34 Ste 9
Pierre, SD 57501
Phone: (605) 773-7470
Fax: (605) 773-7417

Page 1