**Exhibit D**

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| BENJAMIN W. KITCHEN, | ) | |
| | ) | CIVIL ACTION |
| Plaintiff, | ) | FILE NO:  22EV005046 |
| vs. | ) | |
| | ) | |
| BIKRAMJIT SINGH and A & G | ) | JURY TRIAL DEMANDED |
| CHEEMA TRANS, INC. | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT A & G CHEEMA TRANS, INC'S FIRST REQUEST FOR ADMISSIONS, INTERROGATORIES, REQUESTS FOR PRODUCTION OFDOCUMENTS, AND NOTICE TO PRODUCE**

COMES NOW, Plaintiff Benjamin W. Kitchen, and responds to Defendant A&G Cheema Trans, Inc.'s First Request for Admissions, Interrogatories and Request for Production of Documents to Plaintiff as follows:

## GENERAL OBJECTIONS

Plaintiff's investigation and discovery in this matter are continuing, and Plaintiff reserves the right to supplement, modify, or amend these responses, if necessary, to conform to facts and evidence. All rights of the Plaintiff are expressly reserved and nothing in the responses that follow is intended as or serves as a waiver of any and all rights of the Plaintiff consistent with the Georgia Civil Practice Act.

Plaintiff objects to Defendant A&G Cheema Trans, Inc.'s First Request for Admissions, Interrogatories and Request for Production of Documents and accompanying instructions and definitions to the extent that they seek to impose any obligation on the Plaintiff, for supplementation or otherwise, beyond that required by the Georgia Civil Practice Act.

Plaintiff objects to Defendant A&G Cheema Trans, Inc.'s First Request for Admissions, Interrogatories and Request for Production of Documents to the extent that they seek information

or documents protected by the attorney-client privilege, the work product doctrine, or any other applicable immunity.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

## RESPONSES

## I.      REQUEST FOR ADMISSIONS

1.      You have experienced pain or discomfort in the past which is the same or similar to any pain or discomfort which you allege resulted from the accident referenced in the Complaint.

**RESPONSE: Plaintiff has made a reasonable inquiry and the information known or readily available to him is insufficient to enable him to admit or deny.**

2.      Prior to the date of the accident referenced in the Complaint, you had received treatment from one or more healthcare professionals for conditions or injuries like or similar to the problems which you allege resulted from this accident.

**RESPONSE: Plaintiff has made a reasonable inquiry and the information known or readily available to him is insufficient to enable him to admit or deny.**

3.      You made no complaint of injury at the scene of the accident.

**RESPONSE: Plaintiff has made a reasonable inquiry and the information known or readily available to him is insufficient to enable him to admit or deny.**

4.      At the accident scene, you told the investigating officer that you were not injured.

**RESPONSE: Plaintiff has made a reasonable inquiry and the information known or readily available to him is insufficient to enable him to admit or deny.**

5.      You did not leave the scene of the accident in an ambulance.

**RESPONSE: Admit.**

6.      You do not currently have any restrictions in your employment, personal, or recreational activities attributable to the accident.

**RESPONSE: Denied.**

7.      No doctor has ever limited or restricted your activities as a result of the accident.

**RESPONSE: Plaintiff has made a reasonable inquiry and the information known or readily available to him is insufficient to enable him to admit or deny.**

8.      You have completely recovered from the injury or injuries which you allegedly sustained as a result of the accident referenced in the Complaint.

**RESPONSE: Denied.**

9.      As to the special damages for which you are seeking compensation in this action, you qualified for insurance benefits payable for healthcare services or products secured as a result of the accident referenced in the Complaint.

**RESPONSE: Plaintiff has made a reasonable inquiry and the information known or readily available to him is insufficient to enable him to admit or deny.**

10.     You have personally paid none of the bills received for services or products provided by healthcare professionals for problems or injuries which you relate to the accident.

**RESPONSE: Plaintiff has made a reasonable inquiry and the information known or readily available to him is insufficient to enable him to admit or deny.**

11.     You have no outstanding and/or unpaid medical expenses arising out of the accident referenced in the Complaint.

**RESPONSE: Denied.**

12.     You have been reimbursed for any purported loss of income.

**RESPONSE: Denied.**

13.     Your accident related damages exceed $75,001.

**RESPONSE: Admit.**

14.     Your accident related damages do not exceed $75,001.

**RESPONSE: Denied.**

## II.   <u>INTERROGATORIES</u>

1.      Identify (by stating name, address, date of birth, telephone number, and Social Security Number).
        (a)     yourself and
        (b)     any person assisting you in responding to this discovery.

**RESPONSE:  Plaintiff objects to this request to the extent it seeks information which is privileged, private, and confidential. Subject to these objections and without waiving the same, Plaintiff responds as follows: Benjamin Walker Kitchen, 217 Christina Court,**

Peachtree City, Georgia 30269; DOB 1/24/1994; Telephone number (912) 506-9850.

   2.     Identify (by stating name, address, and telephone number) of each person who:

      (a)     was an eyewitness to the accident;

      (b)     has knowledge of facts or circumstances concerning the accident, your alleged injuries, and/or your alleged damages;

      (c)     you expect to call as an expert witness at trial; and for each such expert witness state:  the subject matter to which he or she is expected to testify; the substance of the facts and opinions to which he or she is expected to testify; and a summary of the grounds for each such opinion;

      (d)     you have retained or specially employed in anticipation of litigation or preparation for trial and who you do not expect to call as a witness at trial; and

      (e)     has investigated any aspect of the accident or your claims.

**RESPONSE: Plaintiff objects to the information sought by this interrogatory to the extent it seeks information protected by the attorney work product doctrine and/or attorney-client privilege. Subject to the foregoing objection and without waiving the same, Plaintiff states as follows: Benjamin Kitchen (Plaintiff), Bikramjit Singh (Defendant), Rajendra Singh (Defendant's passenger), Morgan Kitchen (Plaintiff's wife), Officer Murray Ricketson of the Georgia State Patrol, Plaintiff's healthcare providers and Plaintiff's expert witnesses as well as the following:**

- **All witnesses listed by Defendant(s).**

- **Any and all treating and/or examining physicians of Plaintiff.**

- **Any and all court-appointed physicians.**

- **Any and all record custodians.**

- **Any and all record custodians of all hospitals, physicians, physical therapists, etc. listed by Defendant as witnesses.**

- **Any and all persons mentioned in the pleadings, depositions, interrogatories and responses to request to produce.**

- **Any and all persons providing vehicle estimates for the subject vehicles.**

- **Any and all persons who have rendered medical care, counseling, therapy, or education to Plaintiff which is in any way related to liability or damages in this cause.**

- **Any and all photographers and/or videographers necessary to authenticate photographs taken of the parties, the scene, or the vehicle.**

**PLAINTIFF RESERVES THE RIGHT TO OBJECT TO ANY AND ALL WITNESSES LISTED BY DEFENDANT AND RESERVES THE RIGHT TO AMEND THIS SCHEDULE OF WITNESSES, SHOULD ADDITIONAL WITNESSES BE IDENTIFIED THROUGH SUBSEQUENT DISCOVERY.**

**PLAINTIFF HEREBY RESERVES THE RIGHT TO CALL AND/OR PRODUCE ANY AND ALL WITNESSES AND/OR DOCUMENTARY EVIDENCE LISTED BY DEFENDANT, TO CALL ANY AND ALL IMPEACHMENT AND/OR REBUTTAL WITNESSES AND EXHIBITS NECESSARY, AND TO CALL AND/OR PRODUCE ANY AND ALL NEWLY DISCOVERED WITNESSES.**

3.  As to each person who has given a statement concerning the accident referenced in the Complaint or your alleged injuries and/or damages, provide his/her name, the date his/her statement was taken, by whom his/her statement was taken, and the current custodian of said statement.

**RESPONSE: Plaintiff objects to the information sought by this interrogatory on the grounds that it violates the attorney work product doctrine and attorney-client privilege. Subject to the foregoing objection and without waiving the same, Plaintiff states that, to the best of his knowledge, no statements were made other than those contained in the Georgia Uniform Motor Vehicle Accident Report and in Plaintiff's medical records.**

4.  State what medical, surgical, psychiatric, or other therapeutic care, treatment, procedure, or examination you had received before the accident, indicating:
    (a)  the date(s) of each such care, treatment, procedure, or examination;
    (b)  the identity of the physician(s), surgeon(s) or other practitioner(s) of any healing art from whom you received such care, treatment, procedure or examination, including his/her name and the name and address of his/her practice and/or office; and
    (c)  the reason(s) for each such care, treatment, procedure, or examination.

**RESPONSE: Plaintiff objects to this interrogatory on the grounds that it is overly broad in time and scope, burdensome, seeks irrelevant information and is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to providing a listing of each and every illness or infirmity encountered and each and every medical provider he has treated with over the years prior to the crash at issue. Subject to these objections and without waiving same, Plaintiff believes he may have received treatment on his back prior to this crash, but cannot recall all the details.  Plaintiff will supplement this response.**

5.  State what medical, surgical, psychiatric or other treatment or care you have received for any reason (including any physical examination whether in connection with employment, application for insurance or otherwise) after the accident, indicating:

    (a)  the date(s) of each such care, treatment, procedure, or examination;

    (b)  the identity of the physician(s), surgeon(s) or other practitioner(s) of any healing art from whom you received such care, treatment, procedure or examination, including his/her name and the name and address of his/her practice or office;

    (c)  the reason(s) for each such care, treatment, procedure, or examination;

    (d)  the charges for each such service; and

    (e)  the name of the medical provider whom you last visited, the purpose of the visit, and the date of your last visit.

**RESPONSE: Plaintiff objects to this interrogatory on the grounds that Plaintiff is not a doctor or practitioner of the healing arts and therefore is not qualified to state within a reasonable degree of certainty, under oath, the detailed nature and extent of each physical injury suffered by her as a result of the subject incident or which injuries, if any, are permanent in nature. Please refer to Plaintiff's medical records provided in response to Defendant's Request for Production of Documents for details regarding his injuries. Subject to these objections, Plaintiff suffers from pain in his neck, back, shoulder and migraines and states he has been treated by the following hospitals and physicians due his injuries caused by the subject incident:**

    **Atlas Surgery Center of Buckhead**
    **P.O. Box 673363**
    **Marietta, Georgia 30006**

    **Spinal Kinetics**
    **800 Wisconsin Street, Building D2**
    **Suite 102**
    **Mailbox 50**
    **Eau Claire, WI 54703**

    **American Health Imaging**
    **1240 Highway 54 West, Building 400**
    **Fayetteville, Georgia 30214**

    **Dr. John Giovanelli**
    **3200 Shakarag Hill, B**
    **Peachtree City, Georgia 30269**

**Georgia Bone & Joint**
**1755 Highway 34 E**
**Newnan, Georgia 30265**

**Plaintiff will supplement this response.**

6.    If you have ever suffered a personal injury to any part of your body (other than the injury alleged from this accident), please:

    (a)    describe the injury, including the date of the injury, and the cause of the injury;

    (b)    identify the provider of any medical services or treatment in connection therewith, including his/her name, address, and telephone number;

    (c)    identify the responsible party, including his/her insurance carrier;

    (d)    if you made a claim for bodily injury as a result of the incident(s), please identify the incident, the outcome of the claim, and the identity, including the address of the person, firm, or corporation against whom the claim was made; and

    (e)    if any civil litigation resulted from the incident, state the style of the case, the court in which it was filed, and the civil action file number.

**RESPONSE: Plaintiff believes he may have received treatment on his back prior to this crash, but cannot recall all the details, but it was certainly not like the pain and discomfort he feels as a result of this crash. Plaintiff will supplement this response.**

7.    Please itemize all expenses and special damages which you are seeking recovery for in this litigation. **(REFERENCE TO ANY ATTACHED DOCUMENTS WILL NOT SATISFY THE REQUIREMENTS OF O.C.G.A. § 9-11-9(g)).**

**RESPONSE: Plaintiff objects to providing an exhaustive and detailed itemization of his damages at this early stage and while discovery is ongoing. Plaintiff further objects to this interrogatory to the extent it attempts to limit Plaintiff's right to respond by attachment of records pursuant to O.C.G.A. § 9-11-33(c). Subject to and without waiving these objections, Plaintiff responds as follows: please refer to Plaintiff's medical bills provided in response to Defendant's Request for Production of Documents. Plaintiff has incurred the following medical expenses as a result of the injuries he sustained in the subject incident:**

| Provider | Charges |
|---|---|
| **American Health Imaging** | **$4,595.00** |
| **Atlas Surgery Center** | **$79,203.75** |
| **Dr. John Giovanelli** | **$960.00** |
| **Spinal Kinetics** | **$1,080.00** |
| **Georgia Bone & Joint** | **$1,410.00** |
| **TOTAL** | **$87,248.75** |

**Plaintiff expects to have substantial future medical expenses and future pain and suffering**

**that include emotional distress, personal inconvenience, mental and physical pain and suffering, loss of enjoyment of life, due to the violence of the collision and injuries to the Plaintiff's body and nervous system, plus an inability to lead a normal life. Plaintiff also expects to have substantial future costs of mediation and depositions as a result of his injuries from the crash. Plaintiff will supplement this response.**

8. Please describe all physical and mental injuries you allege to have been received in the accident referenced in the Complaint.

**RESPONSE: Plaintiff states he suffers pain in his neck due to bulges in his cervical spine and back pain due to herniations in his lumbar spine.  Plaintiff has also experienced headaches.**

9. As to any insurer, employer, person, or other entity which paid any of the bills arising from the accident referenced in the Complaint or any incident subject to identification in response to interrogatory number 6, please:
    (a) identify the health insurance carrier, HMO, PPO, and/or governmental or private organization or source; and
    (b) state your policy number, participation number, member number, certificate number or any other identifying number by which each entity described in (a) above identified you.

**RESPONSE: Plaintiff states he has medical insurance through United Healthcare. Plaintiff will supplement his provider and account information.**

10. If you are claiming lost earnings, please state:

    (a) the total amount of the lost earnings which you seek to recover in this litigation;
    (b) the specific dates you missed from work due to your alleged injuries;
    (c) on the date of the accident referenced in the Complaint, your employer, your employer's address, your occupation, your duties, your earnings and how long you had held such occupation;
    (d)  if there has been any change in your occupation(s), employer(s), duties, or earnings since the accident, please describe each such change;
    (e) state the number of hours you typically worked at the time of the collision;
    (f) state how the injuries which you allege resulted from the accident prevented you from performing your job duties; and
    (g) describe the method which you have used to calculate your lost earnings or wages.

**RESPONSE: Plaintiff is not making a claim for lost wages.**

11. Describe in detail how the accident occurred, specifying each and every act or omission of the defendant driver and/or the defendant company that you contend caused or contributed to your alleged injuries and damages.

**RESPONSE: Plaintiff objects to this interrogatory on the grounds that he is not an attorney and therefore is without sufficient knowledge and qualifications to state every act or omission on the part of the Defendant which caused, contributed to or brought about the subject incident within the legal meaning of said terms as used and contemplated under Georgia law. Plaintiff further objects to the information sought by this interrogatory on the grounds that it seeks to discover and force exposure of the mental impressions of his attorney in formulating legal theories associated with Plaintiff's case in violation of the attorney work product doctrine and attorney-client privilege. Subject to and without waiving the foregoing objections, see Plaintiff's Complaint for a factual description of how this incident occurred and allegations of negligence on the part of the Defendant.  Plaintiff will supplement.**

12.   Identify each and every drawing, photograph, videotape, and computer animation of the accident scene, the involved vehicles, or the persons involved in the accident, indicating the date made, its subject, its photographer or drawer, and its current custodian.

**RESPONSE: Plaintiff states he will provide the following: Any and all offices notes, medical records, medical bills, hospital records, reports, charts, MRI films, bone scans, diagnostic studies and x-rays concerning the care, examination and treatment of Plaintiff from the following health care providers:**

- **American Health Imaging**
- **Atlas Surgery Center**
- **Spinal Kinetics**
- **Dr. John Giovanelli**
- **Georgia Bone & Joint**

- **Any and all photographs, drawings or videotapes regarding the injuries in this cause.**

- **Any and all photographs, drawings or videotapes regarding the property damage in this cause.**

- **AMA Guides to Evaluation of Permanent Impairment.**

- **Mortality tables.**

- **Vehicle damage estimates.**

- **Any and all responses to interrogatories, request to produce and/or other**

requests, depositions or other investigation and/or discovery materials.

- Any and all documents reflecting payment of collateral source benefits to Plaintiff from any and all sources.
- Crash report.
- Medical Bill Summary.
- Power Point Presentations.
- Any and all x-rays, CT Scans and/or MRI films including but not limited to:
    a) MRI of cervical spine dated 3/31/22 by American Health Imaging.
    b) MRI of lumbar spine dated 3/31/22 by American Health Imaging.
- Any and all demonstrative aids including animations.
- Scales of Justice.
- Anatomical maps, charts and models.
- Any and all medical records not specifically listed herein, but which pertain to Plaintiff's condition, either prior to or subsequent to the subject accident.
- Any and all exhibits discovered prior to trial with proper notice to opposing council.
- Any and all attachments to response to interrogatories, request to produce, and depositions.
- Any and all exhibits discovered prior to close of discovery with proper disclosures to Defendant.
- Any and all receipts and/or documentation of travel to and from medical providers.
- Receipts for out-of-pocket expenses, including, but not limited to, cost of prescription medication.
- Any and all lost wage documentation.
- Plaintiff reserves the right to use charts, diagrams, and exemplars at the trial of this cause.
- Demonstrative evidence necessary to the opinion of any treating expert witnesses.
- Any and all exhibits used for impeachment or rebuttal.

- **Any and all exhibits listed by Defendant.**

**PLAINTIFF RESERVES THE RIGHT TO OBJECT TO ANY OF THE EXHIBITS AND/OR MATERIALS OR RECORDS LISTED BY DEFENDANT AND RESERVES THE RIGHT TO ADD ADDITIONAL EXHIBITS AND/OR MATERIALS AS IDENTIFIED BY SUBSEQUENT DISCOVERY.**

13.   If you have ever been convicted of or pled guilty to any felony or misdemeanor, (other than routine traffic violations), please state the nature of the offense, the date, and jurisdiction of the conviction.

**RESPONSE: Plaintiff objects to this interrogatory on the grounds that it is overly broad in time and scope, burdensome, seeks irrelevant information and is not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding said objection, Plaintiff has never been convicted of any crime that he can recall.**

14.   If you have ever filed for bankruptcy, please provide:
    (a)    the name and address of the court where you filed for each bankruptcy;
    (b)    the year of filing; and
    (c)    the status or disposition of each bankruptcy filing.

**RESPONSE: Plaintiff objects to this interrogatory on the grounds that it is overly broad in time and scope, burdensome, seeks irrelevant information and is not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding said objection, Plaintiff states he does not recall filing for bankruptcy at any time.**

15.   If you have ever been involved (whether as a driver, passenger, or pedestrian) in a motor vehicle accident, either prior or subsequent to the injury alleged which is the subject of this lawsuit, please:
    (a)    Describe the incident, including the date of the incident and the injuries suffered;
    (b)    If you were injured in the accident, identify the provider of any services or treatments in connection therewith, including his/her name, address, and telephone number;
    (c)    Identify the responsible party including his/her insurance carrier;
    (d)    Identify any police department, sheriff's office, or patrol unit that investigated the accident;
    (e)    If you made a claim for bodily injury as a result of the incident(s), please indicate the incident, the outcome of the claim, and the identity, including the address of the person, firm, or corporation against whom the claim was made; and
    (f)    If any civil litigation resulted from the incident, state the style, court in which it was filed, and the civil action file number.

**RESPONSE: Plaintiff states none that he can recall.**

16.     If you have ever been involved in any other lawsuit, whether as a plaintiff or defendant, please state:

        (a)     the basis of the lawsuit;
        (b)     the style and court in which the lawsuit was filed;
        (c)     the civil action file number of the lawsuit; and
        (d)     the final disposition of the lawsuit.

**RESPONSE: Plaintiff states none that he can recall.**

17.     If you continue to have any activity restrictions as a result of accident reference in the complaint, please describe the nature of each and every such restriction.

**RESPONSE: Plaintiff will supplement this response.**

18.     State whether, prior to this accident, you had any physical and/or mental restriction or impairment. If so, please describe each such restriction or impairment in detail.

**RESPONSE: Plaintiff objects to this request as overly broad and vague. Subject to these objections and without waiving the same Plaintiff responds as follows: Plaintiff states no prior physical and/or mental restriction or impairment he can recall just prior to this crash. Plaintiff refers Defendant(s) to his medical records. Plaintiff will supplement.**

19.     Please identify each and every legal and factual basis which you contend supports your claim for punitive damages.

**RESPONSE: Plaintiff is not stating a claim for punitive damages at this time.**

20.     State with particularity (identify by citations) all provisions of the Federal Motor Carrier Safety Regulations or other state or federal laws which you contend were violated by the defendant driver and/or the defendant company.

**RESPONSE: Plaintiff objects to this interrogatory on the grounds that he is not an attorney and therefore is without sufficient knowledge and qualifications to state every act or omission on the part of the Defendant which caused, contributed to or brought about the subject incident within the legal meaning of said terms as used and contemplated under Georgia law. Plaintiff further objects to the information sought by this interrogatory on the grounds that it seeks to discover and force exposure of the mental impressions of his attorney in formulating legal theories associated with Plaintiff's case in violation of the attorney work product doctrine and attorney-client privilege. Subject to these objections, see response to Interrogatory No. 11.**

21.   State every fact relied upon by you which supports your contentions in the previous Interrogatory and, for each alleged violation, provide the following:
   (a)   the date or dates of the violation(s);
   (b)   the name of the person or persons who committed the violation(s);
   (c)   a description of how the violation(s) was/were committed;
   (d)   the location of each such violation(s); and
   (e)   how the violation(s) was/were a cause of the accident.

**RESPONSE: See response to Interrogatory No. 20. Plaintiff will supplement this response.**

22.   To your knowledge, information, or believe, is there any documentary, photographic, or tangible evidence which supports your contention referred to in response to Interrogatory No. 21?  If so, describe such evidence, stating as to each item the following:
   (a)   the date, nature, and form thereof;
   (b)   the subject or content of such evidence; and
   (c)   the name, address, and telephone number of the current custodian of such documentation.

**RESPONSE: See response to Interrogatory No. 20. Plaintiff will supplement this response.**

23.   State whether you allege that the defendant driver was physically or mentally incompetent or impaired (at the time of the accident) while operating the vehicle he was driving.  If so, state whether you contend such alleged incompetence or impairment was a proximate cause of the subject incident.

**RESPONSE: Plaintiff is without knowledge or information to adequately respond to this request.**

24.   If your response to the preceding Interrogatory was affirmative, identify with particularity:
   (a)   all facts upon which you rely in support of your contention that the defendant driver was incompetent or impaired at the time of the accident;
   (b)   every statute, ordinance, regulation, and rule which you contend was violated and which supports your contentions of incompetence or impairment;
   (c)   the name of every person whom you contend had knowledge of such incompetence or impairment;
   (d)   a summary of the knowledge or information held by each such person; and
   (e)   the manner in which you contend such alleged incompetence or impairment proximately caused or was the cause of the subject accident.

**RESPONSE: See response to Interrogatory No. 23.**

25.   To your knowledge, information, or belief, is there any documentary, photographic, or other tangible evidence which supports your contentions referred to in responses

to Interrogatories Nos. 23 and 24?  If so, please describe such evidence as follows:

(a)     the nature and form thereof;

(b)     the subject of the contents of such evidence; and

(c)     the present location and the name and address of the current custodian of such documentation.

**RESPONSE: See response to Interrogatory No. 23. Plaintiff will supplement this response if appropriate.**

26.     Do you contend that defendant company negligently hired, supervised, trained, or retained the defendant driver or is liable for punitive damages?  If so, provide the following:

(a)     specify the act or conduct which supports such contention(s);

(b)     specify all facts upon which you rely in support of your contention(s); and

(c)     describe the manner in which you contend the subject conduct proximately caused the subject accident.

**RESPONSE:  Discovery has just begun and Plaintiff has the right to flush these issues out in discovery.  Plaintiff will supplement.**

27.     To your knowledge, information, or belief, is there any documentary, photographic, or other tangible evidence which supports your contentions referred to in response to Interrogatory No. 26?  If so, describe such evidence, stating as to each item the following:

(a)     the nature and form thereof;

(b)     the subject of the contents of such evidence; and

(c)     the present location and the name, address, and telephone number of the current custodian for each identified document.

**RESPONSE: Plaintiff states he will provide the following: Any and all offices notes, medical records, medical bills, hospital records, reports, charts, MRI films, bone scans, diagnostic studies and x-rays concerning the care, examination and treatment of Plaintiff from the following health care providers:**

- **American Health Imaging**
- **Atlas Surgery Center**
- **Spinal Kinetics**
- **Dr. John Giovanelli**
- **Georgia Bone & Joint**

- **Any and all photographs, drawings or videotapes regarding the injuries in this cause.**

- **Any and all photographs, drawings or videotapes regarding the property damage in this cause.**

- **AMA Guides to Evaluation of Permanent Impairment.**
- **Mortality tables.**
- **Vehicle damage estimates.**
- **Any and all responses to interrogatories, request to produce and/or other requests, depositions or other investigation and/or discovery materials.**
- **Any and all documents reflecting payment of collateral source benefits to Plaintiff from any and all sources.**
- **Crash report.**
- **Medical Bill Summary.**
- **Power Point Presentations.**
- **Any and all x-rays, CT Scans and/or MRI films including but not limited to:**
    a) **MRI of cervical spine dated 3/31/22 by American Health Imaging.**
    b) **MRI of lumbar spine dated 3/31/22 by American Health Imaging.**
- **Any and all demonstrative aids including animations.**
- **Scales of Justice.**
- **Anatomical maps, charts and models.**
- **Any and all medical records not specifically listed herein, but which pertain to Plaintiff's condition, either prior to or subsequent to the subject accident.**
- **Any and all exhibits discovered prior to trial with proper notice to opposing council.**
- **Any and all attachments to response to interrogatories, request to produce, and depositions.**
- **Any and all exhibits discovered prior to close of discovery with proper disclosures to Defendant.**
- **Any and all receipts and/or documentation of travel to and from medical providers.**
- **Receipts for out-of-pocket expenses, including, but not limited to, cost of prescription medication.**
- **Any and all lost wage documentation.**
- **Plaintiff reserves the right to use charts, diagrams, and exemplars at the**

trial of this cause.

- **Demonstrative evidence necessary to the opinion of any treating expert witnesses.**
- **Any and all exhibits used for impeachment or rebuttal.**
- **Any and all exhibits listed by Defendant.**

**PLAINTIFF RESERVES THE RIGHT TO OBJECT TO ANY OF THE EXHIBITS AND/OR MATERIALS OR RECORDS LISTED BY DEFENDANT AND RESERVES THE RIGHT TO ADD ADDITIONAL EXHIBITS AND/OR MATERIALS AS IDENTIFIED BY SUBSEQUENT DISCOVERY.**

28.   Please identify the e-mail address, profile name, and/or network to which you belong for those social networking websites such as Facebook, Linkedin, Instagram, Tumblr, and Twitter.

**RESPONSE: Plaintiff objects to this interrogatory on the grounds that it is overly broad and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Courts routinely deny requests that amount to no more than fishing expeditions for discovery of private social media pages where the party fails to make a threshold showing to the relevancy of any information contained on an individual's private social networking websites, internet usage or email addresses. See, e.g., Salvato v. Miley, No. 5:12-CV-635-Oc-10PRL, 2013 U.S. Dist. LEXIS 81784, at \*6-7 (M.D. Fla. June 11, 2013) ("The mere hope that Brown's private text-messages, e-mails, and electronic communication might include an admission against interest, without more, is not a sufficient reason to require Brown to provide Plaintiff open access to his private communications with third parties."); McCann v. Harleysville Ins. Co., 910 N.Y.S.2d 614, 78 A.D.3d 1524 (N.Y. App. Div. 2010) ("Although defendant specified the type of evidence sought, it failed to establish a factual predicate with respect to the relevancy of the evidence. Indeed, defendant essentially sought permission to conduct "a fishing expedition" into plaintiff's Facebook account based on the mere hope of finding relevant evidence.") (citations omitted); see also Crispin v. Christian Audigier, Inc., 717 F. Supp. 2d 965 (C.D. Cal. 2010) (holding that Facebook and MySpace are Electronic Communication Services, and thus subject to the Stored Communications Act, 18 U.S.C. § 2701 et seq.) In accordance with the foregoing objections, Plaintiff will not provide the requested information without a special showing of need from**

the propounder of these interrogatories and an appropriate order from the Court.

29.     So that your deposition can be noticed for an agreeable time and day, please provide three (3) proposed dates (beginning twenty (20) days after these responses are served and ending forty (40) days after these responses are served) that you are available for a deposition and indicate a preferred start time of 10:00 a.m. or 1:00 p.m.

**RESPONSE: Plaintiff states he is currently available for a zoom deposition May 8, 9, and 11, 2023 beginning at 1:00 pm.  Plaintiff requests Defense attorney confirm again with Plaintiff's attorney before noticing the deposition(s).**

### III. REQUEST FOR PRODUCTION OF DOCUMENTS AND NOTICE TO PRODUCE

1.     Please produce all statements and/or reports made or given by any person subject to identification in response to interrogatories 1, 2, and 3.

**RESPONSE: See attached.**

2.     Please produce all reports of expert witnesses who you expect to testify at trial, along with all documents relied upon by such experts in formulating their opinions and/or conclusions.

**RESPONSE: Plaintiff has not decided which, if any, experts he will call to testify at trial yet.  Plaintiff will supplement this response.**

3.     Please produce all documents and/or other tangible things which prove, support, or constitute evidence of any facts or circumstances upon which you base the allegations in the Complaint.

**RESPONSE: Plaintiff states he will provide any and all offices notes, medical records, medical bills, hospital records, reports, charts, MRIs, bone scan, diagnostic studies and x-rays concerning the care, examination and treatment of Plaintiff from the following health care providers:**

1. **American Health Imaging**
2. **Atlas Surgery Center**
3. **Spinal Kinetics**
4. **Dr. John Giovanelli**
5. **Georgia Bone & Joint**

- **Any and all offices notes, medical records, medical bills, hospital records, reports, charts, MRIs, bone scan, diagnostic studies and x-rays concerning the care, examination and treatment of Plaintiff.**
- **Any and all expert reports.**

- **Any and all photographs, drawings or videotapes regarding the injuries in this cause.**
- **Any and all photographs, drawings or videotapes regarding the property damage in this cause.**
- **AMA Guides to Evaluation of Permanent Impairment.**
- **Mortality tables.**
- **Vehicle damage estimates.**
- **Any and all responses to interrogatories, request to produce and/or other requests, depositions or other investigation and/or discovery materials.**
- **Any and all documents reflecting payment of collateral source benefits to Plaintiff from any and all sources.**
- **Crash report.**
- **Medical Bill Summary.**
- **Power Point Presentations.**
- **Any and all x-rays, CT Scans and/or MRI films including but not limited to those listed in Plaintiff's Response to Interrogatories.**
- **Any and all demonstrative aids including animations.**
- **Scales of Justice.**
- **Anatomical maps, charts and models.**
- **Any and all medical records not specifically listed herein, but which pertain to Plaintiff's condition, either prior to or subsequent to the subject accident.**
- **Any and all exhibits discovered prior to trial with proper notice to opposing council.**
- **Any and all attachments to response to interrogatories, request to produce, and depositions.**
- **Any and all exhibits discovered prior to close of discovery with proper disclosures to Defendant.**
- **Any and all receipts and/or documentation of travel to and from medical providers.**
- **Receipts for out-of-pocket expenses, including, but not limited to, cost of prescription medication.**
- **Any and all lost wage documentation.**
- **Plaintiff reserves the right to use charts, diagrams, and exemplars at the trial of this cause.**
- **Demonstrative evidence necessary to the opinion of any treating expert witnesses.**
- **Any and all exhibits used for impeachment or rebuttal.**
- **Any and all exhibits listed by Defendant.**

**PLAINTIFF RESERVES THE RIGHT TO OBJECT TO ANY OF THE EXHIBITS AND/OR MATERIALS OR RECORDS LISTED BY DEFENDANT AND RESERVES THE RIGHT TO ADD ADDITIONAL EXHIBITS AND/OR MATERIALS AS IDENTIFIED BY SUBSEQUENT DISCOVERY.**

4.    Please produce all photographs, video, computer animations, models, diagrams, and/or drawings of (a) the scene of the accident; (b) any object involved in the accident and/or

(c) any person involved in the accident.  This request includes any photographs and/or videos that have been posted (by you or others) to any social media website or application (including, but not limited to, Facebook, MySpace, Instagram, Twitter, Tumblr, YouTube, and Vine) since the accident.

**RESPONSE: See attached and see response to Request No. 3.**

5.    Please produce any traffic citations, accident reports, and/or transcripts of any judicial hearing for this accident.

**RESPONSE: Plaintiff states none in his possession.**

6.    Please produce all charts, reports, statements, bills or other documents concerning any health care examination or treatment received by you, including, without limitation, documents subject to identification in response to interrogatories 4, 5, 6, and 7.

**RESPONSE: See attached and see response to Request No. 3.**

7.    Please produce all bills, statements of accounts, cancelled checks, receipts or other documents which substantiate any special damages which you seek in this litigation.

**RESPONSE: See attached and see response to Request No. 3.**

8.    Please produce all documents reflecting payment to you by any person or insurance company, or other entity for expenses, lost wages, or damages arising from the accident.

**RESPONSE: See attached and see response to Request No. 3.**

9.    If you are claiming a loss of income or a reduction in your ability to labor in the future, please:

(a)    produce all documents and/or other tangible things which prove, support or constitute evidence of any fact or circumstance on which you base your claim

of lost earnings;

(b)    please produce your Federal and State Income Tax returns, W-2, and 1099 forms for three years before the date of the accident and for each year since the accident; and

(c)    please produce all check stubs, receipts, record of deposits, drafts and any other documents reflecting earnings or salary for the period one year prior to the accident.

**RESPONSE: Plaintiff is not making a claim for lost wages.**

10.    Please produce all notes, investigations, reports, or other documents which describe any aspect of the accident.

**RESPONSE: See attached and see response to Request No. 3.**

11.    Please produce all estimates of repair costs, drafts reflecting payments and/or documents relating to property damage or the cost of repairs incurred as a result of the accident.

**RESPONSE: See attached and see response to Request No. 3.**

12.    Please produce all diaries, memoranda, notes or other documents which were kept or prepared by you concerning your physical and/or mental condition for a period beginning two years prior to the accident.

**RESPONSE: Plaintiff states none in his possession.**

13.    Please produce the certificate of title for any vehicle involved in the accident.

**RESPONSE: Plaintiff will supplement this response.**

14.    Please produce all documents concerning any automobile accidents you have been involved in or personal injuries you have sustained other than those alleged to have arisen from the accident.

**RESPONSE: Plaintiff states none in his possession.**

15.    Please produce all documents, pleadings, and/or exhibits filed, served or prepared in connection with any other litigation in which you have been a party.

**RESPONSE: Plaintiff states none in his possession.**

16.    Please produce all documents concerning or relating to any claim ever made by you for Workers' Compensation, Personal Injury Protection, or benefits from any State or Federal governmental agency.

**RESPONSE: Plaintiff states none.**

17. Please produce any documents given to any person or entity, including any insurance company in return for payment in whole or in part for property damage [i.e., loan receipt(s), release(s), covenants not to sue] or other damage from this accident.

**RESPONSE: See attached and see response to Request No. 3.**

18. Please produce a copy of all transcript(s) of any traffic court hearing, workers' compensation hearing, EEOC hearing, social security hearing, trial or any other judicial or quasi-judicial hearing related to any occurrence in which you claimed bodily injuries.

**RESPONSE: Plaintiff states none in his possession.**

19. Please produce a copy of any deposition or sworn statement ever given by you.

**RESPONSE: Plaintiff states none in his possession.**

20. Please produce the application for benefits signed by you with regard to any claim for medical payment or healthcare benefits.

**RESPONSE: See attached and see response to Request No. 3.**

21. Please produce all documents which support your denial of any request for admission, above.

**RESPONSE: Plaintiff objects to the extent this seeks attorney client or work product protected information. Plaintiff further objects that he cannot provide documentation of items he does not know of at this time. Subject to the foregoing, and without waiving the same, Plaintiff responds as follows: See attached and see response to Request No. 3.**

22. Please produce any documents signed by you to resolve any claims against any other person or entity as a result of this incident.

**RESPONSE: Plaintiff states none in his possession.**

23. Please produce all applications for insurance signed by you at any time.

**RESPONSE: Plaintiff will supplement this response.**

24. Please produce any application for employment submitted by you to any person or entity since the date of the accident.

**RESPONSE: Plaintiff objects to this interrogatory on the grounds that it is overly broad**

in time and scope, burdensome, seeks irrelevant information and is not reasonably calculated to lead to the discovery of admissible evidence.

25.    Please identify each and every document which you contend supports your claim for punitive damages.

**RESPONSE: Plaintiff states he is not claiming punitive damages at this time.**

26.    Please produce all/any documentary, photographic, or other tangible evidence referred to in response to Interrogatories Nos. 15 through 23.

**RESPONSE: See attached and see response to Request No. 3.**

27.    Please provide a copy of all content posted after the accident to any profile identified in Interrogatory No. 24, including, but not limited to photographs, links, documents, posts, conversations, and messages.

**RESPONSE: Plaintiff objects to this request as overly broad and unduly burdensome. Subject to the foregoing objections and without waiving the same, Plaintiff responds as follows:  Plaintiff states none he is aware.**

28.    Please produce any and all documents, reports, or other tangible items concerning any defendant's driving, employment, financial, and/or criminal history, including, but not limited to internet search results, Accurint® search results, credit reports, and motor vehicle reports.

**RESPONSE: Plaintiff objects to this interrogatory on the grounds that it is overly broad in time and scope, burdensome, seeks irrelevant information and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, see attached.**

This 2nd day of March, 2023.

_____/s/ Patrick C. Powell_____
Patrick C. Powell
Georgia Bar No. 180093
*Attorney for Plaintiff*

MORGAN & MORGAN
777 Gloucester Street, Suite 400
Brunswick, Georgia 31520
Tel: (912) 443-1050
ppowell@forthepeople.com

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| BENJAMIN W. KITCHEN, | ) | |
| | ) | CIVIL ACTION |
| Plaintiff, | ) | FILE NO:  22EV005046 |
| vs. | ) | |
| | ) | |
| BIKRAMJIT SINGH and A & G | ) | JURY TRIAL DEMANDED |
| CHEEMA TRANS, INC. | ) | |
| | ) | |
| Defendants. | ) | |

## RULE 5.2 CERTIFICATE OF SERVICE

Pursuant to USCR 5.2, this is to certify that I have served a true and correct copy of Plaintiff's Response to Defendant's Request Interrogatories and Request for Production of Documents on this date upon all counsel of record by statutory electronic service and email to:

Jonathan M. Adelman, Esq.
Waldon Adelman Castilla Heistand & Prout
900 Circle 75 Parkway
Suite 1040
Atlanta, Georgia 30339
jadelman@wachp.com

This 2nd day of March, 2023.

__/s/ Patrick C. Powell_____
Patrick C. Powell
Georgia State Bar No. 180093
*Attorney for Plaintiff*

**MORGAN & MORGAN**
777 Gloucester Street, Suite 400
Brunswick, Georgia 31520
T: (912) 443-1050
ppowell@forthepeople.com