IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ROBERT F. SMITH, | : |
| PLAINTIFF, | : |
| | : |
| v. | : CIVIL ACTION NUMBER: |
| | : |
| BRIGHT SPRINGS HEALTHCARE, LLC f/k/a BRIGHTSPRINGS HEALTH SERVICES, LLC, | : |
| | : JURY TRIAL DEMANDED |
| DEFENDANT. | : |

## COMPLAINT

Plaintiff Robert F. Smith ("Smith") brings this Complaint against Defendant Bright Springs HealthCare, LLC formerly known as Bright Springs Health Services, LLC ("Bright Springs") and shows this Court as follows:

**INTRODUCTION**

1.

This is a Title VII retaliation case.

2.

Bright Springs operates a hospice known as Sacred Journey Hospice in Canton, Georgia. It employed Smith there as Director of Nursing. Smith was subjected to sexual harassment and a sexually hostile work environment by a

- 1 -

coworker. Smith reported the harassment to his supervisor. Subsequent to receiving this report, Bright Springs terminated Smith's employment in violation of Title VII.

**JURISDICTION AND VENUE**

3.

This Court has original jurisdiction over the present action under Article III, §2 of the United States Constitution and 28 U.S.C §§ 1331, because this case arises under the Title VII, a federal statute that affects interstate commerce.

4.

Venue properly lies in the Northern District of Georgia under 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1391 because the unlawful employment practices alleged herein occurred in this judicial district and Bright Springs maintains the employment records material hereto in this judicial district.

**THE PARTIES**

5.

Smith is a citizen of the United States, and a resident of Fulton County, State of Georgia.

6.

At all times material hereto, Smith was an "employee" of Bright Springs within the meaning of 42 U.S.C. § 2000e(f).

7.

Bright Springs is a domestic limited liability company organized under the laws of the State of Georgia.

8.

At all times material hereto, Bright Springs has operated a hospice known as Sacred Journey Hospice in Canton, Georgia

9.

At all times material hereto, Bright Springs employed Smith as Director of Nursing at Sacred Journey Hospice in Canton, Georgia.

10.

Bright Springs may be served with process through its registered agent Keena Curry Wicks at 1505 Creekbend Lane, Lawrenceville, Georgia 30043 in accordance with Fed. R. Civ. Pro. 4(d).

11.

All times material hereto, Bright Springs has been an "employer" of Smith within the meaning of 42 U.S.C. § 2000e(b).

12.

Bright Springs is subject to the personal jurisdiction of this Court.

13.

On or about July 7, 2022, Smith filed a Charge of Discrimination against Bright Springs with the United States Equal Employment Opportunity

Commission ("EEOC"). The EEOC designated this Charge as Charge Number 410-2022-06853 (hereafter referred to as "the Charge of Discrimination").

14.

In the Charge of Discrimination, Smith asserted that Bright Springs subjected him to retaliation in response to his reporting of sexual harassment and a sexually hostile work environment.

15.

Smith filed the Charge of Discrimination within 180 days of the unlawful employment practices alleged therein.

16.

The EEOC issued Smith a Notice of Right to Sue (hereafter "the Notice of Right to Sue") dated February 23, 2023.

17.

This action is commenced within 90 days of Smith's receipt of the Notice of Right to Sue.

**FACTUAL ALLEGATIONS**

18.

Bright Springs employed Smith as Director of Nursing from August 1, 2021 through June 27, 2022.

19.

At all times material hereto, Bright Springs was responsible for promulgating employment policies and making employment decisions regarding Smith's employment.

20.

Smith's job responsibilities included, among other things, hiring, onboarding of new employees, overseeing documentation for accuracy, and managing the day-to-day operations of the hospice facility.

21.

On June 6, 2022, Smith submitted a report to Defendant's HR officials complaining of and objecting to sexual harassment and the imposition of a sexually hostile work environment.

22.

In his June 6, 2022 report, Smith advised Defendant's HR officials that he had been subjected to sexual harassment through the pervasive vulgar and sexually laced statements of by Bright Springs' Administrator at Sacred Journey Hospice ("the Administrator").

23.

In his June 6, 2022 report, Smith advised Defendant's HR officials that on or about August 19, 2021, the Administrator told Smith about a date she went

on and described explicit sexual acts that she wished that her date had performed on her.

24.

In his June 6, 2022 report, Smith advised Defendant's HR officials that on or about August 26, 2021, in the presence of Bright Springs' Patient Care Coordinator, the Administrator described herself as having a "tight asshole" and then asked the Patient Care Coordinator whether hers was tight.

25.

In his June 6, 2022 report, Smith advised Defendant's HR officials that on or about August 30, 2021, the Administrator asked Smith if he had heard the rumor that she was sleeping with Bright Springs' Executive Director.

26.

In his June 6, 2022 report, Smith advised Defendant's HR officials that on or about September 2, 2021, he had ordered seafood for lunch and while he was eating, the Administrator stated that his food smelled like "dirty crotch".

27.

In his June 6, 2022 report, Smith advised Defendant's HR officials that on or about April 6, 2022, immediately following an Interdisciplinary Team Meeting, the Administrator asked Smith what he called the area of skin between a man's "ball sack" and his "asshole". Smith stated, "the perineal

area?" the Administrator replied, "No, it's the Gooch" referring to the last name of a newly admitted patient.

28.

In his June 6, 2022 report, Smith advised Defendant's HR officials that on or about April 12, 2022, Smith commented to the Administrator that the office felt different with Bright Springs' Clinical Manager being absent. The Administrator replied, "What's the difference, I'm way more of a man than (the Clinical Manager)" referring to the Clinical Manager's sexual orientation.

29.

Defendant's Vice President of Operations Kevin McDaniel and its Area Vice President of Operations Karen Valentine had actual knowledge of Smith's June 6, 2022 report.

30.

Smith's report as described above is an activity protected by Title VII.

31.

On June 27, 2022, Bright Springs terminated Smith's employment.

32.

Bright Springs's purported reason for terminating Smith was a pre-employment conviction for driving under the influence of alcohol.

33.

Smith had advised Bright Springs of his pre-employment conviction during the hiring process.

34.

Bright Springs hired Smith and retained his services for almost a year in spite of his pre-employment conviction.

35.

Bright Springs failed to investigate the allegations of sexual harassment visited upon Smith.

36.

Bright Springs fostered and condoned a sexually hostile work environment.

37.

The reason provided by Bright Springs for Smith's termination, *i.e.,* that Smith had a pre-employment DUI that Defendant was aware of prior to Plaintiff's employment, is pretextual.

38.

Bright Springs actually terminated Smith in retaliation for his protected activity, *i.e.,* reporting sexual the harassment and a sexually hostile work environment, in violation of Title VII of the Civil Rights Acts of 1964 and 1991, 42 U.S.C. § 2000e *et seq*. as amended, ("Title VII").

## COUNT 1
## RETALIATION FORBIDDEN BY TITLE VII

39.

The allegations set forth in all previous paragraphs above are incorporated by reference herein as if set out verbatim in this paragraph.

40.

Bright Springs was aware of Smith's complaint of sexual harassment and a sexually hostile work environment constituting protected activity under Title VII.

41.

Bright Springs had actual knowledge of Smith's complaints about sexual harassment and a sexually hostile work environment and that his actions constituted protected activity under Title VII.

42.

But for Smith's reporting conduct made unlawful by Title VII, Bright Springs would not have terminated Smith's employment.

43.

Bright Springs retaliated against Smith when it terminated his employment because he reported conduct made unlawful by Title VII.

44.

Bright Springs acted with malice or with reckless indifference to the federally protected rights of Smith when it terminated his employment.

45.

Bright Springs retaliated against Smith because he opposed actions and activities made unlawful by Title VII when it terminated his employment.

46.

As a direct and proximate result of Bright Springs's unlawful retaliation against Smith, he has suffered and continues to suffer loss of income, emotional distress and emotional pain and suffering, in an amount to be proved at trial.

47.

As the direct and proximate result of Bright Springs's unlawful retaliation against Smith, he has been forced to incur attorneys' fees and expenses of litigation for which Bright Springs is liable.

WHEREFORE, Smith respectfully prays:

1. That he be reinstated to his former position or be awarded front pay in lieu thereof;
2. That he be awarded special damages equivalent to all income and benefits and pre-judgment interest thereon which he would have received or accrued but for the unlawful actions taken against him;

3. That he be awarded compensatory damages to compensate him for the emotional injuries, pain and suffering and other losses and injuries suffered as a result the unlawful actions taken against him;

4. That he be awarded punitive damages against Bright Springs as a consequence of its willful, malicious, reckless and intentional conduct;

5. That he be afforded a trial by jury;

6. That he be awarded his reasonable attorneys' fees and expenses of litigation; and

7. That he be awarded such other and further relief as is just, equitable and proper.

Respectfully submitted,

| | |
|---|---|
| 101 Marietta Street<br>Suite 2650<br>Atlanta, Georgia 30303<br>(404) 979-3150<br>(404) 979-3170 (f)<br>kevin.fitzpatrick@dcbflegal.com<br>charlesbridgers@dcbflegal.com | */s/ Kevin D. Fitzpatrick, Jr.*<br>Kevin D. Fitzpatrick, Jr.<br>Ga. Bar No. 262375<br><br>*/s/Charles R. Bridgers*<br>Charles R. Bridgers<br>Ga. Bar No. 080791<br><br>Counsel for Plaintiff |