# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| JIM EVANS and DAVE FRANKLIN, ) | |
| ) | Civil Action File No: |
| Plaintiffs, ) | 2:20-cv-3880-GRB-AYS |
| ) | United State District Court |
| vs. ) | Eastern District of New York |
| ) | |
| NEXTECH AR SOLUTIONS CORP., ) | This Court's Civil Action |
| ) | File No.: |
| Defendant. ) | |
| ) | |

## PLAINTIFFS' MOTION TO COMPEL THIRD PARTY WITNESSES' APPEARANCE FOR DEPOSITION AND FOR SANCTIONS

Plaintiff Jim Evans ("Evans") and Dave Franklin ("Franklin") (collectively, "Plaintiffs"), pursuant to Local Rule 37.1, move this Court for an order compelling the appearance of third-party witnesses Justin McAusland ("McAusland"), Derek Sims ("Sims"), and Peter J. Woolverton ("Woolverton") (collectively, the "Third Parties") for depositions, and awarding Plaintiffs sanctions as a result of the Third Parties' abuse of the discovery process.

Plaintiffs are entitled to take the depositions of the Third Parties. As percipient witnesses to the circumstances at issue in this case, the testimonies of the Third Parties will be essential to Plaintiffs' case. Each of the Third Parties, all of whom reside in this District, have been properly served with deposition subpoenas

compelling their attendance at depositions within this District. Most recently, despite being properly served in Fulton County and Plaintiffs' counsel following up via a letter delivered by Federal Express with all the necessary information, McAusland failed to appear at his deposition with no explanation. Plaintiffs therefore request that this Court enter an order requiring the Third Parties to appear for depositions and imposing sanctions against them.

## STATEMENT OF FACTS

**A.**     **The Pending New York Civil Action**

Plaintiffs, who reside in Georgia, were early investors in NexTech AR Solutions Corp. ("NTAR"), a publicly traded Canadian based technology company. Their investment afforded them the contractual right to redeem 516,000 warrants at $0.50 on or before March 29, 2020. Kuglar Decl., ¶ 4, Ex. A. In February 2019, in violation of the contractual terms set forth in the subscription agreement, NTAR purported to accelerate the deadline for exercising the warrants at a time when the stock was trading below $0.50. *Id.*, Ex. B. On March 20, 2020, within the time period set forth in the subscription agreement, NTAR refused Plaintiffs' attempt to redeem their 516,000 warrants. *Id.*, Ex. C, D. The Company's refusal to permit Plaintiffs to redeem their warrants resulted in significant damages to Plaintiffs.

On August 22, 2020, Plaintiffs initiated a civil action against NTAR in the

United States District Court for the Eastern District of New York, where NTAR had a corporate office.  NTAR attempted to shut the Plaintiffs out of federal court by filing a series of jurisdictional motions, all of which were denied.  Discovery commenced thereafter.

**B.	Third Party Fact Witnesses in this District Evade Service and/or Simply Ignore Duly Served Subpoenas Compelling their Attendance at Depositions in this District.**

Each of the third-party witnesses have discoverable information related to Plaintiffs' civil action against NTAR.  Each of the witnesses also invested in NTAR and communicated with both the Plaintiffs and NTAR's CEO concerning the subject matter of this dispute.  To secure their testimony for trial in New York, Plaintiffs issued several subpoenas compelling their attendance at deposition along with their relevant documents.

The initial subpoenas issued on May 5, 2022, required the Third Parties to appear on May 26, 2022 at Trustpoint Court Reporting's Atlanta office for depositions and to produce documents.  Kuglar Decl., ¶ 5, Ex. E.  Sims was successfully served on May 11, 2022 but did not contact Plaintiffs' counsel nor did he appear on May 26, 2022 as ordered.  *Id.*, Ex. F.  Woolverton was successfully served on May 18, 2022. *Id.*, Ex. G  Soon after, Woolverton's counsel reached out to Plaintiffs' counsel regarding rescheduling his deposition to which Plaintiffs'

3

counsel agreed. *Id.*, Ex. H. McAusland's service was unsuccessful at that time. *Id.*, Ex. I.

The second round of subpoenas were issued on November 22, 2022 requiring the Third Parties to appear for depositions via Zoom on December 15, 2022. *Id.*, ¶ 6, Ex. J. As agreed, Plaintiffs' counsel sent Woolverton's counsel his subpoena. *Id.*, Ex. K. Woolverton's counsel did not respond to several attempts to contact him. Woolverton's subpoena was then passed on to process servers in an attempt to serve him personally. After many attempts, service was unsuccessful for McAusland, Sims, and Woolverton. *Id.*, Ex. L.

Finally, new subpoenas were issued on December 26, 2022 requiring the Third Parties to appear for depositions via Zoom on January 23, 2023. *Id.*, ¶ 7, Ex. M. Service attempts on Sims and Woolverton were again unsuccessful with Sims having apparently taken a very convenient, long-term trip "to the Bahamas." *Id.*, Ex. N. McAusland, however, was served successfully on January 18, 2023 at approximately 11:47 a.m. via Christy McAusland, his wife. *Id.*, Ex. O. Plaintiffs' counsel then followed up with further information on the scheduled deposition via a letter sent to McAusland by Federal Express overnight delivery which was delivered to him on January 20, 2023. *Id.*, Ex. P.

At 3:00 p.m. on January 23, 2023, the noticed time and day for McAusland's

deposition, McAusland did not appear. Plaintiffs' counsel noted his non-appearance on the record and asked the court reporter to provide him certification of same in the transcript. *Id.*, ¶ 8, Ex. Q. To date, McAusland has made no attempt to contact Plaintiffs' counsel. *Id.*, ¶ 8.

The facts confirm that there is a coordinated effort by the Third Parties to evade service and avoid being deposed. Prior to bringing this motion, Plaintiffs have made repeated, ongoing attempts to serve the Third Parties. Despite successfully serving McAusland, he simply ignored the duly issued subpoena with no explanation or excuse. There is no indication that the Third Parties will voluntarily appear for depositions, or that they will engage in a meet and confer in an effort to reschedule their depositions.

## LEGAL ARGUMENT

**I.     THE THIRD PARTIES SHOULD BE ORDERED TO APPEAR FOR DEPOSITION**

**A.     Rule 30 Permits this Deposition**

Federal Rule of Civil Procedure Rule 30(a)(1) states that Plaintiffs may "by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2). The deponent's attendance may be compelled by subpoena under Rule 45." The Third Parties may, therefore, properly be deposed without leave of court, as witnesses in the case.

### B. Proper Subpoenas Were Served on the Third Parties

Rule 45 recites the requirements for a valid subpoena, all of which are met in this case. The subpoenas state the court in which they were issued, state the title and case number of the case, command the Third Parties to appear, testify and produce certain designated documents, and sets forth the text of Federal Rule of Civil Procedure 45(d) and (e). Fed. R. Civ. P. 45. Ex. A, F, and I. The subpoenas further state that the deposition will be recorded stenographically, were issued from the court of the Eastern District of New York, the court in which the case is pending (Fed. R. Civ. P. 45(a)(2)), and were issued by Craig H. Kuglar, an attorney authorized to practice in the issuing court. Fed. R. Civ. P. 45(a)(3). *Id*.

The subpoenas were served on the Third Parties personally by process servers. *Id*.

### C. Meet and Confer Attempts and Opportunities

Plaintiffs' counsel attempted to meet and confer on multiple occasions with Woolverton's counsel as required by Fed. R. Civ. P. 37(a)(1). Woolverton's counsel refused to respond to any of these attempts. Plaintiffs are unaware of whether Sims and McAusland have retained counsel. In any case, neither Sims, McAusland, nor any counsel of theirs have attempted to contact Plaintiffs' counsel.

## II. SANCTIONS ARE APPROPRIATE AND SHOULD BE AWARDED

Sanctions are appropriate and should be awarded to Plaintiffs due to the Third Parties refusal to appear for their depositions. "Rule 37(d) of the Federal Rules of Civil Procedure provides that the Court may order sanctions if a party fails to appear for her deposition after being served with proper notice." *Cato v. Fifeco Prop. Mgmt. LLC*, No. 1:11-CV-4017-CAP-ECS, 2013 WL 12305900, at *3 (N.D. Ga. Apr. 23, 2013). It is undisputed that the Third Parties were all properly served with deposition subpoenas. It is further undisputed that the Third Parties have failed, without any excuse, to appear for their depositions.

This Court has broad discretion to control discovery and to impose sanctions for failure to cooperate with the discovery process. *Phipps v. Blakeney*, 8 F.3d 788, 790 (11th Cir. 1993). Fed. R. Civ. P. 37(a)(5)(A) states:

> If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

The Third Parties should be ordered to pay Plaintiffs' reasonable attorneys' fees incurred in connection with this motion. Attorney Craig H. Kuglar has been licensed since 1999. Kuglar Decl., ¶ 10. His hourly rate of $400 per hour is reasonable and consistent with other attorneys practicing similar types of law in the

same geographical area. *Id.*, ¶ 11. Mr. Kuglar spent 3.5 hours drafting this motion, and the supporting notice and declaration. *Id.*, ¶ 12. Mr. Kuglar anticipates spending an additional three hours reviewing oppositions and drafting a reply. *Id.* The Third Parties should be ordered to pay Plaintiffs $2,600.00 in attorneys' fees. Plaintiffs have also incurred $1,283.00 in expenses in serving subpoenas and to court reporters which the Third Parties should also be ordered to pay. *Id.*, ¶ 13, Ex. R.

## CONCLUSION

For all the foregoing reasons, this Court should issue an order requiring Justin McAusland, Derek Sims, and Peter J. Woolvert to appear for depositions, and to pay Plaintiffs $3,883.00 plus any costs associated with the filing and service of this action in sanctions for abuse of the discovery process.

Respectfully submitted this 9th day of March, 2023.

                            **THE LAW OFFICE OF CRAIG KUGLAR, LLC**

                            /s/ Craig H. Kuglar
                            CRAIG H. KUGLAR, ESQ.
                            Georgia Bar No. 429968

                            The Law Office of Craig Kuglar, LLC
                            931 Monroe Drive NE, Suite A102-353
                            Atlanta, Georgia  30308
                            TEL (404) 432-4448
                            FAX (404) 393-8007
                            ck@kuglarlaw.com
                            *Attorneys for Plaintiffs*

9

## **LOCAL RULE 7.1D CERTIFICATION**

This is to certify that the foregoing pleading complies with the font and margin specifications set forth in Local Rule 5.1B. The font used is Times New Roman, 14 point.

                                        /s/ Craig H. Kuglar

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| JIM EVANS and DAVE FRANKLIN, | ) | |
| | ) | Civil Action File No: |
| Plaintiffs, | ) | 2:20-cv-3880-GRB-AYS |
| | ) | United State District Court |
| vs. | ) | Eastern District of New York |
| | ) | |
| NEXTECH AR SOLUTIONS CORP., | ) | This Court's Civil Action |
| | ) | File No.: |
| Defendant. | ) | |
| | ) | |

## **CERTIFICATE OF SERVICE**

I certify that I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system with notice of same being served by email and/or U.S. Mail, postage prepaid, addressed as follows:

Justin McAusland
955 Wendover Drive NE
Atlanta, Georgia  30319-1216
jmcausland@gmail.com

Peter J. Woolverton
c/o Aaron M. Kappler
Thompson, O'Brien, Kappler & Nasuti, P.C.
2 Sun Court, Suite 400
Peachtree Corners, Georgia  30092
akappler@tokn.com

Peter J. Woolverton
21 Ferry Landing Lane NW
Unit 1512
Atlanta, Georgia  30305
pjwoolverton@gmail.com

Derek E. Sims
1750 Enterprise Way
Suite 114
Marietta, Georgia  30067
Sims29@gmail.com

Michael Freyberg
Leslie C. Thorne
Haynes & Booth, LLP
30 Rockefeller Plaza, 26th Floor
New York, New York  10112
Leslie.thorne@haynesboone.com
Michael.freyberg@haynesboone.com

This 10th day of March, 2023.

                                                /s/ Craig H. Kuglar