# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| JIM EVANS and DAVE FRANKLIN, ) | |
| ) | Civil Action File No: |
| Plaintiffs, ) | 2:20-cv-3880-GRB-AYS |
| ) | United State District Court |
| vs. ) | Eastern District of New York |
| ) | |
| NEXTECH AR SOLUTIONS CORP., ) | This Court's Civil Action |
| ) | File No.: |
| Defendant. ) | |
| ) | |

**DECLARATION OF CRAIG H. KUGLAR IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL THIRD PARTY WITNESSES' APPEARANCE FOR DEPOSITIONS AND SANCTIONS**

I, Craig H. Kuglar, declare as follows:

1. I am an attorney licensed in the State of New York and admitted to practice before the Eastern District of New York. I am also licensed in the State of Georgia and admitted to practice before the District Court for the Northern District of Georgia.

2. I am a partner in the firm of the Law Office of Craig Kuglar, LLC representing Plaintiffs Jim Evans and Dave Franklin.

3. I make this declaration in support of Plaintiffs' Motion to Compel the Appearance of Third Party Witnesses' at Depositions and for Sanctions. The same

is made of my own personal knowledge, and, if called as a witness, I could and would testify as follows:

4. This case concerns the Plaintiffs who were early investors in NexTech AR Solutions Corp. ("NTAR"), a publicly traded Canadian based technology company. Their investment afforded them the contractual right to redeem 516,000 warrants at $0.50 on or before March 29, 2020. Ex. A. In February 2019, in violation of the contractual terms set forth in the subscription agreement, NTAR purported to accelerate the deadline for exercising the warrants at a time when the stock was trading below $0.50. Ex. B. On March 25, 2020, within the time period set forth in the subscription agreement, NTAR refused Plaintiffs' attempt to redeem their 516,000 warrants. Ex. C, D. The Company's refusal to permit Plaintiffs to redeem their warrants has results in significant damages to Plaintiffs.

5. I issued the initial subpoenas on May 5, 2022, which required the Third Parties to appear on May 26, 2022 at Trustpoint Court Reporting's Atlanta office for depositions and to produce documents. Ex. E. Sims was successfully served on May 11, 2022 but did not contact Plaintiffs' counsel nor did he appear on May 26, 2022 as ordered. Ex. F. Woolverton was successfully served on May 18, 2022. Ex. G. Soon after, Woolverton's counsel reached out to Plaintiffs' counsel regarding rescheduling his deposition to which Plaintiffs' counsel agreed. Ex. H.

McAusland's service was unsuccessful at that time.  Ex. I.

6. I issued the second round of subpoenas on November 22, 2022 requiring the Third Parties to appear for depositions via Zoom on December 15, 2022.  Ex. J.  As agreed, Plaintiffs' counsel sent Woolverton's counsel his subpoena.  Ex. K.  Woolverton's counsel did not respond to several attempts to contact him.  *Id*.  Woolverton's subpoena was then passed on to process servers in an attempt to serve him personally.  After many attempts, service was unsuccessful for McAusland, Sims, and Woolverton.  Ex. L.

7. Finally, I issued new subpoenas on December 26, 2022 requiring the Third Parties to appear for depositions via Zoom on January 23, 2023.  Ex. M.  Service attempts on Sims and Woolverton were again unsuccessful with Sims having apparently taken a very convenient, long-term trip out of the country.  Ex. N.  McAusland, however, was served successfully on January 18, 2023 at approximately 11:47 a.m. via Christy McAusland, his wife.  Ex. O.  Plaintiffs' counsel then followed up with further information on the scheduled deposition via a letter sent to McAusland by Federal Express overnight delivery which was delivered to him on January 20, 2023.  Ex. P.

8. At 3:00 p.m. on January 23, 2023, the noticed time and day for McAusland's deposition, McAusland did not appear.  Plaintiffs' counsel noted his

non-appearance on the record and asked the court reporter to provide him certification of same in the transcript. Ex. Q. To date, McAusland has made no attempt to contact Plaintiffs' counsel. Plaintiffs believe there is a coordinated effort by the Third Parties to evade service and avoid being deposed. There is no indication that the Third Parties will voluntarily appear for depositions, or that they will engage in a meet and confer in an effort to reschedule their depositions.

9. If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising the conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorneys' fees.

10. I have been licensed to practice law since 1999.

11. My hourly rate of $400 per hour is reasonable and consistent with other attorneys practicing similar types of law in the same geographical area.

12. I have spent 3.5 hours drafting this motion, and the supporting notice and declaration. I anticipate spending an additional three hours reviewing oppositions and drafting a reply.

13. Plaintiffs have also incurred $1,283.00 in expenses in serving subpoenas and to court reporters. Ex. R.


I declare under penalty of perjury under the laws of the United State of America that the foregoing is true and correct and that this declaration was executed on March 10, 2023.

_____
Craig H. Kuglar