

**IT IS ORDERED as set forth below:**

**Date: February 16, 2023**

_____

**Lisa Ritchey Craig**
**U.S. Bankruptcy Court Judge**

_____

## UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| **IN THE MATTER OF**: | : | **CASE NUMBERS** |
| | : | |
| CARLOS DEMETRIUS HENDRIX, | : | |
| SR. and MARIE HARVEY-HENDRIX, | : | BANKRUPTCY CASE |
| Debtors. | : | 19-63108-LRC |
| _____ | : | |
| CATHY L. SCARVER | : | |
| as Chapter 7 Trustee for the Estate of | : | ADVERSARY PROCEEDING |
| CARLOS DEMETRIUS HENDRIX, | : | |
| SR. and MARIE HARVEY-HENDRIX, | : | NO. 20-06025-LRC |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | IN PROCEEDINGS UNDER |
| CALIBER HOME LOANS, INC., | : | CHAPTER 7 OF THE |
| Defendant. | : | BANKRUPTCY CODE |
| | : | |

## <u>CORRECTED ORDER</u>

This matter comes before the Court on *Defendant's Motion for Summary Judgment*

(Doc. 8) (the "Defendant's MSJ") and Plaintiff's *Motion for Partial Summary Judgment*

(Doc. 12) (the "Plaintiff's MPSJ").[1]  Both motions seek judgment as a matter of law on Plaintiff's complaint to avoid a security interest in Debtor's real property as a preferential transfer, pursuant to 11 U.S.C. § 547 (Doc. 1) (the "Complaint").

As a threshold matter, after the Court requested further briefing, Defendant filed its Supplemental Brief along with a Motion for Leave to File a Sur-Reply (the "Motion for Leave," Doc. 34).  Plaintiff opposes the Motion for Leave (Doc. 36).  Although the Court's decision to permit the filing of a surreply is "purely discretionary," leave to file a surreply "should generally only be allowed when 'a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief.'"  *First Specialty Ins. Corp. v. 633 Partners, Ltd.*, 300 F. App'x 777, 788 (11th Cir. 2008) (quoting *Fedrick v. Mercedes-Benz USA, LLC*, 366 F.Supp.2d 1190, 1197 (N.D. Ga. 2005)).  Indeed, while no new arguments were raised, the proposed surreply (Motion for Leave at Ex. A, the "Surreply") clarifies Defendant's arguments with special focus on a recent ruling on the pointed issue.  Therefore, the Court hereby exercises its discretion in granting the Motion for Leave.

### RELEVANT FACTS

Debtors filed a voluntary petition under Chapter 13 of the Bankruptcy Code on August 20, 2019 (the "Petition Date").  On September 23, 2019, the case was converted to

---

[1] In considering the Defendant's MSJ and the Plaintiff's MPSJ, the Court also considered the following filings: Plaintiff's Brief in Support of Plaintiff's MPSJ and in Response to Defendant's MSJ (Doc. 13) (the "Plaintiff's Brief and Response"), Plaintiff's Response to Defendant's Statement of Material Facts (Doc. 14) (the "Plaintiff's Response to the DSMF"), Plaintiff's Statement of Material Facts as to Which There is No Dispute (Doc. 15) (the "PSMF"), Defendant's Reply in Support of MSJ and Response to Plaintiff's MPSJ (Doc. 18) (the "Defendant's Reply and Response"), Defendant's Response to PSMF (Doc. 19), Defendant's Supplemental Brief in Support of Its MSJ (Doc. 31) (the "Defendant's Supplemental Brief"), Plaintiff's Supplemental Brief in Support of MPSJ (Doc. 32) (the "Plaintiff's Supplemental Brief"), and Plaintiff's Response to Supplemental Brief (Doc. 33).

Chapter 7.  Plaintiff was appointed as successor to William J. Layng on April 21, 2021, and she continues to serve as Chapter 7 Trustee.  As of the Petition Date, Debtors owned real property located at 12571 Bailey Court, Hampton, Clayton County, Georgia 30228 (the "Property").  PSMF at ¶ 6; Defendant's Response to PSMF at ¶ 6.  In the schedules they filed contemporaneously with the petition, Debtors scheduled total assets worth $193,726.00 and debts of $270,420.66.  PSMF at ¶¶ 16-17; Defendant's Response to PSMF at ¶¶ 16-17.  Additionally, they valued the Property at $181,276.00 and claimed exemptions in the amount of $34,102.00.  PSMF at ¶¶ 17, 19; Defendant's Response to PSMF at ¶¶ 17, 19.

On April 21, 2017, Debtors executed a security deed in favor of Defendant (the "Senior Security Deed").  PSMF at ¶ 7; Defendant's Response to PSMF at ¶ 7.  The Senior Security Deed was recorded in the real estate records on May 1, 2017.  PSMF at ¶ 8; Defendant's Response to PSMF at ¶ 8.  Later, on or about April 18, 2019, Debtors executed another security deed, this one in favor of GHFA Affordable Housing, Inc. ("GHFA"), conveying an interest in the Property (the "Subordinate Security Deed").  PSMF at ¶ 10; Defendant's Response to PSMF at ¶ 10.  The Subordinate Security Deed, which references the Senior Security Deed, was recorded in the real estate records on May 23, 2019.  PSMF at ¶ 12; Defendant's Response to PSMF at ¶ 12.

## DISCUSSION

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding by Rule 7056 of the Federal Rules of Bankruptcy Procedure, a court will grant summary judgment only if "there is no genuine issue as to any material fact and

. . . the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c), FED. R. BANKR. P. 7056. The moving party bears the burden of establishing the right to summary judgment. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Clark v. Union Mut. Life Ins. Co.*, 692 F.2d 1370, 1372 (11th Cir. 1982). Once the moving party makes a *prima facie* showing of its right to judgment as a matter of law, the nonmoving party must go beyond the pleadings and demonstrate that a material issue of fact exists precluding summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).  Where the facts are not disputed, the Court must determine whether the moving party is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

At the summary judgment stage of a proceeding, the Court's function is not to determine the truth of the matter by weighing the evidence, but rather to determine if there is a genuine issue for trial. *Id*. When making this determination, the Court must view the evidence in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Rosen v. Biscayne Yacht & Country Club, Inc.*, 766 F.2d 482, 484 (11th Cir. 1985). "All reasonable doubts and inferences should be resolved in favor of the opponent." *Amey, Inc. v. Gulf Abstract & Title, Inc.*, 758 F.2d 1486, 1502 (11th Cir. 1985).

### *The Preference Claim*

Plaintiff seeks to avoid the Senior Security Deed as a preference.  In pertinent part, 11 U.S.C. § 547 provides that a trustee may avoid any transfer of a debtor's interest in property:

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made –

    (A) on or within 90 days before the date of the filing of the petition …

(5) that enables such creditor receive more than such creditor would receive if –

    (A) the case were a case under chapter 7 of this title;

    (B) the transfer had not been made; and

    (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547(b).

There appears to be no dispute that the transfer at issue (the "Transfer") was made to Defendant and on account of antecedent debt. As to that which it received, Defendant offers nothing to contest that the Transfer resulted in a greater return than if the Transfer had not taken place. Plaintiff notes that – in a hypothetical liquidation analysis – the Property "would be the only asset of the Case available to be liquidated to pay all creditors, and in addition to the debt owed by Debtors to [Defendant], they had another $110,796.66 in unsecured claims that would work to dilute [Defendant's] share of the proceeds from any sale of the Property." Plaintiff's Brief and Response at 46. Indeed, it appears evident from Debtors' schedules that this would be the case. The non-exempt proceeds from the sale of the Property would have been available to pay down the unsecured debt, and the Defendant would have received its *pro rata* portion in line with all other unsecured creditors but would not have been paid in full.

Thus, the only issue that remains is to determine when, for the purposes of the Plaintiff's avoidance powers, the Transfer took place. "When a transfer is 'made' depends on when it is perfected." *In re Hunt*, 306 F. App'x 455, 457 (11th Cir. 2008). Section

547(e)(1)(A) makes clear that "a transfer of real property … is perfected when a bona fide purchase of such property from the debtor against whom applicable law permits such transfer to be perfected cannot acquire an interest that is superior to the interest of the transferee." 11 U.S.C. § 547(e)(1)(A).  The Subordinate Security Deed's reference to the Senior Security Deed would have placed Plaintiff on inquiry notice of the existence and contents of the latter.  *See Commodity Credit Corp. v. Wells*, 3 S.E. 2d 642, 644 (Ga. 1939) (noting that a deed's recordation not only is constructive notice of the recorded deed but also notice of all other deeds referenced by the recorded deed).  But, as outlined below, Plaintiff – in her capacity as a bona fide purchaser – could not have been charged with inquiry notice of the Senior Security Deed until the Subordinate Security Deed was properly recorded on May 23, 2019.  Thus, for purposes of Section 547, the transfer to Defendant was made on May 23, 2019, a date within ninety days of the Petition Date. Therefore, the Court finds the Senior Security Deed is avoidable as a preference.

### *The Senior Security Deed's Recordation*

O.C.G.A. § 44-14-61 (the "Recording Statute") provides that "[i]n order to admit deeds to secure debt … to record, they shall be signed by the maker, attested by an officer as provided in Code Section 44-2-15, and attested by one other witness."  One such officer is a notary public.  *See* O.C.G.A. § 44-2-15.  Whereas "to attest a deed means to see it signed and then add one's own signature as a declaration of that fact," mere acknowledgement is "the act of a grantor in going before some competent officer and declaring the paper to be his deed."  *In re Lindstrom*, 30 F.4th 1086, 1090 (11th Cir. 2022) (internal quotation marks and citations omitted).

No party disputes that the Senior Security Deed is signed by its makers and attested by an unofficial witness. However, Plaintiff contends that the official witness – here, the notary ("Ms. Vickers") – did not properly attest it. The Court agrees. The language at issue is that of acknowledgement and not attestation. Ms. Vickers swears to the fact that Debtors "acknowledged that [they] executed the [Security Deed] for the purposes therein contained." This statement confirms Debtors signed the Senior Security Deed sometime before presenting it to Ms. Vickers, and therefore, she could not have witnessed the Debtors' execution of the instrument. In short, The Senior Security Deed is not improperly attested but instead properly acknowledged before an official officer.

Defendant contends that, even though it may not be attested by an official witness, this defect in the Senior Security Deed can be remedied by another Georgia statute. But the Eleventh Circuit Court of Appeals has made clear that in such a case as this, the deed is unsavable:

> The remedial statute only applies to deeds "neither attested by *nor acknowledged before*" and officer. *See* O.C.G.A. § 44-2-18 (emphasis added). That exclusion means that [a] compan[y's] acknowledged deed enters limbo – no longer good enough to be recorded, but too good to be saved. When the Georgia assembly cut acknowledgement from the recording statute, it failed to expand the remedial statute to cover acknowledged deeds. *See* O.C.G.A. § 44-14-61. *In re Lindstrom*, 30 F.4th at n.2.

Because its deed was acknowledged before an official officer, the Remedial Statute is unavailable to Defendant.[2] As such, the Senior Security Deed remained

---

[2] As to the holding in *Lindstrom*, Defendant argues:

> [I]f (1) [Ms. Vickers's] Affidavit here testifies to the attestation of the [Senior] Security Deed by [Ms. Vickers] and (2) [Ms. Vickers's] Affidavit is incorporated into the [Senior] Security Deed and recorded as part of a single instrument with the [Senior] Security Deed, does the [Senior]

unperfected at the time of its recordation and could not place a bona fide purchaser

on notice of Defendant's interest.

## CONCLUSION

Therefore,

IT IS ORDERED THAT the Motion for Leave is **GRANTED**.

IT IS FURTHER ORDERED THAT the Plaintiff's MPSJ is **GRANTED**.  The

Court will enter judgment in favor of Plaintiff simultaneously with the entry of this Order.

IT IS FURTHER ORDERED that the Transfer is avoided pursuant to 11 U.S.C. §

547(b).

IT IS FURTHER ORDERED THAT the Defendant's MSJ is **DENIED**.

## END OF DOCUMENT

## <u>Distribution List</u>

**J. Kelsey Grodzicki**
Winter Capriola Zenner, LLC
One Ameris Center, Suite 800
3490 Piedmont Road NE
Atlanta, GA 30305

---

Security Deed include an attestation by [Ms. Vickers]?  Logic, as well as the holdings of *In re Kim*, demand that the answer is "yes." Surreply at 2-3.

Essentially, Defendant would have the Court find proper attestation of the Security Deed by supplantation.  But in *In re Kim*, the Eleventh Circuit noted:

We are not holding that [an] attestation or [a] notary's seal on [an] [a]ffidavit *substitutes* for the necessary attestation in [a] security [d]eed.  We are holding that [the closing attorney's affidavit] meets the requirements under [the Remedial Statute] *to cure a defective attestation* and that [the closing attorney's affidavit] testifies to the execution and the attestation of the [security deed at issue]." 571 F. 3d 1342 at n. 7 (emphasis added).

Unlike the facts in *Kim*, here the deed at issue lacks a defective attestation by an official officer.  In other words, through affidavit, Ms. Vickers could not cure an attestation that does not exist.  Therefore, the Court finds Defendant's arguments in the Surreply unavailing.

**Caliber Home Loans, Inc.**
**c/o C T Corporation System**
289 S. Culver Street
Lawrenceville, GA 30046-4805

**Cathy L. Scarver**
P.O. Box 672587
Marietta, GA 30006

**Michael J. Bargar**
Rountree Leitman Klein & Geer LLC
Century Plaza I
2987 Clairmont Road, Suite 350
Atlanta, GA 30329

**William Dale Matthews**
Arnall Golden Gregory LLP
Suite 2100
171 17th Street, NW
Atlanta, GA 30363