UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 19-63108-LRC |
| | ) | |
| CARLOS DEMETRIUS HENDRIX, SR., | ) | CHAPTER 7 |
| MARIE HARVEY-HENDRIX, | ) | |
| | ) | |
| Debtors, | ) | |
| | ) | |
| | ) | |
| CATHY L. SCARVER, as Chapter 7 Trustee | ) | |
| for the Estates of Carlos Demetrius Hendrix, Sr., | ) | |
| and Marie Harvey-Hendrix, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | ADV. PRO. NO. 20-06025 |
| | ) | |
| CALIBER HOME LOANS, INC., | ) | |
| | ) | |
| Defendant. | | |

**<u>DEFENDANT CALIBER HOME LOANS, INC.'S
MOTION FOR LEAVE TO APPEAL</u>**

Defendant/Appellant Caliber Home Loans, Inc. ("Caliber"), pursuant to Rule 8004 of the Federal Rules of Bankruptcy Procedure, hereby moves for leave to appeal the United States Bankruptcy Court's Corrected Order Granting Trustee's Motion for Partial Summary Judgment and Denying Caliber's Motion for Summary Judgment [Doc. 41] (the "Order") and the related Corrected Judgment [Doc. 42]. A copies of the Order and Corrected Judgment are attached as Exhibits "A" and "B", respectively.

**I.     Preliminary Statement Regarding Appeal from Interlocutory Order and Request for Consideration of this Motion**

The Bankruptcy Court issued a Corrective Order and Corrective Judgment on February 17, 2023. The Corrective Order and Corrective Judgment do not dispose of all claims in this adversary as contemplated by Bankruptcy Rule of Civil Procedure 7054.  Appellant filed its Notice of Appeal

and Statement of Election concurrently with this Motion, and within the time provided by Rule 8002(a)(1) of the Federal Rules of Bankruptcy Procedure. The Order, however, disposed of Count I and IV of the Complaint to Avoid the Security Interest of Caliber, but not Counts II (Claim for Recovery from Caliber), III (Claim for Preservation of Avoided Initial Transfers), V (Claim for Recovery from Caliber), or VI (Claim for Preservation of Avoided Third Transfer).

Because Counts II, III, V, and VI have not been disposed of, the United States District Court likely will deem the Order to be interlocutory, and not final, requiring leave to appeal as provided under Rule 8004 of the Federal Rules of Bankruptcy Procedure.

Appellant respectfully requests that the Clerk of the Bankruptcy Court transmit this motion to the District Court, and further that the District Court consider this motion as authorized by Rule 8004(d).

## II.  Facts Necessary to Understand the Questions Presented on Appeal

On April 21, 2017, Borrowers Carlos D. Hendrix and Marie Harvey Hendrix executed the Caliber Security Deed in favor of Mortgage Electronic Registrations Systems, Inc., solely as nominee for Caliber, conveying real property at 12571 Bailey Ct, Hampton, Georgia 30228-6367 (the "Property") to secure a debt in the principal amount of $166,313.00. The execution of Caliber Security Deed was witnessed by an unofficial witness and notarized by Janet Vickers, Attorney/Notary Public for the State of Georgia.

The Caliber Security Deed, which included a Waiver of Borrowers Rights and Closing Attorney's Affidavit, were all recorded on May 1, 2017, at Pages 760-780, Book 11081, with the Clerk of Court, Clayton County, Georgia. Borrowers Carlos D. Hendrix and Marie Harvey Hendrix executed the Waiver of Borrower's Rights (the "Waiver"). The execution of the Waiver was witnessed by an unofficial witness and notarized by Janet Vickers, Notary Public for the State of

Georgia. The Waiver was attached to and incorporated by reference into the Caliber Security Deed. The Closing Attorney's Affidavit (the "Affidavit") was executed by Closing Attorney, Janet Vickers, and notarized by Jerry Barronton, Notary Public for the State of Georgia.

In the Affidavit, Janet Vickers testifies "In closing the above loan, but prior to the execution of the Deed to Secure Debt and 'Waiver of Borrower's Rights' by the Borrower(s), I reviewed with and explained to the Borrower(s) the terms and provisions of the Deed to Secure Debt . . . . After said review with and explanation to Borrower(s), Borrower(s) executed the Deed to Secure Debt and 'Wavier of Borrower's Rights.'"

Debtors filed a Voluntary Petition under Chapter 13 on August 20, 2019. Appellee, the Chapter 7 Trustee for Debtor's bankruptcy estate, filed an adversary proceeding against Appellate on February 3, 2020. Appellee's Complaint includes the following counts: Count I, "Claim to Avoid the Initial Transfers Under 11 U.S.C. § 544(a)(3)," alleges that, because the Security Deed is not attested by an official witness, it is defective and provides no notice to Appellee in his role as a hypothetical bona fide purchaser, and Appellee, therefore, is entitled to avoid the Security Deed pursuant to 11 U.S.C. § 544(a)(3); Count II, "Claim for Recovery from Caliber Under 11 U.S.C. § 550(a)," seeks to recover the Property or its value pursuant to 11 U.S.C. § 550(a); Count III, "Claim for Preservation of Avoided Initial Transfers Under 11 U.S.C. § 551," seeks to preserve the lien under the Security Deed pursuant to 11 U.S.C. § 551; Count IV, "Claim to Avoid the Third Transfer Under 11 U.S.C. § 547; Alternative Count," seeks to set aside a purported "third transfer" resulting from the recordation of the Subordinate Security Deed; Count V, "Claim for Recovery from Caliber Under 11 U.S.C. § 550(a); Alternative Count," seeks to recover the Property or its value pursuant to 11 U.S.C. § 550(a) related to the third transfer; and Count VI "Claim for

CORE/3505587.0056/180415154.1

Preservation of Avoided Third Transfer Under 11 U.S.C. § 551; Alternative Count," seeks to preserve the third transfer under the Security Deed pursuant to 11 U.S.C. § 551.

Appellee maintains that the Security Deed did not comply with Georgia's recording statute, O.C.G.A. § 44-14-33 (the "Recording Statute"), because the Security Deed was not properly attested, and therefore did not provide constructive notice of the Security Deed. Appellants maintain that the Rider, including the Affidavit executed by Janet Vickers, cure any defect in the Security Deed pursuant to Georgia's remedial statute, O.C.G.A. § 44-2-18 (the "Remedial Statute"), which provides as follows:

> If a deed is neither attested by nor acknowledged before one of the officers named in Code Section 44-2-15, it may be recorded upon the affidavit of a subscribing witness, which affidavit shall be made before any one of the officers named in Code Section 44-2-15 and shall testify to the execution of the deed and its attestation according to law. A substantial compliance with the requirements of this Code Section shall be held sufficient in the absence of all suspicion of fraud.

O.C.G.A. § 44-2-18.

The parties filed motions for summary judgment in the adversary proceeding. Following the initial briefings for said motions, on January 4, 2022 the Bankruptcy Court issued its Order Staying Adversary Proceeding pending a ruling by the United States Court of Appeals for the Eleventh Circuit in *Pingora Loan Servicing, LLC v. Scarver*, Case No. 20-13251.

The United States Court of Appeals for the Eleventh Circuit issued said ruling on April 7, 2022. The Court of Appeals considered whether a closing attorney's affidavit could cure a defective security deed lacking an attestation by an official witness. Interpreting O.C.G.A. § 44-2-18, the Court of Appeals held that "[a] person becomes a subscribing witness only when she attests a deed—when she signs her name as a witness to its execution." *In Re Lindstrom*, 30 F.4th 1086, 1094 (11th Cir. 2022). Thus, because the closing attorney who signed the security deed at issue

4

did not attest the deed, the closing attorney's affidavit could not cure the defect and the loan companies' security interest was voidable by the trustee. *Id.*

Following supplemental briefings, the Bankruptcy Court in this case issued its Corrected Order on February 17, 2023. The Bankruptcy Court found that *In re Lindstrom* is binding: "Defendant contends that, even though it may not be attested by an official witness, this defect in the Senior Security Deed can be remedied by another Georgia statute. But the Eleventh Circuit Court of Appeals has made clear that in such a case as this, the deed is unsavable[.]" [Doc. 41 at 7 (citing *In re Lindstrom* 30 F.4th 1086 (11th Cir. 2022)]. Accordingly, the Bankruptcy Court granted summary judgment in favor of Appellee and against Appellants.

Appellant does not contest the Bankruptcy Court's conclusion that it is bound by *In re Lindstrom*. However, Appellant maintains that the Court of Appeals decision in *In re Lindstrom* is a flawed interpretation of Georgia law; and that the Supreme Court of Georgia should be the ultimate expositor on this important issue of Georgia statutory interpretation.

O.C.G.A. § 15-2-9 permits questions to be certified to the Supreme Court of Georgia by any United States Circuit Courts of Appeals, United States District Court, or the United States Supreme Court. However, the statute does not permit by its terms a United States Bankruptcy Court to certify questions to the Supreme Court of Georgia. Accordingly, Appellant seeks leave to appeal the Bankruptcy Court's grant of summary judgment to Appellee so Appellant may seek to have questions certified to the Supreme Court of Georgia by the United States District Court for the Northern District of Georgia.

## III.    Questions Presented on Appeal

The questions presented on appeal are as follows:

CORE/3505587.0056/180415154.1

1.    Whether certification of question to the Supreme Court of Georgia is warranted as to the definition of "subscribing witness" within the meaning of O.C.G.A. § 44-2-18.

2.    Whether certification of question to the Supreme Court of Georgia is warranted as to the construction and application of O.C.G.A. § 44-2-18's second sentence, which provides "A substantial compliance with the requirements of this Code section shall be held sufficient in the absence of all suspicion of fraud."

3.    Whether certification of question to the Supreme Court of Georgia is warranted as to the meaning and application of O.C.G.A. § 44-2-18's first clause stating a "deed is neither attested by nor acknowledged before one of the officers named in Code Section 44-2-15."

4.    Whether the Affidavit is incorporated into and a part of the Security Deed such that it satisfies the requirement for an attestation from an official witness.

5.    Whether Georgia indexing laws, O.C.G.A. § 15-6-61, et seq. and O.C.G.A. § 44-2-14(b) require a Trustee to look at the entire recorded instrument, including both a Security Deed and its Riders.

## IV.    Relief Sought

Appellant respectfully requests that the District Court grant this motion and grant Appellant leave to appeal the Order.

## V.    Reasons Why Leave to Appeal Should be Granted

Interlocutory appeal is appropriate under the circumstances presented here. Section 158 of Title 28 of the United States Code authorizes the District Court to hear appeals from interlocutory orders of the Bankruptcy Court. 28 U.S.C. § 158(a)(3). Leave to appeal is appropriate where the Bankruptcy Court's order involves a controlling question of law as to which there is substantial ground for difference of opinion, and resolution of the issue on appeal may materially advance the

ultimate termination of the litigation. *Blue Cross & Blue Shield v. First Am. Home Health*, Civil Action No. 496-183, 1997 U.S. Dist. LEXIS 21980, at * 2 (S.D. Ga. Jan. 15, 1997); *In re Dino's*, 183 B.R. 779, 781 (S.D. Ohio 1995); *In re Eleccion*, 178 B.R. 807 (9th Cir. B.A.P. 1995); *In re Warner*, 94 Bankr. 734 (M.D. Fla. 1988).

Interlocutory appeal is appropriate in this instance. The Order raises controlling questions of law as to which there are substantial grounds for difference of opinion. Those questions of law include whether and under what circumstances the Remedial Statute is available to correct execution defects in security deeds and whether the Court of Appeals for the Eleventh Circuit's decision in *In re Lindstrom* properly comports with Georgia law. The District Court is positioned to certify questions to the Supreme Court of Georgia, and clarity on these issues will aid future parties, including trustees, debtors, creditors holding security deeds, bankruptcy judges and attorneys, by providing guidance and certainty respecting this often litigated intersection between Section 544 and Georgia's Recording Statute and Remedial Statute.

Further, resolution of the issue may materially advance the ultimate termination of Appellee's adversary proceeding, which remains pending in the Bankruptcy Court. The Order disposed of Counts I and IV, but Counts II, III, V, and VI remain. Said counts are Appellee's claims to recover the Property or its value and to preserve the lien under the Security Deed. If, following appeal and certification, the Supreme Court of Georgia were to determine that the single recorded instrument, here a Security Deed with its Riders, satisfy the requirements of the Remedial Statute, Appellee would not be entitled to any relief under Counts II, III, V, and VI and judgment would enter in favor of Appellant on all counts, ending the adversary proceeding. Absent leave to appeal, the parties will continue litigating Counts II, III, V, and VI through judgment, after which time the District Court would then hear the appeal from the final judgment on all counts. If, at that

7

time, the District Court were to certify questions to the Supreme Court of Georgia and the Supreme Court of Georgia were to upend *In re Lindstrom* and, by extension, effectively reverse the Bankruptcy Court's Order, the time and money spend litigation Counts II, III, V, and VI will have proven unnecessary.

The District Court's granting leave to appeal at this time, therefore, is in all parties' best interests.

WHEREFORE, Appellant respectfully requests:

a)  That the Clerk of the Bankruptcy Court transmit this motion to the District Court for consideration;

b)  That the District Court consider this motion and grant Appellants leave to appeal; and

c)  That the District Court grant Appellants such additional relief as is appropriate under the circumstances.

Respectfully submitted this 2nd day of March 2023.

*/s/ J. Kelsey Grodzicki*

**J. KELSEY GRODZICKI**
Georgia Bar No. 134259

*Attorneys for Caliber Home Loans, Inc.*

**WINTER CAPRIOLA ZENNER, LLC**
One Ameris Center
3490 Piedmont Road NE, Suite 800
Atlanta, Georgia 30305
(404) 844-5673 (phone)
kgrodzicki@wczlaw.com

CORE/3505587.0056/180415154.1

## <u>CERTIFICATE OF SERVICE</u>

I certify that the above was filed with the court utilizing the Court's ECF system on this

March 3, 2023, which sent notification to all registered attorneys of record.

<u>**/s/ Kelsey Grodzicki**</u>
**KELSEY GRODZICKI**
**Georgia Bar No. 134259**

# Exhibit A

**IT IS ORDERED as set forth below:**

**Date: February 16, 2023**



_____
**Lisa Ritchey Craig**
**U.S. Bankruptcy Court Judge**

_____

### UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF: | : | **CASE NUMBERS** |
| | : | |
| CARLOS DEMETRIUS HENDRIX, | : | |
| SR. and MARIE HARVEY-HENDRIX, | : | BANKRUPTCY CASE |
| Debtors. | : | 19-63108-LRC |
| _____ | : | |
| CATHY L. SCARVER | : | |
| as Chapter 7 Trustee for the Estate of | : | ADVERSARY PROCEEDING |
| CARLOS DEMETRIUS HENDRIX, | : | |
| SR. and MARIE HARVEY-HENDRIX, | : | NO. 20-06025-LRC |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | IN PROCEEDINGS UNDER |
| CALIBER HOME LOANS, INC., | : | CHAPTER 7 OF THE |
| Defendant. | : | BANKRUPTCY CODE |
| | : | |

### <u>CORRECTED ORDER</u>

This matter comes before the Court on *Defendant's Motion for Summary Judgment*

(Doc. 8) (the "Defendant's MSJ") and Plaintiff's *Motion for Partial Summary Judgment*

(Doc. 12) (the "Plaintiff's MPSJ").[1]  Both motions seek judgment as a matter of law on

Plaintiff's complaint to avoid a security interest in Debtor's real property as a preferential

transfer, pursuant to 11 U.S.C. § 547 (Doc. 1) (the "Complaint").

      As a threshold matter, after the Court requested further briefing, Defendant filed its

Supplemental Brief along with a Motion for Leave to File a Sur-Reply (the "Motion for

Leave," Doc. 34).  Plaintiff opposes the Motion for Leave (Doc. 36).  Although the Court's

decision to permit the filing of a surreply is "purely discretionary," leave to file a surreply

"should generally only be allowed when 'a valid reason for such additional briefing exists,

such as where the movant raises new arguments in its reply brief.'"  *First Specialty Ins.

Corp. v. 633 Partners, Ltd.*, 300 F. App'x 777, 788 (11th Cir. 2008) (quoting *Fedrick v.

Mercedes-Benz USA, LLC*, 366 F.Supp.2d 1190, 1197 (N.D. Ga. 2005)).  Indeed, while no

new arguments were raised, the proposed surreply (Motion for Leave at Ex. A, the

"Surreply") clarifies Defendant's arguments with special focus on a recent ruling on the

pointed issue.  Therefore, the Court hereby exercises its discretion in granting the Motion

for Leave.

## RELEVANT FACTS

      Debtors filed a voluntary petition under Chapter 13 of the Bankruptcy Code on

August 20, 2019 (the "Petition Date").  On September 23, 2019, the case was converted to

---

[1] In considering the Defendant's MSJ and the Plaintiff's MPSJ, the Court also considered the following filings: Plaintiff's Brief in Support of Plaintiff's MPSJ and in Response to Defendant's MSJ (Doc. 13) (the "Plaintiff's Brief and Response"), Plaintiff's Response to Defendant's Statement of Material Facts (Doc. 14) (the "Plaintiff's Response to the DSMF"), Plaintiff's Statement of Material Facts as to Which There is No Dispute (Doc. 15) (the "PSMF"), Defendant's Reply in Support of MSJ and Response to Plaintiff's MPSJ (Doc. 18) (the "Defendant's Reply and Response"), Defendant's Response to PSMF (Doc. 19), Defendant's Supplemental Brief in Support of Its MSJ (Doc. 31) (the "Defendant's Supplemental Brief"), Plaintiff's Supplemental Brief in Support of MPSJ (Doc. 32) (the "Plaintiff's Supplemental Brief"), and Plaintiff's Response to Supplemental Brief (Doc. 33).

Chapter 7.  Plaintiff was appointed as successor to William J. Layng on April 21, 2021, and she continues to serve as Chapter 7 Trustee.  As of the Petition Date, Debtors owned real property located at 12571 Bailey Court, Hampton, Clayton County, Georgia 30228 (the "Property").  PSMF at ¶ 6; Defendant's Response to PSMF at ¶ 6.  In the schedules they filed contemporaneously with the petition, Debtors scheduled total assets worth $193,726.00 and debts of $270,420.66.  PSMF at ¶¶ 16-17; Defendant's Response to PSMF at ¶¶ 16-17.  Additionally, they valued the Property at $181,276.00 and claimed exemptions in the amount of $34,102.00.  PSMF at ¶¶ 17, 19; Defendant's Response to PSMF at ¶¶ 17, 19.

On April 21, 2017, Debtors executed a security deed in favor of Defendant (the "Senior Security Deed").  PSMF at ¶ 7; Defendant's Response to PSMF at ¶ 7.  The Senior Security Deed was recorded in the real estate records on May 1, 2017.  PSMF at ¶ 8; Defendant's Response to PSMF at ¶ 8.  Later, on or about April 18, 2019, Debtors executed another security deed, this one in favor of GHFA Affordable Housing, Inc. ("GHFA"), conveying an interest in the Property (the "Subordinate Security Deed").  PSMF at ¶ 10; Defendant's Response to PSMF at ¶ 10.  The Subordinate Security Deed, which references the Senior Security Deed, was recorded in the real estate records on May 23, 2019.  PSMF at ¶ 12; Defendant's Response to PSMF at ¶ 12.

## DISCUSSION

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding by Rule 7056 of the Federal Rules of Bankruptcy Procedure, a court will grant summary judgment only if "there is no genuine issue as to any material fact and

. . . the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c), FED. R. BANKR. P. 7056. The moving party bears the burden of establishing the right to summary judgment. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Clark v. Union Mut. Life Ins. Co.*, 692 F.2d 1370, 1372 (11th Cir. 1982). Once the moving party makes a *prima facie* showing of its right to judgment as a matter of law, the nonmoving party must go beyond the pleadings and demonstrate that a material issue of fact exists precluding summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).  Where the facts are not disputed, the Court must determine whether the moving party is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

At the summary judgment stage of a proceeding, the Court's function is not to determine the truth of the matter by weighing the evidence, but rather to determine if there is a genuine issue for trial. *Id*. When making this determination, the Court must view the evidence in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co*., 398 U.S. 144, 157 (1970); *Rosen v. Biscayne Yacht & Country Club, Inc.*, 766 F.2d 482, 484 (11th Cir. 1985). "All reasonable doubts and inferences should be resolved in favor of the opponent." *Amey, Inc. v. Gulf Abstract & Title, Inc.*, 758 F.2d 1486, 1502 (11th Cir. 1985).

### *The Preference Claim*

Plaintiff seeks to avoid the Senior Security Deed as a preference.  In pertinent part, 11 U.S.C. § 547 provides that a trustee may avoid any transfer of a debtor's interest in property:

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer
    was made;
(3) made while the debtor was insolvent;
(4) made –
    (A) on or within 90 days before the date of the filing of the petition …
(5) that enables such creditor receive more than such creditor would receive if –
    (A) the case were a case under chapter 7 of this title;
    (B) the transfer had not been made; and
    (C) such creditor received payment of such debt to the extent provided by the
        provisions of this title.

11 U.S.C. § 547(b).

There appears to be no dispute that the transfer at issue (the "Transfer") was made
to Defendant and on account of antecedent debt. As to that which it received, Defendant
offers nothing to contest that the Transfer resulted in a greater return than if the Transfer
had not taken place. Plaintiff notes that – in a hypothetical liquidation analysis – the
Property "would be the only asset of the Case available to be liquidated to pay all creditors,
and in addition to the debt owed by Debtors to [Defendant], they had another $110,796.66
in unsecured claims that would work to dilute [Defendant's] share of the proceeds from any
sale of the Property." Plaintiff's Brief and Response at 46. Indeed, it appears evident from
Debtors' schedules that this would be the case. The non-exempt proceeds from the sale of
the Property would have been available to pay down the unsecured debt, and the Defendant
would have received its *pro rata* portion in line with all other unsecured creditors but would
not have been paid in full.

Thus, the only issue that remains is to determine when, for the purposes of the
Plaintiff's avoidance powers, the Transfer took place. "When a transfer is 'made' depends
on when it is perfected." *In re Hunt*, 306 F. App'x 455, 457 (11th Cir. 2008). Section

547(e)(1)(A) makes clear that "a transfer of real property … is perfected when a bona fide
purchase of such property from the debtor against whom applicable law permits such
transfer to be perfected cannot acquire an interest that is superior to the interest of the
transferee." 11 U.S.C. § 547(e)(1)(A). The Subordinate Security Deed's reference to the
Senior Security Deed would have placed Plaintiff on inquiry notice of the existence and
contents of the latter. *See Commodity Credit Corp. v. Wells*, 3 S.E. 2d 642, 644 (Ga. 1939)
(noting that a deed's recordation not only is constructive notice of the recorded deed but
also notice of all other deeds referenced by the recorded deed). But, as outlined below,
Plaintiff – in her capacity as a bona fide purchaser – could not have been charged with
inquiry notice of the Senior Security Deed until the Subordinate Security Deed was
properly recorded on May 23, 2019. Thus, for purposes of Section 547, the transfer to
Defendant was made on May 23, 2019, a date within ninety days of the Petition Date.
Therefore, the Court finds the Senior Security Deed is avoidable as a preference.

### *The Senior Security Deed's Recordation*

O.C.G.A. § 44-14-61 (the "Recording Statute") provides that "[i]n order to admit
deeds to secure debt … to record, they shall be signed by the maker, attested by an officer
as provided in Code Section 44-2-15, and attested by one other witness." One such officer
is a notary public. *See* O.C.G.A. § 44-2-15. Whereas "to attest a deed means to see it
signed and then add one's own signature as a declaration of that fact," mere
acknowledgement is "the act of a grantor in going before some competent officer and
declaring the paper to be his deed." *In re Lindstrom*, 30 F.4th 1086, 1090 (11th Cir. 2022)
(internal quotation marks and citations omitted).

No party disputes that the Senior Security Deed is signed by its makers and attested by an unofficial witness. However, Plaintiff contends that the official witness – here, the notary ("Ms. Vickers") – did not properly attest it. The Court agrees. The language at issue is that of acknowledgement and not attestation. Ms. Vickers swears to the fact that Debtors "acknowledged that [they] executed the [Security Deed] for the purposes therein contained." This statement confirms Debtors signed the Senior Security Deed sometime before presenting it to Ms. Vickers, and therefore, she could not have witnessed the Debtors' execution of the instrument. In short, The Senior Security Deed is not improperly attested but instead properly acknowledged before an official officer.

Defendant contends that, even though it may not be attested by an official witness, this defect in the Senior Security Deed can be remedied by another Georgia statute. But the Eleventh Circuit Court of Appeals has made clear that in such a case as this, the deed is unsavable:

> The remedial statute only applies to deeds "neither attested by *nor acknowledged before*" and officer. *See* O.C.G.A. § 44-2-18 (emphasis added). That exclusion means that [a] compan[y's] acknowledged deed enters limbo – no longer good enough to be recorded, but too good to be saved. When the Georgia assembly cut acknowledgement from the recording statute, it failed to expand the remedial statute to cover acknowledged deeds. *See* O.C.G.A. § 44-14-61. *In re Lindstrom*, 30 F.4th at n.2.

Because its deed was acknowledged before an official officer, the Remedial Statute is unavailable to Defendant.[2] As such, the Senior Security Deed remained

---

[2] As to the holding in *Lindstrom*, Defendant argues:

> [I]f (1) [Ms. Vickers's] Affidavit here testifies to the attestation of the [Senior] Security Deed by [Ms. Vickers] and (2) [Ms. Vickers's] Affidavit is incorporated into the [Senior] Security Deed and recorded as part of a single instrument with the [Senior] Security Deed, does the [Senior]

unperfected at the time of its recordation and could not place a bona fide purchaser

on notice of Defendant's interest.

## CONCLUSION

Therefore,

IT IS ORDERED THAT the Motion for Leave is **GRANTED**.

IT IS FURTHER ORDERED THAT the Plaintiff's MPSJ is **GRANTED**.  The

Court will enter judgment in favor of Plaintiff simultaneously with the entry of this Order.

IT IS FURTHER ORDERED that the Transfer is avoided pursuant to 11 U.S.C. §

547(b).

IT IS FURTHER ORDERED THAT the Defendant's MSJ is **DENIED**.

## END OF DOCUMENT

**Distribution List**

**J. Kelsey Grodzicki**
Winter Capriola Zenner, LLC
One Ameris Center, Suite 800
3490 Piedmont Road NE
Atlanta, GA 30305

---

Security Deed include an attestation by [Ms. Vickers]?  Logic, as well as the holdings of *In re Kim*, demand that the answer is "yes." Surreply at 2-3.

Essentially, Defendant would have the Court find proper attestation of the Security Deed by supplantation.  But in *In re Kim*, the Eleventh Circuit noted:

We are not holding that [an] attestation or [a] notary's seal on [an] [a]ffidavit *substitutes* for the necessary attestation in [a] security [d]eed.  We are holding that [the closing attorney's affidavit] meets the requirements under [the Remedial Statute] *to cure a defective attestation* and that [the closing attorney's affidavit] testifies to the execution and the attestation of the [security deed at issue]."  571 F. 3d 1342 at n. 7 (emphasis added).

Unlike the facts in *Kim*, here the deed at issue lacks a defective attestation by an official officer.  In other words, through affidavit, Ms. Vickers could not cure an attestation that does not exist.  Therefore, the Court finds Defendant's arguments in the Surreply unavailing.

**Caliber Home Loans, Inc.**
**c/o C T Corporation System**
289 S. Culver Street
Lawrenceville, GA 30046-4805

**Cathy L. Scarver**
P.O. Box 672587
Marietta, GA 30006

**Michael J. Bargar**
Rountree Leitman Klein & Geer LLC
Century Plaza I
2987 Clairmont Road, Suite 350
Atlanta, GA 30329

**William Dale Matthews**
Arnall Golden Gregory LLP
Suite 2100
171 17th Street, NW
Atlanta, GA 30363

# Exhibit B



**IT IS ORDERED as set forth below:**

**Date: February 16, 2023**

_____

**Lisa Ritchey Craig**
**U.S. Bankruptcy Court Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF: | : | **CASE NUMBERS** |
| | : | |
| CARLOS DEMETRIUS HENDRIX, | : | |
| SR. and MARIE HARVEY-HENDRIX, | : | BANKRUPTCY CASE |
|     Debtors. | : | 19-63108-LRC |
| _____ | : | |
| CATHY L. SCARVER | : | |
| as Chapter 7 Trustee for the Estate of | : | ADVERSARY PROCEEDING |
| CARLOS DEMETRIUS HENDRIX, | : | |
| SR. and MARIE HARVEY-HENDRIX, | : | NO. 20-06025-LRC |
|     Plaintiff, | : | |
| | : | |
|     v. | : | |
| | : | IN PROCEEDINGS UNDER |
| CALIBER HOME LOANS, INC., | : | CHAPTER 7 OF THE |
|     Defendant. | : | BANKRUPTCY CODE |
| | : | |

## CORRECTED JUDGMENT

Judgment is hereby entered for the Plaintiff against the Defendant in the above-

styled adversary proceeding in accordance with the Order of the Court entered on

1

February 16, 2023.

**END OF DOCUMENT**

**Distribution List**

**J. Kelsey Grodzicki**
Winter Capriola Zenner, LLC
One Ameris Center, Suite 800
3490 Piedmont Road NE
Atlanta, GA 30305

**Caliber Home Loans, Inc.**
**c/o C T Corporation System**
289 S. Culver Street
Lawrenceville, GA 30046-4805

**Cathy L. Scarver**
P.O. Box 672587
Marietta, GA 30006

**Michael J. Bargar**
Rountree Leitman Klein & Geer LLC
Century Plaza I
2987 Clairmont Road, Suite 350
Atlanta, GA 30329

**William Dale Matthews**
Arnall Golden Gregory LLP
Suite 2100
171 17th Street, NW
Atlanta, GA 30363