CLERK OF STATE COUR
GWINNETT COUNTY, GEORGI
**23-C-00905-S**
**2/9/2023 2:58 PI**
**TIANA P. GARNER, CLER**

## IN THE STATE COURT OF GWINNETT COUNTY

### STATE OF GEORGIA

**Olanrewaju Enilari**

CIVIL ACTION 23-C-00905-S6
NUMBER:_____

PLAINTIFF

VS.

**Arab Cartage & Express Company, Inc.**

**Arch Insurance Company, &**

**Ronnie Childers**

DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Akins Doherty, The Doherty Law Firm, 1768 Century Blvd, NE, Ste A
Atlanta, GA 30345
(404) 963-7964. akins@akinsdohertylaw.com

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This **9th** day of **February** , 20**23** .

Tiana P. Garner
**Clerk of State Court**

By _Julie A Thomas_
**Deputy Clerk**

INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

E-FILED IN OFFICE –
CLERK OF STATE COU
GWINNETT COUNTY, GEOR(
**23-C-00905-**
**2/9/2023 2:58 P**
**TIANA P. GARNER, CLE**

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

OLANREWAJU ENILARI,

                        Plaintiff,

V.                                  Jury Trial Demanded

ARAB CARTAGE & EXPRESS COMPANY,
INC., ARCH INSURANCE COMPANY, &
RONNIE CHILDERS,                            23-C-00905-S6

                        Defendants.        CV Action No.: _____

### COMPLAINT FOR DAMAGES

Comes now Plaintiff, by and through his undersigned counsel of record, and for his complaint for damages against the above Defendants, states as follows:

### JURISDICTION, VENUE, AND PARTIES

1. This Court has subject matter jurisdiction over this action pursuant to O.C.G.A. §15-7-4(a)(2).

2. This Court has personal jurisdiction over Arch Insurance Company, a foreign insurance company with its principal office address located at Harborside 3, 210 Hudson Street, Suite 300, Jersey City, NJ 07311. Service of process can be perfected by serving its registered agent, Corporation Service Company, located at 2 Sun Court, Suite 400, Peachtree Corners, GA 30092.

3. This Court has personal jurisdiction over Arab Cartage & Express Co., Inc. pursuant to O.C.G.A. §9-10-91(2) because its vehicle committed a tortious act in this State. Arab Cartage is a foreign corporation registered in the State of Alabama and its principal office address at 1101 Nathan Road, SW, Arab, AL 35016. Service of process can be perfected against it by serving its registered agent Robert L Elrod at 1101 Nathan Road SW Arab, AL 35016.

4. This Court has personal jurisdiction over Ronnie Childers because, even though he is an Alabama resident, he committed a tortious act while he was driving on Georgia roads. Service of process can be perfected against him by serving him at his address at 1124 Culliman Road, Arab, AL 35016-1860.

5. Plaintiff is a Georgia resident who was injured as a result of the negligent acts of the Defendant in this matter.

6. Venue is also proper in this court pursuant to O.C.G.A. §33-4-1(2) because Arch Insurance Company has its registered agent in Gwinnett County. Given that venue is proper against one defendant in Gwinnett County, venue is proper against all the other defendants in Gwinnett County.

## STATEMENT OF FACTS

7. The preceding paragraphs are hereby incorporated by reference as if set forth herein.

8. On February 11, 2021, Olanrewaju Enilari ("Enilari"), was driving his vehicle on Interstate 75North when the defendant vehicle followed Mr. Enilari's vehicle too closely and rear-ended him, causing Mr. Elinari's vehicle to rear-end the vehicle in front of him.

9. The Defendant vehicle was a 2020 Kenworth Truck, owned by Arab Cartage & Express Company.

10. Mr. Enilari was injured as a result of the wreck.

11. The responding police officer cited Ronnie Childers with following too closely.

## COUNT 1- NEGLIGENCE
### Against Defendant Ronnie Childers

12. The preceding paragraphs are hereby incorporated by reference as if set forth herein.

13. Defendant Ronnie Childers had a duty to use reasonable care to Plaintiff while Ronnie Childers drove his vehicle on Georgia roads.

14. Defendant Ronnie Childers breached that duty of care when he followed the Plaintiff too closely and rear-ended Plaintiff.

15. Defendant Ronnie Childers breach of a duty of care was the factual and proximate cause of the bodily injuries to the Plaintiff.

## Count 2-NEGLIGENCE PER SE
### Against Defendant Ronnie Childers

16. The preceding paragraphs are hereby incorporated by reference as if set forth herein.

17. Defendant Ronnie Childers breached a duty of care when he violated O.C.G.A.§ 40-6-49 (following too closely).

18. The Plaintiff is in a class of persons the law was designed to protect, and the injuries he suffered are the type of injuries the law was meant to prevent.

19. Defendant Ronnie Childers is negligent *per se* pursuant to Georgia law.

## COUNT 3- RESPONDEAT SUPERIOR
### Against Arab Cartage & Express Company

20. The preceding paragraphs are hereby incorporated as if set forth herein.

21. Defendant driver Ronnie Childers was driving the vehicle as an agent or employee of Arab Cartage and in furtherance of Arab Cartage's interests when the wreck occurred.

22. Accordingly, Arab Cartage is vicariously liable for the injuries sustained by the Plaintiff pursuant to the doctrine of *respondeat superior*.

## COUNT 4- DIRECT ACTION AGAINST INSURANCE COMPANY PURSUANT TO GEORGIA'S DIRECT ACTION STATUTE IN OC.G.A§ 40-2-140(d)(4)
### Against Arch Insurance Company

23. The preceding paragraphs are hereby incorporated as if set forth herein.

24. Georgia's direct action statute states that "any person having a cause of action, whether arising in tort or contract…may join in the same cause of action the motor carrier and its insurance carrier.

25. Pursuant to Georgia's direct action statute, the Plaintiff joins Arch Insurance Company in this action.

## COUNT 5-ATTORNEY'S FEES UNDER O.C.G.A. §13-6-11
### Against All Defendants

26. The preceding paragraphs are hereby incorporated by reference as if set forth herein.

27. Defendants have been stubbornly litigious and have caused the Plaintiff unnecessary trouble and expense.

28. The Defendants are responsible for the Plaintiff's attorney's fees pursuant to O.C.G.A.§ 13-6-11.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands a jury trial and the following relief:

    a)    Past medical expenses;

    b)    Future medical expenses;

c) Lost wages;

d)       Past and future pain and suffering determined by enlightened and impartial

jurors;

e)       Any relief to which the Plaintiffs may be entitled.

This 9th day of February, 2023

Respectfully submitted,

**THE DOHERTY LAW FIRM.**

*/s/ Akins Doherty*

_____

Akins Doherty
Georgia Bar No. 422058
Attorney for Plaintiffs

1768 Century Blvd, NE
Suite A
Atlanta, Georgia 30345
P: (404) 963-7964
F: (404) 609-2608
akins@akinsdohertylaw.com

E-FILED IN OFFICE - EP
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
23-C-00905-S6
2/14/2023 3:45 PM
TIANA P. GARNER, CLERK

## AFFIDAVIT OF SERVICE

| Case: | Court: | | County: | Job: |
|---|---|---|---|---|
| 23-C-00905-S6 | IN THE STATE COURT OF GWINNETT COUNTY | | GWINNETT, GA | 8367992 |
| **Plaintiff / Petitioner:** | | **Defendant / Respondent:** | | |
| OLANREWAJU ENILARI, | | ARAB CARTAGE & EXPRESS COMPANY, INC., ARCH INSURANCE COMPANY, & RONNIE CHILDERS, | | |
| **Received by:** | | **For:** | | |
| Alabama Legal & Investigative Services, Inc. | | Doherty Law Firm | | |
| **To be served upon:** | | | | |
| RONNIE CHILDERS | | | | |

I, Erron Dunn, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:**   Kevin Childers for and on behalf of Ronnie Childers, Home: 1124 Cullman Rd, Arab, AL 35016

**Manner of Service:**   Substitute Service - Abode, Feb 10, 2023, 5:14 pm CST

**Documents:**   Complaint (Received Feb 9, 2023 at 3:24pm CST), Summons (Received Feb 9, 2023 at 3:24pm CST)

**Additional Comments:**
1) Successful Attempt: Feb 10, 2023, 5:14 pm CST at Home: 1124 Cullman Rd, Arab, AL 35016 received by Kevin Childers for and on behalf of Ronnie Childers. Age: Mid - Late 30's; Ethnicity: Caucasian; Gender: Male; Weight: 250; Height: 5'8"; Hair: Black; Other: Wearing glasses.; Served defendant care of Kevin Childers an adult co-resident of suitable age and discretion at the defendant's normal place of abode.

Erron Dunn                                    02/13/2023
Erron Dunn                                    Date

Alabama Legal & Investigative Services, Inc.
P.O. Box 1485
Wetumpka, AL 36092
334-478-4147

*Subscribed and sworn to before me by the affiant who is personally known to me.*

Kristen Crowe
Notary Public
2/13/23
Date                        Commission Expires   1/27/24



E-FILED IN OFFICE - EP
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

23-C-00905-S6

2/16/2023 3:10 PM

TIANA P. GARNER, CLERK

## AFFIDAVIT OF SERVICE

| Case:<br>23-C-00905-S6 | Court:<br>IN THE STATE COURT OF GWINNETT COUNTY STATE OF GEORGIA | County: | Job:<br>8393420 |
|---|---|---|---|

| Plaintiff / Petitioner:<br>OLANREWAJU ENILARI | Defendant / Respondent:<br>ARAB CARTAGE & EXPRESS COMPANY, INC., ARCH INSURANCE COMPANY, & RONNIE CHILDERS |
|---|---|

| Received by:<br>Margaret Ruddock | For:<br>DOHERTY LAW FIRM |
|---|---|

| To be served upon:<br>Arch Insurance Company: C/o Corporation Service Company |
|---|

I, Margaret Ruddock, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

| | |
|---|---|
| Recipient Name / Address: | Arch Insurance Company: C/o Corporation Service Company, COMPANY: 2 SUN CT, PEACHTREE CORNERS, GA 30092-2841 |
| Manner of Service: | Registered Agent, Feb 15, 2023, 1:14 pm EST |
| Documents: | Summons and Complaint (Received Feb 14, 2023 at 12:00am EST) |

**Additional Comments:**
1) Successful Attempt: Feb 15, 2023, 1:14 pm EST at COMPANY: 2 SUN CT, PEACHTREE CORNERS, GA 30092-2841 received by Arch Insurance Company: C/o Corporation Service Company. Age: 30+; Ethnicity: African American; Gender: Male; Weight: 160; Height: 5'8"; Hair: Black; Other: SERVED BARRY SMITH;
Served

| Margaret Ruddock   2/15/22 | Subscribed and sworn to before me by the affiant who is personally known to me. |
|---|---|
| Margaret Ruddock            Date | Notary Public |
| | Date              Commission Expires |
| | 2/15/22      07/24/2024 |

E-FILED IN OFFICE - EP
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-00905-S6**
**2/17/2023 3:28 PM**
TIANA P. GARNER, CLERK

## AFFIDAVIT OF SERVICE

| Case: 23-C-00905-S6 | Court: IN THE STATE COURT OF GWINNETT COUNTY | County: GWINNETT, GA | Job: 8390784 |
|---|---|---|---|
| **Plaintiff / Petitioner:** OLANREWAJU ENILARI, | | **Defendant / Respondent:** ARAB CARTAGE & EXPRESS COMPANY, INC., ARCH INSURANCE COMPANY, & RONNIE CHILDERS, | |
| **Received by:** Alabama Legal & Investigative Services, Inc. | | **For:** Doherty Law Firm | |
| **To be served upon:** Arab Cartage & Express Co., Inc. c/o Registered Agent - Robert L Elrod | | | |

I, Erron Dunn, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:**   Arab Cartage & Express Co., Inc. c/o Registered Agent - Robert L Elrod, Company: 1101 Nathan Rd SW, Arab, AL 35016

**Manner of Service:**   Registered Agent, Feb 16, 2023, 3:16 pm CST

**Documents:**   Complaint (Received Feb 14, 2023 at 3:13pm CST), Summons (Received Feb 14, 2023 at 3:13pm CST)

**Additional Comments:**
1) Successful Attempt: Feb 16, 2023, 3:16 pm CST at Company: 1101 Nathan Rd SW, Arab, AL 35016 received by Arab Cartage & Express Co., Inc. c/o Registered Agent - Robert L Elrod. Age: Late 30's - Early 40's; Ethnicity: Caucasian; Gender: Male; Weight: 175; Height: 5'8"; Hair: Brown;
Served the business c/o Registered Agent - Robert L Elrod.

Erron Dunn          02/17/2023
Erron Dunn          Date

Alabama Legal & Investigative Services, Inc.
P.O. Box 1485
Wetumpka, AL 36092
334-478-4147

*Subscribed and sworn to before me by the affiant who is personally known to me.*

Miranda McIntyre
Notary Public

2/17/23          October 20, 2026
Date          Commission Expires



E-FILED IN OFFICE - EP
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-00905-S6**

**3/10/2023 2:22 PM**

**TIANA P. GARNER, CLERK**

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| OLANREWAJU ENILARI, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE |
| | ) | NO. 23-C-00905-S6 |
| v. | ) | |
| | ) | |
| ARAB CARTAGE & EXPRESS | ) | |
| COMPANY, INC.; ARCH | ) | |
| INSURANCE COMPANY; and | ) | |
| RONNIE CHILDERS, | ) | |
| | ) | |
| Defendants. | ) | |

**ANSWER AND DEFENSES OF DEFENDANTS ARAB CARTAGE &
EXPRESS COMPANY, INC. AND RONNIE CHILDERS**

COME NOW defendants Arab Cartage & Express Company, Inc. ("Arab
Cartage") and Ronnie Childers (collectively, "these defendants") and answer
plaintiff's complaint for damages as follows:

FIRST DEFENSE

Plaintiff's complaint fails to state a claim upon which relief can be granted.

SECOND DEFENSE

Responding to the specifically numbered paragraphs of plaintiff's complaint,
these defendants answer as follows:

## JURISDICTION, VENUE, AND PARTIES

### 1.

These defendants admit the allegations in this paragraph of the complaint.

### 2.

These defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

### 3.

Responding to the allegations in this paragraph of the complaint, these defendants admit Arab Cartage is an Alabama corporation, its principal office address and registered agent are as stated, and it may be served according to law. Except as expressly stated, these defendants deny the allegations in this paragraph of the complaint.

### 4.

Responding to the allegations in this paragraph of the complaint, these defendants admit Childers is an Alabama resident and may be served according to law. Except as expressly stated, these defendants deny the allegations in this paragraph of the complaint.

5.

Responding to the allegations in this paragraph of the complaint, these defendants deny they were negligent.  Except as expressly stated, these defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

6.

Responding to the allegations in this paragraph of the complaint, these defendants deny venue is proper as to them; otherwise, these defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

## **STATEMENT OF FACTS**

7.

These defendants incorporate their responses to the preceding paragraphs of the complaint as if set forth fully herein.

8.

Responding to the allegations in this paragraph of the complaint, these defendants admit an accident involving vehicles driven by plaintiff, Childers, and a third party occurred on the date in question.  Except as expressly admitted, these defendants deny the allegations in this paragraph of the complaint.

9.

Responding to the allegations in this paragraph of the complaint, these defendants admit Arab Cartage owned the subject tractor.  Except as expressly admitted, these defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

10.

These defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

11.

The allegations in this paragraph of the complaint are irrelevant, immaterial, and impertinent; therefore, they should be stricken pursuant to O.C.G.A. § 9-11-12(f).  To the extent a response is required, these defendants admit Mr. Childers was cited; otherwise, these defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

**COUNT 1 – NEGLIGENCE**
**<u>Against Defendant Ronnie Childers</u>**

12.

These defendants incorporate their responses to the preceding paragraphs of the complaint as if set forth fully herein.

-4-

13.

Responding to the allegations in this paragraph of the complaint, these defendants admit Mr. Childers was required to comply with applicable law. Except as expressly admitted, these defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

14.

These defendants deny the allegations in this paragraph of the complaint.

15.

These defendants deny the allegations in this paragraph of the complaint.

## COUNT 2 – NEGLIGENCE PER SE
## Against Defendant Ronnie Childers

16.

These defendants incorporate their responses to the preceding paragraphs of the complaint as if set forth fully herein.

17.

These defendants deny the allegations in this paragraph of the complaint.

18.

These defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

19.

These defendants deny the allegations in this paragraph of the complaint.

## COUNT 3 – RESPONDEAT SUPERIOR
### Against Arab Cartage & Express Company

20.

These defendants incorporate their responses to the preceding paragraphs of the complaint as if set forth fully herein.

21.

Responding to the allegations in this paragraph of the complaint, these defendants admit Childers was driving the subject vehicle in the course and scope of his employment with Arab Cartage at the time of the subject accident.  Except as expressly admitted, these defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

22.

Responding to the allegations in this paragraph of the complaint, these defendants admit the *respondeat superior* doctrine applies to any acts of negligence by Childers while in the course and scope of his employment with Arab Cartage. Except as expressly admitted, these defendants are without sufficient information or

knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

## COUNT 4 – DIRECT ACTION AGAINST INSURANCE COMPANY PURSUANT TO GEORGIA'S DIRECT ACTION STATUTE IN O.C.G.A. § 40-2-140(d)(4)
### Against Arch Insurance Company

23.

These defendants incorporate their responses to the preceding paragraphs of the complaint as if set forth fully herein.

24.

These defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

25.

These defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

## COUNT 5 – ATTORNEY'S FEES UNDER O.C.G.A. § 13-6-11
### Against All Defendants

26.

These defendants incorporate their responses to the preceding paragraphs of the complaint as if set forth fully herein.

27.

These defendants deny the allegations in this paragraph of the complaint.

28.

These defendants deny the allegations in this paragraph of the complaint.

29.

Responding to the allegations in the unnumbered paragraph of the complaint below the heading "PRAYER FOR RELIEF," which begins "WHEREFORE" and constitutes plaintiff's prayer for relief, including subparagraphs (a) through (e), these defendants deny plaintiff is entitled to any relief from them under any theory, at law or in equity.

30.

Except as expressly admitted or otherwise responded to, these defendants deny all allegations in the complaint.

## THIRD DEFENSE

Venue is improper as to these defendants; therefore, this Court lacks personal jurisdiction over them.

## FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the sudden emergency doctrine.

## SIXTH DEFENSE

These defendants did not breach any duty owed to plaintiff.

## SEVENTH DEFENSE

No act or omission of these defendants proximately caused or contributed to any injuries or damages allegedly incurred by plaintiff; therefore, plaintiff has no right of recovery against these defendants.

## EIGHTH DEFENSE

Any injuries or damages sustained by plaintiff were the sole, direct, and proximate result of the conduct of others, including but not limited to plaintiff, and no alleged act by these defendants caused or contributed to the incident described in the complaint.

## NINTH DEFENSE

To the extent as may be shown applicable by the evidence through discovery, these defendants assert the affirmative defenses of accord and satisfaction, arbitration and award, assumption of the risk, contributory/comparative negligence, duress, fraud, illegality, injury by fellow servant, laches, license, payment, release,

res judicata, statute of frauds, statute of limitations, failure of plaintiff to avoid consequences, failure of plaintiff to mitigate damages, discharge in bankruptcy, estoppel, last clear chance, and waiver.

TENTH DEFENSE

These defendants reserve the right to plead additional defenses as become known to them through investigation and discovery.

WHEREFORE, having fully listed their defenses and having fully answered the complaint, these defendants pray as follows:

(a)    That judgment be entered in favor of defendants and against plaintiff on the complaint;

(b)    That the costs of this action, including attorney's fees be cast against plaintiff; and

(c)    That the Court grant such other and further relief as it may deem just and proper.

STONE KALFUS LLP

*/s/ Dustin S. Sharpes*
Matthew P. Stone
Georgia Bar No. 684513
Shawn N. Kalfus
Georgia Bar No. 406227
Dustin S. Sharpes
Georgia Bar No. 522995
Attorneys for Defendants

-10-

One Midtown Plaza
1360 Peachtree Street NE
Suite 1250
Atlanta, GA 30309
(404) 736-2600 (telephone)
(877) 736-2601 (facsimile)
matt.stone@stonekalfus.com
shawn.kalfus@stonekalfus.com
dustin.sharpes@stonekalfus.com

**THESE DEFENDANTS DEMAND A TRIAL BY JURY OF TWELVE**

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this date served the foregoing *Defendants Arab Cartage & Express Company, Inc. and Ronnie Childers's Answer and Defenses* upon all judges, clerks, and opposing counsel to the Clerk of Court electronically using the Odyssey eFileGA filing system, which will automatically send e-mail notification of such filing to counsel of record and others who are Odyssey eFileGA eFile participants.  Counsel of record is as follows:

> Akins Doherty, Esq.
> The Doherty Law Firm
> 1768 Century Boulevard, NE
> Suite A
> Atlanta, Ga 30345
> akins@akinsdohertylaw.com

This 10th day of March, 2023.

> */s/ Dustin S. Sharpes*
> Dustin S. Sharpes
> Georgia Bar No. 522995

One Midtown Plaza
1360 Peachtree Street NE
Suite 1250
Atlanta, GA 30309
(404) 736-2600 (telephone)
(877) 736-2601 (facsimile)

E-FILED IN OFFICE - EP
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-00905-S6**

**3/10/2023 2:22 PM**

**TIANA P. GARNER, CLERK**

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| OLANREWAJU ENILARI, | **)** | |
| | **)** | |
| Plaintiff, | **)** | CIVIL ACTION FILE |
| | **)** | NO. 23-C-00905-S6 |
| v. | **)** | |
| | **)** | |
| ARAB CARTAGE & EXPRESS | **)** | |
| COMPANY, INC.; ARCH | **)** | |
| INSURANCE COMPANY; and | **)** | |
| RONNIE CHILDERS, | **)** | |
| | **)** | |
| Defendants. | **)** | |

## DEFENDANT ARCH INSURANCE COMPANY'S
## ANSWER AND DEFENSES

COMES NOW defendant Arch Insurance Company ("Arch") and answers plaintiff's complaint for damages as follows:

### FIRST DEFENSE

Plaintiff's complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Responding to the specifically numbered paragraphs of plaintiff's complaint, Arch answers as follows:

## JURISDICTION, VENUE, AND PARTIES

1.

The allegations in this paragraph of the complaint consist of legal conclusions to which no response is required.  To the extent a response is required, Arch denies same.

2.

Responding to the allegations in this paragraph of the complaint, Arch admits it is incorporated under the laws of the State of Missouri with a principal place of business at 210 Hudson Street, Suite 300, Jersey City, New Jersey.  Except as expressly admitted, Arch denies the allegations in this paragraph of the complaint.

3.

The allegations in this paragraph of the complaint consist of legal conclusions to which no response is required.  To the extent a response is required, Arch is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint and therefore denies same.

4.

The allegations in this paragraph of the complaint consist of legal conclusions to which no response is required.  To the extent a response is required, Arch is

without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint and therefore denies same.

5.

Responding to the allegations in this paragraph of the complaint, Arch denies defendants were negligent.  Except as expressly stated, Arch is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

6.

The allegations in this paragraph of the complaint consist of legal conclusions to which no response is required.  To the extent a response is required, Arch denies same.

## STATEMENT OF FACTS

7.

Arch incorporates its responses to the preceding paragraphs of the complaint as if set forth fully herein.

8.

Responding to the allegations in this paragraph of the complaint, Arch admits an accident involving vehicles driven by Plaintiff, Defendant Childers, and a third

party occurred on the date in question.  Except as expressly admitted, Arch denies the allegations in this paragraph of the complaint.

9.

Arch is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint and therefore denies same.

10.

Arch is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint and therefore denies same.

11.

The allegations in this paragraph of the complaint are irrelevant, immaterial, and impertinent; therefore, they should be stricken pursuant to O.C.G.A. § 9-11-12(f).  To the extent a response is required, Arch is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint and therefore denies same.

## COUNT 1 – NEGLIGENCE
### Against Defendant Ronnie Childers

12.

Arch incorporates its responses to the preceding paragraphs of the complaint as if set forth fully herein.

13.

Arch is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint and therefore denies same.

14.

Arch denies the allegations in this paragraph of the complaint.

15.

Arch denies the allegations in this paragraph of the complaint.

## COUNT 2 – NEGLIGENCE PER SE
## Against Defendant Ronnie Childers

16.

Arch incorporates its responses to the preceding paragraphs of the complaint as if set forth fully herein.

17.

Arch denies the allegations in this paragraph of the complaint.

18.

Arch is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint and therefore denies same.

19.

Arch denies the allegations in this paragraph of the complaint.

## COUNT 3 – RESPONDEAT SUPERIOR
## <u>Against Arab Cartage & Express Company</u>

### 20.

Arch incorporates its responses to the preceding paragraphs of the complaint as if set forth fully herein.

### 21.

Arch is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint and therefore denies same.

### 22.

Arch is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint and therefore denies same.

## COUNT 4 – DIRECT ACTION AGAINST INSURANCE COMPANY PURSUANT TO GEORGIA'S DIRECT ACTION STATUTE IN O.C.G.A. § 40-2-140(d)(4)
## <u>Against Arch Insurance Company</u>

### 23.

Arch incorporates its responses to the preceding paragraphs of the complaint as if set forth fully herein.

### 24.

The allegations in this paragraph of the complaint consist of legal conclusions to which no response is required.  To the extent a response is required, Arch admits

that Plaintiff purports to recite certain portions of O.C.G.A. § 40-2-140(d) but denies that Plaintiff is entitled to relief thereunder against Arch.  Except as expressly admitted or denied, Arch is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

25.

The allegations in this paragraph of the complaint consist of legal conclusions to which no response is required.  To the extent a response is required, Arch admits that Plaintiff purports to join Arch as a defendant in this matter pursuant to Georgia law, but denies that Plaintiff is entitled to relief against Arch. Except as expressly admitted or denied, Arch is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

## COUNT 5 – ATTORNEY'S FEES UNDER O.C.G.A. § 13-6-11
### Against All Defendants

26.

Arch incorporates its responses to the preceding paragraphs of the complaint as if set forth fully herein.

27.

Arch denies the allegations in this paragraph of the complaint.

28.

Arch denies the allegations in this paragraph of the complaint.

29.

Responding to the allegations in the unnumbered paragraph of the complaint below the heading "PRAYER FOR RELIEF," which begins "WHEREFORE" and constitutes plaintiff's prayer for relief, including subparagraphs (a) through (e), Arch denies plaintiff is entitled to any relief from defendants under any theory, at law or in equity.

30.

Except as expressly admitted or otherwise responded to, Arch denies all allegations in the complaint.

## THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the sudden emergency doctrine.

## FIFTH DEFENSE

Defendants did not breach any duty owed to plaintiff.

## SIXTH DEFENSE

No act or omission of defendants proximately caused or contributed to any injuries or damages allegedly incurred by plaintiff; therefore, plaintiff has no right of recovery against defendants.

## SEVENTH DEFENSE

Any injuries or damages sustained by plaintiff were the sole, direct, and proximate result of the conduct of others, including but not limited to plaintiff, and no alleged act by defendants caused or contributed to the incident described in the complaint.

## EIGHTH DEFENSE

To the extent as may be shown applicable by the evidence through discovery, Arch asserts the affirmative defenses of accord and satisfaction, arbitration and award, assumption of the risk, contributory/comparative negligence, duress, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, failure of plaintiff to avoid consequences, failure of plaintiff to mitigate damages, discharge in bankruptcy, estoppel, last clear chance, and waiver.

## NINTH DEFENSE

Arch reserves the right to plead additional defenses as become known to it through investigation and discovery.

WHEREFORE, having fully listed its defenses and having fully answered the complaint, Arch prays as follows:

(a)     That judgment be entered in favor of defendants and against plaintiff on the complaint;

(b)     That the costs of this action, including attorney's fees be cast against plaintiff; and

(c)     That the Court grant such other and further relief as it may deem just and proper.

STONE KALFUS LLP

*/s/ Dustin S. Sharpes*
Matthew P. Stone
Georgia Bar No. 684513
Shawn N. Kalfus
Georgia Bar No. 406227
Dustin S. Sharpes
Georgia Bar No. 522995
Attorneys for Defendants

One Midtown Plaza
1360 Peachtree Street NE
Suite 1250
Atlanta, GA 30309
(404) 736-2600 (telephone)

-10-

(877) 736-2601 (facsimile)
matt.stone@stonekalfus.com
shawn.kalfus@stonekalfus.com
dustin.sharpes@stonekalfus.com

**ARCH DEMANDS A TRIAL BY JURY OF TWELVE**

## **CERTIFICATE OF SERVICE**

This is to certify that I have this date served the foregoing *Defendant Arch Insurance Company's Answer and Defenses* upon all judges, clerks, and opposing counsel to the Clerk of Court electronically using the Odyssey eFileGA filing system, which will automatically send e-mail notification of such filing to counsel of record and others who are Odyssey eFileGA eFile participants.  Counsel of record is as follows:

> Akins Doherty, Esq.
> The Doherty Law Firm
> 1768 Century Boulevard, NE
> Suite A
> Atlanta, Ga 30345
> akins@akinsdohertylaw.com

This 10th day of March, 2023.

> */s/ Dustin S. Sharpes*
> Dustin S. Sharpes
> Georgia Bar No. 522995

One Midtown Plaza
1360 Peachtree Street NE
Suite 1250
Atlanta, GA 30309
(404) 736-2600 (telephone)
(877) 736-2601 (facsimile)

E-FILED IN OFFICE - EP
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-00905-S6**

**3/10/2023 2:22 PM**

**TIANA P. GARNER, CLERK**

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

OLANREWAJU ENILARI,                    )
                                                            )
        Plaintiff,                                     )        CIVIL ACTION FILE
                                                            )        NO. 23-C-00905-S6
v.                                                         )
                                                            )
ARAB CARTAGE & EXPRESS           )
COMPANY, INC.; ARCH                    )
INSURANCE COMPANY; and            )
RONNIE CHILDERS,                         )
                                                            )
        Defendants.                                 )

## DEMAND FOR TRIAL BY JURY OF TWELVE

COME NOW defendants and, pursuant to O.C.G.A. §§ 15-12-122 and 15-12-123, demand this action be tried by a jury of twelve.  Defendants further show this demand is made before the commencement of the trial term in which this case is to be tried.

STONE KALFUS LLP

*/s/ Dustin S. Sharpes*
Matthew P. Stone
Georgia Bar No. 684513
Shawn N. Kalfus
Georgia Bar No. 406227
Dustin S. Sharpes
Georgia Bar No. 522995
Attorneys for Defendants

One Midtown Plaza
1360 Peachtree Street NE
Suite 1250
Atlanta, GA 30309
(404) 736-2600 (telephone)
(877) 736-2601 (facsimile)

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this date served the foregoing *Demand for Trial by Jury of Twelve* upon all judges, clerks, and opposing counsel to the Clerk of Court electronically using the Odyssey eFileGA filing system, which will automatically send e-mail notification of such filing to counsel of record and others who are Odyssey eFileGA eFile participants.  Counsel of record is as follows:

>Akins Doherty, Esq.
>The Doherty Law Firm
>1768 Century Boulevard, NE
>Suite A
>Atlanta, Ga 30345
>akins@akinsdohertylaw.com

This 10th day of March, 2023.

>*/s/ Dustin S. Sharpes*
>Dustin S. Sharpes
>Georgia Bar No. 522995

One Midtown Plaza
1360 Peachtree Street NE
Suite 1250
Atlanta, GA 30309
(404) 736-2600 (telephone)
(877) 736-2601 (facsimile)