# EXHIBIT A

# ALL SUPERIOR COURT PROCESSES, PLEADINGS AND ORDERS

# SUPERIOR COURT OF HENRY COUNTY
# STATE OF GEORGIA

⚖ **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
HENRY COUNTY, GEORGIA

**SUCV2022002781**
DR
OCT 27, 2022 03:50 PM

Sabriya Hill, Clerk
Henry County, Georgia

CIVIL ACTION NUMBER  SUCV2022002781

Powell, Alfreda

_____

**PLAINTIFF**                    **VS.**

Fleuridor, Xavier S.
Ligit Transit, Inc.
Huncho Xay, LLC
John Does
Richard Roe Corporations

_____

**DEFENDANTS**

### SUMMONS

TO: FLEURIDOR, XAVIER S.

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Victor Hawk**
> **Hawk Law Group**
> **338 Telfair Sreet**
> **Augusta, Georgia 30901**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 27th day of October, 2022.**

Clerk of Superior Court


Sabriya Hill, Clerk
Henry County, Georgia

# SUPERIOR COURT OF HENRY COUNTY
## STATE OF GEORGIA

📇 **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
HENRY COUNTY, GEORGIA

**SUCV2022002781**
DR
NOV 07, 2022 04:12 PM

Sabriya Hill, Clerk
Henry County, Georgia

CIVIL ACTION NUMBER   <u>SUCV2022002781</u>

POWELL, ALFREDA

_____

**PLAINTIFF**                               **VS.**

FLEURIDOR, XAVIER S.
LIGIT TRANSIT, INC.
HUNCHO XAY, LLC
JOHN DOES
RICHARD ROE CORPORATIONS
Love Transit, Inc.
Prime Insurance Company

_____

**DEFENDANTS**

### SUMMONS

TO: LOVE TRANSIT, INC.

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**Victor Hawk**
**Hawk Law Group**
**338 Telfair Sreet**
**Augusta, Georgia 30901**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 7th day of November, 2022.**

Clerk of Superior Court

Sabriya Hill, Clerk
Henry County, Georgia

≋ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
HENRY COUNTY, GEORGIA

**SUCV2022002781**
DR
NOV 07, 2022 04:12 PM

Sabriya Hill, Clerk
Henry County, Georgia

IN THE SUPERIOR COURT FOR THE
COUNTY OF HENRY, STATE OF GEORGIA
Civil Action File No. SUCV2022002781

| | |
|---|---|
| **ALFREDA POWELL,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **AMENDED COMPLAINT** |
| ) | |
| **XAVIER S. FLEURIDOR; LOVE TRANSIT, LLC;** ) | |
| **PRIME INSURANCE COMPANY; JOHN DOES** ) | |
| **1-5; and RICHARD ROE CORPORATIONS 1-5,** ) | |
| ) | |
| Defendants. ) | |

**COMES NOW**, the Plaintiff, Alfreda Powell, in the above-styled case and states her

complaint against the Defendants as follows:

## PARTIES, JURISDICTION AND VENUE

1

Upon information and belief, Defendant Xavier S. Fleuridor is a citizen and resident of

Clay County, Florida and may be served with process at 1951 Tomahawk Drive, Middleburg, Clay

County, Florida 32068. Defendant Xavier S. Fleuridor was driving a 2013 Freightliner truck,

which was owned, operated, managed, maintained, and/or controlled by Defendant Love Transit,

LLC on March 13, 2021.

2

Upon information and belief, at all material times, Defendant Love Transit, LLC and

Xavier S. Fleuridor, individually and collectively, and by virtue of their own independent actions

and while acting as *alter egos* and agents of one another, and while acting as joint venturers in the

establishment, ownership, operation, management, maintenance, and/or control of their

commercial trucking operation, and while acting through the employees, agents, and/or servants employed or utilized by them to conduct their commercial trucking operation, were conducting business and transporting commercial goods and/or products on the roads and highways in the State of Georgia, including Henry County on March 13, 2021.

3

Upon information and belief, Defendant Love Transit, LLC is a limited liability company and/or sole proprietorship operating throughout the United States to include the State of Georgia and may be served with process upon its Registered Agent, Tejinder S. Rai, 1587 Rich Drive, Yuba City, Sutter County, California 95993.

4

Upon information and belief, Defendant Prime Insurance Company is a foreign insurance company and may be served with process upon its Registered Agent, Steven Ogella, 8722 S. Harrison Street, Sandy, Salt Lake County, Utah 84070.

5

The Plaintiff is a third-party beneficiary of the insurance contract between the Defendants, which insured a 2013 Freightliner commercial motor vehicle involved in a wreck with the Plaintiff on March 13, 2021.

6

Plaintiff intends to name as defendants any other person or entity that, either directly or by joining or in concert with others were negligent and breached their duty of care in the operation of the Defendants and were responsible for the actions or inactions that caused Plaintiff's injuries. Defendant John Does 1-5 are unknown or unidentified persons or entities within the network of individuals and businesses which participated in these acts and

omissions. Plaintiff intends to name the insurance carriers insuring the Defendants as they are identified through discovery.

7

Plaintiff also intends to name as defendants any other entity who are, or were, an *alter ego* of the defendants named in this action, or who were agents of or joint venturers with the named defendants. Defendant Richard Roe Corporations 1-5 are unknown or unidentified entities that are, or were, *alter egos* of defendants or agents of or joint venturers with the named defendants in the establishment, ownership, operation, management, or control of the defendants. Plaintiff cannot determine the exact number or identities of such individuals or entities at this time.

8

Whenever the term "Defendants" is utilized within this Complaint, such term collectively refers to and includes all named Defendants in this lawsuit unless specifically restricted within a cause of action or as further defined below.

9

At all material times, Defendant Love Transit, LLC was responsible for ensuring that the operations of its business, including its fleet of commercial motor vehicles and drivers complied with all applicable federal, state, and local statutes, laws, regulations, codes, standards, and ordinances.

10

Whenever in this Complaint it is alleged that Defendant Love Transit, LLC did any act or failed to do any act, it is meant that the owners, officers, directors, managers, agents, employees, and/or servants of the designated Defendant respectively performed, participated in, or failed to perform such acts while in the course and scope of their employment or agency relationship with

the Defendant Xavier S. Fleuridor.

11

While engaged in the conduct alleged herein, Defendants each acted with the express or implied knowledge, consent, authorization, approval, and/or ratification of the other Defendants.

12

Defendant Love Transit, LLC had the right and/or power to direct and control their employees and/or agents in their transport, handling, and/or transfer of commodities, and they are personally, jointly, and severally liable for the acts and omissions committed.

13

Defendants are directly liable by virtue of their own conduct for the wrongful acts detailed herein. Defendants are also vicariously or indirectly liable for the wrongful conduct detailed herein under one or more of the following alternative legal theories: *alter ego*; agency; joint venture/enterprise; and amalgamation of interest.

14

Defendants are subject to the jurisdiction of this Honorable Court. The acts and omissions forming the basis of this Complaint arose in Henry County, Georgia. Defendants may be served with process through Georgia's Secretary of State. Ga. Const. 1983, Art. VI, Sec. IV, ¶1; O.C.G.A. § 15-6-8; O.C.G.A. § 40-12-2.

15

Venue is also proper in Henry County, Georgia. Ga. Const. 1983, Art. VI, Sec. II, ¶ 6; O.C.G.A. §§ 14-2-510, 14-3-510.

## FACTUAL BACKGROUND

### 16

On March 13, 2021, the Plaintiff was in an Uber vehicle on Highway 285, McDonough, Georgia in Henry County, Georgia traveling southbound.  Defendant Love Transit, LLC agent, Xavier S. Fleuridor, was also traveling southbound behind the Uber vehicle in which the Plaintiff was a passenger when he failed to see that the traffic in front of him had suddenly stopped thereby rear ending the vehicle in which the Plaintiff was a passenger.  The Plaintiff sustained injuries as a result.

### 17

The vehicle driven the Defendant Xavier S. Fleuriodor was a 2013 Freightliner commercial motor vehicle owned by Defendant Love Transit, LLC.

### 18

When the Defendants' agent caused the collision with the Plaintiff's vehicle, said Defendants violated O.C.G.A. § 40-6-123, which was enacted for the safety and protection of individuals and drivers properly operating motor vehicles on the roads of the State of Georgia.

### 19

The Defendants' agent was negligent, grossly negligent, reckless, willful, and wanton in his conduct which caused a collision with the vehicle in which Plaintiff was a passenger.

### COUNT I
### NEGLIGENCE/GROSS NEGLIGENCE/RECKLESS
### CONDUCT

### 20

Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 19 as if fully set forth *verbatim*.

21

Defendants owed the Plaintiff and other members of the public a legal duty to operate their commercial motor vehicle with ordinary and reasonable care, to act as a reasonable and prudent driver, and to obey all Federal, State, and local laws, statutes, regulations, ordinances, and standards related to the operation of the commercial motor vehicle.

22

Defendants breached their duties owed to Plaintiff and failed to exercise ordinary and reasonable care in the operation of the commercial motor vehicle. Defendants' ordinary negligence, carelessness, gross negligence, and recklessness included, but was not limited to:

   a. Failure to safely operate the commercial motor vehicle to avoid
      and prevent a dangerous collision, including serious injury to
      the Plaintiff;

   b. Failure to maintain proper control over the commercial motor vehicle;

   c. In operating the commercial motor vehicle in a distracted manner;

   d. Failure to obey statutory and common laws of the State of Georgia;

   e. Failure to establish or abide by, implement, and/or enforce appropriate
      safety, training, and fundamental policies and procedures to prevent harm
      to the Plaintiff and avoid the known consequences of unsafe operation of
      the commercial motor vehicle; and

   f. In violating Federal and State laws applicable to commercial motor
      vehicles, including but not limited to regulations promulgated by the
      Federal Motor Carrier Safety Administration and standards set forth by the
      Georgia Department of Driver Services.

23

As a result of the negligence, gross negligence, negligence *per se,* carelessness, and recklessness of Defendants, the Defendants proximately caused injuries and damages to the Plaintiff.

## COUNT II
## IMPUTED LIABILITY

### 24

Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 23 as if fully set forth *verbatim*.

### 25

At the time of the subject collision, Defendant Xavier S. Fleuridor was under dispatch for Defendant Love Transit, LLC.

### 26

At the time of the subject collision, Defendant Xavier S. Fleuridor was operating his commercial motor vehicle on behalf of Defendants.

### 27

Upon information and belief, Defendant Love Transit, LLC is an interstate motor carrier, and pursuant to Federal and State laws, is responsible for the actions of Defendant Xavier S. Fleuridor regarding the collision described in this Complaint under the doctrine of lease liability, agency (actual or apparent), or other theories of liability identified herein.

## COUNT III
## NEGLIGENT HIRING, TRAINING & SUPERVISION

### 28

Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 27 as if fully set forth *verbatim*.

### 29

Defendant Love Transit, LLC had a duty to exercise reasonable care in the hiring,

training, and supervision of Defendant Xavier S. Fleuridor.

30

Defendant Love Transit, LLC was negligent, careless, grossly negligent, reckless, and wanton in the following particulars:

a. In hiring Defendant Xavier S. Fleuridor and entrusting him to drive the commercial motor vehicle;

b. In failing to properly train Defendant Xavier S. Fleuridor;

c. In failing to properly supervise Defendant Xavier S. Fleuridor;

d. In failing to have in place policies and procedures to properly, hire, train, retain, supervise and/or monitor its drivers, including Defendant Xavier S. Fleuridor or if such procedures were in place, in failing to enforce them;

e. In failing to have in place adequate policies and procedures to mandate compliance by its drivers, including Defendant Xavier S. Fleuridor, with statutes, laws, and regulations regarding the operation of motor vehicles, or if such policies and procedures were in place, in failing to enforce them;

f. In failing to have in place an adequate safety program for the safety and protection of the motoring public, including the Plaintiff, or if such program was in place, in failing to implement it; and

g. In generally failing to use the degree of care and caution that a reasonably prudent entity would have used under the same or similar circumstances.

31

As a result of the negligence, gross negligence, negligence *per se,* carelessness, and recklessness of Defendants proximately caused injuries and damages to the Plaintiff.

**COUNT IV**
**DAMAGES**

32

Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 31 as if set forth fully herein *verbatim.*

33

As a proximate result of the Defendants' and/or agents' negligence, the Plaintiff was caused to suffer the following:

a.    Medical expenses in the amount of $23,112.20 as set out as follows:

| | |
|---|---|
| Georgia Injury Center | $10,570.00 |
| Piedmont Henry Hospital | $12,542.20 |
| Total Medical: | $23,112.20 |

34

As a further direct and proximate result of Defendants' negligent and wrongful actions, Plaintiff has suffered, and will continue to suffer, general damages, as identified above, including physical and mental pain and suffering, emotional distress, mental anguish, stress, anxiety, limitations of mobility, disability, discomfort, inconvenience, alterations of lifestyle, loss of enjoyment of life, loss of quality of life, loss of income and earning potential, and other economic and non-economic damages.

35

Defendants are liable for said damages.

## COUNT V
## PUNITIVE DAMAGES

### 36

Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 35 as if fully set forth *verbatim*.

### 37

The acts and omissions of the Defendants demonstrate recklessness, willful and wanton misconduct, and/or a conscious indifference and disregard for the safety, health, and welfare of the Plaintiff.

### 38

Defendants knew or should have known that said conduct was substantially certain to result in injury, damage, or other harm to the Plaintiff. Notwithstanding notice of Plaintiff's reasonable likelihood of harm, Defendants failed to act to prevent such harm, including severe injuries and damages.

### 39

Defendants are liable for punitive damages to Plaintiff, and punitive damages should be awarded against Defendants to deter them from repeated misconduct.

**WHEREFORE,** the Plaintiff prays that she be awarded the following:

a) That a process be issued and copy of this Summons and Complaint be served upon Defendants as provided by law;

b) That Plaintiff recovers fair and reasonable special damages in the amount of $23,112.20 for medical expenses;

c) That Plaintiff recovers compensatory damages, including future medical expenses, for all claims and counts alleged herein as shown by the evidence at the trial of this case;

d) That Plaintiff recovers for past and future physical and mental pain and suffering

and other general damages in an amount to be determined by the enlightened conscience of a jury;

e) That Plaintiff recovers punitive damages in an amount to be determined by the enlightened conscience of a jury;

f) That Plaintiff recovers the costs of this action;

g) That Plaintiff be granted a jury to try this case; and

h) That Plaintiff recovers such other and further relief as is just and proper.

PLAINTIFF FURTHER DEMANDS A JURY TRIAL.

Dated this 7th day of November 2022.

/s/ Victor Hawk
VICTOR HAWK
Georgia Bar No. 338650


/s/ Marion Chace Hawk
MARION CHACE HAWK
Georgia Bar No. 440388


*Attorneys for Plaintiff*

HAWK LAW GROUP
338 Telfair Street
Augusta, GA 30901
(706) 722-3500
vhawk@hawklawgroup.com
chawk@hawklawgroup.com

⊯ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
HENRY COUNTY, GEORGIA

**SUCV2022002781**
DR
NOV 23, 2022 10:14 AM

Sabrina Hill, Clerk
Henry County, Georgia

IN THE SUPERIOR COURT OF HENRY COUNTY
STATE OF GEORGIA

| | |
|---|---|
| Alfreda Powell, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| XAVIER S. FLEURIDOR; LIGIT TRANSIT, | ) |
| INC.; | ) |
| HUNCHO XAY, LLC; JOHN DOES 1-5; and | ) |
| RICHARD ROE CORPORATIONS 1-5,, | ) |
| | ) |
| Defendants. | ) |

CIVIL ACTION
FILE NO. SUCV2022002781

## ANSWER AND CROSS-CLAIM OF
## STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

COMES NOW State Farm Mutual Automobile Insurance Company, upon which a copy of the Plaintiff's Complaint has been served, purportedly pursuant to O.C.G.A. § 33-7-11, and, without submitting to the jurisdiction of the Court and without waiving any of its rights, but expressly reserving such rights, files this Answer and Cross-Claim and shows the Court the following:

### FIRST DEFENSE

State Farm Mutual Automobile Insurance Company has been served with a copy of the Complaint in this case, apparently upon the theory that Xavier S. Fleuridor, was either an uninsured motorists or an underinsured motorists at the time of the collision in question. State Farm Mutual Automobile Insurance Company shows that it is without knowledge or information sufficient to form a belief as to whether Xavier S. Fleuridor was an uninsured motorist or an underinsured motorist under the purview of the Georgia statute referred to above. Accordingly, State Farm Mutual Automobile Insurance Company can neither admit nor deny whether Xavier S. Fleuridor was uninsured, or underinsured, at the time of the incident in

- 1 -

question.

SECOND DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

THIRD DEFENSE

State Farm Mutual Automobile Insurance Company is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs one (1) through thirty-eight (38) of the Plaintiff's Complaint, and, accordingly, said paragraphs are deemed denied.

FOURTH DEFENSE

State Farm Mutual Automobile Insurance Company asserts all affirmative defenses and other defenses that could be asserted by the Defendant pursuant to O.C.G.A. § 9-11-8(c) and O.C.G.A. § 9-11-12.

FIFTH DEFENSE

The failure to specifically state items of special damages sought in this action bars their recovery in this action under O.C.G.A. § 9-11-9(g).

CROSS-CLAIM

In the event that  Xavier S. Fleurido is an uninsured motorists or an underinsured motorists as contemplated by Georgia law, and in the event that judgment is entered against Prime Insurance Company, Xavier S. Fleuridor, Ligit Transit Inc, and/or Richard Roe Corporations 1-5 and State Farm Mutual Automobile Insurance Company is therefore called upon to pay sums of money to the Plaintiff pursuant to the uninsured motorist coverage, then State Farm Mutual Automobile Insurance Company, on behalf of the Plaintiff, shall demand judgment against said Defendants for such sums of money that it is required to pay pursuant to the laws of the State of Georgia.

WHEREFORE, State Farm Mutual Automobile Insurance Company demands judgment in its favor with costs against the appropriate parties.  In the event that State Farm Mutual Automobile Insurance Company has to pay sums of money to the Plaintiff by virtue of the fact that Xavier S. Fleuridor is deemed to be an uninsured motorists or an underinsured motorists as contemplated by the laws of the State of Georgia, then State Farm Mutual Automobile Insurance Company, on behalf of the Plaintiff, shall demand judgment against said Defendants on its cross-claim for all such sums which State Farm Mutual Automobile Insurance Company may be required to pay to the Plaintiff.

This 23rd day of November, 2022.

Respectfully submitted,

Lynn Leonard & Associates

_____

Nicholas J. Roger
Georgia Bar Number: 398432
Attorney for State Farm Mutual
Automobile Insurance Company

2400 Century Parkway
Suite 200
Atlanta, GA 30345
(404) 728-5400

EMPLOYEES OF THE LAW DEPARTMENT
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served all counsel to this action with a copy of the foregoing Answer and Cross-Claim of State Farm Mutual Automobile Insurance Company in the above-styled case by electronically filing and emailing through Odyssey eFileGA, and/or by depositing a copy of the same in the United States mail in an appropriately addressed envelope with adequate postage thereon as follows:

> Xavier S. Fleuridor
> 1951 Tomahawk Drive
> Middleburg, FL 32068
>
> Marion C. Hawk
> The Hawk Law Group
> 338 Telfair Street
> Augusta, GA 30901

This 23rd day of November, 2022.

Nicholas J. Roger
Georgia Bar Number: 398432
Attorney for State Farm Mutual
Automobile Insurance Company

Lynn Leonard & Associates
2400 Century Parkway
Suite 200
Atlanta, GA 30345
*nick.roger@statefarm.com*
(404) 728-5400

E-filed in Office
Clerk of Superior Court
11/29/2022 1:57 PM
Henry County, GA
Sabriya Hill Clerk
Case Number: SUCV2022002781

**IN THE SUPERIOR COURT OF HENRY COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| ALFREDA POWELL, <br><br>     **Plaintiff,** <br><br> vs. <br><br> XAVIER S. FLEURIDOR; <br> LOVE TRANSIT, LLC; <br> PRIME INSURANCE COMPANY; <br> JOHN DOES 1-5; AND <br> RICHARD ROE CORPORATIONS 1 -5, <br><br>     **Defendants.** | **CIVIL ACTION FILE NO.** <br><br> **SUCV2022002781** |

**ANSWER AND CROSS-CLAIM OF USAA GENERAL INDEMNITY COMPANY**

    **COMES NOW USAA GENERAL INDEMNITY COMPANY (USAA)**, served as Uninsured Motorist Carrier of the Plaintiff, and without waiving any of its rights or defenses, but expressly subject thereto, files this its Answer and Cross-Claim pursuant to the authority granted by O.C.G.A § 33-7-11, and shows this Court as follows:

**FIRST DEFENSE**

    The Complaint fails to state a claim upon which relief can be granted as to USAA.

**SECOND DEFENSE**

    USAA shows that, to the best of its knowledge and belief, the named Defendant herein was in fact insured by applicable automobile liability insurance at the time of the incident forming the basis of the Complaint.  Under these circumstances, the Plaintiff is barred from any recovery whatsoever against USAA pursuant to the provisions of O.C.G.A. § 33-7-11.

**THIRD DEFENSE**

    USAA shows that, to the extent the liability coverage available to the named Defendant is equal to or exceeds any coverage claimed by Plaintiff through USAA, Plaintiff is barred from any recovery whatsoever against USAA.

**FOURTH DEFENSE**

USAA denies that the named Defendant is "uninsured motorists" within the meaning of applicable Georgia law, and on account thereof the Plaintiff are barred from any recovery whatsoever against USAA.

## FIFTH DEFENSE

The Plaintiff is barred from pleading or recovering any amount of economic loss for which benefits are available pursuant to the medical payments coverage provided to Plaintiff under the terms of the automobile policy at issue herein provided by USAA.

## SIXTH DEFENSE

The Plaintiff is barred from pleading or recovering any amount of economic loss for which benefits for medical bills or wage loss have been paid either to Plaintiff or on behalf of Plaintiff under the terms and provisions of any worker's compensation law.

## SEVENTH DEFENSE

The Plaintiff has failed to perform certain conditions precedent to the bringing of this action, with the result that Plaintiff is not entitled to recover of USAA GENERAL INDEMNITY COMPANY.

## EIGHTH DEFENSE

Further answering the allegations of the Plaintiff's Complaint, USAA shows:

1.     For lack of specific information upon which to base a belief as to the truth of any of the specific allegations of the Complaint, USAA can neither admit nor deny any of the allegations of the Complaint.

USAA denies being indebted in any sum whatsoever to the Plaintiff.

## CROSSCLAIM OF USAA GENERAL INDEMNITY COMPANY

1.     Defendants, **XAVIER S. FLEURIDOR; LOVE TRANSIT, LLC; PRIME INSURANCE COMPANY; JOHN DOES 1-5; and RICHARD ROE CORPORATIONS 1 - 5** are subject to the jurisdiction of this Court.

2.     Defendants, **XAVIER S. FLEURIDOR; LOVE TRANSIT, LLC; PRIME INSURANCE COMPANY; JOHN DOES 1-5; and RICHARD ROE CORPORATIONS 1 - 5** are liable over to USAA for any and all sums USAA may be required to pay under any uninsured motorist coverage to Plaintiff, by judgment, settlement or otherwise.

2

**WHEREFORE**, having answered the allegations of the Plaintiff's Complaint, USAA prays that it be dismissed with its costs, that the Plaintiff take nothing, and for judgment over and against Defendants, for any and all sums USAA is required to pay herein.

Respectfully submitted this ___29th___ day of November, 2022.

                                        **LAW OFFICES OF KELLY GOODWIN**

By:   /s/ Rudy T. Harris _____
              Rudy T. Harris., Esquire
              Georgia Bar No. 775229
              Phone: 678-216-9014
              Email: rudy.harris@usaa.com
              Attorney for Uninsured Motorist Carrier

2002 Summit Blvd.
Suite 300
Atlanta, GA 30319

▓ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
HENRY COUNTY, GEORGIA

**SUCV2022002781**
DR
DEC 07, 2022 09:12 AM

Sabriya Hill, Clerk
Henry County, Georgia

IN THE SUPERIOR COURT FOR THE
COUNTY OF HENRY, STATE OF GEORGIA
Civil Action File No. SUCV2022002781

|  |  |
|---|---|
| ALFREDA POWELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) |
| vs. | ) |
| | ) |
| XAVIER S. FLEURIDOR; LOVE TRANSIT, LLC; | ) |
| PRIME INSURANCE COMPANY; JOHN DOES | ) |
| 1-5; and RICHARD ROE CORPORATIONS  1-5, | ) |
| | ) |
| Defendants. | ) |

## <u>WAIVER OF SERVICE OF SUMMONS</u>

TO:    Victor Hawk, Esq.
Marion Chace Hawk, Esq.
HAWK LAW GROUP
338 Telfair Street
Augusta, GA 30901

Defendant Prime Insurance Company ("Prime") acknowledges receipt of your request that

Prime waive service of a summons in the action of *Alfred Powell vs. Xavier S. Fleuridor; Love*

*Transit, LLC; Prime Insurance Company; John Does 1-5; and Richard Roe corporations 1-5*,

which is case number SUCV2022002781 in the Superior Court of the State of Georgia in and for

the County of Henry. Prime also received a copy of the Amended Complaint in the action, two

copies of this instrument, and a means by which it can return the signed waiver to you without cost

to Prime. Prime understands that its entitled to consult with its attorney regarding the consequences

of it signing this waiver.

Prime agrees to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring Prime be served with judicial process in the manner provided by the Georgia Rules of Civil Procedure.

Prime will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

Prime understands that a judgment may be entered against Prime if an answer is not served upon you within 60 days after the date this waiver was sent, or within 90 days after that date if the request for the waiver was sent outside the United States.

This 6th day of December, 2022.

WEINBERG WHEELER HUDGINS
GUNN & DIAL

*/s/ Stephen J. Rapp*
Stephen J. Rapp, Esquire
334 Peachtree Road NE, Suite 2400
Atlanta, Georgia 30326
srapp@wwhgd.com
*Counsel for Prime Insurance Company*

2

⚜ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
HENRY COUNTY, GEORGIA
SUCV2022002781
DR
DEC 14, 2022 10:48 AM

Sabriya Hill, Clerk
Henry County, Georgia

Control Number: SUCV2022002781

# STATE OF GEORGIA

### Secretary of State
**Corporations Division**
**313 West Tower**
**2 Martin Luther King, Jr. Dr.**
**Atlanta, Georgia 30334-1530**

### CERTIFICATE OF ACKNOWLEDGEMENT

I, Brad Raffensperger, Secretary of State of the State of Georgia, do hereby certify under the seal of my office that copies of legal documents regarding service of process upon:

### XAVIER S. FLEURIDOR

have been filed with the Secretary of State on 12/13/2022 pursuant to O.C.G.A. § 40-12-2 relating to the following matter:

Case: Alfreda Powell v. XAVIER S. FLEURIDOR
Court: Superior Court of Henry County
Civil Action No.: SUCV2022002781

Witness my hand and official seal in the City of Atlanta and the State of Georgia on 12/14/2022.

*Brad Raffensperger*

Brad Raffensperger
Secretary of State



Vic Hawk
vhawk@hawklawgroup.com

Shawn Merzlak
smerzlak@hawklawgroup.com

Reid Sanders
rsanders@hawklawgroup.com

Tianna Bias
tbias@hawklawgroup.com

Chace Hawk
chawk@hawklawgroup.com

Kip McAlister
kmcalister@hawklawgroup.co

December 7, 2022

Corporations Division
Georgia Secretary of State's Office
2 Martin Luther King Jr. Drive
Suite 313 West Tower
Atlanta, GA  30334-1530

RE:   **Alfreda Powell v. Xavier S. Fleuridor; Love Transit, LLC;**
      **Prime Insurance Company; John Does 1-5; and Richard**
      **Roe Corporations 1-5**
      **Civil Action File No. SUCV2022002781**
      **Superior Court of Henry County, State of Georgia**

Dear Sir/Madam:

Please find enclosed two (2) copies of a Summons and Amended Complaint and Notice of Service through the Secretary of State to be filed pursuant to O.C.G.A. § 40-12-2 in the above-captioned case in reference to Defendant Xavier S. Fleuridor:

Xavier S. Fleuridor
1951 Tomahawk Drive
Middleburg, Florida 32068

If you should have any questions or if you need more information, please do not hesitate to call. Also enclosed is our check in the amount of $10.00 to cover your fee.

Thanking you for your assistance in this matter, I remain

Yours very truly,

VICTOR C. HAWK

VCH/db
Enc.

**AUGUSTA**

IN THE SUPERIOR COURT FOR THE
COUNTY OF HENRY, STATE OF GEORGIA
Civil Action File No. SUCV2022002781

| | |
|---|---|
| **ALFREDA POWELL,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| **XAVIER S. FLEURIDOR; LOVE** | ) |
| **TRANSIT, LLC; PRIME INSURANCE** | ) |
| **COMPANY; JOHN DOES 1-5; and** | ) |
| **RICHARD ROE CORPORATIONS 1-5,** | ) |
| | ) |
| Defendants. | ) |

## NOTICE OF SERVICE THROUGH THE SECRETARY OF STATE

**TO:   Xavier S. Fleuridor**
**1951 Tomahawk Drive**
**Middleburg, Florida 32068**

Service of process will be perfected upon you in the above styled case by serving two (2)

copies of the Summons and Amended Complaint to Defendant Xavier S. Fleuridor and O.C.G.A.

Notice to the Secretary of State of the State of Georgia along with a ten ($10.00) dollar fee. This

type of service is proper on a non-resident Defendant who has caused injury with an automobile

on Georgia Highways. As required by Georgia Law, I have mailed to you a copy of the Summons

and Amended Complaint and O.C.G.A. Notice by certified mail at the above address.

This Amended Complaint must be answered within thirty (30) days from the date of service

of a copy of the Summons and Amended Complaint to Defendant Xavier S. Fleuridor.

Dated this 7th day of December 2022.

Respectfully submitted,

/s/ *Victor Hawk*
VICTOR HAWK
Georgia Bar No. 338650

*Attorney for Plaintiff*

HAWK LAW GROUP
338 Telfair Street
Augusta, GA 30901
(706) 722-3500
vhawk@hawklawgroup.com

IN THE SUPERIOR COURT FOR THE
COUNTY OF HENRY, STATE OF GEORGIA
Civil Action File No. SUCV2022002781

**ALFREDA POWELL,**           )
                              )
            Plaintiff,        )
                              )
vs.                           )
                              )
**XAVIER S. FLEURIDOR; LOVE**   )
**TRANSIT, LLC; PRIME INSURANCE**  )
**COMPANY; JOHN DOES 1-5; and**  )
**RICHARD ROE CORPORATIONS 1-5,**  )
                              )
            Defendants.       )

## PLAINTIFF'S AFFIDAVIT OF COMPLIANCE
## FOR SERVICE OF PROCESS UPON NON-RESIDENT MOTORIST

I, Victor Hawk, the undersigned, am the Plaintiff or the attorney who represents the

Plaintiff in the case of:

**Alfreda Powell**

**Vs.**

**Xavier S. Fleuridor, et al.**

Superior Court of Henry County
Civil Action File No. SUCV2022002781

I do hereby certify that, in accordance with O.C.G.A. § 40-12-2, I have forwarded by

registered or certified mail notice of service of the above case along with a copy of the Summons

and Amended Complaint to the Defendant Xavier S. Fleuridor at the following address:

Xavier S. Fleuridor
1951 Tomahawk Drive
Middleburg, Florida 32068

I further certify that **I SHALL FILE WITH THE APPROPRIATE COURT** appended

to the documents, regarding this case: (1) any return receipt received as evidence of service upon

the Defendant Xavier S. Fleuridor by the Plaintiff, and (2) this Plaintiff's affidavit of compliance.

Dated this 7th day of December 2022.

VICTOR HAWK
Georgia Bar No. 338650
338 Telfair Street
Augusta, GA  30901
(706) 724-8549
vhawk@hawklawgroup.com

*Attorney for Plaintiff*

Sworn to and subscribed before me

This 7th day of December 2022.

NOTARY PUBLIC
My commission expires: 3/29/26

# SUPERIOR COURT OF HENRY COUNTY
## STATE OF GEORGIA

CLERK OF SUPERIOR COURT
HENRY COUNTY, GEORGIA
## SUCV2022002781
DR
**OCT 27, 2022 03:50 PM**

Sabriya Hill, Clerk
Henry County, Georgia

CIVIL ACTION NUMBER  SUCV2022002781

Powell, Alfreda

**PLAINTIFF**

**VS.**

Fleuridor, Xavier S.
Ligit Transit, Inc.
Huncho Xay, LLC
John Does
Richard Roe Corporations

**DEFENDANTS**

**SUMMONS**

TO: FLEURIDOR, XAVIER S.

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**Victor Hawk**
**Hawk Law Group**
**338 Telfair Sreet**
**Augusta, Georgia 30901**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 27th day of October, 2022.**

Clerk of Superior Court

Sabriya Hill, Clerk
Henry County, Georgia

**EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
HENRY COUNTY, GEORGIA

**SUCV2022002781**
DR

NOV 07, 2022 04:12 PM

Sabryna Hill, Clerk
Henry County, Georgia

IN THE SUPERIOR COURT FOR THE
COUNTY OF HENRY, STATE OF GEORGIA
Civil Action File No. SUCV2022002781

ALFREDA POWELL,             )
                               )
       Plaintiff,        )
                               )
vs.                          )     **AMENDED COMPLAINT**
                               )
XAVIER S. FLEURIDOR; LOVE TRANSIT, LLC;  )
PRIME INSURANCE COMPANY; JOHN DOES  )
1-5; and RICHARD ROE CORPORATIONS 1-5,  )
                               )
       Defendants.        )

**COMES NOW**, the Plaintiff, Alfreda Powell, in the above-styled case and states her complaint against the Defendants as follows:

**PARTIES, JURISDICTION AND VENUE**

1

Upon information and belief, Defendant Xavier S. Fleuridor is a citizen and resident of Clay County, Florida and may be served with process at 1951 Tomahawk Drive, Middleburg, Clay County, Florida 32068. Defendant Xavier S. Fleuridor was driving a 2013 Freightliner truck, which was owned, operated, managed, maintained, and/or controlled by Defendant Love Transit, LLC on March 13, 2021.

2.

Upon information and belief, at all material times, Defendant Love Transit, LLC and Xavier S. Fleuridor, individually and collectively, and by virtue of their own independent actions and while acting as *alter egos* and agents of one another, and while acting as joint venturers in the establishment, ownership, operation, management, maintenance, and/or control of their

commercial trucking operation, and while acting through the employees, agents, and/or servants employed or utilized by them to conduct their commercial trucking operation, were conducting business and transporting commercial goods and/or products on the roads and highways in the State of Georgia, including Henry County on March 13, 2021.

3

Upon information and belief, Defendant Love Transit, LLC is a limited liability company and/or sole proprietorship operating throughout the United States to include the State of Georgia and may be served with process upon its Registered Agent, Tejinder S. Rai, 1587 Rich Drive, Yuba City, Sutter County, California 95993.

4

Upon information and belief, Defendant Prime Insurance Company is a foreign insurance company and may be served with process upon its Registered Agent, Steven Ogella, 8722 S. Harrison Street, Sandy, Salt Lake County, Utah 84070.

5

The Plaintiff is a third-party beneficiary of the insurance contract between the Defendants, which insured a 2013 Freightliner commercial motor vehicle involved in a wreck with the Plaintiff on March 13, 2021.

6

Plaintiff intends to name as defendants any other person or entity that, either directly or by joining or in concert with others were negligent and breached their duty of care in the operation of the Defendants and were responsible for the actions or inactions that caused Plaintiff's injuries. Defendant John Does 1-5 are unknown or unidentified persons or entities within the network of individuals and businesses which participated in these acts and

omissions. Plaintiff intends to name the insurance carriers insuring the Defendants as they are identified through discovery.

7

Plaintiff also intends to name as defendants any other entity who are, or were, an *alter ego* of the defendants named in this action, or who were agents of or joint venturers with the named defendants. Defendant Richard Roe Corporations 1-5 are unknown or unidentified entities that are, or were, *alter egos* of defendants or agents of or joint venturers with the named defendants in the establishment, ownership, operation, management, or control of the defendants. Plaintiff cannot determine the exact number or identities of such individuals or entities at this time.

8

Whenever the term "Defendants" is utilized within this Complaint, such term collectively refers to and includes all named Defendants in this lawsuit unless specifically restricted within a cause of action or as further defined below.

9

At all material times, Defendant Love Transit, LLC was responsible for ensuring that the operations of its business, including its fleet of commercial motor vehicles and drivers complied with all applicable federal, state, and local statutes, laws, regulations, codes, standards, and ordinances.

10

Whenever in this Complaint it is alleged that Defendant Love Transit, LLC did any act or failed to do any act, it is meant that the owners, officers, directors, managers, agents, employees, and/or servants of the designated Defendant respectively performed, participated in, or failed to perform such acts while in the course and scope of their employment or agency relationship with

the Defendant Xavier S. Fleuridor.

### 11

While engaged in the conduct alleged herein, Defendants each acted with the express or implied knowledge, consent, authorization, approval, and/or ratification of the other Defendants.

### 12

Defendant Love Transit, LLC had the right and/or power to direct and control their employees and/or agents in their transport, handling, and/or transfer of commodities, and they are personally, jointly, and severally liable for the acts and omissions committed.

### 13

Defendants are directly liable by virtue of their own conduct for the wrongful acts detailed herein. Defendants are also vicariously or indirectly liable for the wrongful conduct detailed herein under one or more of the following alternative legal theories: *alter ego*; agency; joint venture/enterprise; and amalgamation of interest.

### 14

Defendants are subject to the jurisdiction of this Honorable Court. The acts and omissions forming the basis of this Complaint arose in Henry County, Georgia. Defendants may be served with process through Georgia's Secretary of State. Ga. Const. 1983, Art. VI, Sec. IV, ¶ 1; O.C.G.A. § 15-6-8; O.C.G.A. § 40-12-2.

### 15

Venue is also proper in Henry County, Georgia. Ga. Const. 1983, Art. VI, Sec. II, ¶ 6; O.C.G.A. §§ 14-2-510, 14-3-510.

## FACTUAL BACKGROUND

16

On March 13, 2021, the Plaintiff was in an Uber vehicle on Highway 285, McDonough, Georgia in Henry County, Georgia traveling southbound. Defendant Love Transit, LLC agent, Xavier S. Fleuridor, was also traveling southbound behind the Uber vehicle in which the Plaintiff was a passenger when he failed to see that the traffic in front of him had suddenly stopped thereby rear ending the vehicle in which the Plaintiff was a passenger. The Plaintiff sustained injuries as a result.

17

The vehicle driven the Defendant Xavier S. Fleuriodor was a 2013 Freightliner commercial motor vehicle owned by Defendant Love Transit, LLC.

18

When the Defendants' agent caused the collision with the Plaintiff's vehicle, said Defendants violated O.C.G.A. § 40-6-123, which was enacted for the safety and protection of individuals and drivers properly operating motor vehicles on the roads of the State of Georgia.

19

The Defendants' agent was negligent, grossly negligent, reckless, willful, and wanton in his conduct which caused a collision with the vehicle in which Plaintiff was a passenger.

## COUNT I
## NEGLIGENCE/GROSS NEGLIGENCE/RECKLESS
## CONDUCT

20

Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 19 as if fully set forth *verbatim*.

21

Defendants owed the Plaintiff and other members of the public a legal duty to operate their commercial motor vehicle with ordinary and reasonable care, to act as a reasonable and prudent driver, and to obey all Federal, State, and local laws, statutes, regulations, ordinances, and standards related to the operation of the commercial motor vehicle.

22

Defendants breached their duties owed to Plaintiff and failed to exercise ordinary and reasonable care in the operation of the commercial motor vehicle. Defendants' ordinary negligence, carelessness, gross negligence, and recklessness included, but was not limited to:

    a.  Failure to safely operate the commercial motor vehicle to avoid
        and prevent a dangerous collision, including serious injury to
        the Plaintiff;

    b.  Failure to maintain proper control over the commercial motor vehicle;

    c.  In operating the commercial motor vehicle in a distracted manner;

    d.  Failure to obey statutory and common laws of the State of Georgia;

    e.  Failure to establish or abide by, implement, and/or enforce appropriate
        safety, training, and fundamental policies and procedures to prevent harm
        to the Plaintiff and avoid the known consequences of unsafe operation of
        the commercial motor vehicle; and

    f.  In violating Federal and State laws applicable to commercial motor
        vehicles, including but not limited to regulations promulgated by the
        Federal Motor Carrier Safety Administration and standards set forth by the
        Georgia Department of Driver Services.

23

As a result of the negligence, gross negligence, negligence *per se,* carelessness, and recklessness of Defendants, the Defendants proximately caused injuries and damages to the Plaintiff.

## COUNT II
## IMPUTED LIABILITY

### 24

Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 23 as if fully set forth *verbatim.*

### 25

At the time of the subject collision, Defendant Xavier S. Fleuridor was under dispatch for Defendant Love Transit, LLC.

### 26

At the time of the subject collision, Defendant Xavier S. Fleuridor was operating his commercial motor vehicle on behalf of Defendants.

### 27

Upon information and belief, Defendant Love Transit, LLC is an interstate motor carrier, and pursuant to Federal and State laws, is responsible for the actions of Defendant Xavier S. Fleuridor regarding the collision described in this Complaint under the doctrine of lease liability, agency (actual or apparent), or other theories of liability identified herein.

## COUNT III
## NEGLIGENT HIRING, TRAINING &
## SUPERVISION

### 28

Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 27 as if fully set forth *verbatim.*

### 29

Defendant Love Transit, LLC had a duty to exercise reasonable care in the hiring,

training, and supervision of Defendant Xavier S. Fleuridor.

30

Defendant Love Transit, LLC was negligent, careless, grossly negligent, reckless, and wanton in the following particulars:

    a. In hiring Defendant Xavier S. Fleuridor and entrusting him to drive the commercial motor vehicle;

    b. In failing to properly train Defendant Xavier S. Fleuridor;

    c. In failing to properly supervise Defendant Xavier S. Fleuridor;

    d. In failing to have in place policies and procedures to properly, hire, train, retain, supervise and/or monitor its drivers, including Defendant Xavier S. Fleuridor or if such procedures were in place, in failing to enforce them;

    e. In failing to have in place adequate policies and procedures to mandate compliance by its drivers, including Defendant Xavier S. Fleuridor, with statutes, laws, and regulations regarding the operation of motor vehicles, or if such policies and procedures were in place, in failing to enforce them;

    f. In failing to have in place an adequate safety program for the safety and protection of the motoring public, including the Plaintiff, or if such program was in place, in failing to implement it; and

    g. In generally failing to use the degree of care and caution that a reasonably prudent entity would have used under the same or similar circumstances.

31

As a result of the negligence, gross negligence, negligence *per se,* carelessness, and recklessness of Defendants proximately caused injuries and damages to the Plaintiff.

## COUNT IV
## DAMAGES

### 32

Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 31 as if set forth fully herein *verbatim*.

### 33

As a proximate result of the Defendants' and/or agents' negligence, the Plaintiff was caused to suffer the following:

a.      Medical expenses in the amount of $23,112.20 as set out as follows:

| | |
|---|---|
| Georgia Injury Center | $10,570.00 |
| Piedmont Henry Hospital | $12,542.20 |
| Total Medical: | $23,112.20 |

### 34

As a further direct and proximate result of Defendants' negligent and wrongful actions, Plaintiff has suffered, and will continue to suffer, general damages, as identified above, including physical and mental pain and suffering, emotional distress, mental anguish, stress, anxiety, limitations of mobility, disability, discomfort, inconvenience, alterations of lifestyle, loss of enjoyment of life, loss of quality of life, loss of income and earning potential, and other economic and non-economic damages.

### 35

Defendants are liable for said damages.

## COUNT V
## PUNITIVE DAMAGES

### 36

Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 35 as if fully set forth *verbatim.*

### 37

The acts and omissions of the Defendants demonstrate recklessness, willful and wanton misconduct, and/or a conscious indifference and disregard for the safety, health, and welfare of the Plaintiff.

### 38

Defendants knew or should have known that said conduct was substantially certain to result in injury, damage, or other harm to the Plaintiff. Notwithstanding notice of Plaintiff's reasonable likelihood of harm, Defendants failed to act to prevent such harm, including severe injuries and damages.

### 39

Defendants are liable for punitive damages to Plaintiff, and punitive damages should be awarded against Defendants to deter them from repeated misconduct.

**WHEREFORE,** the Plaintiff prays that she be awarded the following:

a) That a process be issued and copy of this Summons and Complaint be served upon Defendants as provided by law;

b) That Plaintiff recovers fair and reasonable special damages in the amount of $23,112.20 for medical expenses;

c) That Plaintiff recovers compensatory damages, including future medical expenses, for all claims and counts alleged herein as shown by the evidence at the trial of this case;

d) That Plaintiff recovers for past and future physical and mental pain and suffering

and other general damages in an amount to be determined by the enlightened conscience of a jury;

e) That Plaintiff recovers punitive damages in an amount to be determined by the enlightened conscience of a jury;

f) That Plaintiff recovers the costs of this action;

g) That Plaintiff be granted a jury to try this case; and

h) That Plaintiff recovers such other and further relief as is just and proper.

PLAINTIFF FURTHER DEMANDS A JURY TRIAL.

Dated this 7th day of November 2022.

*/s/ Victor Hawk*
VICTOR HAWK
Georgia Bar No. 338650

*/s/ Marion Chace Hawk*
MARION CHACE HAWK
Georgia Bar No. 440388

*Attorneys for Plaintiff*

HAWK LAW GROUP
338 Telfair Street
Augusta, GA 30901
(706) 722-3500
vhawk@hawklawgroup.com
chawk@hawklawgroup.com

# SUPERIOR COURT OF HENRY COUNTY
## STATE OF GEORGIA

CLERK OF SUPERIOR COURT
HENRY COUNTY, GEORGIA
**SUCV2022002781**
DR
OCT 27, 2022 03:50 PM

Sabriya Hill, Clerk
Henry County, Georgia

CIVIL ACTION NUMBER  SUCV2022002781

Powell, Alfreda

**PLAINTIFF**

VS.

Fleuridor, Xavier S.
Ligit Transit, Inc.
Huncho Xay, LLC
John Does
Richard Roe Corporations

**DEFENDANTS**

**SUMMONS**

TO: FLEURIDOR, XAVIER S.

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Victor Hawk**
> **Hawk Law Group**
> **338 Telfair Sreet**
> **Augusta, Georgia 30901**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 27th day of October, 2022.**

Clerk of Superior Court

Sabriya Hill, Clerk
Henry County, Georgia

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
HENRY COUNTY, GEORGIA

**SUCV2022002781**
DR
NOV 07, 2022 04:12 PM

Sabriya Hill, Clerk
Henry County, Georgia

IN THE SUPERIOR COURT FOR THE
COUNTY OF HENRY, STATE OF GEORGIA
Civil Action File No. SUCV2022002781

| | |
|---|---|
| ALFREDA POWELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) **AMENDED COMPLAINT** |
| | ) |
| XAVIER S. FLEURIDOR; LOVE TRANSIT, LLC; | ) |
| PRIME INSURANCE COMPANY; JOHN DOES | ) |
| 1-5; and RICHARD ROE CORPORATIONS 1-5, | ) |
| | ) |
| Defendants. | ) |

COMES NOW, the Plaintiff, Alfreda Powell, in the above-styled case and states her complaint against the Defendants as follows:

### PARTIES, JURISDICTION AND VENUE

1

Upon information and belief, Defendant Xavier S. Fleuridor is a citizen and resident of Clay County, Florida and may be served with process at 1951 Tomahawk Drive, Middleburg, Clay County, Florida 32068. Defendant Xavier S. Fleuridor was driving a 2013 Freightliner truck, which was owned, operated, managed, maintained, and/or controlled by Defendant Love Transit, LLC on March 13, 2021.

2

Upon information and belief, at all material times, Defendant Love Transit, LLC and Xavier S. Fleuridor, individually and collectively, and by virtue of their own independent actions and while acting as *alter egos* and agents of one another, and while acting as joint venturers in the establishment, ownership, operation, management, maintenance, and/or control of their

commercial trucking operation, and while acting through the employees, agents, and/or servants employed or utilized by them to conduct their commercial trucking operation, were conducting business and transporting commercial goods and/or products on the roads and highways in the State of Georgia, including Henry County on March 13, 2021.

3

Upon information and belief, Defendant Love Transit, LLC is a limited liability company and/or sole proprietorship operating throughout the United States to include the State of Georgia and may be served with process upon its Registered Agent, Tejinder S. Rai, 1587 Rich Drive, Yuba City, Sutter County, California 95993.

4

Upon information and belief, Defendant Prime Insurance Company is a foreign insurance company and may be served with process upon its Registered Agent, Steven Ogella, 8722 S. Harrison Street, Sandy, Salt Lake County, Utah 84070.

5

The Plaintiff is a third-party beneficiary of the insurance contract between the Defendants, which insured a 2013 Freightliner commercial motor vehicle involved in a wreck with the Plaintiff on March 13, 2021.

6

Plaintiff intends to name as defendants any other person or entity that, either directly or by joining or in concert with others were negligent and breached their duty of care in the operation of the Defendants and were responsible for the actions or inactions that caused Plaintiff's injuries. Defendant John Does 1-5 are unknown or unidentified persons or entities within the network of individuals and businesses which participated in these acts and

omissions. Plaintiff intends to name the insurance carriers insuring the Defendants as they are identified through discovery.

7

Plaintiff also intends to name as defendants any other entity who are, or were, an *alter ego* of the defendants named in this action, or who were agents of or joint venturers with the named defendants. Defendant Richard Roe Corporations 1-5 are unknown or unidentified entities that are, or were, *alter egos* of defendants or agents of or joint venturers with the named defendants in the establishment, ownership, operation, management, or control of the defendants. Plaintiff cannot determine the exact number or identities of such individuals or entities at this time.

8

Whenever the term "Defendants" is utilized within this Complaint, such term collectively refers to and includes all named Defendants in this lawsuit unless specifically restricted within a cause of action or as further defined below.

9

At all material times, Defendant Love Transit, LLC was responsible for ensuring that the operations of its business, including its fleet of commercial motor vehicles and drivers complied with all applicable federal, state, and local statutes, laws, regulations, codes, standards, and ordinances.

10

Whenever in this Complaint it is alleged that Defendant Love Transit, LLC did any act or failed to do any act, it is meant that the owners, officers, directors, managers, agents, employees, and/or servants of the designated Defendant respectively performed, participated in, or failed to perform such acts while in the course and scope of their employment or agency relationship with

the Defendant Xavier S. Fleuridor.

11

While engaged in the conduct alleged herein, Defendants each acted with the express or implied knowledge, consent, authorization, approval, and/or ratification of the other Defendants.

12

Defendant Love Transit, LLC had the right and/or power to direct and control their employees and/or agents in their transport, handling, and/or transfer of commodities, and they are personally, jointly, and severally liable for the acts and omissions committed.

13

Defendants are directly liable by virtue of their own conduct for the wrongful acts detailed herein. Defendants are also vicariously or indirectly liable for the wrongful conduct detailed herein under one or more of the following alternative legal theories: *alter ego*; agency; joint venture/enterprise; and amalgamation of interest.

14

Defendants are subject to the jurisdiction of this Honorable Court. The acts and omissions forming the basis of this Complaint arose in Henry County, Georgia. Defendants may be served with process through Georgia's Secretary of State. Ga. Const. 1983, Art. VI, Sec. IV, ¶ 1; O.C.G.A. § 15-6-8; O.C.G.A. § 40-12-2.

15

Venue is also proper in Henry County, Georgia. Ga. Const. 1983, Art. VI, Sec. II, ¶ 6; O.C.G.A. §§ 14-2-510, 14-3-510.

## FACTUAL BACKGROUND

16

On March 13, 2021, the Plaintiff was in an Uber vehicle on Highway 285, McDonough, Georgia in Henry County, Georgia traveling southbound. Defendant Love Transit, LLC agent, Xavier S. Fleuridor, was also traveling southbound behind the Uber vehicle in which the Plaintiff was a passenger when he failed to see that the traffic in front of him had suddenly stopped thereby rear ending the vehicle in which the Plaintiff was a passenger. The Plaintiff sustained injuries as a result.

17

The vehicle driven the Defendant Xavier S. Fleuriodor was a 2013 Freightliner commercial motor vehicle owned by Defendant Love Transit, LLC.

18

When the Defendants' agent caused the collision with the Plaintiff's vehicle, said Defendants violated O.C.G.A. § 40-6-123, which was enacted for the safety and protection of individuals and drivers properly operating motor vehicles on the roads of the State of Georgia.

19

The Defendants' agent was negligent, grossly negligent, reckless, willful, and wanton in his conduct which caused a collision with the vehicle in which Plaintiff was a passenger.

## COUNT I
## NEGLIGENCE/GROSS NEGLIGENCE/RECKLESS
## CONDUCT

20

Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 19 as if fully set forth *verbatim*.

21

Defendants owed the Plaintiff and other members of the public a legal duty to operate their commercial motor vehicle with ordinary and reasonable care, to act as a reasonable and prudent driver, and to obey all Federal, State, and local laws, statutes, regulations, ordinances, and standards related to the operation of the commercial motor vehicle.

22

Defendants breached their duties owed to Plaintiff and failed to exercise ordinary and reasonable care in the operation of the commercial motor vehicle. Defendants' ordinary negligence, carelessness, gross negligence, and recklessness included, but was not limited to:

a.   Failure to safely operate the commercial motor vehicle to avoid and prevent a dangerous collision, including serious injury to the Plaintiff;

b.   Failure to maintain proper control over the commercial motor vehicle;

c.   In operating the commercial motor vehicle in a distracted manner;

d.   Failure to obey statutory and common laws of the State of Georgia;

e.   Failure to establish or abide by, implement, and/or enforce appropriate safety, training, and fundamental policies and procedures to prevent harm to the Plaintiff and avoid the known consequences of unsafe operation of the commercial motor vehicle; and

f.   In violating Federal and State laws applicable to commercial motor vehicles, including but not limited to regulations promulgated by the Federal Motor Carrier Safety Administration and standards set forth by the Georgia Department of Driver Services.

23

As a result of the negligence, gross negligence, negligence *per se*, carelessness, and recklessness of Defendants, the Defendants proximately caused injuries and damages to the Plaintiff.

## COUNT II
## IMPUTED LIABILITY

### 24

Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 23 as if fully set forth *verbatim.*

### 25

At the time of the subject collision, Defendant Xavier S. Fleuridor was under dispatch for Defendant Love Transit, LLC.

### 26

At the time of the subject collision, Defendant Xavier S. Fleuridor was operating his commercial motor vehicle on behalf of Defendants.

### 27

Upon information and belief, Defendant Love Transit, LLC is an interstate motor carrier, and pursuant to Federal and State laws, is responsible for the actions of Defendant Xavier S. Fleuridor regarding the collision described in this Complaint under the doctrine of lease liability, agency (actual or apparent), or other theories of liability identified herein.

## COUNT III
## NEGLIGENT HIRING, TRAINING &
## SUPERVISION

### 28

Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 27 as if fully set forth *verbatim.*

### 29

Defendant Love Transit, LLC had a duty to exercise reasonable care in the hiring,

training, and supervision of Defendant Xavier S. Fleuridor.

30

Defendant Love Transit, LLC was negligent, careless, grossly negligent, reckless, and wanton in the following particulars:

    a. In hiring Defendant Xavier S. Fleuridor and entrusting him to drive the commercial motor vehicle;

    b. In failing to properly train Defendant Xavier S. Fleuridor;

    c. In failing to properly supervise Defendant Xavier S. Fleuridor;

    d. In failing to have in place policies and procedures to properly, hire, train, retain, supervise and/or monitor its drivers, including Defendant Xavier S. Fleuridor or if such procedures were in place, in failing to enforce them;

    e. In failing to have in place adequate policies and procedures to mandate compliance by its drivers, including Defendant Xavier S. Fleuridor, with statutes, laws, and regulations regarding the operation of motor vehicles, or if such policies and procedures were in place, in failing to enforce them;

    f. In failing to have in place an adequate safety program for the safety and protection of the motoring public, including the Plaintiff, or if such program was in place, in failing to implement it; and

    g. In generally failing to use the degree of care and caution that a reasonably prudent entity would have used under the same or similar circumstances.

31

As a result of the negligence, gross negligence, negligence *per se*, carelessness, and recklessness of Defendants proximately caused injuries and damages to the Plaintiff.

## COUNT IV
## DAMAGES

### 32

Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 31 as if set forth fully herein *verbatim.*

### 33

As a proximate result of the Defendants' and/or agents' negligence, the Plaintiff was caused to suffer the following:

a.   Medical expenses in the amount of $23,112.20 as set out as follows:

| | |
|---|---|
| Georgia Injury Center | $10,570.00 |
| Piedmont Henry Hospital | $12,542.20 |
| Total Medical: | $23,112.20 |

### 34

As a further direct and proximate result of Defendants' negligent and wrongful actions, Plaintiff has suffered, and will continue to suffer, general damages, as identified above, including physical and mental pain and suffering, emotional distress, mental anguish, stress, anxiety, limitations of mobility, disability, discomfort, inconvenience, alterations of lifestyle, loss of enjoyment of life, loss of quality of life, loss of income and earning potential, and other economic and non-economic damages.

### 35

Defendants are liable for said damages.

## COUNT V
## PUNITIVE DAMAGES

### 36

Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 35 as if fully set forth *verbatim*.

### 37

The acts and omissions of the Defendants demonstrate recklessness, willful and wanton misconduct, and/or a conscious indifference and disregard for the safety, health, and welfare of the Plaintiff.

### 38

Defendants knew or should have known that said conduct was substantially certain to result in injury, damage, or other harm to the Plaintiff. Notwithstanding notice of Plaintiff's reasonable likelihood of harm, Defendants failed to act to prevent such harm, including severe injuries and damages.

### 39

Defendants are liable for punitive damages to Plaintiff, and punitive damages should be awarded against Defendants to deter them from repeated misconduct.

**WHEREFORE,** the Plaintiff prays that she be awarded the following:

a) That a process be issued and copy of this Summons and Complaint be served upon Defendants as provided by law;

b) That Plaintiff recovers fair and reasonable special damages in the amount of $23,112.20 for medical expenses;

c) That Plaintiff recovers compensatory damages, including future medical expenses, for all claims and counts alleged herein as shown by the evidence at the trial of this case;

d) That Plaintiff recovers for past and future physical and mental pain and suffering

and other general damages in an amount to be determined by the enlightened conscience of a jury;

e)   That Plaintiff recovers punitive damages in an amount to be determined by the enlightened conscience of a jury;

f)   That Plaintiff recovers the costs of this action;

g)   That Plaintiff be granted a jury to try this case; and

h)   That Plaintiff recovers such other and further relief as is just and proper.

PLAINTIFF FURTHER DEMANDS A JURY TRIAL.

Dated this 7th day of November 2022.

/s/ Victor Hawk
VICTOR HAWK
Georgia Bar No. 338650

/s/ Marion Chace Hawk
MARION CHACE HAWK
Georgia Bar No. 440388

Attorneys for Plaintiff

HAWK LAW GROUP
338 Telfair Street
Augusta, GA  30901
(706) 722-3500
vhawk@hawklawgroup.com
chawk@hawklawgroup.com

**EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
HENRY COUNTY, GEORGIA

**SUCV2022002781**
DR
DEC 15, 2022 09:50 AM

Sabriya Hill, Clerk
Henry County, Georgia

IN THE SUPERIOR COURT FOR THE
COUNTY OF HENRY, STATE OF GEORGIA
Civil Action File No. SUCV2022002781

| | |
|---|---|
| **ALFREDA POWELL,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| **XAVIER S. FLEURIDOR; LOVE TRANSIT, LLC;** | ) |
| **PRIME INSURANCE COMPANY; JOHN DOES** | ) |
| **1-5; and RICHARD ROE CORPORATIONS  1-5,** | ) |
| | ) |
| Defendants. | ) |

## RULE 5.2 CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that pursuant to Superior Court Rule 5.2, copies of Plaintiff's First

Interrogatories and Requests for Production of Documents to Defendants Xavier S. Fleuridor and

Love Transit, LLC was served upon the below attorneys of record by Statutory Electronic Mail by

filing this document with Odyssey/PeachCourt, which sends notice via that system to all parties

and counsel.

> Wayne S. Melnick, Esq.
> Sangeetha Krishnakumar, Esq.
> FREEMAN MATHIS & GARY, LLP
> 100 Galleria Parkway, Suite 1600
> Atlanta, Georgia 30339-5948
> wmelnick@fmglaw.com
> Sangeetha.Krishnakumar@fmglaw.com
> *Attorneys for Defendants Xavier S. Fleuridor and*
> *Love Transit, LLC*

This 15th day of December 2022.

*/s/ Victor Hawk*
VICTOR HAWK
Georgia Bar No. 338650

1

*Attorney for Plaintiff*

HAWK LAW GROUP
338 Telfair Street
Augusta, Georgia 30901
(706) 722-3500
vhawk@hawklawgroup.com

IN THE SUPERIOR COURT FOR THE
COUNTY OF HENRY, STATE OF GEORGIA
Civil Action File No. SUCV2022002781

| | |
|---|---|
| **ALFREDA POWELL,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| **XAVIER S. FLEURIDOR; LOVE TRANSIT, LLC;** | ) |
| **PRIME INSURANCE COMPANY; JOHN DOES** | ) |
| **1-5; and RICHARD ROE CORPORATIONS 1-5,** | ) |
| | ) |
| Defendants. | ) |

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I have this 15th day of December 2022, served a true and correct copy of Plaintiff's First Interrogatories and Requests for Production of Documents to Defendants Xavier S. Fleuridor and Love Transit, LLC upon the following parties via statutory electronic service pursuant to O.C.G.A. § 9-11-5(b) and/or by U.S. Mail, and correctly addressed as follows:

Wayne S. Melnick, Esq.
Sangeetha Krishnakumar, Esq.
FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway, Suite 1600
Atlanta, Georgia 30339-5948
wmelnick@fmglaw.com
Sangeetha.Krishnakumar@fmglaw.com
*Attorneys for Defendants Xavier S. Fleuridor and*
  *Love Transit, LLC*

/s/ *Victor Hawk*
VICTOR HAWK
Georgia Bar No. 413086

*Attorney for Plaintiff*

HAWK LAW GROUP
338 Telfair Street
Augusta, Georgia 30901
(706) 722-3500
vhawk@hawklawgroup.com

⚌ **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
HENRY COUNTY, GEORGIA

**SUCV2022002781**
DR
DEC 15, 2022 09:47 AM

Sabriya Hill, Clerk
Henry County, Georgia

IN THE SUPERIOR COURT FOR THE
COUNTY OF HENRY, STATE OF GEORGIA
Civil Action File No. SUCV2022002781

| | |
|---|---|
| **ALFREDA POWELL,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| **XAVIER S. FLEURIDOR; LOVE TRANSIT, LLC;** | ) |
| **PRIME INSURANCE COMPANY; JOHN DOES** | ) |
| **1-5; and RICHARD ROE CORPORATIONS 1-5,** | ) |
| | ) |
| Defendants. | ) |

## RULE 5.2 CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that pursuant to Superior Court Rule 5.2, copies of Plaintiff's

Requests for Admissions to Defendant Prime Insurance Company was served upon the below

attorney of record by Statutory Electronic Mail by filing this document with Odyssey/PeachCourt,

which sends notice via that system to all parties and counsel.

Steve J. Rapp, Esq.
WEINBERG WHEELER HUDGINS GUNN & DIAL
3344 Peachtree Road NE, Suite 2400
Atlanta, Georgia 30326
srapp@wwhgd.com
*Attorney for Defendant Prime Insurance Company*

This 15th day of December 2022.

/s/ *Victor Hawk*
VICTOR HAWK
Georgia Bar No. 338650
*Attorney for Plaintiff*

HAWK LAW GROUP
338 Telfair Street
Augusta, Georgia 30901
(706) 722-3500
vhawk@hawklawgroup.com

1

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
HENRY COUNTY, GEORGIA
Control Number: SUCV2022002781

**SUCV2022002781**
DR
DEC 28, 2022 02:39 PM

Sabriya Hill, Clerk
Henry County, Georgia

# STATE OF GEORGIA

## Secretary of State

### Corporations Division
### 313 West Tower
### 2 Martin Luther King, Jr. Dr.
### Atlanta, Georgia 30334-1530

## CERTIFICATE OF ACKNOWLEDGEMENT

I, Brad Raffensperger, Secretary of State of the State of Georgia, do hereby certify under the seal of my office that copies of legal documents regarding service of process upon:

### Love Transit, LLC

have been filed with the Secretary of State on 12/15/2022 pursuant to O.C.G.A. § 40-1-117 relating to the following matter:

Case: Alfreda Powell v. Love Transit, LLC
Court: Superior Court of Henry County
Civil Action No.: SUCV2022002781

Witness my hand and official seal in the City of Atlanta and the State of Georgia on 12/19/2022.

Brad Raffensperger
Secretary of State

Control Number : SOP-22260255

# STATE OF GEORGIA
## Secretary of State
### Corporations Division
### 313 West Tower
### 2 Martin Luther King, Jr. Dr.
### Atlanta, Georgia 30334-1530

### CERTIFICATION

I, Brad Raffensperger, Secretary of State of the State of Georgia, do hereby certify under the seal of my office that I have received in my office copies of legal documents in the matter of:

**Alfreda Powell v. Love Transit, LLC, et al**
**Superior Court of Henry County**
**Civil Action No. SUCV2022002781**

A copy of said documents has been forwarded by registered mail or certified mail, return receipt requested to:

**Love Transit, LLC**

A copy of the return receipt will be forwarded to the filing person when it is received in my office.

Witness my hand and official seal in the City of Atlanta and the State of Georgia on 12/19/2022.



*Brad Raffensperger*

Brad Raffensperger
Secretary of State



| Vic Hawk | Shawn Merzlak |
|---|---|
| vhawk@hawklawgroup.com | smerzlak@hawklawgroup.com |
| Reid Sanders | Tianna Bias |
| rsanders@hawklawgroup.com | tbias@hawklawgroup.com |
| Chace Hawk | Kip McAlister |
| chawk@hawklawgroup.com | kmcalister@hawklawgroup.com |

December 7, 2022

Corporations Division
Georgia Secretary of State's Office
2 Martin Luther King Jr. Drive
Suite 313 West Tower
Atlanta, GA  30334-l530

**RE:**   *Alfreda Powell v. Xavier S. Fleuridor; Love Transit, LLC;*
*Prime Insurance Company; John Does 1-5; and Richard*
*Roe Corporations 1-5*
**Civil Action File No. SUCV2022002781**
**Superior Court of Henry County, State of Georgia**

Dear Sir/Madam:

     Please find enclosed two (2) copies of a Summons and Amended Complaint and Notice of Service through the Secretary of State to be filed pursuant to O.C.G.A. § 40-1-117 in the above-captioned case in reference to Defendant Love Transit, LLC:

Love Transit, LLC
1587 Rich Drive
Yuba City, California 95993

     If you should have any questions or if you need more information, please do not hesitate to call.  Also enclosed is our check in the amount of $10.00 to cover your fee.

     Thanking you for your assistance in this matter, I remain

Yours very truly,

VICTOR C. HAWK

VCH/db
Enc.

**AUGUSTA**

IN THE SUPERIOR COURT FOR THE
COUNTY OF HENRY, STATE OF GEORGIA
Civil Action File No. SUCV2022002781

**ALFREDA POWELL,**                  )
                                     )
            Plaintiff,               )
                                     )
vs.                                  )
                                     )
**XAVIER S. FLEURIDOR; LOVE**        )
**TRANSIT, LLC; PRIME INSURANCE**    )
**COMPANY; JOHN DOES 1-5; and**      )
**RICHARD ROE CORPORATIONS 1-5,**    )
                                     )
            Defendants.              )

## NOTICE OF SERVICE THROUGH THE SECRETARY OF STATE

**TO:    Love Transit, LLC**
**1587 Rich Drive**
**Yuba City, California 95993**

Service of process will be perfected upon you in the above styled case by serving two (2)

copies of the Summons and Amended Complaint to Defendant Love Transit, LLC and O.C.G.A.

Notice to the Secretary of State of the State of Georgia along with a ten ($10.00) dollar fee. This

type of service is proper on a non-resident motor carrier Defendant who has caused injury with an

automobile on Georgia Highways. As required by Georgia Law, I have mailed to you a copy of

the Summons and Amended Complaint and O.C.G.A. Notice by certified mail at the above

address.

This Amended Complaint must be answered within thirty (30) days from the date of service

of a copy of the Summons and Amended Complaint to Defendant Love Transit, LLC.

Dated this 7th day of December 2022.

Respectfully submitted,

/s/ *Victor Hawk*
VICTOR HAWK
Georgia Bar No. 338650

*Attorney for Plaintiff*

HAWK LAW GROUP
338 Telfair Street
Augusta, GA 30901
(706) 722-3500
vhawk@hawklawgroup.com

IN THE SUPERIOR COURT FOR THE
COUNTY OF HENRY, STATE OF GEORGIA
Civil Action File No. SUCV2022002781

| | |
|---|---|
| **ALFREDA POWELL,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| **XAVIER S. FLEURIDOR; LOVE** | ) |
| **TRANSIT, LLC; PRIME INSURANCE** | ) |
| **COMPANY; JOHN DOES 1-5; and** | ) |
| **RICHARD ROE CORPORATIONS 1-5,** | ) |
| | ) |
| Defendants. | ) |

## PLAINTIFF'S AFFIDAVIT OF COMPLIANCE
## FOR SERVICE OF PROCESS UPON NON-RESIDENT MOTOR CARRIER

I, Victor Hawk, the undersigned, am the Plaintiff or the attorney who represents the

Plaintiff in the case of:

**Alfreda Powell**

**Vs.**

**Love Transit, LLC, et al.**

Superior Court of Henry County
Civil Action File No. SUCV2022002781

I do hereby certify that, in accordance with O.C.G.A. § 40-1-117, I have forwarded by

registered or certified mail notice of service of the above case along with a copy of the Summons

and Amended Complaint to the Defendant Love Transit, LLC at the following address:

Love Transit, LLC
1587 Rich Drive
Yuba City, California 95993

I further certify that **I SHALL FILE WITH THE APPROPRIATE COURT** appended
to the documents, regarding this case: (1) any return receipt received as evidence of service upon
the Defendant Love Transit, LLC by the Plaintiff, and (2) this Plaintiff's affidavit of compliance.

Dated this 7th day of December 2022.

VICTOR HAWK
Georgia Bar No. 338650
338 Telfair Street
Augusta, GA  30901
(706) 724-8549
vhawk@hawklawgroup.com

*Attorney for Plaintiff*

Sworn to and subscribed before me

This 7th day of December 2022.

NOTARY PUBLIC
My commission expires:  3/29/26

## SUPERIOR COURT OF HENRY COUNTY
## STATE OF GEORGIA

CLERK OF SUPERIOR COURT
HENRY COUNTY, GEORGIA
**SUCV2022002781**
DR
NOV 07, 2022 04:12 PM

Sabriya Hill, Clerk
Henry County, Georgia

CIVIL ACTION NUMBER  SUCV2022002781

POWELL, ALFREDA

**PLAINTIFF**

**VS.**

FLEURIDOR, XAVIER S.
LIGIT TRANSIT, INC.
HUNCHO XAY, LLC
JOHN DOES
RICHARD ROE CORPORATIONS
Love Transit, Inc.
Prime Insurance Company

**DEFENDANTS**

### SUMMONS

TO: LOVE TRANSIT, INC.

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**Victor Hawk**
**Hawk Law Group**
**338 Telfair Sreet**
**Augusta, Georgia 30901**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 7th day of November, 2022.**

Clerk of Superior Court

Sabriya Hill, Clerk
Henry County, Georgia

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
HENRY COUNTY, GEORGIA

**SUCV2022002781**
DR

NOV 07, 2022 04:12 PM

Babnya Hill, Clerk
Henry County, Georgia

IN THE SUPERIOR COURT FOR THE
COUNTY OF HENRY, STATE OF GEORGIA
Civil Action File No. SUCV2022002781

ALFREDA POWELL,                                )
                                               )
            Plaintiff,                         )
                                               )
vs.                                            )        **AMENDED COMPLAINT**
                                               )
XAVIER S. FLEURIDOR; LOVE TRANSIT, LLC;        )
PRIME INSURANCE COMPANY; JOHN DOES             )
1-5; and RICHARD ROE CORPORATIONS 1-5,         )
                                               )
            Defendants.                        )

**COMES NOW**, the Plaintiff, Alfreda Powell, in the above-styled case and states her complaint against the Defendants as follows:

### PARTIES, JURISDICTION AND VENUE

1

Upon information and belief, Defendant Xavier S. Fleuridor is a citizen and resident of Clay County, Florida and may be served with process at 1951 Tomahawk Drive, Middleburg, Clay County, Florida 32068. Defendant Xavier S. Fleuridor was driving a 2013 Freightliner truck, which was owned, operated, managed, maintained, and/or controlled by Defendant Love Transit, LLC on March 13, 2021.

2

Upon information and belief, at all material times, Defendant Love Transit, LLC and Xavier S. Fleuridor, individually and collectively, and by virtue of their own independent actions and while acting as *alter egos* and agents of one another, and while acting as joint venturers in the establishment, ownership, operation, management, maintenance, and/or control of their

commercial trucking operation, and while acting through the employees, agents, and/or servants employed or utilized by them to conduct their commercial trucking operation, were conducting business and transporting commercial goods and/or products on the roads and highways in the State of Georgia, including Henry County on March 13, 2021.

3

Upon information and belief, Defendant Love Transit, LLC is a limited liability company and/or sole proprietorship operating throughout the United States to include the State of Georgia and may be served with process upon its Registered Agent, Tejinder S. Rai, 1587 Rich Drive, Yuba City, Sutter County, California 95993.

4

Upon information and belief, Defendant Prime Insurance Company is a foreign insurance company and may be served with process upon its Registered Agent, Steven Ogella, 8722 S. Harrison Street, Sandy, Salt Lake County, Utah 84070.

5

The Plaintiff is a third-party beneficiary of the insurance contract between the Defendants, which insured a 2013 Freightliner commercial motor vehicle involved in a wreck with the Plaintiff on March 13, 2021.

6

Plaintiff intends to name as defendants any other person or entity that, either directly or by joining or in concert with others were negligent and breached their duty of care in the operation of the Defendants and were responsible for the actions or inactions that caused Plaintiff's injuries. Defendant John Does 1-5 are unknown or unidentified persons or entities within the network of individuals and businesses which participated in these acts and

omissions. Plaintiff intends to name the insurance carriers insuring the Defendants as they are identified through discovery.

7

Plaintiff also intends to name as defendants any other entity who are, or were, an *alter ego* of the defendants named in this action, or who were agents of or joint venturers with the named defendants. Defendant Richard Roe Corporations 1-5 are unknown or unidentified entities that are, or were, *alter egos* of defendants or agents of or joint venturers with the named defendants in the establishment, ownership, operation, management, or control of the defendants. Plaintiff cannot determine the exact number or identities of such individuals or entities at this time.

8

Whenever the term "Defendants" is utilized within this Complaint, such term collectively refers to and includes all named Defendants in this lawsuit unless specifically restricted within a cause of action or as further defined below.

9

At all material times, Defendant Love Transit, LLC was responsible for ensuring that the operations of its business, including its fleet of commercial motor vehicles and drivers complied with all applicable federal, state, and local statutes, laws, regulations, codes, standards, and ordinances.

10

Whenever in this Complaint it is alleged that Defendant Love Transit, LLC did any act or failed to do any act, it is meant that the owners, officers, directors, managers, agents, employees, and/or servants of the designated Defendant respectively performed, participated in, or failed to perform such acts while in the course and scope of their employment or agency relationship with

the Defendant Xavier S. Fleuridor.

11

While engaged in the conduct alleged herein, Defendants each acted with the express or implied knowledge, consent, authorization, approval, and/or ratification of the other Defendants.

12

Defendant Love Transit, LLC had the right and/or power to direct and control their employees and/or agents in their transport, handling, and/or transfer of commodities, and they are personally, jointly, and severally liable for the acts and omissions committed.

13

Defendants are directly liable by virtue of their own conduct for the wrongful acts detailed herein. Defendants are also vicariously or indirectly liable for the wrongful conduct detailed herein under one or more of the following alternative legal theories: *alter ego*; agency; joint venture/enterprise; and amalgamation of interest.

14

Defendants are subject to the jurisdiction of this Honorable Court. The acts and omissions forming the basis of this Complaint arose in Henry County, Georgia. Defendants may be served with process through Georgia's Secretary of State. Ga. Const. 1983, Art. VI, Sec. IV, ¶ 1; O.C.G.A. § 15-6-8; O.C.G.A. § 40-12-2.

15

Venue is also proper in Henry County, Georgia. Ga. Const. 1983, Art. VI, Sec. II, ¶ 6; O.C.G.A. §§ 14-2-510, 14-3-510.

## FACTUAL BACKGROUND

### 16

On March 13, 2021, the Plaintiff was in an Uber vehicle on Highway 285, McDonough, Georgia in Henry County, Georgia traveling southbound. Defendant Love Transit, LLC agent, Xavier S. Fleuridor, was also traveling southbound behind the Uber vehicle in which the Plaintiff was a passenger when he failed to see that the traffic in front of him had suddenly stopped thereby rear ending the vehicle in which the Plaintiff was a passenger. The Plaintiff sustained injuries as a result.

### 17

The vehicle driven the Defendant Xavier S. Fleuriodor was a 2013 Freightliner commercial motor vehicle owned by Defendant Love Transit, LLC.

### 18

When the Defendants' agent caused the collision with the Plaintiff's vehicle, said Defendants violated O.C.G.A. § 40-6-123, which was enacted for the safety and protection of individuals and drivers properly operating motor vehicles on the roads of the State of Georgia.

### 19

The Defendants' agent was negligent, grossly negligent, reckless, willful, and wanton in his conduct which caused a collision with the vehicle in which Plaintiff was a passenger.

### COUNT I
### NEGLIGENCE/GROSS NEGLIGENCE/RECKLESS CONDUCT

### 20

Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 19 as if fully set forth *verbatim*.

21

Defendants owed the Plaintiff and other members of the public a legal duty to operate their commercial motor vehicle with ordinary and reasonable care, to act as a reasonable and prudent driver, and to obey all Federal, State, and local laws, statutes, regulations, ordinances, and standards related to the operation of the commercial motor vehicle.

22

Defendants breached their duties owed to Plaintiff and failed to exercise ordinary and reasonable care in the operation of the commercial motor vehicle. Defendants' ordinary negligence, carelessness, gross negligence, and recklessness included, but was not limited to:

    a. Failure to safely operate the commercial motor vehicle to avoid and prevent a dangerous collision, including serious injury to the Plaintiff;

    b. Failure to maintain proper control over the commercial motor vehicle;

    c. In operating the commercial motor vehicle in a distracted manner;

    d. Failure to obey statutory and common laws of the State of Georgia;

    e. Failure to establish or abide by, implement, and/or enforce appropriate safety, training, and fundamental policies and procedures to prevent harm to the Plaintiff and avoid the known consequences of unsafe operation of the commercial motor vehicle; and

    f. In violating Federal and State laws applicable to commercial motor vehicles, including but not limited to regulations promulgated by the Federal Motor Carrier Safety Administration and standards set forth by the Georgia Department of Driver Services.

23

As a result of the negligence, gross negligence, negligence *per se*, carelessness, and recklessness of Defendants, the Defendants proximately caused injuries and damages to the Plaintiff.

## COUNT II
## IMPUTED LIABILITY

### 24

Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 23 as if fully set forth *verbatim.*

### 25

At the time of the subject collision, Defendant Xavier S. Fleuridor was under dispatch for Defendant Love Transit, LLC.

### 26

At the time of the subject collision, Defendant Xavier S. Fleuridor was operating his commercial motor vehicle on behalf of Defendants.

### 27

Upon information and belief, Defendant Love Transit, LLC is an interstate motor carrier, and pursuant to Federal and State laws, is responsible for the actions of Defendant Xavier S. Fleuridor regarding the collision described in this Complaint under the doctrine of lease liability, agency (actual or apparent), or other theories of liability identified herein.

## COUNT III
## NEGLIGENT HIRING, TRAINING &
## SUPERVISION

### 28

Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 27 as if fully set forth *verbatim.*

### 29

Defendant Love Transit, LLC had a duty to exercise reasonable care in the hiring,

training, and supervision of Defendant Xavier S. Fleuridor.

30

Defendant Love Transit, LLC was negligent, careless, grossly negligent, reckless, and wanton in the following particulars:

    a. In hiring Defendant Xavier S. Fleuridor and entrusting him to drive the commercial motor vehicle;

    b. In failing to properly train Defendant Xavier S. Fleuridor;

    c. In failing to properly supervise Defendant Xavier S. Fleuridor;

    d. In failing to have in place policies and procedures to properly, hire, train, retain, supervise and/or monitor its drivers, including Defendant Xavier S. Fleuridor or if such procedures were in place, in failing to enforce them;

    e. In failing to have in place adequate policies and procedures to mandate compliance by its drivers, including Defendant Xavier S. Fleuridor, with statutes, laws, and regulations regarding the operation of motor vehicles, or if such policies and procedures were in place, in failing to enforce them;

    f. In failing to have in place an adequate safety program for the safety and protection of the motoring public, including the Plaintiff, or if such program was in place, in failing to implement it; and

    g. In generally failing to use the degree of care and caution that a reasonably prudent entity would have used under the same or similar circumstances.

31

As a result of the negligence, gross negligence, negligence *per se,* carelessness, and recklessness of Defendants proximately caused injuries and damages to the Plaintiff.

## COUNT IV
## DAMAGES

32

Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 31 as if set forth fully herein *verbatim.*

33

As a proximate result of the Defendants' and/or agents' negligence, the Plaintiff was caused to suffer the following:

a.     Medical expenses in the amount of $23,112.20 as set out as follows:

| Georgia Injury Center | $10,570.00 |
| Piedmont Henry Hospital | $12,542.20 |
| Total Medical: | $23,112.20 |

34

As a further direct and proximate result of Defendants' negligent and wrongful actions, Plaintiff has suffered, and will continue to suffer, general damages, as identified above, including physical and mental pain and suffering, emotional distress, mental anguish, stress, anxiety, limitations of mobility, disability, discomfort, inconvenience, alterations of lifestyle, loss of enjoyment of life, loss of quality of life, loss of income and earning potential, and other economic and non-economic damages.

35

Defendants are liable for said damages.

## COUNT V
## PUNITIVE DAMAGES

### 36

Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 35 as if fully set forth *verbatim*.

### 37

The acts and omissions of the Defendants demonstrate recklessness, willful and wanton misconduct, and/or a conscious indifference and disregard for the safety, health, and welfare of the Plaintiff.

### 38

Defendants knew or should have known that said conduct was substantially certain to result in injury, damage, or other harm to the Plaintiff. Notwithstanding notice of Plaintiff's reasonable likelihood of harm, Defendants failed to act to prevent such harm, including severe injuries and damages.

### 39

Defendants are liable for punitive damages to Plaintiff, and punitive damages should be awarded against Defendants to deter them from repeated misconduct.

**WHEREFORE,** the Plaintiff prays that she be awarded the following:

a) That a process be issued and copy of this Summons and Complaint be served upon Defendants as provided by law;

b) That Plaintiff recovers fair and reasonable special damages in the amount of $23,112.20 for medical expenses;

c) That Plaintiff recovers compensatory damages, including future medical expenses, for all claims and counts alleged herein as shown by the evidence at the trial of this case;

d) That Plaintiff recovers for past and future physical and mental pain and suffering

and other general damages in an amount to be determined by the enlightened conscience of a jury;

e) That Plaintiff recovers punitive damages in an amount to be determined by the enlightened conscience of a jury;

f) That Plaintiff recovers the costs of this action;

g) That Plaintiff be granted a jury to try this case; and

h) That Plaintiff recovers such other and further relief as is just and proper.

PLAINTIFF FURTHER DEMANDS A JURY TRIAL.

Dated this 7th day of November 2022.

/s/ Victor Hawk
VICTOR HAWK
Georgia Bar No. 338650

/s/ Marion Chace Hawk
MARION CHACE HAWK
Georgia Bar No. 440388

*Attorneys for Plaintiff*

HAWK LAW GROUP
338 Telfair Street
Augusta, GA 30901
(706) 722-3500
vhawk@hawklawgroup.com
chawk@hawklawgroup.com

# SUPERIOR COURT OF HENRY COUNTY
## STATE OF GEORGIA

CLERK OF SUPERIOR COURT
HENRY COUNTY, GEORGIA
## SUCV2022002781
DR
NOV 07, 2022 04:12 PM

Sabriya Hill, Clerk
Henry County, Georgia

CIVIL ACTION NUMBER  SUCV2022002781

POWELL, ALFREDA

**PLAINTIFF**

VS.

FLEURIDOR, XAVIER S.
LIGIT TRANSIT, INC.
HUNCHO XAY, LLC
JOHN DOES
RICHARD ROE CORPORATIONS
Love Transit, Inc.
Prime Insurance Company

**DEFENDANTS**

## SUMMONS

TO: LOVE TRANSIT, INC.

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**Victor Hawk**
**Hawk Law Group**
**338 Telfair Sreet**
**Augusta, Georgia 30901**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 7th day of November, 2022.**

Clerk of Superior Court

Sabriya Hill, Clerk
Henry County, Georgia

⚖ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
HENRY COUNTY, GEORGIA

**SUCV2022002781**
DR

NOV 07, 2022 04:12 PM

Sabrina Hill, Clerk
Henry County, Georgia

IN THE SUPERIOR COURT FOR THE
COUNTY OF HENRY, STATE OF GEORGIA
Civil Action File No. SUCV2022002781

| | |
|---|---|
| **ALFREDA POWELL,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **AMENDED COMPLAINT** |
| ) | |
| **XAVIER S. FLEURIDOR; LOVE TRANSIT, LLC;** ) | |
| **PRIME INSURANCE COMPANY; JOHN DOES** ) | |
| **1-5; and RICHARD ROE CORPORATIONS 1-5,** ) | |
| ) | |
| Defendants. ) | |

    **COMES NOW**, the Plaintiff, Alfreda Powell, in the above-styled case and states her complaint against the Defendants as follows:

## PARTIES, JURISDICTION AND VENUE

1

    Upon information and belief, Defendant Xavier S. Fleuridor is a citizen and resident of Clay County, Florida and may be served with process at 1951 Tomahawk Drive, Middleburg, Clay County, Florida 32068. Defendant Xavier S. Fleuridor was driving a 2013 Freightliner truck, which was owned, operated, managed, maintained, and/or controlled by Defendant Love Transit, LLC on March 13, 2021.

2

    Upon information and belief, at all material times, Defendant Love Transit, LLC and Xavier S. Fleuridor, individually and collectively, and by virtue of their own independent actions and while acting as *alter egos* and agents of one another, and while acting as joint venturers in the establishment, ownership, operation, management, maintenance, and/or control of their

commercial trucking operation, and while acting through the employees, agents, and/or servants employed or utilized by them to conduct their commercial trucking operation, were conducting business and transporting commercial goods and/or products on the roads and highways in the State of Georgia, including Henry County on March 13, 2021.

3

Upon information and belief, Defendant Love Transit, LLC is a limited liability company and/or sole proprietorship operating throughout the United States to include the State of Georgia and may be served with process upon its Registered Agent, Tejinder S. Rai, 1587 Rich Drive, Yuba City, Sutter County, California 95993.

4

Upon information and belief, Defendant Prime Insurance Company is a foreign insurance company and may be served with process upon its Registered Agent, Steven Ogella, 8722 S. Harrison Street, Sandy, Salt Lake County, Utah 84070.

5

The Plaintiff is a third-party beneficiary of the insurance contract between the Defendants, which insured a 2013 Freightliner commercial motor vehicle involved in a wreck with the Plaintiff on March 13, 2021.

6

Plaintiff intends to name as defendants any other person or entity that, either directly or by joining or in concert with others were negligent and breached their duty of care in the operation of the Defendants and were responsible for the actions or inactions that caused Plaintiff's injuries. Defendant John Does 1-5 are unknown or unidentified persons or entities within the network of individuals and businesses which participated in these acts and

omissions. Plaintiff intends to name the insurance carriers insuring the Defendants as they are identified through discovery.

7

Plaintiff also intends to name as defendants any other entity who are, or were, an *alter ego* of the defendants named in this action, or who were agents of or joint venturers with the named defendants. Defendant Richard Roe Corporations 1-5 are unknown or unidentified entities that are, or were, *alter egos* of defendants or agents of or joint venturers with the named defendants in the establishment, ownership, operation, management, or control of the defendants. Plaintiff cannot determine the exact number or identities of such individuals or entities at this time.

8

Whenever the term "Defendants" is utilized within this Complaint, such term collectively refers to and includes all named Defendants in this lawsuit unless specifically restricted within a cause of action or as further defined below.

9

At all material times, Defendant Love Transit, LLC was responsible for ensuring that the operations of its business, including its fleet of commercial motor vehicles and drivers complied with all applicable federal, state, and local statutes, laws, regulations, codes, standards, and ordinances.

10

Whenever in this Complaint it is alleged that Defendant Love Transit, LLC did any act or failed to do any act, it is meant that the owners, officers, directors, managers, agents, employees, and/or servants of the designated Defendant respectively performed, participated in, or failed to perform such acts while in the course and scope of their employment or agency relationship with

the Defendant Xavier S. Fleuridor.

11

While engaged in the conduct alleged herein, Defendants each acted with the express or implied knowledge, consent, authorization, approval, and/or ratification of the other Defendants.

12

Defendant Love Transit, LLC had the right and/or power to direct and control their employees and/or agents in their transport, handling, and/or transfer of commodities, and they are personally, jointly, and severally liable for the acts and omissions committed.

13

Defendants are directly liable by virtue of their own conduct for the wrongful acts detailed herein. Defendants are also vicariously or indirectly liable for the wrongful conduct detailed herein under one or more of the following alternative legal theories: *alter ego*; agency; joint venture/enterprise; and amalgamation of interest.

14

Defendants are subject to the jurisdiction of this Honorable Court. The acts and omissions forming the basis of this Complaint arose in Henry County, Georgia. Defendants may be served with process through Georgia's Secretary of State. Ga. Const. 1983, Art. VI, Sec. IV, ¶1; O.C.G.A. § 15-6-8; O.C.G.A. § 40-12-2.

15

Venue is also proper in Henry County, Georgia. Ga. Const. 1983, Art. VI, Sec. II, ¶ 6; O.C.G.A. §§ 14-2-510, 14-3-510.

## FACTUAL BACKGROUND

16

On March 13, 2021, the Plaintiff was in an Uber vehicle on Highway 285, McDonough, Georgia in Henry County, Georgia traveling southbound.  Defendant Love Transit, LLC agent, Xavier S. Fleuridor, was also traveling southbound behind the Uber vehicle in which the Plaintiff was a passenger when he failed to see that the traffic in front of him had suddenly stopped thereby rear ending the vehicle in which the Plaintiff was a passenger.  The Plaintiff sustained injuries as a result.

17

The vehicle driven the Defendant Xavier S. Fleuriodor was a 2013 Freightliner commercial motor vehicle owned by Defendant Love Transit, LLC.

18

When the Defendants' agent caused the collision with the Plaintiff's vehicle, said Defendants violated O.C.G.A. § 40-6-123, which was enacted for the safety and protection of individuals and drivers properly operating motor vehicles on the roads of the State of Georgia.

19

The Defendants' agent was negligent, grossly negligent, reckless, willful, and wanton in his conduct which caused a collision with the vehicle in which Plaintiff was a passenger.

## COUNT I
## NEGLIGENCE/GROSS NEGLIGENCE/RECKLESS CONDUCT

20

Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 19 as if fully set forth *verbatim*.

21

Defendants owed the Plaintiff and other members of the public a legal duty to operate their commercial motor vehicle with ordinary and reasonable care, to act as a reasonable and prudent driver, and to obey all Federal, State, and local laws, statutes, regulations, ordinances, and standards related to the operation of the commercial motor vehicle.

22

Defendants breached their duties owed to Plaintiff and failed to exercise ordinary and reasonable care in the operation of the commercial motor vehicle. Defendants' ordinary negligence, carelessness, gross negligence, and recklessness included, but was not limited to:

> a.  Failure to safely operate the commercial motor vehicle to avoid and prevent a dangerous collision, including serious injury to the Plaintiff;
>
> b.  Failure to maintain proper control over the commercial motor vehicle;
>
> c.  In operating the commercial motor vehicle in a distracted manner;
>
> d.  Failure to obey statutory and common laws of the State of Georgia;
>
> e.  Failure to establish or abide by, implement, and/or enforce appropriate safety, training, and fundamental policies and procedures to prevent harm to the Plaintiff and avoid the known consequences of unsafe operation of the commercial motor vehicle; and
>
> f.  In violating Federal and State laws applicable to commercial motor vehicles, including but not limited to regulations promulgated by the Federal Motor Carrier Safety Administration and standards set forth by the Georgia Department of Driver Services.

23

As a result of the negligence, gross negligence, negligence *per se*, carelessness, and recklessness of Defendants, the Defendants proximately caused injuries and damages to the Plaintiff.

## COUNT II
## IMPUTED LIABILITY

### 24

Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 23 as if fully set forth *verbatim*.

### 25

At the time of the subject collision, Defendant Xavier S. Fleuridor was under dispatch for Defendant Love Transit, LLC.

### 26

At the time of the subject collision, Defendant Xavier S. Fleuridor was operating his commercial motor vehicle on behalf of Defendants.

### 27

Upon information and belief, Defendant Love Transit, LLC is an interstate motor carrier, and pursuant to Federal and State laws, is responsible for the actions of Defendant Xavier S. Fleuridor regarding the collision described in this Complaint under the doctrine of lease liability, agency (actual or apparent), or other theories of liability identified herein.

## COUNT III
## NEGLIGENT HIRING, TRAINING &
## SUPERVISION

### 28

Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 27 as if fully set forth *verbatim*.

### 29

Defendant Love Transit, LLC had a duty to exercise reasonable care in the hiring,

training, and supervision of Defendant Xavier S. Fleuridor.

30

Defendant Love Transit, LLC was negligent, careless, grossly negligent, reckless, and wanton in the following particulars:

    a. In hiring Defendant Xavier S. Fleuridor and entrusting him to drive the commercial motor vehicle;

    b. In failing to properly train Defendant Xavier S. Fleuridor;

    c. In failing to properly supervise Defendant Xavier S. Fleuridor;

    d. In failing to have in place policies and procedures to properly, hire, train, retain, supervise and/or monitor its drivers, including Defendant Xavier S. Fleuridor or if such procedures were in place, in failing to enforce them;

    e. In failing to have in place adequate policies and procedures to mandate compliance by its drivers, including Defendant Xavier S. Fleuridor, with statutes, laws, and regulations regarding the operation of motor vehicles, or if such policies and procedures were in place, in failing to enforce them;

    f. In failing to have in place an adequate safety program for the safety and protection of the motoring public, including the Plaintiff, or if such program was in place, in failing to implement it; and

    g. In generally failing to use the degree of care and caution that a reasonably prudent entity would have used under the same or similar circumstances.

31

As a result of the negligence, gross negligence, negligence *per se,* carelessness, and recklessness of Defendants proximately caused injuries and damages to the Plaintiff.

## COUNT IV
## DAMAGES

32

Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 31 as if set forth fully herein *verbatim.*

33

As a proximate result of the Defendants' and/or agents' negligence, the Plaintiff was caused to suffer the following:

a.    Medical expenses in the amount of $23,112.20 as set out as follows:

| | |
|---|---|
| Georgia Injury Center | $10,570.00 |
| Piedmont Henry Hospital | $12,542.20 |
| Total Medical: | $23,112.20 |

34

As a further direct and proximate result of Defendants' negligent and wrongful actions, Plaintiff has suffered, and will continue to suffer, general damages, as identified above, including physical and mental pain and suffering, emotional distress, mental anguish, stress, anxiety, limitations of mobility, disability, discomfort, inconvenience, alterations of lifestyle, loss of enjoyment of life, loss of quality of life, loss of income and earning potential, and other economic and non-economic damages.

35

Defendants are liable for said damages.

## COUNT V
## PUNITIVE DAMAGES

### 36

Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 35 as if fully set forth *verbatim*.

### 37

The acts and omissions of the Defendants demonstrate recklessness, willful and wanton misconduct, and/or a conscious indifference and disregard for the safety, health, and welfare of the Plaintiff.

### 38

Defendants knew or should have known that said conduct was substantially certain to result in injury, damage, or other harm to the Plaintiff. Notwithstanding notice of Plaintiff's reasonable likelihood of harm, Defendants failed to act to prevent such harm, including severe injuries and damages.

### 39

Defendants are liable for punitive damages to Plaintiff, and punitive damages should be awarded against Defendants to deter them from repeated misconduct.

**WHEREFORE,** the Plaintiff prays that she be awarded the following:

a) That a process be issued and copy of this Summons and Complaint be served upon Defendants as provided by law;

b) That Plaintiff recovers fair and reasonable special damages in the amount of $23,112.20 for medical expenses;

c) That Plaintiff recovers compensatory damages, including future medical expenses, for all claims and counts alleged herein as shown by the evidence at the trial of this case;

d) That Plaintiff recovers for past and future physical and mental pain and suffering

and other general damages in an amount to be determined by the enlightened conscience of a jury;

e) That Plaintiff recovers punitive damages in an amount to be determined by the enlightened conscience of a jury;

f) That Plaintiff recovers the costs of this action;

g) That Plaintiff be granted a jury to try this case; and

h) That Plaintiff recovers such other and further relief as is just and proper.

PLAINTIFF FURTHER DEMANDS A JURY TRIAL.

Dated this 7th day of November 2022.


/s/ Victor Hawk
VICTOR HAWK
Georgia Bar No. 338650


/s/ Marion Chace Hawk
MARION CHACE HAWK
Georgia Bar No. 440388

*Attorneys for Plaintiff*


HAWK LAW GROUP
338 Telfair Street
Augusta, GA 30901
(706) 722-3500
vhawk@hawklawgroup.com
chawk@hawklawgroup.com

E-filed in Office
Clerk of Superior Court
1/12/2023 4:36 PM
Henry County, GA
Sabriya Hill Clerk
Case Number: SUCV2022002781DR

## IN THE SUPERIOR COURT OF HENRY COUNTY
## STATE OF GEORGIA

ALFREDA POWELL,

      Plaintiff,

v.

XAVIER S. FLEURIDOR; LOVE TRANSIT,
LLC; PRIME INSURANCE COMPANY;
JOHN DOES 1-5; and RICHARD ROE
CORPORATIONS 1-5

      Defendants.

CIVIL ACTION FILE NO.:
SUCV-2022-002781

### DEFENDANT XAVIER S. FLEURIDOR'S ANSWER AND DEFENSES TO
### PLAINTIFF'S AMENDED COMPLAINT

COMES NOW defendant, Xavier S. Fleuridor ("defendant" or "this defendant"), by and through counsel, and by way of special appearance, without waiving but specifically reserving all jurisdictional defenses available to him, and serves his answer and defenses to plaintiff's Amended Complaint ("plaintiff's complaint") as follows:

### FIRST DEFENSE

All or part of plaintiff's complaint fails to state a cause of action against this defendant upon which relief can be granted.

### SECOND DEFENSE

Further answering the numbered paragraphs of plaintiff's complaint, defendant answers as follows:

<u>Response to: ALLEGED PARTIES, JURISDICTION AND VENUE</u>

1.

Defendant admits only that portion of paragraph 1 of plaintiff's complaint that he is a citizen and resident of Florida, can be served in accordance with Georgia law, and that he was driving a 2013 Freightliner truck on the day of the subject accident. Defendant denies the remaining allegations contained in paragraph 1 of plaintiff's complaint.

2.

The allegations contained in paragraph 2 of plaintiff's complaint call for legal conclusions and therefore no response is required of defendant. However, to the extent a response is required, defendant admits only that portion of paragraph 2 of plaintiff's complaint that, on the date of the subject accident, he was driving on the roads of Henry County, in the State of Georgia, and was transporting goods. Defendant denies the remaining allegations contained in paragraph 2 of plaintiff's complaint.

3.

Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 3 of plaintiff's complaint and can neither admit nor deny said allegations.

4.

Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 4 of plaintiff's complaint and can neither admit nor deny said allegations.

5.

Paragraph 5 of plaintiff's complaint calls for legal conclusions and therefore no response is required of this defendant. To the extent a response is required, defendant denies the allegations contained in paragraph 5 of plaintiff's complaint.

6.

Paragraph 6 of plaintiff's complaint does not contain any factual allegations as to defendant and therefore no response is required of this defendant.

7.

Paragraph 7 of plaintiff's complaint does not contain any factual allegations as to defendant and therefore no response is required of this defendant.

8.

Paragraph 8 of plaintiff's complaint does not contain any factual allegations as to defendant and therefore no response is required of this defendant.

9.

Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 9 of plaintiff's complaint and can neither admit nor deny said allegations.

10.

Paragraph 10 of plaintiff's complaint calls for legal conclusions and therefore no response is required of this defendant. However, to the extent a response is required, defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 10 of plaintiff's complaint and can neither admit nor deny said allegations.

11.

Defendant denies the allegations contained in paragraph 11 of plaintiff's complaint.

12.

Defendant denies the allegations contained in paragraph 12 of plaintiff's complaint.

13.

Defendant denies the allegations contained in paragraph 13 of plaintiff's complaint.

14.

Defendant only admits that he can be served in accordance with Georgia law and that the subject accident occurred in Henry County, Georgia. Defendant denies the remaining allegations contained in paragraph 14 of the plaintiff's complaint.

15.

Defendant denies the allegations contained in paragraph 15 of the plaintiff's complaint.

Response to: ALLEGED FACTUAL BACKGROUND

16.

Defendant admits only that portion of the facts alleged in paragraph 16 of plaintiff's complaint that he was traveling southbound and was behind the plaintiff's vehicle when the subject accident occurred. Defendant denies that he was negligent and denies the remaining facts as alleged in paragraph 16 of plaintiff's complaint.

17.

Defendant admits only that portion of the facts alleged in paragraph 17 of plaintiff's complaint that he was driving a 2013 Freightliner truck on the day of the subject accident. Defendant denies the remaining allegations contained in paragraph 17 of plaintiff's complaint.

18.

Defendant denies the facts as alleged in paragraph 18 of plaintiff's complaint.

19.

Defendant denies the facts as alleged in paragraph 19 of plaintiff's complaint.

<u>Response to: COUNT I</u>
<u>ALLEGED NEGLIGENCE/GROSS NEGLIGENCE/RECKLESS
CONDUCT</u>

20.

Defendant realleges and incorporates his responses in paragraphs 1 through 19 above, as if fully stated herein.

21.

Defendant admits only that portion of the allegations contained in paragraph 21 of plaintiff's complaint that any duties he may have owed to plaintiff or others are defined by Georgia law. To the extent the allegations contained in paragraph 21 of plaintiff's complaint are inconsistent with Georgia law and/or facts of this case, they are denied.

22.

Defendant denies the allegations contained in paragraph 22, including subparagraphs a. through f. thereof, of the plaintiff's complaint.

23.

Defendant denies the allegations contained in paragraph 23 of the plaintiff's complaint.

<u>Response to: COUNT II</u>
<u>ALLEGED IMPUTED LIABILITY</u>

24.

Defendant realleges and incorporates his responses in paragraphs 1 through 23 above, as if fully stated herein.

25.

Defendant denies the allegations contained in paragraph 25 of the plaintiff's complaint as pled.

26.

Defendant denies the allegations contained in paragraph 26 of the plaintiff's complaint as pled.

27.

Paragraph 27 of plaintiff's complaint calls for legal conclusions and therefore no response is required of this defendant. However, to the extent a response is required, defendant does not possess sufficient information to form a belief as to the truth of the remaining allegations contained in paragraph 27 of plaintiff's complaint and can neither admit nor deny said allegations.

<u>Response to: COUNT III</u>
<u>ALLEGED NEGLIGENT HIRING,</u>
<u>TRAINING & SUPERVISION</u>

28.

Defendant realleges and incorporates his responses in paragraphs 1 through 27 above, as if fully stated herein.

29.

Defendant denies the facts as alleged in paragraph 29 of plaintiff's complaint.

30.

Defendant denies the facts as alleged in paragraph 30 of plaintiff's complaint including subparagraphs a.-g.

31.

Defendant denies the allegations contained in paragraph 31 of the plaintiff's complaint.

<u>Response to: COUNT IV</u>
<u>ALLEGED DAMAGES</u>

32.

Defendant realleges and incorporates his responses in paragraphs 1 through 31 above, as if fully stated herein.

33.

Defendant denies the allegations contained in paragraph 33 of the plaintiff's complaint as pled.

34.

Defendant denies the allegations contained in paragraph 34 of the plaintiff's complaint as pled.

35.

Defendant denies the allegations contained in paragraph 35 of the plaintiff's complaint.

<u>Response to: COUNT V</u>
<u>ALLEGED PUNITIVE DAMAGES</u>

36.

Defendant realleges and incorporates his responses in paragraphs 1 through 35 above, as if fully stated herein.

37.

Defendant denies the allegations contained in paragraph 37 of the plaintiff's complaint.

38.

Defendant denies the allegations contained in paragraph 38 of the plaintiff's complaint.

39.

Defendant denies the allegations contained in paragraph 39 of the plaintiff's complaint

40.

In response to the "WHEREFORE" paragraph immediately following paragraph 39 of the plaintiff's complaint, including subparagraphs a) through h) thereof, defendant denies that he is are liable to plaintiff and that plaintiff is entitled to any relief from this defendant under any theory at law or in equity.

41.

Any allegation in plaintiff's complaint that was not specifically addressed and admitted is hereby denied.

## **THIRD DEFENSE**

The plaintiff's complaint, to the extent that it seeks punitive or exemplary damages, violates this defendant's right to protection from excessive fines as provided in the Eighth Amendment of the Constitution of the United States and violates the defendant's right to the substantive due process as provided in the Fifth Amendment and Fourteenth Amendment of the United States Constitution, and therefore fails to state a cause of action supporting punitive damages.

## FOURTH DEFENSE

All claims for punitive damages in the plaintiff's complaint violate the Constitution of the State of Georgia and due process clause of the Fourteenth Amendment of the United States Constitution, because Georgia law does not restrict an award of punitive damages to a reasonable relationship for the actual harm nor does it have any type of objective criteria for awarding punitive damages; it does not require that punitive damages bear relationship to any compensatory damages allowed; it allows punitive damages to be awarded based on nominal damages only; and it allows punitive damages to be awarded under an evidentiary standard which is less than beyond a reasonable doubt.

## FIFTH DEFENSE

The plaintiff's claim for punitive damages violates the United States Supreme Court's holding in *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2000).

## SIXTH DEFENSE

Plaintiff's claim for attorneys' fees and expenses of litigation, to the extent that it arises under O.C.G.A. § 13-6-11, is barred because this defendant did not act in bad faith in the underlying transaction giving rise to this suit.

## SEVENTH DEFENSE

Plaintiff's claim for attorneys' fees and expenses of litigation, to the extent that it arises under O.C.G.A. § 13-6-11, is barred by the existence of a bona fide dispute as to liability and/or damages.

## EIGHTH DEFENSE

Venue is improper in this Court as to one or more defendants, and, as a result thereof, plaintiff's complaint must be dismissed.

## NINTH DEFENSE

This Honorable Court lacks jurisdiction over this defendant and, as a result thereof, plaintiff's complaint must be dismissed.

## TENTH DEFENSE

Service of process is insufficient as to this defendant and, as a result thereof, plaintiff's complaint must be dismissed.

## ELEVENTH DEFENSE

No act or omission of defendants either proximately caused or contributed to whatever damage the plaintiff may have sustained, and on account thereof, plaintiff is not entitled to recover any sum of defendant.

## TWELFTH DEFENSE

The occurrence complained of was caused, produced and brought about directly and proximately by the negligence of some other person or persons for whom this defendant was not responsible and, on account thereof, plaintiff is not entitled to recover any sum of defendant.

## THIRTEENTH DEFENSE

The negligence of some other person or persons for whom this defendant was not responsible equaled or preponderated over any act or omission of this defendant in producing and bringing about the occurrence complained of, and on account thereof, plaintiff is not entitled to recover any sum of this defendant.

## FOURTEENTH DEFENSE

Defendant is not liable to plaintiff, as the occurrence complained of in plaintiff's complaint was caused by pure accident, unmixed with any negligence on the part of this defendant.

## FIFTEENTH DEFENSE

Defendant pleads all applicable affirmative defenses which it may be required to plead pursuant to and as provided by O.C.G.A. § 9-11-8(c) and O.C.G.A. § 9-11-12 (b) and (h) and incorporates all defensive matters set forth in those statutory provisions herein as if affirmatively set forth and pled. Defendant specifically reserves the right to amend their defensive pleadings and set forth any other defenses as investigation and discovery in the above-captioned matter continues.

## SIXTEENTH DEFENSE

To the extent as may be shown by the evidence through discovery, defendant asserts the defenses of assumption of the risk, contributory/comparative negligence, failure of plaintiff to exercise applicable legal standard care for plaintiff's own safety, failure to avoid consequences, failure to mitigate damages, accord and satisfaction, arbitration and award, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, last clear chance, license, payment, release, res judicata, statute of frauds, statute of limitations, and waiver.

WHEREFORE, this defendant, having fully listed his defenses and having fully answered the plaintiff's complaint, prays as follows:

(a)    That judgment be entered in favor of this defendant and against plaintiff on the plaintiff's complaint;

(b)    That the costs of this action, including attorney's fees, if any, be cast against plaintiff; and

(c)    That the Court grant such other and further relief as it may deem just and proper.

This 12th day of January 2023.

**FREEMAN MATHIS & GARY, LLP**

*/s/ Wayne S. Melnick*
WAYNE S. MELNICK
Georgia Bar No. 501267
wmelnick@fmglaw.com
SANGEETHA KRISHNAKUMAR
Georgia Bar No. 394925
sangeetha.krishnakumar@fmglaw.com
*Attorneys for Defendants Xavier S. Fleuridor and
Love Transit LLC*

100 Galleria Parkway
Suite 1600
Atlanta, Georgia 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)

**DEFENDANT DEMANDS A TRIAL BY JURY OF TWELVE ON ALL ISSUES SO
TRIABLE**

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically submitted the foregoing pleading to the

Clerk of Court using the Court's electronic filing system which will automatically send electronic

mail notification of such filing to the following counsel of record:

Victor Hawk Esq
Marion C Hawk Esq
Hawk Law Group
338 Telfair Street
Augusta GA 30901
vhawk@hawklawgroup.com
chawk@hawklawgroup.com

Nicholas J Roger Esq
Lynn Leonard Associates
2400 Century Parkway
Suite 200
Atlanta GA 30345
nick.roger@statefarm.com

Rudy T Harris Esq
Law Offices of Kelly Goodwin
5 Concourse Pkwy Suite 2440
Atlanta, GA 30328, United States
rudy.harris@usaa.com

Alex Prescott Esq
Steve Rapp, Esq
Weinberg Wheeler Hudgins Gunn & Dial
3344 Peachtree Road NE, Suite 2400
Atlanta, GA 30326
JPrescott@wwhgd.com
SRapp@wwhgd.com

This 12th day of January, 2023.

/s/ Wayne S. Melnick
WAYNE S. MELNICK
Georgia Bar No. 501267
wmelnick@fmglaw.com
SANGEETHA KRISHNAKUMAR
Georgia Bar No. 394925
sangeetha.krishnakumar@fmglaw.com
*Attorneys for Defendants Xavier S. Fleuridor
and Love Transit LLC*

FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway
Suite 1600
Atlanta, Georgia 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)

⊕ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
HENRY COUNTY, GEORGIA

**SUCV2022002781**
DR
JAN 16, 2023 02:19 PM

Sabriya Hill, Clerk
Henry County, Georgia

IN THE SUPERIOR COURT OF HENRY COUNTY
STATE OF GEORGIA

ALFREDA POWELL,

          Plaintiff,

v.

XAVIER S. FLEURIDOR; LOVE TRANSIT,
LLC; PRIME INSURANCE COMPANY;
JOHN DOES 1-5; and RICHARD ROE
CORPORATIONS 1-5,

          Defendants.

CIVIL ACTION FILE
NO. SUCV2022002781

## DEFENDANT LOVE TRANSIT, LLC'S
## ANSWER AND DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT

COMES NOW defendant, Love Transit, LLC ("defendant" or "this defendant"), by and through counsel, and by way of special appearance, without waiving but specifically reserving all jurisdictional defenses available to it, and serves its answer and defenses to plaintiff's Amended Complaint ("plaintiff's complaint") as follows:

### FIRST DEFENSE

All or part of plaintiff's complaint fails to state a cause of action against this defendant upon which relief can be granted.

### SECOND DEFENSE

Further answering the numbered paragraphs of plaintiff's complaint, defendant answers as follows:

Response to: PARTIES, JURISDICTION AND VENUE

1.

Defendant admits only that portion of paragraph 1 of plaintiff's complaint that Xavier s. Fleuridor ("Fleuridor") was driving a 2013 Freightliner truck at the time of the subject accident.

Defendant denies that portion of paragraph 1 of plaintiff's complaint it owned, operated, managed, maintained and/or controlled the 2013 Freightliner truck. Defendant does not possess sufficient information to form a belief as to the truth of the remaining allegations contained in paragraph 1 of plaintiff's complaint and can neither admit nor deny said allegations.

2.

The allegations contained in paragraph 2 of plaintiff's complaint call for legal conclusions and therefore no response is required of defendant. However, to the extent a response is required, defendant admits only that portion of paragraph 2 of plaintiff's complaint that on the date of the subject accident, defendant had a commercial trucking operation, that Fleuridor was driving on the roads of Henry County, in the State of Georgia, and that Fleuridor was transporting goods on the date of the subject accident. Defendant denies the remaining allegations contained in paragraph 2 of plaintiff's complaint.

3.

Defendant admits only that portion of paragraph 3 of plaintiff's complaint that it is a Limited Liability Company that operates in states, including Georgia, and can be served in accordance with Georgia law. Defendant denies the remaining allegations contained in paragraph 3 of plaintiff's complaint

4.

Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 4 of plaintiff's complaint and can neither admit nor deny said allegations.

5.

Paragraph 5 of plaintiff's complaint calls for legal conclusions and therefore no response is required of this defendant. To the extent a response is required, defendant denies the allegations contained in paragraph 5 of plaintiff's complaint.

6.

Paragraph 6 of plaintiff's complaint does not contain any factual allegations as to defendant and therefore no response is required of this defendant.

7.

Paragraph 7 of plaintiff's complaint does not contain any factual allegations as to defendant and therefore no response is required of this defendant.

8.

Paragraph 8 of plaintiff's complaint does not contain any factual allegations as to defendant and therefore no response is required of this defendant.

9.

Defendant admits only that portion of paragraph 9 of plaintiff's complaint that its duties and responsibilities are defined by applicable law.  To the extent the allegations contained in paragraph 9 of plaintiff's complaint are inconsistent with appliable law, they are denied.

10.

Paragraph 10 of plaintiff's complaint calls for legal conclusions and therefore no response is required of this defendant. However, to the extent a response is required, defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 10 of plaintiff's complaint and can neither admit nor deny said allegations.

11.

Defendant denies the allegations contained in paragraph 11 of plaintiff's complaint.

- 3 -

12.

Defendant denies the allegations contained in paragraph 12 of plaintiff's complaint.

13.

Defendant denies the allegations contained in paragraph 13 of plaintiff's complaint.

14.

Defendant only admits that portion of the facts alleged in paragraph 14 of plaintiff's complaint that it can be served in accordance with Georgia law and that the subject accident occurred in Henry County, Georgia. Defendant denies the remaining allegations contained in paragraph 14 of the plaintiff's complaint.

15.

Defendant denies the allegations contained in paragraph 15 of the plaintiff's complaint.

### Response to: ALLEGED FACTUAL BACKGROUND

16.

Defendant denies the allegations contained in paragraph 16 of plaintiff's complaint at pled.

17.

Defendant only admits that Fleuridor was driving a 2013 Freightliner truck on the day of the subject accident. Defendant denies the remaining allegations contained in paragraph 17 of plaintiff's complaint.

18.

Defendant denies the facts as alleged in paragraph 18 of plaintiff's complaint.

19.

Defendant denies the facts as alleged in paragraph 19 of plaintiff's complaint.

Response to: COUNT I
ALLEGED NEGLIGENCE/GROSS NEGLIGENCE/RECKLESS CONDUCT

20.

Defendant realleges and incorporates his responses in paragraphs 1 through 19 above, as if fully stated herein.

21.

Defendant admits only that portion of the allegations contained in paragraph 21 of plaintiff's complaint that any duties it may have owed to plaintiff or others are defined by Georgia law. To the extent the allegations contained in paragraph 21 of plaintiff's complaint are inconsistent with Georgia law and/or facts of this case, they are denied.

22.

Defendant denies the allegations contained in paragraph 22, including subparagraphs a. through f. thereof, of the plaintiff's complaint.

23.

Defendant denies the allegations contained in paragraph 23 of the plaintiff's complaint.

Response to: COUNT II
ALLEGED IMPUTED LIABILITY

24.

Defendant realleges and incorporates his responses in paragraphs 1 through 23 above, as if fully stated herein.

25.

Defendant denies the allegations contained in paragraph 25 of the plaintiff's complaint.

26.

Defendant denies the allegations contained in paragraph 26 of the plaintiff's complaint.

- 5 -

27.

Paragraph 27 of plaintiff's complaint calls for legal conclusions and therefore no response is required of this defendant. However, to the extent a response is required, defendant denies the facts as alleged in paragraph 27 of plaintiff's complaint as pled.

<u>Response to: COUNT III</u>
<u>ALLEGED NEGLIGENT HIRING, TRAINING & SUPERVISION</u>

28.

Defendant realleges and incorporates his responses in paragraphs 1 through 27 above, as if fully stated herein.

29.

Defendant denies the allegations contained in paragraph 29 of the plaintiff's complaint.

30.

Defendant denies the allegations contained in paragraph 30, including subparagraphs a. through g. thereof, of plaintiff's complaint.

31.

Defendant denies the allegations contained in paragraph 31 of the plaintiff's complaint.

<u>Response to: COUNT IV</u>
<u>ALLEGED DAMAGES</u>

32.

Defendant realleges and incorporates his responses in paragraphs 1 through 31 above, as if fully stated herein.

33.

Defendant denies the allegations contained in paragraph 33 of the plaintiff's complaint as pled.

34.

Defendant denies the allegations contained in paragraph 34 of the plaintiff's complaint as pled.

35.

Defendant denies the allegations contained in paragraph 35 of the plaintiff's complaint.

<u>Response to: COUNT V</u>
<u>ALLEGED PUNITIVE DAMAGES</u>

36.

Defendant realleges and incorporates his responses in paragraphs 1 through 35 above, as if fully stated herein.

37.

Defendant denies the allegations contained in paragraph 37 of the plaintiff's complaint.

38.

Defendant denies the allegations contained in paragraph 38 of the plaintiff's complaint.

39.

Defendant denies the allegations contained in paragraph 39 of the plaintiff's complaint

40.

In response to the "WHEREFORE" paragraph immediately following paragraph 39 of the plaintiff's complaint, including subparagraphs a) through h) thereof, defendant denies that he is are liable to plaintiff and that plaintiff is entitled to any relief from this defendant under any theory at law or in equity.

41.

Any allegation in plaintiff's complaint that was not specifically addressed and admitted is hereby denied.

## THIRD DEFENSE

The plaintiff's complaint, to the extent that it seeks punitive or exemplary damages, violates this defendant's right to protection from excessive fines as provided in the Eighth Amendment of the Constitution of the United States and violates the defendant's right to the substantive due process as provided in the Fifth Amendment and Fourteenth Amendment of the United States Constitution, and therefore fails to state a cause of action supporting punitive damages.

## FOURTH DEFENSE

All claims for punitive damages in the plaintiff's complaint violate the Constitution of the State of Georgia and due process clause of the Fourteenth Amendment of the United States Constitution, because Georgia law does not restrict an award of punitive damages to a reasonable relationship for the actual harm nor does it have any type of objective criteria for awarding punitive damages; it does not require that punitive damages bear relationship to any compensatory damages allowed; it allows punitive damages to be awarded based on nominal damages only; and it allows punitive damages to be awarded under an evidentiary standard which is less than beyond a reasonable doubt.

## FIFTH DEFENSE

The plaintiff's claim for punitive damages violates the United States Supreme Court's holding in *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2000).

## SIXTH DEFENSE

Plaintiff's claim for attorneys' fees and expenses of litigation, to the extent that it arises under O.C.G.A. § 13-6-11, is barred because this defendant did not act in bad faith in the underlying transaction giving rise to this suit.

## SEVENTH DEFENSE

Plaintiff's claim for attorneys' fees and expenses of litigation, to the extent that it arises under O.C.G.A. § 13-6-11, is barred by the existence of a bona fide dispute as to liability and/or damages.

## EIGHTH DEFENSE

Venue is improper in this Court as to one or more defendants, and, as a result thereof, plaintiff's complaint must be dismissed.

## NINTH DEFENSE

This Honorable Court lacks jurisdiction over this defendant and, as a result thereof, plaintiff's complaint must be dismissed.

## TENTH DEFENSE

Service of process is insufficient as to this defendant and, as a result thereof, plaintiff's complaint must be dismissed.

## ELEVENTH DEFENSE

No act or omission of defendants either proximately caused or contributed to whatever damage the plaintiff may have sustained, and on account thereof, plaintiff is not entitled to recover any sum of defendant.

## TWELFTH DEFENSE

The occurrence complained of was caused, produced and brought about directly and proximately by the negligence of some other person or persons for whom this defendant was not responsible and, on account thereof, plaintiff is not entitled to recover any sum of defendant.

## THIRTEENTH DEFENSE

The negligence of some other person or persons for whom this defendant was not responsible equaled or preponderated over any act or omission of this defendant in producing and

bringing about the occurrence complained of, and on account thereof, plaintiff is not entitled to recover any sum of this defendant.

## FOURTEENTH DEFENSE

Defendant is not liable to plaintiff, as the occurrence complained of in plaintiff's complaint was caused by pure accident, unmixed with any negligence on the part of this defendant.

## FIFTEENTH DEFENSE

Defendant pleads all applicable affirmative defenses which it may be required to plead pursuant to and as provided by O.C.G.A. § 9-11-8(c) and O.C.G.A. § 9-11-12 (b) and (h) and incorporates all defensive matters set forth in those statutory provisions herein as if affirmatively set forth and pled.  Defendant specifically reserves the right to amend their defensive pleadings and set forth any other defenses as investigation and discovery in the above-captioned matter continues.

## SIXTEENTH DEFENSE

To the extent as may be shown by the evidence through discovery, defendant asserts the defenses of assumption of the risk, contributory/comparative negligence, failure of plaintiff to exercise applicable legal standard care for plaintiff's own safety, failure to avoid consequences, failure to mitigate damages, accord and satisfaction, arbitration and award, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, last clear chance, license, payment, release, res judicata, statute of frauds, statute of limitations, and waiver.

WHEREFORE, this defendant, having fully listed his defenses and having fully answered the plaintiff's complaint, prays as follows:

(a)     That judgment be entered in favor of this defendant and against plaintiff on the plaintiff's complaint;

(b)     That the costs of this action, including attorney's fees, if any, be cast against

        plaintiff; and

(c)     That the Court grant such other and further relief as it may deem just and proper.

This 16th day of January 2023.

                                      **FREEMAN MATHIS & GARY, LLP**

                                      */s/ Wayne S. Melnick*
                                      WAYNE S. MELNICK
                                      Georgia Bar No. 501267
                                      wmelnick@fmglaw.com

                                      */s/ Sangeetha Krishnakumar*
                                      SANGEETHA KRISHNAKUMAR
                                      Georgia Bar No. 394925
                                      sangeetha.krishnakumar@fmglaw.com

                                      *Attorneys for Defendants Xavier S. Fleuridor*
                                      *and Love Transit LLC*

100 Galleria Parkway, Suite 1600
Atlanta, Georgia 30339-5948
(770) 818-0000 (telephone)
(833) 330-3669 (facsimile)

**DEFENDANT DEMANDS A TRIAL BY JURY OF TWELVE
ON ALL ISSUES SO TRIABLE**

- 11 -

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day electronically submitted the foregoing DEFENDANT LOVE TRANSIT, LLC'S   ANSWER AND DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT to the Clerk of Court using the Court's electronic filing system which will automatically send electronic mail notification of such filing to the following counsel of record:

Victor Hawk
Marion Chace Hawk
HAWK LAW GROUP
338 Telfair Street
Augusta, GA 30901
vhawk@hawklawgroup.com
chawk@hawklawgroup.com
*Attorneys for Plaintiff*


Rudy T. Harris
LAW OFFICES OF KELLY GOODWIN
2002 Summit Blvd., Suite 300
Atlanta, GA 30319
rudy.harris@usaa.com
*Attorney for USAA General Indemnity Company*


Nicholas J Roger
LYNN LEONARD ASSOCIATES
2400 Century Parkway. Suite 200
Atlanta GA 30345
nick.roger@statefarm.com
*Attorney for State Farm Mutual Automobile Insurance Company*


Stephen J. Rapp
J. Alexander Prescott
Weinberg Wheeler Hudgins Gunn & Dial
334 Peachtree Road NE, Suite 2400
Atlanta, GA 30326
srapp@wwhgd.com
jprescott@wwhgd.com
*Attorney for Prime Insurance Company*

This 16th day of January, 2023.

/s/ Wayne S. Melnick
WAYNE S. MELNICK
Georgia Bar No. 501267
wmelnick@fmglaw.com

*Attorney for Defendants Xavier S. Fleuridor and Love Transit LLC*

FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway, Suite 1600
Atlanta, Georgia 30339-5948
(770) 818-0000 (telephone)
(833) 330-3669 (facsimile)

⊜ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
HENRY COUNTY, GEORGIA

**SUCV2022002781**
DR
JAN 17, 2023 12:25 PM

Sabriya Hill, Clerk
Henry County, Georgia

IN THE SUPERIOR COURT OF HENRY COUNTY
STATE OF GEORGIA

ALFREDA POWELL,

              Plaintiff,

v.

XAVIER S. FLEURIDOR; LOVE TRANSIT,
LLC; PRIME INSURANCE COMPANY;
JOHN DOES 1-5; and RICHARD ROE
CORPORATIONS 1-5,

              Defendants.

CIVIL ACTION FILE
NO. SUCV2022002781

## DEFENDANTS XAVIER S. FLEURIDOR AND LOVE TRANSIT, LLC'S
## NOTICE OF INTENT TO SEEK APPORTIONMENT AGAINST NON-PARTIES

COME NOW, defendants, Xavier S. Fleuridor and Love Transit, LLC ("defendants" or "these defendants"), by and through counsel, and by way of special appearance, without waiving but specifically reserving all jurisdictional defenses available to them, and pursuant to O.C.G.A. § 51-12-33, hereby notify the Court and all parties that defendants intend to assert that the following non-party was wholly or partially at fault for the incidents and/or damages that form the basis of this litigation:

- Ma-Shadicqua Hobbs, last known address 723 Georgetown Lane, Jonesboro GA 30236.

Upon information and belief, and based on the investigation and discovery to date, on the date of the subject accident, Ma-Shadicqua Hobbs ("Hobbs") was the driver of the car in which plaintiff Alfreda Powell ("plaintiff") was a passenger. Upon information and belief, and based on the investigation and discovery to date, the negligence and/or fault of Hobbs caused or contributed to cause some or all of the plaintiff's claimed injuries or damages.

Accordingly, defendants herein reserve the right to contend at trial of this matter that plaintiff's claimed injuries or damages resulted from the negligence or fault of the above-listed non-party and to seek apportionment of fault by the jury to such non-party.

This 17th day of January 2023.

**FREEMAN MATHIS & GARY, LLP**

*/s/ Wayne S. Melnick*
WAYNE S. MELNICK
Georgia Bar No. 501267
wmelnick@fmglaw.com
SANGEETHA KRISHNAKUMAR
Georgia Bar No. 394925
sangeetha.krishnakumar@fmglaw.com

*Attorneys for Defendants Xavier S. Fleuridor and Love Transit LLC*

100 Galleria Parkway, Suite 1600
Atlanta, Georgia 30339-5948
(770) 818-0000 (telephone)
(833) 330-3669 (facsimile)

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day electronically submitted the foregoing DEFENDANTS XAVIER S. FLEURIDOR AND LOVE TRANSIT, LLC'S NOTICE OF INTENT TO SEEK APPORTIONMENT AGAINST NON-PARTIES to the Clerk of Court using the Court's electronic filing system which will automatically send electronic mail notification of such filing to the following counsel of record:

Victor Hawk
Marion Chace Hawk
HAWK LAW GROUP
338 Telfair Street
Augusta, GA 30901
vhawk@hawklawgroup.com
chawk@hawklawgroup.com
*Attorneys for Plaintiff*

Rudy T. Harris
LAW OFFICES OF KELLY GOODWIN
2002 Summit Blvd., Suite 300
Atlanta, GA 30319
rudy.harris@usaa.com
*Attorney for USAA General Indemnity Company*

Nicholas J Roger
LYNN LEONARD ASSOCIATES
2400 Century Parkway. Suite 200
Atlanta GA 30345
nick.roger@statefarm.com
*Attorney for State Farm Mutual Automobile Insurance Company*

Stephen J. Rapp
J. Alexander Prescott
Weinberg Wheeler Hudgins Gunn & Dial
334 Peachtree Road NE, Suite 2400
Atlanta, GA 30326
srapp@wwhgd.com
jprescott@wwhgd.com
*Attorney for Prime Insurance Company*

This 17th day of January, 2023.

/s/ Wayne S. Melnick
WAYNE S. MELNICK
Georgia Bar No. 501267
wmelnick@fmglaw.com

*Attorney for Defendants Xavier S. Fleuridor and Love Transit LLC*

FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway, Suite 1600
Atlanta, Georgia 30339-5948
(770) 818-0000 (telephone)
(833) 330-3669 (facsimile)

≋ **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
HENRY COUNTY, GEORGIA

**SUCV2022002781**
DR
**JAN 25, 2023 02:42 PM**

Sabriya Hill, Clerk
Henry County, Georgia

## IN THE SUPERIOR COURT OF HENRY COUNTY
## STATE OF GEORGIA

ALFREDA POWELL,                     )
                                    )
    Plaintiff,                 )
                                    )
vs.                                 )   Civil Action File No.
                                    )   SUCV2022002781
XAVIER S. FLEURIDOR; LOVE TRANSIT, LLC: )
PRIME INSURANCE COMPANY; JOHN DOES  )
1-5; and RICHARD ROE CORPORATIONS 1-5, )
                                    )
    Defendants,                )
                                    )

---

### DEFENDANT PRIME INSURANCE COMPANY'S MOTION TO DISMISS AND SUPPORTING MEMORANDUM OF LAW

Pursuant to O.C.G.A. § 9-11-12 (b), Defendant Prime Insurance Company ("Prime") hereby moves this Honorable Court to dismiss Plaintiff Alfreda Powell's Complaint with prejudice against Prime failure to state a claim against Prime under O.C.G.A. § 9-11-12(b)(6), showing the Court as follows:

## I.    **INTRODUCTION**

Plaintiff filed this action based on a motor vehicle accident occurring on March 13, 2021 between him and Defendant Xavier S. Fleuridor, who is allegedly a driver for Defendant Love Transit, LLC ("Love Transit"). Plaintiff makes no specific allegations against Prime other than that it is a foreign insurance company, and Plaintiff is a third-party beneficiary for the Commercial Business Auto Insurance Policy to Love Transit, LLC, bearing policy number SC20082478, with effective dates of August 28, 2020, to August 28, 2021 ("Policy"). Plaintiff fails to include any viable claims against Prime as Plaintiff makes clear that Defendant Fleurido was employed by Love Transit and Prime is simply an insurer. Because of this, Plaintiff's claims against Prime should be dismissed.

## II.   FACTUAL BACKGROUND

Plaintiff filed his Complaint on November 7, 2022.  Plaintiff alleges personal injuries as a result of a motor vehicle collision with Mr. Fleuridor, who was driving a commercial motor vehicle, allegedly on behalf of Love Transit.  Pl.'s Amd. Compl., ¶¶ 16-17.  Plaintiff's injuries are allegedly a result of Love Transit and Mr. Fleuridor's negligence. *Id.* ¶¶ 25-27.  In addition, Plaintiff makes numerous allegations against "Defendants" for negligence, agency, attorneys' fees, and punitive damages. *See generally Id.* Plaintiff defines "Defendants" as "all named Defendants in this lawsuit unless specifically restricted within a cause of action or as further defined below." *Id.* at ¶ 8. The only allegations specifically mentioning Prime include that Prime is a foreign insurance company and that Plaintiff is a third-party beneficiary to the Policy issued to Love Transit. *Id.* at ¶¶ 4-5. Plaintiff alleges no facts supporting that Prime was in any way a tortfeasor that caused her injuries, had any employment or agency relationship with Mr. Fleuridor, or had any interaction in this accident whatsoever. *See generally id.*

## III.   ARGUMENT AND CITATION TO AUTHORITY

### A.   PLAINTIFF FAILS TO STATE VALID DIRECT CLAIMS AGAINST PRIME, PUNITIVE DAMAGES CLAIMS AGAINST PRIME, AND CLAIMS FOR ATTORNEYS' FEES AGAINST PRIME

Throughout the Amended Complaint, Plaintiff alleges that Prime, as a part of a larger group of "Defendants," caused Plaintiff's alleged injuries, were a principal of Mr. Fleuridor, and are liable to Plaintiff individually. *See generally* Pl.'s Amd. Compl. Plaintiff further alleges "Defendants" are liable for attorneys' fees, acted in bad faith in the underlying transaction, and are liable for punitive damages. *Id.* Plaintiff alleges no specific acts committed by Prime that could support the above claims. Plaintiff does not allege a cause of action against Prime under Georgia's direct-action statutes and fails to allege a viable basis to name Prime as a Defendant.

2

*See Crisp Reg'l Hosp., Inc. v. Oliver*, 275 Ga. App. 578, 583 (2005) ("[T]he general rule is that liability claimants are not regarded as third-party beneficiaries of liability policies." (quoting *Googe v. Florida Intl. Indem. Co.*, 262 Ga. 546, 548 (1992)). Therefore, Plaintiff cannot maintain direct wrongdoing, punitive damages, and claims for attorney's fees against Prime individually, and Prime should be dismissed.[1]

## IV.   **CONCLUSION**

For the foregoing reasons, Prime requests the Court dismiss it entirely.

Respectfully submitted this 25th day of January, 2023.

WEINBERG, WHEELER, HUDGINS,
GUNN & DIAL, LLC

*/s/ Joseph A. Prescott*
John C. Bonnie
Georgia Bar No. 067540
Steve J. Rapp
Georgia Bar No. 103806
J. Alex Prescott
Georgia Bar No. 966471
*Counsel for Prime via special appearance*

3344 Peachtree Rd. NE, Suite 2400
Atlanta, Georgia 30326
Telephone: 404-876-2700
jbonnie@wwhgd.com
srapp@wwhgd.com
jprescott@wwhgd.com

---

[1]Although Plaintiff does not allege a cause of action against Prime under Georgia's direct-action statutes, to the extent the Court interprets her Amended Complaint to impliedly make such allegations, Plaintiff still cannot maintain any claims against Prime for direct wrongdoing, punitive damages, and claims for attorney's fees. *Andrews v. Yellow Freight System, Inc.*, 262 Ga. 476, 476 (1992) ("The plaintiff has no *separate* claim for damages against the motor carrier's insurer."); *Myrick v. Stephanos*, 220 Ga. App. 520, 520 (1996) (holding an insurer "is neither a joint tortfeasor nor responsible for the motor carrier's negligent conduct under a theory of vicarious liability").

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was served upon all counsel of record via Odyssey E-File.

This 25th day of January, 2023.

/s/ J. Alex Prescott
J. Alex Prescott
Georgia Bar No. 966471

⚜ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
HENRY COUNTY, GEORGIA

**SUCV2022002781**
DR
JAN 25, 2023 02:48 PM

Sabriya Hill, Clerk
Henry County, Georgia

## IN THE SUPERIOR COURT OF HENRY COUNTY
## STATE OF GEORGIA

ALFREDA POWELL,                          )
                                         )
    Plaintiff,                           )
                                         )
vs.                                      )      Civil Action File No.
                                         )      SUCV2022002781
XAVIER S. FLEURIDOR; LOVE TRANSIT, LLC;  )
PRIME INSURANCE COMPANY; JOHN DOES       )
1-5; and RICHARD ROE CORPORATIONS 1-5,   )
                                         )
    Defendants,                          )
                                         )

## DEFENDANT PRIME INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

Defendant Prime Insurance Company ("Prime") files its Answer to Plaintiff's Amended

Complaint under O.C.G.A. § 9-11-12 and states:

## PARTIES, JURISDICTION, AND VENUE

### 1.

Prime lacks knowledge or information sufficient to form a belief as to the truth of the

allegations of paragraph 1 of the complaint.

### 2.

Prime lacks knowledge or information sufficient to form a belief as to the truth of the

allegations of paragraph 2 of the complaint.

### 3.

Prime lacks knowledge or information sufficient to form a belief as to the truth of the

allegations of paragraph 3 of the complaint.

4.

Prime denies the allegations of paragraph 4, except admits that it is a foreign insurance company. However, Prime waived service of process as indicated on the December 7, 2022 Waiver of Service of Summons filed with the Court.

5.

Prime denies the allegations of paragraph 5, except admits that it issued a Commercial Business Auto Insurance Policy to Love Transit, LLC, bearing policy number SC20082478, with effective dates of August 28, 2020, to August 28, 2021 ("Policy").

6.

Prime lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 of the complaint.

7.

Plaintiff does not allege any facts within paragraph 7, and therefore, no response is required. To the extent a response is required, Prime lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 of the complaint.

8.

Plaintiff does not allege any facts within paragraph 8, and therefore, no response is required. To the extent a response is required, Prime lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 of the complaint.

9.

Plaintiff does not allege any facts within paragraph 9, and therefore, no response is required. To the extent a response is required, Prime lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 of the complaint.

10.

Plaintiff does not allege any facts within paragraph 10, and therefore, no response is required. To the extent a response is required, Prime lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the complaint.

11.

Prime denies the allegations of paragraph 11 of the Plaintiff's Complaint as they pertain to it. Prime lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 11 of the complaint.

12.

Prime lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 of the complaint.

13.

Prime denies the allegations of paragraph 13 of the Plaintiff's Complaint as they pertain to it. Prime lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 13 of the complaint.

14.

Prime denies it may be served with process through Georgia's Secretary of State. Prime admits that it is subject to jurisdiction in this Court. Prime lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 14 of the complaint.

15.

Prime denies the allegations contained in Paragraph 15 of Plaintiff's Complaint directed at Prime.  Prime lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 15 of the complaint.

## FACTUAL BACKGROUND

16.

Prime lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 of the complaint.

17.

Prime lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 of the complaint.

18.

Prime denies Defendant Xavier S. Fleuriodor or any other party was its agent. Prime lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 18 of the complaint.

19.

Prime denies Defendant Xavier S. Fleuriodor or any other party was its agent. Prime lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 19 of the complaint.

## COUNT I
## NEGLIGENCE/GROSS NEGLIGENCE/RECKLESS
## CONDUCT

20.

Prime re-alleges and incorporates by reference paragraphs 1 through 19 as if fully set forth

herein.

21.

Prime denies the allegations of paragraph 21 of the Plaintiff's Complaint as they pertain to it. Prime lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 21 of the complaint.

22.

Prime denies the allegations of paragraph 22 of the Plaintiff's Complaint as they pertain to it. Prime lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 22 of the complaint.

23.

Prime denies the allegations of paragraph 23 of the Plaintiff's Complaint as they pertain to it. Prime lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 23 of the complaint.

**COUNT II**
**IMPUTED LIABILITY**

24.

Prime re-alleges and incorporates by reference paragraphs 1 through 23 as if fully set forth herein.

25.

Prime lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25 of the complaint.

26.

Prime denies the allegations of paragraph 26 of the Plaintiff's Complaint as they pertain to it. Prime lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 26 of the complaint.

27.

Prime lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 of the complaint.

## COUNT III
## NEGLIGENT HIRING, TRAINING & SUPERVISION

28.

Prime re-alleges and incorporates by reference paragraphs 1 through 27 as if fully set forth herein.

29.

Prime lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29 of the complaint.

30.

Prime lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30 of the complaint.

31.

Prime denies the allegations of paragraph 31 of the Plaintiff's Complaint as they pertain to it. Prime lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 31 of the complaint.

**COUNT IV**
**DAMAGES**

32.

Prime re-alleges and incorporates by reference paragraphs 1 through 31 as if fully set forth herein.

33.

Prime denies the allegation of paragraph 33 to the extent they are directed at Prime. Prime lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33 of the complaint.

34.

Prime denies the allegation of paragraph 34 to the extent they are directed at Prime. Prime lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34 of the complaint.

35.

Prime denies the allegation of paragraph 35 to the extent they are directed at Prime. Prime lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35 of the complaint.

**COUNT V**
**PUNITIVE DAMAGES**

36.

Prime re-alleges and incorporates by reference paragraphs 1 through 35 as if fully set forth herein.

37.

Prime denies the allegation of paragraph 37 to the extent they are directed at Prime. Prime

7

lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37 of the complaint.

38.

Prime denies the allegation of paragraph 38 to the extent they are directed at Prime. Prime lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38 of the complaint.

39.

Prime denies the allegation of paragraph 39 to the extent they are directed at Prime. Prime lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39 of the complaint.

40.

Responding to the allegations in the "WHEREFORE" paragraph, including those allegations set forth in subparagraphs (a) through (h), Prime denies Plaintiff is are entitled to any relief from it under any theory, at law or in equity.

Except as expressly admitted or otherwise responded to, Prime denies all allegations in the Complaint.

<b><u>AFFIRMATIVE DEFENSES</u></b>

<b><u>FIRST DEFENSE</u></b>

Plaintiff' s complaint fails to state a cause of action against Prime for which relief may be granted because Plaintiff cannot maintain direct claims of negligence against Prime.

<b><u>SECOND DEFENSE</u></b>

To the extent Plaintiff alleges claims for direct wrongdoing, attorneys' fees, or punitive damages against Prime, Plaintiff's complaint fails to state a cause of action against Prime for which

8

relief may be granted because Plaintiff cannot maintain such claims.

### THIRD DEFENSE

Venue may be improper as to Prime because the Policy provides that Utah is the exclusive forum for the resolution of any claims or disputes related to coverage under the Policy.

### FOURTH DEFENSE

The Policy provides that it "is entered into in the State of Utah and the Agreement and any right, remedies, or obligations provided for in this Agreement shall be construed and enforced in accordance with the laws of Utah."

### FIFTH DEFENSE

The Scheduled Drivers Endorsement excludes coverage under the Policy for this accident because Defendant Xavier S. Fleuriodor was not a scheduled driver or operator of any auto covered under the Policy.

### SIXTH DEFENSE

Coverage for this accident is excluded via res judicata/claim preclusion and/or collateral estoppel/issue preclusion. Prime received a judgment in its favor before a Utah state court that there is no coverage under the Policy for this Accident.

### SEVENTH DEFENSE

Coverage, if any, under the Policy is subject to all of the terms, conditions, definitions, exclusions, endorsements and other provisions contained in the Policy, whether or not addressed herein, and Prime reserves the right to rely on any additional terms, conditions, definitions, exclusions, endorsements and other provisions of the Policy.

### EIGHTH DEFENSE

Prime reserves the right to assert any and all additional defenses as they become known

during the course of discovery or otherwise. Prime reserves all other defenses under the Policy, available at law, or in equity.

WHEREFORE, having fully listed its defenses and having fully answered the complaint, Prime prays as follows:

(a)     That judgment be entered in favor of Prime and against Plaintiff on the Complaint;

(b)     That the costs of this action, including attorney's fees be cast against Plaintiff;

(c)     That a trial by jury be granted as to any disputed issue of fact; and

(d)     That the Court grant such other and further relief as it may deem just and proper.

This 25th day of January, 2023.

WEINBERG, WHEELER, HUDGINS,
GUNN & DIAL, LLC

/s/ J. Alex Prescott
John C. Bonnie
Georgia Bar No. 067540
Steve J. Rapp
Georgia Bar No. 103806
J. Alex Prescott
Georgia Bar No. 966471

*Counsel for Prime Insurance Company*

3344 Peachtree Rd. NE, Suite 2400
Atlanta, Georgia 30326
Telephone: 404-876-2700
jbonnie@wwhgd.com
srapp@wwhgd.com
jprescott@wwhgd.com

## **CERTIFICATE OF SERVICE**

This is to certify that I have served a copy of the foregoing upon all counsel of record via Electronic Court Filing.

This 25th day of January, 2023.

*/s/ J. Alex Prescott*
J. Alex Prescott

11

⚖ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
HENRY COUNTY, GEORGIA

**SUCV2022002781**
DR
FEB 13, 2023 11:21 AM

Sabriya Hill, Clerk
Henry County, Georgia

IN THE SUPERIOR COURT OF HENRY COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| Alfreda Powell, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION |
| | ) | FILE NO. SUCV2022002781 |
| XAVIER S. FLEURIDOR; LIGIT TRANSIT, INC.; | ) | |
| HUNCHO XAY, LLC; JOHN DOES 1-5; and | ) | |
| RICHARD ROE CORPORATIONS 1-5,, | ) | |
| | ) | |
| Defendants. | ) | |

**CERTIFICATE OF SERVING
REQUEST FOR PRODUCTION OF DOCUMENTS TO NON-PARTIES**

This is to certify that I have this day served all counsel of record to this action with a copy of Request

for Production of Documents regarding Alfreda Powell to Benchmark Physical Therapy, Inc., CP Healthcare,

Griffin Imaging, LLC, Kaiser Permanente (Medical & Films), Pain Consultants of Atlanta, Regional Medical

Center, Trident Medical Centers PC, USAA General Indemnity Company, and Winn Army Community Hospital

(Medical & Films) in the above-styled case by United Parcel Service and/or United States Postal Service with

adequate postage thereon as follows:

> Stephen J. Rapp
> Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
> 3344 Peachtree Road
> Suite 2400
> Atlanta, GA 30326
>
> Sangeetha Krishnakumar
> Wayne S. Melnick
> Freeman Mathis & Gary, LLP
> 100 Galleria Parkway
> Suite 1600
> Atlanta, GA 30339
>
> Marion C. Hawk
> The Hawk Law Group
> 338 Telfair Street
> Augusta, GA 30901

This 13th day of February, 2023.

/s/ Nicholas J. Roger

Nicholas J. Roger
Georgia Bar Number: 398432
Attorney for State Farm Mutual Automobile
Insurance Company

2400 Century Parkway
Suite 200
Atlanta, GA 30345
(404) 728-5400

E-filed in Office
Clerk of Superior Court
2/22/2023 2:13 PM
Henry County, GA
Sabriya Hill Clerk
Case Number: SUCV2022002781

IN THE SUPERIOR COURT FOR THE
COUNTY OF HENRY, STATE OF GEORGIA
Civil Action File No. SUCV2022002781

| | |
|---|---|
| ALFREDA POWELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| XAVIER S. FLEURIDOR; LOVE TRANSIT, LLC; | ) |
| PRIME INSURANCE COMPANY; JOHN DOES | ) |
| 1-5; and RICHARD ROE CORPORATIONS  1-5, | ) |
| | ) |
| Defendants. | ) |

**SECOND
AMENDED COMPLAINT**

**COMES NOW**, the Plaintiff, Alfreda Powell, in the above-styled case and amends her

Complaint against the Defendants as follows:

**PARTIES, JURISDICTION AND VENUE**

1

Upon information and belief, Defendant Xavier S. Fleuridor is a citizen and resident of

Clay County, Florida and may be served with process at 1951 Tomahawk Drive, Middleburg, Clay

County, Florida 32068.  Defendant Xavier S. Fleuridor was driving a 2013 Freightliner truck,

which was owned, operated, managed, maintained, and/or controlled by Defendant Love Transit,

LLC on March 13, 2021.

2

Upon information and belief, at all material times, Defendant Love Transit, LLC and

Xavier S. Fleuridor, individually and collectively, and by virtue of their own independent actions

and while acting as *alter egos* and agents of one another, and while acting as joint venturers in the

establishment, ownership, operation, management, maintenance, and/or control of their

1

commercial trucking operation, and while acting through the employees, agents, and/or servants employed or utilized by them to conduct their commercial trucking operation, were conducting business and transporting commercial goods and/or products on the roads and highways in the State of Georgia, including Henry County on March 13, 2021.

3

Upon information and belief, Defendant Love Transit, LLC is a limited liability company and/or sole proprietorship operating throughout the United States to include the State of Georgia and may be served with process upon its Registered Agent, Tejinder S. Rai, 1587 Rich Drive, Yuba City, Sutter County, California 95993.

4

Upon information and belief, Defendant Prime Insurance Company is a foreign insurance company and may be served with process upon its Registered Agent, Steven Ogella, 8722 S. Harrison Street, Sandy, Salt Lake County, Utah 84070. Defendant Prime Insurance Company insured the defendants who were using a vehicle used in interstate commerce and was being used in interstate commerce at the time of this wreck.

5

The Plaintiff is a third-party beneficiary of the insurance contract between the Defendants, which insured a 2013 Freightliner commercial motor vehicle involved in a wreck with the Plaintiff on March 13, 2021.

6

Plaintiff intends to name as defendants any other person or entity that, either directly or by joining or in concert with others were negligent and breached their duty of care in the operation of the Defendants and were responsible for the actions or inactions that caused

2

Plaintiff's injuries. Defendant John Does 1-5 are unknown or unidentified persons or entities within the network of individuals and businesses which participated in these acts and omissions. Plaintiff intends to name the insurance carriers insuring the Defendants as they are identified through discovery.

7

Plaintiff also intends to name as defendants any other entity who are, or were, an *alter ego* of the defendants named in this action, or who were agents of or joint venturers with the named defendants. Defendant Richard Roe Corporations 1-5 are unknown or unidentified entities that are, or were, *alter egos* of defendants or agents of or joint venturers with the named defendants in the establishment, ownership, operation, management, or control of the defendants. Plaintiff cannot determine the exact number or identities of such individuals or entities at this time.

8

Whenever the term "Defendants" is utilized within this Complaint, such term collectively refers to and includes all named Defendants in this lawsuit unless specifically restricted within a cause of action or as further defined below.

9

At all material times, Defendant Love Transit, LLC was responsible for ensuring that the operations of its business, including its fleet of commercial motor vehicles and drivers complied with all applicable federal, state, and local statutes, laws, regulations, codes, standards, and ordinances.

10

Whenever in this Complaint it is alleged that Defendant Love Transit, LLC did any act or failed to do any act, it is meant that the owners, officers, directors, managers, agents, employees,

and/or servants of the designated Defendant respectively performed, participated in, or failed to perform such acts while in the course and scope of their employment or agency relationship with the Defendant Xavier S. Fleuridor.

11

While engaged in the conduct alleged herein, Defendants each acted with the express or implied knowledge, consent, authorization, approval, and/or ratification of the other Defendants.

12

Defendant Love Transit, LLC had the right and/or power to direct and control their employees and/or agents in their transport, handling, and/or transfer of commodities, and they are personally, jointly, and severally liable for the acts and omissions committed.

13

Defendants are directly liable by virtue of their own conduct for the wrongful acts detailed herein. Defendants are also vicariously or indirectly liable for the wrongful conduct detailed herein under one or more of the following alternative legal theories: *alter ego*; agency; joint venture/enterprise; and amalgamation of interest.

14

Defendants are subject to the jurisdiction of this Honorable Court. The acts and omissions forming the basis of this Complaint arose in Henry County, Georgia. Defendants may be served with process through Georgia's Secretary of State. Ga. Const. 1983, Art. VI, Sec. IV, ¶ 1; O.C.G.A. § 15-6-8; O.C.G.A. § 40-12-2.

15

Venue is also proper in Henry County, Georgia. Ga. Const. 1983, Art. VI, Sec. II, ¶ 6; O.C.G.A. §§ 14-2-510, 14-3-510.

## FACTUAL BACKGROUND

### 16

On March 13, 2021, the Plaintiff was in an Uber vehicle on Highway 285, McDonough, Georgia in Henry County, Georgia traveling southbound. Defendant Love Transit, LLC agent, Xavier S. Fleuridor, was also traveling southbound behind the Uber vehicle in which the Plaintiff was a passenger when he failed to see that the traffic in front of him had suddenly stopped thereby rear ending the vehicle in which the Plaintiff was a passenger. The Plaintiff sustained injuries as a result.

### 17

The vehicle driven the Defendant Xavier S. Fleuriodor was a 2013 Freightliner commercial motor vehicle owned by Defendant Love Transit, LLC.

### 18

When the Defendants' agent caused the collision with the Plaintiff's vehicle, said Defendants violated O.C.G.A. § 40-6-123, which was enacted for the safety and protection of individuals and drivers properly operating motor vehicles on the roads of the State of Georgia.

### 19

The Defendants' agent was negligent, grossly negligent, reckless, willful, and wanton in his conduct which caused a collision with the vehicle in which Plaintiff was a passenger.

### COUNT I
### NEGLIGENCE/GROSS NEGLIGENCE/RECKLESS
### CONDUCT

### 20

Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 19 as if fully set forth *verbatim*.

21

Defendants owed the Plaintiff and other members of the public a legal duty to operate their commercial motor vehicle with ordinary and reasonable care, to act as a reasonable and prudent driver, and to obey all Federal, State, and local laws, statutes, regulations, ordinances, and standards related to the operation of the commercial motor vehicle.

22

Defendants breached their duties owed to Plaintiff and failed to exercise ordinary and reasonable care in the operation of the commercial motor vehicle. Defendants' ordinary negligence, carelessness, gross negligence, and recklessness included, but was not limited to:

    a.  Failure to safely operate the commercial motor vehicle to avoid and prevent a dangerous collision, including serious injury to the Plaintiff;

    b.  Failure to maintain proper control over the commercial motor vehicle;

    c.  In operating the commercial motor vehicle in a distracted manner;

    d.  Failure to obey statutory and common laws of the State of Georgia;

    e.  Failure to establish or abide by, implement, and/or enforce appropriate safety, training, and fundamental policies and procedures to prevent harm to the Plaintiff and avoid the known consequences of unsafe operation of the commercial motor vehicle; and

    f.  In violating Federal and State laws applicable to commercial motor vehicles, including but not limited to regulations promulgated by the Federal Motor Carrier Safety Administration and standards set forth by the Georgia Department of Driver Services.

23

As a result of the negligence, gross negligence, negligence *per se,* carelessness, and recklessness of Defendants, the Defendants proximately caused injuries and damages to the Plaintiff.

6

## COUNT II
## IMPUTED LIABILITY

### 24

Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 23 as if fully set forth *verbatim*.

### 25

At the time of the subject collision, Defendant Xavier S. Fleuridor was under dispatch for Defendant Love Transit, LLC.

### 26

At the time of the subject collision, Defendant Xavier S. Fleuridor was operating his commercial motor vehicle on behalf of Defendants.

### 27

Upon information and belief, Defendant Love Transit, LLC is an interstate motor carrier, and pursuant to Federal and State laws, is responsible for the actions of Defendant Xavier S. Fleuridor regarding the collision described in this Complaint under the doctrine of lease liability, agency (actual or apparent), or other theories of liability identified herein.

## COUNT III
## NEGLIGENT HIRING, TRAINING &
## SUPERVISION

### 28

Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 27 as if fully set forth *verbatim*.

### 29

Defendant Love Transit, LLC had a duty to exercise reasonable care in the hiring,

training, and supervision of Defendant Xavier S. Fleuridor.

30

Defendant Love Transit, LLC was negligent, careless, grossly negligent, reckless, and wanton in the following particulars:

a. In hiring Defendant Xavier S. Fleuridor and entrusting him to drive the commercial motor vehicle;

b. In failing to properly train Defendant Xavier S. Fleuridor;

c. In failing to properly supervise Defendant Xavier S. Fleuridor;

d. In failing to have in place policies and procedures to properly, hire, train, retain, supervise and/or monitor its drivers, including Defendant Xavier S. Fleuridor or if such procedures were in place, in failing to enforce them;

e. In failing to have in place adequate policies and procedures to mandate compliance by its drivers, including Defendant Xavier S. Fleuridor, with statutes, laws, and regulations regarding the operation of motor vehicles, or if such policies and procedures were in place, in failing to enforce them;

f. In failing to have in place an adequate safety program for the safety and protection of the motoring public, including the Plaintiff, or if such program was in place, in failing to implement it; and

g. In generally failing to use the degree of care and caution that a reasonably prudent entity would have used under the same or similar circumstances.

31

As a result of the negligence, gross negligence, negligence *per se,* carelessness, and recklessness of Defendants proximately caused injuries and damages to the Plaintiff.

## COUNT IV
## DIRECT ACTION

### 32

Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 31 as if set forth fully herein *verbatim.*

### 33

Defendant Prime Insurance Company is subject to a direct action as the insurer for Defendant Love Transit, LLC pursuant to O.C.G.A. § 40-2-140.

### 34

Defendant Prime Insurance Company was the insurer of Defendant Love Transit, LLC at the time of the crash and issued a liability policy that affords coverage in this case.

### 35

Defendants Prime Insurance Company and Love Transit, LLC are subject to the filing requirements outlined in O.C.G.A. § 40-2-140.

### 36

Defendant Prime Insurance Company is responsible for any judgment rendered against Defendants Love Transit, LLC and/or Xavier S. Fleuridor.

## COUNT V
## DAMAGES

### 37

Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 36 as if set forth fully herein *verbatim.*

38

As a proximate result of the Defendants' and/or agents' negligence, the Plaintiff was caused to suffer the following:

Medical expenses in the amount of $27,306.20 as set out as follows:

| | |
|---|---|
| Georgia Injury Center | $10,570.00 |
| Piedmont Henry Hospital | $12,542.20 |
| Benchmark Physical Therapy | $4,194.00 |
| Total Medical: | $27,306.20 |

39

As a further direct and proximate result of Defendants' negligent and wrongful actions, Plaintiff has suffered, and will continue to suffer, general damages, as identified above, including physical and mental pain and suffering, emotional distress, mental anguish, stress, anxiety, limitations of mobility, disability, discomfort, inconvenience, alterations of lifestyle, loss of enjoyment of life, loss of quality of life, loss of income and earning potential, and other economic and non-economic damages.

40

Defendants are liable for said damages.

## COUNT VI
## PUNITIVE DAMAGES

41

Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 40 as if fully set forth *verbatim*.

10

42

The acts and omissions of the Defendants demonstrate recklessness, willful and wanton misconduct, and/or a conscious indifference and disregard for the safety, health, and welfare of the Plaintiff.

43

Defendants knew or should have known that said conduct was substantially certain to result in injury, damage, or other harm to the Plaintiff. Notwithstanding notice of Plaintiff's reasonable likelihood of harm, Defendants failed to act to prevent such harm, including severe injuries and damages.

44

Defendants are liable for punitive damages to Plaintiff, and punitive damages should be awarded against Defendants to deter them from repeated misconduct.

**WHEREFORE,** the Plaintiff prays that she be awarded the following:

a) That a process be issued and copy of this Summons and Complaint be served upon Defendants as provided by law;

b) That Plaintiff recovers fair and reasonable special damages in the amount of $27,306.20 for medical expenses;

c) That Plaintiff recovers compensatory damages, including future medical expenses, for all claims and counts alleged herein as shown by the evidence at the trial of this case;

d) That Plaintiff recovers for past and future physical and mental pain and suffering and other general damages in an amount to be determined by the enlightened conscience of a jury;

e) That Plaintiff recovers punitive damages in an amount to be determined by the enlightened conscience of a jury;

f) That Plaintiff recovers the costs of this action;

g) That Plaintiff be granted a jury to try this case; and

11

h) That Plaintiff recovers such other and further relief as is just and proper.

PLAINTIFF FURTHER DEMANDS A JURY TRIAL.

Dated this 22nd day of February 2023.

HAWK LAW GROUP

/s/ Victor Hawk
VICTOR HAWK
Georgia Bar No. 338650

/s/ Marion Chace Hawk
MARION CHACE HAWK
Georgia Bar No. 440388

Attorneys for Plaintiff

338 Telfair Street
Augusta, Georgia  30901
(706) 722-3500
vhawk@hawklawgroup.com
chawk@hawklawgroup.com

≋ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
HENRY COUNTY, GEORGIA

**SUCV2022002781**
DR
FEB 23, 2023 01:33 PM

Sabriya Hill, Clerk
Henry County, Georgia

SUPERIOR COURT OF HENRY COUNTY
STATE OF GEORGIA

ALFREDA POWELL,

               Plaintiff,

  vs.

XAVIER S. FLEURIDOR; LIGIT TRANSIT, INC.; HUNCHO XAY, LLC; JOHN DOES 1-5; AND RICHARD ROE CORPORATIONS 1-5,

               Defendants.

Civil Action
File No.: SUCV2022002781

---

**PLAINTIFF'S RESPONSE TO DEFENDANT PRIME INSURANCE COMPANY'S MOTION TO DISMISS**

---

COMES NOW, **ALFREDA POWELL**, Plaintiff, in the above-styled Civil Action, and respond to the Motion to Dismiss.

The insurer contends there is no direct action against it under Georgia law. This issue was specifically addressed by the Court of Appeals in 2020. The Court specifically found the direct action is allowed under OCGA 40-2-140. The insured was engaged in interstate commerce.

O.C.G.A § 40-2-140, was enacted "as part of Georgia's effort to comply with the implementation of the federal Unified [Carrier] Registration Act of 2005." Frank E. Jenkins III & Wallace Miller III, Ga. Automobile Insurance Law § 46:1 (b) (3) (2019-2020 ed.). Among other things, it requires "[e]very foreign or domestic motor carrier … that engages in interstate commerce in this state" to register and pay fees required by the federal act. O.C.G.A. § 40-2-140 (c). It also contains the following direct-action provision: "Any person having a cause of action, whether arising in tort or contract, under this Code section may join in the same cause of action the motor carrier and its insurance carrier." O.C.G.A. § 40-2-140 (d) (4).

While our state appellate courts have not yet been called upon to construe the direct action provision of O.C.G.A. § 40-2-140, "federal courts have consistently held that [it applies] to

[insurers of] both interstate and intrastate carriers." Mitchell v. Dixie Transp., 2019 U. S. Dist. LEXIS 200117, *7 (IV) (A) (N.D. Ga. 2019)). See Frank E. Jenkins III & Wallace Miller III, Ga. Automobile Insurance Law § 46:1 (b) (3) (2019-2020 ed.). As those federal courts have held, "the plain language of the statute indicates that injured parties are able to join the insurers of interstate motor carriers." Frank E. Jenkins III & Wallace Miller III, Ga. Automobile Insurance Law § 46:1 (b) (3) (2019-2020 ed.).

The Eleventh Circuit also more recently echoed this principle in Wiedeman v. Canal Ins. Co., 770 F. App'x 497, 499 n.1 (11th Cir. 2019) (per curiam). In that case, the injured plaintiff asserted a direct claim against the insurance carrier. The insured motor carrier was a federally registered motor carrier authorized to transport goods in interstate commerce, with its principal place of business in South Carolina. The district court found the joinder of the insurance company proper under [OCGA] § 40-2-140. On appeal, the [Eleventh Circuit] Court of Appeals recognized that the Georgia direct-action statute permits suits against insurers of interstate and foreign corporation commercial motor carriers. In affirming the district court's ruling, the Eleventh Circuit gave its blessing to this oft-held conclusion, which applies equally to [the insurer's] situation in this matter involving an interstate motor carrier. Mitchell, 2019 U. S. Dist. LEXIS 200117 at *9 (IV) (A) (citations omitted). Dailey Underwriters of America v. Williams 354 Ga. App. 551 (2020)

Wherefore the Motion to Dismiss should be denied.

Dated this 23rd day of February 2023.

VICTOR HAWK
HAWK LAW GROUP
338 Telfair Street
Augusta, GA 30901
(706) 722-3500
GA State Bar No. 338650
ATTORNEY FOR PLAINTIFF

SUPERIOR COURT OF HENRY COUNTY
STATE OF GEORGIA

ALFREDA POWELL,

             Plaintiff,

vs.

XAVIER S. FLEURIDOR; LIGIT TRANSIT,
INC.; HUNCHO XAY, LLC; JOHN DOES
1-5; AND RICHARD ROE
CORPORATIONS 1-5,

             Defendants.

Civil Action
File No.: SUCV2022002781

## CERTIFICATE OF SERVICE

The undersigned hereby certify that a copy of the Plaintiff's Response to Defendant Prime

Insurance Company's Motion to Dismiss has been served upon:

Lynn Leonard & Associates
Nicholas Roger, Esq.
2400 Century Parkway, Suite 200
Atlanta, Georgia 30345
Nick.roger@statefarm.com

Law Office of Kelly Goodwin
Rudy Harris, Esq.
5 Concourse Parkway, Suite 2440
Atlanta, Georgia 30328
Rudy.harris@usaa.com

Weinberg Wheeler Hudgins Gunn & Dial
Alex Prescott, Esq.
3344 Peachtree Road NE, Suite 2400
Atlanta, Georgia 30326
jprescott@wwhgd.com

Freeman Mathis & Gary, LLP
Wayne Melnick, Esq.
100 Galleria Parkway, Suite 1600
Atlanta, Georgia 30339
wmelnick@fmglaw.com

by email this 23rd day of February 2023.

VICTOR HAWK
HAWK LAW GROUP
338 Telfair Street
Augusta, GA 30901
(706) 722-3500
GA State Bar No. 338650
ATTORNEY FOR PLAINTIFF

3/7/23, 11:14 AM                                    Odyssey File & Serve - Envelope Receipt

# Case # SUCV2022002781 - ALFREDA POWELL v. XAVIER S. FLEURIDOR, LI...

## Envelope Information

**Envelope Id**
11715979

**Submitted Date**
3/7/2023 11:14 AM EST

**Submitted User Name**
wmelnick@fmglaw.com

## Case Information

**Location**
Henry County - Superior Court

**Category**
Civil

**Case Type**
Automobile Tort

**Case Initiation Date**
10/27/2022

**Case #**
SUCV2022002781

**Assigned to Judge**
DANIELLE ROBERTS

## Filings

**Filing Type**
EFileAndServe

**Filing Code**
Answer

**Filing Description**
Def Love Transit LLC's Answer and Defenses to Plf's
Second Amended Complaint

**Client Reference Number**
6634.102347

**Courtesy Copies**
angela.bolden@fmglaw.com

**Filing Status**
Submitting

### Lead Document

| File Name | Description | Security | Download |
|---|---|---|---|
| Def Love Transit's Answer to Plf's Second Amended Complaint.pdf | Def Love Transit's Answer to Plf's Second Amended Complaint.pdf | Public | Original File |

### eService Details

| Status | Name | Firm | Served | Date Opened |
|---|---|---|---|---|
| Not Sent | Marion Chace Hawk | | No | Not Opened |
| Not Sent | Victor Hawk | Hawk Law Group | No | Not Opened |
| Not Sent | John C. Bonnie | Weinberg, Wheeler, Hudgins, Gunn & Dial LLC | No | Not Opened |
| Not Sent | Stephen J. Rapp | Weinberg, Wheeler, Hudgins, Gunn & Dial LLC | No | Not Opened |
| Not Sent | Michelle E. Little | Weinberg, Wheeler, Hudgins, Gunn & Dial LLC | No | Not Opened |
| Not Sent | Sandy Booth | Weinberg, Wheeler, Hudgins, Gunn & Dial LLC | No | Not Opened |
| Not Sent | Alex Prescott | Weinberg, Wheeler, Hudgins, Gunn & Dial LLC | No | Not Opened |
| Not Sent | Rudy T. Harris | Law Offices of Kelly Goodwin | No | Not Opened |
| Not Sent | Julie Ann Fisher | Office of the Secretary of State, Corporations Division | No | Not Opened |
| Not Sent | Tiffany Williams | | No | Not Opened |
| Not Sent | Jacquelyn Mendez | | No | Not Opened |
| Not Sent | Wayne S Melnick | Amber Goins | No | Not Opened |

3/7/23, 11:14 AM                          Odyssey File & Serve - Envelope Receipt

| Status | Name | Firm | Served | Date Opened |
|--------|------|------|--------|-------------|
| Not Sent | Donna Boone | Hawk Law Group | No | Not Opened |
| Not Sent | Brad Salmons | Hawk Law Group | No | Not Opened |
| Not Sent | Clark Holloway | Hawk Law Group | No | Not Opened |

**Filing Type**
EFileAndServe

**Filing Code**
Answer

**Filing Description**
Def Xavier Fleuridor's Answer and Defenses to Plf's
Second Amended Complaint

**Client Reference Number**
6634.102347

**Filing Status**
Submitting

## Lead Document

| File Name | Description | Security | Download |
|-----------|-------------|----------|----------|
| Def Xavier Fleuridor's Answer to Plf's Second Amended Complaint.pdf | Def Xavier Fleuridor's Answer to Plf's Second Amended Complaint.pdf | Public | Original File |

## eService Details

| Status | Name | Firm | Served | Date Opened |
|--------|------|------|--------|-------------|
| Not Sent | Clark Holloway | Hawk Law Group | No | Not Opened |
| Not Sent | Victor Hawk | Hawk Law Group | No | Not Opened |
| Not Sent | Rudy T. Harris | Law Offices of Kelly Goodwin | No | Not Opened |
| Not Sent | Tiffany Williams | | No | Not Opened |
| Not Sent | Jacquelyn Mendez | | No | Not Opened |
| Not Sent | Wayne S Melnick | Amber Goins | No | Not Opened |
| Not Sent | Donna Boone | Hawk Law Group | No | Not Opened |
| Not Sent | Brad Salmons | Hawk Law Group | No | Not Opened |
| Not Sent | Marion Chace Hawk | | No | Not Opened |
| Not Sent | Stephen J. Rapp | Weinberg, Wheeler, Hudgins, Gunn & Dial LLC | No | Not Opened |
| Not Sent | Michelle E. Little | Weinberg, Wheeler, Hudgins, Gunn & Dial LLC | No | Not Opened |
| Not Sent | John C. Bonnie | Weinberg, Wheeler, Hudgins, Gunn & Dial LLC | No | Not Opened |
| Not Sent | Julie Ann Fisher | Office of the Secretary of State, Corporations Division | No | Not Opened |
| Not Sent | Sandy Booth | Weinberg, Wheeler, Hudgins, Gunn & Dial LLC | No | Not Opened |
| Not Sent | Alex Prescott | Weinberg, Wheeler, Hudgins, Gunn & Dial LLC | No | Not Opened |

## Parties with No eService

**Name**
XAVIER S. FLEURIDOR

**Address**
1951 Tomahawk Drive Middleburg Florida 32068

**Name**
LIGIT TRANSIT, INC.

**Address**
632 Sanborn Road Yuba City California 95993

**Name**

**Address**

Odyssey File & Serve - Envelope Receipt

HUNCHO XAY, LLC                              1951 Tomahawk Drive Middleburg Florida 32068

**Name**                                     **Address**
JOHN DOES

**Name**                                     **Address**
RICHARD ROE CORPORATIONS

**Name**                                     **Address**
LOVE TRANSIT, INC.                           1587 Rich Drive Yuba City California 95993

**Name**                                     **Address**
STATE FARM MUTUAL AUTOMOBILE INSURANCE
COMPANY

## Fees

**Answer**

| **Description** | **Amount** |
|---|---|
| Filing Fee | $0.00 |
| | Filing Total: $0.00 |

**Answer**

| **Description** | **Amount** |
|---|---|
| Filing Fee | $0.00 |
| | Filing Total: $0.00 |

| | |
|---|---|
| Total Filing Fee | $0.00 |
| Payment Service Fee | $0.72 |
| E-File Fee | $25.00 |
| | Envelope Total: $25.72 |

| **Transaction Amount** | $25.72 | | |
|---|---|---|---|
| **Transaction Id** | 15557505 | | |
| **Filing Attorney** | Wayne Melnick | Order Id | 011715979-0 |
| **Transaction Response** | Authorized | | |

© 2023 Tyler Technologies
Version: 2022.0.3.9946

IN THE SUPERIOR COURT OF HENRY COUNTY
STATE OF GEORGIA

ALFREDA POWELL,

      Plaintiff,

v.

XAVIER S. FLEURIDOR; LOVE TRANSIT,
LLC; PRIME INSURANCE COMPANY;
JOHN DOES 1-5; and RICHARD ROE
CORPORATIONS 1-5

      Defendants.

CIVIL ACTION FILE NO.:
SUCV-2022-002781

## DEFENDANT XAVIER S. FLEURIDOR'S ANSWER AND DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT

COMES NOW defendant, Xavier S. Fleuridor ("defendant" or "this defendant"), by and through counsel, and by way of special appearance, without waiving but specifically reserving all jurisdictional defenses available to him, and serves his answer and defenses to plaintiff's Second Amended Complaint ("plaintiff's complaint") as follows:

### FIRST DEFENSE

All or part of plaintiff's complaint fails to state a cause of action against this defendant upon which relief can be granted.

### SECOND DEFENSE

Further answering the numbered paragraphs of plaintiff's complaint, defendant answers as follows:

Response to: ALLEGED PARTIES, JURISDICTION AND VENUE

1.

Defendant admits only that portion of paragraph 1 of plaintiff's complaint that he is a citizen and resident of Florida, can be served in accordance with Georgia law, and that he was driving a 2013 Freightliner truck on the day of the subject accident. Defendant denies the remaining allegations contained in paragraph 1 of plaintiff's complaint.

2.

The allegations contained in paragraph 2 of plaintiff's complaint call for legal conclusions and therefore no response is required of defendant. However, to the extent a response is required, defendant admits only that portion of paragraph 2 of plaintiff's complaint that, on the date of the subject accident, he was driving on the roads of Henry County, in the State of Georgia, and was transporting goods. Defendant denies the remaining allegations contained in paragraph 2 of plaintiff's complaint.

3.

Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 3 of plaintiff's complaint and can neither admit nor deny said allegations.

4.

Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 4 of plaintiff's complaint and can neither admit nor deny said allegations.

5.

Paragraph 5 of plaintiff's complaint calls for legal conclusions and therefore no response is required of this defendant. To the extent a response is required, defendant denies the allegations contained in paragraph 5 of plaintiff's complaint.

6.

Paragraph 6 of plaintiff's complaint does not contain any factual allegations as to defendant and therefore no response is required of this defendant.

7.

Paragraph 7 of plaintiff's complaint does not contain any factual allegations as to defendant and therefore no response is required of this defendant.

8.

Paragraph 8 of plaintiff's complaint does not contain any factual allegations as to defendant and therefore no response is required of this defendant.

9.

Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 9 of plaintiff's complaint and can neither admit nor deny said allegations.

10.

Paragraph 10 of plaintiff's complaint calls for legal conclusions and therefore no response is required of this defendant. However, to the extent a response is required, defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 10 of plaintiff's complaint and can neither admit nor deny said allegations.

11.

Defendant denies the allegations contained in paragraph 11 of plaintiff's complaint.

12.

Defendant denies the allegations contained in paragraph 12 of plaintiff's complaint.

13.

Defendant denies the allegations contained in paragraph 13 of plaintiff's complaint.

14.

Defendant only admits that he can be served in accordance with Georgia law and that the subject accident occurred in Henry County, Georgia. Defendant denies the remaining allegations contained in paragraph 14 of the plaintiff's complaint.

15.

Defendant denies the allegations contained in paragraph 15 of the plaintiff's complaint.

Response to: ALLEGED FACTUAL BACKGROUND

16.

Defendant admits only that portion of the facts alleged in paragraph 16 of plaintiff's complaint that he was traveling southbound and was behind the plaintiff's vehicle when the subject accident occurred. Defendant denies that he was negligent and denies the remaining facts as alleged in paragraph 16 of plaintiff's complaint.

17.

Defendant admits only that portion of the facts alleged in paragraph 17 of plaintiff's complaint that he was driving a 2013 Freightliner truck on the day of the subject accident. Defendant denies the remaining allegations contained in paragraph 17 of plaintiff's complaint.

18.

Defendant denies the facts as alleged in paragraph 18 of plaintiff's complaint.

19.

Defendant denies the facts as alleged in paragraph 19 of plaintiff's complaint.

<u>Response to: COUNT I</u>
<u>ALLEGED NEGLIGENCE/GROSS NEGLIGENCE/RECKLESS</u>
<u>CONDUCT</u>

20.

Defendant realleges and incorporates his responses in paragraphs 1 through 19 above, as if fully stated herein.

21.

Defendant admits only that portion of the allegations contained in paragraph 21 of plaintiff's complaint that any duties he may have owed to plaintiff or others are defined by Georgia law. To the extent the allegations contained in paragraph 21 of plaintiff's complaint are inconsistent with Georgia law and/or facts of this case, they are denied.

22.

Defendant denies the allegations contained in paragraph 22, including subparagraphs a. through f. thereof, of the plaintiff's complaint.

23.

Defendant denies the allegations contained in paragraph 23 of the plaintiff's complaint.

Response to: COUNT II
ALLEGED IMPUTED LIABILITY

24.

Defendant realleges and incorporates his responses in paragraphs 1 through 23 above, as if fully stated herein.

25.

Defendant denies the allegations contained in paragraph 25 of the plaintiff's complaint as pled.

26.

Defendant denies the allegations contained in paragraph 26 of the plaintiff's complaint as pled.

27.

Paragraph 27 of plaintiff's complaint calls for legal conclusions and therefore no response is required of this defendant. However, to the extent a response is required, defendant does not possess sufficient information to form a belief as to the truth of the remaining allegations contained in paragraph 27 of plaintiff's complaint and can neither admit nor deny said allegations.

Response to: COUNT III
ALLEGED NEGLIGENT HIRING,
TRAINING & SUPERVISION

28.

Defendant realleges and incorporates his responses in paragraphs 1 through 27 above, as if fully stated herein.

29.

Defendant denies the facts as alleged in paragraph 29 of plaintiff's complaint.

30.

Defendant denies the facts as alleged in paragraph 30, including subparagraphs a. through g. thereof, of plaintiff's complaint.

31.

Defendant denies the allegations contained in paragraph 31 of the plaintiff's complaint.

Response to: COUNT IV
ALLEGED DIRECT ACTION

32.

Defendant realleges and incorporates his responses in paragraphs 1 through 31 above, as if fully stated herein.

33.

The allegations contained in paragraph 33 of plaintiff's complaint call for legal conclusions and therefore no response is required of defendant. However, to the extent a response is required, defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 33 of plaintiff's complaint and can neither admit nor deny said allegations.

34.

The allegations contained in paragraph 34 of plaintiff's complaint call for legal conclusions and therefore no response is required of defendant. However, to the extent a response is required, defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 34 of plaintiff's complaint and can neither admit nor deny said allegations.

35.

The allegations contained in paragraph 35 of plaintiff's complaint call for legal conclusions and therefore no response is required of defendant. However, to the extent a response is required, defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 35 of plaintiff's complaint and can neither admit nor deny said allegations.

36.

Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 36 of plaintiff's complaint and can neither admit nor deny said allegations.

Response to: COUNT V
ALLEGED DAMAGES

37.

Defendant realleges and incorporates his responses in paragraphs 1 through 36 above, as if fully stated herein.

38.

Defendant denies the allegations contained in paragraph 38 of the plaintiff's complaint as pled.

39.

Defendant denies the allegations contained in paragraph 39 of the plaintiff's complaint as pled.

40.

Defendant denies the allegations contained in paragraph 40 of the plaintiff's complaint.

Response to: COUNT V
ALLEGED PUNITIVE DAMAGES

41.

Defendant realleges and incorporates his responses in paragraphs 1 through 40 above, as if fully stated herein.

42.

Defendant denies the allegations contained in paragraph 42 of the plaintiff's complaint.

43.

Defendant denies the allegations contained in paragraph 43 of the plaintiff's complaint.

44.

Defendant denies the allegations contained in paragraph 44 of the plaintiff's complaint

45.

In response to the "WHEREFORE" paragraph immediately following paragraph 44 of the plaintiff's complaint, including subparagraphs a) through h) thereof, defendant denies that he is are liable to plaintiff and that plaintiff is entitled to any relief from this defendant under any theory at law or in equity.

46.

Any allegation in plaintiff's complaint that was not specifically addressed and admitted is hereby denied.

**THIRD DEFENSE**

The plaintiff's complaint, to the extent that it seeks punitive or exemplary damages, violates this defendant's right to protection from excessive fines as provided in the Eighth Amendment of the Constitution of the United States and violates the defendant's right to the

substantive due process as provided in the Fifth Amendment and Fourteenth Amendment of the United States Constitution, and therefore fails to state a cause of action supporting punitive damages.

## FOURTH DEFENSE

All claims for punitive damages in the plaintiff's complaint violate the Constitution of the State of Georgia and due process clause of the Fourteenth Amendment of the United States Constitution, because Georgia law does not restrict an award of punitive damages to a reasonable relationship for the actual harm nor does it have any type of objective criteria for awarding punitive damages; it does not require that punitive damages bear relationship to any compensatory damages allowed; it allows punitive damages to be awarded based on nominal damages only; and it allows punitive damages to be awarded under an evidentiary standard which is less than beyond a reasonable doubt.

## FIFTH DEFENSE

The plaintiff's claim for punitive damages violates the United States Supreme Court's holding in *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2000).

## SIXTH DEFENSE

Plaintiff's claim for attorneys' fees and expenses of litigation, to the extent that it arises under O.C.G.A. § 13-6-11, is barred because this defendant did not act in bad faith in the underlying transaction giving rise to this suit.

## SEVENTH DEFENSE

Plaintiff's claim for attorneys' fees and expenses of litigation, to the extent that it arises under O.C.G.A. § 13-6-11, is barred by the existence of a bona fide dispute as to liability and/or damages.

## EIGHTH DEFENSE

Venue is improper in this Court as to one or more defendants, and, as a result thereof, plaintiff's complaint must be dismissed.

## NINTH DEFENSE

This Honorable Court lacks jurisdiction over this defendant and, as a result thereof, plaintiff's complaint must be dismissed.

## TENTH DEFENSE

Service of process is insufficient as to this defendant and, as a result thereof, plaintiff's complaint must be dismissed.

## ELEVENTH DEFENSE

No act or omission of defendants either proximately caused or contributed to whatever damage the plaintiff may have sustained, and on account thereof, plaintiff is not entitled to recover any sum of defendant.

## TWELFTH DEFENSE

The occurrence complained of was caused, produced and brought about directly and proximately by the negligence of some other person or persons for whom this defendant was not responsible and, on account thereof, plaintiff is not entitled to recover any sum of defendant.

## THIRTEENTH DEFENSE

The negligence of some other person or persons for whom this defendant was not responsible equaled or preponderated over any act or omission of this defendant in producing and bringing about the occurrence complained of, and on account thereof, plaintiff is not entitled to recover any sum of this defendant.

## FOURTEENTH DEFENSE

Defendant is not liable to plaintiff, as the occurrence complained of in plaintiff's complaint was caused by pure accident, unmixed with any negligence on the part of this defendant.

## FIFTEENTH DEFENSE

Defendant pleads all applicable affirmative defenses which it may be required to plead pursuant to and as provided by O.C.G.A. § 9-11-8(c) and O.C.G.A. § 9-11-12 (b) and (h) and incorporates all defensive matters set forth in those statutory provisions herein as if affirmatively set forth and pled.  Defendant specifically reserves the right to amend their defensive pleadings and set forth any other defenses as investigation and discovery in the above-captioned matter continues.

## SIXTEENTH DEFENSE

To the extent as may be shown by the evidence through discovery, defendant asserts the defenses of assumption of the risk, contributory/comparative negligence, failure of plaintiff to exercise applicable legal standard care for plaintiff's own safety, failure to avoid consequences, failure to mitigate damages, accord and satisfaction, arbitration and award, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, last clear chance, license, payment, release, res judicata, statute of frauds, statute of limitations, and waiver.

WHEREFORE, this defendant, having fully listed his defenses and having fully answered the plaintiff's complaint, prays as follows:

(a) That judgment be entered in favor of this defendant and against plaintiff on the plaintiff's complaint;

(b)     That the costs of this action, including attorney's fees, if any, be cast against

plaintiff; and

(c)     That the Court grant such other and further relief as it may deem just and proper.


This 7th day of March, 2023.

                                        FREEMAN MATHIS & GARY, LLP

                                        /s/ Wayne S. Melnick
                                        WAYNE S. MELNICK
                                        Georgia Bar No. 501267
                                        wmelnick@fmglaw.com
                                        SANGEETHA KRISHNAKUMAR
                                        Georgia Bar No. 394925
                                        sangeetha.krishnakumar@fmglaw.com
                                        *Attorneys for Defendants Xavier S. Fleuridor and*
                                        *Love Transit LLC*

100 Galleria Parkway
Suite 1600
Atlanta, Georgia 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)


**DEFENDANT DEMANDS A TRIAL BY JURY OF TWELVE ON ALL ISSUES SO
TRIABLE**

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically submitted the foregoing pleading to the Clerk of Court using the Court's electronic filing system which will automatically send electronic mail notification of such filing to the following counsel of record:

Victor Hawk Esq
Marion C Hawk Esq
Hawk Law Group
338 Telfair Street
Augusta GA 30901
vhawk@hawklawgroup.com
chawk@hawklawgroup.com

Nicholas J Roger Esq
Lynn Leonard Associates
2400 Century Parkway
Suite 200
Atlanta GA 30345
nick.roger@statefarm.com

Rudy T Harris Esq
Law Offices of Kelly Goodwin
5 Concourse Pkwy Suite 2440
Atlanta, GA 30328, United States
rudy.harris@usaa.com

Alex Prescott Esq
Steve Rapp, Esq
Weinberg Wheeler Hudgins Gunn & Dial
3344 Peachtree Road NE, Suite 2400
Atlanta, GA 30326
JPrescott@wwhgd.com
SRapp@wwhgd.com

This 7th day of March, 2023.

/s/ Wayne S. Melnick
WAYNE S. MELNICK
Georgia Bar No. 501267
wmelnick@fmglaw.com
SANGEETHA KRISHNAKUMAR
Georgia Bar No. 394925
sangeetha.krishnakumar@fmglaw.com
*Attorneys for Defendants Xavier S. Fleuridor*
*and Love Transit LLC*

FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway
Suite 1600
Atlanta, Georgia 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)

IN THE SUPERIOR COURT OF HENRY COUNTY
STATE OF GEORGIA

ALFREDA POWELL,

                  Plaintiff,

v.

XAVIER S. FLEURIDOR; LOVE TRANSIT,
LLC; PRIME INSURANCE COMPANY;
JOHN DOES 1-5; and RICHARD ROE
CORPORATIONS 1-5,

                  Defendants.

CIVIL ACTION FILE
NO. SUCV2022002781

## DEFENDANT LOVE TRANSIT, LLC'S
## ANSWER AND DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT

COMES NOW defendant, Love Transit, LLC ("defendant" or "this defendant"), by and through counsel, and by way of special appearance, without waiving but specifically reserving all jurisdictional defenses available to it, and serves its answer and defenses to plaintiff's Second Amended Complaint ("plaintiff's complaint") as follows:

### FIRST DEFENSE

All or part of plaintiff's complaint fails to state a cause of action against this defendant upon which relief can be granted.

### SECOND DEFENSE

Further answering the numbered paragraphs of plaintiff's complaint, defendant answers as follows:

#### Response to: PARTIES, JURISDICTION AND VENUE

1.

Defendant admits only that portion of paragraph 1 of plaintiff's complaint that Xavier s. Fleuridor ("Fleuridor") was driving a 2013 Freightliner truck at the time of the subject accident.

Defendant denies that portion of paragraph 1 of plaintiff's complaint it owned, operated, managed, maintained and/or controlled the 2013 Freightliner truck. Defendant does not possess sufficient information to form a belief as to the truth of the remaining allegations contained in paragraph 1 of plaintiff's complaint and can neither admit nor deny said allegations.

2.

The allegations contained in paragraph 2 of plaintiff's complaint call for legal conclusions and therefore no response is required of defendant. However, to the extent a response is required, defendant admits only that portion of paragraph 2 of plaintiff's complaint that on the date of the subject accident, defendant had a commercial trucking operation, that Fleuridor was driving on the roads of Henry County, in the State of Georgia, and that Fleuridor was transporting goods on the date of the subject accident. Defendant denies the remaining allegations contained in paragraph 2 of plaintiff's complaint.

3.

Defendant admits only that portion of paragraph 3 of plaintiff's complaint that it is a Limited Liability Company that operates in states, including Georgia, and can be served in accordance with Georgia law. Defendant denies the remaining allegations contained in paragraph 3 of plaintiff's complaint

4.

Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 4 of plaintiff's complaint and can neither admit nor deny said allegations.

5.

Paragraph 5 of plaintiff's complaint calls for legal conclusions and therefore no response is required of this defendant. To the extent a response is required, defendant denies the allegations contained in paragraph 5 of plaintiff's complaint.

6.

Paragraph 6 of plaintiff's complaint does not contain any factual allegations as to defendant and therefore no response is required of this defendant.

7.

Paragraph 7 of plaintiff's complaint does not contain any factual allegations as to defendant and therefore no response is required of this defendant.

8.

Paragraph 8 of plaintiff's complaint does not contain any factual allegations as to defendant and therefore no response is required of this defendant.

9.

Defendant admits only that portion of paragraph 9 of plaintiff's complaint that its duties and responsibilities are defined by applicable law.   To the extent the allegations contained in paragraph 9 of plaintiff's complaint are inconsistent with appliable law, they are denied.

10.

Paragraph 10 of plaintiff's complaint calls for legal conclusions and therefore no response is required of this defendant. However, to the extent a response is required, defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 10 of plaintiff's complaint and can neither admit nor deny said allegations.

11.

Defendant denies the allegations contained in paragraph 11 of plaintiff's complaint.

12.

Defendant denies the allegations contained in paragraph 12 of plaintiff's complaint.

13.

Defendant denies the allegations contained in paragraph 13 of plaintiff's complaint.

14.

Defendant only admits that portion of the facts alleged in paragraph 14 of plaintiff's complaint that it can be served in accordance with Georgia law and that the subject accident occurred in Henry County, Georgia. Defendant denies the remaining allegations contained in paragraph 14 of the plaintiff's complaint.

15.

Defendant denies the allegations contained in paragraph 15 of the plaintiff's complaint.

Response to: ALLEGED FACTUAL BACKGROUND

16.

Defendant denies the allegations contained in paragraph 16 of plaintiff's complaint at pled.

17.

Defendant only admits that Fleuridor was driving a 2013 Freightliner truck on the day of the subject accident. Defendant denies the remaining allegations contained in paragraph 17 of plaintiff's complaint.

18.

Defendant denies the facts as alleged in paragraph 18 of plaintiff's complaint.

19.

Defendant denies the facts as alleged in paragraph 19 of plaintiff's complaint.

<u>Response to: COUNT I</u>
<u>ALLEGED NEGLIGENCE/GROSS NEGLIGENCE/RECKLESS CONDUCT</u>

20.

Defendant realleges and incorporates his responses in paragraphs 1 through 19 above, as if fully stated herein.

21.

Defendant admits only that portion of the allegations contained in paragraph 21 of plaintiff's complaint that any duties it may have owed to plaintiff or others are defined by Georgia law. To the extent the allegations contained in paragraph 21 of plaintiff's complaint are inconsistent with Georgia law and/or facts of this case, they are denied.

22.

Defendant denies the allegations contained in paragraph 22, including subparagraphs a. through f. thereof, of the plaintiff's complaint.

23.

Defendant denies the allegations contained in paragraph 23 of the plaintiff's complaint.

<u>Response to: COUNT II</u>
<u>ALLEGED IMPUTED LIABILITY</u>

24.

Defendant realleges and incorporates his responses in paragraphs 1 through 23 above, as if fully stated herein.

25.

Defendant denies the allegations contained in paragraph 25 of the plaintiff's complaint.

26.

Defendant denies the allegations contained in paragraph 26 of the plaintiff's complaint.

27.

Paragraph 27 of plaintiff's complaint calls for legal conclusions and therefore no response is required of this defendant. However, to the extent a response is required, defendant denies the facts as alleged in paragraph 27 of plaintiff's complaint as pled.

<u>Response to: COUNT III</u>
<u>ALLEGED NEGLIGENT HIRING,</u>
<u>TRAINING & SUPERVISION</u>

28.

Defendant realleges and incorporates his responses in paragraphs 1 through 27 above, as if fully stated herein.

29.

Defendant denies the allegations contained in paragraph 29 of the plaintiff's complaint.

30.

Defendant denies the allegations contained in paragraph 30, including subparagraphs a. through g. thereof, of plaintiff's complaint.

31.

Defendant denies the allegations contained in paragraph 31 of the plaintiff's complaint.

<u>Response to: COUNT IV</u>
<u>ALLEGED DIRECT ACTION</u>

32.

Defendant realleges and incorporates his responses in paragraphs 1 through 31 above, as if fully stated herein.

33.

The allegations contained in paragraph 33 of plaintiff's complaint call for legal conclusions and therefore no response is required of defendant. However, to the extent a response is required,

defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 33 of plaintiff's complaint and can neither admit nor deny said allegations.

34.

The allegations contained in paragraph 34 of plaintiff's complaint call for legal conclusions and therefore no response is required of defendant. However, to the extent a response is required, defendant admits only that portion of paragraph 34 Prime Insurance Company issued a liability policy to defendant. Defendant does not possess sufficient information to form a belief as to the truth of the remaining allegations contained in paragraph 34 of plaintiff's complaint and can neither admit nor deny said allegations.

35.

The allegations contained in paragraph 35 of plaintiff's complaint call for legal conclusions and therefore no response is required of defendant. However, to the extent a response is required, defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 35 of plaintiff's complaint and can neither admit nor deny said allegations.

36.

Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 36 of plaintiff's complaint and can neither admit nor deny said allegations.

<u>Response to: COUNT V</u>
<u>ALLEGED DAMAGES</u>

37.

Defendant realleges and incorporates his responses in paragraphs 1 through 36 above, as if fully stated herein.

38.

Defendant denies the allegations contained in paragraph 38 of the plaintiff's complaint as pled.

39.

Defendant denies the allegations contained in paragraph 39 of the plaintiff's complaint as pled.

40.

Defendant denies the allegations contained in paragraph 40 of the plaintiff's complaint.

<u>Response to: COUNT VI</u>
<u>ALLEGED PUNITIVE DAMAGES</u>

41.

Defendant realleges and incorporates his responses in paragraphs 1 through 40 above, as if fully stated herein.

42.

Defendant denies the allegations contained in paragraph 42 of the plaintiff's complaint.

43.

Defendant denies the allegations contained in paragraph 43 of the plaintiff's complaint.

44.

Defendant denies the allegations contained in paragraph 44 of the plaintiff's complaint

45.

In response to the "WHEREFORE" paragraph immediately following paragraph 44 of the plaintiff's complaint, including subparagraphs a) through h) thereof, defendant denies that it is are

liable to plaintiff and that plaintiff is entitled to any relief from this defendant under any theory at law or in equity.

46.

Any allegation in plaintiff's complaint that was not specifically addressed and admitted is hereby denied.

**THIRD DEFENSE**

The plaintiff's complaint, to the extent that it seeks punitive or exemplary damages, violates this defendant's right to protection from excessive fines as provided in the Eighth Amendment of the Constitution of the United States and violates the defendant's right to the substantive due process as provided in the Fifth Amendment and Fourteenth Amendment of the United States Constitution, and therefore fails to state a cause of action supporting punitive damages.

**FOURTH DEFENSE**

All claims for punitive damages in the plaintiff's complaint violate the Constitution of the State of Georgia and due process clause of the Fourteenth Amendment of the United States Constitution, because Georgia law does not restrict an award of punitive damages to a reasonable relationship for the actual harm nor does it have any type of objective criteria for awarding punitive damages; it does not require that punitive damages bear relationship to any compensatory damages allowed; it allows punitive damages to be awarded based on nominal damages only; and it allows punitive damages to be awarded under an evidentiary standard which is less than beyond a reasonable doubt.

**FIFTH DEFENSE**

The plaintiff's claim for punitive damages violates the United States Supreme Court's holding in *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2000).

- 9 -

## SIXTH DEFENSE

Plaintiff's claim for attorneys' fees and expenses of litigation, to the extent that it arises under O.C.G.A. § 13-6-11, is barred because this defendant did not act in bad faith in the underlying transaction giving rise to this suit.

## SEVENTH DEFENSE

Plaintiff's claim for attorneys' fees and expenses of litigation, to the extent that it arises under O.C.G.A. § 13-6-11, is barred by the existence of a bona fide dispute as to liability and/or damages.

## EIGHTH DEFENSE

Venue is improper in this Court as to one or more defendants, and, as a result thereof, plaintiff's complaint must be dismissed.

## NINTH DEFENSE

This Honorable Court lacks jurisdiction over this defendant and, as a result thereof, plaintiff's complaint must be dismissed.

## TENTH DEFENSE

Service of process is insufficient as to this defendant and, as a result thereof, plaintiff's complaint must be dismissed.

## ELEVENTH DEFENSE

No act or omission of defendants either proximately caused or contributed to whatever damage the plaintiff may have sustained, and on account thereof, plaintiff is not entitled to recover any sum of defendant.

## TWELFTH DEFENSE

The occurrence complained of was caused, produced and brought about directly and proximately by the negligence of some other person or persons for whom this defendant was not responsible and, on account thereof, plaintiff is not entitled to recover any sum of defendant.

## THIRTEENTH DEFENSE

The negligence of some other person or persons for whom this defendant was not responsible equaled or preponderated over any act or omission of this defendant in producing and bringing about the occurrence complained of, and on account thereof, plaintiff is not entitled to recover any sum of this defendant.

## FOURTEENTH DEFENSE

Defendant is not liable to plaintiff, as the occurrence complained of in plaintiff's complaint was caused by pure accident, unmixed with any negligence on the part of this defendant.

## FIFTEENTH DEFENSE

Defendant pleads all applicable affirmative defenses which it may be required to plead pursuant to and as provided by O.C.G.A. § 9-11-8(c) and O.C.G.A. § 9-11-12 (b) and (h) and incorporates all defensive matters set forth in those statutory provisions herein as if affirmatively set forth and pled.  Defendant specifically reserves the right to amend their defensive pleadings and set forth any other defenses as investigation and discovery in the above-captioned matter continues.

## SIXTEENTH DEFENSE

To the extent as may be shown by the evidence through discovery, defendant asserts the defenses of assumption of the risk, contributory/comparative negligence, failure of plaintiff to exercise applicable legal standard care for plaintiff's own safety, failure to avoid consequences, failure to mitigate damages, accord and satisfaction, arbitration and award, discharge in

bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, last clear chance, license, payment, release, res judicata, statute of frauds, statute of limitations, and waiver.

WHEREFORE, this defendant, having fully listed his defenses and having fully answered the plaintiff's complaint, prays as follows:

(a)    That judgment be entered in favor of this defendant and against plaintiff on the plaintiff's complaint;

(b)    That the costs of this action, including attorney's fees, if any, be cast against plaintiff; and

(c)    That the Court grant such other and further relief as it may deem just and proper.

This 7th day of March, 2023.

**FREEMAN MATHIS & GARY, LLP**

*/s/ Wayne S. Melnick*
WAYNE S. MELNICK
Georgia Bar No. 501267
wmelnick@fmglaw.com

*/s/ Sangeetha Krishnakumar*
SANGEETHA KRISHNAKUMAR
Georgia Bar No. 394925
sangeetha.krishnakumar@fmglaw.com

*Attorneys for Defendants Xavier S. Fleuridor and Love Transit LLC*

100 Galleria Parkway, Suite 1600
Atlanta, Georgia 30339-5948
(770) 818-0000 (telephone)
(833) 330-3669 (facsimile)

**DEFENDANT DEMANDS A TRIAL BY JURY OF TWELVE
ON ALL ISSUES SO TRIABLE**

- 12 -

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day electronically submitted the foregoing DEFENDANT LOVE TRANSIT, LLC'S ANSWER AND DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT to the Clerk of Court using the Court's electronic filing system which will automatically send electronic mail notification of such filing to the following counsel of record:

Victor Hawk
Marion Chace Hawk
HAWK LAW GROUP
338 Telfair Street
Augusta, GA 30901
vhawk@hawklawgroup.com
chawk@hawklawgroup.com
*Attorneys for Plaintiff*


Rudy T. Harris
LAW OFFICES OF KELLY GOODWIN
2002 Summit Blvd., Suite 300
Atlanta, GA 30319
rudy.harris@usaa.com
*Attorney for USAA General Indemnity Company*


Nicholas J Roger
LYNN LEONARD ASSOCIATES
2400 Century Parkway. Suite 200
Atlanta GA 30345
nick.roger@statefarm.com
*Attorney for State Farm Mutual Automobile Insurance Company*


Stephen J. Rapp
J. Alexander Prescott
Weinberg Wheeler Hudgins Gunn & Dial
334 Peachtree Road NE, Suite 2400
Atlanta, GA 30326
srapp@wwhgd.com
jprescott@wwhgd.com
*Attorney for Prime Insurance Company*

This 7ᵗʰ day of March, 2023.

/s/ Wayne S. Melnick
WAYNE S. MELNICK
Georgia Bar No. 501267
wmelnick@fmglaw.com

*Attorney for Defendants Xavier S. Fleuridor and Love Transit LLC*

FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway, Suite 1600
Atlanta, Georgia 30339-5948
(770) 818-0000 (telephone)
(833) 330-3669 (facsimile)