UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| Andrew Fuggle,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>United States Citizenship and Immigration Services; United States Department of Homeland Security; Alejandro Mayorkas, Secretary of the Department of Homeland Security; Ur Jaddou, Director of U.S. Citizenship and Immigration Services; and Kirt Thompson, Director of U.S. Citizenship and Immigration Services Texas Service Center,<br><br>　　　　Respondents. | No. _____<br><br><br><br>PETITIONER'S COMPLAINT FOR INJUNCTIVE AND MANDAMUS RELIEF |

## I.　　Introduction

1. Petitioner Andrew Fuggle, a resident living in Roswell, Georgia, brings this mandamus action to compel Respondents to complete the adjudication of his I-765 (Application for Employment Authorization), pending since May 2022. This delay is unreasonable as a matter of law.

PETITIONER'S COMPLAINT FOR INJUNCTIVE AND MANDAMUS RELIEF – 1
No.
FP 40872625.1

**FISHER PHILLIPS LLP**
1230 Peachtree Street NE
Suite 3300
Atlanta, GA 30309

## II.   Parties.

2. Petitioner Andrew Fuggle is a foreign national residing in Roswell, Georgia.

3. Respondent Alejandro Mayorkas is the Secretary of the United States Department of Homeland Security (DHS), an agency of the United States, named in his official capacity.

4. Respondent Ur Jaddou is the Director of U.S. Citizenship and Immigration Services (USCIS), an agency of the United States, named in their official capacity.

5. Respondent Kirt Thompson is the Director for the USCIS Texas Service Center, an agency of the United States, named in their official capacity.

6. Respondent Department of Homeland Security (DHS) is the department within which the USCIS adjudicates immigration applications.

7. Respondent Citizenship and Immigration Services is the component of DHS that adjudicates immigration applications.

## III.   Jurisdiction and Venue.

8. Jurisdiction is proper under 28 U.S.C. § 1331 and § 1346(a)(2) in that the matter in controversy arises under the Constitution and laws of the United States, and the United States is a Respondent. This Court also has jurisdiction over the present action pursuant to 28 U.S.C. § 2201, the

PETITIONER'S COMPLAINT
FOR INJUNCTIVE AND MANDAMUS RELIEF
– 2
No.
FP 40872625.1

**FISHER PHILLIPS LLP**
1230 Peachtree Street NE
Suite 3300
Atlanta, GA 30309

Declaratory Judgment Act; 5 U.S.C. § 702, the Administrative Procedures Act; and 28 U.S.C. § 1361, regarding an action to compel an officer of the United States to perform his or her duty.

9. Venue is proper in the Northern District of Georgia under 28 U.S.C. § 1391(e) because Petitioner Andrew Fuggle resides in this district and the United States government is a Respondent.

## IV.    Facts and Background.

10. The U.S. Congress has long stated that "[i]t is the sense of Congress that … a petition for a nonimmigrant visa under 8 U.S.C. § 1184(c) should be processed not later than 30 days after the filing of the petition." 8 U.S.C. § 1571(b).

11. For several decades, the Government's regulation required the USCIS and its predecessor to adjudicate an employment authorization application within 90 days. 8 CFR § 274a.13(d) (superseded by subsequent regulation on January 18, 2017).

12. In the preamble of the new regulation, responding to commenters' concern about the elimination of the 90-day adjudication requirement, the Department of Homeland Security (DHS) directed applicants to redress adjudication delays to a USCIS hyperlink with a topic of "employment

PETITIONER'S COMPLAINT
FOR INJUNCTIVE AND MANDAMUS RELIEF
– 3
No.
FP 40872625.1

**FISHER PHILLIPS LLP**
1230 Peachtree Street NE
Suite 3300
Atlanta, GA 30309

authorization applications pending more [than] 75 days." *See* 81 FR 82455. This clearly indicates that even the USCIS considers an adjudication delay beyond 75 days is worth redressing.

13. Petitioner Mr. Fuggle is a foreign national. On May 20, 2022, he filed an adjustment of status application with the USCIS. He also concurrently filed an I-765 (Application for Employment Authorization).

14. The employment authorization would allow Mr. Fuggle to work while waiting for his adjustment of status application to be adjudicated.

15. To date, the USCIS has not adjudicated Mr. Fuggle's I-765 application.

16. By Respondents' own estimate, the adjudication time for I-765 application is merely 12 minutes. *See* 84 FR 62292.

17. Respondents' refusal to timely adjudicate this simple application has caused great hardship to Mr. Fuggle and his family. Mr. Fuggle's ability to engage in lawful employment is in jeopardy.

18. There are no further administrative acts Mr. Fuggle can take to obtain the benefits to which he is entitled.

### V.    First Cause of Action: Administrative Procedure Act

19. Petitioner re-alleges and incorporates by reference, as if fully set forth herein, the allegations in paragraphs 1- 18 above.

PETITIONER'S COMPLAINT
FOR INJUNCTIVE AND MANDAMUS RELIEF
– 4
No.
FP 40872625.1

**FISHER PHILLIPS LLP**
1230 Peachtree Street NE
Suite 3300
Atlanta, GA 30309

20. The Administrative Procedure Act requires the Respondents to adjudicate petitions within a reasonable time and without undue delay.

21. A near ten-month delay in adjudicating the I-765 application is unreasonable as a matter of law, when Congress believes it should take no more than 30 days.

### VI.   Second Cause of Action: Writ of Mandamus

22. Petitioner re-alleges and incorporates by reference, as if fully set forth herein, the allegations in paragraphs 1- 18 above.

23. Respondents owe a ministerial duty to the Petitioner to adjudicate the I-765 application.

24. A near ten-month delay in adjudicating the I-765 application is unreasonable as a matter of law, when Congress believes it should take no more than 30 days.

25. No other adequate remedy is available to the Petitioner.

26. This Court has authority under 28 U.S.C. § 1361 to compel Respondents to adjudicate the Petitioner's I-765 application.

### VII.   Request for Relief.

This Court should enter judgment in favor of the Petitioner granting the following relief:

PETITIONER'S COMPLAINT
FOR INJUNCTIVE AND MANDAMUS RELIEF – 5
No.
FP 40872625.1

**FISHER PHILLIPS LLP**
1230 Peachtree Street NE
Suite 3300
Atlanta, GA 30309

1. Order Respondents to adjudicate the Petitioner's I-765 application within 10 days;

2. Order Respondents to produce and mail out the Employment Authorization Document (I-766) to the Petitioner within 3 days of I-765 approval.

3. Retain jurisdiction during the I-765 application adjudication to ensure compliance with the Court's orders;

4. Award reasonable costs and attorney fees;

5. Grant such other relief as the Court may deem just and proper.

PETITIONER'S COMPLAINT
FOR INJUNCTIVE AND MANDAMUS RELIEF
– 6
No.
FP 40872625.1

**FISHER PHILLIPS LLP**
1230 Peachtree Street NE
Suite 3300
Atlanta, GA 30309

Dated this 10th day of March, 2023.

    */s/ Wayne Campbell*
Wayne Campbell
Georgia Bar No. 919899
Fisher Phillips LLP
1230 Peachtree Street NE
Suite 3300
Atlanta, GA 30309
(404) 240-5871
wcampbell@fisherphillips.com

    */s/ Ralph Hua (pro hac vice forthcoming)*
Ralph Hua
Fisher Phillips LLP
1201 3rd Ave
Suite 2750
Seattle, WA 98101
(206) 247-7014
rhua@fisherphillips.com

*Attorneys for Petitioner*

PETITIONER'S COMPLAINT FOR INJUNCTIVE AND MANDAMUS RELIEF – 7
No.
FP 40872625.1

**FISHER PHILLIPS LLP**
1230 Peachtree Street NE
Suite 3300
Atlanta, GA 30309