# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA

CASE NO.:

VIRAL DRM LLC,

    Plaintiffs,

v.

UNKNOWN COUNTER NOTIFICANTS,

    Defendant.

## COMPLAINT FOR INTELLECTUAL PROPERTY INFRINGEMENT AND DMCA COUNTER-NOTICE MISREPRESENTATION IN VIOLATION OF 17 U.S.C. § 512(f) (INJUNCTIVE RELIEF DEMANDED)

Plaintiff VIRAL DRM LLC by and through undersigned counsel, brings this Complaint against Defendants UNKNOWN COUNTER NOTIFICANTS for damages and injunctive relief, and in support thereof state as follows:

## SUMMARY OF THE ACTION

1.    Plaintiff brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute plaintiff's original copyrighted works of authorship; and for misrepresentation under 17 U.S.C. § 512(f) for the defendant's counternotification(s) referred to herein that are misleading and false.

2.    Plaintiff is a syndicator of award winning videographers who around the globe in pursuit of Mother Nature's wrath. Plaintiff's videographers and photographers cover weather extremes from tornadoes, hurricanes, flooding, blizzards, volcanoes and even climate change impacts.

3.    Defendants are YouTube uploaders.

4. Defendants copied plaintiff's copyrighted works from the internet in order to advertise, market and promote their YouTube business activities.

5. Defendants committed the violations alleged in connection with defendants' businesses for purposes of advertising and promoting sales to the public in the course and scope of the defendants' business.

## JURISDICTION AND VENUE

6. This is an action arising under the Copyright Act, 17 U.S.C. §§ 501, 512(f).

7. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

8. Defendant is subject to personal jurisdiction in Florida.

9. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) and 17 U.S.C. § 512(g)(3)(D) because the events giving rise to the claims occurred in this district, Defendant engaged in infringement in this district, Defendant is subject to personal jurisdiction in this district, and because defendant consented to this venue when defendant provided the counternotification(s) attached hereto because the service provider provided with the counternotification(s) can be found in this judicial district.

10. Defendants are subject to personal jurisdiction in this district because they purposefully direct their activities toward and conduct business with consumers throughout the United States, including in this district.

11. Defendants are subject to personal jurisdiction in this district because their illegal activities directed towards this district, cause plaintiff injury in this district, and plaintiff's claims arise out of those activities.

12. Defendants are subject to personal jurisdiction in this district pursuant to Federal Rule of Civil Procedure 4(k)(2) because (i) defendants are not subject to jurisdiction in any

state's court of general jurisdiction; and (ii) exercising jurisdiction is consistent with the United States Constitution and laws.

13. Defendants are subject to personal jurisdiction in this district pursuant to 17 U.S.C. § 512(g)(3)(D) because defendants consented to the jurisdiction of this federal district court when it provided the counternotification(s) attached hereto because the service provider provided with the counternotification(s) can be found in this judicial district.

14. Defendant may be served by and through the email address listed in its counternotice and through the website that acted as its agent and defendant agreed to accept service of process through that website from plaintiff or an agent of plaintiff in the counternotification(s) pursuant to 17 U.S.C. § 512(g)(3)(D).

## THE COPYRIGHTED WORKS AT ISSUE

15. Exhibit 1 attached hereto contains the registration numbers of the copyright titles of the performing arts works at issue in this case.

16. At all relevant times, plaintiff was the exclusive licensee of the works at issue in this case.

17. Exhibit 1 indicates whether each work was registered with the Copyright Office and provides the registration number if the work is registered.

18. If Exhibit 1 does not indicate that the work is registered, then Count I for copyright infringement is not asserted against defendants for that work in this Complaint.

19. True and correct copies of the applicable registration certificates are attached hereto as Exhibit 2.

## INFRINGEMENT BY DEFENDANTS

20. Defendants have never been licensed to use the works at issue in this action for any purpose.

21. On a date after the works at issue in this action were created, but prior to the filing of this action, defendants copied the applicable works as indicated in the DMCA take-down notices attached hereto as Exhibit 3.

22. Defendants copied the work, publicly performed the work, and made further copies and distributed the work on the internet without plaintiff's permission.

23. Prior to the filing of this action, on a date after the work was registered if applicable, plaintiff discovered the unauthorized use of applicable work by defendants as indicated in the DMCA take-down notices attached as Exhibit 3.

### DMCA TAKEDOWN AND DEFENDANTS' FALSE AND MISLEADING COUNTERNOTICES

24. Plaintiff notified YouTube of the allegations set forth herein in the DMCA notices attached hereto as Exhibit 3.

25. Defendants responded to plaintiff's DMCA notices with false and misleading counternotices attached hereto as Exhibit 4.

26. The statements in the counternotices attached hereto are materially false and defendants lack a subjective good faith belief in the false statements contained therein.

### COUNT I
### COPYRIGHT INFRINGEMENT

27. Plaintiff incorporates the allegations of paragraphs 1 through 26 of this Complaint as if fully set forth herein.

28. Plaintiff owns valid copyrights in the works at issue in this case.

29. Plaintiff registered the works at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

30. Defendants copied, displayed, and distributed the works at issue in this case and made derivatives of the works without plaintiff's authorization in violation of 17 U.S.C. § 501.

31. Defendants' acts were willful.

32. Plaintiff has been damaged.

33. The harm caused to plaintiff is irreparable.

**COUNT II – MISREPRESENTATION AND FRAUD UNDER 17 U.S.C. § 512**

34. Plaintiff incorporates the allegations of paragraphs 1 through 26 of this Complaint as if fully set forth herein.

35. Plaintiff notified YouTube and defendants of the allegations set forth herein in DMCA notices, copies of which are annexed hereto as Exhibit 3.

36. Defendants responded to plaintiff's DMCA notices with false and misleading counternotices, true and correct copies of which are annexed hereto as Exhibit 4.

37. Defendants' statements in the counternotices were materially false and defendant lacked a subjective good faith belief in the false statements contained therein.

38. Defendants knowingly and materially misrepresented that its copies of plaintiff's works were removed or disabled by mistake or misidentification.

39. Defendants are liable for any damages, including costs and attorneys' fees, incurred by plaintiff.

40. Plaintiff was injured by defendants' misrepresentation and counternotices.

41. Plaintiff will be injured by replacing the removed material or ceasing to disable access to it.

42. The harm caused to plaintiff has been irreparable.

WHEREFORE, plaintiff prays for judgment against the defendants that:

    a. Defendants, their officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. § 501;

b.  Defendant be required to pay plaintiff's actual damages and defendants' profits attributable to the infringement, or, at plaintiff's election, statutory damages, as provided in 17 U.S.C. § 504;

c.  Plaintiff be awarded their attorneys' fees and costs of suit under the applicable statutes sued upon;

d.  Plaintiff be awarded pre- and post-judgment interest; and

e.  Plaintiff be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

DATED: March 11, 2023                    Respectfully submitted,

*/s/Joel B. Rothman*
JOEL B. ROTHMAN
Florida Bar Number: 98220
joel.rothman@sriplaw.com
**SRIPLAW, P.A.**
21301 Powerline Road
Suite 100
Boca Raton, FL  33433
561.404.4350 – Telephone
561.404.4353 – Facsimile

*Counsel for Plaintiff  Viral DRM, LLC*