IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TODD D. ARMSTRONG,<br><br>    Plaintiff,<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES LLC,<br><br>    Defendant. | :<br>:<br>:<br>:  Civil Action No.<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## COMPLAINT FOR DAMAGES

### INTRODUCTION

1. This is an action for damages brought by an individual consumer against the Equifax Information Services LLC for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (the "FCRA" or the "Act").

### SUBJECT MATTER JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681p, and 28 U.S.C. §1331,1337.

3. Venue lies properly in this district pursuant to 28 U.S.C. §1391(b).

### PARTIES AND PERSONAL JURISDICTION

4. Plaintiff Todd D. Armstrong is an adult individual who resides in Mobile,

AL 36695.

5.  Defendant Equifax Information Services LLC ("EQ") is a business entity that regularly conducts business in the Northern District of Georgia, Atlanta Division, with a principal place of business located at: 1550 Peachtree St NW, Atlanta, GA, 30309.

## FACTS COMMON TO ALL COUNTS

6.  Defendant has repeatedly reported derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties.

7.  The inaccurate information relates to another individual ("Plaintiff's twin sister"), with similar personal identifying information as Plaintiff. Because of that similarity, EQ has merged the credit files of Plaintiff's twin sister with Plaintiff.

8.  Inaccurately reported as a part of Plaintiff's credit reports include but are not limited to: student loans, bank loans, a mortgage and an automobile loan. None of these accounts belong to Plaintiff, but actually belong to Plaintiff's sister.

9.  These inaccurate accounts included within Plaintiff's credit reports have caused Plaintiff significant harm, including loss of credit opportunities, including the denial of several automobile loans. For instance, Plaintiff had applied for an auto loan with Global Lending Services and Fifth Third Bank

which denied Plaintiff's request for financing, each specifically citing the credit reports obtained from Equifax as the reason for the denials.

10. Plaintiff disputed the inaccurate information with Equifax noting that the accounts on his credit report do not belong to him.  Plaintiff never received any dispute results in response.

15. The inaccurate information has repeatedly appeared on Plaintiff's consumer report provided by EQ. Defendant continues to report the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that it has disseminated to various persons and credit grantors, both known and unknown.

16. Defendant either did not engage in any investigation when it was informed of the inaccurate reporting, or (alternatively) did not engage in a reasonable investigation, as such an investigation would have revealed that the inaccurate information was false and misleading.

17. Defendant also failed to institute or adhere to policies and procedures that could have prevented the reporting of the inaccurate information.

18. Defendant knew or should have known that its actions violated the FCRA. Additionally, Defendant could have taken the steps necessary to bring its agents' actions within compliance of the statutes but neglected to do so and failed to adequately review those actions to ensure compliance with said

laws.

19. Plaintiff's credit report and file have been obtained from EQ and have been reviewed by prospective and existing credit grantors and extenders of credit, and the inaccurate information has been a substantial factor in precluding Plaintiff from receiving credit offers and opportunities, known and unknown. Plaintiff's credit reports have been obtained from EQ and by such third parties. Plaintiff has also suffered increased interest rates, reduced opportunities for financing, and increased insurance premiums as a substantial result of Defendant's reporting of the inaccurate information. Further, Plaintiff is unable to obtain an auto loan because of the Defendant's actions (or inactions).

20. Because of Defendant's conduct, Plaintiff has suffered actual damages in the form of credit denial or loss of credit opportunity, credit score reduction, informational harm, privacy harm, credit defamation and emotional distress, including, but not limited to, anxiety, frustration, embarrassment, and humiliation.

21. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

22. At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of Plaintiff.

## CAUSES OF ACTION

## COUNT ONE: FAIR CREDIT REPORTING ACT VIOLATIONS
## PLAINTIFF V. EQ

24. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

25. At all times pertinent hereto, EQ is a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

26. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

27. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

28. The Defendant has violated numerous provisions of the FCRA relating to its wrongdoing, including but not limited to Sections 1681e(b), 1681i(a) and 1681b of the FCRA. Defendant is liable to Plaintiff for its willful and negligent violations of the FCRA pursuant to Section 1681n and 1681o of the Act.

29. The conduct of Defendant was a direct and proximate cause, as well as a

substantial factor, in bringing about the actual damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendant is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## JURY TRIAL DEMAND

35. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant, based on the following requested relief:

a. Actual damages;

b. Statutory damages;

c. Punitive damages;

d. Costs and reasonable attorneys' fees; and

e. Such other relief as may be necessary, just and proper.

**THE KIM LAW FIRM, LLC**

by: /s/ Richard H. Kim
Richard Kim, Esquire
(*Pro Hac Vice To Be Filed*)
Attorney I.D. No.: 2202618
rkim@thekimlawfirmllc.com
1635 Market St., Suite 1600
Philadelphia, PA 19103

        855/996-6342
        855/235-5855 fax

        **CLIFF CARLSON LAW, P.C.**

  by: /s/ Clifford Carlson
     Clifford Carlson, Esquire
     Georgia Bar No. 227503
     Cliff Carlson Law, P.C.
     1114-C1 Highway 96 #347
     Kathleen, Georgia 31047
     730 Peachtree St NE #570
     Atlanta, Georgia 30308
     Tel. 478-254-1018
     cc@cliffcarlsonlaw.com

     *Attorneys for Plaintiff Todd D. Armstrong*

Date: March 8, 2023