# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| CHRISTOPHER ANDRADE MARTINEZ, | ) ) ) |
| Plaintiff, | ) ) CIVIL ACTION NO: |
| v. | ) _____ ) ) |
| FACTS ON DEMAND, INC., | ) ) ) |
| Defendant. | ) ) ) |

## COMPLAINT

1.      Plaintiff Christopher Andrade Martinez brings this action against Defendant Facts on Demand, Inc. ("FOD") for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA").

## JURISDICTION AND VENUE

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3.      Venue is proper in this Court under 28 U.S.C. § 1391(b) as Defendant regularly conducts business in this district and division and a substantial part of the events that give rise to the claim occurred in this district and division.

## PARTIES

4. Plaintiff is an adult individual residing in Georgia.

5. Mr. Andrade Martinez is a natural person and a "consumer" as protected and governed by the FCRA.

6. Defendant is a Georgia corporation that conducts business throughout the United States, including in the Northern District of Georgia.

7. At all relevant times hereto, Defendant has been a consumer reporting agency ("CRA") as defined by 15 U.S.C. § 1681a(f).

8. Defendant is a person which, for monetary fees, regularly engages in whole or in part in the practice of assembling or evaluating information on consumers for the purpose of furnishing consumer reports to third parties.

9. Defendant uses interstate commerce for the purpose of preparing or furnishing consumer reports.

10. Defendant sells consumer reports in many states, including Georgia, and produces consumer reports on Georgia residents. Defendant also gathers and maintains substantial public records data from Georgia.

## FACTUAL ALLEGATIONS

11.     Congress passed the FCRA to protect consumers from the harm caused by inaccurate reporting.  To this end, the FCRA requires that all consumer reporting agencies (CRAs) that report criminal background information to employers use "reasonable procedures to ensure maximum possible accuracy of the information concerning the individual about whom the report relates."  15 U.S.C. § 1681e(b).

12.     The FCRA provides special protections when a CRA furnishes "items of information on consumers which are matters of public record and are likely to have an adverse effect upon a consumer's ability to obtain employment."  15 U.S.C. § 1681k.  In these situations, CRAs must either: (1) notify the consumer of the release of the public record information at the time the information is furnished to the user; or (2) establish strict procedures to maintain complete and up-to-date public record information.

13.     In addition, once an individual disputes inaccurate information in their consumer report, CRAs like Defendant must complete their reinvestigation within 30 days from the date they receive a consumer's dispute, and must notify the consumer of the results of the reinvestigation within five business days of the completion of its reinvestigation.  15 U.S.C. § 1681i(a)(6).  In certain circumstances, like those applicable here, upon the

completion of an expedited dispute resolution, a CRA must provide, among other things, a copy of the consumer report on the consumer that is based on the consumer's file after the deletion. 15 U.S.C. § 1681i(a)(8)(c).

14. In January 2023, Mr. Andrade Martinez applied for a job with Diverse Staffing in Georgia performing computer assembly work.

15. As part of his application process to determine Mr. Andrade Martinez's eligibility for the job, Diverse Staffing obtained a consumer report on Mr. Andrade Martinez from Defendant.

16. The consumer report that Defendant furnished to Diverse Staffing was a written communication of information bearing on Mr. Andrade Martinez's character and general reputation that was used or expected to be used or collected in whole or in part for the purpose of serving as a factor for establishing Mr. Andrade Martinez's eligibility for employment purposes.

17. The consumer report that Defendant furnished to Diverse Staffing contained public record information likely to have an adverse effect on Mr. Andrade Martinez's ability to obtain employment.

18. Defendant did not notify Mr. Andrade Martinez of the fact that it was reporting public record information about him at the time it furnished the consumer report to Diverse Staffing.

19. Once it received the consumer report on or about January 26, 2023, Diverse Staffing's representative, Delia Soto, called Mr. Andrade Martinez and told him that Diverse Staffing cannot move forward with the computer assembly position because of his criminal record.

20. Defendant's consumer report and Diverse Staffing's denial of employment were devastating for Mr. Andrade Martinez, as he has no criminal record.

21. Once Mr. Andrade Martinez obtained Defendant's consumer report, he discovered that Defendant had reported inaccurate, incomplete, and not up-to-date criminal record information about him.

22. Specifically, Defendant reported that Mr. Andrade Martinez had a significant criminal record in Illinois. Defendant reported that Mr. Andrade Martinez was guilty of a felony for "possess or use firearm when on parole" and had been sentenced to confinement of five years on January 6, 2023. Defendant also reported that Mr. Andrade Martinez had multiple

felony charges that with a disposition of nolle prosequi, including "possession of firearm by street gang member on land."

23. None of these records belong to Mr. Andrade Martinez.

24. Diverse Staffing was led to believe by Defendant that Mr. Andrade Martinez had a vast criminal record and that he might be a street gang member, and it rescinded the job offer because of this inaccurate, incomplete and not up-to-date criminal record information from Defendant.

25. Defendant should have known that this criminal record information did not belong to Mr. Andrade Martinez. First, he does not live in Illinois and he has no connection to Illinois. Second, it would be facially illogical for Mr. Andrade Martinez to be applying for a job in Georgia in January 2023 while also serving a five-year prison sentence beginning on January 6, 2023.

26. After Mr. Andrade Martinez received Defendant's full report, he called Defendant to dispute the criminal record information.

27. On February 28, 2023, Defendant emailed Mr. Andrade Martinez: "To follow-up with you regarding your written request, the revised results have been returned to Delia with Diverse Staffing. You

should be able to follow up with her at any time regarding the revised results. Let me know if you have any other questions."

28. Defendant did not provide Mr. Andrade Martinez with an updated copy of his consumer report at that time. To this day, Defendant still has not provided Mr. Andrade Martinez with a copy of his updated consumer report.

29. In failing to provide him with the updated consumer report, Defendant has denied Mr. Andrade Martinez the knowledge of what it is now reporting about him, including whether it revised its report to exclude all or some criminal records.

30. As of result of Defendant's inaccurate, incomplete and not up-to-date consumer report and its faulty reinvestigation, Mr. Andrade Martinez has suffered actual damages in the form of lost employment, harm to reputation, and emotional distress, including frustration, stress, humiliation and embarrassment, and denial of statutorily required information.

## FIRST CLAIM FOR RELIEF
### (15 U.S.C. § 1681e(b))

31. Plaintiff realleges Paragraph Nos. 1-30 as if fully set forth herein.

32. Defendant violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer report furnished regarding Plaintiff.

33. Defendant reported information about Plaintiff that it had reason to know was inaccurate.

34. Defendant knew or should have known about its obligations under the FCRA. These obligations are well established in the plain language of the FCRA, in the promulgations of the Federal Trade Commission, and in well-established case law.

35. Defendant obtained or had available substantial written materials that apprised it of its duties under the FCRA.

36. Despite knowing of these legal obligations, Defendant acted consciously in breaching its known duties and deprived Plaintiff of his rights under the FCRA.

37. Defendant's violation of 15 U.S.C. § 1681e(b) was willful, rendering Defendant liable pursuant to 15 U.S.C. § 1681n. In the alternative, Defendant was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

38.  As a result of this conduct by Defendant, Plaintiff suffered actual damages including without limitation, by example only and as described herein on his behalf by counsel: loss of employment, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

## SECOND CLAIM FOR RELIEF

## (15 U.S.C. § 1681k)

39.  Plaintiff realleges Paragraph Nos. 1-30 as if fully set forth herein.

40.  Section 1681k of the FCRA requires that when a consumer reporting agency supplies public record information to a user for employment purposes, and such information is likely to have an adverse effect on employment, the CRA must:

> (1) at the time such public record information is reported to the user of such consumer report, notify the consumer of the fact that public record information is being reported by the consumer reporting agency, together with the name and address of the person to whom such information is being reported; or
>
> (2) maintain strict procedures designed to insure that whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported it is complete and up to date.

41. Defendant violated 15 U.S.C. § 1681k by failing to notify Plaintiff that it was reporting public record information about him at the time it furnished such information to his prospective employer, and by failing to maintain strict procedures to ensure that the public record information it was reporting was complete and up to date.

42. Defendant knew or should have known about its obligations under the FCRA. These obligations are well established in the plain language of the FCRA, in the promulgations of the Federal Trade Commission, and in well-established case law.

43. Defendant obtained or had available substantial written materials that apprised it of its duties under the FCRA.

44. Despite knowing of these legal obligations, Defendant acted consciously in breaching its known duties and deprived Plaintiff of his rights under the FCRA.

45. Defendant's violation of 15 U.S.C. § 1681k was willful, rendering Defendant liable pursuant to 15 U.S.C. § 1681n. In the alternative, Defendant was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

46. As a result of this conduct by Defendant, Plaintiff suffered actual damages including without limitation, by example only and as described herein on his behalf by counsel: loss of employment, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

### THIRD CLAIM FOR RELIEF

### (15 U.S.C. § 1681i)

47. Plaintiff realleges Paragraph Nos. 1-30 as if fully set forth herein.

48. The FCRA requires CRAs to "conduct a reasonable reinvestigation" to reinvestigate the accuracy and completeness of information disputed by consumers. 15 U.S.C. § 1681i(a).

49. Once an individual disputes inaccurate information in a consumer report, CRAs must complete their reinvestigation within 30 days from the date they receive a consumer's dispute, and must notify the consumer of the results of the reinvestigation within five business days of the completion of its reinvestigation. 15 U.S.C. § 1681i(a)(6). In certain circumstances, upon the completion of an expedited dispute resolution, a CRA must provide, among other things, a copy of the consumer report on

the consumer that is based on the consumer's file after the deletion. 15 U.S.C. § 1681i(a)(8)(c).

50. Defendant willfully violated Section 1681i(a) of the FCRA by failing to provide Plaintiff with a copy of his consumer report that is based on his file after the deletion.

51. Defendant knew or should have known about its obligations under the FCRA. These obligations are well established in the plain language of the FCRA, in the promulgations of the Federal Trade Commission, and in well-established case law.

52. Defendant obtained or had available substantial written materials that apprised it of its duties under the FCRA.

53. Despite knowing of these legal obligations, Defendant acted consciously in breaching its known duties and deprived Plaintiff of his rights under the FCRA.

54. Defendant's violation of 15 U.S.C. § 1681i was willful, rendering Defendant liable pursuant to 15 U.S.C. § 1681n. In the alternative, Defendant was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

55. As a result of this conduct by Defendant, Plaintiff suffered actual damages including without limitation, by example only and as described herein on his behalf by counsel: loss of employment, damage to reputation, embarrassment, humiliation and other emotional and mental distress, and denial of statutorily required information.

## **JURY TRIAL DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

A. An award of actual, statutory and punitive damages for Plaintiff;

B. An award of reasonable attorneys' fees and costs;

C. An award of pre-judgment and post-judgment interest as provided by law; and

D. Other further relief, in law or equity, as this Court may deem appropriate and just.

Dated: March 13, 2023

> By: <u>/s/ Andrew Weiner</u>
> Andrew L. Weiner
> Georgia Bar No. 808278
> Jeffrey B. Sand
> Georgia Bar No. 181568
> WEINER & SAND LLC
> 800 Battery Avenue SE
> Suite 100
> Atlanta, GA  30339
> (404) 254-0842 (Tel.)
> (866) 800-1482 (Fax)
> aw@wsjustice.com
> js@wsjustice.com
>
> COUNSEL FOR PLAINTIFF