THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LAKISHA WILLIAMS<br>      Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION, LLC, EQUIFAX INFORMATION SERVICES, LLC, NAVY FEDERAL CREDIT UNION, CAPITAL ONE BANK USA, N.A., SYNCHRONY BANK, LLC, CITIBANK N.A.<br>      Defendants. | ) JURY TRIAL DEMANDED<br>)<br>)<br>) Case No.<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION

COMES NOW the Plaintiff, Lakisha Williams ("Ms. Williams" or "Plaintiff"), by Counsel, and for his Complaint against Defendants Experian Information Solutions, Inc., Trans Union, LLC, Equifax Information Services, LLC, Navy Federal Credit Union, Capital One Bank USA, N.A., Synchrony Bank, Citibank N.A.  Plaintiff alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual, statutory, and punitive damages, costs and attorneys' fees brought pursuant to the Fair Credit Reporting Act ("FCRA") 15 U.S.C. §§ 1681-1681x et seq.

1

2. Plaintiff is the victim of identity theft. Identity theft has become an alarmingly frequent invasion of privacy and "has emerged" as "one of the fastest growing white-collar crimes in the United States." *Sloane v. Equifax Info. Services, LLC*, 510 F.3d 495, 505, 2007 WL 4535267 (4th Cir. 2007).

3. In 2015, 13.1 million consumers were victims of identity thieves, who collectively stole nearly 15 billion dollars. *See generally*, Al Pascual, Kyle Marchini, & Sarah Miller, *2016 Identity Fraud: Fraud Hits an Inflection Point*, JAVELIN STRATEGY & RESEARCH (Feb. 2. 2016), *available* at https://www.javelinstrategy.com.

4. The FCRA "provides the primary recourse for victims of identity theft." Christopher P. Couch, Forcing the Choice Between Commerce & Consumers: Application of the FCRA to Identity Theft, 53 Ala. L. Rev. 583, 587 (2002). The purpose of the FCRA is to require consumer reporting agencies to "adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information." 15 U.S.C. § 1681. In furtherance of its underlying purposes, the FCRA sets out requirements and obligations that consumer reporting agencies, § 1681i, and their furnishers of information, § 1681s 2(b), must follow when consumers dispute the accuracy of the information reported in their credit reports.

5. Thus, the FCRA holds the credit reporting agencies and furnishers responsible for taking reasonable steps to correct a consumer's credit report once

she brought the theft to the agency's attention. *See Sloane v. Equifax Info. Services, LLC*, 510 F.3d 495, 506-07 (4th Cir. 2007) ("Of course, Equifax bore no responsibility for the initial theft, but the FCRA makes the company responsible for taking reasonable steps to correct Suzanne's credit report once she brought the theft to the company's attention; this Equifax utterly failed to do.").

6. As a result of identity theft, Ms. Williams's credit report included multiple accounts that did not belong to her. After Ms. Williams disputed the inaccurate information with Equifax, Trans Union, and Experian, each defendant failed to conduct a reasonable investigation and delete the inaccurate information from Ms. Williams's credit report.

7. Accordingly, Ms. Williams alleges claims against Equifax, Trans Union, and Experian for failing to reasonably ensure the maximum possible accuracy of Plaintiff's credit reports in violation of § 1681e(b), and for failing to fulfill their reinvestigation duties in violation of § 1681i.

8. Ms. Williams also alleges claims against Navy Federal Credit Union, Capital One Bank USA, N.A., Synchrony Bank, and Citibank N.A. for failing to fully and properly investigate Plaintiff's disputes as required by § 1681s-2(b)(1).

## JURISDICTION AND VENUE

9. Jurisdiction of this court arises under 15 U.S.C. § 1681(p) and 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

10. Venue in this District is proper in that the Defendant regularly conducts business in the State of Georgia.

3

### III.   PARTIES

11. Plaintiff Lakisha Williams is a natural person residing in Atlanta, Georgia.

12. Plaintiff Lakisha Williams is a consumer as defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681a, (b) and (c).

13. Upon information and belief, Experian Information Solutions, Inc. is a California corporation duly authorized and qualified to do business in the State of Georgia.

14. Experian is a "credit reporting agency," as defined in 15 U.S.C. § 1681a(f) and it disburses consumer reports to third parties for monetary compensation.

15. Upon information and belief, Trans Union, LLC is an Illinois corporation duly authorized and qualified to do business in the State of Georgia.

16. Trans Union is a "credit reporting agency," as defined in 15 U.S.C. § 1681a(f) and it disburses consumer reports to third parties for monetary compensation.

17. Upon information and belief, Equifax Information Services, LLC is a Georgia corporation duly authorized and qualified to do business in the State of Georgia.

18. Equifax is a "credit reporting agency," as defined in 15 U.S.C. § 1681a(f) and it disburses consumer reports to third parties for monetary compensation.

19. Capital One Bank USA, N.A. ("Capital One") is a national association with its principal office located in McLean, Virginia. At all times relevant to this Complaint, Capital One was a "furnisher" as governed by the FCRA.

20. Upon information and belief, Capital One is a "person" as defined by the FCRA, 15 U.S.C. § 1681a(b).

21. Defendant CITIBANK N.A., CITIGROUP INC., ("Citi"), is a national banking and financial institution with its principal office located in New York, New York. At all times relevant to this Complaint, Citibank was a "furnisher" as governed by the FCRA.

22. Upon information and belief, Citibank is a "person" as defined by the FCRA, 15 U.S.C. § 1681a(b).

23. Defendant Synchrony Bank, ("SYNCB"), is a national banking and financial institution with its principal office located in Draper, Utah. At all times relevant to this Complaint, SYNCB was a "furnisher" as governed by the FCRA.

24. Upon information and belief, Synchrony Bank is a "person" as defined by the FCRA, 15 U.S.C. § 1681a(b).

25. Navy Federal Credit Union ("NFCU") is a Foreign Limited Liability Company. At all times relevant to this Complaint, NFCU was a "furnisher" as governed by the FCRA.

26. Upon information and belief, Navy Federal Credit Union is a "person" as defined by the FCRA, 15 U.S.C. § 1681a(b).

## IV.   FACTS OF THE COMPLAINT

27. On or about August 19, 2022, Ms. Williams received an email indicating that she had been approved for an SBA grant.

28. The next day she received a second email stating that she was approved for a total of $26,000.00 with a $500 tax fee.

29. Unfortunately, Ms. Williams had not applied for a SBA grant.

30. Ms. Williams then obtained a copy of her credit report from each of the three largest consumer reporting agencies, Equifax, Experian, and Trans Union.

31. Upon receipt, Ms. Williams discovered that her consumer report contained numerous accounts that did not belong to her.

32. Ms. Williams consumer report contained the following six (6) fraudulent accounts:

   a. Two tradelines furnished by NFCU in the amounts of $17,728 and $15,792;

   b. Two tradelines furnished by Capital One in the amounts of $6391 and $2691;

   c. A tradeline from Citi in the amount of $4420; and

   d. A tradeline from SYNCB in the amount of $1725.

33. Not only were the fraudulent accounts reporting on Ms. Williams's credit report, but they were reporting as "charged off."

34. Moreover, Ms. Williams noticed several addresses that she never resided at appeared on her consumer report.

35. On one or more occasions since August 2022, Ms. Williams submitted disputes to Equifax, Experian, and Trans Union regarding the derogatory reporting of the fraudulent accounts. Ms. Williams requested that Equifax, Experian, and Trans Union delete the fraudulent and derogatory tradelines from her credit report.

36. In addition, Ms. Williams also filed an identity theft report with the Federal Trade Commission.

37. In response to Ms. Williams's disputes, Equifax, Experian, and Trans Union failed to conduct an adequate and thorough investigation of Ms. Williams's disputes.

38. Each verified the accounts as accurate and continued publishing the fraudulent and derogatory tradelines.

39. Upon information and belief, Equifax, Experian, and Trans Union each forwarded Ms. Williams's disputes to NFCU, Capital One, Citi, and SYNCB.

40. None of the Defendants conducted an adequate or thorough investigation into Ms. Williams's disputes. Instead, they verified the information as accurate, and the accounts remained on her credit report.

41. As a result of the Defendants' failure to remove this inaccurate information from Ms. Williams's credit reports, she suffered actual damages, including credit denials, a reduced credit score, stress, anxiety, and emotional distress.

42. As a standard practice, Equifax, Trans Union, and Experian do not conduct independent investigations in response to consumer disputes. Instead, they

merely parrot the response of the furnisher despite numerous court decisions admonishing this practice. *See Cushman v. Trans Union Corp.*, 115 F.3d 220, 225 (3d Cir. 1997) ("The 'grave responsibilit[y]' imposed by § 1681i(a) must consist of something more than merely parroting information received from other sources. Therefore, a 'reinvestigation' that merely shifts the burden back to the consumer and the credit grantor cannot fulfill the obligations contemplated by the statute."); *Apodaca v. Discover Fin. Servs.*, 417 F. Supp. 2d 1220, 1230–31 (D. N.M. 2006) (noting that credit reporting agencies may not rely on automated procedures that make only superficial inquiries once the consumer has notified it that information is disputed); *Gorman v. Experian Info. Sols., Inc.*, 2008 WL 4934047, at *6 (S.D.N.Y. Nov. 19, 2008).

43. Upon information and belief and consistent with their standard policies and procedures, Equifax, Trans Union, and Experian automatically generated their "investigation" results once NFCU, Capital One, Citi, and SYNCB provided their responses to Ms. Williams's disputes, verifying that each account belonged to her, and no Equifax, Trans Union, or Experian employee took any additional steps after the furnishers provided their responses to Ms. Williams's disputes.

44. Instead, Equifax, Trans Union, and Experian blindly accepted the furnishers' version of the facts and continued to report the inaccurate, derogatory information on Ms. Williams's credit report.

45. Equifax, Trans Union, and Experian continue the practice of parroting the response from their furnishers even though they have been repeatedly sued for failing to conduct a reasonable investigation as required by the FCRA.

46. Equifax, Trans Union, and Experian do not intend to modify their dispute-processing procedures because doing so would drastically increase their operating expenses.

47. Instead, Equifax, Trans Union, and Experian intentionally choose not to comply with the FCRA to lower their costs and increase profits. Accordingly, Equifax's, Trans Union's, and Experian's violations of the FCRA were willful.

48. At all times pertinent to this Complaint, NFCU, Capital One, Citi, and SYNCB's processing of consumer disputes were willful and carried out in reckless disregard for a consumer's rights as set forth under the FCRA. By example only and without limitation, their conduct was willful because it was intentionally accomplished through intended procedures and because their efficiency in processing disputes is believed to be more important than making sure that the disputes are investigated thoroughly and accurately.

## CAUSES OF ACTION

49. This suit is based upon the Defendants' violations of the Fair Credit Reporting Act.

50. All causes of action were the producing causes of damages, which Ms. Williams suffered.

## FIRST CLAIM FOR RELIEF
## 15 U.S.C. § 1681e(b)
### (DEFENDANTS EXPERIAN, TRANS UNION, and EQUIFAX ONLY)

51. Plaintiff incorporates by reference each of the allegations set forth in the preceding paragraphs.

52. Experian, Trans Union, and Equifax violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports and credit files they published and maintained.

53. As a result of Experian, Trans Union, and Equifax's conduct, Plaintiff suffered concrete and particularized harm, including without limitation: loss of credit, credit damage, damage to reputation, embarrassment, humiliation, and other emotional distress.

54. Experian, Trans Union, and Equifax's conduct in violating § 1681e(b) were willful, rendering them liable to Plaintiff for actual damages, statutory damages, punitive damages, costs, and attorney's fees in an amount to be determined pursuant to 15 U.S.C. § 1681n.

55. In the alternative, they were negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

## SECOND CLAIM FOR RELIEF
## 15 U.S.C. § 1681i
### (DEFENDANTS EXPERIAN, TRANS UNION, and EQUIFAX ONLY)

56. Plaintiff incorporates by reference each of the allegations set forth in the preceding paragraphs.

57. Experian, Trans Union, and Equifax violated multiple sections of § 1681i, including but not limited to: (1) failing to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate and record the current status of the disputed information or delete the item from Plaintiff's credit file in violation of § 1681i(a)(1); (2) failing to review and consider all relevant information submitted by Plaintiff in violation of §1681i(a)(4); (3) failing to promptly delete the disputed inaccurate items of information from Plaintiff's credit file or modify the item of information upon a lawful reinvestigation of § 1681i(a)(5)(A); and (4) failing to promptly delete the disputed, inaccurate information from Plaintiff's credit file in violation of § 1681i(a)(5)(A).

58. As a result of Experian, Trans Union, and Equifax's conduct, Plaintiff suffered concrete and particularized harm, including without limitation: loss of credit, credit damage, damage to reputation, embarrassment, humiliation, and other emotional distress.

59. Experian, Trans Union, and Equifax's conduct in violating § 1681e(b) were willful, rendering them liable to Plaintiff for actual damages, statutory damages, punitive damages, costs, and attorney's fees in an amount to be determined pursuant to 15 U.S.C. § 1681n.

60. In the alternative, Experian, Trans Union, and Equifax were negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

## THIRD CLAIM FOR RELIEF
## 15 U.S.C. § 1681s-2(b)(1)(A)
## (DEFENDANTS NFCU, SYNCB, CAPITAL ONE, CITIBANK)

61. Plaintiff incorporates by reference each of the allegations set forth in the preceding paragraphs.

62. On one or more occasions within the past two years, by example only and without limitation, Defendants violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to fully and properly investigate Plaintiff's disputes.

63. Plaintiff disputed the account with one or more credit bureaus, as discussed above.

64. When Plaintiff disputed her account with the credit bureaus, Defendants used a dispute system named "e-Oscar," which has been adopted by the consumer reporting agencies and their furnisher customers (such as Defendants).

65. E-Oscar is an automated system, and the procedures used by the credit reporting agencies are systematic and uniform.

66. When a consumer reporting agency receives a consumer dispute, it (usually via an outsourced vendor) translates each dispute into an automated consumer dispute verification ("ACDV") form.

67. Upon information and belief, the ACDV form is the method by which Defendants has elected to receive consumer disputes pursuant to 15 U.S.C. § 1681i(a).

68. Upon information and belief, the credit reporting agencies forwarded Plaintiff's dispute via an ACDV to Defendants.

69. Defendants understood the nature of Plaintiff's disputes when it received the ACDV forms.

70. Upon information and belief, when Defendants received the ACDV form containing Plaintiff's dispute, it followed a standard and systematically unlawful process where it only reviews its own internal computer screen for the account and repeats back the same information to the ACDV system that was previously reported to the credit reporting agency.

71. Upon information and belief, when Defendants receives a consumer dispute through e-Oscar, it does not conduct a substantive review of any sort to determine whether or not the information already in its computer system is itself accurate.

72. As a result of Defendants' violations of 15 U.S.C. § 1681s-2(b)(1)(A), Plaintiff suffered concrete and particularized harm, including loss of credit, damage to reputation, embarrassment, humiliation, stress, and other emotional distress.

73. Defendants' conduct in violating 15 U.S.C. § 1681s-2(b)(1)(A) was willful, rending them liable to Plaintiff for punitive damages in an amount to be determined pursuant to 15 U.S.C. § 1681n.

74. In the alternative, Defendants was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

## FOUTH CLAIM FOR RELIEF
## 15 U.S.C. § 1681s-2(b)(1)(B)
## (DEFENDANTS NFCU, SYNCB, CAPITAL ONE, CITIBANK ONLY)

75. Plaintiff incorporates by reference each of the allegations set forth in the preceding paragraphs.

76. On one or more occasion within the past two years, by example only and without limitation, Defendants violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the credit reporting agencies.

77. As Plaintiff detailed in the previous Count, Defendants has elected to use the e-Oscar system for its FCRA disputes received through the consumer reporting agencies.

78. Defendants are aware of the meaning of the several dispute codes used by the consumer reporting agencies in e-Oscar.

79. Defendants do not contend that the ACDV system is an inadequate means to receive FCRA disputes through the consumer reporting agencies.

80. Defendants understood Plaintiff's disputes and that Plaintiff claimed the account did not belong to her.

81. As a result of Defendants' violations of 15 U.S.C. § 1681-2(b)(1)(B), Plaintiff suffered concrete and particularized harm, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation, and other emotional distress.

82. Defendants' violations of 15 U.S.C. § 1681s-2(b)(1)(B) were willful, rendering it liable for punitive damages in an amount to be determined pursuant to 15 U.S.C. §§ 1681n and 1681o.

83. In the alternative, Defendants was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o. Plaintiff is entitled to recover actual damages, statutory damages, costs, and attorney's fees from Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n and 1681o.

## XII. JURY DEMAND AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff Lakisha Williams respectfully requests that this Honorable Court enter judgment in favor of Plaintiff Lakisha Williams and against Defendants Experian Information Solutions, Inc., Trans Union, LLC, Equifax Information Services, LLC, Capital One Bank USA, N.A., Synchrony Bank for the following:

a. Judgment that Defendants violated the FCRA;

b. Actual or Statutory damages pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o;

c. Punitive and/or statutory damages pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o;

d. Attorney's Fees, Costs, and Expenses incurred in this action pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o;

e. For such other and further relief as the Court may deem just and proper.

Respectfully submitted:

**JW Law Firm, PLLC**
1590 Jonesboro Rd. SE #6839
Atlanta, GA 30315
Phone: (832) 422-6362
jeff@jwcreditlawyers.com


By: _____
    JEFFREY A. WILSON

16

THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LAKISHA WILLIAMS<br>    Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS,<br>INC., TRANS UNION, LLC, EQUIFAX<br>INFORMATION SERVICES, LLC, NAVY<br>FEDERAL CREDIT UNION, CAPITAL ONE<br>BANK USA, N.A., SYNCHRONY BANK, LLC<br>    Defendants. | )<br>)<br>)<br>) Case No.<br>)<br>)<br>)<br>)<br>)<br>) |

## JURY DEMAND

Plaintiff, by and through her undersigned attorney, hereby demands trial by jury on all issues triable herein pursuant to FRCP, Rule 38 (b).

Respectfully submitted:

**JW Law Firm, PLLC**
1590 Jonesboro Rd. SE #6839
Atlanta, GA 30315
Phone: (832) 422-6362
jeff@jwcreditlawyers.com
Attorney for Plaintiff

By: _____/s/ Jeffrey A. Wilson_____
    JEFFREY A. WILSON

17