# Exhibit A

**General Civil and Domestic Relations Case Filing Information Form**

ID# E-FTJFQ2QE-NZR
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**23-A-420**

**JAN 31, 2023 01:58 PM**

Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

☐ Superior or ☑ State Court of ___Cobb___ County

| For Clerk Use Only | |
|---|---|
| **Date Filed** 01-31-2023 | **Case Number** 23-A-420 |
| MM-DD-YYYY | |

**Plaintiff(s)**

Simms, Lindsey

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |

**Defendant(s)**

O'Charley's LLC

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |

**Plaintiff's Attorney** Holcombe, Justin T    **Bar Number** 552100    **Self-Represented** ☐

### Check one case type and, if applicable, one sub-type in one box.

**General Civil Cases**

- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☑ Other General Civil

**Domestic Relations Cases**

- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____        _____
**Case Number**                        **Case Number**

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____
**Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____



ID#E-FTJFQ2QE-CG4
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

23-A-420

JAN 31, 2023 01:58 PM

Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

# IN THE STATE COURT OF COBB COUNTY
# STATE OF GEORGIA

LINDSEY SIMMS, *on behalf of*
*herself and all others similarly situated*,

    Plaintiff,

v.

O'CHARLEY'S LLC,

    Defendant.

:
:
:
:
:
:
:
:
:
:
:
:
:

Civil Action File No.

**CLASS ACTION**

## CLASS ACTION COMPLAINT

## INTRODUCTION

1.    Plaintiff, Lindsey Simms, on behalf of herself and other similarly situated individuals, sues Defendant, O'Charley's, LLC, ("Defendant") to secure redress for violations of the Fair and Accurate Credit Transactions Act ("FACTA") amendment to the Fair Credit Reporting Act ("FCRA").

2.    This proposed class action is based upon §1681c(g) of the FCRA, which states "no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction." Despite this clear language, Defendant willfully chose not to comply with it. As such, consumers who made purchases at Defendant's restaurants using a

142290



credit or debit card suffered violations of their rights under §1681c(g), were exposed to a material risk of identity theft and other harms, and thus are entitled to an award of statutory damages.

## PARTIES AND PERSONAL JURISDICTION

3.      Plaintiff, Lindsey Simms, is a natural person authorized by law to bring this action, which arises from a purchase she made at one of Defendant's restaurants.

4.      Defendant, O'Charley's LLC, is a Tennessee limited liability company that operates restaurants around the Eastern United States, including more than a dozen in Georgia. Defendant is also a "person that accepts credit cards or debit cards for the transaction of business" within the meaning of FACTA.

## STATEMENT OF FACTS

### Background of FACTA

5.      Identity theft is a serious issue affecting both consumers and businesses. As of 2018, a Harris Poll revealed that nearly 60 million Americans have been affected by identity theft.  There were a record high 16.7 million victims of identity fraud in 2017 alone, and account takeovers (when a thief opens a credit card account or other financial account using a victim's name and other stolen information) tripled in 2017 from 2016, causing $5.1 billion in losses.

6.      FACTA was enacted by Congress, and signed into law by President George W. Bush, to prevent identity theft and related harm. See Pub. L. No. 108-

159 (December 4, 2003) ("An Act . . . to prevent identity theft . . . and for other purposes.")

7.   Upon signing FACTA into law, President Bush remarked, "[s]lips of paper that most people throw away should not hold the key to their savings and financial secrets." 39 Weekly Comp. Pres. Doc. 1746, 1757 (Dec. 4, 2003). President Bush added the government, through FACTA, also was "act[ing] to protect individual privacy." Id.

8.   FACTA aims to thwart identity thieves' ability to gain information regarding consumers' credit and debit card accounts.

9.   FACTA accomplishes this goal by requiring merchants to mask or "truncate" most of the consumer's credit or debit card number on the transaction receipt provided to the consumer at the point of sale. This provision states:

> ***Except as otherwise provided in this subsection, no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction.***

15 U.S.C. §1681c(g)(1) (hereinafter, the "Receipt Provision").

10.   Congress found this requirement prevents a thief from getting "key" debit and credit account information a thief can use to commit theft or fraud. *See* S. Rep. No. 108-166 at p.3. In other words, Congress found cardholders were exposed

to a real risk of identity theft (including card fraud) when more than the last five digits of their card numbers were disclosed on their transaction receipts.

11.     Here, Defendant printed an "ID" on its receipts reflecting the card numbers used in the transaction. The first and the last four numbers of the "ID" on Defendant's receipts matched the card numbers identically, and the total number of digits also matched the card numbers. For instance, if an American Express was used in the transaction, the "ID" would be fifteen digits, but if a MasterCard were used, the "ID" would be sixteen digits.

12.     When the same card is used in multiple transactions at Defendant's restaurants, Defendant prints the same "ID" for that card on the receipt. This indicates the "ID" reflects the actual, full card number, which can be deciphered by anyone with the key.

13.     The risk created by this disclosure is substantial. For example, at least one study demonstrated that in just six seconds, a person armed with nothing more than the first six and last four digits of a credit card number can deduce the missing digits and make a fraudulent purchase online using a "distributed guessing attack," *i.e.*, systematically attempt multiple online purchases with different number combinations. Indeed, as explained by the FTC, "[c]redit card numbers on sales receipts are a 'golden ticket' for fraudsters and identity thieves." https://www.ftc.gov/tips-advice/business-center/guidance/slip-showing-federal-

law-requires-all-businesses-truncate.

14.    This risks have increased as criminal attacks have become more sophisticated. Visa recently reported "enumeration attacks" which, like the distributed-guessing attack above, involve fraudsters using automated computer programs to systematically submit multiple variations of card data (including the card number, expiration date, and security or CVV code) to try to correctly guess a working set, are on the rise. Visa Business News, Best Practices, Sept. 13, 2021) ("Visa has observed a sustained increase in enumeration attacks …"). Likewise, the Payment Card Industry (PCI) Security Standards Council and National Cyber-Forensics and Training Alliance expressly describe these enumeration attacks as "an ongoing threat that requires urgent attention." (PCI SSC and NCFTA October 21, 2020 Bulletin).

15.    Defendant's practice of printing the last four digits of the card number on the receipt along with the first digit enhances a thief's ability to conduct these attacks because the last digit of the card number is a "check digit," *i.e.*, a digit whose value is determined based on the other digits of the card number using a formula called the Luhn algorithm. This significantly limits the number of possible combinations a thief will need to attempt to discover the missing digits.

16.    A card's first digit reveals information merchants do not normally print on the receipt that a thief also can use to obtain account information needed to

142290

commit fraud via "phishing" inquiries, as it discloses the card's "major industry identifier" (MII), *i.e.* what type of company the card is affiliated with (*e.g.* an airline, a banking institution, or a retailer). Armed with this additional information, the thief can call or email the consumer posing as the store or bank and convince the consumer the call is legitimate, to extract more data. *See, e.g.*, *Redman v. RadioShack Corp*., 768 F.3d 622, 626 (7th Cir. 2014) (data FACTA prohibits merchants from printing on the receipt can "bolster the credibility of a criminal" in "phishing scams").

17.    Disclosing FACTA-prohibited information on the receipt gives thieves multiple ways to access it. In addition to finding the receipt if discarded or lost, expert testimony to Congress established printing the information where it can be seen risks its capture by "unscrupulous employees" or "shoulder-surfers" (persons standing nearby) who see the receipt.

18.    The only reason Plaintiff was exposed to these real risks is because Defendant printed the first and last four digits of her card account number on her receipt.

19.    After enactment, Congress gave merchants three years to bring their systems into compliance with the Receipt Provision, mandating full compliance no later than December 4, 2006.

20.    The Receipt Provision was widely publicized among retailers. For example, on March 6, 2003, in response to earlier state legislation enacting similar

142290

truncation requirements, then-CEO of Visa USA, Carl Pascarella, announced a new policy to combat identity theft and protect consumers by limiting cardholder information on receipts to the last four digits of their account numbers, explaining: "Identity thieves thrive on discarded receipts and documents containing consumers' information such as payment account numbers …. Visa's new policy will protect consumers by limiting the information these thieves can access."

21.     Within 24 hours, MasterCard and American Express announced they were imposing similar requirements.

22.     Card-issuing organizations proceeded to require compliance with FACTA by contract. For example, the "Rules for Visa Merchants," which are distributed to and binding upon all merchants that accept Visa cards, expressly requires that "only the last four digits of an account number should be printed on the customer's copy of the receipt" and "the expiration date should not appear at all."[1] VISA required complete compliance by July 1, 2006, five months ahead of the statutory deadline.

---

[1]     *Rules for Visa Merchants*, VISA (p.17) (Sept. 1, 2007), http://www.runtogold.com/images/rules_for_visa_merchants.pdf.

23. Because a handful of large retailers did not comply with their contractual obligations to the card companies and the straightforward requirements of FACTA, Congress passed The Credit and Debit Card Receipt Clarification Act of 2007, to temporarily change the definition of willful noncompliance with respect to violations involving the failure to mask card expiration dates on transaction receipts. Importantly, the Clarification Act did not amend FACTA to allow publication of more than the last five digits of the card number or the card expiration date. Instead, it simply provided amnesty for certain past violators who disclosed the card expiration date, and then only up to June 3, 2008.

24. Card processing companies continued to alert their merchant clients, including Defendant, of FACTA's requirements. According to a Visa Best Practice Alert in 2010:

> Some countries already have laws mandating PAN truncation and the suppression of expiration dates on cardholder receipts. For example, the United States Fair and Accurate Credit Transactions Act (FACTA) of 2006 prohibits merchants from printing more than the last five digits of the PAN or the card expiration date on any cardholder receipt. (Please visit http://www.ftc.gov/os/statutes/fcrajump.shtm for more information on the FACTA.) To reinforce its commitment to protecting consumers, merchants, and the overall payment system, Visa is pursuing a global security objective that will enable merchants to eliminate the storage of full PAN and expiration date information from their payment systems when not needed for specific business reasons. To ensure consistency in PAN truncation methods, Visa has developed a list of best practices to be used until any new global rules go into effect.

25. Most of Defendant's business peers and competitors kept their credit

142290

card and debit card receipt printing process in compliance with FACTA by ensuring their card machines and devices complied with the truncation requirement. Defendant could very easily have done the same.

26.    Not only was Defendant informed it could not print more than the last five numbers, it was contractually prohibited from doing so. Defendant accepts credit cards from all major issuers; these companies set forth requirements that merchants, including Defendant, must follow, including FACTA's redaction and truncation requirements.

27.    As noted above, the processing companies have barred disclosing credit card or debit card expiration dates and more than the last five digits of card account numbers on receipts since 2003, and these restrictions continue today. For example, American Express directed:

> Pursuant to Applicable Law, truncate the Card Number and do not print the Card's Expiration Date on the copies of Charge Records delivered to Card Members. Truncated Card Number digits must be masked with replacement characters such as "x," "*," or "#," and not blank spaces or numbers.

28.    Similarly, MasterCard required in a section titled Primary Account Number (PAN) truncation and Expiration Date Omission:

> A Transaction receipt generated by an electronic POI Terminal, whether attended or unattended, must not include the Card expiration date. In addition, a Transaction receipt generated for a Cardholder by an electronic POI Terminal, whether attended or unattended, must reflect only the last four digits of the primary account number (PAN). All preceding digits of the PAN must be replaced with fill characters, such as "X," "*," or "#," that are neither blank

spaces nor numeric characters.

29.     So problematic is the crime of identity theft that the three main credit reporting agencies, Experian, Equifax, and Transunion, joined to set-up a free website (http://www.annualcreditreport.com) to comply with FACTA requirements and provide the citizens with a means of monitoring their credit reports for possible identity theft.

**Plaintiff's Factual Allegations**

30.     On September 3, 2021 and July 31, 2021, Plaintiff used her Visa credit card to make a purchase at one of the Defendant's restaurants here in Georgia.

31.     At the completion of her purchase, Plaintiff was given a computer-generated receipt that disclosed more than the last five (5) digits of Plaintiff's credit card number. In fact, the customer copy published the first and last four digits of Plaintiff's card number.

32.     The disclosure of this information on the receipt enabled Defendant's store staff to see it when they would not have otherwise been able to do so. Defendant provides two copies of the receipt to each customer, one of which the customer must sign and leave behind for the store to keep.

33.     Plaintiff took care to retain the receipt, and ensure it did not get lost or discarded.

34.     This same violation at issue took place at numerous O'Charley's retail

stores across the United States.

35.     Defendant accepts Visa, MasterCard, and American Express credit cards in the course of transacting business with persons who make purchases at Defendant's locations.

36.     Banks and credit card associations (i.e. Visa, MasterCard, American Express, Discover, etc.) are keenly aware of the importance of truncating card numbers and expiration dates as required under FACTA. Accordingly, they informed their merchants for years about FACTA and what a company must do to be compliant.

37.     Visa, MasterCard, and American Express instructed merchants, including Defendant, that a credit or debit card number must be truncated to no more than the last five digits and that the expiration date must be truncated entirely.

38.     At the time of the FACTA violations alleged here and before, Defendant knew of its obligations under FACTA.

39.     Most of Defendant's business peers and competitors readily brought their credit card and debit card receipt printing process into compliance with FACTA by programming their card machines and devices to comply with the truncation requirement.

40.     Defendant could readily have done the same, but knowingly or recklessly failed to review its own FACTA compliance.

11

142290

41.     Despite its awareness of FACTA's requirements, Defendant allowed its stores to violate FACTA.

## Alleged Misdeeds

42.     At all times relevant herein, Defendant was acting by and though its agents, servants and/or employees, each of which were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant.

43.     At all times relevant herein, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was in reckless disregard for federal law and the rights of the Plaintiff.

44.     Defendant's U.S. restaurants employed an electronic payment-processing system.

45.     Using that system, it was Defendant's policy and procedure to issue an electronically printed receipt to individuals at the point of sale – *i.e.*, immediately upon receipt of credit or debit card payment.

46.     Consistent with Defendant's policy and procedure, Defendant knowingly included more than the last five digits of the card number on its electronically printed receipts. Specifically, it printed the first and last four digits of the card numbers on the receipts.

47.     The digits appearing on the receipt are not printed accidentally. The

system was programmed to display them.

48.     Given the law and the fact Defendant's store staff could see on the face of each receipt Defendant printed that it was disclosing the first and last four digits of consumers card numbers on the receipts day in and day out, Defendant's violations were knowing or at least reckless.

49.     To paraphrase *Redman v. Radioshack Corp.,* 768 F.3d 622 (7th Cir. 2014), Defendant engaged "in conduct that creates an unjustifiably high risk of harm that is either known or so obvious that it should be known…" *Id.* at 627.

## CLASS ACTION ALLEGATIONS

50.     Plaintiff brings this action on behalf of a class pursuant to O.C.G.A. § 9-11-23.

51.     The proposed class is defined to include:

All individuals in the U.S. whose debit or credit card, according to Defendant's records was used in a transaction at an O'Charley's U.S. restaurant that was programmed to display an ID number which included the first digit and last four digits of the debit or credit card number on the customer transaction receipt printed at the point of sale for the transaction, on or after January 31, 2021.

52.     The class meets each of the requirements of O.C.G.A. § 9-11-23.

142290

53.     The class is so numerous that joinder of all individual members in one action would be impracticable. Each O'Charley's restaurant in Georgia processes more than 40 such credit and debit card transactions on a daily basis.

54.     This case presents questions of law and fact common to all the members of the Class that predominate over any questions affecting only individual members. These common questions include:

    a.  Whether Defendant printed customer transaction receipts that disclosed more than the last five digits of the cardholders' debit or credit card numbers, violating FACTA;

    b.  Whether Defendant's FACTA violations were knowing or reckless, thus entitling Plaintiff and the class to statutory damages; and

    c.  The appropriate amount of statutory damages to award.

55.     Plaintiff's claim is typical of the class members' claims. She is a member of the class, her claim arises from the same material facts as the class members' claims, and she seeks the same relief on behalf of herself and the class.

56.     Plaintiff will fairly and adequately protect the interests of the Class, and has retained attorneys experienced in class and complex litigation, including class action litigation under FACTA.

57.     A class action is a superior method for resolving the claims raised in this lawsuit because: (i) the prosecution of separate actions by the members of the

142290

class would wastefully burden the judicial system with the need to resolve the common factual and legal questions this case presents over and over; (ii) requiring members of the class to prosecute their own individual lawsuits would work an injustice, as it would prevent class members who are unaware they have a claim, or who lack the ability or wherewithal to bring their own lawsuit and find a lawyer willing to take their case, to obtain relief; and (iii) proceeding on a class basis presents no significant management issues. Indeed, FACTA cases are routinely certified for class treatment.

### COUNT I – VIOLATIONS OF 15 U.S.C.  § 1681(c)(g)

58.    Plaintiff incorporates the above paragraphs as if fully set forth herein.

59.    15 U.S.C. §1681c(g) states as follows:

> *Except as otherwise provided in this subsection, no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction.*

60.    This section applies to any "device that electronically prints receipts" (hereafter "Devices") at point of sale or transaction. 15 U.S.C. §1681c(g)(3).

61.    Defendant employed said Devices for point of sale transactions at Defendant's various retail locations in the U.S.

62.    Defendant provided Plaintiff and members of the class with receipts that violated the Receipt Provision.

142290

63.    At all times relevant to this action, Defendant was aware of the Receipt Provision as well as the need to comply with said provision.

64.    Nevertheless, Defendant knowingly or recklessly allowed the payment processing system used by its retail stores to violate the Receipt Provision. Thus, Defendant's violations were willful.

65.    By printing the first and the last four digits of Plaintiff's credit card number on her transaction receipt, Defendant caused Plaintiff to suffer a material risk of identity theft and exposed her private information to others who saw or handled her receipt.

66.    By printing the first and last four digits of Plaintiff's credit card number on her transaction receipt, Defendant unlawfully invaded Plaintiff's private statutory right not to have such numbers displayed on a receipt.

67.    As a result of Defendant's actions, Defendant is liable to Plaintiff and members of the class pursuant to 15 U.S.C. § 1681n for statutory damages, punitive damages, attorney's fees and costs.

WHEREFORE, Plaintiff, Lindsey Simms, respectfully requests that this Court grant Plaintiff and the class the following relief against Defendant:

a. Certification of the class;

b. An award of statutory and punitive damages;

c. An award of attorneys' fees and expenses; and

142290

d. An award of such other relief as the Court deems just.

Dated: January 31, 2023

Respectfully submitted,

*s/Justin T. Holcombe*
Kris Skaar
Georgia Bar No. 649610
Justin Holcombe
Georgia Bar No. 552100
SKAAR & FEAGLE LLP
133 Mirramont Lake Drive
Woodstock, Georgia 30189
Telephone: (770) 427-5600
kskaar@skaarandfeagle.com
jholcombe@skaarandfeagle.com

Keith J. Keogh, Esq.*
Michael S. Hilicki, Esq.*
KEOGH LAW, LTD.
55 W. Monroe, Ste. 3390
Chicago, IL 60603
Tel: 312-726-1092
Keith@KeoghLaw.com
MHilicki@KeoghLaw.com

*Pending admission *pro hac vice*

17

142290

ID# PE4TJFQ2QE-UMQ
⊕ EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**23-A-420**

**JAN 31, 2023 01:58 PM**



Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

# STATE COURT OF COBB COUNTY
# STATE OF GEORGIA

CIVIL ACTION NUMBER  23-A-420

$198.00 COST PAID

Simms, Lindsey

─────────────────────────────
**PLAINTIFF**

**VS.**

O'Charley's LLC

─────────────────────────────
**DEFENDANT**

### SUMMONS

TO: O'CHARLEY'S LLC

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Justin T Holcombe**
> **Skaar & Feagle LLP**
> **133 Mirramont Lake Drive**
> **Woodstock, Georgia 30189**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 31st day of January, 2023.**

Clerk of State Court



Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

12 East Park Square, Marietta, Georgia 30090-9630
(770) 528-1220 Building B, First Floor-Civil Division

Page 1 of 1



ID# E-ZPSWJAXV-TRB
⚙ EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**23-A-420**

FEB 17, 2023 01:38 PM

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

# IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

LINDSEY SIMMS, *on behalf of*               :
*herself and all others similarly situated*,  :
                                              :
    Plaintiff,                           :
                                              :    Civil Action File No.
v.                                            :
                                              :    23-A-420
O'CHARLEY'S LLC,                              :
                                              :    **CLASS ACTION**
    Defendant.                           :
_____           :

## NOTICE OF FILING

COMES NOW PLAINTIFF, Lindsey Simms, and submits the attached Sheriff's Entry of Service reflecting service on the Defendant, O'Charley's LLC, on February 10, 2023.

                    Respectfully submitted,

                    *s/Justin T. Holcombe*
                    Justin T. Holcombe
                    Georgia Bar No. 552100
                    **SKAAR & FEAGLE LLP**
                    133 Mirramont Lake Drive
                    Woodstock, Georgia 30189
                    Telephone: (770) 427-5600
                    jholcombe@skaarandfeagle.com



By: kmaxiewatson

Gwinnett County Sheriff's Office
Cover Sheet

**FOREIGN**

**Sheriff #:** 23004594

**Person Served:** O'CHARLEY'S LLC
C T CORPORATION SYSTEM
289 S CULVER STREET
LAWRENCEVILLE GA 30046
PHONE:

**Process Information:**

Date Received: 02/08/2023

Assigned Zone: 289 S. Culver          Court Case #:  23-A-420

Expiration Date:                       Hearing Date:

Paper Types: SUMMONS, COMPLAINT AND DISCOVERY

Notes/Alerts:

**Notes:**

23004594

Civil Action No. 23-A-420

Date Filed 1|31|23

Magistrate Court ☐
Superior Court ☐
State Court Cobb ☒
Georgia, ~~Gwinnett~~ County

Lindsey Simms

**Plaintiff**

VS.

O'Charley's LLC

**Defendant**

Attorney's Address
Justin T. Holcombe
Skaar + Feagle LLP
133 mirramont Lake Drive
Woodstock, GA 30189

Name and Address of party to be served.

O'Charley's LLC
C/o registered agent, to wit:
CT Corporation System
289 S. Culver Street
Lawrenceville, GA 30046-4805

**Garnishee**

2023 FEB -0 PM 3:50
RECEIVED CIVIL G.C.A.

## Sheriff's Entry Of Service

**Personal** ☐

I have this day served the defendant _____ personally with a copy
of the within action and summons.

**Notorious** ☐

I have this day served the defendant _____ by leaving
a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows

age, about _____ years; weight, about _____ pounds; height, about _____ feet and _____ inches; domiciled at
the residence of defendant.

**Corporation** ☒

Served the defendant  O'Charley's LLC _____ a corporation

by leaving a copy of the within action and summons with  Jane Richardson
in charge of the office and place of doing business of said Corporation in this County.

**Tack & Mail** ☐

I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the
premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States
Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate
postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**Non Est** ☐

Diligent search made and defendant _____
not to be found in the jurisdiction of this Court.

This ____10____ day of __Feb__, 20 23.

Lt. Higgins 50541
**Deputy**

Sheriff Docket_____ Page_____

_____
**Gwinnett County, Georgia**

WHITE: Clerk        CANARY: Plaintiff / Attorney        PINK: Defendant

SC-2 Rev.3.13