# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| CONNIE BAKER,<br><br>             Plaintiff,<br><br>v.<br><br>DENIS MCDONOUGH, SECRETARY, U.S. DEPARTMENT OF VETERANS AFFAIRS,<br><br>             Defendants. | CIVIL ACTION NO. |

## COMPLAINT FOR DAMAGES, DECLARATORY AND EQUITABLE RELIEF

Plaintiff, by and through undersigned counsel files this Complaint for Damages and Equitable Relief, and shows the Court as follows:

## I.  Preliminary Statement

1. This action seeks actual damages, declaratory, injunctive and equitable relief, compensatory damages, and costs and attorney's fees for the unlawful actions suffered by Plaintiff Connie Baker in her treatment by Defendant.

II.     **Jurisdiction**

2.  This an action which arises under the Family Medical Leave Act (FMLA), 29 USC §2601 et seq, and claims damages in excess of $15,000.00 exclusive of fees and costs.

3.  This Court has jurisdiction to hear these claims.

III.    **Venue**

4.  This action properly lies in the United States District Court for the Northern District of Georgia, pursuant to 29 U.S.C. § 1391(b).

IV.     **Parties**

5.  Plaintiff is an individual and also was an "eligible employee," within the meaning of the FMLA, at all times relevant to this Complaint.

6.  Plaintiff is a resident of North Augusta, SC, and is a citizen of the United States.

7.  Defendant was an "employer," within the meaning of the FMLA, at all times relevant to this Complaint.

8.  Defendant was both engaged in commerce or in an industry or activity affecting commerce and employed more than 50 employees for each working day during each of 20 or more calendar weeks in each calendar year relevant hereto.

**V.    Facts**

9.  At the time of the incidents relevant hereto, Plaintiff was employed by Defendant for around 29 and 30 years.

10. On or around November 5, 2019, Plaintiff submitted FMLA paperwork from her medical provider to request full time leave from October 28, 2019, through March 2020.

11. This was also sufficient medical information to support the absences.

12. On or around November 21, 2019, Defendant approved the FMLA leave, and decided Plaintiff was eligible for FMLA Leave.

13. From November 4, 2019 to February 12, 2020, Plaintiff continued to call the nursing supervisors to request Annual and/or Sick leave. One of the supervisors had told Plaintiff, "Connie we show your now on FMLA, you don't have to call in anymore."

14. On or around November 29, 2019, Defendant sent Plaintiff a letter saying she was eligible for FMLA Protection, but said Plaintiff would be charged AWOL for days for which she had FMLA leave approved, and falsely claimed the FMLA paperwork only covered seven days.

15. Around the time, Ms. Michelle Linder had become very hostile with Plaintiff. She told Plaintiff, "you really should not be on FMLA; you told me your sister is sick. You could not get FMLA for your sister, so you got FMLA for yourself. You should be back to work."

16. When Plaintiff submitted paperwork to HR and told her how hostile Plaintiff was being treated by Linder, Theresa Neidlinger from HR said, "well, what do you expect. You hired for a job here and now you are not coming to work and you are wanting us to hold your position. REALLY WHAT DO YOU EXPECT FROM US." Plaintiff started to cry, and HR replied, "just leave if you're going to do that, I have no patience for you today".

17. On or around January 28, 2020, Plaintiff provided Defendant with a request for Leave Without Pay for more than 30 days for stress from February 4, 2020, to April 2020.

18. This was also still covered by the approved FMLA request.

19. Plaintiff never heard back about this request and assumed it was granted.

20. It effectively was granted.

21. In March 2020, Plaintiff received a return to duty notice that stated she had been charged AWOL since February 12, 2020.

22. Plaintiff should not have been charged AWOL because she has FMLA leave and/or had requested leave.

23. Plaintiff was told that she did not have to call in because she had FMLA leave.

24. Since the end of January 2020, no one from Defendant had contacted Plaintiff about her leave.

25. Once Plaintiff received the letter, she went to Defendant's office and met with Linder and Karen Orridge, Nursing Supervisor.

26. Plaintiff them she had no idea about AWOL, the certified letter was the first correspondence Plaintiff have received from the VA about that.

27. Plaintiff was then informed Plaintiff needed to go to HR.

28. Once there, Plaintiff was informed by Durlene Bryson that Linder had been meeting with HR supervisor about Plaintiff's termination.

29. Plaintiff was told by HR if Plaintiff did not resign on that Friday March 15, 2020, a certified letter was being sent to Plaintiff for Plaintiff's termination, the following, Monday, March 18.

30. Plaintiff told HR have not been given and counseling, verbal or written.

31. In the 29 years 9 months of employment with Defendant, Plaintiff had never had any problems in her career at the VA.

32. Plaintiff was constructively discharged on March 13, 2020.

**Count I: Violation of the FMLA**

33. The FMLA provides employees with the right to be reinstated to the same or an equivalent position after taking protected leave.

34. The Defendant violated the FMLA by refusing to reinstate Plaintiff to his prior position or to an equivalent position with substantially similar work and compensation upon Plaintiff's return to work, and terminating Plaintiff.

35. Defendant interfered with, restrained, and/or denied Plaintiff's exercise of his rights under the FMLA by refusing his attempt to be reinstated to his full time position or a reasonably equivalent full time position.

36. Defendant's failure to represent to Plaintiff when her FMLA leave would end is both a violation of the FMLA and estopps Defendant from claiming her FMLA leave ran (or expired) on a date earlier March 2020.

37. Defendant knew or should have know that it's silence regarding when Plaintiff's FMLA period begins to run and end amounts to deception by concealment; thereby making it impossible for Plaintiff to know that Defendant would be calculating her FMLA expiration time period as anything other than prior to March 2020.

38. The Defendant's failure or refusal to advise Plaintiff about her
    dates of FMLA usage interfered with Plaintiff's rights to take
    FMLA leave.

39. Defendant marked Plaintiff AWOL in retaliation for her FMLA
    leave.

40. Defendant constructively terminated Plaintiff in retaliation for her
    FMLA leave and in interference with same.

41. Defendant's actions were willful.

## VI.    Prayer for Relief

42.    Wherefore, Plaintiff prays that this Court for judgment against
    the Defendant as follows:

  a. Statutory damages for lost wages, benefits, and other
     compensation, plus interest thereon at the statutory rate,
     pursuant to 29 U.S.C.A. § 2617(a)(1)(A)(i) and 29 U.S.C.A. §§
     2617(a)(1)(A)(ii)

  b. Additional liquidated damages in the amount of the above-
     requested award, pursuant to 29 U.S.C.A. §
     2617(a)(1)(A)(iii).

c. Equitable relief in the form of reinstatement or front pay, as the court deems appropriate, pursuant to 29 U.S.C.A. § 2617(a)(1)(B).

d. Attorney's fees, expert witness fees, and costs of this action, pursuant to 29 U.S.C.A. § 2617(a)(3), and such other relief as this Court may deem just and proper.

## VII. Jury Demand

43. Plaintiff requests a jury trial on all questions of fact raised by this Complaint.

Respectfully submitted today,

**SOUTHWORTH, P.C.**

_____

Shaun Southworth, Esq.
Georgia Bar No. 959122
Southworth P.C.
1100 Peachtree Street NE, Suite 200
Atlanta, GA 30309
Phone: (404) 585-8095

Fax: (404) 393-4129

shaun@southworthpc.com