# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| JABAA, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>PUBLIX SUPER MARKETS, INC.,<br><br>    Defendant. | Civil Action No. _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Jabaa, LLC (hereinafter "Jabaa") states for its Complaint as follows:

## INTRODUCTION

1. This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code.

## THE PARTIES

2. Plaintiff Jabaa is a Maine limited liability company with its principal place of business located at 12 Dexter Road, Garland, ME.

3. Jabaa is the successor-in-interest to the rights of Biometric Associates, LP in U.S. Patent No. 7,480,637. Biometric was co-founded by Doug Kozlay, who previously worked for the National Security Agency of the United States

1

Department of Defense. Mr. Kozlay is the named inventor on several identity and security related patents, including the '637 patent.

4. On information and belief, Defendant Publix Super Markets, Inc. is a Florida corporation with a principal place of business at 3300 Publix Corporate Pkwy, Lakeland, Florida 33811, along with regular and established places place of business in this judicial district.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over all causes of action set forth herein pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, Title 35, United States Code, including 35 U.S.C. § 271, *et seq*.

6. This Court has personal jurisdiction over Defendant on the grounds that, on information and belief, Defendant has minimum contacts with this state, and Defendant has purposefully availed itself of the privileges of conducting business in this state. Further, on information and belief, Defendant has committed acts of infringement in this state and in this judicial district.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1400(b) because Defendant has a regular and established place of business in this judicial district and, on information and belief, has committed acts of infringement in this judicial

district.

## JABAA'S U.S. PATENT NO. 7,480,637

8. On January 20, 2009, the United States Patent and Trademark Office duly and legally issued United States Patent No. 7,480,637, entitled "Internet Transaction Authentication Apparatus, Method, And System For Improving Security Of Internet Transactions." A true and correct copy of U.S. Patent No. 7,480,637 is attached hereto as Exhibit A.

9. Jabaa is the owner, by assignment, of all right, title, and interest in and to U.S. Patent No. 7,480,637 (hereinafter the "'637 Patent"), including the right to bring suit for past, present, and future patent infringement, and to collect past, present, and future damages.

### No Claim Of Jabaa's '637 Patent Is Abstract

10. The claims of Jabaa's '637 Patent are focused on an advance over the prior art such that their character as a whole is not directed to excluded subject matter, such as an abstract idea, or any other subject matter excluded under 35 U.S.C. § 101.

11. The United States Patent and Trademark Office determined that the combinations claimed in the claims of Jabaa's '637 Patent are novel and nonobvious.

12. The advancement claimed in the claims of Jabaa's '637 Patent includes, *inter alia*, a biometric customer authentication apparatus for improving online transaction security and for assuring the identity of a customer, comprising, for example, an electronic enclosure including a fingerprint sensor disposed thereupon and transaction security software resident within and executing on said at least one processor further comprising biometric fingerprint authentication software for authenticating authorized customers and also comprising cryptographic transaction authentication software for authenticating transactions. Such a combination was not well-understood, routine, or conventional. And such a combination constitutes a tangible, specific, concrete invention.

### The Inventions Claimed In Jabaa's '637 Patent Were Not Well-Understood, Routine, Or Conventional

13. Prior to the invention(s) claimed in Jabaa's '637 Patent, the disclosed biometric customer authentication apparatus for improving online transaction security and for assuring the identity of a customer did not exist.

14. Personal, mobile, portable Internet Transaction Authentication devices capable of providing a secure identification device that uses fingerprint biometrics to authenticate an authorized user and that also uses strong cryptography to reduce the risk of fraud were not well-understood, routine, or conventional as of the priority date of Jabaa's '637 Patent.

15. Personal, mobile, portable Internet Transaction Authentication devices capable of transmitting a cryptographically encapsulated data message that irrefutably identifies an enrolled customer, while identifying the apparatus and biometrically authenticating the customer also were not well-understood, routine, or conventional as of the priority date of Jabaa's '637 Patent.

16. Personal, mobile, portable Internet Transaction Authentication devices able to successfully respond to a cryptographic challenge issued by one or more external systems, such as one or more authentication service providers or financial institutions also were not well-understood, routine, or conventional as of the priority date of Jabaa's '637 Patent.

17. Personal, mobile, portable Internet Transaction Authentication devices providing a wireless version of the ITA which is capable of securely communicating with merchant point-of-presence transactions processing machines and upstream external systems also were not well-understood, routine, or conventional as of the priority date of Jabaa's '637 Patent.

18. Personal, mobile, portable Internet Transaction Authentication devices providing a "Card Present"-equivalent level of assurance of legitimacy of an ITA transaction and provide assurances equal to or better than an actual physical "Card Present" transaction also were not well-understood, routine, or conventional as of

the priority date of Jabaa's '637 Patent.

19.  The inventions claimed in the '637 Patent address one or more of these failings in the art as it existed prior to the '637 Patent, including, for example, claim 1:

> 1. A biometric customer authentication apparatus for improving online transaction security and for assuring the identity of a customer, comprising:
>
> an electronic enclosure including a fingerprint sensor disposed thereupon and further including an external communications interface;
>
> at least one processor comprised within said enclosure and coupled to said fingerprint sensor;
>
> transaction security software resident within and executing on said at least one processor further comprising biometric fingerprint authentication software for authenticating authorized customers and also comprising cryptographic transaction authentication software for authenticating transactions;
>
> at least one of a memory and a communications buffer coupled to said at least one processor and further coupled to said external communications interface; and
>
> a communications subsystem coupled into said external communications interface for relaying data messages between at least one external system and said apparatus.

The invention recited in claim 1 was not well-understood, routine, or conventional as of the priority date of Jabaa's '637 Patent.

## **COUNT I: INFRINGEMENT OF THE '637 PATENT**

20.  Plaintiff realleges and incorporates by reference the allegations set

forth above, as if set forth verbatim herein.

21. By letter dated March 8, 2023, Plaintiff provided Defendant a copy of the '637 Patent and informed Defendant that its Publix app is covered by the '637 Patent, which letter was delivered prior to the filing of this complaint. As a result, Defendant has had actual notice and knowledge of Defendant's alleged infringement prior to the filing of this Complaint.

22. Defendant has made, used, sold, offered for sale, or imported products that incorporate one or more of the inventions claimed in the '637 Patent.

23. For example, Defendant has infringed at least claim 1 of the '637 Patent, either literally or under the doctrine of equivalents, in connection with, for example, its use of the Publix app, as detailed in the preliminary claim chart attached as Exhibit B. On information and belief, Defendant uses and has used the app in an infringing manner at least in connection with testing the app.

24. Furthermore, despite its knowledge of infringement, Defendant has and continues to indirectly infringe at least claim 1 of the '637 Patent in violation of 35 U.S.C. § 271(b) by actively, knowingly, and intentionally inducing direct infringement by other persons, including customers and end users, by encouraging and instructing its customers to use the Publix app in a manner understood and intended to infringe the '637 patent, as detailed in the preliminary claim chart

attached as Exhibit B. For example, Defendant instructs and encourages its customers to utilize the Publix app in an infringing manner as reflected in the attached claim chart.

25. Defendant also has and continues to indirectly infringe at least claim 1 of the '637 Patent in violation of 35 U.S.C. § 271(c) by actively, knowingly, and intentionally contributing to an underlying direct infringement by other persons, such as Defendant's patrons, customers, and end users, by offering and providing Defendant's Publix app for download without authority or license from Plaintiff with features understood and intended to infringe the '637 Patent as set forth in the claim chart attached as Exhibit B, which do not constitute a staple article, and which have no substantial non-infringing use.

26. Jabaa is entitled to: (i) damages adequate to compensate it for Defendant's infringement of the '637 Patent, which amounts to, at a minimum, a reasonable royalty; (ii) attorneys' fees; and (iii) costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff seeks the following relief:

a. A declaration that Defendant has infringed the '637 Patent;

b.  That Defendant be ordered to pay damages adequate to compensate Plaintiff for Defendant's infringement of the '637 Patent pursuant to 35 U.S.C. § 284;

c.  That Defendant be ordered to pay prejudgment interest pursuant to 35 U.S.C. § 284;

d.  That Defendant be ordered to pay all costs associated with this action pursuant to 35 U.S.C. § 284;

e.  That Defendant be ordered to pay Plaintiff's attorneys' fees pursuant to 35 U.S.C. § 285;

f.  That Plaintiff be granted such other and additional relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of all issues so triable.

This 13th day of March, 2023.

                    Respectfully submitted,

                    */s/ Cortney S. Alexander*
                    Cortney S. Alexander
                    Telephone: 404-855-3867
                    Email:
                    cortneyalexander@kentrisley.com

                                              KENT & RISLEY LLC
                                              5755 North Point Parkway
                                              Suite 57
                                              Alpharetta, Georgia 30022

                                              Attorneys for Plaintiff