# EXHIBIT A

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| Ronnie Canty, Johnny Cook,<br>Betty Fambrough, Reginald<br>Conquest, Jr., Japonica<br>Fambrough, as natural<br>guardian of Akemi A.<br>Fambrough-Holloway,<br>Tyanca Fambrough,<br>individually and as parent<br>and natural guardian of<br>Justin Gardner, Terrell<br>Fambrough, and Tiamiya<br>Fambrough, Tyla<br>Fambrough, individually and<br>as parent and natural<br>guardian of Adonis<br>Fambrough,<br><br><br>                          Plaintiffs,<br><br>vs.<br><br>Todd Daniels, Dimensionall<br>Transportation LLC,<br>American Zurich Insurance<br>Company, JOHN DOE 1-2,<br>ABC Corp., XYZ Corp.,<br><br>                          Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION<br><br>FILE NO.23A00618 |

## COMPLAINT FOR PERSONAL INJURIES

**COME NOW**, the above-captioned Plaintiffs, and file this Complaint against Defendants

American Zurich Insurance Company, Dimensionall Transportation LLC, Todd Daniels, John

Doe 1-2, ABC Corp., and XYZ Corp. and show this Honorable Court as follows:

## PARTIES, JURISDICTION, AND VENUE

1.

Plaintiffs are residents of the State of Georgia.

2.

Defendant American Zurich Insurance Company ("Zurich") is a foreign corporation organized under the laws of the State of Illinois. Defendant Zurich is authorized to transact and do business within the state of Georgia, and is subject to the jurisdiction and venue of this Court. Service of process may be perfected upon Defendant Zurich through its registered agent, Corporation Service Company, at 2 Sun Court Suite 400 Peachtree Corners, GA 30092.

3.

Defendant Dimensionall Transportation LLC is a foreign corporation organized under the laws of the State of Michigan. Defendant Dimensionall Transportation LLC is authorized to transact and do business within the State of Georgia, and is subject to the jurisdiction and venue of this Court pursuant to O.C.G.A. § 40-12-3 and O.C.G.A. § 9-10-91. At all times relevant hereto, Defendant Dimensionall Transportation LLC was the employer of Defendant Todd Daniels and/or Defendants John Doe 1-2. Moreover, Defendant Todd Daniels and/or Defendant John Doe 1-2 were in the course and scope of their employment with Defendant Dimensionall Transportation LLC and engaged in the actual transaction of Defendant Dimensionall Transportation LLC's business at the time of the subject collision. Service of process may be perfected upon Defendant Dimensionall Transportation LLC through its registered agent, Robert Perkins, at 4325 CAUSEWAY DR LOWELL, MI 49331.

4.

Defendant Todd Daniels is an individual Kentucky resident who resides and can be served at 38 S Evergreen Ln Prestonburg, KY 41653 pursuant to O.C.G.A. §§ 9-10-91 and 9-10-94. Defendant Todd Daniels is subject to the jurisdiction and venue of this Court pursuant to O.C.G.A. § 40-12-3. At all times relevant hereto, Defendant Todd Daniels was an

agent/employee of Defendants Dimensionall Transportation LLC, ABC Corp., and/or XYZ Corp., and acting within the scope and course of his employment.

5.

Defendants John Doe 1-2 are individuals that owned and/or operated the tractor trailer truck involved in the subject collision and/or employed the driver of the tractor trailer truck involved in the subject collision and are subject to the jurisdiction and venue of this Court. Plaintiff incorporates by reference all claims made in this Complaint against any other Defendant against Defendants John Doe 1-2. Defendants John Doe 1-2 will be named and served with the Summons and Complaint once their identities are revealed.

6.

Defendant ABC Corp. and XYZ Corp. are entities that owned and/or operated the tractor trailer truck involved in the subject collision and/or insurers of the tractor trailer truck involved in the subject collision and are subject to the jurisdiction and venue of this Court. Plaintiff incorporates by reference all claims made in this Complaint against any other Defendant against Defendants ABC Corp. and XYZ Corp. Defendants ABC Corp. and XYZ Corp. will be named and served with the Summons and Complaint once their identities are revealed.

7.

Jurisdiction and venue are proper.

## **ALLEGATIONS**

8.

On 9/10/2022, Plaintiffs were restrained drivers and passengers traveling on I-285 North near the I-20 split in DeKalb, Georgia. At all times relevant hereto, Plaintiffs were exercising reasonable care for their own safety.

9.

Prior to and on 9/10/2022, Defendants Dimensionall Transportation LLC JOHN DOE 1-2, ABC Corp., XYZ Corp., and Todd Daniels owned, operated, and controlled a 2012 Freightliner tractor trailer truck V.I.N. 1FUJGLBG5CSBM1842, for use over public highways.

10.

Prior to and on 9/10/2022, Defendants Dimensionall Transportation LLC, Todd Daniels, John Doe 1-2, ABC Corp., and XYZ Corp. failed to exercise reasonable care for the safety of others who might be affected by their actions and negligently and recklessly operated and/or allowed the negligent and reckless operation of the above-mentioned 2012 Freightliner tractor trailer truck while the truck and its driver were in violation of legally mandated minimum safety requirements and by violating multiple Federal laws, Georgia laws, and rules of the road, and, on 9/10/2022, said violations caused a collision between Plaintiffs' vehicles and Defendants' tractor trailer truck, and proximately caused serious injuries to Plaintiffs.

11.

On 9/10/2022, Defendants Dimensionall Transportation LLC, Todd Daniels, John Doe 1-2, ABC Corp., and XYZ Corp. were operating the above-mentioned 2012 Freightliner tractor trailer truck on Interstate 285 North in DeKalb County, Georgia.  Defendants Todd Daniels and/or John Doe 1-2 were operating said truck in violation of multiple Federal laws, Georgia laws, and rules of the road, including, but not limited to, following too closely, driving the truck too fast for conditions, failure to maintain control of the truck, recklessly driving the truck in disregard for the safety of persons or property, causing a collision between said truck and Plaintiffs' vehicles and proximately causing serious injuries to Plaintiffs.

12.

On 9/10/2022, Defendants Todd Daniels and/or John Doe 1-2 were negligent per se because 1) they were following too closely in violation of O.C.G.A. § 40-6-49 and were in violation of Federal laws and Georgia laws regarding the use and operation of motor vehicles and commercial motor vehicles; (2) the laws were designed to prevent the type of collision and injuries involved in the subject litigation; (3) Plaintiff was a member of the class of persons intended to be protected by said laws; and (4) the violation of said laws proximately caused Plaintiffs' injuries.

13.

At all times relevant hereto, Defendants Todd Daniels and/or John Doe 1-2  were operating a tractor trailer truck in a reckless and negligent fashion which resulted in the above-described collision and proximately caused serious injuries to Plaintiffs.

14.

At all times relevant hereto, Defendants Dimensionall Transportation LLC, ABC Corp., and XYZ Corp. were negligently supervising the operation of Defendants Todd Daniels, Dimensionall Transportation LLC, ABC Corp., and/or XYZ Corp.'s tractor trailer truck which resulted in the above-described collision and proximately caused serious injuries to Plaintiffs.

15.

Defendants Dimensionall Transportation LLC, ABC Corp., and/or XYZ Corp. are liable under the doctrine of respondeat superior for the harm caused to Plaintiffs by the wrongful acts of their employee, Defendants Todd Daniels and/or John Doe 1-2, who were acting in the scope and course of their employment with Defendants Dimensionall Transportation LLC, ABC Corp., and/or XYZ Corp. and during the actual transaction of Defendants Dimensionall Transportation

LLC, ABC Corp., and/or XYZ Corp.'s business when they caused the subject collision and proximately caused serious injuries to Plaintiffs.

16.

Defendants Dimensionall Transportation LLC, ABC Corp., and/or XYZ Corp. are liable to Plaintiffs because they negligently entrusted their tractor trailer truck to Defendants Todd Daniels and/or John Doe's 1-2 when Defendants Todd Daniels and/or John Doe 1-2 were not properly suited to drive the truck, proximately causing injuries to Plaintiff, and because Defendants Dimensionall Transportation LLC, ABC Corp., and/or XYZ Corp. failed to properly hire, train, retain, and supervise their employees so that they would not cause harm to persons such as Plaintiffs, proximately causing injuries to Plaintiffs.

17.

Defendants Dimensionall Transportation LLC,  ABC Corp., and/or XYZ Corp. are negligent per se because (1) their acts and/or the acts of their employees were in violation of Federal laws and Georgia laws regarding the use and operation of motor vehicles and commercial motor vehicles; (2) the laws were designed to prevent the type of collision and injuries involved in the subject litigation; (3) Plaintiffs are members of the class of persons intended to be protected by said laws; and (4) the violation of said laws proximately caused Plaintiffs' injuries.

18.

Defendants Dimensionall Transportation LLC, ABC Corp., and/or XYZ Corp. knew or should have known that operating their tractor trailer truck on a public roadway while their driver was not properly suited to operate it would result in harm to the individuals who would be affected by the operation of said truck.

19.

Defendants Dimensionall Transportation LLC, ABC Corp., and/or XYZ Corp. knew or should have known that their failure to properly hire, train, retain, and supervise their employees so that they would not cause harm to persons such as Plaintiffs, would result in harm to the individuals who would be affected by said employees, yet Defendants Dimensionall Transportation LLC, ABC Corp., and/or XYZ Corp. still failed to properly hire, train, retain, and supervise their employees.

20.

At all times relevant hereto, Defendants Dimensionall Transportation LLC, LLC, Todd Daniels, John Doe 1-2, ABC Corp., and XYZ Corp. were operating the subject tractor trailer truck as motor contract carriers pursuant to O.C.G.A. § 40-2-140 and other applicable laws.

21.

Plaintiff brings this action against Defendants Zurich, ABC Corp, and XYZ Corp. on a contract of insurance pursuant to O.C.G.A. § 40-2-140 and other applicable law. The underlying tort claims possessed by Plaintiffs arise as a result of a motor vehicle collision and are against Defendant Zurich's insured, Defendants Dimensionall Transportation LLC, Todd Daniels, John Doe 1-2, ABC Corp. and XYZ Corp.

22.

On 9/10/2022, at the time of the subject collision, Defendant Zurich had a policy of insurance in effect that provided insurance coverage for the motor carrier operations of Defendants Dimensionall Transportation LLC, Todd Daniels, John Doe 1-2, ABC Corp. and/or XYZ Corp., and included the subject 2012 Freightliner tractor trailer truck.

23.

Plaintiff select to avail himself of the procedure set forth under O.C.G.A. § 40-2-140 and other applicable laws that permit joinder of Defendant Zurich, ABC Corp. and/or XYZ Corp. as direct defendants.

24.

Defendant Zurich, ABC Corp. and/or XYZ Corp. are liable to Plaintiffs based on the above referenced contract of insurance insuring Defendants Dimensionall Transportation LLC, Todd Daniels, John Doe 1-2, ABC Corp. and/or XYZ Corp. pursuant to O.C.G.A. § 40-2-140.

## JOINT AND SEVERAL LIABILITY

25.

The combined acts of Defendants Dimensionall Transportation LLC, Todd Daniels, John Doe 1-2, ABC Corp., and/or XYZ Corp. alleged herein were reckless, negligent, and negligent per se; proximately caused Plaintiffs' injuries and damages; and said Defendants are jointly and severally liable for Plaintiffs' injuries and damages.

## DAMAGES

26.

Defendants Dimensionall Transportation LLC, Todd Daniels, John Doe 1-2, ABC Corp. and XYZ Corp.  recklessness, negligence, and negligence per se proximately caused injuries to Plaintiff which caused them tremendous pain and suffering, and Plaintiff seeks recovery from Defendants for all damages to which he is entitled.

27.

As a result of Defendants Dimensionall Transportation LLC, Todd Daniels, John Doe 1-2, ABC Corp. and/or XYZ Corp.'s recklessness, negligence, and negligence per se, Plaintiff

sustained personal injuries, special damages, and general damages for which he is entitled to be compensated by Defendants.

28.

As a direct and proximate result of Defendants Dimensionall Transportation LLC, Todd Daniels, John Doe 1-2, ABC Corp. and XYZ Corp. recklessness, negligence, and negligence per se, Plaintiffs have incurred special damages to date as follows: Ronnie Canty ($13,271.83), Johnny Cook ($17,716.57), Betty Fambrough ($13,769.38), Reginald Conquest, Jr. ($13,288.78), Akemi A. Fambrough-Holloway (to be supplemented in discovery), Tyanca Fambrough ($35,640.23), Justin Gardner (to be supplemented in discovery), Terrell Fambrough (to be supplemented in discovery), Tiamiyah Fambrough (to be supplemented in discovery), Tyla Fambrough ($22,117.37), and Adonis Fambrough ($5,403.00), the exact amounts to be proven at trial.

29.

As a direct and proximate result of Defendants Dimensionall Transportation LLC, Todd Daniels, John Doe 1-2, ABC Corp. and XYZ Corp.'s recklessness, negligence, and negligence per se, Plaintiffs will continue to suffer both general and special damages in the future, including expenses for future wage loss and medical treatments, the exact amounts to be proven at trial.

30.

By engaging in the above-described conduct, Defendants Dimensionall Transportation LLC, Todd Daniels, John Doe 1-2, ABC Corp. and XYZ Corp. acted in an intentional, malicious, fraudulent, reckless, willful, and wanton manner, evincing such an entire want of care as to raise the presumption of a conscious indifference to the consequences, and the conduct of these

Defendants is so aggravating as to warrant, justify, and demand the imposition of punitive damages pursuant to O.C.G.A. §51-12-5.1 to penalize and punish each of these Defendants for his or its misconduct and to deter each of these Defendants from engaging in such aggravating conduct in the future. Plaintiffs hereby specifically plead for the imposition of punitive damages.

31.

Defendants have acted in bad faith, have been stubbornly litigious, and have caused Plaintiffs unnecessary trouble and expense by forcing Plaintiff to resort to the use of the court system in order to resolve this claim when there is no bona fide controversy. Accordingly, Plaintiffs seek attorney's fees and expenses of litigation pursuant to O.C.G.A. § 13-6-11.

WHEREFORE Plaintiffs pray for the following relief:

a. Summons and Complaint be served upon Defendants according to the law;

b. Plaintiffs recover from Defendants jointly and severally a sum of damages to compensate for Plaintiffs' injuries and damages, including, but not limited to, past and future medical expenses; past and future lost wages; and past, present, and future pain and suffering as aforesaid;

c. Judgment be rendered against Defendant American Zurich Insurance Company based on its contract of insurance;

d. Judgment be rendered against Defendant Dimensionall Transportation LLC for punitive damages to deter like or similar conduct in the future;

e. Judgment be rendered against Defendant Todd Daniels for punitive damages to deter like or similar conduct in the future;

f. Judgment be rendered against Defendant John Doe 1 for punitive damages to deter like or similar conduct in the future;

g. Judgment be rendered against Defendant John Doe 2 for punitive damages to deter like or similar conduct in the future;

h. Judgment be rendered against Defendant ABC Corp. for punitive damages to deter like or similar conduct in the future or based on its contract of insurance;

i. Judgment be rendered against Defendant XYZ Corp. for punitive damages to deter like or similar conduct in the future or based on its contract of insurance;

j. Plaintiffs be awarded prejudgment interest on all damages as allowed by law;

k. Interest on the judgment be awarded at the legal rate from the date of judgment;

l. All costs of this action be taxed against Defendants; and

m. Plaintiffs have any and all other relief the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demands a jury trial for each claim for which they have a right to a jury.

Respectfully submitted this 8th day of February, 2023.

/s/ Robert L. Poston
Robert L. Poston, Esq.
Georgia Bar No. 708690
Attorney for Plaintiffs

**The Angell Law Firm, LLC**
3391 Peachtree Rd NE, Suite 110
Atlanta, Georgia 30326
Tel: (404) 418-6007
Fax: (404) 745-0607

STATE COURT OF
DEKALB COUNTY, GA.
2/8/2023 4:46 PM
E-FILED
BY: Monica Gay

# This Page Intentionally Left Blank to Separate Documents

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| RONNIE CANTY, JOHNNY COOK, BETTY FAMBROUGH, REGINALD CONQUEST, JR., JAPONICA FAMBROUGH, AS NATURAL GUARDIAN OF AKEMI A. FAMBROUGH-HOLLOWAY, TYANCA FAMBROUGH, INDIVIDUALLY AND AS PARENT AND NATURAL GUARDIAN OF JUSTIN GARDNER, TERRELL FAMBROUGH, AND TIAMIYA FAMBROUGH, TYLA FAMBROUGH, INDIVIDUALLY AND AS PARENT AND NATURAL GUARDIAN OF ADONIS FAMBROUGH, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL ACTION<br><br>FILE NO. 23A00618 |
| Plaintiffs, | ) ) | |
| vs. | ) ) ) | |
| TODD DANIELS, DIMENSIONALL TRANSPORTATION LLC, AMERICAN ZURICH INSURANCE COMPANY, JOHN DOE 1-2, ABC CORP., XYZ CORP., | ) ) ) ) ) ) | |
| Defendants. | ) | |

## **CERTIFICATE OF SERVICE**

This is to certify that I have this day delivered a copy of the Summons and Complaint for

Damages in this action for service on the Defendants, to be served at:

American Zurich Insurance Company
registered agent, Corporation Service Company
2 Sun Court Suite 400 Peachtree Corners, GA 30092

Dimensionall Transportation LLC
registered agent, Robert Perkins
4325 CAUSEWAY DR LOWELL, MI 49331

Todd Daniels
38 S Evergreen Ln
Prestonburg, KY 41653

Respectfully submitted this 8th day of February, 2023.

/s/ Robert L. Poston

Robert L. Poston
Georgia Bar No. 685741
***Attorney for Plaintiffs***

**The Angell Law Firm, LLC**
3391 Peachtree Rd NE, Suite 110
Atlanta, Georgia 30326
Tel:  (404) 418-6007
Fax: (404) 745-0607
ecf@atlantalawyer.com

# This Page Intentionally Left Blank to Separate Documents

**General Civil and Domestic Relations Case Filing Information Form**

☐ Superior or ☒ State Court of ___DEKALB_____ County

| For Clerk Use Only | |
|---|---|
| 2/8/2023 | 23A00618 |
| **Date Filed** _____ | **Case Number** _____ |
| **MM-DD-YYYY** | |

**Plaintiff(s)**

RONNIE CANTY, JOHNNY COOK, BETTY FAMBROUGH, REGINALD
CONQUEST, JR., JAPONICA FAMBROUGH, AS NATURAL GUARDIAN OF

Last     First     Middle I.     Suffix     Prefix

AKEMI A. FAMBROUGH-HOLLOWAY, TYANCA FAMBROUGH,
INDIVIDUALLY AND AS PARENT AND NATURAL GUARDIAN OF

Last     First     Middle I.     Suffix     Prefix

JUSTIN GARDNER, TERRELL FAMBROUGH, AND TIAMIYA
FAMBROUGH, TYLA FAMBROUGH, INDIVIDUALLY AND AS PARENT
AND NATURAL GUARDIAN OF ADONIS FAMBROUGH

Last     First     Middle I.     Suffix     Prefix

**Defendant(s)**

TODD DANIELS,

Last     First     Middle I.     Suffix     Prefix

DIMENSIONALL TRANSPORTATION LLC, AMERICAN

Last     First     Middle I.     Suffix     Prefix

ZURICH INSURANCE COMPANY,

Last     First     Middle I.     Suffix     Prefix

JOHN DOE 1-2, ABC CORP., XYZ CORP

Last     First     Middle I.     Suffix     Prefix

**Plaintiff's Attorney** ___Robert L. Poston_____     **State Bar Number** _685741_____     **Self-Represented** ☐

**Check one case type and one sub-type in the same box (if a sub-type applies):**

**General Civil Cases**

- ☐ **Automobile Tort**
- ☐ **Civil Appeal**
- ☐ **Contempt/Modification/Other Post-Judgment**
- ☐ **Contract**
- ☐ **Garnishment**
- ☒ **General Tort**
- ☐ **Habeas Corpus**
- ☐ **Injunction/Mandamus/Other Writ**
- ☐ **Landlord/Tenant**
- ☐ **Medical Malpractice Tort**
- ☐ **Product Liability Tort**
- ☐ **Real Property**
- ☐ **Restraining Petition**
- ☐ **Other General Civil**

**Domestic Relations Cases**

- ☐ **Adoption**
- ☐ **Contempt**
  - ☐ **Non-payment of child support, medical support, or alimony**
- ☐ **Dissolution/Divorce/Separate Maintenance/Alimony**
- ☐ **Family Violence Petition**
- ☐ **Modification**
  - ☐ **Custody/Parenting Time/Visitation**
- ☐ **Paternity/Legitimation**
- ☐ **Support – IV-D**
- ☐ **Support – Private (non-IV-D)**
- ☐ **Other Domestic Relations**

☐ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____          _____
      **Case Number**                                        **Case Number**

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

Version 1.1.20
**STATE COURT OF
DEKALB COUNTY, GA.
2/8/2023 4:46 PM
E-FILED
BY: Monica Gay**

# This Page Intentionally Left Blank to Separate Documents

23A00618

No. _____

**Date Summons Issued and E-Filed**

2/8/2023

_____

/s/ Monica Gay

_____

Deputy Clerk

Deposit Paid $ _____

**STATE COURT OF DEKALB COUNTY**
GEORGIA, DEKALB COUNTY

**SUMMONS**

Ronnie Canty, Johnny Cook, Betty Fambrough, Reginald Conquest, Jr., Japonica Fambrough, as natural guardian of Akemi A. Fambrough-Holloway, Tyanca Fambrough, individually and as parent and natural guardian of Justin Gardner, Terrell Fambrough, and Tiamiya Fambrough, Tyla Fambrough, individually and as parent and natural guardian of Adonis Fambrough

3391 Peachtree Rd, NE, Suite 110, Atlanta, GA 30326

Plaintiff's name and address
Todd Daniels, Dimensionall Transportation LLC,
American Zurich Insurance Company, JOHN DOE 1-2, ABC Corp., XYZ Corp.,

[ ] JURY

registered agent, Corporation Service Company, 2 Sun Court Suite 400 Peachtree Corners, GA 30092
Defendant's name and address

**TO THE ABOVE-NAMED DEFENDANT:** American Zurich Insurance Company

You are hereby summoned and required to file with the Clerk of State Court, Suite 230, 2nd Floor, Administrative Tower, DeKalb County Courthouse, 556 N. McDonough Street, Decatur, Georgia 30030 and serve upon the plaintiff's attorney, to wit:

Robert L. Poston

_____

Name
3391 Peachtree Rd NE, Suite 110, Atlanta, Georgia 30326

_____

Address
(404) 418-6007                                              685741

_____

Phone Number                                          Georgia Bar No.

an **ANSWER** to the complaint which is herewith served upon you, within thirty (30) days after service upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. The answer or other responsive pleading can be filed via electronic filing through eFileGA via www.eFileGA.com or, if desired, at the e-filing public access terminal in the Clerk's Office at 556 N. McDonough Street, Decatur, Georgia 30030

_____          _____

Defendant's Attorney                                   Third Party Attorney

_____          _____

Address                                                Address

_____          _____

Phone No.               Georgia Bar No.           Phone No.           Georgia Bar No.

**TYPE OF SUIT**

☒ Personal Injury ☐ Products Liability          Principal $ _____
☐ Contract ☐ Medical Malpractice
☐ Legal Malpractice ☐ Product Liability          Interest $ _____
☐ Other
                                                  Atty Fees $ _____

Access to the e-filing site and the rules is available at www.dekalbstatecourt.net
To indicate consent to e-service check the box below.
☒(Plaintiff consents to e-service pursuant to OCGA 9-11-5 (f). The email address for service appears in the complaint.

E-file summons1-2016

STATE COURT OF
DEKALB COUNTY, GA.
2/8/2023 4:46 PM
E-FILED
BY: Monica Gay

# This Page Intentionally Left Blank to Separate Documents

No. 23A00618
_____

**Date Summons Issued and E-Filed**

2/8/2023
_____
/s/ Monica Gay
_____

Deputy Clerk

Deposit Paid $ _____

[  ] JURY

**STATE COURT OF DEKALB COUNTY**
**GEORGIA, DEKALB COUNTY**

**SUMMONS**

Ronnie Canty, Johnny Cook, Betty Fambrough, Reginald Conquest, Jr., Japonica Fambrough, as natural guardian of Akemi A. Fambrough-Holloway, Tyanca Fambrough, individually and as parent and natural guardian of Justin Gardner, Terrell Fambrough, and Tiamiya Fambrough, Tyla Fambrough, individually and as parent and natural guardian of Adonis Fambrough
_____

3391 Peachtree Rd, NE, Suite 110, Atlanta, GA 30326
_____

Plaintiff's name and address
Todd Daniels, Dimensionall Transportation LLC,
_____
American Zurich Insurance Company, JOHN DOE 1-2, ABC Corp., XYZ Corp.,
_____
registered agent, Corporation Service Company, 2 Sun Court Suite 400 Peachtree Corners, GA 30092 Defendant's name and address

**TO THE ABOVE-NAMED DEFENDANT:** Dimensionall Transportation LLC

You are hereby summoned and required to file with the Clerk of State Court, Suite 230, 2nd Floor, Administrative Tower, DeKalb County Courthouse, 556 N. McDonough Street, Decatur, Georgia 30030 and serve upon the plaintiff's attorney, to wit:

Robert L. Poston
_____

Name
3391 Peachtree Rd NE, Suite 110, Atlanta, Georgia 30326
_____

Address
(404) 418-6007                                              685741
_____
Phone Number                                     Georgia Bar No.

an **ANSWER** to the complaint which is herewith served upon you, within thirty (30) days after service upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. The answer or other responsive pleading can be filed via electronic filing through eFileGA via www.eFileGA.com or, if desired, at the e-filing public access terminal in the Clerk's Office at 556 N. McDonough Street, Decatur, Georgia 30030

_____        _____
Defendant's Attorney                                              Third Party Attorney

_____        _____
Address                                                               Address

_____        _____
Phone No.                        Georgia Bar No.            Phone No.               Georgia Bar No.

**TYPE OF SUIT**

☒ Personal Injury ☐ Products Liability          Principal $ _____
☐ Contract ☐ Medical Malpractice
☐ Legal Malpractice ☐ Product Liability          Interest $ _____
☐Other
                                                                 Atty Fees $ _____
**Access to the e-filing site and the rules is available at www.dekalbstatecourt.net**
**To indicate consent to e-service check the box below.**
**☒(Plaintiff consents to e-service pursuant to OCGA 9-11-5 (f). The email address for**
**service appears in the complaint.**

E-file summons1-2016

# This Page Intentionally Left Blank to Separate Documents

23A00618

No. _____

Date Summons Issued and E-Filed

2/8/2023
_____

/s/ Monica Gay
_____

Deputy Clerk

Deposit Paid $ _____

**STATE COURT OF DEKALB COUNTY**
**GEORGIA, DEKALB COUNTY**

**SUMMONS**

Ronnie Canty, Johnny Cook, Betty Fambrough, Reginald Conquest, Jr., Japonica Fambrough, as natural guardian of Akemi A. Fambrough-Holloway, Tyanca Fambrough, individually and as parent and natural guardian of Justin Gardner, Terrell Fambrough, and Tiamiya Fambrough, Tyla Fambrough, individually and as parent and natural guardian of Adonis Fambrough
_____

3391 Peachtree Rd, NE, Suite 110, Atlanta, GA 30326
_____

Plaintiff's name and address
Todd Daniels, Dimensionall Transportation LLC,
_____
American Zurich Insurance Company, JOHN DOE 1-2, ABC Corp., XYZ Corp.,
_____
registered agent, Corporation Service Company, 2 Sun Court Suite 400 Peachtree Corners, GA
30092 Defendant's name and address

[ ] JURY

**TO THE ABOVE-NAMED DEFENDANT:** Todd Daniels

You are hereby summoned and required to file with the Clerk of State Court, Suite 230, 2nd Floor, Administrative Tower, DeKalb County Courthouse, 556 N. McDonough Street, Decatur, Georgia 30030 and serve upon the plaintiff's attorney, to wit:

Robert L. Poston
_____
Name
3391 Peachtree Rd NE, Suite 110, Atlanta, Georgia 30326
_____
Address
(404) 418-6007                                                    685741
_____
Phone Number                              Georgia Bar No.

an **ANSWER** to the complaint which is herewith served upon you, within thirty (30) days after service upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. The answer or other responsive pleading can be filed via electronic filing through eFileGA via www.eFileGA.com or, if desired, at the e-filing public access terminal in the Clerk's Office at 556 N. McDonough Street, Decatur, Georgia 30030

_____          _____
Defendant's Attorney                              Third Party Attorney

_____          _____
Address                                                    Address

_____          _____
Phone No.                    Georgia Bar No.          Phone No.          Georgia Bar No.

**TYPE OF SUIT**

☒ Personal Injury ☐ Products Liability          Principal $ _____
☐ Contract ☐ Medical Malpractice
☐ Legal Malpractice ☐ Product Liability          Interest $ _____
☐Other
                                                                   Atty Fees $ _____
**Access to the e-filing site and the rules is available at www.dekalbstatecourt.net**
**To indicate consent to e-service check the box below.**
☒(**Plaintiff consents to e-service pursuant to OCGA 9-11-5 (f). The email address for service appears in the complaint.**

E-file summons1-2016

# This Page Intentionally Left Blank to Separate Documents

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| Ronnie Canty, Johnny Cook, | ) | |
| Betty Fambrough, Reginald | ) | |
| Conquest, Jr., Japonica | ) | |
| Fambrough, as natural | ) | |
| guardian of Akemi A. | ) | |
| Fambrough-Holloway, | ) | |
| Tyanca Fambrough, | ) | |
| individually and as parent | ) | |
| and natural guardian of | ) | |
| Justin Gardner, Terrell | ) | |
| Fambrough, and Tiamiya | ) | |
| Fambrough, Tyla | ) | |
| Fambrough, individually and | ) | |
| as parent and natural | ) | |
| guardian of Adonis | ) | |
| Fambrough, | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | CIVIL ACTION |
| vs. | ) | 23A00618 |
| | ) | FILE NO. |
| Todd Daniels, Dimensionall | ) | |
| Transportation LLC, | ) | |
| American Zurich Insurance | ) | |
| Company, JOHN DOE 1-2, | ) | |
| ABC Corp., XYZ Corp., | ) | |
| | ) | |
| Defendants. | ) | |

_____

## RULE 5.2 CERTIFICATE OF SERVING DISCOVERY

COMES NOW Plaintiffs, Plaintiff in the above-styled case, and pursuant to Superior Court Uniform Rule 5.2, notifies the Court that Plaintiff served upon all parties by attaching the following for service along with the Summons and Complaint:

1. **Plaintiffs' First Request for Admissions, First Interrogatories and First Request for Production of Documents to Zurich Insurance Company.**

2.  **Plaintiffs' Notice of Deposition, First Request for Admissions, First Interrogatories and First Request for Production of Documents to Defendant Dimensionall Transportation LLC**

3.  **Plaintiffs' First Request for Admissions, First Interrogatories and First Request for Production of Documents to Defendant Todd Daniels.**

Respectfully submitted this 8th day of February, 2023.

*/s/ Robert L. Poston*
_____
Robert L. Poston
Georgia Bar No. 685741
***Attorney for Plaintiffs***

**The Angell Law Firm, LLC**
3391 Peachtree Rd NE, Suite 110
Atlanta, Georgia 30326
Tel:  (404) 418-6007
Fax: (404) 745-0607
ecf@atlantalawyer.com

# This Page Intentionally Left Blank to Separate Documents

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| Ronnie Canty, Johnny Cook, | ) | |
| Betty Fambrough, Reginald | ) | |
| Conquest, Jr., Japonica | ) | |
| Fambrough, as natural | ) | |
| guardian of Akemi A. | ) | |
| Fambrough-Holloway, | ) | |
| Tyanca Fambrough, | ) | |
| individually and as parent | ) | |
| and natural guardian of | ) | |
| Justin Gardner, Terrell | ) | |
| Fambrough, and Tiamiya | ) | |
| Fambrough, Tyla | ) | |
| Fambrough, individually and | ) | |
| as parent and natural | ) | |
| guardian of Adonis | ) | |
| Fambrough, | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | CIVIL ACTION |
| vs. | ) | |
| | ) | FILE NO. 23A00618 |
| Todd Daniels, Dimensionall | ) | |
| Transportation LLC, | ) | |
| American Zurich Insurance | ) | |
| Company, JOHN DOE 1-2, | ) | |
| ABC Corp., XYZ Corp., | ) | |
| | ) | |
| Defendants. | ) | |

## <u>NOTICE OF DEPOSITION OF DIMENSIONALL, INC.</u>
## <u>PURSUANT O.C.G.A. § 9-11-30(b)(6)</u>

PLEASE TAKE NOTICE that, pursuant to O.C.G.A. §§ 9-11-30 and 9-11-34 of the

Georgia Civil Practice Act, Plaintiffs' counsel will take the video deposition of Dimensionall

Transportation LLC on March 10, 2023 commencing at 10:00 a.m. The deposition will be taken before a duly qualified officer for all purposes allowed under the Georgia Civil Practice Act and may be recorded by sound as well as by video and by stenographic means.

This deposition is for the limited purpose of examining Dimensionall Transportation LLC about the matters set forth in the attached Exhibit "A." Pursuant to O.C.G.A. § 9-11-34, Dimensionall Transportation LLC is requested to produce those documents identified on the attached Exhibit "B."

Pursuant to O.C.G.A. § 9-11-30(b)(6) of the Georgia Civil Practice Act, Dimensionall Transportation LLC is required to designate a person or persons to testify on its behalf with respect to the matters identified on the attached Exhibit "A" which will be the subject of the examination.

The deposition will commence at the above time and will continue from day to day thereafter until adjourned.

This <u>8th day of February, 2023.</u>

THE ANGELL LAW FIRM, LLC

<u>/s/Robert L. Poston</u>
Robert L. Poston
Georgia Bar No. 708690
*Attorney for Plaintiff*

3391 Peachtree Rd, NE, Suite 110
Atlanta, GA 30326
Tel:  (404) 418-6007
Fax: (404) 745-0607
ecf@atlantalawyer.com

STATE COURT OF
DEKALB COUNTY, GA.
2/8/2023 4:46 PM
E-FILED
BY: Monica Gay

**EXHIBIT "A"**
SCHEDULE OF DEPOSITION TOPICS

Witnesses with knowledge of the identity or explanation of the following:

1. Knowledge of each and every document provided by Dimensionall Transportation LLC , including, but not limited to, each and every document referring to hauling, delivery, safety, truck specifications, insurance, maintenance, driver evaluations, driver conduct, driver dress, advertising, compensation, bonuses, and discounts.
2. Knowledge of the policies or procedures provided by Dimensionall Transportation LLC , regarding safety, motor vehicle safety, travel policy, sleep and rest requirements, vehicle inspection, driver standards and hiring requirements that were in effect at the time of the incident, including, but not limited to driver safety manuals, driver safety operating procedures, driver safety training manuals/procedures/guidelines.
3. Knowledge of any employee handbook for Defendant Dimensionall Transportation LLC that was in effect at the time of the incident.
4. Knowledge of the driver manual, company handbook, or their equivalent issued to Defendant Dimensionall Transportation LLC .
5. Knowledge of the company safety rules or its equivalent issued to Defendant Dimensionall Transportation LLC  that were in effect on July 24, 2020, and for 1 year prior.
6. Knowledge of all documents, books, reports, manuals, policies, and memoranda setting forth safety rules and regulations with respect to the loading, securing the load, or operation of tractors or trailers.
7. Knowledge of all memoranda, policies, procedures or correspondence given or sent to Defendant Dimensionall Transportation LLC  about the falsification of records.
8. Knowledge of all policies or procedures of Defendant Dimensionall Transportation LLC relating to accident or injury investigation or reporting that were in effect on the date of the incident, and include blank copies of any documents that are required to be completed after an accident or injury.
9. Knowledge of the accident register maintained as required in **49 CFR 390.15(b)** to include the motor vehicle incident with Plaintiff and all accidents three (3) years prior to the date of the incident.
10. Knowledge of all documents constituting, commemorating and relating to any hours of service violations by any driver employed by Defendant Dimensionall Transportation LLC  from three (3) years prior to the incident to present.
11. Knowledge of all documents constituting, commemorating, or relating to any incidences of overweight citations or warnings issued for any tractor and/or trailer owned, leased or otherwise in the service of Defendant Dimensionall Transportation LLC .
12. Knowledge of each out of service report or violation concerning the tractor and trailer involved in this incident for the 5 years prior to this incident to the present, to include copies of any supplements, responses, or amendments to the same.
13. Knowledge of each of the following documents reflecting Defendant Dimensionall Transportation LLC 's compliance with **49 C.F.R. § 385**, entitled "Safety Fitness Procedures," including without limitation:
    1. All documentation defining Dimensionall Transportation LLC 's "safety rating";

    2. All documentation Dimensionall Transportation LLC  received in the course of any onsite examination of motor carrier operations, including Defendant Dimensionall Transportation LLC 's operations. This is to include all documentation relative to a compliance review and/or safety review;

    3. In the absence of a safety rating, please produce a copy of the Motor Carrier Identification Report, form MCS-150, filed in accordance with **49 C.F.R. § 385.21** with the Office of Motor Carrier Information Management and Analysis.

14. Knowledge of all documents reflecting the repair history for the truck and trailer involved in the occurrence.

15. Knowledge of any and all documents setting forth any policies, procedures, guidelines, recommendations or directives regarding driver conduct, driver safety, driver hiring, subcontractor hiring, commercial carrier hiring, discipline or firing prepared or used by the Defendant during the five (5) year period prior to the subject incident and through the present date, together with all amendments, revisions or supplements thereto.

16. Knowledge of all training or instructional videotapes, CDs or DVDs used by any Defendant in its training any of its drivers at any time during the five years before the occurrence.

17. Knowledge of all pay stubs, federal W-2 forms, expense reimbursement, commissions, bonuses and any other documents or tangible evidence reflecting payment of money or benefits for any reason from Defendant Dimensionall Transportation LLC  for the 5 year period preceding the collision in question.

18. Knowledge of all safety ratings issued to Defendant Dimensionall Transportation LLC by any federal government agency for the five years preceding the incident.

19. Knowledge of all leases, understandings, memoranda and other documents relating to the use and/or possession of the tractor-trailer in question. This would include any subcontractor agreements, commercial carrier agreements, broker agreements, and any agreements to affix its logo to a Dimensionall Transportation LLC  truck, including, but not limited to, the truck involved in the incident.

20. Knowledge of all documents constituting, commemorating, or relating to any written instructions, orders, or advice given to Defendant Dimensionall Transportation LLC  in reference to cargo transported, routes to travel, locations to purchase fuel, cargo pickup or delivery times from five (5) years prior to and including date of loss.

21. Knowledge of the organizational charts and lists identifying the divisions and management structure for your company, its subsidiaries, parents, or affiliates of the year of the collision and four years prior.

22. Knowledge of all documents that indicate your company is a common carrier, a contract carrier, or a private carrier.

23. Knowledge of all DOT and State agency reviews of your company for the period commencing 10 years prior to this collision, to the present time.

24. Knowledge of all correspondence writings and/or documents sent by Defendant Dimensionall Transportation LLC   regarding disciplinary action or suspension or termination of contracts. This would include any suspension or termination of contracts to haul as a commercial carrier.

25. Knowledge of the entire qualification file of Defendant Dimensionall Transportation LLC (regardless of subject, form, purpose, originator, receiver, title or description) maintained pursuant to 49 CFR 391.51 and preserved pursuant to 49 CFR 379.

26. Knowledge of any job, driver, independent contractor, and/or employment application filled out or signed by Defendants.

27. Knowledge of the entire driver investigation history file or its equivalent for Defendant maintained pursuant to 49 CFR 391.53 and preserved pursuant to 49 CFR 379 (including Appendix A, Note A).

28. Knowledge of all documents reflecting any background check performed on Defendant Todd Daniels with regard to their employment history or job references, including letters of reference.

29. Knowledge of all documents reflecting any background check performed on Defendant Todd Daniels with regard to his driver's record (including but not limited to traffic tickets, incidents, and prior employment as a driver).

30. Knowledge of any job, driver, independent contractor, and/or employment application filled out or signed by Defendant Dimensionall Transportation LLC .

31. Knowledge of any investigations performed by Defendant Dimensionall Transportation LLC 's safety history, safety ratings, driver qualifications, driver fitness, accident history, drug, and alcohol testing, and vehicle maintenance.

32. Knowledge of all documents reflecting any background check performed on Defendant Dimensionall Transportation LLC  with regard to their safety protocols, safety manuals, safety guidelines, and record keeping.

33. Knowledge of all documents received, obtained or filed by Defendant Dimensionall Transportation LLC   when qualifying Defendant Todd Daniels as a truck driver in accordance with the Federal Motor Carrier Safety Regulations.

34. Knowledge of all documents reflecting any background check performed on Defendant Todd Daniels with regard to his criminal history.

35. Knowledge of all road or test cards, medical cards, DOT physical examination log forms, motor carrier certification of driver qualification cards and any other motor carrier transportation-related cards in the possession of the Defendant Dimensionall Transportation LLC  regardless of card issuance date or origin.

36. Knowledge of all road and written test certificates issued by Defendant Dimensionall Transportation LLC   or any other motor carrier or organization to Defendant Todd Daniels regardless of the date issued or the originator of such certificates.

37. Knowledge of all actual driver's motor carrier written tests administered to Defendant Todd Daniels, including all answers.

38. Knowledge of the entire drug and alcohol file of Defendant Todd Daniels including but not limited to pre-employment, post-accident, random, reasonable suspicion, and return to duty drug and alcohol testing results maintained pursuant to 49 CFR 382.401, preserved pursuant to 49 CFR 379 (including Appendix A, Note A), and released pursuant to 49 CFR 40.323.

39. Knowledge of the job description of the position that Defendant Todd Danielswas initially hired, employed or retained to perform for Defendant Dimensionall Transportation LLC .

40. Knowledge of the job description of the position or job that Defendant Dimensionall Transportation LLC  was performing as a commercial carrier at the time of the incident if such exists.

41. Knowledge of the entire personnel file of Defendant Todd Daniels

42. Knowledge of the entire file for Defendant Dimensionall Transportation LLC .

43. Knowledge of all evaluations or criticism of the job performance of Defendant Todd Daniels by Dimensionall Transportation LLC , including but not limited to annual evaluations, interim evaluations, or specific incidents that gave rise to an evaluation or criticism.

44. Knowledge of all evaluations or criticism of the job performance of Defendant Todd Daniels, including but not limited to annual evaluations, interim evaluations, or specific incidents that gave rise to an evaluation or criticism.

45. Knowledge of all evaluations or criticism of the job performance of Defendant Todd Daniels by Dimensionall Transportation LLC , including but not limited to annual evaluations, interim evaluations, or specific incidents that gave rise to an evaluation or criticism.

46. Knowledge of all evaluations or criticism of the job performance of any of Defendant Dimensionall Transportation LLC 's drivers, including but not limited to annual evaluations, interim evaluations, or specific incidents that gave rise to an evaluation or criticism.

47. Knowledge of any and all letters, writings, memoranda, or any other documents which reflect or contain the resignation or termination of the employment or contractual relationship of Defendant Dimensionall Transportation LLC  with Defendant Dimensionall Transportation LLC .

48. Knowledge of each annual review of Defendant Dimensionall Transportation LLC 's safety and fitness to haul.

49. Knowledge of any documentation evidencing the completion or non-completion of training programs, safe driving programs, and driver orientation programs by Defendant Dimensionall Transportation LLC .

50. Knowledge of any documentation evidencing the completion or non-completion of training programs, safe driving programs, and driver orientation programs by Defendant Todd Daniels for Defendant Dimensionall Transportation LLC .

51. Knowledge of any and all state safety audits and/or state roadside inspections for Defendant Dimensionall Transportation LLC  for the year of this incident and five years prior.

52. Knowledge of any and all long-form DOT physicals for Defendant Todd Daniels for the time he was a driver for Defendant Dimensionall Transportation LLC .

53. Knowledge of all documents relating to any disqualification of Defendant Todd Daniels made pursuant to any Federal Motor Carrier Safety Regulation.

54. Knowledge of all documents relating to any out of service records for the vehicle involved in this incident extending from the date of the incident and 5 years prior.

55. Knowledge of all DOT inspection reports filed for Defendant Dimensionall Transportation LLC  for the year of this incident and five years prior.

56. Knowledge of every federal, state, county, municipal, insurer and/or internal motor carrier collision report or other collision reports concerning all collisions in which Defendant Todd Daniels has been involved, including the collision at issue in this cause and all collisions prior to the collision at issue in this cause, pursuant to Federal Motor Carrier Safety Regulation §390.15(b)(1) and §390.1 5(b)(2).

57. Knowledge of every federal, state, county, municipal, insurer and/or internal motor carrier collision report or other collision reports concerning all collisions in which Defendant Dimensionall Transportation LLC  (or one of Dimensionall Transportation

LLC 's drivers) has been involved, including the collision at issue in this cause and all collisions prior to the collision at issue in this cause, pursuant to Federal Motor Carrier Safety Regulation §390.15(b)(1) and §390.1 5(b)(2).

58. Knowledge of each traffic citation, FBMCS terminal or road equipment and driver compliance inspection, warning and/or citation issued to Defendant Dimensionall Transportation LLC  and/or Todd Daniels by any city, county, state federal agency or law enforcement official.

59. Knowledge of all driver's licenses and truck driver certifications which Defendant Todd Daniels possesses (currently) and did possess on the date of the incident.

60. Knowledge of all documents as to the physical or mental condition of the Defendant Todd Daniels before and at the time of the occurrence, including but not limited to his driver qualification file, post-collision drug testing results, and all other information regarding his medical condition for a one year period before the crash and the 48 hours after the crash.

61. Knowledge of all medications being taken or prescribed to Defendant Todd Daniels for the year prior to the occurrence.

62. Knowledge of all arrests and or/convictions of the Defendant Todd Daniels.

63. Knowledge of all payroll, compensation, incentive pay for Defendant Todd Daniels for work performed covering the 5 years preceding the collision and including the date of the collision.

64. Knowledge of any compensation from Defendant Todd Daniels (or any other Dimensionall Transportation LLC  driver), including any bonuses and/or discounts.

65. Knowledge of all phone call logs, or correspondence reflecting complaints or criticisms of any kind received by Defendant Dimensionall Transportation LLC  from any source, including personnel, concerning the performance of Defendant Dimensionall Transportation LLC  drivers while hauling.

66. Knowledge of all documents relating to traffic accidents involving Defendant Dimensionall Transportation LLC , including logbook and hours of service violations and other regulatory violations for the duration of the company's engagement with Todd Daniels.

67. Knowledge of all documents relating to traffic accidents involving Defendant Todd Daniels, including logbook and hours of service violations and other regulatory violations for the duration of the driver's engagement with Dimensionall Transportation LLC .

68. Knowledge of all records and reports of audits performed by the Federal Motor Carrier Safety Administration or by any other state or federal agencies for Defendant Dimensionall Transportation LLC  and/or Todd Daniels.

69. Knowledge of all disciplinary action contemplated or taken against Defendant Todd Daniels involving the operation of the motor vehicle he was operating at the time of the collision.

70. Knowledge of the title related to the tractor.

71. Knowledge of each rental or lease agreement related to the tractor or the trailer.

72. Knowledge of all lease agreements, employment agreements, independent contractor agreements, or any other agreements between Defendant Todd Daniels and Defendant Dimensionall Transportation LLC .

73. Knowledge of a copy of the registration and title to the vehicle involved in this occurrence.

74. Knowledge of each out of service report or violation concerning the tractor or trailer involved in this incident from the year prior to the collision through the present, to include copies of any supplements, responses, or amendment to the same. This request specifically includes each out of service report or violation concerning each leased power unit or trailer utilized, maintained, or controlled by this defendant from the year prior to the collision through the present.

75. Knowledge of each out of service report or violation concerning any tractor or trailer in the possession of Defendant Dimensionall Transportation LLC  for 5 years prior to the collision through the present, to include copies of any supplements, responses, or amendment to the same. This request specifically includes each out of service report or violation concerning each leased power unit or trailer utilized, maintained, or controlled by this defendant from the year prior to the collision through the present.

76. Knowledge of all maintenance files and records from at least one year prior to the subject accident maintained by Defendant Dimensionall Transportation LLC  in accordance 49 CFR 396 on the truck tractor involved in the accident inclusive of any inspections, repairs or maintenance done to the tractor tractor.

77. Knowledge of all driver daily vehicle inspection reports (DVIRs) submitted by any driver(s) on the truck tractor from at least 30 days prior to the accident in the possession of Defendant Dimensionall Transportation LLC . This specifically includes all the driver daily vehicle inspection reports (DVIRs), maintenance files and records maintained by any other person(s) or organization(s) that are in the possession of Defendant Dimensionall Transportation LLC .

78. Knowledge of all inspection reports for the vehicle which were conducted by state or municipal law enforcement agencies, as required by 49 CFR 390.30, or any state or municipal statutes or ordinances from for a period of five years leading up to the incident.

79. Knowledge of any vehicle inspection report made by Defendant Dimensionall Transportation LLC  during the 5 years prior to the incident including the date of the incident.

80. Knowledge of any vehicle inspection report for the tractor or the trailer made by any person, company or agency during the five years before the incident and including the date of the incident.

81. Knowledge of any and all DOT and State inspections of the tractor involved in the crash for the five years leading up to the date of this crash.

82. Knowledge of all maintenance files and records created from at least one year prior to the subject accident maintained by Defendant Dimensionall Transportation LLC   in accordance with 49 CFR 396 on the trailer pulled by Defendant Todd Daniels on the day of the occurrence.

83. Knowledge of all driver's record of duty status or driver's daily logs and 70/60 hour - 8/7 day summaries or otherwise described time worked records created by Defendant Todd Daniels and/or any of his/her co-driver(s) for the period from at least 90 days prior to the accident and for 30 days after the accident. This includes all logs prepared by any co-driver(s) operating with Defendant Todd Daniels from at least 30 days prior to the accident.

84. Knowledge of all unofficial logs of Defendant Todd Daniels for the thirty days leading up to the incident involving Plaintiff and for thirty days after the incident maintained

pursuant to **49 CFR 395.8(k)** and preserved pursuant to 49 CFR 379 (including Appendix A, Note A).

85. Knowledge of all cellular telephone records and bills for any cellular telephone that was used by Defendant Todd Daniels on the date of the incident and for the 3 days prior to the incident.

86. Knowledge of all e-mail or text messages sent by or to Defendant Todd Daniels from Defendant Dimensionall Transportation LLC   (including its agents, employees, dispatchers) for the seven days prior to the incident and the date of the incident.

87. Knowledge of all driver call-in records, notes, logs or e-mail indicating communications between Defendant Dimensionall Transportation LLC  and Defendant Todd Daniels for the seven days prior to the incident and on the date of the incident.

88. Knowledge of all driver call-in records, notes, logs or e-mail indicating communications between Defendant Todd Daniels and Defendant Dimensionall Transportation LLC  for the seven days prior to the incident and on the date of the incident.

89. Knowledge of all mileage logs and travel reimbursement records for Defendant Todd Daniels for the month of the incident.

90. Knowledge of all receipts for fuel for the tractor involved in this incident for the 12 months prior to the incident.

91. Knowledge of Defendant Todd Daniels's trip reports, daily loads delivered or picked up reports or any otherwise titled or described work reports, work schedule reports, fuel purchased reports, or any other reports made by Defendant Todd Daniels to Defendant Dimensionall Transportation LLC , inclusive of daily, weekly or monthly cargo transported, time and/or distance traveled reports or work records excluding only those documents known as "driver's daily logs or driver's record of duty status" for the month of the incident.

92. Knowledge of all cargo pickup and delivery documents prepared by Defendant Todd Daniels, any transportation brokers, involved shippers or receivers, motor carriers operations/dispatch personnel, drivers, or other persons or organizations relative to the cargo transported and the operations of Defendant Todd Daniels for the seven (7) days leading up to and including the date of the incident.

93. Knowledge of all bills of lading and/or cargo manifest prepared or issued by any shippers, brokers, transporting motor carriers, receivers of cargo. This specifically includes readable and complete copies of bills of lading, manifest, or other documents regardless of form or description, that show signed receipts for cargo pickup and delivered along with any other type of document that may show dates and times of cargo pickup or delivery that are relative to operations and cargo transported by Defendant Todd Daniels on the date of the incident.

94. Knowledge of all cargo transported freight bills, Pros or otherwise described similar documents inclusive of all signed or unsigned cargo pickup and delivery copies that indicate the date and/or time of pick up or delivery of cargo by Defendant Todd Daniels or his/her co-driver(s) on the date of the incident.

95. Knowledge of all records of Defendant Todd Daniels for the 7 days prior to the incident and for the day of the incident. Specifically, produce the supporting documents listed below which the Defendant Dimensionall Transportation LLC  is required to maintain under 49 CFR 395.8(k) and to preserve under 49 CFR 379 (including Appendix A, Note A).

1. Bills of lading;
2. Carrier pros;
3. Freight bills;
4. Dispatch records;
5. Driver call-in records;
6. Gate record receipts;
7. Weight/scale tickets;
8. Fuel billing statements and/or summaries
9. Toll receipts;
10. InterZurich registration plan receipts;
11. InterZurich fuel tax agreement receipts;
12. Trip permits;
13. Lessor settlement sheets;
14. Delivery receipts;
15. Over/short and damage reports;
16. Commercial Vehicle Safety Alliance reports;
17. Accident reports;
18. Traffic citations;
19. Overweight/oversize reports and citations;
20. And/or other documents directly related to the motor carrier's operation which are retained by the motor carrier in connection with the operation of its transportation business.

96. Knowledge of all satellite communications and e-mail for the day of the incident involving Plaintiff and seven days prior, as well as all recorded ECM (electronic control module), EDR (event data recorder), and/or SDM (sensing & diagnostic module) chronological data with reference to all data available, including but not limited to:

1. Trip distance;
2. Total vehicle driving time;
3. Load factor;
4. Vehicle speed limit;
5. Maximum vehicle speed recorded;
6. Number of hard brake incidents;
7. Current engine speed (rpm);
8. Maximum and minimum cruise speed limits;
9. Total vehicle driving distance;
10. Fuel consumption (gal./hr.);
11. Idle time;
12. Engine governed speed;
13. Maximum engine speed recorded;
14. Current throttle position;
15. Brake switch status (on/off);
16. Odometer;
17. Trip driving time;
18. Overall fuel economy (MPG);
19. Average driving speed;
20. # of engine overspeeds;

21. # of vehicle overspeeds;
22. Current vehicle speed (MPH);
23. Clutch switch status;
24. Clock

97. Knowledge of all documents evidencing the job or trip that Defendant Todd Daniels was performing at the time of the incident in question, including the name of the corporate entity for which the job or trip was being performed.

98. Knowledge of all accident and/or incident reports and investigations prepared by Defendant Dimensionall Transportation LLC  (prepared prior to any litigation) as a result of the crash other than the police report.

99. Knowledge of any and all incident, accident, or injury reports related to the incident that were prepared by Defendant Todd Daniels, or by any employee, owner, or agent of Defendant Dimensionall Transportation LLC  (prepared prior to any litigation).

100. Knowledge of any photographs taken of the tractor-trailer operated by Defendant Todd Daniels at the scene of the incident, or any time after.

101. Knowledge of any photograph, film, videotape, moving pictures, electronic image or recording, or any audiotape which depicts or contains the image of the tractor or trailer at the scene of the incident, or any time after (you may exclude from your response hereto any item which you have produced in response to any previous request herein).

102. Knowledge of any recorded statement, or any other statement, made by any Plaintiff to Defendants or its servants, agents, employees, contractors, investigators, or liability insurance carriers.

103. Knowledge of any photograph, media coverage, film, videotape, moving pictures, electronic image or recording, or any audiotape which contains, constitutes or depicts any surveillance video, photographs, or recording related to any party (including plaintiff), or the scene (you may exclude from your response hereto any item which you have produced in response to any previous request herein).

104. Knowledge of any and all e-mail sent by, or to, Defendant Dimensionall Transportation LLC  (including its employees or agents) concerning the incident. This would include any correspondence sent by or to Defendant Dimensionall Transportation LLC  (or any of its agents) and Defendant Todd Daniels.

105. Knowledge of any statements, written, audiotaped, or otherwise recorded or memorialized of any of the parties or witnesses to the incident.

106. Knowledge of any data printout of any **Electronic Control Module** download that was performed on the tractor involved in this crash at any point in time following the crash at issue.

107. Knowledge of any primary, umbrella, and excess insurance policy, or agreement, including the declarations page, for Defendant Dimensionall Transportation LLC , Defendant Todd Daniels, which was in effect at the time of this incident.

108. Knowledge of any and all insurance contracts which provide secondary or excess coverage to Defendant Dimensionall Transportation LLC , and Defendant Todd Daniels for any risk related to the incident.

109. Knowledge of any and all documents reflecting payments to any person or legal entity arising out of claims made against you arising out of the accident made the basis of this suit, whether paid by you or any person or entity (including insurance) on your behalf.

110.    Knowledge of all documents concerning any bills, attorney's fees, court costs, expenses, expert fees, formal or informal, that reduce the amount of liability insurance available to cover the Plaintiff.

111.    Knowledge of any and all bills of lading, shipper documents and receipts for the load being hauled by Defendant Dimensionall Transportation LLC  and Todd Daniels at the time of the subject collision.

112.    Knowledge of any and all documents memorializing the transport of loads by Defendant Dimensionall Transportation LLC  and Todd Daniels prior to the subject collision.

113.    Knowledge of any and all documents regarding any communications between Defendant Todd Daniels and any Defendants, their agents or employees, concerning the load that was being transported by Defendant Dimensionall Transportation LLC  and Todd Daniels at the time of the collision.

114.    Knowledge of any and all documents regarding any loads transported by Defendant Dimensionall Transportation LLC  and Todd Daniels prior to the subject collision.

115.    Knowledge of any and all documents relating to any investigation performed by Defendant Todd Daniels and Defendant Dimensionall Transportation LLC 's safety rating, safety fitness, Federal Motor Carrier Safety Administration's safety measurement system, behavioral analyst and safety improvement categories (BASICs), including unsafe driving, hours of service compliance, driver fitness, controlled substances/alcohol, vehicle accidents, list of crashes, roadside inspections and commercial vehicle violations prior to the date of the subject collision.

116.    Knowledge of any and all documents relating to any investigation performed by Defendant Dimensionall Transportation LLC  concerning Defendant Todd Daniels's safety rating, safety fitness, Federal Motor Carrier Safety Administration's safety measurement system, behavioral analyst and safety improvement categories (BASICs), including unsafe driving, hours of service compliance, driver fitness, controlled substances/alcohol, vehicle accidents, list of crashes, roadside inspections and commercial vehicle violations prior to the date of the subject collision.

117.    Knowledge of any and all documents relating to any broker/carrier agreements between Defendant Todd Daniels and Defendant Dimensionall Transportation LLC .

118.    Knowledge of all documents regarding the Defendant Dimensionall Transportation LLC , including Defendant Dimensionall Transportation LLC 's safety rating, authority, insurance information and/or BASIC scores.

119.    Knowledge of each Defendant Dimensionall Transportation LLC  employee who investigated Defendant Todd Daniels's fitness to haul prior to the date of the subject collision (this includes the initial investigation and any subsequent investigations, whether annually, bi-annually, etc.). This would include anyone who investigated Defendant Dimensionall Transportation LLC 's safety rating, safety fitness, Federal Motor Carrier Safety Administration's safety measurement system rating, behavioral analyst and safety improvement category (BASICs) score, unsafe driving history, hours of service compliance, drivers qualifications, drivers history with controlled substances/alcohol abuse, vehicle accidents, list of crashes, roadside inspections, maintenance history, compliance with Federal and State regulations, records keeping violations, and commercial vehicle violations prior to the date of the subject collision.

120.   Knowledge of any publications, manuals, literature, guidelines, or other written materials provided by Defendant Dimensionall Transportation LLC  (or any of its drivers) at any time prior to the date of the subject collision.

121.   Knowledge of any maps, directions, or instructions that were provided by Defendant Dimensionall Transportation LLC  drivers prior to the date of the subject collision.


**EXHIBIT "B"**


1.   Any and all documents which relate to the topical requests described in Exhibit "A."

# This Page Intentionally Left Blank to Separate Documents

## AFFIDAVIT OF SERVICE

State of Georgia                    County of De Kalb                    State Court

Case Number: 23A00618

Plaintiff: **Ronnie Canty et al**
vs.
Defendant: **Todd Daniels et al**

For:
Robert Poston
The Angell Law Firm LLC
3391 Peachtree Rd NE
Ste 110
Atlanta, GA 30326

Received by Ancillary Legal Corporation on the 9th day of February, 2023 at 11:39 am to be served on
**American Zurich Insurance Company c/o Corporation Service Company, 2 Sun Court, Suite 400,
Peachtree Corners, GA 30092**.

I, Christopher Todd Horton, being duly sworn, depose and say that on the **9th day of February, 2023** at
**1:43 pm, I:**

served **American Zurich Insurance Company c/o Corporation Service Company** by delivering a true
copy of the **SUMMONS, COMPLAINT FOR PERSONAL INJURIES, PLAINTIFFS' FIRST REQUEST TO
ADMIT TO DEFENDANT ZURICH, PLAINTIFFS' FIRST INTERROGATORIES TO DEFENDANT
AMERICAN ZURICH INSURANCE COMPANY, PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF
DOCUMENTS TODEFENDANT AMERICAN ZURICH INSURANCE COMPANY, PLAINTIFFS' FIRST
REQUEST TO ADMIT TO DEFENDANT DIMENSIONALL TRANSPORTATION LLC, PLAINTIFFS'
FIRST INTERROGATORIES TO DEFENDANT DIMENSIONALL TRANSPORTATION LLC,
PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT
DIMENSIONALL TRANSPORTATION LLC, PLAINTIFFS' FIRST INTERROGATORIES TO
DEFENDANT TODD DANIELS, PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
TO DEFENDANT TODD DANIELS, PLAINTIFFS' FIRST REQUEST TO ADMIT TO DEFENDANT TODD
DANIELS, NOTICE OF DEPOSITION OF DIMENSIONALL, INC.PURSUANT O.C.G.A. § 9-11-30(b)(6)**
to: Corporation Service Company as **Registered Agent, BY LEAVING THE SAME WITH** Alisha Smith as
**Authorized to Accept** at the address of: **2 SUN COURT, SUITE 400, PEACHTREE CORNERS, GA
30092**.

**Additional Information pertaining to this Service:**
2/9/2023  1:43 pm  Perfected corporate service at 2 Sun Court Suite 400, Peachtree Corners, GA 30092, by
serving Alisha Smith, CSC Coordinator.

Black female,
black hair,
40-45 years old ,
5'8", 150 lbs,
no glasses.

STATE COURT OF
DEKALB COUNTY, GA.
2/14/2023 11:14 AM
E-FILED
BY: Jodessea A. Allen

## AFFIDAVIT OF SERVICE For 23A00618

I am an agent of Ancillary Legal Corporation and am competent in all respects to testify regarding the matters set forth herein. I have personal knowledge of the facts stated herein and know them to be true. I have no interest in the outcome of this action and am not related to any of the parties. I am 18 or more years of age and am authorized to serve process.

**Christopher Todd Horton**
Process Server

Subscribed and Sworn to before me on the _13_
day of _February_, _2023_ by the affiant
who is personally known to me.

**Ancillary Legal Corporation**
**2900 Chamblee Tucker Road**
**Building 13**
**Atlanta, GA 30341**
**(404) 459-8006**

NOTARY PUBLIC

Our Job Serial Number: ANC-2023001542
Ref: Canty

BOYD KENNETH WARD
NOTARY
EXPIRES
GEORGIA
08/22/2026
PUBLIC
FULTON COUNTY

FILED 12/29/2022 10:38 AM CLERK OF SUPERIOR COURT DEKALB COUNTY GEORGIA

# IN THE SUPERIOR COURT OF DEKALB COUNTY
## STATE OF GEORGIA

IN RE:

MOTION FOR APPOINTMENT AS                 :          CIVIL ACTION FILE NUMBER:
PERMANENT PROCESS SERVER                  :
                                          :
                                          :

PURSUANT TO O.C.G.A. §9-11-4(c)

## ORDER APPOINTING PERMANENT PROCESS SERVER
## FOR CALENDAR YEAR 2023

    The foregoing motion having been read and considered, it is HEREBY ORDERED that the following individual(s) is/are appointed as a permanent process server pursuant to O.C.G.A. §9-11-4(c):

| | | | |
|---|---|---|---|
| Anthony Jackson | Dedrea Fazzio | Jerald Luster | Michael Harbuck |
| Ernesqueshia Parker | Joyce Clemmons | Michael Rivers | Ericka McMillon |
| Lavern Williams | Margaret Ruddock | James Stiggers | Chiquita Jackson |
| Jean Nichols | Babette Cochrane | Shirley Kirkland | Jason Garmon |
| Lathan Nichols | Travis Cline | Christopher Horton | Marc Perlson |

    This appointment shall be effective until midnight December 31, 2023.

    **IT IS SO ORDERED this 28th day of December 2022.**

_____
Honorable Asha F. Jackson
Chief and Administrative Judge
Superior Court of DeKalb County
Stone Mountain Judicial Circuit

# IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

RE:    Permanent Process Servers

### STANDING ORDER

Pursuant to O.C.G.A. § 9-11-4 (e), this Court provides herein that any person who has completed the application process for appointment as a permanent process server in the Superior Court of DeKalb County in 2023, and has been appointed as a permanent process server in said Court for 2023 shall be deemed to be appointed as a permanent process server in the State Court of DeKalb County. Permanent process servers wishing to rely upon this order shall be required to attach a copy of their Superior Court order of appointment to any affidavit of service that is required to be filed with the Court. All appointments arising pursuant to this order shall be effective until midnight, December 31, 2023.

SO ORDERED, this _13_ day of December 2022.

_Wayne M Purd_

Wayne M. Purdom, Chief Judge

FILED IN THIS OFFICE
THIS 13 DAY OF Dec. 2022
_Sophia Brazell_
Clerk, State Court, DeKalb County

# This Page Intentionally Left Blank to Separate Documents

## AFFIDAVIT OF SERVICE

**State of Georgia**

**County of De Kalb**

**State Court**

Case Number: 23A00618

Plaintiff: **Ronnie Canty et al**
vs.
Defendant: **Todd Daniels et al**

For:
Robert Poston
The Angell Law Firm LLC
3391 Peachtree Rd NE
Ste 110
Atlanta, GA 30326

Received by Ancillary Legal Corporation on the 9th day of February, 2023 at 11:51 am to be served on **Todd Daniels, 38 S Evergreen Ln, Prestonburg, KY 41653**.

I, Danny Miller, being duly sworn, depose and say that on the **11th day of February, 2023** at **2:09 pm,** I:

**INDIVIDUALLY/PERSONALLY** served by delivering a true copy of the **SUMMONS, COMPLAINT FOR PERSONAL INJURIES, PLAINTIFFS' FIRST REQUEST TO ADMIT TO DEFENDANT ZURICH, PLAINTIFFS' FIRST INTERROGATORIES TO DEFENDANT AMERICAN ZURICH INSURANCE COMPANY, PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT AMERICAN ZURICH INSURANCE COMPANY, PLAINTIFFS' FIRST REQUEST TO ADMIT TO DEFENDANT DIMENSIONALL TRANSPORTATION LLC, PLAINTIFFS' FIRST INTERROGATORIES TO DEFENDANT DIMENSIONALL TRANSPORTATION LLC, PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DIMENSIONALL TRANSPORTATION LLC, PLAINTIFFS' FIRST INTERROGATORIES TO DEFENDANT TODD DANIELS, PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT TODD DANIELS, PLAINTIFFS' FIRST REQUEST TO ADMIT TO DEFENDANT TODD DANIELS, NOTICE OF DEPOSITION OF DIMENSIONALL, INC.PURSUANT O.C.G.A. § 9-11-30(b)(6)** to: **Todd Daniels** at the address of: **38 S Evergreen Ln, Prestonburg, KY 41653**, and informed said person of the contents therein, in compliance with state statutes.

**Military Status:** Based upon inquiry of party served, Defendant is not in the military service of the United States of America.

**Marital Status:** Based upon inquiry of party served, Defendant is not married.

**Description** of Person Served: Age: 57, Sex: M, Race/Skin Color: Caucasian, Height: 6'4", Weight: 350, Hair: Dark Brown, Glasses: Y

Doc ID: 21959c5ee36f22ed25b47501421f42e3a0b2b21

STATE COURT OF
DEKALB COUNTY, GA.
3/6/2023 10:21 AM
E-FILED
BY: Monique Roberts

## AFFIDAVIT OF SERVICE For 23A00618

I certify that I am over the age of 18, have no interest in the above action, and am a Process Server, in good standing, in the judicial circuit in which the process was served.

Subscribed and Sworn to before me on the **14th** day of **February**, **2023** by the affiant who is personally known to me.

NOTARY PUBLIC

Leslie Grace Pennington
Notary Public, ID KYNP56361
State at Large, Kentucky
My Commission Expires on Aug. 20, 2026

**Danny Miller**
Process Server
**2/14/23**
**Date**

**Ancillary Legal Corporation**
**2900 CHAMBLEE TUCKER RD**
**BUILDING 13**
**ATLANTA, GA 30341**
**(404) 459-8006**

Our Job Serial Number: ANC-2023001541
Ref: Canty

Doc ID: 21959c5ee36f22ed25b47501421f4263a0d92e3f

# This Page Intentionally Left Blank to Separate Documents

## AFFIDAVIT OF SERVICE

**State of Georgia**                    **County of De Kalb**                    **State Court**

Case Number: 23A00618

Plaintiff: **Ronnie Canty et al**
vs.
Defendant: **Todd Daniels et al**

For:
Robert Poston
The Angell Law Firm LLC
3391 Peachtree Rd NE
Ste 110
Atlanta, GA 30326

Received by Ancillary Legal Corporation on the 23rd day of February, 2023 at 4:05 pm to be served on **Dimensional Transportation LLC c/o Robert Perkins, 4325 CAUSEWAY DR, LOWELL, MI 49331**.

I, Dan Skwarek, being duly sworn, depose and say that on the **3rd day of March, 2023** at **10:35 am, I:**

served Dimensionall Transportation LLC c/o Robert Perkins by delivering a true copy of the **SUMMONS, COMPLAINT FOR PERSONAL INJURIES, PLAINTIFFS' FIRST REQUEST TO ADMIT TO DEFENDANT ZURICH, PLAINTIFFS' FIRST INTERROGATORIES TO DEFENDANT AMERICAN ZURICH INSURANCE COMPANY, PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TODEFENDANT AMERICAN ZURICH INSURANCE COMPANY, PLAINTIFFS' FIRST REQUEST TO ADMIT TO DEFENDANT DIMENSIONALL TRANSPORTATION LLC, PLAINTIFFS' FIRST INTERROGATORIES TO DEFENDANT DIMENSIONALL TRANSPORTATION LLC, PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DIMENSIONALL TRANSPORTATION LLC, PLAINTIFFS' FIRST INTERROGATORIES TO DEFENDANT TODD DANIELS, PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT TODD DANIELS, PLAINTIFFS' FIRST REQUEST TO ADMIT TO DEFENDANT TODD DANIELS, NOTICE OF DEPOSITION OF DIMENSIONALL, INC.PURSUANT O.C.G.A. § 9-11-30(b)(6)** to: **Robert Perkins as Authorized to Accept** for **Dimensionall Transportation LLC**, at the address of: **310 Pearl St Nw Grand, Rapids, MI 49331**.

**Additional Information pertaining to this Service:**
3/3/2023  10:35 am  Perfected individual service at alternate address. Personally served defendant Robert Perkins (male Caucasian approx. 70 yrs old 5'5" 155 lbs gray hair & glasses) @ mutual meeting place Holiday Inn parking lot 310 Pearl St NW Grand Rapids MI.

I am an agent of Ancillary Legal Corporation and am competent in all respects to testify regarding the matters set forth herein. I have personal knowledge of the facts stated herein and know them to be true.I have no interest in the outcome of this action and am not related to any of the parties. I am 18 or more years of age and am authorized to serve process.

Subscribed and Sworn to before me on the _6ᵗʰ_
day of _March_, _2023_ by the affiant
who is personally known to me.

NOTARY PUBLIC

**Dan Skwarek**
Process Server

**Ancillary Legal Corporation**
**2900 Chamblee Tucker Road**
**Building 13**
**Atlanta, GA 30341**
**(404) 459-8006**

MELANIE L MARZOLINO  Notary Public
State of Michigan, County of Kent
My Commission Expires 08/24/2024
Acting in the County of _Kent_

Our Job Serial Number: ANC-2023001544
Ref: Canty

Copyright © 1992-2023 Database Services, Inc. - Process Server's Toolbox V8.2i

# This Page Intentionally Left Blank to Separate Documents

**IN THE STATE COURT OF DEKALB COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| Ronnie Canty, Johnny Cook,  Betty Fambrough, | ) | |
| Conquest, Jr., Japonica Fambrough, as natural | ) | |
| guardian of Akemi A. Fambrough-Holloway, | ) | |
| Tyanca Fambrough, individually and as parent | ) | CIVIL ACTION |
| and natural guardian of Justin Gardner, Terrell | ) | |
| Fambrough, and Tiamiya Fambrough, Tyla | ) | FILE NO. 23A00618 |
| Fambrough, individually and as parent and natural | ) | |
| guardian of Adonis Fambrough, | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Todd Daniels, Dimmensionall Transportation LLC, | ) | |
| American Zurich Insurance Company, JOHN DOE | ) | |
| 1-2, ABC Corp., XYZ Corp., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

**ZURICH AMERICAN INSURANCE COMPANY'S**
**ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT**

COMES NOW, ZURICH AMERICAN INSURANCE COMPANY, improperly named herein as "American Zurich Insurance Company" ("Zurich"), Defendant in the above-styled action, and hereby files its Answer and Affirmative Defenses to Plaintiffs' Complaint and responds as follows:

**FIRST AFFIRMATIVE DEFENSE**

Plaintiffs' Complaint fails to state a claim against Zurich upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

To the extent that Plaintiffs are unable to prove the elements of their causes of action or claims for damages against Zurich's insured, as required under Georgia's Direct-Action Statute,

- 1 -

then Plaintiffs' Complaint should be dismissed.

## THIRD AFFIRMATIVE DEFENSE

In the event a Court finds Zurich liable to the Plaintiffs in any amount, Plaintiffs' recovery against Zurich is limited to the various coverage limitations and limits provided in Zurich's policy with its insured.

## FOURTH AFFIRMATIVE DEFENSE

Under O.C.G.A. § 51-12-33, Zurich is entitled to have any liability for Plaintiffs' alleged damages apportioned according to the percentage of fault of each person or entity (party and non-party alike) in causing the alleged damages.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to join an indispensable party pursuant to O.C.G.A. § 9-11-19.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred, in whole or in part, by the doctrines of contributory or comparative negligence.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred, in whole or in part, by the doctrine of assumption of the risk.

## EIGHTH AFFIRMATIVE DEFENSE

At all times concerning the incident giving rise to this lawsuit, Plaintiffs may not have been exercising ordinary care for their own safety and could and should have avoided the consequences of any alleged injuries sustained in the incident; therefore, Plaintiffs may be barred from recovery.

## NINTH AFFIRMATIVE DEFENSE

Zurich is not liable to Plaintiffs because Zurich breached no duties owed to Plaintiffs in

regard to the alleged incident giving rise to the Complaint.

## <u>TENTH AFFIRMATIVE DEFENSE</u>

Plaintiffs' claims are barred because the incident giving rise to this lawsuit was caused by a "sudden emergency," and such defense is fully applicable to Plaintiffs' claims under Georgia law.

## <u>ELEVENTH AFFIRMATIVE DEFENSE</u>

Plaintiffs' damages, if any, were not solely or proximately caused by any acts, omissions or negligence on the part of Zurich.

## <u>TWELFTH AFFIRMATIVE DEFENSE</u>

Some or all of Plaintiffs' damages may have been caused, in whole or in part, by the acts or omissions of third parties over which Zurich had no control or for which Zurich was not legally liable.

## <u>THIRTEENTH AFFIRMATIVE DEFENSE</u>

The injuries, losses or occurrences alleged in the Complaint may have been caused by an independent and intervening cause over which Zurich had no control and in which Zurich had no involvement.

## <u>FOURTEENTH AFFIRMATIVE DEFENSE</u>

Plaintiffs' alleged damages include medical expenses not related to the incident giving rise to the Complaint.

## <u>FIFTEENTH AFFIRMATIVE DEFENSE</u>

The medical expenses alleged as damages include expenses which are neither reasonable nor necessary.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to mitigate their damages.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from recovering the amount asserted in their Complaint because those alleged damages are speculative, and Plaintiffs did not actually incur and/or are not likely to incur such damages.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged damages, if any, are limited by the coverage limits set forth in the Policy.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs may not recover any damages under the Policy to the extent the liability coverage afforded by Zurich to its insured(s) was not triggered by the incident or where such coverage is otherwise excluded or limited by the express terms, conditions, limitations, and exclusions contained in the Policy.

## TWENTIETH AFFIRMATIVE DEFENSE

To the extent Plaintiffs attempt to impose duties upon Zurich aside from those set forth in the Policy, Plaintiffs' claims fail in both fact and law.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of accord and satisfaction, waiver, and estoppel.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

To the extent Plaintiffs seek to impose bad faith damages, attorney's fees, or other costs or expenses directly upon Zurich via the Direct-Action Statute, Plaintiffs fail to state a claim upon which relief could be granted. Georgia's Direct-Action Statute necessarily limits the claims that

may be alleged in such an action directly against an insurer, and such limitations do not allow bad faith damages, attorney's fees, or other costs or expenses to be directly alleged against Zurich in this Action. *See*, *e.g.*, *Andrews v. Yellow Freight Sys., Inc.*, 262 Ga. 476, 476 (1992) ("[U]nder the [Direct-Action Statute], . . . the insurance carrier is not, in reality, a separate party for purposes of liability, but, rather, is equivalent to a provider of a substitute surety bond, creating automatic liability in favor of a third party who may have a claim for damages for the negligence of the motor common carrier. The plaintiff has no *separate* claim for damages against the motor carrier's insurer." (emphasis in original)); *Hartford Ins. Co. v. Henderson & Son, Inc.*, 258 Ga. 493 (1988) ("[A] party may not bring a direct action against the liability insurer of the party who allegedly caused the damage unless there is an unsatisfied judgment against the insured or it is specifically permitted either by statute or a provision in the policy."); *accord Morgan Driveaway, Inc. v. Canal Ins. Co.*, 266 Ga. App. 765, 766 (2004) (While "an insurer may be joined directly in a cause of action with a motor common or motor contract carrier[] [under the Direct-Action Statute], [that statutory right] is in derogation of the common law and must be strictly construed."); *Jackson v. Sluder*, 256 Ga. App. 812, 814 (2002) ("[A] motor carrier and its insurer are not considered joint tortfeasors or joint obligors.").

### TWENTY-THIRD AFFIRMATIVE DEFENSE

To the extent Plaintiffs seek to impose punitive damages directly upon Zurich via the Direct-Action Statute, Plaintiffs fail to state a claim upon which relief could be granted. Georgia's Direct-Action Statute necessarily limits the claims that may be alleged in such an action directly against an insurer, and such limitations do not allow punitive damages to be directly alleged against Zurich in this Action. *See*, *e.g.*, *Andrews v. Yellow Freight Sys., Inc.*, 262 Ga. 476, 476 (1992) ("[U]nder the [Direct-Action Statute], . . . the insurance carrier is not, in reality, a separate party

for purposes of liability, but, rather, is equivalent to a provider of a substitute surety bond, creating automatic liability in favor of a third party who may have a claim for damages for the negligence of the motor common carrier. The plaintiff has no *separate* claim for damages against the motor carrier's insurer." (emphasis in original)); *Hartford Ins. Co. v. Henderson & Son, Inc.*, 258 Ga. 493 (1988) ("[A] party may not bring a direct action against the liability insurer of the party who allegedly caused the damage unless there is an unsatisfied judgment against the insured or it is specifically permitted either by statute or a provision in the policy."); *accord Morgan Driveaway, Inc. v. Canal Ins. Co.*, 266 Ga. App. 765, 766 (2004) (While "an insurer may be joined directly in a cause of action with a motor common or motor contract carrier[] [under the Direct-Action Statute], [that statutory right] is in derogation of the common law and must be strictly construed."); *Jackson v. Sluder*, 256 Ga. App. 812, 814 (2002) ("[A] motor carrier and its insurer are not considered joint tortfeasors or joint obligors.").

### **TWENTY-FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims for punitive damages should be dismissed. Zurich specifically incorporates by reference any and all standards of limitations regarding the determination and/or enforceability of punitive damage awards that arose in the decisions of *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996); *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001); and *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003).

### **TWENTY-FIFTH AFFIRMATIVE DEFENSE**

With respect to Plaintiffs' claims for punitive damages, Zurich affirmatively pleads the following in regard to punitive damages:

(a)   An award of punitive damages in this civil action would amount to a deprivation of

- 6 -

property without due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution and the corresponding provisions of the Georgia Constitution;

(b)    An award of punitive damages in this civil action would violate the due process provisions of the Fifth and Fourteenth Amendments to the United States Constitution and the corresponding provisions of the Georgia Constitution;

(c)    The criteria used for determining whether and in what amount punitive damages may be awarded are impermissible, vague, imprecise, and inconsistent and, therefore, violate the due process provisions of the Fifth and Fourteenth Amendments to the United States Constitution and the corresponding provisions of the Georgia Constitution;

(d)    An award of punitive damages in this civil action would amount to an excessive fine in violation of the Eighth Amendment to the United States Constitution and the corresponding provisions of the Georgia Constitution; and

(e)    Plaintiff's claim for punitive damages is barred by the "double jeopardy" clause of the Fifth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Zurich expressly reserves the right to assert any and all affirmative defense(s) and matter(s) in avoidance as may be disclosed during the course of additional investigation and discovery. Zurich specifically reserves the right to amend this Answer to assert any such defenses.

Subject to and without waiving the above-defenses, Zurich responds to the individually numbered paragraphs of Plaintiffs' Complaint as follows:

## PARTIES, JURISDICTION, AND VENUE

1.

Upon information and belief, Zurich admits that Plaintiffs are residents and domiciliaries of the State of Georgia.

2.

Denied as pled. Zurich's name is properly stated as "Zurich American Insurance Company." Further, Zurich is a corporation organized under the laws of the State of New York, with its principal place of business in the State of Illinois. Thus, Zurich is not now a citizen of the State of Georgia, and it was not a citizen of the State of Georgia at the time of the commencement of this Action. Zurich, however, admits that it was subject to the jurisdiction of this Court, and that venue was proper in this Court prior to removal. Currently, jurisdiction and venue is only proper in the United States District Court for the Northern District of Georgia, Atlanta Division. Zurich further admits that it was properly served in this Action.

3.

Zurich responds to Paragraph 3 of the Complaint by stating that it is without sufficient information or belief to either admit or deny the allegations therein, and therefore such Paragraph is expressly denied. However, upon information and belief, Defendant Dimensionall Transportation LLC ("Dimensionall") is a foreign limited liability company organized and existing under the laws of the State of Michigan, with its principal place of business in the State of Michigan. Defendant Dimensionall's sole member and manager is Robert Perkins. Robert Perkins is currently a resident and domiciliary of the State of Michigan, and Robert Perkins was a resident and domicilliary of the State of Michigan on the date that the complaint was filed in this Action. Further, at all relevant times, Robert Perkins has had the intention to remain and live in the State

- 8 -

of Michigan as a resident and domicilliary of the same.  Thus, upon information and belief,
Defendant Dimensionall is a citizen of the State of Michigan.

4.

Zurich responds to Paragraph 4 of the Complaint by stating that it is without sufficient
information or belief to either admit or deny the allegations therein, and therefore such Paragraph
is expressly denied. However, upon information and belief, Defendant Todd Daniels is currently
a resident and domiciliary of the State of Kentucky, and Todd Daniels was a resident and
domicilliary of the State of Kentucky on the date that the complaint was filed in this Action.
Further, at all relevant times, Todd Daniels has had the intention to remain and live in the State of
Kentucky as a resident and domicilliary of the same.  Thus, upon information and belief, Defendant
Todd Daniels is a citizen of the State of Kentucky.

5.

Zurich responds to Paragraph 5 of the Complaint by stating that it is without sufficient
information or belief to either admit or deny the allegations therein, and therefore such Paragraph
is expressly denied. However, Zurich further shows that the citizenship of any alleged "John Doe,"
"ABC Corp.," or "XYZ Corp." shall not, and does not, affect the diversity jurisdiction analysis of
the United States District Court for the Northern District of Georgia, Atlanta Division. *See*, *e.g.*,
28 U.S.C. § 1441(b) ("In determining whether a civil action is removable on the basis of [diversity]
jurisdiction . . . , the citizenship of defendants sued under fictitious names shall be disregarded.").

6.

Zurich responds to Paragraph 6 of the Complaint by stating that it is without sufficient
information or belief to either admit or deny the allegations therein, and therefore such Paragraph
is expressly denied. However, Zurich further shows that the citizenship of any alleged "John Doe,"

"ABC Corp.," or "XYZ Corp." shall not, and does not, affect the diversity jurisdiction analysis of the United States District Court for the Northern District of Georgia, Atlanta Division. *See*, *e.g.*, 28 U.S.C. § 1441(b) ("In determining whether a civil action is removable on the basis of [diversity] jurisdiction . . . , the citizenship of defendants sued under fictitious names shall be disregarded.").

7.

Zurich admits that it was subject to the jurisdiction of this Court, and that venue was proper in this Court prior to removal. Currently, jurisdiction and venue is only proper in the United States District Court for the Northern District of Georgia, Atlanta Division.

## **ALLEGATIONS**

8.

Zurich responds to Paragraph 8 of the Complaint by stating that it is without sufficient information or belief to either admit or deny the allegations therein, and therefore such Paragraph is expressly denied.

9.

Zurich responds to Paragraph 9 of the Complaint by stating that it is without sufficient information or belief to either admit or deny the allegations therein, and therefore such Paragraph is expressly denied.

10.

Zurich responds that this Paragraph of Plaintiffs' Complaint asserts only legal conclusions to which no response is required. To the extent a response is necessary, Zurich responds to Paragraph 10 of the Complaint by stating that it is without sufficient information or belief to either admit or deny the allegations therein, and therefore such Paragraph is expressly denied.

11.

Zurich responds that this Paragraph of Plaintiffs' Complaint asserts only legal conclusions to which no response is required. To the extent a response is necessary, Zurich responds to Paragraph 11 of the Complaint by stating that it is without sufficient information or belief to either admit or deny the allegations therein, and therefore such Paragraph is expressly denied.

12.

Zurich responds that this Paragraph of Plaintiffs' Complaint asserts only legal conclusions to which no response is required. To the extent a response is necessary, Zurich responds to Paragraph 12 of the Complaint by stating that it is without sufficient information or belief to either admit or deny the allegations therein, and therefore such Paragraph is expressly denied.

13.

Zurich responds that this Paragraph of Plaintiffs' Complaint asserts only legal conclusions to which no response is required. To the extent a response is necessary, Zurich responds to Paragraph 13 of the Complaint by stating that it is without sufficient information or belief to either admit or deny the allegations therein, and therefore such Paragraph is expressly denied.

14.

Zurich responds that this Paragraph of Plaintiffs' Complaint asserts only legal conclusions to which no response is required. To the extent a response is necessary, Zurich responds to Paragraph 14 of the Complaint by stating that it is without sufficient information or belief to either admit or deny the allegations therein, and therefore such Paragraph is expressly denied.

15.

Zurich responds that this Paragraph of Plaintiffs' Complaint asserts only legal conclusions to which no response is required. To the extent a response is necessary, Zurich responds to

Paragraph 15 of the Complaint by stating that it is without sufficient information or belief to either admit or deny the allegations therein, and therefore such Paragraph is expressly denied.

16.

Zurich responds that this Paragraph of Plaintiffs' Complaint asserts only legal conclusions to which no response is required. To the extent a response is necessary, Zurich responds to Paragraph 16 of the Complaint by stating that it is without sufficient information or belief to either admit or deny the allegations therein, and therefore such Paragraph is expressly denied.

17.

Zurich responds that this Paragraph of Plaintiffs' Complaint asserts only legal conclusions to which no response is required. To the extent a response is necessary, Zurich responds to Paragraph 17 of the Complaint by stating that it is without sufficient information or belief to either admit or deny the allegations therein, and therefore such Paragraph is expressly denied.

18.

Zurich responds that this Paragraph of Plaintiffs' Complaint asserts only legal conclusions to which no response is required. To the extent a response is necessary, Zurich responds to Paragraph 18 of the Complaint by stating that it is without sufficient information or belief to either admit or deny the allegations therein, and therefore such Paragraph is expressly denied.

19.

Zurich responds that this Paragraph of Plaintiffs' Complaint asserts only legal conclusions to which no response is required. To the extent a response is necessary, Zurich responds to Paragraph 19 of the Complaint by stating that it is without sufficient information or belief to either admit or deny the allegations therein, and therefore such Paragraph is expressly denied.

20.

Zurich responds that this Paragraph of Plaintiffs' Complaint asserts only legal conclusions to which no response is required. To the extent a response is necessary, Zurich admits that Plaintiffs purportedly made it a Defendant in this lawsuit under the direct-action provisions of O.C.G.A. § 40-2-140(d)(4). Zurich further admits that, at the time of the incident that is the subject of this Complaint, it insured "Dimensionall, Inc." pursuant to a business automobile liability insurance policy, policy no. BAP 0187954-05, with an applicable policy period of July 1, 2022 through July 1, 2023. Zurich also admits that coverage under such Policy for Zurich's insured(s) is subject to all of the express terms, conditions, limitations, and exclusions contained in the Policy. However, Zurich expressly denies that it is properly named in and made a party to this direct-action pursuant to O.C.G.A. § 40-2-140(d)(4). Zurich further expressly denies all liability to Plaintiffs. Zurich further expressly denies that it has any liability to Plaintiffs beyond what is permitted by Georgia's Direct-Action Statute. Zurich also expressly denies all allegations of Paragraph 20 that are not expressly admitted herein.

21.

Zurich responds that this Paragraph of Plaintiffs' Complaint asserts only legal conclusions to which no response is required. To the extent a response is necessary, Zurich admits that Plaintiffs purportedly made it a Defendant in this lawsuit under the direct-action provisions of O.C.G.A. § 40-2-140(d)(4). Zurich further admits that, at the time of the incident that is the subject of this Complaint, it insured "Dimensionall, Inc." pursuant to a business automobile liability insurance policy, policy no. BAP 0187954-05, with an applicable policy period of July 1, 2022 through July 1, 2023. Zurich also admits that coverage under such Policy for Zurich's insured(s) is subject to all of the express terms, conditions, limitations, and exclusions contained in the Policy. However,

Zurich expressly denies that it is properly named in and made a party to this direct-action pursuant to O.C.G.A. § 40-2-140(d)(4). Zurich further expressly denies all liability to Plaintiffs. Zurich further expressly denies that it has any liability to Plaintiffs beyond what is permitted by Georgia's Direct-Action Statute. Zurich also expressly denies all allegations of Paragraph 21 that are not expressly admitted herein.

22.

Zurich responds that this Paragraph of Plaintiffs' Complaint asserts only legal conclusions to which no response is required. To the extent a response is necessary, Zurich admits that Plaintiffs purportedly made it a Defendant in this lawsuit under the direct-action provisions of O.C.G.A. § 40-2-140(d)(4). Zurich further admits that, at the time of the incident that is the subject of this Complaint, it insured "Dimensionall, Inc." pursuant to a business automobile liability insurance policy, policy no. BAP 0187954-05, with an applicable policy period of July 1, 2022 through July 1, 2023. Zurich also admits that coverage under such Policy for Zurich's insured(s) is subject to all of the express terms, conditions, limitations, and exclusions contained in the Policy. However, Zurich expressly denies that it is properly named in and made a party to this direct-action pursuant to O.C.G.A. § 40-2-140(d)(4). Zurich further expressly denies all liability to Plaintiffs. Zurich further expressly denies that it has any liability to Plaintiffs beyond what is permitted by Georgia's Direct-Action Statute. Zurich also expressly denies all allegations of Paragraph 22 that are not expressly admitted herein.

23.

Zurich responds that this Paragraph of Plaintiffs' Complaint asserts only legal conclusions to which no response is required. To the extent a response is necessary, Zurich admits that Plaintiffs purportedly made it a Defendant in this lawsuit under the direct-action provisions of O.C.G.A. §

- 14 -

40-2-140(d)(4). Zurich further admits that, at the time of the incident that is the subject of this Complaint, it insured "Dimensionall, Inc." pursuant to a business automobile liability insurance policy, policy no. BAP 0187954-05, with an applicable policy period of July 1, 2022 through July 1, 2023. Zurich also admits that coverage under such Policy for Zurich's insured(s) is subject to all of the express terms, conditions, limitations, and exclusions contained in the Policy. However, Zurich expressly denies that it is properly named in and made a party to this direct-action pursuant to O.C.G.A. § 40-2-140(d)(4). Zurich further expressly denies all liability to Plaintiffs. Zurich further expressly denies that it has any liability to Plaintiffs beyond what is permitted by Georgia's Direct-Action Statute. Zurich also expressly denies all allegations of Paragraph 23 that are not expressly admitted herein.

24.

Zurich responds that this Paragraph of Plaintiffs' Complaint asserts only legal conclusions to which no response is required. To the extent a response is necessary, Zurich admits that Plaintiffs purportedly made it a Defendant in this lawsuit under the direct-action provisions of O.C.G.A. § 40-2-140(d)(4). Zurich further admits that, at the time of the incident that is the subject of this Complaint, it insured "Dimensionall, Inc." pursuant to a business automobile liability insurance policy, policy no. BAP 0187954-05, with an applicable policy period of July 1, 2022 through July 1, 2023. Zurich also admits that coverage under such Policy for Zurich's insured(s) is subject to all of the express terms, conditions, limitations, and exclusions contained in the Policy. However, Zurich expressly denies that it is properly named in and made a party to this direct-action pursuant to O.C.G.A. § 40-2-140(d)(4). Zurich further expressly denies all liability to Plaintiffs. Zurich further expressly denies that it has any liability to Plaintiffs beyond what is permitted by Georgia's Direct-Action Statute. Zurich also expressly denies all allegations of Paragraph 24 that are not

expressly admitted herein.

## JOINT AND SEVERAL LIABILITY

### 25.

Zurich responds that this Paragraph of Plaintiffs' Complaint asserts only legal conclusions to which no response is required. To the extent a response is necessary, Zurich admits that Plaintiffs purportedly made it a Defendant in this lawsuit under the direct-action provisions of O.C.G.A. § 40-2-140(d)(4). However, to the extent that this Paragraph implies that Zurich is jointly and severally liable for Plaintiffs' alleged damages, such allegation is expressly denied. *See*, *e.g.*, *Jackson v. Sluder*, 256 Ga. App. 812, 814 (2002) ("[A] motor carrier and its insurer are not considered joint tortfeasors or joint obligors."). Zurich further expressly denies that it is properly named in and made a party to this direct-action pursuant to O.C.G.A. § 40-2-140(d)(4). Zurich also expressly denies all liability to Plaintiffs. Zurich further expressly denies that it has any liability to Plaintiffs beyond what is permitted by Georgia's Direct-Action Statute. Zurich otherwise responds to Paragraph 25 of the Complaint by stating that it is without sufficient information or belief to either admit or deny the allegations therein, and therefore such Paragraph is expressly denied.

## DAMAGES

### 26.

Zurich responds that this Paragraph of Plaintiffs' Complaint asserts only legal conclusions to which no response is required. To the extent a response is necessary, Zurich admits that Plaintiffs purportedly made it a Defendant in this lawsuit under the direct-action provisions of O.C.G.A. § 40-2-140(d)(4). Zurich further admits that, at the time of the incident that is the subject of this Complaint, it insured "Dimensionall, Inc." pursuant to a business automobile liability insurance

policy, policy no. BAP 0187954-05, with an applicable policy period of July 1, 2022 through July 1, 2023. Zurich also admits that coverage under such Policy for Zurich's insured(s) is subject to all of the express terms, conditions, limitations, and exclusions contained in the Policy. However, to the extent that this Paragraph implies that Zurich is jointly and severally liable for Plaintiffs' alleged damages, such allegation is expressly denied. *See*, *e.g.*, *Jackson v. Sluder*, 256 Ga. App. 812, 814 (2002) ("[A] motor carrier and its insurer are not considered joint tortfeasors or joint obligors."). Zurich further expressly denies that it is properly named in and made a party to this direct-action pursuant to O.C.G.A. § 40-2-140(d)(4). Zurich also expressly denies all liability to Plaintiffs. Zurich further expressly denies that it has any liability to Plaintiffs beyond what is permitted by Georgia's Direct-Action Statute. Zurich otherwise responds to Paragraph 26 of the Complaint by stating that it is without sufficient information or belief to either admit or deny the allegations therein, and therefore such Paragraph is expressly denied.

27.

Zurich responds that this Paragraph of Plaintiffs' Complaint asserts only legal conclusions to which no response is required. To the extent a response is necessary, Zurich admits that Plaintiffs purportedly made it a Defendant in this lawsuit under the direct-action provisions of O.C.G.A. § 40-2-140(d)(4). Zurich further admits that, at the time of the incident that is the subject of this Complaint, it insured "Dimensionall, Inc." pursuant to a business automobile liability insurance policy, policy no. BAP 0187954-05, with an applicable policy period of July 1, 2022 through July 1, 2023. Zurich also admits that coverage under such Policy for Zurich's insured(s) is subject to all of the express terms, conditions, limitations, and exclusions contained in the Policy. However, to the extent that this Paragraph implies that Zurich is jointly and severally liable for Plaintiffs' alleged damages, such allegation is expressly denied. *See*, *e.g.*, *Jackson v. Sluder*, 256 Ga. App.

812, 814 (2002) ("[A] motor carrier and its insurer are not considered joint tortfeasors or joint obligors."). Zurich further expressly denies that it is properly named in and made a party to this direct-action pursuant to O.C.G.A. § 40-2-140(d)(4). Zurich also expressly denies all liability to Plaintiffs. Zurich further expressly denies that it has any liability to Plaintiffs beyond what is permitted by Georgia's Direct-Action Statute. Zurich otherwise responds to Paragraph 27 of the Complaint by stating that it is without sufficient information or belief to either admit or deny the allegations therein, and therefore such Paragraph is expressly denied.

28.

Zurich responds to Paragraph 28 of the Complaint by stating that it is without sufficient information or belief to either admit or deny the allegations therein, and therefore such Paragraph is expressly denied.

29.

Zurich responds to Paragraph 29 of the Complaint by stating that it is without sufficient information or belief to either admit or deny the allegations therein, and therefore such Paragraph is expressly denied.

30.

Zurich responds that this Paragraph of Plaintiffs' Complaint asserts only legal conclusions to which no response is required. To the extent a response is necessary, Zurich admits that Plaintiffs purportedly made it a Defendant in this lawsuit under the direct-action provisions of O.C.G.A. § 40-2-140(d)(4). Zurich further admits that, at the time of the incident that is the subject of this Complaint, it insured "Dimensionall, Inc." pursuant to a business automobile liability insurance policy, policy no. BAP 0187954-05, with an applicable policy period of July 1, 2022 through July 1, 2023. Zurich also admits that coverage under such Policy for Zurich's insured(s) is subject to

all of the express terms, conditions, limitations, and exclusions contained in the Policy. However, to the extent that this Paragraph implies that Zurich is jointly and severally liable for Plaintiffs' alleged damages, such allegation is expressly denied. *See*, *e.g.*, *Jackson v. Sluder*, 256 Ga. App. 812, 814 (2002) ("[A] motor carrier and its insurer are not considered joint tortfeasors or joint obligors."). Zurich further expressly denies that it is properly named in and made a party to this direct-action pursuant to O.C.G.A. § 40-2-140(d)(4). Zurich also expressly denies all liability to Plaintiffs. Zurich further expressly denies that it has any liability to Plaintiffs beyond what is permitted by Georgia's Direct-Action Statute. Zurich otherwise responds to Paragraph 30 of the Complaint by stating that it is without sufficient information or belief to either admit or deny the allegations therein, and therefore such Paragraph is expressly denied.

31.

Zurich responds that this Paragraph of Plaintiffs' Complaint asserts only legal conclusions to which no response is required. To the extent a response is necessary, Zurich admits that Plaintiffs purportedly made it a Defendant in this lawsuit under the direct-action provisions of O.C.G.A. § 40-2-140(d)(4). Zurich further admits that, at the time of the incident that is the subject of this Complaint, it insured "Dimensionall, Inc." pursuant to a business automobile liability insurance policy, policy no. BAP 0187954-05, with an applicable policy period of July 1, 2022 through July 1, 2023. Zurich also admits that coverage under such Policy for Zurich's insured(s) is subject to all of the express terms, conditions, limitations, and exclusions contained in the Policy. However, to the extent that this Paragraph implies that Zurich is jointly and severally liable for Plaintiffs' alleged damages, including bad faith and other liability for attorney's fees, expenses, and costs, such allegation is expressly denied. *See*, *e.g.*, *Jackson v. Sluder*, 256 Ga. App. 812, 814 (2002) ("[A] motor carrier and its insurer are not considered joint tortfeasors or joint obligors."). Zurich

- 19 -

further expressly denies that it is properly named in and made a party to this direct-action pursuant to O.C.G.A. § 40-2-140(d)(4). Zurich also expressly denies all liability to Plaintiffs. Zurich further expressly denies that it has any liability to Plaintiffs beyond what is permitted by Georgia's Direct-Action Statute. Zurich further denies that, in the context of this litigation, that an O.C.G.A. § 13-6-11 derivative claim may be asserted against it. Zurich otherwise responds to Paragraph 31 of the Complaint by stating that it is without sufficient information or belief to either admit or deny the allegations therein, and therefore such Paragraph is expressly denied.

32.

Zurich expressly denies that Plaintiffs are entitled to any of the relief set forth in and/or prayed for in the "WHEREFORE" portion of the Complaint.

33.

Zurich expressly denies each and every remaining allegation of Plaintiffs' Complaint not specifically and expressly admitted herein.

**WHEREFORE**, having answered the Complaint fully, Zurich respectfully requests that the following be granted:

(a) Plaintiffs' Complaint be dismissed with prejudice;

(b) In the alternative, final judgment be entered in favor of Zurich and against Plaintiffs;

(c) Zurich be awarded its reasonable attorneys' fees and costs incurred in asserting and/or protecting its rights through this action; and

(d) Zurich be awarded such other and further relief as the Court deems just and proper.

Respectfully submitted this 13th day of March, 2023.


[Signatures on next page]

**SWIFT, CURRIE, McGHEE & HIERS, LLP**

*/s/ M. Brandon Howard*
Stephen M. Schatz
Georgia Bar No. 628840
M. Brandon Howard
Georgia Bar No. 550524
***Attorneys for Zurich American Insurance Company (improperly named as American Zurich Insurance Company)***

1420 Peachtree St., N.E., Suite 800
Atlanta, GA 30309
Tel: (404) 874-8800
Fax: (404) 888-6199
steve.schatz@swiftcurrie.com
brandon.howard@swiftcurrie.com

STATE COURT OF
DEKALB COUNTY, GA.
3/13/2023 1:44 PM
E-FILED
BY: Monique Roberts

## CERTIFICATE OF SERVICE

This is to certify that this day I have electronically filed **ZURICH AMERICAN INSURANCE COMPANY'S ANSWER** with the Clerk of Court via the Odyssey eFile GA e-filing system, which will send automatic notification to the following:

Robert L. Poston, Esq.
The Angell Law Firm, LLC
3391 Peachtree Road, NE
Suite 110
Atlanta, Georgia 30326
*ecf@atlantalawyer.com*
***Attorney for Plaintiffs***

Respectfully submitted this 13th day of March, 2023.

**SWIFT, CURRIE, McGHEE & HIERS, LLP**

*/s/ M. Brandon Howard*
Stephen M. Schatz
Georgia Bar No. 628840
M. Brandon Howard
Georgia Bar No. 550524
***Attorneys for Zurich American Insurance Company (improperly named as American Zurich Insurance Company)***

1420 Peachtree St., N.E., Suite 800
Atlanta, GA 30309
Tel: (404) 874-8800
Fax: (404) 888-6199
steve.schatz@swiftcurrie.com
brandon.howard@swiftcurrie.com

- 22 -