## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| RONNIE CANTY; JOHNNY COOK; BETTY FAMBROUGH; REGINALD CONQUEST, JR.; JAPRONICA FAMBROUGH, as natural guardian of AKEMI A. FAMBROUGH-HOLLOWAY; TYANCA FAMBROUGH, individually and as parent and natural guardian of JUSTIN GARDNER; TERRELL FAMBROUGH; TIAMIYA FAMBROUGH; TYLA FAMBROUGH, Individually and as parent and natural Guardian of ANDONIS FAMBROUGH;<br><br><br><br>       Plaintiffs,<br><br>  v.<br><br>TODD DANIELS; DIMENSIONALL TRANSPORTATION, LLC; AMERICAN ZURICH INSURANCE COMPANY; JOHN DOE 1-2; ABC CORP.; XYZ CORP.;<br><br>      Defendants. | CIVIL ACTION FILE NO. _____ [On removal from the State Court of DeKalb County, Georgia, Civil Action File No. 23A00618.] |

### ZURICH AMERICAN INSURANCE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT

COMES NOW, ZURICH AMERICAN INSURANCE COMPANY, improperly named herein as "American Zurich Insurance Company" ("Zurich"),

- 1 -

Defendant in the above-styled action, and hereby files its Answer and Affirmative Defenses to Plaintiffs' Complaint and responds as follows:

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim against Zurich upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

To the extent that Plaintiffs are unable to prove the elements of their causes of action or claims for damages against Zurich's insured, as required under Georgia's Direct-Action Statute, then Plaintiffs' Complaint should be dismissed.

## THIRD AFFIRMATIVE DEFENSE

In the event this Court finds Zurich liable to the Plaintiffs in any amount, Plaintiffs' recovery against Zurich is limited to the various coverage limitations and limits provided in Zurich's policy with its insured.

## FOURTH AFFIRMATIVE DEFENSE

Under O.C.G.A. § 51-12-33, Zurich is entitled to have any liability for Plaintiffs' alleged damages apportioned according to the percentage of fault of each person or entity (party and non-party alike) in causing the alleged damages.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to join an indispensable party pursuant to Rule 19 of the Federal Rules of Civil Procedure.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred, in whole or in part, by the doctrines of contributory or comparative negligence.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred, in whole or in part, by the doctrine of assumption of the risk.

## EIGHTH AFFIRMATIVE DEFENSE

At all times concerning the incident giving rise to this lawsuit, Plaintiffs may not have been exercising ordinary care for their own safety and could and should have avoided the consequences of any alleged injuries sustained in the incident; therefore, Plaintiffs may be barred from recovery.

## NINTH AFFIRMATIVE DEFENSE

Zurich is not liable to Plaintiffs because Zurich breached no duties owed to Plaintiffs in regard to the alleged incident giving rise to the Complaint.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because the incident giving rise to this lawsuit

was caused by a "sudden emergency," and such defense is fully applicable to Plaintiffs' claims under Georgia law.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' damages, if any, were not solely or proximately caused by any acts, omissions or negligence on the part of Zurich.

## TWELFTH AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' damages may have been caused, in whole or in part, by the acts or omissions of third parties over which Zurich had no control or for which Zurich was not legally liable.

## THIRTEENTH AFFIRMATIVE DEFENSE

The injuries, losses or occurrences alleged in the Complaint may have been caused by an independent and intervening cause over which Zurich had no control and in which Zurich had no involvement.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' alleged damages include medical expenses not related to the incident giving rise to the Complaint.

## FIFTEENTH AFFIRMATIVE DEFENSE

The medical expenses alleged as damages include expenses which are neither reasonable nor necessary.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to mitigate their damages.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from recovering the amount asserted in their Complaint because those alleged damages are speculative, and Plaintiffs did not actually incur and/or are not likely to incur such damages.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged damages, if any, are limited by the coverage limits set forth in the Policy.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs may not recover any damages under the Policy to the extent the liability coverage afforded by Zurich to its insured(s) was not triggered by the incident or where such coverage is otherwise excluded or limited by the express terms, conditions, limitations, and exclusions contained in the Policy.

## TWENTIETH AFFIRMATIVE DEFENSE

To the extent Plaintiffs attempt to impose duties upon Zurich aside from those set forth in the Policy, Plaintiffs' claims fail in both fact and law.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of accord and satisfaction, waiver, and estoppel.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

To the extent Plaintiffs seek to impose bad faith damages, attorney's fees, or other costs or expenses directly upon Zurich via the Direct-Action Statute, Plaintiffs fail to state a claim upon which relief could be granted. Georgia's Direct-Action Statute necessarily limits the claims that may be alleged in such an action directly against an insurer, and such limitations do not allow bad faith damages, attorney's fees, or other costs or expenses to be directly alleged against Zurich in this Action. *See*, *e.g.*, *Andrews v. Yellow Freight Sys., Inc.*, 262 Ga. 476, 476 (1992) ("[U]nder the [Direct-Action Statute], . . . the insurance carrier is not, in reality, a separate party for purposes of liability, but, rather, is equivalent to a provider of a substitute surety bond, creating automatic liability in favor of a third party who may have a claim for damages for the negligence of the motor common carrier. The plaintiff has no *separate* claim for damages against the motor carrier's insurer." (emphasis in original)); *Hartford Ins. Co. v. Henderson & Son, Inc.*, 258 Ga. 493 (1988) ("[A] party may not bring a direct action against the liability insurer of the party who allegedly caused the damage unless there is an unsatisfied judgment against the

insured or it is specifically permitted either by statute or a provision in the policy."); *accord Morgan Driveaway, Inc. v. Canal Ins. Co.*, 266 Ga. App. 765, 766 (2004) (While "an insurer may be joined directly in a cause of action with a motor common or motor contract carrier[] [under the Direct-Action Statute], [that statutory right] is in derogation of the common law and must be strictly construed."); *Jackson v. Sluder*, 256 Ga. App. 812, 814 (2002) ("[A] motor carrier and its insurer are not considered joint tortfeasors or joint obligors.").

## TWENTY-THIRD AFFIRMATIVE DEFENSE

To the extent Plaintiffs seek to impose punitive damages directly upon Zurich via the Direct-Action Statute, Plaintiffs fail to state a claim upon which relief could be granted. Georgia's Direct-Action Statute necessarily limits the claims that may be alleged in such an action directly against an insurer, and such limitations do not allow punitive damages to be directly alleged against Zurich in this Action. *See*, *e.g.*, *Andrews v. Yellow Freight Sys., Inc.*, 262 Ga. 476, 476 (1992) ("[U]nder the [Direct-Action Statute], . . .  the insurance carrier is not, in reality, a separate party for purposes of liability, but, rather, is equivalent to a provider of a substitute surety bond, creating automatic liability in favor of a third party who may have a claim for damages for the negligence of the motor common carrier. The plaintiff has no *separate* claim for damages against the motor carrier's insurer." (emphasis in

original)); *Hartford Ins. Co. v. Henderson & Son, Inc.*, 258 Ga. 493 (1988) ("[A] party may not bring a direct action against the liability insurer of the party who allegedly caused the damage unless there is an unsatisfied judgment against the insured or it is specifically permitted either by statute or a provision in the policy."); *accord Morgan Driveaway, Inc. v. Canal Ins. Co.*, 266 Ga. App. 765, 766 (2004) (While "an insurer may be joined directly in a cause of action with a motor common or motor contract carrier[] [under the Direct-Action Statute], [that statutory right] is in derogation of the common law and must be strictly construed."); *Jackson v. Sluder*, 256 Ga. App. 812, 814 (2002) ("[A] motor carrier and its insurer are not considered joint tortfeasors or joint obligors.").

## **TWENTY-FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims for punitive damages should be dismissed. Zurich specifically incorporates by reference any and all standards of limitations regarding the determination and/or enforceability of punitive damage awards that arose in the decisions of *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996); *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001); and *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003).

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

With respect to Plaintiffs' claims for punitive damages, Zurich affirmatively pleads the following in regard to punitive damages:

(a)    An award of punitive damages in this civil action would amount to a deprivation of property without due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution and the corresponding provisions of the Georgia Constitution;

(b)    An award of punitive damages in this civil action would violate the due process provisions of the Fifth and Fourteenth Amendments to the United States Constitution and the corresponding provisions of the Georgia Constitution;

(c)    The criteria used for determining whether and in what amount punitive damages may be awarded are impermissible, vague, imprecise, and inconsistent and, therefore, violate the due process provisions of the Fifth and Fourteenth Amendments to the United States Constitution and the corresponding provisions of the Georgia Constitution;

(d)    An award of punitive damages in this civil action would amount to an excessive fine in violation of the Eighth Amendment to the United States Constitution and the corresponding provisions of the Georgia

Constitution; and

(e)     Plaintiff's claim for punitive damages is barred by the "double jeopardy" clause of the Fifth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment.

## **TWENTY-SIXTH AFFIRMATIVE DEFENSE**

Zurich expressly reserves the right to assert any and all affirmative defense(s) and matter(s) in avoidance as may be disclosed during the course of additional investigation and discovery. Zurich specifically reserves the right to amend this Answer to assert any such defenses.

Subject to and without waiving the above-defenses, Zurich responds to the individually numbered paragraphs of Plaintiffs' Complaint as follows:

## **PARTIES, JURISDICTION, AND VENUE**

1.

Upon information and belief, Zurich admits that Plaintiffs are residents and domiciliaries of the State of Georgia.

2.

Denied as pled. Zurich's name is properly stated as "Zurich American Insurance Company." Further, Zurich is a corporation organized under the laws of the State of New York, with its principal place of business in the State of Illinois. Thus, Zurich is not now a citizen of the State of Georgia, and it was not a citizen of the State of Georgia at the time of the commencement of this Action. Zurich, however, admits that it is subject to the jurisdiction of this Court, and that venue is proper in this Court. Zurich further admits that it was properly served in this Action.

3.

Zurich responds to Paragraph 3 of the Complaint by stating that it is without sufficient information or belief to either admit or deny the allegations therein, and therefore such Paragraph is expressly denied. However, upon information and belief, Defendant Dimensionall Transportation LLC ("Dimensionall") is a foreign limited liability company organized and existing under the laws of the State of Michigan, with its principal place of business in the State of Michigan. Defendant Dimensionall's sole member and manager is Robert Perkins. Robert Perkins is currently a resident and domiciliary of the State of Michigan, and Robert Perkins was a resident and domicilliary of the State of Michigan on the date that the complaint was filed in this Action. Further, at all relevant times, Robert Perkins has had the intention to remain and live in the State of Michigan as a resident and

domicilliary of the same.   Thus, upon information and belief, Defendant
Dimensionall is a citizen of the State of Michigan.

4.

Zurich responds to Paragraph 4 of the Complaint by stating that it is without
sufficient information or belief to either admit or deny the allegations therein, and
therefore such Paragraph is expressly denied. However, upon information and belief,
Defendant Todd Daniels is currently a resident and domiciliary of the State of
Kentucky, and Todd Daniels was a resident and domicilliary of the State of
Kentucky on the date that the complaint was filed in this Action. Further, at all
relevant times, Todd Daniels has had the intention to remain and live in the State of
Kentucky as a resident and domicilliary of the same.   Thus, upon information and
belief, Defendant Todd Daniels is a citizen of the State of Kentucky.

5.

Zurich responds to Paragraph 5 of the Complaint by stating that it is without
sufficient information or belief to either admit or deny the allegations therein, and
therefore such Paragraph is expressly denied. However, Zurich further shows that
the citizenship of any alleged "John Doe," "ABC Corp.," or "XYZ Corp." shall not,
and does not, affect the diversity jurisdiction analysis of this Court. *See*, *e.g.*, 28
U.S.C. § 1441(b) ("In determining whether a civil action is removable on the basis

of [diversity] jurisdiction . . . , the citizenship of defendants sued under fictitious names shall be disregarded.").

6.

Zurich responds to Paragraph 6 of the Complaint by stating that it is without sufficient information or belief to either admit or deny the allegations therein, and therefore such Paragraph is expressly denied. However, Zurich further shows that the citizenship of any alleged "John Doe," "ABC Corp.," or "XYZ Corp." shall not, and does not, affect the diversity jurisdiction analysis of this Court. *See*, *e.g.*, 28 U.S.C. § 1441(b) ("In determining whether a civil action is removable on the basis of [diversity] jurisdiction . . . , the citizenship of defendants sued under fictitious names shall be disregarded.").

7.

Admitted.

**<u>ALLEGATIONS</u>**

8.

Zurich responds to Paragraph 8 of the Complaint by stating that it is without sufficient information or belief to either admit or deny the allegations therein, and therefore such Paragraph is expressly denied.

9.

Zurich responds to Paragraph 9 of the Complaint by stating that it is without sufficient information or belief to either admit or deny the allegations therein, and therefore such Paragraph is expressly denied.

10.

Zurich responds that this Paragraph of Plaintiffs' Complaint asserts only legal conclusions to which no response is required. To the extent a response is necessary, Zurich responds to Paragraph 10 of the Complaint by stating that it is without sufficient information or belief to either admit or deny the allegations therein, and therefore such Paragraph is expressly denied.

11.

Zurich responds that this Paragraph of Plaintiffs' Complaint asserts only legal conclusions to which no response is required. To the extent a response is necessary, Zurich responds to Paragraph 11 of the Complaint by stating that it is without sufficient information or belief to either admit or deny the allegations therein, and therefore such Paragraph is expressly denied.

12.

Zurich responds that this Paragraph of Plaintiffs' Complaint asserts only legal conclusions to which no response is required. To the extent a response is necessary,

Zurich responds to Paragraph 12 of the Complaint by stating that it is without sufficient information or belief to either admit or deny the allegations therein, and therefore such Paragraph is expressly denied.

13.

Zurich responds that this Paragraph of Plaintiffs' Complaint asserts only legal conclusions to which no response is required. To the extent a response is necessary, Zurich responds to Paragraph 13 of the Complaint by stating that it is without sufficient information or belief to either admit or deny the allegations therein, and therefore such Paragraph is expressly denied.

14.

Zurich responds that this Paragraph of Plaintiffs' Complaint asserts only legal conclusions to which no response is required. To the extent a response is necessary, Zurich responds to Paragraph 14 of the Complaint by stating that it is without sufficient information or belief to either admit or deny the allegations therein, and therefore such Paragraph is expressly denied.

15.

Zurich responds that this Paragraph of Plaintiffs' Complaint asserts only legal conclusions to which no response is required. To the extent a response is necessary, Zurich responds to Paragraph 15 of the Complaint by stating that it is without

sufficient information or belief to either admit or deny the allegations therein, and therefore such Paragraph is expressly denied.

16.

Zurich responds that this Paragraph of Plaintiffs' Complaint asserts only legal conclusions to which no response is required. To the extent a response is necessary, Zurich responds to Paragraph 16 of the Complaint by stating that it is without sufficient information or belief to either admit or deny the allegations therein, and therefore such Paragraph is expressly denied.

17.

Zurich responds that this Paragraph of Plaintiffs' Complaint asserts only legal conclusions to which no response is required. To the extent a response is necessary, Zurich responds to Paragraph 17 of the Complaint by stating that it is without sufficient information or belief to either admit or deny the allegations therein, and therefore such Paragraph is expressly denied.

18.

Zurich responds that this Paragraph of Plaintiffs' Complaint asserts only legal conclusions to which no response is required. To the extent a response is necessary, Zurich responds to Paragraph 18 of the Complaint by stating that it is without

sufficient information or belief to either admit or deny the allegations therein, and therefore such Paragraph is expressly denied.

19.

Zurich responds that this Paragraph of Plaintiffs' Complaint asserts only legal conclusions to which no response is required. To the extent a response is necessary, Zurich responds to Paragraph 19 of the Complaint by stating that it is without sufficient information or belief to either admit or deny the allegations therein, and therefore such Paragraph is expressly denied.

20.

Zurich responds that this Paragraph of Plaintiffs' Complaint asserts only legal conclusions to which no response is required. To the extent a response is necessary, Zurich admits that Plaintiffs purportedly made it a Defendant in this lawsuit under the direct-action provisions of O.C.G.A. § 40-2-140(d)(4). Zurich further admits that, at the time of the incident that is the subject of this Complaint, it insured "Dimensionall, Inc." pursuant to a business automobile liability insurance policy, policy no. BAP 0187954-05, with an applicable policy period of July 1, 2022 through July 1, 2023. Zurich also admits that coverage under such Policy for Zurich's insured(s) is subject to all of the express terms, conditions, limitations, and exclusions contained in the Policy. However, Zurich expressly denies that it is

properly named in and made a party to this direct-action pursuant to O.C.G.A. § 40-2-140(d)(4). Zurich further expressly denies all liability to Plaintiffs. Zurich further expressly denies that it has any liability to Plaintiffs beyond what is permitted by Georgia's Direct-Action Statute. Zurich also expressly denies all allegations of Paragraph 20 that are not expressly admitted herein.

21.

Zurich responds that this Paragraph of Plaintiffs' Complaint asserts only legal conclusions to which no response is required. To the extent a response is necessary, Zurich admits that Plaintiffs purportedly made it a Defendant in this lawsuit under the direct-action provisions of O.C.G.A. § 40-2-140(d)(4). Zurich further admits that, at the time of the incident that is the subject of this Complaint, it insured "Dimensionall, Inc." pursuant to a business automobile liability insurance policy, policy no. BAP 0187954-05, with an applicable policy period of July 1, 2022 through July 1, 2023. Zurich also admits that coverage under such Policy for Zurich's insured(s) is subject to all of the express terms, conditions, limitations, and exclusions contained in the Policy. However, Zurich expressly denies that it is properly named in and made a party to this direct-action pursuant to O.C.G.A. § 40-2-140(d)(4). Zurich further expressly denies all liability to Plaintiffs. Zurich further expressly denies that it has any liability to Plaintiffs beyond what is permitted by

Georgia's Direct-Action Statute. Zurich also expressly denies all allegations of Paragraph 21 that are not expressly admitted herein.

22.

Zurich responds that this Paragraph of Plaintiffs' Complaint asserts only legal conclusions to which no response is required. To the extent a response is necessary, Zurich admits that Plaintiffs purportedly made it a Defendant in this lawsuit under the direct-action provisions of O.C.G.A. § 40-2-140(d)(4). Zurich further admits that, at the time of the incident that is the subject of this Complaint, it insured "Dimensionall, Inc." pursuant to a business automobile liability insurance policy, policy no. BAP 0187954-05, with an applicable policy period of July 1, 2022 through July 1, 2023. Zurich also admits that coverage under such Policy for Zurich's insured(s) is subject to all of the express terms, conditions, limitations, and exclusions contained in the Policy. However, Zurich expressly denies that it is properly named in and made a party to this direct-action pursuant to O.C.G.A. § 40-2-140(d)(4). Zurich further expressly denies all liability to Plaintiffs. Zurich further expressly denies that it has any liability to Plaintiffs beyond what is permitted by Georgia's Direct-Action Statute. Zurich also expressly denies all allegations of Paragraph 22 that are not expressly admitted herein.

23.

Zurich responds that this Paragraph of Plaintiffs' Complaint asserts only legal conclusions to which no response is required. To the extent a response is necessary, Zurich admits that Plaintiffs purportedly made it a Defendant in this lawsuit under the direct-action provisions of O.C.G.A. § 40-2-140(d)(4). Zurich further admits that, at the time of the incident that is the subject of this Complaint, it insured "Dimensionall, Inc." pursuant to a business automobile liability insurance policy, policy no. BAP 0187954-05, with an applicable policy period of July 1, 2022 through July 1, 2023. Zurich also admits that coverage under such Policy for Zurich's insured(s) is subject to all of the express terms, conditions, limitations, and exclusions contained in the Policy. However, Zurich expressly denies that it is properly named in and made a party to this direct-action pursuant to O.C.G.A. § 40-2-140(d)(4). Zurich further expressly denies all liability to Plaintiffs. Zurich further expressly denies that it has any liability to Plaintiffs beyond what is permitted by Georgia's Direct-Action Statute. Zurich also expressly denies all allegations of Paragraph 23 that are not expressly admitted herein.

24.

Zurich responds that this Paragraph of Plaintiffs' Complaint asserts only legal conclusions to which no response is required. To the extent a response is necessary,

Zurich admits that Plaintiffs purportedly made it a Defendant in this lawsuit under the direct-action provisions of O.C.G.A. § 40-2-140(d)(4). Zurich further admits that, at the time of the incident that is the subject of this Complaint, it insured "Dimensionall, Inc." pursuant to a business automobile liability insurance policy, policy no. BAP 0187954-05, with an applicable policy period of July 1, 2022 through July 1, 2023. Zurich also admits that coverage under such Policy for Zurich's insured(s) is subject to all of the express terms, conditions, limitations, and exclusions contained in the Policy. However, Zurich expressly denies that it is properly named in and made a party to this direct-action pursuant to O.C.G.A. § 40-2-140(d)(4). Zurich further expressly denies all liability to Plaintiffs. Zurich further expressly denies that it has any liability to Plaintiffs beyond what is permitted by Georgia's Direct-Action Statute. Zurich also expressly denies all allegations of Paragraph 24 that are not expressly admitted herein.

## **JOINT AND SEVERAL LIABILITY**

### 25.

Zurich responds that this Paragraph of Plaintiffs' Complaint asserts only legal conclusions to which no response is required. To the extent a response is necessary, Zurich admits that Plaintiffs purportedly made it a Defendant in this lawsuit under the direct-action provisions of O.C.G.A. § 40-2-140(d)(4). However, to the extent

that this Paragraph implies that Zurich is jointly and severally liable for Plaintiffs'
alleged damages, such allegation is expressly denied. *See*, *e.g.*, *Jackson v. Sluder*,
256 Ga. App. 812, 814 (2002) ("[A] motor carrier and its insurer are not considered
joint tortfeasors or joint obligors."). Zurich further expressly denies that it is properly
named in and made a party to this direct-action pursuant to O.C.G.A. § 40-2-
140(d)(4). Zurich also expressly denies all liability to Plaintiffs. Zurich further
expressly denies that it has any liability to Plaintiffs beyond what is permitted by
Georgia's Direct-Action Statute. Zurich otherwise responds to Paragraph 25 of the
Complaint by stating that it is without sufficient information or belief to either admit
or deny the allegations therein, and therefore such Paragraph is expressly denied.

## DAMAGES

### 26.

Zurich responds that this Paragraph of Plaintiffs' Complaint asserts only legal
conclusions to which no response is required. To the extent a response is necessary,
Zurich admits that Plaintiffs purportedly made it a Defendant in this lawsuit under
the direct-action provisions of O.C.G.A. § 40-2-140(d)(4). Zurich further admits
that, at the time of the incident that is the subject of this Complaint, it insured
"Dimensionall, Inc." pursuant to a business automobile liability insurance policy,
policy no. BAP 0187954-05, with an applicable policy period of July 1, 2022

through July 1, 2023. Zurich also admits that coverage under such Policy for Zurich's insured(s) is subject to all of the express terms, conditions, limitations, and exclusions contained in the Policy. However, to the extent that this Paragraph implies that Zurich is jointly and severally liable for Plaintiffs' alleged damages, such allegation is expressly denied. *See*, *e.g.*, *Jackson v. Sluder*, 256 Ga. App. 812, 814 (2002) ("[A] motor carrier and its insurer are not considered joint tortfeasors or joint obligors."). Zurich further expressly denies that it is properly named in and made a party to this direct-action pursuant to O.C.G.A. § 40-2-140(d)(4). Zurich also expressly denies all liability to Plaintiffs. Zurich further expressly denies that it has any liability to Plaintiffs beyond what is permitted by Georgia's Direct-Action Statute. Zurich otherwise responds to Paragraph 26 of the Complaint by stating that it is without sufficient information or belief to either admit or deny the allegations therein, and therefore such Paragraph is expressly denied.

27.

Zurich responds that this Paragraph of Plaintiffs' Complaint asserts only legal conclusions to which no response is required. To the extent a response is necessary, Zurich admits that Plaintiffs purportedly made it a Defendant in this lawsuit under the direct-action provisions of O.C.G.A. § 40-2-140(d)(4). Zurich further admits that, at the time of the incident that is the subject of this Complaint, it insured

"Dimensionall, Inc." pursuant to a business automobile liability insurance policy, policy no. BAP 0187954-05, with an applicable policy period of July 1, 2022 through July 1, 2023. Zurich also admits that coverage under such Policy for Zurich's insured(s) is subject to all of the express terms, conditions, limitations, and exclusions contained in the Policy. However, to the extent that this Paragraph implies that Zurich is jointly and severally liable for Plaintiffs' alleged damages, such allegation is expressly denied. *See*, *e.g.*, *Jackson v. Sluder*, 256 Ga. App. 812, 814 (2002) ("[A] motor carrier and its insurer are not considered joint tortfeasors or joint obligors."). Zurich further expressly denies that it is properly named in and made a party to this direct-action pursuant to O.C.G.A. § 40-2-140(d)(4). Zurich also expressly denies all liability to Plaintiffs. Zurich further expressly denies that it has any liability to Plaintiffs beyond what is permitted by Georgia's Direct-Action Statute. Zurich otherwise responds to Paragraph 27 of the Complaint by stating that it is without sufficient information or belief to either admit or deny the allegations therein, and therefore such Paragraph is expressly denied.

28.

Zurich responds to Paragraph 28 of the Complaint by stating that it is without sufficient information or belief to either admit or deny the allegations therein, and therefore such Paragraph is expressly denied.

29.

Zurich responds to Paragraph 29 of the Complaint by stating that it is without sufficient information or belief to either admit or deny the allegations therein, and therefore such Paragraph is expressly denied.

30.

Zurich responds that this Paragraph of Plaintiffs' Complaint asserts only legal conclusions to which no response is required. To the extent a response is necessary, Zurich admits that Plaintiffs purportedly made it a Defendant in this lawsuit under the direct-action provisions of O.C.G.A. § 40-2-140(d)(4). Zurich further admits that, at the time of the incident that is the subject of this Complaint, it insured "Dimensionall, Inc." pursuant to a business automobile liability insurance policy, policy no. BAP 0187954-05, with an applicable policy period of July 1, 2022 through July 1, 2023. Zurich also admits that coverage under such Policy for Zurich's insured(s) is subject to all of the express terms, conditions, limitations, and exclusions contained in the Policy. However, to the extent that this Paragraph implies that Zurich is jointly and severally liable for Plaintiffs' alleged damages, such allegation is expressly denied. *See*, *e.g.*, *Jackson v. Sluder*, 256 Ga. App. 812, 814 (2002) ("[A] motor carrier and its insurer are not considered joint tortfeasors or joint obligors."). Zurich further expressly denies that it is properly named in and

made a party to this direct-action pursuant to O.C.G.A. § 40-2-140(d)(4). Zurich also expressly denies all liability to Plaintiffs. Zurich further expressly denies that it has any liability to Plaintiffs beyond what is permitted by Georgia's Direct-Action Statute. Zurich otherwise responds to Paragraph 30 of the Complaint by stating that it is without sufficient information or belief to either admit or deny the allegations therein, and therefore such Paragraph is expressly denied.

31.

Zurich responds that this Paragraph of Plaintiffs' Complaint asserts only legal conclusions to which no response is required. To the extent a response is necessary, Zurich admits that Plaintiffs purportedly made it a Defendant in this lawsuit under the direct-action provisions of O.C.G.A. § 40-2-140(d)(4). Zurich further admits that, at the time of the incident that is the subject of this Complaint, it insured "Dimensionall, Inc." pursuant to a business automobile liability insurance policy, policy no. BAP 0187954-05, with an applicable policy period of July 1, 2022 through July 1, 2023. Zurich also admits that coverage under such Policy for Zurich's insured(s) is subject to all of the express terms, conditions, limitations, and exclusions contained in the Policy. However, to the extent that this Paragraph implies that Zurich is jointly and severally liable for Plaintiffs' alleged damages, including bad faith and other liability for attorney's fees, expenses, and costs, such

allegation is expressly denied. *See*, *e.g.*, *Jackson v. Sluder*, 256 Ga. App. 812, 814 (2002) ("[A] motor carrier and its insurer are not considered joint tortfeasors or joint obligors."). Zurich further expressly denies that it is properly named in and made a party to this direct-action pursuant to O.C.G.A. § 40-2-140(d)(4). Zurich also expressly denies all liability to Plaintiffs. Zurich further expressly denies that it has any liability to Plaintiffs beyond what is permitted by Georgia's Direct-Action Statute. Zurich further denies that, in the context of this litigation, that an O.C.G.A. § 13-6-11 derivative claim may be asserted against it. Zurich otherwise responds to Paragraph 31 of the Complaint by stating that it is without sufficient information or belief to either admit or deny the allegations therein, and therefore such Paragraph is expressly denied.

32.

Zurich expressly denies that Plaintiffs are entitled to any of the relief set forth in and/or prayed for in the "WHEREFORE" portion of the Complaint.

33.

Zurich expressly denies each and every remaining allegation of Plaintiffs' Complaint not specifically and expressly admitted herein.

**WHEREFORE**, having answered the Complaint fully, Zurich respectfully requests that the following be granted:

(a) Plaintiffs' Complaint be dismissed with prejudice;

(b) In the alternative, final judgment be entered in favor of Zurich and against Plaintiffs;

(c) Zurich be awarded its reasonable attorneys' fees and costs incurred in asserting and/or protecting its rights through this action; and

(d) Zurich be awarded such other and further relief as this Court deems just and proper.

Respectfully submitted this <u>13th</u> day of March, 2023.

> **SWIFT, CURRIE, McGHEE & HIERS, LLP**
>
> <u>*/s/ M. Brandon Howard*</u>
> Stephen M. Schatz
> Georgia Bar No. 628840
> M. Brandon Howard
> Georgia Bar No. 550524
> ***Attorneys for Zurich American Insurance Company (improperly named as American Zurich Insurance Company)***

1420 Peachtree St., N.E., Suite 800
Atlanta, GA 30309
Tel: (404) 874-8800
Fax: (404) 888-6199
steve.schatz@swiftcurrie.com
brandon.howard@swiftcurrie.com

## <u>LOCAL RULE 5.1C CERTIFICATION</u>

By signature below, counsel certifies that the foregoing pleading was prepared in Times New Roman, 14-point font in compliance with Local Rule 5.1C.

Respectfully submitted this <u>13th</u> day of March, 2023.

**SWIFT, CURRIE, McGHEE & HIERS, LLP**

<u>*/s/ M. Brandon Howard*   </u>
Stephen M. Schatz
Georgia Bar No. 628840
M. Brandon Howard
Georgia Bar No. 550524
***Attorneys for Zurich American Insurance Company (improperly named as American Zurich Insurance Company)***

1420 Peachtree St., N.E., Suite 800
Atlanta, GA 30309
Tel: (404) 874-8800
Fax: (404) 888-6199
steve.schatz@swiftcurrie.com
brandon.howard@swiftcurrie.com

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that this day I have electronically filed *ZURICH AMERICAN INSURANCE COMPANY'S ANSWER* with the Clerk of Court by e-filing same using the CM/ECF System, which will automatically send e-mail notification of said filing to the following attorneys of record:

Robert L. Poston, Esq.
The Angell Law Firm, LLC
3391 Peachtree Road, NE
Suite 110
Atlanta, Georgia 30326
*ecf@atlantalawyer.com*
*Attorney for Plaintiffs*

Respectfully submitted this <u>13th</u> day of March, 2023.

**SWIFT, CURRIE, McGHEE & HIERS, LLP**

*/s/ M. Brandon Howard*
Stephen M. Schatz
Georgia Bar No. 628840
M. Brandon Howard
Georgia Bar No. 550524
*Attorneys for Zurich American Insurance Company (improperly named as American Zurich Insurance Company)*

1420 Peachtree St., N.E., Suite 800
Atlanta, GA 30309
Tel: (404) 874-8800
Fax: (404) 888-6199
steve.schatz@swiftcurrie.com
brandon.howard@swiftcurrie.com