IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KENNEDI FLEMING,<br><br>   Plaintiff,<br><br>v.<br><br>JEDI, INC. D/B/A NAN THAI FINE DINING<br><br>   Defendants. | Civil Action No.<br><br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR DAMAGES**

COMES NOW, Plaintiff Kennedi Fleming ("Plaintiff" or "Ms. Fleming"), by and through their undersigned counsel, and files this, their Complaint for Damages, and shows the Court as follows:

**NATURE OF COMPLAINT**

1.

Ms. Fleming brings this action for damages, and reasonable attorney fees against Defendant Jedi, Inc., doing business as Nan Thai Fine Dining ("Defendant") for violations of her rights under Title VII of the Civil Rights Act of 1964, as amended ("Title VII") and 42 U.S.C. § 1981 ("§ 1981").

1

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

3.

The unlawful employment practices and tortious actions alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391, venue is appropriate in this Court.

## ADMINISTRATIVE PROCEDURES

4.

Ms. Fleming has fulfilled all conditions necessary to proceed with her claims under Title VII.

5.

Ms. Fleming filed her Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on January 6. 2023.

6.

Upon Plaintiff's request, the EEOC issued its Notice of Right to Sue on January 31, 2023.

7.

Ms. Fleming timely files this action within ninety (90) days of receipt of the Notice of Right to Sue from the EEOC.

## PARTIES

8.

Ms. Fleming is a Female citizen of the United States of America and is subject to the jurisdiction of this Court.

9.

At all times relevant, Defendant was qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

10.

During all times relevant hereto, Defendant has employed fifteen (15) or more employees for the requisite duration under Title VII. Defendant is therefore covered under Title VII in accordance with 42 U.S.C. § 2000e(b).

11.

Defendant may be served with process by delivering a copy of the summons and complaint to its Registered Agent, Nantha Niyomkul, located at 1350 Spring Street. Atlanta, GA, 30309.

## FACTUAL ALLEGATIONS

12.

Ms. Fleming began working at Defendant in or around June 2022.

13.

Ms. Fleming was employed as a server.

14.

Ms. Fleming is African American.

15.

During Plaintiff's employment with Defendant, all of Ms. Fleming's coworkers were Asian, until one white server was hired.

16.

On August 1, 2022, Defendant's owner, Nantha Niyomkul, told Ms. Fleming that she would be the first and the last African American to work for Defendant.

17.

In September 2022, Ms. Fleming went on vacation.

18.

When Ms. Fleming returned from vacation, she was only scheduled to work on Sundays.

19.

On or about September 30, 2022, Ms. Fleming asked Niyomkul why she was only being scheduled on Sundays.

20.

Niyomkul told her that there was no room for her on the schedule.

21.

However, three to four people had been hired after Ms. Fleming was hired.

22.

Niyomkul then told Plaintiff that she was being scheduled to work Sundays because that was when black people came to the restaurant.

23.

Other servers told Ms. Fleming that Niyomkul told them if they (the servers) gave Ms. Fleming their shifts, they would be terminated.

24.

A server named Risa told Ms. Fleming this.

25.

A server named Mona told Ms. Fleming this.

26.

A server named Kevin told Ms. Fleming this.

27.

A server named Justin told Ms. Fleming this.

28.

A server named Jeyonne told Ms. Fleming this.

29.

After September 10, 2022, Ms. Fleming continued to only be scheduled on Sundays.

30.

Management also barred Ms. Fleming from participating in tip pooling with the other employees.

31.

Ms. Fleming was also always the first person to be cut when business was slow.

32.

On November 7, 2022, Ms. Fleming was constructively discharged from Defendant, given Defendant's refusal to provide Plaintiff work hours because of her race/skin color.

33.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse actions, this reason is a pre-text. Ms. Fleming was treated less favorably in the terms or conditions of employment than others outside of her protected class, i.e., non-African-Americans.  Plaintiff has suffered damages, including lost wages and emotional distress, due to Defendant's unlawful actions.

## **COUNT I: RACE DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**

34.

Plaintiff re-alleges paragraphs 12-33 as if set forth fully herein.

35.

Defendant only scheduled Plaintiff for shifts on Sundays because she is African-American.  As a result, Plaintiff's was denied compensation provided to other non-black/African-American workers.

36.

Defendant's actions in subjecting Ms. Fleming to different terms and conditions of employment constitutes unlawful discrimination on the basis of her race in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq.

37.

Defendant has willfully and wantonly disregarded Ms. Fleming's rights, and their discrimination against Ms. Fleming was undertaken in bad faith. Plaintiff is therefore entitled to punitive damages.

38.

The effect of the conduct complained of herein has been to deprive Ms. Fleming of equal employment opportunity and has otherwise adversely affected her status as an employee because of her race.

39.

As a direct and proximate result of Defendant's violation of Title VII, Ms. Fleming has been made the victim of acts that have adversely affected her economic, psychological, and physical well-being.

40.

Accordingly, Defendant is liable for the damages Ms. Fleming has sustained as a result of Defendant's unlawful discrimination.

## COUNT I: RACE DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 - CONSTRUCTIVE DISCHARGE

41.

Plaintiff re-alleges paragraphs 12-33 as if set forth fully herein.

42.

Defendant only scheduled Plaintiff for shifts on Sundays because she is African-American. As a result, Plaintiff's was denied compensation provided to other non-black/African-American workers.

43.

Defendant's actions in subjecting Ms. Fleming to different terms and conditions of employment constitutes unlawful discrimination on the basis of her race in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq.

44.

Defendant has willfully and wantonly disregarded Ms. Fleming's rights, and their discrimination against Ms. Fleming was undertaken in bad faith. Plaintiff is therefore entitled to punitive damages.

45.

The effect of the conduct complained of herein has been to deprive Ms. Fleming of equal employment opportunity and has otherwise adversely affected her status as an employee because of her race.

46.

As a direct and proximate result of Defendant' violation of Title VII, Ms. Fleming has been made the victim of acts that have adversely affected her economic, psychological, and physical well-being.

47.

Plaintiff was disrciminated against, on the basis of race, to the point where a reasonable person in her position would have felt compelled to resign. Plaintiff resigned because of the racist conduct to which she was subjected.

## COUNT III: RACE DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 1981

48.

Plaintiff re-alleges paragraphs 12-33 as if set forth fully herein.

49.

Defendant only scheduled Plaintiff for shifts on Sundays because she is African-American.  As a result, Plaintiff's was denied compensation provided to other non-black/African-American workers.

50.

Defendant's actions in subjecting Ms. Fleming to different terms and conditions of employment constitutes unlawful discrimination on the basis of her

race in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq.

51.

Defendant has willfully and wantonly disregarded Ms. Fleming's rights, and its discrimination against Ms. Fleming was undertaken in bad faith. Plaintiff is therefore entitled to punitive damages.

52.

The effect of the conduct complained of herein has been to deprive Ms. Fleming of equal employment opportunity and has otherwise adversely affected her status as an employee because of her race.

53.

As a direct and proximate result of Defendant' violation of Title VII, Ms. Fleming has been made the victim of acts that have adversely affected her economic, psychological, and physical well-being.

54.

Accordingly, Defendant are liable for the damages Ms. Fleming has sustained as a result of Defendant's unlawful discrimination.

55.

Plaintiff is African American. Plaintiff had an employment agreement with Defendant within the meaning of 42 U.S.C. § 1981, under which, *inter alia*, Plaintiff worked for Defendant, and Defendant compensated Plaintiff for work.

56.

Plaintiff performed her contractual obligations.

57.

Defendant violated Plaintiff's rights under 42 U.S.C. § 1981.

## **COUNT IV: RACE DISCRIMINATION IN VIOLATION OF**

## **42 U.S.C. § 1981 - CONSTRUCTIVE DISCHARGE**

58.

Plaintiff re-alleges paragraphs 12-33 as if set forth fully herein.

59.

Defendant only scheduled Plaintiff for shifts on Sundays because she is African-American. As a result, Plaintiff's was denied compensation provided to other non-black/African-American workers.

60.

Defendant's actions in subjecting Ms. Fleming to different terms and conditions of employment constitutes unlawful discrimination on the basis of her

race in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq.

61.

Defendant has willfully and wantonly disregarded Ms. Fleming's rights, and its discrimination against Ms. Fleming was undertaken in bad faith. Plaintiff is therefore entitled to punitive damages.

62.

The effect of the conduct complained of herein has been to deprive Ms. Fleming of equal employment opportunity and has otherwise adversely affected her status as an employee because of her race.

63.

As a direct and proximate result of Defendant's violation of Title VII, Ms. Fleming has been made the victim of acts that have adversely affected her economic, psychological, and physical well-being.

64.

Plaintiff was disrciminated against, on the basis of race, to the point where a reasonable person in her position would have felt compelled to resign. Plaintiff resigned because of the racist conduct to which she was subjected.

65.

Plaintiff is African American. Plaintiff had an employment agreement with Defendant within the meaning of 42 U.S.C. § 1981, under which, *inter alia*, Plaintiff worked for Defendant, and Defendant compensated Plaintiff for work.

66.

Plaintiff performed her contractual obligations.

67.

Defendant violated Plaintiff's rights under 42 U.S.C. § 1981.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)   Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)   Grant Plaintiff damages for emotional distress, punitive damages, along with lost wages and benefits and prejudgment interest theron;

(C)   Grant declaratory judgment declaring that Plaintiff's rights have been violated;

(D)   Grant Plaintiff reasonable attorneys' fees and expenses of litigation;

(E)   Grant injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(F)   Award Plaintiff's such further and additional relief as may be just and appropriate.

This 13th day of March, 2023.

                              **BARRETT & FARAHANY**

                              /s/ V. Severin Roberts
                              V. Severin Roberts
                              Georgia Bar No. 940504
                              Attorney for Plaintiff

P.O. Box 530092
Atlanta, GA 30353
(404) 214-0120
(404) 214-0125 facsimile
severin@justiceatwork.com