# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ALEXIA ANDREA FALLEN, | Civil Action File No._____ |
| Plaintiff, | |
| v. | **COMPLAINT** |
| UNITED STATES OF AMERICA, | **JURY TRIAL DEMAND** |
| Defendant. | |

## COMPLAINT

Plaintiff, Alexia Andrea Fallen ("Plaintiff"), by and through counsel, files this Complaint against the United States of America alleging as follows:

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Alexia Fallen is a natural person residing in Georgia. Plaintiff is the daughter of Russell Fallen ("Decedent"), who passed away on December 20, 2017.

2. Decedent was an employee of the United States Postal Service ("USPS") and, as such, he was covered under a life insurance policy issued pursuant to the Federal Employees Group Life Insurance ("FEGLI") program, a

benefit available to most federal employees and their family members pursuant to the Federal Employees Group Life Insurance Act ("FEGLIA"), 5 U.S.C. §§ 8701 et seq.

3. USPS is an independent agency of the United States of America with its principal offices located in Washington, D.C.

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1361 and 5 U.S.C. § 8715, because this action arises under the laws of the United States, specifically FEGLIA.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e) because a substantial part of the events or omissions giving rise to the claims asserted in this action occurred in this district and because plaintiff resides here and no real property is involved in this action.

## GENERAL ALLEGATIONS

A. *Decedent's FEGLI Policy*

6. Decedent was an employee of the USPS until mid-2016.

7. In connection with his federal employment, Decedent held a life insurance policy through the FEGLI program (the "Policy").

8. Decedent designated Plaintiff as the sole beneficiary of the FEGLI Policy.

9. On or about June 8, 2016, Decedent, who had become ill, requested paperwork to begin the retirement process.

10. On around the same time, he was informed that his employment benefits (including the coverage under the Policy) would remain in place for 12 months from the date that he transitioned to Leave Without Pay ("LWOP") status.

11. On or about November 28, 2016, Decedent changed his employment status to LWOP status.

12. At that time, the USPS's Shared Human Resources Center ("SHRC") mailed forms to Decedent for him to complete regarding his employment status. Decedent did not, however, complete the forms at that time.

13. On or about October 10, 2017, well within 12 months of the date Decedent transitioned to LWOP status, SHRC mailed documents to Decedent asserting, among other things, that his Policy had been terminated as of September 16, 2017.

14. Consistent with federal regulations, the materials transmitted to Decedent included an application to convert the Policy to an individual direct-pay policy and stated that Decedent could effectuate such conversion by either (a) requesting such conversion within 31 days of receipt of the October 10, 2017 materials or (b) upon failing to make such request, submitting a request for

conversion within 6 months of September 16, 2017 accompanied by an explanation of why the request had not been made previously.

15.     On or about October 31, 2017, Decedent – by then in failing health – and Plaintiff called SHRC to ask about reinstatement of the FEGLI coverage and/or conversion to an individual policy.

16.     Shortly thereafter, on November 7, 2017, Decedent was admitted to a hospital.  Subsequently, Plaintiff, who had previously assisted Decedent in managing his affairs, began handling all the arrangements with respect to the paperwork required to reinstate Decedent's FEGLI coverage and or convert it to an individual policy.

17.     On or about November 20, 2017, Plaintiff spoke with SHRC representatives, who told her the paperwork related to maintenance of the FEGLI coverage had not been received and that Plaintiff would need to submit a valid power of attorney authorizing her to take steps to reinstate and/or convert Decedent's FEGLI coverage.

18.     On or about December 5, 2017, Plaintiff again contacted SHRC by telephone.  The representative answering the call explained that the Policy could be reinstated once the United States Office of Personnel Management ("OPM") had approved Decedent's disability retirement application.

19. On or about the same day, December 5, 2017, Plaintiff submitted the disability retirement application to SHRC with a power of attorney.

20. A representative subsequently confirmed receipt of the disability retirement application package.

21. Nevertheless, upon information and belief, Defendant failed to properly maintain, turn over, or file the paperwork submitted by Plaintiff on behalf of Decedent.

22. Accordingly, Decedent's Policy was never reinstated or converted.

### B. *Decedent's Death and Subsequent Denial and Obstruction by Defendant*

23. Decedent passed away on December 20, 2017.

24. Pursuant to 5 C.F.R. § 870.603(a)(5), Decedent had six months to convert his FEGLI coverage following termination of the coverage.

25. As previously alleged, Decedent's coverage under the Policy was purportedly (and improperly) terminated on or around September 16, 2017.

26. Nevertheless, even based on that erroneous termination date, Decedent had until approximately March 15, 2018, to apply to convert the FEGLI coverage.

27. Plaintiff, on behalf of Decedent, submitted all the necessary paperwork as directed to effectuate such conversion before the March 2018 deadline.

28. Given the timing of the above-described submissions, Decedent's Policy was, or should have been, deemed in effect at the time of his death.

29. However, upon information and belief Defendant, through its agencies or instrumentalities, failed to maintain, turn over, and/or file Plaintiff's submissions on behalf of Decedent.

30. Accordingly, the Policy was never reinstated or converted.

31. Subsequent to Decedent's passing, Plaintiff submitted a claim for the death benefit owed pursuant to the FEGLI Policy to the Office of Federal Employees Group Life Insurance ("OFEGLI"), which is the office that administers FEGLI claims and pays FEGLI benefits.

32. By letter dated January 15, 2019, OFEGLI informed Plaintiff that USPS had failed to provide a form SF2821 certifying the life insurance coverage for Decedent.

33. Plaintiff then engaged two separate law firms to assist in navigating the FEGLI system and requirements, but to no avail.

34. To date, the government has been unwilling or unable to address why or how it came to be that Decedent's policy was not reinstated or converted notwithstanding the submission of the paperwork necessary to do so.

35. In this manner, the USPS has effectively stonewalled Plaintiff's efforts to recover any benefit under Decedent's Policy and has denied her even the most basic facts concerning Decedent's employment and the receipt of his disability retirement paperwork.

36. Upon information and belief, USPS has done so to conceal and prevent action regarding its failures with respect to Decedent and Plaintiff, as Decedent's beneficiary, under the Policy.

## COUNT I – BREACH OF DUTY UNDER FEGLIA

37. Plaintiff repeats and realleges paragraphs 1 through 36 of this Complaint as if set forth fully herein.

38. Decedent held a Policy issued to him in connection with his service as an employee of the USPS.

39. Plaintiff was named the sole beneficiary of the Policy.

40. By letter dated October 10, 2017, Decedent was notified that the Policy had lapsed, but that he had the option of converting and/or reinstating the Policy.

41. As directed by USPS, Decedent, through Plaintiff, submitted all paperwork necessary to convert and/or reinstate coverage under the Policy.

42. Nevertheless, in violation of its duties under FEGLIA, the United States, through its agencies or instrumentalities, failed to maintain, turn over, and/or file the submitted paperwork.

43. Due to Defendant's failures, Decedent's Policy was neither reinstated nor converted.

44. Decedent died on December 20, 2017.

45. Pursuant to the Policy, Plaintiff would have been entitled to distribution of 100% of all proceeds under the Policy.

46. Due to Defendant's failures, Plaintiff has been denied all benefits under the Policy, including distribution of any proceeds under the Policy and interest due to date thereon, and is entitled to recover said amount as damages.

47. This action has been commenced after the expiration of 60 days from the date Plaintiff's proof of claim was filed with OFEGLI.

## COUNT II – DECLARATORY & EQUITABLE RELIEF

48. Plaintiff repeats and reallege paragraphs 1 through 36 of this Complaint as if set forth fully herein.

49. Decedent held a Policy issued to him in connection with his service as an employee of the USPS.

50. Plaintiff was named the sole beneficiary of the Policy.

51. By letter dated October 10, 2017, Decedent was notified that the Policy had lapsed, but that he had the option of converting and/or reinstating the Policy.

52. As directed by USPS, Decedent, through Plaintiff, submitted all paperwork necessary to convert and/or reinstate coverage under the Policy.

53. Nevertheless, in violation of its duties under FEGLIA, the United States, through its agencies or instrumentalities, failed to maintain, turn over, and/or file the submitted paperwork.

54. Due to Defendant's failures, Decedent's Policy was neither reinstated nor converted.

55. Decedent died on December 20, 2017.

56. Pursuant to the Policy, Plaintiff would have been entitled to distribution of 100% of all proceeds under the Policy.

57. As a result of the foregoing conduct by Defendant, Decedent was deprived of his statutory right to reinstatement and/or conversion of his Policy and Plaintiff was denied the benefits thereunder.

58. Accordingly, Plaintiff is entitled to a declaratory judgment and a grant of a writ of mandatory injunction, pursuant to 5 U.S.C. 702, 703, 704 & 706 (1) & (2) (A – F) and 28 U.S.C. §§ 2201 and 1361, compelling Defendant to (a) accept, maintain, and file any and all necessary documents and papers to effectuate reinstatement and/or conversion of Decedent's Policy; (b) process any and all necessary documents and papers to effectuate reinstatement and/or conversion of the Policy; (c) reinstate and/or effectuate conversion of the Policy; and (d) pay the life insurance benefit payments for the death of Decedent to Plaintiff.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues so triable.

WHEREFORE, Plaintiff respectfully requests judgment:

A. Awarding Plaintiff the full amount of the Policy benefit, plus interest, attorneys' fees and costs;

B. Declaring the Policy reinstated and/or converted and directing injunctive relief pursuant to 5 U.S.C. §§ 702, 703, 704 & 706 and 28 U.S.C. §§ 1361 and 2201, compelling Defendant to (a) accept, maintain, and file any and all necessary documents and papers to effectuate reinstatement and/or conversion of Decedent's Policy;

  (b) process any and all necessary documents and papers to effectuate reinstatement and/or conversion of the Policy; (c) reinstate and/or effectuate conversion of the Policy; and (d) pay the life insurance benefit payments for the death of Decedent to Plaintiff; and

 C. For such other relief as the Court deems just and proper.

Respectfully submitted this 13th day of March 2023,

            **HALL & LAMPROS, LLP**

            */s/ Christopher B. Hall*
            Christopher B. Hall
            Ga. Bar No. 318380
            */s/ Andrew Lampros*
            Andrew Lampros
            Ga. Bar No. 432328
            */s/ Brittany A. Barto*
            Brittany A. Barto
            Ga. Bar No. 501673

            300 Galleria Parkway
            Suite 300
            Atlanta, GA 30339
            (404) 876-8100 telephone
            (404) 876-3477 facsimile
            chall@hallandlampros.com
            alampros@hallandlampros.com
            brittany@hallandlampros.com

            *Attorneys for Plaintiff*

                                         **TRIEF & OLK**

                                         <u>/s/ *Shelly L. Friedland*</u>
                                         Shelly L. Friedland
                                         NY Bar No. 2911345
                                         *Pro hac vice to be filed*

                                         <u>/s/ *Eyal Dror*</u>
                                         Eyal Dror
                                         NY Bar No. 4635900
                                         *Pro hac vice to be filed*

                                         750 Third Avenue, Suite 2902
                                         New York, NY 10017
                                         (212) 486-6060 telephone
                                         (212) 317-2946 facsimile
                                         sfriedland@triefandolk.com
                                         edror@triefandolk.com

                                         *Attorneys for Plaintiff*

In accordance with Local Rule 7.1(D), Plaintiff's counsel certifies that this Complaint was prepared with one of the font and point selections approved by the Court in Local Rule 5.1(C). Specifically, Times New Roman, 14 point.