November 15, 2022

U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
2150 Parklake Drive
Atlanta, GA 30345



U.S. Citizenship and Immigration Services



IOE0918071023

H GLENN FOGLE JR
THE FOGLE LAW FIRM LLC
55 IVAN ALLEN JR BLVD NW STE 830
ATLANTA, GA 30308



A091-942-115

RE: SIMON IYORE GUOBADIA
N-336, Request for a Hearing on a Decision in Naturalization Proceedings (Under Section 336 of the INA).

## DECISION

Dear SIMON GUOBADIA:

On October 24, 2022, you filed a Form N-336, Request for a Hearing on a Decision in Naturalization Proceedings, with U.S. Citizenship and Immigration Services (USCIS). After a thorough review of record, USCIS reaffirms the decision to deny your Form N-400 for the following reason(s).

### Statement of Facts and Analysis Including Ground(s) for Reaffirming Denial

On July 27, 2022, USCIS denied your Form N-400 because you filed Form I-700 (Application for Temporary Resident Status as a Special Agricultural Worker) under a different identity and misrepresented several material facts on the application. It appears that you did not gain your permanent residence lawfully. Additionally, it appears that after your removal on March 4, 1992, you returned to the United States unlawfully on an unknown date and location without permission from the former INS. On October 24, 2022, you filed Form N-336 and on November 14, 2022, you appeared for a hearing to review the denial of your Form N-400. You state that you have overcome the grounds of the denial, because you testified that the matters concerning your character are over 30 years ago and you have no incidents since. You also stated you are a father of 5, you support your community from a philanthropic standpoint, and you are an employer since you own 12 businesses. Additionally, in a brief from your attorney of record (from the Fogle Law Firm LLC), he argued that since you have been admitted several times over the years, into the United States, you have been lawfully admitted to the United States.

After a complete review of the information provided on your Form N-400, Application for Naturalization, the documents submitted in support of your application and request for hearing, and the testimony you provided during your naturalization interview and your N-336 review hearing, USCIS reaffirms the decision to deny your Form N-400. First, you submitted no evidence that you have overcome the grounds on the N-400 denial. It is confirmed that you misrepresented several material facts on the Form I-700 and used a different identity on the Form I-700.

As noted in the N-400 denial, the material misrepresentations on your Form I-700 include, but is not

limited to the following:

- You filed the form I-700 application with a different identity. The different identity you used on this application is Iyore Guobadia born in Benin City, Nigeria on June 14, 1962.
- You claimed you were never married. The evidence shows you were still married to Mary Alice Jackson.
- You incorrectly answered "No" to question 26 that asked whether you had been arrested, convicted, or confined in a prison. Prior to filing the I-700, you had already been arrested on September 1, 1987, in Maryland and convicted in Maryland, on December 7, 1987.
- You incorrectly answered "No" to question 28 that asked whether any INA 212 provisions applied to you. Considering your lengthy criminal record, you were not eligible for temporary residence based on your one fraud and two crimes involving moral turpitude of (CIMT) convictions.
- You gave incorrect information on the I-700 application about your last entry into the United States. At the time of filing of the form I-700, the evidence confirms your last entry into the United States occurred on June 18, 1986, at the Baltimore, Maryland port of entry. However, you falsely claimed on the I-700 application that you last entered the United States on March 5, 1985, at the New York, New York port of entry.

Secondly, your attorney of record's argument is not correct. Although, you may have traveled internationally frequently over the past three decades, and re-entered into the United States, it does not change the fact that material misrepresentations were made when you were attempting to obtain your lawful permanent residence status. Being "admitted" into the United States after returning from an international trip is much different than being admitted for permanent residence. The attorney of record did not submit an appropriate legal basis for this particular argument.

This decision constitutes a final administrative denial of your naturalization application. You may request judicial review of this final determination by filing a petition for review in the United States District Court having jurisdiction over your place of residence. See INA 310(c).

For questions about your application, you can use our many online tools (uscis.gov/tools) including our virtual assistant, Emma. If you are not able to find the information you need online, you can reach out to the USCIS Contact Center by visiting www.uscis.gov/contactcenter.

Sincerely,

Shineka C. Miller
Field Office Director



RECEIVED
NOV 28 REC'D
By _____