IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| WAYNE EMERGENCY GROUP, L.L.C.; FANNIN EMERGENCY GROUP, LLC; SOUTHERN EMERGENCY PHYSICIANS LLP; MONTGOMERY EMERGENCY GROUP, LLC; PEACH EMERGENCY GROUP, LLC; COFFEE EMERGENCY GROUP, LLC; SOUTHERN EMERGENCY GROUP, LLC; WRIGHTSBORO EMERGENCY GROUP LLC; LAVONIA EMERGENCY GROUP, LLC; BALDWIN EMERGENCY GROUP, LLC; EMERGENCY PHYSICIANS OF FORSYTH, PC; BELMONT PHYSICIAN SERVICES, PC; REID EMERGENCY GROUP, PC; HIGHTOWER EMERGENCY GROUP, PC; WALKER LAKE EMERGENCY GROUP, PC; and MADISON EMERGENCY GROUP, PC, <br><br>          Plaintiffs, <br><br>     v. <br><br> HUMANA EMPLOYERS HEALTH PLAN OF GEORGIA, INC. and HUMANA INC. , <br><br>          Defendants. | Civil Action No. |

**NOTICE OF REMOVAL**

To the Clerk of the United States District Court for the Northern District of Georgia:

**PLEASE TAKE NOTICE** that Defendants Humana Employers Health Plan of Georgia, Inc. ("Humana Employers Health Plan") and Humana Inc. (collectively, "Defendants") hereby remove this action from the Superior Court of Gwinnett County, Georgia, to the United States District Court for the Northern District of Georgia, Atlanta Division, being the district and division in which the action is pending. Removal is proper pursuant to 28 U.S.C. §§ 1331, 1367(a), 1441(c), 1442(a)(1), and 1446(b).

## I.   BASES FOR REMOVAL

Defendants assert the following bases for removal: (1) pursuant to 28 U.S.C. § 1441(c) ("Federal Question Jurisdiction Statute") because some of the claims at issue arise under the Employee Retirement Income Security Act ("ERISA"); and (2) pursuant to 28 U.S.C. § 1367(a) because the Court has supplemental jurisdiction over all related state law claims.

## II.   NATURE OF THE ACTION

On Dec. 15, 2022, Plaintiffs filed a civil complaint in the Superior Court of Gwinnett County, Civil Case No. 22-A-10676-7, against Defendants. A copy of the Complaint is attached hereto as Exhibit. A. A copy of the summons, waiver service of summons, and any other state court filing to date in the action, along with a copy

of the online docket for the state court action, are attached hereto as Exhibits B, C, D and E.

The Complaint was filed by sixteen emergency medical group practices that have contracts with physicians, advanced practice nurses and physician assistants to render emergency medicine services in Georgia hospitals. (Compl. ¶¶ 1-16.)

Defendant Humana Employers Health Plan is a Georgia corporation. (Compl. ¶ 17.) It is registered as a health maintenance organization in Georgia.[1] (Decl. Andrea Harvel,¶ 3.) A copy of Declaration of Andrea Harvel is attached hereto as Exhibit F. Defendant Humana Inc. is a Delaware corporation. (Compl. ¶ 18; Decl of Andrea Harvel, ¶ 4.)(*see* Exs. A and F). Humana Inc. does not write commercial health plans in Georgia nor is it registered as health maintenance organization or preferred provider organization in Georgia. (Decl. Andrea Harvel ¶ 4.)(*see* Ex. F). Therefore, Humana Inc. is not properly named in this action.

Plaintiffs have asserted that they do not have a contract with Defendants. (Compl. ¶ 24.) Rather, Plaintiffs allege that their patients assigned their benefits under their health insurance policies issued by Humana Employers Health Plan to

---

[1] This information is publicly available on the website of the Georgia Office of Insurance and Safety Fire Commissioner: Georgia Producer Portal (sircon.com)

Plaintiffs. (Compl. ¶¶ 26, 28). In this action, Plaintiffs seek additional benefits allegedly owed under those policies. (Compl. ¶¶ 27, 29.) Thus, Plaintiffs' claims are dependent upon the applicable patient's health insurance policy.

The Complaint attached a 19-page list of more than 2,000 claim numbers allegedly associated with medical claims submitted to Humana Employers Health Plan from 2017-2022. (Compl., Ex. A.) Humana Employers Health Plan's review of the identified claims revealed that a number of the claims at issue involved services rendered to members enrolled in employer health plans governed by the Employee Retirement Income Security Act ("ERISA").[2] (Decl. Andrea Harvel, ¶¶ 7-9.) (*see* Ex. F). The Court has original jurisdiction over such claims pursuant to ERISA and 28 U.S.C. § 1331, and therefore may exercise removal jurisdiction. To the extent that there are claims at issue that are not governed by ERISA, the Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) because such claims "form part of the same case or controversy under Article III" as the ERISA claims.

---

[2] Defendants identified examples of ERISA claims for purposes of removal. Given the significant number of claims at issue, Defendants have not been able to review all of the claims identified on Exhibit A and expects that there will be more claims at issue governed by ERISA.

Defendants received a request for waiver of service from Plaintiffs on January 13, 2023 and agreed to waive service of the Complaint on February 13, 2023. Plaintiffs filed the signed waiver with the Court on February 15, 2023, and under the Georgia Civil Practice Act this acts as the effective date of service. *See* O.C.G.A. § 9-11-4(d)(6) ("When the plaintiff files a waiver of service with the court, the action shall proceed . . . as if a summons and complaint had been served at the time of filing the waiver[.]"). *See also Huff v. Wilshire Credit Corp.*, No. CV405-129, 2006 WL 8434033, at *2 (S.D. Ga. May 26, 2006) ("Georgia law equates service of process with the filing of a waiver of service that has been executed by a defendant.") Thus, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), having been filed within 30 days of Plaintiffs' filing of the waiver of service.

The venue for this removal action is proper pursuant to 28 U.S.C. § 1441(a) because the jurisdiction of the United States District Court for the Northern District of Georgia, Atlanta Division, includes Gwinnett County, where the Superior Court is seated in which the state court action was filed. Such venue is represented as proper solely for removal purposes.

No Act of Congress prohibits the removal of this case.

Humana Employers Health Plan and Humana Inc. are the only defendants named in the Complaint. Thus, all defendants join in this removal.

Immediately upon the filing of this Notice of Removal, Defendants' counsel will provide written notice to Plaintiffs' counsel of the removal of this case and will file a copy of this Notice of Removal with the Clerk of the Superior Court of Gwinnett County, pursuant to 28 U.S.C. § 1446(d), which will serve the same on the Plaintiffs via the state's e-filing system.

### III. LEGAL ARGUMENT

**A.   Plaintiffs' Action Is Removable Because Plaintiffs' Claims Require Interpretation of Employee Health Plan Documents.**

"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Many of the claims for which Plaintiffs are seeking reimbursement in this action are related to alleged "improper processing of benefit claims under a plan regulated by" ERISA, and thus arise under federal law—even if Plaintiffs only purport to bring state law claims. *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 7-8 (2003) (citing *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987)).

ERISA contains "expansive preemption provisions" designed to ensure that "employee benefit regulation would be exclusively a federal concern." *Aetna Health, Inc. v. Davila*, 542 U.S. 200, 208 (2004) (citation and quotation marks omitted). Complete preemption or "superpreemption" arises from Congress' creation of a comprehensive remedial scheme in 29 U.S.C. § 1132 for denial of employee

-6-

benefits. *Butero v. Royal Maccabees Life Ins. Co.*, 174 F.3d 1207, 1211 (11th Cir. 1999). When Congress comprehensively occupies a field of law, any civil complaint raising this type of claim is necessarily federal in character. *Id.* at 1211-12; *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393 & n.8 (1987) (citing *Taylor*, 481 U.S. at 65 for the proposition that state contract and tort claims are completely preempted by § 502 of ERISA).

The Eleventh Circuit has identified two elements necessary to secure federal jurisdiction under ERISA: (1) "the claimant must have been able to . . . bring his claim under ERISA § 502(a)(1)(B)"; and (2) "there must be 'no other independent legal duty that is implicated by a defendant's actions.'" *Borrero v. United HealthCare of N.Y., Inc.*, 610 F.3d 1296, 1301 (11th Cir. 2010) (quoting *Davila*, 542 U.S. at 210, 124 S. Ct. at 2496) (finding that health care providers' claims were completely preempted and subject to federal jurisdiction).

The first prong is satisfied when (a) a claim falls within the scope of ERISA and (b) plaintiff has standing to sue under ERISA. *Id.* at 1303. With respect to the first element of the first prong, claims fall within the scope of ERISA if they "are substantially dependent upon interpretation of ERISA plans." *Id.* at 1303.

With respect to the second element of this prong, healthcare providers have standing under ERISA "when they derivatively assert rights of their patients as

beneficiaries of an ERISA plan," pursuant to a "written assignment of claims from a patient with standing to sue under ERISA." *Id.* at 1302. When a health care provider indicates that the patient has assigned his or her claims to the provider on the reimbursement forms submitted to a payor, this is sufficient to meet the standing requirement. *Montefiore Med. Ctr. v. Teamsters Local 272*, 642 F.3d 321, 329 (2d Cir. 2011); *S. Fulton Dialysis, LLC v. Caldwell,* 428 F. Supp. 3d 1346, 1352-53 (N.D. Ga. 2019).

The second prong is satisfied if the claim requires "any determination of benefits under the terms of an ERISA plan, even regarding a seeming independent breach of oral **_or implied contract_** based on verification of those benefits." *Gables Ins. Recovery v. United Healthcare Ins. Co.*, 39 F. Supp. 3d 1377, 1388 (S.D. Fla. 2013) (emphasis added); *see also S. Fulton Dialysis, LLC,* 428 F. Supp. 3d 1346, 1354 (finding preemption where claims implicate legal duties dependent on the interpretation of an ERISA plan); *see also Ehlen Floor Covering, Inc. v. Lamb*, 660 F.3d 1283, 1288 (11th Cir. 2011).

Here, the elements are satisfied. First, Plaintiffs are seeking reimbursement for services rendered to members of employer health plans subject to ERISA. The Complaint specifically references "commercial" plans, which is a term in the industry that typically includes employer health plans subject to ERISA. (Compl. ¶¶

23, 37.)  Notably, Plaintiffs excluded several types of health plans (i.e. Medicare, Medicaid and FEHBA), but did not exclude health plans governed by ERISA. (Compl. ¶ 37.) In addition, Plaintiffs identified medical claims at issue that involve employer health plans subject to ERISA. (Decl. Andrea Harvel, ¶¶ 7- 9.)

Plaintiffs allege that Defendants underpaid certain participant claims. (Compl. ¶¶ 29-36.) To determine whether these claims were properly adjudicated, the Court will likely have to interpret the applicable ERISA plan to determine whether the benefits were covered under the plan and whether there was any right to payment (in any amount) under the plan.

In addition, Defendants determined that for some of these ERISA claims, Plaintiffs failed to exhaust the administrative remedies available under the plan. (Decl. Andrea Harvel, ¶ 10.) (*see* Ex. F).  To review this defense, the Court will have to determine whether Plaintiffs exhausted administrative remedies under the applicable plan. (*Id.*)  This, too, requires interpretation of the ERISA plans.

Plaintiffs have standing under ERISA. Plaintiffs allege that they submitted medical claims for reimbursement, and that for each claim they have obtained an "Assignment of Benefits" from the patient. (Compl. at ¶¶ 26-29, 70-71.) (*see* Ex. A). Thus, Plaintiffs have standing to sue under each ERISA plan.  *See Gables Ins. Recovery, Inc. v. Blue Cross & Blue Shield of Fla., Inc.*, 813 F.3d 1333, 1339-40

(11th Cir. 2015) (concluding that "Gables has standing to sue under the ERISA plan as a sub-assignee of the plan participant."); *S. Fulton Dialysis, LLC,* 428 F. Supp. 3d at 1350 (plaintiff alleged that it received an assignment of benefits from patient which patient reaffirmed with each treatment she received); *Borrero v. United Healthcare of New York, Inc.*, 610 F.3d 1296, 1302 (11th Cir. 2010) (providers may have standing if they attempt to "derivatively assert the rights of their patients as beneficiaries of an ERISA plan.").

For the foregoing reasons, this action is properly removed to this Court.

B.   This Court Has Supplemental Jurisdiction Over the Remaining Claims in the Complaint.

Because this Court has jurisdiction under the Federal Question Jurisdiction Statute, it also has supplemental jurisdiction over the remaining state law claims. "[I]n any civil action of which the district courts have original jurisdiction, the district courts **shall have** supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution," absent one of the exceptions that does not apply here.  *See* 28 U.S.C. § 1367(a) (emphasis added).

"In deciding whether a state law claim is part of the same case or controversy as a federal issue, we look to whether the claims arise from the same facts, or involve

-10-

similar occurrences, witnesses or evidence." *Anesthesiology Assocs. of Tallahassee, Fla., P.A. v. Blue Cross Blue Shield of Fla., Inc.*, No. 03-15664, 2005 WL 6717869, at *2 (11th Cir. Mar. 18, 2005) (citing *Hudson v. Delta Air Lines, Inc.*, 90 F.3d 451, 455 (11th Cir.1996).  The Eleventh Circuit found this standard was met when both sets of a physician group's claims were "based on the plan participants' rights to reimbursement" from the health insurer for "medical service expenses performed" by the group. *Anesthesiology Assocs.*, 2005 WL 6717869, at *2.  The Court found "both sets of claims arise from the same facts, and resolution of both sets in a single proceeding would serve the interest of judicial economy, as well as the convenience of and fairness to the parties." *Id.*; *see also Smith v. Wynfield Dev. Co.*, 238 F. App'x 451, 458 (11th Cir. 2007) (affirming with removal decision from the Northern District of Georgia because some of the complaints were completely preempted by ERISA and held that it could exercise supplemental jurisdiction over any state claims).

Here, the Court has supplemental jurisdiction over the state law claims because they arise from the same allegations that Defendants underpaid claims for services rendered by Plaintiffs to members of health plans administered by Humana Employers Health Plan.  Even if the claims have different individual facts, all will involve "similar occurrences"—the alleged underpayment of claims for out-of-

network emergency services—and similar "evidence," such as testimony about Humana Employers Health Plan's claims process, the plan documents and usual, customary and reasonable rates for similar services in the applicable areas. Resolution of all of the claims in one proceeding serves the interest of judicial economy because it prevents inconsistent and duplicative rulings on the same or similar issues and evidence involving the same parties.

## IV.     **CONCLUSION**

WHEREFORE, Defendants file this notice to remove the above-captioned action, now pending in the Superior Court of Gwinnett County, Civil Case No. 22-A-10676-7, from that court to this Court, and requests that this action proceed in this Court as an action properly removed to it.

-13-

DATED:  March 13, 2023                    Respectfully submitted,

SQUIRE PATTON BOGGS (US) LLP

By:  */s/ Petrina A. McDaniel*
     Petrina A. McDaniel
     Georgia Bar No.141301
     Petrina.mcdaniel@squirepb.com
     One Atlantic Center
     1201 W. Peachtree Street, NW
     Suite 3150
     Atlanta, Georgia 30309
     Tel: +1 678 272 3200
     Fax: +1 678 272 3211

     Kimberly J. Donovan
     *(pro hac vice motion forthcoming)*
     Florida Bar No. 16496
     200 South Biscayne Boulevard, Suite 3400
     Miami, Florida 33131
     Tel: +1 305 577 7000
     Fax: +1 305 577 7001
     kimberly.donovan@squirepb.com

     Rachael A. Harris
     *(pro hac vice motion forthcoming)*
     Washington Bar No. 983044
     2550 M Street, NW
     Washington, DC 20037
     Tel: +1 202 457 6000
     Fax: +1 202 457 6315
     rachael.harris@squirepb.com

     *Counsel for Defendant*
     *Humana Health Plan of Georgia, Inc., and Humana Inc.*

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1

I HEREBY CERTIFY, in compliance with Local Rule 5.1(C), that the foregoing pleading has been prepared using 14-point Times New Roman font and requirements regarding margins.

*/s/ Petrina A. McDaniel*
Petrina A. McDaniel

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 13, 2023, I filed electronically the foregoing NOTICE OF REMOVAL with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to all counsel of record that are registered with the Court's CM/ECF system and service by electronic mail to Plaintiff's Counsel.

*/s/ Petrina A. McDaniel*
Petrina A. McDaniel
*Counsel for Defendants*

1095330801\7\AMERICAS