# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DOUGLAS LOPEZ and HEBERT LOPEZ,<br><br>Plaintiffs,<br><br>v.<br><br>ATLANTA IMPORTS, INC. d/b/a SUVIDHA INDO-PAK GROCERIES and MANNY SALUJA a/k/a MANMEET SALUJA, Jointly and Severally<br><br>Defendants. | Case No. _____ |

## COMPLAINT
### (Jury Trial Demanded)

Comes now, Plaintiffs, who upon personal knowledge and belief, allege as follows:

## NATURE OF THE ACTION

1. Defendants own and operate a chain of grocery stores in the metro Atlanta area called Suvidha Indo-Pak Groceries (also called Suvidha International Market). The grocery stores specialize in Indian Cuisine.

2. Defendants' grocery stores provide packaged goods to customers for sale, as

1

well as prepared food items which are cooked in the store's kitchen.

3.  Plaintiffs worked in Defendants' Alpharetta Store as a stock workers.

4.  Plaintiffs received no overtime wages whatsoever during their employment, despite working excess of 40 hours each week.

5.  Plaintiffs brings this action to recover unpaid overtime premium pay, owed to them pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201 et seq, and supporting regulations.

## JURISDICTION AND VENUE

6.   This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337, 1343. In addition, the Court has jurisdiction over Plaintiff claims under the FLSA pursuant to 29 U.S.C. § 216(b).

7.  Venue is proper in this district pursuant to 28 U.S.C. § 1391 a substantial part of the events or omissions giving rise to Plaintiff's claims occurred at Defendants' store located at 670 N. Main Street, Suite 113, Alpharetta, Georgia 30004 (hereinafter, the "Alpharetta Store"). This location is in Fulton County, Georgia, which is in the Northern District of Georgia. Additionally, Defendant Atlanta Imports, Inc. is registered with the Georgia Secretary of State as a Domestic Profit

Corporation, and it lists its principal office address as: 3495 Peachtree Parkway, Suite 105, Suwanee, Georgia 30024, in Gwinnett County, which is in the Northern District of Georgia. Therefore, venue is proper in the Atlanta division of the Northern District of Georgia.

8. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## TOLLING AGREEMENT

9. Plaintiffs and Defendants entered into a tolling agreement prior to the filing of this complaint. The tolling agreement tolled the statute of limitations from January 5, 2023 to March 6, 2023.

## THE PARTIES

**Plaintiffs:**

10. Douglas Lopez, was at all relevant times, an adult individual residing at 5204 Deer Circle Place, Alpharetta, Georgia, which is in Fulton County.

11. Hebert Lopez, was at all relevant times, an adult individual residing at 13085 Murray Road, Alpharetta, Georgia, 30004, which is in Fulton County.

**Defendants:**

12. Atlanta Imports, Inc. is an active Georgia limited liability company. Its principal place of business is: 3495 Peachtree Parkway, Suite 105, Suwanee, Georgia 30024, which is in Gwinnett County.

13. Manny Saluja a/k/a Manmeet Saluja, upon information and belief is an owner, officer, director and/or managing agent of Atlanta Imports, Inc. Mr. Saluja's address is unknown at this time.

14. Mr. Saluja participated in the day-to-day operations of Atlanta Imports, Inc., and acted intentionally and maliciously. The Individual Defendant is considered an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d), and the regulations promulgated under 29 C.F.R. § 791.2, and is jointly and severally liable with Atlanta Imports, Inc.

15. Upon information and belief, Mr. Saluja jointly set the unlawful payroll policies complained of in this complaint for Atlanta Imports, Inc.

16. At all relevant times, Defendants listed in this complaint have been employers of Plaintiff, and/or joint employers within the meaning of the FLSA.

17. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000, within the meaning of 29 U.S.C. § 203(s)(1)(A)(ii).

18. Additionally, upon information and belief, at all relevant times, Defendants have had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, in that they operate a grocery stores specializing in Indian food, and the grocery stores import most of their food from international sources, such as India. Additionally, Suvidha Indo-Pak Groceries has 5 locations total: 3 in Georgia, and 2 in North Carolina. Defendants have engaged in interstate commerce with the North Carolina stores by jointly engaging in advertising, sharing of logos, and using the same website, http://www.suvidhaonline.com/, which is used to mutually promote sales for all 5 locations. Thus, Defendants have engaged in interstate commerce within the meaning of 29 U.S.C. § 203(s)(1)(A)(i).

## STATEMENT OF FACTS

19. At all relevant times, Defendants have been in the grocery store industry, specializing in Indian cuisine, and providing both pre-packaged and prepared foods to their customers.

20. There are five stores bearing the name Suvidha International Market, which are all listed on Defendants' website: http://www.suvidhaonline.com/. The five

stores are located in: Marietta, GA, Suwanee, GA, Alpharetta, GA, Charlotte, NC, and Morrisville, NC. Each store has between 30-60 employees.

21. Defendants own and operate the 3 of the 5 stores listed in the previous paragraph. The three stores owned and operated by Defendants are located in: Marietta, Suwanee, and Alpharetta.

22. Plaintiff Douglas Lopez was employed by Defendants as a stock worker from July 1, 2020 to July 26, 2022.

23. Plaintiff Douglas Lopez was paid $12 per hour.

24. Plaintiff Hebert Lopez was employed by Defendants at a stock worker from April 1, 2021 to October 2, 2022.

25. Plaintiff Hebert Lopez was paid $9.50 per hour.

26. Plaintiffs were assigned to work in the Alpharetta store.

27. As stock workers, Plaintiffs job duties included: stocking shelves, taking inventory of items, opening boxes, and organizing produce for sale in the store.

28. Plaintiffs typically worked 60 hours a week, but at times worked in excess of 65 per week. Plaintiffs usually worked every day, and had one day off per week, but the day that they were off would vary.

29. Plaintiffs' hours of work were typically 10 a.m. to 9 p.m.

30. Throughout Plaintiffs' employment, Defendants maintained a time clock. Plaintiffs were required to clock-in when arriving at work, and clock-out when leaving work.

31. Throughout Plaintiffs' employment, Plaintiffs were paid straight-time for all hours worked, and received no overtime wages whatsoever, despite working in excess of 40 hours each week.

32. Defendants were required by law to pay Plaintiffs time-and-a-half their regular rate for all hours in excess of 40 hours, but purposely chose to not pay them overtime wages.

33. This failure to pay overtime premium wages can only be considered a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

## FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT – UNPAID OVERTIME

34. Plaintiffs, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

35. As a result of Defendants' failure to compensate Plaintiffs, at a rate of not less

than one and one-half times their regular rate of pay for work performed in excess of 40 hours per week, Defendants have violated the FLSA, 29 U.S.C. § 201 *et seq.*, including 29 U.S.C. § 207(a)(1) and 215(a), for which Plaintiffs are entitled to relief pursuant to 29 U.S.C. § 216(b).

36. Defendants' failure to pay overtime wages to these hourly employees constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

37. The failure to pay overtime has caused Plaintiffs to suffer lost wages and interest thereon. Plaintiffs are entitled to recover from Defendants their unpaid overtime compensation, liquidated damages, attorney's fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

Therefore, Plaintiffs respectfully request that this Court grant the following relief:

a. An order tolling the relevant statutes of limitations;

b. An order declaring that Defendants violated the FLSA;

c. An award of unpaid overtime wages due under the FLSA;

d. An award of liquidated damages as a result of Defendants' willful failure to pay

overtime wages

e. An award of prejudgment and post-judgment interest;

f. An award of costs and expenses of this action together with attorney's fees;

g. Such other and further relief and this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: March 13, 2023

        Respectfully submitted,

        **s/ Brandon A. Thomas**
        **BRANDON A. THOMAS**
        **GA BAR NO.: 742344**
        The Law Offices of Brandon A. Thomas, PC
        1 Glenlake Parkway, Suite 650
        Atlanta, GA 30328
        Tel: (678) 862-9344
        Fax: (678) 638-6201
        brandon@overtimeclaimslawyer.com

        **s/ Mitchell D. Benjamin**
        Mitchell D. Benjamin
        GA Bar No. 049888
        Charles R. Bridgers
        GA Bar No. 080791

>DELONG, CALDWELL, BRIDGERS,
>FITZPATRICK, & BENJAMIN, LLC
>101 Marietta St., Suite 2650
>Atlanta, GA 30303
>Tel: (404) 979-3150
>Fax: (404) 979-3170
>benjamin@dcbflegal.com
>charlesbridgers@dcbflegal.com
>
>***Attorneys for Plaintiff***

10