IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

AUDREY STEPHENS,

     Plaintiff,

v.

JACK EDWARD WALL, GUSTAVO
JIMENEZ, INC. DBA SOUTHWEST
FREIGHT LINES, and BERKLEY
PRIME TRANSPORTATION
INSURANCE COMPANY,

     Defendants.

Civil Action File No:

## DEFENDANT GUSTAVO JIMENEZ, INC. DBA SOUTHWEST FREIGHT LINES' NOTICE OF REMOVAL

COMES NOW Defendant, GUSTAVO JIMENEZ, INC. DBA SOUTHWEST FREIGHT LINES ("SWFL"), A named Defendant in the above-styled civil action, and, by and through its undersigned counsel and with the consent and approval of Defendants Jack Edward Wall ("Wall") and Berkley Prime Transportation Insurance Company[1] ("BP"), which consent and approval was given to the undersign counsel (which counsel represents all named

---

[1] Defendant SWFL contends Defendant BP is an improper party to this action as it did not issue the commercial auto policy in effect at the time of the incident that forms the basis of Plaintiff's Complaint and, more specifically, the direct action claim asserted against BP. As stated on the Declarations Page of the subject policy, non-party Berkley Casualty Company issued the relevant policy.

Defendants in this action), petitions this Court for removal of the action herein from the Superior Court of Fulton County to the United States District Court for the Northern District of Georgia, Atlanta Division, respectfully showing this Court as follows:

## I.  THE STATE COURT ACTION

### 1.

On December 2, 2022, Plaintiff Audrey Stephens filed her personal injury Complaint in the Superior Court of Fulton County, Georgia, thereby initiating a civil action styled as follows: *Audrey Stephens v. Jack Edward Wall, Gustavo Jimenez, Inc. dba Southwest Freight Lines,* and *Berkley Prime Transportation Insurance Company*; Civil Action File No. 2022CV373697 (the "State Court action"). (True and correct copies of all process and pleadings obtained by counsel for Defendants in connection with the State Court action are attached hereto and incorporated herein as Exhibit "A"). Defendants SWFL is filing its Answer to Plaintiff's Complaint contemporaneously herewith (along with Defendant BP), within the time permitted under 28 U.S.C. § 1446.

### 2.

Plaintiff's claims asserted against Defendants in this action arise from a motor vehicle collision involving vehicles operated by Plaintiff and a tractor-trailer

operated by Defendant Wall, which collision occurred on December 7, 2020 in Fulton County, Georgia. (*See* Ex. A, Complaint, ¶¶ 7-10).

## II.   SERVICE OF PROCESS ON DEFENDANTS

3.

On February 9, 2023, Defendant SWFL received an email from All American Agents of Process ("All American") acting as its blanket process agent[2] authorized to accept service of process on its behalf in any state that it traverses while operating as an authorized motor carrier. In this email, All American notified SWFL that its Georgia office received a copy of Plaintiff's Summons and Complaint in its capacity as SWFL's blanket agent (which it would mail to SWFL) and attached an email copy of the relevant pleadings. (*See* a true and correct copy of the February 9, 2023 email and the attachments thereto attached hereto and made a part hereof as Exhibit "B"). This email stated, "(*Id.*, p. 1). Defendant SWFL received a certified mail copy of the Summons and Complaint from All American on March 9, 2023. (*See* a true and correct copy of a March 9, 2023 email from SWFL's Director of Safety stating "[w]e just received this civil action summons today via mail" and attached a complete copy of the package received.

---

[2] Per 49 C.F.R. § 366.5, a motor carrier may designate a blank process agent to accept service or process on its behalf in all states it traverses during its operations so long as such company is registered with and approved by the FMCSA as a blanket process agent.

(*See* a true and correct copy of the March 9, 2023 email and the attachments thereto attached hereto and made a part hereof as Exhibit "C").

4.

On February 13, 2023, a Sheriff's Entry of Service was filed in the State Court action, which states that Defendant SWFL was served with Plaintiff's Complaint via All American's Georgia office on February 9, 2023. (*See* Exhibit A, Entry of Service). Thus, Defendant SWFL's answer to Plaintiff's Complaint filed this Monday, March 13, 2023 is timely. *See* O.C.G.A. § 1-3-1(d)(3) ("when a period of time measured in days . . . is prescribed for the exercise of any privilege or the discharge of any duty, the first day shall not be counted but the last day shall be counted; and, if the last day falls on Saturday or Sunday, the party . . . shall have through the following Monday to exercise the privilege or to discharge the duty.").

5.

On February 17, 2023, a Sheriff's Entry of Service was filed in the State Court action purporting to show that Defendant BP was served with Process and a copy of Plaintiff's Complaint via CT Corp., 289 South Culver Street, Lawrenceville, Georgia 30046 on February 10, 2023. (See Ex. A, Entry of Service).

6.

Contrary to the information reflected in the foregoing Entry of Service, Defendant BP does not operate in Georgia and does not maintain any registered agent in the State of Georgia. Such information can easily be obtained via the Georgia Secretary of State's Corporations Division website, which, if searching for Defendant BP's registered agent and corporate information therein, would see a "no results" pop-up. Because Defendant BP has no registered agent in Georgia, there is no possibly way Defendant BP could have been validly served with process as reflected in the February 17th Entry of Service. However, to the extent the foregoing Entry of Service is deemed proper service on Defendant BP (which it is not), Defendant BP's answer to Plaintiff's Complaint filed this Monday, March 13, 2023 is timely. O.C.G.A. § 1-3-1(d)(3)

7.

Defendant Wall has not been served with process at his residence (located in the State of Texas) as of the date of the filing of this Notice of Removal, and no affidavit of service or other document reflecting any such service has been filed in the State Court action.

8.

Because Defendant SWFL, with the consent of Defendants BP and Wall, is filing this Notice of Removal within thirty (30) days of All American being "served" with process as this Defendant's blanket agent and within thirty (30) days of the purported service on BP's non-existent Georgia agent[3], this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b). *Bailey v. Janssen Pharmaceutica, Inc*., 536 F.3d 1202 (11th Cir. 2008).

## III.  DIVERSITY OF THE PARTIES

9.

Plaintiff is an individual domiciled in and a citizen of the State of Georgia and, upon information and belief, resides within the Northern District of Georgia. (*See* Ex. A, Complaint, ¶ 1). 28 U.S.C. § 1332(c)(1).

10.

Defendant Wall is an individual domiciled in and a citizen of the State of Texas. (*See* Ex. A, Complaint, ¶ 2). 28 U.S.C. § 1332(c)(1).

---

[3] As outlined above, Defendants SWFL and BP were required to file their answer or responsive pleading to Plaintiff's Complaint on Saturday, March 11, 2023 and Sunday, March 12, 2023, respectively. However, pursuant to Georgia and Federal procedure, their deadline was extended through Monday, March 13, 2023 per O.C.G.A. § 1-3-1(d)(3) and/or Fed. R. Civ. P. 6(a).

11.

Defendant SWFL is an authorized for-hire interstate motor carrier organized and existing under the laws of the State of Texas, maintains its principal (and only) place of business at 11991 Transpark Road, El Paso, Texas 79927, and can be served with process through Guistavo Jimenez at its principal office in El Paso, Texas. (*See* a true and correct copy of Gustavo Jimenez, Inc.'s 1994 Articles of Incorporation, SWFL's 2014 Assumed Name Certificate, SWFL's most recent Texas Annual Report, and SWLF's FMCSA Safer Company Snapshot collectively attached hereto and made as Exhibit "D"). This Defendant may also be served with process in the State of Georgia through All American's Georgia agent Cody B. Gillies at 5704 Veterans Parkway, Columbus, Georgia 31904 (as outlined above). (*See* a true and correct copy of Defendant SWFL's Licensing and Insurance Public Details publicly available via the FMCSA's Safer database showing All American as its "Blanket Company" and All American's list of process agents by state collectively attached hereto as Exhibit "E").

12.

SWFL's designation of All American as its Georgia blanket process agent authorized to accept process on its behalf (as required by the FMCSA) does not render SWFL a citizen of the State of Georgia for diversity purposes. *See Barnett*

*v. Norfolk & Dedham Mut. Fire Ins. Co.*, 773 F. Supp. 1529, 1531 (N.D. Ga. 1991) ("the mere fact that a corporation is doing business or is licensed to do business in a state does not make it a citizen of that state for purposes of diversity jurisdiction."). Accordingly, because Defendant SWLF is incorporated in and maintains its principal place of business in the State of Texas, SWFL is deemed to be a citizen of the State of Texas. See 28 U.S.C. § 1332(c)(1) (a "corporation shall be deemed to be a citizen of any state by which it has been incorporated and of the state where it has its principal place of business[.]"); *Howell v. QS of Ga., LLC*, 2007 U.S. Dist. LEXIS 105371, *4 (N.D. Ga. 2007).

13.

Contrary to the allegations in Plaintiff's Complaint, BP did not issue the Commercial Lines Policy providing coverage to Defendant SWFL at the time of the collision at issue in this action. Rather, such policy was issued by non-party Berkley Casualty (and not Defendant BP). (*See* a true and correct copy of pertinent portions of the Commercial Lines policy issued by non-party Berkley Casualty through Defendant BP attached hereto as Exhibit "F"). As a result, Defendant BP is an improper party to this action and should be substituted for non-party Berkley Casualty.

14.

Defendant BP is a Florida entity that maintains its principal office at 5011 Gate Parkway, Bldg. 200, Suite 200, Jacksonville, Florida 32256. (Ex. F, p. 1; *see also* a true and accurate copy of BP's contact information attached hereto and made a part hereof as Exhibit "G"). Defendant BPD does not maintain a registered agent in and does not transact business in the State of Georgia; thus, Plaintiff's attempt to serve Defendant BP via CT Corporation in Georgia was improper and does not constitute valid service of process. (*See* Paragraphs 5 and 6 above). However, to the extent this Court deems the citizenship of Defendant BP for diversity purposes, Defendant BP is a citizen of the State of Florida.

15.

Non-party Berkley Casualty (the insurer that issued the relevant policy to Defendant SWFL, as clearly indicated on such policy) is an Iowa insurance corporation that maintains its principal office at One Metroplex Drive, Suite 500, Birmingham, Alabama 35266. (*See* a true and correct copy of non-party Berkley Casualty's 2022 Florida Annual Report and Exhibit 21 of W.R. Berkley Corporation's SEC Form K-10 collectively attached hereto and made a part hereof as Exhibit "H"). Accordingly, to the extent Berkley Casualty is substituted in place of Defendant BP with regard to Plaintiff's direct action claim, which claim is based

solely on the insurance policy issued by non-party Berkley Casualty, Defendant BP is deemed a citizen of the States of Iowa and Alabama.

16.

As outlined above, (a) Plaintiff is a citizen of Georgia; (b) SWFL is a citizen of Texas; (c) Wall is a citizen of Texas; (d) BP is a citizen of Florida; and (e) to the extent non-party Berkley Casualty is substituted in place of the improperly named Defendant BP, it is deemed a citizen of Iowa and Alabama. Accordingly, complete diversity exists for purposes of satisfying § 1332(a). *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 187 (1990) (all plaintiffs must be diverse from all defendants for diversity jurisdiction); *see also Palmer v. Hosp. Auth. of Randolph Cnty.*, 22 F.3d 1559, 1564 (11th Cir. 1994) ("Diversity jurisdiction, as a general rule, requires complete diversity—every plaintiff must be diverse from every defendant.").

## IV.   <u>AMOUNT IN CONTROVERSY</u>

17.

This personal injury action arises out of a December 7, 2020 motor vehicle collision involving a tractor-trailer operated by Defendant Wall as an employee of Defendant SWFL and a Honda Accord operated by Plaintiff on I-20 West near its intersection with I-285 in Fulton County, Georgia.  (*See* Ex. A, Complaint, ¶ 7).

### *Plaintiff's Complaint*

18.

Plaintiff alleges in her Complaint that, while she was traveling straight in the third lane on I-20 West, Defendant Wall entered into her lane and collided with her vehicle. (*See* Ex. A, Complaint, ¶ 7-10).

19.

Plaintiff claims Defendant Wall was negligent and/or negligent per se in failing to (i) maintain control of the tractor-trailer, (ii) keep a proper lookout, (iii) maintain his lane, (iv) operate the tractor-trailer "in accord with generally accepted safety principles and practices of the trucking industry," and (v) operate the tractor-trailer "as a reasonable and product professional driver under the circumstances." (*See* Ex. A, Complaint, ¶¶ 15-17).

20.

Plaintiff further contends that Defendant SWFL (i) is vicariously liable for the alleged negligence of Defendant Wall; (ii) was negligent in hiring, training, retaining, supervising and entrusting the tractor-trailer to Defendant Wall as it knew or should have known that hiring Wall "to operate on public roadways created a high degree of probability of injury to others;" and (iii) was negligent/negligent per se in allowing Wall to operate the tractor-trailer in violation

of "promulgated standards of care," industry standards, and/or applicable Federal regulations. (*See* Ex. A, Complaint, ¶¶ 19-22, 25-26).

21.

According to Plaintiff, the alleged negligence of Defendants Wall and SWFL caused (i) the collision; (ii) Plaintiff to suffer (a) personal injuries, including "injuries to the cervical spine, lumbar spine, and thoracic spine, including herniated discs, disc protrusions, [and] disc bulges," (b) "extensive pain and suffering directly affecting her quality of life," and (c) mental anguish she continues to endure; (iii) Plaintiff to incur medical expenses totaling $25,882.72, and will continue causing her to incur medical expenses in the future; and (iv) Plaintiff to be unable to work and, as a result, suffer past and future lost wages. (*See* Ex. A, Complaint, ¶¶ 16, 21, 27-28, 39-43). She further contends that Defendants Wall and SWFL acted with willful misconduct, malice, wantonness, oppression, or an entire want of care sufficient to raise the presumption of conscious indifference to the consequences sufficient to support an award of punitive damages. (*Id.*, ¶ 45-46).

22.

Based on the foregoing, Plaintiff's Complaint prays that she recover (i) **damages "to compensate Plaintiff for her pain and suffering, past, present,**

**and future, <u>which sums exceed the amount of $75,000.00</u>;**" (ii) past and future medical expenses; (iii) past and future lost wages; and (iv) damages to compensate for other economic and non-economic losses proven at trial. (*Id.* at pp. 8-9, Plaintiff's Prayer of Relief) (emphasis added).

### *Amount in Controversy in this Action*

### 23.

To determine whether the jurisdictional threshold of $75,000.00 is met, the Court must assume the Plaintiff will "prevail" on all claims, and then assess whether "an award below the jurisdictional amount would be outside the range of permissible awards because the case is clearly worth more than [$75,000.00]." *Burns v. Windsor, Inc.*, 31 F.3d 1092, 1096 (11th Cir. 1994); *St. Paul Indemnity Co. v. Cab Co.*, 303 U.S. 283, 288 (1937).

### 24.

Plaintiff's Complaint shows that the amount in controversy in this action exceeds $75,000 exclusive of interests in costs. First, Plaintiff claims that a collision caused her to suffer injuries to her spine and significant pain and also caused her to incur past and future medical expenses and past and future lost wages. Second, Plaintiff alleges that Defendants' conduct supports an award of punitive damages. Lastly, Plaintiff's Complaint specifically states that the amount

in controversy **exceeds $75,000**. Accordingly, the nature and extent of Plaintiff's alleged injuries and damages and Plaintiff's allegations that such damages exceed this Court's jurisdictional limit clearly satisfy the amount in controversy requirement. *See Cheatwood v. Quicktrip Corp*., 2014 U.S. Dist. LEXIS 153222, *5 (N.D. Ga. 2014) (it may be "facially apparent" from the complaint that the amount in controversy exceeds $75,000[.]" (*citing Williams v. Best Buy Co., Inc*., 269 F.3d 1316, 1319 (11th Cir. 2001)); *Enter. Leasing Co. of Georgia, LLC*, 818 F. App'x 880, 883 (11th Cir.2020).

## REMOVAL BASED ON DIVERSITY JURISDICTION IS PROPER IN THIS CASE

### 25.

This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1332(a) and 1441 because (i) complete diversity exists between the named parties to this action, and (ii) the amount in controversy exceeds $75,000.00.

### 26.

By service of a copy of this Notice of Removal, as evidenced by the Certificate of Service attached hereto, Defendant SWFL, with the consent and agreement of Defendants Wall and BP, hereby gives notice of such removal to Plaintiff as required by 28 U.S.C. § 1446.

27.

A true and correct copy of this Notice of Removal will be filed with the Clerk of the Superior Court of Fulton County, Georgia, as required by 28 U.S.C. § 1446(d).

28.

Nothing stated herein shall be deemed an admission by this Defendant or on behalf of any other Defendant as to liability, causation, and/or damages owed to Plaintiff.

WHEREFORE, Defendant prays that (a) the above-captioned lawsuit be removed to the United States District Court for the Northern District of Georgia, Atlanta Division, (b) this Court take cognizance and jurisdiction over this action from the Superior Court of Fulton County, Georgia, and (c) this action proceed as removed and under this Court's jurisdiction pursuant to 28 U.S.C. § 1332.

The undersigned has read this Notice of Removal and, to the best of her knowledge, information, and belief, formed after reasonable inquiry, has determined it is well-grounded in fact, is warranted by existing law, and is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

Submitted this 13th day of March, 2023.

**MCANGUS          GOUDELOCK          &**
**COURIE, LLC**

Post Office Box 57365                        /s/*Melody C. Kiella*
270 Peachtree Street, NW, Suite 1800    Melody C. Kiella
(30303)                                      Georgia Bar No. 206275
Atlanta, Georgia 30303                    Camille Dizon
(678) 510-1526                            Georgia Bar No. 953073
Melody.kiella@mgclaw.com
Camille.Dizon@mgclaw.com                  *Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

AUDREY STEPHENS,

     Plaintiff,

v.

JACK EDWARD WALL, GUSTAVO
JIMENEZ, INC. DBA SOUTHWEST
FREIGHT LINES, and BERKLEY
PRIME TRANSPORTATION
INSURANCE COMPANY,

     Defendants.

Civil Action File No:

## **<u>CERTIFICATE OF SERVICE</u>**

This is to certify that the undersigned has served a true and correct copy of the foregoing document upon Plaintiff via electronic filing addressed as follows:

Tamara Ansari, Esq.
Law Office of Tamara Ansari, LLC
30 Second Street
Jackson, Georgia 30233
tamara@tansarilaw.com

I further certify that the foregoing has been prepared with Times New Roman, 14 point font, in compliance with L.R. 5.1(b).

Submitted this 13th day of March, 2023.

**MCANGUS        GOUDELOCK        &
COURIE, LLC**

Post Office Box 57365

270 Peachtree Street, NW, Suite 1800 (30303)

Atlanta, Georgia 30303

(678) 510-1526

Melody.kiella@mgclaw.com

Camille.Dizon@mgclaw.com

*/s/Melody C. Kiella*

Melody C. Kiella

Georgia Bar No. 206275

Camille Dizon

Georgia Bar No. 953073

*Attorneys for Defendants*