EXHIBIT A

⚡ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
FULTON COUNTY, GEORGIA

**2022CV373697**

**DEC 08, 2022 09:23 AM**

*Cathelene Robinson*
Cathelene Robinson, Clerk
Fulton County Superior Court

# IN THE SUPERIOR COURT OF FULTON COUNTY

## STATE OF GEORGIA

| | | |
|---|---|---|
| **AUDREY STEPHENS,**<br><br>   **Plaintiff,**<br><br>**vs.**<br><br>**JACK EDWARD WALL, GUSTAVO JIMENEZ, INC. DBA SOUTHWEST FREIGHT LINES, and BERKLEY PRIME TRANSPORTATION INSURANCE COMPANY,**<br><br>   **Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **CIVIL  ACTION  FILE  NO.**<br><br>_____<br><br><br>**JURY TRIAL DEMAND** |

## COMPLAINT

NOW COMES AUDREY STEPHENS, Plaintiff, by and through her counsel of record, and files this Complaint for Damages against the above-named Defendants showing the Court as follows:

## PARTIES,  JURISDICTION & VENUE

### 1.

Plaintiff is a resident and citizen of the State of Georgia, and resides at 1133 Commerce Drive Apt 504, Decatur, Dekalb County, Georgia 30030. Plaintiff is subject to the jurisdiction of this Court.

### 2.

Defendant Jack Edward Wall (hereinafter "Defendant Wall") is a resident of the State of Texas, and may be served with the Complaint and Summons at his residence located at 195 Horizon Point Circle, Horizon City, El Paso County, Texas 79928.

3.

Defendant Gustavo Jimenez, Inc. DBA Southwest Freight Lines (hereinafter "Southwest Freight Lines") is a foreign corporation authorized to transact business in the state of Georgia and was operating as either a motor common carrier or a motor contract carrier the date of the incident giving rise to this Complaint, and at all material times hereto.  Defendant Southwest Freight Lines has its principal place of business at 11991 Transpark Drive, El Paso, Texas 78045, and may be served with the Complaint and Summons through its registered agent Cody Gillies at 5704 Veterans Parkway, Columbus, Georgia 31904. Defendant Southwest Freight Lines is subject to the jurisdiction and venue of this Court.

4.

Defendant Berkley Prime Transportation Insurance Company (hereinafter "Berkley Prime Transportation") is a foreign corporation existing under the laws of the State of Connecticut with its principal place of business at 475 Steamboat Road Greenwich, CT 06386. Defendant Berkley Prime Transportation may be served with the Complaint and Summons through its registered agent CT Corporation System at 289 S Culver Street, Lawrenceville, Georgia 30046 Defendant Berkley Prime Transportation is subject to the jurisdiction and venue of this Court.

5.

By virtue of the facts alleged herein, jurisdiction and venue are proper in this Court.

## FACTUAL BACKGROUND

6.

Plaintiff realleges and incorporates herein by reference all preceding paragraphs of this Complaint as if each were fully set forth in their entirety.

7.

The allegations and claims for relief contained in this Complaint result from a collision between Defendant Wall and Plaintiff on December 7, 2020 at approximately 6:14 p.m. on Interstate 20 near its intersection with Interstate 285 in Fulton County, Georgia.

8.

At the aforementioned time and date, Defendant Wall was operating a 2001 KW T680 Tractor Trailer (hereinafter "tractor trailer"),Vehicle Identification Number 1XKYD49X7MJ449517, trailer tag number R501956 containing United States Department of Transportation Number 306537, traveling west on Interstate 20 near its intersection with Interstate 285 in Fulton County, Georgia.

9.

At the aforementioned time and date, Plaintiff was traveling west on Interstate 20 near its intersection with Interstate 285 in Fulton County, Georgia.

10.

At the aforementioned time and date, Defendant Wall was traveling in lane #2 and Plaintiff was traveling in lane # 3. Defendant Wall entered into the lane of travel of the Plaintiff, striking her vehicle on the left side with the right side of his vehicle.

11.

As a result of the collision, Plaintiff suffered bodily injuries.

12.

Plaintiff could not have, in the exercise of reasonable care, avoided the collision or her injuries.

## COUNT 1
## NEGLIGENCE OF DEFENDANT WALL

13.

Plaintiff realleges and incorporates herein by reference all preceding paragraphs of this Complaint as if each were fully set forth in their entirety.

14.

Defendant Wall had a duty of reasonable care to Plaintiff and other motorists on the road.

15.

Defendant Wall was negligent and/or negligent per se in that he, among other things:

    a.   Failed to maintain control of the tractor trailer;

    b.   Failed to maintain his lane;

    c.   Failed to keep a proper and diligent lookout;

    d.   Failed to operate the tractor-trailer in accord with generally accepted safety principles and practices of the trucking industry; and

    e.   Otherwise failed to operate the tractor-trailer as a reasonable and prudent professional driver under the circumstances.

16.

The negligent acts or omissions of Defendant Wall directly and proximately caused the collision, Plaintiff's damages and injuries.

17.

Defendant Wall is liable to Plaintiff for all recoverable damages.

## COUNT 2

## RESPONDEAT SUPERIOR, NEGLIGENT HIRING, RETENTION, ENTRUSTMENT & SUPERVISION OF DEFENDANT SOUTHWEST FRIEGHT LINES

18.

Plaintiff realleges and incorporates herein by reference all preceding paragraphs of this Complaint as if each were fully set forth in their entirety.

19.

At all times material to this case, Defendant Wall was an employee or agent of Defendant Southwest Freight Lines acting within the course and scope of his employment or agency.

20.

Under the principles of respondeat superior, actual agency, apparent agency, and/or lease liability, Defendant Southwest Freight Lines is vicariously liable for the negligent acts and omissions of Defendant Wall which led to the injuries of Plaintiff.

21.

Defendant Southwest Freight lines was negligent in the hiring, retention, training and supervision of Defendant Wall, which negligence caused or contributed to cause Plaintiff's injuries.

22.

Defendant Southwest Freight Lines knew, or, in the exercise of ordinary care, should have known that hiring, retaining, and entrusting Defendant Wall with a large and heavy tractor trailer to operate on public roadways created a high degree of probability of injury to others.

23.

Defendant Southwest Freight Lines is liable to Plaintiff for all recoverable damages.

## COUNT 3
## FAILURE TO COMPLY WITH FEDERAL AND STATE MOTOR CARRIER SAFETY REGULATIONS AND TRUCKING INDUSTRY STANDARDS OF CARE

24.

Plaintiff realleges and incorporates herein by reference all preceding paragraphs of this Complaint as if each were fully set forth in their entirety.

25.

Defendant Southwest Freight Lines is negligent and negligent per se for operating the Defendant Wall, the commercial motor vehicle driver and the aforementioned commercial motor vehicle outside the promulgated standards of care established by the Department of Transportation, the Federal Motor Carrier Safety Administration and the Georgia Department of Public Safety.

26.

Defendant Southwest Freight Lines is negligent for operating the Defendant Wall, the commercial motor vehicle driver and the aforementioned commercial motor vehicle outside the trucking industry best practices and standards of care.

27.

Defendant Southwest Freight Lines actions enumerated in this Count caused or contributed to cause the injuries of Plaintiff.

28.

Defendant Southwest Freight Lines is liable to Plaintiff for all recoverable damages.

## COUNT 4
## DIRECT ACTION

### 29.

Plaintiff realleges and incorporates herein by reference all preceding paragraphs of this Complaint as if each were fully set forth in their entirety.

### 30.

Plaintiff has sustained actionable injury or loss by reason of the negligence of Defendant Wall in the operation of the Tractor Trailer and Defendant Southwest Freight Lines in its operations as a motor common carrier.

### 31.

Defendant Berkley Prime Transportation issued a policy of liability (indemnity) insurance which insured Defendant Wall and Defendant Southwest Freight Line for its operation as a motor common carrier.

### 32.

Said liability policy issued by Defendant Berkley Prime Transportation was in force and effect on the date of the event which is the subject of this litigation to wit: December 7, 2020

### 33.

Defendant Berkley Prime Transportation was the insurer of Defendant Southwest Freight Lines at the time of the subject incident and issued a liability policy to comply with the filing requirements under Georgia law.

### 34.

The policy number of said liability policy issued by Defendant Berkley Prime Transportation is 6505130.

### 35.

Defendant Berkley Prime Transportation is subject to a direct action as the insurer for Defendant Southwest Freight Lines pursuant to Georgia law.

### 36.

All elements necessary to sue Defendant Berkley Prime Transportation under the Georgia Direct Action law are met in this case.

37.

Accordingly, Defendant Berkley Prime Transportation is joined in this lawsuit pursuant to the authority of O.C.G.A. §§ 40-1-112, 40-2-140, and is liable as provided by law to satisfy any judgment in this case.

38.

Defendant Berkley Prime Transportation is responsible for any judgment rendered against Defendant Wall and Defendant Southwest Freight Lines.

## **COUNT 5 DAMAGES**

39.

As a direct and proximate result of tortfeasors' combined negligence, Plaintiff suffered, among other things, Injuries to the cervical spine, lumbar spine, and thoracic spine, including herniated discs, disc protrusions, disc bulges.

40.

As a direct and proximate result of tortfeasors' combined negligence, Plaintiff has incurred past medical expenses in the amount of $25,882.72 and will continue to incur future medical expenses in an amount which will be further specified at a trial of this matter.

41.

As a direct and proximate result of Tortfeasors' combined negligence, Plaintiff was unable to work and has a claim for past lost wages in an amount which will be further specified at a trial of this matter.

42.

As a direct and proximate result of tortfeasors' combined negligence, Plaintiff has incurred extensive pain and suffering directly effecting her quality of life. The pain and suffering including but not limited to the mental anguish she endures for an amount which will be further specified at a trial of this matter.

43.

Tortfeasors' combined negligence is the sole and proximate cause of Plaintiff's injuries.

## COUNT 6
## PUNITIVE DAMAGES

44.

Plaintiff realleges and incorporates herein by reference all preceding paragraphs of this Complaint as if each were fully set forth in their entirety.

45.

The actions of Defendant Wall and Defendant Southwest Freight Lines authorize the imposition of punitive damages, pursuant to the provisions of O.C.G.A § 51-12-5.1 in that such actions show willful misconduct, malice, wantonness, oppression or that entire want of care which would raise the presumption of conscious indifference to the consequences.

46.

Accordingly, Defendant Wall and Defendant Southwest Freight Lines are liable to Plaintiff for punitive damages to punish, penalize, and deter said Tortfeasors from similar conduct in the future.

**WHEREFORE**, Plaintiff prays for and demands the following:

a.   For a trial by jury;

b.   For Summons and Complaint to issue against the Defendants;

c.   That the Defendants be required to appear as provided by law to answer the allegations of this Complaint;

d.   For judgment against the Defendants, jointly and severally, to compensate Plaintiff for her pain and suffering, past, present, and future; which said sum exceeds the amount of $75,000.00;

e.   For judgment against the Defendants, jointly and severally, in an amount sufficient to compensate Plaintiff for the medical expenses incurred to date, as well as for medical expenses which will be incurred in the future;

f.  For judgment against the Defendants, jointly and severally, in an amount sufficient to compensate Plaintiff for lost wages incurred, including future lost wages or ability to earn income;

g.  For judgment against the Defendants, jointly and severally, in an amount sufficient to compensate Plaintiff for all such other economic and non-economic loses as may be shown at the hearing of this matter to the full extent allowed under Georgia law;

h.  That Plaintiffs obtain judgment against the Defendants in an amount determined to be fair and reasonable in the minds of a fair and impartial jury;

i.  That Plaintiffs obtain judgment against the Defendants for Punitive damages in an amount the jury believes to be just, fair and equitable, given the facts and issues in this case;

j.  That Plaintiff recovers from the Defendants a sum of damages to compensate for attorney's fees and costs of litigation pursuant to O.C.G.A. § 13-6-11;

k.  That court costs, discretionary costs, and prejudgment interest be awarded to the Plaintiff;

l.  That all costs be taxed against the Defendants, and;

m.  For all such further and general relief which this Court deems just and proper.

This 2nd day of December, 2022.

Sincerely,

LAW OFFICE OF TAMARA ANSARI, LLC

*/s/ Tamara Ansari*
Tamara Ansari
Georgia Bar Number 053696
Attorney for Plaintiff

30 Second Street
Jackson, Georgia 30233
(844) 945-5488 - phone
(404) 601-3891 - fax
tamara@tansarilaw.com

EXHIBIT A

☞ **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
FULTON COUNTY, GEORGIA

**2022CV373697**

**DEC 08, 2022 09:23 AM**

*Cathelene Robinson*
Cathelene Robinson, Clerk
Fulton County Superior Court

# IN THE SUPERIOR COURT OF FULTON COUNTY, GEORGIA
### 136 PRYOR STREET, ROOM C-103, ATLANTA, GEORGIA 30303
### SUMMONS

| | |
|---|---|
| Stephens, Audrey _____ | ) Case |
| | ) No.: 2022CV373697 _____ |
| | ) |
| _____ | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | ) |
| | ) |
| Wall, Jack _____ | ) |
| | ) |
| | ) |
| GUSTAVO JIMENEZ, INC. , DBA SOUTHWEST | ) |
| FREIGHT LINES _____ | ) |
| | ) |
| | ) |
| BERKLEY PRIME TRANSPORTATION | ) |
| INSURANCE COMPANY _____ | ) |
| **Defendant** | ) |
| | ) |

TO THE ABOVE NAMED DEFENDANT(S):

You are hereby summoned and required to file electronically with the Clerk of said Court at
https://peachcourt.com/ (unless you are exempt from filing electronically) and serve upon plaintiff's attorney,
whose name and address is:

> **TAMARA ANSARI**
> **LAW OFFICE OF TAMARA ANSARI, LLC**
> **1300 Ridenour Boulevard**
> **Suite 100**
> **Kennesaw, Georgia 30152**

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons
upon you, exclusive of the day of service; unless proof of service of this complaint is not filed within five (5)
business days of such service. Then time to answer shall not commence until such proof of service has been
filed. **IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT WILL BE TAKEN AGAINST YOU FOR
THE RELIEF DEMANDED IN THE COMPLAINT.**

**This_____ 8th day of_____ December, 20 22**

> Honorable Cathelene "Tina" Robinson
> Clerk of Superior Court

> _____
> *Cathelene Robinson*
> Cathelene Robinson, Clerk
> Fulton County Superior Court

To defendant upon whom this petition is served:
This copy of complaint and summons was served upon you _____, 20_____

Deputy Sheriff

**Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum is used**

EXHIBIT A

**EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
FULTON COUNTY, GEORGIA

**2022CV373697**

**DEC 08, 2022 09:23 AM**

Cathelene Robinson, Clerk
Fulton County Superior Court

# IN THE SUPERIOR COURT OF FULTON COUNTY, GEORGIA
### 136 PRYOR STREET, ROOM C-103, ATLANTA, GEORGIA 30303
### SUMMONS

| | |
|---|---|
| Stephens, Audrey | ) Case |
| | ) No.: 2022CV373697 |
| | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | ) |
| | ) |
| Wall, Jack | ) |
| | ) |
| | ) |
| GUSTAVO JIMENEZ, INC. , DBA SOUTHWEST FREIGHT LINES | ) |
| | ) |
| | ) |
| BERKLEY PRIME TRANSPORTATION INSURANCE COMPANY | ) |
| **Defendant** | ) |
| | ) |

TO THE ABOVE NAMED DEFENDANT(S):

You are hereby summoned and required to file electronically with the Clerk of said Court at https://peachcourt.com/ (unless you are exempt from filing electronically) and serve upon plaintiff's attorney, whose name and address is:

> **TAMARA ANSARI**
> **LAW OFFICE OF TAMARA ANSARI, LLC**
> **1300 Ridenour Boulevard**
> **Suite 100**
> **Kennesaw, Georgia 30152**

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service; unless proof of service of this complaint is not filed within five (5) business days of such service. Then time to answer shall not commence until such proof of service has been filed. **IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

This_____ **8th** day of_____ **December**, 20 **22**

Honorable Cathelene "Tina" Robinson
Clerk of Superior Court

_____
Cathelene Robinson, Clerk
Fulton County Superior Court

To defendant upon whom this petition is served:
This copy of complaint and summons was served upon you _____, 20_____

EXHIBIT A

Deputy Sheriff

**Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum is used**

EXHIBIT A

⊞ **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
FULTON COUNTY, GEORGIA

**2022CV373697**

**DEC 08, 2022 09:23 AM**

*Cathelene Robinson*
Cathelene Robinson, Clerk
Fulton County Superior Court

# IN THE SUPERIOR COURT OF FULTON COUNTY, GEORGIA

136 PRYOR STREET, ROOM C-103, ATLANTA, GEORGIA 30303

**SUMMONS**

| | |
|---|---|
| Stephens, Audrey | Case |
| | No.: 2022CV373697 |
| **Plaintiff,** | |
| **vs.** | |
| Wall, Jack | |
| GUSTAVO JIMENEZ, INC. , DBA SOUTHWEST FREIGHT LINES | |
| BERKLEY PRIME TRANSPORTATION INSURANCE COMPANY | |
| **Defendant** | |

TO THE ABOVE NAMED DEFENDANT(S):

You are hereby summoned and required to file electronically with the Clerk of said Court at https://peachcourt.com/ (unless you are exempt from filing electronically) and serve upon plaintiff's attorney, whose name and address is:

> **TAMARA ANSARI**
> **LAW OFFICE OF TAMARA ANSARI, LLC**
> **1300 Ridenour Boulevard**
> **Suite 100**
> **Kennesaw, Georgia 30152**

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service; unless proof of service of this complaint is not filed within five (5) business days of such service. Then time to answer shall not commence until such proof of service has been filed. **IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

This _____8th day of _____December, 20 22

> Honorable Cathelene "Tina" Robinson
> Clerk of Superior Court

> *Cathelene Robinson*
> Cathelene Robinson, Clerk
> Fulton County Superior Court

To defendant upon whom this petition is served:
This copy of complaint and summons was served upon you _____, 20_____

EXHIBIT A

Deputy Sheriff

**Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum is used**

EXHIBIT A

**General Civil and Domestic Relations Case Filing Information Form**

☑ **Superior** or ☐ **State Court of** _Fulton_   **County**

**EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
FULTON COUNTY, GEORGIA

**2022CV373697**

**DEC 08, 2022 09:23 AM**

Catherine Robinson, Clerk
Fulton County Superior Court

| **For Clerk Use Only** | |
|---|---|
| **Date Filed** _12-08-2022_  <br> **MM-DD-YYYY** | **Case Number** _2022CV373697_ |

**Plaintiff(s)**

Stephens, Audrey

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Defendant(s)**

Wall, Jack

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| GUSTAVO JIMENEZ, INC. | | | | |

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| BERKLEY PRIME TRANSPORTATION INSURANCE COMPANY | | | | |

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Plaintiff's Attorney** _ANSARI, TAMARA_   **Bar Number** _053696_   **Self-Represented** ☐

**Check one case type and, if applicable, one sub-type in one box.**

**General Civil Cases**

- ☑ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**

- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____   _____
**Case Number**          **Case Number**

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____   **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____

Version 1.1.20

EXHIBIT A

⚡ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
FULTON COUNTY, GEORGIA

**2022CV373697**

**DEC 12, 2022 04:59 PM**

*Cathelene Robinson*
Cathelene Robinson, Clerk
Fulton County Superior Court

## IN THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **AUDREY STEPHENS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL ACTION FILE NO.** |
| | ) | |
| **JACK EDWARD WALL, GUSTAVO** | ) | |
| **JIMENEZ, INC. DBA SOUTHWEST** | ) | **2022CV373697** |
| **FREIGHT LINES, and BERKLEY** | ) | |
| **PRIME TRANSPORTATION** | ) | |
| **INSURANCE COMPANY,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## PETITION TO RELATE THE DATE OF FILING BACK TO THE DATE OF THE FIRST FILING ATTEMPT

NOW COMES AUDREY STEPHENS, Plaintiff, by and through her counsel of record,

and files this PETITION TO RELATE THE DATE OF FILING BACK TO THE DATE OF

THE FIRST FILING ATTEMPT pursuant to Section 6 of the Superior Court of Fulton County

Standing Order Regarding Electronic Filing for Civil Cases, file stamped October 12, 2018,

showing the Court as follows:

### FACTS

Plaintiff originally submitted the Complaint for electronic filing on December 2, 2022.

Plaintiff received a "filing submitted" receipt on the same date. (See Exhibit "A").

On December 6, 2022, Plaintiff's Counsel contacted Peachcourt via telephone regarding the status of the filing. Plaintiff's Counsel was informed that the filing was waiting in the Fulton County Clerk's filing portal, that "they might be backed up," and that the E-Document was still pending review by the Fulton County Clerk's Office.

On December 7, 2022, Plaintiff's Counsel contacted the Fulton County Clerk's Office via telephone regarding the status of the filing, and was informed that the filing was still pending review.

On December 8, 2022, at 8:49 a.m., Plaintiff received an email from Peachcourt stating that the eFiling submitted on 12/2/2022 was not accepted by the Clerk of Fulton County Superior Court due to nonpayment of fees for additional parties. (See Exhibit "B").

On December 8, 2022, at 9:04 a.m., Plaintiff resubmitted the eFiling (See Exhibit "C"), then immediately contacted the Fulton County Clerk's Office for assistance regarding the correct method to pay the additional fees. The Fulton County Clerk's Office advised Plaintiff's Counsel regarding the method to pay the additional fees; and told Plaintiff's Counsel to resubmit the eFiling again because eFilings cannot be edited. After being advised by the Fulton County Clerk's Office, Plaintiff re-submitted the eFiling for a second time at 9:23 a.m. on December 8, 2022. (See Exhibit "D").

On December 9, Plaintiff received an email from Peachcourt stating that the eFiling submitted at 9:04 a.m. on December 8, 2022, had been rejected due to non-payment of fees for additional parties. (See Exhibit "E") On December 9, 2022, Plaintiff received another email from Peachcourt stating that the eFiling submitted at 9:23 a.m. on December 8, 2022, was

accepted. (See Exhibit "F").  The Complaint was stamp-filed for December 8, 2022.  (See Exhibit "G").

## **LEGAL AUTHORITY**

Section 6C of the Superior Court of Fulton County Standing Order Regarding Electronic

Filing for Civil Cases states in pertinent part:

> Clerk of Court Review: Acceptance/Rejection Procedure. Following submission of an E-Document, the Clerk of Court shall timely review the E-Document. eFileGA shall notify the filing party via e-mail as to whether the filing was accepted or rejected. Upon acceptance, the submitted E-Document shall be entered into the docket of the case. An E-Document shall be deemed to have been filed as of the date and time it was initially E-Filed as defined above in Paragraph 6(A) and not the date and time it was accepted by the Clerk of Court. (Example: an E-Document E-Filed at 9: 15 p.m. on Friday 31 August 2018 and accepted by the Clerk of Court at 3: 18 p.m. on Tuesday 4 September 2018 (the first business day after 31 August 2018 was filed on 31 August 2018.)

> If an E-Document is rejected by the Clerk of Court, and a filer wishes to challenge the rejection and/or relate the date of filing back to the date of the first filing attempt, the filer must petition the Court for such relief.

Section 6(D)(3) of the Superior Court of Fulton County Standing Order Regarding Electronic

Filing for Civil Cases states in pertinent part:

> In accordance with Uniform Superior Court Rule 36.16(F), if E-filing or E-Service of an E-Document does not occur because of…a failure to timely process the e-document when received by eFileGA…the Court may upon satisfactory proof enter an order permitting the E-Document to be filed *nunc pro tunc* to the date it was first attempted to be transmitted electronically.

Furthermore, O.C.G.A. 15-6-11(b)(4)(e) states in perinate part:

> Any pleading or document filed electronically shall be deemed filed as of the time of its receipt by the electronic filing service provider.

## **CONCLUSION**

In summary, Plaintiff's submission was not timely reviewed and processed by the Fulton

County Superior Court Clerk's Office.  Plaintiff originally filed the eDocument on December 2,

EXHIBIT A

2022; however, Plaintiff was not made aware of the rejection until December 8, 2022 at 8:49 a.m. After Plaintiff's counsel was made aware of the rejection, the payment was made within 34 minutes and the filing was ultimately accepted on December 9, 2022.

   **WHEREFORE**, Plaintiff prays for the following:

(a) That the Court relate the date of filing back to the date of the first filing attempt, which is December 2, 2022; and

(b) Direct that the Complaint be stamp-filed with the date of December 2, 2022.

   This 12th day of December, 2022.

       Sincerely,

       LAW OFFICE OF TAMARA ANSARI, LLC

       */s/ Tamara Ansari*
       Tamara Ansari
       Georgia Bar Number 053696
       Attorney for Plaintiff

30 Second Street
Jackson, Georgia 30233
(844) 945-5488 - phone
(404) 601-3891 - fax
tamara@tansarilaw.com

## Emily Spidle

| | |
|---|---|
| **From:** | PeachCourt Notifications <notifications@peachcourt.com> |
| **Sent:** | Friday, December 2, 2022 8:00 PM |
| **To:** | Tamara Ansari; Emily Spidle |
| **Subject:** | PeachCourt Activity Filing Received |

The following filing was received by PeachCourt and has been successfully transmitted to the Clerk of Fulton Superior Court. You will receive a separate confirmation message if this filing is accepted by the clerk. We invite you to reply to this message if you have any questions.

Submission Date: 12/2/2022 at 8:00 PM
Peach #: E-RJQGMBN3
Case #: Pending acceptance by clerk
Case Name: Stephens v Wall

Documents

Complaint: Complaint for Damages
Audrey Stephens Complaint for Damages.pdf

Summons: Summons for Wall, Jack.
System Generated Summons

Case Information Form: Case Information Form
System Generated Case Information Form

Unexecuted Sheriff's Entry of Service for Wall, Jack. Note: filer is responsible for coordinating service.

Filer: TAMARA ANSARI

Payment amount: $252.84

Court Filing Fee: General Civil: $214.00
eFiling Fee: $30.00
Convenience Fee: $8.84

Thank you for filing with PeachCourt, Georgia's eFiling and Document Access Solution.
If you have any questions about the status of this filing, please call the PeachCourt Support Center at 844-GA-EFILE (844-423-3453) and refer to Peach #E-RJQGMBN3.

**We are here to help! Reach out however you like:**

**Reply to this message**
**Call toll-free 844-GA-EFILE**
**Chat at https://www.peachcourt.com/**
**Learn a lot at http://awesome.peachcourt.com/**



1

## Emily Spidle

| | |
|---|---|
| **From:** | PeachCourt Notifications <notifications@peachcourt.com> |
| **Sent:** | Thursday, December 8, 2022 8:49 AM |
| **To:** | Tamara Ansari; Emily Spidle |
| **Subject:** | Your eFiling was NOT ACCEPTED. |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

The CLERK OF FULTON COUNTY SUPERIOR COURT chose to REJECT the eFiling submitted by TAMARA ANSARI on 12/2/2022 at 8:00 PM.

On 12/8/2022 at 8:48 AM, the CLERK OF FULTON COUNTY SUPERIOR COURT provided the following explanation: Non-Payment of Fees PLEASE AD THE ADDITIONL PARTY EE I $8.00 PER ADDITIONAL PARTY

Please keep the following in mind:

1. If you have any questions about why this filing was REJECTED, please contact the CLERK OF FULTON COUNTY SUPERIOR COURT.
2. You can RESUBMIT this eFiling by following this link: www.peachcourt.com/File/Details/Resubmit?peachNumber=E-RJQGMBN3
3. If you have any questions about the status of this filing or anything else regarding PeachCourt, please contact us through our online chat at peachcourt.com or by calling 844-GA-EFILE. Please reference Peach Number E-RJQGMBN3.
4. You have not been charged for this filing.

This eFiling included the following documents:

Complaint: Complaint for Damages
Audrey Stephens Complaint for Damages.pdf

Summons: Summons for Wall, Jack.
System Generated Summons

Case Information Form: Case Information Form
System Generated Case Information Form

Unexecuted Sheriff's Entry of Service for Wall, Jack. Note: filer is responsible for coordinating service.

**We are here to help! Reach out however you like:**

**Reply to this message**
**Call toll-free 844-GA-EFILE**
**Chat at https://www.peachcourt.com/**
**Learn a lot at http://awesome.peachcourt.com/**

1



**Emily Spidle**

| | |
|---|---|
| **From:** | PeachCourt Notifications <notifications@peachcourt.com> |
| **Sent:** | Thursday, December 8, 2022 9:05 AM |
| **To:** | Tamara Ansari; Emily Spidle |
| **Subject:** | PeachCourt Activity Filing Received |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

The following filing was received by PeachCourt and has been successfully transmitted to the Clerk of Fulton Superior Court. You will receive a separate confirmation message if this filing is accepted by the clerk. We invite you to reply to this message if you have any questions.

Submission Date: 12/8/2022 at 9:04 AM
Peach #: E-RJQGMBN3
Case #: Pending acceptance by clerk
Case Name: Stephens v Wall

Documents

Complaint: Complaint for Damages
Audrey Stephens Complaint for Damages.pdf

Summons: Summons for Wall, Jack.
System Generated Summons

Case Information Form: Case Information Form
System Generated Case Information Form

Unexecuted Sheriff's Entry of Service for Wall, Jack. Note: filer is responsible for coordinating service.

Filer: TAMARA ANSARI

Payment amount: $252.84

Court Filing Fee: General Civil: $214.00
eFiling Fee: $30.00
Convenience Fee: $8.84

Thank you for filing with PeachCourt, Georgia's eFiling and Document Access Solution.
If you have any questions about the status of this filing, please call the PeachCourt Support Center at 844-GA-EFILE (844-423-3453) and refer to Peach #E-RJQGMBN3.

**We are here to help! Reach out however you like:**



## Emily Spidle

| | |
|---|---|
| **From:** | PeachCourt Notifications <notifications@peachcourt.com> |
| **Sent:** | Thursday, December 8, 2022 9:24 AM |
| **To:** | Tamara Ansari; Emily Spidle |
| **Subject:** | PeachCourt Activity Filing Received |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

The following filing was received by PeachCourt and has been successfully transmitted to the Clerk of Fulton Superior Court. You will receive a separate confirmation message if this filing is accepted by the clerk. We invite you to reply to this message if you have any questions.

Submission Date: 12/8/2022 at 9:23 AM
Peach #: E-DHKE3RX3
Case #: Pending acceptance by clerk
Case Name: Stephens v GUSTAVO JIMENEZ, INC. , et al

Documents

Complaint: Complaint for Damages
Audrey Stephens Complaint for Damages.pdf

Summons: Summons for Wall, Jack.
System Generated Summons

Summons: Summons for GUSTAVO JIMENEZ, INC. .
System Generated Summons

Summons: Summons for BERKLEY PRIME TRANSPORTATION INSURANCE COMPANY.
System Generated Summons

Case Information Form: Case Information Form
System Generated Case Information Form

Unexecuted Sheriff's Entry of Service for Wall, Jack. Note: filer is responsible for coordinating service.

Unexecuted Sheriff's Entry of Service for GUSTAVO JIMENEZ, INC. . Note: filer is responsible for coordinating service.

Unexecuted Sheriff's Entry of Service for BERKLEY PRIME TRANSPORTATION INSURANCE COMPANY. Note: filer is responsible for coordinating service.

Filer: TAMARA ANSARI

Payment amount: $269.40

Court Filing Fee: General Civil: $214.00
eFiling Fee: $30.00


EXHIBIT
D

**Emily Spidle**

| | |
|---|---|
| **From:** | PeachCourt Notifications <notifications@peachcourt.com> |
| **Sent:** | Friday, December 9, 2022 2:46 PM |
| **To:** | Tamara Ansari; Emily Spidle |
| **Subject:** | Your eFiling was NOT ACCEPTED. |

The CLERK OF FULTON COUNTY SUPERIOR COURT chose to REJECT the eFiling submitted by TAMARA ANSARI on 12/8/2022 at 9:04 AM.

On 12/9/2022 at 2:45 PM, the CLERK OF FULTON COUNTY SUPERIOR COURT provided the following explanation:
Non-Payment of Fees PLEASE ADD THE PROPOER FEES FOR THE ADDITIONAL PARTIES IS $8.00 PER ADDITIONAL PARTY

Please keep the following in mind:

1. If you have any questions about why this filing was REJECTED, please contact the CLERK OF FULTON COUNTY SUPERIOR COURT.
2. You can RESUBMIT this eFiling by following this link: www.peachcourt.com/File/Details/Resubmit?peachNumber=E-RJQGMBN3
3. If you have any questions about the status of this filing or anything else regarding PeachCourt, please contact us through our online chat at peachcourt.com or by calling 844-GA-EFILE. Please reference Peach Number E-RJQGMBN3.
4. You have not been charged for this filing.

This eFiling included the following documents:

Complaint: Complaint for Damages
Audrey Stephens Complaint for Damages.pdf

Summons: Summons for Wall, Jack.
System Generated Summons

Case Information Form: Case Information Form
System Generated Case Information Form

Unexecuted Sheriff's Entry of Service for Wall, Jack. Note: filer is responsible for coordinating service.

**We are here to help! Reach out however you like:**

**Reply to this message**
**Call toll-free 844-GA-EFILE**
**Chat at https://www.peachcourt.com/**
**Learn a lot at http://awesome.peachcourt.com/**



## Emily Spidle

| | |
|---|---|
| **From:** | PeachCourt Notifications <notifications@peachcourt.com> |
| **Sent:** | Friday, December 9, 2022 2:50 PM |
| **To:** | Tamara Ansari; Emily Spidle |
| **Subject:** | PeachCourt Activity 2022CV373697: Filing Confirmed |

The following filing information has been accepted by the Clerk of Fulton Superior Court. We invite you to reply to this message if you have any questions.

Filing Date: 12/8/2022 at 9:23 AM
Filer: TAMARA ANSARI
Peach #: E-DHKE3RX3
Case #: 2022CV373697
Assigned Judge: SCE
Case Name: Stephens v GUSTAVO JIMENEZ, INC. , et al

Documents

A file-stamped copy of each document is available for you to download. The download link is available for 30 days from the time this message was sent.

If the links below are not clickable, please copy and paste each link into your browser.

Complaint | Complaint for Damages | https://peachcourt.com/Redirect?id=ZU0GQAAI

Summons | Summons for Wall, Jack. | https://peachcourt.com/Redirect?id=FSSLRRCJ

Summons | Summons for GUSTAVO JIMENEZ, INC. . | https://peachcourt.com/Redirect?id=GBR0IJIC

Summons | Summons for BERKLEY PRIME TRANSPORTATION INSURANCE COMPANY. | https://peachcourt.com/Redirect?id=11NV4RZN

Case Information Form | Case Information Form | https://peachcourt.com/Redirect?id=A5AEL3YG

Sheriff's Entry of Service| Unexecuted Sheriff's Entry of Service for Wall, Jack. Note: Filer is responsible for coordinating service. | https://peachcourt.com/Redirect?id=5AE0HJZO

Sheriff's Entry of Service| Unexecuted Sheriff's Entry of Service for GUSTAVO JIMENEZ, INC. . Note: Filer is responsible for coordinating service. | https://peachcourt.com/Redirect?id=HMFLBTNL

Sheriff's Entry of Service| Unexecuted Sheriff's Entry of Service for BERKLEY PRIME TRANSPORTATION INSURANCE COMPANY. Note: Filer is responsible for coordinating service. | https://peachcourt.com/Redirect?id=BNVHDGG5

Payment amount: $269.40
Method of payment: CreditCard
Client Reference #: N/A



**EXHIBIT**

F

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

|  |  |  |
|---|---|---|
| **AUDREY STEPHENS,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL   ACTION   FILE   NO.** |
| | ) | |
| **JACK EDWARD WALL, GUSTAVO** | ) | |
| **JIMENEZ, INC. DBA SOUTHWEST** | ) | **2022CV373697** |
| **FREIGHT LINES, and BERKLEY** | ) | |
| **PRIME TRANSPORTATION** | ) | |
| **INSURANCE COMPANY,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## PETITION TO RELATE THE DATE OF FILING BACK TO THE DATE OF THE FIRST FILING ATTEMPT

NOW COMES AUDREY STEPHENS, Plaintiff, by and through her counsel of record,

and files this PETITION TO RELATE THE DATE OF FILING BACK TO THE DATE OF

THE FIRST FILING ATTEMPT pursuant to Section 6 of the Superior Court of Fulton County

Standing Order Regarding Electronic Filing for Civil Cases, file stamped October 12, 2018,

showing the Court as follows:

### FACTS

Plaintiff originally submitted the Complaint for electronic filing on December 2, 2022.

Plaintiff received a "filing submitted" receipt on the same date. (See Exhibit "A").



**EXHIBIT**

G

On December 6, 2022, Plaintiff's Counsel contacted Peachcourt via telephone regarding the status of the filing. Plaintiff's Counsel was informed that the filing was waiting in the Fulton County Clerk's filing portal, that "they might be backed up," and that the E-Document was still pending review by the Fulton County Clerk's Office.

On December 7, 2022, Plaintiff's Counsel contacted the Fulton County Clerk's Office via telephone regarding the status of the filing, and was informed that the filing was still pending review.

On December 8, 2022, at 8:49 a.m., Plaintiff received an email from Peachcourt stating that the eFiling submitted on 12/2/2022 was not accepted by the Clerk of Fulton County Superior Court due to nonpayment of fees for additional parties. (See Exhibit "B").

On December 8, 2022, at 9:04 a.m., Plaintiff resubmitted the eFiling (See Exhibit "C"), then immediately contacted the Fulton County Clerk's Office for assistance regarding the correct method to pay the additional fees. The Fulton County Clerk's Office advised Plaintiff's Counsel regarding the method to pay the additional fees; and told Plaintiff's Counsel to resubmit the eFiling again because eFilings cannot be edited. After being advised by the Fulton County Clerk's Office, Plaintiff re-submitted the eFiling for a second time at 9:23 a.m. on December 8, 2022. (See Exhibit "D").

On December 9, Plaintiff received an email from Peachcourt stating that the eFiling submitted at 9:04 a.m. on December 8, 2022, had been rejected due to non-payment of fees for additional parties. (See Exhibit "E") On December 9, 2022, Plaintiff received another email from Peachcourt stating that the eFiling submitted at 9:23 a.m. on December 8, 2022, was

accepted. (See Exhibit "F"). The Complaint was stamp-filed for December 8, 2022. (See

Exhibit "G").

## **LEGAL AUTHORITY**

Section 6C of the Superior Court of Fulton County Standing Order Regarding Electronic

Filing for Civil Cases states in pertinent part:

> Clerk of Court Review: Acceptance/Rejection Procedure. Following submission of an E-Document, the Clerk of Court shall timely review the E-Document. eFileGA shall notify the filing party via e-mail as to whether the filing was accepted or rejected. Upon acceptance, the submitted E-Document shall be entered into the docket of the case. An E-Document shall be deemed to have been filed as of the date and time it was initially E-Filed as defined above in Paragraph 6(A) and not the date and time it was accepted by the Clerk of Court. (Example: an E-Document E-Filed at 9: 15 p.m. on Friday 31 August 2018 and accepted by the Clerk of Court at 3: 18 p.m. on Tuesday 4 September 2018 (the first business day after 31 August 2018 was filed on 31 August 2018.)

> If an E-Document is rejected by the Clerk of Court, and a filer wishes to challenge the rejection and/or relate the date of filing back to the date of the first filing attempt, the filer must petition the Court for such relief.

Section 6(D)(3) of the Superior Court of Fulton County Standing Order Regarding Electronic

Filing for Civil Cases states in pertinent part:

> In accordance with Uniform Superior Court Rule 36.16(F), if E-filing or E-Service of an E-Document does not occur because of…a failure to timely process the e-document when received by eFileGA…the Court may upon satisfactory proof enter an order permitting the E-Document to be filed *nunc pro tunc* to the date it was first attempted to be transmitted electronically.

Furthermore, O.C.G.A. 15-6-11(b)(4)(e) states in perinate part:

> Any pleading or document filed electronically shall be deemed filed as of the time of its receipt by the electronic filing service provider.

## **CONCLUSION**

In summary, Plaintiff's submission was not timely reviewed and processed by the Fulton

County Superior Court Clerk's Office. Plaintiff originally filed the eDocument on December 2,

2022; however, Plaintiff was not made aware of the rejection until December 8, 2022 at 8:49 a.m. After Plaintiff's counsel was made aware of the rejection, the payment was made within 34 minutes and the filing was ultimately accepted on December 9, 2022.

**WHEREFORE**, Plaintiff prays for the following:

(a)  That the Court relate the date of filing back to the date of the first filing attempt, which is December 2, 2022; and

(b)  Direct that the Complaint be stamp-filed with the date of December 2, 2022.

This 12th day of December, 2022.

Sincerely,

LAW OFFICE OF TAMARA ANSARI, LLC

*/s/ Tamara Ansari*
Tamara Ansari
Georgia Bar Number 053696
Attorney for Plaintiff

30 Second Street
Jackson, Georgia 30233
(844) 945-5488 - phone
(404) 601-3891 - fax
tamara@tansarilaw.com

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| **AUDREY STEPHENS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | CIVIL  ACTION  FILE  NO. |
| | ) | |
| **JACK EDWARD WALL, GUSTAVO** | ) | **2022CV373697** |
| **JIMENEZ, INC. DBA SOUTHWEST** | ) | |
| **FREIGHT LINES, and BERKLEY** | ) | |
| **PRIME TRANSPORTATION** | ) | |
| **INSURANCE COMPANY,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>PROPOSED ORDER</u>

Plaintiff having moved the Court for an order to relate the date of filing back to the date

of the first filing attempt, which is December 2, 2022; and direct that the Complaint be stamp-

filed with the date of December 2, 2022.

IT IS HEREBY ORDERED that the filing date be related back to the first filing attempt

which is December 2, 2022, and the Complaint be stamp-filed with the date of December 2,

2022.

This _____ day of December, 2022.

_____
Honorable Judge
Superior Court of Fulton County



Presented by: LAW OFFICE OF TAMARA ANSARI, LLC

/s/ Tamara Ansari
Tamara Ansari
Georgia Bar Number 053696
Attorney for Plaintiff

30 Second Street
Jackson, Georgia 30233
(844) 945-5488 - phone
(404) 601-3891 - fax
tamara@tansarilaw.com

EXHIBIT A

## IN THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **AUDREY STEPHENS,**<br>    **Plaintiff,**<br><br>**vs.**<br><br>**JACK EDWARD WALL, GUSTAVO<br>JIMENEZ, INC. DBA SOUTHWEST<br>FREIGHT LINES, and BERKLEY<br>PRIME TRANSPORTATION<br>INSURANCE COMPANY,**<br>    **Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **CIVIL   ACTION   FILE   NO.**<br><br>**2022CV373697** |

## <u>ORDER</u>

Plaintiff having moved the Court for an order pursuant to O.C.G.A. §15-6-11(e), and having shown good cause, IT IS HEREBY ORDERED that the Complaint in the above-styled case is deemed filed on December 2, 2022, the time of its receipt by the electronic filing service provider.

SO ORDERED this _28th__ day of December, 2022.

_____
Honorable Judge Charles M. Eaton, Jr.
Superior Court of Fulton County

Presented by: LAW OFFICE OF TAMARA ANSARI, LLC

_/s/ Tamara Ansari_____
Tamara Ansari
Georgia Bar Number 053696
Attorney for Plaintiff

30 Second Street
Jackson, Georgia 30233
(844) 945-5488 - phone
(404) 601-3891 - fax
tamara@tansarilaw.com

**EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
FULTON COUNTY, GEORGIA

**2022CV373697**

FEB 07, 2023 02:24 PM

*Cathelene Robinson*
Cathelene Robinson, Clerk
Fulton County Superior Court

## IN THE SUPERIOR COURT OF FULTON COUNTY

## STATE OF GEORGIA

| | | |
|---|---|---|
| **AUDREY STEPHENS,** | ) | **CIVIL ACTION FILE NO.** |
| | ) | |
| **Plaintiff,** | ) | **2022CV373697** |
| | ) | |
| **vs.** | ) | |
| **WALL JACK;** | ) | |
| **GUSTAVO JIMENEZ INC.,** | ) | **JURY TRIAL DEMAND** |
| **D/B/A SOUTHWEST FREIGHT** | ) | |
| **LINES; BERKLEY** | ) | |
| **TRANSPORTATION** | ) | |
| **INSURANCE COMPANY** | ) | |
| **Defendants.** | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

### ENTRY OF APPEARANCE

**COMES NOW**, Counsels for Plaintiff, listed below, in the above-mentioned case, who hereby enters their appearance pursuant to Rule 4.2 of the Uniform Superior Court Rules, and shows that any and all discovery, orders, notices, and/or other related materials should be sent to the address herein below.

Respectfully submitted this __7th___ day of February 2023.

LAW OFFICE OF KIMBERLY BANDOH

*/s/ Kimberly Bandoh_____*
Kimberly Bandoh
Georgia Bar Number 142232
Attorney for Plaintiff
kim@bandohlaw.com

1

Sheriff Number: 23004662    Court Case Number: 2022CV373697    EXHIBIT A

Date Received: 2/8/2023 Time: 3:38 PM

Special Service Inst:

State of Georgia ~~Gwinnett~~ Fulton County

**EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
FULTON COUNTY, GEORGIA

**2022CV373697**

FEB 17, 2023 01:03 PM

Cathelene Robinson, Clerk
Fulton County Superior Court

### ATTORNEY'S ADDRESS

KIMBERLY L FOWLER LLC
1745 PHOENIX BLVD
ATLANTA, GA 30349

AUDREY STEPHENS
PLAINTIFF
VS.
JACK WALL
DEFENDANT

### NAME AND ADDRESS OF PARTY TO BE SERVED

BERKLEY PRIME TRANSPORTATION INSURANCE COMPANY
CT CORP
289 SOUTH CULVER STREET
LAWRENCEVILLE, GA 30046

RECEIVED 2023 FEB -8 PM 3:41 CIVIL KLERY

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL** [ ]

Sex_____ Skin Color_____ Hair Color_____ Age_____ Hgt_____ Wgt_____
I have this day served the defendant _____ personally with a copy of the within action and summons.

**NOTORIOUS** [ ]

I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place in this County.

Delivered same into the hands of _____ described as follows:

| SEX | SKIN COLOR | HAIR COLOR | AGE | HGT | WGT |
|-----|-----------|-----------|-----|-----|-----|
|     |           |           |     |     |     |

**CORPORATION** [X]

I have this day served the *Berkley Prime Transportation Insurance Company* the within action and summons with *Jane Richardson* a corporation by leaving a copy of doing business of said Corporation in this County. in charge of the office and place of

**TACK AND MAIL** [ ]

I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST** [ ]

Diligent search made and defendant _____ not to be found in the jurisdiction of this Court.

**SPECIAL PROCESS**

_____

**COMMENTS**

_____

Date: *2/10/23*

Time: _____

*Lt. Higgins 50541*
Deputy Sheriff

_____

GWINNETT COUNTY GEORGIA

2022CV373697

☑ **Superior Court**   ☐ **Magistrate Court**    CASE NUMBER

**Fulton** COUNTY, GEORGIA

EXHIBIT A

Audrey Stevens

Plaintiff

🏛 **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
FULTON COUNTY, GEORGIA

**2022CV373697**

FEB 13, 2023 02:11 PM

Cathelene Robinson, Clerk
Fulton County Superior Court

VS.

Gustavo Jimenez DBA

Southwest Freight lines

Defendant

Address

c/o Cody Gillies

5704 Veterans Parkway

Columbus, GA 31904

Garnishee ☐

Address ☐

Attorney or Plaintiff's Name & Address

Kimberly Bandoh, Esq.
1745 Phoenix Blvd., Ste 480
Atlanta, GA 30349

Designate Party to be served by placing a check in box above.

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL** ☑ I have this day served the defendant ........ CODY GILLIES ........................................ personally with a copy of the within action and summons. ........ SUMMONS ........

**NOTORIOUS** ☑ I have this day served the defendant ........ SOUTHWEST FREIGHT LINES ........................... by leaving a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of ........ CODY GILLIES ........................................ described as follows

age, about ............. years; weight, about ............... pounds; height, about ...... 6 ...... feet and ....................... inches, domiciled at the residence of defendant, at ................... A.M. - P.M.

**CORPORATION** ☑ Served the (defendant, Garnishee) ........ SOUTHWEST FREIGHT ........................................ a corporation

by leaving a copy of the within action and summons with ........ CODY GILLIES ............................ in charge of the office and place of doing business of said Corporation in this County, at ...14.65.. A.M. P.M. SUMMONS + COMPLAINT

**TACK & MAIL** ☐ I have this day served the above affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class, in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST** ☐ Diligent search made and defendant ........................................................ not to be found in the jurisdiction of this Court.

RETURN THIS COPY
TO SHERIFF'S OFFICE

The defendant is required to answer no later than ........................................................ , 20............ , at the place stated in the summons.

This ....9.... day of ........ FEB ........ , 20. 23   1465

23003199

B. ADKINS   158

DEPUTY SHERIFF, **Fulton** N COUNTY.

0023005

WHITE: Clerk;   CANARY: Plaintiff;   PINK: Defendant

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

AUDREY STEPHENS,

      Plaintiff,

v.

JACK EDWARD WALL, GUSTAVO
JIMENEZ, INC. DBA SOUTHWEST
FREIGHT LINES, and BERKLEY PRIME
TRANSPORTATION INSURANCE
COMPANY,

      Defendants.

Civil Action File No: 2022CV373697

## **NOTICE OF FILING OF NOTICE OF REMOVAL**

TO:    Clerk, Superior Court of Fulton County, Georgia

COMES NOW Defendant Gustavo Jimenez, Inc. dba Southwest Freight Lines ("Defendant"), a named Defendant in the above-styled civil action, and, by and through its undersigned counsel of record, provides the following notice to the Court:

In compliance with 28 U.S.C. § 1446(d), you are hereby notified of Defendant's filing of a Notice of Removal in this action with the United States District Court for the Northern District of Georgia, Atlanta Division with the consent and approval of Defendants Jack Edward Wall and Berkley Prime Transportation Insurance Company, which consent and approval was given to their undersigned counsel. A copy of the Notice of Removal to be filed by Defendant the same day as the filing hereof is attached hereto as Exhibit "A."

Pursuant to 28 U.S.C. §1446(d), this Court is **precluded** from taking any further action with respect to this case unless and until the same is remanded back to this Court by order of the United States District Court for the Northern District of Georgia.

Submitted this 13th day of March, 2023.

|  | **MCANGUS GOUDELOCK & COURIE, LLC** |
|---|---|

Post Office Box 57365
270 Peachtree Street, NW, Suite 1800 (30303)
Atlanta, Georgia 30303
(678) 510-1526
Melody.kiella@mgclaw.com
Camille.Dizon@mgclaw.com

*/s/Melody C. Kiella*
Melody C. Kiella
Georgia Bar No. 206275
Camille Dizon
Georgia Bar No. 953073

*Attorneys for Defendants*

EXHIBIT A

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

AUDREY STEPHENS,

    Plaintiff,

v.

JACK EDWARD WALL, GUSTAVO
JIMENEZ, INC. DBA SOUTHWEST
FREIGHT LINES, and BERKLEY PRIME
TRANSPORTATION INSURANCE
COMPANY,

    Defendants.

Civil Action File No: 2022CV373697

## CERTIFICATE OF SERVICE

    This is to certify that the undersigned has served a true and correct copy of the foregoing

document upon Plaintiff via electronic filing and via email, addressed as follows:

Tamara Ansari, Esq.
Law Office of Tamara Ansari, LLC
30 Second Street
Jackson, Georgia 30233
tamara@tansarilaw.com

    Submitted this 13th day of March, 2023.

**MCANGUS GOUDELOCK & COURIE,
LLC**

Post Office Box 57365
270 Peachtree Street, NW, Suite 1800 (30303)
Atlanta, Georgia 30303
(678) 510-1526
Melody.kiella@mgclaw.com
Camille.Dizon@mgclaw.com

*/s/Melody C. Kiella*
Melody C. Kiella
Georgia Bar No. 206275
Camille Dizon
Georgia Bar No. 953073

*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

AUDREY STEPHENS,

     Plaintiff,

v.

JACK EDWARD WALL, GUSTAVO
JIMENEZ, INC. DBA SOUTHWEST
FREIGHT LINES, and BERKLEY
PRIME TRANSPORTATION
INSURANCE COMPANY,

     Defendants.

Civil Action File No:

## DEFENDANT GUSTAVO JIMENEZ, INC. DBA SOUTHWEST FREIGHT LINES' NOTICE OF REMOVAL

COMES NOW Defendant, GUSTAVO JIMENEZ, INC. DBA
SOUTHWEST FREIGHT LINES ("SWFL"), A named Defendant in the above-
styled civil action, and, by and through its undersigned counsel and with the
consent and approval of Defendants Jack Edward Wall ("Wall") and Berkley
Prime Transportation Insurance Company[1] ("BP"), which consent and approval
was given to the undersign counsel (which counsel represents all named

---

[1] Defendant SWFL contends Defendant BP is an improper party to this action as it did not issue
the commercial auto policy in effect at the time of the incident that forms the basis of
Plaintiff's Complaint and, more specifically, the direct action claim asserted against BP. As
stated on the Declarations Page of the subject policy, non-party Berkley Casualty Company
issued the relevant policy.

Defendants in this action), petitions this Court for removal of the action herein from the Superior Court of Fulton County to the United States District Court for the Northern District of Georgia, Atlanta Division, respectfully showing this Court as follows:

## I.     THE STATE COURT ACTION

1.

On December 2, 2022, Plaintiff Audrey Stephens filed her personal injury Complaint in the Superior Court of Fulton County, Georgia, thereby initiating a civil action styled as follows: *Audrey Stephens v. Jack Edward Wall, Gustavo Jimenez, Inc. dba Southwest Freight Lines,* and *Berkley Prime Transportation Insurance Company*; Civil Action File No. 2022CV373697 (the "State Court action"). (True and correct copies of all process and pleadings obtained by counsel for Defendants in connection with the State Court action are attached hereto and incorporated herein as Exhibit "A"). Defendants SWFL is filing its Answer to Plaintiff's Complaint contemporaneously herewith (along with Defendant BP), within the time permitted under 28 U.S.C. § 1446.

2.

Plaintiff's claims asserted against Defendants in this action arise from a motor vehicle collision involving vehicles operated by Plaintiff and a tractor-trailer

operated by Defendant Wall, which collision occurred on December 7, 2020 in

Fulton County, Georgia. (*See* Ex. A, Complaint, ¶¶ 7-10).

## II. <u>SERVICE OF PROCESS ON DEFENDANTS</u>

3.

On February 9, 2023, Defendant SWFL received an email from All

American Agents of Process ("All American") acting as its blanket process agent[2]

authorized to accept service of process on its behalf in any state that it traverses

while operating as an authorized motor carrier. In this email, All American notified

SWFL that its Georgia office received a copy of Plaintiff's Summons and

Complaint in its capacity as SWFL's blanket agent (which it would mail to SWFL)

and attached an email copy of the relevant pleadings. (*See* a true and correct copy

of the February 9, 2023 email and the attachments thereto attached hereto and

made a part hereof as Exhibit "B"). This email stated, "(*Id.*, p. 1). Defendant

SWFL received a certified mail copy of the Summons and Complaint from All

American on March 9, 2023. (*See* a true and correct copy of a March 9, 2023 email

from SWFL's Director of Safety stating "[w]e just received this civil action

summons today via mail" and attached a complete copy of the package received.

---

[2] Per 49 C.F.R. § 366.5, a motor carrier may designate a blank process agent to accept service or process on its behalf in all states it traverses during its operations so long as such company is registered with and approved by the FMCSA as a blanket process agent.

(*See* a true and correct copy of the March 9, 2023 email and the attachments thereto attached hereto and made a part hereof as Exhibit "C").

4.

On February 13, 2023, a Sheriff's Entry of Service was filed in the State Court action, which states that Defendant SWFL was served with Plaintiff's Complaint via All American's Georgia office on February 9, 2023. (*See* Exhibit A, Entry of Service). Thus, Defendant SWFL's answer to Plaintiff's Complaint filed this Monday, March 13, 2023 is timely. *See* O.C.G.A. § 1-3-1(d)(3) ("when a period of time measured in days . . . is prescribed for the exercise of any privilege or the discharge of any duty, the first day shall not be counted but the last day shall be counted; and, if the last day falls on Saturday or Sunday, the party . . . shall have through the following Monday to exercise the privilege or to discharge the duty.").

5.

On February 17, 2023, a Sheriff's Entry of Service was filed in the State Court action purporting to show that Defendant BP was served with Process and a copy of Plaintiff's Complaint via CT Corp., 289 South Culver Street, Lawrenceville, Georgia 30046 on February 10, 2023. (See Ex. A, Entry of Service).

6.

Contrary to the information reflected in the foregoing Entry of Service, Defendant BP does not operate in Georgia and does not maintain any registered agent in the State of Georgia. Such information can easily be obtained via the Georgia Secretary of State's Corporations Division website, which, if searching for Defendant BP's registered agent and corporate information therein, would see a "no results" pop-up. Because Defendant BP has no registered agent in Georgia, there is no possibly way Defendant BP could have been validly served with process as reflected in the February 17th Entry of Service. However, to the extent the foregoing Entry of Service is deemed proper service on Defendant BP (which it is not), Defendant BP's answer to Plaintiff's Complaint filed this Monday, March 13, 2023 is timely. O.C.G.A. § 1-3-1(d)(3)

7.

Defendant Wall has not been served with process at his residence (located in the State of Texas) as of the date of the filing of this Notice of Removal, and no affidavit of service or other document reflecting any such service has been filed in the State Court action.

8.

Because Defendant SWFL, with the consent of Defendants BP and Wall, is filing this Notice of Removal within thirty (30) days of All American being "served" with process as this Defendant's blanket agent and within thirty (30) days of the purported service on BP's non-existent Georgia agent[3], this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b). *Bailey v. Janssen Pharmaceutica, Inc*., 536 F.3d 1202 (11th Cir. 2008).

## III.   DIVERSITY OF THE PARTIES

9.

Plaintiff is an individual domiciled in and a citizen of the State of Georgia and, upon information and belief, resides within the Northern District of Georgia. (*See* Ex. A, Complaint, ¶ 1). 28 U.S.C. § 1332(c)(1).

10.

Defendant Wall is an individual domiciled in and a citizen of the State of Texas. (*See* Ex. A, Complaint, ¶ 2). 28 U.S.C. § 1332(c)(1).

---

[3] As outlined above, Defendants SWFL and BP were required to file their answer or responsive pleading to Plaintiff's Complaint on Saturday, March 11, 2023 and Sunday, March 12, 2023, respectively. However, pursuant to Georgia and Federal procedure, their deadline was extended through Monday, March 13, 2023 per O.C.G.A. § 1-3-1(d)(3) and/or Fed. R. Civ. P. 6(a).

11.

Defendant SWFL is an authorized for-hire interstate motor carrier organized and existing under the laws of the State of Texas, maintains its principal (and only) place of business at 11991 Transpark Road, El Paso, Texas 79927, and can be served with process through Guistavo Jimenez at its principal office in El Paso, Texas. (*See* a true and correct copy of Gustavo Jimenez, Inc.'s 1994 Articles of Incorporation, SWFL's 2014 Assumed Name Certificate, SWFL's most recent Texas Annual Report, and SWLF's FMCSA Safer Company Snapshot collectively attached hereto and made as Exhibit "D"). This Defendant may also be served with process in the State of Georgia through All American's Georgia agent Cody B. Gillies at 5704 Veterans Parkway, Columbus, Georgia 31904 (as outlined above). (*See* a true and correct copy of Defendant SWFL's Licensing and Insurance Public Details publicly available via the FMCSA's Safer database showing All American as its "Blanket Company" and All American's list of process agents by state collectively attached hereto as Exhibit "E").

12.

SWFL's designation of All American as its Georgia blanket process agent authorized to accept process on its behalf (as required by the FMCSA) does not render SWFL a citizen of the State of Georgia for diversity purposes. *See Barnett*

*v. Norfolk & Dedham Mut. Fire Ins. Co*., 773 F. Supp. 1529, 1531 (N.D. Ga. 1991)

("the mere fact that a corporation is doing business or is licensed to do business in

a state does not make it a citizen of that state for purposes of diversity

jurisdiction."). Accordingly, because Defendant SWLF is incorporated in and

maintains its principal place of business in the State of Texas, SWFL is deemed to

be a citizen of the State of Texas. See 28 U.S.C. § 1332(c)(1) (a "corporation shall

be deemed to be a citizen of any state by which it has been incorporated and of the

state where it has its principal place of business[.]"); *Howell v. QS of Ga., LLC*,

2007 U.S. Dist. LEXIS 105371, *4 (N.D. Ga. 2007).

13.

Contrary to the allegations in Plaintiff's Complaint, BP did not issue the

Commercial Lines Policy providing coverage to Defendant SWFL at the time of

the collision at issue in this action. Rather, such policy was issued by non-party

Berkley Casualty (and not Defendant BP). (*See* a true and correct copy of pertinent

portions of the Commercial Lines policy issued by non-party Berkley Casualty

through Defendant BP attached hereto as Exhibit "F"). As a result, Defendant BP

is an improper party to this action and should be substituted for non-party Berkley

Casualty.

14.

Defendant BP is a Florida entity that maintains its principal office at 5011 Gate Parkway, Bldg. 200, Suite 200, Jacksonville, Florida 32256. (Ex. F, p. 1; *see also* a true and accurate copy of BP's contact information attached hereto and made a part hereof as Exhibit "G"). Defendant BPD does not maintain a registered agent in and does not transact business in the State of Georgia; thus, Plaintiff's attempt to serve Defendant BP via CT Corporation in Georgia was improper and does not constitute valid service of process. (*See* Paragraphs 5 and 6 above). However, to the extent this Court deems the citizenship of Defendant BP for diversity purposes, Defendant BP is a citizen of the State of Florida.

15.

Non-party Berkley Casualty (the insurer that issued the relevant policy to Defendant SWFL, as clearly indicated on such policy) is an Iowa insurance corporation that maintains its principal office at One Metroplex Drive, Suite 500, Birmingham, Alabama 35266. (*See* a true and correct copy of non-party Berkley Casualty's 2022 Florida Annual Report and Exhibit 21 of W.R. Berkley Corporation's SEC Form K-10 collectively attached hereto and made a part hereof as Exhibit "H"). Accordingly, to the extent Berkley Casualty is substituted in place of Defendant BP with regard to Plaintiff's direct action claim, which claim is based

solely on the insurance policy issued by non-party Berkley Casualty, Defendant BP is deemed a citizen of the States of Iowa and Alabama.

16.

As outlined above, (a) Plaintiff is a citizen of Georgia; (b) SWFL is a citizen of Texas; (c) Wall is a citizen of Texas; (d) BP is a citizen of Florida; and (e) to the extent non-party Berkley Casualty is substituted in place of the improperly named Defendant BP, it is deemed a citizen of Iowa and Alabama. Accordingly, complete diversity exists for purposes of satisfying § 1332(a). *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 187 (1990) (all plaintiffs must be diverse from all defendants for diversity jurisdiction); *see also Palmer v. Hosp. Auth. of Randolph Cnty.*, 22 F.3d 1559, 1564 (11th Cir. 1994) ("Diversity jurisdiction, as a general rule, requires complete diversity—every plaintiff must be diverse from every defendant.").

## IV.   **AMOUNT IN CONTROVERSY**

17.

This personal injury action arises out of a December 7, 2020 motor vehicle collision involving a tractor-trailer operated by Defendant Wall as an employee of Defendant SWFL and a Honda Accord operated by Plaintiff on I-20 West near its intersection with I-285 in Fulton County, Georgia.  (*See* Ex. A, Complaint, ¶ 7).

### *Plaintiff's Complaint*

18.

Plaintiff alleges in her Complaint that, while she was traveling straight in the third lane on I-20 West, Defendant Wall entered into her lane and collided with her vehicle. (*See* Ex. A, Complaint, ¶ 7-10).

19.

Plaintiff claims Defendant Wall was negligent and/or negligent per se in failing to (i) maintain control of the tractor-trailer, (ii) keep a proper lookout, (iii) maintain his lane, (iv) operate the tractor-trailer "in accord with generally accepted safety principles and practices of the trucking industry," and (v) operate the tractor-trailer "as a reasonable and product professional driver under the circumstances." (*See* Ex. A, Complaint, ¶¶ 15-17).

20.

Plaintiff further contends that Defendant SWFL (i) is vicariously liable for the alleged negligence of Defendant Wall; (ii) was negligent in hiring, training, retaining, supervising and entrusting the tractor-trailer to Defendant Wall as it knew or should have known that hiring Wall "to operate on public roadways created a high degree of probability of injury to others;" and (iii) was negligent/negligent per se in allowing Wall to operate the tractor-trailer in violation

of "promulgated standards of care," industry standards, and/or applicable Federal regulations. (*See* Ex. A, Complaint, ¶¶ 19-22, 25-26).

21.

According to Plaintiff, the alleged negligence of Defendants Wall and SWFL caused (i) the collision; (ii) Plaintiff to suffer (a) personal injuries, including "injuries to the cervical spine, lumbar spine, and thoracic spine, including herniated discs, disc protrusions, [and] disc bulges," (b) "extensive pain and suffering directly affecting her quality of life," and (c) mental anguish she continues to endure; (iii) Plaintiff to incur medical expenses totaling $25,882.72, and will continue causing her to incur medical expenses in the future; and (iv) Plaintiff to be unable to work and, as a result, suffer past and future lost wages. (*See* Ex. A, Complaint, ¶¶ 16, 21, 27-28, 39-43). She further contends that Defendants Wall and SWFL acted with willful misconduct, malice, wantonness, oppression, or an entire want of care sufficient to raise the presumption of conscious indifference to the consequences sufficient to support an award of punitive damages. (*Id.*, ¶ 45-46).

22.

Based on the foregoing, Plaintiff's Complaint prays that she recover (i) **damages "to compensate Plaintiff for her pain and suffering, past, present,**

and future, **which sums exceed the amount of $75,000.00**;" (ii) past and future medical expenses; (iii) past and future lost wages; and (iv) damages to compensate for other economic and non-economic losses proven at trial. (*Id.* at pp. 8-9, Plaintiff's Prayer of Relief) (emphasis added).

### *Amount in Controversy in this Action*

#### 23.

To determine whether the jurisdictional threshold of $75,000.00 is met, the Court must assume the Plaintiff will "prevail" on all claims, and then assess whether "an award below the jurisdictional amount would be outside the range of permissible awards because the case is clearly worth more than [$75,000.00]." *Burns v. Windsor, Inc*., 31 F.3d 1092, 1096 (11th Cir. 1994); *St. Paul Indemnity Co. v. Cab Co.*, 303 U.S. 283, 288 (1937).

#### 24.

Plaintiff's Complaint shows that the amount in controversy in this action exceeds $75,000 exclusive of interests in costs. First, Plaintiff claims that a collision caused her to suffer injuries to her spine and significant pain and also caused her to incur past and future medical expenses and past and future lost wages. Second, Plaintiff alleges that Defendants' conduct supports an award of punitive damages. Lastly, Plaintiff's Complaint specifically states that the amount

in controversy **exceeds $75,000**. Accordingly, the nature and extent of Plaintiff's alleged injuries and damages and Plaintiff's allegations that such damages exceed this Court's jurisdictional limit clearly satisfy the amount in controversy requirement. *See Cheatwood v. Quicktrip Corp.*, 2014 U.S. Dist. LEXIS 153222, *5 (N.D. Ga. 2014) (it may be "facially apparent" from the complaint that the amount in controversy exceeds $75,000[.]" (*citing Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001)); *Enter. Leasing Co. of Georgia, LLC*, 818 F. App'x 880, 883 (11th Cir.2020).

## REMOVAL BASED ON DIVERSITY JURISDICTION IS PROPER IN THIS CASE

### 25.

This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1332(a) and 1441 because (i) complete diversity exists between the named parties to this action, and (ii) the amount in controversy exceeds $75,000.00.

### 26.

By service of a copy of this Notice of Removal, as evidenced by the Certificate of Service attached hereto, Defendant SWFL, with the consent and agreement of Defendants Wall and BP, hereby gives notice of such removal to Plaintiff as required by 28 U.S.C. § 1446.

27.

A true and correct copy of this Notice of Removal will be filed with the Clerk of the Superior Court of Fulton County, Georgia, as required by 28 U.S.C. § 1446(d).

28.

Nothing stated herein shall be deemed an admission by this Defendant or on behalf of any other Defendant as to liability, causation, and/or damages owed to Plaintiff.

WHEREFORE, Defendant prays that (a) the above-captioned lawsuit be removed to the United States District Court for the Northern District of Georgia, Atlanta Division, (b) this Court take cognizance and jurisdiction over this action from the Superior Court of Fulton County, Georgia, and (c) this action proceed as removed and under this Court's jurisdiction pursuant to 28 U.S.C. § 1332.

The undersigned has read this Notice of Removal and, to the best of her knowledge, information, and belief, formed after reasonable inquiry, has determined it is well-grounded in fact, is warranted by existing law, and is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

Submitted this 13th day of March, 2023.

|  | **MCANGUS GOUDELOCK & COURIE, LLC** |
|---|---|
| Post Office Box 57365 | _/s/Melody C. Kiella_ |
| 270 Peachtree Street, NW, Suite 1800 (30303) | Melody C. Kiella |
| Atlanta, Georgia 30303 | Georgia Bar No. 206275 |
| (678) 510-1526 | Camille Dizon |
| Melody.kiella@mgclaw.com | Georgia Bar No. 953073 |
| Camille.Dizon@mgclaw.com | |
| | _Attorneys for Defendants_ |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

AUDREY STEPHENS,

    Plaintiff,

v.

JACK EDWARD WALL, GUSTAVO
JIMENEZ, INC. DBA SOUTHWEST
FREIGHT LINES, and BERKLEY
PRIME TRANSPORTATION
INSURANCE COMPANY,

    Defendants.

Civil Action File No:

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that the undersigned has served a true and correct copy of

the foregoing document upon Plaintiff via electronic filing addressed as follows:

Tamara Ansari, Esq.
Law Office of Tamara Ansari, LLC
30 Second Street
Jackson, Georgia 30233
tamara@tansarilaw.com

I further certify that the foregoing has been prepared with Times New

Roman, 14 point font, in compliance with L.R. 5.1(b).

Submitted this 13th day of March, 2023.

|  | **MCANGUS GOUDELOCK & COURIE, LLC** |
|---|---|
| Post Office Box 57365 | */s/Melody C. Kiella* |
| 270 Peachtree Street, NW, Suite 1800 (30303) | Melody C. Kiella |
| Atlanta, Georgia 30303 | Georgia Bar No. 206275 |
| (678) 510-1526 | Camille Dizon |
| Melody.kiella@mgclaw.com | Georgia Bar No. 953073 |
| Camille.Dizon@mgclaw.com | *Attorneys for Defendants* |

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| AUDREY STEPHENS, | |
| Plaintiff, | |
| v. | Civil Action File No: 2022CV373697 |
| JACK EDWARD WALL, GUSTAVO JIMENEZ, INC. DBA SOUTHWEST FREIGHT LINES, and BERKLEY PRIME TRANSPORTATION INSURANCE COMPANY, | |
| Defendants. | |

**DEFENDANT GUSTAVO JIMENEZ, INC. DBA SOUTHWEST FREIGHT LINES' AND ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

COMES NOW Defendant Gustavo Jimenez dba Southwest Freight Lines (this "Defendant"), a named Defendant in the above-styled civil action, and, by and through its undersigned counsel, hereby files its Answer and Affirmative Defenses to Plaintiff's Complaint, showing the Court as follows:

**FIRST DEFENSE**

Plaintiff's Complaint fails to state or set forth, in whole or in part, claims against this Defendant upon which relief may be granted.

**SECOND DEFENSE**

Pending further investigation and discovery, plaintiff's claims are barred by the applicable statute of limitations and/or the doctrines of laches, waiver, or unclean hands.

**THIRD DEFENSE**

This Defendant breached no duty of care owed to Plaintiff.

## FOURTH DEFENSE

This Defendant was not negligent in hiring, training, retaining, supervising, and/or entrusting the tractor-trailer to Defendant Wall.

## FIFTH DEFENSE

Pending further investigation and discovery, this Court lacks jurisdiction over this Defendant as the statute of limitations period expired on December 7, 2022 and Plaintiff's act of causing service of process on this Defendant on February 9, 2023 does not amount to a diligent attempt to perfect service of process prior to or shortly after the limitations period expired.

## SIXTH DEFENSE

This Defendant did not violate any applicable laws, statutes, ordinances, or regulations at the time of the subject incident; however, even if it did (which it did not), any such violation was not the proximate cause of the subject incident and/or was unintentional and in the exercise of ordinary care

## SEVENTH DEFENSE

No act or omission on the part of this Defendant proximately caused the subject accident and/or Plaintiff's alleged injuries and damages.

## EIGHTH DEFENSE

Any damages awarded to Plaintiff should be reduced proportionally based upon the negligence of Plaintiff, if any, and/or other unnamed responsible parties pursuant to O.C.G.A. § 51-12-33.

## NINTH DEFENSE

Plaintiff' alleged medical expenses must be reduced to the extent that such expenses were incurred in connection with treatment for injuries or conditions which pre-date the subject accident and/or were not caused by the alleged negligence of Defendants.

## TENTH DEFENSE

Pending further investigation and discovery, Plaintiff could have avoided some or all of her alleged injuries and damages by exercising ordinary care for her own safety.

## ELEVENTH DEFENSE

Plaintiff's alleged medical expenses must be reduced to the extent that they exceed reasonable and customary amounts.

## TWELFTH DEFENSE

Plaintiff's Complaint, to the extent that it seeks punitive damages, violates these Defendants' right to procedural due process under the Fourteenth Amendment of the United States Constitution and the Constitution of the State of Georgia, and therefore, fails to state a cause of action and set forth a claim upon which relief can be granted.

## THIRTEENTH DEFENSE

Plaintiff's Complaint, to the extent that it seeks punitive damages, violates these Defendants' right to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution, and Article I, Section 1 of the Constitution of the State of Georgia and violates these Defendants' right to substantive due process provided in the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the State of Georgia.

## FOURTEENTH DEFENSE

Plaintiff's claim for punitive damages is barred by the provisions of Article VI of the Constitution of the United States.

## FIFTEENTH DEFENSE

Pending further investigation and discovery, this Defendant reserves the right to assert all applicable affirmative defenses provided under the Georgia Civil Practice Act.

## SIXTEENTH DEFENSE

This Defendant responds to the specific allegations contained in Plaintiff's Complaint as follows:

## JURISDICTIONAL ALLEGATIONS

1.

This Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiff's Complaint and, as a result, is unable to admit or deny the same.

2.

This Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 2 of Plaintiff's Complaint and, as a result, is unable to admit or deny the same.

3.

In response to the allegations contained in Paragraph 3 of Plaintiff's Complaint, this Defendant admits it is a foreign corporation organized and existing under the laws of the State of Texas, admits it is as an authorized intrastate for-hire motor carrier, admits it maintains its principal office at the El Paso, Texas address listed in Paragraph 3, admits jurisdiction and venue are proper

as to this Defendant, and further admits it may be served with process through its blanket authorized agent, All American Agents of Process, as required by the FMCSA at the address listed in such Paragraph, but this Defendant denies it is authorized to or does in fact transact business in the State of Georgia and further denies designating a national/blanket agent that maintains an office in Georgia renders this Defendant a citizen of the Georgia or amounts to transacting business therein. To the extent that further response is required, this Defendant deny all allegations contained therein.

4.

This Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 4 of Plaintiff's Complaint and, as a result, is unable to admit or deny the same.

5.

This Defendant denies as pled the allegations contained in Paragraph 5 of Plaintiff's Complaint.

## **FACTUAL BACKGROUND**

6.

This Defendant restates and incorporates, as if fully set forth herein, its response to Paragraphs 1 through 5 of Plaintiff's Complaint.

7.

In response to the allegations contained in Paragraph 7 of Plaintiff's Complaint, this Defendant admits Plaintiff and Defendant Wall were involving in a motor vehicle collision on December 7, 2020 on I-20 West near its intersection with I-285 in Fulton County, Georgia. To the extent that further response is required, this Defendant denies all allegations contained therein.

8.

In response to the allegations contained in Paragraph 8 of Plaintiff's Complaint, this Defendant denies Defendant Wall was operating a 2001 KW T680 as he was operating a 2012 KW T860, but this Defendant admits the tractor's vehicle identification number, the trailer's tag, and the US DOT number listed in Paragraph 8 are as listed therein. To the extent that further response is required, this Defendant denies all allegations contained therein.

9.

Upon information and belief, this Defendant admits the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10.

In response to the allegations contained in Paragraph 10 of Plaintiff's Complaint this Defendant admits, upon information and belief, the tractor operated by Defendant Wall and the vehicle operated by Plaintiff collided as Defendant Wall was changing lanes, but this Defendant denies, upon information and belief, that Defendant Wall was negligent in causing the collision. To the extent that further response is required, this Defendant denies all allegations contained therein.

11.

This Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 11 of Plaintiff's Complaint and, as a result, is unable to admit or deny same.

12.

This Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 12 of Plaintiff's Complaint and, as a result, is unable to admit or deny same.

## <u>COUNT 1 – NEGLIGENCE OF DEFENDANT WALL</u>

13.

This Defendant restates and incorporates, as if fully set forth herein, its response to Paragraphs 1 through 12 of Plaintiff's Complaint.

14.

This Defendant admits Defendant Wall owed any duty outlined under applicable law. To the extent that further response is required, this Defendant denies as pled the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15.

This Defendant denies as pled the allegations contained in Paragraph 15 of Plaintiff's Complaint, including Subparagraphs (a), (b), (c), (d), and (e) contained therein.

16.

This Defendant denies as pled the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17.

This Defendant denies as pled the allegations contained in Paragraph 17 of Plaintiff's Complaint.

## COUNT 2 – RESPONDEAT SUPERIOR, NEGLIGENT HIRING, RETENTION, ENTRUSTMENT & SUPERVISION OF DEFENDANT SWFL

18.

This Defendant restates and incorporates, as if fully set forth herein, its response to Paragraphs 1 through 17 of Plaintiff's Complaint.

19.

This Defendant admits the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20.

In response to the allegations contained in Paragraph 20 of Plaintiff's Complaint, this Defendant admits it may be vicarious liable for any purported negligent conduct on the part of Defendant Wall, but this Defendant denies any liability to Plaintiff. To the extent that further response is required, this Defendant deny as pled all allegations contained therein.

21.

This Defendant denies to the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22.

This Defendant denies to the allegations contained in Paragraph 21 of Plaintiff's Complaint.

23.

This Defendant denies the allegations contained in Paragraph 23 of Plaintiff's Complaint, and specifically denies they was negligent, denies any act or omission on its part caused the subject accident and/or Plaintiff' alleged injuries and damages, and further denies any liability to Plaintiff.

## COUNT 3 – FAILURE TO COMPLY WITH FEDERAL AND STATE MOTOR CARRIER SAFETY REGULATIONS AND TRUCKING INDUSTRY STANDARDS OF CARE

24.

This Defendant restates and incorporates, as if fully set forth herein, its response to Paragraphs 1 through 23 of Plaintiff's Complaint.

25.

This Defendant denies to the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26.

This Defendant denies to the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27.

This Defendant denies the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28.

This Defendant denies to the allegations contained in Paragraph 28 of Plaintiff's Complaint.

## COUNT 4 – DIRECT ACTION

29.

This Defendant restates and incorporates, as if fully set forth herein, its response to Paragraphs 1 through 28 of Plaintiff's Complaint.

30.

This Defendant denies as pled the allegations contained in Paragraph 30 of Plaintiff's Complaint.

EXHIBIT A

31.

This Defendant denies as pled the allegations contained in Paragraph 31 of Plaintiff's Complaint, and specifically denies Defendant BP issued the applicable policy as the policy specifically states it was issued by non-party Berkley Casualty Company.

32.

This Defendant denies as pled the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33.

This Defendant denies as pled the allegations contained in Paragraph 33 of Plaintiff's Complaint.

34.

In response to the allegations contained in Paragraph 34 of Plaintiff's Complaint, this Defendant admits non-party Berkley Casualty issues a policy to this Defendant that had a policy number of UAU 6505130-0, but this Defendant denies Defendant BP issued such policy.

35.

This Defendant denies as pled the allegations contained in Paragraph 35 of Plaintiff's Complaint.

36.

This Defendant deny as pled the allegations contained in Paragraph 36 of Plaintiff's Complaint.

37.

This Defendant denies as pled the allegations contained in Paragraph 37 of Plaintiff's Complaint.

38.

This Defendant denies as pled the allegations contained in Paragraph 38 of Plaintiff's Complaint.

## **COUNT 5 DAMAGES**

39.

This Defendant denies as pled the allegations contained in Paragraph 39 of Plaintiff's Complaint.

40.

This Defendant denies as pled the allegations contained in Paragraph 39 of Plaintiff's Complaint.

41.

This Defendant denies as pled the allegations contained in Paragraph 41 of Plaintiff's Complaint.

42.

This Defendant denies as pled the allegations contained in Paragraph 42 of Plaintiff's Complaint.

43.

This Defendant denies as pled the allegations contained in Paragraph 43 of Plaintiff's Complaint.

## <u>COUNT 6 – PUNITIVE DAMAGES</u>

44.

This Defendant denies as pled the allegations contained in Paragraph 43 of Plaintiff's Complaint.

45.

This Defendant denies the allegations contained in Paragraph 45 of Plaintiff's Complaint, and specifically denies any liability to Plaintiff for punitive damages.

46.

This Defendant denies the allegations contained in Paragraph 46 of Plaintiff's Complaint, and specifically denies any liability to Plaintiff for punitive damages

47.

In response to Plaintiff' prayer for relief contained within the unnumbered Paragraph following Paragraph 46 of Plaintiff's Complaint, including Subparagraphs (a) – (m) contained therein, which begins "WHEREFORE, Plaintiff prays . . .," this Defendant denies all allegations contained therein and specifically denies any liability to Plaintiff.

47.

This Defendant denies each and every allegation contained in Plaintiff's Complaint not expressly or specifically admitted herein.

48.

This Defendant demands a trial by a jury of 12 as to all issues set forth in Plaintiff's Complaint.

WHEREFORE, having specifically responded to Plaintiff's Complaint, this Defendant respectfully requests that said Complaint be dismissed, that judgment be entered in its favor, and that it be discharged without costs.

Submitted this 13th day of March, 2023.

|  | **MCANGUS GOUDELOCK & COURIE, LLC** |
|---|---|
| Post Office Box 57365 | */s/Melody C. Kiella* |
| 270 Peachtree Street, NW, Suite 1800 (30303) | Melody C. Kiella |
| Atlanta, Georgia 30303 | Georgia Bar No. 206275 |
| (678) 510-1526 | Camille Dizon |
| Melody.kiella@mgclaw.com | Georgia Bar No. 953073 |
| Camille.Dizon@mgclaw.com | |
|  | *Attorneys for Defendants* |

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

AUDREY STEPHENS,

     Plaintiff,

v.

JACK EDWARD WALL, GUSTAVO
JIMENEZ, INC. DBA SOUTHWEST
FREIGHT LINES, and BERKLEY PRIME
TRANSPORTATION INSURANCE
COMPANY,

     Defendants.

Civil Action File No: 2022CV373697

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that the undersigned has served a true and correct copy of the foregoing

document upon Plaintiff via electronic filing and via email, addressed as follows:

Tamara Ansari, Esq.
Law Office of Tamara Ansari, LLC
30 Second Street
Jackson, Georgia 30233
[tamara@tansarilaw.com](mailto:tamara@tansarilaw.com)

Submitted this 13th day of March, 2023.

**MCANGUS GOUDELOCK & COURIE,
LLC**

Post Office Box 57365
270 Peachtree Street, NW, Suite 1800 (30303)
Atlanta, Georgia 30303
(678) 510-1526
[Melody.kiella@mgclaw.com](mailto:Melody.kiella@mgclaw.com)
[Camille.Dizon@mgclaw.com](mailto:Camille.Dizon@mgclaw.com)

*/s/Melody C. Kiella*
Melody C. Kiella
Georgia Bar No. 206275
Camille Dizon
Georgia Bar No. 953073

*Attorneys for Defendants*

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

AUDREY STEPHENS,

     Plaintiff,

v.

JACK EDWARD WALL, GUSTAVO
JIMENEZ, INC. DBA SOUTHWEST
FREIGHT LINES, and BERKLEY PRIME
TRANSPORTATION INSURANCE
COMPANY,

     Defendants.

Civil Action File No: 2022CV373697

## BERKLEY PRIME INSURANCE COMPANY'S SPECIAL APPEARANCE ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW Berkley Prime Insurance Company (this "Defendant"), a named Defendant in the above-styled civil action, and, by and through its undersigned counsel, hereby files its Answer and Affirmative Defenses to Plaintiff's Complaint, showing the Court as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state or set forth, in whole or in part, claims against this Defendant upon which relief may be granted.

### SECOND DEFENSE

Pending further investigation and discovery, plaintiff's claims are barred by the applicable statute of limitations and/or the doctrines of laches, waiver, or unclean hands.

### THIRD DEFENSE

This Defendant is an improper party to this action as it did not issue the commercial policy in effect at the time of the collision (as it was issued by non-party Berkley Casualty Company) and must be disissed.mmmm

## FOURTH DEFENSE

Plaintiff's direct action against this Defendant fails as a matter of law.

## FIFTH DEFENSE

Plaintiff has not served this Defendant with process as required under applicable law. As a result, this Defendant asserts any and all defenses related to process, service or process, invalidity of service or process, jurisdiction, and venue.

## SIXTH DEFENSE

Any damages awarded to Plaintiff should be reduced proportionally based upon the negligence of Plaintiff, if any, and/or other unnamed responsible parties pursuant to O.C.G.A. § 51-12-33.

## SEVENTH DEFENSE

Plaintiff' alleged medical expenses must be reduced to the extent that such expenses were incurred in connection with treatment for injuries or conditions which pre-date the subject accident and/or were not caused by the alleged negligence of Defendants.

## EIGHTH DEFENSE

Pending further investigation and discovery, Plaintiff could have avoided some or all of her alleged injuries and damages by exercising ordinary care for her own safety.

## NINTH DEFENSE

Plaintiff's alleged medical expenses must be reduced to the extent that they exceed reasonable and customary amounts.

## TENTH DEFENSE

Plaintiff's Complaint, to the extent that it seeks punitive damages, violates these Defendants' right to procedural due process under the Fourteenth Amendment of the United States

Constitution and the Constitution of the State of Georgia, and therefore, fails to state a cause of action and set forth a claim upon which relief can be granted.

## ELEVENTH DEFENSE

Plaintiff's Complaint, to the extent that it seeks punitive damages, violates these Defendants' right to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution, and Article I, Section 1 of the Constitution of the State of Georgia and violates these Defendants' right to substantive due process provided in the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the State of Georgia.

## TWELFTH DEFENSE

Plaintiff's claim for punitive damages is barred by the provisions of Article VI of the Constitution of the United States.

## THIRTEENTH DEFENSE

Pending further investigation and discovery, this Defendant reserves the right to assert all applicable affirmative defenses provided under the Georgia Civil Practice Act.

## FOURTEENTH DEFENSE

This Defendant responds to the specific allegations contained in Plaintiff's Complaint as follows:

## JURISDICTIONAL ALLEGATIONS

1.

This Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiff's Complaint and, as a result, is unable to admit or deny the same.

2.

This Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 2 of Plaintiff's Complaint and, as a result, is unable to admit or deny the same.

3.

This Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 3 of Plaintiff's Complaint and, as a result, is unable to admit or deny the same.

4.

This Defendant denies as pled the allegations contained in Paragraph 4 of Plaintiff's Complaint, and specifically denies it may be served with process in Georgia and further denies jurisdiction and venue are proper as to it.

5.

This Defendant denies as pled the allegations contained in Paragraph 5 of Plaintiff's Complaint.

**FACTUAL BACKGROUND**

6.

This Defendant restates and incorporates, as if fully set forth herein, its response to Paragraphs 1 through 5 of Plaintiff's Complaint.

7.

This Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 7 of Plaintiff's Complaint and, as a result, is unable to admit or deny the same.

8.

This Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 8 of Plaintiff's Complaint and, as a result, is unable to admit or deny the same

9.

This Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 9 of Plaintiff's Complaint and, as a result, is unable to admit or deny the same.

10.

This Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 10 of Plaintiff's Complaint and, as a result, is unable to admit or deny the same.

11.

This Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 11 of Plaintiff's Complaint and, as a result, is unable to admit or deny same.

12.

This Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 12 of Plaintiff's Complaint and, as a result, is unable to admit or deny same.

## <u>COUNT 1 – NEGLIGENCE OF DEFENDANT WALL</u>

13.

This Defendant restates and incorporates, as if fully set forth herein, its response to Paragraphs 1 through 12 of Plaintiff's Complaint.

14.

This Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 14 of Plaintiff's Complaint and, as a result, is unable to admit or deny the same.

15.

This Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 15 of Plaintiff's Complaint and, as a result, is unable to admit or deny the same.

16.

This Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 16 of Plaintiff's Complaint and, as a result, is unable to admit or deny the same.

17.

This Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 17 of Plaintiff's Complaint and, as a result, is unable to admit or deny the same.

## <u>COUNT 2 – RESPONDEAT SUPERIOR, NEGLIGENT HIRING, RETENTION, ENTRUSTMENT & SUPERVISION OF DEFENDANT SWFL</u>

18.

This Defendant restates and incorporates, as if fully set forth herein, its response to Paragraphs 1 through 17 of Plaintiff's Complaint.

19.

This Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 19 of Plaintiff's Complaint and, as a result, is unable to admit or deny the same.

20.

This Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 20 of Plaintiff's Complaint and, as a result, is unable to admit or deny the same.

21.

This Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 21 of Plaintiff's Complaint and, as a result, is unable to admit or deny the same.

22.

This Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 22 of Plaintiff's Complaint and, as a result, is unable to admit or deny the same.

23.

This Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 33 of Plaintiff's Complaint and, as a result, is unable to admit or deny the same.

## COUNT 3 – FAILURE TO COMPLY WITH FEDERAL AND STATE MOTOR CARRIER SAFETY REGULATIONS AND TRUCKING INDUSTRY STANDARDS OF CARE

24.

This Defendant restates and incorporates, as if fully set forth herein, its response to Paragraphs 1 through 23 of Plaintiff's Complaint.

25.

This Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 25 of Plaintiff's Complaint and, as a result, is unable to admit or deny the same.

26.

This Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 26 of Plaintiff's Complaint and, as a result, is unable to admit or deny the same.

27.

This Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 27 of Plaintiff's Complaint and, as a result, is unable to admit or deny the same.

28.

This Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 28 of Plaintiff's Complaint and, as a result, is unable to admit or deny the same.

## **COUNT 4 – DIRECT ACTION**

29.

This Defendant restates and incorporates, as if fully set forth herein, its response to Paragraphs 1 through 28 of Plaintiff's Complaint.

30.

This Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 30 of Plaintiff's Complaint and, as a result, is unable to admit or deny the same.

31.

This Defendant denies as pled the allegations contained in Paragraph 31 of Plaintiff's Complaint, and specifically denies this Defendant issued the applicable policy as the policy specifically states it was issued by non-party Berkley Casualty Company.

32.

This Defendant denies as pled the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33.

This Defendant denies as pled the allegations contained in Paragraph 33 of Plaintiff's Complaint.

34.

This Defendant denies as pled the allegations contained in Paragraph 34 of Plaintiff's Complaint.

35.

This Defendant denies as pled the allegations contained in Paragraph 35 of Plaintiff's Complaint.

36.

This Defendant deny as pled the allegations contained in Paragraph 36 of Plaintiff's Complaint.

37.

This Defendant denies as pled the allegations contained in Paragraph 37 of Plaintiff's Complaint.

38.

This Defendant denies as pled the allegations contained in Paragraph 38 of Plaintiff's Complaint.

## **COUNT 5 DAMAGES**

39.

This Defendant denies as pled the allegations contained in Paragraph 39 of Plaintiff's Complaint.

40.

This Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 40 of Plaintiff's Complaint and, as a result, is unable to admit or deny the same.

41.

This Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 41 of Plaintiff's Complaint and, as a result, is unable to admit or deny the same.

42.

This Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 42 of Plaintiff's Complaint and, as a result, is unable to admit or deny the same.

43.

This Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 43 of Plaintiff's Complaint and, as a result, is unable to admit or deny the same.

## <u>COUNT 6 – PUNITIVE DAMAGES</u>

44.

This Defendant restates all allegations contained in Paragraph 1 through 43 of Plaintiff's Complaint as if fully set forth herein.

45.

This Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 45 of Plaintiff's Complaint and, as a result, is unable to admit or deny the same.

46.

This Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 46 of Plaintiff's Complaint and, as a result, is unable to admit or deny the same.

47.

In response to Plaintiff' prayer for relief contained within the unnumbered Paragraph following Paragraph 46 of Plaintiff's Complaint, including Subparagraphs (a) – (m) contained therein, which begins "WHEREFORE, Plaintiff prays . . .," this Defendant denies all allegations contained therein and specifically denies any liability to Plaintiff.

47.

This Defendant denies each and every allegation contained in Plaintiff's Complaint not expressly or specifically admitted herein.

48.

This Defendant demands a trial by a jury of 12 as to all issues set forth in Plaintiff's Complaint.

WHEREFORE, having specifically responded to Plaintiff's Complaint, this Defendant respectfully requests that said Complaint be dismissed, that judgment be entered in its favor, and that it be discharged without costs.

Submitted this 13th day of March, 2023.

|  | **MCANGUS GOUDELOCK & COURIE, LLC** |
|---|---|
| Post Office Box 57365<br>270 Peachtree Street, NW, Suite 1800 (30303)<br>Atlanta, Georgia 30303<br>(678) 510-1526<br>Melody.kiella@mgclaw.com<br>Camille.Dizon@mgclaw.com | /s/Melody C. Kiella<br>Melody C. Kiella<br>Georgia Bar No. 206275<br>Camille Dizon<br>Georgia Bar No. 953073<br><br>*Attorneys for Defendants* |

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| AUDREY STEPHENS, | |
| Plaintiff, | |
| v. | Civil Action File No: 2022CV373697 |
| JACK EDWARD WALL, GUSTAVO JIMENEZ, INC. DBA SOUTHWEST FREIGHT LINES, and BERKLEY PRIME TRANSPORTATION INSURANCE COMPANY, | |
| Defendants. | |

**<u>CERTIFICATE OF SERVICE</u>**

This is to certify that the undersigned has served a true and correct copy of the foregoing

document upon Plaintiff via electronic filing and via email, addressed as follows:

Tamara Ansari, Esq.
Law Office of Tamara Ansari, LLC
30 Second Street
Jackson, Georgia 30233
tamara@tansarilaw.com

Submitted this 13th day of March, 2023.

**MCANGUS GOUDELOCK & COURIE, LLC**

| | |
|---|---|
| Post Office Box 57365 | /s/Melody C. Kiella |
| 270 Peachtree Street, NW, Suite 1800 (30303) | Melody C. Kiella |
| Atlanta, Georgia 30303 | Georgia Bar No. 206275 |
| (678) 510-1526 | Camille Dizon |
| Melody.kiella@mgclaw.com | Georgia Bar No. 953073 |
| Camille.Dizon@mgclaw.com | |
| | *Attorneys for Defendants* |