# Melody Kiella

| | |
|---|---|
| **From:** | Manny Jurado <manny.jurado@swflines.com> |
| **Sent:** | Thursday, February 9, 2023 4:34 PM |
| **To:** | Rivera, Jazz; Cyntia Loera |
| **Cc:** | Melody Kiella; Michelangelo Madalena; Alan McDaniel |
| **Subject:** | RE: [EXTERNAL] SWFL 2020-PRE - DOL 12/07/2020 - BPT BI - PR1900395   Name Insured: Southwest Freightlines   RE: Audrey Stephens |
| **Attachments:** | service papers.pdf |

Jazz,
Thank you for the update, Cyntia Loera received theses service papers via email today and was told that the hard copies will be mailed out
Please advise

Thank you

**From:** Logan <logan@processagents.com>

Good morning,

Our Georgia agent received these documents for your company. All American Agents Of Process is the process agent provider for your motor carrier authority. We are listed with the FMCSA(Federal Motor Carrier Safety Administration) as the agent to accept legal documents in all 50 states on the carrier's behalf . Having an agent for service of process is a requirement of the FMCSA for maintain your motor carrier authority.

Please find attached the papers received.
We also mail them via certified mail

Can you please respond with to this email that you received it

Thank you,

**Customer Service**
**AllAmerican Agents of Process**
**PO Box 1065**
**Sioux Falls SD 57101-1065**
**PH (888)-447-9118**
**FX (888)-343-0996**

**Manny Jurado CDS**
Certified Director of Safety
Office: (915) 860-8592 (Ext 5360)
Southwest Freight Lines
**manny.jurado@swflines.com**

⚡ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
FULTON COUNTY, GEORGIA

**2022CV373697**

DEC 08, 2022 09:23 AM

*Cathelene Robinson, Clerk*
Fulton County Superior Court

# IN THE SUPERIOR COURT OF FULTON COUNTY, GEORGIA
136 PRYOR STREET, ROOM C-103, ATLANTA, GEORGIA 30303
## SUMMONS

| | |
|---|---|
| Stephens, Audrey | Case No.: 2022CV373697 |
| **Plaintiff,** | |
| vs. | |
| Wall, Jack | |
| GUSTAVO JIMENEZ, INC., DBA SOUTHWEST FREIGHT LINES | |
| BERKLEY PRIME TRANSPORTATION INSURANCE COMPANY | |
| **Defendant** | |

TO THE ABOVE NAMED DEFENDANT(S):

You are hereby summoned and required to file electronically with the Clerk of said Court at https://peachcourt.com/ (unless you are exempt from filing electronically) and serve upon plaintiff's attorney, whose name and address is:

**TAMARA ANSARI**
**LAW OFFICE OF TAMARA ANSARI, LLC**
**1300 Ridenour Boulevard**
**Suite 100**
**Kennesaw, Georgia 30152**

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service; unless proof of service of this complaint is not filed within five (5) business days of such service. Then time to answer shall not commence until such proof of service has been filed. **IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

This _____ **8th** day of _____ **December**, 20 **22**

Honorable Cathelene "Tina" Robinson
Clerk of Superior Court

_Cathelene Robinson_
Cathelene Robinson, Clerk
Fulton County Superior Court

To defendant upon whom this petition is served:
This copy of complaint and summons was served upon you _____, 20____

23 003199

Deputy Sheriff

**Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum is used**

✱ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
FULTON COUNTY, GEORGIA
**2022CV373697**
DEC 08, 2022 09:23 AM

Cathelene Robinson, Clerk
Fulton County Superior Court

# IN THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **AUDREY STEPHENS,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> **vs.** ) <br> ) <br> **JACK EDWARD WALL, GUSTAVO** ) <br> **JIMENEZ, INC. DBA SOUTHWEST** ) <br> **FREIGHT LINES, and BERKLEY** ) <br> **PRIME TRANSPORTATION** ) <br> **INSURANCE COMPANY,** ) <br> ) <br> **Defendants.** ) | CIVIL ACTION FILE NO. <br> _____ <br><br> JURY TRIAL DEMAND |

## COMPLAINT

NOW COMES AUDREY STEPHENS, Plaintiff, by and through her counsel of record, and files this Complaint for Damages against the above-named Defendants showing the Court as follows:

### PARTIES, JURISDICTION & VENUE

1.

Plaintiff is a resident and citizen of the State of Georgia, and resides at 1133 Commerce Drive Apt 504, Decatur, Dekalb County, Georgia 30030. Plaintiff is subject to the jurisdiction of this Court.

2.

Defendant Jack Edward Wall (hereinafter "Defendant Wall") is a resident of the State of Texas, and may be served with the Complaint and Summons at his residence located at 195 Horizon Point Circle, Horizon City, El Paso County, Texas 79928.

3.

Defendant Gustavo Jimenez, Inc. DBA Southwest Freight Lines (hereinafter "Southwest Freight Lines") is a foreign corporation authorized to transact business in the state of Georgia and was operating as either a motor common carrier or a motor contract carrier the date of the incident giving rise to this Complaint, and at all material times hereto. Defendant Southwest Freight Lines has its principal place of business at 11991 Transpark Drive, El Paso, Texas 78045, and may be served with the Complaint and Summons through its registered agent Cody Gillies at 5704 Veterans Parkway, Columbus, Georgia 31904. Defendant Southwest Freight Lines is subject to the jurisdiction and venue of this Court.

4.

Defendant Berkley Prime Transportation Insurance Company (hereinafter "Berkley Prime Transportation") is a foreign corporation existing under the laws of the State of Connecticut with its principal place of business at 475 Steamboat Road Greenwich, CT 06386. Defendant Berkley Prime Transportation may be served with the Complaint and Summons through its registered agent CT Corporation System at 289 S Culver Street, Lawrenceville, Georgia 30046 Defendant Berkley Prime Transportation is subject to the jurisdiction and venue of this Court.

5.

By virtue of the facts alleged herein, jurisdiction and venue are proper in this Court.

## FACTUAL BACKGROUND

6.

Plaintiff realleges and incorporates herein by reference all preceding paragraphs of this Complaint as if each were fully set forth in their entirety.

7.

The allegations and claims for relief contained in this Complaint result from a collision between Defendant Wall and Plaintiff on December 7, 2020 at approximately 6:14 p.m. on Interstate 20 near its intersection with Interstate 285 in Fulton County, Georgia.

8.

At the aforementioned time and date, Defendant Wall was operating a 2001 KW T680 Tractor Trailer (hereinafter "tractor trailer"), Vehicle Identification Number 1XKYD49X7MJ449517, trailer tag number R501956 containing United States Department of Transportation Number 306537, traveling west on Interstate 20 near its intersection with Interstate 285 in Fulton County, Georgia.

9.

At the aforementioned time and date, Plaintiff was traveling west on Interstate 20 near its intersection with Interstate 285 in Fulton County, Georgia.

10.

At the aforementioned time and date, Defendant Wall was traveling in lane #2 and Plaintiff was traveling in lane # 3. Defendant Wall entered into the lane of travel of the Plaintiff, striking her vehicle on the left side with the right side of his vehicle.

11.

As a result of the collision, Plaintiff suffered bodily injuries.

12.

Plaintiff could not have, in the exercise of reasonable care, avoided the collision or her injuries.

## COUNT 1
## NEGLIGENCE OF DEFENDANT WALL

13.

Plaintiff realleges and incorporates herein by reference all preceding paragraphs of this Complaint as if each were fully set forth in their entirety.

14.

Defendant Wall had a duty of reasonable care to Plaintiff and other motorists on the road.

15.

Defendant Wall was negligent and/or negligent per se in that he, among other things:

    a.  Failed to maintain control of the tractor trailer;

    b.  Failed to maintain his lane;

    c. Failed to keep a proper and diligent lookout;

    d. Failed to operate the tractor-trailer in accord with generally accepted safety principles and practices of the trucking industry; and

    e. Otherwise failed to operate the tractor-trailer as a reasonable and prudent professional driver under the circumstances.

16.

The negligent acts or omissions of Defendant Wall directly and proximately caused the collision, Plaintiff's damages and injuries.

17.

Defendant Wall is liable to Plaintiff for all recoverable damages.

## COUNT 2
## RESPONDEAT SUPERIOR, NEGLIGENT HIRING, RETENTION, ENTRUSTMENT & SUPERVISION OF DEFENDANT SOUTHWEST FRIEGHT LINES

18.

Plaintiff realleges and incorporates herein by reference all preceding paragraphs of this Complaint as if each were fully set forth in their entirety.

19.

At all times material to this case, Defendant Wall was an employee or agent of Defendant Southwest Freight Lines acting within the course and scope of his employment or agency.

20.

Under the principles of respondeat superior, actual agency, apparent agency, and/or lease liability, Defendant Southwest Freight Lines is vicariously liable for the negligent acts and omissions of Defendant Wall which led to the injuries of Plaintiff.

21.

Defendant Southwest Freight lines was negligent in the hiring, retention, training and supervision of Defendant Wall, which negligence caused or contributed to cause Plaintiff's injuries.

22.

Defendant Southwest Freight Lines knew, or, in the exercise of ordinary care, should have known that hiring, retaining, and entrusting Defendant Wall with a large and heavy tractor trailer to operate on public roadways created a high degree of probability of injury to others.

23.

Defendant Southwest Freight Lines is liable to Plaintiff for all recoverable damages.

## COUNT 3
## FAILURE TO COMPLY WITH FEDERAL AND STATE MOTOR CARRIER SAFETY REGULATIONS AND TRUCKING INDUSTRY STANDARDS OF CARE

24.

Plaintiff realleges and incorporates herein by reference all preceding paragraphs of this Complaint as if each were fully set forth in their entirety.

25.

Defendant Southwest Freight Lines is negligent and negligent per se for operating the Defendant Wall, the commercial motor vehicle driver and the aforementioned commercial motor vehicle outside the promulgated standards of care established by the Department of Transportation, the Federal Motor Carrier Safety Administration and the Georgia Department of Public Safety.

26.

Defendant Southwest Freight Lines is negligent for operating the Defendant Wall, the commercial motor vehicle driver and the aforementioned commercial motor vehicle outside the trucking industry best practices and standards of care.

27.

Defendant Southwest Freight Lines actions enumerated in this Count caused or contributed to cause the injuries of Plaintiff.

28.

Defendant Southwest Freight Lines is liable to Plaintiff for all recoverable damages.

## COUNT 4
## DIRECT ACTION

29.

Plaintiff realleges and incorporates herein by reference all preceding paragraphs of this Complaint as if each were fully set forth in their entirety.

30.

Plaintiff has sustained actionable injury or loss by reason of the negligence of Defendant Wall in the operation of the Tractor Trailer and Defendant Southwest Freight Lines in its operations as a motor common carrier.

31.

Defendant Berkley Prime Transportation issued a policy of liability (indemnity) insurance which insured Defendant Wall and Defendant Southwest Freight Line for its operation as a motor common carrier.

32.

Said liability policy issued by Defendant Berkley Prime Transportation was in force and effect on the date of the event which is the subject of this litigation to wit: December 7, 2020

33.

Defendant Berkley Prime Transportation was the insurer of Defendant Southwest Freight Lines at the time of the subject incident and issued a liability policy to comply with the filing requirements under Georgia law.

34.

The policy number of said liability policy issued by Defendant Berkley Prime Transportation is 6505130.

35.

Defendant Berkley Prime Transportation is subject to a direct action as the insurer for Defendant Southwest Freight Lines pursuant to Georgia law.

36.

All elements necessary to sue Defendant Berkley Prime Transportation under the Georgia Direct Action law are met in this case.

37.

Accordingly, Defendant Berkley Prime Transportation is joined in this lawsuit pursuant to the authority of O.C.G.A. §§ 40-1-112, 40-2-140, and is liable as provided by law to satisfy any judgment in this case.

38.

Defendant Berkley Prime Transportation is responsible for any judgment rendered against Defendant Wall and Defendant Southwest Freight Lines.

## COUNT 5 DAMAGES

39.

As a direct and proximate result of tortfeasors' combined negligence, Plaintiff suffered, among other things, Injuries to the cervical spine, lumbar spine, and thoracic spine, including herniated discs, disc protrusions, disc bulges.

40.

As a direct and proximate result of tortfeasors' combined negligence, Plaintiff has incurred past medical expenses in the amount of $25,882.72 and will continue to incur future medical expenses in an amount which will be further specified at a trial of this matter.

41.

As a direct and proximate result of Tortfeasors' combined negligence, Plaintiff was unable to work and has a claim for past lost wages in an amount which will be further specified at a trial of this matter.

42.

As a direct and proximate result of tortfeasors' combined negligence, Plaintiff has incurred extensive pain and suffering directly effecting her quality of life. The pain and suffering including but not limited to the mental anguish she endures for an amount which will be further specified at a trial of this matter.

43.

Tortfeasors' combined negligence is the sole and proximate cause of Plaintiff's injuries.

## COUNT 6
## PUNITIVE DAMAGES

44.

Plaintiff realleges and incorporates herein by reference all preceding paragraphs of this Complaint as if each were fully set forth in their entirety.

45.

The actions of Defendant Wall and Defendant Southwest Freight Lines authorize the imposition of punitive damages, pursuant to the provisions of O.C.G.A § 51-12-5.1 in that such actions show willful misconduct, malice, wantonness, oppression or that entire want of care which would raise the presumption of conscious indifference to the consequences.

46.

Accordingly, Defendant Wall and Defendant Southwest Freight Lines are liable to Plaintiff for punitive damages to punish, penalize, and deter said Tortfeasors from similar conduct in the future.

**WHEREFORE**, Plaintiff prays for and demands the following:

a. For a trial by jury;
b. For Summons and Complaint to issue against the Defendants;
c. That the Defendants be required to appear as provided by law to answer the allegations of this Complaint;
d. For judgment against the Defendants, jointly and severally, to compensate Plaintiff for her pain and suffering, past, present, and future; which said sum exceeds the amount of $75,000.00;
e. For judgment against the Defendants, jointly and severally, in an amount sufficient to compensate Plaintiff for the medical expenses incurred to date, as well as for medical expenses which will be incurred in the future;

f. For judgment against the Defendants, jointly and severally, in an amount sufficient to compensate Plaintiff for lost wages incurred, including future lost wages or ability to earn income;

g. For judgment against the Defendants, jointly and severally, in an amount sufficient to compensate Plaintiff for all such other economic and non-economic loses as may be shown at the hearing of this matter to the full extent allowed under Georgia law;

h. That Plaintiffs obtain judgment against the Defendants in an amount determined to be fair and reasonable in the minds of a fair and impartial jury;

i. That Plaintiffs obtain judgment against the Defendants for Punitive damages in an amount the jury believes to be just, fair and equitable, given the facts and issues in this case;

j. That Plaintiff recovers from the Defendants a sum of damages to compensate for attorney's fees and costs of litigation pursuant to O.C.G.A. § 13-6-11;

k. That court costs, discretionary costs, and prejudgment interest be awarded to the Plaintiff;

l. That all costs be taxed against the Defendants, and;

m. For all such further and general relief which this Court deems just and proper.

This 2nd day of December, 2022.

Sincerely,

LAW OFFICE OF TAMARA ANSARI, LLC

*/s/ Tamara Ansari*
Tamara Ansari
Georgia Bar Number 053696
Attorney for Plaintiff

30 Second Street
Jackson, Georgia 30233
(844) 945-5488 - phone
(404) 601-3891 - fax
tamara@tansarilaw.com