**IT IS ORDERED as set forth below:**



Date: February 27, 2023

_____

Sage M. Sigler
U.S. Bankruptcy Court Judge

_____

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| In re:  :  | |
| : | CASE NUMBER: 18-53352-SMS |
| **KERRI LYNN BROWN,**  : | |
| : | CHAPTER 7 |
| **Debtor.**  : | |
| _____ : | _____ |
| **MICHIGAN DEPARTMENT OF HEALTH**  : | **ADVERSARY PROCEEDING NUMBER:** |
| **AND HUMAN SERVICES,**  : | |
| **Plaintiff**  : | **22-05143-SMS** |
| v.  : | |
| **KERRI LYNN BROWN,**  : | |
| **Defendant.**  : | |

**ORDER DENYING MOTION FOR DEFAULT JUDGMENT**

Debt arising from Debtor's false representations that she remained eligible to receive adoption subsidy payments is dischargeable because the representations respected her financial condition and were not in writing. The Michigan Department of Health and Human Services (the

"Department") filed its *Motion for Entry of Default Judgment of Non-Dischargeability and Money Judgement* (the "Motion," Doc. 6)[1] alleging that debt incurred by Debtor arising from overpayment of subsidies for the care of an adoptive child is nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A), which excepts from discharge money received by false pretenses, false representations, or actual fraud, other than a statement respecting the debtor's financial condition. But the representations giving rise to the debt respect Debtor's financial condition and the debt is therefore dischargeable. Accordingly, the Motion must be denied.

## I. Procedural History

Kerri Lynn Brown ("Debtor") filed for Chapter 7 relief on February 28, 2018 (Case No. 18-53352, Doc. 1). The Department was not listed as a creditor in Debtor's Chapter 7 petition (*Id.*). On June 5, 2018, the Court entered the Order Discharging Debtor and Closing Estate (Case No. 18-53352, Doc. 21) and the case was closed the same day.

On September 7, 2022, the Department filed its Motion to Reopen Chapter 7 Case and the case was reopened on October 3, 2022  (Case No. 18-53352, Docs. 26, 29). The Department filed the above-styled adversary proceeding on October 10, 2022 (the "Complaint," Doc. 1).

Neither Debtor nor her counsel of record entered an appearance or otherwise responded to the Complaint. The Department filed a Request for Entry of Default on November 11, 2022 (Doc. 4), and the Clerk docketed the Clerk's Entry of Default on November 30, 2022. Thereafter, the Department filed the Motion seeking entry of default judgment.

## II. Facts

Debtor adopted a child and entered into an Adoption Support Subsidy/Nonrecurring Adoption Expense Agreement with the Department to receive subsidy payments to assist with

---

[1] Unless otherwise noted all docket references refer to the above-styled adversary proceeding, Adv. No. 22-05143.

expenses for the adopted child. As part of the agreement, Debtor acknowledged a duty to return to the Department all payments incorrectly paid to her, and to report any changes to the Department, including if Debtor was no longer supporting the child. (Doc. 1, Ex. 3).

On May 21, 2016, Debtor allegedly ceased providing support for the child, who moved to Michigan to live with other relatives. Debtor did not report this change to the Department. Instead, Debtor continued to receive subsidy payments, which she was no longer entitled to, from June 1, 2016, through November 30, 2016, totaling $3,880.38 (the "Overpayment Debt").

On January 17, 2017, Debtor signed an agreement with the Department acknowledging the Overpayment Debt, agreeing to repay the funds and to provide any bankruptcy notices to the Department. As of December 1, 2022, the outstanding amount owed on the Overpayment Debt was $2,061.66, plus court filing fees totaling $350.00. The Motion requests that the outstanding balance of the Overpayment Debt and the court filing fees be deemed nondischargeable.

### III. Discussion

The Complaint and Motion allege that the Overpayment Debt is nondischargeable under § 523(a)(2)(A) of the Bankruptcy Code.

### A. Default Judgment Standard

Rule 55(c) of the Federal Rules of Civil Procedure, made applicable to this proceeding by Rule 7055 of the Federal Rules of Bankruptcy Procedure, governs the procedures related to entry of default and default judgment. FED. R. BANKR. P. 7055; *Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1216 n.14 (11th Cir. 2009). "[A] defendant's default does not in itself warrant the court in entering default judgment. There must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Constr. Co., Ltd. v. Houston Nat. Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975); *see also Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988),

cert. denied, 493 U.S. 858 (1989); *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985). Here, the facts alleged in the Complaint and Motion do not give rise to a claim under § 523(a)(2)(A) and therefore the Motion must be denied.

**B. Section 523(a)(2)(A) Is Inapplicable**

A false representation under § 523(a)(2)(A) does not require any written or spoken statement by the debtor; rather, it can arise through the debtor's conduct. *Bletnitsky v. Jairath (In re Jairath)*, 259 B.R. 308, 314 (Bankr. N.D. Ill. 2011). Statements regarding a debtor's eligibility for an assistance program may be false representations when the debtor's statements, in the form of actions (or inaction), imply a specific set of facts and circumstances and the debtor fails to disclose necessary information to correct a false impression. *Parkway Bank & Trust v. Casali (In re Casali)*, 517 B.R. 835, 842 (Bankr. N.D. Ill. 2014) (internal citations omitted).

Section 523(a)(2)(A) exempts from discharge debts incurred by false pretenses, false representations, or actual fraud, "other than a statement respecting the debtor's . . . financial condition." 11 U.S.C. § 523(a)(2)(A). "Ordinarily, a debtor cannot discharge any debt incurred by fraud," however, "a debtor can discharge a debt incurred by a false statement respecting his financial condition unless that statement is in writing." *Appling v. Lamar, Archer & Cofrin, LLP (In re Appling)*, 848 F.3d 953, 955 (11th Cir. 2017) (citation omitted) (emphasis supplied), *aff'd sub nom Lamar, Archer & Cofrin, LLP v. Appling*, 138 S. Ct. 1752 (2018).

The phrase "respecting [debtor's] financial condition" is broadly construed. It need not describe the debtor's overall financial situation. Rather, a statement is "respecting" a debtor's financial condition when it has a direct relationship to or impact on the debtor's "aggregate financial condition." *Appling*, 138 S. Ct. at 1761. The *Appling* Court held that the "substantive content" of the statement, and not its "superficial [contextual] packaging" determines whether the

statement was regarding the debtor's financial condition. *Id*. Futher, "the statutory language makes plain that a statement about a single asset can be a 'statement respecting the debtor's financial condition.' If that statement is not in writing, then, the associated debt may be discharged, even if the statement was false." *Appling*, 138 S. Ct. at 1757; *see also Coltefinanciera, S.A. v. Hane (In re Hane)*, 2018 Bankr. LEXIS 4076 (Bankr. S.D. Fla. December 27, 2018) (citing *Appling* 138 S. Ct. at 1761); 11 U.S.C. § 523(a)(2)(B)(ii). Indeed, a debtor's application and participation in an assistance program is a statement regarding the debtor's financial condition. *Cabarrus County v. Boyd (In re Boyd)*, 525 B.R. 299 (Bankr. M.D. N.C. 2015).

Here, Debtor's failure to notify the Department that she was no longer providing support for the adopted child was a false representation for purposes of § 523(a)(2), but it was one regarding her financial condition, making § 523(a)(2)(A) inapplicable. And the Department cannot proceed under § 523(a)(2)(B) because the "statements" were not in writing.[2]

The Supreme Court in *Appling* mandates a broad reading of what constitutes a statement regarding a debtor's financial condition. Debtor signed an agreement acknowledging that she qualified for the adoption subsidy program because she was providing for an adopted child. That statement respected Debtor's financial condition and appears to have been truthful at the time it was made.

Over time, Debtor's situation changed and she no longer provided support for the child, making her ineligible for future subsidy payments. Debtor had an obligation to report that she was no longer eligible for these payments, which she failed to do. In accepting continued subsidy payments, Debtor effectively made new representations to the Department that she remained eligible for the subsidies. While these representations were false, they were also statements

---

[2] Section § 523(a)(2)(B) excepts from discharge debts arising from materially false and intentionally deceptive written statements respecting a debtor's financial condition on which the creditor reasonably relied.

regarding Debtor's financial condition.

The Department's Motion seeks default judgment under § 523(a)(2)(A), which does not except from discharge debts arising from a debtor's statements respecting her financial condition. And any action under § 523(a)(2)(B) would likewise fail because Debtor's false statements were not in writing.

### IV. Conclusion

Section 523(a)(2) does not except from discharge debts arising from a debtor's unwritten statements regarding her financial condition, however false they may be. Accordingly, it is

**ORDERED** that the Motion is **DENIED.**

### END OF DOCUMENT

Distribution List:

Kerri Lynn Brown
2080 Bolton Rd.
Apt. 1
Atlanta, GA 30318

Adam M. Roose
Michigan Department of Attorney General
P.O. Box 30754
Lansing, MI 48909

E.L. Clark
Clark & Washington
3300 Northeast Expwy.
Bldg. 3
Atlanta, GA 30341

U.S. Trustee
Office of the United States Trustee
362 Richard Russell Building
Atlanta, GA 30303