IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ZNT, LLC,            ) | |
| ) | |
| Plaintiff,     ) | CIVIL ACTION |
| ) | FILE NO. _____ |
| v.            ) | [On removal from the Superior |
| ) | Court of Gwinnett County, |
| AMGUARD INSURANCE COMPANY,   ) | Georgia, Civil Action |
| ) | File No. 23-A-01070-2] |
| Defendant.      ) | |

## NOTICE OF REMOVAL

AMGUARD INSURANCE COMPANY ("AmGUARD"), Defendant in the above-styled civil action, hereby files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 within the time prescribed by law, respectfully showing this Court as follows:

1.

On February 7, 2023, Plaintiff, by and through counsel, filed a complaint against Zurich in the Superior Court of Gwinnett County, Georgia, styled as *ZNT, LLC, v. AmGUARD Insurance Company*, and assigned Civil Action File No. 23-A-01070-2 ("State Court Action"). True and accurate copies of all filings to date in the State Court Action are collectively attached hereto as **Exhibit "A."**

2.

The complaint and summons in the State Court Action were served upon AmGUARD on February 13, 2023. This Notice of Removal is filed within thirty days of February 13, 2023, the date upon which AmGUARD received the complaint and notice of the subject lawsuit. Under 28 U.S.C. § 1446(c), a defendant may file a notice of removal "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based…" *See* 28 U.S.C. § 1446(b)(1). This Notice of Removal is also filed within one year of the commencement of the action. Thus, removal is timely under 28 U.S.C. § 1446(b).

3.

The United States District Court for the Northern District of Georgia, Atlanta Division, embraces Gwinnett County, Georgia. Thus, removal to this Court is proper under 28 U.S.C. § 1441(a).

4.

Pursuant to 28 U.S.C. § 1446(d), concurrently with the filing of this Notice, Defendant has given notice of this Notice of Removal to all parties on record and to the Clerk of the Superior Court of Gwinnett County, Georgia.  A true and correct copy of the Notice of Filing Notice of Removal is attached hereto as **Exhibit "B"**.

- 3 -

## **DIVERSITY JURISDICTION**

5.

The United States District Court for the Northern District of Georgia, Atlanta Division, possesses diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

6.

Plaintiff is a limited liability company of LLC organized under the laws of the State of Georgia, with its principal place of business in the State of Georgia. "The citizenship of an LLC is determined by the citizenship of its members." Lincoln Benefit Life Co. v. AEI Life, LLC, 800 F.3d 99, 105 (3rd Cir. 2015). Upon information and belief, all of the members of Plaintiff's limited liability company are citizens of the State of Georgia, and none of the members of Plaintiff's limited liability company are citizens of the State of Pennsylvania. Thus, Plaintiff is a citizen of the State of Georgia at the time of this removal, and it was a citizen of the State of Georgia at the time of the commencement of the State Court Action.

7.

AmGUARD is a foreign corporation organized and existing under the laws of the State of Pennsylvania, with its principal place of business in the State of Pennsylvania. Thus, AmGUARD is a citizen of the State of Pennsylvania, and not a

citizen of the State of Georgia. *See* 28 U.S.C. § 1332(c) ("a corporation is deemed to be a citizen of every state in which it was incorporated, as well as the state in which it maintains its principal place of business…").

8.

Accordingly, because Plaintiff and AmGUARD are citizens of different States, complete diversity exists between Plaintiff and AmGUARD in accordance with 28 U.S.C. § 1332(a)(1).

9.

In its complaint, Plaintiff seeks a recovery for, *inter alia*, breach of a first party property insurance contract and bad faith denial of insurance coverage based upon AmGUARD's failure to indemnify Plaintiff for a loss that occurred in Gwinnett County, Georgia on or about March 25, 2021. *See*, *generally*, [Doc. No. 1-1] (Complaint). As stated in the complaint, on November 16, 2021, Plaintiff made a demand for indemnification in the amount of $97,997.41, less previous payments and the applicable deductible. [Doc. No. 1-1], at ¶ 17. Additionally, Plaintiff seeks penalties against AmGUARD pursuant to O.C.G.A. § 33-4-6(a) in the amount of fifty percent (50%) of the total compensatory damages awarded or $5,000.00, whichever is greater. [Doc. No. 1-1], at ¶ 39.

"Where the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 754 (11th Cir. 2010). "If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." Id. When determining if the defendant has satisfied its burden to establish jurisdiction by a preponderance of the evidence, if the court cannot determine whether it is facially apparent from the complaint that the jurisdictional amount is in controversy, the court may consider facts alleged in the notice of removal, non-sworn letters submitted to the court, or other summary judgment type evidence that may reveal that the amount in controversy requirement is satisfied (i.e., affidavits, declarations or other documentation). Id. at 754-755 (citing Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001); Fowler v. Safeco Ins. Co. of Am., 915 F.2d 616, 617 (11th Cir. 1990)).

Courts have held that the amount in controversy requirement may be sufficiently met based on the level of detail of alleged damages in a settlement offer and a pre-suit demand being greater than $75,000.00. Lowery v. Alabama Power Co., 483 F.3d 1184 (11th Cir. 2007); Patel v. Kroger Co., No. 1:13-CV-02901-JOF,

2013 WL 12068988, at *2 (N.D. Ga. Nov. 12, 2013).  Furthermore, a defendant is not required to "prove the amount in controversy beyond all doubt or to banish all uncertainty about it." Pretka, supra, 608 F.4d at 754. Instead, district courts are permitted to make "reasonable deductions" and "reasonable inferences" and need not "suspend reality or shelve common sense in determining whether the face of the complaint… establishes the jurisdictional amount." Id. at 770.  Courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements.  Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1602 (11th Cir. 2010).

Accordingly, as per the face of the complaint and its attachments, the amount in controversy exceeds $75,000.00, exclusive of interest and costs, as required by 28 U.S.C. § 1332(a).

10.

In light of the foregoing, this Court has subject matter jurisdiction over this matter in accordance with 28 U.S.C. § 1332(a). Defendant has complied with all the provisions of 28 U.S.C. § 1446 governing the procedure for removal.

11.

Venue is proper in this Court for purposes of removal under 28 U.S.C. § 1441(a). By filing this Notice of Removal, AmGUARD does not waive any of its jurisdictional objections or affirmative defenses.

12.

Defendant reserves the right to amend or supplement this Notice of Removal or to present additional arguments in support of its entitlement to remove this case.

WHEREFORE, AmGUARD respectfully prays that this action proceed in this Court as an action properly removed pursuant to 28 U.S.C. § 1446, and that no further proceedings be had in said case in the Superior Court of Gwinnett County, Georgia.

This 14th day of March, 2023.

Respectfully submitted,

**SWIFT, CURRIE, McGHEE & HIERS, LLP**

By:   /s/ Drew C. Timmons
Drew C. Timmons
Georgia Bar No. 358626
*Attorney for Defendant*

1420 Peachtree Street, N.E., Suite 800
Atlanta, GA  30309-3231
404.874.8800
404.888.6199 [facsimile]
drew.timmons@swiftcurrie.com

## **LOCAL RULE 5.1C CERTIFICATION**

By signature below, counsel certifies that the foregoing pleading was prepared in Times New Roman, 14-point font in compliance with Local Rule 5.1C.

This 14th day of March, 2023.

            Respectfully submitted,

            **SWIFT, CURRIE, McGHEE & HIERS, LLP**

            By:  */s/ Drew C. Timmons*
                Drew C. Timmons
                Georgia Bar No. 358626

                *Attorney for Defendant*

1420 Peachtree Street, N.E.
Suite 800
Atlanta, GA  30309-3231
404.874.8800
404.888.6199 [facsimile]
drew.timmons@swiftcurrie.com

## CERTIFICATE OF SERVICE

This is to certify that this day I have electronically filed this ***NOTICE OF REMOVAL*** with the Clerk of Court by e-filing same using the CM/ECF System, which will automatically send e-mail notification of said filing to the following attorneys of record:

J. Remington Huggins, Esq.
Michael D. Turner, Esq.
The Huggins Law Firm, LLC
110 Norcross Street
Roswell, Georgia 30075
remington@lawhuggins.com
mdturner@lawhuggins.com
Attorneys for Plaintiff

This 14th day of March, 2023.

Respectfully submitted,

**SWIFT, CURRIE, McGHEE & HIERS, LLP**

By:   /s/ Drew C. Timmons
      Drew C. Timmons
      Georgia Bar No. 358626

*Attorney for Defendant*

1420 Peachtree Street, N.E.
Suite 800
Atlanta, GA  30309-3231
404.874.8800
404.888.6199 [facsimile]
drew.timmons@swiftcurrie.com
4884-9303-9959, v. 1