IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DANIELLE RUSK,<br><br>    Plaintiff,<br><br>v.<br><br>JERRY LEVON REAVES, USA TRUCK, INC., JOHN DOE CORPORATION, SKYRAIDER RRG, INC., and INDEMNITY INSURANCE COMPANY OF NORTH AMERICA,<br><br>    Defendants. | CIVIL ACTION<br>FILE NO. _____ |

## **PETITION OF REMOVAL**

TO: The Honorable Judges of the United States District Court for the Northern District of Georgia, Atlanta Division:

COME NOW, JERRY LEVON REAVES ("Reaves"), USA TRUCK, INC. ("USA Truck"), SKYRAIDER RISK RETENTION GROUP, INC. ("SRRG"), improperly named as Skyraider RRG, Inc., and INDEMNITY INSURANCE COMPANY OF NORTH AMERICA ("IICNA") (collectively "Defendants"), named Defendants in the above-styled action, and petition this Court for removal of the action herein from the State Court of Gwinnett County to the United States

-1-

District Court for the Northern District of Georgia, Atlanta Division, and respectfully show the Court as follows:

1.

On February 15, 2023, Plaintiff filed a civil action in the State Court of Gwinnett County, Georgia, which is styled as follows: *Danielle Rusk v. Jerry Levon Reaves, USA Truck Inc., John Doe Corporation, Skyraider RRG Inc., and Indemnity Insurance Company of North America*; Civil Action File No. 23-C-01012-S4. (True and correct copies of all process and pleadings received by counsel for Defendants in such action are attached hereto and incorporated herein as Exhibit "A").

2.

Defendants USA Truck and IICNA were both served with Plaintiff's Summons and Complaint on February 16, 2023.  Defendant Reaves was served with a copy of Plaintiff's Summons and Complaint through the Georgia Secretary of State's Office pursuant to O.C.G.A. § 40-12-2, and the Secretary of State's Certification of Acknowledgment regarding such service was filed with the State Court of Gwinnett County on February 23, 2023. Upon information and belief, Defendant SRRG has yet to be served. Thus, Defendants timely file this Petition of Removal.

-3-

3.

Defendant Reaves is now, and was at the commencement of this suit, a citizen of South Carolina, residing at 3516 Quail Roost Road, Mullins, Marion County, South Carolina 29574.

4.

Defendant USA Truck is now, was at the commencement of this suit, a corporation formed under the laws of the State of Delaware and has its principal place of business in Arkansas. Accordingly, USA Truck is a citizen of Delaware and Arkansas. 28 U.S.C § 1332(c)(1).

5.

Defendant IICNA is now, was at the commencement of this suit, a corporation formed under the laws of the State of Pennsylvania and has its principal place of business in Pennsylvania. Accordingly, IICNA is a citizen of Pennsylvania. 28 U.S.C § 1332(c)(1).

6.

Defendant SRRG is now, was at the commencement of this suit, a corporation formed under the laws of the State of South Carolina and has its principal place of business in South Carolina. Accordingly, SRRG is a citizen of South Carolina. 28 U.S.C § 1332(c)(1).

7.

Plaintiff Danielle Rusk is a citizen of Georgia, residing at 1185 West Hancock Avenue, Athens, Clarke County, Georgia, 30606.  (*See* Complaint, ¶ 1).

8.

In the lawsuit, Plaintiff also named "John Doe Corporation" as a defendant. 28 USC § 1441(b)(1) provides that "[i]n determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded." Accordingly, defendant "John Doe Corporation" should be ignored for purposes of establishing diversity jurisdiction.

9.

Plaintiff's Complaint alleges that on or about February 25, 2021, Plaintiff was in her vehicle behind a tractor-trailer driven by Defendant Reaves waiting to enter the parking lot of Atlanta Metro Studios located at 6010 Studio Way, Union City, Georgia, 30219 when Defendant Reaves reversed his tractor-trailer and collided with Plaintiff's vehicle. (*See* Complaint, ¶¶ 14-16). Plaintiff claims that she "suffered serious injury" as a result of the collision. (*See* Complaint, ¶ 38).

10.

Plaintiff claims that her "medical expenses exceed $73,572.60" (*See* Complaint, ¶ 41). Additionally, Plaintiff seeks to recover against Defendants for her physical pain, mental and psychological suffering, inconvenience, damage to her vehicle, attorney's fees and costs, "and all other elements of damages allowed under Georgia law, including but not limited to all compensatory, general, special, consequential and/or other damages permitted." (*See* Complaint, ¶¶ 38-45).

11.

The action described above is a civil action with a claim of which this Court has original jurisdiction, and it is one that may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. §§ 1332, 1367, and 1441 et seq., in that there is complete diversity among the parties and the Parties are not residents of the same state and the amount in controversy exceeds $75,000.00 exclusive of interests and costs.

"When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement. If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy

at the time the case was removed." *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001) A Defendant seeking removal must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the $75,000.00 jurisdictional amount. *Standridge v. Wal-Mart Stores, Inc.*, 945 F. Supp. 252, 256 (N.D. Ga. 1996). When deciding whether the amount in controversy has been satisfied, the District Court can use its judicial experience and common sense. *Roe v. Michelin North America, Inc.*, 613 F. 3d. 1058, 1064 (11th Cir. 2010).

In Plaintiff's Complaint, she alleges that the subject collision caused her to suffer "serious injury, physical pain, mental and psychological suffering, inconvenience, damage to her vehicle, and other injuries." Plaintiff has asserted claims of negligence, imputed liability, and negligent hiring, training, and supervision. Further, although Plaintiff's Complaint seeks an unspecified amount of damages, Plaintiff's complaint reveals that she is seeking at least $73,572.60 in past medical expenses, which does not include Plaintiff's claim for future medical expenses. Additionally, while Plaintiff has not quantified her property damage claim, this could be a significant element of alleged damages. Along with these

claimed special damages, Plaintiff is also seeking to recover for attorney's fees[1], "pain and suffering sustained, and all other, elements of damages allowed under Georgia law, including but not limited to all compensatory, general, special, consequential and/or other damages permitted."

12.

Because Plaintiff alleges (1) she suffered serious injury (2) she incurred "reasonable, necessary, and continuing medical and healthcare expenses" in excess of $73,572.60, (3) that she is entitled to additional "compensatory, general, special, consequential and/or other damages" and attorney's fees, this Court may draw upon judicial experience and common sense to conclude that Plaintiff's claims exceed $75,000.00.

13.

By service of a copy of this Notice of Removal, as evidenced by the Certificate of Service attached hereto, Defendants hereby gives notice of such removal to Plaintiff as required by 28 U.S.C. § 1446.

---

[1] "Where, as here, attorney's fees are allowable by applicable law, they may be included in assessing the jurisdictional amount in controversy." *Hall v. Travelers Ins. Co.*, 691 F. Supp. 1406, 1409 (N.D. Ga. 1988).

14.

A true and correct copy of Defendants' Notice of Removal that will be filed in the State Court of Gwinnett County, Georgia is attached hereto as Exhibit "B".

15.

This action is currently pending in the State Court of Gwinnett County, Georgia, which is within the jurisdiction of the Northern District of Georgia, Atlanta Division. 28 U.S.C. § 1446(a).

16.

A true and correct copy of Defendants' answer filed in the State Court of Gwinnett County, Georgia is attached hereto as Exhibit "C".

WHEREFORE, Defendants pray that the above-captioned lawsuit be removed to the United States District Court for the Northern District of Georgia, Atlanta Division, that this Court take cognizance and jurisdiction over this claim from the State Court of Gwinnett County, Georgia, and that this action proceed as removed and under this Court's jurisdiction pursuant to 28 U.S.C. § 1332.

The undersigned have read this Notice of Removal and, to the best of their knowledge, information, and belief, formed after reasonable inquiry, have determined it is well-grounded in fact, is warranted by existing law, and is not

-9-

interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

Respectfully submitted, this 14th day of March, 2023.

        **DREW ECKL & FARNHAM, LLP**

        */s/Michael L. Miller*
        Michael L. Miller
        Georgia Bar No. 508011
        Katherine I. Barton
        Georgia Bar No. 882335
        *Attorneys for Defendants*

303 Peachtree Street, NE
Suite 3500
Atlanta, Georgia 30308
(404) 885-1400
millerm@deflaw.com
bartonk@deflaw.com

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DANIELLE RUSK,<br><br>    Plaintiff,<br><br>v.<br><br>JERRY LEVON REAVES, USA TRUCK, INC., JOHN DOE CORPORATION, SKYRAIDER RRG, INC., and INDEMNITY INSURANCE COMPANY OF NORTH AMERICA,<br><br>    Defendants. | CIVIL ACTION<br>FILE NO. _____ |

### CERTIFICATE OF SERVICE AND COMPLIANCE WITH LOCAL RULE 5.1(B)

I HEREBY CERTIFY that I have this day filed the **NOTICE OF REMOVAL** with the Clerk of Court, using the CM/ECF system and served a copy of the foregoing upon Plaintiff via U.S. Mail, adequate postage prepaid, addressed as follows:

John E. Alday
Catherine H. Manavi
Robert D. Johnson
Johnson & Alday LLC
john@johnsonalday.com
bobby@johnsonalday.com
catherine@johnsonalday.com

-10-

-11-

I further certify that the foregoing has been prepared with Times New Roman, 14-point font, in compliance with L.R. 5.1(b).

Respectfully submitted, this 14th day of March, 2023.

                                    **DREW ECKL & FARNHAM, LLP**

                                    */s/Michael L. Miller*
                                    Michael L. Miller
                                    Georgia Bar No. 508011
                                    Katherine I. Barton
                                    Georgia Bar No. 882335
                                    *Attorneys for Defendants*

303 Peachtree Street, NE
Suite 3500
Atlanta, Georgia 30308
(404) 885-1400
millerm@deflaw.com
bartonk@deflaw.com

13366765/1
27096-252108