E-FILED IN OFFICE - F
CLERK OF STATE COURT
GWINNETT COUNTY, GEORG

23-C-01012-S
2/15/2023 2:21 PI
TIANA P. GARNER, CLER

## General Civil and Domestic Relations Case Filing Information Form

☐ Superior or ☒ State Court of Gwinnett _____ County

| **For Clerk Use Only** | |
| --- | --- |
| **Date Filed** 02-15-2023 | **Case Number** 23-C-01012-S4 |
| **MM-DD-YYYY** | |

**Plaintiff(s)**

| Rusk | Danielle | | | |
| --- | --- | --- | --- | --- |
| **Last** | **First** | **Middle I.** | **Suffix** | **Prefix** |
| **Last** | **First** | **Middle I.** | **Suffix** | **Prefix** |
| **Last** | **First** | **Middle I.** | **Suffix** | **Prefix** |
| **Last** | **First** | **Middle I.** | **Suffix** | **Prefix** |

**Defendant(s)**

| Reaves | Jerry | L | | |
| --- | --- | --- | --- | --- |
| **Last** | **First** | **Middle I.** | **Suffix** | **Prefix** |
| Truck, Inc. | USA | | | |
| **Last** | **First** | **Middle I.** | **Suffix** | **Prefix** |
| RRG, Inc. | Skyraider | | | |
| **Last** | **First** | **Middle I.** | **Suffix** | **Prefix** |
| North America | Indemnity Insurance Company of | | | |
| **Last** | **First** | **Middle I.** | **Suffix** | **Prefix** |

**Plaintiff's Attorney** John E. Alday      **Bar Number** 298669      **Self-Represented** ☐

### Check One Case Type in One Box

**General Civil Cases**

- ☒ **Automobile Tort**
- ☐ **Civil Appeal**
- ☐ **Contract**
- ☐ **Garnishment**
- ☐ **General Tort**
- ☐ **Habeas Corpus**
- ☐ **Injunction/Mandamus/Other Writ**
- ☐ **Landlord/Tenant**
- ☐ **Medical Malpractice Tort**
- ☐ **Product Liability Tort**
- ☐ **Real Property**
- ☐ **Restraining Petition**
- ☐ **Other General Civil**

**Domestic Relations Cases**

- ☐ **Adoption**
- ☐ **Dissolution/Divorce/Separate Maintenance**
- ☐ **Family Violence Petition**
- ☐ **Paternity/Legitimation**
- ☐ **Support – IV-D**
- ☐ **Support – Private (non-IV-D)**
- ☐ **Other Domestic Relations**

**Post-Judgment – Check One Case Type**

- ☐ **Contempt**
  - ☐ **Non-payment of child support, medical support, or alimony**
- ☐ **Modification**
- ☐ **Other/Administrative**

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____    _____
**Case Number**              **Case Number**

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
**Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____
_____

CLERK OF STATE COURT
GWINNETT COUNTY, GEORG
**23-C-01012-S**
2/15/2023 2:21 PI
TIANA P. GARNER, CLER

## IN THE STATE COURT OF GWINNETT COUNTY

### STATE OF GEORGIA

# Danielle Rusk

CIVIL ACTION  23-C-01012-S4
NUMBER:_____

PLAINTIFF

VS.

JERRY LEVON REAVES, USA TRUCK, INC., JOHN DOE CORP.,

## SKYRAIDER RRG, INC., and

INDEMNITY INSURANCE COMPANY OF NORTH JAMERICA

DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Johnson & Alday, LLC
219 Roswell St.
Marietta, GA 30060

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This **15th** day of **February**, 20**23**.

Tiana P. Garner
Clerk of State Court

By_____
Deputy Clerk

**INSTRUCTIONS:** Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

E-FILED IN OFFICE - JM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-01012-S4**
**2/17/2023 10:09 AM**
**TIANA P. GARNER, CLERK**

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

**DANIELLE RUSK**
Plaintiff,

VS.

CIVIL ACTION FILE NO. 23-C-01012-S4

**JERRY LEVON REAVES, USA TRUCK, INC., JOHN DOE
CORPORATION, SKYRAIDER RRG, INC., AND INDEMNITY
INSURANCE COMPANY OF NORTH AMERICA**
Defendants.

## AFFIDAVIT OF SERVICE UPON USA TRUCK, INC.

Personally appeared before me, an officer duly authorized by law to administer oaths, the person of HAKIMAH HUDSON - PROCESS SERVER, who after first being duly sworn, and states:

1. My name is HAKIMAH HUDSON - PROCESS SERVER, and I am competent in all respects to testify regarding the matter set forth herein. I have personal knowledge of the facts stated herein and know them to be true. I have no interest in the outcome of the above action and I am not related to any of the parties.

2. I am a resident of the State of Georgia and a citizen of the United States of America and am over age twenty-one (21). I have been appointed as Process Server in the STATE COURT OF GWINNETT COUNTY and I have been assigned in the above-styled case to perfect service of process of the pending Summons and Complaint upon USA TRUCK, INC.

3. On Feb 16, 2023 at approx. 10:45 am at the 289 S CULVER ST, LAWRENCEVILLE, GA 30046 address, I served the pending SUMMONS AND COMPLAINT, GENERAL CIVIL AND DOMESTIC RELATIONS CASE FILING INFORMATION FORM, PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANTS, PLAINTIFF'S FIRST CONTINUING INTERROGATORIES TO DEFENDANT USA TRUCK, INC. AND/OR DEFENDANT JOHN DOE CORPORATION, PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO EACH DEFENDANT upon USA TRUCK, INC., by leaving said service documents with JANE RICHARDSON, an employee of CT CORPORATION SYSTEM, the Registered Agent for USA TRUCK, INC., and who is authorized to accept service of process on behalf of USA TRUCK, INC.

This 16th of February, 2023.

**HAKIMAH HUDSON - PROCESS SERVER**

Sworn to and subscribe before me
This 16th of February, 2023

Notary Public,
My commission expires on

Frank L Swindle
Notary Public, DeKalb County, Georgia
My Commission Expires 03/10/2023

CLERK OF STATE COUR
GWINNETT COUNTY, GEORG
**23-C-01012-S**
2/15/2023 2:21 PI
TIANA P. GARNER, CLER

## IN THE STATE COURT OF GWINNETT COUNTY

### STATE OF GEORGIA

# Danielle Rusk

PLAINTIFF

CIVIL ACTION   23-C-01012-S4
NUMBER:_____

VS.

JERRY LEVON REAVES, USA TRUCK, INC., JOHN DOE CORP.,

# SKYRAIDER RRG, INC., and

INDEMNITY INSURANCE COMPANY OF NORTH )AMERICA

DEFENDANT

# SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Johnson & Alday, LLC
219 Roswell St.
Marietta, GA 30060

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This **15th** day of **February**, 20**23**.

Tiana P. Garner
Clerk of State Court

By_____
Deputy Clerk

**INSTRUCTIONS:** Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

E-FILED IN OFFICE - JM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-01012-S4**

**2/17/2023 10:09 AM**
**TIANA P. GARNER, CLERK**

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

DANIELLE RUSK
Plaintiff,

VS.                                                                      CIVIL ACTION FILE NO. 23-C-01012-S4

JERRY LEVON REAVES, USA TRUCK, INC., JOHN DOE
CORPORATION, SKYRAIDER RRG, INC., AND INDEMNITY
INSURANCE COMPANY OF NORTH AMERICA
Defendants.

## AFFIDAVIT OF SERVICE UPON INDEMNITY INSURANCE COMPANY OF NORTH AMERICA

Personally appeared before me, an officer duly authorized by law to administer oaths, the person of HAKIMAH HUDSON -
PROCESS SERVER, who after first being duly sworn, and states:

1.  My name is HAKIMAH HUDSON - PROCESS SERVER, and I am competent in all respects to testify regarding the
    matter set forth herein. I have personal knowledge of the facts stated herein and know them to be true. I have no
    interest in the outcome of the above action and I am not related to any of the parties.

2.  I am a resident of the State of Georgia and a citizen of the United States of America and am over age twenty-one
    (21). I have been appointed as Process Server in the STATE COURT OF GWINNETT COUNTY and I have been
    assigned in the above-styled case to perfect service of process of the pending Summons and Complaint upon
    INDEMNITY INSURANCE COMPANY OF NORTH AMERICA.

3.  On Feb 16, 2023 at approx. 10:45 am at the 289 S CULVER ST, LAWRENCEVILLE, GA 30046 address, I served the
    pending SUMMONS AND COMPLAINT, GENERAL CIVIL AND DOMESTIC RELATIONS CASE FILING INFORMATION
    FORM, PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANTS, PLAINTIFF'S FIRST CONTINUING
    INTERROGATORIES TO DEFENDANT SKYRAIDER RRG, INC. AND INDEMNITY INSURANCE COMPANY OF NORTH
    AMERICA, PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO EACH DEFENDANT upon INDEMNITY INSURANCE
    COMPANY OF NORTH AMERICA, by leaving said service documents with JANE RICHARDSON, an employee of CT
    CORPORATION SYSTEM, the Registered Agent for INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, and who
    is authorized to accept service of process on behalf of INDEMNITY INSURANCE COMPANY OF NORTH AMERICA.

This 16th of February, 2023.

**HAKIMAH HUDSON - PROCESS SERVER**

Sworn to and subscribe before me
This 16th of February, 2023

Notary Public,
My commission expires on

Frank L Swindle
Notary Public, DeKalb County, Georgia
My Commission Expires 03/10/2023

E-FILED IN OFFICE - JM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-01012-S4**

Control Number 23-C-01012-S4
**2/23/2023 11:45 AM**
**TIANA P. GARNER, CLERK**

# STATE OF GEORGIA
## Secretary of State
### Corporations Division
### 313 West Tower
### 2 Martin Luther King, Jr. Dr.
### Atlanta, Georgia 30334-1530

## CERTIFICATE OF ACKNOWLEDGEMENT

I, Brad Raffensperger, Secretary of State of the State of Georgia, do hereby certify under the seal of my office that copies of legal documents regarding service of process upon:

### Jerry Levon Reaves

have been filed with the Secretary of State on 02/16/2023 pursuant to O.C.G.A. § 40-12-2 relating to the following matter:

Case: Danielle Rusk v. Jerry Levon Reaves
Court: Gwinnett County State Court
Civil Action No.: 23C01012S4

Witness my hand and official seal in the City of Atlanta and the State of Georgia on 02/23/2023.



Brad Raffensperger
Secretary of State

**SERVICE OF PROCESS**

*Electronically Filed*
Secretary of State
Filing Date: 2/16/2023 10:45:28 AM

## FILING INFORMATION

| | |
|---|---|
| Filing Type | : Service of Process |
| Control Number | : SOP-23041755 |

## DEFENDANT INFORMATION

The name of the business entity or individual (the "defendant") for which the Secretary of State is being served as statutory agent is as follows:

| | |
|---|---|
| Defendant Type | : Individual |
| Defendant's Name | : Jerry Levon Reaves |
| Defendant's Address Where Service Attempted and/or Forwarded | : 3516 Quail Roost Rd., Mullins, SC, 29574, USA |

## STATUTORY AUTHORITY

Service is being made on the Secretary of State pursuant to the following O.C.G.A. section:

O.C.G.A. § 40-12-2

## CASE INFORMATION

The service of process filing relates to the following proceeding:

| | |
|---|---|
| Name of Plaintiff | : Danielle Rusk |
| Style of Proceeding | : Danielle Rusk v. Jerry Levon Reaves, USA Truck, Inc., John Doe Corporation, Skyraider RRG, Inc., and Indemnity Insurance Company of North America |
| Civil Action Number | : 23C01012S4 |
| Court | : Gwinnett County State Court |

## SERVICE OF PROCESS DOCUMENTS

See attached document(s).

## FILER's INFORMATION

| | |
|---|---|
| Filer Type | : Business |
| Name | : Johnson and Alday, LLC |
| Address | : 219 Roswell St. NE, Marietta, GA, 30060, USA |

## AUTHORIZER INFORMATION

| | |
|---|---|
| Authorizer Name | : Lauren Briggs |

E-FILED IN OFFICE - JT
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-01012-S4**

**2/15/2023 2:21 PM**
**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **DANIELLE RUSK,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action File Number** |
| | ) | |
| **v.** | ) | 23-C-01012-S4 |
| | ) | _____ |
| **JERRY LEVON REAVES, USA TRUCK,** | ) | |
| **INC., JOHN DOE CORPORATION,** | ) | |
| **SKYRAIDER RRG, INC., AND INDEMNITY** | ) | |
| **INSURANCE COMPANY OF NORTH** | ) | |
| **AMERICA,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## **COMPLAINT**

COMES NOW Plaintiff Danielle Rusk (hereinafter "Plaintiff") in the above-styled action, and hereby files this Complaint against Defendant Jerry Levon Reaves, Defendant USA Truck, Inc., Defendant John Doe Corporation, Defendant Skyraider RRG, Inc., and Defendant Indemnity Insurance Company of North America (hereinafter "Defendants") and shows the Court as follows:

1.

The Plaintiff, Danielle Rusk, is a resident of Clarke County and resides at 1185 West Hancock Avenue, Athens, Georgia 306060.

2.

Defendant Jerry Levon Reaves (hereinafter "Defendant Reaves") is a resident of Marion County, South Carolina and is subject to the venue of this Court pursuant to O.C.G.A. § 40-12-3 and the jurisdiction of this Court pursuant to O.C.G.A. § 9-10-91, in that defendant did commit a tortious act involving the use of a motor vehicle within Fulton County, Georgia, as more fully shown by the facts set forth below.

3.

Defendant USA Truck, Inc. is a foreign corporation existing under the laws of the State of Delaware with its principal place of business located at 3200 Industrial Park Road, Van Buren, Arkansas 72956 and is authorized to transact business within the State of Georgia and is subject to the jurisdiction and venue of this Court.

4.

Upon information and belief, defendant John Doe Corporation may have caused the motor vehicle collision at issue and is unknown.  John Doe Corporation is an unknown corporation organized and existing under the laws of the State of Georgia.  Defendant John Doe Corporation is subject to the jurisdiction of this Honorable Court as a joint tortfeasor, pursuant to O.C.G.A. § 9-10-314.

5.

At the time of the subject collision, Defendant Skyraider RRG, Inc. and/or Defendant Indemnity Insurance Company of North America (hereinafter "Defendant Insurers") provided policies of liability insurance on behalf of Defendant USA Truck, Inc. and/or Defendant John Doe Corporation, common carriers for hire under Georgia Law.  Upon information and belief, the policy numbers for the subject policies are OGL G71449191, 01-20000-00-2020, and CAL H25307598.  Said policies of insurance were in effect on February 25, 2021.  Defendant Insurers are subject to suit by direct action pursuant to the provisions of O.C.G.A. § 46-7-12.

6.

Defendant Reaves may be served pursuant to The Georgia Non-Resident Motorist Act O.C.G.A. § 40-12-1 *et seq.*, through the Secretary of State of Georgia, Brad Raffensperger, with a copy of this Complaint at 2 Martin Luther King Jr. Dr., Suite 313, West Tower, Atlanta, GA 30334, and sending a copy of the Summons and Complaint via Certified Mail, Return Receipt to

Defendant at his residence, which is  3516 Quail Roost Rd, Mullins, South Carolina, 29574.

7.

Defendant USA Truck, Inc. may be served with process upon its registered agent CT Corporation System at 289 Culver Street, Lawrenceville, GA 30046-4805.

8.

Defendant Indemnity Insurance Company of North America may be served with process upon its registered agent CT Corporation System at 289 Culver Street, Lawrenceville, GA 30046-4805.

9.

Hereinafter "Corporate Defendant" shall apply to Defendant USA Truck, Inc. and Defendant John Doe Corporation.

10.

Jurisdiction is proper as to all defendants.

11.

Venue is proper as to all defendants.

12.

Service and service of process is proper as to all defendants.

13.

This court has personal jurisdiction over all defendants.

## COUNT I: NEGLIGENCE AS TO DEFENDANT REAVES

14.

On or about February 25, 2021, plaintiff was in her vehicle lawfully waiting to enter the parking lot of Atlanta Metro Studios located at 6010 Studio Way, Union City, Georgia, 30219.

15.

At the same time, Defendant Reaves was driving a tractor-trailer and was in front of plaintiff's vehicle waiting to enter Atlanta Metro Studios.

16.

Without warning, Defendant Reaves quicky reversed his tractor trailer and collided with plaintiff's vehicle.

17.

At all times related to the collision, plaintiff was exercising ordinary care for her own safety.

18.

Plaintiff neither caused nor contributed to the collision at issue.

19.

Prior to and at the time of the collision, Defendant Reaves unlawfully and without warning struck the plaintiff's vehicle.

20.

At all times mentioned herein, plaintiff acted with reasonable care under the conditions and circumstances then existing.

21.

Defendant Reaves' actions constituted negligence in operating his tractor-trailer contrary to the reasonable and safe conditions and circumstances then existing.

22.

Defendant Reaves' negligence included, but is not limited to, one or more of the following: improper backing, careless driving, failure to timely apply his brakes, and any other acts of negligence that may be proven at trial.

23.

Defendant Reaves' negligence and violation of Georgia's motor vehicle laws constituted negligence per se and negligence as a matter of law.

24.

Defendant Reaves' actions constituted negligence in operating his tractor-trailer contrary to the reasonable and safe conditions and circumstances then existing.

25.

Defendant Reaves' actions constituted negligence by engaging in a driving manner which was ill-timed and improper, causing danger, injuries, damages, losses, physical pain and emotional distress to plaintiff.

26.

But for the negligence of Defendant Reaves, plaintiff would not have suffered injury, physical pain, mental and psychological suffering, inconvenience, and other injuries as proven at the trial of this matter, all of which were directly and proximately caused by defendant's negligence.

27.

As a result of Defendant Reaves' negligence, plaintiff incurred reasonable, necessary, and continuing medical and healthcare expenses from the injuries, all of which was and will be a proximate cause of the collision in an amount to be proven at trial.

## COUNT II– IMPUTED LIABILITY OF CORPORATE DEFENDANTS

28.

Plaintiff incorporates by reference the preceding allegations of this Complaint as if fully restated herein.

29.

At the time of the subject collision, Defendant Reaves was working for one or more of the Corporate Defendants.

30.

At the time of the subject collision, Defendant Reaves was acting within the scope of his employment with one or more of the Corporate Defendants.

31.

One or more of the Corporate Defendants is responsible for the actions of Defendant Reaves in regard to the events described in this complaint under the doctrine of respondeat superior and/or agency.

## COUNT III – NEGLIGENT HIRING, TRAINING & SUPERVISION OF DEFENDANT REAVES

32.

Plaintiff incorporates by reference the preceding allegations of this Complaint as if fully restated herein.

33.

At the time of the subject incident, Defendant Reaves was acting at the direction and under the control of one or more of the Corporate Defendants, was an agent and employee of one or more of the Corporate Defendants while operating one or more of Corporate Defendants' trucks in the course and scope of his employment with one or more of the Corporate Defendants and with one or more of the Corporate Defendants' expressed or implied permission.

34.

One or more of the Corporate Defendants negligently hired, supervised, trained, and retained Defendant Reaves and negligently entrusted the tractor-trailer operation responsibilities to Defendant Reaves. One or more of the Corporate Defendants negligently failed to implement

and utilize proper procedures to evaluate Defendant Reaves' skills and expertise for the operation of said tractor-trailer.

35.

Because one or more the Corporate Defendants had knowledge of, or in the exercise of reasonable care should have had knowledge of the negligence discussed herein and the dangerous condition(s) created by their actions, one or more the Corporate Defendants is liable for the negligent supervision, hiring, training, and retention of their management, agents and employees and the entrustment of said tractor-trailer to said management, agents and employees.

36.

One or more of the Corporate Defendants' negligence in hiring Defendant Reaves and entrusting him to operate a tractor-trailer and failing to train and supervise him properly was the proximate cause of the motor vehicle collision on February 25, 2021, and plaintiff's resulting injuries and damages.

## COUNT IV – DAMAGES

37.

Plaintiff incorporates by reference the preceding allegations of this Complaint as if fully restated herein.

38.

But for the negligence of Defendants, plaintiff would not have suffered serious injury, physical pain, mental and psychological suffering, inconvenience, damage to her vehicle, and other injuries as proven at the trial of this matter, all of which were directly and proximately caused by Defendants' negligence.

39.

Due to the Defendants' negligence, plaintiff incurred reasonable, necessary, and continuing medical and healthcare expenses from the injuries, all of which was and will be a proximate cause of the collision in an amount to be proven at trial.

40.

Plaintiff is entitled to recover for the injuries and pain and suffering sustained, and all other elements of damages allowed under Georgia law, including but not limited to all compensatory, general, special, consequential and/or other damages permitted.

41.

Plaintiff's medical expenses exceed $73,572.60, all proximately caused by Defendants' negligence.

42.

That each of the forgoing acts and omissions constitute an independent act of negligence on the part of Defendants and one or more or all of the above stated acts were the proximate causes of plaintiff's and injuries and damages.  Defendants are jointly and severally liable for plaintiff's injuries and damages allowed under the laws of the State of Georgia.

43.

Pursuant and applicable Georgia law, Defendants are liable to plaintiff and responsible for payment of damages incurred by plaintiff as a result of the negligent acts of one or more Defendants.

44.

To the extent Defendants fail to admit they are solely liable for causing the incident at issue, plaintiff seeks attorney's fees and costs pursuant to O.C.G.A. § 13-6-11.

45.

Further, Defendants' conduct leading up to the necessity of filing this lawsuit has been stubbornly litigious and has caused plaintiff unnecessary trouble and expense such that plaintiff is also entitled to attorney's fees pursuant to O.C.G.A. § 13-6-11.

WHEREFORE, Plaintiff demands:

a)    that process issue and defendants be served as provided by law;

b)    that plaintiff has judgment against Defendants in an amount that will adequately compensate plaintiff for general, compensatory, consequential and special damages, which have been sustained;

c)    that all costs be taxed against the Defendants;

d)    that this court grant such other and further relief as it deems just and proper.

This _15th___ day of February 2023.

**JOHNSON & ALDAY LLC**

/s/ John E. Alday
JOHN E. ALDAY
Georgia Bar No.: 298669
CATHERINE H. MANAVI
Georgia Bar No.: 370535
ROBERT D. JOHNSON
Georgia Bar No.: 125305
Attorneys for Plaintiff

219 Roswell Street, N.E.
Marietta, Georgia 30060
(678) 967-4040

(678) 400-2223 FAX
bobby@johnsonalday.com
john@johnsonalday.com
catherine@johnsonalday.com

E-FILED IN OFFICE - JT
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-01012-S4**

**2/15/2023 2:21 PM**

TIANA P. GARNER, CLERK

## General Civil and Domestic Relations Case Filing Information Form

☐ **Superior or** ☐ **State Court of** _____ **County**

---

**For Clerk Use Only**

Date Filed _____          Case Number _23-C-01012-S4_
             **MM-DD-YYYY**                              _____

---

**Plaintiff(s)**                                    **Defendant(s)**

_____          _____
Last       First       Middle I.   Suffix   Prefix       Last       First       Middle I.   Suffix   Prefix

_____          _____
Last       First       Middle I.   Suffix   Prefix       Last       First       Middle I.   Suffix   Prefix

_____          _____
Last       First       Middle I.   Suffix   Prefix       Last       First       Middle I.   Suffix   Prefix

_____          _____
Last       First       Middle I.   Suffix   Prefix       Last       First       Middle I.   Suffix   Prefix

**Plaintiff's Attorney** _____          **Bar Number** _____          **Self-Represented** ☐

### Check One Case Type in One Box

**General Civil Cases**

- ☐ **Automobile Tort**
- ☐ **Civil Appeal**
- ☐ **Contract**
- ☐ **Garnishment**
- ☐ **General Tort**
- ☐ **Habeas Corpus**
- ☐ **Injunction/Mandamus/Other Writ**
- ☐ **Landlord/Tenant**
- ☐ **Medical Malpractice Tort**
- ☐ **Product Liability Tort**
- ☐ **Real Property**
- ☐ **Restraining Petition**
- ☐ **Other General Civil**

**Domestic Relations Cases**

- ☐ **Adoption**
- ☐ **Dissolution/Divorce/Separate Maintenance**
- ☐ **Family Violence Petition**
- ☐ **Paternity/Legitimation**
- ☐ **Support – IV-D**
- ☐ **Support – Private (non-IV-D)**
- ☐ **Other Domestic Relations**

**Post-Judgment – Check One Case Type**

- ☐ **Contempt**
  - ☐ **Non-payment of child support, medical support, or alimony**
- ☐ **Modification**
- ☐ **Other/Administrative**

☐   Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____          _____
     **Case Number**                       **Case Number**

☐   I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐   Is an interpreter needed in this case? If so, provide the language(s) required. _____
                                                                **Language(s) Required**

☐   Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____
_____

Version 1.1.18

E-FILED IN OFFICE - JT
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-01012-S4**
**2/15/2023 2:21 PM**
**TIANA P. GARNER, CLERK**

# IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

_____

_____

_____                    CIVIL ACTION  23-C-01012-S4
                                                            NUMBER:_____

                      PLAINTIFF

                  VS.

_____

_____

_____

                      DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

   You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____,   20_____.

                                    **Tiana P. Garner**
                                    **Clerk of State Court**

                        By_____
                                    Deputy Clerk

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

SC-1 Rev. 2011

## PLAINTIFF'S AFFIDAVIT OF COMPLIANCE FOR
## SERVICE OF PROCESS UPON NON-RESIDENT MOTORIST

I, John E. Alday, the undersigned, am the attorney who represents the Plaintiff in the case of:

Danielle Rusk v. Jerry Levon Reaves, USA Truck, Inc., John Doe Corporation, Skyraider RRG, Inc., and Indemnity Insurance Company of North America
State Court of Gwinnett County, Georgia
Civil Action Number: 23-C-01012-S4

I do hereby certify that, in accordance with O.C.G.A. § 40-12-2, I have forwarded by

Certified Mail/Return Receipt, 7022 2410 0002 6584 0487, notice of service of the above case

along with a copy of the Summons and Complaint, to the Defendant at the following address:

Mr. Jerry Levon Reaves
3516 Quail Roost Rd.
Mullins, South Carolina 29574

I further certify that I SHALL FILE WITH THE APPROPRIATE COURT appends to the

documents, regarding this case: (1) any return receipt received as evidence of service upon the

Defendant by the Plaintiff and (2) this Plaintiff's Affidavit of Compliance.

This ___ day of February, 2023.

JOHNSON & ALDAY, LLC

JOHN E. ALDAY, ESQ.
Georgia Bar No.: 298669
Attorney for Plaintiff

219 Roswell Street, N.E.
Marietta, Georgia 30060
(678) 967-4040
(678) 400-2223 Fax
john@johnsonalday.com

Sworn to and subscribed before me
this _11_ day of _February_ 2023

Notary Public

My Commission Expires: 5-13-2024

E-FILED IN OFFICE - JT
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-01012-S4**
**2/15/2023 2:21 PM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **DANIELLE RUSK,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action File Number** |
| | ) | 23-C-01012-S4 |
| **v.** | ) | |
| | ) | _____ |
| **JERRY LEVON REAVES, USA TRUCK,** | ) | |
| **INC., JOHN DOE CORPORATION,** | ) | |
| **SKYRAIDER RRG, INC., AND INDEMNITY** | ) | |
| **INSURANCE COMPANY OF NORTH** | ) | |
| **AMERICA,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

### PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANTS

COMES NOW Plaintiff DANIELLE RUSK (hereinafter "Plaintiff") in the above-styled matter and serves upon EACH Defendant these Request for Admissions, pursuant to O.C.G.A. § 9-11-36, with Georgia law dictating that Defendant provide a written reply admitting or denying each portion of the following requests within forty-five (45) days of service.

1.

Venue is proper in the county referenced above as to you.

2.

Jurisdiction is proper in this Honorable Court.

3.

Service of process is proper and sufficient as to you.

4.

You breached your legal duty you owed to Plaintiff which resulted in a February 25, 2021 collision with Plaintiff.

5.

Plaintiff suffered physical injuries and pain as a result of the incident collision set forth within Plaintiff's lawsuit against you.

6.

Plaintiff suffered damages as a result of your negligence resulting in the incident collision.

7.

Defendant USA Truck, Inc. and/or Defendant John Doe Corporation owned the vehicle Defendant Reaves was driving on the date of the incident which collided with the Plaintiff.

8.

You believe that another entity or person was a contributing cause or cause of the incident at issue.

9.

You have been correctly named in the present cause of action insofar as the legal designation of names is concerned.

10.

You were not paying attention prior to the collision at issue.

11.

Plaintiff has not failed to join a proper party pursuant to O.C.G.A. § 9-11-19.

12.

Plaintiff incurred reasonable and necessary medical bills as a result of the incident at issue.

13.

Plaintiff is not exaggerating the nature and extent of her injuries.

14.

Plaintiff was visible to Defendant Reaves prior to the incident collision at issue.

15.

At the time of the February 25, 2021 collision at issue, the vehicle Plaintiff was driving in was being driven in a safe and prudent manner.

This 15th day of February 2023.

**JOHNSON & ALDAY, LLC**

_____

JOHN E. ALDAY
Georgia Bar No.: 298669
ROBERT D. JOHNSON
Georgia Bar No.: 125305
CATHERINE H. MANAVI
Georgia Bar No.: 370535
Attorneys for Plaintiff

Johnson & Alday, LLC
219 Roswell Street, N.E.
Marietta, Georgia 30060
(678) 967-4040
(678) 400-2223 FAX
bobby@johnsonalday.com
john@johnsonalday.com
catherine@johnsonalday.com

E-FILED IN OFFICE - JT
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-01012-S4**

**2/15/2023 2:21 PM**

**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **DANIELLE RUSK,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action File Number** |
| | ) | |
| **v.** | ) | 23-C-01012-S4 |
| | ) | _____ |
| **JERRY LEVON REAVES, USA TRUCK,** | ) | |
| **INC., JOHN DOE CORPORATION,** | ) | |
| **SKYRAIDER RRG, INC., AND INDEMNITY** | ) | |
| **INSURANCE COMPANY OF NORTH** | ) | |
| **AMERICA,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

### PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT REAVES

COMES NOW Plaintiff, pursuant to O.C.G.A. § 9-11-33, and submit herewith to

Defendant Reaves, for response within forty-five (45) days after service hereof, in the form

provided by law, the following Interrogatories, the same being continuing in nature, requiring a

supplemental response upon the discovery of other or further information or documents affecting

your response hereto.

In responding, you are requested to answer fully and to produce all documents available

to you or in your possession or in the possession of any agent, insurer, investigator or attorney

acting on your behalf.

1.

Please state your full name, home and business addresses, date of birth, occupation and

your social security number.

2.

Please state the state or states issuing your automobile operator's license, date of issuance, date of expiration, the number of years you have been licensed to drive and your license number. State whether this was an automobile license which was in effect on the date of occurrence. State any restrictions which might be contained on that license and whether you were in compliance with these restrictions at the time of the accident giving rise to this suit.  If this was not the license in effect at the time of the incident, state the State issuing that automobile operator's license and the license number.  Please state whether your driver's license has ever been revoked or suspended in this or any other state and, if so, please state the state, date and reason therefore.

3.

In the event you have ever been married, please provide full details concerning these marriages including the names of each spouse, the date and place of each marriage, the date and place of termination of each marriage and the names and ages of any children born as a result of each such marriage.

4.

In the event you have ever been arrested for any reason, please provide full details as to each such arrest including the date and place, the charges made, the plea entered, the court involved and the date or dates of any conviction.

5.

In the event you have ever been a plaintiff, defendant or other party in a lawsuit prior to or subsequent to this litigation, please give full details relating to these prior suits including the full style of the lawsuit, the name and address of the court in which the action was filed and the year in which such action was filed.

6.

Please provide in as much detail as possible your description of how the incident in question occurred.

7.

State the name and address of each person you expect to call as an expert witness at the time of the trial, and as to each such witness, please state the subject matter upon which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for the opinions of such expert.

8.

State the name and address of any expert who is known to you who might have any information or opinion concerning any matter which may be involved in the within lawsuit, including, but not limited to, any expert with whom you have discussed any matter relating to this case, whether or not such person is, or is not, expected to be called as a witness at trial.

9.

In the event you were administered any sobriety test following the incident complained of in the Complaint, please state what type of test or tests were administered, by whom each such test was administered, and the result of each such test.

10.

State the name, address, employer and telephone number of any person, including any party, who, to your knowledge, information or belief:

(a)     Was an eyewitness to the incident complained of in this action;

(b)     Has some knowledge of any fact or circumstance upon which you base your denial of the Plaintiff's allegations of negligence or causation;

(c)     Has some knowledge of any fact or circumstance upon which you base your denial of the Plaintiff's allegations of damages;

(d)     In addition, list separately the names of every person you will use as a witness at the time of trial.

11.

Please state the names, addresses and telephone numbers of any persons or entities, including parties to this suit, which you contend were negligent or in any way contributed to or caused the incident alleged in the Plaintiff's Complaint and please state what facts support your contentions.

12.

Please state the names, addresses and telephone numbers of any persons or entities, including parties to this suit which you contend were negligent or in any way contributed to or caused the incident alleged in the Plaintiff's Complaint.

13.

To your knowledge, information or belief, has any statement or report been made by any person named in answering Interrogatory No. 10?  If so, please describe each statement or report giving a summary of the content including the name, address and telephone number of any person from whom such statement or report was taken or was present at its taking, the date the statement was taken along with its form (i.e. written, oral, recorded, etc.), and the present location and name of the person having custody and control of the statement.

14.

To your knowledge, information or belief, are there any photographs or drawings of:

(a)     The scene of the incident complained of in this action?

(b)     The damaged part of your or any other vehicle involved in this incident?

(c)     Any other physical objects involved in the incident?

(d)     Any person (including party) who was involved in incident?

15.

If so, please describe each such photograph or drawing, giving as to each the following:

(a)     The approximate date made;

(b)     The name, address, telephone number and employer of persons making such

photographs or drawings;

(c)     The form (whether photographic print, transparency, diagram, plat, etc.);

(d)     The subject represented; and

(e)     The present location and the name of the person having custody and control

thereof.

16.

To your knowledge, information or belief, is there any documentary or other tangible

evidence which you contend supports your defenses to the Plaintiff's allegations of negligence,

causation and/or damages or which you will use at the time of trial?  If so, describe such

documentary or tangible evidence stating as to each the following:

(a)     the nature and form thereof;

(b)     the subject or contents of such evidence; and

(c)     the present location and the name of the person having custody and control

thereof.

17.

State the name, address and telephone number and present employer of each and every individual who has investigated on your behalf the occurrence which is the subject matter of this lawsuit.

18.

State exactly what you contend Plaintiff did or did not do which caused or contributed to this incident, including all specifications of negligence.

19.

If you contend that any other person(s) or entity(ies) were negligent or in any way caused or contributed to this incident, state all acts or omissions of any person(s) or entity(ies) which you contend was negligent or caused or contributed to this incident.

20.

Following the occurrence complained of in the Plaintiff's Complaint, did you obtain an estimate of the costs of repairs to your vehicle?  If so, from whom was such estimate obtained and what was the amount estimated as the cost of repairs?

21.

If you contend that you received personal injuries as a result of the collision forming the basis of this lawsuit, then please list in detail:

(a)     Every element of damages that you contend you are entitled to recover;

(b)     Itemize all expenses and special damages which you claim resulted from the incident complained of, including, but not limited to, property damage, medical and hospital expenses and loss of earnings;

(c)     Describe all injuries which you contend you received as a result of the injuries in question, stating as to each such injury the time when you first became aware of the injury;

(d)     State the name and address of every physician, surgeon or practitioner of any healing art who has examined or treated you (or who has been consulted with by you or your attorney), for any complaint which you contend resulted from the incident complained of.

22.

State whether there is or was in existence any policy of liability insurance which would or might inure to the benefit of Plaintiffs, by providing for payment of any judgment rendered in favor of the Plaintiffs against you by reason of the incident described in the Complaint.  If the answer is yes, state as follows as to such policy of insurance known or believed to exist by you or your attorneys;

(a)     the name and address of the insurer;

(b)     the name and address of each insured;

(c)     the policy number of each such policy;

(d)     the limits of liability of such policy as might be applied to any one Plaintiff by reason of any one incident and the total limits of liability to all persons by reason of any one incident;

(e)     a description of each vehicle insured under each such policy;

(f)     whether or not your insurer has notified you that you must pay a part of or all of any judgment before your insurer must make any payments; if so, what payment must be made and by whom before the insurer must make payment;

(g)    whether or not your insurer has notified you that there is or may be no coverage under the terms of the policy of insurance involved for the incident complained of in the Complaint.  If the answer is yes, describe the reason given for the claimed lack of coverage or theory thereof as stated by your insurer to you, and state the date of such notice;

(h)    whether or not an excess, catastrophe or umbrella policy is known to exist as listed above and if not, why not.

23.

Prior to or subsequent to this litigation have you ever owned any other liability insurance policy other than the policy which is involved in the lawsuit?  If so, as to each such policy, state the following:

(a)    the name and address of the insurer providing such coverage;

(b)    the policy number of each such policy;

(c)     the effective date of coverage;

(d)    whether or not you have ever made any claim under such policy;

(e)    an explanation of the termination of each policy.

24.

Describe with particularity your itinerary for the 24 hour period immediately preceding the incident complained of in the Complaint including in your answer the name, address and telephone number of each person who you talked to, visited with or spent any time with.

25.

Please state whether you have ever been charged with a violation of any municipal or governmental ordinance or law, other than non-moving traffic violations, and, if your response is

in the affirmative, include in your answer the date and place where such charge was made, the nature of the offense charged, the name of the court or other judicial body disposing of the charge and the action taken by such court or judicial body, including any plea entered by you or on your behalf.

26.

Please state whether you were taking any kind of medicine or drugs, either prescribed or not prescribed, for the 24-hour period prior to the incident complained of in this lawsuit indicating in your answer the name of such medicine, the name, address and telephone number of the individual who prescribed such medicine and place where the drugs or medication was purchased and the reason or reasons for which you took such drugs.

27.

Please state whether or not you have any physical or mental disability, impairment or handicap of any kind, specifying in your answer the nature and type of mental disabilities, impairments and handicap, and if applicable, include the name of the physician or practitioner of any healing art who was or is treating you for the handicap.

28.

Please state whether or not during the 24-hour period immediately prior to the incident complained of, you had ingested any type of intoxicant, including, but not limited to, alcohol, marijuana or other drugs or narcotics and, if so, the amount ingested and the time that such was taken, consumed or ingested.

This 15th day of February 2023.

**JOHNSON & ALDAY, LLC**

_____
JOHN E. ALDAY
Georgia Bar No.: 298669
ROBERT D. JOHNSON
Georgia Bar No.: 125305
CATHERINE H. MANAVI
Georgia Bar No.: 370535
Attorneys for Plaintiff

Johnson & Alday, LLC
219 Roswell Street, N.E.
Marietta, Georgia 30060
(678) 967-4040
(678) 400-2223 FAX
bobby@johnsonalday.com
john@johnsonalday.com

E-FILED IN OFFICE - JT
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-01012-S4**

**2/15/2023 2:21 PM**
TIANA P. GARNER, CLERK

# IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **DANIELLE RUSK,** ) | |
| ) | |
| **Plaintiff,** ) | **Civil Action File Number** |
| ) | |
| **v.** ) | 23-C-01012-S4 |
| ) | _____ |
| **JERRY LEVON REAVES, USA TRUCK,** ) | |
| **INC., JOHN DOE CORPORATION,** ) | |
| **SKYRAIDER RRG, INC., AND INDEMNITY** ) | |
| **INSURANCE COMPANY OF NORTH** ) | |
| **AMERICA,** ) | |
| ) | |
| **Defendants.** ) | |

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO EACH DEFENDANT

COMES NOW Plaintiff in the above-styled matter and serve upon you this Request for Production of Documents to Defendants, pursuant to O.C.G.A. § 9-11-34, with the documents produced for copying and inspection at the office of Johnson & Alday, LLC, located at 219 Roswell St NE, Marietta, GA 30060 no later than forty-five (45) days following service of this Request. The requests are as follows:

1.

Please produce a copy of your current driver's license.

2.

Please produce a copy of your driving record for the previous seven (7) years. In lieu of providing this document, please produce a sufficient authorization so that Plaintiffs may obtain this information directly from the Department of Public Safety.

3.

Please produce a copy of the title(s) both now and at the time of the incident to the vehicle driven by Defendant Reaves at the time of the incident at issue.

4.

Please produce both the declarations page and certified copy of the corresponding insurance policy which does or which you or your attorneys believe may cover Defendants regarding the incident at issue.

5.

Please produce a copy of any prescriptions for medications Defendant Reaves took or should have taken within 24 hours prior to the incident at issue.

6.

Please produce a copy of any bill, estimate or other document which you contend does or may support any contention that a mechanical or other defect in the vehicle driven by any Defendant, Plaintiff or any other person caused or contributed to the incident at issue.

7.

Please produce any and all damage appraisals and repair invoices, regardless of whether such person or entity repaired the vehicle, for any vehicle involved in the incident at issue.

8.

Please produce any and all equipment, service and maintenance records on the vehicle Defendant Reaves was driving at the time of the incident at issue.

9.

Please produce all photographs, videotapes, sketches, and/or drawing of any person, party, vehicle, or other object, thing or person relevant to the incident and resulting lawsuit at

issue, including photographs, healthcare records, videotapes, statements (oral or written) and reports.

10.

Please produce any and all accident, incident or other report regarding the incident at issue.

11.

Please produce any and all written, transcribed or recorded statements made by any witness, party or other person or entity having any relevant knowledge regarding the incident and resulting lawsuit at issue.

12.

Please produce all surveillance movies, videotapes, discs, photographs, reports or other item regarding Plaintiff.

13.

Please produce any and all reports, whether written or otherwise recorded, made by any expert who has been retained or otherwise employed by any Defendants or any Defendants' agents in  anticipation of litigation or for trial.

14.

Please produce copies of all other documentary or other tangible evidence on your behalf which you contend demonstrates or supports your defense(s) to Plaintiffs' Complaint.

15.

Please provide copies of all documents and other items obtained by you, your lawyers or

insurance company regarding Plaintiffs including, but not limited to records and/or other items obtained via authorizations, third party request for production, and subpoena.

16.

Please produce copies of all Bosch downloads, "black box" download reports or other diagnostic information obtained from Plaintiff's and Defendant Reaves' vehicles.

17.

Please produce copies of all video in any Defendants possession including truck cab cameras, go-pro camera recordings, or other video evidence depicting the subject collision.

18.

Please produce all driving logs, time logs and any other logs kept the week of February 25, 2021 with respect to Defendant Reaves' driving hours and work hours, including all logs kept in accordance with Federal Statutes and other regulations governing tractor trailer drivers.

19.

Please produce all GPS data, reports and route information for Defendant Reaves and his vehicle for February 25, 2021.

This 15th day of February 2023.

**JOHNSON & ALDAY, LLC**

_____
JOHN E. ALDAY
Georgia Bar No.: 298669
ROBERT D. JOHNSON
Georgia Bar No.: 125305
CATHERINE H. MANAVI
Georgia Bar No.: 370535

Johnson & Alday, LLC                              Attorneys for Plaintiff
219 Roswell Street, N.E.
Marietta, Georgia 30060
(678) 967-4040
(678) 400-2223 FAX
bobby@johnsonalday.com
john@johnsonalday.com
catherine@johnsonalday.com