Case 1:23-mi-99999-UNA   Document 791-4   Filed 03/14/23   Page 1 of 10

E-FILED IN OFFICE - JM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-01012-S4**
**3/14/2023 11:51 AM**
**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA|

| | |
|---|---|
| DANIELLE RUSK, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | CIVIL ACTION |
| ) | FILE NO. 23-C-01012-S4 |
| JERRY LEVON REAVES, USA TRUCK, ) | |
| INC., JOHN DOE CORPORATION, ) | |
| SKYRAIDER RRG, INC., and ) | |
| INDEMNITY INSURANCE COMPANY ) | |
| OF NORTH AMERICA, ) | |
| ) | |
| Defendants. ) | |

### DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Jerry Levon Reaves, USA Truck, Inc. ("USA Truck"), Skyraider Risk Retention Group, Inc. ("SRRG"), improperly named as Skyraider RRG, Inc., and Indemnity Insurance Company of North America ("IICNA") (collectively "Defendants"), respectfully file their Defenses and Answer to Plaintiff's Complaint, as follows:

### First Defense

Pending additional investigation and discovery and to preserve defenses, some or all of Plaintiff's Complaint fails to state a claim against some or all Defendants upon which relief can be granted.

### Second Defense

To the extent any Defendant has not been properly served with Plaintiff's Complaint, such Defendant appears by special appearance only, without waiving any rights or defenses, to respond to Plaintiff's claims.

### Third Defense

Plaintiff is not entitled to attorneys' fees against Defendants as a matter of law.

### Fourth Defense

Pending additional investigation and to preserve defenses, Defendants assert the defenses of lack personal jurisdiction and venue.

### Fifth Defense

Pending additional investigation and discovery, Defendants reserve the right to assert any and all affirmative defenses under the Georgia Civil Practice Act.

### Sixth Defense

Pending additional investigation and discovery, Defendants affirmatively preserve any and all defenses based on the applicable statute of limitations and/or the doctrine of laches.

### Seventh Defense

Pending additional investigation and discovery, Defendants state that Plaintiff's alleged injuries and damages may have been caused, or contributed to, by Plaintiff's actions.

### Eighth Defense

Pending additional discovery and to preserve defenses, Defendants submit that Plaintiff's claims may be barred or limited pursuant to the doctrine of comparative negligence.

### Ninth Defense

Plaintiff's claims for negligent entrustment, hiring, training, supervision, and/or retention are improper and unsupported as a matter of law and must be dismissed.

### Tenth Defense

Skyraider Risk Retention Group, Inc., improperly named as Skyraider RRG, Inc., is a foreign risk retention group not subject to Georgia's direct action statutory provisions by the express preemption of Congress in the federal Liability Risk Retention Act of 1986. *See Reis v. OOIDA Risk Retention Group, Inc.*, 303 Ga. 659 (2018); 15 U.S.C.A. § 3901, *et seq.*

### **Eleventh Defense**

Plaintiff's damages must be reduced to the extent she has failed to properly mitigate her damages.

### **Twelfth Defense**

Some or all of Plaintiff's damages may not be the proximate result of any alleged act, or failure to act, of Defendants.

### **Thirteenth Defense**

Plaintiff's medical expenses must be reduced to the extent they exceed reasonable and customary amounts.

### **Fourteenth Defense**

Plaintiff is not entitled to any special damages to the extent she has failed to specifically plead them in accordance with O.C.G.A. § 9-11-9(g).

### **Fifteenth Defense**

Defendants may be entitled to the set off of the amount of all insurance payments and/or workers compensation payments received by Plaintiff for medical expenses, lost wages, insurance benefit/payments for injuries or damages relating to this accident.

### **Sixteenth Defense**

Defendants reserve the right to remove the case to Federal Court if applicable.

### **Seventeenth Defense**

Defendants reserve any and all other defenses to which they may be entitled and to which they may learn in the course of the investigation and discovery in this action.

Defendants respond to the individually-numbered paragraphs of Plaintiff's Complaint as follows:

1.

Defendants do not have sufficient information at this time to admit or deny the allegations contained within Paragraph 1 of Plaintiff's Complaint, and place Plaintiff on strict proof of the same.

2.

Denied as pled.

3.

Admitted.

4.

Denied.

5.

Denied.

6.

Denied as pled.

7.

Admitted.

8.

Admitted.

9.

Defendants show that Paragraph 9 contains no allegations requiring a response.  To the extent that a response may be required, Defendants deny any allegations contained within Paragraph 9.

10.

Denied as pled.

11.

Denied as pled.

12.

Denied.

13.

Denied.

### COUNT 1:  NEGLIGENCE AS TO DEFENDANT REAVES

14.

Defendants do not have sufficient information at this time to admit or deny the allegations contained within Paragraph 14 of Plaintiff's Complaint, and place Plaintiff on strict proof of the same.

15.

Admitted.

16.

Denied as pled.

17.

Defendants do not have sufficient information at this time to admit or deny the allegations contained within Paragraph 17 of Plaintiff's Complaint, and place Plaintiff on strict proof of the same.

18.

Denied.

19.

Denied as pled.

20.

Denied.

21.

Denied.

22.

Denied.

23.

Denied.

24.

Denied.

25.

Denied.

26.

Denied.

27.

Denied.

## **COUNT II – IMPUTED LIABILITY OF CORPORATE DEFENDANTS**

28.

Defendants incorporate by reference their responses to Paragraphs 1 through 27 of Plaintiff's Complaint.

29.

Defendants admit that at the time of the subject collision, Defendant Reaves was working for USA Truck. Any remaining allegations contained in Paragraph 29 are denied.

30.

Defendants admit that at the time of the subject collision, Defendant Reaves was acting within the scope of his employment with USA Truck. Any remaining allegations contained in Paragraph 30 are denied.

31.

Denied as pled.

## **COUNT III – NEGLIGENT HIRING, TRAINING & SUPERVISION OF DEFENDANT REAVES**

32.

Defendants incorporate by reference their responses to Paragraphs 1 through 31 of Plaintiff's Complaint.

33.

Defendants admit that at the time of the subject collision, Defendant Reaves was acting within the scope of his employment with USA Truck. Any remaining allegations contained in Paragraph 33 are denied.

34.

Denied.

35.

Denied.

36.

Denied.

**COUNT IV - DAMAGES**

37.

Defendants incorporate by reference their responses to Paragraphs 1 through 36 of Plaintiff's Complaint.

38.

Denied.

39.

Denied.

40.

Denied.

41.

Denied.

42.

Denied.

43.

Denied.

44.

Denied as pled. Defendants admit that Defendant Reaves contributed to the cause of the accident at issue. Defendants specifically deny that Plaintiff is entitled to recover attorney's fees and costs.

45.

Denied.

46.

Defendants deny all allegations and inferences of liability contained in Plaintiff's prayer for relief which appears immediately after Paragraph 45.

47..

Any allegations contained in Plaintiff's Complaint not admitted, denied, or otherwise responded to above, are hereby denied.

**DEFENDANTS HEREBY DEMAND TRIAL BY JURY.**

Respectfully submitted, this 14th day of March, 2023.

                                        **DREW ECKL & FARNHAM, LLP**

                                        */s/Michael L. Miller*
                                        Michael L. Miller
                                        Georgia Bar No. 508011
                                        *Attorney for Defendants*

303 Peachtree Street, NE
Suite 3500
Atlanta, Georgia 30308
(404) 885-1400
millerm@deflaw.com

**IN THE STATE COURT OF GWINNETT COUNTY**
**STATE OF GEORGIA|**

| | |
|---|---|
| DANIELLE RUSK, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | CIVIL ACTION |
| ) | FILE NO. 23-C-01012-S4 |
| JERRY LEVON REAVES, USA TRUCK, ) | |
| INC., JOHN DOE CORPORATION, ) | |
| SKYRAIDER RRG, INC., and ) | |
| INDEMNITY INSURANCE COMPANY ) | |
| OF NORTH AMERICA, ) | |
| ) | |
| Defendants. ) | |

**CERTIFICATE OF SERVICE**

Today I served a copy of *Defendants' Answer to Plaintiff's Complaint* upon counsel of record via Statutory Electronic Service and through Odyssey eFileGA, which will electronically serve the following:

John E. Alday
Johnson & Alday LLC
219 Roswell Street, NE
Marietta, Georgia  30060
john@johnsonalday.com

This 14th day of March, 2023.

              **DREW ECKL & FARNHAM, LLP**

              */s/Michael L. Miller*
              Michael L. Miller
              Georgia Bar No. 508011
              *Attorney for Defendants*

303 Peachtree Street, NE
Suite 3500
Atlanta, Georgia 30308
(404) 885-1400
millerm@deflaw.com