UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: PARAGARD PRODUCTS: LIABILITY LITIGATION | : : : | MDL DOCKET NO. 2974 |
| This document relates to: | : : | 1:20-md-02974-LMM |
| JANICE LOPEZ | : : | Civil Action No.: _____ |
| vs. | : : : | |
| TEVA PHARMACEUTICALS USA, INC.; TEVA WOMEN'S HEALTH, LLC; TEVA BRANDED PHARMACEUTICAL PRODUCTS R&D, INC.; THE COOPER COMPANIES, INC.; and COOPERSURGICAL, INC. | : : : : : : : : | |

_____

## SHORT FORM COMPLAINT

Come(s) now the Plaintiff(s) named below, and for her/their Complaint against the Defendant(s) named below, incorporate(s) the Second Amended Master Personal Injury Complaint (Doc. No. 79), in MDL No. 2974 by reference. Plaintiff(s) further plead(s) as follows:

1. Name of Plaintiff placed with Paragard: <u>Janice Lopez</u>

2. Name of Plaintiff's Spouse (if a party to the case): <u>N/A</u>

3. If case is brought in a representative capacity, Name of Other Plaintiff and capacity (i.e., administrator, executor, guardian, conservator):

<ul><li>N/A</li></ul>

4. State of Residence of each Plaintiff (including any Plaintiff in a representative capacity) at time of filing of Plaintiff's original complaint:   <u>New Jersey</u>

5. State of Residence of each Plaintiff at the time of Paragard placement: <u>New Jersey</u>

6. State of Residence of each Plaintiff at the time of Paragard removal: <u>New Jersey</u>

7. District Court and Division in which personal jurisdiction and venue would be proper:
<u>The United States District Court for the District of New Jersey</u>

8. Defendants. (Check one or more of the following five (5) Defendants against whom Plaintiff's Complaint is made. The following five (5) Defendants are the only defendants against whom a Short Form Complaint may be filed. No other entity may be added as a defendant in a Short Form Complaint.):

☒   A. Teva Pharmaceuticals USA, Inc.

☒   B. Teva Women's Health, LLC

☒   C. Teva Branded Pharmaceutical Products R&D, Inc.

☒   D. The Cooper Companies, Inc.

☒       E. CooperSurgical, Inc.

9.       Basis of Jurisdiction

☒       Diversity of Citizenship (28 U.S.C. § 1332(a))
·       Other (if Other, identify below):

10.

| Date(s) Plaintiff had Paragard placed (DD/MM/YYYY) | Placing Physician(s) or other Health Care Provider (include City and State) | Date Plaintiff's Paragard was Removed (DD/MM/YYYY)* *If multiple removal(s) or attempted removal procedures, list date of each separately. | Removal Physician(s) or other Health Care Provider (include City and State)** **If multiple removal(s) or attempted removal procedures, list information separately. |
|---|---|---|---|
| 2008 | Dr. Osbert Fernandez, MD. Carepoint Medical Group Hoboken, NJ | 1/24/2017 | Saul Luchs, MD. Edgewater, NJ |

11.     Plaintiff alleges breakage (other than thread or string breakage) of her Paragard upon removal.

☒       Yes
·       No

12.     Brief statement of injury(ies) Plaintiff is claiming:

<u>As a direct and proximate result of using Paragard, Plaintiff suffered mental and physical injuries, including but not limited to, unexpected/additional surgical removal, pain, suffering, and loss of reproductive health.</u>

Plaintiff reserves her right to allege additional injuries and complications specific to her.

13. Product Identification:

    a. Lot Number of Paragard placed in Plaintiff (if now known): <u>Unknown</u>

    b. Did you obtain your Paragard from anyone other than the HealthCare Provider who placed your Paragard:

      ·    Yes
      ☒    No

14. Counts in the Master Complaint brought by Plaintiff(s):

☒    Count I – Strict Liability / Design Defect

☒    Count II – Strict Liability / Failure to Warn

☒    Count III – Strict Liability / Manufacturing Defect

☒    Count IV – Negligence

☒    Count V – Negligence / Design and Manufacturing Defect

☒    Count VI – Negligence / Failure to Warn

☒    Count IX – Negligent Misrepresentation

☒    Count X – Breach of Express Warranty

☒    Count XI – Breach of Implied Warranty

☒ Count XII – Violation of Consumer Protection Laws

☒ Count XIII – Gross Negligence

☒ Count XIV – Unjust Enrichment

☒ Count XV – Punitive Damages

· Count XVI – Loss of Consortium

· Other Count(s) (Please state factual and legal basis for other claims not included in the Master Complaint below):

_____
_____

15. "Tolling/Fraudulent Concealment" allegations:

    a. Is Plaintiff alleging "Tolling/Fraudulent Concealment"?

    ☒ Yes

    · No

    b. If Plaintiff is alleging "tolling/fraudulent concealment" beyond the facts alleged in the Master Complaint, please state the facts and legal basis applicable to the Plaintiff in support of those allegations below:

<u>None at this time.</u>

16. Count VII (Fraud & Deceit) and Count VIII (Fraud by Omission) allegations:

    a. Is Plaintiff is bringing a claim under Count VII (Fraud & Deceit),Count VIII (Fraud by Omission), and/or any other claim for fraud or misrepresentation?

    ☒ Yes

&middot;    No

b. If Yes, the following information must be provided (in accordance with Federal Rule of Civil Procedure 8 and/or 9, and/or with pleading requirements applicable to Plaintiff's state law claims):

   i. The alleged statement(s) of material fact that Plaintiff alleges was false: <u>Paragard was a safe, effective, and reversible form of birth-control, and Paragard was a safe or safer than other products on the market.</u>

   ii. Who allegedly made the statement: <u>The Defendants</u>

   iii. To whom the statement was allegedly made: <u>Plaintiff and her implanting physician</u>

   iv. The date(s) on which the statement was allegedly made: <u>Defendants' statements in its label and marketing materials at all relevant times prior to implant</u>

17. If Plaintiff is bringing any claim for manufacturing defect and alleging facts beyond those contained in the Master Complaint, the following information must be provided:

 a. What does Plaintiff allege is the manufacturing defect in her Paragard? <u>N/A</u>

18. Plaintiff's demand for the relief sought if different than what is alleged in the Master Complaint: <u>N/A</u>

19. Jury Demand:

 ☒ Jury Trial is demanded as to all counts
 &middot; Jury Trial is NOT demanded as to any count

        /s/ Timothy W. Porter
        Timothy W. Porter, MSB No. 9687
        Suzanne E. Smith, PSB No. 328502
        PORTER & MALOUF, P.A.
        Post Office Box 12768
        Jackson, MS 39236
        Telephone: 601-957-1173
        Facsimile: 601-957-7366
        tim@portermalouf.com
        ssmith@portermalouf.com
        Attorneys for Plaintiff

Of Counsel:

Timothy W. Porter, MSB No. 9687
Suzanne E. Smith, PSB No. 328502
Porter & Malouf, P.A.
Post Office Box 12768
Jackson, MS 39236
Telephone: 601-957-1173
Facsimile: 601-957-7366
tim@portermalouf.com
ssmith@portermalouf.com