IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JOSE LUIS GUERRA JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE NO. |
| | ) | _____ |
| FIRST ADVANTAGE BACKGROUND | ) | |
| SERVICES, CORP., | ) | |
| and DOES 1-10 inclusive, | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT**

Plaintiff Jose Luis Guerra Jr. files this Complaint for Damages and Demand for a Jury Trial against Defendants First Advantage Background Services, Corp., and DOES 1-10 inclusive and respectfully shows the Court the following:

Nature of the Action

1. Defendant is an employment screening company that furnishes employment screening reports to prospective employers. Its reports include a job applicant's criminal history.

2. On or about March, 2021, Plaintiff applied for a full-time job with Insight Global LLC that paid $28.00 per hour and had benefits like medical, dental, life insurance and 401(k).

3. Plaintiff had a conditional job offer with Insight Global LLC.

4. On or about March 19, 2021, Defendant furnished an employment background check report to Plaintiff's prospective employer. The background check report was a consumer report under the Fair Credit Reporting Act (the "FCRA"). A copy of the report is attached as Exhibit "1"

5. The report stated that Plaintiff had a "Felony Intoxicated Assault with Vehicle Severe Bodily Injury" belonging to "LUIS GUERRA" The first name LUIS is markedly different from JOSE.

6. Defendant disclosed criminal history belonging to another consumer with no first name match.

7. Specifically, Defendant disclosed criminal history information related to Luis Guerra.

8. As a result of the inaccurate information reported by Defendant, Plaintiff was denied employment by Insight Global LLC.

9. Any cursory review of the Nueces County Court records prior to disclosure would have alerted Defendant that there was no first name match.

10. It is widely known within the industry that the basic starting point of any matching procedure is an exact name.

11. Accordingly, Plaintiff believes and thereon alleges that Defendant routinely and systematically disclosed database records that it knew to be inaccurate, incomplete, or not up to date without verification and therefore acted

with reckless disregard of its duty under the FCRA to ensure the "maximum possible accuracy" of the information reported.

12. Under the FCRA, specifically 15 USC § 1681e(b), Defendant was required to use reasonable procedures to ensure the maximum possible accuracy of the information it reported about Plaintiff to Insight Global LLC. Failing to ensure an exact name match is a clear violation of this statute.

13. Defendant did not have defined processes to verify the accuracy of the public records information provided to Insight Global LLC, because information related to Plaintiff's criminal records is a matter of public information and is easily verifiable through the judicial system in the State of Texas.

14. As a direct result of Defendant's failure to verify public records, Plaintiff was denied employment with Insight Global LLC.

15. Plaintiff suffered, and continues to suffer actual damages and emotional distress as a result of the loss of employment.

16. Accordingly, Plaintiff seeks recovery for his actual damages, including loss of earnings, emotional distress, and damage to his reputation. Moreover, Plaintiff seeks statutory penalties, punitive damages, as well as attorney's fees and costs.

The Parties

17. Plaintiff is an individual, a consumer and resident of the County of Harris, City of Houston, Texas.

18. Defendant is a consumer reporting agency within the meaning of the FCRA, specifically 15 USC § 1681a(f).

19. Defendant First Advantage is a consumer reporting agency, and is and at all times herein mentioned was, a Foreign Corporation registered to do business in the State of Georgia, with its principal place of business at 1 Concourse Parkway, N.E., Suite 200, Atlanta, Georgia 30328.  It may be served by Service of Process upon its registered agent, Corporation Service Company, at the address of 2 Sun Court, Suite 400, Peachtree Corners, GA 30092.

20. Plaintiff is ignorant of the Defendants sued herein as DOES 1-10, inclusive, and therefore sues those Defendants by such capacities when such information is ascertained through discovery.

21. Plaintiff is informed and believes and thereon alleges that each of the DOES 1-10 Defendants is responsible in some manner for the occurrences herein alleged and that Plaintiff's damages as herein alleged were proximately caused by such occurrences.

22. Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned, Defendants DOES 1-10, were principals or agents of each other

and of the named Defendants and in doing the things alleged in this complaint, were acting in the scope of such agency and with the permission and consent of Defendants.

### Count 1 – Violation of 15 U.S.C. § 1681e(b)

23.     Defendant willfully and/or recklessly violated 15 U.S.C. § 1681e(b) by disclosing inaccurate information, specifically Defendant failed to use reasonable procedures to ensure that the reported information belonged to Plaintiff.

24.     The first requirement of identity matching within the background check industry is to ensure a first, middle, and last name match. As one of the nation's largest background screening companies, Defendant is well aware of this requirement.

25.     Defendant's conduct was willful and/or reckless because it knew that its failure to ensure an exact name match with public records information is insufficient to ensure maximum possible accuracy of the criminal history information reported.

26.     Plaintiff is informed, and believes, and thereon alleges that Defendant failed to sufficiently conduct audits, reviews, or quality control of the information it reported.

27. Alternatively, Plaintiff alleges that Defendant's violations were negligent as Defendant did not utilize reasonable procedures to ensure the reported information about Plaintiff was accurate.

### Count 2 – Violation of 15 U.S.C. § 1681i

28. Defendant willfully and/or recklessly violated 15 U.S.C. § 1681i by failing to conduct a reasonable reinvestigation.

29. Plaintiff disputed the accuracy of the information in the report shortly after the report was issued, *i.e.* sometime after March 19, 2021.

30. Defendant failed to update the report.

31. To date, no updated report has ever been issued.

32. Defendant willfully and/or recklessly failed to conduct a reasonable reinvestigation of Plaintiff's dispute knowing full well that it will result in the deprivation of Plaintiff's valuable employment opportunity.

33. Alternatively, Plaintiff alleges that Defendant's violations were negligent.

### Count 3 – Violation of 15 U.S.C. § 1681k(a)

34. Plaintiff is informed and believes, and thereon alleges that Defendant willfully and/or recklessly failed to use strict procedures to ensure the reported information is complete and up to date despite knowing that the erroneous public

record was likely to have an adverse effect upon Plaintiff's ability to obtain employment in violation of 15 U.S.C. § 1681k(a).

35. Alternatively, Plaintiff alleges that Defendant's violations were negligent.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

a. For statutory, compensatory, special, general, and punitive damages according to proof and as applicable against all Defendants;

b. For interest upon such damages as permitted by law;

c. For an award of reasonable attorneys' fees provided by law under all applicable statutes;

d. For the costs of the lawsuit; and

e. For such other orders of the Court and further relief as the Court deems just and proper.

f. Plaintiff hereby requests and demand a jury trial on all issues triable by jury.

This 15th day of March, 2023.

| | |
|---|---|
| **MCRAE BERTSCHI & COLE LLC** | /s/ *Craig E. Bertschi* |
| 1872 Independence Square, Suite D | Craig E. Bertschi |
| Dunwoody, Georgia 30338 | Georgia Bar No. 055739 |
| | ceb@mcraebertschi.com |
| *Counsel for Plaintiff* | 678.999.1102 |

*To be admitted as counsel for Plaintiff pro hac vice:*

Devin Fok (SBN #256599)
devin@devinfoklaw.com
DHF Law, PC
2304 Huntington Drive, Suite 210
San Marino, CA 91108
Ph: (888) 651-6411
Fax: (818) 484-2023