## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

CAROLYN BRADSHAW,             :
                              :        CIVIL ACTION FILE
    Plaintiff,            :        NO. ___
v.                            :
                              :
MICHAEL JONES and             :        [On Removal from State Court
ALABAMA CARRIERS, LLC         :        of Dekalb County, 23A00594]
                              :
    Defendants.           :
_____/

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441(a) *et seq.*, Defendants Alabama Carriers, LLC ("Alabama Carriers") and Michael Jones, hereby file this Notice of Removal of the above captioned action from the State Court of Dekalb County, State of Georgia to the United States District Court for the Northern District of Georgia, and in support thereof states as follows:

### I.   PROCEDURAL HISTORY

Alabama Carriers and Michael Jones are named defendants in Civil Action No. 23A00594, in the State Court of Dekalb County, Georgia, styled, *Carolyn Bradshaw v. Michael Jones and Alabama Carriers, LLC,* (the "Action"). Carolyn Bradshaw ("Plaintiff") filed her Complaint in the Action on February 7, 2023 ("Complaint"). (Compl., Ex. A). Alabama Carriers was served with summons and

the Complaint on February 13, 2023.  (*See* Service of Process, Ex. B).  Michael Jones was served with summons and the Complaint on February 16, 2023.  (*See* Service of Process, Ex. C). Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon Alabama Carriers and Michael Jones are attached as Exhibits A, B, C, and D.

## II.    DIVERSITY OF CITIZENSHIP JURISDICTION

A civil action brought in the state court of which the district court of the United States has original jurisdiction may be removed by the defendant or defendants to the district court of the United States for the district and division embracing the place where such action is pending. 28 U.S.C. § 1441(a). The United States district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum of $75,000, exclusive of interests and costs, and is between citizens of different States. *See* 28 U.S.C. § 1332(a).

### A.    Complete Diversity of Citizenship Exists

1.    Plaintiff is a resident of the State of Georgia.  (Compl., ¶ 1, Ex. A).

2.    Pursuant to 28 U.S.C. § 1332(c)(1), a corporation is a citizen of every State by which it is incorporated and where it has its principal place of business. "[A] limited liability company is a citizen of any state of which a member of the company is a citizen."  *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004).

2

3.     Alabama Carriers is registered as a Tennessee limited liability company. Its principal place of business is also located in Tennessee. The sole member of Alabama Carriers is Daseke TSH LLC.

4.     Daseke TSH, LLC is a Delaware limited liability company, whose sole member is Daseke Companies, Inc.

5.     Daseke Companies, Inc. is a Delaware corporation with its principal place of business located in the State of Texas.

6.     Michael Jones is a citizen and resident of the State of Alabama.

7.     Because Plaintiff is a citizen of Georgia and the Defendants are citizens of Tennessee, Alabama, Delaware, and Texas complete diversity exists.

### B.     The Amount in Controversy Exceeds the Jurisdictional Minimum

8.     Under 28 U.S.C. § 1332, the U.S. District Courts have original jurisdiction over all actions between citizens of different states where the matter in controversy exceeds $75,000.00.

9.     In this case, the amount in controversy is apparent on the face of the Complaint.

10.     This Court is permitted to make "'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010). This Court is also permitted to use its

"judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Id*. at 1064. Even when a plaintiff does not specify the amount of damages they seeks, the amount in controversy requirement is met when plaintiff pleads he/she suffered damages in the form of permanent bodily injury, past, current, and future medical bills, and past, current, and future pain and suffering. *Eason v. Int'l Paper Co*., No. 1:18-CV-05271-ELR, 2019 WL 13207584, at *2 (N.D. Ga. Apr. 10, 2019); *see also Gebbia v. Wal-Mart Stores, Inc*., 233 F.3d 880, 882–83 (5th Cir. 2000) (finding it facially apparent that plaintiff's claimed damages exceeded $75,000 because plaintiff "alleged damages for medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement"); *Turner v. Wilson Foods Corp.*, 711 F. Supp. 624, 626 (N.D. Ga. 1989) (finding a complaint alleging severe and permanent injuries, pain and suffering, and lifelong medical expenses was sufficient to meet the amount in controversy).

11.    This is a negligence action arising from a motor vehicle collision on southbound I-85 involving a tractor-trailer. Plaintiff alleges that Alabama Carriers negligently entrusted its tractor to Michael Jones who caused her injuries. Plaintiff alleges she suffered substantial and permanent injuries as a result of the accident. She seeks to recover for her past, present, and future and lifelong medical expenses,

pain and suffering, personal inconvenience, and inability to lead a normal life as a result of her "severe" and "permanent" injuries. She also seeks punitive damages to "punish and deter Defendants [and] other from such reckless, wanton conduct in the future." Ex. A, Compl., ¶¶ 15; 18 (a)-(g).

12.   Because Plaintiff's claims are of a nature that the amount in controversy exceeds the jurisdictional minimum amount of $75,000, this Court has jurisdiction.

### C.   Unanimity Exists

13.   When a civil action is removed, all defendants who have been properly joined and served must join in or consent to the removal of the action. 28 U.S.C. § 1446(b)(2)(A).

14.   Both Alabama Carriers and Michael  Jones consent to removal. Therefore, the unanimity requirement under 28 U.S.C. § 1446(b)(2)(A) is met.

## III.   <u>**REMOVAL IS TIMELY**</u>

15.   Alabama Carriers received service of the summons and Complaint on February 13, 2023 and Michael Jones was served on February 16, 2023.

16.   Alabama Carriers and Michael Jones have filed this Notice within thirty (30) days after their receipt of the "initial pleadings setting forth the claim for relief upon which such action or proceeding is based," in accordance with 28 U.S.C. § 1446(b)(1).

17.   Specifically, Defendants have filed this Notice within thirty days of

their receipt of the summons and Complaint.

18.     Defendants have timely removed this action under 28 U.S.C. § 1446(b)(3).

### IV.   **VENUE IS PROPER**

19.     Venue of the removal is proper under 28 U.S.C. § 1441(a) because this Honorable Court is the United States District Court for the district and division corresponding to the place where the state court Action is pending.

20.     A true and correct copy of this Notice of Removal will be filed with the Clerk of the State Court of Dekalb County, Georgia in accordance with 28 U.S.C. § 1446(d), along with the Notice of Notice of Removal, a copy of which is attached and will be served on all parties. (*See* Notice of Filing Notice of Removal, Ex. E).

**WHEREFORE,** Alabama Carriers, LLC and Michael Jones, without waiving, and in preserving all objections and motions, prays that the civil action now pending against it in the State Court of Dekalb County, Georgia be removed therefrom to this Honorable Court and that further proceedings be conducted in this Honorable Court as provided by law.

This 15th day of March, 2023.

WEINBERG WHEELER HUDGINS
GUNN & DIAL, LLC

*/S/ CECILIA D. OROZCO*
Joshua S. Wood
Georgia State Bar No. 881696
Cecilia D. Orozco
Georgia Bar No. 562696

3344 Peachtree Road
Suite 2400
Atlanta, GA  30326
Tel: (404) 876-2700
Fax: (404) 875-9433
jwood@wwhgd.com
corozco@wwhgd.com

*Counsel for Defendants*

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Local Rule 7.1D of the United States District Court of the Northern District of Georgia, the undersigned certifies that the foregoing submission to the Court was computer-processed, double-spaced between lines, and used Times New Roman font of 14-point size.

WEINBERG, WHEELER, HUDGINS,
GUNN & DIAL, LLC

*/s/ CECILIA D. OROZCO*
Cecilia D. Orozco

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been

furnished to all counsel of record via electronic mail as follows:

Archie I. Grubb, II
Morgan & Morgan Atlanta, PLLC
408 12th Street – Suite 200
Columbus, Georgia 31901
agrubb@forthepeople.com

This 15th day of March, 2023.

WEINBERG, WHEELER, HUDGINS,
GUNN & DIAL, LLC

*/S/ CECILIA D. OROZCO* __
Cecilia D. Orozco