# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| YUAN XU and | : | |
| JINGJING MA, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | CIVIL ACTION FILE NO.: |
| v. | : | |
| | : | |
| ALLSTATE VEHICLE AND | : | |
| PROPERTY INSURANCE COMPANY, | : | |
| a foreign corporation, | : | |
| | : | |
| Defendant. | : | |

## PETITION FOR REMOVAL

TO:   The Judges of the United States District Court, Northern District of Georgia

Defendant Allstate Vehicle and Property Insurance Company, show the Court

as follows:

### 1.

A civil action has been brought against the Defendant in the Superior Court of

Gwinnett County, State of Georgia, by the Plaintiffs Yuan Xu and Jingjing Ma, said

action being designated as Civil Action No. 23-A-01081-5 in which Plaintiffs seek

recovery against the Defendant a sum in excess of $75,000.00 exclusive of interest

and costs.

1

2.

The Plaintiffs are now, at the time of the commencement of this action, and at all times since a resident citizens of Forsyth County in the State of Georgia.

3.

Defendant Allstate Vehicle and Property Insurance Company, now and at the time of the commencement of this lawsuit, and all times since, is a foreign insurance company doing business in the State of Georgia with its principle place of business in the State of Illinois, having its principal place of business in Northbrook, Illinois.

4.

Defendant Allstate Vehicle and Property Insurance Company attaches a copy of the Complaint, marked Exhibit "A", a copy of Defendant's Answer and Jury Demand, marked Exhibit "B", all filed in the Superior Court of Gwinnett County, Georgia.

5.

On November 2, 2022, counsel for Plaintiffs sent a letter to Defendant Allstate Vehicle and Property Insurance Company demanding payment of Plaintiff Yuan Xu's claim in the amount of $65,380.92 less previous payments and the applicable deductible.  A copy of counsel's letter is attached as Exhibit "C".

6.

Plaintiffs Yuan Xu and Jingjing Ma are married, and co-owners of a residential home located at 2450 Flint Creek Drive, Cumming, GA 30041.  Plaintiffs Yuan Xu

and Jingjing Ma have a common and undivided interest in the residential property. Allstate Vehicle and Property Insurance Company issued a certain homeowner's policy of insurance in connection with said residential property, which policy jointly identifies plaintiffs Yuan Xu and Jingjing Ma as named insureds. In the within suit, Plaintiffs have asserted a common and undivided claim, wherein they seek to recover from Allstate Vehicle and Property Insurance Company based upon their status as co-named insureds under the policy for the damage to the residential property, which is jointly owned by the plaintiffs.  Plaintiff Yuan Xu and Plaintiff Jingjing Ma are not asserting separate individual claims in the within action.

7.

In their *Complaint* (Exhibit "A"), Plaintiffs Yuan Xu and Jingjing Ma have prayed for recovery of the following damages against Allstate Vehicle and Property Insurance Company:

(a) "the sum of $65,380.92";

(b) "50% of the liability of Allstate Vehicle and Property Insurance Company or $5,000.00 whichever is greater pursuant to O.C.G.A. § 33-4-6";

(c) "Bad Faith attorney fees; or Statutory Attorney fees" and

"Any and all other damages allowed by law."

8.

Now within thirty (30) days after service of the Summons and Complaint,

Defendant Allstate Vehicle and Property Insurance Company has filed this Petition for Removal of said action from the Superior Court of Gwinnett County to this Honorable Court.

9.

As between the Plaintiffs and Defendant Allstate Vehicle and Property Insurance Company there exists complete diversity of citizenship under 28 U.S.C. § 1332(a).

10.

Pursuant to 28 U.S.C. § 1441, et seq., and 28 U.S.C. § 1367, this action is now removable by reason of diversity of citizenship, there being more than $75,000.00 in controversy, exclusive of interest and costs.

WHEREFORE, Defendant Allstate Vehicle and Property Insurance Company files this Petition for Removal of said cause to this Honorable Court

Respectfully submitted,

This 15th day of March, 2023.

FAIN, MAJOR & BRENNAN, P.C.

/s/ James F. Taylor, III

4500 Hugh Howell Road, Suite 640          JAMES F. TAYLOR, III
Tucker, GA 30084                          Georgia Bar No. 700230
Tel:  (404) 688-6633
Jtaylor@fainmajor.com                     Counsel for Defendant

4

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

YUAN XU and :
JINGJING MA, :
:
          Plaintiffs, :
:     CIVIL ACTION FILE NO.:
v. :
:
ALLSTATE VEHICLE AND :
PROPERTY INSURANCE COMPANY, :
a foreign corporation, :
:
         Defendant. :

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this date served upon counsel for the opposing parties in the foregoing matter a copy of the foregoing **Notice of Removal** by placing same in the United States Mail, postage prepaid, addressed as follows:

J. Remington Huggins, Esq.
Michael D. Turner, Esq.
Foster L. Peebles, Esq.
The Huggins Law Firm, LLC
110 Norcross Street
Roswell, GA 30075
remington@lawhuggins.com
mdturner@lawhuggins.com
fpeebles@lawhuggins.com

This 15th day of March, 2023.

FAIN, MAJOR & BRENNAN, P.C.


/s/ James F. Taylor, III

JAMES F. TAYLOR, III

4500 Hugh Howell Road                        Georgia Bar No. 700230
Suite 640
Tucker, GA 30084                             Counsel for Defendant
Tel:  (404) 688-6633
Jtaylor@fainmajor.com

E-FILED IN OFFICE - CE
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA
**23-A-01081-5**
**2/7/2023 4:14 PM**
TIANA P. GARNER, CLERK

## IN THE SUPERIOR COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

Yuan Xu and **Jingjing Ma**
Flint Creek Drive, Cumming, GA 30041

23-A-01081-5

**PLAINTIFFS**           CIVIL ACTION NUMBER: _____

**VS**

**Allstate Vehicle and Property Insurance Company**
**RA: C T Corporation System**
289 S. Culver St.
Lawrenceville, GA 30046

**DEFENDANT**

---

## SUMMONS

---

**TO THE ABOVE-NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiffs' attorney, whose name and address is:

**Michael D. Turner**
**Attorney For the Plaintiffs**
**THE HUGGINS LAW FIRM, LLC**
**110 Norcross Street**
**Roswell, GA 30075**
**770-913-6229**
mdturner@lawhuggins.com

an Answer to the Complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____, 2023.

8th day of February, 2023           Tiana P. Garner,
Clerk of Superior Court

BY: _____
Deputy Clerk

EXHIBIT A

E-FILED IN OFFICE - CE
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA
**23-A-01081-5**
**2/7/2023 4:14 PM**
TIANA P. GARNER, CLERK

## IN THE SUPERIOR COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

|  |  |  |
|---|---|---|
| YUAN XU AND JINGJING MA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION FILE NO.:** |
| | ) | |
| ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, a foreign corporation, | ) | 23-A-01081-5 |
| | ) | |
| Defendant. | ) | |

### COMPLAINT

**COMES NOW** Plaintiffs **Yuan Xu and Jingjing Ma**, by and through the undersigned counsel, and files this Complaint for breach of first party property insurance contract and bad faith denial of insurance coverage against Defendant, **Allstate Vehicle and Property Insurance Company**, and in support hereof, states as follows:

### PARTIES

1.

Plaintiff is an adult resident citizen of Forsyth County, Georgia.

2.

Upon information and belief, Defendant is a foreign insurance company, registered to transact business in, and in fact transacts business in, the State of Georgia. Defendant is in the business of insuring risks and properties located throughout the United States, including Georgia. Defendant maintains an office at 289 S. Culver St., Lawrenceville, GA 30046, where it may be served with process through its registered agent, C T Corporation System, as identified by the state of Georgia Secretary of State registry.

## JURISDICTION AND VENUE

3.

This Court has subject matter jurisdiction over this action for breach of contract and bad faith denial of an insurance claim because the breached contract was entered into, and concerned property in, the state of Georgia and the amount in controversy exceeds $15,000.00. This Court has personal jurisdiction over Defendant because Defendant is transacting business and insuring properties in the state of Georgia and has appointed a registered agent for service of process in Georgia pursuant to O.C.G.A. § 33-4-1 and O.C.G.A. § 33-4-4.

4.

Venue is proper in this Court because Defendant has a registered agent doing business in Gwinnett County pursuant to O.C.G.A. § 33-4-1, O.C.G.A. § 33-4-4.

5.

In addition, by virtue of the express terms of the insurance policy at issue, Defendant has consented to jurisdiction and venue of this Court.

## THE POLICY

6.

Prior to June 16, 2022, and in consideration of the premiums paid to Defendant by the Plaintiffs, Defendant issued a policy with Policy No. 000831479442 (the "Policy"). A true and accurate copy of the Policy is attached hereto as Exhibit "A."

7.

The Policy provides numerous coverages for the real and personal property located at 2450 Flint Creek Drive, Cumming, GA 30041 (the "Insured Property," "Property," or the "home"). The

2

Policy likewise insures against loss due to Wind and Hail, subject to a deductible of $2,500.00 per occurrence. (*See* Ex. A).

8.

The Policy is an all-perils policy providing coverage for sudden and accidental direct physical loss to the dwelling, other structures, and personal property. The Policy covers property repairs and personal property on a full replacement cost basis. (*See* Ex. A).

9.

The Policy covers various types of expenses, including reasonable and necessary costs incurred for temporary repairs to protect covered property from further imminent covered loss and additional living expenses. (*See* Ex. A).

## SUDDEN AND ACCIDENTAL DAMAGE TO THE INSURED PROPERTY

10.

On or about June 16, 2022, the above-referenced property suffered damage from a sudden and accidental direct physical Loss resulting from Wind and Hail (the "Loss"). The Policy was in effect at the time of the Loss.

11.

Plaintiffs promptly and timely notified Defendant of the damage to the Property resulting from the Loss and made a claim pursuant to the Policy. As a result, Defendant assigned an adjuster ("Adjuster") to investigate Plaintiffs' claim for sudden and accidental direct physical loss. The Adjuster was authorized as Defendant's representative and agent for purposes of the claim.

3

EXHIBIT A

12.

At all times, Plaintiffs made themselves and the Property available to, and fully cooperated with, the Defendant and its representative and agent to inspect and investigate the damages caused by the loss.

13.

Defendant, through its authorized representative and agent, Adjuster, performed a site inspection of the Property.

14.

Defendant's authorized representative and agent, Adjuster, incurred the duty of acting with due diligence in achieving a proper disposition of the Plaintiffs' claim when Adjuster undertook the handling of the claim.

15.

Defendant, through its authorized representative and agent, Adjuster, grossly underestimated the scope of loss suffered by the Plaintiffs as a result of the Wind and Hail event. Defendant failed to properly indemnify the Plaintiffs and estimated Plaintiffs' total loss to be $1,393.40. Plaintiffs' deductible is $2,500.00 per occurrence, and Defendant withheld $0.00 in recoverable depreciation; thus, after deductions for depreciation and Plaintiffs' deductible, Defendant claims Plaintiffs were due $0.00 as indemnification under the Policy. A true and accurate copy of the Defendant's estimate is attached hereto as Exhibit "B."

16.

As a result of Defendant's gross underestimation, Plaintiffs requested multiple times that Defendant reconsider its position regarding Defendant's estimate. Defendant refused to comply with the Plaintiffs' requests and continued to frivolously and baselessly deny any additional

4

payment on Plaintiffs' claim. Furthermore, the Defendant continued to ignore the opinions of the Plaintiffs' experts as to the extent of damage and the amount it will cost the Plaintiffs' to be properly indemnified for the Loss.

17.

Plaintiffs made repeated requests for payment of the claim, including a written demand sent to Defendant on November 2, 2022. A true and accurate copy of the written demand is attached hereto as Exhibit "C." Despite this demand for $65,380.92 less previous payments and the applicable deductible, Defendant continued to frivolously deny Plaintiffs' claim without just cause when, under one or more portions of the Policy, the obligation to settle the claim became reasonably clear.

18.

The Plaintiffs' November 2, 2022, correspondence (Ex. C) to Defendant was a letter of representation from Plaintiff's counsel and a formal 60-Day demand, pursuant to the guidelines set forth in O.C.G.A. §33-4-6. After putting Defendant on notice of a potential lawsuit through the formal 60-Day demand, the Defendant continued to deny Plaintiffs' claim without just cause.

19.

Defendant did not act fairly or honestly toward the Plaintiffs, or with due regard to the Plaintiffs' claim and interests, when Defendant, under all circumstances articulated herein, failed to indemnify the Plaintiffs for their damages in direct breach of the terms and conditions of the Policy.

20.

Plaintiffs have fulfilled all conditions precedent and contractual obligations under the Policy prior to this lawsuit, or the same were waived.

5

EXHIBIT A

21.

There exists a genuine, justifiable controversy between the Plaintiffs and the Defendant as to whether Defendant is responsible for further indemnification owed to the Plaintiffs as a result of the Loss. Plaintiff has exhausted every reasonable means possible to resolve this dispute with the Defendant. With no other option, Plaintiffs were constrained to hire legal counsel, incur additional expenses, and file this lawsuit.

22.

Plaintiffs have suffered loss under the Policy in an amount to be determined at trial.

## COUNT I: BREACH OF CONTRACT

23.

Plaintiffs hereby adopt, re-allege, and incorporate their allegations set forth in Paragraphs 1-22 of this Complaint as if fully set forth herein.

24.

Plaintiffs have performed all conditions precedent to the Defendant's obligation to perform under the Policy including, without limitation, the timely payment of premiums, timely notice of the claim, and post loss obligations, or the Defendant has waived any and all other conditions.

25.

Under the terms of the Policy, Defendant is required to fully indemnify the Plaintiffs for the damages sustained from the Loss.

26.

Despite Plaintiffs' timely written demand, Defendant failed to provide full indemnification to the Plaintiffs under the terms of the Policy.

EXHIBIT A

27.

Defendant failed to act in good faith and fair dealing under the terms of the Policy by refusing to properly investigate and fully indemnify the Plaintiffs according to the terms of the Policy.

28.

As a result of the Defendant's denying and delaying payment in Plaintiffs' claim, Plaintiffs sustained additional covered losses from mitigation and temporary repairs of the direct physical damage to the Property in an amount to be determined at trial.

29.

The Plaintiffs suffered damages as a direct result of Defendant's failure to indemnify the Plaintiffs for their loss.

30.

All foregoing conduct constitutes a breach of contract that has resulted in damages to the Plaintiffs.

31.

**WHEREFORE,** Plaintiffs pray for this Court to enter an award in Plaintiffs' favor of compensatory damages, attorneys' fees, pre- and post-judgment interest, and such other and further relief as the Court may deem just and proper.

## COUNT II: BAD FAITH PURSUANT TO O.C.G.A. § 33-4-6

32.

Plaintiffs hereby adopt, re-allege, and incorporate their allegations set forth in Paragraphs 1-32 of this Complaint as if fully set forth herein.

7

33.

By failing to achieve a proper disposition of Plaintiffs' claim, Defendant acted frivolously, and without a reasonable basis or justification, in contravention of its duty of good faith and fair dealing.

34.

Defendant did not attempt in good faith to settle the Plaintiffs' claim when it could have, and should have, done so under all attendant circumstances had it acted fairly and honestly toward the Plaintiffs and with due regard for the Plaintiffs' interests.

35.

Defendant's failures to adjust Plaintiffs' claim in good faith include, but are not limited to:

(1) Knowingly misrepresenting to claimants, and insureds, relevant facts or policy provisions relating to coverages at issue (*see* O.C.G.A. § 33-6-34(1));

(2) Failing to acknowledge with reasonable promptness pertinent communications with respect to claims arising under its policies (*see* O.C.G.A. § 33-6-34(2));

(3) Failing to adopt and implement procedures for the prompt investigation and settlement of claims arising under its policies (*see* O.C.G.A. § 33-6-34(3));

(4) Not attempting in good faith to effectuate prompt, fair, and equitable settlement of claims submitted in which liability has become reasonable clear (*see* O.C.G.A. § 33-6-34(4));

(5) Compelling insureds or beneficiaries to institute suits to recover amounts due under its policies by offering substantially less than the amounts ultimately recovered in suits brought by them (*see* O.C.G.A. § 33-6-34(5));

(6) Refusing to pay claims without conducting a reasonable investigation (*see* O.C.G.A. § 33-6-34(6));

8

(7) When requested by the insured in writing, failing to affirm or deny coverage of claims within a reasonable time after having completed its investigation related to such claim or claims (*see* O.C.G.A. § 33-6-34(7)); and

(8) When requested by the insured in writing, failing in the case of payments or offers of compromise to provide promptly a reasonable and accurate explanation of the basis for such action (or, in the case of claims denials, providing said denial to the insured in writing) (*see* O.C.G.A. § 33-6-34(10)).

36.

The above and foregoing actions of Defendant constitute bad faith pursuant to O.C.G.A. § 33-4-6, as the Defendant refused to pay Plaintiffs' covered loss within sixty (60) days after Plaintiffs' timely written demand (Ex. C) for payment without a reasonable basis for doing so.

37.

Defendant frivolously, and without a reasonable basis, denied proper indemnification to the Plaintiffs for their covered loss.

38.

Defendant's refusal to indemnify the Plaintiffs was done frivolously, without a reasonable basis, and in bad faith.

39.

As a result of Defendant's above-referenced bad faith breach of the Policy issued to the Plaintiff, and pursuant to O.C.G.A. § 33-4-6(a), Defendant is liable for penalties in the amount of "not more than fifty percent (50%) of the liability of the insurer for the loss, or $5,000.00, whichever is greater, and all reasonable attorneys' fees for the prosecution of the action against the Insurer."

9

40.

**WHEREFORE**, Plaintiffs pray for this Court to enter an award, in Plaintiffs' favor, of the statutory award in an amount of fifty percent (50%) of the total compensatory damages awarded or $5,000.00, whichever is greater, along with a statutory allowance for reasonable attorneys' fees in prosecuting this action, pursuant to O.C.G.A. § 33-4-6, for Defendant's unfair claims settlement practices and bad faith refusal to pay Plaintiffs' loss claim when it could and should have done so, had it acted fairly and reasonably toward the insured.

## DEMAND FOR JURY TRIAL

41.

Plaintiffs request a trial by Jury on all counts of the Complaint.

## PRAYER FOR RELIEF

42.

**WHEREFORE**, Plaintiffs request that after due proceedings are had, all appropriate penalties be assessed against the Defendant and that the Plaintiffs receive any and all damages at law to which they are justly entitled, and thus prays for judgment against the Defendant, as follows:

a. That this Court grant judgment in favor of the Plaintiffs and against Defendant in an amount to be determined at trial for breach of insurance contract.

b. Compensatory damages, including all damages to the Plaintiffs by the Defendant and any resulting expenses.

c. Bad faith damages in an amount of fifty percent (50%) of the total compensatory damages awarded or $5,000.00, whichever is greater, for Defendant's bad faith delay, denial, and its

10

intentional, frivolous failure to conduct a reasonable investigation of the Plaintiffs' claim

without a reasonable basis;

d.  Plaintiffs' attorneys' fees and costs of suit in this action;

e.  Plaintiffs' consultant and expert fees;

f.  Pre- and post-judgment interest in the maximum amount allowed by law;

g.  All statutory penalties;

h.  Any and all applicable multipliers; and,

i.  Any and all other relief that the Court may deem just and proper, whether such relief sounds

in law or equity.

Dated, this 7th day of February, 2023.

RESPECTFULLY SUBMITTED,

**The Huggins Law Firm, LLC**
110 Norcross Street
Roswell, GA 30075
(o) (770) 913-6229
(e) remington@lawhuggins.com
(e) mdturner@lawhuggins.com

J. Remington Huggins, Esq.
Georgia Bar No.: 348736
Michael D. Turner, Esq.
Georgia Bar No.: 216414
*Attorneys for the Plaintiff*

EXHIBIT A

E-FILED IN OFFICE - MX
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA

23-A-01081-5

3/15/2023 10:03 AM
TIANA P. GARNER, CLERK

IN THE SUPERIOR COURT OF GWINNETT COUNTY
STATE OF GEORGIA

YUAN XU and                          :
JINGJING MA,                         :
                                     :
        Plaintiffs,                  :
                                     :       CIVIL ACTION
v.                                   :       FILE NO.:  23-A-01081-5
                                     :
ALLSTATE VEHICLE AND PROPERTY  :
INSURANCE COMPANY,                   :
a foreign corporation,               :
                                     :
        Defendant.                   :

## ANSWER OF ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY TO PLAINTIFFS' COMPLAINT

Allstate Vehicle and Property Insurance Company ("Allstate"), Defendant in the above-styled action, submits its Answer to Plaintiffs' Complaint and shows this Honorable Court as follows:

### FIRST DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief can be granted as to Allstate.

### SECOND DEFENSE

Allstate has not breached the provisions of any policy of insurance issued by Allstate to Plaintiffs, and on account thereof, Plaintiffs are not entitled to maintain the within action against Allstate.

### THIRD DEFENSE

Plaintiffs' Complaint may be barred by the contractual limitations period.

### FOURTH DEFENSE

The damages claimed by Plaintiffs are expressly excluded pursuant to the terms of the Allstate policy issued to Plaintiffs.

1

EXHIBIT B

## FIFTH DEFENSE

Plaintiffs did not sustain damage as alleged in Plaintiffs' Complaint.

## SIXTH DEFENSE

Plaintiffs have failed to mitigate their alleged damages, thereby barring Plaintiffs from recovering of Allstate Vehicle and Property Insurance Company for said damages.

## SEVENTH DEFENSE

Plaintiffs' claim for bad faith pursuant to O.C.G.A. § 33-4-6 is unfounded in law and fact.

## EIGHTH DEFENSE

Allstate Vehicle and Property Insurance Company responds to the individually numbered paragraphs of Plaintiffs' Complaint as follows:

1.

Allstate admits the allegations contained in paragraph 1 of Plaintiffs' Complaint.

2.

Allstate admits the allegations contained in paragraph 2 of Plaintiffs' Complaint.

3.

Allstate admits that this Court has subject matter jurisdiction over this action as well as personal jurisdiction over Defendant.  Allstate denies Plaintiffs' allegations that it breached the contract of insurance as alleged by Plaintiffs'.

4.

Allstate admits the allegations contained in paragraph 4 of Plaintiffs' Complaint.

5.

Allstate admits the allegations contained in paragraph 5 of Plaintiffs' Complaint.

-2-

EXHIBIT B

6.

Allstate admits the allegations contained in paragraph 6 of Plaintiffs' Complaint.

7.

Allstate admits the allegations contained in paragraph 7 of Plaintiffs' Complaint, subject to the express terms and conditions of the subject policy.

8.

Allstate admits the allegations contained in paragraph 8 of Plaintiffs' Complaint, subject to the express terms and conditions of the subject policy.

9.

Allstate admits the allegations contained in paragraph 9 of Plaintiffs' Complaint, subject to the express terms and conditions of the subject policy.

10.

Allstate admits that the subject policy was in effect at the time of the June 16, 2022 alleged loss and further admits that Plaintiffs submitted a claim for damage they contend resulted from wind and hail.

11.

Allstate admits that Plaintiffs notified Allstate of their claim on August 15, 2022 and that Allstate assigned an adjuster to investigate Plaintiffs' claim, said adjuster being authorized as Defendant's agent for purposes of that claim.

12.

Allstate admits the allegations contained in paragraph 12 of Plaintiffs' Complaint.

13.

Allstate admits the allegations contained in paragraph 13 of Plaintiffs' Complaint.

EXHIBIT B

14.

Allstate admits the allegations contained in paragraph 14 of Plaintiffs' Complaint.

15.

Allstate denies the allegations contained in paragraph 15 of Plaintiffs' Complaint.

16.

Allstate denies the allegations contained in paragraph 16 of Plaintiffs' Complaint.

17.

Allstate admits that Exhibit C to Plaintiffs' Complaint is a true and accurate copy of the letter from Plaintiffs' counsel to Allstate dated November 2, 2022 demanding payment of $65,380.92 less previous payments and the applicable deductible.  Allstate denies the remaining allegations contained in paragraph 17 of Plaintiffs' Complaint.

18.

Allstate admits that Exhibit C to Plaintiffs' Complaint is a letter of representation from Plaintiffs' counsel.  Allstate denies that Exhibit C constitutes a proper demand in accordance with O.C.G.A. § 33-4-6.  Allstate denies the remaining allegations contained in paragraph 18 of Plaintiffs' Complaint.

19.

Allstate denies the allegations contained in paragraph 19 of Plaintiffs' Complaint.

20.

Allstate denies the allegations contained in paragraph 20 of Plaintiffs' Complaint.

21.

Allstate denies the allegations contained in paragraph 21 of Plaintiffs' Complaint.

EXHIBIT B

22.

Allstate denies the allegations contained in paragraph 22 of Plaintiffs' Complaint.

23.

Allstate hereby repeats and incorporates the paragraphs 1 through 22 as fully set forth herein.

24.

Allstate denies the allegations contained in paragraph 24 of Plaintiffs' Complaint.

25.

Allstate denies the allegations contained in paragraph 25 of Plaintiffs' Complaint.

26.

Allstate denies the allegations contained in paragraph 26 of Plaintiffs' Complaint.

27.

Allstate denies the allegations contained in paragraph 27 of Plaintiffs' Complaint.

28.

Allstate denies the allegations contained in paragraph 28 of Plaintiffs' Complaint.

29.

Allstate denies the allegations contained in paragraph 29 of Plaintiffs' Complaint.

30.

Allstate denies the allegations contained in paragraph 30 of Plaintiffs' Complaint.

31.

Allstate denies the allegations contained in paragraph 31 of Plaintiffs' Complaint.

EXHIBIT B

32.

Allstate hereby repeats and incorporates the paragraphs 1 through 31 as fully set forth herein.

33.

Allstate denies the allegations contained in paragraph 33 of Plaintiffs' Complaint.

34.

Allstate denies the allegations contained in paragraph 34 of Plaintiffs' Complaint.

35.

Allstate denies the allegations contained in paragraph 35 of Plaintiffs' Complaint.

36.

Allstate denies the allegations contained in paragraph 36 of Plaintiffs' Complaint.

37.

Allstate denies the allegations contained in paragraph 37 of Plaintiffs' Complaint.

38.

Allstate denies the allegations contained in paragraph 38 of Plaintiffs' Complaint.

39.

Allstate denies the allegations contained in paragraph 39 of Plaintiffs' Complaint.

40.

Allstate denies the allegations contained in paragraph 40 of Plaintiffs' Complaint.

41.

Allstate requests a trial by jury of twelve persons on all counts.

42.

Allstate denies the allegations contained in paragraph 42 of Plaintiffs' Complaint.

EXHIBIT B

43.

Any allegations contained in Plaintiffs' Complaint to which Allstate Vehicle and Property Insurance Company has not specifically responded are hereby denied.

WHEREFORE, Allstate Vehicle and Property Insurance Company respectfully requests this Honorable Court:

(a) Dismiss Plaintiffs' Complaint with prejudice;

(b) Provide for trial by jury of twelve persons;

(c) Tax all costs against Plaintiffs;

(d) Award Allstate Vehicle and Property Insurance Company all expenses of litigation, including reasonable attorneys' fees;

(e) Provide such other and further relief as this court deems just and proper.

Respectfully submitted,

This 15th day of March, 2023.

FAIN, MAJOR & BRENNAN, P.C.

/s/ James F. Taylor, III
JAMES F. TAYLOR, III
Georgia Bar No. 700230

4500 Hugh Howell Road
Suite 640
Tucker, GA  30084
(404) 688-6633
Jtaylor@fainmajor.com

Counsel for Allstate Vehicle and Property Insurance Company

-7-

EXHIBIT B

IN THE SUPERIOR COURT OF GWINNETT COUNTY

STATE OF GEORGIA

| | | |
|---|---|---|
| YUAN XU and | : | |
| JINGJING MA, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | CIVIL ACTION |
| v. | : | FILE NO.:  23-A-01081-5 |
| | : | |
| ALLSTATE VEHICLE AND PROPERTY | : | |
| INSURANCE COMPANY, | : | |
| a foreign corporation, | : | |
| | : | |
| Defendant. | : | |

## **CERTIFICATE OF SERVICE**

This is to certify that I have this date served upon counsel for the opposing parties in the foregoing matter a copy of the **Answer Of Allstate Vehicle and Property Insurance Company to Plaintiffs' Complaint** electronically via Odyssey eFileGA or by placing same in the U.S. Mail, addressed as follows:

J. Remington Huggins, Esq.
Michael D. Turner, Esq.
Foster L. Peebles, Esq.
The Huggins Law Firm, LLC
110 Norcross Street
Roswell, GA 30075
remington@lawhuggins.com
mdturner@lawhuggins.com
fpeebles@lawhuggins.com

This 15th day of March, 2023.

**FAIN, MAJOR & BRENNAN, P.C.**

|  |  |
|---|---|
| | */s/ James F. Taylor, III* |
| 4500 Hugh Howell Road | JAMES F. TAYLOR, III |
| Suite 640 | Georgia Bar No. 700230 |
| Tucker, GA  30084 | |
| (404) 688-6633 | Counsel for Allstate Vehicle and Property |
| Jtaylor@fainmajor.com | Insurance Company |

E-FILED IN OFFICE - MX
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA

**23-A-01081-5**

**3/15/2023 10:03 AM**

TIANA P. GARNER, CLERK

IN THE SUPERIOR COURT OF GWINNETT COUNTY

STATE OF GEORGIA

| | | |
|---|---|---|
| YUAN XU and | : | |
| JINGJING MA, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | CIVIL ACTION |
| v. | : | FILE NO.:  23-A-01081-5 |
| | : | |
| ALLSTATE VEHICLE AND PROPERTY | : | |
| INSURANCE COMPANY, | : | |
| a foreign corporation, | : | |
| | : | |
| Defendant. | : | |

## **ALLSTATE VEHICLE AND PROPERTY INSRUANCE COMPANY'S JURY DEMAND**

Allstate Vehicle and Property Insurance Company ("Allstate"), Defendant in the above-styled action, and herewith files its Demand for Twelve Person Jury on all issues so triable.

Respectfully submitted,

This 15th day of March, 2023.

FAIN, MAJOR & BRENNAN, P.C.

/s/ James F. Taylor, III
JAMES F. TAYLOR, III
Georgia Bar No. 700230

4500 Hugh Howell Road
Suite 640
Tucker, GA  30084
(404) 688-6633
Jtaylor@fainmajor.com

Counsel for Allstate Vehicle and Property Insurance Company

EXHIBIT B

IN THE SUPERIOR COURT OF GWINNETT COUNTY

STATE OF GEORGIA

| | | |
|---|---|---|
| YUAN XU and | : | |
| JINGJING MA, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | CIVIL ACTION |
| v. | : | FILE NO.:  23-A-01081-5 |
| | : | |
| ALLSTATE VEHICLE AND PROPERTY | : | |
| INSURANCE COMPANY, | : | |
| a foreign corporation, | : | |
| | : | |
| Defendant. | : | |

## **CERTIFICATE OF SERVICE**

This is to certify that I have this date served upon counsel for the opposing parties in the foregoing matter a copy of the **Allstate Vehicle and Property Insurance Company's Jury Demand** electronically via Odyssey eFileGA or by placing same in the U.S. Mail, addressed as follows:

J. Remington Huggins, Esq.
Michael D. Turner, Esq.
Foster L. Peebles, Esq.
The Huggins Law Firm, LLC
110 Norcross Street
Roswell, GA 30075
remington@lawhuggins.com
mdturner@lawhuggins.com
fpeebles@lawhuggins.com

This 15th day of March, 2023.

FAIN, MAJOR & BRENNAN, P.C.

*/s/ James F. Taylor, III*
JAMES F. TAYLOR, III
Georgia Bar No. 700230

4500 Hugh Howell Road
Suite 640
Tucker, GA  30084
(404) 688-6633
Jtaylor@fainmajor.com

Counsel for Allstate Vehicle and Property Insurance Company

-2-

EXHIBIT B



**HUGGINS** LAW FIRM

**Michael D. Turner, Esq.**
110 Norcross Street
Roswell, GA 30075
mdturner@lawhuggins.com
(770) 913-6229

November 2, 2022

Allstate Vehicle and Property Insurance Company
P.O. Box 672041
Dallas, TX 75267

**Sent Via email:**
claims@claims.allstate.com

Re:    Named Insured(s):    Yuan Xu
        Policy Number:       000831479442
        Claim Number:        0681059655
        Date of Loss:        June 16, 2022

To Whom it May Concern:

        I have been retained by Yuan Xu ("Your Insured") to represent them regarding the above referenced property insurance claim. All further communication regarding this claim should be directed to my office.

        Please also accept this letter as a formal demand for a **certified copy of the relevant insurance policy, to include the original policy, any renewals, and any endorsements.** We also request a copy of any and all repair estimates drafted to date, **as well as a payment sheet or payment log detailing all insurance proceeds issued to date for this claim.**

        My client has complied with all conditions contained in the insurance policy. My client is at a loss as to why Allstate Vehicle and Property Insurance Company ("Allstate") has not afforded the proper coverage under the applicable policy. This lack of good faith has forced Your Insured to retain my legal services in order to fairly settle their claim. It is our belief that Allstate has violated the Unfair Claims Settlement Practice Act pursuant to O.C.G.A. § 33-6-34 and has breached the insurance policy.

        Bad faith claims handling triggers additional liability on your part under O.C.G.A. § 33-4-6 that includes the amount of the claim, plus a penalty of an additional fifty percent (50%) of the value of the claim and reasonable attorneys' fees and costs.

        Therefore, per the enclosed spreadsheets of damages to Your Insured's property, we are hereby making formal demand that you settle the above claim for the sum of **$65,380.92, less previous payments and the applicable deductible.** The invoice & estimate of damages is attached for your review. This demand is being made pursuant to O.C.G.A. § 33-4-6, and you have sixty (60) days in which to make payment on this claim or be subject to a lawsuit containing a claim for breach of contract and bad faith seeking all compensation allowed by law, including attorneys' fees and a penalty of fifty percent (50%) of the loss amount.

EXHIBIT C

To: Allstate Vehicle and Property Insurance Company
Client: Yuan Xu
November 2, 2022
Page 2 of 2

  This letter constitutes a "proper demand" for payment under O.C.G.A. § 33-4-6. If you contend that a proper demand has not been made, you must immediately notify us of the reasons for such allegation. Otherwise, it will be assumed you agree this letter constitutes a proper demand.

  The purpose of this correspondence is to encourage Allstate to resolve Your Insured's claim in a fair and equitable manner in hopes of avoiding litigation. If you fail to respond to this letter with an offer of settlement that is acceptable to Your Insured, we will have no alternative other than recommending to Your Insured that a lawsuit be filed against you.

  We are also in receipt of your request to reinspect the subject property. We will provide dates of availability for the reinspection once they are available so we can get it scheduled.

  Payment must be received in my office within sixty (60) days of your receipt of this letter in order to avoid a suit for bad faith penalties and attorney's fees. Any check issued should list Huggins Law Firm, LLC as sole payee. Any objection to these payment terms shall be submitted in writing to Huggins Law Firm, LLC within 10 days of receipt of this letter.

  I look forward to working with you to resolve this matter quickly and amicably. Please feel free to contact me should you have any questions regarding this formal 60-day demand. Should you have any questions or concerns, please reach out to me at mdturner@lawhuggins.com or by phone at (770) 913-6229.

           Sincerely,

MDT/aak
Encl.

           Michael D. Turner, Esq.
           Attorney at Law

EXHIBIT C