**IT IS ORDERED as set forth below:**



**Date: March 14, 2023**

_____

**Barbara Ellis-Monro**
**U.S. Bankruptcy Court Judge**

_____

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| IN RE: | |
| DERRY BOBBY GRIER, | CASE NO. 22-59877-BEM |
| Debtor. | CHAPTER 13 |

**O R D E R**

This matter is before the Court on papers filed by Debtor on March 8, 2023, which the Court construes as a motion to reconsider its order of February 23, 2023 (the "Motion"). [Doc. 30]. Debtor's case came before the Court on confirmation of Debtor's Chapter 13 plan on February 22, 2023. The Chapter 13 Trustee filed an objection to confirmation and motion to dismiss the case pursuant to 11 U.S.C. § 109(g). [Doc. 25]. U.S. Bank Trust National Association, not in its individual capacity, but solely as Trustee of LSF9 Master Participation Trust ("US Bank"), also filed an objection to confirmation. [Doc. 24]. After the hearing, the Court entered an order directing Debtor to make two payments to the Chapter 13 Trustee in the amounts of $1,700, representing two plan payments, and $2,322.72, representing one mortgage payment, on or before March 9, 2023 and that if Debtor failed to do so the case would be dismissed pursuant to 109(g). [Doc. 26].

In the Motion, Debtor contends US Bank should not have a right to object to confirmation because it has not filed a proof of claim and because it does not have any right to the real property at 6390 Glen Cove Lane, Stone Mountain, Georgia.

Federal Rule of Civil Procedure 59(e), made applicable by Federal Rule of Bankruptcy Procedure 9023, authorizes the Court to alter or amend a judgment "if there is newly-discovered evidence or manifest errors of law or fact." *Metlife Life and Annuity Co. of Conn. v. Akpele*, 886 F.3d 998, 1008 (11th Cir. 2018). It may not be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005). Nor may it be used merely to request reexamination of an unfavorable ruling. *Id.*; *Jacobs v. Tempur-Pedic Intern., Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010).

Both of the arguments raised by Debtor in the Motion were also raised by Debtor during the confirmation hearing and were rejected by the Court. The Court stated at the hearing that US Bank was not required to file a proof of claim and directed that the mortgage payment be paid to the Trustee and held in escrow because Debtor disputed US Bank's entitlement to the funds and was engaged in ongoing litigation on the issue. Debtor has not cited any newly discovered facts or cited any authorities to show that the Court erred in its ruling. Accordingly, it is

ORDERED that the Motion is DENIED.

**END OF ORDER**

## **Distribution List**

Derry Bobby Grier
6890 Glen Cove Lane
Stone Mountain, GA 30087

K. Edward Safir
Standing Chapter 13 Trustee
Suite 1600
285 Peachtree Center Ave. NE
Atlanta, GA 30303

Maria A. Tsagaris
McCalla Raymer Liebert Pierce
1544 Old Alabama Road
Roswell, GA 30076