## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, and ALLSTATE INDEMNITY COMPANY, | ) ) ) ) | |
| | ) | CASE NO.: |
| Petitioners, | ) ) | |
| v. | ) ) | |
| PAUL WILLIAM JAMES, GREGORY JAMES, and JERRI JAMES, | ) ) ) | |
| Respondents. | ) | |

## PETITION FOR DECLARATORY JUDGMENT

COMES NOW Petitioner Allstate Vehicle and Property Insurance Company and Petitioner Allstate Indemnity Company (collectively "Petitioner Allstate"), Petitioners in the above-styled case, by and through their undersigned counsel of record, and bring this action against Respondent Paul William James ("Respondent Paul"), Respondent Gregory James ("Respondent Gregory"), and Respondent Jerri James ("Respondent Jerri") and allege as follows:

### PARTIES

1.

Petitioner Allstate Vehicle and Property Insurance Company is a foreign

corporation with its principal place of business in Northbrook, Illinois. It is incorporated under the laws of the State of Illinois and is a citizen of Illinois.

2.

Petitioner Allstate Indemnity Company is a foreign corporation with its principal place of business in Northbrook, Illinois. It is incorporated under the laws of the State of Illinois and is a citizen of Illinois.

3.

Respondent Paul is a resident and citizen of the State of Georgia and may be served with process at his last known address at 7086 Dickerson Road, Cumming, Georgia 30040 in Forsyth County, Georgia.

4.

Respondent Gregory is a resident and citizen of the State of Georgia and may be served with process at his last known address at 111 Hickory Hill Court, Alpharetta, Georgia, 30004-7007 in Cherokee County, Georgia.

5.

Respondent Jerri is a resident and citizen of the State of Georgia and may be served with process at her last known address at 111 Hickory Hill Court, Alpharetta, Georgia, 30004-7007 in Cherokee County, Georgia.

<u>**JURISDICTION**</u>

6.

The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because Petitioner Allstate is a citizen of a different state than all Respondents.

7.

The amount in controversy, exclusive of interest and costs, exceeds $75,000.00 because the relief sought by Respondent Paul for damages arising from the incident that is the subject matter of this action exceeds $75,000.00.

8.

The Court further has jurisdiction pursuant to 28 U.S.C. § 2201, in that Petitioner Allstate is seeking a declaration from this Court regarding the parties' rights and obligations with respect to a policy of homeowners insurance issued by Petitioner Allstate Vehicle and Property Insurance Company, Policy Number 821 586 091 (the "House & Home Policy"). (A certified copy of the Policy is attached hereto as Exhibit A). The Policy provides $300,000 in family liability protection. Petitioner Allstate Indemnity Company is seeking a declaration from this Court regarding the parties' rights and obligations with respect to a policy of homeowners insurance issued by Petitioner Allstate Indemnity Company, Policy Number 831 148 717 (the "Personal Umbrella Policy"). (A certified copy of the Policy is attached

hereto as Exhibit B).  The Policy provides $2,000,000 in excess liability protection.

9.

Petitioner Allstate anticipates that Respondents will contest Petitioner Allstate's position in regard to the parties' rights and obligations under said Policy and, therefore, a true and actual controversy exists between the parties.  Thus, the Court is vested, pursuant to 28 U.S.C. § 2201, with the power to declare the rights and obligations of the parties hereto, and to provide such other relief as may be necessary.

## VENUE

10.

Furthermore, venue is laid in this District pursuant to 28 U.S.C. § 1391 (b)(1) by virtue of the fact that all Respondents reside in Georgia, and at least one Respondent resides in the Northern District of Georgia, Atlanta Division.

## FACTS

11.

On March 23, 2019, Respondent Gregory and Respondent Jerri, son and daughter-in- law of Respondent Paul, offered to help Respondent Paul manage his personal finances and encouraged him to provide access to one or more of his bank accounts.

12.

Respondent Gregory and Respondent Jerri also persuaded Respondent Paul to invest over $1,000,000.00 of his money in gold and to let them hold it for him.

13.

Since March 23, 2019, Respondent Gregory and Respondent Jerri have misappropriate in excess of $1,7500,000.00 and refused to return Respondent Paul's gold and money to him.

14.

Respondent Gregory and Respondent Jerri have directed, used, spent and misappropriated the aforementioned proceeds and directed them for their own personal benefit, contrary to the wishes of Respondent Paul.

15.

On August 2, 2021, Respondent Paul filed a lawsuit against Respondent Gregory and Respondent Jerri in the Superior Court of Cherokee County.

**I.** **PETITIONER ALLSTATE HAS NO DUTY TO PROVIDE COVERAGE, INDEMNITY, OR A DEFENSE TO RESPONDENT GREGORY OR RESPONDENT JERRI UNDER FAMILY LIABILITY PROTECTION – COVERAGE X IN THE HOUSE & HOME POLICY BECAUSE THE ALLEGATIONS DO NOT MEET THE DEFINITION OF AN OCCURRENCE.**

16.

Petitioner Allstate reincorporates the allegations contained in Paragraphs 1

through 15 of this Petition as if set forth verbatim herein.

17.

The Family Liability Protection – Coverage X in the House & Home Policy,

contains the following insuring agreement:

**Family Liability Protection – Coverage X**

**Losses We Cover Under Coverage X:**
Subject to the terms, conditions, and limitations of this policy, **we** will pay damages which an **insured person** becomes legally obligated to pay because of **bodily injury** or **property damage** arising from an **occurrence** to which this policy applies and is covered by this part of the policy.

(Exhibit A, p. 45).

18.

The House & Home Policy defines an **occurrence** as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions during the policy period, resulting in **bodily injury** or **property damage**." (Exhibit A, p. 31).

19.

Respondent Gregory and Respondent Jerri intentionally misappropriated $1,750,000.00 of Respondent Paul's money and refused to return it to him.

20.

Because Respondent Paul's claims do not meet the definition of an **occurrence**, Petitioner Allstate has no duty to provide coverage, indemnity, or a defense to Respondent Gregory or Respondent Jerri under Family Liability Protection – Coverage X in the House & Home Policy for the claims asserted against them.

II. **PETITIONER ALLSTATE HAS NO DUTY TO PROVIDE COVERAGE, INDEMNITY, OR A DEFENSE TO RESPONDENT GREGORY OR RESPONDENT JERRI UNDER FAMILY LIABILITY PROTECTION – COVERAGE X IN THE HOUSE & HOME POLICY BECAUSE THE ALLEGATIONS DO NOT MEET THE DEFINITIONS OF BODILY INJURY OR PROPERTY DAMAGE.**

21.

Petitioner Allstate reincorporates the allegations contained in Paragraphs 1 through 20 of this Petition as if set forth verbatim herein.

22.

The House & Home Policy defines **bodily injury** as follows:

1. **Bodily injury** – means physical harm to the body, including sickness or disease, and resulting death, except that **bodily injury** does not include:
   a) any venereal disease;
   b) herpes;
   c) Acquired Immune Deficiency Syndrome (AIDS);
   d) AIDS Related Complex (ARS);
   e) Human Immunodeficiency Virus (HIV);

or any resulting symptom, effect, condition, disease or illness related
to a) through e) listed above.

(Exhibit A, p. 15).

### 23.

The House & Home Policy defines **property damage** as "physical injury to
or destruction of tangible property, including loss of its use resulting from such
physical injury or destruction." (Exhibit A, p. 31).

### 24.

Respondent Gregory and Respondent Jerri intentionally misappropriated
$1,750,000.00 of Respondent Paul's money and refused to return it to him.

### 25.

Respondent Paul does not allege physical harm to his body.

### 26.

Respondent Paul does not allege physical injury to or destruction of tangible
property.

### 27.

Because Respondent Paul's claims do not meet the definition of a **bodily
injury** or **property damage**, Petitioner Allstate has no duty to provide coverage,
indemnity, or a defense to Respondent Gregory or Respondent Jerri under Family
Liability Protection – Coverage X in the House & Home Policy for the claims

asserted against them.

**III.** **Petitioner Allstate Has No Duty To Provide Coverage, Indemnity, Or A Defense To Respondent Gregory Or Respondent Jerri Under Family Liability Protection – Coverage X In The House & Home Policy Because The Intentional/Criminal Act Exclusion Applies.**

28.

Petitioner Allstate reincorporates the allegations contained in Paragraphs 1 through 27 of this Petition as if set forth verbatim herein.

29.

The Family Liability Protection – Coverage X in the House & Home Policy contains the following intentional/criminal act exclusion:

1. **We** do not cover any **bodily injury** or **property damage** intended by, or which may reasonably be expected to result from the intentional or criminal acts or omissions of, any **insured person**, which are crimes pursuant to the Georgia Criminal Code. However, this exclusion shall not apply if such act or omission was for the preservation of life or property. This exclusion applies even if:
   a. Such **insured person** lacks the mental capacity to govern his or her conduct, to appreciate the criminal nature or wrongfulness of the act or omission or to conform his or her conduct to the requirements of the law or to form the necessary intent under the law;
   b. Such **bodily injury** or **property damage** is of a different kind or degree than intended or reasonably expected; or
   c. Such **bodily injury** or **property damage** is sustained by a different person than intended or reasonably expected.
   This exclusion applies regardless of whether such **insured person** is actually charged with, or convicted of, a crime.

9

(Exhibit A, 20).

30.

Respondent Gregory and Respondent Jerri intentionally misappropriated $1,750,000.00 of Respondent Paul's money and refused to return it to him.

31.

The misappropriate of funds could be considered theft by deception (O.C.G.A. § 16-8-3) or fraud (O.C.G.A. § 10-5-50), which are crimes pursuant to Georgia's criminal code.

32.

Because Respondent Paul's claims are excluded by the intentional/criminal act exclusion, Petitioner Allstate has no duty to provide coverage, indemnity, or a defense to Respondent Gregory or Respondent Jerri under Family Liability Protection – Coverage X in the House & Home Policy for the claims asserted against them.

**IV.** **PETITIONER ALLSTATE HAS NO DUTY TO PROVIDE COVERAGE, INDEMNITY, OR A DEFENSE TO RESPONDENT GREGORY OR RESPONDENT JERRI UNDER COVERAGE XL AND COVERAGE XP IN THE PERSONAL UMBRELLA POLICY BECAUSE THE DEFINITION OF AN OCCURRENCE IS NOT MET.**

33.

Petitioner Allstate reincorporate the allegations contained in Paragraphs 1

through 32 of this Petition as if set forth verbatim herein.

34.

The Excess Liability Insurance – Bodily Injury and Property Damage – Coverage XL in the Personal Umbrella Policy contains the following insuring agreement:

### *Excess Liability Insurance – Bodily Injury and Property Damage Coverage XL*

#### *Section 1*
Under Section 1 of this policy, **we** will pay damages which an **insured person** becomes legally obligated to pay because of **bodily injury** or **property damage** arising out of an **occurrence** that is both a loss **we** cover under **Excess Liability Insurance—Bodily Injury And Property Damage—Section 1** of this policy and a covered loss under **your** Required Underlying Insurance policy.

This section does not apply to any **occurrence** that is covered under **Excess Liability Insurance – Personal Injury**.

#### *Losses We Cover Under Excess Liability Insurance – Bodily Injury and Property Damage – Section 1*
**We** will cover an **occurrence** arising only out of:
1. Personal activities of an **insured person**.
2. A volunteer civic service which an **insured person** performs without pay, for a not-for-profit corporation and which is not a function of that person's **business.**

   Payment or reimbursement for reasonable expenses actually incurred by the **insured person** in connection with the volunteer civic service is not considered pay.

3. The duties of **your** domestic employees who are not subject to Workers Compensation Laws.

11

**We** will not cover any **occurrence** arising out of a **business** or **business property**. However, **we** will not apply this exclusion to damages which an **insured person** becomes legally obligated to pay because of **bodily injury** or **property damage** arising out of an **occurrence** that is a covered loss under the bodily injury liability or property damage liability coverage(s) of an Allstate Ride for Hire endorsement in effect and applicable at the time of the loss.

(Exhibit B, pp. 26-27).

\*\*\*

### *Section 2*

Under Section 2 of this policy, **we** will pay damages which an **insured person** becomes legally obligated to pay because of **bodily injury** or **property damage** arising only out of:

1. A covered **occurrence** for which Required Underlying Insurance is not required by this policy; or
2. A covered **occurrence** for which **you** are required by this policy to maintain Required Underlying Insurance but there is no Required Underlying Insurance in effect at the time of the **occurrence**.

**We** will not pay any punitive or exemplary damages, fines and penalties.

### *Losses We Cover Under Excess Liability Insurance – Bodily Injury and Property Damage – Section 2*

**We** will cover an **occurrence** arising only out of:

1. Personal activities of an **insured person**.
2. A volunteer civic service which an **insured person** performs without pay, for a not-for-profit corporation wand which is not a function of that person's **business.**
3. The duties of **your** employees who are not subject to Workers Compensation Laws.

(Exhibit B, p. 16).

35.

The Excess Liability Insurance – Personal Injury – Coverage XP in the Personal Umbrella Policy, contains the following insuring agreement:

### Excess Liability Insurance – Personal Injury
### Coverage XP

Under **Excess Liability Insurance – Personal Injury**, **we** will pay damages which an **insured person** becomes legally obligated to pay because of **personal injury**. **Personal injury** must arise from a covered **occurrence**.

### Losses We Cover Under Excess Liability Insurance – Personal Injury
**We** will cover an **occurrence** arising only out of:
1. Personal activities of an **insured person**.
2. A volunteer civic service which an **insured person** performs without pay, for a not-for-profit corporation and which is not a function of that person's **business**.

   Payment or reimbursement for reasonable expenses actually incurred by an **insured person** in connection with the volunteer civic service is not considered pay.

(Exhibit B, p. 20).

36.

The Personal Umbrella Policy defines an **occurrence** as "an accident during the policy period, including continued and repeated exposure to substantially the same general harmful conditions during the policy period, resulting in **bodily injury**, **personal injury** or **property damage**."  (Exhibit B, p. 12).

13

37.

Respondent Gregory and Respondent Jerri intentionally misappropriated $1,750,000.00 of Respondent Paul's money and refused to return it to him.

38.

Because Respondent Paul's claims do not meet the definition of an **occurrence**, Petitioner Allstate has no duty to provide coverage, indemnity, or a defense to Respondent Gregory or Respondent Jerri under Coverage XL and Coverage XP in the Personal Umbrella Policy for the claims asserted against them.

**V.    PETITIONER ALLSTATE HAS NO DUTY TO PROVIDE COVERAGE, INDEMNITY, OR A DEFENSE TO RESPONDENT GREGORY OR RESPONDENT JERRI UNDER COVERAGE XL AND COVERAGE XP IN THE PERSONAL UMBRELLA POLICY BECAUSE THE DEFINITIONS OF BODILY INJURY, PROPERTY DAMAGE, AND PERSONAL INJURY ARE NOT MET.**

39.

Petitioner Allstate reincorporate the allegations contained in Paragraphs 1 through 38 of this Petition as if set forth verbatim herein.

40.

The Personal Umbrella Policy defines **bodily injury** as:

1. **Bodily injury** means:
   a) physical harm to the body, including sickness, disease, disability or death resulting from physical harm to the body;
   b) shock, mental anguish or mental injury.
   **Bodily injury** does not include:

    a)  any harm resulting from:
- i)  false arrest, false imprisonment, wrongful detention;
- ii) wrongful entry, invasion of rights of occupancy, wrongful eviction; or
- iii) libel, slander, humiliation, defamation of character, invasion of rights of privacy.

    b)  i)  any venereal disease;
- ii) Herpes;
- iii) Acquired Immune Deficiency Syndrome (AIDS);
- iv) AIDS related complex (ARC); or
- v)  Human Immunodeficiency Virus (HIV);

or any related or resulting symptom, effect, condition, disease or illness related to c) i) through v) above.

    c)  any harm arising directly or indirectly out of the transmission of, threat of, or fear of transmission of, a communicable disease or sickness by an **insured person**.

    d)  any harm arising from actual, alleged, or threatened sexual harassment, sexual molestation or physical or mental abuse by an **insured person**.

(Exhibit B, p. 25).

41.

The Personal Umbrella Policy defines **property damage** as "physical harm to or destruction of tangible property, including loss of its use resulting from such physical harm or destruction."  (Exhibit B, p. 12).

42.

The Personal Umbrella Policy defines **personal injury** as harm resulting from:

    a)  false arrest; false imprisonment; wrongful detention;

    b)  wrongful entry; invasion of rights of occupancy;

15

   c) libel; slander; humiliation; defamation of character; invasion of
      rights of privacy.

Fines and penalties imposed by law are not included.

(Exhibit B, p. 12).

43.

Respondent Paul does not allege physical harm to his body.

44.

Respondent Paul does not allege physical injury to or destruction of tangible property.

45.

Respondent Paul does not allege harm resulting from false arrest, false imprisonment, wrongful detention, wrongful entry, invasion of rights of occupancy, libel, slander, humiliation, defamation of character, or invasion of rights of privacy.

46.

Because Respondent Paul's claims do not meet the definition of **bodily injury**, **property damage**, or **personal injury**, Petitioner Allstate has no duty to provide coverage, indemnity, or a defense to Respondent Gregory or Respondent Jerri under Coverage XL and Coverage XP in the Personal Umbrella Policy for the claims asserted against them.

16

**VI.  PETITIONER ALLSTATE HAS NO DUTY TO PROVIDE COVERAGE, INDEMNITY, OR A DEFENSE TO RESPONDENT GREGORY OR RESPONDENT JERRI UNDER COVERAGE XL AND COVERAGE XP IN THE PERSONAL UMBRELLA POLICY BECAUSE THE INTENTIONAL ACT EXCLUSIONS APPLY.**

47.

Petitioner Allstate reincorporate the allegations contained in Paragraphs 1 through 46 of this Petition as if set forth verbatim herein.

48.

The Excess Liability Insurance – Bodily Injury and Property Damage – Coverage XL in the Personal Umbrella Policy contains the following intentional act exclusion:

> 13. To **bodily injury** or **property damage** intended by, or which may reasonably be expected to result from the intentional or criminal acts or omissions of, any **insured person**, unless the intentional act or omission was committed to protect life or property. This includes any **bodily injury** or **property damage** arising out of a violation of a penal law or ordinance committed by or with the consent or knowledge of an **insured person**. This exclusion applies even if:
> a) such **insured person** lacks the mental capacity to govern his or her conduct;
> b) such **bodily injury** or **property damage** is of a different kind or degree than that intended or reasonably expected; or
> c) such **bodily injury** or **property damage** is sustained by a different person than intended or reasonably expected.
>
> This exclusion applies regardless of whether or not such **insured person** is actually charged with, or convicted of, a crime.

(Exhibit B, p. 27).

17

49.

The Excess Liability Insurance – Personal Injury – Coverage XP in the Personal Umbrella Policy contains the following intentional act exclusion:

12. To **personal injury** intended by, or which may reasonably be expected to result from the intentional acts or omissions of, any **insured person** unless the intentional act was committed to protect life or property. This exclusion applies even if:
   a) such **insured person** lacks the mental capacity to govern his or her conduct;
   b) such **personal injury** is of a different kind or degree than that intended or reasonably expected; or
   c) such **personal injury** is sustained by a different person than intended or reasonably expected.

(Exhibit B, p. 28).

50.

Respondent Gregory and Respondent Jerri intentionally misappropriated $1,750,000.00 of Respondent Paul's money and refused to return it to him.

51.

Because the intentional act exclusions apply to Respondent Paul's claim, Petitioner Allstate has no duty to provide coverage, indemnity, or a defense to Respondent Gregory or Respondent Jerri under Coverage XL and Coverage XP in the Personal Umbrella Policy for the claims asserted against them.

## VII. PETITIONER ALLSTATE HAS NO DUTY TO PROVIDE COVERAGE, INDEMNITY, OR A DEFENSE TO RESPONDENT GREGORY OR RESPONDENT JERRI UNDER COVERAGE XL AND COVERAGE XP IN THE PERSONAL UMBRELLA POLICY BECAUSE THE CRIMINAL ACT EXCLUSIONS APPLY.

52.

Petitioner Allstate reincorporate the allegations contained in Paragraphs 1 through 51 of this Petition as if set forth verbatim herein.

53.

The Excess Liability Insurance – Bodily Injury and Property Damage – Coverage XL in the Personal Umbrella Policy contains the following criminal act exclusion:

> 27. to **bodily injury** or **property damage** resulting from:
> a) any willful act of omission committed by an **insured person** or committed with the knowledge or consent of an **insured person**, which is a crime pursuant to the Georgia criminal code. However, this exclusion shall not apply if such act of omission was for the preservation of life or property; or
> b) an act of omission which is criminal in nature and committed by an **insured person** who lacked the mental capacity to appreciate the criminal nature or wrongfulness of the act of omission or to conform his or her conduct to the requirements of the law or to form the necessary intent under the law.
> A judgment of conviction or acquittal rendered in a criminal prosecution, or the fact that an insured is not actually charged with a crime, shall not affect the applicability of Exclusion 13. of the policy.

(Exhibit B, p. 28).

19

54.

Excess Liability Insurance – Personal Injury – Coverage XP in the Personal

Umbrella Policy contains the following criminal act exclusion:

13. To **personal injury** arising out of, or which may reasonably be
expected to result from, the criminal acts of any **insured person**.
This includes any **personal injury** arising out of a violation of a
penal law or ordinance committed by or with the consent or
knowledge of an **insured person**. This exclusion applies even if:
a) such **insured person** lacks the mental capacity to govern his or
   her conduct;
b) such **personal injury** is of a different kind or degree than that
   intended or reasonably expected; or
c) such **personal injury** is sustained by a different person than
   intended or reasonably expected.

This exclusion applies regardless of whether or not such **insured
person** is actually charged with, or convicted of, a crime.

(Exhibit B, p. 21).

55.

The misappropriation of funds could be considered theft by deception

(O.C.G.A. § 16-8-3) or fraud (O.C.G.A. § 10-5-50), which are crimes pursuant to

Georgia's criminal code.

56.

Because the criminal act exclusions apply, Petitioner Allstate has no duty to

provide coverage, indemnity, or a defense to Respondent Gregory or Respondent

Jerri under Coverage XL and Coverage XP in the Policy for the claims asserted

against them.

## PRAYER FOR RELIEF

WHEREFORE, Petitioner Allstate prays:

1.  That process be issued as required by law and that Respondents be served with a copy of the Summons and Petition for Declaratory Judgment;

2. That the Court issue a declaration that Petitioner Allstate is not obligated to provide coverage, indemnity, or a defense to Respondent Gregory or Respondent Jerri under the Family Liability Protection - Coverage X of the House & Home Policy for the claims arising out of the March 23, 2019, incident described herein;

3. That the Court issue a declaration that Petitioner Allstate is not obligated to provide coverage, indemnity, or a defense to Respondent Gregory or Respondent Jerri under the Excess Liability Insurance – Bodily Injury and Property Damage – Coverage XL and Excess Liability Insurance – Personal Injury – Coverage XP of the Personal Umbrella Policy for the claims arising out of the March 23, 2019, incident described herein;

4. For a trial by jury on all issues; and

5. For such other and further relief as the Court deems just and proper.

Respectfully submitted, this 15th day of March 2023.

COPELAND, STAIR, VALZ & LOVELL, LLP

191 Peachtree Street NE, Suite 3600
P.O. Box 56887 (30343-0887)
Atlanta, Georgia 30303-1740
Phone: 404-522-8220
Fax: 404-523-2345
rdixon@csvl.law
jemory@csvl.law

By:   */s/ Jena G. Emory*
      RYAN D. DIXON
      State Bar No.: 859300
      JENA G. EMORY
      State Bar No.: 178454

      *Attorneys for Petitioner Allstate*