UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

Filed in U.S. Bankruptcy Court
Atlanta, Georgia

FEB 2 7 2023

By: M. Regina Thomas, Clerk
       Deputy Clerk

| | |
|---|---|
| In Re: KAREN ANNE MITCHELL-SMITH, ) <br> ) <br> Debtor ) | Case No. 21-57646-WLH <br> Chapter 7 |
| EDWIN K. PALMER as TRUSTEE for the ) <br> ESTATE of KAREN MITCHELL-SMITH, ) <br> ) <br> Plaintiff ) <br> v. ) <br> JOHN VOGEL, ) <br> ) <br> Defendant ) | Adversary Proceeding <br> Case No. 22-05129-WLH |

# NOTICE OF APPEAL AND STATEMENT OF ELECTION

## Part 1: Identify the appellant(s)

1. Name(s) of appellant(s):  **JOHN KANIA MITCHELL VOGEL,
a/k/a JOHN K. VOGEL**

2. Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

   For appeals in an adversary proceeding.

   ☒ Plaintiff

   θ Defendant

   θ Other (describe) _____

For appeals in a bankruptcy case and not in an adversary proceeding.

θ Debtor

θ Creditor

θ Trustee

θ Other (describe) _____

## Part 2: Identify the subject of this appeal

1. Describe the judgment, order, or decree appealed from:

   **ORDER AND JUDGMENT GRANTING MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS** (Copies Attached)

2. State the date on which the judgment, order, or decree was entered:

   **FEBRUARY 16, 2023**

## Part 3: Identify the other parties to the appeal

List the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their attorneys (attach additional pages if necessary):

1. Party: **EDWIN K. PALMER, PLAINTIFF**

   Attorney: **W. RUSSELL PATTERSON, ESQ.**

   **c/o RAGSDALE, BEALS, SEIGLER, PATTERSON, & GRAY, LLP**

   **229 PEACHTREE STREET, N.E., SUITE 2400**

   **ATLANTA, GEORGIA 30303-1629**

   **wrpjr@rbspg.com**

   **404-588-0500**

2. Party: **JOHN KANIA MITCHELL VOGEL, a/k/a JOHN K. VOGEL, DEFENDANT**

   Attorney: **N/A. APPEARING *PRO SE***

## Part 4: Optional election to have appeal heard by District Court (applicable only in certain districts)

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court. If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below. Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

☒ Appellant(s) elect to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

## Part 5: Sign below

_John Mitchell Vogel_     Date: **February 24, 2023**

Signature of attorney for appellant(s)

(or appellant(s) if not represented by an attorney)


Name, address, and telephone number of attorney

(or appellant(s) if not represented by an attorney):

**JOHN KANIA MITCHELL VOGEL, a/k/a JOHN K. VOGEL,**

**211 EAST LOMBARD STREET**

**BALTIMORE, MARYLAND 21202**

**571-397-9862**


Fee waiver notice: If appellant is a child support creditor or its representative and appellant has filed the form specified in § 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.

[Note to inmate filers: If you are an inmate filer in an institution and you seek the timing benefit of Fed. R. Bankr. P. 8002(c)(1), complete Director's Form 4170 (Declaration of Inmate Filing) and file that declaration along with the Notice of Appeal.

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| In Re: KAREN ANNE MITCHELL-SMITH, ) <br> ) <br> Debtor ) | Case No. 21-57646-WLH <br> Chapter 7 |
| EDWIN K. PALMER as TRUSTEE for the ) <br> ESTATE of KAREN MITCHELL-SMITH, ) <br> ) <br> Plaintiff ) <br> v. ) <br> JOHN VOGEL, ) <br> ) <br> Defendant ) | Adversary Proceeding <br> Case No. 22-05129-WLH |

## CERTIFICATE OF SERVICE

I, the undersigned, appearing *pro se*, hereby certifies under penalty of perjury that I am, and at all times hereinafter mentioned, was more than 18 years of age, and that on or about the 25th day of February, 2023, I had a copy of the preceding NOTICE OF APPEAL AND STATEMENT OF ELECTION, which will be filed in the bankruptcy matter on the 27th day of February, 2023, to be served upon the following:

Mode of service (check one):    ✓ MAILED      _____ HAND DELIVERED

**Debtor Appearing *Pro Se*:**

KAREN ANNE MITCHELL-SMITH
1740 Hudson Bridge Road, #1151
Stockbridge, Georgia 30228
karenmitchellsmith@yahoo.com
571-397-9862

**Trustee:**
EDWIN K. PALMER
P.O. Box 1284
Decatur, Georgia 30031
ekpalmerlaw@aol.com
404-479-4449

**Trustee's Counsel:**

W. RUSSELL PATTERSON, ESQ.

c/o Ragsdale, Beals, Seigler, Patterson, & Gray, LLP

229 Peachtree Street, N.E.

Suite 2400

Atlanta, Georgia 30303-1629

wrpjr@rbspg.com

404-588-0500

I CERTIFY UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE.

**DATED:**   February 25, 2023

_____
**JOHN VOGEL**
211 East Lombard Street
Baltimore, Maryland 21202
**Appellant Appearing *Pro Se***

**IT IS ORDERED as set forth below:**

**Date: February 16, 2023**

*Wendy L. Hagenau*
Wendy L. Hagenau
U.S. Bankruptcy Court Judge

---

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 21-57646-WLH |
| KAREN ANNE MITCHELL-SMITH, | CHAPTER 7 |
| Debtor, | |
| EDWIN K. PALMER, AS TRUSTEE FOR THE ESTATE OF KAREN ANNE MITCHELL-SMITH, | ADVERSARY PROCEEDING NO. 22-5129-WLH |
| Plaintiff, | |
| v. | |
| JOHN KANIA MITCHELL VOGEL A/K/A JOHN K. VOGEL, | |
| Defendant. | |

**JUDGMENT**

1

Pursuant to the Court's order entered contemporaneously herewith, **JUDGMENT IS ENTERED** in favor of Plaintiff as to the GA Property.

### END OF ORDER

**Distribution List**

Karen Ann Mitchell-Smith
1740 Hudson Bridge Road, #1151
Stockbridge, GA 30281

John Kania Mitchell Vogel a/k/a
John K. Vogel
211 East Lombard Street
Baltimore, MD 21202

John Kania Mitchell Vogel
23 E. Linden St.
Alexandria, VA 22301

William Russell Patterson, Jr.
Ragsdale, Beals, Seigler, Patterson & Gray LLP
229 Peachtree Street, N.E., Suite 2400
Atlanta, GA 30303-1629

Edwin K. Palmer
P.O. Box 1284
Decatur, GA 30031

**IT IS ORDERED as set forth below:**

**Date: February 16, 2023**

*Wendy L. Hagenau*

Wendy L. Hagenau
U.S. Bankruptcy Court Judge

---

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 21-57646-WLH |
| KAREN ANNE MITCHELL-SMITH, | CHAPTER 7 |
| Debtor, | |
| EDWIN K. PALMER, AS TRUSTEE FOR THE ESTATE OF KAREN ANNE MITCHELL-SMITH, | ADVERSARY PROCEEDING NO. 22-5129-WLH |
| Plaintiff, | |
| v. | |
| JOHN KANIA MITCHELL VOGEL A/K/A JOHN K. VOGEL, | |
| Defendant. | |

**ORDER GRANTING MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**

**THIS MATTER** is before the Court on Plaintiff's Motion for Partial Judgment on the Pleadings (Doc. No. 19) (the "Motion"). Plaintiff filed the complaint on September 9, 2022 seeking to sell jointly held property pursuant to section 363(h) of the Bankruptcy Code. The complaint alleges the Debtor (and therefore the bankruptcy estate) has an interest in real property at 41 Rosedale Trace, Hampton, Georgia 30228 (the "GA Property"), which is co-owned with Debtor's son, John K. Vogel, who is the Defendant in this adversary proceeding. The GA Property was partially destroyed by a fire before the Debtor filed bankruptcy. The estate also has an interest in real property at 23 E. Linden St., Alexandria, Virginia 22301 (the "VA Property"), which is also co-owned with Defendant. Both the GA Property and the VA Property are single-family residences. The complaint seeks relief as to both properties. On November 14, 2022, Defendant filed a "Response to Trustee's Complaint to Sell Jointly Held Property Pursuant to 11 U.S.C. § 363" (Doc. No. 8), which will be discussed further below.

Plaintiff filed the Motion on February 1, 2023. In the Motion, Plaintiff seeks a partial judgment on the pleadings so that he may sell the GA Property pursuant to section 363; the Motion does not seek relief as to the VA Property. No responses were filed. Although the Motion is deemed unopposed pursuant to Bankruptcy Local Rule 7007-1(c), the Court must determine the propriety of granting the motion. Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975). Having read and considered the Motion, the Court finds judgment is appropriate as to the GA Property.

Judgment on the Pleadings Standard

Bankruptcy Rule 7012(b) makes Federal Rule 12(c) applicable in adversary proceedings. Civil Rule 12(c), regarding judgment on the pleadings, provides: "After the pleadings are closed– but early enough not to delay trial–a party may move for judgment on the pleadings." Fed. R. Civ.

P. 12(c). If no counterclaim or crossclaim is included in the answer, the pleadings will consist of the complaint and the answer and will then be closed. After closing of the pleadings, any party may make a motion for judgment on the pleadings. Fed. R. Civ. P. 12(c).

Judgment on the pleadings is appropriate when no material facts are in dispute and, considering the substance of the pleadings and judicially noticed facts, the moving party is entitled to judgment as a matter of law. Horsley v. Rivera, 292 F.3d 695, 700 (11th Cir. 2002); Cannon v. City of West Palm Beach, 250 F.3d 1299, 1301 (11th Cir. 2001). "[T]he central issue is whether . . . the complaint states a valid claim for relief." Hughes v. Tobacco Inst., Inc., 278 F.3d 417, 420 (5th Cir. 2001) (citations omitted). Although the Court must accept the factual allegations in the pleadings as true, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007).

In considering a motion for judgment on the pleadings, the Court generally cannot consider matters outside the pleadings without converting the motion to a motion for summary judgment. See Fed. R. Civ. P. 12(d). However, under the Federal Rules of Civil Procedure, exhibits are part of the pleading "for all purposes." Fed. R. Civ. P. 10(c); see Griffin Indus. v. Irvin, 496 F.3d 1189, 1205 (11th Cir. 2007). In considering a Rule 12(c) motion, a court may also take judicial notice of matters of public record without converting the motion into one for summary judgment. U.S. v. Wood, 925 F.2d 1580, 1582 (7th Cir. 1991).

Analysis

The complaint alleges the GA Property is a single-family residence that has been partially destroyed by fire. Plaintiff further alleges partition in kind of the GA Property between Plaintiff and Defendant is impracticable; sale of the estate's undivided interest in the GA Property would realize significantly less for the estate than the sale of the GA Property free and clear of

Defendant's interest because Plaintiff cannot sell one-half of a jointly owned single-family residence; sale of the GA Property may provide funds for a 100% distribution for the estate and the benefit to the estate of the sale of the GA Property free and clear of Defendant's interest outweighs the detriment to the Defendant of the sale; and the GA Property is not used in the production, transmission, or distribution, for sale of electric energy or of natural or synthetic gas for heat, light, or power.

Defendant filed a "Response" to the complaint in which he stated he has "NEVER resided" at the GA Property. Defendant did not, however, specifically admit or deny the allegations in the complaint. Federal Rule of Civil Procedure 8(b), made applicable to this proceeding by Bankruptcy Rule 7008, governs how a party is to respond to a pleading. In pertinent part, the party must "admit or deny the allegations asserted against it[.]" Fed. R. Civ. P. 8(b)(1)(B); Fed. R. Bankr. P. 7008. "An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied." Fed. R. Civ. P. 8(b)(6). A response is always deemed required to the allegations of a complaint. In re Richner, 2018 WL 1165759, at *2 (Bankr. M.D. Pa. Mar. 1, 2018) (citing Fed. R. Civ. P. 12(a)(1)(A); Fed. R. Bankr. P. 7012(a)). Defendant was required to respond to the factual allegations in the complaint; he did not. Accordingly, the responses put forth by Defendant were insufficient under the pleading requirement of Federal Rule of Civil Procedure 8, and the allegations in the complaint are deemed admitted.

Plaintiff seeks relief pursuant to section 363(h) of the Bankruptcy Code, which provides a trustee may sell both the estate's interest in property and a co-owner's interest if the following four conditions are met:

> (1) partition in kind of such property among the estate and such co-owners is impracticable;
> (2) sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners;

4

(3) the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners; and

(4) such property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

11 U.S.C. §§ 363(f), (h). Every requirement must be satisfied, and the trustee carries the burden of proof with respect to all of the section 363(h) requirements. Pullen v. Love (In re Pullen), 2013 WL 5591919, *10 (Bankr. N.D. Ga. Aug. 7, 2013). The Court finds no material facts are in dispute with regard to the GA Property as to any of these conditions.

First, partition of the GA Property between the estate and Defendant is impracticable. "Where property is a single-family residence, there is no practicable manner of partition other than a sale and division of the proceeds." Pullen, 2013 WL 5591919, at *11; see also In re Ivey, 10 B.R. 230, 232 (Bankr. N.D. Ga. 1981) (finding the first condition satisfied where the property was a residence and the co-owners were divorced). The GA Property is a single-family home and partition in kind of the GA Property is not practicable. Defendant has not disputed this allegation. Accordingly, the first requirement is satisfied as to the GA Property.

Second, Plaintiff must prove the sale of the estate's one-half interest in the GA Property would recognize significantly less value for the estate than the sale of the property free of the defendant's interest. Defendant has not disputed this contention. "It is widely accepted that a sale of a single-family residence subject to a co-owner's one-half interest in such property 'chills any prospective purchase of the estate's one-half interest,' and the estate would realize more value from the sale of the co-owner's interest along with that of the estate." Pullen, 2013 WL 5591919, at *11 (citations omitted). Because the GA Property is a single-family residence, a sale of the GA Property would realize significantly less for the estate than sale of the GA Property free of Defendant's interest, so the second element of section 363(h) is met as to the GA Property.

Third, Plaintiff must prove the benefit to the estate of a sale of the GA Property free of the Defendant's interest outweighs the detriment to the Defendant. This prong requires a balancing of the estate's benefit and the co-owner's detriment, but it does not require the estate's benefit to significantly exceed the co-owner's detriment. Pullen, 2013 WL 5591919, at *11. Although the trustee bears the burden of proof on this element, his "initial burden . . . is simply to show that a sale free of the interests of the debtor's co-owners will produce a benefit to the estate" and, "[o]nce that burden is met, the defendants must come forward with evidence of detriment." Ogier v. Atwater (In re Quinones), 2017 WL 4271103, at *5 (Bankr. N.D. Ga. Sep. 22, 2017) (citing In re Jenkins, 347 B.R. 77, 86 (Bankr. N.D. Ill. 2006)). Plaintiff alleges selling the GA Property would result in a benefit to the estate and could provide funds to satisfy all of the claims in the Debtor's bankruptcy case. Defendant does not dispute this allegation in his "Response."

In considering the detriment to a co-owner, the Court must consider the economic and non-economic factors. The Court must consider "not only economic hardship, but also any loss, harm, injury, or prejudice proximately following from an involuntary displacement." Pullen, 2013 WL 5591919, at *12. The detriment to a co-owner may be significant where a sale would displace the co-owner from her residence or otherwise result in serious hardship. In re Ocean Blue Leasehold Prop., LLC, 2008 WL 652113 (Bankr. S.D. Fla. Mar. 7, 2008). Defendant has not produced any evidence of a hardship if the GA Property is sold, and he would not be displaced in a sale as he does not currently reside in the GA Property, which was damaged by fire. He states in his "Response" that he has never lived at the GA Property.

Further, Defendant has a safeguard—he can purchase the estate's interest in the GA Property. Section 363(i) mitigates any potential economic or emotional detriment because it provides Defendant a right of first refusal before Plaintiff can consummate a sale of the GA

Property under section 363(h). Quinones, 2017 WL 4271103, at *5 (citing 11 U.S.C. § 363(i) ("Before the consummation of a sale of property to which subsection (g) or (h) of [§ 363] applies, . . . the . . . co-owner of such property . . . may purchase such property at the price at which such sale is to be consummated.")). Accordingly, the Court finds the benefit to the estate of a sale of the GA Property free of Defendant's interest outweighs any detriment to Defendant. Plaintiff has satisfied the third factor of section 363(h) as to the GA Property.

Fourth, Plaintiff alleges, and Defendant does not contest, the GA Property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power. The final factor of section 363(h) is therefore met as to the GA Property.

The Trustee has met his burden and satisfied all of the requirements of section 363(h) as to the GA Property. Accordingly, the Trustee is authorized to sell both the estate's interest and Defendant's interest in the GA Property pursuant to section 363(h), provided any contract to sell is subject to Court approval, after notice and a hearing, and all liens and ownership interests will attach to the proceeds of the sale.

Finality

Plaintiff asks the Court to determine there is no just reason for delay and make the judgment as to the GA Property final pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, made applicable to these proceedings by Bankruptcy Rule 7054. Fed. R. Civ. P. 54(b) governs the certification of judgments as final, stating in relevant part "[w]hen an action presents more than one claim for relief...the court may direct entry of a final judgment as to one or more, but fewer than all, claims . . . only if the court expressly determines that there is no just reason for delay." To make a determination under Rule 54(b), courts must engage in a two-step process: first, making

a determination that a "final judgment" has been entered, and second, finding that there is no just reason to delay certification of the final judgment. See Curtiss–Wright Corp. v. General Elec. Co., 446 U.S. 1, 7–8 (1980); see also Lloyd Noland Found., Inc. v. Tenet Health Care Corp., 483 F.3d 773, 777 (11th Cir. 2007); In re Thadikamalla, 2012 WL 7009639, at *1 (Bankr. N.D. Ga. Dec. 18, 2012).

To qualify as a final judgment, "[i]t must be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" Curtiss–Wright Corp., 446 U.S. at 7 (quoting Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 436 (1956)). In other words, the judgment must fully dispose of a substantive claim that is separable from other claims in the proceeding. In re Douglas Asphalt Co., 2012 WL 423784, at *3 (Bankr. S.D. Ga. Jan. 13, 2012). "Claims are separable when . . . different sorts of relief are sought." In re Southeast Banking Corp., 69 F.3d 1539, 1547 (11th Cir. 1995).

Plaintiff's complaint seeks relief as to two separate properties: the GA Property and the VA Property. The judgment in favor of Plaintiff as to the GA Property is the ultimate disposition of all Plaintiff's claims as to the GA Property, and those claims are independent of Plaintiff's remaining claims as to the VA Property; therefore the Court finds the judgment as to the GA Property qualifies as a final judgment for the purpose of Rule 54(b).

The Court must next determine whether there is any just reason for delay. In making its determination, a court "must take into account judicial administrative interests as well as the equities involved." Curtiss–Wright Corp., 446 U.S. at 8. "Consideration of the former is necessary to assure that the application of the Rule effectively 'preserves the historic federal policy against piecemeal appeals.'" Id. (quoting Mackey, 351 U.S. at 438); see also Ebrahimi v. City of

Huntsville Bd. of Educ., 114 F.3d 162, 167 (11th Cir. 1997) ("The federal concept of sound judicial administration and efficiency will not normally be furthered by [having piecemeal appeals]."). Here, the claim as to the GA Property is separate from the claim that remains pending as to the VA Property, and the factual distinctions of the remaining claim are such that the same issues would not have to be decided more than once if appealed separately from the judgment as to the GA Property. Further, any appeal of the judgment as to the GA Property will not disturb or prejudice the remaining claim as to the other property. The Court also finds that the equities favor entry of a final judgment. Once the findings in favor of Plaintiff as to the GA Property are finalized, Plaintiff can proceed to sell the GA Property to satisfy the claims against the Debtor's estate; it would be prejudicial to the estate to wait for a claim against an unrelated property to be resolved. Moreover, if sale of the GA Property satisfies the claims in this case, Plaintiff will not need to proceed with the complaint as to the VA Property. Therefore, the Court finds there is no just reason for delaying the certification of the judgement as to the GA Property as final pursuant to Rule 54(b).

Conclusion

Accordingly, for the reasons stated above,

**IT IS ORDERED** that the Motion is **GRANTED**. Judgment in favor of Plaintiff as to the GA Property will be entered by separate order.

**IT IS FURTHER ORDERED** that the judgment as to the GA Property is certified as a final order pursuant to Fed. R. Bankr. P. 7054 and Fed. R. Civ. P. 54(b).

**END OF ORDER**

**Distribution List**

Karen Ann Mitchell-Smith
1740 Hudson Bridge Road, #1151
Stockbridge, GA 30281

John Kania Mitchell Vogel a/k/a
John K. Vogel
211 East Lombard Street
Baltimore, MD 21202

John Kania Mitchell Vogel
23 E. Linden St.
Alexandria, VA 22301

William Russell Patterson, Jr.
Ragsdale, Beals, Seigler, Patterson & Gray LLP
229 Peachtree Street, N.E., Suite 2400
Atlanta, GA 30303-1629

Edwin K. Palmer
P.O. Box 1284
Decatur, GA 30031

```
U. S. BANKRUPTCY COURT / NORTHERN DISTRICT OF GEORGIA / ATLANTA DIVISION

RECEIPT #01270777 (RS) OF 02/28/2023   -- REPRINTED 02/28/2023 AT 10:28 AM


ITEM  CODE  CASE              QUANTITY                   AMOUNT    BY

  1    AP   22-05129             1                     $ 298.00   Check/MO
            Judge  - Wendy L. Hagenau
            Debtor - KAREN ANNE MITCHELL-SMITH


TOTAL:                                                 $ 298.00


FROM: John Kavia Mitchell Vogel
      211 East Lombard Street, #192
      Baltimore, MD 21202
```

Page 1 of 1




