Filed in U.S. Bankruptcy Court
Atlanta, Georgia

FEB 2 7 2023

By: M. Regina Thomas, Clerk
    Deputy Clerk

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | |
|---|---|
| In Re: KAREN ANNE MITCHELL-SMITH,<br><br>Debtor | Case No. 21-57646-WLH<br>Chapter 7 |
| EDWIN K. PALMER as TRUSTEE for the ESTATE of KAREN MITCHELL-SMITH,<br><br>Plaintiff<br><br>v.<br><br>JOHN VOGEL,<br><br>Defendant | Adversary Proceeding<br>Case No. 22-05129-WLH |

## DEFENDANT JOHN VOGEL'S
## MOTION FOR RECONSIDERATION AND/OR REHEARING

COMES NOW John Vogel (hereinafter referred to as "Defendant"), appearing pro se, and files this Motion for Reconsideration and/or Rehearing. Defendant's explanation to support this request is as follows:

1.

There are significant legal grounds or extraordinary facts or circumstances that justify the Court's reconsideration of the Judgment and Order Granting Motion for Partial Judgment on the Pleadings dated February 16, 2023.

2.

During the January 19, 2023 preliminary hearing, Judge Hagenau denied Plaintiff's Attorney's oral Motion for Judgment on the Pleadings. Judge Hagenau's reasoning in denying Plaintiff's Motion at that time was that it was unfair to Defendant to deny him a formal opportunity to respond and be heard accordingly.

3.

On January 31, 2023, Defendant and Plaintiff's attorney reached a preliminary understanding whereby Defendant would purchase Debtor Karen Anne Mitchell Smith's interest in the property located at 41 Rosedale Trace in Hampton, Georgia.

4.

Despite such significant progress, Plaintiff, without warning, filed a Motion for Partial Judgement on the Pleadings a little over 24 hours later, on February 1, 2023.

5.

On February 2, 2023, Defendant, sensing bad faith on the part of Plaintiff's attorney, mailed to the Court as well as to the other parties via first class mail, postage-prepaid his Supplemental Response and Answer to Trustee's Complaint to Sell Jointly Held Property (copy attached). In this Supplemental Response and Answer, Defendant asked for a hearing on this matter. This Supplemental Response and Answer should have been docketed by the Court on or about February 6, 2023.

6.

It does not appear that the attached Defendant John Vogel's Supplemental Response and Answer to Trustee's Complaint was considered in making the Judgement and Order dated

February 16, 2023 as its contents are not referenced. Nor is this pleading present on the docket sheet for this case.

7.

In light of these circumstances, Plaintiff was denied the opportunity to refute Plaintiff's allegations and to be heard accordingly.

WHEREFORE, Movant respectfully PRAYS:

a) That the Court reconsider its ruling;

b) That the matter be reset for hearing; and

c) That Movant be granted such other relief as the Court deems just and proper.

Respectfully submitted,

JOHN VOGEL
211 East Lombard Street
Baltimore, Maryland 21202
571-397-9862
**Defendant Appearing *Pro Se***

Date:   February 25, 2023

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | |
|---|---|
| In Re: KAREN ANNE MITCHELL-SMITH, )<br>)<br>Debtor ) | Case No. 21-57646-WLH<br>Chapter 7 |
| EDWIN K. PALMER as TRUSTEE for the )<br>ESTATE of KAREN MITCHELL-SMITH, )<br>)<br>Plaintiff )<br>v. )<br>JOHN VOGEL, )<br>)<br>Defendant ) | Adversary Proceeding<br>Case No. 22-05129-WLH |

**CERTIFICATE OF SERVICE**

I, the undersigned, appearing *pro se*, hereby certifies under penalty of perjury that I am, and at all times hereinafter mentioned, was more than 18 years of age, and that on or about the 25th day of February, 2023, I had a copy of the preceding MOTION FOR RECONSIDERATION AND/OR REHEARING, which will be filed in the bankruptcy matter on the 27th day of February, 2023, to be served upon the following:

Mode of service (check one):  ✓ ____ MAILED     ____ HAND DELIVERED

**Debtor Appearing *Pro Se*:**
KAREN ANNE MITCHELL-SMITH
1740 Hudson Bridge Road, #1151
Stockbridge, Georgia 30228
karenmitchellsmith@yahoo.com
571-397-9862

**Trustee:**
EDWIN K. PALMER
P.O. Box 1284
Decatur, Georgia 30031
ekpalmerlaw@aol.com
404-479-4449


**Trustee's Counsel:**
W. RUSSELL PATTERSON, ESQ.
c/o Ragsdale, Beals, Seigler, Patterson, & Gray, LLP
229 Peachtree Street, N.E.
Suite 2400
Atlanta, Georgia 30303-1629
wrpjr@rbspg.com
404-588-0500


I CERTIFY UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE.

**DATED:**  February 25, 2023

_____
JOHN VOGEL
211 East Lombard Street
Baltimore, Maryland 21202
571-397-9862
**Defendant Appearing _Pro Se_**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | |
|---|---|
| In Re: KAREN ANNE MITCHELL-SMITH,<br><br>Debtor | Case No. 22-05129-wlh<br>Chapter 7<br>Adversary Proceeding |
| EDWIN K. PALMER as TRUSTEE for the<br>ESTATE of KAREN MITCHELL-SMITH,<br><br>Plaintiff<br>v.<br>JOHN VOGEL,<br><br>Defendant | |

## DEFENDANT JOHN VOGEL'S SUPPLEMENTAL RESPONSE AND ANSWER TO TRUSTEE'S COMPLAINT TO SELL JOINTLY HELD PROPERTY PURSUANT TO 11 U.S.C. § 363

COMES NOW Respondent John Vogel (hereinafter referred to as "Defendant"), appearing *pro se*, and for his Supplemental Response and Answer to Trustee's Complaint to Sell Jointly Held Property Pursuant to 11 U.S.C. § 363 states as follows:

1. Paragraph 1 appears to be a series of statements on the part of Plaintiff. To the extent a response is required by Defendant, the allegations are denied, and strict proof is demanded.

2. Paragraph 2 appears to be a series of statements on the part of Plaintiff. To the extent a response is required by Defendant, the allegations are denied, and strict proof is demanded.

3. Paragraph 3 appears to be a statement on the part of Plaintiff. To the extent a response is required by Defendant, the allegations are denied, and strict proof is demanded.

4. Paragraph 4 appears to be a statement on the part of Plaintiff. To the extent a response is required by Defendant, the allegations are denied, and strict proof is demanded.

5. Paragraph 5 appears to be a statement on the part of Plaintiff. To the extent a response is required by Defendant, the allegations are denied, and strict proof is demanded.

6. Defendant Vogel denies the allegations, as phrased, contained in Paragraph 6 of the Complaint. Defendant has not lived at 23 East Linden Street in Alexandria, Virginia since June 2019 and has never resided at 41 Rosedale Trace in Hampton, Georgia.

7. Defendant denies the allegations, as phrased, contained in Paragraph 7.

8. Defendant denies the allegations, as phrased, contained in Paragraph 8.

9. Defendant denies the allegations, as phrased, contained in Paragraph 9.

10. Defendant denies the allegations, as phrased, contained in Paragraph 10. In October 2017, there was a fire at the property located at 41 Rosedale Trace in Hampton, Georgia,

but Defendant has spent much time, effort and money restoring the property since that time. If the property were ever to be sold, Defendant expects to be compensated accordingly.

11. Defendant admits the allegation contained in Paragraph 11.

12. Paragraph 12 appears to be a series of statements on the part of Plaintiff. To the extent a response is required by Defendant, the allegations are denied, and strict proof is demanded.

13. Defendant denies the allegations contained in Paragraph 10. Defendant has in no way acted in "bad faith". Moreover, prior to the filing of the Trustee's Complaint, Defendant had at no time been involved in any prior litigation with Plaintiff. Therefore, to claim that Defendant has been "stubbornly litigious" is absolutely incredulous.

14. Moreover, if any party has been acting in "bad faith" and been "stubbornly litigious", it has been Plaintiff through his attorney, W. Russell Patterson, Jr. This past Tuesday, January 31, 2023, Defendant and Mr. Patterson reached am agreement in principal for Defendant to purchase Debtor Karen Mitchell-Smith's interest in the property located at 41 Rosedale Trace in Hampton, Georgia. Nevertheless, a mere 24-hours or so later on February 1, 2023, Mr. Patterson filed Plaintiff's Motion for Partial Summary Judgment on the Pleadings.

15. Plaintiff's attorney filed this Motion without warning. At no time during their discussions did Mr. Patterson indicate that he planned to file such.

16. Given the progress in resolving this matter, Plaintiff's Motion is completely unnecessary and, moreover, actually counterproductive. It is yet another indication of "bad faith" and unnecessary litigation on the part of Plaintiff. As this matter seemed t\close to being resolved, Defendant cannot help wondering whether these tactics are merely an attempt to increase Plaintiff's fee. Defendant still wishes to resolve this matter with Plaintiff yet worries that Plaintiff and his attorney cannot be trusted.

WHEREFORE, Respondent John Vogel PRAYS that this honorable Court:

a. Issue an Order denying Plaintiff's Motion;

b. Issue an Order that all of Defendant's costs in defending himself against Plaintiff's Motion be assessed against Plaintiff; and

c. Any and all such further Relief that this Court deems necessary and fit.

**A HEARING ON THIS MATTER IS DEMANDED**

Respectfully submitted,

_____
JOHN VOGEL

Date: February 2, 2023

211 East Lombard Street
Baltimore, Maryland 21202
**Defendant Appearing _Pro Se_**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| In Re: KAREN ANNE MITCHELL-SMITH, ) <br> ) <br> Debtor ) | Case No. 22-05129-wlh <br> Chapter 7 <br> Adversary Proceeding |
| EDWIN K. PALMER as TRUSTEE for the ) <br> ESTATE of KAREN MITCHELL-SMITH, ) <br> ) <br> Plaintiff ) <br> v. ) <br> JOHN VOGEL, ) <br> ) <br> Defendant ) | |

## CERTIFICATE OF SERVICE

I, the undersigned, appearing *pro se*, hereby certifies under penalty of perjury that I am, and at all times hereinafter mentioned, was more than 18 years of age, and that on or about the 2nd day of February, 2023, I had a copy of the preceding DEFENDANT JOHN VOGEL'S SUPPLEMENTAL RESPONSE AND ANSWER TO TRUSTEE'S COMPLAINT AGAINST JOHN VOGEL TO SELL JOINTLY HELD PROPERTY PURSUANT TO 11 U.S.C. § 363, which will be filed in the bankruptcy matter on or about the 6th day of February, 2023, to be served on the following:

Mode of service (check one) : __✓__ MAILED   _____ HAND DELIVERED

**Debtor Appearing *Pro Se*:**
KAREN ANNE MITCHELL-SMITH
1740 Hudson Bridge Road, #1151
Stockbridge, Georgia 30228
karenmitchellsmith@yahoo.com
770-480-5908

**Trustee:**
EDWIN K. PALMER
P.O. Box 1284
Decatur, Georgia 30031
ekpalmerlaw@aol.com
404-479-4449

**Trustee's Counsel:**
W. RUSSELL PATTERSON, ESQ.
c/o Ragsdale, Beals, Seigler, Patterson, & Gray, LLP
229 Peachtree Street, N.E.
Suite 2400
Atlanta, Georgia 30303-1629
wrpjr@rbspg.com
404-588-0500

I CERTIFY UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE.

**DATED:**   February 2, 2023                   */s/ John Christian Vogel*
                                                **JOHN VOGEL**
                                                211 East Lombard Street
                                                Baltimore, Maryland 21202
                                                **Defendant Appearing *Pro Se***



```
ORIGIN ID:NDVA  (571) 397-9862        SHIP DATE: 25FEB23
KAREN ANNE MITCHELL-SMITH             ACTWGT: 0.40 LB
                                      CAD: 6997865/SSF02401
107 S WEST ST
UNIT 301
ALEXANDRIA, VA 22314                  BILL CREDIT CARD
UNITED STATES US

TO  ATTN: CLERK'S OFFICE
    US BANKRUPTCY COURT
    75 TED TURNER DR SW
    STE 1340
    ATLANTA GA 30303
    (404) 215-1000           REF:
    INV:
    PO:                      DEPT:
```



FedEx Express

REL# 3785346

TRK# 3950 5454 0440     MON – 27 FEB 10:30A
0201                    PRIORITY OVERNIGHT

XG QFEA                 30303
                     GA-US   ATL



