IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| PAMELA JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>WHOLESALE SCREENING SOLUTIONS, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   CIVIL ACTION<br><br>NO. _____<br><br>JURY TRIAL DEMANDED<br><br>COMPLAINT |

## PRELIMINARY STATEMENT

1. This is a cause of action for damages brought by an individual consumer against Defendant, Wholesale Screening Solutions, Inc. (hereinafter "WSSI"), a business entity for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §§ 1681 *et seq.*

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff Pamela Johnson is an adult individual residing in state of Georgia.

5. Defendant WSSI is a business entity that regularly conducts business in the Northern District of Georgia, and which has a principal place of business located at 5977 Sprout Springs Road, Flowery Branch, Georgia 30542.

## FACTUAL ALLEGATIONS

6. In November 2021, Plaintiff applied for employment with Uber and Lyft.

7. As part of her job applications, Plaintiff signed documents purportedly authorizing Uber and Lyft, to obtain a consumer report for employment purposes.

8. Uber and Lyft, contract with a third entity that in turn contracts with WSSI to supply "consumer reports" as defined by 15 U.S.C. § 1681a(d) for employment purposes.

9. The consumer report supplied by WSSI contained information which was a matter of public record and of the type of information that was likely to have an adverse effect upon Plaintiff's ability to obtain employment generally, and specifically with Uber and Lyft.

10. Defendant WSSI has been reporting, and did here report, derogatory and inaccurate statements and information relating to Plaintiff to third parties ("inaccurate information").

11.     The inaccurate information includes, but is not limited to, a criminal offense record. These records appear on the consumer report WSSI sold to the third-party entity that was then provided to Uber and Lyft.

12.     Specifically, the inaccurate information includes, but is not limited to, aggravated assault/ criminal damage to property in second degree and possession of firearm convicted felon convictions, which do not belong to Plaintiff, but instead belong to another individual with a similar name as Plaintiff's former husband, Cleon Johnson.

13.     Plaintiff has no criminal history of her own.

14.     The subject inaccurate information should not have been included on the WSSI report.

15.     The inaccurate information grossly disparages the Plaintiff and portrays her in a false and negative manner. There is perhaps no greater error that a consumer reporting agency can make.

16.     In creating and furnishing the Plaintiff's consumer report, Defendant failed to follow reasonable procedures to assure the maximum possible accuracy of the information it reported about the Plaintiff.

17.     A simple review of the relevant public records would have revealed that the inaccurate information should not have appeared on the report prepared and sold by WSSI.

18. Plaintiff was subsequently denied employment at Uber and Lyft, and Plaintiff was informed by Uber and Lyft, that the basis for this denial was the inclusion of the inaccurate information on the WSSI report, and that the inaccurate information was a substantial factor for the denial.

19. As of result of Defendant's conduct, Plaintiff has suffered actual damages in the form of lost employment opportunities, harm to reputation, and emotional distress, including humiliation and embarrassment.

20. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

21. At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal law and the rights of the Plaintiff herein.

## COUNT ONE – VIOLATIONS OF THE FCRA
## PLAINTIFF v. WSSI

22. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

23. At all times pertinent hereto, WSSI was a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

24. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

25. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

26. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendant is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency in violation of 15 U.S.C. § 1681e(b).

27. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendant is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## JURY TRIAL DEMAND

28. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant, based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorney's fees; and

(e) Such other and further relief as may be necessary, just and proper.

Respectfully submitted,

**WEINER & SAND LLC**

BY:   /s/ *Jeffrey B. Sand*
Jeffrey B. Sand
WEINER & SAND LLC
800 Battery Avenue SE
Suite 100
Atlanta, GA 30339
Tel: (404) 205-5029
js@wsjustice.com

Geoffrey H. Baskerville*
FRANCIS MAILMAN SOUMILAS, P.C.
1600 Market Street, Suite 2510
Philadelphia, PA 19103
Tel: (215) 735-8600
gbaskerville@consumerlawfirm.com

**Application for admission*
*pro hac vice forthcoming*

Attorneys for Plaintiff

Dated: March 15, 2023