IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

**Chazrel Jaquan Burton**
Ga. Dep't Corr. No. 1001772318
Walker State Prison
*Petitioner*,

**v.**

**Jeanie Kasper**
Warden, Walker State Prison
*Respondent.*

No. _____

PETITION FOR A WRIT OF HABEAS CORPUS
UNDER 28 U.S.C. § 2254

Chazrel Burton (Ga. Dep't Corr. No. 1001772318), a prisoner in state custody at Walker State Prison in Rock Spring, Georgia, petitions for a writ of habeas corpus under 28 U.S.C. § 2254 because the State of Georgia deprived him not only of the effective assistance of counsel to challenge his DeKalb County, Georgia guilty plea via direct appeal, but any adequate remedy to vindicate that right.

❧

### Preliminary Statement

Burton's claim is simple and familiar: The lawyer who assisted him in entering his state plea to attempted murder rendered constitutionally deficient performance in failing to file the necessary papers to initiate direct review of that plea. *See Roe v. Flores-Ortega*, 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000); *Garza v. Idaho*, 586 U.S. ____, 139 S.Ct. 738, 203 L.Ed.2d 77 (2019). Indeed, the Georgia court that sentenced Burton already so held—with the State's consent—and granted him an out-of-time appeal. The problem is that,

during the pendency of Burton's out-of-time appeal, the Supreme Court of Georgia invalidated the procedure Burton had relied on to secure that remedy. And it did so after Burton's opportunity to seek similar relief via a petition for a writ of habeas corpus in state court had expired. Since Georgia has closed its courts to him, his only recourse lay in the federal courts. Burton thus petitions this Court for a writ of habeas corpus directing that he be allowed to take an out-of-time appeal of his state conviction.

### Jurisdictional Allegations

(1)     Petitioner is Chazrel Burton, a prisoner in custody by dint of a state court's judgment, in violation of the Constitution of the United States. 28 U.S.C. § 2254(a). As described further below, the Superior Court of DeKalb County, Georgia imposed a split sentence on Burton following his guilty pleas to attempted murder and related offenses. Burton is serving the carceral portion of that sentence in Georgia Department of Corrections' custody at Walker State Prison, 97 Kevin Lane, Rock Springs, Georgia 30739.

(2)     Respondent is Jeanie Kasper, Warden at Walker State Prison, who in that capacity maintains custody of Burton.

(3)     Burton's claim that he was denied the effective assistance of counsel in perfecting an appeal from his guilty plea arises under the Sixth Amendment to the United States Constitution, which the Fourteenth Amendment imposed in relevant part on the States. *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963).

(4)     This Court has jurisdiction under 28 U.S.C. § 2241(a), which empowers it to grant writs of habeas corpus.

(5)     Venue is proper in this Court under § 2241(d) because it is
         both the district where Burton was convicted and sentenced
         and where he is now in custody.

**Burton's State Conviction and Sentence**

(6)     The final judgement of conviction and sentence that Burton
         challenges in this petition were entered by the Superior Court
         of DeKalb County, Georgia on indictment no. 13CR4448,
         which charged him with:

- Three counts of criminal attempt to commit murder
  (O.C.G.A. §§ 16–4–1 & 16–5–1(a)), each against a differ-
  ent victim;

- Three counts of aggravated assault in violation of
  O.C.G.A. § 16–5–21(a)(2), each against a different vic-
  tim, all of whom were identical to those in the at-
  tempted-murder counts;

- One count of cruelty to a child in violation of O.C.G.A.
  § 16–5–70(b), the minor victim of which was the same as
  one of three victims of the attempted-murder and aggra-
  vated-assault counts;

- One count of criminal damage to property in the first de-
  gree in violation of O.C.G.A. § 16–7–22(a)(1), the object
  of which was car belonging to one of the attempted-mur-
  der-aggravated-assault victims;

- One count of robbery by sudden snatching in violation of
  O.C.G.A. § 16–8–40(a)(3), the object of which was a
  necklace belonging to someone who was not the subject
  of the attempted-murder or aggravated-assault counts;
  and

- Three counts of possession of a firearm during the attempted-murder, aggravated-assault, and cruelty-to-a-child counts in violation of O.C.G.A. § 16–11–106(b)(1), one count for each of those three victims.

(7)    Burton pleaded guilty to that indictment on 15 April 2016, during the court's March term, O.C.G.A. § 15–6–3(37).

(8)    The superior court, Hon. Clarence F. Seeliger presiding, merged none of the offenses and that day imposed an aggregate, 40-year sentence—the initial, 25-year carceral term of which, Burton is serving in Georgia Department of Corrections' custody.

(9)    Sixteen months later, on 9 August 2017, the superior court entered a corrected sentence, converting the sentence on the child-cruelty court from a split sentence to a full term of imprisonment, but not affecting the aggregate sentence.

(10)    Burton, who was represented by counsel throughout the superior court proceedings, took no appeal from either judgment, nor did he timely move to withdraw his guilty plea.

**Burton Pursues an Out-of-Time Appeal in State Court**

(11)    Two years after the entry of his corrected sentence, on 17 July 2019, Burton moved in the superior court for an out-of-time appeal, seeking to avail himself of a then-longstanding, court-created procedure for restoring a forfeited right to direct review of a final judgment in a criminal prosecution, when that forfeiture was the result of counsel's objectively unreasonable performance, *see Rowland v. State*, 264 Ga. 872, 874–76, 452 S.E.2d 756, 759–60 (1995), *overruled by Cook v. State*, 313 Ga.

4

471, 870 S.E.2d 758 (2022). Burton's motion averred, *inter alia*, that his plea counsel had at first indicated that she would seek direct review of his guilty plea, but later communicated that she would not do so. To remedy counsel's failures, he asked both for a renewed opportunity to seek to withdraw his guilty plea and a renewed opportunity to seek appellate-court review of his conviction.

(12)   On 3 September 2020, the superior court overruled Burton's motion in part and sustained it in part: The court refused Burton a renewed opportunity to seek the withdrawal of his guilty plea, concluding that the only mechanism for his doing so was a petition for a writ of habeas corpus. But it allowed him the opportunity to take an out-of-time appeal from the judgment that had been entered on that plea. *See Collier v. State*, 307 Ga. 363, 367–68, 834 S.E.2d 769, 775–76 (2019) (holding that Georgia defendants have an unqualified right to timely appeal from the judgment entered on a guilty plea and that a motion for out-of-time appeal would lie to restore that right, even when a defendant pleaded guilty), *overruled in part by Cook*, 313 Ga. 471, 870 S.E.2d 758.

(13)   Burton filed what would have been a timely notice of appeal 29 days later, *see* O.C.G.A. § 5–6–38(a), and his appeal docketed in the Court of Appeals of Georgia on 14 April 2022 under no. A22A1312.

(14)   One month earlier, however, the Supreme Court of Georgia decided *Cook v. State*, 313 Ga. 471, 870 S.E.2d 758 (2022). The Court held in *Cook* that:

- It had never possessed authority to create the out-of-time-appeal procedure, which amounted to an equitable exception to the state statutes that controlled how appellate jurisdiction was invoked;

- Stare decisis did compel its retention;

- Thus, trial courts never had jurisdiction to entertain such motions;

- The only vehicle under state law for vindicating defense counsel's failure to timely file an appeal was a petition for a writ of habeas corpus; and

- All pending appeals traveling on granted motions for out-of-time appeals were bound for dismissal, as were all such pending motions.

(15)    Consequently, the Court of Appeals dismissed Burton's appeal on the State's motion and remanded it to the superior court, noting that relief, if any, was available only via a petition for a writ of habeas corpus.

### Former Counsel & Other Proceedings

(16)    At all times relevant to the ground in this petition, Burton's plea counsel was

> ELIZABETH VILA ROGAN
> 1800 Peachtree Street, NE
> Suite 300
> Atlanta, Georgia 30309.

(17)    At all times relevant to the ground in this petition, Burton's first appellate counsel was

> DANIEL H. PETREY, ESQ.
> Office of the Public Defender
> Stone Mountain Judicial Circuit
> 320 Church Street
> Decatur, Georgia 31603.

(18)     At all times relevant to the ground in this petition, Burton's second appellate counsel was

> KENNETH W. SHEPPARD, ESQ.
> Kenneth W Sheppard PC
> 2182 Jane Court SE
> Smyrna, Georgia 30080.

(19)     The sentence that Burton challenges in this petition is the only one affecting his liberty. He has no future sentence to serve after this one.

(20)     Burton has no other open challenge in any court to the sentence that he challenges here.

### Burton Loses Access to any State Remedy

(21)     Burton did not raise the claim he urges here in a state habeas corpus petition. He cannot, therefore, claim to have exhausted all the remedies that state law provides for. *See* 28 U.S.C. § 2254(b)(1)(A). Neither is he proceeding on that theory as a justification for this Court's granting the writ. Burton has no choice but to seek the writ from *this* Court because he is ineligible to seek such relief from a state court. Ergo, there is no state corrective process available to him or, at minimum, the existing state process is inadequate to protect his rights. *Id.* at (b)(1)(B)(i) & (ii).

(a)     Under state law, a defendant seeking to challenge a felony conviction and sentence has four years from the superior court's judgment having become final to petition for a writ of habeas corpus. O.C.G.A. § 9–14–43(c)(1).

(b)     As is true for federal convictions, a Georgia conviction becomes final on the last day that a defendant could have but did not take the next step in the direct-appellate-review process. *Stubbs v. Hall*, 308 Ga. 354, 359, 840 S.E.2d 407, 412 (2020).

(c)     Because Burton did not timely challenge his guilty plea, his conviction became final on one of four dates:

(i)     The last day he could have filed a timely notice of appeal from the initial judgment on his plea, 15 May 2016, O.C.G.A. § 5–6–38(a) (allowing 30 days to file a notice of appeal);

(ii)    The last day that he could have filed a timely notice of appeal following the entry of his corrected sentence, 8 September 2017, *see Stubbs*, 308 Ga. at 357–62, 840 S.E.2d at 411–14 (interpreting O.C.G.A. § 9–14–42(c) consistently with 28 U.S.C. § 2244(d)(1)); *see also Walker v. Crosby*, 341 F.3d 1240, 1246 (11th Cir. 2003) (holding that a conviction became final under § 2244(d)(1) following the entry of the final sentencing order), *overruled on other grounds by Zack v. Tucker*, 704 F.3d 917 (11th Cir. 2013);

(iii)   The last date he could have moved to with-
draw his plea following the entry of his initial
sentence, 29 April 2016, *See Rubiani v. State*,
279 Ga. 299, 299, 612 S.E.2d 798, 799 (2005)
("It is well settled that when the term of court
has expired in which a defendant was sen-
tenced pursuant to a guilty plea, the trial
court lacks jurisdiction to allow the with-
drawal of the plea.") (quoting *Henry v. State*,
269 Ga. 851, 853, 507 S.E. 2d 419, 421 (1998));
O.C.G.A. § 15–6–3(37) (beginning terms for
the Superior Court of DeKalb County on the
first Mondays in January, March, May, July,
September, and November);[1] or

(iv)   For the same reasons, the last date he could
have moved to withdraw his plea following the
entry of his corrected sentence, 1 September
2017.

(d)   Thus, Burton's window for filing a petition for a writ
of habeas corpus in a state court closed, at the

---

[1] The Supreme Court of Georgia has not decided whether, in the case
of a guilty plea, finality occurs on the last day that a defendant could
have timely moved to withdraw the plea. *See Stubbs*, 305 Ga. at 359,
840 S.E. 2d at 412 (defining finality as the time when seeking the
next step in the direct-appellate-review-process expires without the
petitioner having taking that step); *Gooden v. State*, 305 Ga. 835,
837–38, 828 S.E. 2d 302, 304 (2019) (noting that there is no discerni-
ble basis to distinguish between a motion the withdraw a guilty plea
and a motion for a new trial); *Ponder v. State*, 260 Ga. 840, 841–42(1),
400 S.E. 2d 922, 923–24(1) (1991) (recognizing that a motion for a
new trial is an inherent part of Georgia's direct-appeal process).

earliest, on 15 May 2020 (two months before he moved in the superior court for an out-of-time appeal) and, at the latest on 1 September 2021 (14 months after he moved for an out-of-time appeal).[2]

(e)    And in any event, Burton's window for petitioning for a writ of habeas corpus in a state court closed at least six-and-a-half months *before* the Supreme Court of Georgia dispensed with the motion-for-out-of-time-appeal procedure, which Burton had been traveling on.[3]

(f)    In short, for Burton and those like him, there is no State corrective process available that can vindicate their rights. 28 U.S.C. § 2254(b)(1)(B)(i) & (ii). And Burton has no choice but to seek relief from this Court.

––––––––––––––––––––

[2] That Burton's state habeas corpus limitations period lapsed during the pendency of his granted out-of-time appeal is unsurprising. The Supreme Court of Georgia has routinely noted how protracted direct-review proceedings in Georgia's state courts have become. *See Owens v. State*, 303 Ga. 254, 259 nn.2–4, 811 S.E.2d 420, 425 nn.2–4 (2018) (collecting cases). And there is no telling how many Georgia prisoners *Cook* has left without a state remedy.

[3] In the interest of candor, this Court should know that a bill pending before the Georgia's General Assembly would, if passed, provide a remedy for some prisoners whom *Cook* deprived of the opportunity to seek an out-of-time appeal. H.B. 126, § 1-3, at 45–50, 157th Gen. Assemb., Reg. Sess. (Ga. 2023). Unclear, however, is whether that portion of the bill would apply to prisoners in Burton's footing who are seeking to challenge their guilty pleas—as the preceding lines limit the out-of-time-appeal remedy to those whose judgments were entered after trials. *Id.* at 27–33.

### Burton's § 2254 Petition is Timely

(22)    Exhaustion, *vel non*, aside, Respondent would doubtless contend that Burton's petition is untimely, as he files it more than a year after the latest date his conviction could have become final—his granted and invalidated out-of-time appeal notwithstanding. Respondent would be wrong, however. But it fairly falls upon Burton to demonstrate why.

(23)    To start on this issue, 28 U.S.C. § 2244(d) requires petitioners to file their § 2254 petitions within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). So Burton's petition would be timely under § 2244(d)—if at all—only if it became final within the last year. That is a concededly unique question:

    (a)    On the one hand, a granted out-of-time appeal will delay finality for § 2244(d) purposes until the renewed appeal is over, *Jimenez v. Quarterman*, 555 U.S. 113, 121, 129 S.Ct. 681, 686–87, 172 L.Ed.2d 475 (2009); *see, e.g.*, *Clarke v. Dep't of Corr., Fla.*, 566 F.3d 1278, 1280–81 (11th Cir. 2009) (applying *Jimenez* to determine the timeliness of a Florida petition that followed the grant of an out-of-time appeal in state court). But the mere availability of such a remedy, if unpursued, will not. *Id.* at 120 n.4; 171, 129 S.Ct. at 686 n.4.

    (b)    No court, however, appears to have considered how the invalidation of a granted out-of-time appeal during its pendency affects the finality of the underlying conviction.

(c)    That Burton's conviction became final after the Court of Appeals' dismissal of his out-of-time appeal follows from the reasoning in *Jimenez*:

    (i)    The petitioner there was a Texas prisoner whom the Texas Court of Criminal Appeals had granted an out-of-time appeal following the dismissal of his initial state appeal, 555 U.S. at 116, 129 S.Ct. at 683–84;

    (ii)    The out-of-time appeal resulted in an affirmance of the underlying conviction on the merits, and petitioner sought relief under § 2254, arguing that his conviction had become final following the resolution of the granted out-of-time appeal, *id.* at 116–17, 129 S.Ct. at 684;

    (iii)    The district court, however, dismissed the petition as time barred, concluding that petitioner's conviction had become final following the dismissal of his initial appeal, and the Fifth Circuit denied him a certificate of appealability, *id.* at 117–18, 129 S.Ct. at 684;

    (iv)    The Supreme Court granted certiorari and reversed, however. The *grant* of the out-of-time appeal, it held, de-finalized the conviction for purposes of § 2244(d)(1), *id.* at 120, 129 S.Ct. at 686.

(d)    So too here. The superior court's grant of an out-of-time appeal de-finalized Burton's conviction, and the Supreme Court's later invalidation of the underlying

process and the Court of Appeals' resulting dismissal does not change that fact.

(i)     The Supreme Court of Georgia had blessed grants of out-of-time appeals outside of the habeas corpus process since the mid-70s, *see Cunningham v. State*, 232 Ga. 416, 416, 207 S.E.2d 48, 48–49 (1974), and it formalized the process for pursuing that remedy from trial courts in the mid-90s, *Rowland*, 264 Ga. at 874–76, 452 S.E.2d at 759–60;

(ii)    That motion-for-out-of-time-appeal procedure and remedy persisted until spring 2022, when the Court issued *Cook*.

(iii)   But *Cook*'s having invalidated the long-established procedure that Burton relied on in good faith does not change the fact that his valid-at-the-time grant of an out-of-time appeal de-finalized his conviction under *Jimenez*.[4]

---

[4] In this way, Burton's circumstances are different from those the 11th Circuit considered in *Moore v. Crosby*, 321 F.3d 1377 (11th Cir. 2003) and *Mashburn v. Comm'r, Ala. Dep't of Corr.*, 713 F. App'x 832 (11th Cir. 2017). The petitioners in those cases argued that their attempts to renew their forfeited appeals from their denials of state habeas corpus relief in state court tolled their AEDPA limitations periods under § 2244(d)(2). 321 F.3d at 1378–79; 713 F. App'x at 836–37. The Circuit Court rejected their contentions because the § 2244(d)(2) tolling provision applied to the pendency of timely-filed state post-conviction proceedings, and the petitioners' having defaulted on those proceedings restarted the applicable AEDPA timeline. 321 F.3d at 1380–81; F. App'x at 837–39. Burton is not arguing about the time for taking an appeal from the denial of a state habeas corpus

(iv)    To be sure, allowing a state court's determina-
tion that it was without jurisdiction under
state law to have created a procedure dictat-
ing whether a federal court had jurisdiction
under federal law to review a claim would be
unseemly to say the least. *See Hills v. Wash-
ington*, 441 F.3d 1374, 1377–80 (11th Cir.
2006) (Carnes, J., concurring); *but see Skillern
v. State of Georgia*, 202 F. App'x 403, 408
(11th Cir. 2006) (acknowledging that
Ga. Sup. Ct. R. 40 skirts the exhaustion re-
quirement imposed by *O'Sullivan v. Boerckle*,
526 U.S. 838, 119 S.Ct. 728, 144 L.Ed.2d 1
(1999) (quoting *Hills* 441 F.3d at 1375)).

(v)     Burton's conviction should not therefore have
counted as final until, at the earliest, 15
March 2022 (when the Supreme Court of
Georgia decided *Cook*) or, at the latest, 16
June 2022 (the last day that he could have pe-
titioned the Supreme Court of Georgia for a
writ of certiorari to review the Court of Ap-
peals' dismissal of his case, Ga. Sup. Ct.
R. 38(2); *see Gonzales v. Thaler*, 565 U.S. 134,
150, 132 S.Ct. 641, 653, 181 L. Ed. 2d 619
(2012)).[5]

---

proceeding, which is relevant to § 2244(d)(2) tolling. The issue here is
whether the granted out-of-time direct appeal from his original con-
viction affected that conviction's finality under § 2244(d)(1).

[5] Burton acknowledges that the Supreme Court of Georgia's inter-
preting O.C.G.A. § 9–14–42(c) consistently with § 2244(d) may mean

(24)     Even if this Court determines that Burton's petition post-
dates his conviction's finality by more than a year, it should
nonetheless determine that the AEDPA deadline was equita-
bly tolled because Burton (a) "pursued his rights diligently
but [(b)] some 'extraordinary circumstance' prevented his
timely filing of a § 2254 petition." *Mashburn*, 713 F. App'x
at 839 (citing *Thomas v. Att'y Gen., Fla.*, 795 F.3d 1286, 1291
(11th Cir. 2015)). Burton easily satisfies those conditions.

(a)     First off, Burton diligently pursued his right to an
out-of-time appeal by timely moving for that relief in
the superior court following his plea. In so doing, Bur-
ton sought to avail himself of an entrenched state pro-
cedure for vindicating counsels' constitutionally defi-
cient performance with respect to timely perfecting an
appeal. And Burton had no reason to anticipate that
he might need to rely on § 2254 to secure again the re-
lief that the superior court *had already granted him*.[6]

---

that a petition for a writ of habeas corpus be viable in state court for
the same reasons. If so, it could follow that Burton's having not raised
his claim in a state court would mean that he had not exhausted his
state remedies as § 2254(b)(1)(A) requires. Again, to be candid, Bur-
ton will soon be filing a state petition raising the same grounds and
will be moving to stay these proceedings during its pendency. Burton
could not, however, hazard the state courts' rejection of this argu-
ment without preserving the opportunity to present it in federal
court.

[6] Further to the point, there was no reason for Burton to have pre-
ferred § 2254 or a state habeas corpus petition as a vehicle for secur-
ing the relief he sought when the simpler, well-established motion-
for-an-out-of-time-appeal process was available. That is especially so
because, under the now-defunct motion-for-an-out-of-time-appeal pro-
cess, Burton had a right to a direct appeal if the superior court over-
ruled his motion—which is not the case under state or federal habeas

In sum and under these unusual facts, *see Holland*, 560 U.S. at 650, 130 S.Ct. at 2563 (Courts must apply their equity powers "on a case-by-case basis," both "in light of prior precedent, [and] with awareness of the fact that specific circumstances, often hard to predict in advance, could warrant special treatment.") (citations omitted), Burton was reasonably diligent in both securing the relief that he seeks in state court and seeking it from this Court once the Supreme Court of Georgia stripped him of it.

(b)     Even clearer is that extraordinary circumstances prevented Burton from timely petitioning under the AEDPA. Under *Jimenez*, the superior court's having granted Burton an out-of-time appeal from his guilty plea de-finalized the original judgment. Assuming for argument's sake that *Cook* re-finalized that judgment nunc pro tunc to the date it was originally entered (as opposed to marking a new final date, as the termination of state-direct-review proceedings normally would), Burton had no reason to anticipate that effect. To the contrary, Burton had every reason to expect that his AEDPA clock would have started ticking on the termination of his granted-out-of-time appeal. It was thus the Supreme Court of Georgia's having pulled the procedural rug out from under Burton that

---

corpus proceedings. *Compare Simmons v. State*, 276 Ga. 525, 525 n.2, 579 S.E.2d 735, 736 n.2 (2003) ("The denial of a motion for out-of-time appeal is directly appealable when the criminal conviction at issue has not been the subject of direct appeal." (citing *Rowland*, 264 Ga. at 876, 452 S.E.2d at 760)), *overruled by Cook*, 313 Ga. 471, 870 S.E.2d 758, *with* O.C.G.A. § 9–14–52(a) & (b) and 28 U.S.C. § 2253(c)(1)(A).

precluded *any* opportunity to file a timely § 2254 petition. The Eleventh Circuit has routinely held that a state court's having not timely served a petitioner with an appealable order is an extraordinary circumstance that warrants AEDPA tolling. *E.g.*, *Mashburn*, 713 F. App'x at 839–40; *Knight v. Schofield*, 292 F.3d 709, 710–11 (11th Cir. 2002). Surely a state court's jettisoning an entire body of procedural law whose effect is to foreclose any opportunity to seek collateral relief would count too.

### Burton's Sole Claim for Relief

(25)   As promised, Burton's actual claim for relief is a simple one: He was denied the effective assistance of counsel promised him by the Sixth and Fourteenth Amendments when his lawyer failed to timely initiate direct review of his plea proceedings.

(26)   Burton incorporates ¶¶ (1)–(25) above and adds the following:

(a)   Beyond cavil is that a defendant—even one who pleads guilty and waives the right appeal—is entitled to the effective assistance of counsel to timely initiate direct review of those proceedings. *Flores-Ortega*, 528 U.S. 470, 120 S.Ct. 1029; *Garza*, 586 U.S. ____, 139 S.Ct. 738. And counsel who "disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Flores-Ortega*, 528 U.S. at 477, 120 S.Ct. at 1035. That is so even if counsel believes that the appeal

presents no issues of merit. *Garza*, 586 U.S. at \_\_\_\_–
\_\_\_\_, 139 S.Ct. at 745–46. Merit is not the issue.[7]

(b)   Her opinion on the merits of direct review, however,
appear to have been why Burton's plea counsel re-
fused his instructions to move to withdraw his plea or
appeal: In a letter to her client, Burton's counsel
called his desire to challenge his plea "foolish" be-
cause he had no grounds for relief. Rather than file on
Burton's behalf, plea counsel sent him a draft motion
to withdraw his plea that he could file pro se. Such a
filing could not even have been effective, however.
Burton's counsel never withdrew from his case (de-
spite representing that she would do so), which would
have rendered his pro se filing a nullity under state
law. *See Dos Santos v. State*, 307 Ga. 151, 834 S.E.2d
733 (2019).

---

[7] None of this is to say that Burton's appeal would have been merit-
less. At minimum, the superior court record discloses merger errors:
The superior court separately sentenced Burton for attempted mur-
der and aggravated assault of the same three victims, on the same
date, and in the same manner. Each pair of those offenses should
have merged for sentencing. *Hill v. State*, 310 Ga. 180, 198, 850
S.E.2d 110, 125–26 (2020). On top of that, the superior court's having
resentenced Burton on the child-cruelty count may have stemmed
from its having believed that O.C.G.A. § 16–5–70(e)(1)'s mandate for
someone convicted of that offense "shall be punished by imprison-
ment" foreclosed any term of probation. The Supreme Court of Geor-
gia repudiated that understanding in *Langley v. State*, 313 Ga. 141,
868 S.E.2d 769 (2022). But Burton will be unable to redress those, or
any other, errors in his plea and sentence without first securing the
relief that he seeks here.

(c)     Indeed, the superior court's granting Burton an out-of-time appeal confirms that his counsel's performance with respect to perfecting his appeal was objectively unreasonable and that, but for counsel's failings, Burton was reasonably likely to have pursued a timely appeal. And but for *Cook*'s having held that the superior court was without authority to entertain the question (the correctness of its decision notwithstanding), Burton would not be asking this Court for relief.

### Burton's Requested Relief

(27)    For the reasons discussed above, Burton asks this Court to:

(a)     Assume jurisdiction over this matter;

(b)     Issue an order directing Respondent to show cause why the writ should be granted;

(c)     Grant a writ of habeas corpus directing Respondent to release Burton lest he be allowed to take an out-of-time appeal from the judgment entered on his guilty plea; and

(d)     Grant any other relief the Court deems just and proper.

☙

In closing, Burton laments that he must ask a federal court to redress a constitutional violation that a state court has already cured. And were it not for the courts of that state's having stripped him of what was rightfully his, he would not need to. But his rights were collateral damage of the Supreme Court of Georgia's decision in *Cook* to tidy its own jurisprudence—the unnumbered prisoners who had

relied on the procedures that *Cook* disposed of to vindicate their constitutional rights notwithstanding. That those prisoners' access to state habeas corpus proceedings had lapsed in the interim was of no matter. *Cook* swept them into the refuse bin alongside the decades of precedent that they had clung to. And if that is not a proper locus of a § 2254 petition, Burton struggles to imagine what would be.

Respectfully submitted on 15 March 2023 by:

*/s/Brandon A. Bullard*
Brandon A. Bullard
Ga. Bar No. 109207
*Counsel for Petitioner*

**The Bullard Firm, LLC**
1827 Powers Ferry Road SE
Building 11, Suite 250
Atlanta, Georgia 30339

(404) 954-0598
(404) 977-5689
brandon@bullardappeals.com

## Verification

I, Brandon A. Bullard, counsel for Petitioner Chazrel Burton, certify that I am familiar with the case and that the facts alleged in this petition are true and correct to the best of my knowledge.

*/s/Brandon A. Bullard*
Brandon A. Bullard
Ga. Bar No. 109207
*Counsel for Petitioner*