Case 1:23-mi-99999-UNA   Document 816-8   Filed 03/15/23   Page 1 of 16

IN THE SUPERIOR COURT OF DEKALB COUNTY

STATE OF GEORGIA

STATE OF GEORGIA, PLAINTIFF

V.

CHARREL J. BURTON, DEFENDANT

CRIMINAL ACTION FILE

NO. 13-CR-4448-3

DEFENDANTS AMENDED MOTION

FOR OUT-OF-TIME APPEAL

CERTIFICATE OF SERVICE
This is to Certify that
JUDGE SEELIGER has received a
Copy of this Document from
Superior Court. This the
18th of March, 2020
SIGNED ___ Sunny Mohamed

COMES NOW CHARREL J. BURTON, DEFENDANT, PRO SE IN THE ABOVE STYLED ACTION TO MAKE THIS AMENDMENT TO HIS JULY 17, 2019 PRO SE MOTION FOR OUT-OF-TIME APPEAL. DEFENDANT MAKES THESE AMENDMENTS IN ADDITION TO HIS JULY 17, 2019 MOTION FOR OUT-OF-TIME APPEAL WITHOUT ABANDONING ANY POSITIONS, FACTS, OR CONTENTIONS EXPRESSED IN HIS JULY 17, 2019 MOTION FOR-OUT-OF-TIME APPEAL.

(1)

DEFENDANT WAS DEPRIVED THE APPELLATE REVIEW PROCESS BY INEFFECTIVE ASSISTANCE OF PLEA COUNSEL, ELIZABETH VILA ROGAN, IN VIOLATION OF DEFENDANTS RIGHT TO COUNSEL. COUNSEL ROGAN WAS INEFFECTIVE IN PROVIDING ADVICE ABOUT AND ACTING UPON DEFENDANTS REQUEST TO MOTION TO WITHDRAW HIS GUILTY PLEA AND AT NO TIME DID COUNSEL EVER EXPLAIN OR INFORM DEFENDANT OF HIS RIGHT TO DIRECT APPEAL, OR THE AVAILABILITY OF APPOINTED COUNSEL AND FREE TRANSCRIPT. IN VIOLATION OF USCA 6th, 14th.

FACTS: ON APRIL 15, 2016 DEFENDANT BURTON ENTERED A UNINTELLIGENT, UNKNOWING, INVALID AND INVOLUNTARY PLEA OF GUILTY WITH THE AIDE OF INEFFECTIVE COUNSEL, ELIZABETH VILA ROGAN, ON APRIL 16th, 17th, 18th

2 OF 14

DEFENDANT BURTON INFORMED COUNSEL BOGAN OF HIS EXPRESS DESIRE TO WITHDRAW HIS GUILTY PLEA AND REQUESTED FOR COUNSEL TO FILE THE MOTION TO WITHDRAW GUILTY PLEA IMMEDIATELY, BASED ON GROUNDS OF A) LACK OF JURISDICTION UPON A VOID INDICTMENT B) JUDICIAL PARTICIPATION IN PLEA NEGOTIATIONS AND C) INSUFFICIENT FACTUAL BASIS FOR THE GUILTY PLEA. INITIALLY COUNSEL BOGAN TRANSMITTED THAT SHE WOULD SUBMIT DEFENDANTS REQUESTED MOTION TO WITH-DRAW HIS GUILTY PLEA. DEFENDANT HAD NO OTHER IMPRESSION OTHER THAN THAT COUNSEL BOGAN WOULD INDEED FILE THE MOTION TO WITHDRAW HIS GUILTY PLEA. HOWEVER ON APRIL 19, 2016 BY WAY OF LETTER ADDRESSED TO DEFENDANT AT THE DEKALB COUNTY JAIL, WITHIN COUNSEL BOGAN BEACKNOWLEDGED DEFENDANT REQUEST AND DESIRE TO WITHDRAW HIS INVOLUNTARY GUILTY PLEA. (SEE ATTACHED EXHIBIT A) (BOGANS LETTER DATED APRIL 19 2016. 2 PAGES) WHEREIN SAID LETTER COUNSEL BOGAN STATED THE FOLLOWING...

"I WILL NOT FILE THE MOTION TO WITHDRAW FOR YOU, MOREOVER. IN FACT I AM WITHDRAWING FROM YOUR CASE"

COUNSEL BOGAN FURTHER STATED THE FOLLOWING---

"BECAUSE YOU ONLY HAVE A LIMITED TIME TO FILE A MOTION TO WITHDRAW PLEA. I HAVE DRAFTED ONE THAT YOU CAN FILE PRO SE."

COUNSEL BOGANS DRAFTED MOTION TO WITHDRAW GUILTY PLEA HAS BEEN ATTACHED. (SEE EXHIBIT B.) DEFENDANT BURTON SUBMITTED THE MOTION IN THE TRIAL COURT. HOWEVER THE MOTION TO WITH-DRAW GUILTY PLEA WAS NOT ACTED UPON BY THE TRIAL COURT OF DEKALB COUNTY ASSUMINGLY BECAUSE MS. BOGAN HAD NOT WITHDRAWN

FROM DEFENDANT BURTONS CASE AS SHE INDICATED IN HER APRIL 19 2016 LETTER AND WAS STILL COUNSEL OF RECORD AT THE TIME DEFENDANT SUBMITTED THE MOTION PRO SE. THERE-FORE DEFENDANT BURTONS PRO SE ATTEMPT TO MOTION TO WITHDRAW HIS GUILTY PLEA WAS A LEGAL NULLITY, ASSUMINGLY BECAUSE COUNSEL ROGAN HAD NOT PROPERLY WITHDRAW AS COUNSEL ON DEFENDANTS CASE. THUS IT IS VERY CLEAR FROM THE FOREGOING FACTS THAT IT WAS THE ACTIONS OF COUNSEL ROGAN THAT DEPRIVED DEFENDANT BURTON OF A TIMELY MOTION TO WITHDRAW HIS GUILTY PLEA, WHEREAS DEFENDANTS REQUEST FOR WHICB COUNSEL TO FILE MOTION TO WITHDRAW HIS GUILTY PLEA AND COUNSEL ROGANS LETTER REFUSING TO DO SO, BOTH OCCURRED ABOVE ACCURRED BEFORE THE END OF THE TERM OF COURT (MAY 2, 2016), WITHIN THE SAME TERM OF COURT THAT THE SENTENCE WAS ENTERED ON THE GUILTY PLEA.

## <u>LAW</u>

IN GEORGIA, THE RIGHT OF A DEFENDANT TO APPEAL HIS CONVICTION EXISTS BY VIRTUE OF THE APPELLATE PRACTICE ACT OF 1965. WHEN A DEFENDANT ALLEGES HE WAS DEPRIVED OF HIS APPEAL OF RIGHT DUE TO TRIAL COUNSELS INEFFECTIVE ASSISTANCE, THE COURT MUST DETERMINE WHETHER COUNSEL WAS RESPONSIBLE FOR THE FAILURE TO PURSUE A TIMELY APPEAL. RINGOLD V. STATE, 304 Ga. 881, 823 S.E 2d 342. (2019). IN THE INSTANT CASE DEFENDANT HAS ALLEGED AND SHOWN THAT COUNSEL ROGAN WAS INEFFECTIVE IN PROVIDING ADVISE ABOUT AND ACTING CB UPON DEFENDANTS REQUEST TO WITHDRAW CB TIMELY WITHDRAW HIS GUILTY PLEA. DEFEND-ANT HAS SHOWN THAT COUNSEL ROGAN MISDIRECTED HIM ABOUT SUBMITTING HIS REQUESTED MOTION TO WITHDRAW GUILTY PLEA, BY INEFFECTIVLY ADVISING HIM TO FILE HER DRAFTED PRO SE CB MOTION TO WITHDRAW GUILTY PLEA PRO SE

WHEN COUNSEL KNEW OR SHOULD HAVE KNOWN THAT SUCH ACTION WOULD BE A LEGAL NULLITY AND WAS THEREFORE UNAUTHORIZED AND WITHOUT EFFECT BECAUSE COUNSEL HAD NOT WITHDRAW AS COUNSEL ON DEFENDANTS CASE AS SHE INFORMED DEFENDANT SHE INTENTED TO DO IN HER APRIL 19 2016 LETTER. SEE WHITE V. STATE 302 Ga. 315, 319, 806 S.E. 2d 489 (2017). ("[A] CRIMINAL DEFENDANT IN GEORGIA DOES NOT HAVE THE RIGHT TO REPRESENT HIMSELF AND ALSO BE REPRESENTED BY AN ATTORNEY, AND PRO SE FILINGS BY REPRESENTED PARTIES ARE THEREFORE "UNAUTHORIZED AND WITHOUT EFFECT.") Id. WHITE, 302 at 319, 806 S.E 2d 489.

DEFENDANT HAS FURTHER SHOWN THAT COUNSEL WAS INEFFECTIVE FOR REFUSEING TO ACT UPON DEFENDANT BURTONS REQUEST TO IMMEDIATLY WITHDRAW HIS GUILTY PLEA, AND FOR ABANDON-ING DEFENDANT AT A POINT IN THE PROCEEDINGS WHEN IMPORTANT DECISIONS NEEDED TO BE MADE AND ACTIONS POTENTIALLY TAKEN. IN DOS SANTOS V STATE, 739, 834, S.E. 2d 733 (2019) HELD THAT " GEORGIA LAWYERS CANNOT SIMPLY ABANDON THEIR CRIMINAL DEFENDANT CLIENTS IMMEDIATELY AFTER THE DEFENDANT ENTER GUILTY PLEAS AND ARE SENTENCED.". FURTHER HOLDING, " DEFENSE COUNSEL ARE OBLIGATED TO CONTINUE TO REPRESENT THEIR CLIENTS AT LEAST UNTIL THE TIME FOR THE POST-CONVICTION REMEDIES EXPIRES (AND IF SUCH A REMEDY IS TIMELY PURSUED, UNTIL IT IS RESOLVED) — UNLESS THE LAWYER IS PROPERLY AUTHORIZED BY THE TRIAL COURT TO WITHDRAW FROM THE REPRESENTATION OR PROPERLY REPLACED BY SUBSTITUE COUNSEL, EVENTS THAT SHOULD BE REFLECTED IN WRITING IN THE RECORD FOR THE CASE." Id. at 739, 834, S.E 2d 733. THE RIGHT TO APPEAL BELONGS TO THE DEFENDANT

SEE. LEE V. STATE, 139 Ga. 65, 66, 227 S.E. 2d 878 (1976).
THEREFORE COUNSEL ROGAN WAS OBLIGATED TO FILE DEFENDANT
BURTONS BEQUESTED MOTION TO WITHDRAW GUILTY PLEA
INSTEAD OF REFUSING TO DO SO AND MISDIRECTING MR. BURTON
TO FILE HER DRAFTED MOTION PRO SE, WHEN SHE WAS STILL
COUNSEL OF RECORD AND HAD A CONSTITUTIONAL DUTY TO
CONTINUE REPRESENTATION. COUNSEL SHOULD HAVE PROTECTED DEFENDANT
BURTONS INTREST BY FILING A TIMELY, BARE-BONES "PLACEHOLDER"
MOTION TO WITHDRAW GUILTY PLEA, WHICH — UNLIKE AN INOPERATIVE
MOTION FILED PRO SE BY STILL-REPRESENTED CLIENT — WOULD MEET THE
~~DEADLINE~~ FILING DEADLINE AND COULD HAVE BEEN AMENDED LATER
BY NEW COUNSEL. SEE ESPRIT V. STATE, 305 Ga 429, 429 n.1,
826 S.E. 2d 7 (2019). THUS COUNSEL ROGAN WAS CONSTITUTIONALLY
INEFFECTIVE IN PROVIDING ADVISE ABOUT AND ACTING ON DEFENDANT
BURTONS TIMELY REQUEST TO MOTION TO WITHDRAW GUILTY PLEA, DEP-
RIVING DEFENDANT OF TIMELY APPELLATE REVIEW. FLORES-ORTEGA,
528 U.S at 483-484 (II)(B)(2) and (3), 120 S. Ct. 1029, HELD
THAT "WHEN COUNSELS CONSTITUTIONALLY DEFICIENT PERFORMANCE
DEPRIVES A DEFENDANT OF AN APPEAL THAT HE OTHER WISE WOULD
HAVE TAKEN," THE DEFENDANT IS ENTITLED TO AN APPEAL BECAUSE
HE EFFECTIVELY HAS BEEN DEPRIVED OF AN APPELLATE PROCEEDING
ALTOGETHER. ID. at 483-484 (II)(B)(2) AND (3), 120 S. Ct. 1029.

## OUT-OF-TIME APPEAL

A CRIMINAL DEFENDANT IS ENTITLED TO AN OUT-OF-TIME APPEAL IF
HIS COUNSELS CONSTITUTIONALLY DEFICIENT PERFORMANCE DEPRIVED
HIM OF AN APPEAL OF RIGHT THAT HE OTHER WISE WOULD HAVE

PURSUED. SEE COLLIER V. STATE, 834 S.E.2d 769 (2019).

~~BEFORE~~ CB IF THE CONSTITUTIONAL VIOLATION ALLEGED BY THE DEFENDANT IS INEFFECTIVE ASSISTANCE OF COUNSEL IN PROVIDING ADVICE ABOUT OR ACTING UPON AN APPEAL OF RIGHT, THAT VIOLATION "IS REVIEWED UNDER THE FAMILIAR STANDARD OF STRICKLAND V. WASHINGTON, 466 U.S. 668, 104 S.Ct. 2052, 80 L.E.2d 674 (1984)." RINGOLD, 304 Ga. at 876, 823 S.E.2d 342. THE DEFENDANT IS REQUIRED TO SHOW THAT HIS APPEAL OF RIGHT WAS LOST AS A CONSEQUENCE OF HIS COUNSEL'S DEFICIENT PERFORMANCE, AND THE TRIAL COURT MUST MAKE A FACTUAL INQUIRY INTO THOSE ALLEGATIONS. Id. at 881, 823 S.E.2d 342. THE DEFENDANT IS ALSO REQUIRED TO DEMONSTRATE ONLY THAT THERE IS A REASONABLE PROBABILITY THAT, BUT FOR COUNSEL'S DEFICIENT PERFORMANCE, "HE WOULD HAVE TIMELY APPEALED." Id.

GARZA V. IDAHO, —U.S.—, 139 S.Ct. 738, 203 L.E.2d 77 (2019) HELD "[W]E REAFFIRM THAT, WHEN COUNSEL'S CONSTITUTIONALLY DEFICIENT PERFORMANCE DEPRIVES A DEFENDANT OF AN APPEAL THAT HE OTHERWISE WOULD HAVE TAKEN, THE DEFENDANT HAS MADE OUT A SUCCESSFUL INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM ENTITLING HIM TO AN APPEAL, WITH NO NEED FOR A FURTHER SHOWING OF HIS ~~CLAIM~~ CB CLAIMS' MERIT, REGARDLESS OF WHETHER THE DEFENDANT HAS SIGNED AN APPEAL WAIVER [THAT WAS INCLUDED IN HIS GUILTY PLEA AGREEMENT]." GARZA, 139 S.Ct. at 747 (II) (D).

"THE TRIAL COURT ABUSES ITS DISCRETION WHEN IT FAILS TO MAKE SUCH A FACTUAL INQUIRY." SIMMONS V. STATE, 276 Ga 525, 526-527, 579 S.E. 2d 735 (2003).

THE GRANT OF AN OUT-OF-TIME APPEAL " SHOULD BE SEEN AS PERMISSION TO PURSUE THE POST-CONVICTION REMEDIES WHICH WOULD BE AVAILABLE AT THE SAME TIME AS A DIRECT APPEAL AND CONSTITUTES PERMISSION TO PURSUE APPROPRIATE POST-CONVICTION REMEDIES," QUOTING DAWSON V. STATE, 302 Ga APP. 842, 843, 691 S.E.2d 886 (2010).

IN COLLIER V. STATE, 834 S.E. 2d 769 (2019) JUSTICE, PETERSON ADDRESSES CRIMINAL DEFENDANTS ABILITY TO FILE MOTION TO WITHDRAW GUILTY PLEAS UPON THE GRANTING OF A MOTION FOR OUT-OF-TIME APPEAL... JUSTICE, PETERSON'S CONCURRENCE STATES AS FOLLOWS...

   " WHAT THE MAJORITY DOES NOT SAY TODAY, BUT MAY
    BE A FUTURE IMPLICATION OF ITS HOLDING, IS THAT
    A GRANTED MOTION FOR OUT-OF-TIME APPEAL FROM
    A GUILTY PLEA MAY CARRY WITH IT A SIMILAR
    OPPORTUNITY TO EXPAND THE RECORD WITH APPOINTED
    COUNSEL. ALTHOUGH WE HAVE NOT YET HELD THAT A
    GRANTED MOTION FOR OUT-OF-TIME APPEAL FROM A
    GUILTY PLEA AUTHORIZES NOT ONLY AN APPEAL BUT
    ALSO A MOTION TO WITHDRAW THE GUILTY PLEA,
    SUCH A CONCLUSION WOULD APPEAR TO BE MERELY

A LOGICAL EXTENTION OF STATEMENTS WE HAVE
PREVIOUSLY MADE. SEE GOODEN V. STATE, 305 Ga.
835, 837 n. 3. 828 S.E. 2d 302 (2019) (RECOGNIZING
NO DISCERNABLE BASIS ON WHICH to DISTINGUISH
MOTIONS FOR NEW TRIAL AND MOTIONS TO WITHDRAW
A GUILTY PLEA (AS TO WHEN INEFFECTIVE ASSISTANCE
CLAIMS CAN BE RAISED). AND INDEED, THE COURT OF
APPEALS HAS ALREADY ALLOWED SUCH MOTIONS. SEE
DAWSON V. STATE, 302 Ga. App. 842, 843-844, 691
S.E. 2d 886 (2010)."

THEREFORE HAVING CLEARLY SHOWN AND CONTENDED THAT THE
CAUSE FOR NOT TAKING A TIMELY APPEAL IS DUE TO INEFFECTIVE
ASSISTANCE OF PLEA COUNSEL, ELIZABETH VILA BOGAN, IN
VIOLATION OF DEFENDANT BURTON'S RIGHT TO COUNSEL,
DEFENDANT IS ENTITELD TO A EXPEDITED HEARING ON
HIS MOTION FOR OUT-OF-TIME APPEAL SO THE COURT
CAN MAKE A FACTUAL INQUIRY INTO WHOM BORE
THE RESPONSIBILITY FOR NOT TIMELY APPEALING. AND UPON
A GRANT OF HIS MOTION FOR OUT-OF-TIME APPEAL
DEFENDANT BURTON SHOULD BE GRANTED LEAVE TO
FILE A MOTION TO WITHDRAW GUILTY PLEA, WITH THE
ASSISTANCE OF APPOINTED COUNSEL.

WHEREFORE DEFENDANT REQUEST AN OUT-OF-TIME APPEAL AND HEREAFTER
INCORPORATES A MOTION FOR EXPEDITED HEARING THAT FOLLOWS ...

*Chazrel Burton*
CHAZREL BURTON                          9 of 14