# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| SB REIM, LLC | ) |
| | ) |
| and | ) |
| | ) |
| STONEBRIDGE EAST COBB | ) |
| APARTMENTS, LP | ) |
| | ) CIVIL ACTION |
| Plaintiffs, | ) FILE NO. _____ |
| | ) |
| v. | ) |
| | ) |
| THE HARFORD MUTUAL | ) |
| INSURANCE COMPANY, also | ) |
| known as THE HARFORD | ) |
| MUTUAL INSURANCE | ) |
| COMPANY, INC., | ) |
| | ) |
| Defendant. | ) |

## **COMPLAINT**

Plaintiffs SB Reim, LLC ("SBR") and Stonebridge East Cobb Apartments, LP ("SECA") (SBR and SECA are collectively "Plaintiffs"), by and through their undersigned counsel of record, hereby file this Complaint against Defendant The Harford Mutual Insurance Company, also known as The Harford Mutual Insurance Company, Inc. ("Insurer"), showing the Court as follows:

1

## PARTIES, JURISDICTION, AND VENUE

1. SBR is a limited liability company organized under the laws of Delaware. SBR is a citizen of Delaware and the District of Columbia. SBR is an insured under an insurance policy issued by Insurer, the breach of which is the subject of this action.

2. SECA is a limited partnership. SECA is a citizen of Delaware, the District of Columbia, and a foreign citizen. SECA is an insured under an insurance policy issued by Insurer, the breach of which is the subject to this action.

3. On information and belief, Insurer The Harford Mutual Insurance Company, the insurer on the insurance policy at issue in this action, is registered to do business in Georgia under the name The Harford Mutual Insurance Company, Inc. On information and belief, Insurer is an insurance company organized under the laws of Maryland with its principal place of business in Maryland. Insurer is a citizen of Maryland.

4. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332 because the action is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. This Court has personal jurisdiction over Insurer because Insurer is registered to conduct business in Georgia and because Insurer reached into Georgia

to insure a property located in Cobb County, Georgia and this dispute arises out of Insurer's breaches of its obligations under that insurance policy regarding property located in Cobb County, Georgia.

6. Venue is proper in this Court under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in Cobb County, Georgia, namely the insured flood event at issue in this case, and because the insured property that is the subject of the action is situated in Cobb County, Georgia.

## FACTUAL BACKGROUND

7. SBR is the sole member and owner of the controlling general partner interest in SECA. SECA owned, at all relevant times, an apartment complex in Cobb County, Georgia known as the Landry at East Cobb, located at the common address of 2575 Delk Rd SE, Marietta, GA 30067 (the "Property").

8. Plaintiffs obtained a property insurance policy from Insurer, policy number 9203316, for the policy period February 1, 2021 to February 1, 2022, insuring the Property against certain losses including but not limited to losses caused by flood damage to the Property (the "Policy"). A true and accurate copy of the Policy and the Addendum thereto are attached hereto and incorporated herein by reference as **Exhibit 1**.

9. Both Plaintiffs are named insureds on the Policy.

10. On or about September 7, 2021, a torrential storm overflowed a creek near the Property. The flood caused substantial damage to the Property which necessitated substantial expenditures by Plaintiffs to mitigate and then repair and remediate the damage to the Property, and also caused business interruption to Plaintiffs (the "Loss").

11. BluSky Restoration Contractors, LLC ("BluSky") was hired at Plaintiffs' expense to mitigate, repair, and remediate the damage from the Loss.

12. Plaintiffs timely made a claim for the flood related damages on the Policy.

13. The invoices which make up the Plaintiffs' claim of $185,972.50 for various flood-related mitigation, repair and remediation invoices, in addition to the BluSky charges, were transmitted to Insurer representatives Matt Moreau and Mike Gates in November 2021.

14. No later than April 14, 2022, Plaintiffs submitted claims for BluSky charges totaling $1,910,625.84 to the Insurer.

15. Detailed line-item accountings of the BluSky charges totaling $1,910,625.84 were received by Insurer's adjuster Mike Gates no later than March 23, 2022. BluSky reduced its charges to $1,799,673.42 as result of a May 24, 2022,

walk-through of the Property by Insurer's adjuster, BluSky's representative, and the Plaintiffs' public adjuster. A detailed accounting of these revised BluSky charges was transmitted to Mr. Gates on May 25, 2022.

16. The Plaintiffs' business interruption claim of $42,599, along with detailed backup, was received by Insurer on June 22, 2022.

17. In the period between the flood event on September 7, 2021 and BluSky providing Insurer the detailed, line-item accounting in March 2022, Plaintiffs' representatives held weekly calls to discuss progress of the repair work at the Property, and Insurer's representatives Mike Gates and Matt Moreau were invited to these calls. Similarly, Plaintiffs generated and regularly updated a "project tracker" spreadsheet tracking progress of the repairs which, along with other relevant information including pictures, were posted to an electronic portal to which Insurer had contemporaneous access.

18. As a direct and proximate result of the Loss, Plaintiffs have incurred the following damages covered by the Insurer's Policy: (1) $1,799,673.42 for charges by BluSky to mitigate, remediate, and repair flood damages; (2) $42,559 for interruption to Plaintiffs' business; and (3) accruing attorney's fees and interest charges of BluSky; and (4) $185,972.50 for various flood-related repair and remediation invoices. The $1,799,673.42 for charges by BluSky to mitigate,

remediate and repair flood damages, plus $42,559 for interruption to Plaintiffs' business, plus $185,972.50 for various flood-related mitigation, repair and remediation invoices are referred to hereinafter as the "Damages".

19.    Despite Plaintiffs' demands to Insurer and the evidence of the amounts owed to Plaintiffs for the Damages, Insurer has only paid Plaintiffs $143,670.81. The remaining unpaid damages of $1,884,534.11 for charges by BluSky to mitigate, remediate and repair flood damages, plus costs for interruption to Plaintiffs' business, plus various flood-related mitigation, repair and remediation charges are referred to herein after as the "Unpaid Damages".

20.    Insurer's determination that Plaintiffs were due only $143,670.81 under the Policy on account of the Loss was communicated to Plaintiffs on December l6, 2021, before BluSky's work was complete, before BluSky transmitted its detailed accounting in March 2022, and before Insurer inspected the Property in person (through its adjuster) in May 2022.

21.    Despite Insurer's receipt of clear evidence that its initial payment was grossly insufficient to cover Plaintiffs' Damages, Insurer has not made any additional payment or offer of payment since December 2021, despite Plaintiffs' repeated demands that it do so.

22. Insurer made no adjustment or meaningful effort to adjust Plaintiffs' claim in response to information provided by Plaintiffs following Insurer's initial claim determination in December 2021. Instead, Insurer for months has refused to face the obvious reality of the severe damage to the Property and the Damages incurred by Plaintiffs, despite significant news coverage showing just that,[1] and despite the extensive and detailed evidence provided by Plaintiffs to Insurer demonstrating the covered Damages incurred by Plaintiffs.

23. To date, Insurer has only paid $143,670.81 (less deductible) toward Plaintiffs' Damages. Insurer's payment of $143,670.81 covers only approximately 8% of the BluSky charges and less than 8% of Plaintiffs' total Damages incurred to date due to the Loss.

24. On November 17, 2022, Plaintiffs sent a demand to Insurer, pursuant to O.C.G.A. § 33-4-6, regarding Plaintiffs' claims and demanding full payment of Plaintiffs' Unpaid Damages.  A true and correct copy of the demand is attached hereto and incorporated herein by reference as **Exhibit 2**. Plaintiffs' November 17, 2022 demand to Insurer demanded payment from Insurer of the Unpaid Damages within 60 days of Insurer's receipt of the letter.

---

[1] www.fox5atlanta.com/news/flash-floods-trap-residents-strand-drivers-in-cobb-county ("Multiple cars had floated around, slamming into each other due to the rising storm waters")

25. The Loss is covered under the terms of the Policy and Insurer is obligated under the Policy to reimburse Plaintiffs for the Damages, less deductible.

26. The Policy was in full force and effect at the time of the Loss.

27. The claims asserted by Plaintiffs are not excluded by any exclusions under the Policy.

28. Plaintiffs have satisfied all conditions precedent to bringing this lawsuit.

## COUNT I
## ACTION FOR BREACH OF CONTRACT

29. Plaintiffs incorporate herein by reference all allegations contained in Paragraphs 1 through 28 of this Complaint and reiterate all of those allegations.

30. The Loss, and all resulting Damages, are covered under, and not excluded by, the Policy.

31. Insurer has failed, refused and/or neglected to timely or properly adjust or pay for the full amount of the Unpaid Damages arising from the Loss pursuant to the Policy and therefore is in breach of its contractual obligations to Plaintiffs.

32. Insurer's breach of its obligations under the Policy constitutes a breach of contract.

33. Plaintiffs have suffered the Unpaid Damages as a result of Insurer's breach of the insurance contract and these Unpaid Damages include but are not

limited to: (1) the unreimbursed portion of the cost of repair totaling $1,656,002.61 ($1,799,673.42 less $143,670.81); (2) other ancillary expenses to remediate flood damage totaling approximately $185,972.50; and (3) business interruption losses totaling $42,559. In addition, Insurer is liable to Plaintiffs for accruing attorney fees and interest charges by BluSky as a result of Insurer's breach of contract. These damages result from Insurer's failure to fully investigate, adjust, and pay the claims for the flood Loss to Plaintiffs, the insureds. As the insureds, Plaintiffs are the parties which have the right to complain about the contract being broken or breached by Insurer.

34.     Plaintiffs' principal Unpaid Damages of $1,884,534.11 are liquidated and have been liquidated since at least November 17, 2022 when Plaintiffs made demand for those amounts on Insurer.

35.     Plaintiffs have performed all conditions precedent to recover from Insurer the Unpaid Damages plus accruing attorney's fees and interest charges by BluSky sought in this Count or those conditions precedent have been waived, occurred, or otherwise satisfied.

36.     Plaintiffs are entitled to recover from Insurer prejudgment interest on Plaintiffs' principal Unpaid Damages of $1,884,534.11 pursuant to O.C.G.A. §§ 13-6-13 and 7-4-2 at the legal rate of seven percent per annum on the total principal

amount of the Unpaid Damages from the date those damages were incurred to the date of judgment in the action.

37.    In the alternative to the interest addressed in paragraph 36 of this Complaint, the sums sought being fixed or certain amounts, the Plaintiffs are entitled to recover from Insurer prejudgment interest under O.C.G.A. §§ 7-4-15 and 7-4-2 from Insurer on Plaintiffs' principal damages of $1,884,534.11 from the date of Plaintiffs' demand to Insurer for payment of those amounts.

**WHEREFORE**, Plaintiffs respectfully request that the Court enter judgment in favor of Plaintiffs and against Insurer in the following amounts:

(a) the principal amount of $1,884,534.11; plus

(b) attorney's fees and interest amounts charged by BluSky against Plaintiffs which continue to accrue; plus

(c) prejudgment interest at the legal rate of seven percent per annum on the principal amount awarded to Plaintiffs; plus

(d) all costs of this action; plus

(e) post-judgment interest at the rate permitted by law on the principal amount and attorney's fees awarded to Plaintiffs; plus

(f) such other and further relief as the Court deems just and proper.

## COUNT II
## ACTION FOR INSURER'S BAD FAITH AND ATTORNEY'S FEES
## UNDER O.C.G.A. § 33-4-6

38. Plaintiffs incorporate herein by reference all allegations contained in Paragraphs 1 through 37 of this Complaint and reiterate all of those allegations.

39. The Policy covers 29 apartment units at the Property to which the Damages are applicable. Insurer's payment of $143,670.81, just a fraction of Plaintiffs' true, recoverable loss under the Policy and a fraction of the true cost of mitigating damages and repairing and remediating the Property, is patently incorrect and bad faith *per se*.

40. Further exemplifying Insurer's bad faith with respect to Plaintiffs' claim, Insurer appears to have valued the flood loss based on Category 1 water damage, when the water damage should unequivocally be categorized as a Category 3 loss, because the flood was from unsanitary creek water. Insurer's letter of November 10, 2022 claimed Insurer's assessment is based on "all three categories of water loss", which is not only incorrect but arbitrary, illogical and a complete disregard of the facts.

41. Additionally, after Insurer received information in March, April, and May 2022 showing that Insurer had grossly undervalued the amount of Plaintiffs' loss, Insurer made repetitive requests for Plaintiffs to provide documents that were

11

already in the possession of Insurer. Notwithstanding Plaintiffs providing these documents, in some cases multiple times, Insurer made no additional payment on Plaintiffs' claim. Instead, Insurer demanded Plaintiffs undergo the unusual and costly exercise of an examination under oath.  Plaintiffs submitted to the examination. Despite Plaintiffs' cooperation with this unreasonable demand, Insurer still refused to pay additional funds on the claim.

42.   Insurer has acted in bad faith by failing to adopt and implement procedures for the prompt investigation and settlement of the claim arising under the Policy. Insurer has not attempted in good faith to effectuate a prompt, fair, and equitable settlement of the claim even though coverage is clear.  Finally, Insurer has compelled Plaintiffs to engage attorneys, incur legal costs, and institute suit to recover the amounts due under the Policy by refusing to make a reasonable payment or offer of payment.

43.   As noted previously, on November 17, 2022, Plaintiffs sent a demand to Insurer pursuant to O.C.G.A. § 33-4-6 regarding Plaintiffs' claims and demanding full payment of Plaintiffs' Damages.  See **Exhibit 2**.

44.   Plaintiffs' November 17, 2022, demand was sent to Insurer and its counsel more than 60 days before this action was filed.

45. Plaintiffs' November 17, 2022, demand to Insurer was made at a time when immediate payment for the claims resulting from the flood were due.

46. Plaintiffs' November 17, 2022, demand to Insurer made it clear that Insurer was facing a bad faith claim for its failure to pay for the Unpaid Damages caused by the flood.

47. Insurer's failure to pay the claim for the flood Unpaid Damages for over a year after the Damages were incurred constitutes bad faith conduct.

48. Pursuant to O.C.G.A. § 33-4-6(a), given Insurer's bad faith refusal to pay the Unpaid Damages, in addition to the loss amount due under the Policy, Plaintiffs are entitled to not more than 50 percent of the liability of Insurer for the loss or $5,000.00, whichever is greater, and all reasonable attorney's fees for the prosecution of the action against Insurer.

49. Pursuant to O.C.G.A. § 33-4-6(b), Plaintiffs, within 20 days of bringing this action, in addition to completing service of process, will also mail to the Commissioner of Insurance a copy of the Demand and this Complaint by first-class mail.

50. Plaintiffs have performed all conditions precedent to recover the Unpaid Damages sought in this Count or those conditions precedent have been waived, occurred, or otherwise satisfied.

**WHEREFORE**, Plaintiffs respectfully request that the Court enter judgment in favor of Plaintiffs and against Insurer for Insurer's bad faith in failing to properly investigate, adjust, and pay Plaintiff's claims resulting from the flood for the following amounts:

(a) the principal amount of $1,884,534.11; plus

(b) attorney's fees and interest amounts charged by BluSky against Plaintiffs which continue to accrue; plus

(c) prejudgment interest at the rate of seven percent per annum on the principal amount awarded to Plaintiffs; plus

(d) a penalty of 50 percent of the amount determined to be due and unpaid under the Policy; plus

(e) all reasonable attorney's fees incurred by Plaintiffs in pursuing their claims against Insured; plus

(f) all cost of this action; plus

(g) post-judgment interest at the rate permitted by law on the principal amount and attorney's fees awarded to Plaintiffs; plus

(h) such other and further relief as the Court deems just and proper.

## COUNT III
## ATTORNEY'S FEES AND EXPENSES
## PURSUANT TO O.C.G.A. § 13-6-11

51.     Plaintiffs incorporate herein by reference all allegations contained in Paragraphs 1 through 47 of this Complaint and reiterate all of those allegations.

52.     Insurer failed to properly investigate, adjust, and pay Plaintiffs in full for the flood and resulting damage to the Property and lost revenue despite multiple timely and proper claims being made under the Policy.

53.     Insurer is aware of the monies owed to Plaintiffs for the flood and resulting Unpaid Damages under the Policy, but Insurer has knowingly and willfully failed to pay Plaintiffs for the same.

54.     Insurer's conduct by failing to pay monies which are clearly owed Plaintiffs for the flood and resulting Unpaid Damages under the Policy, constitutes, pursuant to O.C.G.A. § 13-6-11, bad faith and stubbornly litigious conduct and has caused Plaintiffs unnecessary trouble and expenses in order to obtain payment of the monies owed to Plaintiffs by Insurer under the Policy.

55.     In light of the conduct of Insurer which constitutes bad faith conduct, stubbornly litigious conduct, and conduct which has caused Plaintiffs unnecessary trouble and expense to obtain the monies owed to Plaintiffs by Insurer for the flood and resulting damage to the Property and lost revenue which are covered by the

Policy, Plaintiffs are entitled to recover from Insurer their attorney's fees and expenses of litigation pursuant to O.C.G.A. § 13-6-11 from Insurer.

56. Plaintiffs have performed all conditions precedent to recover the damages sought in this Count or those conditions precedent have been waived, occurred, or otherwise satisfied.

**WHEREFORE**, Plaintiffs respectfully request that the Court enter judgment in favor of Plaintiffs and against Insurer for the following amounts:

(a)  the principal amount of $1,884,534.11; plus

(b)  attorney's fees and interest amounts charged by BluSky against Plaintiffs which continue to accrue; plus

(b)  prejudgment interest at the rate of seven percent per annum on the principal amount awarded to Plaintiffs; plus

(c)  all reasonable attorney's fees and other expenses of litigation incurred by Plaintiffs in pursuing their claims against Insured; plus

(d)  all cost of this action; plus

(e)  post-judgment interest at the rate permitted by law on the principal and attorney's fees awarded to Plaintiffs; plus

(f)  such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby respectfully demand a trial by jury as to all Counts and issues in this Complaint which are so triable.

Respectfully submitted,

**SMITH, CURRIE & HANCOCK LLP**

*/s/ Stephen Gregory Joy*
Stephen Gregory Joy
Georgia Bar No. 405495

*/s/ Brent R. Laman*
Brent R. Laman
Georgia Bar No. 173977
SMITH, CURRIE & HANCOCK LLP
2700 Marquis One Tower
245 Peachtree Center Avenue, N.E.
Atlanta, Georgia 30303
Telephone: (404) 521-3800
Facsimile: (404) 688-0671
sgjoy@smithcurrie.com
brlaman@smithcurrie.com

*Counsel for the Plaintiffs*