IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CARVIS SMITH,<br><br>    Plaintiff,<br><br>v.<br><br>DBA B.B.Q., LLC,<br><br>    Defendant. | Civil Action No.<br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES

COMES NOW, Carvis Smith ("Plaintiff" or "Mr. Smith"), by and through his undersigned counsel, and files this, his Complaint for Damages, and shows the Court as follows:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action for damages, and reasonable attorney fees against Defendant DBA B.B.Q., LLC ("Defendant") for violations of his rights under the Civil Rights Act of 1991, 42 U.S.C. § 1981, et. seq. ("Section 1981"), and Title VII of the Civil Rights Act of 1964, as amended ("Title VII").

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331, 28 U.S.C. §§ 1343, and 42 U.S.C. § 1981.

3.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391, and 42 U.S.C. §1981, venue is appropriate in this Court.

## ADMINISTRATIVE PROCEDURES

4.

Plaintiff has fulfilled all conditions necessary to proceed with this cause of action under Title VII. Plaintiff filed his Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on September 15, 2022; the EEOC issued its Notice of Right to Sue on March 15, 2023.

5.

Plaintiff timely files this action within ninety (90) days of receipt of the Notice of Right to Sue from the EEOC.

## PARTIES

### 6.

Plaintiff is a Male citizen of the United States of America and is subject to the jurisdiction of this Court.

### 7.

At all times relevant, Defendant was qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District. During all times relevant hereto, Defendant has employed fifteen (15) or more employees for the requisite duration under the Title VII. Defendant is therefore covered under Title VII in accordance with 42 U.S.C. § 2000e(b).

### 8.

Defendant may be served with process by delivering a copy of the summons and complaint to its registered agent, Glenn M. Lyon, Esq. located at 1397 Carroll Drive, NW, Suite 200, Atlanta, GA, 30318, USA.

## FACTUAL ALLEGATIONS

### 9.

On or about October 1, 2021, Mr. Smith began working for Defendant as a Cook.

10.

From the beginning of his employment, Mr. Smith was subjected to a racially hostile work environment.

11.

Defendant's owner, Matt Coggin, constantly made racially discriminatory remarks.

12.

Coggin said things like, "I know that Black don't crack but some of y'all are ugly."

13.

Coggin said that "Black babies look like monkeys sometimes."

14.

He said, "Carvis, what is taking you so long? I thought all Black people know how to fry chicken."

15.

Coggin also said he "thought all Black men had large penises."

16.

Coggin told Mr. Smith that he would not bring his wife around Mr. Smith because "Black men are known to cheat."

17.

When Coggin and Mr. Smith had a conversation about having an employee appreciation event, Coggin stated, "I am not going to feed you Black people fried chicken and watermelon, you can get that at home. Don't all you black people eat that at home?"

18.

Mr. Smith was subjected to these and other racial comments on a near daily basis.

19.

Coggin also had a different standard for white and black employees.

20.

Coggin referred to Black employees as lazy.

21.

Coggin said that Black people wanted something for nothing.

22.

Coggin said that Black people were violent.

23.

Coggin primarily hired only Black and Latinos to work in the kitchen jobs but preferred white people in the front of the house jobs.

24.

Coggin also allowed white employees to refuse to work, but when black people did the same, they were called lazy.

25.

On one occasion, there was an opening at the dishwasher position.

26.

Coggin first asked a white employee to work as a dishwasher. The white employee initially agreed but later decided he did not want to do it.

27.

Coggin did not threaten the employee or fire the person.

28.

When the white person, whose name was Devin, told Coggin that he would not do the dishes, Coggin told Mr. Smith to do it. Mr. Smith did not have a choice to turn it down.

29.

Devin did not get fired for refusing to do the extra duty.

30.

Coggin also hired Adrienne (LNU) as a supervisor. Adrienne constantly yelled at the Black kitchen staff, but she did not yell at Latino employees.

31.

After enduring Adrienne's abuse for some time, Mr. Smith and some other Black cooks staged a walkout to protest the way she was treating them.

32.

Eventually, the cooks and Mr. Smith agreed to return to work after Adrienne left the company.

33.

When Coggin replaced her, he replaced her with a Black male.

34.

Coggin then told the cooks that he hired a Black expediter because he thought the Black cooks would like a Black person better.

35.

On or around August 10, 2022, Mr. Smith was working a closing shift.

36.

After the restaurant closed, an order came in that needed a fryer.

37.

Before the order came in, Coggin had already approved shutting down the fryers and draining them.

38.

The oil in the fryer is up to 400 degree so it was a safety hazard to continue to handle the oil after it was drained.

39.

Mr. Smith explained to Mr. Coggin that the fryer was already shut down and drained, and it would be a safety hazard to pick up the hot oil and pour it back into the fryer.

40.

Coggin became enraged and threatened to fire Mr. Smith.

41.

When Mr. Smith told Coggin he would have to apply for unemployment if Coggin fired him, Coggin called Mr. Smith racially coded words, saying that he was lazy and that "[his] people" were always trying to get something for nothing, referring to black people.

42.

Coggin threatened to lie and told Mr. Smith to leave the property, saying he did not know what Mr. Smith might do.

43.

Mr. Smith never showed violence or the propensity to be violent.

44.

Coggin terminated Mr. Smith.

45.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text.

46.

Plaintiff was treated less favorably in the terms or conditions of employment than others outside of his protected class, i.e., African American/Black.

## CLAIMS FOR RELIEF

## COUNT I:  RACE DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

47.

Plaintiff re-alleges paragraphs 9-46 as if set forth fully herein.

48.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of his race in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq.

49.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and its discrimination against Plaintiff was undertaken in bad faith.

9

50.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected his status as an employee because of his race.

51.

As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has been made the victim of acts that have adversely affected his economic, psychological, and physical well-being.

52.

Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful discrimination.

## COUNT II:  RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

53.

Plaintiff re-alleges paragraphs 9-46 as if set forth fully herein.

54.

Defendant's actions, as detailed above, in terminating Plaintiff because of his protected activity constitutes unlawful intentional retaliation in violation of Title VII.

55.

Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's retaliation against Plaintiff was undertaken in bad faith.

56.

Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful retaliation.

## COUNT III:  VIOLATION OF 42 U.S.C. § 1981

57.

Plaintiff re-alleges paragraphs 9-46 as if set forth fully herein.

58.

Defendant subjected Plaintiff to discrimination and harassment on the basis of his race (African American/Black).

59.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of race in violation of 42 U.S.C. section 1981.

60.

The effect of the conduct was to deprive Plaintiff of economic opportunites, and otherwise adversely effect Plaintiff's status as an employee, because of his race.

11

61.

As a direct and proximate result of these actions, Plaintiff has been made a victim of acts that adversely affected his psychological and physical well being.

62.

As a direct and proximate result of Defendant's unlawful employment practices, Plaintiff has been embarrassed, humiliated and has suffered damage to his emotional health, and has lost back pay and front pay.

63.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

64.

Defendant chose not to take appropriate remedial steps to prevent or correct the harassment.

**COUNT IV:  VIOLATION OF 42 U.S.C. § 1981 RETALIATION**

65.

Plaintiff re-alleges paragraphs 9-46 as if set forth fully herein.

66.

Plaintiff engaged in protected conduct when he complained about race-based discrimination.

67.

Defendant subjected Plaintiff to adverse employment actions after Plaintiff engaged in protected conduct.

68.

There was a causal connection between the protected conduct and the adverse action.

69.

As a direct and proximate result of these actions, Plaintiff has suffered damages.

70.

Defendant, therefore, is liable for the damages caused proximately resulting from its retaliation.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment as follows:

(a) General damages for mental and emotional suffering caused by Defendant's misconduct;

(b) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c) Reasonable attorney's fees and expenses of litigation;

(d) Trial by jury as to all issues;

(e) Prejudgment interest at the rate allowed by law;

(f) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory

rights;

(g) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting

Defendant from further unlawful conduct of the type described herein; and

(h) All other relief to which he may be entitled.

Respectfully submitted this 16th day of March 2023.

**BARRETT & FARAHANY**

*/s/ Ianna O. Richardson*
Ianna O. Richardson
Georgia Bar No. 655153

*Counsel for Plaintiff*

P.O. Box 530092
Atlanta, Georgia 30353
(404) 214-0120
ianna@justiceatwork.com