**EXHIBIT**

**B**

ID# E-WPRANMT2-KXY
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**23-A-323**

JAN 25, 2023 05:08 PM

Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| Rolly Willis, | * | |
| | * | |
| | * | **Civil File** |
| Plaintiff, | * | No._____ |
| | * | |
| vs. | * | |
| | * | |
| The Kroger Company and | * | |
| John Does 1, 2, 3 | * | |
| | * | |
| Defendants. | * | **DEMAND FOR JURY TRIAL** |

### COMPLAINT FOR PERSONAL INJURIES

COMES NOW, the Plaintiff Rolly Willis, (hereinafter "Plaintiff") by and through the undersigned Counsel of Record and shows this Court the following facts and circumstances in support of this Complaint.

### VENUE AND JURISDICTION

1.

Plaintiff is a resident of the State of Georgia and submits himself to the jurisdiction of this Court.

2.

The Kroger Co. is a foreign for-profit corporation with its principal place of business in Cincinnati, Ohio. It is subject to the jurisdiction of this Court and, pursuant to O.C.G.A. § 9-11-4(e)(1), can be served with a Summons and Complaint For Personal Injuries, Plaintiff's First Admissions to Defendant, Plaintiff's First Interrogatories to Defendant and Plaintiff's First Request for Production of Documents by delivery of the same to its registered agent CSC of Cobb County, Inc., located 192 Anderson Street SE, Suite 125, Marietta, Cobb County, GA 30060.

3.

Jurisdiction and venue are proper in this Court.

## FACTUAL BACKGROUND

4.

On or about February 06, 2021, Plaintiff entered onto Defendant the Kroger Company's premise located at 3300 Hamilton Mill Road, Atlanta GA as an invitee to drop off a pallet of Pepsi products.

5.

Whilst at the premise, Plaintiff slipped and fell on a dockboard/ dock plate located by the loading dock of the Defendant's premise.

6.

The dockboard/ dock plate did not have slip resistant grooves.

7.

Plaintiff was wearing appropriate work boots at the time, but the dockboard/ dock plate without anti-slip grooves did not provide enough traction to prevent a slip and fall.

8.

Plaintiff immediately felt a sharp pain in his knee and sought medical treatment later that day in the emergency room.

9.

Plaintiff was diagnosed with a torn meniscus.

10.

As a result of the slip and fall, Plaintiff suffered injuries for which required emergent and follow up medical treatment.

## COUNT I- NEGLIGENCE

11.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 10 above as if fully restated.

12.

Under Georgia law, "[w]here an owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe." O.C.G.A. § 51-3-1.

13.

Plaintiff alleges that the aforesaid slip and fall incident was proximately caused by the negligence of the Defendant and said acts of negligence of said individual include, but are not limited to, the following:

a) Failure to exercise ordinary care in keeping premise safe;

b) Failure to reasonably inspect premise for slip-related hazards;

c) Failure to warn of hazardous conditions; and

d) Any and all acts of negligence which may be shown at trial.

14.

Defendant had a non-delegable duty to maintain a safe premise for its invitees and breached this duty.

15.

Defendant had actual and/or constructive knowledge of the hazardous condition.

16.

Plaintiff exercised ordinary care while traversing the premise.

17.

Despite exercising ordinary care, Plaintiff lacked knowledge of the hazardous condition(s) and ultimately suffered injuries from said hazardous condition(s).

18.

As a direct result of Defendant's negligence and the negligence of Defendant's employees, Plaintiff incurred injuries requiring emergent medical treatment as well as extensive follow-up treatments.

## COUNT II- DAMAGES

19.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 18 above as if fully restated.

20.

As a result of Defendant's negligence, Plaintiff suffered bodily injuries.

21.

As a result of Defendant's negligence, Plaintiff has incurred past medical expenses exceeding $28,000.00 and will continue to incur future medical expenses.

22.

As a result of these Defendant's negligence, Plaintiff was unable to work and has a claim for past lost wages.

23.

Defendant's negligence is sole and proximate cause of Plaintiff's injuries.

WHEREFORE, the Plaintiff having set forth the facts and circumstances in support of this cause of action, respectfully requests to be GRANTED:

a) A trial by jury;

b) Plaintiff recover the full value of past and future medical expenses and past lost wages in an amount to be proven at trial;

c) Plaintiff recover for physical and mental pain and suffering in an amount to be determined by the enlightened conscience of a jury;

d) Compensatory damages in an amount to be determined at trial; and

e) Such other relief as this Court may deem fair and reasonable.

This the 25th day of January 2023.

Respectfully submitted,

MONGE & ASSOCIATES,

/s/ Asya-Lorrene Morgan

Asya-Lorrene Morgan, Esq.
Georgia State Bar No. 476351
Attorney for Plaintiff

8205 Dunwoody Place
Building 19
Atlanta, Georgia 30350
800-899-5750
Asya@Monge.Lawyer

ID# E-WPRANMT2-YQ5
⚡ EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**23-A-323**

JAN 25, 2023 05:08 PM

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

|  |  |  |
|---|---|---|
| **Rolly Willis,** | * | |
| | * | |
| **Plaintiff,** | * | **Civil File** |
| | * | **No.**_____ |
| **vs.** | * | |
| | * | |
| **The Kroger Company and** | * | |
| **John Does 1, 2, 3** | * | |
| | * | |
| **Defendants.** | * | **DEMAND FOR JURY TRIAL** |

### PLAINTIFF ROLLY WILLIS' FIRST CONTINUING INTERROGATORIES TO DEFENDANT THE KROGER COMPANY

COMES NOW Rolly Willis (hereinafter "Plaintiff") pursuant to the Georgia Civil Practice Act and serves these Interrogatories upon The Kroger Company, (hereinafter "Defendant"), and requests that they be answered fully, in writing and under oath, within forty-five (45) days of the service hereof as prescribed in said Rule.

These Interrogatories shall be continuing in nature and therefore according to the rules of the Georgia Civil Practice Act, O.C.G.A. § 9-11-26(e), after you have responded to Interrogatories, you continue to be under a duty to supplement those Interrogatories to include information thereafter acquired with respect to any question directly addressed to the identity and location of persons having knowledge of discoverable matters and the identity of each person expected to be called as an expert witness at trial, the subject matter on which he is expected to testify, and the substance of his testimony. Furthermore, you are under a continuing duty seasonably to amend a prior response if you obtain information upon the basis of which you know that the response was incorrect when made or you know that the response, though correct when made, is no longer true and the circumstances are such that a failure to amend the response is, in substance, a knowing

concealment. In addition to the above, a further duty to supplement responses may be imposed on you by agreement of the parties or at any time prior to trial through new requests for supplementation of prior responses. O.C.G.A. § 9-11-26(e) as amended.

If you object to any portion of any interrogatory, answer such interrogatory fully to the extent that such objection does not apply. If you are unable to give an exact date or amount, please give the best approximate date or amount which can be provided. If you are unable to answer any part of any Interrogatory, answer the remaining parts as fully as possible and specify which part or parts you are unable to answer and why.

## I. <u>INSTRUCTIONS</u>

<u>Objections Based on Privilege</u>. If any documents or things requested herein are withheld under a claim of privilege, please provide the following information with respect to each such document or thing:

(a)     The type of document or thing, its general subject matter, and the place and approximate date it was prepared or created;

(b)     The name and title of each person who prepared or created the document or thing and the name and title of each other person who has received or examined the document or thing or a copy thereof;

(c)     The type of privilege claimed;

(d)     A statement of the circumstances which bear on whether or not the claim or privilege is appropriate and whether the privilege that is claimed should extend to all or just to part of the document or thing;

(e)     The number of each specific document request to which the withheld document is responsive; and

(f)      If privilege is claimed as to any document otherwise covered by this request for production, Plaintiffs request that each document as to which privilege is claimed be identified in a manner such that the court may determine whether or not such document is entitled to be accorded privileged status.

Documents No Longer in Possession. If any document within the scope of a document request was at one time in existence and under Defendant's possession, custody, or control, but has been lost, discarded, or destroyed, or has been removed from Defendant's possession, custody, or control, then with respect to each such document:

(a)      Identify and describe such document by date, title, and type of document;

(b)      State when each such document was most recently in the possession or subject to the control of Defendant and what disposition was made of such document, including an identification of the person, if any, presently in possession or control of such document;

(c)      State when such document was transferred or destroyed, identify the person who transferred or destroyed such document, the persons who authorized or directed that the document be transferred or destroyed or having knowledge of its transfer or destruction, and state the reason such document was transferred or destroyed; and

(d)      Identify all persons having knowledge of the contents thereof.

Organization of Documents. All documents produced in response to this request shall be organized and labeled to correspond with the number of the document request to which the documents are responsive.

## DEFINITIONS

As used herein, the terms listed below are defined as follows:

3

1.    "Document" shall mean every writing and record of every type and description that is or has been in the Defendant's possession, custody, or control or of which the Defendant has knowledge, including but not limited to correspondence, memoranda, email, tapes, stenographic or handwritten notes, studies, publications, books, pamphlets, voice recordings, minutes or statistical compilations, or any other recorded or graphic material in whatever form, including drafts and reproductions.

2.    "Person" shall mean any natural person, corporation, partnership, proprietorship, association, governmental entity, agency, group, organization, or group of persons.

3.    To "identify" a "document" shall mean to provide the following information irrespective of whether the document is deemed privileged or subject to any claim of privilege:

(a)    The title or other means of identification of each such document;

(b)    The date of each such document;

(c)    The author of each such document;

(d)    The recipient or recipients of each such document, including but not limited to the Defendant or anyone who purports to represent Defendant;

(e)    The present location of any and all copies of each such document in the care, custody, or control of the Defendant.

(f)    The names and current addresses of any and all persons who have custody or control of each such document or copies thereof; and

(g)    If all copies of the document have been destroyed, the names and current addresses of the person or persons authorizing the destruction of the document and the date the document was destroyed.

4.     To "identify" a natural person means to state that person's full name, title or affiliation, and last known address and telephone number. To "identify" a person that is a business, organization, or group of persons means to state the full name of such business, organization, or group of persons, the form of the business, organization, or group of persons and to "identify" the natural person who would have knowledge of the information sought by the interrogatory.

5.     "Relate to" or "related to" shall mean relating to, reflecting, concerning, or evidencing in any way.

6.     "Complaint" refers to the Complaint filed by Plaintiff in this action.

7.     If any interrogatory cannot be answered in full, answer to the extent possible and specify reasons for the inability to answer.

8.     When the identification of documents is requested by these Interrogatories, Defendant may, in lieu of identification, attach legible copies of the documents to its answer to the Interrogatories, provided it marks each document to designate the paragraph of the Interrogatory to which the document is responsive.

<u>**INTERROGATORIES**</u>

1.

Please identify each and every person who assisted in the preparation of your responses to these Interrogatories or who have provided information used for responding to these Interrogatories.

2.

Please identify the manager(s) and every employee working at the premise location on February 06, 2021 and include the following information for each individual: (a) Full Name, (b) Address, (c) Telephone Number, and (d) Job Title.

5

3.

If Defendant contends that it is not the proper corporate entity in this action, then please identify all such entities that Defendant contends are such correct entities.

4.

Please identify (name and address) all entities you believe are indispensable parties or that would be liable for any judgment obtained by Plaintiff.  State the facts you rely on for any party identified.

5.

Please identify all insurance policies (company name, policy number, liability limits) which may be liable to satisfy all or part of a judgment which may be entered in this action or to indemnify or reimburse you for payments made to satisfy such a judgment. For each policy, state whether it is drawn down or reduced as a result of the expenses of litigation.

6.

Please identify all persons retained by you or expected to be retained by you as expert witnesses for use at trial, and with respect to each expert identified, please state in detail the following:

    (a) The subject matter upon which each expert either has, or is expected to investigate and form an opinion;

    (b) The substance of the facts known and opinions held by each expert; and

    (c) A detailed summary of the grounds for each such opinion.

7.

Please identify the names, addresses, home telephone numbers, places of employment, job titles or capacities, and present whereabouts of all witnesses who either saw or claim they saw all

or any part of the occurrence complained of in this action, as well as those witnesses who arrived at the scene immediately or shortly after said occurrence.

8.

Please furnish a detailed factual basis for each defense and/or counterclaim you assert in your answer to Plaintiffs' Complaint.

9.

Please state in detail when, where, and how the incident occurred including whether or not Plaintiff or any Defendant negligently caused or contributed to the incident, everything done by any Defendant to avoid the incident, and whether any person not a Defendant caused or contributed to the incident.

10.

Do you contend any person or entity other than you is, or may be, liable in whole or in part for the claims asserted against you in this lawsuit? If so, please state the full name and address of each such person or entity, the legal basis for your contention, the facts or evidence upon which your contention is based, and whether you have notified each such person or entity of your contention.

11.

Do you deny that Plaintiff suffered an injury in this slip and fall incident? If so, please identify what reasonable investigating you have undertaken to determine if Plaintiff was, in fact, injured and any evidence you have supporting your denial.

12.

Please identify (name, address, employer) all investigators, adjusters, claims representatives, third party administrators, and other professionals who have examined the scene, examined the premise, or investigated the claims being brought against you.

13.

Please identify all persons who interviewed, hired, trained, and/or supervised each employee that worked on February 6, 2021. Please provide the job title and dates of involvement for each person listed.

14.

Please identify the person working for your organization with the best knowledge of your policies and procedures for loading dock maintenance and operation including safety precautions, operating procedures, training, job screening, and retention procedures and describe said policies and procedures.

15.

Please describe your policy for inspecting the loading dock at the subject premise for hazardous conditions.

16.

Please provide a privilege log stating all statements, documents, and other materials you are unable to provide due to a legal privilege asserted by your client.

17.

Please describe your policy for inspecting the loading dock located on the premise.

18.

Please state each time the subject premise was checked for hazardous conditions on February 6, 2021.

19.

Please provide the date upon which you reasonably anticipated litigation AND all facts and circumstances upon which you relied to anticipate litigation on that date.

20.

Please describe the lighting conditions in the hallway where the restroom facilities are located at the subject premise.

21.

State whether there are security cameras located on the loading dock at the subject premise.

This the 25th day of January 2023.

Respectfully submitted,

MONGE & ASSOCIATES,

*/s/ Asya-Lorrene Morgan*

Asya-Lorrene Morgan, Esq.
Georgia State Bar No. 476351
Attorney for Plaintiff

8205 Dunwoody Place
Building 19
Atlanta, Georgia 30350
800-899-5750
Asya@Monge.Lawyer

ID# E-WPRANMT2-ZSP
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**23-A-323**

JAN 25, 2023 05:08 PM

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

### IN THE STATE COURT OF COBB COUNTY
### STATE OF GEORGIA

| | | |
|---|---|---|
| **Rolly Willis,** | * | |
| | * | |
| | * | **Civil File** |
| **Plaintiff,** | * | **No.**_____ |
| | * | |
| **vs.** | * | |
| | * | |
| **The Kroger Company and** | * | |
| **John Does 1, 2, 3** | * | |
| | * | |
| **Defendants.** | * | **DEMAND FOR JURY TRIAL** |

### PLAINTIFF ROLLY WILLIS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT THE KROGER COMPANY

COMES NOW, the Plaintiff Rolly Willis, (hereinafter "Plaintiff") hereby requests that Defendant The Kroger Company, (hereinafter "Defendant") produce and/or permit the Plaintiff to copy the requested documents. Pursuant to O.C.G.A. §24-10-26, you are further requested to produce said documents at the trial of this case, whenever trial may be held. When used in the Request for Production of Documents, the identity "Defendant" or any synonym thereof is intended to and shall embrace and include, in addition to said entity, Counsel for Defendant, and all agents, servants, insurance adjusters, employees, representatives, private investigators, and others who are in possession of or may have obtained information for or on behalf of the Defendant.

This Request for the Production of Documents shall be deemed continuing, and supplemental answers shall be required if the Defendant either directly or indirectly obtains further information of the nature sought herein between the time that this Request is responded to and the time of the trial. These documents shall be produced at 10:00 a.m. on the forty-fifth (45) day after

service to Accident Attorneys of Monge & Associates, 8205 Dunwoody Place, Building 19, Atlanta, Georgia 30350, unless other arrangements are made between the parties.

## I. **INSTRUCTIONS**

Objections Based on Privilege. If any documents or things requested herein are withheld under a claim of privilege, please provide the following information with respect to each such document or thing:

(a)    The type of document or thing, its general subject matter, and the place and approximate date it was prepared or created;

(b)    The name and title of each person who prepared or created the document or thing and the name and title of each other person who has received or examined the document or thing or a copy thereof;

(c)    The type of privilege claimed;

(d)    A statement of the circumstances which bear on whether or not the claim or privilege is appropriate and whether the privilege that is claimed should extend to all or just to part of the document or thing;

(e)    The number of each specific document request to which the withheld document is responsive; and

(f)    If privilege is claimed as to any document otherwise covered by this request for production, Plaintiffs request that each document as to which privilege is claimed be identified in a manner such that the court may determine whether or not such document is entitled to be accorded privileged status.

Documents No Longer in Possession. If any document within the scope of a document request was at one time in existence[5] and under Defendant's possession, custody, or control, but

has been lost, discarded, or destroyed, or has been removed from Defendant's possession, custody, or control, then with respect to each such document:

    (a)    Identify and describe such document by date, title, and type of document;

    (b)    State when each such document was most recently in the possession or subject to the control of Defendant and what disposition was made of such document, including an identification of the person, if any, presently in possession or control of such document;

    (c)    State when such document was transferred or destroyed, identify the person who transferred or destroyed such document, the persons who authorized or directed that the document be transferred or destroyed or having knowledge of its transfer or destruction, and state the reason such document was transferred or destroyed; and

    (d)    Identify all persons having knowledge of the contents thereof.

    Organization of Documents.  All documents produced in response to this request shall be organized and labeled to correspond with the number of the document request to which the documents are responsive.

## DEFINITIONS

As used herein, the terms listed below are defined as follows:

1.    "Document" shall mean every writing and record of every type and description that is or has been in the Defendant's possession, custody, or control or of which the Defendant has knowledge, including but not limited to correspondence, memoranda, email, tapes, stenographic or handwritten notes, studies, publications, books, pamphlets, voice recordings, minutes or statistical compilations, or any other recorded or graphic material in whatever form, including drafts and reproductions.

2.      "Person" shall mean any natural person, corporation, partnership, proprietorship, association, governmental entity, agency, group, organization, or group of persons.

3.      "Relate to" or "related to" shall mean relating to, reflecting, concerning, or evidencing in any way.

4.      "Complaint" refers to the Complaint filed by Plaintiff in this action.

<u>**DOCUMENTS REQUESTED**</u>

1.

Please produce all documents, that you identified or were requested to identify in Plaintiff's First Continuing Interrogatories to Defendant, or which otherwise reflect, refer to, evidence, comment upon, or relate in any way to the information requested in Plaintiff's First Continuing Interrogatories to Defendant.

2.

Please produce all documents consulted, referred to, or otherwise utilized in any way in connection with the preparation of Defendant's responses to Plaintiff's First Continuing Interrogatories to Defendant.

3.

Please produce all documents which Defendant contends contain relevant information in support of any defense asserted by Defendant in this lawsuit.

4.

Please produce all insurance policies for which Defendant has liability or other insurance coverage relating to the subject matter of this litigation.

5.

Please produce any and all documents other than those requested above or below that reflect, refer, or relate to any of the facts that form the subject matter of this litigation.

6.

Please produce all incident reports, and/or transcripts of any judicial hearing relevant to the incident giving rise to this litigation.

7.

Please produce all photographs of the premise and Plaintiff involved in the incident which is the subject matter of the present civil action.

8.

Pursuant to O.C.G.A. § 9-11-34, please produce all information and documents produced in the above-styled action in response to any and all of Defendant's Non-Party Request for Production of Documents.

9.

Please produce a certified copy of all insurance agreements, policies, umbrella policies, indemnity agreements, and excess liability policies under which any person or corporation carrying on an insurance business may be liable to satisfy part or all of the judgment which may be entered in the above-named action or to indemnity or reimburse for payments made to satisfy the judgment.

10.

Please produce all documents which you have or subsequently receive in response to any O.C.G.A. 9-11-34 request issues to any non-party in the above styled action.

11.

Please produce all documents which Defendant contends contain relevant information in support of any defense asserted by Defendant in this lawsuit.

5

12.

Please identify and produce all evidence that this Court lacks jurisdiction over you, that there has been an insufficiency of process, or that there has been an insufficiency of service of process upon you.

13.

Please produce every policy, manual, handbook, training document that relates to floor cleaning, store inspection for hazardous conditions, lighting conditions, and spills.

14.

Please produce the logs evidencing inspection and maintenance of the loading dock area for three (3) years prior to and one (1) year after the subject incident occurred.

15.

Please produce the personnel file for every employee and manager that worked on February 6, 2021, including, but not limited to: application, training materials, pay rate information, performance reviews, reprimands, write-ups, and evaluations.

16.

Please produce every incident report relating to slip and falls that occurred on the loading dock of the subject premise three (3) years prior to and until February 06, 2021.

17.

Please identify and produce all correspondence between you and any party to this action.

18.

Please produce all videos of Plaintiff from February 06, 2021, while at the loading dock of the subject premise.

19.

Please produce all surveillance photographs and videos captured of Plaintiff.

20.

Please produce every document concerning policies, procedures, manuals, practices handbooks, training guides, and/or instructions for reporting injuries of invitees sustained whilst on a premise owned by Defendant.

21.

Please produce every document concerning policies, procedures, manuals, practices handbooks, training guides, and/or instructions for inspecting and maintaining the loading dock area.

22.

Please produce every document concerning the repair of loading dock where the incident underlying this Complaint occurred.

23.

Please produce any and all work orders, receipts, repair logs, part(s) orders, etc., evidencing the maintenance of the loading dock where the incident underlying this Complaint occurred.

This the 25th day of January 2023.

Respectfully submitted,

MONGE & ASSOCIATES,

/s/ *Asya-Lorrene Morgan*

Asya-Lorrene Morgan, Esq.
Georgia State Bar No. 476351
Attorney for Plaintiff

8205 Dunwoody Place
Building 19
Atlanta, Georgia 30350
800-899-5750
Asya@Monge.Lawyer

# STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

CLERK OF STATE COURT
COBB COUNTY, GEORGIA

## 23-A-323

JAN 25, 2023 05:08 PM

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

CIVIL ACTION NUMBER   23-A-323

WILLIS, ROLLY                                  $198.00 COST PAID

—————————————————————
**PLAINTIFF**

THE KROGER COMPANY                    **VS.**
DOE 1-3, JOHN

—————————————————————
**DEFENDANTS**

TO: THE KROGER COMPANY            **SUMMONS**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> Asya-Lorrene Morgan
> Monge & Associates
> 8205 Dunwoody Place
> Building 19
> Dunwoody, Georgia 30350

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 26th day of January, 2023.**

Clerk of State Court



*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

12 East Park Square, Marietta, Georgia 30090-9630
(770) 528-1220 Building B, First Floor-Civil Division            Page 1 of 1

**General Civil and Domestic Relations Case Filing Information Form**

ID# E-WPRANMT2-RRE
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

☐ Superior or ☑ State Court of __Cobb__ County

**23-A-323**

For Clerk Use Only

JAN 25, 2023 05:08 PM

Date Filed __01-25-2023__
MM-DD-YYYY

Case Number __23-A-323__

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

**Plaintiff(s)**

WILLIS, ROLLY

| Last | First | Middle I. | Suffix | Prefix |
| --- | --- | --- | --- | --- |

| Last | First | Middle I. | Suffix | Prefix |
| --- | --- | --- | --- | --- |

| Last | First | Middle I. | Suffix | Prefix |
| --- | --- | --- | --- | --- |

| Last | First | Middle I. | Suffix | Prefix |
| --- | --- | --- | --- | --- |

**Defendant(s)**

THE KROGER COMPANY

| Last | First | Middle I. | Suffix | Prefix |
| --- | --- | --- | --- | --- |

DOE 1-3, JOHN

| Last | First | Middle I. | Suffix | Prefix |
| --- | --- | --- | --- | --- |

| Last | First | Middle I. | Suffix | Prefix |
| --- | --- | --- | --- | --- |

| Last | First | Middle I. | Suffix | Prefix |
| --- | --- | --- | --- | --- |

Plaintiff's Attorney __Morgan, Asya-Lorrene__     Bar Number __476351__     Self-Represented ☐

Check one case type and, if applicable, one sub-type in one box.

**General Civil Cases**

- ☑ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**

- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____     _____
Case Number           Case Number

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____
Language(s) Required

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____

Version 1.1.20

1D-E-29UXELMV-5KF
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**23-A-323**

FEB 16, 2023 02:16 PM

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

Rolly Willis,

      Plaintiff(s),

vs.

                             Case No.: 23-A-323

The Kroger Company and John Does 1, 2, 3,

      Defendant(s).

### AFFIDAVIT OF SERVICE

      Personally appeared before me the undersigned officer duly authorized to administer oaths, Mitchell Davidson, who, after being duly sworn, deposes and states the following:

1.

      Affiant states that he/she is appointed by this Court to serve process. The statements made are true and correct and are based upon my personal knowledge.

2.

      I served The Kroger Company with a Summons, Complaint for Personal Injuries, Plaintiff Rolly Willis' First Continuing Interrogatories to Defendant The Kroger Company, Plaintiff Rolly Willis' First Request for Production of Documents to Defendant The Kroger Company and General Civil and Domestic Relations Case Filing Information Form by leaving the documents with Terri Thompson, agent at CSC of Cobb County, Inc., Registered Agent of The Kroger Company at said person's place of employment/place of business located at 192 Anderson Street SE Suite 125 , Marietta, GA 30060 on February 13, 2023 at 10:55 AM.

Signed and sworn to before me on
this **14** day of _February_, 20**23**
by an affiant who is personally known to me
or produced identification.

_____
Notary Public

**Mitchell Davidson**
Express Legal Services LLC
860 Johnson Ferry Rd.
Atlanta, GA 30342
(678) 648-6330



Notary Public, Bartow County, Georgia
My Commission Expires 7-6-2024





*5145721*

