# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ROLLY WILLIS, | Case No. |
| Plaintiff, | _____ |
| v. | Removed from State Court of Cobb County, Civil Action File No. 23-A-323 |
| THE KROGER COMPANY and JOHN DOES 1, 2, 3, | |
| Defendants. | JURY TRIAL DEMANDED |

## DEFENDANT THE KROGER CO.'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT FOR PERSONAL INJURIES

COMES NOW **THE KROGER CO.**, Defendant in the above-styled civil action, by and through undersigned counsel, and files this, its Answer and Defenses to Plaintiff's Complaint for Personal Injuries ("Plaintiff's Complaint"), showing the Court as follows:

### FIRST DEFENSE

For a first defense, The Kroger Co. ("Defendant" or "Kroger") responds to the enumerated paragraphs of Plaintiff's *Complaint for Damages and Demand for Trial by Jury (*henceforth referred to as "Plaintiff's *Complaint*") as follows:

## **VENUE AND JURISDICTION**

1.

Kroger is without knowledge or information sufficient to allow it to either admit or deny the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2.

Kroger admits that it is a foreign for-profit corporation with its principal place of business in Cincinnati, Ohio and that it can be served with all process through its registered agent CSC of Cobb County, Inc., located at 192 Anderson Street SE, Suite 124, Marietta, Cobb County, GA 30060.  Kroger denies that it is subject to the jurisdiction of the State Court of Cobb County as alleged in Paragraph 2 of Plaintiff's Complaint.  By way of further response, Kroger admits that it is subject to the jurisdiction of the United States District Court for the Northern District of Georgia as Defendant in a case properly removed to it.

3.

Kroger denies that jurisdiction and venue are proper in the State Court of Cobb County as alleged in Paragraph 3 of Plaintiff's Complaint.  By way of further response, Kroger admits that jurisdiction and venue are proper in the United States District Court for the Northern District of Georgia.

## FACTUAL BACKGROUND

4.

Defendant is without knowledge or information sufficient to allow it to either admit or deny the allegations contained in Paragraph 4 of Plaintiff's Complaint, which therefore stand denied.

5.

Defendant is without knowledge or information sufficient to allow it to either admit or deny the allegations contained in Paragraph 5 of Plaintiff's Complaint, which therefore stand denied.

6.

Defendant is without knowledge or information sufficient to allow it to either admit or deny the allegations contained in Paragraph 6 of Plaintiff's Complaint, which therefore stand denied.

7.

Defendant is without knowledge or information sufficient to allow it to either admit or deny the allegations contained in Paragraph 7 of Plaintiff's Complaint, which therefore stand denied.

8.

Defendant is without knowledge or information sufficient to allow it to either admit or deny the allegations contained in Paragraph 8 of Plaintiff's Complaint, which therefore stand denied.

9.

Defendant is without knowledge or information sufficient to allow it to either admit or deny the allegations contained in Paragraph 9 of Plaintiff's Complaint, which therefore stand denied.

10.

Defendant is without knowledge or information sufficient to allow it to either admit or deny the allegations contained in Paragraph 10 of Plaintiff's Complaint, which therefore stand denied.

## **COUNT I – NEGLIGENCE**

11.

Kroger realleges and incorporates herein its responses to the allegations contained in Paragraphs 1 through 10 of Plaintiff's Complaint as if fully restated herein.

12.

Kroger admits that Plaintiff cited the referred statute. However, to the extent that the allegations contained in Paragraph 12 of Plaintiff's Complaint infer that Defendant violated O.C.G.A. § 51-3-1 or that Plaintiff is entitled to any relief requested, such inference is explicitly denied.

13.

Kroger denies the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14.

Kroger denies the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15.

Kroger denies the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16.

Kroger denies the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17.

Kroger denies the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18.

Kroger denies the allegations contained in Paragraph 18 of Plaintiff's Complaint.

## **COUNT II – DAMAGES**

19.

Kroger realleges and incorporates herein its responses to the allegations contained in Paragraphs 1 through 18 of Plaintiff's Complaint as if fully restated herein.

20.

Kroger denies the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21.

Kroger denies the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22.

Kroger denies the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23.

Kroger denies the allegations contained in Paragraph 23 of Plaintiff's Complaint.

**SECOND DEFENSE**

Plaintiff's failure to plead and itemize special damages in this action bars their recovery pursuant to O.C.G.A. § 9-11-9(g).

**THIRD DEFENSE**

Defendant denies that it was negligent in any manner whatsoever or that any negligent act or omission on its part caused or contributed to any injury or damages alleged to have been sustained by Plaintiff.

**FOURTH DEFENSE**

This action is or may be barred by the doctrine of contributory/comparative negligence. Plaintiff's negligence was greater than or equal to any negligence on the part of Defendant collectively. In the exercise of ordinary care, Plaintiff could have avoided the subject incident.

**FIFTH DEFENSE**

Defendant has breached no duty owed to Plaintiff.

## SIXTH DEFENSE

Plaintiff may not recover against Defendant because no act or omission of Defendant or its employees was the legal cause or the proximate cause of Plaintiff's alleged injuries and damages. Defendant did not breach a material duty owing to Plaintiff.

## SEVENTH DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

## EIGHTH DEFENSE

This Court lacks venue over Defendant.

## NINTH DEFENSE

This Court lacks personal jurisdiction over Defendant.

## TENTH DEFENSE

Defendant reserves the right to assert any additional affirmative defenses as may be disclosed during the course of additional investigation and discovery.

WHEREFORE, having fully responded to the averments in Plaintiff's Complaint, Defendant The Kroger Co. respectfully prays:

(a)   That judgment is rendered in favor of Kroger and against Plaintiff;

(b)     That Kroger be discharged with all costs cast against Plaintiff;

(c)     That this matter be tried by a jury of twelve persons regarding any issues not subject to summary adjudication; and

(d)     For such other and further relief as is just and proper.

Respectfully submitted, this 16th day of, March, 2023.

| | |
|---|---|
| **GRAY, RUST, ST. AMAND,** <br> **MOFFETT & BRIESKE, L.L.P.** <br> 950 East Paces Ferry Road, N.E. <br> Suite 1700 – Salesforce Tower Atlanta <br> Atlanta, Georgia 30326 <br> Telephone:  (404) 870-7386 <br> Facsimile:   (404) 870-1033 <br> Email:        mmoffett@grsmb.com <br>                slisle@grsmb.com <br>                jfreiman@grsmb.com | */s/ Sarah Raquel L. Lisle* <br> Matthew G. Moffett <br> Georgia Bar No. 515323 <br> Sarah Raquel L. Lisle <br> Georgia Bar No. 412593 <br> Jeremy A. Freiman <br> Georgia Bar No. 786086 <br> *Attorneys for Defendant The Kroger Co.* |

## **CERTIFICATE OF SERVICE**

This is to certify that I have this day served a copy of the foregoing with the Clerk of Court using the Court's electronic filing-and-service system, which will send electronic notification to all parties having appeared of record in this action:

Asya-Lorenne Morgan, Esq.
MONGE & ASSOCIATES
8205 Dunwoody Place
Building 19
Atlanta, Georgia 30350
asya@monge.lawyer
*Counsel for Plaintiff*

Respectfully submitted, this 16th day of March, 2023.

| | |
|---|---|
| **GRAY, RUST, ST. AMAND,** | |
| **MOFFETT & BRIESKE, L.L.P.** | /s/ *Sarah Raquel L. Lisle* |
| 950 East Paces Ferry Road, N.E. | Matthew G. Moffett |
| Suite 1700 – Salesforce Tower Atlanta | Georgia Bar No. 515323 |
| Atlanta, Georgia 30326 | Sarah Raquel L. Lisle |
| Telephone: (404) 870-7386 | Georgia Bar No. 412593 |
| Facsimile: (404) 870-1033 | Jeremy A. Freiman |
| Email:   mmoffett@grsmb.com | Georgia Bar No. 786086 |
|              slisle@grsmb.com | *Attorneys for Defendant The Kroger Co.* |
|              jfreiman@grsmb.com | |