**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| ADALIA EMOSHOKE AKIMU MOMODU, AMARIS ANOSI AKIMU MOMODU, AVITAL AKIMU MOMODU, BLESSING AKIMU MOMODU, LAURA VIRGINIA AGELVIS, SUNG HO JEE, MARVIN ANIBAL MEJIA MEJIA, KAREN WILLIAMSON, and JULIO ELIAS XULU, | ) ) ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| | ) ) ) C.A.F.N. _____ |
| ALEJANDRO MAYORKAS, Secretary, U.S. Department of Homeland Security, | ) ) ) |
| UR M. JADDOU, Director, U.S. Citizenship and Immigration Services, | ) ) ) |
| SHINEKA MILLER, District Director, U.S. Citizenship and Immigration Services Atlanta District Office, and | ) ) ) ) |
| TAE D. JOHNSON, Deputy Director and Senior Official Performing the Duties of the Director. U.S. Immigration and Customs Enforcement | ) ) ) ) ) ) |
| Defendants. | ) ) |

1

## COMPLAINT FOR WRIT OF MANDAMUS AND DECLARATORY JUDGMENT

## INTRODUCTION

The Plaintiffs in this case each seek to have USCIS accept and adjudicate their properly - filed Form I-485 Application to Register Permanent Residence or Adjust Status ("Form I-485"). Defendant Department of Homeland Security ("DHS") had previously placed each Plaintiff in removal proceedings before the Executive Office for Immigration Review ("EOIR") of the United States Department of Justice ("DOJ"). While in proceedings, each Plaintiff submitted their Form I-485 to USCIS along with the proper filing fee. This is the procedure mandated by the EOIR and United States Citizenship and Immigration Services ("USCIS) for filing for adjustment of status as relief in removal proceedings.

The immigration judge ("IJ") in each Plaintiff's case thereafter terminated removal proceedings. Each Plaintiff subsequently attempted to submit their Form I-485, along with the USCIS receipt of payment and the required accompanying forms and evidence, to USCIS. On each such occasion, USCIS rejected the refiled Form I-485 for one of two reasons - "the payment amount is incorrect or has not

been provided" or "[t]he application/petition was filed on an outdated version of this form."

Plaintiffs, through undersigned counsel, file this Complaint for Mandamus and Declaratory Judgment to compel Defendants, and those acting under them, to take all appropriate action to accept *nunc pro tunc* the filing of each Plaintiff's Form I-485 and to adjudicate such applications without further delay.  As good cause, Plaintiffs state the following:

## JURISDICTION AND VENUE

1.  This court has jurisdiction under 8 U.S.C. § 1329 (jurisdiction of the district courts), 28 U.S.C. § 1331 (federal question jurisdiction), 28 U.S.C. § 1346 (United States as defendant), and 28 U.S.C. § 1361(c) ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.")

2.  Jurisdiction is also conferred pursuant to 5 U.S.C. §§ 555(b) and 702, the Administrative Procedure Act ("APA"). The APA requires USCIS to execute its statutory and regulatory duties. 5 U.S.C. § 555(b) provides that

"[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency *shall* proceed to conclude a matter presented to it." (Emphasis added.)

3. USCIS is subject to 5 U.S.C. § 555(b). *Belegradek v. Gonzales*, 523 F. Supp. 2d 1364, 1367 (N.D. GA 2007) ("This Court agrees that Section 245 of the INA [8 USC § 1255] imposes a *non-discretionary duty* on the Attorney General to adjudicate an application for adjustment of status" within a "reasonable time.") (internal citations omitted) (emphasis added).

4. This Court may grant relief under 5 U.S.C. §§ 702, 706 (judicial review of agency action), 28 U.S.C. § 1361 (the Mandamus Act), 28 U.S.C. § 1651 (the All Writs Act), and 28 U.S.C. §§ 2201, 2202 (the Declaratory Judgment Act).

5. 8 U.S.C. § 1252 does *not* deprive this court of jurisdiction. 8 U.S.C. § 1252(a)(2)(B)(ii) provides that "a petition for review filed with an appropriate court of appeals…shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act[.]" This complaint does not seek review of a removal order; rather, it seeks to compel USCIS to accept Plaintiffs' properly – filed

adjustment of status applications. Thus this court retains original mandamus

jurisdiction under 28 U.S.C. § 1361.

6.   Further, 8 U.S.C. § 1252(a)(2)(B) provides that no court shall have

jurisdiction to review either (i) "any judgment regarding the granting of"

various forms of relief from removal, or (ii) "any other decision or action of

the Attorney General or the Secretary of Homeland Security the authority for

which is specified…to be in the discretion of the Attorney General or the

Secretary of Homeland Security[.]"  Accepting and adjudicating a properly –

filed adjustment of status application is neither a judgment regarding the

granting of relief from removal nor a decision or action specified to be in the

discretion of the Attorney General or the Secretary of Homeland Security.

"Because inaction on … [an] application of adjustment of status is not a

statutorily – prescribed discretionary act, as enumerated in §

1252(a)(2)(B)(ii), the Court has jurisdiction to review it." *Belegradek*, 523 F.

Supp. at 1368.

7.   Accepting and adjudicating a properly - filed adjustment of status

application is a non - discretionary act which USCIS is obligated to perform.

*Id*. at 1367.

8.  By regulation, filing fees for applications before an IJ are paid to USCIS. 8 C.F.R. §§ 1003.24(a); 103.7(a)(1) ("USCIS may accept DOJ fees. Except as provided in 8 C.F.R. § 1003.8, or as the Attorney General otherwise may provide by regulation, any fee relating to any EOIR proceeding may be paid to USCIS."). The regulations further provide that the fees for "any USCIS benefit", including an I-485 application, are associated with the benefit and adjudication of the application itself. 8 C.F.R. §§ 106.1(a), 106.2(17)(i). The language of both the statute and the above - cited regulations are mandatory, not discretionary. USCIS must accept the filing fees for applications filed with the IJ.

9.  As set forth below, each Plaintiff submitted the proper filing fee when submitting their Form I-485 to USCIS, per EOIR procedure, prior to filing their Form I-485 with the IJ as an application for relief in removal proceedings.

10. 8 U.S.C. § 1255(a) confers the power to adjudicate applications for adjustment of status to the Attorney General. Congress further allocated jurisdiction over applications for adjustment of status to both DHS and DOJ. *Sheerer v. U.S. Att'y Gen.*, 513 F.3d 1244, 1251 & n.6 (11th Cir. 2008)

(*citing* 6 U.S.C. §§ 271(b)(5), 557; 8 U.S.C. § 1103(g)(1)); *Perez v. USCIS*,

774 F.3d 960, 966 & n.3 (11th Cir. 2014).

11. "USCIS has jurisdiction to adjudicate an application for adjustment of status

filed by *any alien*, unless the immigration judge has jurisdiction to

adjudicate the application under 8 C.F.R. § 1245.2(a)(1)." 8 C.F.R. §

245.2(a)(1) (emphasis added). Thus USCIS must adjudicate a properly -

filed application for adjustment of status when the applicant is no longer in

removal proceedings.

12. Venue in the Northern District of Georgia is appropriate under 28 U.S.C. §

1391(e). This is an action against officers and agencies of the United States

in their official capacities, brought in the District where each Plaintiff

resides and where a substantial part of the events or omissions giving rise to

each Plaintiff's claim occurred.


## EXHAUSTION OF ADMINISTRATIVE REMEDIES


13. No exhaustion requirement applies to Plaintiffs' Complaint for a Writ of

Mandamus as there are no other adequate remedies available for the harm

they seek to redress – the failure of USCIS to accept and adjudicate

Plaintiffs' properly – filed Forms I-485 applications. Plaintiffs are owed a duty – the acceptance of their properly - filed Form I-485 applications to adjust status to lawful permanent resident.  Defendants have rejected each Plaintiff's Form I-485 application despite the fact each Plaintiff paid the proper filing fee and submitted the current form.

## PARTIES

14. Plaintiff Adalia Emoshoke Akimu Momodu ("Adalia") is a national and citizen of Nigeria. While in removal proceedings, Adalia submitted her Form I-485 and correct filing fee to USCIS.  She then filed her Form I-485, along with receipt of payment, with the IJ. The IJ later dismissed removal proceedings. Adalia thereafter attempted to file her Form I-485 with USCIS. USCIS subsequently rejected Adalia's Form I-485.

15. Plaintiff Amaris Anosi Akimu Momodu ("Amaris") is a national and citizen of Nigeria. While in removal proceedings, Amaris submitted her Form I-485 and correct filing fee to USCIS.  She then filed her Form I-485, along with receipt of payment, with the IJ. The IJ later dismissed removal proceedings.

Amaris thereafter attempted to file her Form I-485 with USCIS.  USCIS

subsequently rejected Amaris's Form I-485.

16. Plaintiff Avital Akimu Momodu ("Avital") is a national and citizen of

Nigeria. While in removal proceedings, Avital submitted her Form I-485 and

correct filing fee to USCIS.  She then filed her Form I-485, along with

receipt of payment, with the IJ. The IJ later dismissed removal proceedings.

Avital thereafter attempted to file her Form I-485 with USCIS.  USCIS

subsequently rejected Avital's Form I-485.

17. Plaintiff Blessing Akimu Momodu ("Blessing") is a national and citizen of

Nigeria. While in removal proceedings, Blessing submitted her Form I-485

and correct filing fee to USCIS.  She then filed her Form I-485, along with

receipt of payment, with the IJ. The IJ later dismissed removal proceedings.

Blessing thereafter attempted to file her Form I-485 with USCIS.  USCIS

subsequently rejected Blessing's Form I-485.

18. Plaintiff Laura Virginia Agelvis ("Agelvis") is a citizen and national of

Venezuela. While in removal proceedings, Agelvis submitted her Form I-

485 and correct filing fee to USCIS.  She then filed her Form I-485, along

with receipt of payment, with the IJ. The IJ later dismissed removal

proceedings. Agelvis thereafter attempted to file her Form I-485 with USCIS.  USCIS subsequently rejected Agelvis's Form I-485.

19. Plaintiff Sung Ho Jee ("Jee") is a national and citizen of South Korea. While in removal proceedings, Jee submitted his Form I-485 and correct filing fee to USCIS.  He then filed his Form I-485, along with receipt of payment, with the IJ. The IJ later dismissed removal proceedings. Jee thereafter attempted to file his Form I-485 with USCIS.  USCIS subsequently rejected Jee's Form I-485.

20. Marvin Anibal Mejia Mejia ("Mejia") is a national and citizen of El Savador. While in removal proceedings, Mejia submitted his Form I-485 and correct filing fee to USCIS.  He then filed his Form I-485, along with receipt of payment, with the IJ. The IJ later dismissed removal proceedings. Mejia thereafter attempted to file his Form I-485 with USCIS.  USCIS subsequently rejected Mejia's Form I-485.

21. Plaintiff Karen Williamson ("Williamson") is a citizen and national of Jamaica. While in removal proceedings, Williamson submitted her Form I-485 and correct filing fee to USCIS.  She then filed her Form I-485, along with receipt of payment, with the IJ. The IJ later dismissed removal

proceedings. Williamson thereafter attempted to file her Form I-485 with USCIS.  USCIS subsequently rejected Williamson's Form I-485.

22. Plaintiff Julio Elias Xulu ("Xulu") is a national and citizen of Guatemala. While in removal proceedings, Xulu submitted his Form I-485 and correct filing fee to USCIS.  He then filed his Form I-485, along with receipt of payment, with the IJ. The IJ later dismissed removal proceedings. Xulu thereafter attempted to file his Form I-485 with USCIS.  USCIS subsequently rejected Xulu's Form I-485.

23. Alejandro Mayorkas is the Secretary of the United States Department of Homeland Security ("DHS") and is sued in his official capacity only. Defendant Mayorkas is charged with the administration of USCIS and implementing the Immigration and Nationality Act ("INA"). 8 CFR § 2.1.

24. Defendant Ur M. Jaddou is the Director of USCIS and is sued in her official capacity only. USCIS is the agency responsible for implementing the provisions of the INA.

25. Defendant Shineka Miller is the USCIS Atlanta District Director and is sued in her official capacity only.

26. Defendant Tae D. Johnson is the Deputy Director of Immigration and Senior Official Performing the Duties of the Director of U.S. Immigration

and Customs Enforcement ("ICE") and is sued in his official capacity only.
ICE is the agency responsible for prosecuting removal cases before the
Executive Office for Immigration Review ("EOIR").

## FACTS AND PROCEDURAL HISTORY

### PLAINTIFF ADALIA EMOSHOKE AKIMU MOMODU ("Adalia)

27. Plaintiff Adalia Kulubo was lawfully admitted to the U.S. on July 21, 2017
    in B-2 visitor status. **Exhibit A – Adalia - I-94.**

28. Adalia is the beneficiary of a Form I-130 Immediate Relative Petition (as
    the minor child of a U.S. citizen) filed with USCIS by her U.S. citizen father
    Richard Okhimamhe on February 10, 2022. **Exhibit B – Adalia - I-130
    Receipt Notice.**

29. After being placed in removal proceedings, Adalia requested adjustment of
    status as relief and, per EOIR procedure, filed Form I-485 with appropriate
    fee with USCIS on March 18, 2022. **Exhibit C – Adalia - I-485 Receipt
    Notice.** She thereafter filed her Form I-485 with EOIR.

30. The IJ dismissed removal proceedings in Adalia's case on June 28, 2022 to allow Adalia to proceed with adjustment before USCIS. **Exhibit D – Akimu Momodu Family – IJ Order Dismissing Proceedings.**

31. No longer in removal proceedings, and as the beneficiary of a pending Form I-130, Adalia was eligible to file for adjustment of status with USCIS. She thus attempted to file her Form I-485 with USCIS on October 24, 2022. USCIS subsequently rejected Adalia's I-485 because "the payment amount is incorrect or has not been provided." **Exhibit E – Adalia – I-485 Rejection Notice.**

## PLAINTIFF AMARIS ANOSI AKIMU MOMODU ("Amaris")

32. Plaintiff Amaris Anosi Akimu Momodu was lawfully admitted to the U.S. on July 21, 2017 in B-2 visitor status. **Exhibit F – Amaris - I-94.**

33. Amaris is the beneficiary of a Form I-130 Immediate Relative Petition (as the minor child of a U.S. citizen) filed with USCIS by her U.S. citizen father Richard Okhimamhe on February 10, 2022. **Exhibit G – Amaris - I-130 Receipt Notice.**

34. After being placed in removal proceedings, Amaris requested adjustment of status as relief and, per EOIR procedure, filed Form I-485 with appropriate fee with USCIS on March 18, 2022.  **Exhibit H – Amaris - I-485 Receipt Notice.** She thereafter filed her Form I-485 with EOIR.

35. The IJ dismissed removal proceedings in Amaris's case on June 28, 2022 to allow Amaris to proceed with adjustment before USCIS. **Exhibit D – Akimu Momodu Family – IJ Order Dismissing Proceedings.**

36. No longer in removal proceedings, and as the beneficiary of a pending Form I-130, Amaris was eligible to file for adjustment of status with USCIS. She thus attempted to file her Form I-485 with USCIS on October 24, 2022. USCIS subsequently rejected Amaris's I-485 filing because "the payment amount is incorrect or has not been provided." **Exhibit I – Amaris – I-485 Rejection Notice.**

**PLAINTIFF AVITAL AKIMU MOMODU ("Avital")**

37.  Plaintiff Avital Akimu Momodu was lawfully admitted to the U.S. on July 21, 2017 in B-2 visitor status. **Exhibit J – Avital - I-94.**

38. Avital is the beneficiary of a Form I-130 Immediate Relative Petition (as the minor child of a U.S. citizen) filed with USCIS by her U.S. citizen father Richard Okhimamhe on February 10, 2022. **Exhibit K– Avital - I-130 Receipt Notice.**

39. After being placed in removal proceedings, Avital requested adjustment of status as relief and, per EOIR procedure, filed Form I-485 with appropriate fee with USCIS on March 18, 2022.  **Exhibit L – Avital - I-485 Receipt Notice.** She thereafter filed her Form I-485 with EOIR.

40. The IJ dismissed removal proceedings in Avital's case on June 28, 2022 to allow Avital to proceed with adjustment before USCIS. **Exhibit D – Akimu Momodu Family – IJ Order Dismissing Proceedings.**

41. No longer in removal proceedings, and as the beneficiary of a pending Form I-130, Avital was eligible to file for adjustment of status with USCIS. She thus attempted to file her Form I-485 with USCIS on October 24, 2022. USCIS subsequently rejected Avital's I-485 filing because "the payment amount is incorrect or has not been provided." **Exhibit M – Avital – I-485 Rejection Notice.**

## PLAINTIFF BLESSING AKIMU MOMODU ("Blessing")

42. Plaintiff Blessing Akimu Momodu ("Blessing") was lawfully admitted to the U.S. on July 21, 2017 in B-2 visitor status. **Exhibit N – Blessing - I-94.**

43. Blessing is the beneficiary of a Form I-130 Immediate Relative Petition (as the spouse of a U.S. citizen) filed with USCIS by her U.S. citizen husband on February 21, 2020. **Exhibit O – Blessing - I-130 Receipt Notice.**

44. After being placed in removal proceedings, Blessing requested adjustment of status as relief and, per EOIR procedure, filed Form I-485 with appropriate fee with USCIS on March 18, 2022. **Exhibit P – Blessing - I-485 Receipt Notice.** She thereafter filed her Form I-485 with EOIR.

45. The IJ dismissed removal proceedings in Blessing's case on June 28, 2022 to allow Blessing to proceed with adjustment before USCIS. **Exhibit D – Akimu Momodu Family – IJ Order Dismissing Proceedings.**

46. No longer in removal proceedings, and as the beneficiary of a pending Form I-130, Blessing was eligible to file for adjustment of status with USCIS. She thus attempted to file her Form I-485 with USCIS on October 24, 2022. USCIS subsequently rejected Blessing's I-485 filing because "the payment

amount is incorrect or has not been provided." **Exhibit Q – Blessing – I-485 Rejection Notice.**

## PLAINTIFF LAURA VIRGINIA AGELVIS ("Agelvis")

47. Plaintiff Laura Virginia Agelvis was lawfully admitted to the U.S. on April 28, 1996 in B-2 visitor status. **Exhibit R – Agelvis - I-94.**

48. Agelvis is the beneficiary of an approved Form I-130 Immediate Relative Petition (as the parent of a U.S. citizen over the age of 21) filed with USCIS by her U.S. citizen daughter Stephanie Maldonado on September 28, 2018. **Exhibit S – Agelvis - I-130 Approval Notice.**

49. After being placed in removal proceedings, Agelvis requested adjustment of status as relief and, per EOIR procedure, filed Form I-485 with appropriate fee with USCIS on September 16, 2019. **Exhibit T – Agelvis - I-485 Receipt Notice.** She thereafter filed her Form I-485 with EOIR.

50. The IJ dismissed removal proceedings in Agelvis's case on July 6, 2021 to allow her to proceed with adjustment before USCIS. **Exhibit U – Agelvis – IJ Order Dismissing Proceedings.**

51. No longer in removal proceedings, and as the beneficiary of an approved Form I-130, Agelvis was eligible to file for adjustment of status with USCIS. She thus attempted to file her Form I-485 with USCIS on November 2, 2022. USCIS subsequently rejected Avital's I-485 filing because "the payment amount is incorrect or has not been provided." **Exhibit V – Agelvis – I-485 Rejection Notice.**

### PLAINTIFF SUNG HO JEE ("Jee")

52. Plaintiff Sung Ho Jee was lawfully admitted to the U.S. on April 22, 1996 in B-2 visitor status. **Exhibit W – Jee – Form I-94.**

53. Jee is the beneficiary of an approved Form I-130 Immediate Relative Petition (as the parent of a U.S. citizen over the age of 21) filed with USCIS by his U.S. citizen son Brandon Younha Jee on October 10, 2018. **Exhibit X – Jee - I-130 Approval Notice.**

54. After being placed in removal proceedings, Jee requested adjustment of status as relief and, per EOIR procedure, filed Form I-485 with appropriate fee with USCIS on June 20, 2019. **Exhibit Y – Jee - I-485 Receipt Notice.** He thereafter filed his Form I-485 with EOIR.

55. The IJ dismissed removal proceedings in Jee's case on June 21, 2021 to allow Jee to proceed with adjustment before USCIS. **Exhibit Z – Jee – IJ Order Dismissing Proceedings.**

56. No longer in removal proceedings, and as the beneficiary of an approved Form I-130, Jee was eligible to file for adjustment of status with USCIS. He thus attempted to file his Form I-485 with USCIS on June 1, 2022. USCIS subsequently rejected Jee's I-485 filing because "the payment amount is incorrect or has not been provided." **Exhibit AA – Jee – I-485 Rejection Notice.**

## PLAINTIFF MARVIN ANIBAL MEJIA MEJIA ("Mejia")

57. In or about December, 1994 Plaintiff Marvin Anibal Mejia Mejia's U.S. citizen father filed an I-130 petition on his behalf which was approvable when filed. The U.S. Department of State scheduled Mejia for an immigrant visa interview on January 13, 1995. **Exhibit BB – Mejia – notice of interview on approved immigrant visa petition.** Mejia did not follow through with his consular processing.

58. Mejia entered the U.S. without inspection on or about April 9, 2005. An IJ ordered Mejia, under an alias, removed on May 10, 2005.

59. Mejia is the beneficiary of a Form I-130 filed by his U.S. citizen wife Iris Bonilla on January 29, 2014. **Exhibit CC – Mejia – I-130 approval notice.** But for his 2005 removal order, Mejia thus became eligible to adjust status on the basis of the approved visa petitions filed by his U.S. citizen father and wife under 8 U.S.C § 1255(i).

60. The IJ on December 14, 2017 reopened Mejia's proceedings and rescinded the May 10, 2005 removal order. **Exhibit DD – Mejia – order reopening proceedings and rescinding removal order.**

61. Mejia subsequently requested adjustment of status as relief and, per EOIR procedure, filed Forms I-485 and Supplement A (for adjustment under 8 U.S.C § 1255(i)) with appropriate fee with USCIS on August 29, 2018. **Exhibit EE – Mejia - I-485 Receipt Notice.** He thereafter filed his Form I-485 with EOIR.

62. The IJ subsequently terminated proceedings on January 31, 2022. **Exhibit FF  – Mejia – order dismissing proceedings.**

63. No longer in removal proceedings, and as the beneficiary of an approved pending Form I-130, Mejia was eligible to file for adjustment of status with

USCIS. He thus attempted to file his Form I-485 with USCIS on November 2, 2022. USCIS subsequently rejected Mejia's I-485 filing because "[t]he application/petition was filed on an outdated version of this form."  **Exhibit GG  – Mejia – I-485 Rejection Notice.**  Mejia, though, did submit the current version of Form I-485 with USCIS on August 29, 2018 prior to filing his Form I-485 with the IJ as an application for relief in proceedings.

### PLAINTIFF KAREN ANGELINE WILLIAMSON ("Williamson")

64. In or about 1984, at age 14, Plaintiff Karen Angeline Williamson was brought into the U.S. without inspection.

65. Williamson's U.S. citizen father on April 8, 1988 filed a Form I-130 visa petition on behalf of Williamson which was subsequently approved. The U.S. Department of State later contacted Williamson to schedule an immigrant visa interview. **Exhibit HH  – Williamson – U.S. State Department correspondence.** Williamson did not follow up with consular processing.

66. On July 28, 2014 Williamson's U.S. citizen daughter Theresa Victoria Angelique Lodge filed a Form I-130 visa petition on behalf of Williamson

which was approved. **Exhibit II – Williamson – Form I-130 approval notice.**

67. DHS subsequently placed Williamson in removal proceedings. She then requested adjustment of status as relief and, per EOIR procedure, filed Forms I-485 and Supplement A (for adjustment under 8 U.S.C § 1255(i)) with appropriate fee with USCIS on July 9, 2021. **Exhibit JJ – Williamson - I-485 and Supplement A Receipt Notices.** Williamson thereafter filed her Form I-485 with EOIR.

68. The IJ subsequently dismissed proceedings on July 19, 2022. **Exhibit KK – Williamson – order dismissing proceedings.**

69. No longer in removal proceedings, and as the beneficiary of an approved pending Form I-130, Williamson was eligible to file for adjustment of status with USCIS. She thus attempted to file her Form I-485 and Supplement A with USCIS on February 1, 2023. USCIS subsequently rejected Williamson's because "[t]he payment amount is incorrect, or has not bee provided." **Exhibit LL – Williamson – I-485 Rejection Notice.**

## PLAINTIFF JULIO ELIAS XULU ("Xulu")

70. Plaintiff Julio Elias Xulu was lawfully admitted to the U.S. on July 20, 2012 in B-1 visitor status. **Exhibit MM – Xulu – Form I-94.**

71. Xulus is the beneficiary of an approved Form I-130 Immediate Relative Petition (as the spouse of a U.S. citizen) filed with USCIS by his U.S. citizen wife Monica Xulu on December 22, 2016. **Exhibit NN – Xulu - I-130 Approval Notice.**

72. After being placed in removal proceedings, Xulu requested adjustment of status as relief and, per EOIR procedure, filed Form I-485 with appropriate fee with USCIS on June 28, 2018. **Exhibit OO – Xulu - I-485 Receipt Notice.** He thereafter filed his Form I-485 with EOIR.

73. The IJ dismissed removal proceedings in Xulu's case on June 4, 2021 to allow Xulu to proceed with adjustment before USCIS. **Exhibit PP – Xulu – IJ Order Dismissing Proceedings.**

74. No longer in removal proceedings, and as the beneficiary of an approved Form I-130, Xulu was eligible to file for adjustment of status with USCIS. On May 24, 2022 and October 20, 2022 Xulu's attorney attempted to file his Form I-485 with USCIS. Xulu's attorney received no response to her May

24th attempt. And USCIS rejected her October 20th attempt, stating that "the payment amount is incorrect or has not been provided." **Exhibit QQ – Xulu – May 24, 2022 attempt to file Form I-485. Exhibit RR - I-485 Rejection Notice for October 20, 2022 attempt to file Form I-485.**

75. Upon information and belief, ICE and USCIS in the past had a procedure for transferring a Form I-485 (filed in proceedings) to USCIS after the dismissal or termination of proceedings.

76. Upon information and belief, ICE and USCIS no longer have a procedure for transferring a Form I-485 (filed in proceedings) to USCIS after the dismissal or termination of proceedings.

77. Upon information and belief, ICE sends the files of terminated or dismissed cases to a central storage facility.

78. Upon information and belief, ICE will not transfer a Form I-485 (that was filed in removal proceedings) to USCIS. Nor will USCIS request from ICE a Form I-485 filed in proceedings.

## CAUSE OF ACTION

79. Plaintiffs are eligible to adjust status to lawful permanent resident. 8 U.S.C.

§ 1255(a).

80. Plaintiffs previously submitted the necessary filing fees for their Forms I-

485. Defendants, in failing to accept Plaintiffs' previously – filed and

receipted Forms I-485 have deprived Plaintiffs of their right under the INA

to adjust status. 8 C.F.R. § 245.1(a).

81. Defendants' unreasonable inaction has caused Plaintiffs an inordinate and

undeserved amount of expense and stress.

82. Plaintiffs are entitled by law to have their Forms I-485 (for which they

previously paid USCIS and then filed with the IJ) accepted and adjudicated

by USCIS.

## CLAIM FOR RELIEF

83. A mandamus plaintiff must demonstrate that: (i) he or she has a clear

right to the relief requested; (ii) the defendant has a clear duty to perform

the act in question; and (iii) no other adequate remedy is available. Plaintiffs clearly meet all three criteria.

84. In this case, Plaintiffs have fully complied with all statutory and regulatory requirements for submitting proper fees for their Forms I-485.

85. Defendants have unreasonably breached their duty to accept Plaintiffs' Forms I-485, thereby depriving Plaintiffs of their rights under the INA, accompanying regulations, and stated USCIS policy to adjust status to lawful permanent resident.

86. Defendants' rejection of Plaintiffs' Forms I-485 is arbitrary, capricious, without basis in law, and contrary to USCIS's previous pattern and practice of accepting a Form I-485 for which it had previously accepted a filing fee for filing with the IJ.

87. The unreasonable rejection of Plaintiffs' Forms I-485 violates Plaintiffs' right to equal protection and due process under the 14th Amendment to the United States Constitution.

88. Defendants' rejection of Plaintiffs' Forms I-485 is without legal justification and has forced Plaintiffs to resort to this court for relief. Plaintiffs have no other available remedy.

89. Plaintiffs are entitled to attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(2).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this court:

1. Assume jurisdiction over this matter.

2. Declare that Defendants have unlawfully failed to receive and adjudicate Plaintiffs' applications to adjust status to lawful permanent residence.

3. Declare that Defendants' failure to receive and adjudicate Plaintiffs' applications to adjust status to lawful permanent residence is: contrary to governing statutes contained in the INA and accompanying regulations; arbitrary; capricious; and otherwise unlawful under the Administrative Procedure Act.

4. Compel Defendants and those acting under them to take all appropriate action to both immediately accept each Plaintiff's Form I-485 *nunc pro tunc* to the date each Plaintiff attempted to file their Form I-485 and accompanying forms and documentation with USCIS after termination of their removal proceedings, and to proceed with adjudicating each Plaintiff's Form I-485 and accompanying forms and documentation.

5. Retain jurisdiction over this case to ensure compliance with all of this Court's orders.

6. Award attorney's fees and costs as permitted under the Equal Access to Justice Act and on any other basis justified under law.

7. Grant any and all further relief that is necessary or appropriate.

Respectfully submitted this 16th day of March, 2023.

ANTONINI AND COHEN
IMMIGRATION LAW GROUP

/s/ Marshall Lewis Cohen
Marshall Lewis Cohen
Attorney for Plaintiffs
Georgia Bar. No.174580
2751 Buford Highway, NE – Suite 500
Atlanta, GA 30324
phone (404) 523-8141; fax (678) 435-8843

## **CERTIFICATE OF COMPLIANCE**

This is to certify that the attached Complaint for Writ of Mandamus and

Declaratory Judgment has been prepared with one of the font and point selections

approved by the Court in Local Rule 5.1 for documents prepared by computer.

      This 16th  day of March, 2023.


                                   Antonini and Cohen
                                   Immigration Law Group


                                   /s/ Marshall Lewis Cohen
                                   Marshall Lewis Cohen
                                   Attorney for Plaintiffs