UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
SAN FRANCISCO, CALIFORNIA

| | |
|---|---|
| Matter of | Date: 12/14/17 |
| **Felix VELASQUEZ-COSTA,** | File Number: **A098-893-935** |
| The Respondent | In Removal Proceedings |

Charge: Section 212(a)(6)(A)(i) of the Immigration and Nationality Act, as amended, as an alien present in the United States without being admitted or paroled, or who arrives in the United States at any time or place other than as designated by the Attorney General

Motion: Motion to Reopen and Rescind *In Absentia* Removal Order

On Behalf of the Respondent:
Carolina Antonini
Antonini and Cohen
2751 Buford Highway, 8th Floor
Atlanta, Georgia 30324

On Behalf of DHS:
Michael D. Steinberg
DHS Office of the Chief Counsel
100 Montgomery Street, Suite 200
San Francisco, California 94104

## DECISION OF THE IMMIGRATION JUDGE

On May 2, 2005, the Department of Homeland Security ("DHS") initiated removal proceedings against the respondent, Felix VELASQUEZ-COSTA, by filing a Notice to Appear ("NTA") with the San Francisco, California, Immigration Court. Exh. 1. The NTA alleges that the respondent (1) is not a citizen or national of the United States, (2) is a native and a citizen of El Salvador, (3) arrived in the United States on or about April 9, 2005, at or near Hidalgo, Texas, and (4) was not admitted or paroled after inspection by an Immigration Officer. *Id.* Based on these allegations, the NTA charges the respondent with inadmissibility under Section 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA" or "Act"), as amended, as an alien present in the United States without having been admitted or paroled. *Id.*

On May 10, 2005, the respondent failed to appear at his scheduled hearing, and the Court proceeded *in absentia* pursuant to its authority under Section 240(b)(5) of the Act. After considering DHS's evidence, the Court found the respondent removable as charged and ordered him removed *in absentia* to El Salvador. *See* Immigration Judge ("IJ") Order (May 10, 2005).

On November 13, 2017, the respondent filed a motion to reopen and rescind the *in absentia* removal order pursuant to the Court's *sua sponte* authority to seek adjustment of status under Section 245(i) of the INA based on his approved visa petition. *See* Respondent's Motion

to Reopen ("Resp't Mot.") (Nov. 13, 2017), Attach. C–F. The respondent also asserts that he merits discretionary reopening in light of the humanitarian justifications present in his case. *Id.* DHS has not filed an opposition to the respondent's motion.

An Immigration Judge may, upon her own motion or the motion of either party, reopen a case *sua sponte* at any time. 8 C.F.R. § 1003.23(b)(1). Exercising *sua sponte* authority is purely discretionary, *INS v. Rios-Pineda*, 471 U.S. 444, 449 (1985), but is "an extraordinary remedy reserved for truly exceptional situations." *Matter of G-D-*, 22 I&N Dec. 1132, 1133–34 (BIA 1999); *see also Mejia-Hernandez v. Holder*, 633 F.3d 818, 824 (9th Cir. 2011). An applicant's eligibility for relief weighs in favor of his motion to reopen. *See Singh v. INS*, 295 F.3d 1037, 1040 (9th Cir. 2002).

Here, the respondent has established *prima facie* eligibility for relief under Section 245(i)(1) of the Act. *See* Resp't Mot., Attach. C–F (providing evidence of an approved Form I-130, Petition for Alien Relative, and a letter from the United States Embassy in El Salvador, scheduling his visa interview on January 13, 1995). Additionally, compelling equities such as the respondent's long residence in the United States, his significant family ties, namely his United States citizen spouse and minor son, his role as the family's provider, his wife's chronic medical issues, and his son's academic success favor *sua sponte* reopening of the respondent's proceedings. As such, the Court grants the respondent's motion to reopen removal proceedings pursuant to its *sua sponte* authority, and thus rescinds the order of removal. *See* 8 C.F.R. § 1003.23(b)(1); *Singh*, 295 F.3d at 1040.

In light of the foregoing, the following order shall enter:

## ORDER

**IT IS HEREBY ORDERED** that the respondent's motion to reopen and rescind the *in absentia* removal order is **GRANTED.**

_____
Arwen Swink
Immigration Judge

A098-893-935                                                                 2