# Exhibit C

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| THE STATE OF ARIZONA, By and through its Attorney General, MARK BRNOVICH; et al., <br><br> PLAINTIFFS, <br><br> v. <br><br> MERRICK GARLAND in his official capacity as Attorney General of the United States of America; et al., <br><br> DEFENDANTS. | CIVIL ACTION NO. 6:22-cv-01130 |

## STATUS REPORT

Pursuant to the Court's November 21, 2022, Order (Dkt. 88), the parties submit this status report. The parties met-and-conferred telephonically on November 30, 2022, but were unable to reach an agreement regarding the need for and scope of jurisdictional discovery.

### STATES' POSITION

At a May 18, 2022, hearing regarding Defendants' Motion to Transfer, the Court expressed concern with the States' standing to seek a preliminary injunction. Dkt. 25 at 73:1-4. The Court explained:

> As I mentioned to states counsel, they have asserted their standing is based essentially on the likelihood that this change in the process of adjudicating asylum claims will lead to an increase in illegal immigration. The Court needs more before it proceeds with a preliminary injunction.
>
> Given that the states contend, number one, that the challenges to the asylum process will lead to more immigrants being granted asylum, and two, that these changes are contrary to law, the Court orders the parties to engage in a 30-day period of limited discovery as to [1] the likely effect this change will have on the number of immigrants granted asylum, residing in the plaintiff states, and [2] the costs or other

1

> measurable effect these additional persons, which again the states contend have been illegally granted asylum, will have on the plaintiff states.

Dkt. 25 at 73:5-18. The Court accordingly ordered limited jurisdictional discovery. Dkt. 24. The States subsequently withdrew their request for injunctive relief, and both parties withdrew all outstanding discovery requests. Dkt. 76.

Since the May hearing, the posture of this case has changed in three significant ways: (1) As noted above, Plaintiffs are no longer seeking a preliminary injunction, Dkt. 76, and thus there is no need for discovery in conjunction with issues raised by their motion for a preliminary injunction, (2) Defendants now possess actual implementation data from their rollout of the Asylum Rule "in specific locations" involving only "a few hundred applications a month," Dkt. 25 at 50:10 – 51:10, which could conclusively resolve the Article III standing inquiry, and indeed may render a 12(b)(1) motion by Defendants beyond the bounds of Rule 11 after they conduct a reasonable investigation of their own data, and (3) Fifth Circuit precedents regarding Article III standing for States in the immigration context has become even more favorable, *see Texas v. United States*, 40 F.4th 205 (5th Cir. July 6 2022).

In view of the changed posture, the States oppose any jurisdictional discovery before Federal Defendants have filed their Rule 12(b) motion or answer. Before Defendants file such a Rule 12(b) motion, they would be required to make a reasonable investigation of the data that they possess and what arguments that they can tenably advance in light of that investigation. Defendants should not be permitted to take discovery into topics that, after a reasonable investigation of their own data, they know that they will be unable to advance a standing argument related to it. *See* Fed. R. Civ. P. 26(b)(2)(C)(i) (requiring protection if discovery "can be obtained from some other source that is more convenient, less burdensome, or less expensive").

As DOJ argues in innumerable other APA cases, discovery in APA cases is rare. More generally, pre-Rule 12(b)-motion discovery is nearly unprecedented. The Federal Rules "do[] not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But Defendants are seeking something even more aberrational: being able to take discovery without even needing to advance bare conclusions in a Rule 12(b) motion.

At the November 30 meet-and-confer, it became apparent that counsel for Defendants have not yet investigated what data that DHS and DOJ possess regarding the location of asylees, including whether Defendants have GPS data for where those asylees are residing from ankle monitors required by Defendants themselves. Defendants' insistence upon proceeding with jurisdictional discovery without first investigating whether discovery is warranted in light of data in its own possession suggests Defendants are merely seeking to impose burdens upon Plaintiff States through intrusive discovery into questions for which Defendants already possess answers.

The States therefore propose that Defendants should proceed with filing an answer or Rule 12(b) motion, and the parties can then evaluate whether jurisdictional discovery is warranted based on that filing, and meet-and-confer as appropriate. But the proposition that Defendants require discovery before they can even file a Rule 12(b) motion is essentially a contradiction in terms. Rule 12(b) motions are typically resolved *before* discovery begins, rather than discovery being conducted and concluded before a responsive pleading is ever filed.

### DEFENDANTS' POSITION

Defendants respectfully request an opportunity to complete discovery related to Plaintiffs' standing to bring this suit before responding to the Second Amended Complaint. As explained further below, there is good cause for this request because (1) the Court already granted Defendants

3

such discovery, (2) that discovery was not yet completed only because Plaintiffs asked Defendants to withdraw their pending discovery requests to allow Plaintiffs to amend their complaint a second time, which Defendants agreed to only on the condition that the withdrawal was without prejudice to re-serving the requests before responding to the second amended complaint, (3) Defendants already responded to jurisdictional discovery from Plaintiffs, who had the benefit of that discovery in drafting their second amended complaint, and Defendants should have a similar opportunity before responding to the complaint, and (4) discovery into Plaintiffs' allegations of harm and standing will be necessary at some point in this case, and proceeding with that discovery now is the most efficient way for this case to proceed because the merits of APA claims are reviewed based on an administrative record rather than some later period of discovery.

On May 18, 2022, the Court ordered a period of limited reciprocal discovery as to Plaintiffs' Article III standing. ECF No. 24 at 1. The Court had noted that "a lot of the work that the states need to do may be internal with state agencies to figure out what the costs are of people who have been granted asylum residing in their states." May 18 Hr'g Tr. at 81; *see also id* at 78.

The Parties subsequently served discovery requests on each other. On May 27, 2022, Plaintiffs served Interrogatories, Requests for Production, and Requests for Admission on Defendants. On June 17, 2022, Defendants responded to those requests and produced responsive documents. In addition to responding to 29 interrogatories[1] and 15 requests for admission, Defendants produced several thousand pages of documents in response to requests for production. And this document production was in addition to the 14,952-page Administrative Record Defendants compiled and provided to Plaintiffs.

---

[1] Plaintiffs numbered their interrogatories 1 through 10, but one of their interrogatories included 20 discrete subparts. *See* Fed. R. Civ. P. 33(a)(1) (noting "discrete subparts" of interrogatories are counted separately towards the 25 limit).

4

During the same time period, on June 6 and 7, 2022, Defendants served Interrogatories, Requests for Production, Requests for Admission, and deposition notices on Plaintiffs. Plaintiffs requested additional time to respond to those requests, and ultimately never responded because they informed Defendants that they intended to file a Second Amended Complaint and asked that the outstanding discovery be postponed until that filing. Based on the Parties' discussions, Defendants understood that Plaintiffs would clarify and narrow their allegations with respect to injury and standing in their Second Amended Complaint. Accordingly, on July 20, 2022, the Parties filed a Joint Status Report noting that Plaintiffs intended to file a Second Amended Complaint and that "all outstanding discovery requests are withdrawn without prejudice to propounding such requests in the future." ECF No. 76 at 1. As a result, although the Court ordered reciprocal discovery with respect to standing, Plaintiffs have had an opportunity to obtain discovery while Defendants have not. Defendants noted in the Joint Status Report that they anticipated that they would "need to complete jurisdictional discovery related to potential motions under Rule 12(b)(1) before responding to the Second Amended Complaint." *Id.*; *see also* ECF No. 79 (approving the Parties' proposal).

Plaintiffs subsequently requested several extensions before filing their Second Amended Complaint on November 10, 2022. *See* ECF Nos. 80, 85, 86. Despite the expectation that Plaintiffs would narrow and clarify their allegations of harm in the amended complaint, the second amended complaint largely tracks their earlier filings. *Compare* ECF Nos. 1, 14, 86.

Defendants respectfully request that the Court allow Defendants to serve updated discovery requests with respect to Plaintiffs' standing to bring this suit and complete that discovery before responding to the Second Amended Complaint. Such discovery is appropriate where, as here, Defendants anticipate raising a factual attack on the allegations of standing in the complaint. *See, e.g.*,

5

*Rick v. Women's & Children's Hosp.*, No. CIV.A.08-2013, 2010 WL 2360703, at *2 (W.D. La. May 10, 2010) (considering "plaintiffs' discovery responses" in evaluating "factual attack" on jurisdiction). And it is particularly appropriate because Plaintiffs already had an opportunity to request and receive discovery from Defendants, but Defendants have not yet had such an opportunity. Defendants would not have agreed to Plaintiffs' request to withdraw the earlier discovery requests so they could amend their complaint if Plaintiffs had not agreed that the withdrawal "was without prejudice to propounding such requests in the future." ECF No. 76 at 1.

Plaintiffs' contrary arguments lack merit. They argue that discovery before a response to the complaint is improper. But Plaintiffs already obtained extensive discovery from Defendants before the currently operative complaint was even filed. Plaintiffs also moved for even more discovery from Defendants after they withdrew their motion for preliminary injunction but before they filed their amended complaint. *See* ECF No. 82. Allowing jurisdictional discovery prior to responding to the complaint would also put this case on a similar track to the one other case challenging the same rule. *See* Order, *Texas v. Mayorkas*, No. 2:22-cv-94 (Nov. 7, 2022) (granting Defendants until January 2023 to complete jurisdictional discovery before responding to plaintiff's complaint).

Plaintiffs also argue that discovery should be denied because this is an APA case. While Defendants agree that the merits of an APA case must be resolved based on an administrative record, Plaintiffs still must separately put forward evidence of some harm sufficient to invoke the Court's jurisdiction. *See, e.g.*, *Louisiana Crawfish Producers Ass'n v. Mallard Basin, Inc.*, No. 6:10-CV-1085, 2019 WL 171693, at *3 (W.D. La. Jan. 10, 2019) ("Extra-record evidence may also be allowed to determine whether plaintiffs can satisfy a jurisdictional prerequisite, such as standing."). Plaintiffs attempt to flip the burden onto Defendants to figure out whether there is

6

support for any of their allegations of standing, but under Fifth Circuit precedent the burden continues to remain on "[t]he States" who "must establish by a preponderance of the evidence an injury that is concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling." *Texas v. United States*, 40 F.4th 205, 216 (5th Cir. 2022) (quotation marks and citation omitted).[2] Plaintiffs took a kitchen-sink approach to standing, throwing everything against the wall in hopes that something would stick. The amended complaint lists various State agencies in 20 separate States and raises wholly speculative harms on behalf of each, *see* ECF No. 86 at ¶¶ 74-129, while Plaintiffs all but concede that they currently have no idea whether any of these allegations are true or sufficient to invoke the Court's jurisdiction, *see* ECF No. 82 at 1 (arguing Plaintiffs need discovery from the government in order to "shed light on the States' injuries"); ECF No 82-1 at 2 (noting that Plaintiffs "would seriously consider dismissing this suit" if Defendants cannot provide them evidence that they have been harmed). Defendants should have an opportunity to examine whether Plaintiffs have the required "good faith basis" for their allegations of harm and what that basis is before asking the Court to resolve the question of the States' standing. *Advanced Data Access LLC v. Nanya Tech. Corp.*, No. 6:11-cv-473, 2012 WL 10873894, at *3 (E.D. Tex. Apr. 24, 2012), *report and recommendation adopted*, 2012 WL 10889455 (E.D. Tex. June 11, 2012); *see also Turner v. ILG Techs., LLC*, No. 2:21-cv-04192, 2022 WL 4543209, at *14 (W.D. Mo. Sept. 28, 2022) (explaining that party filing complaint must first conduct a reasonable inquiry and be able to certify that the factual contentions have evidentiary support).

---

[2] To the extent Plaintiffs cite *Texas v. United States* as supporting a more permissive view of standing, Defendants note that the Supreme Court granted certiorari in that case and specifically directed the parties to brief "[w]hether the state plaintiffs have Article III standing" to raise APA challenges to Department of Homeland Security actions. *United States v. Texas*, No. 22A17 (22-58), 2022 WL 2841804, at *1 (U.S. July 21, 2022).

7

Plaintiffs argue that responding to discovery will be burdensome. This assertion is in tension with their arguments that Defendants, rather than Plaintiffs, have the only relevant evidence. If Defendants request the evidence Plaintiffs have that supports their allegations of harm and Plaintiffs' response is that they have no evidence beyond what might be in the Federal Government's possession, that answer will be useful in defining the universe of evidence on which Plaintiffs' standing should be assessed, and Plaintiffs have never explained how doing so would be burdensome. Moreover, to the extent there is any burden, Defendants have repeatedly offered to confer and for Plaintiffs to limit their standing assertions to four or less representative States to ease the burden on the Parties and the Court in resolving this question. Plaintiffs have refused to do so, including in the Parties' conferrals this past week.

Before this case can be resolved on the merits, Plaintiffs will have to clarify what precisely their harm is, and meet their burden of proof to show an actual, concrete injury they can trace to the challenged rule. Because this is an APA case, and "when a party seeks review of agency action under the APA, the district judge sits as an appellate tribunal," review of the merits of the claims will otherwise be based solely on the administrative record. *Am. Bioscience, Inc. v. Thompson*, 269 F.3d 1077, 1083 (D.C. Cir. 2001). Since the merits of APA claims will be assessed on the administrative record alone rather than following some later period of discovery, in an APA case where standing is in dispute it makes sense to resolve the standing question and any discovery necessary to resolution of that question before the case proceeds any further.

Dated:   December 2, 2022

Respectfully submitted,

By: */s/ Joseph S. St. John*

MARK BRNOVICH
  Attorney General
Brunn ("Beau") W. Roysden III **
  Solicitor General
Drew C. Ensign **
  Deputy Solicitor General
James K. Rogers **
  Senior Litigation Counsel
OFFICE OF THE ARIZONA ATTORNEY GENERAL
2005 North Central Avenue
Phoenix, AZ 85004
beau.roysden@azag.gov
drew.ensign@azag.gov
james.rogers@azag.gov

*Counsel for Plaintiff State of Arizona*

Steve Marshall
  Alabama Attorney General
Edmund G. LaCour Jr.**
  Solicitor General
Office of the Attorney General
State of Alabama
501 Washington Avenue
P.O. Box 300152
Montgomery, Alabama 36130-0152
Telephone: (334) 242-7300
Edmund.LaCour@AlabamaAG.gov

*Counsel for Plaintiff State of Alabama*

ELIZABETH B. MURRILL (La #20685)
  Solicitor General
J. SCOTT ST. JOHN (La #36682)
  Deputy Solicitor General
LOUISIANA DEPARTMENT OF JUSTICE
1885 N. Third Street
Baton Rouge, Louisiana 70804
Tel: (225) 326-6766
murrille@ag.louisiana.gov
stjohnj@ag.louisiana.gov

*Counsel for Plaintiff State of Louisiana*

ERIC S. SCHMITT
  Attorney General
D. JOHN SAUER *
  Solicitor General
OFFICE OF THE MISSOURI ATTORNEY GENERAL
Supreme Court Building
P.O. Box 899
Jefferson City, MO 65102
Phone: (573) 751-3321
John.Sauer@ago.mo.gov

*Counsel for Plaintiff State of Missouri*

Treg R. Taylor
  Attorney General of Alaska
CORI M. MILLS**
  Deputy Attorney General of Alaska
Christopher A. Robison**
  Assistant Attorney General
Alaska Department of Law
1031 West 4th Avenue, Suite 200
Anchorage, AK 99501-1994
chris.robison@alaska.gov

*Counsel for Plaintiff State of Alaska*

9

LESLIE RUTLEDGE
  Arkansas Attorney General
NICHOLAS J. BRONNI*
  Solicitor General
DYLAN L. JACOBS*
  Deputy Solicitor General
OFFICE OF THE ARKANSAS
ATTORNEY GENERAL
323 Center Street, Suite 200
Little Rock, Arkansas 72201
(501) 682-2007
Nicholas.Bronni@arkansasag.gov
Dylan.Jacobs@arkansasag.gov

*Counsel for Plaintiff State of Arkansas*

CHRISTOPHER M. CARR
  Attorney General of Georgia
STEPHEN J. PETRANY**
  Solicitor General
OFFICE OF THE GEORGIA
ATTORNEY GENERAL
40 Capitol Square, SW
Atlanta, Georgia 30334
(404) 458-3408
spetrany@law.ga.gov

*Counsel for Plaintiff State of Georgia*

THEODORE E. ROKITA
  Indiana Attorney General
Betsy M. DeNardi**
  Director of Complex Litigation
Indiana Government Center South
302 W. Washington St., 5th Floor
Indianapolis, IN 46204
Betsy.DeNardi@atg.in.gov

*Counsel for Plaintiff State of Indiana*

ASHLEY MOODY
  Attorney General
JAMES H. PERCIVAL**
  Deputy Attorney General of Legal Policy
OFFICE OF THE FLORIDA
ATTORNEY GENERAL
The Capitol, Pl-01
Tallahassee, Florida 32399-1050
Phone: (850) 414-3300
james.percival@myfloridalegal.com

*Counsel for Plaintiff State of Florida*

Lawrence G. Wasden
  Attorney General
Brian Kane**
  Chief Deputy Attorney General
Office of the Idaho Attorney General
700 W. Jefferson Street, Ste. 210
P.O. Box 83720
Boise, ID 83720
Telephone: (208) 334-2400
Email: Brian.Kane@ag.idaho.gov

*Counsel for Plaintiff State of Idaho*

Derek Schmidt
  Attorney General
Dwight R. Carswell**
  Deputy Solicitor General
Office of the Kansas Attorney General
120 SW 10th Ave., 3rd Floor
Topeka, KS 66612-1597
dwight.carswell@ag.ks.gov

*Counsel for Plaintiff State of Kansas*

10

DANIEL CAMERON
  Attorney General of Kentucky
Marc Manley**
  Associate Attorney General
Kentucky Office of the
Attorney General
700 Capital Avenue, Suite 118
Frankfort, Kentucky
Tel: (502) 696-5478

*Counsel for Plaintiff Commonwealth of Kentucky*

LYNN FITCH
  Attorney General of Mississippi
JUSTIN L. MATHENY**
  Deputy Solicitor General
OFFICE OF THE MISSISSIPPI
ATTORNEY GENERAL
P.O. Box 220
Jackson, MS 39205-0220
Tel: (601) 359-3680
justin.matheny@ago.ms.gov

*Counsel for Plaintiff State of Mississippi*

DOUGLAS J. PETERSON
  Attorney General
JAMES A. CAMPBELL**
  Solicitor General
OFFICE OF THE NEBRASKA ATTORNEY
GENERAL
2115 State Capitol
Lincoln, Nebraska 68509
Tel: (402) 471-2682
jim.campbell@nebraska.gov

*Counsel for Plaintiff State of Nebraska*

AUSTIN KNUDSEN
  Attorney General
DAVID M.S. DEWHIRST*
  Solicitor General
MONTANA DEPARTMENT OF JUSTICE
215 N Sanders St
Helena, MT 59601
P. (406) 444-2026
David.Dewhirst@mt.gov

*Counsel for Plaintiff State of Montana*

JOHN M. O'CONNOR
  Attorney General of Oklahoma
BRYAN CLEVELAND**
  Deputy Solicitor General
OKLAHOMA ATTORNEY GENERAL'S
OFFICE
313 NE 21st Street
Oklahoma City, OK 73105
Phone: (405) 521-3921

*Counsel for Plaintiff State of Oklahoma*

Sean D. Reyes
  *Utah Attorney General*
Melissa Holyoak**
  *Utah Solicitor General*
350 N. State Street, Suite 230
P.O. Box 142320
Salt Lake City, UT 84114-2320
(801) 538-9600
melissaholyoak@agutah.gov

*Counsel for Plaintiff State of Utah*

11

ALAN WILSON
   South Carolina Attorney General
Thomas T. Hydrick**
   Assistant Deputy Solicitor General
Post Office Box 11549
Columbia, SC 29211
(803) 734-4127
thomashydrick@scag.gov

*Counsel for the State of South Carolina*

BRIDGET HILL
   Attorney General of Wyoming
RYAN SCHELHAAS**
   Chief Deputy Attorney General
OFFICE OF THE WYOMING ATTORNEY GENERAL
109 State Capitol
Cheyenne, WY 82002
Tel: (307) 777-5786
ryan.schelhaas@wyo.gov

*Counsel for Plaintiff State of Wyoming*

Patrick Morrisey
   Attorney General
Lindsay See**
   Solicitor General
Office of the West Virginia Attorney General
State Capitol, Bldg 1, Room E-26
Charleston, WV 25305
(681) 313-4550
Lindsay.S.See@wvago.gov

*Counsel for Plaintiff State of West Virginia*

\* Pro hac vice application forthcoming
\*\* Pro hac vice application granted

12

Dated: December 2, 2022

Respectfully submitted,

BRIAN M. BOYNTON
*Principal Deputy Assistant Attorney General*

WILLIAM C. PEACHEY
*Director*
Office of Immigration Litigation
District Court Section

EREZ REUVENI
*Assistant Director*

/s/ *Brian C. Ward*
BRIAN C. WARD
*Senior Litigation Counsel*
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel.: (202) 616-9121
brian.c.ward@usdoj.gov

*Counsel for Defendants*