**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| EMPLOYERS MUTUAL CASUALTY COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> BRK BUILDERS LLC, SAHIL KOCHHAR, JAMES H LAIRD, STEPHEN KYLE URMANN, and RANIA ADEL MOHAMMED ALY, <br><br> Defendants. | Civil Action File No..: _____ |

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW, Plaintiff Employers Mutual Casualty Company ("EMC" or "Plaintiff"), by and through undersigned counsel, and hereby files its Complaint for Declaratory Judgment against Defendants BRK Builders LLC, Sahil Kochhar, James H. Laird, Stephen Kyle Urmann, and Rania Adel Mohammed Aly (collectively, "Defendants"), stating as follows:

## NATURE OF THE ACTION

1.

This is an action pursuant to 28 U.S.C. § 2201 for a declaratory judgment to determine the rights and obligations as between EMC and Defendants under an

insurance policy issued to Defendant BRK Builders LLC ("BRK"), with respect to a lawsuit filed in the Superior Court of Fulton County, Georgia against BRK, Sahil Kochhar ("Kochhar"), and James H. Laird ("Laird") (collectively, the "Underlying Defendants"), styled as *Stephen Kyle Urmann and Rania Adel Mohammed Aly v. BRK Builders LLC, Sahil Kochhar, and James H Laird*, Civil Action File No. 2022CV370603 (the "Underlying Lawsuit"). A true and correct copy of the Underlying Complaint is attached hereto as Exhibit A. EMC joins Stephen Kyle Urmann and Rania Adel Mohammed Aly (the "Underlying Plaintiffs") as defendants to this lawsuit to ensure that EMC can obtain complete relief by resolving all issues between the parties.

2.

The Underlying Lawsuit arises out of alleged damages to the Underlying Plaintiffs in connection with the alleged fraudulent sale of real property located at 510 Windsor Parkway, Atlanta, Georgia 30342 (the "Property") by the Underlying Defendants.

3.

EMC seeks a judicial declaration that it has no duty to defend or indemnify BRK, Kochhar, or Laird in the Underlying Lawsuit under the insurance policy EMC issued to BRK.

## THE PARTIES

4.

EMC is an Iowa corporation incorporated under Iowa law, with its principal place of business located at 717 Mulberry Street, Des Moines, Iowa 50309. EMC is thus a citizen of Iowa for diversity jurisdiction purposes.

5.

BRK is a limited liability company organized and existing under the laws of the State of Georgia with its principal place of business located at 3688 Clearview Avenue, Atlanta, Georgia 30340, is a citizen and resident of Georgia, and may be served through its registered agent, Sahil Kochhar, at 745 Fountainhead Lane, Unit 117, Atlanta, Georgia, 30324. BRK is owned by Sahil Kochhar, who is domiciled in Georgia. BRK thus is a citizen of Georgia for diversity jurisdiction purposes.

6.

Sahil Kochhar is domiciled in Georgia and may be served at 745 Fountain Lane, Unit 117, Atlanta, Georgia 30324.

7.

James H Laird is domiciled in Georgia and may be served at 3206 Bonway Drive, Decatur, Georgia 30032.

8.

Stephen Kyle Urmann is domiciled in Georgia and may be served at 8725 Islesworth Court, Duluth, Georgia 30097.

9.

Rania Adel Mohammed Aly is domiciled in Georgia and may be served at 8725 Islesworth Court, Duluth, Georgia 30097.

## JURISDICTION AND VENUE

10.

This Court has personal jurisdiction over all Defendants because they are citizens and residents of the State of Georgia.

11.

This Court has subject matter jurisdiction over each of the claims in this lawsuit based on diversity grounds. Pursuant to 28 U.S.C. § 1332, this Court has jurisdiction, because EMC is diverse from all of the Defendants, and the amount in controversy exceeds $75,000.00, exclusive of interest or costs.

12.

Venue is proper pursuant to 28 U.S.C §1391(b)(1) and Local Rule 3.1(B) because Defendants reside in this District and Division.

13.

EMC has named the Underlying Plaintiffs as defendants in addition to BRK, Kochhar, and Laird to ensure total relief between the parties.

14.

This action is brought pursuant to 28 U.S.C. §2201 and seeks declaratory relief as to EMC's obligations to Defendants under a certain policy of insurance issued to BRK for the Underlying Lawsuit and the claims asserted therein. EMC is uncertain as to its duties, rights, and obligations and files this declaratory judgment action to resolve questions of coverage under the relevant insurance policy, including its duty to defend or indemnify Defendants in connection with the claims asserted in the Underlying Lawsuit. An actual and judiciable dispute over those duties, rights, and obligations exists between the parties. Thus, EMC is entitled to bring this declaratory judgment action in this Court.

## THE INCIDENT AND UNDERLYING LAWSUIT

15.

On June 18, 2022, the Underlying Plaintiffs and BRK entered into a Purchase and Sale Agreement in which Underlying Plaintiffs agreed to purchase and Underlying Defendants agreed to sell the Property (the "Sale Agreement"). (Underlying Compl. ¶ 7). Upon the land of the Property, there is a single-family

residence (the "House") constructed by Underlying Defendants. (Underlying Compl. ¶ 8).

16.

As an express stipulation of the Sale Agreement, BRK allegedly agreed to furnish Underlying Plaintiffs a completed seller's disclosure form within three days of the Sale Agreement's binding date. (Underlying Compl. ¶ 9). BRK furnished to Underlying Plaintiffs a Seller's Property Disclosure Statement (New Construction) executed by Kochhar and dated June 22, 2022 ("Seller's Disclosures"). (Underlying Compl. ¶ 10).

17.

On September 22, 2022, the Underlying Plaintiffs sued Underlying Defendants in the Superior Court of Fulton County, Georgia in connection with the sale.

18.

The Complaint alleges that Underlying Plaintiffs purchased the Property in reliance upon the multiple statements made by Kochhar in the Seller's Disclosures, including that (1) there had been no settling, movement, cracking or breaking of the foundations or structural supports of the House, (2) the Underlying Defendants were not aware of building code violations, (3) there were no drainage or flooding

problems, (4) there had not been any water leakage, accumulation, or dampness within the House after its completion, and (5) there were no adverse, material facts pertaining to the physical condition of the Property that had not otherwise been disclosed. (Underlying Compl. ¶¶ 11, 13-26).

19.

Additionally, the Complaint alleges that after Underlying Plaintiffs purchased the Property, they learned that Kochhar made false statements – including those listed above – in the Seller's Disclosures, which all Underlying Defendants knew were false. (Underlying Compl. ¶¶ 12, 27).

20.

The Complaint alleges that, through fraud, Underlying Defendants obtained a Certificate of Occupancy dated July 8, 2022 ("First Revoked CO"). (Underlying Compl. ¶ 28). According to the Complaint, Underlying Defendants were made aware and had actual knowledge of the revocation of the First Revoked CO; however, Underlying Defendants, later furnished a copy of the First Revoked CO to the closing attorney for the Property's closing transaction (the "Closing"), for the purpose of inducing Underlying Plaintiffs to purchase the Property. (Underlying Compl. ¶¶ 31-33). Underlying Plaintiffs, unaware of the First Revoked CO, allegedly completed the Closing to their detriment in justifiable

reliance upon the fraudulent statement and omissions of material facts perpetrated by Underlying Defendants. (Underlying Compl. ¶ 35).

21.

Additionally, the Complaint alleges that after Closing and after Plaintiffs took title to the Property, Defendant procured, through fraud and misrepresentation, a Certificate of Occupancy dated July 21, 2022 ("Second Revoked CO"), that was later revoked by the City of Sandy Springs on August 30, 2022. (Underlying Compl. ¶¶ 37-38).

22.

The Complaint further alleges that Underlying Defendants violated the Sale Agreement by failing to disclose material defects and furnishing the First Revoked CO. (Underlying Compl. ¶¶ 26, 34).

23.

Based on Underlying Defendants' purported misconduct, the Underlying Plaintiff asserts counts for contract rescission, fraud damages, and attorney's fees pursuant to O.C.G.A. § 13-6-11. (Underlying Compl. ¶¶ 43-54).

24.

The Complaint seeks various forms of relief, including rescinding the Sale Agreement, damages for fraud in an amount to be proven by trial, and attorney's fees. (Underlying Compl. page 10).

## THE POLICY

25.

BRK was insured under insurance policy number 6D2-16-35-23 (the "Policy"), which EMC issued to BRK for the period of June 10, 2022, to June 10, 2023, providing certain coverage, subject to the Policy's terms, conditions, limitations, and exclusions. A true and correct copy of the Policy is attached hereto as Exhibit B.

26.

BRK sought a defense and indemnification against the Lawsuit under the Policy.

27.

EMC undertook the defense of BRK, Kochhar, and Laird against the Lawsuit under a reservation of rights.

28.

The Policy's Commercial General Liability Coverage Form, Section I – Coverage A Bodily Injury and Property Damage Liability provides that "We will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies." (Policy, CG 00 01 04 13, p. 1 of 16). That section further provides that "No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages A and B." (Policy, CG 00 01 04 13, p. 1 of 16).

29.

The Policy's Commercial General Liability Coverage Form, Section I – Coverage A Bodily Injury and Property Damage Liability provides:

> b.   This insurance applies to "bodily injury" and "property damage" only if:
>
> (1)   The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory[.]"

(Policy, CG 00 01 04 13, p. 1 of 16).

30.

The Policy defines "property damage" to mean:

    a)     Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

    b)     Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

(Policy, CG 00 01 04 13, p. 15 of 16).

31.

The Policy defines an "occurrence" to mean "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." (Policy, CG 00 01 04 13, p. 15 of 16).

32.

The Policy's "Supplementary Payments – Coverages A and B" section provides that EMC will pay, among other miscellaneous expenses: "All court costs taxed against the insured in the 'suit'. However, these payments do not include attorneys' fees or attorneys' expenses taxed against the insured." (Policy, CG 00 01 04 13, p. 8 of 16.)

33.

The Policy contains an Expected or Intended Injury Exclusion that, as amended by endorsement, excludes coverage for the following:

"Bodily injury" or "property damage" expected or intended from the standpoint of an insured. This exclusion does not apply to "bodily

injury" or "property damage" resulting from the use of reasonable force to protect persons or property.

(Policy, CG7578(2-19), p. 1 of 6).

34.

The Policy excludes coverage for "property damage" for "which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement." (Policy, CG 00 01 04 13, p. 2 of 16).

35.

The Policy excludes coverage for "[p]roperty damage" to the following:

(1)     Property you own, rent, or occupy, including any costs or expenses incurred by you, or any other person, organization or entity, for repair, replacement, enhancement, restoration or maintenance of such property for any reason, including prevention of injury to a person or damage to another's property;

(2)     Premises you sell, give away or abandon, if the "property damage" arises out of any part of those premises;

\*\*\*

(5)     That particular part of real property on which you or any contractors or sub-contractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

(6)     That particular part of any property that must be restored, repaired or re-placed because "your work" was incorrectly performed on it.

(Policy, CG 00 01 04 13, pp. 4-5 of 16).

36.

The Policy excludes coverage for:

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

(1)     A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

(2)     A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

(Policy, CG 00 01 04 13, p. 5 of 16).

37.

The Policy defines "impaired property" as:

Tangible property, other than "your product" or "your work", that cannot be used or is less useful because:

a.     It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or

b.     You have failed to fulfill the terms of the contract or agreement;

if such property can be restored to use by the repair, replacement, adjustment or removal of "your product" or "your work" or your fulfilling the terms of the contract or agreement.

(Policy, CG 00 01 04 13, p. 13 of 16).

38.

The Policy provides that "your work":

a.     Means:

(1)  Work or operations performed by you or on your behalf; and

(2)  Materials, parts or equipment furnished in connection with such work or operations.

b.  Includes:

(1)  Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and

(2)  The providing of or failure to provide warnings or instructions.

(Policy, CG 00 01 04 13, p. 16 of 16).

39.

The Policy contains a Designated Work Exclusion that provides:

This insurance does not apply to "bodily injury" or "property damage" included in the "products-completed operations hazard" and arising out of "your work" shown in the Schedule.

(Policy, CG 21 34 01 87, p. 1 of 1).

40.

The Policy defines "products-completed operations hazard" as the following:

a.  Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

(1)  Products that are still in your physical possession; or

(2)  Work that has not yet been completed or abandoned. however, "your work" will be deemed completed at the earliest of the of the following times:

-14-

(a)     When all of the work called for in your contract has been completed.

(b)     When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

(c)     When the part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

(Policy, CG 00 01 04 13, p. 15 of 16).

41.

The Policy's Declarations further states as to the Designated Work Exclusion:

Desc Of Your Work:

The distribution and/or sale of, or the utilization of, drywall, gypsum board, wallboard and/or any substantially similar product manufactured and/or imported from China, in the construction, fabrication, installation, maintenance, repair (including remodeling), of any house or building, or in the preparation of any house or building and/or the service, correction or replacement of any part of a house or building.

Description of your work:

Exclusion L. Damage to your work is deleted and replaced with:

1.     Faulty, defective or poor workmanship in your work.

This insurance does not apply to, and we shall have no obligation to defend, indemnify or otherwise respond to, any

-15-

claim or 'suit' for the cost of repair, replacement, adjustment, removal, loss of use, inspection, disposal, or otherwise making good any faulty, defective or poor workmanship in 'your work' for which any insured or any insured's employees, contractors, or subcontractors may be liable.

This exclusion does not include 'property damage' to property other than the faulty, defective or poor workmanship in 'your work' included in the 'products-completed operations hazard' and the exclusion does not apply to 'bodily injury'.

(Policy, IL7131A (ED. 04-01)).

42.

The Policy contains an endorsement that provides:

Exclusion **l.**   Damage to Your Work of **Section I – Coverages, Coverage A. – Bodily Injury And Property Damage Liability, 2. Exclusions** is deleted and replaced with the following:

**2.   Exclusions**

This insurance does not apply to:

**l.   Faulty, Defective or Poor Workmanship in Your Work**

Any claim or "suit" for the cost of repair, replacement, adjustment, removal, loss of use, inspection, disposal, or otherwise making good that particular part of "your work" that is physically injured, faulty, non-compliant, or defective and for which any insured or any insured's employees, contractors or subcontractors may be liable.

This exclusion does not apply to "property damage" caused by faulty, defective or poor workmanship in "your work" to property other than that particular part of any property on which "your work" was incorrectly performed.

(Policy, CG7729(9-19), p. 1 of 1).

43.

The Policy's Commercial General Liability Coverage Form, Section II –

WHO IS AN INSURED provides:

>    1.    If you are designated in the Declarations as:
>
>                                    ***
>
>    c.    A limited liability company, you are an insured. Your
>          members are also insured, but only with respect to the
>          conduct of your business. Your managers are insureds,
>          but only with respect to their duties as your managers.

(Policy, CG 00 01 04 13, p. 9 of 16).

44.

The Policy's Commercial General Liability Coverage Form provides:

>    Throughout this policy the words "you" and "your" refer to the
>    Named Insured shown in the Declarations, and any other person or
>    organization qualifying as a Named Insured under this policy. The
>    words "we", "us" and "our" refer to the company providing this
>    insurance.
>
>    The word "insured" means any person or organization qualifying as
>    such under Section II – Who Is An Insured.

(Policy, CG 00 01 04 13, p. 1 of 16).

45.

The Policy's Commercial General Liability Coverage Form, Section II –

WHO IS AN INSURED also provides:

>    2.    Each of the following is also an insured:

    a.      Your "volunteer workers" only while performing duties related to the conduct of your business, or your "employees", other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by your or while performing duties relate to the conduct of your business. However, none of these "employees" or "volunteer workers" are insureds for:

*** 

    (2)    "Property damage" to property:

        (a)    Owned, occupied or used by

        (b)    Rented to, in the care, custody or control of, or over which physical control is being exercised for any purpose by;

    you, any of your "employees", "volunteer workers", any partner or member (if you are a partnership or joint venture), or any member (if you are a limited liability company).

(Policy, CG 00 01 04 13, p. 10 of 16).

46.

The Policy defines "employee" as follows:

"Employee" includes a "leased worker". "Employee" does not include a "temporary worker".

(Policy, CG 00 01 04 13, p. 13 of 16).

47.

The Policy contains an endorsement that adds an exclusion for Real Estate

Agents or Brokers Errors or Omissions that provides:

> This insurance does not apply to "bodily injury", "property damage"
> or "personal and advertising injury" arising out of any
> misrepresentation, error or omission by you or any real estate agent or
> broker who is either employed by you or performing work on your
> behalf in such capacity.

(Policy, CG 23 01 04 13, p. 1 of 1).

## COUNT I – DECLARATORY JUDGMENT:
## NO "OCCURRENCE"

48.

EMC repeats and re-alleges the foregoing paragraphs 1 through 47 as if fully

set forth herein.

49.

The Policy's Coverage A insuring agreement provides coverage for

"property damage" that was caused by an "occurrence," subject to the Policy's

terms, conditions, and exclusions.

50.

"Occurrence" is defined as "an accident, including continuous or repeated

exposure to substantially the same general harmful conditions."

51.

The Underlying Lawsuit and all of the claims asserted in the Underlying Complaint are based on an alleged pattern of purposeful and deliberate conduct, not the result of an accident.

52.

Since all of the claims asserted in the Underlying Lawsuit are not the result of an accident, there is no "occurrence" and coverage is not triggered under the Policy.

53.

Accordingly, EMC is entitled to a declaration that the Policy does not provide coverage to BRK or the other Underlying Defendants in connection with the Underlying Lawsuit, as the claims against the Underlying Defendants do not allege an "occurrence" as provided in the Policy. EMC is therefore entitled to a declaration that it has no duty to defend or indemnify BRK or the other Underlying Defendants in connection with the Underlying Lawsuit.

## COUNT II –DECLARATORY JUDGMENT:
## NO "PROPERTY DAMAGE"

54.

EMC repeats and re-alleges the foregoing paragraphs 1 through 47 as if fully set forth herein.

55.

The Policy's Coverage A insuring agreement provides coverage for "property damage" that was caused by an "occurrence," subject to the Policy's terms, conditions, and exclusions.

56.

"Property damage" is defined as "[p]hysical injury to tangible property, including all resulting loss of use of that property" or "[l]oss of use of tangible property that is not physically injured."

57.

The Underlying Plaintiffs assert claims for contract rescission, fraud damages, and attorney's fees pursuant to OCGA § 13-6-11.

58.

Neither the Underlying Lawsuit nor any of the causes of action asserted therein are based on allegations of "property damage," as defined in the Policy.

59.

Since none of the causes of action asserted against the Underlying Defendants are based on claims of "property damage," the claims do no not trigger coverage under the Policy.

60.

Accordingly, EMC is entitled to a declaration that the Policy does not provide coverage to BRK or the other Underlying Defendants in connection with the Underlying Lawsuit, as the claims against the Underlying Defendants do not allege "property damage" as provided in the Policy. EMC is therefore entitled to a declaration that it has no duty to defend or indemnify BRK or the other Underlying Defendants in connection with the Underlying Lawsuit.

## COUNT III – DECLARATORY JUDGMENT: NO "DAMAGES" FOR RESCISSION

61.

EMC repeats and re-alleges the foregoing paragraphs 1 through 47 as if fully set forth herein.

62.

The Policy's Coverage A insuring agreement provides that EMC "will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies."

63.

The first cause of action in the Complaint seeks the equitable remedy of contract rescission. The Underlying Plaintiffs do not allege or seek any monetary damages in connection with that cause of action.

64.

The equitable remedy of contract rescission does not constitute "sums that the insured becomes legally obligated to pay as damages" and, therefore, is not covered by the Policy.

65.

Accordingly, EMC is entitled to a declaration that the Policy does not provide coverage to BRK or the other Underlying Defendants in connection with the contract rescission claim in the Underlying Complaint, since that claim does not seek damages as provided in the Policy. EMC is therefore entitled to a declaration that it has no duty to defend or indemnify BRK or the other Underlying Defendants in connection with the contract rescission claim.

## COUNT IV – DECLARATORY JUDGMENT: NO COVERAGE FOR ATTORNEYS' FEES UNDER O.C.G.A. § 13-6-11

66.

EMC repeats and re-alleges the foregoing paragraphs 1 through 47 as if fully set forth herein.

67.

The Policy's Coverage A insuring agreement provides that EMC "will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies."

68.

The third cause of action in the Complaint seeks recovery of the Underlying Plaintiffs' attorneys' fees pursuant to O.C.G.A. § 13-6-11. That statute authorizes the award of attorneys' fees "where the plaintiff has specially pleaded and has made prayer therefor and where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense."

69.

Attorneys' fees awarded pursuant to O.C.G.A. § 13-6-11 do not constitute "sums that the insured becomes legally obligated to pay as damages" and, therefore, are not covered by the Policy.

70.

To the extent any attorneys' fees awarded pursuant to O.C.G.A. § 13-6-11 in the Underlying Lawsuit can be characterized as "costs" taxed against the Underlying Defendants, the Policy's limited coverage for "court costs taxed against the insured" expressly excludes any "attorneys' fees or attorneys' expenses taxed against the insured."

71.

Separately, because attorneys' fees may only be awarded pursuant to O.C.G.A. § 13-6-11 "where the defendant has acted in bad faith, has been

stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense," those fees are predicated on intentional misconduct that does not fall within the scope of an "occurrence," and the Policy therefore provides no coverage for any such fee award.

72.

Accordingly, EMC is entitled to a declaration that the Policy does not provide coverage to BRK or the other Underlying Defendants in connection with the claim in the Underlying Complaint for attorneys' fees under O.C.G.A. § 13-6-11, since that claim does not seek damages or damages caused by an "occurrence" as provided in the Policy. EMC is therefore entitled to a declaration that it has no duty to defend or indemnify BRK or the other Underlying Defendants in connection with that attorneys' fee claim.

## COUNT V – DECLARATORY JUDGMENT: <u>EXPECTED OR INTENDED INJURY EXCLUSION</u>

73.

EMC repeats and re-alleges the foregoing paragraphs 1 through 47 as if fully set forth herein.

74.

The Policy excludes coverage for "'[b]odily injury' or 'property damage' expected or intended from the standpoint of an insured."

75.

The Underlying Lawsuit and all of the claims asserted in the Underlying Complaint are based on an alleged pattern of purposeful and deliberate conduct.

76.

To the extent that the Underlying Complaint triggers the Policy's initial insuring agreement (which EMC denies for the reasons outlined above), coverage nonetheless would be barred by the Policy's Expected or Intended Injury Exclusion.

77.

Accordingly, EMC is entitled to a declaration that the Policy does not provide coverage to BRK or the other Underlying Defendants in connection with the Underlying Lawsuit, as the claims against the Underlying Defendants are precluded by the Policy's Expected or Intended Injury Exclusion. EMC is therefore entitled to a declaration that it has no duty to defend or indemnify BRK or the other Underlying Defendants in connection with the Underlying Lawsuit.

## COUNT VI – DECLARATORY JUDGMENT: CONTRACTUAL LIABILITY EXCLUSION

78.

EMC repeats and re-alleges the foregoing paragraphs 1 through 47 as if fully set forth herein.

-26-

79.

The Policy excludes coverage for "'property damage' for which the insured is obligated to pay damages by reason of the assumption of liability in a contract."

80.

The Underlying Lawsuit and all of the claims asserted in the Underlying Complaint are based on an alleged pattern of purposeful and deliberate conduct intended to induce the Underlying Plaintiffs into agreeing to enter the Sale Agreement, a contract under which the Underlying Plaintiffs allege the Underlying Defendants did not perform.

81.

To the extent that the Underlying Complaint triggers the Policy's initial insuring agreement (which EMC denies for the reasons outlined above), coverage nonetheless would be barred by the Policy's Contractual Liability Exclusion.

82.

Accordingly, EMC is entitled to a declaration that the Policy does not provide coverage to BRK or the other Underlying Defendants in connection with the Underlying Lawsuit, as the claims against the Underlying Defendants are precluded by the Policy's Contractual Liability Exclusion. EMC is therefore

entitled to a declaration that it has no duty to defend or indemnify BRK or the other Underlying Defendants in connection with the Underlying Lawsuit.

## COUNT VII – DECLARATORY JUDGMENT: <u>DAMAGE TO PROPERTY EXCLUSION</u>

83.

EMC repeats and re-alleges the foregoing paragraphs 1 through 47 as if fully set forth herein.

84.

The Policy excludes coverage for "property damage" to "[p]roperty [BRK] own[s,] … including any costs or expenses incurred by [BRK] or any other person … for repair, replacement, enhancement, restoration or maintenance of such property for any reason[.]"

85.

Additionally, the Policy excludes "property damage" to "[p]remises [BRK] sell[s] … if the 'property damage' arises out of any part of those premises."

86.

The Policy also excludes "property damage" to "[t]hat particular part of real property on which [BRK] or any contractors or subcontractors working directly or indirectly on [BRK's] behalf are performing operation, if the 'property damage' arises out of those operations[.]"

87.

Lastly, the Policy excludes "property damage" to "[t]hat particular part of any property that must be restored, repaired or replaced because of 'your work' was incorrectly performed on it." "Your work" is defined as "[w]ork or operations performed by [BRK] or on [BRK's] behalf and includes "[w]arranties or representations made at any time with respect to the fitness, quality, durability, performance or use of 'your work'[.]"

88.

BRK owned the Property before selling the Property to Underlying Plaintiffs.

89.

Additionally, Underlying Plaintiffs' issues with the Property stem from the allegations that Underlying Defendants' work was defective or deficient and that Underlying Defendants purportedly made false representations regarding the work performed.

90.

To the extent that Underlying Plaintiffs' Complaint triggers the Policy's initial insuring agreement (which EMC denies for the reasons outlined above), any

damage to the Property that BRK owns or sold would fall within the scope of the Policy's Damage to Property exclusion and would not be covered.

91.

Further, to the extent that the Underlying Complaint triggers the Policy's initial insuring agreement (which EMC denies for the reasons outlined above), coverage nonetheless would be barred by the Policy's Damage to Property exclusion, which precludes coverage for damages to restore, repair, or replace any property due to BRK's operations.

92.

Accordingly, EMC is entitled to a declaration that the coverage is limited as to BRK and the other Underlying Defendants in connection with the Underlying Lawsuit, as coverage for any allegations of "property damage" is limited or precluded by the Policy's Damage to Property Exclusion. EMC is therefore entitled to a declaration that it has no duty to defend or indemnify BRK or the other Underlying Defendants in connection with any allegations of "property damage" that fall within the scope of the Policy's Damage to Property Exclusion.

## COUNT VIII – DECLARATORY JUDGMENT:
## FAULTY, DEFECTIVE, OR POOR WORKMANSHIP EXCLUSION

### 93.

EMC repeats and re-alleges the foregoing paragraphs 1 through 47 as if fully set forth herein.

### 94.

The Policy also excludes coverage for any "cost of repair, replacement, adjustment, removal, loss of use, inspection, disposal, or otherwise making good that particular part of 'your work' that is physically injured, fault, non-compliant, or defective and for which any insured or any insured's employees, contractors, or subcontractors may be liable.

### 95.

Underlying Plaintiffs' allegations regarding the Property arise out of the purportedly defective or deficient nature of Underlying Defendants' work.

### 96.

Therefore, to the extent that Underlying Plaintiffs seek to recover damages to repair or replace Underlying Defendants' work, the Policy's Faulty, Defective, or Poor Workmanship in Your Work Exclusion precludes coverage for such damages.

97.

To the extent that Underlying Plaintiffs' Complaint triggers the Policy's initial insuring agreement (which EMC denies for the reasons outlined above), EMC is entitled to a declaration that the coverage is precluded by the Policy's Faulty, Defective, or Poor Workmanship in Your Work Exclusion. EMC is therefore entitled to a declaration that it has no duty to defend or indemnify BRK or the other Underlying Defendants for any damages that fall within the scope of the Policy's Faulty, Defective, or Poor Workmanship in Your Work Exclusion.

## COUNT IX – DECLARATORY JUDGMENT: <u>IMPAIRED PROPERTY EXCLUSION</u>

98.

EMC repeats and re-alleges the foregoing paragraphs 1 through 47 as if fully set forth herein.

99.

The Policy excludes coverage for

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

(3)    A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

(4)    A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

100.

The Policy defines "impaired property" as:

> Tangible property, other than "your product" or "your work", that cannot be used or is less useful because:
>
> c.     It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or
>
> d.     You have failed to fulfill the terms of the contract or agreement;
>
> if such property can be restored to use by the repair, replacement, adjustment or removal of "your product" or "your work" or your fulfilling the terms of the contract or agreement.

101.

To the extent that (1) Underlying Plaintiffs' Complaint triggers the Policy's initial insuring agreement (which EMC denies for the reasons outlined above), and (2) any portion of the Property is not considered the Underlying Defendants' "work" for purposes of the other exclusions highlighted above, it would constitute "tangible property" that is "thought to be defective, deficient, inadequate or dangerous" because it incorporates the Underlying Defendants' allegedly faulty work. As a result, any such damage to the Property would fall within the scope of the Policy's Impaired Property exclusion and would not be covered.

102.

Accordingly, EMC is entitled to a declaration that the coverage for any allegations of "property damage" is precluded by the Policy's Impaired Property

Exclusion. EMC is therefore entitled to a declaration that it has no duty to defend or indemnify BRK or the other Underlying Defendants in connection with any allegations of "property damage" that fall within the scope of the Policy's Impaired Property Exclusion.

## COUNT X – DECLARATORY JUDGMENT:
## MISREPRESENTATIONS, ERRORS, OR OMISSIONS EXCLUSION

103.

EMC repeats and re-alleges the foregoing paragraphs 1 through 47 as if fully set forth herein.

104.

The Policy excludes coverage for loss "arising out of any misrepresentation, error or omission by [BRK] or by any real estate agent or broker who is either employed by [BRK] or performing work on [BRK's] behalf in such capacity."

105.

The Underlying Lawsuit and all of the claims asserted in the Underlying Complaint are based on the "numerous false statements and active concealments perpetrated by [Underlying] Defendants" in connection with the sale of the Property. (Underlying Compl. ¶ 40)

106.

To the extent that Underlying Plaintiffs' Complaint triggers the Policy's initial insuring agreement (which EMC denies for the reasons outlined above), EMC is entitled to a declaration that coverage is barred by the Policy's Real Estate Agents or Brokers Errors or Omissions Exclusion. EMC is therefore entitled to a declaration that it has no duty to defend or indemnify BRK or the other Underlying Defendants in connection with any allegations that fall within the scope of the Policy's Real Estate Agents or Brokers Errors or Omissions Exclusion.

## PRAYER FOR RELIEF

WHEREFORE, EMC respectfully requests that the Court:

(1)     Declare that the lack of "property damage" alleged in the Underlying Complaint bars coverage for Underlying Defendants in connection with the Underlying Lawsuit, and therefore, EMC does not owe them defense and/or indemnity from the Underlying Lawsuit;

(2)     Declare that the lack of an "occurrence" alleged in the Underlying Complaint bars coverage for Underlying Defendants in connection with the Underlying Lawsuit, and therefore, EMC does not owe them defense and/or indemnity from the Underlying Lawsuit; and

(3)     Declare that the lack of damages alleged or sought in connection with the Underlying Plaintiffs' cause of action for contract rescission bars coverage for Underlying Defendants in connection with the that cause of action, and therefore, EMC does not owe them defend or indemnity in connection with the contract rescission count.

(4)     Declare that the Underlying Plaintiffs' cause of action for attorneys' fees pursuant to O.C.G.A. § 13-6-11 does not seek covered "damages" caused by an "occurrence, , and therefore, EMC does not owe the Underlying Defendants defense or indemnity in connection with the attorneys' fees count.

(5)     Declare that, to the extent the Policy's initial scope of coverage is triggered, the Policy's Expected or Intended Injury Exclusion bars coverage for Underlying Defendants in connection with the Underlying Lawsuit, and therefore, EMC does not owe them defense and/or indemnity from the Underlying Lawsuit.

(6)     Declare that, to the extent the Policy's initial scope of coverage is triggered, the Policy's Contractual Liability Exclusion bars coverage for Underlying Defendants in connection with the Underlying

Lawsuit, and therefore, EMC does not owe them defense and/or indemnity from the Underlying Lawsuit.

(7)   Declare that, to the extent the Policy's initial scope of coverage is triggered, the Policy's Damage to Property Exclusion bars coverage for Underlying Defendants in connection with the Underlying Lawsuit, and therefore, EMC does not owe them defense or indemnity from the Underlying Lawsuit.

(8)   Declare that, to the extent the Policy's initial scope of coverage is triggered, the Policy's Faulty, Defective, or Poor Workmanship in Your Work Exclusion bars coverage for the Underlying Defendants in connection with the Underlying Lawsuit, and therefore, EMC does not owe them defense or indemnity from the Underlying Lawsuit.

(9)   Declare that, to the extent the Policy's initial scope of coverage is triggered, the Policy's Impaired Property Exclusion bars coverage for the Underlying Defendants in connection with the Underlying Lawsuit, and therefore, EMC does not owe them defense or indemnity from the Underlying Lawsuit.

(10)   Declare that, to the extent the Policy's initial scope of coverage is triggered, the Policy's Real Estate Agents or Brokers Errors or

Omissions Exclusion bars coverage for Underlying Defendants in connection with the Underlying Lawsuit, and therefore, EMC does not owe them defense and/or indemnity from the Underlying Lawsuit.

(11)   Award EMC such other further relief that the Court may deem just and proper.

Respectfully submitted this 17th day of March, 2023.

**FIELDS HOWELL LLP**
665 8th Street
Atlanta, Georgia 30318
404.214.1250 (Telephone)
404.214.1251 (Facsimile)
akirk@fieldshowell.com
bgossett@fieldshowell.com
jchandrasekhar@fieldshowell.com

*/s/ Brandon R. Gossett*
Ann T. Kirk
Georgia Bar No.:  101047
Brandon R. Gossett
Georgia Bar No.:  120424
Jonathan D. Chandrasekhar
Georgia Bar No.:  393090

*Counsel for Plaintiff Employers Mutual Casualty Company*

-38-