# EXHIBIT B

⚖ **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
FULTON COUNTY, GEORGIA

**2022CV370603**

**SEP 22, 2022 08:22 AM**

Cathelene Robinson, Clerk
Fulton County Superior Court

**IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA**

| | |
|---|---|
| **STEPHEN KYLE URMANN AND RANIA ADEL MOHAMMED ALY,**<br><br>**Plaintiffs,**<br><br>**vs.**<br><br>**BRK BUILDERS LLC, SAHIL KOCHHAR, AND JAMES H LAIRD,**<br><br>**Defendants.** | **CIVIL ACTION FILE NUMBER:** |

### COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES

COME NOW, Plaintiffs Stephen Kyle Urmann and Rania Adel Mohammed Aly, and file this Complaint for Equitable Relief and Damages, showing this Honorable Court as follows:

### PARTIES, JURISDICTION, AND VENUE

1.

Plaintiffs Stephen Kyle Urmann and Rania Adel Mohammed Aly (collectively, "**Plaintiffs**"), by filing this Complaint, are subject to the jurisdiction of this Court.

2.

Defendant BRK Builders LLC ("**BRK**") is a limited liability company organized and existing under the laws of the State of Georgia, is subject to the jurisdiction of this Court, and may be served via its registered agent: Sahil Kochhar, 745 Fountainhead Lane, Unit 117, Atlanta, Fulton County, Georgia 30324.

3.

Defendant Sahil Kochhar ("**Kochhar**") is a resident of Fulton County, is subject to the jurisdiction of this Court, and may be personally served with a copy of this Complaint and Summons at: 745 Fountainhead Lane, Unit 117, Atlanta, Fulton County, Georgia 30324.

4.

Defendant James H Laird ("**Laird**") is a resident of DeKalb County, is subject to the jurisdiction of this Court, and may be personally served with a copy of this Complaint and Summons at: 3206 Bonway Drive, Decatur, DeKalb County, Georgia 30032.

5.

The Superior Court of Fulton County has subject matter jurisdiction by virtue of the facts herein stated, because this is a cause of action in equity, because most defendants are domiciled in Fulton County, and because the real property at issue is within Fulton County.

6.

Plaintiffs are informed and believe and thereon allege that at all times relevant hereto, unless otherwise stated herein, each of the Defendants BRK, Kochhar, and Laird (collectively, "**Defendants**") was the agent of the remaining Defendants and in doing the things herein stated, was acting withing the scope of such agency and with the permission and consent of the other Defendants. For example, Laird, as the licensed general contractor for BRK, was responsible for supervising construction on behalf of BRK and requesting inspections of construction according to law so, when shoddy construction is hastily covered without inspection, the associated fraudulent activity, while originating with Laird (and perhaps others) may be attributed to BRK, Laird's principal.

## FACTS COMMON TO ALL COUNTS

7.

On or about June 18, 2022, Plaintiffs and BRK entered into a *Purchase and Sale Agreement,* as later amended (the "**Agreement**"), in which Plaintiffs agreed to purchase and Defendant agreed to sell the real property located at 510 Windsor Parkway, Atlanta, Fulton County, Georgia 30342 (the "**Property**").

Stephen Kyle Urmann and Rania Adel Mohammed Aly v. BRK Builders LLC, Sahil Kochhar, and James H Laird
Superior Court of Fulton County
Civil Action File Number:
Complaint for Equitable Relief and Damages
Page 2 of 11

Barnes Firm LLP                                                                                          barnesattorneys.com

8.

Upon the land of the Property there is a single family residence (the "**House**") newly constructed by Defendants.

9.

As an express, written special stipulation of the Agreement, BRK agreed to furnish Plaintiffs a completed seller's disclosure form within three (3) days of the Agreement's binding date.

10.

BRK furnished to Plaintiffs a *Seller's Property Disclosure Statement (New Construction)* executed by Kochhar and dated June 22, 2022 ("**Seller's Disclosure**").

11.

In reliance, in significant part, up on the multiple statements made by Kochhar in the Seller's Disclosure, Plaintiffs purchased the Property.

12.

After Plaintiffs purchased the Property, they learned that Kochhar made a litany of false statements on the Seller's Disclosure.  A true and accurate copy of said Seller's Disclosure is attached as Exhibit A.

13.

Question 3(a) of the Seller's Disclosure asks: "Has there been any settling, movement, cracking or breakage of the foundations or structural supports of the improvements?"

14.

Kochhar answered "No" to Question 3(a) of the Seller's Disclosure. Kochhar's response is false because there is clear evidence of substantial (and far more than normal) settling and movement of some of the structural supports of the House.

Stephen Kyle Urmann and Rania Adel Mohammed Aly v. BRK Builders LLC, Sahil Kochhar, and James H Laird
Superior Court of Fulton County
Civil Action File Number:
Complaint for Equitable Relief and Damages
Page 3 of 11

Barnes Firm LLP                                                                                                barnesattorneys.com

15.

In addition to failing to disclose said settling and movement of structural supports of the House, Laird as general contractor, Kochhar, and BRK purposely and actively concealed said issues from Plaintiffs.

16.

Question 3(d) of the Seller's Disclosure asks: "Is Seller aware of violations of building codes . . .?"

17.

Kochhar answered "No" to Question 3(d) of the Seller's Disclosure. Kochhar's response is false because some of Defendants' construction work still does not comply with building or housing codes and is so deficient that, absent abject incompetence of the highest order, it is quite impossible for Defendants to not be aware of the Property's many building code violations.

18.

 Additionally, certificates of occupancy have been revoked twice as result of Defendants' violations of building codes.

19.

The Property currently does not have any certificate of occupancy.

20.

Question 6(f) of the Seller's Disclosure asks: "Are there any present drainage or flooding problems?"

21.

Kochhar answered "No" to Question 6(f) of the Seller's Disclosure. Kochhar's response is false because severe and pervasive drainage and flooding problems existed at the time Seller's Disclosure was executed and have persisted at the Property beginning before the build phase was supposedly complete.

Stephen Kyle Urmann and Rania Adel Mohammed Aly v. BRK Builders LLC, Sahil Kochhar, and James H Laird
Superior Court of Fulton County
Civil Action File Number:
Complaint for Equitable Relief and Damages
Page 4 of 11

Barnes Firm LLP                                                                                          barnesattorneys.com

22.

Question 6(g) of the Seller's Disclosure asks: "Has there ever been any water leakage, accumulation, or dampness within the improvements on Property after its completion?"

23.

Kochhar answered "No" to Question 6(g) of the Seller's Disclosure. Kochhar's response is false because severe and pervasive drainage and flooding problems existed at the time Seller's Disclosure was executed and have persisted at the Property beginning before the build phase was supposedly complete.

24.

Question 13(a) of the Seller's Disclosure asks: "Are there any other adverse, material facts pertaining to the physical condition of the Property that have not otherwise been disclosed?"

25.

Kochhar answered "No" to Question 13(a) of the Seller's Disclosure. Kochhar's response is false because neither Kochhar nor any other Defendant disclosed any of the above-described defects elsewhere on the Seller's Disclosure and, consequently, were under an obligation to disclose them, at bare minimum, in response to this question.

26.

In addition to the false statements made on the Seller's Disclosure, Defendants' failures to disclose material defects violated Agreement § B(8)(d), which states: "Seller is required under Georgia law to disclose to the Buyer latent or hidden defects in the Property which Seller is aware and which could not have been discovered by the Buyer upon a reasonable inspection of the property."

Stephen Kyle Urmann and Rania Adel Mohammed Aly v. BRK Builders LLC, Sahil Kochhar, and James H Laird
Superior Court of Fulton County
Civil Action File Number:
Complaint for Equitable Relief and Damages
Page 5 of 11
Barnes Firm LLP                                                                          barnesattorneys.com

27.

Plaintiffs are informed and believe and thereon allege that at that time Kochhar and the other Defendants made the statements contained in the Seller's Disclosure, all Defendants knew the statements were false.

28.

Through fraud and artifice, Defendants obtained a *Certificate of Occupancy* dated July 8, 2022 ("**First Revoked CO**").

29.

The First Revoked CO was revoked by the City of Sandy Springs on July 13, 2022.

30.

According to a report issued by the City of Sandy Springs Building Department, the First Revoked CO was revoked pursuant to 2018 International Residential Code Section R110.5 as a direct, proximate, and foreseeable result of Defendants violating 2018 International Residential Code Section R109.4. A copy of said report is attached as Exhibit B.

31.

On July 13, 2022, Defendants were made aware of the revocation of the First Revoked CO by the City of Sandy Springs.

32.

Defendants furnished a copy of the First Revoked CO to the closing attorney for the Property's closing transaction (the "**Closing**") for the purpose of inducing Plaintiffs to purchase the Property and further inducing Plaintiff's mortgage lender to lend Plaintiffs funds for said purchase.

33.

Defendants, and each of them, had actual knowledge the First Revoked CO was, in fact, revoked and therefore of no legal effect at the time of the Closing.

Stephen Kyle Urmann and Rania Adel Mohammed Aly v. BRK Builders LLC, Sahil Kochhar, and James H Laird
Superior Court of Fulton County
Civil Action File Number:
Complaint for Equitable Relief and Damages
Page 6 of 11

Barnes Firm LLP                                                                                    barnesattorneys.com

34.

Despite knowing that Defendants had breached the Agreement with Plaintiffs as result of the First Revoked CO, Defendants purposely and knowingly failed to notify Plaintiffs, the closing attorney, or anyone else related to Plaintiff of the revocation.

35.

Unaware of the First Revoked CO as result of the conduct of Defendants, Plaintiffs, the closing attorney, and Plaintiffs' mortgage lender proceeded to complete the Closing to their detriment in justifiable reliance upon the fraudulent statements and omissions of material facts perpetrated by Defendants.

36.

After the Closing, Defendants engaged in a pattern and practice of further fraudulent and deceptive conduct by communicating with the City of Sandy Springs for the express purpose of surreptitiously obtaining a certificate of occupancy for the Property without Plaintiffs' knowledge.

37.

Eventually, on July 21, 2022, after the Closing and after Plaintiffs took title to the Property, Defendants procured, through fraud and misrepresentation, a *Certificate of Occupancy* dated July 21, 2022 ("**Second Revoked CO**").

38.

The Second Revoked CO was revoked by the City of Sandy Springs on August 30, 2022.

39.

According to a report issued by the City of Sandy Springs Building Department, the Second Revoked CO was revoked pursuant to 2018 International Residential Code Section R110.5 as a direct, proximate, and foreseeable result of Defendants violating 2018 International Residential Code Section R109.4 among other deficiencies as set forth therein. *See* Exhibit B.

Stephen Kyle Urmann and Rania Adel Mohammed Aly v. BRK Builders LLC, Sahil Kochhar, and James H Laird
Superior Court of Fulton County
Civil Action File Number:
Complaint for Equitable Relief and Damages
Page 7 of 11

Barnes Firm LLP                                                                                                barnesattorneys.com

40.

Plaintiffs did not learn of the numerous false statements and active concealments perpetrated by Defendants until after the Closing.

41.

Immediately after learning about the defects and damages to the Property concealed by Defendants, Plaintiffs informed Defendants by letters dated August 31, 2022 and September 1, 2022 of Plaintiff's rescission of the Agreement and requesting Defendants facilitate rescission without delay.

42.

Having received no indication whatsoever from any Defendant or their legal counsel that Defendants were taking any steps in furtherance of rescinding the Agreement (i.e. transferring funds to repay Plaintiffs the purchase price), Plaintiffs now file the instant lawsuit.

**First Cause of Action**
Contract Rescission

43.

Incorporated herein by reference are the allegations set forth in all the preceding paragraphs of this Complaint.

44.

Plaintiffs previously notified Defendants of Plaintiffs' rescission of the Agreement.

45.

Defendants have refused to take their necessary steps to rescind the Agreement.

46.

Plaintiffs are entitled to court-ordered rescission of the Agreement on the grounds the contract was entered into as result of fraud and/or mistake.

Stephen Kyle Urmann and Rania Adel Mohammed Aly v. BRK Builders LLC, Sahil Kochhar, and James H Laird
Superior Court of Fulton County
Civil Action File Number:
Complaint for Equitable Relief and Damages
Page 8 of 11

Barnes Firm LLP                                                                                              barnesattorneys.com

47.

Plaintiffs request this Court enter an Order rescinding the Agreement and requiring Defendants to take all steps necessary to restore Plaintiffs to their pre-Agreement position.

## Second Cause of Action
### Fraud Damages

48.

Incorporated herein by reference are the allegations set forth in all the preceding paragraphs of this Complaint.

49.

As set forth above, Defendants engaged in conduct calculated to deceive Plaintiffs and cause them to purchase the Property despite it having material and significant defects that were known to Defendants but not disclosed to Plaintiffs and further actively concealed by Defendants from discovery by Plaintiffs.

50.

Plaintiffs relied on Defendants' fraudulent conduct to their detriment.

51.

As a direct, proximate, and foreseeable result of Defendants' conduct, Plaintiffs suffered damages in an amount not less than $500,000.00, with an exact amount to be proven at trial.

## Third Cause of Action
### Attorney's Fees

52.

Incorporated herein by reference are the allegations set forth in all the preceding paragraphs of this Complaint.

Stephen Kyle Urmann and Rania Adel Mohammed Aly v. BRK Builders LLC, Sahil Kochhar, and James H Laird
Superior Court of Fulton County
Civil Action File Number:
Complaint for Equitable Relief and Damages
Page 9 of 11

Barnes Firm LLP                                                                                     barnesattorneys.com

53.

Plaintiffs have incurred and are entitled to reimbursement of attorneys' fees from Defendants pursuant to OCGA § 13-6-11 because Defendants have acted in bad faith, been stubbornly litigious, and caused Plaintiffs unnecessary trouble and expense.

54.

As result of Defendants' conduct, as set forth above, Defendants should be required to reimburse Plaintiffs for attorneys' fees and costs incurred to prosecute this action.

WHEREFORE, Plaintiffs Stephen Kyle Urmann and Rania Adel Mohammed Aly demand:

(a) The Court enter an order and judgment in favor of Plaintiff and against Defendants declaring the Agreement to be rescinded and further order Defendants take all reasonable and necessary steps to restore Plaintiffs to their pre-Agreement position;

(b) The Court enter an order and judgment in favor of Plaintiff and against Defendants for fraud in an amount to be proven at trial;

(c) The Court award Plaintiffs their attorney's fees, costs, and expenses, as allowed under Georgia law;

(d) THAT TRIAL BY JURY BE HAD; and

(e) All other relief this Court deems just and proper.

Stephen Kyle Urmann and Rania Adel Mohammed Aly v. BRK Builders LLC, Sahil Kochhar, and James H Laird
Superior Court of Fulton County
Civil Action File Number:
Complaint for Equitable Relief and Damages
Page 10 of 11

Barnes Firm LLP                                                                                           barnesattorneys.com

BARNES FIRM LLP

_____

Jeffrey M Barnes
Georgia Bar Number 142586
jeff@barnesattorneys.com

3280 Peachtree Road NE Floor 7
Atlanta, Georgia 30305
(404) 236-5000

Stephen Kyle Urmann and Rania Adel Mohammed Aly v. BRK Builders LLC, Sahil Kochhar, and James H Laird
Superior Court of Fulton County
Civil Action File Number:
Complaint for Equitable Relief and Damages
Page 11 of 11
Barnes Firm LLP                                                                                   barnesattorneys.com

## EXHIBIT A

COMPASS

### SELLER'S PROPERTY DISCLOSURE STATEMENT
### (NEW CONSTRUCTION)
### EXHIBIT "_____"



*Georgia* REALTORS®

**2022 Printing**

This Seller's Property Disclosure Statement ("Statement") is an exhibit to the New Construction Purchase and Sale Agreement with an Offer Date of _____ for Property known as or located at: _____510 WINDSOR PKWY_____, _____ATLANTA_____ Georgia __30342__. This Statement is intended to make it easier for Seller to fulfill Seller's legal duty to disclose hidden defects in the Property of which Seller is aware. Seller is obligated to disclose such defects even when the Property is being sold "as-is."

**A. INSTRUCTIONS TO SELLER IN COMPLETING THIS DISCLOSURE STATEMENT. In completing this Disclosure Statement, Seller agrees to:**
   (1) **answer all questions in reference to the Property and the improvements thereon;**
   (2) **answer all questions fully, accurately and to the actual knowledge and belief of all Sellers in the New Construction Purchase and Sale Agreement;**
   (3) **provide additional explanations to all "yes" answers in the corresponding Explanation section below each group of questions (including providing to Buyer any additional documentation in Seller's possession), unless the "yes" answer is self-evident;**
   (4) **promptly revise the Statement if there are any material changes in the answers to any of the questions prior to closing and provide a copy of the same to the Buyer and any Broker involved in the transaction.**

**B. HOW THIS STATEMENT SHOULD BE USED BY BUYER.** Caveat emptor or "buyer beware" is the law in Georgia. Buyer should conduct a thorough inspection of the Property. If Seller has not occupied the Property recently, Seller's knowledge of the Property's condition may be limited. Buyer is expected to use reasonable care to inspect the Property and confirm that is suitable for Buyer's purposes. If an inspection of the Property reveals problems or areas of concern that would cause a reasonable Buyer to investigate further, Buyer should investigate further. A "yes" or "no" answer to a question means "yes" or "no" to the actual knowledge and belief of all Sellers of the Property.

**C. SELLER DISCLOSURES.**

| 1. GENERAL: | YES | NO |
|---|---|---|
| (a) Date of initial building permit: 3/10/2021 | | |
| Date of Certificate of Occupancy: 6/30/2022 | | |
| EXPLANATION: — | | |
| | | |

| 2. COVENANTS, FEES, and ASSESSMENTS: | YES | NO |
|---|---|---|
| (a) Is the Property subject to a recorded Declaration of Covenants, Conditions, and Restrictions ("CC&Rs") or other similar restrictions? | | ✓ |
| (b) Is the Property part of a condominium or community in which there is a community association? **IF YES, SELLER TO COMPLETE AND PROVIDE BUYER WITH A "COMMUNITY ASSOCIATION DISCLOSURE EXHIBIT" GAR F322.** | | ✓ |
| EXPLANATION: | | |
| | | |

THIS FORM IS COPYRIGHTED AND MAY ONLY BE USED IN REAL ESTATE TRANSACTIONS IN WHICH   Michael Toltzis   IS INVOLVED AS A REAL ESTATE LICENSEE. UNAUTHORIZED USE OF THE FORM MAY RESULT IN LEGAL SANCTIONS BEING BROUGHT AGAINST THE USER AND SHOULD BE REPORTED TO THE GEORGIA ASSOCIATION OF REALTORS® AT (770) 451-1831.
Copyright© 2022 by Georgia Association of REALTORS®, Inc.      F310, Seller's Property Disclosure Statement (New Construction) Exhibit, Page 1 of 4, 01/01/22

| 3. | STRUCTURAL ITEMS, ADDITIONS AND ALTERATIONS: | YES | NO |
|---|---|---|---|
| (a) | Has there been any settling, movement, cracking or breakage of the foundations or structural supports of the improvements? | | ✓ |
| (b) | Has there been any cracking, settlement or visible movement of retaining walls? | | ✓ |
| (c) | Has any work been done where a required building permit was not obtained? | | ✓ |
| (d) | Is Seller aware of violations of building codes or zoning regulations or received notice of the same? | | ✓ |
| EXPLANATION: | | | |
| | | | |
| | | | |
| | | | |

| 4. | SYSTEMS and COMPONENTS: | YES | NO |
|---|---|---|---|
| (a) | What is/are the heating system(s) serving the Property?<br>☑ Electric  ☐ Gas  ☐ | | |
| (b) | What is/are the air conditioning systems(s) (A/C) serving the Property?<br>☑ Electric  ☐ Gas  ☐ | | |
| (c) | What is/are the water heater(s) serving the Property?<br>☑ Electric  ☐ Gas  ☐ Solar | | |
| (d) | Are any fireplaces not vented? | ✓ | |
| EXPLANATION: | Ventless fireplace installed per code | | |
| | | | |
| | | | |

| 5. | SEWER/PLUMBING RELATED ITEMS: | YES | NO |
|---|---|---|---|
| (a) | What is the drinking water source: ☑ public  ☐ private  ☐ well | | |
| (b) | If the drinking water is from a well, give the date of last service: _____ | | |
| (c) | If the drinking water is from a well, has there ever been a test the results of which indicate that the water is not safe to drink? If yes, date of testing: _____ | | |
| (d) | What is the sewer system: ☑ public  ☐ private  ☐ septic tank | | |
| (e) | Is, or will, the main dwelling served by a sewage pump? _____ | | |
| (f) | Is there presently any polybutylene plumbing, other than the primary service line? | | ✓ |
| EXPLANATION: | | | |
| | | | |
| | | | |

| 6. | SOIL, TREES, SHRUBS AND BOUNDARIES: | YES | NO |
|---|---|---|---|
| (a) | Is there or will there be any construction or other debris buried on Property? | | ✓ |
| (b) | Are there any springs, mine shafts, graves, trash dumps or wells (in use or abandoned) on Property? | | ✓ |
| (c) | Are there any diseased or dead trees? | | ✓ |
| (d) | Are there any encroachments, boundary line disputes, leases or unrecorded easements? | | ✓ |
| (e) | Is any part of the Property or any improvements thereon presently located in a 100 year Special Flood Hazard Area where there is at least a 1% chance of a flood in any given year? | | ✓ |
| (f) | Are there any present drainage or flooding problems? | | ✓ |
| (g) | Has there ever been any water leakage, accumulation, or dampness within the improvements on Property after its completion? | | ✓ |
| EXPLANATION: | | | |
| | | | |
| | | | |

| 7. | **TERMITE TREATMENT:** | YES | NO |
|---|---|---|---|
| (a) | Is there or will there be a system (meeting the standards of the Georgia Department of Agriculture) to control termites and other wood destroying organisms serving the Property? | | |
| | If yes, check type: ☐ Soil Treatment  ☑ Baiting System  ☐ Other: _____ | | |
| (b) | Is there, or will there be, a transferable termite bond on the Property? | ✓ | |
| | If yes, check type of coverage: ☑ re-treatment and repair or ☐ re-treatment only | | |

**EXPLANATION:**

| 8. | **TOXIC SUBSTANCES:** | YES | NO |
|---|---|---|---|
| (a) | Are there any underground tanks, toxic or hazardous substances on Property (structure or soil) such as asbestos, urea-formaldehyde, methane gas, radioactive material, radon, mold benzene or other substances or environmental contaminates? | | ✓ |
| (b) | Has Property been tested for radon, mold or any other toxic substances? | | ✓ |

**EXPLANATION:**

| 9. | **OTHER MATTERS:** | YES | NO |
|---|---|---|---|
| (a) | Do you know of any outstanding notices of violations of local, state, or federal laws, codes or regulations with respect to Property? | | ✓ |
| (b) | Is Property currently or has it been the subject of litigation including, but not limited to defective building products, construction defects, termites, and/or title problems? | | ✓ |
| (c) | Have you signed any release that would limit a future owner from making any claims in connection with Property? | | ✓ |
| (d) | Are there any other adverse, material facts pertaining to the physical condition of the Property that have not otherwise been disclosed? | | ✓ |

**EXPLANATION:**

| 10. | **AGRICULTURAL DISCLOSURE:** | YES | NO |
|---|---|---|---|
| (a) | Is the Property within, partially within, or adjacent to any property zoned or identified on an approved county land use plan as agricultural or forestry use? | | ✓ |
| (b) | Is the Property receiving preferential tax treatment as an agricultural property? | | ✓ |

It is the policy of this state and this community to conserve, protect, and encourage the development and improvement of farm and forest land for the production of food, fiber, and other products, and also for its natural and environmental value. This notice is to inform prospective property owners or other persons or entities leasing or acquiring an interest in real property that property in which they are about to acquire an interest lies within, partially within, or adjacent to an area zoned, used, or identified for farm and forest activities and that farm and forest activities occur in the area. Such farm and forest activities may include intensive operations that cause discomfort and inconveniences that involve, but are not limited to, noises, odors, fumes, dust, smoke, insects, operations of machinery during any 24-hour period, storage and disposal of manure, and the application by spraying or otherwise of chemical fertilizers, soil amendments, herbicides, and pesticides. One or more of these inconveniences may occur as the result of farm or forest activities which are in conformance with existing laws and regulations and accepted customs and standards.

☐ Additional pages are attached.

Copyright© 2022 by Georgia Association of REALTORS®, Inc.          F310, Seller's Property Disclosure Statement (New Construction) Exhibit, Page 3 of 4, 01/01/22

**SELLER'S REPRESENTATION REGARDING SELLER'S NEW CONSTRUCTION PROPERTY DISCLOSURE STATEMENT:**

Seller represents that Seller has followed the Instructions to Seller in Completing This Disclosure Statement set forth in Paragraph A above and will follow the same in updating this Disclosure Statement as needed from time to time.

Seller: _____     Date: ___6/22/22_____

Seller: _____     Date: _____

☐ **Additional Signature Page (F267) is attached.**

**RECEIPT AND ACKNOWLEDGMENT BY BUYER:**

Buyer acknowledges the receipt of this Seller's New Construction Property Disclosure Statement.

Buyer: _____     Date: _____

Buyer: _____     Date: _____

☐ **Additional Signature Page (F267) is attached.**

# SANDY SPRINGS

### COMMUNITY DEVELOPMENT

September 7, 2022

Sahil Kochhar
Bedrock Custom Homes
3688 Clearview Avenue – Suite 110
Atlanta, GA 30340

**RE:     Revoke Certificate of Occupancy & Subsequent Repairs**
**510 Windsor Parkway, Sandy Springs, GA 30342**
**Permit #:  BR20-00548**

Mr. Kochhar,

It has recently been discovered that the several deficiencies and code violations were noted that were not made apparent until after the Certificate of Occupancy (CO) was issued at the above referenced residence.  These deficiencies consisted of missed inspections, the concealment of completed work without prior approval and failure to obtain a current CO prior to occupancy.

The following is a summary of our findings and subsequent actions:

1.  The City was contacted after the original 07/08/22 CO had been issued but prior to closing on the house regarding a basement water leak.  Upon closer investigation, it was noted that the Foundation Waterproofing & Dampproofing Inspection was not requested by the contractor and therefore had not been performed by the City.  This is in direct violation of *Section R109.4 - Approval Required* of the <u>2018 International Residential Code (2018 IRC)</u> that states the following:

    Section R109.4 - Approval Required - *"Work shall not be done beyond the point indicated in each successive inspection without first obtaining the approval of the Building Official.  Any portions that do not comply shall be corrected and such portion shall not be covered or concealed until authorized by the Building Official."*

This inspection is required to be performed prior to backfill and after all dampproofing measures are installed.  Based on this discovery, it was determined that the CO had been issued in error and was revoked on 07/13/22 (see attached) per *Section R110.5 – Revocation* of the <u>2018 IRC</u> that states the following:

    Section R110.5 – Revocation - *"The Building Official shall, in writing, suspend or revoke a certificate of occupancy issued under the provisions of this code wherever the certificate is issued in error, or on the basis of incorrect information supplied, or where it is determined that the building or structure or portion thereof is in violation of any ordinance or regulation or any of the provisions of this code."*

The contractor was then required to provide documentation that the foundation waterproofing and dampproofing had been installed. Visual observations were confirmed and approved by the Assistant Building Official in the field.  Once approved, a new CO was issued on 07/21/22.

**SANDY SPRINGS**

COMMUNITY DEVELOPMENT

2.  The contractor was made aware of the revoked CO on 07/13/22 and then proceeded to close on the house on 07/15/22 thereby allowing the owners to occupy the building without a current CO. This is in direct violation of *Section R110.1 - Use and occupancy* of the <u>2018 IRC</u> that states the following:

> Section R110.1 - Use and Occupancy - *"A building or structure shall not be used or occupied…until the Building Official has issued a certificate of occupancy."*

3.  The City was contacted by the homeowners after they had closed on the house to report several structural deficiencies that had been concealed during the inspection period.  These types of deficiencies are inspected during the Building Rough Combo Inspection.  Upon closer investigation, it was noted that this inspection had failed twice before on 01/03/22 and again on 01/12/22 but was not requested again by the contractor and therefore had not been performed or approved by the City.  This is also a direct violation of *Section R109.4 - Approval Required* of the <u>2018 IRC</u> as previously stated above.

The following is a summary of the deficiencies noted during our 08/30/22 site visit with the homeowners:

a.  A significant floor deflection was noted directly beneath a second floor load bearing wall that supported the roof and ceiling framing.  Upon closer inspection, it was noted that a 3½"x16" 1.55E Timberstrand LSL was not installed beneath the load bearing wall as indicated on the approved structural drawings.

b.  It was noted that the 16" TJI 110 floor joist adjacent to the missing beam noted above was installed 27" on center.  This exceeds the maximum 19.2" on center indicated on the approved structural framing plan.

c.  A significant floor deflection was noted along the rear exterior wall of the master bedroom. The framing in this area was concealed from direct observation; however, it is likely that the exterior rear patio rafters are supported by the framing that was not intended to support this load and hence contributed to the floor deflections noted.

Based on the structural deficiencies noted above and failure by the contractor to request inspections prior to the concealment of work, the current 07/21/22 CO is hereby revoked effective 08/30/22 (see attached) thereby reenacting the permit as incomplete.  The contractor is required to remedy all deficiencies noted to the satisfaction of the Building Official as follows:

1.  Cut an observation hole large enough for visual observations (2'x2' minimum size) at all locations circled in orange as shown on the attached framing plan.

2.  Cut an observation hole at the bottom of every opening greater than 6'-0" at all exterior walls to verify that the holdowns were installed on each side of the opening as indicated on sheet D-1 of the approved plans.

3.  Consult with a licensed structural engineer on-site to provide structural framing plans and details as necessary to correct all structural deficiencies discovered.



## SANDY SPRINGS
### COMMUNITY DEVELOPMENT

4.  Building Official shall be present during all discovery periods with the structural engineer to verify an appropriate repair is provided.

5.  Reschedule a Rough Building Combo Inspection after all repair work is complete.  Note that all repairs shall be installed per the satisfaction of the structural engineer and Building Official.

6.  Note that additional observation holes may be required on site by the Building Official and additional deficiencies may be found that require repair, inspection, and approval.

7.  After all deficiencies are noted, repaired, inspected and approved by the Building Official, a new Request for Certificate of Occupancy shall be submitted online through the portal and then a new CO will be issued by the Building Official allowing the house to be reoccupied.

The safety of the residents of Sandy Springs is very important to the City. It is imperative that all new construction be installed per the building code requirements and that all completed work be inspected and approved by the City to avoid costly delays and deficiencies.  All this information, including a list of required City building inspections, was discussed and provided to the builder at the Building Preconstruction Meeting on 03/12/21.

The intent of this letter is to make all parties aware of the timeline of events that took place and the direct path forward to remedy any deficiencies noted.  We fully expect the cooperation of the builder, homeowner and City to get these outstanding issues resolved in an expeditious manner without delays.

Please contact me at your earliest convenience to coordinate a time to perform the on-site investigations with the structural engineer.  If you have any questions, please feel free to contact me via e-mail or phone at 770-206-1545

Sincerely,

Jonathan Livingston, P.E.
Building Department Manager / Building Official

Cc:     Kyle Urmann (Homeowner)
        Rania Urmann (Homeowner)



# Certificate of Occupancy

**SANDY SPRINGS™**

GEORGIA

| | |
|---|---|
| Permit Numbers: | BR20-00548 |
| Project Address: | 510 WINDSOR PKWY<br>Sandy Springs, GA 30342 |
| Description: | New Single Family House |
| Owner: | BRK Builders LLC |
| Owner Address: | 3688 Clearview Avenue, Suite 110<br>Atlanta, GA 30340 |

| | |
|---|---|
| Building Code: | 2018 International Residential Code |
| Automatic Sprinkler<br>System: | No |
| Special Conditions: | None |

~~REVOKED~~
~~07/13/2022~~

This Certificate of Occupancy certifies that at the time of issuance, the permitted construction was inspected for compliance with the various building codes, or their intent, as enforced and adopted by the City of Sandy Springs, Georgia at the time the permit was issued.

07/08/22
**Date**

Jonathan Livingston, Building Official

1 GALAMBOS WAY, SANDY SPRINGS, FULTON COUNTY, GEORGIA 30328

# Certificate of Occupancy



**SANDY SPRINGS™**

GEORGIA

| | |
|---|---|
| Permit Numbers: | BR20-00548 |
| Project Address: | 510 WINDSOR PKWY<br>Sandy Springs, GA 30342 |
| Description: | New Single Family House |
| Owner: | BRK Builders LLC |
| Owner Address: | 3688 Clearview Avenue, Suite 110<br>Atlanta, GA 30340 |

| | |
|---|---|
| Building Code: | 2018 International Residential Code |
| Automatic Sprinkler System: | No |
| Special Conditions: | None |

**REVOKED 08/30/2022**

This Certificate of Occupancy certifies that at the time of issuance, the permitted construction was inspected for compliance with the various building codes, or their intent, as enforced and adopted by the City of Sandy Springs, Georgia at the time the permit was issued.

07/21/22
_____
Date

_____
Jonathan Livingston, Building Official

1 GALAMBOS WAY, SANDY SPRINGS, FULTON COUNTY, GEORGIA 30328



BMC

DESIGN DATA
Live Load 40 psf (Living Space)
30 psf (Bedrooms & Walk-up Attic)
20 psf (Accessible Attic Storage)
10 psf (Non-Accessible Attic Storage)
20 psf (Roof)
Deflection Limits (Joist): L/360 (LL) L/240 (TL)
Deflection Limits (Roof): L/240 (LL) L/180 (TL)

Roof Wind Loads?

GENERAL NOTES
1.) Read the Floor Joist Installation Guide before framing.
2.) Use the correct span rated floor sheathing for joist spacings and glue-nail each joist per APA recommendations.
3.) Open Joists, LVL Beams, Glulam Beams, PSL Beams and Rim Board must be field cut to length.
4.) Contractor to verify and approve quantities, lengths and design loads as specified on the material list.
5.) See Designer/Architects plans or builder's blueprints for dimensions unless noted otherwise.
6.) Ceramic tile floors should be supported per APA recommendations based on specifications of the TCA.
7.) Provide plumbing and HVAC contractors with appropriate installation guide.
8.) Builder to verify location of plumbing drops and shift joists accordingly.
9.) Hangers to be installed per manufacturers recommendations.
10.) All ceiling joists and rafter bracing to bear on load bearing walls and beams as shown.
11.) To attach deck ledger, use adequate band board per manufacturers recommendations.
12.) See structural drawings for post down locations and bearing requirements

3386 Lawrenceville Hwy.
Tucker, GA 30085
Phone: (770) 934-1400

| REVISIONS | | |
|---|---|---|
| DATE | INITIALS | |

574431

BRK BUILDERS
NEW RESIDENCE
510 WINDSOR PKWY
2ND FLOOR PLACEMENT PLAN
DRAWN BY E DOBIES
10/20/2020
1/4" = 1' - 0"
SHEET
2 OF 3

**Products**

| PlotID | Length | Product | Plies | Net Qty | Fab Type |
|---|---|---|---|---|---|
| J200 | 36-00-00 | 16" TJI® 110 | 1 | 2 | MFD |
| J201 | 23-00-00 | 16" TJI® 110 | 1 | 1 | FF |
| J201 | 23-00-00 | 16" TJI® 110 | 1 | 2 | MFD |
| J202 | 22-00-00 | 16" TJI® 110 | 1 | 9 | MFD |
| J203 | 22-00-00 | 16" TJI® 110 | 2 | 2 | MFD |
| J204 | 21-00-00 | 16" TJI® 110 | 1 | 7 | MFD |
| J205 | 15-00-00 | 16" TJI® 110 | 1 | 5 | MFD |
| J206 | 13-00-00 | 16" TJI® 110 | 1 | 4 | MFD |
| J207 | 7-00-00 | 16" TJI® 110 | 1 | 1 | FF |
| J207 | 7-00-00 | 16" TJI® 110 | 1 | 5 | MFD |
| J208 | 7-00-00 | 16" TJI® 110 | 2 | 2 | MFD |
| J209 | 4-00-00 | 16" TJI® 110 | 1 | 3 | MFD |
| J210 | 22-00-00 | 16" TJI® 360 | 1 | 25 | MFD |
| J211 | 22-00-00 | 16" TJI® 360 | 2 | 4 | MFD |
| J212 | 21-00-00 | 16" TJI® 360 | 1 | 6 | MFD |
| BM200 | 13-00-00 | 1 3/4" x 11 7/8" 2.0E Microllam® LVL | 2 | 2 | MFD |
| BM201 | 22-00-00 | 1 3/4" x 16" 2.0E Microllam® LVL | 2 | 4 | MFD |
| BM202 | 20-00-00 | 1 3/4" x 16" 2.0E Microllam® LVL | 3 | 3 | MFD |
| BM203 | 16-00-00 | 1 3/4" x 16" 2.0E Microllam® LVL | 2 | 2 | MFD |
| BM204 | 5-00-00 | 1 3/4" x 16" 2.0E Microllam® LVL | 1 | 1 | MFD |
| BM205 | 4-00-00 | 1 3/4" x 16" 2.0E Microllam® LVL | 1 | 1 | MFD |
| BM206 | 17-00-00 | 1 3/4" x 20" 2.0E Microllam® LVL | 2 | 2 | MFD |
| BM207 | 23-00-00 | 1 3/4" x 24" 2.0E Microllam® LVL | 2 | 2 | MFD |
| BM208 | 23-00-00 | 3 1/2" x 9 1/2" 1.55E TimberStrand® LSL | 1 | 1 | MFD |
| BM209 | 14-00-00 | 3 1/2" x 9 1/2" 1.55E TimberStrand® LSL | 1 | 1 | MFD |
| BM210 | 11-00-00 | 3 1/2" x 9 1/2" 1.55E TimberStrand® LSL | 1 | 1 | MFD |
| BM211 | 6-00-00 | 3 1/2" x 9 1/2" 1.55E TimberStrand® LSL | 1 | 2 | MFD |
| BM212 | 5-00-00 | 3 1/2" x 9 1/2" 1.55E TimberStrand® LSL | 1 | 1 | MFD |
| BM213 | 15-00-00 | 3 1/2" x 16" 1.55E TimberStrand® LSL | 1 | 3 | MFD |
| BM214 | 9-00-00 | 3 1/2" x 16" 1.55E TimberStrand® LSL | 1 | 2 | MFD |
| BM215 | 7-00-00 | 3 1/2" x 16" 1.55E TimberStrand® LSL | 1 | 2 | MFD |
| BM216 | 5-00-00 | 3 1/2" x 16" 1.55E TimberStrand® LSL | 1 | 1 | MFD |
| BM217 | 11-00-00 | 2x10 SP No.1 | 3 | 3 | MFD |
| R200 | 16-00-00 | 1 1/8" x 16" TJ® Rim Board | 1 | 7 | FF |
| PC200 | 8-00-00 | 16" TJI® 110 | 1 | 9 | FF |
| Bk200 | 2-00-00 | 16" TJI® 110 | 1 | 17 | FF |
| Bk201 | 2-00-00 | 16" TJI® 110 | 1 | 33 | MFD |
| Post200 | 12-00-00 | 5 1/4" x 5 1/4" 1.8E Parallam® PSL | 1 | 2 | MFD |

**Wall Framing**

| PlotID | Length | Product | Plies | Net Qty | Fab Type |
|---|---|---|---|---|---|
| Hd200 | 13-00-00 | 1 3/4" x 11 7/8" 2.0E Microllam® LVL | 3 | 3 | MFD |
| Hd201 | 11-00-00 | 2x10 SP No.1 | 2 | 2 | MFD |
| Hd202 | 7-00-00 | 2x10 SP No.1 | 2 | 2 | MFD |
| Hd203 | 6-00-00 | 2x10 SP No.1 | 2 | 4 | MFD |
| Hd204 | 5-00-00 | 2x10 SP No.1 | 2 | 8 | MFD |
| Hd205 | 4-00-00 | 2x10 SP No.1 | 2 | 20 | MFD |
| Hd206 | 3-00-00 | 2x10 SP No.1 | 2 | 8 | MFD |

**Connector Summary**

| PlotID | Qty | Manuf | Product |
|---|---|---|---|
| H200 | 1 | Simpson | HGUS414 |
| H201 | 1 | Simpson | HUC414 |
| H202 | 1 | Simpson | IUS1.81/16 |
| H203 | 8 | Simpson | IUS1.81/16 |
| H204 | 11 | Simpson | IUS1.81/16 |
| H205 | 19 | Simpson | IUS1.81/16 |
| H206 | 3 | Simpson | IUS1.81/16 |
| H207 | 5 | Simpson | IUS2.37/16 |
| H208 | 1 | Simpson | IUS3.56/16 |
| H209 | 1 | Simpson | IUS3.56/16 |
| H210 | 1 | Simpson | MIU3.56/11 |
| H211 | 1 | Simpson | MIU3.56/11 |

Multiple Member Beams Side Loaded Connection 1 3/4" LVL/LSL Beam Screw Pattern
When applying screws from both sides - stagger fasteners on opposite side of beam by 1/2 the required spacing.
Two rows of screws are required in beams up to 18" deep. For 20" and 24" deep beams use three rows of screws.
Multiple Member Beams Side Loaded Connection 1 3/4" LVL Beam Nail Pattern
16d common nails.
(a) Nail pattern for 3-piece member must occur on both sides. Nail values may be increased by 15% for snow - load roofs and by 25% for non - snow roofs where building code allows.
4x2 Bridging Blocks
I-Joist Blocking Panel 2000 lb/ft. vertical load capacity.
Load bearing wall above (stacked over wall below).
I-Joist Blocking Panels 2,000 lb/ft Load Capacity.
Joist - Change of Direction

Need to be able to see how the floor framing was installed?
Need to be able to see how the patio roof is supported
Need to expose the post to verify it is fastened together properly
Verify the beams and connection
Need to verify the beam bearing end has blocking
Need to verify missing beam and joist spacing
Verify the knee wall & blocking
Verify the beam and post
Verify the knee wall
Green is First Floor Below
2X6 Wall Needed Here To Hide 5 1/4" PSL Column
Site Build Knee Wall Under Bearing Wall Above
BLOCK SOLID UNDER ALL BEAMS ABOVE TO FOUNDATION
Ceiling Joist Direction
OPEN LOUNGE
BREAKFAST/ KEEPING ROOM
FAMILY ROOM
KITCHEN
PANTRY
POWDER
MUDROOM
STORAGE/ WORKSHOP
1-CAR GARAGE
GARAGE
DINING ROOM
FOYER
GUEST SUITE/ STUDY
COVERED ENTRY
2-STORY STAIRWELL
FRIENDS ENTRY

Consult your local building inspector regarding portal framing requirements of garage door openings and headers.

# 2ND FLOOR FRAMING PLAN (1ST FLOOR CEILING)

Load-Bearing Wall From Above
Remove drywall

Wall Legend
Load-Bearing Walls
Non-Ld-Brg Walls

PDF created with pdfFactory Pro trial version www.pdffactory.com