IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

**CRYSTAL BLOCKER, on behalf**
**Of herself and those similarly situated,**

    Plaintiff,

v.                                       CASE NO.:

**AFFORDABLE MEDICAL**
**RESOURCES, INC., a Georgia**
**Corporation, and PRAMOD**
**MATHUR, Individually,**

    Defendants.   _____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, CRYSTAL BLOCKER, on behalf of herself and those similarly situated, by and through the undersigned attorney, sues the Defendant, AFFORDABLE MEDICAL RESOURCES, INC., a Georgia Corporation, and PRAMOD MATHUR, Individually, and states:

1.  Plaintiff was an employee of Defendants and brings this action for unpaid overtime compensation, lost wages due to retaliation, compensatory damages, liquidated damages, attorneys' fees and costs, and all other applicable relief pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

## General Allegations

2. Plaintiff was an employee who worked for Defendants within the last three years in Cobb County, Georgia.

3. Plaintiff worked for Defendants from around September 2019 as an hourly paid employee until she was terminated on March 2, 2023.

4. Plaintiff worked as a home health aide for Defendants.

5. Plaintiff was at all times paid by the hour by Defendants.

6. At all times material to this cause of action, Defendant, AFFORDABLE MEDICAL RESOURCES, INC., was an enterprise subject to the FLSA.

7. At all times material to this cause of action, Plaintiff was a non-exempt employee and therefore entitled to overtime wages for all overtime hours worked.

8. Defendant, AFFORDABLE MEDICAL RESOURCES, INC., is a Georgia Corporation that operates and conducts business in Cobb County, Georgia and is therefore, within the jurisdiction of this Court.

9. Defendant, AFFORDABLE MEDICAL RESOURCES, INC., operates as a caregiver enterprise providing home care for individuals throughout Georgia. *See* www.affordablemedicalresources.com.

10. This action is brought under the FLSA to recover from Defendants overtime compensation, lost wages, compensatory damages, liquidated damages,

and reasonable attorneys' fees and costs. This collective action is intended to include any and all hourly-paid home health aides who worked for Defendants within the last three years of the filing of this lawsuit.

11. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and the FLSA.

12. During Plaintiff's employment with Defendant, AFFORDABLE MEDICAL RESOURCES, INC., earned more than $500,000.00 per year in gross sales.

13. During Plaintiff's employment, Defendant, AFFORDABLE MEDICAL RESOURCES, INC., employed at least two employees who were engaged in interstate commerce and/or handled goods, materials and supplies which travelled in interstate commerce, including but not limited to medicines, telephones, office equipment and supplies, and other items which had travelled in interstate commerce.

14. Therefore, at all material times relevant to this action, Defendant, AFFORDABLE MEDICAL RESOURCES, INC., was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

15. At all times relevant to this action, PRAMOD MATHUR, is an individual resident of the State of Georgia, who owns and operates AFFORDABLE

MEDICAL RESOURCES, INC., and who regularly exercised the authority to: (a) hire and fire employees; (b) determine the work schedules for the employees; and (c) control the finances and operations of AFFORDABLE MEDICAL RESOURCES, INC. By virtue of having regularly exercised that authority on behalf of AFFORDABLE MEDICAL RESOURCES, INC., PRAMOD MATHUR is/was an employer as defined by 29 U.S.C. § 201, *et seq*.

## Factual Allegations

16. At all times relevant to this action, Defendants failed to comply with the FLSA because Plaintiff and other hourly-paid home health aides were not paid proper and complete overtime compensation for all overtime hours worked.

17. During her employment with Defendants, Plaintiff routinely worked overtime hours.

18. During her employment with Defendants, Plaintiff was not paid time and one-half of her hourly rate for overtime hours worked but was instead paid "straight time" for overtime hours worked.

19. Similarly, other hourly-paid home health aides employed by Defendants were paid "straight time" for overtime hours worked.

20. As a result of the above practices, Plaintiff and other hourly-paid home health aides did not receive full overtime compensation due.

21. Plaintiff and all hourly-paid home health aides are entitled to the additional half-time premium for all hours worked over forty (40) in each week.

22. Based upon the above policies, Defendants have violated the FLSA for failing to pay the applicable overtime rate of pay to Plaintiff and all hourly-paid home health aides.

23. On February 22, 2023, Plaintiff's Counsel sent Defendants a demand letter complaining of violations of the FLSA.

24. The letter was delivered to Defendants on February 28, 2023.

25. Upon receiving the letter, PRAMOD MATHUR contacted the Plaintiff in an attempt to try and settle this matter.

26. Plaintiff directed Mr. Mathur to contact the undersigned regarding this matter, which Mr. Mathur did not do.

27. Subsequently, <u>just two days later</u>, Defendants terminated Plaintiff's employment. *See* March 2, 2023, E-mail attached as Exhibit A.

28. Defendants claimed they were terminating Plaintiff because of a "background check" issue, and attached a letter from <u>February 1, 2022</u>, over a year before the termination here, as the basis for termination.

29. However, Defendants were aware of this background check issue for over a year (and it is not really even an issue) and is not the actual basis for termination.

30. Defendants' termination of Plaintiff was in retaliation for complaining about violations of the FLSA just two days before her termination.

31. Defendants' violations of the was willful and not in good faith.

32. Plaintiff has suffered damages as a result of Defendants' violations of the FLSA.

33. Upon information and belief, the records, to the extent any exist and are accurate, concerning the number of hours worked and amounts paid to Plaintiff and other hourly-paid home health aides are in the possession and custody of Defendants.

34. Plaintiff has hired the below law firm and is obligated to pay them a reasonable fee if successful in this litigation.

35. All conditions precedent to this action have been performed or waived.

**COUNT I - RECOVERY OF OVERTIME COMPENSATION (FLSA)**

36. Paragraphs one (1) through thirty-five (35) above are fully re-alleged and incorporated herein.

37. Plaintiff and other hourly-paid home health aides are/were entitled to be paid time and one-half their regular rate of pay for each hour worked in excess of forty (40) per work week.

38. During their employment with Defendants, Plaintiff and other hourly-paid home health aides were not paid complete overtime compensation for overtime hours worked in violation of the FLSA.

39. As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff and other hourly-paid home health aides complete overtime compensation for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff and the hourly-paid home health aides have suffered damages plus incurring reasonable attorneys' fees and costs.

40. Defendants did not have a good faith basis for its failure to pay Plaintiff and other hourly-paid home health aides complete overtime compensation for each hour worked in excess of forty (40) per work week.

41. In fact, Plaintiff had previously raised the issue of complete overtime pay to Defendants, who brushed it off and refused to change their pay practice.

42. As a result of Defendants' willful violation of the FLSA, Plaintiff and other hourly-paid home health aides are entitled to liquidated damages.

43. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, CRYSTAL BLOCKER, on behalf of herself and others similarly situated, demands judgment against Defendants for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by them for which Defendants did not properly compensate them, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II - RETALIATION IN VIOLATION OF §215(a)(3) OF THE FLSA

44. Paragraphs one (1) through thirty-five (35) above are fully re-alleged and incorporated herein.

45. Plaintiff complained regarding her unpaid overtime wages and Defendants' policies that violated the FLSA.

46. Defendants received Plaintiff's Counsel's letter describing such FLSA issues on February 28, 2023.

47. Two days after receiving this complaint, Defendants terminated Plaintiff.

48. Defendants' termination of Plaintiff was in retaliation for complaining about violations of the FLSA.

49. Defendants' retaliatory conduct towards Plaintiff was willful as Defendants knew or should have known that its actions were in violation of 29 U.S.C. §215(a)(3).

50. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has been damaged.

WHEREFORE, Plaintiff, CRYSTAL BLOCKER, demands judgment against Defendants for violation of 29 U.S.C. §215(a)(3); as well as back pay, front pay, compensatory damages, liquidated damages, reasonable costs and attorneys' fees, and all other equitable relief this Court deems just and appropriate.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated this 17th day of March, 2023.

> /s/ C. RYAN MORGAN
> C. Ryan Morgan, Esq.
> FBN 0015527
> Morgan & Morgan, P.A.
> 20 N. Orange Ave, 15th Floor
> Orlando, FL 32801
> *MAILING ADDRESS:*
> *P.O. Box 530244*
> *Atlanta, GA 30353-0244*
> T: (407) 420-1414
> F: (407) 245-3401
> E:  RMorgan@forthepeople.com
> *Attorneys for Plaintiff*