## IN THE STATE COURT OF DEKALB COUNTY

## STATE OF GEORGIA

| | | |
|---|---|---|
| ERNEST GRANT, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NUMBER 23A00395 |
| | : | |
| v. | : | _____ |
| | : | |
| ALFONSO GARFIAS, | : | |
| P & E DELIVERY, LLC, and GREAT | : | |
| WEST CASUALTY COMPANY, | : | **JURY TRIAL DEMANDED** |
| | : | |
| Defendants. | : | |

## COMPLAINT

**COMES NOW**, Plaintiff Ernest Grant, by and through his attorneys, SENIORCOUNSEL,

LLC, and for a Complaint against Defendants alleges that at all times hereinafter mentioned:

## NATURE OF THE ACTION

1.

This is a personal injury action brought against Defendant Alfonso Garfias, P & E Delivery,

LLC, and Great West Casualty Company for the careless, reckless and negligent conduct of

Defendants in the operation and ownership of Defendants' motor vehicle.

## PARTIES, VENUE AND JURISDICTION

2.

Plaintiff Ernest Grant (hereinafter sometimes referred to as "Plaintiff") resides at 300 Patrol

Road, Forsyth, Georgia 31029 and is a resident of the State of Georgia. Plaintiff voluntarily

subjects himself to the jurisdiction and venue of this Court.

**EXHIBIT "A"**

3.

Defendant Alfonso Garfias (hereinafter referred to as "Defendant Garfias") is a resident of the State of Arizona and may be served with a copy of the Summons and Complaint at his home address at 261 West Ohio Street, Tucson, Arizona 85714-2945 and via the Georgia Secretary of State pursuant to O.C.G.A. 40-12-3 (Georgia's Non-Resident Motorist Act). As a non-resident motorist, Defendant Garfias is subject to the jurisdiction and venue of this Court.

4.

Defendant P & E Delivery, LLC (hereinafter referred to as "Defendant P & E Delivery") is an Arizona Company which does regular and continuous business in Georgia and can be served through its Registered Agent Maria Herrera at her statutory address 1098 Avenida Seville, Rio Rico, Arizona 85648. At the time of the incident that forms the basis for this lawsuit, Defendant P & E Delivery was using the roadways of Georgia. Defendant P & E Delivery is subject to the jurisdiction and venue of this Court.

5.

Great West Casualty Company is foreign insurance company registered to transact business within the State of Georgia. Great West Casualty Company is a proper party to this action pursuant to O.C.G.A. § 46-7-12(e) and may be served through its Registered Agent Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

6.

Venue in the above styled civil action is proper in this County and Court as the incident that gave rise to the instant claim occurred in Dekalb County, Georgia.

## FACTUAL ALLEGATIONS

7.

Paragraphs "1" through "6" of Plaintiff's Complaint are hereby re-alleged and incorporated as though fully set out herein.

8.

At all times relevant to this matter, Defendant Garfias was acting within the scope of his employment with Defendant P & E Delivery and was acting as an employee and agent of said Defendant.

9.

The incident complained of herein occurred at approximately 1:30 AM on March 26, 2021 on Bouldercrest Road, SE at its Intersection with I-285 in Dekalb County.

10.

At the aforesaid time and place, Plaintiff Grant was the driver of a 2015 Ford Mustang, traveling in the far left southbound lane of travel on I-285.

11.

Defendant Garfias was the operator of a certain 2016 International ProStar Premium Tractor owned by Defendant P & E Delivery.

12.

Defendant Garfias was driving this tractor-trailer rig in interstate commercial commerce at the time of this collision on the roadways of Georgia.

13.

At the aforesaid time and place, Defendant Garfias was traveling in the second-to-far left southbound lane of Interstate 285.

3

14.

At the aforesaid time and place, Defendant Garfias used and operated the 2016 ProStar Premium tractor-trailer in such a manner as to cause said motor vehicle to come into collision with the 2015 Ford Mustang by failing to maintain his lane.

15.

As a direct and proximate result of the breach of the applicable standard of care by Defendant Garfias, Plaintiff Grant suffered conscious pain and suffering in the past and will suffer conscious pain and suffering into the future; incurred medical expenses in the past and will incur future medical expenses; suffered mental anguish; suffered severe physical injury; was required to undergo additional medical procedures; and has sustained other damages.

16.

Plaintiff Grant did not assume the risk of his injuries and at all times exercised due care for his own safety.

17.

All of the injuries and damages sustained by Plaintiff were the direct and proximate result of the joint negligent actions and breaches of the applicable standards of care by Defendant Garfias and Defendant P&E Delivery without any act or omission on the part of the Plaintiff directly thereunto contributing.

## FIRST CAUSE OF ACTION
## NEGLIGENCE OF DEFENDANT GARFIAS

18.

Defendant Garfias owed a duty of care to the motoring public in general, and to Plaintiff in particular, to operate a vehicle in a reasonable and prudent manner and to adhere to the pertinent Rules of the Road for the State of Georgia.

19.

The March 26, 2021 collision was directly and proximately caused by the negligence of Defendant Garfias.

20.

The March 26, 2021 collision was directly and proximately caused by Defendant Garfias's negligence in failing to maintain his lane.

21.

The March 26, 2021 collision was directly and proximately caused by Defendant Garfias's negligence in failing to keep a proper lookout.

22.

The March 26, 2021 collision was directly and proximately caused by Defendant Garfias's negligence in being distracted while driving.

23.

The March 26, 2021 collision was directly and proximately caused by Defendant Garfias's negligence in driving too fast for conditions.

24.

Defendant Garfias's actions constituted negligence *per se* regarding applicable laws and standards including, but not limited to:

(a) Failing to exercise due care in following too closely, in violation of O.C.G.A. § 40-6-49;

(b)  Failing to exercise due care by engaging in distracted driving in violation of O.C.G.A. § 40-6-241;

(c) Driving too fast for conditions in violation of O.C.G.A. § 40-6-180;

(d) Failing to maintain lane in violation of O.C.G.A. § 40-6-48; and

(e) Utilizing the third lane in violation of O.C.G.A. § 40-6-52(b).

25.

Plaintiff's personal injuries were directly and proximately caused by Defendant Garfias's negligence.

26.

As a result of Defendant Garfias's negligence, a collision occurred between Defendant Garfias's tractor-trailer and Plaintiff's vehicle.

27.

By reason of the foregoing collision, Plaintiff Ernest Grant sustained a serious injury as defined by the Insurance Law of the State of Georgia.

28.

As a result of the foregoing collision, Plaintiff Ernest Grant suffered economic loss in excess of basic economic loss, as those terms are defined by the Insurance Law of the State of Georgia.

29.

The collision, and the injuries and damages resulting therefrom, occurred as the result of the careless, reckless and negligent conduct of Defendant Garfias, in the operation of Defendant P&E Delivery's commercial vehicle.

30.

Plaintiff sustained severe personal injury and damages, and conscious pain and suffering.

31.

By reason of the foregoing, Plaintiff sustained damages in a sum of money having a present value that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction of this matter.

## SECOND CAUSE OF ACTION
## VICARIOUS LIABILITY

32.

At the time of the March 26, 2021 collision, Defendant Garfias was under dispatch for Defendant P & E Delivery.

33.

At the time of the Crash, Defendant Garfias was operating his vehicle on behalf of Defendant Defendant P & E Delivery.

34.

Defendant Defendant P & E Delivery is an interstate motor carrier, and pursuant to federal and state laws, is responsible for the actions of Defendant Garfias with regard to the March 26, 2021 collision under the doctrines of lease liability, agency, vicarious, or apparent liability agency.

## THIRD CAUSE OF ACTION
## NEGLIGENT HIRING, TRAINING, RETENTION & SUPERVISION

35.

Defendant P & E Delivery was negligent in hiring Defendant Garfias and entrusting him to drive a commercial motor vehicle.

36.

Defendant P & E Delivery was negligent in failing to properly train Defendant Garfias.

37.

Defendant P & E Delivery was negligent in failing to discharge Defendant Garfias before the March 26, 2021 collision.

38.

Defendant P & E Delivery was negligent in failing to properly supervise Defendant Garfias.

39.

Defendant P & E Delivery was negligent in failing to promulgate and enforce company policies, procedures and rules for the protection of the public, including but not limited to Plaintiff.

40.

Defendant P & E Delivery's negligence in hiring Defendant Garfias, entrusting him with driving a commercial vehicle, and failing to train and supervise him properly proximately caused Plaintiff's injuries and damages.

## **DIRECT ACTION**

41.

Defendant Great White Casualty Company is subject to a direct action as the insurer for Defendant P & E Delivery pursuant to O.C.G.A. § 40-1-112 and O.C.G.A. § 40-2-140.

42.

Defendant Great White Casualty Company was the insurer of Defendant P & E Delivery at the time of the Crash and issued a liability policy that affords coverage in this case.

43.

Defendants Great White Casualty Company and P & E Delivery are subject to the filing requirements outlined in O.C.G.A. § 40-1-112 and O.C.G.A. § 40-2-140.

44.

Defendant Great White Casualty Company is responsible for any judgment rendered against P & E Delivery or Defendant Garfias.

## DAMAGES

45.

Each of the forgoing acts and omissions constitute an independent act of negligence on the part of Defendants and one or more or all above stated acts were the proximate causes of the injuries to Plaintiff.

46.

Defendants are jointly and severally liable for Plaintiff's injuries sustained, pain and suffering, cost of treatment and all other elements of damages allowed under the laws of the State of Georgia.

47.

But for the negligence of Defendants, Plaintiff would not have suffered injuries and damages that will be proven at trial.

48.

Defendants' actions evidence a species of bad faith, were and are stubbornly litigious, and have caused Plaintiff undue expense. Thus, Plaintiff is entitled to recover his necessary expenses of litigation, including an award of reasonable attorney's fees and expenses required by this action, pursuant to O.C.G.A. § 13-6-11, as well as any other statutory or common law basis.

WHEREFORE, Plaintiff respectfully prays:

a)      That process issue and Defendants be served as provided by law;

b)      That Plaintiff has a trial by jury;

c)      That Plaintiff recovers the full value of past and future medical expenses in an amount proven at trial;

d)      That Plaintiff recovers for mental and physical pain and suffering and emotional distress in an amount to be determined by the enlightened conscience of the jury;

e)      That judgment be entered in favor of Plaintiff against Defendants for special, compensatory, punitive and all other permissible damages allowed under Georgia law;

f)      That Plaintiff be awarded judgment for reasonable attorney's fees and expenses of litigation pursuant to O.C.G.A. § 13-6-11; and

g)      That all costs be taxed against the Defendants, including attorney's fees.

Respectfully submitted, this 26th day of January, 2023.


                                            SENIORCOUNSEL, LLC

                                            /s/ Meredith Parrish
                                            Meredith Parrish, Esq.
                                            Georgia Bar No. 860703
                                            *Attorney for Plaintiff*

3330 Cumberland Boulevard, Suite 500                STATE COURT OF
Atlanta, Georgia 30339                              DEKALB COUNTY, GA.
T       (404) 590-0115                              1/26/2023 4:11 PM
F       (404) 581-5278                              E-FILED
mparrish@seniorcounsel.legal                        BY: Monica Gay

No. 23A00395

**STATE COURT OF DEKALB COUNTY**
**GEORGIA, DEKALB COUNTY**

Date Summons Issued and Filed
1/26/2023

**SUMMONS**

/s/ Monica Gay

_____
Deputy Clerk

EARNEST GRANT
_____

Deposit Paid $ _____

_____
(Plaintiff's name and address)

[] **ANSWER**

**vs.**

☒ **JURY**

GREAT WEST CASUALTY COMPANY
_____

_____

_____
(Defendant's name and address)

**TO THE ABOVE-NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of State Court, Suite 230, 2nd Floor, Administrative Tower, DeKalb County Courthouse, 556 N. McDonough Street, Decatur, Georgia 30030 and serve upon the plaintiff's attorney, to wit:

Meredith Parrish, Esq. - SeniorCounsel, LLC
_____
(Name)
3330 Cumberland Blvd., Ste 500, Atlanta, Georgia 30339
_____
(Address)
(404) 590-0115                                    860703
_____
(Phone Number)                          (Georgia Bar No.)

an **ANSWER** to the complaint which is herewith served upon you, within thirty (30) days after service upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. (Plus cost of this action.)

_____
Defendant's Attorney

_____
Third Party Attorney

_____
Address

_____
Address

_____    _____
Phone No.          Georgia Bar No.

_____    _____
Phone No.          Georgia Bar No.

**TYPE OF SUIT**

☐ Account          ☒ Personal Injury          Principal          $ _____
☐ Contract         ☐ Medical Malpractice
☐ Note             ☐ Legal Malpractice         Interest           $ _____
☐ Trover           ☐ Product Liability
                   ☐ Other                     Atty Fees          $ _____

☐ Transferred From _____

**(Attach BLUE to Original and WHITE to Service Copy of complaint)**

STATE COURT OF
DEKALB COUNTY, GA.
1/26/2023 4:11 PM
E-FILED
BY: Monica Gay

No. _23A00395_____

**STATE COURT OF DEKALB COUNTY**
**GEORGIA, DEKALB COUNTY**

Date Summons Issued and Filed
_1/26/2023_____

**SUMMONS**

_/s/ Monica Gay_____

Deputy Clerk

Deposit Paid $ _____

ERNEST GRANT _____

_____
(Plaintiff's name and address)

[ ]     **ANSWER**

**vs.**

☒     **JURY**

ALFONSO GARFIAS _____

_____

_____
(Defendant's name and address)

**TO THE ABOVE-NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of State Court, Suite 230, 2nd Floor, Administrative Tower, DeKalb County Courthouse, 556 N. McDonough Street, Decatur, Georgia 30030 and serve upon the plaintiff's attorney, to wit:

Meredith Parrish, Esq. - Senior Counsel, LLC _____
(Name)
3330 Cumberland Boulevard, Ste 500, Atlanta, Georgia 30339 _____
(Address)
(404) 590-0115 _____          860703 _____
(Phone Number)                    (Georgia Bar No.)

an **ANSWER** to the complaint which is herewith served upon you, within thirty (30) days after service upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. (Plus cost of this action.)

_____        _____
Defendant's Attorney                            Third Party Attorney

_____        _____

_____        _____
Address                                         Address

_____        _____
Phone No.            Georgia Bar No.             Phone No.            Georgia Bar No.

**TYPE OF SUIT**

☐ Account        ☐ Personal Injury          Principal     $ _____
☐ Contract       ☐ Medical Malpractice
☐ Note           ☐ Legal Malpractice        Interest      $ _____
☐ Trover         ☐ Product Liability
                 ☐ Other                     Atty Fees     $ _____

☐ Transferred From _____

**(Attach BLUE to Original and WHITE to Service Copy of complaint)**

STATE COURT OF
DEKALB COUNTY, GA.
1/26/2023 4:11 PM
E-FILED
BY: Monica Gay

23A00395

No._____

Date Su 1/26/2023 sued and Filed

_____

/s/ Monica Gay

_____
Deputy Clerk

Deposit Paid $_____

[]   **ANSWER**

[]   **JURY**

**STATE COURT OF DEKALB COUNTY**
**GEORGIA, DEKALB COUNTY**

**SUMMONS**

ERNEST GRANT_____
_____
(Plaintiff's name and address)

**vs.**

P & L DELIVERY, LLC_____

1098 Avenida Seville_____

Rio Rico, AZ 85648_____
(Defendant's name and address)

**TO THE ABOVE-NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of State Court, Suite 230, 2ⁿᵈ Floor, Administrative Tower, DeKalb County Courthouse, 556 N. McDonough Street, Decatur, Georgia 30030 and serve upon the plaintiff's attorney, to wit:

Meredith Parrish, Esq. - Senior Counsel, LLC_____
(Name)
3330 Cumberland Boulevard, Ste 500, Atlanta, Georgia 30339_____
(Address)
(404) 590-0115                                     860703
(Phone Number)                              (Georgia Bar No.)

an **ANSWER** to the complaint which is herewith served upon you, within thirty (30) days after service upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. (Plus cost of this action.)

_____

Defendant's Attorney                              Third Party Attorney

_____

Address                                          Address

_____
Phone No.            Georgia Bar No.              Phone No.            Georgia Bar No.

| TYPE OF SUIT | | | |
|---|---|---|---|
| ☐ Account | ☐ Personal Injury | Principal | $_____ |
| ☐ Contract | ☐ Medical Malpractice | | |
| ☐ Note | ☐ Legal Malpractice | Interest | $_____ |
| ☐ Trover | ☐ Product Liability | | |
| | ☐ Other | Atty Fees | $_____ |

☐ Transferred From _____

**(Attach BLUE to Original and WHITE to Service Copy of complaint)**

STATE COURT OF
DEKALB COUNTY, GA.
1/26/2023 4:11 PM
E-FILED
BY: Monica Gay

**General Civil and Domestic Relations Case Filing Information Form**

☐ Superior or ☒ State Court of __DEKALB_____ **County**

| For Clerk Use Only | |
|---|---|
| **Date Filed** 1/26/2023 | **Case Number** 23A00395 |
| MM-DD-YYYY | |

**Plaintiff(s)**                                        **Defendant(s)**

GRANT, ERNEST                                    GARFIAS, ALFONSO

Last    First    Middle I.    Suffix    Prefix       Last    First    Middle I.    Suffix    Prefix

P & L DELIVERY, LLC

Last    First    Middle I.    Suffix    Prefix       Last    First    Middle I.    Suffix    Prefix

Great West Casualty Company

Last    First    Middle I.    Suffix    Prefix       Last    First    Middle I.    Suffix    Prefix

Last    First    Middle I.    Suffix    Prefix       Last    First    Middle I.    Suffix    Prefix

**Plaintiff's Attorney** Meredith Parrish            **Bar Number** 860703        **Self-Represented** ☐

**Check One Case Type in One Box**

**General Civil Cases**
- ☒ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Dissolution/Divorce/Separate Maintenance
- ☐ Family Violence Petition
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

**Post-Judgment – Check One Case Type**
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Modification
- ☐ Other/Administrative

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____        _____
        **Case Number**                              **Case Number**

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
                                                                **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____

_____

Version 1.1.18

**IN THE STATE COURT OF DEKALB COUNTY**

**STATE OF GEORGIA**

ERNEST GRANT,                          :
                                       :
    Plaintiff,                     : CIVIL ACTION NUMBER 23A00395
                                       :
v.                                     :
                                       :
ALFONSO GARFIAS,                       :
P & E DELIVERY, LLC, and GREAT         :
WEST CASUALTY COMPANY,                 :
                                       :
    Defendants.                    :

## PLAINTIFF'S FIRST CONTINUING INTERROGATORIES OF PLAINTIFF TO DEFENDANT ALFONSO GARFIAS

To:    ALPHONSO GARFIAS

Pursuant to O.C.G.A. § 9-11-33, Plaintiff hereby requests that Defendant ALPHONSO GARFIAS respond, under oath, to the following Interrogatories within forty-five (45) days of the date of service in conformity to the Georgia Civil Practice Act. Plaintiff requests that Defendant read and abide by the preliminary notes and instructions set forth below.

### PRELIMINARY NOTES AND INSTRUCTIONS

1. General Notes

Each interrogatory is addressed to the personal knowledge of the Defendant, as well as to the knowledge and information of Defendant's attorneys, investigators, agents, employees, and other representatives. When a question is directed to Defendant, the question is also directed to each of the aforementioned persons.

STATE COURT OF
DEKALB COUNTY, GA.
1/26/2023 4:11 PM
E-FILED
BY: Monica Gay

These interrogatories shall be deemed continuing so as to require supplemental answers if the persons or entities to whom they are addressed obtain further responsive information.

Plaintiff requests that Defendant take the time to accumulate all information which is called for by these interrogatories and to provide all such information in its initial written discovery responses. If the time provided by law to respond to this written discovery does not provide you an adequate opportunity to do so, Plaintiff will consider an extension of the time, provided the extension requested is not excessive and will be used to provide for some substantive response and not merely a tool for delay.

Plaintiff requests that Defendant respond to and supplement these and all future interrogatories with direct and concise responses and answers that can be read to a jury. Plaintiff requests, therefore, that you not answer interrogatories in this case by cross-referencing answers and responses given in other paragraphs of this same discovery, but rather answer with a full, clear textual response to each question.

Plaintiff requests that each Defendant respond to these interrogatories individually, separately and completely, and supplement any responses to these interrogatories individually, separately, and completely. In supplementing, Plaintiff requests that you do not send letters to counsel identifying additional documents or information, but that you instead provide discovery responses in the form of a pleading served on all parties.

2. Claims of Privilege or Work Product

Defendant is hereby instructed not to make "general objections" based on privilege or work product claims, as such general objections do not specify what facts or documents exist that are subject to such claims, do not identify in any way the facts or documents to which privilege or work product is claimed, and do not provide anything to the Court for decision. If a particular

-2-

interrogatory seeks information which encompasses facts or documents which you contend to be properly withheld from Plaintiff pursuant to some claim of privilege or work product, then you are instructed to state that contention specifically. In the event any information is not provided pursuant to such contentions, Plaintiff requests that Defendant identify specifically the bases for the objection and provide sufficient information so that the Court may render decision as to the contentions of privilege. Failure to comply with these instructions will be deemed by Plaintiff to be a failure to answer or respond under O.C.G.A. § 9-11-37(d), inasmuch as the object of such failure could only be to delay, protract, and obstruct these proceedings.

### 3. Claims To Confidentiality/Proprietary Information

If Defendant believes that information responsive to any interrogatory is somehow confidential because it reflects trade secrets or allegedly proprietary business information, such belief in and of itself provides no basis for the blanket withholding of production of such information in a timely manner. If Defendant intends to withhold information on the basis of such claims to confidentiality, it should contact Plaintiff *before* responding to these interrogatories and attempt to resolve the issue by entry into a limited and appropriate sharing protective order applicable only to information for which supported claims to confidentiality have been made. Failure to do so, or the interposing of such objections for the purposes of delay, will be deemed by Plaintiff to be a waiver of such claims.

### 4. Subsequent Discovery of Information

If in response to any of Plaintiff's interrogatories Defendant fails to disclose any fact and then Defendant subsequently discloses such fact at a later date by supplemental response, please provide full information about how the existence of this additional fact was "discovered" by Defendant, by whom such additional fact was "discovered," when such additional fact was

"discovered," who made the decision to disclose such additional fact to Plaintiff, when that decision was made, and in detail, why such additional fact was not disclosed to Plaintiff in Defendant's initial responses to these Interrogatories.

## DEFINITIONS

As used herein, the terms listed below are defined as follows:

1.      "**Document**" means every writing, printing, record, graphic, photographic or sound reproduction of every type and description that has been in your possession, control or custody or of which you have knowledge, including but not limited to, correspondence, reports, meeting minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders, invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, e-mails, e-mail attachments, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, disks or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, pictures, and voice recordings.  Plaintiff expressly intends for the term "Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference.

2.      "**Person**" means any natural person, corporation, partnership, proprietorship, association, organization, group of persons, or any governmental body or subdivision thereof.

3.      (a)      "**Identify**" with respect to any "**person**" or any reference to stating the "**identity**" of any "**person**" means to provide the name, home address, telephone number,

business name, business address, and business telephone number of such person, and a description of each such person's connection with the events in question.

(b)     "**Identify**" with respect to any "**document**" or any reference to stating the "**identification**" of any "**document**" means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation of the document or on whose behalf it was prepared, the name and address of the recipient or recipients of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

4.     "**You**" or "**your**" or "**Defendant**" refers to Defendant ALFONSO GARFIAS, as well as Defendant's attorneys, insurers, representatives, or agents.

5.     "**ALFONSO GARFIAS**" or "**GARFIAS**" refers to Defendant ALFONSO GARFIAS.

6.     "**P & E DELIVERY, LLC**" or "**P & E DELIVERY**" refers to Defendant P & E DELIVERY, LLC and all of its operating divisions, subsidiaries and affiliates, both domestic and foreign.

7.     "**GREAT WEST CASUALTY COMPANY**" or "**GREAT WEST**" refers to Defendant GREAT WEST CASUALTY COMPANY and all of its operating divisions, subsidiaries and affiliates, both domestic and foreign.

8.     "**Subject incident**" or "**subject occurrence**" or "**subject collision**" means the incident of March 26, 2021 occurring on Interstate 285 Southbound in DeKalb County, Georgia, which makes the basis of this lawsuit.

## INTERROGATORIES

### 1.

Please identify all adult relatives by blood or marriage residing within the jurisdiction of the State Court of DeKalb County by stating their name, relationship to you or your spouse, address, and place of employment.

### 2.

Please state your name, address, social security number, driver's license number, telephone number, and date of birth.  Also, please provide all of your previous residence addresses for the past five years, including the street address, city, state, and zip code.

### 3.

Please list all places of employment for the past five (5) years to include for each such place of employment:   the start date of employment; name of employer; your immediate supervisor; address; telephone number; job description; wage and salary; termination date of employment; reason for termination.  Said list should include employment through the present date.

### 4.

Identify all persons who have investigated the subject collision or discussed the subject collision with you on behalf of yourself, Defendants P & E DELIVERY and GREAT WEST CASUALTY COMPANY or its agents, representatives, attorneys, or insurers.

### 5.

State the following information concerning any and all liability insurance, including excess or umbrella coverage or coverage by any other description, which does or may afford insurance coverage to you for the claims made in this lawsuit:

(a)     Name of each insurance company issuing policy;

(b)     Applicable liability limits concerning each policy;

(c)     Names of all persons insured under each policy;

(d)     Names of the person(s) or entity paying premiums with respect to each policy;

(e)     Policy number of each policy;

(f)     Types of insurance coverage carried;

(g)     Whether or not the defense of this action has been tendered to any such insurer;

(h)     Whether defense has been accepted by each such insurer to whom defense has been tendered;

(i)     Whether this defendant has made any claims under said policy or policies as a result of the occurrence herein;

(j)     The nature, extent, and amount of any such claim or claims with said insurer(s);

(k)     Whether those claims have been paid by said insurer(s) and the amount of said payment(s); and

(l)     Your insurer's response or reaction with respect to the request that it defend this lawsuit and pay any damages assessed, pursuant to the policy provisions.

6.

Please state whether or not you negligently caused the subject occurrence in any way.  If your answer is in any way in the negative, please explain.

7.

Please identify every person whom you believe does have, or may have, any information of any kind about the collision complained of in this case or any other information pertaining to any issue of liability in this case, including with each such person's identity a brief description of

the nature of such person's knowledge.  (For example:  eyewitness, investigating police officer, medical personnel, etc.)

8.

Please identify all persons (whether medical providers, lay persons, or anyone else) who you believe does have, or may have, any relevant information relative to Plaintiff's health condition prior to or subsequent to the collision in this case, information relative to Plaintiff's physical and mental suffering as a result of this collision, or any information relative to any issue of damages in this litigation.   Please include with each such person's identity a brief description of the nature of such person's knowledge.

9.

Please state whether any of the persons identified in response to Interrogatories No. 7 or No. 8 have given any statement(s) or account(s) to you, either orally, in writing, or recorded in any way, of his or her knowledge of any information relevant in this lawsuit.  If so, identify any witness(es) giving such statement(s), provide an explanation of the type of statement(s) given (oral, written, recorded, etc.), and identify the person who took the statement and the present custodian of such statement(s).

10.

Please explain the nature of your employment and/or agency relationship with Defendant P & E DELIVERY, LLC on the date of the occurrence.  Please also include the following:  the date the employment and/or agency relationship began; your mode and amount of compensation; whether the employment and/or agency relationship has been terminated, and if so, the date of such termination; the identity of the person who terminated you; the reason(s) given to you for such termination; the reason you believe you were terminated.

11.

Please identify the following individuals as of the date of the occurrence and at present (if applicable): the person to whom you reported at P & E DELIVERY, LLC; all persons who interviewed and hired you; any person who disciplined, reprimanded, or evaluated you or your job performance at any time while and employee and/or agent of P & E DELIVERY, LLC.

12.

Please state whether or not, to your knowledge, information, and/or belief, Defendant P & E DELIVERY, LLC, its agents, its attorneys, or its insurers, on its own or through any other person, obtained or obtains information, from any private source or governmental agency, about the driving history, driving violations, criminal violations, motor vehicle record, or other driving qualifications of the persons Defendant P & E DELIVERY, LLC allows to drive its trucks. If so, please state, by job title, to which employees this inquiry applies, from whom this information is obtained (including, but not limited to any governmental agency or entity), and exactly what information is obtained or, as a matter of policy, sought to be obtained. Also, please state whether you were ever apprised or ever became aware of any such inquiry concerning you.

13.

Please identify any person that you expect to call as an expert witness, whether live, by affidavit, or by deposition, in connection with any trial, hearing, or motion, as well as any other evidentiary hearing in this action, and, separately for each expert identify the subject matter of which the person is expected to testify; the substance of the facts and opinions as to which he or she is expected to testify; a summary of the grounds for such opinions, and identify all documents and professional references upon which such person may base his or her testimony and opinions.

14.

Please describe how you contend the subject incident occurred, to include what you recall occurring in the moments immediately before the incident, the incident itself, and the two hours before and following the subject incident. Please include in this response a listing of each person, force of nature, act of God, and/or circumstance you contend to have caused or contributed to causing the subject occurrence and/or any of Plaintiff's injuries.

15.

Do you contest that at the time and place of the subject occurrence, you were an employee or agent of Defendant P & E DELIVERY, LLC, acting within the course and scope of your employment or agency for P & E DELIVERY, LLC? Please state "Yes" or "No." If your answer to this interrogatory is in any way in the affirmative, please state all facts that you contend support such response.

16.

Do you contend that Plaintiff did or failed to do any act that in any way contributed to causing the subject occurrence? Please state "Yes" or "No." If your answer is in any way in the affirmative, please state all facts that you contend support such response.

17.

Do you contend that anyone, not a defendant in this action, caused or contributed to cause the injuries to Plaintiff? Please state "Yes" or "No." If your answer is in any way in the affirmative, please state the name, present or last known residence or business address, and business and home telephone numbers of said person or entity you contend contributed to or caused the injuries of Plaintiff, specify what acts or omissions of each such person you contend

caused or contributed to cause the injuries to Plaintiff, and state the factual and legal basis of each such contention.

18.

Do you contend that any mechanical defect, design defect, or other failure of any kind on the truck that you were driving at the time of the incident (including any component parts such as mirrors) caused or contributed to cause the incident or the injuries to Plaintiff?  Please state "Yes" or "No."  If your answer is in any way in the affirmative, please identify each such defect or failure and the factual and legal bases for your contention that it played a role in this incident.

19.

Please state whether, at the time of the subject collision, you were in possession of more than one driver's log.  If so, please state your explanation for any discrepancy in those logs, and the present location of the various logs that were in your possession at the time of the subject collision.

20.

Please state whether or not you have ever been involved in another motor vehicle collision wherein you were the driver of a vehicle involved in such collision at any time in last ten (10) years.  If so, please state the date or approximate date of such collision, whether or not you were on personal business or in the course of your employment or agency at the time of said collision (and list the employer if you were in the course of your employment or agency), and give a brief description of how the collision occurred to include stating whether you believe the collision was your fault or someone else's fault.

21.

Please state whether or not you, your attorneys, investigators, or other representatives know of any photographs, still or motion pictures, plans, drawings, blueprints, sketches, diagrams, computer simulations, or any other type of demonstrative evidence concerning the subject occurrence, the site of the subject occurrence, the vehicles involved, the Plaintiff or which in any way illustrate any facts related to the occurrence.  As to each item, please state the nature of such item, how many of such items exist (for example, 15 photographs), the name, address, and employer of the person making or supplying such item, and the identity of the person who presently possesses such item.

22.

Was any accident/incident report or statement made by you or any of your representatives or agents that describes or relates in any way to the subject occurrence?  Please state "Yes" or "No."   If your answer is in any way in the affirmative, for each such report or statement, please identify the author, state the date it was written or given, identify all individuals who were copied with or received it, and identify the present place where it is located.

23.

Please state in detail how you contend the subject occurrence took place and the order in which the events took place, to include the purpose of your trip, the point of origin of your trip, any stops you made after leaving the point of departure but before the subject incident, and your intended destination.

24.

State whether or not you have ever been convicted, pled guilty to, pled nolo contendere to, or forfeited bond concerning any traffic violation, moving violation, or charge for violation of

the traffic laws or rules of the road of any state within the last ten (10) years. If so, please state the approximate date of such incident, the court in which you were charged or prosecuted, the nature of such charge or conviction, and the approximate date, city, county, and state thereof.

25.

Please state whether you suffer currently or did suffer at the time of the collision from any physical impairment, or disease, including vision impairment or epilepsy or arthritis, and if so, state the name and address of any and all physicians, chiropractors, or practitioners of the healing arts who have treated you in the past five (5) years.

26.

Please state whether you had consumed any alcohol, drugs, or medication of any kind within the twenty-four (24) hours prior to said collision. If so, please state the type of such substance consumed, the amount consumed, identify who you were with and/or with whom you came into contact and give the approximate time and place where same was consumed.

27.

Please state whether, at the time of subject collision, you were consuming any food or beverage or had any open containers of food or beverage in your vehicle. If your answer is in the affirmative in any way, please explain in detail.

28.

Please state whether or not you have ever pled guilty to, pled nolo contendere to, or been convicted of any crime other than traffic violations in the last ten (10) years, including any instances of driving under the influence of drugs or alcohol ("DUIs"), and if so, please state the date and nature of the offense, the county and state in which you were tried or entered a plea, and the sentence given you.

29.

Please state whether your driver's license contains any restrictions now, or at the time of the collision, or whether your driver's license has ever been suspended for any reason.  If your answer to this interrogatory is in the affirmative, please state the nature of such restriction or the reason(s) for such suspension.

30.

State whether or not you have previously been involved in a lawsuit.  If so, identify each action by stating when, where, the nature of the action, the disposition of the case, and the name of the attorney who represented you.

31.

Please identify the cargo the subject trailer carried at the time of the subject incident, the weight of that cargo, the subject trailer's weight capacity (i.e., how much weight the trailer could carry), the subject tractor's hauling capacity (i.e., how much weight the tractor could pull), and any guidelines applicable to the subject tractor-trailer at the time of the subject incident as to what amount of weight was safe for the subject tractor-trailer to pull at normal highway conditions, whether you have any knowledge of those guidelines in any form, whether P & E DELIVERY, LLC's own policies, government regulations, industry guidelines, or any other source.

32.

Please identify all records, including but not limited to contracts of service, billing statements, invoices, and itemized statements for any cell phone, car phone, pager, QUALCOMM or other radio communication device that you owned, had access to, or used on

March 26, 2021. This interrogatory seeks the name, address, and billing information for any contracts of service related to the communication media described in this interrogatory.

33.

At the time of the subject occurrence, was your truck equipped with any devices, of any kind and by whatever name known, which are intended to prevent or reduce driver inattention, combat driver fatigue, or otherwise improve in anyway the safety of driver performance? Please state "Yes" or "No." If your answer is in any way in the affirmative, for each such device, please identify its name, state whether it was being used at the time of the subject incident, describe what it is and how it functions, identify where in the vehicle it is located, the identity of the manufacturer or supplier of such device(s), and the identity of the natural person(s) at P & E DELIVERY, LLC who was at the time of the incident most knowledgeable about it.

34.

Please state whether to your knowledge P & E DELIVERY's tractors and/or trailers, including in particular the subject unit and trailer you were operating at the time of the occurrence, are (were) equipped with a sticker or sign bearing a 1-800 number or any other phone number or address that is (was) visible to other drivers on the highway and which could be used for reporting safety concerns or other reports concerning the method or manner in which P & E DELIVERY, LLC's drivers operated the vehicle while working at Defendant P & E DELIVERY, LLC. If your answer is in any way in the affirmative, please identify where on the vehicle such statement was located; the exact language of the statement, including the number or address provided for reports; how all such reports are recorded and what is done with them; and any such reports regarding trucks you have driven.

35.

Please identify all persons who are supplying information to respond to these Interrogatories and to Plaintiff's Requests for Production of Documents.

36.

Please state whether you used a spotter to assist you at the time of the occurrence.

37.

Please state whether your view behind or to the side of the vehicle was restricted in any way at the time of the occurrence. This Interrogatory is intended to discover whether you could see the location of the Plaintiff beside the vehicle before impact if you looked.

Respectfully submitted, this 26th day of January, 2023.

SENIORCOUNSEL, LLC

/s/ Meredith Parrish
Meredith Parrish, Esq.
Georgia Bar No. 860703
*Attorney for Plaintiff*

3330 Cumberland Boulevard, Suite 500
Atlanta, Georgia 30339
T        (404) 590-0115
F        (404) 581-5278
mparrish@seniorcounsel.legal

STATE COURT OF
DEKALB COUNTY, GA.
1/26/2023 4:11 PM
E-FILED
BY: Monica Gay

- 16 -

## IN THE STATE COURT OF DEKALB COUNTY

## STATE OF GEORGIA

ERNEST GRANT,              :
                          :
    Plaintiff,            : CIVIL ACTION NUMBER 23A00395
                          :
v.                        :
                          :
ALFONSO GARFIAS,           :
P & E DELIVERY, LLC, and GREAT    :
WEST CASUALTY COMPANY,    :
                          :
    Defendants.           :


### PLAINTIFF'S FIRST CONTINUING INTERROGATORIES TO DEFENDANT P & E DELIVERY, LLC

To:    P & E DELIVERY, LLC

    Pursuant to O.C.G.A. § 9-11-33, Plaintiff hereby requests that Defendant P & E DELIVERY, LLC respond, under oath, to the following Interrogatories within forty-five (45) days of the date of service in conformity to the Georgia Civil Practice Act. Plaintiff requests that Defendant read and abide by the preliminary notes and instructions set forth below.

### PRELIMINARY NOTES AND INSTRUCTIONS

    1. General Notes

    Each interrogatory is addressed to the personal knowledge of the Defendant, as well as to the knowledge and information of Defendant's attorneys, investigators, agents, employees, and other representatives. When a question is directed to Defendant, the question is also directed to each of the aforementioned persons.

These interrogatories shall be deemed continuing so as to require supplemental answers if the persons or entities to whom they are addressed obtain further responsive information.

Plaintiff requests that Defendant take the time to accumulate all information which is called for by these interrogatories and to provide all such information in its initial written discovery responses. If the time provided by law to respond to this written discovery does not provide you an adequate opportunity to do so, Plaintiff will consider an extension of the time, provided the extension requested is not excessive and will be used to provide for some substantive response and not merely a tool for delay.

Plaintiff requests that Defendant respond to and supplement these and all future interrogatories with direct and concise responses and answers that can be read to a jury. Plaintiff requests, therefore, that you not answer interrogatories in this case by cross-referencing answers and responses given in other paragraphs of this same discovery, but rather answer with a full, clear textual response to each question.

Plaintiff requests that each Defendant respond to these interrogatories individually, separately and completely, and supplement any responses to these interrogatories individually, separately, and completely. In supplementing, Plaintiff requests that you do not send letters to counsel identifying additional documents or information, but that you instead provide discovery responses in the form of a pleading served on all parties.

2. Claims of Privilege or Work Product

Defendant is hereby instructed not to make "general objections" based on privilege or work product claims, as such general objections do not specify what facts or documents exist that are subject to such claims, do not identify in any way the facts or documents to which privilege or work product is claimed, and do not provide anything to the Court for decision. If a particular

2

interrogatory seeks information which encompasses facts or documents which you contend to be properly withheld from Plaintiff pursuant to some claim of privilege or work product, then you are instructed to state that contention specifically.  In the event any information is not provided pursuant to such contentions, Plaintiff requests that Defendant identify specifically the bases for the objection and provide sufficient information so that the Court may render decision as to the contentions of privilege.  Failure to comply with these instructions will be deemed by Plaintiff to be a failure to answer or respond under O.C.G.A. § 9-11-37(d), inasmuch as the object of such failure could only be to delay, protract, and obstruct these proceedings.

### 3. Claims To Confidentiality/Proprietary Information

If Defendant believes that information responsive to any interrogatory is somehow confidential because it reflects trade secrets or allegedly proprietary business information, such belief in and of itself provides no basis for the blanket withholding of production of such information in a timely manner.   If Defendant intends to withhold information on the basis of such claims to confidentiality, it should contact Plaintiff *before* responding to these interrogatories and attempt to resolve the issue by entry into a limited and appropriate sharing protective order applicable only to information for which supported claims to confidentiality have been made.   Failure to do so, or the interposing of such objections for the purposes of delay, will be deemed by Plaintiff to be a waiver of such claims.

### 4. Subsequent Discovery of Information

If in response to any of Plaintiff's interrogatories Defendant fails to disclose any fact and then Defendant subsequently discloses such fact at a later date by supplemental response, please provide full information about how the existence of this additional fact was "discovered" by Defendant, by whom such additional fact was "discovered," when such additional fact was

3

"discovered," who made the decision to disclose such additional fact to Plaintiff, when that decision was made, and in detail, why such additional fact was not disclosed to Plaintiff in Defendant's initial responses to these Interrogatories.

## DEFINITIONS

As used herein, the terms listed below are defined as follows:

1.    "**Document**" means every writing, printing, record, graphic, photographic or sound reproduction of every type and description that has been in your possession, control or custody or of which you have knowledge, including but not limited to, correspondence, reports, meeting minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders, invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, e-mails, e-mail attachments, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, disks or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, pictures, and voice recordings.  Plaintiff expressly intends for the term "Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference.

2.    "**Person**" means any natural person, corporation, partnership, proprietorship, association, organization, group of persons, or any governmental body or subdivision thereof.

3.    (a)    "**Identify**" with respect to any "**person**" or any reference to stating the "**identity**" of any "**person**" means to provide the name, home address, telephone number,

4

business name, business address, and business telephone number of such person, and a description of each such person's connection with the events in question.

        (b)      "**Identify**" with respect to any "**document**" or any reference to stating the "**identification**" of any "**document**" means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation of the document or on whose behalf it was prepared, the name and address of the recipient or recipients of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

      4.      "**You**" or "**your**" or "**Defendant**" refers to P & E DELIVERY, LLC and all of its operating divisions, subsidiaries and affiliates, both domestic and foreign, as well as Defendant's attorneys, insurers, representatives, or agents.

      5.      "**ALFONSO GARFIAS**" or "**GARFIAS**" refers to Defendant ALFONSO GARFIAS.

      6.      "**GREAT WEST CASUALTY COMPANY**" or "**GREAT WEST**" refers to Defendant Great West Casualty Company and all of its operating divisions, subsidiaries and affiliates, both domestic and foreign.

      7.      "**Subject incident**" or "**subject occurrence**" or "**subject collision**" means the incident of March 26, 2021 occurring on Interstate 285 Southbound in DeKalb County, Georgia, which makes the basis of this lawsuit.

## INTERROGATORIES

1.

Do you contend that you have been improperly named in the sense that the incorrect corporate entity has not been properly styled in the caption of this matter and/or that an improper or incorrect agent for service was utilized to effectuate service upon you?  If your answer to either of these inquiries is "yes," please provide a detailed explanation as to why you contend you have been improperly named or the agent used for service was improper and provide the complete name of the entity you contend should have named and/or served.

2.

Do you contend that there are any factual or legal bases upon which this matter should be dismissed as a matter of law?  If so, please identify any such contentions and describe and state with specificity all factual and legal bases supporting any such contention(s).

3.

Do you contend that Plaintiff committed any negligent act or omission that played any part in causing the subject incident or the injuries or damages complained of by Plaintiff?  Please state "Yes" or "No."  If your answer is in the affirmative in any way, please state and describe specifically each any negligent act or omission by Plaintiff that you claim supports your contention.

4.

Do you contend that anyone, not a defendant in this action, caused or contributed to cause the injuries to Plaintiff?  Please state "Yes" or "No."   If your answer is in any way in the affirmative, please state the name, present or last known residence or business address, and business and home telephone numbers of said person or entity you contend contributed to or

caused the injuries to Plaintiff, specify what acts or omissions of each such person you contend caused or contributed to cause the injuries to Plaintiff, and state the factual and legal basis of each such contention.

5.

Do you contend there were any manufacturing, design, or other defects or malfunctions in the equipment used by Plaintiff at the time of the subject incident that in any way affected its safety or performance or contributed to the subject incident? Please state "Yes" or "No." If your answer is in any way in the affirmative, describe with specificity the nature of each such defect or malfunction you contend affected the safety or performance of the equipment used by Plaintiff and how it may have affected the safety or performance or contributed to the subject incident.

6.

Do you contend there were any manufacturing, design, or other defects or malfunctions in the subject tractor or the subject trailer or the "box" on the trailer at the time of the subject incident that in any way affected its safety or performance or contributed to the subject incident? Please state "Yes" or "No." If your answer is in any way in the affirmative, describe with specificity the nature of each such defect or malfunction you contend affected the safety or performance of the tractor or the trailer and how it may have affected the safety or performance or contributed to the subject incident.

7.

Please state in detail how you contend the subject occurrence took place and the order in which the events took place, to include the purpose of the trip by Defendant GARFIAS, the point of origin of his trip, any stops he made after leaving his point of departure but before the subject incident, his intended destination, and where he in fact went following the subject incident.

7

Please include in this response a listing of each person, force of nature, act of God, and/or circumstance you contend to have caused or contributed to causing the subject occurrence and/or any of Plaintiff's injuries.

8.

State the names and addresses of all persons employed or working for Defendant P & E DELIVERY, LLC who have investigated the subject collision or discussed the subject collision with your insurer or any of its divisions, subsidiaries, or associated entities by whatever name known, or Defendant GARFIAS, the driver of the tractor involved in this collision.

9.

Please identify the corporate officers of Defendant P & E DELIVERY, LLC, the date of incorporation, the state(s) in which it was and is now incorporated, the address(es) of the principal place(s) of business of P & E DELIVERY, LLC, and the nature and geographic scope of P & E DELIVERY, LLC business.

10.

Please state as of March 26, 2021, how many tractors were owned or leased as part of the operation of P & E DELIVERY, LLC, how many trailers are owned or leased by P & E DELIVERY, LLC, how many drivers are employed by P & E DELIVERY, LLC, and the identities of all states in which P & E DELIVERY, LLC drivers operate vehicles.

11.

Please state P & E DELIVERY, LLC's status as a "motor common carrier" and all certifications or filings pursuant to that status with the Georgia Public Service Commission and/or the Interstate Commerce Commission, pursuant to O.C.G.A. § 46-7-12 and all other relevant law.

12.

If you, Defendant GARFIAS and/or the tractor and trailer he was operating at the time of the subject collision are covered by any liability insurance, including excess or umbrella coverage or coverage by any other description, which does or may afford insurance coverage for the claims made in this lawsuit, please state the name of each insurance company issuing policy, any filings P & E DELIVERY, LLC has made with regard to such policy pursuant to O.C.G.A. § 46-7-12, the applicable liability limits concerning each policy, the named insured(s) under each policy, all applicable policy numbers, and whether the defense of this has been undertaken subject to any reservation of rights by any such insurer.

13.

State whether or not this defendant admits that Defendant GARFIAS was negligent and was a proximate cause of the subject collision. If your answer is in the negative in anyway, please explain the basis for contesting negligence.

14.

Please identify every person whom you believe does have, or may have, any information of any kind about the collision complained of in this case or any other information pertaining to any issue of liability in this case, including with each such person's identity a brief description of the nature of such person's knowledge. (For example: eyewitness, investigating police officer, medical personnel, etc.).

15.

Please identify all persons (whether medical providers, lay persons, or anyone else) who you believe does have, or may have, any relevant information relative to Plaintiff's health condition prior to or subsequent to the collision in this case, information relative to the Plaintiff's

9

physical and mental suffering as a result of this collision, or any information relative to any issue of damages in this litigation.   Please include with each such person's identity a brief description of the nature of such person's knowledge.

16.

Please state whether any of the persons identified in response to Interrogatories Nos. 14 or 15 have given any statement(s) or account(s) to you, either orally, in writing, or recorded in any way, of his or her knowledge of any information relevant in this lawsuit.  If so, identify any witness(es) giving such statement(s), provide an explanation of the type of statement(s) given (oral, written, recorded, etc.), and identify the person who took the statement and the present custodian of such statement(s).

17.

Please identify any and all investigators, mechanics, adjusters, claims representatives, or experts who have investigated this collision, examined any of the vehicles or equipment involved, or who has in any way investigated the claims made in this lawsuit on behalf of this defendant, its attorneys, or its insurers, and specify for each such person a summary of what they investigated.

18.

Please state whether or not this defendant, its attorneys, investigators, or other representatives know of any photographs, still or motion pictures, plans, drawings, blueprints, sketches, diagrams, computer simulations, or any other type demonstrative evidence concerning the subject occurrence, the site of the subject occurrence, the vehicles involved, or which in any way illustrate any facts related to the occurrence.  As to each item, please state the nature of such item, how many of such items exist (for example, 15 photographs), the name, address, and

10

employer of the person making or supplying such item, and the identity of the person who presently possesses such item.

19.

Do you contest that at the time and place of the subject occurrence, Defendant GARFIAS was an employee or agent of P & E DELIVERY, LLC acting within the course and scope of his employment or agency for P & E DELIVERY, LLC?  Please state "Yes" or "No."   If your answer to this interrogatory is in any way in the affirmative, please state all facts that you contend support such response.

20.

Was any accident/incident report made by P & E DELIVERY, LLC or any of its employees, representatives or agents that describes or relates in any way to the subject occurrence?  Please state "Yes" or "No."   If your answer is in any way in the affirmative, for each such report, please identify the author, state the date it was written, identify all individuals who were copied with or received it, and identify the present place where it is located.

21.

Please identify each person employed by this defendant or acting on your behalf (agents, insurers, attorneys, or other representatives) who attempted to contact or actually contacted Plaintiff or Plaintiff's family from the time of the occurrence up to and including the date of trial. If no attempt to contact Plaintiff has been made, please state that fact affirmatively.  For each contact or attempted contact, however, please provide the date, time of day, person contacted, the reason for the contact, the topics discussed, the person who made the decision to contact or attempt to contact, and the duration of the contact, as well as whether or not anything was recorded with or without the knowledge of the person contacted.

11

22.

Please identify the cargo the subject trailer carried at the time of the subject incident, the weight of that cargo, the subject trailer's weight capacity (i.e., how much weight the trailer could carry), the subject tractor's hauling capacity (i.e., how much weight the tractor could pull), and any guidelines applicable to the subject tractor-trailer at the time of the subject incident as to what amount of weight was safe for the subject tractor-trailer to pull at normal highway conditions, whether those guidelines are found in P & E DELIVERY, LLC own policies, government regulations, industry guidelines, requirements pursuant to any insurance policies held by P & E DELIVERY, LLC, or any other source.

23.

Please identify any person that this defendant expects to call as an expert witness, whether live, by affidavit, or by deposition, in connection with any trial, hearing, or motion, as well as any other evidentiary hearing in this action, and, separately for each expert, please identify the subject matter of which the person is expected to testify, the substance of the facts and opinions as to which the person is expected to testify, a summary of the grounds for such opinions, and the identity of all documents and professional references upon which such person may base his or her testimony and opinions.

24.

Please explain the nature of the relationship between Defendant GARFIAS and P & E DELIVERY, LLC, including the date the agency or employment relationship began, GARFIAS's method, mode and amount of compensation at the time of the subject occurrence, whether the employment or agency relationship has been terminated, and if so, the date of such

12

termination, the reason for such termination, and the identity of the person who terminated Defendant GARFIAS.

25.

Please identify the following individuals as of the date of the occurrence and at present:

(a)     Person(s) responsible for the inspection, maintenance, and repair of the subject tractor and subject trailer;

(b)     Safety director for this defendant;

(c)     Person(s) responsible for training employees/drivers;

(d)     Person(s) responsible for interviewing, hiring, and making retention decisions concerning employees/drivers, and specifically driver Defendant GARFIAS; and

(e)     Person(s) responsible for supervising Defendant GARFIAS.

26.

Please state whether or not this defendant, its agents, its attorneys, or its insurers, on its own or through any other person, obtained or obtains information, from any private source or governmental agency, about the driving history, driving violations, criminal violations, motor vehicle record, or other driving qualifications of the persons this defendant hires or allows to drive its trucks.  If so, please state, by job title, to which employees this inquiry applies, from whom this information is obtained (including, but not limited to any governmental agency or entity), and exactly what information is obtained or, as a matter of policy, sought to be obtained. Also, please state the same as to each person through which such information was requested or obtained concerning the driver involved in the subject occurrence and the dates upon which such information was obtained concerning the driver operating the truck involved in the subject occurrence.

13

27.

As to the tractor involved in the subject occurrence, please state the manufacturer, make, model, year, and Vehicle Identification Number (VIN), the person or entity to whom the tractor was titled as of the date of the occurrence and at present, the present location of the tractor, and the gross vehicle rating of the tractor.

28.

As to the trailer or "box" that was involved in the subject occurrence, please state the manufacturer, make, model, year, and any identification, serial or other descriptive numbers of the trailer and the "box", the person or entity to whom the trailer was titled as of the date of the occurrence and at present, and the present location of the trailer and "box".

29.

Please give a detailed history of any and all inspections or maintenance of the subject tractor which was involved in the subject collision or any of its component parts (including mirrors), within six months before or six months after the subject collision, including but not limited to the dates of any inspection(s), maintenance work, and/or repairs, the names of persons who performed any inspection, maintenance, or repairs, and a description of the inspection or work performed.

30.

Please give a detailed history of any and all inspections or maintenance of the subject trailer which was involved in the subject collision or any of its component parts (including the king pin), within six months before or six months after the subject collision, including but not limited to the dates of any inspection(s), maintenance work, and/or repairs, the names of persons

who performed any inspection, maintenance, or repairs, and a description of the inspection or work performed.

31.

If you were the owner of the tractor involved in the subject collision at the time of the subject incident, then please state the date you purchased or leased the subject tractor, from whom who bought it or leased it, the amount paid for it (whether financed, leased or paid in cash), identify whether it was new or used when purchased or leased, and identify all documents relating to such purchase or lease. If you were not the owner of the tractor involved in the subject collision, then please identify, including name and address, its owner at the time of the subject incident.

32.

If you were the owner of the trailer or "box" that was attached to the subject tractor involved in the subject collision, then please state the date you purchased or leased the trailer, from whom who bought it, the amount paid for it (whether financed, leased or paid in cash), identify whether it was new or used when purchased or leased, and identify all documents relating to such purchase or lease. If you were not the owner of the trailer or the "box," the please identify the owner, including name and address, at the time of the subject incident.

33.

Please describe or otherwise identify the vehicle specifications of the subject tractor including, but not limited to, its dimensions (height, length, weight, wheel base, etc.), gross vehicle weight rating, weight capacity, engine size, braking systems, and number of axles.

34.

Please describe or otherwise identify the specifications and/or dimensions of the subject trailer and the "box" on it including, but not limited to, its height, length, weight, wheelbase, gross vehicle weight rating, weight capacity, braking systems, and number of axles.

35.

Was the subject tractor repaired or modified in any way following the subject collision? Please state "Yes" or "No." If "Yes," please state who made the repairs or modifications, what repairs or modifications were made including what parts were used, when the repairs or modifications were made, the cost of such repairs or modifications, and how long it took to make such repairs or modifications. In connection with this interrogatory, please identify any and all documents related to any repairs made to the subject tractor following the subject incident.

36.

Was the subject trailer or "box" repaired or modified in any way following the subject collision? Please state "Yes" or "No." If "Yes," please state who made the repairs or modifications, what repairs or modifications were made including what parts were used, when the repairs or modifications were made, the cost of such repairs or modifications, and how long it took to make such repairs or modifications. In connection with this interrogatory, please identify any and all documents related to any repairs made to the subject trailer following the subject incident.

37.

Please provide the names of the parties involved, the location, the date, and a detailed description of the incident for each collision over the past five (5) years in the state of Georgia in which it was alleged by any entity that a P & E DELIVERY, LLC driver, owner – operator

16

driving for P & E DELIVERY, LLC, or independent contractor driving for P & E DELIVERY, LLC was at fault, had violated Rules of the Road, or had violated any Federal Motor Carrier Safety Regulation, and as a result an injury or death occurred.

38.

Please identify all records, including but not limited to contracts of service, billing statements, invoices, and itemized statements for any cell phone, car phone, pager, QUALCOMM system or other radio communication device which Defendant GARFIAS owned, had access to, or used on March 26, 2021. This interrogatory seeks the name, address, and billing information for any contracts of service related to the communication media described in this interrogatory.

39.

Other than the speedometer, tachometer, fuel gauge or other similar instruments that are visible on the dashboard, was the subject vehicle equipped with an Enhanced Data Recorder ("EDR"), "black box," "gray box," Global Positioning Satellite System (GPS System) or any other device(s), by whatever name known, which records any data about performance or location of the subject vehicle, including its speed over given times or its location at given times? Please state "Yes" or "No." If your answer is in any way in the affirmative, please identify where in the vehicle any such device(s) are located within the vehicle; what information or data is recorded by any such device(s); the identity of the manufacturer or supplier of such device(s); the name and a description of the computer program or other methodology used to decode, interpret, or otherwise make understandable the data or information compiled by such device(s); and the identity of the natural person(s) who are capable of interpreting the data from such device(s).

17

40.

At the time of the subject occurrence, was the subject tractor or was Defendant GARFIAS personally, equipped with any devices, of any kind and by whatever name known, which are intended to prevent or reduce driver inattention, combat driver fatigue, or otherwise improve in anyway the safety of driver performance?  Please state "Yes" or "No."  If your answer is in any way in the affirmative, for each such device, please identify its name, describe what it is and how it functions, identify where in the vehicle it is located, the identity of the manufacturer or supplier of such device(s), and the identity of the natural person(s) at P & E DELIVERY, LLC who was at the time of the incident most knowledgeable about it.

41.

At the time of the subject incident, was any other tractor (aside from the subject tractor) owned or operated by P & E DELIVERY, LLC equipped with any devices, of any kind and by whatever name known, which are intended to prevent or reduce driver inattention, combat driver fatigue, or otherwise improve in anyway the safety of driver performance?  Please state "Yes" or "No."  If your answer is in any way in the affirmative, for each such device, please identify its name, describe what it is and how it functions, identify where in the vehicle it is located, the identity of the manufacturer or supplier of such device(s), and the identity of the natural person(s) at P & E DELIVERY, LLC who was at the time of the incident most knowledgeable about it.

42.

Please state whether P & E DELIVERY, LLC's tractors and/or trailers, including in particular the subject tractor and trailer, are (were) equipped with a sticker or sign bearing a 1-800 number or any other phone number or address that is (was) visible to other drivers on the

highway and which could be used for reporting safety concerns or other reports concerning the method or manner in which P & E DELIVERY, LLC drivers operated the vehicle while working at Defendant P & E DELIVERY, LLC. If your answer is in any way in the affirmative, please identify where on the vehicle such statement was located; the exact language of the statement, including the number or address provided for reports; how all such reports are recorded and what is done with them; and any such reports regarding trucks Defendant GARFIAS has driven. If the reports are not handled internally, please identify the name, address, and phone number of the service responsible for handling reports; how long this particular reporting service has been used; the name, address, and phone number of this service; and the dates this service was used to track these types of reports.

43.

Please state whether, at the time of the subject collision, your agent and/or employee GARFIAS was in possession of more than one driver's log. If so, please state your explanation for any discrepancy in those logs, the present location of the various logs that were in GARFIAS's possession at the time of the subject collision, and whether those logs were created in conformity with P & E DELIVERY, LLC's own internal policies and procedures, state or federal law, industry standard, or any other statute, ordinance, or regulation. If they any logs in possession of GARFIAS at the time of the subject collision, were not created in conformity with P & E DELIVERY, LLC's own internal policies and procedures, state or federal law, industry standard, or any other statute, ordinance, or regulation, please explain how so.

44.

Please state whether Defendant GARFIAS continues to operate tractor trailers on behalf of P & E DELIVERY, LLC.

19

45.

Please identify all persons who are supplying information to respond to these Interrogatories and to Plaintiff's Requests for Production of Documents.

Respectfully submitted, this 26th day of January, 2023.

SENIORCOUNSEL, LLC

/s/ Meredith Parrish
Meredith Parrish, Esq.
Georgia Bar No. 860703
*Attorney for Plaintiff*

3330 Cumberland Boulevard, Suite 500
Atlanta, Georgia 30339
T        (404) 590-0115
F        (404) 581-5278
mparrish@seniorcounsel.legal

STATE COURT OF
DEKALB COUNTY, GA.
1/26/2023 4:11 PM
E-FILED
BY: Monica Gay

## IN THE STATE COURT OF DEKALB COUNTY

## STATE OF GEORGIA

ERNEST GRANT,                                        :
                                                     :
     Plaintiff,                                   : CIVIL ACTION NUMBER 23A00395
                                                     :
v.                                                   :
                                                     :
ALFONSO GARFIAS,                                     :
P & E DELIVERY, LLC, and GREAT                       :
WEST CASUALTY COMPANY,                               :
                                                     :
     Defendants.                                  :

## PLAINTIFF'S FIRST CONTINUING INTERROGATORIES TO DEFENDANT GREAT WEST CASUALTY COMPANY

To:    Great West Casualty Company

      Pursuant to O.C.G.A. § 9-11-33, Plaintiff hereby requests that Defendant GREAT WEST CASUALTY COMPANY respond, under oath, to the following Interrogatories within forty-five (45) days of the date of service in conformity to the Georgia Civil Practice Act. Plaintiff requests that Defendant read and abide by the preliminary notes and instructions set forth below.

### PRELIMINARY NOTES AND INSTRUCTIONS

    1. General Notes

      Each interrogatory is addressed to the personal knowledge of the Defendant, as well as to the knowledge and information of Defendant's attorneys, investigators, agents, employees, and other representatives. When a question is directed to Defendant, the question is also directed to each of the aforementioned persons.

STATE COURT OF
DEKALB COUNTY, GA.
1/26/2023 4:11 PM
E-FILED
BY: Monica Gay

These interrogatories shall be deemed continuing so as to require supplemental answers if the persons or entities to whom they are addressed obtain further responsive information.

Plaintiff requests that Defendant take the time to accumulate all information which is called for by these interrogatories and to provide all such information in its initial written discovery responses. If the time provided by law to respond to this written discovery does not provide you an adequate opportunity to do so, Plaintiff will consider an extension of the time, provided the extension requested is not excessive and will be used to provide for some substantive response and not merely a tool for delay.

Plaintiff requests that Defendant respond to and supplement these and all future interrogatories with direct and concise responses and answers that can be read to a jury. Plaintiff requests, therefore, that you not answer interrogatories in this case by cross-referencing answers and responses given in other paragraphs of this same discovery, but rather answer with a full, clear textual response to each question.

Plaintiff requests that each Defendant respond to these interrogatories individually, separately and completely, and supplement any responses to these interrogatories individually, separately, and completely. In supplementing, Plaintiff requests that you do not send letters to counsel identifying additional documents or information, but that you instead provide discovery responses in the form of a pleading served on all parties.

2. Claims of Privilege or Work Product

Defendant is hereby instructed not to make "general objections" based on privilege or work product claims, as such general objections do not specify what facts or documents exist that are subject to such claims, do not identify in any way the facts or documents to which privilege or work product is claimed, and do not provide anything to the Court for decision. If a particular

interrogatory seeks information which encompasses facts or documents which you contend to be properly withheld from Plaintiff pursuant to some claim of privilege or work product, then you are instructed to state that contention specifically. In the event any information is not provided pursuant to such contentions, Plaintiff requests that Defendant identify specifically the bases for the objection and provide sufficient information so that the Court may render decision as to the contentions of privilege. Failure to comply with these instructions will be deemed by Plaintiff to be a failure to answer or respond under O.C.G.A. § 9-11-37(d), inasmuch as the object of such failure could only be to delay, protract, and obstruct these proceedings.

### 3. Claims To Confidentiality/Proprietary Information

If Defendant believes that information responsive to any interrogatory is somehow confidential because it reflects trade secrets or allegedly proprietary business information, such belief in and of itself provides no basis for the blanket withholding of production of such information in a timely manner. If Defendant intends to withhold information on the basis of such claims to confidentiality, it should contact Plaintiff *before* responding to these interrogatories and attempt to resolve the issue by entry into a limited and appropriate sharing protective order applicable only to information for which supported claims to confidentiality have been made. Failure to do so, or the interposing of such objections for the purposes of delay, will be deemed by Plaintiff to be a waiver of such claims.

### 4. Subsequent Discovery of Information

If in response to any of Plaintiff's interrogatories Defendant fails to disclose any fact and then Defendant subsequently discloses such fact at a later date by supplemental response, please provide full information about how the existence of this additional fact was "discovered" by Defendant, by whom such additional fact was "discovered," when such additional fact was

"discovered," who made the decision to disclose such additional fact to Plaintiff, when that decision was made, and in detail, why such additional fact was not disclosed to Plaintiff in Defendant's initial responses to these Interrogatories.

## DEFINITIONS

As used herein, the terms listed below are defined as follows:

1. "**Document**" means every writing, printing, record, graphic, photographic or sound reproduction of every type and description that has been in your possession, control or custody or of which you have knowledge, including but not limited to, correspondence, reports, meeting minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders, invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, e-mails, e-mail attachments, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, disks or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, pictures, and voice recordings. Plaintiff expressly intends for the term "Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference.

2. "**Person**" means any natural person, corporation, partnership, proprietorship, association, organization, group of persons, or any governmental body or subdivision thereof.

3. (a)    "**Identify**" with respect to any "**person**" or any reference to stating the "**identity**" of any "**person**" means to provide the name, home address, telephone number,

4

business name, business address, and business telephone number of such person, and a description of each such person's connection with the events in question.

(b) "**Identify**" with respect to any "**document**" or any reference to stating the "**identification**" of any "**document**" means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation of the document or on whose behalf it was prepared, the name and address of the recipient or recipients of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

4. "**You**" or "**your**" or "**Defendant**" refers to Defendant GREAT WEST CASUALTY COMPANY, and all of your operating divisions, subsidiaries and affiliates, both domestic and foreign, as well as Defendant's attorneys, insurers, representatives, or agents.

5. "**ALFONSO GARFIAS**" or "**GARFIAS**" refers to Defendant ALFONSO GARGIAS.

6. "**P & E DELIVERY, LLC**" or "**P & E DELIVERY**" refers to Defendant P & E DELIVERY, LLC and all of its operating divisions, subsidiaries and affiliates, both domestic and foreign.

7. "**Subject incident**" or "**subject occurrence**" or "**subject collision**" means the incident of March 26, 2021 occurring on Interstate 285 Southbound in DeKalb County, Georgia, which makes the basis of this lawsuit.

## INTERROGATORIES

1.

Do you contend that you have been improperly named in the sense that the incorrect corporate entity has not been properly styled in the caption of this matter and/or that an improper or incorrect agent for service was utilized to effectuate service upon you?  If your answer to either of these inquiries is "yes," please provide a detailed explanation as to why you contend you have been improperly named or the agent used for service was improper and provide the complete name of the entity you contend should have named and/or served.

2.

Do you contend that there are any factual or legal bases upon which this matter should be dismissed as a matter of law?   If so, please identify any such contentions and describe and state with specificity all factual and legal bases supporting any such contention(s).

3.

Do you contend that Plaintiff committed any negligent act or omission that played any part in causing the subject incident or the injuries or damages complained of by Plaintiff?  Please state "Yes" or "No."  If your answer is in the affirmative in any way, please state and describe specifically each any negligent act or omission by Plaintiff that you claim supports your contention.

4.

Do you contend that anyone, not a party in this action, caused or contributed to cause the injuries to Plaintiff?   Please state "Yes" or "No."    If your answer is in any way in the affirmative, please state the name, present or last known residence or business address, and business and home telephone numbers of said person or entity you contend contributed to or

6

caused the injuries to Plaintiff, specify what acts or omissions of each such person you contend caused or contributed to cause the injuries to Plaintiff and state the factual and legal basis of each such contention.

5.

Do you contend there were any manufacturing, design, or other defects or malfunctions in the equipment that Plaintiff was using at the time of the subject incident that in any way affected its safety or performance or contributed to the subject incident?  Please state "Yes" or "No."  If your answer is in any way in the affirmative, describe with specificity the nature of each such defect or malfunction you contend affected the safety or performance of the equipment and how it may have affected the safety or performance or contributed to the subject incident.

6.

Do you contend there were any manufacturing, design, or other defects or malfunctions in the subject tractor or the subject trailer or the "box" on the trailer at the time of the subject incident that in any way affected its safety or performance or contributed to the subject incident? Please state "Yes" or "No."  If your answer is in any way in the affirmative, describe with specificity the nature of each such defect or malfunction you contend affected the safety or performance of the tractor or the trailer and how it may have affected the safety or performance or contributed to the subject incident.

7.

Please state the names and addresses of all persons employed or working for GREAT WEST CASUALTY COMPANY who have investigated the subject collision or discussed the subject collision with Defendant P & E DELIVERY, LLC, or Defendant GARFIAS, the driver of the tractor involved in this collision.

8.

If Defendant P & E DELIVERY, LLC, Defendant GARFIAS and/or the tractor and trailer he was operating at the time of the subject collision are covered by any liability insurance issued by you, including excess or umbrella coverage or coverage by any other description, which does or may afford insurance coverage for the claims made in this lawsuit, please state the name of each insurance company issuing policy, whether any filings of insurance information or policies have been made by either GREAT WEST CASUALTY COMPANY or P & E DELIVERY, LLC with any Georgia or Federal government agency, office, or department with regard to P & E DELIVERY, LLC's status as a motor common carrier, the applicable liability limits concerning each policy, the named insured(s) under each policy, all applicable policy numbers, and whether the defense of this action has been undertaken subject to any reservation of rights by you.

9.

State whether or not this defendant admits that Defendant GARFIAS was negligent and was a proximate cause of the subject collision.  If your answer is in the negative in anyway, please explain the basis for contesting negligence.

10.

Please identify every person whom you believe does have, or may have, any information of any kind about the collision complained of in this case or any other information pertaining to any issue of liability in this case, including with each such person's identity a brief description of the nature of such person's knowledge (for example:  eyewitness, investigating police officer, medical personnel, etc.).

8

11.

Please identify all persons (whether medical providers, lay persons, or anyone else) who you believe does have, or may have, any relevant information relative to Plaintiff's health condition prior to or subsequent to the collision in this case, information relative to the Plaintiff's physical and mental suffering as a result of this collision, or any information relative to any issue of damages in this litigation.   Please include with each such person's identity a brief description of the nature of such person's knowledge.

12.

Please state whether any of the persons identified in response to Interrogatories Nos. 10 or 11 have given any statement(s) or account(s) to you, either orally, in writing, or recorded in any way, of his or her knowledge of any information relevant in this lawsuit.  If so, identify any witness(es) giving such statement(s), provide an explanation of the type statement(s) given (oral, written, recorded, etc.), and identify the person who took the statement and the present custodian of such statement(s).

13.

Please identify any and all investigators, mechanics, adjusters, claims representatives, or experts who have investigated this collision, examined any of the vehicles or equipment involved, or who has in any way investigated the claims made in this lawsuit on behalf of this defendant, its attorneys, or its insurers, and specify for each such person a summary of what they investigated.

14.

Please state whether or not this defendant, its attorneys, investigators, or other representatives know of any photographs, still or motion pictures, plans, drawings, blueprints,

sketches, diagrams, computer simulations, or any other type demonstrative evidence concerning the subject occurrence, the site of the subject occurrence, the vehicles involved, the Plaintiff or which in any way illustrate any facts related to the occurrence. As to each item, please state the nature of such item, how many of such items exist (for example, fifteen photographs), the name, address, and employer of the person making or supplying such item, and the identity of the person who presently possesses such item.

15.

Do you contest that at the time and place of the subject occurrence, Defendant GARFIAS was an employee or agent of P & E DELIVERY, LLC acting within the course and scope of his employment or agency for P & E DELIVERY, LLC? Please state "Yes" or "No." If your answer to this interrogatory is in any way in the affirmative, please state all facts that you contend support such response.

16.

Was any accident/incident report made by GREAT WEST CASUALTY COMPANY or any of its employees, representatives or agents that describes or relates in any way to the subject occurrence? Please state "Yes" or "No." If your answer is in any way in the affirmative, for each such report, please identify the author, state the date it was written, identify all individuals who were copied with or received it, and identify the present place where it is located.

17.

Please identify each person employed by this defendant or acting on your behalf (agents, insurers, attorneys, or other representatives) who attempted to contact or actually contacted Plaintiff or Plaintiff's family from the time of the occurrence up to and including the date of trial. If no attempt to contact Plaintiff has been made, please state that fact affirmatively. For each

contact or attempted contact, however, please provide the date, time of day, person contacted, the reason for the contact, the topics discussed, the person who made the decision to contact or attempt to contact, and the duration of the contact, as well as whether or not anything was recorded with or without the knowledge of the person contacted.

18.

Please identify any person that this defendant expects to call as an expert witness, whether live, by affidavit, or by deposition, in connection with any trial, hearing, or motion, as well as any other evidentiary hearing in this action, and, separately for each expert, please identify the subject matter of which the person is expected to testify, the substance of the facts and opinions as to which the person is expected to testify, a summary of the grounds for such opinions, and the identity of all documents and professional references upon which such person may base his or her testimony and opinions.

19.

Please provide the names of the parties involved, the location, the date, and a detailed description of the incident for each collision over the past five (5) years in the state of Georgia in which it was alleged by any entity that a P & E DELIVERY, LLC driver or owner – operator, or independent contractor was at fault, had violated Rules of the Road, or had violated any Federal Motor Carrier Safety Regulation, and as a result an injury or death occurred.

20.

Please identify all persons who are supplying information to respond to these Interrogatories and to Plaintiff's Requests for Production of Documents.

**(SIGNATURE ON NEXT PAGE)**

Respectfully submitted, this 26th day of January, 2023.

SENIORCOUNSEL, LLC

/s/ Meredith Parrish
Meredith Parrish, Esq.
Georgia Bar No. 860703
*Attorney for Plaintiff*

3330 Cumberland Boulevard, Suite 500
Atlanta, Georgia 30339
T     (404) 590-0115
F     (404) 581-5278
mparrish@seniorcounsel.legal

STATE COURT OF
DEKALB COUNTY, GA.
1/26/2023 4:11 PM
E-FILED
BY: Monica Gay

12

## IN THE STATE COURT OF DEKALB COUNTY

## STATE OF GEORGIA

ERNEST GRANT,                                       :
                                                    :
    Plaintiff,                   : CIVIL ACTION NUMBER 23A00395
                                                    :
v.                                                  :
                                                    :
ALFONSO GARFIAS,                                    :
P & E DELIVERY, LLC, and GREAT                      :
WEST CASUALTY COMPANY,                              :
                                                    :
    Defendants.                  :

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT GARFIAS

To:   ALPHONSO GARFIAS

Pursuant to O.C.G.A. § 9-11-34, Plaintiff hereby requests that Defendant GARFIAS, respond, under oath, to the following Request for Production within forty-five (45) days of the date of service in conformity to the Georgia Civil Practice Act. Plaintiff requests that Defendant read and abide by the preliminary notes and instructions set forth below.

### PRELIMINARY NOTES AND INSTRUCTIONS

1. General Notes

Plaintiff requests that Defendant produce and/or make available for inspection and copying true, accurate and complete copies of the documents and things described below that are in the possession, custody, and control of Defendant, its employees or subordinates, agents, investigators and/or attorneys. Documents produced in response to these requests should be sent by First Class U.S. Mail or by Federal Express to the law offices of SENIORCOUNSEL, LLC, 3330 Cumberland Boulevard, Suite 500, Atlanta, Georgia 30339 no later than forty-five (45)

days from the date of service of these requests. This Request for the Production of Documents shall be deemed continuing so as to require supplemental answers if the persons or entities to whom this Request for the Production of Documents is addressed obtain further responsive documents or information.

Plaintiff requests that Defendant take the time to accumulate all information which is called for by this discovery request, whether it be facts or documents, and to provide all such information in its initial written discovery responses. If the time provided by law to respond to this written discovery does not provide you an adequate opportunity to do so, Plaintiff will consider an extension of the time, provided the extension requested is not excessive and will be used to provide for some substantive response and not merely a tool for delay.

Plaintiff requests that each Defendant respond to these Requests for the Production of Documents individually, separately and completely, and supplement any responses to these Requests for the Production of Documents individually, separately, and completely.    In supplementing, Plaintiff requests that you do not send letters to counsel identifying additional documents or information, but that you instead provide discovery responses in the form of a pleading served on all parties.

2. Claims of Privilege or Work Product

Defendant is hereby instructed not to make "general objections" based on privilege or work product claims, as such general objections do not specify what facts or documents exist that are subject to such claims, do not identify in any way the facts or documents to which privilege or work product is claimed, and do not provide anything to the Court for decision. If a particular document requested in this Request for the Production of Documents in fact encompasses facts or documents which you contend to be properly withheld from Plaintiff pursuant to some claim

of privilege or work product, then you are instructed to state that contention specifically. In the event any documents are withheld from production pursuant to such contentions, Plaintiff requests that Defendant prepare a privilege log identifying the specific documents withheld by date, author, recipients, type of privilege claimed and general subject matter, along with any other evidence which you contend supports your claims, so that Plaintiff can identify specific documents to be submitted *in camera* for review and ultimate decision by the Court as to the contentions of privilege. Failure to comply with these instructions will be deemed by Plaintiff to be a failure to answer or respond under O.C.G.A. § 9-11-37(d), inasmuch as the object of such failure could only be to delay, protract, and obstruct these proceedings.

### 3.   Claims To Confidentiality/Proprietary Information

If Defendant believes that documents responsive to this Request for the Production of Documents are somehow confidential because they contain trade secrets or allegedly proprietary business information, such belief in and of itself provides no basis for the blanket withholding of production of such information in a timely manner. If Defendant intends to withhold the production of any documents on the basis of such claims to confidentiality, it should contact Plaintiff *before* responding to these requests and attempt to resolve the issue by entry into a limited and appropriate sharing protective order applicable only to documents to which supported claims to confidentiality are made. Failure to do so, or the interposing of such objections for the purposes of delay, will be deemed by Plaintiff to be a waiver of such claims.

### 4.   Subsequent Discovery of Information

If in response to any of Plaintiff's document requests in this Request for the Production of Documents, Defendant fails to disclose any fact and then Defendant subsequently discloses such fact at a later date by supplemental response, please provide full information about how the

existence of this additional fact was "discovered" by Defendant, by whom such additional fact was "discovered," when such additional fact was "discovered," who made the decision to disclose such additional fact to Plaintiff, when that decision was made, and in detail, why such additional fact was not disclosed to Plaintiff in Defendant's initial responses to this Request for the Production of Documents.

## DEFINITIONS

As used herein, the terms listed below are defined as follows:

1.     "**Document**" means every writing, printing, record, graphic, photographic or sound reproduction of every type and description that has been in your possession, control or custody or of which you have knowledge, including but not limited to, correspondence, reports, meeting minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders, invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, e-mails, e-mail attachments, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, disks or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, pictures, and voice recordings.  Plaintiff expressly intends for the term "Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference.

2.     "**Person**" means any natural person, corporation, partnership, proprietorship, association, organization, group of persons, or any governmental body or subdivision thereof.

-4-

3.      (a)      "**Identify**" with respect to any "**person**" or any reference to stating the "**identity**" of any "**person**" means to provide the name, home address, telephone number, business name, business address, and business telephone number of such person, and a description of each such person's connection with the events in question.

(b)      "**Identify**" with respect to any "**document**" or any reference to stating the "**identification**" of any "**document**" means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation of the document or on whose behalf it was prepared, the name and address of the recipient or recipients of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

4.      "**You**" or "**your**" or "**Defendant**" refers to Defendant ALFONSO GARFIAS, as well as Defendant's attorneys, insurers, representatives, or agents.

5.      "**ALFONSO GARFIAS**" or "**GARFIAS**" refers to Defendant ALFONSO GARFIAS.

6.      "**P & E DELIVERY, LLC**" or "**P & E DELIVERY**" refers to Defendant P & E DELIVERY, LLC and all of its operating divisions, subsidiaries and affiliates, both domestic and foreign.

7.      "**GREAT WEST CASUALTY COMPANY**" or "**GREAT WEST**" refers to Defendant GREAT WEST CASUALTY COMPANY and all of its operating divisions, subsidiaries and affiliates, both domestic and foreign.

8.    "**Subject incident**" or "**subject occurrence**" or "**subject collision**" means the incident of March 26, 2021 occurring on Interstate 285 Southbound in DeKalb County, Georgia, which makes the basis of this lawsuit.

## REQUESTS TO PRODUCE

1.

Please produce true, accurate and complete copies of all witness statements obtained from any person, about any information relevant to any issue in this lawsuit, or the subject collision, including but not limited to the issues of liability or damages.

2.

Please produce true, accurate and complete copies of any photographs (prints -- not Xerox copies), still or motion pictures, videos, plans, drawings, blue prints, sketches, diagrams, computer simulations, or any other photographic or demonstrative evidence concerning the subject collision, the vehicles involved in the subject collision, the Plaintiff or any of the issues in this lawsuit, to include but not be limited to the issues of liability and damages.

3.

Please produce a true, accurate and complete copy of any incident report (by whatever name known) prepared by you, on your behalf, or by or on behalf of Defendants P & E DELIVERY, LLC, or GREAT WEST CASUALTY COMPANY concerning the subject collision or any claim or potential claim arising out of said collision.

4.

Please produce a true, accurate and complete copy of all policies of insurance (to include the Declarations pages) that do or may afford liability insurance coverage to this defendant with respect to Plaintiff's claims against this Defendant.  This Request includes primary insurance

coverage, excess insurance coverage, umbrella insurance coverage, personal insurance coverage, business insurance coverage, or any other type of liability insurance coverage.

5.

Please produce a true, accurate and complete copy of your paycheck, paycheck stub, time card, or any documentation of time worked for the time period during which this collision occurred. This request includes copies of any materials that reflect any expense (such as mileage, gas, etc.) that was reimbursed or was requested to be reimbursed.

6.

Please produce a true, accurate and complete copy of any and all driver's licenses in your possession at the time of the collision in question and at present.

7.

Please produce a true, accurate and complete copy of your driving history for the past ten (10) years.

8.

Please produce a true, accurate and complete copy of your driver's logs for the fourteen days prior to the subject collision, the log for date of said collision, and the logs for the seven days subsequent to said collision. Include any and all false logs along with true ones.

9.

Please produce a true, accurate and complete copy of any and all instruction manuals, rules, regulations, or any driver/employee handbook (by whatever name known) applicable to you as an employee or agent of P & E DELIVERY, LLC or given to you by P & E DELIVERY, LLC.

- 7 -

10.

Please produce a true, accurate and complete copy of your driver qualification file and your personnel file with Defendant P & E DELIVERY, LLC.

11.

Please produce a true, accurate and complete copy of any contract(s) or agreement(s) of any kind between you and P & E DELIVERY, LLC, including but not limited to any employment contract(s) or trip-lease agreement(s) that would have been applicable at the time of the subject collision or applicable to the particular trip being taken at the time of the subject incident.

12.

Please produce a true, accurate and complete copy of all claims forms, accident reports, incident reports, or other documentation by any other name evidencing any other collisions, wrecks, incidents, or moving violations in which you have been involved as a driver in the last ten (10) years, regardless of where such event occurred.

13.

Please produce true, accurate and complete copies of any and all trip sheets, bills of lading, shipping documents, or any and all other documents of any kind or by any other name which reflect information concerning the trip made by you or about to be made by you at the time the subject collision occurred, to include documents relevant to said trip from the time the trip originated until the time the trip was to end.

14.

Please produce a true, accurate and complete copy of any documentation of any kind received from Defendant P & E DELIVERY, GREAT WEST CASUALTY COMPANY, or any

other person, corporation, or insurer relative to your performance as a driver, to include any criticisms, reprimands, infractions, discharges, firings, or other commentary concerning your work as a professional driver during the time you were employed by or drove for P & E DELIVERY.

15.

Please produce a true, accurate and complete copy of any oral or written statement given by you and given to the police, your employer, any insurer, or any other person concerning the subject collision.

16.

Please produce true, accurate and complete copies of any and all evidence in your possession to include documents, photographs (prints -- not Xerox copies), sound or video recordings, or any documentation by any other name, that concerns Plaintiff's physical or medical condition, injuries, or any damages that have not been supplied to you by Plaintiff's counsel (i.e., in the event you received or do receive any documents related to Plaintiff, or to his physical or mental condition from any third party, the request seeks production of all such documents to Plaintiff).

17.

For the period of October 1, 2020 to March 26, 2021, please produce true, accurate and complete copies of billing statements, invoices, contracts for service, and itemized statements or other documents detailing or reflecting service for any car phone, cell phone, pager, QUALCOMM device, or other mobile communication medium available to Defendant on March 26, 2021.

18.

Please produce true, accurate and complete copies of any documents relating in any way to any plea of guilty, plea of nolo contendere, or conviction of any crime other than traffic violations, including any instances of driving under the influence of drugs or alcohol ("DUIs").

19.

Please produce documents received by you in response to request to produce to third parties.

Respectfully submitted, this 26th day of January, 2023.

SENIORCOUNSEL, LLC

/s/ Meredith Parrish
Meredith Parrish, Esq.
Georgia Bar No. 860703
*Attorney for Plaintiff*

3330 Cumberland Boulevard, Suite 500
Atlanta, Georgia 30339
T        (404) 590-0115
F        (404) 581-5278
mparrish@seniorcounsel.legal

STATE COURT OF
DEKALB COUNTY, GA.
1/26/2023 4:11 PM
E-FILED
BY: Monica Gay

**IN THE STATE COURT OF DEKALB COUNTY**

**STATE OF GEORGIA**

ERNEST GRANT,                            :
                                         :
      Plaintiff,                    :    CIVIL ACTION NUMBER 23A00395
                                         :
v.                                       :
                                         :
ALFONSO GARFIAS,                         :
P & E DELIVERY, LLC, and GREAT           :
WEST CASUALTY COMPANY,                   :
                                         :
      Defendants.                   :

---

## PLAINTFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT P & E DELIVERY, LLC

To:   P & E DELIVERY, LLC

Pursuant to O.C.G.A. § 9-11-34, Plaintiff hereby requests that Defendant P & E DELIVERY, LLC produce the following documents and/or tangible things within forty-five (45) days of the date of service in conformity to the Georgia Civil Practice Act. Plaintiff requests that Defendant read and abide by the preliminary notes and instructions set forth below.

### PRELIMINARY NOTES AND INSTRUCTIONS

1. General Notes

Plaintiff requests that Defendant produce and/or make available for inspection and copying true, accurate and complete copies of the documents and things described below that are in the possession, custody, and control of Defendant, its employees or subordinates, agents, investigators and/or attorneys. Documents produced in response to these requests should be sent by First Class U.S. Mail or by Federal Express to the law offices of SENIOR COUNSEL, LLC, 3330 Cumberland Boulevard, Suite 500, Atlanta, Georgia 30339, no later than forty-five (45)

days from the date of service of these requests.  This Request for the Production of Documents shall be deemed continuing so as to require supplemental answers if the persons or entities to whom this Request for the Production of Documents is addressed obtain further responsive documents or information.

Plaintiff requests that Defendant take the time to accumulate all information which is called for by this discovery request, whether it be facts or documents, and to provide all such information in its initial written discovery responses.  If the time provided by law to respond to this written discovery does not provide you an adequate opportunity to do so, Plaintiff will consider an extension of the time, provided the extension requested is not excessive and will be used to provide for some substantive response and not merely a tool for delay.

Plaintiff requests that each Defendant respond to these Requests for the Production of Documents individually, separately and completely, and supplement any responses to these Requests for the Production of Documents individually, separately, and completely.   In supplementing, Plaintiff requests that you do not send letters to counsel identifying additional documents or information, but that you instead provide discovery responses in the form of a pleading served on all parties.

2. Claims of Privilege or Work Product

Defendant is hereby instructed not to make "general objections" based on privilege or work product claims, as such general objections do not specify what facts or documents exist that are subject to such claims, do not identify in any way the facts or documents to which privilege or work product is claimed, and do not provide anything to the Court for decision.  If a particular document requested in this Request for the Production of Documents in fact encompasses facts or documents which you contend to be properly withheld from Plaintiff pursuant to some claim

of privilege or work product, then you are instructed to state that contention specifically. In the event any documents are withheld from production pursuant to such contentions, Plaintiff requests that Defendant prepare a privilege log identifying the specific documents withheld by date, author, recipients, type of privilege claimed and general subject matter, along with any other evidence which you contend supports your claims, so that Plaintiff can identify specific documents to be submitted *in camera* for review and ultimate decision by the Court as to the contentions of privilege. Failure to comply with these instructions will be deemed by Plaintiff to be a failure to answer or respond under O.C.G.A. § 9-11-37(d), inasmuch as the object of such failure could only be to delay, protract, and obstruct these proceedings.

3. Claims To Confidentiality/Proprietary Information

If Defendant believes that documents responsive to this Request for the Production of Documents are somehow confidential because they contain trade secrets or allegedly proprietary business information, such belief in and of itself provides no basis for the blanket withholding of production of such information in a timely manner. If Defendant intends to withhold the production of any documents on the basis of such claims to confidentiality, it should contact Plaintiff *before* responding to these requests and attempt to resolve the issue by entry into a limited and appropriate sharing protective order applicable only to documents to which supported claims to confidentiality are made. Failure to do so, or the interposing of such objections for the purposes of delay, will be deemed by Plaintiff to be a waiver of such claims.

4. Subsequent Discovery of Information

If in response to any of Plaintiff's document requests in this Request for the Production of Documents, Defendant fails to disclose any fact and then Defendant subsequently discloses such fact at a later date by supplemental response, please provide full information about how the

existence of this additional fact was "discovered" by Defendant, by whom such additional fact was "discovered," when such additional fact was "discovered," who made the decision to disclose such additional fact to Plaintiff, when that decision was made, and in detail, why such additional fact was not disclosed to Plaintiff in Defendant's initial responses to this Request for the Production of Documents.

## DEFINITIONS

For the purposes of these requests, the following terms should be interpreted as follows:

1.    "**Document**" means every writing, printing, record, graphic, photographic or sound reproduction of every type and description--be it tangible in the form of paper or intangible in the form of electronic communications--that is in your possession, control, custody and knowledge which refers to or was prepared before, during, and after the incident or search defined below, including but not limited to, correspondence, memoranda of agreements, assignments, meeting minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders, invoices, statements, bills, checks (or check stubs or records), vouchers, purchase orders, reports, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, floppy or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, pictures, voice recordings, electronic mail (E-mail); every copy of such writing or record when such copy contains any commentary or notation whatsoever that does not appear on the original.  Plaintiff expressly intends for the term "document" to include any attachments or exhibits to the requested

document, or any other documents referred to in the requested document or incorporated by reference.

2.      "**Person**" means any natural person, corporation, partnership, proprietorship, association, organization, group of persons, or any governmental body or subdivision thereof.

3.      "**You**" or "**your**" or "**Defendant**" refers to Defendant P & E DELIVERY, LLC, and all of its operating divisions, subsidiaries and affiliates, both domestic and foreign, as well as Defendant's attorneys, insurers, representatives, or agents.

5.      "**ALFONSO GARFIAS**" or "**GARFIAS**" refers to Defendant ALFONSO GARFIAS.

6.      "**P & E DELIVERY, LLC**" or "**P & E DELIVERY**" refers to Defendant P & E DELIVERY, LLC and all of its operating divisions, subsidiaries and affiliates, both domestic and foreign.

7.      "**GREAT WEST CASUALTY COMPANY**" or "**GREAT WEST**" refers to Defendant GREAT WEST CASUALTY COMPANY and all of its operating divisions, subsidiaries and affiliates, both domestic and foreign.

8.      "**Subject incident**" or "**subject occurrence**" or "**subject collision**" means the incident of March 26, 2021 occurring on Interstate 285 Southbound in DeKalb County, Georgia, which makes the basis of this lawsuit.

### REQUESTS TO PRODUCE

1.

Please produce true, accurate and complete copies of any statements, whether recorded or written, obtained from any person who has any information about any issue in this lawsuit, including but not limited to the subject collision, liability, or damages.

2.

Please produce true, accurate, and complete copies of any photographs (prints -- not Xerox copies), still or motion pictures, videos, plans, drawings, blue prints, sketches, diagrams, computer simulations, or any other photographic or demonstrative evidence concerning the subject collision, the vehicles involved in the subject collision, or concerning any of the issues in this lawsuit, to include but not be limited to the issues of liability and damages.

3.

Please produce true, accurate and complete copies of any incident reports prepared by any agent, employee, or officer on behalf of this defendant concerning the subject collision and any claim or potential claim arising out of said collision.

4.

Please produce true, accurate, and complete copies of the entirety of all policies of insurance (to include the Declarations pages) that do or may afford liability insurance coverage to this defendant with respect to Plaintiff's claims against this defendant. This Request expressly includes primary insurance coverage, excess insurance coverage, umbrella insurance coverage, personal insurance coverage, business insurance coverage, or any other type of liability insurance coverage.

5.

Please produce true, accurate and complete copies of any relevant documents or forms certifying insurance policies you hold pursuant to your status as a motor common carrier under relevant Georgia and federal law, including in particular all forms, applications, or other documents submitted to the Georgia Public Service Commission or Interstate Commerce

Commission regarding insurance, waiver of bond, or registration to operate a commercial vehicle in the State of Georgia.

6.

Please produce a true, accurate and complete copy of any contract(s) or agreement(s) of any kind between you and GARFIAS, including but not limited to any employment contract(s) or trip-lease agreement(s) that would have been applicable at the time of the subject collision or applicable to the particular trip being taken at the time of the subject incident.

7.

Please produce true, accurate and complete copies of all reports or opinions received from any experts who have investigated any issue relevant to the subject collision relevant to this lawsuit and who are expected to testify at trial.

8.

For each expert you expect to call at trial, please produce true, accurate and complete copies of all materials relied upon by each expert in formulating their opinions or conclusions.

9.

For each expert you expect to call at trial, please produce true, accurate and complete copies of the expert's entire file, including but not limited to all billing records and time sheets.

10.

Please produce a true, accurate and complete copy of Defendant's and/or GARFIAS's logs, by whatever name called, for both the subject tractor and trailer (if trailer had been used with other tractors) for the fourteen days prior to the subject collision, the date of the collision, and the seven days subsequent to the collision. Include each and every log, including duplicate logs for the same period of time that may or may not be consistent with each other.

11.

Please produce a true, accurate and complete copy of any and all instructions, manuals, employee rules, regulations, or any driver/employee handbooks (by whatever name known) provided to P & E DELIVERY, LLC's drivers (be they employees, agents, or lessees in a trip-lease arrangement) in the last five (5) years.

12.

Please produce a true, accurate and complete copy of any memoranda, videotapes, notebooks, e-mails, e-mail attachments, bulletins, directives, or other documents sent to, posted, or otherwise made known or available to employees or agents of Defendant, in the past five years, concerning safety in the hauling of equipment, delivery of any materials hauled on Defendant vehicles, hauling and/or delivery objectives, the speed with which deliveries should be made, proper turns, proper backing, proper coupling, proper attachment of air lines, or which otherwise relate to the expectations and performance objectives of Defendant drivers.  (Note: This request includes, but is not limited to, any training or educational materials received by P & E DELIVERY, LLC from industry organizations such as the (American Trucking Industry and other such industry organizations.).

13.

Please produce true, accurate and complete copies of any and all handbooks, manuals, bulletins, e-mails, e-mail attachments, letters, directives or similar documents relating to (a) safety policies and procedures, or (b) hiring, training, or retention policies that were provided to you, or which you received from, any insurance company that provides liability coverage to you.

- 8 -

14.

Please produce a true, accurate and complete copy of the driver qualification file, any reports of physical examinations of Defendant GARFIAS, and your entire personnel file, in whatever places kept, concerning Defendant GARFIAS.

15.

Please produce a true, accurate and complete copy of any contract(s) or agreement(s) of any kind between you and GARFIAS, including but not limited to any employment contract(s) or trip-lease agreement(s) that would have been applicable at the time of the subject collision or applicable to the particular trip being taken at the time of the subject incident.

16.

Please produce true, accurate and complete copies of any and all documents of any kind or by any name known which reflect information concerning the trip being made by Defendant GARFIAS at the time of the subject collision, to include documents relevant to said trip from the time the trip originated until the time the trip was to end and specifically to include any description of the load and its weight at the time of the incident.

17.

Please produce a true, accurate and complete copy of any documentation of any kind received by this defendant from any person, corporation, or insurer relative to the performance of Defendant GARFIAS as a driver to include criticisms, reprimands, infractions, discharges, firings, or other commentary concerning Defendant GARFIAS's work or background as a driver from the time he was first retained as an agent or employee of P & E DELIVERY, LLC up to the date of the collision, as well as any information received concerning the requested subject matter subsequent to said collision.

18.

Please produce a true, accurate and complete copy of any and all maintenance records, repair records and inspection records on the tractor involved in the subject collision.   This request includes any documents, photographs, videos, or any other reports or records concerning the maintenance, repair, and inspection of the subject tractor both prior to and after the date of the collision that is the subject of Plaintiff's Complaint.

19.

Please produce a true, accurate and complete copy of any and all maintenance records, repair records and inspection records on the flatbed trailer or "box" that was attached to the tractor involved in the subject collision.   This request includes any documents, photographs, videos, or any other reports or records concerning the maintenance, repair, and inspection of the subject flatbed trailer or the "box" on it both prior to and after the date of the collision that is the subject of Plaintiff's Complaint.

20.

Please produce true, accurate and complete copies of any and all reports, forms, letters or similar documents prepared or generated in connection with any inspection of the subject tractor or the attached trailer or "box" by the Georgia Department of Public Safety, Georgia Public Service Commission, Georgia State Patrol, or any other federal, state or local agencies or authorities following the subject incident.

21.

Please produce true, accurate and complete copies of any and all evidence in your possession to include documents, photographs, sound or video recordings, or any documentation by any other name, that concerns Plaintiff's resultant damages that have not been supplied to you

by Plaintiff's counsel (i.e., in the event you received or do receive any documents related to Plaintiff, or to his physical or mental condition from any third party, the request seeks production of all such documents to Plaintiff).

22.

Please produce true, accurate and complete copies of all motor vehicle reports or reports of any kind received from any private corporation or individual, or other business entity, or any governmental entity relative to the driving history, driving record, and driving infractions of Defendant GARFIAS, which was obtained by P & E DELIVERY, LLC at any time prior to the subject incident.

23.

Please produce a true, accurate and complete copy of any reservation of rights letter or other documentation of any kind received from any insurer that purports to question, deny, or defend under a reservation of rights the insurance coverage and claim that forms the basis for Plaintiff's Complaint.

24.

Please produce a true, accurate and complete copy of any documents reflecting guidelines, requirements, standards, prerequisites or criteria used or considered by Defendant in evaluating, interviewing, or hiring drivers of its vehicles.

25.

Please produce true, accurate and complete copies of any and all medical reports, medical tests, alcohol or drug screens, or tests of any other kind by any other name performed upon Defendant GARFIAS by any medical provider or law enforcement agency either prior to, subsequent to, or as a result of the collision that forms the basis for Plaintiff's Complaint.

26.

Please produce true, accurate and complete copies of any and all citations (and the disposition of same), including warnings received by the defendant driver GARFIAS from any law enforcement officer as a result of this collision, for violation of any law, ordinance, or regulation.

27.

Please produce true, accurate and complete copies of any documents reflecting what P & E DELIVERY, LLC's budget was for the years 2019, 2020, 2021, 2022, and 2023 for (a) safety training and (b) hiring and retention efforts.

28.

Please produce true, accurate and complete copies of any claims, incident reports or police reports, or any other documents in your possession, custody, or control which relate in any way to any collisions over the past five (5) years, in which it was alleged that an agent or employee of P & DELIVERY, LLC negligently caused or contributed to any injury and/or death.

29.

For the period October 1, 2020 through March 26, 2021, please produce any and all contracts of service, billing statements, invoices, and itemized statements for any cell phone, car phone, pager, QUALCOMM system or other radio communication device, which Defendant GARFIAS owned, had access to, or used on March 26, 2021.

30.

For the period October 1, 2020 through March 26, 2021 please produce all documents or data gathered by an Enhanced Data Recorder ("EDR"), "black box," "gray box" or Global

Position Satellite System (GPS System), or any other device(s), by whatever name known, which recorded any data about the subject tractor and/or subject trailer.

31.

Please produce all records and documentation regarding motorist reports to any phone number or address affixed to a Defendant vehicle relating to safety concerns or other reports concerning the method or manner in which Defendant GARFIAS drove any vehicle while working as an agent or employee of Defendant P & E DELIVERY, LLC.

32.

Please produce all records and documentation, including photographs, of any phone number or address appearing on the side of any vehicle Defendant GARFIAS drove while working as agent or employee of Defendant. Also, please produce any records or documentation providing data gathered from reports to such phone numbers and address and any records or documentation relating to protocol, policy, and analysis of any reports made to such phone numbers and addresses, as it pertains to Defendant GARFIAS or any vehicle he was operating.

33.

Please produce true, accurate and complete copies of any documents relating to or evidencing in any way the existence, use or recommendation of any devices, of any kind and by whatever name known, which are intended to prevent or reduce driver inattention, combat driver fatigue, or otherwise improve in anyway the safety of driver performance at P & E DELIVERY, LLC.

34.

Please produce a true, accurate and complete specimen copy of any Commercial Driver's License manuals or handbooks, by whatever named called, in your possession, custody or control.

35.

Please produce true, accurate and complete copies of any and all documents relating to the vehicle specifications of the subject tractor including, but not limited to, its dimensions (height, length, weight, wheelbase, etc.), gross vehicle weight rating, weight carrying capacity, engine, braking systems, and number of axles.

36.

Please produce true, accurate and complete copies of any and all documents relating to the specifications and/or dimensions of the subject trailer and/or "box" on top of it including, but not limited to, gross vehicle weight rating, weight carrying capacity, its height, length, weight, wheelbase, braking systems, and number of axles.

37.

Please produce true, accurate and complete copies of any and all documents relating to your purchase or lease of the subject tractor.

38.

Please produce true, accurate and complete copies of any and all documents relating to your purchase or lease of the subject trailer and/or "box" on top of it at the time of the incident.

39.

Please produce true, accurate and complete copies of any and all documents relating to any inspections of, servicing of or repairs made to the subject tractor at any time during your ownership or lease of the subject tractor.

40.

Please produce true, accurate and complete copies of any and all documents relating to any inspections of, servicing of or repairs made to the subject trailer at any time during your ownership of the subject trailer.

41.

Please produce true, accurate and complete copies of any and all documents relating to any guidelines applicable to the subject tractor-trailer at the time of the subject incident as to the facts of the incident that is the subject of the Complaint, whether those guidelines are found in P & E DELIVERY'S own policies, government regulations, industry guidelines, requirements pursuant to any insurance policies held by P & E DELIVERY, or any other source.

Respectfully submitted, this 26th day of January, 2023.

SENIORCOUNSEL, LLC

/s/ Meredith Parrish
Meredith Parrish, Esq.
Georgia Bar No. 860703
*Attorney for Plaintiff*

3330 Cumberland Boulevard, Suite 500
Atlanta, Georgia 30339
T       (404) 590-0115
F       (404) 581-5278
mparrish@seniorcounsel.legal

STATE COURT OF
DEKALB COUNTY, GA.
1/26/2023 4:11 PM
E-FILED
BY: Monica Gay

## IN THE STATE COURT OF DEKALB COUNTY

## STATE OF GEORGIA

ERNEST GRANT,                          :
                                       :
    Plaintiff,       :     CIVIL ACTION NUMBER 23A00395
                                       :
v.                                     :
                                       :
ALFONSO GARFIAS,                       :
P & E DELIVERY, LLC, and GREAT         :
WEST CASUALTY COMPANY,                 :
                                       :
    Defendants.      :

## PLAINTIFF'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT GREAT WEST CASUALTY COMPANY

To:    Great West Casualty Company

Pursuant to O.C.G.A. § 9-11-34, Plaintiff hereby requests that Defendant Great West Casualty Company respond, under oath, to the following Request For Production within forty-five (45) days of the date of service in conformity to the Georgia Civil Practice Act. Plaintiff requests that Defendant read and abide by the preliminary notes and instructions set forth below.

### PRELIMINARY NOTES AND INSTRUCTIONS

1. General Notes

Plaintiff requests that Defendant produce and/or make available for inspection and copying true, accurate and complete copies of the documents and things described below that are in the possession, custody, and control of Defendant, its employees or subordinates, agents, investigators and/or attorneys. Documents produced in response to these requests should be sent by First Class U.S. Mail or by Federal Express to the law offices of SENIORCOUNSEL, LLC, 3330 Cumberland Boulevard, Suite 500, Atlanta, Georgia 30339 no later than forty-five (45)

days from the date of service of these requests.  This Request for the Production of Documents shall be deemed continuing so as to require supplemental answers if the persons or entities to whom this Request for the Production of Documents is addressed obtain further responsive documents or information.

Plaintiff requests that Defendant take the time to accumulate all information which is called for by this discovery request, whether it be facts or documents, and to provide all such information in its initial written discovery responses.  If the time provided by law to respond to this written discovery does not provide you an adequate opportunity to do so, Plaintiff will consider an extension of the time, provided the extension requested is not excessive and will be used to provide for some substantive response and not merely a tool for delay.

Plaintiff requests that each Defendant respond to these Requests for the Production of Documents individually, separately and completely, and supplement any responses to these Requests for the Production of Documents individually, separately, and completely.   In supplementing, Plaintiff requests that you do not send letters to counsel identifying additional documents or information, but that you instead provide discovery responses in the form of a pleading served on all parties.

2. Claims of Privilege or Work Product

Defendant is hereby instructed not to make "general objections" based on privilege or work product claims, as such general objections do not specify what facts or documents exist that are subject to such claims, do not identify in any way the facts or documents to which privilege or work product is claimed, and do not provide anything to the Court for decision. If a particular document requested in this Request for the Production of Documents in fact encompasses facts or documents which you contend to be properly withheld from Plaintiff pursuant to some claim

of privilege or work product, then you are instructed to state that contention specifically. In the event any documents are withheld from production pursuant to such contentions, Plaintiff requests that Defendant prepare a privilege log identifying the specific documents withheld by date, author, recipients, type of privilege claimed and general subject matter, along with any other evidence which you contend supports your claims, so that Plaintiff can identify specific documents to be submitted *in camera* for review and ultimate decision by the Court as to the contentions of privilege. Failure to comply with these instructions will be deemed by Plaintiff to be a failure to answer or respond under O.C.G.A. § 9-11-37(d), inasmuch as the object of such failure could only be to delay, protract, and obstruct these proceedings.

     3.  Claims To Confidentiality/Proprietary Information

If Defendant believes that documents responsive to this Request for the Production of Documents are somehow confidential because they contain trade secrets or allegedly proprietary business information, such belief in and of itself provides no basis for the blanket withholding of production of such information in a timely manner. If Defendant intends to withhold the production of any documents on the basis of such claims to confidentiality, it should contact Plaintiff *before* responding to these requests and attempt to resolve the issue by entry into a limited and appropriate sharing protective order applicable only to documents to which supported claims to confidentiality are made. Failure to do so, or the interposing of such objections for the purposes of delay, will be deemed by Plaintiff to be a waiver of such claims.

     4.  Subsequent Discovery of Information

If in response to any of Plaintiff's document requests in this Request for the Production of Documents, Defendant fails to disclose any fact and then Defendant subsequently discloses such fact at a later date by supplemental response, please provide full information about how the

existence of this additional fact was "discovered" by Defendant, by whom such additional fact was "discovered," when such additional fact was "discovered," who made the decision to disclose such additional fact to Plaintiff, when that decision was made, and in detail, why such additional fact was not disclosed to Plaintiff in Defendant's initial responses to this Request for the Production of Documents.

DEFINITIONS

For the purposes of these requests, the following terms should be interpreted as follows:

1.   "**Document**" means every writing, printing, record, graphic, photographic or sound reproduction of every type and description--be it tangible in the form of paper or intangible in the form of electronic communications--that is in your possession, control, custody and knowledge which refers to or was prepared before, during, and after the incident or search defined below, including but not limited to, correspondence, memoranda of agreements, assignments, meeting minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders, invoices, statements, bills, checks (or check stubs or records), vouchers, purchase orders, reports, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, floppy or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, pictures, voice recordings, electronic mail (E-mail); every copy of such writing or record when such copy contains any commentary or notation whatsoever that does not appear on the original.  Plaintiff expressly intends for the term "document" to include any attachments or exhibits to the requested

document, or any other documents referred to in the requested document or incorporated by reference.

2.      "**Person**" means any natural person, corporation, partnership, proprietorship, association, organization, group of persons, or any governmental body or subdivision thereof.

3.      "**You**" or "**your**" or "**Defendant**" refers to Defendant GREAT WEST CASUALTY COMPANY, and all of its operating divisions, subsidiaries and affiliates, both domestic and foreign, well as Defendant's attorneys, insurers, representatives, or agents.

5.      "**ALFONSO GARFIAS**" or "**GARFIAS**" refers to Defendant ALFONSO GARFIAS.

6.      "**P & E DELIVERY, LLC**" or "**P & E DELIVERY**" refers to Defendant P & E DELIVERY, LLC and all of its operating divisions, subsidiaries and affiliates, both domestic and foreign.

7.      "**GREAT WEST CASUALTY COMPANY**" or "**GREAT WEST**" refers to Defendant GREAT WEST CASUALTY COMPANY and all of its operating divisions, subsidiaries and affiliates, both domestic and foreign.

8.      "**Subject incident**" or "**subject occurrence**" or "**subject collision**" means the incident of March 26, 2021 occurring on Interstate 285 Southbound in DeKalb County, Georgia, which makes the basis of this lawsuit.

## REQUESTS TO PRODUCE

1.

Please produce true, accurate and complete copies of any statements, whether recorded or written, obtained from any person who has any information about any issue in this lawsuit, including but not limited to the subject collision, liability, or damages.

2.

Please produce true, accurate, and complete copies of any photographs (prints -- not Xerox copies), still or motion pictures, videos, plans, drawings, blue prints, sketches, diagrams, computer simulations, or any other photographic or demonstrative evidence concerning the subject collision, the vehicles involved in the subject collision, the Plaintiff or concerning any of the issues in this lawsuit, to include but not be limited to the issues of liability and damages.

3.

Please produce true, accurate and complete copies of any incident reports prepared by any agent, employee, or officer on their own or on behalf of Defendant concerning the subject collision and any claim or potential claim arising out of said collision.

4.

Please produce true, accurate, and complete copies of the entirety of all policies of insurance (to include the Declarations pages) that do or may afford liability insurance coverage to this defendant or any defendant with respect to Plaintiff's claims against these defendants. This Request expressly includes primary insurance coverage, excess insurance coverage, umbrella insurance coverage, personal insurance coverage, business insurance coverage, or any other type of liability insurance coverage. Please include any relevant documents certifying your insurance of P & E DELIVERY, LLC or GARFIAS as a common motor or contract carrier under applicable Georgia and federal law.

5.

Please produce true, accurate and complete copies of all reports or opinions received from any experts who have investigated any issue relevant to the subject collision relevant to this

lawsuit and who are expected to testify at trial. Also, produce all materials relied upon by each expert in formulating their opinions and conclusions.

6.

For each expert you expect to call at trial, please produce true, accurate and complete copies of all materials relied upon by each expert in formulating their opinions or conclusions.

7.

For each expert you expect to call at trial, please produce true, accurate and complete copies of the expert's entire file, including but not limited to all billing records and time sheets.

8.

Please produce a true, accurate and complete copy of any memoranda, e-mails, e-mail attachments, bulletins, directives, or other documents sent to, posted, or otherwise made known to Defendant from P & E DELIVERY, LLC or GARFIAS regarding the subject incident.

9.

Please produce true, accurate and complete copies of any and all handbooks, manuals, bulletins, e-mails, e-mail attachments, letters, directives or similar documents relating to the hiring, training or retention of drivers of company vehicles that you provided to either Defendant GARFIAS or P & E DELIVERY, LLC.

10.

Please produce true, accurate and complete copies of any and all documents of any kind or by any name known which reflect information concerning the trip being made by Defendants P & E DELIVERY, LLC or GARFIAS at the time of the subject collision to include documents relevant to said trip from the time the trip originated until the time the trip was to end, and including information about the load being carried, its nature, and its weight.

11.

Please produce true, accurate and complete copies of any and all evidence in your possession to include documents, photographs, sound or video recordings, or any documentation by any other name, that concerns Plaintiff's resultant damages that have not been supplied to you by Plaintiff's counsel (i.e., in the event you received or do receive any documents related to Plaintiff or to his physical or mental condition from any third party, the request seeks production of all such documents to Plaintiff).

12.

Please produce true, accurate and complete any and all documents that in any way pertain to Defendant GARFIAS'S qualifications to drive professionally for P & E DELIVERY, LLC to include prior references, previous collisions or motor vehicle collisions, previous reprimands, criticisms by prior employers, or any other information that reflects negatively or positively upon said driver's qualification.

13.

Please produce true, accurate and complete copies of any and all information sent to or received from any other Defendants concerning the collision giving rise to this litigation.

14.

Please produce a true, accurate and complete copy of any reservation of rights letter or other documentation of any kind sent by you or received from any other insurer that purports to question, deny, or defend under a reservation of rights the insurance coverage and claim that forms the basis for Plaintiff's Complaint.

15.

Please produce true, accurate and complete copies of any and all medical reports, medical tests, alcohol or drug screens, or tests of any other kind by any other name performed upon Defendant GARFIAS by any medical provider or law enforcement agency either prior to, subsequent to, or as a result of the collision that forms the basis for Plaintiff's Complaint.

16.

Please produce true, accurate and complete copies of any claims, incident reports or police reports, or any other documents in your possession, custody, or control which relate in any way to any collisions over the past five (5) years in which it was alleged that any agent or employee of P & E DELIVERY, LLC negligently operated a commercial vehicle and caused injury or death.

17.

Please produce true, accurate and complete copies of any relevant documents or forms certifying insurance policies you have issued, including in particular all forms, applications, or other documents submitted to any Georgia or Federal government agency, office, or department regarding insurance, waiver of bond, or registration that allow Defendants P & E DELIVERY, LLC or GARFIAS to operate a commercial vehicle in the State of Georgia.


**(SIGNATURE ON NEXT PAGE)**

Respectfully submitted, this 26th day of January, 2023.

SENIORCOUNSEL, LLC

/s/ Meredith Parrish
Meredith Parrish, Esq.
Georgia Bar No. 860703
*Attorney for Plaintiff*

3330 Cumberland Boulevard, Suite 500
Atlanta, Georgia 30339
T       (404) 590-0115
F       (404) 581-5278
mparrish@seniorcounsel.legal

STATE COURT OF
DEKALB COUNTY, GA.
1/26/2023 4:11 PM
E-FILED
BY: Monica Gay

# IN THE STATE COURT OF DEKALB COUNTY

## STATE OF GEORGIA

ERNEST GRANT,                             :
                                          :
    Plaintiff,              :    CIVIL ACTION NUMBER
                                          :    23A00395
v.                                        :
                                          :
ALFONSO GARFIAS, P & E DELIVERY, :
LLC and GREAT WEST CASUALTY    :
COMPANY,                                  :
                                          :
    Defendants.             :

### <u>NOTICE OF LEAVE OF ABSENCE</u>

**COMES NOW**, Meredith Parrish of the firm, SeniorCounsel, LLC, and respectfully

notifies all judges before whom he has cases pending, all affected clerks of court, and all opposing

counsel, that he will be on leave pursuant to Georgia Uniform Court Rule 16.

1.    The period of leave during which time Applicant will be away from the practice of law is
as follows:

- **February 1, 2023 – February 6, 2023**
- **February 17, 2023 – February 28, 2023**
- **March 3, 2023 – March 10, 2023**
- **April 3, 2023 – April 7, 2023**
- **June 2, 2023 – June 12, 2023**
- **August 1, 2023**
- **September 25, 2023 – September 29, 2023**
- **November 20, 2023 – November 24, 2023**
- **December 19, 2023 – December 29, 2023**

2.    The purpose of the leave is for **continuing legal education and vacation**.

All affected judges and opposing counsel shall have ten days from the date of this Notice

to object to it. If no objections are filed, the leave shall be granted.

**(SIGNATURE ON NEXT PAGE)**

/s/ Meredith Parrish
Meredith Parrish, Esq.
Georgia Bar No. 860703
SENIORCOUNSEL, LLC
3330 Cumberland Blvd, Suite 500
Atlanta, GA 30339
mparrish@seniorcounsel.legal
*Attorney for Plaintiff*

STATE COURT OF
DEKALB COUNTY, GA.
2/1/2023 1:51 PM
E-FILED
BY: Kelly Johnson

# AFFIDAVIT OF PROCESS SERVER

**Client Info:**

SENIOR COUNSEL
SENIOR COUNSEL ATTORNEYS AT LAW
3330 CUMBERLAND BLVD., STE. 500
Atlanta, GA  30339

**Case Info:**

**PLAINTIFF:**
ERNEST GRANT
REPRESENTED BY ATTORNEY:
MEREDITH PARRISH, ESQ. 860703
SENIORCOUNSEL, LLC
3330 CUMBERLAND BLVD. STE. 500
ATLANTA, GA 30339
404 590-0115
MPARRISH@SENIORCOUNSEL.LEGAL
-versus-
**DEFENDANT:**
ALFONSO GARFIAS
261 W. OHIO ST.
TUCSON, AZ 85714

STATE COURT OF DEKALB COUNTY, GEORGIA 556 N.
MCDONOUGH ST. DECATUR, GA 30030
Court Division: CIVIL ACTION
County of De Kalb, Georgia

Issuance Date: 1/26/2023 Court Case # **23A00395**

**Service Info:**

**Date Received: 2/28/2023** at **01:08 PM**
**Service:** I Served **ALFONSO GARFIAS**
With: **GENERAL CIVIL AND DOMESTIC RELATIONS CASE FILING INFORMATION FORM; (3) SUMMONS; COMPLAINT JURY TRIAL DEMANDED; PLAINTIFF'S FIRST CONTINUING INTERROGATORIES OF PLAINTIFF TO DEFENDANT ALFONSO GARFIAS; PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMANETS AND THINGS TO DEFENDANT GARFIAS; PLAINTIFF'S FIRST CONTINUING INTERROGATORIES TO DEFENDANT P & E DELIVERY, LLC; PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT P & E DELIVERY, LLC; PLAINFIFF'S FIRST CCONTINUING INTERRAGATORIES TO DEFENDANT GREA WEST CASUALTY COMPANY; PLAINFIFF'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT GREAT WEST CASUALTY COMPANY**
by leaving with **ALFONSO GARFIAS, DEFENDANT**

**At Single Family Home 261 W. OHIO ST. TUCSON, AZ 85714**
Latitude: **32.199670**,   Longitude: **-110.883831**

On **3/3/2023** at **02:50 PM**
**Manner of Service: PERSONAL**
PERSONAL IN PERSON

**Served Description:  (Approx)**

Age: **45**, Sex: **Male**, Race: **Hispanic**, Height: **6' 0"**, Weight: **200**, Hair: **Bald** Glasses:  **No**

**Charges:**

Notary (1)  $10.00
Printing Fee (99)  $11.88
Standard Service - 261 W. OHIO ST. Tucson, AZ  85714 (1)
$78.57
TOTAL: $100.45

**Military Status:**

**Military Status = No**

**Marital Status:**

Inquired if subject was married and was informed subject was <u>not</u> married.

**Ron's Process Service**
4834 E. 28th Street
Tucson, AZ 85711
Phone: (520) 488-1519

Job # 5552

Our Job # **5552**

**Attempts:**

**(1) 2/28/2023** at **08:26 PM**, by **Ron Wyman** Loc: **261 W. OHIO ST., Tucson, AZ 85714**    Latitude:**32.167831**
Longitude:**-110.973782**
**Notes:** lock gate,. lights on inside vehicles parked in yard. honked horn no response. left card on gate.

**(2) 3/1/2023** at **01:45 PM**, by **Ron Wyman** Loc: **261 W. OHIO ST. Tucson, AZ 85714**
**Notes:** Locked gate, barking dogs. Honked horn, no response.  Card remains on gate.

**(3) 3/2/2023** at **06:45 PM**, by **Ron Wyman** Loc: **261 W. OHIO ST. Tucson, AZ 85714**
**Notes:** I received a phone call (520) 283-0043, from defendant.  He stated that he found my card on his fence and wanted to know what it was about.  I informed him that I had court documents for him and I needed to hand him the documents. He hung up.  I called him back and left a voice message that I was in my car and heading to him to give him the documents.  He called me back and stated that he had already left for Nogales AZ, to talk with his attorney. He became nervous and decided that he did not want to accept them, but wanted to find an attorney to discuss this with.  I tried to calm him down, but was not able to.

**(4) 3/3/2023** at **12:45 PM**, by **Ron Wyman** Loc: **261 W. OHIO ST. Tucson, AZ 85714**
**Notes:** I spoke to Alfonso on the phone, and he agreed to accept the documents.  He will call me back and I will meet him at his home and serve him.

I **Ron Wyman** , acknowledge that I am authorized to serve process, in good standing in the jurisdiction wherein the process was served and I have no interest in the above , action. Under penalties of perjury, I declare that I have read the foregoing document and that the facts stated in it are true.

Signature of Server: _Ron Wyman_
**Ron Wyman**
Lic # **PM526**

**Ron's Process Service**
4834 E. 28th Street
Tucson, AZ 85711
Phone: (520) 488-1519

Our Job # **5552**

SUBSCRIBED AND SWORN to before me this _13th_ day of _March_ , _2023_, by **Ron Wyman**, Proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

_Vicki Rieffer_
NOTARY PUBLIC for the state of Arizona

VICKI RIEFFER
Notary Public – State of Arizona
PIMA COUNTY
Commission # 628661
Expires June 10, 2026

STATE COURT OF
DEKALB COUNTY, GA.
3/15/2023 2:58 PM
E-FILED
BY: Kelly Johnson

## AFFIDAVIT OF SERVICE

| Case: 23A00395 | Court: State Court of Dekalb County | County: Dekalb, GA | Job: 8380213 |
|---|---|---|---|
| Plaintiff / Petitioner: Ernest Grant | | Defendant / Respondent: Alfonso Garfias, P & E Delivery,LLC, and Great West Casualty Company | |
| Received by: CGA Solutions | | For: SENIORCOUNSEL, LLC | |
| To be served upon: Great West Casualty Company c/o Corporation Service Company, Registered Agent | | | |

I, Thomas David Gibbs III, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:** Barry Smith, Corporation Service Company: 2 Sun court Suite 400 , Peachtree Corners, GA 30092

**Manner of Service:** Registered Agent, Feb 15, 2023, 10:39 am EST

**Documents:** Summons, Complaint, Plaintiff's First Continuing Interrogatories to Defendant Alfonso Garfias, Plaintiff's First Request for Production of Documents and Things to Defendant Garfias, Plaintiff's First Continuing Interrogatories to Defendant P & E Delivery LLC, Plaintiff's First Request for Production of Documents and Things to Defendant P & E Delivery LLC, Plaintiff's First Continuing Interrogatories to Defendant Great West Casyalty Company, Plaintiff's First Request for Production of Documents and Things to Defendant Great West Casyalty Company, Notice of Leave of Absence,General Civil and Domestic Relations Case Filing Information Form (Received Feb 13, 2023 at 10:45am EST)

**Additional Comments:**
1) Successful Attempt: Feb 15, 2023, 10:39 am EST at Corporation Service Company: 2 Sun court Suite 400 , Peachtree Corners, GA 30092 received by Barry Smith.
CSC Coordinator

_____         2-15.23
Thomas David Gibbs III          Date

CGA Solutions
723 Main Street
Stone Mountain, GA 30083
866-217-8581

Subscribed and sworn to before me by the affiant who is personally known to me.

_____
Notary Public    2-15-23        12-27-24
                 Date           Commission Expires

AMMY
NOTARY
PUBLIC
DEKALB COUNTY, GEO

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

RE:     Permanent Process Servers

**STANDING ORDER**

Pursuant to O.C.G.A. § 9-11-4 (e), this Court provides herein that any person who has completed the application process for appointment as a permanent process server in the Superior Court of DeKalb County in 2023, and has been appointed as a permanent process server in said Court for 2023 shall be deemed to be appointed as a permanent process server in the State Court of DeKalb County. Permanent process servers wishing to rely upon this order shall be required to attach a copy of their Superior Court order of appointment to any affidavit of service that is required to be filed with the Court. All appointments arising pursuant to this order shall be effective until midnight, December 31, 2023.

SO ORDERED, this  _13_  day of December 2022.

_____
Wayne M. Purdom, Chief Judge

FILED IN THIS OFFICE
THIS 13 DAY OF Dec. 2022
_____
Clerk, State Court, DeKalb County

FILED 1/6/2023 9:16 AM CLERK OF SUPERIOR COURT DEKALB COUNTY GEORGIA

# IN THE SUPERIOR COURT OF DEKALB COUNTY
## STATE OF GEORGIA

IN RE:

MOTION FOR APPOINTMENT AS        :      CIVIL ACTION FILE NUMBER:
PERMANENT PROCESS SERVER     :         23MPR1021
                                          :
                                          :

PURSUANT TO O.C.G.A. §9-11-4(c)

## ORDER APPOINTING PERMANENT PROCESS SERVER
## FOR CALENDAR YEAR 2023

The foregoing motion having been read and considered; it is HEREBY ORDERED that the following individual(s) is/are appointed as a permanent process server pursuant to O.C.G.A. §9-11-4(c):

KAYLA BRIDGES
SHEMIKA BRYANT
ROCHELLE EARTHRISE
THOMAS GIBBS
LYNN ROWE
RONALD SMITH
GERI STEPHENS
CIERRA STOVER
INA SWINGER

This appointment shall be effective until midnight December 31, 2023.

IT IS SO ORDERED this 3rd day of January, 2023.

Honorable LaTisha Dear Jackson
Chief and Administrative Judge
DeKalb County Superior Court
Stone Mountain Judicial Circuit

Control Number : SOP-23061368

# STATE OF GEORGIA
## Secretary of State
### Corporations Division
### 313 West Tower
### 2 Martin Luther King, Jr. Dr.
### Atlanta, Georgia 30334-1530


## CERTIFICATE OF ACKNOWLEDGEMENT

I, Brad Raffensperger, Secretary of State of the State of Georgia, do hereby certify under the seal of my office that copies of legal documents regarding service of process upon:

### Alphonso Garfias

have been filed with the Secretary of State on 03/14/2023 pursuant to O.C.G.A. § 40-12-2 relating to the following matter:

Case: Ernest Grant v. Alphonso Garfias
Court: State Court of Dekalb County
Civil Action No.: 23A00395

Witness my hand and official seal in the City of Atlanta and the State of Georgia on 03/17/2023.



*Brad Raffensperger*

Brad Raffensperger
Secretary of State

# SENIORCOUNSEL

## ATTORNEYS AT LAW

3330 Cumberland Boulevard, Suite 500
Atlanta, Georgia 30339
Telephone (404) 590-0115   Facsimile (404) 581-5278

RECEIVED
SECRETARY OF STATE
INTAKE DIVISION

2023 MAR 14 PM 3: 24

Meredith Parrish, Attorney at Law

March 9, 2023

Secretary of State, Georgia
2 Martin Luther King, Jr Drive
West Tower, Suite 315
Atlanta, Georgia 30534

RE: ERNEST GRANT v. ALPHONSO GARFIAS et al
DEKALB COUNTY STATE COURT
Civil Action File Number: 23A00395

Dear Sir/Madame:

Please find enclosed a second original complaint and discovery in the above-referenced matter that is being served upon the Secretary of State as agent for the defendant Alfonso Garfias, pursuant to the Non-Resident Motorist Statute. I have also enclosed our firm's check in the amount of $30.00 to cover the cost of accepting service.

Sincerely,

Meredith Paul

Meredith M. Parrish
SENIORCOUNSEL, LLC

Enclosures

## AFFIDAVIT OF COMPLIANCE
## NON-RESIDENT MOTORIST STATUTE SERVICE

I, Meredith M. Parrish, the undersigned, am the attorney who represents Plaintiff Ernest

Grant in the case of:

**Ernest Grant v. Alfonso Garfias, et al.**
**In the State Court of Dekalb County, State of Georgia,**
**Civil Action Number 23A00395**

I do hereby certify that, in accordance with O.C.G.A. 40-12-2, I have forwarded by

certified mail and statutory overnight mail notice of service of the above case along with a copy

of the complaint and process to the defendant at the following address:

**Alfonso Garfias**
**261 West Ohio Street**
**Tucson, Arizona 85714**

I further certify that I shall file with the appropriate court appended to the documents,

regarding this case: (1) any return receipt received as evidence of service upon the defendant by

the plaintiff and (2) this plaintiff affidavit of compliance.

This 13th day of March, 2023.

SENIORCOUNSEL, LLC

Meredith M. Parrish, Esq.
Georgia Bar No. 860703
*Attorney for Plaintiff*

3330 Cumberland Boulevard, Suite 500
Atlanta, Georgia 30339
mparrish@seniorcounsel.legal

Sworn to and subscribed before me
This 13 day of March, 2023.

FELICITY HAMILTON-MIKE
Notary Public, Georgia
Clayton County
My Commission Expires
September 15, 2024

RECEIVED
2023 MAR 14  PM 2:24
SECRETARY OF STATE
INTAKE DIVISION

No. 23A00395

**STATE COURT OF DEKALB COUNTY**
**GEORGIA, DEKALB COUNTY**

**SUMMONS**

Date Summons Issued and Filed
1/26/2023

/s/ Monica Gay

Deputy Clerk

Deposit Paid $ _____

ERNEST GRANT

(Plaintiff's name and address)

[ ]   **ANSWER**

**vs.**

[X]   **JURY**

ALFONSO GARFIAS

(Defendant's name and address)

**TO THE ABOVE-NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of State Court, Suite 230, 2nd Floor, Administrative Tower, DeKalb County Courthouse, 556 N. McDonough Street, Decatur, Georgia 30030 and serve upon the plaintiff's attorney, to wit:

Meredith Parrish, Esq. - Senior Counsel, LLC
(Name)
3330 Cumberland Boulevard, Ste 500, Atlanta, Georgia 30339
(Address)
(404) 590-0115                                    860703
(Phone Number)                              (Georgia Bar No.)

an **ANSWER** to the complaint which is herewith served upon you, within thirty (30) days after service upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. (Plus cost of this action.)

Defendant's Attorney

Address

Phone No.          Georgia Bar No.

Third Party Attorney

Address

Phone No.          Georgia Bar No.

**TYPE OF SUIT**

☐ Account        ☐ Personal Injury
☐ Contract       ☐ Medical Malpractice
☐ Note           ☐ Legal Malpractice
☐ Trover         ☐ Product Liability
                 ☐ Other

Principal    $ _____

Interest     $ _____

Atty Fees    $ _____

☐ Transferred From _____

**(Attach BLUE to Original and WHITE to Service Copy of complaint)**

STATE COURT
DEKALB COUNTY, G
1/26/2023 4:11
E-FIL

## IN THE STATE COURT OF DEKALB COUNTY

## STATE OF GEORGIA

| | | |
|---|---|---|
| ERNEST GRANT, | : | |
| Plaintiff, | : | CIVIL ACTION NUMBER  23A00395 |
| | : | _____ |
| v. | : | |
| | : | |
| ALFONSO GARFIAS, | : | |
| P & E DELIVERY, LLC, and GREAT | : | |
| WEST CASUALTY COMPANY, | : | **JURY TRIAL DEMANDED** |
| | : | |
| Defendants. | : | |

## COMPLAINT

**COMES NOW**, Plaintiff Ernest Grant, by and through his attorneys, SENIORCOUNSEL,

LLC, and for a Complaint against Defendants alleges that at all times hereinafter mentioned:

## NATURE OF THE ACTION

1.

This is a personal injury action brought against Defendant Alfonso Garfias, P & E Delivery,

LLC, and Great West Casualty Company for the careless, reckless and negligent conduct of

Defendants in the operation and ownership of Defendants' motor vehicle.

## PARTIES, VENUE AND JURISDICTION

2.

Plaintiff Ernest Grant (hereinafter sometimes referred to as "Plaintiff") resides at 300 Patrol

Road, Forsyth, Georgia 31029 and is a resident of the State of Georgia. Plaintiff voluntarily

subjects himself to the jurisdiction and venue of this Court.

3.

Defendant Alfonso Garfias (hereinafter referred to as "Defendant Garfias") is a resident of the State of Arizona and may be served with a copy of the Summons and Complaint at his home address at 261 West Ohio Street, Tucson, Arizona 85714-2945 and via the Georgia Secretary of State pursuant to O.C.G.A. 40-12-3 (Georgia's Non-Resident Motorist Act). As a non-resident motorist, Defendant Garfias is subject to the jurisdiction and venue of this Court.

4.

Defendant P & E Delivery, LLC (hereinafter referred to as "Defendant P & E Delivery") is an Arizona Company which does regular and continuous business in Georgia and can be served through its Registered Agent Maria Herrera at her statutory address 1098 Avenida Seville, Rio Rico, Arizona 85648.  At the time of the incident that forms the basis for this lawsuit, Defendant P & E Delivery was using the roadways of Georgia. Defendant P & E Delivery is subject to the jurisdiction and venue of this Court.

5.

Great West Casualty Company is foreign insurance company registered to transact business within the State of Georgia. Great West Casualty Company is a proper party to this action pursuant to O.C.G.A. § 46-7-12(e) and may be served through its Registered Agent Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

6.

Venue in the above styled civil action is proper in this County and Court as the incident that gave rise to the instant claim occurred in Dekalb County, Georgia.

## FACTUAL ALLEGATIONS

### 7.

Paragraphs "1" through "6" of Plaintiff's Complaint are hereby re-alleged and incorporated as though fully set out herein.

### 8.

At all times relevant to this matter, Defendant Garfias was acting within the scope of his employment with Defendant P & E Delivery and was acting as an employee and agent of said Defendant.

### 9.

The incident complained of herein occurred at approximately 1:30 AM on March 26, 2021 on Bouldercrest Road, SE at its Intersection with I-285 in Dekalb County.

### 10.

At the aforesaid time and place, Plaintiff Grant was the driver of a 2015 Ford Mustang, traveling in the far left southbound lane of travel on I-285.

### 11.

Defendant Garfias was the operator of a certain 2016 International ProStar Premium Tractor owned by Defendant P & E Delivery.

### 12.

Defendant Garfias was driving this tractor-trailer rig in interstate commercial commerce at the time of this collision on the roadways of Georgia.

### 13.

At the aforesaid time and place, Defendant Garfias was traveling in the second-to-far left southbound lane of Interstate 285.

3

14.

At the aforesaid time and place, Defendant Garfias used and operated the 2016 ProStar Premium tractor-trailer in such a manner as to cause said motor vehicle to come into collision with the 2015 Ford Mustang by failing to maintain his lane.

15.

As a direct and proximate result of the breach of the applicable standard of care by Defendant Garfias, Plaintiff Grant suffered conscious pain and suffering in the past and will suffer conscious pain and suffering into the future; incurred medical expenses in the past and will incur future medical expenses; suffered mental anguish; suffered severe physical injury; was required to undergo additional medical procedures; and has sustained other damages.

16.

Plaintiff Grant did not assume the risk of his injuries and at all times exercised due care for his own safety.

17.

All of the injuries and damages sustained by Plaintiff were the direct and proximate result of the joint negligent actions and breaches of the applicable standards of care by Defendant Garfias and Defendant P&E Delivery without any act or omission on the part of the Plaintiff directly thereunto contributing.

## **FIRST CAUSE OF ACTION**
## **NEGLIGENCE OF DEFENDANT GARFIAS**

18.

Defendant Garfias owed a duty of care to the motoring public in general, and to Plaintiff in particular, to operate a vehicle in a reasonable and prudent manner and to adhere to the pertinent Rules of the Road for the State of Georgia.

19.

The March 26, 2021 collision was directly and proximately caused by the negligence of Defendant Garfias.

20.

The March 26, 2021 collision was directly and proximately caused by Defendant Garfias's negligence in failing to maintain his lane.

21.

The March 26, 2021 collision was directly and proximately caused by Defendant Garfias's negligence in failing to keep a proper lookout.

22.

The March 26, 2021 collision was directly and proximately caused by Defendant Garfias's negligence in being distracted while driving.

23.

The March 26, 2021 collision was directly and proximately caused by Defendant Garfias's negligence in driving too fast for conditions.

24.

Defendant Garfias's actions constituted negligence *per se* regarding applicable laws and standards including, but not limited to:

(a)  Failing to exercise due care in following too closely, in violation of O.C.G.A. § 40-6-49;

5

(b)  Failing to exercise due care by engaging in distracted driving in violation of O.C.G.A. §

40-6-241;

(c) Driving too fast for conditions in violation of O.C.G.A. § 40-6-180;

(d) Failing to maintain lane in violation of O.C.G.A. § 40-6-48; and

(e) Utilizing the third lane in violation of O.C.G.A. § 40-6-52(b).

25.

Plaintiff's personal injuries were directly and proximately caused by Defendant Garfias's negligence.

26.

As a result of Defendant Garfias's negligence, a collision occurred between Defendant Garfias's tractor-trailer and Plaintiff's vehicle.

27.

By reason of the foregoing collision, Plaintiff Ernest Grant sustained a serious injury as defined by the Insurance Law of the State of Georgia.

28.

As a result of the foregoing collision, Plaintiff Ernest Grant suffered economic loss in excess of basic economic loss, as those terms are defined by the Insurance Law of the State of Georgia.

29.

The collision, and the injuries and damages resulting therefrom, occurred as the result of the careless, reckless and negligent conduct of Defendant Garfias, in the operation of Defendant P&E Delivery's commercial vehicle.

30.

Plaintiff sustained severe personal injury and damages, and conscious pain and suffering.

31.

By reason of the foregoing, Plaintiff sustained damages in a sum of money having a present value that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction of this matter.

## SECOND CAUSE OF ACTION
## VICARIOUS LIABILITY

32.

At the time of the March 26, 2021 collision, Defendant Garfias was under dispatch for Defendant P & E Delivery.

33.

At the time of the Crash, Defendant Garfias was operating his vehicle on behalf of Defendant Defendant P & E Delivery.

34.

Defendant Defendant P & E Delivery is an interstate motor carrier, and pursuant to federal and state laws, is responsible for the actions of Defendant Garfias with regard to the March 26, 2021 collision under the doctrines of lease liability, agency, vicarious, or apparent liability agency.

## THIRD CAUSE OF ACTION
## NEGLIGENT HIRING, TRAINING, RETENTION & SUPERVISION

35.

Defendant P & E Delivery was negligent in hiring Defendant Garfias and entrusting him to drive a commercial motor vehicle.

36.

Defendant P & E Delivery was negligent in failing to properly train Defendant Garfias.

37.

Defendant P & E Delivery was negligent in failing to discharge Defendant Garfias before the March 26, 2021 collision.

38.

Defendant P & E Delivery was negligent in failing to properly supervise Defendant Garfias.

39.

Defendant P & E Delivery was negligent in failing to promulgate and enforce company policies, procedures and rules for the protection of the public, including but not limited to Plaintiff.

40.

Defendant P & E Delivery's negligence in hiring Defendant Garfias, entrusting him with driving a commercial vehicle, and failing to train and supervise him properly proximately caused Plaintiff's injuries and damages.

**DIRECT ACTION**

41.

Defendant Great White Casualty Company is subject to a direct action as the insurer for Defendant P & E Delivery pursuant to O.C.G.A. § 40-1-112 and O.C.G.A. § 40-2-140.

42.

Defendant Great White Casualty Company was the insurer of Defendant P & E Delivery at the time of the Crash and issued a liability policy that affords coverage in this case.

43.

Defendants Great White Casualty Company and P & E Delivery are subject to the filing requirements outlined in O.C.G.A. § 40-1-112 and O.C.G.A. § 40-2-140.

44.

Defendant Great White Casualty Company is responsible for any judgment rendered against P & E Delivery or Defendant Garfias.

## **DAMAGES**

45.

Each of the forgoing acts and omissions constitute an independent act of negligence on the part of Defendants and one or more or all above stated acts were the proximate causes of the injuries to Plaintiff.

46.

Defendants are jointly and severally liable for Plaintiff's injuries sustained, pain and suffering, cost of treatment and all other elements of damages allowed under the laws of the State of Georgia.

47.

But for the negligence of Defendants, Plaintiff would not have suffered injuries and damages that will be proven at trial.

48.

Defendants' actions evidence a species of bad faith, were and are stubbornly litigious, and have caused Plaintiff undue expense. Thus, Plaintiff is entitled to recover his necessary expenses of litigation, including an award of reasonable attorney's fees and expenses required by this action, pursuant to O.C.G.A. § 13-6-11, as well as any other statutory or common law basis.

9

WHEREFORE, Plaintiff respectfully prays:

a)     That process issue and Defendants be served as provided by law;

b)     That Plaintiff has a trial by jury;

c)     That Plaintiff recovers the full value of past and future medical expenses in an amount proven at trial;

d)     That Plaintiff recovers for mental and physical pain and suffering and emotional distress in an amount to be determined by the enlightened conscience of the jury;

e)     That judgment be entered in favor of Plaintiff against Defendants for special, compensatory, punitive and all other permissible damages allowed under Georgia law;

f)     That Plaintiff be awarded judgment for reasonable attorney's fees and expenses of litigation pursuant to O.C.G.A. § 13-6-11; and

g)     That all costs be taxed against the Defendants, including attorney's fees.

Respectfully submitted, this 26th day of January, 2023.

SENIORCOUNSEL, LLC

/s/ Meredith Parrish
Meredith Parrish, Esq.
Georgia Bar No. 860703
*Attorney for Plaintiff*

3330 Cumberland Boulevard, Suite 500
Atlanta, Georgia 30339
T       (404) 590-0115
F       (404) 581-5278
mparrish@seniorcounsel.legal

STATE COURT OF
DEKALB COUNTY, GA.
1/26/2023 4:11 PM
E-FILED
BY: Monica Gay

**IN THE STATE COURT OF DEKALB COUNTY**

**STATE OF GEORGIA**

| | | |
|---|---|---|
| ERNEST GRANT, | : | |
| | : | |
| Plaintiff, | : CIVIL ACTION NUMBER 23A00395 |
| | : | |
| v. | : | |
| | : | |
| ALFONSO GARFIAS, | : | |
| P & E DELIVERY, LLC, and GREAT | : | |
| WEST CASUALTY COMPANY, | : | |
| | : | |
| Defendants. | : | |

**PLAINTIFF'S FIRST CONTINUING INTERROGATORIES OF PLAINTIFF TO
DEFENDANT ALFONSO GARFIAS**

To:     ALPHONSO GARFIAS

Pursuant to O.C.G.A. § 9-11-33, Plaintiff hereby requests that Defendant ALPHONSO GARFIAS respond, under oath, to the following Interrogatories within forty-five (45) days of the date of service in conformity to the Georgia Civil Practice Act.  Plaintiff requests that Defendant read and abide by the preliminary notes and instructions set forth below.

**PRELIMINARY NOTES AND INSTRUCTIONS**

1. General Notes

Each interrogatory is addressed to the personal knowledge of the Defendant, as well as to the knowledge and information of Defendant's attorneys, investigators, agents, employees, and other representatives.  When a question is directed to Defendant, the question is also directed to each of the aforementioned persons.

These interrogatories shall be deemed continuing so as to require supplemental answers if the persons or entities to whom they are addressed obtain further responsive information.

Plaintiff requests that Defendant take the time to accumulate all information which is called for by these interrogatories and to provide all such information in its initial written discovery responses. If the time provided by law to respond to this written discovery does not provide you an adequate opportunity to do so, Plaintiff will consider an extension of the time, provided the extension requested is not excessive and will be used to provide for some substantive response and not merely a tool for delay.

Plaintiff requests that Defendant respond to and supplement these and all future interrogatories with direct and concise responses and answers that can be read to a jury. Plaintiff requests, therefore, that you not answer interrogatories in this case by cross-referencing answers and responses given in other paragraphs of this same discovery, but rather answer with a full, clear textual response to each question.

Plaintiff requests that each Defendant respond to these interrogatories individually, separately and completely, and supplement any responses to these interrogatories individually, separately, and completely. In supplementing, Plaintiff requests that you do not send letters to counsel identifying additional documents or information, but that you instead provide discovery responses in the form of a pleading served on all parties.

2. Claims of Privilege or Work Product

Defendant is hereby instructed not to make "general objections" based on privilege or work product claims, as such general objections do not specify what facts or documents exist that are subject to such claims, do not identify in any way the facts or documents to which privilege or work product is claimed, and do not provide anything to the Court for decision. If a particular

interrogatory seeks information which encompasses facts or documents which you contend to be properly withheld from Plaintiff pursuant to some claim of privilege or work product, then you are instructed to state that contention specifically.  In the event any information is not provided pursuant to such contentions, Plaintiff requests that Defendant identify specifically the bases for the objection and provide sufficient information so that the Court may render decision as to the contentions of privilege.  Failure to comply with these instructions will be deemed by Plaintiff to be a failure to answer or respond under O.C.G.A. § 9-11-37(d), inasmuch as the object of such failure could only be to delay, protract, and obstruct these proceedings.

　　　3.　Claims To Confidentiality/Proprietary Information

　　　If Defendant believes that information responsive to any interrogatory is somehow confidential because it reflects trade secrets or allegedly proprietary business information, such belief in and of itself provides no basis for the blanket withholding of production of such information in a timely manner.   If Defendant intends to withhold information on the basis of such claims to confidentiality, it should contact Plaintiff *before* responding to these interrogatories and attempt to resolve the issue by entry into a limited and appropriate sharing protective order applicable only to information for which supported claims to confidentiality have been made.  Failure to do so, or the interposing of such objections for the purposes of delay, will be deemed by Plaintiff to be a waiver of such claims.

　　　4.　Subsequent Discovery of Information

　　　If in response to any of Plaintiff's interrogatories Defendant fails to disclose any fact and then Defendant subsequently discloses such fact at a later date by supplemental response, please provide full information about how the existence of this additional fact was "discovered" by Defendant, by whom such additional fact was "discovered," when such additional fact was

"discovered," who made the decision to disclose such additional fact to Plaintiff, when that decision was made, and in detail, why such additional fact was not disclosed to Plaintiff in Defendant's initial responses to these Interrogatories.

## DEFINITIONS

As used herein, the terms listed below are defined as follows:

1.      "**Document**" means every writing, printing, record, graphic, photographic or sound reproduction of every type and description that has been in your possession, control or custody or of which you have knowledge, including but not limited to, correspondence, reports, meeting minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders, invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, e-mails, e-mail attachments, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, disks or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, pictures, and voice recordings.  Plaintiff expressly intends for the term "Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference.

2.      "**Person**" means any natural person, corporation, partnership, proprietorship, association, organization, group of persons, or any governmental body or subdivision thereof.

3.      (a)      "**Identify**" with respect to any "**person**" or any reference to stating the "**identity**" of any "**person**" means to provide the name, home address, telephone number,

business name, business address, and business telephone number of such person, and a description of each such person's connection with the events in question.

(b)    "**Identify**" with respect to any "**document**" or any reference to stating the "**identification**" of any "**document**" means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation of the document or on whose behalf it was prepared, the name and address of the recipient or recipients of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

4.    "**You**" or "**your**" or "**Defendant**" refers to Defendant ALFONSO GARFIAS, as well as Defendant's attorneys, insurers, representatives, or agents.

5.    "**ALFONSO GARFIAS**" or "**GARFIAS**" refers to Defendant ALFONSO GARFIAS.

6.    "**P & E DELIVERY, LLC**" or "**P & E DELIVERY**" refers to Defendant P & E DELIVERY, LLC and all of its operating divisions, subsidiaries and affiliates, both domestic and foreign.

7.    "**GREAT WEST CASUALTY COMPANY**" or "**GREAT WEST**" refers to Defendant GREAT WEST CASUALTY COMPANY and all of its operating divisions, subsidiaries and affiliates, both domestic and foreign.

8.    "**Subject incident**" or "**subject occurrence**" or "**subject collision**" means the incident of March 26, 2021 occurring on Interstate 285 Southbound in DeKalb County, Georgia, which makes the basis of this lawsuit.

## **INTERROGATORIES**

1.

Please identify all adult relatives by blood or marriage residing within the jurisdiction of the State Court of DeKalb County by stating their name, relationship to you or your spouse, address, and place of employment.

2.

Please state your name, address, social security number, driver's license number, telephone number, and date of birth.  Also, please provide all of your previous residence addresses for the past five years, including the street address, city, state, and zip code.

3.

Please list all places of employment for the past five (5) years to include for each such place of employment:   the start date of employment; name of employer; your immediate supervisor; address; telephone number; job description; wage and salary; termination date of employment; reason for termination.  Said list should include employment through the present date.

4.

Identify all persons who have investigated the subject collision or discussed the subject collision with you on behalf of yourself, Defendants P & E DELIVERY and GREAT WEST CASUALTY COMPANY or its agents, representatives, attorneys, or insurers.

5.

State the following information concerning any and all liability insurance, including excess or umbrella coverage or coverage by any other description, which does or may afford insurance coverage to you for the claims made in this lawsuit:

- 6 -

(a)     Name of each insurance company issuing policy;

(b)     Applicable liability limits concerning each policy;

(c)     Names of all persons insured under each policy;

(d)     Names of the person(s) or entity paying premiums with respect to each policy;

(e)     Policy number of each policy;

(f)     Types of insurance coverage carried;

(g)     Whether or not the defense of this action has been tendered to any such insurer;

(h)     Whether defense has been accepted by each such insurer to whom defense has been tendered;

(i)     Whether this defendant has made any claims under said policy or policies as a result of the occurrence herein;

(j)     The nature, extent, and amount of any such claim or claims with said insurer(s);

(k)     Whether those claims have been paid by said insurer(s) and the amount of said payment(s); and

(l)     Your insurer's response or reaction with respect to the request that it defend this lawsuit and pay any damages assessed, pursuant to the policy provisions.

6.

Please state whether or not you negligently caused the subject occurrence in any way.  If your answer is in any way in the negative, please explain.

7.

Please identify every person whom you believe does have, or may have, any information of any kind about the collision complained of in this case or any other information pertaining to any issue of liability in this case, including with each such person's identity a brief description of

the nature of such person's knowledge.  (For example:  eyewitness, investigating police officer, medical personnel, etc.)

8.

Please identify all persons (whether medical providers, lay persons, or anyone else) who you believe does have, or may have, any relevant information relative to Plaintiff's health condition prior to or subsequent to the collision in this case, information relative to Plaintiff's physical and mental suffering as a result of this collision, or any information relative to any issue of damages in this litigation.   Please include with each such person's identity a brief description of the nature of such person's knowledge.

9.

Please state whether any of the persons identified in response to Interrogatories No. 7 or No. 8 have given any statement(s) or account(s) to you, either orally, in writing, or recorded in any way, of his or her knowledge of any information relevant in this lawsuit.  If so, identify any witness(es) giving such statement(s), provide an explanation of the type of statement(s) given (oral, written, recorded, etc.), and identify the person who took the statement and the present custodian of such statement(s).

10.

Please explain the nature of your employment and/or agency relationship with Defendant P & E DELIVERY, LLC on the date of the occurrence.  Please also include the following:  the date the employment and/or agency relationship began; your mode and amount of compensation; whether the employment and/or agency relationship has been terminated, and if so, the date of such termination; the identity of the person who terminated you; the reason(s) given to you for such termination; the reason you believe you were terminated.

11.

Please identify the following individuals as of the date of the occurrence and at present (if applicable): the person to whom you reported at P & E DELIVERY, LLC; all persons who interviewed and hired you; any person who disciplined, reprimanded, or evaluated you or your job performance at any time while and employee and/or agent of P & E DELIVERY, LLC.

12.

Please state whether or not, to your knowledge, information, and/or belief, Defendant P & E DELIVERY, LLC, its agents, its attorneys, or its insurers, on its own or through any other person, obtained or obtains information, from any private source or governmental agency, about the driving history, driving violations, criminal violations, motor vehicle record, or other driving qualifications of the persons Defendant P & E DELIVERY, LLC allows to drive its trucks. If so, please state, by job title, to which employees this inquiry applies, from whom this information is obtained (including, but not limited to any governmental agency or entity), and exactly what information is obtained or, as a matter of policy, sought to be obtained. Also, please state whether you were ever apprised or ever became aware of any such inquiry concerning you.

13.

Please identify any person that you expect to call as an expert witness, whether live, by affidavit, or by deposition, in connection with any trial, hearing, or motion, as well as any other evidentiary hearing in this action, and, separately for each expert identify the subject matter of which the person is expected to testify; the substance of the facts and opinions as to which he or she is expected to testify; a summary of the grounds for such opinions, and identify all documents and professional references upon which such person may base his or her testimony and opinions.

14.

Please describe how you contend the subject incident occurred, to include what you recall occurring in the moments immediately before the incident, the incident itself, and the two hours before and following the subject incident.   Please include in this response a listing of each person, force of nature, act of God, and/or circumstance you contend to have caused or contributed to causing the subject occurrence and/or any of Plaintiff's injuries.

15.

Do you contest that at the time and place of the subject occurrence, you were an employee or agent of Defendant P & E DELIVERY, LLC, acting within the course and scope of your employment or agency for P & E DELIVERY, LLC? Please state "Yes" or "No."   If your answer to this interrogatory is in any way in the affirmative, please state all facts that you contend support such response.

16.

Do you contend that Plaintiff did or failed to do any act that in any way contributed to causing the subject occurrence?   Please state "Yes" or "No."  If your answer is in any way in the affirmative, please state all facts that you contend support such response.

17.

Do you contend that anyone, not a defendant in this action, caused or contributed to cause the injuries to Plaintiff?  Please state "Yes" or "No."   If your answer is in any way in the affirmative, please state the name, present or last known residence or business address, and business and home telephone numbers of said person or entity you contend contributed to or caused the injuries of Plaintiff, specify what acts or omissions of each such person you contend

caused or contributed to cause the injuries to Plaintiff, and state the factual and legal basis of each such contention.

18.

Do you contend that any mechanical defect, design defect, or other failure of any kind on the truck that you were driving at the time of the incident (including any component parts such as mirrors) caused or contributed to cause the incident or the injuries to Plaintiff?  Please state "Yes" or "No."  If your answer is in any way in the affirmative, please identify each such defect or failure and the factual and legal bases for your contention that it played a role in this incident.

19.

Please state whether, at the time of the subject collision, you were in possession of more than one driver's log.  If so, please state your explanation for any discrepancy in those logs, and the present location of the various logs that were in your possession at the time of the subject collision.

20.

Please state whether or not you have ever been involved in another motor vehicle collision wherein you were the driver of a vehicle involved in such collision at any time in last ten (10) years.  If so, please state the date or approximate date of such collision, whether or not you were on personal business or in the course of your employment or agency at the time of said collision (and list the employer if you were in the course of your employment or agency), and give a brief description of how the collision occurred to include stating whether you believe the collision was your fault or someone else's fault.

21.

Please state whether or not you, your attorneys, investigators, or other representatives know of any photographs, still or motion pictures, plans, drawings, blueprints, sketches, diagrams, computer simulations, or any other type of demonstrative evidence concerning the subject occurrence, the site of the subject occurrence, the vehicles involved, the Plaintiff or which in any way illustrate any facts related to the occurrence. As to each item, please state the nature of such item, how many of such items exist (for example, 15 photographs), the name, address, and employer of the person making or supplying such item, and the identity of the person who presently possesses such item.

22.

Was any accident/incident report or statement made by you or any of your representatives or agents that describes or relates in any way to the subject occurrence? Please state "Yes" or "No."   If your answer is in any way in the affirmative, for each such report or statement, please identify the author, state the date it was written or given, identify all individuals who were copied with or received it, and identify the present place where it is located.

23.

Please state in detail how you contend the subject occurrence took place and the order in which the events took place, to include the purpose of your trip, the point of origin of your trip, any stops you made after leaving the point of departure but before the subject incident, and your intended destination.

24.

State whether or not you have ever been convicted, pled guilty to, pled nolo contendere to, or forfeited bond concerning any traffic violation, moving violation, or charge for violation of

the traffic laws or rules of the road of any state within the last ten (10) years.  If so, please state the approximate date of such incident, the court in which you were charged or prosecuted, the nature of such charge or conviction, and the approximate date, city, county, and state thereof.

25.

Please state whether you suffer currently or did suffer at the time of the collision from any physical impairment, or disease, including vision impairment or epilepsy or arthritis, and if so, state the name and address of any and all physicians, chiropractors, or practitioners of the healing arts who have treated you in the past five (5) years.

26.

Please state whether you had consumed any alcohol, drugs, or medication of any kind within the twenty-four (24) hours prior to said collision.  If so, please state the type of such substance consumed, the amount consumed, identify who you were with and/or with whom you came into contact and give the approximate time and place where same was consumed.

27.

Please state whether, at the time of subject collision, you were consuming any food or beverage or had any open containers of food or beverage in your vehicle.  If your answer is in the affirmative in any way, please explain in detail.

28.

Please state whether or not you have ever pled guilty to, pled nolo contendere to, or been convicted of any crime other than traffic violations in the last ten (10) years, including any instances of driving under the influence of drugs or alcohol ("DUIs"), and if so, please state the date and nature of the offense, the county and state in which you were tried or entered a plea, and the sentence given you.

29.

Please state whether your driver's license contains any restrictions now, or at the time of the collision, or whether your driver's license has ever been suspended for any reason.  If your answer to this interrogatory is in the affirmative, please state the nature of such restriction or the reason(s) for such suspension.

30.

State whether or not you have previously been involved in a lawsuit.  If so, identify each action by stating when, where, the nature of the action, the disposition of the case, and the name of the attorney who represented you.

31.

Please identify the cargo the subject trailer carried at the time of the subject incident, the weight of that cargo, the subject trailer's weight capacity (i.e., how much weight the trailer could carry), the subject tractor's hauling capacity (i.e., how much weight the tractor could pull), and any guidelines applicable to the subject tractor-trailer at the time of the subject incident as to what amount of weight was safe for the subject tractor-trailer to pull at normal highway conditions, whether you have any knowledge of those guidelines in any form, whether P & E DELIVERY, LLC's own policies, government regulations, industry guidelines, or any other source.

32.

Please identify all records, including but not limited to contracts of service, billing statements, invoices, and itemized statements for any cell phone, car phone, pager, QUALCOMM or other radio communication device that you owned, had access to, or used on

March 26, 2021.  This interrogatory seeks the name, address, and billing information for any contracts of service related to the communication media described in this interrogatory.

33.

At the time of the subject occurrence, was your truck equipped with any devices, of any kind and by whatever name known, which are intended to prevent or reduce driver inattention, combat driver fatigue, or otherwise improve in anyway the safety of driver performance?  Please state "Yes" or "No."  If your answer is in any way in the affirmative, for each such device, please identify its name, state whether it was being used at the time of the subject incident, describe what it is and how it functions, identify where in the vehicle it is located, the identity of the manufacturer or supplier of such device(s), and the identity of the natural person(s) at P & E DELIVERY, LLC who was at the time of the incident most knowledgeable about it.

34.

Please state whether to your knowledge P & E DELIVERY's tractors and/or trailers, including in particular the subject unit and trailer you were operating at the time of the occurrence, are (were) equipped with a sticker or sign bearing a 1-800 number or any other phone number or address that is (was) visible to other drivers on the highway and which could be used for reporting safety concerns or other reports concerning the method or manner in which P & E DELIVERY, LLC's drivers operated the vehicle while working at Defendant P & E DELIVERY, LLC.  If your answer is in any way in the affirmative, please identify where on the vehicle such statement was located; the exact language of the statement, including the number or address provided for reports; how all such reports are recorded and what is done with them; and any such reports regarding trucks you have driven.

35.

Please identify all persons who are supplying information to respond to these Interrogatories and to Plaintiff's Requests for Production of Documents.

36.

Please state whether you used a spotter to assist you at the time of the occurrence.

37.

Please state whether your view behind or to the side of the vehicle was restricted in any way at the time of the occurrence. This Interrogatory is intended to discover whether you could see the location of the Plaintiff beside the vehicle before impact if you looked.

Respectfully submitted, this 26th day of January, 2023.

SENIORCOUNSEL, LLC

/s/ Meredith Parrish
Meredith Parrish, Esq.
Georgia Bar No. 860703
*Attorney for Plaintiff*

3330 Cumberland Boulevard, Suite 500
Atlanta, Georgia 30339
T        (404) 590-0115
F        (404) 581-5278
mparrish@seniorcounsel.legal

STATE COURT OF
DEKALB COUNTY, GA.
1/26/2023 4:11 PM
E-FILED
BY: Monica Gay

- 16 -

## IN THE STATE COURT OF DEKALB COUNTY

## STATE OF GEORGIA

| | | |
|---|---|---|
| ERNEST GRANT, | : | |
| | : | |
| Plaintiff, | : CIVIL ACTION NUMBER 23A00395 | |
| | : | |
| v. | : | |
| | : | |
| ALFONSO GARFIAS, | : | |
| P & E DELIVERY, LLC, and GREAT | : | |
| WEST CASUALTY COMPANY, | : | |
| | : | |
| Defendants. | : | |

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT GARFIAS

To:   ALPHONSO GARFIAS

Pursuant to O.C.G.A. § 9-11-34, Plaintiff hereby requests that Defendant GARFIAS, respond, under oath, to the following Request for Production within forty-five (45) days of the date of service in conformity to the Georgia Civil Practice Act.  Plaintiff requests that Defendant read and abide by the preliminary notes and instructions set forth below.

## PRELIMINARY NOTES AND INSTRUCTIONS

1. General Notes

Plaintiff requests that Defendant produce and/or make available for inspection and copying true, accurate and complete copies of the documents and things described below that are in the possession, custody, and control of Defendant, its employees or subordinates, agents, investigators and/or attorneys.  Documents produced in response to these requests should be sent by First Class U.S. Mail or by Federal Express to the law offices of SENIORCOUNSEL, LLC, 3330 Cumberland Boulevard, Suite 500, Atlanta, Georgia 30339 no later than forty-five (45)

days from the date of service of these requests. This Request for the Production of Documents shall be deemed continuing so as to require supplemental answers if the persons or entities to whom this Request for the Production of Documents is addressed obtain further responsive documents or information.

Plaintiff requests that Defendant take the time to accumulate all information which is called for by this discovery request, whether it be facts or documents, and to provide all such information in its initial written discovery responses. If the time provided by law to respond to this written discovery does not provide you an adequate opportunity to do so, Plaintiff will consider an extension of the time, provided the extension requested is not excessive and will be used to provide for some substantive response and not merely a tool for delay.

Plaintiff requests that each Defendant respond to these Requests for the Production of Documents individually, separately and completely, and supplement any responses to these Requests for the Production of Documents individually, separately, and completely.   In supplementing, Plaintiff requests that you do not send letters to counsel identifying additional documents or information, but that you instead provide discovery responses in the form of a pleading served on all parties.

2. Claims of Privilege or Work Product

Defendant is hereby instructed not to make "general objections" based on privilege or work product claims, as such general objections do not specify what facts or documents exist that are subject to such claims, do not identify in any way the facts or documents to which privilege or work product is claimed, and do not provide anything to the Court for decision. If a particular document requested in this Request for the Production of Documents in fact encompasses facts or documents which you contend to be properly withheld from Plaintiff pursuant to some claim

of privilege or work product, then you are instructed to state that contention specifically. In the event any documents are withheld from production pursuant to such contentions, Plaintiff requests that Defendant prepare a privilege log identifying the specific documents withheld by date, author, recipients, type of privilege claimed and general subject matter, along with any other evidence which you contend supports your claims, so that Plaintiff can identify specific documents to be submitted *in camera* for review and ultimate decision by the Court as to the contentions of privilege. Failure to comply with these instructions will be deemed by Plaintiff to be a failure to answer or respond under O.C.G.A. § 9-11-37(d), inasmuch as the object of such failure could only be to delay, protract, and obstruct these proceedings.

3. Claims To Confidentiality/Proprietary Information

If Defendant believes that documents responsive to this Request for the Production of Documents are somehow confidential because they contain trade secrets or allegedly proprietary business information, such belief in and of itself provides no basis for the blanket withholding of production of such information in a timely manner. If Defendant intends to withhold the production of any documents on the basis of such claims to confidentiality, it should contact Plaintiff *before* responding to these requests and attempt to resolve the issue by entry into a limited and appropriate sharing protective order applicable only to documents to which supported claims to confidentiality are made. Failure to do so, or the interposing of such objections for the purposes of delay, will be deemed by Plaintiff to be a waiver of such claims.

4. Subsequent Discovery of Information

If in response to any of Plaintiff's document requests in this Request for the Production of Documents, Defendant fails to disclose any fact and then Defendant subsequently discloses such fact at a later date by supplemental response, please provide full information about how the

- 3 -

existence of this additional fact was "discovered" by Defendant, by whom such additional fact was "discovered," when such additional fact was "discovered," who made the decision to disclose such additional fact to Plaintiff, when that decision was made, and in detail, why such additional fact was not disclosed to Plaintiff in Defendant's initial responses to this Request for the Production of Documents.

## **DEFINITIONS**

As used herein, the terms listed below are defined as follows:

1.     "**Document**" means every writing, printing, record, graphic, photographic or sound reproduction of every type and description that has been in your possession, control or custody or of which you have knowledge, including but not limited to, correspondence, reports, meeting minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders, invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, e-mails, e-mail attachments, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, disks or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, pictures, and voice recordings.  Plaintiff expressly intends for the term "Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference.

2.     "**Person**" means any natural person, corporation, partnership, proprietorship, association, organization, group of persons, or any governmental body or subdivision thereof.

- 4 -

3.      (a)      "**Identify**" with respect to any "**person**" or any reference to stating the "**identity**" of any "**person**" means to provide the name, home address, telephone number, business name, business address, and business telephone number of such person, and a description of each such person's connection with the events in question.

(b)      "**Identify**" with respect to any "**document**" or any reference to stating the "**identification**" of any "**document**" means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation of the document or on whose behalf it was prepared, the name and address of the recipient or recipients of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

4.      "**You**" or "**your**" or "**Defendant**" refers to Defendant ALFONSO GARFIAS, as well as Defendant's attorneys, insurers, representatives, or agents.

5.      "**ALFONSO GARFIAS**" or "**GARFIAS**" refers to Defendant ALFONSO GARFIAS.

6.      "**P & E DELIVERY, LLC**" or "**P & E DELIVERY**" refers to Defendant P & E DELIVERY, LLC and all of its operating divisions, subsidiaries and affiliates, both domestic and foreign.

7.      "**GREAT WEST CASUALTY COMPANY**" or "**GREAT WEST**" refers to Defendant GREAT WEST CASUALTY COMPANY and all of its operating divisions, subsidiaries and affiliates, both domestic and foreign.

8.    "**Subject incident**" or "**subject occurrence**" or "**subject collision**" means the incident of March 26, 2021 occurring on Interstate 285 Southbound in DeKalb County, Georgia, which makes the basis of this lawsuit.

## REQUESTS TO PRODUCE

1.

Please produce true, accurate and complete copies of all witness statements obtained from any person, about any information relevant to any issue in this lawsuit, or the subject collision, including but not limited to the issues of liability or damages.

2.

Please produce true, accurate and complete copies of any photographs (prints -- not Xerox copies), still or motion pictures, videos, plans, drawings, blue prints, sketches, diagrams, computer simulations, or any other photographic or demonstrative evidence concerning the subject collision, the vehicles involved in the subject collision, the Plaintiff or any of the issues in this lawsuit, to include but not be limited to the issues of liability and damages.

3.

Please produce a true, accurate and complete copy of any incident report (by whatever name known) prepared by you, on your behalf, or by or on behalf of Defendants P & E DELIVERY, LLC, or GREAT WEST CASUALTY COMPANY concerning the subject collision or any claim or potential claim arising out of said collision.

4.

Please produce a true, accurate and complete copy of all policies of insurance (to include the Declarations pages) that do or may afford liability insurance coverage to this defendant with respect to Plaintiff's claims against this Defendant.  This Request includes primary insurance

coverage, excess insurance coverage, umbrella insurance coverage, personal insurance coverage, business insurance coverage, or any other type of liability insurance coverage.

5.

Please produce a true, accurate and complete copy of your paycheck, paycheck stub, time card, or any documentation of time worked for the time period during which this collision occurred. This request includes copies of any materials that reflect any expense (such as mileage, gas, etc.) that was reimbursed or was requested to be reimbursed.

6.

Please produce a true, accurate and complete copy of any and all driver's licenses in your possession at the time of the collision in question and at present.

7.

Please produce a true, accurate and complete copy of your driving history for the past ten (10) years.

8.

Please produce a true, accurate and complete copy of your driver's logs for the fourteen days prior to the subject collision, the log for date of said collision, and the logs for the seven days subsequent to said collision. Include any and all false logs along with true ones.

9.

Please produce a true, accurate and complete copy of any and all instruction manuals, rules, regulations, or any driver/employee handbook (by whatever name known) applicable to you as an employee or agent of P & E DELIVERY, LLC or given to you by P & E DELIVERY, LLC.

10.

Please produce a true, accurate and complete copy of your driver qualification file and your personnel file with Defendant P & E DELIVERY, LLC.

11.

Please produce a true, accurate and complete copy of any contract(s) or agreement(s) of any kind between you and P & E DELIVERY, LLC, including but not limited to any employment contract(s) or trip-lease agreement(s) that would have been applicable at the time of the subject collision or applicable to the particular trip being taken at the time of the subject incident.

12.

Please produce a true, accurate and complete copy of all claims forms, accident reports, incident reports, or other documentation by any other name evidencing any other collisions, wrecks, incidents, or moving violations in which you have been involved as a driver in the last ten (10) years, regardless of where such event occurred.

13.

Please produce true, accurate and complete copies of any and all trip sheets, bills of lading, shipping documents, or any and all other documents of any kind or by any other name which reflect information concerning the trip made by you or about to be made by you at the time the subject collision occurred, to include documents relevant to said trip from the time the trip originated until the time the trip was to end.

14.

Please produce a true, accurate and complete copy of any documentation of any kind received from Defendant P & E DELIVERY, GREAT WEST CASUALTY COMPANY, or any

other person, corporation, or insurer relative to your performance as a driver, to include any criticisms, reprimands, infractions, discharges, firings, or other commentary concerning your work as a professional driver during the time you were employed by or drove for P & E DELIVERY.

15.

Please produce a true, accurate and complete copy of any oral or written statement given by you and given to the police, your employer, any insurer, or any other person concerning the subject collision.

16.

Please produce true, accurate and complete copies of any and all evidence in your possession to include documents, photographs (prints -- not Xerox copies), sound or video recordings, or any documentation by any other name, that concerns Plaintiff's physical or medical condition, injuries, or any damages that have not been supplied to you by Plaintiff's counsel (i.e., in the event you received or do receive any documents related to Plaintiff, or to his physical or mental condition from any third party, the request seeks production of all such documents to Plaintiff).

17.

For the period of October 1, 2020 to March 26, 2021, please produce true, accurate and complete copies of billing statements, invoices, contracts for service, and itemized statements or other documents detailing or reflecting service for any car phone, cell phone, pager, QUALCOMM device, or other mobile communication medium available to Defendant on March 26, 2021.

18.

Please produce true, accurate and complete copies of any documents relating in any way to any plea of guilty, plea of nolo contendere, or conviction of any crime other than traffic violations, including any instances of driving under the influence of drugs or alcohol ("DUIs").

19.

Please produce documents received by you in response to request to produce to third parties.

Respectfully submitted, this 26th day of January, 2023.

SENIORCOUNSEL, LLC

/s/ Meredith Parrish
Meredith Parrish, Esq.
Georgia Bar No. 860703
*Attorney for Plaintiff*

3330 Cumberland Boulevard, Suite 500
Atlanta, Georgia 30339
T      (404) 590-0115
F      (404) 581-5278
mparrish@seniorcounsel.legal

STATE COURT OF
DEKALB COUNTY, GA.
1/26/2023 4:11 PM
E-FILED
BY: Monica Gay

March 9, 2023

VIA STATUTORY OVERNIGHT MAIL – FED EX
*SIGNATURE REQUESTED*
Mr. Alfonso Garfias
261 West Ohio Street
Tucson, Arizona 85714

> RE: ERNEST GRANT v. ALPHONSO GARFIAS et al.
> DeKalb County State Court
> Civil Action File Number: 23A00395

Dear Mr. Garfias:

Pursuant to Georgia's Non-Resident Motorist Statute, you are being served with a copy of the summons, complaint, and Plaintiff's First Interrogatories, Requests for Admissions, and Requests for Production of Documents to Defendant in the above-referenced matter. Copies of these documents are enclosed here. Please govern yourself accordingly.

Sincerely,

Meredith Parrish

Meredith M. Parrish
SENIORCOUNSEL, LLC

Enclosures
cc: Mr. Garfias (via certified mail)
    Mr. Garfias (via certified mail return receipt requested)