## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA

EDIBLE ARRANGEMENTS, LLC,

              Plaintiff,

vs.

CHEIKH MBOUP,
E.A. INTERNATIONAL LLC,
ACTIVE MEDIA SERVICES, INC., and
XYZ CORPORATIONS #1–4,

              Defendants.

Civil Action No. _____

## **COMPLAINT**

Defendant Cheikh Mboup, a former President and Chief Operating Officer of Edible Arrangements, LLC, committed fraud and theft, and he violated his employment contract and multiple other duties owed to Plaintiff Edible Arrangements, LLC ("Edible"). Mboup diverted certain funds to himself through a kickback scheme with Defendant Active Media Services, Inc. ("Active Media") and received those funds through Defendant E.A. International LLC. None of the Defendants has yet to return any of these funds to Edible.

- 1 -

## THE PARTIES

1.      Plaintiff Edible Arrangements, LLC is a Delaware limited liability company. As an LLC, Edible Arrangements, LLC takes on the citizenship of its members. Its sole member is Edible Brands, LLC, a single member limited liability company. Edible Brands, LLC's sole member is TKF Holdings, Inc., a corporation incorporated in Connecticut with its principal place of business at 980 Hammond Drive, Atlanta, Georgia 30328, in Fulton County, Georgia. Hereinafter, "Edible" refers to "Edible Arrangements, LLC" and other currently and legitimately affiliated Edible entities, which does not include "E.A. International LLC," "EA International LLC," "Edible Arrangements International, Inc.," "EA International," or "EAI."

2.      Defendant Cheikh Mboup is an individual who, upon information and belief, resides at 376 Pine Haven Dr., St. Johns, Florida 32259 and may be served at that address or, in the alternative, at 421 West Church Street, Unit 213, Jacksonville, Florida 32202.

3.      Defendant E.A. International LLC is a Delaware limited liability company with a principal office address at 704 North King Street Suite 500, P.O. Box 1031, Wilmington, Delaware 19899. Upon information and belief, E.A. International LLC's sole member is Cheikh Mboup, a citizen of Florida. E.A.

- 2 -

#3520953v1

International LLC may be served through its registered agent, Business Success

Solutions Inc., at 704 North King Street Suite 500, P.O Box 1031, Wilmington,

Delaware 19899.

4.      Defendant Active Media Services, Inc. is a Delaware corporation with

its principal place of business at One Blue Hill Plaza, Pearl River, New York

10965. Active Media may be served through its registered agent, Corporation

Service Company, at 251 Little Falls Drive, Wilmington, Delaware 19808.

5.      Defendant XYZ Corporations #1–4 are additional companies involved

in or taking part in the tortious conduct giving rise to this lawsuit but unknown at

this time.

## JURISDICTION AND VENUE

6.      This Court has subject-matter jurisdiction pursuant to 28 U.S.C.

§ 1332 because complete diversity exists and the amount in controversy exceeds

$75,000.

7.      Edible Arrangements, LLC is a citizen of Connecticut and Georgia

within the meaning and intent of 28 U.S.C. § 1332.

8.      Defendants Cheikh Mboup and E.A. International LLC are citizens of

Florida within the meaning and intent of 28 U.S.C. § 1332.

#3520953v1

9.      Defendant Active Media Services, Inc. is a citizen of Delaware and New York within the meaning and intent of 28 U.S.C. § 1332.

10.     Accordingly, the parties are completely diverse for purposes of this Court's jurisdiction.

11.     The Court has personal jurisdiction over Defendants because they regularly conducted business in Georgia, entered contracts in Georgia, and caused tortious injury by an act or omission in the State of Georgia.

12.     This Court is a proper venue pursuant to 28 U.S.C. § 1391(b)(2) because Defendants are subject to personal jurisdiction in this judicial district and a substantial part of the events or omissions giving rise to Edible's claims occurred in this judicial district.

## **FACTUAL ALLEGATIONS**

13.     Edible Arrangements, LLC is a franchising business with approximately 800 to 1,000 stores that specialize in sculpted fruit floral arrangements, chocolate-covered fruit gifts, and general gifting products.

14.     From around June 2019 to September 2022, Mboup served as Edible Arrangements, LLC's President and Chief Operating Officer at Edible's corporate headquarters, located at 980 Hammond Drive, 10th Floor, Atlanta, Georgia 30328.

#3520953v1

15.     As President and COO, Mboup had a position of trust and owed fiduciary duties to Edible Arrangements, LLC.

16.     Mboup does not and never did have an arrangement with Edible under which he acts as a broker between Edible and Edible's vendors.

**A.     Defendants' Fraudulent Scheme**

17.     On November 3, 2020, Mboup negotiated and signed a media-purchasing contract with Active Media, purportedly on behalf of Edible. A copy of the November 2020 contract is attached as **Exhibit 1**.[1]

18.     In reality, (a) Mboup used this negotiation to divert funds to himself, including bank accounts that he unilaterally controlled in the name of Defendant E.A. International LLC and (b) Active Media used this negotiation to obtain a multi-million-dollar media commitment from Edible.

19.     The contract refers to "Edible Arrangements International, Inc." as "Edible Arrangements" and falsely represents that "Edible Arrangements International, Inc." had offices at Edible's corporate headquarters. Ex. 1 at 1.

---

[1] Because the contract includes a confidentiality term, Edible has filed this contract under seal. Edible will confer with Defendants to resolve any confidentiality concerns, or publicly file the contract pursuant to the Court's request, so that the contract can be made part of the public record.

20.     "Edible Arrangements International, Inc." does not currently exist and is not affiliated with or in use by Edible. Edible Arrangements, LLC's corporate name from March 2006 to March 2012 was "Edible Arrangements International, Inc.," but "Edible Arrangements International, Inc." is no longer used and is no longer an active entity. For that same reason, "Edible Arrangements International, Inc." does not have offices at Edible's corporate headquarters.

21.     Mboup signed the contract as President and/or Chief Operating Officer of "Edible Arrangements International, Inc." Ex. 1 at 7.

22.     Mboup knew that he did not have authority to sign a contract on behalf of "Edible Arrangements International, Inc." and went beyond the authority of Edible Arrangements, LLC by doing so.

23.     Pursuant to the November 2020 contract, Active Media agreed to make an upfront payment to Edible in consideration for Edible's commitment to buy millions of dollars of media through Active Media. In addition, Active Media agreed to make certain reconciliation payments to Edible in the event that Edible's media purchases exceeded its commitment.

24.     Mboup, on behalf of "Edible Arrangements International, Inc.," and Active Media entered into at least six similar contracts on the following dates: July

9, 2021, October 1, 2021, October 7, 2021, December 17, 2021, March 28, 2022,

and May 18, 2022. Copies of these contracts are attached as **Exhibits 2–7**.[2]

25.    In total, Active Media agreed to pay at least $2,500,000 in upfront and

reconciliation payments to Edible in consideration for Edible's commitment to

purchase nearly $20,000,000 of media.

26.    To divert the payments due to Edible, Mboup would instruct Active

Media to wire money to one of several bank accounts, all of which Mboup

unilaterally controls ("the Accounts").

27.    Specifically, on November 12, 2020, August 23, 2021, November 10,

2021, November 22, 2021, and May 19, 2022, Mboup sent wire instructions to

Rick Forshay of Active Media from his edible.com email address and using an

email signature block that identified him as "President" and "COO" of "Edible

Arrangements, LLC." Copies of these emails are attached as **Exhibits 8–13**.

28.    Mboup opened the Accounts in the names of "EAI," "E.A.

International, LLC," and "EA International, LLC."

---

[2] Because the contracts include confidentiality terms, Edible has filed the contracts under seal. Edible will confer with Defendants to resolve any confidentiality concerns, or publicly file the contracts pursuant to the Court's request, so that the contracts can be made part of the public record.

29.     None of the entities associated with the Accounts is affiliated with Edible.

30.     Mboup knew that he was without Edible's authority to open these accounts and went beyond Edible's authority in doing so.

31.     Mboup concealed the Accounts and the payments pursuant to the Active Media contracts from Edible. He then kept the money and used it for his own personal benefit.

32.     Edible has no control over the Accounts or the funds within the Accounts, and despite demands for those bank records, Mboup and Defendant E.A. International LLC and their agents have refused to provide them.

**B.     Mboup Hid His Fraud for Years, In Part, By Creating Defendant E.A. International LLC**

33.     Mboup planned (and hid) his fraudulent scheme with Active Media for years. He did so, in part, by forming and operating Defendant E.A. International LLC.

34.     On or around December 5, 2019, Mboup formed Defendant E.A. International LLC, an active Delaware limited liability company.

35.     Mboup selected the name "E.A. International LLC" for the purpose of creating the false and misleading impression that it was related to Edible or legitimately affiliated with Edible.

36.     Mboup knew that he did not have Edible's authority to form and operate Defendant E.A. International LLC and went beyond Edible's authority in doing so.

37.     Mboup hid the existence of Defendant E.A. International LLC from Edible's executive officers, its legal team, and other corporate decision-makers. For example, Tariq Farid, founder and Chief Executive Officer of Edible Arrangements, LLC, was not aware of Defendant E.A. International LLC's existence until Mboup's scheme was uncovered in February 2023.

38.     Edible has since attempted to obtain information regarding Defendant E.A. International LLC through its registered agent in Delaware, but the registered agent has refused to provide any information.

**C.     Mboup Eventually Perpetrated His Fraud Alongside Active Media**

39.     Initially, Active Media represented that the upfront and reconciliation payments were intended for the benefit of Edible. For example, Mr. Forshay (a) referenced upfront and reconciliation payments as "cash payment to Edible" on July 9, 2021 (Ex. 9 at 2), "payment to Edible" on September 13, 2021 and

November 10, 2021 (Ex. 10 at 1–2); (b) asked Mboup for "Edible's ACH instructions" on August 23, 2021 (Ex. 9 at 1); and (c) stated "[w]e will pay Edible" on October 13, 2021 (Ex. 10 at 2).

40.     But rather than coordinate these payments through Edible's accounts payable department, Mr. Forshay repeatedly and exclusively requested wire instructions directly from Mboup, or asked Mboup to confirm wire instructions, including on August 19, 2021 (Ex. 9 at 1–2), August 23, 2021 (Ex. 9 at 1), October 13, 2021 (Ex. 10 at 2), November 3, 2021 (Ex. 10 at 1–2), November 10, 2021 (Ex. 10 at 1), November 22, 2021 (Ex. 11 at 1), and May 19, 2022 (Ex. 12 at 1).

41.     Indeed, on November 22, 2021, Mr. Forshay asked Mboup for "your banking details on Edible letterhead" to make one of the payments. Ex. 11 at 1.

42.     That same day, Mboup responded to Mr. Forshay with wire instructions for one of the Accounts on Edible letterhead, and Mboup sent that response from his edible.com email address, which included a signature block identifying him as "President - COO" of "Edible Arrangements, LLC." Ex. 11.

43.     Edible did not authorize Mboup, and Mboup knew he did not have Edible's authority, to, among other things: (a) form E.A. International LLC (b) hold out E.A. International LLC as affiliated with Edible (c) open any of the Accounts; (d) have upfront and reconciliation payments sent to the Accounts;

(e) receive the upfront and reconciliation payments through Defendant E.A. International LLC; or (f) use Edible's letterhead to send wire instructions for Defendant E.A. International LLC.

44.     Mboup knew that he did not have Edible's authority to use Edible letterhead for this purpose and went beyond Edible's authority in doing so.

45.     For months, if not years, Active Media also concealed from Edible the upfront and reconciliation payments to Defendants Mboup and E.A. International LLC.

46.     For example, between June 1 and June 24, 2021, Scott Wakeman, Edible's Executive Vice President of Operations, emailed Mr. Forshay of Active Media and requested a copy of an Edible-Active Media contract at least four times. A copy of these emails is attached as **Exhibit 14**.

47.     On June 1, 2021, Mr. Wakeman told Mr. Forshay that he, rather than Mboup, would be Edible's point of contact going forward. Ex. 14 at 6.

48.     Yet, after each request, Mr. Forshay ignored and/or refused to provide Mr. Wakeman with a copy of the contract. Ex. 14.

49.     And, instead of using Mr. Wakeman as the new point of contact, Mr. Forshay wrote on June 24, 2021 that he "sent over the business terms for Cheikh's review." Ex. 14 at 1.

#3520953v1

50.    By doing so, Active Media ensured that Defendants' scheme remained in their control and prevented Edible from obtaining material information that would have uncovered Defendants' scheme.

51.    Eventually, on August 17, 2022, Mr. Forshay sent Mr. Wakeman at least one contract and summarized the upfront and reconciliation payments made, purportedly to Edible, through the contracts.

52.    But Mr. Wakeman did not notify others at Edible about Defendants' arrangement or the millions of dollars purportedly paid to Edible.

53.    Active Media knew, or should have known, that Edible was not "Edible Arrangements International, Inc.," "EAI," "E.A. International, LLC," "EA International, LLC," or Defendant E.A. International LLC. Indeed, Mboup's emails to Active Media with wire instructions identify him as President and COO of "Edible Arrangements, LLC."

54.    Active Media knew, or should have known, that Mr. Mboup was not acting with Edible's authority or on behalf of Edible when he negotiated and signed contracts with Active Media on behalf of "Edible Arrangements International, Inc." and sent wire instructions to receive payments through different entities named "EAI," "EA International," "E.A. International LLC," and "E.A. International, LLC."

- 12 -

#3520953v1

55.     Mboup has removed some funds from at least one of the Accounts and has used the payments from Active Media for his own personal use.

56.     Mboup acted outside of the scope of his authority with Edible Arrangements, LLC by, among other things: (a) signing contracts with Active Media without review or approval from Edible's legal department; (b) directing Edible employees to wire money to Active Media to purchase advertising; and (c) sending wire instructions for an entity unaffiliated with Edible, including at least once on Edible letterhead.

57.     Mboup purported to impose payment obligations on Edible without remitting the benefit of the upfront and reconciliation payments to Edible.

58.     Active Media wrongfully obtained the benefits of Edible's business without remitting the benefit of the upfront and reconciliation payments to Edible.

59.     In total, Mboup and Active Media repeated this scheme at least seven times. Under this scheme, (a) Defendants Mboup and E.A. International LLC, on behalf of "Edible Arrangements International, Inc.," received at least $2,500,000 in upfront and reconciliation payments and (b) as a result of those upfront and reconciliation payments, Mboup caused Edible to pay millions of dollars to Active Media for media purchases.

- 13 -

60.     Ultimately, this relationship between Defendants is structured like a typical kickback scheme, where Active Media benefitted from Edible's advertising business, while it was paying Mboup to facilitate the relationship. All the while, Mboup was enriching himself, through Defendant E.A. International LLC, at the expense of Edible.

61.     Active Media knew, or should have known, that this was occurring, but it had no incentive to raise the issue with Edible and every incentive to continue the scheme.

**D.     Edible Uncovers Defendants' Scheme**

62.     Mboup's employment with Edible ended in September 2022.

63.     In or around December 2022 through January 2023, Active Media began contacting other Edible employees regarding media spend for 2023.

64.     By February 2023, Edible began to uncover the fraudulent nature of Defendants' conduct.

65.     On or about February 23, 2023, Active Media confirmed that it paid at least $2,500,000, allegedly to Edible, pursuant to the contracts.

66.     But, again, Edible did not receive those payments. Active Media should have made any upfront and reconciliation payments for the benefit of Edible, not Defendants Mboup or E.A. International LLC.

- 14 -

#3520953v1

67.     Indeed, the contracts make clear that those upfront and reconciliation payments are intended for Edible's benefit, as the party that was obligated to purchase millions of dollars of media with Active Media. Thus, these upfront and reconciliation payments should have been received by Edible.

68.     Active Media instead wrongfully sent those upfront and reconciliation payments to Mboup by and through Defendant E.A. International LLC.

69.     At minimum, Defendants Mboup and E.A. International LLC wrongfully received at least $2,500,000 in upfront and reconciliation payments pursuant to the contracts, and Edible was deceived into paying Active Media millions of dollars in media buys.

## <u>CLAIMS FOR RELIEF</u>

### Count One – Breach of Contract
### (Defendant Mboup)

70.     Edible incorporates and realleges the allegations of Paragraphs 1 through 69 as though they were restated herein.

71.      Edible and Mboup had a binding and enforceable employment contract.

72.     Mboup breached that contract and the implied covenant of good faith and fair dealing by, among other things, engaging in self-dealing and perpetrating the scheme described above at the expense of Edible.

73.     Edible suffered and will continue to suffer damages as a proximate cause of Mboup's breach of contract and implied covenant of good faith and fair dealing.

## Count Two – Breach of Fiduciary Duties
## (Defendant Mboup)

74.     Edible incorporates and realleges the allegations of Paragraphs 1 through 69 as though they were restated herein.

75.     Throughout the period of his employment as President and COO, Mboup owed fiduciary duties to Edible Arrangements, LLC.

76.     Mboup's fiduciary duties to Edible Arrangements, LLC included, but are not limited to, the duties of good faith and fair dealing and a legal duty to act in a manner that was in the best interests of Edible Arrangements, LLC and with the care an ordinarily prudent person in a like position would exercise under similar circumstances.

77.     Mboup breached his fiduciary duties by, among other things, engaging in self-dealing and misappropriating corporate opportunities, including by perpetrating the scheme described above at the expense of Edible.

78.     In breaching his fiduciary duties, Mboup acted knowingly, recklessly, wantonly, in bad faith, and with the intent of harming Edible.

79.     Edible suffered and will continue to suffer damages as a proximate cause of Mboup's breaches of his fiduciary duties.

## Count Three – Aiding and Abetting Breach of Fiduciary Duties
## (Defendants E.A. International & Active Media)

80.     Edible incorporates and realleges the allegations of Paragraphs 1 through 69 as though they were restated herein.

81.     Through improper action or wrongful conduct and without privilege, Defendants E.A. International LLC and Active Media acted to procure a breach of Mboup's fiduciary duty to Edible.

82.     With knowledge that Mboup owed Edible fiduciary duties, Defendants E.A. International LLC and Active Media acted intentionally and with malice and the intent to injure.

83.     The wrongful and tortious conduct of Defendants E.A. International LLC and Active Media procured Mboup's breach of fiduciary duty.

- 17 -

#3520953v1

84.     The wrongful and tortious conduct of Defendants E.A. International LLC and Active Media proximately caused damage to Edible.

## Count Four – Theft of Personal Property
### (All Defendants)

85.     Edible incorporates and realleges the allegations of Paragraphs 1 through 69 as though they were restated herein.

86.     O.C.G.A. § 51-10-6 provides that "[a]ny owner of personal property shall be authorized to bring a civil action to recover damages from any person who willfully damages the owner's personal property or who commits a theft as defined in Article 1 of Chapter 8 of Title 16 involving the owner's personal property."

87.     Defendants committed a theft by taking, in violation of O.C.G.A. § 16-8-2. That provision states that "[a] person commits the offense of theft by taking when he unlawfully takes or, being in lawful possession thereof, unlawfully appropriates any property of another with the intention of depriving him of the property, regardless of the manner in which the property is taken or appropriated." O.C.G.A. § 16-8-2.

88.     Defendants unlawfully took and otherwise appropriated Edible's property by diverting upfront and reconciliation payments that should have been

- 18 -

paid to Edible, obligating Edible to pay millions of dollars of media purchases with Active Media, and doing so without Edible's permission.

89.    Defendants intended to, and did in fact, deprive Edible of that property because, among other things, Defendants deprived Edible of its interests in and claims to the upfront and reconciliation payments and of millions of dollars in media purchases.

90.    Defendants committed a theft by deception, in violation of O.C.G.A. § 16-8-3. That provision states that "[a] person commits the offense of theft by deception when he obtains property by any deceitful means or artful practice with the intention of depriving the owner of the property" and that "[a] person deceives if he intentionally: (1) [c]reates or confirms another's impression of an existing fact or past event which is false and which the accused knows or believes to be false; (2) [f]ails to correct a false impression of an existing fact or past event which he has previously created or confirmed; [or] (3) [p]revents another from acquiring information pertinent to the disposition of the property involved." O.C.G.A. § 16-8-3.

91.    Defendants obtained the funds in the Account by deceitful means with the intent to deprive Edible of the funds. Specifically, Defendants gave the false impression that the upfront and reconciliation payments would be paid to Edible

when, in fact, they knew those payments would be, and were in fact, made to Defendant E.A. International LLC, a corporate entity that is not affiliated with Edible, and in the sole control of Mboup. Further, Active Media prevented Edible from acquiring information about the contracts that was pertinent to the disposition of the property involved.

92.    Defendants continue to deprive Edible of its property because the Accounts are in Defendant E.A. International LLC's name and the sole owner of the Accounts is Mboup, and Active Media has obtained millions of dollars in media payments from Edible but has not paid Edible the upfront and reconciliation payments.

## Count Five – Money Had and Received
## (All Defendants)

93.    Edible incorporates and realleges the allegations of Paragraphs 1 through 69 as though they were restated herein.

94.    Defendants wrongfully received money pursuant the contracts, and Defendants wrongfully retained money through the contract payments, including (a) money paid by Active Media to Defendants Mboup and E.A. International LLC and (b) money paid to Active Media by Edible.

95.    Defendants' conduct proximately caused Edible to suffer damages.

96.     In equity and good conscience, Defendants should not be permitted to retain this money and it must be returned to Edible.

## Count Six – Fraud & Fraudulent Concealment
## (Defendants Mboup and Active Media)

97.     Edible incorporates and realleges the allegations of Paragraphs 1 through 69 as though they were restated herein.

98.     Mboup concealed from and/or failed to disclose to Edible the existence of Defendant E.A. International LLC, the Accounts, the terms of the Active Media contracts, and the upfront and reconciliation payments received from Active Media, all of which were material omissions.

99.     For many months, Active Media concealed from Edible the upfront and reconciliation payments to Defendants E.A. International LLC and Mboup pursuant to the Active Media contracts, all of which were material omissions.

100.    Mboup and Active Media acted with scienter.

101.    Mboup and Active Media intended to induce Edible to act or refrain from acting.

102.    Edible justifiably relied on (a) Mboup's material misstatements and omissions, including but not limited to because of his role as President and COO; and (b) Active Media's material omissions. Active Media also knew, or had reason

- 21 -

to know, that Edible would justifiably rely on Mboup's material misstatements and omissions.

103.   Edible's justifiable reliance led to Mboup and Active Media creating and perpetrating a scheme by which they diverted at least $2,500,000 from Edible into accounts in the names of pseudo-Edible entities and under Mboup's sole control and deceived Edible into paying millions of dollars to Active Media.

104.   Edible could not have discovered the wrongdoing of Mboup and Active Media in the exercise of due diligence.

105.   As a direct and proximate consequence of the conduct of Mboup and Active Media, Edible has been injured in its business, causing Edible to suffer damages in an amount to be proven at the time of trial.

### Count Seven – Civil Conspiracy
### (All Defendants)

106.   Edible incorporates and realleges the allegations of Paragraphs 1 through 69 as though they were restated herein.

107.   Defendants, acting in concert with one or more of the other Defendants, each committed at least one of the torts alleged herein, including breach of fiduciary duty, civil theft, and fraud, all in furtherance of a scheme to

#3520953v1

defraud Edible, wrongfully receive Edible's property, and deprive Edible of other benefits to which it is entitled.

108.   Edible has suffered and will continue to suffer damages as a proximate cause of Defendants' actions.

## Count Eight – Breach of Contract
## (Defendant Active Media)

109.   Edible incorporates and realleges the allegations of Paragraphs 1 through 69 as though they were restated herein.

110.   Edible was a third-party beneficiary to the contracts between Active Media and "Edible Arrangements International, Inc."

111.   As a third-party beneficiary, Edible was entitled to receive and is entitled to enforce Active Media's promise to pay Edible upfront and reconciliation payments, as those payments were made for Edible's benefit.

112.   Active Media breached that contract by failing to pay the upfront and reconciliation payments to Edible or an entity actually affiliated with Edible.

113.   Edible suffered and will continue to suffer damages as a proximate cause of Active Media's breach of contract.

## Count Nine – Attorney's Fees and Expenses of Litigation
### (All Defendants)

114.   Edible incorporates and realleges the allegations of Paragraphs 1 through 69 as though they were restated herein.

115.   Defendants have acted in bad faith, been stubbornly litigious, and caused Edible unnecessary trouble and expense. Specifically, Defendants acted in bad faith in creating a fraudulent scheme whereby Defendants negotiated, entered into, and improperly received payments pursuant to the Active Media contracts.

116.   Edible has incurred attorney's fees and expenses of litigation as a direct result of Defendants' bad faith and stubborn litigiousness.

## **<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Edible respectfully requests that this Court provide all available relief and equity, including:

a.   A preliminary and permanent injunction;

b.   Compensatory damages in amount to be proven at trial;

c.   Punitive damages pursuant to all applicable law;

d.   Attorney's fees and expenses, pursuant to all applicable law, including but not limited to O.C.G.A. § 13-6-11 because Defendants have acted in bad faith, been stubbornly litigious, and caused Edible unnecessary trouble and expense;

- 24 -

#3520953v1

e. Pre-judgment and post-judgment interest pursuant to O.C.G.A.

§ 13-6-13 and all other applicable law; and

f. All other relief that the Court deems just and proper.

This 17th day of March, 2023.

*/s/ Jason J. Carter*
Jason J. Carter
Georgia Bar No. 141669
carter@bmelaw.com
Solesse L. Altman
Georgia Bar No. 442827
altman@bmelaw.com
Eliza L. Taylor
Georgia Bar No. 170118
taylor@bmelaw.com
**BONDURANT, MIXSON & ELMORE, LLP**
1201 West Peachtree Street, N.W., Suite 3900
Atlanta, GA 30309
404-881-4100 – Phone

*Attorneys for Plaintiff Edible Arrangements, LLC*

- 25 -