IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
Southern Division

| | | |
|---|---|---|
| MAXIM HEALTHCARE STAFFING SERVICES, INC., | ) ) ) ) | |
| *Plaintiff*, | ) ) | |
| v. | ) ) | No. _____ |
| JEROME CHARLES, | ) ) ) | |
| *Defendant*. | ) ) | |

**PLAINTIFF MAXIM HEALTHCARE STAFFING SERVICES INC.'S MOTION FOR LEAVE TO CONDUCT EXPEDITED DISCOVERY**

Plaintiff Maxim Healthcare Staffing Services, Inc. ("Maxim"), pursuant to Federal Rules of Civil Procedure 16(b), 26(d), 30(b)(1), 33, and 34, moves this Court for an order permitting limited, expedited discovery in aid of its Motion for Temporary Restraining Order and Preliminary Injunction, as stated more fully in the accompanying Memorandum in Support of Plaintiff Maxim Healthcare Staffing Services, Inc.'s Motion for Expedited Discovery.

Maxim respectfully requests the Court authorize discovery to begin immediately, and to shorten the deadline for Defendant Jerome Charles ("Charles") to respond to Maxim's initial written discovery requests to within 15 days of service. Maxim seeks to serve Charles with no more than 15 interrogatories, 15 requests for production, and 15 requests for admission during this limited, expedited discovery period.

1

Maxim also requests leave to conduct the depositions of Charles, a corporate representative of SnapNurse, Inc. (Charles' subsequent employer), and Charles' supervisor at SnapNurse, Inc. within 10 days of receipt of Charles' responses to Maxim's initial written discovery requests.

Finally, Maxim requests permission to immediately engage in third-party discovery to SnapNurse, Inc. through the use of subpoenas pursuant to Rule 45 in order to discover through depositions and written discovery the nature and extent of Charles' conduct at SnapNurse, Inc. and the potential disclosure of Maxim's confidential information and trade secrets to SnapNurse, Inc. Maxim further requests that the time period for responding to a subpoena issued to SnapNurse requesting the production of documents be 15 days after service.

Good cause exists to grant this request, as time is of the essence in this matter. *See Oce North America, Inc. v. MCS Services, Inc. et al.*, No. WMN0-10-CV-984, 2010 WL 11553001 (D. Md. Apr. 26, 2010) (granting expedited discovery of computer hard drives); *L'Occitane, Inc. v. Trans Source Logistics, Inc.*, 2009 WL 3746690, at *1 (D. Md. Nov. 2, 2009).[1] Extraordinary speed in adjudicating this matter to a preliminary injunction is required, because Charles has misappropriated confidential and trade secret information from Maxim, and has, or threatens to, disclose and utilize said information in competition with Maxim. (*See* Verified Compl., Doc. 1 at ¶¶ 48-52).

Specifically, in the days and weeks preceding the termination of his employment with Maxim, Charles improperly accessed, downloaded, and emailed over 90 documents containing Maxim's confidential and trade information to his personal email account. (*Id.*). The documents

---

[1] In *L'Occitane*, the court denied the motion for expedited discovery, but the circumstances here dictate the opposite result. *L'Occitane* did not involve fragile electronic information that can be destroyed in the ordinary course of normal computer use. Here, the very evidence necessary for Maxim to establish irreparable harm is on Charles' computers and/or in his possession on thumb drives, external drives, etc.

and information within these emails include, but are not limited to: confidential and proprietary internal training materials and sales strategies; contracts which contain terms, pricing, and client contact information; information about individuals who applied for jobs through Maxim; Maxim's client lists, including Excel documents containing information pertaining to thousands of Maxim's clients nationwide; and Maxim's prospective client lists containing information pertaining to Maxim's prospective clients nationwide. (*Id.* at ¶ 51).

This conduct is in violation of Charles' Employment Agreement with Maxim, and involves the actual, threatened, and/or inevitable misappropriation of Maxim's trade secrets in violation of the Defend Trade Secrets Act of 2016, 18 U.S.C. § 1832 *et seq.*; the Maryland Uniform Trade Secrets Act, Md. Code Ann., Com. Law § 11-1201 *et seq.*; and the Virginia Uniform Trade Secrets Act, Va. Code § 59.1-336 *et seq.*

Therefore, expedited discovery is necessary to prepare for the preliminary injunction hearing, as it is needed for Maxim to ascertain the full extent of Charles' misappropriation and his breach of the restrictive covenants contained within his Employment Agreement.

Dated January 17, 2023

Respectfully submitted,

*/s/ Michael J. Schrier*
Michael J. Schrier, Esq.
D. Md. Bar No. 15967
Husch Blackwell LLP
1801 Pennsylvania Ave., NW, Suite 1000
Washington, DC 20006
T: (202) 378-2313
F: (202) 378-2319
michael.schrier@huschblackwell.com

4874-0040-7881.8

>William E. Corum (*Pro Hac Vice Application forthcoming*)
>Tyler Hibler (*Pro Hac Vice Application forthcoming*)
>Megan Scheiderer (*Pro Hac Vice Application forthcoming*)
>Husch Blackwell LLP
>4801 Main Street, Suite 1000
>Kansas City, Missouri 64112
>T: (816) 983-8000
>F: (816) 983-8080
>william.corum@huschblackwell.com
>tyler.hibler@huschblackwell.com
>megan.scheiderer@huschblackwell.com
>
>Counsel for Maxim Healthcare Staffing Services, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on January 17, 2023, the above and foregoing document was filed electronically using the Court's CM/ECF system. The CM/ECF system will send the document and a notification of such filing (NEF) to all counsel of record.

In addition, and a true and correct copy of the above and foregoing was served upon Defendant Jerome Charles via Certified U.S. Mail at:

>4777 Balmoral Street
>White Plains, Maryland 20695

I also certify that a copy of the above and foregoing was sent to Defendant's last know email address at:

>Jcharles1288@gmail.com

>*/s/ Michael J. Schrier*
>**Attorney for Plaintiff**

4

4874-0040-7881.8