IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
Southern Division

_____  )
                                       )
MAXIM HEALTHCARE STAFFING             )
SERVICES, INC.,                        )
                                       )
    *Plaintiff*,                        )
                                       )
v.                                     )   No. 8:23-cv-00115-PX
                                       )
JEROME CHARLES,                        )
                                       )
    *Defendant*.                       )
_____  )

**ORDER GRANTING PLAINTIFF MAXIM HEALTHCARE STAFFING SERVICES, INC.'S MOTION FOR TEMPORARY RESTRAINING ORDER**

    This matter comes before the Court by way of Plaintiff Maxim Healthcare Staffing Services, Inc.'s Motion for *Ex Parte* Temporary Restraining Order and Preliminary Injunction against Defendant Jerome Charles [Doc. No. 3, filed January 17, 2023].

    On January 24, 2023, a hearing was conducted regarding this matter. Plaintiff appeared via its representative Sarah Sherman and with counsel Michael Schrier and Tyler Hibler of Husch Blackwell LLP. Defendant appeared in person and with counsel Granville Templeton of the Templeton Law Firm.

    During the hearing, Defendant, through counsel, represented that Plaintiff's request for a Temporary Restraining Order is not opposed. Defendant consents to an extension of Plaintiff's requested Temporary Restraining Order through March 31, 2023 at 3:00 p.m. ET.

    THEREFORE, upon consideration of the evidence, arguments and statements by counsel, and the entire record in this case, pursuant to Federal Rule of Civil Procedure 65, the Court hereby finds:

1. Entry for this Temporary Restraining Order will protect the status quo of the parties' positions and interests during the pendency of this case.

2. Entry of this Temporary Restraining Order will preserve the Court's ability to render a meaningful judgment on the merits of this case.

3. Plaintiff has established that, should this Temporary Restraining Order not be issued, it presently faces a likely risk of material, immediate, and irreparable harm.

4. Based upon the evidence presently before the Court, Plaintiff has established a likelihood that it will succeed on the merits of its claims asserted under the Defend Trade Secrets Act of 2016, 18 U.S.C. § 1836 *et seq.* ("DTSA"); Maryland Uniform Trade Secrets Act, Md. Code Ann., Com Law § 11-1201 *et seq.* ("MUTSA"); Virginia Uniform Trade Secrets Act, Va. Code § 59.1-336 *et seq.* ("VUTSA"); breach of contract; and other common law claims against Defendant Jerome Charles.

5. The balance of the equities favors Plaintiff, because Plaintiff has established the likelihood of immediate irreparable harm through further misappropriation, use, disclosure, or dissemination of one or more trade secrets and confidential information were this Temporary Restraining Order not issued, and Plaintiff has established that little to no harm will occur to Defendant.

6. This Temporary Restraining Order is in the public interest, as it furthers the public policies reflected in the DTSA, MUTSA, VUTSA, and the tort and common law claims. This Temporary Restraining Order protects the interests of Plaintiff and the public in lawful competition and the protection of confidential, proprietary, and trade secret information.

7. This Temporary Restraining Order is issued pursuant to Fed. R. Civ. P. 65, as specific facts have been set forth within Plaintiff's Verified Complaint [Doc. 1, filed January 17, 2023] which demonstrate immediate and irreparable injury, loss, or damage will likely result to Plaintiff. *Telesystems, Inc. v. Spotswood*, No. CV RDB 05-1532, 2005 WL 8174397, at *5 (D. Md. June 29, 2005) (the potential for the loss of trade secrets demonstrates irreparable harm because a trade secret once lost is, of course, lost forever).

Therefore, this Temporary Restraining Order is the only adequate remedy to prevent continued and irreparable harm, and the public interest is served by issuance of this Order. Accordingly, it is Ordered that:

1. Defendant Jerome Charles is immediately enjoined from using, accessing, modifying, destroying, or disclosing Plaintiff's confidential information and trade secrets, including, but not limited to, all documents and information contained within, or attached to, emails sent by Defendant from a Maxim Healthcare Staffing Services, Inc. email address to his personal email address, including subsequent dissemination to other networks, email addresses, or devices of any entity or person, as identified within Exhibit G [Doc. 1-7, filed January 17, 2023] to Plaintiff's Verified Complaint;

2. Prior to any discovery or analysis by any party of the personal computer of Defendant, or any other electronic device utilized by Defendant to access or transfer Plaintiff's confidential information and trade secrets, but in no event later than ten (10) days from the date of this Order, all such computers and devices of Defendant shall be preserved by a neutral third-party vendor. Defendant shall keep all such

3

  devices unpowered until delivered to a neutral third-party vendor for preservation. The parties are required to meet and confer on a protocol for preservation and investigation of such devices. Defendant is otherwise ordered to preserve all information described in Paragraph 1 as required under law.

3. Following the completion of discovery that would reflect any use or disclosure of all documents, files, and other materials Defendant transmitted to himself or others, or otherwise improperly retained, from his employment with Plaintiff, Defendant shall return and delete all documents, files, and other materials he transmitted to himself or others, or otherwise improperly retained from his employment with Plaintiff without proper authority and containing and/or comprising Plaintiff's confidential information or trade secrets, whether stored electronically or in hard copy, without retaining any copies thereof. In no event should Defendant delete or destroy materials described in this Paragraph that were not disclosed and/or produced to Plaintiff. The parties are ordered to meet and confer on an appropriate certification for the timely and complete return or destruction of the materials described in this Paragraph.

  This Order becomes effective, pursuant to Fed. R. Civ. P. 65(c), upon Plaintiff's payment to the Clerk of the Court security of One Hundred Fifty Dollars and no cents ($150.00), an amount the Court deems proper to pay the costs and damages sustained by Defendant in the event he is later found to have been wrongfully enjoined or restrained.

  This Order shall remain in effect until 3:00 p.m. ET, the 31st day of March, 2023, at which time the Court will conduct a hearing regarding Plaintiff's request for a preliminary injunction.

DATE: 1/27/2023

HOUR: 8:00 a.m. ET

                                           /S/
                       _____
                       THE HONORABLE PAULA XINIS
                       UNITED STATES DISTRICT COURT JUDGE

5