Mr. Shelton,

At the start of our 90 minute telephone conversation last evening during which I tried to resolve the current discovery dispute between Maxim and SnapNurse, you confirmed for me the following information:

- Few, if any, documents will be produced this week in response to the subpoena and you could not guarantee when (before or after the scheduled depositions) any documents would actually be produced.
- Ms. Barber will not appear as a witness for the deposition scheduled for Wednesday March 15, 2023 pursuant to the subpoena you accepted on her behalf. There will be no deposition this Wednesday.
- Finally, you indicated that if Maxim insisted on proceeding this week with the deposition of SnapNurse (and without receiving any documents prior to such deposition), SnapNurse will designate Barber to testify as a 30(b)(6) deponent on March 16, 2023 only on subjects 1-10, 13, 16, and 21 – leaving the other topics (11-12, 14-15, 17-20, 22-26) to potentially be covered at a later date, if at all.  You also indicated that if Maxim wanted depositions beyond the proposed truncated 30(b)(6) deposition with Barber as the sole designee as outlined above and without the benefit of any SnapNurse documents, then Maxim will need to engage in motions practice.

In an effort to meet you and SnapNurse "halfway", during our conversation last evening and again this morning I repeatedly asked you to provide me with a guarantee or promised date by when SnapNurse expects to produce documents in response to Maxim's subpoena duces tecum.  If SnapNurse would provide such firm guarantees, then Maxim would be willing to postpone the subpoenaed depositions to a later date, perhaps March 27 and 28, 2023 or some other mutually convenient date.  Instead of providing a firm date or any objective guarantees, you stated this morning via email:

> I'm not able to provide a "guarantee" as to a date certain that SnapNurse will be done with all the searching and work that it is doing (as I've previously described in writing and in our call yesterday).  What I can guarantee is that SnapNurse and I are working diligently to get through everything and to continue to provide you with feedback as we have it.

You accepted service of the subpoenas more than 20 days ago knowing the production date was March 16, 2023.  In light of that and your client's knowledge of the categories of topics, I fail to understand how – today and two days before the return date of the subpoena and days after you served SnapNurse's objections to the document requests – you and your client are unable to provide me with any firm estimates of when SnapNurse will provide documents or which categories of documents to which it will produce documents.  You have not identified which document requests SnapNurse objects to or for which ones SnapNurse might produce some documents.

The subpoena for SnapNurse, in addition to seeking the production of documents, also sets forth 26 topics for the 30(b)(6) type deposition requested pursuant to the subpoena.  In fact, the subpoena for testimony was predicated on having SnapNurse provide the responsive documents prior to or at the SnapNurse 30(b)(6) deposition to permit a full and complete exploration of the 26 topics designated.  However, given that SnapNurse is unable or unwilling to provide documents prior to the deposition and is otherwise being evasive, any deposition of SnapNurse this week would be futile, a waste of time, additional trips by me from DC to Atlanta, and likely to draw even more motions practice given your indication that SnapNurse intends to fight about whether some of the topics identified in the subpoena are "relevant" or fair game for a

third party deposition.

Let me summarize where we are this way:

- In light of your representation that Ms. Barber will not appear tomorrow for her properly noticed and subpoenaed deposition, we will proceed accordingly and expect that Ms. Barber will not show for such deposition. As such, we deem your representations and Ms. Barber's actions to constitute contempt of the subpoena.
- In light of your inability to provide any guarantees as to when SnapNurse will respond to the subpoena duces tecum AND precisely to which documents requests it intends to respond and in light of the extraordinarily vague objections SnapNurse served last Friday that were not linked to any specific document request, Maxim will be filing a motion to compel with the court at its earliest convenience.
- In the absence of any documents produced (or any guarantee by when documents will be produced) and in light of the fact that the 30(b)(6) deposition of SnapNurse was predicated on having received documents AND on SnapNurse designating witness(es) to testify as to ALL topics designated, and in light of SnapNurse's failure to seek a protective order or file a motion to quash the subpoena, Maxim will be moving forward with a motion to compel and/or a motion for contempt regarding the March 16, 2023 30(b)(6) deposition of SnapNurse.

Happy to revisit this if/when SnapNurse provides some guarantees and/or is willing to engage in a constructive dialogue. But, until then, Maxim will be proceeding with motions practice in light of what appears to be SnapNurse's deliberately evasive conduct in this matter.

Please let me know if you wish to revisit any of SnapNurse's positions in this matter.

Michael

**Michael Schrier**
**Partner**
Direct: 202-378-2313
Michael.Schrier@huschblackwell.com