IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>PLAINTIFF,<br><br>v.<br><br>$60,000.00 IN UNITED STATES CURRENCY AND $98,040.00 IN UNITED STATES CURRENCY,<br><br>DEFENDANTS. | Civil Action No. |

**VERIFIED COMPLAINT FOR FORFEITURE**

COMES NOW plaintiff United States of America, by Ryan K. Buchanan, United States Attorney, and Norman L. Barnett, Assistant United States Attorney, for the Northern District of Georgia, and shows the Court the following in support of its Verified Complaint for Forfeiture:

**NATURE OF THE ACTION**

1. This is a civil forfeiture action against $60,000.00 in United States currency that the U.S. Drug Enforcement Administration ("DEA") seized from Larry Denzel Rollins at Hartfield-Jackson Atlanta International Airport on or about September 29, 2022 following a consensual encounter between law

1

enforcement officers and Rollins while Rollins was waiting to board Delta Flight 345 to Los Angeles, California ("Defendant Currency I") and $98,040.00 in United States currency that DEA seized from Rollins and Alexis Jhane Jackson at Los Angeles International Airport ("LAX") on or about October 4, 2022 following the execution of a California Superior Court search warrant for luggage belonging to Rollins and Jackson that arrived at LAX on or about September 29, 2022 ("Defendant Currency II").

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1345 and 1355.

3. This Court has *in rem* jurisdiction over Defendant Currency I and II pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture of Defendant Currency I and II occurred in this district.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1)(A) because the acts or omissions giving rise to the forfeiture of Defendant Currency I and II occurred in this district, and pursuant to 28 U.S.C. § 1395 because Defendant Currency I is located in this district.

## BASIS FOR FORFEITURE

### Relevant Statutes

5.  Defendant Currency I and II are subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) on the grounds that they were furnished or intended to be furnished in exchange for a controlled substance, constitute proceeds traceable to such an exchange, or were used or intended to be used to facilitate a violation of 21 U.S.C. § 841.

6.  Defendant Currency I and II also are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) on the grounds that they constitute or were derived from proceeds traceable to a violation of a "specified unlawful activity."

7.  18 U.S.C. § 1956(c)(7) defines, in relevant part, a "specified unlawful activity" as any act or activity constituting an offense listed in 18 U.S.C. § 1961(1).

8.  18 U.S.C. § 1961(1) includes, as part of the list of offenses, "dealing in a controlled substance or listed chemical."

### Factual Background

*Seizure of the Defendant Currency I*

9.  On or about September 29, 2022, DEA task force officers, while working to identify individuals possessing illegal drugs and/or large amounts of money, established surveillance near Gate A25 at Hartsfield-Jackson International

Airport to conduct consensual encounters of passengers boarding the 8:15 a.m. Delta Flight 345, to Los Angeles, California.

10. TFOs Jarrod Browder and Christopher Cole observed a black male, later identified as Rollins, and a black female, later identified as Jackson, approach the gate area together.

11. TFO Browder then observed Rollins and Jackson separate prior to attempting to board the plane.

12. TFO Browder approached Rollins and identified himself as a DEA TFO.

13. TFO Browder asked Rollins for identification.

14. Rollins provided an Alabama driver's license with the name Larry Denzel Rollins.

15. TFO Browder explained that he works at the airport and conducts random interdictions looking for people carrying large sums of U.S. currency and controlled substances.

16. TFO Browder asked Rollins if he was carrying any large sums of U.S. currency over $5,000.00.

17. Rollins denied that he was carrying anything over $5,000.00.

18. TFO Browder asked Rollins if he had any checked bags.

19. Rollins responded that he had two checked suitcases.

20. TFO Browder asked Rollins for consent to search his checked suitcases.

21. Rollins refused consent to search his checked suitcases.

22. TFO Browder also asked Jackson if she checked any suitcases.

23. Jackson responded that she checked two suitcases.

24. TFO Browder asked Jackson for consent to search her checked suitcases.

25. Before Jackson could answer, Rollins answered for her and said no.

26. TFOs asked Rollins to allow Jackson to answer for herself.

27. TFOs again asked Jackson for consent to search her checked suitcases.

28. Jackson looked at Rollins and said no.

29. TFO Browder asked Rollins for consent to search the gray Louis Vuitton bag and gray rolling suitcase Rollins was carrying.

30. Rollins gave verbal consent to search both bags.

31. TFO Browder did not locate anything in the black and gray Louis Vuitton bag.

32. Upon searching the gray rolling suitcase, TFO Browder located an undetermined amount of U.S. currency inside of several pairs of pants and shorts

inside the rolling suitcase.

33. Based on the training and experience of law enforcement officers investigating this case, it is common for individuals to transport money involving illegal controlled substance proceeds by wrapping money in clothing within luggage.

34. The money located Rollins' rolling suitcase was later identified as Defendant Currency I.

35. Defendant Currency I consisted of 600 $100.00 bills.

36. TFO Browder asked Rollins how much money he was carrying.

37. Rollins initially said he was carrying about $6,000.00.

38. Rollins later told TFO Browder that he was carrying about $60,000.00.

39. TFO Browder asked Rollins why he was travelling.

40. Rollins first said he was travelling to Los Angeles because his sister had just had a baby.

41. Rollins then changed his story and told TFO Browder that he was going to Los Angeles to "turn up," or have a good time.

42. TFO Browder asked Rollins when he purchased his ticket for his trip to Los Angeles.

43. Rollins responded that the ticket was purchased the day before.

44. TFO Browder asked Rollins when he was returning to Atlanta.

45. Rollins said he was returning in four days.

46. Rollins later told TFO Browder that he was staying in Los Angeles for a week.

47. TFO Browder determined that Rollins and Jackson both purchased one-way tickets from Atlanta to Los Angeles.

48. Based on the training and experience of law enforcement officers investigating this case, Los Angeles is a source city for purchasing controlled substances.

49. Based on the training and experience of law enforcement officers investigating this case, it is also common for transporters of illegal controlled substances, proceeds from the sale of illegal controlled substances, and money intended to purchase illegal controlled substances to purchase one-way airline tickets shortly before a flight.

50. TFO Browder asked Rollins if he could prove the source of the money.

51. Rollins said he had a trucking company.

52. TFO Browder then asked Rollins if he could show where the money came out of a bank.

53. Rollins said he could not show where the money came from at the

time.

54. TFO Browder informed Rollins that the money was being seized pending further investigation.

55. TFO Browder provided Rollins with a receipt for Defendant Currency I.

56. Defendant Currency I was placed into an evidence bag and sealed in front of Rollins as witnessed by TFO Cole.

57. Later, on or about September 29, 2022, a drug detection canine performed a free air sniff on Defendant Currency I and gave a positive alert to the odor of narcotics.

58. Defendant Currency I is currently being maintained in Atlanta in a bank account held by the U.S. Marshals Service.

*Seizure of Defendant Currency II*

59. Rollins and Jackson did not board the 8:15 a.m. flight from Atlanta to Los Angeles.

60. TFOs helped Rollins and Jackson change their flight to a flight departing Atlanta at 10:15 a.m.

61. Rollins and Jackson did not board the 10:15 a.m. flight and eventually boarded a 4:56 p.m. flight from Atlanta to Los Angeles.

62. The checked suitcases belonging to Rollins and Jackson arrived at LAX on their original 8:15 a.m. flight.

63. The suitcases were left unattended at the Delta Airlines luggage carousel at LAX.

64. Rollins and Jackson never asked about the status of their checked bags and how they could retrieve them.

65. TFOs at LAX seized the checked suitcases belonging to Rollins and Jackson.

66. On or about October 4, 2022, TFO Eric Hakala applied for and obtained a search warrant in the Superior Court of Los Angeles County, California for the four checked suitcases belonging to Rollins and Jackson.

67. TFOs executed the search warrant and opened the suitcases.

68. Inside the suitcases, TFOs found several bundles of U.S. currency placed inside of articles of clothing.

69. Prior to the execution of the search warrant, a narcotics detecting canine alerted to the odor of narcotics on two of the four suitcases, both of which contained U.S. currency.

70. The cash located in the checked suitcases was later identified as Defendant Currency II.

71. Defendant Currency II consisted of various denominations of U.S. currency, including:

- 21 $10.00 bills,
- 3,614 $20.00 bills,
- 137 $50.00 bills, and
- 187 $100.00 bills.

72. During the execution of the search warrant on the four suitcases, the currency seized from Rollins' and Jacksons' luggage was inadvertently commingled into one exhibit.

73. Defendant Currency II is currently being maintained in Los Angeles in a bank account held by the U.S. Marshals Service.

74. Rollins has previously been arrested in Alabama for the following:

- possession of marijuana and possession of a controlled substance in 2014 and
- homicide-intentional murder in 2021.

*Administrative Proceedings*

75. DEA began administrative forfeiture proceedings against Defendant Currency I and II and sent notice to Rollins.

76. On or about December 17, 2022, the DEA received an administrative

claim from Rollins where he asserted that he was the owner of Defendant Currency I and II. After receiving the claim, the DEA referred this matter to the United States Attorney's Office for judicial forfeiture proceedings, as required by 18 U.S.C. § 983(a)(3)(A).

## CONCLUSION

77. Based on the foregoing, Defendant Currency I and II are subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6) on the grounds that they were furnished or were intended to be furnished in exchange for a controlled substance, that they constitute proceeds traceable to such an exchange, or that they were used or were intended to be used to facilitate the possession of a controlled substance in violation of 21 U.S.C. § 841.

78. Defendant Currency I and II are also subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C), because they constitute or were derived from proceeds traceable to a specified unlawful activity, namely the illegal distribution of controlled substances.

WHEREFORE, the United States prays:

    (1)     that the Court forfeit Defendant Currency I and II to the United States of America;

    (2)     that the Court award Plaintiff the costs of this action; and

(3)   that Plaintiff have such other and further relief as the Court deems just and proper under the facts and circumstances of this case.

This 17th day of March 2023.

                            Respectfully submitted,

                            RYAN K. BUCHANAN
                                *United States Attorney*
                                *600 U.S. Courthouse*
                                *75 Ted Turner Drive SW*
                                *Atlanta, GA 30303*
                                *(404) 581-6000   fax (404) 581-6181*

/s/NORMAN L. BARNETT
                                *Assistant United States Attorney*
                              Georgia Bar No. 153292
                              norman.barnett@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  PLAINTIFF,<br><br>  v.<br><br>$60,000.00 IN UNITED STATES CURRENCY AND<br>$98,040.00 IN UNITED STATES CURRENCY<br><br>  DEFENDANTS. | Civil Action No. |

**VERIFICATION OF COMPLAINT FOR FORFEITURE**

I, Jarrod R. Browder, have read the Complaint for Forfeiture in this action and state that its contents are true and correct to the best of my knowledge and belief based upon my personal knowledge of the case and upon information obtained from other law enforcement personnel.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

This __17__ day of March 2023.

_____
Jarrod R. Browder
Task Force Officer
Drug Enforcement Administration