# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA a/s/o THE HOME DEPOT, INC., <br><br> Plaintiff, <br><br> v. <br><br> Maersk Agency U.S.A., Inc., A.P. Møller - Mærsk A/S, and Maersk Mexico S.A. de C.V., <br><br> Defendants. | CIVIL ACTION NO. <br><br> _____ |

## COMPLAINT

Plaintiff National Union Fire Insurance Company of Pittsburgh, PA as subrogee of The Home Depot, Inc. (hereinafter referred to as "Plaintiff"), by and through its undersigned counsel, hereby submits its Complaint against Defendants Maersk Agency U.S.A., Inc. ("Maersk USA"), A.P. Møller - Mærsk A/S ("Maersk"), and Maersk Mexico S.A. de C.V. ("Maersk Mexico") (collectively, "Defendants"):

{00926247-5}   1

# INTRODUCTION

1.

This action arises from damage to various cargo ("Cargo") owned by The Home Depot, Inc. ("Home Depot"), insured by Plaintiff, and tendered for shipment to Defendants.

# PARTIES

2.

Plaintiff was and is a foreign corporation with a principal place of business at 1271 Avenue of the Americas, 37th Floor, New York, New York, 10020.

3.

Home Depot owned the Cargo.

4.

Plaintiff insured the Cargo, paid Home Depot's losses resulting from the incident detailed herein, and is thereby subrogated to Home Depot's rights.

5.

Maersk USA is a foreign corporation with a principal place of business at 180 Park Avenue, Florham Park, New Jersey 07932. Maersk may be served with process upon its registered agent, CT Corporation System located at 289 South Culver Street, Lawrenceville, Georgia 30046.

6.

Maersk is a Danish corporation with its principal office and place of business located at Copenhagen, Kingdom of Denmark. Maersk may be served with process in compliance with the requisite international treaties and other legal obligations.

7.

Maersk Mexico is a Mexican corporation with its principal office and place of business located at Mexico City, Mexico. Maersk Mexico may be served with process in compliance with the requisite international treaties and other legal obligations.

8.

Defendants were the vessel-operating common carrier hired by Home Depot to transport the Cargo.

## JURISDICTION AND VENUE

9.

This action involves a contract connected with shipping employed on the seas. The Honorable Court has jurisdiction and venue is proper pursuant to U.S. Const. art. 3, § 2, cl. 1 and 28 U.S.C. §§ 1331 and 1333. Furthermore, this is an admiralty and maritime claim within the meaning of Fed. R. Civ. P. 9(h).

# **BACKGROUND**

10.

On or around May 1, 2020, Home Depot and Defendants entered into a Worldwide Service Agreement ("Agreement").

11.

Under the Agreement, Home Depot agreed to hire Defendants to carry its Cargo, and Defendants agreed to do so subject to the Agreement's terms. More specifically, the Agreement states:

> If any shipment . . . is lost, damaged or destroyed as a result of [Defendants'] failure to meet its obligations under the Carriage of Goods by Sea Act ("COGSA") or any other statute or rule of law, [Defendants] shall compensate Home Depot for the C.I.F. value (including Duty), plus ten percent or $1,000 per package, whichever is greater, of any goods lost, damaged or destroyed. Moreover, notwithstanding COGSA, in addition to the above-stated right to damages, [Defendants] shall also compensate Home Depot for loss, damage or destruction to goods shipped under this Agreement, arising or resulting from the actions, negligence, or omissions of the master, mariner, pilot, or the servants of [Defendants] in the navigation or management of the ship.
>
> Home Depot shall have twelve months from the date of delivery, or the date when the goods should have been delivered, in which to file a claim for loss or damage with [Defendants]. . . .
>
> All claims shall be paid, settled, or disallowed by [Defendants] within ninety (90) days of filing. Whenever [Defendants] disallows a claim by Home Depot, it shall provide a lawful reason for doing so, which shall be stated by [Defendants] itself, not its insurer. [Defendants]'s failure

to timely respond to a claim shall be deemed an allowance of such claim.

12.

On or around January 5, 2022, Home Depot hired Defendants to transport the Cargo.

13.

The Cargo was set forth in bills of lading, including container numbers, the ports of loading and discharge, as well as the place of delivery.

14.

The Cargo was in good order and condition when delivered to Defendants and when the Cargo was loaded onboard the ship Maersk Dyros ("Ship").

15.

The Cargo was loaded and stowed in eight shipping containers (numbered MRKU2329410, MRKU2836293, PONU7970882, MRSU5264152, MRKU2541625, MSKU1884576, MSKU4788977, and MSKU4798260) ("Containers") onboard the Ship.

16.

On March 21, 2022, during the Ship's voyage to the Seattle, Washington, four of the Containers were damaged (numbered MRKU2329410, MRKU2836293,

PONU7970882, and MRSU5264152) and four were lost overboard in the North Pacific Ocean (numbered MRKU2541625, MSKU1884576, MSKU4788977, and MSKU4798260).

17.

Consequently, Defendants failed to deliver the Cargo in good order and condition.

18.

Defendants were legally obligated to care for and protect the Cargo during the transit identified on the bills of lading, and to deliver the Cargo in the same good order and condition as when the Cargo was received by Defendants.

19.

The Cargo's damage and loss caused Home Depot to suffer losses of at least ($163,850.00).

20.

Shortly thereafter, Home Depot submitted a claim to its cargo insurer, Plaintiff, for these losses, which Plaintiff paid.

21.

Plaintiff thereby became subrogated to Home Depot's rights.

22.

On or about April 5, 2022, pursuant to the Agreement, Home Depot filed a claim for losses with Defendants.

23.

Defendants never responded to Home Depot's claim for losses.

## COUNT I
## BREACH OF CONTRACT

24.

Plaintiff adopts the allegations of all preceding paragraphs as if fully set forth herein verbatim.

25.

Defendants entered into the Agreement to orchestrate transportation of the Cargo in exchange for compensation from Home Depot.

26.

A condition of the Agreement is that Defendants shall compensate Home Depot for any losses or damages incurred by Home Depot if its Cargo is lost, damaged, or destroyed as a result of Defendants' failure to meet their obligations under COGSA or any other statute or rule of law.

27.

Another condition of the Agreement is that Home Depot must file any claims within 12 months of the date of delivery or date when the goods should have been delivered.

28.

Under the Agreement, if Home Depot timely files these claims, Defendants are required to pay, settle, or disallow these claims within 90 days of filing.

29.

Under the Agreement, if Defendants fail to respond to a timely-filed claim, the claim shall be deemed an allowance.

30.

Home Depot's Cargo was lost and damaged on or about March 21, 2022.

31.

Home Depot's Cargo was lost and damaged as a result of Defendants' failure to meet their obligations.

32.

Under the Agreement, Home Depot timely filed its claim for loss and damages to its Cargo with Defendants.

33.

Defendants did not pay Home Depot's claim for loss and damages to its Cargo.

34.

Defendants did not settle Home Depot's claim for loss and damages to their Cargo.

35.

Defendants did not disallow Home Depot's claim for loss and damages to their Cargo.

36.

Defendants did not respond to Home Depot's claim for loss and damages to its Cargo.

37.

Under the Agreement, Defendants' failure to respond to Home Depot's claim for loss and damages to its Cargo constitutes an allowance of Home Depot's claim.

38.

Under the Agreement, Defendants are in material breach of their contractual obligations to Home Depot.

39.

Plaintiff, as subrogee of Home Depot, is entitled to actual damages totaling at least $163,850.00.

## COUNT II
## ATTORNEYS' FEES AND EXPENSES

40.

Plaintiff adopts the allegations of all preceding paragraphs as if fully set forth herein verbatim.

41.

Under the Agreement, Defendants agreed to indemnify Home Depot for any costs or expenses, including attorneys' fees, based upon any acts or omissions by Defendants, or the underlying shipping line, or its agents, sub-agents, representatives, or employees.

42.

Defendants entered into the Agreement to orchestrate transportation of the Cargo in exchange for compensation from Home Depot.

43.

A condition of the Agreement is that Defendants shall compensate Home Depot for any losses or damages incurred by Home Depot if its Cargo is lost, damaged, or destroyed as a result of Defendants' failure to meet their obligations.

{00926247-5}                                10

44.

Another condition of the Agreement is that Home Depot must file any claims within 12 months of the date of delivery or date when the goods should have been delivered.

45.

Under the Agreement, if Home Depot timely files these claims, Defendants are required to pay, settle, or disallow these claims within 90 days of filing.

46.

Under the Agreement, if Defendants fail to respond to a timely-filed claim, the claim shall be deemed an allowance.

47.

Home Depot's Cargo was lost and damaged on or about March 21, 2022.

48.

Home Depot's Cargo was lost and damaged as a result of Defendants' failure to meet their obligations.

49.

Home Depot timely filed its claim for loss and damages to its Cargo with Defendants.

50.

Defendants did not pay Home Depot's claim for loss and damages to its Cargo.

51.

Defendants did not settle Home Depot's claim for loss and damages to its Cargo.

52.

Defendants did not disallow Home Depot's claim for loss and damages to its Cargo.

53.

Defendants did not respond to Home Depot's claim for loss and damages to its Cargo.

54.

Under the Agreement, Defendants' failure to respond to Home Depot's claim for loss and damages to its Cargo constitutes an allowance of Home Depot's claim.

55.

Under the Agreement, Defendants are in material breach of their contractual obligations to Home Depot.

56.

Plaintiff, as subrogee of Home Depot, is entitled to actual damages totaling at least $163,850.00.

57.

Moreover, Plaintiff is entitled to costs and expenses, including reasonable attorneys' fees, associated with bringing this action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that the Court grant the following relief:

a) That service of a copy of the Summons and Complaint be perfected on Defendant;

b) That Plaintiff be granted a trial by jury;

c) That judgment be awarded against Defendant;

d) That the Court further award Plaintiff the recovery of reasonable attorneys' fees and expenses of litigation as provided under the Agreement;

e) That Plaintiff be awarded prejudgment and post judgment interest as provided by law; and

f) Any and all such further relief as the Court may deem just and appropriate.

Respectfully submitted this 17th day of March, 2023.

                                    Moseley Marcinak Law Group, LLP

                                    */s/ Blair J. Cash*
                                    Blair J. Cash
                                    Georgia Bar No. 360457
                                    blair.cash@momarlaw.com
                                    Donavan K. Eason
                                    Georgia Bar No. 487358
                                    donavan.eason@momarlaw.com
                                    *Attorneys for Plaintiff*
                                    *National Union Fire Insurance*
                                    *Company of Pittsburgh, PA a/s/o*
                                    *The Home Depot, Inc.*

Moseley Marcinak Law Group, LLP
P.O. Box 1688
Kennesaw, Georgia 30156
470-480-7258
470-480-7259 (Fax)

## **CERTIFICATE OF COMPLIANCE**

The undersigned hereby certifies that the foregoing document was prepared in accordance with N.D. Georgia Local Rule 5.1 and 7.1(D). Specifically, counsel certifies that he has used 14-point Times New Roman as the font in these documents.

This 17th day of March, 2023.

        Moseley Marcinak Law Group, LLP

        */s/ Blair J. Cash*
        Blair J. Cash
        Georgia Bar No. 360457
        blair.cash@momarlaw.com
        Donavan K. Eason
        Georgia Bar No. 487358
        donavan.eason@momarlaw.com
        *Attorneys for Plaintiff*
        *National Union Fire Insurance*
        *Company of Pittsburgh, PA a/s/o*
        *The Home Depot, Inc.*

Moseley Marcinak Law Group, LLP
P.O. Box 1688
Kennesaw, Georgia 30156
470-480-7258
470-480-7259 (Fax)

923811