# EXHIBIT "1"
# COMPLAINT FOR DMAMAGES IN TORT

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| OSCAR NINO DE RIVERA and ) <br> MARIA OCASTA OLVERA ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> EVANS DELIVERY COMPANY, INC., ) <br> ACE AMERICAN INSURANCE COMPANY, ) <br> and PAUL ANTHONY CLARK, ) <br> ) <br> Defendants. ) | Civil Action <br> File No. _____ |

## COMPLAINT FOR DAMAGES IN TORT

COME NOW, the Plaintiffs in the above-entitled action by and through their counsel, RONALD F. CHALKER, and files this their Complaint for personal injuries and state the following:

1.

The Defendant Evans Delivery Company, Inc. is a foreign corporation duly registered in the State of Georgia and may be served by and through its registered agent for service: David Lee Cates, 2300 Henderson Mill Road, Suite 112, Atlanta, Fulton County, Georgia 30345, and is subject to the jurisdiction of this Court.

2.

The Defendant Ace American Insurance Company is a foreign corporation duly registered in the State of Georgia and may be served by and through its registered agent for service: CT Corporation System, 289 South Culver Street, Lawrenceville, Gwinnett County,

Georgia 30046, and is subject to the jurisdiction of this Court.

3.

The Defendant Paul Anthony Clark is believed to be a non-resident motorist as defined under O.C.G.A. § 40-12-2, having a last known address outside the State of Georgia and may be served with a copy of this Complaint and Summons by serving him through the Georgia Secretary of State and for this reason jurisdiction over the Defendant is proper in this Court.

4.

That the Defendant Evans Delivery Company, Inc. is vicariously liable for the acts and conduct of its employee Defendant Paul Anthony Clark as stated herein.

5.

That at all times as hereinafter stated Defendant Paul Anthony Clark was an employee acting within the scope of his employment of the Defendant Evans Delivery Company, Inc.

6.

That at all times as hereinafter stated Defendant Paul Anthony Clark was operating a vehicle on behalf of Defendant Evans Delivery Company, Inc. with either the authority or scope of apparent authority and Defendant Evans Delivery Company, Inc. is responsible through the employer/employee agency which resulted therein and under the theory of respondeat superior.

7.

That on or about February 24, 2021 at approximately 3:32 p.m. on dry pavement

during daylight hours, Plaintiff Oscar Nino de Rivera was operating a 2007 International truck in a northerly direction on Interstate 85 approaching the Senoia Road exit inside the city limits of Fairburn in Fulton County, Georgia, wherein she slowed and then stopped his vehicle due to traffic ahead of him. The vehicle which the Plaintiff was driving was being operated in a cautious, careful and prudent manner, and having the right of way, was preparing to travel forward northbound on Interstate 85. At the same time and place, Defendant Paul Anthony Clark was a driving a 2001 Freightliner tractor trailer truck in the same northerly direction on Interstate 85 when he suddenly and without any warning forcefully struck and ran into the rear of the Plaintiff's vehicle with great force. The force of the collision was so great as to cause Plaintiff Oscar Nino de Rivera to be violently thrown about the interior of his vehicle wherein his body was thrown with such force that the impact caused him to sustain immediate and permanent physical and psychological injuries.

8.

That the Defendant Paul Anthony Clark prior to and at the time of impact was operating his employer's vehicle in a careless, reckless and unsafe manner, failed to keep a proper lookout, failed to keep his vehicle under control, failed to allow proper distance between his vehicle and the vehicle ahead of him in violation of O.C.G.A. § 40-6-49, drove his vehicle too fast for conditions then existing on the roadway in violation of O.C.G.A. § 40-6-180 and failed to exercise due care in violation of O.C.G.A. § 40-6-241, all in total disregard for the safety of the Plaintiff's vehicle and other vehicles around him.

9.

That the Defendants prior to and at the time of impact were and are negligent per se.

10.

That as a direct proximate result of said collision, the Plaintiff Oscar Nino de Rivera sustained severe injuries to his head, neck, chest, shoulders, arms and back areas of his body, and he experiences severe headaches, neck aches, loss of sleep, shoulder aches, back aches, depression, numbness and weakness throughout his arms, back and neck, all causing great limitation of movement, pain and suffering. Plaintiff Oscar Nino de Rivera will continue to endure his pain and suffering throughout his natural life in that his injuries are permanent in nature.

11.

That as a result of said injuries, Plaintiff Oscar Nino de Rivera has incurred substantial medical and doctor expenses in amounts which will be proven at the time of trial and he will continue to incur said expenses as future medical care is needed.

12.

That as a result of the injuries and damages sustained by Plaintiff Oscar Nino de Rivera, his wife, Plaintiff Maria Ocasta Olvera has suffered damages in the form of loss of consortium, lost as a direct result of the actions on the part of the Defendants as herein stated.

13.

In addition to the aforementioned damages, the Plaintiffs have and will suffer the following damages:

a) Personal injuries;

b) Pain and suffering;

c) Disability;

d) Disfigurement;

e) Mental anguish;

f) Loss of capacity for the enjoyment of life;

g) Impaired ability to labor;

h) Loss of earning capacity;

i) Loss of earnings;

j) Travel expenses for seeking medical treatments;

k) Other related and incidental expenses;

l) Permanent injuries;

m) Past, present and future medical expenses; and

n) Loss of consortium on the part of Plaintiff Maria Ocasta Olvera.

14.

That the Plaintiffs are entitled to and request attorney's fees and the expenses of litigation in that the actions on the part of the Defendant as hereinabove described show that the Defendant has acted in bad faith in the transactions and the dealings surrounding the hereinabove described incident and the Defendant, and the Defendant's agents, have failed to make any attempts whatsoever to mitigate the Plaintiffs' damages incurred as a direct proximate result of his negligence, have been stubbornly litigious and have caused the

Plaintiffs unnecessary trouble and expenses, entitling the Plaintiffs to expenses of litigation and attorney's fees as defined by O.C.G.A.§ 13-6-11.

15.

That each of the foregoing acts and omissions constitute an independent act of negligence on the part of the Defendants and one or more or all of the said herein above stated acts was the direct proximate cause of the injuries and damages sustained by the Plaintiffs.

16.

That the negligence on the part of the Defendants Paul Anthony Clark and Evans Delivery Company, Inc. was the proximate cause of the injuries and damages sustained by the Plaintiffs.

17.

That the Defendants Paul Anthony Clark and Evans Delivery Company, Inc. caused the collision sustained by the Plaintiff by failing to observe the rules of the road promulgated by common sense and safety regulations.

18.

That the Defendants Paul Anthony Clark and Evans Delivery Company, Inc. are common carriers, as defined by Georgia law, and have as their sureties, as required by O.C.G.A. § 46-7-12, the Defendant Ace American Insurance Company who is financially responsible for the negligent actions of Defendants Paul Anthony Clark and Evans Delivery Company, Inc. as described hereinabove.

WHEREFORE, the Plaintiffs pray for a judgment to be awarded jointly and severally against the Defendants for the following:

(a) For medical and doctor expenses in an amount to be proven through the evidence at the trial for the past, present and future;

(b) For pain and suffering on the part of Plaintiff Oscar Nino de Rivera for both the past, present and future in an amount to be proven through the evidence at the trial for the past, present and future;

(c) For loss of consortium on the part of the Plaintiff Maria Ocasta Olvera for the past, present and future in an amount which will be proven at time of trial through the evidence;

(d) For loss of income due to the inability to work and labor for both the past, present and future in an amount which will be proven at time of trial through the evidence;

(e) For travel expenses for seeking medical treatments in the amounts for the past, present and future, on behalf of the injured Plaintiff in an amount which will be proven at the time of trial through the evidence;

(f) For attorney's fees and cost of litigation in an amount which will be proven through the evidence at the time of trial;

(g) That a jury be impaneled to resolve all factual disputes;

(h) For such other and further relief as the Court deems just and proper;

(i) That the Plaintiffs be allowed to amend their Complaint in order to avoid a

manifest injustice.

                                        Respectfully submitted,

                                        /s/ Ronald F. Chalker
                                        RONALD F. CHALKER
                                        Attorney for Plaintiffs
                                        Georgia Bar No. 118701

LAW OFFICES
FALANGA & CHALKER
11200 Atlantis Place
Suite C
Alpharetta, Georgia 30022
(770) 955-0006