# EXHIBIT "5"

# ANSWER AND DEFENSES OF PAUL ANTHONY CLARK, EVANS DELIVERY COMPANY, INC. AND ACE AMERICAN INSURANCE COMPANY

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| OSCAR NINO DE RIVERA and,<br>MARIA OCASTA OLVERA,<br><br>    Plaintiffs,<br><br>v.<br><br>EVANS DELIVERY COMPANY, INC,<br>ACE AMERICAN INSURANCE<br>COMPANY, and PAUL ANTHONY<br>CLARK,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>) CIVIL ACTION NO. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

ANSWER AND DEFENSES OF PAUL ANTHONY CLARK,
EVANS DELIVERY COMPANY, INC., AND
ACE AMERICAN INSURANCE COMPANY

COME NOW defendants Paul Clark, Evans Delivery Company, Inc., and

ACE American Insurance Company, and file their answer and defenses to Plaintiffs'

Complaint for Damages in Tort ("the complaint"), showing as follows:

**FIRST DEFENSE**

Defendants respond to the specific allegations set forth in the Complaint for

Damages in Tort as follows:

1.

Responding to paragraph 1 of the complaint, Defendants admit only that Evans Delivery Company, Inc, is a foreign corporation which may be served through its registered agent for service, David Lee Cates, 2300 Henderson Mill Road, Suite 112, Atlanta, Georgia, 30345. Any remaining allegations set forth in paragraph 1 are denied.

2.

Responding to paragraph 2 of the complaint, Defendants admit only that Defendant ACE American Insurance Company is a foreign corporation which may be served through its registered agent for service, CT Corporation System, located at 289 S. Culver St., Lawrenceville, Georgia 30046-4805. Any remaining allegations set forth in paragraph 2 are denied.

3.

Responding to paragraph 3 of the complaint, Defendants admit only that Defendant Paul Anthony Clark is a resident and citizen of the state of South Carolina. non-resident motorist residing outside the State of Georgia. Any remaining allegations set forth in paragraph 3 are denied.

4.

Responding to paragraph 4 of the complaint, Defendants admit that only that

Clark was driving on behalf of Evans at the time of the accident and that if Defendant

Clark had been negligent, which is specifically denied, Evans would have vicarious

liability for such negligence. Any remaining allegations set forth in paragraph 4 are

denied.

5.

Responding to paragraph 5 of the complaint, Defendants admit that only that

Clark was driving on behalf of Evans at the time of the accident and that if Defendant

Clark had been negligent, which is specifically denied, Evans would have vicarious

liability for such negligence. Any remaining allegations set forth in paragraph 5 are

denied.

6.

Responding to paragraph 6 of the complaint, Defendants admit that only that

Clark was driving on behalf of Evans at the time of the accident and that if Defendant

Clark had been negligent, which is specifically denied, Evans would have vicarious

liability for such negligence. Any remaining allegations set forth in paragraph 6 are

denied.

7.

Responding to paragraph 7 of the complaint, Defendants admit only that on

or about 3:30 p.m. on February 24, 2021, a vehicle operated by Clark collided with

a vehicle operated by plaintiff. The remaining allegations set forth in paragraph 7 are denied in the form and manner alleged.

8.

Defendants deny the allegations contained in paragraph 8 of the complaint.

9.

Defendants deny the allegations contained in paragraph 9 of the complaint.

10.

Defendants deny the allegations contained in paragraph 10 of the complaint.

11.

Defendants deny the allegations contained in paragraph 11 of the complaint.

12.

Defendants deny the allegations contained in paragraph 12 of the complaint.

13.

Defendants deny the allegations contained in paragraph 13 of Plaintiffs' Complaint for Damages in Tort including subparagraphs a) through n) thereof.

14.

Defendants deny the allegations contained in paragraph 14 of the complaint.

15.

Defendants deny the allegations contained in paragraph 15 of the complaint.

16.

Defendants deny the allegations contained in paragraph 16 of the complaint.

17.

Defendants deny the allegations contained in paragraph 17 of the complaint.

18.

Responding to paragraph 18 of the complaint, defendants admit only that Clark and Evans are being provided a defense pursuant to a policy of insurance issued by ACE. The remaining allegations set forth in paragraph 18 constitute legal conclusions to which no response is required from this defendant but, to the extent a response is required, the allegations are denied.

19.

Defendants deny the allegations set forth in the unnumbered "WHEREFORE" paragraph immediately following Paragraph 18 of Plaintiffs' Complaint for Damages in Tort, including subparagraphs (a), (b), (c), (d), (e), (f), (g), (h) and (i) through (i),and specifically deny that Plaintiffs are entitled to any of the requested relief from Defendants.

20.

Except as expressly admitted herein, defendants deny any remaining allegations set forth in the complaint.

## SECOND DEFENSE

Some or all of the complaint fails to state a cause of action against Defendants upon which relief can be granted.

## THIRD DEFENSE

No act or omission by Defendants breached any duty owed to Plaintiffs.

## FOURTH DEFENSE

No purported breach of any duty by Defendants was the proximate cause of any damages to Plaintiffs.

## FIFTH DEFENSE

The occurrence complained of was caused, produced and brought about directly and proximately by the negligence of some other person or persons for whom these Defendants were not responsible and, on account thereof, Plaintiffs are not entitled to recover any sum from these Defendants.

## SIXTH DEFENSE

Plaintiffs' injuries, if any, were caused solely and proximately by the negligence of the Plaintiffs, which negligence was equal to or greater than any negligence chargeable to Defendants. Accordingly, Plaintiffs' recovery is barred or should be reduced by the proportion of Plaintiffs' own negligence proximately causing Plaintiffs' own injuries and damages, if any.

## SEVENTH DEFENSE

Plaintiffs, by the exercise of ordinary care, could have avoided being injured, and on account thereof, Plaintiffs are not entitled to recover any sum from these Defendants.

## EIGHTH DEFENSE

No act or omission of Defendants either proximately caused or contributed to whatever damage the Plaintiffs may have sustained, and on account thereof, Plaintiffs are not entitled to recover any sum from Defendants.

## NINTH DEFENSE

Plaintiffs have failed to state facts sufficient to entitle them to an award of attorneys' fees and expenses from Defendants.

## TENTH DEFENSE

Plaintiff's failure to plead special damage with particularity bars their recovery at trial.  See O.C.G.A. 9-11-9(g); Fed. R. Civ. P. 9.

## ELEVENTH DEFENSE

Plaintiffs' claim for attorneys' fees and expenses of litigation, to the extent that it arises under O.C.G.A. § 13-6-11, is barred because Defendants did not act in bad faith in the underlying transaction giving rise to this suit and because this is not a suit on a contract.

## TWELFTH DEFENSE

Plaintiffs' claim for attorneys' fees and expenses of litigation, to the extent that it arises under O.C.G.A. § 13-6-11, is barred by the existence of a bona fide dispute as to liability, causation, damages, or any other issue before the Court.

## THIRTEENTH DEFENSE

To avoid waiving affirmative defenses which may subsequently develop, and in further answer, defendants state that the complaint may be barred by the affirmative defenses stated in Fed. R. Civ. P. 8(c), or any one of them.

## FOURTEENTH DEFENSE

Defendants reserve the right to plead and prove such other defenses as may become known to them during the course of investigation and discovery.

## DEFENDANTS DEMAND A TRIAL BY JURY OF TWELVE

## ON ALL ISSUES SO TRIABLE.

WHEREFORE, having fully answered Plaintiffs' Complaint for Damages in Tort, Defendants pray that they be discharged of the complaint on all the aforesaid defenses, and that judgment be entered in favor of Defendants and against the Plaintiffs, with all remedies available at law.

This 20th day of March, 2023.

**FREEMAN MATHIS & GARY, LLP**

*/s/ E. Andrew Treese*
Jennifer C. Adair
Georgia Bar No. 001901
jadair@fmglaw.com
E. Andrew Treese
Georgia Bar No. 556850
atreese@fmglaw.com
Geoffrey F. Calderaro
Georgia Bar No. 991159
geoffrey.calderaro@fmglaw.com

*Attorneys for Defendants Evans Delivery
Company, Inc., ACE American Insurance
Company, and Paul Anthony Clark*

100 Galleria Parkway, Suite 1600
Atlanta, Georgia 30339-5948
(770) 818-0000 (Telephone)
(833) 330-3669 (Facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically submitted the foregoing

Answer and Defenses of Evans Delivery Company, Inc., Ace American Insurance

Company, Inc., and Paul Anthony Clark to the Clerk of Court using the CM/ECF

system which will automatically send electronic mail notification of such filing to

counsel of record who are CM/ECF participants and by placing a copy of the same

in the United States, postage prepaid and properly addressed as follows:

Ronald F. Chalker, Esq.
Law Offices of Falanga & Chalker
11200 Atlantis Place, Suite C
Alpharetta, Georgia 30022
3560 Lenox Road NE
Suite 3020
Atlanta, GA 30326
ronchalker@mindspring.com

This 20th day of March, 2023.

/s/ E. Andrew Treese
E. Andrew Treese

100 Galleria Parkway, Suite 1600
Atlanta, Georgia 30339-5948
(770) 818-0000 (Telephone)
(833) 330-3669 (Facsimile)