## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| Ranferi SANCHEZ AGUIRRE and Justina HURTADO REYES,<br><br>        Plaintiffs,<br><br>v.<br><br>Ur Mendoza JADDOU, Director of U.S. Citizenship and Immigration Services,<br><br>        Defendant. | Civil No:<br><br>COMPLAINT FOR AN ORDER TO COMPEL ADJUDICATION UNDER THE ADMINISTRATIVE PROCEDURE ACT AND WRIT OF MANDAMUS<br><br>USCIS Case Nos.<br>EAC-20-159-50216<br>EAC-20-159-50236 |

## I.    <u>INTRODUCTION</u>

1.    This is a civil action brought pursuant to 28 U.S.C. § 1361, 8 U.S.C. § 1329,

and 28 U.S.C. § 1331, to redress the deprivation of rights, privileges and

immunities secured to Plaintiffs to compel Defendant to perform a duty

Defendant owed to Plaintiffs.

2.    This action is brought to compel Defendant and those acting under her

direction to take action on Form I-918, Petition for U Nonimmigrant Status

and Derivative Plaintiff's Form I-918A, Petition for Qualifying Family

Members ("Petitions").

3.    Plaintiffs request that this Court issue injunctive relief and a writ in the

nature of mandamus compelling Defendant to make a determination to grant

or deny U nonimmigrant status to Plaintiffs under 8 U.S.C. §

1101(a)(15)(U).

## II.    <u>JURISDICTION</u>

4.    This Court has general federal question jurisdiction over this action under

5 U.S.C. §§ 555(b) and 706(a), 28 U.S.C. § 1361, and 28 U.S.C. § 1331(a).

Jurisdiction is also conferred by 5 U.S.C. § 704.

5.    This Court also has jurisdiction to grant declaratory relief pursuant to 28

U.S.C. §§ 2201 and 2202 and F.R.C.P. 57 and 65.

## III.    <u>VENUE</u>

6.    Venue in the Northern District of Georgia is proper pursuant to 28 U.S.C.

§1391(e). Defendant is an Officer of the United States acting in her official

capacity, and the U.S. Attorney General's Office, the Department of

Homeland Security ("DHS"), and the U.S. Citizenship and Immigration

Services ("USCIS") are agencies of the United States. Additionally,

Plaintiffs reside in this judicial district.

## IV.    EXHAUSTION

7.    There are no administrative remedies available for Plaintiffs to exhaust.

## V.    PARTIES

8.    Plaintiff Ranferi Sanchez Aguierre (EAC-20-159-50216),  and Plaintiff

Justina Hurtado Reyes (EAC-20-159-50236), are citizens of Mexico and

petitioners for U nonimmigrant status. Plaintiffs reside in Atlanta, Georgia,

which is in this judicial district.

9.    Defendant Ur Mendoza Jaddou is the Director of USCIS, an agency of the

United States. Ms. Jaddou is named in her official capacity.

## VI.    FACTUAL ALLEGATIONS

10.    Plaintiff Ranferi Sanchez Aguirre was the victim of an aggravated assault

with a deadly weapon that occurred at his worksite located in Roswell,

Georgia on June 19, 2018. He fully cooperated with the Roswell Police

Department and with the Fulton County District Attorney's Office in the

prosecution of the crime. As a result, in 2020 the Fulton County District

Attorney's Office executed a U nonimmigrant status certification, verifying

to USCIS that the Plaintiff was the victim of the qualifying criminal activity of felonious assault in the form of an aggravated assault with a deadly weapon and that he fully cooperated with its investigation of the criminal activity.

11.    As a result of the above, Plaintiff Ranferi Sanchez Aguirre submitted to Defendant a Form I-918, Petition for U Nonimmigrant Status, on March 16, 2020. *See* **Exhibit A.**  In addition, Plaintiff Ranferi Sanchez Aguirre submitted form I-1918A for his spouse, Justina Hurtado Reyes also on March 16, 2020. *See* **Exhibit B**.

12.    Since the Plaintiffs' filing of these Petitions, three years ago, no action has been taken by Defendant on these Petitions.

13.    Plaintiffs have at all times met and continue to meet the requirements necessary to obtain U Nonimmigrant Status.

14.    According to USCIS, the average processing time for the Vermont Service Center to issue a *bona fide* determination or a waiting list determination on a U visa application is currently 59.5 months. *See* **Exhibit C**.  As more fully explained below, *bona fide* determinations and wait list determinations are not full approvals of the U visa, but entitle petitioners to certain benefits,

including a stay of deportation and work authorization, while they await a

final determination. Presently, USCIS does not disclose processing time for

adjudication of the actual visa application, thus leaving the Plaintiffs fully in

the dark. Despite Plaintiffs' diligent efforts and follow up, it does not appear

that Defendant is moving forward on adjudicating Plaintiffs' petitions.

**V.**     <u>**Legal Background**</u>

**A.**     **The Mandamus Act**

15. Under 28 U.S.C. § 1361, the federal mandamus statute, this Court has

"original jurisdiction in the nature of mandamus to compel an officer or

employee of the United States or any agency thereof to perform a duty owed

to the plaintiff."

16. "Mandamus relief will be granted if the plaintiff can demonstrate that the

three enumerated conditions are present: (1) a clear right to the relief sought;

(2) that the defendant has a duty to do the act in question; and (3) no other

adequate remedy is available." *Iddir v. INS*, 301 F.3d 492, 499 (7th Cir.

2002) (internal citations omitted).

17. Courts have jurisdiction to determine whether a delay by USCIS in making

either a *bona fide* determination or a waitlist determination is unreasonable.

5

*Barrios Garcia v. DHS*, 25 F.4th 430 (6th Cir. 2022).

## B.      The Administrative Procedure Act

18.      Under the Administrative Procedure Act (APA), the Court is authorized to

compel agency action that has been unreasonably delayed. 5 U.S.C. §

706(1).

19.      An agency must "conclude a matter presented to it . . . within a ***reasonable***

time." 5 U.S.C. § 555(b) (emphasis added).

20.      Assessing reasonableness of the delay involves a balancing test, in which a

statutory requirement is a very substantial factor.

21.      In determining the reasonableness, courts have applied a four-factor test:

    (1) Whether the time the agency takes to make a decision is governed by
a rule of reason, the context for which may be supplied by an enabling
statute that provides a timetable or other indication of the speed with
which Congress expects the agency to proceed;

    (2) Whether human health and welfare are at stake (delays that might be
reasonable in the sphere of economic regulation are less tolerable
when human health and welfare are at stake);

    (3) The effect of expediting delayed action on agency activities of a
higher or competing priority; and

    (4) The nature and extent of the interests are prejudiced by the delay.

*Telecommunications Research & Action Center v. FCC*, 750 F.2d 70, 77-79

(D.C. Cir. 1984).

### C.     The U Visa Adjudication Process

22.    In 2000, Congress created a new visa category for immigrant victims of

crime who cooperate with law enforcement in the investigation or

prosecution of a crime. *See* Victims of Trafficking and Violence Protection

Act of 2000 ("VTVPA"), Pub. L. No. 106-386, 114 Stat. 1464 (2000).

23.    Congress enacted the U visa provision to strengthen law enforcement's

ability to investigate and prosecute crimes "while offering protection to

victims of such offenses in keeping with the humanitarian interests of the

United States." VTVPA, Pub.L. 106-386, at § 1513(a)(2)(A). "This visa will

encourage law enforcement officials to better serve immigrant crime victims

and to prosecute crimes committed against aliens." *Id*.

24.    To be eligible for a U visa, an applicant must show: (1) he was the victim of

an enumerated crime in violation of law; (2) he "suffered substantial

physical or mental abuse as a result of having been a victim of criminal

activity"; (3) he possesses information concerning the criminal activity; and

(4) he helped or is helping law enforcement or prosecutors in the

investigation or prosecution of criminal activity. *See* 8 U.S.C. §

1101(a)(15)(U)(i)(III).

25.     There is an annual statutory cap on U visas. By statute, USCIS may only
        issue 10,000 visas per year. 8 U.S.C. § 1184(p)(2). In the past several years,
        U visa applications have far exceeded the 10,000-per-year cap, resulting in a
        backlog of nearly 90,000 U visa applications awaiting adjudication.

### D.     The Regulatory Waiting List Process

26.     To address this backlog, USCIS enacted a regulatory "waiting list," whereby
        USCIS conducts an initial adjudication and places "eligible petitioners who,
        due solely to the cap, are not granted U nonimmigrant status . . . on a waiting
        list." 8 C.F.R. § 214.14(d)(2). While on the waiting list, USCIS will grant the
        applicant deferred action and may grant work authorization. *Id.*

### E.     Unreasonable Delay in this Case

27.     According to USCIS's published processing times, 80% of adjudications of
        either the *bona fide* determination or the wait list determination are being
        completed in 59.5 months, or five years. ***See*** **Exhibit B**.

28.     All of the TRAC Factors weigh in favor of compelling agency action. First,
        there is no rule of reason controlling USCIS's U status waiting list decisions.

29. USCIS does not make U-status waiting list decisions on a first in, first out basis.

30. USCIS systematically prioritizes later filed petitions over earlier filed petitions for U status waiting list decisions.

31. There is no cap for the U-status waiting list or *bona fide* determination.

32. USCIS's published processing times for U-status adjudications are inaccurate.

33. Because the processing times are expressed as a percentage of cases completed by a certain date, there is no way to know the actual processing time and therefore later-filed applications get U status waiting list decisions or *bona fide* determinations ahead of earlier filed applications.

34. It has been the policy of USCIS to expedite waiting list decisions for foreign nationals in removal proceedings or foreign nationals subject to a final order of removal upon a request from ICE, regardless of whether they are detained or non-detained.

35. USCIS has failed to follow its own policy in this case by expediting waiting list decisions for those applicants in removal proceedings.

36.   USCIS makes U-status waiting list decisions for derivatives whenever it

        makes a waiting list decision for the principal, even if the petitions for the

        derivatives were filed years later.

37.   USCIS has no demonstrable rule of reason.

38.   To the extent it has a rule of reason, it must provide proof of such rule of

        reason and that it follows the rule of reason. *Solis v. Cissna*, No. CV

        9:18-00083-MBS, 2019 WL 8219790, at *14 (D.S.C. July 11, 2019)

        (Finding "USCIS has not established adherence to its own rule of reason

        such that court-ordered action on Plaintiffs' petitions would interfere with

        USCIS's other functions and activities.").  Therefore, this factor weighs in

        favor of a finding of an unreasonable delay.

39.   Second, Congress has indicated that all immigration applications for

        non-immigrant benefits, such as U-status waiting list decisions and *bona fide*

        determinations, should be made in 180 days: It is the sense of Congress that

        the processing of an immigration benefit Petition should be completed not

        later than 180 days after the initial filing of the Petition, except that a

        petition for a nonimmigrant status under section 1184(c) of this title should

be processed not later than 30 days after the filing of the petition. 8 U.S.C. §

1571(b).

40.    USCIS strives to meet this six-month timeline, indicating that section

1571(b) does provide content for USCIS's timelines.

41.    Further, Congress indicated that it should take months, not years to

adjudicate U-status waiting list decisions. *See* 154 Cong. Rec. H10,888,

10,905 (Dec.10, 2008) (statement of Reps. Berman and Conyers), 2008 WL

5169865. This factor favors finding that this delay is unreasonable.

42.    Third, USCIS's U status waiting list decisions impact human health and

welfare. Plaintiffs are unable to acquire deferred action, and therefore are in

danger of being subject to removal proceedings and/or physical removal

from the United States. Plaintiffs are unable to acquire work authorizations.

Without work authorizations they are unable to provide for themselves and

their family. Additionally, without work authorization to secure employment,

Plaintiff also lacks the economic stability needed to further his rehabilitation

and healing following his victimization. Plaintiffs are unable to obtain a

Social Security number or a driver's license. This prevents them from

enjoying the benefits of opening a bank account, paying into social security,

and safely paying taxes. All of these deprivations impact Plaintiffs' health and welfare. This delay, therefore, affects health and welfare interests, not purely economic interests.

43.    Fourth, compelling USCIS to put Plaintiffs on the U status waiting list or issue a *bona fide* determination would have no effect on a USCIS activity of a higher or competing priority. USCIS claims that timely adjudication of U status applications is a priority. Compelling agency action here would comport with USCIS policy.

44.    USCIS is treating Plaintiffs differently than other U status applicants because it has made U status waiting list decisions for later-filed applications. USCIS knowingly cites to inaccurate processing times to claim that Plaintiffs' U status waiting list decision is within processing times.

45.    Compelling USCIS to make a waiting list decision for Plaintiffs would not simply push Plaintiffs to "the front of the line" because there is no "line." USCIS does not make U status waiting list decisions on a first in, first out basis.

46.    Further, to the extent compelling USCIS to make U status waiting list decisions delays adjudication of earlier filed petitions, it only delays such

decisions by the amount of time it takes an immigration service officer to decide one application. Upon information and belief, this time is a matter of mere hours. Thus, any effect is *de minimis* and has no impact on the overall adjudication waiting times or process. USCIS has sufficient resources to make U status waiting list decisions in a reasonable amount of time.

47.     On the other hand, Plaintiffs' interests are prejudiced by the continued delay. Plaintiffs are deprived of the right to deferred action and the right to apply for work authorization, a social security number, and a driver's license.

48.     Fifth, a finding that a 59.5-month delay in its decision to put the Plaintiffs on the U status waiting list or issue a *bona fide* determination does not require a finding of agency impropriety.

49.     The TRAC Factors weigh in favor of this Court compelling USCIS to determine immediately whether Plaintiffs should be put on the U status waiting list or issued a *bona fide* determination.

50.     A 59.5-month delay for a U-status waiting list decision is unreasonable under the APA. *Patel v. Cissna*, 400 F. Supp. 3d 1373 (M.D. Ga. 2019); *Camarena v. Cuccinelli*, No. 19 C 5643, 2020 WL 550597, at *1 (N.D. Ill. Feb. 4, 2020); *Garcia v. Dep't of Homeland Sec.*, No. 19-CV-1265, 2019 WL

7290556, at *1 (N.D. Ill. Dec. 30, 2019); *Haus v. Nielsen*, No. 17 C 4972,

2018 WL 1035870, at *3 (N.D. Ill. Feb. 23, 2018); *Solis v. Cissna*, No.

18-83, slip op. at 20-22 (D.S.C. Jul. 11, 2019) (15 months); *Solis v. Cissna*,

No. CV 9:18-00083-MBS, 2018 WL 3819099, at *1 (D.S.C. Aug. 10, 2018)

(37 month delay); *Perez v. Cissna*, No. CV 2:18-00069- MBS, 2018 WL

5013857, at *1 (D.S.C. Oct. 15, 2018) (30 months); *Berduo v. Cissna*, No.

CV 9:18-00082-MBS, 2018 WL 5013593, at *1 (D.S.C. Oct. 15, 2018) (34

months); *Gutierrez v. Cissna*, No. CV 2:18-00076-MBS, 2018 WL 5013642,

at *1 (D.S.C. Oct. 15, 2018) (29 months); *Martinez v. Cissna*, No. CV

2:18-00077-MBS, 2018 WL 5013834, at *1 (D.S.C. Oct. 15, 2018) (34

months); *Mata v. Cissna*, No. CV 2:18-00073- MBS, 2018 WL 5013838, at

*1 (D.S.C. Oct. 15, 2018) (28 months); *Lopez v. Cissna*, No. CV

2:18-00071-MBS, 2018 WL 5013830, at *1 (D.S.C. Oct. 15, 2018) (30

months); *A.C.C.S., et al. v. Kirstjen M. Nielsen, et al.*, No.

CV1810759DMGMRWX, 2019 WL 7841860, at *10 (C.D. Cal. Sept. 17,

2019); *M.J.L. v. McAleenan*, No. A-19-CV-00477-LY, 2019 WL 6039971, at

*7 (W.D. Tex. Nov. 13, 2019); *Rodriguez v. Nielsen*, No. 16-cv-7092, 2018

WL 4783977 (E.D.N.Y. Sep. 30, 2018); *but see Gonzalez v. Cissna*, 364 F.

Supp. 3d 579 (E.D.N.C. 2019).

51.   The delays in this case are substantially unjustified.

## COUNT 1

52.   Plaintiffs reallege and incorporate by reference all paragraphs above.

53.   Plaintiffs are eligible for immediate adjudication of their petitions for U

Nonimmigrant Status.

54.   Plaintiffs are eligible for a waiver of inadmissibility and/or admissible to the

United States as a lawful U Nonimmigrant Status.

55.   Plaintiffs have suffered and will continue to suffer significant and irreparable

harm because of the Defendant's policies, procedures, acts and failures to act

as described herein.

56.   Defendant violated Plaintiffs' statutory right to apply for benefits which

Congress has provided under the Immigration and Nationality Act ("INA"),

depriving Plaintiffs of the opportunity to pursue the U Nonimmigrant Status

and live lawfully in the United States under 8 U.S.C. § 1101(a)(15)(U).

## COUNT 2

57.   Plaintiffs reallege and incorporate by reference all paragraphs above.

58.   Plaintiffs have suffered a legal wrong or have been "adversely affected or aggrieved" by agency action. 5 U.S.C. § 702. Plaintiff is a person aggrieved by agency action, for which there is no other adequate remedy in a court. 5 U.S.C. § 704.

## COUNT 3

59.   Plaintiffs reallege and incorporate by reference all paragraphs above.

60.   Defendant owes Plaintiffs a clear and certain duty to adjudicate Plaintiffs' petitions for U Nonimmigrant Status.

61.   Plaintiffs have no other adequate remedy.

## **Prayer for Relief**

Plaintiff respectfully requests the Court grant the following relief:

1.   Assume jurisdiction over this action;

2.   Issue a Writ of Mandamus compelling Defendant to immediately adjudicate the pending petitions for U Nonimmigrant Status, and if Defendant places Plaintiffs on the waiting list or issues a Bonafide Determination in their cases, to promptly issue an Employment Authorization Document to them;

3.   Declare that Defendant's failure to adjudicate the pending petitions for U nonimmigrant status violates 5 U.S.C. § 706(1);

4.    Declare that USCIS has not made a "waiting list" determination regarding

Plaintiffs' U visa petition "within a reasonable time," in violation of the

APA, 5 U.S.C. § 555(b);

5.    Award Plaintiffs reasonable costs and attorney's fees under the Equal Access

to Justice Act; and

6.    Award such further relief as the Court deems just or appropriate.


Respectfully submitted this 20th day of March, 2023.

_____/s/_____
Zainab A. Alwan, Esq.
Georgia Bar # 385074
Attorney for the Plaintiffs
Socheat Chea, P.C.
3500 Duluth Park Lane, Bldg. 300
Duluth, Georgia 30096
(770) 623-8880
(770) 623-8852 (fax)
zainab@socheatchea.com

## <u>CERTIFICATE OF SERVICE</u>

This is to certify I electronically filed the foregoing **COMPLAINT FOR WRIT OF MANDAMUS** and its accompanying Exhibits with the Clerk of Court using the CM/ECF system. This system will automatically send email notification of such filing to all below Defendants who are registered with this system. In addition, in compliance with local rules, this initial Complaint and the accompanying Exhibits and summons have also been served by First Class Certified Mail, postage pre-paid, on:

Ur Mendoza Jaddou, Director USCIS
c/o
Office of the Chief Counsel
5900 Capital Gateway Drive
Mail Stop 2120
Camp Springs, MD 20588-0009

Ryan K. Buchanan, U.S. Attorney,
Northern District of Georgia
75 Ted Turner Drive SW
Suite 600
Atlanta, Georgia 30303

Certified on this 20th day of March, 2023:

_____/s/_____
Zainab A. Alwan, Esq.
Georgia Bar # 385074
Attorney for the Plaintiffs
Socheat Chea, P.C.
3500 Duluth Park Lane, Bldg. 300
Duluth, Georgia 30096
(770) 623-8880
(770) 623-8852 (fax)
zainab@socheatchea.com

18

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| Ranferi SANCHEZ AGUIRRE and Justina HURTADO REYES, | Civil No: |
| Plaintiffs, | COMPLAINT FOR AN ORDER TO COMPEL ADJUDICATION UNDER THE ADMINISTRATIVE PROCEDURE ACT AND WRIT OF MANDAMUS |
| v. | |
| Ur Mendoza JADDOU, Director of U.S. Citizenship and Immigration Services, | USCIS Case Nos. EAC-20-159-50216 EAC-20-159-50236 |
| Defendant. | |

## LIST OF EXHIBITS

Exhibit A    Receipt Notice for Principal Plaintiff's Form I-918 U-Visa Petition;

Exhibit B    Receipt Notice for Derivative Plaintiff's Form I-918A Petition for Qualifying Family Member; and

Exhibit C    Current USCIS processing time report for Form I-918.