UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **Wali KHAN**<br>**Nur Afiqah BINTI MOHD SHARIT,**<br><br>   **Plaintiffs,**<br><br>v.<br><br>**ANTONY J. BLINKEN**<br>**Secretary of the Department of State**<br><br>**U.S. DEPARTMENT OF STATE**<br>**Executive Agency**<br><br>***BRIAN D. MCFEETERS***<br>*Ambassador, U.S. Consulate*<br>*Kuala Lumpur, Malaysia*<br><br>**JOHN DOE**<br>*Unnamed consular officer, U.S. Consulate*<br>*in Kuala Lumpur, Malaysia*<br><br>   **Defendants.** | Civil Action No.<br>**Complaint for Declaratory and Injunctive Relief Under the Administrative Procedure Act and for a Writ of Mandamus** |

## COMPLAINT FOR WRIT OF MANDAMUS

**To the Honorable Judges of Said Court:**

Plaintiffs, Ms. Nur Afiqah Binti Mohd Sharit and Mr. Wali Khan, through undersigned counsel, allege as follows:

## INTRODUCTION

1. This is a civil action to compel the Department of State and its officers ("Defendants") to immediately take all appropriate action issue a decision on the immigrant visa application of Plaintiffs' Ms. Sharit and Mr. Khan has been pending at the U.S. Consulate in Kuala Lumpur, Malaysia ("the Consulate") since August 16, 2022.

2. The immigrant visa petition is based on approved Petition for Alien Relative (Form I-130) filed on Plaintiff on her behalf by her U.S. citizen spouse, Plaintiff Mr. Khan.  The I-130, which was received by U.S. Citizenship and Immigration Services ("USCIS") on June 13, 2020, was approved on April 22, 2021, and forwarded to the Consulate. *See* **Exhibit B and C** (Notice of I-130 Approval and Notice of IV Creation)

3. The visa application has been delayed by "administrative processing." Defendants have repeatedly stated that they cannot offer any estimate of how long administrative processing will take, leaving Plaintiffs in a constant state of stress and uncertainty.

4. Defendants have a clear and unambiguous duty to adjudicate the visa application and to do so within a reasonable period. The length of

administrative processing by the Defendants in adjudicating Plaintiff's current visa application is unreasonable.

## JURISDICTION AND VENUE

5. Jurisdiction in this case is proper under 28 U.S.C. §§ 1331 and 1361. Specifically, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, which provides that "district courts shall have original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States."

6. This Court can also compel agency action that is unlawfully withheld, or which is contrary to law, an abuse of discretion, or arbitrary and capricious. 5 U.S.C. §§ 555(b), 706.

7. Further, this Court has subject matter jurisdiction under the Mandamus statute, 28 U.S.C. § 1361. Districts courts have original jurisdiction of any action in mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to them. 28 U.S.C. § 1361. In this case, Defendants have failed or refused to adjudicate Plaintiff Sharit's visa in a timely and reasonable manner despite their clear, non-discretionary duty to do so, and there is no other adequate remedy available to Plaintiffs.

8. This Court has authority to grant relief under the Mandamus Act (28 U.S.C. § 1361), the Declaratory Judgment Act (28 U.S.C. § 2201), and the Administrative Procedure Act (5 U.S.C. § 702).

9. Venue is proper in this Court under 28 U.S.C. §1391(e)(3) because this is an action against officers and agents of the United States in their official capacities and Plaintiff Mr. Khan resides in this district and no real property is involved in this action.

10. All administrative remedies have been exhausted by Plaintiffs.

11. Plaintiffs have standing. Defendants' unlawful actions in refusing to adjudicate and issue Plaintiff has caused and continues to cause Plaintiffs a concrete and particularized injury by denying Plaintiffs the opportunity to re-unite as a family in the United States. The requested relief will redress these injuries by allowing Plaintiffs to obtain the immigration benefit for which they are otherwise eligible.

## PARTIES

12. **Plaintiff Mr. Khan** is a United States citizen and resident of Georgia. He is the petitioner of an approved 1-130, Petition for Alien Relative, on behalf of his wife, Plaintiff Ms. Sharit.

13. **Plaintiff Sharit** is a citizen of Malaysia. She is the beneficiary of an approved 1-130, Petition for Alien Relative, filed on her behalf by her

husband Mr. Khan. Ms. Sharit submitted her Immigrant Visa Application on September 6, 2018, and was interviewed at the U.S. Consulate in Kuala Lumpur, Malaysia on August 16, 2022. She is awaiting the adjudication of her visa application. ***See Exhibits D, E & F*** (Copy of DS-260 Application, Copy of DS-260 Confirmation Form and Immigrant Visa Interview Notice)

14. **Defendant Antony Blinken** is the U.S. Secretary of State and is responsible for overseeing the administration of all aspects of the Department of State. He is sued in his official capacity.

15. **Defendant U.S. Department of State** is a cabinet-level department of the U.S. federal government. Department of State ("DOS") is responsible for the issuance of nonimmigrant visas abroad.

16. **Defendant Brian D. McFeeters** is the U.S. Ambassador to Malaysia. Consular Section Chief at the U.S. Consulate in Kuala Lumpur, Malaysia. He is sued in his official capacity.

17. **Defendants John Doe** is an unknown consular officer who has responsibility for setting appointments and adjudicating visa applications. He is sued in her official capacity but is unnamed because Plaintiffs have no ability to ascertain his actual identity.

## STATUTORY AND REGULATORY BACKGROUND

18. Congress has long recognized that "family reunification" is the "cornerstone of U.S. immigration policy," and serves the "national interest." 136 Cong. Rec. H8629-02 (1990); *see also*, H.R. Rep No. 82-1355 (1952).

19. Immigration based on a foreign national's familial relationship with a United States citizen is the primary method by which foreign nationals may seek to immigrate to the United States.

20. This family-sponsored immigration process is initiated when U.S. Citizen sponsors a qualifying family member by filing a Petition for Alien Relative (Form I-130) with USCIS. 8 U.S.C. § 1154. USCIS then verifies that the petitioner is a U.S Citizen and that a qualifying familial relationship exists between the petitioner and the beneficiary. 8 C.F.R. § 204.1(a)(1).

21. If an I-130 petition is approved, USCIS forwards the approved petition to the NVC. The beneficiary is then able to begin the process of formally applying for a visa by submitting a DS-260 Online Immigrant Visa and Alien Registration Application with the NVC.

22. After completing the DS-260 application, filing supporting documentation, and paying applicable fees, a beneficiary becomes "documentarily qualified," meaning that "the applicant has obtained all

documents specified by the consular officer as sufficient to meet the formal visa application requirements, and necessary processing procedures of the consular office have been completed."

23. When a case becomes documentarily qualified, the NVC then forwards the case file to the consular post. *See* Foreign Affairs Manual (FAM) 504.4-5(B).

24. The beneficiary is then interviewed by a consular officer at the beneficiary's applicable U.S. embassy or consulate.

25. Under the INA, consular officials are required to act on visa applications. The relevant statutory language states that for immigrant visas:

> When a visa application has been properly completed and executed in accordance with the provisions of the INA and the implementing regulations, the consular officer must issue the visa, refuse the visa, or, pursuant to an outstanding order under INA 243(d), discontinue granting the visa. 22 C.F.R. § 42.81(a); *see also* sections 101(a)(9), (16), 201(b)(2)(A)(i) of the Immigration and Nationality Act (INA), 8 U.S.C. §§ 1101(a)(9), (16), 1201(b)(2)(A)(i); *Patel v. Reno*, 134 F.3d 929, 932 (9th Cir. 1997) ("A consular office is required by law to act on visa applications.")

26. Congress has always expected that immigration benefits be issued in a timely manner. Specifically, Congress has declared that "[i]t is the sense of Congress that the processing of an immigration benefit application should be completed not later than 180 days after the initial filing of the application." 8 U.S.C. §1571(b).

27. The FAM also recognizes that Congress intended family-based visa applications to be adjudicated expeditiously, stating that "Section 237 of Public Law 106-113 and subsequent legislation require that the Department establish a policy under which immediate relative (and fiance(e)) visas be processed within 30 days of receipt of the necessary information from the applicant and the Department of Homeland Security (DHS); all other family-based immigrant visas (IV) must be processed within 60 days. The Department expects all posts to strive to meet the 30/60-day *requirements.*" 9 FAM 504.7-2 (emphasis added).

## FACTUAL ALLEGATIONS

28. Plaintiffs' immigrant visa process began on June 13, 2020, when Plaintiff Mr. Khan filed form I-130 for his wife, Plaintiff Sharit. ***See Exhibit B*** (I-130 Approval Notice).

29. On April 22, 2021, USCIS approved the I-130 and forwarded the approved I-130 to the NVC. ***See Exhibit C*** (Notice of IV Creation).

30. On July 12, 2021, Plaintiff-completed and submitted form DS-260, Immigrant Visa Application and was issued the following confirmation number: AA00A71Z2Z. ***See Exhibit E & D*** (DS-260 Form and DS-260 Confirmation)

31. On June 22, 2022, Plaintiffs received a notice from the NVC informing them that Plaintiff Sharit has been scheduled for an interview at the Consulate on August 16, 2022. ***See Exhibit F*** (Immigrant Visa Interview Notice).

32. Plaintiff-Sharit attended the interview at the Consulate on August 16, 2022.

33. On August 16, 2022, after the interview, Defendants "refused" Plaintiff Sharit visa application under section 221(g) of the INA because the case was "incomplete" and issued him a notice of required documentation. ***See Exhibit G*** (Request for Additional Evidence from U.S. Embassy Kuala Lumpur). When a consular officer "refuses" a case under 221(g), she or he will convey to the applicant whether the applicant is required to provide any further documentation or information, or whether the case requires additional administrative processing.

34. The notice indicated that the Defendants required additional information regarding the Plaintiffs' application for an Immigrant Visa. ***See id.***

35. Plaintiff and her husband have been married since January 11, 2020.

36. Plaintiffs provided updated information as requested on August 16, 2022, and August 24, 2022. Defendants updated the Consulate. ***See Exhibit H and I*** (Email Response and Tracking Information).

37. To date, Plaintiffs case status remains "refused" despite confirmation that the required documents were accepted and despite Plaintiff's inquiries regarding the same. *Id.*

38. On November 6, 2022 the Defendants' responded to Plaintiff's inquiry stating that "Your wife's visa application is still undergoing administrative processing at the U.S. Embassy in Kuala Lumpur in order to verify your wife's qualifications for this visa. Be assured that your wife will be promptly notified as soon as the administration processing is complete." *See Exhibit J* (Email Response from Consulate).

39. Plaintiffs has attempted to contact the Defendants in efforts to resolve the delay but has not received any information. Since them Plaintiffs have inquired on the status of their case multiple times through the assistance of multiple congressional liaisons. One inquiry from Representative Bourdeaux's Office was responded to by the Consulate on October 14, 2022: "Our record show that Mrs. Nur Afiqah Binti Mohd Sharit's case is still undergoing administrative processing to verify the applicant's qualifications for this visa. As mentioned in the previous email, administrative processing typically lasts up to 90 days, although in some cases, such as this one it may take longer." Another inquiry from the same office was responded to on November 30, 2022: "We acknowledge

that this case has been pending for a considerable period of time and we are working with the relevant offices to expedite processing". ***See Exhibit K***, Inquiry from Representative Bourdeaux's Office.

40. Plaintiff then inquired via U.S. Senators of Georgia, Senators Ossoff and Senator Warnock. On September 8, 2022, the U.S. Embassy in Kuala Lumpur responded to the inquiry from Senator Warnock's office stating: "While we cannot predict when the processing of the visa will be completed, please be assured that we are aware of your concerns and will do all we can to see that the application is adjudicated as soon as administrative processing is *(sic)* been completed. We are aware that this case has been pending for a considerable period of time, and we are working with the relevant offices to expedite the administrative processing period." ***See Exhibit L and M***, Response to Liaison Inquiry from Senator Ossoff's and Senator Warnock's Office.

41. Plaintiffs have done everything that the Defendants have asked of them, and they have exhausted all available avenues to have their cases promptly adjudicated.

42. To date, the Immigrant Visa Application has remained stagnant in administrative processing, and there have been no further substantive updates.

43. Plaintiffs have suffered direct harm caused by the delay, including financial, emotional, and medical cost. ***See Exhibit N and O,*** Affidavit and Medical Records.

44. Plaintiffs have no other recourse against Defendants' unlawful delay than by way of this lawsuit.

## CLAIMS FOR RELIEF

**FIRST CAUSE OF ACTION (Unreasonable Delay in Violation of the Administrative Procedure Act (5 U.S.C. § 706(1))**

45. Section 706(1) of Title 5 provides that a reviewing court shall compel agency action unlawfully withheld or unreasonably delayed. 5 U.S.C. § 706(1).

46. "With due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b).

47. The "agency action" that is covered by the APA includes "the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent to denial thereof, or *failure to act*." 5 U.S.C. § 551(13) (emphasis added).

48. The APA explicitly provides a right of judicial review to a person "adversely affected or aggrieved" by an agency's "fail[ure] to act" or other agency action. 5 U.S.C. § 702.

49. Accordingly, when a proper showing is made, "[t]he reviewing court shall . . . compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).

50. The government's failure to adjudicate Plaintiff application constitutes final agency action reviewable by this Court because it is a "failure to act." 5 U.S.C. § 551(13). The current "Administrative Processing" under 221(g) is not sufficient to constitute an adjudication of the visa application because Defendants themselves have stated for three years that another adjudication is forthcoming.

51. The doctrine of consular non-reviewability does not apply. A final action occurs when the "agency's decision-making process is at an end." *Fund for Animals v. Williams*, 391 F. Supp. 2d 132, 137 (D.D.C. 2005) (dicta). However, a mere indication that one decision-making process has concluded "does not constitute a final agency action" when there remain "subsequent discretionary actions requiring separate and independent decision-making that are divorced from the prior decision." *Id*.; *citing Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 893 (1990) (quotations omitted); *see also Fund for Animals v. Bureau of Land Mgmt.*, 357 F.Supp. 2d 225, 229 (D.D.C. 2004) (holding that when implementation of an action requires further agency decision making, the announcement of

a decision is not a final action). Thus, a visa decision that requires additional processing and review is not a final decision and does not make the case moot under consular non- reviewability.

52. The INA makes clear that although consular officials have the discretion to determine the outcome of a visa adjudication, they do not have discretion over whether to make an adjudication at all and are required to do so as a matter of ministerial duty as prescribed by plainly stated law. *Nine Iraqi Allies Under Serious Threat Because of Their Faithful Service to the United States v. Kerry*, 168 F. Supp. 3d 268, 281 (D.D.C. 2016) (citing *Patel v. Reno*, 134 F. 3d 929, 932 (9th Cir. 1997)).

53. Congress has declared that "[i]t is the sense of Congress that the processing of an immigration benefit application should be completed not later than 180 days after the initial filing of the application, except that a petition for a nonimmigrant visa under section 1184(c) of this title should be processed not later than 30 days after the filing of the petition." 8 U.S.C. §1571(b).

54. Moreover, Defendants owe Plaintiffs a duty to adjudicate Plaintiff visa and have unreasonably failed to perform that duty.

55. Defendants have willfully and unreasonably delayed in the adjudication of Plaintiff's visa, thereby forcing Plaintiffs to endure what seems to be a

never-ending wait. Indeed, by declining to adjudicate the visa application, Defendants have deprived Plaintiffs of each other's company for what the Consulate has itself called a "considerable" period. *Exhibit M.*

56. Plaintiffs have a right to have their visa adjudicated, and they have no other adequate legal remedy available to them. Defendants' continued delay has deprived Plaintiffs of the many privileges that accompany the approval of an immediate relative visa, including the opportunity to enter the U.S. and become a lawful permanent resident.

57. For these reasons, this Court should find that the delay in processing Plaintiffs' cases is not reasonable.

## SECOND CAUSE OF ACTION
**(Writ of Mandamus Act (28 U.S.C. § 1361))**

58. Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs.

59. Plaintiff seeks a writ of mandamus to compel Defendants "to perform a duty owed to the plaintiff." 28 U.S.C. § 1361.

60. Mandamus is available to compel a federal official or agency to perform a duty if: (1) the plaintiff has a clear right to the relief requested; (2) defendant has a clear, non-discretionary duty to act; and (3) there is no other adequate remedy available. ***Id.***

61. Plaintiff is eligible for and has fulfilled all requirements for the immediate relative immigrant visa. He has submitted all necessary information and evidence supporting his application.

62. Defendants have a clear, ministerial, and nondiscretionary duty to adjudicate the visa application as it has been properly completed and executed. 8 U.S.C. 1153(e)(1), 1154; 22 C.F.R. 42.81(a). Consular officers at overseas posts are obligated by the agency's regulations to either issue or refuse visa applications by aliens seeking an immigrant visa once an application has been executed. Plaintiffs therefore have a clear and certain right to have their visa application adjudicated.

63. The delay in adjudicating Plaintiff visa exceeds the Department of State's only listed timeline, making it unreasonable.

64. Defendants have unlawfully and unreasonably delayed and withheld adjudication of Plaintiffs visa application despite a clear duty to do so.

65. The delay is causing Plaintiffs harm by denying them the opportunity to unite as a family in the United States.

66. Therefore, Plaintiffs seek an order compelling the Department of State to adjudicate their visa application without further delay.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiffs request that this Court grant the following relief:

1. Assume jurisdiction over this matter;

2. Issue a Writ of Mandamus compelling Defendants to adjudicate Plaintiffs' visa application within 30 days;

3. Enter a judgment declaring Defendants' unreasonable delay and failure to adjudicate Plaintiffs visa to be in direct violation of the APA, the INA, and federal regulations;

4. Award Plaintiffs costs of suit and reasonable attorney's fees under the Equal Access to Justice Act, 42 U.S.C. §1988, and any other applicable law;

5. Grant such further relief as this Court deems just and proper.

Respectfully submitted this 21nd day of March, 2023.

                              GHALIB LAW LLC,

                              /s/ Hiba D. Ghalib
                              Hiba D. Ghalib
                              GA Bar Number: 222292
                              10 Glenlake Parkway, Suite 100
                              Atlanta, GA 30328
                              Phone: 404-497-7717

# CERTIFICATE OF SERVICE

This is to certify that the foregoing **COMPLAINT FOR WRIT OF MANDAMUS** was served with the Clerk of Court using the CM/ECF system, and I certify that I have mailed a hard copy of the document to the individuals listed below pursuant to Fed. R. Civ. P. 4 via first class mail to:

**ANTONY J. BLINKEN**
**Secretary of the Department of State**
**1600 Pennsylvania Avenue NW**
**Washington DC 20500**

**U.S. DEPARTMENT OF STATE**
**c/o Executive Office**
**Office of the Legal Advisor, Suite 5.600**
**600 19th St. NW**
**Washington, D.C. 20522**

**BRIAN D. MCFEETERS**
**Ambassador, U.S. Consulate Kuala Lumpur, Malaysia**
**c/o Executive Office**
**Office of the Legal Advisor, Suite 5.600**
**600 19th St. NW**
**Washington, D.C. 20522**

**JOHN DOE**
**Unnamed consular officer, U.S. Consulate**
**in Kuala Lumpur, Malaysia**
**c/o Executive Office**
**Office of the Legal Advisor, Suite 5.600**
**600 19th St. NW**
**Washington, D.C. 20522**

**RYAN K. BUCHANAN**
**Acting U.S. Attorney for the Northern District of Georgia**
**The United States Attorney's Office**
**Richard B. Russell Federal Building**
**75 Ted Turner Drive, S.W., Suite 600**
**Atlanta, Georgia 30303-3309**

GHALIB LAW LLC,

/s/ Hiba D. Ghalib
Hiba D. Ghalib
GA Bar Number: 329493
10 Glenlake Parkway
Suite 130
Atlanta, GA 30328
Phone: 404-497-7717
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **Wali KHAN** ) | |
| **Nur Afiqah BINTI MOHD SHARIT,** ) | |
| ) | **Civil Action No.** |
| ) | **Complaint for Declaratory** |
| ) | **and Injunctive Relief Under** |
| ) | **the Administrative Procedure** |
| ) | **Act and for a Writ of** |
| ) | **Mandamus** |
| **Plaintiffs,** ) | |
| ) | |
| ) | |
| v. ) | |
| ) | |
| **ANTONY J. BLINKEN** ) | |
| **Secretary of the Department of State** ) | |
| ) | |
| **U.S. DEPARTMENT OF STATE** ) | |
| **Executive Agency** ) | |
| ) | |
| ***BRIAN D. MCFEETERS*** ) | |
| *Ambassador, U.S. Consulate* ) | |
| *Kuala Lumpur, Malaysia* ) | |

|  |  |
|---|---|
| **JOHN DOE** | ) |
| *Unnamed consular officer, U.S. Consulate* | ) |
| *in Kuala Lumpur, Malaysia* | ) |
|  | ) |
|  | ) |
| **Defendants.** | ) |
|  | ) |

## LIST OF EXHIBITS

**EXHIBIT A**    Copy of filed Form I-130

**EXHIBIT B**    Copy of I-130 Approval Notice

**EXHIBIT C**    Notice of IV case Creation (04/26/2021)

**EXHIBIT D**    DS-260 Confirmation (08/26/2021)

**EXHIBIT E**    Copy of DS-260 application (07/12/2021)

**EXHIBIT F**    Immigration Visa Interview appointment email (06/22/2022)

**EXHIBIT G**    Request for Additional Evidence from U.S. Embassy Kuala Lumpur

**EXHIBIT H**    Copy of Response and Confirmation of Receipt

**EXHIBIT I**    Copy of Email Response by Petitioner

**EXHIBIT J**    Email Response from Consulate

**EXHIBIT K**    Inquiry from Representative Bourdeaux's Office

**EXHIBIT L**    Response to Liaison Inquiry from Senator Ossoff

**EXHIBIT M**    Response to Liaison Inquiry from Senator Warnock

**EXHIBIT N**    Plaintiff Affidavit

**EXHIBIT O**    Plaintiff's Medical Letter