UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| WENHUAN WANG,<br><br>    Plaintiff,<br><br>v.<br><br>ALEJANDRO MAYORKAS,<br>Secretary of Homeland Security<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY,<br><br>U.S. CITIZENSHIP & IMMIGRATION SERVICES<br><br>UR MENDOZA JADDOU,<br>Director,<br>U.S. Citizenship & Immigration Services<br>USCIS<br><br>SHINEKA SCOTT MILLER,<br>Field Office Director at U.S. Citizenship & Immigration Services Atlanta<br><br>    Defendants. | Civil Action No. |

## COMPLAINT FOR DECLARATORY RELIEF UNDER THE APA AND FOR A WRIT OF MANDAMUS

### INTRODUCTION

Plaintiff Wenhuan Wang ("Mr. Wang") entered the United States on December 19, 2019, on a L1A visa for intracompany transferee executives or

1

managers. He serves as the President of Alt America Inc which is based in Georgia and ALT Jiangsu Industrial Co Ltd based in China.

Mr. Wang has been unable to fully share his work and expertise in the United States because the U.S. Department of Homeland Security and its officers ("Defendants") unlawfully refuse to adjudicate his adjustment of status application.

Mr. Wang initially entered the U.S. on an L-1 Visa. He submitted his I-140, Immigrant Petition for Alien Worker, on April 18, 2018. Mr. Wang's I-140 Petition was first approved nearly four years ago on April 26, 2019, with a priority date of April 30, 2018. On October 5, 2020, Mr. Wang filed his Form I-485, Application to Register Permanent Residence or Adjust Status. *See* Exhibit A, *I-485 Receipt Notices*. He also filed Form I-485 for his three children and his spouse. The Wang family received their I-797C, Notice of Action, Receipt Notices on November 2, 2020. *See* Exhibit B.

On November 14, 2020, the Wang family received Form I-797C, with a scheduled biometrics appointment for each family member on December 9, 2020, at 11 a.m. at the USCIS Atlanta Application Support Center. *See* Exhibit C. The family timely reported to their biometric appointment. On April 12, 2021, Mr. Wang's three children received Requests for Initial Evidence seeking each child's notarial certificate of birth. The notarial birth certificates were submitted to USCIS on May 10, 2019.

Although the family received their work authorizations and advance parole based on their pending adjustment of status application, USCIS has failed to make any progress on the adjudication of the family's I-485 Applications to Register Permanent Residence or Adjust Status. Mr. Wang and his family have dealt with significant delays, uncertainty, and instability.

Mr. Wang has complied with all documentary requests and has followed up with the Atlanta Field Office to no avail. On August 16, 2022, Mr. Wang filed a case inquiry with USCIS. He received a response on September 19, 2022, which stated his case remained in process. *See* Exhibit D. On January 12, 2023, Senator Jon Ossoff's office submitted a congressional inquiry on behalf of Mr. Wang. *See* Exhibit E. The congressional inquiry was unsuccessful in the adjudication of Mr. Wang's Form I-485.

Every attempt that Mr. Wang has made to have Defendants adjudicate his adjustment application has been met with arbitrary delay. Defendants have given no indication for the reason behind the continued delays of Mr. Wang's application. He continues to receive boilerplate responses stating his case requires additional review and remains pending.

With Defendants refusal to adjudicate his adjustment application, Mr. Wang's case now languishes at the Atlanta Field Office with no end in sight. Mr.

Wang brings this action to compel the Defendants to adjudicate his adjustment of status application.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over Mr. Wang's claims pursuant to 28 U.S.C. § 1331 (Federal Question Jurisdiction). This Court has authority to grant relief under the Mandamus Act (28 U.S.C. § 1361), the Declaratory Judgment Act (28 U.S.C. § 2201), and the Administrative Procedure Act, 5 U.S.C. § 702.

2. This Court can also compel agency action that is unlawfully withheld, or which is contrary to law, an abuse of discretion, or arbitrary and capricious. 5 U.S.C. §§ 555(b), 706.

3. This Court also has jurisdiction to review executive action that is ultra vires. *See Chamber of Commerce v. Reich,* 74 F.3d 1322 (D.C. Cir. 1996). The Administrative Procedure Act permits judicial review of actions that are arbitrary capricious, and an abuse of discretion. 5 U.S.C. § 706.

4. Venue in this judicial district is proper under 28 U.S.C. § 1391(e) because at least one Plaintiff resides in this District.

5. Mr. Wang has exhausted all administrative remedies.

6. The doctrine of consular non-reviewability does not apply because Mr. Wang does not challenge a decision by a consular officer denying a visa. *See Nine*

*Iraqi Allies Under Serious Threat Because of Their Faithful Serv. to the United States v. Kerry* ("Nine Iraqi Allies"), 168 F. Supp. 3d 268, 290 (D.D.C. 2016) ("[T]he doctrine of consular nonreviewability is not triggered until a consular officer has a made a decision with respect to a particular visa application."). Mr. Wang's application has not been fully adjudicated resulting in an issuance or a denial. Rather, Mr. Wang challenges the agency's delay and refusal to act based on the ultra vires actions of the Department of Homeland Security and their failure to act. *See Patel v. Reno*, 134 F.3d 929, 931 (9th Cir. 1997).

7. Mr. Wang has standing. Defendants' actions in refusing to adjudicate his adjustment of status application and issue his green card have caused and continue to cause Mr. Wang a concrete and particularized injury by preventing him from obtaining lawful permanent residency, stable employment status, and certainty in his and his family's future. The requested relief will redress his injuries by allowing him to obtain the immigration benefits for which he is otherwise eligible.

## PARTIES

8. Plaintiff Wenhuan Wang is a citizen of China. He is the beneficiary of an approved I-140 petition with a priority date of April 30, 2018.

9. Defendant Department of Homeland Security ("DHS") is a cabinet-level department of the U.S. federal government. DHS oversees immigration and customs in the United States.

10.  Defendant Alejandro Mayorkas is the Secretary of the U.S. Department of Homeland Security and has responsibility for overseeing enforcement and implementation of DHS practices and advisories.

11.  Defendant U.S. Citizenship and Immigration Services is an agency of the United States Department of Homeland Security that administers the country's naturalization and immigration system.

12.  Defendant Ur M. Jaddou is the Director of U.S. Citizenship and Immigration Services and has responsibility to oversee and enforce practices within the agency. She is sued in her official capacity.

13.  Defendant Shineka Scott Miller is the Director of the USCIS Atlanta Field Office. She is sued in her official capacity.

## STATUTORY AND REGULATORY BACKGROUND

### A. L-1A Visas

14.  The L-1A Visa category of nonimmigrant visas enables U.S. employers to transfer an executive or manager from one of its affiliated foreign offices to one of its offices in the United States. This visa also allows a foreign company that does not yet have an affiliated U.S. office to send an executive or manager to the United States with the purpose of establishing a U.S. affiliated office.

15. To obtain an "L-1A" visa, an individual in the United States must have an I-140 petition approved by the United States Citizenship & Immigration Services ("USCIS").

16. The transferring employee may be accompanied or followed by their spouse and unmarried children who are under the age of twenty-one.

17. Once an I-140 petition is approved by USCIS, the individual may apply to adjust his/her status to that of lawful permanent resident by filing a Form I-485, Application to Register Permanent Residence or Adjust Status.

## FACTUAL ALLEGATIONS

18. Mr. Wang is a citizen of China and arrived in the United States on a L-1A visa for intracompany transferee executives or managers. He serves as the President of Alt America Inc which is based in Georgia and ALT Jiangsu Industrial Co Ltd based in China.

19. On April 18, 2018, Alt America Inc filed an I-140 petition on behalf of Mr. Wang as an intracompany transferee executive or manager for their company.

20. On April 26, 2019, Mr. Wang's I-140 was approved by USCIS with a priority date of April 30, 2018.

21. On October 5, 2020, Mr. Wang properly filed his Form I-485, Application to Register Permanent Residence or Adjust Status. *See* Ex. A, *I-485 Receipt Notice*. His application receipt notice is MSC2190206355. Id.

22. Mr. Wang has followed up regularly with the USCIS and the Atlanta Field Office. Mr. Wang also submitted a congressional inquiry in hopes of receiving an adjudication of his I-485.

23. Mr. Wang continues to receive the same boilerplate responses that his case remains in process.

24. Mr. Wang's USCIS current case status reads, "Case Was Updated To Show Fingerprints Were Taken. As of December 9, 2020, fingerprints relating to your Form I-485, Application to Register Permanent Residence or Adjust Status, Receipt Number MSC2190206355, have been applied to your case. If you move, go to www.uscis.gov/addresschange to give us your new mailing address. See Exhibit F, *USCIS Case Status Online last accessed March 16, 2023.*

25. Mr. Wang has experienced, and continues to experience, numerous arbitrary and illegal barriers erected by Defendants in securing his green card, namely Defendants' unlawful delays in reviewing his case and issuing his residency.

26. Defendants' actions and omissions, enumerated in this Action, have directly impacted and jeopardized Mr. Wang's future, and have put his career and financial security at grave risk.

27. Mr. Wang now remains in a constant state of instability.

28. His ability to further his career, particularly in the United States, has been set back. In order to maintain his lawful employment, he is at the mercy of Defendants

as he must continue to renew his work authorization. This has resulted in uncertainty, and financial instability. Mr. Wang and his family are often prevented from traveling and seeing extended family outside of the U.S. as re-entry after travel on advance parole is not guaranteed. Mr. Wang is personally and mentally affected by the way he and his case has been treated. The company for which Mr. Wang works for is suffering meaningful financial damage as the result of the arbitrary delays in adjudicating Mr. Wang's application.

29. Mr. Wang has no other recourse against Defendants' arbitrary and illegal actions than by way of this lawsuit.

## FIRST CAUSE OF ACTION
### (Writ of Mandamus Act (28 U.S.C. § 1361))

30. Plaintiff incorporates and re-alleges each of the foregoing paragraphs.

31. District courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to them. 28 U.S.C. § 1361. In this case, Defendants have failed or refused to adjudicate Mr. Wang's application for adjustment of status in a timely and reasonable manner even though they have a clear, non-discretionary duty to do so, and there is no other adequate remedy available to Plaintiff.

32. Defendants have willfully and unreasonably delayed, and have refused to adjudicate, Mr. Wang's adjustment application, thereby depriving him of the opportunity to obtain an immigration benefit.

33. Defendants owe Mr. Wang a duty to adjudicate his adjustment application and have unreasonably failed to perform that duty.

## SECOND CAUSE OF ACTION
### (Arbitrary and Capricious Actions and Abuse of Discretion in Violation of the Administrative Procedures Act (5 U.S.C. § 706(2)(A))

34. Plaintiff incorporates and re-alleges each of the foregoing paragraphs.

35. Pursuant to 5 U.S.C. § 701(b)(1), the Department of Homeland Security is subject to the Administrative Procedure Act ("APA").

36. This Court may review and set aside all relevant questions of law regarding agency actions that are arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. This Court may further review and set aside actions in excess of statutory jurisdiction, authority, or limitations, or without observance of procedure required by law. 5 U.S.C. § 706(2)(A), (C), (D).

37. Defendants' delay is arbitrary, capricious, and an abuse of agency discretion.

38. As such, this Court should order the Defendants to resume adjudication of Mr. Wang's adjustment application with due priority and expediency

39. Additionally, this Court should order the Defendants to schedule an interview for Mr. Wang (if needed) and upon approval, order green card issuance with due priority and expediency.

## THIRD CAUSE OF ACTION
### (Unreasonable Delay in Violation of the Administrative Procedures Act Under 5 U.S.C. § 555(b))

40. Plaintiff incorporates and re-alleges each of the foregoing paragraphs.

41. The APA requires agencies to "proceed to conclude a matter presented to [them]" in a "reasonable time," 5 U.S.C. § 555(b), and authorizes reviewing courts to "compel agency action unlawfully withheld or unreasonably delayed." *Id.*

42. Defendants have willfully and unreasonably delayed, have refused, and continue to refuse to do their duty to fully adjudicate Mr. Wang's adjustment application, thereby depriving him of the opportunity to obtain an immigration benefit. Defendants' willful, arbitrary, and capricious acts and omissions have put Mr. Wang's career and financial security at grave risk, have caused him to incur additional expenses and inconveniences, and have subjected him to severe stress and anguish.

43. In implementing the Proclamations, Defendants have refused to process or adjudicate applications for immigrant visas. This refusal is a final agency action subject to review under the APA.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court grant the following relief:

(a) Assume jurisdiction over this matter;

(b) Order the immediate adjudication of Mr. Wang's application, and when approved, to expeditiously issue Mr. Wang's green card;

(c) Award Mr. Wang costs of suit and reasonable attorney's fees under the Equal Access to Justice Act, 42 U.S.C. § 1988, and any other applicable laws;

(d) Enter all necessary writs, injunctions, and orders as justice and equity require; and

(e) Grant such further relief as this Court deems just and proper.

## RESERVATION OF RIGHTS

Plaintiff reserves the right to add additional allegations of agency error and related causes of action upon receiving the certified administrative record.

Respectfully submitted this the ___ day of March 2023.

/s/ Charles H. Kuck
Charles H. Kuck
Georgia Bar #: 429940
Kuck Baxter Immigration, LLC
365 Northridge Rd, Suite 300
Atlanta, GA 30350
ckuck@immigration.net

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that the document to which this certificate is attached has been prepared with one of the font and point selections approved by the Northern District of Georgia in Local Rule 5.1 for documents prepared by computer.

                                        KUCK BAXTER IMMIGRATION LLC,

                                        /s/ Charles H. Kuck
                                        Charles H. Kuck
                                        Georgia Bar #: 429940
                                        Kuck Baxter Immigration, LLC
                                        365 Northridge Rd, Suite 300
                                        Atlanta, GA 30350
                                        ckuck@immigration.net

## CERTIFICATE OF SERVICE

I, Charles H. Kuck, hereby certify that on March ___, 2023, I filed the foregoing with the Clerk of Court using the CM/ECF system, and I hereby certify that I have mailed a hard copy of the document to the above individual pursuant to Fed.R.Civ.P. 4 via first-class mail to:

    Merrick Garland
    Attorney General of the United States
    U.S. Department of Justice
    950 Pennsylvania Ave. NW
    Washington, D.C. 20530-0001

    Ryan K. Buchanan
    c/o Civil Process Clerk
    Acting U.S. Attorney, Northern District of Georgia
    Richard B. Russell Federal Building
    75 Ted Turner Dr. SW
    Suite 600
    Atlanta, GA 30303-3309

    Jonathan Meyer
    General Counsel, DHS
    Office of the General Counsel
    U.S. Department of Homeland Security
    2707 Martin Luther King Jr. Ave, SE
    Washington, DC 20528-0485

    U.S. Department of Homeland Security

    Office of the General Counsel
    U.S. Department of Homeland Security
    2707 Martin Luther King Jr. Ave, SE
    Washington, DC 20528-0485

    Alejandro Mayorkas

Office of the General Counsel
U.S. Department of Homeland Security
2707 Martin Luther King Jr. Ave, SE
Washington, DC 20528-0485

Ur M. Jaddou
Director, USCIS
Office of the General Counsel
U.S. Department of Homeland Security
2707 Martin Luther King Jr. Ave, SE
Washington, DC 20528-0485

Shineka Scott Miller
Director, Atlanta Field Office

Office of the General Counsel
U.S. Department of Homeland Security
2707 Martin Luther King Jr. Ave, SE
Washington, DC 20528-0485

Respectfully submitted,

  /s/ Charles H. Kuck