IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LAYLA J. BOSWELL, : | |
| : | |
| Plaintiff, : | |
| : | CIVIL ACTION |
| -v- : | |
| : | FILE NO. |
| : | |
| GRACE AND MERCY AUTO : | |
| BROKERS, LLC and ORRS : | **COMPLAINT AND** |
| WRECKER SERVICE, INC., : | **DEMAND FOR** |
| : | **JURY TRIAL** |
| : | |
| Defendants. : | |
| : | |

## C O M P L A I N T

Plaintiff Layla J. Boswell ("Ms. Boswell") brings this civil action for statutory and actual damages together with costs and attorney's fees against Defendant Orrs Wrecker Service, Inc. ("Orrs Wrecker") for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.* which, *inter alia*, prohibits a collector from repossessing property "without a present right to do so." *See* 15 U.S.C. § 1692f(6). Ms. Boswell brings supplemental state law claims against Defendants Orrs Wrecker and Mercy Grace Auto Brokers, LLC ("Auto Brokers") for wrongful repossession seeking actual, statutory and exemplary damages. In addition, Ms. Boswell brings claims under the Georgia

Fair Business Practices Act, O.C.G.A. § 10-1-390 *et seq.* (the "GFBPA ") against Defendants Auto Brokers and Orrs Wrecker for their unfair or deceptive acts or practices during the repossession seeking actual, treble and exemplary damages. Ms. Boswell also brings a claim for conversion against Defendant Auto Brokers seeking actual and exemplary damages.

## II.   JURISDICTION AND VENUE

2   Jurisdiction of the Court over this action, and the parties herein, arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331, 1337.  The Court has jurisdiction of the state law claims pursuant to the doctrine of supplemental jurisdiction pursuant to 28 U.S.C. §1367.

3.   Pursuant to 28 U.S.C. § 1391(b) and (c) and 12 U.S.C. § 2614, venue is proper because the Defendants are engaged in business in the Northern District of Georgia.

## III.   PARTIES

4.   Plaintiff Layla J. Boswell is a natural person and a citizen of

Merriwether County, Georgia and is a consumer as that term is defined by 15 U.S.C. § 1692(a)(3).

5. Defendant Mercy Grace Auto Brokers, LLC ("Auto Brokers") is a Georgia Limited Liability company and is a licensed car dealership who advertises motor vehicles for sale and sells motor vehicles to the consuming public.

6. Defendant Orrs Wrecker Service, Inc. is a domestic corporation conducting business in the Northern District of Georgia who regularly collects debts for others and is a debt collector as that term is defined by 15 U.S.C. § 1692(a)(6).

## IV. FACTUAL ALLEGATIONS

7. On March 3, 2022, Ms. Boswell purchased a 2007 Lexus IS VIN JTHBK262975038992 (the "Lexus") from Defendant Auto Brokers pursuant to a Retail Installment Sales Contract (the "RISC") for personal, family and household use.

8. Under the RISC, Ms. Boswell purchased the Lexus for a cash price of $11,995.00 and was charged a Finance Charge of $6,335.91 resulting in an Amount Financed of $10,814.67, which obligation was secured by the Lexus.

9. Ms. Boswell's purchase of the Lexus was a transaction in trade or commerce subject to the Georgia Fair Business Practice Act.

10. In June 2022, Ms. Boswell took the Lexus to the residence of Mr. Johnny Cordell at 2225 Strickland Town, Luthersville, Georgia Road (the "Strickland Road Property") so that Mr. Cordell could perform needed repairs to the Lexus' brakes.

11. At all times relevant hereto, the Lexus was parked behind a latched gate at the Strickland Road Property.

12. Prior to June 10, 2022, Defendant Auto Brokers hired Defendant Orrs Wrecker to repossess the Lexus.

13. On June 10, 2022, Orrs Wrecker came to the Strickland Road Property and attempted to repossess the Lexus.

14. Ms. Boswell stated to Orrs Wrecker that she would not permit the voluntary repossession of the Lexus and unequivocally protested any attempt by Defendant Orrs Wrecker to repossess the Lexus.

15. When Orrs Wrecker continued to attempt to repossess the Lexus over Ms. Boswell's protest, Ms. Boswell called the Meriwether County Police Department who came to the Strickland Road Property and after further discussion Defendant Orr Wrecker left.

16. During the evening hours of June 23-24, 2022 while the Strickland Road Property was not occupied, Defendant Orrs Wrecker opened the latched gate surrounding the property and dragged the Lexus over muddy ground damaging the lawn of the property.

17. After the Lexus was repossessed, Defendant Auto Brokers never sent Ms. Boswell the written notice of her right to redeem the Lexus. as required by O.C.G.A. § 10-1-36.

18. The acts of Defendant Orrs Wrecker alleged herein were performed by its agents, officers and employees acting within the scope of their employment and their actual or apparent authority.

19. At all relevant times Defendant Orrs Wrecker was the agent, apparent agent, servant and/or employee of Defendant Auto Brokers and was acting in the course and scope of said agency, servitude and/or employment.

# COUNT I
## FAIR DEBT COLLECTION PRACTICES ACT
*(Against Defendant Orrs Wrecker)*

20. Ms. Boswell repeats, realleges and incorporates by reference Paragraphs 4-19 of the Complaint.

21. The RISC entered into between Ms. Boswell and Defendant Auto Brokers constituted a "transaction" within the meaning of 15 U.S.C. §1692a(5) because Ms. Boswell entered into said Contract to obtain credit for personnel, family and household purposes.

22. Ms. Boswell's obligation, or alleged obligation, to repay the Amount Financed to Defendant Auto Brokers is a "debt" within the meaning of 15 U.S.C. §§ 1692a(3) and (5).

23. Defendant Orrs Wrecker regularly "collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another" including the repossession of property covered by a security interest and in doing so it uses instrumentalities of interstate commerce and the mails in furtherance of its business. Defendant Orrs Wrecker is a "debt collector" within the meaning of 15 U.S.C. §1692a(6).

24. Defendant Orrs Wrecker wrongfully repossessed the Lexus from Ms. Boswell because it committed "breaches of the peace" in violation of O.C.G.A.§ 11-9-609(b)(2) which permits a secured party to repossess collateral "if it proceed without breach of the peace." *See Deavers v. Standridge,* 144 Ga. App. 673, 674, 242 S.E.2d 331, 333 (1978) (self-help repossession permissible "'so long as' . . . this can be done without breach of the peace").

25. The actions of Defendant Orrs Wrecker which constitute breaches of the peace include, but are not limited to, the following:

    a. Over the unequivocal protest of Ms. Boswell made on June 10, 2022, Defendant Orrs Wrecker repossessed the Lexus from the Strickland Road Property;

    b. Defendant Orrs Wrecker repossessed the Lexus from Plaintif by using force to open the latched gate at the Strickland Road Property: and

    c. Defendant Orrs Wrecker committed civil trespass by entering the latched gate at the Strickland Road Property and committed criminal trespass by damaging the Strickland Road Property by dragging the Lexus across the lawn.

26. By breaching the peace in repossessing the Lexus in violation of O.C.G.A. § 11-9-609(b)(2), Defendant Orrs Wrecker violated 15 U.S.C. § 1692f(6) because it did not have the "present right to" take possession of the Lexus. *See Richards v. PAR, Inc.*, 954 F.3d 965, 970 (7th Cir. 2020) (Repossessor who breaches the peace does not have "present right to" repossess property).

27. As a result of Defendant Orrs Wrecker's violations of the FDCPA, Plaintiff is entitled to statutory damages of $1,000.00 and actual damages caused by reason of Defendant Orrs Wrecker's actions.

## COUNT II
## VIOLATIONS OF THE GEORGIA U.C.C.
*(Against Defendants Orrs Wrecker and Auto Broker)*

28. Ms. Boswell repeats, realleges and incorporates by reference Paragraphs 4-27 of the Complaint.

29. The Lexus is a "consumer good" as defined by O.C.G.A. § 11-9-102(a)(23).

30. The actions of Defendant Orrs Wrecker which constitute breaches of the peace include, but are not limited to, the following:

  a. Over the unequivocal protest of Ms. Boswell made on June 10, 2022, Defendant Orrs Wrecker repossessed the Lexus from the Strickland Road Property;

  b. Defendant Orrs Wrecker repossessed the Lexus from Plaintif by using force to open the latched gate at the Strickland Road Property: and

  c. Defendant Orrs Wrecker committed civil trespass by entering the latched gate at the Strickland Road Property and committed criminal trespass by damaging the Strickland Road Property by dragging the Lexus across the lawn.

21. Defendant Auto Brokers is chargeable with the tortious actions of Defendant Orrs Wrecker because O.C.G.A. § 11-9-609(b)(2) imposes a non-delegable duty upon Defendant Auto Brokers to only employ self-help repossession when it can do so without a breach of the peace.

32. As a result of Defendant Orrs Wrecker's and Defendant Auto Brokers' violations of O.C.G.A. § 11-9-609(b)(2), Ms. Boswell is entitled to recover actual damages and statutory damages pursuant to O.C.G.A. § 11-9-625

together with reasonable attorney's fees and costs from Defendant Orrs Wrecker and Defendant Auto Brokers.

33. By reason of Defendant Auto Brokers' failure to notify Ms. Boswell of her right of redemption under O.C.G.A. § 10-1-36, Defendant Auto Brokers is liable to Ms. Boswell for statutory damages under O.C.G.A. § 11-9-625(c)(2) of $7,614.57.

## COUNT III
## FAIR BUSINESS PRACTICES ACT
(Against Defendants Orrs Wrecker and Auto Broker)

34. Ms. Boswell repeats, realleges and incorporates by reference Paragraphs 4-33 of the Complaint.

35. By their actions Defendant Auto Brokers and Defendant Orrs Wrecker have engaged in consumer transactions, acts, or practices in the conduct of trade or commerce within the State of Georgia as defined in O.C.G.A. §§ 10-1-392(a)(10) and (28).

36. In violation of the Georgia Fair Business Practices Act (the "GFBPA"), O.C.G.A. §10-1-390 *et seq*., Defendant Orrs Wrecker willfully committed "unfair or deceptive acts or practices" including, but are not limited to,

repossessing the Lexus by breaches of the peace and violating the Fair Debt Collection Practices Act.

37.     In violation of the GFBPA, Defendant Auto Brokers willfully committed "unfair or deceptive acts or practices" because it is chargeable with the wrongful acts of Defendant Orrs Wrecker as set forth in the proceeding paragraph.

38.     On January 23, 2023, Plaintiff's counsel sent Defendant Auto Brokers a Letter notifying it of its GFBPA violations and making demand on it for Plaintiff's damages but to date Defendant Auto Brokers has not responded to the Letter.

39.     On January 30, 2023, Plaintiff's counsel sent Defendant Orrs Wrecker a Letter notifying it of its GFBPA violations and making demand on it for Plaintiff's damages but to date Defendant Orrs Wrecker has not responded to the Letter.

40.     Defendant Auto Brokers' and Defendant Orrs Wrecker's actions and conduct herein complained of were committed intentionally and constitute willful misconduct or were committed with a reckless disregard for their consequences.

41. As a result of Defendants' "unfair or deceptive acts or practices," Ms. Boswell has suffered actual and treble damages and exemplary damages in an amount to be awarded by the enlightened conscious of the jury.

**COUNT IV**
**CONVERSION**
(Against Defendant Auto Broker)

42. Ms. Boswell repeats, realleges and incorporates by reference the Paragraphs 4-41 of the Complaint.

43. On or about June 22-23, 2022, Defendant Auto Brokers wrongfully and willfully converted the Lexus to its own use depriving Ms. Boswell of her lawful use and possession of the vehicle.

44. At all times relevant hereto the Lexus had a fair market value of $11,995.00.

45. Ms. Boswell is entitled to damages in the amount of the fair market value of the Lexus of $11,995.00 plus interest to the date of judgment together with exemplary damages.

WHEREFORE, Plaintiff prays that the Court grant Judgment in her favor:

  A. On Count I, under the FDCPA, against Defendant Orrs Wrecker in the amount of $1,000.00 statutory damages together with actual damages together with costs and reasonable attorney's fees;

  B. On Count II, against Defendants for actual damages under O.C.G.A. § 11-9-625(b), for statutory damages under O.C.G.A. § 11-9-625 and for costs and reasonable attorney's fees;

  C. On Count III, against Defendants under the GFBPA for actual damages, treble damages and exemplary damages in an amount to be awarded by the enlightened conscious of the jury;

  D. On Count IV, against Defendant Auto Brokers in the amount of the fair market value of the Lexus plus interest to the date of judgment together with exemplary damages in an amount to be determined by the enlightened conscious of the jury;

  F. Cast all costs on Defendants; and

  G. Grant such other and further relief as the Court deems just.

## DEMAND FOR JURY TRIAL

Plaintiff Layla J. Boswell hereby demands trial by jury in this action.

Respectfully Submitted,

*/s/Daniel D. Bowen*
Daniel D. Bowen
Georgia Bar Number 071150
Attorney for Plaintiff
Layla J. Boswell
235 Peachtree Street, N.E., Suite 400
Atlanta, Georgia 30303
(404) 880-3310
(404) 880-3332 (fax)
Email: Dbowen9@aol.com