UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MIKE SAMADI, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CASE NO. ) ) |
| GUARANTEE TRUST LIFE INSURANCE COMPANY, | ) ) ) ) |
| Defendant. | ) ) |

## NOTICE OF REMOVAL

NOW COMES Defendant, GUARANTEE TRUST LIFE INSURANCE COMPANY ("GTL") and, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446(b), removes the Complaint filed by Plaintiff MIKE SAMADI in the Superior Court of Gwinnett County, entitled *Mike Samadi v. Guarantee Trust Life Insurance Company*, Civil Action File No. 23-A-01876-9 (the "State Court Action") to this Court, as follows:

1.

On March 8, 2023, Plaintiff instituted the State Court Action and, on March 9, 2023, effected service of process on GTL, a diverse party.

2.

As the deadline for filing GTL's response to the Complaint is April 9, 2023, this Notice of Removal is timely under 28 U.S.C. § 1446(b).

3.

On the face of his Complaint, Plaintiff seeks, among other relief, a declaration that GTL's June 9, 2016 rescission of a policy of life insurance owned by Plaintiff violated Georgia law. (*See* Complaint, ¶¶ 8-11, 15-16, Prayer for Relief.)

4.

Federal courts, pursuant to 28 U.S.C. § 1332(a), have original jurisdiction over actions in which complete diversity exists between the parties and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

5.

GTL, through this Notice of Removal, has shown by a preponderance of the evidence that this action is between citizens of different states. Plaintiff does not dispute that he is a citizen of the State of Georgia (*see* Complaint, ¶ 1), and cannot refute that GTL, which he acknowledges is a "foreign" corporation (*See id.* ¶¶ 2-3), is a citizen of the State of Illinois.

6.

The fact that Plaintiff omits allegations of citizenship in the Complaint does not preclude removal because

> in practice, the federal courts usually do not limit their inquiry to the face of the plaintiff's complaint, but rather consider the facts disclosed on the record as a whole in determining the propriety of removal. 28 U.S.C. § 1446 makes it clear that this practice is correct. The provisions that a removal petition may be filed within thirty days of receipt of an "amended pleading, motion, order or other paper" from which it first appears that the case is removable demonstrates that a variety of papers may be considered in determining the removability of a case and it has been so held. Similarly there would be little point in requiring the petition for removal to contain a "short and plain statement" of the grounds for removal, if the federal court could not look to that statement to inform itself of the propriety of removal.

14A Wright Miller & Cooper, *Federal Practice and Procedure: Jurisdiction, 2d*, § 3734. *See also Woolard v. Heyer-Schulte*, 791 F. Supp. 294, 296 (S.D. Fla. 1992) (defendant's statutory right to removal not contingent upon plaintiff's "choice of words").

7.

GTL also has shown that the amount in controversy exceeds $75,000.00. Indeed, because Plaintiff's claims for declaratory relief concern the validity of the entire insurance policy at issue, the amount in controversy is the face value of the policy, which is $200,000.00. *Accord Larry Staffing Servs. v. Travelers Prop. Cas. Co. of Am.*, 2022 U.S. Dist. LEXIS 238906, at *5-6 (N.D. Ga. Mar. 14, 2022); *Hartford Ins. Grp. v. Lou-Con Inc.*, 293 F.3d 908, 911 (5th Cir. 2002).

8.

Because the parties are diverse and the amount in controversy exceeds the sum of $75,000.00 exclusive of interest and costs, this Court has diversity jurisdiction under 28 U.S.C. § 1332. As such, GTL's removal of the State Court Action is proper pursuant to 28 U.S.C. § 1441.

9.

Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders in the State Court Action are attached hereto as Exhibit 1.

10.

A copy of the policy is attached to this Notice of Removal as Exhibit 2.

11.

Under 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be served on Plaintiff, the only adverse party, and a copy filed in the State Court Action. A copy of this Notice of Filing of Removal to be filed is attached as Exhibit 3.

WHEREFORE, Defendant Guarantee Trust Life Insurance Company prays that the Superior Court of Gwinnett County, Georgia, proceed no further with the State Law Action; that the State Law Action be removed from the Superior Court of Gwinnett County, Georgia to the United States District Court for the Northern District of Georgia, Atlanta Division; and that this Court issue such orders and process as are necessary to preserve its jurisdiction over this matter.

Dated:  March 22, 2023.

|  |  |
|---|---|
| LEWIS BRISBOIS BISGAARD <br>   & SMITH LLP <br> 600 Peachtree Street, NE, Suite 4700 <br> Atlanta, Georgia 30308 <br> T: 404.348.8585 <br> F: 404.467.8845 <br> joelle.sharman@lewisbrisbois.com | /s/Joelle C Sharman <br> Joelle  C. Sharman <br> Georgia Bar No. 637931 <br><br> *Attorney for Guarantee Trust Life Insurance Company* |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the foregoing *Notice of Removal* via the Court's ECF system and mailed a copy to:

Mike Samadi
1817 Prince George Avenue
Evans, GA  30809

Dated, this 22nd day of March, 2023.

| | |
|---|---|
| LEWIS BRISBOIS BISGAARD<br>  & SMITH LLP<br>600 Peachtree Street, NE, Suite 4700<br>Atlanta, Georgia 30308<br>T: 404.348.8585<br>F: 404.467.8845<br>joelle.sharman@lewisbrisbois.com | /s/Joelle C Sharman<br>Joelle C. Sharman<br>Georgia Bar No. 637931<br><br>*Attorney for Guarantee Trust Life Insurance Company* |