# EXHIBIT "A"

M0797656.1 0080

E-FILED IN OFFICE - NN
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-00369-S7**
**3/21/2023 4:21 PM**
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

JOAN MOREL RAMIREZ,

      Plaintiff,

v.

UNITED SPECIALTY INSURANCE
COMPANY, MANILA EXPRESS, INC.,
SUKHPREET SINGH, DOE 1, DOE 2, DOE
3, DOE 4, and DOE 5,

      Defendants.

CIVIL ACTION
FILE NO.: <u>23-C-00369-S7</u>

## <u>DEFENDANTS MANILA EXPRESS, INC. AND SUKHPREET SINGH'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT</u>

COME NOW, Defendant MANILA EXPRESS, INC. ("Defendant Manila Express") and Defendant SUKHPREET SINGH ("Defendant Singh") (collectively "Defendants"), by and through the undersigned counsel, and answer Plaintiff JOAN MOREL RAMIREZ's ("Plaintiff") Complaint as follows:

### <u>FIRST DEFENSE</u>

Defendants answer the numbered paragraphs of the Complaint as follows:

1.

For answer to paragraph 1 of Plaintiff's Complaint, Defendants admit that an accident occurred on October 18, 2021, but the remaining allegations of paragraph 1 of Plaintiff's Complaint are denied.

2.

Defendants admit the allegations contained in paragraph 2 of Plaintiff's Complaint.

3.

Defendants admit the allegations contained in paragraph 3 of Plaintiff's Complaint.

4.

Defendants admit the allegations contained in paragraph 4 of Plaintiff's Complaint.

5.

For answer to paragraph 5 of Plaintiff's Complaint, Defendants admit that Defendant Manila Express, Inc. may be served through its registered agent, Buta Singh Gill, 2340 N. Redda Road, Fresno, California 93737. The remaining allegations of paragraph 5 of Plaintiff's Complaint are denied.

6.

For answer to paragraph 6 of Plaintiff's Complaint, Defendants admit that jurisdiction and venue are proper as to Defendant Manila Express, Inc. The remaining allegations of paragraph 6 of Plaintiff's Complaint are denied.

7.

For answer to paragraph 7 of Plaintiff's Complaint, Defendants admit that an acknowledgment of service of the summons and complaint for Defendant Manila Express, Inc. has been filed in this civil action and affirmative defenses relating to insufficiency of service are not being raised by Defendants. The remaining allegations of paragraph 7 of Plaintiff's Complaint are denied.

8.

Defendants admit that Defendant Singh, a driver involved in the accident at issue, may be served at his residence in New York, the remaining allegations contained in paragraph 8 of Plaintiff's Complaint are denied.

9.

Defendants admit the allegations contained in paragraph 9 of Plaintiff's Complaint.

10.

For answer to paragraph 10 of Plaintiff's Complaint, Defendants admit that an acknowledgment of service of the summons and complaint for Defendant Singh has been filed in this civil action and affirmative defenses relating to insufficiency of service are not being raised by Defendants. The remaining allegations of paragraph 10 of Plaintiff's Complaint are denied.

11.

Defendants deny the allegations contained in paragraph 11 of Plaintiff's Complaint.

12.

For answer to paragraph 12 of Plaintiff's Complaint, Defendants admit that at the time of the accident in question, Defendant Manila Express, Inc. maintained an insurance policy with Defendant United Specialty, Policy Number GWP62257, but the remaining allegations of paragraph 12 of Plaintiff's Complaint are denied.

13.

For answer to paragraph 13 of Plaintiff's Complaint, Defendants admit that on or about October 18, 2021, an automobile accident occurred between vehicles driven by Plaintiff and Defendant Singh. Defendants further admit that at the time of the accident, Defendant Singh was attempting a left-hand turn from Horizon Drive onto Rolling Pin Lane, but the remaining allegations of paragraph 13 of Plaintiff's Complaint are denied.

14.

Defendants admit that the time of the accident, Defendant Singh was operating his vehicle in the furtherance of the business of Defendant Manila Express, Inc., but the remaining allegations contained in paragraph 14 of Plaintiff's Complaint are denied.

15.

Defendants deny the allegations contained in paragraph 15 (a-h) of Plaintiff's Complaint.

16.

Defendants deny the allegations contained in paragraph 16 of Plaintiff's Complaint.

17.

Defendants deny the allegations contained in paragraph 17 of Plaintiff's Complaint.

18.

For answer to paragraph 18 of Plaintiff's Complaint, Defendants admit that at the time of the accident in question, Defendant Singh was operating his vehicle in the furtherance of business of Defendant Manila Express, Inc. Defendants further admit that at the time of the accident, Defendant Singh was under dispatch for Defendant Manila Express, Inc. and was working for Defendant Manila Express, Inc. In addition, Defendants admit that if Defendant Singh is found to be negligent, then Defendant Manila Express, Inc. would also be negligent, since, at the time of the accident, Defendant Singh was operating his vehicle in the furtherance of business of Defendant Manila Express, Inc. The remaining allegations of paragraph 18 of Plaintiff's Complaint are denied.

19.

Defendants deny the allegations contained in paragraph 19 of Plaintiff's Complaint.

20.

Defendants deny the allegations contained in paragraph 20 of Plaintiff's Complaint.

21.

Defendants deny the allegations contained in paragraph 21 of Plaintiff's Complaint.

22.

Defendants deny the allegations contained in paragraph 22 of Plaintiff's Complaint.

23.

Defendants deny the allegations contained in paragraph 23 of Plaintiff's Complaint.

24.

Defendants deny the allegations contained in paragraph 24 of Plaintiff's Complaint.

25.

Defendants deny the allegations contained in paragraph 25 of Plaintiff's Complaint.

26.

Defendants deny the allegations contained in paragraph 26 of Plaintiff's Complaint.

27.

Defendants deny the allegations contained in paragraph 27 of Plaintiff's Complaint.

28.

Defendants deny the allegations contained in paragraph 28 of Plaintiff's Complaint.

29.

Defendants deny the allegations contained in paragraph 29 of Plaintiff's Complaint.

30.

Defendants deny the allegations contained in paragraph 30 of Plaintiff's Complaint.

31.

Defendants deny the allegations contained in paragraph 31 of Plaintiff's Complaint.

32.

Defendants deny the allegations contained in paragraph 32 of Plaintiff's Complaint.

33.

For answer to paragraph 33 of Plaintiff's Complaint, Defendants admit that the terms, conditions, and language of the United Specialty Insurance Company policy which Defendant

Manila Express, Inc. maintained at the time of the accident speak for itself. The remaining allegations of paragraph 33 of Plaintiff's Complaint are denied.

34.

Defendants deny the allegations contained in paragraph 34 of Plaintiff's Complaint.

## SECOND DEFENSE

All allegations contained in Plaintiff's Complaint not specifically admitted or denied hereinabove are now generally denied by Defendants. Further, Defendants deny the allegations in the WHEREFORE clause and/or Prayer at the end of Plaintiff's Complaint.

WHEREFORE, having responded to Plaintiff's Complaint, Defendants pray the Court as follows:

(1)     That Plaintiff's Complaint be dismissed with prejudice;

(2)     That all issues of fact be tried by a jury of twelve (12);

(3)     That all costs associated with the action be taxed against Plaintiff to include a reasonable fee for Defendants' attorneys; and

(4)     For such and further relief as the Court deems just and proper.

Respectfully submitted, this 21st day of March, 2023.

MCMICKLE, KUREY & BRANCH, LLP

*/s/ Scott W. Zottneck*
RAYMOND J. KUREY
Georgia Bar No. 430472
SCOTT W. ZOTTNECK
Georgia Bar No. 700008
For the Firm
*Attorneys for Defendants*

217 Roswell Street, Suite 200
Alpharetta, GA  30009
Telephone: (678) 824-7800
Facsimile: (678) 824-7801
Email: rjk@mkblawfirm.com
Email: swz@mkblawfirm.com

## CERTIFICATE OF SERVICE

This is to certify that on this date I have electronically filed the foregoing **DEFENDANTS MANILA EXPRESS, INC. AND SUKHPREET SINGH'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT** with the Clerk of the Court using the Odyssey e-Filing system, which will automatically send a notification attaching same thereon to the following counsel of record:

Edward A. Piasta
Andrew L. Hagenbush
Piasta Newbern Walker, LLC
3301 Windy Ridge Parkway
Suite 110
Atlanta, GA 30339
edward@pnwlaw.com
andrew@pnwlaw.com

This 21st day of March, 2023.

/s/ Scott W. Zottneck
SCOTT W. ZOTTNECK
For the Firm

16366

E-FILED IN OFFICE - NN
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-00369-S7**
**3/21/2023 4:21 PM**
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

JOAN MOREL RAMIREZ,

      Plaintiff,

v.

UNITED SPECIALTY INSURANCE
COMPANY, MANILA EXPRESS, LLC,
SUKHPREET SINGH, DOE 1, DOE 2, DOE
3, DOE 4, and DOE 5,

      Defendants.

CIVIL ACTION
FILE NO.: <u>23-C-00369-S7</u>

### **DEFENDANTS MANILA EXPRESS, INC. AND SUKHPREET SINGH'S DEMAND FOR TRIAL BY JURY OF TWELVE**

      COME NOW, Defendant MANILA EXPRESS, INC. and Defendant SUKHPREET

SINGH, by and through the undersigned counsel, and hereby request and demand that all issues

of fact be tried by a jury of twelve (12) in this civil action.

      Respectfully submitted, this 21st day of March, 2023.

                        MCMICKLE, KUREY & BRANCH, LLP

                        */s/ Scott W. Zottneck*
                        RAYMOND J. KUREY
                        Georgia Bar No. 430472
                        SCOTT W. ZOTTNECK
                        Georgia Bar No. 700008
                        For the Firm
                        *Attorneys for Defendants*

217 Roswell Street, Suite 200
Alpharetta, GA 30009
Telephone: (678) 824-7800
Facsimile: (678) 824-7801
Email: rjk@mkblawfirm.com
Email: swz@mkblawfirm.com

Page 1 of 2

## CERTIFICATE OF SERVICE

This is to certify that on this date I have electronically filed the foregoing **DEFENDANTS MANILA EXPRESS, INC. AND SUKHPREET SINGH'S DEMAND FOR TRIAL BY JURY OF TWELVE** with the Clerk of the Court using the Odyssey e-Filing system, which will automatically send a notification attaching same thereon to the following counsel of record:

Edward A. Piasta
Andrew L. Hagenbush
Piasta Newbern Walker, LLC
3301 Windy Ridge Parkway
Suite 110
Atlanta, GA 30339
edward@pnwlaw.com
andrew@pnwlaw.com

This 21st day of March, 2023.

/s/ Scott W. Zottneck
SCOTT W. ZOTTNECK
For the Firm

16366

Page 2 of 2

E-FILED IN OFFICE - NN
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-00369-S7**

**3/21/2023 4:14 PM**
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

JOAN MOREL RAMIREZ,

      Plaintiff,

v.

UNITED SPECIALTY INSURANCE
COMPANY, MANILA EXPRESS, INC.,
SUKHPREET SINGH, DOE 1, DOE 2, DOE
3, DOE 4, and DOE 5,

      Defendants.

CIVIL ACTION
FILE NO. <u>23-C-00369-S7</u>

## <u>ACKNOWLEDGMENT OF SERVICE</u>

COMES NOW, Scott W. Zottneck, counsel for Defendant Manila Express, Inc. and Defendant Sukhpreet Singh (collectively "Defendants"), and hereby acknowledges service of the Summons and Complaint filed by Plaintiff in the above-referenced civil action. All other and further process and service of process are hereby waived by Defendants. However, all other rights and defenses are reserved by Defendants.

Respectfully submitted, this 21st day of March, 2023.

MCMICKLE, KUREY & BRANCH, LLP

By: */s/ Scott W. Zottneck*
    RAYMOND J. KUREY
    Georgia Bar No. 430472
    SCOTT W. ZOTTNECK
    Georgia Bar No. 700008
    For the Firm
    *Attorneys for Defendants*

217 Roswell Street, Suite 200
Alpharetta, GA 30009
Telephone: (678) 824-7800
Facsimile: (678) 824-7801
Email: rjk@mkblawfirm.com
Email: swz@mkblawfirm.com

## CERTIFICATE OF SERVICE

This is to certify that on this date I have served the foregoing **ACKNOWLEDGMENT OF SERVICE** with the Clerk of the Court using the Odyssey e-Filing system, which will automatically send a notification attaching same thereon to the following counsel of record::

Edward A. Piasta
Andrew L. Hagenbush
Piasta Newbern Walker, LLC
3301 Windy Ridge Parkway
Suite 110
Atlanta, GA 30339
edward@pnwlaw.com
andrew@pnwlaw.com

This 21st day of March, 2023.

*/s/ Scott W. Zottneck*
SCOTT W. ZOTTNECK
For the Firm

16366

E-FILED IN OFFICE - NN
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-00369-S7**
**3/13/2023 4:07 PM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| JOAN MOREL RAMIREZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No.: |
| v. | ) 23C00369S7 |
| | ) |
| UNITED SPECIALTY INSURANCE | ) |
| COMPANY, MANILA EXPRESS | ) |
| INC, SUKHPREET SINGH, DOE 1, | ) |
| DOE 2, DOE 3, DOE 4, and DOE 5, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## <u>ORDER</u>

HAVING READ AND CONSIDERED the Motion to Correct Misnomer, it is

hereby ordered that said motion is **GRANTED** and the misnomer be corrected as

follows:  The misnomer of "Manila Express, LLC" is changed to "Manila Express

Inc". The case style is changed as reflected above, and the change is incorporated by

reference into all documents currently filed in this action.

SO ORDERED, this 13th day of March, 2023.

Judge, Jaletta L. Smith
State Court of Gwinnett County

**Prepared By:**

Edward A. Piasta, Esq.

E-FILED IN OFFICE - NN
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
23-C-00369-S7
2/27/2023 10:14 AM
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | |
|---|---|
| JOAN MOREL RAMIREZ, | |
| Plaintiff, | CIVIL ACTION FILE NO. <u>23-C-00369-S7</u> |
| v. | |
| UNITED SPECIALTY INSURANCE COMPANY, MANILA EXPRESS, LLC, SUKHPREET SINGH, DOE 1, DOE 2,   DOE 3, DOE 4, and DOE 5, | |
| Defendants. | |

## **RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY**

Pursuant to Rule 5.2 of the Georgia Uniform Superior Court Rules, this is to certify that

on this day I served a true and correct copy of the following:

- **Defendant United Specialty Insurance Company's First Interrogatories and Requests for Production of Documents to Plaintiff**

by *STATUTORY ELECTRONIC SERVICE* on the following counsel of record:

Edward A. Piasta
Andrew L. Hagenbush
Piasta Newbern Walker, LLC
3301 Windy Ridge Pkwy., Suite 110
Atlanta, GA 30339
edward@pnwlaw.com
andrew@pnwlaw.com
*Attorneys for Plaintiff*

This 27th day of February, 2023.

MCMICKLE, KUREY & BRANCH, LLP

By: */s/ Scott W. Zottneck*
    RAYMOND J. KUREY
    Georgia Bar No. 430472
    SCOTT W. ZOTTNECK
    Georgia Bar No. 700008
    *Attorneys for Defendants*

217 Roswell Street, Suite 200
Alpharetta, GA 30009
Telephone: (678) 824-7800
Facsimile: (678) 824-7801
Email: rjk@mkblawfirm.com

M1000158.1 16366

Email: szottneck@gmail.com

## **CERTIFICATE OF SERVICE**

This is to certify that I have this day served a copy of the foregoing **RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY** with the Clerk of the Court using the Odyssey e-Filing system, which will automatically send a notification attaching same thereon to the following counsel of record:

Edward A. Piasta
Andrew L. Hagenbush
Piasta Newbern Walker, LLC
3301 Windy Ridge Pkwy., Suite 110
Atlanta, GA  30339
edward@pnwlaw.com
andrew@pnwlaw.com
*Attorneys for Plaintiff*

This 27th day of February, 2023.

*/s/ Scott W. Zottneck*
SCOTT W. ZOTTNECK
For the Firm

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

JOAN MOREL RAMIREZ,

    Plaintiff,

    v.

UNITED SPECIALTY INSURANCE
COMPANY, MANILA EXPRESS, LLC,
SUKHPREET SINGH, DOE 1, DOE 2,
DOE 3, DOE 4, and DOE 5,

    Defendants.

CIVIL ACTION
FILE NO. <u>23-C-00369-S7</u>

## <u>DEFENDANT UNITED SPECIALTY INSURANCE COMPANY'S FIRST INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF</u>

Pursuant to O.C.G.A. §§ 9-11-26, 9-11-33, and 9-11-34, Defendant UNITED SPECIALTY INSURANCE COMPANY ("United Specialty" or "Defendant"), requests that Plaintiff JOAN MOREZ RAMIREZ ("Plaintiff") fully answer and respond to the following interrogatories and request for production of documents and serve his responses upon counsel for Defendant within thirty (30) days after the service of these discovery requests. These discovery requests are continuing to the extent required by the Georgia Civil Practice Act. You must supplement your responses according to the Act's rules.

## <u>DEFINITIONS</u>

"**Person**" means any natural person, corporation, partnership, proprietorship, association, organization, or group of persons.

"**Document**" means all writings, drawings, graphs, charts, photographs, records, and other data compilations from which information can be obtained, of every type and description which are in your possession or control, including but not limited to correspondence, tapes, memoranda, stenographic or handwritten notes, studies, reports, publications, computer records, invoices,

purchase/shipping orders, bills of lading, acknowledgments, surveys, plans, work orders, inspections, quality control records, social media posts of any nature, etc.; every copy of such document where the original is not in your possession, custody or control; and, every copy of every such document where such copy contains any commentary or notation that does not appear on the original.

**"Identify"** means: (1) with respect to **"persons"** who are individuals, to provide the name, present or last-known residence address, present or last-known residence telephone number, present or last known employer or business affiliation, present or last-known business address, and present or last-known business telephone number of each person; (2) with respect to institutions, businesses, groups or other organizations, to provide the current or last-known complete name, address and telephone number for each; and (3) with respect to **"documents,"** to provide -- irrespective of whether the **document** is subject to any claim of privilege -- the title or other means of identification of each **document**, the date of each **document**, the name and address of the author, the name and address of each recipient, and the name and address of all **persons** who have custody, control or possession of each **document** or copies of it.

**"Occurrence"** means the incident or event that gives rise to this lawsuit.

## INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS

### 1.

Please state your:

(a)     full legal name and any other names you have ever used;

(b)     date and place of birth;

(c)     marital status, full name and addresses of all present and former spouses, dates of all marriages, and dates of all divorces;

(d)     social security number;

    (e)       full names, addresses, and ages of all children;

    (f)       education background including all schools, institutions, trade or professional schools attended, the dates of attendance of each, and the degrees, certificates, or licenses obtained at each;

    (g)      current address and address at the time of the accident at issue.

**RESPONSE:**

### 2.

State your current ten (10) digit home and cellular telephone numbers and, if they have changed since the date of the occurrence, any ten (10) digit home and cellular telephone number you used at the time of the occurrence (i.e., landline, internet, disposable, prepaid, burner, contract, etc.); and for each, include the name and address of the service provider and the account-holder, and the dates each was used.

**RESPONSE:**

### 3.

State specifically the name, address and telephone number of your current employer and every other employer for whom you have worked for the past ten (10) years identifying as to each the dates of employment, the nature of your work, name of your supervisor, and your rate of pay.

**RESPONSE:**

### 4.

If you or any member of your immediate family have ever been a party to a lawsuit, including a claim for worker's compensation or a bankruptcy proceeding, please identify the person involved, give the style and number of the case, the nature of the litigation, the role you or your family member had in the litigation (plaintiff, defendant, etc.), and the court or administrative body before which the suit was filed.

**RESPONSE:**

5.

During the fifteen (15) years immediately preceding the incident complained of, were you ever hospitalized, examined, or treated by any physician, surgeon, dentist, physical therapist, chiropractor or practitioner of any healing art?  If so, state the following:

    (a)    The name and address of each such hospital, physician, surgeon, dentist, physical therapist, chiropractor or practitioner of any healing art;

    (b)    The dates of each such examination or treatment, and

    (c)    The reason for each such examination or treatment.

**RESPONSE:**

6.

If you have ever made a claim for bodily injury or property damage against any person, agency, firm, or entity, including an insurance company, please provide the following with regard to each such claim:

    (a)    Identify the person and/or entity against whom the claim was made;

    (b)    Identify the facts of the claim and the specific injury and/or property damage at issue;

    (b)    Identify the claim or case number and adjuster or other representative who handled the claim; and,

    (c)    Identify all documents including, but not limited to, all notices, correspondence, settlement agreements, releases, drafts, checks, etc., relating to the claim.

**RESPONSE:**

7.

Please list the names and addresses of every practitioner of the healing arts (physicians, dentists, physical therapists, chiropractors, osteopaths, psychiatrists, psychologists, etc.) who have examined or treated you after the incident complained of occurred.

**RESPONSE:**

8.

To your knowledge, information or belief, have any of the physicians, physical therapists, chiropractors, osteopaths, psychiatrists, psychologists, or other practitioner of the healing arts referred to in the preceding two (2) interrogatories made any reports, statements or bills concerning your medical condition?  If so, please identify each such report, statement, or bill.

**RESPONSE:**

9.

Thirty (30) days after service hereof, you are requested to produce for inspection and copying by Defendant at the offices of Raymond J. Kurey, Esq., of McMickle, Kurey & Branch, LLP, 217 Roswell Street, Suite 200, Alpharetta, GA 30009, all such reports, statements or bills referred to in the preceding interrogatory.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**RESPONSE:**

10.

State the name and address of any person, including any party who, to your knowledge, information, or belief:

(a)     Was an eyewitness to the incident complained of in this action;

(b)     Has some knowledge of any fact or circumstance upon which your allegations of negligence or causation are based;

(c)     Has some knowledge of any fact or circumstance upon which your allegations of damages are based.

**RESPONSE:**

11.

State whether you or anyone acting on your behalf obtained statements or reports whether oral, written or recorded, relating to any fact at issue in this case from any person.  If so, for each such statement or report state:

      (a)      The name and address of the person giving each such statement or report; and

      (b)      The form of each such statement or report (written, recorded, etc.), and if written, whether the statement or report was signed.

**RESPONSE:**

12.

Thirty (30) days after service hereof, you are requested to produce for inspection and copying by Defendant at the offices of Raymond J. Kurey, Esq., of McMickle, Kurey & Branch, LLP, 217 Roswell Street, Suite 200, Alpharetta, GA 30009, all such statements or reports referred to or listed in the preceding interrogatories.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**RESPONSE:**

13.

State in detail each and every communication you, your agents or attorneys have had with any of the Defendants or their agents or attorneys and state whether each communication was verbal or in writing.

**RESPONSE:**

14.

Thirty (30) days after service hereof, you are requested to produce for inspection and copying by Defendant at the offices of Raymond J. Kurey, Esq. of McMickle, Kurey & Branch, LLP, 217 Roswell Street, Suite 200, Alpharetta, GA 30009, all such communications referred to or listed in the

preceding interrogatories.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**RESPONSE:**

15.

To your knowledge, information, or belief, are there any photographs, video or audio recordings of any kind, or drawings of any scene, device, vehicle, instrumentality or person which you contend supports your allegations of liability or damages.  If so, describe these in detail.

**RESPONSE:**

16.

Thirty (30) days after service hereof, you are requested to produce for inspection and copying by Defendant at the offices of Raymond J. Kurey, Esq. of McMickle, Kurey & Branch, LLP, 217 Roswell Street, Suite 200, Alpharetta, GA 30009, all such photographs, video or audio recordings of any kind, or drawings referred to in the preceding interrogatory.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**RESPONSE:**

17.

To your knowledge, information, or belief, is there any documentary or other tangible evidence which you contend supports your allegations of negligence, causation, or damages?  If so, please describe such tangible evidence in detail.

**RESPONSE:**

18.

Thirty (30) days after service hereof, you are requested to produce for inspection and copying by Defendant at the offices of Raymond J. Kurey, Esq. of McMickle, Kurey & Branch, LLP, 217 Roswell Street, Suite 200, Alpharetta, GA 30009, all such documentary or other tangible evidence referred to in this preceding interrogatory.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**RESPONSE:**

19.

Please state the place and date of all accidents or incidents (including, but not limited to motor vehicle accidents, slip and falls, work injuries, home injuries, sports injuries, and/or other injuries) in which you have been involved, both prior to the occurrence and subsequent thereto, and describe the personal injuries, if any, that you received in the other accidents or incidents.

**RESPONSE:**

20.

State in complete detail each and every injury that you contend that you sustained as a result of the incident involved in this action.

**RESPONSE:**

21.

State in detail what medical or hospital care you have received since the incident complained of setting forth the names and addresses of the providers of such care.

**RESPONSE:**

22.

Do you contend that you have lost wages or missed any time from any employment as a result of the incident complained of? If so, please state the following:

    (a)    the name of your employer;

    (b)    list each date that you were absent from work;

    (c)    your salary or hourly wage at the time of the accident in question;

    (d)    the loss of income you contend resulted therefrom; and

    (e)    whether you were paid by your employer during your absence from work.

**RESPONSE:**

23.

Itemize all expenses and special damages which you contend resulted from the incident complained of, including, but not limited to, property damage, medical and hospital expenses, and loss of earnings.

**RESPONSE:**

24.

With respect to all compensation, indemnity, insurance, wage loss replacement, income replacement or disability benefits or payments available to you from any and all governmental or private sources in connection with any medical expenses, loss of income or any other special damages that you claim as a result of the incident involved in this case, please state the following:

(a)    The name and address of each person, firm or corporation (including any governmental body or insurance company) through which such benefits are available; and

(b)    The total amount of such benefits actually received by you from each such source.

**RESPONSE:**

25.

Thirty (30) days after service hereof, you are requested to produce for inspection and copying by Defendant at the offices of Raymond J. Kurey, Esq. of McMickle, Kurey & Branch, LLP, 217 Roswell Street, Suite 200, Alpharetta, GA 30009, all of your federal and state income tax returns for the last five (5) years.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**RESPONSE:**

26.

Have you ever made any claim for bodily injuries of any kind against any person, agency, firm, entity, or corporation, including an insurance company?  If so, please state the following:

(a)     The name of the person, firm or corporation against whom such claim was made;

(b)     The type of injuries sustained by you; and

(c)     The outcome of such claim.

**RESPONSE:**

27.

Have you ever been arrested or charged with a crime for any reason? If so, state the following:

(a)     The date and place, including the state and county where the charges were filed;

(b)     The charges made against you at the time of each arrest; and

(c)     The ultimate disposition of each arrest, including whether criminal sanctions were imposed.

**RESPONSE:**

28.

Have you employed any experts or technicians to test, examine or analyze any product, object, device, or condition whatsoever in connection with the occurrence in question? If so, as to each such expert or technician, please state the following:

(a)     His/her name, address and telephone number;

(b)     His/her profession or occupation and the field in which he/she is claimed to be an expert;

(c)     A description of the product, object, device or condition examined or analyzed;

(d)     Whether you expect to call him/her as an expert witness at the trial of this action.

**RESPONSE:**

29.

As to each expert or technician you intend to call as a witness at the trial of this action, state the subject matter on which he/she is expected to testify, state in detail the substance of the facts and

opinions to which he/she is expected to testify and give a complete summary of the grounds for each opinion.

**RESPONSE:**

30.

Has any expert or technician referred to in the preceding interrogatory prepared any reports, statements, drawings, photographs or other documents in connection with his testing, examination or analysis? If so, please describe each such document, giving as to each the following:

(a)   The name and address of the person who prepared such;

(b)   The present location and the name of the custodian of such document(s).

**RESPONSE:**

31.

Thirty (30) days after service hereof, you are requested to produce for inspection and copying by Defendant at the offices of Raymond J. Kurey, Esq. of McMickle, Kurey & Branch, LLP, 217 Roswell Street, Suite 200, Alpharetta, GA 30009, all such reports, statements, drawings, photographs or other documents referred to in the preceding interrogatories. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**RESPONSE:**

32.

State each and every ground of negligence relied on by you and specify each and every statute, ordinance, or regulation you contend was violated by any defendant herein.

**RESPONSE:**

33.

State in detail what medical or hospital care you have received since the incident complained of, setting forth the names and addresses of the providers of such care.

**RESPONSE:**

Page 11 of 17

34.

Prior or subsequent to the incident complained of, have you ever suffered from a similar injury or medical condition?   If so, please state the following:

(a)  Describe such injury or condition;

(b)  When and where such injury was sustained;

(c)  Whether a claim for personal injury was made by you and, if so, against whom such claim was made;

(d)  The outcome of each such claim.

**RESPONSE:**

35.

State in detail your version of the incident which forms the basis for the lawsuit filed in this case, including, but not limited to, the date and time of the incident, the location of the incident, and the sequence of events before, during and after the incident.

**RESPONSE:**

36.

Have federal and state tax returns been filed for you within the last five (5) years?  If so, please state the years in which such returns were filed.

**RESPONSE:**

37.

Thirty (30) days after service hereof, you are requested to produce for inspection and copying by Defendant at the offices of Raymond J. Kurey, Esq. of McMickle, Kurey & Branch, LLP, 217 Roswell Street, Suite 200, Alpharetta, GA 30009, any and all documents referred to in your response to the preceding interrogatory.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**RESPONSE:**

38.

Please list each and every fact or document that supports your contention contained in Paragraph 15 of Plaintiff's Complaint.

**RESPONSE:**

39.

Thirty (30) days after service hereof, you are requested to produce for inspection and copying by Defendant at the offices of Raymond J. Kurey, Esq. of McMickle, Kurey & Branch, LLP, 217 Roswell Street, Suite 200, Alpharetta, GA 30009, any and all documents that support your response to the preceding interrogatory. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**RESPONSE:**

40.

Please list each and every fact or document that supports your contention contained in Paragraph 19 of Plaintiff's Complaint.

**RESPONSE:**

41.

Thirty (30) days after service hereof, you are requested to produce for inspection and copying by Defendant at the offices of Raymond J. Kurey, Esq. of McMickle, Kurey & Branch, LLP, 217 Roswell Street, Suite 200, Alpharetta, GA 30009, any and all documents that support your response to the preceding interrogatory. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**RESPONSE:**

42.

Please list each and every fact or document that supports your contention contained in Paragraph 23 of Plaintiff's Complaint.

**RESPONSE:**

43.

Thirty (30) days after service hereof, you are requested to produce for inspection and copying by Defendant at the offices of Raymond J. Kurey, Esq. of McMickle, Kurey & Branch, LLP, 217 Roswell Street, Suite 200, Alpharetta, GA 30009, any and all documents that support your response to the preceding interrogatory. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**RESPONSE:**

44.

Please list each and every fact or document that supports your contention contained in Paragraph 24 of Plaintiff's Complaint.

**RESPONSE:**

45.

Thirty (30) days after service hereof, you are requested to produce for inspection and copying by Defendant at the offices of Raymond J. Kurey, Esq. of McMickle, Kurey & Branch, LLP, 217 Roswell Street, Suite 200, Alpharetta, GA 30009, any and all documents that support your response to the preceding interrogatory. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**RESPONSE:**

46.

Please list each and every fact or document that supports your contention contained in Paragraph 25 of Plaintiff's Complaint.

**RESPONSE:**

47.

Thirty (30) days after service hereof, you are requested to produce for inspection and copying by Defendant at the offices of Raymond J. Kurey, Esq. of McMickle, Kurey & Branch, LLP, 217 Roswell Street, Suite 200, Alpharetta, GA 30009, any and all documents that support your response to the preceding interrogatory. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**RESPONSE:**

48.

Please list each and every fact or document that supports your contention contained in Paragraph 31 of Plaintiff's Complaint, specifically relating to any alleged disability, disfigurement, mental anguish, loss of the capacity for the enjoyment of life, loss wages, economic losses, incidental expenses, loss of earning capacity, permanent injuries, and consequential damages sustained by Plaintiff.

**RESPONSE:**

49.

Thirty (30) days after service hereof, you are requested to produce for inspection and copying by Defendant at the offices of Raymond J. Kurey, Esq. of McMickle, Kurey & Branch, LLP, 217 Roswell Street, Suite 200, Alpharetta, GA 30009, any and all documents that support your response to the preceding interrogatory. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**RESPONSE:**

50.

Please list each and every fact or document that supports your contention contained in Paragraph 34 of Plaintiff's Complaint.

**RESPONSE:**

51.

Thirty (30) days after service hereof, you are requested to produce for inspection and copying by Defendant at the offices of Raymond J. Kurey, Esq. of McMickle, Kurey & Branch, LLP, 217 Roswell Street, Suite 200, Alpharetta, GA 30009, any and all documents that support your response to the preceding interrogatory. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**RESPONSE:**

52.

Thirty (30) days after service hereof, you are requested to produce for inspection and copying by Defendant at the offices of Raymond J. Kurey, Esq. of McMickle, Kurey & Branch, LLP, 217 Roswell Street, Suite 200, Alpharetta, GA 30009, copies of all 1099 forms and/or W-2 forms received by you within the last five (5) years.

**RESPONSE:**

Respectfully submitted, this 27th day of February, 2023.

MCMICKLE, KUREY & BRANCH, LLP

By: _Scott W. Zottneck_____
RAYMOND J. KUREY
Georgia Bar No. 430472
SCOTT W. ZOTTNECK
Georgia Bar No. 700008
For the Firm
*Attorneys for Defendants*

217 Roswell Street, Suite 200
Alpharetta, GA 30009
Telephone: (678) 824-7800
Facsimile: (678) 824-7801
Email: rjk@mkblawfirm.com
Email: szottneck@mkblawfirm.com

Page 16 of 17

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the foregoing **DEFENDANT UNITED SPECIALTY INSURANCE COMPANY'S FIRST INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF** by *STATUTORY ELECTRONIC SERVICE* on the following counsel of record:

Edward A. Piasta
Andrew L. Hagenbush
Piasta Newbern Walker, LLC
3301 Windy Ridge Pkwy., Suite 110
Atlanta, GA 30339
edward@pnwlaw.com
andrew@pnwlaw.com
*Attorneys for Plaintiff*

This 27th day of February, 2023.

SCOTT W. ZOTTNECK
For the Firm

16366

16366

E-FILED IN OFFICE - NN
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-00369-S7**

**2/21/2023 3:32 PM**

TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

JOAN MOREL RAMIREZ,

      Plaintiff,

v.

UNITED SPECIALTY INSURANCE
COMPANY, MANILA EXPRESS, LLC,
SUKHPREET SINGH, DOE 1, DOE 2, DOE
3, DOE 4, and DOE 5,

      Defendants.

CIVIL ACTION
FILE NO. <u>23-C-00369-S7</u>

## **DEFENDANT'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT**

COMES NOW, Defendant UNITED SPECIALTY INSURANCE COMPANY ("Defendant" or "United Specialty"), by and through the undersigned counsel, and answers Plaintiff JOAN MOREL RAMIREZ's ("Plaintiff") Complaint as follows:

## **FIRST DEFENSE**

Service of process is insufficient as to Defendants Manila Express, LLC and Sukhpreet Singh; and, therefore, Plaintiff's Complaint against Defendants Manila Express, LLC and Sukhpreet Singh should be dismissed.

## **SECOND DEFENSE**

Defendant answers the numbered paragraphs of the Complaint as follows:

1.

For answer to paragraph 1 of Plaintiff's Complaint, Defendant admits that an accident occurred on October 18, 2021. The remaining allegations contained in paragraph 1 of Plaintiff's Complaint are denied.

2.

Defendant admits the allegations contained in paragraph 2 of Plaintiff's Complaint.

3.

Defendant admits the allegations contained in paragraph 3 of Plaintiff's Complaint.

4.

Defendant admits the allegations contained in paragraph 4 of Plaintiff's Complaint.

5.

Defendant denies the allegations contained in paragraph 5 of Plaintiff's Complaint.

6.

Defendant denies the allegations contained in paragraph 6 of Plaintiff's Complaint.

7.

Defendant denies the allegations contained in paragraph 7 of Plaintiff's Complaint.

8.

Defendant admits that Defendant Singh, a driver involved in the accident at issue, may be served at this residence in New York. The remaining allegations contained in paragraph 8 of Plaintiff's Complaint are denied.

9.

For answer to paragraph 9 of Plaintiff's Complaint, Defendant admits that as soon as Defendant Singh is lawfully served with a copy of the Summons and Complaint in this case, he will be subject to the jurisdiction and venue of this Court. The remaining allegations contained in paragraph 9 of Plaintiff's Complaint are denied.

10.

Defendant denies the allegations contained in paragraph 10 of Plaintiff's Complaint.

11.

Defendant denies the allegations contained in paragraph 11 of Plaintiff's Complaint.

12.

Defendant denies the allegations contained in paragraph 12 of Plaintiff's Complaint.

13.

For answer to paragraph 13 of Plaintiff's Complaint, Defendant admits that on or about October 18, 2021, an automobile accident occurred between vehicles driven by Plaintiff and Defendant Singh. Defendant further admits that at the time of the accident, Defendant Singh was attempting a left-hand turn from Horizon Drive onto Rolling Pin Lane. The remaining allegations contained in paragraph 13 of Plaintiff's Complaint are denied.

14.

Defendant denies the allegations contained in paragraph 14 of Plaintiff's Complaint.

15.

Defendant denies the allegations contained in paragraph 15 (a-h) of Plaintiff's Complaint.

16.

Defendant denies the allegations contained in paragraph 16 of Plaintiff's Complaint.

17.

Defendant denies the allegations contained in paragraph 17 of Plaintiff's Complaint.

18.

Defendant denies the allegations contained in paragraph 18 of Plaintiff's Complaint.

19.

Defendant denies the allegations contained in paragraph 19 of Plaintiff's Complaint.

20.

Defendant denies the allegations contained in paragraph 20 of Plaintiff's Complaint.

21.

Defendant denies the allegations contained in paragraph 21 of Plaintiff's Complaint.

22.

Defendant denies the allegations contained in paragraph 22 of Plaintiff's Complaint.

23.

Defendant denies the allegations contained in paragraph 23 of Plaintiff's Complaint.

24.

Defendant denies the allegations contained in paragraph 24 of Plaintiff's Complaint.

25.

Defendant denies the allegations contained in paragraph 25 of Plaintiff's Complaint.

26.

Defendant denies the allegations contained in paragraph 26 of Plaintiff's Complaint.

27.

Defendant denies the allegations contained in paragraph 27 of Plaintiff's Complaint.

28.

Defendant denies the allegations contained in paragraph 28 of Plaintiff's Complaint.

29.

Defendant denies the allegations contained in paragraph 29 of Plaintiff's Complaint.

30.

Defendant denies the allegations contained in paragraph 30 of Plaintiff's Complaint.

31.

Defendant denies the allegations contained in paragraph 31 of Plaintiff's Complaint.

32.

Defendant denies the allegations contained in paragraph 32 of Plaintiff's Complaint.

33.

For answer to paragraph 33 of Plaintiff's Complaint, Defendant admits that the terms, provisions, conditions, and language of the United Specialty Insurance Company policy at issue speak for themselves. The remaining allegations contained in paragraph 33 of Plaintiff's Complaint are denied.

34.

Defendant denies the allegations contained in paragraph 34 of Plaintiff's Complaint.

## **THIRD DEFENSE**

All allegations contained in Plaintiff's Complaint not specifically admitted or denied hereinabove are now generally denied by Defendant. Further, Defendant denies the allegations in the WHEREFORE clause and/or Prayer at the end of Plaintiff's Complaint.

WHEREFORE, having responded to Plaintiff's Complaint, Defendant prays the Court as follows:

(1)    That Plaintiff's Complaint be dismissed with prejudice;

(2)    That all issues of fact be tried by a jury of twelve (12);

(3)    That all costs associated with the action be taxed against Plaintiff to include a reasonable fee for Defendant's attorneys; and

(4)    For such and further relief as the Court deems just and proper.

Respectfully submitted, this 21st day of February, 2023.

MCMICKLE, KUREY & BRANCH, LLP

*/s/ Raymond J. Kurey*_____
RAYMOND J. KUREY
Georgia Bar No. 430472
SCOTT W. ZOTTNECK
Georgia Bar No. 700008
For the Firm
*Attorneys for Defendant United Specialty*
*Insurance Company*

217 Roswell Street, Suite 200
Alpharetta, GA  30009
Telephone: (678) 824-7800
Facsimile: (678) 824-7801
Email: rjk@mkblawfirm.com
Email: swz@mkblawfirm.com

## CERTIFICATE OF SERVICE

This is to certify that on this date I have electronically filed the foregoing **DEFENDANT'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT** with the Clerk of the Court using the Odyssey e-Filing system, which will automatically send a notification attaching same thereon to the following counsel of record:

Edward A. Piasta
Andrew L. Hagenbush
Piasta Newbern Walker, LLC
3301 Windy Ridge Parkway
Suite 110
Atlanta, GA 30339
edward@pnwlaw.com
andrew@pnwlaw.com

This 21st day of February, 2023.

*/s/ Raymond J. Kurey*
RAYMOND J. KUREY
For the Firm

16366

E-FILED IN OFFICE - NN
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-00369-S7**
**2/21/2023 3:32 PM**
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | |
|---|---|
| JOAN MOREL RAMIREZ, | |
| Plaintiff, | CIVIL ACTION |
| v. | FILE NO. <u>23-C-00369-S7</u> |
| UNITED SPECIALTY INSURANCE COMPANY, MANILA EXPRESS, LLC, SUKHPREET SINGH, DOE 1, DOE 2, DOE 3, DOE 4, and DOE 5, | |
| Defendants. | |

## **DEFENDANT'S DEMAND FOR TRIAL BY JURY OF TWELVE**

COMES NOW, Defendant UNITED SPECIALTY INSURANCE COMPANY, by and through the undersigned counsel, and hereby requests and demands that all issues of fact be tried by a jury of twelve (12) in this civil action.

Respectfully submitted, this 21st day of February, 2023.

MCMICKLE, KUREY & BRANCH, LLP

*/s/ Raymond J. Kurey*
RAYMOND J. KUREY
Georgia Bar No. 430472
SCOTT W. ZOTTNECK
Georgia Bar No. 700008
For the Firm
*Attorneys for Defendant United Specialty Insurance Company*

217 Roswell Street, Suite 200
Alpharetta, GA 30009
Telephone: (678) 824-7800
Facsimile: (678) 824-7801
Email: rjk@mkblawfirm.com
Email: swz@mkblawfirm.com

## CERTIFICATE OF SERVICE

This is to certify that on this date I have electronically filed the foregoing **DEFENDANT'S DEMAND FOR TRIAL BY JURY OF TWELVE** with the Clerk of the Court using the Odyssey e-Filing system, which will automatically send a notification attaching same thereon to the following counsel of record:

Edward A. Piasta
Andrew L. Hagenbush
Piasta Newbern Walker, LLC
3301 Windy Ridge Parkway
Suite 110
Atlanta, GA 30339
edward@pnwlaw.com
andrew@pnwlaw.com

This 21st day of February, 2023.

/s/ Raymond J. Kurey
RAYMOND J. KUREY
For the Firm

16366

Page 2 of 2

E-FILED IN OFFICE - NN
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
23-C-00369-S7
3/17/2023 7:35 AM
TIANA P. GARNER, CLERK

# AFFIDAVIT OF SERVICE

State of Georgia                County of Gwinnett                State Court

Case Number: 23-C-00369-S7

Plaintiff: **Joan Morel Ramirez**
vs.
Defendant: **UNITED SPECIALTY INSURANCE COMPANY, MANILA EXPRESS, LLC, SUKHPREET SINGH, DOE 1, DOE 2, DOE 3, DOE 4, and DOE 5**

For: Andrew Hagenbush
Piasta Newbern Walker, LLC

Received by Ancillary Legal Corporation on the 20th day of January, 2023 at 9:33 am to be served on **Manila Express, LLC c/o Buta Sungh Gill, Registered Agent, 2430 N. Redda Rd, Fresno, CA 93737.** I, Gregg Schofield, being duly sworn, depose and say that on the 9th day of February, 2023 at 7:34 _.m., executed service by delivering a true copy of the **Summons, Complaint, Plaintiff's First Requests for Admission to Defendants & Any Insurer, Plaintiff's First Interrogatories to Defendants, Plaintiff's First Requests for Production of Documents** in accordance with state statutes in the manner marked below:

( ) PUBLIC AGENCY: By serving _____ as _____ of the within-named agency.

(✓) CORPORATE SERVICE: By serving John Doe as Occupant _____.

( ) OTHER SERVICE: As described in the Comments below by serving _____ as _____.

( ) NON SERVICE: For the reason detailed in the Comments below.

Age 60's   SEX (M) F   Race Eastern Indian   Height 6'   Weight 190   Hair grey   Glasses Y (N)
COMMENTS: grey beard, turban _____
_____
_____
_____

Age 60's   Sex (M) F   Race Eastern Indian   Height 6'   Weight 190   Hair grey   Glasses Y (N)

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.

Subscribed and Sworn to before me on the 9th day of February, 2023 by the affiant who is personally known to me.

_____
NOTARY PUBLIC

PROCESS SERVER # 520141000037
Appointed in accordance with State Statutes

**Ancillary Legal Corporation**
**2900 Chamblee Tucker Road**
**Building 13**
**Atlanta, GA 30341**
**(404) 459-8006**

Our Job Serial Number: 2023000604
Ref: Morel

VICTORIA MABRY
NOTARY PUBLIC - CALIFORNIA
COMMISSION # 2350635
FRESNO COUNTY
My Comm. Exp. March 10, 2025

E-FILED IN OFFICE - NN
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-00369-S7**
**1/24/2023 8:22 AM**
TIANA P. GARNER, CLERK

## AFFIDAVIT OF SERVICE

**State of Georgia**               **County of Gwinnett**               State Court

Case Number: 23-C-00369-S7

Plaintiff: **Joan Morel Ramirez**
vs.
Defendant: **UNITED SPECIALTY INSURANCE COMPANY, MANILA EXPRESS, LLC, SUKHPREET SINGH, DOE 1, DOE 2, DOE 3, DOE 4, and DOE 5**

For:
Andrew Hagenbush
Piasta Newbern Walker, LLC
3301 Windy Ridge Pkwy.
Ste. 110
Atlanta, GA 30339

Received by Ancillary Legal Corporation on the 20th day of January, 2023 at 9:27 am to be served on **United Specialty Insurance Company c/o CT Corporation System, Registered Agent, 289 S. Culver Street, Lawrenceville, GA 30046.**

I, Christopher Todd Horton, being duly sworn, depose and say that on the **20th day of January, 2023** at **2:07 pm, I:**

served **United Specialty Insurance Company c/o CT Corporation System, Registered Agent** by delivering a true copy of the **Summons, Complaint, Plaintiff's First Requests for Admission to Defendants & Any Insurer, Plaintiff's First Interrogatories to Defendants, Plaintiff's First Requests for Production of Documents** to: CT Corporaiton System as **Registered Agent, BY LEAVING THE SAME WITH** Jane Richardson as **Authorized to Accept** at the address of: **289 S Culver Street, Lawrenceville, GA 30046-4805.**

**Additional Information pertaining to this Service:**
1/20/2023  2:07 pm  Perfected corporate service at 289 S. Culver St., Lawrenceville, GA 30046, by serving Jane Richardson, process specialist.

White female, light brown hair,
60-65 years old , 5'7", 190 lbs,
wears glasses.

I am an agent of Ancillary Legal Corporation and am competent in all respects to testify regarding the matters set forth herein. I have personal knowledge of the facts stated herein and know them to be true.I have no interest in the outcome of this action and am not related to any of  the parties. I am 18 or more years of age and am authorized to serve process.

Christopher Todd Horton
Process Server

Subscribed and Sworn to before me on the 23
day of January 2023 by the affiant
who is personally known to me.

NOTARY PUBLIC

**Ancillary Legal Corporation**
**2900 Chamblee Tucker Road**
**Building 13**
**Atlanta, GA 30341**
**(404) 459-8006**

Our Job Serial Number: ANC-2023000602
Ref: Morel

Copyright © 1992-2023 Database Services, Inc. - Process Server's Toolbox V8.2i

BOYD KENNETH WARD
NOTARY
GEORGIA
EXPIRES
08/22/2026
PUBLIC
FULTON COUNTY

E-FILED IN OFFICE - NN
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-00369-S7**

**1/26/2023 5:08 PM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| JOAN MOREL RAMIREZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) Civil Action No.: |
| v. | ) 23C00369S7 |
| | ) |
| UNITED SPECIALTY INSURANCE | ) |
| COMPANY, MANILA EXPRESS, | ) |
| LLC, SUKHPREET SINGH, DOE 1, | ) |
| DOE 2, DOE 3, DOE 4, and DOE 5, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## MOTION TO CORRECT MISNOMER AND/OR AMEND CASE CAPTION

Plaintiff moves this Court to Correct Misnomer and Amend Case Caption. Plaintiff's Summons and Complaint named "Manila Express, LLC" as a party Defendant. While no defendant has appeared yet, appointed counsel for Manila Express and the other defendants graciously called to inform Plaintiff's counsel that the correct legal name for Manila Express is "Manila Express Inc", not "Manila Express, LLC". As such, Plaintiff moves to correct this misnomer and to have the style changed accordingly.

A proposed Order is attached hereto.

WHEREFORE, Plaintiff respectfully requests that the Court enter the attached Order correcting the above-stated misnomer. Anticipated counsel for Defendants does not oppose this motion.

Dated: January 26, 2023.

Respectfully submitted,

**PIASTA NEWBERN WALKER, LLC**


*/s/ Edward A. Piasta*
EDWARD A. PIASTA
Georgia Bar No. 110161
*Counsel for Plaintiff*

3301 Windy Ridge Parkway
Suite 110
Atlanta, Georgia 30339
T: (404) 996-1296
F: (404) 996-1316
E: edward@pnwlaw.com

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| JOAN MOREL RAMIREZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No.: |
| v. | ) 23C00369S7 |
| | ) |
| UNITED SPECIALTY INSURANCE | ) |
| COMPANY, MANILA EXPRESS | ) |
| INC, SUKHPREET SINGH, DOE 1, | ) |
| DOE 2, DOE 3, DOE 4, and DOE 5, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## ORDER

HAVING READ AND CONSIDERED the Motion to Correct Misnomer, it is hereby ordered that said motion is **GRANTED** and the misnomer be corrected as follows: The misnomer of "Manila Express, LLC" is changed to "Manila Express Inc". The case style is changed as reflected above, and the change is incorporated by reference into all documents currently filed in this action.

SO ORDERED, this _____ day of _____, 2023.

_____
Judge
State Court of Gwinnett County

**Prepared By:**

Edward A. Piasta, Esq.

IN THE STATE COURT OF GWINNETT COUNTY

E-FILED IN OFFICE - JT
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-00369-S7**
**1/19/2023 10:17 AM**
TIANA P. GARNER, CLERK

STATE OF GEORGIA

**Joan Morel Ramirez**

|                          |  |  |
|--------------------------|--|--|
|                          |  |  |
|                          |  |  |

CIVIL ACTION NUMBER:    23-C-00369-S7

PLAINTIFF

VS.

**United Specialty Insurance Company**

**R/A: CT Corporation System**

289 S. Culver Street, Lawrenceville, GA 30046

DEFENDANT

**SUMMONS**

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Andrew L. Hagenbush
Piasta Newbern Walker, LLC.
3301 Windy Ridge Parkway, Ste. 110
Atlanta, GA 30339                                                                                                                ⊞

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

19th day of January, 2023

This _____ day of _____, 20_____.

Tiana P. Garner
Clerk of State Court

By_____
           Deputy Clerk

**INSTRUCTIONS:** Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

E-FILED IN OFFICE - JT
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-00369-S7**
**1/19/2023 10:17 AM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| JOAN MOREL RAMIREZ, | ) | |
| | ) | 23-C-00369-S7 |
| Plaintiff, | ) | |
| | ) | Civil Action No.: |
| v. | ) | |
| | ) | _____ |
| UNITED SPECIALTY INSURANCE | ) | |
| COMPANY, MANILA EXPRESS, | ) | |
| LLC, SUKHPREET SINGH, DOE 1, | ) | **JURY TRIAL DEMANDED** |
| DOE 2, DOE 3, DOE 4, and DOE 5, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## COMPLAINT

Plaintiff files his Complaint as follows:

1.

This action arises from an October 18, 2021, motor vehicle collision resulting in personal injuries to Plaintiff Joan Morel Ramirez ("Plaintiff").

2.

Defendant United Specialty Insurance Company ("United Specialty Insurance" or "Defendants") is a Delaware insurance company authorized to do business in the State of Georgia. United Specialty may be served through its registered agent, C T Corporation System, 289 S. Culver Street, Lawrenceville, Gwinnett County, Georgia 30046.

-1-

3.

Jurisdiction and venue are proper as to United Specialty Insurance.

4.

United Specialty Insurance Company has been properly served with process in this action.

5.

Manila Express, LLC ("Manila Express" or "Defendants") is a corporation authorized to do business in the state of Georgia. Manila Express may be served through its registered agent, Buta Singh Gill, 2430 N. Redda Road, Fresno, California 93737.

6.

Jurisdiction and venue are proper as to Manila Express.

7.

Manila Express has been properly served with process in this action.

8.

Defendant Sukhpreet Singh ("Defendant Singh" or "Defendants") is a party and the driver involved in the subject collision. Defendant Singh may be served at his personal residence at 11614 133rd Street, Apartment 2, South Ozone Park, Queens County, New York 11420.

9.

Jurisdiction and venue are proper as to Defendant Singh.

10.

Defendant Singh has been properly served with process in this action.

11.

Out of an abundance of caution, Plaintiff identifies DOE 1, DOE 2, DOE 3, DOE 4, and DOE 5 as party defendants, hereinafter referred to as Defendants or Defendant. The true names and capacities, whether corporate, associate, individual or otherwise are unknown to Plaintiff. Plaintiff brings claims against said defendants by fictitious names. Each defendant designated as a DOE is legally responsible for Plaintiff's injuries, including but not limited to, *respondent superior*; vicarious liability; and agency principles, as outlined in Plaintiff's Complaint. These DOE Defendants have received such notice of the institution of the action that they will not be prejudiced in maintaining defense on the merits. These DOE Defendants are on notice, and/or should have been on notice, except that but for a mistake as to the real party, the action would have been brought against them.

12.

At the time of the subject collision, United Specialty Insurance provided a policy of liability insurance on behalf of Defendant Manila Express, namely, Policy No. GWP62257. Said policy was in effect at the time of the subject collision. Defendant United Specialty Insurance is subject to suit by direct action pursuant to the provisions of O.C.G.A. §§ 40-1-112 and 40-2-140.

-3-

13.

On or about October 18, 2021, at about 8:58 pm, Plaintiff was operating a 2005 Toyota Corolla traveling southbound on Horizon Drive approaching the intersection with Rolling Pin Lane in Gwinnett County, Georgia. At or about the same time and place, Defendant Singh was traveling northbound on Horizon Drive nearing the intersection with Rolling Pin Lane. Defendant Singh failed to yield the right of way and negligently turned left into the path of Plaintiff's vehicle, causing a collision and injuries to Plaintiff.

14.

At the time of the collision, Defendant Singh was driving a 2021 Freightliner Cascadia on behalf of Defendant Manila Express and was acting in the course and scope of his employment with Defendant Manila Express.

15.

Defendant Singh's negligence includes, but not limited to, the following:

(a)     Failure to exercise due caution while operating a motor vehicle;

(b)     Failure to yield while turning left in violation of O.C.G.A. §40-6-71;

(c)     Failure to pay proper attention to Plaintiff's course of travel and movement of other vehicles upon the roadway;

(d)     Failure to keep a proper lookout ahead for other vehicles using the roadway at the time of the collision;

(e)     Failure to inspect his brakes during a pre-trip inspection;

-4-

(e)     Failure to maintain control of vehicle;

(f)     Traveling too fact for conditions;

(g)     Failure to make timely application of brakes or take any other evasive action when by doing so Defendant Singh could have avoided striking Plaintiff's vehicle; and

(h)     all other acts of negligence as may be shown at trial.

16.

At all times material, Plaintiff did not cause or contribute to the subject collision caused by the negligence of Defendant Singh.

17.

Defendant Singh is at fault for causing the collision.

18.

At the time of the subject incident and all relevant times, Defendant Singh was acting at the direction and under the control of Defendant Manila Express, was an agent and employee of Defendant Manila Express, operating Defendant Manila Express's truck in the course and scope of his employment with Defendant Manila Express, with Manila Express's permission. At the time of the subject collision, Defendant Singh was under dispatch for Manila Express. Manila Express is liable for Defendant Singh's acts and omissions under theories of *respondeat superior,* vicarious liability, and agency principles.

19.

Defendant Singh failed to operate Defendant Manila Express's truck with the due care exercised by individuals in like or similar circumstances and operated the truck in a manner showing a disregard for the safety of others, including Plaintiff.

20.

Defendants' actions constituted negligence in operating the motor vehicle contrary to the reasonable and safe conditions and circumstances then existing.

21.

Defendants' actions constituted negligence by engaging in a driving manner which was ill-timed and improper, causing danger, injuries, damages, losses, physical pain and emotional distress to Plaintiff.

22.

Defendants were negligent in failing to adhere to routine and common industry standards regarding operation of Manila Express's truck at issue, including negligently failing to take appropriate precautionary measures and procedures to prevent injuries to others, including Plaintiff.

23.

Because Manila Express knew or should have known of the negligence and dangerous conditions discussed herein, it is liable for the negligent supervision,

hiring, training, and retention of its management, agents, and employees and the entrustment of said truck to said management, agents, and employees.

24.

Defendants were negligent in failing to promulgate and enforce company policies, procedures, and rules for the protection of the public, including but not limited to Plaintiff.

25.

Defendants failed to adhere to pertinent aspects of Georgia motor vehicle laws and regulations, Georgia motor carrier regulations, and all applicable Federal motor carrier regulations.

26.

But for the negligence of Defendants, Plaintiff would not have suffered personal injury, physical pain, mental and psychological suffering, inconvenience, and other injuries and damages as proven at the trial of this matter.

27.

Defendants were and are negligent *per se*.

28.

Defendants were negligent for all other acts of negligence as may be shown at trial.

-7-

29.

Plaintiff sustained injuries and damages, which were directly and proximately caused by the negligence of the Defendants.

30.

As a result of Defendants' negligence, Plaintiff has incurred reasonable, necessary, and continuing medical expenses from the injuries and will continue to incur expenses in the future, in an amount to be proven at trial.

31.

Plaintiff is entitled to recover for the injuries and pain and suffering sustained, and all other elements of damages allowed under Georgia law, including but not limited to all compensatory, general, special, incidental, consequential, and/or other damages permitted. Plaintiff states his intention to seek all compensatory, special, economic, consequential, general, litigation expenses, and all other damages permissible under Georgia Law, including, but not limited to:

a) Personal injuries;

b) Past, present and future pain and suffering;

c) Disability;

d) Disfigurement;

e) Mental anguish;

f) Loss of the capacity for the enjoyment of life;

g)  Lost wages;

h)  Economic losses;

i)  Incidental expenses;

j)  Loss of earning capacity;

k)  Past, present, and future medical expenses;

l)  Permanent injuries; and

m) Consequential damages to be proven at trial.

32.

That each of the forgoing acts and omissions constitute an independent act of negligence on the part of Defendants and one or more or all of the above-stated acts were the proximate causes of the injuries to Plaintiff. The Defendants are jointly and severally liable for Plaintiff's injuries sustained, pain and suffering, cost of treatment and all other elements of damages allowed under the laws of the state of Georgia.

33.

Pursuant to the terms and conditions of its policy of insurance and applicable Georgia law, United Specialty Insurance Company is liable to Plaintiff and responsible for payment of damages incurred by Plaintiff as a result of the negligent acts of Defendants Singh and Manila Express.

34.

Defendants' actions evidence a species of bad faith, were and are stubbornly litigious, and have caused Plaintiff undue expense. Thus, Plaintiff is entitled to recover his necessary expenses of litigation, including an award of reasonable attorney's fees and expenses required by this action, pursuant to O.C.G.A. § 13-6-11, as well as any other statutory or common law basis.

**WHEREFORE**, the Plaintiff prays for a judgment to be awarded to him and against the Defendants for the following:

a) Process issue as provided by law;

b) Plaintiff be awarded actual damages in amounts to be shown at trial from the Defendants;

c) Plaintiff be awarded all general, special, compensatory, economic, attorneys' fees and expenses, and other allowable damages in accordance with the enlightened conscience of an impartial jury from the Defendants and as permitted under Georgia and Federal law;

d) Plaintiff be awarded a trial by jury; and

e) Plaintiff has such other relief as this Court deems just and appropriate under the circumstances.

**TRIAL BY JURY IS HEREBY DEMANDED.**

Dated: January 19, 2023.

Respectfully Submitted,

**PIASTA NEWBERN WALKER, LLC**


*/s/ Edward A. Piasta*
EDWARD A. PIASTA
Georgia Bar No. 110161
ANDREW L. HAGENBUSH
Georgia Bar No. 127945
*Counsel for Plaintiff*

3301 Windy Ridge Parkway
Suite 110
Atlanta, GA 30339
T: (404) 996-1296
E: edward@pnwlaw.com
   andrew@pnwlaw.com

-11-

E-FILED IN OFFICE - JT
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-00369-S7**
**1/19/2023 10:17 AM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| JOAN MOREL RAMIREZ, | ) | |
| | ) | 23-C-00369-S7 |
| Plaintiff, | ) | |
| | ) | Civil Action No.: |
| v. | ) | |
| | ) | _____ |
| UNITED SPECIALTY INSURANCE | ) | |
| COMPANY, MANILA EXPRESS, | ) | |
| LLC, SUKHPREET SINGH, DOE 1, | ) | **JURY TRIAL DEMANDED** |
| DOE 2, DOE 3, DOE 4, and DOE 5, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## PLAINTIFF'S FIRST REQUESTS FOR ADMISSION TO
## DEFENDANTS & ANY INSURER

TO:    EACH DEFENDANT & ANY INSURER

Pursuant to O.C.G.A. 9-11-36, you are hereby required to Answer, in the form provided by law, the following Requests for Admission:

1.

You have been correctly named in the present cause insofar as the legal designation of names is concerned.

2.

You have been properly served as a party defendant.

3.

Process is sufficient with regard to you in this case.

4.

Service of process is sufficient with regard to you in this case.

5.

The incident at issue occurred in Gwinnett County, Georgia.

6.

The State Court of Gwinnett County has jurisdiction over the subject matter of this case.

7.

The State Court of Gwinnett County has personal jurisdiction over you as a party defendant in this case.

8.

Venue is proper in the State Court of Gwinnett County.

9.

Plaintiff states a claim upon which relief can be granted.

10.

Plaintiff has not failed to join a necessary or indispensable party.

11.

On October 18, 2021, and at the time of the collision at issue in this case, Sukhpreet Singh was driving a truck for Defendant Manila Express, LLC.

12.

Defendant Manila Express, LLC was the owner of the truck that Sukhpreet Singh was driving on October 18, 2021.

13.

Sukhpreet Singh was driving the truck at issue with Defendant Manila Express, LLC's permission on October 18, 2021, and at the time of the collision involved in this lawsuit.

14.

Sukhpreet Singh was in the course and scope of his employment with Defendant Manila Express, LLC at the time of the collision at issue in this case.

15.

Defendant Manila Express, LLC is a motor carrier.

16.

At the time of the subject collision, Defendant Manila Express, LLC was subject to the Federal Motor Carrier Safety Regulations.

17.

At the time of the subject collision, Sukhpreet Singh was subject to the Federal Motor Carrier Safety Regulations.

18.

Plaintiff did nothing wrong to cause or contribute to the collision at issue in the Complaint.

19.

Plaintiff incurred medical bills as a result of the collision at issue in the Complaint.

20.

Plaintiff was injured as a result of the collision at issue in the Complaint.

21.

Defendant Manila Express, LLC is vicariously liable for Defendant Sukhpreet Singh's acts and omissions at the time of the subject collision with Plaintiff.

22.

You admit fault for causing the collision at issue in Plaintiff's Complaint.

23.

You admit fault for contributing to this collision at issue in Plaintiff's Complaint.

24.

Defendant United Specialty Insurance Company is subject to suit by direct action under O.C.G.A. §§ 40-1-112, 40-2-140.

Dated: January 19, 2023.

Respectfully Submitted,

**PIASTA NEWBERN WALKER, LLC**


*/s/ Edward A. Piasta*
EDWARD A. PIASTA
Georgia Bar No. 110161
ANDREW L. HAGENBUSH
Georgia Bar No. 127945
*Counsel for Plaintiff*

3301 Windy Ridge Parkway
Suite 110
Atlanta, GA 30339
T: (404) 996-1296
E: edward@pnwlaw.com
   andrew@pnwlaw.com

E-FILED IN OFFICE - JT
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-00369-S7**
**1/19/2023 10:17 AM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

JOAN MOREL RAMIREZ,     )
                               )
     Plaintiff,         )     23-C-00369-S7
                               )
v.                         )     Civil Action No.:
                               )     _____
UNITED SPECIALTY INSURANCE )
COMPANY, MANILA EXPRESS,   )
LLC, SUKHPREET SINGH, DOE 1, )
DOE 2, DOE 3, DOE 4, and DOE 5, )
                               )
     Defendants.       )
                               )

## PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

TO:   EACH DEFENDANT & ANY INSURER

     Pursuant to O.C.G.A. § 9-11-26, *et seq.*, Plaintiff hereby requests that each Defendant respond in writing to the following Requests for Production of Documents, within the time afforded by law, with a copy of the responses being served upon the undersigned counsel of record for the Plaintiff at Piasta Newbern Walker, LLC, 3301 Windy Ridge Road, Suite 110, Atlanta, Georgia 30339.

## DEFINITIONS AND INSTRUCTION

     A.    This request for production of documents and notice to produce shall be deemed continuing to the extent permitted by the Georgia Civil Practice Act, so as to require each Defendant to serve or produce upon all parties supplemental answers or documents if Defendant or their attorneys obtain further information

between the time the answers are served and the time of trial. Plaintiff also requests that each Defendant produce the originals of each document at trial and any deposition of Defendant or its agents or employees.

B.   "Document," whether singular or plural, means documents and other tangible things defined in the broadest sense permitted by the Georgia Civil Practice Act and shall include without limitation originals or, if such are not available, true copies, including copies of documents, videotapes, computer data, and sound material, **whether in physical or electronic form**.

C.   "Person" means any natural person, corporation, partnership, association, governmental entity, agency, group, organization, etc.

D.   If a requested document is no longer in your possession, custody, or control, please identify the document with specificity.

E.   If you object to part of a request, please identify any documents withheld. If you object to the scope or time period of the request, please answer the request for the scope or time period you believe is appropriate.

F.   If you assert the attorney-client privilege or work-product exclusion as to any document requested by any of the following specific requests, please identify the document in sufficient detail to permit the Court to reach a determination in the event of a Motion to Compel.

## REQUEST FOR PRODUCTION

Each Defendant is requested to produce and identify each of the following:

1.

All accident reports, documents, photographs, charts, diagrams, videotapes, and other illustrations of any person, place, or thing involved in this lawsuit including, but not limited, to the scene of the incident where the incident is alleged to have occurred, any instrumentality alleged to have caused the alleged damages, damaged parts of any vehicle or equipment, or any relevant event or thing which is the subject of this Complaint.

2.

Copies of any and all statements, whether recorded, oral, or otherwise, in your control or obtained on your behalf.

3.

All documents evidencing, reflecting, relating to, or constituting any communication between any Defendant and Plaintiff, or any third person or entity relating to the incident or matters involved in this lawsuit, including, without limitation, all correspondence, letters, notes, tapes, memoranda, and any other evidence of communications that in any way relates to this incident.

4.

The original or a certified true and accurate copy of the declaration page or coverage page and all applicable insurance policies that may provide coverage or benefits to Defendants in connection with this occurrence, including any coverage

available to any Defendant. (This request seeks each and every policy, including excess or umbrella, that may provide coverage in any amount.)

5.

Copies of any and all documents and transcripts from any investigation, hearing, or any judicial or quasi-judicial hearing or investigation relating to the incident giving rise to this Complaint. This request includes both internal and third-party investigations.

6.

Copies of the entire file, bills, all reports, memoranda, or notes from any expert who has investigated any aspect or element of the subject incident or who you intend to call as a witness.

7.

Please provide all maintenance records, repair records, and inspection records for the vehicle involved in this incident, including the vehicle maintenance file and all documents created as a result of the incident in question. (This request also includes all documents, purchase invoices, repair estimates, previous damage, repair, or maintenance documents, appraisals, property damage reports, daily vehicle condition reports or inspection reports, or any tangible evidence pertaining to the upkeep of the truck involved in the occurrence which is the subject matter of this civil action.

8.

Each document created, received, or submitted by you, or received or submitted from law enforcement, the Federal Motor Carrier Safety Administration, Department of Transportation, or any other State, Federal, or municipal entity regarding any charges, citations, or investigation into this incident, Defendant Singh, or the truck at issue, required to be maintained by DOT/CFR regulations, FMCSA regulations, and/or Georgia's motor vehicle laws as it relates to Defendant Singh and the truck at issue.

9.

Any and all records of any kind that in any way pertain to Defendant Singh, including but not limited to, his log books, personnel file, drug or alcohol tests, driver trip reports, driver trip envelopes, incident reports for this incident and any other collisions involving Defendant Singh, his driving history, his medical history, his medical qualifications, drug tests, hours of service, record of duty status, orders for the trip at issue in this case, hours of service for the preceding two weeks, or documents regarding the operation of Defendants' equipment, or his employment with Defendants.

10.

Any and all documentary evidence or other tangible evidence which relates or is reasonably calculated to lead to the discovery of relevant or admissible evidence regarding any of Plaintiff's claims in this action or Defendants' defenses.

11.

Copies of all company policies and procedures pertaining to the operation of your business, the roadway at issue, traffic plans, "showing vehicle" procedures, drivers, driving, inspection and maintenance of trucks, and any policies and procedures that in any way apply to, cover, or govern your employees (Singh) involved in this matter.

12.

Copies of all documents or complaints for all personal injury claims or litigation involving injuries resulting from a collision involving one of Defendants' vehicles in the last five years.

13.

All documents that you receive in response to your Requests for Production of Documents to nonparties and open records requests.

14.

Any and all documents identified, referenced, or used to answer any of Plaintiff's discovery or supporting or relating to Plaintiff's or Defendants' contentions of negligence, lack of jurisdiction over any Defendant, or insufficiency of service and/or process of service, including all books, documents and/or other tangible things which prove, support, or constitute evidence of any facts or circumstances upon which you base the allegations in the Answer or issues of liability.

15.

Please produce the certificate of title and/or other proof of ownership for the truck involved in the wreck that is the subject matter of this civil action.

16.

Copies of any and all of Defendants' reports, interoffice memoranda, <u>emails</u>, or other documents relating to matters which are the subject of this Complaint, the driver, the collision, or the vehicles at issue.

17.

Any report, correspondence, memorandum, or document prepared by any physician or other expert hired by you or your representatives to review and/or evaluate Plaintiff's injuries and/or Plaintiff's damages.

18.

Please produce a copy of any cell phone records, data, and bills which reflect any calls or text messages made or received by Defendant Singh for the forty-eight (48) hours before and after the incident at issue.

19.

Please gather, investigate, identify and produce all documents and <u>emails</u> relating to or referencing, or that are in any way relevant to any of the facts, people, witnesses, liability, damages, or other matters in any way related to or pertaining to the incident at issue in this case, including but not limited to all emails relating to, referencing, or that are in any way relevant to the wreck at

issue, Defendant Singh's employment, Defendant Singh's driving, training, job performance, and/or reprimands. Please include the date, recipients, and authors, along with an identification and description of the email. If you refuse to produce the emails, then please provide a privilege log identifying all such emails sufficient for the parties to file a motion to compel or request an in-camera inspection, if needed. Further, please state whether inquiry was made to all of the corporate or individual parties as to whether any emails were generated regarding the above-referenced matter.

20.

Please produce all documents regarding:

(a)     Defendant Singh's daily logs for the day of the accident and the eight-day period preceding the accident;

(b)     Defendant Singh's daily inspection reports for the day of the accident and the eight-day period preceding the accident;

(c)     Any inspection reports for the vehicle involved in this accident;

(d)     Maintenance, inspection, and repair records or work orders on the vehicle involved in this accident for the day of the accident and for the life of the vehicle preceding the accident;

(e)     Annual inspection report for the vehicle involved in this accident covering the date of the accident;

(f)     Defendant Singh's complete driver's qualification file, including but not limited to: application for employment, CDL license, driver's certification of prior traffic violations, driver's certification of prior accident, driver's employment history, inquiry into driver's employment history, pre-employment MVR, annual MVR, annual review of driver history, certification of road test, medical examiner's certificate, drug testing records, HAZMAT or other training documents, or any document referencing the driver at issue in any respect, or the location of the vehicle involved in this incident;

(g)     Photographs of the vehicles involved in this accident or the accident scene;

(h)     All documents related to the purchase, sale, conversion, or modification of the vehicle;

(i)     Defendant Singh's post-accident alcohol and drug testing results;

(j)     Any lease contracts or agreements covering Defendant Singh or the vehicle involved in this accident;

(k)     Any interchange agreements regarding the vehicle involved in this accident;

(l)     Any printout from on-board recording devices, including but not limited to an on-board computer, tachograph, trip monitor, Teletrack device, Qualcomm, trip recorder, trip master, "black box," ECM or other

recording device for the day of the accident and the six-month period preceding the accident;

(m)    Any post-accident maintenance, inspection, or repair records or invoices in regard to the vehicles at issue;

(n)    Any weight tickets, fuel receipts, hotel bills, or other records of expenses regarding Defendant Singh or the vehicle involved in this collision for the day of the accident and the eight-day period preceding the accident;

(o)    Any trip reports or dispatch records regarding Defendant Singh or the vehicle involved in this collision for the day of the accident and the eight-day period preceding this accident;

(p)    Any e-mails, electronic messages, letters, memos, or other documents concerning this accident;

(q)    The accident register maintained by the motor carrier as required by federal law for the one-year period and five years preceding this accident;

(r)    Any driver's manuals, guidelines, rules, or regulations given to drivers;

(s)    Any reports, memos, notes, logs, or other documents evidencing complaints about Defendant Singh;

(t)    Any DOT or PSC reports, memos, notes, or correspondence concerning Defendant Singh or the vehicle involved in this accident;

(u)     Any downloadable electronic data from the vehicle's engine regarding the speed of the vehicle or the operation of the vehicle for the six-month period preceding the accident;

(v)     All records, contracts, and any other documents related to and/or concerning the incident involving Plaintiff;

(w)     All records, contracts, and any other documents related to and/or concerning Defendant Singh and/or the vehicle driven by Defendant Singh;

(x)     Any document involving this event;

(y)     A complete list of all passengers for the trip at issue;

(z)     The common carrier agreement, billing documents, or any document regarding your being hired for the event at issue;

(aa)    All records of any kind related to the last time fuel was put into the subject vehicle before the incident at issue;

(ab)    All records of any kind related to the number of miles the subject vehicle traveled since the last time it received fuel before the subject collision; and

(ac)    All emails or electronic data of any nature involving this event.

21.

Any document or thing that in anyway relates or refers to Plaintiff's physical, mental, and/or emotional condition at any point during or following the incident at issue in Plaintiff's Complaint.

-11-

22.

All documents, records, equipment, compliance recording devices, and things of any kind related to any of Defendant Singh's sleeping and/or fatigue conditions, including but not limited to, chronic fatigue, sleep apnea, narcolepsy, insomnia, or any other fatigue or sleeping disorders. This request includes, but is not limited to, all medical records, prescriptions, treatment plans, information papers/brochures, warnings or advisories, employment records and applications, qualification records, employment counseling statements, policies and procedures, progress reports, or any other document, record, or thing related to said conditions.

23.

All data of any kind from Defendant Singh's CPAP machines. PLEASE TAKE NOTICE, all data and hard drives in/from the machine and any recording devices shall be preserved so Plaintiff has a meaningful opportunity to inspect the data.

24.

All emails exchanged between Defendants' agents, officers, managers, employees, or anyone acting on Defendants' behalf regarding any of the facts, people, witnesses, liability, damages, or other matters in any way related to or pertaining to the incident at issue, any Defendant or person, and/or the vehicles at issue. Please include the date, recipients, and authors, along with an

identification and description of the email. If you refuse to produce the emails, then please provide a privilege log identifying all such emails sufficient enough for the parties to file a motion to compel or request an in-camera inspection, if needed. Further, please state whether inquiry was made to all of the corporate or individual parties as to whether any emails were generated regarding the above-referenced matter.

You are hereby requested to comply with said Georgia Civil Practice Act by producing and permitting Plaintiff's attorneys to inspect and copy the documents requested. In lieu of appearance at a document production, you may instead mail true and accurate copies of all documents or evidence to Piasta Newbern Walker, LLC, 3301 Windy Ridge Parkway, Suite 110, Atlanta, Georgia 30361.

Dated: January 19, 2023.

Respectfully Submitted,

**PIASTA NEWBERN WALKER, LLC**


*/s/ Edward A. Piasta*
EDWARD A. PIASTA
Georgia Bar No. 110161
ANDREW L. HAGENBUSH
Georgia Bar No. 127945
*Counsel for Plaintiff*

3301 Windy Ridge Parkway
Suite 110
Atlanta, GA 30339
T: (404) 996-1296
E: edward@pnwlaw.com
   andrew@pnwlaw.com

-13-

E-FILED IN OFFICE - JT
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-00369-S7**
**1/19/2023 10:17 AM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

JOAN MOREL RAMIREZ,  )
  )
    Plaintiff,  )
  )     Civil Action No.:
v.  )
  )     _____
UNITED SPECIALTY INSURANCE  )        23-C-00369-S7
COMPANY, MANILA EXPRESS,  )
LLC, SUKHPREET SINGH, DOE 1,  )
DOE 2, DOE 3, DOE 4, and DOE 5,  )
  )
    Defendants.  )
  )

### PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANTS

TO:   EACH DEFENDANT & ANY INSURANCE COMPANY

Pursuant to O.C.G.A. 9-11-26, *et seq*., Plaintiff hereby requests that each Defendant respond in writing and under oath, to the following interrogatories within the time afforded by law, with a copy of the responses being served upon the undersigned counsel of record for the Plaintiff at Piasta Newbern Walker, LLC, 3301 Windy Ridge Parkway, Suite 110, Atlanta, Georgia 30339.

### DEFINITIONS AND INSTRUCTIONS

A.   These interrogatories shall be deemed continuing to the extent permitted by O.C.G.A. 9-11-26, *et seq*., so as to require Defendants to serve upon all parties supplemental answers if Defendant or their attorneys obtain further information between the time the answers are served and the time of trial.

B.    "Document," whether singular or plural, means documents and other tangible things defined in the broadest sense permitted by the Georgia Civil Practice Act and shall include without limitation originals or, if such are not available, true copies, including copies of documents, videotapes, computer data, video, and sound material, **whether in physical or electronic form**.

C.    "Person" means any natural person, corporation, partnership, association, governmental entity, agency, group, organization, etc.

## INTERROGATORIES

### 1.

Please state what party(ies) and/or nonparty(ies) you contend caused or contributed to the incident outlined in Plaintiff's Complaint, with a detailed factual and legal basis for your answer, and please identify all evidence, witnesses, and individuals you contend support your contention.

### 2.

Please identify each and every person or entity, including non-parties, whom to your knowledge, information, or belief caused or contributed to the subject collision, Plaintiff's injuries or damages, or is otherwise at fault or responsible (such as vicarious liability or respondeat superior) for the collision. For each person or entity identified, please specify the person's or entity's acts or omissions that caused or contributed to the subject collision or Plaintiff's injuries

and damages, or other reasons such as the driver was operating in the course and scope of his or her employment. (*See also* O.C.G.A. § 51-12-33.)

3.

State specifically and in detail when, where, and how you claim the collision happened that is the subject matter of Plaintiff's Complaint.

4.

Please provide the legal and factual basis for each and every defense you have asserted in this case, to include any defenses that jurisdiction or venue are improper, insufficiency of service of process, or any other basis for dismissal of this action or any of Plaintiff's claims as a matter of law.

5.

Please state when you first anticipated the litigation that is the subject matter of Plaintiff's Complaint, and please identify all individuals with knowledge of when you first anticipated litigation.

6.

Please identify each and every person or entity who investigated or reviewed any aspect of the subject collision or Plaintiff's injuries and damages. For each such person identified, please state (1) when the investigation was conducted, (2) the outcome of the investigation, (3) whether there was any determination of fault, and (4) whether any corrective action was taken or recommended.

7.

On October 18, 2021, and at the time of the subject collision, was Defendant Singh employed by or driving the subject 2021 Freightliner Cascadia truck on behalf of any employer, person, or entity; using any other person's or entity's U.S. DOT authority; or operating the subject 2021 Freightliner Cascadia truck with anyone else's permission? If so, please identify the entity or person that employed Mr. Singh, gave him permission to operate the truck, or for whom he was driving before or during the subject collision.

8.

Please identify any and all insurance, including excess or umbrella coverage or coverage by any other description (med-pay, etc.), which does or may afford insurance coverage to you for the claims made in this lawsuit, including the name of each insurance company, the applicable coverage, the insured(s) under each policy, and whether you have received any type of reservation of rights letter regarding coverage.

9.

Please identify the persons or entities who in any way owned, leased, or operated the vehicles and/or the premises referred to in the Complaint at the time of the incident. If the vehicles involved in the subject incident belong to someone other than this Defendant, please explain the circumstances under which the vehicle came into the possession of the operator, the purpose for which the vehicle

-4-

was being used, its destination, and under whose authority it was operating. If the ownership of the vehicles or premises changed at any time since said occurrence, please identify every subsequent person or entity.

10.

Please state whether the Manila Express, LLC truck was equipped with an event data recorder ("EDR"), "black box," Qualcomm device, electronic logging device, GPS device, XataNet system, or any other fleet system, data recorder, or trip monitoring device. If so, please describe the device, whether any person or entity undertook an effort to preserve or download data or information from the device, the present location of any such data from the device, and what the data purports to show.

11.

Please state all wrecks and traffic offenses of any nature Sukhpreet Singh has been involved in, both before the subject incident, after the subject incident, and including this subject incident, and whether Mr. Singh received a citation or a work reprimand or any other adverse action or counseling for each wreck and/or traffic offense.  For each such wreck or offense, please state the date and place where the citation(s) or reprimands were issued and the disposition(s) of each.

12.

If you or any other witness has ever been arrested for, pled guilty to, pled *nolo contendere* to, bond forfeiture, or have been found guilty of any crime or traffic

offense, please state the nature of said crime or traffic offense, the date, county, and state in which was tried and entered the plea, and the sentence given.

13.

If in the twenty-four (24) hours immediately preceding the occurrence complained of, you consumed any alcoholic drink or had taken any drugs, pain killers, tranquilizers, stimulant, sleeping pill, or other form of medication or intoxicant, whether legal or otherwise, please state the amount and the time and place where each such substance was consumed.

14.

Give the name, address, telephone number, and e-mail address of all individuals whom you believe may have knowledge regarding the incident giving rise to this lawsuit, Defendants' defenses, Plaintiff's claims, or any fact or circumstance regarding the incident giving rise to this lawsuit. For each witness, please state the following:

(a)     Whether the witness investigated any aspect of the occurrence, which is the subject of this litigation, and whether each made a written record of the investigation;

(b)     Whether the witness was an eyewitness to the incident;

(c)     Whether the witness is or was an employee of Defendants. If the witness is an employee of Defendant(s), state their job title, whether they

were a manager or supervisor, and whether they were working at the time of the incident;

(d)    If you obtained a statement (oral, written, recorded, court or deposition transcript, etc.) from any witness identified by you. If you did obtain a statement, please state the name of each person giving the statement, the name and address of the person or entity taking each statement, the date each statement was taken, and the name and the address of each person having possession, custody, or control of each statement.

(e)    A brief summary of what information or knowledge you believe the individual possesses.

15.

Please state the name and address of all expert witnesses or professional consultants retained or consulted by you or on your behalf to make an evaluation or investigation of the cause of the occurrence giving rise to this lawsuit or the damages sustained by Plaintiff. With respect to each person, please state:

(a)    the specific subject matter on which you expect such expert to testify.

(b)    the substance of the facts, opinions, and conclusions which you expect such expert to testify.

(c)    the grounds for each such opinion or conclusion.

-7-

(d)     whether any of such persons have prepared or provided you with a written or recorded statement or report concerning their investigation or study, or the facts found by them, or the conclusions or opinions arrived at by them or the grounds of their opinions or conclusions. If so, state the date of each such report or statement and the names and addresses of all persons who have a copy of such report or statement.

(e)     the name, business telephone number, and business address of each person you retained or specially employed in the anticipation of litigation or preparation for trial whom you do not expect to call as a witness at the trial of the case.

(f)     whether the expert has ever been limited in the expert's ability to testify or ever been denied qualifications under a <u>Daubert</u> standard.

(g)     All materials, evidence, and documents the expert has reviewed, relied upon, consulted, and received in the course of developing his or her opinions and conclusions.

16.

Please identify each and every statement (whether oral, written, recorded, or otherwise) from any witness, Plaintiff, or any other individual concerning the subject collision or Plaintiff's claims or Defendants' defenses. For each statement identified, please state (1) when the statement was taken, (2) the content of the

statement, (3) the current location and custodian of the statement, and (4) who took the statement.

17.

Describe with particularity all photographs, charts, diagrams, videotapes, documents, illustrations, and/or other tangible items, of any person, place, or thing involved in this lawsuit, giving the date each was made and the name and address of the person(s) with possession, custody, or control of each item. (NOTE: You need not describe any document that was produced <u>and</u> specifically listed as having been produced in your responses to Plaintiff's First Request for Production of Documents.)

18.

For Manila Express, LLC and Singh, please describe the route for the trip at issue: including the point of origin, the destination, the reason for the trip, the route chosen to reach the destination and the person who prepared the route, the times of dispatch, any stops made prior to arriving at the destination, the contents of your truck, the total weight of the load Defendant Singh was carrying, and at whose request Defendant Singh was driving the truck at the time of the incident described in Plaintiff's Complaint.

19.

Please state the make, year, weight, and model of the vehicle you were operating during the incident, please identify the last date preceding the incident

on which the brakes and tires were replaced or repaired on the truck, the date and time of each and every inspection, and identify all mechanical repairs or services to the truck preceding the crash. For each such service or inspection performed on the truck, identify how the work/inspection was performed, who performed it, and the results of any inspection.

20.

Please identify and describe all policies, procedures, manuals, guidelines, industry sources, books, videos, tapes, or other writings Defendant used, referred to, or relied upon for the safe operation of commercial motor vehicles such as the 2021 Freightliner Cascadia truck at issue, safety while showing cars, and/or the private roadway at issue.

21.

Please describe any criticisms or complaints that Defendant Singh has ever received concerning the operation or parking of the 2021 Freightliner Cascadia truck or any other commercial vehicle prior to the subject collision; identify the person or entity who made the complaint or criticism; the outcome of the complaint or criticism; and state whether any action was taken in response to the criticism or complaint.

22.

Please provide the present location of the 2021 Freightliner Cascadia truck involved in this incident, state whether it has been altered or repaired following

-10-

the incident, and identify the nature of the alteration or repairs, the person or entity who made such alterations or repairs, and any documentation regarding such alteration or repairs.

23.

For Defendant Singh, please identify all cellular phone numbers and/or "Nextel-type" numbers and names of carriers for all cell phones, owned, issued, in the possession of, or provided/entrusted for an operator involved in the collision at any time at issue.

24.

List your employment for the past ten (10) years, giving the name and address of each employment, the period of each employment, and the general nature of the job.

25.

Please identify each and every document, electronically stored information, or other tangible piece of evidence that was responsive to Plaintiff's First Request for Production of Documents that has been lost, destroyed, or cannot be found. For each such document, ESI, or tangible piece of evidence, please state (1) when it was lost or destroyed, (2) who lost or destroyed it, and (3) the reasons it was lost or destroyed.

26.

Please describe in detail your efforts to locate documents, information, and evidence (including e-mail and electronically stored information) in response to Plaintiff's First Requests for Production of Documents and First Interrogatories. In your response, please state where you searched for documents (i.e., which records custodians); the search terms you used, if any; and the identity of every person who participated in locating responsive documents.

27.

Are you withholding any documents or evidence on the basis of a privilege or any other reason? If so, please describe the documents withheld with sufficient detail to allow Plaintiff to assess the validity of the assertion of privilege or reason it was withheld, including (1) the author of the document, (2) the date of the document, (3) the subject matter of the document, (4) all individuals who have seen or received the document, and (5) who, if anyone, directed the creation of the document.

Dated: January 19, 2023.

Respectfully Submitted,

**PIASTA NEWBERN WALKER, LLC**

*/s/ Edward A. Piasta*
EDWARD A. PIASTA
Georgia Bar No. 110161
ANDREW L. HAGENBUSH
Georgia Bar No. 127945
*Counsel for Plaintiff*

-12-

3301 Windy Ridge Parkway
Suite 110
Atlanta, GA 30339
T: (404) 996-1296
E: edward@pnwlaw.com
   andrew@pnwlaw.com

®Wolters Kluwer

**CT Corporation**
**Service of Process Notification**
01/20/2023
CT Log Number 543055970

## Service of Process Transmittal Summary

TO:     Stephanie Olivo
        State National Companies
        1900 L. DON DODSON DRIVE
        BEDFORD, TX 76021

RE:     **Process Served in Georgia**

FOR:    UNITED SPECIALTY INSURANCE COMPANY  (Domestic State: DE)

RECEIVED
JAN 20 2023
LEGAL DEPT

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| TITLE OF ACTION: | JOAN MOREL RAMIREZ vs. UNITED SPECIALTY INSURANCE COMPANY |
| CASE #: | 23C003695T |
| NATURE OF ACTION: | Insurance Litigation |
| PROCESS SERVED ON: | C T Corporation System, Lawrenceville, GA |
| DATE/METHOD OF SERVICE: | By Process Server on 01/20/2023 at 14:25 |
| JURISDICTION SERVED: | Georgia |
| ACTION ITEMS: | CT will retain the current log |
| | Image SOP |
| | Email Notification, Dayna Gotcher  dgotcher@statenational.com |
| | Email Notification, Lavon Johnson  legalcompliance@statenational.com |
| | Email Notification, David Cleff  legalcompliance@statenational.com |
| | Email Notification, Stephanie Olivo  solivo@statenational.com |
| REGISTERED AGENT CONTACT: | C T Corporation System |
| | 289 S. Culver St. |
| | Lawrenceville, GA 30046 |
| | 866-331-2303 |
| | CentralTeam1@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



## PROCESS SERVER DELIVERY DETAILS

**Date:**                                    Fri, Jan 20, 2023
**Server Name:**                             Drop Service

| Entity Served | UNITED SPECIALTY INSURANCE COMPANY |
|---|---|
| Case Number | 23C00369S7 |
| Jurisdiction | GA |

| Inserts | | |
|---|---|---|
| | | |



E-FILED IN OFFICE - JT
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-00369-S7**
1/19/2023 10:17 AM
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

**Joan Morel Ramirez**

_____

_____

_____

PLAINTIFF

CIVIL ACTION
NUMBER: 23-C-00369-S7 _____

VS.

(United Specialty Insurance Company)

**R/A: CT Corporation System**

289 S. Culver Street, Lawrenceville, GA 30046

DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Andrew L. Hagenbush
Piasta Newbern Walker, LLC.
3301 Windy Ridge Parkway, Ste. 110
Atlanta, GA 30339

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____, 20____.
19th day of January, 2023

Tiana P. Garner
Clerk of State Court

By_____
Deputy Clerk

**INSTRUCTIONS:** Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

E-FILED IN OFFICE - JT
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-00369-S7**
**1/19/2023 10:17 AM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

|  |  |  |
|---|---|---|
| JOAN MOREL RAMIREZ, | ) | 23-C-00369-S7 |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No.: |
| v. | ) | |
| | ) | _____ |
| UNITED SPECIALTY INSURANCE | ) | |
| COMPANY, MANILA EXPRESS, | ) | |
| LLC, SUKHPREET SINGH, DOE 1, | ) | **JURY TRIAL DEMANDED** |
| DOE 2, DOE 3, DOE 4, and DOE 5, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## COMPLAINT

Plaintiff files his Complaint as follows:

1.

This action arises from an October 18, 2021, motor vehicle collision resulting in personal injuries to Plaintiff Joan Morel Ramirez ("Plaintiff").

2.

Defendant United Specialty Insurance Company ("United Specialty Insurance" or "Defendants") is a Delaware insurance company authorized to do business in the State of Georgia. United Specialty may be served through its registered agent, C T Corporation System, 289 S. Culver Street, Lawrenceville, Gwinnett County, Georgia 30046.

-1-

3.

Jurisdiction and venue are proper as to United Specialty Insurance.

4.

United Specialty Insurance Company has been properly served with process in this action.

5.

Manila Express, LLC ("Manila Express" or "Defendants") is a corporation authorized to do business in the state of Georgia. Manila Express may be served through its registered agent, Buta Singh Gill, 2430 N. Redda Road, Fresno, California 93737.

6.

Jurisdiction and venue are proper as to Manila Express.

7.

Manila Express has been properly served with process in this action.

8.

Defendant Sukhpreet Singh ("Defendant Singh" or "Defendants") is a party and the driver involved in the subject collision. Defendant Singh may be served at his personal residence at 11614 133rd Street, Apartment 2, South Ozone Park, Queens County, New York 11420.

9.

Jurisdiction and venue are proper as to Defendant Singh.

-2-

10.

Defendant Singh has been properly served with process in this action.

11.

Out of an abundance of caution, Plaintiff identifies DOE 1, DOE 2, DOE 3, DOE 4, and DOE 5 as party defendants, hereinafter referred to as Defendants or Defendant. The true names and capacities, whether corporate, associate, individual or otherwise are unknown to Plaintiff. Plaintiff brings claims against said defendants by fictitious names. Each defendant designated as a DOE is legally responsible for Plaintiff's injuries, including but not limited to, *respondent superior*; vicarious liability; and agency principles, as outlined in Plaintiff's Complaint. These DOE Defendants have received such notice of the institution of the action that they will not be prejudiced in maintaining defense on the merits. These DOE Defendants are on notice, and/or should have been on notice, except that but for a mistake as to the real party, the action would have been brought against them.

12.

At the time of the subject collision, United Specialty Insurance provided a policy of liability insurance on behalf of Defendant Manila Express, namely, Policy No. GWP62257. Said policy was in effect at the time of the subject collision. Defendant United Specialty Insurance is subject to suit by direct action pursuant to the provisions of O.C.G.A. §§ 40-1-112 and 40-2-140.

-3-

13.

On or about October 18, 2021, at about 8:58 pm, Plaintiff was operating a 2005 Toyota Corolla traveling southbound on Horizon Drive approaching the intersection with Rolling Pin Lane in Gwinnett County, Georgia. At or about the same time and place, Defendant Singh was traveling northbound on Horizon Drive nearing the intersection with Rolling Pin Lane. Defendant Singh failed to yield the right of way and negligently turned left into the path of Plaintiff's vehicle, causing a collision and injuries to Plaintiff.

14.

At the time of the collision, Defendant Singh was driving a 2021 Freightliner Cascadia on behalf of Defendant Manila Express and was acting in the course and scope of his employment with Defendant Manila Express.

15.

Defendant Singh's negligence includes, but not limited to, the following:

(a)     Failure to exercise due caution while operating a motor vehicle;

(b)     Failure to yield while turning left in violation of O.C.G.A. §40-6-71;

(c)     Failure to pay proper attention to Plaintiff's course of travel and movement of other vehicles upon the roadway;

(d)     Failure to keep a proper lookout ahead for other vehicles using the roadway at the time of the collision;

(e)     Failure to inspect his brakes during a pre-trip inspection;

-4-

(e)     Failure to maintain control of vehicle;

(f)     Traveling too fact for conditions;

(g)     Failure to make timely application of brakes or take any other evasive action when by doing so Defendant Singh could have avoided striking Plaintiff's vehicle; and

(h)     all other acts of negligence as may be shown at trial.

16.

At all times material, Plaintiff did not cause or contribute to the subject collision caused by the negligence of Defendant Singh.

17.

Defendant Singh is at fault for causing the collision.

18.

At the time of the subject incident and all relevant times, Defendant Singh was acting at the direction and under the control of Defendant Manila Express, was an agent and employee of Defendant Manila Express, operating Defendant Manila Express's truck in the course and scope of his employment with Defendant Manila Express, with Manila Express's permission. At the time of the subject collision, Defendant Singh was under dispatch for Manila Express. Manila Express is liable for Defendant Singh's acts and omissions under theories of *respondeat superior*, vicarious liability, and agency principles.

-5-

19.

Defendant Singh failed to operate Defendant Manila Express's truck with the due care exercised by individuals in like or similar circumstances and operated the truck in a manner showing a disregard for the safety of others, including Plaintiff.

20.

Defendants' actions constituted negligence in operating the motor vehicle contrary to the reasonable and safe conditions and circumstances then existing.

21.

Defendants' actions constituted negligence by engaging in a driving manner which was ill-timed and improper, causing danger, injuries, damages, losses, physical pain and emotional distress to Plaintiff.

22.

Defendants were negligent in failing to adhere to routine and common industry standards regarding operation of Manila Express's truck at issue, including negligently failing to take appropriate precautionary measures and procedures to prevent injuries to others, including Plaintiff.

23.

Because Manila Express knew or should have known of the negligence and dangerous conditions discussed herein, it is liable for the negligent supervision,

hiring, training, and retention of its management, agents, and employees and the entrustment of said truck to said management, agents, and employees.

24.

Defendants were negligent in failing to promulgate and enforce company policies, procedures, and rules for the protection of the public, including but not limited to Plaintiff.

25.

Defendants failed to adhere to pertinent aspects of Georgia motor vehicle laws and regulations, Georgia motor carrier regulations, and all applicable Federal motor carrier regulations.

26.

But for the negligence of Defendants, Plaintiff would not have suffered personal injury, physical pain, mental and psychological suffering, inconvenience, and other injuries and damages as proven at the trial of this matter.

27.

Defendants were and are negligent *per se*.

28.

Defendants were negligent for all other acts of negligence as may be shown at trial.

29.

Plaintiff sustained injuries and damages, which were directly and proximately caused by the negligence of the Defendants.

30.

As a result of Defendants' negligence, Plaintiff has incurred reasonable, necessary, and continuing medical expenses from the injuries and will continue to incur expenses in the future, in an amount to be proven at trial.

31.

Plaintiff is entitled to recover for the injuries and pain and suffering sustained, and all other elements of damages allowed under Georgia law, including but not limited to all compensatory, general, special, incidental, consequential, and/or other damages permitted. Plaintiff states his intention to seek all compensatory, special, economic, consequential, general, litigation expenses, and all other damages permissible under Georgia Law, including, but not limited to:

    a) Personal injuries;

    b) Past, present and future pain and suffering;

    c) Disability;

    d) Disfigurement;

    e) Mental anguish;

    f) Loss of the capacity for the enjoyment of life;

g) Lost wages;

h) Economic losses;

i) Incidental expenses;

j) Loss of earning capacity;

k) Past, present, and future medical expenses;

l) Permanent injuries; and

m) Consequential damages to be proven at trial.

32.

That each of the forgoing acts and omissions constitute an independent act of negligence on the part of Defendants and one or more or all of the above-stated acts were the proximate causes of the injuries to Plaintiff. The Defendants are jointly and severally liable for Plaintiff's injuries sustained, pain and suffering, cost of treatment and all other elements of damages allowed under the laws of the state of Georgia.

33.

Pursuant to the terms and conditions of its policy of insurance and applicable Georgia law, United Specialty Insurance Company is liable to Plaintiff and responsible for payment of damages incurred by Plaintiff as a result of the negligent acts of Defendants Singh and Manila Express.

34.

Defendants' actions evidence a species of bad faith, were and are stubbornly litigious, and have caused Plaintiff undue expense.  Thus, Plaintiff is entitled to recover his necessary expenses of litigation, including an award of reasonable attorney's fees and expenses required by this action, pursuant to O.C.G.A. § 13-6-11, as well as any other statutory or common law basis.

**WHEREFORE**, the Plaintiff prays for a judgment to be awarded to him and against the Defendants for the following:

a) Process issue as provided by law;

b) Plaintiff be awarded actual damages in amounts to be shown at trial from the Defendants;

c) Plaintiff be awarded all general, special, compensatory, economic, attorneys' fees and expenses, and other allowable damages in accordance with the enlightened conscience of an impartial jury from the Defendants and as permitted under Georgia and Federal law;

d) Plaintiff be awarded a trial by jury; and

e) Plaintiff has such other relief as this Court deems just and appropriate under the circumstances.

**TRIAL BY JURY IS HEREBY DEMANDED.**

Dated: January 19, 2023.

Respectfully Submitted,

**PIASTA NEWBERN WALKER, LLC**


*/s/ Edward A. Piasta*
EDWARD A. PIASTA
Georgia Bar No. 110161
ANDREW L. HAGENBUSH
Georgia Bar No. 127945
*Counsel for Plaintiff*

3301 Windy Ridge Parkway
Suite 110
Atlanta, GA 30339
T: (404) 996-1296
E: edward@pnwlaw.com
   andrew@pnwlaw.com

E-FILED IN OFFICE - JT
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-00369-S7**
**1/19/2023 10:17 AM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| JOAN MOREL RAMIREZ, | ) | 23-C-00369-S7 |
| Plaintiff, | ) ) | |
| | ) | Civil Action No.: |
| v. | ) ) | _____ |
| UNITED SPECIALTY INSURANCE COMPANY, MANILA EXPRESS, LLC, SUKHPREET SINGH, DOE 1, DOE 2, DOE 3, DOE 4, and DOE 5, | ) ) ) ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) ) ) | |

## PLAINTIFF'S FIRST REQUESTS FOR ADMISSION TO
## DEFENDANTS & ANY INSURER

TO:   EACH DEFENDANT & ANY INSURER

Pursuant to O.C.G.A. 9-11-36, you are hereby required to Answer, in the form provided by law, the following Requests for Admission:

### 1.

You have been correctly named in the present cause insofar as the legal designation of names is concerned.

### 2.

You have been properly served as a party defendant.

### 3.

Process is sufficient with regard to you in this case.

4.

Service of process is sufficient with regard to you in this case.

5.

The incident at issue occurred in Gwinnett County, Georgia.

6.

The State Court of Gwinnett County has jurisdiction over the subject matter of this case.

7.

The State Court of Gwinnett County has personal jurisdiction over you as a party defendant in this case.

8.

Venue is proper in the State Court of Gwinnett County.

9.

Plaintiff states a claim upon which relief can be granted.

10.

Plaintiff has not failed to join a necessary or indispensable party.

11.

On October 18, 2021, and at the time of the collision at issue in this case, Sukhpreet Singh was driving a truck for Defendant Manila Express, LLC.

12.

Defendant Manila Express, LLC was the owner of the truck that Sukhpreet Singh was driving on October 18, 2021.

13.

Sukhpreet Singh was driving the truck at issue with Defendant Manila Express, LLC's permission on October 18, 2021, and at the time of the collision involved in this lawsuit.

14.

Sukhpreet Singh was in the course and scope of his employment with Defendant Manila Express, LLC at the time of the collision at issue in this case.

15.

Defendant Manila Express, LLC is a motor carrier.

16.

At the time of the subject collision, Defendant Manila Express, LLC was subject to the Federal Motor Carrier Safety Regulations.

17.

At the time of the subject collision, Sukhpreet Singh was subject to the Federal Motor Carrier Safety Regulations.

18.

Plaintiff did nothing wrong to cause or contribute to the collision at issue in the Complaint.

19.

Plaintiff incurred medical bills as a result of the collision at issue in the Complaint.

20.

Plaintiff was injured as a result of the collision at issue in the Complaint.

21.

Defendant Manila Express, LLC is vicariously liable for Defendant Sukhpreet Singh's acts and omissions at the time of the subject collision with Plaintiff.

22.

You admit fault for causing the collision at issue in Plaintiff's Complaint.

23.

You admit fault for contributing to this collision at issue in Plaintiff's Complaint.

24.

Defendant United Specialty Insurance Company is subject to suit by direct action under O.C.G.A. §§ 40-1-112, 40-2-140.

Dated: January 19, 2023.

Respectfully Submitted,

**PIASTA NEWBERN WALKER, LLC**

*/s/ Edward A. Piasta*
EDWARD A. PIASTA
Georgia Bar No. 110161
ANDREW L. HAGENBUSH
Georgia Bar No. 127945
*Counsel for Plaintiff*

3301 Windy Ridge Parkway
Suite 110
Atlanta, GA 30339
T: (404) 996-1296
E: edward@pnwlaw.com
    andrew@pnwlaw.com

E-FILED IN OFFICE - JT
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-00369-S7**
**1/19/2023 10:17 AM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

JOAN MOREL RAMIREZ, )
                      )
    Plaintiff, )
                      )    Civil Action No.:
v. )
                      )    _____
UNITED SPECIALTY INSURANCE )      23-C-00369-S7
COMPANY, MANILA EXPRESS, )
LLC, SUKHPREET SINGH, DOE 1, )
DOE 2, DOE 3, DOE 4, and DOE 5, )
                      )
    Defendants. )
                      )

## PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANTS

TO:   EACH DEFENDANT & ANY INSURANCE COMPANY

Pursuant to O.C.G.A. 9-11-26, *et seq.*, Plaintiff hereby requests that each Defendant respond in writing and under oath, to the following interrogatories within the time afforded by law, with a copy of the responses being served upon the undersigned counsel of record for the Plaintiff at Piasta Newbern Walker, LLC, 3301 Windy Ridge Parkway, Suite 110, Atlanta, Georgia 30339.

## DEFINITIONS AND INSTRUCTIONS

A.   These interrogatories shall be deemed continuing to the extent permitted by O.C.G.A. 9-11-26, *et seq.*, so as to require Defendants to serve upon all parties supplemental answers if Defendant or their attorneys obtain further information between the time the answers are served and the time of trial.

B.      "Document," whether singular or plural, means documents and other tangible things defined in the broadest sense permitted by the Georgia Civil Practice Act and shall include without limitation originals or, if such are not available, true copies, including copies of documents, videotapes, computer data, video, and sound material, **whether in physical or electronic form**.

C.      "Person" means any natural person, corporation, partnership, association, governmental entity, agency, group, organization, etc.

## INTERROGATORIES

### 1.

Please state what party(ies) and/or nonparty(ies) you contend caused or contributed to the incident outlined in Plaintiff's Complaint, with a detailed factual and legal basis for your answer, and please identify all evidence, witnesses, and individuals you contend support your contention.

### 2.

Please identify each and every person or entity, including non-parties, whom to your knowledge, information, or belief caused or contributed to the subject collision, Plaintiff's injuries or damages, or is otherwise at fault or responsible (such as vicarious liability or respondeat superior) for the collision. For each person or entity identified, please specify the person's or entity's acts or omissions that caused or contributed to the subject collision or Plaintiff's injuries

and damages, or other reasons such as the driver was operating in the course and scope of his or her employment. (*See also* O.C.G.A. § 51-12-33.)

3.

State specifically and in detail when, where, and how you claim the collision happened that is the subject matter of Plaintiff's Complaint.

4.

Please provide the legal and factual basis for each and every defense you have asserted in this case, to include any defenses that jurisdiction or venue are improper, insufficiency of service of process, or any other basis for dismissal of this action or any of Plaintiff's claims as a matter of law.

5.

Please state when you first anticipated the litigation that is the subject matter of Plaintiff's Complaint, and please identify all individuals with knowledge of when you first anticipated litigation.

6.

Please identify each and every person or entity who investigated or reviewed any aspect of the subject collision or Plaintiff's injuries and damages. For each such person identified, please state (1) when the investigation was conducted, (2) the outcome of the investigation, (3) whether there was any determination of fault, and (4) whether any corrective action was taken or recommended.

7.

On October 18, 2021, and at the time of the subject collision, was Defendant Singh employed by or driving the subject 2021 Freightliner Cascadia truck on behalf of any employer, person, or entity; using any other person's or entity's U.S. DOT authority; or operating the subject 2021 Freightliner Cascadia truck with anyone else's permission? If so, please identify the entity or person that employed Mr. Singh, gave him permission to operate the truck, or for whom he was driving before or during the subject collision.

8.

Please identify any and all insurance, including excess or umbrella coverage or coverage by any other description (med-pay, etc.), which does or may afford insurance coverage to you for the claims made in this lawsuit, including the name of each insurance company, the applicable coverage, the insured(s) under each policy, and whether you have received any type of reservation of rights letter regarding coverage.

9.

Please identify the persons or entities who in any way owned, leased, or operated the vehicles and/or the premises referred to in the Complaint at the time of the incident. If the vehicles involved in the subject incident belong to someone other than this Defendant, please explain the circumstances under which the vehicle came into the possession of the operator, the purpose for which the vehicle

-4-

was being used, its destination, and under whose authority it was operating. If the ownership of the vehicles or premises changed at any time since said occurrence, please identify every subsequent person or entity.

10.

Please state whether the Manila Express, LLC truck was equipped with an event data recorder ("EDR"), "black box," Qualcomm device, electronic logging device, GPS device, XataNet system, or any other fleet system, data recorder, or trip monitoring device. If so, please describe the device, whether any person or entity undertook an effort to preserve or download data or information from the device, the present location of any such data from the device, and what the data purports to show.

11.

Please state all wrecks and traffic offenses of any nature Sukhpreet Singh has been involved in, both before the subject incident, after the subject incident, and including this subject incident, and whether Mr. Singh received a citation or a work reprimand or any other adverse action or counseling for each wreck and/or traffic offense.  For each such wreck or offense, please state the date and place where the citation(s) or reprimands were issued and the disposition(s) of each.

12.

If you or any other witness has ever been arrested for, pled guilty to, pled *nolo contendere* to, bond forfeiture, or have been found guilty of any crime or traffic

-5-

offense, please state the nature of said crime or traffic offense, the date, county, and state in which was tried and entered the plea, and the sentence given.

13.

If in the twenty-four (24) hours immediately preceding the occurrence complained of, you consumed any alcoholic drink or had taken any drugs, pain killers, tranquilizers, stimulant, sleeping pill, or other form of medication or intoxicant, whether legal or otherwise, please state the amount and the time and place where each such substance was consumed.

14.

Give the name, address, telephone number, and e-mail address of all individuals whom you believe may have knowledge regarding the incident giving rise to this lawsuit, Defendants' defenses, Plaintiff's claims, or any fact or circumstance regarding the incident giving rise to this lawsuit. For each witness, please state the following:

(a)     Whether the witness investigated any aspect of the occurrence, which is the subject of this litigation, and whether each made a written record of the investigation;

(b)     Whether the witness was an eyewitness to the incident;

(c)     Whether the witness is or was an employee of Defendants. If the witness is an employee of Defendant(s), state their job title, whether they

were a manager or supervisor, and whether they were working at the time of the incident;

(d)     If you obtained a statement (oral, written, recorded, court or deposition transcript, etc.) from any witness identified by you. If you did obtain a statement, please state the name of each person giving the statement, the name and address of the person or entity taking each statement, the date each statement was taken, and the name and the address of each person having possession, custody, or control of each statement.

(e)     A brief summary of what information or knowledge you believe the individual possesses.

15.

Please state the name and address of all expert witnesses or professional consultants retained or consulted by you or on your behalf to make an evaluation or investigation of the cause of the occurrence giving rise to this lawsuit or the damages sustained by Plaintiff. With respect to each person, please state:

(a)     the specific subject matter on which you expect such expert to testify.

(b)     the substance of the facts, opinions, and conclusions which you expect such expert to testify.

(c)     the grounds for each such opinion or conclusion.

-7-

(d)     whether any of such persons have prepared or provided you with a written or recorded statement or report concerning their investigation or study, or the facts found by them, or the conclusions or opinions arrived at by them or the grounds of their opinions or conclusions. If so, state the date of each such report or statement and the names and addresses of all persons who have a copy of such report or statement.

(e)     the name, business telephone number, and business address of each person you retained or specially employed in the anticipation of litigation or preparation for trial whom you do not expect to call as a witness at the trial of the case.

(f)     whether the expert has ever been limited in the expert's ability to testify or ever been denied qualifications under a <u>Daubert</u> standard.

(g)     All materials, evidence, and documents the expert has reviewed, relied upon, consulted, and received in the course of developing his or her opinions and conclusions.

16.

Please identify each and every statement (whether oral, written, recorded, or otherwise) from any witness, Plaintiff, or any other individual concerning the subject collision or Plaintiff's claims or Defendants' defenses. For each statement identified, please state (1) when the statement was taken, (2) the content of the

-8-

statement, (3) the current location and custodian of the statement, and (4) who took the statement.

17.

Describe with particularity all photographs, charts, diagrams, videotapes, documents, illustrations, and/or other tangible items, of any person, place, or thing involved in this lawsuit, giving the date each was made and the name and address of the person(s) with possession, custody, or control of each item. (NOTE: You need not describe any document that was produced and specifically listed as having been produced in your responses to Plaintiff's First Request for Production of Documents.)

18.

For Manila Express, LLC and Singh, please describe the route for the trip at issue: including the point of origin, the destination, the reason for the trip, the route chosen to reach the destination and the person who prepared the route, the times of dispatch, any stops made prior to arriving at the destination, the contents of your truck, the total weight of the load Defendant Singh was carrying, and at whose request Defendant Singh was driving the truck at the time of the incident described in Plaintiff's Complaint.

19.

Please state the make, year, weight, and model of the vehicle you were operating during the incident, please identify the last date preceding the incident

on which the brakes and tires were replaced or repaired on the truck, the date and time of each and every inspection, and identify all mechanical repairs or services to the truck preceding the crash. For each such service or inspection performed on the truck, identify how the work/inspection was performed, who performed it, and the results of any inspection.

20.

Please identify and describe all policies, procedures, manuals, guidelines, industry sources, books, videos, tapes, or other writings Defendant used, referred to, or relied upon for the safe operation of commercial motor vehicles such as the 2021 Freightliner Cascadia truck at issue, safety while showing cars, and/or the private roadway at issue.

21.

Please describe any criticisms or complaints that Defendant Singh has ever received concerning the operation or parking of the 2021 Freightliner Cascadia truck or any other commercial vehicle prior to the subject collision; identify the person or entity who made the complaint or criticism; the outcome of the complaint or criticism; and state whether any action was taken in response to the criticism or complaint.

22.

Please provide the present location of the 2021 Freightliner Cascadia truck involved in this incident, state whether it has been altered or repaired following

the incident, and identify the nature of the alteration or repairs, the person or entity who made such alterations or repairs, and any documentation regarding such alteration or repairs.

23.

For Defendant Singh, please identify all cellular phone numbers and/or "Nextel-type" numbers and names of carriers for all cell phones, owned, issued, in the possession of, or provided/entrusted for an operator involved in the collision at any time at issue.

24.

List your employment for the past ten (10) years, giving the name and address of each employment, the period of each employment, and the general nature of the job.

25.

Please identify each and every document, electronically stored information, or other tangible piece of evidence that was responsive to Plaintiff's First Request for Production of Documents that has been lost, destroyed, or cannot be found. For each such document, ESI, or tangible piece of evidence, please state (1) when it was lost or destroyed, (2) who lost or destroyed it, and (3) the reasons it was lost or destroyed.

26.

Please describe in detail your efforts to locate documents, information, and evidence (including e-mail and electronically stored information) in response to Plaintiff's First Requests for Production of Documents and First Interrogatories. In your response, please state where you searched for documents (i.e., which records custodians); the search terms you used, if any; and the identity of every person who participated in locating responsive documents.

27.

Are you withholding any documents or evidence on the basis of a privilege or any other reason? If so, please describe the documents withheld with sufficient detail to allow Plaintiff to assess the validity of the assertion of privilege or reason it was withheld, including (1) the author of the document, (2) the date of the document, (3) the subject matter of the document, (4) all individuals who have seen or received the document, and (5) who, if anyone, directed the creation of the document.

Dated: January 19, 2023.

Respectfully Submitted,

**PIASTA NEWBERN WALKER, LLC**

*/s/ Edward A. Piasta*
EDWARD A. PIASTA
Georgia Bar No. 110161
ANDREW L. HAGENBUSH
Georgia Bar No. 127945
*Counsel for Plaintiff*

-12-

3301 Windy Ridge Parkway
Suite 110
Atlanta, GA 30339
T: (404) 996-1296
E: edward@pnwlaw.com
   andrew@pnwlaw.com

E-FILED IN OFFICE - JT
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-00369-S7**
**1/19/2023 10:17 AM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

JOAN MOREL RAMIREZ,      )
                                   )
       Plaintiff,             )
                                   )
v.                                  )
                                   )
UNITED SPECIALTY INSURANCE    )
COMPANY, MANILA EXPRESS,       )
LLC, SUKHPREET SINGH, DOE 1,    )
DOE 2, DOE 3, DOE 4, and DOE 5,   )
                                   )
       Defendants.         )
                                   )

23-C-00369-S7

Civil Action No.:

_____

## PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

TO:    EACH DEFENDANT & ANY INSURER

       Pursuant to O.C.G.A. § 9-11-26, *et seq.*, Plaintiff hereby requests that each Defendant respond in writing to the following Requests for Production of Documents, within the time afforded by law, with a copy of the responses being served upon the undersigned counsel of record for the Plaintiff at Piasta Newbern Walker, LLC, 3301 Windy Ridge Road, Suite 110, Atlanta, Georgia 30339.

## DEFINITIONS AND INSTRUCTION

       A.      This request for production of documents and notice to produce shall be deemed continuing to the extent permitted by the Georgia Civil Practice Act, so as to require each Defendant to serve or produce upon all parties supplemental answers or documents if Defendant or their attorneys obtain further information

between the time the answers are served and the time of trial. Plaintiff also requests that each Defendant produce the originals of each document at trial and any deposition of Defendant or its agents or employees.

B.    "Document," whether singular or plural, means documents and other tangible things defined in the broadest sense permitted by the Georgia Civil Practice Act and shall include without limitation originals or, if such are not available, true copies, including copies of documents, videotapes, computer data, and sound material, **whether in physical or electronic form**.

C.    "Person" means any natural person, corporation, partnership, association, governmental entity, agency, group, organization, etc.

D.    If a requested document is no longer in your possession, custody, or control, please identify the document with specificity.

E.    If you object to part of a request, please identify any documents withheld. If you object to the scope or time period of the request, please answer the request for the scope or time period you believe is appropriate.

F.    If you assert the attorney-client privilege or work-product exclusion as to any document requested by any of the following specific requests, please identify the document in sufficient detail to permit the Court to reach a determination in the event of a Motion to Compel.

## REQUEST FOR PRODUCTION

Each Defendant is requested to produce and identify each of the following:

-2-

1.

All accident reports, documents, photographs, charts, diagrams, videotapes, and other illustrations of any person, place, or thing involved in this lawsuit including, but not limited, to the scene of the incident where the incident is alleged to have occurred, any instrumentality alleged to have caused the alleged damages, damaged parts of any vehicle or equipment, or any relevant event or thing which is the subject of this Complaint.

2.

Copies of any and all statements, whether recorded, oral, or otherwise, in your control or obtained on your behalf.

3.

All documents evidencing, reflecting, relating to, or constituting any communication between any Defendant and Plaintiff, or any third person or entity relating to the incident or matters involved in this lawsuit, including, without limitation, all correspondence, letters, notes, tapes, memoranda, and any other evidence of communications that in any way relates to this incident.

4.

The original or a certified true and accurate copy of the declaration page or coverage page and all applicable insurance policies that may provide coverage or benefits to Defendants in connection with this occurrence, including any coverage

available to any Defendant. (This request seeks each and every policy, including excess or umbrella, that may provide coverage in any amount.)

5.

Copies of any and all documents and transcripts from any investigation, hearing, or any judicial or quasi-judicial hearing or investigation relating to the incident giving rise to this Complaint. This request includes both internal and third-party investigations.

6.

Copies of the entire file, bills, all reports, memoranda, or notes from any expert who has investigated any aspect or element of the subject incident or who you intend to call as a witness.

7.

Please provide all maintenance records, repair records, and inspection records for the vehicle involved in this incident, including the vehicle maintenance file and all documents created as a result of the incident in question. (This request also includes all documents, purchase invoices, repair estimates, previous damage, repair, or maintenance documents, appraisals, property damage reports, daily vehicle condition reports or inspection reports, or any tangible evidence pertaining to the upkeep of the truck involved in the occurrence which is the subject matter of this civil action.

8.

Each document created, received, or submitted by you, or received or submitted from law enforcement, the Federal Motor Carrier Safety Administration, Department of Transportation, or any other State, Federal, or municipal entity regarding any charges, citations, or investigation into this incident, Defendant Singh, or the truck at issue, required to be maintained by DOT/CFR regulations, FMCSA regulations, and/or Georgia's motor vehicle laws as it relates to Defendant Singh and the truck at issue.

9.

Any and all records of any kind that in any way pertain to Defendant Singh, including but not limited to, his log books, personnel file, drug or alcohol tests, driver trip reports, driver trip envelopes, incident reports for this incident and any other collisions involving Defendant Singh, his driving history, his medical history, his medical qualifications, drug tests, hours of service, record of duty status, orders for the trip at issue in this case, hours of service for the preceding two weeks, or documents regarding the operation of Defendants' equipment, or his employment with Defendants.

10.

Any and all documentary evidence or other tangible evidence which relates or is reasonably calculated to lead to the discovery of relevant or admissible evidence regarding any of Plaintiff's claims in this action or Defendants' defenses.

11.

Copies of all company policies and procedures pertaining to the operation of your business, the roadway at issue, traffic plans, "showing vehicle" procedures, drivers, driving, inspection and maintenance of trucks, and any policies and procedures that in any way apply to, cover, or govern your employees (Singh) involved in this matter.

12.

Copies of all documents or complaints for all personal injury claims or litigation involving injuries resulting from a collision involving one of Defendants' vehicles in the last five years.

13.

All documents that you receive in response to your Requests for Production of Documents to nonparties and open records requests.

14.

Any and all documents identified, referenced, or used to answer any of Plaintiff's discovery or supporting or relating to Plaintiff's or Defendants' contentions of negligence, lack of jurisdiction over any Defendant, or insufficiency of service and/or process of service, including all books, documents and/or other tangible things which prove, support, or constitute evidence of any facts or circumstances upon which you base the allegations in the Answer or issues of liability.

-6-

15.

Please produce the certificate of title and/or other proof of ownership for the truck involved in the wreck that is the subject matter of this civil action.

16.

Copies of any and all of Defendants' reports, interoffice memoranda, <u>emails</u>, or other documents relating to matters which are the subject of this Complaint, the driver, the collision, or the vehicles at issue.

17.

Any report, correspondence, memorandum, or document prepared by any physician or other expert hired by you or your representatives to review and/or evaluate Plaintiff's injuries and/or Plaintiff's damages.

18.

Please produce a copy of any cell phone records, data, and bills which reflect any calls or text messages made or received by Defendant Singh for the forty-eight (48) hours before and after the incident at issue.

19.

Please gather, investigate, identify and produce all documents and <u>emails</u> relating to or referencing, or that are in any way relevant to any of the facts, people, witnesses, liability, damages, or other matters in any way related to or pertaining to the incident at issue in this case, including but not limited to all emails relating to, referencing, or that are in any way relevant to the wreck at

issue, Defendant Singh's employment, Defendant Singh's driving, training, job performance, and/or reprimands. Please include the date, recipients, and authors, along with an identification and description of the email. If you refuse to produce the emails, then please provide a privilege log identifying all such emails sufficient for the parties to file a motion to compel or request an in-camera inspection, if needed. Further, please state whether inquiry was made to all of the corporate or individual parties as to whether any emails were generated regarding the above-referenced matter.

20.

Please produce all documents regarding:

(a)     Defendant Singh's daily logs for the day of the accident and the eight-day period preceding the accident;

(b)     Defendant Singh's daily inspection reports for the day of the accident and the eight-day period preceding the accident;

(c)     Any inspection reports for the vehicle involved in this accident;

(d)     Maintenance, inspection, and repair records or work orders on the vehicle involved in this accident for the day of the accident and for the life of the vehicle preceding the accident;

(e)     Annual inspection report for the vehicle involved in this accident covering the date of the accident;

(f)     Defendant Singh's complete driver's qualification file, including but not limited to: application for employment, CDL license, driver's certification of prior traffic violations, driver's certification of prior accident, driver's employment history, inquiry into driver's employment history, pre-employment MVR, annual MVR, annual review of driver history, certification of road test, medical examiner's certificate, drug testing records, HAZMAT or other training documents, or any document referencing the driver at issue in any respect, or the location of the vehicle involved in this incident;

(g)     Photographs of the vehicles involved in this accident or the accident scene;

(h)     All documents related to the purchase, sale, conversion, or modification of the vehicle;

(i)     Defendant Singh's post-accident alcohol and drug testing results;

(j)     Any lease contracts or agreements covering Defendant Singh or the vehicle involved in this accident;

(k)     Any interchange agreements regarding the vehicle involved in this accident;

(l)     Any printout from on-board recording devices, including but not limited to an on-board computer, tachograph, trip monitor, Teletrack device, Qualcomm, trip recorder, trip master, "black box," ECM or other

-9-

recording device for the day of the accident and the six-month period preceding the accident;

(m)    Any post-accident maintenance, inspection, or repair records or invoices in regard to the vehicles at issue;

(n)    Any weight tickets, fuel receipts, hotel bills, or other records of expenses regarding Defendant Singh or the vehicle involved in this collision for the day of the accident and the eight-day period preceding the accident;

(o)    Any trip reports or dispatch records regarding Defendant Singh or the vehicle involved in this collision for the day of the accident and the eight-day period preceding this accident;

(p)    Any e-mails, electronic messages, letters, memos, or other documents concerning this accident;

(q)    The accident register maintained by the motor carrier as required by federal law for the one-year period and five years preceding this accident;

(r)    Any driver's manuals, guidelines, rules, or regulations given to drivers;

(s)    Any reports, memos, notes, logs, or other documents evidencing complaints about Defendant Singh;

(t)    Any DOT or PSC reports, memos, notes, or correspondence concerning Defendant Singh or the vehicle involved in this accident;

(u)     Any downloadable electronic data from the vehicle's engine regarding the speed of the vehicle or the operation of the vehicle for the six-month period preceding the accident;

(v)     All records, contracts, and any other documents related to and/or concerning the incident involving Plaintiff;

(w)     All records, contracts, and any other documents related to and/or concerning Defendant Singh and/or the vehicle driven by Defendant Singh;

(x)     Any document involving this event;

(y)     A complete list of all passengers for the trip at issue;

(z)     The common carrier agreement, billing documents, or any document regarding your being hired for the event at issue;

(aa)    All records of any kind related to the last time fuel was put into the subject vehicle before the incident at issue;

(ab)    All records of any kind related to the number of miles the subject vehicle traveled since the last time it received fuel before the subject collision; and

(ac)    All emails or electronic data of any nature involving this event.

21.

Any document or thing that in anyway relates or refers to Plaintiff's physical, mental, and/or emotional condition at any point during or following the incident at issue in Plaintiff's Complaint.

22.

All documents, records, equipment, compliance recording devices, and things of any kind related to any of Defendant Singh's sleeping and/or fatigue conditions, including but not limited to, chronic fatigue, sleep apnea, narcolepsy, insomnia, or any other fatigue or sleeping disorders. This request includes, but is not limited to, all medical records, prescriptions, treatment plans, information papers/brochures, warnings or advisories, employment records and applications, qualification records, employment counseling statements, policies and procedures, progress reports, or any other document, record, or thing related to said conditions.

23.

All data of any kind from Defendant Singh's CPAP machines. PLEASE TAKE NOTICE, all data and hard drives in/from the machine and any recording devices shall be preserved so Plaintiff has a meaningful opportunity to inspect the data.

24.

All emails exchanged between Defendants' agents, officers, managers, employees, or anyone acting on Defendants' behalf regarding any of the facts, people, witnesses, liability, damages, or other matters in any way related to or pertaining to the incident at issue, any Defendant or person, and/or the vehicles at issue. Please include the date, recipients, and authors, along with an

identification and description of the email. If you refuse to produce the emails, then please provide a privilege log identifying all such emails sufficient enough for the parties to file a motion to compel or request an in-camera inspection, if needed. Further, please state whether inquiry was made to all of the corporate or individual parties as to whether any emails were generated regarding the above-referenced matter.

You are hereby requested to comply with said Georgia Civil Practice Act by producing and permitting Plaintiff's attorneys to inspect and copy the documents requested. In lieu of appearance at a document production, you may instead mail true and accurate copies of all documents or evidence to Piasta Newbern Walker, LLC, 3301 Windy Ridge Parkway, Suite 110, Atlanta, Georgia 30361.

Dated: January 19, 2023.

Respectfully Submitted,

**PIASTA NEWBERN WALKER, LLC**


*/s/ Edward A. Piasta*
EDWARD A. PIASTA
Georgia Bar No. 110161
ANDREW L. HAGENBUSH
Georgia Bar No. 127945
*Counsel for Plaintiff*

3301 Windy Ridge Parkway
Suite 110
Atlanta, GA 30339
T: (404) 996-1296
E: edward@pnwlaw.com
    andrew@pnwlaw.com

-13-