IN THE UNITED STATE DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LANDMARK AMERICAN INSURANCE COMPANY, ) ) ) | |
| Plaintiff, ) ) | |
| v.                                   ) ) | Case No.: |
| FIRST MERCURY INSURANCE COMPANY,   ) ) ) | |
| Defendant.                           ) | |

# **COMPLAINT**

Plaintiff Landmark American Insurance Company ("Landmark") files this Complaint , showing the Court as follows:

### PARTIES

1. Plaintiff Landmark is a surplus lines insurer authorized to conduct business in the State of Georgia that was formed under the laws of New Hampshire and has its principle place of business in Fulton County, Georgia.

2. Defendant First Mercury Insurance Company ("First Mercury") is a Delaware corporation with its principal place of business at 305 Madison Avenue, Morristown, New Jersey 07960 and is an eligible surplus lines insurer as provided by Chapter V of Title 33 of the Official Code of Georgia.

3. Upon information and belief, First Mercury has not appointed a resident of this state to receive service of legal process issued against it in this state upon any cause of action arising from its transactions of business in this state pursuant to O.C.G.A.§ 33-4-3; thus, service of process may be perfected by serving a copy of the Summons and Complaint on the Insurance Commissioner pursuant to O.C.G.A. § 33-4-4. Alternatively, service of process may be perfected by serving a copy of the Summons and Complaint to First Mercury at its principal place of business.

## JURISDICTION AND VENUE

4. First Mercury conducted business within Fulton County by issuing a policy of insurance providing commercial general liability coverage (Policy No. NJ-CGL-000027680-01) with a policy period of April 20, 2013 to April 30, 2014 (the "First Mercury Policy") to the Named Insured Fly & Form, Inc. ("F&F") and delivering a copy of the First Mercury Policy to F&F at its principle place of business located at 1817 Westgate Parkway, Atlanta, Georgia 30336.

5. The Court has personal jurisdiction over First Mercury under Georgia's Long Arm Statute (O.C.G.A. § 9-10-91) as it transacts business within the State of Georgia and regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state.

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because complete diversity of citizenship exists between Landmark and First Mercury and the amount in controversy, exclusive of interests and costs exceed $75,000.

7. Venue First Mercury is subject to the Court's personal jurisdiction.

### BACKGROUND INFORMATION

8. First Mercury issued the First Mercury Policy to the Named Insured "Fly & Form, Inc."

9. Landmark issued a policies of insurance (Policy Nos. LHA109625 and LHA110177) with respective policy periods of April 30, 2014 to April 30, 2015 and April 30, 2015 to April 30, 2016 (the "Landmark Policies") to the Named Insured "Fly & Form, Inc."

10. Beachwalk (at Hallandale) Condominium Association (the "Association") filed a lawsuit against, among others, John Moriarty & Associates of Florida ("Moriarty") in a civil action styled *Beachwalk (At Hallandale) Condominium Association, Inc. v. PRH 2600 Hallandale Beach, LLC*, Case No. CACE-18-008615, 17th Circuit Court, Broward County, Florida (the "Lawsuit").

11. The Association filed an Amended Complaint in the Lawsuit. (A true and accurate copy of the Amended Complaint without exhibits is attached as **Exhibit A**.)

12. The claims in the Amended Complaint arose out of alleged construction defects in the construction of a condominium complex and included allegations of damage to other property as a result of the alleged construction defects, including damage arising out of work performed by F&F.

13. Moriarty filed a Third-Party Complaint in the Lawsuit which named sub-contractors, including F&F, who provided work on the construction of condominium complex in which it asserted claims for breach of contract, common law indemnity and violation of Fla. Stat. 718.203 against F&F. (A copy of the Third-Party Complaint without exhibits is attached as **Exhibit B**.)

14. F&F provided notice of the Lawsuit and the Third-Party Complaint to both First Mercury and Landmark.

15. Landmark issued a June 26, 2019 reservation of rights letter to F&F in which it agreed to defend F&F under the Landmark Policies under a reservation of rights and appointed defense counsel to represent F&F in the Lawsuit.

16. The allegations asserted in support of the claims against F&F in the Lawsuit triggered a duty to defend under the First Mercury Policy.

17. First Mercury issued a reservation of rights letter on July 10, 2020 to F&F in which it agreed to defend F&F under the First Mercury Policy and appointed defense counsel, Quintairo, Prieto, Wood & Boyer, P.A., to defend F&F in the

Lawsuit. (A copy of First Mercury's reservation of rights letter is attached as **Exhibit C**.)

18. The defense counsel appointed by First Mercury was disqualified as defense counsel and/or stopped defending F&F in the Lawsuit.

19. After defense counsel appointed by First Mercury was disqualified and/or stopped defending F&F in the Lawsuit, First Mercury did not appoint new counsel to defend F&F and did not share in the defense of F&F with Landmark.

20. Landmark incurred $214,541.43 to defend F&F in the Lawsuit.

21. After learning that First Mercury was no longer defending their mutual insured, F&F, Landmark demanded that provide contribution for the costs incurred by Landmark to defend their mutual insured in an October 11, 2022 letter. (A copy of the October 11, 2022 demand letter is attached as **Exhibit D**.)

22. First Mercury did not respond to the October 11, 2022 demand letter.

23. Landmark sent a second letter to First Mercury demanding that it provide contribution for the costs incurred by Landmark to defend their mutual insured, F&F, on December 6, 2022. (A copy of the December 6, 2022 demand letter is attached as **Exhibit E**.)

24. First Mercury did not respond to the December 6, 2022 demand letter.

25. Landmark forwarded the letter to Jonathan Adams of Riverstone, First Mercury's TPA on January 9, 2023.

26. Mr. Adams responded on behalf of First Mercury on January 23, 2023, stating that First Mercury would not provide contribution for the defense costs incurred by Landmark to defend their mutual insured.

## COUNT I

### LEGAL CONTRIBUTION

27. Landmark incorporates Paragraphs 1 through 25 as if fully stated herein.

28. First Mercury had a duty to defend F&F under the First Mercury Policy from the claims asserted in the Lawsuit.

29. Landmark, under its reservation of rights, paid all of the defense costs incurred to defend F&F under the Landmark Policies.

30. First Mercury have refused to pay any portion of the costs incurred to defend F&F and failed to provide a defense for F&F in the Lawsuit.

31. The First Mercury Policy provides primary coverage to F&F.

32. The Landmark Policies provides primary coverage to F&F.

33. Pursuant to Condition 4. "Other Insurance" of the Landmark Policies, Landmark is entitled to contribution from First Mercury for any defense obligations incurred by Landmark with respect to the Lawsuit.

34. Landmark does not have a copy of the First Mercury Policy, but on information and belief, that policy contains "other insurance" terms.

35. As First Mercury had an obligation to defend F&F in the Lawsuit under the terms and conditions of the First Mercury Policy, First Mercury is required to pay all or to share payment for such covered costs.

36. Under Section 8. "Transfer Of Rights Of Recovery Against Others To Us" of the Conditions of the Landmark Policies each insured transferred to Landmark all rights they have to recover against any other person or entity to the extent of the payments made by Landmark for the defense or indemnity of the insured.

37. Landmark has legal contribution rights, in addition to the contractual rights received via assignment and subrogation, against First Mercury to recover all or part of the amounts paid by Landmark for the defense of F&F in the Lawsuit.

38. First Mercury breached the terms of the First Mercury Policy by failing and/or refusing to defend F&F from the claims and suits asserted in the Lawsuit.

39. In accordance with Landmark's assigned rights and its legal contribution rights, Landmark is entitled to recover from First Mercury for all or part of the amounts paid by Landmark for the defense of F&F in the Lawsuit.

## Count II

### Unjust Enrichment/Equitable Contribution

40. Landmark incorporates Paragraphs 1 through 25 as if fully stated herein.

41. Landmark, under reservation of rights, paid all of the costs incurred to defend F&F from the claims asserted in the Lawsuit under the Landmark Policies.

42. First Mercury had a duty to defend F&F from the claims asserted in the Lawsuit under the terms of the First Mercury Policy.

43. First Mercury refused to pay any portion of the costs incurred by Landmark to defend &F from the claims asserted in the Lawsuit.

44. First Mercury refused to provide a defense to F&F from the claims asserted in the Lawsuit.

45. Landmark seeks a declaration as to its rights against First Mercury pursuant to the equitable principals of unjust enrichment and equitable contribution.

46. The First Mercury Policy provided primary coverage to F&F.

47. The Landmark Policies provide primary coverage to F&F.

48. First Mercury is equitably obligated to share in that covered costs as a coinsurer of the mutual insureds of Landmark and First Mercury—F&F.

49. First Mercury has been unjustly enriched in the amount that Landmark paid of the costs to defend F&F.

50. Landmark is equitably entitled to contribution from First Mercury for all or part of the amounts that it paid to defend F&F.

51. Landmark is entitled in equity to recover all or part of the amounts that it paid for the defense of F&F from First Mercury for its failure to honor its insurance obligations as a co-insurer of the mutual insureds of Landmark and First Mercury.

## PRAYER

WHEREFORE, Landmark respectfully prays that the Court enter judgment in its favor and against First Mercury granting Landmark relief as follows:

1) Landmark seeks Judgment in its favor and against First Mercury requiring First Mercury reimburse Landmark for all or First Mercury's share of amounts paid by Landmark for the defense of F&F in the Lawsuit in an amount of not less than $107,270.71;

2) An award of prejudgment interest;

3) For a trial by jury; and

4) For such other and further relief as this Court deems proper.

Respectfully submitted, this 22nd day of March, 2023.

                                                 **HALL BOOTH SMITH, P.C.**

                                                 */s/ Thomas K. Wingfield*
                                                 THOMAS K. WINGFIELD
                                                 Georgia Bar No. 770653

191 Peachtree Street NE, Suite 2900    NOLAN C. HENDRICKS
Atlanta, GA  30303-1775                     Georgia Bar No. 931520
Phone:  (404) 954-5000
Fax:     (404) 954-5020
twingfield@hallboothsmith.com       *Attorneys for Plaintiff Landmark*
nhendricks@hallboothsmith.com       *American Insurance Company*

100022889.1