# EXHIBIT "A"

Filing # 74889099 E-Filed 07/13/2018 10:28:24 AM

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT, IN AND FOR
BROWARD COUNTY, FLORIDA

BEACHWALK (AT HALLANDALE)
CONDOMINIUM ASSOCIATION, INC., a
Florida not-for-profit corporation,

CASE NO. CACE18008615

     Plaintiff,

v.

PRH 2600 HALLANDALE BEACH, LLC, a
Florida limited liability company; JOHN
MORIARTY & ASSOCIATES OF FLORIDA,
INC., a foreign corporation; COHEN,
FREEDMAN, ENCINOSA & ASSOCIATES
– ARCHITECTS, P.A., a Florida corporation,

     Defendants.

_____/

## AMENDED COMPLAINT
### (With Jury Trial Demand)

Plaintiff, BEACHWALK (AT HALLANDALE) CONDOMINIUM ASSOCIATION,

INC., a Florida not-for-profit corporation ("ASSOCIATION"), by and through its undersigned

counsel, hereby sues the Defendants, PRH 2600 HALLANDALE BEACH, LLC ("PRH 2600"),

a Florida limited liability company, JOHN MORIARTY & ASSOCIATES OF FLORIDA, INC.

("MORIARTY"), a foreign corporation, and COHEN, FREEDMAN, ENCINOSA &

ASSOCIATES – ARCHITECTS, P.A. ("CFEA"), a Florida corporation, and alleges:

## GENERAL ALLEGATIONS

1.    The causes of action exceed the sum of Fifteen Thousand Dollars ($15,000.00),

exclusive of interest, attorneys' fees and costs.

2.    The Defendants conducted business relating to the matters hereinafter complained

of in Broward County, Florida.

3.    Each cause of action accrued in Broward County, Florida.

4.     The property, which is the subject matter of this action, is located in Hallandale Beach, Florida and, therefore, venue is proper in Broward County, Florida.

5.     Plaintiff, ASSOCIATION, is a Florida not-for-profit corporation authorized to do business and conducting business in Broward County, Florida and is a condominium association organized and existing pursuant to Chapter 718, Fla. Stat., to provide a corporate entity pursuant to Section 718.111, Fla. Stat., for the operation of Beachwalk, a condominium, (hereinafter referred to as "Beachwalk"). Beachwalk is comprised of one thirty-one (31) story building, together with common elements, including recreational facilities, pool, fitness center, and parking garage. Plaintiff has the responsibility to repair, replace and maintain said common elements and all improvements situated thereon as provided in the Declaration of Beachwalk Condominium, as filed with the Secretary of State, Florida, together with all amendments thereto, the Articles of Incorporation, the By-Laws with all amendments thereto, all of which have been recorded in the public records of Broward County, Florida.

6.     Plaintiff, ASSOCIATION, has been controlled with unit owners other and Defendant, PRH 2600, since on or about December 1, 2015. Prior to that date, PRH 2600 controlled with ASSOCIATION by selecting its agents, servants and employees as directors and officers of the ASSOCIATION, thereby controlling the maintenance, management and operation of Beachwalk and the Plaintiff until that date.

7.     ASSOCIATION brings this action on its own behalf and on behalf of its unit owner members concerning Defendants' breach of implied warranties, breach of statutory warranties and/or negligence in designing and constructing the common elements at Beachwalk, which ASSOCIATION has the responsibility and obligation to repair, replace and maintain by

virtue of the provisions of ASSOCIATION's governing documents and on the other grounds more fully set forth below.

8.      Additionally, ASSOCIATION brings this action pursuant to Section 718.111(2), Fla. Stat., and Section 718.111(3), Fla. Stat., in its own right and as the lawful and appropriate representative of its unit owner members.

9.      These causes of action concern matters of common interest to Beachwalk unit owners, which matters include Beahwalk's common elements, roof, mechanical, electrical, building exteriors, unit interiors, structural components of the Beachwalk building and other matters commonly affecting and of common interest to Plaintiff's unit owner members as described more fully hereinafter.

10.      At all times material hereto, Defendant, PRH 2600, was and is a limited liability company organized and existing pursuant to the laws of the State of Florida and was the developer of the building and improvements comprising Beachwalk.

11.      At all times material hereto, Defendant, PRH 2600, was the developer of the condominium building, common elements and improvements comprising Beachwalk.  At all times material hereto, Defendant, PRH 2600, offered units for sale in the ordinary course of its business and, therefore, is considered a developer under Section 718.103(16), Fla. Stat.

12.      At all times material hereto, Defendant, MORIARTY, was and is a foreign corporation authorized to conduct business in the State of Florida and was the general contractor which constructed the building, common elements and improvements comprising Beachwalk.

13.      At all times material hereto, Defendant, CFEA, was and is a corporation organized and existing pursuant to the laws of the State of Florida and served as the architect of

the building and/or improvements comprising Beachwalk, including the life safety and fire safety systems.

14.     Attached hereto as **Exhibit A** is a list setting forth the defects and deficiencies existing prior to turnover of control of the ASSOCIATION.

15.     Certain of the defective conditions at the Project set forth more fully in **Exhibit A** were not readily recognizable by persons who lack special knowledge or training, or they were hidden by building components or finishes or other obstructions, or they are latent defects and deficiencies which could not have been discovered through reasonable diligence.

16.     All conditions precedent to the filing of this action, including compliance with Chapter 558, Fla. Stat., have been performed, waived and/or have been excused.

17.     As a result of the actions of the Defendants, the Plaintiff, ASSOCIATION, hired undersigned counsel, and is obligated to pay it reasonable attorneys' fees.

## COUNT I:  BREACH OF IMPLIED WARRANTY
### (Against PRH 2600)

18.     Plaintiff re-alleges the allegations contained in paragraphs 1 through 11 and 14 through 17 as if more fully set forth herein.

19.     As the developer of Beachwalk, Defendant, PRH 2600, impliedly warranted to the ASSOCIATION and its unit owner members that the building, common elements and other improvements were of merchantable quality and were fit for their intended uses and that the common elements were constructed in accordance with all applicable building codes and standards, in accordance with the plans and specifications filed as a matter of public record, and in accordance with good design, engineering and construction practices.

20.     Defendant, PRH 2600, breached the implied warranties owed to Plaintiff and its unit owner members in that the subject condominium building, common elements and

improvements were delivered and/or turned over to the unit owner members with the defects and deficiencies set forth in **Exhibit A**.

21.     Defendant, PRH 2600, possessed or should have possessed superior knowledge of the design and construction of the subject property.

22.     The subject condominium, common elements and other improvements were received by the ASSOCIATION and its unit owners without substantial change in the condition in which they were transferred by Defendant, PRH 2600.

23.     As a direct and proximate result Defendant's, PRH 2600, breach of the above-mentioned implied warranties, ASSOCIATION has been and will be required to expend large sums of money to remedy the defects and deficiencies set forth in **Exhibit A**, or will be required to expend large sums of money for maintenance which would have been unnecessary had subject building, common elements and improvements been fit for their intended uses and of merchantable quality, and has suffered damages in excess of Fifteen Thousand ($15,000.00) Dollars.

WHEREFORE, Plaintiff, BEACHWALK (AT HALLANDALE) CONDOMINIUM ASSOCIATION, INC., demands judgment against Defendant, PRH 2600 HALLANDALE BEACH, LLC, for damages in excess of Fifteen Thousand ($15,000.00) Dollars, costs, and for such other relief as this Court deems just and appropriate.

<u>**COUNT II: BREACH OF STATUTORY WARRANTY**</u>
<u>**(Against PRH 2600)**</u>

24.     Plaintiff re-alleges the allegations contained in paragraphs 1 through 11 and 14 through 17 as if more fully set forth herein.

25.     This is an action seeking damages for breach of the statutory implied warranties applicable to developer contained in Section 718.203, Fla. Stat.

26.     As the developer of Beachwalk, Defendant, PRH 2600, by operation of law, granted to the purchasers of each condominium unit, to each successor owner, the warranties of fitness and merchantability contained in Section 718.203, Fla. Stat.

27.     The rights acquired by the unit owners under such statutory warranties may be exercised by the unit owners in the aggregate through the ASSOCIATION as their lawful representative with respect to matters of common interest.

28.     These statutory warranties extend to:

A.     Each condominium unit;

B.     The personal property transferred with, or appurtenant to, each unit;

C.     Improvements for the use of unit owners;

D.     Personal property for the use of unit owners;

E.     The roof;

F.     The structural components of the buildings or improvements;

G.     Mechanical, electrical and plumbing elements serving a building or an improvement (except mechanical elements serving only one unit);

H.     all other improvements and materials.

29.     Defendant, PRH 2600, breached the above-mentioned statutory warranties in that the condominium building, common elements and improvements were not constructed in compliance with the requirements of the Florida Building Code and other applicable codes and standards, and were not constructed in accordance with good design, engineering practices, and construction practices, and were not constructed in accordance with the approved building plans filed as matter of public record.  As a proximate result thereof, said Defendant delivered the

subject building, common elements and improvements and sold units with defects and deficiencies set forth in **Exhibit A**

30.     Routine maintenance of the areas, structural components, improvements and/or elements has been performed by the ASSOCIATION since turnover of the control of the ASSOCIATION from Defendant, PRH 2600, to the unit owners.

31.     As a direct and proximate result of Defendant's, PRH 2600, breach of the above-mentioned statutory warranties, the ASSOCIATION has expended and will be required to expend large sums of money to remedy the defects and deficiencies set forth in **Exhibit A** or will be required to expend large sums of money for maintenance which would have been unnecessary had the subject property been properly designed and constructed, and has thereby suffered damages in excess of Fifteen Thousand ($15,000.00) Dollars.

WHEREFORE, Plaintiff, BEACHWALK (AT HALLANDALE) CONDOMINIUM ASSOCIATION, INC., demands judgment against Defendant, PRH 2600 HALLANDALE BEACH, LLC, for damages in excess of Fifteen Thousand ($15,000.00) Dollars, costs, and for such other relief as this Court deems just and appropriate.

## COUNT III: NEGLIGENCE
### (Against PRH 2600)

32.     Plaintiff re-alleges the allegations contained in paragraphs 1 through 11 and 14 through 17 as if more fully set forth herein.

33.     As the developer of Beachwalk, Defendant, PRH 2600, owed a duty to the Plaintiff, ASSOCIATION, and its unit owner members to competently and professionally design, construct, maintain/repair and to deliver the condominium building, common elements and improvements an accordance with all applicable codes, plans and in accordance with good design, construction, engineering and repair practices.

34.     Defendant, PRH 2600, breached its duty to the Plaintiff, ASSOCIATION, and its unit owners by failing to competently and professionally design, construct, engineer, maintain and repair the subject condominium building, common elements and improvements in accordance with the applicable codes, plans and in accordance with good design, construction, engineering and repair practices.   Accordingly, Defendant, PRH 2600, delivered the condominium building, common elements and improvements to the Plaintiff, ASSOCIATION, with the defects and deficiencies set forth in **Exhibit A**.

35.     As a direct and proximate result of Defendant's, PRH 2600, negligent breaches, the ASSOCIATION has expended and will be required to expend large sums of money to remedy the defects and deficiencies set forth in **Exhibit A** or will be required to expend large sums of money for maintenance which would have been unnecessary had the subject property been properly designed, constructed, maintained and/or repaired, and has thereby suffered damages in excess of Fifteen Thousand ($15,000.00) Dollars.

WHEREFORE, Plaintiff, BEACHWALK (AT HALLANDALE) CONDOMINIUM ASSOCIATION, INC., demands judgment against Defendant, PRH 2600 HALLANDALE BEACH, LLC, for damages in excess of Fifteen Thousand ($15,000.00) Dollars, costs, and for such other relief as this Court deems just and appropriate.

<u>**COUNT IV:  VIOLATION OF SECTION 553.84, FLA. STAT.**</u>
<u>**(Against PRH 2600)**</u>

35.     Plaintiff re-alleges the allegations contained in paragraphs 1 through 11 and 14 through 17 as if more fully set forth herein.

36.     Section 553.84, Fla. Stat., in its applicable form, provides:

Notwithstanding any other remedies available, any person or party, in an individual capacity or on behalf of a class of persons or parties, damaged as a result of a violation of this part or the Florida

> Building Code, has a cause of action in any court of competent jurisdiction against the person or party who committed the violation.

37.     Section 553.73, Fla. Stat., incorporates provisions of the Florida Building Code. The Florida Building Code was, at all times material hereto, one of the applicable building codes for the construction of the structures of the condominium having been adopted by Broward County, Florida.

38.     Defendant, PRH 2600, committed code violations, which are the items set forth in **Exhibit A**. The defects and deficiencies described as code violations in the attached Defect List constitute a violation of the Florida Building Code and, thereby, violate Section 553.84, Fla. Stat.

39.     Defendant, PRH 2600, at all material times, knew or should have known that the violation of Section 553.84, Fla. Stat., existed.

40.     As a direct and proximate result of the Defendant's violation of Section 553.84, Fla. Stat., the ASSOCIATION, has expended and will be required to expend large sums of money to remedy the violations of the Florida Building Code and all other applicable codes or will be required to expend large sums of money for maintenance which would have been unnecessary had the subject property been properly constructed, and has thereby suffered damages in excess of Fifteen Thousand ($15,000.00) Dollars.

WHEREFORE, Plaintiff, BEACHWALK (AT HALLANDALE) CONDOMINIUM ASSOCIATION, INC., demands judgment against Defendant, PRH 2600 HALLANDALE BEACH, LLC, for damages in excess of Fifteen Thousand ($15,000.00) Dollars, costs, and for such other relief as this Court deems just and appropriate.

## COUNT V: NEGLIGENCE
### (Against MORIARTY)

41.     Plaintiff re-alleges the allegations contained in paragraphs 1 through 9, 12 and 14 through 17 as if more fully set forth herein.

42.     As the general contractor of Beachwalk, Defendant, MORIARTY, owed a duty to the ASSOCIATION and its unit owners to competently and professionally construct the condominium building, common elements and improvements in accordance with applicable building codes, in accordance with the building plans, and in accordance with good construction practices.

43.     Defendant, MORIARTY, breached its duty of care to the ASSOCIATION by failing to competently and professionally construct the subject condominium building, common elements and improvements in accordance with applicable building codes, in accordance with the building plans, and in accordance with good construction practices. The defective conditions of the building, common elements and improvements are contained within the Defect List attached hereto and incorporated herein by reference as **Exhibit A.**

44.     As a direct and proximate cause of that negligent breach, the ASSOCIATION has been and will be required to expend large sums of money to remedy the defects and deficiencies set forth in **Exhibit A,** as well as damage to other property, or will be required to expend large sums of money for maintenance which would have been unnecessary had the building, common elements and improvements been properly constructed, and has suffered damages in excess of Fifteen Thousand ($15,000.00) Dollars.

WHEREFORE, Plaintiff, BEACHWALK (AT HALLANDALE) CONDOMINIUM ASSOCIATION, INC., demands judgment against Defendant, JOHN MORIARTY &

ASSOCIATES OF FLORIDA, INC., for damages in excess of Fifteen Thousand ($15,000.00)

Dollars, costs, and for such other relief as this Court deems just and appropriate.

## COUNT VI:  BREACH OF IMPLIED WARRANTY
### (Against MORIARTY)

45.    Plaintiff re-alleges the allegations contained in paragraphs 1 through 9, 12 and 14

through 17 as if more fully set forth herein.

46.    Defendant, MORIARTY, possessed or should have possessed superior knowledge

of the design and construction of the subject condominium building, common elements and

improvements.

47.    The condominium building, common elements and improvements that Defendant,

MORIARTY, constructed were received by the ASSOCIATION and its unit owners without

substantial change in the condition in which it was transferred.

48.    Defendant, MORIARTY, impliedly warranted to ASSOCIATION and its unit

owners that the subject condominium building, common elements and improvements were fit for

their intended purpose and merchantable, and that the condominium building, common elements

and improvements were constructed in accordance with applicable building codes and standards,

in accordance with the plans and specifications filed as a matter of public record, in accordance

with good design, engineering and construction practices and in accordance with the governing

documents.

49.    Defendant, MORIARTY, breached the above-mentioned implied warranties in

that the subject condominium building, common elements and improvements were not

constructed in compliance with the applicable building codes and standards, were not

constructed in accordance with the plans and specifications filed as a matter of public record, and were not constructed in accordance with good design, engineering and construction practices and in accordance with the governing documents.

50.     Defendant, MORIARTY, constructed the subject condominium building, common elements and improvements with the defects and deficiencies set forth in the Defect List attached hereto and incorporated herein by reference as **Exhibit A**.

51.     As a direct and proximate result Defendant's, MORIARTY, breach of the above-mentioned implied warranties, ASSOCIATION has been and will be required to expend large sums of money to remedy the defects and deficiencies set forth in **Exhibit A**, or will be required to expend large sums of money for maintenance which would have been unnecessary had the subject condominium building, common elements and improvements been properly designed and constructed, and has suffered damages in excess of Fifteen Thousand ($15,000.00) Dollars.

WHEREFORE, Plaintiff, BEACHWALK (AT HALLANDALE) CONDOMINIUM ASSOCIATION, INC., demands judgment against Defendant, JOHN MORIARTY & ASSOCIATES OF FLORIDA, INC., for damages in excess of Fifteen Thousand ($15,000.00) Dollars, costs, and for such other relief as this Court deems just and appropriate.

## COUNT VII: BREACH OF STATUTORY WARRANTY
### (Against MORIARTY)

52.     Plaintiff re-alleges the allegations contained in paragraphs 1 through 9, 12 and 14 through 17 as if more fully set forth herein.

53.     This is an action seeking damages for breach of the statutory implied warranties applicable to contractors contained in Section 718.203, Fla. Stat.

54.     As the general contractor that constructed Beachwalk, Defendant, MORIARTY, by operation of law, granted to the purchasers of each condominium unit, to each successor owner, the warranties of fitness as to the work performed or materials supplied by it as set forth in Section 718.203, Fla. Stat.

55.     The rights acquired by the unit owners under such statutory warranties may be exercised by the unit owners in the aggregate through the ASSOCIATION as their lawful representative with respect to matters of common interest.

56.     These statutory warranties extend to:

    A.     The roof;

    B.     The structural components of the buildings or improvements;

    C.     Mechanical, electrical and plumbing elements serving a building or an improvement (except mechanical elements serving only one unit); and

    D.     all other improvements and materials.

57.     Defendant, MORIARTY, breached the above-mentioned statutory warranties in that the subject condominium building, common elements and improvements were not constructed in compliance with the requirements of the Florida Building Code and other applicable codes and standards, and said Defendant failed to provide work and materials which conformed with generally accepted standards of construction, and failed to provide work and materials that met the requirements specified in the approved plans and specifications.  As a proximate result thereof, said Defendant constructed the subject condominium building, common elements and improvements with defects and deficiencies set forth in **Exhibit A.**

58.     Routine maintenance of the areas, structural components, improvements and/or elements has been performed by the ASSOCIATION since turnover of the control of the ASSOCIATION from the developer to the unit owners.

59.     As a direct and proximate result of Defendant's, MORIARTY, breach of the above-mentioned implied warranties, the ASSOCIATION has expended and will be required to expend large sums of money to remedy the defects and deficiencies set forth in **Exhibit A** or will be required to expend large sums of money for maintenance which would have been unnecessary had the subject condominium building, common elements and improvements been properly designed and constructed, and has thereby suffered damages in excess of Fifteen Thousand ($15,000.00) Dollars.

WHEREFORE, Plaintiff, BEACHWALK (AT HALLANDALE) CONDOMINIUM ASSOCIATION, INC., demands judgment against Defendant, JOHN MORIARTY & ASSOCIATES OF FLORIDA, INC., for damages in excess of Fifteen Thousand ($15,000.00) Dollars, costs, and for such other relief as this Court deems just and appropriate.

<u>COUNT VIII:  VIOLATION OF 553.84, FLA. STAT.</u>
<u>(Against MORIARTY)</u>

60.     Plaintiff re-alleges the allegations contained in paragraphs 1 through 9, 12 and 14 through 17 as if more fully set forth herein.

61.     Section 553.84, Fla. Stat., in its applicable form, provides:

> Notwithstanding any other remedies available, any person or party, in an individual capacity or on behalf of a class of persons or parties, damaged as a result of a violation of this part or the Florida Building Code, has a cause of action in any court of competent jurisdiction against the person or party who committed the violation.

62.     Section 553.73, Fla. Stat., incorporates provisions of the Florida Building Code. The Florida Building Code was, at all times material hereto, one of the applicable building codes for the construction of the structures of the condominium having been adopted by Palm Beach County, Florida.

63.     Defendant, MORIARTY, committed code violations, which are the items set forth in **Exhibit A**. The defects and deficiencies described as code violations in the attached Defect List constitute a violation of the Florida Building Code and, thereby, violate Section 553.84, Fla. Stat.

64.     Defendant, MORIARTY, at all material times, knew or should have known that the violation of Section 553.84, Fla. Stat., existed.

65.     As a direct and proximate result of the Defendant's violation of Section 553.84, Fla. Stat., the ASSOCIATION, has expended and will be required to expend large sums of money to remedy the violations of the Florida Building Code and all other applicable codes or will be required to expend large sums of money for maintenance which would have been unnecessary had the subject condominium building, common elements and improvements been properly constructed, and has thereby suffered damages in excess of Fifteen Thousand ($15,000.00) Dollars.

WHEREFORE, Plaintiff, BEACHWALK (AT HALLANDALE) CONDOMINIUM ASSOCIATION, INC., demands judgment against Defendant, JOHN MORIARTY & ASSOCIATES OF FLORIDA, INC., for damages in excess of Fifteen Thousand ($15,000.00) Dollars, costs, and for such other relief as this Court deems just and appropriate.

## COUNT IX: NEGLIGENCE
### (Against CFEA)

66.     Plaintiff re-alleges the allegations contained in paragraphs 1 through 9, 13 and 14 through 17 as if more fully set forth herein.

67.     Defendant, CFEA, was responsible for providing professional architectural services concerning the condominium building, common elements and improvements.

68.     Accordingly, Defendant, CFEA, owed a duty to the ASSOCIATION and its unit owners to exercise a reasonable degree of skill and care, as determined by the degree of skill and care of ordinarily employed architects, in the rendering of its professional services.

69.     Defendant, CFEA, breached its duty of care to the ASSOCIATION by failing to competently and professionally prepare the plans and specifications for the subject condominium building, common elements and improvements.   The defective conditions of the building, common elements and improvements are contained within the Defect List attached hereto and incorporated herein by reference as **Exhibit A**.

70.     As a direct and proximate cause of Defendant's negligent breach, the ASSOCIATION has been and will be required to expend large sums of money to remedy the defects and deficiencies set forth in **Exhibit A**, as well as damage to other property, or will be required to expend large sums of money for maintenance which would have been unnecessary had the condominium building, common elements, and improvements been competently and properly designed, and has suffered damages in excess of Fifteen Thousand ($15,000.00) Dollars.

WHEREFORE, Plaintiff, BEACHWALK (AT HALLANDALE) CONDOMINIUM ASSOCIATION, INC., demands judgment against Defendant, COHEN, FREEDMAN, ENCINOSA & ASSOCIATES – ARCHITECTS, P.A., for damages in excess of Fifteen

Thousand ($15,000.00) Dollars, costs, and for such other relief as this Court deems just and appropriate.

### COUNT X: BREACH OF SECTION 718.112(1)(f), FLORIDA STATUTES
### (Against PRH)

71.     Plaintiff re-alleges the allegations contained in paragraphs 1 through 11, 16 and 17 as if more fully set forth herein.

72.     Section 718.112(1)(f)(2)(a), Fla. Stat., requires that the Association's annual budget include reserve accounts for capital expenditures and deferred maintenance.

73.     Section 718.112(1)(f)(2)(b), Fla. Stat., states:

> [b]efore turnover of control of an association by a developer to unit owners other than the developer . . ., the developer may vote the voting interests allocated to its units to waive the reserves or reduce the funding of reserves through the period expiring at the end of the second fiscal year after the fiscal year in which the certificate of a surveyor and mapper is required pursuant to s. 718.104(4)(e) or an instrument that transfers title to a unit in the condominium which is not accompanied by a recorded assignment of developer rights in favor of the grantee of such unit is recorded, whichever is recorded first . . .

74.     On or about December 1, 2015, the Defendant, PRH 2600, through a written consent in lieu of a vote at meeting, attempted to retroactively waive the Association's reserves for the year 2015.

75.     The statute does not permit the Defendant, PRH 2600, to retroactively waive funding reserves at the end of the year for the same year.  Defendant's conduct is a breach of the statute.

76.     As a result of the Defendant's breach of the statute, the Plaintiff has been damaged in the amount in excess of Fifteen Thousand Dollars ($15,000.00).

WHEREFORE, Plaintiff, BEACHWALK (AT HALLANDALE) CONDOMINIUM

ASSOCIATION, INC., demands judgment against Defendant, PRH 2600 HALLANDALE BEACH, LLC, for damages in excess of Fifteen Thousand ($15,000.00) Dollars, interest, attorneys' fees, costs, and for such other relief as this Court deems just and appropriate.

## COUNT XI:  UNJUST ENRICHMENT
### (Against PRH)

77.    Plaintiff re-alleges the allegations contained in paragraphs 1 through 11, 16 and 17 as if more fully set forth herein.

78.    Prior to turnover, Defendant, PRH 2600, used Plaintiff's funds in order to pay three separate insurance deductibles for construction related damages claims to individual units. Payment for property damage to the individual units was the responsibility of Defendant, PRH 2600, not the Plaintiff.

79.    Accordingly, by using Plaintiff's funds, the Plaintiff conferred a benefit upon the Defendant, PRH 2600.

80.    Defendant, PRH 2600, had knowledge of the benefit, accepted the benefit conferred and retained the benefit conferred.

81.    Circumstances are such that it would be inequitable for the Defendant, PRH 2600, to retain the benefit without paying Plaintiff for same.

WHEREFORE, Plaintiff, BEACHWALK (AT HALLANDALE) CONDOMINIUM ASSOCIATION, INC., demands judgment against Defendant, PRH 2600 HALLANDALE BEACH, LLC, for damages in excess of Fifteen Thousand ($15,000.00) Dollars, interest, costs, and for such other relief as this Court deems just and appropriate.

**Plaintiff Demands A Trial By Jury**

Dated:  July 13, 2018.

SACHS SAX CAPLAN
Attorneys for Plaintiff
6111 Broken Sound Parkway NW, Suite 200
Boca Raton, Florida 33487
Telephone:     (561) 994-4499
Facsimile:      (561) 994-4985
ssax@ssclawfirm.com
bduker@ssclawfirm.com

By:____/s/ Brett A. Duker_____
       Spencer M. Sax
       Florida Bar No. 312241
       Brett A. Duker
       Florida Bar No. 0021609

## EXHIBIT A – DEFECT LIST

| | Miscellaneous Disciplines |
|---|---|
| 1 | Accessible route at main entrance driveway near pool entrance exhibiting vertical changes in level, in violation of FBC Sec. 2, Chap 4, Sec. 403, and Chap. 3, Sec. 303. |
| 2 | Accessible route at crosswalk east of garage entrance exhibiting vertical changes in level, in violation of FBC Sec. 2, Chap 4, Sec. 403, and Chap. 3, Sec. 303 |
| 3 | Ground level network room has approximately 3/8" gap between top of door frame and wall opening, in violation of good construction practices. |
| 4 | North parapet wall at roof has inconsistent paint, in violation of good construction practices. |
| 5 | All access ladders on roof are missing cage.  This is a deviation from the architectural plans Sheet A4.3 and in violation of OSHA regulations |
| 6 | East access ladder at roof is missing electrostatic paint, in violation of good construction practices. |
| 7 | Intermediate level east access ladder at roof is missing electrostatic paint, missing step down beyond parapet wall, and discontinuous rail was spliced with screws, in violation of good construction practices. |
| 8 | East and west elevator machine rooms at roof are missing max live load allowable label and elevator boxes are missing protective sheathing around wires, in violation of ASME A17.1 Section 2.15.3.2. |
| 9 | Garage above electric room is missing paint, in deviation of the architectural plans Sheet A6.4. |
| 10 | Parking stripe paint is peeling at all parking spaces at fifth level of garage in violation of good construction practices. |
| 11 | Pavers settled around manhole opening at main entrance driveway near valet exit in deviation of the plans, Sheet C700. |
| 12 | Ponding water within bedding sand, and pavers have begun to shift and separate at main entrance driveway near parking garage entrance, in deviation of the plans, Sheet C700. |
| 13 | Push bar at stair #3 and #4 of garage fifth level is corroded, in violation of good construction practices. |
| 14 | Sound attenuation blanket on level 7 common corridor is not continuous through wall, in deviation of architectural plans Sheet A2.5 and Sheet A6.5. |
| 15 | Southeast corner of parapet wall on roof is exhibiting spalled concrete, in violation of good construction practices. |
| 16 | Steel cable at west elevator machine room at roof has insufficient clearance from edge, in violation of good construction practices. |
| 17 | Trash chute door cover in trash chute room is not installed flush with the wall, in violation of good construction practices. |
| 18 | The wait period after elevator call frequently exceeds 90 seconds, in violation of good construction practices. |
| 19 | The number of elevators is inadequate. |
| 20 | Elevators are side-opening doors rather than center-opening doors affecting overall performance.  Center-opening doors have faster performance times. |

| 21 | Only four elevators have been installed rather than eight elevators (two service elevators, four hotel guest elevators, and two condominium elevators) in violation of good design plans. |
|---|---|
| | **ROOFING** |
| 22 | All parapet wall scuppers on roof are missing sealant, in deviation from architectural plans Sheet A1.12 and Sheet A8.3, detail 6. |
| 23 | Single-ply membrane roofing system was not installed in deviation from architectural plans, Sheet 4.3 Detail 2 |
| 24 | Ponding water at northwest upper level and behind cooling tower, in deviation from architectural plans Sheet A1.12 |
| 25 | Ponding water at southwest corner near roof drain causing moisture intrusion under roofing material, in deviation from architectural plans Sheet A1.12 |
| | **CONCRETE PLACEMENT** |
| 26 | Ceiling cracks are evident in units at multiple levels, in violation of ACI 302.1R Section 3.2.4.3. |
| 27 | Failed, open and unfinished post-tension pocket at all elevations of exterior façade. This is a deviation from the structural plans Sheet S0.0, violation of ACI 318 and ACI 423.7, and a violation of good construction practices. |
| 28 | Failed, open and unfinished post-tension pocket at balconies at several levels across the buildings. This is a deviation from the structural plans Sheet S0.0, violation of ACI 318 and ACI 423.7, and a violation of good construction practices. |
| 29 | Concrete exposed, stucco and paint finish missing at garage ground level at entry to electric room, in deviation from Architectural plans Sheet A1.0. |
| 30 | Cracks in single parking retaining walls in garage allowing moisture intrusion, in violation of FBC Chapter 14, Section 1405.2. |
| 31 | Cracks in garage electric room entrance and east portion of garage ramp in violation of code and Structural plans Sheet S1.00-B. |
| 32 | Exposed metal rods at concrete encasing for floor drain in garage are corroded, in violation of good construction practices. |
| | **PRECAST CONCRETE** |
| 33 | Moisture intrusion at all Double-T Beam flange connections in garage, in deviation from Sheet E0.0, Section 5.0, and in violation of good construction practices. |
| 34 | Steel plates at all T-Beam bearing plates in garage are corroding, in deviation from Sheet E0.0, Section 5.0, and in violation of good construction practices. |
| 35 | Parapet wall spandrel connectors in garage are unprotected, exposed and showing signs of corrosion, in deviation from Sheet E0.0, Section 5.0, and in violation of good construction practices. |
| 36 | Cracks in garage floor at all levels, in violation of good construction practices. |
| 37 | Cracks in precast joist stem at garage third and fourth level, in violation of good construction practices. |
| 38 | Cracks at ground level joists in front of domestic pump room and on fourth level of parking garage exhibiting signs of moisture and calcification, in violation of good construction practices. |

| 39 | Cracks at fifth and fourth level of parking garage in violation of ACI 318-08, Chapter 18, R18.4.4 and in violation of good construction practices. |
|----|---|
| 40 | Precast flange connection repairs failed, allowing water intrusion and corrosions at fourth level parking garage ceiling, violation of ACI 318-08, Chapter 18, R18.4.4 and in violation of good construction practices. |
| 41 | Exposed reinforcing steel evident at second and third level of parking garage, violation of ACI 318-08, Chapter 18, R18.4.4 and in violation of good construction practices. |
| 42 | Flange connection at ceiling of fourth level parking garage has concrete spalled, evidence of water intrusion and corrosion.  This is a violation of ACI 318-08, Chapter 18, R18.4.4 and in violation of good construction practices. |
| 43 | Ground level garage southeast wall improperly sloped, allowing water to penetrate flange opening in violation of good construction practices and code. |
| 44 | Ground level stair #4 missing door on garage side, in deviation from Structural plans Sheet S1.00-B and Architectural Sheet A1.1. |
| 45 | Ponding water at various areas of garage due to improper slope, in violation of FBC Chapter 10 Section 1010.7.2 and deviation from CEG Sheet 4. |
| 46 | Spalled concrete observed in garage at ground floor and second level, in violation of good construction practices. |
| 47 | Welds of steel corbel connection at garage joint between ramp and floor at second and third level are not protected and are corroding, in deviation from Sheet E0.0. |
|  | **STUCCO** |
| 48 | Stucco is cracking and debonding, delamination and calcification evident at all elevations of exterior façade, in violation of FBC Chapter 14, Section 1405 and 1405.2, and Chapter 25, Section 2516.1.6. |
| 49 | Cracks in parapet walls at north, south and east roof areas with evidence of moisture intrusion, in violation of FBC Chapter 14, Section 1405 and 1405.2, and Chapter 25, Section 2516.1.6. |
| 50 | Cracks at roof intermediate level, west wall, and pool deck in violation of FBC Chapter 14, Section 1405 and 1405.2, and Chapter 25, Section 2516.16. |
| 51 | Cracks at garage ramp second level and ground level in violation of FBC Chapter 14, Section 1405 and 1405.2, and Chapter 25, Section 2516.1.6. |
| 52 | Cracks at south wall near restaurant kitchen entrance in violation of FBC Chapter 14, Section 1405 and 1405.2, and Chapter 25, Section 2516.1.6. |
| 53 | Cracks at ground level north elevation in violation of FBC Chapter 14, Section 1405 and 1405.2, and Chapter 25, Section 2516.1.6. |
| 54 | Moisture intrusion evident at roof deck level and intermediate level stair #5 in violation of FBC Chapter 14, Section 1405 and 1405.2. |
| 55 | Rusting evident at roof deck level, east edge, in violation of ASTM C926, Section 5.2. |
| 56 | Stucco around louver/screen is failing at garage ground floor south wall, in violation of FBC Chapter 14, Section 1405 and 1405.2. |
| 57 | Stucco debonded and delamination evident at roof deck level slab edge under railing, in violation of FBC Chapter 25, Section 2516.1.6. |

| 58 | Stucco debonded and delamination evident at balcony on numerous levels, in violation of FBC Chapter 25, Section 2516.1.6. |
|----|---|
| | **FIRE PROTECTION SYSTEM** |
| 59 | Concrete around pipe penetration at garage ramp to second level has failed, in violation of FBC Plumbing Section 305.1. |
| 60 | Fire sprinkler head is corroded at valet area, in violation of NFPA 13-07, Section 6.2.6. |
| 61 | Fire sprinkler missing cover at level 4 trash room, in violation of Sheet FP2.05 and in violation of good construction practices. |
| 62 | Incorrect fire piping material used at west roof access door, in deviation from of Sheet FP1.0. |
| 63 | Leak from fire sprinkler system caused water damage to units, in deviation from Sheet FP4.02 and in violation of good construction practices. |
| 64 | Corroded metal pipe at fifth level of garage in violation of NFPA 13-07, Section 8.15.4.2. |
| 65 | Missing pressure gauge on roof manifold at roof stair exhaust fan, in deviation from Sheet FP4.02. |
| 66 | Missing pressure gauge for main branch connection to standpipe at Stair #3 in violation of NFPA 13-07, Section 8.17.3, and in violation of good construction practices. |
| 67 | Non-rated firestop penetration into fire pump room in violation of FBC Section 713.3.1.2. |
| 68 | Pipe exposed in contact with concrete at garage fourth level, in violation of FBC Plumbing, Section 305.1. |
| 69 | Pipe in contact with concrete slab at Level 3 and 4 stair 3, in violation of NFPA 13-07, Section A9.3.4. |
| 70 | Pipes are corroded with evidence of calcification at garage second level in violation of NFPA 13-07, Section 8.16.4.2. |
| 71 | Pipes for sprinkler are not vertical at garage ground level, in violation of NFPA 13-07, Section 8.6.4.2.1. |
| 72 | Sprinkler pipes show signs of corrosion at garage ground level, in violation of NFPA 13-07, Section 8.16.4.2 |
| | **MECHANICAL SYSTEM** |
| 73 | No dielectric on condenser water piping to heat pump at multiple levels, in violation of FBC Mechanical Section 1203.1.1. |
| 74 | No vent provision on cap for condensate at multiple levels, in deviation from Mechanical plans Sheet M0.2, Note 18, and Sheet M6.02. |
| 75 | AC-3 bad board at roof electrical room, in deviation from Mechanical plans Sheet M0.02, note 5. |
| 76 | Condenser pipe at CU2 on roof is insulation missing UV protection in violation of FBC Section 303.2.4. |
| 77 | Condenser water pipe support clamp not in contact with floor at units on multiple levels in violation of FBC Mechanical Section 305. |

| 78 | Condenser water pipe support shimmed with tile at units on multiple levels in violation of FBC Mechanical Section 305. |
| 79 | Condenser water piping connection leaking in violation of FBC Mechanical Section 1203.1. |
| 80 | Condenser water piping at cooling tower rusted and corroded in violation of FBC Mechanical Section 1202.4. |
| 81 | Condenser water piping not installed plumb, with evidence of joint leaking, in violation of FBC Mechanical Section 1203.1 and in deviation from Plumbing plans Sheet P4.01. |
| 82 | Condenser water pipe showing signs of corrosion in units in violation of FBC Mechanical Section 1202.4. |
| 83 | Damaged pipe and flange connection to cooling tower, in violation of FBC Mechanical Section 1202.4. |
| 84 | Piping in west boiler room is missing insulation, in deviation from Mechanical plans Sheet M0.02. |
| 85 | All roof piping is not painted, in violation of Mechanical plans Sheet M0.02. |
| 86 | Sealant around pipe penetration into pump room has failed, in violation of FBC Mechanical Section 304.1. |
| 87 | Staining and corrosion evident on cooling tower column from water leak, in violation of FBC Mechanical Section 304.1. |
| 88 | Cooling Tower support frame not installed per plans, in deviation from Mechanical plans Sheet M6.01. |
| 89 | OAU-1 and OAU-2 support frames and tie down not installed per plans, in deviation from Mechanical plans Sheet 6.02. |
| | **ELECTRICAL SYSTEMS** |
| 90 | Conduit installation damaged concrete at garage fourth and fifth levels, in deviation from Electrical plans Sheet E0.01 and in violation of good construction practices. |
| 91 | Conduit installation damaged concrete and is not secured to hanger at garage second level, in deviation from Electrical plans Sheet E0.01, and in violation of good construction practices. |
| 92 | Electrical conduit at third level garage is excessively corroded, in violation of NEC Section 426.26. |
| 93 | Exposed PVC piping between wall and sidewalk at garage ground level, in violation of NEC Section 334.15. |
| 94 | Incomplete and unprotected conduits protruding from wall near elevator machine room, at cooling tower support column, and other areas in violation of Electrical plans Sheet E0.01 and in violation of good construction practices. |
| 95 | Light in roof pump room is obstructed by mechanical equipment, resulting in insufficient illumination, in violation of FBC Building Section 1205.3. |
| 96 | Insufficient illumination in Level 28 corridor in violation of FBC Building Section 1205.3. |
| 97 | Junction box pipe not connected and hole exposed at garage third level, in violation of NEC Section 410.155. |
| 98 | East elevator machine room is missing a light switch at the south entrance, in deviation from Electrical plans Sheet E2.14. |

Exhibit A – Page 5

| 99 | Fire alarm SP-3 in valet area has no power, in violation of NFPA 72-02. |
| 100 | Third and fourth level parking garage ceiling piping is incomplete, in violation of Electrical plans Sheet E2.06. |
| | **PLUMBING** |
| 101 | Improper installation of two-way clean-out at main driveway, in deviation from the Plumbing plans Sheet P4.01. |
| 102 | Leak from shower pan causing damage to interior at Unit 3203 and Unit 2403, in deviation from Plumbing plans Sheet 4.01. |
| 103 | Deck level bar area has no hot water in violation of FBC Plumbing Section 607.1. |
| 104 | Roof level boiler room has pipe penetration sleeved with tape, in violation of FBC Building Section 713.4.1.1.2. |
| 105 | Pipe supports corroded at various areas in garage, in deviation from Plumbing plans Sheet P4.01, note 16A. |
| 106 | Pipe leaks at garage second and third levels, in violation of FBC Plumbing Section 312.1, and in deviation from Plumbing plans Sheet P4.01. |
| 107 | Water hammer at kitchen sink, in deviation from Plumbing plans Sheet P4.01, and in violation of good construction practices. |
| 108 | Evidence of water intrusion at boiler room from leaking pipe connecting boilers and connecting recirculating pump, in deviation from Plumbing plans Sheet P4.01. |
| 109 | Evidence of water intrusion at mechanical room from leaking roof drain and associated piping, in deviation from Plumbing plans Sheet P4.01. |
| 110 | |
| | **GLASS AND GLAZING** |
| 111 | Elevator lobby at multiple levels has damaged window sealant, in deviation of Plan Sheet E1.5, Elevation D2, #2 and F2 and NOA #13-0617.25 |
| 112 | Exit door to pool installed out of plumb, causing gaps and moisture intrusion; exterior threshold screws missing sealant, and magnet locking mechanism is loose. Violations of Plan Sheet E1.10, Elevation 32-1 and NOA #ES000 13-0617.29 and ES7100 13-0617.25 |
| 113 | Evidence of moisture intrusion on ceiling near window in Unit 3304A, in deviation from Plan Sheet E1.8, Elevation B5, and NOA #12-0820.06 and 12-022.43. |
| | **RAILINGS** |
| 114 | Debonding, delamination and cracks evident in grout of railing post pockets at various levels, in violation of Plan Sheet D2.1. |
| 115 | Gap from railing post to wall exceeds 4 inches at units on Level 28, in deviation from Plan Sheet P2.4A, Detail 28A. |
| 116 | |
| | **WATERPROOFING** |
| 117 | Planters are leaking and staining is evident throughout exterior of garage under planter locations, in deviation from Architectural plans Sheet A8.2, Detail 1. |
| 118 | Joint sealant failure at various levels of garage, in violation of ASTM C1193. |
| 119 | Fountains on north side of main entrance driveway evidencing cracks and moisture intrusion in violation of good construction practices. |

| 120 | Efflorescence evident through floor tiles on deck south of pool, in violation of good construction practices. |
| 121 | Expansion joint not sealed with sealant and backer rod exposed at fourth level parking garage, in violation of good construction practices. |
| 122 | Joint sealant failure between slab and walls at fourth level parking garage, in violation of good construction practices. |
| 123 | Missing waterproofing on walls at pool collector tank, in deviation from Architectural plans Sheet A8.1. |
| 124 | Pool shell within interstitial space evidencing moisture intrusion and efflorescence; concrete construction not consistent with structural drawings.  This is a deviation from Structural plans Sheet S1.08 and S5.2, Section 3-5.2. |
| 125 | Evidence of moisture instruction at various garage levels, in violation of ASTM C1193. |
| 126 | Waterproofing membrane missing at fifth level eyebrow, in deviation from Architectural plans Sheets A4.2, A4.3, A4.5, A8.2, and A.4.11. |
| 127 | |
| | **SEAWALL** |
| 128 | Cracks, exposed metals and spalling throughout seawall in violation of ACI 224R, ACI 301, and ACI 318. |