# EXHIBIT "B"

Filing # 121756673 E-Filed 02/19/2021 07:51:31 PM

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

BEACHWALK (AT HALLANDALE)
CONDOMINIUM ASSOCIATION, INC. a Florida
not-for-profit corporation,

        Case No.  CACE 18-008615 (05)

       Plaintiff,

vs.

PRH 2600 HALLANDALE BEACH, LLC, a Florida
limited liability company; JOHN MORIARTY &
ASSOCIATES OF FLORIDA, INC., a foreign
corporation; COHEN, FREEDMAN, ENCINOSA &
ASSOCIATES ARCHITECTS, P.A., a Florida
corporation

       Defendants.

_____/

JOHN MORIARTY & ASSOCIATES OF
FLORIDA, INC.,

       Defendant/Third-Party Plaintiff,

vs.

ASSOCIATED STEEL & ALUMINIUM, INC.;
BISCAYNE CONSTRUCTION COMPANY, INC.;
COASTAL MASONRY, INC.; COASTLINE
PAITNING SYSTEMS, INC.; FLORIDA
CONCRETE UNLIMITED, INC.; GM&P
CONSULTING AND GLAZING; GULF
PLUMBING, INC.; HYPOWER INCL; PERFECT
PAVERS OF SOUTH FLORIDA, LLC; REBAR
UNLIMITED, INC.; ROSEN MATERIALS, LLC;
SKYLINE SYSTEMS, INC.; SUMMERS FIRE
SPRINKLERS, INC.; THYSSENKRUPP
ELEVATOR CORPORATION; WILKINSON HI-
RISE, LLC; CORESLAB STRUCTIRES, INC.;
CYVSA INTERNATIONAL, INC.; FLY & FORM,
INC.; M.C. FLOORING, CORP.; NEW DOOR
INSTALLATION COMPANY,

       Third-Party Defendants.

_____/

*Beachwalk (at Hallandale) Condominium Association, Inc. v. PRH 2600 Hallandale Beach, LLC. et al.*
*CACE 18-008615 (05)*
*Page 2 of 72*

## PRH 2600 HALLANDALE BEACH, LLC'S AMENDED THIRD-PARTY COMPLAINT

Defendant/Third-Party Plaintiff PRH 2600 Hallandale Beach, LLC (the "Developer"), by and through the undersigned counsel, sues Third-Party Defendants Associated Steel & Aluminum ("ASA"), Biscayne Construction ("Biscayne"), Coastal Masonry, Inc. ("Coastal"), Coastline Painting Systems, Inc. ("Coastline"), Coreslab Structures, Inc. ("Coreslab"), CYVSA International, Inc. ("CYVSA"), Dillon Pools, Inc. ("Dillon"), Florida Concrete Unlimited, Inc. ("FCU"), Fly & Form, Inc. ("Fly & Form"), GM&P Consulting and Glazing ("GM&P"), Gulf Plumbing, Inc. ("Gulf"), Hypower, Inc. ("Hypower"), M.C. Flooring, Corp. ("M.C."), New Door Installation Company ("New Door"), Perfect Pavers of South Florida, LLC ("Perfect Pavers"), Rebar Unlimited, Inc. ("Rebar"), Rosen Materials ("Rosen"), Skyline Systems, Inc. ("Skyline"), Summers Fire Sprinklers, Inc. ("Summers"), Thyssenkrupp Elevator Corporation ("Thyssenkrupp"), and Wilkinson Hi-Rise, LLC ("Wilkinson"), (collectively, the "Subcontractor Defendants") and Third-Party Defendant Contour Marine Incorporated ("Contour Marine") and alleged as follows:

## PARTIES, JURISDICTION, AND VENUE

1.      This is an action for breach of contract, common law indemnity, negligence, breach of statutory implied warranty under Section 718.203, Florida Statutes, violation of Section 553.84, Florida Statutes, and damages in excess of $15,000.00, exclusive of interest, costs, and attorneys' fees arising out of the same transaction or occurrence that is the subject of the Beachwalk (at Hallandale) Condominium Association, Inc.'s ("Plaintiff") Amended Complaint, which is incorporated herein by reference.

*Beachwalk (at Hallandale) Condominium Association, Inc. v. PRH 2600 Hallandale Beach, LLC. et al.*
*CACE 18-008615 (05)*
*Page 3 of 72*

2.    The Developer is a Florida limited liability company whose principal place of business is in Miami, Florida.

3.    ASA is a Florida Profit corporation with which John Moriarty & Associates of Florida, Inc. (the "Contractor") entered into a contract for certain improvements to the Condominium, including the aluminum railings and other metals at the Condominium ("ASA's Scope of Work"). ASA's Scope of work is more thoroughly described in its subcontract agreement which is attached and incorporated herein as **Exhibit "1."** At all times material hereto, ASA was authorized to transact, and in fact transacted, business in Broward County, Florida and performed services related to Beachwalk, a condominium (the "Condominium").

4.    Biscayne is a Florida corporation with which the Contractor entered into a contract for certain improvements to the Condominium, including the roofing and waterproofing at the Condominium ("Biscayne's Scope of Work"). Biscayne's Scope of work is more thoroughly described in its subcontract agreement which is attached and incorporated herein as **Exhibit "2."** At all times material hereto, Biscayne was authorized to transact, and in fact transacted, business in Broward County, Florida and performed services related to the Condominium.

5.    Coastal is a Florida corporation with which the Contractor entered into a contract for certain improvements to the Condominium, including the masonry at the Condominium ("Coastal's Scope of Work"). Coastal's Scope of work is more thoroughly described in its subcontract agreement which is attached and incorporated herein as **Exhibit "3."** At all times material hereto, Coastal was authorized to transact, and in fact transacted, business in Broward County, Florida and performed services related to the Condominium.

6.    Coastline is a Florida corporation with which the Contractor entered into a contract for certain improvements to the Condominium, including the painting at the Condominium

*Beachwalk (at Hallandale) Condominium Association, Inc. v. PRH 2600 Hallandale Beach, LLC. et al.*
*CACE 18-008615 (05)*
*Page 4 of 72*

("Coastline's Scope of Work").  Coastline's Scope of work is more thoroughly described in its subcontract agreement which is attached and incorporated herein as **Exhibit "4."**  At all times material hereto, Coastline was authorized to transact, and in fact transacted, business in Broward County, Florida and performed services related to the Condominium.

7.    Coreslab is a Florida corporation with which the Contractor entered into a contract for certain improvements to the Condominium, including the precast garage at the Condominium ("Coreslab's Scope of Work").  Coreslab's Scope of work is more thoroughly described in its subcontract agreement which is attached and incorporated herein as **Exhibit "5."** At all times material hereto, Coreslab was authorized to transact, and in fact transacted, business in Broward County, Florida and performed services related to the Condominium.

8.    CYVSA is a Florida corporation with which the Contractor entered into a contract for certain improvements to the Condominium, including mechanical portions of the Condominium ("CYVSA's Scope of Work). CYVSA's Scope of Work is more thoroughly described in its subcontract agreement which is attached and incorporated herein as **Exhibit "6."** At all times material hereto, CYVSA was authorized to transact, and in fact transacted, business in Broward County, Florida and performed services related to the Condominium.

9.    Dillon is a Florida corporation with which the Contractor entered into a contract for certain improvements to the Condominium, including the pool at the Condominium ("Dillon's Scope of Work").  Dillon's Scope of Work is more thoroughly described in its subcontract agreement which is attached and incorporated herein as **Exhibit "7."** At all times material hereto, Dillon was authorized to transact, and in fact transacted, business in Broward County, Florida and performed services related to the Condominium.

10.    FCU is a Florida corporation with which the Contractor entered into a contract for

*Beachwalk (at Hallandale) Condominium Association, Inc. v. PRH 2600 Hallandale Beach, LLC. et al.*
*CACE 18-008615 (05)*
*Page 5 of 72*

certain improvements to the Condominium, including the concrete pumping, placement and finishing at the Condominium ("FCU's Scope of Work"). FCU's Scope of Work is more thoroughly described in its subcontract agreement which is attached and incorporated herein as **Exhibit "8."** At all times material hereto, FCU was authorized to transact, and in fact transacted, business in Broward County, Florida and performed services related to the Condominium.

11.     Fly & Form is a Florida corporation with which the Contractor entered into a contract for certain improvements to the Condominium, including the concrete framework at the Condominium ("Fly & Form's Scope of Work"). Fly & Form's Scope of Work is more thoroughly described in its subcontract agreement which is attached and incorporated herein as **Exhibit "9."** At all times material hereto, Fly & Form was authorized to transact, and in fact transacted, business in Broward County, Florida and performed services related to the Condominium.

12.     GM&P is a Florida corporation with which the Contractor entered into a contract for certain improvements to the Condominium, including the glass and glazing at the Condominium ("GM&P's Scope of Work"). GM&P's Scope of Work is more thoroughly described in its subcontract agreement which is attached and incorporated herein as **Exhibit "10."** At all times material hereto, GM&P was authorized to transact, and in fact transacted, business in Broward County, Florida and performed services related to the Condominium.

13.     Gulf is a Florida corporation with which the Contractor entered into a contract for certain improvements to the Condominium, including the plumbing at the Condominium ("Gulf's Scope of Work"). Gulf's Scope of Work is more thoroughly described in its subcontract agreement which is attached and incorporated herein as **Exhibit "11."** At all times material hereto, Gulf was authorized to transact, and in fact transacted, business in Broward County, Florida and performed services related to the Condominium.

*Beachwalk (at Hallandale) Condominium Association, Inc. v. PRH 2600 Hallandale Beach, LLC. et al.*
*CACE 18-008615 (05)*
*Page 6 of 72*

14.     Hypower is a Florida corporation with which the Contractor entered into a contract for certain improvements to the Condominium, including the electrical and fire alarms at the Condominium ("Hypower's Scope of Work"). Hypower's Scope of Work is more thoroughly described in its subcontract agreement which is attached and incorporated herein as **Exhibit "12."** At all times material hereto, Hypower was authorized to transact, and in fact transacted, business in Broward County, Florida and performed services related to the Condominium.

15.     M.C. is a Florida corporation with which the Contractor entered into a contract for certain improvements to the Condominium, including the flooring and shower curbs at the Condominium ("M.C.'s Scope of Work"). M.C.'s Scope of work is more thoroughly described in its subcontract agreement which is attached and incorporated herein as **Exhibit "13."** At all times material hereto, M.C. was authorized to transact, and in fact transacted, business in Broward County, Florida and performed services related to the Condominium.

16.     New Door is a Florida corporation with which the Contractor entered into a contract for certain improvements to the Condominium, including the installation of doors, frames and Hardware at the Condominium ("New Door's Scope of Work"). New Door's Scope of Work is more thoroughly described in its subcontract agreement which is attached and incorporated herein as **Exhibit "14."** At all times material hereto, New Door was authorized to transact, and in fact transacted, business in Broward County, Florida and performed services related to the Condominium.

17.     Perfect Pavers is a Florida limited liability company with which the Contractor entered into a contract for certain improvements to the Condominium, including the pavers at the Condominium ("Perfect Pavers' Scope of Work"). Perfect Pavers' Scope of Work is more thoroughly described in its subcontract agreement which is attached and incorporated herein as

*Beachwalk (at Hallandale) Condominium Association, Inc. v. PRH 2600 Hallandale Beach, LLC. et al.*
CACE 18-008615 (05)
Page 7 of 72

**Exhibit "15."**  At all times material hereto, Perfect Pavers was authorized to transact, and in fact transacted, business in Broward County, Florida and performed services related to the Condominium.

18.    Rebar is a Florida corporation with which the Contractor entered into a contract for certain improvements to the Condominium, including the installation of the post-tension cables at the Condominium ("Rebar's Scope of Work"). Rebar's Scope of Work is more thoroughly described in its subcontract agreement which is attached and incorporated herein as **Exhibit "16."** At all times material hereto, Rebar was authorized to transact, and in fact transacted, business in Broward County, Florida and performed services related to the Condominium.

19.    Rosen is a Florida limited liability company with which the Contractor entered into a contract for certain improvements to the Condominium, including the drywall at the Condominium ("Rosen's Scope of Work"). Rosen's Scope of Work is more thoroughly described in its subcontract agreement which is attached and incorporated herein as **Exhibit "17."** At all times material hereto, Rosen was authorized to transact, and in fact transacted, business in Broward County, Florida and performed services related to the Condominium.

20.    Skyline is a Florida corporation with which the Contractor entered into a contract for certain improvements to the Condominium, including the stucco at the Condominium ("Skyline's Scope of Work"). Skyline's Scope of Work is more thoroughly described in its subcontract agreement which is attached and incorporated herein as **Exhibit "18."** At all times material hereto, Skyline was authorized to transact, and in fact transacted, business in Broward County, Florida and performed services related to the Condominium.

21.    Summers is a foreign profit corporation with which the Contractor entered into a contract for certain improvements to the Condominium, including the fire sprinklers at the

*Beachwalk (at Hallandale) Condominium Association, Inc. v. PRH 2600 Hallandale Beach, LLC. et al.*
*CACE 18-008615 (05)*
*Page 8 of 72*

Condominium ("Summers' Scope of Work"). Summers' Scope of Work is more thoroughly described in its subcontract agreement which is attached and incorporated herein as **Exhibit "19."** At all times material hereto, Summers was authorized to transact, and in fact transacted, business in Broward County, Florida and performed services related to the Condominium.

22.    Thyssenkrupp is a foreign corporation with which the Contractor entered into a contract for certain improvements to the Condominium, including the elevators at the Condominium ("Thyssenkrupp's Scope of Work"). Thyssenkrupp's Scope of Work is more thoroughly described in its subcontract agreement which is attached and incorporated herein as **Exhibit "20."** At all times material hereto, Thyssenkrupp was authorized to transact, and in fact transacted, business in Broward County, Florida and performed services related to the Condominium.

23.    Wilkinson is a foreign limited liability company with which the Contractor entered into a contract for certain improvements to the Condominium, including the trash and chute at the Condominium ("Wilkinson's Scope of Work"). Wilkinson's Scope of Work is more thoroughly described in its subcontract agreement which is attached and incorporated herein as **Exhibit "21."** At all times material hereto, Wilkinson was authorized to transact, and in fact transacted, business in Broward County, Florida and performed services related to the Condominium.

24.    At all times relevant hereto, Contour Marine was a Florida corporation whose principal place of business is in Hollywood, Florida. Contour Marine entered into a written agreement with Developer wherein Contour Marine agreed to, among other things, perform work or services and/or to supply materials for the seawall and/or dock at the Condominium ("Contour Marine Scope of Work"). Contour Marine's Scope of work is more thoroughly described in its contract with Developer which is attached and incorporated herein as **Exhibit "22."** At all times

*Beachwalk (at Hallandale) Condominium Association, Inc. v. PRH 2600 Hallandale Beach, LLC. et al.*
*CACE 18-008615 (05)*
*Page 9 of 72*

material hereto, Contour Marine was authorized to transact, and in fact transacted, business in Broward County, Florida and performed services related to the Condominium.

25.      Jurisdiction and venue are proper in Broward County, Florida because, among other things, (i) the underlying action has been brought in Broward County, Florida, (ii) the causes of action alleged herein accrued in Broward County, Florida, (iii) the project at issue is located in Broward County, Florida, (iv) the transactions and occurrences giving rise to the causes of action occurred in Broward County, Florida, and (v) the damages alleged herein occurred in Broward County, Florida.

26.      The Developer has retained the law firm of The Carlson Firm, P.A., to represent it in this action, and has agreed to pay its attorneys a reasonable fee for their services.

27.      All conditions precedent to this action have been performed, have been waived or excused, or otherwise have occurred.

## GENERAL ALLEGATIONS

28.      Plaintiff's underlying action concerns alleged construction defects and deficiencies at the Condominium, including among other things, construction defects and deficiencies resulting from the performance of the Subcontractor Defendants' work and related to the seawall and/or dock at the Condominium.

29.      On or about August 7, 2013, the Developer and the Contractor entered into a written agreement for construction of the Condominium.

30.      Contour Marine's Scope of Work included, without limitation, (a) chipping and grinding any spalling on the seawall cap and epoxy steel; (b) forming and pouring the existing seawall cap with reinforcing steel; and (c) performing necessary repairs to the existing batter pilings and footer at base of existing seawall. *See* Ex. 22, ¶¶ 1, 3, 9.

31.    In connection with its work at the Condominium, Contour Marine warranted to the Developer, among other things, that "[a]ll work [is] to be completed in a workmanlike manner according to standard practices" and that "[a]ll material is guaranteed to be as specified." Ex. 22. The Contour Marine further warranted to the Developer that "[a]ll work will be performed according to plans and state licensed engineering. All work will be in compliance with applicable municipal codes." Ex. 22, ¶ 7.

32.    Each of the Subcontractor Defendants entered into written agreements with the Contractor to perform work or services and/or to supply materials for the construction of the Condominium (the "Subcontracts"). Copies of the Subcontracts are attached as Exhibits "1" through Exhibit "21."

33.    Pursuant to the Subcontracts, the Subcontractor Defendants agreed to indemnify and hold harmless the Developer for the claims and damages alleged by Plaintiff in connection with the Subcontractor Defendants' work at the Condominium. Specifically, the Subcontracts state:

> To the fullest extent permitted by law, Subcontractor shall indemnify and hold harmless the Contractor, its officers, directors or employees and the Owner, from and against all claims, damage, loses and expenses (including, but not limited to attorneys['] fees) arising out of, in connection with or resulting from the performance of Subcontractor's Work under this Subcontract Agreement or if caused in whole or in part by any act, omission, default or contract performance or nonperformance by Contractor or its officers, directors, agents or employees when any such claim, damage, loss or expense is attributable to bodily injury, sickness, disease or death, or to injury to or destruction of tangible property (other than the Work itself) including the loss of use resulting there from.

34.    If the defects and deficiencies at the Condominium alleged by Plaintiff are proven to be true, then Contour Marine failed to perform the Contour Marine Scope of Work in accordance with the requirements of the Contract and applicable building codes.

35.    If the defects and deficiencies at the Condominium alleged by Plaintiff are proven to be true, then the Subcontractor Defendants failed to construct the Condominium in accordance with the requirements of the Subcontracts and applicable building codes.

36.    The Developer did not perform any of the allegedly defective work and is not liable for any purported damages arising from the same.  Thus, the Developer denies that it is responsible for and/or liable to Plaintiff for any of its alleged claims and damages resulting therefrom, including the claims related to the Seawall Work.

37.    The damages claimed by Plaintiff ultimately stem from the alleged faulty construction of the Condominium, including the seawall and/or dock at the Condominium, by the Subcontractor Defendants and Contour Marine.

38.    To the extent that Plaintiff successfully establishes liability against the Developer for the defects and deficiencies alleged by Plaintiff, including the seawall and/or dock at the Condominium, such liability would solely be due to the failure of Contour Marine, which includes, without limitation, Contour Marine's failure to perform the Contour Marina Scope of Work in accordance with the Contract, the Florida Building Code, industry standards and all  other applicable building codes.

39.    To the extent that Plaintiff successfully establishes liability against the Developer for the defects and deficiencies alleged by Plaintiff, including the work at the Condominium, such liability would solely be due to the failure of the Subcontractor Defendants, which includes, without limitation, the Subcontractor Defendants' failure to perform and/or construct the Condominium and work within the Subcontractor Defendants' scope of work at the Condominium in accordance with the Subcontracts, the Florida Building Code, industry standards and all  other applicable building codes.

*Beachwalk (at Hallandale) Condominium Association, Inc. v. PRH 2600 Hallandale Beach, LLC. et al.*
*CACE 18-008615 (05)*
*Page 12 of 72*

40.     If Plaintiff's allegations are proven true and Plaintiff prevails against the Developer, the Developer will be called upon to answer in damages for the acts and omissions of the Subcontractor Defendants and Contour Marine. The defects and deficiencies would not be the result of any such failures by the Developer.

41.     Contour Marine, as the entity that performed all construction and work in connection with the seawall and dock at the Condominium, is liable for any purported damages arising from the alleged defects and/or deficiencies in the Contour Marine Scope of Work.

42.     The Subcontractor Defendants, and the entities that performed all construction and work in connection with the construction of the Condominium are liable for any purported damages arising from the alleged defects and/or deficiencies in the construction of the Condominium.

## Count 1 -Breach of Contract
### (Associated Steel)

43.     Developer re-alleges and incorporates by reference the allegations in Paragraphs 1-42 as if fully set forth herein.

44.     ASA entered into a written subcontract agreement with Contractor to perform ASA's Scope of Work, as well as, to defend and indemnify Developer and have Developer named as an additional insured under its general liability insurance policies. A copy of the subcontract agreement is attached as Exhibit "1."

45.     Developer is an express and/or intended beneficiary under ASA's subcontract agreement.

46.     Plaintiff has alleged that defects and deficiencies exist at the Condominium resulting from ASA's Scope of Work and has sued Developer as a result.

*Beachwalk (at Hallandale) Condominium Association, Inc. v. PRH 2600 Hallandale Beach, LLC. et al.*
*CACE 18-008615 (05)*
*Page 13 of 72*

47.   If true, ASA would be in breach of its subcontract agreement and Developer is or may be liable to the Plaintiff as a result.

48.   Separate and apart from this, Developer has demanded its defense, indemnity and additional insured coverage from ASA and its insurers.

49.   ASA has failed and refused to defend and indemnify Developer thereby breaching its subcontract agreement.

50.   ASA's insurers have denied that Developer is an additional insured under ASA's general liability insurance policies which is a breach of its subcontract agreement by ASA.

51.   Developer has suffered damages which include the fees and costs associates with defending itself in this action, as well as, the potential liability to the Plaintiff.

WHEREFORE, the Developer respectfully demands judgment for damages against ASA for all damages, costs, interests, including attorneys' fees and such additional relief that this Court deems just and proper.

### Count 2 -Common Law Indemnity
### (Associated Steel)

52.   Developer re-alleges and incorporates by reference the allegations in Paragraphs 1-42 as if fully set forth herein.

53.   There exists a special relationship between Developer and ASA which, Developer, if the trier of fact or law believes the claims of liability and damages of the Plaintiff, can or will become liable solely based on the acts or omissions of ASA.  This special relationship is formed by, among other things, the contractual relationship between Contractor, Developer and ASA and; Florida's statutory implied warranties; and Florida common law relating to non-delegable duties.

*Beachwalk (at Hallandale) Condominium Association, Inc. v. PRH 2600 Hallandale Beach, LLC. et al.*
*CACE 18-008615 (05)*
*Page 14 of 72*

54.     Developer is without fault and the only source of potential liability to them is vicarious or derivative as a result of the acts or omissions of ASA in the performance of its work at the Condominium.

55.     Developer would only be derivatively, technically, constructively or vicarious liable for the damages as a result of the alleged actions or inactions of ASA.

56.     Developer is entitled to common law indemnity from ASA.

WHEREFORE, the Developer respectfully demands judgment for damages against ASA for all damages, costs, interests, including attorneys' fees and such additional relief that this Court deems just and proper.

### Count 3 -Violation of Fla. Stat. 718.203
### (Associated Steel)

57.     Developer re-alleges and incorporates by reference the allegations in Paragraphs 1-42 as if fully set forth herein.

58.     ASA is a subcontractor who furnished labor, services, and/or materials in the construction of the Condominium within the purview of Section 718.203 Florida Statutes.

59.     Pursuant to Section 718.203, Florida Statutes, ASA granted the Developer an implied warranty of fitness as to the work performed and materials supplied by ASA.

60.     If the defects and deficiencies at the Condominium alleged by Plaintiff with regard to ASA's Scope of Work are proven to be true, then ASA has breached its statutorily implied warranty to the Developer.

61.     Developer has suffered and will suffer damages as a natural, foreseeable and proximate result of ASA's breaches of its warranties to the Developer under Section 718.203, Florida Statutes.

*Beachwalk (at Hallandale) Condominium Association, Inc. v. PRH 2600 Hallandale Beach, LLC. et al.*
*CACE 18-008615 (05)*
*Page 15 of 72*

WHEREFORE, the Developer respectfully demands judgment for damages against ASA

for all damages, costs, interests and such additional relief that this Court deems just and proper.

## Count 4 -Breach of Contract
### (Biscayne Roofing)

62.     Developer re-alleges and incorporates by reference the allegations in Paragraphs 1-

42 as if fully set forth herein.

63.     Biscayne entered into a written subcontract agreement with Contractor to perform

Biscayne's Scope of Work, as well as, to defend and indemnify Developer and have Developer

named as an additional insured under its general liability insurance policies. A copy of the

subcontract agreement is attached as Exhibit "2."

64.     Developer is an express and/or intended beneficiary under Biscayne's subcontract

agreement.

65.     Plaintiff has alleged that defects and deficiencies exist at the Condominium

resulting from Biscayne's Scope of Work and has sued Developer as a result.

66.     If true, Biscayne would be in breach of its subcontract agreement and Developer is

or may be liable to the Plaintiff as a result.

67.     Separate and apart from this, Developer has demanded its defense, indemnity and

additional insured coverage from Biscayne and its insurers.

68.     Biscayne has failed and refused to defend and indemnify Developer thereby

breaching its subcontract agreement.

69.     Biscayne's insurers have denied that Developer is an additional insured under

Biscayne's general liability insurance policies which is a breach of its subcontract agreement by

Biscayne.

*Beachwalk (at Hallandale) Condominium Association, Inc. v. PRH 2600 Hallandale Beach, LLC. et al.*
CACE 18-008615 (05)
Page *16 of 72*

70.   Developer has suffered damages which include the fees and costs associates with defending itself in this action, as well as, the potential liability to the Plaintiff.

WHEREFORE, the Developer respectfully demands judgment for damages against Biscayne for all damages, costs, interests, including attorneys' fees and such additional relief that this Court deems just and proper.

### Count 5 -Common Law Indemnity
### (Biscayne Roofing)

71.   Developer re-alleges and incorporates by reference the allegations in Paragraphs 1-42 as if fully set forth herein.

72.   There exists a special relationship between Developer and Biscayne which, Developer, if the trier of fact or law believes the claims of liability and damages of the Plaintiff, can or will become liable solely based on the acts or omissions of Biscayne. This special relationship is formed by, among other things, the contractual relationship between Contractor, Developer and Biscayne and; Florida's statutory implied warranties; and Florida common law relating to non-delegable duties.

73.   Developer is without fault and the only source of potential liability to them is vicarious or derivative as a result of the acts or omissions of Biscayne in the performance of its work at the Condominium.

74.   Developer would only be derivatively, technically, constructively or vicarious liable for the damages as a result of the alleged actions or inactions of Biscayne.

75.   Developer is entitled to common law indemnity from Biscayne.

WHEREFORE, the Developer respectfully demands judgment for damages against Biscayne for all damages, costs, interests, including attorneys' fees and such additional relief that this Court deems just and proper.

*Beachwalk (at Hallandale) Condominium Association, Inc. v. PRH 2600 Hallandale Beach, LLC. et al.*
*CACE 18-008615 (05)*
*Page 17 of 72*

### Count 6 -Violation of Fla. Stat. 718.203
### (Biscayne Roofing)

76.     Developer re-alleges and incorporates by reference the allegations in Paragraphs 1-42 as if fully set forth herein.

77.     Biscayne is a subcontractor who furnished labor, services, and/or materials in the construction of the Condominium within the purview of Section 718.203 Florida Statutes.

78.     Pursuant to Section 718.203, Florida Statutes, Biscayne granted the Developer an implied warranty of fitness as to the work performed and materials supplied by Biscayne.

79.     If the defects and deficiencies at the Condominium alleged by Plaintiff with regard to Biscayne's Scope of Work are proven to be true, then Biscayne has breached its statutorily implied warranty to the Developer.

80.     Developer has suffered and will suffer damages as a natural, foreseeable and proximate result of Biscayne's breaches of its warranties to the Developer under Section 718.203, Florida Statutes.

WHEREFORE, the Developer respectfully demands judgment for damages against Biscayne for all damages, costs, interests, and such additional relief that this Court deems just and proper.

### Count 7 -Breach of Contract
### (Coastal Masonry)

81.     Developer re-alleges and incorporates by reference the allegations in Paragraphs 1-42 as if fully set forth herein.

82.     Coastal entered into a written subcontract agreement with Contractor to perform Coastal's Scope of Work, as well as, to defend and indemnify Developer and have Developer

named as an additional insured under its general liability insurance policies. A copy of the subcontract agreement is attached as Exhibit "3."

83.     Developer is an express and/or intended beneficiary under Coastal's subcontract agreement.

84.     Plaintiff has alleged that defects and deficiencies exist at the Condominium resulting from Coastal's Scope of Work and has sued Developer as a result.

85.     If true, Coastal would be in breach of its subcontract agreement and Developer is or may be liable to the Plaintiff as a result.

86.     Separate and apart from this, Developer has demanded its defense, indemnity and additional insured coverage from Coastal and its insurers.

87.     Coastal has failed and refused to defend and indemnify Developer thereby breaching its subcontract agreement.

88.     Coastal's insurers have denied that Developer is an additional insured under Coastal's general liability insurance policies which is a breach of its subcontract agreement by Coastal.

89.     Developer has suffered damages which include the fees and costs associates with defending itself in this action, as well as, the potential liability to the Plaintiff.

WHEREFORE, the Developer respectfully demands judgment for damages against Coastal for all damages, costs, interests, including attorneys' fees and such additional relief that this Court deems just and proper.

### Count 8 -Common Law Indemnity
### (Coastal Masonry)

90.     Developer re-alleges and incorporates by reference the allegations in Paragraphs 1-42 as if fully set forth herein.

*Beachwalk (at Hallandale) Condominium Association, Inc. v. PRH 2600 Hallandale Beach, LLC. et al.*
*CACE 18-008615 (05)*
*Page 19 of 72*

91.    There exists a special relationship between Developer and Coastal which, Developer, if the trier of fact or law believes the claims of liability and damages of the Plaintiff, can or will become liable solely based on the acts or omissions of Coastal. This special relationship is formed by, among other things, the contractual relationship between Contractor, Developer and Coastal and; Florida's statutory implied warranties; and Florida common law relating to non-delegable duties.

92.    Developer is without fault and the only source of potential liability to them is vicarious or derivative as a result of the acts or omissions of Coastal in the performance of its work at the Condominium.

93.    Developer would only be derivatively, technically, constructively or vicarious liable for the damages as a result of the alleged actions or inactions of Coastal.

94.    Developer is entitled to common law indemnity from Coastal.

WHEREFORE, the Developer respectfully demands judgment for damages against Coastal for all damages, costs, interests, including attorneys' fees and such additional relief that this Court deems just and proper.

## Count 9  -Violation of Fla. Stat. 718.203
### (Coastal Masonry)

95.    Developer re-alleges and incorporates by reference the allegations in Paragraphs 1-42 as if fully set forth herein.

96.    Coastal's is a subcontractor who furnished labor, services, and/or materials in the construction of the Condominium within the purview of Section 718.203 Florida Statutes.

97.    Pursuant to Section 718.203, Florida Statutes, Coastal granted the Developer an implied warranty of fitness as to the work performed and materials supplied by Coastal.

Beachwalk (at Hallandale) Condominium Association, Inc. v. PRH 2600 Hallandale Beach, LLC. et al.
CACE 18-008615 (05)
Page 20 of 72

98.     If the defects and deficiencies at the Condominium alleged by Plaintiff with regard to Coastal's Scope of Work are proven to be true, then Coastal has breached its statutorily implied warranty to the Developer.

99.     Developer has suffered and will suffer damages as a natural, foreseeable and proximate result of Coastal's breaches of its warranties to the Developer under Section 718.203, Florida Statutes.

WHEREFORE, the Developer respectfully demands judgment for damages against Coastal for all damages, costs, interests, and such additional relief that this Court deems just and proper.

### Count 10 -Breach of Contract
### (Coastline Painting)

100.     Developer re-alleges and incorporates by reference the allegations in Paragraphs 1-42 as if fully set forth herein.

101.     Coastline entered into a written subcontract agreement with Contractor to perform Coastline's Scope of Work, as well as, to defend and indemnify Developer and have Developer named as an additional insured under its general liability insurance policies. A copy of the subcontract agreement is attached as Exhibit "4."

102.     Developer is an express and/or intended beneficiary under Coastline's subcontract agreement.

103.     Plaintiff has alleged that defects and deficiencies exist at the Condominium resulting from Coastline's Scope of Work and has sued Developer as a result.

104.     If true, Coastline would be in breach of its subcontract agreement and Developer is or may be liable to the Plaintiff as a result.

105.     Separate and apart from this, Developer has demanded its defense, indemnity and additional insured coverage from Coastline and its insurers.

*Beachwalk (at Hallandale) Condominium Association, Inc. v. PRH 2600 Hallandale Beach, LLC. et al.*
*CACE 18-008615 (05)*
*Page 21 of 72*

106.   Coastline has failed and refused to defend and indemnify Developer thereby breaching its subcontract agreement.

107.   Coastline's insurers have denied that Developer is an additional insured under Coastline's general liability insurance policies which is a breach of its subcontract agreement by Coastline.

108.   Developer has suffered damages which include the fees and costs associates with defending itself in this action, as well as, the potential liability to the Plaintiff.

WHEREFORE, the Developer respectfully demands judgment for damages against Coastline for all damages, costs, interests, including attorneys' fees and such additional relief that this Court deems just and proper.

### Count 11 -Common Law Indemnity
### (Coastline Painting)

109.   Developer re-alleges and incorporates by reference the allegations in Paragraphs 1-42 as if fully set forth herein.

110.   There exists a special relationship between Developer and Coastline which, Developer, if the trier of fact or law believes the claims of liability and damages of the Plaintiff, can or will become liable solely based on the acts or omissions of Coastline.  This special relationship is formed by, among other things, the contractual relationship between Contractor, Developer and Coastline and; Florida's statutory implied warranties; and Florida common law relating to non-delegable duties.

111.   Developer is without fault and the only source of potential liability to them is vicarious or derivative as a result of the acts or omissions of Coastline in the performance of its work at the Condominium.

112.    Developer would only be derivatively, technically, constructively or vicarious liable for the damages as a result of the alleged actions or inactions of Coastline.

113.    Developer is entitled to common law indemnity from Coastline.

WHEREFORE, the Developer respectfully demands judgment for damages against Coastline for all damages, costs, interests, including attorneys' fees and such additional relief that this Court deems just and proper.

## Count 12  -Violation of Fla. Stat. 718.203
### (Coastline Painting)

114.    Developer re-alleges and incorporates by reference the allegations in Paragraphs 1-42 as if fully set forth herein.

115.    Coastline is a subcontractor who furnished labor, services, and/or materials in the construction of the Condominium within the purview of Section 718.203 Florida Statutes.

116.    Pursuant to Section 718.203, Florida Statutes, Coastline granted the Developer an implied warranty of fitness as to the work performed and materials supplied by Coastline.

117.    If the defects and deficiencies at the Condominium alleged by Plaintiff with regard to Coastline's Scope of Work are proven to be true, then Coastline has breached its statutorily implied warranty to the Developer.

118.    Developer has suffered and will suffer damages as a natural, foreseeable and proximate result of Coastline's breaches of its warranties to the Developer under Section 718.203, Florida Statutes.

WHEREFORE, the Developer respectfully demands judgment for damages against Coastline for all damages, costs, interests, and such additional relief that this Court deems just and proper.

*Beachwalk (at Hallandale) Condominium Association, Inc. v. PRH 2600 Hallandale Beach, LLC. et al.*
CACE 18-008615 (05)
Page 23 of 72

### Count 13 -Breach of Contract
### (Coreslab Structures)

119.     Developer re-alleges and incorporates by reference the allegations in Paragraphs 1-42 as if fully set forth herein.

120.     Coreslab entered into a written subcontract agreement with Contractor to perform Coreslab's Scope of Work, as well as, to defend and indemnify Developer and have Developer named as an additional insured under its general liability insurance policies. A copy of the subcontract agreement is attached as Exhibit "5."

121.     Developer is an express and/or intended beneficiary under Coreslab subcontract agreement.

122.     Plaintiff has alleged that defects and deficiencies exist at the Condominium resulting from Coreslab's Scope of Work and has sued Developer as a result.

123.     If true, Coreslab would be in breach of its subcontract agreement and Developer is or may be liable to the Plaintiff as a result.

124.     Separate and apart from this, Developer has demanded its defense, indemnity and additional insured coverage from Coreslab and its insurers.

125.     Coreslab has failed and refused to defend and indemnify Developer thereby breaching its subcontract agreement.

126.     Coreslab's insurers have denied that Developer is an additional insured under Coreslab's general liability insurance policies which is a breach of its subcontract agreement by Coreslab.

127.     Developer has suffered damages which include the fees and costs associates with defending itself in this action, as well as, the potential liability to the Plaintiff.

*Beachwalk (at Hallandale) Condominium Association, Inc. v. PRH 2600 Hallandale Beach, LLC. et al.*
*CACE 18-008615 (05)*
*Page 24 of 72*

WHEREFORE, the Developer respectfully demands judgment for damages against Coreslab for all damages, costs, interests, including attorneys' fees and such additional relief that this Court deems just and proper.

### Count 14 -Common Law Indemnity
### (Coreslab Structure)

128.    Developer re-alleges and incorporates by reference the allegations in Paragraphs 1-42 as if fully set forth herein.

129.    There exists a special relationship between Developer and Coreslab which, Developer, if the trier of fact or law believes the claims of liability and damages of the Plaintiff, can or will become liable solely based on the acts or omissions of Coreslab.  This special relationship is formed by, among other things, the contractual relationship between Contractor, Developer and Coreslab and; Florida's statutory implied warranties; and Florida common law relating to non-delegable duties.

130.    Developer is without fault and the only source of potential liability to them is vicarious or derivative as a result of the acts or omissions of Coreslab in the performance of its work at the Condominium.

131.    Developer would only be derivatively, technically, constructively or vicarious liable for the damages as a result of the alleged actions or inactions of Coreslab.

132.    Developer is entitled to common law indemnity from Coreslab.

WHEREFORE, the Developer respectfully demands judgment for damages against Coreslab for all damages, costs, interests, including attorneys' fees and such additional relief that this Court deems just and proper.

*Beachwalk (at Hallandale) Condominium Association, Inc. v. PRH 2600 Hallandale Beach, LLC. et al.*
*CACE 18-008615 (05)*
*Page 25 of 72*

### Count 15 -Violation of Fla. Stat. 718.203
### (Coreslab Structures)

133.   Developer re-alleges and incorporates by reference the allegations in Paragraphs 1-42 as if fully set forth herein.

134.   Coreslab is a subcontractor who furnished labor, services, and/or materials in the construction of the Condominium within the purview of Section 718.203 Florida Statutes.

135.   Pursuant to Section 718.203, Florida Statutes, Coreslab granted the Developer an implied warranty of fitness as to the work performed and materials supplied by Coreslab.

136.   If the defects and deficiencies at the Condominium alleged by Plaintiff with regard to Coreslab's Scope of Work are proven to be true, then Coreslab has breached its statutorily implied warranty to the Developer.

137.   Developer has suffered and will suffer damages as a natural, foreseeable and proximate result of Coreslab's breaches of its warranties to the Developer under Section 718.203, Florida Statutes.

WHEREFORE, the Developer respectfully demands judgment for damages against Coreslab for all damages, costs, interests, and such additional relief that this Court deems just and proper.

### Count 16 -Breach of Contract
### (CYVSA International)

138.   Developer re-alleges and incorporates by reference the allegations in Paragraphs 1-42 as if fully set forth herein.

139.   CYVSA entered into a written subcontract agreement with Contractor to perform CYVSA Scope of Work, as well as, to defend and indemnify Developer and have Developer

*Beachwalk (at Hallandale) Condominium Association, Inc. v. PRH 2600 Hallandale Beach, LLC. et al.*
*CACE 18-008615 (05)*
*Page 26 of 72*

named as an additional insured under its general liability insurance policies. A copy of the subcontract agreement is attached as Exhibit "6."

140.    Developer is an express and/or intended beneficiary under CYVSA subcontract agreement.

141.    Plaintiff has alleged that defects and deficiencies exist at the Condominium resulting from CYVSA Scope of Work and has sued Developer as a result.

142.    If true, CYVSA would be in breach of its subcontract agreement and Developer is or may be liable to the Plaintiff as a result.

143.    Separate and apart from this, Developer has demanded its defense, indemnity and additional insured coverage from CYVSA and its insurers.

144.    CYVSA has failed and refused to defend and indemnify Developer thereby breaching its subcontract agreement.

145.    CYVSA's insurers have denied that Developer is an additional insured under Coreslab's general liability insurance policies which is a breach of its subcontract agreement by CYVSA.

146.    Developer has suffered damages which include the fees and costs associates with defending itself in this action, as well as, the potential liability to the Plaintiff.

WHEREFORE, the Developer respectfully demands judgment for damages against CYVSA for all damages, costs, interests, including attorneys' fees and such additional relief that this Court deems just and proper.

### Count 17 -Common Law Indemnity
### (CYVSA International)

147.    Developer re-alleges and incorporates by reference the allegations in Paragraphs 1-42 as if fully set forth herein.

*Beachwalk (at Hallandale) Condominium Association, Inc. v. PRH 2600 Hallandale Beach, LLC. et al.*
*CACE 18-008615 (05)*
*Page 27 of 72*

148.   There exists a special relationship between Developer and CYVSA which, Developer, if the trier of fact or law believes the claims of liability and damages of the Plaintiff, can or will become liable solely based on the acts or omissions of CYVSA.   This special relationship is formed by, among other things, the contractual relationship between Contractor, Developer and CYVSA and; Florida's statutory implied warranties; and Florida common law relating to non-delegable duties.

149.   Developer is without fault and the only source of potential liability to them is vicarious or derivative as a result of the acts or omissions of CYVSA in the performance of its work at the Condominium.

150.   Developer would only be derivatively, technically, constructively or vicarious liable for the damages as a result of the alleged actions or inactions of CYVSA.

151.   Developer is entitled to common law indemnity from Coreslab.

WHEREFORE, the Developer respectfully demands judgment for damages against CYVSA for all damages, costs, interests, including attorneys' fees and such additional relief that this Court deems just and proper.

### Count 18 - Violation of Fla. Stat. 718.203
### (CYVSA International)

152.   Developer re-alleges and incorporates by reference the allegations in Paragraphs 1-42 as if fully set forth herein.

153.   CYVSA is a subcontractor who furnished labor, services, and/or materials in the construction of the Condominium within the purview of Section 718.203 Florida Statutes.

154.   Pursuant to Section 718.203, Florida Statutes, CYVSA granted the Developer an implied warranty of fitness as to the work performed and materials supplied by CYVSA.

155.    If the defects and deficiencies at the Condominium alleged by Plaintiff with regard to CYVSA's Scope of Work are proven to be true, then CYVSA has breached its statutorily implied warranty to the Developer.

156.    Developer has suffered and will suffer damages as a natural, foreseeable and proximate result of CYVSA's breaches of its warranties to the Developer under Section 718.203, Florida Statutes.

WHEREFORE, the Developer respectfully demands judgment for damages against CYVSA for all damages, costs, interests, and such additional relief that this Court deems just and proper.

### Count 19 -Breach of Contract
### (Dillion Pool's)

157.    Developer re-alleges and incorporates by reference the allegations in Paragraphs 1-42 as if fully set forth herein.

158.    Dillion entered into a written subcontract agreement with Contractor to perform Dillion's Scope of Work, as well as, to defend and indemnify Developer and have Developer named as an additional insured under its general liability insurance policies. A copy of the subcontract agreement is attached as Exhibit "7."

159.    Developer is an express and/or intended beneficiary under Dillion subcontract agreement.

160.    Plaintiff has alleged that defects and deficiencies exist at the Condominium resulting from Dillion's Scope of Work and has sued Developer as a result.

161.    If true, Dillion would be in breach of its subcontract agreement and Developer is or may be liable to the Plaintiff as a result.

*Beachwalk (at Hallandale) Condominium Association, Inc. v. PRH 2600 Hallandale Beach, LLC. et al.*
*CACE 18-008615 (05)*
*Page 29 of 72*

162.    Separate and apart from this, Developer has demanded its defense, indemnity and additional insured coverage from Dillion and its insurers.

163.    Dillion has failed and refused to defend and indemnify Developer thereby breaching its subcontract agreement.

164.    Dillion's insurers have denied that Developer is an additional insured under Dillion's general liability insurance policies which is a breach of its subcontract agreement by Dillion.

165.    Developer has suffered damages which include the fees and costs associates with defending itself in this action, as well as, the potential liability to the Plaintiff.

WHEREFORE, the Developer respectfully demands judgment for damages against Dillion for all damages, costs, interests, including attorneys' fees and such additional relief that this Court deems just and proper.

### Count 20  -Common Law Indemnity
### (Dillion Pools)

166.    Developer re-alleges and incorporates by reference the allegations in Paragraphs 1-42 as if fully set forth herein.

167.    There exists a special relationship between Developer and Dillion which, Developer, if the trier of fact or law believes the claims of liability and damages of the Plaintiff, can or will become liable solely based on the acts or omissions of Dillion.  This special relationship is formed by, among other things, the contractual relationship between Contractor, Developer and Dillion and; Florida's statutory implied warranties; and Florida common law relating to non-delegable duties.

*Beachwalk (at Hallandale) Condominium Association, Inc. v. PRH 2600 Hallandale Beach, LLC. et al.*
*CACE 18-008615 (05)*
*Page 30 of 72*

168.     Developer is without fault and the only source of potential liability to them is vicarious or derivative as a result of the acts or omissions of Dillion in the performance of its work at the Condominium.

169.     Developer would only be derivatively, technically, constructively or vicarious liable for the damages as a result of the alleged actions or inactions of Dillion.

170.     Developer is entitled to common law indemnity from Dillion.

WHEREFORE, the Developer respectfully demands judgment for damages against Dillion for all damages, costs, interests, including attorneys' fees and such additional relief that this Court deems just and proper.

### Count 21  -Violation of Fla. Stat. 718.203
### (Dillion Pools)

171.     Developer re-alleges and incorporates by reference the allegations in Paragraphs 1-42 as if fully set forth herein.

172.     Dillion is a subcontractor who furnished labor, services, and/or materials in the construction of the Condominium within the purview of Section 718.203 Florida Statutes.

173.     Pursuant to Section 718.203, Florida Statutes, Dillion granted the Developer an implied warranty of fitness as to the work performed and materials supplied by Dillion.

174.     If the defects and deficiencies at the Condominium alleged by Plaintiff with regard to Dillion's Scope of Work are proven to be true, then Dillion has breached its statutorily implied warranty to the Developer.

175.     Developer has suffered and will suffer damages as a natural, foreseeable and proximate result of Dillion's breaches of its warranties to the Developer under Section 718.203, Florida Statutes.

*Beachwalk (at Hallandale) Condominium Association, Inc. v. PRH 2600 Hallandale Beach, LLC. et al.*
CACE 18-008615 (05)
Page 31 of 72

WHEREFORE, the Developer respectfully demands judgment for damages against Dillion

for all damages, costs, interests, and such additional relief that this Court deems just and proper.

## Count 22 -Breach of Contract
### (Florida Concrete Unlimited)

176.   Developer re-alleges and incorporates by reference the allegations in Paragraphs 1-

42 as if fully set forth herein.

177.   FCU entered into a written subcontract agreement with Contractor to perform

FCU's Scope of Work, as well as, to defend and indemnify Developer and have Developer named

as an additional insured under its general liability insurance policies. A copy of the subcontract

agreement is attached as Exhibit "8."

178.   Developer is an express and/or intended beneficiary under FCU subcontract

agreement.

179.   Plaintiff has alleged that defects and deficiencies exist at the Condominium

resulting from FCU's Scope of Work and has sued Developer as a result.

180.   If true, FCU would be in breach of its subcontract agreement and Developer is or

may be liable to the Plaintiff as a result.

181.   Separate and apart from this, Developer has demanded its defense, indemnity and

additional insured coverage from FCU and its insurers.

182.   FCU has failed and refused to defend and indemnify Developer thereby breaching

its subcontract agreement.

183.   FCU's insurers have denied that Developer is an additional insured under FCU's

general liability insurance policies which is a breach of its subcontract agreement by FCU.

184.   Developer has suffered damages which include the fees and costs associates with

defending itself in this action, as well as, the potential liability to the Plaintiff.

*Beachwalk (at Hallandale) Condominium Association, Inc. v. PRH 2600 Hallandale Beach, LLC. et al.*
*CACE 18-008615 (05)*
*Page 32 of 72*

WHEREFORE, the Developer respectfully demands judgment for damages against FCU for all damages, costs, interests, including attorneys' fees and such additional relief that this Court deems just and proper.

### Count 23 -Common Law Indemnity
### (Florida Concrete Unlimited)

185.   Developer re-alleges and incorporates by reference the allegations in Paragraphs 1-42 as if fully set forth herein.

186.   There exists a special relationship between Developer and FCU which, Developer, if the trier of fact or law believes the claims of liability and damages of the Plaintiff, can or will become liable solely based on the acts or omissions of FCU. This special relationship is formed by, among other things, the contractual relationship between Contractor, Developer and FCU and; Florida's statutory implied warranties; and Florida common law relating to non-delegable duties.

187.   Developer is without fault and the only source of potential liability to them is vicarious or derivative as a result of the acts or omissions of FCU in the performance of its work at the Condominium.

188.   Developer would only be derivatively, technically, constructively or vicariously liable for the damages as a result of the alleged actions or inactions of FCU.

189.   Developer is entitled to common law indemnity from FCU.

WHEREFORE, the Developer respectfully demands judgment for damages against FCU for all damages, costs, interests, including attorneys' fees and such additional relief that this Court deems just and proper.

*Beachwalk (at Hallandale) Condominium Association, Inc. v. PRH 2600 Hallandale Beach, LLC. et al.*
*CACE 18-008615 (05)*
*Page 33 of 72*

### Count 24 -Violation of Fla. Stat. 718.203
### (Florida Concrete Unlimited)

190.    Developer re-alleges and incorporates by reference the allegations in Paragraphs 1-42 as if fully set forth herein.

191.    FCU is a subcontractor who furnished labor, services, and/or materials in the construction of the Condominium within the purview of Section 718.203 Florida Statutes.

192.    Pursuant to Section 718.203, Florida Statutes, FCU granted the Developer an implied warranty of fitness as to the work performed and materials supplied by FCU.

193.    If the defects and deficiencies at the Condominium alleged by Plaintiff with regard to FCU's Scope of Work are proven to be true, then FCU has breached its statutorily implied warranty to the Developer.

194.    Developer has suffered and will suffer damages as a natural, foreseeable and proximate result of FCU's breaches of its warranties to the Developer under Section 718.203, Florida Statutes.

WHEREFORE, the Developer respectfully demands judgment for damages against FCU for all damages, costs, interests, and such additional relief that this Court deems just and proper.

### Count 25 -Breach of Contract
### (Fly & Form)

195.    Developer re-alleges and incorporates by reference the allegations in Paragraphs 1-42 as if fully set forth herein.

196.    Fly & Form entered into a written subcontract agreement with Contractor to perform Fly & Form's Scope of Work, as well as, to defend and indemnify Developer and have Developer named as an additional insured under its general liability insurance policies. A copy of the subcontract agreement is attached as Exhibit "9."

*Beachwalk (at Hallandale) Condominium Association, Inc. v. PRH 2600 Hallandale Beach, LLC. et al.*
*CACE 18-008615 (05)*
*Page 34 of 72*

197.    Developer is an express and/or intended beneficiary under Fly & Form's
subcontract agreement.

198.

resulting from Fly & Form's Scope of Work and has sued Developer as a result.

199.    If true, Fly & Form would be in breach of its subcontract agreement and Developer
is or may be liable to the Plaintiff as a result.

200.    Separate and apart from this, Developer has demanded its defense, indemnity and
additional insured coverage from Fly & Form and its insurers.

201.    Fly & Form has failed and refused to defend and indemnify Developer thereby
breaching its subcontract agreement.

202.    Fly & Form's insurers have denied that Developer is an additional insured under
Fly & Form's general liability insurance policies which is a breach of its subcontract agreement
by Fly & Form's.

203.    Developer has suffered damages which include the fees and costs associates with
defending itself in this action, as well as, the potential liability to the Plaintiff.

WHEREFORE, the Developer respectfully demands judgment for damages against Fly &
Form's for all damages, costs, interests, including attorneys' fees and such additional relief that
this Court deems just and proper.

### Count 26  -Common Law Indemnity
### (Fly & Form)

204.    Developer re-alleges and incorporates by reference the allegations in Paragraphs 1-
42 as if fully set forth herein.

205.    There exists a special relationship between Developer and Fly & Form which,
Developer, if the trier of fact or law believes the claims of liability and damages of the Plaintiff,

*Beachwalk (at Hallandale) Condominium Association, Inc. v. PRH 2600 Hallandale Beach, LLC. et al.*
*CACE 18-008615 (05)*
*Page 35 of 72*

can or will become liable solely based on the acts or omissions of Fly & Form.  This special

relationship is formed by, among other things, the contractual relationship between Contractor,

Developer and Fly & Form and; Florida's statutory implied warranties; and Florida common law

relating to non-delegable duties.

206.    Developer is without fault and the only source of potential liability to them is

vicarious or derivative as a result of the acts or omissions of Fly & Form in the performance of its

work at the Condominium.

207.    Developer would only be derivatively, technically, constructively or vicarious

liable for the damages as a result of the alleged actions or inactions of Fly & Form.

208.    Developer is entitled to common law indemnity from Fly & Form.

WHEREFORE, the Developer respectfully demands judgment for damages against Fly &

Form for all damages, costs, interests, including attorneys' fees and such additional relief that this

Court deems just and proper.

**Count 27  -Violation of Fla. Stat. 718.203**
**(Fly & Form)**

209.    Developer re-alleges and incorporates by reference the allegations in Paragraphs 1-

42 as if fully set forth herein.

210.    Fly & Form is a subcontractor who furnished labor, services, and/or materials in

the construction of the Condominium within the purview of Section 718.203 Florida Statutes.

211.    Pursuant to Section 718.203, Florida Statutes, Fly & Form granted the Developer

an implied warranty of fitness as to the work performed and materials supplied by Fly & Form.

212.    If the defects and deficiencies at the Condominium alleged by Plaintiff with regard

to Fly & Form's Scope of Work are proven to be true, then Coreslab has breached its statutorily

implied warranty to the Developer.

*Beachwalk (at Hallandale) Condominium Association, Inc. v. PRH 2600 Hallandale Beach, LLC. et al.*
*CACE 18-008615 (05)*
*Page 36 of 72*

213.    Developer has suffered and will suffer damages as a natural, foreseeable and proximate result of Fly & Form's breaches of its warranties to the Developer under Section 718.203, Florida Statutes.

WHEREFORE, the Developer respectfully demands judgment for damages against Fly & Form for all damages, costs, interests, and such additional relief that this Court deems just and proper.

## Count 28 -Breach of Contract
## (GM&P Consulting)

214.    Developer re-alleges and incorporates by reference the allegations in Paragraphs 1-42 as if fully set forth herein.

215.    GM&P entered into a written subcontract agreement with Contractor to perform GM&P's Scope of Work, as well as, to defend and indemnify Developer and have Developer named as an additional insured under its general liability insurance policies. A copy of the subcontract agreement is attached as Exhibit "10."

216.    Developer is an express and/or intended beneficiary under GM&P subcontract agreement.

217.    Plaintiff has alleged that defects and deficiencies exist at the Condominium resulting from GM&P's Scope of Work and has sued Developer as a result.

218.    If true, GM&P would be in breach of its subcontract agreement and Developer is or may be liable to the Plaintiff as a result.

219.    Separate and apart from this, Developer has demanded its defense, indemnity and additional insured coverage from GM&P and its insurers.

220.    GM&P has failed and refused to defend and indemnify Developer thereby breaching its subcontract agreement.

*Beachwalk (at Hallandale) Condominium Association, Inc. v. PRH 2600 Hallandale Beach, LLC. et al.*
*CACE 18-008615 (05)*
*Page 37 of 72*

221.    GM&P's insurers have denied that Developer is an additional insured under GM&P general liability insurance policies which is a breach of its subcontract agreement by GM&P.

222.    Developer has suffered damages which include the fees and costs associates with defending itself in this action, as well as, the potential liability to the Plaintiff.

WHEREFORE, the Developer respectfully demands judgment for damages against GM&P for all damages, costs, interests, including attorneys' fees and such additional relief that this Court deems just and proper.

### Count 29  -Common Law Indemnity
### (GM&P Consulting)

223.    Developer re-alleges and incorporates by reference the allegations in Paragraphs 1-42 as if fully set forth herein.

224.    There exists a special relationship between Developer and GM&P which, Developer, if the trier of fact or law believes the claims of liability and damages of the Plaintiff, can or will become liable solely based on the acts or omissions of GM&P. This special relationship is formed by, among other things, the contractual relationship between Contractor, Developer and GM&P and; Florida's statutory implied warranties; and Florida common law relating to non-delegable duties.

225.    Developer is without fault and the only source of potential liability to them is vicarious or derivative as a result of the acts or omissions of GM&P in the performance of its work at the Condominium.

226.    Developer would only be derivatively, technically, constructively or vicarious liable for the damages as a result of the alleged actions or inactions of GM&P.

227.    Developer is entitled to common law indemnity from GM&P.

WHEREFORE, the Developer respectfully demands judgment for damages against GM&P for all damages, costs, interests, including attorneys' fees and such additional relief that this Court deems just and proper.

## Count 30 - Violation of Fla. Stat. 718.203
### (GM&P Consulting)

228.     Developer re-alleges and incorporates by reference the allegations in Paragraphs 1-42 as if fully set forth herein.

229.     GM&P is a subcontractor who furnished labor, services, and/or materials in the construction of the Condominium within the purview of Section 718.203 Florida Statutes.

230.     Pursuant to Section 718.203, Florida Statutes, GM&P granted the Developer an implied warranty of fitness as to the work performed and materials supplied by GM&P.

231.     If the defects and deficiencies at the Condominium alleged by Plaintiff with regard to GM&P's Scope of Work are proven to be true, then GM&P has breached its statutorily implied warranty to the Developer.

232.     Developer has suffered and will suffer damages as a natural, foreseeable and proximate result of GM&P's breaches of its warranties to the Developer under Section 718.203, Florida Statutes.

WHEREFORE, the Developer respectfully demands judgment for damages against GM&P for all damages, costs, interests and such additional relief that this Court deems just and proper.

## Count 31 - Breach of Contract
### (Gulf Plumbing)

233.     Developer re-alleges and incorporates by reference the allegations in Paragraphs 1-42 as if fully set forth herein.

*Beachwalk (at Hallandale) Condominium Association, Inc. v. PRH 2600 Hallandale Beach, LLC. et al.*
*CACE 18-008615 (05)*
*Page 39 of 72*

234.   Gulf entered into a written subcontract agreement with Contractor to perform Gulf's Scope of Work, as well as, to defend and indemnify Developer and have Developer named as an additional insured under its general liability insurance policies. A copy of the subcontract agreement is attached as Exhibit "11."

235.   Developer is an express and/or intended beneficiary under Coreslab subcontract agreement.

236.   Plaintiff has alleged that defects and deficiencies exist at the Condominium resulting from Gulf Scope of Work and has sued Developer as a result.

237.   If true, Gulf would be in breach of its subcontract agreement and Developer is or may be liable to the Plaintiff as a result.

238.   Separate and apart from this, Developer has demanded its defense, indemnity and additional insured coverage from Gulf and its insurers.

239.   Gulf has failed and refused to defend and indemnify Developer thereby breaching its subcontract agreement.

240.   Gulf's insurers have denied that Developer is an additional insured under Gulf's general liability insurance policies which is a breach of its subcontract agreement by Gulf.

241.   Developer has suffered damages which include the fees and costs associates with defending itself in this action, as well as, the potential liability to the Plaintiff.

WHEREFORE, the Developer respectfully demands judgment for damages against Gulf for all damages, costs, interests, including attorneys' fees and such additional relief that this Court deems just and proper.

*Beachwalk (at Hallandale) Condominium Association, Inc. v. PRH 2600 Hallandale Beach, LLC. et al.*
*CACE 18-008615 (05)*
*Page 40 of 72*

## Count 32 –Common Law Indemnity
### (Gulf Plumbing)

242.   Developer re-alleges and incorporates by reference the allegations in Paragraphs 1-42 as if fully set forth herein.

243.   There exists a special relationship between Developer and Gulf which, Developer, if the trier of fact or law believes the claims of liability and damages of the Plaintiff, can or will become liable solely based on the acts or omissions of Gulf.  This special relationship is formed by, among other things, the contractual relationship between Contractor, Developer and Gulf and; Florida's statutory implied warranties; and Florida common law relating to non-delegable duties.

244.   Developer is without fault and the only source of potential liability to them is vicarious or derivative as a result of the acts or omissions of Gulf in the performance of its work at the Condominium.

245.   Developer would only be derivatively, technically, constructively or vicarious liable for the damages as a result of the alleged actions or inactions of Gulf.

246.   Developer is entitled to common law indemnity from Gulf.

WHEREFORE, the Developer respectfully demands judgment for damages against Gulf for all damages, costs, interests, including attorneys' fees and such additional relief that this Court deems just and proper.

## Count 33 –Violation of Fla. Stat. 718.203
### (Gulf Plumbing)

247.   Developer re-alleges and incorporates by reference the allegations in Paragraphs 1-42 as if fully set forth herein.

248.   Gulf is a subcontractor who furnished labor, services, and/or materials in the construction of the Condominium within the purview of Section 718.203 Florida Statutes.

*Beachwalk (at Hallandale) Condominium Association, Inc. v. PRH 2600 Hallandale Beach, LLC. et al.*
*CACE 18-008615 (05)*
*Page 41 of 72*

249.    Pursuant to Section 718.203, Florida Statutes, Gulf granted the Developer an implied warranty of fitness as to the work performed and materials supplied by Gulf.

250.    If the defects and deficiencies at the Condominium alleged by Plaintiff with regard to Gulf Scope of Work are proven to be true, then Gulf has breached its statutorily implied warranty to the Developer.

251.    Developer has suffered and will suffer damages as a natural, foreseeable and proximate result of Gulf's breaches of its warranties to the Developer under Section 718.203, Florida Statutes.

WHEREFORE, the Developer respectfully demands judgment for damages against Gulf for all damages, costs, interests, and such additional relief that this Court deems just and proper.

### Count 34 - Breach of Contract
### (Hypower, Inc.)

252.    Developer re-alleges and incorporates by reference the allegations in Paragraphs 1-42 as if fully set forth herein.

253.    Hypower entered into a written subcontract agreement with Contractor to perform Hypower's Scope of Work, as well as, to defend and indemnify Developer and have Developer named as an additional insured under its general liability insurance policies. A copy of the subcontract agreement is attached as Exhibit "12."

254.    Developer is an express and/or intended beneficiary under Hypower subcontract agreement.

255.    Plaintiff has alleged that defects and deficiencies exist at the Condominium resulting from Hypower's Scope of Work and has sued Developer as a result.

256.    If true, Hypower would be in breach of its subcontract agreement and Developer is or may be liable to the Plaintiff as a result.

*Beachwalk (at Hallandale) Condominium Association, Inc. v. PRH 2600 Hallandale Beach, LLC. et al.*
*CACE 18-008615 (05)*
*Page 42 of 72*

257.    Separate and apart from this, Developer has demanded its defense, indemnity and additional insured coverage from Hypower and its insurers.

258.    Hypower has failed and refused to defend and indemnify Developer thereby breaching its subcontract agreement.

259.    Hypower's insurers have denied that Developer is an additional insured under Hypower's general liability insurance policies which is a breach of its subcontract agreement by Hypower.

260.    Developer has suffered damages which include the fees and costs associates with defending itself in this action, as well as, the potential liability to the Plaintiff.

WHEREFORE, the Developer respectfully demands judgment for damages against Hypower for all damages, costs, interests, including attorneys' fees and such additional relief that this Court deems just and proper.

### Count 35 -Common Law Indemnity
### (Hypower, Inc.)

261.    Developer re-alleges and incorporates by reference the allegations in Paragraphs 1-42 as if fully set forth herein.

262.    There exists a special relationship between Developer and Hypower which, Developer, if the trier of fact or law believes the claims of liability and damages of the Plaintiff, can or will become liable solely based on the acts or omissions of Hypower. This special relationship is formed by, among other things, the contractual relationship between Contractor, Developer and Hypower and; Florida's statutory implied warranties; and Florida common law relating to non-delegable duties.

*Beachwalk (at Hallandale) Condominium Association, Inc. v. PRH 2600 Hallandale Beach, LLC. et al.*
*CACE 18-008615 (05)*
*Page 43 of 72*

263.   Developer is without fault and the only source of potential liability to them is vicarious or derivative as a result of the acts or omissions of Hypower in the performance of its work at the Condominium.

264.   Developer would only be derivatively, technically, constructively or vicarious liable for the damages as a result of the alleged actions or inactions of Hypower.

265.   Developer is entitled to common law indemnity from Hypower.

WHEREFORE, the Developer respectfully demands judgment for damages against Hypower for all damages, costs, interests, including attorneys' fees and such additional relief that this Court deems just and proper.

### Count 36  -Violation of Fla. Stat. 718.203
### (Hypower, Inc.)

266.   Developer re-alleges and incorporates by reference the allegations in Paragraphs 1-42 as if fully set forth herein.

267.   Hypower is a subcontractor who furnished labor, services, and/or materials in the construction of the Condominium within the purview of Section 718.203 Florida Statutes.

268.   Pursuant to Section 718.203, Florida Statutes, Hypower granted the Developer an implied warranty of fitness as to the work performed and materials supplied by Hypower.

269.   If the defects and deficiencies at the Condominium alleged by Plaintiff with regard to Hypower's Scope of Work are proven to be true, then Hypower has breached its statutorily implied warranty to the Developer.

270.   Developer has suffered and will suffer damages as a natural, foreseeable and proximate result of Hypower's breaches of its warranties to the Developer under Section 718.203, Florida Statutes.

*Beachwalk (at Hallandale) Condominium Association, Inc. v. PRH 2600 Hallandale Beach, LLC. et al.*
*CACE 18-008615 (05)*
*Page 44 of 72*

WHEREFORE, the Developer respectfully demands judgment for damages against Hypower for all damages, costs, interests, and such additional relief that this Court deems just and proper.

## Count 37  -Breach of Contract
### (M.C. Flooring Corporation)

271.    Developer re-alleges and incorporates by reference the allegations in Paragraphs 1-42 as if fully set forth herein.

272.    M.C. entered into a written subcontract agreement with Contractor to perform M.C.'s Scope of Work, as well as, to defend and indemnify Developer and have Developer named as an additional insured under its general liability insurance policies. A copy of the subcontract agreement is attached as Exhibit "13."

273.    Developer is an express and/or intended beneficiary under M.C. subcontract agreement.

274.    Plaintiff has alleged that defects and deficiencies exist at the Condominium resulting from M.C. Scope of Work and has sued Developer as a result.

275.    If true, M.C. would be in breach of its subcontract agreement and Developer is or may be liable to the Plaintiff as a result.

276.    Separate and apart from this, Developer has demanded its defense, indemnity and additional insured coverage from M.C. and its insurers.

277.    M.C. has failed and refused to defend and indemnify Developer thereby breaching its subcontract agreement.

278.    M.C.'s insurers have denied that Developer is an additional insured under M.C.'s general liability insurance policies which is a breach of its subcontract agreement by M.C..

*Beachwalk (at Hallandale) Condominium Association, Inc. v. PRH 2600 Hallandale Beach, LLC. et al.*
*CACE 18-008615 (05)*
*Page 45 of 72*

279.   Developer has suffered damages which include the fees and costs associates with defending itself in this action, as well as, the potential liability to the Plaintiff.

WHEREFORE, the Developer respectfully demands judgment for damages against M.C. for all damages, costs, interests, including attorneys' fees and such additional relief that this Court deems just and proper.

### Count 38 -Common Law Indemnity
### (M.C. Flooring Corporation)

280.   Developer re-alleges and incorporates by reference the allegations in Paragraphs 1-42 as if fully set forth herein.

281.   There exists a special relationship between Developer and M.C. which, Developer, if the trier of fact or law believes the claims of liability and damages of the Plaintiff, can or will become liable solely based on the acts or omissions of M.C..  This special relationship is formed by, among other things, the contractual relationship between Contractor, Developer and M.C. and; Florida's statutory implied warranties; and Florida common law relating to non-delegable duties.

282.   Developer is without fault and the only source of potential liability to them is vicarious or derivative as a result of the acts or omissions of M.C. in the performance of its work at the Condominium.

283.   Developer would only be derivatively, technically, constructively or vicarious liable for the damages as a result of the alleged actions or inactions of M.C..

284.   Developer is entitled to common law indemnity from M.C..

WHEREFORE, the Developer respectfully demands judgment for damages against M.C. for all damages, costs, interests, including attorneys' fees and such additional relief that this Court deems just and proper.

### Count 39 -Violation of Fla. Stat. 718.203
### (M.C. Flooring Corporation)

285.   Developer re-alleges and incorporates by reference the allegations in Paragraphs 1-42 as if fully set forth herein.

286.   M.C. is a subcontractor who furnished labor, services, and/or materials in the construction of the Condominium within the purview of Section 718.203 Florida Statutes.

287.   Pursuant to Section 718.203, Florida Statutes, M.C. granted the Developer an implied warranty of fitness as to the work performed and materials supplied by M.C..

288.   If the defects and deficiencies at the Condominium alleged by Plaintiff with regard to Coreslab's Scope of Work are proven to be true, then M.C. has breached its statutorily implied warranty to the Developer.

289.   Developer has suffered and will suffer damages as a natural, foreseeable and proximate result of M.C.'s breaches of its warranties to the Developer under Section 718.203, Florida Statutes.

WHEREFORE, the Developer respectfully demands judgment for damages against M.C. for all damages, costs, interests and such additional relief that this Court deems just and proper.

### Count 40 -Breach of Contract
### (New Door Installation)

290.   Developer re-alleges and incorporates by reference the allegations in Paragraphs 1-42 as if fully set forth herein.

291.   New Door entered into a written subcontract agreement with Contractor to perform New Door's Scope of Work, as well as, to defend and indemnify Developer and have Developer named as an additional insured under its general liability insurance policies. A copy of the subcontract agreement is attached as Exhibit "14."

*Beachwalk (at Hallandale) Condominium Association, Inc. v. PRH 2600 Hallandale Beach, LLC. et al.*
CACE 18-008615 (05)
Page 47 of 72

292.    Developer is an express and/or intended beneficiary under New Door subcontract agreement.

293.    Plaintiff has alleged that defects and deficiencies exist at the Condominium resulting from New Door's Scope of Work and has sued Developer as a result.

294.    If true, New Door would be in breach of its subcontract agreement and Developer is or may be liable to the Plaintiff as a result.

295.    Separate and apart from this, Developer has demanded its defense, indemnity and additional insured coverage from New Door and its insurers.

296.    New Door has failed and refused to defend and indemnify Developer thereby breaching its subcontract agreement.

297.    New Door's insurers have denied that Developer is an additional insured under New Door's general liability insurance policies which is a breach of its subcontract agreement by New Door.

298.    Developer has suffered damages which include the fees and costs associates with defending itself in this action, as well as, the potential liability to the Plaintiff.

WHEREFORE, the Developer respectfully demands judgment for damages against New Door for all damages, costs, interests, including attorneys' fees and such additional relief that this Court deems just and proper.

### Count 41  -Common Law Indemnity
### (New Door Installation)

299.    Developer re-alleges and incorporates by reference the allegations in Paragraphs 1-42 as if fully set forth herein.

300.    There exists a special relationship between Developer and New Door  which, Developer, if the trier of fact or law believes the claims of liability and damages of the Plaintiff,

can or will become liable solely based on the acts or omissions of New Door.  This special

relationship is formed by, among other things, the contractual relationship between Contractor,

Developer and New Door and; Florida's statutory implied warranties; and Florida common law

relating to non-delegable duties.

301.   Developer is without fault and the only source of potential liability to them is

vicarious or derivative as a result of the acts or omissions of New Door in the performance of its

work at the Condominium.

302.   Developer would only be derivatively, technically, constructively or vicarious

liable for the damages as a result of the alleged actions or inactions of New Door.

303.   Developer is entitled to common law indemnity from New Door.

WHEREFORE, the Developer respectfully demands judgment for damages against New

Door for all damages, costs, interests, including attorneys' fees and such additional relief that this

Court deems just and proper.

### Count 42 -Violation of Fla. Stat. 718.203
### (New Door Installation)

304.   Developer re-alleges and incorporates by reference the allegations in Paragraphs 1–

42 as if fully set forth herein.

305.   New Door is a subcontractor who furnished labor, services, and/or materials in the

construction of the Condominium within the purview of Section 718.203 Florida Statutes.

306.   Pursuant to Section 718.203, Florida Statutes, New Door granted the Developer an

implied warranty of fitness as to the work performed and materials supplied by New Door.

307.   If the defects and deficiencies at the Condominium alleged by Plaintiff with regard

to New Door's Scope of Work are proven to be true, then New Door has breached its statutorily

implied warranty to the Developer.

*Beachwalk (at Hallandale) Condominium Association, Inc. v. PRH 2600 Hallandale Beach, LLC. et al.*
*CACE 18-008615 (05)*
*Page 49 of 72*

308.    Developer has suffered and will suffer damages as a natural, foreseeable and proximate result of New Door's breaches of its warranties to the Developer under Section 718.203, Florida Statutes.

WHEREFORE, the Developer respectfully demands judgment for damages against New Door for all damages, costs, interests, and such additional relief that this Court deems just and proper.

### Count 43  - Breach of Contract
### (Perfect Pavers)

309.    Developer re-alleges and incorporates by reference the allegations in Paragraphs 1-42 as if fully set forth herein.

310.    Perfect Pavers entered into a written subcontract agreement with Contractor to perform Perfect Pavers Scope of Work, as well as, to defend and indemnify Developer and have Developer named as an additional insured under its general liability insurance policies. A copy of the subcontract agreement is attached as Exhibit "15."

311.    Developer is an express and/or intended beneficiary under Perfect Pavers subcontract agreement.

312.    Plaintiff has alleged that defects and deficiencies exist at the Condominium resulting from Perfect Pavers' Scope of Work and has sued Developer as a result.

313.    If true, Perfect Pavers would be in breach of its subcontract agreement and Developer is or may be liable to the Plaintiff as a result.

314.    Separate and apart from this, Developer has demanded its defense, indemnity and additional insured coverage from Perfect Pavers and its insurers.

315.    Perfect Pavers has failed and refused to defend and indemnify Developer thereby breaching its subcontract agreement.

*Beachwalk (at Hallandale) Condominium Association, Inc. v. PRH 2600 Hallandale Beach, LLC. et al.*
*CACE 18-008615 (05)*
*Page 50 of 72*

316.    Perfect Pavers' insurers have denied that Developer is an additional insured under Perfect Pavers' general liability insurance policies which is a breach of its subcontract agreement by Perfect Pavers.

317.    Developer has suffered damages which include the fees and costs associates with defending itself in this action, as well as, the potential liability to the Plaintiff.

WHEREFORE, the Developer respectfully demands judgment for damages against Perfect Pavers for all damages, costs, interests, including attorneys' fees and such additional relief that this Court deems just and proper.

### Count 44  -Common Law Indemnity
### (Coreslab Structure)

318.    Developer re-alleges and incorporates by reference the allegations in Paragraphs 1-42 as if fully set forth herein.

319.    There exists a special relationship between Developer and Perfect Pavers which, Developer, if the trier of fact or law believes the claims of liability and damages of the Plaintiff, can or will become liable solely based on the acts or omissions of Perfect Pavers.  This special relationship is formed by, among other things, the contractual relationship between Contractor, Developer and Perfect Pavers and; Florida's statutory implied warranties; and Florida common law relating to non-delegable duties.

320.    Developer is without fault and the only source of potential liability to them is vicarious or derivative as a result of the acts or omissions of Perfect Pavers in the performance of its work at the Condominium.

321.    Developer would only be derivatively, technically, constructively or vicarious liable for the damages as a result of the alleged actions or inactions of Perfect Pavers.

322.    Developer is entitled to common law indemnity from Perfect Pavers.

WHEREFORE, the Developer respectfully demands judgment for damages against Perfect Pavers for all damages, costs, interests, including attorneys' fees and such additional relief that this Court deems just and proper.

### Count 45  -Violation of Fla. Stat. 718.203
### (Perfect Pavers)

323.    Developer re-alleges and incorporates by reference the allegations in Paragraphs 1-42 as if fully set forth herein.

324.    Perfect Pavers is a subcontractor who furnished labor, services, and/or materials in the construction of the Condominium within the purview of Section 718.203 Florida Statutes.

325.    Pursuant to Section 718.203, Florida Statutes, Perfect Pavers granted the Developer an implied warranty of fitness as to the work performed and materials supplied by Perfect Pavers.

326.    If the defects and deficiencies at the Condominium alleged by Plaintiff with regard to Perfect Pavers' Scope of Work are proven to be true, then Perfect Pavers has breached its statutorily implied warranty to the Developer.

327.    Developer has suffered and will suffer damages as a natural, foreseeable and proximate result of Perfect Pavers' breaches of its warranties to the Developer under Section 718.203, Florida Statutes.

WHEREFORE, the Developer respectfully demands judgment for damages against Perfect Paver for all damages, costs, interests, and such additional relief that this Court deems just and proper.

### Count 46  -Breach of Contract
### (Rebar Unlimited)

328.    Developer re-alleges and incorporates by reference the allegations in Paragraphs 1-42 as if fully set forth herein.

329.    Rebar entered into a written subcontract agreement with Contractor to perform Rebar's Scope of Work, as well as, to defend and indemnify Developer and have Developer named as an additional insured under its general liability insurance policies. A copy of the subcontract agreement is attached as Exhibit "16."

330.    Developer is an express and/or intended beneficiary under Rebar subcontract agreement.

331.    Plaintiff has alleged that defects and deficiencies exist at the Condominium resulting from Rebar's Scope of Work and has sued Developer as a result.

332.    If true, Rebar would be in breach of its subcontract agreement and Developer is or may be liable to the Plaintiff as a result.

333.    Separate and apart from this, Developer has demanded its defense, indemnity and additional insured coverage from Rebar and its insurers.

334.    Rebar has failed and refused to defend and indemnify Developer thereby breaching its subcontract agreement.

335.    Rebar's insurers have denied that Developer is an additional insured under Rebar's general liability insurance policies which is a breach of its subcontract agreement by Rebar.

336.    Developer has suffered damages which include the fees and costs associates with defending itself in this action, as well as, the potential liability to the Plaintiff.

WHEREFORE, the Developer respectfully demands judgment for damages against Rebar for all damages, costs, interests, including attorneys' fees and such additional relief that this Court deems just and proper.

*Beachwalk (at Hallandale) Condominium Association, Inc. v. PRH 2600 Hallandale Beach, LLC. et al.*
*CACE 18-008615 (05)*
*Page 53 of 72*

**Count 47  -Common Law Indemnity**
**(Rebar Unlimited)**

337.    Developer re-alleges and incorporates by reference the allegations in Paragraphs 1-42 as if fully set forth herein.

338.    There exists a special relationship between Developer and Rebar which, Developer, if the trier of fact or law believes the claims of liability and damages of the Plaintiff, can or will become liable solely based on the acts or omissions of Rebar.  This special relationship is formed by, among other things, the contractual relationship between Contractor, Developer and Rebar and; Florida's statutory implied warranties; and Florida common law relating to non-delegable duties.

339.    Developer is without fault and the only source of potential liability to them is vicarious or derivative as a result of the acts or omissions of Rebar in the performance of its work at the Condominium.

340.    Developer would only be derivatively, technically, constructively or vicarious liable for the damages as a result of the alleged actions or inactions of Rebar.

341.    Developer is entitled to common law indemnity from Rebar.

WHEREFORE, the Developer respectfully demands judgment for damages against Rebar for all damages, costs, interests, including attorneys' fees and such additional relief that this Court deems just and proper.

**Count 48  -Violation of Fla. Stat. 718.203**
**(Rebar Unlimited)**

342.    Developer re-alleges and incorporates by reference the allegations in Paragraphs 1-42 as if fully set forth herein.

343.    Rebar is a subcontractor who furnished labor, services, and/or materials in the construction of the Condominium within the purview of Section 718.203 Florida Statutes.

*Beachwalk (at Hallandale) Condominium Association, Inc. v. PRH 2600 Hallandale Beach, LLC. et al.*
*CACE 18-008615 (05)*
*Page 54 of 72*

344.    Pursuant to Section 718.203, Florida Statutes, Rebar granted the Developer an implied warranty of fitness as to the work performed and materials supplied by Rebar.

345.    If the defects and deficiencies at the Condominium alleged by Plaintiff with regard to Rebar's Scope of Work are proven to be true, then Rebar has breached its statutorily implied warranty to the Developer.

346.    Developer has suffered and will suffer damages as a natural, foreseeable and proximate result of Rebar's breaches of its warranties to the Developer under Section 718.203, Florida Statutes.

WHEREFORE, the Developer respectfully demands judgment for damages against Rebar for all damages, costs, interests, and such additional relief that this Court deems just and proper.

**Count 49  -Breach of Contract**
**(Rosen Materials)**

347.    Developer re-alleges and incorporates by reference the allegations in Paragraphs 1-42 as if fully set forth herein.

348.    Rosen entered into a written subcontract agreement with Contractor to perform Rosen's Scope of Work, as well as, to defend and indemnify Developer and have Developer named as an additional insured under its general liability insurance policies. A copy of the subcontract agreement is attached as Exhibit "17."

349.    Developer is an express and/or intended beneficiary under Rosen subcontract agreement.

350.    Plaintiff has alleged that defects and deficiencies exist at the Condominium resulting from Rosen's Scope of Work and has sued Developer as a result.

351.    If true, Rosen would be in breach of its subcontract agreement and Developer is or may be liable to the Plaintiff as a result.

352.   Separate and apart from this, Developer has demanded its defense, indemnity and additional insured coverage from Rosen and its insurers.

353.   Coreslab has failed and refused to defend and indemnify Developer thereby breaching its subcontract agreement.

354.   Rosen's insurers have denied that Developer is an additional insured under Rosen's general liability insurance policies which is a breach of its subcontract agreement by Rosen.

355.   Developer has suffered damages which include the fees and costs associates with defending itself in this action, as well as, the potential liability to the Plaintiff.

WHEREFORE, the Developer respectfully demands judgment for damages against Rosen for all damages, costs, interests, including attorneys' fees and such additional relief that this Court deems just and proper.

### Count 50  -Common Law Indemnity
### (Rosen Materials)

356.   Developer re-alleges and incorporates by reference the allegations in Paragraphs 1-42 as if fully set forth herein.

357.   There exists a special relationship between Developer and Rosen which, Developer, if the trier of fact or law believes the claims of liability and damages of the Plaintiff, can or will become liable solely based on the acts or omissions of Rosen.  This special relationship is formed by, among other things, the contractual relationship between Contractor, Developer and Rosen and; Florida's statutory implied warranties; and Florida common law relating to non-delegable duties.

358.   Developer is without fault and the only source of potential liability to them is vicarious or derivative as a result of the acts or omissions of Rosen in the performance of its work at the Condominium.

*Beachwalk (at Hallandale) Condominium Association, Inc. v. PRH 2600 Hallandale Beach, LLC. et al.*
*CACE 18-008615 (05)*
*Page 56 of 72*

359.   Developer would only be derivatively, technically, constructively or vicarious liable for the damages as a result of the alleged actions or inactions of Rosen.

360.   Developer is entitled to common law indemnity from Rosen.

WHEREFORE, the Developer respectfully demands judgment for damages against Rosen for all damages, costs, interests, including attorneys' fees and such additional relief that this Court deems just and proper.

### Count 51  -Violation of Fla. Stat. 718.203
### (Rosen Materials)

361.   Developer re-alleges and incorporates by reference the allegations in Paragraphs 1-42 as if fully set forth herein.

362.   Rosen is a subcontractor who furnished labor, services, and/or materials in the construction of the Condominium within the purview of Section 718.203 Florida Statutes.

363.   Pursuant to Section 718.203, Florida Statutes, Rosen granted the Developer an implied warranty of fitness as to the work performed and materials supplied by Rosen.

364.   If the defects and deficiencies at the Condominium alleged by Plaintiff with regard to Rosen's Scope of Work are proven to be true, then Rosen has breached its statutorily implied warranty to the Developer.

365.   Developer has suffered and will suffer damages as a natural, foreseeable and proximate result of Rosen's breaches of its warranties to the Developer under Section 718.203, Florida Statutes.

WHEREFORE, the Developer respectfully demands judgment for damages against Rosen for all damages, costs, interests, and such additional relief that this Court deems just and proper.

## Count 52 -Breach of Contract
### (Skyline Systems)

366.    Developer re-alleges and incorporates by reference the allegations in Paragraphs 1-42 as if fully set forth herein.

367.    Skyline entered into a written subcontract agreement with Contractor to perform Skyline's Scope of Work, as well as, to defend and indemnify Developer and have Developer named as an additional insured under its general liability insurance policies. A copy of the subcontract agreement is attached as Exhibit "18."

368.    Developer is an express and/or intended beneficiary under Skyline subcontract agreement.

369.    Plaintiff has alleged that defects and deficiencies exist at the Condominium resulting from Skyline's Scope of Work and has sued Developer as a result.

370.    If true, Skyline would be in breach of its subcontract agreement and Developer is or may be liable to the Plaintiff as a result.

371.    Separate and apart from this, Developer has demanded its defense, indemnity and additional insured coverage from Skyline and its insurers.

372.    Skyline has failed and refused to defend and indemnify Developer thereby breaching its subcontract agreement.

373.    Skyline's insurers have denied that Developer is an additional insured under Skyline's general liability insurance policies which is a breach of its subcontract agreement by Skyline.

374.    Developer has suffered damages which include the fees and costs associates with defending itself in this action, as well as, the potential liability to the Plaintiff.

WHEREFORE, the Developer respectfully demands judgment for damages against Skyline for all damages, costs, interests, including attorneys' fees and such additional relief that this Court deems just and proper.

### Count 53 -Common Law Indemnity
### (Skyline Systems)

375.    Developer re-alleges and incorporates by reference the allegations in Paragraphs 1-42 as if fully set forth herein.

376.    There exists a special relationship between Developer and Skyline which, Developer, if the trier of fact or law believes the claims of liability and damages of the Plaintiff, can or will become liable solely based on the acts or omissions of Skyline. This special relationship is formed by, among other things, the contractual relationship between Contractor, Developer and Skyline and; Florida's statutory implied warranties; and Florida common law relating to non-delegable duties.

377.    Developer is without fault and the only source of potential liability to them is vicarious or derivative as a result of the acts or omissions of Skyline in the performance of its work at the Condominium.

378.    Developer would only be derivatively, technically, constructively or vicarious liable for the damages as a result of the alleged actions or inactions of Skyline.

379.    Developer is entitled to common law indemnity from Skyline.

WHEREFORE, the Developer respectfully demands judgment for damages against Skyline for all damages, costs, interests, including attorneys' fees and such additional relief that this Court deems just and proper.

### Count 54 -Violation of Fla. Stat. 718.203
### (Skyline Systems)

*Beachwalk (at Hallandale) Condominium Association, Inc. v. PRH 2600 Hallandale Beach, LLC. et al.*
*CACE 18-008615 (05)*
*Page 59 of 72*

380.    Developer re-alleges and incorporates by reference the allegations in Paragraphs 1-42 as if fully set forth herein.

381.    Skyline is a subcontractor who furnished labor, services, and/or materials in the construction of the Condominium within the purview of Section 718.203 Florida Statutes.

382.    Pursuant to Section 718.203, Florida Statutes, Skyline granted the Developer an implied warranty of fitness as to the work performed and materials supplied by Skyline.

383.    If the defects and deficiencies at the Condominium alleged by Plaintiff with regard to Skyline's Scope of Work are proven to be true, then Skyline has breached its statutorily implied warranty to the Developer.

384.    Developer has suffered and will suffer damages as a natural, foreseeable and proximate result of Skyline's breaches of its warranties to the Developer under Section 718.203, Florida Statutes.

WHEREFORE, the Developer respectfully demands judgment for damages against Skyline for all damages, costs, interests, and such additional relief that this Court deems just and proper.

### Count 55 -Breach of Contract
### (Summers Fire Protection)

385.    Developer re-alleges and incorporates by reference the allegations in Paragraphs 1-42 as if fully set forth herein.

386.    Summers entered into a written subcontract agreement with Contractor to perform Summers' Scope of Work, as well as, to defend and indemnify Developer and have Developer named as an additional insured under its general liability insurance policies. A copy of the subcontract agreement is attached as Exhibit "19."

387.   Developer is an express and/or intended beneficiary under Summers subcontract agreement.

388.   Plaintiff has alleged that defects and deficiencies exist at the Condominium resulting from Summers' Scope of Work and has sued Developer as a result.

389.   If true, Summers would be in breach of its subcontract agreement and Developer is or may be liable to the Plaintiff as a result.

390.   Separate and apart from this, Developer has demanded its defense, indemnity and additional insured coverage from Summers and its insurers.

391.   Summers has failed and refused to defend and indemnify Developer thereby breaching its subcontract agreement.

392.   Summers' insurers have denied that Developer is an additional insured under Summers' general liability insurance policies which is a breach of its subcontract agreement by Summers.

393.   Developer has suffered damages which include the fees and costs associates with defending itself in this action, as well as, the potential liability to the Plaintiff.

WHEREFORE, the Developer respectfully demands judgment for damages against Summers for all damages, costs, interests, including attorneys' fees and such additional relief that this Court deems just and proper.

### Count 56 -Common Law Indemnity
### (Summers Fire Protection)

394.   Developer re-alleges and incorporates by reference the allegations in Paragraphs 1-42 as if fully set forth herein.

395.   There exists a special relationship between Developer and Summers which, Developer, if the trier of fact or law believes the claims of liability and damages of the Plaintiff,

*Beachwalk (at Hallandale) Condominium Association, Inc. v. PRH 2600 Hallandale Beach, LLC. et al.*
*CACE 18-008615 (05)*
*Page 61 of 72*

can or will become liable solely based on the acts or omissions of Summers. This special relationship is formed by, among other things, the contractual relationship between Contractor, Developer and Summers and; Florida's statutory implied warranties; and Florida common law relating to non-delegable duties.

396.    Developer is without fault and the only source of potential liability to them is vicarious or derivative as a result of the acts or omissions of Summers in the performance of its work at the Condominium.

397.    Developer would only be derivatively, technically, constructively or vicarious liable for the damages as a result of the alleged actions or inactions of Summers.

398.    Developer is entitled to common law indemnity from Summers.

WHEREFORE, the Developer respectfully demands judgment for damages against Summers for all damages, costs, interests, including attorneys' fees and such additional relief that this Court deems just and proper.

### Count 57 - Violation of Fla. Stat. 718.203
### (Summers Fire Protection)

399.    Developer re-alleges and incorporates by reference the allegations in Paragraphs 1-42 as if fully set forth herein.

400.    Summers is a subcontractor who furnished labor, services, and/or materials in the construction of the Condominium within the purview of Section 718.203 Florida Statutes.

401.    Pursuant to Section 718.203, Florida Statutes, Summers granted the Developer an implied warranty of fitness as to the work performed and materials supplied by Summer.

402.    If the defects and deficiencies at the Condominium alleged by Plaintiff with regard to Summers' Scope of Work are proven to be true, then Summer has breached its statutorily implied warranty to the Developer.

403.    Developer has suffered and will suffer damages as a natural, foreseeable and proximate result of Summers' breaches of its warranties to the Developer under Section 718.203, Florida Statutes.

WHEREFORE, the Developer respectfully demands judgment for damages against Summers for all damages, costs, interests, and such additional relief that this Court deems just and proper.

### Count 58 – Breach of Contract
### (ThyssenKrupp Elevator)

404.    Developer re-alleges and incorporates by reference the allegations in Paragraphs 1-42 as if fully set forth herein.

405.    ThyssenKrupp entered into a written subcontract agreement with Contractor to perform ThyssenKrupp's Scope of Work, as well as, to defend and indemnify Developer and have Developer named as an additional insured under its general liability insurance policies. A copy of the subcontract agreement is attached as Exhibit "20."

406.    Developer is an express and/or intended beneficiary under ThyssenKrupp subcontract agreement.

407.    Plaintiff has alleged that defects and deficiencies exist at the Condominium resulting from ThyssenKrupp's Scope of Work and has sued Developer as a result.

408.    If true, ThyssenKrupp would be in breach of its subcontract agreement and Developer is or may be liable to the Plaintiff as a result.

409.    Separate and apart from this, Developer has demanded its defense, indemnity and additional insured coverage from ThyssenKrupp and its insurers.

410.    ThyssenKrupp has failed and refused to defend and indemnify Developer thereby breaching its subcontract agreement.

*Beachwalk (at Hallandale) Condominium Association, Inc. v. PRH 2600 Hallandale Beach, LLC. et al.*
*CACE 18-008615 (05)*
*Page 63 of 72*

411.     ThyssenKrupp's insurers have denied that Developer is an additional insured under ThyssenKrupp's general liability insurance policies which is a breach of its subcontract agreement by ThyssenKrupp.

412.     Developer has suffered damages which include the fees and costs associates with defending itself in this action, as well as, the potential liability to the Plaintiff.

WHEREFORE, the Developer respectfully demands judgment for damages against ThyssenKrupp for all damages, costs, interests, including attorneys' fees and such additional relief that this Court deems just and proper.

### Count 59  -Common Law Indemnity
### (ThyssenKrupp Elevator)

413.     Developer re-alleges and incorporates by reference the allegations in Paragraphs 1-42 as if fully set forth herein.

414.     There exists a special relationship between Developer and ThyssenKrupp which, Developer, if the trier of fact or law believes the claims of liability and damages of the Plaintiff, can or will become liable solely based on the acts or omissions of ThyssenKrupp.  This special relationship is formed by, among other things, the contractual relationship between Contractor, Developer and ThyssenKrupp and; Florida's statutory implied warranties; and Florida common law relating to non-delegable duties.

415.     Developer is without fault and the only source of potential liability to them is vicarious or derivative as a result of the acts or omissions of ThyssenKrupp in the performance of its work at the Condominium.

416.     Developer would only be derivatively, technically, constructively or vicarious liable for the damages as a result of the alleged actions or inactions of ThyssenKrupp.

417.     Developer is entitled to common law indemnity from ThyssenKrupp.

WHEREFORE, the Developer respectfully demands judgment for damages against ThyssenKrupp for all damages, costs, interests, including attorneys' fees and such additional relief that this Court deems just and proper.

### Count 60  -Violation of Fla. Stat. 718.203
### (ThyssenKrupp Elevator)

418.    Developer re-alleges and incorporates by reference the allegations in Paragraphs 1-42 as if fully set forth herein.

419.    ThyssenKrupp is a subcontractor who furnished labor, services, and/or materials in the construction of the Condominium within the purview of Section 718.203 Florida Statutes.

420.    Pursuant to Section 718.203, Florida Statutes, ThyssenKrupp granted the Developer an implied warranty of fitness as to the work performed and materials supplied by ThyssenKrupp.

421.    If the defects and deficiencies at the Condominium alleged by Plaintiff with regard to ThyssenKrupp's Scope of Work are proven to be true, then ThyssenKrupp has breached its statutorily implied warranty to the Developer.

422.    Developer has suffered and will suffer damages as a natural, foreseeable and proximate result of ThyssenKrupp's breaches of its warranties to the Developer under Section 718.203, Florida Statutes.

WHEREFORE, the Developer respectfully demands judgment for damages against ThyssenKrupp for all damages, costs, interests, and such additional relief that this Court deems just and proper.

*Beachwalk (at Hallandale) Condominium Association, Inc. v. PRH 2600 Hallandale Beach, LLC. et al.*
*CACE 18-008615 (05)*
*Page 65 of 72*

### Count 61  -Breach of Contract
### (Wilkinson Hi Rise)

423.   Developer re-alleges and incorporates by reference the allegations in Paragraphs 1-42 as if fully set forth herein.

424.   Wilkinson entered into a written subcontract agreement with Contractor to perform Wilkinson's Scope of Work, as well as, to defend and indemnify Developer and have Developer named as an additional insured under its general liability insurance policies. A copy of the subcontract agreement is attached as Exhibit "21."

425.   Developer is an express and/or intended beneficiary under Wilkinson subcontract agreement.

426.   Plaintiff has alleged that defects and deficiencies exist at the Condominium resulting from Wilkinson's Scope of Work and has sued Developer as a result.

427.   If true, Wilkinson would be in breach of its subcontract agreement and Developer is or may be liable to the Plaintiff as a result.

428.   Separate and apart from this, Developer has demanded its defense, indemnity and additional insured coverage from Wilkinson and its insurers.

429.   Wilkinson has failed and refused to defend and indemnify Developer thereby breaching its subcontract agreement.

430.   Wilkinson's insurers have denied that Developer is an additional insured under Wilkinson's general liability insurance policies which is a breach of its subcontract agreement by Wilkinson.

431.   Developer has suffered damages which include the fees and costs associates with defending itself in this action, as well as, the potential liability to the Plaintiff.

WHEREFORE, the Developer respectfully demands judgment for damages against Wilkinson for all damages, costs, interests, including attorneys' fees and such additional relief that this Court deems just and proper.

### Count 62 -Common Law Indemnity
### (Wilkinson Hi Rise)

432.    Developer re-alleges and incorporates by reference the allegations in Paragraphs 1-42 as if fully set forth herein.

433.    There exists a special relationship between Developer and Wilkinson which, Developer, if the trier of fact or law believes the claims of liability and damages of the Plaintiff, can or will become liable solely based on the acts or omissions of Wilkinson.  This special relationship is formed by, among other things, the contractual relationship between Contractor, Developer and Wilkinson and; Florida's statutory implied warranties; and Florida common law relating to non-delegable duties.

434.    Developer is without fault and the only source of potential liability to them is vicarious or derivative as a result of the acts or omissions of Wilkinson in the performance of its work at the Condominium.

435.    Developer would only be derivatively, technically, constructively or vicarious liable for the damages as a result of the alleged actions or inactions of Wilkinson.

436.    Developer is entitled to common law indemnity from Wilkinson.

WHEREFORE, the Developer respectfully demands judgment for damages against Wilkinson for all damages, costs, interests, including attorneys' fees and such additional relief that this Court deems just and proper.

### Count 63 -Violation of Fla. Stat. 718.203
### (Wilkinson Hi Rise)

437.    Developer re-alleges and incorporates by reference the allegations in Paragraphs 1-42 as if fully set forth herein.

438.    Wilkinson is a subcontractor who furnished labor, services, and/or materials in the construction of the Condominium within the purview of Section 718.203 Florida Statutes.

439.    Pursuant to Section 718.203, Florida Statutes, Wilkinson granted the Developer an implied warranty of fitness as to the work performed and materials supplied by Wilkinson.

440.    If the defects and deficiencies at the Condominium alleged by Plaintiff with regard to Wilkinson's Scope of Work are proven to be true, then Wilkinson has breached its statutorily implied warranty to the Developer.

441.    Developer has suffered and will suffer damages as a natural, foreseeable and proximate result of Wilkinson's breaches of its warranties to the Developer under Section 718.203, Florida Statutes.

WHEREFORE, the Developer respectfully demands judgment for damages against Wilkinson for all damages, costs, interests, including attorneys' fees and such additional relief that this Court deems just and proper.

### Count 64 -Breach of Contract
### (Contour Marine)

442.    Developer re-alleges and incorporates by reference the allegations in Paragraphs 1-42 as if fully set forth herein.

443.    This is an action against Contour Marine for breach of contract.

444.    If Plaintiff's allegations are proven to be true, then Contour Marine has materially breached the Contract by, among other things, failing to construct the sea wall and dock at the

*Beachwalk (at Hallandale) Condominium Association, Inc. v. PRH 2600 Hallandale Beach, LLC. et al.*
*CACE 18-008615 (05)*
*Page 68 of 72*

Condominium which was within Contour Marine's Scope of Work in accordance with the Contract and applicable building codes. *See* Ex. 22.

445.    To the extent that the Developer is found to be liable to the Plaintiff for Contour Marine's Scope of Work, the Developer has suffered, and will suffer, damages as a natural, foreseeable, and proximate result of Contour Marine's material breaches of the Contract.

WHEREFORE, the Developer respectfully requests this Court to enter judgment in its favor, and against Contour Marine, for damages, together with interest, costs and attorneys' fees and such additional relief that this Court deems just and proper.

### Count 65 -Common Law Indemnity
### (Contour Marine)

446.    Developer re-alleges and incorporates by reference the allegations in Paragraphs 1-42 as if fully set forth herein.

447.    There exists a special relationship between Developer and Contour Marine which, Developer, if the trier of fact or law believes the claims of liability and damages of the Plaintiff, can or will become liable solely based on the acts or omissions of Contour Marine.  This special relationship is formed by, among other things, the contractual relationship between Developer and Contour Marine and; Florida's statutory implied warranties; and Florida common law relating to non-delegable duties.

448.    Developer is without fault and the only source of potential liability to them is vicarious or derivative as a result of the acts or omissions of Contour Marine in the performance of its work at the Condominium.

449.    Developer would only be derivatively, technically, constructively or vicarious liable for the damages as a result of the alleged actions or inactions of Contour Marine.

450.    Developer is entitled to common law indemnity from Contour Marine.

WHEREFORE, the Developer respectfully demands judgment for damages against Wilkinson for all damages, costs, interests, including attorneys' fees and such additional relief that this Court deems just and proper.

### Count 66 -Negligence
### (Contour Marine)

451.    Developer re-alleges and incorporates by reference the allegations in Paragraphs 1-42 as if fully set forth herein.

452.    This is an action for negligence against Contour Marine.

453.    As an installer of seawalls and docks and supplier of fixtures and accessories at the Condominium, Contour Marine owed the Developer a duty of reasonable care to perform its work: (a) in a manner that did not create an unreasonable risk of harm or damage to the Condominium, including the Seawall Work and work within Contour Marine's scope of work at the Condominium, the Unit Owners, and the personal property located at the Condominium; (b) in compliance with the Building Code and other legal requirements applicable to the construction of the Condominium, including the Seawall Work; and/or (c) to otherwise act in a reasonable fashion to avoid damaging the Developer, Plaintiff, the Unit Owners, and the Condominium.

454.    Plaintiff alleges that multiple defects and deficiencies exist in the construction of the Condominium, including the Seawall Work and work within Contour Marine's Scope of Work at the Condominium.

455.    If Plaintiff prevails on its claims against the Developer with respect to Contour Marine's scope of work on the Condominium, including the Seawall Work, then Contour Marine acted negligently and violated its duties to the Developer by failing to exercise reasonable care to perform its work: (a) in a manner that did not create an unreasonable risk of harm or damage to the Developer, the Condominium and components of the Condominium other than the work

performed by Contour Marine, including Plaintiff, the Unit Owners, and the personal property located at the Condominium; (b) in compliance with the code and other legal requirements applicable to the Condominium's construction, and/or (c) to otherwise act in a reasonable fashion to avoid damaging the Developer, the Condominium and components of the Condominium other than the work performed by Contour Marine, including Plaintiff, the Unit Owners, and the personal property located at the Condominium.

456.   Given its role as a specialized marine contractor, Contour Marine knew or should have known, and could foresee, that if it negligently performed its work and duties it would cause harm and damages to the Developer, the Condominium and components of the Condominium other than the work performed by Contour Marine, including Plaintiff, the Unit Owners, and the personal property located at the Condominium.

457.   Plaintiff has purportedly suffered resulting damages flowing from the Seawall Work and/or Contour Marine's scope of work at the Condominium and it is seeking to recover such damages from the Developer.

458.   The Developer has suffered damages as a direct and proximate result of Contour Marine's purportedly negligent conduct. The Developer has been required to defend itself against Plaintiff's lawsuit. Additionally, if Plaintiff prevails on its claims against the Developer with respect to the Seawall Work and/or Contour Marine's scope of work on the Condominium, then the Developer will suffer additional damages as a direct and proximate result of Contour Marine's negligent conduct.

459.   Contour Marine knew or should have known that if it acted negligently, the Developer would suffer the damages at issue in this matter.

*Beachwalk (at Hallandale) Condominium Association, Inc. v. PRH 2600 Hallandale Beach, LLC. et al.*
*CACE 18-008615 (05)*
*Page 71 of 72*

WHEREFORE, the Developer respectfully requests this Court to enter judgment in its favor, and against Contour Marine, for damages, together with interest, costs, and such other additional relief that this Court deems just and proper.

### Count 63  -Violation of Fla. Stat. 718.203
### (Contour Marine)

460.    Developer re-alleges and incorporates by reference the allegations in Paragraphs 1-42 as if fully set forth herein.

461.    Wilkinson is a subcontractor who furnished labor, services, and/or materials in the construction of the Condominium within the purview of Section 718.203 Florida Statutes.

462.    Pursuant to Section 718.203, Florida Statutes, Contour Marine granted the Developer an implied warranty of fitness as to the work performed and materials supplied by Wilkinson.

463.    If the defects and deficiencies at the Condominium alleged by Plaintiff with regard to Contour Marine's Scope of Work are proven to be true, then Contour Marine has breached its statutorily implied warranty to the Developer.

464.    Developer has suffered and will suffer damages as a natural, foreseeable and proximate result of Contour Marine's breaches of its warranties to the Developer under Section 718.203, Florida Statutes

WHEREFORE, the Developer respectfully demands judgment for damages against Contour Marine for all damages, costs, interests, and such additional relief that this Court deems just and proper.

*Beachwalk (at Hallandale) Condominium Association, Inc. v. PRH 2600 Hallandale Beach, LLC. et al.*
*CACE 18-008615 (05)*
*Page 72 of 72*

## DEMAND FOR JURY TRIAL

PRH 2600 Hallandale Beach, LLC demands a trial by jury on any and all issues so triable.

**Dated**: This ___19th___ day of February, 2021.

                                                          Respectfully submitted,

                                                          **THE CARLSON LAW FIRM P.A.**

                                                          *Robert Carlson*

                              By: _____
                                                          ROBERT A. CARLSON, ESQ.
                                                          Florida Bar No. 68433
                                                          rcarlson@carlsonfirm.com
                                                          100 Biscayne Boulevard, Suite 605
                                                          Miami, Florida 33132
                                                          Telephone: (305) 377-2323
                                                          Facsimile:  (305) 377-2320

                                                          *Attorneys for Defendant* PRH 2600
                                                          Hallandale Beach, LLC