IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| Woody Rashad, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action File No.: |
| | ) | |
| vs. | ) | |
| | ) | |
| Sequium Asset Solutions, LLC, | ) | **COMPLAINT WITH** |
| | ) | **JURY TRIAL DEMAND** |
| Defendant | ) | |
| | ) | |

**PRELIMINARY STATEMENT**

This action for damages is based upon the Defendant's overt and intentional, unlawful conduct in the furtherance of its efforts to collect a consumer debt. The Defendant's conduct is in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq.

**PARTIES**

1. Plaintiff, Woody Rashad, is a natural person who resides in Fulton County, Georgia.

2. Defendant, Sequium Asset Solutions, LLC, is a Georgia corporation. Defendant may be served with process via its registered agent, Registered Agent Solutions, Inc. at 900 Old Roswell Lakes Pkwy, Suite 310, Roswell, GA 30076.

1

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction over Plaintiff's Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. This Court has personal jurisdiction over Defendant because, inter alia, Defendants frequently and routinely conducts business in the State of Georgia, including the conduct complained of herein.

5. Pursuant to 28 U.S.C. § 1391, venue is proper in the Northern District of Georgia because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. Venue is proper in the Atlanta Division because the conduct complained of herein occurred in Fulton County, Georgia.

## FACTUAL ALLEGATIONS

7. Plaintiff is allegedly obligated to pay a consumer debt arising from a personal cellular phone service account and is, therefore, a "consumer", as that term is defined by 15 U.S.C. § 1692a(3).

8. Defendant is a collection agency specializing in the collection of consumer debt.

9. Defendant uses interstate commerce and/or mail in its business in the collection of consumer debts.

10. Defendant manages, and collects upon, thousands of consumer debt accounts annually.

11. Defendant is, therefore, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

12. On June 23, 2022 the Plaintiff filed a Petition for Bankruptcy under Chapter 13 of the United States Bankruptcy Code in the Northern District of Georgia. His case was assigned number 22-54719.

13. Included as an unsecured creditor in the Plaintiff's schedules was AT&T with an anticipated claim of $374.00.

14. AT&T was served with notice of the Plaintiff's bankruptcy and its inclusion as a creditor by the Bankruptcy Noticing Center on June 25, 2022 at the electronic address that AT&T has registered with the bankruptcy court for that purpose.

15. The filing of a Chapter 13 bankruptcy petition triggers the imposition of an "automatic stay" pursuant to 11 U.S.C. § 362(a). Once a case is filed, the stay precludes "all entities" from,

(i)     the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or,

(ii)    any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;

(iii)   or any act to create, perfect, or enforce any lien against property of the estate; or

(iv)    any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title.

16.     Notwithstanding the protection afforded to the Plaintiff by virtue of his bankruptcy filing, he's being subjected to collection efforts for the debt owed to AT&T.  Specifically, on February 3, 2023 the Defendant caused to be sent to the Plaintiff a letter demanding payment of the amount of $373.54.

17.     This is the same debt scheduled in Plaintiff's bankruptcy case.

18.     In addition to the letter received by Plaintiff, he has received a number of telephone calls from the Defendant for the purpose of soliciting payment.

19. During the course of one or more of these calls, Plaintiff advised the Defendant that he had filed a bankruptcy case, yet contacts by the Defendant seeking collection persisted.

20. The Defendant's letter and telephone calls as described herein are violations of the automatic stay provided by 11 U.S.C. § 326(a).

21. The Defendant knew or should have known that its client was included in Plaintiff's bankruptcy and, further, that it was precluded from communicating with the Plaintiff regarding this debt.

22. The Defendant communicated with an individual whom it knew, or should have known, was represented by counsel with regard to the debt.

### INJURIES-IN-FACT AND DAMAGES

23. The FDCPA provides consumers with statutorily created rights to be free from 'being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.'" *McCamis v. Servis One, Inc.*, No. 8:16-CV-1130-T-30AEP, 2016 U.S. Dist. LEXIS 99492 (M.D. Fla. July 29, 2016); *Church v. Accretive Health, Inc.*, 654 Fed. Appx. 990, 2016 U.S. App. LEXIS 12414, 2016 WL 3611543 (11th Cir. 2016).

24. An injury-in-fact sufficient to satisfy Article III standing requirements "may exist solely by virtue of statutes creating legal rights, the invasion of which

creates standing." *Church*, at 993, quoting *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982).

25. Violation of statutory rights are not a "hypothetical or uncertain" injury, but one "that Congress has elevated to the status of a legally cognizable injury through the FDCPA." *McCamis*, at 4, citing *Church*, at 3.

26. As a result of the Defendant's actions and/or omissions, Plaintiff has suffered actual damages, including but not limited to the following:

a.) Being subjected to deceptive and unfair debt collection practices;

b.) Uncompensated time expended away from work and/or activities of daily living, to confer with counsel regarding the Defendant's collection efforts;

c.) Disturbance of the Plaintiff's peace and his right to be free of communications from the Defendant regarding this debt;

d.) The Plaintiff suffered a violation of his right to privacy.

e.) Anxiety and worry caused by concern that Defendant was going to continue its collection efforts disregarding the legal prohibition of such conduct.

## CAUSES OF ACTION

## COUNT I

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692 et. seq.**

*Violations of 15 U.SC. § 1692c and subparts*

27. The communications from the Defendant to Plaintiff violated 15 U.S.C. § 1692c(a)(2).

*Violations of 15 U.SC. § 1692e and its subparts*

28. The communications from the Defendant to the Plaintiff as described herein are a violation of Federal Bankruptcy Law and thus a violation of 15 U.S.C. § 1692e(5). Moreover, the Defendant's intimation that the debt is subject to collection outside of the bankruptcy court is false and misleading, and a violation of 15 U.S.C. §§ 1692e and 1692e(2)(A).

## TRIAL BY JURY

29. Plaintiff is entitled to and hereby requests a trial by jury.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:

a.) Plaintiff's actual damages pursuant to 15 U.S.C. § 1692k(a)(1) and;

b.) Statutory damages pursuant to 15 U.S.C. § 1692k;

c.) General, exemplary, and treble damages pursuant to O.C.G.A. § 10-1-399(a) & (c);

d.) Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k; and

e) Such other and further relief as may be just and proper.

Respectfully submitted this 22nd day of March, 2023.

**BERRY & ASSOCIATES**

*/s/ Matthew T. Berry*
Matthew T. Berry
Georgia Bar No.: 055663
matt@mattberry.com
2751 Buford Highway, Suite 600
Atlanta, GA 30324
Ph. (404) 235-3300
Fax (404) 235-3333

*Plaintiff's Attorney*