# EXHIBIT A

# State Court Record

Superior Court of Cherokee County
**E-Filed**
23CVE0188
2/1/2023 10:48 AM MT
Patty Baker, Clerk
Civil Division

IN THE SUPERIOR COURT OF CHEROKEE COUNTY
STATE OF GEORGIA

DEBORAH B. SMITH,
Plaintiff
Vs.
BILL GRANT, MAYOR CITY OF CANTON,
individually and in his capacity as Mayor,
COURTNEY ROGERS, INDIVIDUALLY AND
AND IN HER CAPACITY AS POLICE OFFICER
FOR CANTON P.D.
STEPHEN MERRIFIELD, INDIVIDUALLY AND
IN HIS CAPACITY AS CHIEF OF POLICE OF
CANTON P.D.,
Defendants

Civil action file no.

23CVE0188

_____

## COMPLAINT FOR DAMAGES

NOW COMES Deborah Benita Smith, and files this complaint for damages, arising from causes of action for False Imprisonment, False Arrest, and Malicious Prosecution, against the City of Canton Police Department(employees) and shows the Honorable Court:

## INTRODUCTION

1.

On July 12, 2022, Plaintiff became involved in a physical altercation with her ex-husband because Plaintiff had gotten the house as part of the divorce and he was very upset. He grabbed her arm and refused to leave her residence. He inflicted bruises on Plaintiff's body. He was enraged because he felt he was entitled to ½ of the house, and he believed he'd been defrauded and gypped.

Plaintiff called the police from a Walmart to report that the ex- had stolen her gun, her phone and her extra car key. Kelvin is an ex-con and not supposed to possess a firearm. Courtney Rogers with Canton P.D. arrested the Plaintiff for Aggravated Stalking and Battery, claiming the ex- had visible marks on his face that had been inflicted by Plaintiff. Officer Rogers also maliciously and falsely claimed that Plaintiff violated a "stay away" provision she was under, so that she had committed Aggravated Stalking. For this latter she was held without bond.

Plaintiff is a Registered Nurse. Any blemish on her record can result in the loss of her employment. Plaintiff remained in jail from July 12, 2022 until the late evening of July 19, 2022, and all this was owing to the malicious and negligent conduct of Officer Courtney Rogers, Badge # 1361. Plaintiff has suffered a wrongful incarceration, anxiety and mental distress, fear over the possible loss of her livelihood and all this was proximately caused by Courtney Rogers. And because of the deficient training of their officers, the Canton Police Department is also liable. Plaintiff's 4th amendment rights were violated by the false arrest and she has a right to sue under 42 U.S.C. § 1983- the proper venue here is the Northern District (Atlanta District Court) at the Richard B. Russell federal Building. Under the Supremacy Clause the city cannot claim official immunity because federal law trumps.

## PARTIES

1.

Plaintiff is a resident of Cherokee County, within the State of Georgia.

2.

The City of Canton(defendant) is a municipal corporation and can be served by serving their Attorney Robert Dyer who has an Office in Canton. The Mayor can be served under the Civil Practice Act, at his Office at 110 Academy Street in Canton, GA.

3.

The other defendants are employees of the Canton Police Department and they can be served at their residence, or at the Police Department (on Elizabeth Street in Canton), and can otherwise be served according to the Georgia rules of civil procedure.

## JURISDICTION and Venue

4.

This lawsuit is brought pursuant to Georgia's civil statutes concerning False imprisonment, false arrest, and malicious prosecution and is brought in Cherokee county wherein all the Parties reside, OCGA § 51-7-20(false imprisonment), § 51-7-40 (malicious prosecution), section 51-7-1 (false arrest).

5.

Jurisdiction and venue are proper in Cherokee county. The false imprisonment under color of law occurred in Cherokee County, Georgia. The false arrest occurred in Cherokee County, Georgia.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

6.

As noted above, Plaintiff was arrested by Canton P.D. and held in jail from July 12, 2022 through the late evening of July 19, 2022, and the primary cause of the length of time of the incarceration was a maliciously lodged charge of Aggravated Stalking.

7.

The arrest for Aggravated Stalking was not supported by probable cause, and an intentional tort and was effected with actual malice and reckless disregard for the rights of the Plaintiff, (the detention for the length of time it persisted was unlawful, and it was against the Plaintiff's will).

8.

The arrest warrant for Aggravated Stalking was not valid. It was ultimately dismissed however by then, the Plaintiff had suffered real damages.

9.

The intentional torts of the defendants were the direct and proximate cause of the damages to the Plaintiff and they are liable for these acts.

## COUNT 1- FALSE IMPRISONMENT

10.

Paragraphs 1 through 9 are hereby incorporated by reference and made a part hereof, as if each allegation is fully set forth herein.

11.

Ironically , at the time Plaintiff was arrested for false imprisonment, her ex-husband , Kelvin Rogers, was on probation and was to have "no violent contact" with the Plaintiff, a condition which he violated when he grabbed her and bruised her.

12.

Plaintiff had been on probation for Disorderly Conduct, first offender, but on May 31, 2022, the probation had ended with a first offender exoneration. One of the conditions on the probation was, she was not to contact her ex-husband Kelvin Rogers. This is the source of the false belief that on July 12, 2022, Plaintiff was still under the no contact provision.

13.

Plaintiff explained that to Courtney Rogers (Canton P.D.) but basically her explanation was not credited- there was no probable cause to arrest her for aggravated stalking and yet the arrest moved forward nothwithstanding.

14.

In terms of the Battery against Kelvin Rogers- Officer Rogers says she observed signs (or was told by Sgt. Palmer that HE saw signs) on Kelvin Rogers that he had been physically assaulted or injured (at the hands of Plaintiff), however, Plaintiff herself had visible signs that she was attacked, grabbed, manhandled, by Kelvin Rogers, yet Courtney Rogers ignored those signs.

15.

The injuries caused by Officer Rogers to Plaintiff were done with actual malice and so General and Specific and Compensatory Damages are due to Plaintiff and the City of Canton Police Department is liable to Plaintiff for the injuries caused.

16.

Plaintiff has psychological pain and suffering that she suffered as the proximate result of the malicious and warrantless misconduct of Officer Rogers, and Plaintiff has had to undergo therapy to help her process and deal with the indignities that were maliciously visited upon her.

17.

Quite separate and independent of the issue of the presence or absence of malice- the simple fact is that the lodging of the aggravated stalking charge, and the maintaining of said charge for the length of time it was maintained ( all the while Plaintiff being in jail), and the false imprisonment stemming from said charge, all these were "unlawful" as that term is commonly understood.

## COUNT 2- FALSE ARREST

**SEE NEXT PAGE >>>>>>>>>>>>>>>>>>**

## COUNT 2- FALSE ARREST

18.

Paragraphs 1 through 17 of Plaintiff's Complaint are hereby incorporated by reference and made a part hereof as if each such allegation is fully set forth herein.

19.

The Arrest of Plaintiff for aggravated stalking was performed , by Officer Rogers, maliciously and no probable cause existed to arrest her for this charge, or for any other charge.

20.

Plaintiff explained to Officer Rogers that she(Rogers) was under a mistaken impression, as to a "stay away" order or provision, but both Officer Rogers, and any other officers upon whom she relied for information (eg. Sergeant Palmer) "doubled down" and insisted that Plaintiff was wrong, and they persisted in their error.

21.

Plaintiff had bruising on her legs and arms, inflicted by her ex-husband, but Officer Rogers failed to take notice of any of Plaintiff's injuries.

22.

Kelvin Rogers (plaintiff's ex-husband) was, at this time, a convicted felon who was not supposed to exercise control over any firearm, and yet the evidence clearly showed that there was probable cause to believe Kelvin Rogers *had indeed* exercised control and dominion, over Plaintiff's gun and other of her belongings;

23.

The prosecution for Aggravated Stalking which Officer Rogers initiated and pursued, ended in Plaintiff's favor since the warrant was finally dismissed.

24.

As the direct and proximate result of the malicious conduct of Officer Courtney Rogers, Plaintiff has suffered loss of wages, sleepless nights worrying over the possible loss of her Nursing job, costs of psychotherapy she had to incur to help her deal with this miscarriage of justice, loss of her liberty for 7 or 8 days , embarrassment and humiliation, and fees to recover her car which Officer Rogers

had towed, and meanwhile Kelvin Rogers was not held accountable for his actions on July 12, 2022, thus undermining the public's confidence in the judicial system.

### COUNT 3- MALICIOUS PROSECUTION

25.

Paragraphs 1 through 24 of plaintiff's Complaint seeking damages are hereby incorporated by reference and made a part hereof, as if each such allegation is fully set forth herein.

26.

At all times material to this action, Officer Courtney Rogers and her fellow officers and supervisors with whom she conferred, realized full well that, under Georgia law, if there is an arrest "with a warrant", the arrestee is to be brought before a magistrate judge within 72 hours.

27.

Officer Rogers and whomever Officers with whom she conferred, or who had supervisory authority over her, realized full well that, for the charge of Aggravated Stalking, said charge is not bailable before a Magistrate, and oftentimes such arrestee will have to sit in jail for days, weeks, even months before they can go before a Superior Court Judge and request a bond.

28.

Officer Rogers, in arresting Plaintiff for aggravated stalking, acted with actual malice towards Plaintiff.

### COURT 4- STUBBORN LITIGIOUSNESS

29.

Paragraphs 1 through 28 of Plaintiff's complaint are hereby incorporated by reference and made a part hereof, as if each such allegation is fully set forth herein.

30.

Plaintiff requests expenses of litigation and attorney's fees against defendants as the defendants have acted in bad faith, have been stubbornly litigious, and

caused the plaintiff unnecessary trouble and expense, and have been unresponsive to efforts to contact them and have a meaningful dialogue, so that Plaintiff is entitled to attorney fees pursuant to O.C.G.A. § 13-6-11, for which the defendants are liable.

### 31.

After the defendants were served with the ante litem notice, the plaintiff's attorney tried to contact the City of Canton attorney, but the latter never called plaintiff's attorney back. Plaintiff herself tried to initiate an internal grievance against Officer Rogers, but the Canton Chief of Police told her no action would be taken, since the ante litem notice had been filed. It is crystal clear that Defendants plan to rely on official immunity and attempt to have a Judge dismiss Plaintiff's complaint on a motion for summary judgment or some other legal pleading.

### 32.

The above-described actions give evidence of stubborn litigiousness on the part of the defendants.

WHEREFORE, Plaintiff prays for the following relief:
a) That summons and process issue and that the defendants be served with a copy of this complaint as required by law, and that the defendant Courtney Rogers, and other defendants, be required to appear and answer;
b) That the plaintiff Deborah B. Smith be awarded all damages for emotional and psychological injuries, mental pain and suffering, in such amount as may be shown by the evidence and determined by the enlightened conscience of the jury;
c) That the plaintiff recover all her loss of earnings, psychotherapy costs incurred, and all expenses past, present, and future;
d) That the Plaintiff recover all attorneys fees pursuant to OCGA § 13-6-11;
e) That all costs be cast against the Defendants;
f) That Plaintiff Deborah B. Smith be awarded such other and further relief as this Court shall deem just and fair.

Respectfully submitted this ___1___ day of February, 2023.

                                                */s/ Lloyd J. Matthews*
                                                LLOYD J. MATTHEWS
                                                GA. BAR NO. 477620
                                                ATTORNEY FOR PLAINTIFF

3011 TOWNE MILL AVENUE
CANTON, GEORGIA 30114
(404)642-7350
lmmattmatthews@gmail.com

IN THE SUPERIOR COURT OF CHEROKEE COUNTY
STATE OF GEORGIA

DEBORAH B. SMITH,
Plaintiff
Vs.
CITY OF CANTON,

Civil action file no.
23CVE0188

COURTNEY ROGERS, INDIVIDUALLY AND
AND IN HER CAPACITY AS POLICE OFFICER
FOR CANTON P.D.
STEPHEN MERRIFIELD, INDIVIDUALLY AND
IN HIS CAPACITY AS CHIEF OF POLICE OF
CANTON P.D.,
Defendants

## VERIFICATION

Before the undersigned officer duly authorized to administer oaths came the plaintiff (Affiant) Deborah B. Smith, who after being duly sworn does depose and swear upon her oath:

I have read the above and foregoing Complaint for Damages and all the allegations therein are true and correct to the best of my knowledge and belief.

SO SWORN TO, this __31__ day of ~~February~~ January, 2023.

_____
DEBORAH B. SMITH, affiant

Sworn to and subscribed before me this __31__ day of ~~February~~ January, 2023.

_____
notary public

My commission expires: __05/26/2026__

[Notary seal: HEMALATHA CHEEMARLA, NOTARY PUBLIC, EXPIRES GEORGIA May 26, 2026, FORSYTH COUNTY]

Case 1:23-mi-99999-UNA   Document 876-1   Filed 03/23/23   Page 11 of 17

Superior Court of Cherokee County
**E-Filed**
23CVE0188
2/1/2023 10:48 AM MT
Patty Baker, Clerk
Civil Division

IN THE SUPERIOR COURT OF CHEROKEE COUNTY
STATE OF GEORGIA

DEBORAH B. SMITH
PLAINTIFF
VS.
MAYOR OF THE CITY OF CANTON,
COURTNEY ROGERS, individually and
in her capacity as a police officer for Canton
P.D.,
STEPHEN MERRIFIELD, individually and in his
capacity as Chief of Police of Canton P.D.

Civil action file no.
23CVE0188
_____

## CERTIFICATE OF SERVICE

As to the within and foregoing Summons and Complaint, I do certify that those are being served on the Defendants, as guided by the Civil Practice Act, OCGA § 9-11-4, and in reliance upon a Sheriff's Deputy, or a certified process server, (or any process server specifically allowed for under § 9-11-4), and by certified mail to the Attorney for the City of Canton, Robert Dyer, Attorney at Law, 291 E. Main Street, Canton, GA. 30114.

This  1ST  day of February, 2023.

/s/ Lloyd J. Matthews
Ga. Bar No. 477620
Attorney for Plaintiff

3011 Towne Mill Avenue
Canton, GA. 30114
(404)642-7350
lmmattmatthews@gmail.com

**General Civil and Domestic Relations Case Filing Information Form**

☑ Superior or ☐ State Court of __Cherokee__ County

Superior Court of Cherokee County
**E-Filed**
23CVE0188
2/1/2023 10:48 AM MT
Patty Baker, Clerk
Civil Division

| For Clerk Use Only | |
|---|---|
| Date Filed __2/1/2023__ MM-DD-YYYY | Case Number __23CVE0188__ |

**Plaintiff(s)**

__Smith__ __Deborah__ __B__
Last / First / Middle I. / Suffix / Prefix

Last / First / Middle I. / Suffix / Prefix

Last / First / Middle I. / Suffix / Prefix

Last / First / Middle I. / Suffix / Prefix

**Defendant(s)**

__Grant, Bill__
Last / First / Middle I. / Suffix / Prefix

__Rogers, Courtney__
Last / First / Middle I. / Suffix / Prefix

__Merrifield, Stephen__
Last / First / Middle I. / Suffix / Prefix

Last / First / Middle I. / Suffix / Prefix

**Plaintiff's Attorney** __Lloyd Matthews__  **State Bar Number** __477620__  **Self-Represented** ☐

Check one case type and one sub-type in the same box (if a sub-type applies):

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Contract
- ☐ Garnishment
- ☑ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____ Case Number    _____ Case Number

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ Language(s) Required

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

Version 1.1.20

Superior Court of Cherokee County
**E-Filed**
23CVE0188
2/1/2023 10:48 AM MT
Patty Baker, Clerk
Civil Division

IN THE SUPERIOR COURT OF CHEROKEE COUNTY
STATE OF GEORGIA

DEBORAH B. SMITH
PLAINTIFF
VS.
MAYOR OF THE CITY OF CANTON,
COURTNEY ROGERS, individually and
in her capacity as a police officer for Canton
P.D.,
STEPHEN MERRIFIELD, individually and in his
capacity as Chief of Police of Canton P.D.

Civil action file no.
23CVE0188
_____

## CERTIFICATE OF SERVICE

As to the within and foregoing Summons and Complaint, I do certify that those are being served on the Defendants, as guided by the Civil Practice Act, OCGA § 9-11-4, and in reliance upon a Sheriff's Deputy, or a certified process server, (or any process server specifically allowed for under § 9-11-4), and by certified mail to the Attorney for the City of Canton, Robert Dyer, Attorney at Law, 291 E. Main Street, Canton, GA. 30114.

This _1ST_ day of February, 2023.

/s/ Lloyd J. Matthews
Ga. Bar No. 477620
Attorney for Plaintiff

3011 Towne Mill Avenue
Canton, GA. 30114
(404)642-7350
lmmattmatthews@gmail.com

IN THE SUPERIOR/STATE COURT OF __Cherokee__ COUNTY

STATE OF GEORGIA

__Deborah B. Smith__

CIVIL ACTION NUMBER __23CVE0188__

PLAINTIFF

Vs.

__Bill Grant — Mayor of Canton — Individually and in official capacity__
__Officer Courtney Rogers, City of Canton P.D. — individually and officially__
__Stephen Merrifield, Chief of Police City of Canton Individually and In their Official Capacity__

DEFENDANT

SUMMONS

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

__Lloyd J. Matthews ESQ.__
__Attorney at Law__
__3011 Towne Mill Avenue__
__Canton, GA 30114__

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of __2/1/2023__, _____.

Clerk of Superior Court/State Court

By: _____

Deputy Clerk

SC-1 Rev. 85

**SHERIFF'S ENTRY OF SERVICE**

Civil Action No. **23CVE0188**

Superior Court ☑   Magistrate Court ☐
State Court ☐   Probate Court ☐
Juvenile Court ☐

Date Filed **2/1/2023**

Georgia, **Cherokee** COUNTY

Attorney's Address **(for Plaintiff)**
**Lloyd Matthews Attorney at Law P.C.**
**3011 Towne Mill Ave.**
**Canton, GA 30114**

**Deborah B. Smith** Plaintiff

VS.

Name and Address of Party to Served
**Stephen Merrifield, Chief of Police -29**
**City of Canton P.D.**
**151 Elizabeth Street**
**Canton, GA. 30114**

**Stephen Merrifield**
**Individually and in His Capacity**
**as Chief of Police** Defendant
**(et. al. - other defendants)**

_____ Garnishee

**SHERIFF'S ENTRY OF SERVICE**

**PERSONAL**
☐ I have this day served the defendant _____ personally with a copy of the within action and summons.

**NOTORIOUS**
☐ I have this day served the defendant **Stephen Merrifield** by leaving a copy of the action and summons at his most notorious place abode in this County.

☑ Delivered same into hands of **Pam Wetzel (Admin)** described as follows: age, about ___ years; weight ___ pounds; height ___ feet and ___ inches, domiciled at the residence of defendant.

**CORPORATION**
☐ Served the defendant _____ a corporation by leaving a copy of the within action and summons with _____ In charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL**
☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**
☐ Diligent search made and defendant _____ not to be found in the jurisdiction of this Court.

This **21** day of **February**, 20**23**  **1226 hrs.**

**Gude R. 562**

DEPUTY

**CLERK'S COPY**

**SHERIFF'S ENTRY OF SERVICE**

Civil Action No. **23CVE0188**

Superior Court ☒   Magistrate Court ☐
State Court ☐   Probate Court ☐
Juvenile Court ☐

Date Filed **02/01/23**

Georgia, **Cherokee** COUNTY

Attorney's Address
**Lloyd Matthews Attorney at Law P.C.**
**3011 Towne Mill Ave.**
**Canton, GA. 30114**

**Deborah B. Smith**
Plaintiff

VS.

Name and Address of Party to Served
**Bill Grant, Mayor of City of Canton -29**
**110 Academy Street**
**Canton, GA. 30114**

**Bill Grant, Mayor Individually and in his Capacity as Mayor of the City of Canton**
Defendant

Garnishee

**SHERIFF'S ENTRY OF SERVICE**

**PERSONAL**
☐ I have this day served the defendant _____ personally with a copy of the within action and summons.

**NOTORIOUS**
☒ I have this day served the defendant **Bill Grant** by leaving a copy of the action and summons at his most notorious place abode in this County.
Delivered same into hands of **Dona Bell (Executive Admin Assistant)** described as follows: age, about _____ years; weight _____ pounds; height _____ feet and _____ inches, domiciled at the residence of defendant.

**CORPORATION**
Served the defendant _____ a corporation
☐ by leaving a copy of the within action and summons with _____
In charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL**
☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**
☐ Diligent search made and defendant _____ not to be found in the jurisdiction of this Court.

This **21** day of **February**, 20**23**
**1449 hrs.**
DEPUTY

**Guide, R. 562**

CLERK'S COPY

**SHERIFF'S ENTRY OF SERVICE**

Civil Action No. __23CVE0188__

Date Filed __02/01/2023__

Superior Court ☑  Magistrate Court ☐
State Court ☐   Probate Court ☐
Juvenile Court ☐

Georgia, __Cherokee__ COUNTY

Attorney's Address
__Lloyd Matthews Attorney for Plaintiff Deborah B. Smith__
__3011 Towne Mill Ave__
__Canton, GA. 30114__

__Deborah B. Smith__
Plaintiff

VS.

Name and Address of Party to Served _police officer_
__Courtney Rogers, with Canton P.D. - 29__
__Canton Police Dept.__
__151 Elizabeth Street__
__Canton, GA. 30114__

__Courtney Rogers Individually and in her Capacity as a police officer et. al. (other Defendants)__
Defendant

_____ Garnishee

**SHERIFF'S ENTRY OF SERVICE**

**PERSONAL**
☐ I have this day served the defendant _____ personally with a copy of the within action and summons.

**NOTORIOUS**
☐ I have this day served the defendant __5 Courtney Rogers__ by leaving a copy of the action and summons at his most notorious place abode in this County.
Delivered same into hands of __Pam Wetzel (Admin)__ described as follows:
age, about ____ years; weight ____ pounds; height ____ feet and ____ inches, domiciled at the residence of defendant.

**CORPORATION**
☐ Served the defendant _____ a corporation
by leaving a copy of the within action and summons with _____
In charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL**
☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**
☐ Diligent search made and defendant _____
not to be found in the jurisdiction of this Court.

This __21__ day of __February__, 20__23__
1226 hrs.

DEPUTY

__Gudo, P. 562__
Deputy

CLERK'S COPY