IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| VANESSA ALVAREZ,<br><br>    Plaintiff,<br><br>v.<br><br>CLS MEDICAL, INC.,<br><br>    Defendant. | Civil Action No.<br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Vanessa Alvarez ("Plaintiff"), by and through undersigned counsel, and files her Complaint for Damages against CLS Medical, Inc., ("Defendant"), and shows the Court as follows:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action for damages for equal pay violations and retaliation pursuant to The Equal Pay Act of 1963, as amended, 29 U.S.C. § 206 (d), along with a Title VII discrimination and retaliation claim.

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) and 29 U.S.C. § 216(b).

3.

This Court is an appropriate venue for all Plaintiff's claims under 28 U.S.C. § 1391(b) because a substantial majority of the events giving rise to Plaintiff's claims occurred in the judicial district.

## PARTIES

4.

Plaintiff is a female citizen of the United States of America and is subject to the jurisdiction of this Court.

5.

Defendant conducts business in this district and is subject to specific jurisdiction over the claims asserted herein.

6.

Defendant employed Plaintiff during the relevant time period.

7.

Defendant, at all times material, conducted business within this District.

8.

Defendant is governed by and subject to the EPA, 29 U.S.C. § 206(d).

9.

Plaintiff is a citizen of the United States of America and a resident of the State of Georgia.

10.

Defendant may be served by delivering a copy of the summons and complaint to its Registered Agent, Jonathan Tuggle, at 7040 Battle Drive, NW, Suite 150, in Kennesaw, Georgia, 30152.

11.

Plaintiff timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") and subsequently requested and received the Notice of Right to Sue with respect to her Charge. This action has been commenced within 90 days of receipt of the Notice of Right to Sue.

## FACTUAL ALLEGATIONS

12.

Plaintiff began her employment with Defendant, on April 1, 2020, as a Warehouse worker.

13.

Defendant paid Plaintiff $13.00 hourly.

14.

Plaintiff's male coworkers, including Miguel, Jose, T.J., T., Diego, JR, Rigoberto, and Jaden, (last names all unknown) were paid between $15-16 per hour as their starting rate of pay.

15.

Plaintiff's qualifications for the position of Warehouse Worker were equal to those of her male coworkers.

16.

Around July 2022, Plaintiff spoke to the Payroll Staff, Meghan and Cody (last names unknown).

17.

Plaintiff informed Meghan and Cody that she objected to being paid less than her male coworkers, and felt that the practice was discriminatory.

18.

Cody and Meghan took no action regarding Plaintiff's comments referenced in Paragraphs 16 and 17.

19.

In August 2022, Plaintiff raised her concerns about unequal pay with the Vice President of CLS Medical, Derrek Oscarson.

20.

Oscarson took no action to remedy Plaintiff's unequal compensation.

21.

On August 20, 2022, Plaintiff spoke with the owner of CLS Medical, Jonathan Tuggle.

22.

In her conversation with Tuggle, Plaintiff raised her concerns about her pay being unequal to that of the male warehouse workers.

23.

Tuggle mocked Plaintiff's concerns.

24.

Tuggle told Plaintiff that he would not help her.

25.

Defendant terminated Plaintiff's employment on August 20, 2022.

26.

Defendant claimed that Plaintiff was terminated for "being disrespectful."

27.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text.

28.

Others outside the Plaintiff's protected class were treated differently.

29.

Plaintiff is entitled to lost wages, liquidated damages, attorneys' fees and all other relief available.

## CLAIMS FOR RELIEF

## COUNT I:  DISPARATE PAY UNDER THE EQUAL PAY ACT

30.

Plaintiff re-alleges paragraphs 1-28 as if set forth fully herein.

31.

Defendant willfully paid Plaintiff lower wages, salary, and benefits than male employees performing substantially similar work.

32.

Defendant's actions have deprived Plaintiff of equal pay for equal work in violation of the EPA.

33.

Plaintiff is entitled to actual and liquidated damages, attorneys' fees, and costs of litigation as a result of the Defendant's violation.

## **COUNT II: RETALIATION UNDER THE EQUAL PAY ACT**

34.

Plaintiff re-alleges paragraphs 1-28 as if set forth fully herein.

35.

Plaintiff engaged in protected activity when she objected of unequal pay to Payroll Staff Meghan and Cody, Vice President Derrek Oscarson, and owner of CLS Medical Jonathan Tuggle.

36.

But for Plaintiff's protected activity in complaining of unequal pay, Defendant would not have terminated her employment.

37.

Defendant's actions, as detailed above, in engaging in retaliatory actions against Plaintiff because of her protected activity constitute unlawful intentional retaliation in violation of the Equal Pay Act.

38.

As a direct and proximate result of Defendant's actions and omissions, Plaintiff has suffered damages, including lost wages, emotional distress, humiliation and other indignities.

39.

Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's actions toward Plaintiff were undertaken in bad faith

40.

The acts and omissions of Defendant were willful, malicious and in reckless disregard of Plaintiff federally protected rights entitling Plaintiff to punitive damages.

41.

Defendant is liable for the damages caused by its discrimination against Plaintiff.

## COUNT III: GENDER DISCRIMINATION UNDER TITLE VII

42.

Plaintiff re-alleges paragraphs 1-28 as if set forth fully herein.

43.

Plaintiff is a member of a protected class, i.e. she is a female.

44.

Title VII prohibits Defendant from discriminating against Plaintiff on the basis of gender.

45.

Defendant violated Plaintiff's rights under Title VII by paying her less than male counterparts, which materially affected the terms and conditions of Plaintiff's employment.

46.

Defendant intentionally discriminated against Plaintiff, on the basis of Plaintiff's gender, in violation of Title VII.

47.

Defendant treated Plaintiff differently than other employees outside of Plaintiff's protected gender class. Any alleged non-discriminatory reason given by

Defendant for treating Plaintiff differently than employees outside of Plaintiff's protected class is pretext for unlawful discrimination.

48.

As a direct and proximate result of Defendant's actions and omissions, Plaintiff has suffered damages, including lost wages, emotional distress, humiliation and other indignities.

49.

Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's actions toward Plaintiff were undertaken in bad faith.

50.

The acts and omissions of Defendant were willful, malicious and in reckless disregard of Plaintiff federally protected rights entitling Plaintiff to punitive damages.

51.

Defendant is liable for the damages caused by its discrimination against Plaintiff.

## COUNT IV: RETALIATION UNDER TITLE VII

52.

Plaintiff re-alleges paragraphs 1-28 as if set forth fully herein.

53.

Plaintiff was qualified for her position and able to perform the essential functions of the job.

54.

Plaintiff engaged in protected activity when she reported discrimination on the basis of gender to Defendant's Payroll Staff Meghan and Cody, Vice President Derrek Oscarson, and the owner of CLS Medical, Jonathan Tuggle.

55.

Defendant terminated Plaintiff's employment on the same day that she complained of unequal pay to owner Jonathan Tuggle.

56.

But for Plaintiff's protected activity, Defendant would not have terminated her employment.

57.

Defendant's actions in terminating Plaintiff because of her protected activity constitutes unlawful intentional retaliation in violation of Title VII.

58.

As a direct and proximate result of Defendant's actions and omissions, Plaintiff has suffered damages, including lost wages, emotional distress, humiliation and other indignities.

59.

Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's actions toward Plaintiff were undertaken in bad faith

60.

The acts and omissions of Defendant were willful, malicious and in reckless disregard of Plaintiff federally protected rights entitling Plaintiff to punitive damages.

61.

Defendant is liable for the damages caused by its discrimination against Plaintiff.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(a) General damages for mental and emotional suffering caused by Defendant's misconduct;

(b) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation, and approval of said acts;

(c) Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(d) Reasonable attorney's fees and expenses of litigation;

(e) Trial by jury as to all issues;

(f) Prejudgment interest at the rate allowed by law;

(g) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(i) All other relief to which she may be entitled.

Respectfully submitted, this 23rd day of March, 2023,

                                          BARRETT & FARAHANY

                                          s/ *V. Severin Roberts*
                                          V. Severin Roberts
                                          Georgia Bar No. 940504
                                          *Attorney for Plaintiff*

P.O. Box 530092
Atlanta, Georgia
30353-0092
(404) 214-0120
severin@justiceatwork.com