IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ANTOINETTE DEGREE<br><br>       Plaintiff,<br>v.<br><br>TOP GOLF USA, INC.,<br>TOP GOLF MEDIA, LLC,<br>TOP GOLF PAYROLL SERVICES, LLC,<br>TOP GOLF USA AG, LLC,<br>TOP GOLF USA ALPHARETTA, LLC,<br>TOP GOLF USA ATLANTA, LLC,<br>TOP GOLF USA BF, LLC, and<br>TOP GOLF INTERNATIONAL, INC.<br><br>       Defendants. | Civil Action<br>File No.:<br>_____ |

**DEFENDANTS'
PETITION FOR REMOVAL TO FEDERAL COURT**

TO:   The Honorable Judges of the United States District Court for the Northern District of Georgia, Atlanta Division

COMES NOW, Defendants Top Golf USA, Inc., Top Golf Media, LLC, Top Golf Payroll Services, LLC, Top Golf USA AG, LLC, Topgolf USA Alpharetta, LLC, Top Golf USA Atlanta, LLC, Top Golf USA BF, LLC, and Top Golf International, Inc. ("Defendants"), by and through its undersigned counsel, and files its Petition for Removal and respectfully shows this Court the following:

1.

Defendants are named in a civil action brought against Defendants in the State Court of Gwinnett County, State of Georgia, in this District and Division, the same being entitled *Antoinette Degree v. Top Golf USA, Inc., Top Golf Media, LLC, Top Golf Payroll Services, LLC, Top Golf USA AG, LLC, Topgolf USA Alpharetta, LLC, Top Golf USA Atlanta, LLC, Top Golf USA BF, LLC, and Top Golf International, Inc.*, Civil Action File No. 23-C-01049-S3.

2.

The Summons and Complaint in that action were filed in the State Court of Gwinnett County on February 16, 2023, as were first received by Defendants by process server on February 21, 2023. Thus, Defendants timely file this petition for removal.

3.

Defendants file herewith a copy of all process, pleadings, and orders including the Summons and Complaint in this action, pursuant to 28 USC § 1446. (Attached hereto as Exhibits A and B).

4.

Plaintiff is and, at all times relevant, was a citizen of the State of Georgia.

5.

Defendant Top Golf USA, Inc. is now, was at the commencement of this suit, and at all times since been a corporation organized and existing under the laws of Delaware having its principal place of business in Texas.

6.

Defendant Top Golf Media, LLC is now, was at the commencement of this suit, and at all times since been a corporation organized and existing under the laws of Delaware having its principal place of business in Texas.

7.

Defendant Top Golf Payroll Services, LLC is now, was at the commencement of this suit, and at all times since been a corporation organized and existing under the laws of Delaware having its principal place of business in Texas.

8.

Defendant Top Golf USA AG, LLC is now, was at the commencement of this suit, and at all times since been a corporation organized and existing under the laws of Delaware having its principal place of business in Texas.

9.

Defendant Topgolf USA Alpharetta, LLC is now, was at the commencement of this suit, and at all times since been a corporation organized and existing under the laws of Delaware having its principal place of business in Texas.

10.

Defendant Top Golf USA Atlanta, LLC is now, was at the commencement of this suit, and at all times since been a corporation organized and existing under the laws of Delaware having its principal place of business in Texas.

11.

Defendant Top Golf USA BF, LLC is now, was at the commencement of this suit, and at all times since been a corporation organized and existing under the laws of Delaware having its principal place of business in Texas.

12.

Defendant Top Golf International, Inc. is now, was at the commencement of this suit, and at all times since been a corporation organized and existing under the laws of Delaware having its principal place of business in Texas.

13.

When considering whether complete diversity of the parties, the Plaintiff is a citizen of Georgia, and Defendants are considered a citizen of Delaware and of Texas.

Therefore, complete diversity exists, and this case is properly removed pursuant to the provisions of 28 U. S. C. §§ 1332, 1367, and 1441 et seq. the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

14.

Plaintiff's Complaint alleges that while eating dinner at Defendants' premise, an employee/ agent of Defendant(s) dropped a tray causing glass to break resulting in a laceration to Plaintiff's eye. The Complaint makes claims for damages that are not itemized, including special and general damages, including medical and other necessary expenses, mental and physical pain and suffering due to injuries to her body, personal inconvenience, plus an inability to lead a normal life.

15.

"When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement. If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001).

16.

Because no specific amounts are alleged for several elements of damages, including general damages and special damages, this court should look to "other paper" to determine if the amount in controversy is met. Plaintiff's counsel served a pre-suit demand letter on February 15, 2022, which provides more information on the amount in controversy. (Attached hereto as Exhibit C).

17.

The demand provides additional factual background, Plaintiff is claiming serious injury to Plaintiff's eye. (Exhibit C, p. 1). After the incident, Plaintiff presented to the hospital for emergency medical attention to her eye injury consisting of a foreign body in subcutaneous tissue, injury of conjunctiva, and corneal abrasion. (Exhibit C, p. 1). Plaintiff alleges in her pre-suit demand she may have future "exorbitant medical costs for treatment thereof, for many years to come." (Exhibit C, p. 1). Plaintiff concluded the letter demanding Defendants' bodily injury insurance policy limits. (Exhibit C, p. 2).

18.

Defendants' insurance policy limits are $1,000,000.00. (Attached hereto as Exhibit D). Thus, Plaintiff's alleged damages exceed the jurisdictional sum of greater than $75,000, exclusive of interests and costs.

19.

This action is a civil action of which this Court has original jurisdiction under the provisions of Title 28 of the United States Code §1332(a) and accordingly, is one which may be removed to this Court by Defendant pursuant to the provisions of Title 28 of the United States Code §1441, in that it is a civil action in which the matter in controversy exceeds the sum of $75,000.00 exclusive of interests and costs and is between citizens of different states.

20.

Defendants have attached a copy of Defendants' Notice of Removal, which is being submitted for filing to the State Court of Gwinnett County, Georgia. A copy is attached as Exhibit E.

21.

This action is currently pending in the State Court of Gwinnett County, which is within the jurisdiction of the Northern District of Georgia, Atlanta Division. 28 U.S.C.A. § 1446(a).

WHEREFORE the Defendants pray the above action removed to this Court remain in this Court's jurisdiction.

This 23rd day of March, 2023.

Chartwell Law
Attorney for Defendants

*/s/  Robert A. Luskin*
ROBERT A. LUSKIN
GA State Bar No.  004383
rluskin@chartwelllaw.com
3200 Cobb Galleria Pkwy Suite 250
Atlanta, GA 30339
(404) 410-1151 Phone
(404) 738-1632 Fax

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ANTOINETTE DEGREE<br><br>     Plaintiff,<br>v.<br><br>TOP GOLF USA, INC.,<br>TOP GOLF MEDIA, LLC,<br>TOP GOLF PAYROLL SERVICES, LLC,<br>TOP GOLF USA AG, LLC,<br>TOP GOLF USA ALPHARETTA, LLC,<br>TOP GOLF USA ATLANTA, LLC,<br>TOP GOLF USA BF, LLC, and<br>TOP GOLF INTERNATIONAL, INC.<br><br>     Defendants. | Civil Action<br>File No.: |

**CERTIFICATE OF COMPLIANCE**

The foregoing document is double spaced in 14 point Times New Roman font and complies with the type-volume limitation set forth in Local Rule 5.1(B).

*/s/ Robert A. Luskin*
ROBERT A. LUSKIN
GA State Bar No.  004383
rluskin@chartwelllaw.com
3200 Cobb Galleria Pkwy Suite 250
Atlanta, GA 30339
(404) 410-1151 Phone
(404) 738-1632 Fax

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ANTOINETTE DEGREE<br><br>    Plaintiff,<br>v.<br><br>TOP GOLF USA, INC.,<br>TOP GOLF MEDIA, LLC,<br>TOP GOLF PAYROLL SERVICES, LLC,<br>TOP GOLF USA AG, LLC,<br>TOP GOLF USA ALPHARETTA, LLC,<br>TOP GOLF USA ATLANTA, LLC,<br>TOP GOLF USA BF, LLC, and<br>TOP GOLF INTERNATIONAL, INC.<br><br>    Defendants. | Civil Action<br>File No.: |

**CERTIFICATE OF SERVICE**

This is to certify that I electronically filed this **Petition of Removal** with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

DeMone Lee
The Lee Firm of Georgia, LLC
3355 Lenox Road NE
Suite 750
Atlanta, GA 30326
(404) 268-7069
d.lee@youcallweanswer.com

This 23rd day of March, 2023.

10

                                        */s/ Robert A. Luskin*
                                        ROBERT A. LUSKIN
                                        GA State Bar No.  004383
                                        rluskin@chartwelllaw.com
                                        3200 Cobb Galleria Pkwy, Suite 250
                                        Atlanta, GA 30339
                                        (404) 410-1151 Phone
                                        (404) 738-1632 Fax