# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| THE FREEMAN MANUFACTURING & SUPPLY COMPANY,<br><br>　　　Plaintiff,<br><br>v.<br><br>JONATHAN SMITH, HARI PATEL, and JOHN DOE,<br><br>　　　Defendants. | Case No. _____ |

## COMPLAINT

Comes now, Plaintiff The Freeman Manufacturing & Supply Company and files its Complaint for damages against Defendants Johnathan Smith, Hari Patel, and a third unknown defendant identified herein as "John Doe."

## PARTIES

1. Plaintiff The Freeman Manufacturing & Supply Company ("Plaintiff" or "Freeman") is a foreign profit corporation incorporated under the laws of the state of Ohio.

1

2. Plaintiff's principal place of business in the United States is 1101 Moore Road, Avon, Ohio 44011.

3. Plaintiff is registered to do business in Georgia.

4. Defendant Jonathan Smith ("Smith") is an individual resident of Georgia who resides within the Northern District of Georgia.

5. Defendant Smith resides at 4715 Old Highgate Entry, Stone Mountain, Georgia 30083, where he may be served with process.

6. Defendant Hari Patel ("Patel") is an individual resident of Georgia who resides within the Northern District of Georgia.

7. Defendant Patel resides at 6680 Yellow Birch St., Cumming, Georgia 30040, where he may be served with process.

8. Upon information and belief, Defendant John Doe ("Doe") is an individual resident of Georgia who resides within the Northern District of Georgia.

## JURISDICTION

9. The Court has personal jurisdiction over Jonathan Smith.

10. The Court has personal jurisdiction over Hari Patel.

11. The Court has personal jurisdiction over John Doe.

12. The Court has subject matter over the claims alleged herein pursuant to 28 U.S.C. § 1332(a) because the matter in controversy exceeds the sum or

value of $75,000, exclusive of interest and costs, and because the Plaintiff is diverse from each of the Defendants.

13. Venue is proper in this Court.

## FACTS APPLICABLE TO ALL COUNTS

14. Plaintiff is a national materials supplier.

15. Plaintiff has an office and warehouse located at 5060 Royal Atlanta Drive #7, Tucker, Georgia 30084 (the "Tucker Facility").

16. Defendant Smith is a former employee of Plaintiff who was employed at Plaintiff's Tucker Facility.

17. Defendant Patel operated a webpage on the Facebook Marketplace through which he sold various goods, including goods owned by Plaintiff.

18. Defendant Doe assisted Defendant Patel in transporting materials stolen from Plaintiff's Tucker Facility to the location where Defendants Doe and Patel held such materials prior to sale.

19. On various dates in 2022, Defendant Smith stole at least $194,888.19 worth of lumber materials from Plaintiff, including plywood, dieboard, and specialty lumber known as "Perfect Plank".

20. On or about July 19, 2022, Plaintiff discovered tens of thousands of dollars of inventory was missing from its Tucker Facility. Plaintiff immediately began investigating the cause or causes of the missing inventory.

21. In September, 2022, Plaintiff conducted a physical inventory of its Tucker Facility. It confirmed that the items identified as missing on July 19, 2022 remained missing and discovered that thousands of dollars' worth of additional inventory was also missing.

22. On or about October 15, 2022, Plaintiff discovered that Defendant Patel was selling materials from Plaintiff's inventory on the Facebook Marketplace.

23. The materials advertised in Defendant Patel's postings are stamped "Perfect Plank" and contain various additional marks identifying them as Plaintiff's missing inventory.

24. On or about October 15, 2022, Plaintiff discovered that Defendant Patel is a Facebook "Friend" of Defendant Smith.

25. On or about October 17, 2022, Plaintiff reported its findings to the police.

26. In consultation with the police, Plaintiff continued to investigate.

27. On or about October 19, 2022, an employee of Plaintiff witnessed Defendant Smith loading a pallet of laserply plywood into a van (the "Van") at the Tucker Facility and witnessed Defendant John Doe driving the Van.

28. The Van's license plate indicated that it was registered to Defendant Patel.

29. On or about October 19, 2022, Defendant Patel made a new posting on the Facebook Marketplace advertising Plaintiff's laserply plywood for sale.

30. No sales were recorded in Plaintiff's computer systems corresponding to the laserply plywood that Defendant Patel and Defendant Doe took possession of at Plaintiff's Tucker Facility and later advertised for sale on the Facebook Marketplace.

31. Plaintiff informed the police of its findings.

32. On or about October 25, 2022, Defendant Smith was arrested and placed in custody.

33. On or about October 25, 2022, Plaintiff suspended Defendant's Smith's employment until further notice.

34. On or about October 26, 2022, Defendant Patel removed at least one of his advertisements for Plaintiff's stolen materials from the Facebook Marketplace.

35. Plaintiff terminated Defendant Smith's employment by means of certified mail dated October 28, 2022.

36. On or about November 2, 2022, Defendant Patel, through his counsel, delivered materials that were owned by Plaintiff from Defendant Patel to Plaintiff (the "Returned Materials").

37. The value of the Returned Materials was $3,390.33.

38. Defendant Patel did not return the proceeds from his previous sales of Plaintiff's materials to Plaintiff.

39. Defendant Patel knew that the various materials he received from Defendant Smith were stolen from Plaintiff.

40. Defendant Doe knew that the various materials he received from Defendant Smith were stolen from Plaintiff.

41. Upon information and belief, criminal investigations of Defendants Smith and Patel are ongoing.

## COUNT I:
## CIVIL THEFT — O.C.G.A. § 51-10-6

42. Plaintiff realleges and reasserts the allegations contained in Paragraphs 1 through 41 of its Complaint and incorporates them herein by reference.

43. O.C.G.A. §51-10-6(a) provides that "Any owner of personal property shall be authorized to bring a civil action to recover damages from any person who willfully damages the owner's personal property or who commits a theft as

defined in Article 1 of Chapter 8 of Title 16 involving the owner's personal property."

44. Article 1 of Chapter 8 of Title 16 of the Georgia Code includes O.C.G.A. § 16-8-2, entitled "Theft by Taking."

45. O.C.G.A. § 16-8-2 provides that "A person commits the offense of theft by taking when he unlawfully takes or, being in lawful possession thereof, unlawfully appropriates any property of another with the intention of depriving him of the property, regardless of the manner in which the property is taken or appropriated."

46. Defendant Smith committed the offense of theft by taking in violation of O.C.G.A. § 16-8-2 when he unlawfully took the property of Plaintiff with the intention of depriving Plaintiff of the property, as described in the preceding paragraphs of this Complaint.

47. Defendant Patel committed the offense of theft by taking in violation of O.C.G.A. § 16-8-2 when he unlawfully took the property of Plaintiff and/or when he unlawfully appropriated the property of Plaintiff with the intention of depriving Plaintiff of the property, as described in the preceding paragraphs of this Complaint.

48. Defendant Doe committed the offense of theft by taking in violation of O.C.G.A. § 16-8-2 when he unlawfully took the property of Plaintiff and/or when he unlawfully appropriated the property of Plaintiff with the intention of depriving Plaintiff of the property, as described in the preceding paragraphs of this Complaint.

49. Defendant Patel is a party to each of Defendant Smith's instances of theft.

50. Defendant Doe is a party to each of Defendant Smith's instances of theft.

51. Plaintiff suffered additional damages from Defendants' theft of its property resulting from the cost of the investigation and other subsequent remedial actions.

52. Plaintiff is entitled to damages from the Defendants, jointly and severally, in the amount of at least $200,000 for actual damages including the value of Plaintiff's personal property which was the subject of the theft and for other loss sustained as a result of the Defendants' offenses.

## COUNT II:
## CIVIL CONSPIRACY

53. Plaintiff realleges and reasserts the allegations contained in Paragraphs 1 through 52 of its Complaint and incorporates them herein by reference.

54. Each of the Defendants participated in a conspiracy with each of the other Defendants and thereby became members of a combination.

55. The purpose of this combination was to accomplish an unlawful purpose.

56. The Defendants conspired among each other by concerted action to steal Plaintiff's property from its Tucker Facility.

57. Each of the Defendants is jointly and severally liable for the acts of the other in furtherance of its conspiracy with the other Defendants.

58. Plaintiff is entitled to damages from the Defendants, jointly and severally, in the amount of at least $200,000 for actual damages including the value of Plaintiff's personal property which was the subject of the theft and for other loss sustained as a result of the Defendants' conspiracy.

### COUNT III:
### GEORGIA RACKETEER INFLUENCE AND CORRUPT ORGANIZATIONS ACT
### ("Georgia RICO Act")

**THE PATTERN OF RACKETEERING ACTIVITY**

59. Plaintiff realleges and reasserts the allegations contained in Paragraphs 1 through 58 of its Complaint and incorporates them herein by reference.

60. Defendants committed, attempted to commit, aided and abetted, solicited, or engaged in at least two interrelated predicate incidents or acts of racketeering activity in furtherance of one or more incidents, schemes, or transactions that had the same or similar intent, results, accomplices, victims, methods of commission, or are otherwise interrelated by, distinguishing characteristics

and are not isolated incidents which proximately caused injury to the Plaintiff. The incidents or acts of racketeering activity that form the pattern of racketeering activity engaged in by Defendants occurred within the Relevant Period. The acts of racketeering activity extended over a substantial period of time and were sufficiently continuous to form a pattern of racketeering activity.

**The Predicate Acts**

**Theft by Taking in Violation of O.C.G.A. § 16-8-2.**

61. Plaintiffs repeat and reallege each and every allegation contained in the Paragraphs 1 through 60 of the Compliant.

62. Theft by taking constitutes a predicate act pursuant to the Georgia RICO Act.

**Interrelationship Between the Acts of Racketeering Activity**

63. The acts of racketeering activity committed by Defendants are interrelated and not isolated incidents in that they all involve numerous transactions or purported transactions and involved the same or similar intents, the same or similar results, the same or similar victims, the same or similar methods of commission, the same or similar benefits to Defendants, and the same or similar efforts to conceal Defendants' misconduct.

64. The incidents or acts of racketeering activity committed by Defendants have the same or similar intents in that they sought to obtain property, including but not limited to, money for Defendants through illegal means.

65. The incidents or acts of racketeering activity committed by the Defendants have the same or similar results.

66. The incidents or acts of racketeering activity committed by Defendants have the same or similar victims, namely Plaintiff, who has been victimized by their conspiracy.

67. The incidents of racketeering activity committed by Defendants have the same or similar methods of commission.

**Injuries to Plaintiffs Proximately Caused by Defendants' RICO Violations**

68. Defendants' conduct as set forth herein directly targeted Plaintiff, and Plaintiff's injuries flow directly and proximately from Defendants' incidents or acts of racketeering activity, which constitute part of the pattern of racketeering activity.

69. Plaintiff is entitled to damages from the Defendants, jointly and severally, in the amount of at least $200,000 for actual damages including the value of Plaintiff's personal property which was the subject of the theft and for other loss sustained as a result of the Defendants' racketeering activities.

70. Plaintiff has been injured by reason of Defendants' violation of O.C.G.A. § l6-14-4 and is entitled to recover three times the actual damages sustained.

71. Pursuant to O.C.G.A. § l6-14-6(c), Plaintiffs are also entitled to recover its reasonable attorneys' fees in the trial and appellate courts, and their costs of investigation and litigation reasonably incurred.

## COUNT IV:
## PUNITIVE DAMAGES — O.C.G.A. § 51-12-5.1

72. Plaintiff realleges and reasserts the allegations contained in Paragraphs 1 through 71 of its Complaint and incorporates them herein by reference.

73. Defendants' actions show willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences.

74. Defendants are liable to Plaintiff for punitive damages in the amount of $1,000,000.

## COUNT V:
## ATTORNEY'S FEES PURSUANT TO O.C.G.A. § 13-6-11

75. Plaintiff realleges and reasserts the allegations contained in Paragraphs 1 through 74 of the Complaint and incorporates them herein by reference.

76. Defendants have acted in bad faith, been stubbornly litigious, and/or caused Plaintiff unnecessary trouble and expense.

77. Defendants are liable to Plaintiff for Plaintiff's attorney's fees, expenses, and costs, pursuant to O.C.G.A. § 13-6-11, in an amount to be determined at trial.

WHEREFORE, Plaintiff demands joint and several judgment against Defendants as follows:

(a) On Count I, for damages in the amount of $200,000, or as further determined by trial, for damages including the value of Plaintiff's property which Defendants stole and for other loss sustained as a result of Defendants' willful theft offense;

(b) On Count II, for damages in the amount of $200,000, or as further determined by trial, for the value of Plaintiff's property which Defendants stole and for other loss sustained as a result of Defendants' conspiracy;

(c) On Count III, for three times the damages Plaintiff actually sustained, and for Plaintiff's reasonable attorneys' fees in the trial and appellate courts, and their costs of investigation and litigation reasonably incurred;

(d) On Count IV, for punitive damages in the amount of $ 1,000,000.00;

(e) On Count V, for Plaintiff's attorney's fees, expenses, and costs, in an amount to be determined at trial; and

(f) Any such further relief as this Court deems just and equitable.

Respectfully submitted:

        BODKER RAMSEY ANDREWS
        WINOGRAD & WILDSTEIN, P.C.

        <u>/s/ Harry J. Winograd</u>
        Harry J. Winograd
        GA Bar No. 770926
        hwinograd@brawwlaw.com

        Brian S. Wilson
        GA Bar No. 410767
        bwilson@brawwlaw.com

        3490 Piedmont Road NE
        Suite 1400
        Atlanta, GA 30305
        Telephone: (404) 351-1615
        *Attorneys for the Plaintiff*

**CERTIFICATE OF COMPLIANCE**

This is to certify that the foregoing Complaint complies with Local Rule 5.1(C) and uses Times New Roman 14-point type, except for the Chart in paragraph 56, which uses 12-point type so that it can fit on a single page.

This 24th day of March, 2023.

                                                Respectfully submitted:

                                                BODKER RAMSEY ANDREWS
                                                WINOGRAD & WILDSTEIN, P.C.

                                                /s/ Harry J. Winograd
                                                Harry J. Winograd

                                                *Attorney for the Plaintiff*