# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| ELIA ANDERSON and CHARLES ANDERSON, | ) ) ) | |
| Plaintiffs, | ) | Civil Action File No.: 23-A-628 |
| | ) | |
| v. | ) | |
| | ) | |
| COSTCO WHOLESALE CORPORATION, BUONA VITA, INC., and AMYLU FOODS, INC., | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## EXHIBIT "A" TO NOTICE OF AND PETITION FOR REMOVAL

**General Civil and Domestic Relations Case Filing Information Form**

ID# E-QAJPLAUX-EJR
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**23-A-628**

☐ Superior or ☑ State Court of ___Cobb___ County

FEB 14, 2023 04:23 PM

| For Clerk Use Only | |
|---|---|
| Date Filed _02-14-2023_ <br> **MM-DD-YYYY** | Case Number _23-A-628_ |

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

**Plaintiff(s)**

Anderson, Elia

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Anderson, Charles | | | | |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |

**Defendant(s)**

Costco Wholesale Corporation

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Buona Vita, Inc. | | | | |
| Last | First | Middle I. | Suffix | Prefix |
| Amylu Foods, Inc. | | | | |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |

**Plaintiff's Attorney** _Myers, James_   **Bar Number** _440772_   **Self-Represented** ☐

**Check one case type and, if applicable, one sub-type in one box.**

**General Civil Cases**

- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Garnishment
- ☑ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**

- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____   _____
    **Case Number**              **Case Number**

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____
_____

Version 1.1.20

● EFILED IN OFFICE
* 5  0 CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**23-A-628**

FEB 14, 2023 04:23 PM

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| ELIA ANDERSON and CHARLES ANDERSON, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CIVIL ACTION FILE NO.: _____ |
| COSTCO WHOLESALE CORPORATION, BUONA VITA, INC., and AMYLU FOODS, INC., | ) ) ) ) ) | JURY TRIAL DEMANDED |
| Defendants. | ) ) | |

## COMPLAINT

COME NOW, Elia Anderson and Charles Anderson, Plaintiffs in the above-styled action, and hereby file this Complaint as follows:

### Nature of Action

1.

Plaintiffs bring this action for negligence, breach of the implied warranty of merchantability, and violation of Georgia's Fair Business Practices Act against Defendants Costco Wholesale Corporation ("Costco"), Buona Vita, Inc. ("Buona Vita"), and Amylu Foods, Inc. ("Amylu"). On or about February 18, 2021, while eating a meatball from a package of Amylu branded frozen meatballs purchased from Costco, Mrs. Anderson bit down hard on a piece of bone contained inside the meatball. As a result, Mrs. Anderson suffered serious and lasting damage to her teeth and was forced to undergo several dental procedures. The offending meatball was purchased by Mrs. Anderson at a Costco Wholesale owned and/or operated by Costco, and was produced, marketed, and/or distributed by Amylu and Buona Vita. The Defendants' negligence directly led to, and caused, Mrs. Anderson's injuries. Further, the Defendants breached the implied

warranty of merchantability. Mrs. Anderson seeks damages for medical and related expenses, future medical expenses, and her pain and suffering.

**Parties, Jurisdiction, and Venue**

2.

Elia and Charles Anderson are residents of the State of Georgia.

3.

Defendant Costco is a foreign corporation authorized to transact business in Georgia, with its principal place of business located at P.O. Box 35005, Seattle, Washington 98124, and is subject to the venue and jurisdiction of this Court. Costco owned, managed, and/or operated the Costco Wholesale from where Mrs. Anderson purchased the package of Amylu branded meatballs. Costco and its officers, agents and employees are subject to the venue and jurisdiction of this Court because the tort, wrong, or injury occurred in this county where the cause of action originated.

4.

Service can be made on Defendant Costco via its registered agent, The Corporation Company, located at 106 Colony Park Drive, Suite 800-B, Forsyth County, Georgia 30040.

5.

Defendant Buona Vita is a foreign corporation not authorized to transact business in Georgia, with its principal place of business located at 1 South Industrial Boulevard, Bridgeton, New Jersey 08302. Buona Vita and its officers, agents and employees are subject to the venue and jurisdiction of this Court because the tortious act, omission, or injury occurred in this county.

6.

Service can be made on Defendant Buona Vita at its principal place of business located at 1 South Industrial Boulevard, Bridgeton, New Jersey 08302.

2

7.

Defendant Amylu is a foreign corporation not authorized to transact business in Georgia, with its principal place of business located at 1400 West 44th Street, Chicago, Illinois 60609. Buona Vita and its officers, agents and employees are subject to the venue and jurisdiction of this Court because the tortious act, omission, or injury occurred in this county.

8.

Service can be made on Defendant Amylu via its registered agent, CT Corporation System, located at 208 S. LaSalle Street, Suite 814, Chicago, Illinois 60604.

9.

Venue is proper in Cobb County as it is the County where the cause of action originated, and the Defendants transact business in Cobb County.

**The Facts**

10.

In the days prior to February 18, 2021, Mrs. Anderson purchased a package of Amylu branded frozen meatballs from Costco Wholesale.

11.

Amylu produced, marketed, and/or distributed the packaged meatballs that Mrs. Anderson purchased at Costco Wholesale.

12.

Buona Vita produced, marketed, and/or distributed the packaged meatballs that Mrs. Anderson purchased at Costco Wholesale.

* 5 0 2 5 8 1 3 7 *

13.

Costco owned, operated, and/or managed the Costco Wholesale at which Mrs. Anderson purchased the packaged meatballs.

14.

On or about February 18, 2021, Mrs. Anderson prepared several meatballs from the package of Amylu branded frozen meatballs that she purchased from Costco Wholesale in the days prior.

15.

In the normal course of eating the meatballs, Mrs. Anderson bit into a meatball, in the same routine fashion she has always done.

16.

Mrs. Anderson's teeth struck a hard, foreign object in the meatball.

17.

Mrs. Anderson immediately felt a severe, sharp pain in her teeth.

18.

Mrs. Anderson spit out the meatball she was chewing and found a large, inflexible bone.

19.

Mrs. Anderson had no reason to anticipate that the hard piece of bone would be present in the meatball.

20.

The severe damage to Mrs. Anderson's teeth required extensive dental corrective procedures over the course of the next year.

4

21.

Mere days after biting down onto the bone, Mrs. Anderson went to see her dentist Dr. Jay Smith, DDS, who took x-rays of her teeth and noted that Mrs. Anderson's #14 molar was cracked "completely through". Dr. Smith recommended extraction and implant placement for tooth #14. He referred Mrs. Anderson to Dr. Glenn Maron, DDS at Peachtree Dunwoody Oral and Facial Surgery for a consultation regarding the cracked tooth (#14). Dr. Smith also referred her to Dr. Alan Goodman, DDS, Endodontist at Goodman Goldstein for sensitivity at tooth #15.

22.

On March 8, 2021, Mr. Anderson was seen by Dr. Smith for worsening of tooth #14 and he noted that the fractured tooth was not salvageable.

23.

As advised, Mrs. Anderson went to see Dr. Goodman and Dr. Maron for the significant damage to several teeth on the left side of her mouth. Mrs. Anderson was experiencing a large fistula on the buccal side of tooth #14 and significant pain. From the radiographs, Dr. Maron could see that tooth #14 was fractured and clearly non-salvageable. The doctors recommended that tooth #14 be extracted and replaced with an implant. The doctors also recommended that a crown be placed on tooth #18 as well because it had been fractured.

24.

On March 10, 2021, Dr. Maron performed a surgical extraction of tooth #14 and a bone replacement graft for tooth #14

25.

On April 12, 2021, Mrs. Anderson sought treatment as advised for a crown on tooth #18, with Timothy P. Resuta, DMD of Amile ATL. Photos and X-rays were taken. Dr. Resuta's clinical

evaluation revealed that part of the mesial-buccal cusp of tooth #18 had sheared off and that part of the existing composite restoration on that tooth broke as well. He informed Mrs. Anderson that the porcelain on the existing porcelain fused to metal crown on tooth #19 was also damaged and the distal-buccal cusp (of the #19 crown) was fractured as well. Dr. Resuta informed her that she would need a crown on tooth #18 as soon as possible because there was exposed dentin and that tooth # 19 would also need a new crown in the future because of the damaged porcelain. Dr. Resuta started work for the crown on tooth #18.

26.

On May 6, 2021, Dr. Resuta placed the permanent crown on tooth #18.

27.

On July 2, 2021, Dr. Maron performed a surgical procedure for bone loss and the missing tooth #14. Dr. Maron placed an osseous implant.

28.

On July 22, 2021, Mrs. Anderson returned to Dr. Resuta for follow-up, where Dr. Resuta discussed the need for the repair of additional crowns.

29.

On November 9, 2021, Dr. Resuta placed a permanent crown on tooth #31. Mrs. Anderson also complained of cold sensitivity on the left.

30.

On March 23, 2022, Dr. Resuta placed the Emax Screw Retained Implant crown on the implant at tooth #14.

31.

Mrs. Anderson continues to experience sensitivity on the left.

6

## Count I

## NEGLIGENCE OF THE DEFENDANTS

32.

Plaintiffs hereby re-allege and incorporate by reference the allegations of the foregoing paragraphs as though fully set forth herein.

33.

The injury at issue was caused by the carelessness and negligence of Costco, Amylu, and Buona Vita.

34.

Specifically, Defendants failed to properly control the quality of the food that they produced, supplied, prepared, and sold to Mrs. Anderson.

35.

At all times material hereto, Defendants failed to ensure adequate quality control and inspection procedures at each step of the production and distribution process.

36.

Hard foreign objects like the piece of bone that injured Mrs. Anderson are not ordinarily found in meatballs.

37.

As a direct and proximate result of Defendants' negligence, Mrs. Anderson suffered damages, including but not limited to, medical and related expenses, pain and suffering, and emotional distress.

## Count II

## BREACH OF THE IMPLIED WARRANTY
## OF MERCHANTABILITY

38.

Plaintiffs hereby re-allege and incorporate by reference the allegations of the foregoing paragraphs as though fully set forth herein.

39.

Plaintiff Mrs. Anderson purchased from Costco the package of Amylu branded meatballs, which were not fit for the ordinary purpose for which such goods are used.

40.

The meatballs were produced, marketed, and/or distributed by Amylu.

41.

The meatballs were marketed and/or distributed by Buona Vita.

42.

Further, the subject meatball that caused Mrs. Anderson's injuries failed to be of average quality, pass without objection, or conform to the promises or affirmations of fact made by the Defendants.

43.

Therefore, Defendants have breached the implied warranty of merchantability, as set forth in O.C.G.A. § 11-2-314.

44.

Because of Defendants' breach, Mrs. Anderson suffered, and continues to suffer, physical injury and emotional distress.

## Count III

## AMYLU AND BUONA VITA'S VIOLATION OF
## THE GEORGIA FAIR BUSINESS PRACTICES ACT

45.

Plaintiffs hereby re-allege and incorporate by reference the allegations of the foregoing paragraphs as though fully set forth herein.

46.

Plaintiff Mrs. Anderson purchased from Costco the package of Amylu branded meatballs, which were produced, marketed, and/or distributed by Amylu and marketed and/or distributed by Buona Vita.

47.

The meatballs were not fit for the ordinary purpose for which such goods are used.

48.

Further, the subject meatball that caused Mrs. Anderson's injuries failed to be of average quality, pass without objection, or conform to the promises or affirmations of fact made by Amylu and Buona Vita.

49.

At all relevant times, Amylu and Buona Vita were engaged in trade or commerce.

50.

Amylu and Buona Vita's breach of the warranty of implied merchantability, coupled with their negligence, constitutes a violation of Georgia's Fair Business Practices Act.

51.

Amylu and Buona Vita have represented that the meatballs have characteristics that they do not have.

52.

Amylu and Buona Vita have represented that the meatballs are of a particular standard, quality, or grade, which the meatballs were not.

53.

Neither Amylu nor Buona Vita maintain a place of business or keep assets within the State of Georgia.

54.

Because of Amylu and Buona Vita's unfair or deceptive acts and practices, Mrs. Anderson suffered, and continues to suffer, physical injury and emotional distress.

**Prayers for Relief**

WHEREFORE, Plaintiffs respectfully request that:

(a).   Process be issued as provided by law;

(b).   Plaintiffs be awarded actual damages in amounts to be shown at trial from the Defendants;

(c).   Plaintiffs have and recover any and all damages allowed by law and as proven by the evidence, including for pain and suffering, as well as all general, special, compensatory, and economic damages from the Defendants in an amount to be determined by the enlightened conscience of an impartial jury;

(d).   Plaintiffs have a trial by jury; and

(e).   Plaintiffs have such other relief as this Court deems just and proper.

*502581137*

PLAINTIFFS HEREBY DEMAND A TRIAL BY JURY.

This 14TH day of February, 2023.

Respectfully submitted,

CLAY TAULBEE MYERS

/s/ James P. Myers
Charles L. Clay, Jr.
Georgia Bar No. 129505
James P. Myers
Georgia Bar No. 440772

3372 Peachtree Road
Suite 115
Atlanta, Georgia 30326
T: 404.949.8118

*Attorneys for Plaintiffs*

# STATE COURT OF COBB COUNTY
# STATE OF GEORGIA

EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**23-A-628**

FEB 14, 2023 04:23 PM

Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

CIVIL ACTION NUMBER  23-A-628

$198.00 COST PAID

Anderson, Elia
Anderson, Charles

----

**PLAINTIFF**

**VS.**

Costco Wholesale Corporation
Buona Vita, Inc.
Amylu Foods, Inc.

----

**DEFENDANTS**

**SUMMONS**

TO: AMYLU FOODS, INC.

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**James Myers**
**Clay, Taulbee & Myers, LLC**
**3372 Peachtree Road**
**Atlanta, Georgia 30326**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 15th day of February, 2023.**

Clerk of State Court



Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

# STATE COURT OF COBB COUNTY
# STATE OF GEORGIA

ID# E-QAJPLAUX-EWB
⚖ EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**23-A-628**

**FEB 14, 2023 04:23 PM**

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

CIVIL ACTION NUMBER   23-A-628

$198.00 COST PAID

Anderson, Elia
Anderson, Charles

_____

**PLAINTIFF**

**VS.**

Costco Wholesale Corporation
Buona Vita, Inc.
Amylu Foods, Inc.

_____

**DEFENDANTS**

### SUMMONS

TO: BUONA VITA, INC.

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **James Myers**
> **Clay, Taulbee & Myers, LLC**
> **3372 Peachtree Road**
> **Atlanta, Georgia 30326**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 15th day of February, 2023.**

Clerk of State Court



*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

12 East Park Square, Marietta, Georgia 30090-9630
(770) 528-1220 Building B, First Floor-Civil Division



# STATE COURT OF COBB COUNTY
# STATE OF GEORGIA

ID# E-QAJPLAUX-M2M
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**23-A-628**

**FEB 14, 2023 04:23 PM**

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

CIVIL ACTION NUMBER   23-A-628

$198.00 COST PAID

Anderson, Elia
Anderson, Charles

_____

**PLAINTIFF**

**VS.**

Costco Wholesale Corporation
Buona Vita, Inc.
Amylu Foods, Inc.

_____

**DEFENDANTS**

**SUMMONS**

TO: COSTCO WHOLESALE CORPORATION

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **James Myers**
> **Clay, Taulbee & Myers, LLC**
> **3372 Peachtree Road**
> **Atlanta, Georgia 30326**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 15th day of February, 2023.**

Clerk of State Court



*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia



ID# E-QAJPLAUX-ATT
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

23-A-628

FEB 14, 2023 04:23 PM

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

|  |  |  |
|---|---|---|
| ELIA ANDERSON and CHARLES ANDERSON, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CIVIL ACTION FILE |
| v. | ) | NO.: _____ |
| | ) | |
| COSTCO WHOLESALE CORPORATION, BUONA VITA, INC., and AMYLU FOODS, INC., | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | ) | |

## PLAINTIFFS' FIRST SET OF CONTINUING INTERROGATORIES TO DEFENDANT COSTCO WHOLESALE CORPORATION

Pursuant to O.C.G.A. §§ 9-11-26 and 9-11-33, Plaintiffs hereby request that Defendant Costco Wholesale Corporation respond separately in writing and under oath to the following interrogatories, within the time allowed by law, with a copy of the responses being served upon the undersigned counsel for the Plaintiffs at Clay Taulbee Myers, 3372 Peachtree Road, Suite 115, Atlanta, Georgia 30326. These interrogatories shall be deemed continuing to the extent permitted by O.C.G.A. § 9-11-26(e), so as to require Defendant to serve upon Plaintiffs supplemental answers if Defendant, or its attorneys or their agents, obtain further information between the time the answers are served and the time of trial.

## GENERAL INSTRUCTIONS

A.    All information is to be divulged which is in the possession of Defendant, its attorneys, investigators, agents, employees, or other representatives of the named party.

B.    Where an individual interrogatory calls for an answer which involves more than one part, each part of the answer should be clearly set out so that it is understandable.



C.      Each interrogatory shall be answered separately and fully, in writing, unless it is objected to, in which event the reason for objection should be stated in lieu of an answer.  If you object to part of an interrogatory and refuse to answer that part, please state your objections and answer the remaining portion of that interrogatory.  For example, if you object to the scope or time period of the interrogatory and refuse to answer for that scope or time period, state your objection and answer the request for the scope or time period you believe is appropriate.

D.      The accuracy and completeness of these answers are to be verified and signed by the person making them.

## DEFINITIONS

A.      The terms "you," "your," "yours," or "Defendant" refer to Costco Wholesale Corporation, its agents, employees, servants, shareholders, officers, managers, or representatives and, unless privileged, its attorneys.

B.      The term "Amylu" refers to Defendant Amylu Foods, Inc., its agents, employees, servants, shareholders, officers, managers, or representatives and, unless privileged, its attorneys.

C.      The terms "Buona Vita" refers to Defendant Buona Vita, Inc, its agents, employees, servants, shareholders, officers, managers, or representatives and, unless privileged, its attorneys.

D.      To "identify a person" or equivalent language means to state his or her name, last known address, telephone number, and if employed, give the job title, position, name, and address of his or her employer.

E.      To "identify communication" or equivalent language means to state with respect

thereto:

    (a).    The identity of each person who participated in the communication and was present at the time it was made;

    (b).    By whom each such person is employed;

    (c).    The date, time, and place where such communication was made or took place;

    (d).    Whether such communication was made in person, orally, electronically or other means;

    (e).    The content or substance of what each such person communicated; and

    (f).    To identify each and every document pertaining to such communication.

F.    The term "person" or "persons" means any natural person, individual, proprietorship, partnership, corporation, association, organization, joint venture, firm, other business enterprise, governmental body, group of natural persons or other entity, and includes any other person acting on behalf of a person.

G.    "Document" or "documents" shall mean documents and other tangible things, including electronically stored documents ("ESI"), defined in the broadest sense permitted by the Georgia Civil Practice Act, and shall include without limitation letters, e-mails, text messages, telegrams, interoffice memoranda, memoranda of telephone calls and conferences, reports, compilations of data, photographs, or anything written, printed, typed or electronically stored, or other graphic matter, and any mechanical or electrical sound recordings or transcripts thereof pertaining to the subject of which inquiry is made; "document" or "documents" shall also mean all copies of any document or documents by whatever means made.

3

H.    To "identify a document" or equivalent language means to state with respect thereto:

    (a).    The identity of the person who prepared it;

    (b).    The identity of the person who signed or over whose name it was issued;

    (c).    The identity of each person to whom it was addressed or distributed;

    (d).    The nature and substance of the document with sufficient particularity to enable it to be identified;

    (e).    Its date, and if it bears no date, the date of which it was prepared; and

    (f).    Physical location of it and the identity of the custodian or custodians.

I.    The terms "referring to," "relating to," "concerning" or equivalent language means setting forth, pertaining to, memorializing, constituting, embodying, discussing, analyzing, reflecting or otherwise concerning in any way, shape or form whatsoever.

J.    In these interrogatories, the singular form of a word shall also be interpreted in the plural and vice-versa.

K.    In these interrogatories the words "and" as well as the word "or" shall be construed disjunctively as well as conjunctively.

L.    The terms "meatball" or "package of meatballs" shall refer to the package of meatballs which was purchased by Mrs. Anderson at a Costco Wholesale owned and/or operated by Costco, which was produced, marketed, and/or distributed by Amylu and Buona Vita, Inc., and which contained the piece of bone that caused injuries to Mrs. Anderson's teeth.

M.    The term "subject incident" or "occurrence" shall refer to the incident occurring on February 18, 2021 in which Mrs. Anderson suffered severe injuries to her teeth when she bit down on the hard piece of bone contained in the subject meatball.

N.   Insurance shall refer to all policies that may be used to cover part or all of a judgment against Costco, including, but not limited to any excess or umbrella policies and any insurance policies for which you have been named as an additional insured.

O.   The term "Costco Wholesale" shall refer to the Costco Wholesale located at 2900 Cumberland Mall, SE, Atlanta, Georgia 30339.

**INTERROGATORIES**

1.

If you contend that any indispensable parties to this lawsuit have not been properly joined, please identify each said party with sufficient detail to allow Plaintiffs to affect proper service of process.

2.

Please identify the person(s) or entities who owned, managed, controlled, and maintained the Costco Wholesale at the time of the incident alleged in the Complaint (February 18, 2021). If the ownership, management, control, or maintenance changed at any time since said incident, please identify every subsequent person or entity.

3.

Please identify the person(s) or entities who had an interest in the Costco Wholesale at the time of the incident alleged in the Complaint (February 18, 2021), whether whole or in part, pursuant to any sort of agreement, including but not limited to, a franchise or brand marketing agreement. If such interest has changed at any time since said occurrence, please identify every subsequent person or entity.

4.

Please identify whether Costco is affiliated with or has an interest in the Costco Whole, or

would be liable for the injuries sustained by Mrs. Anderson on February 18, 2021.

5.

Please state the substance, approximate dates, and source(s) of any complaints regarding food products sold at the Costco Wholesale which Defendant has received in the five (5) years prior to February 18, 2021, and any action taken in response to any such complaint/notice that Defendant received.

6.

If you are aware of any information, complaints or incidents of injuries caused by food products sold on the premises of the Costco Wholesale in the past five (5) years, state the nature of the occurrence; the date of the occurrence; the individuals involved; and what you did, if anything, as a result of such occurrences.

7.

Please identify any lawsuit filed against you related to any injuries caused by food products sold by Costco in the five (5) years prior to February 18, 2021, stating the court and civil action number of each such case.

8.

Please identify any insurance company which may be liable to satisfy all or part of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment, state the policy number for each such policy and the limits of liability coverage for each policy of insurance which may be applicable to pay part or all of a judgment rendered against Defendant.

9.

Please state the names, addresses, telephone numbers, and job title of current and former

employees, agents, or contractors who had any responsibilities over the relationship between Costco and Amylu.

10.

Please state the names, addresses, telephone numbers, and job title of current and former employees, agents, or contractors who had any responsibilities over the relationship between Costco and Buona Vita.

11.

Please state the names, addresses, and business telephone numbers of all persons whom you expect to call or may call as expert witnesses at trial.  With respect to each person, state:

     a)    The substance of the facts, opinions and conclusions which you expect such expert to testify; and

     b)    The grounds for each such opinion or conclusion.

12.

As to each statement or report, written, taped, or otherwise, which has been made by any person concerning the occurrence complained of, please describe each such statement or report, giving as to each such statement or report the name of the person giving it, the date of same, and the present location of such statement or report.  In lieu of answering this Interrogatory in detail, it is acceptable to simply produce a copy of each statement or report.

13.

Please list the names, addresses, and job titles of every one of your owners, managers, supervisors, employees and any independent contractors who were ever at the premises from January 1, 2021 through March 1, 2021.

14.

Please identify any person or entity who you believe committed any act or omission that contributed to Mrs. Anderson's injuries arising from the subject incident.

15.

Please describe the inspection or quality control practices used by Costco for any food products sold by Costco, including but not limited to, any manuals, memos, or documentation which discusses or describes said practices.

16.

Please state the factual basis for any affirmative defenses you raise in your Answer.

17.

In the five years prior to February 18, 2021, please explain all efforts you made and measures you had in place to prevent unwholesome or adulterated food from being sold to the public.

18.

In the five years prior to February 18, 2021, please identify all representations made concerning the subject meatballs, including advertisements, coupons, notices, emails, mail flyers, which were displayed on your website or at the premises of the Costco Wholesale, or which were sent to customers or the general public.

19.

Identify any person who is believed or known by you to have any knowledge concerning any of the issues in this lawsuit and specify the subject matter about which the person has knowledge.

20.

For each interrogatory, please provide the name, address and job title for the person or persons who had any involvement in formulating the answers to these Interrogatories.

This 14TH day of February, 2023.

Respectfully submitted,

CLAY TAULBEE MYERS

/s/ James P. Myers
Charles L. Clay, Jr.
Georgia Bar No. 129505
James P. Myers
Georgia Bar No. 440772

3372 Peachtree Road
Suite 115
Atlanta, Georgia 30326
T: 404.949.8118

*Attorneys for Plaintiffs*

9

ID# E-QAJPLAUX-GD3
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**23-A-628**

FEB 14, 2023 04:23 PM

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

ELIA ANDERSON and CHARLES      )
ANDERSON,                      )
                               )
Plaintiffs,                    )
                               )       CIVIL ACTION FILE
v.                             )       NO.: _____
                               )
COSTCO WHOLESALE               )
CORPORATION, BUONA             )       JURY TRIAL DEMANDED
VITA, INC., and AMYLU FOODS,   )
INC.,                          )
                               )
        Defendants.            )

**PLAINTIFFS' FIRST SET OF CONTINUING INTERROGATORIES**
**TO DEFENDANT AMYLU FOODS, INC.**

Pursuant to O.C.G.A. §§ 9-11-26 and 9-11-33, Plaintiffs hereby request that Defendant

Amylu Foods, Inc. respond separately in writing and under oath to the following interrogatories,

within the time allowed by law, with a copy of the responses being served upon the undersigned

counsel for the Plaintiffs at Clay Taulbee Myers, 3372 Peachtree Road, Suite 115, Atlanta, Georgia

30326. These interrogatories shall be deemed continuing to the extent permitted by O.C.G.A. § 9-

11-26(e), so as to require Defendant to serve upon Plaintiffs supplemental answers if Defendant,

or its attorneys or their agents, obtain further information between the time the answers are served

and the time of trial.

## GENERAL INSTRUCTIONS

A.      All information is to be divulged which is in the possession of Defendant, its attorneys,

        investigators, agents, employees, or other representatives of the named party.

B.      Where an individual interrogatory calls for an answer which involves more than one

        part, each part of the answer should be clearly set out so that it is understandable.



C.      Each interrogatory shall be answered separately and fully, in writing, unless it is objected to, in which event the reason for objection should be stated in lieu of an answer. If you object to part of an interrogatory and refuse to answer that part, please state your objections and answer the remaining portion of that interrogatory. For example, if you object to the scope or time period of the interrogatory and refuse to answer for that scope or time period, state your objection and answer the request for the scope or time period you believe is appropriate.

D.      The accuracy and completeness of these answers are to be verified and signed by the person making them.

## DEFINITIONS

A.      The terms "you," "your," "yours," or "Defendant" refer to Amylu Foods, Inc., its agents, employees, servants, shareholders, officers, managers, or representatives and, unless privileged, its attorneys.

B.      The term "Costco" refers to Defendant Costco Wholesale Corporation, its agents, employees, servants, shareholders, officers, managers, or representatives and, unless privileged, its attorneys.

C.      The terms "Buona Vita" refers to Defendant Buona Vita, Inc, its agents, employees, servants, shareholders, officers, managers, or representatives and, unless privileged, its attorneys.

D.      To "identify a person" or equivalent language means to state his or her name, last known address, telephone number, and if employed, give the job title, position, name, and address of his or her employer.

E.      To "identify communication" or equivalent language means to state with respect

2

thereto:

    (a).    The identity of each person who participated in the communication and was present at the time it was made;

    (b).    By whom each such person is employed;

    (c).    The date, time, and place where such communication was made or took place;

    (d).    Whether such communication was made in person, orally, electronically or other means;

    (e).    The content or substance of what each such person communicated; and

    (f).    To identify each and every document pertaining to such communication.

F.    The term "person" or "persons" means any natural person, individual, proprietorship, partnership, corporation, association, organization, joint venture, firm, other business enterprise, governmental body, group of natural persons or other entity, and includes any other person acting on behalf of a person.

G.    "Document" or "documents" shall mean documents and other tangible things, including electronically stored documents ("ESI"), defined in the broadest sense permitted by the Georgia Civil Practice Act, and shall include without limitation letters, e-mails, text messages, telegrams, interoffice memoranda, memoranda of telephone calls and conferences, reports, compilations of data, photographs, or anything written, printed, typed or electronically stored, or other graphic matter, and any mechanical or electrical sound recordings or transcripts thereof pertaining to the subject of which inquiry is made; "document" or "documents" shall also mean all copies of any document or documents by whatever means made.

3

H.     To "identify a document" or equivalent language means to state with respect thereto:

     (a).    The identity of the person who prepared it;

     (b).    The identity of the person who signed or over whose name it was issued;

     (c).    The identity of each person to whom it was addressed or distributed;

     (d).    The nature and substance of the document with sufficient particularity to enable it to be identified;

     (e).    Its date, and if it bears no date, the date of which it was prepared; and

     (f).    Physical location of it and the identity of the custodian or custodians.

I.     The terms "referring to," "relating to," "concerning" or equivalent language means setting forth, pertaining to, memorializing, constituting, embodying, discussing, analyzing, reflecting or otherwise concerning in any way, shape or form whatsoever.

J.     In these interrogatories, the singular form of a word shall also be interpreted in the plural and vice-versa.

K.     In these interrogatories the words "and" as well as the word "or" shall be construed disjunctively as well as conjunctively.

L.     The terms "meatball" or "package of meatballs" shall refer to the package of meatballs which was purchased by Mrs. Anderson at a Costco Wholesale owned and/or operated by Costco, which was produced, marketed, and/or distributed by Amylu and Buona Vita, Inc., and which contained the piece of bone that caused injuries to Mrs. Anderson's teeth.

M.     The term "subject incident" or "occurrence" shall refer to the incident occurring on February 18, 2021 in which Mrs. Anderson suffered severe injuries to her teeth when she bit down on the hard piece of bone contained in the subject meatball.

4

N.     Insurance shall refer to all policies that may be used to cover part or all of a judgment against you, including, but not limited to any excess or umbrella policies and any insurance policies for which you have been named as an additional insured.

O.     The term "Costco Wholesale" shall refer to the Costco Wholesale located at 2900 Cumberland Mall, SE, Atlanta, Georgia 30339.

**INTERROGATORIES**

1.

If you contend that any indispensable parties to this lawsuit have not been properly joined, please identify each said party with sufficient detail to allow Plaintiffs to affect proper service of process.

2.

Please state the substance, approximate dates, and source(s) of any complaints regarding food products manufactured, produced, marketed, or distributed by Defendant which Defendant has received in the five (5) years prior to February 18, 2021, and any action taken in response to any such complaint/notice that Defendant received.

3.

If you are aware of any information, complaints or incidents of injuries caused by food products manufactured, produced, marketed, or distributed by Defendant in the past five (5) years, state the nature of the occurrence; the date of the occurrence; the individuals involved; and what you did, if anything, as a result of such occurrences.

4.

Please identify any lawsuit filed against you related to any food products manufactured, produced, marketed, or distributed by you in the five (5) years prior to February 18, 2021, stating

the court and civil action number of each such case.

5.

Please identify any insurance company which may be liable to satisfy all or part of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment, state the policy number for each such policy and the limits of liability coverage for each policy of insurance which may be applicable to pay part or all of a judgment rendered against Defendant.

6.

Please state the names, addresses, telephone numbers, and job title of current and former employees, agents, or contractors who had any responsibilities over the relationship between Costco and Amylu.

7.

Please state the names, addresses, telephone numbers, and job title of current and former employees, agents, or contractors who had any responsibilities over the relationship between Amylu and Buona Vita.

8.

Please state the names, addresses, and business telephone numbers of all persons whom you expect to call or may call as expert witnesses at trial.  With respect to each person, state:

     a)     The substance of the facts, opinions and conclusions which you expect such expert to testify; and

     b)     The grounds for each such opinion or conclusion.

9.

As to each statement or report, written, taped, or otherwise, which has been made by any

person concerning the occurrence complained of, please describe each such statement or report, giving as to each such statement or report the name of the person giving it, the date of same, and the present location of such statement or report.  In lieu of answering this Interrogatory in detail, it is acceptable to simply produce a copy of each statement or report.

10.

Please list the names, addresses, and job titles of every one of your owners, managers, supervisors, employees and any independent contractors who were ever at the premises of the Costco Wholesale defined herein from January 1, 2021 through March 1, 2021.

11.

Please identify any person or entity who you believe committed any act or omission that contributed to Mrs. Anderson's injuries arising from the subject incident.

12.

Please describe the inspection or quality control practices used by Amylu for any food products manufactured, produced, marketed, or distributed by Amylu, including but not limited to, any manuals, memos, or documentation which discusses or describes said practices.

13.

Please state the factual basis for any affirmative defenses you raise in your Answer.

14.

In the five years prior to February 18, 2021, please explain all efforts you made and measures you had in place to prevent unwholesome or adulterated food from being sold to the public.

15.

In the five years prior to February 18, 2021, please identify all representations made

concerning the subject meatballs, including advertisements, coupons, notices, emails, mail flyers, which were displayed on your website or at the premises of the Costco Wholesale, or which were sent to customers or the general public.

16.

Identify any person who is believed or known by you to have any knowledge concerning any of the issues in this lawsuit and specify the subject matter about which the person has knowledge.

17.

For each interrogatory, please provide the name, address and job title for the person or persons who had any involvement in formulating the answers to these Interrogatories.

This 14TH day of February, 2023.

Respectfully submitted,

CLAY TAULBEE MYERS

*/s/ James P. Myers*
Charles L. Clay, Jr.
Georgia Bar No. 129505
James P. Myers
Georgia Bar No. 440772

3372 Peachtree Road
Suite 115
Atlanta, Georgia 30326
T: 404.949.8118

*Attorneys for Plaintiffs*

**EFILED IN OFFICE**
* 5  0 CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**23-A-628**

FEB 14, 2023 04:23 PM

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

ELIA ANDERSON and CHARLES    )
ANDERSON,                    )
                             )
Plaintiffs,                  )
                             )        CIVIL ACTION FILE
v.                           )        NO.: _____
                             )
COSTCO WHOLESALE             )
CORPORATION, BUONA           )        JURY TRIAL DEMANDED
VITA, INC., and AMYLU FOODS, )
INC.,                        )
                             )
        Defendants.          )

## PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT AMYLU FOODS, INC.

Pursuant to O.C.G.A. §§ 9-11-26 and 9-11-34, Plaintiffs hereby request that Defendant Amylu Foods, Inc. respond separately in writing and under oath to the following Request for Production of Documents, within the time allowed by law, with a copy of the responses being served upon the undersigned counsel for the Plaintiffs at Clay Taulbee Myers, 3372 Peachtree Road, Suite 115, Atlanta, Georgia 30326.

Please include the text of each question/request prior to each response. Plaintiffs will do the same in response to Defendant's discovery requests. To facilitate this, Plaintiffs will also provide an electronic copy of this discovery upon request.

### GENERAL INSTRUCTIONS

A.    All documents requested herein are to be produced if they are in the possession of, control of, or are available or accessible to Defendant or Defendant's counsel, or either of their employees or agents. This includes all documents in your corporate files, employee and agent files, back-up files, cloud or other computing files, or any other

locations (on-site or off-site). It further includes all documents in the possession of your attorneys or their agents. In addition, this includes all documents possessed by persons or entities who are within your control.

B.      When these document requests call for information or a document which was once, but is no longer, in the possession or control of Defendant or Defendant's counsel, Defendant or Defendant's counsel are hereby required to identify its present location and custodian, if known, otherwise its last known location and custodian. If the document has been destroyed, the response should state the date of its destruction, the reason for its destruction, the identity of the person or persons who destroyed the document, and the identity of the person who directed that the document be destroyed.

C.      These requests for production of documents shall be deemed continuing to the extent permitted by O.C.G.A. § 9-11-26(e), so as to require Defendant to serve upon Plaintiffs supplemental answers and documents if Defendant, or its attorneys or their agents, obtain further information between the time the answers are served and the time of trial.

D.      If an objection is interposed on the basis that a document request is overly broad, set forth all information which is relevant and identify the reason the remaining information requested is overly broad.  If an objection is interposed on the basis that a document request constitutes an undue burden or expense, set forth all information which may be obtained without undertaking an undue burden or expense and identify the reason the remaining information requested cannot be obtained without undertaking an undue burden or expense.

E.      If you have withheld from production documents that are responsive to these requests on the basis of any objection, you are advised that those documents must be preserved

and not altered, lost, or destroyed. You are on notice that Plaintiffs contend such documents are relevant and discoverable, and alteration or destruction of potentially relevant documents may constitute improper spoliation of evidence.

F.   If any information called for by these document requests are withheld on the basis of a claim of any privilege, the nature of the information on which privilege is claimed shall be set forth together with the type of privilege claimed and a statement of all circumstances upon which Defendant will rely to support such a claim of privilege. As to each document subject to such assertion, you are requested to provide Plaintiffs with identification of such document in writing in a "privilege log." This "privilege log" is to include the nature of the document, the sender, the author, the recipient of the original, the recipient of each copy, the date, the names appearing on any circulation list of the department associated with such document, a summary statement of the subject matter of such document in sufficient detail to permit the Court to reach a determination in the event of a motion to compel, and an indication of the basis for assertion of the privilege or the like.

G.   All responsive documents are requested to be organized so that each document produced is identified with the Request for Production Number(s) to which that document is responsive.

H.   These requests include all "electronically stored information" ("ESI") in the Defendant's possession, custody, or control as to each and every document requested. ESI is requested to be produced in both native format and searchable PDF or TIFF files (with complete original metadata fields). If a proprietary or unique platform is required in order to read, review, or interpret the data in the ordinary course of business, you are

required to identify said platform and make it available for inspection and review. Plaintiffs reserve the right to request any document in any alternative form at any point during the course of this litigation.

## DEFINITIONS

A. The term "document" is used to mean, without limitation, any and all information in tangible form, of any nature whatsoever, including Electronically Stored Information ("ESI") defined in the broadest sense permitted by the Georgia Civil Practice Act, and shall include without limitation, and including the originals and all non-identical copies thereof, in your possession, custody or control, regardless of where located, and shall include, without limiting the generality of the foregoing, all letters, telegrams, telexes, teletypes, correspondence, electronic mail, text messages, contracts, drafts, agreements, insurance policies, notes to files, reports, memoranda, mechanical and electronic records, photographs, videotape, microfilm, microfiche, tapes or transcripts, information stored in computers or other data storage or processing devices translated or translatable into usable form, blueprints, flow sheets, calendar or diary entries, memoranda of conversations, telephonic or otherwise, and of meetings or conferences, studies, reports, interoffice and interoffice communications, listings, price lists, quotations, offers, inquiries, bulletins, circulars, statements, manuals, summaries, newsletters, compilations, minutes of stockholders', directors' and committee meetings, minutes and memoranda of all other meetings, agendas, charts, graphs, propositions, offers, articles, announcements, newspaper clippings, books, records, cables, books of account, ledgers, vouchers, canceled checks, invoices, acknowledgments, orders, bills, opinions, certificates, promissory notes and other evidence of indebtedness, prospectuses, registration statements and analysis or

other statistical data and all copies of documents as hereinbefore defined by whatever means made.

    (1)    If a document has been prepared in several copies, or additional copies have been made, and the copies are not identical (or which by reason of subsequent modification or revision by the addition of notations, or other modifications, are no longer identical including, but not limited to, underlining, showing of blind copies, crossing out, initialing, comments, signatures, documents clipped or stapled thereto, etc.) each non-identical copy is a separate "document" for the purposes of these document requests.

B.  "Relating to" or "regarding" means referring to, concerning, or including any information with respect to.

C.  The term "person" includes individuals, children, firms, associations, joint adventures, partnerships, estates, trusts, business trusts, syndicates, fiduciaries, corporations and all other groups or combinations, including but not limited to ventures, governmental or public or quasi-public entities, citizens' groups or any other organization or business entity.

D.  The terms "employee," "agent," "consultant," "contractor" or "representative" as used herein separately or collectively, shall mean any person serving, acting or being in one of those capacities at any relevant time even though such person is no longer acting in such capacity.

E.  The terms "you," "your," "yours," or "Defendant" refer to Defendant Amylu Foods, Inc., its agents, employees, servants, shareholders, officers, managers, or representatives and, unless privileged, its attorneys.

F.  The term "Costco" refers to Defendant Costco Wholesale Corporation, its agents,

employees, servants, shareholders, officers, managers, or representatives and, unless privileged, its attorneys.

G. The terms "Buona Vita" refers to Defendant Buona Vita, Inc, its agents, employees, servants, shareholders, officers, managers, or representatives and, unless privileged, its attorneys.

H. The terms "meatball" or "package of meatballs" shall refer to the package of meatballs which was purchased by Mrs. Anderson at a Costco Wholesale owned and/or operated by Costco, which was produced, marketed, and/or distributed by Amylu and Buona Vita, and which contained the piece of bone that caused injuries to Mrs. Anderson's teeth.

I. The terms "subject incident" or "occurrence" shall refer to the incident occurring on February 18, 2021 in which Mrs. Anderson suffered severe injuries to her teeth when she bit down on the hard piece of bone contained in the subject meatball.

J. Insurance shall refer to all policies that may be used to cover part or all of a judgment against Defendant, including, but not limited to any excess or umbrella policies and any insurance policies for which you have been named as an additional insured.

K. The term "Costco Wholesale" shall refer to the Costco Wholesale located at 2900 Cumberland Mall, SE, Atlanta, Georgia 30339.

L. If you do not know the meaning of a word that is not defined below in the Definitions section of this document, you are requested to use the dictionary definition of the word. If the dictionary definition of the word does not resolve an ambiguity, you are invited to contact the undersigned counsel to inquire as to the word's meaning, so as to avoid unnecessary objections and delay in the discovery of this matter.

## REQUEST FOR PRODUCTION

Defendant is requested to produce each of the following:

1.

All email messages and correspondence exchanged between Defendant and any person(s) or entities who owned, managed, controlled, and maintained the Costco Wholesale at the time of the incident alleged in the Complaint (February 18, 2021).

2.

All email messages and correspondence exchanged between Defendant and any person(s) or entities who had an interest in the Costco Wholesale at the time of the incident alleged in the Complaint (February 18, 2021), whether whole or in part, pursuant to any sort of agreement.

3.

All text messages, email messages, group messages, and electronic messages using any application exchanged between you or your agents regarding any complaints or incidents of injuries caused by food products manufactured, produced, marketed, or distributed by Defendant within the five (5) years prior to February 18, 2021.

4.

All meeting agendas, minutes, memoranda or notes that concern, refer or relate to any complaints or incidents of injuries caused by food products manufactured, produced, marketed, or distributed by Defendant within the five (5) years prior to February 18, 2021.

5.

Complaints, concerns, or recommendations of any type (including customer/invitee complaints, customer/invitee reviews, audits, correspondence, email, reviews/ratings, blogs, social

media, or other postings) you received or have ever reviewed regarding complaints or incidents of injuries caused by food products manufactured, produced, marketed, or distributed by Defendant within the five (5) years prior to February 18, 2021.

6.

Responses that you or your agent (including correspondence, email, review/ratings, blogs, social media or other postings) have ever made to complaints, concerns or recommendations raised about complaints or incidents of injuries caused by food products manufactured, produced, marketed, or distributed by Defendant within the five (5) years prior to February 18, 2021.

7.

All communications between you and anyone else (including but not limited to any police officers, detectives, news media, employees, owners, residents) regarding the incident.

8.

Notes, witness statements, investigatory materials and photographs that concern, refer or relate to the subject incident.

9.

All text messages, email messages, group messages, and electronic messages using any application between you or your agents regarding the incident.

10.

All Incident Reports for the five (5) years prior to February 18, 2021 relating to complaints or incidents of injuries caused by food products manufactured, produced, marketed, or distributed by Defendant.

11.

All notices, letters, emails, or other documents alerting you prior to February 18, 2021 that

Amylu products were unsafe for sale or consumption.

12.

Copies of all policies which may be liable to satisfy all or part of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.

13.

All correspondence exchange between you and any insurance company, insurance broker, expert consultant, security consultant, or anyone else other than your legal counsel that concerns, refers or relates to complaints or incidents of injuries caused by food products manufactured, produced, marketed, or distributed by Defendant within the five (5) years prior to February 18, 2021.

14.

All contracts, agreements, correspondence, emails, text messages between you or your agent and any agent, representative, or employee of Costco.

15.

All contracts, agreements, correspondence, emails, text messages between you or your agent and any agent, representative, or employee of Buona Vita.

16.

A copy of each statement or report, written, taped, or otherwise, which has been made by any person concerning the occurrence complained of in the Complaint.

17.

All documents, including employee handbooks, training materials reviewed by your employees or agents, manuals, guides, memoranda, notices or emails concerning the inspection or quality control practices used by Amylu for any food products manufactured, produced, marketed,

or distributed by Defendant in the five (5) years prior to February 18, 2021.

18.

Any recommendations that you have ever received regarding the inspection or quality control practices to be used for any food products manufactured, produced, marketed, or distributed by Defendant.

19.

Any warnings or safety tips you provided to customers or invitees concerning any food products manufactured, produced, marketed, or distributed by Defendant in the five (5) years prior to February 18, 2021.

20.

A copy of all representations made concerning the subject meatballs, including advertisements, coupons, notices, emails, mail flyers, which were displayed on your website or at any premises, or which were sent to customers or the general public, for the five years prior to February 18, 2021.

This 14TH day of February, 2023.

Respectfully submitted;

CLAY TAULBEE MYERS

/s/ James P. Myers
Charles L. Clay, Jr.
Georgia Bar No. 129505
James P. Myers
Georgia Bar No. 440772

3372 Peachtree Road
Suite 115
Atlanta, Georgia 30326
T: 404.949.8118

*Attorneys for Plaintiffs*

ID# E-QAJPLAUX-WZS
**EFILED IN OFFICE**
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**23-A-628**

**FEB 14, 2023 04:23 PM**

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

ELIA ANDERSON and CHARLES )
ANDERSON, )
)
Plaintiffs, )
) CIVIL ACTION FILE
v. ) NO.: _____
)
COSTCO WHOLESALE )
CORPORATION, BUONA ) JURY TRIAL DEMANDED
VITA, INC., and AMYLU FOODS, )
INC., )
)
Defendants. )

**PLAINTIFFS' FIRST SET OF CONTINUING INTERROGATORIES
TO DEFENDANT BUONA VITA, INC.**

Pursuant to O.C.G.A. §§ 9-11-26 and 9-11-33, Plaintiffs hereby request that Defendant

Buona Vita, Inc. respond separately in writing and under oath to the following interrogatories,

within the time allowed by law, with a copy of the responses being served upon the undersigned

counsel for the Plaintiffs at Clay Taulbee Myers, 3372 Peachtree Road, Suite 115, Atlanta, Georgia

30326. These interrogatories shall be deemed continuing to the extent permitted by O.C.G.A. § 9-

11-26(e), so as to require Defendant to serve upon Plaintiffs supplemental answers if Defendant,

or its attorneys or their agents, obtain further information between the time the answers are served

and the time of trial.

**GENERAL INSTRUCTIONS**

A.      All information is to be divulged which is in the possession of Defendant, its attorneys,

        investigators, agents, employees, or other representatives of the named party.

B.      Where an individual interrogatory calls for an answer which involves more than one

        part, each part of the answer should be clearly set out so that it is understandable.



C.      Each interrogatory shall be answered separately and fully, in writing, unless it is objected to, in which event the reason for objection should be stated in lieu of an answer.  If you object to part of an interrogatory and refuse to answer that part, please state your objections and answer the remaining portion of that interrogatory.  For example, if you object to the scope or time period of the interrogatory and refuse to answer for that scope or time period, state your objection and answer the request for the scope or time period you believe is appropriate.

D.      The accuracy and completeness of these answers are to be verified and signed by the person making them.

## DEFINITIONS

A.      The terms "you," "your," "yours," or "Defendant" refer to Defendant Buona Vita, Inc., its agents, employees, servants, shareholders, officers, managers, or representatives and, unless privileged, its attorneys.

B.      The term "Costco" refers to Defendant Costco Wholesale Corporation, its agents, employees, servants, shareholders, officers, managers, or representatives and, unless privileged, its attorneys.

C.      The terms "Amylu" refers to Defendant Amylu Foods, Inc., its agents, employees, servants, shareholders, officers, managers, or representatives and, unless privileged, its attorneys.

D.      To "identify a person" or equivalent language means to state his or her name, last known address, telephone number, and if employed, give the job title, position, name, and address of his or her employer.

E.      To "identify communication" or equivalent language means to state with respect

thereto:

  (a). The identity of each person who participated in the communication and was present at the time it was made;

  (b). By whom each such person is employed;

  (c). The date, time, and place where such communication was made or took place;

  (d). Whether such communication was made in person, orally, electronically or other means;

  (e). The content or substance of what each such person communicated; and

  (f). To identify each and every document pertaining to such communication.

F. The term "person" or "persons" means any natural person, individual, proprietorship, partnership, corporation, association, organization, joint venture, firm, other business enterprise, governmental body, group of natural persons or other entity, and includes any other person acting on behalf of a person.

G. "Document" or "documents" shall mean documents and other tangible things, including electronically stored documents ("ESI"), defined in the broadest sense permitted by the Georgia Civil Practice Act, and shall include without limitation letters, e-mails, text messages, telegrams, interoffice memoranda, memoranda of telephone calls and conferences, reports, compilations of data, photographs, or anything written, printed, typed or electronically stored, or other graphic matter, and any mechanical or electrical sound recordings or transcripts thereof pertaining to the subject of which inquiry is made; "document" or "documents" shall also mean all copies of any document or documents by whatever means made.

3

H.    To "identify a document" or equivalent language means to state with respect thereto:

    (a).    The identity of the person who prepared it;

    (b).    The identity of the person who signed or over whose name it was issued;

    (c).    The identity of each person to whom it was addressed or distributed;

    (d).    The nature and substance of the document with sufficient particularity to enable it to be identified;

    (e).    Its date, and if it bears no date, the date of which it was prepared; and

    (f).    Physical location of it and the identity of the custodian or custodians.

I.    The terms "referring to," "relating to," "concerning" or equivalent language means setting forth, pertaining to, memorializing, constituting, embodying, discussing, analyzing, reflecting or otherwise concerning in any way, shape or form whatsoever.

J.    In these interrogatories, the singular form of a word shall also be interpreted in the plural and vice-versa.

K.    In these interrogatories the words "and" as well as the word "or" shall be construed disjunctively as well as conjunctively.

L.    The terms "meatball" or "package of meatballs" shall refer to the package of meatballs which was purchased by Mrs. Anderson at a Costco Wholesale owned and/or operated by Costco, which was produced, marketed, and/or distributed by Amylu and Buona Vita, and which contained the piece of bone that caused injuries to Mrs. Anderson's teeth.

M.    The term "subject incident" or "occurrence" shall refer to the incident occurring on February 18, 2021 in which Mrs. Anderson suffered severe injuries to her teeth when she bit down on the hard piece of bone contained in the subject meatball.

4

N.     Insurance shall refer to all policies that may be used to cover part or all of a judgment against you, including, but not limited to any excess or umbrella policies and any insurance policies for which you have been named as an additional insured.

O.     The term "Costco Wholesale" shall refer to the Costco Wholesale located at 2900 Cumberland Mall, SE, Atlanta, Georgia 30339.

### INTERROGATORIES

1.

If you contend that any indispensable parties to this lawsuit have not been properly joined, please identify each said party with sufficient detail to allow Plaintiffs to affect proper service of process.

2.

Please state the substance, approximate dates, and source(s) of any complaints regarding food products manufactured, produced, marketed, or distributed by Defendant which Defendant has received in the five (5) years prior to February 18, 2021, and any action taken in response to any such complaint/notice that Defendant received.

3.

If you are aware of any information, complaints or incidents of injuries caused by food products manufactured, produced, marketed, or distributed by Defendant in the past five (5) years, state the nature of the occurrence; the date of the occurrence; the individuals involved; and what you did, if anything, as a result of such occurrences.

4.

Please identify any lawsuit filed against you related to any food products manufactured, produced, marketed, or distributed by you in the five (5) years prior to February 18, 2021, stating

the court and civil action number of each such case.

5.

Please identify any insurance company which may be liable to satisfy all or part of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment, state the policy number for each such policy and the limits of liability coverage for each policy of insurance which may be applicable to pay part or all of a judgment rendered against Defendant.

6.

Please state the names, addresses, telephone numbers, and job title of current and former employees, agents, or contractors who had any responsibilities over the relationship between Costco and Buona Vita.

7.

Please state the names, addresses, telephone numbers, and job title of current and former employees, agents, or contractors who had any responsibilities over the relationship between Amylu and Buona Vita.

8.

Please state the names, addresses, and business telephone numbers of all persons whom you expect to call or may call as expert witnesses at trial.  With respect to each person, state:

a)      The substance of the facts, opinions and conclusions which you expect such expert to testify; and

b)      The grounds for each such opinion or conclusion.

9.

As to each statement or report, written, taped, or otherwise, which has been made by any

6

person concerning the occurrence complained of, please describe each such statement or report, giving as to each such statement or report the name of the person giving it, the date of same, and the present location of such statement or report.  In lieu of answering this Interrogatory in detail, it is acceptable to simply produce a copy of each statement or report.

10.

Please list the names, addresses, and job titles of every one of your owners, managers, supervisors, employees and any independent contractors who were ever at the premises of the Costco Wholesale defined herein from January 1, 2021 through March 1, 2021.

11.

Please identify any person or entity who you believe committed any act or omission that contributed to Mrs. Anderson's injuries arising from the subject incident.

12.

Please describe the inspection or quality control practices used by Buona Vita for any food products manufactured, produced, marketed, or distributed by Buona Vita, including but not limited to, any manuals, memos, or documentation which discusses or describes said practices.

13.

Please state the factual basis for any affirmative defenses you raise in your Answer.

14.

In the five years prior to February 18, 2021, please explain all efforts you made and measures you had in place to prevent unwholesome or adulterated food from being sold to the public.

15.

In the five years prior to February 18, 2021, please identify all representations made

concerning the subject meatballs, including advertisements, coupons, notices, emails, mail flyers, which were displayed on your website or at the premises of the Costco Wholesale, or which were sent to customers or the general public.

16.

Identify any person who is believed or known by you to have any knowledge concerning any of the issues in this lawsuit and specify the subject matter about which the person has knowledge.

17.

For each interrogatory, please provide the name, address and job title for the person or persons who had any involvement in formulating the answers to these Interrogatories.

This 14TH day of February, 2023.

Respectfully submitted,

CLAY TAULBEE MYERS

*/s/ James P. Myers*
Charles L. Clay, Jr.
Georgia Bar No. 129505
James P. Myers
Georgia Bar No. 440772

3372 Peachtree Road
Suite 115
Atlanta, Georgia 30326
T: 404.949.8118

*Attorneys for Plaintiffs*

8

ID# E-QAJPLAUX-TCU
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**23-A-628**

FEB 14, 2023 04:23 PM

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| ELIA ANDERSON and CHARLES ANDERSON, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CIVIL ACTION FILE |
| v. | ) | NO.: _____ |
| | ) | |
| COSTCO WHOLESALE CORPORATION, BUONA VITA, INC., and AMYLU FOODS, INC., | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
TO DEFENDANT BUONA VITA, INC.**

Pursuant to O.C.G.A. §§ 9-11-26 and 9-11-34, Plaintiffs hereby request that Defendant

Buona Vita, Inc. respond separately in writing and under oath to the following Request for

Production of Documents, within the time allowed by law, with a copy of the responses being

served upon the undersigned counsel for the Plaintiffs at Clay Taulbee Myers, 3372 Peachtree

Road, Suite 115, Atlanta, Georgia 30326.

Please include the text of each question/request prior to each response. Plaintiffs will do

the same in response to Defendant's discovery requests. To facilitate this, Plaintiffs will also

provide an electronic copy of this discovery upon request.

**GENERAL INSTRUCTIONS**

A.     All documents requested herein are to be produced if they are in the possession of,

control of, or are available or accessible to Defendant or Defendant's counsel, or either

of their employees or agents. This includes all documents in your corporate files,

employee and agent files, back-up files, cloud or other computing files, or any other



locations (on-site or off-site). It further includes all documents in the possession of your attorneys or their agents. In addition, this includes all documents possessed by persons or entities who are within your control.

B. When these document requests call for information or a document which was once, but is no longer, in the possession or control of Defendant or Defendant's counsel, Defendant or Defendant's counsel are hereby required to identify its present location and custodian, if known, otherwise its last known location and custodian. If the document has been destroyed, the response should state the date of its destruction, the reason for its destruction, the identity of the person or persons who destroyed the document, and the identity of the person who directed that the document be destroyed.

C. These requests for production of documents shall be deemed continuing to the extent permitted by O.C.G.A. § 9-11-26(e), so as to require Defendant to serve upon Plaintiffs supplemental answers and documents if Defendant, or its attorneys or their agents, obtain further information between the time the answers are served and the time of trial.

D. If an objection is interposed on the basis that a document request is overly broad, set forth all information which is relevant and identify the reason the remaining information requested is overly broad.  If an objection is interposed on the basis that a document request constitutes an undue burden or expense, set forth all information which may be obtained without undertaking an undue burden or expense and identify the reason the remaining information requested cannot be obtained without undertaking an undue burden or expense.

E. If you have withheld from production documents that are responsive to these requests on the basis of any objection, you are advised that those documents must be preserved

and not altered, lost, or destroyed. You are on notice that Plaintiffs contend such documents are relevant and discoverable, and alteration or destruction of potentially relevant documents may constitute improper spoliation of evidence.

F.  If any information called for by these document requests are withheld on the basis of a claim of any privilege, the nature of the information on which privilege is claimed shall be set forth together with the type of privilege claimed and a statement of all circumstances upon which Defendant will rely to support such a claim of privilege.  As to each document subject to such assertion, you are requested to provide Plaintiffs with identification of such document in writing in a "privilege log."  This "privilege log" is to include the nature of the document, the sender, the author, the recipient of the original, the recipient of each copy, the date, the names appearing on any circulation list of the department associated with such document, a summary statement of the subject matter of such document in sufficient detail to permit the Court to reach a determination in the event of a motion to compel, and an indication of the basis for assertion of the privilege or the like.

G.  All responsive documents are requested to be organized so that each document produced is identified with the Request for Production Number(s) to which that document is responsive.

H.  These requests include all "electronically stored information" ("ESI") in the Defendant's possession, custody, or control as to each and every document requested. ESI is requested to be produced in both native format and searchable PDF or TIFF files (with complete original metadata fields).  If a proprietary or unique platform is required in order to read, review, or interpret the data in the ordinary course of business, you are

required to identify said platform and make it available for inspection and review. Plaintiffs reserve the right to request any document in any alternative form at any point during the course of this litigation.

## DEFINITIONS

A. The term "document" is used to mean, without limitation, any and all information in tangible form, of any nature whatsoever, including Electronically Stored Information ("ESI") defined in the broadest sense permitted by the Georgia Civil Practice Act, and shall include without limitation, and including the originals and all non-identical copies thereof, in your possession, custody or control, regardless of where located, and shall include, without limiting the generality of the foregoing, all letters, telegrams, telexes, teletypes, correspondence, electronic mail, text messages, contracts, drafts, agreements, insurance policies, notes to files, reports, memoranda, mechanical and electronic records, photographs, videotape, microfilm, microfiche, tapes or transcripts, information stored in computers or other data storage or processing devices translated or translatable into usable form, blueprints, flow sheets, calendar or diary entries, memoranda of conversations, telephonic or otherwise, and of meetings or conferences, studies, reports, interoffice and interoffice communications, listings, price lists, quotations, offers, inquiries, bulletins, circulars, statements, manuals, summaries, newsletters, compilations, minutes of stockholders', directors' and committee meetings, minutes and memoranda of all other meetings, agendas, charts, graphs, propositions, offers, articles, announcements, newspaper clippings, books, records, cables, books of account, ledgers, vouchers, canceled checks, invoices, acknowledgments, orders, bills, opinions, certificates, promissory notes and other evidence of indebtedness, prospectuses, registration statements and analysis or

4

other statistical data and all copies of documents as hereinbefore defined by whatever means made.

    (1)    If a document has been prepared in several copies, or additional copies have been made, and the copies are not identical (or which by reason of subsequent modification or revision by the addition of notations, or other modifications, are no longer identical including, but not limited to, underlining, showing of blind copies, crossing out, initialing, comments, signatures, documents clipped or stapled thereto, etc.) each non-identical copy is a separate "document" for the purposes of these document requests.

B.  "Relating to" or "regarding" means referring to, concerning, or including any information with respect to.

C.  The term "person" includes individuals, children, firms, associations, joint adventures, partnerships, estates, trusts, business trusts, syndicates, fiduciaries, corporations and all other groups or combinations, including but not limited to ventures, governmental or public or quasi-public entities, citizens' groups or any other organization or business entity.

D.  The terms "employee," "agent," "consultant," "contractor" or "representative" as used herein separately or collectively, shall mean any person serving, acting or being in one of those capacities at any relevant time even though such person is no longer acting in such capacity.

E.  The terms "you," "your," "yours," or "Defendant" refer to Defendant Buona Vita, Inc., its agents, employees, servants, shareholders, officers, managers, or representatives and, unless privileged, its attorneys.

F.  The term "Costco" refers to Defendant Costco Wholesale Corporation, its agents,

employees, servants, shareholders, officers, managers, or representatives and, unless privileged, its attorneys.

G. The terms "Amylu" refers to Defendant Amylu Foods, Inc, its agents, employees, servants, shareholders, officers, managers, or representatives and, unless privileged, its attorneys.

H. The terms "meatball" or "package of meatballs" shall refer to the package of meatballs which was purchased by Mrs. Anderson at a Costco Wholesale owned and/or operated by Costco, which was produced, marketed, and/or distributed by Amylu and Buona Vita, and which contained the piece of bone that caused injuries to Mrs. Anderson's teeth.

I. The terms "subject incident" or "occurrence" shall refer to the incident occurring on February 18, 2021 in which Mrs. Anderson suffered severe injuries to her teeth when she bit down on the hard piece of bone contained in the subject meatball.

J. Insurance shall refer to all policies that may be used to cover part or all of a judgment against Defendant, including, but not limited to any excess or umbrella policies and any insurance policies for which you have been named as an additional insured.

K. The term "Costco Wholesale" shall refer to the Costco Wholesale located at 2900 Cumberland Mall, SE, Atlanta, Georgia 30339.

L. If you do not know the meaning of a word that is not defined below in the Definitions section of this document, you are requested to use the dictionary definition of the word. If the dictionary definition of the word does not resolve an ambiguity, you are invited to contact the undersigned counsel to inquire as to the word's meaning, so as to avoid unnecessary objections and delay in the discovery of this matter.

## REQUEST FOR PRODUCTION

Defendant is requested to produce each of the following:

1.

All email messages and correspondence exchanged between Defendant and any person(s) or entities who owned, managed, controlled, and maintained the Costco Wholesale at the time of the incident alleged in the Complaint (February 18, 2021).

2.

All email messages and correspondence exchanged between Defendant and any person(s) or entities who had an interest in the Costco Wholesale at the time of the incident alleged in the Complaint (February 18, 2021), whether whole or in part, pursuant to any sort of agreement.

3.

All text messages, email messages, group messages, and electronic messages using any application exchanged between you or your agents regarding any complaints or incidents of injuries caused by food products manufactured, produced, marketed, or distributed by Defendant within the five (5) years prior to February 18, 2021.

4.

All meeting agendas, minutes, memoranda or notes that concern, refer or relate to any complaints or incidents of injuries caused by food products manufactured, produced, marketed, or distributed by Defendant within the five (5) years prior to February 18, 2021.

5.

Complaints, concerns, or recommendations of any type (including customer/invitee complaints, customer/invitee reviews, audits, correspondence, email, reviews/ratings, blogs, social media, or other postings) you received or have ever reviewed regarding complaints or incidents of

injuries caused by food products manufactured, produced, marketed, or distributed by Defendant within the five (5) years prior to February 18, 2021.

6.

Responses that you or your agent (including correspondence, email, review/ratings, blogs, social media or other postings) have ever made to complaints, concerns or recommendations raised about complaints or incidents of injuries caused by food products manufactured, produced, marketed, or distributed by Defendant within the five (5) years prior to February 18, 2021.

7.

All communications between you and anyone else (including but not limited to any police officers, detectives, news media, employees, owners, residents) regarding the incident.

8.

Notes, witness statements, investigatory materials and photographs that concern, refer or relate to the subject incident.

9.

All text messages, email messages, group messages, and electronic messages using any application between you or your agents regarding the incident.

10.

All Incident Reports for the five (5) years prior to February 18, 2021 relating to complaints or incidents of injuries caused by food products manufactured, produced, marketed, or distributed by Defendant.

11.

All notices, letters, emails, or other documents alerting you prior to February 18, 2021 that your products, whether manufactured, produced, marketed or distributed, were unsafe for sale or

consumption.

12.

Copies of all policies which may be liable to satisfy all or part of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.

13.

All correspondence exchange between you and any insurance company, insurance broker, expert consultant, security consultant, or anyone else other than your legal counsel that concerns, refers or relates to complaints or incidents of injuries caused by food products manufactured, produced, marketed, or distributed by Defendant within the five (5) years prior to February 18, 2021.

14.

All contracts, agreements, correspondence, emails, text messages between you or your agent and any agent, representative, or employee of Costco.

15.

All contracts, agreements, correspondence, emails, text messages between you or your agent and any agent, representative, or employee of Amylu.

16.

A copy of each statement or report, written, taped, or otherwise, which has been made by any person concerning the occurrence complained of in the Complaint.

17.

All documents, including employee handbooks, training materials reviewed by your employees or agents, manuals, guides, memoranda, notices or emails concerning the inspection or quality control practices used by Buona Vita for any food products manufactured, produced,

marketed, or distributed by Defendant in the five (5) years prior to February 18, 2021.

18.

Any recommendations that you have ever received regarding the inspection or quality control practices to be used for any food products manufactured, produced, marketed, or distributed by Defendant.

19.

Any warnings or safety tips you provided to customers or invitees concerning any food products manufactured, produced, marketed, or distributed by Defendant in the five (5) years prior to February 18, 2021.

20.

A copy of all representations made concerning the subject meatballs, including advertisements, coupons, notices, emails, mail flyers, which were displayed on your website or at any premises, or which were sent to customers or the general public, for the five years prior to February 18, 2021.

This 14th day of February, 2023.

Respectfully submitted,

CLAY TAULBEE MYERS

*/s/ James P. Myers*
Charles L. Clay, Jr.
Georgia Bar No. 129505
James P. Myers
Georgia Bar No. 440772

3372 Peachtree Road
Suite 115
Atlanta, Georgia 30326
T: 404.949.8118

*Attorneys for Plaintiffs*

10

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

ID#EJPR54NT3-QRD
⊕ EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**23-A-628**

**FEB 22, 2023 10:05 AM**

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

ELIA ANDERSON and CHARLES
ANDERSON,

        Plaintiffs,

vs.

COSTCO WHOLESALE
CORPORATION, BUONA
VITA, INC., and AMYLU FOODS,
INC.,

        Defendants.

CIVIL ACTION
FILE NO:  23-A-628

## AFFIDAVIT OF JEFF DOLBIER

On Thursday February 16, 2023 at 12:32 pm I served true and correct copies of the SUMMONS, COMPLAINT, CIVIL COVER SHEET, and PLAINTIFF'S 1ST SET OF CONTINUING INTERROGATORIES TO DEFENDANT upon Defendant Costco Wholesale Corporation's Registered Agent, The Corporation Company, located at 106 Colony Park Drive, Suite 800-B, Cumming, GA 30040.  Mr. Dayvon Jackson, a representative of The Corporation Company, accepted service.

This __17__ day of February, 2023

_____
Jeff Dolbier
President, Flash Delivery Inc.

Sworn and Subscribed before
me this __17__ day of __February__ 20__23__
_____
My Commission Expires: __12/19/2023__



SHERIFF'S ENTRY OF SERVICE   CUMBERLAND COUNTY SHERIFF'S OFFICE

ID# E-GVMGTDE2-P3X
**EFILED IN OFFICE**
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**23-A-628**

Civil Action No. 23-A-628

| Superior Court | ☐ | Magistrate Court | ☐ |
|---|---|---|---|
| State Court | ☒ | Probate Court | ☐ |
| Juvenile Court | ☐ | | |

MAR 06 2023 04:28 PM

Date Filed 2/14/2023

Georgia, COBB                     COUNTY

ELIA ANDERSON

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

Attorney's Address

CHARLES ANDERSON
                                              Plaintiff

James Myers, Esq.,  Clay Taulbee & Myers

3372 Peachtree Rd, Ste. 115

VS.

Atlanta, GA 30326

COSTCO WHOLESALE CORP., BUONA

Name and Address of Party to Served

VITA, INC., and AMYLU FOODS, INC.
                                              Defendant

Buona Vita

1 South Industrial Blvd.

Bridgeton, New Jersey 08302

                                              Garnishee

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL**
I have this day served the defendant  BUONA VITA                                        personally with a copy
☐  of the within action and summons.

**NOTORIOUS**
I have this day served the defendant _____ by leaving a
copy of the action and summons at his most notorious place abode in this County.

☐  Delivered same into hands of _____ described as follows:
age, about _____ years; weight _____ pounds; height _____ feet and _____ inches, domiciled at the residence of
defendant.

**CORPORATION**
Served the defendant  BUONA VITA                                        a corporation
☑  by leaving a copy of the within action and summons with  HR ADMINISTRATOR Jesenia Rodriguez
In charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL**
I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises
designated in said affidavit and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an
☐  envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice
to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**
Diligent search made and defendant _____
☐  not to be found in the jurisdiction of this Court.

This _____ day of _____, 20___.

                                              #0183

DEPUTY

                     CLERK'S COPY



# CUMBERLAND COUNTY
## SHERIFF'S OFFICE
220 N LAUREL STREET
BRIDGETON, NJ 08302
PHONE (856) 451-4449  FAX (856) 453-1902

**Robert A. Austino**
Sheriff

**Michael Santiago.**
**Vincent Solazzo**
Undersheriffs

### PROOF OF PROCESS SERVICE

Plaintiff : ELIA AND CHARLES ANDERSON
vs
Defendant: COSTCO WHOLESALE CORPORATION ET AL

Service # 1 of 1 Services
Date Received: 2/17/2023
Docket No.:  23-A-628
Sheriff's No.: **23000260**

Person/Corporation to Serve
**BUONA VITA INC**
1 SOUTH INDUSTRIAL BOULEVARD
BRIDGETON, NJ 08302

Papers to Serve
Summons, Complaint, Plaintiff's
First Set of Continuing
Interrogatories and Plaintiff's First
Request for Production of
Documents

STATE COURT OF
COBB COUNTY THE
STATE OF GEORGIA

Alternate Address/Notes:

I, ROBERT A. AUSTINO, SHERIFF OF CUMBERLAND COUNTY, DO HEREBY DEPUTIZE AND APPOINT Brian
Gibson, A DULY SWORN OFFICER, TO EXECUTE AND RETURN THE DOCUMENTS, ACCORDING TO LAW.
WITNESS BY HAND AND SEAL

ROBERT A. AUSTINO, SHERIFF

Date of Service: 2/23/2023
Time of Service: 11:15 AM
Attempts:

Defendant:  BUONA VITA INC
1 SOUTH INDUSTRIAL BOULEVARD
BRIDGETON, NJ 08302
Delivered To:  JESENIA RODRIGUEZ
Relationship  HR ADMINISTRATOR

| Race | Gender | Height | Weight | Eyes | Hair | Age | Military |
|------|--------|--------|--------|------|------|-----|----------|
|      |        |        |        |      |      |     |          |

Manner of Service
Served Corporation's Managing Agent at Place of Business

I WAS ABLE TO SERVE THE WITHIN DOCUMENTS AND/OR A TRUE COPY THEREOF.

**Brian Gibson #183**
*(See Attached for Officer's Original Signature)*

CLAY TAULBEE & MYERS LLC
201 SOUTH MAIN STREET STE C
STATESBORO, GA 30458

*Sheriff Fees:* Mileage
($1.00) Service Fee - Out
of State ($25.00) Total:
$26.00

ID# E-TXU3APUQ-AGX
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

23-A-628

MAR 17, 2023 08:35 AM

Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

ELIA ANDERSON and CHARLES )
ANDERSON, )
                                                     )
        PLAINTIFFS, )
vs. )                                          CIVIL ACTION FILE
                                                     )        NO. 23-A-628
                                                     )
COSTCO WHOLESALE CORPORATION, )
BUONA VITA, INC., and )
AMYLU FOODS, INC. )
                                                     )
        DEFENDANTS. )
_____ )

## DEFENDANT BUONA VITA, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT

COMES NOW BUONA VITA, INC. (hereinafter "Buona Vita"), Defendant in the above-styled action, and hereby files its Answer and Affirmative Defenses to Plaintiffs' Complaint, showing the Court as follows:

### FIRST DEFENSE

Plaintiffs' Complaint fails to state a claim and, therefore, the Complaint should be dismissed pursuant to O.C.G.A. § 9-11-12(b)(6).

### SECOND DEFENSE

Buona Vita is not liable to Plaintiff because Buona Vita breached no duties owed to Plaintiffs in regard to the occurrence giving rise to this Complaint.

### THIRD DEFENSE

The injuries and damages alleged by Plaintiffs were not proximately caused by any negligence on the part of Buona Vita or any entity or person for whose actions Buona Vita was legally liable. To the extent that Plaintiffs' damages were a result of negligence, said negligence



would be the proximate cause of the actions of entities or persons other than Buona Vita or its agents.

### FOURTH DEFENSE

If the evidence shows that Plaintiffs were negligent in bringing about the injuries and damages set forth in the Complaint and said negligence was equal to or greater than any negligence on behalf of Buona Vita, then Plaintiffs are not entitled to damages.

### FIFTH DEFENSE

If the evidence shows that the Plaintiffs were comparatively negligent in bringing about the injuries and damages set forth in the Complaint, but said negligence was less than any negligence found on behalf of Buona Vita or its agents, any award of damages to Plaintiffs should be reduced to the extent of Plaintiffs' own negligence.

### SIXTH DEFENSE

Plaintiff cannot recover against the Defendants because Plaintiffs, by the exercise of ordinary care, could have avoided the consequences of any alleged act, or alleged failure to act, by the Buona Vita or its agents.

### SEVENTH DEFENSE

Plaintiff cannot recover from the Buona Vita because Plaintiffs' alleged damages were not proximately caused by any act or omission of Buona Vita.

### EIGHTH DEFENSE

To the extent as may be shown by the evidence, Buona Vita asserts the defenses of assumption of the risk, failure to avoid consequences, failure to mitigate damages, and last clear chance.

**NINTH DEFENSE**

Buona Vita denies that it was negligent, denies that it breached any implied warranties, and further denies that it violated the Georgia Fair Business Practices Act.

**TENTH DEFENSE**

Plaintiffs' failure to itemize their special damages bars their recovery under O.C.G.A § 9-11-8(c).

**ELEVENTH DEFENSE**

Buona Vita hereby specifically retains (and denies any waiver of) any and all affirmative defenses available to it that may become evident during the course of discovery.

**TWELFTH DEFENSE**

Buona Vita responds to the specifically enumerated paragraphs of Plaintiffs' Complaint as follows:

1.

Paragraph 1 of Plaintiffs' Complaint sets forth the nature of Plaintiffs' claims and thus no response from Buona Vita is required. To the extent a response is deemed necessary, Buona Vita denies all liability to Plaintiffs. Anything not specifically admitted is denied.

**Parties, Jurisdiction, and Venue**

2.

Buona Vita is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of Plaintiff's Complaint, and therefore denies the same.

3.

Buona Vita is without knowledge or information sufficient to form a belief as to the truth

of the allegations contained in Paragraph 3 of Plaintiff's Complaint, and therefore denies the same.

4.

Buona Vita is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of Plaintiff's Complaint, and therefore denies the same.

5.

In response to the allegations contained in Paragraph 5 of Plaintiff's Complaint, Buona Vita admits that its principal place of business is located at 1 S. Industrial Blvd, Bridgeton, NJ 08302. The remaining allegations are denied.

6.

Buona Vita admits the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7.

Buona Vita is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of Plaintiff's Complaint, and therefore denies the same.

8.

Buona Vita is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of Plaintiff's Complaint, and therefore denies the same.

9.

Buona Vita denies the allegations contained in Paragraph 9 of Plaintiff's Complaint as they pertain to it.

## The Facts

### 10.

Buona Vita is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of Plaintiff's Complaint, and therefore denies the same.

### 11.

Buona Vita is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of Plaintiff's Complaint, and therefore denies the same.

### 12.

Buona Vita is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of Plaintiff's Complaint, and therefore denies the same.

### 13.

Buona Vita is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of Plaintiff's Complaint, and therefore denies the same.

### 14.

Buona Vita is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of Plaintiff's Complaint, and therefore denies the same.

### 15.

Buona Vita is without knowledge or information sufficient to form a belief as to the truth

of the allegations contained in Paragraph 15 of Plaintiff's Complaint, and therefore denies the same.

16.

Buona Vita is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of Plaintiff's Complaint, and therefore denies the same.

17.

Buona Vita is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of Plaintiff's Complaint, and therefore denies the same.

18.

Buona Vita is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of Plaintiff's Complaint, and therefore denies the same.

19.

Buona Vita is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of Plaintiff's Complaint, and therefore denies the same.

20.

Buona Vita is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of Plaintiff's Complaint, and therefore denies the same.

21.

Buona Vita is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of Plaintiff's Complaint, and therefore denies the same.

22.

Buona Vita is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of Plaintiff's Complaint, and therefore denies the same.

23.

Buona Vita is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of Plaintiff's Complaint, and therefore denies the same.

24.

Buona Vita is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of Plaintiff's Complaint, and therefore denies the same.

25.

Buona Vita is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of Plaintiff's Complaint, and therefore denies the same.

26.

Buona Vita is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of Plaintiff's Complaint, and therefore denies the

same.

27.

Buona Vita is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of Plaintiff's Complaint, and therefore denies the same.

28.

Buona Vita is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of Plaintiff's Complaint, and therefore denies the same.

29.

Buona Vita is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of Plaintiff's Complaint, and therefore denies the same.

30.

Buona Vita is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of Plaintiff's Complaint, and therefore denies the same.

31.

Buona Vita is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of Plaintiff's Complaint, and therefore denies the same.

## Count I – NEGLIGENCE OF THE DEFENDANTS

32.

Buona Vita incorporates its responses to Paragraphs 1 through 31 of Plaintiff's Complaint as if set forth fully herein.

33.

Buona Vita denies the allegations contained in Paragraph 33 of Plaintiff's Complaint.

34.

Buona Vita denies the allegations contained in Paragraph 34 of Plaintiff's Complaint.

35.

Buona Vita denies the allegations contained in Paragraph 35 of Plaintiff's Complaint.

36.

Buona Vita is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of Plaintiff's Complaint as pled, and therefore denies the same.

37.

Buona Vita denies the allegations contained in Paragraph 37 of Plaintiff's Complaint.

## COUNT II – BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY

38.

Buona Vita incorporates its responses to Paragraphs 1 through 37 of Plaintiff's Complaint as if set forth fully herein.

39.

Buona Vita is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of Plaintiff's Complaint, and therefore denies the

same.

40.

Buona Vita is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of Plaintiff's Complaint, and therefore denies the same.

41.

Buona Vita is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of Plaintiff's Complaint, and therefore denies the same.

42.

Buona Vita denies the allegations contained in Paragraph 42 of Plaintiff's Complaint.

43.

Buona Vita denies the allegations contained in Paragraph 43 of Plaintiff's Complaint.

44.

Buona Vita denies the allegations contained in Paragraph 44 of Plaintiff's Complaint.

**COUNT III – AMYLU AND BUONA VITA'S VIOLATION OF THE GEORGIA FAIR BUSINESS PRACTICES ACT**

45.

Buona Vita incorporates its responses to Paragraphs 1 through 44 of Plaintiff's Complaint as if set forth fully herein.

46.

Buona Vita is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 of Plaintiff's Complaint, and therefore denies the same.

47.

Buona Vita denies the allegations contained in Paragraph 47 of Plaintiff's Complaint.

48.

Buona Vita denies the allegations contained in Paragraph 48 of Plaintiff's Complaint.

49.

In response to the allegations contained in Paragraph 49 of Plaintiff's Complaint, Buona Vita admits that it, as a business, is engaged in trade or commerce generally. Anything not specifically admitted is denied.

50.

Buona Vita denies the allegations contained in Paragraph 50 of Plaintiff's Complaint.

51.

Buona Vita denies the allegations contained in Paragraph 51 of Plaintiff's Complaint.

52.

Buona Vita denies the allegations contained in Paragraph 52 of Plaintiff's Complaint.

53.

In response to the allegations contained in Paragraph 53 of Plaintiff's Complaint, Buona Vita admits that it does not maintain a place of business in the State of Georgia. Anything not specifically admitted is denied.

54.

Buona Vita denies the allegations contained in Paragraph 54 of Plaintiff's Complaint.

All other allegations contained in Plaintiffs' Complaint, including Plaintiffs' WHEREFORE paragraph, not herein admitted or denied, are hereby denied.

**WHEREFORE**, Defendant BUONA VITA, INC. respectfully requests that the Court:

(a)  Deny Plaintiff's prayer for damages;

(b)  Dismiss this action with prejudice and cast all costs upon Plaintiff;

(c)  Conduct a jury trial of twelve (12) on all issues so triable; and

(d)  Award Defendant any other relief that this Court deems just and equitable.

This 17th day of March, 2023.

Respectfully submitted,

SWIFT, CURRIE, McGHEE & HIERS, LLP

*/s/Lauren E.H. Meadows*
Stephen M. Schatz
Georgia Bar No. 628840
Lauren E.H. Meadows
Georgia Bar No. 575757
***Attorneys for Defendant Buona Vita, Inc.***

1420 Peachtree Street, NE, Suite 800
Atlanta, Georgia  30309
OFF:   (404) 874-8800
FAX:   (404) 888-6199
steve.schatz@swiftcurrie.com
lauren.meadows@swiftcurrie.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of *DEFENDANT BUONA VITA, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT* by filing the same with the clerk of court through the PeachCourt E-Filing System which will automatically notify the following attorney of record:

Charles L. Clay, Jr.
James P. Myers
CLAY TAULBEE MYERS
3372 Peachtree Road, Suite 115
Atlanta, GA 30326
*Attorneys for Plaintiffs*

This 17th day of March, 2023.

Respectfully submitted,

SWIFT, CURRIE, McGHEE & HIERS, LLP

*/s/Lauren E.H. Meadows*
Stephen M. Schatz
Georgia Bar No. 628840
Lauren E.H. Meadows
Georgia Bar No. 575757
*Attorneys for Defendant Buona Vita, Inc.*

1420 Peachtree Street, NE, Suite 800
Atlanta, Georgia  30309
OFF:   (404) 874-8800
FAX:   (404) 888-6199
steve.schatz@swiftcurrie.com
lauren.meadows@swiftcurrie.com
4888-8953-6855, v. 1

- 13 -

ID# E-LSL5FMWS-SDM
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

23-A-628

MAR 20, 2023 10:00 AM

Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

ELIA ANDERSON AND CHARLES
ANDERSON,

     Plaintiffs,

v.

COSTCO WHOLESALE CORPORATION,
BUONA VITA, INC. AND AMYLU FOODS,
INC.,

     Defendants.

CIVIL ACTION FILE
NUMBER 23-A-628

**THESE DEFENDANTS
DEMAND A JURY TRIAL.**

## DEFENDANT COSTCO WHOLESALE CORPORATION'S ANSWER AND CROSSCLAIM

COMES NOW Defendant Costco Wholesale Corporation and as an answer to Plaintiffs' complaint shows the Court as follows:

### FIRST DEFENSE

Defendant answers the specifically-enumerated paragraphs of Plaintiffs' complaint as follows:

### Nature of Action

1.

Defendant admits that Plaintiff files this suit seeking damages for alleged personal injury. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 1.

### Parties, Jurisdictions and Venue

2.

Defendant is without knowledge or information sufficient to form a belief of the truth of the allegations of Paragraph 2.



3.

Defendant admits that Costco Wholesale warehouses are owned and operated by Costco Wholesale Corporation located at the address stated.  Defendant further admits that it is subject to the jurisdiction of this court and that venue is proper.  Defendant is without knowledge or information sufficient to form a belief of the truth of the remaining allegations of Paragraph 3.

4.

Defendant admits the allegations of Paragraph 4.

5.

Defendant is without knowledge or information sufficient to form a belief of the truth of the allegations of Paragraph 5.

6.

Defendant is without knowledge or information sufficient to form a belief of the truth of the allegations of Paragraph 6.

7.

Defendant is without knowledge or information sufficient to form a belief of the truth of the allegations of Paragraph 7.

8.

Defendant is without knowledge or information sufficient to form a belief of the truth of the allegations of Paragraph 8.

9.

Defendant admits the allegations of Paragraph 9.

## The Facts

10.

Defendant is without knowledge or information sufficient to form a belief of the truth of the allegations of Paragraph 10.

11.

Defendant is without knowledge or information sufficient to form a belief of the truth of the allegations of Paragraph 11.

12.

Defendant is without knowledge or information sufficient to form a belief of the truth of the allegations of Paragraph 12.

13.

Defendant is without knowledge or information sufficient to form a belief of the truth of the allegations of Paragraph 13, but Costco admits that it owns and operates all Costco warehouses in the state of Georgia.

14.

Defendant is without knowledge or information sufficient to form a belief of the truth of the allegations of Paragraph 14.

15.

Defendant is without knowledge or information sufficient to form a belief of the truth of the allegations of Paragraph 15.

16.

Defendant is without knowledge or information sufficient to form a belief of the truth of the allegations of Paragraph 16.

17.

Defendant is without knowledge or information sufficient to form a belief of the truth of the allegations of Paragraph 17.

18.

Defendant is without knowledge or information sufficient to form a belief of the truth of the allegations of Paragraph 18.

19.

Defendant is without knowledge or information sufficient to form a belief of the truth of the allegations of Paragraph 19.

20.

Defendant is without knowledge or information sufficient to form a belief of the truth of the allegations of Paragraph 20.

21.

Defendant is without knowledge or information sufficient to form a belief of the truth of the allegations of Paragraph 21.

22.

Defendant is without knowledge or information sufficient to form a belief of the truth of the allegations of Paragraph 22.

23.

Defendant is without knowledge or information sufficient to form a belief of the truth of the allegations of Paragraph 23.

24.

Defendant is without knowledge or information sufficient to form a belief of the truth of the allegations of Paragraph 24.

25.

Defendant is without knowledge or information sufficient to form a belief of the truth of the allegations of Paragraph 25.

26.

Defendant is without knowledge or information sufficient to form a belief of the truth of the allegations of Paragraph 26.

27.

Defendant is without knowledge or information sufficient to form a belief of the truth of the allegations of Paragraph 27.

28.

Defendant is without knowledge or information sufficient to form a belief of the truth of the allegations of Paragraph 28.

29.

Defendant is without knowledge or information sufficient to form a belief of the truth of the allegations of Paragraph 29.

30.

Defendant is without knowledge or information sufficient to form a belief of the truth of the allegations of Paragraph 30.

31.

Defendant is without knowledge or information sufficient to form a belief of the truth of the allegations of Paragraph 31.

## Count 1
## Negligence Of the Defendants

32.

Defendant hereby realleges and incorporates by reference its responses to the allegations of the foregoing paragraphs as though fully set forth herein.

33.

Defendant Costco denies the allegations of Paragraph 33 insofar as it relates to itself and is without knowledge or information sufficient to form a belief as to the truth of said allegations insofar as they relate to other defendants.

34.

Defendant Costco denies the allegations of Paragraph 33 insofar as it relates to itself and is without knowledge or information sufficient to form a belief as to the truth of said allegations insofar as they relate to other defendants.

35.

Defendant Costco denies the allegations of Paragraph 33 insofar as it relates to itself and is without knowledge or information sufficient to form a belief as to the truth of said allegations insofar as they relate to other defendants.

36.

Not knowing the precise nature of the alleged bone at issue, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 36 as pled,, but admits as a general proposition substantial hard foreign objects are not ordinarily found in meatballs.

37.

Defendant Costco denies the allegations of Paragraph 33 insofar as it relates to itself and is without knowledge or information sufficient to form a belief as to the truth of said allegations insofar as they relate to other defendants.

<u>**Count II**</u>

<u>**Breach of The Implied Warranty**</u>
<u>**Of Merchantability**</u>

38.

Defendant hereby re-alleges and incorporates by reference its responses to the allegations of the foregoing paragraphs as though fully set forth herein.

39.

Defendant is without knowledge or information sufficient to form a belief of the truth of the allegations of Paragraph 39.

40.

Defendant is without knowledge or information sufficient to form a belief of the truth of the allegations of Paragraph 40.

41.

Defendant is without knowledge or information sufficient to form a belief of the truth of the allegations of Paragraph 41.

42.

Defendant is without knowledge or information sufficient to form a belief of the truth of the allegations of Paragraph 42.

43.

Defendant is without knowledge or information sufficient to form a belief of the truth of the allegations of Paragraph 43.

44.

Defendant is without knowledge or information sufficient to form a belief of the truth of the allegations of Paragraph 44.

### Count III

### Amylu And Buona Vita's Violation Of
### The Georgia Fair Business Practices Act

45.

Defendant hereby re-alleges and incorporates by reference its responses to the allegations of the foregoing paragraphs as though fully set forth herein.

46.

Defendant is without knowledge or information sufficient to form a belief of the truth of the allegations of Paragraph 46.

47.

Defendant is without knowledge or information sufficient to form a belief of the truth of the allegations of Paragraph 47.

48.

Defendant is without knowledge or information sufficient to form a belief of the truth of the allegations of Paragraph 48.

49.

Defendant is without knowledge or information sufficient to form a belief of the truth of the allegations of Paragraph 49.

50.

Defendant is without knowledge or information sufficient to form a belief of the truth of the allegations of Paragraph 50.

51.

Defendant is without knowledge or information sufficient to form a belief of the truth of the allegations of Paragraph 51.

52.

Defendant is without knowledge or information sufficient to form a belief of the truth of the allegations of Paragraph 52,

53.

Defendant is without knowledge or information sufficient to form a belief of the truth of the allegations of Paragraph 53.

54.

Defendant is without knowledge or information sufficient to form a belief of the truth of the allegations of Paragraph 54.

55.

Defendant denies all paragraphs of Plaintiff's complaint except for those expressly admitted herein and further and specifically denies that Plaintiff is entitled to any relief against this Defendant.

**SECOND DEFENSE**

Plaintiff's claims against this defendant based on negligence are barred by the sealed package doctrine.

WHEREFORE, having fully answered Defendant Costco Wholesale Corporation prays that it be discharged without liability with all costs cast upon the Plaintiff.

**THIS DEFENDANT DEMANDS A JURY TRIAL.**

**CROSSCLAIM OF DEFENDANT COSTCO WHOLESALE CORPORATION ATAINST DEFENDANT AMYLU FOODS, INC.**

1.

Defendant Amylu Foods, Inc., is subject to the jurisdiction of this court for purposes of this crossclaim by virtue of its being a proper defendant in the within and forgoing main action.

2.

Plaintiffs have alleged that Costco is liable to them on account of Costco's having sold to them adulterated food products which Costco purchased from Defendant Amylu.

3.

If Plaintiffs are entitled to recover from Costco, Costco is entitled to recover over from Amylu for all or part of Plaintiffs' judgment on theories of breach of express and implied warranty.

WHEREFORE, Costco prays that it be awarded judgment over against Defendant Amylu for all or part of any judgments which may be awarded in Plaintiffs' favor against Costco.

DENNIS, CORRY, SMITH & DIXON, LLP

/s/ *George E. Duncan, Jr.*
GEORGE E. DUNCAN, JR.
Georgia bar number 233450
For the Firm
Attorneys for Costco Wholesale Corporation

900 Circle 75 Parkway, Suite 1400
Atlanta, Georgia 30339
(404) 926-3663
(404) 926-3671
Gduncan@dcplaw.com
VWeiss@dcplaw.com

**CERTIFICATE OF SERVICE**

I electronically filed **DEFENDANT COSCTO WHOLESALE CORPORATION ANSWER** with the Clerk of Court using the PeachCourt eFiling system which will send notification of such filing to the following:

> Charles L. Clay, Jr., Esq.
> James P. Myers, Esq.
> Clay Taulbee Myers
> 3372 Peachtree Road
> Suite 115
> Atlanta, GA  30326

I served the document by United States mail in a properly-addressed envelope with adequate postage thereon, to the following non-PeachCourt eFiling participants:  None.

This  _20th_  day of March, 2023.

/s/ *George E. Duncan, Jr.*
GEORGE E. DUNCAN, JR.
For the Firm

1763-14635(GED)