# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| MARIELA CASTRO DIAZ,<br><br>　　Plaintiff,<br><br>v.<br><br>UR MENDOZA JADDOU, Director of U.S. Citizenship and Immigration Services,<br><br>PEGGY PETROVICH, in her official capacity as Director of the National Visa Center, U.S. Department of State,<br><br>Defendants. | Civil No:<br><br>COMPLAINT TO COMPEL AGENCY ACTION UNDER 28 U.S.C. § 1361 AND 5 U.S.C. §§ 555(b), 706(1), AND FOR A WRIT OF MANDAMUS TO COMPEL DEFENDANTS' ADJUDICATION OF FORM I-824 APPLICATION FOR AN APPROVED APPLICATION<br><br>I-824 Receipt No.: EAC2090068943 |

## **COMPLAINT FOR WRIT OF MANDAMUS**

**To the Honorable Judges of Said Court:**

　　Plaintiff, Mrs. Mariela Castro Diaz, through undersigned counsel, alleges as follows:

### I.　　INTRODUCTION

1.　　This is a civil action brought pursuant to 28 U.S.C. § 1361, 8 U.S.C. § 1329, and 28 U.S.C. § 1331, to redress the deprivation of rights, privileges and

       immunities secured to Plaintiff to compel Defendants to perform a duty Defendants owed to Plaintiff. Jurisdiction is also conferred by 5 U.S.C. § 555(b) and § 704, the Administrative Procedure Act ("APA").

2.    This action is brought to compel Defendants and those acting under their direction to take action on an I-824, Application for Action on an Approved Application or Petition (hereinafter referred to as "I-824 Application") that was submitted by the Plaintiff in order to initiate consular processing for her husband. Plaintiff filed a visa petition for her husband, which was approved by USCIS in 2014.

3.    Plaintiff requests that this Court issue injunctive relief and a writ in the nature of mandamus compelling Defendants to adjudicate the I-824 Application under 8 U.S.C. § 1154.

## II.    JURISDICTION

4.    This Court has general federal question jurisdiction over this action under 5 U.S.C. §§ 555(b) and 706(a), 28 U.S.C. § 1361, and 28 U.S.C. § 1331(a). Jurisdiction is also conferred by 5 U.S.C. § 704.

5.    This Court also has jurisdiction to grant declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202 and F.R.C.P. 57 and 65.

1

6. Under 28 U.S.C. § 1361, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." In this case, the Defendants have failed to take actions required of them under the Immigration and Nationality Act (hereinafter "INA") within a reasonable time. Plaintiffs do not know which Defendant has failed to act, but their combined failures or singular failures to act, whichever the case may be, are the target of this suit.

7. Furthermore, the Plaintiffs are not challenging a decision within the discretion of a Consulate but instead the failure of the National Visa Center to take an action required under law. Therefore, jurisdiction exists for this Court to consider whether an official with the Department of State has taken the action required of it or unreasonably delayed in taking a required action. *See e.g. Patel v. Reno*, 134 F.3d 929, 932 (9th Cir. 1997) ("A consular office is required by law to act on visa applications."); *Raduga USA Corp. v. United States Dep't of State*, 440 F. Supp. 2d 1140, 1149 (S.D. Cal. 2005) (finding mandamus jurisdiction where "Plaintiffs simply seek to compel the

2

consul to render a final decision on Plaintiffs' [] visa applications which is mandated under [8 C.F.R.] § 42.81(a)").

8. The APA requires an agency to carry out its duties within a reasonable time. 5 U.S.C. § 555(b) provides that "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." (Emphasis added). The USCIS and the Department of State are subject to 5 U.S.C. § 555(b). *See e.g. Patel, 134 F.3d at 931-32* ("[W]hen the suit challenges the authority of the consul to take or fail to take an action as opposed to a decision taken within the consul's discretion, jurisdiction exists.") (internal citations omitted); *Raduga USA*, 440 F. Supp. 2d at 1146 ("[T]he Court finds that Plaintiffs have sufficiently demonstrated Article III standing to bring this APA mandamus action."). As set forth below, the delay by the Defendants in adjudicating and processing the Plaintiff's I-824 Application is unreasonable.

### III.   VENUE

9. Venue in the Northern District of Georgia is proper pursuant to 28 U.S.C. §1391(e). Defendants are Officers of the United States acting in their official

capacity, and the U.S. Attorney General's Office, the Department of Homeland Security ("DHS"), USCIS, and the U.S. Department of State are agencies of the United States.  Additionally, Plaintiff resides in this judicial district.

## IV.   EXHAUSTION

10. There are no administrative remedies available for Plaintiff to exhaust.

## V.   PARTIES

11. Plaintiff, MARIELA CASTRO DIAZ  is a resident of Cobb County, Georgia. She is a US citizen and she submitted a visa petition on behalf of her husband, Enero Mederos Sanchez, on June 1, 2012.  This visa petition was approved in 2014. On April 24, 2020, Plaintiff filed the I-824 Application with the Vermont Service Center containing case number EAC2090068943.

12. Defendant UR MENDOZA JADDOU is the Director of USCIS, a fee-for-service agency which is responsible for the administration and enforcement of the immigration laws of the United States. She is named in her official capacity.

4

13. Defendant PEGGY PETROVICH, is the Director of the National Visa Center, the subdivision of the U.S. Department of State responsible for communicating and transmitting approved visa petitions from USCIS to various consulates around the world, and also returning them to USCIS if there is need of further examination by USCIS. This action is brought against Director Petrovich in her official capacity.

V.     FACTUAL ALLEGATIONS

14. Plaintiff is a U.S. citizen and a resident of Cobb County, Georgia. She submitted a visa petition under the immediate relative category for her husband on June 1, 2012. This petition was approved on May 7, 2014. (Exhibit A).

15. Plaintiff submitted an I-824 application with the Vermont Service Center on April 24, 2020. (Exhibit B). She is requesting that the USCIS forward the approved visa petition to the National Visa Center so that it can commence consular and immigrant visa processing for her husband, Enero Mederos Sanchez. Her husband is not eligible to adjust his status in the United States and must leave the country to pursue his immigrant visa processing abroad.

16. The Plaintiff has at all times met and continues to meet the requirements

        necessary for the USCIS to approve the I-824 Application and send her file and approval notice to the National Visa Center.

17. Plaintiff has not been able to discover whether USCIS has already sent her file to the NVC. To the extent that it has done so, the NVC has the responsibility to initiate the consular process by emailing Plaintiff with instructions to set up an online account so that she can file the necessary applications and paperwork and eventually schedule an interview at the consulate in her husband's country. Until the NVC takes those actions, there is no way for Plaintiff and her husband to move forward with the case.

18. USCIS processing time indicates that 80% of I-824 applications are are processed within 15 months. (Exhibit C). In this case, the Plaintiff's I-824 Application has been pending for nearly 36 months. This delay is entirely unreasonable and creates hardship for the Plaintiff since her husband cannot pursue his immigrant visa processing to become a lawful permanent resident.

19. Despite Plaintiff's diligent efforts it does not appear that Defendants are moving forward on adjudicating or approving Plaintiff's I-824 Application.

## COUNT 1

20. Plaintiff re-alleges all of the allegations contained herein.

21. Plaintiff is eligible for immediate approval of her I-824 Application.

22. Plaintiff has suffered and will continue to suffer significant and irreparable harm because of the Defendants' policies, procedures, acts and failures to act as described herein.

23. Defendants violated Plaintiff's statutory right to apply for benefits which Congress has provided under the INA, depriving Plaintiff of the adjudication of the I-824 Application under 8 USC § 1154 thereby hindering the ability of her husband to immigrate to the United States as a lawful permanent resident.

## COUNT 2

24. Plaintiff re-alleges all of the allegations contained herein.

25. Plaintiff has suffered a legal wrong or has been "adversely affected or aggrieved" by agency action. 5 U.S.C. § 702.  Plaintiff is a person aggrieved by agency action, for which there is no other adequate remedy in a court. 5 U.S.C. § 704.

## COUNT 3

26. Plaintiff re-alleges all of the allegations contained herein.

27. Defendants owe Plaintiff a clear and certain duty to adjudicate Plaintiff's I-824 Application.

28. Plaintiff has no other adequate remedy.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the Court:

1. Assume Jurisdiction over this action;

2. Issue a Writ of Mandamus compelling Defendants to immediately adjudicate the pending Application and if approved, complete the following: forward the Plaintiff's file to the National Visa Center and provide account access to the Plaintiff by providing the NVC case number and an invoice ID. This is a complete and full remedy as immigrant visa processing can only commence when a NVC case number and invoice ID have been created and provided to the Plaintiff;

3. Award Plaintiff reasonable costs and attorney's fees under the Equal Access to Justice Act; and

4. Award such further relief as the Court deems just or appropriate.

RESPECTFULLY SUBMITTED this 24th day of March, 2023.


_____/s/_____
Leslie Diaz, Esq.
Georgia Bar # 637559
Attorney for the Plaintiff
Socheat Chea, P.C.
3500 Duluth Park Lane, Bldg. 300
Duluth, Georgia 30096
(770) 623-8880
(770) 623-8852 (fax)
leslie@socheatchea.com

## VERIFICATION

I, Leslie Diaz, hereby verify that, to the best of my knowledge and belief, the matters stated in the Complaint to Compel Agency Action and for a Writ of Mandamus to Compel Defendant's Adjudication of Form I-824 Application is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in Duluth, Georgia on this the 24th day of March, 2023.


_____/s/_____
Leslie Diaz, Esq.
Georgia Bar # 637559
Attorney for the Plaintiff
Socheat Chea, P.C.
3500 Duluth Park Lane, Bldg. 300
Duluth, Georgia 30096
(770) 623-8880
(770) 623-8852 (fax)
leslie@socheatchea.com

## CERTIFICATE OF SERVICE

This is to certify I electronically filed the foregoing **COMPLAINT FOR WRIT OF MANDAMUS** and its accompanying Exhibits with the Clerk of Court using the CM/ECF system. This system will automatically send email notification of such filing to all below Defendants who are registered with this system. In addition, in compliance with local rules, this initial Complaint and the accompanying Exhibits and Summons have also been served by First Class Certified Mail, postage pre-paid, on March 24, 2023:

Ur Mendoza Jaddou,
Director USCIS
c/o Office of the Chief Counsel
20 Massachusetts Avenue, NW
Room 4210
Washington, DC 20529

Ryan Buchanan, U.S. Attorney
Northern District of Georgia
75 Ted Turner Drive SW
Suite 600
Atlanta, Georgia 30303

Peggy Petrovich, Director of the National Visa Center
c/o The Executive Office
Office of the Legal Adviser
Suite 5.600
600 19th Street NW
Washington DC 20522

_____/s/_____
Leslie Diaz, Esq.
Georgia Bar # 637559
Attorney for the Plaintiff
Socheat Chea, P.C.
3500 Duluth Park Lane, Bldg. 300
Duluth, Georgia 30096
(770) 623-8880
(770) 623-8852 (fax)
zainab@socheatchea.com

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| MARIELA CASTRO DIAZ,<br><br>    Plaintiff,<br><br>v.<br><br>UR MENDOZA JADDOU, Director of U.S. Citizenship and Immigration Services,<br><br>PEGGY PETROVICH, in her official capacity as Director of the National Visa Center, U.S. Department of State,<br><br>    Defendants. | Civil No:<br><br>COMPLAINT TO COMPEL AGENCY ACTION UNDER 28 U.S.C. § 1361 AND 5 U.S.C. §§ 555(b), 706(1), AND FOR A WRIT OF MANDAMUS TO COMPEL DEFENDANTS' ADJUDICATION OF FORM I-824 APPLICATION FOR AN APPROVED APPLICATION<br><br>I-824 Receipt No.: EAC2090068943 |

## **LIST OF EXHIBITS**

Exhibit A          Plaintiff's I-130 approval notice;

Exhibit B          Plaintiff's I-824 receipt notice; and

Exhibit C          USCIS.gov Case Processing Times for Form I-824.