# STATE COURT OF COBB COUNTY
# STATE OF GEORGIA

ID# E-2FMNMVRM-3A5
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**23-A-668**

FEB 16, 2023 03:39 PM

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

CIVIL ACTION NUMBER 23-A-668

$198.00 COST PAID

James, Kareen
McAlmon, Kennesha

**PLAINTIFF**

**EXHIBIT "A"**

VS.

Crete Carrier Corporation
Conrad, Kendrick-Ray

**DEFENDANTS**

## SUMMONS

TO: CRETE CARRIER CORPORATION

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> Moody Abigail
> Moody Legal Counsel LLC
> 3920 Ridge Ave
> Macon, Georgia 31210

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This 17th day of February, 2023.

Clerk of State Court



*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

12 East Park Square, Marietta, Georgia 30090-9630
(770) 528-1220 Building B, First Floor-Civil Division

Page 1 of 1



ID# E-2FMNMVRM-E2Y
**EFILED IN OFFICE**
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**23-A-668**

FEB 16, 2023 03:39 PM


Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

| | |
|---|---|
| KAREEN JAMES AND KENNESHA MCALMON, § § § Plaintiffs, § § v. § § KENDRICK-RAY CONRAD AND § CRETE CARRIER CORPORATION, § § § Defendants. § | CIVIL ACTION NO. _____ |

**COMPLAINT FOR DAMAGES
AND DEMAND FOR JURY TRIAL**

Plaintiffs, KAREEN JAMES and KENNESHA MCALMON, hereby file this Complaint for Damages and Demand for Jury Trial, showing the Court as follows:

**PARTIES, JURISDICTION, VENUE
AND SERVICE OF PROCESS**

1.

Plaintiff Kareen James is a resident of the State of Alabama residing at 415 Paget Drive E, Mobile (Mobile County), Alabama 36608. By bringing this action, Plaintiff subjects herself to the jurisdiction and venue of this Court.

2.

Plaintiff Kennesha McAlmon is a resident of the State of Alabama residing at 415 Paget Drive E, Mobile (Mobile County), Alabama 36608. By bringing this action, Plaintiff subjects herself to the jurisdiction and venue of this Court.

1

3.

Defendant Kendrick-Ray Conrad (hereinafter "Conrad") is a citizen and resident of Texas, whose last known address is 1122 Ambrosden Lane, Channel View, Texas 77530. Defendant Conrad is subject to the jurisdiction of this Court pursuant to the Constitution of the State of Georgia, 1983, Article VI § II and O.C.G.A. § 9-10-31 and O.C.G.A. § 9-10-91. Defendant Conrad may be served with Summons and a copy of this Complaint at 1122 Ambrosden Lane, Channel View, Texas 77530.

4.

Defendant Crete Carrier Corporation (hereinafter "Crete") is a corporation existing under the laws of the State of Nebraska, is authorized to transact business in the State of Georgia, and may be served by delivering a copy of the Summons and Complaint on its Registered Agent, C T Corporation System, 289 South Culver Street, Lawrenceville, Georgia 30046. Defendant Crete is subject to the jurisdiction of this Court pursuant to O.C.G.A. §§ 46-7-17, 9-10-31, and 14-2-510.

5.

Jurisdiction and venue are proper in this Court, as to all Defendants, as a result of the collision that caused Plaintiffs' damages occurring in Cobb County, Georgia on March 24, 2021. Defendant Conrad and Defendant Crete are joint tortfeasors in this action.

## FACTS

6.

On March 24, 2021, Defendant Conrad was an agent, employee and/or servant of Defendant Crete, and at all relevant times on said date, was acting within the scope of his agency, employment or service and under the authority or at the direction of Defendant Crete. Defendant

Crete is liable to Plaintiff for all damages caused by Defendant Conrad under the doctrine of respondent superior or vicarious liability.

7.

On March 24, 2021, Defendant Conrad was operating a 2021 Tractor-trailer truck while traveling in the second middle lane on I-285 in Cobb County, Georgia. Plaintiff James was the driver of a 2015 Chevrolet Malibu and traveling in the far-right lane on I-285 in Cobb County, Georgia. Plaintiff McAlmon was a passenger in Plaintiff James's vehicle. As Defendant Conrad switched from the third lane to the far-right lane, his vehicle collided with the rear left side of Plaintiffs' vehicle.

8.

At the time of the collision, Defendant Crete was a motor common or contract carrier engaged in interstate or intrastate commerce.

9.

As a result of the subject incident, which was the proximate result of the negligence of all the Defendants, Plaintiffs suffered, and continue to suffer, significant physical, mental, and emotional injuries, all for which they are entitled to recover under the law. All Defendants are liable to Plaintiffs for these injuries.

**COUNT ONE**
**LIABILITY OF DEFENDANT CONRAD**

10.

Paragraphs 1 through 9 above are incorporated by reference as if set forth fully herein.

11.

On March 24, 2021, at or around 11:52 p.m., at Interstate 285 Expressway West ramp and Interstate 75 Expressway North, in Cobb County, Georgia, Defendant Conrad owed a duty of care to the public in general, and to Plaintiffs in particular, to operate his vehicle in a safe, reasonable and prudent manner at all times.

12.

Defendant Conrad breached his duty of care in at least the following ways:

(a) Improper lane change in violation of O.C.G.A. § 40-6-48, such a violation constituting negligence per se; and,

(b) Failing to keep a proper lookout in violation of O.C.G.A. § 40-6-123, such a violation constituting negligence per se.

13.

As the direct and proximate result of the breaches by Defendant Conrad set forth above, Plaintiffs suffered significant physical, mental and emotional pain.

14.

Defendant Conrad is liable, along with the other Defendant, for the injuries and damages Plaintiffs suffered as a result of Defendants' negligence, which damages will be determined by the enlightened conscience of an impartial jury based upon the evidence at trial.

### COUNT TWO
### LIABILITY OF DEFENDANT CRETE

15.

Paragraphs 1 through 14 above are incorporated by reference as if set forth fully herein.

16.

Defendant Crete is liable for the following tortious acts and omissions, which include, but are not limited to, one or more of the following:

4

(a) Defendant Crete is liable under the doctrine of respondeat superior or vicarious liability for the tortious acts and omissions of its agents or employees, including Defendant Conrad;

(b) Defendant Crete is or may be liable for tortuously failing to properly instruct, train, and supervise its employee or agent, Defendant Conrad, a driver it placed in the position in which the Plaintiffs were injured;

(c) Defendant Crete is or may be liable for negligently instituting, either expressly or by implication, policies and practices that encouraged its drivers to operate vehicles in an unsafe or imprudent manner and that compromised the safety of other drivers on the roadway, and the safety of Plaintiffs in particular; and

(d) Defendant Crete may be liable statutorily under O.C.G.A. § 46-7-12.

17.

Together with the negligence of Defendant Conrad, the tortious acts and omissions committed by Defendant Crete, or through its agents and/or employees, as set forth above, directly and/or proximately caused the subject collision and the injuries to Plaintiffs.

18.

Defendant Crete is liable, along with the other Defendant, for the injuries and damages Plaintiffs suffered as a direct and/or proximate result of Defendants' negligence, which damages will be determined by the enlightened conscience of an impartial jury based upon the evidence at trial.

## COUNT THREE
## NEGLIGENT ENTRUSTMENT

19.

Paragraphs 1 through 18 above are incorporated by reference as if set forth fully herein.

20.

Plaintiffs are further entitled to damages from Defendant Crete due to its negligent entrustment of its job performance or assignment to Defendant Conrad.

21.

As a result of said negligent entrustment, Plaintiffs suffered serious injuries.

22.

As a result, Plaintiffs suffered and continue to suffer bodily, mental, and emotional pain and suffering, diminished enjoyment of life, and medical-related expenses.

## COUNT FOUR
## NEGLIGENT HIRING

23.

Paragraphs 1 through 22 above are incorporated by reference as if set forth fully herein.

24.

Plaintiffs are further entitled to damages from Defendant Crete due to its negligent hiring and contracting with Defendant Conrad to haul goods over the highways of Georgia when it knew, or should have known, that Defendant Conrad was not a safe driver and it was likely that some injury would occur.

25.

As a result of said negligent hiring, Plaintiffs suffered serious injuries.

26.

As a result, Plaintiffs suffered and continue to suffer bodily, mental, and emotional pain and suffering, diminished enjoyment of life, and medical-related expenses.

## DAMAGES CLAIMED

6

27.

Paragraphs 1 through 26 above are incorporated by reference as if set forth fully herein.

28.

Plaintiffs claim general damages against Defendant Crete for all elements of the past and future pain and suffering, physical and mental injury, including shock, fright and terror endured by Plaintiffs, in an amount to be determined by the enlightened conscience of an impartial jury after hearing the evidence at trial.

29.

Plaintiffs claim general damages against Defendant Conrad for all elements of the past and future pain and suffering, physical and mental injury, including shock, fright and terror endured by Plaintiffs, in an amount to be determined by the enlightened conscience of an impartial jury after hearing the evidence at trial.

30.

Plaintiff Kareen James claims special damages against Defendant Crete for any past and medical expenses incurred on her own behalf in an amount that reflects the reasonable value of those services as established by the evidence at trial. Plaintiff's medical expenses to date are as follows:

| Provider | Amount |
| --- | --- |
| Wellstar Kennestone Hospital | $4,642.80 |
| Mobile Open MRI & Imaging | $1,840.00 |
| Elite Radiology of Georgia, LLC | $1,950.00 |
| Atlanta Regenerative Medicine Institute | $66,400.00 |
| Advanced Spine & Therapy Mobile | $4,925.00 |
| Quantum Radiology PC | $167.00 |
| Benchmark/ Results Physiotherapy | $3,449.25 |
| The Bortolazzo Group | $935.00 |

31.

Plaintiff Kareen James claims special damages against Defendant Conrad for any past medical expenses incurred on her own behalf in an amount that reflects the reasonable value of those services as established by the evidence at trial. Plaintiff's medical expenses to date are as follows:

| | |
|---|---|
| Wellstar Kennestone Hospital | $4,642.80 |
| Mobile Open MRI & Imaging | $1,840.00 |
| Elite Radiology of Georgia, LLC | $1,950.00 |
| Atlanta Regenerative Medicine Institute | $66,400.00 |
| Advanced Spine & Therapy Mobile | $4,925.00 |
| Quantum Radiology PC | $167.00 |
| Benchmark/ Results Physiotherapy | $3,449.25 |
| The Bortolazzo Group | $935.00 |

32.

Plaintiff Kennesha McAlmon claims special damages against Defendant Crete for any past medical expenses incurred on her own behalf in an amount that reflects the reasonable value of those services as established by the evidence at trial. Plaintiff's medical expenses to date are as follows:

| | |
|---|---|
| Wellstar Kennestone Hospital | $2,361.00 |
| Mobile Open MRI & Imaging | $1,840.00 |
| Atlanta Regenerative Medicine Institute | $34,750.00 |
| Advanced Spine & Therapy Mobile | $5,186.00 |
| Quantum Radiology PC | $53.00 |
| Alabama Orthopedic Clinic | $1,668.00 |
| The Bortolazzo Group | $935.00 |

33.

Plaintiff Kennesha McAlmon claims special damages against Defendant Conrad for any past and medical expenses incurred on her own behalf in an amount that reflects the reasonable value of those services as established by the evidence at trial. Plaintiff's medical expenses to date are as follows:

| | |
|---|---|
| Wellstar Kennestone Hospital | $2,361.00 |
| Mobile Open MRI & Imaging | $1,840.00 |

8

| | |
|---|---|
| Atlanta Regenerative Medicine Institute | $34,750.00 |
| Advanced Spine & Therapy Mobile | $5,186.00 |
| Quantum Radiology PC | $53.00 |
| Alabama Orthopedic Clinic | $1,668.00 |
| The Bortolazzo Group | $935.00 |

34.

Plaintiffs claim special damages against Defendant Crete for future medical expenses they will incur in an amount that reflects the reasonable value of those expenses.

35.

Plaintiffs claim special damages against Defendant Conrad for future medical expenses they will incur in an amount that reflects the reasonable value of those expenses.

36.

The Defendants have acted in bad faith, have been stubbornly litigious and have caused Plaintiffs unnecessary trouble and expense. Therefore, pursuant to O.C.G.A. §13-6-11, Plaintiffs requests that they be awarded the expenses of this litigation, including reasonable attorney's fees.

**WHEREFORE**, Plaintiff prays for the following relief:

(a) That Summons issue requiring the Defendants to appear as provided by law to answer this Complaint;

(b) That Plaintiffs have a trial by a jury on all issues so trialable;

(c) That Plaintiffs recover all compensatory damages for the liability of Defendant Crete claimed in the paragraphs above, and any other damages authorized by Georgia law under the evidence produced at trial;

(d) That Plaintiffs recover all compensatory damages for the liability of Defendant Conrad claimed in the paragraphs above, and any other damages authorized by Georgia law under the evidence produced at trial;

(e) That Plaintiffs have and recover expenses of this litigation, including reasonable attorney's fees; and

(f) For such other and further relief as the Court shall deem just and appropriate.

This 16th day of February, 2023.

Respectfully Submitted,

*/s/ Abigail K. M. Moody*

Abigail K. M. Moody
Georgia Bar No. 850580
Attorney for Plaintiff

MOODY LEGAL COUNSEL LLC
3920 Ridge Avenue
Macon, GA 31210
(478) 420-0099 Phone
(470) 201-1208 Fax
amoody@moodylaw.net