ID# E-2FMNMVRM-TQG
⚖ EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**23-A-668**

FEB 16, 2023 03:39 PM

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

KAREEN JAMES AND KENNESHA
MCALMON,

    Plaintiffs,

v.

KENDRICK-RAY CONRAD AND
CRETE CARRIER CORPORATION,

    Defendants.

§
§
§
§
§
§
§
§
§
§
§
§

# EXHIBIT "B"

CIVIL ACTION NO. _____

---

**FIRST CONTINUING INTERROGATORIES OF PLAINTIFFS TO DEFENDANT
CRETE CARRIER CORPORATION**
*(Served Simultaneously with Plaintiffs' Complaint)*

---

**To:**    **Defendant, Crete Carrier Corporation.**

Pursuant to O.C.G.A. § 9-11-33, Plaintiffs hereby requests that Defendant CRETE

CARRIER CORPORATION respond, under oath, to the following Interrogatories within forty-

five (45) days of the date of service in conformity to the Georgia Civil Practice Act. Plaintiffs

request that Defendant read and abide by the preliminary notes and instructions set forth below.

## PRELIMINARY NOTES AND INSTRUCTIONS

1. <u>General Notes</u>

Each interrogatory is addressed to the personal knowledge of the Defendant, as well as to

the knowledge and information of Defendant's attorneys, investigators, agents, employees, and

other representatives. When a question is directed to Defendant, the question is also directed to

each of the aforementioned persons.

These interrogatories shall be deemed continuing so as to require supplemental answers if

the persons or entities to whom they are addressed obtain further responsive information.



Plaintiffs request that Defendant take the time to accumulate all information which is called for by these interrogatories and to provide all such information in its initial written discovery responses. If the time provided by law to respond to this written discovery does not provide you an adequate opportunity to do so, Plaintiffs will consider an extension of the time, provided the extension requested is not excessive and will be used to provide for some substantive response and not merely a tool for delay.

Plaintiffs request that Defendant respond to and supplement these and all future interrogatories with direct and concise responses and answers that can be read to a jury. Plaintiffs request, therefore, that you not answer interrogatories in this case by cross-referencing answers and responses given in other paragraphs of this same discovery, but rather answer with a full, clear textual response to each question.

**Plaintiffs request that you set forth in your response the text of the interrogatory propounded as well as your responses or objections to that interrogatory so that it is clear from the four corners of your response what the interrogatory sought and what your answer to that interrogatory is.** This is helpful to the Court and the parties so that it is not necessary to flip from one document to another to determine what the answer to a particular interrogatory is. If Defendant requests it, Plaintiffs will provide these interrogatories on computer disk to facilitate this process.

Plaintiffs request that each Defendant respond to these interrogatories individually, separately and completely, and supplement any responses to these interrogatories individually, separately, and completely. In supplementing, Plaintiffs request that you do not send letters to counsel identifying additional documents or information, but that you instead provide discovery responses in the form of a pleading served on all parties.

2

## 2. Claims of Privilege or Work Product

Defendant is hereby instructed not to make "general objections" based on privilege or work product claims, as such general objections do not specify what facts or documents exist that are subject to such claims, do not identify in any way the facts or documents to which privilege or work product is claimed, and do not provide anything to the Court for decision. If a particular interrogatory seeks information which encompasses facts or documents which you contend to be properly withheld from Plaintiffs pursuant to some claim of privilege or work product, then you are instructed to state that contention specifically. In the event any information is not provided pursuant to such contentions, Plaintiffs request that Defendant identify specifically the bases for the objection and provide sufficient information so that the Court may render decision as to the contentions of privilege. Failure to comply with these instructions will be deemed by Plaintiffs to be a failure to answer or respond under O.C.G.A. § 9-11-37(d), inasmuch as the object of such failure could only be to delay, protract, and obstruct these proceedings.

## 3. Claims To Confidentiality/Proprietary Information

If Defendant believes that information responsive to any interrogatory is somehow confidential because it reflects trade secrets or allegedly proprietary business information, such belief in and of itself provides no basis for the blanket withholding of production of such information in a timely manner. If Defendant intends to withhold information on the basis of such claims to confidentiality, it should contact Plaintiffs *before* responding to these interrogatories and attempt to resolve the issue by entry into a limited and appropriate sharing protective order applicable only to information for which supported claims to confidentiality have been made. Failure to do so, or the interposing of such objections for the purposes of delay, will be deemed by Plaintiffs to be a waiver of such claims.

3

4. Breadth/Burden Objections

It is improper for Defendant to attempt the following strategy: wait until the time has run for responding to the interrogatories herein, interpose boilerplate objections in its responses that a particular interrogatory is overbroad, oppressive, or unduly burdensome (or similar such objections) and then fail to provide any substantive response to the interrogatory in its responses. If Defendant seeks to interpose boilerplate "burden" objections in lieu of legitimate, substantive responses to these interrogatories, the law requires that Defendant file a motion for protective order prior to the running of the time for response to these requests, and in that motion explain the bases for the objections in a manner that satisfies the burden of proof which rests on Defendant to justify any such objections. Moreover, the filing of any such motion for protective order does not excuse a failure to respond in a timely manner to these interrogatories. This note is provided specifically to put Defendant on notice that if baseless objections are made to these requests and a motion for protective order is not timely filed and supported, its actions will be considered as evidence of a willful violation of the Georgia Civil Practice Act.

5. Subsequent Discovery of Information

If in response to any of Plaintiffs' interrogatories Defendant fails to disclose any fact and then Defendant subsequently discloses such fact at a later date by supplemental response, please provide full information about how the existence of this additional fact was "discovered" by Defendant, by whom such additional fact was "discovered," when such additional fact was "discovered," who made the decision to disclose such additional fact to Plaintiffs, when that decision was made, and in detail, why such additional fact was not disclosed to Plaintiffs in Defendant's initial responses to these Interrogatories.

## DEFINITIONS

As used herein, the terms listed below are defined as follows:

4

1.      "**Document**" means every writing, printing, record, graphic, photographic or sound reproduction of every type and description that has been in your possession, control or custody or of which you have knowledge, including but not limited to, correspondence, reports, meeting minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders, invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, e-mails, e-mail attachments, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, disks or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, pictures, and voice recordings.  Plaintiffs expressly intend for the term "Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference.

2.      "**Person**" means any natural person, corporation, partnership, proprietorship, association, organization, group of persons, or any governmental body or subdivision thereof.

3.      (a)      "**Identify**" with respect to any "**person**" or any reference to stating the "**identity**" of any "**person**" means to provide the name, home address, telephone number, business name, business address, and business telephone number of such person, and a description of each such person's connection with the events in question.

(b)      "**Identify**" with respect to any "**document**" or any reference to stating the "**identification**" of any "**document**" means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation of

5

the document or on whose behalf it was prepared, the name and address of the recipient or recipients of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

4.    "**You**" or "**your**" or "**Defendant**" refers to Defendant Crete Carrier Corporation and all of its operating divisions, subsidiaries and affiliates, both domestic and foreign, as well as Defendant's attorneys, insurers, representatives, or agents.

5.    "**KENDRICK-RAY CONRAD**" or "**CONRAD**" refers to Defendant KENDRICK-RAY CONRAD.

6.    "**CRETE** or "**CRETE CARRIER CORPORATION**" refers to Defendant Crete Carrier Corporation.

7.    "**Subject incident**" or "**subject occurrence**" or "**subject collision**" means the incident of March 24, 2021 occurring at Interstate 280 in Cobb County, Georgia, which makes the basis of this lawsuit.

8.    "**Subject vehicle**" or "**subject trailer**" or "**trailer**" means the 2021 Freightliner Corp TR, VIN number 1FUJHHDR4MLML9610 that was involved in the accident on March 24, 2021.

## INTERROGATORIES

### CONTENTIONS

1.

Do you contend that you have been improperly named in the sense that the incorrect corporate entity has not been properly styled in the caption of this matter and/or that an improper or incorrect agent for service was utilized to effectuate service upon you?  If your answer to either of these inquiries is "yes," please provide a detailed explanation as to why you contend

you have been improperly named or the agent used for service was improper and provide the complete name of the entity you contend should have named and/or served.

2.

Do you contend that there are any factual or legal bases upon which this matter should be dismissed as a matter of law? If so, please identify any such contentions and describe and state with specificity all factual and legal bases supporting any such contention(s)

3.

Do you contend that Plaintiffs committed any negligent act or omission that played any part in causing the subject incident or the injuries or damages complained of by Plaintiffs? Please state "Yes" or "No." If your answer is in the affirmative in any way, please state and describe specifically each any negligent act or omission by Plaintiffs that you claim supports your contention.

4.

Do you contend that anyone, not a defendant in this action, caused or contributed to cause the injuries to Plaintiffs? Please state "Yes" or "No." If your answer is in any way in the affirmative, please state the name, present or last known residence or business address, and business and home telephone numbers of said person or entity you contend contributed to or caused the injuries to Plaintiffs, specify what acts or omissions of each such person you contend caused or contributed to cause the injuries to Plaintiffs, and state the factual and legal basis of each such contention.

5.

Do you contend there were any manufacturing, design, or other defects or malfunctions in the equipment used by Plaintiffs at the time of the subject incident that in any way affected its safety or performance or contributed to the subject incident? Please state "Yes" or "No." If your

7

answer is in any way in the affirmative, describe with specificity the nature of each such defect or malfunction you contend affected the safety or performance of the equipment used by Plaintiffs and how it may have affected the safety or performance or contributed to the subject incident.

6.

Do you contend there were any manufacturing, design, or other defects or malfunctions in the subject tractor or the subject trailer or the "box" on the trailer at the time of the subject incident that in any way affected its safety or performance or contributed to the subject incident? Please state "Yes" or "No." If your answer is in any way in the affirmative, describe with specificity the nature of each such defect or malfunction you contend affected the safety or performance of the tractor or the trailer and how it may have affected the safety or performance or contributed to the subject incident.

7.

Please state in detail how you contend the subject occurrence took place and the order in which the events took place, to include the purpose of the trip by Defendant CONRAD the point of origin of his trip, any stops he made after leaving his point of departure but before the subject incident, his intended destination, and where he in fact went following the subject incident. Please include in this response a listing of each person, force of nature, act of God, and/or circumstance you contend to have caused or contributed to causing the subject occurrence and/or any of Plaintiffs' injuries.

CORPORATE INFORMATION

8.

State the names and addresses of all persons employed or working for Defendant CRETE who have investigated the subject collision or discussed the subject collision with your insurer or

8

any of its divisions, subsidiaries, or associated entities by whatever name known, or Defendant CONRAD, the driver of the tractor involved in this collision.

9.

Please identify the corporate officers of Defendant CRETE, the date of incorporation, the state(s) in which it was and is now incorporated, the address(es) of the principal place(s) of business of CRETE, and the nature and geographic scope of CRETE'S business.

10.

Please state as of March 24, 2021, how many tractors were owned or leased as part of the operation of CRETE, how many trailers are owned or leased by CRETE, how many drivers are employed by CRETE, and the identities of all states in which CRETE drivers operate vehicles.

11.

Please state CRETE'S status as a "motor common carrier" and all certifications or filings pursuant to that status with the Georgia Public Service Commission and/or the Interstate Commerce Commission, pursuant to O.C.G.A. § 46-7-12 and all other relevant law.

## INSURANCE INFORMATION

12.

If you, Defendant CONRAD and/or the tractor and trailer he was operating at the time of the subject collision are covered by any liability insurance, including excess or umbrella coverage or coverage by any other description, which does or may afford insurance coverage for the claims made in this lawsuit, please state the name of each insurance company issuing policy, any filings CRETE has made with regard to such policy pursuant to O.C.G.A. § 46-7-12, the applicable liability limits concerning each policy, the named insured(s) under each policy, all

9

applicable policy numbers, and whether the defense of this has been undertaken subject to any reservation of rights by any such insurer.

## THE SUBJECT COLLISION

### 13.

State whether or not this defendant admits that Defendant CONRAD was negligent and was a proximate cause of the subject collision. If your answer is in the negative in anyway, please explain the basis for contesting negligence.

### 14.

Please identify every person whom you believe does have, or may have, any information of any kind about the collision complained of in this case or any other information pertaining to any issue of liability in this case, including with each such person's identity a brief description of the nature of such person's knowledge. (For example: eyewitness, investigating police officer, medical personnel, etc.)

### 15.

Please identify all persons (whether medical providers, lay persons, or anyone else) who you believe does have, or may have, any relevant information relative to Plaintiffs' health condition prior to or subsequent to the collision in this case, information relative to the Plaintiffs' physical and mental suffering as a result of this collision, or any information relative to any issue of damages in this litigation. Please include with each such person's identity a brief description of the nature of such person's knowledge.

### 16.

Please state whether any of the persons identified in response to Interrogatories Nos. 14 or 15 have given any statement(s) or account(s) to you, either orally, in writing, or recorded in

any way, of his or her knowledge of any information relevant in this lawsuit. If so, identify any witness(es) giving such statement(s), provide an explanation of the type statement(s) given (oral, written, recorded, etc.), and identify the person who took the statement and the present custodian of such statement(s).

17.

Please identify any and all investigators, mechanics, adjusters, claims representatives, or experts who have investigated this collision, examined any of the vehicles or equipment involved, or who has in any way investigated the claims made in this lawsuit on behalf of this defendant, its attorneys, or its insurers, and specify for each such person a summary of what they investigated.

18.

Please state whether or not this defendant, its attorneys, investigators, or other representatives know of any photographs, still or motion pictures, plans, drawings, blueprints, sketches, diagrams, computer simulations, or any other type demonstrative evidence concerning the subject occurrence, the site of the subject occurrence, the vehicles involved, or which in any way illustrate any facts related to the occurrence. As to each item, please state the nature of such item, how many of such items exist (for example, 15 photographs), the name, address, and employer of the person making or supplying such item, and the identity of the person who presently possesses such item.

19.

Do you contest that at the time and place of the subject occurrence, Defendant CONRAD was an employee or agent of CRETE'S acting within the course and scope of his employment or agency for CRETE? Please state "Yes" or "No." If your answer to this interrogatory is in any way in the affirmative, please state all facts that you contend support such response.

11

20.

Was any accident/incident report made by CRETE or any of its employees, representatives or agents that describes or relates in any way to the subject occurrence? Please state "Yes" or "No."   If your answer is in any way in the affirmative, for each such report, please identify the author, state the date it was written, identify all individuals who were copied with or received it, and identify the present place where it is located.

21.

Please identify each person employed by this defendant or acting on your behalf (agents, insurers, attorneys, or other representatives) who attempted to contact or actually contacted Plaintiffs or Plaintiffs' family from the time of the occurrence up to and including the date of trial. If no attempt to contact Plaintiffs has been made, please state that fact affirmatively.  For each contact or attempted contact, however, please provide the date, time of day, person contacted, the reason for the contact, the topics discussed, the person who made the decision to contact or attempt to contact, and the duration of the contact, as well as whether or not anything was recorded with or without the knowledge of the person contacted.

22.

Please identify the cargo the subject trailer carried at the time of the subject incident, the weight of that cargo, the subject trailer's weight capacity (i.e., how much weight the trailer could carry), the subject tractor's hauling capacity (i.e., how much weight the tractor could pull), and any guidelines applicable to the subject tractor-trailer at the time of the subject incident as to what amount of weight was safe for the subject tractor-trailer to pull at normal highway conditions, whether those guidelines are found in CRETE'S own policies, government regulations, industry guidelines, requirements pursuant to any insurance policies held by CRETE, or any other source.

12

## EXPERT WITNESSES

### 23.

Please identify any person that this defendant expects to call as an expert witness, whether live, by affidavit, or by deposition, in connection with any trial, hearing, or motion, as well as any other evidentiary hearing in this action, and, separately for each expert, please identify the subject matter of which the person is expected to testify, the substance of the facts and opinions as to which the person is expected to testify, a summary of the grounds for such opinions, and the identity of all documents and professional references upon which such person may base his or her testimony and opinions.

## CONRAD – HIRING, TRAINING AND EMPLOYMENT WITH CRETE

### 24.

Please explain the nature of the relationship between Defendant CONRAD and CRETE, including the date the agency or employment relationship began, CONRAD'S method, mode and amount of compensation at the time of the subject occurrence, whether the employment or agency relationship has been terminated, and if so, the date of such termination, the reason for such termination, and the identity of the person who terminated Defendant CONRAD.

### 25.

Please identify the following individuals as of the date of the occurrence and at present:

(a)     Person(s) responsible for the inspection, maintenance, and repair of the subject tractor and subject trailer;

(b)     Safety director for this defendant;

13

(c)     Person(s) responsible for training employees/drivers;

(d)     Person(s) responsible for interviewing, hiring, and making retention decisions concerning employees/drivers, and specifically driver Defendant CONRAD; and

(e)     Person(s) responsible for supervising Defendant CONRAD.

26.

Please state whether or not this defendant, its agents, its attorneys, or its insurers, on its own or through any other person, obtained or obtains information, from any private source or governmental agency, about the driving history, driving violations, criminal violations, motor vehicle record, or other driving qualifications of the persons this defendant hires or allows to drive its trucks.  If so, please state, by job title, to which employees this inquiry applies, from whom this information is obtained (including, but not limited to any governmental agency or entity), and exactly what information is obtained or, as a matter of policy, sought to be obtained. Also, please state the same as to each person through which such information was requested or obtained concerning the driver involved in the subject occurrence and the dates upon which such information was obtained concerning the driver operating the truck involved in the subject occurrence.

## THE SUBJECT TRACTOR AND TRAILER – MAINTENANCE, INSPECTION, REPAIR AND OWNERSHIP

27.

As to the tractor involved in the subject occurrence, please state the manufacturer, make, model, year, and Vehicle Identification Number (VIN), the person or entity to whom the tractor was titled as of the date of the occurrence and at present, the present location of the tractor, and the gross vehicle rating of the tractor.

28.

14

As to the trailer or "box" that was involved in the subject occurrence, please state the manufacturer, make, model, year, and any identification, serial or other descriptive numbers of the trailer and the "box", the person or entity to whom the trailer was titled as of the date of the occurrence and at present, and the present location of the trailer and "box".

29.

Please give a detailed history of any and all inspections or maintenance of the subject tractor which was involved in the subject collision or any of its component parts (including mirrors), within six months before or six months after the subject collision, including but not limited to the dates of any inspection(s), maintenance work, and/or repairs, the names of persons who performed any inspection, maintenance, or repairs, and a description of the inspection or work performed.

30.

Please give a detailed history of any and all inspections or maintenance of the subject trailer which was involved in the subject collision or any of its component parts (including the king pin), within six months before or six months after the subject collision, including but not limited to the dates of any inspection(s), maintenance work, and/or repairs, the names of persons who performed any inspection, maintenance, or repairs, and a description of the inspection or work performed.

31.

If you were the owner of the tractor involved in the subject collision at the time of the subject incident, then please state the date you purchased or leased the subject tractor, from whom who bought it or leased it, the amount paid for it (whether financed, leased or paid in cash), identify whether it was new or used when purchased or leased, and identify all documents relating to such purchase or lease. If you were not the owner of the tractor involved in the

15

subject collision, then please identify, including name and address, its owner at the time of the subject incident.

32.

If you were the owner of the trailer or "box" that was attached to the subject tractor involved in the subject collision, then please state the date you purchased or leased the trailer, from whom who bought it, the amount paid for it (whether financed, leased or paid in cash), identify whether it was new or used when purchased or leased, and identify all documents relating to such purchase or lease. If you were not the owner of the trailer or the "box," the please identify the owner, including name and address, at the time of the subject incident.

33.

Please describe or otherwise identify the vehicle specifications of the subject tractor including, but not limited to, its dimensions (height, length, weight, wheel base, etc.), gross vehicle weight rating, weight capacity, engine size, braking systems, and number of axles.

34.

Please describe or otherwise identify the specifications and/or dimensions of the subject trailer and the "box" on it including, but not limited to, its height, length, weight, wheelbase, gross vehicle weight rating, weight capacity, braking systems, and number of axles.

35.

Was the subject tractor repaired or modified in any way following the subject collision? Please state "Yes" or "No." If "Yes," please state who made the repairs or modifications, what repairs or modifications were made including what parts were used, when the repairs or modifications were made, the cost of such repairs or modifications, and how long it took to make such repairs or modifications. In connection with this interrogatory, please identify any and all documents related to any repairs made to the subject tractor following the subject incident.

16

36.

Was the subject trailer or "box" repaired or modified in any way following the subject collision?   Please state "Yes" or "No."   If "Yes," please state who made the repairs or modifications, what repairs or modifications were made including what parts were used, when the repairs or modifications were made, the cost of such repairs or modifications, and how long it took to make such repairs or modifications.  In connection with this interrogatory, please identify any and all documents related to any repairs made to the subject trailer following the subject incident.

## OTHER INCIDENTS INVOLVING CRETE
## AND DRIVERS

37.

Please provide the names of the parties involved, the location, the date, and a detailed description of the incident for each collision over the past five (5) years in the state of Georgia in which it was alleged by any entity that a CRETE driver, owner – operator driving for CRETE, or independent contractor driving for CRETE was at fault, had violated Rules of the Road, or had violated any Federal Motor Carrier Safety Regulation, and as a result an injury or death occurred.

## OTHER DISCOVERABLE INFORMATION

38.

Please identify all records, including but not limited to contracts of service, billing statements, invoices, and itemized statements for any cell phone, car phone, pager, QUALCOMM system or other radio communication device which Defendant MOFIT owned, had access to, or used on March 24, 2021.  This interrogatory seeks the name, address, and

billing information for any contracts of service related to the communication media described in this interrogatory.

39.

Other than the speedometer, tachometer, fuel gauge or other similar instruments that are visible on the dashboard, was the subject vehicle equipped with an Enhanced Data Recorder ("EDR"), "black box," "gray box," Global Positioning Satellite System (GPS System) or any other device(s), by whatever name known, which records any data about performance or location of the subject vehicle, including its speed over given times or its location at given times? Please state "Yes" or "No." If your answer is in any way in the affirmative, please identify where in the vehicle any such device(s) are located within the vehicle; what information or data is recorded by any such device(s); the identity of the manufacturer or supplier of such device(s); the name and a description of the computer program or other methodology used to decode, interpret, or otherwise make understandable the data or information compiled by such device(s); and the identity of the natural person(s) who are capable of interpreting the data from such device(s).

40.

At the time of the subject occurrence, was the subject tractor or was Defendant CONRAD personally, equipped with any devices, of any kind and by whatever name known, which are intended to prevent or reduce driver inattention, combat driver fatigue, or otherwise improve in anyway the safety of driver performance? Please state "Yes" or "No." If your answer is in any way in the affirmative, for each such device, please identify its name, describe what it is and how it functions, identify where in the vehicle it is located, the identity of the manufacturer or supplier of such device(s), and the identity of the natural person(s) at CRETE who was at the time of the incident most knowledgeable about it.

18

41.

At the time of the subject incident, was any other tractor (aside from the subject tractor) owned or operated by CRETE equipped with any devices, of any kind and by whatever name known, which are intended to prevent or reduce driver inattention, combat driver fatigue, or otherwise improve in anyway the safety of driver performance? Please state "Yes" or "No." If your answer is in any way in the affirmative, for each such device, please identify its name, describe what it is and how it functions, identify where in the vehicle it is located, the identity of the manufacturer or supplier of such device(s), and the identity of the natural person(s) at CRETE who was at the time of the incident most knowledgeable about it.

42.

Please state whether CRETE'S tractors and/or trailers, including in particular the subject tractor and trailer, are (were) equipped with a sticker or sign bearing a 1-800 number or any other phone number or address that is (was) visible to other drivers on the highway and which could be used for reporting safety concerns or other reports concerning the method or manner in which CRETE drivers operated the vehicle while working at Defendant CRETE. If your answer is in any way in the affirmative, please identify where on the vehicle such statement was located; the exact language of the statement, including the number or address provided for reports; how all such reports are recorded and what is done with them; and any such reports regarding trucks Defendant CONRAD has driven. If the reports are not handled internally, please identify the name, address, and phone number of the service responsible for handling reports; how long this particular reporting service has been used; the name, address, and phone number of this service; and the dates this service was used to track these types of reports.

19

43.

Please state whether, at the time of the subject collision, your agent and/or employee CONRAD was in possession of more than one driver's log.  If so, please state your explanation for any discrepancy in those logs, the present location of the various logs that were in CONRAD'S possession at the time of the subject collision, and whether those logs were created in conformity with CRETE'S own internal policies and procedures, state or federal law, industry standard, or any other statute, ordinance, or regulation.  If they any logs in possession of CONRAD at the time of the subject collision, were not created in conformity with CRETE'S own internal policies and procedures, state or federal law, industry standard, or any other statute, ordinance, or regulation, please explain how so.

44.

Please identify all persons who are supplying information to respond to these Interrogatories and to Plaintiffs' Requests for Production of Documents.

This 16th day of February, 2023.

Respectfully Submitted,

_Abigail K. M. Moody_

_____

Abigail K. M. Moody
Georgia Bar No. 850580
Attorney for Plaintiffs

MOODY LEGAL COUNSEL LLC
3920 Ridge Avenue
Macon, Georgia 31210
(478) 420-0099 Phone
(470) 201-1208 Fax
amoody@moodylaw.net