ID# E-2FMNMVRM-VHB
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**23-A-668**

FEB 16, 2023 03:39 PM

Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

KAREEN JAMES AND KENNESHA      §
MCALMON,                        §
                                §
        Plaintiffs,             §
                                §
v.                              §   CIVIL ACTION NO. _____
                                §
KENDRICK-RAY CONRAD AND         §
CRETE CARRIER CORPORATION,      §
                                §
        Defendants.             §

EXHIBIT "C"

---

**FIRST REQUEST FOR PRODUCTION OF DOCUMENTS OF PLAINTIFFS TO
DEFENDANT CRETE CARRIER CORPORATION**
*(Served Simultaneously with Plaintiffs' Complaint)*

---

**To:    Defendant, Crete Carrier Corporation.**

Pursuant to O.C.G.A. § 9-11-34, Plaintiffs hereby request that Defendant Crete Carrier Corporation to produce the following documents and/or tangible things within forty-five (45) days of the date of service in conformity to the Georgia Civil Practice Act. Plaintiffs request that Defendant read and abide by the preliminary notes and instructions set forth below.

### PRELIMINARY NOTES AND INSTRUCTIONS

1. <u>General Notes</u>

Plaintiffs request that Defendant produce and/or make available for inspection and copying true, accurate and complete copies of the documents and things described below that are in the possession, custody, and control of Defendant, its employees or subordinates, agents, investigators and/or attorneys. Documents produced in response to these requests should be sent by First Class U.S. Mail or by Federal Express to the law offices of Moody Legal Counsel, LLC,

- 1 -



3920 Ridge Avenue, Macon, Georgia, 31210, no later than forty-five (45) days from the date of service of these requests.  Plaintiffs ask that all documents produced be identified by a Bates Number in the lower right-hand corner of each document in a manner that does not obscure any written portion of the document so that the parties, and the Court, will be able to readily identify specific documents.  Plaintiffs also request and insist, consistent with the Georgia Civil Practice Act, that Defendant identify which Bates numbered documents being produced are responsive to each of Plaintiffs' requests.  This Request for the Production of Documents shall be deemed continuing so as to require supplemental answers if the persons or entities to whom this Request for the Production of Documents is addressed obtain further responsive documents or information.

Plaintiffs request that Defendant take the time to accumulate all information which is called for by this discovery request, whether it be facts or documents, and to provide all such information in its initial written discovery responses.  If the time provided by law to respond to this written discovery does not provide you an adequate opportunity to do so, Plaintiffs will consider an extension of the time, provided the extension requested is not excessive and will be used to provide for some substantive response and not merely a tool for delay.

**Plaintiffs request that you set forth in your response the text of the request for documents propounded as well as your responses or objections to that request for documents so that it is clear from the four corners of your response what documents were sought and what your answer to that particular request for documents is.**  This is helpful to the Court and the parties so that it is not necessary to flip from one document to another to determine what the answer to a particular request is.  If Defendant requests it, Plaintiffs will provide these requests on computer disk to facilitate this process.

Plaintiffs request that each Defendant respond to these Requests for the Production of Documents individually, separately and completely, and supplement any responses to these Requests for the Production of Documents individually, separately, and completely. In supplementing, Plaintiffs request that you do not send letters to counsel identifying additional documents or information, but that you instead provide discovery responses in the form of a pleading served on all parties.

2. Claims of Privilege or Work Product

Defendant is hereby instructed not to make "general objections" based on privilege or work product claims, as such general objections do not specify what facts or documents exist that are subject to such claims, do not identify in any way the facts or documents to which privilege or work product is claimed, and do not provide anything to the Court for decision. If a particular document requested in this Request for the Production of Documents in fact encompasses facts or documents which you contend to be properly withheld from Plaintiffs pursuant to some claim of privilege or work product, then you are instructed to state that contention specifically. In the event any documents are withheld from production pursuant to such contentions, Plaintiffs request that Defendant prepare a privilege log identifying the specific documents withheld by date, author, recipients, type of privilege claimed and general subject matter, along with any other evidence which you contend supports your claims, so that Plaintiffs can identify specific documents to be submitted *in camera* for review and ultimate decision by the Court as to the contentions of privilege. Failure to comply with these instructions will be deemed by Plaintiffs to be a failure to answer or respond under O.C.G.A. § 9-11-37(d), inasmuch as the object of such failure could only be to delay, protract, and obstruct these proceedings.

3. Claims To Confidentiality/Proprietary Information

If Defendant believes that documents responsive to this Request for the Production of Documents are somehow confidential because they contain trade secrets or allegedly proprietary business information, such belief in and of itself provides no basis for the blanket withholding of production of such information in a timely manner.    If Defendant intends to withhold the production of any documents on the basis of such claims to confidentiality, it should contact Plaintiffs *before* responding to these requests and attempt to resolve the issue by entry into a limited and appropriate sharing protective order applicable only to documents to which supported claims to confidentiality are made.    Failure to do so, or the interposing of such objections for the purposes of delay, will be deemed by Plaintiffs to be a waiver of such claims.

4. Breadth/Burden Objections

It is improper for Defendant to attempt the following strategy: wait until the time has run for responding to the requests herein, interpose boilerplate objections in its responses that a particular request is overbroad, oppressive, or unduly burdensome (or similar such objections) and then fail to provide any substantive response to the discovery request in its responses.  If Defendant seeks to interpose boilerplate "burden" objections in lieu of legitimate, substantive responses to these requests, the law requires that Defendant file a motion for protective order prior to the running of the time for response to these requests, and in that motion explain the bases for the objections in a manner that satisfies the burden of proof which rests on Defendant to justify any such objections.  Moreover, the filing of any such motion for protective order does not excuse a failure to respond in a timely manner to these requests.  This note is provided specifically to put Defendant on notice that if baseless objections are made to these requests and

a motion for protective order is not timely filed and supported, its actions will be considered as evidence of a willful violation of the Georgia Civil Practice Act.

    5.  Subsequent Discovery of Information

If in response to any of Plaintiffs' document requests in this Request for the Production of Documents, Defendant fails to disclose any fact and then Defendant subsequently discloses such fact at a later date by supplemental response, please provide full information about how the existence of this additional fact was "discovered" by Defendant, by whom such additional fact was "discovered," when such additional fact was "discovered," who made the decision to disclose such additional fact to Plaintiffs, when that decision was made, and in detail, why such additional fact was not disclosed to Plaintiffs in Defendant's initial responses to this Request for the Production of Documents.

## DEFINITIONS

For the purposes of these requests, the following terms should be interpreted as follows:

1.      "**Document**" means every writing, printing, record, graphic, photographic or sound reproduction of every type and description--be it tangible in the form of paper or intangible in the form of electronic communications--that is in your possession, control, custody and knowledge which refers to or was prepared before, during, and after the incident or search defined below, including but not limited to, correspondence, memoranda of agreements, assignments, meeting minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders, invoices, statements, bills, checks (or check stubs or records), vouchers, purchase orders, reports, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, data sheets, work sheets, statistical compilations, data processing

cards, microfilms, computer records (including printouts, floppy or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, pictures, voice recordings, electronic mail (E-mail); every copy of such writing or record when such copy contains any commentary or notation whatsoever that does not appear on the original. Plaintiffs expressly intend for the term "document" to include any attachments or exhibits to the requested document, or any other documents referred to in the requested document or incorporated by reference.

2.      "**Person**" means any natural person, corporation, partnership, proprietorship, association, organization, group of persons, or any governmental body or subdivision thereof.

3.      "**You**" or "**your**" or "**Defendant**" refers to Defendant Crete Carrier Corporation, and all of its operating divisions, subsidiaries and affiliates, both domestic and foreign, as well as Defendant's attorneys, insurers, representatives, or agents.

4.      "**KENDRICK-RAY CONRAD**" or "**CONRAD**" refers to Defendant Kendrick-Ray Conrad.

6.      "**CRETE**" or "**CRETE CARRIER CORPORATION**" refers to Defendant Crete Carrier Corporation.

7.      "**Subject incident**" or "**subject occurrence**" or "**subject collision**" means the incident of March 24, 2021 occurring at Interstate 285 in Cobb County, Georgia, which makes the basis of this lawsuit.

8.      "**Subject vehicle**" or "**subject trailer**" or "**trailer**" means the 2021 Freightliner Corp TR, VIN number 1FUJHHDR4MLML9610 that was involved in the accident on March 24, 2021.

## REQUESTS TO PRODUCE

1.

Please produce true, accurate and complete copies of any statements, whether recorded or written, obtained from any person who has any information about any issue in this lawsuit, including but not limited to the subject collision, liability, or damages.

2.

Please produce true, accurate, and complete copies of any photographs (prints -- not Xerox copies), still or motion pictures, videos, plans, drawings, blue prints, sketches, diagrams, computer simulations, or any other photographic or demonstrative evidence concerning the subject collision, the vehicles involved in the subject collision, or concerning any of the issues in this lawsuit, to include but not be limited to the issues of liability and damages. This request includes any footage, data, records, reports or files are stored in any portal, device, or elsewhere. This request also includes a picture of the outside of the truck Defendant Conrad was driving.

3.

Please produce true, accurate and complete copies of any incident reports prepared by any agent, employee, or officer on behalf of this defendant concerning the subject collision and any claim or potential claim arising out of said collision. This request includes any informal or formal internal incident reports, claims records, receipts, or investigative materials, relating to this accident including any reports produced to any insurance company, mechanic, investigator, or contractor.

4.

Please produce true, accurate, and complete copies of the entirety of all policies of insurance (to include the Declarations pages) that do or may afford liability insurance coverage to this defendant with respect to Plaintiffs' claims against this defendant. This Request expressly includes primary insurance coverage, excess insurance coverage, umbrella insurance coverage, personal insurance coverage, business insurance coverage, or any other type of liability insurance coverage.

5.

Please produce true, accurate and complete copies of any relevant documents or forms certifying insurance policies you hold pursuant to your status as a motor common carrier under relevant Georgia and federal law, including in particular all forms, applications, or other documents submitted to the Georgia Public Service Commission or Interstate Commerce Commission regarding insurance, waiver of bond, or registration to operate a commercial vehicle in the State of Georgia. This request also includes any forms, applications, or other documents submitted to the Georgia Public Service Commission or Interstate Commerce Commission regarding insurance, waiver of bond, or registration to operate a motor vehicle in the state of Georgia.

6.

Please produce a true, accurate and complete copy of any contract(s) or agreement(s) of any kind between you and CONRAD, including but not limited to any employment contract(s) or trip-lease agreement(s) that would have been applicable at the time of the subject collision or applicable to the particular trip being taken at the time of the subject incident. This request includes any employment contracts, leases, or contractor agreements from any date between Crete and Defendant Conrad. This request also includes any contracts or agreements of any kind

between Crete and Defendant Conrad relating to his trip or work on the date of the accident or at any other time.

7.

Please produce true, accurate and complete copies of all reports or opinions received from any experts who have investigated any issue relevant to the subject collision relevant to this lawsuit and who are expected to testify at trial.

8.

For each expert you expect to call at trial, please produce true, accurate and complete copies of all materials relied upon by each expert in formulating their opinions or conclusions.

9.

For each expert you expect to call at trial, please produce true, accurate and complete copies of the expert's entire file, including but not limited to all billing records and time sheets.

10.

Please produce a true, accurate and complete copy of Defendant Crete's and/or CONRAD'S logs, by whatever name called, for both the subject tractor and trailer (if trailer had been used with other tractors) for the fourteen days prior to the subject collision, the date of the collision, and the seven days subsequent to the collision. Include each and every log, including duplicate logs for the same period of time that may or may not be consistent with each other. This request includes any job tickets, documents, records, or data that represent when Defendant Conrad arrived to pick up the truck, began work duties, started driving, stopped driving, ended work duties, and/or returned the truck. This also includes any other document showing the times Defendant Conrad was on duty, performing loading/unloading activities, performing

required inspections of the truck, fueling the truck, showing the movement or tracking of the truck, or reporting work periods for Crete.

11.

Please produce a true, accurate and complete copy of any and all instructions, manuals, employee rules, regulations, or any driver/employee handbooks (by whatever name known) provided to CRETE drivers (be they employees, agents, or lessees in a trip-lease arrangement) in the last five (5) years. This request includes any materials given to employee or independent contractor drivers, any manuals, handouts, policy statements, or instructions posted at any Crete facility, any written information given to drivers at the beginning of their employment or contractual term, any regulation updates sent out to employees whether by mail, print, or email, or any other document relating to this request.

12.

Please produce a true, accurate and complete copy of any memoranda, videotapes, notebooks, e-mails, e-mail attachments, bulletins, directives, or other documents sent to, posted, or otherwise made known or available to employees or agents of Defendant Crete in the past five years, concerning safety in the hauling of equipment, delivery of any materials hauled on Defendant vehicles, hauling and/or delivery objectives, the speed with which deliveries should be made, proper turns, proper backing, proper coupling, proper attachment of air lines, or which otherwise relate to the expectations and performance objectives of Defendant drivers. (Note: This request includes, but is not limited to, any training or educational materials received by CRETE from industry organizations such as the (American Trucking Industry and other such industry organizations.)

13.

Please produce true, accurate and complete copies of any and all handbooks, manuals, bulletins, e-mails, e-mail attachments, letters, directives or similar documents relating to (a) safety policies and procedures, or (b) hiring, training, or retention policies that were provided to you, or which you received from, any insurance company that provides liability coverage to you.

14.

Please produce a true, accurate and complete copy of the driver qualification file, any reports of physical examinations of Defendant CONRAD, and your entire personnel file, in whatever places kept, concerning Defendant CONRAD. This request includes the following: any and all application documents, any and all health documents, any and all records of drug or alcohol testing, any and all performance reviews, any and all records of prior accidents, any and all records of training and instruction, any and all records of background checks, and any and all records of contacting prior employers or contractors.

15.

Please produce a true, accurate and complete copy of any contract(s) or agreement(s) of any kind between you and CONRAD, including but not limited to any employment contract(s) or trip-lease agreement(s) that would have been applicable at the time of the subject collision or applicable to the particular trip being taken at the time of the subject incident.

16.

Please produce true, accurate and complete copies of any and all documents of any kind or by any name known which reflect information concerning the trip being made by Defendant CONRAD at the time of the subject collision, to include documents relevant to said trip from the

time the trip originated until the time the trip was to end and specifically to include any description of the load and its weight at the time of the incident.

17.

Please produce a true, accurate and complete copy of any documentation of any kind received by this defendant from any person, corporation, or insurer relative to the performance of Defendant CONRAD as a driver to include criticisms, reprimands, infractions, discharges, firings, or other commentary concerning Defendant CONRAD'S work or background as a driver from the time he was first retained as an agent or employee of CRETE up to the date of the collision, as well as any information received concerning the requested subject matter subsequent to said collision.

18.

Please produce a true, accurate and complete copy of any and all maintenance records, repair records and inspection records on the tractor involved in the subject collision.   This request includes any documents, photographs, videos, or any other reports or records concerning the maintenance, repair, and inspection of the subject tractor both prior to and after the date of the collision that is the subject of Plaintiffs' Complaint.

19.

Please produce a true, accurate and complete copy of any and all maintenance records, repair records and inspection records on the flatbed trailer or "box" that was attached to the tractor involved in the subject collision.   This request includes any documents, photographs, videos, or any other reports or records concerning the maintenance, repair, and inspection of the subject flatbed trailer or the "box" on it both prior to and after the date of the collision that is the subject of Plaintiffs' Complaint.

20.

Please produce true, accurate and complete copies of any and all reports, forms, letters or similar documents prepared or generated in connection with any inspection of the subject tractor or the attached trailer or "box" by the Georgia Department of Public Safety, Georgia Public Service Commission, Georgia State Patrol, or any other federal, state or local agencies or authorities following the subject incident.

21.

Please produce true, accurate and complete copies of any and all evidence in your possession to include documents, photographs, sound or video recordings, or any documentation by any other name, that concerns Plaintiffs' resultant damages that have not been supplied to you by Plaintiffs' counsel (i.e., in the event you received or do receive any documents related to Plaintiffs, or to their physical or mental condition from any third party, the request seeks production of all such documents to Plaintiffs).

22.

Please produce true, accurate and complete copies of all motor vehicle reports or reports of any kind received from any private corporation or individual, or other business entity, or any governmental entity relative to the driving history, driving record, and driving infractions of Defendant CONRAD, which was obtained by CRETE at any time prior to the subject incident.

23.

Please produce a true, accurate and complete copy of any reservation of rights letter or other documentation of any kind received from any insurer that purports to question, deny, or

defend under a reservation of rights the insurance coverage and claim that forms the basis for Plaintiffs' Complaint.

24.

Please produce a true, accurate and complete copy of any documents reflecting guidelines, requirements, standards, prerequisites or criteria used or considered by Defendant in evaluating, interviewing, or hiring drivers of its vehicles.

25.

Please produce true, accurate and complete copies of any and all medical reports, medical tests, alcohol or drug screens, or tests of any other kind by any other name performed upon Defendant CONRAD by any medical provider or law enforcement agency either prior to, subsequent to, or as a result of the collision that forms the basis for Plaintiffs' Complaint.

26.

Please produce true, accurate and complete copies of any and all citations (and the disposition of same), including warnings received by the defendant driver CONRAD from any law enforcement officer as a result of this collision, for violation of any law, ordinance, or regulation.

27.

Please produce true, accurate and complete copies of any documents reflecting what Crete's budget was for the years 2017, 2018, 2019, 2020 and 2021, for (a) safety training and (b) hiring and retention efforts.

28.

Please produce true, accurate and complete copies of any claims, incident reports or police reports, or any other documents in your possession, custody, or control which relate in any

way to any collisions over the past five (5) years, in which it was <u>alleged</u> that an agent or employee of CRETE negligently caused or contributed to any injury and/or death.

29.

For the period March 1, 2021 through March 31, 2021, please produce any and all contracts of service, billing statements, invoices, and itemized statements for any cell phone, car phone, pager, QUALCOMM system or other radio communication device, which Defendant CONRAD owned, had access to, or used on March 24, 2021.

30.

For the period March 1, 2021 through March 31, 2021, please produce all documents or data gathered by an Enhanced Data Recorder ("EDR"), "black box," "gray box" or Global Position Satellite System (GPS System), or any other device(s), by whatever name known, which recorded any data about the subject tractor and/or subject trailer.

31.

Please produce all records and documentation regarding motorist reports to any phone number or address affixed to a Defendant Conrad's vehicle relating to safety concerns or other reports concerning the method or manner in which Defendant CONRAD drove any vehicle while working as an agent or employee of Defendant CRETE.

32.

Please produce all records and documentation, including photographs, of any phone number or address appearing on the side of any vehicle Defendant CONRAD drove while working as agent or employee of Defendant Crete.  Also, please produce any records or documentation providing data gathered from reports to such phone numbers and address and any records or documentation relating to protocol, policy, and analysis of any reports made to such

phone numbers and addresses, as it pertains to Defendant CONRAD or any vehicle he was operating.

33.

Please produce true, accurate and complete copies of any documents relating to or evidencing in any way the existence, use or recommendation of any devices, of any kind and by whatever name known, which are intended to prevent or reduce driver inattention, combat driver fatigue, or otherwise improve in anyway the safety of driver performance at CRETE.

34.

Please produce a true, accurate and complete specimen copy of any Commercial Driver's License manuals or handbooks, by whatever named called, in your possession, custody or control.

35.

Please produce true, accurate and complete copies of any and all documents relating to the vehicle specifications of the subject tractor including, but not limited to, its dimensions (height, length, weight, wheelbase, etc.), gross vehicle weight rating, weight carrying capacity, engine, braking systems, and number of axles.

36.

Please produce true, accurate and complete copies of any and all documents relating to the specifications and/or dimensions of the subject trailer and/or "box" on top of it including, but not limited to, gross vehicle weight rating, weight carrying capacity, its height, length, weight, wheelbase, braking systems, and number of axles.

37.

Please produce true, accurate and complete copies of any and all documents relating to your purchase or lease of the subject tractor.

38.

Please produce true, accurate and complete copies of any and all documents relating to your purchase or lease of the subject trailer and/or "box" on top of it at the time of the incident.

39.

Please produce true, accurate and complete copies of any and all documents relating to any inspections of, servicing of or repairs made to the subject tractor at any time during your ownership or lease of the subject tractor.

40.

Please produce true, accurate and complete copies of any and all documents relating to any inspections of, servicing of or repairs made to the subject trailer at any time during your ownership of the subject trailer.

41.

Please produce true, accurate and complete copies of any and all documents relating to any guidelines applicable to the subject tractor-trailer at the time of the subject incident as to the facts of the incident that is the subject of the Complaint, whether those guidelines are found in CRETE'S own policies, government regulations, industry guidelines, requirements pursuant to any insurance policies held by CRETE, or any other source.


This 16th day of February, 2023.

Respectfully Submitted,

Abigail K. M. Moody
Georgia Bar No. 850580
Attorney for Plaintiffs

MOODY LEGAL COUNSEL LLC
3920 Ridge Ave
Macon GA 31210
(478) 420-0099 Phone
(470) 201-1208 Fax
amoody@moodylaw.net