ID# E-CNEAMPSM-GRU
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA
**23-A-668**
MAR 24, 2023 11:08 AM

Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

| | |
|---|---|
| KAREEN JAMES AND KENNESHA MCALMON, <br><br> Plaintiffs, <br><br> v. <br><br> KENDRICK-RAY CONRAD AND CRETE CARRIER CORPORATION, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> **EXHIBIT "F"** <br><br> Civil Action No. 23-A-668 |

## DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT

**COME NOW**, Crete Carrier Corporation (hereinafter "Crete") and Kendrick-Ray Conrad (hereinafter "Conrad"), Defendants in the above-styled action, and file this Answer to Plaintiffs' Complaint as follows:

### FIRST DEFENSE

The Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Defendants specifically reserve the right to plead and prove such other defenses, including but not limited to those allowed by O.C.G.A. §9-11-8 and/or Fed.R.Civ.P. 8, as may become known during the course of this litigation.



## THIRD DEFENSE

Defendants show that no act or omission by Defendants caused or contributed to the cause of the accident, and therefore, Plaintiffs' Complaint must be dismissed.

## FOURTH DEFENSE

Given Crete's admission that Conrad was acting in the course and scope of his employment at the time of the subject incident, Plaintiffs' claims for negligent hiring, supervision, training, monitoring, retention, and entrustment are duplicative and must be dismissed.

## FIFTH DEFENSE

Plaintiffs were comparatively negligent in their actions and omissions in and around the time of the alleged injury, and thus, are entitled to no recovery.

## SIXTH DEFENSE

If it is shown that Plaintiffs' negligence exceeded any negligence that may be proved against Crete or Conrad, then Plaintiffs are entitled to no recovery.

## SEVENTH DEFENSE

If it is shown that Plaintiffs' negligence was less than any negligence that may be proved against Crete or Conrad, then Plaintiffs' damages should be reduced proportionately.

## EIGHTH DEFENSE

In the exercise of ordinary care, Plaintiffs could have avoided the alleged injury and damage complained of in the Complaint.

## **NINTH DEFENSE**

In response to the specific paragraphs contained in the Plaintiffs' Complaint, and without waiving the defenses previously raised by these Defendants, as well as those that may be raised in the future, if necessary, Crete and Conrad state the following:

1.

The allegations contained in paragraph 1 of the Plaintiffs' Complaint are admitted.

2.

The allegations contained in paragraph 2 of the Plaintiffs' Complaint are admitted.

3.

The allegations contained in paragraph 3 of the Plaintiffs' Complaint are admitted.

4.

The allegations contained in paragraph 4 of the Plaintiffs' Complaint are admitted.

5.

Defendants admit that jurisdiction and venue are proper in this Court, and further admit that the motor vehicle accident occurred in Cobb County, Georgia on

March 24, 2021. The remaining allegations contained in paragraph 5 of the Plaintiffs' Complaint are denied.

6.

Defendants admit that on March 24, 2021, Conrad was an employee of Crete, and at all relevant times on said date, was acting within the scope of his employment. The remaining allegations contained in paragraph 6 of the Plaintiffs' Complaint are denied.

7.

The allegations contained in paragraph 7 of the Plaintiffs' Complaint are denied.

8.

The allegations contained in paragraph 8 of the Plaintiffs' Complaint are admitted.

9.

The allegations contained in paragraph 9 of the Plaintiffs' Complaint are denied.

10.

In response to the allegations contained in paragraph 10, Defendants hereby reassert and restate their responses to the allegations contained in paragraphs 1 through 9, above, as if those responses are set forth herein verbatim.

11.

The allegations contained in paragraph 11 of the Plaintiffs' Complaint are admitted.

12.

The allegations contained in paragraph 12 of the Plaintiffs' Complaint are denied.

13.

The allegations contained in paragraph 13 of the Plaintiffs' Complaint are denied.

14.

The allegations contained in paragraph 14 of the Plaintiffs' Complaint are denied.

15.

In response to the allegations contained in paragraph 15, Defendants hereby reassert and restate their responses to the allegations contained in paragraphs 1 through 14, above, as if those responses are set forth herein verbatim.

16.

The allegations contained in paragraph 16 of the Plaintiffs' Complaint are denied.

17.

The allegations contained in paragraph 17 of the Plaintiffs' Complaint are denied.

18.

The allegations contained in paragraph 18 of the Plaintiffs' Complaint are denied.

19.

In response to the allegations contained in paragraph 19, Defendants hereby reassert and restate their responses to the allegations contained in paragraphs 1 through 18, above, as if those responses are set forth herein verbatim.

20.

The allegations contained in paragraph 20 of the Plaintiffs' Complaint are denied.

21.

The allegations contained in paragraph 21 of the Plaintiffs' Complaint are denied.

22.

The allegations contained in paragraph 22 of the Plaintiffs' Complaint are denied.

23.

In response to the allegations contained in paragraph 23, Defendants hereby reassert and restate their responses to the allegations contained in paragraphs 1 through 22, above, as if those responses are set forth herein verbatim.

24.

The allegations contained in paragraph 24 of the Plaintiffs' Complaint are denied.

25.

The allegations contained in paragraph 25 of Plaintiffs' Complaint are denied.

26.

The allegations contained in paragraph 26 of the Plaintiffs' Complaint are denied.

27.

In response to the allegations contained in paragraph 27, Defendants hereby reassert and restate their responses to the allegations contained in paragraphs 1 through 26, above, as if those responses are set forth herein verbatim.

28.

The allegations contained in paragraph 28 of the Plaintiffs' Complaint are denied.

29.

The allegations contained in paragraph 29 of the Plaintiffs' Complaint are denied.

30.

The allegations contained in paragraph 30 of the Plaintiffs' Complaint are denied.

31.

The allegations contained in paragraph 31 of the Plaintiffs' Complaint are denied.

32.

The allegations contained in paragraph 32 of the Plaintiffs' Complaint are denied.

33.

The allegations contained in paragraph 33 of the Plaintiffs' Complaint are denied.

34.

The allegations contained in paragraph 34 of the Plaintiffs' Complaint are denied.

35.

The allegations contained in paragraph 35 of the Plaintiffs' Complaint are denied.

36.

The allegations contained in paragraph 36 of the Plaintiffs' Complaint are denied.

37.

All allegations not specifically admitted herein, including those contained in the un-numbered "WHEREFORE" paragraph immediately following paragraph 36 of the Plaintiffs' Complaint, are hereby denied.

**WHEREFORE**, having fully answered the Plaintiffs' Complaint, Defendants Crete and Conrad hereby respectfully demand judgment in their favor, that all costs be cast against Plaintiffs, a trial by a jury as to all issues so triable by law, and such other and further relief that this Honorable Court deems just and proper.

Respectfully submitted this 24th day of March, 2023.

                                              WEBB, ZSCHUNKE, NEARY
                                              & DIKEMAN, LLP

                                              */s/ Marvin D. Dikeman*
                                              MARVIN D. DIKEMAN
                                              Georgia State Bar No. 221760
                                              BRIAN J. MILLER
                                              Georgia State Bar No. 211035

                                              ***Attorneys for Defendants***

One Ameris Center, Suite 1210
3490 Piedmont Road, N.E.
Atlanta, Georgia 30305
Tel. 404-264-1080
Fax 404-264-4520
mdikeman@wznd.net
bmiller@wznd.net

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day electronically filed the within and foregoing pleading with the Clerk of Court using Peachcourt.com, which will automatically send e-mail notification of such filing to the following attorneys of record:

Abigail K. M. Moody, Esq.
Moody Legal Counsel LLC
3920 Ridge Avenue
Macon, GA 31210

This 24th day of March, 2023.

/s/ *Marvin D. Dikeman*
MARVIN D. DIKEMAN
Georgia State Bar No. 221760

***Attorney for Defendants***

WEBB, ZSCHUNKE, NEARY & DIKEMAN, LLP
One Ameris Center, Suite 1210
3490 Piedmont Road, N.E.
Atlanta, Georgia 30305
Tel. 404-264-1080
Fax 404-264-4520
mdikeman@wznd.net