# EXHIBIT A

IN THE STATE COURT OF DEKALB COUNTY

STATE OF GEORGIA

| | | |
|---|---|---|
| SIMON ZERESENAY, | ) | |
|     Plaintiff, | ) | Civil Action File Number **23A00486** |
| | ) | |
| v. | ) | _____ |
| | ) | |
| JOSHUA CASSIDY, | ) | **JURY TRIAL DEMANDED** |
|     Defendant. | ) | |
| | ) | |

**COMPLAINT FOR DAMAGES**

Plaintiff Simon Zeresenay (hereafter "Plaintiff") brings this lawsuit against Defendant Joshua Cassidy (hereafter, collectively "Defendant"), showing as follows:

**Parties, Jurisdiction, and Venue**

1.

Plaintiff is a resident of Gwinnett County, Georgia and submits herself to the jurisdiction of this Court.

2.

Upon information and belief, Joshua Cassidy is presently a resident of Illinois and is subject to jurisdiction of this court pursuant to the Georgia Long Arm Motorist Statute (O.C.G.A. §9-10-91) and may be served at his residence address located at **104 Woodcreek CT, St. Charles, IL 60174**.

3.

The accident occurred in Dekalb County, Georgia. Thus this court has subject-matter jurisdiction over this action, and personal jurisdiction over Defendant.

4

Venue is proper in this court as to Defendant.

**SUBSTANTIVE FACTS**

STATE COURT OF
DEKALB COUNTY, GA.
1/31/2023 10:20 PM
E-FILED
BY: Monica Gay

5.

On February 8, 2021, at approximately 12:20 p.m., Plaintiff Simon Zeresenay ("Mr. Zeresenay") was traveling on I-285 NB near I-20 EB entry ramp in his 2007 Freightliner Conventional FLC in a prudent and careful manner in DeKalb County, Georgia.

6.

At or about that same time, Joshua Cassidy ("Cassidy") was negligently driving his 2009 PTR8 TRL. While traveling on I-285 NB approaching I-20 EB entry ramp, he struck Plaintiff's safely driven vehicle on the driver side in the rear.

7.

Maffett, K, the reporting police officer, witnessed the accident and found Defendant Cassidy at fault, and cited Defendant for Failure to Maintain Lane.

8.

At that time and place, Defendant Cassidy caused a violent crash by negligently and carelessly refusing to obey the rules of the road and was issued a traffic citation for *Failure to Maintain Lane* (O.C.G.A. § 40-6-48).

9.

Immediately after the wreck, Plaintiff was in severe pain on his back, and was later admitted to Eastside Medical Center. Mr. Zeresenay was treated for severe pain in his back, as well as other injuries and general trauma.

10.

At all times relevant to the collision giving rise to this lawsuit, Plaintiff was operating his vehicle in a safe and prudent manner.

11.

Plaintiff also experienced mental and emotional pain as he came to terms with the fact that he will never make a full recovery.

12.

Following Plaintiff's examination and diagnosis, he followed the recommended course of treatment, which included physical therapy.

13.

The claims asserted by Plaintiff against Defendant in this civil action arise out of this collision on the aforementioned date.

14.

As a proximate cause of the negligent acts and/or omissions of Defendant set forth above, Plaintiff suffered conscious fright, shock, pain and suffering and injury to his person.

**Count I – Negligence and Negligence *per se* (Joshua Cassidy)**

15.

While operating a vehicle on the public roadway, Defendant Cassidy was under a duty toward all other occupants of vehicles on the roadway to exercise due care in operating his vehicle.

16.

Defendant Cassidy breached his duty to the public in general, and to Plaintiff in particular, by failing to exercise due care while operating a motor vehicle.

17.

Defendant Cassidy's acts of negligence included but were not limited to:

Improper Left Turn in violation of O.C.G.A. § 40-6-48.

18.

Georgia code section 40-6-48 is designed to protect the public in general, and

Plaintiff in particular, from the dangers of the unsafe drivers on the public roadway.

19.

Because Defendant Cassidy's acts of negligence were in express violation of these provisions of Georgia law, each of his acts individually constitutes negligence *per se*.

20.

Defendant Cassidy's negligence was the direct and proximate cause of Plaintiff's injuries.

21.

Defendant Cassidy is liable to Plaintiff for the injuries and expenses sustained as the result of his negligence.

## COUNT TWO: INFLICTION OF EMOTIONAL DISTRESS

22.

Plaintiff Simon Zeresenay incorporates by reference, as if set forth fully herein, each and every allegation contained in paragraphs 1 through 21.

23.

Plaintiff sustained direct and physical impact and physical injuries as a result of the negligence of Defendant.

24.

As a direct and proximate result of Defendant's negligence, Plaintiff suffered mental distress from serious physical injury and seeks recovery for mental and emotional distress in an amount determined by the enlightened conscience of the jury at trial.

### Count III – Expenses of Litigation

25.

Defendant have been stubbornly litigious, acted in bad faith, and have caused Plaintiff unnecessary expense in bringing this lawsuit.

26.

Plaintiff is entitled to damages pursuant O.C.G.A. § 13-6-11.

### Count IV – Damages

27.

Plaintiff claims general damages against Defendant for all elements of the pain and suffering and physical and mental injury, including shock, fright, and terror, he incurred in an amount to be determined by the enlightened conscience of the jury after hearing the evidence at trial.

28.

Plaintiff also claims special damages against Defendant for all medical expenses incurred, at a cost of no less than **$43,359.00**, as well as damages for future medical expense, in an amount that reflects the reasonable value of those services as established by the evidence at trial.

### Count V – Punitive Damages

29.

Paragraphs 1 through 28 above are incorporated by reference as if set forth fully herein.

30.

Plaintiff claims general damages against Defendant. for all elements of pain and suffering, physical and mental injury, including emotional shock, fright and physical pain

endured by Plaintiff, in an amount determined by the enlightened conscience of the jury after hearing the evidence at trial.

31.

Plaintiffs also claims special damages for any medical expenses and property damage incurred on their own behalf in an amount which reflects the reasonable value of those services and property as established by the evidence at trial.

### PRAYER FOR RELIEF

32.

WHEREFORE Plaintiff prays for the following relief:

(a)  That summons issue requiring the Defendant to appear as provided by law to answer this Complaint;

(b)  That Plaintiff have a trial by jury;

(c)  That Plaintiff recover all compensatory damages for the liability of Defendant claimed in the paragraphs above, and any other;

(d)  That all costs be cast against the Defendant; and

(e)  For such other and further relief as the Court shall deem just and appropriate.

Respectfully submitted this 31st day of January, 2023.

THE LAW OFFICE OF MANCHILO GUADIE, INC.
By:
/s/ Manchilot
Manchilo Guadie, Esq.
GA Bar No. 241477
Attorney for Plaintiff

Law Office of Manchilo Guadie, Inc.
6157 Memorial Drive
Stone Mountain GA 30083
Tel. 202-509-2228
Fax. 770-999-0713
Email: info@manchilolaw.com

STATE COURT OF
DEKALB COUNTY, GA.
1/31/2023 10:20 PM
E-FILED
BY: Monica Gay