# EXHIBIT A



December 7, 2022

**VIA CERTIFIED MAIL, RETURN RECEIPT**
Kroger
1014 Vine Street
Cincinnati, OH 45202

### O.C.G.A. § 51-12-14 DEMAND FOR DAMAGES

| RE: | Our Client: | Iris Bernard Jenkins |
|---|---|---|
| | Your Insured: | Kroger Inc |
| | Claim No.: | 4021049C090-001 |
| | Dates of Loss: | April 7, 2021 |

Mr. Lickdyke-

Ms. Bernard through their attorney at Nick Schnyder Law Firm, LLC hereby provides a written demand for damages to Kroger premises liability carrier Kroger Insurance. After conversations with my client Ms. Bernard I am authorized to demand $2,000,000.00 for full and final settlement of his/her claims in the above-referenced case. We believe that this demand is more than fair given the defendant's clear liability and my client's resulting clear and severe injuries. We discuss below all the pertinent facts to this claim including the issues of liability and damages. This letter is an offer to compromise a claim and is inadmissible in any subsequent litigation pursuant to O.C.G.A. § 24-3-37.

### BACKGROUND

On April 7th, 2022, Ms. Bernard entered Kroger, Inc as a customer and invitee. Therein she was travelling in the store when she slipped on an elevated metal plate. There were signs warning Ms. Bernard in the area of the fall and there was no effort to warn or protect Ms. Bernard prior to

the fall. Ms. Bernard had never traversed this area prior to the fall nor had knowledge of the hazard located on your insured's premises. She immediately fell to the ground, injuring her lower back, neck, and shoulders. There were no signs surrounding the puddle nor had any of Kroger, Inc staff done anything to warn Ms. Bernard of the hazard prior to her fall. **Your staff noted immediate injury at the scene.** Ms. Bernard returned home to nurse her clear injuries but when rest and when home care did not succeed, she knew medical care would be needed.

Your insured took insufficient efforts to assure the safety of its invitees. The harm done to Ms. Bernard was serious and long lasting. The above stated clearly negligent actions were the actual and proximate cause of Iris Bernard serious injuries and severe damages summarized herein.

## LIABILITY

Liability is in case is clear. All evidence presented shows that Ms. Bernard was an invitee who was simply shopping within your insured's place of business, as she was invited to do. When Ms. Bernard entered the subject area, she violently slipped in a substance that had been left for some time. The hazard was in a high-volume area that should have been traveled by your employees frequently, yet **no efforts** were taken to clean it up prior to the fall. There were no signs or warning surrounding the hazard. At all times relevant she was paying attention to her surroundings and was assuring her safety. All evidence points to a singular conclusion, your insured left a dangerous hazard on their property, failed to inspect the subject hazardous area, and took little to no effort to assure the safety of their invitees.

Due to these reasons, Kroger was solely at fault for the injuries and damages to Ms. Bernard detailed herein. Ms. Bernard was unaware of the dangerous hazard on your insured's floor and its negligent maintenance. Pursuant to O.C.G.A. § 51-3-1, Kroger had a non-delegable duty to keep their premises safe for its invitees. Specifically, "Where an owner or occupier of land, by express or implied invitation, induces or leads others to come upon her premises for any lawful purpose, she is

liable in damages to such persons for injuries caused by her failure to exercise ordinary care in keeping the premises and approaches safe. Kroger's knowledge of the hazard was far superior to Iris Bernard's. Therefore, your insured is liable in damages to such persons for injuries caused by their failure to exercise ordinary care in keeping the premises safe. Ms. Bernard was always without fault.

## MEDICAL TREATMENT

Immediately after the subject fall Ms. Bernard experienced severe pain in her lower back, neck, and shoulders. Ms. Bernard went to Northside Hospital Duluth. She was then released and went back home to nurse her injuries. When they did not resolve with rest Ms. Bernard went to Benchmark Physical Thearpy the next day. After her initial testing, her doctor made clear that Ms. Bernard's serious injuries were obviously directly caused by the subject fall and would require a great deal of additional treatment to get on the path to recovery. Ms. Bernard was instructed to continue treatment as her symptoms progress.

| Initial Complaints | ICD Codes |
|---|---|
| Severe Neck Pain | M54. 2 |
| Severe Lower Back Pain | M54.5 |
| Upper/Mid Back Pain | M54. 6 |
| Headaches | R51 |
| Muscle Spasms | M62.838 |
| Reduced Range of Motion | Z74. 09 |
| Shoulder Pain | M25. 519 |

After her initial treatment on the date after the fall Ms. Bernard's injuries did not subside but instead worsened. She knew additional treatment would be necessary to obtain some semblance of recovery. She reported to Barbour Orthopedics, where she was referred to Elite Radiology for an MRI. After review Ms. Bernard underwent weeks of electrical muscle stimulation, mechanical traction exercises, spinal manipulation, followed up with hot and cold compresses. She underwent

surgery with Dr. Barbour to help her pain subside. Ms. Bernard will never return to her pre-fall condition.

To date, Ms. Bernard's medical specials as related to the fall are as follows:

| Medical Providers | Amount owed |
|---|---|
| Northside Hospital Duluth | $2,445.50 |
| Northlake Anesthesia Professionals | $2,500.00 |
| North Metropolitan Radiology Assoc | $49.00 |
| Gwinnett Emergency Specialists | $1,515.00 |
| Benchmark Physical Therapy | $7,452.50 |
| Comprehensive Primary and Urgent Care | $115.00 |
| Elite Radiology | $1,950.00 |
| Barbour Orthopedics Surgery Center | $15,014.06 |
| Barbour Orthopedics | $8,135.70 |
| **Total Medical Specials-** | **$39,176.77** |

### EXPECTED FUTURE TREATMENT

Ms. Bernard's doctors have made clear that her injuries are acute, directly related to the subject fall and are long lasting. In addition to her serious pain, Ms. Bernard was forced to endure immense embarrassment as she fell hard on the ground in front of multiple patrons and staff surrounding her. After the subject injury, she experienced a great deal of pain throughout her Neck, and back. As a young woman Ms. Bernard who was forced to grapple with her debilitating pain for months. What is clear at this point is that her injuries are likely **permanent** and will plague her for life. Although Ms. Bernard wishes this injury never occurred, the only remedy available to her is monetary damages.

### INDEMNIFICATION AGAINST LEGALLY ENFORCEABLE LIENS

Our above stated client will agree to hold harmless and indemnify any legally enforceable lien asserted by a hospital or other medical provider pursuant to O.C.G.A. § 44-14-470, Medicare, Medicaid or governmental programs.

<u>REQUESTS FOR CLARIFICATION</u>

We have supplied you with all information necessary to evaluate this demand; however, should you have any reasonable requests regarding this demand, please do not hesitate to contact us at 404-902-3553. You must ask us for additional information within 10 days of your receipt of this letter.

<u>NO ORAL REPRESENTATIONS WILL ALTER THE TERMS OF THIS OFFER</u>

This letter constitutes Ms. Bernard's offer and that no oral representations made before or after this letter can alter the terms of this offer. If, for any reason, this firm agrees to change this offer in any way, such changes can and will be made only in writing signed by an attorney of this firm. The purpose of this paragraph is to specifically prevent your company from claiming that this offer was modified in any way by an oral communication. Any claim that there has been an oral offer to resolve this case is not permitted and is expressly disavowed.

<u>CONCLUSION</u>

Ms. Bernard faces a long road to recovery and a lifetime of pain. Your insured failed to meet its duties under Georgia law as detailed throughout this demand. I am authorized to demand $2,000,000.00 for full and final settlement of her claims in the above-referenced case. We hope this claim can be resolved amicably to allow both your insured and Ms. Bernard to begin to focus on the path ahead instead of moving forward with court intervention. We look forward to your response to our demand. **After 30 days from receipt the above stated conservative demand amount is revoked and Ms. Bernard will seek a much higher amount via litigation.** The reduced amount

demanded herein is in consideration for resolving this claim without the delay and additional cost of litigation moving forward.

      This demand is made pursuant to the Unliquidated Damages Act, O.C.G.A. § 51-12-14, and will remain open for 30 days from receipt of the demand as required under the statute. We believe that this demand is more than fair given the defendant's clear liability and my client's resulting injuries. This letter is an offer to compromise a claim and is inadmissible in any subsequent litigation pursuant to O.C.G.A. § 24-3-37. If you have any questions, please do not hesitate to call. We look forward to your response.

Sincerely,

Nick Schnyder, Esq.
Nick Schnyder Law Firm, LLC
Tax ID: 81-3291003
Client is single