# EXHIBIT B

**IN THE STATE COURT OF DEKALB COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| IRIS BERNARD JENKINS | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CIVIL ACTION FILE |
| vs. | ) | 23A00652 |
| | ) | NO.: _____ |
| THE KROGER CO. and JOHN DOES 1-5, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## COMPLAINT FOR DAMAGES

COMES NOW, the Plaintiff, in the above-styled action, and state as follows:

### COUNT I

### THE PARTIES VENUE AND JURISDICTION

1.

That Defendant The Kroger Co. (hereinafter "KROGER") is a Ohio corporation, with a principal place of business of 1014 Vine Street, Cinncinati OH 45202. KROGER is authorized to do business and actually conducting business in the State of Georgia.

2.

KROGER may be served with process via its registered agent to wit: CSC of Cobb County, 192 Anderson Street SE, Suite 125 Marietta GA 30060. KROGER is subject to the venue and jurisdiction of this Court.

3.

At all times relevant to Plaintiff's Complaint, KROGER owned, operated, managed, and maintained a commercial business known as KROGER Grocery Store, located at 6678 Covington Hwy, Lithonia, Georgia 30058 (hereinafter "the premises").

4.

Defendants John Doe 1-5 are individuals that may have liability in this case.

5.

The identities of Defendants John Doe 1-5 are unknown to Plaintiff but are known to Defendants.

## COUNT 2
## FACTUAL ALLEGATIONS

Plaintiffs reaffirm and re-allege all of the allegations contained the above Paragraphs of their Complaint and said Paragraphs are incorporated herein by this reference thereto.

6.

On or about April 7, 2021, Plaintiff was on the premises as an invitee.

7.

On the subject date, Plaintiff was walking in the subject Kroger store. Plaintiff was at Kroger to buy groceries for the week.

8.

When approaching the store, Plaintiff slipped in a hazard located in the subject store causing her injuries.

9.

Plaintiff fell to the ground sustaining serious injuries.

## COUNT 1
## NEGLIGENCE

Plaintiff re-alleges and incorporates the above stated paragraphs as fully set forth herein.

10.

Plaintiff was an invitee on the Defendant's premises at the time of the fall.

11.

Defendant owed a non-delegable duty of reasonable care in keeping the premises and approaches safe for invitees such as Plaintiff under O.C.G.A. § 51-3-1.

12.

Defendant was negligent in failing to properly inspect the area where the fall occurred, in failing to remove the hazard, in failing to take adequate measures to protect invitees from dangerous conditions on the premises, and in failing to keep the premises safe for invitees. The subject hazard lacked warning signs therefore constituted a trip hazard.

13.

At all times pertinent Defendant had superior knowledge of the subject hazard and took insufficient steps to protect their invitees within their premises.

14.

At all times pertinent Defendant knew or should have known of the subject hazard and took insufficient steps to protect their invitees within their premises.

15.

Defendant's negligence was the proximate cause of Plaintiff's injuries.

16.

Plaintiff was at all times exercising care for her own safety and was without fault in causing the aforementioned injury.

## COUNT 2
## VICARIOUS LIABILITY

Plaintiff re-alleges and incorporates the above stated paragraphs as fully set forth herein.

17.

At all times relevant to this action, the individuals responsible for inspecting, cleaning and maintaining the area where Plaintiff fell were employed by Defendant and were acting within the scope of their employment.

18.

Defendant is responsible for the conduct of these individuals under the doctrine of *respondeat superior*, agency or apparent agency.

## COUNT 3
## NEGLIGENT HIRING, TRAINING, SUPERVISION, AND RETENTION

Plaintiffs reaffirm and re-allege all of the allegations the above Paragraphs of their Complaint and said Paragraphs are incorporated herein by this reference thereto.

19.

KROGER were negligent in hiring the employees who had resopnsibility for checking for hazards on the premises since they knew or through the exercise of ordinary care should have known that such employees were incompetent and were otherwise unable to perform their job duties in an ordinary and reasonable manner.

20.

KROGER was further negligent in retaining the employees who had responsibility for checking for hazards on the premises since they knew or through the exercise of ordinary care should have known that such employees were incompetent and otherwise unable to perform their job duties in an ordinary and reasonable manner.

21.

KROGER was further negligent in their training and supervision of the employees who had responsibility for checking for hazards on the premises and their duty to ensure that such employees were able to perform their job duties in an ordinary and reasonable manner.

22.

That the above-described negligence of Defendants was the sole and proximate cause of Plaintiff's injuries.

## COUNT 4
## RESPONDEAT SUPERIOR

Plaintiff reaffirms and re-alleges all of the allegations contained in the above Paragraphs of their Complaint and said Paragraphs are incorporated herein by this reference thereto.

23.

At all times pertinent to this action, the employees who were responsible for checking for hazards were acting within the scope and course of their employment with KROGER on the day of Plaintiff's injury. KROGER is liable to the Plaintiff for the injuries caused by the negligent actions of their employees by virtue of the doctrine of *respondeat superior*.

24.

At all times pertinent to this action, the employees who were responsible for checking for hazards on the premises were acting within the scope and course of their employment with KROGER on the day of Plaintiff's injury. KROGER is liable to the Plaintiffs for the injuries caused by the negligent actions of their employees by virtue of the doctrine of *respondeat superior*.

## COUNT 5
## DAMAGES

Plaintiff reaffirms and re-alleges all of the allegations contained in the above Paragraphs of their Complaint and said Paragraphs are incorporated herein by this reference thereto.

25.

That at all times mentioned herein, Plaintiff acted with all due regard for their own health, safety, and welfare, and for the health, safety, and welfare of others.

26.

That prior to the incident proximately caused by the negligence of Defendants, Plaintiff was a generally healthy and able-bodied person, suffering no serious impairment of his body.

27.

That as a direct and proximate result of the above-described negligence of Defendants, Plaintiff has incurred medical, hospital, nursing, medication, and miscellaneous expenses arising out of the above-described negligence of Defendants, all to his damage, the exact nature and amounts of which are incapable of precise ascertainment at this time and shall be fully and finally determined at the trial of this case.

28.

That as a direct and proximate result of the above-described negligence of Defendants, Plaintiff will incur future medical, hospital, nursing, medication, and miscellaneous expenses arising out of the above-described negligence of Defendants, all to her damage, the exact nature and amounts of which are incapable of precise ascertainment at this time, but shall be fully and finally determined at the trial of this case.

29.

That as a further direct and proximate result of the negligence of Defendants, Plaintiff suffered and continues to suffer severe bodily harm, great mental anguish and distress, physical pain, and was and is prevented from engaging in activities commonly and usually enjoyed by persons of her age and station in life, all to her damage, the exact nature and amount of which are incapable of precise ascertainment at this time, but which shall be fully and finally determined at the trial of this case.

## COUNT 6
## BAD FAITH

Plaintiff reaffirms and re-alleges all of the allegations contained in the above Paragraphs of their Complaint and said Paragraphs are incorporated herein by this reference.

30.

Defendants have acted in bad faith, been stubbornly litigious, and have caused Plaintiff unnecessary trouble and expense. Accordingly, Defendants are liable to Plaintiff for attorneys' fees and the expenses of litigation in accordance with O.C.G.A. §§51-12-14, and 13-6-11.

WHEREFORE, Plaintiff prays for the following:

a)    That Defendants be served with summons, process and a copy of the Complaint as provided by law;

b)    That Plaintiff have judgment against the Defendants in a sum as is proven at trial as damages for his medical, hospital, nursing, medication, and miscellaneous expenses;

c)   That Plaintiff obtain judgment against Defendants for general damages for his pain and suffering, discomfort, scarring, and mental anguish and distress as determined at trial;

d)   That Plaintiff obtain judgment against the Defendants for attorneys' fees and expenses of litigation;

e)   That Plaintiff be granted trial by jury as to all triable issues in this cause; and

f)   For such other and further relief as this Court deems just and equitable under all circumstances alleged and contained herein.

This 10th day of February 2023.

Respectfully submitted,

**NICK SCHNYDER LAW FIRM, LLC**

By: _(signature)_

351 Atlanta St. SE
Marietta GA 30060
Phone: 404-902-3553
Fax: 404-341-9969
nick@schnyderlawfirm.com
dsawan@schnyderlawfirm.com

Nicholas Schnyder, Esq.
Georgia Bar No. 576115
Dennis Sawan
Georgia Bar No. 621661
Attorneys for Plaintiff

STATE COURT OF
DEKALB COUNTY, GA.
2/10/2023 3:19 PM
E-FILED
BY: Monica Gay

**IN THE STATE COURT OF DEKALB COUNTY**
**STATE OF GEORGIA**

IRIS BERNARD JENKINS )
)
    Plaintiffs, )
)    CIVIL ACTION FILE
vs. )      23A00652
)    NO.: _____
THE KROGER CO. and JOHN DOES 1-5, )
)
    Defendants. )
_____ )

### PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT

**COMES NOW**, IRIS BERNARD JENKINS (hereinafter referred to as "Plaintiff"),

in the above-styled action, by and through her undersigned attorney, pursuant to O.C.G.A. 9-

11-36, and serves upon Defendant THE KROGER CO. this Plaintiff's First Request for

Admissions to Defendant.

Answers should specifically admit or deny the matter, or set forth in detail the reasons

why Defendant cannot truthfully admit or deny the matter. A denial shall fairly meet the

substance of the requested admission, and when good faith requires that Defendant qualify an

answer or deny only a part of the matter of which an admission is requested, Defendant shall

specify so much of it as is true and qualify or deny the remainder. Defendant may not give

lack of information or knowledge as a reason for failure to admit or deny unless Plaintiff

state that he/she has made reasonable inquiry and that the information known or readily

obtainable is insufficient to enable the party to admit or deny.

Defendant is advised that if they fail to admit the truth of any matter as requested, and

if Plaintiff thereafter proves the truth of the matter, Plaintiff will apply to the Court for an

order requiring Defendant to pay the reasonable expenses incurred in making that proof,

including reasonable attorney's fees.

STATE COURT OF
DEKALB COUNTY, GA.
2/10/2023 3:19 PM
E-FILED
BY: Monica Gay

## Admissions

1.

Admit that Defendant knew on or about April 7, 2021 that Plaintiff was travelling in the

Defendant's store when she slipped on an elevated metal plate prior to Plaintiff's fall.

2.

Admit that on or about April 7, 2021, Plaintiff was an invitee while on the property located at

6678 Covington Hwy, Lithonia, Georgia 30034.

3.

Admit that on or about April 7, 2021, Plaintiff was not trespassing while on the property located

at 6678 Covington Hwy, Lithonia, Georgia 30034.

4.

Admit that at all times relevant the subject area where the Plaintiff fell was not inspected for

hazards on April 7, 2021 within 30 minutes prior to the subject injury.

5.

Admit that at all times relevant the subject area where the Plaintiff fell was not inspected for

hazards within one hour of the subject fall.

6.

Admit that on or about April 7, 2021, Defendant had superior knowledge of the subject foreign

hazards than Plaintiff.

7.

Admit that Defendant should have known that the foreign hazards in Defendant's store aisle was

present prior to Plaintiff's fall.

2

8.

Admit that Defendant's registered agent was served with Plaintiff's Request for Admissions,

Request for Production of Documents, Request for Interrogatories in the above styled case.

9.

Admit that on or about April 7, 2021, Defendant maintained and/or was covered by insurance for

the alleged liability.

10.

Admit that it was the responsibility of Defendant to assure the subject area was free of hazards.

11.

Admit that the subject area contained a hazard that resulted in the Plaintiff's injuries.

12.

Admit that Defendant had no policies or procedures in place to assure the routine inspection of

the subject area located at 6678 Covington Hwy, Lithonia, Georgia 30034.

13.

Admit that all employees in the subject store on April 7, 2021, Defendant were working for the

benefit and in furtherance of Defendant.

14.

Admit that venue is proper in this case.

15.

Admit that Defendant's registered agent was personally served with the Complaint and

Summons.

16.

Admit that at all times relevant, Defendants' employees were acting within the scope of their

3

employment.

17.

Admit that Defendant is liable for the negligence of its employees or agents in the scope of their

employment pursuant to the doctrine of respondeat superior.

18.

Admit that Plaintiff has not traversed the subject hazard prior to the subject injury.

19.

Admit that Defendant has video recording footage of the subject injury occurring.

21.

Admit that Defendant knew of the foreign hazards prior to Plaintiff's fall but failed to warn

Plaintiff of its presence.

22.

Admit that Defendant's agents approached Plaintiff immediately after the fall and acknowledged

they knew the foreign hazard was there prior to her fall.

This 10th day of February 2023.

Respectfully submitted,

**NICK SCHNYDER LAW FIRM, LLC**

By: ~~signature~~

351 Atlanta St. SE
Marietta GA 30060                          Nicholas Schnyder, Esq.
Phone: 404-902-3553                        Georgia Bar No. 576115
Fax: 404-341-9969                          Dennis Sawan
nick@schnyderlawfirm.com                   Georgia Bar No. 621661
dsawan@schnyderlawfirm.com                 Attorneys for Plaintiff

STATE COURT OF
DEKALB COUNTY, GA.
2/10/2023 3:19 PM
E-FILED
BY: Monica Gay

4

**IN THE STATE COURT OF DEKALB COUNTY**
**STATE OF GEORGIA**

IRIS BERNARD JENKINS       )
                             )
     Plaintiffs,           )
                             )     CIVIL ACTION FILE
vs.                         )     23A00652
                             )     NO.: _____
THE KROGER CO. and JOHN DOES 1-5, )
                             )
     Defendants.         )
                             )

## PLAINTIFF'S FIRST CONTINUING INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT THE KROGER CO.

COMES NOW, IRIS BERNARD JENKINS (hereinafter referred to as "Plaintiff"), by

and through the undersigned counsel, pursuant to the Georgia Civil Practice Act, and presents

Plaintiff's First Continuing Interrogatories and Requests for Production of Documents to

Defendant THE KROGER CO. (hereinafter, "Defendant"). Defendant is required to answer

these interrogatories separately and fully in writing under oath and to serve a copy of its answers

upon counsel for Plaintiff within thirty-three (33) days after service of these interrogatories by

mail or forty-five (45) days after personal service.

## INSTRUCTIONS

These interrogatories shall be deemed continuing and shall require supplemental answers.

If you produce business records, pursuant to or in lieu of answering any interrogatory, you must

specify the business records from which the answer to the interrogatory may be derived or

ascertained and afford Plaintiff reasonable opportunity to examine, audit, or inspect such records

and to make copies, compilations, abstracts, or summaries.

In answering the following interrogatories, you are requested to give full and complete answers

based upon your personal knowledge as well as that of any agent, employee, investigator, or

attorney who has obtained information on your behalf.

(A) Each interrogatory shall be answered separately and under oath. If any answer is based upon information and belief rather than personal knowledge, it should state that it is made on that basis.

(B) If the complete answer to an interrogatory is not known, state and answer as fully as possible each part of the interrogatory to which an answer is known.

(C) If any information is withheld under any claim of privilege:

(i) State the basis upon which privilege is claimed;

(ii) Identify, as defined below, the source of the information;

(iii) Identify, as defined below, each person from whom the
    information was  obtained;

(iv) Identify, as defined below, every document which evidences or
    relates to such information; and

(v) State the subject matter of the information sufficient for purposes
    of identification.

## DEFINITIONS

(A) As used herein, "Defendant," "you," and "your" refers to Defendant, THE KROFER CO. separately and individually, and any attorneys, agents, or representatives of any kind acting on its behalf.

(B) As used herein, the word "document" shall mean every writing or record, however produced, reproduced, or preserved, including, but not limited to, books, pamphlets, periodicals, letters, memoranda, telegrams, reports, records, studies, interoffice or intra-office communications, memoranda reflecting oral communications, handwritten or other notes, work papers, drafts,

-2-

applications, permits, charts, drawing papers, graphs, surveys, indices, tapes, discs, data sheets, data processing cards, computer printouts, software and other computer related materials, and every other written, typed, recorded, transcribed, filed, or graphic matter of any type or nature. (C) As used herein, the word "person" shall mean any and all individuals, firms, partnerships, corporations, proprietorships, joint ventures, associations, governmental units, trusts, estates, and every other type of organization or entity.

(D) As used herein, the word "date" shall mean the exact day, month, and year, if ascertainable; otherwise, the word "date" shall mean the best available approximation (including the relationship to other events).

(E) As used herein, the word "identify," when used in reference to:

(1) An individual, shall mean to state his or her full name, present or last known residence address (designating which), and present or last known business affiliation (designating which), job title and employment address, and present or last known telephone numbers for such residence and employers.

(2) A firm, partnership, corporation, proprietorship, association, or other organization or entity, shall mean to state its full name and present or last known (designating which) address(es) and telephone number(s).

(3) A document, shall mean to state the title (if any) and date; to identify, as defined above, the author(s), sender(s), recipient(s), person(s) signing it; to state the type of document (i.e., a letter, memorandum, book, telegraph, chart, etc.) or some better means of identifying it; and to provide a summary of its contents (except that if a privilege is claimed, provide a description of the subject matter sufficient for identification). If any document so identified was, but is no longer, in your possession, custody, or control, state what disposition was made of it,

-3-

when, why, by whom, and if applicable, identify to whom it was transmitted and identify the last known person having possession of it and state its last known location. In the case of a document within your (as defined above) possession, custody, or control, state whether you will make it available to the undersigned attorneys for inspection and/or copying.

(F) As used herein, "Occurrence" refers to the incident(s), collision(s), or event(s) that give rise to this lawsuit; specifically, the collision alleged in Plaintiff's Complaint.

(G) In these requests, the singular includes the plural; the plural includes the singular; the masculine includes the feminine; and the feminine includes the masculine.

## INTERROGATORIES

1.

State the name and address of any person, including any party, who, to your knowledge, information or belief:

(a)     Was an eyewitness to the incident complained of in this action;

(b)     Has some knowledge of any fact or circumstance upon which your defense is based;

(c)     Has conducted any investigation relating to the incident complained of or the background, employment, medical history or activities of Plaintiff.

2.

To your knowledge, information or belief, has any person identified in answering the preceding interrogatory given any statement or report in connection with this action? If so, describe such statement or report and give the name and address of the person having custody and control thereof.

3.

Thirty days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of Nick Schnyder Law Firm, 351 Atlanta St. SE, Marietta, GA 30060 all such statements or reports. In lieu thereof, you may attach copies to your answers to these interrogatories or provide same via digital means.

4.

Please identify any entity or person with any financial interest, lease or ownership interest in the premises where the incident occurred on the date of the incident.

5.

To your knowledge, information or belief, are there any videotapes, photographs, plats or drawings of the scene of the incident referred to in the complaint? If so, please describe such videotapes, photographs, plats or drawings and give the name and address of the person having custody and control thereof.

6.

Thirty days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of Nick Schnyder Law Firm, 351 Atlanta St. SE, Marietta, GA 30060 all such videotapes, photographs, plats or drawings. In lieu thereof, you may attach copies to your answers to these interrogatories or provide same via digital means.

7.

Have there been any incidents involving falls at the store or approaches to the store for the five-year period preceding this incident and the one-year period subsequent to this incident? If so, please state:

(a)     Date of incident (April 7, 2021);

-5-

(b)     Name, address and telephone number of injured person;

(c)     Description of incident.

8.

Thirty days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of Nick Schnyder Law Firm, 351 Atlanta St. SE, Marietta, GA 30060 any incident report, memoranda, handwritten note or other documents or materials concerning, referencing or describing any incident referenced in the response to the preceding paragraph. In lieu of this, you may attach copies thereof to your answers to these interrogatories or by providing same via other digital means.

9.

Please state the identity of each person working at 6678 Covington Hwy, Lithonia, Georgia 30034 (hereinafter, the "Premises") who had any duties for the area where this incident occurred on the date of this incident.

10.

Has any entity issued a policy of liability insurance to Defendant? If so, state the names of all insurers providing liability insurance and give the limits of coverage of each such policy.

11.

Has any insurer referred to above denied coverage or reserved its right to later deny coverage under any such policy of liability insurance? If so, please explain.

12.

Do you contend that Plaintiff caused or contributed to the incident in question? If so, state with particularity each and every contention made in this regard.

13.

If you intend to call any expert or technician as a witness at the trial of this action, state the subject matter on which he/she is expected to testify and state in detail the opinions held by each such expert or technician and give a complete summary of the grounds for each opinion held.

14.

Thirty days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of Nick Schnyder Law Firm, 351 Atlanta St. SE, Marietta, GA 30060 any videotape, photograph, report, data, memoranda, handwritten notes or other document reviewed by or generated by an individual identified in response to the preceding interrogatory. In lieu of this, you may attach copies thereof to your answers to these interrogatories or via other digital means.

15.

Thirty days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of Nick Schnyder Law Firm, 351 Atlanta St. SE, Marietta, GA 30060 any documents obtained through a request for production of documents or subpoena. In lieu of this, you may attach copies thereof to your answers to these interrogatories or via other digital means.

16.

Please state in detail any policies and procedures concerning the inspection, cleaning or maintenance of the area (including creating logs or reports) where this incident occurred.

17.

Thirty days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of Nick Schnyder Law Firm, 351 Atlanta St. SE, Marietta, GA 30060 any and all guidelines, manuals, memoranda or other documents evidencing any policy or procedure

-7-

identified in response to the preceding interrogatory. In lieu of this, you may attach copies thereof
to your answers to these interrogatories or by other digital means.

18.

Thirty days after service hereof, you are requested to produce for inspection and copying by
Plaintiff at the offices of Nick Schnyder Law Firm, 351 Atlanta St. SE, Marietta, GA 30060 any and
all policy and procedure manuals given to Defendant's employees. In lieu of this, you may attach
copies thereof to your answers to these interrogatories.

19.

In regard to any document that has not been produced on grounds of privilege, please
state the following:

(a) The date each document was generated;

(b) The person generating each document;

(c) The present custodian of each document;

(d) A description of each document.

20.

Thirty days after service hereof, you are requested to produce for inspection and copying by
Plaintiff at the offices of Nick Schnyder Law Firm, 351 Atlanta St. SE, Marietta, GA 30060 any
videotapes, photographs, correspondence, memoranda, records, files, or other documents or tangible
evidence concerning, referencing or depicting Plaintiff or the incident in question. In lieu of this,
you may attach copies thereof to your answers to these interrogatories.

21.

Please identify each and every person working for Defendant on the premises where this incident occurred on the day of the incident described in the complaint, including the person's name, current address, current employer and telephone number.

22.

Thirty days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of Nick Schnyder Law Firm, 351 Atlanta St. SE, Marietta, GA 30060 the payroll records for Defendant's employees on the premises for the day of the incident and the one-week period prior to and subsequent to the incident.

23.

Have their ever been any complaints made about the area where this incident occurred? If so, please state:

(a)     The date(s) of each complaint;

(b)     The person(s) making each complaint;

(c)     The nature of each complaint;

(d)     Any action taken as a result of each complaint.

24.

Thirty days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of Nick Schnyder Law Firm, 351 Atlanta St. SE, Marietta, GA 30060 any correspondence, memoranda, report, record or other documents concerning, referencing or depicting any complaints identified in response to the preceding interrogatory.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

25.

Thirty days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of Nick Schnyder Law Firm, 351 Atlanta St. SE, Marietta, GA 30060 any incident report or other report concerning the incident described in the complaint. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

26.

Thirty days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of Nick Schnyder Law Firm, 351 Atlanta St. SE, Marietta, GA 30060 any maps, schematics, diagrams, drawings or other similar documents showing the layout of the area where this incident occurred. In lieu thereof, you may attach copies to your answers to these interrogatories.

27.

Were there any contracts or agreements with other individuals or entities regarding the maintenance, inspection or security of the property where Plaintiff fell as described in the complaint? If so, state:

(a)     The identity of the contracting parties;

(b)     The address and telephone number of the contracting parties;

(c)     The duties of the contracting parties.

28.

Thirty days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of Nick Schnyder Law Firm, 351 Atlanta St. SE, Marietta, GA 30060 any and all leases or contracts with outside contractors or agencies for performance of maintenance

-10-

services in the area where Plaintiff fell. In lieu thereof, you may attach copies to your answers to these interrogatories.

29.

Please identify each and every witness or employee in the vicinity of the area where Plaintiff fell at the time of the incident. In regard to each employee, please state:

(a)     The name of each person;

(b)     The address of each person;

(c)     The telephone number of each person;

(d)     The shift worked by each person if an employee;

(e)     The job duties and responsibilities of each person if an employee.

30.

Thirty days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of Nick Schnyder Law Firm, 351 Atlanta St. SE, Marietta, GA 30060 any e-mail, interoffice correspondence, memoranda, report, telephone log, message or other documents concerning Plaintiff. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

31.

Thirty days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of Nick Schnyder Law Firm, 351 Atlanta St. SE, Marietta, GA 30060 any invoices, records, proposals, work orders, maintenance records or other documents for work performed in the area where this incident occurred in the last five years. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

32.

Thirty days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of Nick Schnyder Law Firm, 351 Atlanta St. SE, Marietta, GA 30060 any changes made to policies, procedures, protocols, rules, regulations and guidelines since this incident. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

33.

Thirty days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of Nick Schnyder Law Firm, 351 Atlanta St. SE, Marietta, GA 30060 any surveillance videos taken on the day of the incident. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

34.

Thirty days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of Nick Schnyder Law Firm, 351 Atlanta St. SE, Marietta, GA 30060 any maintenance records, work orders or other documents concerning the area where this incident occurred for the past five years. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

35.

Please describe any inspection procedures utilized in regard to the area where this incident occurred.

36.

Thirty days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of Nick Schnyder Law Firm, 351 Atlanta St. SE, Marietta, GA 30060 any daily, weekly, monthly or annual inspection reports or audits or any other inspection reports for the

-12-

area where this incident occurred for the past five years. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

37.

Have there been any audits, inspections or evaluations of the area where Plaintiff fell for the past five years?

38.

Thirty days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of Nick Schnyder Law Firm, 351 Atlanta St. SE, Marietta, GA 30060 any invoices, receipts, change orders, work orders, spreadsheets, computer documents or other records concerning any audits, evaluations, maintenance, cleaning or inspections of the area where Plaintiff fell for the past five years. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

## REQUEST FOR PRODUCTION OF DOCUMENTS

COMES NOW, IRIS BERNARD JENKINS (hereinafter referred to as "Plaintiff"), by and through the undersigned counsel, pursuant to O.C.G.A. § 9-11-26, § 9-11-34, and F.R.C.P. 34, serves this First Request for Production of Documents and Notice to Produce Originals at Trial pursuant to O.C.G.A. § 24-10-26 to the above-stated Defendant. Defendant is required to comply with said Code sections as follows:

## I.     INSTRUCTIONS

If any document is withheld under any claim of privilege, each and every document for which a privilege is claimed shall be identified by providing the following information:

-13-

(a)     date of creation,

(b)     every person known to have seen such document or to have been told of the contents of such document,

(c)     the subject matter of such document sufficient for identification, and

(d)     the basis upon which such privilege is claimed.

If any document so identified was, but is no longer, in you possession, custody or

control, state what disposition was made of it, when, why, by whom, and if

applicable, identify to whom it was transmitted and identify the last known person

having possession of it and its last known location.

This request for production of documents shall be continuing as required by

O.C.G.A. § 9-11-26(e).

All documents produced pursuant to this request shall be produced in separate

groups of documents responsive to each separate request.

All definitions set forth below shall be carefully followed:

## II.     DEFINITIONS

(1)     "Person" shall mean natural person, corporation, partnership, proprietorship, association, organization, or group of persons.

(2)     "Document" shall mean every writing or record, however produced, reproduced, or preserved, including, but not limited to, books, pamphlets, periodicals, letters, memoranda, telegrams, reports, records, studies, intra-office or interoffice communications, memoranda reflecting oral communications, handwritten or other notes, work papers, drafts, applications, permits, charts, drawing papers, graphs, surveys, indices, tapes, microfilm, microfiche, discs,

-14-

data sheets, data processing cards, computer printouts, software and other computer-related materials, photographs, negatives, film, and every other written, typed, recorded, transcribed, filed, or graphic matter.

(3)     As used herein, "Defendant", "you" and "your" refers to Defendant, individually, and any attorneys, agents, employees, contractors, or representatives of any kind that have acted or that are acting on his or her behalf.

(4)     As used herein, the term "Occurrences" refers to the incidents or events that give rise to this lawsuit; specifically, the assault and battery alleged in Plaintiff' Complaint.

(5)     In these requests, the singular includes the plural; the plural includes the singular; the masculine includes the feminine; the feminine includes the masculine.

## **REQUEST FOR PRODUCTION OF DOCUMENTS**

1.

Please produce any and all documents used in the preparation and response to Plaintiff's Interrogatories to Defendant.

2.

Please produce any reports or documents created by you relating to the incident, which forms the subject of this lawsuit.

3.

Please produce any documents relating to your ownership of real and/or personal property including bank statements, deeds, bills of sale, investment accounts, etc.

4.

Please produce a copy of any insurance documents (including the full policy) that may provide indemnification for the claim asserted against you regardless of whether you believe it

-15-

affords coverage or not; including all home owner or renter's insurance or umbrella policies.

5.

Please produce all photographs, videos, charts, or drawings referenced in Plaintiff's Interrogatories.

6.

Please produce all receipts of purchases made by Plaintiff while at the subject store.

7.

Please produce a copy of any and all statements previously made by any employee, agent, or representative of Defendant concerning the fall in question, including any written statement signed, and any stenographic, mechanical, electrical, or other such recording, or any transcription thereof.

8.

Please produce a copy of any reports including incident reports, accident reports or other documents compiled as a result of any investigation conducted by Defendant or on Defendant's behalf in connection with the fall complained of in Plaintiff's Complaint.

9.

All documents and transcripts concerning judicial, quasi-judicial, or administrative charges and hearings concerning the occurrences alleged in the Complaint or similar occurrences to those alleged in the Complaint within the last five (5) years.

10.

The declaration pages and a full copy of all insurance policies including umbrella policies which affords Defendant insurance on the date of incident, whether or not it is your opinion it offers coverage for this incident.

11.

All government statutes, ordinances, standards, regulations and other laws that you contend support your defenses in this matter.

12.

All reports, correspondence, memos, notes, photos, exhibits and other documents embodying observations, calculations, illustrations and opinions from experts who may testify at trial concerning these occurrences or other subject matter involved in this lawsuit.

13.

All documents (including text messages or apologies) that relate to any attempts made by Defendant to resolve the matters that form the basis for this lawsuit.

14.

Any document prepared as a result of the incident complained of in Plaintiff's Complaint including memorandums, emails, investigations, text message, social media, Facebook posts, etc.

15.

Any documents relating to any communication between you, or anyone acting on your behalf, with any of Plaintiff's doctors, hospitals, or other healthcare providers concerning Plaintiff's condition <u>after</u> the happening of the subject injury.

16.

Any and all policies and procedures in place at the subject store pertaining to the maintenance, inspection, and cleaning of the subject store including any and all changes made to the policies after the subject injury.

[Continued onto next page…]

17.

List of all employees who were present on April 7, 2021 the times they clocked in, what roles and

titles they possessed, and if they have any knowledge regarding the subject hazard or fall.

This 10th day of February 2023.

Respectfully submitted,

**NICK SCHNYDER LAW FIRM, LLC**

By: ~~

351 Atlanta St. SE
Marietta GA 30060                    Nicholas Schnyder, Esq.
Phone: 404-902-3553                  Georgia Bar No. 576115
Fax:  404-341-9969                   Dennis Sawan
nick@schnyderlawfirm.com             Georgia Bar No. 621661
dsawan@schnyderlawfirm.com           Attorneys for Plaintiff

STATE COURT OF
DEKALB COUNTY, GA.
2/10/2023 3:19 PM
E-FILED
BY: Monica Gay

-18-

**IN THE STATE COURT OF DEKALB COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| IRIS BERNARD JENKINS | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CIVIL ACTION FILE |
| vs. | ) | 23A00652 |
| | ) | NO.: _____ |
| THE KROGER CO. and JOHN DOES 1-5, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## 5.2 CERTIFICATE OF SERVICE

I hereby certify that I served a copy of PLAINTIFF'S REQUEST FOR ADMISSIONS,
PLAINTIFF'S FIRST CONTINUING INTERROGATORIES, AND REQUESTS FOR
PRODUCTION OF DOCUMENTS TO DEFENDANT THE KROGER CO., along with the
COMPLAINT.

This 10th day of February 2023.

Respectfully submitted,

**NICK SCHNYDER LAW FIRM, LLC**

By: _____

351 Atlanta St. SE
Marietta GA 30060
Phone: 404-902-3553
Fax:  404-341-9969
nick@schnyderlawfirm.com
dsawan@schnyderlawfirm.com

Nicholas Schnyder, Esq.
Georgia Bar No. 576115
Dennis Sawan
Georgia Bar No. 621661
Attorneys for Plaintiff

No. 23A00652

Date Summons Issued and E-Filed

2/10/2023

/s/ Monica Gay

Deputy Clerk

Deposit Paid $ _____

**STATE COURT OF DEKALB COUNTY**
**GEORGIA, DEKALB COUNTY**

**SUMMONS**

_____

Iris Bernard Jenkins

_____
Plaintiff's name and address

vs.

**[ ] JURY**

The Kroger Co.
_____
c/o CSC of Cobb County Inc.
  192 Anderson Street SE, Suite 125, Marietta, GA 30060
Defendant's name and address

**TO THE ABOVE-NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of State Court, Suite 230, 2nd Floor, Administrative Tower,DeKalb County Courthouse, 556 N. McDonough Street, Decatur, Georgia 30030 and serve upon the plaintiff's attorney, to wit:

   Nick Schnyder Law Firm - Nick Schnyder, Esq.
Name

   351 Atlanta Street SE Marietta, GA 30060
Address

   404-999-1111                               576115
Phone Number                       Georgia Bar No.

an **ANSWER** to the complaint which is herewith served upon you, within thirty (30) days after service upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

| Defendant's Attorney | | Third Party Attorney | |
|---|---|---|---|
| Address | | Address | |
| Phone No. | Georgia Bar No. | Phone No. | Georgia Bar No. |

**TYPE OF SUIT**

☐ Personal Injury ☐ Products Liability
☐ Contract ☐ Medical Malpractice
☐ Legal Malpractice ☐ Product Liability
☐Other

Principal $ _____

Interest $ _____

Atty Fees $ _____

**To indicate consent to e-service check the box below**

☐**(Plaintiff consents to e-service pursuant to OCGA 9-11-5 (f). The email address for service appears in the complaint.**

E-file summons1-2014

STATE COURT OF
DEKALB COUNTY, GA.
2/10/2023 3:19 PM
E-FILED
BY: Monica Gay

## General Civil and Domestic Relations Case Filing Information Form

☐ Superior or ☒ State Court of Dekalb _____ County

| For Clerk Use Only | 2/10/2023 | | | | 23A00652 | | | | |
| Date Filed | MM-DD-YYYY | | | | Case Number | | | | |

| Plaintiff(s) | | | | | Defendant(s) | | | | |
| Bernard Jenkins | Iris | | | | The Kroger Company | | | | |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
| | | | | | Doe, John (1-5) | | | | |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
| | | | | | | | | | |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
| | | | | | | | | | |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |

Plaintiff's Attorney Nick Schnyder                     Bar Number 576115              Self-Represented ☐

### Check One Case Type in One Box

**General Civil Cases**

☐ Automobile Tort
☐ Civil Appeal
☐ Contract
☐ Garnishment
☒ General Tort
☐ Habeas Corpus
☐ Injunction/Mandamus/Other Writ
☐ Landlord/Tenant
☐ Medical Malpractice Tort
☐ Product Liability Tort
☐ Real Property
☐ Restraining Petition
☐ Other General Civil

**Domestic Relations Cases**

☐ Adoption
☐ Dissolution/Divorce/Separate
   Maintenance
☐ Family Violence Petition
☐ Paternity/Legitimation
☐ Support – IV-D
☐ Support – Private (non-IV-D)
☐ Other Domestic Relations

**Post-Judgment – Check One Case Type**

☐ Contempt
   ☐ Non-payment of child support,
      medical support, or alimony
☐ Modification
☐ Other/Administrative

☐  Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____                    _____
Case Number                          Case Number

☒  I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐  Is an interpreter needed in this case? If so, provide the language(s) required. _____
                                                             Language(s) Required

☐  Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____
_____

STATE COURT OF
DEKALB COUNTY, GA.
2/10/2023 3:19 PM
E-FILED
BY: Monica Gay

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

Iris Bernard Jenkins,

      Plaintiff(s),

vs.

                                          Case No.: 23A00652

THE KROGER CO. and JOHN DOES 1-5,,

      Defendant(s).

_____/

### AFFIDAVIT OF SERVICE

Personally appeared before me the undersigned officer duly authorized to administer oaths, Mitchell Davidson, who, after being duly sworn, deposes and states the following:

1.

Affiant states that he/she is appointed by this Court to serve process. The statements made are true and correct and are based upon my personal knowledge.

2.

I served The Kroger Co. with a Summons, Complaint for Damages, Plaintiff's First Request for Admissions to Defendant, Plaintiff's First Continuing Interrogatories and Requests for Production of Documents to Defendant The Kroger Co., 5.2 Certificate of Service and General Civil and Domestic Relations Case Fiilng Information Form by leaving the documents with Terri Thompson, agent at CSC of Cobb County, Inc., Registered Agent of The Kroger Co. at said person's place of employment/place of business located at 192 Anderson Street SE, Suite 125, Marietta, GA 30060 on February 17, 2023 at 11:28 AM.

Signed and sworn to before me on
this 21 day of February , 20 23
by an affiant who is personally known to me
or produced identification.

**Mitchell Davidson**
Express Legal Services LLC
860 Johnson Ferry Rd.
Atlanta, GA 30342
(678) 648-6330

Notary Public

Notary Public, Barbar County, Georgia
My Commission Expires 7-6-2023



*5145755*

STATE COURT OF
DEKALB COUNTY, GA.
2/23/2023 2:46 PM
E-FILED
BY: Mundy B Jackson