**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| IRIS BERNARD JENKINS, | Case No. |
| Plaintiff, | _____ |
| v. | Removed from State Court of DeKalb County, Civil Action File No. 23A00652 |
| THE KROGER COMPANY and JOHN DOES 1-5, | |
| Defendants. | JURY TRIAL DEMANDED |

**DEFENDANT THE KROGER CO.'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES**

COMES NOW **THE KROGER CO.**, Defendant in the above-styled civil action, by and through undersigned counsel, and files this, its Answer and Defenses to Plaintiff's Complaint for Damages ("Plaintiff's Complaint"), showing the Court as follows:

**FIRST DEFENSE**

For a first defense, The Kroger Co. ("Defendant" or "Kroger") responds to the enumerated paragraphs of Plaintiff's Complaint for Damages (henceforth referred to as "Plaintiff's Complaint") as follows:

# COUNT I

# THE PARTIES VENUE AND JURISDICTION

1.

Defendant admits the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2.

Defendant admits the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3.

Defendant admits that it operates a grocery store located at 6678 Covington Hwy, Lithonia, Georgia 30058.

4.

Defendant is without knowledge or information sufficient to allow it to either admit or deny the allegations contained in Paragraph 4 of Plaintiff's Complaint, which therefore stand denied.

5.

Defendant denies the allegations in Paragraph 5 of Plaintiff's Complaint.

# COUNT 2
# FACTUAL ALLEGATIONS

Defendant incorporates herein by reference all of its responses made

previously to the allegations contained in the above Paragraphs of Plaintiff's Complaint.

6.

Defendant admits that Plaintiff was on the premises on the date in question, but is without sufficient information or belief to determine Plaintiff's legal status at that time.

7.

Defendant is without knowledge or information sufficient to allow it to either admit or deny the allegations contained in Paragraph 7 of Plaintiff's Complaint, which therefore stand denied.

8.

Defendant is without knowledge or information sufficient to allow it to either admit or deny the allegations contained in Paragraph 8 of Plaintiff's Complaint, which therefore stand denied.

9.

Defendant is without knowledge or information sufficient to allow it to either admit or deny the allegations contained in Paragraph 9 of Plaintiff's Complaint, which therefore stand denied.

## **COUNT I**
## **NEGLIGENCE**

Defendant incorporates herein by reference all of its responses made previously to the allegations contained in the above Paragraphs of Plaintiff's Complaint.

10.

Defendant is without knowledge or information sufficient to allow it to either admit or deny the allegations contained in Paragraph 10 of Plaintiff's Complaint, which therefore stand denied.

11.

Defendant admits that it owes certain duties as required by law but denies that those duties are accurately stated in Paragraph 11 of Plaintiff's Complaint.

12.

Defendant denies the allegations in Paragraph 12 of Plaintiff's Complaint.

13.

Defendant denies the allegations in Paragraph 13 of Plaintiff's Complaint.

14.

Defendant denies the allegations in Paragraph 14 of Plaintiff's Complaint.

15.

Defendant denies the allegations in Paragraph 15 of Plaintiff's Complaint.

16.

Defendant denies the allegations in Paragraph 16 of Plaintiff's Complaint.

## COUNT 2
## VICARIOUS LIABILITY

Defendant incorporates herein by reference all of its responses made previously to the allegations contained in the above Paragraphs of Plaintiff's Complaint.

17.

Defendant is without knowledge or information sufficient to allow it to either admit or deny the allegations contained in Paragraph 17 of Plaintiff's Complaint, which therefore stand denied.

18.

Defendant is without knowledge or information sufficient to allow it to either admit or deny the allegations contained in Paragraph 18 of Plaintiff's Complaint, which therefore stand denied.

## COUNT 3
## NEGLIGENT HIRING, TRAINING, SUPERVISION, AND RETENTION

Defendant incorporates herein by reference all of its responses made previously to the allegations contained in the above Paragraphs of Plaintiff's Complaint

19.

Defendant denies the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20.

Defendant denies the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21.

Defendant denies the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22.

Defendant denies the allegations contained in Paragraph 22 of Plaintiff's Complaint.

## COUNT 4
## RESPONDEAT SUPERIOR

Defendant incorporates herein by reference all of its responses made previously to the allegations contained in the above Paragraphs of Plaintiff's Complaint

23.

Defendant denies the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24.

Defendant denies the allegations contained in Paragraph 24 of Plaintiff's Complaint.

**COUNT 5**
**DAMAGES**

Defendant incorporates herein by reference all of its responses made previously to the allegations contained in the above Paragraphs of Plaintiff's Complaint

25.

Defendant denies the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26.

Defendant denies the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27.

Defendant denies the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28.

Defendant denies the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29.

Defendant denies the allegations contained in Paragraph 29 of Plaintiff's Complaint.

### COUNT 6
### BAD FAITH

Defendant incorporates herein by reference all of its responses made previously to the allegations contained in the above Paragraphs of Plaintiff's Complaint

30.

Defendant denies the allegations contained in Paragraph 30 of Plaintiff's Complaint.

### SECOND DEFENSE

Plaintiff's failure to plead and itemize special damages in this action bars their recovery pursuant to O.C.G.A. § 9-11-9(g).

### THIRD DEFENSE

Defendant denies that it was negligent in any manner whatsoever or that any negligent act or omission on its part caused or contributed to any injury or damages alleged to have been sustained by Plaintiff.

### FOURTH DEFENSE

This action is or may be barred by the doctrine of contributory/comparative

negligence. Plaintiff's negligence was greater than or equal to any negligence on the part of Defendant collectively. In the exercise of ordinary care, Plaintiff could have avoided the subject incident.

### FIFTH DEFENSE

Defendant has breached no duty owed to Plaintiff.

### SIXTH DEFENSE

Plaintiff may not recover against Defendant because no act or omission of Defendant or its employees was the legal cause or the proximate cause of Plaintiff's alleged injuries and damages. Defendant did not breach a material duty owing to Plaintiff.

### SEVENTH DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

### EIGHTH DEFENSE

This Court lacks venue over Defendant.

### NINTH DEFENSE

This Court lacks personal jurisdiction over Defendant.

### TENTH DEFENSE

Plaintiff's Complaint fails to state a claim for punitive damages.

## ELEVENTH DEFENSE

Defendant reserves the right to assert any additional affirmative defenses as may be disclosed during the course of additional investigation and discovery.

WHEREFORE, having fully responded to the averments in Plaintiff's Complaint, Defendant The Kroger Co. respectfully prays:

(a)  That judgment is rendered in favor of Kroger and against Plaintiff;

(b)  That Kroger be discharged with all costs cast against Plaintiff;

(c)  That this matter be tried by a jury of twelve persons regarding any issues not subject to summary adjudication; and

(d)  For such other and further relief as is just and proper.

Respectfully submitted, this 24th day of, March, 2023.

| | |
|---|---|
| **GRAY, RUST, ST. AMAND,** <br> **MOFFETT & BRIESKE, L.L.P.** <br> 950 East Paces Ferry Road, N.E. <br> Suite 1700 – Salesforce Tower Atlanta <br> Atlanta, Georgia 30326 <br> Telephone:  (404) 870-7386 <br> Facsimile:  (404) 870-1033 <br> Email:      mmoffett@grsmb.com <br> slisle@grsmb.com <br> jfreiman@grsmb.com | */s/ Sarah Raquel L. Lisle* <br> Matthew G. Moffett <br> Georgia Bar No. 515323 <br> Sarah Raquel L. Lisle <br> Georgia Bar No. 412593 <br> Jeremy A. Freiman <br> Georgia Bar No. 786086 <br> *Attorneys for Defendant The Kroger Co.* |

## **CERTIFICATE OF SERVICE**

This is to certify that I have this day served a copy of the foregoing with the Clerk of Court using the Court's electronic filing-and-service system, which will send electronic notification to all parties having appeared of record in this action:

Nicholas Schnyder, Esq.
Dennis Sawan, Esq.
NICK SCHNYDER LAW FIRM, LLC
351 Atlanta St. SE
Marietta, GA 30060
nick@schnyderlawfirm.com
dsawan@schnyderlawfirm.com
*Counsel for Plaintiff*

Respectfully submitted, this 24th day of March, 2023.

| | |
|---|---|
| **GRAY, RUST, ST. AMAND,** | |
| **MOFFETT & BRIESKE, L.L.P.** | */s/ Sarah Raquel L. Lisle* |
| 950 East Paces Ferry Road, N.E. | Matthew G. Moffett |
| Suite 1700 – Salesforce Tower Atlanta | Georgia Bar No. 515323 |
| Atlanta, Georgia 30326 | Sarah Raquel L. Lisle |
| Telephone:  (404) 870-7386 | Georgia Bar No. 412593 |
| Facsimile:  (404) 870-1033 | Jeremy A. Freiman |
| Email:      mmoffett@grsmb.com | Georgia Bar No. 786086 |
|             slisle@grsmb.com | *Attorneys for Defendant The Kroger Co.* |
|             jfreiman@grsmb.com | |