IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| Robert Laney, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action File No.: |
| | ) | |
| v. | ) | |
| | ) | |
| Nationwide Recovery Service, Inc., | ) | **COMPLAINT WITH** <u>**JURY TRIAL DEMAND**</u> |
| | ) | |
| Defendant. | ) | |

## PRELIMINARY STATEMENT

This action for damages is based upon the Defendants' overt and intentional, unlawful conduct in the furtherance of its efforts to collect a consumer debt. The Defendants' conduct is in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. 1692 *et seq.* and for violations of the Georgia Fair Business Practices Act (GFBPA), O.C.G.A. 10-1-390 *et seq.*

## PARTIES

1. Plaintiff, Robert Laney, is a natural person who resides in Chattooga County, Georgia.

2.      Defendant, Nationwide Recovery Service, Inc. is a corporation formed under the laws of the State of Tennessee. It does business in Georgia and is registered in Georgia. Defendant may be served with process via its registered agent Joseph R. Delgado Jr., Esq. at 3414 Peachtree Road NE, Suite 1500, Atlanta, GA, 30326.

## JURISDICTION AND VENUE

3.      This Court has federal question jurisdiction over Plaintiff's Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.      This Court has personal jurisdiction over Defendant because, *inter alia*, Defendants frequently and routinely conducts business in the State of Georgia, including the conduct complained of herein.

5.      Pursuant to 28 U.S.C. § 1391, venue is proper in the Northern District of Georgia because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6.      Pursuant to LR 3.1B(3), venue is proper in the Atlanta Division because Defendant maintains a registered agent in Fulton County which is in the Atlanta Division.

## FACTUAL ALLEGATIONS

7. Plaintiff is allegedly obligated to pay consumer debts arising out of a medical bill and is therefore, a "consumer", as that term is defined by 15 U.S.C. § 1692a(3).

8. Defendant is a collection agency that focuses on the collection of consumer debt.

9. Defendant regularly collects, or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, to a third party.

10. Defendant uses interstate commerce and/or mail in its business in the collection of consumer debts.

11. Defendant is, therefore, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

12. Plaintiff had fallen behind on a number of bills and was attempting to get his financial affairs in order.

13. Plaintiff noticed that Defendant was reporting multiple accounts on his credit report, so he contacted Defendant via telephone on or about March 31, 2022.

14. Plaintiff spoke with Defendant's agent during this phone call.

15. Defendant's agent told Plaintiff that one of his accounts with Murray Medical Center was closed and was no longer reporting on his credit report.

16. Plaintiff did not make payment on this debt because it was no longer reporting on his credit report according to Defendant's agent.

17. Plaintiff pulled his credit report after the telephone call and realized that the account Defendant was collecting for Murray medical Center was not in fact closed and was still reporting on his credit report as follows:

| | | | | | | |
|---|---|---|---|---|---|---|
| **Name:** Nationwide Recovery Sv | **Current:** $715 | **Date Opened:** 06/2016 | **Monthly:** $0 | Natiowide Recovery Service<br>Attn: Bankruptcy<br>5655 Peachtree Parkway<br>Norcross, GA 30092<br>423-472-4600 | Pob 8005<br>Cleveland, TN 37320<br>423-472-4600 | TU, EX, EQ |
| **Type:** Individual / Applicant | **High Credit:** $716 | **Last Reported:** 02/01/2022 | **Past Due:** $715 | | | |
| **Account:** XXX0351 | | | | | | |
| **Status:** Open, Collection | | **Last Activity:** 10/2015 | **Pay History:** 999999-99999 | | | |
| **Term:** 1 Month | | | | **Verified:** 02/2021 | | |
| Open, Collection Attorney | | | | | | |
| **Original Creditor:** MURRAY MEDICAL CENTER AHSG | | | | | | |

18. Defendant made false and misleading statements to Plaintiff about his debt.

19. Defendants' actions caused Plaintiff anxiety, confusion, annoyance, and worry that he would not be able to get his financial affairs in order.

20. Defendant's behavior interfered with Plaintiff's ability to get his financial affairs in order.

21. Plaintiff took time out of his day to seek the advice of counsel regarding the Defendants' collection attempts.

## **INJURIES-IN-FACT**

22.   The FDCPA provides consumers with "statutorily-created rights to be free from 'being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.'" *McCamis v. Servis One, Inc.*, No. 8:16-CV-1130-T-30AEP, 2016 U.S. Dist. LEXIS 99492 (M.D. Fla. July 29, 2016); *Church v. Accretive Health, Inc.*, 654 Fed. Appx. 990, 2016 U.S. App. LEXIS 12414, 2016 WL 3611543 (11th Cir. 2016).

23.   An injury-in-fact sufficient to satisfy Article III standing requirements "may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing." *Church*, at 993, quoting *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982).

24.   Violation of statutory rights are not a "hypothetical or uncertain" injury, but one "that Congress has elevated to the status of a legally cognizable injury through the FDCPA." *McCamis*, at 4, citing *Church*, at 3.

25.   Defendants have subjecting Plaintiff to false, deceptive, unfair, and unconscionable means to collect the debt.

26.   Defendants' acts and omissions caused particularized harm to the Plaintiff in that he suffered worry, annoyance, and anxiety by the collection agency

providing him with misleading information about his credit report, and also that he took time to discuss this debt with counsel in response to the calls.

27. Wasted time is a concrete harm. S*ee Salcedo v. Hanna*, 936 F.3d 1162, 1172–73 (11th Cir. 2019).

28. Accordingly, through the suffering of actual damages and a violation of Plaintiffs' statutorily created rights under the FDCPA, Plaintiffs have suffered an injury-in-fact sufficient to establish Article III standing

## **DAMAGES**

29. As a result of the Defendants' actions and/or omissions, Plaintiff has suffered actual damages, including but not limited to the following:

a.) Being subjected to false, deceptive, unfair, and unconscionable debt collection practices;

b.) Uncompensated time expended away from work and/or activities of daily living, to confer with counsel regarding the Defendant's collection efforts; and,

c.) Anxiety and worry due to concerns that he would not be able to get his financial affairs in order.

## CAUSES OF ACTION

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 *et seq.*

30. Plaintiff incorporates by reference paragraphs 1 through 29 as though fully stated herein.

### *Violations of 15 U.SC. § 1692e and its subparts*

31. 15 U.S.C. §•1692e specifically prohibits the use of any false, deceptive, or misleading representations or means in connection with the collection of any debt.

32. The use of "or" in § 1692e means a representation violates the FDCPA if it is false or deceptive or misleading. *Bourff v. Rubin Lublin*, LLC, 674 F.3d 1238, 1241 (11th Cir. 2012).

33. The standard in determining the nature of any such representation is that of the "least sophisticated consumer." Its purpose is to protect "naive consumers" with a minimal understanding of personal finance and debt collection. *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1194 (11th Cir. 2010) (per curiam).

34. Moreover, the least sophisticated consumer is not to be held to the same standard as a reasonably prudent consumer. The least sophisticated consumer,

though not unreasonable, is "ignorant" and "unthinking," "gullible," and of "below-average sophistication or intelligence," *Pinson v. JPMorgan Chase Bank, Nat'l Ass'n*, No. 16-17107, 2019 U.S. App. LEXIS 33662, at 12-13 (11th Cir. Nov. 12, 2019), quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)

35.     A false representation in connection with the collection of a debt is sufficient to violate the FDCPA, even if it is not alleged or proven to be misleading or deceptive.

36.     Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed, is a false, deceptive, or misleading representation or means in connection with the collection of any debt. 15 U.S.C. § 1692e(8).

37.     Plaintiff misrepresentations about the status of Plaintiff's account were communications made in the course of collecting a debt and thus violated 15 § USC 1692e,e(2), e(5), e(8), and e(10).

38.     As a result of Defendants' violations of the FDCPA, Defendants are liable to Plaintiffs for actual damages as described herein, statutory damages in the amount of $1,000.00, costs of this action and reasonable attorney's fees as determined by the Court as mandated by 15 U.S.C. § 1692k.

## COUNT II

## VIOLATIONS OF THE GEORGIA FAIR BUSINESS PRACTICES ACT

## O.C.G.A. § 10-1-390, *et seq.*

39.     Plaintiff incorporates by reference paragraphs 1 through 38 as though fully stated herein.

40.     O.C.G.A. § 10-1-390 *et seq.* is commonly known as the "Fair Business Practices Act of 1975" (the "GFBPA").

41.     The purpose of the GFBPA, is to protect consumers from unfair and/or deceptive practices in the conduct of any trade or commerce in part or wholly in the state.  O.C.G.A. § 10-1-391.

42.     O.C.G.A. § 10-1-391 directs that the GFPBA is to be interpreted and applied liberally and in harmony with the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1), which implements the FDCPA.

43.     O.C.G.A. § 10-1-393(a) of the GFBPA broadly prohibits unfair and/or deceptive business practices.

44.     Defendant intentionally engaged in unfair and deceptive business practices, as set forth herein, in an effort to collect a consumer debt.

45.     Defendant's conduct has implications for the consuming public in general.

46. Defendant's conduct negatively impacts the consumer marketplace.

47. Collecting a debt incurred during a consumer transaction could harm the general consuming public if conducted via deceptive acts or practices and clearly falls within the parameters of the GFBPA. Thus, a violation of the FDCPA constitutes a violation of the GFBPA. *See 1st Nationwide Collection Agency, Inc. v. Werner*, 288 Ga. App. 457, 459 (2007).

48. Upon information and belief, Defendant does not maintain a place of business in Georgia and has no assets in Georgia, thus relieving Plaintiffs of the Notice and Demand requirements of O.C.G.A. § 10-1-399(b).

49. As a result of Defendant's violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover general damages pursuant to O.C.G.A. § 10-1-399(a).

50. As a result of Defendant's intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover exemplary damages pursuant to O.C.G.A. § 10-1-399(a).

51. As a result of Defendant's intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover treble damages pursuant to O.C.G.A. § 10-1-399(c).

52. Plaintiff is entitled to recover reasonable attorney's fees and expenses of litigation pursuant to O.C.G.A. § 10-1-399(d).

## **TRIAL BY JURY**

53.     Plaintiff is entitled to and hereby requests a trial by jury.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:

a.)    Plaintiff's actual damages;

b.)    Statutory damages pursuant to 15 U.S.C. § 1692k;

c.)    Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k ;

d.)    General, exemplary, and treble damages pursuant to O.C.G.A. § 10-1-399(a) & (c);

e.)    Reasonable attorney's fees and costs pursuant to O.C.G.A. § 10-1-399(d); and

f.)    Such other and further relief as may be just and proper.

Respectfully submitted this 23rd day of March, 2023.

**BERRY & ASSOCIATES**
*/s/ Chris Armor*
Matthew T. Berry
Georgia Bar No.: 055663
*matt@mattberry.com*
2751 Buford Highway, Suite 600
Atlanta, GA 30324
Fax (404) 235-3333

11

Christopher N. Armor
Georgia Bar No. 614061
P.O. Box 451328
Atlanta, GA 31145
Phone 470-990-2568
Fax 404-592-6102
*chris.armor@armorlaw.com*
Plaintiff's Attorneys