# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| CINDY McCLURE and ALAN McCLURE, | Civil Action File No. |
| Plaintiffs, | _____ |
| v. | Removed from State Court of Cobb County, Civil Action No. 23-A-642 |
| THE KROGER CO., | JURY TRIAL DEMANDED |
| Defendant. | |

## DEFENDANT THE KROGER CO.'S NOTICE OF REMOVAL

COMES NOW Defendant **THE KROGER CO.** (hereinafter referred to as "Defendant" or "Kroger"), by and through undersigned counsel, and files this, its Notice of Removal, showing the Court as follows:

1.

This action was filed in the State Court of Cobb County, Georgia, said county being part of the Northern District of Georgia. (N.D.G.A. Local Rule 3.1(A), LR App. A, I). This, the Atlanta Division of this Court, is the proper Division for this removal as further set forth below.

2.

The action is a civil action for personal bodily injuries and medical expenses, and the United States District Court for the Northern District of Georgia has jurisdiction by reason of the diversity of citizenship of the parties.

3.

The matter in dispute is believed to exceed $75,000.00, the statutory amount in controversy, exclusive of interest and costs, as Plaintiff Cindy McClure's medical bills for treatment alleged to be related to this incident are known to be at least $78,165.35.  See Plaintiff's Medical Records, attached hereto as Ex. A.

4.

(a)     At the time of the commencement of this action in the State Court of Cobb County, and since that time, Plaintiffs Cindy McClure and Alan McClure were and are now a citizens of Georgia.

(b)     Defendant Kroger at the time this action was commenced was and still is a corporation, incorporated and existing under and by virtue of the laws of Ohio having its principal place of business in Ohio, and a citizen of Ohio.

5.

Pursuant to 28 U.S.C. § 1446(c)(2)(B), removal of an action is proper if the district court finds by "the preponderance of the evidence" that the "amount in controversy exceeds" $75,000.  Here, the amount in controversy exceeds $75,000. See Ex. A.

6.

A true and correct copy of all process, pleadings, and orders served upon Defendant in this action are attached hereto as Exhibit B.

7.

The instant *Notice of Removal* is timely filed pursuant to and in accordance with 28 U.S.C. § 1446(b) within thirty (30) days after the receipt by Defendant's counsel of Plaintiff's Summons and Complaint.  See Ex. B.

8.

Furthermore, the instant *Petition for Removal* is timely filed pursuant to and in accordance with 28 U.S.C. § 1446(c)(1) within one year of the commencement of the action.

9.

Accordingly, this action, over which the United States District Court for the

Northern District of Georgia has original jurisdiction under 28 U.S.C. § 1332, is removable to the United States District Court for the Northern District of Georgia pursuant to 28 U.S.C. § 1441.

10.

Venue is proper in the Atlanta Division of the United States District Court for the Northern District of Georgia pursuant to 28 U.S.C. § 1441, 28 U.S.C. § 1391, and N.D.G.A. Local Rule 3.1(B)(1)(a).  Specifically, Plaintiff's Complaint was filed in the State Court of Cobb County, which is part of the Atlanta Division.  *See* N.D.G.A. Local Rule 3.1(A), LR App. A, I.

11.

As required by 28 U.S.C. § 1446(d), Defendant shall give written notice hereof to all adverse parties and shall file a copy of this *Petition for Removal* with the Clerk of the State Court of Cobb County.

WHEREFORE, Defendant The Kroger Co. requests that this action proceed in this Court as an action properly removed to it.

[Signature on following page.]

4

Respectfully submitted, this 23rd day of March, 2023.

**GRAY, RUST, ST. AMAND,**
**MOFFETT & BRIESKE, L.L.P.**          /s/ Sarah Raquel L. Lisle
950 East Paces Ferry Road, N.E.          Matthew G. Moffett
Suite 1700 – Salesforce Tower Atlanta    Georgia Bar No. 515323
Atlanta, Georgia 30326                   Sarah Raquel L. Lisle
Telephone:  (404) 870-7386               Georgia Bar No. 412593
Facsimile:   (404) 870-1033              Jeremy A. Freiman
Email:        mmoffett@grsmb.com         Georgia Bar No. 786086
              slisle@grsmb.com           *Attorneys for Defendant The Kroger*
              jfreiman@grsmb.com         *Co.*

CERTIFICATE OF SERVICE AND OF COMPLIANCE WITH L.R. 5.1

This is to certify that on this date, the undersigned filed a true and correct copy of **DEFENDANT THE KROGER CO.'S NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system and served all parties of record via electronic service through the CM/ECF system to:

J. Wickliffe Cauthorn, Esq.
THE CAUTHORN FIRM
1984 Howell Mill Road
PO Box 20059
Atlanta, GA 30325
wick@thecauthornfirm.com

Further, this is to certify that the foregoing pleading complies with the font and point selections approved by the Court in Local Rule 5.1. It is prepared in Times New Roman 14-point font.

Respectfully submitted, this 23rd day of March, 2023.

**GRAY, RUST, ST. AMAND,**
**MOFFETT & BRIESKE, L.L.P.**          */s/ Sarah Raquel L. Lisle*
950 East Paces Ferry Road, N.E.          Matthew G. Moffett
Suite 1700 – Salesforce Tower Atlanta          Georgia Bar No. 515323
Atlanta, Georgia 30326          Sarah Raquel L. Lisle
Telephone:  (404) 870-7386          Georgia Bar No. 412593
Facsimile:  (404) 870-1033          Jeremy A. Freiman
Email:          mmoffett@grsmb.com          Georgia Bar No. 786086
          slisle@grsmb.com          *Attorneys for Defendant The Kroger*
          jfreiman@grsmb.com          *Co.*

- 6 -