# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| CINDY McCLURE and ALAN McCLURE,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>THE KROGER CO.,<br><br>　　　　Defendant. | Civil Action File No.<br><br>_____<br><br>Removed from State Court of Cobb County, Civil Action No. 23-A-642<br><br>JURY TRIAL DEMANDED |

## DEFENDANT THE KROGER CO.'S ANSWER AND DEFENSES TO PLAINTIFFS' RENEWED COMPLAINT

COMES NOW **THE KROGER CO.** (hereinafter referred to as "Kroger"), Defendant in the above-styled civil action, by and through undersigned counsel, and files this, its Answer and Defenses to Plaintiffs' Renewed Complaint ("Plaintiffs' Complaint"), showing the Court as follows:

### FIRST DEFENSE

As a First Defense, Kroger answers the numbered allegations of Plaintiffs' Complaint as follows:

1.

Admitted.

2.

Admitted.

3.

Admitted.

4.

Kroger is without knowledge or information sufficient to allow it to either admit or deny the allegations contained in Paragraph 4 of Plaintiffs' Complaint.

5.

Kroger is without knowledge or information sufficient to allow it to either admit or deny the allegations contained in Paragraph 5 of Plaintiffs' Complaint.

6.

In response to the averments alleged in Paragraph 6 of Plaintiffs' Complaint, Defendant Kroger admits it is an Ohio corporation authorized to do business in Georgia, and its registered agent in Georgia is CSC of Cobb County, Inc., at 192 Anderson St. SE, Suite 125, Marietta, Cobb County, Georgia.  By way of further response to said paragraph, Defendant Kroger states that those averments not expressly admitted or denied are hereby denied.

7.

In response to the averments alleged in Paragraph 7 of Plaintiffs' Complaint, Defendant Kroger admits it is an Ohio corporation authorized to do business in Georgia, and its registered agent in Georgia is CSC of Cobb County, Inc., at 192 Anderson St. SE, Suite 125, Marietta, Cobb County, Georgia.  By way of further response to said paragraph, Defendant Kroger states that those averments not expressly admitted or denied are hereby denied.

8.

Kroger admits the allegations contained in Paragraph 8 of Plaintiffs' Complaint.

9.

Kroger admits the Plaintiff was present at the store om that date.

10.

Kroger denies the allegations contained in Paragraph 9 of Plaintiffs' Complaint.

11.

Kroger denies as the allegations contained in Paragraph 11 of Plaintiffs' Complaint.

12.

Kroger denies the allegations contained in Paragraph 12 of Plaintiffs' Complaint.

13.

Kroger denies the allegations contained in Paragraph 13 of Plaintiffs' Complaint.

14.

Kroger denies the allegations contained in Paragraph 14 of Plaintiffs' Complaint.

15.

Kroger denies the allegations contained in Paragraph 15 of Plaintiffs' Complaint.

**COUNT I: BREACH OF STATUTORY DUTY UNDER O.C.G.A. § 51-3-1**

16.

Kroger incorporates all previous pled answers and defenses to Plaintiffs' averments.

17.

Kroger admits that it held certain statutory duties pursuant to O.C.G.A. § 51-3-1, but denies that those duties are accurately stated in Paragraph 17 of

Plaintiffs' Complaint.  To the extent that the allegations in Paragraph 17 of Plaintiffs' Complaint infer that Kroger acted negligently or that Plaintiffs are entitled to any relief requested, such inference is denied.

18.

Kroger denies the allegations contained in Paragraph 18 of Plaintiffs' Complaint.

19.

Kroger denies the allegations contained in Paragraph 19 of Plaintiffs' Complaint.

20.

Kroger denies the allegations contained in Paragraph 20 of Plaintiffs' Complaint.

### COUNT II: NEGLIGENCE

21.

Kroger incorporates all previous pled answers and defenses to Plaintiffs' averments.

22.

Kroger admits that it held a duty to exercise ordinary care in keeping its premises safe, but denies that Kroger failed to discharge this duty as alleged in Paragraph 22 of Plaintiffs' Complaint.

23.

Kroger denies the allegations contained in Paragraph 23 of Plaintiffs' Complaint.

24.

Kroger denies the allegations contained in Paragraph 24 of Plaintiffs' Complaint.

25.

Kroger denies the allegations contained in Paragraph 25 of Plaintiffs' Complaint.

26.

Kroger denies the allegations contained in Paragraph 25 of Plaintiffs' Complaint.

## COUNT III: LOSS OF CONSORTIUM

27.

Kroger incorporates all previous pled answers and defenses to Plaintiffs' averments.

28.

Kroger is without knowledge or information sufficient to allow it to either admit or deny the allegations contained in Paragraph 28 of Plaintiffs' Complaint.

29.

Kroger is without knowledge or information sufficient to allow it to either admit or deny the allegations contained in Paragraph 29 of Plaintiffs' Complaint.

30.

Kroger denies the allegations contained in Paragraph 30 of Plaintiffs' Complaint.

31.

Kroger denies the allegations contained in Paragraph 31 of Plaintiffs' Complaint.

## SECOND DEFENSE

Plaintiffs' failure to plead and itemize special damages in this action bars their recovery pursuant to O.C.G.A. § 9-11-9 (g).

## THIRD DEFENSE

Defendant denies that it was negligent in any manner whatsoever or that any negligent act or omission on its part caused or contributed to any injury or damages alleged to have been sustained by Plaintiffs.

## FOURTH DEFENSE

This action is or may be barred by the doctrine of contributory/comparative negligence. Plaintiffs' negligence was greater than or equal to any negligence on the part of Defendant collectively. In the exercise of ordinary care, Plaintiffs could have avoided the subject incident.

## FIFTH DEFENSE

Defendant has breached no duty owed to Plaintiffs.

## SIXTH DEFENSE

Plaintiffs may not recover against Defendant because no act or omission of Defendant or its employees was the legal cause or the proximate cause of Plaintiffs' alleged injuries and damages. Defendant did not breach a material duty owing to Plaintiffs.

## SEVENTH DEFENSE

Plaintiffs have failed to state a claim upon which relief can be granted.

## EIGHTH DEFENSE

This Court lacks venue over Defendant.

## NINTH DEFENSE

This Court lacks personal jurisdiction over Defendant.

## TENTH DEFENSE

Defendant reserves the right to assert any additional affirmative defenses as may be disclosed during the course of additional investigation and discovery.

WHEREFORE, having fully responded to the averments in Plaintiffs' Complaint, Defendant The Kroger Co. respectfully prays:

(a) That judgment is rendered in favor of Kroger and against Plaintiffs;

(b) That Kroger be discharged with all costs cast against Plaintiffs;

(c) That this matter be tried by a jury of twelve persons regarding any issues not subject to summary adjudication; and

(d) For such other and further relief as is just and proper.

Respectfully submitted, this 24th day of March, 2023.

*[Signature on Following Page]*

| | |
|---|---|
| **GRAY, RUST, ST. AMAND,** | |
| **MOFFETT & BRIESKE, L.L.P.** | */s/ Sarah Raquel L. Lisle* |
| 950 East Paces Ferry Road, N.E. | Matthew G. Moffett |
| Suite 1700 – Salesforce Tower Atlanta | Georgia Bar No. 515323 |
| Atlanta, Georgia 30326 | Sarah Raquel L. Lisle |
| Telephone:  (404) 870-7386 | Georgia Bar No. 412593 |
| Facsimile:   (404) 870-1033 | Jeremy A. Freiman |
| Email:        mmoffett@grsmb.com | Georgia Bar No. 786086 |
|                    slisle@grsmb.com | *Attorneys for Defendant The Kroger* |
|                    jfreiman@grsmb.com | *Co.* |

CERTIFICATE OF SERVICE AND OF COMPLIANCE WITH L.R. 5.1

This is to certify that on this date, the undersigned filed a true and correct copy of **DEFENDANT THE KROGER CO.'S ANSWER AND DEFENSES TO PLAINTIFFS' RENEWED COMPLAINT** with the Clerk of Court using the CM/ECF system and served all parties of record via electronic service through the CM/ECF system to:

J. Wickliffe Cauthorn, Esq.
**THE CAUTHORN FIRM**
1984 Howell Mill Road
PO Box 20059
Atlanta, GA 30325
wick@thecauthornfirm.com

Further, this is to certify that the foregoing pleading complies with the font and point selections approved by the Court in Local Rule 5.1. It is prepared in Times New Roman 14-point font.

Respectfully submitted, this 24th day of March, 2023.

| | |
|---|---|
| **GRAY, RUST, ST. AMAND, MOFFETT & BRIESKE, L.L.P.** | */s/ Sarah Raquel L. Lisle* |
| 950 East Paces Ferry Road, N.E. | Matthew G. Moffett |
| Suite 1700 – Salesforce Tower Atlanta | Georgia Bar No. 515323 |
| Atlanta, Georgia 30326 | Sarah Raquel L. Lisle |
| Telephone: (404) 870-7386 | Georgia Bar No. 412593 |
| Facsimile: (404) 870-1033 | Jeremy A. Freiman |
| Email:  mmoffett@grsmb.com | Georgia Bar No. 786086 |
|         slisle@grsmb.com | *Attorneys for Defendant The Kroger Co.* |
|         jfreiman@grsmb.com | |